Theresa D. Moore (99978)
Jill T. Lin (284962)
Attorneys At Law
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
tmoore@aliotolaw.com
jill.tan.lin@gmail.com

*Counsel for Objectors Rockhurst University,
Harry Garavanian, and Gary Talewsky*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>All Indirect Purchaser Actions | Case No. 3:07-cv-5944-JST<br>MDL No. 1917<br><br>**CLASS ACTION**<br><br>**OBJECTIONS TO REPORT AND RECOMMENDATION OF SPECIAL MASTER RE MOTIONS (1) TO APPROVE INDIRECT PURCHASER PLAINTIFFS' SETTLEMENTS WITH THE PHILLIPS, PANASONIC, HITACHI, TOSHIBA, SAMSUNG SDI, TECHNICOLOR AND TECHNOLOGIES DISPLAYS AMERICAS DEFENDANTS, AND (2) FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND INCENTIVE AWARDS TO CLASS REPRESENTATIVES BY OBJECTOR ROCKHURST UNIVERSITY, OBJECTOR GARY TALEWSKY, AND OBJECTOR HARRY GARAVANIAN**<br><br>Judge:  Honorable John S. Tigar<br>Courtroom 9-19th Floor<br>Special Master: Martin Quinn, JAMS |

1   Case No. 3:07-cv-5944-JST, MDL No. 1917

OBJECTIONS TO REPORT AND RECOMMENDATION OF SPECIAL MASTER RE MOTIONS (1) TO APPROVE IPPS' SETTLEMENTS WITH DEFENDANTS, AND (2) FOR AWARD OF FEES AND EXPENSES BY OBJECTORS ROCKHURST UNIVERSITY, GARY TALEWKSY, AND HARRY GARAVANIAN

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

   A. Class Counsel Bears A Fiduciary Duty To All Class Members Including the Abandoned and Lost States As Well As The Nationwide Omitted States ................ 2

   B. Inter and Intra Class Conflicts Render the Statewide Damages Class Plaintiffs and Their Counsel Inadequate Representatives for the Abandoned and Lost States As Well As the Nationwide Class Omitted States ........................................................... 3

      1. The Abandoned and Lost States ........................................................................... 4

      2. Massachusetts ....................................................................................................... 4

      3. The Backdated Stipulation and Order .................................................................. 6

      4. Missouri and New Hampshire .............................................................................. 8

   C. Notice and Statute of Limitations ................................................................................ 9

      1. Notice of Prior Settlements Does Not Impute To Putative Class Members In A Different Settlement With Different Defendants And Different Terms and Different Classes .................................................................................................. 9

      2. The Statute of Limitations Has Not Run As Stated In The Special Master Report and Recommendation ......................................................................................... 10

   D. The Duty To Vigorously Prosecute A National Antitrust Indirect Purchaser Case Includes The Duty To Prepare For All Indirect Purchaser Victim States ............... 10

   E. This Court's Duty To The Class In a Settlement Class Certification and Approval ................................................................................................................................... 13

   F. The Nationwide Class Omitted States Lack a Case or Controversy and The Court Has No Jurisdiction To Release The Claims .............................................................. 14

   G. Joinder ......................................................................................................................... 15

III. CONCLUSION .............................................................................................................. 15

i   Case No. 3:07-cv-5944-JST, MDL No. 1917

OBJECTIONS TO REPORT AND RECOMMENDATION OF SPECIAL MASTER RE MOTIONS (1) TO APPROVE IPPS' SETTLEMENTS WITH DEFENDANTS, AND (2) FOR AWARD OF FEES AND EXPENSES BY OBJECTORS ROCKHURST UNIVERSITY, GARY TALEWKSY, AND HARRY GARAVANIAN

# TABLE OF AUTHORITIES

**Cases**

*Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974)..................................................................10

*Amchem Products v. Windsor*, 521 U.S. 591 (1997) ............................................................. 13, 14

*Crown v Parker*, 462 U.S. 345 (1983). ........................................................................................10

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) .................................................13

*Hess v. Spring Corp.*, 598 F.3d 581, 590 (9th Cir. 2010).............................................................13

*In re Agent Orange Product Liability Litigation*, 800 F.2d 14, 19 (2d Cir. 1986) ................. 2, 12

*In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011)........................2

*In re Community Bank of Northern Virginia*, 418 F.3d 277, 303-308 (3rd Cir. 2005) .................3

*Nguyen v.Radient Pharmaceuticals Corp.*, No. SAVC 11-00406 (DOC (MLGx), 2014 WL 1802293 (C.D. Cal. May 6, 2014) .................................................................................14

*Officers for Justice v. Civil Serv. Comm'n of the City and Cnty of San Francico,* 688 F.2d 615,624 (9th Cir. 1982). ..................................................................................................14

