# EXHIBIT B

1    COUNSEL LISTED ON SIGNATURE BLOCK

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                                      )    No.:  M-07-5944 SC
11   **In Re CATHODE RAY TUBE (CRT)**    )
     **ANTITRUST LITIGATION**           )    MDL NO. 1917
12                                       )
     _____ )   **STIPULATION AND [PROPOSED]**
13   This Document Relates to:           )   **ORDER MODIFYING AND ADOPTING**
                                         )   **SPECIAL MASTER'S REPORT,**
14                                       )   **RECOMMENDATIONS AND**
     ALL INDIRECT PURCHASER              )   **TENTATIVE RULINGS REGARDING**
15   ACTIONS                             )   **DEFENDANTS' JOINT MOTION TO**
                                         )   **DISMISS THE SECOND**
16                                       )   **CONSOLIDATED AMENDED**
                                         )   **COMPLAINT OF THE INDIRECT**
17                                       )   **PURCHASER PLAINTIFFS**
                                         )
18                                       )
                                         )
19   _____ )

20

21          WHEREAS on September 30, 2010, Special Master Charles A. Legge issued

22   and filed via ECF his Report, Recommendations And Tentative Rulings Regarding Defendants'

23   Joint Motion To Dismiss The Second Consolidated Amended Complaint of the Indirect

     Purchaser Plaintiffs (Docket No. 768) (the "Report");

24          WHEREAS on October 7, 2010, Defendants filed a Motion to Adopt the Special

25   Master's Report in full (Docket No. 780);

26          WHEREAS by letter dated October 8, 2010, the Indirect Purchaser Plaintiffs

27   ("Plaintiffs") asked the Special Master to clarify certain recommendations and tentative rulings

     in the Report;

28

     W02-WEST:FMI\403004994.2                    -1-

WHEREAS on October 15, 2010, the Court entered an Order extending the time for the parties to file objections to the Special Master's Report, to allow time for the Special Master to respond to Plaintiffs' request for clarification of the Report;

WHEREAS the parties have met and conferred, and, in consultation with the Special Master, reached a resolution concerning further action on the Special Master's Report;

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the undersigned defendants and plaintiffs, that:

1. The parties agree that the Special Master's Report shall be modified at page 15, lines 6-7, to provide that the allegations of the Second Consolidated Amended Complaint under the law of the states of Illinois and Maine shall be dismissed with prejudice, provided that Plaintiffs may file a Third Consolidated Amended Complaint naming plaintiffs in those states claiming injury under Illinois or Maine law, as applicable.

2. Except as so modified pursuant to Paragraph 1 above, the Special Master's Report shall be adopted in full as the Order of this Court, and no party shall file objections to or further motions to adopt or modify the Special Master's Report. Defendants' Motion to Adopt the Special Master's Report is denied as moot.

3. By agreeing to this Stipulation and the adoption of the Special Master's Report as modified, Defendants have not waived their rights to assert arguments with respect to the relation back of any future claims filed by Plaintiffs under Illinois or Maine law, even though the Special Master's Report denied those challenges as moot.

4. In addition, by agreeing to this Stipulation and the adoption of the Special Master's Report as modified, no party has waived its appellate rights with respect to any argument presented to the Special Master concerning the Second Consolidated Amended Complaint.

5. Plaintiffs shall have 45 days from the entry of this Order to file a Third Consolidated Amended Complaint. The only amendments allowed in the Third Consolidated Amended Complaint shall be:

a. Amendments naming plaintiffs in Illinois or Maine claiming injury under Illinois or Maine law;

b. Amendments adding or dropping named plaintiffs with respect to claims and states already at issue (i.e., no new claims or states); and

c. Amendments to conform to the Special Master's Report and this Order.

W02-WEST:FMI\403004994.2                                    -2-

1          **IT IS SO STIPULATED.**

2

3    Dated: October 25, 2010              By:   /s/ Mario N. Alioto
                                         MARIO N. ALIOTO, Bar No. 56433
4                                        malioto@tatp.com
                                         LAUREN C. RUSSELL, Bar No. 241151
5                                        laurenrussell@tatp.com
                                         **TRUMP, ALIOTO, TRUMP & PRESCOTT,**
6                                        **LLP**
                                         2280 Union Street
7                                        San Francisco, California 94123
                                         Telephone: (415) 563-7200
8                                        Facsimile: (415) 346-0679

9
                                         *Interim Lead Counsel for the Indirect*
10                                       *Purchaser Plaintiffs*

