# EXHIBIT I

Theresa D. Moore (99978)
Jill T. Lin (284962)
Attorneys At Law
c/o **ALIOTO LAW FIRM**
One Sansome Street, 35th  Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
tmoore@aliotolaw.com

*Counsel for Objectors*
*Rockhurst University*
*Gary Talewsky an d*
*Harry Garavanian*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944 MDL No. 1917 |
| This Document Relates To: | **CLASS ACTION** |
| All Indirect Purchaser Actions | **OBJECTION TO THE PROPOSED CLASS ACTION SETTLEMENT AGREEMENT AND MOTION FOR ATTORNEY FEES BY OBJECTOR ROCKHURST UNIVERSITY, OBJECTOR GARY TALEWSKY, AND OBJECTOR HARRY GARAVANIAN** |
| | Judge:  Honorable Samuel Conti Courtroom One, 17th Floor |

1

**OBJECTION TO THE PROPOSED CLASS ACTION SETTLEMENT AGREEMENT AND MOTION FOR ATTORNEY FEES BY OBJECTOR ROCKHURST UNIVERSITY, OBJECTOR GARY TALEWSKY, AND OBJECTOR HARRY GRAVANIAN**

## I.    INTRODUCTION

The proposed settlement has bargained away the rights of a Nationwide Class without adequate representation and must be rejected. Class Counsel must demonstrate that their proposed settlement meets the requirements of Rule 23 and falls within the range of possible approval. To satisfy this burden, the settlement must not provide any basis that would suggest unfairness to absent class members. Upon close examination, the proposed settlement is anything but fair. The settlement requires that individuals and entities in a Nationwide Class release all of their rights, including the right to bring an individual suit against the named defendants, without consideration or compensation for doing so. Ultimately the settlement provides no relief for Nationwide Class members and comes nowhere close to being fair, adequate, and reasonable. The Nationwide Class members are entitled to consideration for their injunctive claims.

## II.    BACKGROUND OF OBJECTORS

*Rockhurst University.* Objector Rockhurst University, established in 1910, is a Jesuit University in Kansas City, Missouri and has an approximate enrollment of 3000.[1] Matthew Heinrich is the Associate Vice President of Facilities and Technology for Rockhurst University in Kansas City, Missouri. The University's address and telephone number is 1100 Rockhurst Road, Kansas City, MO 64110, telephone number (816) 501-4000. *See* Declaration Of Matthew Heinrich In Support Of Objection To The Settlement Agreement and Motion for Attorneys'

---

[1] Rockhurst University is part of a National Association of 28 Universities throughout the United States including Boston College, Canisius College, College of the Holy Cross, Creighton University, Fairfield University, Fordham University, Georgetown University, Gonzaga University, Santa Clara School of Theology of Santa Clara (assoc. member), John Carroll University, Le Moye College, Loyola Marymount University, Loyola University Chicago, Loyola University Maryland, Loyola University New Orleans, Marquette University, Regis University, St. Joseph's University, St. Louis University, St. Peter's University, Santa Clara University, Seattle University, Spring Hill College, The University of Scranton, University of Detroit Mercy, University of San Francisco, Wheeling Jesuit University, Xavier University, Boston College School of Theology and Ministry (assoc. member). Eighteen of these educational institutions are deprived of their recovery of the settlement funds in this case by the issues raised herein.

1

**OBJECTION TO THE PROPOSED CLASS ACTION SETTLEMENT AGREEMENT AND MOTION FOR ATTORNEY FEES BY OBJECTOR ROCKHURST UNIVERSITY, OBJECTOR GARY TALEWSKY, AND OBJECTOR HARRY GRAVANIAN**

Fees ("Heinrich Decl"). Rockhurst University is a purchaser of CRT products for its own use, and not for resale between March 1, 1995 and November 25, 2007, *Id.*, ¶5-8, Rockhurst University meets the Nationwide Class Definition and therefore has standing to bring this objection.

**Gary Talewsky.** Objector, Gary Talewsky, is a Travel Professional and is part of a nationwide association of Travel Agency Owners & Agents of approximately 41 members. Mr. Talewsky works and resides in Massachusetts. *See* Declaration Of Gary Talewsky In Support Of Objection To The Settlement Agreement and Motion for Attorneys' Fees ("Talewsky Decl."). Mr. Talewsky's address is 95 Washington Street, Suite 104-312, Canton, MA 02021 and his telephone number is (781) 471-2310. Talewsky Decl., ¶2. Mr. Talewsky purchased multiple CRT products for his own use, and for the use of his business, and not for resale between March 1, 1995 and November 25, 2007. *Id.*, ¶4-9. Mr. Talewsky, as a purchaser of CRT products, meets the Nationwide Class Definition and therefore has standing to bring this objection.

**Harry Garavanian**. Objector, Harry Garavanian, is a Travel Professional and is part of a nationwide association of Travel Agency Owners & Agents of approximately 41 members. Mr. Garavanian works and resides in Massachusetts. *See* Declaration Of Harry Garavanian In Support Of Objection To The Settlement Agreement and Motion for Attorneys' Fees ("Garavanian Decl."). Mr. Garavanian's address is 40 Vinal Sq., North Chelmsford, MA 01863, and his telephone number is (978) 251-2868. *Id.*, ¶ 2. Mr. Garavanian purchased multiple CRT products for his own use, and for the use of his business, and not for resale between March 1, 1995 and November 25, 2007. *Id.*, ¶4-9. Mr. Garavanian, as a purchaser of CRT products, meets the Nationwide Class Definition and therefore has standing to bring this objection.

III.   **ARGUMENT**

Final approval is warranted if the settlement is determined to be "fundamentally fair, adequate, and reasonable." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). The Manual for Complex Litigation (Fourth) § 21.632 (2004) ("Manual") provides:

**OBJECTION TO THE PROPOSED CLASS ACTION SETTLEMENT AGREEMENT AND MOTION FOR ATTORNEY FEES BY OBJECTOR ROCKHURST UNIVERSITY, OBJECTOR GARY TALEWSKY, AND OBJECTOR HARRY GRAVANIAN**

> Fairness calls for a comparative analysis of the treatment of the class members vis-à-vis each other and vis-à-vis similar individuals with similar claims who are not in the class. Reasonableness depends on an analysis of the class allegations and claims and the responsiveness of the settlement to those claims. Adequacy of the settlement involves a comparison of the relief granted to what class members might have obtained without the class action process.

As discussed below, the proposed settlement bargains away the rights of indirect purchasers in 29 states, requiring that they release their injunctive and monetary claims without any consideration, as well as the rights of all claimants without sufficient compensation.

### A.  Class Members Did Not Receive Adequate Representation

To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of a judgment which binds them. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). The fulcrum of the adequacy requirement is an alignment of interests and incentives between the representative plaintiffs, counsel, and the absent class members. *See Hopson v. Hanesbrands Inc.*, 2009 U.S. Dist. LEXIS 33900, at *10 (N.D. Cal. Apr. 3, 2009) (Adequacy standard is met if "(1) the class representative and counsel do not have any conflicts of interest with other class members; and (2) the representative plaintiff and counsel will prosecute the action vigorously on behalf of the class"). Thus, representation is inadequate where the settlement terms prefer some class members over others and there are divergent interests between class members.  *See Hanlon, supra*, 150 F.3d at 1020-21.

### Nationwide Settlement Class

The proposed settlements are contingent on settlement approval of a Nationwide Class consisting of "all persons and or entities who or which indirectly purchased in the United States for their own use and not for resale, CRT Products manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or alleged co-conspirator thereof, at any time during the period March 1, 1995 through November 25, 2007." Dkt. 3861, at p. 6. Class Counsel also seeks to certify Statewide Damages Classes, consisting of persons and entities who purchased CRT Products in the District of Columbia and in twenty-one states. *Id.* Although class members in

**OBJECTION TO THE PROPOSED CLASS ACTION SETTLEMENT AGREEMENT AND MOTION FOR ATTORNEY FEES BY OBJECTOR ROCKHURST UNIVERSITY, OBJECTOR GARY TALEWSKY, AND OBJECTOR HARRY GRAVANIAN**

1  the Statewide Damages Class may fall into the Nationwide Class, the inverse is not true, leaving

2  purchasers in 29 states without any type of relief.

3      In exchange for the release of "all federal and state-law claims…concerning the

4  manufacture, supply, distribution, sales or pricing of CRT products," the Settling Defendants

5  are providing consideration in the amount of $563 million and an agreement to provide

6  "specified cooperation to Plaintiffs in the prosecution of any continuing litigation" (Dkt. 3861,

7  at p. 9 and Dkt. 3875, at p. 2) (although there is no continuing litigation with these settlement

8  approvals). The "Releasors" are defined in each Settlement Agreement as "the indirect-

9  purchaser plaintiff Class representatives and the indirect-purchaser Class Members…." [2] Each

10  agreement further states that the release is "in consideration of payment of the Settlement

11  Amount as specified in Paragraph  […] of this Agreement."[3] Pursuant to the terms of the

12  settlement agreements, the Nationwide Class appears to fall within the provision for the

13  monetary relief, yet the Nationwide Class is prevented from making a claim on the CRT claims

14  website unless they fall within the State Class as well. Class Counsel's proposed Plan of

15  Distribution provides only compensation to "members of the Statewide Damages Classes…who

16  claim their pro-rata share of the Settlement Fund based on the number of valid claims filed, and

17  the number and type of CRT Products each claimant purchased during the class period." Dkt.

18  3862, at ¶ 43.  There is no mention of injunctive relief or the monetary value of such relief for

19  the Nationwide Class. The Nationwide Class now is left in the wind, with no consideration of

20  any type actually being received.  Members of the Nationwide Class receive *nothing* in return

21  for their release of claims.

22      //

23  _____

24  [2] CPT Settlement, at ¶5; LG Settlement, at ¶5; Hitachi Settlement, at ¶5; Panasonic Settlement,
    at ¶5; Philips Settlement, at ¶5; Samsung Settlement, at ¶5; Toshiba Settlement, at ¶5; and

25  Technicolor/Thomson and Technologies Displays Settlement, at ¶5.

26  [3] CPT Settlement, at ¶13; LG Settlement, at ¶13; Hitachi Settlement, at ¶13; Panasonic
    Settlement, at ¶13; Philips Settlement, at ¶13; Samsung Settlement, at ¶13; Toshiba Settlement,

27  at ¶13; and Technicolor/Thomson and Technologies Displays Settlement, at ¶13.

28

**OBJECTION TO THE PROPOSED CLASS ACTION SETTLEMENT AGREEMENT AND MOTION FOR
ATTORNEY FEES BY OBJECTOR ROCKHURST UNIVERSITY, OBJECTOR GARY TALEWSKY,
AND OBJECTOR HARRY GRAVANIAN**

**State Settlement Classes**

The distribution for the earlier approved settlements of Chungwa Picture Tubes ("CPT") and LG hinge on the approval of the settlements and Distribution Plan at bar and are thus at issue herein. Between the issues in the earlier settlements coupled with the issues in the current settlements and distributions, multiple states have been blindsided with the loss of any recovery whatsoever. Multiple states were part of the earlier state damage class definitions and were removed subsequent to settlement, e.g. Massachusetts. Other states were part of the earlier National Settlement Class[4] but now cannot recover, e.g. Missouri.

For instance, members of the Massachusetts Statewide Class were included as part of the initial settlement with CPT. Dkts 884-1; 437; 716. Both Class Counsel and Defense Counsel represented to the court that their injunctive settlement provided monetary consideration. CPT settled the "50-state federal injunctive claim in exchange for monetary consideration." Dkt. 942, at p 3:23 - 4:2. In light of "a colorable monetary claim in all 50 states," CPT "settle[d] all those claims—known or unknown, weak or strong, foreseen or unforeseen, based on existing law or the creation of new law—that arise in a litigation." *Id.* at p. 4:3 – 4:8. Yet, indirect purchaser plaintiffs in Massachusetts, as well as Missouri, are precluded from the claims process and receiving any monetary compensation or consideration in exchange for the release of their injunctive and monetary claims, despite the fact that CPT settled for a "50-state federal injunctive claim in exchange for monetary consideration." Dkt. 942, at 3:23 – 4:2.

At the time of the settlement with CPT, Massachusetts was part of the State Damage Class (Dkt. 884-1; 437; 716). Following the CPT Settlement, Class Counsel did not move for Preliminary Approval for two years. During that period of time the Court dismissed the Massachusetts claim with leave to amend for failure to plead that Plaintiffs had notified the Defendants 30 days before filing the Consolidated Amended Complaint (CAC). Dkt. 597. Class

---

[4] Because they were part of the Nationwide Class it was not necessary for the State to sue on its citizens behalf since Class Counsel was handling the recoveries, but with the issues at bar these claims are lost.

**OBJECTION TO THE PROPOSED CLASS ACTION SETTLEMENT AGREEMENT AND MOTION FOR ATTORNEY FEES BY OBJECTOR ROCKHURST UNIVERSITY, OBJECTOR GARY TALEWSKY, AND OBJECTOR HARRY GRAVANIAN**

1   Counsel then filed their Second Amended Complaint (SCAC). Dkt. 716.  Class Counsel again

2   failed to comply with the procedural requirements and properly plead that they had notified

3   Defendants 30 days before filing the SCAC. Dkt. 768, at p. 12-13; 796. This time Massachusetts

4   was dismissed with prejudice. Dkt. 768, at p. 12-13; 796.[5]  Objectors believe Class Counsel did

5   not appeal.[6] Objectors have seen nothing to indicate Class Counsel filed anything to adequately

6   inform Massachusetts claimants of their right to file Direct Action Suits.  On the contrary, Class

7   Counsel filed a Stipulated Proposed Order (which did not make any reference to

8   "Massachusetts") (Dkt 796) and filed the Third Amended Complaint (TCAC) without

9   Massachusetts (Dkt. 827). The proceedings were not very transparent. There does not appear to

10   be anything in the docket filed by Class Counsel that would clearly inform a consumer of, much

11   less suggest, a need to file a separate complaint (assuming the Statute of Limitations had not

12   run). In the subsequent Motions for Approval of the CPT settlement, many states were included

13   in the state damage classes, although they had previously been dismissed.  In fact, Counsel had

14   argued to the court that it was possible to do so. *See* Dkt. 942, 943, 944. CPT intended to

15   include the Nationwide Class in its monetary settlement, and advocated that position to the

16   Court.[7]  However, even though CPT had already paid for the Massachusetts claims, Counsel did

17

18   [5] "Since plaintiffs have now had two opportunities to comply and plead compliance, the Special

19   Master recommends that the allegations under the Massachusetts' consumer protection statute
should be dismissed with prejudice." Dkt. 768, at p. 12-13; 796.

20   [6] The Special Master and the Court was aware that Independent Direct actions could be filed,

21   and discussed it. "While certainly no procedural dismissal of this nature should bar the filing of
a truly new suit…" *Id*. Class Counsel never informed the Massachusetts claimants of the need to

22   do so, and any Statute of Limitations has presumably run.

23   [7] "Nothing prohibits CPT from settling the 50-state federal injunctive claim in exchange for

24   monetary consideration. Indeed, this is an important component of the settlement because every
member of the proposed settlement class holds a federal Sherman Act claim for injunctive

25   relief—even in those states for which no damages claim has been asserted. *In exchange for

26   monetary or other consideration provided in the settlement, class plaintiffs will release their
federal Sherman Act injunctive claims as well as any other potential state or federal damage

27   claims against CPT*. Moreover, the anticompetitive conduct alleged in this case is illegal in
every state in the Union, including District of Columbia." Dkt. 943 (emphasis added).

28

**OBJECTION TO THE PROPOSED CLASS ACTION SETTLEMENT AGREEMENT AND MOTION FOR
ATTORNEY FEES BY OBJECTOR ROCKHURST UNIVERSITY, OBJECTOR GARY TALEWSKY,
AND OBJECTOR HARRY GRAVANIAN**

1  not add Massachusetts to the state damage settlement class for approval. Nor does it appear CPT

2  ever signed off on a change to the Settlement Agreement class. Massachusetts is included in the

3  Nationwide Class, but currently that class is not able to recover per the current claim forms.[8]

4       The Nationwide Class is entitled to some type of consideration or compensation in

5  exchange for its release. Counsel failed to adequately represent the Nationwide Class' interests

6  in securing any value for the release of their claims, and in fact seems to have had a conflict

7  with multiple states, or with at least the Massachusetts and Missouri classes. As a result, the

8  settlement is unfair, and final approval should be denied.

9       **B.  The Notice to Class Members Was Inadequate**

10       To comport with due process requirements, the notice must clearly describe the

11  settlement's benefits and limitations, including that the Nationwide Class releases its rights but

12  will receive no recovery. Fed. R. Civ. P. 23(c)(2)(B). The obfuscation of the actual terms of the

13  proposed settlement is improper. It is axiomatic that due process requires that the notice of a

14  settlement proposal must reasonably apprise members of the class of the terms of the settlement

15  and of the options open to those who would dissent. The notice here fails to adequately inform

16  class members of the terms of the settlement because it fails to state that members of the

17  Nationwide Class release all their rights but receive nothing in return.

18       Members of the Massachusetts and Missouri Statewide Class were included as part of

19  the initial State Damage Settlement with CPT in 2009, *see supra* (Dkts 884-1; 437; 716) but

20  cannot make a claim.   Indirect purchaser plaintiffs in the Nationwide Class, including

21  Massachusetts and Missouri, are also precluded from the claims process and receive nothing.

22  The notice is confusing, is arguably contrary to the settlement agreements, and fails to apprise

23  the class of their rights. Such procedurally and substantively deficient notice fails the

24  requirements of Rule 23 and amounts to denial of due process.

25       ///

26

27  ───────────────
[8] There are over 114 Universities and colleges currently in the Commonwealth of Massachusetts alone, all of which are shut out of this settlement.

28  https://en.wikipedia.org/wiki/List_of_colleges_and_universities_in_Massachusetts

**OBJECTION TO THE PROPOSED CLASS ACTION SETTLEMENT AGREEMENT AND MOTION FOR ATTORNEY FEES BY OBJECTOR ROCKHURST UNIVERSITY, OBJECTOR GARY TALEWSKY, AND OBJECTOR HARRY GRAVANIAN**

1    The Nationwide Class consists of persons or entities who purchased CRT Products from

2    as early as March 1, 1995, making it highly probable that an individual claimant is of age 60 or

3    older. Although a New Media notice campaign is modern and efficient, it may not be the

4    appropriate manner to notice the claimant class herein. Notice of the Settlement was

5    disseminated in some print publications, on the Internet, and via Press Release. Dkt. 1063, at p.

6    4. Print publications of the Class Notice were published in *Parade Magazine, USA Weekend,*

7    *USA Today, The New York Times,* and *El Nueva Dia.* Dkt. 1063, at p. 4. Given the significant

8    decline in *Parade Magazine*'s circulation and the fact that *Parade Magazine* reaches less than

9    35% of adults age 55 and older, it is questionable whether the these present methods are

10   adequately providing notice to the Nationwide Class. *See* Exhibit A attached to the Declaration

11   of Theresa D. Moore In Support of Objection to the Settlement Agreement and Opposition to

12   Motion for Approval ("Moore Decl. Ex. A). The graph attached as Exhibit A illustrates that the

13   CRT claimants are those of the age who do in fact tend to use print publications. *Id.* Old Media,

14   such as notice sent via AARP publications, postcards, radio, or television may be more

15   appropriate than New Media for this age group of claimants and have greater success in

16   reaching putative class members.

17       The Notice also fails to notify any non US state residents of their right to make a claim.

18       **C. The Settlement Amount**

19       The Objectors further submit that the settlement should be evaluated against the treble

20   damages potentially available to this class, and the policy of antitrust joint and several liability.

21   Treble damages are a fact of life in antitrust litigation. In some cases courts asked to approve a

22   settlement may believe the class's claim is so strong that the merits of the amount negotiated

23   cannot reasonably be evaluated without measuring it against the likelihood of a treble as well as

24   a single damages recovery.  Such is the case herein.

25       Plaintiffs' expert estimated the total class damages to be $2.768 Billion. Dkt. 3861, at p.

26   14, fn. 31. The total class damages, trebled, is $8.3 Billion and represents Defendants' potential

27   liability. To settle this important matter against serial price fixers for one-tenth of the potential

28

**OBJECTION TO THE PROPOSED CLASS ACTION SETTLEMENT AGREEMENT AND MOTION FOR ATTORNEY FEES BY OBJECTOR ROCKHURST UNIVERSITY, OBJECTOR GARY TALEWSKY, AND OBJECTOR HARRY GRAVANIAN**

1   damages seems not appropriate, particularly where joint and several liability is in play.

2   Although Class Counsel likens this action to the *In re TFT-LCD (Flat Panel) Antitrust*

3   *Litigation* and cites similar problems, in reality, the CRT conspiracy continued for a much

4   longer period of time and was much better organized than the LCD conspiracy. In LCD, the

5   potential single damages were approximately $800 million less than CRT, but LCD settled for

6   almost twice the CRT settlement. LCD settled at $1.1 Billion, and CRT $576 million.

7   Moreover, the LCD litigation recovered one-half of single damages, but the CRT recovered

8   only one-fifth of single damages.

9        While a large number, Objectors believe the $576 million settlement fund is insufficient

10   to fairly compensate the class members and deter similar conduct in the future. The Supreme

11   Court has said that private civil antitrust suits serve two purposes: to compensate the victims of

12   antitrust violation and to "deter violators and deprive them of 'the fruits of their illegality.'"[9]

13   *Pfizer, Inc. v. Gov't of India*, 434 U.S. 308, 314 (1978) (quoting *Illinois Brick Co. v. Illinois*,

14   431 U.S. 720, 746 (1977)). This settlement does not deprive those defendants of "the fruits of

15   their illegality"—if anything, it may provide reinforcement that further antitrust violations can

16   be settled for a fraction of their value, even in the face of compelling evidence of liability and

17   damages.[10]   Given the strength of the evidence, Objectors submit that the amounts the

18   Defendants have agreed to pay to settle this case is not enough.

19            **D.  The Attorney Fee Request**

20        No objection is made as to Class Counsel's request of one-third of the total Settlement

21   for attorneys' fees for the result they have achieved.  Although it is a very large settlement, it

22   must be properly evaluated, and as written above, the class deserves much more.

23   _____

24   [9] The evidence shows that the defendants continued with their price fixing conspiracies in the
     newer and more modern LCD technologies. *In re TFT-LCD (Flat Panel) Antitrust Litigation*,

25   No. 07-md-01827 (N.D. Cal.).

26   [10] Similarly, Objectors respectfully disagree to limiting the individual claimants recovery to
     treble damages, assuming there are monies left over after a pro rata distribution. It is unfair and

27   illogical to deny a claimant interest or damages on a $25 claim, while the Defendants are only

28   paying 1/5 of a $2.7 billion theft.

9

**OBJECTION TO THE PROPOSED CLASS ACTION SETTLEMENT AGREEMENT AND MOTION FOR
ATTORNEY FEES BY OBJECTOR ROCKHURST UNIVERSITY, OBJECTOR GARY TALEWSKY,
AND OBJECTOR HARRY GRAVANIAN**

**IV.** **ADOPTION OF OTHER OBJECTIONS**

The Objectors hereby adopt and incorporate herein all other objections lodged with the Court with regard to the Proposed Settlement, to the extent such objections are not inconsistent with the objections raised herein.

**V.** **CONCLUSION**

The proposed settlement fails to protect the interests of putative class members and provides no relief to purchasers in 29 states. For the reasons discussed above, the Court should deny approval of the settlement as constituted.

Respectfully submitted,

Dated: October 8, 2015                              _____/s/ Theresa D. Moore_____.

Theresa D. Moore (99978)
c/o **ALIOTO LAW FIRM**
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
tmoore@aliotolaw.com

*Counsel for Objectors Rockhurst University, Gary Talewsky, and Harry Garavanian*

**OBJECTION TO THE PROPOSED CLASS ACTION SETTLEMENT AGREEMENT AND MOTION FOR ATTORNEY FEES BY OBJECTOR ROCKHURST UNIVERSITY, OBJECTOR GARY TALEWSKY, AND OBJECTOR HARRY GRAVANIAN**

1  Theresa D. Moore (99978)
   Jill T. Lin (284962)
2  c/o **ALIOTO LAW FIRM**
   One Sansome Street, 35th Floor
3  San Francisco, CA 94104
   Telephone: (415) 434-8900
4  Facsimile: (415) 434-9200
   tmoore@aliotolaw.com
5
   *Counsel for Objectors*
6  *Rockhurst University*
   *Gary Talewsky and*
7  *Harry Garavanian*

8

9

10

11

12

13              **UNITED STATES DISTRICT COURT**

14            **NORTHERN DISTRICT OF CALIFORNIA**

15               **SAN FRANCISCO DIVISION**

16  **IN RE: CATHODE RAY TUBE (CRT)**      Case No. 3:07-cv-5944
    **ANTITRUST LITIGATION**              MDL No. 1917

17                                        **CLASS ACTION**

18  This Document Relates to:             **DECLARATION OF THERESA D. MOORE
                                          IN SUPPORT OF OBJECTION TO THE**
19                                        **CLASS ACTION SETTLEMENT**
    All Indirect Purchaser Actions        **AGREEMENT AND  MOTION FOR**
20                                        **ATTORNEY FEES**

21
                                          Judge:  Honorable Samuel Conti
22                                        Courtroom One, 17th Floor

23

24

25

26

27

28

---

**DECLARATION OF THERESA D. MOORE ISO OBJECTION TO THE SETTLEMENT AGREEMENT
AND MOTION FOR ATTORNEY FEES**
Case No. 3:07-cv-5944, MDL No. 1917

I, Theresa D. Moore, declare as follows:

1.    I am an attorney licensed to practice law in the State of California., and am attorney for Objectors Rockhurst University, Gary Talewsky, and Harry Garavanian.

2.    I make this declaration based on my own personal knowledge, and if called to testify as a witness in this matter, I could and would competently testify to the facts contained herein.

3.    Attached hereto as Exhibit A is a true and correct copy of a graphic from a presentation by Gilardi & Co.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of October, 2015, in San Francisco, California.

                            /s/ Theresa D. Moore

                            Theresa D. Moore

1

DECLARATION OF THERESA D. MOORE ISO OBJECTION TO THE CLASS ACTION SETTLEMENT
AGREEMENT AND MOTION FOR ATTORNEY FEES
Case No. 3:07-cv-5944, MDL No. 1917

# EXHIBIT A



© 2015 Gilardi & Co. LLC. All Rights Reserved.

Theresa D. Moore (99978)
Jill T. Lin (284962)
Attorneys At Law
c/o **ALIOTO LAW FIRM**
One Sansome Street, 35th  Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
tmoore@aliotolaw.com

*Counsel for Objectors*
*Rockhurst University*
*Gary Talewsky*
*Harray Garavanian*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944<br>MDL No. 1917 |
| | **CLASS ACTION** |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **DECLARATION OF GARY TALEWSKY_IN SUPPORT OF OBJECTION TO THE PROPOSED CLASS ACTION SETTLEMENT AGREEMENT AND MOTION FOR ATTORNEY FEES BY OBJECTOR ROCKHURST UNIVERSITY AND OBJECTOR GARY TALEWSKY AND OBJECTOR HARRY GARAVANIAN** |
| | Judge:  Honorable Samuel Conti<br>Courtroom One, 17th Floor |

DECLARATION OF GARY TALEWSKY IN SUPPORT OF OBJECTION TO THE PROPOSED CLASS
ACTION SETTLEMENT AGREEMENT AND  MOTION FOR ATTORNEY FEES  BY OBJECTOR
ROCKHURST UNIVERSITY, GARY TALEWSKY, AND HARRY GARAVANIAN
Case No. 3:07-cv-5944, MDL No. 1917

1    I, Gary Talewsky, declare from my own personal knowledge and on information and belief,

2    as follows:

3        1.    I have been an owner of a Travel Agency, and am a Travel Agent. I reside and work

4    in Massachusetts, and book travel and airline tickets among other services;

5        2.    My address is 95 Washington Street, Suite 104-312, Canton, MA 02021, and my

6    telephone number is (781) 471-2310;

7        3.    I am a member of the CRT class;

8        4.    I have purchased multiple CRT products for my own use, and for the use of my

9    business, and not for resale between March 1, 1995 and November 25, 2007;

10       5.    I have purchased these CRT products in Massachusetts;

11       6.    I purchased these products from a retailer or someone other than a Defendant or co-

12   conspirator;

13       7.    I have purchased 18 CRT computer monitors for my office;

14       8.    I have purchased 4 CRT computer screens for my home;

15       9.    I have purchased 5 standard CRT televisions.

