Andrea Valdez (Cal. Bar No. 239082)
530 S. Lake Avenue, No. 574
Pasadena, CA 91101
Tel: (626) 817-6547
andrea.valdez.esq@gmail.com

Joseph Scott St. John (appearance *pro hac vice*)
514 Mockingbird Drive
Long Beach, MS 39560
Tel: 410-212-3475
jscottstjohnpublic@gmail.com

*Attorneys for Objector Douglas W. St. John*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| | **OBJECTOR DOUGLAS W. ST. JOHN'S OPPOSITION TO IPP COUNSEL'S MOTION TO STRIKE (D.E. 4442)** |
| This Document Relates To: | Judge: Hon. Jon S. Tigar |
| All Indirect Purchaser Actions | Special Master: Hon. Martin Quinn |

Under the heading "Time Limits for Review" in its Order appointing the Special Master, the Court specified deadlines for objections and responses to reports and recommendations. Order (D.E. 4077) at 7. But contrary to IPP Counsel's assertion in their Motion to Strike, the Order's silence on the time limit for replies should not be read as altering the default rule that replies are an expected—if optional—part of briefing. *Cf.* N.D. Cal. L. Civ. R. 7-3(c).

Even if the Court disagrees, a reply supporting Mr. St. John's Objection to the R&R re Outstanding Motions was warranted by IPP Counsel's assertion of new and inconsistent arguments in their opposition. For example, IPP Counsel fundamentally change their justification for their sur-reply evidence. *Compare, e.g.*, MTS Opp. (D.E. 4369-16) at 3 (arguing that the sur-reply evidence at issue "was provided in direct response to [Mr. St. John's] contention that Lead Counsel's declaration was not sufficient") *with* Obj. Opp. (D.E. 4395) at 4-5 (arguing that "[t]he evidence St. John challenges responds to . . . new arguments St. John made in his reply brief") *with id.* at 8 (arguing that the information in untranslated foreign language documents was "already in the record" in the form of Lead Counsel's declaration). IPP Counsel never coherently explain how new documents reflecting information that was supposedly "already in the record" are a response to a new legal argument, rather than an improper attempt to backfill evidentiary deficiencies. *Cf. Johnson v. Cate*, 2015 WL 5321784, at *3 (N.D. Cal. Sept. 10, 2015) (recommending that sur-reply evidence be stricken where it was improper attempt to backfill evidentiary deficiencies identified in reply). By seeking to strike Mr. St. John's reply, IPP Counsel seek to avoid having their new and inconsistent arguments brought to the Court's attention. *See* Obj. Reply (D.E. 4415) at 1-5.

Much of IPP Counsel's briefing has taken the form of constantly shifting among a shotgun blast of superficially plausible arguments that fall under close scrutiny. They now seek one-up that "Gish Gallop" by denying class members the opportunity to respond to their latest pivot.[1] Such sandbagging is not permitted in legal briefing, and IPP Counsel's attempts to do so are precisely what led to this motion practice. IPP Counsel's Motion to Strike should be denied.

---

[1] The "Gish Gallop" is named after anti-evolution crusader Duane Gish, who was known for his shotgun style of delivering arguments that involved quickly shifting topics, misquoting sources and opponents, and responding to criticism of his arguments with personal attacks. *See, e.g.*, Allene Phy-Olsen, *Evolution, Creationism, and Intelligent Design*, 67 (2010).

| | | |
|---|---|---|
| Dated: March 2, 2016 | By: | /s/ Joseph Scott St. John |

ANDREA VALDEZ (Cal. Bar No. 239082)
530 S. Lake Avenue, No. 574
Pasadena, CA 91101
Tel: (626) 817-6547
andrea.valdez.esq@gmail.com

JOSEPH SCOTT ST. JOHN (*pro hac vice*)
514 Mockingbird Drive
Long Beach, MS 39560
Tel: 410-212-3475
jscottstjohnpublic@gmail.com

*Attorneys for Objector Douglas W. St. John*