# EXHIBIT E

Notice of Objection to Class Representatives Incentive Award

**FRANK C. WARNER**
1039 Lake Rest Road
Proctor AR  72376
870-732-4072
fcwmjw@msn.com

February 18, 2016

Judge Jon S. Tigar
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA  94102

In Re: Cathode Ray Tube Antitrust Litigation, 07-cv-5944.

## Notice of Objection

Dear Judge Tigar:

I am a class representative plaintiff in the above litigation. During the time period of this case I provided a lot of documentation proving purchases of CRT equipment. I also gave a deposition supporting the purchases of cathode ray tube equipment which I made in the State of Tennessee. At the beginning of the relevant period I resided in Tennessee. During the relevant period I moved to Arkansas. However, all of the purchases I made were in Tennessee.

I provided copies proving the purchase of all CRT purchases to the attorney who originally contacted me – Lawrence Papale. All of these purchases were made in the State of Tennessee. Mr. Papale was present at the deposition I gave in this litigation.  I subsequently, at his request, provided photo evidence from the CRT monitors that I still had in my possession.

Sometime following my deposition I was informed by Mr. Papale that I had been dropped as a Class Plaintiff Representative. I asked why but was given no specific reason. What I was told was vague and non-specific. I was never provided details as to why I had been dismissed as a class representative. He did allude to the fact that I was a resident of Arkansas for most of the relevant period. I asked why that mattered as all of my CRT purchases had been made in Tennessee. I never received specifics as to why I had been dropped as a plaintiff representative.

I saw a notice in the Wall Street Journal dated: August 7, 2015 Page C8. This was about the settlement of the above noted case. Of particular relevance is the statement in this notice that reads:

> "The purchase must have been made in one of the foregoing states, but you do not have
> to be a resident of one of these states." (Emphasis added)

This raised the question in my mind "If residency was not a requirement to file a claim why was I summarily dismissed without notice as a class representative?" As residency is not an issue for all claimants than my dismissal as a class representative was in error. Consequently my share and the share of all class plaintiff representatives should be much greater and equally distributed.

**Notice of Objection to Class Representatives Incentive Award**

On February 9, 2016 I e-mailed Mr. Papale asking for the status of the above noted case. He replied that the Special Master had "Just approved a grant of incentive awards in the amount of $5,000 each to you and fourteen other plaintiffs who did not qualify as court appointed class reps." He noted this is just the first step and I could "…. be sure there will be objections all the way down the line." He was correct as I am objecting to this miniscule award.

It has historically been true that class action plaintiffs get pennies while the lawyers get dollars. In this matter I saw on January 28, 2016 the federal court-appointed special master recommend the approval of $173,000,000 in attorney's fees. This constitutes 30 percent of the $576,750,000 total. The remaining $403,725,000 is to be distributed among the class representatives and those filing claims.

Without individuals who agreed to be class representatives there would be no case. I am not complaining about the 30% attorney fees as this is a standard percentage for a contingency fee. What I am complaining about is the $5,000 which Mr. Papale advises I and 14 other "dismissed" class representatives are to receive.

In reviewing the decision of the Special Master, Document 4351, Page 75 is the narrative of the Special Master for awards to the class plaintiffs.

Page 75, lines 16 -17, states "The total requested incentive award is $450,000 which is .07% of the settlement." Line 18 states "No one has objected to this request."

I state for the record that had I been informed beforehand that the award was to be so small as compared to the total amount of $576,750,000, I would have objected immediately.

The Special Master's determination as to the percentage, .07% of the settlement fund, clearly shows that those who provided plaintiff lawyers with the testimony and documentation that convinced the defendants to settle rather than face trial is completely inadequate and is far too little an amount.

Document 4351, page 75 footnotes 37 and 38 list the 40 plaintiff's who provided the ammunition but were summarily awarded a paltry amount from such a large settlement.

When the amount awarded plaintiff attorneys, $173,025,000, is deducted from the total settlement amount, $576,750,000, the amount to be disbursed among all claimants is $403,725,000. What the Special Master has determined to be an "incentive award is $450,000, which is .07% of the settlement fund." Is actually 0.11% of the amount to be distributed to claimants.

A one-tenth of one percent incenstive is insultingly miniscule. Without the documentation and testimony of the class representatives there would be no settlement. Indeed there would likely be a trial at best and most likely a motion by defendants to dismiss for lack of evidence.

The Court in the instant case has the opportunity to finally treat plaintiff class representatives in a fair and equitable manner. Rather than a 0.1% of the claimant's share of $403,725,000 plaintiff class representatives should equally share at minimum 1.0% of the $403,725,000 which is $4,037,250.00.

As there are 40 plaintiff class representatives listed in Document 4351, Page 75 footnotes, plaintiff class representatives should receive the sum of $100,931.25 each. I therefore request that the Court revise the recommendation of the Special Master as found in Document 4351, Page 75, to provide for awarding all class representatives a minimum of $100,932.25 each.

**Notice of Objection to Class Representatives Incentive Award**

A partial listing of all parties that was retrieved from PACER shows that some of the parties listed were "Terminated". My name is on that list but is not indicated as "Terminated".

| Name | Type | Added | Terminated |
|---|---|---|---|
| Victor Company of Japan, LTD | Defendant | 02/01/2008 | |
| Viewsonic Corporation | Plaintiff | 02/20/2014 | |
| Vaughn R. Walker | Special Master | 12/17/2013 | |
| Frank Warner | Plaintiff | 03/18/2009 | |
| Wettstein & Sons, Inc | Interested Party | 04/16/2008 | 03/30/2009 |
| Wettstein and Sons, Inc | Plaintiff | 03/28/2008 | 03/30/2009 |
| Christopher Wirth | Movant | 06/02/2014 | |
| Christopher Wirth | Plaintiff | 07/01/2014 | |
| YRC, INC. | Creditor | 06/24/2014 | |
| Ramzi Yusef | Movant | 06/02/2014 | 07/01/2014 |
| Ramzi Yusef | Plaintiff | 07/01/2014 | |

Thus the record of the Court shows that I am still listed as an active plaintiff class representative and should be included as such and be awarded a fair, equitable, and just share of the $4,037,250.00 (1% of the amount to be distributed to all claimants) which is $100,932.25.

For far too long class actions have only benefited the attorneys while class representatives are shuttled aside. Attorneys receive the dollars and the class representatives receive one or two pennies. Yet, as noted above, without class representatives who provide documentation and testimony there would be no class action lawsuits.

In the instant case this Court has the opportunity to at last treat class representative fairly and equally by distributing their just, fair, and equitable share of the award.

I am therefore by this letter objecting to the decision by the Special Master as shown in Document 4351 Pages 75 thru 77and requesting that The Court revise the decision of the Special Master and award Plaintiff Class Representatives a fair, just, and equitable distribution of the funds in the amount of $100,932,25 each.

Respectfully submitted,


Frank C. Warner
Class Plaintiff Representative