# EXHIBIT A

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE



Court of Appeal First Appellate District

**FILED**

JUL 09 2014

Diana Herbert, Clerk

by_____Deputy Clerk

STATE OF CALIFORNIA et al.,

    Plaintiffs and Respondents,

    v.

PHILIPS ELECTRONICS NORTH
AMERICA CORPORATION,

    Defendant and Respondent;

JEFFREY FIGONE,

    Objector and Appellant

A140908

(San Francisco County Super. Ct.
No. CGC11515786)

**BY THE COURT:**

    The motion to dismiss is denied.  Jeffrey Figone has shown that he is potentially bound by the judgment under the doctrine of res judicata.  If bound, his right to pursue his claims in a pending federal class action may be barred, and he is therefore a party "aggrieved" by the judgment.

    "Any party aggrieved may appeal in the cases prescribed in this title."  (Code Civ. Proc., § 902.)  Usually, only "parties of record" may appeal from an adverse judgment. (*County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 736.)  However, a nonparty who is bound by a judgment under the doctrine of res judicata has standing to appeal.  (*Marsh v. Mountain Zephyr, Inc.*(1996) 43 Cal.App.4th 289, 295.)  The issue of whether Jeffrey Figone is bound by the state court settlement under the doctrine of res judicata is a disputed issue in this case.  (But see Bus & Prof. Code, § 16760, subd. (b)(3).)  While we do not yet address the merits of the case, a potential outcome could find Figone bound in his collateral federal litigation by the res judicata effect of the judgment at issue before us.  Consequently, Figone satisfies the party requirement of standing.  (See *Bridgeman v. Allen* (2013) 219 Cal.App.4th 288, 292 [a party is aggrieved by an order even if his grievance turns out to be legally without merit].)

We also reject the Attorney General's arguments that Figone has expressly waived his objection to the settlement.

Dated: _____ JUL 09 2014                    Simons, J.  Acting P.J.

_____, P. J.