1   Mario N. Alioto (56433)
    Joseph M. Patane (72202)
2   Lauren C. Capurro (241151)
    TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
3   2280 Union Street
    San Francisco, CA 94123
4   Telephone: 415-563-7200
    Facsimile: 415- 346-0679
5   Email: malioto@tatp.com
    jpatane@tatp.com
6   laurenrussell@tatp.com

7   *Lead Counsel for the*
    *Indirect Purchaser Plaintiffs*
8
    KIRBY McINERNEY, LLP
9   Robert J. Gralewski, Jr. (196410)
    600 B Street, Suite 1900
10  San Diego, CA  92101
    Tel: (619) 398-4340
11  bgralewski@kmllp.com

12
    *Counsel for Kerry Lee Hall, Daniel Riebow and the*
13  *Indirect Purchaser Plaintiffs*

14                   UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16                     SAN FRANCISCO DIVISION

17   IN RE: CATHODE RAY TUBE (CRT)          Master File No. CV-07-5944-JST;
     ANTITRUST LITIGATION                   No. CV-13-03234-JST
18
                                            MDL No. 1917
19
                                            **CLASS ACTION**
20

21   This Document Relates to:

22   All Indirect Purchaser Actions         **INDIRECT PURCHASER PLAINTIFFS'**
                                            **MOTION TO STRIKE PREVIOUSLY-**
23                                          **EXCLUDED DOCUMENTS ATTACHED**
                                            **AGAIN TO THE BONSIGNORE AFFIDAVIT,**
                                            **DKT. NO. 4440-1**
24
                                            Hearing Date: March 15, 2016
25                                          Time: 2:00 p.m.
                                            Judge: Honorable Jon S. Tigar
26                                          Court: Courtroom 9, 19th Floor

27

28

INDIRECT PURCHASER PLAINTIFFS' MOTION TO STRIKE PREVIOUSLY-EXCLUDED DOCUMENTS
ATTACHED AGAIN TO THE BONSIGNORE AFFIDAVIT, DKT. NO. 4440-1
- Master File No. CV-07-5944-JST

1    Indirect Purchaser Plaintiffs ("IPPs") respectfully move to strike certain attachments, already

2  excluded by this Court, from the Affidavit of Robert J. Bonsignore In Support Of Objection To

3  Special Master's Report And Recommendation On Final Approval Of Class Action Settlement And

4  Award Of Attorney's Fees And Other Expenses And Awards And Request For De Novo Review

5  (the "Bonsignore Affidavit"), filed on February 26, 2016 (Dkt. No. 4440-1.)

6                                     **INTRODUCTION**

7    Robert J. Bonsignore, counsel in this case, and now counsel for certain objectors to the IPP

8  settlements and to IPP Counsel's Fee Motion, lodged an untimely Joinder and Reply in Support of

9  Objections with the Special Master on December 15, 2015.  (*See* Declaration of Robert J. Gralewski,

10  Jr. in Support of Motion to Strike Previously-Excluded Documents Attached Again to the Bonsignore

11  Affidavit, Dkt. No. 4440-1 ("Gralewski Decl.") filed concurrently herewith, Ex. A.)  Lead Counsel

12  objected, and on December 18, 2015, the Special Master issued an Order Denying Leave to File Late

13  Reply, refusing to consider that document.  (*See* Dkt. No. 4263.)  This Court upheld the denial.  (*See*

14  Dkt. No. 4274.)

15    On January 7, 2016, in a document entitled Request to Submit Evidence Rebutting New

16  Argument Raised by Lead Counsel Alioto During Hearing (Gralewski Decl., Ex. B), Mr. Bonsignore

17  again submitted the very same documents that both the Special Master and this Court had ruled he

18  could not submit.  The Special Master ruled again that Mr. Bonsignore should not have submitted

19  these documents, and assessed sanctions against him.  (*See* January 21, 2016 Special Master's

20  Corrected Report and Recommendation re: Outstanding Motions (Dkt. No. 4329).)  Mr. Bonsignore

21  never objected to this R&R, and it has become final.

22    Despite being precluded three times already from filing certain documents in support of his

23  clients' objections to the settlements in this case—and being sanctioned for doing so—Mr.

