Paul B. Justi (SBN 124727)
LAW OFFICES OF PAUL B. JUSTI
1981 North Broadway, Suite 250
Walnut Creek, CA 94596
Telephone: 925.256.7900
Facsimile: 925.256.9204
Email: pbjusti@comcast.net

Attorney for Class Member and Objector
DAN L. WILLIAMS & CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re:

CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

This Document Relates To:

All Indirect Purchaser Plaintiffs

Case No.: 3:07-cv-05944-JST

MDL No.: 1917

**DAN L. WILLIAMS & CO.'S MOTION FOR LEAVE TO FILE LATE AMENDED OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATIONS**

Class member and Objector Dan L. Williams & Co. (Williams), respectfully requests—pursuant to Federal Rule of Civil Procedure 6—leave to file an amended objection to the Report and Recommendation (R&R) of the special master that was filed on January 28, 2016 (Dk 4351). The proposed amended objection is attached to this motion as Exhibit A. In support, Williams states as follows:

DAN L. WILLIAMS & CO. MOT. FOR LEAVE TO FILE LATE AMENDED OBJS. - 1

On October 8, 2015, Williams filed objections to the proposed class action settlement. (Dk 4112). On January, 28, 2016, the Special Master filed his report and recommendation, rejecting Williams' objections and recommending that the Court approve the proposed settlements and the award of attorneys' fees and related expenses. (Dk. 4351). On February 12, 2016, Williams timely filed its objections to the Special Master's R&R. (Dk. 4399).

On February 23, 2016—in ruling on Indirect Purchaser Plaintiffs' (IPPs) Administrative Motion for Leave to File Excess Pages In Response to Objections to the R&R—the Court determined that, while "there are no page limits . . . on objections to the Special Master's R&R," he would "not consider any objection to either of Special Master Quinn's R&R's of more than 15 pages in length absent prior court order." (Dk. 4430 at 1-2).

Accordingly, in an order entitled "Order Regarding Limitations on Filings in Response to Reports and Recommendations by Special Master Quinn," the Court struck Williams' timely-filed objections to the Special Master's R&R, and ordered that Williams shorten and re-file its objections by no later than February 26, 2016—just three days later. (Dk. 4430 at 2).

Counsel for Williams' did not receive electronic notice of, and only became aware of, the Court's February 23, 2016 order today, Friday, March 4, 2016, upon reviewing IPP counsel's response to the objections (Dk. 4449) in which IPP counsel stated that they would not be responding to Williams' objections since it had not re-filed a shortened objection as ordered by the Court on February 23, 2016. (Exhibit B, Declaration of Paul B. Justi at 1).

Indeed, as stated in his declaration, upon becoming aware of the existence of the Court's order, Williams' counsel went back and checked his email to see if he had inadvertently missed the notice. (Exhibit B at 2). However, upon review, counsel discovered that although he received unrelated notifications regarding transcript orders on February 23, 2016, he did not receive any

notice of the Court's order striking Williams' objections. (Exhibit B at 2). He also did not receive the Court's February 23, 2016 order subsequent to February 23. (Exhibit B at 2). Counsel has also verified that the order was not inadvertently deleted or caught in counsel's spam folder. (Exhibit B at 2).

Counsel has previously experienced similar ECF failings, and has attempted to address the problem with the Clerk's Office. (Exhibit B at 2). Although counsel for Williams originally believed that he was only being excluded from service of his own filings, upon realizing that he did not receive notice of the Court's February 23 order, counsel has become aware that that he only receives email notice of some court filings and has provided supporting documentation showing that he did not receive email notice for several recent filings. (Exhibit B at 2). Now that counsel is aware of the scope of the ECF failings, he will work to remedy the situation with the Clerk's Office. (Exhibit B at 3).

Based upon these circumstances, Williams—pursuant to Federal Rule of Civil Procedure 6(b)(1)(B)—respectfully requests the Court excuse the late filing of the attached amended objection to the Special Master's R&R, which Williams failed to file on February 26, 2016 due to excusable neglect. *See Fed. R. Civ. P.* 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.").

Allowing Williams to file its amended objections late would be consistent with considerations of fairness and the overarching principle that disputes be determined on their merits whenever possible. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1263 (9th Cir. 2010) ("Our adversarial system depends on the principle that all sides to a dispute must be given the opportunity to fully advocate their views of the issues presented in a case."); *Rodgers v. Watt*,

722 F.2d 456, 459 (9th Cir. 1983) ("It is well settled that the Federal Rules of Civil Procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits and to dispense with technical procedural problems.").

As stated by the Ninth Circuit, "[t]o determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian,* 624 F.3d at 1261. The circumstances set forth in counsel's declaration illustrate that these factors weigh in favor of allowing late filing in this instance.

Here, Williams' counsel did not receive notice of the Court's February 23, 2016 order striking Williams' timely objections and ordering Williams to re-file an amended version of the objections just three days later. (Exhibit B at 2). Although he received notice of a subset of documents filed with ECF, counsel has filed a declaration under penalty of perjury that he did not receive notice of the Court's February 23, 2016 order and only became aware that Williams' objections had been stricken on March 4, 2016, upon reviewing IPP's response to the objections that was filed two days earlier. (Exhibit B at 1-2).

It has only been ten days since the Court entered its order striking Williams' objections and ordering Williams to re-file amended objections. It has only been seven days since Williams' amended objections were due. Although IPP counsel has already filed its response to the objections, given that IPP counsel had already received Williams' timely-filed objections to the R&R and is, thus, familiar with Williams' objections, any prejudice to the IPPs could be remedied by the Court granting leave to IPP counsel to respond to Williams' objections prior to the Court's fairness hearing, which is still over ten days away. Additionally, because the fairness

hearing is still over ten days away, accepting Williams' late filing would have no adverse impact on the timing of the fairness hearing.

Counsel reasonably relied on the Court's ECF notifications to remain apprised of the documents filed in this action. This singular failure is not indicative of Williams' actions in this proceeding; and, in fact, Williams has not acted in bad faith or in dilatory fashion at any time during the course of this litigation. Williams has taken every step possible to attempt to correct this administrative issue as expeditiously as possible.

Accordingly, Williams respectfully requests leave to file the attached amended objection to the R&R of the special master that was filed on January 28, 2016.

DATED: March 4, 2016.

>Respectfully submitted,
>
>LAW OFFICES OF PAUL B. JUSTI
>
>/s/ Paul B. Justi_____
>Paul B. Justi
>*Counsel for Objector Dan L. Williams & Co.*