UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. C-07-5944 JST |
| This Order Relates To: | **ORDER TO SHOW CAUSE RE: OBJECTION TO EX PARTE COMMUNICATIONS** |
| ALL INDIRECT PURCHASER ACTIONS | |

Special Master Quinn filed a Report and Recommendation ("R&R") regarding the pending settlement between Indirect Purchaser Plaintiffs ("IPPs") and various Defendants. See ECF No. 4351. Objectors Joseph D. Cooper and Fancis O. Scarpulla (collectively, "Objectors") filed a timely objection, ECF No. 4437 ("C-S Obj."), to which Mario N. Alioto, Lead Counsel for IPPs timely responded, ECF No. 4449 ("IPP Resp.").

Objectors' final objection to the settlement suggests that Special Master Quinn may have relied on *ex parte* communications of a non-administrative nature in considering the parties' arguments and preparing his R&R. See C-S Obj. at 14-15. They request

> that prior to the March 15, 2016 Fairness Hearing, the record be supplemented with: (1) the Alioto letter [described elsewhere as "Alioto Ltr. Dtd. 1/7/16 to Special Master, e-filed at JAMS"] and all additional materials, including time records, submitted to and considered by the Special Master, and all communications, letters, emails and text messages between the Special Master and Counsel that were [not] posted on Case Anywhere; and (2) all notes and entries in the Special Master's time records which memorialize communications with Counsel.

ECF No. 4437 at 19-20. Lead Counsel acknowledge that there were *ex parte* contacts, but deny that any of them were improper. ECF No. 4449 at 57. Lead Counsel say nothing in response to the request that they and Special Master Quinn supplement the Case Anywhere record. No party

cites any authority.

The Court cannot adjudicate this objection without further information. Accordingly, the Court now orders as follows:

1. Objectors are ordered to provide authority in support of their request that the Court order the Special Master to produce his time records. This authority must be contained in a brief of no more than five pages, which must be filed by March 8, 2016 at 5:00 p.m. The Special Master may, but is not required to, file a response by March 11, 2016 at 5:00 p.m. of no more than five pages.

2. Lead Counsel is ordered to either (a) file all requested documents on the Case Anywhere docket and also file an affidavit on this Court's docket certifying this has been accomplished by March 8, 2016 at 5:00 p.m., and/or (b) file a log of such documents with the Court and SHOW CAUSE why any document submitted to Special Master Quinn that is not already on the Case Anywhere docket was a proper ex parte communication that should not be published on the Case Anywhere (or ECF) docket. If Lead Counsel chooses the latter option, their brief may be no longer than ten pages, excluding the log. Lead Counsel may also choose both courses of action, *i.e.*, file some of the requested documents on the Case Anywhere docket (such as their email correspondence with Special Master Quinn) and show cause as to the remainder (such as their attorney billing records).[1]

Unless the Court directs otherwise, there will be no Show Cause Hearing. The schedule for the Fairness Hearings on March 15, 2016 and April 19, 2016 remains unchanged by this order.

Should Objectors wish to respond or make a new objection based on any document disclosed pursuant to this Order, they will be permitted to do so at the Fairness Hearing on March

/ / /
/ / /
/ / /
/ / /

---

[1] The use of these examples is not meant to suggest that any particular category of documents must, or must not, be filed on the Case Anywhere docket.

2

1   15, 2016. However, no new objections will be permitted unless the objector can show why the

2   objection could not have been made prior to disclosure of the documents ordered disclosed herein.

3       IT IS SO ORDERED.

4   Dated: March 4, 2015

                                      JON S. TIGAR
                           United States District Judge