Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the
Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST; No. CV-13-03234-JST |
| | MDL No. 1917 |
| | **CLASS ACTION** |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DAN L. WILLIAMS & CO.'S MOTION FOR LEAVE TO FILE LATE AMENDED OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATIONS** |
| | Hearing Date:  None<br>Time: None<br>Judge: Honorable Jon S. Tigar<br>Court: Courtroom 9, 19th Floor |

Indirect Purchaser Plaintiffs ("IPPs") oppose Objector's Dan L. Williams & Co.'s ("Williams") motion (Dkt. No. 4455) for leave to file untimely objections to the Special Master's January 28, 2016 Report & Recommendations.

**INTRODUCTION**

Normally, IPPs would not oppose a request for leave to file an objection. However, Williams' delay is prejudicial to IPPs. Time is of the essence here. Everyone is aware that there is a very short window of time available to present additional arguments to the Court and to prepare for the March 15, 2016 hearing on settlement approval, and that the Court has an extremely busy docket. In the midst of this hectic period, Williams proposes objections that raise points not asserted by other objectors. Thus, IPPs could not simply refer to their Response to other objections (Dkt. No. 4449). Further, counsel for Williams has not shown that his neglect was excusable.

In addition, the proposed objections once again improperly incorporate by reference other objections in excess of 15 pages, in violation of the Court's Order (Dkt. No. 4430). The Court previously struck objections for that reason, and it should do so again now. The motion should be denied.

**ARGUMENT**

**I.  GRANTING THE MOTION WOULD PREJUDICE IPPS**

Williams argues that granting his Motion would not prejudice IPPs because the hearing is still "over ten days away." (Dkt. No. 4455 at 4:28.) In fact, it is now *less* than ten days away, and IPPs already have other filings due on March 7 and March 8, 2016. (*See* Dkt. Nos. & 4452 & 4456, respectively.) Even a cursory reading establishes that IPPs would need time to respond to the proposed objections, which raise points not asserted by other objectors. Merely by way of example, Williams:

- "conditionally moves to intervene and for leave to conduct limited discovery, including production of all time records in searchable electronic format; sufficient time to review and analyze those records; and then sufficient time to depose

appropriate counsel; and then to prepare any papers regarding the true reasonableness of the lodestar claimed." (Dkt No. 4455-1 at 5:19-25);

- argues that the Court should not credit monies that may be distributed *cy pres* in calculating the attorneys' fee award (*id.* at 6:3-12);
- argues that the Court should only award fees based on "the sums actually claimed and received" (*id.* 6 at 12-17); and
- asks the Court to change the class definition (*id.* at 7:22-26).

The delay in Williams' response, which in other settings might be perfectly tolerable, here unreasonably impacts the Court's proceedings relating to settlement approval. The objections would require IPPs to file yet another response in a very short time frame. The Court should not impose this additional burden on IPPs.

**II.   WILLIAMS HAS NOT SHOWN EXCUSABLE NEGLECT.**

In addition, Williams has not put forth a valid reason for its delay. Williams' counsel, Mr. Justi, asserts that he did not receive e-mail notification of the Court's February 23, 2016 Order. But that fact does not excuse Mr. Justi's neglect.

First, Mr. Justi acknowledges that he has "previously encountered a problem with ECF filing in this case," and that this problem occurred *prior* to February 23, 2016. (Dkt. No. 4455-2 at ¶ 4.) Having been on notice that a problem existed, a reasonable lawyer would have checked the PACER docket himself, rather than rely on personal email notification, to ensure that he was apprised of all developments in the case. Had Mr. Justi done so, he would not be facing his current predicament. But he did not.

Second, Mr. Justi should have been alerted that the schedule might have changed when IPPs did not file their Response to the objections on February 23, 2016, the original due date. (*See* Dkt. No. 4286.) A reasonable lawyer would have been paying attention to the schedule and would have made inquiries (by, for example, checking the PACER docket) to determine why no Response was filed. Mr. Justi clearly did not do this.

1    Finally, Mr. Justi should have been on notice that an issue existed on—at the very
2  latest—February 26, 2016, upon realizing that other objectors were refiling their objections
3  (objections that Mr. Justi concedes receiving (*see* Dkt. No. 4455-2, ¶ 3 and Ex. 1 thereto).  A
4  reasonable lawyer would have made further inquiries to determine the reason for these new
5  objections.  But apparently Mr. Justi did not do that, either.
6    Because Mr. Justi has not shown that his neglect was excusable, the Motion should be
7  denied.  (*See* Fed. R. Civ. P. 6(b)(1)(B).)

### III.  THE COURT SHOULD ALSO DENY THE MOTION ON OTHER GROUNDS

In its February 23, 2016 Order (Dkt. No. 4430), the Court admonished objectors not to file briefs over 15 pages, or incorporate by reference other objections over 15 pages.  The Court struck several objections—including the Williams objections—for these very reasons.  *See id.* at 2 ("The objections at ECF Nos. 4399 . . . are accordingly stricken.").  Even though Williams has now had the benefit of the Court's Order, Williams has not heeded the Court's admonition.  The proposed objection states: "The Objectors [sic] hereby adopt and incorporate herein all other objections lodged with the Court with regard to the proposed settlement [sic], to the extent such objections are consistent with Williams' previously raised objections."  (Obj., Dkt. No. 4455-1 at 8:17-19.)

The Court should not grant special treatment to Williams, who makes the same mistake again despite having notice of the Order.  Further, IPPs have previously challenged these improper attempts by Williams and others to incorporate by reference, and do so again now. (*See* Dkt. No. 4400 at 6:11-7:15.)  The Court should deny the Motion on these grounds alone.

### CONCLUSION

As noted, normally a motion of this type would not be problematic.  But for the reasons stated above, Williams' request is not only improper but, if granted, will cause IPPs to incur unnecessary, additional time and expense, and at an important juncture in the case.

Proceedings to date regarding settlement approval have been characterized by late objections (*see* Dkt. No. 4263), new arguments on reply (*see* Dkt. No. 4367 at 13), unauthorized

4
INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DAN L. WILLIAMS & CO.'S MOTION FOR
LEAVE TO FILE LATE AMENDED OBJECTIONS TO SPECIAL MASTER'S R&R
- Master File No. CV-07-5944-JST

filings (*see* Dkt. No. 4442), and the refiling of documents previously excluded (*see* Dkt. No. 4451), all of which have required additional briefing by IPPs.  This Motion is another example of objectors failing to abide by this Court's orders, rules and procedures.  It should be denied.

Dated:  March 6, 2016

Respectfully submitted,

 */s/ Mario N. Alioto*

Mario N. Alioto (56433)
malioto@tatp.com
Joseph M. Patane (72202)
jpatane@tatp.com
Lauren C. Capurro (241151)
laurenrussell@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415-346-0679

*Lead Counsel for Indirect Purchaser Plaintiffs*