Paul B. Justi (SBN 124727)
LAW OFFICES OF PAUL B. JUSTI
1981 North Broadway, Suite 250
Walnut Creek, CA 94596
Telephone: 925.256.7900
Facsimile: 925.256.9204
Email: pbjusti@comcast.net

Attorney for Class Member and Objector
DAN L. WILLIAMS & CO.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

|  |  |
|---|---|
| In re:<br><br>CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>All Indirect Purchaser Plaintiffs | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 3:07-cv-05944-JST<br><br>MDL No.: 1917<br><br>**DAN L. WILLIAMS & CO.'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE LATE AMENDED OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATIONS** |

        Class member and Objector Dan L. Williams & Co. (Williams), hereby replies to the

Indirect Purchaser Plaintiffs' (IPP) response (Dkt. No. 4457) in Opposition to Williams' motion

for leave to file late amended objections (Dkt. No. 4455) to the Special Master's Report and

Recommendation.

_____

Law Offices of Paul B. Justi
1981 N. Broadway, Ste 250 Walnut Creek, CA

Williams would summarize the opposition filed by IPP counsel as (a) acknowledging that they would not normally object to this late filing, but that they are prejudiced because of the time available to them to respond before the Fairness Hearing on March 15; (b) Williams' counsel has failed to demonstrate excusable neglect; and (c) Williams proposed to incorporate other objections by reference.

In reply, Williams briefly states as to each opposing argument:

(a) Lack of prejudice is two-fold: (1) IPP counsel have more than sufficient time to respond to Williams' amended objection—which includes only 6 pages of argument—before the fairness hearing, given that they were able to respond to over 80 pages of objections in 5 days (3 business days) where the amended objections were due on February 26, 2016 and IPP counsel's response was filed on March 2, 2016; and (2) IPP counsel has actually already responded in substance to the objections presented by Williams in its 57-page Response to Objections (Dkt. No. 4449). The nuances of Williams' arguments with respect to its three objections can be reasonably addressed at the Fairness Hearing, even if IPP counsel lacked time to respond in writing.

    a. Williams objects to the proposed attorneys' fees award. IPP counsel's 57-page objection to the Special Master's Report and Recommendation addresses this issue at pages 30-48.

    b. Williams objects to the release without compensation of claims from states not listed outside the nationwide class, using Missouri claims as an example. IPP counsel's 57-page objection to the Special Master's Report and

Recommendation addresses this issue at pages 13-24, with particularity

addressing Missouri at pages 19-20 and 23.

c.  Williams objects to the adequacy of the notice campaign. IPP counsel's 57-

page objection to the Special Master's Report and Recommendation addresses

this issue at pages 24-28.

(b) Excusable neglect: Counsel never received electronic notice of the Court's order of

February 23, 2016, which directed the filing of shorter objections. Counsel's reliance

on the Court's ECF notifications was reasonable. Moreover, on the date counsel

learned of that Order, he filed the shortened objections that same day, without delay.

(c) Incorporation by Reference: Williams' one-paragraph adoption of other objections

was intended to encompass only those objections meeting the Court's shortened page

limitations, which would appear to have been appropriate pursuant to the Court's

Order of February 23. (Dkt. No. 4430; p.2 ¶1.)

Under the circumstances, Williams would respectfully urge that the delay in filing

shortened objections was consistent with his good faith practice of utilizing the most appropriate

means of following the congested docket in this matter, and that counsel acted in good faith

immediately upon learning of the need to take action on behalf of his client. Additionally, while

IPP counsel claim that undersigned counsel cannot show excusable neglect because he was

aware of the ECF failings and failed to take action to correct them, this is not entirely accurate.

In his declaration, undersigned counsel stated that he believed the ECF issues extended only to

his own filings and did not affect his ability to receive notice of other filings.  It was only upon

realizing that he did not receive the Court's February 23 order that he went back and found that

he had not been receiving notifications for filings aside from his own.

Moreover, prejudice to the opposing party is slight here, if there is any at all, because IPP counsel has shown that it would be able to respond to Williams' 6-page amended objection—in which Williams made arguments with respect to IPP counsel's fees, the interests of the settlement class, and the notice campaign—before the fairness hearing, as IPP counsel has previously responded to over 80 pages of objections in just 5 days.

Although similar to objections raised by other objectors, Williams' arguments are not duplicative of those other objections, and undersigned counsel seeks to present them to the Court and preserve them for appellate review depending on their resolution.  Nonetheless, Williams' objections are not so novel as to cause prejudice to IPP counsel.  Indeed, even if IPP counsel are unable to respond in writing to Williams' specific objections (which is highly unlikely), Williams' objections could be addressed at the fairness hearing, given IPP counsel's expansive responses to similar arguments.

Based upon these circumstances, Williams believes that excusable neglect has been demonstrated—pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) and the guidance provided by *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261-63 (9th Cir. 2010)—and he respectfully requests the Court excuse the late filing of the amended objection to the Special Master's R&R.

DATED: March 7, 2016

Respectfully submitted,

LAW OFFICES OF PAUL B.JUSTI

/s/ Paul B. Justi_____
Paul B. Justi
*Counsel for Objector Dan L. Williams & Co.*