**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | ) ) Master File No. CV-07-5944-SC ) MDL No. 1917 |

**OBJECTOR SAIK'S RESPONSE TO 03/07/16 ORDER TO SHOW CAUSE WHY FILINGS OF ATTORNEY GEORGE COCHRAN SHOULD NOT BE STRICKEN**

Upon reviewing the papers pertaining to Special Master Quinn's Report & Recommendations ("R&R"), this Court observed that counsel for class member/objector Josie Saik ("Saik") "does not appear to be a member of the bar of the Northern District of California nor, for that matter, a member of the California bar." (ECF No. 4458 at *1). Citing Civil Local Rule 11-1's bar membership requirements, the Court then ordered Saik to show cause why her attorney's entry of appearance and objections to the R&R should not be stricken from the record. *Id.* The following response complies with the Court's briefing requirements.

**I.     Local Rule 11-1 Has Been Preempted By Rule 2.1(c) of the Rules and Procedures Promulgated By The Judicial Panel On Multidistrict Litigation.**

Attorney Cochran's representation comports with both the letter and spirit behind multidistrict litigation. This unique procedural tool can be traced to Chief Justice Earl Warren's establishment of a Coordinating Committee for Multiple Litigation in the 1960s to manage 1800 conspiracy suits around the country involving electric equipment managers.[1] In response to the Committee's recommendation, Congress enacted 28 U.S.C. § 1407 in 1968. Subsection (a) of the statute provides as follows:

---

[1] John G. Heyburn II, "A View From the Panel: Part of the Solution", Tulane Law Review, Vol. 82:2225 at 2226.

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

Subsection (f) further provides that: "The Panel may prescribe rules for the conduct of its business not inconsistent with Acts of Congress and the Federal Rules of Civil Procedure." Pursuant to this statutory mandate, the Judicial Panel has promulgated Rules and Procedures for administering an MDL. Most pertinent to the Court's present order is Rule 2.1(c):

> <u>Admission to Practice before the Panel</u>. Every member in good standing of the Bar of any district court of the United States is entitled to practice before the Panel, provided, however, that he or she has established and maintains a CM/ECF account with any United States federal court. ***Any attorney of record in any action transferred under Section 1407 may continue to represent his or her client in any district court of the United States to which such action is transferred. Parties are not required to obtain local counsel.*** (emphasis added)

While Rule 2.1(c) focuses on pending actions, it logically extends to every party who subsequently seeks representation in the same proceeding. Accordingly, transferee districts routinely exempt all MDL counsel from satisfying local rules that condition their appearance on bar membership. See e.g. *IN RE: DePuy Orthopaedics, Inc., Pinnacle Hip Implant Products Liability Litigation*, 3:11-md-02244 (ND Texas).[2] The Northern District of California has shown similar deference to Rule 2.1(c) in other MDL proceedings. Most pointedly, attorney Cochran entered his appearance on behalf of several California class members/objectors in the TFT-LCD Flat Panel Litigation (Case No. 2007-md-1827 SI) without challenge from court or counsel. (Note that Martin Quinn served as Special Master in that case as well.)

---

[2] See Doc. No. 166: "Any attorney admitted to practice and in good standing of any United States District Court is admitted to practice in this litigation, and **the local counsel requirement described in the Local Rules of this Court is temporarily suspended for this litigation**. This order applies to actions transferred pursuant to Section 1407 as well as actions initiated in this Court." (emphasis added).

2

A liberal construction of Rule 2.1(c) also promotes Congress' concern that MDL proceedings heighten "the convenience of parties and witnesses and [] promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). To strip Saik of proper representation under such circumstances—barely one week before the fairness hearing—not only ignores the Judicial Panel's clear directive: it prejudices her right to assert the legal bases of her objection.

## II. Even If This Court Concludes That Rule 2.1(c) Does Not Preempt Loc.R. 11-1, Saik's Pro Se Objection Should Not Be Stricken.

