GEORGE JEPSEN
ATTORNEY GENERAL OF CONNECTICUT
Assistant Attorney General Gary M. Becker
55 Elm Street
Hartford, CT 06106
Tel: 860-808-5040
Fax: 860-808-5391
gary.becker@ct.gov

and other State Attorneys General noted on
signature pages.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Master File No. 3:07-cv-05944-JST |
| | MDL No. 1917 |
| | **STATEMENT OF INTEREST OF THE STATES OF CONNECTICUT, ALABAMA, ARKANSAS, COLORADO, DELAWARE, GEORGIA, KENTUCKY, LOUISIANA, MARYLAND, OHIO, OKLAHOMA, PENNSYLVANIA, and VIRGINIA** |
| This Documents Relates To: | |
| ALL ACTIONS | Hearing Date:  March 15, 2015 |
| | Time:             2 P.M. |
| | Courtroom:    Courtroom 9, 19th Floor |
| | Judge:            Honorable Jon S. Tigar |
| | Special Master: Martin Quinn, JAMS |

STATEMENT OF INTEREST OF THE STATES OF CONNECTICUT, ALABAMA, ARKANSAS, COLORADO, DELAWARE, GEORGIA, KENTUCKY, LOUISIANA, MARYLAND, OHIO, OKLAHOMA, PENNSYLVANIA, and VIRGINIA

(Master File No. CV-07-5944-JST)

1

**TABLE OF AUTHORITIES**

2

<u>Cases</u>                                                                      Page

3
4
*Illinois Brick v. Illinois*
    431 U.S. 720 (1977)…………………………….....................................   1

5
*In re Cellular 101, Inc.*
    539 F.3d 1150 (9th Cir. 2008)…………………………………………   2

6
7
*In re Auction Houses Antitrust Litig.*
    42 F. App'x 511 (2d Cir. 2002)………………………………………   4

8
*In re Auction Houses Antitrust Litig.*
    No. 00 CIV. 0648 (LAK), 2001 WL 170792 (S.D.N.Y. Feb. 22, 2001)………..   3

9
10
*Jeff D. v. Andrus*
    899 F.2d 753 (9th Cir. 1989)…………………………………………..   2

11
*McCluskey v. Rob San Servs., Inc.*
    443 F. Supp. 65 (S.D. Ohio 1977)…………………………………………...   2

12
*Parish. v. Maryland & Virginia Milk Producers Ass'n*
13
    250 Md. 24, 101 (Md. 1968)……………………………………………   2

14
*Viera v. Cohen*
    283 Conn. 412 (Conn. 2007)……………………………………………   2

15

16
<u>Statutes</u>

17
28 U.S.C. § 1715(b)…………………………………………………………..   1

18
28 U.S.C. § 1715(f)…………………………………………………………..   1

19

20
<u>Rules</u>

Fed. R. Civ. P. 12(b)(6)………………………………………………………   2

21

22
<u>Legislative History</u>

23
S. REP. 109-14, 14-20, 28, 32-33, 35, 2005 U.S.C.C.A.N. 3, 17-21, 28, 31-32, 34…..   1

24

25

26

27

28

0

1    The Attorneys General of the States of Connecticut, Alabama, Arkansas, Colorado,

2    Delaware, Georgia, Kentucky, Louisiana, Maryland, Ohio, Oklahoma, Pennsylvania, and Virginia

3    (the "Non-Repealer States") file this statement of interest under the Class Action Fairness Act

4    ("CAFA").  CAFA grants the state attorneys general the power to offer their perspective on final

5    approval of class settlements.  28 U.S.C. § 1715(b).  As Congress has explained, the primary

6    purpose of "requiring that notice of class action settlements be sent to appropriate state and

7    federal officials [is] so that they may voice concerns if they believe that the class action is not in

8    the best interest of their citizens." S. REP. 109-14, 5, 2005 U.S.C.C.A.N. 3, 6. "[N]otifying the

9    appropriate state and federal officials of proposed class action settlements will provide a check

10   against inequitable settlements in these cases" and "will also deter collusion between class

11   counsel and defendants to craft settlements that do not benefit the injured parties." *See* S. REP.

