MAURA HEALEY
Attorney General of the
Commonwealth of Massachusetts
William T. Matlack (BBO 552109)
Chief, Antitrust Division
Matthew Lyons (BBO 657685)
Assistant Attorney General
One Ashburton Place, 18th Fl.
Boston, MA 02108
Telephone: (617) 963-2414
Facsimile: (617) 727-5765
William.Matlack@state.ma.us
Matthew.Lyons@state.ma.us

CHRIS KOSTER
Attorney General of Missouri
Anne Schneider (MO Bar No. 35479)
Assistant Attorney General
P.O. Box 899
Jefferson City, MO  65102
Telephone:  (573) 751-3321
Facsimile:  (573) 751-2041
Anne.Schneider@ago.mo.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Master File No. 3:07-cv-05944-JST<br><br>MDL No. 1917<br><br>**STATEMENT OF INTEREST OF THE COMMONWEALTH OF MASSACHUSETTS AND THE STATE OF MISSOURI**<br>_____ |
| This Documents Relates To:<br><br>ALL ACTIONS | Hearing Date: March 15, 2015<br>Time:               2 P.M.<br>Courtroom:     Courtroom 9, 19th Floor<br>Judge:             Honorable Jon S. Tigar<br>Special Master: Martin Quinn, JAMS |

# TABLE OF AUTHORITIES

**Page**

Cases

*Ciardi v. F. Hoffmann-La Roche, Ltd.*
    436 Mass. 53 (2002)……………………………………………………………………2, 3

*Illinois Brick v. Illinois*
    431 U.S. 720 (1977)…………………………………………………….………………….5

*In re Lithium Ion Batteries Antitrust Litigation*
    Case No. 13-MD-02420 YGR (DMR),
    2014 WL 4955377 (N.D. Ca. Oct. 2, 2014)…...…………………………………………..4, 5

*In re Pool Products Distribution Market Antitrust Litigation*
    946 F. Supp. 554 (E.D. La. 2013)…………………………………………………………….5

*In re TFT-LCD (Flat Panel) Antitrust Litigation*
    Case No. 3:07-MD-1827 SI…………………………………………………………………..4

*Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*
    737 F. Supp. 2d 380 (E.D. Pa. 2010)………………………………………………………...4


Statutes

28 U.S.C. §1715……………………………………………………………………………….......1

Mass. Gen. Laws c. 93A, § 9(3)….…………………………………………………………….......3

Mo. Rev. Stat. § 407.010, *et seq*…………………………………………………….…………..4

**INTRODUCTION**

The Commonwealth of Massachusetts and the State of Missouri file this statement of interest under the Class Action Fairness Act ("CAFA").[1]  CAFA grants the state Attorneys General the power to offer their perspective on final approval of class settlements and does not set up a timetable for such a statement to be filed nor equate such statements with party objections. S*ee* 28 U.S.C. §1715(b).  The need for our states to be heard in this Court became manifest when the Report and Recommendation of Special Master Martin Quinn recommended the final approval of the Indirect Purchaser Plaintiff settlements without fully considering the adequacy and fairness of the settlements for residents of our states.  Dkt. No. 4351.

The Report and Recommendation ("R&R") raises several concerns for Massachusetts and Missouri.  First, and unique to our states,[2] the R&R does not include Massachusetts or Missouri in the settlement damages classes and instead assigns a value of "zero" for our states' damages claims.  This is troubling because there were causes of action for damages clearly available for residents of our states that were simply not pursued by class counsel, were stipulated away, or were lost due to avoidable procedural missteps.

Second, these damages claims of potentially millions of consumers who reside in Massachusetts and Missouri will be subject to the settlements' comprehensive release without receiving any monetary recovery or other relief.  The same is true for the injunctive claims of residents of our states as well as those of the other 24 states that are only members of the putative nationwide class, which will be releasing injunctive claims for nothing.  Combined, residents of states in which consumers will receive nothing outnumber residents of the state-specific damages classes.  Third, the proposed settlement assigns a value of zero to state injunctive claims.  The "zero" valuation of injunctive claims may have been too hastily assumed as there exists legal precedent for such claims to have monetary value under federal antitrust laws, as would be the case with a claim for disgorgement.

---

[1] CAFA expressly provides that the states need not weigh in on any given settlement. *See* 28 U.S.C. § 1715(f).  Accordingly, it is infrequent that states submit comments of this nature.
[2] New Hampshire appears to be in a factually similar position to Missouri, but is not a signatory to this brief.

