Josef D. Cooper (53015)
Tracy R. Kirkham (69912)
John D. Bogdanov (215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
Email: jdc@coopkirk.com
       trk@coopkirk.com
       jdb@coopkirk.com

Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 788-7210
Facsimile:   (415) 788-0706
Email: fos@scarpullalaw.com
       pbc@scarpullalaw.com

*Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944-JST <br><br> MDL No. 1917 |
| This Document Relates to: <br><br> All Indirect Purchaser Actions | **RESPONSE TO ORDER TO SHOW CAUSE RE: OBJECTION TO EX PARTE COMMUNICATIONS** <br><br> Date:  None <br> Time:  None <br> Courtroom: 9, 19th Floor <br> Judge:  Honorable Jon S. Tigar |

Pursuant to this Court's Order to Show Cause Re: Objection to Ex Parte Communications (Dkt. 4456), the undersigned hereby "provide authority in support of their request that the Court order the Special Master to produce his time records." *See id.* at 2. The requested materials are notes and entries in the Special Master's time records that memorialize in-person or telephonic communications with Counsel.

This Court's Order appointing the Special Master established the parameters of *ex parte* communications between the Special Master and counsel in this case. Dkt. 4077 at ¶ 6. There is general agreement that *ex parte* communications beyond those permitted by that order took place between Lead Counsel and the Special Master. Courts have the inherent authority to enforce compliance with their own orders. *California v. United States Dept. of Labor,* No. 13-cv-2069, 2016 U.S. Dist. LEXIS 2530, at *9 (E.D. Cal. Jan. 9, 2016) (citing *Peacock v. Thomas,* 516 U.S. 349, 356 (1996)); *SEC v. Hermil, Inc.,* 838 F.2d 1151, 1153 (11th Cir. 1988) ("Included in a district court's power to administer its decrees is the power to construe and interpret the language of the original order."); *U.S. v. Spallone,* 399 F.3d 415, 418 (2d Cir. 2005). Securing the notes and time records of the Special Master that evidence communications with Counsel will assist the Court in the discharge of its inherent authority to enforce its orders.

*Ex parte* communications involve a fundamental issue of fairness generally, and particularly in the context of evaluating the adequacy of a class action settlement. *Glass v. UBS Fin. Servs.,* 15 Wage & Hour Cas. 2d (BNA) 1330, 2007 U.S. Dist. LEXIS 8476, at *34-35 (N.D. Cal. Jan. 26, 2007) ("the Court is confident that [Special Master] Judge Legge, as a former federal judge, is well aware of the need to avoid ex parte communications absent specific authorization"); *see also*, Notes of the Advisory Committee on the 2003 Amendments to Rule 53, subd. (b) (stating that "difficult questions surround ex parte communications between a master and the parties" and that "[i]n most settings, [] ex parte communications with the parties should be discouraged or prohibited"). Rule 23(d) of the Federal Rules of Civil Procedure "vests a district court with the authority and discretion to protect the interests and rights of class members and to ensure its control over the integrity of the settlement approval process." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1025 (9th Cir. 1998). *See also*, Fed. R. Civ. Proc. 23(e).

A court's duty to enforce compliance with its orders and ensure fundamental fairness of the adjudicative process before a Special Master encompasses the authority to question and review the Special Master's records. In *EEOC v. United States Steel Corp.,* 95 Empl. Prac. Dec. (CCH) ¶44,471, 2012 U.S. Dist. LEXIS 49167 (W.D. Pa. Apr. 5, 2012) ("*EEOC*"), the Equal Employment Opportunity Commission ("EEOC") filed a motion for reconsideration of an order adopting a Special Master's Supplemental Report and Recommendation because U.S. Steel submitted one *ex parte* letter that allegedly addressed the merits. *Id.* at *2. Although the Court denied the motion, it did elicit further information directly from the Special Master. The order appointing the Special Master there set forth boundaries for *ex parte* communications substantially similar to the order appointing Special Master Quinn. *Id.* at *9,*25; *compare* Dkt. 4077 at ¶ 6.

The Court's inquiry in *EEOC* took several forms. The Special Master was called to testify at the hearing regarding EEOC's motion because the parties had participated in a telephone conference with the Special Master that was not transcribed and the content of which was disputed. *Id.* at *10. Prior to the hearing, the Special Master filed an affidavit with the Court addressing her recollection of reading or using the *ex parte* letter in formulating her R&R. *Id.* at *16. After the hearing, the Court "directed the Special Master to search her files for any notes she took during the [telephone] conference with the parties and for her bill regarding the same." *Id.* at *18. Here, like *EEOC*, there is no dispute that *ex parte* communications occurred. As there, the Special Master's notes and time records are being sought to determine the full extent and nature of these communications so that the Court may assess their potential impact on the R&R. There is good cause for this Court to elicit further information directly from the Special Master.

This is not a situation like those in which courts prohibit parties from taking discovery of Special Masters concerning their mental processes. *Cobell v. Norton,* 237 F. Supp. 2d 71, 102 (D.D.C. 2003) (declining to compel deposition of special masters); *Gary W. v. State of Louisiana Dep't of Health & Human Servs.,* 861 F.2d 1366, 1369 (5th Cir. 1988) ("mental processes rule has been applied to prevent involuntary testimony of judicial and quasi-judicial officers); *Alford v. Aaron Rents, Inc.,* No. 08-cv-683, 2010 U.S. Dist. LEXIS 91097, at *6 (S.D. Ill. Sept. 2, 2010) ("The Court finds that Professor Dorothy as Special Master is not subject to discovery of his

mental processes.")

    Here, the purpose is not to determine what the Special Master thought about the issues, but rather to whom he spoke and the subject matter of the communication. Securing copies of these time entries and notes is an entirely objective exercise regarding the existence of non-administrative *ex parte* communications. Further, it is not necessary for the parties to see the notes or time records (although many Special Masters routinely submit time records to the parties as support for their billing statements). The purpose for which the undersigned are requesting the records would be equally well served by having the Special Master produce his notes and time records solely to Your Honor for inspection *in camera*.

Dated: March 8, 2016                                  Respectfully submitted,

                                                                                                             /s/ Josef D. Cooper
                                                                                                             Josef D. Cooper

                                       Josef D. Cooper (53015)
                                       Tracy R. Kirkham (69912)
                                       John D. Bogdanov (215830)
                                       COOPER & KIRKHAM, P.C.
                                       357 Tehama Street, Second Floor
                                       San Francisco, CA 94103
                                       Telephone: (415) 788-3030
                                       Facsimile: (415) 882-7040
                                       Email: jdc@coopkirk.com


                                                                  /s/ Francis O. Scarpulla
                                                                   Francis O. Scarpulla

                                       Francis O. Scarpulla (41059)
                                       Patrick B. Clayton (240191)
                                       LAW OFFICES OF FRANCIS O. SCARPULLA
                                       456 Montgomery Street, 17th Floor
                                       San Francisco, CA 94104
                                       Telephone: 415-788-7210
                                       Facsimile: 415-788-0706
                                       fos@scarpullalaw.com

Pursuant to Civil L.R. 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.