Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the*
*Indirect Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST; No. CV-13-03234-JST <br><br> MDL No. 1917 <br><br> **CLASS ACTION** |
| This Document Relates to: <br><br> All Indirect Purchaser Actions | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE RE: OBJECTION TO EX PARTE COMMUNICATIONS** <br><br> Date: March 15, 2016 <br> Time: 2:00 p.m. <br> Judge: Honorable Jon S. Tigar <br> Court: Courtroom 9, 19th Floor <br> Special Master: Martin Quinn (JAMS) |

1  Lead Counsel hereby responds to the Order to Show Cause Re: Objections to Ex Parte
2 Communications, Dkt. No. 4456 ("OSC"), as follows.

3 In compliance with the OSC, Lead Counsel has filed some of the requested documents on the
4 Case Anywhere docket.  As to the remaining documents (IPP Counsel's time and expense records
5 and communications relating thereto), they should not be produced.  All of these *ex parte*
6 communications were proper under the terms of the Special Master's Order Re: Motion to Compel
7 Lead Counsel to Produce IPP Counsel's Time-And-Expense Records (Dkt. No. 4211) (the
8 "November 30, 2015 Order"), to which no one objected.  Messrs. Cooper/Scarpulla have provided
9 no basis for their request that these confidential materials and communications be filed in the public
10 record now. Such an order would be unprecedented and unnecessary in light of the Special Master's
11 thorough review of the records and the Court's ability to review them *in camera*.

12 Objectors Cooper and Scarpulla's ("Cooper/Scarpulla") request is an improper attempt to
13 circumvent the November 30, 2015 Order.  This Order largely denied their motion for production of
14 IPP Counsel's time and expense records and instead required their production to the Special Master
15 for *in camera* review (*id*. at 5).  Because Cooper/Scarpulla failed to object to the November 30, 2015
16 Order and fail to show any legitimate need for IPP Counsel's time and expense reports beyond what
17 they have already been provided, their request must be denied.

18 **I.      RELEVANT PROCEDURAL HISTORY**

19 On November 17, 2015, Cooper/Scarpulla filed a Motion to Compel Lead Counsel to
20 Produce all Indirect Purchaser Plaintiffs' Counsel's Time-And-Expense Reports. (Dkt. No. 4191.)
21 Lead Counsel opposed the motion on November 23, 2015 on procedural and substantive grounds,
22 arguing that (1) Cooper/Scarpulla had failed to serve a formal discovery request, failed to comply
23 with Civil L.R. 37-2, and failed to meet and confer with Lead Counsel as required by Fed. R. Civ. P.
24 37 and Civil L.R. 37-1; and (2) time record discovery is rarely permitted unless objectors show a
25 "legitimate need," which they entirely failed to do in light of the vast amount of information
26 provided by IPP Counsel in support of the attorneys' fee motion, and the fact that the Special Master
27 could review IPP Counsel's time records *in camera*.  Pursuant to this Court's Order of November 18,
28 2015 (Dkt. No. 4195), Lead Counsel did not file this opposition brief in the Court record.  A copy of

