Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the*
*Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST; No. CV-13-03234-JST |
| | MDL No. 1917 |
| | **CLASS ACTION** |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE RE: OBJECTION TO EX PARTE COMMUNICATIONS**<br><br>Date: March 15, 2016<br>Time: 2:00 p.m.<br>Judge: Honorable Jon S. Tigar<br>Court: Courtroom 9, 19th Floor<br>Special Master: Martin Quinn (JAMS) |

I, Mario N. Alioto, declare:

1.       I am an attorney duly licensed by the State of California and am admitted to practice before this Court.  I am a partner with the law firm Trump, Alioto, Trump & Prescott, LLP and my firm serves as Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs") in the above-captioned action.  I submit this Declaration in support of IPPs' Response to The Court's Order to Show Cause (Dkt. No. 4437).  The matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them; and as to matters on stated on information and belief, I believe them to be true.

2.       Attached as **Exhibits A and B** are true and correct copies of Lead Counsel's opposition to the Motion to Compel Lead Counsel to Produce all Indirect Purchaser Plaintiffs' Counsel's Time-And-Expense Reports, and the Declaration of Lauren C. Capurro in support thereof.

3.       Attached as **Exhibits C and D** are true and correct copies of joinders by Objectors Dan L. Williams & Co. and Sean Hull in Cooper/Scarpulla's motion to compel.

4.       On November 30, 2015, the Special Master issued an Order requiring Lead Counsel to produce the daily time records of *all* IPP Counsel to the Special Master for an *in-camera* review. Neither Cooper/Scarpulla nor any other objector objected to the Special Master's November 30, 2015 Order.  I complied with the November 30, 2015 Order and on December 2, 2015 submitted the subset of time records to Cooper/Scarpulla, and all IPP Counsel's time records to the Special Master.

5.       Also on December 2, 2015, I wrote a letter to the Special Master in which I proposed a process for enabling the Special Master to spot check a representative sampling of expense receipts and other backup for IPP Counsel's claimed expenses.  None of these communications was posted on Case Anywhere because, aside from the limited subset of time records provided to Cooper/Scarpulla, the November 30, 2015 Order provided that the time and expense records be provided to the Special Master only for *in camera* review.

6.       I was present at the December 15, 2015, hearing on the motion by counsel for Direct Purchaser Plaintiffs in this MDL ("DPPs") for an award of attorneys' fees and expenses in their case. Immediately following this hearing, I adjusted the audit being conducted of IPP Counsel's expense records to focus on the travel, meals and lodging expenses incurred by IPP Counsel.

DECL. OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO ORDER
TO SHOW CAUSE RE: OBJECTION TO EX PARTE COMMUNICATIONS - Master File No. CV-07-5944-JST

7.     I completed the audit of these expenses and submitted a detailed audit report to the Special Master on January 7, 2016.  The audit resulted in the withdrawal of $36,153.07 in IPP Counsel's expenses.  I also submitted to the Special Master expense receipts and other backup for expenses as required by the November 30, 2015 Order.

8.     It is my understanding that the Special Master is providing the results of the expense audit to the Court for *in camera* review.  I will also provide IPP Counsel's time records to the Court upon request if they have not already been furnished by the Special Master.

9.     In accordance with the OSC, I have caused to be filed on the JAMS Case Anywhere docket *ex parte* communications with the Special Master regarding this case, except as listed below. I certify that this was done today at 4.20 p.m. PST.

10.     The documents listed below have not been filed on Case Anywhere.  They relate to the submission of IPP Counsel's confidential time and expense records for *in camera* review by the Special Master, in compliance with the November 30, 2015 Order (Dkt. No. 4211 at 5).  All of these documents will be provided to the Court for *in camera* review upon request.

| DOCUMENT | DESCRIPTION |
|---|---|
| December 2, 2015 Letter from Mario N. Alioto to Special Master Quinn | This letter contains Lead Counsel's initial recommendation of a "process for enabling the [Special Master] to spot check a representative sampling of expense receipts and other backup for claimed expenses," in compliance with Para. 3 of the Special Master's Order Re Motion to Compel Lead Counsel's Time-And-Expense Reports (Dkt. No. 4211 at 5). The Special Master's reference in the December 31, 2015 email to "Mr. Alio . . . having his accountants perform a more detailed audit of the expense requests," (cited by Cooper/Scarpulla, Dkt. No. 4437 at 14-15) is based on Lead Counsel's initial recommendation to the Special Master for spot checking the expense requests. |
| December 2, 2015 Email from Lauren Capurro to Special Master Quinn | This email attached the December 2, 2015 letter referenced above and provided the link and instructions to the Special Master and his Case Assistant for downloading IPP Counsel's time records.  This email was sent in accordance with Para. 3 of the Special Master's Order (Dkt. No. 4211 at 5). |
| December 2, 2015 Email from | This email provided the password necessary for downloading |

