**Robert J. Bonsignore, Esq.**
**BONSIGNORE TRIAL LAWYERS, PLLC**
**3771 Meadowcrest Drive**
**Las Vegas, NV 89121**
**Phone: 781-856-7650**
**Facsimile: 702-852-5726**
**Email: rbonsignore@classactions.us**

*Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944 <br> MDL No. 1917 |
| | **CLASS ACTION** |
| This Document Relates to: | **OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION TO STRIKE** |
| All Indirect Purchaser Actions | Hearing Date:  March 15, 2016 <br> Judge:  Honorable Jon S. Tigar <br> Courtroom: 9, 19th Floor |

1
2
3
4
5
6

This opposition is filed by class members and indirect purchasers of Cathode Ray Tube, Anthony Gianasca, Gloria Comeaux, Mina Ashkannejhad individually and/or as Administrator of the Estate of the Late R. Deryl Edwards, Jr., Jeffrey Speaect, Rosemary Ciccone and Jeff Craig (the "Excluded Plaintiffs"), through their counsel Bonsignore Trial Lawyers, PLLC ("Bonsignore"), in opposition to the motion to strike (Doc. No. 4451) filed by Lead Counsel Alioto in this action.

7
8

**PRELIMINARY STATEMENT**

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Before this Court is a Settlement Agreement negotiated by Lead Counsel that treats its class members entirely differently, with one category entitled to share in a massive monetary recovery and the other receiving nothing.  Lead Counsel seeks approval of that Agreement, and its preferential treatment, based upon the fact that some states have enacted legislation permitting indirect purchaser damage suits, while others have not.  However, this justification fails to support his exclusion of all class members in three states – Massachusetts, New Hampshire and Missouri – all three of which permit such suits and thus monetary damages.  To obtain this Court's approval of his failure to include those similarly-situated class members in the monetary recovery class, he switches gears and claims that he had no awareness of any possible viable representatives for those subclasses.  That is his sole justification for their exclusion.  As such, if he did have such an awareness, no valid justification remains to endorse his actions.  Through his motion to strike, Lead Counsel seeks to shield from this Court's view documentary evidence that incontrovertibly establishes just that.

24
25
26
27
28

The documents sought to be disregarded include a retention agreement Lead Counsel himself executed with a Massachusetts individual willing to represent the class.  They also include documentary evidence of purchase records and emails sent to Lead Counsel regarding individuals in both New Hampshire and Missouri willing to serve as representatives.  Incredibly, Lead Counsel even seeks to have struck transcripts of a court hearing before the Special Master, a

1

document that plainly already forms part of the record in this case and merely assists this Court in locating testimony in this immense proceeding.  There simply are no valid grounds whatsoever that require this Court to close its eyes to this evidence and blindly approve a Settlement Agreement in which Lead Counsel unfairly sacrificed the rightful claim to damages of class members who trusted in him to zealously pursue their claims.

Lead Counsel's false accusations of devious maneuvering and secrecy lodged against Counsel for the Excluded Plaintiffs should not be permitted to blot out this critical evidence from existence.  This Court indisputably possesses the power to consider these materials, whether or not they were ever admitted into evidence by the Master, explicitly under the Federal Rules of Civil Procedure.  Despite Lead Counsel's foot stomping regarding the lack of a motion, the Rules require none.  No devious plot was devised by Counsel to trick this Court into reading those documents, but simple adherence to the rules governing a party's ability to object to a Master's report and application of this Court's oversight of a Master and his or her rulings.

Lead Counsel does not seek to remove the documents at issue from this Court's review because they are off topic.  He does not seek to exclude them because they are untrustworthy.  He does not seek to exclude them because they are false.  Lead Counsel seeks to exclude them because he does not want this Court to see them because they directly contradict his representations of unawareness in this case and are fatal to the approval of his conflict-infested Settlement Agreement.

