UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
|---|---|
| | Case No. C-07-5944 JST |
| This Order Relates To: | **ORDER DENYING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION** |
| ALL INDIRECT PURCHASER ACTIONS | Re: ECF Nos. 4362, 4369 |

Now before the Court is the sole objection to a Report and Recommendation by Special Master Martin Quinn, ECF No. 4329 ("R&R"), related to seven orders he had issued during the January 2016 timeframe. See ECF No. 4369 ("Obj."). Objector Douglas W. St. John ("Objector") objects to only the first of these orders, R&R at 1-2, which denied Objector St. John's Motion to Strike Sur-Reply Evidence, ECF No. 4369-15 ("Mot."). Concurrently before the Court is Objector St. John's motion to file under seal Exhibit 10 to the Declaration of Attorney Joseph Scott St. John in support of his objection. ECF Nos. 4362. The Court will deny the motion to seal and overrule the objection.

I. **BACKGROUND**

During the briefing before the Special Master regarding the Indirect Purchaser Plaintiffs' ("IPPs") class action settlement, Lead Counsel requested the right to file a supplemental response, arguing that the reply briefs filed by certain Objectors went "far beyond replying to the IPPs' initial submissions and raise[d] a number of new matters." ECF No. 4369-7. Attorneys Francis O. Scarpulla and Josef D. Cooper requested permission to file a sur-reply to the IPPs' supplemental response. ECF No. 4369-8. Objector St. John made no comparable request. The Special Master considered the two requests and concluded that the reply brief of Objector St. John

did "indeed raise for the first time a few issues and discuss[ed] issues previously mentioned far more thoroughly than they did in their original Objections." ECF No. 4369-9 at 1. Accordingly, the Special Master permitted Lead Counsel to file an additional brief, but denied Scarpulla and Cooper the right to file a sur-reply. Id.

Lead Counsel filed a supplemental brief on December 23, 2015. On December 31, 2015, the Special Master sent an email to all counsel regarding the subject matter of the oral argument scheduled for January 5, 2016. ECF No. 4369-13. The Special Master stated that he "would like to hear first from whatever counsel are speaking for the objectors, basically responding to the point made in Lead Counsel's Reply Brief," i.e., the supplemental brief ordered of Lead Counsel.

The day before the hearing, Objector St. John moved the Special Master to strike the evidence submitted with the IPPs' sur-reply. ECF No. 4369-15. The IPPs opposed the motion. ECF No. 4369-16. At the January 5, 2016 hearing itself, Objector "St. John made no effort to discuss or respond to" the evidence filed with the IPPs' supplemental reply brief. See ECF No. 4369-16 at 8.

In his R&R, the Special Master denied the motion to strike the sur-reply evidence. Objector St. John now objects to the Special Master's ruling denying his motion to strike. ECF No. 4369. The IPPs oppose the objection. ECF No. 4395 ("Opp'n").[1]

## II.   LEGAL STANDARD

The decision by an inferior court on a motion to strike is reviewed for abuse of discretion. JG v. Douglas Cty. Sch. Dist., 552 F.3d 786, 803 (9th Cir. 2008). A court abuses its discretion "when the judicial action is 'arbitrary, fanciful or unreasonable' or 'where no reasonable man [or woman] would take the view adopted by the trial court.' " El Pollo Loco, Inc. v. Hashim, 316 F.3d 1032, 1040-41 (9th Cir. 2003) (quoting United States Cellular Inv. Co. of L.A., Inc. v. GTE Mobilnet, Inc., 281 F.3d 929, 934 (9th Cir. 2002) (citation omitted) (alteration in the original)).

---

[1] Objector St. John then filed a reply. See ECF No. 4415. The IPPs ask the Court to strike this reply, which was filed without leave of the Court. See ECF No. 4442. The Order Appointing Special Master (ECF No. 4077) provides for objections to the Special Master's orders and responses to those objections, but does not provide for replies. Objector also did not obtain leave of court before filing his reply. Accordingly, ECF No. 4415 is hereby stricken and the Court has not considered it.

1   Here, applying the same law, "[t]he Court will set aside the Special Master's ruling on a

2   procedural matter only for an abuse of discretion." <u>See</u> ECF No. 4077 at 7 ("Appointment Order")

3   (unaltered by amendment at ECF No. 4298 at 3).

### III.   DISCUSSION

#### A.   Motion To Seal

The Court turns first to Objector St. John's motion to seal. The motion concerns the declaration of IPP Lead Counsel Mario Alioto in Support of the IPPs' further reply and the exhibits to that declaration. <u>See</u> ECF No. 4362-3.

