1

2

3

4              UNITED STATES DISTRICT COURT

5             NORTHERN DISTRICT OF CALIFORNIA

6

7    IN RE: CATHODE RAY TUBE (CRT)          MDL No. 1917
     ANTITRUST LITIGATION
8                                            Case No. C-07-5944 JST

9   ─────────────────────────────────

10   This Order Relates To:                 **ORDER REGARDING MARCH 15, 2016
                                            FAIRNESS HEARING**
11   ALL ACTIONS

12

13          This matter is currently set for a final fairness hearing on March 15, 2016 with regard to

14   the proposed settlement between certain defendants and the Indirect Purchaser Plaintiffs ("IPPs").

15   The Court has read and carefully considered the many objections and responses that have been

16   filed with regard to that settlement, and will rule on most of them without further hearing.  So the

17   parties and objectors can provide the information that will be most useful to the Court on March

18   15, the Court will conduct the hearing as follows:

19          1.      The Court will first hear argument about whether the settlement is fair and adequate

20   to the extent it requires class members in certain States to release all claims for no consideration.

21   Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs") may argue first, for no more than 20

22   minutes.  Lead Counsel may reserve some portion of that time for reply.  Both of Counsel for

23   Objectors Rockhurst University, Gary Talewsky, and Harry Garavanian, on the one hand, and

24   attorneys Josef D. Cooper and Francis O. Scarpulla, on the other, may respond for a total of 20

25   minutes.  Objectors[1] may divide this time as they see fit, provided they tell the Court before

26   argument starts how the time will be divided.  If they are unable to agree on a division of time,

27   ──────────────────

28   [1] By using the shorthand "Objectors" in this order, the Court is not resolving, or even addressing, the disputed question of whether Attorneys Cooper and Scarpulla have standing.

1    each of the two groups will have ten minutes.  Lead Counsel may not raise new arguments in their

2    reply argument.  There will be no sur-reply argument.

3        2.    The Court will next hear argument regarding whether a cy pres could ever become

4    necessary with respect to the settlement proceeds.  The Court needs a better understanding of the

5    settlement distribution process in support of Lead Counsel's argument that all the funds will be

6    distributed to claimants such that no cy pres remedy will ever become necessary.  Lead Counsel

7    may argue first for not more than ten minutes.  Lead Counsel may reserve some portion of that

8    time for reply.  Counsel for Objector Clifton may respond for not more than ten minutes.  Lead

9    Counsel may not raise new arguments in their reply argument.  There will be no sur-reply

10   argument.

11       3.    The Court will last hear argument regarding the treatment of the attorneys' fees

12   incurred by contract attorneys.  Counsel for Objector Douglas St. John may argue first for not more ten

13   minutes.  Objector St. John may reserve some portion of that time for reply.  Lead Counsel may

14   respond for not more than ten minutes.  Objector St. John may not raise new arguments in his

15   reply argument.  There will be no sur-reply argument.

16       4.    Direct Action Plaintiffs and Defendants are ordered to discuss a reasonable date by

17   which they could compile a list of the pending motions in limine and Daubert motions, rank

18   ordered by importance to the action.  The Court will discuss the actual deadline for such a list at

19   the hearing.

20       5.    The Court anticipates issuing a number of summary judgment orders after it

21   concludes its consideration of this pending settlement.  These orders may rely upon sealed

22   information.  To ensure that all sealed information is protected, the Court plans to issue the

23   entirety of each summary judgment order provisionally under seal, understanding that the Court

24   will unseal each order in its entirety unless one of the parties files a motion to keep all or part of

25   the motion under seal, and demonstrates good cause.  No party is required to file such a motion,

26   although any motion that is filed must comply with the local rules and the undersigned's standing

27   order for sealing motions.  If no party files such a motion within ten days of publication of an

28   order, or to the extent that a party does file a motion but fails to demonstrate good cause, the Court

United States District Court
Northern District of California

2

1   will unseal the document.  If the parties have concerns regarding this approach, they may raise

2   them during the March 15 hearing.

3          IT IS SO ORDERED.

4   Dated:  March 10, 2016



5                                                              _____
                                                                          JON S. TIGAR
6                                                              United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California