Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the*
*Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST; No. CV-13-03234-JST |
| | MDL No. 1917 |
| | **CLASS ACTION** |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO DAN L. WILLIAMS & CO.'S AMENDED OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATIONS**<br><br>Hearing Date: March 15, 2016<br>Time: 2:00 p.m.<br>Judge: Honorable Jon S. Tigar<br>Court: Courtroom 9, 19th Floor<br>Special Master: Martin Quinn, JAMS |

Indirect Purchaser Plaintiffs ("IPPs") respond to Objector's Dan L. Williams & Co.'s ("Williams") Amended Objection to the Special Master's January 28, 2016 Report & Recommendations (Dkt. No. 4466).

## INTRODUCTION

As this Court recognized in granting Williams leave to file a late amended objection to the Special Master's January 28, 2016 Report & Recommendation, Dkt. No. 4351 ("R&R"), the majority of Williams' objections to the Special Master's recommendations on the settlements and the recommended attorney fee award overlap with those of the other objectors. (Dkt. No. 4464.) Rather than repeat IPPs' responses to those objections here, IPPs incorporate by reference their March 2, 2016 Response to Objections to January 28, 2016 R&R, Dkt. No. 4449 ("Response").

Objector Williams makes two additional, but related arguments regarding the attorney fee award that merit a brief response.

## ARGUMENT

First, Williams argues that the Court should not credit monies that may be distributed *cy pres* in calculating the attorneys' fee award (Dkt. No. 4466 at 6). Second, and relatedly, he argues that the Court should only award fees based on "the sums actually claimed and received." (*Id.*). Williams concedes that Ninth Circuit law is to the contrary yet he urges "for en banc and Supreme Court preservation purposes that the contrary rule in *Redman v. Radioshack Corp*., 768 F.3d 622 (7th Cir. 2014) is the more appropriate." (*Id.*)

Williams is correct that Ninth Circuit law does not support his arguments. The Ninth Circuit has consistently held that the district court may (and indeed, often should) calculate the attorneys' fee award on the entire settlement fund, including any monies distributed *cy pres* and regardless of the sums actually claimed and received. *See, e.g., Six (6) Mexican Workers v. Arizona Citrus Growers,* 904 F.2d 1301, 1311 (9th Cir. 1990) (approving attorney fee award based on total settlement fund where the unclaimed funds were to be distributed *cy pres*); *Williams v. MGM-Pathe Commc'ns Co*., 129 F.3d 1026, 1027 (9th Cir. 1997) (concluding that "the district court abused its

1

IPPS' RESPONSE TO DAN L. WILLIAMS & CO.'S AMENDED OBJECTIONS TO
SPECIAL MASTER'S REPORT AND RECOMMENDATIONS - Master File No. CV-07-5944-JST

discretion by basing the fee on the class members' claims against the fund rather than on a percentage of the entire fund or on the lodestar.")[1]

These holdings are based on the Supreme Court's opinion in *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980), where the Court concluded that the attorneys for a successful class may recover a fee based on the entire common fund created for the class, even if some of the fund remains unclaimed and reverts to the defendant. (*Id*. at 479-81.) Other courts of appeal are in accord. *See, e.g., In re Baby Products Antitrust Litig.*, 708 F.3d 163, 177-178 (3d Cir. 2013) (citing *Boeing v. Gemert* and declining to adopt a rule that attorneys' fees should be reduced when a portion of the settlement fund is distributed *cy pres*); *Masters v. Wilhelmina Model Agency, Inc*., 473 F.3d 423, 437 (2d Cir. 2007) (finding it an abuse of discretion to base the percentage-fee award on funds claimed by class members rather than on the entire settlement fund, some of which was to be distributed to *cy pres*, because "[t]he entire [settlement] [f]und, and not some portion thereof, [was] created through the efforts of counsel.") Thus, the rule advocated by Williams is contrary not only to Ninth Circuit precedent, but also that of the Supreme Court and several other circuit courts of appeal.

