Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415-346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the*
*Indirect Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>All Indirect Purchaser Actions | Master File No. CV-07-05944-JST<br><br>MDL No. 1917<br><br>**CLASS ACTION**<br><br>**INDIRECT PURCHASER PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE PREVIOUSLY-EXCLUDED DOCUMENTS ATTACHED AGAIN TO THE BONSIGNORE AFFIDAVIT, ECF NO. 4404-1**<br><br>Hearing Date: March 15, 2016<br>Time: 2:00 p.m.<br>Judge: Honorable Jon S. Tigar<br>Court: Courtroom 9, 19th Floor |

Indirect Purchaser Plaintiffs ("IPPs") respectfully request permission to file this reply to Objectors' Opposition (ECF No. 4471) to IPPs' Motion to Strike (ECF. No. 4451). Although it is being submitted close to the hearing date and mindful of the recent flurry of filings in this case, IPPs believe this reply may assist the Court in its determination of the issues.

IPPs' motion to strike should be granted. Objectors' Opposition makes **not one mention** of this Court's December 30, 2015 Order (ECF No. 4274) overruling Objectors' objection to the Special Master's Order Denying Leave to File Late Reply (ECF No. 4263). Nor do Objectors contest that they ***failed to object*** to the Special Master's January 21, 2016 Special Master's Corrected Report and Recommendation re: Outstanding Motions (ECF No. 4329), denying Objectors' request to submit the very same, previously excluded documents. The Court has adopted in full that R&R. (ECF No. 4473 at 5.) These Orders conclusively preclude the filing of the documents in conjunction with Objectors' renewed objection (ECF No. 4404)—the documents that are the subject of IPPs' Motion to Strike.

Objectors attempt to avoid the effect of these Orders, arguing that IPPs are simply attempting to hide from the Court this previously excluded evidence. IPPs are not doing anything of the kind. They want the information stricken because it is untimely, has previously been excluded, and contrary to what Objectors assert, is untrustworthy and false. (*See* ECF Nos. 4449 & 4451.) Further, the evidence is now submitted (*see* Bonsignore Declaration, ECF No. 4471-1 and attachments thereto) and the Court can review it for itself should it so desire. IPPs are more than willing to provide further briefing on the issue upon the Court's request, but submit there is no need to do so since the documents should be stricken.

The authorities cited by Objectors do not lend support to their argument. For example, Objectors cite Rule 53, *Robocast, Inc. v. Microsoft Corp.,* No. 10-1055-RGA, 2013 WL5979764, at *1 (D. Del Nov. 7, 2013), and *Spark v. MBNA Corp.,* 157 F. Supp. 2d 330, 337 (D. Del. 2001) as authorizing the Court to receive evidence on *de novo* review; but Objectors cite to no case,

1

INDIRECT PURCHASER PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE PREVIOUSLY-EXCLUDED DOCUMENTS ATTACHED AGAIN TO THE BONSIGNORE AFFIDAVIT, ECF NO. 4404-1
Master File No. CV-07-05944-JST

and IPPs are aware of none, requiring the Court to consider evidence that has previously been excluded.

Other cases cited by Objectors (Opp'n at 8 n.6) do not, as Objectors imply, foist upon class counsel a duty to find appropriate plaintiffs who are willing to serve as class representatives. All class counsel can do is make diligent efforts, but if no viable plaintiffs come forward (as was the case here), there will be no representatives. Objectors' authorities merely stand for the unremarkable proposition that it "will fall to Plaintiff and class counsel to identify [suitable] class representatives." *Campbell v. Hope Community Credit Union,* No. 10-2649-STA, 2012 WL 2395180, at *7 (W.D. Tenn. June 25, 2012). *See also, e.g., In re IPO Secs. Litig.,* 224 F.R.D. 550, 553 (S.D.N.Y. 2004) ("I dismissed [another case] because plaintiffs' counsel was both unable to find any putative class member willing to move for appointment as class representative despite searching for more than a year, and also unable to establish that any such class member would ever be found. Here, additional lead plaintiffs are willing and able to step forward").

For the foregoing reasons, the Court should strike Attachments 4-8 and 10 from the Bonsignore Affidavit: (a) these documents could have or should have been included with Bonsignore's original objection or, at the very latest, in timely reply brief before the Special Master; (b) this Court has already excluded them; and (c) neither the Court nor the parties should spend more time on these irrelevant materials.

Dated: March 13, 2016

                                              Respectfully submitted,

                                              By: */s/ Mario N. Alioto*

                                              Mario N. Alioto (56433)
                                              malioto@tatp.com
                                              Joseph M. Patane (72202)
                                              jpatane@tatp.com
                                              Lauren C. Capurro (241151)
                                              laurenrussell@tatp.com

TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415-346-0679

*Lead Counsel for Indirect Purchaser Plaintiffs*

INDIRECT PURCHASER PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE PREVIOUSLY-
EXCLUDED DOCUMENTS ATTACHED AGAIN TO THE BONSIGNORE AFFIDAVIT, ECF NO. 4404-1
Master File No. CV-07-05944-JST