UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
|---|---|
| | Case No. C-07-5944 JST |
| This Order Relates To: | **ORDER RE: MOTION TO STRIKE PREVIOUSLY-EXCLUDED DOCUMENTS** |
| ALL INDIRECT PURCHASER ACTIONS | |

On March 2, 2016, Mr. Mario N. Alioto, Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs"), filed a Motion to Strike Previously-Excluded Documents Attached Again to the Bonsignore Affidavit. ECF No. 4451 ("Mot."). The motion asks the Court to strike certain documents filed by attorney Robert J. Bonsignore and to issue sanctions against him. On March 8, 2016, Mr. Bonsignore filed a timely opposition. ECF No. 4471. The Court will GRANT the motion to strike and DENY the motion for sanctions.

**I.   BACKGROUND**

The evidence at issue has been disallowed on multiple separate occasions.

On December 15, 2015, Mr. Bonsignore attempted to file a Joinder and Reply in Support of Objections before Special Master Martin Quinn. See ECF No. 4440-1, Ex. A. After Lead Counsel objected, Special Master Quinn denied leave to file a late reply. See ECF No. 4263 ("Order").

On December 24, 2015, the Court received an objection to the Order. ECF No. 4263. On December 30, 2015, after reviewing the Order and the objection, the Court overruled the objection. See ECF No. 4274 at 2. Accordingly, the evidence attached to the late reply brief was never received by the Special Master, and the Special Master's Order was adopted by the Court.

On January 7, 2016, Mr. Bonsignore again sought leave to submit the same documents disallowed in the Order. On January 21, 2016, the Special Master denied the request, calling Mr. Bonsignore's request "a blatant end-run around the Court's denial of [Mr. Bonsignore's prior] request to submit this late 'evidence.'" ECF No. 4329 ("R&R") at 2. The Special Master levied sanctions against Mr. Bonsignore in the form of requiring him to pay "the entire fee charged by JAMS for the Special Master's time in dealing with this request." Id. The Court has previously adopted the R&R in its entirety. See ECF No. 4473.[1]

Mr. Bonsignore has now attached the same documents to his objection to the Report and Recommendation at ECF No. 4351, which pertains to the pending IPP settlement. See ECF No. 4440-1 (including attachments). This would appear to be Mr. Bonsignore's fourth attempt to place these same documents before the Court.

## II.   LEGAL STANDARD

"[D]istrict courts have inherent power to control their dockets . . . ." Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc., 146 F.3d 1071, 1074 (9th Cir. 1998). The district judge "must issue a scheduling order . . . after consulting with the parties' attorneys . . . at a scheduling conference . . . ." Fed. R. Civ. P. 16(b)(2). "Violations of a scheduling order [under Fed. R. Civ. P. 16(b)] may result in sanctions, including dismissal under Rule 37(b)(2)(C)." Dreith v. Nu Image, Inc., 648 F.3d 779, 787 (9th Cir. 2011) (quoting Atchison, 146 F.3d at 1073). "The Special Master shall have all the authority provided in Rule 53(c), including but not limited to the authority to . . . issue orders awarding non-contempt sanctions, including, without limitation, the award of attorneys' fees, as provided by Rules 37 and 45. The Special Master may determine disputes arising from failing to abide by sanctions set forth by the Special Master." See ECF No. 4077 at 5. Federal Rule of Civil Procedure 53(c) provides that the Special Master may "regulate

---

[1] The Order appointing Special Master Quinn, ECF Nos. 4077, 4298 (amending ECF No. 4077), states that "[a]ny party wishing to file objections or a motion to adopt or modify the Special Master's orders, reports and/or recommendations must file such objections or motion with the Court within 14 days from the day the Special Master filed the order, report, and/or recommendation via ECF." ECF No. 4077. Mr. Bonsignore's motion includes an objection to the sanction, but the objection was filed more than 14 days after issuance of the R&R. Accordingly, the objection is OVERRULED as untimely. Insofar as Mr. Bonsignore's motion could be construed as requesting permission to file a late objection, the request is DENIED.

1   all proceedings" and "take all appropriate measures to perform the assigned duties fairly and
2   efficiently."  See Fed. R. Civ. P. 53(c)(1)-(2).
3   　　　The Court applies the same law to Mr. Bonsignore's attempt to introduce evidence in the
4   district court evidence not considered by the Special Master as it would to an attempt to introduce
5   evidence that had not been considered by a Magistrate Judge.  Upon review of the opinion of a
6   magistrate judge,

> a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation.  We emphasize, however, that in making a decision on whether to consider newly offered evidence, the district court must actually exercise its discretion, rather than summarily accepting or denying the motion.

United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000); see also Akhtar v. Mesa, 698 F.3d 1202, 1208-09 (9th Cir. 2012) (applying Howell but noting an providing special consideration for pro se litigants); Sossa v. Diaz, 729 F.3d 1225, 1230-31 (9th Cir. 2013) (same); Warren v. Apker, 615 F. App'x 443, 444 (9th Cir. Sept. 1, 2015) (applying Howell to find no abuse of discretion).

## III.  DISCUSSION

Although the Court may have the power to consider for the first time evidence never considered by the Special Master, it is a power that should be exercised rarely and cautiously.  The purpose of appointing a Special Master is not only to receive the benefit of his or her expertise, but also to reduce the evidence and issues that must be considered by the district court.  "It would defeat this purpose if the district court was required to hear matters anew on issues never presented to the magistrate."  Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987) (observing also that "[p]arties must take before the magistrate, not only their 'best shot' but all of their shots" (citation omitted)).

If the Court considers evidence that was not before the Special Master, it loses the benefit of the Special Master's expertise, and it opens the process to the submission of an unlimited number of additional documents.  This massive antitrust conspiracy has been pending for more than eight years.  The docket contains more than 4400 entries, and it grows daily.  Any sensible process to bring this case to resolution will be one that narrows, not expands, the matters for the

Court's consideration. See Absolute Software, Inc. v. Stealth Signal, Inc., 659 F.3d 1121, 1131 (Fed. Cir. 2011) ("A primary purpose of appointing a special master is to narrow the issues before the district court judge to facilitate an efficient and timely resolution of complex or highly-technical issues . . . ."). That this evidence was repeatedly struck by the Special Master militates even further away from the Court considering it, because it would unfairly disadvantage the many litigants in this case who have complied with the rules. The Court will grant the motion to strike.

The motion for sanctions is denied. As previously noted, it is within the Court's discretion to consider new evidence. By extension, therefore, it was permissible for Mr. Bonsignore to ask the Court to exercise that discretion. That the Court effectively has now denied his request does not mean his conduct was sanctionable.

## CONCLUSION

The IPPs' motion to strike is GRANTED. The IPPs' motion for sanctions is DENIED.

The Court also notes that several arguments in the briefs seemed directed less at the instant motion and more at influencing the Court's evaluation of Special Master Quinn's Report and Recommendation, ECF No. 4351. The Court has not considered the briefs for the latter purpose.

IT IS SO ORDERED.

Dated: March 14, 2016

_____
JON S. TIGAR
United States District Judge

4