FRANK C. WARNER
1039 Lake Rest Road
Proctor, AR 72376
870-732-4072
fcwmjw@msn.com

March 9, 2016



Judge Jon S. Tigar
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

In Re: Cathode Ray Tube Antitrust Litigation, 07-cv-5944.

                Notice of Objection to IPP Lead Counsel's Document 4449

Dear Judge Tigar:

I received a copy of the above noted document a few days ago from the lawyer who recruited me to be an Indirect Purchaser Plaintiff (IPP). The lead counsel is, apparently, Mario N. Alioto.

In his IPP Response to Objections to Jan.23, 2016 R&R, Page 2, Line 9 he states the "…"Lastly, he (referring to the Special Master) recommended fee and costs awards to IPP Counsel, as well as an award of incentive payments to selected class representatives *(to which on one had objected)* [emphasis added]." I objected in my letter of February 18, 2016 yet that is not noted.

As a member of the Purchaser Plaintiff group I was unaware that a settlement had been reached until I saw the notice of settlement in the Wall Street Journal (See the Objection filed dated February 28, 2016, Page 1 at the bottom).

On February 9, 2016 I sent an e-mail to Mr. Papale asking "Any news on the settlement? Has all that money been distributed?" Mr. Papale responded on the same day advising that the Special Master just approved incentive awards in the amount of $5,000 to me and the fourteen other plaintiffs who did not qualify as court appointed class reps. This is what led to the Objection which I filed February 18, 2016.

The Special Master's report was filed January 28, 2016. I was completely unaware of this filing. Had I not sent my e-mail of February 9, 2016 to Mr. Papale requesting a status report I have to wonder if I (and all other plaintiff class representatives) would have been made aware of this report and to what has to be considered as a piddling amount for an "incentive award".

Until recently I was under the impression that Mr. Papale was the lawyer representing me in this matter. Apparently I have been represented by a lawyer I never met and who, after reading Document 4449, was, in my opinion, negligent in representing not just me but all other class representatives. Rather than just accepting what I have been told by Mr. Papale is the "standard" for class representatives, Lead Counsel, indeed, all plaintiff counsels, should have been fighting for a much fairer and equitable "incentive" award. The fair and equitable amount, in my opinion, is 1% of the amount available for distribution to class representative plaintiffs and all claimants.

If the Special Master's recommendation is accepted the total to be distributed to 40 class representatives totals $450,000. This amounts to a percentage of the total to be disbursed of 0.011% ($450,000/403,750,000). That is one-tenth of one percent of the total.

Mr. Alioto's statement regarding my Objection states, starting at Page 48, Line 28, "Mr. Warner's objection is untimely and Lead Counsel does not believe there is any support for his request."

I have to ask what would be a timely objection in light of the fact that I and likely all other class representatives were never advised of this determination of an incentive award. I also have to ask what constitutes "support" for this request.

In a phone conversation with Mr. Papale following my submission of my Objection Mr. Papale indicated that no incentive award had ever been in the amount I am requesting. My response was that Class Action plaintiffs have historically received pennies while lawyers received dollars.

It is time to change how class representatives were treated by providing a fair and equitable incentive award to all plaintiff class representatives. Class actions have a bad reputation based upon how the only winners are the lawyers on the winning side. Awarding 1% of the amount available for distribution to claimants cannot be construed as excessive or unfair. It certainly provides "support".

What Lead Counsel is failing to recognize is that without class representatives who provided evidence in the way of purchase documentation as well as deposition testimony and answers to Interrogatories there would likely have been a much smaller settlement or no money to be distributed to anyone.

I am therefore asking that the Court overrule IPPs Lead Counsel's recommendation that "The Court should adopt the Special Master's recommendation on incentive awards." (Document 4449, Page 49, Lines 2 & 3) and order that 1% of the amount for distribution be awarded to all plaintiff class representatives in an equal basis.

Respectfully submitted,

*[signature]*

Frank C. Warner