Law Offices
**COOPER & KIRKHAM, P.C.**
357 TEHAMA STREET, SECOND FLOOR
SAN FRANCISCO, CALIFORNIA 94103
(415) 788-3030
FAX (415) 882-7040

WRITER'S DIRECT CONTACT
(415) 788-3030 ext. 305
jdc@coopkirk.com

March 10, 2016

**VIA JAMS E-FILING**

Martin Quinn, Special Master
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

      Re:    *In re: Cathode Ray Tubes (CRT) Antitrust Litig.,*
               Case No. 07-cv-5944 JST, MDL No. 1917

Dear Special Master Quinn:

      This letter responds to Lead Counsel's March 7, 2016 letter containing his proposed form of notice, and notice dissemination plan to inform consumers and resellers of: (1) the proposed distribution plan for the previously approved settlement with Chunghwa Picture Tubes, Ltd. (hereinafter "Chunghwa"); and (2) to solicit reseller claims.

      As you may be aware, we have filed objections (Dkt. 4453) to certain aspects of your Chunghwa Report and Recommendation (Dkt. 4445) regarding Lead Counsel's general proposal for remedying the problems created by the failure of the originally proposed plan for distributing the totality of the settlement proceeds to account for the terms of the Chunghwa settlement. The form of notice now proposed by Lead Counsel incorporates language and concepts that reflect aspects of the R&R to which we objected. For example, the proposed notice provides that each state's share of the Chunghwa settlement money will be divided 50/50 between resellers and consumers. While we will not use this letter to re-argue any of our objections to the R&R (such as that separate counsel should be appointed to represent resellers, and that the record is inadequate to support the proposed division of the settlement proceeds), we wish to state explicitly that our silence should not be construed as a waiver or abandonment of any of the objections to the R&R currently pending before the District Court.

      There is still a problem with Lead Counsel's proposed computation of the net proceeds from the Chunghwa settlement. The proposed notice states: "The Court has approved the payment of $632,369 in expenses from the Chunghwa Settlement Fund, and $2.5 million in attorneys' fees to Class Counsel. Thus, the Net Settlement Fund available for distribution is $6,687,631 plus interest." *See,* Exhibit A to the Declaration of Joseph M. Fisher (filed on Case Anywhere, March 7, 2016) at 7. Lead Counsel's letter explains that the $632,369 in Chunghwa expenses was arrived at by adding "the Chunghwa

Special Master Martin Quinn
JAMS
March 10, 2016
Page 2 of 2

Settlement's pro rata share of total $7,634,372.50 litigation expenses (1.73385%): $132,369" to "$500,000 (cost of original Chunghwa notice)."

      As you are aware, following negotiation of the $10 million Chunghwa settlement, Lead Counsel opted to proceed with notice and final approval rather than wait until other settlements were achieved, so that the cost of notice could be borne by a larger monetary fund. Under ordinary circumstances, class counsel would not spend $500,000 to notify class members of a $10 million settlement when the same $500,000 could be spent later to notify them that the case had settled for $500 million. However, here there were extenuating circumstances. As reflected in the documents relating to approval of the Chunghwa settlement, Lead Counsel intended to (and did) use a portion of the Chunghwa proceeds as a war chest to minimize the amount of litigation expenses that needed to be financed out of his and the other attorneys' pockets. Accordingly, the Chunghwa notice costs were every bit as much an investment in the totality of the $576,750,000 in global settlements ultimately achieved as were any of the other costs paid with Chunghwa money that you previously directed Lead Counsel to allocate *pro rata* to all of the settlements. Allocating the notice costs in the same manner is fair and reasonable, and would make an additional $491,330.75 ($500,000 – ($500,000 x .0173385)), less amounts owing to Illinois and Oregon, available to be divided between consumer and reseller class members.[1]

                                      Respectfully submitted,

                                      /s/ Josef D. Cooper
                                         Josef D. Cooper

                                      /s/ Francis O. Scarpulla
                                        Francis O. Scarpulla

Cc: All Counsel via JAMS Case Anywhere Service

---

[1] We previously requested that Lead Counsel provide a complete accounting of the amounts and uses to which the Chunghwa settlement monies were put during the course of the litigation. We renew that request now. The amount of notice costs reported, $500,000, is a remarkably even number.