Kenneth A. Gallo (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 204-7356
Email: kgallo@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California  94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

[additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.* No. 2:11-cv-06396;<br><br>*Costco Wholesale Corp. v. Hitachi, Ltd, et al.*, Case No. 11-cv-06397;<br><br>*Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;<br><br>*Dell Inc., et al. v. Phillips Electronics North America Corporation, et al.*, No. 13-cv-02171;<br><br>*Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, No. 3:11-cv-01656; | Case No. 07-cv-5944 (JST)<br><br>MDL No. 1917<br><br>**PLAINTIFFS' MOTION TO ESTABLISH A TRANSLATION-OBJECTION RESOLUTION PROTOCOL** |

*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;

*Interbond Corp. of Am. v. Hitachi, Ltd. et al.*, No. 3:11-cv-06275;

*Interbond Corp. of Am. v. Technicolor SA, et al.*, No. 13-cv-05727;

*Office Depot, Inc. v. Hitachi, Ltd. et al.*, No. 3:11-cv-06276;

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

*P.C. Richard & Son Long Island Corp., et al., v. Hitachi, Ltd., et al.*, No. 3:12-cv-02648;

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

*Schultze Agency Services, LLC v. Hitachi, Ltd., et al.*, No. 3:12-cv-2649;

*Schultze Agency Services, LLC v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

*Sears, Roebuck and Co., et al. v. Technicolor SA*, No. 13-cv-05262;

*Sharp Elec. Corp. v. Hitachi, Ltd., et al.* No. 3:13-cv-01173;

*Sharp Elec. Corp., et al. v. Koninklijke Philips Electronics N.V., et al.*, No. 13-cv-2776;

*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No.13-cv-00157; and

*ViewSonic Corporation v. Chunghwa Picture Tubes Ltd., et al.*, No.13-cv-02510.

**Preliminary Statement**

As the Court is aware, this multidistrict litigation concerns an alleged international cartel to fix and stabilize prices for products manufactured in numerous countries across the globe. Accordingly, many of the relevant documents to be used at trial are in a foreign language—in particular, Japanese, Korean, and Chinese.

Early on in the litigation, the Court issued an Order re Discovery and Case Management Protocol ("Case Management Order"), which includes provisions for the use of translated foreign-language documents and for objecting to those translations. (Dkt. No. 1128 at 18.) This process provided rules for offering certified translations of documents, and time periods for any party to object to the translation. (*Id.*) It contemplated that the parties would then seek to resolve any disputes about translations through meet and confers, but did not specify a mechanism for final resolution of any objections. Rather, it stated that, if required, the parties could seek a final resolution from the Special Master—or the Court if raised in connection with a dispositive motion. (*Id.*) Throughout the life of the case, the parties have resolved numerous translation objections by meeting and conferring. A very substantial number, however, remain unresolved. For instance, at least forty translations have gone through four rounds of competing translations without the objections having been resolved. Despite Plaintiffs' efforts to resolve objections in a timely manner, Defendants have failed to respond in any meaningful way to many of the outstanding objections, or to offer reasonable compromise positions. Although the parties will continue to meet and confer regarding those objections, and hope to make considerable progress, there will certainly remain some disputes that the parties cannot resolve. Plaintiffs thus believe that it is advisable now to create a mechanism for resolving such disputes—particularly as the parties prepare for trial, the first of which is to occur in September of this year. Plaintiffs have conferred with Defendants about creating such a process for resolving the disputes, but the parties have been unable to agree on either a mechanism or the timing for creating such a process.

Plaintiffs believe that the Case Management Order already gives the Special Master authority to resolve outstanding disputes but Defendants contest this conclusion. It would be inefficient for us to ask the Special Master to issue orders resolving translation disputes only to

have the Defendants appeal such orders to the Court on the threshold issue that the Case Management Order did not refer such matters to the Special Master in the first instance. Accordingly, the undersigned Plaintiffs seek an order: (i) confirming or newly ordering that the Court refers to the Special Master resolution of translation disputes with respect to documents that the parties reasonably anticipate may be used at trial, and (ii) asking the Special Master promptly to establish a protocol for resolution of such disputes. The contours of a proposed protocol that the Special Master may wish to adopt are set forth below.

In the first instance, Plaintiffs would plan to submit approximately fifty documents with disputed translations to the Special Master for resolution. We hope that the guidance provided by resolution of these disputed translations will facilitate resolution of additional outstanding disputes through the meet and confer process.

