Kenneth A. Gallo (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and
Sharp Electronics Manufacturing Company of America, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-5944 (JST) |
| | MDL No. 1917 |
| This Document Relates To: | **DECLARATION OF CRAIG A. BENSON IN SUPPORT OF PLAINTIFFS' MOTION TO ESTABLISH A TRANSLATION-OBJECTION RESOLUTION PROTOCOL** |
| *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.* No. 2:11-cv-06396; | |
| *Costco Wholesale Corp. v. Hitachi, Ltd, et al.*, Case No. 11-cv-06397; | |
| *Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723; | |
| *Dell Inc., et al. v. Phillips Electronics North America Corporation, et al.*, No. 13-cv-02171; | |
| *Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, No. 3:11-cv-01656; | |
| *Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724; | |

1
2

*Interbond Corp. of Am. v. Hitachi, Ltd. et al.*, No. 3:11-cv-06275;

3

*Interbond Corp. of Am. v. Technicolor SA, et al.*, No. 13-cv-05727;

4
5

*Office Depot, Inc. v. Hitachi, Ltd. et al.*, No. 3:11-cv-06276;

6

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

7
8

*P.C. Richard & Son Long Island Corp., et al., v. Hitachi, Ltd., et al.*, No. 3:12-cv-02648;

9

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

10
11

*Schultze Agency Services, LLC v. Hitachi, Ltd., et al.*, No. 3:12-cv-2649;

12

*Schultze Agency Services, LLC v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

13
14

*Sears, Roebuck and Co., et al. v. Technicolor SA*, No. 13-cv-05262;

15

*Sharp Elec. Corp. v. Hitachi, Ltd., et al.* No. 3:13-cv-01173;

16
17

*Sharp Elec. Corp., et al. v. Koninklijke Philips Electronics N.V., et al.*, No. 13-cv-2776;

18

*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

19
20

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No.13-cv-00157; and

21

*ViewSonic Corporation v. Chunghwa Picture Tubes Ltd., et al.*, No.13-cv-02510.

22
23
24
25
26
27
28

I, CRAIG A. BENSON, hereby declare as follows:

      1.     I am a partner with the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.  I am an active member in good standing of the bars of the State of Maryland, the State of New York, and the District of Columbia, and on March 20, 2013, was granted leave to appear *pro hac vice* in this litigation.

      2.     I submit this Declaration in support of Plaintiffs' Motion to Establish a Translation-Objection Resolution Protocol.  I have personal knowledge of the facts stated herein and could competently testify to these facts if called upon to do so.

      3.     As detailed in the accompanying motion, Direct Action Plaintiffs sought an agreement from Defendants to establish a protocol for resolving remaining objections to certified translations.  Defendants did not agree.

      4.     Attached as Exhibit A is a true and correct copy of a November 17, 2015 letter from Jill Casselman to Defendants.

      5.     Attached as Exhibit B is a true and correct copy of a November 25, 2015 letter from Aya Kobori to Jill Casselman.

      6.     Attached as Exhibit C is a true and correct copy of a December 10, 2015 proposed Trial Translation Protocol, sent by Aya Kobori to certain Direct Action Plaintiffs via email on December 10, 2015.

      7.     Attached as Exhibit D is a true and correct copy of a December 30, 2015 letter from Bernice Conn to Aya Kobori.

      8.     Attached as Exhibit E is a true and correct copy of a January 15, 2016 letter from Aya Kobori to Bernice Conn.

      9.     Attached as Exhibit F is a true and correct copy of a March 4, 2016 letter from me to Aya Kobori.

      10.     Attached as Exhibit G is an email chain between Aya Kobori and me relating to our proposals to establish a translation-objection adjudication protocol.

1    I declare under penalty of perjury that the foregoing is true and correct.  Executed

2    this 17th day of March, 2016, at Washington, DC.

3                                                      /s/  *Craig A. Benson*
                                                      CRAIG A. BENSON
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF CRAIG A. BENSON ISO PLAINTIFFS' MOTION TO ESTABLISH A
TRANSLATION-OBJECTION RESOLUTION PROTOCOL
CASE NOS. 07-5944; MDL NO. 1917

# EXHIBIT A

ROBINS ∕ KAPLAN LLP

2049 CENTURY PARK EAST   310 552 0130 TEL
SUITE 3400                310 229 5800 FAX
LOS ANGELES CA 90067      ROBINSKAPLAN.COM

JILL S. CASSELMAN
310 229 5435 TEL
JCASSELMAN@ROBINSKAPLAN.COM

November 17, 2015                    *VIA EMAIL*

William Temko                        Brent Caslin
MUNGER, TOLLES & OLSON LLP           JENNER & BLOCK LLP
560 Mission Street                   633 West 5th Street, Suite 3600
San Francisco, CA 94105-2907         Los Angeles, CA 90071-2054
E-Mail: william.temko@mto.com        E-Mail: bcaslin@jenner.com

Lucius B. Lau                        Kathy L. Osborn
WHITE & CASE                         FAEGRE BAKER DANIELS LLP
701 Thirteenth Street N.W.           300 N. Meridian Street, Suite 2700
Washington, DC 20005                 Indianapolis, IN 46204
E-Mail: alau@whitecase.com           E-Mail: kathy.osborn@faegrebd.com

John M. Taladay                      Nathan Lane, III
BAKER BOTTS L.L.P.                   SQUIRE PATTON BOGGS (US)  LLP
1299 Pennsylvania Avenue, N.W.       275 Battery Street, Suite 2600
Washington, DC 20004-2400            San Francisco, CA 94111
E-Mail: john.taladay@bakerbotts.com  E-Mail:nathan.lane@squiresanders.com

Richard Snyder                       Eliot A. Adelson
FRESHFIELDS BRUCKHAUS                KIRKLAND & ELLIS LLP
& DERINGER US, LLP                   555 California Street, 27th Floor
700 13th Street, NW, 10th Floor      San Francisco, CA 94104
Washington, DC 20005                 E-Mail: eliot.adelson@kirkland.com
E-Mail: richard.snyder@freshfields.com

James L. McGinnis                    Rachel S. Brass
SHEPPARD MULLIN RICHTER &            GIBSON, DUNN & CRUTCHER LLP
HAMPTON LLP                          555 Mission Street, Suite 3000
Four Embarcadero Center, 17th Floor  San Francisco, CA 94105
San Francisco, CA 94111-4106         E-Mail: rbrass@gibsondunn.com
E-Mail: jmcginnis@sheppardmullin.com

November 17, 2015                                    *VIA EMAIL*
Page 2
_____

Eva W. Cole                              Steven A. Reiss
WINSTON & STRAWN LLP                     WEIL, GOTSHAL & MANGES LLP
200 Park Avenue                          767 Fifth Avenue
New York, NY 10166                       New York, NY 10153-0119
E-Mail: ewcole@winston.com               E-Mail: steven.reiss@weil.com

> Re:   In re Cathode Ray Tubes ("CRT") Antitrust Litigation, MDL 1917
>       Protocol For Resolution of Outstanding Translation Objections

Counsel:

As you know, there are numerous outstanding objections to many of the parties' document translations. The Direct Action Plaintiffs believe these objections should be resolved prior to trial and as soon as possible.

