UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>INDIRECT PURCHASER PLAINTIFFS | MDL No. 1917<br><br>Case No. C-07-5944 JST<br><br>**ORDER RE: OBJECTION TO EX PARTE COMMUNICATIONS AND IN CAMERA REVIEW OF BILLING RECORDS** |

Special Master Quinn filed a Report and Recommendation regarding the pending settlement between Indirect Purchaser Plaintiffs ("IPPs") and various Defendants. ECF No. 4351 ("R&R"). Objectors Cooper and Scarpulla ("Objectors") filed an objection, ECF No. 4437 ("Obj."), to which Lead Counsel for the IPPs responded, ECF No. 4449 ("Resp."). In response to the Court's Order to Show Cause, ECF No 4456, Objectors and Lead Counsel also filed supplemental briefs, ECF Nos. 4469 ("Lead Counsel Supp. Br."); 4468 ("Obj. Suppl. Br.").[1] Lead Counsel's supplemental brief provided a chart detailing non-administrative records and communications that were shared with the special master but not filed on ECF or the JAMS Case Anywhere docket. Lead Counsel Suppl. Br. at 5-6. For the reasons provided below, Lead Counsel is ORDERED to file on ECF the eight documents listed in that chart by March 25, 2016, under seal if necessary, including those providing the link and passwords to access IPP Counsel's billing records.[2] Objectors may review these materials and file any objections directly with the

---

[1] The Court also briefly discussed the objection with Lead Counsel and Objectors at the Fairness Hearing held on March 15, 2016.

[2] By granting Objectors access to the link and password, the Court is also granting them access to the billing records themselves. Accordingly, Lead Counsel should ensure that the link and password are still operational.

1   Court no later than April 7, 2016.  No new objections are required, and any such objection must
2   explain why it could not have been brought beforehand.  Lead Counsel may file a response no
3   later than April 13, 2016.  The Court will hold oral argument at the hearing scheduled on April 19,
4   2016 at 2:00 p.m.
5       On November 17, 2015, Objectors filed a Motion to Compel Lead Counsel to Produce All
6   Indirect Purchaser Plaintiffs' Counsels' Time-And-Expense Reports.  ECF No. 4191.  The Special
7   Master granted in part and denied in part Objectors' motion.  ECF No. 4211 ("MTC Order").  The
8   Special Master agreed with Lead Counsel that "discovery of billing records should rarely be
9   allowed because of the very limited value they normally bring to the loadstar analysis."  Id. at 3
10  (citing Lobatz v. U.S.W. Cellular of California, Inc., 222 F.3d 1142, 1148 (9th Cir. 2000)).
11  Nevertheless, the Special Master ordered Lead Counsel to provide a limited subset of IPP
12  Counsel's time records to Objectors, reasoning their request

> differ[ed] from those in other cases denying discovery of billing records, including LCD, because they are brought not by outside objectors, but by two firms of class counsel.  This distinction is meaningful because, unlike outside objectors, these objectors have the experience and first-hand knowledge of the case to provide potentially helpful analysis of the lodestar to the Special Master.

17  Id. at 3-4.  In addition, the Special Master ordered Lead Counsel to produce "detailed backup for
18  all expenses for [the Special Master's] own review."  Id. at 5.  Objectors did not object to the
19  Special Master's MTC Order.
20      After performing an *in camera* evaluation of IPP counsels' billing records, the Special
21  Master concluded in his R&R that IPP Counsel's expense requests warranted approval.  R&R at
22  74-77.  Objectors then filed various objections to the R&R, including one claiming Special Master
23  Quinn relied on *ex parte* communications of a non-administrative nature in considering the
24  parties' arguments and preparing his R&R.  See Obj. at 14-15.  Their objection requests

> the record be supplemented with: (1) the Alioto letter [described elsewhere as "Alioto Ltr. Dtd. 1/7/16 to Special Master, e-filed at JAMS"] and all additional materials, including time records, submitted to and considered by the Special Master, and all communications, letters, emails and text messages between the Special Master and Counsel that were [not] posted on Case Anywhere; and (2) all notes and entries in the Special Master's time

United States District Court
Northern District of California

records which memorialize communications with Counsel.

