Jan L. Westfall
29896 Blue Water Way
Menifee, CA 92584
Tel: 619-940-2880
Email: jlwestfall.esq@gmail.com

*Attorney for Objector Donnie G. Clifton*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | Master File No. CV-07-5944-JST<br><br>MDL No. 1917<br><br>**NOTICE REGARDING INFORMATION REFERRED TO AT FINAL APPROVAL HEARING AND DECLARATIONS OF SETTLEMENT ADMINISTRATORS** |

In response to the Court's ORDER REGARDING MARCH 15, 2016 FAIRNESS HEARING (Dkt. 4477), counsel for Objector Donnie Clifton appeared at the Final Approval Hearing to respond to the Court's request for argument regarding whether a cy pres distribution may become necessary with respect to the settlement proceeds. Although the court has not approved submission of additional documents for consideration related to the hearing,

information was referred to in the course of the hearing that was not previously submitted to the Court.  To support certain remarks made at the hearing, and to provide evidence in response to specific questions raised at the hearing, Objector Clifton respectfully requests that the court consider the following:

In the course of Clifton's remarks to the Court at the Final Approval Hearing, reference was made to Document Number 9498, "Indirect Purchaser Plaintiffs' and State Attorneys' General's Joint Report of Settlement Fund Distribution and Request for an Order Authorizing Distribution of Residual Amounts," filed in Northern District of California Case No. 3:07-md-01827 SI, *In Re TFT-LCD (Flat Panel) Antitrust Litigation*.  This document provides information on issues related to distribution of the proceeds in the TFT-LCD settlement, and was referred to for purposes of comparison to the instant case. For the court's convenience that document is attached hereto as **Exhibit A**.

In the course of Objector Clifton's remarks at the hearing, reference was also made to research conducted in preparation for the hearing regarding the need for cy pres distribution of residual funds.  Following receipt of the court's order regarding oral argument at the March 15, 2016 hearing, in order to better address the cy pres issue assigned to counsel in that order, counsel for Clifton contacted a limited number of settlement administrators to inquire into whether residual funds due to uncashed checks are foreseeable in a class action settlement.  In response to these inquiries, we obtained certain summary information referred to during the course of the March 15 hearing.  In support of counsel's description given at the hearing, declarations from settlement administrators who responded to our queries are attached hereto as Exhibits B and C:

Attached hereto as **Exhibit B** is the declaration of Julie Green, Senior Vice President of Operations for the CPT Group, Class Action Administrators.  As

noted in Ms. Green's Declaration, data from settlements administered by the CPT Group indicates that for class action settlements involving payments under $50, an average of 7% of checks go uncashed.

Attached hereto as **Exhibit C** is the declaration of Michael Bui, Director of Case Management of Simpluris, Inc., Class Action Settlement Administration, located in Costa Mesa, California.  Prior to the hearing, Mr. Bui provided information to counsel for Clifton indicating that in Simpluris' experience, for settlements involving payments to class members of between $25 to $50, the percentage of uncashed checks ranges from 2.56% to 7.71%, and on average approximately 5% of all such checks go uncashed.

The foregoing information and related attached documents are provided to the court specifically in response to questions raised from the bench, and are offered only to assist the Court in its consideration of issues related to distribution of the settlement proceeds.

Dated:   March 22, 2016                    Respectfully submitted,

*/s/ Jan L. Westfall*
Jan L. Westfall
29896 Blue Water Way
Menifee, CA 92584
Tel: 619-940-2880
Email: jlwestfall.esq@gmail.com
*Counsel for Objector Donnie G. Clifton*

# CERTIFICATE OF SERVICE

I certify that on this day, March 22, 2016, I filed the foregoing *Notice Regarding Information Referred to at Final Approval Hearing and Declarations of Settlement Administrators* through the Court's Electronic Case Filing system, thereby effecting service upon all attorneys of record in this matter

