Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for*
*Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST; No. CV-13-03234-JST |
| | MDL No. 1917 |
| This Document Relates to: | **CLASS ACTION** |
| All Indirect Purchaser Actions | **INDIRECT PURCHASER PLAINTIFFS' REQUEST FOR CLARIFICATION AND MODIFICATION OF ORDER RE: OBJECTION TO EX PARTE COMMUNICATIONS AND IN CAMERA REVIEW OF BILLING RECORDS** |
| | Hearing Date: April 19, 2016<br>Time: 2:00 p.m.<br>Judge: Honorable Jon S. Tigar<br>Court: Courtroom 9, 19th Floor |

In order to fully comply with the Court's Order re: Objection to Ex Parte Communications and In Camera Review of Billing Records (the "Order") (ECF No. 4508), Indirect Purchaser Plaintiffs ("IPPs") request clarification regarding the recipients of the disclosures ordered by the Court and the scope of the production.

In addition, IPPs respectfully request that the Court modify the Order to permit IPP Counsel to provide their billing records and other non-administrative *ex parte* communications directly to Objectors, as opposed to filing them on ECF. IPP Counsel's billing records consist of thousands of pages that would need to be reviewed by nearly 50 firms for work-product and attorney-client communications. Consequently, it would be impossible to provide redacted copies of all these documents for filing by the deadline imposed by the Court. However, IPP Counsel believe that they can meet the deadline if allowed to provide the information directly to Objectors, subject to the Protective Order in effect in the case (ECF No. 306). IPPs respectfully request that the Court permit this procedure.

## I. REQUEST FOR CLARIFICATION

### A. Recipients of Disclosures

The Order states that "Objectors have challenged the Special Master's *in camera* review of billing records," (Order at 5); defines "Objectors" as "Objectors Cooper and Scarpulla" (*id.* at 1); and states that "Objectors may review these materials and file any objections directly with the Court . . ." (*id.* at 1-2). IPPs take this to mean that the Court intends to allow Messrs. Cooper and Scarpulla alone to have access to the materials and to file further objections, if any. However, the Order also states that "the filing of those records on the docket" is required so that "Objectors have the opportunity to review the materials on which the Special Master relied." Order at 5. This statement is ambiguous because, if IPPs are correct that only Objectors Cooper and Scarpulla are to receive these documents, they need only be produced to Messrs. Cooper and Scarpulla, rather than filed on the docket under seal (which would render them accessible to Defendants and other objectors). IPPs ask the Court to clarify who should receive the disclosures.

//

1

INDIRECT PURCHASER PLAINTIFFS' REQUEST FOR CLARIFICATION AND MODIFICATION OF ORDER
RE: OBJECTION TO EX PARTE COMMUNICATIONS AND IN CAMERA REVIEW OF BILLING RECORDS
Master File No. CV-07-5944-JST

### B. Scope of Production

The Special Master's January 28, 2016 Report & Recommendation states that the Special Master "has been provided the raw billing entries for every firm . . . [and] has reviewed a sample of about 50 months of contemporaneous billing entries from a range of about eight class counsel firms." (ECF No. 4351 at 70-71.) The Order directs that "Objectors have the opportunity to review the materials *on which the Special Master relied*." Order at 5 (emphasis added). But, the Court has also ordered "Lead Counsel to file on ECF *all* billing records and non-administrative *ex parte* communications." *Id.* (emphasis added). IPPs request clarification as to whether they are to produce all time records provided to the Special Master, or solely the specific materials "on which the Special Master relied." If IPPs are to produce only the 50 months of billing entries from the eight class counsel firms that the Special Master actually relied upon, IPPs will produce them, but will need to know the names of the firms and the months reviewed by the Special Master.

### C. IPPs Request that the Court Allow the Information to Be Produced to Objectors Pursuant to the Terms of the Existing Protective Order

The Court has ordered IPPs to file documents "under seal if necessary." Order at 5*; see also id.* at 4 ("Thus, at the very least the communications surrounding the billing records should be filed on the docket, under seal if necessary.").

With regard to IPP Counsel's billing records, IPP Counsel believe it will be impossible to meet the Court's March 25, 2016 filing deadline. Almost 50 firms would have to review their time records and satisfy the sealing provisions of L.R. 79-5. This process would involve reviewing thousands of pages of records, making the appropriate redactions for work product and attorney-client communications, and complying with all of the other requirements of L.R. 79-5. This cannot be done under the Court's timetable.

IPPs could, however, produce these records to Messrs. Cooper and Scarpulla under the Protective Order currently in place (ECF No. 306). These individuals are already bound by that Protective Order. IPPs respectfully request that the Court permit IPPs to provide the information directly to Cooper and Scarpulla, subject to the terms of the Protective Order. If the Court directs

IPPs to provide the information to other objectors as well, IPPs would follow the same procedure (i.e., produce the information once the objectors signed Exhibit A to the Protective Order). IPPs will also lodge the information with the Court. IPPs believe they will then be able to meet the Court's timetable for production of this information.

This procedure would also mean IPP Counsel would not have to make their billing records available to the Defendants. These billing records contain highly confidential attorney work product, including attorney mental impressions, legal theories and strategies regarding IPP Counsel's preparations for trial. This case is not over yet. IPPs could very well be prejudiced by making this information available to their adversaries. Moreover, there is no reason to make this information available to the Defendants.[1] If it is just provided directly to the Objectors, IPPs will not be prejudiced.

## II.   PRESERVATION OF ISSUES FOR THE RECORD

IPPs wish to preserve certain issues for the record. First, the issue of due process was never raised by any of the parties. Second, any due process considerations would have been satisfied by the voluminous materials already produced by IPPs (such as summaries of the time records of IPP Counsel, the detailed declarations, and the expert testimony of Richard Pearl) which, as the Special Master noted (ECF No. 4211 at 4), were sufficient to permit Objectors to express their concerns.

Rather than contest the matter further, IPPs will make the information available. By complying with the Court's Order, IPPs do not intend to waive any argument they might have as to the production of these materials.

## III.   CONCLUSION

For the foregoing reasons, IPPs respectfully request that the Court provide the clarification and grant the other relief requested.

//

//

---

[1] IPPs contacted counsel for the Defendants and asked if they objected to IPPs providing the billing records directly to objectors as opposed to filing on ECF. None of the Defendants objected.

1  Dated:  March 22, 2016                    Respectfully submitted,

2                                             /s/ Mario N. Alioto

3                                            Mario N. Alioto (56433)
                                             malioto@tatp.com
4                                            Joseph M. Patane (72202)
                                             jpatane@tatp.com
5                                            Lauren C. Capurro (241151)
                                             laurenrussell@tatp.com
6                                            TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
                                             2280 Union Street
7                                            San Francisco, CA 94123
                                             Telephone: 415-563-7200
8                                            Facsimile: 415-346-0679

9                                            ***Lead Counsel for Indirect Purchaser Plaintiffs***

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                    4
INDIRECT PURCHASER PLAINTIFFS' REQUEST FOR CLARIFICATION AND MODIFICATION OF ORDER
RE: OBJECTION TO EX PARTE COMMUNICATIONS AND IN CAMERA REVIEW OF BILLING RECORDS
Master File No. CV-07-5944-JST