Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, LLC, and Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 JST<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-05513;<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, Case No. 13-cv-05264;<br><br>*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06396;<br><br>*Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06397;<br><br>*Costco Wholesale Corp. v. Technicolor SA, et al.*, Case No. 13-cv-05723; | **TOSHIBA'S  MOTION TO STRIKE DIRECT ACTION PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Date:         May 26, 2016<br>Time:        2:00 P.M.<br>Courtroom:  9, 19th Floor<br><br>The Honorable Jon S. Tigar |

1  *Dell Inc., et al. v. Phillips Electronics North America Corporation, et al.*, Case No. 13-cv-02171;

*Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-01656;

*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, Case No. 3:13-cv-05724;

*Interbond Corp. of America v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06275;

*Interbond Corp. of America v. Technicolor SA, et al.*, Case No. 3:13-cv-05727;

*Office Depot, Inc. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06276;

*Office Depot, Inc. v. Technicolor SA, et al.*, Case No. 3:13-cv-05726;

*P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, Case No. 3:12-cv-02648;

*P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, Case No. 3:13-cv-05725;

*Schultze Agency Services, LLC v. Hitachi, Ltd., et al.*, Case No. 3:12-cv-2649;

*Schultze Agency Services, LLC v. Technicolor SA, Ltd., et al.*, Case No. 13-cv-05668;

*Sears, Roebuck & Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, Case No. 3:11-cv-05514;

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA'S MOTION TO STRIKE
DIRECT ACTION PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY
Case No. 07-5944 JST
MDL No. 1917

| | |
|---|---|
| 1 | *Sears, Roebuck & Co. and Kmart Corp. v. Technicolor SA, et al.*, Case No. 13-cv-05262; |
| 2 | |
| 3 | |
| 4 | *Sharp Elec. Corp. v. Hitachi, Ltd., et al.*, Case No. 3:13-cv-01173; |
| 5 | |
| 6 | *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, Case No. 3:13-cv-00157; and |
| 7 | |
| 8 | *ViewSonic Corporation v. Chunghwa Picture Tubes Ltd., et al.*, Case No.13-cv-02510. |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## **NOTICE OF MOTION AND MOTION TO STRIKE**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 26, 2016, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 9, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Jon S. Tigar, the Toshiba Defendants ("Toshiba") will and hereby do move the Court for an order granting Toshiba's Motion to Strike the Direct Action Plaintiffs' Notice of Supplemental Authority, filed on March 21, 2016 (ECF No. 4509) (the "Notice of Supplemental Authority"). Specifically, Toshiba seeks to strike the Notice of Supplemental Authority because it does not comply with Civil Local Rule 7-3(d).

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the complete files and records in this action, oral argument of counsel, authorities that may be presented at or before the hearing, and such other and further matters as this Court may consider.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA'S MOTION TO STRIKE
DIRECT ACTION PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY
Case No. 07-5944 JST
MDL No. 1917

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   LEGAL STANDARD**

Civil Local Rule 7-3(d) states that once a reply is filed in connection with a motion, no additional memoranda, papers or letters may be filed without prior court approval, except for objections to reply evidence and statements of recent decisions. Civil L.R. 7-3(d). Any statement of recent decision must be filed before the noticed hearing date on the motion at issue. Civil L.R. 7-3(d)(2). Once the hearing date has passed, a party seeking to file a statement of recent decision must obtain court approval prior to filing. Civil L.R. 7-3(d). Submissions filed in violation of Civil L.R. 7-3(d) can be stricken. *See McArdle v. AT&T Mobility LLC,* No. C 09-1117 CW, 2010 WL 2867305, at *4 (N.D. Cal. July 20, 2010) (striking "Notice of Recent Authority" that included argument and was filed without leave of court).

**II.   ARGUMENT**

On November 7, 2014, Toshiba filed a Motion for Summary Judgment Concerning Withdrawal (ECF No. 2995). After full briefing (ECF Nos. 3280, 3437), this Court heard oral argument on the motion on February 9, 2016 (ECF No. 4378). The Minute Entry from the February 9, 2016 hearing (ECF No. 4378) states that the motion is under submission. More than a month later, the Direct Action Plaintiffs filed a Notice of Supplemental Authority, attaching a decision from the Northern District of California in the *Lithium Ion Batteries* litigation as "supplemental authority" for this Court's consideration of four motions filed by various Defendants for summary judgment on withdrawal grounds. *See* Docket Text for ECF No. 4509 (listing motions filed by the Hitachi, LGE, Philips, and Toshiba Defendants). Because the *Lithium Ion Batteries* decision was issued after the Court heard argument on Toshiba's motion, the Direct Action Plaintiffs were obligated to seek the Court's permission prior to filing a statement of recent decision under Civil L.R. 7-3(d). *See, e.g.*, Toshiba Defendants' Motion for Leave to File Notice of Supplemental Authority in Support of Toshiba's Objections to Special Master's Recommended Order Dated October 21, 2015 (ECF No. 4237). The Direct Action Plaintiffs never sought such permission and therefore their

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Notice of Supplemental Authority should be stricken. *See Aircraft Tech. Publishers v. Avantext, Inc.*, No. C 07-4154 SBA, 2009 WL 4348334, at *4 (N.D. Cal. Nov. 18, 2009) (granting motion to strike brief filed by party who failed to seek required court permission under Civil L.R. 7-3).

The local requirement that parties seek leave to file post-hearing briefs is designed to "deter an endless cycle of filings and counter-filings while preserving the Court's ability to render a decision that is fully-informed by any particularly germane legal authority that may emerge." *Michael Taylor Designs, Inc. v. Travelers Prop. Cas. Co. of Am.*, 761 F. Supp. 2d 904, 909 (N.D. Cal. 2011). Courts in this district have cautioned that the ability to submit post-hearing briefs "is a right that should be exercised sparingly" and any statement of recent decision should describe why the recent decision is relevant to the motion under submission. *See id.* ("If a decision is not an on-point, controlling precedent, it must at least be a highly persuasive decision on an issue of particular importance, that it is not otherwise cumulative of the cases that have already been submitted. While any motion seeking leave to file additional authority after a hearing should still avoid arguing the merits to the extent possible, it should concisely explain why the criteria above is satisfied.").

The *Lithium Ion Batteries* decision is not on-point, controlling, or highly persuasive; among other things, that decision addresses facts very different from those here. Although the *Lithium Ion Batteries* decision describes a legal framework for analyzing the question of withdrawal, it does not apply that framework to facts pertinent to Toshiba's pending motion here. The *Lithium Ion Batteries* decision simply will not assist this Court in resolving Toshiba's (or any other defendant's) motion for summary judgment on withdrawal grounds in this action.

### III. CONCLUSION

For these reasons, the Court should grant this motion and strike the Direct Action Plaintiffs' Notice of Supplemental Authority.

Dated: April 1, 2016

Respectfully submitted,

**WHITE & CASE** LLP

By: */s/ Lucius B. Lau*
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, LLC, and Toshiba America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA'S MOTION TO STRIKE
DIRECT ACTION PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY
Case No. 07-5944 JST
MDL No. 1917
4

**CERTIFICATE OF SERVICE**

On April 1, 2016, I caused a copy of "TOSHIBA'S MOTION TO STRIKE DIRECT ACTION PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

By:    */s/ Lucius B. Lau*
        Lucius B. Lau

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005