GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
jsanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
aschwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: (415) 393-8200
Facsimile: (415) 986-5309

FARMER BROWNSTEIN JAEGER LLP
WILLIAM S. FARMER, SBN 46694
WFarmer@FBJ-law.com
DAVID BROWNSTEIN, SBN 141929
DBrownstein@FBJ-law.com
JACOB ALPREN, SBN 235713
JAlpren@FBJ-law.com
235 Montgomery Street, Suite 835
San Francisco California 94104
Telephone 415.962.2876
Facsimile: 415.520.5678

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. and
CHUNGHWA PICTURE TUBES (MALAYSIA)
SDN. BHD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 14-cv-02510 | Master File No. 3:07-CV-5944 JST<br>MDL No. 1917<br><br>**DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S REQUEST FOR LEAVE TO FILE MOTION FOR BENCH TRIAL AND BIFURCATION**<br><br>Judge:       Hon. Jon S. Tigar<br>Trial Date:  November 7, 2016 (tentative)<br>Courtroom: 9, 19th Floor |

## I. INTRODUCTION

Pursuant to the Court's Order Regarding Deadline for Requests to File Certain New Motions (Dkt. 4261) and Civil Local Rule 7-11, Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively, "Chunghwa") respectfully request leave to file a Motion for a Bench Trial and Bifurcation Regarding ViewSonic's Standing to Recover Based on Purchases from Tatung Company and JEAN Company. While the Court's Order appears to contemplate only "summary judgment motions, motions *in limine*, and *Daubert* motions" (Dkt. 4261 at 1), Chunghwa files this request at this time out of an abundance of caution. As set forth below, there is good cause for allowing this motion.

Pursuant to Local Rule 7-11, Chunghwa met and conferred with Plaintiff ViewSonic Corporation ("ViewSonic") regarding its intention to file this administrative motion. As set forth in the accompanying Declaration of Rachel S. Brass, ViewSonic declined to stipulate to the relief sought by Chunghwa in this administrative motion.

## II. ARGUMENT

Chunghwa requests leave to file a motion for a bench trial and bifurcation regarding ViewSonic's standing to seek damages against Chunghwa based on ViewSonic's purchase of computer monitors from Tatung Company ("Tatung") and JEAN Company ("JEAN"). ViewSonic asserts standing with regard to its purchases from Tatung and JEAN based on the Ninth Circuit's ownership and control exception to *Illinois Brick*, which allows suit "when a conspiring seller owns or controls the direct purchaser" from which the plaintiff purchased the goods. *In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 749 (9th Cir. 2012). That issue is addressed in a pending motion for summary judgment. Dkt. 3102. If that motion is granted, this motion will be moot.

If, however, this Court declines to grant summary judgment on the pending motion, the standing issue will need to be resolved in connection with any trial of ViewSonic's claims. "Standing is a question of law for the district court to decide," including any "issues of fact necessary to make the standing determination." *ATM Fee*, 686 F.3d at 747. Resolution of this threshold standing question may be case dispositive and at minimum will bear significantly on the value of the case to be tried. For this reason, Defendants previously stated that "the most efficient plan is for the Court

to . . . hold[] a short bench trial before the commencement of the jury trial of the N.D. Cal. DAP cases as to any standing issues that remain following the Court's ruling on the pending summary judgment motions." Joint Case Management Statement at 23 (Dkt. 4192) (citing Fed. R. Civ. P. 39(a)(2), 42(b)). That remains true now.

Good cause exists for this request because a motion for a bench trial and bifurcation would have been premature if filed at the deadlines for summary judgment motions, *Daubert* motions, or motions *in limine*. When the Court vacated the March 9, 2015 trial date, it also vacated the original February 13, 2015 deadline for "non-dispositive pre-trial motions" other than motions *in limine*. *See* Scheduling Order at 1 (Dkt. 3515); Stipulation and Order Regarding Scheduling at 3 (Dkt. 3182). Moreover, as discussed above, Chunghwa has been clear that it would move this Court to hold a bench trial on ownership and control issues at the appropriate time. *See* Joint Case Management Statement at 21-23 (Dkt. 4192).

### III.   CONCLUSION

For the foregoing reasons, Chunghwa respectfully requests that the Court grant it leave to file a motion for a bench trial and bifurcation.

DATED:  April 12, 2016                Respectfully submitted,

                                      By:    /s/ *Rachel S. Brass*
                                              Rachel S. Brass

                                      *Attorneys for Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.*