1  BRAD BRIAN (State Bar No. 079001)
   brad.brian@mto.com
2  GREGORY J. WEINGART (State Bar No. 157997)
   gregory.weingart@mto.com
3  SUSAN E. NASH (State Bar No. 101837)
   susan.nash@mto.com
4  E. MARTIN ESTRADA (State Bar No. 223802)
   martin.estrada@mto.com
5  355 South Grand Avenue
   Thirty-Fifth Floor
6  Los Angeles, California 90071-1560
   Telephone:    (213) 683-9100
7  Facsimile:    (213) 687-3702

8  *Attorneys for Defendant LG Electronics, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-md-05944-JST (N.D. Cal) |
| | MDL No. 1917 |
| This Document Relates to: | **LG ELECTRONICS, INC.'S REQUEST FOR LEAVE TO FILE ADDITIONAL MOTIONS** |
| *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514 | Judge:  Hon. Jon S. Tigar<br>Court:  Courtroom 9, 19th Floor |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

## I. INTRODUCTION

Pursuant to the Court's Order Regarding Deadline for Requests to File Certain New Motions (Dkt. No. 4261, Dec. 17, 2015) and Civil Local Rule 7-11, LG Electronics, Inc. ("LGE") respectfully requests leave to file the following motions applicable to the above-referenced case:

1. Motion to Admit Summary Witness Testimony;
2. Motion for Bench Trial and Bifurcation Regarding Sears/Kmart's Standing to Recover Based on Purchases from Zenith and Certain Other Vendors;
3. Motion to Require Sears/Kmart to Specify Damages Attributable to Purchases from Specific Vendors and to Clarify Damages Theories; and
4. Motion to Admit Evidence of Other Lawsuits and Settlements.

The motions listed above pertain only to the claims by Plaintiffs Sears, Roebuck and Co. and Kmart Corporation (collectively "Plaintiffs" or "Sears/Kmart") against LGE (Case No. 11-cv-05514), tentatively set for trial in this Court on November 7, 2016. Due to multiple recent settlements, the only other case to be tried on that date is the action between Plaintiff ViewSonic Corporation and Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (Case No. 14-cv-02510).

Because of the many settlements, the issues to be litigated in the non-Sharp DAP trial have been narrowed significantly. With these motions, LGE seeks to further streamline the issues remaining for trial. For the reasons explained below, there is good cause for the Court to consider each of these motions. *See* Dkt. No. 4261 at 1-2.

LGE met and conferred with Sears/Kmart regarding this administrative motion, and Sears/Kmart stated they oppose these requests. However, with respect to Motions 3 and 4 above, the parties are working on stipulations as to the substantive relief requested. Sears/Kmart have told LGE that they will inform the Court of their positions on those requests in a responsive filing.

## II. ARGUMENT

### 1. Motion to Admit Summary Witness Testimony

LGE hereby requests leave to file a motion seeking a pretrial ruling regarding the admissibility of summary witness testimony with respect to meeting minutes and other documents

1  previously identified by the Direct Action Plaintiffs ("DAPs").  The DAPs filed a similar motion
2  *in limine* seeking a pretrial ruling that certain summary witnesses, including Daniel Gill, can
3  testify at trial (Dkt. No. 3558, DAP MIL #15).  LGE opposed the motion as premature, proposing
4  that "the Court deny Plaintiffs' motion so as to give the parties the opportunity to meet and confer
5  and eliminate or narrow any disputes that need to be presented to the Court prior to the new trial
6  date."  (Dkt. No. 3671 at 1.)  LGE also "reserve[d] the right to disclose the identity of a summary
7  witness and make summary exhibits available to Plaintiffs in accordance with new pre-trial
8  deadlines set by the Court."  (*Id.* at 1 n.2.)

9        There is good cause for this request because the parties are now preparing for trial and
10  negotiating deadlines for final witness and exhibit lists.  As part of that process, LGE will meet
11  and confer with Plaintiffs regarding the admissibility of proposed summary witness testimony and
12  summary exhibits.  Although LGE continues to believe that a motion to admit summary witness
13  testimony is not yet ripe, LGE requests leave to file such a motion closer to trial if the parties are
14  unable to agree on the admissibility of LGE's proposed summary witness testimony.

