1  Christopher M. Curran (*pro hac vice*)
   ccurran@whitecase.com
2  Lucius B. Lau (*pro hac vice*)
3  alau@whitecase.com
   Dana E. Foster (*pro hac vice*)
4  defoster@whitecase.com
5  White & Case LLP
   701 Thirteenth Street, N.W.
6  Washington, DC  20005
7  Telephone:  (202) 626-3600
   Facsimile:  (202) 639-9355
8
9  *Counsel to Defendants Toshiba Corporation,*
   *Toshiba America, Inc., Toshiba America*
10 *Information Systems, Inc., and Toshiba America*
11 *Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 JST<br>MDL No. 1917 |
| This Document Relates to Case No. 13-cv-1173-JST (N.D. Cal.)<br><br>SHARP ELECTRONICS CORPORATION; SHARP ELECTORNICS MANUFACTURING COMPANY OF AMERICA, INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>HITACHI, LTD., *et al.*,<br><br>*Defendants.* | **TOSHIBA'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION TO DISMISS SHARP'S SECOND AMENDED COMPLAINT BASED ON A FORUM-SELECTION CLAUSE**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:  June 9, 2016<br>Time:  2:00 p.m.<br>Courtroom:  9, 19th Floor<br><br>The Honorable Jon S. Tigar |

## **NOTICE OF MOTION AND MOTION FOR LEAVE**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 9, 2016, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 9, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Jon S. Tigar, the Toshiba Defendants ("Toshiba") will and hereby do move the Court, pursuant to Civil Local Rule 7-11, for an order granting Toshiba leave to file its Motion to Dismiss Sharp's Second Amended Complaint Based on a Forum-Selection Clause. Specifically, Toshiba seeks leave to file a motion to dismiss Sharp's Second Amended Complaint with respect to Toshiba because of a forum-selection clause that requires Sharp's joint-and-several liability claim as it pertains to Toshiba to be resolved in the Osaka District Court in Japan.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the complete files and records in this action, oral argument of counsel, authorities that may be presented at or before the hearing, and such other and further matters as this Court may consider.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**MEMORANDUM OF POINTS AND AUTHORITIES**

On December 17, 2015, the Court issued the Order Regarding Deadline for Requests to File Certain New Motions, inviting the parties to file additional motions by April 12, 2016, so long as there is "good cause" for doing so. ECF No. 4261. Good cause exists for granting Toshiba leave to file the attached, proposed motion to dismiss because the joint-and-several claim set forth in Sharp's Second Amended Complaint is subject to a forum-selection clause that exists between Toshiba and Sharp. Toshiba was unable to file its proposed motion to dismiss within the original deadline because a key admission in support of that motion was made by Sharp after the original deadline had expired.

Since 1977, the business relationship between the Toshiba and Sharp group companies has been governed by an agreement known as the Basic Transaction Agreement ("BTA"). The BTA has a forum-selection clause, one that requires that all "litigation related to this Agreement" to be resolved in Osaka, Japan in the Osaka District Court. Relying upon the BTA's forum-selection clause, Toshiba filed a motion to dismiss, which was granted by Judge Conti in 2014. ECF No. 2435. In that order, Judge Conti held that the BTA applies to all parties in the Sharp litigation, and extends to each of the claims asserted by Sharp. *Id.* at 8.

Sharp then filed a motion for leave to amend its complaint. ECF No. 2520. By that motion, Sharp sought leave to file an amended complaint that would "clarify that Sharp has a remaining claim against Toshiba, but only based on Toshiba's joint-and-several liability as a co-conspirator for sales made to Sharp by other conspirators." *Id.* at 2. Sharp also stated that the BTA has no bearing over Toshiba's purported joint-and-several liability because the commerce between Sharp and Toshiba's alleged co-conspirators is "completely independent of Toshiba's commercial relationship with any Sharp entity." *Id.* at 5. Judge Conti granted Sharp's motion, emphasizing he did so "under the extreme liberality of Rule 15" and finding, based on Sharp's representations, that Sharp's joint-and-several liability claim against Toshiba was "distinct in scope" from its other claims. ECF No. 2612, at 8, 11, 13.

Toshiba now seeks leave to file the attached, proposed motion to dismiss because Sharp has since admitted that its customer-supplier relationship with Toshiba, a relationship

