Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the
Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **SECOND SUPPLEMENTAL DECLARATION OF RICHARD M. PEARL IN SUPPOERT OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND INCENTIVE AWARDS TO CLASS REPRESENTATIVES**<br><br>Hearing Date: April 19, 2016<br>Time: 2:00 p.m.<br>Judge: Honorable Jon S. Tigar<br>Court: Courtroom 9, 19th Floor<br>Special Master Martin Quinn, JAMS |

28156308.1

- 1 -

SECOND SUPP. DECL. OF RICHARD M. PEARL ISO INDIRECT PURCHASER PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

# SECOND SUPPLEMENTAL DECLARATION OF RICHARD M. PEARL

I, Richard M. Pearl, do hereby declare:

1. This declaration supplements my previous declarations filed in this matter on September 23, 2015 (Doc. No. 4071-15) and lodged with the Special Master on November 20, 2015 (Doc. No. 4373-2). Its purpose is to address certain points made in the Statement Pursuant to Order re: Objection to *Ex Parte* Communications and *In Camera* Review of Billing Records filed by Cooper & Kirkham and the Law Offices of Francis O. Scarpulla (Doc. No. 4545-4) ("Objection"). If called as a witness, I could and would competently testify based on my personal knowledge to the facts stated below.

2. In my view, the Objections based on "block billing" are off base, for several reasons. First, reductions for block billing may only be applied to problematic block-billed entries: it is error to reduce non-problematic entries for "block-billing."[1] Consequently, any block billing objection must specify and quantify the particular entries that supposedly impede the determination of reasonable fees, which the Objections fail to do.[2]

3. Second, I have reviewed some of the challenged billing records and, in my view, many of those time entries do not constitute non-compensable "block billing" because they simply list sub-tasks that are focused on one task or event, and thus adequately describe the work performed.[3]

4. Third, in my experience, "block billing" is the prevailing practice among California law firms. I have reviewed the billing records of scores of California law firms, large and small.

---

[1] *See Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

[2] *See Mendez v. County of San Bernardino*, 540 F.3d 1109, 1129 (9th Cir. 2008) (use of "block billing" may not "justify an across-the-board reduction or rejection of all hours"); *Secalt v. Wuxi Shenxi Const. Mach., Inc.*, 668 F.3d 677, 690 (9th Cir. 2012) (rejecting defendant's arguments that fees should have been reduced for insufficient description and block billing); *United Steelworkers v. Retirement Income Plan*, 512 F.3d 555, 565 (9th Cir. 2008) (same); *Welch*, 480 F.3d at 948 (reversing 20 percent reduction for "block billing" as excessive and remanding for more limited reduction).

[3] *See, e.g., O'Bannon v. NCAA*, No. 09-cv-3329 CW, 2016 U.S.Dist.LEXIS 44131, at *26 (N.D. Cal. Mar. 31, 2016); *Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AB SHX, 2015 U.S.Dist.LEXIS 54063, at *80-81 (C.D. Cal. Mar. 24, 2015).

Most of these firms, indeed the great majority, submit billing records that describe each time keeper's daily activities but provide only a single numerical total for each time keeper's activities that day – so-called "block billing." Such records are accepted both by clients who pay the fees and by the courts.[4] As the Special Master noted here: "Having himself recorded time for almost 50 years, the Special Master is aware how silly it is to insist (as insurance companies sometimes do) on showing a specific amount of time on each action taken during a day."[5] I agree.[6]

5. Fourth, the practice of providing only daily totals for the various tasks performed in a given day, without giving a separate time value for each task or sub-task, only becomes an issue in fee applications when a significant amount of time is spent on non-compensable claims or tasks that are lumped together with compensable claims or tasks. That concern is not present here, however, because the claims all arose from a common core of facts and related legal theories, obviating the need for any apportionment.

6. Finally, contrary to the Objections, numerous federal courts in the Ninth Circuit have found "block billing" perfectly acceptable when it does not impede the determination of reasonable hours.[7] Here, as in those cases, counsel's block billing does not impede the determination of reasonable hours because all of the sub-tasks are described and all of the claims

---

[4] *See, e.g., O'Bannon v. NCAA,* 2016 U.S.Dist.LEXIS 44131, at *26 ("block billing has been accepted in this district" [internal quotation and citation omitted]).

[5] *Cathode Ray Tube* Report & Recommendation (Doc. No. 4351), at p. 73.

[6] As Judge Wilken recognized in *O'Bannon*, eliminating "block billing" can in some cases result in higher, not lower, fees. *O'Bannon v. NCAA,* 2016 U.S.Dist.LEXIS 44131, at *27.

[7] *See, e.g., United Steelworkers*, 512 F.3d at 565 (rejecting defendant's arguments that fees should have been reduced for insufficient description and block billing); *Secalt*, 668 F.3d at 690 (same); *O'Bannon v. NCAA,* 2016 U.S.Dist.LEXIS 44131, at *26; *Davis v. Prison Health Servs.*, 2012 U.S. Dist. LEXIS 138556, *34 (N.D. Cal. 2012) (block-billing reduction rejected); *Yenidunya Invs., Ltd. v. Magnum Seeds, Inc.*, 2012 U.S. Dist. LEXIS 20421, at *30-31 (E.D. Cal. 2012); *K.M. v. Tustin Unified School Dist.*, 78 F.Supp.3d 1289, 1304 (C.D. Cal. 2015) (block-billing objection rejected); *Perfect 10*, 2015 U.S. Dist. LEXIS 54063 at *80 (entries not actually block-billed because they described each task performed); *A.D. v. California Highway Patrol*, No. 07-5483, 2009 U.S. Dist. LEXIS 110743, at *11 (N.D. Cal. Nov. 10, 2009) ("block billing" summaries "sufficiently describe[d] the tasks performed" to enable review of fee petition).

1  were related, entitling Plaintiffs' attorneys to be compensated for all of their time.  Moreover, the
2  Objections fail to list a single entry that it contends is excessive or otherwise non-compensable.

3      7.    The Objections to billing in quarter-hour increments also are not well-taken.  Both
4  the ABA and the courts have recognized that quarter-hour billing is acceptable as long as it does
5  not result in billing for time not worked; i.e, as long as short matters are not billed at a quarter
6  hour. However, if quarter hour increments are only used when at least a quarter-hour of time has
7  been spent, either on one task or several, there is nothing objectionable about it.  And, as with
8  block-billing, the Objections do not identify any specific time that appears to have been excessive
9  or otherwise non-compensable.

10  I declare under penalty of perjury under the laws of the United States that the foregoing is
11  true and correct.  Executed this 13th day of April, 2016, in Berkeley, California.

*[signature]*
Richard M. Pearl