KIRBY McINERNEY, LLP
Robert J. Gralewski, Jr. (196410)
600 B Street, Suite 1900
San Diego, CA  92101
Tel: (619) 398-4340
bgralewski@kmllp.com

*Counsel for Kerry Lee Hall, Daniel Riebow and the Certified Class of Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br>All Indirect Purchaser Actions | Case No. CV-07-5944-JST<br>MDL No. 1917<br><br>**CLASS ACTION**<br><br>**DECLARATION OF ROBERT J. GRALEWSKI, JR. IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO STATEMENT PURSUANT TO ORDER RE: OBJECTION TO EX PARTE COMMUNICATIONS AND IN CAMERA REVIEW OF BILLING RECORDS**<br><br>Hearing Date: April 19, 2016<br>Time: 2:00 p.m.<br>Judge: Hon. Jon S. Tigar<br>Court: Courtroom 9, 19th Floor<br>Special Master: Martin Quinn, JAMS |

I, Robert J. Gralewski, Jr., declare as follows:

1. I am an attorney licensed to practice before all state and federal courts in the state of California, and I am a partner at Kirby McInerney LLP ("KM"). I have personal knowledge of the facts stated in this declaration, and if called as a witness, I could and would testify competently to them. I make this declaration in support of the Indirect Purchaser Plaintiffs' Response to Statement Pursuant to Order Re: Objection to Ex Parte Communications And In Camera Review of Billing Records, filed concurrently herewith.

2. As my September 9, 2015 Declaration spells out (Exhibit 2 to Dkt. No. 4073) and as the Special Master's January 28, 2016 Report and Recommendation noted (at page 61 of Dkt. No. 4351), my firm was one of the handful of firms actively engaged in and responsible for all aspects of the CRT matter. Given this, KM's lawyers routinely worked long hours on matters of substance. We also kept accurate and detailed time records, as is demonstrated, for example, by my February 24, 2014 time entry, repeated here in its entirety and without modification:

> Sung deposition preparation; reviewed and annotated Sung foreign language hot document table and forwarded same with comment to Cihlar and Kim; numerous emails with Cihlar, Kim, and Noh regarding Sung deposition preparation; emails with Scarborough, DAPs and AG regarding Sung deposition; logistics regarding Sung deposition; downloaded and organized potential Sung deposition exhibits and began to review and annotate same; emails with Capurro and others regarding Hitachi evidence/assistance with mediation brief; emails with investigators and team regarding WR Kim locate and interview and follow up regarding same; emails with Deposition Preparation Team regarding Sung review and status of same; emails with Jorgenson regarding Sung deposition and topics to share coverage on – 7.50

As evidenced by this time entry, it was common for me to work on a number of matters on a given day. Whenever I did, I always provided robust descriptions so anyone interested could see specifically what I did. Accordingly, KM's time entries are entirely consistent with what is required by the law.

3. Because KM worked on matters of consequence, KM did not bill minimally for insignificant tasks that did not contribute to the successful outcome achieved. KM's time records

bear this out. Indeed, only 0.29% of the time KM billed on this matter (56.5 hours out of 19,091.25 total hours) was the result of 0.25 hour submissions.

4. Moreover, KM billed carefully. For example, aware of my ethical obligations and the scrutiny that my time would eventually be subject to, I made a practice of rounding down rather than rounding up my number of hours.

5. Further ensuring that my firm's lodestar is conservative, KM's historical lodestar has already been reduced by over $427,000 as a result of a rigorous audit and subsequent rate cap. (Among other things, the audit ensured that purely administrative matters, read and review time, internal status reports or meetings, and projects not assigned or authorized by Lead Counsel were removed. The rate cap applied to straight document review time.) And if the Court were then to adopt the Special Master's across-the-board 10% lodestar reduction, KM's historical lodestar would be further reduced all the way to $8,803,497.38 (down from $9,781,663.75). Any additional arbitrary cuts would only serve to penalize KM unfairly as one of the firms who worked nearly full-time on the case, was instrumental in achieving an extraordinary result, and who would have already had its historical lodestar cut by at least $1,405,000 or 13.7%.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of April 2016.

ROBERT J. GRALEWSKI, JR.

KIRBY MCINERNEY LLP
Robert J. Gralewski, Jr. (196410)
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: 619.398.4340

*Counsel for Kerry Lee Hall, Daniel Riebow and the Certified Class of Indirect Purchaser Plaintiffs*