Timothy D. Battin
**STRAUS & BOIES, LLP**
4041 University Drive, Fifth Floor
Fairfax, VA 22030
Tel: 703-764-8700
Fax: 703-764-8704
tbattin@straus-boies.com

*Counsel for Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST <br><br> MDL No. 1917 <br><br> **DECLARATION OF TIMOTHY D. BATTIN IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO STATEMENT PURSUANT TO ORDER RE: OBJECTION TO *EX PARTE* COMMUNICATIONS AND *IN CAMERA* REVIEW OF BILLING RECORDS** <br><br> Hearing Date: April 19, 2016 <br> Time: 2:00 p.m. <br> Court: 9, 19th Floor <br> Judge: Hon. Jon S. Tigar <br> Special Master: Martin Quinn, JAMS |
| This Document Relates to: <br><br> All Indirect Purchaser Actions | |

I, Timothy D. Battin, declare as follows:

1. I am the managing partner in the law firm of Straus & Boies, LLP ("Straus & Boies" or the "Firm"). I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to them. Based on my Firm's extensive work in this case and my familiarity with the time records reflecting the same, I make this declaration in support of Indirect Purchaser Plaintiffs' Response to Objectors' Statement Pursuant to Order Re: Objection to *Ex Parte* Communications and *In Camera* Review of Billing Records.

2. Throughout this eight-year litigation, Straus & Boies has kept detailed time records that demonstrate our substantial contribution to the prosecution of this case. Attorneys from Straus & Boies were involved in most aspects of this litigation and invested significant time tackling the wide array of issues that arose throughout. Because of the managerial responsibilities bestowed upon my Firm by Lead Counsel, an experienced team of attorneys and staff were dedicated to this case largely on a full-time basis.

3. Straus & Boies takes seriously its obligation to accurately report its time on a contemporaneous basis. This commitment is reflected in the eight years of detailed time records submitted to this Court. *Before* my Firm's time records were submitted to Lead Counsel, they were reviewed internally to ensure the lodestar accurately represented time reasonably expended for the benefit of the class. My Firm's time records also underwent a *second* review by Lead Counsel. These two reviews resulted in a total reduction of approximately 2.10%, or $193,000 from my firm's current lodestar. Straus & Boies' time may now be subject to a *third* reduction, this time by 10 percent, based on the recommendation of the Special Master to universally decrease all class counsel's time. Thus Straus & Boies' current lodestar may be reduced by approximately 12%, or $1.1 million.

4. Objectors now argue that Straus & Boies' lodestar should be reduced an

2

DECLARATION OF TIMOTHY D. BATTIN IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS'
RESPONSE TO STATEMENT PURSUANT TO ORDER RE: OBJECTION TO *EX PARTE*
COMMUNICATIONS AND *IN CAMERA* REVIEW OF BILLING RECORDS
Master File No. CV-07-5944-JST, MDL No. 1917

additional 20% based on our use of quarter hour billing increments. But the vast majority of entries in my Firm's time records span multiple hours and are supported by ample descriptions of the substantive tasks completed by attorneys and staff during that time. Even accepting Objectors' attack on quarter hour billing, the practice does not have the impact Objectors may think. For illustrative purposes, we systematically reduced this Firm's time entries of 0.25 to 0.10, and 0.75 to 0.60. Further we reduced all time entries of more than an hour ending in __.25 to __.00, and ending in __.75 to __.50. Combined, these adjustments reduced Straus & Boies' total lodestar by only **1.86%** (significantly less than the 10 percent reduction proposed for all class counsel's time by the Special Master).

5. Objectors criticize block billing by "the firms with the highest lodestars." They propose additional reductions for such practices. Here, Straus & Boies has written and categorized its time in much the same way it did in LCDs, a case led by Mr. Scarpulla. In LCDs, not only were Straus & Boies' billing practices not criticized by lead counsel, the Special Master determined that Straus & Boies was one of the handful of experienced "core" firms taking on major responsibility and deserving among the very highest multipliers in a case of 117 law firms. And here again, Straus & Boies' time entries are sufficiently detailed to allow one to determine whether the time billed was reasonable given the quality and quantity of the work that was performed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of April, 2016, in Fairfax, VA.

_____
Timothy D. Battin

---

3
DECLARATION OF TIMOTHY D. BATTIN IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO STATEMENT PURSUANT TO ORDER RE: OBJECTION TO *EX PARTE* COMMUNICATIONS AND *IN CAMERA* REVIEW OF BILLING RECORDS
Master File No. CV-07-5944-JST, MDL No. 1917