PAUL F. NOVAK, ESQ. (*pro hac vice*)
MILBERG LLP
Chrysler House
719 Griswold Street, Suite 620
Detroit, MI 48226
Telephone: (313) 360-1760
Facsimile: (313) 447-2038
E-mail: pnovak@milberg.com

*Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **DECLARATION OF PAUL F. NOVAK__ IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO STATEMENT PURSUANT TO ORDER RE: OBJECTION TO *EX PARTE* COMMUNICATIONS AND *IN CAMERA* REVIEW OF BILLING RECORDS**<br><br>Hearing Date: April 19, 2016<br>Time: 2:00 p.m.<br>Court: 9, 19th Floor<br>Judge: Hon. Jon S. Tigar<br>Special Master: Martin Quinn, JAMS |

I, Paul F. Novak, declare:

1.     I am an attorney duly licensed by the State of Michigan and am admitted *pro hoc vice* to practice before this Court.  I am a partner with the law firm Milberg LLP ("Milberg") and my firm serves as counsel for Ryan Rizzo and Travis Burau in the above-captioned action.  The matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2.     I am the head of Milberg's Antitrust Practice Group and have been the partner at the firm responsible for overseeing the work of Milberg attorneys in this case and for generating the portion of the fee application attributable to Milberg.  Prior to my work at Milberg, I was the Assistant Attorney General for the State of Michigan responsible for antitrust enforcement for the State.  Between my time at Milberg and my time at the State, I have been responsible for generating dozens of fee applications, including the preparation of lodestar reports to multiple state and federal courts.

3.     I have reviewed the Objections filed by Objectors Cooper/Scarpulla ("Objectors") as it relates to the issue of quarter-hour billing increments.  Although the Objectors do not cite any specific references to Milberg time entries where they believe that quarter-hour billing was used in an abusive manner, I thought it appropriate to nonetheless advise the Court of my approach in generating and submitting Milberg's fee application.

4.     First, it is not a requirement at Milberg that small time entries are recorded with a "minimum" time entry of .25 hours.  For minor items such as reading or sending short email, participating in short conferences or telephone calls and similar matters, my general practice (and the general practice of the attorneys who work for me) is either to not record such minimal time at all, or to bundle such time together with other short tasks until the aggregate time is approximately .25 hours.  Milberg does not have a general practice of automatically billing a minimum .25 hours for each separate task.  For instance, if a Milberg attorney engaged in three separate phone calls of 5 minutes each, the general practice of the firm is not to bill .25 hours for each five minute call, but instead, to bill .25 hours for the three calls collectively.

5.      When I prepared the initial fee application to the Court, I reviewed any time in Milberg's fee application that I viewed as potentially excessive and struck such time from the application.  I also strove to eliminate any time from Milberg's fee application for general monitoring of the case but, instead, included time related to specific tasks that were assigned to Milberg by lead counsel.  Taken as a whole, I do not believe that Milberg's fee application overstated the time that the Milberg firm spent working on this case, but instead, understated by an amount well in excess of ten percent, the amount of time which Milberg worked on the case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 12th day of April 2016 at Detroit, Michigan.


/s/ Paul F. Novak


**_Counsel for the Indirect Purchaser Plaintiffs_**

DECLARATION OF PAUL F. NOVAK IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO STATEMENT PURSUANT TO ORDER RE: OBJECTION TO *EX PARTE* COMMUNICATIONS AND *IN CAMERA* REVIEW OF BILLING RECORDS - Master File No. CV-07-5944-JST