Robert S. Green (State Bar No. 136183)
James Robert Noblin (State Bar No. 114442)
**GREEN & NOBLIN, P.C.**
2200 Larkspur Landing Circle, Suite 101
Larkspur, CA  94939
Telephone:  (415) 477-6700
Facsimile:  (415) 477-6710
Email:  gnecf@classcounsel.com

*Attorneys for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No.:  3:07-cv-5944 JST<br><br>MDL No. 1917<br><br>**DECLARATION OF ROBERT S. GREEN IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO STATEMENT PURSUANT TO ORDER RE: OBJECTION TO *EX PARTE* COMMUNICATIONS AND *IN CAMERA* REVIEW OF BILLING RECORDS**<br><br>Hearing Date: April 19, 2016<br>Time: 2:00 p.m.<br>Court: 9, 19th Floor<br>Judge:  Hon. Jon S. Tigar<br>Special Master: Martin Quinn, JAMS |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | |

I, Robert S. Green, declare as follows:

1. I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am a shareholder of the law firm Green & Noblin, P.C. and my firm serves as counsel for plaintiffs in the above-captioned action. The matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2. My firm has extensive experience in antitrust litigation. The principals, Robert Green and J. Rob Noblin, have been litigating antitrust claims for over 25 years each. Mr. Noblin has participated as trial counsel, Ninth Circuit Counsel and U.S. Supreme Court counsel in antitrust cases. In this district, we have participated in antitrust class actions in the last decade involving DRAM, SRAM, LCDs, CRTs, lithium ion batteries, and other products.

3. Our firm worked in the LCD case under the direction of objectors Scarpulla and Cooper. Based on the high level of quality and efficiency of the work we performed in LCD, including as a member of the small team preparing for trial, Mr. Scarpulla's then partner reached out and requested that we perform similar work in the CRT case, and we agreed.

4. Brian W. Cullen is the individual in our firm who spent the most time on the LCD and CRT cases. Mr. Cullen worked exclusively on the LCD case until the final settlements were reached at the time of trial and then worked exclusively on the CRT case until it was settled. Mr. Cullen served as a team leader who both participated in document review and analysis and directed other members who were conducting more limited document review. Examples of some of the larger projects handled by our firm include investigating evidence of defendants' conspiratorial activities and an extensive conspiracy evidence memorandum and responding to interrogatories, motions for summary judgment and class decertification.

5. I have reviewed the Objections filed by Cooper/Scarpulla ("Objectors"). Objectors do not cite any specific references to Green & Noblin P.C.'s billing records, but nonetheless encourage an across-the-board additional percentage reduction in our lodestar.

6.  My firm's billing records do not overstate or overbill the time spent on this case. There is no policy of rounding up time or recording time in minimum .25 hour increments. Given that almost all of the time spent by Green & Noblin on this case was logged by counsel working exclusively on the CRT case, the projects they were working on typically covered multiple days or weeks, for which billing in six-minute increments would not provide any meaningful or reasonable detail. Objectors did not identify any specific entries where their objections of unjustified "block billing" or "quarter hour" billing would be meaningfully applied to our firm's time sheets – and certainly nothing to justify their proposed 30% overall reduction in time (a reduction that adds 20% to the 10% recommended by the Special Master, that objectors refer to as "Revised Lodestar").

7.  I personally supervised the work in this case and the billing records that were submitted on a monthly basis. Over the course of the litigation, I endeavored to ensure that the work conducted on behalf of the class was meaningful and that the time records were accurate and did not overstate the time. At the conclusion of the case, I participated with Lead Counsel in a slip by slip review of the time spent by Green & Noblin, with an emphasis on ensuring that the time submitted was both accurate and reflected work that provided value in the context of the overall case as it played out. As part of that audit, we removed a significant portion of our time records as indicated in paragraph 119 of the Declaration of Mario Alioto submitted September 23, 2015 (Docket No. 4071). The lodestar submitted after reductions generated by the post-settlement audit reflects a conservative statement of the time spent by my firm.

-2-
DECLARATION OF ROBERT S. GREEN IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS'
RESPONSE TO STATEMENT PURSUANT TO ORDER RE: OBJECTION TO *EX PARTE*
COMMUNICATIONS AND *IN CAMERA* REVIEW OF BILLING RECORDS - Master File No. CV-07-5944-JST

8. Objectors provide no critique of the substantive work performed by my firm at all – let alone a critique that could justify any reductions of time beyond that addressed in the audit and the Special Master's additional 10% reduction.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 13th day of April 2016 at Larkspur, California.


       /s/ Robert S. Green
    Robert S. Green
    *Counsel for the Indirect Purchaser Plaintiffs*

-3-
DECLARATION OF ROBERT S. GREEN IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS'
RESPONSE TO STATEMENT PURSUANT TO ORDER RE: OBJECTION TO *EX PARTE*
COMMUNICATIONS AND *IN CAMERA* REVIEW OF BILLING RECORDS - Master File No. CV-07-5944-JST