UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 <br> Case No. C-07-5944 JST |
| This Order Relates To: <br><br> ALL DIRECT ACTION PLAINTIFFS | **ORDER GRANTING SUMMARY JUDGMENT AS TO MEUS AND MEVSA** |

Now before the Court is the summary judgment motion filed by defendants Mitsubishi Electric U.S., Inc. ("MEUS") and Mitsubishi Electric Visual Solutions America, Inc. ("MEVSA"). ECF No. 3048. These defendants argue that "the undisputed evidence, even when viewed in the light most favorable to the DAPs, fails to show that [they]: (1) participated in the alleged conspiracy to fix CRT prices; or (2) are the alter egos of any other defendants that are alleged to have fixed CRT prices." Id. at 2.

In their opposition brief, the Direct Action Plaintiffs ("DAPs") stated that they were "not presently aware [of] evidence which may be set forth in opposition to the Mitsubishi U.S. Defendant's Motion regarding the conspiracy." ECF No. 3257 ("Opp'n") at 3. On December 9, 2015, the Court issued an order regarding the potential need for supplemental briefing in connection with the pending summary judgment motions. See ECF No. 4230. The Court quoted the above excerpt of the DAPs' opposition, and stated that "[p]resumably, if further discovery has not revealed such evidence, the Direct Action Plaintiffs will dismiss their claims against these defendants." See id. at 1 n.1. At a Case Management Conference held on December 15, 2015, the DAPs clarified that they still did not anticipate supplementing their evidence as to this specific motion. See ECF No. 4266 at 25-26. Nonetheless, the DAPs did not withdraw their claims or

1   their opposition to the instant motion.

2       The Court was scheduled to hear argument on the motion at ECF No. 3048 on February

3   23, 2016.  Immediately prior to the hearing, Defendants and the DAPs notified the Court that they

4   did not seek oral argument on that motion.  At the conclusion of the hearing, counsel for all

5   relevant parties agreed that the Court should grant summary judgment.

6       Although the Court has previously said it would delay ruling on any pending motions for

7   summary judgment – at the express request of the parties – until after resolution of the pending

8   settlement involving the Indirect Purchaser Plaintiffs, counsel for both MEUS and MEVSA, on the

9   one hand, and the DAPs, on the other, agree that there is no reason to further delay ruling on this

10  specific motion.  See ECF No. 4419 at 2.

11      Accordingly, the summary judgment motion at ECF No. 3048 is hereby GRANTED.  The

12  Court notes that these defendants are also named in the motion at ECF No. 3037.  The Court

13  GRANTS summary judgment as to MEUS and MEVSA in the motion at ECF No. 3037 but

14  otherwise reserves judgment as to the other parties named therein.

15      IT IS SO ORDERED.

16  Dated:  April 13, 2016

                                                   JON S. TIGAR
                                    United States District Judge