William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Philip J. Iovieno
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., CompuCom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC, and Tech Data Corporation and Tech Data Product Management, Inc.*

[additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-CV-05944-JST<br>MDL No. 1917 |
| This Document Relates To:<br><br>*Electrograph Sys., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656;<br><br>*Electrograph Sys., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Sears, Roebuck & Co., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;<br><br>*Sears, Roebuck & Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05262; | **DIRECT ACTION PLAINTIFFS' OPPOSITION TO THE TOSHIBA DEFENDANTS' MOTION TO STRIKE THE DAPS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>The Honorable Jon S. Tigar |

*Interbond Corp. of Am. v. Hitachi, Ltd., et al.*, No. 11-cv-06275;

*Interbond Corp. of Am. v. Technicolor SA, et al.*, No. 13-cv-05727;

*Office Depot, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06276;

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396;

*Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, 6No. 11-cv-06397;

*Costco Wholesale Corp. v. Technicolor SA, et al.*, No. 13-cv-05723;

*Dell Inc. and Dell Products L.P., v. Hitachi, Ltd.*, No. 13-cv-02171;

*P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

*P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

*Schultze Agency Servs., LLC v. Hitachi, Ltd., et al.*, 12 No. 12-cv-02649;

*Schultze Agency Servs., LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

*Sharp Electronics Corp. v. Hitachi Ltd.*, No. 13-cv-1173 SC;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

*Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-cv-02510

On March 21, 2016, the undersigned Direct Action Plaintiffs ("DAPs") submitted a notice of supplemental authority. (MDL Dkt. No. 4509.) In that notice, the DAPs brought to the Court's attention a recent decision of the Northern District of California, dated March 16, 2016, which addresses issues relating to the affirmative defense of withdrawal from an alleged price-fixing conspiracy. The DAPs refrained from submitting any argumentation or substantive commentary regarding the import or relevance of that decision.

The Toshiba Defendants, moving alone, ask the Court to strike the DAPs' submission as violating Local Civil Rule 7-3(d). (MDL Dkt. No. 4536.) None of the case law they cite supports the relief they seek, which is to permanently strike from the record citation of a new, relevant judicial opinion from within this district. In *Aircraft Technical Publishers v. Avantext, Inc.*, No. C 07-4154 SBA, 2009 WL 4348334 (N.D. Cal. Nov. 19, 2009), the court struck a supplemental declaration containing nothing but argumentation. The submission there did not include a single citation to any judicial authority published after the date that briefing on the motion had closed. It thus failed to advance the purposes of Local Civil Rule 7-3(d)—providing a non-argumentative means for bringing relevant cases to the Court's attention after briefing has closed—and was rejected. In *Michael Taylor Designs v. Travelers Property Cas. Co. of America*, 761 F. Supp. 2d 904, 909 (N.D. Cal. 2011), the Court permitted a post-hearing authority to be submitted by granting an administrative motion for leave under Local Civil Rule 7-11. Notably, two prior post-hearing authorities had been submitted by the same party under Local Rule 7-3(d) without any controversy. As soon as the submitting counsel became aware of the limitation imposed by Local Civil Rule 7-3(d), they sought to comply with it by obtaining leave of court, which was granted.

The DAPs acknowledge that the text of Local Civil Rule 7-3(d) requires leave of court in order to submit a supplemental authority after the hearing date of a particular motion.[1] The

---

[1] The DAPs note that in certain motions *in limine* filed in the cases of DAPs whose actions will be tried in this Court, the affirmative defense of withdrawal is clearly implicated. *See, e.g.*, MDL Dkt. No. 3571 at 9 (". . . Defendants will argue that they and/or their alleged co-conspirators withdrew from the alleged conspiracy or never participated at all."). The DAPs acknowledge that the ECF entry for the DAPs' notice of supplemental authority does not specifically identify the notice as relating to those motions, but does identify the already-heard withdrawal summary

1  DAPs did not intend for their straightforward and non-argumentative submission to spawn any
2  additional briefing or adversarial processes, and regret the fact that their submission has led the
3  Court to become burdened with the Toshiba Defendants' motion and this responsive filing.[2]  To
4  the extent the Court concludes that leave of court is required before the DAPs' notice of
5  supplemental authority can be lodged in the record, the DAPs respectfully request that such leave
6  be granted *nunc pro tunc*.  *Sciortino v. Pepsico, Inc.*, 108 F. Supp. 3d 780, 793 (N.D. Cal. 2015)
7  (exercising discretion to construe a post-hearing statement of recent decision as having been
8  properly filed where the statement was non-argumentative and the submitted authority was a
9  relevant persuasive opinion from another district court within the Ninth Circuit) (quoting
10 *Michael Taylor Designs*, 761 F. Supp. 2d at 909); *In re Optical Disk Drive Antitrust Litig.*, No.
11 3:10–MD–2143 RS, 2012 WL 1366718, at *3 n.5 (N.D. Cal. Apr. 19, 2012) (exercising
12 discretion to construe a post-hearing statement of recent decision as properly filed).
13 Alternatively, the DAPs request that their initial submission along with this brief be construed as
14 an administrative request for leave pursuant to Local Civil Rule 7-11.  No prejudice resulted
15 from the DAPs' initial submission, because it simply pointed out the fact of existence of a
16 relevant and brand-new judicial opinion, and so under either course no prejudice will result from
17 a *post hoc* grant of leave to file the notice.