*Pearl v. Allied Corp.*, 102 F.R.D. 921, 923 (E.D. Pa. 1984) .........................................................4

*Rand v. Monsanto Co.*, 926 F.2d 596, 600 (7th Cir. 1991)..........................................................12

*Reynolds v. Beneficial Natl. Bank, et al.*, 288 F.3d 277, 282-284 (7th Cir. 2002) .......................14

*Smith v. Sprint Communications Co., L.P.* 387 F.3d 612 (7th Cir. 2004) .....................................4

*Sullivan v. DV Invs., Inc.*, 667 F.3d 273, 319 (3d Cir. 2010)........................................................13

*Yoshioka v. Charles Schwab Corp.*, No. 11-1625-EMC, 2011 U.S. Dist. LEXIS 147483, at *40 (N.D. Cal. Dec. 22, 2011)..................................................................................14

**Statutes**

*Class Action Fairness Act, Pub. L. No. 109-2, 119 Stat. 4* ..................................................... 1, 11

I.     INTRODUCTION

Objectors herein object to the Report and Recommendation of Special Master for Final Approval (Dkt. 4351) as the proposed settlement does not represent a fair, adequate and reasonable recovery for all putative and named class members. There are two distinct proposed settlement classes: a State Damages Class and a Nationwide Injunctive Class. At the final stages of this litigation, it has become apparent that the proposed distribution favors the State Class over the Nationwide Class, favors some states over other states, and intentionally excludes State Class members from any possible recovery. These Objections highlight serious problems and unfairness, which the Class Action Fairness Act (hereinafter "CAFA") was designed to curtail. *Pub. L. No. 109-2, 119 Stat. 4*. Further, issues with the proposed settlement raise questions of whether or not a subclass should exist to protect class members' interests, which are in conflict, or have been harmed by inadequate representation by a Class Representative and/or Counsel.

The evidence fails to demonstrate why this Court should find that the proposed settlement is fair, adequate, and reasonable, and treats class members equitably relative to each other. This failure is rooted in the fact that the proposed settlement is patently unfair to class member states of Massachusetts, Missouri and New Hampshire (collectively "Abandoned and Lost States"). These class member states were unfairly excluded from recovery due to legal error on two fronts, coupled with subsequent further damaging acts, which ensured this issue was not brought to light until the time of proposed distribution, and Class Counsels' failure to include and file well established and robust legal causes of action. The claims and rights or these three Repealer States were abandoned and lost by Indirect Purchaser Class Counsel who was charged with protecting the Indirect Purchasers, and these Repealer States should have been, and should be, included in the monetary recovery class.

The proposed settlement is additionally unfair to the Nationwide Class Omitted States, which are presently denied *any* value or consideration, monetary or otherwise, in exchange for the complete release of all of their Federal and state rights against the Settling Defendants,

despite past filings to the Court that indicated consideration was contemplated and would be given, and despite the fact that Class Counsel has readily admitted to the Court that the injunction claim is meaningless.

Under Rule 23, an attorney acting as class counsel represents all class members, including unnamed class members. *In re Agent Orange Product Liability Litigation*, 800 F.2d 14, 19 (2d Cir. 1986). The claims of the Nationwide Class Omitted States have been compromised in favor of members of the Statewide Damages Classes, leaving absent class members without any value in exchange for the release of their legal rights. The interests of the Abandoned and Lost States of Massachusetts, Missouri, New Hampshire and the Nationwide Class Omitted States were not adequately represented, and included in the State Class, and this litigation was settled without securing any value for these subclasses.

## II. ARGUMENT

### A. Class Counsel Bears A Fiduciary Duty To All Class Members Including the Abandoned and Lost States As Well As The Nationwide Class Omitted States

Once Interim Class Counsel is appointed to lead the class, a fiduciary duty is born for all prospective and unnamed class members. *See, e.g., In re General Motors Corp. Pick-up Truck Fuel Tank*, 55 F.3d 768, 801 (3rd Cir. 1995) cert. denied, 516 U.S. 824, 116 S. Ct. 88, 133 L. Ed. 2d 45. As one court has articulated:

> [W]e may venture a few statements about the scope of the fiduciary duty owed by class counsel to putative class members prior to class certification. In short, the scope of those duties is limited to protecting the substantive legal rights of putative class members that form the basis of the class action suit from prejudice in an action against the defendant resulting from the actions of class counsel. Where the actions of class counsel put those rights at risk, class counsel must at a minimum put absent class members on notice and provide them with an opportunity to object. Where they fail to do so, class counsel exposes itself to potential liability for breach of its fiduciary duties.