11

12
                                         By:   /s/ Michael W. Scarborough
13                                       GARY L. HALLING, Bar No. 66087
                                         ghalling@sheppardmullin.com
14                                       JAMES L. MCGINNIS, Bar No. 95788
                                         jmcginnis@sheppardmullin.com
15                                       MICHAEL SCARBOROUGH, Bar No. 203524
                                         mscarborough@sheppardmullin.com
16                                       **SHEPPARD, MULLIN, RICHTER &**
                                         **HAMPTON LLP**
17                                       Four Embarcadero Center, 17th Floor
18                                       San Francisco, California 94111-4109
                                         Telephone: 415-434-9100
19                                       Facsimile: 415-434-3947

20
                                         *Attorneys for Defendants*
21                                       *Samsung SDI America, Inc,.*
                                         *Samsung SDI Co., Ltd.,*
22                                       *Samsung SDI (Malaysia) Sdn. Bhd.,*
                                         *Samsung SDI Mexico S.A. de C.V.,*
23                                       *Samsung SDI Brasil Ltda.,*
                                         *Shenzen Samsung SDI Co., Ltd., and*
24                                       *Tianjin Samsung SDI Co., Ltd.,*
                                         *And On Behalf of All Other Defendants*

25

26          Pursuant to General Order, § X-B, the filer attests that concurrence in the filing

27   of this document has been obtained from the above signatories.

28
     W02-WEST:FMI\403004994.2              -3-

1

2 **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

3

4 DATED: _October 26, 2010_

5 Hon. Charles A. Legge
6 United States District Judge (Ret.)
Special Master

7

8

9 DATED: _October 27, 2010_

Hon. Samuel Conti
United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

1   COUNSEL LISTED ON SIGNATURE BLOCK

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                      **NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| | No.: M-07-5944 SC |
| **In Re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | MDL NO. 1917 |
| This Document Relates to: | **STIPULATION AND** [PROPOSED] **ORDER MODIFYING AND ADOPTING SPECIAL MASTER'S REPORT, RECOMMENDATIONS AND TENTATIVE RULINGS REGARDING DEFENDANTS' JOINT MOTION TO DISMISS THE SECOND CONSOLIDATED AMENDED COMPLAINT OF THE INDIRECT PURCHASER PLAINTIFFS** |
| ALL INDIRECT PURCHASER ACTIONS | |

WHEREAS on September 30, 2010, Special Master Charles A. Legge issued and filed via ECF his Report, Recommendations And Tentative Rulings Regarding Defendants' Joint Motion To Dismiss The Second Consolidated Amended Complaint of the Indirect Purchaser Plaintiffs (Docket No. 768) (the "Report");

WHEREAS on October 7, 2010, Defendants filed a Motion to Adopt the Special Master's Report in full (Docket No. 780);

WHEREAS by letter dated October 8, 2010, the Indirect Purchaser Plaintiffs ("Plaintiffs") asked the Special Master to clarify certain recommendations and tentative rulings in the Report;

WHEREAS on October 15, 2010, the Court entered an Order extending the time for the parties to file objections to the Special Master's Report, to allow time for the Special Master to respond to Plaintiffs' request for clarification of the Report;

WHEREAS the parties have met and conferred, and, in consultation with the Special Master, reached a resolution concerning further action on the Special Master's Report;

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the undersigned defendants and plaintiffs, that:

1.      The parties agree that the Special Master's Report shall be modified at page 15, lines 6-7, to provide that the allegations of the Second Consolidated Amended Complaint under the law of the states of Illinois and Maine shall be dismissed with prejudice, provided that Plaintiffs may file a Third Consolidated Amended Complaint naming plaintiffs in those states claiming injury under Illinois or Maine law, as applicable.

2.      Except as so modified pursuant to Paragraph 1 above, the Special Master's Report shall be adopted in full as the Order of this Court, and no party shall file objections to or further motions to adopt or modify the Special Master's Report.  Defendants' Motion to Adopt the Special Master's Report is denied as moot.

3.      By agreeing to this Stipulation and the adoption of the Special Master's Report as modified, Defendants have not waived their rights to assert arguments with respect to the relation back of any future claims filed by Plaintiffs under Illinois or Maine law, even though the Special Master's Report denied those challenges as moot.

4.      In addition, by agreeing to this Stipulation and the adoption of the Special Master's Report as modified, no party has waived its appellate rights with respect to any argument presented to the Special Master concerning the Second Consolidated Amended Complaint.