16   I declare under penalty of perjury that the foregoing is true and correct.

17   Executed this 7th day of October, 2015, in Bankok, Thailand.

18                                          _____
                                                        /S/

19                                          Gary Talewsky

20

21                              **ATTESTATION**

22       Pursuant to General Order No. 45, § X(B), regarding signatures, I attest that I have

23   obtained the concurrence in the filing of this document from the signatory.

24                                          _____
                                                  /S/ Theresa D. Moore

25                                          *Counsel for Objector Gary Talewsky*

26

27

28
                                                    1

**DECLARATION OF GARY TALEWSKY IN SUPPORT OF OBJECTION TO THE PROPOSED CLASS
ACTION SETTLEMENT AGREEMENT AND  MOTION FOR ATTORNEY FEES  BY OBJECTOR
ROCKHURST UNIVERSITY, GARY TALEWSKY, AND HARRY GARAVANIAN**
                                Case No. 3:07-cv-5944, MDL No. 1917

1   Theresa D. Moore (99978)
    Jill T. Lin (284962)
2   Attorneys At Law
    c/o **ALIOTO LAW FIRM**
3   One Sansome Street, 35th  Floor
    San Francisco, CA 94104
4   Telephone: (415) 434-8900
    Facsimile: (415) 434-9200
5   tmoore@aliotolaw.com

6   *Counsel for Objectors*
    *Rockhurst University and*
7   *Gary Talewsky*

8

9

10

11

12

13
                    UNITED STATES DISTRICT COURT
14
                 NORTHERN DISTRICT OF CALIFORNIA
15
                      SAN FRANCISCO DIVISION
16

17  **IN RE: CATHODE RAY TUBE (CRT)**     Case No. 3:07-cv-5944
    **ANTITRUST LITIGATION**              MDL No. 1917

18                                        **CLASS ACTION**

19  _____          **DECLARATION OF HARRY**
                                          **GARAVANIAN IN SUPPORT OF**
20  This Document Relates to:             **OBJECTION TO THE PROPOSED CLASS**
                                          **ACTION SETTLEMENT AGREEMENT AND**
21  All Indirect Purchaser Actions        **MOTION FOR ATTORNEY FEES BY**
                                          **OBJECTOR ROCKHURST UNIVERSITY**
22                                        **AND OBJECTOR GARY TALEWSKY AND**
                                          **OBJECTOR HARRY GARAVANIAN**
23

24

25                                        Judge:  Honorable Samuel Conti
                                          Courtroom One, 17th Floor
26

27

28

_____
DECLARATION OF HARRY GARAVANIAN IN SUPPORT OF OBJECTION TO THE SETTLEMENT
AGREEMENT AND  MOTION FOR ATTORNEY FEES AND OBJECTION BY CLASS MEMBER HARRY
GARAVANIAN
                                        Case No. 3:07-cv-5944, MDL No. 1917

1       I, Harry Garavanian, declare from my own personal knowledge and on information and

2  belief, as follows:

3       1.    I have been an owner of a Travel Agency, and am a Travel Agent. I reside and work

4  in Massachusetts, and book travel and airline tickets among other services;

5       2.    My address is 40 Vinal Sq., North Chelmsford, MA 01863, and my telephone

6  number is (978)251-2868 ;

7       3.    I am a member of the CRT class;

8       4.    I have purchased multiple CRT products for my own use, and for the use of my

9  business, and not for resale between March 1, 1995 and November 25, 2007;

10       5.    I have purchased these CRT products in Massachusetts;

11       6.    I purchased these products from a retailer or someone other than a Defendant or co-

12  conspirator;

13       7.    I have purchased 5 CRT computer monitors;

14       8.    I have purchased 1 CRT television.

15

16  I declare under penalty of perjury that the foregoing is true and correct.

17  Executed this 8th day of  October, 2015, in North Chelmsford, MA.

18

19                          _Harry Ga_____

20                       Harry Garavanian

21

22

23

24

25

26

27

28

1

**DECLARATION OF HARRY GARAVANIAN IN SUPPORT OF OBJECTION TO THE SETTLEMENT
AGREEMENT AND  MOTION FOR ATTORNEY FEES AND OBJECTION BY CLASS MEMBER HARRY
GARAVANIAN**

                        Case No. 3:07-cv-5944, MDL No. 1917

1    Theresa D. Moore (99978)
Attorney At Law
2    c/o **ALIOTO LAW FIRM**
One Sansome Street, 35th Floor
3    San Francisco, CA 94104
Telephone: (415) 434-8900
4    Facsimile: (415) 434-9200
tmoore@aliotolaw.com
5

*Counsel for Indirect Purchaser Plaintiffs*
6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944 MDL No. 1917 |
| | **CLASS ACTION** |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **DECLARATION OF MATTHEW HEINRICH IN SUPPORT OF OBJECTION TO THE PROPOSED CLASS ACTION SETTLEMENT AGREEMENT BY OBJECTOR ROCKHURST UNIVERSITY AND OBJECTOR GARY TALEWSKY**<br><br>Judge: Honorable Samuel Conti Courtroom One, 17th Floor |

15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    I, Matthew Heinrich declare on information and belief, as follows:

2        1.    I am the Associate Vice President of Facilities and Technology for Rockhurst

3  University in Kansas City, Missouri, and am familiar with the purchasing history of Rockhurst

4  University;

5        2.    Rockhurst University is a Jesuit University established in 1910, and has an

6  approximate enrollment of 3000;

7        3.    Rockhurst University's address and telephone number is 1100 Rockhurst Road,

8  Kansas City, MO 64110, telephone number (816) 501-4000.

9        4.    Rockhurst University is a member of the CRT class;

10       5.    Rockhurst University has purchased multiple CRT products for the University and

11  not for resale between March 1, 1995 and November 25, 2007;

12       6.    Rockhurst University has purchased these CRT products in Missoouri;

13       7.    Rockhurst University purchased these products from a retailer or someone other

14  than a Defendant or co-conspirator;

15       8.    Rockhurst University has purchased more than one CRT computer and o/or

16  television and estimates the purchases during the above class period to be 1500 CRT computers.

17

18  I declare under penalty of perjury that the foregoing is true and correct.

19  Executed this 8TH day of _October_, 2015, in _Kansas City Missouri_

20

21                    _Matthew Heinrich_

22                    Matthew Heinrich

23

24

25

26

27

28
                                          1
                DECLARATION OF MATTHEW HEINRICH IN SUPPORT OF OBJECTION
                                                        MDL 3:07-md-1827 SI

1   Theresa D. Moore (99978)
    Jill T. Lin (284962)
2   c/o **ALIOTO LAW FIRM**
    One Sansome Street, 35th  Floor
3   San Francisco, CA 94104
    Telephone: (415) 434-8900
4   Facsimile: (415) 434-9200
    tmoore@aliotolaw.com
5
    *Counsel for Objectors*
6   *Rockhurst University*
    *Gary Talewsky and*
7   *Harry Garavanian*

8

9

10

11

12

13                  **UNITED STATES DISTRICT COURT**

14                  **NORTHERN DISTRICT OF CALIFORNIA**

15                  **SAN FRANCISCO DIVISION**

16  **IN RE: CATHODE RAY TUBE (CRT)**      Case No. 3:07-cv-5944
    **ANTITRUST LITIGATION**              MDL No. 1917
17
                                          **CLASS ACTION**
18  _____
19  This Document Relates to:             **NOTICE OF INTENT TO APPEAR** *IN RE*
                                          *CATHODE RAY TUBE (CRT) ANTITRUST*
20  All Indirect Purchaser Actions        *LITIGATION* **MDL NO. 1917**

21                                         Date:    November 13, 2015
                                           Time:    10:00 a.m.
22                                         Judge:  Honorable Samuel Conti
                                          Courtroom One, 17th Floor
23

24

25

26

27

28

---

**NOTICE OF INTENT TO APPEAR** *IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION* **MDL**
**NO. 1917**                                          Case No. 3:07-cv-5944, MDL No. 1917

1      In accordance with the Amended Order Granting Preliminary approval of Class Action

2 Settlements with Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomas and TDA

3 Defendants (Dkt. 3906), the undersigned hereby gives notice of an intention to appear at the

4 Fairness Hearing on November 13, 2015 at 10:00 a.m.

5

6 Dated: October 8, 2015            /s/ Theresa D. Moore

7                                Theresa D. Moore (99978)
                               c/o **ALIOTO LAW FIRM**

8                                One Sansome Street, 35th  Floor
                               San Francisco, CA 94104

9                                Telephone: (415) 434-8900
                               Facsimile: (415) 434-9200

10                                tmoore@aliotolaw.com

11                                *Counsel for Objectors Rockhurst University*
                               *and Gary Talewsky*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF INTENT TO APPEAR** *IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION* MDL
**NO. 1917**                                   Case No. 3:07-cv-5944, MDL No. 1917

**EXHIBIT J**

Theresa D. Moore (99978)
Jill T. Lin (284962)
Attorneys At Law
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
tmoore@aliotolaw.com
jill.tan.lin@gmail.com

*Counsel for Objectors Rockhurst University,
Harry Garavanian, and Gary Talewsky*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT ANTITRUST LITIGATION | Case No. 3:07-cv-5944-JST MDL No. 1917 |
| This Document Relates to: | **CLASS ACTION** |
| All Indirect Purchaser Actions | **REPLY IN SUPPORT OF OBJECTION TO THE PROPOSED CLASS ACTION SETTLEMENT AGREEMENT AND MOTION FOR ATTORNEY FEES BY OBJECTOR ROCKHURST UNIVERSITY, OBJECTOR GARY TALEWSKY, AND OBJECTOR HARRY GARAVANIAN** |
| | Judge:  Honorable John S. Tigar Courtroom 9-19th Floor Special Master: Martin Quinn, JAMS |

**TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................... 1

II.   ARGUMENT ............................................................................................................. 2

      A.    Duties of Class Counsel ................................................................................ 2

      B.    Inherent Conflicts Have Arisen Between the Classes Rendering the Statewide
            Damages Class Plaintiffs and Their Counsel Inadequate Representatives for
            Massachusetts, Missouri, and the Nationwide Class Omitted States.................... 3

            C.    The Lost States of Massachusetts and Missouri Were Abandoned, Not
                  Adequately Represented, and Should Be Included in the Statewide
                  Damages Classes ................................................................................ 4

            D.    The Nationwide Class Receives No Settlement Relief and Value For
                  the Release of Their Claims ............................................................... 7

            E.    Approval of The Settlement Requires Heightened Judicial Scrutiny of
                  Potential Intra-Class Conflicts and Adequacy of Representation ............. 9

      F.    The Court Should Certify a Separately Represented Subclass to Ensure That
            The Distinct Economic Interests of Missouri and Massachusetts Are
            Adequately Represented ............................................................................... 11

            G.    The Motivation to Exclude the Omitted States From the Settlement
                  Are Suspect ........................................................................................ 12

            H.    Attorney Fees ..................................................................................... 13

III.  CONCLUSION ........................................................................................................ 15

REPLY ISO OBJECTION TO PROP. CLASS ACTION SETTLEMENT AGREEMENT AND MTN FOR ATTY
FEES BY OBJECTORS ROCKHURST UNIVERSITY, GARY TALEWKSY, AND HARRY GARAVANIAN

**TABLE OF AUTHORITIES**

**Cases**

*Amchem Products v. Windsor*, 521 U.S. 591 (1997) .......................................................7, 9, 10, 12

*Brown v. Ticor Title Ins. Co.*, 982 F.2d 386 (9th Cir. 1992) .......................................................10

*Daniels v. Aeropostale West, Inc.*, No. 12-05755-WHA, 2014 U.S. Dist. LEXIS 74081 (N.D. Cal. May 29, 2014) .......................................................................................................7

*Gen. Tel. Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318 (1980).......................................10

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) .......................................................9, 10

*Harris v. Vector Mktg. Corp.*, No. 08-CV-05198 EMC, 2011 WL 1627973 (N.D. Cal. Apr. 29, 2011).......................................................................................................................13

*Hess v. Spring Corp.*, 598 F.3d 581 (9th Cir. 2010) .......................................................10

*In re Agent Orange Product Liability Litigation*, 800 F.2d 14 (2d Cir. 1986) ............................1

*In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011)............................5

*In re Community Bank of Northern Virginia*, 418 F.3d 277 (3rd Cir. 2005)...................7, 10, 12

*In Re Dry Max Pampers Litigation*, 724 F.3d 713 (6th Cir. 2013).......................................7

*In re General Motors Corp. Pick-up Truck Fuel Tank*, 55 F.3d 768 (3rd Cir. 1995)2, 5, 6, 10, 11

*In re Ins. Brokerage Antitrust Litigation*, 579 F.3d 241 (3rd Cir. 2009)...................................10

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000).......................................7

*In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078 (N.D. Cal. 2007)...................................14

*Kayes v. Pac. Lumber Co.*, 51 F.3d 1449 (9th Cir. 1995).......................................................3

*Nguyen v. Radient Pharmaceuticals Corp.*, No. SACV 11-00406 DOC (MLGx), 2014 WL 1802293 (C.D. Cal. May 6, 2014) .......................................................................................8

*Ortiz v. Fibreboard Corp*, 527 U.S. 815 (1999) .......................................................9

*Pearl v. Allied Corp.*, 102 F.R.D. 921 (E.D. Pa. 1984) .......................................................3

*Radcliff v. Experian Information Solutions, Inc.*, 715 F.3d 1157 (9th Cir. 2013) .......................3

*Rand v. Monsanto Co.*, 926 F.2d 596 (7th Cir. 1991) .......................................................1

*Reynolds v. Beneficial Natl. Bank, et al.*, 288 F.3d 277 (7th Cir. 2002).......................................7

*Richardson v. L'Oreal USA, Inc.*, 991 F. Supp. 2d 181 (D.D.C. 2013).......................................8

*Schick v. Berg*, No. 03 CIV. 5513(LBS), 2004 WL 856298 (S.D.N.Y. Apr. 20, 2004)........3, 4, 6

*Smith v. Sprint Communications Co., L.P.* 387 F.3d 612 (7th Cir. 2004) .......................................7

REPLY ISO OBJECTION TO PROP. CLASS ACTION SETTLEMENT AGREEMENT AND MTN FOR ATTY FEES BY OBJECTORS ROCKHURST UNIVERSITY, GARY TALEWKSY, AND HARRY GARAVANIAN

*Sullivan v. DV Invs., Inc.*, 667 F.3d 273 (3d Cir. 2010)..................................................2

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96 (2d Cir. 2005) ........................7

*Yoshioka v. Charles Schwab Corp.*, No. 11-1625-EMC, 2011 U.S. Dist. LEXIS 147483
    (N.D. Cal. Dec. 22, 2011)..........................................................................................7

**Rules**
Fed. R. Civ. P. 23(a)(4)..................................................................................................10

**Other Authorities**
*Black's Law Dictionary* 6th ed. (West Publishing, 1990) ...............................................2

Manual for Complex Litigation (Fed. Judicial Center 4th ed. 2004) § 21.612.............12

iii      Case No. 3:07-cv-5944-JST, MDL No. 1917

REPLY ISO OBJECTION TO PROP. CLASS ACTION SETTLEMENT AGREEMENT AND MTN FOR ATTY
FEES BY OBJECTORS ROCKHURST UNIVERSITY, GARY TALEWKSY, AND HARRY GARAVANIAN

# I.    INTRODUCTION

The issues presented by Objectors concerning the pending Indirect Purchaser Plaintiffs settlements are fundamental problems. In the case at bar there are two distinct settlement classes. The proposed distribution favors one class over another, and excludes putative and unnamed class members from a class in which they should be included. Questions have arisen as to what was considered in the valuation of the class members' claims and of the settlements amounts of the parties.  These issues, which have now emerged upon distribution, raise questions of whether or not a subclass should exist to protect class member interests, which are in conflict or have been harmed by inadequate representation by a Class Representative and/or Counsel.

In its Motion for Final Approval, Class Counsel has failed to demonstrate why this Court should find that the proposed settlement compromise is fair, adequate and reasonable, and treats class members equitably relative to each other, given the costs, risks, and probability of success if the litigation continued. The failure is rooted in the fact that the proposed settlement is patently unfair to class members who were unfairly excluded from the State Classes through error, inadvertence, or otherwise, such as Massachusetts and Missouri (the "Lost States"). Further, the proposed settlement is unfair to the remainder of class members in the Nationwide Class but residing in states not named in the Statewide Damages Class ("Nationwide Class Omitted States") and who are denied any value or consideration in exchange for the complete release of all of their rights against the Settling Defendants.

Rule 23 was designed for the nation as a whole. *Rand v. Monsanto Co.*, 926 F.2d 596, 600 (7th Cir. 1991). An attorney acting as class counsel represents all class members, including unnamed class members. *In re Agent Orange Product Liability Litigation*, 800 F.2d 14, 19 (2d Cir. 1986). The claims of these Nationwide Class Omitted States have been compromised in favor of members of the Statewide Damages Classes. Class Counsel failed to adequately protect the interests of the Lost States of Massachusetts and Missouri, and the Nationwide Class Omitted States, and settled the litigation without securing any value for these subclasses.

For these reasons and as discussed in further detail below, the proposed settlement does not represent the best possible recovery for all putative class members. To protect these absent

REPLY ISO OBJECTION TO PROP. CLASS ACTION SETTLEMENT AGREEMENT AND MTN FOR ATTY
FEES BY OBJECTORS ROCKHURST UNIVERSITY, GARY TALEWKSY, AND HARRY GARAVANIAN

1   class members, the Court should certify subclasses, appoint representatives of these subclasses,

2   deny final approval as the settlement presently stands, and send the parties back to the negotiation

3   table.

4   **II.**     **ARGUMENT**

5       **A.**    **Duties of Class Counsel**

6       Consistent with the Federal Rules of Civil Procedure, "trial judges bear the important

7   responsibility for protecting absent class members," and must be "assured that the settlement

8   represents adequate compensation for the release of the class claims." *Sullivan v. DV Invs., Inc.*,

9   667 F.3d 273, 319 (3d Cir. 2010).  In line with this principle, on May 8, 2008 the Court appointed

10   Class Counsel for the subclass of Indirect Purchaser Plaintiffs ("IPP"), and laid out the duties and

11   responsibilities of counsel, which included "[t]o otherwise advance and protect the interests of

12   the putative class in all respects and to honor all of its responsibilities, including making sure that

13   all representations and commitments made on its behalf are honored." Dkt. 282. On May 9, 2008,

14   IPP Class Counsel formally committed and accepted the terms of the appointment. Dkt. 284.

15   Despite this appointment and commitment, some class members' claims were not pursued and

16   expired, and others were dismissed and/or not further pursued due to a repeated legal error.

17       Once Class Counsel is appointed to lead the class, a fiduciary duty is born for all

18   prospective and unnamed class members. *Black's Law Dictionary* 6th ed. (West Publishing,

19   1990) defines a "fiduciary" as a "person having a duty, created by his undertaking, to act

20   primarily for another's benefit in matters connected with such undertaking." *Black*'s further

21   details "fiduciary duty" as "a duty to act for someone else's best interest to that of the other

22   person. It is the highest standard of duty implied by law." *Id*. Applied in the context of class

23   certification, courts recognize the general existence of a fiduciary duty to unnamed class

24   members once a class action suit is filed. *See, e.g., In re General Motors Corp. Pick-up Truck*

25   *Fuel Tank*, 55 F.3d 768, 801 (3rd Cir. 1995) (stating that class attorneys owe the entire class a

26   fiduciary duty once the class complaint is filed), cert. denied, 516 U.S. 824, 116 S. Ct. 88, 133

27   L. Ed. 2d 45.

28

REPLY ISO OBJECTION TO PROP. CLASS ACTION SETTLEMENT AGREEMENT AND MTN FOR ATTY
FEES BY OBJECTORS ROCKHURST UNIVERSITY, GARY TALEWKSY, AND HARRY GARAVANIAN

**B.      Inherent Conflicts Have Arisen Between the Classes Rendering the Statewide Damages Class Plaintiffs and Their Counsel Inadequate Representatives for Massachusetts, Missouri, and the Nationwide Class Omitted States**

Class Counsel has a fiduciary duty to the class as a whole "and it includes reporting potential conflict issues" to the district court. *Radcliff v. Experian Information Solutions, Inc.*, 715 F.3d 1157, 1168 (9th Cir. 2013); *see also Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1465 (9th Cir. 1995) ("The responsibility of class counsel to absent class members whose control over their attorneys is limited does not permit even the appearance of divided loyalties of counsel.") "[P]re-certification class counsel owe a fiduciary duty not to prejudice the interests that putative class members have in their class action litigation. These duties arise because class counsel acquires certain limited abilities to prejudice the substantive legal interests of putative class members even prior to class certification. In electing to put themselves forward as class counsel, they assume the duty of not harming those rights." *Schick v. Berg*, No. 03 CIV. 5513(LBS), 2004 WL 856298, at *5-6 (S.D.N.Y. Apr. 20, 2004) aff'd, 430 F.3d 112 (2d Cir. 2005).

The filings, Notice, and Plan of Distribution clearly establish that a divergent and conflicting interest has arisen between the classes. The Nationwide Class plaintiffs and their counsel do not seek any recovery for the distinct economic injuries suffered by the Lost States of Massachusetts and Missouri ("The Lost States"), nor for the Nationwide Omitted States that receive no recovery whatsoever. No additional compensation for those injuries is reflected in the Settlements, as it could have been, and the settlements were clearly negotiated without representing the conflicting interests of these subclasses in a direct distribution of the settlement funds. In fact, courts have ruled that the abandonment of uncertified claims raises issues pertaining to the adequacy of class counsel and the class representatives. *See, e.g., Pearl v. Allied Corp.*, 102 F.R.D. 921, 923 (E.D. Pa. 1984). In their efforts to obtain approval of the Settlement Agreements, in their Motion for Final Approval of the settlements Lead Counsel even went so far as to make arguments that were directly antagonistic to the entire Nationwide Omitted States as well as the Lost States—a glaring indication of inadequate representation.

REPLY ISO OBJECTION TO PROP. CLASS ACTION SETTLEMENT AGREEMENT AND MTN FOR ATTY FEES BY OBJECTORS ROCKHURST UNIVERSITY, GARY TALEWKSY, AND HARRY GARAVANIAN

**C.    The Lost States of Massachusetts and Missouri Were Abandoned, Not Adequately Represented, and Should Be Included in the Statewide Damages Classes**

Ascertaining how the Massachusetts and Missouri Classes were lost and forgotten during these eight years of litigation can only be achieved through extensive investigation and can only be gleaned in one document buried deep in the docket.[1] Dkts. 768, 796-98. Despite Lead Counsel touting that they "successfully defended the pleadings against two rounds of motions to dismiss comprising 11 joint and separate motions that raised a multitude of difficult issues", in actuality, Massachusetts was dismissed with prejudice due to Counsel's repeated legal error, one in which the court gave specific instructions how to correct. *See* Dkt. 768 ("Since plaintiffs have now had two opportunities to comply and plead compliance, the Special Master recommends that the allegations under the Massachusetts' consumer protection statute should be dismissed with prejudice"); *see also* Dkt. 597, p. 32; Dkt. 4071, p. 17-18; Dkt. 4071-1, ¶5; Dkts. 768, 796-98.[2]

With regard to the Missouri Class, Lead Counsel now argues that the Law of the Case prevented them from adding the claims for Missouri or other Omitted States, but in reality Counsel should have filed the claim years before the Court ordered that no new claims could be filed. Dkt. 768; *see also* Dkt. 796 (Lead Counsel stipulated and the Court therefore accordingly ordered that any amendments to future complaints were limited to "[a]mendments adding or dropping named plaintiffs with respect to claims and states already at issue (i.e., no new claims or states)"). *See Schick v. Berg, supra,* 2004 WL 856298, at *5-6 (S.D.N.Y. Apr. 20, 2004) ("In

---

[1] Since much of this case has taken place behind doors, without filing all documents and transcripts on the docket, it is difficult for a class member to grasp the full turn of events. It is only when a party objects to a Special Master's Report & Recommendation that the complete record of transactions becomes part of the public docket. But IPP did not object or appeal the R & R to dismiss Massachusetts with prejudice. In the above scenario IPP stipulated to the entry of the Court Order, rather than appealing it, thus backup documents are not filed on the docket. It is unclear if documents existed which could have shed light on the matter.

[2] "On May 10, 2010, Lead Counsel prepared and filed IPPs' Second CAC. (Dkt. 716.) The IPPs' Second CAC amended certain state law claims and added others. Defendants filed another joint motion to dismiss on various state-law grounds. Dkt. 733 It was denied in part and granted in part, with leave to amend certain state law claims. Dkt. 799. Lead Counsel again took the lead on briefing and arguing the second round of motions to dismiss, with assistance from some other IPP Counsel." Dkt. 4071, ¶17.

1   other words, pre-certification class counsel owe a fiduciary duty not to prejudice the interests that

2   putative class members have in their class action litigation."). There is no indication that Lead

3   Counsel ever tried to file such a claim on behalf of any of the Omitted States, including any

4   Missouri class.   Pursuant to Lead Counsel's previous statements made in their Motion for

5   Preliminary Approval, the strength of these claims and the estimate of damages were robust. The

6   claims should therefore not have been left out or ignored.[3]

7          Despite being appointed and agreeing to represent the putative class, Lead Counsel never

8   filed a complaint on behalf of Missouri. And despite having a strong Massachusetts claim, Lead

9   Counsel did not follow the statutory notice instructions, obtained a dismissal without prejudice,

10   repeated the error, and obtained a dismissal with prejudice for these claimants. No evidence has

11   been found to date that indicates anyone acted on behalf of these claimants at this time. Lead

12   Counsel thereupon did not appeal or follow up in any way, including alerting claimants that action

13   was necessary, and, in fact, stipulated to the entry of the judgment.[4] *See fn 1.*

14          A number of courts have held that class counsel owes a fiduciary duty to unnamed class

15   members in the pre-certification period. *See In re Bluetooth Headset Products Liab. Litig.*, 654

16   F.3d 935, 946 (9th Cir. 2011)("Prior to formal class certification, there is an even greater potential

17   for a breach of fiduciary duty owed the class during settlement."); *In re General Motors Corp.*

18   *Pick-Up Truck Fuel Prod. Liab. Litig.*, *supra*, 55 F.3d at 801 ("Beyond their ethical obligations

19   to their clients, class attorneys, purporting to represent a class, also owe the entire class a fiduciary

20   duty once the class complaint is filed."). As one court has articulated:

21          [W]e may venture a few statements about the scope of the fiduciary duty owed
22          by class counsel to putative class members prior to class certification. In short,
             the scope of those duties is limited to protecting the substantive legal rights of
23          putative class members that form the basis of the class action suit from prejudice
             in an action against the defendant resulting from the actions of class counsel.
24          Where the actions of class counsel put those rights at risk, class counsel must at

25

---

26   [3] *See* Dkt. 1388 (Plaintiffs' expert Dr. Janet S. Netz, Ph.D. estimated the total class damages to
     be $2.768 billion, with CRT monitors accounting for approximately $2 billion, and CRT
27   televisions accounting for approximately $768 million.). *See also* Dkt. 3861 at 14, fn. 31.

28   [4] *See* Dkt. 768 at 12-13 ("[C]ertainly no procedural dismissal of this nature should bar the filing
     of a truly new suit.,"); *see also* Dkt. 796.

REPLY ISO OBJECTION TO PROP. CLASS ACTION SETTLEMENT AGREEMENT AND MTN FOR ATTY
FEES BY OBJECTORS ROCKHURST UNIVERSITY, GARY TALEWKSY, AND HARRY GARAVANIAN

1    a minimum put absent class members on notice and provide them with an
2    opportunity to object. Where they fail to do so, class counsel exposes itself to
     potential liability for breach of its fiduciary duties.

3    *Schick v. Berg*, *supra*, 2004 WL 856298, at *6 (S.D.N.Y. Apr. 20, 2004). By foregoing

4    any potential reparation claims for the Lost States, Lead Counsel effectively waived these class

5    members' claims[A1]. Thus, Counsel's actions of entering in a binding stipulation, which does not

6    directly name, yet prevents recovery for Massachusetts and Missouri, and which limited recovery

7    only to the Statewide Damages Class, necessarily prejudiced the Lost States' substantive legal

8    rights to recovery.