24  Bonsignore has now submitted the documents yet again.  However, rather than file a motion seeking

25  permission to file the previously-excluded documents or show "excusable neglect" for his failure to

26  submit the documents sooner (even though many date from 2008 and 2012), Bonsignore tries to slip

27  them in as part of his objection.  (Dkt. No. 4440.)  Indeed, as shown below, several of the previously-

28  excluded documents are either not identified or are misidentified in the Bonsignore Affidavit.

1    Accordingly, the Court should strike the previously-excluded documents and consider

2 sanctioning Bonsignore for his frivolous filing and attempted sleight of hand.  *See Wood v. Santa*

3 *Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1519 (9th Cir. 1983) ("The record shows no

4 motion below and no showing of excusable neglect, and appellant's briefs to this panel similarly

5 give no excuse for the untimeliness.  The district court therefore acted properly in striking Wood's

6 affidavits."); *Wright v. American's Bulletin*, No. 09 Civ. 10 (PK), 2010 WL 816164, at *13 (D. Or.

7 March 9, 2010) ("It is clear that [a court's] inherent power includes the authority to sanction

8 procedural impropriety in an appropriate manner, including by striking impertinent documents from

9 the docket.").

10                               **ARGUMENT**

11    **I.    The Court Has The Inherent Authority To Strike These Documents**

12    The Court has the inherent power to strike matters.  *See Jones v. Metro. Life Ins. Co.*, No. 08

13 Civ. 03971 (JW) (DMR), 2010 WL 4055928, at *6 (N.D. Cal. October 15, 2010) ("[B]ased on its

14 inherent powers, a court may strike material from the docket, including portions of a document,

15 reflecting procedural impropriety or lack of compliance with court rules or orders."); *Timbisha*

16 *Shoshone Tribe v. Kennedy*, No. 09 Civ. F. 1248 (LJO) (SMS), 2010 WL 582054, at *2 (E.D. Cal.

17 Feb. 18, 2010) (a "Court may strike an untimely-[filed] document using its inherent powers to

18 manage and control its docket and as a sanction for violating [a] Court's order.").  Because the

19 documents at issue should have been filed, at the very latest, by December 9, 2015, and because

20 Bonsignore did not seek an extension of the deadline before that date or show "excusable neglect"

21 thereafter (*see* Dkt. No. 4274 at 1), the Bonsignore Affidavit is procedurally improper and flouts a

22 previous Court order.  It should therefore be stricken.

23    **II.    Undeterred By A Now-Final Sanction Order, Bonsignore Attempts To Introduce
          Documents Excluded On Two Prior Occasions**
24

25    On December 15, 2015, Bonsignore sought permission to: (a) file a late reply brief and (b)

26 submit a number of documents in support of the objections he filed.  The Special Master did not

27 allow either.  Bonsignore objected to the Special Master's decision and this Court ruled that

28 Bonsignore could not submit the documents.  (Dkt. No. 4274 (concluding that Bonsignore had not

1  shown "excusable neglect," could just as well have filed his brief on time without a deposition

2  transcript he did not have, and "[m]any of the exhibits attached to the Objector's objection are

3  illegible").)  Then, in a January 7, 2016 "Request to Submit Evidence Rebutting New Argument

4  Raised By Lead Counsel Alioto During Hearing," Bonsignore again attempted to submit the very

5  documents that both the Special Master and this Court had ruled he could not submit.  The Special

6  Master ruled:

7  > Lead Counsel did not raise any "new arguments [during oral argument]."
> ***Mr. Bonsignore is merely making a blatant end-run around the Court's***

8  > ***denial of his request to submit this late "evidence."***

9  > The Special Master further concludes that as sanctions for having made a

10 > ***frivolous request to the Court, and wasting the time*** of Lead Counsel and
> the Special Master, Mr. Bonsignore shall pay the entire fee charged by

11 > JAMS for the Special Master's time in dealing with this Request.

12 Special Master's Corrected Report and Recommendation re: Outstanding Motions at 2 (January 21,

13 2016), Dkt. No. 4329 (emphasis added).  Bonsignore never objected to this R&R, and it has become

14 final.