Neither should this Court confuse attorney Cochran's right to represent Saik with her constitutional rights as an absent member of the CRT class. A class member's fundamental right to register objections to a proposed settlement prior to the fairness hearing has been consistently recognized under the Federal Rules of Civil Procedure. See Fed. Rule Civ. Proc. 23(e) ("A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs"); see also 2 H. Newberg & A. Conte, Class Actions § 11.55, p. 11–132 (3d ed. 1992) (explaining that Rule 23(e) entitles all class members to an opportunity to object).

That non-named class members are parties to the proceedings in the sense of being bound by the settlement is key to recognizing Saik's right. In light of the conflict between class counsel and class members once an agreement is signed, the court's independent evaluation of fundamental fairness is imperative. *Bowen v. SouthTrust Bank of Alabama*, 760 F.Supp. 889 (M.D.Ala.1991). An objector's ability to raise awareness of a settlement's negative consequences is critical to fulfilling the court's mandate. *Great Neck Capital Appreciation Inv. Partnership, L.P. v. PricewaterhouseCoopers*, 212 F.R.D. 400 (E.D.Wis.,2002).

Against this backdrop, it is abuse of discretion to strike a class member's objection before the fairness hearing if the court "applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Brown v. Ala. Dept. of Transp.,* 597 F.3d 1160, 1173 (11th Cir.2010) (quoting *Citizens for Police Accountability Political Comm. V. Browning,* 572 F.3d 1213, 1216–17 (11th Cir.2009)). After all, the very objective of the fairness hearing is for parties to object to a settlement's terms, class, or process. *Henderson v. Eaton,* No. Civ.A. 01–138, 2002 WL 31415728, at *2 (E.D.La. Oct. 25, 2002) ("[T]he Court held a final fairness hearing for the purpose of receiving and ruling on any objections or opt-outs.").

In light of the foregoing policy considerations, this Court must allow Saik to proceed with her objection even if unrepresented. Though the present order is technically confined to attorney Cochran's filings, Saik's original objection is implicated in a footnote. (Order at *1, fn. 1.). After wondering aloud whether she qualifies for "pro se" protection, the Court tabled further discussion on procedural grounds. Accordingly, Saik reserves the right to address the matter if raised in the future.[3] In any event, the Court's reliance on *Jasper v Khoury*[4] is misplaced. *Khoury* merely precluded inmates from filing individual motions on issues covered by a class action because they were represented by duly appointed class representatives. In sharp contrast, an absent class member's need for independent representation once a proposed settlement is reached is well recognized. As stated in *Great Neck Capital Appreciation Inv. Partnership, L.P. v. PricewaterhouseCoopers*, supra, at 412-13:

> Class counsel and defendants' counsel may reach a point where they are cooperating in an effort to consummate the settlement. Courts, too, are often inclined toward favoring the settlement, and the general atmosphere may become

---

[3] Saik's response would include the appropriate sworn declarations. Alternatively, because attorney Cochran has already made plans to attend the fairness hearing, he can alleviate the Court's concern at that time if desired.

[4] No. 2:06-CV-1177 GEB KJN, 2011 WL 5118535 (E.D. Cal. Oct. 27, 2011).

largely cooperative. *In re Prudential Ins. Co. of Am. Sales Practice Litig. Agent Actions,* 278 F.3d 175, 202 (3d Cir.2002) (Rosenn, J., concurring and dissenting). Thus, objectors serve as a highly useful vehicle for class members, for the court and for the public generally. From conflicting points of view come clearer thinking. *Id.* ***Therefore, a lawyer for an objector who raises pertinent questions about the terms or effects, intended or unintended, of a proposed settlement renders an important service***. (emphasis added)

For all of the foregoing reasons, the filings of attorney George Cochran should not be stricken. In any event, class member/objector Josie Saik should be permitted to pursue her original objection on a pro se basis.

DATE:  March 7, 2016                           */s/ George W. Cochran*
                                                           George W. Cochran
                                                           1385 Russell Drive
                                                           Streetsboro, Ohio 44241
                                                           Telephone: 330.607.2187
                                                           Facsimile: 330.230.6136
                                                           lawchrist@gmail.com

                                                           Attorney for Class Member/
                                                           Objector Josie Saik

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed via CM/ECF on March 7, 2016 and as a result has been served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                          By: */s/ George W. Cochran*
                                                                George W. Cochran