12   109-14, 14-20, 28, 32-33, 35, 2005 U.S.C.C.A.N. 3, 17-21, 28, 31-32, 34.

13   CAFA does not set up a timetable for such a statement to be filed before final approval, let

14   alone hinge the filing of such a statement on the deadline for filing objections.  *See* 28 U.S.C.

15   §1715(b).  The need for the state attorneys general to be heard in this Court only crystalized with

16   the filing of the Report and Recommendation in this case on the final approval of the Indirect

17   Purchaser Plaintiff settlements.[1]  Accordingly, the Non-Repealer States now respectfully submit

18   this Statement of Interest to assist this Court in evaluating the proposed settlements, and

19   allocation of settlement proceeds, of the Indirect Purchaser Plaintiffs.

20   The settlement proposed here assigns zero distribution to residents of states that have not

21   passed statutes or that do not have dispositive case law repealing the bar, instituted by the U.S.

22   Supreme Court in *Illinois Brick v. Illinois*, 431 U.S. 720, 729-35 (1977), on recovery of antitrust

23   damages by indirect purchasers.   At the same time, the proposed settlement compels a release of

24   these purported zero value claims, whether they be claims for damages or for equitable relief.

25   The Non-Repealer States filing this statement believe that such result is both unfounded and

26   ─────────────────

      [1] CAFA expressly provides that the states need not weigh in on any given settlement. *See*

27   28 U.S.C. § 1715(f).  Accordingly, it misplaces the role of CAFA to interpret the lack of any
     initial feedback from state attorneys general on these settlements as a factor supporting final

28   approval.

1
STATEMENT OF INTEREST OF THE STATES OF CONNECTICUT, ALABAMA, ARKANSAS, COLORADO,
DELAWARE, GEORGIA, KENTUCKY, LOUISIANA, MARYLAND, OHIO, OKLAHOMA, PENNSYLVANIA,
and VIRGINIA

(Master File No. CV-07-5944-JST)

1  unfair.  It is at best an open question as to whether residents in Non-Repealer States may obtain

2  monies by way of the equitable remedies of disgorgement and restitution.  The Special Master

3  apparently believes that they may not, but the law is far from settled on that point, as the

4  objection filed by Cooper & Kirkham, P.C. on February 26, 2016 (Doc. # 4437) amply

5  demonstrates.

6        What is settled, however, is the fact that a release in a settlement is a contract between the

7  parties, construed and enforced as would be any other contract.  *See, e.g., Jeff D. v. Andrus*, 899

8  F.2d 753, 759 (9th Cir. 1989)("An agreement to settle a legal dispute is a contract and its

9  enforceability is governed by familiar principles of contract law"); *McCluskey v. Rob San Servs.,*

10  *Inc.*, 443 F. Supp. 65, 68 (S.D. Ohio 1977)("Generally, a release is a contract, the validity of

11  which is to be determined by reference to the principles of contract law"); *Parish. v. Maryland &*

12  *Virginia Milk Producers Ass'n*, 250 Md. 24, 101 (Md. 1968)("A release, however, is a contract

13  and may be set aside for the same reasons for which any other contract may be avoided").   In

14  order for a release to be valid, there must be consideration.  *See Viera v. Cohen*, 283 Conn. 412,

15  428 (Conn. 2007)("A release acts like a contract and, as with any contract, requires consideration,

16  voluntariness and contractual capacity").  Without any distribution flowing to the residents of

17  Non-Repealer States, there is no consideration to support the release of claims flowing in the

18  other direction.   Simply put, if the defendants want a release from residents of Non-Repealer

19  States, then the release of those claims necessarily must have some value to them.  If so, they

20  should pay for that release.