We urge the Court to carefully evaluate the adequacy and fairness of the settlement terms for the consumers of Massachusetts and Missouri as well as the other consumers who are only members of the nationwide settlement class.

## I.   BASES FOR MASSACHUSETTS AND MISSOURI CLAIMS HAVING VALUE

Of unique concern to Massachusetts and Missouri is the fact that our States may be considered "repealer states" for the purpose of this settlement, and residents of our states ordinarily would be considered indirect purchasers in the same posture as purchasers in each of the 22 proposed statewide settlement classes for which certification has been requested and to whom the monetary settlement proceeds would be paid.  Our residents may well have had cognizable state claims for damages that were either not pursued or were unsuccessfully pursued by class counsel due to possible error.  However, having failed to pursue these claims, including through the settlement phase, class counsel have relegated our residents to the same putative nationwide class which will grant full releases and receive no benefits from these settlements. Objectors have pointed to causes of action available under the laws of Massachusetts, Missouri and New Hampshire, in making similar contentions.  *See* Objection filed by Theresa D. Moore & Jill T. Lin, on Feb. 26, 2016, Dkt. No. 4436.  We urge the Court to review carefully whether residents of Massachusetts and Missouri, and other states purportedly only in the nationwide class, received sufficient recognition of their legal claims for damages from these settlements.

### A.   Massachusetts

It is long-settled law that indirect purchasers in Massachusetts have standing to bring an antitrust claim for damages.  *Ciardi v. F. Hoffmann-La Roche, Ltd.*, 436 Mass. 53, 55 (2002) (indirect purchasers can assert claims for price-fixing or other anticompetitive conduct under Mass. Gen. Laws c. 93A, the Massachusetts Consumer Protection Act).  No doubt based on this law, Massachusetts indirect purchasers were originally included in the damages class.  Indirect Purchaser Plaintiffs' Consolidated Amended Complaint, Dkt. No. 437, ¶ 277.  Unfortunately, due to what appear to be entirely avoidable procedural missteps, Massachusetts indirect purchasers

were dismissed from the case.  Specifically, applicable Massachusetts law requires that a demand letter be sent to prospective respondents at least 30 days prior to filing an action.  Mass. Gen. Laws c. 93A, § 9(3).  The Special Master found that both the first and second amended complaint were filed without complying with this explicit statutory requirement and, rather than allow a third opportunity to remedy this procedural misstep, the Special Master recommended dismissal of the Massachusetts damages claim *with prejudice*.  Report, Recommendation And Tentative Rulings, Dkt. No. 768, pp. 12-14.  Class counsel subsequently stipulated to this dismissal. Stipulation and Order Modifying and Adopting Special Master's Report, Dkt. No. 799, p. 2.

As a result of this sequence of events, Massachusetts consumers are not included in the damages settlement classes despite having a clear legal claim to do so as a judicially established "repealer state."  *See Ciardi, supra*.  This raises serious questions about whether the settlement is fair and adequate for Massachusetts consumers, and this aspect of the settlement warrants close scrutiny by the Court.

In addition, class counsel should adequately represent the interests of all consumers and be free of any conflicts of interest in that representation from the beginning of a matter through settlement.  There are serious concerns as to whether that was the case here.  For example, it is unclear if counsel adequately represented the interests of Massachusetts consumers based on the failure to meet an explicit statutory procedural requirement and the failure to cure that deficiency. Subsequently, additional serious concerns arise as to whether Massachusetts indirect purchasers were appropriately excluded from the damages settlement classes notwithstanding their substantively viable damages claims or whether the interests of Massachusetts purchasers should have been considered as a unique subclass for settlement purposes.  Not every difference in position between settlement class members requires the creation of a formal subclass.  Rather, what is required is that each material difference of position be adequately advocated and resolved

3

by negotiation or adjudication.  The Court should carefully examine if the specific interests of Massachusetts consumers were adequately advocated and fairly resolved.