1   the opposition brief and the Declaration of Lauren C. Capurro in support thereof are attached to the
2   Declaration of Mario N. Alioto In Support of Indirect Purchaser Plaintiffs' Response to Order to
3   Show Cause Re: Objection to Ex Parte Communications ("Alioto OSC Decl.") as Exhibits A and B.
4           Two other objectors joined in Cooper/Scarpulla's motion to compel: Dan L. Williams & Co.
5   and Sean Hull.  Copies of these joinders are attached to the Alioto OSC Decl. as Exhibits C and D.
6           On November 30, 2015, the Special Master issued his Order Re: Production of IPP Counsels'
7   Time and Expense Records.  (Dkt. No. 4211.)  The Order concluded that Lead Counsel's procedural
8   objections were "technically correct," but ultimately were not persuasive because "there simply is
9   not time for normal motion and meet and confer practice." (*Id.* at 3.)  The Special Master also
10  agreed with Lead Counsel that "discovery of billing records should be rarely allowed because of the
11  very limited value they normally bring to the lodestar analysis.  *Lobatz v. U.S.W. Cellular of*
12  *California, Inc.,* 222 F.3d 1142, 1148 (9th Cir. 2000) (denying discovery by objectors of time
13  records); *Fox v. Vice*, 131 S. Ct. 2205, 2211 (2011) ("The determination of [attorneys'] fees should
14  not result in a second major litigation.")." (*Id*.)
15          Nonetheless, the Special Master ordered Lead Counsel to provide a limited subset of IPP
16  Counsel's time records (those of Lead Counsel and the three firms who joined the litigation in late
17  2014 as trial counsel, for the years 2014 and 2015 only) to Cooper/Scarpulla. (*Id.* at 4-5.)  He
18  reasoned that their request "differ[ed] from those in other cases denying discovery of billing records,
19  including *LCD*, because they are brought not by outside objectors, but by two firms of class counsel.
20  This distinction is meaningful because, unlike outside objectors, these objectors have the experience
21  and first-hand knowledge of the case to provide potentially helpful analysis of the lodestar to the
22  Special Master." (*Id*. at 3-4.)
23          The Special Master denied the other objectors access to the time records because they "have
24  not demonstrated adequate justification for disregarding the normal judicial reluctance to allow
25  objectors discovery of billing records," and ordered Cooper/Scarpulla to "keep these records
26  confidential and not [] share them with other objectors or class counsel." (*Id*. at 4-5.)  The Order also
27  required Lead Counsel to produce the daily time records of *all* IPP Counsel to the Special Master for
28

an *in-camera* review.  (*Id*. at 5 ("Lead Counsel shall produce to the Special Master *only* copies of the billing records of all class counsel. . . ") (emphasis added).)

The November 30, 2015 Order denied Cooper/Scarpulla's motion for production of IPP Counsel's expense reports, finding that "their justification for this demand is weak.  Other than general conclusory statements, they point to no impropriety in the claimed expenses."  (*Id*. at 4.) The Special Master did, however, order Lead Counsel to produce "detailed backup for all expenses for *his own review*," and to "recommend to the Special Master by December 2, 2015 a process for enabling him to spot check a representative sampling of expense receipts and other backup for claimed expenses, and shall keep available all backup for claimed expenses for the Special Master's inspection on request."  (*Id*. at 5 (emphasis added).)  Significantly, neither Cooper/Scarpulla nor any other objector objected to the Special Master's November 30, 2015 Order.  Their objections have therefore been waived.

Lead Counsel complied with the November 30, 2015 Order, and on December 2, 2015, submitted the subset of time records to Cooper/Scarpulla, and all IPP Counsel's time records to the Special Master.  (Alioto OSC Decl. ¶ 4.)  Also on December 2, 2015, Lead Counsel wrote a letter to the Special Master in which he proposed a process for enabling the Special Master to spot check a representative sampling of expense receipts and other backup for IPP Counsel's claimed expenses. (*Id*. ¶ 5.) None of these communications were posted on Case Anywhere because, aside from the limited subset of time records provided to Cooper/Scarpulla, the November 30, 2015 Order provided that the time and expense records be provided to the Special Master only for *in camera* review.

Despite being given access to Lead Counsel's and the trial team's billing records, Cooper/Scarpulla were unable to articulate *any* specific objections to support their claims of duplicative and excess billing.  Their reply in support of their objections filed December 9, 2015 before the Special Master (Dkt. No. 4363 at 33) is replete with vague, hyperbolic accusations and not much else. (*See, e.g., id.* at 1 (accusing the trial firms of "bill[ing] their way into familiarity with the case, without even attempting to coordinate with or benefit from co-counsel who had been with this case from the start.").)  Likewise, with regard to their contention that Lead Counsel wasted time creating "unnecessary conflict" with the California Attorney General ("CA AG"),