DECL. OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE RE: OBJECTION TO EX PARTE COMMUNICATIONS - Master File No. CV-07-5944-JST

| DOCUMENT | DESCRIPTION |
|---|---|
| Lauren Capurro to Special Master Quinn | IPP Counsel's time records, referenced above. The email was sent separately to ensure that the time records remained confidential. |
| Exhibits 1 and 2 to the January 7, 2016 Letter from Mario N. Alioto to Special Master Quinn | Exhibit 1 is a summary of the expense audit results and Exhibit 2 is the detail of the disallowed expenses on a firm-by-firm basis.  Lead Counsel also provided all of the expense receipts and other backup materials received from IPP Counsel. |
| January 7, 2016 Email from Lauren C. Capurro to Special Master Quinn | This email attached the January 7, 2016 letter from Mario N. Alioto to the Special Master that the Special Master refers to in his R&R (Dkt. No. 4351 at 75) and which has now filed on Case Anywhere. The email also provided the link and instructions to the Special Master and his Case Assistant for downloading Exhibit 1 and 2 to the letter, and the expense receipts and other backup materials received from IPP Counsel. |
| January 7, 2016 Email from Lauren C. Capurro to Special Master Quinn | This email provided the password necessary for downloading Exhibits 1 and 2, and the expense receipts and other backup materials received from IPP Counsel, referred to above.  This email was sent separately to ensure that the expense audit materials remained confidential. |
| January 8, 2016 Email from Special Master Quinn to Lauren C. Capurro and Mario N. Alioto | This email from the Special Master was in response to Lead Counsel's submission of the expense audit materials referred to above. |
| January 9, 2016 Email from Lauren C. Capurro on behalf of Mario N. Alioto to Special Master Quinn | This email responds to the Special Master January 8, 2016 email regarding the expense audit. |

11.     I have also not filed on Case Anywhere emails to and from the Special Master dealing with matters such as:

- Requests for payment of JAMS bills and other billing matters;

- Requests by the Special Master to confirm that he had all necessary filings on a particular matter;

- Requests that Lead Counsel prepare stipulations regarding scheduling for circulation to the parties;

- Requests for cases cited in the briefs which the Special Master could not access;

- Requests by the Special Master to confirm that he had all necessary JAMS filings so that he could provide a complete record of these filings to the Court; and

- Efforts by the Special Master in October 2015 to resolve objections to the settlements (with consent of the parties).

These emails are administrative in nature and the Order Appointing Martin Quinn as Special Master permits such *ex parte* communications between counsel and the Special Master (*see* Dkt. No. 4077 at 8, ¶6).  In addition, they are not in the nature of submissions for consideration by the Special Master in preparing his R&R.  However, these emails will also be provided to the Court for *in camera* review or posted on Case Anywhere should the Court so require.

12.     It was necessary that Lead Counsel's cover letters and emails submitting IPP Counsel's time and expense records be sent only to the Special Master in order to preserve the confidentiality of the time and expense records themselves.  For example, the emails on December 2, 2015 and January 7, 2016 submitting IPP Counsel's time records and expense records contained a link and instructions for downloading these confidential materials.  If those emails had been posted on Case Anywhere, anyone could have accessed them by following the instructions.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 8th day of March, 2016 at San Francisco, California.


/s/     *Mario N. Alioto*
        Mario N. Alioto

***Lead Counsel for the Indirect Purchaser Plaintiffs***

4

# EXHIBIT A

Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the*
*Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO MOTION TO COMPEL LEAD COUNSEL TO PRODUCE ALL INDIRECT PURCHASER PLAINTIFFS' COUNSEL'S TIME-AND-EXPENSE REPORTS** |
| All Indirect Purchaser Actions | Before: Special Master Martin Quinn, JAMS |

# I.     INTRODUCTION

The undersigned Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs") hereby submits this Opposition to the Motion to Compel Lead Counsel to Produce all Indirect Purchaser Plaintiffs' Counsel's Time-And-Expense Reports (Dkt. No. 4191) (the "Motion").

Objectors' Motion is procedurally defective and should be denied.  Objectors never served Lead Counsel with a formal discovery request before moving to compel, and their Motion fails to comply with Civil L.R. 37-2, the requirements of which are mandatory.  They also failed to meet and confer with Lead Counsel as required by Fed. R. Civ. P. 37 and Civil L.R. 37-1.

The Motion should also be denied on substantive grounds.  Time record discovery is rarely permitted and should not be permitted in this case.  IPP Counsel have provided a vast amount of information in support of their Fee Motion (Dkt. No. 4107).  This information is more than adequate to enable objectors to assess that motion.  Time record discovery is also unnecessary given that the Special Master has been appointed to investigate and evaluate the Fee Motion, and can review IPP Counsel's time records if he believes doing so would be helpful.  Objectors' contentions regarding the need for time record discovery are unsupported and readily disproven.  The Motion must therefore be denied.

# II.    ARGUMENT

## A.  Objectors' Motion is Procedurally Defective and Should be Denied

Objectors' motion to compel Lead Counsel to produce IPP Counsel's time and expense records is procedurally defective in at least four ways.

First, objectors have never served Lead Counsel with a Fed. R. Civ. P. 34 Request for Production of Documents or a Rule 45 subpoena *duces tecum*.  They have only requested the time and expense records informally, by email.[1]  Objectors cannot move to compel production of the time and expense records under Fed. R. Civ. P. 37 without first making a formal discovery request.  *See*

---

[1] *See* Mot. at 2:1-11, and Exs. 1-4 of Scarpulla Decl. (Dkt. No. 4191-3).