## ARGUMENT

## I.  THIS COURT HAS THE LEGAL AND INHERENT AUTHORITY TO CONSIDER ANY EVIDENCE THAT BEARS UPON THE FAIRNESS OF A SETTLEMENT CLASS AGREEMENT

The Federal Rules of Civil Procedure explicitly authorize a district court to "receive evidence" when "acting on a master's order, report or recommendations."  Fed. R. Civ. P. 53(f). Therefore, the ability of this Court to consider any and all evidence in performing its obligation to

2

ensure the fairness of the Settlement Agreement to all class members, named and unnamed, is beyond dispute.  *See, e.g., Kingsborough v. Sprint Commc'ns Co., L.P.*, 673 F. Supp. 2d 24, 26 (D. Mass. 2009) (denying final approval "[a]fter careful consideration of the parties' briefs, the evidence presented at the Fairness Hearing, the objections, and the full record of the case").

Furthermore, pursuant to this Court's own order, its review of the Master's factual findings as well as his legal conclusions are all subject to de novo review.  *See* Doc. No. Doc. No. 4298 at 3.  A district court's ability to receive further evidence when considering objections to a special master's report and recommendations is the essence of de novo review.  *See Robocast Inc. v. Microsoft Corp.*, Civil Action No. 10-1055-RGA, (D. Del. Nov. 7, 2013) ("given the de novo review, I think I should allow the further evidence") (footnote omitted).

Moreover, this Court possesses a heightened duty to protect the interests of unnamed class members and to ensure the fairness of a pre-certification settlement agreement.  *Sullivan v. DV Invs., Inc.*, 667 F.3d 273, 319 (3d Cir. 2010) ("[T]rial judges bear the important responsibility for protecting absent class members," and must be "assured that the settlement represents adequate compensation for the release of the class claims."), *cert. denied sub nom.*, *Murray v. Sullivan*, 132 S. Ct. 1876 (2012).  "Before approving a settlement, the court must hold a hearing and find that 'the settlement . . . is fair, reasonable, and adequate.'"  *True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052, 1062 (C.D. Cal. 2010), *citing* Fed.R.Civ.P. 23(e)(1)(C).  "At the final approval stage, the Court takes a closer look at the proposed settlement, taking into consideration objections and any other further developments in order to make a final fairness determination."  *Id.* at 1063.  A valid determination requires that a tribunal conducting a fairness inquiry have the benefit of evidence critical to his or her determination.  *See Spark v. MBNA Corp.*, 157 F. Supp. 2d 330, 337 (D. Del. 2001) (court considering document submitted by objector subsequent to final approval hearing discrediting lead counsel's attorneys' fees request).

This Court's consideration of the documents at issue is critical to a full and complete consideration of the fairness of the Settlement Agreement, particularly where, as here, the documents go to representations made by Lead Counsel that form the cornerstone of his position that the Agreement is fair to unnamed, and abandoned, class members.  Lead Counsel's desire to shield himself from documents that belie his protestations of ignorance is patently insufficient to overcome this Court's duty to protect the interests of unnamed class members and to ensure the fairness of a pre-certification settlement agreement.  Indeed,  if such evidence were truly irrelevant as urged by Lead Counsel, it is hard to imagine that he would have gone to such great lengths to attempt to keep it out of this Court's consideration.  If irrelevant, it would simply have had no ability to affect or have any bearing upon the ultimate final approval of the Settlement.

The Special Master's choice to ignore documents that directly bore upon the fairness of the Settlement Agreement does not preclude either this Court from considering them or Counsel from submitting them.  Under the present circumstances, this Court should exercise its power to consider the documents sought to be excluded and deny Lead Counsel's motion to strike.

## II.    LEAD COUNSEL'S REQUEST FOR SANCTIONS IS BASELESS

Any differences in identification of documents are not due to any attempted slight of hand, but rather to good faith efforts to address issues raised with respect to the authenticity of those documents by the Master and Lead Counsel.

In his Motion, Lead Counsel once again argues that Counsel for the Excluded Plaintiffs, Mr. Bonsignore, should be sanctioned for placing the documents at issue before this Court.  "It is the law of this circuit that a sanction may not be imposed under [28 U.S.C.] section 1927 without an express finding that counsel acted willfully, intentionally, recklessly, or in bad faith."[1]  *United States v. Austin*, 749 F.2d 1407 (9th Cir. 1984).  Sanctions pursuant to § 1927 must be supported

---

[1] Although KM fails to identify the particular legal basis upon which it relies, 28 U.S.C. §1927 addresses multiplication of proceedings by an attorney.