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. <u>Kamakana v. City & Cnty. of Honolulu</u>, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotations omitted). The same party must also comply with District Judge Jon S. Tigar's Standing Order Governing Administrative Motions to File Materials Under Seal.

Any request for sealing must establish "that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . ." Civil L.R. 79-5(b). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A). When one party files the motion to seal, but the basis for the sealing request is another party's designation of the documents as confidential, the designating party has four days from the date the motion is filed to file a declaration establishing that the documents should be sealed. Civil L.R. 79-5(e)(1). "If the Designating Party does not file a responsive declaration as required by subsection 79-5(e)(1) and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." Civil L.R. 79-5(e)(2).

Objector St. John attempts to justify his motion on the grounds that

> [e]ach of the documents that [he] seeks to file under seal contain either (a) material designated by Defendants pursuant to the Stipulated Protective Order (D.E. 306, amended at D.E. 1142, June

United States District Court
Northern District of California

> 18, 2008) as "Confidential" or "Highly Confidential" or (b) analysis of, references to, or information taken directly from material designated by Defendants pursuant to the Stipulated Protective Order as "Confidential" or "Highly Confidential."

ECF No. 4362-1 at 3. But he has not submitted a declaration by any designating party in support of the confidentiality designations.

Ordinarily, the Court would deny Objector St. John's sealing motion and order that he place the documents in question on the public docket. In this case, however, the Court concludes that such a result would be unfair to the designating parties. St. John states that "Defendants" designated the subject documents confidential, but does not identify *which* defendant or defendants he means. The docket lists more than 100 defendants. Merely to state that "Defendants" designated something confidential is not to provide adequate notice to the designating party or parties, and it would be unfair to penalize those parties for Objector St. John's non-compliance by placing their trade secret, confidential, or otherwise protectable material in the public record.

In light of the foregoing, the Court concludes that the only appropriate ruling is to strike Objector St. John's sealing motion, ECF No. 4362, and to strike Exhibit 10 to the Declaration of Joseph Scott St. John In Support of Objector St. John's Objection, ECF No. 4369-11.

**B.     Objection to R&R Re: Motion To Strike**

Because the Court has now removed from consideration the evidence to which Objector St. John objected below, it could overrule his objection on that basis alone. Even if the Court were to consider the materials in question, however, the objection would still be unpersuasive.

Objector St. John argues that the Special Master should have struck from the record evidence submitted with the IPP's further reply because the evidence was new. A court generally should not consider evidence submitted for the first time in reply without giving the opposing party an opportunity to respond. Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (the district court should not consider new evidence presented in a reply without giving the non-movant an opportunity to respond).

At least two exceptions to this general rule are relevant here, however. First, "[e]vidence submitted in direct response to evidence raised in [the preceding brief] . . . is not 'new.'" In re

4

1  ConAgra Foods, Inc., 90 F. Supp. 3d 919, 955 (C.D. Cal. Feb. 23, 2015).  The Special Master

2  concluded that Objectors' reply brief "raised new issues" that merited a further response by the

3  IPPs.  Having so found, his later conclusion that the evidence submitted by the IPPs with their

4  further response was not "new" because it was responsive to Objectors' reply briefs was not an

5  abuse of discretion.

6  Moreover, when new evidence is presented to the court "[t]he opportunity for rebuttal . . .

7  need not be in writing; an opportunity for oral rebuttal may be sufficient."  Gray v. Cty. of

8  Riverside, No. EDCV 13-00444-VAP, 2014 WL 5304915, at *15 n.7 (C.D. Cal. Sept. 2, 2014).

9  Objector St. John could have responded orally to the IPPs new evidence at the January 5, 2016

10 hearing, but did not do so.  He and other objectors can also address this evidence when the Special

11 Master's R&R is before this Court for review, an opportunity that Objector St. John has taken full

12 advantage of.  See ECF No. 4439 at 19-20.

13 The Court concludes that the Special Master did not abuse his discretion in denying

14 Objector St. John's motion to strike.

## IV. CONCLUSION

The motion to seal, as well as Exhibit 10 to the Declaration of Joseph Scott St. John In Support of Objector St. John's Objection, are both STRICKEN.  The Objection is OVERRULED.  The Court ADOPTS the R&R at ECF No. 4329 in full.

IT IS SO ORDERED.

Dated: March 9, 2016

_____
JON S. TIGAR
United States District Judge

5