Moreover, *Redman v. Radioshack Corp.*, 768 F.3d 622 (7th Cir. 2014), is inapposite. There, the settlement consideration consisted entirely of $10 coupons, which would only be distributed to those class members that responded positively to the notice. (*Id*. at 628.) What's more, class members would receive no change if the item they purchased cost less than $10, and the coupons expired after only six months. (*Id*.) Eighty-three thousand (83,000) class members responded to the notice so the value of the coupons was, at most, $830,000. (*Id*.) Under these circumstances, the *Redman* court found the approximately $1 million attorney fee to be "grossly disproportionate" to

---

[1] *Staton v. Boeing Co.,* 327 F.3d 938 (9th Cir. 2003) does not—as Williams contends—address the question of whether it is appropriate to award fees based on monies distributed *cy pres*. Rather, *Staton* held that it was within the district court's discretion to calculate the attorneys' fee award based on the gross settlement fund, including notice costs. *Id.* at 975 ("We have said that 'the choice of whether to base an attorneys' fee award on either net or gross recovery should not make a difference so long as the end result is reasonable. Our case law teaches that the reasonableness of attorneys' fees is not measured by the choice of the denominator.' *Powers v. Eichen*, 229 F.3d 1249, 1258 (9th Cir. 2000).") The Ninth Circuit recently affirmed this holding in *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 953 (9th Cir. 2015) ("The district court did not abuse its discretion in calculating the fee award as a percentage of the total settlement fund, including notice and administrative costs, and litigation expenses. We have repeatedly held 'that the reasonableness of attorneys' fees is not measured by the choice of the denominator.'") (citations omitted).

...

the value of the settlement to class members (*id*. at 632), and refused to credit class counsel's argument that the approximately $2.2 million spent on administrative costs should be included in the total settlement fund for the purpose of calculating the attorney fees. (*Id*. at 630.) In addition, because *Redman* involved a "coupon-only" settlement, the provisions of the Class Action Fairness Act, 28 U.S.C. §1712(a), applied and required that "any attorney's fee award to class counsel that is attributable to the award of the coupons shall be based on the value to class members of the coupons that are redeemed." (*Id*. at 633-34.)

None of the facts in *Redman* exist here. Here, we have a $576,750,000, all-cash settlement fund—one of the largest recoveries ever on behalf of indirect purchasers. (*See* R&R at 56.) There are no coupons or vouchers and there will be no reversion or refund to any Defendant under any circumstances. (*Id*.) Where, as here, each class member need only prove his or her membership in the injured class to receive a distribution, the recommended fee award of 30% of the total settlement fund is entirely appropriate. *See Boeing Co. v. Van Gemert,* 444 U.S. at 480-81.

Further, the entire premise for Williams' arguments—that there will be substantial amounts of unclaimed funds that will have to be distributed *cy pres*—is refuted by the record. IPPs have, in fact, disclosed the claims data and there are substantial claims. The number of claims received as of December 7, 2015 deadline was 109,709 timely claims with a total of 19.9 million CRT units claimed. (*See* Declaration of Joseph M. Fisher Reporting on Claims Submissions, at 180 ¶ 4(b) (Dkt. No. 4402-1).) Additional claims are being submitted every day.

No *cy pres* distribution is contemplated because there are already sufficient claims to exhaust the fund without any class member receiving anywhere close to three times their estimated damages. In these circumstances, if there are any residual funds due to uncashed checks, they are likely to be very small. IPPs will address any residual funds with the Court at the close of the claims process and any further distribution of those funds will, of course, be subject to Court approval. The remote possibility of a *cy pres* distribution of residual funds at the close of the claims process does not mean there is a *cy pres* component of the settlements (*see In re TFT-LCD Antitrust Litig.,* No. 07-md-01827-SI, 2013 WL 1365900, *5 (N.D. Cal. Apr. 3, 2013) (rejecting objections to possible *cy pres*

distribution at the close of the claims process)), and does not require a reduction in the fee award. *See Six (6) Mexican Workers v. Arizona Citrus Growers,* 904 F.2d at 1311.

Finally, IPPs reassert and preserve their objections to Williams' incorporation by reference of other objections, whether or not such purported incorporation is limited to documents of 15 pages in length or less.

## CONCLUSION

For the foregoing reasons, the Court should overrule Williams' objections.

Dated:  March 11, 2016                    Respectfully submitted,

 */s/ Mario N. Alioto*

Mario N. Alioto (56433)
malioto@tatp.com
Joseph M. Patane (72202)
jpatane@tatp.com
Lauren C. Capurro (241151)
laurenrussell@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415-346-0679

*Lead Counsel for Indirect Purchaser Plaintiffs*