**Factual Background**

Plaintiffs began using certified translations in this matter in January 2012. Thereafter, the parties began exchanging objections to those certified translations, and responses to those objections. Through that process, the parties were able to resolve many objections. But many other objections remain unresolved and Defendants have prevented progress.

On November 17, 2015, Plaintiffs proposed to Defendants that the parties establish a process to resolve objections to translations. (Declaration of Craig A. Benson, Ex. A.) Defendants also proposed a method for narrowing the universe of disputed translations from the thousands that currently exist to a smaller number relating to only documents most likely to be used at trial. Plaintiffs also proposed that unresolved disputes eventually would be brought to the Special Master, for his resolution aided by neutral third-party translators. (*Id.* at 3-4.)

The parties have since conferred and corresponded numerous times on the issue but have been unable to reach agreement. Candidly, it does not appear that Defendants have any interest in resolving these disputes before trial. For example:

- Defendants first took the position that Plaintiffs' proposal to create a system involving the Special Master and neutral translators to resolve disputes was "premature" because there was no trial date. (Benson Decl., Ex. B.) Defendants proposed, instead,

delaying resolution of objections until just "several weeks prior to the trial date . . . ." (*Id*.)  Plaintiffs did not agree, because it is not possible to adequately prepare for trial so long as the meaning of a large number of documents to be used is not resolved.

- Defendants next proposed that, instead of submitting disputes to the Special Master for resolution with a translator's assistance well in advance of trial, the unresolved translation disputes should be "offered as an evidentiary objection to the document, along with any other evidentiary objections, and [ ] submitted to the Court for resolution" during the trial.  (Benson Decl., Ex. C.)  Once again, this would not permit the parties to prepare adequately for trial and would waste the time of the Court and the jury during the actual trial.  (Benson Decl., Ex. D.)

- Defendants next argued that the process for resolving translation disputes should not involve the Special Master at all because the translations were for use at trial.  (Benson Decl., Ex. E.)  Plaintiffs disagree and believe that Defendants' position is inconsistent with the Case Management Order.  Plaintiffs reiterated to Defendants that it was necessary to establish a protocol by which objections could be finally resolved.  (Benson Decl., Ex. F.)

Following a further exchange of correspondence and a telephonic meet-and-confer, Plaintiffs asked Defendants to agree by March 15 that: (1) the Court ask Special Master Walker to promulgate a protocol for submitting contested translations to the Special Master for resolution; (2) the protocol should include appointment of independent translator(s); (3) the protocol should include a process whereby independent translators are vetted with the parties so that they may object if they have good cause to believe the translators would not be impartial; (4) the protocol should include details on the format of submissions, and response or reply rights, if any; (5) the protocol should include a recommended method for allocating costs for resolution of objections and certification of new translations; and (6) the protocol should be created as promptly as possible, to permit resolution of disputes sufficiently before trial so as to permit the parties meaningfully to prepare the final pretrial order (including deposition designations and exhibit lists) and for trial.  (Benson Decl., Ex. G.)  Defendants did not agree to the request.

**Argument**

Courts have broad discretion in discharging their duties to expedite disposition of matters, to discourage wasteful pretrial activities, and to improve the quality of trial through more thorough preparation. *See* Fed. R. Civ. P. 16(a). Among other things, they may appoint Special Masters to handle matters that cannot be addressed effectively and timely by an available district court judge or magistrate judge. *See* Fed. R. Civ. P. 53(a)(1)(c). "Special Masters have increasingly been appointed for their expertise in particular fields, such as accounting, finance, science, and technology." Manual for Complex Litigation (Fourth) § 11.52, at 115 (2004).

In the Case Management Order entered in this litigation in 2012, the Court ordered a procedure for certifying translations of documents to be used in the litigation, and for objecting to those translations. (Dkt. No. 1128 at 18.) That Order indicated that if parties were unable to resolve disputes, they "shall be submitted to the Special Master, or by the Court if raised in connection with a dispositive motion." (*Id.*) It did not lay out any special mechanism or process for submitting those disputes.

Plaintiffs believe that promptly creating an adjudication process that involves Special Master Walker working with third-party neutral translators will facilitate the efficient resolution of outstanding objections for at least two reasons. Not only will the availability of the adjudication process give the parties a way ultimately to resolve the disputes—where they are truly at an impasse because of materially differing interpretations of language—but Plaintiffs believe it will also curb strategic behavior (designed to cause delay or to encourage "horse-trading") that may be preventing the parties from making progress now.