We write to propose a protocol to accomplish this goal. Our proposal relates solely to objections that remain pending as to documents identified on any party's proposed trial exhibit list and documents that are identified in any party's deposition designations (including counter-designations). We consider as moot translation objections to documents that no party has included in either their trial exhibit list or depo designations.

Plaintiffs are in the process of reviewing what we believe to be all of the outstanding translation disputes involving relevant documents. We attach a spreadsheet identifying most[1] of these documents along with our proposals for resolving these remaining disputes.  Keeping in mind that there are many documents to which multiple objections have been raised, the spreadsheet will include the following information for each document:

- Deposition Exhibit Number(s) (if applicable);

- Document ID (Bates or other ID number);

- Party(ies) Objecting;

- Number of Ongoing Objections within Document;

_____

[1] We believe that we still need to review less than 100 documents to which Plaintiffs have raised translation objections. We plan to review them promptly and will send a second spreadsheet when we have done so.

61085295.2

*VIA EMAIL*

- Original Translation of the disputed language;

- Alternate Translation(s) of the disputed language;

- Compromise Translation(s) (if pertinent); and

- The Direct Action Plaintiffs' Proposed Disposition of the Objection.[2]

Having reviewed most of these contested translations, it is apparent that many of the parties' objections are highly technical and not material to the issues in this case. In such instances, we believe that strong consideration should be given to withdrawal of such objections.

Additionally, there are some objections which we should be able to globally resolve. For example, numerous, repetitive objections are raised to individual names, titles and/or email addresses. Additionally, there are multiple instances in which a translation objection has been resolved between some parties, but not others, *e.g.*, an alternate translation is accepted by one defendant, but rejected by a different defendant. In such instances, Plaintiffs propose that the remaining objecting defendant(s) agree to the translation accepted by a co-defendant, since such cooperation is clearly contemplated by the Discovery and Case Management Protocol. This is especially true when the document at issue was generated by the defendant who has agreed to resolve the objection.

We propose that Defendants review the spreadsheet for accuracy and completeness and, if necessary, promptly advise Plaintiffs of any other relevant, disputed translations they have identified. Defendants would then determine for each objection whether they will agree to Plaintiffs' proposed resolution, withdraw their objection or continue to maintain their objection. We propose a discussion of these issues with Defendants the first week of December, prior to the December 15, 2015 status conference.

We assume that all parties will not reach consensus on all remaining objections. So, we also need to agree on a protocol for resolving these disputes. Plaintiffs propose submitting the remaining outstanding translation objections to Special Master Walker.

We expect that he may request the appointment of an independent expert(s) to advise him in this regard. Plaintiffs therefore also propose that we attempt to provide him with an agreed-upon list of recommended, independent translators. We propose that such expert(s) cost initially be split between Plaintiffs and

---

[2] We note that, as to many of these documents, the parties have resolved other translation disputes. The spreadsheet will not include these resolved objections unless Plaintiffs believed the resolution was unclear.

November 17, 2015                                      *VIA EMAIL*
Page 4
_____

Defendants with Special Master Walker having the discretion to reallocate such costs, if appropriate, following his consideration of all submitted objections.

 We also seek Defendants' agreement that if a party chooses <u>not</u> to submit their outstanding translation objections for resolution to Special Master Walker (or whoever will hear the disputes), those objections are deemed waived and the original certified translation may be used. If the parties have agreed to a partially revised translation, then the revised version of the document should be used at trial.

 Moreover, it is important to the ultimate resolution of these issues that we have a procedure for recertifying documents once all outstanding translation objections have been resolved. Plaintiffs propose that the most equitable way to handle recertification is to require the party who "prevailed" (whether by agreement or adjudication) on the majority of individual translation disputes within a document to obtain, if necessary, a final recertified translation of the document that conforms to the Special Master's ruling within **30 days** of resolution and distribute it to the remaining parties.

 If Defendants have a different proposal, please let us know. Plaintiffs believe that implementing a protocol for resolving outstanding translation objections is essential and must begin as soon as possible. Please advise at your earliest convenience whether each of your clients is willing to participate in establishing this protocol and, if so, Defendants' response(s) to Plaintiffs' proposals. If Defendants are unwilling to consider a protocol for pre-trial resolution of these objections, please let us know as soon as possible.

Sincerely,

ROBINS KAPLAN LLP

Jill S. Casselman

cc: Via E-Mail:
asg@dillinghammurphy.com; bambo.obaro@weil.com;
calvin.litsey@faegrebd.com; ccurran@whitecase.com; cfujita@gibsondunn.com;
charles.malaise@bakerbotts.com; cnaifeh@whitecase.com; david.yohai@weil.com;
david.yolkut@weil.com; dballard@sheppardmullin.com; defoster@whitecase.com;
erik.koons@bakerbotts.com; etobin@curtis.com; gfuentes@jenner.com;
guido@saveri.com; hojoon.hwang@mto.com; james.mutchnik@kirkland.com;
jeffrey.roberts@faegrebd.com; jkessler@winston.com;
jon.swenson@bakerbotts.com; jonathan.altman@mto.com;

November 17, 2015                        *VIA EMAIL*
Page 5

jsanders@gibsondunn.com; kate.wheaton@kirkland.com; laura.lin@mto.com;
laurenrussell@tatp.com; malioto@tatp.com; mark.dosker@squiresanders.com;
max.cooper@kirkland.com; mbrody@jenner.com; mmdonovan@winston.com;
mpowers@jenner.com; mscarborough@sheppardmullin.com;
pvictor@winston.com; rick@saveri.com; ryan.hurley@faegrebd.com;
skern@antitrustglobal.com; stephen.judge@faegrebd.com; svanhorn@jenner.com;
ttruax@jenner.com; CRT.antitrust@alston.com

# EXHIBIT B

**WHITE & CASE**

November 25, 2015

VIA E-MAIL

Jill S. Casselman, Esq.
Robins Kaplan LLP
2049 Century Park East
Suite 3400
Los Angeles, CA 90067

White & Case LLP
1155 Avenue of the Americas
New York, NY 10036-2787
**T** +1 212 819 8200

whitecase.com

**In re Cathode Ray Tubes (CRT) Antitrust Litigation, MDL 1917
Protocol for Resolution of Outstanding Translation Objections**

Dear Jill:

Defendants are in receipt of your letter, dated November 17, 2015, regarding outstanding translation objections that need to be resolved prior to trial.  Defendants agree that it is critical to resolve these issues prior to trial, and we are committed to working with you going forward to resolve all remaining disputed translations. But although we appreciate Plaintiffs' proposal, we believe that a final resolution of all outstanding translation objections identified by Plaintiffs is premature at this time.

*First*, as you concede in your letter, the chart that you have provided listing remaining translation objections is incomplete.  Defendants appreciate Plaintiffs' work in consolidating the remaining objections into a single chart, and agree that the chart can serve as the template for resolving remaining translation objections prior to trial.  But since a trial date has not yet been set, and because we can more efficiently resolve the outstanding translation disputes once we have a complete set of unresolved objections, your proposal is premature.