Obj. at 19-20. The Court subsequently issued an Order to Show Cause requesting additional authority. ECF No. 4456.

In response to the Court's Order to Show Cause, Lead Counsel filed on the JAMS Case Anywhere docket certain *ex parte* communications with the Special Master regarding this case. Lead Counsel Suppl. Br. at 5-6. Lead Counsel excluded, however, eight documents and communications of a non-administrative nature relating to the submission of IPP Counsel's time and expense records, including a link and password to the time and expense records themselves.[3] Id. at 5. Lead Counsel argues these documents and communications should not be filed on the docket "because they relate to the submission of IPP Counsel's confidential time and expense records for *in camera* review by the Special Master, in compliance with the November 30, 2015 Order [on Objectors' Motion to Compel, ECF No. 4211 at 5]." Id. at 5. Moreover, Lead Counsel claims *in camera* review of billing records "is standard practice in class actions." Id. at 10. Lead Counsel further asserts Objectors have no legitimate need for additional time and expense record discovery. Finally, Lead Counsel argues Objectors waived their ability to object on this issue when they failed to object to the MTC Order. Id. at 9-10. In response, Objectors simply point to Special Master Quinn's appointment order, which prohibits non-administrative *ex parte* communication. Obj. Suppl. Br. at 1 (citing ECF No. 4077 ("App. Order") at 8).

Lead Counsel's confidentiality concerns can be resolved by filing under seal. Further, although the Court agrees Objectors have no right to discovery of billing records, see Lobatz, 222 F.3d at 1148, Objectors are not seeking discovery; they are objecting to *ex parte* communications and the Special Master's *in camera* review of billing records. The Special Master's appointment order is clear that non-administrative *ex parte* communications are prohibited. App. Order at 8.

---

[3] These documents include a letter to the Special Master containing Lead Counsel's initial recommendation regarding a process for enabling the Special Master to spot check a representative sampling of backup for claimed expenses; four emails providing the links, instructions, and passwords for downloading IPP Counsel's billing records; a summary of the expense audit results and a detail of the disallowed expenses; an email from the Special Master in response to Lead Counsel's submission of the expense audit materials; and an email responding to the Special Master regarding the expense audit. Id. at 5-6.

3

Thus, at the very least the communications surrounding the billing records should be filed on the docket, under seal if necessary. The billing records themselves, however, are not communications; they are evidence on which the Special Master relied in issuing his R&R. The appointment order is therefore inapplicable.

Neither party cited relevant authority on the issue of whether *in camera* review of billing records is appropriate. Lead Plaintiff simply asserts it is "standard practice." Lead Counsel Supp. Br. at 10. After performing its own research, the Court agrees the practice is common. See, e.g., Minor v. Christie's, Inc., No. C 08-05445 WHA, 2011 WL 902235, at *2 (N.D. Cal. Jan. 29, 2011) report and recommendation adopted, No. C 08-05445 WHA, 2011 WL 902033 (N.D. Cal. Mar. 14, 2011) ("[T]he undersigned requested the original underlying billing records for attorney's fees for *in camera* inspection."); UMG Recordings, Inc. v. MySpace, Inc., 526 F. Supp. 2d 1046, 1053 (C.D. Cal. 2007) ("The Court has reviewed OMM's bills and timesheets, which were filed *in camera.*"); N.V.E., Inc. v. Day, No. CIV. 07-4283, 2009 WL 2526744, at *6 (D.N.J. Aug. 18, 2009) ("The Court will require counsel for NVE to submit descriptive time entries from its billing records for the Court's *in camera* review within 30 days of receipt of this Opinion and Order."); NGM Ins. Co. v. Carolina's Power Wash & Painting, LLC, No. CIV.A. 2:08-3378-DCN, 2010 WL 3258134, at *1 (D.S.C. July 6, 2010) report and recommendation adopted, No. 2:08-CV-3378-DCN, 2010 WL 3258145 (D.S.C. Aug. 16, 2010) ("[T]he Court ordered Kuras to submit copies of the attorneys' billing records for *in camera* review."); Penthouse Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's, London, No. 1:07CV568-HSO-RHW, 2011 WL 6699447, at *1 (S.D. Miss. Dec. 21, 2011) ("Plaintiff has submitted over 320 pages of records *in camera* to support its request, and the Court has conducted a thorough and detailed review of those records."); Liger v. New Orleans Hornets NBA Ltd. P'ship, No. 05-01969, 2010 WL 3952006, at *11 (E.D. La. Aug. 3, 2010) report and recommendation adopted, No. CIV.A. 05-1969, 2010 WL 3951506 (E.D. La. Oct. 6, 2010) ("[T]he Court ordered the Hornets' counsel to furnish, for *in camera* inspection, their bills presented to the Hornets for payment during the defense of the case.").