*/s/ Jan L. Westfall*
Jan L. Westfall

# Exhibit A

| | | |
|---|---|---|
| Craig C. Corbitt (83251) | Francis O. Scarpulla (41059) | Joseph M. Alioto (42680) |
| Judith A. Zahid (215418) | LAW OFFICES OF FRANCIS | Theresa D. Moore (99978) |
| Qianwei Fu (242669) | O. SCARPULLA | ALIOTO LAW FIRM |
| Heather T. Rankie (268002) | 456 Montgomery Street, | One Sansome Street, |
| ZELLE HOFMANN | 17th Floor | 35th Floor |
| VOELBEL & MASON | San Francisco, CA 94104 | San Francisco, CA 94104 |
| LLP | Telephone: (415) 788-7210 | Telephone: (415) 434-8900 |
| 44 Montgomery Street, | Facsimile: (415) 788-0706 | Facsimile: (415) 434-9200 |
| Suite 3400 | *fos@scarpullalaw.com* | *jmalioto@aliotolaw.com* |
| San Francisco, CA 94104 | | |
| Telephone: (415) 693-0700 | | |
| Facsimile: (415) 693-0770 | | |
| *ccorbitt@zelle.com* | | |

*Co-Lead Class Counsel for Indirect-Purchaser Plaintiffs*

[Additional counsel listed on signature pages]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Case No. 3:07-md-1827 SI <br><br> **CLASS ACTION** <br><br> **INDIRECT PURCHASER PLAINTIFFS' AND STATE ATTORNEYS GENERAL'S JOINT REPORT OF SETTLEMENT FUND DISTRIBUTION AND REQUEST FOR AN ORDER AUTHORIZING DISTRIBUTION OF RESIDUAL AMOUNTS** |
| This Document Relates to: <br><br> Indirect-Purchaser Class Action; <br><br> *State of Missouri, et al. v. AU Optronics Corporation, et al.,* Case No. 10-cv-03619-SI; <br><br> *State of Florida v. AU Optronics Corporation, et al.,* Case No. 10-cv-3517 SI; and <br><br> *State of New York v. AU Optronics Corporation, et al.,* Case No. 11-cv-0711-SI. | |

Pursuant to the Court's October 20, 2014 Order (Dkt. 9273), Class Counsel for the Indirect-Purchaser Plaintiffs and the Attorneys General of the States of Arkansas, California, Florida, Michigan, Missouri, New York, West Virginia, and Wisconsin ("Settling States") hereby jointly report the status of Settlement Fund distribution and respectfully request an order authorizing distribution of the residual amounts from Settlement Fund.

## I. The Court's Previous Rulings

These actions have been settled with each of the defendants, under settlement agreements that provide for injunctive relief and payments totaling $1.082 billion (the "Settlement Fund"). The Court approved the settlements, the plan of distribution, attorneys' fees and expenses to both Class Counsel and counsel for the Settling States (collectively "Counsel"), as well as incentive awards to the named plaintiffs/class representatives.[1] The Court set an initial claim-filing deadline of December 6, 2012.[2]

On October 20, 2014, the Court appointed Rust Consulting, Inc. ("Rust") the Fund Administrator and directed Rust to pay all approved class claims, incentive awards, Settling States' proprietary claims and Counsel's fees and expenses.[3] The Court agreed with Counsel's recommendation of extending the claim-filing deadline to June 6, 2014 and ordered Rust to process all valid claims filed by June 6, 2014 ("timely claims").[4] The Court further ordered Rust to process all claims submitted between June 7, 2014 and October 6, 2014 ("late claims") and pay such claimants from available residual funds on a *pro rata* basis.[5] The Court's Order provides, in pertinent part, that "Co-Lead Counsel and Settling States' counsel shall report to the Court the total amount of valid claims processed . . . and shall suggest a pro rata payment amount, if any, for [late

---

[1] *See* Order Granting Final Approval (Dkt. 6130), entered July 11, 2012; Second Am. Order Granting Final Approval (Dkt. 7697), entered April 3, 2013.

[2] Order Setting Claim-Filing Deadline (Dkt. 6335), entered August 1, 2012.

[3] Order Appointing Fund Administrator and Authorizing Distribution from Settlement Fund (Dkt. 9273), entered October 20, 2014.

[4] *Id.* ¶¶ 6-8.

[5] *Id.* ¶¶ 9-10.