15        **2.**     **Motion for Bench Trial and Bifurcation Regarding Sears/Kmart's Standing to Recover Based on Purchases from Zenith and Certain Other Vendors**

16
17        LGE requests leave to file a motion for a bench trial regarding Plaintiffs Sears and Kmart's
18  standing to seek damages from certain vendors.  As indirect purchasers of cathode ray tubes
19  ("CRTs"), Plaintiffs lack standing to seek damages under *Illinois Brick Co. v. Illinois*, 431 U.S.
20  720, 746-47 (1977), unless they establish an exception permitting their suit to proceed.  Plaintiffs
21  assert standing based on the Ninth Circuit's ownership/control exception to *Illinois Brick*, which
22  allows suit "when a conspiring seller owns or controls the direct purchaser" that served as the
23  middleman.  *In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 749 (9th Cir. 2012).  Under *ATM Fee*,
24  "[s]tanding is a question of law for the district court to decide," including any "issues of fact
25  necessary to make the standing determination."  686 F.3d at 747.  Plaintiffs bear the burden of
26  establishing their standing.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

27        LGE believes that Sears/Kmart will be unable to establish their standing as to a substantial
28  portion of their requested damages, including, among others, damages based on certain purchases

1  from Zenith and their purchases from JVC.  Resolution of these threshold questions of standing
2  will significantly affect the scope of the case and the amount of alleged damages presented to the
3  jury.  The most efficient way to resolve the ownership/control issues and potentially narrow the
4  scope of the case is through a brief bench trial prior to the jury trial on liability and damages.

5  Good cause exists because a motion to bifurcate the issues and hold a bench trial on
6  standing would have been premature if filed at the deadlines for summary judgment motions,
7  *Daubert* motions, or motions *in limine*.  This Court's decisions on the ownership and control
8  summary judgment motions, in particular, may well affect the factual issues remaining to be
9  resolved in the bench trial.  Good cause also exists because no deadline was previously set for this
10 kind of motion:  When Judge Conti vacated the March 9, 2015 trial date, he also vacated the
11 original February 13, 2015 deadline for "non-dispositive pre-trial motions" other than motions *in*
12 *limine*.  (*See* Scheduling Order at 1 (Dkt. No. 3515); Stipulation and Order Regarding Scheduling
13 at 3-4 (Dkt. No. 3182).)

14 In prior filings, LGE has made clear that it would request "a short bench trial before the
15 commencement of the jury trial of the N.D. Cal. DAP cases as to any standing issues that remain
16 following the Court's ruling on the pending summary judgment motions."  (Dkt. No. 4192 at 23.)
17 LGE now seeks leave to file a motion to bifurcate the standing issues from the issues to be
18 presented to the jury and for an order setting a bench trial.

19 **3.    Motion to Require Sears/Kmart to Specify Damages Attributable to Purchases from Specific Vendors and to Clarify Damages Theories**
20
21 Pending proposed stipulations on these issues, LGE requests leave to file a motion
22 requiring Plaintiffs to clarify the scope and nature of their damages theories in the three ways
23 identified below.  As noted in the Hartge Declaration filed concurrently, the parties may be able to
24 reach agreement on the substance of these requests, in which case this request will be moot.
25 Hartge Decl. ¶ 3.

26 **1. "Umbrella damages."** Dr. Alan Frankel's Second Supplemental Expert Report for
27 Plaintiffs, dated September 25, 2014 ("Second Supplemental Report") sets forth several alternative
28 damages estimates.  One set of estimates is labeled ███████████████ another,

-3-

MDL No. 1917
Master No. 3:07-cv-05944-JST
LG ELECTRONICS, INC.'S REQUEST FOR LEAVE TO FILE ADDITIONAL MOTIONS

1   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ In their opposition to Defendants' motion *in limine* No. 12,
2   Plaintiffs represented that they will not seek ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ damages.  (*See* Dkt.
3   No. 3648-4 at 5 (Feb. 27, 2015) (Plaintiffs "are not seeking damages for products sold by
4   companies unaffiliated with defendants on an umbrella damages theory.").)  In light of this
5   representation, good cause exists to grant LGE leave to file a motion precluding Plaintiffs from
6   presenting or making reference to any such damages estimates at trial.

7      **2. Damages based on purchases of** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
8   ▓▓▓▓▓▓▓▓▓   The Second Supplemental Report provides two alternative damages estimates
9   related to Sears' purchases from ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  In the first, ▓▓▓▓▓▓▓▓▓▓▓▓
10  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
11  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Second
12  Supplemental Report ¶ 4.)  In the second, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
13  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
14  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*Id.*)  The difference between these two
15  estimates is approximately ▓▓▓▓▓▓▓▓.