governed by the BTA, is relevant to proving its joint-and-several liability claim against Toshiba. Sharp, retreating from the position it took in support of its motion for leave to amend, affirmatively argued in opposing Toshiba's February 13, 2015 motion *in limine* (ECF No. 3577), a motion now pending before the Court (ECF No. 4547-1, at A-2) (Apr. 8, 2016), that that evidence of its customer-supplier relationship with Toshiba relate to its joint-and-several liability claim in a host of ways. ECF No. 3695. ***First***, Sharp argued that "co-conspirator communications that refer to Sharp as a customer of Toshiba are highly probative of Toshiba's participation in a far-reaching conspiracy, and so help to establish that Toshiba is jointly and severally liable for Sharp's damages based on CRT purchases from Toshiba's co-conspirators." *Id.* at 1-2. ***Second***, Sharp argued that data relating to Sharp's purchases from Toshiba are essential to the joint-and-several liability damages calculation by Sharp's economist Dr. Jerry Hausman: "The prices Sharp actually paid for CRTs from all sellers – including entities like Toshiba from whom Sharp is not seeking damages in this litigation – were a necessary input into Dr. Hausman's econometric model." *Id.* at 4. ***Third***, Sharp argued that Sharp's purchases from Toshiba in the United States are relevant to show Toshiba's interest in the U.S. CRT market: "Regardless of whether Sharp seeks damages on the purchases, the *fact* that Toshiba sold CRTs in the United States is relevant and beyond dispute." *Id.* at 5 (emphasis in original). ***Fourth***, Sharp even suggested that there may be additional, not yet apparent, reasons why Sharp's purchases from Toshiba may be relevant at a trial addressing Sharp's joint-and-several liability claim. *Id.* at 5 ("Whether and how Sharp will introduce this evidence – and whether there will be additional relevant and permissible uses for evidence of Toshiba's sales to Sharp – will depend upon a wide variety of factors . . . ."). Sharp failed to inform Judge Conti of *any* of these arguments in 2014 when it moved to amend its complaint in an attempt to revive its case against Toshiba.

Sharp's newfound admission confirms that Sharp's joint-and-several liability claim is related to the BTA. This relationship is also established by the BTA itself. In executing the BTA, Sharp and Toshiba expressly decided that any "disputes," "doubts," or "unsolved items" relating to that agreement must be litigated in the first instance in the Osaka District Court.

The timing of Sharp's admission, be it strategic or otherwise, foreclosed previous opportunities to bring this matter to the Court's attention. The transition of the litigation to Your Honor, the Court's December 17, 2015 Order, and the recent scheduling of the pending *in limine* motions for resolution, including the motion containing Sharp's critical admission, compels Toshiba to seek leave to file its motion to dismiss Sharp's Second Amended Complaint at the present time.

The fact that Judge Conti (applying Rule 15's extremely liberal standard) has previously ruled that Sharp's joint-and-several liability claim is not covered by the BTA's forum-selection clause does not bar this Court from considering this issue and reaching its own conclusions. *See Castner v. First National Bank of Anchorage*, 278 F.2d 376, 380 (9th Cir. 1960) ("The second judge must conscientiously carry out his judicial function in a case over which he is presiding. He is not doing this if he permits what he believes to be a prior erroneous ruling to control the case."). Furthermore, motions to dismiss are appropriately used to test the sufficiency of amended complaints. *See dpiX LLC v. Yieldboost Tech., Inc.*, No. 14-cv-05382, 2015 U.S. Dist. LEXIS 117267, at *11 (N.D. Cal. Sept. 2, 2015) (Tigar, J.); *see also Wells v. Regents of the Univ. of Cal.*, No. 15-cv-1700, 2015 U.S. Dist. LEXIS 150595, at *4, *25 (N.D. Cal. Nov. 5, 2015) (granting in part defendants' motion to dismiss plaintiff's second amended complaint, which was filed pursuant to a grant of leave to amend); *Algaier v. CMG Mortg., Inc.*, No. 12-cv-0380, 2014 U.S. Dist. LEXIS 112363, at *4, *26 (E.D. Wash. Aug. 13, 2014) (granting in part defendants' motion to dismiss plaintiff's amended complaint, which was filed pursuant to a grant of leave to amend); *Williams v. California*, 990 F. Supp. 2d 1009, 1027 (C.D. Cal. 2012) (dismissing plaintiffs' First Amended Complaint after granting plaintiffs leave to amend their initial complaint because they repeated the theories from their initial complaint in the FAC).

On Friday, April 8, 2016, counsel for Toshiba telephoned counsel for Sharp to meet and confer as to whether Sharp would consent to this administrative motion. (During the call, in response to Toshiba's request, Sharp's counsel indicated for the first time that Sharp intended to file a motion for reconsideration of Judge Conti's dismissal of Sharp's claims

1 based on purchases from Toshiba.) Each side agreed to consider the other's request and revert
2 back to each other. Earlier today, Sharp's counsel e-mailed Toshiba's counsel to say that
3 Sharp does not consent to this administrative motion. (By that time, Sharp had already filed
4 its administrative motion seeking leave to file its motion for reconsideration, without awaiting
5 word as to whether Toshiba would consent to that administrative motion.)

6 For these reasons, the Court should grant this administrative motion and permit
7 Toshiba to file the attached proposed motion to dismiss Sharp's Second Amended Complaint.

Respectfully submitted,

Dated:  April 12, 2016               **WHITE & CASE** LLP

By*:   /s/ Lucius B. Lau*
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.*

**CERTIFICATE OF SERVICE**

On April 12, 2016, I caused a copy of "TOSHIBA'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION TO DISMISS SHARP'S SECOND AMENDED COMPLAINT BASED ON A FORUM-SELECTION CLAUSE" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

By:  */s/ Lucius B. Lau*
     Lucius B. Lau