18      To the extent the Court requires a showing of good cause to justify such relief, the DAPs
19 respectfully submit that (i) the new judicial opinion is relevant to the issues pending before the
20 Court in various motions; and (ii) the notice of supplemental authority is timely, having been
21 filed just five days after the new judicial opinion was published.  As in their initial submission
22 and consistent with the spirit of Local Civil Rule 7-3(d), the DAPs are refraining from submitting
23 any argumentation as to why the opinion may be relevant and exactly how the Court should or

---

judgment motions.  The DAPs nevertheless respectfully submit that the relevance of the cited opinion to the motions *in limine* serves as an alternative ground for denying the Toshiba Defendants' motion to strike.

[2] Just two weeks prior to the notice of supplemental authority contested by Toshiba's motion to strike, the DAPs submitted a separate relevant opinion to the Court in a nearly identical non-argumentative filing.  (MDL Dkt. No. 4467.)  Notably, no defendant objected to that filing.

1  could apply it, if at all, to the issues in this case. If the Court requests that such explanations be
2  offered in a new administrative motion under Local Civil Rule 7-11, or in any other form, the
3  DAPs are prepared to make such a showing.
4      For these reasons, to the extent leave to file the notice is required, the DAPs believe it is
5  appropriate for leave to be granted *nunc pro tunc* so that the opinion can be formally brought to
6  the Court's attention without further use of the parties' or the Court's resources.

8  DATED: April 15, 2016

/s/ *Philip J. Iovieno*

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:   (518) 434-0665
Email:  piovieno@bsfllp.com
         anardacci@bsfllp.com

William A. Isaacson
Kyle N. Smith
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Fax: (202) 237-6131
Email:  wisaacson@bsfllp.com
Email:  ksmith@bsfllp.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone:  (954) 356-0011
Facsimile:   (954) 356-0022
Email:  ssinger@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., CompuCom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC, and Tech Data Corporation and Tech Data Product Management, Inc.*

|     |     |
| --- | --- |
| 1   | |
| 2   | */s/ Scott N. Wagner* |
| 3   | Robert W. Turken |
|     | Scott N. Wagner |
| 4   | Mitchell E. Widom |
|     | BILZIN SUMBERG MAENA PRICE & AXELROD LLP |
| 5   | 1450 Brickell Ave, Suite 2300 |
| 6   | Miami, FL 33131-3456 |
|     | Tel: 305-374-7580 |
| 7   | Fax: 305-374-7593 |
|     | Email: rturken@bilzin.com |
| 8   |   swagner@bilzin.com |
|     |   mwidom@bilzin.com |

*/s/ Scott N. Wagner*

Robert W. Turken
Scott N. Wagner
Mitchell E. Widom
BILZIN SUMBERG MAENA PRICE & AXELROD LLP
1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456
Tel: 305-374-7580
Fax: 305-374-7593
Email: rturken@bilzin.com
    swagner@bilzin.com
    mwidom@bilzin.com

*Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*

*/s/ Craig A. Benson*

Kenneth A. Gallo (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
    cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
    jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Co. of America, Inc.*

 */s/ Michael P. Kenny*

Michael P. Kenny (GA Bar No. 415064)
Debra D. Bernstein (GA Bar No. 054998)
Matthew D. Kent (GA Bar No. 526272)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404)-881-7000

|   |   |
|---|---|
| 1 | Facsimile: (404)-881-7777 |
| 2 | Email: mike.kenny@alston.com<br>debra.bernstein@alston.com<br>matthew.kent@alston.com |

James M. Wagstaffe (SBN 95535)
KERR & WAGSTAFFE LLP
101 Mission Street, 18th Floor
San Francisco, California 94105-1576
Telephone: (415)-371-8500
Facsimile: (415)371-0500
Email: wagstaffe@kerrwagstaffe.com

*Counsel For Plaintiffs Dell Inc. and Dell Products L.P.*

*/s/ David P. Chiappetta*

David P. Chiappetta (State Bar No. 172099)
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone: (415) 344-7000
Facsimile: (415) 344-7050
Email: DChiappetta@perkinscoie.com

David J. Burman (*pro hac vice*)
Cori G. Moore (*pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206)359-8000
Facsimile: (206)359-9000
Email: DBurman@perkinscoie.com
CGMoore@perkinsncoie.com

*Counsel for Plaintiff Costco Wholesale Corporation*

*/s/ William J. Blechman*

Richard Alan Arnold
William J. Blechman
Kevin J. Murray
Samuel J. Randall
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel: 305-373-1000
Fax: 305-372-1861
Email: rarnold@knpa.com
wblechman@knpa.com
kmurray@knpa.com
srandall@knpa.com

*Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corp.*

|   |   |
|---|---|
| 1 | */s/ Jason C. Murray* |
| 2 | Jason C. Murray (CA Bar No. 169806) |
|   | CROWELL & MORING LLP |
| 3 | 515 South Flower St., 40th Floor |
|   | Los Angeles, CA 90071 |
| 4 | Telephone: 213-443-5582 |
|   | Facsimile: 213-622-2690 |
| 5 | Email: jmurray@crowell.com |

Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
E-mail: jmurphy@crowell.com
         aheaven@crowell.com

*Counsel for ViewSonic Corp.*