*Schick v. Berg*, No. 1:03-cv-05513-LBS, 2004 U.S. Dist. LEXIS 6842 (S.D.N.Y. Apr. 20, 2004), *aff'd* 430 F.3d 112 (2d Cir. 2005). A number of courts have held that class counsel owes a fiduciary duty to unnamed class members in the pre-certification period. *See In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011)("Prior to formal class

certification, there is an even greater potential for a breach of fiduciary duty owed the class during settlement."); *In re General Motors Corp. Pick-Up Truck Fuel Prod. Liab. Litig.*, *supra*, 55 F.3d at 801 ("Beyond their ethical obligations to their clients, class attorneys, purporting to represent a class, also owe the entire class a fiduciary duty once the class complaint is filed.").

On May 8, 2008 the Court appointed Class Counsel for the subclass of Indirect Purchaser Plaintiffs ("IPP"), and laid out the duties and responsibilities of counsel, including, "*To otherwise advance and protect the interests of the putative class in all respects* and to honor all of its responsibilities, including making sure that all representations and commitments made on its behalf are honored." The Court included in its analysis the FRCP 23 requirements to "*work in identifying and investigating potential claims*" and "*to best protect the interest of the putative class members.*" Dkt. 282 (emphasis added).

By foregoing any potential reparation claims for the Abandoned and Lost States, Lead Counsel effectively waived these State Class claims. Class Counsel's actions during this litigation, which include failing to present issues to the Court's attention for ruling and entering into a binding stipulation, which does not directly name, yet prevents recovery for Massachusetts, Missouri and New Hampshire, necessarily prejudiced these Abandoned and Lost States' substantive legal rights to recovery. Class Counsel's duty was to prosecute vigorously on behalf of putative class members but instead has forged deep conflicts among the class members and counsel that mandates disapproval of this settlement as it stands.

**B.   Inter and Intra Class Conflicts Render the Statewide Damages Class Plaintiffs and Their Counsel Inadequate Representatives for the Abandoned and Lost States As Well As the Nationwide Class Omitted States**

Where a proposed class action settlement does not adequately protect the interests of a subset of class members who have additional claims not pursued by Class Counsel and not compensated in the settlement, the adequacy of representation requirement is not satisfied. *See, e.g., In re Community Bank of Northern Virginia*, 418 F.3d 277, 303-308 (3rd Cir. 2005) (class representatives provided inadequate representation by failing to assert colorable federal statutory claims of some class members); *see also Smith v. Sprint Communications Co., L.P.*

387 F.3d 612 (7th Cir. 2004) (reversing nationwide settlement class due to inadequate representation of plaintiffs pursuing other competing class actions whose claims were compromised by settlement). The record establishes that a divergent and conflicting interest has arisen between the classes. No recovery was sought for the distinct economic injuries suffered by the Abandoned and Lost States or for the Nationwide Omitted States that receive no recovery or value for the release of their claims.

### 1. The Abandoned and Lost States

Lead Class Counsel bears a fiduciary duty to the entire class, including putative class members both by case law and by Order of this Court. Dkt. 282. Class Counsel was appointed to prosecute and protect the rights of the Indirect Purchaser Class. Only a finite number of States, the Repealer States, which includes Massachusetts, Missouri, and New Hampshire, allow indirect purchaser antitrust actions. Yet claims for Massachusetts, Missouri, and New Hampshire were not pursued and were abandoned by Class Counsel. The abandonment of uncertified claims raises issues pertaining to the adequacy of class counsel and the class representatives. *See, e.g., Pearl v. Allied Corp.*, 102 F.R.D. 921, 923 (E.D. Pa. 1984). Class Counsel's acts, which worked to the detriment of absent class members, reveal legal antagonism to absent class members that demonstrates unfairness, inadequacy, and multiple conflicts.

### 2. Massachusetts

Interim Lead IPP Class Counsel filed their Consolidated Amended Complaint on March 16, 2009, and included an allegation of a Massachusetts Consumer Protection Claim, which is a very robust, strong and vibrant statute. Dkt. 437. Following a Motion to Dismiss, the Special Master Recommended in a Report and Tentative Ruling, among other rulings, that the Massachusetts claim be dismissed with leave to amend because Class Counsel had failed to plead that Plaintiffs had notified Defendants 30 days prior to filing the Complaint, as required by law. Dkt. 597. Class Counsel thereafter filed a Second Consolidated Amended Complaint ("2CAC"), but repeated the exact same legal error, again failing to comply with the same

procedural requirements and properly plead that they had notified Defendants 30 days before filing the 2CAC. Dkt. 4413; Declaration of Theresa Moore ("Decl. Moore"), Ex. A; Dkt. 768 p. 12-13. Following the repeated error, the Special Master thereafter recommended in a Report and Tentative Ruling that the Massachusetts claim be dismissed with prejudice stating that, "Since Plaintiffs have now had two opportunities to comply and plead compliance, the Special Master recommends that the allegations under the Massachusetts consumer protection statute be dismissed with prejudice." Decl. Moore, Ex. A, p. 12-13. The Special Master was aware that another action could be filed and raised the issue in his Recommendation: "While certainly no procedural dismissal of this nature should bar the filing of a truly new suit…." *Id*. Nothing indicates Class Counsel filed anything, or notified anyone, to adequately inform Massachusetts claimants of their right and need to file a new lawsuit. Class Counsel missed and failed to take their second chance to correct this legal error on behalf of Massachusetts.