5.      Plaintiffs shall have 45 days from the entry of this Order to file a Third Consolidated Amended Complaint.  The only amendments allowed in the Third Consolidated Amended Complaint shall be:

a.      Amendments naming plaintiffs in Illinois or Maine claiming injury under Illinois or Maine law;

b.      Amendments adding or dropping named plaintiffs with respect to claims and states already at issue (i.e., no new claims or states); and

c.      Amendments to conform to the Special Master's Report and this Order.

1              **IT IS SO STIPULATED.**

2

3   Dated: October 25, 2010         By:   */s/ Mario N. Alioto*
                                    MARIO N. ALIOTO, Bar No. 56433

4                                     malioto@tatp.com
                                    LAUREN C. RUSSELL, Bar No. 241151

5                                     laurenrussell@tatp.com
                                    **TRUMP, ALIOTO, TRUMP & PRESCOTT,**

6                                     **LLP**
                                    2280 Union Street

7                                     San Francisco, California 94123

8                                     Telephone: (415) 563-7200
                                    Facsimile: (415) 346-0679

9

10                                     *Interim Lead Counsel for the Indirect*
                                    *Purchaser Plaintiffs*

11

12

13                             By:   */s/ Michael W. Scarborough*
                                    GARY L. HALLING, Bar No. 66087

14                                     ghalling@sheppardmullin.com
                                    JAMES L. MCGINNIS, Bar No. 95788

15                                     jmcginnis@sheppardmullin.com
                                    MICHAEL SCARBOROUGH, Bar No. 203524

16                                     mscarborough@sheppardmullin.com
                                  **SHEPPARD, MULLIN, RICHTER &**

17                                     **HAMPTON LLP**
                                    Four Embarcadero Center, 17th Floor

18                                     San Francisco, California 94111-4109

19                                     Telephone: 415-434-9100
                                    Facsimile: 415-434-3947

20

21                                     *Attorneys for Defendants*
                                    *Samsung SDI America, Inc,.*

22                                     *Samsung SDI Co., Ltd.,*
                                    *Samsung SDI (Malaysia) Sdn. Bhd.,*

23                                     *Samsung SDI Mexico S.A. de C.V.,*
                                    *Samsung SDI Brasil Ltda.,*

24                                     *Shenzen Samsung SDI Co., Ltd., and*
                                    *Tianjin Samsung SDI Co., Ltd.,*

25                                     *And On Behalf of All Other Defendants*

26          Pursuant to General Order, § X-B, the filer attests that concurrence in the filing

27 of this document has been obtained from the above signatories.

28

1

2 **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

3

4 DATED:_____          _____

5                                                Hon. Charles A. Legge
                                        United States District Judge (Ret.)
6                                                  Special Master

7

8

9 DATED:_____          _____

10                                               Hon. Samuel Conti
                                         United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:FMI\403004994.2                      -4-

**EXHIBIT D**

1  COUNSEL LISTED ON SIGNATURE BLOCK

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10                                          )    No.: M-07-5944 SC
                                            )
11  **In Re CATHODE RAY TUBE (CRT)**        )    MDL NO. 1917
    **ANTITRUST LITIGATION**                )
12                                          )
    _____        )    **STIPULATION AND [PROPOSED]**
13                                          )    **ORDER MODIFYING AND ADOPTING**
    This Document Relates to:               )    **SPECIAL MASTER'S REPORT,**
14                                          )    **RECOMMENDATIONS AND**
    ALL INDIRECT PURCHASER                  )    **TENTATIVE RULINGS REGARDING**
15  ACTIONS                                 )    **DEFENDANTS' JOINT MOTION TO**
                                            )    **DISMISS THE SECOND**
16                                          )    **CONSOLIDATED AMENDED**
                                            )    **COMPLAINT OF THE INDIRECT**
17                                          )    **PURCHASER PLAINTIFFS**
                                            )
18                                          )
                                            )
19                                          )
    _____        )
20

21          WHEREAS on September 30, 2010, Special Master Charles A. Legge issued

22  and filed via ECF his Report, Recommendations And Tentative Rulings Regarding Defendants'

23  Joint Motion To Dismiss The Second Consolidated Amended Complaint of the Indirect

    Purchaser Plaintiffs (Docket No. 768) (the "Report");

24          WHEREAS on October 7, 2010, Defendants filed a Motion to Adopt the Special

25  Master's Report in full (Docket No. 780);

26          WHEREAS by letter dated October 8, 2010, the Indirect Purchaser Plaintiffs

27  ("Plaintiffs") asked the Special Master to clarify certain recommendations and tentative rulings

    in the Report;

28
    W02-WEST:FMI\403004994.2                     -1-

Case 4:07-cv-05944-JST   Document 4436-3   Filed 02/26/16   Page 13 of 32

Case3:07-cv-05944-SC   Document796   Filed10/25/10   Page2 of 4
Case 3:07-cv-05944-JST   Document 797   Filed 10/26/10   Page 2 of 4