9        In attempting to justify the terms of this pending settlement, Class Counsel takes a position

10   directly antagonistic to the interests of their own Lost States and Nationwide Omitted State class

11   members, and undermines their right to claim damages. In support of their Motion for Final

12   Approval, Counsel seemingly defends their decision not to follow the Court's instructions and

13   directions for filing an amended complaint for Massachusetts (Dkt. 768), as if the dismissal with

14   prejudice of the Massachusetts complaint never existed because they did not do what the law and

15   the court required, i.e give and allege legal notice. Counsel does not take any responsibility for

16   never filing a consumer Missouri case.  And, in each situation Counsel states in their papers that

17   Objectors and absent class members should have done so themselves. There could hardly be a

18   better illustration of the direct conflict between these classes and the State Class. This Lost States

19   and Omitted States subgroup could not possibly have been adequately represented by Class

20   Counsel who affirmatively attempted to undermine these states' separate claims for economic

21   injuries, and portrays or values them as worthless. Plaintiffs and their Counsel owed a "fiduciary

22   duty" to the "entire class." *In re General Motors, supra*, 55 F.3d at p. 801. To adequately represent

23   the entire settlement class, Class Counsel should not take any position antagonistic to some

24   members of the class. In fact, Counsel could still have protected these claimants and included

25   these classes in the monetary recovery settlements but declined to do so.

26       Where a proposed class action settlement does not adequately protect the interests of a

27   subset of class members who have additional claims not pursued by the class representative and

28   not compensated in the settlement, the adequacy of representation requirement is not satisfied.

REPLY ISO OBJECTION TO PROP. CLASS ACTION SETTLEMENT AGREEMENT AND MTN FOR ATTY
FEES BY OBJECTORS ROCKHURST UNIVERSITY, GARY TALEWKSY, AND HARRY GARAVANIAN

1   *See, e.g., In re Community Bank of Northern Virginia*, 418 F.3d 277, 303-308 (3rd Cir. 2005)

2   (class representatives provided inadequate representation by failing to assert colorable federal

3   statutory claims of some class members); *see also Smith v. Sprint Communications Co., L.P.* 387

4   F.3d 612 (7th Cir. 2004) (reversing nationwide settlement class due to inadequate representation

5   of plaintiffs pursuing other competing class actions whose claims were compromised by

6   settlement). Massachusetts and Missouri were not adequately represented in the course of this

7   action. Their claims were not "prosecuted vigorously on their behalf" as required. *In re Mego Fin.*

8   *Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000).

9
10
    **D.**    **The Nationwide Class Receives No Settlement Relief and Value For the Release of Their Claims**

11       A release of claims without consideration results in a settlement that is not fair, reasonable

12   or adequate, and is a settlement that a trial court cannot approve. *See Reynolds v. Beneficial Natl.*

13   *Bank, et al.*, 288 F.3d 277, 282-284 (7th Cir. 2002). Lack of value exchanged for a release of

14   claims renders a settlement unreasonable and unfair, at least with respect to those disadvantaged

15   members of the class. *See, e.g., Amchem Products v. Windsor*, 521 U.S. 591 (1997); *see also*

16   *Yoshioka v. Charles Schwab Corp.*, No. 11-1625-EMC, 2011 U.S. Dist. LEXIS 147483, at *40

17   (N.D. Cal. Dec. 22, 2011) (denying final settlement approval where "uncertain value of the

18   settlement ma[de] the release given in exchange therefore problematic"); *Daniels v. Aeropostale*

19   *West, Inc.*, No. 12-05755-WHA, 2014 U.S. Dist. LEXIS 74081, at *8 (N.D. Cal. May 29, 2014)

20   (denying approval of a Fair Labor Standards Act (FLSA) settlement and stating that "[n]o one

21   should have to give a release and covenant not to sue in exchange for [nothing]").

22       Plaintiffs in a class action may release claims that were or could have been pled in

23   exchange for settlement relief. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 106 (2d

24   Cir. 2005).  However, black letter law dictates that consideration must be given in exchange. *See*

25   *In Re Dry Max Pampers Litigation*, 724 F.3d 713, 718 (6th Cir. 2013) (vacating class action

26   settlement approval and certification of a settlement class that treated named plaintiffs more

27   favorably than other class members who received "nearly worthless" injunctive relief").

28

REPLY ISO OBJECTION TO PROP. CLASS ACTION SETTLEMENT AGREEMENT AND MTN FOR ATTY
FEES BY OBJECTORS ROCKHURST UNIVERSITY, GARY TALEWKSY, AND HARRY GARAVANIAN

1      Although Class Counsel has wavered between labels of the "Injunctive Relief" Class and

2  the "Nationwide" Class, they contend that they were fully aware that any injunctive relief would

3  be of no value, and there is in fact no injunction. Initially, the parties represented that the

4  Nationwide Class would receive consideration, even a monetary reward. *See* Dkt. 3861, at 1 (CPT

5  settled the "50-state federal injunctive claim in exchange for monetary consideration"); *see also*

6  Dkt. 942, at 2, 3. The releases are evidently of some worth and value to Defendants for "global

7  peace" otherwise Defendants would not be demanding it. Accordingly, the law requires

8  consideration. *See Richardson v. L'Oreal USA, Inc.*, 991 F. Supp. 2d 181, 198-99 (D.D.C. 2013)

9  (finding that "omitting damages claims from the complaint but agreeing to release damages

10  claims on a class-wide basis is tantamount to asserting damages claims but agreeing to

11  compromise the ability to bring them as a class in return for nothing").

12      Lead Counsel cites to *Nguyen v. Radient Pharmaceuticals Corp.*, No. SACV 11-00406

13  DOC (MLGx), 2014 WL 1802293 (C.D. Cal. May 6, 2014) for the proposition that the Lost States

14  are not entitled to compensation for the release for their substantive legal rights. The case is

15  inapposite here. In *Nguyen*, the objector argued that the proposed plan of distribution was unfair

16  because it provided no recovery for traders whose shares fell into the "in and out" category ("in-

17  and-out traders"). The court in *Nguyen* concluded that the objector would not have been able to

18  show that defendant's misrepresentation in that case caused the economic loss. Given that in-and-

19  out traders purchased shares during the Class Period but sold it before the Class Period closed

20  (the date of the Defendant's misrepresentation), it was impossible to isolate defendant's

21  misrepresentation as the proximate cause for the in-and-out traders' injury. The Court held that

22  the plan of allocation therefore appropriately did not provide monetary recovery for in-and-out

23  traders as these claims lacked any merit. *Id*. at 8.

24      In contrast, the Lost States had valid claims under their state's consumer protection

25  statutes in addition to the federal claims for injunctive relief asserted in the Complaint. The Lost

26  States were equally affected by Defendants' actions and the conspiracy. In fact, Lead Counsel

27  admits that the weighting of CRT Products reflects the respective harm to purchasers of those

28  products and was therefore necessary to compensate class members who paid more for a particular

REPLY ISO OBJECTION TO PROP. CLASS ACTION SETTLEMENT AGREEMENT AND MTN FOR ATTY
FEES BY OBJECTORS ROCKHURST UNIVERSITY, GARY TALEWKSY, AND HARRY GARAVANIAN

1    CRT Product than others. Dkt. 3761 at 36; *see also* Dkt. 3861 (IPP's expert found that the

2    overcharge on monitor tubes was more than twice the overcharge on television tubes). Class

3    members in these Lost States suffered the same overcharges and possessed valid claims for

4    monetary recovery, yet under the proposed settlement they will not receive any compensation for

5    their injuries or release.

6         The proposed settlement fails to compensate, and even goes as far as to dismantle any

7    respective rights of the Nationwide Class to relief against the settling defendants.  But even more

8    troubling with regard to this issue is the conflicting, confusing and/or misleading information

9    provided to the court, counsel and to the consumers. Class members were led to believe that

10   monetary relief would be forthcoming, but now at this late juncture when it is too late to bring

11   individual actions, the Lost States now discover that there is no monetary relief. Similarly, Class

12   Members were led to believe that there was injunctive relief, then there is not. Lead Counsel

13   originally portrayed, "The Settlement Class includes a "Nationwide Class" of indirect purchasers

14   of CRT Products seeking injunctive relief."  Dkt. 3861, 2:3-4. Upon distribution, Class members

15   do not get the promised injunction or value for it, yet they are bound to release the defendants.

16        **E.    Approval of The Settlement Requires Heightened Judicial Scrutiny of**
              **Potential Intra-Class Conflicts and Adequacy of Representation**
17

18        When a class is certified for settlement only, courts must give heightened attention to the

19   adequacy of representation requirement to protect the interests of absent class members. Objectors

20   assert that there appear to be irreconcilable conflicts, indeed, clashing interests, between the

21   plaintiff classes, that their economic interests are not aligned, and that the intra-class conflicts at

22   least require the certification of separately represented subclasses for the Massachusetts and

23   Missouri "Lost State" Classes, as well as the Nationwide Omitted States Classes. Indeed, courts

24   "must pay 'undiluted, even heightened, attention' to class certification requirements in a

25   settlement context." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998), quoting

26   *Amchem*, *supra*, 521 U.S. at p. 620; *accord Ortiz v. Fibreboard Corp*, 527 U.S. 815, 848-849

27   (1999) ("When a district court ... certifies for class action settlement only, the moment of

28

REPLY ISO OBJECTION TO PROP. CLASS ACTION SETTLEMENT AGREEMENT AND MTN FOR ATTY
FEES BY OBJECTORS ROCKHURST UNIVERSITY, GARY TALEWKSY, AND HARRY GARAVANIAN

1  certification requires 'heightene[d] attention,' [citation] to the justifications for binding the class

2  members.").

3      The settlement herein draws into question whether the Lost States, and the Nationwide

4  Class, were adequately represented at all times. Rule 23(a) requires that "representative parties

5  will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Due

6  Process Clause…requires that the named plaintiffs at all times adequately represent the interests

7  of the absent class members." *Hess v. Spring Corp.*, 598 F.3d 581, 590 (9th Cir. 2010); *Hanlon*

8  *v. Chrysler Corp., supra,* 150 F.3d at 1020 ("To satisfy constitutional due process concerns,

9  absent class members must be afforded adequate representation before entry of a judgment which

10  binds them"); *Brown v. Ticor Title Ins. Co.*, 982 F.2d 386. 390 (9th Cir. 1992)("[I]f the plaintiff

11  was not adequately represented in the prior action, or there was a denial of due process, then the

12  prior decision has no preclusive effect.). The adequate representation requirement "is typically

13  construed to foreclose the class action where there is a conflict of interest between the named

14  Plaintiff and the members of the putative class." *Gen. Tel. Co. of the Northwest, Inc. v. EEOC*,

15  446 U.S. 318, 331 (1980).

16      The named plaintiffs have an obligation to adequately represent the interests of the entire

17  class, acting as fiduciaries on behalf of the class, without any conflicts with class interests. Fed.

18  R. Civ. P. 23(a)(4). The crucial inquiry is "whether a proposed class has sufficient unity so that

19  absent members can fairly be bound by decisions of class representatives. That dominant concern

20  persists when settlement, rather than trial, is proposed." *Amchem Products, supra,* 521 U.S. at

21  621. When a request for class certification is submitted as part of a proposed class settlement, the

22  propriety of certification must be considered separately from the fairness of the settlement. *In re*

23  *Ins. Brokerage Antitrust Litigation*, 579 F.3d 241, 257 (3rd Cir. 2009). In determining adequacy

24  of representation, however, the "court may take the terms of the proposed settlement into

25  consideration." *In re Community Bank of Northern Virginia*, 418 F.3d 277, 300 (3rd Cir. 2005);

26  *In re General Motors Corp. Pick-up Truck Fuel Tank,* 55 F.3d 768, 801 (3rd Cir. 1995) (finding

27  inadequate representation due to "conspicuous evidence of ... an intra-class conflict in the very

28  terms of this settlement"). "[A] judge must focus on the settlement's distribution terms (or those

REPLY ISO OBJECTION TO PROP. CLASS ACTION SETTLEMENT AGREEMENT AND MTN FOR ATTY
FEES BY OBJECTORS ROCKHURST UNIVERSITY, GARY TALEWKSY, AND HARRY GARAVANIAN

1   sought) to detect situations where some class members' interests diverge from those of others in

2   the class. For example, a settlement that offers considerably more value to one class of plaintiffs

3   than to another may be trading the claims of the latter group away in order to enrich the former

4   group." *In re General Motors, supra*, 55 F.3d at p. 797.

5         Here, inherent conflicts have arisen because the Nationwide Class is precluded from any

6   recovery under the proposed Settlement. Class Counsel's proposed Plan of Distribution provides

7   only compensation to "members of the Statewide Damages Classes…who claim a pro-rata share

8   of the Settlement Fund based on the number of valid claims filed…." Dkt. 3862, at ¶ 43. Members

9   of the Nationwide Class receive nothing in return for their release of claims. For instance,

10   members of the Massachusetts Statewide Class were included as part of the class when the initial

11   settlement with Chungwa Picture Tubes ("CPT") was signed. Dkt. 3861, at 1. CPT settled the

12   "50-state federal injunctive claim in exchange for monetary consideration." Dkt. 942, at 3. In light

13   of "a colorable monetary claim in all 50 states," CPT "settle[d] all those claims—known or

14   unknown, weak or strong, foreseen or unforeseen, based on existing law or the creation of new

15   law—that arise in a litigation." *Id*., at 4. Yet, indirect purchaser plaintiffs in Massachusetts are

16   precluded from the claims process and receiving any monetary compensation or consideration in

17   exchange for the release of their injunctive and monetary claims despite the fact that the parties

18   represented to the court that CPT settled for a "50-state federal injunctive claim in exchange for

19   monetary consideration." Dkt. 942, at 3.

20         The Nationwide Class is entitled to some type of consideration or compensation in

21   exchange for its release and IPPs failed to adequately represent the Nationwide Class' interests

22   in securing any value for the release of their claims. As a result, the Statewide Damages Classes

23   are inappropriately favored over other subclasses creating intra-class conflicts.

24        **F.**    **The Court Should Certify a Separately Represented Subclass to Ensure**

25             **That The Distinct Economic Interests of Missouri and Massachusetts Are**
          **Adequately Represented**

26         At the very least, the conflicts between the Statewide Damages Class and the Lost States

27   and Nationwide Class Omitted States subgroups required the certification of a separately

28   represented subclass(es) to ensure that their distinct interests are fully and adequately represented

REPLY ISO OBJECTION TO PROP. CLASS ACTION SETTLEMENT AGREEMENT AND MTN FOR ATTY
FEES BY OBJECTORS ROCKHURST UNIVERSITY, GARY TALEWKSY, AND HARRY GARAVANIAN

in the settlement. "Divergent interests must be taken into account and fairly accommodated before the parties negotiate a final settlement.... If the parties have not anticipated the need for subclasses, the court may decide to certify subclasses, appoint attorneys to represent the subclasses, and send the parties back to the negotiating table." Manual for Complex Litigation (Fed. Judicial Center 4th ed. 2004) § 21.612, p. 314. As the Supreme Court has explained, "the adversity among subgroups requires that the members of each subgroup cannot be bound to a settlement except by consents given by those who understand that their role is to represent solely the members of their respective subgroups." *Amchem, supra*, 521 U.S. at 627.

Courts in this district have similarly recognized the propriety of certifying subclasses to accommodate the divergent interests of potentially antagonistic class members while still achieving the benefits of a class action. Consistent with *Amchem*, federal courts have held that subclasses should be created where there are distinct groups of class members with divergent and potentially conflicting interests in the settlement. For instance, in *In re Community Bank of Northern Virginia*, *supra*, 418 F.3d 277, the Third Circuit reversed the certification of a settlement class, finding that there were unresolved questions whether the named representatives adequately represented class members who had other claims that were not sufficiently pursued in the case but were released as part of the settlement. The court opined, "At the very least, consideration should have been given to the feasibility of dividing the class into sub-classes so that a court examining the proposed settlement could have judged the fairness of the settlement as it applied to similarly situated class members." *Id.* at 307.

Because of the divergent interests of the plaintiffs and the subgroups and the inability of the plaintiffs and their counsel to provide adequate representation of the conflicting interests, the Court should not certify these settlement classes without also certifying a separately represented subclass for the Lost States and Omitted States, as well as separate representation for the Nationwide Class members.

**G.    The Motivation to Exclude the Omitted States From the Settlement Are Suspect**

Rather than hoist suspect motives on Objectors, Counsel should be aware of its own appearance of motivations in representing unnamed plaintiffs. The problems herein are errors

REPLY ISO OBJECTION TO PROP. CLASS ACTION SETTLEMENT AGREEMENT AND MTN FOR ATTY FEES BY OBJECTORS ROCKHURST UNIVERSITY, GARY TALEWKSY, AND HARRY GARAVANIAN

1    that could have been remedied well before this time, and this Objector in fact attempted such.

2    *See Moore Decl*, ¶10. As one of the attorneys seeking one of the lowest lodestars in the case and

3    with Class Counsel's $192 million requested fee at risk, the suspect motive allegation targeted

4    at Objector is neither plausible nor sound.  And it is not so, as Class Counsel state, that Objector's

5    counsel refused to reduce her lodestar. Objector's counsel did in fact abide by Class Counsel's

6    requests and prepared and produced multiple Fee Declarations, including with Class Counsels'

7    recommendation outlined for the Court in their Declaration. *See Moore Decl*, ¶13.

8          Class Counsel has $192 million of requested fees at risk. If the Court were to determine

9    that Counsel had a duty to include these unnamed class members whose claims were lost, and

10   the value of these claims should be included in the settlement, then additional consideration

11   would be due.  Thus, a revised settlement would require either that Defendants pay more, the

12   State Classes be diluted, or Class Counsel's fee be reduced to pay for the Lost and Omitted States.

13        **H.    Attorney Fees**

14        Objectors do not object to the court using a percentage to compensate counsel, and one

15   third is a common and typical percentage in a private case and should also be considered herein.

16   In larger cases, simply because the damages, the risks, and the rewards are larger, one should not

17   elevate the fee rewards as synonymous to a windfall for counsel.  As stated in the opening papers

18   $574 million is a remarkable amount and, Class Counsel should be commended for such a large

19   sum. Having been part of Co-Lead team in TFT LCD, Objectors' Counsel is well aware of the

20   work and the hurdles needed to overcome such substantial barriers, and a review of the number

21   of hours worked is not necessarily helpful, for a Plaintiff counsel needs to be able to work

22   whatever amount of time is necessary without being constrained—sometimes things go quicker

23   than anticipated with well thought out strategies, and sometimes projects take longer than

24   anticipated. The final result of the case should be what determines the reward, and if a party loses

25   they get nothing. Thus the potential liability is a vital consideration along with the other factors.

26        This court must at least satisfy itself that the class settlement is within the ballpark of

27   reasonableness. *Harris v. Vector Mktg. Corp.*, No. 08-CV-05198 EMC, 2011 WL 1627973, at

28   *7 (N.D. Cal. Apr. 29, 2011); *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D.

REPLY ISO OBJECTION TO PROP. CLASS ACTION SETTLEMENT AGREEMENT AND MTN FOR ATTY
FEES BY OBJECTORS ROCKHURST UNIVERSITY, GARY TALEWKSY, AND HARRY GARAVANIAN

1    Cal. 2007). To perform this function, the trial court must receive and consider enough

2    information about the nature and magnitude of the claims being settled, as well as the

3    impediments to recovery, to make an independent assessment of the reasonableness of the terms

4    to which the parties have agreed. *Id*. Thus the court should look to the whether all claimants were

5    represented vigorously, and whether the settlement amount is appropriate.

6         The settlement herein is admittedly a great amount, but there are additional steps, factors

7    and evidence that need to be presented, evaluated, considered and included to determine if this

8    is the best result for the class. In the Motion for Final Approval, many of the same difficulties

9    were detailed as in the TFT LCD case, but what is truly that much more difficult herein that made

10   this case worth so much less in settlement?

11        Plaintiffs' expert estimated the total class damages to be $2.768 Billion. Dkt. 3861, at p.

12   14, fn. 31. The total class damages, trebled, is $8.3 Billion and represents Defendants' potential

13   liability.  Since Class Counsel likens this action so closely to the *In re TFT-LCD (Flat Panel)*

14   *Antitrust Litigation* and cites similar problems, in order to grant final approval the court needs

15   evidentiary support to understand why there is such a discrepancy in settlement. While a very

16   large number, the evidence seems to show that $576 million settlement fund is insufficient to

17   fairly compensate the class members and deter similar conduct in the future. In *LCD*, the potential

18   single damages were approximately $800 million less than *CRT*, but *LCD* settled for almost twice

19   the *CRT* settlement. *LCD* settled at $1.1 Billion, and *CRT* $576 million. Moreover, the *LCD*

20   litigation recovered one-half of single damages, but *CRT* recovered only one-fifth of single

21   damages. In order to approve the settlement, the Court must be provided with the evidentiary

22   foundation substantiating such a discrepancy. Since it has come to light that subclasses have

23   claims that were not pursued, and that apparent conflicts exist, that must be evaluated as well in

24   determining the claim and settlement value of the case.

25        Further, it has not been brought to this courts attention and the court should be aware that

26   the published Notice in the CPT settlement stated that counsel will only seek up to 25% in

27   attorney fees. *See* CPT Notice as it existed on 11.1.11 attached to *Moore Decl.* as Exhibit E. The

28   CPT and LG settlement website was located at www.cptsettlement.com, but the settlement

REPLY ISO OBJECTION TO PROP. CLASS ACTION SETTLEMENT AGREEMENT AND MTN FOR ATTY
FEES BY OBJECTORS ROCKHURST UNIVERSITY, GARY TALEWKSY, AND HARRY GARAVANIAN

1   website since has been changed to www.crtclaims.com and the CPT and LG settlement website

2   no longer exists; visitors are forwarded to the current settlement notice website of

3   www.crtclaims.com, which gives notice that Class Counsel will seek 33% for fees and no longer

4   reflects the previously noticed 25% maximum for the CPT settlement.

5   **III.      CONCLUSION**

6          The settlement terms are patently unfair to the Lost States and Nationwide Omitted States

7   Class, who must forfeit their rights against the settling defendants in exchange for nothing. During

8   the past eight years of litigation, no one has looked out for the interests of these unnamed class

9   members. Because there is no injunctive relief and members of the Nationwide Class received no

10   value for their release, the motion for final approval of the class action settlement must be denied.

11          Objector further respectfully requests that the court certify subclasses, appoint counsel for

12   such, and send the parties back to the negotiating table.

13

14                                                  Respectfully submitted,

15   Dated: December 9, 2015                 /s/ Theresa D. Moore by JL

16                                                  Theresa D. Moore (Cal. Bar. No. 99978)
                                                    One Sansome Street, 35th Floor
17                                                  San Francisco, CA 94104
                                                    Telephone: (415) 434-8900
18                                                  Facsimile: (415) 434-9200
19                                                  tmoore@aliotolaw.com

20                                                  *Counsel for Objectors Rockhurst*
                                                    *University, Harry Garavanian, and Gary*
21                                                  *Talewsky*

22

23

24

25

26

27

28

REPLY ISO OBJECTION TO PROP. CLASS ACTION SETTLEMENT AGREEMENT AND MTN FOR ATTY
FEES BY OBJECTORS ROCKHURST UNIVERSITY, GARY TALEWKSY, AND HARRY GARAVANIAN

1   Theresa D. Moore (99978)
    Jill T. Lin (284962)
2   Attorneys at Law
    One Sansome Street, 35th Floor
3   San Francisco, CA 94104
    Telephone: (415) 434-8900
4   Facsimile: (415) 434-9200
    tmoore@aliotolaw.com
5   jill.tan.lin@gmail.com

6   *Counsel for Objectors Rockhurst University,*
    *Harry Garavanian, and Gary Talewsky*

7

8

9

10

11

12

13                  **UNITED STATES DISTRICT COURT**

14                  **NORTHERN DISTRICT OF CALIFORNIA**

                        **SAN FRANCISCO DIVISION**
15

16  | **IN RE: CATHODE RAY TUBE (CRT)** | Case No. 3:07-cv-5944 JST |
    | **ANTITRUST LITIGATION** | MDL No. 1917 |

17                                       **CLASS ACTION**

18                                       **DECLARATION OF THERESA D. MOORE IN**
                                         **SUPPORT OF OBJECTION TO THE**
    This Document Relates to:           **PROPOSED CLASS ACTION SETTLEMENT**
19                                       **AGREEMENT AND MOTION FOR**
    All Indirect Purchaser Actions      **ATTORNEY FEES BY OBJECTOR**
20                                       **ROCKHURST UNIVERSITY, OBJECTOR**
                                         **GARY TALEWSKY, AND OBJECTOR**
21                                       **HARRY GARAVANIAN**

22

23                                       Judge:  Honorable John S. Tigar
                                         Courtroom 9-19th Floor
24                                       Special Master: Martin Quinn, JAMS

25

26

27

28

---

DECL OF THERESA D. MOORE ISO OBJECTION TO PROP. CLASS ACTION SETTLEMENT
AGREEMENT AND MTN FOR ATTY FEES BY OBJECTORS
Case No. 3:07-cv-5944 (JST), MDL No. 1917

I, Theresa D. Moore, declare as follows:

1.     I am an attorney licensed to practice law in the State of California. I am attorney the for Objectors Rockhurst University, Gary Talewsky, and Harry Garavanian. I make this declaration based on my own personal knowledge, and if called to testify as a witness in this matter, I could and would competently testify to the facts contained herein.

2.     I make this Declaration is Support of the Objections To The Proposed Class Action Settlement and Motion For Attorney Fees, Reimbursement of Litigation Expenses, and Incentive Awards to Class Representatives.

3.     The Objections filed herein are valid Objections which raise serious questions with regard to the Settlements and the distribution of the prior Settlements of CPT and LG, and will safeguard that the settlement withstands Constitutional muster.

4.     The filing and substance of these Objections have no bearing on my pending request for attorney fees (*see* Dkt 4076, 4071).

5.     Class Counsel states the Objections are suspect because they arose only after an audit committee (made up of unknown members) made cuts to my lodestar. However Counsel ignores and fails to bring to the court's attention the fact that the Attorney Fee Declarations and the Objections were due depending on the timing and schedule the court ordered at Class Counsel's request, and that Class Counsel had directed all counsel to inform their "other clients' to make claims.

6.     I did not refuse Lead counsel's request to reduce my lodestar as stated in their motion papers, and did in fact reduce it at Class Counsel's request, and provided them with 3 separate Declarations, reducing the amount each time,

7.     I submitted one of the smallest lodestars in the case. Attached hereto as **Exhibit A** is a true and correct copy of a Summary Lodestar submitted within and as Exhibit 2 with my Fee Declaration (Dkt 4076).

8.     I am requesting compensation for 230 hours of work over the course of 9 years.

9.     On July 29, 2015 I submitted my original Fee Declaration to Class Counsel for

---

1

DECL OF THERESA D. MOORE ISO OPP TO IPPS' MOTION FOR FINAL APPROVAL OF THE
SETTLEMENTS AND REPLY TO CLASS COUNSEL'S OPPOSITION TO OBJECTIONS
Case No. 3:07-cv-5944 (JST), MDL No. 1917

1    $209,768.75. At the request of Class Counsel I subsequently reviewed and reduced my lodestar

2    and submitted a revised Fee Declaration.

3        10.      On August 21, 2015 I submitted my revised Fee Declaration to Class Counsel

4    which reduced my lodestar to $172,363.45. A true and correct copy of the Fee Declaration is

5    attached hereto as **Exhibit B**.

6        11.      On August 24, 2015 Class Counsel sent an email to IPP Counsel, attached as

7    **Exhibit C**, an excerpt of which states:

8

9          We ask that you please make sure that the named plaintiffs, *and any of your other clients*
*who purchased CRT televisions or computer monitors during the class period, file claims.*

10        It is very important that each of the named plaintiffs file a claim. We also encourage you
to tell your friends, family members and other acquaintances and encourage them to file

11        claims too. (emphasis added)

12        12.      On August 27, 2015 Class Counsel sent me an email and informed me they cut my

13    fee from $172,363.45 to $22,918.75, and would only be prepared to include the $22,918.75 from

14    2007-2008 in the Joint Fee Petition, and again requested that I revise my Fee Declaration. I did as

15    requested by Class Counsel.

16        13.      On August 28, 2015 I submitted my 2d Revised Declaration at Class Counsel's

17    request, attached as **Exhibit D** is a true and correct copy. Paragraph 13 and 14 state as follows:

18
         The number of hours reasonably expended and presented herein from 2007-
19        2008 by me is 33.25 hours. The lodestar at historical rates is $22,918.75.
The lodestar at current rates is $24,106.25. Lead counsel requests that I
20        discount and submit time only for 2007-2008 at reduced rate and hours of
33.25 hours, which I do herein. Expense hours are not duplicated in my
21        lodestar.