15      Now, in connection with his objections to the Special Master's January 28, 2016 R&R,

16 Bonsignore yet again tries to present (in his February 26, 2016 affidavit) *the very documents* that

17 have been already been excluded in three previous rulings (relating to the January 7, 2016 and

18 December 15, 2015 Declarations).  The following chart shows that the very same documents have

19 been submitted by Mr. Bonsignore on three separate occasions:

20

21 | Document Description | 2/26/16 Bonsignore Affidavit (Dkt. No. 4440-1) | 1/7/16 Bonsignore Decl.[1] | 12/15/15 Bonsignore Decl.[2] |
|---|---|---|---|
22 | Retainer Agreement,[3] deposition excerpts, and 3/6/12 email string | Attachment 4 | Ex. 2-3 | Attachment 1, 7a-g |

25

26 [1] *See* Gralewski Decl., Ex. B.

[2] *See* Gralewski Decl., Ex. A.

27 [3] Mr. Bonsignore did not produce this retainer agreement until he attached it to his December 15, 2015 filing. This delay effectively precluded IPPs from asking his client, Mr. Gianasca, about it

28 during his November 3, 2015 deposition.

| Document Description | 2/26/16 Bonsignore Affidavit (Dkt. No. 4440-1) | 1/7/16 Bonsignore Decl.[1] | 12/15/15 Bonsignore Decl.[2] |
|---|---|---|---|
| 3/2/12 email | Attachment 5, Ex. 1[4] | Ex. 1 (Attachment 3A) | Attachment 12 (Attachment 3A) |
| 3/1/12 email string | Attachment 5, Ex. 2 | Ex. 4 | Attachment 8 |
| 3/5/12 email string | Attachment 5, Ex. 3 | Ex. 1 (Attachment 3A) | Attachment 12 (Attachment 3A) |
| 3/6/12 email string | Attachment 5, Ex. 4 | Ex. 1 (Attachment 3A) | Attachment 12 (Attachment 3A) |
| 3/6/12 email string | Attachment 5, Ex. 5 | Ex. 3 | Attachment 12 (Attachment 4) |
| 3/1/12 email string | Attachment 6 | Ex. 4 | Attachment 8 |
| 12/15/15 email[5] | Attachment 7 | Ex. 5 | Attachment 9 |
| 11/9/15 email string | Attachment 8 | Ex. 6a-c | Attachment 10a-c |
| Deposition excerpts and 3/6/12 email string | Attachment 10 | Ex. 3 | Attachment 7a-g |

### III.      The Bonsignore Affidavit Is Misleading

To make matters worse, a number of the documents in Bonsignore's sworn Affidavit are misidentified, probably in an attempt to slip the documents into the record without detection.  For example, Bonsignore's Affidavit identifies "Attachment 8" as a transcript of the January 5, 2016 hearing before the Special Master.  But it is really an email—previously excluded—purporting to be pictures of one of his client's televisions.  And Bonsignore states that "Attachment 10" is his *curriculum vitae*.  But in fact it consists of excerpts of one of his client's depositions and a 2012

---

[4] Although each of the exhibits to Attachment 5 of Bonsignore's February 26, 2016 Affidavit is either reformatted or contains additional information to purportedly cure authenticity concerns, the pertinent parts of each of the documents have been previously submitted and excluded.

[5] This December 15, 2015 email purports to be from R. Deryl Edwards, the father of R. Deryl Edwards, Jr.  At the time of this email, R. Deryl Edwards, Jr. was deceased.  (*See* Gralewski Decl., Ex. C (transcript of the deposition of Mina Ashkannejhad).)  Ms. Ashkannejhad is the widow of R. Deryl Edwards, Jr., and she testified that R. Deryl Edwards, Jr. died in late 2012.  (*Id*. at 9.)  It is not clear from this email who the actual objector is.

1  email concerning someone's television purchase history.  Both of these documents were previously

2  excluded as well.

3     Several other previously excluded documents, like Exhibit 2 to Attachment 5, are simply

4  formatted differently or now have a "GMail" header to make them appear to be different documents.

5  Still other documents are attached twice but are never identified, like the March 6, 2012 email string

6  that is included at the end of Attachment 4 and Attachment 10.