21        Alternatively, if the claims of Non-Repealer State residents truly have no value, then the

22  question naturally arises -- why is a release of a valueless claim required at all?  Release is an

23  affirmative defense; it is waived if not pleaded and is not subject to resolution short of a summary

24  judgment.  *See In re Cellular 101, Inc.*, 539 F.3d 1150, 1155 (9th Cir. 2008)("Settlement and

25  release is an affirmative defense and is generally waived if not asserted in the answer to a

26  complaint").  If the claims are truly barred by *Illinois Brick*, then that is the proper subject of a

27  motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), which if granted will

28

2
STATEMENT OF INTEREST OF THE STATES OF CONNECTICUT, ALABAMA, ARKANSAS, COLORADO,
DELAWARE, GEORGIA, KENTUCKY, LOUISIANA, MARYLAND, OHIO, OKLAHOMA, PENNSYLVANIA,
and VIRGINIA

(Master File No. CV-07-5944-JST)

1   terminate the case in favor of the defendants far sooner than would pleading and proving the

2   affirmative defense of release.

3         A situation analogous to the instant case was presented to the courts in *In re Auction*

4   *Houses Antitrust Litig.*, No. 00 CIV. 0648 (LAK), 2001 WL 170792 (S.D.N.Y. Feb. 22, 2001)

5   *aff'd*, 42 F. App'x 511 (2d Cir. 2002).  In that case, a consolidated price-fixing case against

6   auction houses Sotheby's and Christie's, the class action settlement distributed the recovery to all

7   consumers who had bought or sold through the defendant auction houses only in the United States

8   during the class period.  However, the settlement also released claims of consumers who had

9   bought and sold through the auction houses outside the United States, without giving any

10  distribution at all to those consumers.  Some consumers, who had claims based on auctions both

11  in and out of the United States, objected to this release.  The district court observed that it had

12  already dismissed claims under the Sherman Act by consumers who asserted that they had been

13  damaged by price fixing in foreign auctions and opined:

14

15          Nor is there any reason to suppose that Mixed Class Members would be permitted
            to maintain suits based on foreign law to recover damages suffered in foreign
16          auctions in courts in this country, as any such claims almost certainly would be
            dismissed on the basis of the forum selection clauses in the terms and conditions
            employed by both Christie's and Sotheby's. Hence, Mixed Class Members would
17          not be required, as a condition of collecting settlement proceeds in this case, to
            give up anything of great value.
18

19  *Id.* at *11.  Nonetheless, the district court also noted:

20

21          Defendants, the Court is told, bargained hard for this release. … Thus, there is at
            least some indication that the settlement fund defendants propose to create for the
22          benefit of the class has been enhanced, even if only in a very small way, by
            defendants' perception that they thereby would gain a benefit at the expense of
23          those with foreign auction claims.

24  *Id.* at *13.  The district court concluded that "there is no reason why some class members should

25  be forced to give up something of value to enable other class members to benefit from a

26  settlement made richer at their expense," and that "an expanded release requires the allocation of

27  at least some of the settlement consideration to the holders of the claims prejudiced by the

28

                                                      3

STATEMENT OF INTEREST OF THE STATES OF CONNECTICUT, ALABAMA, ARKANSAS, COLORADO,
DELAWARE, GEORGIA, KENTUCKY, LOUISIANA, MARYLAND, OHIO, OKLAHOMA, PENNSYLVANIA,
and VIRGINIA

(Master File No. CV-07-5944-JST)

1    expansion . . . ." *Id*. at \*12-13.  For that reason, the district court rejected the settlement.

2            In affirming the district court, the Second Circuit observed "[t]hat the impairment may be

3    slight is of no moment, as we cannot say that it is valueless (indeed, it obviously has value to the

4    Auction Houses that argue so strenuously for approval of it), yet it is exacted without any

5    compensation whatsoever."  *In re Auction Houses Antitrust Litig.*, 42 F. App'x 511, 519 (2d Cir.

6    2002).  Moreover, this is not an issue that notice can cure.  *Id.* ("[A]n unfair settlement should not

7    be approved even if both notice and representation were adequate").