### B. Missouri

Based on the pleadings in this case, it appears that a damages class could have been pleaded for Missourians under Missouri's Merchandising Practices Act (MMPA), Mo. Rev. Stat. § 407.010, *et seq.*  In fact, during the pendency of this litigation and in this same District Court, Missouri damages classes survived motions to dismiss in two other cases arising from alleged price fixing claims - cases with which many class counsel in this matter are familiar: *In re TFT-LCD (Flat Panel) Antitrust Litigation*, Case No. 3:07-MD-1827 SI and *In re Lithium Ion Batteries Antitrust Litigation*, Case No. 13-MD-02420 YGR (DMR).[3, 4]

In the *TFT-LCD* litigation, an indirect purchaser class action also filed in 2007, the private class sought the Court's permission to add a damages claim based on the MMPA in the summer of 2010.  At the invitation of the Court, the Missouri Attorney General's Office filed a statement supporting the amendment.  *TFT-LCD,* Dkt. No. 2059.  In that September 27, 2010 submission, the Attorney General explained that Missouri legal precedent allowed consumers injured by the price fixing conspiracy being alleged in the *TFT-LCD* litigation to pursue those claims under the MMPA even though they were indirect purchasers.  Similar reasoning had recently been the basis for inclusion of a Missouri consumer class in another case raising antitrust causes of action.  *Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 737 F.Supp.2d 380, 416-417 (E.D. PA 2010) (denying a motion to dismiss a putative Missouri class claim based on the MMPA in a suit alleging monopolization by a branded pharmaceutical company through alleged sham litigation preventing generic entry).  Judge Illston subsequently permitted the

---

[3] Lead Counsel's firm, Trump, Alioto, & Prescott, LLP represented two class representatives and 16 additional plaintiffs in *TFT-LCD* litigation and reported 9,964 compensable hours in their fee application.  *TFT-LCD*, Dkt. No. 6635-3.
[4] Massachusetts was similarly part of the certified damages class in *TFT-LCD* and is currently a subject of a motion to certify a damages class in *In re Lithium Ion*.

4

amendment (*TFT-LCD* Dkt. No. 2641) and certified the Missouri damages class. (*TFT-LCD* Dkt. No. 3198).

In the *Lithium Ion* litigation, a private class action added a Missouri consumer class based on an MMPA claim in its consolidated amended complaint filed in July, 2013, and the claim survived a motion to dismiss directly on point: whether Missouri law would allow an indirect purchaser claim brought under the MMPA pursuant to *Illinois Brick v. Illinois,* 431 U.S. 720 (1977). *In re Lithium Ion Batteries Antitrust Litigation*, No. 13-MD-2420, 2014 WL 4955377, at *19 (N.D. Ca. Oct. 2, 2014) (District Court Judge Gonzalez on the reasoning in *In re Pool Products Distribution Market Antitrust Litigation*, 946 F.Supp. 2d 554, 570-571 (E.D. La. 2013), another case approving the use of an MMPA claim alongside antitrust claims to pursue a claim for damages for Missouri indirect purchasers).

In objections filed last Fall and again in response to the Special Master's Report and Recommendation, it was revealed that a class attorney had previously recommended the inclusion of a claim for damages on behalf of a Missouri consumer class. Dkt. Nos. 4072, 4144 and 4440. Objections raising the failure to pursue a claim for Missouri consumers were also filed on behalf of another Missouri resident by attorneys Jonathan E. Fortman, John C. Kress and Steve Miller and by class attorney Theresa Moore. Dkt. Nos. 4111, 4113, 4396 and 4436.[5]

In response to these objections, Lead Counsel has explained that he did not pursue a damages claim for residents of Missouri "because no Missouri plaintiff came forward to represent a Missouri class, and the law of the case prevented Lead Counsel from asserting a Missouri claim without a Missouri class representative." Declaration Of Mario N. Alioto In Support Of IPP's Motion For Final Approval Of Class Action Settlements, Dkt. No. 4370-1, ¶ 39. The record indicates that by the stipulation entered by Lead Counsel in late October, 2010, any prospect for a Missouri damages class was abandoned. Stipulation and Order Modifying and Adopting Special Master's Report, Dkt. No. 799, p. 2.[6] Despite the recognition that Missouri is "an omitted

---

[5] Class counsel has challenged the motives for these objections being lodged but has not yet offered an explanation of what it actually did to ascertain and represent the interests of Missouri residents whom they now seek to bind through these class action settlements.

[6] "The only amendments allowed in the Third Consolidated Amended Complaint shall

(continued…)

5

repealer state" (R&R at p. 34), it appears there was little to no analysis of a Missouri claim performed, what was done is now in dispute, and there was at least a sufficient basis in law to have pursued a claim for damages for Missourians. As a result, the settlements' failure to provide any relief for, while releasing all claims on behalf of, Missouri consumers merits further scrutiny before this Court should find they are fair and adequate.