1  Cooper/Scarpulla's reply in support of their objections doesn't even refer to Lead Counsel's time
2  reports in the section dealing with the CA AG. (*See id*. at 4.)
3        On December 15, 2015, this Court held a hearing on the motion by counsel for Direct
4  Purchaser Plaintiffs in this MDL ("DPPs") for an award of attorneys' fees and expenses in their case.
5  At this hearing, the Court commented on certain expense submissions by DPP counsel relating to
6  travel, meals and lodging.  Lead Counsel, while not participating, was present at the hearing.
7  Immediately following this hearing, Lead Counsel adjusted the audit being conducted of IPP
8  Counsel's expense records to focus on the travel, meals and lodging expenses incurred by IPP
9  Counsel.[1]  The goal was to ensure that these expenses conformed with the Court's remarks.  (Alioto
10 OSC Decl. ¶ 6.)
11       Lead Counsel completed the audit of these expenses and submitted a detailed audit report to
12 the Special Master on January 7, 2016.  The audit resulted in the withdrawal of $36,153.07 in IPP
13 Counsel's expenses.  Lead Counsel also submitted to the Special Master expense receipts and other
14 backup for expenses as required by the November 30, 2015 Order.  (*Id*. ¶7.)
15       After an *in camera* evaluation of the detailed expense submission, the Special Master was
16 satisfied that IPP Counsel's expense request warrants approval.  (*See* Dkt. No. 4351 ("R&R") at 74-
17 77.)  The Special Master found that "[t]he categories of expenses are listed in detail"; "Lead Counsel
18 appointed an Audit committee of several firms to review and verify the expenses, assisted by an
19 accounting firm"; and "Lead Counsel conducted another review of all the expense requests of every
20 class counsel firm and eliminated questionable items." (*Id.* at 74-75.)  In fact, the Special Master
21 wrote that it appeared to him that the supplemental review of expenses, which resulted in a
22 $36,153.07 reduction, "was meticulous and conservative—more conservative, in fact, than [the
23 Special Master] would have been in assessing the same expenses." (*Id.* at 83.)
24       As for IPP Counsel's time records, the Special Master categorically rejected
25 Cooper/Scarpulla's objections and found that "class counsel's billing records appear highly reliable
26 and detailed and that the time spent and the rates charged were reasonable for case of this

---

[1] Lead Counsel requested expense details from all IPP Counsel firms.  Mr. Bonsignore withdrew his request for expenses (and fees) and never provided the requested information.  *See* Dkt. No. 4270.

4

INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE RE: OBJECTION TO EX PARTE COMMUNICATIONS - Master File No. CV-07-5944-JST

complexity[;]" (*id*. at 73); and "the billing entries showed that for the most part the case was staffed in a reasonably 'lean and mean' manner.  For most firms, 75% or more of the work was performed by 2-3 lawyers consistently over the eight years. . . .  *Duplication of efforts was thus minimized*.")" (*id.* at 72 (emphasis added).)

It is Lead Counsel's understanding that the Special Master is providing the results of the expense audit to the Court for *in camera* review.  Lead Counsel will also provide IPP Counsel's time records to the Court upon request if they have not already been furnished by the Special Master. (Alioto OSC Decl. ¶ 8.)

## II. EX PARTE COMMUNICATIONS WITH THE SPECIAL MASTER

In accordance with the OSC, Lead Counsel has filed on the JAMS Case Anywhere docket *ex parte* communications with the Special Master regarding this case, except as listed below. (Alioto OSC Decl. ¶ 9.)