1

*James v. Wash Depot Holdings, Inc.,* 240 F.R.D. 693, 695 (S.D. Fla. 2006) ("Rule 37 does not authorize a court to compel documents . . . based on an informal discovery request.")[2]

Second, as a result of objectors' failure to propound formal document requests, their motion also fails to comply with the Northern District's Civil L.R. 37-2, which requires that the motion "must set forth each request in full, followed immediately by the objections and/or responses thereto. For each such request, the moving papers must detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied."  Objectors' moving papers do not provide any of this required information.

Third, objectors failed to meet and confer with Lead Counsel as required by both Fed. R. Civ. P. 37 and the Northern District's Civil L.R. 37-1(a).[3]  As the emails attached to objectors' declaration in support of their motion show, Lead Counsel offered to discuss objectors' request for IPP Counsel's time and expense records on two separate occasions.[4]  Objectors never responded to Lead Counsel's requests to meet and confer.  Instead, they proceeded to file this motion without the required certification that they met and conferred in good faith.  The motion is therefore procedurally defective.

Finally, objectors' Motion is also untimely.  Objectors have had plenty of time to propound formal discovery and move to compel.  Yet they did nothing for almost *three months* following their

---

[2] *See also* Fed. R. Civ. P. 37(a)(3)(B): "To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made *if*: (iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34." (Emphasis added.)

[3] *See* Fed. R. Civ. P. 37 ("The motion *must* include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.") (emphasis added); N.D. Cal. Civil L.R. 37-1(a) ("**Conference Between Counsel Required.** The Court *will not* entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues.") (emphasis added.) In addition, IPPs note that, while the Special Master has not yet set forth procedures for discovery disputes, this Court's Standing Order, paragraph F, states:  "A party may not file a motion regarding a discovery dispute without leave of court."

[4] *See, e.g.,* Scarpulla Decl., Ex. 1 (August 20, 2015 email in which Lead Counsel proposed that he and Mr. Scarpulla discuss Mr. Scarpulla's request for the time and expense records by phone); *id.* Ex. 4 (November 13, 2015 email from Lead Counsel offering to "discuss this further").

1  first communication with Lead Counsel regarding time record discovery on August 19, 2015.  They

2  then requested that Lead Counsel respond to their Motion on shortened time at the same time that

3  Lead Counsel was also finalizing IPPs' reply in support of the motion for attorneys' fees and IPPs'

4  motion for final approval of the settlements (eleven separate filings), which were due November 20,

5  2015.

6       In sum, objectors' failure to comply with Federal and Local Rules for discovery disputes and

7  motions to compel requires that their motion be denied.  Notwithstanding these procedural

8  deficiencies and without waiving IPPs' rights, IPPs request that the Special Master also decide this

9  matter on the merits.

10       **B.  Time Record Discovery Is Unnecessary and Should be Denied**

11       As explained in IPPs' reply in support of the Fee Motion,[5] time record discovery is rarely

12  permitted and should not be permitted in this case.  "[T]he determination of [attorney's] fees should

13  not result in a second major litigation," *Fox v. Vice*, 131 S.Ct. 2205, 2210 (2011), yet that is what

14  objectors have in mind with their motion to compel IPP Counsel's time and expense reports.  To be

15  clear, IPP Counsel are happy to submit additional time detail for *in camera* review if the Special

16  Master believes such information would be helpful.  But discovery on these issues is neither

17  necessary nor wise.  *Lobatz v. U.S. W. Cellular of California, Inc.*, 222 F.3d 1142, 1148 (9th Cir.

18  2000) (affirming denial of "request for discovery of class counsel's contemporaneous time records");

19  *In re Genetically Modified Rice Litig.*, 764 F.3d 864, 872 (8th Cir. 2014) ("discovery in connection

20  with fee motions is rarely permitted") (citations omitted).

21       As *Lobatz* explains, the discovery sought by objectors often "impose[s] on district courts, as

22  well as litigants, a rigid process . . . of little benefit" in evaluating the reasonableness of a fee award.

23  222 F.3d at 1148.  That is particularly so where, as here, the objectors fail "to show any legitimate

24  need for the records[.]"  *Id.*  Objectors fail to explain why discovery of IPP Counsel's time detail—

25

26

27

28

---

[5] *See* Indirect Purchaser Plaintiffs' Reply Re: Motion for Attorneys' Fees, Reimbursement of Litigation Expenses and Incentive Awards for Class Representatives (filed November 20, 2015) ("Reply").

1 as opposed to prompt *in camera* review by the Special Master—is necessary or appropriate.  This is

2 nothing more than a fishing expedition.

3       Indeed, Special Master Quinn rejected a similar motion for time record discovery by

4 objectors in *LCD*.  *See* Case No. 07-md-01827-SI, Dkt. No. 7088 (Special Master's Order Re

5 Objectors' Motion for Leave to Conduct Discovery, For Continuance of Fairness Hearing, For

6 Appointment of Independent Counsel (No Hrg.)) ("*LCD Order*").[6]  As in *LCD*, the Court has

7 appointed Mr. Quinn as Special Master "to conduct a thorough investigation and evaluation of the

8 fee application, with the authority to request information and evidence in any form [he] may require

9 to make a fair and complete recommendation to the Court." *Id.* at 3.  Nowhere in their Motion do

10 objectors explain why Special Master Quinn cannot perform the same function here.