1   by a finding that [the sanctioned attorney acted in] subjective bad faith. *New Alaska Development*

2   *Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989) (reversing sanctions award). Subjective

3   bad faith requires the court to find that the attorney knowingly or recklessly advanced a frivolous

4   position, or a meritorious position for the purpose of harassing an adversary. *See id.* There is no

5   evidence of bad faith here.

6

7           As detailed above, the submission of the documents at issue is explicitly authorized by

8   Rule 53(f) of the Federal Rules of Civil Procedure and implicitly authorized by the required de

9   novo review of the Master's recommendation that the Settlement Agreement be finally approved.

10  Thus, the existence of firm legal grounds for Mr. Bonsignore's submission and his plain intention

11  to zealously pursue the rights of the Excluded Plaintiffs and the state subclasses of which they are

12  a part negate any possible grounds for sanctions.

13

14          Lead Counsel's request for sanctions is based primarily upon two erroneous prior rulings of

15  the Special Master rejecting motions by Mr. Bonsignore for permission to submit the documents at

16  issue, the latter of which imposed sanctions in the form of the costs of that motion upon Mr.

17  Bonsignore. There was nothing improper about the submission of either of those motions to the

18  Master, and Mr. Bonsignore fully intends to appeal those rulings and the baseless sanctions

19  imposed.[2]

20

21          With respect to the Master's first order, it rejected the request to file a joinder and late reply

22  which included the documents as an attachment. Mr. Bonsignore's filing of that request was

23  entirely proper and nothing in the Federal Rules of Civil Procedure prevented it. He truthfully

24  represented that he was awaiting certain transcripts, which he later sought to have admitted, to

25  _____

26  [2] At the outset, despite Lead Counsel attempts to trump up his accusations of Mr. Bonsignore's
    purported improper submission by repeatedly referring to "three previous rulings," There are only

27  two actual rulings at issue: the joinder and permission to file a late reply request and the request to
    submit rebuttal evidence. Neither of those filings was even remotely improper. Indeed, those

28  filings were required as part of Bonsignore's duty to zealously represent his clients, individuals
    who Lead Counsel also was obligated to zealously represent but instead chose to abandon.

submit with his reply.  In addition, the absence of a reply brief did not thereafter alter the facts that

the Excluded Plaintiffs objected to the Settlement Agreement and Lead Counsel's motion for

attorneys' fees, were entitled to support their objections, and were entitled to submit evidence like

every other party at the January 5, 2016 fairness hearing before the Special Master.  *See*

*Bartholomew v. Sisto*, No. CIV S-09-0882-JAM, 2012 WL 691708, at *1, n.1 (E.D. Cal. Mar. 2,

2012), *report and recommendation adopted,* No. CIV S-09-0882-JAM, 2012 WL 1413959 (E.D.

Cal. Apr. 20, 2012) ("A reply brief is an optional pleading, and a failure to file a reply brief does

not constitute grounds for denying the motion or entering judgment for the plaintiff.").

With respect to Mr. Bonsignore's second motion, which sought permission to submit

rebuttal evidence, the Request at issue there was filed in strict adherence to the method laid out by

Special Master Quinn at the January 5, 2016 hearing.  In particular, in response to Mr.

Bonsignore's attempt to submit the documents at issue, the Special Master stated, "You're going to

have to file a motion to augment the record."[3]  Indeed, the Master explicitly gave Bonsignore

permission to file the present motion, stating "You may do so.  You may file the motion today and

I'll consider it."  *See* Hr'g Tr. at 122:23-24.  Thus, the Master himself granted Mr. Bonsignore

explicit permission to file a request with the Master to consider the documents submitted but then,

when such motion was filed sanctioned Bonsignore for doing so.  That action defies logic as well

as the strict standards for the imposition of sanctions.  Bonsignore's choice to wait to challenge

that order upon appeal rather than at the district court level is perfectly acceptable.

It is Mr. Bonsignore's firm belief that the sanctions order violated clear precedent.