Plaintiffs believe that Special Master Walker is well-positioned to oversee the adjudication of these translation disputes, particularly given the outstanding number of pretrial motions relating to summary judgment, *Daubert*, and *in limine* issues that are presently before the Court. Special Master Walker also has developed a sophisticated understanding of the facts underlying the cases. He does not, however, have the foreign language expertise necessary to resolve disputes on his own, and thus Plaintiffs respectfully request that the Special Master be aided by neutral third-party translators, to advise on the competing translations submitted by

either Plaintiffs or Defendants.  Beyond these requests, Plaintiffs defer to the judgment of the Court or the Special Master regarding how best to establish a structure for the review mechanism.

Defendants have consistently referred back to a procedure used in *In re TFT-LCD Antitrust Litigation* as a model for resolving translation issues, which involved preserving all objections to be resolved in lengthy meet-and-confer sessions close to trial.  Plaintiffs who operated under that procedure found it costly and wasteful, inefficient and unworkable.  The exercise involved expending significant resources immediately before trial, and, by trial, key translation objections still were not resolved, or, at the least, the parties could not agree on whether or how the objections had been resolved.

Accordingly, Plaintiffs respectfully request that:

1.  The Court ask Special Master Walker to promulgate a protocol for submitting contested translations to the Special Master for resolution (soliciting input from the parties on designing that protocol at his option);

2.  The protocol should include appointment of independent translators to advise the Special Master;

3.  The protocol should include a process whereby, before independent translators begin work, their names are vetted to the parties so that parties may object if they have good cause to believe the translators would not be impartial;

4.  The protocol should include details on the format of submissions (e.g., joint or separate, page or content requirements and limits), and response or reply rights, if any;

5.  The protocol should include a recommended method for allocating costs for resolution of objections and certification of new translations; and

6.  The protocol should be created as promptly as possible, to permit resolution of disputes sufficiently before trial so as to permit the parties meaningfully to prepare for trial.

**Conclusion**

For the reasons stated above, Plaintiffs respectfully request that the Court issue the attached Proposed Order.

DATED: March 17, 2016        By: /s/ *Craig A. Benson*

      Kenneth A. Gallo (*pro hac vice*)
      Craig A. Benson (*pro hac vice*)
      **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
      2001 K Street, NW
      Washington, DC 20006
      Telephone: (202) 223-7300
      Facsimile: (202) 223-7420
      Email: kgallo@paulweiss.com
      Email: cbenson@paulweiss.com

      Stephen E. Taylor (SBN 058452)
      Jonathan A. Patchen (SBN 237346)
      **TAYLOR & COMPANY LAW OFFICES, LLP**
      One Ferry Building, Suite 355
      San Francisco, California 94111
      Telephone: (415) 788-8200
      Facsimile: (415) 788-8208
      Email: staylor@tcolaw.com
      Email: jpatchen@tcolaw.com