*Second*, the parties are currently contemplating amending their respective trial exhibit lists, as indicated in the recently-exchanged proposed pretrial schedules in the Joint Case Management Conference Statement, dated November, 17, 2015.   The timing of those amendments will not be decided until after the December 15th status conference.  Those amendments may affect the scope of any meet-and-confers on translation objections.  For example, some documents may be added to the exhibit lists, which may prompt new translation objections.

Defendants thus believe that it is more efficient for the parties to continue to work on resolving the objections indicated in your chart by exchanging responses to the chart, rather than seeking any adjudication by Special Master Walker.  At the same time, Defendants will review Plaintiffs' annexed chart and provide a consolidated response to Plaintiffs' suggested recommendations.

Jill S. Casselman, Esq.
November 25, 2015

WHITE & CASE

We address some of the specific proposals in your letter below.

1. Defendants disagree with Plaintiffs statement that they "consider as moot translation objections to documents that no party has included in either their trial exhibit list or depo designations." As mentioned above, there may be additional documents added to the current exhibit lists, as well as documents used during cross-examination, or to refresh recollection, that are not currently included on any exhibit lists. Therefore, the fact that a particular document is not identified on a pretrial list has no bearing on whether the translation objections remain active.

2. You request that Defendants consider the withdrawal of "technical objections," but it is unclear to us to which objections you are referring. Please identify them. We will review the pending translation objections and will endeavor to streamline the process by withdrawing those we deem feasible; however, we remind Plaintiffs that the translations need to be accurate.

3. You also propose "that the remaining objecting defendant(s) agree to the translation accepted by a co-defendant." As you know, the Translation Protocol entered by the Court has no such requirement. To the extent there are conflicting translations, the Defendants will coordinate among themselves to minimize them, but we do not agree to a blanket waiver of all objections where there may be conflicting Defendant objections.

4. Your proposal to submit remaining translation objections to Special Master Walker is both premature and unnecessary at this juncture, especially considering the vast number of objections still pending. Indeed, nearly a third of the objections on Plaintiffs' annexed chart have a "DAP Recommendation" with "submit to SM." Plaintiffs' proposal would place a tremendous burden on Special Master Walker when the translation objection process to which the parties previously agreed has not yet resulted in an impasse. Given our experiences in previous trials with similar defendants' and plaintiffs' counsel, where the parties were able to resolve all but a few objections through meet-and-confers prior to trial, there is no need to impose such burdens on the Special Master at this stage. Because of the parties' knowledge and context of the facts in the case, it is more efficient to try to resolve as many translation objections as possible among the parties and translators without resorting to adjudication by the Special Master. We propose that the parties work to resolve as many objections as possible until a certain date (*e.g.*, several weeks prior to the trial date), at which time all remaining objections be discussed through an in-person meet-and-confer. If there are any objections remaining after that meet-and-confer, then the parties might consider submitting them to the Court or to a special master.

5. Defendants also cannot agree to your proposal that "the party who 'prevailed' . . . on the majority of individual translation disputes within a document" obtain the recertified translation. It has been the practice in this case and others that any re-certification of a translation will be obtained by the party that obtained the original certification. For several reasons, abiding by that long-standing practice is preferable, including that the

2

Jill S. Casselman, Esq.
November 25, 2015

**WHITE & CASE**

offering party has the original correspondence with the translation company that created the original certified translation, and so any modifications and re-certifications can be easily made by that original translation company.

Defendants are willing to discuss the translation protocol issue prior to the December 15, 2015 status conference, although we believe that during the status conference, the parties need only to inform the Court that they are actively working to resolve translation issues prior to trial based on an agreed-upon framework, with an emphasis on minimizing any Court or special master intervention. If Plaintiffs would like to have a teleconference prior to December 15, please propose a date and we will coordinate with the other Defendants.

Finally, while this was not indicated in your letter, Defendants request confirmation that the resolution of translations for the upcoming trial will apply equally to all Direct Action Plaintiffs, including those remanded to non-California courts.

Best regards,

**Aya Kobori**

**T** +1 212 819 8932
**E** akobori@whitecase.com

cc:     All Parties

**EXHIBIT C**

[ Draft: December 10, 2015]

**Trial Translation Protocol**
*In Re Cathode Ray Tube (CRT) Antitrust Litigation*, Civ. No. 3:07-CV-05944
**MDL No. 1917 (N.D. Cal.) (JST)**

- Nothing in this Trial Translation Protocol modifies any party's rights or objections under the Order re Discovery and Case Management Protocol, dated April 3, 2012 [Dkt. No. 1128]

- This Trial Translation Protocol is the parties' good-faith attempt to resolve foreign-language document translation issues prior to trial.   The parties agree that any translations resolved under this Protocol are final.  To the extent that any party identifies additional foreign-language documents requiring translation outside of the timelines contemplated herein, the parties agree to meet and confer in good faith to resolve any disputes related to such documents.

- Plaintiffs whose cases are remanded to their respective transferor courts will be bound by the resolution of translations under this Trial Translation Protocol.

- The parties will exchange translation objections and responses according to the schedule below.  Any unresolved issues regarding translations will be resolved at an in-person meet and confer that will occur 45 days prior to the first day of trial, or on another mutually-agreed date.

  - During the above-referenced in-person meet and confer, Plaintiffs will meet with each Defendant at specified times to resolve any remaining translation issues.

  - Each party will provide an individual with the appropriate level of competency in the language at issue to discuss translation disputes.

**Category 1 (Translations in "Outstanding Translation Objections Re: Pltfs' Order of Proof, Pltfs' Depo Designations, Defts' Exhibit List and Defts' Depo Designations" exchanged on November [xx], 2015 ):**

| Defendants' First Response | Plaintiffs' First Response | Defendants' Second Response | Plaintiffs' Second Response |
|---|---|---|---|
| January 18, 2016 | February 22, 2016 | March 28, 2016 | April 25, 2016 |

- To the extent Defendants have overlapping or conflicting objections to the same translation, they will coordinate to provide a single response to the Plaintiffs.

**Category 2 (Translations on All Parties' Exhibit Lists Added After December 15, 2015):**

| Objections Issued | First Response | Second Response | Third Response |
|---|---|---|---|
| 30 days after exchange of amended exhibit lists | 30 days after objections issued | 30 days after first response | 30 days after second response |

Comment [W&C1]: Defendants assume that certified translation will be provided on the same day that the exhibit lists are exchanged.  If this is not the case, this date should be set 30 days from the date that translations are received.

- Plaintiffs and Defendants will submit separate objection sheets

- Objections will be added as separate sheets for DAPs' and Defendants' objections, respectively, to the Excel File "Outstanding Translation Objections Re: Pltfs' Order of Proof, Pltfs' Depo Designations, Defts' Exhibit List and Defts' Depo Designations".

- Failure to provide an alternative translation by [Deadline for Objections] shall constitute a waiver of any objection to the initial certified translation.

**Category 3 (Translations Used in Deposition / Motion Practice With Objections but Not Listed as Trial Exhibit)**

| Defendants' Subission of Remaining Objections | Plaintiffs' First Response | Defendants' First Response | Plaintiffs' Second Response |
|---|---|---|---|
| 30 days after exchange of amended exhibit list | 30 days after submission | 30 days after Plaintiffs' first response | 30 days after Plaintiffs' second response |

Comment [W&C2]: This is to accommodate the possibility that some documents may end up on the exhibit list, or vice versa.