In none of the above cases, however, did a party object to the court's *in camera* review. Where *in camera* review was challenged and litigated, courts have held that due process requires

filing billing records on the docket so that opposing parties can examine all materials on which the court relied.  See, e.g., Parkinson v. Hyundai Motor Am., 796 F. Supp. 2d 1160, 1167 (C.D. Cal. 2010) ("Even if plaintiffs submit their invoices and billing records to the Court *in camera,* this will not accord Hyundai its due process right to examine the bills and see what was charged and why."); Dardarian v. OfficeMax N. Am., Inc., No. 11-CV-00947-YGR, 2014 WL 7463317, at *4 n.8 (N.D. Cal. Dec. 30, 2014) ("[A]s defendant argues, the contemplated procedure would deprive defendant of the opportunity to review the relevant materials in opposing the fee request."); In re KeySpan Corp. Sec. Litig., No. 01 CV 5852(ARR), 2005 WL 3093399, at *3 n.4 (E.D.N.Y. Sept. 30, 2005) ("Although counsel requested that the records be reviewed *in camera,* they did not provide any basis for shielding the records from disclosure."); see also Wallace on Behalf of Ne. Utilities v. Fox, 7 F. Supp. 2d 132, 140 (D. Conn. 1998) ("It is not clear that counsel have a legitimate basis to decline to file this material on the record.").

Here, Objectors have challenged the Special Master's *in camera* review of billing records. Due process therefore requires the filing of those records on the docket, under seal if necessary, so that Objectors have the opportunity to review the materials on which the Special Master relied.

Finally, Lead Counsel argues Objectors waived their right to file an objection on this issue when they failed to object to the MTC Order issued by the Special Master on November 30, 2015. By failing to object to the MTC Order, the Objectors waived their right to ask this Court to compel discovery of the billing records.  As already mentioned, however, Objectors are not seeking discovery in this objection; they are exercising their due process rights to examine materials on which the Special Master relied in issuing his R&R.  Granted, the Special Master's request that Lead Counsel submit the billing records for *in camera* review was issued as part of his MTC Order.  MTC Order at 5.  Separate from whether Objectors have a right to discovery of the billing records, however, whether Objectors have a due process right to examine all materials on which the Special Master relied was not litigated as part of the Motion to Compel.  The Court therefore finds that Objectors did not waive their right to file this objection.

Accordingly, the Court ORDERS Lead Counsel to file on ECF all billing records and non-administrative *ex parte* communications no later than March 25, 2016, under seal if necessary.

Objectors may review these materials and any file objections directly with the Court no later than April 7, 2016. The Court will hold oral argument at the hearing scheduled on April 19, 2016 at 2:00 p.m.

IT IS SO ORDERED.

Dated: March 17, 2016

_____
JON S. TIGAR
United States District Judge