---

1

INDIRECT PURCHASER PLAINTIFFS' AND STATE ATTORNEYS GENERAL'S
JOINT REPORT OF SETTLEMENT FUND DISTRIBUTION AND REQUEST FOR AN ORDER AUTHORIZING
DISTRIBUTION OF RESIDUAL AMOUNTS
MDL 3:07-md-1827 SI

claims] based upon residual funds, with a per-panel payment not to exceed that paid to timely claimants. Rust's costs of processing such claims shall be deduced from available residual funds."[6]

## II. Rust's Distribution Activities

A. <u>Total Amount of Timely Claims Processed</u>

Pursuant to the Court's October 20, 2014 Order, Rust distributed 229,972 payments totaling $707,434,198.97 to class members with a timely claim submission. This initial distribution includes: (1) 199,639 cleared checks totaling $438,143,975.20; (2) 2,669 completed wire transfers totaling $258,082,173.65; (3) 15,654 reissued and cleared payments to ascertainable forwarding or updated addresses totaling $6,225,133.32; (4) 10,078 uncashed initial payments totaling $2,838,165.54; and (5) 1,932 reissued but uncashed payments totaling $2,144,751.26.[7] Based on the foregoing, more than 99% of the Settlement Fund has been paid to claimants.

After the initial distribution and payments for tax administration, the Settlement Fund has a balance of $3,683,438.12 including interest at the time of this filing.[8]

B. <u>Additional Payments to Underpaid/Unpaid Timely Claims</u>

Certain claims filed by June 6, 2014 were either underpaid or unpaid based on the documentation originally submitted. Rust has investigated these claims and recommends additional payments of $2,125,026.74 to fulfill these claims.[9]

C. <u>Rust's Costs of Claims Administration</u>

Rust has invoiced $506,634.18 for completed administration work. Pursuant to the settlement agreements, the costs of claims administration invoiced by Rust shall be deducted from the Settlement Fund of each settling defendant, *pro rata*, based on each settling defendant's settlement amount. Rust further estimates that it will incur an additional $38,000 for final

---

[6] *Id.* ¶ 10.

[7] Declaration of Amy Lake of Rust Consulting, Inc. ("Lake Decl."), ¶¶ 5-6.

[8] *Id.* ¶¶ 7, 12.

[9] *Id.* ¶ 9.

distribution and administration tasks.[10]

D. Recommended Distribution of Residual Funds

Pursuant to the Court's Order, Rust is ready to distribute payments to 119 claimants with claims that were received between June 7, 2014 and October 6, 2014. Upon fulfilling the payments to underpaid/unpaid timely claims and Rust's costs of claims administration, the Settlement Fund will have a balance of $1,013,777.20.[11]

Co-Lead Counsel and Settling States' counsel respectfully recommend that the Court authorize payments to these late claims at the *pro rata* amount of $4.57 per panel, based on the available residual funds.[12] Upon approval of the Court, Rust shall promptly distribute payments to the 119 late claims and void all uncashed payments thirty (30) days after final reissuance of payments are mailed.

On account of the foregoing statements, the Indirect-Purchaser Plaintiffs and the Settling States, by and through their counsel of record, respectfully request that the Court enter the attached proposed order authorizing distribution of the residual amounts and payment of claims administration costs from Settlement Fund.

Dated: December 23, 2015

Respectfully submitted,

ZELLE HOFMANN VOELBEL & MASON LLP

By: */s/ Judith A. Zahid*
     Judith A. Zahid

Craig C. Corbitt (83251)
Judith A. Zahid (215418)
Qianwei Fu (242669)
Heather T. Rankie (268002)
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
Facsimile: (415) 693-0770
*ccorbitt@zelle.com*

---

[10] *Id.* ¶ 10 and Ex. A.

[11] *Id.* ¶ 11.