16      If Plaintiffs intend to pursue this second damages theory and to try to recover based on
17  purchases of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, LGE intends to
18  challenge their standing to assert these claims.  LGE has requested Plaintiffs to clarify whether or
19  not they intend to seek such damages.  Plaintiffs have not yet agreed to stipulate that they will not
20  seek such damages.  Good cause exists to grant LGE leave to file a motion requiring Plaintiffs to
21  state whether they in fact plan to seek these damages in order to clarify the issues to be litigated.

22      **3. Breakdown of damages by vendor.**  To further streamline the issues to be resolved at
23  a bench trial, LGE requests leave to move for an order requiring Plaintiffs to provide a breakdown
24  of all of their requested damages by vendor at least one month prior to the deadline for
25  Defendants' exhibit list.  As discussed above, Plaintiffs have the burden of establishing their
26  standing to recover damages for each of their purchases.  But in their expert reports to date,
27  Plaintiffs have ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
28  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

1    A breakdown of damages by vendor is necessary to inform LGE's decisions as to whether
2 or not to challenge particular ownership/control relationships and to narrow the issues to be
3 resolved.  To the extent such challenges are successful, such a breakdown will also inform the
4 parties as to the amount by which Plaintiffs must reduce their damages claim before presenting
5 their case to the jury.  Good cause exists to grant LGE leave because an earlier motion seeking a
6 damages breakdown would have been premature given the multiple ownership/control issues
7 pending before the Court on summary judgment, which could affect the scope of Plaintiffs'
8 remaining damages claims.

9    **4.    Motion to Exclude Any Argument by Plaintiffs that They Are the Only Entities Trying to Hold LGE Liable for Its Involvement in the Alleged**
10   **Conspiracy and to Admit Evidence of Other Lawsuits and Settlements**

11   If necessary, LGE requests leave to file a motion to exclude any argument, or suggestion in
12 any way, by Plaintiffs that they are only entities seeking to hold LGE liable for its involvement in
13 the alleged conspiracy, and to admit references to the existence of other lawsuits in which LGE
14 has been accused of conspiring to fix the prices of CRTs, including references to the fact that LGE
15 and its alleged coconspirators settled some of those cases (while excluding any reference to the
16 amounts of those settlements).  Absent this relief, Sears/Kmart may well portray themselves as the
17 only "champions" attempting to hold LGE liable for its conduct, thereby inflaming the jury and
18 subjecting LGE to an unfairly punitive award of damages.

19   On this motion as well, the parties have been discussing a stipulation as to the substantive
20 relief requested.  Absent such a stipulation, good cause exists for this motion due to the many
21 intervening settlements that have occurred since the original deadline for motions *in limine* more
22 than one year ago on February 13, 2015.  At that time, the IPP and DAP actions were set for trial
23 on March 9, 2015 with the IPPs, six (6) DAP groups and ten (10) defendant groups.  At the then-
24 contemplated trial by all six (6) DAP groups, the jury would necessarily have seen that many
25 plaintiffs were attempting to recover based on the alleged conspiracy.  Now that most of these
26 parties have settled,  there is good cause for giving LGE leave to file a motion to prevent
27 Sears/Kmart from portraying themselves as the only plaintiffs seeking retribution for the
28 conspiracy's conduct, and to allow evidence that LGE has resolved other claims.

Dated: April 12, 2016                             MUNGER, TOLLES & OLSON LLP

                                                  By:      */s/ Brad D. Brian*
                                                  BRAD BRIAN (State Bar No. 079001)
                                                  brad.brian@mto.com
                                                  GREGORY J. WEINGART (State Bar No. 157997)
                                                  gregory.weingart@mto.com
                                                  SUSAN E. NASH (State Bar No. 101837)
                                                  susan.nash@mto.com
                                                  E. MARTIN ESTRADA (State Bar No. 223802)
                                                  martin.estrada@mto.com
                                                  355 South Grand Avenue
                                                  Thirty-Fifth Floor
                                                  Los Angeles, California 90071-1560
                                                  Telephone:    (213) 683-9100
                                                  Facsimile:    (213) 687-3702

                                                  *Attorneys for Defendant LG Electronics, Inc.*