Class Counsel was handed another opportunity to correct the damage from the error, but failed to act on behalf of these putative class members. Class Counsel claims they presented the Special Master with valid arguments against the dismissal. Yet, Class Counsel neither objected to nor appealed the Special Master's Tentative Ruling to the Court. Instead, Class Counsel presented a Stipulation and Proposed Order to the Court for signature wherein Counsel agreed to the dismissal of Massachusetts. Counsel never presented any arguments on behalf of Massachusetts to the Court for ruling, and simply stipulated to the Special Master's Report and Tentative Ruling, although they did retain their appellate rights. Decl. Moore, Ex. B, ¶4.

In its Stipulation and Proposed Order submitted to the Court, Class Counsel agreed to dismiss Massachusetts and to add a plaintiff for dismissed state Maine. From the record, it appears that Class Counsel traded Massachusetts for Maine, rather than advocate and fight for Massachusetts –a blatant demonstration of intra class and counsel conflict and precisely what CAFA was designed to prevent. As a co-lead counsel for the TFT-LCD case, counsel for Objectors herein is very familiar and worked very closely with both the litigation and

distribution of the $1.1 billion recovery in that case –which constituted the same conspiracy as CRT transmuted into flat panel LCD technology and has similar, if not the same, victims. Distribution is complete in TFT-LCD and investigation of records reflects over a $41 million distribution to the Abandoned and Lost States of Massachusetts and Missouri, and a *de minimis* $340,000 distribution to Maine consumers. Decl. Moore, ¶11. There were no legitimate reasons for Class Counsel in CRT not to object or appeal the tentative ruling. It would have cost the class essentially nothing if Class Counsel had objected to or appealed the Special Master's Tentative Ruling, and then lost.

### 3.     The Backdated Stipulation and Order

The Stipulation and Proposed Order, which dismissed Massachusetts, never mentioned the words Massachusetts, nor Missouri, nor New Hampshire. It is not apparent from the face of the Order itself that Massachusetts had been dismissed, nor was it apparent that that it could have been resurrected. *See supra*. Decl. Moore, Ex E.

Even more troubling is that this October 27, 2010 Stipulation and Order was misfiled and misnumbered on the Docket and on the document itself. Thus, for the last 5 plus years, a different document appeared under the heading and as Docket Entry number 799 for this Order. The Stipulation and Order informing of the abandonment and dismissal of Massachusetts did not appear in the MDL docket under the heading "ORDER Modifying and Adopting Special Master's Report" as Docket Entry 799 as it should have. It suddenly appears, *over 5 years later*, but backdated to 2010 and back numbered to 799.  It is more than concerning that recently the docket filings on the Official Docket regarding these events have been altered, rearranged, substituted, deleted and backdated without any indication on the Docket Description, or any other public notification, that it has been done. The newly substituted backdated and back numbered documents have an incorrect new number and filing date of October 27, 2010, not post November 2015, when they were actually recently filed and when the newly assigned Judge's initials of JST would have started to appear on filings.

1    For purposes of notice, what was contained in the Stipulation and Order's place on the docket was *not* the signed Stipulation and Order, and a new document has been substituted in. Decl. Moore, ¶10.   What was there prior to November 2015 was not the Court signed Stipulation and Order that now appears as 799. The Special Master asserts that unnamed class members should have had the acuity to assert their own rights in this litigation. In light of the serious issues, an incorrect docket, confusion in the record, and a nontransparent Stipulation by Class Counsel, it is hard to fathom how imposing the burden on an absent class member, an average consumer already unsavvy in litigation, to figure out the proceedings when they are not even correct on the docket, is fair and what was intended under CAFA.

Even given these multiple turns of events, Class Counsel had yet another opportunity while representing this putative class to correct the continued and multiple errors done to Massachusetts and still could have included Massachusetts in the Settlement classes for recovery, but Class Counsel again did not do so, despite its fiduciary duty.

Massachusetts is a very important state in antitrust law, with a very high concentration of victims, small businesses, families, students, faculty, universities and medical facilities. It is a travesty that they cannot participate when they are *just as damaged as all other consumers*, and they have strong Repealer laws allowing them to recover for indirect purchaser antitrust claims. This identical damage demonstrates that this is a settlement class member certification issue. It is error to characterize it as an allocation issue. To add insult to injury, Class Counsel is now requesting that the Court release all of Massachusetts' *state indirect purchaser claims* and Federal claims as part of the Nationwide Injunctive Class. Such arguments that are so antagonistic to Counsel's own class are themselves an indication of grave conflict.