1  WHEREAS on October 15, 2010, the Court entered an Order extending the time
2  for the parties to file objections to the Special Master's Report, to allow time for the Special
3  Master to respond to Plaintiffs' request for clarification of the Report;
4      WHEREAS the parties have met and conferred, and, in consultation with the
   Special Master, reached a resolution concerning further action on the Special Master's Report;
5      IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the
6  undersigned defendants and plaintiffs, that:
7      1.   The parties agree that the Special Master's Report shall be modified at
8  page 15, lines 6-7, to provide that the allegations of the Second Consolidated Amended
9  Complaint under the law of the states of Illinois and Maine shall be dismissed with prejudice,
10 provided that Plaintiffs may file a Third Consolidated Amended Complaint naming plaintiffs in
   those states claiming injury under Illinois or Maine law, as applicable.
11     2.   Except as so modified pursuant to Paragraph 1 above, the Special
12 Master's Report shall be adopted in full as the Order of this Court, and no party shall file
13 objections to or further motions to adopt or modify the Special Master's Report.  Defendants'
14 Motion to Adopt the Special Master's Report is denied as moot.
15     3.   By agreeing to this Stipulation and the adoption of the Special Master's
16 Report as modified, Defendants have not waived their rights to assert arguments with respect to
17 the relation back of any future claims filed by Plaintiffs under Illinois or Maine law, even
   though the Special Master's Report denied those challenges as moot.
18     4.   In addition, by agreeing to this Stipulation and the adoption of the
19 Special Master's Report as modified, no party has waived its appellate rights with respect to
20 any argument presented to the Special Master concerning the Second Consolidated Amended
21 Complaint.
22     5.   Plaintiffs shall have 45 days from the entry of this Order to file a Third
23 Consolidated Amended Complaint.  The only amendments allowed in the Third Consolidated
   Amended Complaint shall be:
24     a.   Amendments naming plaintiffs in Illinois or Maine claiming injury under
25          Illinois or Maine law;
26     b.   Amendments adding or dropping named plaintiffs with respect to claims and
27          states already at issue (i.e., no new claims or states); and
28     c.   Amendments to conform to the Special Master's Report and this Order.

W02-WEST:FMI\403004994.2                     -2-

1      **IT IS SO STIPULATED.**

2

3      Dated: October 25, 2010                    By:   _/s/ Mario N. Alioto_
                                                  MARIO N. ALIOTO, Bar No. 56433
4                                                 malioto@tatp.com
                                                  LAUREN C. RUSSELL, Bar No. 241151
5                                                 laurenrussell@tatp.com
                                                  **TRUMP, ALIOTO, TRUMP & PRESCOTT,**
6                                                 **LLP**
                                                  2280 Union Street
7                                                 San Francisco, California 94123
                                                  Telephone: (415) 563-7200
8                                                 Facsimile: (415) 346-0679

9
                                                  *Interim Lead Counsel for the Indirect*
10                                                *Purchaser Plaintiffs*

11

12
                                                  By:  _/s/ Michael W. Scarborough_
13                                                GARY L. HALLING, Bar No. 66087
                                                  ghalling@sheppardmullin.com
14                                                JAMES L. MCGINNIS, Bar No. 95788
                                                  jmcginnis@sheppardmullin.com
15                                                MICHAEL SCARBOROUGH, Bar No. 203524
                                                  mscarborough@sheppardmullin.com
16                                                **SHEPPARD, MULLIN, RICHTER &**
17                                                **HAMPTON LLP**
                                                  Four Embarcadero Center, 17th Floor
18                                                San Francisco, California 94111-4109
                                                  Telephone: 415-434-9100
19                                                Facsimile: 415-434-3947

20
                                                  *Attorneys for Defendants*
21                                                *Samsung SDI America, Inc,.*
                                                  *Samsung SDI Co., Ltd.,*
22                                                *Samsung SDI (Malaysia) Sdn. Bhd.,*
                                                  *Samsung SDI Mexico S.A. de C.V.,*
23                                                *Samsung SDI Brasil Ltda.,*
                                                  *Shenzen Samsung SDI Co., Ltd., and*
24                                                *Tianjin Samsung SDI Co., Ltd.,*
                                                  *And On Behalf of All Other Defendants*

25

26          Pursuant to General Order, § X-B, the filer attests that concurrence in the filing

27     of this document has been obtained from the above signatories.