22
         The total number of I hours reasonably expended on this from inception to
23        May 31, 2015 is 230.4 hours. Over the entire 9 year prosecution of the case
my time expended was not duplicative or wasteful, and was necessary to
24        abide by my ethical duties as representing multiple clients. The total lodestar
at historical rates is $172,363.45. The total lodestar at current rates is
25        $183,168.00. The hours expended by me were for the benefit of my clients
and the class. Exhibit 2 reflects my time so reduced, but my actual time,
26        effort, and lodestar for which I do apply herein is reflected in the pre-
discounted hours and lodestar as described herein.
27

28

---

2

DECL OF THERESA D. MOORE ISO OPP TO IPPS' MOTION FOR FINAL APPROVAL OF THE
SETTLEMENTS AND REPLY TO CLASS COUNSEL'S OPPOSITION TO OBJECTIONS
Case No. 3:07-cv-5944 (JST), MDL No. 1917

14.     On September 3, 2015 Class Counsel informed me they would not submit my Declaration because "it doesn't conform with what Counsel asked for and what other firms had done."

15.     On September 10, 2015 Class Counsel incorrectly represented to the Court in a filing that "Further, none of the other 47 IPP firms has objected to Lead Counsel's allocation of the fees in the first instance." (Dkt 4049, p. 1 line l 13-14) (There were other misstatements on pages 5-6 as well.) I emailed Class Counsel and told him that statement in the filing was not true, that I was objecting and had submitted my Declaration to him stating such.  I asked him to file my Declaration.

16.     On September 23, 2015 Class Counsel filed their Motion for Award of Attorney Fees, Reimbursement of Litigation Expenses, and Incentive Awards To Class Representatives, included the $22,000 figure request, but did not include my Declaration. On September 24, 2015 I filed my Declaration requesting the reduced lodestar of $172,363.45, not the figure stated in Class Counsel's Declaration In Support of the Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Incentive Awards to Class Representatives filed by Indirect Purchaser Plaintiffs (*see* Dkt 4076).

17.     Special Master Quinn had already been appointed on September 11, 2015 to allocate the attorney fees in this matter.  As part of the Co-Lead Counsel team in the *TFT-LCD* matter wherein Special Master Quinn performed the same function of allocation, I was very familiar with the process and knew there would be an opportunity to present my request to the Special Master, and was comfortable with the process and procedure. Class Counsel also informed me that Special Master Quinn had listened to and raised his allocation in *TFT-LCD*.

18.     I have no desire to delay the settlement and in fact early on made a reasonable request and offer to Class Counsel to work on and correct the errors in the Settlements, but was rebuked from any discussion.

19.     The Internet Archive is an organization which documents and saves for historic purposes websites as they existed on a particular dates in the past. The Internet Archive, a

501(c)(3) non-profit, building a digital library of Internet sites and other cultural artifacts in digital form. The Wayback Machine is an initiative of the Internet Archive. Attached hereto as **Exhibit E** is a true and correct copy of excerpts of the CPT CRT Notice website as it existed on 11.1.11 and was by me downloaded on 11.11.15 from the Internet Archive website http://archive.org/web/ See page 7 Question 17,

20.     I do not know, and have no recollection of every meeting or speaking with attorney Paul Justi, and deny ever working in concert with Mr. Paul Justi as implied in Class Counsel's papers.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 8th day of December, 2015.

/s/ Theresa D. Moore by JL

Theresa D. Moore

4
DECL OF THERESA D. MOORE ISO OPP TO IPPS' MOTION FOR FINAL APPROVAL OF THE
SETTLEMENTS AND REPLY TO CLASS COUNSEL'S OPPOSITION TO OBJECTIONS
Case No. 3:07-cv-5944 (JST), MDL No. 1917

# EXHIBIT A

EXHIBIT 1
IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Theresa Moore |
|---|---|
| Reporting Year | Inception through Present |

| Year | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2007 | $ 695.00 | 2.0 | 0.0 | 1.5 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.5 | 3.5 | 0.0 | 0.0 | 9.5 | $ 6,602.50 |
| 2008 | $ 725.00 | 17.5 | 2.0 | 1.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.0 | 56.1 | 0.0 | 0.0 | 78.7 | $ 57,057.50 |
| 2009 | $ 750.00 | 4.5 | 2.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 7.5 | 7.4 | 1.3 | 0.0 | 22.8 | $ 17,062.50 |
| 2010 | $ 750.00 | 4.3 | 1.2 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 4.5 | 12.3 | 0.0 | 0.0 | 22.3 | $ 16,687.50 |
| 2011 | $ 750.00 | 2.8 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1.0 | 5.4 | 2.2 | 0.0 | 11.4 | $ 8,550.00 |
| 2012 | $ 750.00 | 5.4 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.6 | 3.0 | 12.2 | 2.6 | 0.0 | 25.8 | $ 19,312.50 |
| 2013 | $ 775.00 | 5.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.5 | 2.5 | 8.7 | 1.0 | 0.0 | 19.8 | $ 15,345.00 |
| 2014 | $ 785.00 | 5.6 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 4.9 | 7.3 | 4.3 | 0.0 | 22.1 | $ 17,348.50 |
| 2015 | $ 795.00 | 2.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 3.0 | 0.0 | 9.1 | 4.0 | 0.0 | 18.1 | $ 14,397.45 |
| | | 49.2 | 5.3 | 2.6 | 0.0 | 0.0 | 0.0 | 0.0 | 8.1 | 27.9 | 122.0 | 15.4 | 0.0 | 230.4 | $ 172,363.45 |

STATUS:
(P)    Partner
(OC)   Of Counsel
(A)    Associate
(LC)   Law Clerk
(PL)   Paralegal
(I)    Investigator

CATEGORIES:
1 Attorney Meeting/Strategy
2 Court Appearance
3 Client Meeting
4 Draft Discovery Requests or Responses
5 Deposition Preparation
6 Attend Deposition - Conduct/Defend
7 Document Review
8 Experts - Work or Consult
9 Research
10 Motions/Pleadings
11 Settlement
12 Trial

**EXHIBIT B**

1  Theresa D. Moore (99978)
   Attorney At Law
2  c/o **ALIOTO LAW FIRM**
   One Sansome Street, 35th Floor
3  San Francisco, CA 94104
   Telephone: (415) 434-8900
4  Facsimile: (415) 434-9200
   tmoore@aliotolaw.com
5
   *Counsel for Indirect Purchaser Plaintiffs*
6

7

8

9

10

11
                    **UNITED STATES DISTRICT COURT**
12
                   **NORTHERN DISTRICT OF CALIFORNIA**
13
                       **SAN FRANCISCO DIVISION**
14

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944<br>MDL No. 1917 |
| | <u>**CLASS ACTION**</u> |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **DECLARATION OF THERESA D. MOORE IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS**<br><br>Judge:  Honorable Samuel Conti<br>Courtroom One, 17th Floor |

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1      I, Theresa Driscoll Moore, declare as follows:

2      1.      I am an attorney licensed to practice before the courts of the State of California as

3  well as the United States District Courts for the Northern, Eastern and Central Districts of

4  California, as well as admitted Pro Hoc Vice in Federal Courts throughout the nation.  I am Of

5  Counsel to the law firm of Alioto Law Firm, and make this Declaration in support of my own

6  personal work in this matter at bar, and not those of the Alioto Law Firm.  Any further request for

7  expenses or attorneys' fees from the Alioto Law Firm do not include my work in this case.  I have

8  personal knowledge of the facts stated in this declaration and, if called as a witness, I could and

9  would testify competently to them.  I make this declaration in support of my own request for

10  attorneys' fees and reimbursement of litigation expenses, as set forth in Plaintiffs' Application for

11  Attorneys' Fees, Expenses and Incentive Awards.

12      2.      I am counsel of record in this case, and represent plaintiffs Margaret Slagle, Mark

13  Pierce, Barbara Caldwell, Barry Kushner, Brian A. Luscher, Jerry Cook, Scott Friedson as well as

14  Indirect Purchaser Plaintiffs.  All of the work I have performed as counsel in this case is mine

15  alone.  A brief description of me and of my firm to which I am Of Counsel is attached as Exhibit 1

16  and incorporated herein by reference.

17      3.      I have been a trial lawyer for 34 years, as a Deputy District Attorney prosecuting

18  cases on behalf of the State of California, and in civil litigation prosecuting antitrust cases in

19  Federal and State Courts almost exclusively on behalf of antitrust plaintiffs. To date I have been

20  lead and/or co lead counsel in approximately 130 trials to verdict, having practiced both criminal

21  and civil litigation. I began my antitrust career with the Alioto Law Firm of Joseph M. Alioto in

22  1981 when I participated in my first antitrust trial. I then practiced as a Deputy District Attorney in

23  San Francisco for seven and one half years until returning to advocacy teaching and practice of

24  civil antitrust litigation at the Alioto Law Firm, where I remain today. I am a trial attorney

25  specializing in advocacy, and my substantive legal focus includes antitrust, unfair competition,

26  business, consumer and complex class actions. A representative sampling of my antitrust and class

27  action cases follows in paragraph 9.

28

1

DECLARATION OF THERESA D. MOORE IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
MDL 3:07-md-1827 SI

4.   I am a Judge Pro Tem for the State of California San Francisco Superior Court, since 1996.

5.   I am a distinguished Professor Adjunct in Trial/Evidence Practice at University of California Hastings College of the Law where I have been teaching trial advocacy since the 1995-1996 academic year.

6.   I have served on multiple occasions as Co-chair, Keynote Speaker, and Instructor at the National College of Advocacy, Intensive Advocacy Program, and multiple other associations.

7.   I have authored books and articles, the most recent were published this year in 2015 by Lexis Nexis and the National Institute of Trial Advocacy, consisting of two separate books on trial practice, and a third book is slated for publication in 2016, all as part of a series of Trial Practice books authored by me named "Trial By Fire".

8.   I am a Certified Mediator and a Special Master.  In my capacity as a negotiator and mediator I have successfully mediated approximately 150 cases for many private and government organizations, including the Federal Equal Employment Opportunity Commission, Multi-Option ADR Project, State of California First District Court of Appeal, Conflicts Resolution Center, San Francisco Superior Court and San Mateo County Courts, Bar and Community as a partial list.

9.   I studied at the Sorbonne and Institut d'Études Politiques de Paris in Paris, France, received my Bachelor of Arts from Santa Clara University, and my Juris Doctorate from University of California Hastings College of the Law.

A representative sample of my antitrust and class action cases includes:

- *AD/SAT v. Associated Press, et al.*-- antitrust litigation alleging illegal pricing U.S.D.C. S.D.N.Y.; Case No. 94-civ-6655 (PKL)

- *In Re: Airline Ticket Commission Antitrust Litigation*- antitrust class action alleging that the airlines conspired to fix travel agents' commission rates U.S.D.C. Minn Fourth Division; MDL Docket No. 1058 Master File No. 4-95 107 (all actions combined)

- *AD/SAT v. McClatchy Newspapers, Inc.*-- antitrust litigation alleging and illegal pricing conspiracy  U.S.D.C. for the Eastern District of California; Case No. CIV-S-95-1387 (DFL) (PAN)

- *Neve Brothers, et al. v. Potash Corporation of Saskatechewan, et al.*-- antitrust class action of inidrect purchasers of potash. Sup. Ct. CA S.F. Case No. 959767; Ct. App. CA, 1st Dist..

- *Notz et al v Ticketmaster-Southern Californai, Inc. et al.* --antitrust consumer class action alleging a territorial allocation in violation of the Cartwright Act Sup. Ct. CA S.F. Case No. 943-327

- *Cosmetics Antitrust Litigation*--antitrust class action alleging that manufacturers of prestige cosmetics and retail department stores conspired to prevent discounting of cosmetics   Sup. Ct CA Marin J.C.C.P. 4056; USDC N.D.CA No. 3:03 cv-03359 SBA

- *Automobile Antitrust Litigation* I, II  JCCP 4298 and 4303—antitrust statewide class action by indirect purchasers alleging a price fixing conspiracy. Sup.Ct. CA S.F; J.C.C.P. Nos. 004298, 004303;U.S.D.C. for the District of Maine; MDL 03-md-1532

- *Clayworth, et al. v. Pfizer, Inc., et al.*--antitrust action by indirect purchaser retail pharmacists alleging a price fixing conspiracy against major drug manufacturers Sup. Ct. CA Alameda Case No. 04172428

- *In Re Nasdaq Market Makers Antitrust Litigation* --antitrust nationwide class action alleging a price fixing conspiracy MDL 1023 94 Civ. 3996 (RWS)

3

DECLARATION OF THERESA D. MOORE IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 SC, MDL No. 1917

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- *Breaux v Agency Rent a Car;* --class action of employees of rental car company. *USDC N.D. CA*

- *In Re Tableware Litigation*-- antitrust action alleging illegal pricing and boycott U.S.D.C. Case No. C-04-3514 VRW

- *Tam Travel et al. v. Delta Airlines et al*-- antitrust action of opt outs from a class action alleging that the airlines conspired to fix travel agents' commission rates

- *In Re Verizon Wireless Data Charges Litigation*-- antitrust action alleging an illegal scheme of charging for data on mobile devices. *USDC 3:10-cv-01749*

- *In Re Optical Disc Drive Antitrust Litigation (ODD)*-- antitrust action alleging illegal conspiracy to fix the prices of optical disc drives used in electronic devices such as monitors and computers and other devices. *USDC ND CA Case No. MDL 02143*

- *Malaney v. United Airlines, Inc.*-- action under the Clayton Act alleging an illegal combination and merger of airlines  *USDC ND CA  Case No: 12-15182*

- *D' Augusta v. Northwest Airlines, Inc. and Delta Air Lines, Inc.,*--action under the Clayton Act alleging an illegal combination and merger of airlines *USDC ND CA 3:08-cv-3007*

- *In re Aftermarket Filters Antitrust Litigation*--antitrust action alleging illegal conspiracy of price fixing for replacement motor vehicle oil, fuel and engine air filters.  *USDC ND ILL 1:08-cv-04883*

- *Wayne Taleff, et al v. Southwest Airlines Co., et al.,*-- action under the Clayton Act alleging an illegal combination and merger of major airlines *USDC NDCA 11-16173*

- *Credit/Debit Card Tying Cases*-- represented the inventor of the credit card system as an objector to a class action settlement through a successful appeal California Superior Court, San Francisco J.C.C.P. 4335

- *RP Healthcare, Inc., et al. v. Pfizer, Inc., et al.,*-antitrust action alleging an illegal scheme to pay generics to not produce a drug in order to illegally keep the price at supracompetitive levels*. (USDC NJ)  MDL No. 3:12-cv-05129*

- *Fjord et al In Re AMR Corporation,* --antitrust Action for violations of Section 7 of the Clayton Antitrust Act *Case No: 11-15463*

- *In re TFT-LCD (Flat Panel) Antitrust Litigation*-- Co lead counsel; antitrust action alleging illegal conspiracy to fix the prices of LCDs used in TVs, tablets, and computer monitors *USDC ND CA Case No.  MDL 1827*

- *In Re Lipitor Antitrust Litigation,* --antitrust action of horizontal market allocations in the form of reverse payments to generics. (USDC) *MDL No. 2332*

10.     Throughout the course of this litigation, I have kept files contemporaneously documenting all time spent, including tasks performed, and expenses incurred, and have transmitted time reports to Lead Counsel.  All of the time and expenses reported were incurred for the benefit of the Indirect Purchaser Plaintiffs ("IPPs").

11.     During the course of this litigation, I have been involved in the following tasks and activities on behalf of the IPPs.  All of this work was assigned and/or approved by Lead Counsel.

5

DECLARATION OF THERESA D. MOORE IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 SC, MDL No. 1917

1   I have been involved in the CRT litigation from the earliest stages, including the initial

2   investigation of claims, research of the industry, and monitoring of the MDL process. My firm

3   interviewed clients and reviewed documentation in support of their claims. We kept them apprised

4   of developments throughout the case. From the beginning we have advised and counseled

5   regarding strategy and tactics of the litigation including areas of discovery, motion practice, trial,

6   and prospectively for administration of claims. I have drafted underlying complaints and motions,

7   and monitored all developments in the case for our clients. All consultation and review of

8   documents was performed to fulfill a current or expected project or role in the case, including

9   drafting, revising, and advising on memoranda, evidence and witnesses. I communicated with lead

10  and co counsel regarding status of the case, strategy of the case, assignments, discovery, witnesses,

11  law, motions, upcoming deadlines, and I investigated historical, financial and business research on

12  defendants.

13      12.     The schedule attached as Exhibit 2, and incorporated herein, is a detailed summary

14  of the amount of time spent by me alone and does not reflect the work or expenses of others.  It

15  does not include any time devoted to preparing this declaration or otherwise pertaining to the Joint

16  Fee Petition.  The lodestar calculation is based on figures lower than my historical billing rates in

17  effect at the time services were performed.  Exhibit 2 was prepared from contemporaneous time

18  records regularly prepared and maintained, and I authorize them to be submitted for inspection by

19  the Court if necessary.  The hourly rates were, at the time the work was performed, and are

20  currently, lower than the usual and customary hourly rates charged for my services in similar

21  complex litigation. In Exhibit 2 I have charged a rate reduced from my usual and customary rate at

22  the time.

23      13.     The total number of hours reasonably expended and presented herein on this

24  litigation by me from inception to May 31, 2015 is 230.4 hours.  The total lodestar at historical

25  rates is $172,363.45. The total lodestar at current rates is $183,168.00.  Expense items are not

26  duplicated in my lodestar.

27      14.     The expenses the firm incurred in litigating this action are reflected in the books

28

1    and records of the firm. These books and records are prepared from expense vouchers, invoices,

2    receipts, check records and other source materials and accurately reflect the expenses incurred.

3    The firm's expense records are available for inspection by the Court if necessary.

4              15.      My firm to which I am Of Counsel incurred unreimbursed expenses, all of which

5    were reasonable and necessary for the prosecution of this litigation, and the firm may request such

6    reimbursement separate and apart from me.

7              16.      Herein, I am not requesting reimbursement of any expenses.

8

9              I declare under penalty of perjury that the foregoing is true and correct.  Executed this 21st

10   day of August 2015, in San Francisco, CA.

11                                                                _____

12                                                                Theresa Driscoll Moore
                                                                   Attorney At Law
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

7

DECLARATION OF THERESA D. MOORE IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 SC, MDL No. 1917

# EXHIBIT 1



# Theresa Driscoll Moore, Adjunct Faculty

Adjunct Professor Theresa Moore was born and raised in San Francisco, California. She received her Bachelor of Arts from the University of Santa Clara in 1978 and her Juris Doctor from the University of California, Hastings College of the Law in 1981. She attended and studied political science/communications and language at UCLA and at the Sorbonne in Paris, France.

Professor Moore has been practicing law since 1981 and has been lead trial attorney in over 100 trials, both jury and court trials. She has practiced civil litigation in private practice and criminal litigation as a San Francisco District Attorney. Her present practice includes complex litigation, antitrust, consumer, employment, business, and juvenile. Having tried so many cases, both criminal and civil, she is intimately familiar with the court and litigation process. In addition to practicing civil litigation, Professor Moore is a Judge Pro Tem and a California Certified Mediator, as well as being a member of several Continuing Legal Education faculties. She has developed a special insight and unique ability in litigation by having participated in cases from all perspectives in her legal litigation career.

In addition, Professor Moore is very active as a volunteer in the San Francisco community, for both legal and charitable organizations. She lives with her husband, who is also a San Francisco native, and their three children in San Francisco. Her offices are located in the San Francisco financial district.

**Theresa D. Moore**

Ms. Moore specializes in trial practice and mediation.  Her substantive legal focus includes antitrust, unfair competition, business, consumer and complex class actions.  Ms. Moore has been representing antitrust plaintiffs with the Alioto Law Firm since 1981.  She has been lead counsel in over 100 trials, including civil and criminal trials as a Deputy District Attorney in San Francisco.

Ms. Moore is a Judge Pro Tem for the State of California in San Francisco Superior Court.  She is a distinguished Professor Adjunct in Trial Advocacy and Evidence at the University of California, Hastings College of Law.  She has served as keynote speaker and co-chair for the National College of Advocacy.

Ms. Moore is also a California Certified Mediator and Special Master.  She has successfully mediated approximately 150 cases for private and government organizations, including the Federal Equal Employments Opportunity Commission, Multi-Option ADR Project, State of California  First District Court of Appeal , Conflicts Resolution Center, San Francisco Superior Court, and the San Mateo County Courts.

Ms Moore received her Juris Doctor from the University of California, Hastings College of the Law in 1981.  She received her Bachelor of Arts from the University of Santa Clara in 1978.

Ms. Moore is admitted to practice in the State of California, as well as the United States District Courts for the Northern, Eastern and Central Districts of California.

A representative sample of Ms. Moore's class action and antitrust cases includes:

*AD/SAT v. Associated Press, et al.*-- antitirust litigation alleging illegal pricing U.S.D.C. S.D.N.Y.; Case No. 94-civ-6655 (PKL)

*In Re: Airline Ticket Commission Antitrust Litigation*- antitrust class action alleging that the airlines conspired to fix travel agents' commission rates U.S.D.C. Minn Fourth Division;MDL Docket No. 1058 Master File No. 4-95-107 (all actions combined)

*AD/SAT v. McClatchy Newspapers, Inc*.-- anititrust litigation alleging and illegal pricing conspiracy  U.S.D.C. for the Eastern District of California; Case No. CIV-S-95-1387 (DFL) (PAN)

*Neve Brothers, et al. v. Potash Corporation of Saskatechewan, et al.*--  antitrust class action of inidrect purchasers of potash. Sup. Ct. CA S.F. Case No. 959767; Ct. App. CA, 1st Dist..

*Notz et al v Ticketmaster-Southern Califorai, Inc. et al.* --antitrust consumer class action alleging a territorial allocation in violation of the Cartwright Act
Sup. Ct. CA S.F. Case No. 943-327

*Cosmetics Antitrust Litigation*--antitrust class action alleging that manufacturers of prestige cosmetics and retail department stores conspired to prevent discounting of cosmetics   Sup. Ct CA Marin J.C.C.P. 4056; USDC N.D.CA No. 3:03 cv-03359 SBA

*Automobile Antitrust Litigation* I, II  JCCP 4298 and 4303—antitrust statewide class action by indirect purchasers alleging a price fixing conspiracy. Sup.Ct. CA S.F; J.C.C.P. Nos. 004298, 004303;U.S.D.C. for the District of Maine; MDL 03-md-1532

*Clayworth, et al. v. Pfizer, Inc., et al*.--antitrust action by indirect purchaser retail pharmacists alleging a price fixing conspiracy. against major drug manufacturers
Sup. Ct. CA Alameda Case No. 04172428

*In Re Nasdaq Market Makers Antitrust Litigation* --antitrust nationwide class action alleging a price fixing conspiracy MDL 1023 94 Civ. 3996 (RWS)

*Breaux v Agency Rent a Car; USDC N.D. CA*--class action of employees of rental car company

*In Re Tableware Litigation;* antitrust action alleging illegal pricing and boycott U.S.D.C. Case No. C-04-3514 VRW





**Alioto Law Firm**
555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900  *Fax* (415) 434-9200  info@aliotolaw.com

| MISSION | HISTORY | CASES | INDUSTRIES | CONSULTING | CONTACT |

## - M i s s i o n -

The Alioto Law Firm is a true architect in the Antitrust arena. Its founder *Joseph M. Alioto* is a pioneer in prosecuting private plaintiff's antitrust actions. The Firm was founded upon a vision that competition is not a privilege, but rather a right of all businesses and individuals, great and small; and the right of all consumers to have the benefits of free competition. The Alioto Law Firm is steeped in a legacy of innovation, excellence, and ultimately, success and is committed to pursuing this proud tradition of equality and opportunity in the marketplace.

SITE DESIGN BY CREATIVE:MINT



**Alioto Law Firm**
555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900  *Fax* (415) 434-9200  info@aliotolaw.com

| MISSION | HISTORY | CASES | INDUSTRIES | CONSULTING | CONTACT |

## - H i s t o r y -

*Joseph M. Alioto* is an experienced trial attorney with an unprecedented successful legacy of antitrust actions in the United States.  Joseph M. Alioto has represented plaintiffs in some of the largest monetary judgments in the history of the Antitrust Laws and has argued before the United States Supreme Court. 

Mr. Alioto received his Juris Doctorate from the University of San Francisco School of Law in 1968, was admitted to practice before the Supreme Court of California in January 1969 and since that time has become a nationally acclaimed litigator. He has argued antitrust cases and is a member of or was admitted pro hac vice to the following United States Courts of Appeal for the following circuits:  the First Circuit in Boston, Massachusetts; the Second Circuit in New York, New York; the Third Circuit in Philadelphia, Pennsylvania; the Fourth Circuit in Richmond, Virginia; the Fifth Circuit in New Orleans, Louisiana; the Sixth

SITE DESIGN BY CREATIVE:MINT



**Alioto Law Firm**

555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900   *Fax* (415) 434-9200   info@aliotolaw.com

| MISSION | HISTORY | CASES | INDUSTRIES | CONSULTING | CONTACT |

## - H i s t o r y -

Circuit in New York, New York; the Third Circuit in Philadelphia, Pennsylvania; the Fourth Circuit in Richmond, Virginia; the Fifth Circuit in New Orleans, Louisiana; the Sixth Circuit in Cincinnati, Ohio; the Eighth Circuit in St. Louis, Missouri; the Ninth Circuit in San Francisco, Los Angeles and Pasadena, California; the Tenth Circuit in Denver, Colorado and Oklahoma City and appeals in antitrust decisions from Georgia before it split into the Eleventh Circuit.  He has prosecuted private antitrust actions in which he is either a member or was admitted pro hac vice in the following United States District Courts:  San Francisco, Sacramento, Los Angeles and San Diego, California, Boston, Massachusetts; New York, New York; Philadelphia, Pennsylvania; Newark and Trenton, New Jersey; Wilmington, Delaware; Alexandria, Virginia; Washington, D.C.; Lexington, Kentucky; Atlanta, Georgia; New Orleans, Louisiana; Dallas, Fort Worth, Amarillo, Sherman, Austin, San Antonio and Laredo, Texas; St. Louis, Missouri; Minneapolis, Minnesota; Chicago, Illinois; Detroit, Michigan; Cleveland/Youngstown, Ohio; Oklahoma City and Tulsa, Oklahoma; Wichita,

SITE DESIGN BY CREATIVE:MINT



**Alioto Law Firm**
555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900   *Fax* (415) 434-9200   info@aliotolaw.com

| MISSION | HISTORY | CASES | INDUSTRIES | CONSULTING | CONTACT |

## - H i s t o r y -



New Orleans, Louisiana; Dallas, Fort Worth, Amarillo, Sherman, Austin, San Antonio and Laredo, Texas; St. Louis, Missouri; Minneapolis, Minnesota; Chicago, Illinois; Detroit, Michigan; Cleveland/Youngstown, Ohio; Oklahoma City and Tulsa, Oklahoma; Wichita, Kansas; Albuquerque, New Mexico; Denver, Colorado; Salt Lake City, Utah; Boise, Idaho; Seattle/Tacoma, Washington; Portland, Oregon; Phoenix, Arizona; Las Vegas and Reno, Nevada; and Honolulu, Hawaii.  He has also prosecuted antitrust cases in the state courts.

In his distinguished career Joseph M. Alioto has represented independent companies and corporations of all sizes, farmers, inventors, patent holders, manufacturers, suppliers, wholesalers, retailers, distributors, unions, consumers, and entrepreneurs against foreign as well as domestic corporations.  The cases the Alioto Law Firm has tried have involved every major industry from manufacturing to service, trading to finance, supply to retail, transportation to mining, foreign and domestic.

SITE DESIGN BY CREATIVE:MINT



**Alioto Law Firm**
555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900   *Fax* (415) 434-9200   info@aliotolaw.com

| MISSION | HISTORY | CASES | INDUSTRIES | CONSULTING | CONTACT |

## - C a s e s -

The Alioto Law Firm has engaged over 350 antitrust cases, and has tried approximately one hundred antitrust trials in federal and state court involving issues relating to monopolization, attempts to monopolize, conspiracies to monopolize, price fixing, group boycotts, market and customer allocations, tie-in arrangements, exclusive dealing, commercial bribery, unlawful acquisitions and mergers, discriminatory pricing, predatory pricing, interlocking directorates, and other anti-competitive conduct.

These trials averaged between three weeks and seven months.