7     All of this demonstrates that Bonsignore is attempting to make another "blatant end-run"

8  around the Court's Order, continuing to make frivolous arguments, and continuing to waste the time

9  of all concerned.  Finally, all of these irregularities support the Special Master's finding that "Mr.

10  Alioto's version of the facts is more credible."  (Report and Recommendation of Special Master at

11  40 (January 28, 2016), Dkt. No. 4351.)

12  **IV.      The Previously-Excluded Documents Do Not Support Bonsignore's Objections**

13     Attachments 4-8 and 10 to the Bonsignore Affidavit, even if the Court were to consider them,

14  are of very little probative value and certainly do not establish all that Bonsignore claims, to wit:  (a)

15  that fully-vetted plaintiffs from Massachusetts, Missouri, and New Hampshire existed and were ready

16  to serve; (b) that Bonsignore made these facts known to Lead Counsel; (c) that Lead Counsel failed to

17  take action; and (d) that Bonsignore had no duty to his purported clients to file a case for them

18  himself.

19     Mr. Bonsignore has a history of client problems in class actions.  *See, e.g.*, Declaration of

20  Mario N. Alioto in Support of Indirect Purchaser Plaintiffs' Motion for Final Approval of Class

21  Action Settlements (Dkt. No. 4370-1), ¶ 29 (*Brock* Sanctions Order).  Although IPPs previously cited

22  this Order to establish that Bonsignore failed to report a prior sanction order to this Court, it also

23  demonstrates that Bonsignore failed to produce his purported client for a deposition and created other

24  problems in another class action.  This resulted in a $10,000 sanction against Bonsignore.

25     Thus, it cannot be assumed that Mr. Bonsignore represented fully-vetted plaintiffs in this

26  case—plaintiffs who were ready to serve as class representatives and to appear at their depositions.

27  And, Mr. Bonsignore has produced absolutely no evidence to support his other claims.

28

INDIRECT PURCHASER PLAINTIFFS' MOTION TO STRIKE PREVIOUSLY-EXCLUDED DOCUMENTS
ATTACHED AGAIN TO THE BONSIGNORE AFFIDAVIT, DKT. NO. 4440-1
- Master File No. CV-07-5944-JST

1

**CONCLUSION**

2      The Court should strike Attachments 4-8 and 10 from the Bonsignore Affidavit because: (a)

3   these documents could have or should have been included with Bonsignore's original objection or, at

4   the very latest, in an on-time reply brief before the Special Master; (b) this Court has already excluded

5   them; and (c) neither the Court nor the parties should spend further time on irrelevant materials.  The

6   Court should also consider assessing sanctions as the Court deems appropriate given Bonsignore's

7   flouting of three prior Orders by submitting precluded documents without seeking permission to do

8   so.

9

10  Dated: March 2, 2016

                                                Respectfully submitted,
11
                                                 */s/ Mario N. Alioto*
12
                                                Mario N. Alioto (56433)
13                                              malioto@tatp.com
                                                Joseph M. Patane (72202)
14                                              jpatane@tatp.com
                                                Lauren C. Capurro (241151)
15                                              laurenrussell@tatp.com
                                                **TRUMP, ALIOTO, TRUMP & PRESCOTT LLP**
16                                              2280 Union Street
                                                San Francisco, CA 94123
17                                              Telephone: 415-563-7200
                                                Facsimile: 415-346-0679
18
                                                ***Lead Counsel for the Indirect Purchaser Plaintiffs***
19

20  Dated:  March 2, 2016

                                                     */s/ Robert J. Gralewski, Jr.*
21                                                  Robert J. Gralewski, Jr.

22                                              **KIRBY MCINERNEY LLP**
                                                Robert J. Gralewski, Jr. (196410)
23                                              600 B Street, Suite 1900
                                                San Diego, CA 92101
24                                              Telephone: 619.398.4340

25
                                                ***Counsel for Kerry Lee Hall, Daniel Riebow and the***
26                                              ***Indirect Purchaser Plaintiffs***

27

28

INDIRECT PURCHASER PLAINTIFFS' MOTION TO STRIKE PREVIOUSLY-EXCLUDED DOCUMENTS
ATTACHED AGAIN TO THE BONSIGNORE AFFIDAVIT, DKT. NO. 4440-1
- Master File No. CV-07-5944-JST