8            The Non-Repealer States believe that the defendants cannot both eat their cake and have it

9    too.  Either the claims have value or they do not.  If they do have value, then defendants should

10   pay for their release.  If the claims have no value, then there is no need for a release.  The Non-

11   Repealer States submit that the simplest course of action is for the Court to require removal of the

12   release imposed on the residents of Non-Repealer States who are receiving no distribution.

13   Except as stated herein, the Non-Repealer States take no position on any other aspect of the

14   proposed settlement.  The Non-Repealer States, by submitting this CAFA Statement of Interest,

15   do not intend to appear in or become parties to this case.

16

17

18

19

20

21

22

23

24

25

26

27

28

STATEMENT OF INTEREST OF THE STATES OF CONNECTICUT, ALABAMA, ARKANSAS, COLORADO, DELAWARE, GEORGIA, KENTUCKY, LOUISIANA, MARYLAND, OHIO, OKLAHOMA, PENNSYLVANIA, and VIRGINIA

(Master File No. CV-07-5944-JST)

1

Dated:  March 8, 2016                          Respectfully submitted,

2

GEORGE JEPSEN
3                                              ATTORNEY GENERAL OF
                                               CONNECTICUT
4

    /s/ Gary M. Becker
5                                              By: Gary M. Becker
                                               Assistant Attorney General
6                                              55 Elm Street
                                               Hartford, CT 06106
7                                              Tel: 860-808-5040
                                               Fax: 860-808-5391
8                                              gary.becker@ct.gov

9

JEFF LANDRY
10                                             ATTORNEY GENERAL
                                               STATE OF LOUISIANA
11

By: Stacie L. Deblieux
12                                             Assistant Attorney General
                                               Public Protection Division
13                                             1885 North Third St.
                                               Baton Rouge, LA 70802
14                                             Tel: (225) 326-6400
                                               Fax: (225) 326-6499
15                                             Email: deblieuxs@ag.state.la.us

16

JOHN E. FROSH
17                                             MARYLAND ATTORNEY GENERAL

18

By: John Tennis
                                               Assistant Attorney General
19                                             Deputy Chief, Antitrust Division
                                               200 St. Paul Place
20                                             Baltimore, MD 21202
                                               410-576-6470
21                                             jtennis@oag.state.md.us

22

MICHAEL DeWINE
23                                             ATTORNEY GENERAL OF OHIO

24

By: Matthew K. McKinley
                                               Assistant Attorney General
25                                             Antitrust Section
                                               150 East Gay Street, 22nd Floor
26                                             Columbus, Ohio 43214
                                               (614) 995-1090
27                                             Matthew.Mckinley@OhioAttorneyGeneral.gov

28

5

STATEMENT OF INTEREST OF THE STATES OF CONNECTICUT, ALABAMA, ARKANSAS, COLORADO,
DELAWARE, GEORGIA, KENTUCKY, LOUISIANA, MARYLAND, OHIO, OKLAHOMA, PENNSYLVANIA,
and VIRGINIA
                                                             (Master File No. CV-07-5944-JST)

1    Dated:  March 8, 2016

2
                                            SAMUEL S. OLENS
3                                           ATTORNEY GENERAL OF GEORGIA

4                                           By: Monica Sullivan
                                            Assistant Attorney General
5                                           40 Capitol Square, SW
                                            Atlanta, Georgia 30334-1300
6                                           (404) 651-7675
                                            (404) 656-0677
7                                           msullivan@law.ga.gov

8
                                            MATTHEW P. DENN
9                                           ATTORNEY GENERAL OF DELAWARE

10                                          By: Michael A. Undorf
                                            Deputy Attorney General
11                                          820 N. French St., 5th Floor
                                            Wilmington, DE 19801
12                                          (302) 577-8924
                                            Michael.Undorf@state.de.us
13