## II.   IMPACT OF RELEASES ACROSS THE SEVERAL CLASSES

Beginning with the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint filed on March 16, 2009 (Dkt. No. 437, ¶ 240), a nationwide injunctive class has been pleaded throughout this litigation, reaching every person and non-governmental entity in the United States that purchased a CRT product during the relevant time period. When class counsel sought class certification in 2012, however, they did not seek certification of this nationwide class (Dkt. No. 1388). Nor did they ever dismiss their claim for relief for that nationwide class. Instead, they continued to plead the putative nationwide class through their Fourth Consolidated Amended Complaint filed in January, 2013 (Dkt. No. 1536). Accordingly, there remains today a putative nationwide class covering the residents of 26 states who are not included in the state-specific certified classes. Because the valid claims of Massachusetts and Missouri were simply not pursued by class counsel, were stipulated away, or were lost due to avoidable procedural missteps, the consumers of our states are members only of this putative nationwide class covering 26 states, and not among the state-specific classes.

The current settlements now seek to resolve all of these claims, including those of the putative nationwide class, but provide monetary relief only for residents of 21 state-specific classes and the District of Columbia (*not* including residents of the Massachusetts and Missouri). Nonetheless, the settlements pending court review appear to have the effect of releasing *all* claims

---

(…continued)
be…Amendments adding or dropping named plaintiffs with respect to claims and states already at issue (i.e., no new claims or states);…."

of residents of all of the states[7] – including those in Massachusetts and Missouri – while providing redress only for residents of fewer than half those states.

It is a fair question to ask whether the residents of states receiving no relief should be parties to these settlements at all. No benefits of any nature flow to Massachusetts and Missouri yet their potential damages claims appear to be released through these settlements. Similarly, the injunctive claims of both Massachusetts and Missouri and the non-damages states are released for nothing. It is unusual for class settlements to release claims without any benefit when those claims are based on the same underlying facts as claims for which other class members are receiving compensation. Particularly for Massachusetts and Missouri, this calls into question whether any so-called nationwide class should now be certified as a "settlement class" and included in the broad releases that would be granted to the defendants.

Class actions are subject to scrutiny for the very purpose of ensuring that the claims of absent class members – here, consumers in Massachusetts and Missouri as well as the other members of the non-certified nationwide class – were at least adequately represented and their settlement was fair and adequate under the circumstances. We caution that the magnitude of these potential claims, affecting consumers across 26 states, which would be effectively released without any corresponding benefit, merits more careful analysis than has heretofore occurred.

### III. EQUITABLE RELIEF

The Special Master concluded that consumers residing in the 26 states only in the nationwide class were unable to secure equitable relief, such as disgorgement. Massachusetts and Missouri agree with the views expressed by the Non-Repealer States in their separate Statement of Interest filed on March 8, 2016 at docket number 4462 that it is an open question as to whether consumers may obtain monies by way of the equitable remedies of disgorgement and restitution. *See also* Objection filed by Cooper & Kirkham, P.C. on Feb. 26, 2016, Dkt. No. 4437. As noted above, in the context of a settlement whereby hundreds of millions of consumers would have their

---

[7] Claims of residents in Illinois, Oregon and Washington are exempted from the class definition and are not the subject of these settlements or the concerns being expressed by Massachusetts and Missouri.

claims released by class counsel through these settlement agreements for no corresponding benefit, the equities of such a settlement on their "behalf" should be of concern.

## CONCLUSION

Massachusetts and Missouri respectfully submit this Statement of Interest to assist this Court in evaluating the proposed settlements, and allocation of settlement proceeds, of the Indirect Purchaser Plaintiffs.  Except as stated herein, Massachusetts and Missouri take no position on any other aspect of the proposed settlement.  In addition, by filing this Statement of Interest Massachusetts and Missouri do not intend to appear in or become parties in this matter.

Dated:  March  8, 2016

Respectfully submitted,

MAURA HEALEY
Attorney General of Massachusetts

/s/ Matthew Lyons
Matthew Lyons
Assistant Attorney General
William Matlack
Chief, Antitrust Division
*Attorneys for the Commonwealth of Massachusetts*

CHRIS KOSTER
Attorney General of Missouri

/s/Anne E. Schneider
Anne E. Schneider
Assistant Attorney General/Antitrust Counsel
*Attorneys for the State of Missouri*

## **FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i), the filer attests that concurrence in the filing of this document has been obtained from each of the signatories.