Lead Counsel has **not** filed the following documents on Case Anywhere because they relate to the submission of IPP Counsel's confidential time and expense records for *in camera* review by the Special Master, in compliance with the November 30, 2015 Order (Dkt. No. 4211 at 5).  All of these documents will be provided to the Court for *in camera* review upon request. (Alioto OSC Decl. ¶10)

| DOCUMENT | DESCRIPTION |
|---|---|
| December 2, 2015 Letter from Mario N. Alioto to Special Master Quinn | This letter contains Lead Counsel's initial recommendation of a "process for enabling the [Special Master] to spot check a representative sampling of expense receipts and other backup for claimed expenses," in compliance with Para. 3 of the November 30, 2015 Order (Dkt. No. 4211 at 5). The Special Master's reference in the December 31, 2015 email to "Mr. Alioto . . . having his accountants perform a more detailed audit of the expense requests," (cited by Cooper/Scarpulla, Dkt. No. 4437 at 14-15) is based on Lead Counsel's initial recommendation to the Special Master for spot checking the expense requests. |
| December 2, 2015 Email from Lauren Capurro to Special Master Quinn | This email attached the December 2, 2015 letter referenced above and provided the link and instructions to the Special Master and his Case Assistant for downloading IPP Counsel's time records.  This email was sent in accordance with Para. 3 of the November 30, 2015 Order (Dkt. No. 4211 at 5). |

5

INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE RE: OBJECTION TO EX PARTE COMMUNICATIONS - Master File No. CV-07-5944-JST

| December 2, 2015 Email from Lauren Capurro to Special Master Quinn | This email provided the password necessary for downloading IPP Counsel's time records, referenced above. The email was sent separately to ensure that the time records remained confidential. |
|---|---|
| Exhibits 1 and 2 to the January 7, 2016 Letter from Mario N. Alioto to Special Master Quinn | Exhibit 1 is a summary of the expense audit results and Exhibit 2 is the detail of the disallowed expenses on a firm-by-firm basis. Lead Counsel also provided all of the expense receipts and other backup materials received from IPP Counsel. |
| January 7, 2016 Email from Lauren C. Capurro to Special Master Quinn | This email attached the January 7, 2016 letter from Mario N. Alioto to the Special Master that the Special Master refers to in his R&R (Dkt. No. 4351 at 75) and which has now filed on Case Anywhere. The email also provided the link and instructions to the Special Master and his Case Assistant for downloading Exhibit 1 and 2 to the letter, and the expense receipts and other backup materials received from IPP Counsel. |
| January 7, 2016 Email from Lauren C. Capurro to Special Master Quinn | This email provided the password necessary for downloading Exhibits 1 and 2, and the expense receipts and other backup materials received from IPP Counsel, referred to above. This email was sent separately to ensure that the expense audit materials remained confidential. |
| January 8, 2016 Email from Special Master Quinn to Lauren Capurro and Mario N. Alioto | This email from the Special Master was in response to Lead Counsel's submission of the expense audit materials referred to above. |
| January 9, 2016 Email from Lauren C. Capurro on behalf of Mario N. Alioto to Special Master Quinn | This email responds to the Special Master January 8, 2016 email regarding the expense audit. |

Lead Counsel has also not filed on Case Anywhere emails to and from the Special Master dealing with matters such as:

- Requests for payment of JAMS bills and other billing matters;
- Requests by the Special Master to confirm that he had all necessary filings on a particular matter;
- Requests that Lead Counsel prepare stipulations regarding scheduling for circulation to the parties;
- Requests for cases cited in the briefs which the Special Master could not access;

- Requests by the Special Master to confirm that he had all necessary JAMS filings so that he could provide a complete record of these filings to the Court; and
- Efforts by the Special Master in October 2015 to resolve objections to the settlements (with consent of the parties).

These emails are administrative in nature and the Order Appointing Martin Quinn as Special Master permits such *ex parte* communications between counsel and the Special Master (*see* Dkt. No. 4077 at 8, ¶6). Moreover, they are not in the nature of submissions for consideration by the Special Master in preparing his R&R. However, these emails will also be provided to the Court for *in camera* review or posted on Case Anywhere should the Court so require. (Alioto OSC Decl. ¶ 11.)