11       Time record discovery is all the more unwarranted in light of the preference for the

12 percentage plus lodestar cross-check method typically employed in this type of case. *See Vizcaino*,

13 290 F.3d at 1051; Fee Motion, at 10 (collecting many cases).  The percentage plus multiplier cross-

14 check method not only aligns class/lawyer interests in a sensible way, but avoids precisely the type

15 of time entry-parsing in which objectors seek to engage. *See In re Activision Securities Litig.*, 723 F.

16 Supp. 1373 (N.D. Cal. 1989), *cited with approval by In re Omnivision Technologies, Inc.*, 559 F.

17 Supp. 2d at 1046 ("The Court finds [the] advantages persuasive, and adopts the percentage method

18 in this matter.").

19       Nor will discovery contribute anything of value to the court's lodestar "cross check" analysis.

20 As it stands, IPP Counsel have requested a 2.3 multiplier on counsel's historical lodestar of $83.8

21 million.  That proposed multiplier falls well within the standard range, *see Vizcaino*, 290 F.3d at

22 1051, and no amount of line-by-line examination by objectors will have any material bearing on the

23 Court's analysis.  For example, even a reduction of the lodestar by twenty percent (which is in no

[6] The *LCD Order* is attached as Exhibit 1 to the Declaration of Lauren C. Capurro in Support of IPPs' Opposition to Motion to Compel Lead Counsel to Produce all Indirect Purchaser Plaintiffs' Counsel's Time-And-Expense Reports, filed herewith.

IPPS' OPPOSITION TO OBJECTORS' MOTION TO COMPEL LEAD COUNSEL TO PRODUCE ALL IPP
COUNSEL'S TIME-AND-EXPENSE REPORTS - Master File No. CV-07-5944-JST

way warranted) would result in a multiplier of less than 3.  This would still be within the standard and acceptable range.  *See* Fee Motion, at 25 (collecting cases).[7]

In all events, the Special Master is more than capable of reviewing IPP Counsel's time records.  Objector discovery adds no value to the process, is a recipe for protracted and irrelevant sideshow disputes, and accordingly should be denied.[8]

### C.  IPP Counsel Have Already Provided Sufficient Information to Assess the Fee Motion

As in *LCD*, "the information presently on file and fully available to Objectors provides them more than adequate information and opportunity to evaluate and question the . . . fee application." *LCD Order* at 3.  IPP Counsel have already provided a vast amount of information in support of their motion for attorneys' fees.  Along with the opening brief, Lead Counsel filed a 50-page declaration detailing the eight-year history of the case, including all of the work done by IPP Counsel and the steps taken by Lead Counsel to manage the case efficiently and avoid duplication of effort.  (*See* Dkt. No. 4071-1.)

In addition, 45 IPP firms each filed a declaration summarizing the work done by their firm over the past eight years.  (*See* Dkt. No. 4073.)  Each of these declarations attaches a spreadsheet with a breakdown of the billing rate and hours spent by each attorney and paralegal on each of 12 different categories of tasks.  *Id.*  IPP Counsel also submitted a declaration from attorney fee expert, Richard Pearl, who opined regarding the law on attorneys' fees and attested to the reasonableness of IPP Counsel's rates and hours.  (*See* Dkt. No. 4071-15.)  *Compare LCD Order* at 3 (listing almost identical submissions by class counsel in that case).

---

[7] *See generally Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) ("where used as a mere cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court"); *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 306-07 (3d Cir. 2005) ("The lodestar cross-check calculation need entail neither mathematical precision nor bean-counting.  The district courts may rely on summaries submitted by the attorneys and need not review actual billing records.").

[8] The cases cited in this section also answer objectors' suggestion that the court should ignore the percentage method in favor of a strict lodestar analysis.  Motion at 3.  There is a clear preference in the Ninth Circuit and elsewhere for using the percentage method in combination with a simple lodestar cross-check, which is a framework that makes perfect sense here for all the reasons described above.  *See generally Fox*, 131 S.Ct. at 2216 (in performing lodestar analyses, "courts

With regard to expenses, IPP Counsel's declarations detailed all the expenses for expert witnesses and other third parties for which they seek reimbursement. (*See* Dkt. No. 4071-1 and 4073.)  Lead Counsel has offered to provide backup documentation for such expenses to the Special Master.  (*See* Reply at p. 29.)

On November 20, 2015, IPP Counsel supplemented the already voluminous record with submissions in support of their Reply.  Lead Counsel's supplemental declaration in support of the motion for attorneys' fees summarized the work done by all of the firms with lodestars over $2 million and demonstrated that their assignments were necessary and not duplicative.[9]  Lead Counsel also explained why it was necessary to bring additional, experienced trial counsel into this case (*see* Reply at p. 22-23), and responded to objectors' mischaracterizations of his "protracted fight" with the California Attorney General.  *Id.* at 24.  In addition, nine firms filed declarations refuting objectors' unsupported contentions regarding the management of this case by Lead Counsel, and attesting to the efficient management of this case and the collegiality among IPP Counsel.[10]

Richard Pearl also filed a supplemental declaration providing additional support for, among other things, the time spent litigating this case.[11]  Of note, Mr. Pearl points out that the *LCD* court "found as part of its lodestar cross-check that plaintiffs' counsel had reasonably expended at least 313,000 hours. *See LCD R&R*, p. 10.  The instant case involves 41% fewer hours – 183,000 here vs. 313,000 in *LCD* – and the case was litigated for two years longer than *LCD*."  *Id.* at ¶ 8.[12]

---

need not, and indeed should not, become green-eyeshade accountants" because the goal "is to do rough justice, not to achieve auditing perfection").