Attorney Bonsignore denies, and there was no objective reason to believe, that the request to

provide the Special Master with supplemental documents was presented for any other purpose than

to bring the Excluded Plaintiffs' valid objections before the court and to have them considered

---

[3] *See* Rough Transcript of January 5, 2016 hearing before Special Master ("Hr'g Tr.") at 122:9-10.

fully during the fairness hearing.  Indeed, when the request to submit documents was raised by Bonsignore at the January 5 hearing, no counsel objected though they had ample opportunity. Another fatal flaw in the sanctions request existed.  Local Rule 7-8(a) explicitly requires that "[a]ny motion for sanctions . . . "must be separately filed."  The dual opposition to the request and motion for sanctions filed directly violated that Rule.  Thus, the sanctions award was improper and will be appealed at the appropriate time.

The baselessness of the Lead Counsel's attack upon Mr. Bonsignore's good faith efforts to bring this critical evidence to bear upon this Court's decision extends to his unfounded aspersions casted upon the documents he seeks to draw a veil over.  For example, Lead Counsel's footnote criticizing the Gianasca retention agreement because Mr. Bonsignore did not produce this document is curious given that it is an agreement Lead Counsel himself executed with Massachusetts resident Anthony Gianasca and thus presumably has in his files.  The fact that Lead Counsel did not question Mr. Gianasca about it actually suggests that Lead Counsel sought to avoid identifying that document himself.  If he had questions about it, he could have pulled it from his files and presented them to Mr. Gianasca at his deposition.

Similarly, despite Lead Counsel under the belt shot that the exhibits to Attachment 5 of the Bonsignore Affidavit are reformatted or contain additional information to "purportedly" cure authenticity issues, Bonsignore indeed did so in direct response to authenticity questions raised by the Special Master.  *See* Report at 40.  Also, Lead Counsel's accusations that Bonsignore attempted "to slip the documents into the record without detection" is nothing more than another attempt to impugn Mr. Bonsignore before this Court, in addition to being distasteful.  Doc. No. 4451 at 4.  Given Lead Counsel's past tireless and exhaustive efforts to keep these documents out of this Court's view, it would be nonsensical to assume that he would not have seen them and likely file the present motion to strike.  Finally, any inconsistencies between the attachments identification in his affidavit and their contents was merely a clerical error.  Attachments were

placed in order incorrectly, mislabeled or inadvertently omitted and is corrected in the attached

revised affidavit we are refiling for the convenience of this Court.

Notably, Lead Counsel merely conclusorily states that the documents at issue do not

establish that he knew of any of the individuals identified therein, or presumably any people in the

states of Massachusetts, Missouri or New Hampshire that could possibly be a named

representative.  Doc. No. 4451 at 5.  However, he fails to discuss the content of a single document,

resorting to once again to the diversionary tactic of impugning Mr. Bonsignore's reputation with

half truths and gross over exaggerations.[4]  In addition, the blame-shifting tactic of arguing that Mr.

Bonsignore had a duty to file cases on behalf of those individuals does not negate his direct duty to

them as lead counsel.[5]  It is beyond cavil that Lead Counsel in a nationwide class action is

obligated to represent the interests of all class plaintiffs, including the named and unnamed

plaintiffs in each and every state encompassed within the class he or she has undertaken to

represent.  *See Radcliffe v. Experian Info. Sols. Inc.*, 715 F.3d 1157, 1167 (9th Cir. 2013) (citation

omitted).  As such, it was Lead Counsel Alioto's duty to vigorously pursue all class members'

claims here, including those class members residing in Massachusetts, Missouri and New

Hampshire.[6]  The Excluded Plaintiffs do not deserve to be written out of this case's history, and

---

[4] As Mr. Bonsignore has declared under oath, the sanctions order referred to by Lead Counsel was the subject of a malpractice action by Mr. Bonsignore, through which he secured a settlement based upon his attorney's failure to produce a single shard of evidence in his defense.

[5] Lead Counsel's reversion to blaming Mr. Bonsignore is in direct contradiction to his "no blame" position in a prior letter to the Master before the fairness hearing.  *See* Indirect Purchaser Plaintiffs' Reply Re: Final Approval of Settlements with Phillips, Panasonic, Hitachi, Toshiba, Samsung SDI, Technicolor and Technologies Displays Americas Defendants, filed with JAMS on December 23, 2015.