      *Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Co. of America, Inc.*

      ALSTON & BIRD LLP

      By: */s/ Debra D. Bernstein*
      Michael P. Kenny (admitted pro hac vice)
      Debra D. Bernstein (admitted pro hac vice)
      Matthew D. Kent (admitted pro hac vice)
      Elizabeth Helmer (admitted pro hac vice)
      **ALSTON & BIRD LLP**
      1201 West Peachtree Street
      Atlanta, Georgia 30309-3424
      Telephone: (404)-881-7000
      Facsimile: (404)-881-7777
      Email: mike.kenny@alston.com
      debra.bernstein@alston.com
      matthew.kent@alston.com
      elizabeth.helmer@alston.com
      James M. Wagstaffe, Esq. (SBN 95535)
      **KERR & WAGSTAFFE LLP**
      101 Mission Street, 18th Floor
      San Francisco, California 94105-1576
      Telephone: (415)-371-8500

```
                              Facsimile: (415)371-0500
                              Email: wagstaffe@kerrwagstaffe.com


                              Counsel For Plaintiffs Dell Inc. and Dell Products L.P.

                              BOIES, SCHILLER & FLEXNER LLP

                              By: /s/ Philip J. Iovieno
                              Philip J. Iovieno
                              Anne M. Nardacci
                              BOIES, SCHILLER & FLEXNER LLP
                              30 South Pearl Street, 11th Floor
                              Albany, NY 12207
                              Telephone: (518) 434-0600
                              Facsimile: (518) 434-0665
                              Email: piovieno@bsfllp.com

                              William A. Isaacson
                              BOIES, SCHILLER & FLEXNER LLP
                              5301 Wisconsin Ave. NW, Suite 800
                              Washington, D.C. 20015
                              Telephone: (202) 237-2727
                              Facsimile: (202) 237-6131
                              Email: wisaacson@bsfllp.com

                              Liaison Counsel for Direct Action Plaintiffs and
                              Attorneys for Plaintiffs Electrograph Systems, Inc.,
                              Electrograph Technologies, Corp., Office Depot, Inc.,
                              CompuCom Systems, Inc., Interbond Corporation of
                              America, P.C. Richard & Son Long Island Corporation,
                              MARTA Cooperative of America, Inc., ABC Appliance, Inc.,
                              Schultze Agency Services LLC on behalf of Tweeter Opco,
                              LLC and Tweeter Newco, LLC, and Tech Data Corporation
                              and Tech Data Product Management, Inc.

                              BILZIN SUMBERG MAENA PRICE & AXELROD

                              By: /s/ Scott N. Wagner
                              Robert W. Turken
                              Scott N. Wagner
                              Mitchell E. Widom
                              BILZIN SUMBERG MAENA PRICE & AXELROD
                              LLP
                              1450 Brickell Ave, Suite 2300
                              Miami, FL 33131-3456
                              Tel: 305-374-7580
                              Fax: 305-374-7593
                              Email: rturken@bilzin.com
```

swagner@bilzin.com
mwidom@bilzin.com

*Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*

PERKINS COIE LLP

By: /s/ *David J. Burman*
David J. Burman (*pro hac vice*)
Cori G. Moore (*pro hac vice*)
Eric J. Weiss (*pro hac vice*)
Nicholas H. Hesterberg (*pro hac vice*)
Steven D. Merriman (*pro hac vice*)
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206)359-8000
Facsimile: (206)359-9000
Email: DBurman@perkinscoie.com
CGMoore@perkinsncoie.com
EWeiss@perkinscoie.com
NHesterberg@perkinscoie.com
SMerriman@perkinscoie.com

*Counsel for Plaintiff Costco Wholesale Corporation*

KENNY NACHWALTER, P.A.

By: */s/ William J. Blechman*
Richard Alan Arnold (*pro hac vice*)
William J. Blechman (*pro hac vice*)
Kevin J. Murray (*pro hac vice*)
**KENNY NACHWALTER, P.A.**
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel: 305-373-1000
Fax: 305-372-1861
Email: rarnold@knpa.com
wblechman@knpa.com
kmurray@knpa.com

*Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corp.*

CROWELL & MORING LLP

By: /s/ *Jason C. Murray*

| | |
|---|---|
| 1 | Jason C. Murray (CA Bar No. 169806) |
| | **CROWELL & MORING LLP** |
| 2 | 515 South Flower St., 40th Floor |
| | Los Angeles, CA 90071 |
| 3 | Telephone: 213-443-5582 |
| | Facsimile: 213-622-2690 |
| 4 | Email: jmurray@crowell.com |
| | Jerome A. Murphy *(pro hac vice)* |
| 5 | Astor H.L. Heaven *(pro hac vice)* |
| 6 | **CROWELL & MORING LLP** |
| | 1001 Pennsylvania Avenue, N.W. |
| 7 | Washington, D.C. 20004 |
| | Telephone: 202-624-2500 |
| 8 | Facsimile: 202-628-5116 |
| | E-mail: jmurphy@crowell.com |
| 9 | aheaven@crowell.com |

*Counsel for Target Corp. and ViewSonic Corp.*

9

PLAINTIFFS' MOTION TO ESTABLISH A TRANSLATION-OBJECTION RESOLUTION PROTOCOL:
CASE NO. 07-CV-5944 (JST); MDL NO. 1917

**E-FILING ATTESTATION**

I, Craig A. Benson, am the ECF user whose ID and password are being used to file Plaintiffs' Motion To Establish A Translation-Objection Resolution Protocol. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each listed counsel above has concurred in this filing.

Dated: March 17, 2016                    */s/ Craig A. Benson*
                                           Craig A. Benson