- Each Defendant will identify the outstanding objections from depositions/motion practice.  Defendants' liaison will consolidate these objections onto a separate sheet in the Excel File "Outstanding Translation Objections Re: Pltfs' Order of Proof, Pltfs' Depo Designations, Defts' Exhibit List and Defts' Depo Designations."

**Final Resolution of Trial Exhibit Translations**

If the parties are unable to resolve a translation dispute during the above-referenced, in-person meet-and-confer, the dispute will be offered as an evidentiary objection to the document, along with any other evidentiary objections, and shall be submitted to the Court for resolution. *See, e.g.,* Defendants' Objections to DAPs' Trial Exhibit List, served on Jan. 23, 2015.

**Re-certification of Resolved Translations**

- Foreign language documents whose translations are resolved prior to the above-referenced in-person meet and confer should be recertified within 30 days of their resolution by the party that first offered the initial document translation.  If the party is no longer in the case, a remaining co-party (either Plaintiff or Defendant) will provide the recertification.

12/10/2015 11:42 PM
AMERICAS 90962318 v1 [90962318_1.docx]

- All documents whose translations are resolved during the above-referenced in-person meet-and-confer will be recertified within 14 days of the meet and confer.

12/10/2015 11:42 PM
AMERICAS 90962318 v1 [90962318_1.docx]

# EXHIBIT D

**ROBINS ▰ KAPLAN** LLP

2049 CENTURY PARK EAST   310 552 0130 TEL
SUITE 3400               310 229 5800 FAX
LOS ANGELES CA 90067     ROBINSKAPLAN.COM

BERNICE CONN
310 229 5809 TEL
BCONN@ROBINSKAPLAN.COM

December 30, 2015                          Via Email akobori@whitecase.com

Aya Kobori
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036

      Re: In re Cathode Ray Tubes (CRT) Antitrust Litigation, MDL 1917
         Proposed Trial Translation Protocol

Dear Aya:

      Thank you for the draft translation protocol we received on December 10, 2015 in response to our November 17, 2015 letter and December 7, 2015 telephone conference. We note that, despite our discussion on the 7th, there appear to be fundamental differences in our respective approaches to resolution of these evidentiary objections. As we said on the 7th, we are concerned that the Court remains unaware of the scope of these outstanding evidentiary issues and, if we cannot reach an agreement, we need the Court's guidance on this matter as soon as possible.

      As we told you when we spoke on the 7th, we found the protocols agreed to in the LCD case to be inefficient, costly, complicated and unworkable, so we are not willing to build a protocol in this case based on those earlier agreements – which is what you have submitted to us. Accordingly, we have attached our own simplified, proposed Protocol. Please advise as soon as possible whether Defendants are willing to agree to this Proposal.  We see the major points of difference as follows:

      We don't see any provision in the Defendants' proposal for a Special Master. It appears that Defendants want to have the Court resolve remaining translation objections as evidentiary objections at the time of trial. However, the April 2012 Case Management Protocol requires such disputes to be resolved by a Special Master (see p. 18, Paragraph XVI(F)). Moreover, given the number of translation objections involved, the possible need for an independent interpreter to be

December 30, 2015
Page 2

appointed, the pre-trial time constraints, and the parties' practical need to know before trial the final contents of the translated evidence they intend to rely upon at trial, these translation disputes need to be resolved as soon as possible.

As you know from our November 17, 2015 letter and our conference call on December 7, 2015, Plaintiffs propose that any outstanding objections be expeditiously resolved by Special Master Walker. If the defendants do not agree, then we need to obtain direction from the Court.

As we also told you when we spoke on the 7th, plaintiffs do not see the need, or believe there is time, for multiple rounds of responses, particularly since, as to many of these documents, there already have been multiple rounds of objections and responses. Frankly, we are too close to trial to begin to implement the complicated, multi-round procedures that Defendants have proposed involving multiple categories of objections.

As we discussed on the 7th, we think it reasonable for defendants to respond by mid-January 2016 to the proposed translation resolutions we sent on November 17, 2015. The November spreadsheet encompasses all objections raised by the parties' current trial exhibit lists and deposition designations with the exception of certain of Plaintiffs' objections to translations offered ostensibly for the first time on Defendants' exhibit list earlier this year. We should agree on in-person meet and confers to take place on a single day no later than mid-February to resolve any of these outstanding translation objections. Unresolved objections should be submitted to the Special Master by the end of February 2016.

We intend to get you any remaining outstanding Plaintiff objections by early January. If necessary, we can put these additional objections on a slightly staggered track. To the extent additional trial exhibits or depo designations are identified that involve translation objections, we believe the resolution of those objections should involve a single round of proposals and responses, an expedited meet and confer and expedited submission to the Special Master for review, well before the commencement of trial.

December 30, 2015
Page 3
_____

Thank you for your willingness to work with us on these issues. Please let us hear from you no later than January 8, 2016. As noted, if we cannot quickly reach an agreement on this Protocol, Plaintiffs intend to promptly seek the Court's assistance.

Sincerely,

Bernice Conn

Attachment
cc Via Email:
     Norman H. Pentelovitch
     Jalaine Garcia
     Nicholas H. Hesterberg
     Jason Rottner

# EXHIBIT E

**WHITE & CASE**

January 15, 2016

VIA E-MAIL

Bernice Conn, Esq.
Robins Kaplan LLP
2049 Century Park East
Suite 3400
Los Angeles, CA 90067

White & Case LLP
1155 Avenue of the Americas
New York, NY 10036-2787
**T** +1 212 819 8200

**whitecase.com**

**Re: In re Cathode Ray Tubes (CRT) Antitrust Litig., MDL 1917**
**Proposed Trial Translation Protocol**

Dear Bernice:

Thank you for your letter of December 30, 2015 and Plaintiffs' proposed Trial Translation Protocol.  As a preliminary matter, Defendants are confused by Plaintiffs' insistence that the parties submit all outstanding objections to a Special Master by the end of February and their perception that "we are too close to trial to begin to implement the complicated, multi-round procedures that Defendants have proposed."  (Letter at 2).  As you know, during the December 15, 2015 status conference, the Court set a tentative date for the beginning of jury selection for the Sharp trial of September 6, 2016; therefore, the parties have at least seven months to identify and resolve the translation objections that have accumulated over seven years of litigation.  While the process need not be unnecessarily complicated, Defendants find it important to have a complete set of resolved translated documents for use at trial, handled in a deliberate, considered way.

We address the areas you consider to be "major points of difference" below, and attach a redline to Plaintiffs' proposed Trial Translation Protocol, which focuses on setting reasonable deadlines as Defendants see no need to finalize and recertify translations six months before trial.