[12] *Id.*

LAW OFFICES OF FRANCIS O. SCARPULLA

By: */s/ Francis O. Scarpulla*
      Francis O. Scarpulla

Francis O. Scarpulla (41059)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 788-7210
Facsimile: (415) 788-0706
*fos@scarpullalaw.com*

ALIOTO LAW FIRM

By: */s/ Joseph M. Alioto*
      Joseph M. Alioto

Joseph M. Alioto (42680)
Theresa D. Moore (99978)
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
*jmalioto@aliotolaw.com*

*Co-Lead Class Counsel for Indirect-Purchaser Plaintiffs*

MINAMI TAMAKI LLP

By: */s/ Jack W. Lee*
      Jack W. Lee

Jack W. Lee (71626)
MINAMI TAMAKI LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Telephone: (415) 788-9000
Facsimile: (415) 398-3887
*jlee@minamitamaki.com*

*Liaison Counsel for Indirect-Purchaser Plaintiffs*

|   |   |
|---|---|
| 1 | PAMELA JO BONDI |
|   | Attorney General of the State of Florida |
| 2 |   |
|   | By: */s/ Lizabeth A. Brady* |
| 3 | Patricia A. Conners |
|   | Associate Deputy Attorney General |
| 4 | Antitrust Division |
|   | Lizabeth A. Brady |
| 5 | Chief, Multistate Antitrust Enforcement |
|   | Nicholas J. Weilhammer |
| 6 | Assistant Attorney General |
|   | PL-01, The Capitol |
| 7 | Tallahassee, FL 32399-1050 |
| 8 | *Counsel for Plaintiff State of Florida* |
| 9 | CHRIS KOSTER |
|   | Attorney General of the State of Missouri |
| 10 |   |
|   | By: */s/ Anne E. Schneider* |
| 11 | Anne E. Schneider |
|   | Assistant Attorneys General/Antitrust Counsel |
| 12 | Missouri Attorney General's Office |
|   | P.O. Box 899 |
| 13 | Jefferson City, MO 65102 |
| 14 | *Counsel for Plaintiff State of Missouri* |
| 15 | DUSTIN MCDANIEL |
|   | Attorney General of the State of Arkansas |
| 16 |   |
|   | By: */s/ Kevin Wells* |
| 17 | Kevin Wells |
|   | Assistant Attorney General |
| 18 | Arkansas Attorney General's Office |
|   | 323 Center St., Suite 500 |
| 19 | Little Rock, AR 72205 |
| 20 | *Counsel for Plaintiff State of Arkansas* |
| 21 | KAMALA D. HARRIS |
|   | Attorney General of the State of California |
| 22 |   |
|   | By: */s/ Nicole S. Gordon* |
| 23 | Nicole S. Gordon |
|   | Deputy Attorney General |
| 24 | Office of the Attorney General |
|   | 455 Golden Gate Avenue, Suite 11000 |
| 25 | San Francisco, CA 94102-3664 |
| 26 | *Counsel for Plaintiff State of California* |
| 27 |   |
| 28 |   |

| | |
|---|---|
| 1 | BILL SCHUETTE |
| | Attorney General of the State of Michigan |
| 2 | |
| | By: */s/ M. Elizabeth Lippitt* |
| 3 | M. Elizabeth Lippitt |
| | Assistant Attorney General |
| 4 | Corporate Oversight Division |
| | Antitrust Section |
| 5 | G. Mennen Williams Building, 6th Floor |
| | 525 W. Ottawa Street |
| 6 | Lansing, MI 48933 |
| 7 | *Counsel for Plaintiff State of Michigan* |
| 8 | ERIC T. SCHNEIDERMAN |
| | Attorney General of the State of New York |
| 9 | |
| | By: */s/ Jeremy R. Kasha* |
| 10 | Jeremy R. Kasha |
| | Assistant Attorney General |
| 11 | Antitrust Bureau |
| | Office of the Attorney General |
| 12 | State of New York |
| | 120 Broadway, 26th Floor |
| 13 | New York, NY 10271 |
| 14 | *Counsel for Plaintiff State of New York* |
| 15 | PATRICK MORRISEY |
| | Attorney General of the State of West Virginia |
| 16 | |
| | By: */s/ Douglas L. Davis* |
| 17 | Douglas L. Davis |
| | Assistant Attorney General |
| 18 | P.O. Box 1789 |
| | Charleston, WV 25326 |
| 19 | |
| | *Counsel for the State of West Virginia* |
| 20 | |
| | J.B. VAN HOLLEN |
| 21 | Attorney General of the State of Wisconsin |
| 22 | By: */s/ Gwendolyn J. Cooley* |
| | Gwendolyn J. Cooley |
| 23 | Assistant Attorney General |
| | P.O. Box 7857 |
| 24 | 17 W. Main St. |
| | Madison, WI 53707-7857 |
| 25 | |
| | *Counsel for the State of Wisconsin* |
| 26 | |
| 27 | |
| 28 | |

**ATTESTATION**

Pursuant to General Order No. 45, § X(B), regarding signatures, I attest that I have obtained the concurrence in the filing of this document from all signatories.