Class Counsel's fiduciary duty to the class " includes reporting potential conflict issues" to the district court. *Radcliff v. Experian Information Solutions, Inc.*, 715 F.3d 1157, 1168 (9th Cir. 2013); *see also Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1465 (9th Cir. 1995). "The responsibility of class counsel to absent class members whose control over their attorneys is limited does not permit even the appearance of divided loyalties of counsel." "These

1  [fiduciary] duties arise because class counsel acquires certain limited abilities to prejudice the
2  substantive legal interests of putative class members even prior to class certification. In
3  electing to put themselves forward as class counsel, they assume the duty of not harming those
4  rights." *Schick v. Berg*, *supra*, 2014 U.S. Dist. LEXIS 6842, at *5-6.

5  Class Counsel was provided multiple opportunities to salvage a Massachusetts state
6  claim but forfeited any claims under Massachusetts law by twice through committing
7  procedural error –not filing a new action, stipulating to dismissal, trading for a *de minimis*
8  state, not adding Massachusetts to the settlement class, improper and/or no notification *supra*
9  *and infra*, and remarkably affirmatively waiving any rights for the state, all the while having
10 accepted the position to act as a fiduciary to the putative indirect purchaser Repealer State
11 classes. Dkt.  282, 284. Massachusetts had a strong and viable claim but was quietly dropped
12 because of legal error, and all opportunity to include them has been ignored.

### 4. Missouri and New Hampshire

14 Despite being appointed and agreeing to represent the putative class, Lead Counsel
15 never included Repealer states Missouri or New Hampshire in the Consolidated Amended
16 Complaint ("CAC") filed on March 16, 2009, (Dkt. 437), nor in the subsequent Consolidated
17 Amended Complaints filed on May 10, 2010, December 11, 2010, or January 10, 2013. A New
18 Hampshire claim was filed in an action filed in 2007 and transferred to this MDL but Class
19 Counsel never picked up the count in a Class Complaint.

20 Further, in Stipulation and Order discussed *supra* (Decl. Moore, Ex. B), Class Counsel
21 also stipulated not to add any more claims, which permanently waived the rights of Repealer
22 States Missouri and New Hampshire victims. Lead Counsel stipulated and the Court therefore
23 accordingly ordered that any amendments to future complaints were limited to "[a]mendments
24 adding or dropping named plaintiffs with respect to claims and states already at issue (i.e., no
25 new claims or states"). And, as with Massachusetts, Class Counsel did not object or appeal to
26 the Court to rule on the Special Master's Recommendation and Tentative Ruling. Again, there
27 was no downside to doing so, and adequate notice was not given to the class.

1  Lead Counsel argues that the Law of the Case from the same Stipulation and Order of October 27, 2010 prevented them from adding the claims for Missouri or New Hampshire, but in reality, Counsel was responsible for filing these claims over a full year and a half earlier, when they filed their original CAC in March of 2009, or when they filed their 2CAC on May 10, 2010.  Despite arguing that they could not add due to the Law of The Case, Class Counsel added plaintiffs to dismissed claims of Illinois and Maine after that Order came down, agreeing to add plaintiffs of an inconsequential value without objecting appealing or adding the remaining Repealer States of Missouri and New Hampshire to the Settlement Class. Decl. Moore, Ex. B.

Lead Counsel abandoned the Lost States' rights to pursue their own state claims and now further asks them to relinquish their rights to pursue a claim by including them in the Nationwide Injunctive Class but requiring a release of State and Federal rights.

### C. Notice and Statute of Limitations

#### 1. Notice of Prior Settlements Does Not Impute To Putative Class Members In A Different Settlement With Different Defendants And Different Terms And Different Classes

Special Master Quinn imputes the prior CPT and LG notices to the Abandoned and Lost States as well as the Nationwide Class in this distinct and separate settlement for the proposition that the CPT and LG settlements provided notice to Objectors herein of their exclusion and non payment of compensation, and thus an unnamed putative class member should have filed their own case and has no right to be included.  However, the law requires a new notice for the reason that an old notice for another defendant, time frame and amount and considerations and cannot ascribe to be adequate notice for another settlement. The fact that Objectors did not object to the Chunghwa ("CPT") and LG notice is irrelevant and improperly considered in the context of this case at bar, which is why the law clearly requires new notice for new settlements with new defendants. The Chunghwa and LG settlements were different than the proposed settlement, and were also different from each other in multiple ways, for example, CPT and LG each supplied consideration of evidence for the National Class and State

classes by way of providing evidence proffers, and witnesses for the prosecution of the case. No such consideration exists here. The CPT notice did not mention any state or national class on its homepage and informed visitors that no claim could be made at that time. So, no average class member would scroll through multiple levels of links to read legalese irrelevant to them. (*See* Dkt 4408, Ex. F: Home page as it existed during the notice period.)  In addition, CPT filings indicated monetary compensation was contemplated for a Nationwide Class. Dkt. 942, at 3, 4.