28
       W02-WEST:FMIA403004994.2                   -3-

1

2   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

3

4   DATED: _October 26, 2010_                    _Charles a. Legge_

5                                          Hon. Charles A. Legge
                                     United States District Judge (Ret.)
6                                          Special Master

7

8

9   DATED:_____       _____

10                                          Hon. Samuel Conti
                                     United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:FMM403004994.2                    -4-

**EXHIBIT E**

Case 4:07-cv-05944-JST   Document 4436-3   Filed 02/26/16   Page 17 of 32

Case3:07-cv-05944-SC   Document796   Filed10/25/10   Page1 of 4
Case 3:07-cv-05944-JST   Document 799   Filed 10/27/10   Page 1 of 4

1    COUNSEL LISTED ON SIGNATURE BLOCK

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                                          )    No.: M-07-5944 SC
                                            )
11   **In Re CATHODE RAY TUBE (CRT)**       )    MDL NO. 1917
     **ANTITRUST LITIGATION**               )
12                                          )
     _____    )    **STIPULATION AND [PROPOSED]**
13                                          )    **ORDER MODIFYING AND ADOPTING**
     This Document Relates to:              )    **SPECIAL MASTER'S REPORT,**
14                                          )    **RECOMMENDATIONS AND**
     ALL INDIRECT PURCHASER                 )    **TENTATIVE RULINGS REGARDING**
15   ACTIONS                                )    **DEFENDANTS' JOINT MOTION TO**
                                            )    **DISMISS THE SECOND**
16                                          )    **CONSOLIDATED AMENDED**
                                            )    **COMPLAINT OF THE INDIRECT**
17                                          )    **PURCHASER PLAINTIFFS**
                                            )
18                                          )
                                            )
19                                          )
                                            )
20   _____    )

21          WHEREAS on September 30, 2010, Special Master Charles A. Legge issued

22   and filed via ECF his Report, Recommendations And Tentative Rulings Regarding Defendants'

23   Joint Motion To Dismiss The Second Consolidated Amended Complaint of the Indirect

     Purchaser Plaintiffs (Docket No. 768) (the "Report");

24          WHEREAS on October 7, 2010, Defendants filed a Motion to Adopt the Special

25   Master's Report in full (Docket No. 780);

26          WHEREAS by letter dated October 8, 2010, the Indirect Purchaser Plaintiffs

27   ("Plaintiffs") asked the Special Master to clarify certain recommendations and tentative rulings

     in the Report;

28
     W02-WEST:FMI\403004994.2                    -1-

Case 4:07-cv-05944-JST   Document 4436-3   Filed 02/26/16   Page 18 of 32

Case3:07-cv-05944-SC   Document796   Filed10/25/10   Page2 of 4
Case 3:07-cv-05944-JST   Document 799   Filed 10/27/10   Page 2 of 4

1    WHEREAS on October 15, 2010, the Court entered an Order extending the time
2  for the parties to file objections to the Special Master's Report, to allow time for the Special
3  Master to respond to Plaintiffs' request for clarification of the Report;
4    WHEREAS the parties have met and conferred, and, in consultation with the
   Special Master, reached a resolution concerning further action on the Special Master's Report;
5    IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the
6  undersigned defendants and plaintiffs, that:
7    1.    The parties agree that the Special Master's Report shall be modified at
8  page 15, lines 6-7, to provide that the allegations of the Second Consolidated Amended
9  Complaint under the law of the states of Illinois and Maine shall be dismissed with prejudice,
10 provided that Plaintiffs may file a Third Consolidated Amended Complaint naming plaintiffs in
   those states claiming injury under Illinois or Maine law, as applicable.
11   2.    Except as so modified pursuant to Paragraph 1 above, the Special
12 Master's Report shall be adopted in full as the Order of this Court, and no party shall file
13 objections to or further motions to adopt or modify the Special Master's Report.  Defendants'
14 Motion to Adopt the Special Master's Report is denied as moot.
15   3.    By agreeing to this Stipulation and the adoption of the Special Master's
16 Report as modified, Defendants have not waived their rights to assert arguments with respect to
   the relation back of any future claims filed by Plaintiffs under Illinois or Maine law, even
17 though the Special Master's Report denied those challenges as moot.
18   4.    In addition, by agreeing to this Stipulation and the adoption of the
19 Special Master's Report as modified, no party has waived its appellate rights with respect to
20 any argument presented to the Special Master concerning the Second Consolidated Amended
21 Complaint.
22   5.    Plaintiffs shall have 45 days from the entry of this Order to file a Third
23 Consolidated Amended Complaint.  The only amendments allowed in the Third Consolidated
   Amended Complaint shall be:
24   a.    Amendments naming plaintiffs in Illinois or Maine claiming injury under
25         Illinois or Maine law;
26   b.    Amendments adding or dropping named plaintiffs with respect to claims and
27         states already at issue (i.e., no new claims or states); and
28   c.    Amendments to conform to the Special Master's Report and this Order.