SITE DESIGN BY CREATIVE:MINT



**Alioto Law Firm**
555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900  *Fax* (415) 434-9200  info@aliotolaw.com

| MISSION | HISTORY | CASES | INDUSTRIES | CONSULTING | CONTACT |

## - I n d u s t r i e s -

The Alioto Law Firm's more than 350 antitrust cases have involved a number of industries including accounting, advertising, agricultural seeds and products, airlines, aluminum, appraisals, asphalt, automobiles, banking, barges, beef, beer, beets, brokerage, cable, casino advertising, cement, compact discs, computer batching, computers, construction, consumer electronic products, copyrights, corn wetmilling, cosmetics, crude oil, custom manufacturing, distilled spirits, distribution, electronic thermometers, electronics, entertainment, farm equipment, football, fructose, glass, golf and other sports restrictions, hardware and software, healthcare, heavy piping, hogs, hospitals, ice cream, insurance, intellectual property, international trading in commodities, iron production and distribution, lamb, livestock, medical equipment, medical insurance, medical supplies, minerals, milk, mining, mortgage banking, movie production, distribution and exhibition, moving and storage, network electronics, newspapers, oil, optic fibers, overhead doors, pacemakers, patents, peripheral manufacturers,



SITE DESIGN BY CREATIVE:MINT



**Alioto Law Firm**
555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900  *Fax* (415) 434-9200  info@aliotolaw.com

| MISSION | HISTORY | CASES | INDUSTRIES | CONSULTING | CONTACT |
|---|---|---|---|---|---|

## - I n d u s t r i e s -

newspapers, oil, optic fibers, overhead doors, pacemakers, patents, peripheral manufacturers, pharmaceuticals, photo-finishing, physicians, plastics, potatoes, potash, potato chips, processing, professionals and professional services, publishing, railroads, real estate, rental cars, retailing, refined oil, rendering, satellites manufacturing, services and equipment, securities, shipping, ship-to-shore telecommunication and satellites, soda ash, soft drinks, software, steam shipping, steel production and distribution, sugar, sugar beets, tax preparation, telephone, telecommunication, theaters, thoroughbred horses, tickets, tobacco, trademarks, trading, transcutaneous electronic nerve stimulator, travel industries, trucking, VCR's, veterinarians, wheat, wine, wool, and others.

Of these cases approximately 100 to 150 were published (mostly appeals).

SITE DESIGN BY CREATIVE:MINT



**Alioto Law Firm**
555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900  *Fax* (415) 434-9200  info@aliotolaw.com

| MISSION | HISTORY | CASES | INDUSTRIES | CONSULTING | CONTACT |

## - C o n s u l t i n g  &  T e s t i m o n y -



### CONSULTING

With its great depth and diverse experience in the antitrust arena, The Alioto Law Firm provides knowledgeable and practical advise on complex antitrust and unfair competition matters to both domestic and international clients. Joseph M. Alioto frequently consults on strategy and tactics for both plaintiffs as well as defendants and serves as a member on a number of boards.

### TESTIMONY

Due to Joseph M. Alioto's national recognition as one of the leading antitrust attorneys in the United States, he is frequently asked to give testimony related to pending antitrust legislation.  He has done so before the Judiciary Committee of the United States Senate, the Judiciary and Maritime Committees of the United States House of Representatives, the Judiciary Committee of the Senate and Assembly of the State of California.

SITE DESIGN BY CREATIVE:MINT



**Alioto Law Firm**
555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900  *Fax* (415) 434-9200   info@aliotolaw.com

| MISSION | HISTORY | CASES | INDUSTRIES | CONSULTING | CONTACT |

## - C o n s u l t i n g  &  T e s t i m o n y -

Mr. Alioto has also had national televised debates with United States Antitrust Division Chiefs, including William Baxter, Assistant Attorney General, Antitrust Division, on CNN, and Charles Rule, Assistant Attorney General, Antitrust Division on FNN, as well as being a guest on national programs such as "Hard Ball" with Christopher Matthews, the McNeil Lehrer Report and others. 

Mr. Alioto has given dozens of lectures at American Bar Associations, State Bar Associations, law schools, universities and symposiums on the antitrust laws.  His topics have varied from practical instruction, "How to Try an International Antitrust Case," to philosophical underpinnings of the antitrust laws, "Adam Smith Antitrust and the United States."

Mr. Alioto is frequently interviewed on radio and television and quoted in the written media, including national magazines and major national newspapers (*USA Today and Wall*

SITE DESIGN BY CREATIVE:MINT



**Alioto Law Firm**
555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900  *Fax* (415) 434-9200  info@aliotolaw.com

| MISSION | HISTORY | CASES | INDUSTRIES | CONSULTING | CONTACT |

## - C o n s u l t i n g   &   T e s t i m o n y -



Mr. Alioto has given dozens of lectures at American Bar Associations, State Bar Associations, law schools, universities and symposiums on the antitrust laws.  His topics have varied from practical instruction, "How to Try an International Antitrust Case," to philosophical underpinnings of the antitrust laws, "Adam Smith Antitrust and the United States."

Mr. Alioto is frequently interviewed on radio and television and quoted in the written media, including national magazines and major national newspapers *(USA Today and Wall Street Journal)* and major metropolitan newspapers throughout the country *(i.e., New York Times, Chicago Sun Times, Los Angeles Times, San Francisco Chronicle and Examiner, Washington Post, Dallas Morning News, Atlanta Constitution, Miami Herald, Denver Post, Boston Globe)*

TOP OF PAGE

SITE DESIGN BY CREATIVE:MINT

# ALIOTO LAW FIRM

1 SANSOME STREET, 35th FL
SAN FRANCISCO, CALIFORNIA  94104
(415) 434-8900 • FAX (415) 434-9200

---

**Joseph M. Alioto**

Joseph M. Alioto has prosecuted private antitrust cases for the last forty-six  years. He has tried and won more or as many antitrust cases as any other attorney in the  country. He has represented farmers, independent companies, inventors, patent holders, manufacturers, suppliers, wholesalers, retailers, distributors, unions, consumers, and entrepreneurs against foreign as well as domestic corporations.  Mr. Alioto's cases involve every major industry from manufacturing to service, trading to finance, supply to retail, transportation to mining, foreign and domestic.

## COURT MEMBERSHIP

Mr. Alioto has argued antitrust appeals on behalf of plaintiffs in the United States Supreme Court and all twelve Circuit Courts of Appeals.  He has represented antitrust plaintiffs in federal court in almost every state in the country.  He has appeared before the California Supreme Court, every California appellate district, and has tried cases in every major California city.

- United States Supreme Court

- United States Court of Appeals for the First Circuit
- United States Court of Appeals for the Second Circuit
- United States Court of Appeals for the Third Circuit
- United States Court of Appeals for the Fourth Circuit
- United States Court of Appeals for the Fifth Circuit
- United States Court of Appeals for the Sixth Circuit
- United States Court of Appeals for the Seventh Circuit
- United States Court of Appeals for the Eighth Circuit
- United States Court of Appeals for the Ninth Circuit
- United States Court of Appeals for the Tenth Circuit
- United States Court of Appeals for the Eleventh Circuit
- United States Court of Appeals for the District of Columbia Circuit

- United States District Courts, Pro Hac Vice:  Mr. Alioto has tried antitrust cases in the federal District Courts in some forty states including courts in New York, New York

Boston, Massachusetts; Atlanta, Georgia; Minneapolis, Minnesota; Wichita Kansas; Fort Worth, Dallas, and Amarillo, Texas; Las Vegas and Reno, Nevada; Boise, Idaho; Seattle/Tacoma, Washington; Salt Lake City, Utah; Honolulu, Hawaii; Phoenix, Arizona; Albuquerque, New Mexico; Philadelphia, Pennsylvania; and others.

## ANTITRUST CASES SINCE 1969

Since 1969, Mr. Alioto has represented antitrust plaintiffs in more than 300 cases involving various industries, including:

| | | | |
|---|---|---|---|
| Accounting | Computers | Mining | Satellites Services |
| Advertising | Construction | Mortgage Banking | and Equipment |
| Agriculture | Consumer | N.F.L. Football | Shipping |
| Air Transportation | Electronics | Newspapers | Soda Ash |
| Aluminum | Corn Wet Milling | Oil | Soft Drinks |
| Appraising | Cosmetics | Optic Fibers | Steam Shipping |
| Automobiles | Distilled Spirits | Overhead Doors | Telecomm. |
| Barges | Distribution | Pacemakers | Tickets |
| Cable Television | Farm Equipment | Peripheral Mftring | Trading |
| Cattle Ranching | Glass | Photo-Finishing | Travel Industries |
| Compact Discs | Health Care | Potash | Trucking |
| Computer | Hospitals | Potatoes | Wheat |
| Hardware | Ice Cream | Processing | Wool Mftring |
| Computer | Insurance | Professional Svcs. | and others |
| Network | Livestock | Publishing | |
| Computer | Medical Devices | Rendering | |
| Software | Milk | Retailing | |

## ANTITRUST TRIALS

Mr. Alioto has tried and won more or as many antitrust cases as any attorney in the country.  A sampling of his trials, which last anywhere from three weeks to seven months, include the following:

*Gary v. Shell* (Oil)
*Hallmark v. Reynolds* (Alumina)
*Treasure Valley Potato Growers v. Ore-Ida* (Potatoes)
*Fulhurst v. Maytag* (electronic ticketing)

*Chisholm v. International Harvester* (farm equipment)
*Kohn v. Maricopa Rendering* (rendering)
*De Voto v. Bankers Mortgage* (mortgage banking)
*Janich v. American Distilling* (distilled spirits)
*Bray v. Safeway Stores* (cattle/beef)
*Cointronics v. Burroughs* (computer processing)
*TwoDoor v. Overhead Door* (electronic doors)
*Kaplan v. Burroughs* (computer processing)
*Aloha Airlines v. Hawaiian Airlines* (passenger air transportation)
*Bubble-Up v. Coca-Cola* (soft drinks)
*Selton v. PT&T* (yellow page publishing)
*Dimmitt v. CPC International* (corn wet milling)
*Broadway v. UPS* (delivery/consolidation service)
*McDonald v. Johnson & Johnson* (TENS/pacemakers)
*Rickards v. CERF* (veterinarians)
*Adams Construction* (construction)
*Ringsby v. Consolidated Freightways* (long haul trucking)
*Lightwave v. Corning* (optic fiber)
*Metropolitan News v. Daily Journal* (newspaper publishing)
*Las Vegas Sun v. Summa Corp.* (advertising/publishing)
*Syufy v. American Theaters* (motion picture production and exhibition)
*Forro v. IBM* (computer/peripheral manufacturers)
*Amec v. Johnson & Johnson* (electronic medical equipment)
*Filco v. Amana* (consumer electronic sales)
*United States v. Rice Growers* (rice)
*Go-Video v. Matsushita* (VCRs)
*Blue Cross v. HCA* (hospitals/insurance)
*Southern Publishing v. Lesher Publishing* (newspapers)
*Rao v. S/T Hospitals* (physicians)
*Los Angeles Raiders v. NFL* (professional football)
*Baldareli v. H&R Block* (tax preparation)
*Latian v. Banco do Brasil* (foreign finance)
*Anderson v. Deloitte, Touche & Ross* (accounting)
*Montreal Trading v. MIC* (international potash trading)
*King v. National Benevolent Association* (real estate)
*Reilly v. Hearst Newspaper Corporation* (newspapers)
*Raiders v. National Football League* (football)
*IREF v. Arthur Andersen* (accounting)

*Joseph M. Alioto*                                              3

### TRIALS OF SPECIAL NOTE

Mr. Alioto has twice set the record for the largest judgments in the history of the Antitrust Laws:

- *Bray v. Safeway*, largest judgment in the history of the antitrust laws up to that date (1974, $32 million).

- *McDonald v. Johnson & Johnson*, largest judgment for individuals in the history of the antitrust laws up to that date (1981, $170 million).

### LECTURES ON ANTITRUST

Approximately 10-20 at American Bar Association, State Bar Associations, Law Schools, Symposia, etc.  Topics have varied from practical instruction (*e.g.* "How To Try An International Antitrust Case") to philosophical underpinning of the antitrust laws (*e.g.* "Adam Smith, Antitrust, and the United States.")

### CONGRESSIONAL TESTIMONY

- United States Senate, Judiciary Committee; United States Congress, Judiciary, Maritime Committees; California Senate

- United States Senate Judiciary Committee hearing regarding "Consolidation in the Oil and Gas Industry:  Raising Prices?"

### TELEVISED DEBATES WITH REAGAN/BUSH ADMINISTRATION DEPARTMENT OF JUSTICE CHIEFS

- William Baxter, Assistant Attorney General, Antitrust Division; CNN

- Charles Rule, Assistant Attorney General, Antitrust        Division; FNN

### ANTITRUST CASES REPORTED

The following is a list of Mr. Alioto's cases that have been published in official reporters, and it therefore represents only a small fraction of his historical case file.

*Joseph M. Alioto*                                                                                            4

1. *Texaco Inc. v. Dagher*, Nos. 04-805 & 04-814, SUPREME COURT OF THE UNITED STATES, 547 U.S. 1 (2006).

2. *AD/SAT v. AP*, Docket No. 96-7304, UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT, 181 F.3d 216 (1999)

3. *Alpha Lyracom Space Communs. v. COMSAT Corp.*, Docket No. 96-9283, UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT, 113 F.3d 372 (1997).

4. *Am. Channel, LLC v. Time Warner Cable, Inc.* , Civil No. 06-2175 (DWF/SRN) , UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA , 2007 U.S. Dist. LEXIS 3484 (2007).

5. *Assigned Container Ship Claims, Inc. v. American President Lines, Ltd.*, No. 85-1978, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 784 F.2d 1420 (1986).

6. *AT&T Corp. v. JMC Telecom, LLC*, No. 05-1304 , UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT , 470 F.3d 525 (2006).

7. *Azizian v. Federated Dep't Stores, Inc.*, No. C 03-3359 SBA , UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA (2006).

8. *Betz v. Trainer Wortham & Co.,* No. 05-15704, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT (2007).

9. *Black v. Acme Markets, Inc.*, No. 76-3040, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 564 F.2d 681 (1977).

10. *Cinema Service Corp. v. Twentieth Century-Fox Film Corp.*, Civ. A. No.  77-265 B, UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA, 477 F. Supp. 174 (1979).

11. *CSY Liquidating Corp. v. Harris Trust & Sav. Bank*, No. 96 C 1216, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION (1998).

12.  *Dollar Rent A Car Systems, Inc. v. Hertz Corp.*, No. C-75-2650-CBR, UNITED
STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,
434 F. Supp. 513 (1977).

13. *EEOC v. Local Union No. 38*, Civil Action No. C 73-0645 SC., United States District
Court for the Northern District of California. (1981).

14. *Enron Corp. Secs. v. Enron Corp.*, MDL-1446, CIVIL ACTION NO. H-01-3624,
CONSOLIDATED CASES , UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION , 439 F. Supp. 2d 692
(2006).

15. *Feinstein v. Nettleship Co. of Los Angeles*, Nos. 77-3998, 82-5698, UNITED STATES
COURT OF APPEALS FOR THE NINTH CIRCUIT, 714 F.2d 928 (1983).

16. *Gibson v. Greater Park City Co.*, Civil No. C-81-0823W., United States District Court
for the District of Utah, Central Division. (1984).

17. *Golden State Transit Corp. v. Los Angeles*, CA No. 83-5903, UNITED STATES
COURT OF APPEALS FOR THE NINTH CIRCUIT, 726 F.2d 1430 (1984).

18. *Go-Video v. Motion Picture Ass'n of Am.* (In re Dual-Deck Video Cassette Recorder
Antitrust Litig.), No. 92-15967, UNITED STATES COURT OF APPEALS FOR THE
NINTH CIRCUIT, 10 F.3d 693 (1993).

19. *Go-Video, Inc. v. Akai Electric Co.*, No. 88-2900, UNITED STATES COURT OF
APPEALS FOR THE NINTH CIRCUIT, 885 F.2d 1406 (1989).

20. *High Tech. Careers v. San Jose Mercury News*, CIVIL NO. 90-20579 SW, UNITED
STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA
(1994).

21. *Hilo v. BP Exploration & Oil*, No. 95-56545, UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT (1997).

22. *Hilo v. Exxon Corp.*, No. 92-56496, UNITED STATES COURT OF APPEALS FOR
THE NINTH CIRCUIT, 997 F.2d 641 (1993).

23. *Horizons International, Inc. v. Baldrige*, Nos. 86-1135, 86-1144, UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT, 811 F.2d 154 (1987).

24. *In re Airport Car Rental Antitrust Litigation*, No. 81-4399, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 693 F.2d 84 (1982).

25. *In re Beef Industry Antitrust Litigation*, MDL No.  248, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 542 F. Supp. 1122 (1982).

26. *In re Municipal Bond Reporting Antitrust Litigation*, No.  80-2012, UNITED STATES COURT OF APPEALS, FIFTH CIRCUIT, 672 F.2d 433 (1982).

27.  *In re Tableware Antitrust Litig.*, No C-04-3514 VRW , UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA  (2007).

28. *J.T. Gibbons, Inc. v. Crawford Fitting Co.*, Civ. A. No. 79-1127, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA, 565 F. Supp. 167 (1981).

29. *Jacobs v. G. Heileman Brewing Co.*, Civil Action No. 82-736, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE, 551 F. Supp. 639 (1982).

30. *Johnston v. IVAC Corp.*, No. 88-1639, UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT, 885 F.2d 1574 (1989).

31.  *Kalmanovitz v. G. Heileman Brewing Co.*, No. 84-5682, UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT, 769 F.2d 152 (1985).

32. *Lec Tec Corp. v. Johnson & Johnson*, Civil No. 3-81-644; Civil No. 4-79-189., United States District Court for the District of Minnesota, Fourth Division (1982).

33. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, Nos. 83-5907, 83-5908, 83-5909, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 791 F.2d 1356 (1986).

34. *McDonald v. Johnson & Johnson*, Civ. No.  4-79-189, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA, FOURTH DIVISION, 537 F. Supp. 1282 (1982)

35. *Montreal Trading, Ltd. v. Amax, Inc.*, No. 79-1999, UNITED STATES COURT OF APPEALS, TENTH CIRCUIT, 661 F.2d 864 (1981).

36. *National Ass'n of Review Appraisers & Mortgage Underwriters v. Appraisal Found.*, No. 94-2689, No. 94-3074, UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT, 64 F.3d 1130 (1995).

37. *Newby v. Enron Corp. (In re Enron Corp. Secs., Derivative & ERISA Litig.)*, MDL-1446, CIVIL ACTION NO. H-01-3624 CONSOLIDATED CASES , UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION (2007).

38. *Omni Resource Dev. Corp. v. Conoco, Inc.*, No. 82-4615, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 739 F.2d 1412 (1984).

39. *Ostrofe v. H. S. Crocker Co.*, No. 77-3985, UNITED STATES COURT OF APPEALS, NINTH CIRCUIT, 670 F.2d 1378 (1982).

40. *Overhead Door Corp. v. Nordpal Corp.*, No. 4-75-Civ. 523., United States District Court for the District of Minnesota, Fourth Division. (1978).

41. *Pabst Brewing Co. v. Kalmanovitz*, Civil Action No. 82-711, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE, 551 F. Supp. 882 (1982).

42. *Paramount Film Distributing Corp. v. Civic Center Theatre, Inc.*, Nos. 7565, 7566, 7573, 7585, UNITED STATES COURT OF APPEALS TENTH CIRCUIT, 333 F.2d 358 (1964).

43. *Phototron Corp. v. Eastman Kodak Co.*, No. 88-1128, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 842 F.2d 95 (1988).

44. *Reazin v. Blue Cross & Blue Shield, Inc.*, No. 85-6027-K, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS, 663 F. Supp. 1360 (1987).

45. *Reilly v. Medianews Group, Inc.*, No. C 06-04332 SI , UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA (2007).

46. *Spanish International Communications Corp., SIN, Inc. v. Leibowitz*, Case No. 84-0655-Civ-Aronovitz, UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, 608 F. Supp. 178 (1985).

47. *Stratmore v. Goodbody*, No. 88-5130, UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT, 866 F.2d 189; 1989 U.S. App. LEXIS 492 (1989).

48. *Syufy Enterprises v. National General Theatres, Inc.*, No. 76-2003, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 575 F.2d 233 (1978).

49. *Thornhill Pub. Co. v. General Tel. & Electronics Corp.*, No.  76-3428, UNITED STATES COURT OF APPEALS, NINTH CIRCUIT, 594 F.2d 730 (1979).

50. *Transeuro Amertrans Worldwide Moving & Relocations, Ltd. v. Conoco, Inc.*, No. 02-5174 , UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT , 95 Fed. Appx. 288 (2004).

51. *Traweek v. San Francisco*, No. C 83-5640 TEH, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 659 F. Supp. 1012 (1985).

52. *Turner v. Johnson & Johnson*, Civil Action No. 79-2259-MC, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS, 549 F. Supp. 807 (1982).

53. *Turner v. Johnson & Johnson*, Nos. 86-1211, 86-1212, UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT, 809 F.2d 90 (1986).

54. *Unioil, Inc. v. E.F. Hutton & Co.*, No. 85-6024, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 809 F.2d 548 (1986).

55. *United Ass'n Local 38 Pension Trust Fund v. Aetna Cas. & Sur. Co.*, No. 84-2667, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 790 F.2d 1428 (1986).

56. *United States v. G. Heileman Brewing Co.*, Civil Action No. 82-750, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE, 563 F. Supp. 642 (1983).

57. *Unocal Corp. v. Kaabipour*, No. 97-56324, No. 98-56216, No. 98-56631, No. 98-56365, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 177 F.3d 755 (1999).

58. *Wang & Wang, LLP v. Banco Do Brasil, S.A.*, No. Civ. S-06-00761 DFL KJM , UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA  (2007).

59.  *Zinser v. Continental Grain Co.*, Nos. 79-2296, 79-2310, UNITED STATES COURT OF APPEALS, TENTH CIRCUIT, 660 F.2d 754 (1981).

**Theresa D. Moore**

Ms. Moore specializes in trial practice and mediation.  Her substantive legal focus includes antitrust, unfair competition, business, consumer and complex class actions.  Ms. Moore has been representing antitrust plaintiffs with the Alioto Law Firm since 1981.  She has been lead counsel in over 100 trials, including civil and criminal trials as a Deputy District Attorney in San Francisco.

Ms. Moore is a Judge Pro Tem for the State of California in San Francisco Superior Court.  She is a distinguished Professor Adjunct in Trial Advocacy and Evidence at the University of California, Hastings College of Law.  She has served as keynote speaker and co-chair for the National College of Advocacy.

Ms. Moore is also a California Certified Mediator and Special Master.  She has successfully mediated approximately 150 cases for private and government organizations, including the Federal Equal Employments Opportunity Commission, Multi-Option ADR Project, State of California  First District Court of Appeal , Conflicts Resolution Center, San Francisco Superior Court, and the San Mateo County Courts.

Ms Moore received her Juris Doctor from the University of California, Hastings College of the Law in 1981.  She received her Bachelor of Arts from the University of Santa Clara in 1978.

Ms. Moore is admitted to practice in the State of California, as well as the United States District Courts for the Northern, Eastern and Central Districts of California.

A representative sample of Ms. Moore's class action and antitrust cases includes:

*AD/SAT v. Associated Press, et al.*-- antitirust litigation alleging illegal pricing
U.S.D.C. S.D.N.Y.; Case No. 94-civ-6655 (PKL)

*In Re: Airline Ticket Commission Antitrust Litigation*- antitrust class action alleging that the airlines conspired to fix travel agents' commission rates
U.S.D.C. Minn Fourth Division;MDL Docket No. 1058 Master File No. 4-95-107 (all actions combined)

*AD/SAT v. McClatchy Newspapers, Inc*.-- anititrust litigation alleging and illegal pricing conspiracy  U.S.D.C. for the Eastern District of California; Case No. CIV-S-95-1387 (DFL) (PAN)

*Neve Brothers, et al. v. Potash Corporation of Saskatechewan, et al.*--  antitrust class action of inidrect purchasers of potash.
Sup. Ct. CA S.F. Case No. 959767; Ct. App. CA, 1st Dist..

*Notz et al v Ticketmaster-Southern Califorani, Inc. et al.* --antitrust consumer class action
alleging a territorial allocation in violation of the Cartwright Act
Sup. Ct. CA S.F. Case No. 943-327

*Cosmetics Antitrust Litigation*--antitrust class action alleging that manufacturers of prestige
cosmetics and retail department stores conspired to prevent discounting of cosmetics   Sup. Ct
CA Marin J.C.C.P. 4056; USDC N.D.CA No. 3:03 cv-03359 SBA

*Automobile Antitrust Litigation* I, II  JCCP 4298 and 4303—antitrust statewide class action
by indirect purchasers alleging a price fixing conspiracy. Sup.Ct. CA S.F; J.C.C.P. Nos.
004298, 004303;U.S.D.C. for the District of Maine; MDL 03-md-1532

*Clayworth, et al. v. Pfizer, Inc., et al*.--antitrust action by indirect purchaser retail pharmacists
alleging a price fixing conspiracy. against major drug manufacturers
Sup. Ct. CA Alameda Case No. 04172428

*In Re Nasdaq Market Makers Antitrust Litigation* --antitrust nationwide class action alleging
a price fixing conspiracy MDL 1023 94 Civ. 3996 (RWS)

*Breaux v Agency Rent a Car; USDC N.D. CA*--class action of employees of rental car
company

*In Re Tableware Litigation;* antitrust action alleging illegal pricing and boycott U.S.D.C. Case
No. C-04-3514 VRW

**Angelina Alioto-Grace**

Mrs. Alioto-Grace is a general commercial litigator with a focus in antitrust, complex business tort, class action, intellectual property, unfair competition, and racial discrimination. Her experience includes both trial and appellate advocacy in the federal and state courts. Mrs. Alioto-Grace's responsibilities include all aspects of trial preparation from opening statement through argument. Additional pre-trial responsibilities include initiating pleadings, all phases of discovery, client retention and management, and settlement negotiation.

Mrs. Alioto-Grace is admitted to practice in the State of California, the State of New York, the Commonwealth of Massachusetts, the United States Supreme Court, the Ninth Circuit Court of Appeals, the United States District Court for the Northern District of California and the United States District Courts for the Southern and Eastern Districts of New York.

Mrs. Alioto-Grace is a former associate of Akin, Gump, Strauss, Hauer & Feld L.L.P. in New York, New York. She received her Juris Doctorate in 1995 from the Georgetown University Law Center. After law school, Mrs. Alioto-Grace clerked for the Office of the Counsel to the President of the United States.

**Thomas P. Pier**

    Mr. Pier practices antitrust litigation with the Alioto Law Firm.  He is admitted to practice in the State of California, as well as the United States District Court for the Northern District of California.  Since joining the Alioto Law Firm in 2005, Mr. Pier has been involved in antitrust litigation in the fields of transportation, communications, pharmaceuticals, and building controls.  Mr. Pier's primary responsibilities are in the coordination of discovery matters.

    Mr. Pier received a Juris Doctorate from the University of San Francisco in 2004.  Mr. Pier also received a Master of Arts in Journalism from the University of Texas, Austin in 2003, and a Bachelor of Arts in Public Policy from Brown University in 1995.