14                                          ANDY BESHEAR
                                            ATTORNEY GENERAL OF KENTUCKY
15
                                            By: Charles W. Rowland
16                                          Assistant Attorney General
                                            Office of Consumer Protection
17                                          1024 Capital Center Dr.  Ste. 200
                                            Frankfort, KY  40601
18                                          (859)696-5300
                                            Charlie.Rowland@ky.gov
19

20                                          MARK R. HERRING
                                            ATTORNEY GENERAL OF VIRGINIA
21
                                            By: Tyler T. Henry
22                                          Assistant Attorney General
                                            900 East Main Street
23                                          Richmond, Virginia 23219
                                            804-692-0485
24                                          thenry@oag.state.va.us

25

26

27
                                            6
28
     STATEMENT OF INTEREST OF THE STATES OF CONNECTICUT, ALABAMA, ARKANSAS, COLORADO,
     DELAWARE, GEORGIA, KENTUCKY, LOUISIANA, MARYLAND, OHIO, OKLAHOMA, PENNSYLVANIA,
     and VIRGINIA
                                            (Master File No. CV-07-5944-JST)

1   Dated:  March 8, 2016

2

3                                        KATHLEEN G. KANE
                                         ATTORNEY GENERAL OF
                                         PENNSYLVANIA

4
                                         By: Tracy W. Wertz
5                                        Chief Deputy Attorney General
                                         Antitrust Section
6                                        Pennsylvania Office of Attorney General
                                         14th Floor Strawberry Square
7                                        Harrisburg, PA 17102-1410
                                         (717) 787-4530
8                                        twertz@attorneygeneral.gov

9

10                                       LESLIE RUTLEDGE
                                         ARKANSAS ATTORNEY GENERAL

11                                       By: John Alexander
                                         Assistant Attorney General
12                                       323 Center Street, Suite 200
                                         Little Rock, Arkansas 72201
13                                       Office: 501.682.8063 │ Cell: 501.517.4032
                                         john.alexander@arkansasag.gov

14

15                                       SCOTT PRUITT
                                         OKLAHOMA ATTORNEY GENERAL

16
                                         By: Rachel A. Irwin
17                                       Assistant Attorney General
                                         313 N.E. 21st Street
18                                       Oklahoma City, Oklahoma 73105
                                         Telephone: (405) 522-1014
19                                       Facsimile:    (405) 552-0085
                                         Rachel.Irwin@oag.ok.gov

20

21                                       LUTHER STRANGE
                                         ATTORNEY GENERAL OF ALABAMA

22
                                         By: Billington M. Garrett
23                                       Assistant Attorney General
                                         501 Washington Avenue
24                                       Montgomery, AL 3610
                                         334-242-7300
25                                       bgarrett@ago.state.al.us

26

27
                                         7
28
STATEMENT OF INTEREST OF THE STATES OF CONNECTICUT, ALABAMA, ARKANSAS, COLORADO,
DELAWARE, GEORGIA, KENTUCKY, LOUISIANA, MARYLAND, OHIO, OKLAHOMA, PENNSYLVANIA,
and VIRGINIA

                                         (Master File No. CV-07-5944-JST)

1

2

Dated:  March 8, 2016

3

4                                                  CYNTHIA H. COFFMAN
                                                   ATTORNEY GENERAL OF COLORADO

5                                                  By: Jennifer H. Hunt
                                                   First Assistant Attorney General
6                                                  Ralph L. Carr Colorado Judicial Center
                                                   1300 Broadway
7                                                  Denver, Colorado 80203
                                                   Telephone: 720-508-6215
8                                                  jennifer.hunt@coag.gov

9

10

11

12          Pursuant to Civil L.R. 5-1(i), the filer attests that concurrence in the filing of this

13  document has been obtained from each of the above signatories.

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                                   8
28
STATEMENT OF INTEREST OF THE STATES OF CONNECTICUT, ALABAMA, ARKANSAS, COLORADO,
DELAWARE, GEORGIA, KENTUCKY, LOUISIANA, MARYLAND, OHIO, OKLAHOMA, PENNSYLVANIA,
and VIRGINIA