## III.   ARGUMENT

Cooper/Scarpulla's request that the record be supplemented with all *ex parte* communications with the Special Master, including time and expense records, is effectively another motion to compel production of IPP Counsel's time and expense records. As such, their request amounts to an improper attempt to circumvent the Special Master's November 30, 2015 Order (Dkt. No. 4211), which largely denied their motion for production of IPP Counsel's time and expense records and instead required their production to the Special Master for *in camera* review. (*Id.* at 5.) Cooper/Scarpulla fail to provide any legitimate need for IPP Counsel's time and expense records beyond what has already been provided to them, and have waived any objection to the November 30, 2015 Order. Their request must be denied.

### A. Objectors Have Provided No Legitimate Need for Additional Time and Expense Record Discovery

Cooper/Scarpulla have provided no basis for this Court to disregard "the normal judicial reluctance to allow objectors discovery of billing records." (Dkt. No. 4211 at 4.) Time record discovery is rarely permitted and should not be permitted in this case beyond what has already been ordered by the Special Master. "[T]he determination of [attorney's] fees should not result in a second major litigation," *Fox v. Vice*, 131 S.Ct. 2205, 2210 (2011); *Lobatz v. U.S. W. Cellular of California, Inc.*, 222 F.3d 1142, 1148 (9th Cir. 2000) (affirming denial of "request for discovery of class counsel's contemporaneous time records"); *In re Genetically Modified Rice Litig.*, 764 F.3d 864, 872 (8th Cir. 2014) ("discovery in connection with fee motions is rarely permitted") (citations omitted).

7
INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE RE: OBJECTION TO EX PARTE COMMUNICATIONS - Master File No. CV-07-5944-JST

1    As *Lobatz* explains, the discovery sought by objectors often "impose[s] on district courts,
2  as well as litigants, a rigid process . . . of little benefit" in evaluating the reasonableness of a fee
3  award. 222 F.3d at 1148. That is particularly so where, as here, the objectors fail "to show any
4  legitimate need for the records[.]" *Id.* Cooper/Scarpulla failed to show a legitimate need for all of
5  IPP Counsel's time and expense records before the Special Master, and they fail to do so again
6  now. Indeed, the need for Cooper/Scarpulla (or any other objector) to review IPP Counsel's time
7  and expense records is even less compelling now given that the Special Master has now conducted
8  a thorough, *in camera* review of the records and rejected all of Cooper/Scarpulla's objections
9  thereto. (*See* R&R at 54-55; 60-66; 70-75.) Cooper/Scarpulla fail to explain why the Special
10 Master's review is insufficient.

11   Time record discovery is all the more unwarranted in light of the preference for the
12 percentage plus lodestar cross-check method typically employed in this type of case. *Vizcaino v.*
13 *Microsoft Corp.,* 290 F.3d 1043, 1051 (9th Cir. 2002); Dkt. No. 4071 (Fee Motion) at 10
14 (collecting many cases). The percentage plus multiplier cross-check method not only aligns
15 class/lawyer interests in a sensible way, but avoids precisely the type of time entry-parsing in
16 which objectors seek to engage. *See In re Activision Securities Litig.*, 723 F. Supp. 1373 (N.D.
17 Cal. 1989), *cited with approval by In re Omnivision Technologies, Inc.*, 559 F. Supp. 2d at 1046
18 ("The Court finds [the] advantages persuasive, and adopts the percentage method in this matter.").

19   Nor will additional discovery contribute anything of value to the Court's lodestar "cross
20 check" analysis. As it stands, the Special Master has recommended a 2.13 multiplier on counsel's
21 current lodestar (after the ten percent reduction) of $81,067,569.20. That proposed multiplier falls
22 well within the standard range, *see Vizcaino,* 290 F.3d at 1051, and no amount of line-by-line
23 examination by objectors will have any material bearing on the Court's analysis. For example,
24 even a reduction of the lodestar by another ten percent (which is in no way warranted) would result
25 in a multiplier of 2.4. This would still be well within the standard and acceptable range. (*See* Dkt.
26 No. 4071 (IPPs' Fee Motion) at 25 (collecting cases). *See also Fox*, 131 S.Ct. at 2216 (in
27 performing lodestar analyses, "courts need not, and indeed should not, become green-eyeshade
28 accountants" because the goal "is to do rough justice, not to achieve auditing perfection");

*Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) ("where used as a mere cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court"); *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 306-07 (3d Cir. 2005) ("The lodestar cross-check calculation need entail neither mathematical precision nor bean-counting.  The district courts may rely on summaries submitted by the attorneys and need not review actual billing records.").

Finally, "the information already provided [by IPP Counsel] in great detail is sufficient to enable [objectors] to analyze the propriety of the lodestar and expenses claimed."  (November 30, 2015 Order (Dkt. No. 4211) at 4; *see also* Alioto OSC Decl., Ex. A, at 5-7 (describing the various submissions by IPP Counsel in support of the motion for attorneys' fees and reimbursement of expenses).  In the face of this vast record, Cooper/Scarpulla cannot show any "legitimate need" for discovery of IPP Counsel's time and expense records. *Lobatz,* 222 F.3d at 1148; *see also* Fed.R.Civ.P. 23(h)(1), Advisory Committee Notes ("One factor in determining whether to authorize discovery is the completeness of the material submitted in support of the fee motion .... If the motion provides thorough information, the burden should be on the objector to justify discovery to obtain further information.")

In short, the Special Master's *in camera* review of IPP Counsel's time and expense records was more than sufficient.  Providing these records to objectors would add no value to the process, is a recipe for protracted and irrelevant sideshow disputes, and accordingly should be denied.

**B.  Objectors Have Waived Any Objection to the Special Master's November 30, 2015 Order Regarding Time and Expense Records**

Neither Cooper/Scarpulla nor any other objector objected to the November 30, 2015 Order within the required 14-day time limit (*see* Dkt. No. 4077 at 7).  They have therefore waived any objection to the Order's terms, including those providing that Lead Counsel would provide IPP Counsel's time and expense records to the Special Master for *in camera* review.  Their request that the above-listed communications relating to the submission of the time and expense records be filed in the public record must be denied on these grounds alone.

Nor is there any argument that Lead Counsel's communications with the Special Master went beyond the scope of the November 30, 2015 Order.  It was necessary that Lead Counsel's cover letters and emails submitting IPP Counsel's time and expense records be sent only to the

1  Special Master in order to preserve the confidentiality of the time and expense records themselves.
2  For example, the emails on December 2, 2015 and January 7, 2016 submitting IPP Counsel's time
3  records and expense records contained a link and instructions for downloading these confidential
4  materials.  If those emails had been posted on Case Anywhere, anyone could have accessed them
5  by following the instructions.
6       Finally, the Special Master was acting well within his discretion when he ordered the time
7  and expense records produced for his *in camera* review.  *See* Fed. R. Civ. P. 53(f)(5) ("the court
8  may set aside a master's ruling on a procedural matter only for an abuse of discretion").  Indeed, it
9  is standard practice in class actions for the district court to review class counsel's time and expense
10 records *in camera*.  *See, e.g.,* Dkt. No. 4182 (ordering DPPs to lodge time and expense records
11 with the Court for *in camera* review).

**IV.   CONCLUSION**

For all of the foregoing reasons, Cooper/Scarpulla's request that the record be supplemented with all communications with the Special Master, including time and expense records, must be denied.

Dated: March 8, 2016                                    Respectfully submitted,

           */s/ Mario N. Alioto*

Mario N. Alioto (56433)
malioto@tatp.com
Joseph M. Patane (72202)
jpatane@tatp.com
Lauren C. Capurro (241151)
laurenrussell@tatp.com
**TRUMP, ALIOTO, TRUMP & PRESCOTT LLP**
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415-346-0679

*Lead Counsel for Indirect Purchaser Plaintiffs*