[9] *See* Supplemental Declaration of Mario N. Alioto in Support of IPPs' Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Incentive Awards for Class Representatives (filed November 20, 2015) ("Alioto Fee Decl. II"), at p. 2-4.

[10] *See* Compendium of Declarations in Support of IPPs' Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Incentive Awards for Class Representatives (filed November 20, 2015).

[11] *See* Supplemental Declaration of Richard M. Pearl in Support of IPPs' Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Incentive Awards for Class Representatives (filed November 20, 2015) ("Pearl Decl. II") ¶¶ 5-13; 18-19.

[12] Other facts further support the reasonableness of IPP Counsel's lodestar, and refute objectors' contentions of mismanagement by Lead Counsel. *See, e.g.,* Reply at p. 18 (noting that counsel billed 152,349 hours in the indirect purchaser *DRAM* case despite it being much less advanced than this case). *See also id.* at p. 20, n. 46 (noting that Lead Counsel's lodestar is much less than that of lead counsel in the indirect purchaser *LCD* and *DRAM* cases, and is only slightly more than that of Lead

6

1    In the face of this vast record, objectors' unsupported assertion that "the documentation

2    submitted by Lead Counsel is not sufficient" cannot hold water.  Indeed, the only specific example

3    objectors provide (that the categories used by Lead Counsel do not disclose adequately what time

4    was spent on what tasks) is particularly lacking given that the same categories were used and

5    approved in *LCD*.  *See* Alioto Fee Decl. II ¶ 24.[13]  *See also* Pearl Decl. II ¶¶ 18-19 (citing cases in

6    support of his opinion that the time summaries submitted here are "perfectly adequate" and "are

7    more useful for evaluating the reasonableness of time spent on a case" than a line-by-line

8    examination of counsel's time records).

9    Finally, the cases cited by objectors also fail to support their Motion.[14]  None of these cases

10   involves a motion to compel time records by objectors or counsel of record.  *Bash* and *Agent Orange*

11   merely stand for the proposition that class counsel can object to settlements they previously

12   advocated for, and need not be disqualified in the class action context despite taking positions

13   adverse to their former clients.  *See Bash,* 861 F.3d at 161; *Agent Orange*, 800 F.2d at 18-19.  Since

14   that is not the issue here, these cases are irrelevant.

15   *Carr v. Tadin* does involve time records.  But there was no motion to compel the time

16   records by another party.  In *Carr*, the court ordered counsel to produce their time records *sua sponte*

17   because counsel hadn't provided sufficient detail in their fee motion.  51 F. Supp. 3d at 981-982.

18   The opinion doesn't provide any information regarding what was provided by counsel and why it

19   was deficient, and objectors make no effort to explain why the facts are similar to this case.

20   Moreover, *Carr* was not a common fund case.  It was a statutory fee shifting case where the

21   lodestar method applied and the court was required to perform a detailed review of class counsel's

22   time records.  *Id.* at 978.  As described above, there is a clear preference in the Ninth Circuit and

23   elsewhere for using the percentage method in combination with a simple lodestar cross-check in

24   ─────────────────

25   Counsel for the DPPs in this case even though the DPPs settled with most of the Defendants before merits depositions began.)

26   [13] The only category missing in this case that was included in *LCD* was "Liaison Counsel Duties." No Liaison Counsel was appointed in this case so this category was not necessary.

27   [14] *See* Mot. at p. 3, citing *Bash v. Firstmart Standard Life Ins. Co.,* 861 F.2d 159, 161 (7th Cir.

28   1988); *In re Agent Orange Prod. Liability Litig.,* 800 F.2d 14, 18-19 (2d Cir. 1986); and *Carr v. Tadin, Inc.,* 51 F. Supp. 3d 970, 982 (S.D. Cal. 2014).

1   common fund cases.   Objectors have provided no reason to depart from this preferred approach.

2   (*See* Reply at p. 15-28.)

3   **III.      CONCLUSION**

4              For all of the foregoing reasons, objectors' motion to compel Lead Counsel to produce IPP

5   Counsel's time and expense records is procedurally and substantively defective.  Despite having

6   several opportunities to do so, objectors have failed to provide any legal or factual support for their

7   motion.  The motion must be denied.

8

    Dated:  November 23, 2015                       Respectfully submitted,
9

10                                                   */s/ Mario N. Alioto*
                                                     Mario N. Alioto (56433)
11                                                   malioto@tatp.com
                                                     Joseph M. Patane (72202)
12                                                   jpatane@tatp.com
                                                     Lauren C. Capurro (241151)
13                                                   laurenrussell@tatp.com
                                                     TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
14                                                   2280 Union Street
                                                     San Francisco, CA 94123
15                                                   Telephone: 415-563-7200
                                                     Facsimile: 415-346-0679
16
                                                     *Lead Counsel for Indirect Purchaser*
17                                                   *Plaintiffs*