[6] *See Manual for Complex Litigation (Third)*.  *See id.*, § 30.16 at 222 (noting that if replacement of class representative is required, "[t]o protect the interests of the class, class counsel should make reasonable efforts to recruit a new representative").  Courts routinely note the extraordinary efforts of lead counsel to locate suitable class representatives, even for a subclass.  *See In re Northwest Airlines Corp. Antitrust Litig.*, 221 F.R.D. 593 (E.D. Mich. 2004) (court held that creation of subclasses was necessary and it "instruct[ed] Plaintiffs' counsel to promptly identify representatives for each of these subclasses"); *In re Initial Pub. Offering Secs. Litig.*, 224 F.R.D. 550, 553 (S.D.N.Y. 2004) (finding efforts of plaintiffs' counsel reasonable where it had searched

their valid rights, claims and fiduciary protections demand that the credibility of Lead Counsel's disclaiming of knowledge of them be fully examined and tested.  This is particularly so when one of the documents sought to be submitted is a representation agreement whereby Lead Counsel agreed to be their attorney and voice in this proceeding.

Proper deference to the Excluded Plaintiffs' rights mandates that an evaluation by this Court of the propriety of the Master's Final Approval Report and his endorsement of the Settlement Agreement as fair and conflict-free be based upon a full and complete record.  This Court indisputably has the power and authority to receive the documents put before it by those Plaintiffs and to ensure that it indeed has a full and complete record upon which to base its consideration of the Settlement Agreement.  Lead Counsel has offered no reason that could possibly justify this Court's disregard of evidence directly addressing his explicit representations that purportedly justify his disregard for the rights of all individuals and entities in the states of Massachusetts, New Hampshire and Missouri, parties he agreed to represent and zealously pursue claims on their behalf.

## CONCLUSION

The Excluded Plaintiffs respectfully request that this Court deny Lead Counsel's Motion to Strike and request for sanctions in their entirety.


Dated:  March 8, 2016                              Robert J. Bonsignore

---

for more than a year for class representative); *Campbell v. Hope Community Credit U.*, No. 10–2649–STA, 2012 WL 2395180, at *7 (W.D. Tenn. June 25, 2012) (when representative for subclass needed, "[i]t will fall to Plaintiff and class counsel to identify class members who are able and willing to act as class representatives) *cf. Birmingham Steel Corp. v. Tennessee Valley Auth.*, 353 F.3d 1331, 1342 (11th Cir. 2003) (class counsel actively sought time to locate new class representative and  circuit court rejected district court's refusal to grant it); ); *Stahl v. MasTec, Inc.*, No. 8:05-CV-1265-T-27TGW, 2008 WL 2267469, at *1 (M.D. Fla. May 20, 2008) (when granting fee petition of class counsel court noted the efforts taken as follows:  "It was necessary for Plaintiffs' counsel to locate and interview potential representative plaintiffs in eleven states, conduct extensive research regarding the laws of those states ).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ Robert J. Bonsignore
Robert J. Bonsignore (NH No. 21241)
Bonsignore Trial Lawyers, PLLC
3771 Meadowcrest Drive
Las Vegas, NV 89121
Telephone:  (781) 856-7650
Facsimile: (702) 852-5726
rbonsignore@class-actions.us

Opposition to Indirect Purchaser Plaintiffs' Motion to Strike / Case No. 3:07-cv-5944, MDL No. 1917

1

## **CERTIFICATE OF SERVICE**

2

3          I, Robert J. Bonsignore, hereby certify that on this 8th day of March 2016, I caused

4     the foregoing to be electronically filed with the Clerk of the Court by using the Case

5     Management/Electronic Case Filing (CM/ECF) system, which will send a notice of electronic

6     filing to all parties registered with the CM/ECF system in the above-captioned matter.  A copy will

7

8     be forwarded via first class mail, postage prepaid, to those parties not electronically registered.

9

10

11                                        */s/ Robert J. Bonsignore*
                                          Robert J. Bonsignore
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Opposition to Indirect Purchaser Plaintiffs' Motion to Strike / Case No. 3:07-cv-5944, MDL No. 1917