1.  Response to Plaintiffs' November 17, 2015 Chart

Plaintiffs' proposal of a single round of exchanges is simply not workable given the current state of Plaintiffs' November 2015 chart.  As each side recognizes, the first step in resolving the outstanding translation objections is identifying the universe of such objections.  Plaintiffs' chart remains woefully incomplete.  As you acknowledged when you circulated it and in your December 30 letter, it does not include several categories of outstanding objections.  And, based on our review of the chart, there are other serious problems not previously identified by Plaintiffs.  The following are some examples:

Bernice Conn, Esq.
January 15, 2016

WHITE & CASE

*First*, Plaintiffs' chart is missing numerous trial translation objections made by both Defendants and Plaintiffs throughout the course of this case.  As just one example, the chart does not include Toshiba's objections to Plaintiffs' trial translations submitted on December 18, 2014, and January 8, 2015 (attached for reference).

*Second*, Plaintiffs' chart takes contrary positions to those taken by Plaintiffs previously. For example, in the case of certain Thomson objections, Plaintiffs sent objections on November 13, 2014, and Thomson responded on January 12, 2015 (both attached again for reference).  But in your November 17, 2015 chart, Plaintiffs state that certain objections Thomson and Plaintiffs agreed to resolve in their November 13, 2014 and January 12, 2015 exchanges should now be taken up with the Special Master.  So, either your November 17, 2015 chart is in error, or Plaintiffs intend to renege on prior agreed-upon language to resolve objections.  Of course, we think that Plaintiffs are bound by their previously reached agreements.  In any event, this issue must be resolved for several objections.

*Third*, Plaintiffs' chart does not include the trial translations that Plaintiffs served on Defendants in February and March 2015.  (See email from Nathan Cihlar to Defendants, dated February 23, 2015 and March 2, 2015, attached for reference.)  Please let Defendants know whether these translation objections and any others made through the course of this litigation but are not included in the November 17, 2015 chart, are withdrawn at this time.

Identifying these gaps in the long history of translation objections throughout the course of this case has taken a significant amount of time for Defendants.  It is Defendants' position that additional time is necessary to adequately identify the universe of translation objections remaining in the litigation and resolve them in an effective, efficient manner, rather than rush to try to resolve what is now (as you have acknowledged) an incomplete set of objections that will necessarily need to be revisited in the near future.  Our revised draft Trial Translation Protocol reflects this position.

2.  Multiple Rounds of Responses

As described above, because Plaintiffs' chart does not accurately identify the universe of translation objections that exist in this litigation, Defendants find it inefficient to respond to only the chart at this time.  Defendants thus propose that both sides invest additional time to identify all outstanding translations objections, using Plaintiffs' chart as a starting point, and exchange those results by February 22, 2016.  With an understanding of the entire universe of remaining objections, the parties can then begin to work to resolve them.

The Court's tentative trial schedule allows the parties ample time for more than one round of exchanges.  Thus, Defendants again propose a reasonable response schedule to the remaining objections, with a final meet-and-confer date in late July or early August.  The purpose of the multiple rounds of responses is to whittle down the number of truly contested objections, thus lessening the burden on the Court.  This is the process that the parties have used throughout this litigation, and it should serve the parties well now.

Bernice Conn, Esq.
January 15, 2016

3.  Proposal for a Special Master

We do not think that the appointment of a Special Master immediately to adjudicate a large number of currently-pending translation objections is the best or most efficient use of the parties' or the Court's resources.  As we know from our experience in several of the *LCD* trials, the Court will need to resolve some objections on which the parties ultimately reach an impasse.  But, as we mentioned on the call on December 7, 2015, Plaintiffs' chart currently identifies ***over 280 translation objections*** to be adjudicated.  And, as described above, there are many objections that Plaintiffs' chart omitted that also require resolution.  Asking a Special Master to adjudicate all currently pending translation objections is simply not an efficient use of the parties' or the Court's time.  First, any neutral translators used to assist the Court or Special Master will not have the institutional knowledge of the language and terms used in the CRT industry and unique terms used by the parties.  The parties have that knowledge now, and are in the best position to resolve these issues.  Second, as we discussed on the December 7 call, it is Defendants' firm belief that, because of the benefit of time that we now have, the vast majority of the remaining translation objections can be resolved through exchanges of responses and a final meet-and-confer—as has been the case with the numerous objections to date.  This process would bring before the Court only those objections that remain truly in contention because the parties have reached an impasse.

Your comment that a Special Master is "required" under the Case Management Protocol is incorrect.  Rather, the Case Management Protocol states that for a document introduced as part of a deposition, "[i]f the Parties are unable to resolve the dispute, it shall be submitted to the Special Master, or **by the Court** if raised in connection with a dispositive Motion." *See* ECF No. 1128, p. 18, Paragraph XVI(F) (emphasis added).  Because translations for use at trial fit into either of these categories, Defendants believe that the Court would be the appropriate adjudicator of any remaining translation objections.  Because we expect that the final number of translation objections will be small, we believe it is more efficient if they were decided together with other evidentiary objections that would be raised related to the trial exhibits in a pre-trial conference before the Court.

4.  Trial Translation Protocol

Finally, Defendants are surprised that Plaintiffs are "not willing to build a protocol in this case based on" the previous electronic component cases.  In the e-mail that I sent to you on December 10, 2015 attaching the draft Protocol, I stated that the draft Protocol derived elements from previous agreements in the *LCD* DPP trial, the *LCD* Motorola litigation, and the *LCD* Costco arbitration.  It is not based on anything agreed to in the *LCD* Best Buy trial, so perhaps that will allay some of your concerns (in recognition that current DAP counsel were not plaintiffs in the *LCD* DPP, Motorola, or Costco matters).  In light of this position, we submit an attached a redlined version of the Translation Protocol.

We hope that given the extra time the parties have prior to the September 6 Sharp trial start date, the parties can work together to identify and resolve all translation objections that have been raised in the course of this lengthy litigation.  We believe that a process that allows for a

3

Bernice Conn, Esq.
January 15, 2016

**WHITE & CASE**

comprehensive resolution of these objections is in the best interest of all parties to the litigation. We look forward to discussing this with you in more detail.  Please let us know when you are available for an additional meet-and-confer call to discuss these issues.

Best regards,

**Aya Kobori**

**T** +1 212 819 8932
**F** +1 212 354 8113
**E** akobori@whitecase.com

cc via email:
      Norman H. Pentelovitch
      Jalaine Garcia
      Nicholas H. Hesterberg
      Jason Rottner
      All Defendants

# EXHIBIT F

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

LLOYD K. GARRISON  (1946-1991)
RANDOLPH E. PAUL  (1946-1956)
SIMON H. RIFKIND  (1950-1995)
LOUIS S. WEISS  (1927-1950)
JOHN F. WHARTON  (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(202) 223-7343

WRITER'S DIRECT FACSIMILE

(202) 223-7410

WRITER'S DIRECT E-MAIL ADDRESS

cbenson@paulweiss.com

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU, CHAOYANG DISTRICT
BEIJING 100020, PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

PARTNERS RESIDENT IN WASHINGTON

DAVID J. BALL                 ROBERTO J. GONZALEZ
CRAIG A. BENSON               MARK F. MENDELSOHN
PATRICK S. CAMPBELL           JANE B. O'BRIEN
CHARLES E. DAVIDOW            ALEX YOUNG K. OH
KENNETH A. GALLO              JOSEPH J. SIMONS