Dated: December 23, 2015            */s/ Judith A. Zahid*
                                                      Judith A. Zahid

#3267938

# Exhibit B

Jan L. Westfall
29896 Blue Water Way
Menifee, CA 92584
Tel: 619-940-2880
Email: jlwestfall.esq@gmail.com

*Attorney for Objector Donnie G. Clifton*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **DECLARATION OF JULIE GREEN OF CPT GROUP, INC.** |
| ALL INDIRECT PURCHASER ACTIONS | |

I, JULIE GREEN, declare as follows:

1. I have personal knowledge of the facts set forth herein and if called upon to testify, I could and would do so competently under oath.

2. I am employed by CPT Group, Inc., ("Settlement Administrator" or "CPT"), as Senior Vice President of Operations, Class Action Services.

3. CPT Group, Inc. is located at 16630 Aston, Irvine, CA 92606.

4. I have worked for CPT for more than 11 years and have been in charge of the operations department for CPT for 9 years. My job responsibilities

1
DECLARATION OF JULIE GREEN

in this capacity have included general oversight of claims administrative services for class actions. As a company, CPT has extensive experience in providing court approved notice of class actions and administering various types of class action settlements. In the past 30 years we have provided notification and/or claims administration services in hundreds of class action cases.

5. As a class action settlement administrator, CPT is accustomed to being selected by the parties and approved by the Court to provide notice of settlement and claim processing services. In this capacity, CPT's typical responsibilities include, but are not limited to, preparing, printing, and mailing to class members notification of pending class action lawsuits, receiving and validating claim forms or other responses submitted by the class members, distributing settlement payments to the class members, and everything necessary in between and after these steps to effectuate the settlement terms.

6. It is CPT's experience in regards to class disbursement that in many cases, including claims made settlements, there are settlement checks that remain uncashed after the allotted time as dictated by the parties' settlement agreement for checks to be cashed has expired. In CPT's experience with respect to claims made consumer cases with settlement payments less than $50.00, on average 7% of settlement checks remain uncashed after the check cashing period has expired.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on March 22, 2016, at Irvine, California.


JULIE GREEN

2
DECLARATION OF JULIE GREEN

# Exhibit C

Jan L. Westfall
29896 Blue Water Way
Menifee, CA 92584
Tel: 619-940-2880
Email: jlwestfall.esq@gmail.com

*Attorney for Objector Donnie G. Clifton*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JSR <br><br> MDL No. 1917 |
| This Document Relates to: <br><br> ALL INDIRECT PURCHASER ACTIONS | **DECLARATION OF MICHAEL BUI OF SIMPLURIS, INC.** |

I, MICHAEL BUI, declare as follows:

1. I am employed by Simpluris, Inc. ("Simpluris") as Director of Case Management. My business address is 3176 Pullman Street, Suite 123, Costa Mesa, CA 92626.

2. I have worked for Simpluris for 7 years. My job responsibilities include overseeing the case management team, mentoring and coaching employees to become versed with the class action industry.

3. Simpluris has extensive experience in class action matters, having

provided services in class action settlements involving antitrust, securities fraud, property damage, employment discrimination, employment wage and hour, product liability, insurance and consumer issues. Simpluris' competencies are pre-settlement consultation, data management, legal notification, call centers, claims processing and distribution and tax reporting.

4. Simpluris has provided notification and/or claims administration services in more than 5000 settlements and noticing procedures.

5. In Simpluris' experience, in most cases resulting in claims made settlements, a certain percentage of settlement checks sent to class members remain uncashed after the allotted time for checks to be cashed has expired.

6. Upon surveying data for class action settlements administered by Simpluris, where claim checks range between $25 and $50, I determined that in our experience, the percentage of uncashed checks ranges from 2.56% to 7.71%, and an average of approximately 5% of all such checks go uncashed.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on March 21, 2016, at Costa Mesa, California.

_____
MICHAEL BUI