The LG notice homepage describes an "Overview of the Settlement "by describing a Nationwide Class and in that same section further states, "Money will not be distributed to Settlement Class members **yet**."  Thus indicating the Nationwide Class would be receiving monetary compensation, and does not list any state name. Decl. Moore, Ex. F: Home page as it existed during the notice period. The current settlement has more State Classes than the prior two settlements, altered Class definitions, different consideration for the Nationwide Class, and did not even mention the Nationwide Class on the CRT homepage.

The current settlement notice is the only one for distribution, and is the first that requires action by a claimant if they want to make a claim. Thus, it is unfair to bind Objectors for claims against different defendants, and the past notices should not be used as being "instructive" as to Objections for this specific and current settlement at bar.

### 2. The Statute of Limitations Has Not Run As Stated In The Special Master Report And Recommendation

The commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action. Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974); *Crown v Parker*, 462 U.S. 345 (1983).

**D.     The Duty To Vigorously Prosecute A National Antitrust Indirect Purchaser Case Includes The Duty To Prepare For All Indirect Purchaser Victim States**

Even though there is a known limited number of Repealer States, Special Master Quinn concludes that Lead Counsel does not have a duty to include all indirect purchaser putative class members and "scour these three states to dredge up a plaintiff" (Dkt. 4351, p. 41, ln. 5-6), yet the Report supplies no law to support such a statement. (Further, Class Counsel willingly added plaintiffs to other dismissed states.) Special Master similarly ruled if a plaintiff does not "step forward" Class Counsel does not have a duty to represent those Indirect Purchaser Repealer States' victims, and a victim should initiate their own direct actions that could have been joined with the MDL. Dkt. 4351.

Such a cavalier comment contradicts Orders, case law, and public policy. The Courts Order appointing Interim Class Counsel for the subclass of Indirect Purchaser Plaintiffs ("IPP"), specifically includes as duties, "*advance and protect the interests of the putative class in all respects*, to **"work in identifying and investigating potential claims"** and *"best protect the interest of the putative class members."* Dkt. 282 (emphasis added). Class Counsel affirmatively accepted such appointment. Dkt. 284. A "putative" class member is a possible or potential class member and in antitrust law only Indirect Purchaser Plaintiffs from the Repealer States may file a suit for damages. So, it is a finite, well known, and identifiable group of states for which Class Counsel was appointed. To say that Indirect Purchaser Plaintiffs Class Counsel does not have the duty to prosecute on behalf of all the Repealer State victims is directly contrary to the public policy of CAFA to counter the abuses in class actions which served to damage victims by e.g. awarding counsel awarded large fees, while leaving class members with awards of little or no value, or making unjustified awards to certain plaintiffs at the expense of other class members. The stated purposes of CAFA are to assure fair and prompt recoveries for class members with legitimate claims, as exists herein. *Pub. L. No. 109-2, 119 Stat. 4*.

A putative class means everyone, herein all Repealer States. Such a rule as proposed in Special Master's Report allows a Lead Counsel for a National Antitrust Indirect Purchaser Class to pick and choose which states to include. If that were so, then every class case would be frivolous and simply could be decided by a Lead Counsel. That would allow Lead Counsel to claim for only one Repealer State, and release for nothing and bind all the other Repealer States who have the exact same injury, an illogical and unfair effect of such a rule. A Lead Counsel could ignore potential and putative Class members and pretend they are not there.

To blame the abandonment and failure to file claims on the victim gives free passage for massive amounts of a multiplicity of law suits, encourages a colossal amount of unnecessary litigation, and there is no authority for it as it contradicts Rule 23 and CAFA which encourage the complete opposite. Rule 23 was designed for the nation as a whole. *Rand v. Monsanto Co.*, 926 F.2d 596, 600 (7th Cir. 1991). An attorney acting as class counsel represents all class members, including unnamed class members. *In re Agent Orange Product Liability Litigation*, 800 F.2d 14, 19 (2d Cir. 1986).

Ultimately, the duties owed by Class Counsel must reflect the capacity for that counsel to affect the substantive rights of the putative class member. In electing to put themselves forward, Class Counsel assumes the duty of *not harming those rights*, as stated in Judge Conti's appointment order referred to above. Yet the rights of victims from these three Repealer States have been harmed to the point of a loss of over $41 Million. In a case where the damages are $2.768 Billion, $8.304 Billion trebled, and the defendants (one of whom is the third most valuable company in the world) are paying only a very small fraction of 1/5 of the damages, this should not be allowed to stand to the detriment of Repealer State class members who were literally abandoned by Class Counsel. Dkt 1388; *see also* Dkt. 3861 at 14, fn. 31.