W02-WEST:FMI\403004994.2                    -2-

1      **IT IS SO STIPULATED.**

2

3    Dated: October 25, 2010                    By:   */s/ Mario N. Alioto*
                                                 MARIO N. ALIOTO, Bar No. 56433
4                                                malioto@tatp.com
                                                 LAUREN C. RUSSELL, Bar No. 241151
5                                                laurenrussell@tatp.com
                                                 **TRUMP, ALIOTO, TRUMP & PRESCOTT,**
6                                                **LLP**
                                                 2280 Union Street
7                                                San Francisco, California 94123
                                                 Telephone: (415) 563-7200
8                                                Facsimile: (415) 346-0679

9
                                                 *Interim Lead Counsel for the Indirect*
10                                               *Purchaser Plaintiffs*

11

12
                                                 By:   */s/ Michael W. Scarborough*
13                                               GARY L. HALLING, Bar No. 66087
                                                 ghalling@sheppardmullin.com
14                                               JAMES L. MCGINNIS, Bar No. 95788
                                                 jmcginnis@sheppardmullin.com
15                                               MICHAEL SCARBOROUGH, Bar No. 203524
                                                 mscarborough@sheppardmullin.com
16                                               **SHEPPARD, MULLIN, RICHTER &**
17                                               **HAMPTON LLP**
                                                 Four Embarcadero Center, 17th Floor
18                                               San Francisco, California 94111-4109
                                                 Telephone: 415-434-9100
19                                               Facsimile: 415-434-3947

20
                                                 *Attorneys for Defendants*
21                                               *Samsung SDI America, Inc,.*
                                                 *Samsung SDI Co., Ltd.,*
22                                               *Samsung SDI (Malaysia) Sdn. Bhd.,*
                                                 *Samsung SDI Mexico S.A. de C.V.,*
23                                               *Samsung SDI Brasil Ltda.,*
                                                 *Shenzen Samsung SDI Co., Ltd., and*
24                                               *Tianjin Samsung SDI Co., Ltd.,*
                                                 *And On Behalf of All Other Defendants*
25

26           Pursuant to General Order, § X-B, the filer attests that concurrence in the filing

27    of this document has been obtained from the above signatories.

28
      W02-WEST:FMM403004994.2                    -3-

1

2   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

3

4   DATED: _October 26, 2010_            _Charles A. Legge_

5                                        Hon. Charles A. Legge
                                         United States District Judge (Ret.)
6                                        Special Master

7

8   DATED: _October 27, 2010_           _Samuel Conti_

9

10                                       Hon. Samuel Conti
                                         United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:FMI\403004994.2                    -4-

# EXHIBIT F



http://www.crtsettlement.com/    Go

**19 captures**
1 Nov 11 – 24 Jan 16

NOV
◄
2011



# If You Bought A Cathode Ray Tube Product,
# A Class Action Settlement May Affect You.

**Si Ud. ha comprado un producto con tubos de rayos catódicos, Ud. puede verse afectado por un acuerdo de demanda colectiva.**

## Legal Notice to Indirect Purchasers

You may be affected by a class action lawsuit involving CRT Products purchased indirectly from the Defendant companies. "Indirect" means that you did not buy the CRT Product directly from any Defendant. A Settlement has been reached with **Chunghwa Picture Tubes Ltd.** The litigation is continuing against the remaining Defendants. A complete list of defendants is set out in the Detailed Notice.

**Important Documents to read**:

- Summary Notice
- Detailed Notice
- Settlement Agreement
- Preliminary Approval Order

## IMPORTANT DATES

**February 1, 2012**:

- Deadline for Requests for Exclusion and Objections.
- Fecha límite para las Solicitudes de Exclusión y de las Objeciones.

**March 15, 2012 at 2:00 p.m.**:

- The Special Master will hold a Fairness Hearing.
- El Auxiliar Judicial Especial tendrá una audiencia de equidad.

Location of Hearing / Dirección de la Audiencia:

JAMS, Two Embarcadero, Suite 1500, San Francisco, CA 94111

## Aviso Legal a los Compradores Indirectos

Usted puede verse afectado por una acción judicial colectiva que concierne productos con TRC comprados de forma indirecta de alguna de las compañías demandadas. De forma "indirecta" significa que usted no adquirió el producto TRC directamente de alguno de los acusados. Se ha llegado a un acuerdo con **Chunghwa Picture Tubes Ltd.** Una lista completa de los demandados se encuentra disponible en el Aviso Pormenorizado.