# EXHIBIT 2

EXHIBIT 1
IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Theresa Moore |
|---|---|
| Reporting Year | Inception through Present |

| Year | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2007 | $ 695.00 | 2.0 | 0.0 | 1.5 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.5 | 3.5 | 0.0 | 0.0 | 9.5 | $ 6,602.50 |
| 2008 | $ 725.00 | 17.5 | 2.0 | 1.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.0 | 56.1 | 0.0 | 0.0 | 78.7 | $ 57,057.50 |
| 2009 | $ 750.00 | 4.5 | 2.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 7.5 | 7.4 | 1.3 | 0.0 | 22.8 | $ 17,062.50 |
| 2010 | $ 750.00 | 4.3 | 1.2 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 4.5 | 12.3 | 0.0 | 0.0 | 22.3 | $ 16,687.50 |
| 2011 | $ 750.00 | 2.8 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1.0 | 5.4 | 2.2 | 0.0 | 11.4 | $ 8,550.00 |
| 2012 | $ 750.00 | 5.4 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.6 | 3.0 | 12.2 | 2.6 | 0.0 | 25.8 | $ 19,312.50 |
| 2013 | $ 775.00 | 5.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.5 | 2.5 | 8.7 | 1.0 | 0.0 | 19.8 | $ 15,345.00 |
| 2014 | $ 785.00 | 5.6 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 4.9 | 7.3 | 4.3 | 0.0 | 22.1 | $ 17,348.50 |
| 2015 | $ 795.00 | 2.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 3.0 | 0.0 | 9.1 | 4.0 | 0.0 | 18.1 | $ 14,397.45 |
| | | 49.2 | 5.3 | 2.6 | 0.0 | 0.0 | 0.0 | 0.0 | 8.1 | 27.9 | 122.0 | 15.4 | 0.0 | 230.4 | $ 172,363.45 |

STATUS:
(P) Partner
(OC) Of Counsel
(A) Associate
(LC) Law Clerk
(PL) Paralegal
(I) Investigator

CATEGORIES:
1 Attorney Meeting/Strategy
2 Court Appearance
3 Client Meeting
4 Draft Discovery Requests or Responses
5 Deposition Preparation
6 Attend Deposition - Conduct/Defend
7 Document Review
8 Experts - Work or Consult
9 Research
10 Motions/Pleadings
11 Settlement
12 Trial

EXHIBIT 1
IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Theresa Moore | | | | | | | | | | | | | | |
| Reporting Year | 2007 | | | | | | | | | | | | | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| T Moore/OC | $ 695.00 | 2.0 | | 1.5 | | | | | | 2.5 | 3.5 | | | 9.5 | $ 6,602.50 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 2.0 | 0.0 | 1.5 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.5 | 3.5 | 0.0 | 0.0 | 9.5 | $ 6,602.50 |

EXHIBIT 1
IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Theresa Moore |
| Reporting Year | 2008 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| T Moore/OC | $ 725.00 | 17.5 | 2.0 | 1.1 | | | | | | 2.0 | 56.1 | | | 78.7 | $ 57,057.50 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 17.5 | 2.0 | 1.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.0 | 56.1 | 0.0 | 0.0 | 78.7 | $ 57,057.50 |

EXHIBIT 1
IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Theresa Moore |
| Reporting Year | 2009 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| T.Moore/OC | $ 750.00 | 4.5 | 2.1 | | | | | | | 7.5 | 7.4 | 1.3 | | 22.8 | $ 17,062.50 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 4.5 | 2.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 7.5 | 7.4 | 1.3 | 0.0 | 22.8 | $ 17,062.50 |

EXHIBIT 1
IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Theresa Moore |
| Reporting Year | 2010 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| T Moore/OC | $ 750.00 | 4.3 | 1.2 | | | | | | | 4.5 | 12.3 | | | 22.3 | $ 16,687.50 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 4.3 | 1.2 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 4.5 | 12.3 | 0.0 | 0.0 | 22.3 | $ 16,687.50 |

EXHIBIT 1
IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Theresa Moore |
| Reporting Year | 2011 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| T Moore/OC | $ 750.00 | 2.8 | | | | | | | | 1.0 | 5.4 | 2.2 | | 11.4 | $ 8,550.00 |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | 2.8 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1.0 | 5.4 | 2.2 | 0.0 | 11.4 | $ 8,550.00 |

EXHIBIT 1
IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Theresa Moore |
| Reporting Year | 2012 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| T Moore/OC | $ 750.00 | 5.4 | | | | | | | 2.6 | 3.0 | 12.2 | 2.6 | | 25.8 | $ 19,312.50 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 5.4 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.6 | 3.0 | 12.2 | 2.6 | 0.0 | 25.8 | $ 19,312.50 |

EXHIBIT 1
IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Theresa Moore |
| Reporting Year | 2013 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| T Moore/OC | $ 775.00 | 5.1 | | | | | | | 2.5 | 2.5 | 8.7 | 1.0 | | 19.8 | $ 15,345.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | 5.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.5 | 2.5 | 8.7 | 1.0 | 0.0 | 19.8 | $ 15,345.00 |

EXHIBIT 1
IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Theresa Moore |
| Reporting Year | 2014 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| T Moore/OC | $ 785.00 | 5.6 | | | | | | | | 4.9 | 7.3 | 4.3 | | 22.1 | $ 17,348.50 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 5.6 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 4.9 | 7.3 | 4.3 | 0.0 | 22.1 | $ 17,348.50 |

EXHIBIT 1
IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Therea Moore |
| Reporting Year | 2015 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| T Moore/OC | $ 795.00 | 2.0 | | | | | | | 3.0 | | 9.1 | 4.0 | | 18.1 | $ 14,397.45 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 2.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 3.0 | 0.0 | 9.1 | 4.0 | 0.0 | 18.1 | $ 14,397.45 |

**EXHIBIT C**

| From: | **Lauren Capurro (Russell)** LaurenRussell@tatp.com |
|---|---|
| Subject: | In Re: Cathode Ray Tube (CRT) Antitrust Litig., MDL No. 1917/Filing Claims from Settlement Fund |
| Date: | August 24, 2015 at 6:26 PM |
| To: | wjonckheer@schubertlawfirm.com,   dhoward@minamitamaki.com,   **Sean Tamura-Sato** seant@MinamiTamaki.com, |
| | **Richard Horsley** richardhorsley@gmail.com,   **Christy Crow** cdc@jinkslaw.com,   **Alexander E. Barnett** abarnett@masonlawdc.com, |
| | **Bob Gralewski** bgralewski@kmllp.com,   **Brent Irby** birby@mhcilaw.com,   **Brian Sund** BSund@morrisonsund.com, |
| | bribarry1@yahoo.com,   **Bruce Mulkey** bruce@mulkeylaw.com,   CCORBITT@zelle.com,   **Charles M. Kester** cmkester@nwark.com, |
| | **Christopher T. Micheletti** CMicheletti@zelle.com,   **Christy Crow** CCrow@jinkslaw.com,   clovell@lshllp.com, |
| | craigessenmacher@yahoo.com,   **D. Syrios** dsyrios@ademilaw.com,   **Dan Gustafson** dgustafson@gustafsongluek.com, |
| | **Daniel Hume** dhume@kmllp.com,   **Daniel Karon** dkaron@karonllc.com,   **David Freedman** daf@fbdlaw.com, |
| | dbirkhaeuser@bramsonplutzik.com,   **Dennis J. Stewart** dstewart@hulettharper.com,   **Diane Pritchard** dpritchard@vmbllp.com, |
| | **Donald Amamgbo** donald@amamgbolaw.com,   **Donald Perelman** dperelman@finekaplan.com,   **Donna Solen** |
| | dsolen@masonlawdc.com,   **Eric Hoagland** ehoagland@mhcilaw.com,   **Eric Pickar** epickar@bangsmccullen.com,   **Francis Scarpulla** |
| | fos@scarpullalaw.com,   **Frank Balint** fbalint@bffb.com,   **Guri Ademi** gademi@ademilaw.com,   **Ike Diel** idiel@sharpmcqueen.com, |
| | **James H. McManis** jmcmanis@mcmanislaw.com,   **Janelle Welling** gw@classcounsel.com,   **Jeff Crabtree** |
| | lawyer@consumerlaw.com,   **Jeffrey Bartos** jbartos@geclaw.com,   **Jennie Lee Anderson** jennie@andrusanderson.com, |
| | **Joe Goldberg** jg@FBDLAW.com,   **Joel Flom** joel@jeffrieslaw.com,   **Joel Smith** joelpsmith@bellsouth.net,   **John D. Bogdanov** |
| | jdb@coopkirk.com,   **John G. Felder, Jr.** jfelder@mcgowanhood.com,   **Josef D. Cooper** jdc@coopkirk.com,   jpatane@tatp.com, |
| | jzahid@zelle.com,   **Kit Belt** keithb@beltlawfirm.com,   knarine@kbnlaw.com,   kvalinoti@valinoti-dito.com,   laurenrussell@tatp.com |
| | ,   **LGPapale**@Papalelaw.com,   malioto@tatp.com,   **Marvin A. Miller** mmiller@millerlawllc.com,   **Marwa Elzankaly** |
| | melzankaly@mcmanislaw.com,   **Mary Kirkpatrick** mkirk@vtlawfirm.com,   **Matthew Duncan** md@finekaplan.com, |
| | msimon@facslaw.com,   ncihlar@straus-boies.com,   **Paul Novak** pnovak@milberg.com,   ReggieT2@aol.com,   **Robert Bonsignore** |
| | rbonsignore@aol.com,   **Robert Bonsignore** rbonsignore@classactions.us,   **Robert G. Methvin** rgm@mmlaw.net,   **Robert Gerard** |
| | rgerard@gerardlaw.com,   **Robert Pohlman** rpohlman@rcalaw.com,   **Robert S. Green** rsg@classcounsel.com,   **Rodney Ray** |
| | rray@fordraylaw.com,   **S. Randall Hood** rhood@mcgowanhood.com,   sademi@ademilaw.com,   **Seymour J. Mansfield** |
| | smansfield@foleymansfield.com,   **Sheri Carter** scarter@straus-boies.com,   **Sherman Kassof** heevay@yahoo.com, |
| | skupfer@glancylaw.com,   **Sylvie Kern** sylviekern@yahoo.com,   terry@grossbelsky.com,   **Theresa Moore** tmoore@aliotolaw.com, |
| | **Thomas A. Doyle** TAD@wexlerwallace.com,   **Timothy Battin** tbattin@straus-boies.com,   **Veronica Besmer** |
| | veronica@besmerlaw.com,   **W. Timothy Needham** tneedham@janssenlaw.com |
| Cc: | malioto@tatp.com,   jpatane@tatp.com |

Dear Counsel:

I am pleased to inform you that notice of the CRT Settlements has been published in accordance with the notice plan approved by the Court, and that class members may now file claims on the settlement website. www.CRTclaims.com.  I've attached copies of the published Notices.  We ask that you please make sure that the named plaintiffs, and any of your other clients who purchased CRT televisions or computer monitors during the class period, file claims.  **It is very important that each of the named plaintiffs file a claim.**  We also encourage you to tell your friends, family members and other acquaintances and encourage them to file claims too.  The claim form does not require proof of purchase, and we anticipate paying each claimant a minimum of $25.

There is a simple online claim form, which is available on the website and should only take a few minutes for an individual consumer to complete and submit.   This is the easiest and fastest method to submit a claim.  The claim form can also be downloaded from the website and completed in hard copy and submitted by mail.  I've also attached a copy of the claim form here.

There is a list of Frequently Asked Questions and responses on the website that should answer any questions that you or potential claimants may have.

Thank you for your assistance in making sure that the settlement funds are properly paid to the consumer class members who were injured by the CRT conspiracy.

Best regards,

Lauren

Lauren C. Capurro (Russell)
Attorney at Law
Trump, Alioto, Trump & Prescott, LLP
2280 Union Street
San Francisco, CA 94123
Tel: (415) 563-7200
Direct line: (415) 447-1496
Cell: (415) 860-5051
Fax: (415) 346-0679
E-mail: laurenrussell@tatp.com

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by email and delete the message and any attachments.

**If You Bought Televisions, Computer Monitors** or Other Products Containing **Cathode Ray Tubes** Get Money from **$576.75 Million in Settlements** Simple Online

**Class action settlements** have been reached involving Cathode Ray Tubes ("CRTs"), a display device that was sold by itself or as the main component in TVs and computer monitors. The lawsuit claims that the Defendants fixed the prices of CRTs causing consumers to pay more for CRTs and products containing CRTs, such as TVs and computer monitors (collectively "CRT Products"). The Defendants deny Plaintiffs' allegations.

**Who is included in the Settlements?**

Individuals and businesses that:

- Purchased a CRT or a product containing a CRT, such as a TV or computer monitor, in the United States (except Illinois, Washington and Oregon) between March 1, 1995 and November 25, 2007;
- For their own use and not for resale.

Purchases made directly from a defendant or alleged co-conspirator are not included (see the list of defendants and alleged co-conspirators at **www.CRTclaims.com** or by calling 1-800-649-0963).

**What do the Settlements provide?**

There are six new Settlements totaling $541.75 million. Together with the two previously-approved settlements, the Settlement Fund is $576.75 million. Only individuals and businesses who purchased CRT Products in AZ, CA, FL, HI, IA, KS, ME, MI, MN, MS, NE, NV, NM, NY, NC, ND, SD, TN, VT, WV, WI, or the District of Columbia, are eligible to file a claim for money. HI, NE and NV have shorter claims periods. The purchase must have been made in one of the foregoing states, but you do not have to be a resident of one of these states. The Settlements release the injunctive relief claims of purchasers of CRT Products nationwide.

The amount of money you will receive depends on the type and quantity of CRT Products you purchased and the total number of claims made. Eligible individuals and businesses are expected to get a minimum payment of $25. Large purchasers could recover many thousands of dollars.

**How can I get a payment?**

Claim online or by mail by **December 7, 2015**. The simple online Claim Form only takes 3-5 minutes for most individuals.

**What are my rights?**

If you do nothing you will be bound by the Court's decisions. If you

| **Claim Form Takes 3-5 Minutes** | want to keep your right to sue the Defendants, you must exclude yourself from the Settlement Class by **October 8, 2015**. If you stay in the Settlement Class, you may object to the Settlements by **October 8, 2015**.

The Court will hold a hearing on **November 13, 2015 at 10:00 a.m.** to consider whether to approve the Settlements and a request for attorneys' fees up to one-third of the Settlement Fund, plus reimbursement of litigation expenses and awards to Class Representatives. This date may change so please check the website. You or your own lawyer may appear and speak at the hearing at your own expense. |
| **For More Information:** | **1-800-649-0963  www.CRTclaims.com**
**Text: "CRTclaims" to 97000** (text messaging rates may apply)
**PLEASE DO NOT CONTACT THE COURT** |



CRT-Notice.pdf



CRT_CLAIM_FORM_Final.pdf

# EXHIBIT D

1  Theresa D. Moore (99978)
   Attorney At Law
2  c/o **ALIOTO LAW FIRM**
   One Sansome Street, 35th Floor
3  San Francisco, CA 94104
   Telephone: (415) 434-8900
4  Facsimile: (415) 434-9200
   tmoore@aliotolaw.com
5
   *Counsel for Indirect Purchaser Plaintiffs*
6

7

8

9

10

11
                    **UNITED STATES DISTRICT COURT**
12
                   **NORTHERN DISTRICT OF CALIFORNIA**
13
                      **SAN FRANCISCO DIVISION**
14
   **IN RE: CATHODE RAY TUBE (CRT)**      Case No. 3:07-cv-5944
15 **ANTITRUST LITIGATION**               MDL No. 1917

16                                        <u>**CLASS ACTION**</u>

17 _____           **DECLARATION OF THERESA D. MOORE IN**
                                          **SUPPORT OF PLAINTIFFS' APPLICATION**
18 This Document Relates to:              **FOR ATTORNEYS' FEES, EXPENSES AND**
                                          **INCENTIVE AWARDS**
   All Indirect Purchaser Actions
19
                                          Judge:  Honorable Samuel Conti
20                                        Courtroom One, 17th Floor

21

22

23

24

25

26

27

28

I, Theresa Driscoll Moore, declare as follows:

1.      I am an attorney licensed to practice before the courts of the State of California as well as the United States District Courts for the Northern, Eastern and Central Districts of California, as well as admitted Pro Hoc Vice in Federal Courts throughout the nation.  I am Of Counsel to the law firm of Alioto Law Firm, and make this Declaration in support of my own personal work in this matter at bar, and not those of the Alioto Law Firm.  Any further request for expenses or attorneys' fees from the Alioto Law Firm do not include my work in this case.  I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to them.  I make this declaration in support of my own request for attorneys' fees and reimbursement of litigation expenses, as set forth in Plaintiffs' Application for Attorneys' Fees, Expenses and Incentive Awards.

2.      I am counsel of record in this case, and represent plaintiffs Margaret Slagle, Mark Pierce, Barbara Caldwell, Barry Kushner, Brian A. Luscher, Jerry Cook, Scott Friedson as well as Indirect Purchaser Plaintiffs.  All of the work I have performed as counsel in this case is mine alone.  A brief description of me and of my firm to which I am Of Counsel is attached as Exhibit 1 and incorporated herein by reference.

3.      I have been a trial lawyer for 34 years, as a Deputy District Attorney prosecuting cases on behalf of the State of California, and in civil litigation prosecuting antitrust cases in Federal and State Courts almost exclusively on behalf of antitrust plaintiffs. To date I have been lead and/or co lead counsel in approximately 130 trials to verdict, having practiced both criminal and civil litigation. I began my antitrust career with the Alioto Law Firm of Joseph M. Alioto in 1981 when I participated in my first antitrust trial. I then practiced as a Deputy District Attorney in San Francisco for seven and one half years until returning to advocacy teaching and practice of civil antitrust litigation at the Alioto Law Firm, where I remain today. I am a trial attorney specializing in advocacy, and my substantive legal focus includes antitrust, unfair competition, business, consumer and complex class actions. A representative sampling of my antitrust and class action cases follows in paragraph 9.

4.    I am a Judge Pro Tem for the State of California San Francisco Superior Court, since 1996.

5.    I am a distinguished Professor Adjunct in Trial/Evidence Practice at University of California Hastings College of the Law where I have been teaching trial advocacy since the 1995-1996 academic year.

6.    I have served on multiple occasions as Co-chair, Keynote Speaker, and Instructor at the National College of Advocacy, Intensive Advocacy Program, and multiple other associations.

7.    I have authored books and articles, the most recent were published this year in 2015 by Lexis Nexis and the National Institute of Trial Advocacy, consisting of two separate books on trial practice, and a third book is slated for publication in 2016, all as part of a series of Trial Practice books authored by me named "Trial By Fire".

8.    I am a Certified Mediator and a Special Master.  In my capacity as a negotiator and mediator I have successfully mediated approximately 150 cases for many private and government organizations, including the Federal Equal Employment Opportunity Commission, Multi-Option ADR Project, State of California First District Court of Appeal, Conflicts Resolution Center, San Francisco Superior Court and San Mateo County Courts, Bar and Community as a partial list.

9.    I studied at the Sorbonne and Institut d'Études Politiques de Paris in Paris, France, received my Bachelor of Arts from Santa Clara University, and my Juris Doctorate from University of California Hastings College of the Law.

A representative sample of my antitrust and class action cases includes:

- *AD/SAT v. Associated Press, et al.*-- antitrust litigation alleging illegal pricing U.S.D.C. S.D.N.Y.; Case No. 94-civ-6655 (PKL)

- *In Re: Airline Ticket Commission Antitrust Litigation*- antitrust class action alleging that the airlines conspired to fix travel agents' commission rates U.S.D.C. Minn Fourth Division; MDL Docket No. 1058 Master File No. 4-95 107 (all actions combined)

2

DECLARATION OF THERESA D. MOORE IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 SC, MDL No. 1917

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- *AD/SAT v. McClatchy Newspapers, Inc.*-- antitrust litigation alleging and illegal pricing conspiracy  U.S.D.C. for the Eastern District of California; Case No. CIV-S-95-1387 (DFL) (PAN)

- *Neve Brothers, et al. v. Potash Corporation of Saskatechewan, et al.*-- antitrust class action of inidrect purchasers of potash. Sup. Ct. CA S.F. Case No. 959767; Ct. App. CA, 1st Dist..

- *Notz et al v Ticketmaster-Southern Californai, Inc. et al.* --antitrust consumer class action alleging a territorial allocation in violation of the Cartwright Act Sup. Ct. CA S.F. Case No. 943-327

- *Cosmetics Antitrust Litigation*--antitrust class action alleging that manufacturers of prestige cosmetics and retail department stores conspired to prevent discounting of cosmetics   Sup. Ct CA Marin J.C.C.P. 4056; USDC N.D.CA No. 3:03 cv-03359 SBA

- *Automobile Antitrust Litigation* I, II  JCCP 4298 and 4303—antitrust statewide class action by indirect purchasers alleging a price fixing conspiracy. Sup.Ct. CA S.F; J.C.C.P. Nos. 004298, 004303;U.S.D.C. for the District of Maine; MDL 03-md-1532

- *Clayworth, et al. v. Pfizer, Inc., et al.*--antitrust action by indirect purchaser retail pharmacists alleging a price fixing conspiracy against major drug manufacturers Sup. Ct. CA Alameda Case No. 04172428

- *In Re Nasdaq Market Makers Antitrust Litigation* --antitrust nationwide class action alleging a price fixing conspiracy MDL 1023 94 Civ. 3996 (RWS)

DECLARATION OF THERESA D. MOORE IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 SC, MDL No. 1917

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- *Breaux v Agency Rent a Car;* --class action of employees of rental car company. *USDC N.D. CA*

- *In Re Tableware Litigation*-- antitrust action alleging illegal pricing and boycott U.S.D.C. Case No. C-04-3514 VRW

- *Tam Travel et al. v. Delta Airlines et al*-- antitrust action of opt outs from a class action alleging that the airlines conspired to fix travel agents' commission rates

- *In Re Verizon Wireless Data Charges Litigation*-- antitrust action alleging an illegal scheme of charging for data on mobile devices. *USDC 3:10-cv-01749*

- *In Re Optical Disc Drive Antitrust Litigation (ODD)*-- antitrust action alleging illegal conspiracy to fix the prices of optical disc drives used in electronic devices such as monitors and computers and other devices. *USDC ND CA Case No. MDL 02143*

- *Malaney v. United Airlines, Inc.*-- action under the Clayton Act alleging an illegal combination and merger of airlines  *USDC ND CA  Case No: 12-15182*

- *D' Augusta v. Northwest Airlines, Inc. and Delta Air Lines, Inc.,*--action under the Clayton Act alleging an illegal combination and merger of airlines *USDC ND CA 3:08-cv-3007*

- *In re Aftermarket Filters Antitrust Litigation*--antitrust action alleging illegal conspiracy of price fixing for replacement motor vehicle oil, fuel and engine air filters.  *USDC ND ILL 1:08-cv-04883*

4

DECLARATION OF THERESA D. MOORE IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 SC, MDL No. 1917

- *Wayne Taleff, et al v. Southwest Airlines Co., et al.,*-- action under the Clayton Act alleging an illegal combination and merger of major airlines *USDC NDCA 11-16173*

- *Credit/Debit Card Tying Cases*-- represented the inventor of the credit card system as an objector to a class action settlement through a successful appeal California Superior Court, San Francisco J.C.C.P. 4335

- *RP Healthcare, Inc., et al. v. Pfizer, Inc., et al.,*-antitrust action alleging an illegal scheme to pay generics to not produce a drug in order to illegally keep the price at supracompetitive levels. *(USDC NJ)  MDL No. 3:12-cv-05129*

- *Fjord et al In Re AMR Corporation,* --antitrust Action for violations of Section 7 of the Clayton Antitrust Act *Case No: 11-15463*

- *In re TFT-LCD (Flat Panel) Antitrust Litigation*-- Co lead counsel; antitrust action alleging illegal conspiracy to fix the prices of LCDs used in TVs, tablets, and computer monitors *USDC ND CA Case No.  MDL 1827*

- *In Re Lipitor Antitrust Litigation,* --antitrust action of horizontal market allocations in the form of reverse payments to generics. (USDC) *MDL No. 2332*

10.  Throughout the course of this litigation, I have kept files contemporaneously documenting all time spent, including tasks performed, and expenses incurred, and have transmitted time reports to Lead Counsel.  All of the time and expenses reported were incurred for the benefit of the Indirect Purchaser Plaintiffs ("IPPs").

11.  During the course of this litigation, I have been involved in the following tasks and

activities on behalf of the IPPs.  All of this work was assigned and/or approved by Lead Counsel.

I have been involved in the CRT litigation from the earliest stages, including the initial investigation of claims, research of the industry, and monitoring of the MDL process. My firm interviewed clients and reviewed documentation in support of their claims. We kept them apprised of developments throughout the case. From the beginning we have advised and counseled regarding strategy and tactics of the litigation including areas of discovery, motion practice, trial, and prospectively for administration of claims. I have drafted underlying complaints and motions, and monitored all developments in the case for our clients. All consultation and document review of pleadings, motions etc. was performed to fulfill a current or expected project or role in the case, including drafting, revising, and advising on memoranda, evidence and witnesses. I communicated with lead and co counsel regarding status of the case, strategy of the case, assignments, discovery, witnesses, law, motions, upcoming deadlines, and I investigated historical, financial and business research on defendants.

12.     The schedule attached as Exhibit 2, and incorporated herein, is a detailed summary of the amount of time spent by me alone and does not reflect the work or expenses of others.  It does not include any time devoted to preparing this declaration or otherwise pertaining to the Joint Fee Petition.  The lodestar calculation is based on figures lower than my historical billing rates in effect at the time services were performed.  Exhibit 2 was prepared from contemporaneous time records regularly prepared and maintained, and I authorize them to be submitted for inspection by the Court if necessary.  The hourly rates were, at the time the work was performed, and are currently, lower than the usual and customary hourly rates charged for my services in similar complex litigation. In Exhibit 2 I have charged a rate reduced from my usual and customary rate at the time.

13.     The number of hours reasonably expended and presented herein from 2007-2008 by me is 33.25 hours.  The lodestar at historical rates is $22.918.75.  The lodestar at current rates is $24,106.25. Lead counsel requests that I discount and submit time only for 2007-2008 at reduced rate and hours of 33.25 hours, which I do herein.  Expense hours are not duplicated in my lodestar.

14.     The total number of I hours reasonably expended on this from inception to May 31, 2015 is 230.4 hours.  Over the entire 9 year prosecution of the case my time expended was not duplicative or wasteful, and was necessary to abide by my ethical duties as representing multiple clients. The total lodestar at historical rates is $172,363.45. The total lodestar at current rates is $183,168.00. The hours expended by me were for the benefit of my clients and the class. Exhibit 2 reflects my time so reduced, but my actual time, effort, and lodestar for which I do apply herein is reflected in the pre-discounted hours and lodestar as described herein.

15.     The expenses the firm incurred in litigating this action are reflected in the books and records of the firm. These books and records are prepared from expense vouchers, invoices, receipts, check records and other source materials and accurately reflect the expenses incurred. The firm's expense records are available for inspection by the Court if necessary.

16.     My firm to which I am Of Counsel incurred unreimbursed expenses, all of which were reasonable and necessary for the prosecution of this litigation, and the firm may request such reimbursement separate and apart from me.

17.     Herein, I am not requesting reimbursement of any expenses.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 28th day of August 2015, in San Francisco, CA.

_Theresa D. Moore_
Theresa Driscoll Moore
Attorney At Law

DECLARATION OF THERESA D. MOORE IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 SC, MDL No. 1917

# EXHIBIT 1



# Theresa Driscoll Moore, Adjunct Faculty

Adjunct Professor Theresa Moore was born and raised in San Francisco, California. She received her Bachelor of Arts from the University of Santa Clara in 1978 and her Juris Doctor from the University of California, Hastings College of the Law in 1981. She attended and studied political science/communications and language at UCLA and at the Sorbonne in Paris, France.

Professor Moore has been practicing law since 1981 and has been lead trial attorney in over 100 trials, both jury and court trials. She has practiced civil litigation in private practice and criminal litigation as a San Francisco District Attorney. Her present practice includes complex litigation, antitrust, consumer, employment, business, and juvenile. Having tried so many cases, both criminal and civil, she is intimately familiar with the court and litigation process. In addition to practicing civil litigation, Professor Moore is a Judge Pro Tem and a California Certified Mediator, as well as being a member of several Continuing Legal Education faculties. She has developed a special insight and unique ability in litigation by having participated in cases from all perspectives in her legal litigation career.

In addition, Professor Moore is very active as a volunteer in the San Francisco community, for both legal and charitable organizations. She lives with her husband, who is also a San Francisco native, and their three children in San Francisco. Her offices are located in the San Francisco financial district.

**Theresa D. Moore**

Ms. Moore specializes in trial practice and mediation.  Her substantive legal focus includes antitrust, unfair competition, business, consumer and complex class actions.  Ms. Moore has been representing antitrust plaintiffs with the Alioto Law Firm since 1981.  She has been lead counsel in over 100 trials, including civil and criminal trials as a Deputy District Attorney in San Francisco.

Ms. Moore is a Judge Pro Tem for the State of California in San Francisco Superior Court.  She is a distinguished Professor Adjunct in Trial Advocacy and Evidence at the University of California, Hastings College of Law.  She has served as keynote speaker and co-chair for the National College of Advocacy.

Ms. Moore is also a California Certified Mediator and Special Master.  She has successfully mediated approximately 150 cases for private and government organizations, including the Federal Equal Employments Opportunity Commission, Multi-Option ADR Project, State of California  First District Court of Appeal , Conflicts Resolution Center, San Francisco Superior Court, and the San Mateo County Courts.

Ms Moore received her Juris Doctor from the University of California, Hastings College of the Law in 1981.  She received her Bachelor of Arts from the University of Santa Clara in 1978.

Ms. Moore is admitted to practice in the State of California, as well as the United States District Courts for the Northern, Eastern and Central Districts of California.

A representative sample of Ms. Moore's class action and antitrust cases includes:

*AD/SAT v. Associated Press, et al.*-- antitirust litigation alleging illegal pricing
U.S.D.C. S.D.N.Y.; Case No. 94-civ-6655 (PKL)

*In Re: Airline Ticket Commission Antitrust Litigation*- antirust class action alleging that the airlines conspired to fix travel agents' commission rates
U.S.D.C. Minn Fourth Division;MDL Docket No. 1058 Master File No. 4-95-107 (all actions combined)

*AD/SAT v. McClatchy Newspapers, Inc*.-- anititrust litigation alleging and illegal pricing conspiracy  U.S.D.C. for the Eastern District of California; Case No. CIV-S-95-1387 (DFL) (PAN)

*Neve Brothers, et al. v. Potash Corporation of Saskatechewan, et al.*--  anitrust class action of inidrect purchasers of potash.
Sup. Ct. CA S.F. Case No. 959767; Ct. App. CA, 1st Dist..