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

1   Mario N. Alioto (56433)
    Joseph M. Patane (72202)
2   Lauren C. Capurro (241151)
    TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
3   2280 Union Street
    San Francisco, CA 94123
4   Telephone: 415-563-7200
    Facsimile: 415- 346-0679
5   Email: malioto@tatp.com
    jpatane@tatp.com
6   laurenrussell@tatp.com

7   *Lead Counsel for the*
    *Indirect Purchaser Plaintiffs*
8

9

10                    **UNITED STATES DISTRICT COURT**

                      **NORTHERN DISTRICT OF CALIFORNIA**
11
                        **SAN FRANCISCO DIVISION**
12

13   IN RE: CATHODE RAY TUBE (CRT)        Master File No. CV-07-5944-JST
     ANTITRUST LITIGATION
                                          MDL No. 1917
14

15   _____   **DECLARATION OF LAUREN C. CAPURRO**
                                          **IN SUPPORT OF INDIRECT PURCHASER**
16   This Document Relates to:            **PLAINTIFFS' OPPOSITION TO MOTION**
                                          **TO COMPEL LEAD COUNSEL TO**
     All Indirect Purchaser Actions       **PRODUCE ALL INDIRECT PURCHASER**
17                                         **PLAINTIFFS' COUNSEL'S TIME-AND-**
                                          **EXPENSE REPORTS**
18

19                                         Before: Special Master Martin Quinn, JAMS

20

21

22

23

24

25

26

27

28

DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF IPPS' OPPOSITION TO OBJECTORS' MOTION
TO COMPEL LEAD COUNSEL TO PRODUCE ALL IPP COUNSEL'S TIME-AND-EXPENSE REPORTS –
Master File No. CV-07-5944-JST

1       I, Lauren C. Capurro, declare:

2       1.      I am an attorney duly licensed by the State of California and am admitted to practice

3 before this Court.  I am an associate with the law firm Trump, Alioto, Trump & Prescott, LLP and

4 my firm serves as Lead Counsel for the Indirect Purchaser Plaintiffs ("Plaintiffs") in the above-

5 captioned action.  I make this declaration in support of the Indirect Purchaser Plaintiffs' Opposition

6 to Objectors' Motion to Compel Lead Counsel to Produce all IPP Counsel's Time-And-Expense

7 Reports.  Except where otherwise stated, the matters set forth herein are within my personal

8 knowledge and if called upon and sworn as a witness I could competently testify regarding them.

9       2.      Attached hereto as Exhibit 1 is a true and correct copy of the Special Master's Order

10 Re Objectors' Motion for Leave to Conduct Discovery, For Continuance of Fairness Hearing, For

11 Appointment of Independent Counsel (No Hrg.), Dkt. No. 7088, filed in *In re TFT-LCD Antitrust*

12 *Litig.,* Case No. 07-md-01827-SI.

13       I declare under penalty of perjury under the laws of the United States that the foregoing is

14 true and correct.  Executed this 23rd day of November 2015, at San Francisco, California.

16                     /s/ Lauren C. Capurro

17                     Lauren C. Capurro

DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF IPPS' OPPOSITION TO OBJECTORS' MOTION
TO COMPEL LEAD COUNSEL TO PRODUCE ALL IPP COUNSEL'S TIME-AND-EXPENSE REPORTS –
Master File No. CV-07-5944-JST

# EXHIBIT 1

1    Martin Quinn
     JAMS
2    Two Embarcadero Center, Suite 1500
     San Francisco, CA 94111
3    Telephone: (415) 982-5267
     Fax: (415) 982-5287
4
5    SPECIAL MASTER
6
7
8
9                        UNITED STATES DISTRICT COURT
10                      NORTHERN DISTRICT OF CALIFORNIA
11                          SAN FRANCISCO DIVISION
12
13   IN RE: TFT-LCD (FLAT PANEL)          CASE NO. M:07-cv-01827-si
     ANTITRUST LITIGATON
14                                        SPECIAL MASTER'S ORDER RE
15                                        OBJECTORS' MOTION FOR LEAVE
                                          TO CONDUCT DISCOVERY, FOR
16                                        CONTINUANCE OF FAIRNESS
                                          HEARING, FOR APPOINTMENT OF
17                                        INDEPENDENT COUNSEL (No Hrg.)
18   This Order Relates to:
19   INDIRECT-PURCHASER CLASS ACTION
20
21
22
23        On October 25, 2012, Objectors Ira Conner Erwin, Luis Mario Santana and Stefan Rest
24   filed a motion for leave to conduct discovery regarding the fairness of the IPP Class settlement, a
25   continuance of the November 29, 2012 fairnesshearing, and the appointment of an independent
26   counsel or impartial special master in connection with IPP Plaintiffs' fee and expense application
27   [Dkt. No. 7042]. I have determined that no opposition or hearing is required. Having considered
28   all arguments and evidence submitted by Objectors, I now make the following Order.

<u>Objectors' Requested Discovery and Other Relief</u>

Ostensibly to put themselves in a position to adequately represent the interests of the Class at a "true adversarial proceeding" regarding the fee application, Objectors seek to conduct wide-ranging discovery.  They demand production of the following documents: (1) IPP Class Counsel's time records and filling rates, (2) a list of all expert fees and litigation expenses with supporting documentation, (3) all communications between Class Counsel and defendants about settlement negotiations, (4) documents supporting the requested incentive award to Class representatives, (5) the mailing list for class notice, (6) a schedule for distributions to Class members, (7) copies of all exhibits and evidence Class Counsel will introduce at the Fairness Hearing, and (8) fee agreements between Class representatives and Class Counsel.  They seek by interrogatory the identity of all expert witnesses whom Class Counsel will present at the Fairness Hearing.  Finally, they seek leave to take the depositions of all expert witnesses and Class Counsel who will testify at the Fairness Hearing and the PMK for each of the lead Class Counsel law firms.