PARTNERS NOT RESIDENT IN WASHINGTON

MATTHEW W. ABBOTT*            MEREDITH J. KANE*
EDWARD T. ACKERMAN*           ROBERTA A. KAPLAN*
JACOB A. ADLERSTEIN*          BRAD S. KARP*
ALLAN J. ARFFA                PATRICK N. KARSNITZ*
ROBERT A. ATKINS*             JOHN C. KENNEDY*
JOHN F. BAUGHMAN*             BRIAN KIM*
LYNN B. BAYARD*               ALAN W. KORNBERG
DANIEL J. BELLER             DANIEL J. KRAMER*
MITCHELL L. BERG*             DAVID K. LAKHDHIR
MARK S. BERGMAN               STEPHEN P. LAMB*
BRUCE BIRENBOIM*              JOHN E. LANGE*
H. CHRISTOPHER BOEHNING*      GREGORY F. LAUFER*
ANGELO BONVINO*               DANIEL J. LEFFELL*
JAMES L. BROCHIN*             XIAOYU GREG LIU*
RICHARD J. BRONSTEIN*         JEFFREY D. MARELL*
DAVID W. BROWN*               MARCO V. MASOTTI*
SUSANNA M. BUERGEL*           EDWIN S. MAYNARD*
JESSICA S. CAREY*             DAVID W. MAYO*
JEANETTE K. CHAN*             ELIZABETH R. McCOLM*
YVONNE Y. F. CHAN*            CLAUDINE MEREDITH-GOUJON*
GEOFFREY R. CHEPIGA*          WILLIAM B. MICHAEL*
ELLEN N. CHING*               TOBY S. MYERSON*
WILLIAM A. CLAREMAN*          CATHERINE NYARADY*
LEWIS R. CLAYTON              BRAD R. OKUN*
JAY COHEN                     KELLEY D. PARKER*
KELLEY A. CORNISH*            MARC E. PERLMUTTER*
CHRISTOPHER J. CUMMINGS*      VALERIE E. RADWANER*
THOMAS V. DE LA BASTIDE III*  CARL L. REISNER*
ARIEL J. DECKELBAUM*          LORIN L. REISNER*
ALICE BELISLE EATON*          WALTER G. RICCIARDI*
ANDREW J. EHRLICH*            WALTER RIEMAN*
GREGORY A. EZRING*            RICHARD A. ROSEN*
LESLIE GORDON FAGEN           ANDREW N. ROSENBERG*
MARC FALCONE*                 JACQUELINE P. RUBIN*
ROSS A. FIELDSTON*            RAPHAEL M. RUSSO*
ANDREW C. FINCH               ELIZABETH M. SACKSTEDER*
BRAD J. FINKELSTEIN*          JEFFREY D. SAFERSTEIN*
BRIAN P. FINNEGAN*            JEFFREY B. SAMUELS*
ROBERTO FINZI*                DALE M. SARRO
PETER E. FISCH*               TERRY E. SCHIMEK*
ROBERT C. FLEDER*             KENNETH M. SCHNEIDER*
MARTIN FLUMENBAUM*            ROBERT B. SCHUMER*
ANDREW J. FOLEY*              JOHN M. SCOTT*
HARRIS B. FREIDUS*            STEPHEN J. SHIMSHAK*
MANUEL S. FREY*               DAVID R. SICULAR*
ANDREW L. GAINES*             MOSES SILVERMAN
MICHAEL E. GERTZMAN*          STEVEN SIMKIN*
ADAM M. GIVERTZ*              AUDRA J. SOLOWAY*
SALVATORE GOGLIORMELLA*       SCOTT M. SONTAG*
ROBERT D. GOLDBAUM*           TARUN M. STEWART*
NEIL GOLDMAN*                 ERIC ALAN STONE*
CATHERINE L. GOODALL*         AIDAN SYNNOTT*
ERIC GOODISON*                ROBYN F. TARNOFSKY*
CHARLES H. GOOGE, JR.*        MONICA K. THURMOND*
ANDREW G. GORDON*             DANIEL J. TOAL*
UDI GROFMAN*                  LIZA M. VELAZQUEZ*
NICHOLAS GROOMBRIDGE*         LAWRENCE G. WEE*
BRUCE A. GUTENPLAN*           THEODORE V. WELLS, JR.
GAINES GWATHMEY, III*         STEVEN J. WILLIAMS*
ALAN S. HALPERIN*             LAWRENCE I. WITDORCHIC*
JUSTIN G. HAMILL*             MARK B. WLAZLO*
CLAUDIA HAMMERMAN*            JULIA TM. WOOD
BRIAN S. HERMANN*             JENNIFER H. WU*
MICHELE HIRSHMAN*             JORDAN E. YARETT*
MICHAEL S. HONG*              KAYE N. YOSHINO*
DAVID S. HUNTINGTON*          TONG YU*
AMRAN HUSSEIN*                TRACEY A. ZACCONE*
LORETTA A. IPPOLITO*          TAURIE M. ZEITZER*
JAREN JANGHORBANI*            T. ROBERT ZOCHOWSKI, JR.*
BRIAN M. JANSON*

*NOT AN ACTIVE MEMBER OF THE DC BAR

March 4, 2016

***By email***

Aya Kobori
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036

*In re Cathode Ray Tubes Antitrust Litigation Proposed Translation Protocol*

Dear Aya:

        I am responding to the letter you sent to Bernice Conn on January 15, 2016, regarding the translation protocol plaintiffs proposed as we approach trial in the *In re CRT* matters.

        We agree with your observation that it will take time for the parties to identify the complete universe of documents for which there are disputed translations. This is especially true because the parties have not exchanged updated or final exhibit lists, which may contain additional, heretofore untranslated documents.

        We disagree, however, that it is necessary for this list to be final before the parties agree on an orderly process for resolving translation disputes.  This litigation has

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Aya Kobori                                                                                          2

been pending for many years, and, for many translations, there have already been multiple exchanges regarding objections.  It is important that the parties agree on a process for resolving those objections without the need for additional costly and time-consuming back-and-forth exchanges.  That is what we are trying to accomplish, and we hope you are too.

As we have expressed before, we believe that it is necessary to appoint a third-party neutral adjudicator to resolve the disputes, or to petition the Court to do so. Based on prior experience in this case, we fear that, without such a process, the parties will not have sufficient incentive promptly to resolve disputes.  Neither Judge Tigar nor Judge Walker have the language expertise to resolve disputes about foreign language on their own.  It is also our view that, between Special Master Walker and Judge Tigar, Special Master Walker is the more logical candidate to deal with the objection issues, advised by an appointed translator or translators.

We are not overly concerned with the point you raised in your letter, that such an appointed neutral translator will not know terms used in the CRT industry or "unique terms" used by the parties.  Those terms are generally not the source of lingering disputes at this stage.  In any event, the neutral translator or translators will have the benefit of the competing translations from both sides, and reviewing sufficient volumes of documents and appropriate background materials to be oriented to the contested issues in the case.

At this point, we believe that we have thoroughly vetted this issue with you, and are currently at an impasse.   Accordingly, we intend to file a motion in the near future asking Judge Tigar to appoint Special Master Walker to establish such protocols and procedures and to adjudicate the parties' translation disputes with the aid of an independent translator or translators.