The evidence herein reveals that there were, in fact, plaintiffs for each of the abandoned and lost Repealer State claims. *See e.g.*, Dkt 4144-1 to 4144-5, 4144. However, even if there were not an existing plaintiff, it would not be an issue, and a rule such as that contemplated by Special Master runs afoul of Fed R. Civ. P. 23 and case law which imposes a strict fiduciary

duty, and also runs afoul of the duty of Interim Lead Counsel whose role is to *lead* to a positive conclusion both the State and Federal Indirect Purchaser price fixing claims.

It is undisputed that the sales of CRTs were massive. North Americans purchased more CRT monitors than did consumers in any other region in the world, and defendants controlled nearly 90% of worldwide CRT commerce. Dkt. 1742, p.4, ln. 4-9. Plaintiffs maintain that the evidence demonstrating the existence and effectiveness of this conspiracy is compelling, and that the overwhelming corpus of evidence is common to all putative class members. Plaintiffs assert defendants own documents, data and testimony unequivocally demonstrate that they conspired to fix the prices of CRTs and that this illegal conduct harmed members of the putative classes. Plaintiffs contend that this indirect purchaser case is the best vehicle to compensate American consumers who paid substantial overcharges as a result of defendants' unlawful conduct." Dkt. 1743, p.3, ln. 6-13. In light of this it would be abusive to allow Class Counsel to ignore 3 states they were specifically appointed to represent.

### E.     This Courts Duty To The Class In a Settlement Class Certification and Approval

Even if Special Master Quinn's proposed rule were in effect, and Class Counsel did not have the fiduciary duty and obligation to protect the rights of all of the putative class members and file cases on their behalf, this Court does have such a fiduciary duty to protect these class members. Consistent with the Federal Rules of Civil Procedure, "trial judges bear the important responsibility for protecting absent class members," and must be "assured that the settlement represents adequate compensation for the release of the class claims." *Sullivan v. DV Invs., Inc.*, 667 F.3d 273, 319 (3d Cir. 2010). The Courts have extraordinary power in class cases, as the protector and has the obligation to look at the absentee putative members who are not present.

When a class is certified for settlement only, courts must give heightened attention to the adequacy of representation requirement to protect the interests of absent class members. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998), quoting *Amchem*, supra, 521 U.S. at p. 620. Objectors assert that there appear to be irreconcilable conflicts, indeed, clashing

interests, between the plaintiff classes, that their economic interests are not aligned, and that the intra-class conflicts at least require the certification of separately represented subclasses for the Massachusetts, Missouri and New Hampshire Abandoned and Lost State Classes, as well as the Nationwide Omitted States Classes. The settlement herein draws into question whether the Abandoned and Lost States, and the Nationwide Class, were adequately represented at all times per Fed. R. Civ. P. 23 and the Due Process Clause. *Hess v. Spring Corp.*, 598 F.3d 581, 590 (9th Cir. 2010); *Hanlon v. Chrysler Corp., supra,* 150 F.3d at 1020  *Brown v. Ticor Title Ins. Co.*, 982 F.2d 386. 390 (9th Cir. 1992. The crucial inquiry is "whether a proposed class has *sufficient unity* so that absent members can fairly be bound by decisions of class representatives.   Rule 23 (e)(2)'s primary concern is "the protection of those class members…whose rights may not have been given due regard by the negotiating parties." *Officers for Justice v. Civil Serv. Comm'n of the City and Cnty of San Francisco,* 688 F.2d 615,624 (9th Cir. 1982).

**F.      The Nationwide Class Omitted States Lack a Case or Controversy and The Court Has No Jurisdiction To Release The Claims**

The US Constitution Article II, §2 extends jurisdiction to the Courts only over cases and controversies. This action on behalf of the Nationwide Injunctive Class was instituted under Section 16 of the Clayton Act, 15 U.S.C. § 26, to obtain injunctive relief for violations of Section 1 of the Sherman Act, 15 U.S.C. §1.  Class Counsel has been clear and has repeated multiple times in signed filings to the Court that an injunction would be fruitless, there is nothing to enjoin since the CRT's are no longer made and many of the companies are no longer in business. Class Counsel does not even request an injunction, admitting that Section 1 must be dismissed. *See e.g.* Dkt. 4351, p. 34. It is clear, there is no case or controversy, or threat of it, for this claim. Thus, pursuant to the US Constitution Article II, §2 since there is no case or controversy, this court has no jurisdiction and thus cannot certify and cannot release the requested "State and Federal" Claims of this Nationwide Class.