**Documentos importantes para leer**:

- Resumen de Aviso
- Aviso Pormenorizado
- Acuerdo (Inglés)
- Orden de aprobación preliminar (Inglés)

## What are Cathode Ray Tube Products?

Cathode Ray Tube (CRT) Products include Cathode Ray Tubes and finished products that contain a Cathode Ray Tube such as Televisions and Computer Monitors.

## Where are the Claim Forms?

There are no claim forms to submit in connection with the current settlement with Chunghwa Picture Tubes Ltd. The lawyers will be pursuing the lawsuit against the remaining Non-Settling Defendants to see if any future settlements or judgments can be obtained.

## Will Proof of Purchase or Ownership of CRT Products be Required?

Please retain any receipts or other evidence of purchase of any CRT Product. Before disposing of any CRT Product please see the Detailed Notice for



All document links above are to PDF files, which can be read using Adobe Reader. You can download Adobe Reader for free from the Adobe website. Click here.

If you prefer to have these documents mailed to you, please write to us.

recommendations on preserving proof of ownership.



Copyright ©  2011, The Notice Company Inc, PO Box 778, Hingham, MA 02043

# EXHIBIT G



# Legal Notice

**Welcome to the Information Website for the Cathode Ray Tube (CRT) Antitrust Litigation**
(All Indirect Purchaser Actions: 07-cv-05944-SC, MDL No. 1917, USDC, N.D. Cal.)

**CLICK HERE** to see the Detailed Notice, the Settlement Agreement with LG Electronics, Inc. and other important case documents.

**Overview of the Certified Class**

On September 19, 2013, the US District Court for the Northern District of California certified plaintiff classes in 21 states and the District of Columbia, of individuals and businesses that indirectly purchased any CRT Product from the Defendant Companies or any co-conspirator (collectively "Defendants"), for their own use and not for resale, from March 1, 1995 through November 25, 2007 (the "Litigated Class"). "Indirect" means that you did not buy the CRT Product directly from any of the Defendants.

The lawsuit claims that numerous Defendants conspired to fix, raise, maintain or stabilize prices of CRT Products resulting in overcharges to consumers who bought CRT Products such as televisions and computer monitors. The Defendants deny that they did anything wrong. The Court has not decided who is right.

**Overview of the Class Settlement with LG Electronics, Inc.**

A Settlement has been reached with LG Electronics, Inc.; LG Electronics USA, Inc.; and LG Electronics Taiwan Taipei Co., Ltd. ("LG"). On December 9, 2013, the Court preliminarily approved the LG Settlement and certified a nationwide (excluding Illinois, Oregon and Washington, which are bringing their own separate cases) settlement class of individuals and businesses that indirectly purchased any CRT Product from the Defendants, for their own use and not for resale, from March 1, 1995 through November 25, 2007 (the "Settlement Class"). The litigation is continuing against the remaining Defendants.

The Settlement provides for the payment by LG of $25 million in cash, plus interest, to the Settlement Class. It also provides that LG will furnish information about the case, including other Defendants' involvement in the alleged conspiracy,

to Class Counsel. Money will not be distributed to Settlement Class members yet. See the Detailed Notice for further information on the Settlement.

**Class Member Options**

| Do Nothing | You will remain a member of the Litigated Class and the Settlement Class. |
|---|---|
| **Exclude Yourself** | The deadline to exclude yourself (opt out) from the Litigated Class or the Settlement Class is **March 20, 2014**. |
| **Object or Comment on the Settlement** | The deadline to file objections or comments to the Settlement is **March 20, 2014**. |

Consult the Detailed Notice for further information on Class Member Options.

**Settlement Hearing**

The Court will hold a Fairness Hearing at 10:00 a. m. on **April 18, 2014**, at 450 Golden Gate Ave., 17th Floor, Courtroom One, San Francisco, CA 94102. The hearing may be moved to a different date or time without additional notice, so it is a good idea to continue to check this website for updated information.

**For more details**, call toll free 1-800-649-8153 or write to:

CRT Indirect Settlement
c/o The Notice Company
P.O. Box 778
Hingham, MA 02043

## IMPORTANT DATES

**03/20/2014 Exclusion Deadline**

**03/20/2014 Objection Deadline**

**04/18/2014 Fairness Hearing:**
**Settlement Approved (LG)**

**NOTE: PDF documents may**
**be viewed using Adobe Reader,**

CRT Class Action Notice and Settlement – Indirect Purchasers | CRT Class Action Notice and Settlement – Indirect Purchasers                    2/12/16, 7:32 PM

which you may download
for free by clicking here.



www.CRTsettlement.com

© Copyright 2014 - The Notice Company, Inc.