*Notz et al v Ticketmaster-Southern Californai, Inc. et al.* --antitrust consumer class action alleging a territorial allocation in violation of the Cartwright Act
Sup. Ct. CA S.F. Case No. 943-327

*Cosmetics Antitrust Litigation*--antitrust class action alleging that manufacturers of prestige cosmetics and retail department stores conspired to prevent discounting of cosmetics   Sup. Ct CA Marin J.C.C.P. 4056; USDC N.D.CA No. 3:03 cv-03359 SBA

*Automobile Antitrust Litigation* I, II  JCCP 4298 and 4303—antitrust statewide class action by indirect purchasers alleging a price fixing conspiracy. Sup.Ct. CA S.F; J.C.C.P. Nos. 004298, 004303;U.S.D.C. for the District of Maine; MDL 03-md-1532

*Clayworth, et al. v. Pfizer, Inc., et al*.--antitrust action by indirect purchaser retail pharmacists alleging a price fixing conspiracy. against major drug manufacturers
Sup. Ct. CA Alameda Case No. 04172428

*In Re Nasdaq Market Makers Antitrust Litigation* --antitrust nationwide class action alleging a price fixing conspiracy MDL 1023 94 Civ. 3996 (RWS)

*Breaux v Agency Rent a Car; USDC N.D. CA*--class action of employees of rental car company

*In Re Tableware Litigation;* antitrust action alleging illegal pricing and boycott U.S.D.C. Case No. C-04-3514 VRW





**Alioto Law Firm**
555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900  *Fax* (415) 434-9200   info@aliotolaw.com

| MISSION | HISTORY | CASES | INDUSTRIES | CONSULTING | CONTACT |

## - M i s s i o n -

The Alioto Law Firm is a true architect in the Antitrust arena. Its founder *Joseph M. Alioto* is a pioneer in prosecuting private plaintiff's antitrust actions. The Firm was founded upon a vision that competition is not a privilege, but rather a right of all businesses and individuals, great and small; and the right of all consumers to have the benefits of free competition. The Alioto Law Firm is steeped in a legacy of innovation, excellence, and ultimately, success and is committed to pursuing this proud tradition of equality and opportunity in the marketplace.

SITE DESIGN BY CREATIVE:MINT



**Alioto Law Firm**
555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900  *Fax* (415) 434-9200   info@aliotolaw.com

| MISSION | HISTORY | CASES | INDUSTRIES | CONSULTING | CONTACT |

## - H i s t o r y -

*Joseph M. Alioto* is an experienced trial attorney with an unprecedented successful legacy of antitrust actions in the United States.  Joseph M. Alioto has represented plaintiffs in some of the largest monetary judgments in the history of the Antitrust Laws and has argued before the United States Supreme Court.



Mr. Alioto received his Juris Doctorate from the University of San Francisco School of Law in 1968, was admitted to practice before the Supreme Court of California in January 1969 and since that time has become a nationally acclaimed litigator. He has argued antitrust cases and is a member of or was admitted pro hac vice to the following United States Courts of Appeal for the following circuits:  the First Circuit in Boston, Massachusetts; the Second Circuit in New York, New York; the Third Circuit in Philadelphia, Pennsylvania; the Fourth Circuit in Richmond, Virginia; the Fifth Circuit in New Orleans, Louisiana; the Sixth

SITE DESIGN BY CREATIVE:MINT



**Alioto Law Firm**

555 California Street, Thirty-First Floor, San Francisco, California 94104

*Tel* (415) 434-8900   *Fax* (415) 434-9200   info@aliotolaw.com

| MISSION | HISTORY | CASES | INDUSTRIES | CONSULTING | CONTACT |

## - H i s t o r y -

Circuit in New York, New York, the Third Circuit in Philadelphia, Pennsylvania; the Fourth Circuit in Richmond, Virginia; the Fifth Circuit in New Orleans, Louisiana; the Sixth Circuit in Cincinnati, Ohio; the Eighth Circuit in St. Louis, Missouri; the Ninth Circuit in San Francisco, Los Angeles and Pasadena, California; the Tenth Circuit in Denver, Colorado and Oklahoma City and appeals in antitrust decisions from Georgia before it split into the Eleventh Circuit.  He has prosecuted private antitrust actions in which he is either a member or was admitted pro hac vice in the following United States District Courts:  San Francisco, Sacramento, Los Angeles and San Diego, California, Boston, Massachusetts; New York, New York; Philadelphia, Pennsylvania; Newark and Trenton, New Jersey; Wilmington, Delaware; Alexandria, Virginia; Washington, D.C.; Lexington, Kentucky; Atlanta, Georgia; New Orleans, Louisiana; Dallas, Fort Worth, Amarillo, Sherman, Austin, San Antonio and Laredo, Texas; St. Louis, Missouri; Minneapolis, Minnesota; Chicago, Illinois; Detroit, Michigan; Cleveland/Youngstown, Ohio; Oklahoma City and Tulsa, Oklahoma; Wichita,

SITE DESIGN BY CREATIVE:MINT



**Alioto Law Firm**
555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900   *Fax* (415) 434-9200   info@aliotolaw.com

| MISSION | HISTORY | CASES | INDUSTRIES | CONSULTING | CONTACT |

## - H i s t o r y -

New Orleans, Louisiana; Dallas, Fort Worth, Amarillo, Sherman, Austin, San Antonio and Laredo, Texas; St. Louis, Missouri; Minneapolis, Minnesota; Chicago, Illinois; Detroit, Michigan; Cleveland/Youngstown, Ohio; Oklahoma City and Tulsa, Oklahoma; Wichita, Kansas; Albuquerque, New Mexico; Denver, Colorado; Salt Lake City, Utah; Boise, Idaho; Seattle/Tacoma, Washington; Portland, Oregon; Phoenix, Arizona; Las Vegas and Reno, Nevada; and Honolulu, Hawaii.  He has also prosecuted antitrust cases in the state courts.



In his distinguished career Joseph M. Alioto has represented independent companies and corporations of all sizes, farmers, inventors, patent holders, manufacturers, suppliers, wholesalers, retailers, distributors, unions, consumers, and entrepreneurs against foreign as well as domestic corporations.  The cases the Alioto Law Firm has tried have involved every major industry from manufacturing to service, trading to finance, supply to retail, transportation to mining, foreign and domestic.

SITE DESIGN BY CREATIVE:MINT



**Alioto Law Firm**
555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900  *Fax* (415) 434-9200   info@aliotolaw.com

## - C a s e s -

The Alioto Law Firm has engaged over 350 antitrust cases, and has tried approximately one hundred antitrust trials in federal and state court involving issues relating to monopolization, attempts to monopolize, conspiracies to monopolize, price fixing, group boycotts, market and customer allocations, tie-in arrangements, exclusive dealing, commercial bribery, unlawful acquisitions and mergers, discriminatory pricing, predatory pricing, interlocking directorates, and other anti-competitive conduct.

These trials averaged between three weeks and seven months.



**Alioto Law Firm**
555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900   *Fax* (415) 434-9200   info@aliotolaw.com

| MISSION | HISTORY | CASES | INDUSTRIES | CONSULTING | CONTACT |

## - I n d u s t r i e s -



The Alioto Law Firm's more than 350 antitrust cases have involved a number of industries including accounting, advertising, agricultural seeds and products, airlines, aluminum, appraisals, asphalt, automobiles, banking, barges, beef, beer, beets, brokerage, cable, casino advertising, cement, compact discs, computer batching, computers, construction, consumer electronic products, copyrights, corn wetmilling, cosmetics, crude oil, custom manufacturing, distilled spirits, distribution, electronic thermometers, electronics, entertainment, farm equipment, football, fructose, glass, golf and other sports restrictions, hardware and software, healthcare, heavy piping, hogs, hospitals, ice cream, insurance, intellectual property, international trading in commodities, iron production and distribution, lamb, livestock, medical equipment, medical insurance, medical supplies, minerals, milk, mining, mortgage banking, movie production, distribution and exhibition, moving and storage, network electronics, newspapers, oil, optic fibers, overhead doors, pacemakers, patents, peripheral manufacturers,

SITE DESIGN BY CREATIVE:MINT



**Alioto Law Firm**
555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900   *Fax* (415) 434-9200   info@aliotolaw.com

| MISSION | HISTORY | CASES | INDUSTRIES | CONSULTING | CONTACT |

## - I n d u s t r i e s -

newspapers, oil, optic fibers, overhead doors, pacemakers, patents, peripheral manufacturers, pharmaceuticals, photo-finishing, physicians, plastics, potatoes, potash, potato chips, processing, professionals and professional services, publishing, railroads, real estate, rental cars, retailing, refined oil, rendering, satellites manufacturing, services and equipment, securities, shipping, ship-to-shore telecommunication and satellites, soda ash, soft drinks, software, steam shipping, steel production and distribution, sugar, sugar beets, tax preparation, telephone, telecommunication, theaters, thoroughbred horses, tickets, tobacco, trademarks, trading, transcutaneous electronic nerve stimulator, travel industries, trucking, VCR's, veterinarians, wheat, wine, wool, and others.

Of these cases approximately 100 to 150 were published (mostly appeals).

SITE DESIGN BY CREATIVE:MINT



**Alioto Law Firm**

555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900  *Fax* (415) 434-9200   info@aliotolaw.com

| MISSION | HISTORY | CASES | INDUSTRIES | CONSULTING | CONTACT |

## - C o n s u l t i n g  &  T e s t i m o n y -

### CONSULTING

With its great depth and diverse experience in the antitrust arena, The Alioto Law Firm provides knowledgeable and practical advise on complex antitrust and unfair competition matters to both domestic and international clients. Joseph M. Alioto frequently consults on strategy and tactics for both plaintiffs as well as defendants and serves as a member on a number of boards.

### TESTIMONY

Due to Joseph M. Alioto's national recognition as one of the leading antitrust attorneys in the United States, he is frequently asked to give testimony related to pending antitrust legislation.  He has done so before the Judiciary Committee of the United States Senate, the Judiciary and Maritime Committees of the United States House of Representatives, the Judiciary Committee of the Senate and Assembly of the State of California.

SITE DESIGN BY CREATIVE:MINT



**Alioto Law Firm**

555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900   *Fax* (415) 434-9200   info@aliotolaw.com

| MISSION | HISTORY | CASES | INDUSTRIES | CONSULTING | CONTACT |

# - C o n s u l t i n g   &   T e s t i m o n y -



Mr. Alioto has also had national televised debates with United States Antitrust Division Chiefs, including William Baxter, Assistant Attorney General, Antitrust Division, on CNN, and Charles Rule, Assistant Attorney General, Antitrust Division on FNN, as well as being a guest on national programs such as "Hard Ball" with Christopher Matthews, the McNeil Lehrer Report and others.

Mr. Alioto has given dozens of lectures at American Bar Associations, State Bar Associations, law schools, universities and symposiums on the antitrust laws. His topics have varied from practical instruction, "How to Try an International Antitrust Case," to philosophical underpinnings of the antitrust laws, "Adam Smith Antitrust and the United States."

Mr. Alioto is frequently interviewed on radio and television and quoted in the written media, including national magazines and major national newspapers (*USA Today and Wall*

SITE DESIGN BY CREATIVE:MINT



**Alioto Law Firm**
555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900   *Fax* (415) 434-9200   info@aliotolaw.com

| MISSION | HISTORY | CASES | INDUSTRIES | CONSULTING | CONTACT |

## - C o n s u l t i n g   &   T e s t i m o n y -



Mr. Alioto has given dozens of lectures at American Bar Associations, State Bar Associations, law schools, universities and symposiums on the antitrust laws.  His topics have varied from practical instruction, "How to Try an International Antitrust Case," to philosophical underpinnings of the antitrust laws, "Adam Smith Antitrust and the United States."

Mr. Alioto is frequently interviewed on radio and television and quoted in the written media, including national magazines and major national newspapers *(USA Today and Wall Street Journal)* and major metropolitan newspapers throughout the country *(i.e., New York Times, Chicago Sun Times, Los Angeles Times, San Francisco Chronicle and Examiner, Washington Post, Dallas Morning News, Atlanta Constitution, Miami Herald, Denver Post, Boston Globe)*

TOP OF PAGE

SITE DESIGN BY CREATIVE:MINT

# ALIOTO LAW FIRM

1 SANSOME STREET, 35th FL
SAN FRANCISCO, CALIFORNIA 94104
(415) 434-8900 • FAX (415) 434-9200

---

**Joseph M. Alioto**

     Joseph M. Alioto has prosecuted private antitrust cases for the last forty-six  years. He has tried and won more or as many antitrust cases as any other attorney in the  country. He has represented farmers, independent companies, inventors, patent holders, manufacturers, suppliers, wholesalers, retailers, distributors, unions, consumers, and entrepreneurs against foreign as well as domestic corporations.  Mr. Alioto's cases involve every major industry from manufacturing to service, trading to finance, supply to retail, transportation to mining, foreign and domestic.

## COURT MEMBERSHIP

     Mr. Alioto has argued antitrust appeals on behalf of plaintiffs in the United States Supreme Court and all twelve Circuit Courts of Appeals.  He has represented antitrust plaintiffs in federal court in almost every state in the country.  He has appeared before the California Supreme Court, every California appellate district, and has tried cases in every major California city.

- United States Supreme Court

- United States Court of Appeals for the First Circuit
- United States Court of Appeals for the Second Circuit
- United States Court of Appeals for the Third Circuit
- United States Court of Appeals for the Fourth Circuit
- United States Court of Appeals for the Fifth Circuit
- United States Court of Appeals for the Sixth Circuit
- United States Court of Appeals for the Seventh Circuit
- United States Court of Appeals for the Eighth Circuit
- United States Court of Appeals for the Ninth Circuit
- United States Court of Appeals for the Tenth Circuit
- United States Court of Appeals for the Eleventh Circuit
- United States Court of Appeals for the District of Columbia Circuit

- United States District Courts, Pro Hac Vice:  Mr. Alioto has tried antitrust cases in the federal District Courts in some forty states including courts in New York, New York

Boston, Massachusetts; Atlanta, Georgia; Minneapolis, Minnesota; Wichita Kansas; Fort Worth, Dallas, and Amarillo, Texas; Las Vegas and Reno, Nevada; Boise, Idaho; Seattle/Tacoma, Washington; Salt Lake City, Utah; Honolulu, Hawaii; Phoenix, Arizona; Albuquerque, New Mexico; Philadelphia, Pennsylvania; and others.

## ANTITRUST CASES SINCE 1969

Since 1969, Mr. Alioto has represented antitrust plaintiffs in more than 300 cases involving various industries, including:

| | | | |
|---|---|---|---|
| Accounting | Computers | Mining | Satellites Services |
| Advertising | Construction | Mortgage Banking | and Equipment |
| Agriculture | Consumer | N.F.L. Football | Shipping |
| Air Transportation | Electronics | Newspapers | Soda Ash |
| Aluminum | Corn Wet Milling | Oil | Soft Drinks |
| Appraising | Cosmetics | Optic Fibers | Steam Shipping |
| Automobiles | Distilled Spirits | Overhead Doors | Telecomm. |
| Barges | Distribution | Pacemakers | Tickets |
| Cable Television | Farm Equipment | Peripheral Mftring | Trading |
| Cattle Ranching | Glass | Photo-Finishing | Travel Industries |
| Compact Discs | Health Care | Potash | Trucking |
| Computer | Hospitals | Potatoes | Wheat |
| Hardware | Ice Cream | Processing | Wool Mftring |
| Computer | Insurance | Professional Svcs. | and others |
| Network | Livestock | Publishing | |
| Computer | Medical Devices | Rendering | |
| Software | Milk | Retailing | |

## ANTITRUST TRIALS

Mr. Alioto has tried and won more or as many antitrust cases as any attorney in the country. A sampling of his trials, which last anywhere from three weeks to seven months, include the following:

*Gary v. Shell* (Oil)
*Hallmark v. Reynolds* (Alumina)
*Treasure Valley Potato Growers v. Ore-Ida* (Potatoes)
*Fulhurst v. Maytag* (electronic ticketing)

*Chisholm v. International Harvester* (farm equipment)
*Kohn v. Maricopa Rendering* (rendering)
*De Voto v. Bankers Mortgage* (mortgage banking)
*Janich v. American Distilling* (distilled spirits)
*Bray v. Safeway Stores* (cattle/beef)
*Cointronics v. Burroughs* (computer processing)
*TwoDoor v. Overhead Door* (electronic doors)
*Kaplan v. Burroughs* (computer processing)
*Aloha Airlines v. Hawaiian Airlines* (passenger air transportation)
*Bubble-Up v. Coca-Cola* (soft drinks)
*Selton v. PT&T* (yellow page publishing)
*Dimmitt v. CPC International* (corn wet milling)
*Broadway v. UPS* (delivery/consolidation service)
*McDonald v. Johnson & Johnson* (TENS/pacemakers)
*Rickards v. CERF* (veterinarians)
*Adams Construction* (construction)
*Ringsby v. Consolidated Freightways* (long haul trucking)
*Lightwave v. Corning* (optic fiber)
*Metropolitan News v. Daily Journal* (newspaper publishing)
*Las Vegas Sun v. Summa Corp.* (advertising/publishing)
*Syufy v. American Theaters* (motion picture production and exhibition)
*Forro v. IBM* (computer/peripheral manufacturers)
*Amec v. Johnson & Johnson* (electronic medical equipment)
*Filco v. Amana* (consumer electronic sales)
*United States v. Rice Growers* (rice)
*Go-Video v. Matsushita* (VCRs)
*Blue Cross v. HCA* (hospitals/insurance)
*Southern Publishing v. Lesher Publishing* (newspapers)
*Rao v. S/T Hospitals* (physicians)
*Los Angeles Raiders v. NFL* (professional football)
*Baldareli v. H&R Block* (tax preparation)
*Latian v. Banco do Brasil* (foreign finance)
*Anderson v. Deloitte, Touche & Ross* (accounting)
*Montreal Trading v. MIC* (international potash trading)
*King v. National Benevolent Association* (real estate)
*Reilly v. Hearst Newspaper Corporation* (newspapers)
*Raiders v. National Football League* (football)
*IREF v. Arthur Andersen* (accounting)

**TRIALS OF SPECIAL NOTE**

Mr. Alioto has twice set the record for the largest judgments in the history of the Antitrust Laws:

- *Bray v. Safeway*, largest judgment in the history of the antitrust laws up to that date (1974, $32 million).

- *McDonald v. Johnson & Johnson*, largest judgment for individuals in the history of the antitrust laws up to that date (1981, $170 million).

**LECTURES ON ANTITRUST**

Approximately 10-20 at American Bar Association, State Bar Associations, Law Schools, Symposia, etc.  Topics have varied from practical instruction (*e.g.* "How To Try An International Antitrust Case") to philosophical underpinning of the antitrust laws (*e.g.* "Adam Smith, Antitrust, and the United States.")

**CONGRESSIONAL TESTIMONY**

- United States Senate, Judiciary Committee; United States Congress, Judiciary, Maritime Committees; California Senate

- United States Senate Judiciary Committee hearing regarding "Consolidation in the Oil and Gas Industry:  Raising Prices?"

**TELEVISED DEBATES WITH REAGAN/BUSH ADMINISTRATION
DEPARTMENT OF JUSTICE CHIEFS**

- William Baxter, Assistant Attorney General, Antitrust Division; CNN

- Charles Rule, Assistant Attorney General, Antitrust        Division; FNN

**ANTITRUST CASES REPORTED**

The following is a list of Mr. Alioto's cases that have been published in official reporters, and it therefore represents only a small fraction of his historical case file.

*Joseph M. Alioto*                                                                                               4

1.  *Texaco Inc. v. Dagher*, Nos. 04-805 & 04-814, SUPREME COURT OF THE UNITED STATES, 547 U.S. 1 (2006).

2.  *AD/SAT v. AP*, Docket No. 96-7304, UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT, 181 F.3d 216 (1999)

3.  *Alpha Lyracom Space Communs. v. COMSAT Corp.*, Docket No. 96-9283, UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT, 113 F.3d 372 (1997).

4.  *Am. Channel, LLC v. Time Warner Cable, Inc.* , Civil No. 06-2175 (DWF/SRN) , UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA , 2007 U.S. Dist. LEXIS 3484 (2007).

5.  *Assigned Container Ship Claims, Inc. v. American President Lines, Ltd.*, No. 85-1978, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 784 F.2d 1420 (1986).

6.  *AT&T Corp. v. JMC Telecom, LLC*, No. 05-1304 , UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT , 470 F.3d 525 (2006).

7.  *Azizian v. Federated Dep't Stores, Inc.*, No. C 03-3359 SBA , UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA (2006).

8.  *Betz v. Trainer Wortham & Co.,* No. 05-15704, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT (2007).

9.  *Black v. Acme Markets, Inc.*, No. 76-3040, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 564 F.2d 681 (1977).

10. *Cinema Service Corp. v. Twentieth Century-Fox Film Corp.*, Civ. A. No.  77-265 B, UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA, 477 F. Supp. 174 (1979).

11. *CSY Liquidating Corp. v. Harris Trust & Sav. Bank*, No. 96 C 1216, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION (1998).

12.  *Dollar Rent A Car Systems, Inc. v. Hertz Corp.*, No. C-75-2650-CBR, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 434 F. Supp. 513 (1977).

13.  *EEOC v. Local Union No. 38*, Civil Action No. C 73-0645 SC., United States District Court for the Northern District of California. (1981).

14.  *Enron Corp. Secs. v. Enron Corp.*, MDL-1446, CIVIL ACTION NO. H-01-3624, CONSOLIDATED CASES , UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION , 439 F. Supp. 2d 692 (2006).

15.  *Feinstein v. Nettleship Co. of Los Angeles*, Nos. 77-3998, 82-5698, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 714 F.2d 928 (1983).

16.  *Gibson v. Greater Park City Co.*, Civil No. C-81-0823W., United States District Court for the District of Utah, Central Division. (1984).

17.  *Golden State Transit Corp. v. Los Angeles*, CA No. 83-5903, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 726 F.2d 1430 (1984).

18.  *Go-Video v. Motion Picture Ass'n of Am.* (In re Dual-Deck Video Cassette Recorder Antitrust Litig.), No. 92-15967, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 10 F.3d 693 (1993).

19.  *Go-Video, Inc. v. Akai Electric Co.*, No. 88-2900, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 885 F.2d 1406 (1989).

20.  *High Tech. Careers v. San Jose Mercury News*, CIVIL NO. 90-20579 SW, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA (1994).

21.  *Hilo v. BP Exploration & Oil*, No. 95-56545, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT (1997).

22.  *Hilo v. Exxon Corp.*, No. 92-56496, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 997 F.2d 641 (1993).

23. *Horizons International, Inc. v. Baldrige*, Nos. 86-1135, 86-1144, UNITED STATES
COURT OF APPEALS FOR THE THIRD CIRCUIT, 811 F.2d 154 (1987).

24. *In re Airport Car Rental Antitrust Litigation*, No. 81-4399, UNITED STATES COURT
OF APPEALS FOR THE NINTH CIRCUIT, 693 F.2d 84 (1982).

25. *In re Beef Industry Antitrust Litigation*, MDL No. 248, UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 542 F.
Supp. 1122 (1982).

26. *In re Municipal Bond Reporting Antitrust Litigation*, No. 80-2012, UNITED STATES
COURT OF APPEALS, FIFTH CIRCUIT, 672 F.2d 433 (1982).

27. *In re Tableware Antitrust Litig.*, No C-04-3514 VRW , UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA (2007).

28. *J.T. Gibbons, Inc. v. Crawford Fitting Co.*, Civ. A. No. 79-1127, UNITED STATES
DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA, 565 F. Supp.
167 (1981).

29. *Jacobs v. G. Heileman Brewing Co.*, Civil Action No. 82-736, UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF DELAWARE, 551 F. Supp. 639 (1982).

30. *Johnston v. IVAC Corp.*, No. 88-1639, UNITED STATES COURT OF APPEALS FOR
THE FEDERAL CIRCUIT, 885 F.2d 1574 (1989).

31. *Kalmanovitz v. G. Heileman Brewing Co.*, No. 84-5682, UNITED STATES COURT OF
APPEALS FOR THE THIRD CIRCUIT, 769 F.2d 152 (1985).

32. *Lec Tec Corp. v. Johnson & Johnson*, Civil No. 3-81-644; Civil No. 4-79-189., United
States District Court for the District of Minnesota, Fourth Division (1982).

33. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, Nos. 83-5907,
83-5908, 83-5909, UNITED STATES COURT OF APPEALS FOR THE NINTH
CIRCUIT, 791 F.2d 1356 (1986).

34. *McDonald v. Johnson & Johnson*, Civ. No. 4-79-189, UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF MINNESOTA, FOURTH DIVISION, 537 F. Supp.
1282 (1982)

*Joseph M. Alioto*                                                                                          7

35. *Montreal Trading, Ltd. v. Amax, Inc.*, No. 79-1999, UNITED STATES COURT OF APPEALS, TENTH CIRCUIT, 661 F.2d 864 (1981).

36. *National Ass'n of Review Appraisers & Mortgage Underwriters v. Appraisal Found.*, No. 94-2689, No. 94-3074, UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT, 64 F.3d 1130 (1995).

37. *Newby v. Enron Corp. (In re Enron Corp. Secs., Derivative & ERISA Litig.)*, MDL-1446, CIVIL ACTION NO. H-01-3624 CONSOLIDATED CASES , UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION (2007).

38. *Omni Resource Dev. Corp. v. Conoco, Inc.*, No. 82-4615, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 739 F.2d 1412 (1984).

39. *Ostrofe v. H. S. Crocker Co.*, No. 77-3985, UNITED STATES COURT OF APPEALS, NINTH CIRCUIT, 670 F.2d 1378 (1982).

40. *Overhead Door Corp. v. Nordpal Corp.*, No. 4-75-Civ. 523., United States District Court for the District of Minnesota, Fourth Division. (1978).

41. *Pabst Brewing Co. v. Kalmanovitz*, Civil Action No. 82-711, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE, 551 F. Supp. 882 (1982).

42. *Paramount Film Distributing Corp. v. Civic Center Theatre, Inc.*, Nos. 7565, 7566, 7573, 7585, UNITED STATES COURT OF APPEALS TENTH CIRCUIT, 333 F.2d 358 (1964).

43. *Phototron Corp. v. Eastman Kodak Co.*, No. 88-1128, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 842 F.2d 95 (1988).

44. *Reazin v. Blue Cross & Blue Shield, Inc.*, No. 85-6027-K, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS, 663 F. Supp. 1360 (1987).

45. *Reilly v. Medianews Group, Inc.*, No. C 06-04332 SI , UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA (2007).

46. *Spanish International Communications Corp., SIN, Inc. v. Leibowitz*, Case No. 84-0655-Civ-Aronovitz, UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, 608 F. Supp. 178 (1985).

47. *Stratmore v. Goodbody*, No. 88-5130, UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT, 866 F.2d 189; 1989 U.S. App. LEXIS 492 (1989).

48. *Syufy Enterprises v. National General Theatres, Inc.*, No. 76-2003, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 575 F.2d 233 (1978).

49. *Thornhill Pub. Co. v. General Tel. & Electronics Corp.*, No. 76-3428, UNITED STATES COURT OF APPEALS, NINTH CIRCUIT, 594 F.2d 730 (1979).

50. *Transeuro Amertrans Worldwide Moving & Relocations, Ltd. v. Conoco, Inc.*, No. 02-5174 , UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT , 95 Fed. Appx. 288 (2004).

51. *Traweek v. San Francisco*, No. C 83-5640 TEH, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 659 F. Supp. 1012 (1985).

52. *Turner v. Johnson & Johnson*, Civil Action No. 79-2259-MC, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS, 549 F. Supp. 807 (1982).

53. *Turner v. Johnson & Johnson*, Nos. 86-1211, 86-1212, UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT, 809 F.2d 90 (1986).

54. *Unioil, Inc. v. E.F. Hutton & Co.*, No. 85-6024, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 809 F.2d 548 (1986).

55. *United Ass'n Local 38 Pension Trust Fund v. Aetna Cas. & Sur. Co.*, No. 84-2667, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 790 F.2d 1428 (1986).

56. *United States v. G. Heileman Brewing Co.*, Civil Action No. 82-750, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE, 563 F. Supp. 642 (1983).