To allow time for this discovery they seek a continuance of the Fairness Hearing from November 29, 2012.

In order to advocate for the interests of the Class, they seek appointment of independent counsel to represent the Class.  In order to assist the Court in evaluating fairness, they seek in addition to, or as an alternative to, independent counsel the appointment of an "impartial" Special Master.

<u>Analysis</u>

The determination of the fairness of a class settlement, including the amount of attorneys' fees and expenses and incentive award, is entrusted to the sound discretion of the district court.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026, 1029 (9th Cir. 1998)  The Court must determine whether the settlement is "fair, adequate and reasonable" to the class.  *Id.* at 1026. In an appropriate case the court may allow objectors to conduct discovery, but the ultimate objective is to ensure that objectors have access to information about the settlement and attorney fee that is adequate to evaluate the issues and more than "generalized." *In re Mercury Interactive Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010) [approval of settlement reversed because objections required to be filed before fee applications were made].

In this case, I conclude that the information presently on file and fully available to Objectors provides them more than adequate information and opportunity to evaluate and question the settlement terms and fee application. Moreover, the Court has appointed me as Special Master to conduct a thorough investigation and evaluation of the fee application, with the authority to request information and evidence in any form I may require in order to make a fair and complete recommendation to the Court.

Much of the information Objectors seek in discovery is already available to them. Each of the 115 Class Counsel law firms (with a few minor exceptions) has filed a declaration that details the work they performed, and attaches a spreadsheet with a breakdown of the billing rate and hours spent by each attorney and paralegal on each of 13 different categories of tasks.Class Counsel have offered to make available to me or the Court detailed hourly billing records to support those spreadsheets. Class Counsel's separate motion for litigation expenses [Dkt. No. 5157] details all the expenses for expert witnesses and other third parties for which they seek reimbursement. Class Counsel have also submitted to the Court all backup documentation for such expenses. Copies of exhibits to be presented at the Fairness Hearing are attached to Class Counsel's motions for approval of the settlement and for attorneys' fees and incentive award. (Although Objectors do not seek discovery from the State Attorneys General, they also have submitted to the Court comparably detailed support for their fee and expense requests.).

Some information Objectors seek is either protected by confidentiality or is not an appropriate subject for discovery. Communications between Class Counsel and defense counsel about settlement were all, or virtually all, conducted during an ongoing mediation, and thus are protected from disclosure by mediation confidentiality. Cal. Evid.Code, §1119. Fee agreements between Class representatives and Class Counsel are not relevant since Class Counsel are not seeking compensation based on a fee agreement, but rather as a percentage of a common fund.

Other information Objectors seek is either unlikely to be available or unlikely to be helpful to the Court in evaluating the fairness of the settlement of the fee request. The mailing list, if any, for class notice and a schedule of distributions, which is unlikely to exist, would not be relevant to the fairness of the settlement. Class Counsel have told the Court that all the funds remaining after payment of fees and expenses will be distributed pro rata to the thousands or millions of members of the Class. Nor would depositions of PMK witnesses for the two lead law firms about their "billing practices" provide helpful information to the Court. The lead law firms

have filed detailed declarations describing their work and billing on this case, and have offered to supply me or the Court with detailed daily hourly billing records. Finally, depositions of experts or counsel who would testify at the Fairness Hearing, if any, would not improve the Court's ability to evaluate fairness. Both experts for Class Counsel, and counsel themselves, have filed detailed declarations providing the bases of their opinions – all of which information is fully available to Objectors.

I do agree that Objectors are entitled to know the identity of any experts and other witnesses who will testify at the Fairness Hearing, and to have copies of any exhibits and evidence Class Counsel plan to introduce at that hearing.

In *Mercury Interactive*, the Ninth Circuit found it inadequate for Objectors to be required to make their arguments before any attorney fee applications had been filed, and therefore based only on the general information contained in the class notice. Here, Objectors have the fee applications themselves complete with fully detailed descriptions of the basis for the fee requests. Moreover, here the Court has assigned me the task of investigating in as much detail as required the justification for the fee applications. I will assess the fairness of the fee request against all the required factors identified by the Ninth Circuit. I will perform a meticulous cross-check of the requested percentage award against the lodestar calculations by Class Counsel. I have interviewed mediators and other counsel in the case. My Report and Recommendation will be available to Objectors approximately three weeks before the Fairness Hearing.

Because I conclude that discovery is neither necessary nor helpful, and because the Objectors will have well before the hearing not only the applications supported by detailed evidence, but my Report and Recommendation, I conclude there is no basis on which to continue the November 29 Fairness Hearing.