We will, of course, separately continue to meet and confer with any Defendants who are willing to do so regarding the substance of specific translation disputes and to attempt to reach agreements as to which translations ought to be prioritized in terms of review and resolution, and identifying priority translations.   We do not think that a final protocol needs to be in place before these issues can be addressed. We will also address this more specifically in separate correspondence.

Very truly yours,

Craig Benson

cc:     DAP counsel

# EXHIBIT G

| | |
|---|---|
| **From:** | Benson, Craig A |
| **Sent:** | Thursday, March 10, 2016 8:19 PM |
| **To:** | Kobori, Aya |
| **Cc:** | Conn, Bernice; Casselman, Jill S.; Jalaine Garcia; 'Jason.Rottner@alston.com' (Jason.Rottner@alston.com); Foster, Dana |
| **Subject:** | Re: In re CRT Antitrust Litigation - Proposed Translation Protocol |

Aya:

We are not sending you a draft motion. Please let us know whether you agree that you will stipulate to the relief we seek or not.

Thanks,
Craig


Craig Benson | Partner
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, NW | Washington, DC 20006-1047
(202) 223-7343 (Direct Phone) | (202) 204-7343 (Direct Fax)
cbenson@paulweiss.com | www.paulweiss.com

**From:** Kobori, Aya
**Sent:** Thursday, March 10, 2016 6:57 PM
**To:** Benson, Craig A
**Cc:** Conn, Bernice; Casselman, Jill S.; Jalaine Garcia; 'Jason.Rottner@alston.com' (Jason.Rottner@alston.com); Foster, Dana
**Subject:** RE: In re CRT Antitrust Litigation - Proposed Translation Protocol

Dear Craig:
Thank you for your e-mail and your time on Wednesday to discuss the translation protocol. I think it was productive in understanding Plaintiffs' position regarding the issue. I still don't agree, however, that we are at an impasse. We repeatedly said during the call that some resolution by a Special Master or the court will be necessary for those translation objections that we cannot resolve. Although we were skeptical of Plaintiffs' view that the parties should simply rely on the court to craft a procedure for its review of translation objections, we demonstrated our commitment to this process by stating our willingness to review a motion seeking court guidance.
Although your email lays out ideas about what the motion may look like, without an actual draft motion that Defendants can review it is impossible for us to ascertain whether we can sign onto such a motion. Thus, we again request that you send us a draft of the motion that Plaintiffs intend to file so that Defendants have an opportunity to comment and then determine our position on whether to join or oppose.
Best regards,
Aya
**Aya Kobori** | Counsel
**T** +1 212 819 8932 **M** +1 917 359 3872 **E** akobori@whitecase.com
White & Case LLP | 1155 Avenue of the Americas | New York, NY 10036-2787

**From:** Benson, Craig A [mailto:cbenson@paulweiss.com]
**Sent:** Wednesday, March 09, 2016 5:17 PM
**To:** Kobori, Aya
**Cc:** Conn, Bernice; Casselman, Jill S.; Jalaine Garcia; 'Jason.Rottner@alston.com' (Jason.Rottner@alston.com)
**Subject:** RE: In re CRT Antitrust Litigation - Proposed Translation Protocol

Dear Aya:

Thank you and the other lawyers for various defendants for speaking with us yesterday regarding plaintiffs' proposal to petition the Court to create a process for submitting translation disputes for resolution. We believe we have reached an impasse on this issue but, as we agreed, we are sending this email to let you know how we intend to present this issue to the Court.

We will request that the Court ask Special Master Walker to promulgate a protocol for submitting contested translations to Special Master Walker for resolution (soliciting input from the parties on designing that protocol at his option). That protocol should include appointment of independent translators to advise the Special Master. The protocol should include a process whereby, before independent translators begin work, their names are vetted to the parties so that parties may object if they have good cause to believe the translators would not be impartial. The protocol should include details on the format of submissions (e.g., joint or separate, page or content requirements and limits), and response or reply rights, if any. The protocol should include a recommended method for allocating costs associated with resolving the objections and creating new certified translations. And the protocol should be created as promptly as possible, to permit resolution of disputes sufficiently before trial so as to permit the parties meaningfully to prepare for trial.

As we also discussed, for the reasons laid out in our correspondence and on the phone, we believe it is important to raise this issue with the Court soon so that a meaningful process can be in place as we prepare for trial, and thus do not wish to delay asking the Court to devise a process any further. In that vein, we wish to submit our request by no later than Wednesday, March 16. As such, we are grateful for your response as to whether you will join in or oppose our request by Tuesday, March 15.

Best regards,
Craig

**Craig Benson** | Partner
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
(202) 223-7343 (Direct Phone) | (202) 204-7343 (Direct Fax)
cbenson@paulweiss.com | www.paulweiss.com

**From:** Benson, Craig A
**Sent:** Tuesday, March 08, 2016 9:01 AM
**To:** Kobori, Aya <akobori@whitecase.com>
**Cc:** Conn, Bernice <BConn@RobinsKaplan.com>; Casselman, Jill S. <JCasselman@RobinsKaplan.com>; Jalaine Garcia <jgarcia@kennynachwalter.com>; 'Jason.Rottner@alston.com' (Jason.Rottner@alston.com) <Jason.Rottner@alston.com>
**Subject:** RE: In re CRT Antitrust Litigation - Proposed Translation Protocol

Dear Aya:

I look forward to speaking with you at 4 pm today.

Now that I've had the chance to look at your letter in daylight, I have a few reactions I wanted to memorialize before the call so we can use our time most efficiently.

You stated in your letter that the issue of involving the Special Master has "barely been discussed." The correspondence is inconsistent with that statement. This is an issue that plaintiffs have raised since November, and if you feel that the issue has not been adequately discussed, it is because defendants have declined to engage on it despite plaintiffs' invitations. Defendants' reasoning, reflected in your various letters, has been that creating a process is premature because of the large number of translation disputes that remain to resolve. We find this reasoning to be circular and not persuasive. We think that having a process involving an adjudicator will incentivize the parties to push only meritorious and meaningful objections.

In any event, to the extent that you think there remains room, on defendants' part, to compromise on our proposal to involve the Special Master in resolving translation disputes, we will be happy to discuss that with you on today's call to see if the parties really are not at an impasse.

Separately, as I indicated in my prior correspondence, we are happy to continue to meet and confer on the appropriate ways to identify and narrow the universe of unresolved translation disputes. We see that as a separate issue and certainly deserving of attention. We do not think that it is necessary to resolve that issue before asking for the creation of a protocol to submit unresolved disputes for resolution, and believe that tying the two issues together has already, and will continue to, delay resolving either.

Finally, although you mention LCD in your letter, I did not participate in any meaningful way in negotiating the translation protocol in the LCD case, and did not submit objections to any such agreed-upon process. I must defer to the experiences of those who did. As you know from previous correspondence, plaintiffs who submitted to that process found it to be inefficient, costly, complicated and unworkable.