In addition, a release of claims without consideration results in a settlement that is not fair, reasonable or adequate, and is a settlement that a trial court cannot approve. *See Reynolds*

OBJECTIONS TO REPORT AND RECOMMENDATION OF SPECIAL MASTER RE MOTIONS (1) TO APPROVE IPPS' SETTLEMENTS WITH DEFENDANTS, AND (2) FOR AWARD OF FEES AND EXPENSES BY OBJECTORS ROCKHURST UNIVERSITY, GARY TALEWKSY, AND HARRY GARAVANIAN

*v. Beneficial Natl. Bank, et al.*, 288 F.3d 277, 282-284 (7th Cir. 2002). Lack of value exchanged for a release of claims renders a settlement unreasonable and unfair, at least with respect to those disadvantaged members of the class. *See, e.g., Amchem Products v. Windsor*, 521 U.S. 591 (1997); *see also Yoshioka v. Charles Schwab Corp.*, No. 11-1625-EMC, 2011 U.S. Dist. LEXIS 147483, at *40 (N.D. Cal. Dec. 22, 2011) The *Nguyen v. Radient Pharmaceuticals Corp.*, No. SAVC 11-00406 (DOC (MLGx), 2014 WL 1802293 (C.D. Cal. May 6, 2014) case cited by Class Counsel is easily distinguishable particularly in light Class Counsel's arguments of clear liability and damages which demonstrate no problems of proof.

In this matter the amount of settlement was benchmarked on a National single damage number of $2.7 billion. Each defendant's proportional amount of settlement contribution was based on their national market share. The current distribution at issue is on a National pro rata basis. Payments to claimants of up to treble damages are requested. Thus excluding Repealer states Massachusetts, Missouri and New Hampshire from the monetary settlement class is not fair and equitable. As a fiduciary to Massachusetts, Missouri and New Hampshire the required path for Class Counsel would have been to include all of the Repealer states, and not to pit one state against another, and randomly exclude states. The monetary distribution should include these states.

### G. Joinder

Pursuant to the Court's expressed desire at the December 15, 1015 hearing Objectors have attempted to avoid duplicative briefing, and join Objectors briefing with regard to Notice, the CPT Distribution and Attorney Fees and Issues to the extent they do not conflict .

### III. CONCLUSION

This is the opportunity for the Court to rescue all of the victims of Massachusetts, Missouri and New Hampshire.  The Court's protection is vitally needed at this point, and Objectors request the Court deny Final Approval in light of unfair and inadequate treatment.

                                      Respectfully submitted,

Dated: February 26, 2016                /s/ Theresa D. Moore         .

| | |
|---|---|
| 1 | Theresa D. Moore (Cal. Bar. No. 99978) |
| 2 | One Sansome Street, 35th Floor |
|   | San Francisco, CA 94104 |
| 3 | Telephone: (415) 434-8900 |
|   | Facsimile: (415) 434-9200 |
| 4 | tmoore@aliotolaw.com |
| 5 | *Counsel for Objectors Rockhurst* |
| 6 | *University, Harry Garavanian, and Gary Talewsky* |

## SIGNATURE ATTESTATION

I hereby attest that the below named documents are acceptable to and I have the approval to e-file on behalf of the persons whose signatures are indicated by a "conformed" signature (/s/) within the e-filed documents:

- **OBJECTIONS TO REPORT AND RECOMMENDATION OF SPECIAL MASTER RE MOTIONS (1) TO APPROVE INDIRECT PURCHASER PLAINTIFFS' SETTLEMENTS WITH THE PHILLIPS, PANASONIC, HITACHI, TOSHIBA, SAMSUNG SDI, TECHNICOLOR AND TECHNOLOGIES DISPLAYS AMERICAS DEFENDANTS, AND (2) FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND INCENTIVE AWARDS TO CLASS REPRESENTATIVES BY OBJECTOR ROCKHURST UNIVERSITY, OBJECTOR GARY TALEWSKY, AND OBJECTOR HARRY GARAVANIAN**

- **DECLARATION OF THERESA D. MOORE IN SUPPORT OF OBJECTIONS TO REPORT AND RECOMMENDATION OF SPECIAL MASTER RE MOTIONS (1) TO APPROVE INDIRECT PURCHASER PLAINTIFFS' SETTLEMENTS WITH THE PHILLIPS, PANASONIC, HITACHI, TOSHIBA, SAMSUNG SDI, TECHNICOLOR AND TECHNOLOGIES DISPLAYS AMERICAS DEFENDANTS, AND (2) FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND INCENTIVE AWARDS TO CLASS REPRESENTATIVES BY OBJECTOR ROCKHURST UNIVERSITY, OBJECTOR GARY TALEWSKY, AND OBJECTOR HARRY GARAVANIAN**

Dated: February 26, 2016

By:    /s/ Jill T. Lin
Jill T. Lin
*Attorney for Objectors Rockhurst University, Harry Garavanian, and Gary Talewsky*