Theme Chiron by WPJournals · WordPress

**EXHIBIT H**

```
                                                 Page 1

1              UNITED STATES DISTRICT COURT
2            NORTHERN DISTRICT OF CALIFORNIA
3
4    _____
                                     )
5    IN RE:  CATHODE RAY TUBE        )
     (CRT) ANTITRUST LITIGATION      )
6    _____)   No. 3:07-cv-05944-SC
                                     )   MDL No. 1917
7    This Document Relates to:       )
                                     )
8    ALL ACTIONS                     )
     _____)
9
10
11
12
13
14
15                 ORAL ARGUMENT HEARING
16              San Francisco, California
17              Tuesday, January 5, 2016
18
19
20
21
22
     Reported by:
23   SUZANNE F. BOSCHETTI
     CSR No. 5111
24
25
```

Page 2

```
 1              UNITED STATES DISTRICT COURT

 2             NORTHERN DISTRICT OF CALIFORNIA

 3

 4      _____

                                       )
 5      IN RE:  CATHODE RAY TUBE        )

        (CRT) ANTITRUST LITIGATION      )

 6      _____)   No. 3:07-cv-05944-SC

                                        )   MDL No. 1917
 7      This Document Relates to:       )

                                        )
 8      ALL ACTIONS                     )

        _____)

 9

10

11

12

13

14

15           ORAL ARGUMENT HEARING held before Special

16      Master Martin Quinn, at JAMS, 2 Embarcadero

17      Center, Suite 1500, San Francisco, California,

18      beginning at 9:55 a.m. and ending at 1:17 p.m.,

19      on Tuesday, January 5, 2015, before SUZANNE F.

20      BOSCHETTI, Certified Shorthand Reporter No.

21      5111.

22

23

24

25
```

1   And beyond that on that point, it was a procedural issue

2   that could have been corrected in three seconds by the

3   issuance of a subsequent demand letter, and it would be

4   totaling, it would go back, and that would be that.

5           And I will also point to Kayes versus Pacific

6   Lumber Company 51 F.3d 1449 --

7           SPECIAL MASTER:  We can't -- if you're citing

8   cases that aren't in your brief, I --

9           MR. BONSIGNORE:  No, they're in the brief.  I'm

10  just reminding -- I'm highlighting them.  Kayes versus

11  Pac. Lumber, 51 F.3d 1449.  The responsibility of class

12  counsel to absent class members whose control over their

13  attorneys is limited.  And that's the point that I'm

14  making.  The class members, lawyers other than lead

15  counsel, and more in this case than any other case I've

16  been in, had no sway whatsoever.  He ran it like a

17  dictatorship.  We had no control.  All we could do was

18  argue and complain.

19          SPECIAL MASTER:  All right.  Thank you.

20          Ms. Moore, final, final, yes.

21          MS. MOORE:  With regards to Massachusetts, Your

22  Honor, an error was made.  An error was made two times.

23  It could -- Massachusetts could still have been valued

24  and put in the settlement and was not.  And this is a

25  case in LCD.  We just -- between Massachusetts and

Page 71

1   Missouri, my partial investigation -- I haven't talked
2   to all the aggregators, but there was 41 and a half
3   million dollars distributed in LCD between those two
4   states alone.
5           SPECIAL MASTER:  Okay.  Well, let me --
6           MS. MOORE:  So this is a valuable case that
7   they could have valued and put in the settlement and
8   they chose not to.
9           SPECIAL MASTER:  Okay.  Is it the duty of lead
10  counsel -- and I know we have a number of people in the
11  room who have served as lead counsel.  Is it the duty of
12  lead counsel to go around to every state and phone
13  lawyers and say, you know, go make a claim, go scrounge
14  around and get a class representative.  Is that part of
15  the fiduciary duty of lead counsel?
16          No, Mr. Bonsignore.
17          Go ahead.
18          MS. MOORE:  Yes, Your Honor, I think he's
19  putative counsel -- he's counsel -- lead counsel is
20  appointed and is given this duty, and it is his
21  responsibility to make sure that these claims are
22  pursued.  And I do think he has a right to make sure --
23          SPECIAL MASTER:  But is it his duty --
24          MS. MOORE:  -- that people are not left out.
25          SPECIAL MASTER:  Is it his duty to find claims,