57. *Unocal Corp. v. Kaabipour*, No. 97-56324, No. 98-56216, No. 98-56631, No. 98-56365, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 177 F.3d 755 (1999).

58. *Wang & Wang, LLP v. Banco Do Brasil, S.A.*, No. Civ. S-06-00761 DFL KJM , UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA  (2007).

59.  *Zinser v. Continental Grain Co.*, Nos. 79-2296, 79-2310, UNITED STATES COURT OF APPEALS, TENTH CIRCUIT, 660 F.2d 754 (1981).

**Theresa D. Moore**

Ms. Moore specializes in trial practice and mediation.  Her substantive legal focus includes antitrust, unfair competition, business, consumer and complex class actions.  Ms. Moore has been representing antitrust plaintiffs with the Alioto Law Firm since 1981.  She has been lead counsel in over 100 trials, including civil and criminal trials as a Deputy District Attorney in San Francisco.

Ms. Moore is a Judge Pro Tem for the State of California in San Francisco Superior Court.  She is a distinguished Professor Adjunct in Trial Advocacy and Evidence at the University of California, Hastings College of Law.  She has served as keynote speaker and co-chair for the National College of Advocacy.

Ms. Moore is also a California Certified Mediator and Special Master.  She has successfully mediated approximately 150 cases for private and government organizations, including the Federal Equal Employments Opportunity Commission, Multi-Option ADR Project, State of California  First District Court of Appeal , Conflicts Resolution Center, San Francisco Superior Court, and the San Mateo County Courts.

Ms Moore received her Juris Doctor from the University of California, Hastings College of the Law in 1981.  She received her Bachelor of Arts from the University of Santa Clara in 1978.

Ms. Moore is admitted to practice in the State of California, as well as the United States District Courts for the Northern, Eastern and Central Districts of California.

A representative sample of Ms. Moore's class action and antitrust cases includes:

*AD/SAT v. Associated Press, et al.*-- antitirust litigation alleging illegal pricing U.S.D.C. S.D.N.Y.; Case No. 94-civ-6655 (PKL)

*In Re: Airline Ticket Commission Antitrust Litigation*- antitrust class action alleging that the airlines conspired to fix travel agents' commission rates U.S.D.C. Minn Fourth Division;MDL Docket No. 1058 Master File No. 4-95-107 (all actions combined)

*AD/SAT v. McClatchy Newspapers, Inc*.-- anititrust litigation alleging and illegal pricing conspiracy  U.S.D.C. for the Eastern District of California; Case No. CIV-S-95-1387 (DFL) (PAN)

*Neve Brothers, et al. v. Potash Corporation of Saskatechewan, et al.*--  antitrust class action of inidrect purchasers of potash.
Sup. Ct. CA S.F. Case No. 959767; Ct. App. CA, 1st Dist..

*Notz et al v Ticketmaster-Southern Califorai, Inc. et al.* --antitrust consumer class action alleging a territorial allocation in violation of the Cartwright Act
Sup. Ct. CA S.F. Case No. 943-327

*Cosmetics Antitrust Litigation*--antitrust class action alleging that manufacturers of prestige cosmetics and retail department stores conspired to prevent discounting of cosmetics   Sup. Ct CA Marin J.C.C.P. 4056; USDC N.D.CA No. 3:03 cv-03359 SBA

*Automobile Antitrust Litigation* I, II  JCCP 4298 and 4303—antitrust statewide class action by indirect purchasers alleging a price fixing conspiracy. Sup.Ct. CA S.F; J.C.C.P. Nos. 004298, 004303;U.S.D.C. for the District of Maine; MDL 03-md-1532

*Clayworth, et al. v. Pfizer, Inc., et al.*--antitrust action by indirect purchaser retail pharmacists alleging a price fixing conspiracy. against major drug manufacturers
Sup. Ct. CA Alameda Case No. 04172428

*In Re Nasdaq Market Makers Antitrust Litigation* --antitrust nationwide class action alleging a price fixing conspiracy MDL 1023 94 Civ. 3996 (RWS)

*Breaux v Agency Rent a Car; USDC N.D. CA*--class action of employees of rental car company

*In Re Tableware Litigation;* antitrust action alleging illegal pricing and boycott U.S.D.C. Case No. C-04-3514 VRW

**Angelina Alioto-Grace**

Mrs. Alioto-Grace is a general commercial litigator with a focus in antitrust, complex business tort, class action, intellectual property, unfair competition, and racial discrimination. Her experience includes both trial and appellate advocacy in the federal and state courts. Mrs. Alioto-Grace's responsibilities include all aspects of trial preparation from opening statement through argument. Additional pre-trial responsibilities include initiating pleadings, all phases of discovery, client retention and management, and settlement negotiation.

Mrs. Alioto-Grace is admitted to practice in the State of California, the State of New York, the Commonwealth of Massachusetts, the United States Supreme Court, the Ninth Circuit Court of Appeals, the United States District Court for the Northern District of California and the United States District Courts for the Southern and Eastern Districts of New York.

Mrs. Alioto-Grace is a former associate of Akin, Gump, Strauss, Hauer & Feld L.L.P. in New York, New York. She received her Juris Doctorate in 1995 from the Georgetown University Law Center. After law school, Mrs. Alioto-Grace clerked for the Office of the Counsel to the President of the United States.

**Thomas P. Pier**

Mr. Pier practices antitrust litigation with the Alioto Law Firm.  He is admitted to practice in the State of California, as well as the United States District Court for the Northern District of California.  Since joining the Alioto Law Firm in 2005, Mr. Pier has been involved in antitrust litigation in the fields of transportation, communications, pharmaceuticals, and building controls.  Mr. Pier's primary responsibilities are in the coordination of discovery matters.

Mr. Pier received a Juris Doctorate from the University of San Francisco in 2004.  Mr. Pier also received a Master of Arts in Journalism from the University of Texas, Austin in 2003, and a Bachelor of Arts in Public Policy from Brown University in 1995.

# EXHIBIT 2

**EXHIBIT 1**

**IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Theresa Moore |
|---|---|
| Reporting Year | 2007-2008 Discounted |

| Year | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2007 | $ 695.00 | 2.0 | 0.0 | 1.5 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.5 | 3.5 | 0.0 | 0.0 | 9.5 | |
|  | $ 600.00 |  |  |  |  |  |  |  |  |  |  |  |  |  | $ 5,700.50 |
| 2008 | $ 725.00 | 12.0 | 0.0 | 1.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 5.0 | 5.7 | 0.0 | 0.0 | 23.8 | $ 17,218.75 |
| 2009 | $ 750.00 | 4.5 | 2.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 7.5 | 7.4 | 1.3 | 0.0 | - | $ - |
| 2010 | $ 750.00 | 4.3 | 1.2 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 4.5 | 12.3 | 0.0 | 0.0 | - | $ - |
| 2011 | $ 750.00 | 2.8 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.6 | 1.0 | 5.4 | 2.2 | 0.0 | - | $ - |
| 2012 | $ 750.00 | 5.4 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.5 | 3.0 | 12.2 | 2.6 | 0.0 | - | $ - |
| 2013 | $ 775.00 | 5.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.5 | 8.7 | 1.0 | 0.0 | - | $ - |
| 2014 | $ 785.00 | 5.6 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 4.9 | 7.3 | 4.3 | 0.0 | | |
| 2015 | $ 795.00 | 2.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 3.0 | 0.0 | 9.1 | 4.0 | 0.0 | | $ (0.00) |
| 07-08 Total | | 14.0 | 0.0 | 2.6 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 7.5 | 3.5 | 0.0 | 0.0 | 33.3 | $ 22,919.25 |

**STATUS:**

| | |
|---|---|
| (P) | Partner |
| (OC) | Of Counsel |
| (A) | Associate |
| (LC) | Law Clerk |
| (PL) | Paralegal |
| (I) | Investigator |

**CATEGORIES:**

1. Attorney Meeting/Strategy
2. Court Appearance
3. Client Meeting
4. Draft Discovery Requests or Responses
5. Deposition Preparation
6. Attend Deposition - Conduct/Defend
7. Document Review
8. Experts - Work or Consult
9. Research
10. Motions/Pleadings
11. Settlement
12. Trial

EXHIBIT 1
IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Theresa Moore | | | | | | | | | | | | | |
| Reporting Year | 2007 | | | | | | | | | | | | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| T Moore/OC | $ 695.00 | 2.0 | 0.0 | 1.5 | | | | | | 2.5 | 3.5 | | | 9.5 | $ 6,602.50 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| Discounted+ rate | $ 600.00 | | | | | | | | | | | | | 0.0 | $ (902.00) |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| Discounted | $ 600.00 | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 2.0 | 0.0 | 1.5 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.5 | 3.5 | 0.0 | 0.0 | 9.5 | $ 5,700.50 |

EXHIBIT 1
IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Theresa Moore |
| Reporting Year | 2008 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| T Moore/OC | $ 725.00 | 17.5 | 2.0 | 1.1 | | | | | | 2.0 | 56.1 | | | 78.7 | $ 57,057.50 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| Discount | | -5.1 | -0.9 | -1.1 | | | | | | 3.0 | -50.5 | | | -54.6 | $ (39,838.75) |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 12.4 | 1.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 5.0 | 5.7 | 0.0 | 0.0 | 24.2 | $ 17,218.75 |

EXHIBIT 1
IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Theresa Moore |
| Reporting Year | 2009 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | $   - |
| T Moore/OC | $ 750.00 | 4.5 | 2.1 | | | | | | | 7.5 | 7.4 | 1.3 | | 22.8 | $ 17,062.50 |
| Discount | | | | | | | | | | | | | | 0.0 | $ (17,062.50) |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | 4.5 | 2.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 7.5 | 7.4 | 1.3 | 0.0 | 22.8 | $   - |

EXHIBIT 1
IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Theresa Moore |
| Reporting Year | 2010 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| T Moore/OC | $ 750.00 | 4.3 | 1.2 | | | | | | | 4.5 | 12.3 | | | 22.3 | $ 16,687.50 |
| Discount | | | | | | | | | | | | | | 0.0 | $ (16,687.50) |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | 4.3 | 1.2 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 4.5 | 12.3 | 0.0 | 0.0 | 22.3 | $   - |

**EXHIBIT 1**
**IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Theresa Moore |
| Reporting Year | 2011 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| T Moore/OC | $ 750.00 | 2.8 | | | | | | | | 1.0 | 5.4 | 2.2 | | 11.4 | $ 8,550.00 |
| Discount | | | | | | | | | | | | | | 0.0 | $ (8,550.00) |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | 2.8 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1.0 | 5.4 | 2.2 | 0.0 | 11.4 | $    - |

EXHIBIT 1
IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Theresa Moore |
| Reporting Year | 2012 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| T Moore/OC | $ 750.00 | 5.4 | | | | | | | 2.6 | 3.0 | 12.2 | 2.6 | | 25.8 | $ 19,312.50 |
| Discount | | | | | | | | | | | | | | 0.0 | $ (19,312.50) |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 5.4 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.6 | 3.0 | 12.2 | 2.6 | 0.0 | 25.8 | $ - |

**EXHIBIT 1**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

**CATEGORIES:**

1 Attorney Meeting/Strategy
2 Court Appearance
3 Client Meeting
4 Discovery Requests or Responses
5 Deposition Preparation
6 Attend Deposition - Conduct/Defend
7 Document Review
8 Experts - Work or Consult
9 Research
10 Motions/Pleadings
11 Settlement
12 Trial

EXHIBIT 1
IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Theresa Moore |
| Reporting Year | 2013 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| T Moore/OC | $ 775.00 | 5.1 | | | | | | | 2.5 | 2.5 | 8.7 | 1.0 | | 19.8 | $ 15,345.00 |
| Discount | | | | | | | | | | | | | | 0.0 | $ (15,345.00) |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 5.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.5 | 2.5 | 8.7 | 1.0 | 0.0 | 19.8 | $ - |

EXHIBIT 1
IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Theresa Moore | | | | | | | | | | | | | |
| Reporting Year | 2014 | | | | | | | | | | | | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| T Moore/OC | $ 785.00 | 5.6 | | | | | | | | 4.9 | 7.3 | 4.3 | | 22.1 | $ 17,348.50 |
| Discount | | | | | | | | | | | | | | 0.0 | $ (17,348.50) |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 5.6 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 4.9 | 7.3 | 4.3 | 0.0 | 22.1 | $ - |

EXHIBIT 1
IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Therea Moore |
| Reporting Year | 2015 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| T Moore/OC | $ 795.00 | 2.0 | | | | | | | 3.0 | | 9.1 | 4.0 | | 18.1 | $ 14,397.45 |
| Discount | | | | | | | | | | | | | | 0.0 | $ (14,397.45) |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 2.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 3.0 | 0.0 | 9.1 | 4.0 | 0.0 | 18.1 | $ (0.00) |

EXHIBIT 1
IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Theresa Moore |
|---|---|
| Reporting Year | Inception through Present |

| Year | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2007 | $ 695.00 | 2.0 | 0.0 | 1.5 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.5 | 3.5 | 0.0 | 0.0 | 9.5 | $ 6,602.50 |
| 2008 | $ 725.00 | 17.5 | 2.0 | 1.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.0 | 56.1 | 0.0 | 0.0 | 78.7 | $ 57,057.50 |
| 2009 | $ 750.00 | 4.5 | 2.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 7.5 | 7.4 | 1.3 | 0.0 | 22.8 | $ 17,062.50 |
| 2010 | $ 750.00 | 4.3 | 1.2 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 4.5 | 12.3 | 0.0 | 0.0 | 22.3 | $ 16,687.50 |
| 2011 | $ 750.00 | 2.8 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1.0 | 5.4 | 2.2 | 0.0 | 11.4 | $ 8,550.00 |
| 2012 | $ 750.00 | 5.4 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.6 | 3.0 | 12.2 | 2.6 | 0.0 | 25.8 | $ 19,312.50 |
| 2013 | $ 775.00 | 5.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.5 | 2.5 | 8.7 | 1.0 | 0.0 | 19.8 | $ 15,345.00 |
| 2014 | $ 785.00 | 5.6 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 4.9 | 7.3 | 4.3 | 0.0 | 22.1 | $ 17,348.50 |
| 2015 | $ 795.00 | 2.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 3.0 | 0.0 | 9.1 | 4.0 | 0.0 | 18.1 | $ 14,397.45 |
| | | 49.2 | 5.3 | 2.6 | 0.0 | 0.0 | 0.0 | 0.0 | 8.1 | 27.9 | 122.0 | 15.4 | 0.0 | 230.4 | $ 172,363.45 |

STATUS:
| (P) | Partner |
|---|---|
| (OC) | Of Counsel |
| (A) | Associate |
| (LC) | Law Clerk |
| (PL) | Paralegal |
| (I) | Investigator |

CATEGORIES:
1 Attorney Meeting/Strategy
2 Court Appearance
3 Client Meeting
4 Draft Discovery Requests or Responses
5 Deposition Preparation
6 Attend Deposition - Conduct/Defend
7 Document Review
8 Experts - Work or Consult
9 Research
10 Motions/Pleadings
11 Settlement
12 Trial

**EXHIBIT E**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If You Bought A Cathode Ray Tube Product,

## A Class Action Settlement May Affect You.

Cathode Ray Tube (CRT) Products include Cathode Rays Tubes and finished products that contain a Cathode Ray Tube such as Televisions and Computer Monitors

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

- There is a lawsuit pending involving CRT Products purchased indirectly from the Defendants set out below.  "Indirect" means that you did not buy the CRT Product directly from any Defendant.  The lawsuit, which is brought as a Class Action, seeks: (a) nationwide injunctive relief to prohibit the Defendants' (listed below) behavior that is the subject of the lawsuit and (b) money for indirect purchasers in 24 states.

- The states receiving money include: Arizona, California, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, Oregon, South Dakota, Tennessee, Vermont, West Virginia, Wisconsin, and the District of Columbia.

- A Settlement has been reached with Chunghwa Picture Tubes Ltd. (called the "Settling Defendant").  The litigation is continuing against the remaining Non-Settling Defendants.

- Your legal rights are affected whether you act or don't act.  This Notice includes information on the Settlement and the continuing lawsuit.  Please read the entire Notice carefully.

| These rights and options—and the deadlines to exercise them—are explained in this notice. | |
|---|---|
| You can object or comment on the Settlement | *see* Question 11 |
| You may also exclude yourself from the Settlement | *see* Question 11 |
| You may go to a hearing and ask the Court to speak about the Settlement yourself | *see* Question 15 |

- The Court in charge of this case still has to decide whether to approve the Settlement.  The litigation against the Non-Settling Defendants is moving towards trial.

| **WHAT THIS NOTICE CONTAINS** |
|---|

**BASIC INFORMATION** ………………………………………..………….…....…….……….**PAGES 3, 4**
    1.       Why is there a notice?
    2.       Who are the Defendant companies?
    3.       What is this lawsuit about?
    4.       Why is there a Settlement but the litigation is continuing?
    5.       What is a Cathode Ray Tube (CRT) Product?
    6.       What is a class action?

**THE SETTLEMENT CLASS** ……………….………………………………….……………..**PAGES 4, 5, 6**
    7.       How do I know if I'm one of the Settlors?
    8.       Why does the Settlement exclude claims under the Washington
             Unfair Business Practices and Consumer Protection Act?
    9.       What does the Settlement provide?
    10.     When can I get a payment?
    11.     What are my rights in the Settlement?
    12.     What am I giving up to stay in the Settlement?

**THE SETTLEMENT APPROVAL HEARING**………………………………………....…..…….**PAGE 6**
    13.     When and where will the Court decide whether to approve the
             Settlement?
    14.     Do I have to come to the hearing?
    15.     May I speak at the hearing?

**THE LAWYERS REPRESENTING YOU** …………………………………….…..………….**PAGES 7**
    16.     Do I have a lawyer in the case?
    17.     How will the lawyers be paid?

**PURCHASE RECORDS** ……………………………………………………..……….**PAGE 7**
    18.     What steps should I take to demonstrate evidence of purchase/ownership
             of a CRT Product?

**GETTING MORE INFORMATION** …………………………………………….………………**PAGE 7**
    19.     How do I get more information?

BASIC INFORMATION

**1.  Why is there a notice?**

You have the right to know about the litigation and about your legal rights and options before the Court decides whether to approve the Settlement.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is called *In re Cathode Ray Tube (CRT)) Antitrust Litigation*, MDL No. 1917.  The people who sued are called Plaintiffs and the companies they sued are called Defendants.

**2.  Who are the Defendant companies?**

The Defendant companies include: LG Electronics, Inc., LG Electronics U.S.A., Inc., LG Electronics Taiwan Taipei Co., Ltd, Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation, Philips Electronics Industries (Taiwan), Ltd., Philips da Amazonia Industria Electronica Ltda., LP Displays International, Ltd. f/k/a LG.Philips Displays, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung SDI Co. Ltd., Samsung SDI America, Inc., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co. Ltd., Tianjin Samsung SDI Co. Ltd., Samsung SDI Malaysia Sdn. Bhd., Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, LLC., Toshiba America Information Systems, Inc., Toshiba America Electronics Components, Inc., Panasonic Corporation f/k/a Matsushita Electric Industrial, Ltd., Panasonic Corporation of North America, MT Picture Display Co., Ltd., Beijing-Matsushita Color CRT Company, Ltd. (BMCC), Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi Electronic Devices (USA), Inc., Hitachi America, Ltd., Hitachi Asia, Ltd., Tatung Company of America, Inc., Chunghwa Picture Tubes Ltd., Chunghwa Picture Tubes (Malaysia) Sdn. Bhd., IRICO Group Corporation, IRICO Display Devices Co., Ltd., IRICO Group Electronics Co., Ltd., Thai CRT Company, Ltd., and Samtel Color, Ltd.

**3.  What is this lawsuit about?**

The lawsuit claims that the Defendants conspired to fix, raise, maintain or stabilize prices of CRT Products resulting in overcharges to consumers who bought CRT Products such as Televisions and Computer Monitors.  The Defendants deny that they did anything wrong.  The Court has not decided who is right.

**4.  Why is there a Settlement but the litigation is continuing?**

Only one of the Defendants has agreed to settle the lawsuit.  The case is continuing against the remaining Non-Settling Defendants.  Additional money may become available in the future as a result of a trial or future settlements, but there is no guarantee that this will happen.

**5.  What is a Cathode Ray Tube (CRT) Product?**

For the purposes of the Settlement, Cathode Ray Tube (CRT) Products means Cathode Ray Tubes of any type (e.g. color display tubes, color picture tubes and monochrome display tubes) and finished products which contain Cathode Ray Tubes, such as Televisions and Computer Monitors.

**6.  What is a class action?**

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims.  All these people are a class or class members, except for those who exclude themselves from the class.

If the Plaintiffs obtain additional money or benefits as a result of a trial or future settlement(s), you will be notified about how to ask for a share or what your other options are at that time.  These things are not known right now.  Important information about the case will be posted on the website, **www.CRTsettlement.com**, as it becomes available.  Please check the website to be kept informed about any future developments.

## THE SETTLEMENT CLASS

**7.  How do I know if I am one of the Settlors?**

The Settlement Class ("Settlors") includes any person or business that indirectly bought in the U.S. (excluding claims under the Washington Unfair Business Practices and Consumer Protection Act) from March 1, 1995 through November 25, 2007, any CRT Product made by the Defendants. Both consumers and resellers are included in the Settlement Class.  Also excluded are governmental entities.

**8. Why does the Settlement exclude claims under the Washington Unfair Business Practices and Consumer Protection Act?**

Based on a motion by the Washington Attorney General, the Special Master in this case has determined that the settlement may not release claims under the Washington Unfair Business Practices and Consumer Protection Act because only the Washington Attorney General may release those claims.

**9. What does the Settlement provide?**

The Settlement provides for the payment by Settling Defendant of $10,000,000 in cash, plus interest, to the Settlors.  It also provides that the Settling Defendant will furnish information about the case, including other Defendants' involvement in the alleged conspiracy, to Class Counsel. Finally, it provides that part of the $10 million settlement fund may be used to pay expenses incurred in the litigation.

More details are in the Settlement Agreement, available at **www.CRTsettlement.com**.

**10. When can I get a payment?**

No money will be distributed to Settlors yet.  The lawyers will pursue the lawsuit against the Non-Settling Defendants to see if any future settlements or judgments can be obtained in the case and then be distributed together to reduce expenses.  It is possible that money will be distributed to organizations who are, as nearly as practicable, representative of the interests of indirect purchasers of CRT Products instead of Settlors themselves if the cost to process claims would

result in small payments to Settlors.   Regardless of whether the money is distributed to organizations or the Settlors themselves, the money from the current settlement, will first be allocated amongst the 24 states listed on page 1 of this notice, so that each state receives its pro rata share.   Each state's pro rata share shall be determined by computing its population as a percentage of the total population of all 24 states using census figures from the year 2000.

| 11.  What are my rights in the Settlement? |
|---|

**Remain in the Settlement**:  If you wish to remain a participant in the Settlement you do not need to take any action at this time.

**Get out of the Settlement**:  If you wish to keep your right to sue the Settling Defendant about the claims of the class in this case, you must exclude yourself.  You will not be entitled to receive any money from this Settlement if you exclude yourself from the Settlement.

To exclude yourself from the Settlement, you must send a letter that includes the following:
- Your name, address and telephone number;
- A statement saying that you want to be excluded from *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, Chunghwa Settlement; and
- Your signature.

You must mail your exclusion request, postmarked no later than **February 1, 2012**, to:

**CRT Indirect Exclusions**
**c/o The Notice Company Inc.**
**PO Box 778**
**Hingham, MA 02043**

**Remain in the Settlement and Object**: If you have comments about, or disagree with, any aspect of the Settlement, you may express your views to the Special Master by writing to the address below.   The written response needs to include your name, address, telephone number, the case name and number (*In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917), a brief explanation of your reasons for objection, and your signature.   The response must be postmarked no later than **February 1, 2012** and mailed to:

| LOCATION |
|---|
| Honorable Charles A. Legge (Ret.) <br> JAMS <br> Two Embarcadero, Suite 1500 <br> San Francisco, CA 94111 |

| INTERIM LEAD COUNSEL | DEFENSE COUNSEL |
|---|---|
| Mario N. Alioto, Esq. <br> Trump, Alioto, Trump & Prescott LLP <br> 2280 Union Street <br> San Francisco, CA 94123 | Joel S. Sanders, Esq. <br> Gibson Dunn & Crutcher LLP <br> 555 Mission Street, Suite 3000 <br> San Francisco, CA 94105 |

**For More Information: Call 1-800-673-4790 or Visit www.CRTsettlement.com**
Page 5 of 7

**12. What am I giving up to stay in the Settlement?**

Unless you exclude yourself from the Settlement, you can't sue Settling Defendant, continue to sue, or be part of any other lawsuit against Settling Defendant about the legal issues in this case. It also means that all of the decisions by the Court will bind you. The "Release of Claims" includes any causes of actions asserted or that could have been asserted in the lawsuit, as described more fully in the Settlement Agreement. The Settlement Agreement is available at www.CRTsettlement.com.

### THE SETTLEMENT APPROVAL HEARING

**13.  When and where will the Court decide whether to approve the Settlement?**

The Special Master will hold a Fairness Hearing at 2:00 p.m. on **March 15, 2012**, at JAMS, Two Embarcadero, Suite 1500, San Francisco, CA 94111. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.CRTsettlement.com. At this hearing the Special Master will consider whether the Settlement is fair, reasonable and adequate. The Special Master will also consider Interim Lead Class Counsel's request for payment of $2.5 million from the Settlement Fund to be used for expenses incurred in this case. If there are objections or comments, the Special Master will consider them at that time. After the hearing, the Special Master will decide whether to approve the Settlement. We do not know how long these decisions will take.

**14.  Do I have to come to the hearing?**

No. Interim Lead Class Counsel and the Attorneys General of Illinois and Oregon will answer any questions the Special Master may have. But you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to the Fairness Hearing to talk about it. As long as you mailed your written objection on time, the Special Master will consider it. You may also pay another lawyer to attend, but it's not required.

**15.  May I speak at the hearing?**

If you want your own lawyer instead of Interim Lead Class Counsel or the Attorneys General of Illinois and Oregon (if applicable) to speak at the Fairness Hearing, you must give the Special Master a paper that is called a "Notice of Appearance." The Notice of Appearance should include the name and number of the lawsuit (*In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917), and state that you wish to enter an appearance at the Fairness Hearing. It also must include your name, address, telephone number, and signature. Your "Notice of Appearance" must be postmarked no later than **February 1, 2012**. You cannot speak at the Hearing if you previously asked to be excluded from the Settlement.

The Notice of Appearance must be filed with the Court, with copies sent to the Interim Lead Counsel and Defense Counsel at the addresses listed in Question 11.

**THE LAWYERS REPRESENTING YOU**

**16. Do I have a lawyer in this case?**

The Court has appointed Mario N. Alioto of Trump, Alioto, Trump & Prescott LLP as "Interim Lead Class Counsel" to represent members of the Settlement Class. The Settlement Class is defined in Paragraph 1 of the Order Granting Preliminary Approval of Class Action Settlement with Defendant Chunghwa Picture Tubes, Ltd., which is available at **www.CRTsettlement.com**. If you are a resident of Illinois or Oregon, you are a member of the Settlement Class but are represented by the Attorney General of your state with respect to your claims under those states' antitrust laws.

**17. How will the lawyers be paid?**

You do not have to pay Interim Lead Class Counsel. If you want to be represented by your own lawyers, and have that lawyer appear in court for you in this case, you may hire one at your own expense. At a future time, Interim Lead Class Counsel will ask the Court for attorneys' fees not to exceed twenty five percent (25%) of the $10,000,000 Settlement Fund plus reimbursement of their costs and expenses, in accordance with the provisions of the Settlement. Interim Lead Class Counsel may also request that an amount be paid to each of the Class Representatives who helped the lawyers on behalf of the whole Class.

**PURCHASE RECORDS**

**18. What steps should I take to demonstrate evidence of purchase/ownership of a CRT Product?**

If you have purchase receipts, invoices or any other proof of purchase of any CRT Product, please retain those documents. If you presently have a CRT Product, please keep it if at all possible. If you are unable to do so, please photograph the front and rear of the CRT Product including any brand name and record the model number, serial number, size and any other information which you believe will help identify the manufacturer of the CRT Product.

**GETTING MORE INFORMATION**

**19. How do I get more information?**

This Notice summarizes the lawsuit and the Settlement. You can get more information about the lawsuit and Settlements at **www.CRTsettlement.com**, by calling 1-800-673-4790, or writing to CRT Indirect Settlement, c/o The Notice Company Inc., PO Box 778, Hingham, MA 02043. Please do not contact JAMS or the Court about this case.