Finally, I conclude there is no justification for the appointment of either independent counsel for the Class, or an "impartial" Special Master to evaluate the fee request. The Objectors are represented by experienced counsel who are more than capable of making whatever arguments are required to advance the interest of the Class with respect to the settlement. Moreover, the Court itself has long experience in evaluating the fairness of settlements, and is fully cognizant of her fiduciary duty to the Class to ensure that their interests are protected. Finally, as the Special Master who has managed discovery in this case for over two years I have the background and experience to perform an impartial evaluation of the fairness of the

attorneys' fee application as already directed by the Court. Objectors have not presented any evidence or reason why I would be "impartial" in performing this task, other than noting that my fees are paid by counsel. Objectors cite no authority for disqualifying me from making an impartial recommendation to the Court merely because I am paid by counsel. Objectors cite no authority for disqualifying me from making an impartial recommendation to the Court merely because I am paid by counsel. It is entirely normal for Special Master to be paid by the parties, since federal courts typically have no funds themselves with which to pay for such assistance.

ORDER

For the reasons stated, and good cause appearing, IT IS ORDERED that Objectors' Motion for Leave to Conduct Discovery, Continue the Fairness Hearing and to Appoint an Independent Counsel or Impartial Special Master is DENIED, except that not later than seven days before the Fairness Hearing, Class Counsel shall file a statement identifying any experts or other persons they intend to call as witnesses at the Fairness Hearing, and shall serve on Objectors copies of all exhibits or evidence they intend to present at the Fairness Hearing other than that attached to their moving and reply papers.

Dated: November 2, 2012

_____
Martin Quinn, Special Master

# EXHIBIT C

Paul B. Justi (SBN 124727)
LAW OFFICES OF PAUL B. JUSTI
1981 North Broadway, Suite 250
Walnut Creek, CA 94596
Telephone: 925.256.7900
Facsimile: 925.256.9204
Email: pbjusti@comcast.net

Attorney for Class Member and Objector
DAN L. WILLIAMS & CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| In re:<br><br>CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.: 3:07-cv-05944-SC<br><br>MDL No.: 1917<br><br>**JOINDER OF OBJECTOR DAN L. WILLIAMS & CO. IN MOTIONS TO COMPEL PRODUCTION OF CLASS COUNSEL'S TIME AND EXPENSE RECORDS AND FOR DEPOSITIONS RE: BILLING** |

Objector Dan L. Williams & Co. joins in the pending motions for the production

of class counsel's time and expense records and for the taking of depositions regarding such

///

///

///

///

1    records.

2    Date: November 25, 2015                    LAW OFFICES OF PAUL B. JUSTI

3

4                                               By _____

5                                                        Paul B. Justi

6                                               Attorneys for Class Member and Objector
                                                DAN L. WILLIAMS & CO.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT D**

Timothy R. Hanigan
LANG, HANIGAN & CARVALHO, LLP,
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367
(818) 883-5644
trhanigan@gmail.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | ) **Master File No. 3:07-cv-5944-SC**<br>)<br>) **MDL No. 1917**<br>) |
| _____ | ) |
| **This document relates to:** | )<br>) |
| **ALL INDIRECT PURCHASER ACTIONS** | ) **The Honorable Samuel Conti**<br>) **Special Master Charles A. Legge (Ret.)**<br>) |
| _____ | ) |

## JOINDER OF SEAN HULL AND RE-URGING OF OBJECTION

Objector Sean Hull has previously objected on the basis that class counsel should produce its time records and the Court should conduct an intensive lodestar analysis as follows:

> In *Rose v. Bank of America Corp., et al.,* 2014 WL 4273358 (N.D. Cal. August 29, 2014), a lodestar analysis was conducted in a non-mega-fund case resulting in fees being reduced from the requested 25% benchmark percentage (slightly in excess of $8 million) to $2,402,243.91.   In performing the lodestar analysis of class counsel's time records, this case appears to have some interesting wrinkles that warrant an even closer look that usual by the Court. Robert J. Bonsignore has filed a declaration under docket number 4072 on September 23, 2015.  In paragraph 14 of this declaration, Mr. Bonsignore indicates that another class counsel indicated that he did not keep contemporaneous time records.  In light of this

assertion, objection is made to the lodestar of any class counsel that is not accompanied by a declaration and objective proof (which could take a variety of forms) that all time records were made contemporaneously, how they were recorded and that such records accurately indicate the precise time spent each day by each attorney.   An investigation into each lawyer's time records and how and when such time was recorded in this case is warranted.  In addition to the issue concerning proof of contemporaneous time records, objection is made to the extent that any duplicative or unnecessary time is included in any lawyer's lodestar calculation.

Objector re-urges these objections and arguments and joins in and adopts any pleading or document filed by any co-objector compelling the production of class counsel's time and expense records.

Dated: November 24, 2015                         Respectfully submitted,

                                                 */s/ Timothy R. Hanigan*
                                                 Timothy R. Hanigan
                                                 LANG, HANIGAN & CARVALHO, LLP,
                                                 21550 Oxnard Street, Suite 760
                                                 Woodland Hills, California 91367
                                                 (818) 883-5644
                                                 trhanigan@gmail.com

                                                 *Counsel for Objector Sean Hull*

## **PROOF OF SERVICE**

I hereby certify that on this day, I electronically filed this objection and its attached declarations and exhibits using the CM/ECF filing system thus effectuating service of such filing on all ECF registered attorneys in this case.

DATED this 24th day of November, 2015.

_/s/ Timothy R. Hanigan_
Timothy R. Hanigan