Best regards,
Craig

**Craig Benson** | Partner
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
(202) 223-7343 (Direct Phone) | (202) 204-7343 (Direct Fax)
cbenson@paulweiss.com | www.paulweiss.com

**From:** Benson, Craig A
**Sent:** Monday, March 07, 2016 10:47 PM
**To:** Kobori, Aya <akobori@whitecase.com>
**Cc:** Conn, Bernice <BConn@RobinsKaplan.com>; Casselman, Jill S. <JCasselman@RobinsKaplan.com>; Jalaine Garcia <jgarcia@kennynachwalter.com>; 'Jason.Rottner@alston.com' (Jason.Rottner@alston.com) <Jason.Rottner@alston.com>
**Subject:** Re: In re CRT Antitrust Litigation - Proposed Translation Protocol

I have a 4 pm but will reschedule it if you cannot do 2:30 so that we can wrap this up tomorrow.

I don't recall any issue regarding our repeated proposals to appoint Special Master Walker to hear disputes that it seemed we were not at impasse on as of your rejection in your January 15 letter. But I will look back at your letter in the morning and if there are specific aspects of our proposal that you are still considering, I will look forward to discussing them with you.

Thanks,
Craig


Craig Benson | Partner
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, NW | Washington, DC 20006-1047
(202) 223-7343 (Direct Phone) | (202) 204-7343 (Direct Fax)
cbenson@paulweiss.com | www.paulweiss.com

**From:** Kobori, Aya
**Sent:** Monday, March 7, 2016 10:41 PM
**To:** Benson, Craig A
**Cc:** Conn, Bernice; Casselman, Jill S.; Jalaine Garcia; 'Jason.Rottner@alston.com' (Jason.Rottner@alston.com)
**Subject:** RE: In re CRT Antitrust Litigation - Proposed Translation Protocol

Craig,

Thank you for your quick response. I have a conflict at 2:30; are you able to do 4 or 6pm? Otherwise perhaps we should look for a time on Wednesday afternoon. I believe Defendants' issue regarding the appointment of a Special Master was addressed in my letter on January 15, but we can discuss it in more detail during our call.

Best regards,

**Aya Kobori** | Counsel
**T** +1 212 819 8932 **M** +1 917 359 3872 **E** akobori@whitecase.com

White & Case LLP | 1155 Avenue of the Americas | New York, NY 10036-2787

**From:** Benson, Craig A [mailto:cbenson@paulweiss.com]
**Sent:** Monday, March 07, 2016 10:28 PM
**To:** Kobori, Aya
**Cc:** Conn, Bernice; Casselman, Jill S.; Jalaine Garcia; 'Jason.Rottner@alston.com' (Jason.Rottner@alston.com)
**Subject:** Re: In re CRT Antitrust Litigation - Proposed Translation Protocol

I'm happy to talk to you since we are eager to resolve this.

5 pm is a conflict for me but I can talk at 2:30. If there are specific issues relating to plaintiffs' proposal to request that the Court appoint the Special Master to resolve translation disputes that you would like to discuss, I think it would make the discussion most productive (particularly given defendants' schedule) if you identify them in advance.

I'm happy to circulate a dial-in in the morning.

Thanks for your willingness to address these issues promptly so we can resolve them without further delay.

Best regards,

Crraig

Craig Benson | Partner
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, NW | Washington, DC 20006-1047
(202) 223-7343 (Direct Phone) | (202) 204-7343 (Direct Fax)
cbenson@paulweiss.com | www.paulweiss.com

---

**From:** Kobori, Aya
**Sent:** Monday, March 7, 2016 10:21 PM
**To:** Benson, Craig A
**Cc:** Conn, Bernice; Casselman, Jill S.; Jalaine Garcia; 'Jason.Rottner@alston.com' (Jason.Rottner@alston.com)
**Subject:** RE: In re CRT Antitrust Litigation - Proposed Translation Protocol

Craig,

Yes, I did. Defendants' schedule this week was a bit tight so we were hopeful to get a discussion going as soon as possible. That said, if tomorrow does not work for Plaintiffs, please let us know what date/time would work this week and we will coordinate. Thank you.

Best regards,

Aya

**Aya Kobori** | Counsel
**T** +1 212 819 8932 **M** +1 917 359 3872 **E** akobori@whitecase.com
White & Case LLP | 1155 Avenue of the Americas | New York, NY 10036-2787

---

**From:** Benson, Craig A [mailto:cbenson@paulweiss.com]
**Sent:** Monday, March 07, 2016 10:18 PM
**To:** Kobori, Aya
**Cc:** Conn, Bernice; Casselman, Jill S.; Jalaine Garcia; 'Jason.Rottner@alston.com' (Jason.Rottner@alston.com)
**Subject:** Re: In re CRT Antitrust Litigation - Proposed Translation Protocol

Did you just send me a letter at 10 pm and ask to schedule a calll tomorrow?

Craig Benson | Partner
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, NW | Washington, DC 20006-1047
(202) 223-7343 (Direct Phone) | (202) 204-7343 (Direct Fax)
cbenson@paulweiss.com | www.paulweiss.com

---

**From:** Kobori, Aya
**Sent:** Monday, March 7, 2016 10:15 PM
**To:** Benson, Craig A
**Cc:** Conn, Bernice; Casselman, Jill S.; Jalaine Garcia; 'Jason.Rottner@alston.com' (Jason.Rottner@alston.com)
**Subject:** RE: In re CRT Antitrust Litigation - Proposed Translation Protocol

Dear Craig,

Please see the attached correspondence.

Best regards,

Aya

**Aya Kobori** | Counsel

**T** +1 212 819 8932 **M** +1 917 359 3872 **E** akobori@whitecase.com

White & Case LLP | 1155 Avenue of the Americas | New York, NY 10036-2787

---

**From:** Benson, Craig A [mailto:cbenson@paulweiss.com]
**Sent:** Friday, March 04, 2016 12:08 PM
**To:** Kobori, Aya
**Cc:** Conn, Bernice; Casselman, Jill S.; Jalaine Garcia; 'Jason.Rottner@alston.com' (Jason.Rottner@alston.com)
**Subject:** FW: In re CRT Antitrust Litigation - Proposed Translation Protocol

Dear Aya:

I've attached a letter for your review.

Regards,

Craig

---

**From:** Kobori, Aya [mailto:akobori@whitecase.com]
**Sent:** Friday, January 15, 2016 9:18 PM
**To:** Conn, Bernice <BConn@RobinsKaplan.com>; Casselman, Jill S. <JCasselman@RobinsKaplan.com>; Pentelovitch, Norman H <npentelovitch@paulweiss.com>; 'jgarcia@kennynachwalter.com' <jgarcia@kennynachwalter.com>; 'Jason.Rottner@alston.com' <Jason.Rottner@alston.com>
**Subject:** In re CRT Antitrust Litigation - Proposed Translation Protocol

Dear Counsel,

Please see attached.

Best regards

**Aya Kobori** | Counsel

**T** +1 212 819 8932 **M** +1 917 359 3872 **E** akobori@whitecase.com

White & Case LLP | 1155 Avenue of the Americas | New York, NY 10036-2787

**WHITE & CASE**

===========================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

===========================================================================

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

===========================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use

or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

=====================================================================

=====================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

=====================================================================

=====================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

=====================================================================

===========================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

===========================================================================