Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 204-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

Attorneys for Plaintiffs Sharp Electronics Corporation and
Sharp Electronics Manufacturing Company of America, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-5944 JST<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Sharp Electronics Corp.*, et al. v. *Hitachi Ltd.*, et al., Case No. 3:13-cv-01173-JST | **SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Date: June 16, 2016<br>Time: 2:00 p.m.<br>Courtroom: 9, 9th Floor<br><br>The Honorable Jon S. Tigar |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

# TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF CONTENTS | i |
| TABLE OF AUTHORITIES | ii |
| NOTICE OF MOTION AND MOTION | 1 |
| MEMORANDUM OF POINTS AND AUTHORITIES | 2 |
| *The Court Misapprehended and Failed to Consider Dispositive Case Law.* | 5 |
| *The Court Misapprehended and Failed to Consider Material Facts.* | 6 |
| *Changed Circumstances Warrant Leave to Seek Reconsideration.* | 7 |
| *SEC and SEMA Acted Diligently In Bringing This Motion.* | 8 |
| CONCLUSION | 9 |

i

SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S
MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION | CASE NO. 13-1173-JST
MASTER FILE NO. 07-cv-5944, MDL No. 1917

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. W. Dist. Tex.*,
   134 S. Ct. 568 (2013) ................................................................................................6

*Castner v. First Nat'l Bank of Anchorage*,
   278 F.2d 376 (9th Cir. 1960) ......................................................................................4

*Champaign-Urbana News Agency v. J. L. Cummins News Co.*,
   632 F.2d 680 (7th Cir. 1980) ......................................................................................4

*Comer v. Micor, Inc.*,
   436 F.3d 1098 (9th Cir. 2006) ....................................................................................5

*E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates*,
   269 F.3d 187 (3d Cir. 2001) .......................................................................................5

*Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*,
   485 F.3d 450 (9th Cir. 2007) ..................................................................................5, 6

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*,
   858 F.2d 509 (9th Cir. 1988) ..................................................................................5, 6

*Scherk v. Alberto-Culver Co.*,
   417 U.S. 506 (1974) ...................................................................................................5

*Smith v. Clark Cnty. Sch. Dist.*,
   727 F.3d 950 (9th Cir. 2013) ......................................................................................4

**Rules**

Federal Rule of Civil Procedure 54 .................................................................................4, 8

Civil Local Rule 7-9 ....................................................................................................1, 4, 8

ii

SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S
MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION | CASE NO. 13-1173-JST
MASTER FILE NO. 07-CV-5944, MDL NO. 1917

Case 3:07-cv-05944-JST Document 4551-3 Filed 04/21/16 Page 4 of 13

|     |     |
| --- | --- |
| 1   | **NOTICE OF MOTION AND MOTION** |
| 2   | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: |
| 3   | PLEASE TAKE NOTICE that on June 16, 2016 at 2:00 p.m., or as soon thereafter as this matter may be heard before the Honorable Jon S. Tigar, District Judge in the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiffs Sharp Electronics Corporation ("SEC") and Sharp Electronics Manufacturing Corporation of America, Inc. ("SEMA") hereby move the Court pursuant to Civil Local Rule 7-9 for an order granting them leave to file a Motion for Reconsideration of the Court's March 13, 2014 Order Granting Toshiba's[1] Motion to Dismiss Sharp's First Amended Complaint (ECF Nos. 2435, 2442[2]) ("Order"). A proposed Motion for Reconsideration is attached as Exhibit A. |
|     | This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, and such other materials and information that the Court may properly consider. |

---

[1] The Toshiba Defendants are Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Electronic Components, Inc. (together, or individually, "Toshiba subsidiaries") and Toshiba Corporation.

[2] On March 13, 2014, the Court filed its Order Granting Toshiba's Motion to Dismiss Sharp's First Amended Complaint. (ECF No. 2435.) Subsequently on that same day, the Court filed a second order that corrected a reference in footnote 3 of the prior Order, which incorrectly referred to ECF No. 2352, rather than No. 2354. (ECF No. 2442.) The Court's Orders at ECF Nos. 2435 and 2442 are otherwise identical.

1

SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S
MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION | CASE NO. 13-1173-JST
MASTER FILE NO. 07-CV-5944, MDL NO. 1917

## MEMORANDUM OF POINTS AND AUTHORITIES

SEC and SEMA respectfully request that this Court grant leave to file a motion for reconsideration of the March 13, 2014 Order by the Honorable Judge Samuel Conti granting the Toshiba Defendants' motion to dismiss SEC and SEMA's First Amended Complaint. In that Order, Judge Conti dismissed SEC and SEMA's First Amended Complaint with prejudice, on the ground that their claims are barred by a forum-selection clause contained in a 39-year old contract executed by Tokyo Shibaura Electric Corporation (a former official name of Toshiba Corporation) and Sharp Corporation—a Japanese corporation that is not a party to this the case. That clause says, in essence, that Osaka-based Sharp Corporation agreed to bring claims related to certain subject matters against Tokyo-based Toshiba Corporation in court in Osaka, Japan. (*See* Basic Transaction Agreement ("BTA") Art. 21(2), March 1, 1977, ECF No. 2000, Attach. 3 (filed under seal).) It did not commit the two American subsidiaries based in New Jersey and California that are plaintiffs here—SEC and SEMA—to do any such thing. Judge Conti, thus, erroneously bound SEC and SEMA to a contract to which they were not parties, and dismissed their claims against the Toshiba Defendants.

SEC and SEMA subsequently moved for leave to amend their complaint to reinstate their claims against the Toshiba Defendants for joint and several damages as to the CRT sales of their non-Toshiba co-conspirators, who were plainly not subject to the 1977 BTA between Sharp Corporation and Toshiba Corporation. (*See* SEC & SEMA's Mot. for Leave to Amend at 2, Apr. 2, 2014, ECF No. 2520 (filed under seal).) To comply with the Court's Order, SEC and SEMA removed from their proposed Second Amended Complaint claims for damages against any defendant that are based on transactions between Toshiba Defendants and SEC or SEMA, while reserving all appeal rights with respect to those claims. (*Id.* at 2 & n.1.) Judge Conti permitted the amendment, allowing SEC and SEMA to pursue damages claims against the Toshiba Defendants for joint and several liability. (Order Granting Sharp's Motion for Leave to Amend at 13, June 9, 2014, ECF No. 2612.) He clarified that neither parties' briefing on the motion to dismiss had reached the subject of joint and several liability, and his Order on the

2

SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S
MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION | CASE NO. 13-1173-JST
MASTER FILE NO. 07-CV-5944, MDL NO. 1917

motion to dismiss likewise "only discussed dismissal relative to the BTA, so the question of joint and several liability never arose." (*Id.* at 3.)

As explained below, Judge Conti erred by dismissing SEC's and SEMA's damages claims for their CRT purchases from Toshiba subsidiaries, and limiting SEC's and SEMA's recovery to joint and several damages from co-conspirators' CRT sales. Claims by two American corporations for overcharges on CRT sales by American Toshiba subsidiaries were not, and never have been, subject to a forum-selection clause requiring the Japanese parent corporations' claims to be brought in Osaka, Japan.

With a trial date tentatively set for September 2016 and pretrial proceedings underway, SEC and SEMA respectfully submit that reconsideration now is appropriate. As a result of Judge Conti's rulings, SEC's and SEMA's case against the Toshiba Defendants at trial will be based only on their joint and several liability for co-conspirators' CRT sales. The net effect of this is to remove ▇▇▇▇ in trebled damages from this case. (*See* Supp. Expert Rep. of Jerry A. Hausman ¶ 9, July 3, 2014, ECF No. 3590-6, Ex. B (filed under seal).) The Toshiba Defendants have also moved to exclude any evidence whatsoever of Toshiba sales to SEC and SEMA. (Toshiba Defs.' Mot. in *Limine* to Exclude Evid. of Toshiba's Sales to Sharp Corp. at 3, Feb. 13, 2015, ECF No. 3577; *see also* Reply ISO Toshiba Mot. *in Limine* at 2–3, Mar. 6, 2015, ECF No. 3753.) While SEC and SEMA disagree that an order excluding Toshiba-specific *damages* entitles Defendants to the broader preclusion of evidence concerning the *fact* that Toshiba subsidiaries sold CRTs, (*see* SEC & SEMA's Opp. to Toshiba Mot. in *Limine*, Feb. 27, 2015, ECF No. 3695-3), it is clear that Judge Conti's order will affect the presentation of evidence at trial in significant ways. For example, the jury will hear evidence that numerous co-conspirators directly overcharged SEC and SEMA on CRTs they sold as part of a wide-ranging international conspiracy involving the Toshiba Defendants, but will hear no comparable direct damages evidence as to the Toshiba Defendants themselves.

There is clear legal error in the record as a result of Judge Conti's ruling. It is not in the interest of the Court (or SEC and SEMA) to engage in a major antitrust trial that may be

3

SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S
MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION | CASE NO. 13-1173-JST
MASTER FILE NO. 07-CV-5944, MDL NO. 1917

subject to reversal and retrial if the error is left uncorrected. Reconsideration of the Order now would not only spare SEC and SEMA the prejudice of litigating a trial while handicapped by an erroneous dispositive ruling, it would also enable the Court to correct the record and avoid the cost and inconvenience of a retrial, should the Order be overturned on appeal. *See Castner v. First Nat'l Bank of Anchorage*, 278 F.2d 376, 380 (9th Cir. 1960) (Reconsideration enables a successor judge to "settle the questions presently without compelling the parties to proceed with what may be a futile and expensive trial."); *see also Champaign-Urbana News Agency v. J. L. Cummins News Co.*, 632 F.2d 680, 683 (7th Cir. 1980) (A second judge can and should reconsider the prior judge's rulings because "[t]he only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal."); *cf. Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) ("It is common for . . . courts to reconsider and change positions when they conclude that they made a mistake. This is routine in judging, and there is nothing odd or improper about it."). Even the Toshiba Defendants' counsel has acknowledged that it is now appropriate for this Court to reconsider Judge Conti's earlier rulings. (Hrg. Tr. 30:10–13, Feb. 9, 2016 (statement of Christopher M. Curran) (arguing that the "law of the case doesn't even apply to a new judge who's come in").)

Pursuant to Civil Local Rule 7-9 and Federal Rule of Civil Procedure 54(b), leave to move for reconsideration is appropriate at any time prior to final judgment where there is a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b)(3). Leave to move for reconsideration is also permitted if there is an "emergence of new material facts." Civ. L.R. 7-9(b)(2). The party seeking leave should also exercise "reasonable diligence in bringing the motion." Civ. L.R. 7-9(b). All of the above apply here.

4

SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S
MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION | CASE NO. 13-1173-JST
MASTER FILE NO. 07-CV-5944, MDL NO. 1917

*The Court Misapprehended and Failed to Consider Dispositive Case Law.*

We respectfully submit that Judge Conti incorrectly misconstrued Ninth Circuit case law in reaching the conclusion that SEC and SEMA are bound by a contract signed by their ultimate parent corporation but not by them.

To begin with, Judge Conti misread the Ninth Circuit case, *Comer v. Micor, Inc.*, 436 F.3d 1098 (9th Cir. 2006). That case actually supports SEC's and SEMA's position, as it held that the plaintiff was not bound by a contract to which it was not a party, applying the "general rule that a nonsignatory is not bound by an arbitration clause.[3]" *Id.* at 1103–04. Judge Conti cited a footnote in *Comer* that referred to certain "contract and agency" exceptions to that rule, (Order at 6 (citing *Comer*, 436 F.3d at 1104 n.10)), but he did not find any of those five narrow exceptions present here, *see Comer*, 436 F.3d at 1101. None of them are, and the Ninth Circuit expressly declined to allow a sixth exception for cases where the plaintiff's "claim *arises out of* the underlying contract." *Id.* at 1102–03 (emphasis in original) (quoting *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates*, 269 F.3d 187, 195 (3d Cir. 2001)).

Judge Conti's ruling that SEC and SEMA can be bound if their claims "relate to and have their genesis in the BTA," (Order at 8), is, thus, fundamentally at odds with the Ninth Circuit's holding in *Comer*. If claims arising out of the contract were not enough to bind the nonsignatory *Comer* plaintiff, then they cannot be enough to bind SEC and SEMA. In support of his "related to" test, Judge Conti relied on two factually inapposite cases advanced by the Toshiba Defendants. (*See* Order at 6–7 (quoting *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 456 (9th Cir. 2007)) (citing *Manetti-Farrow*, 858 F.2d at 511); Toshiba Defs.' Mot. to Dismiss at 9–10, Oct. 7, 2013, ECF No. 2000.) But both of those cases merely allowed a nonsignatory *defendant* to enforce a forum-selection clause against a plaintiff *who signed the contract* containing it, and who thereby had agreed to litigate those claims in the foreign forum.

---

[3] "An agreement to arbitrate . . . is, in effect, a specialized kind of forum-selection clause . . . ." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974); *accord Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.4 (9th Cir. 1988) (citing *Scherk*, 417 U.S. at 519).

5

1  *See Holland*, 485 F.3d at 455–56; *Manetti-Farrow*, 858 F.2d at 511, 514 n.5; (*see also* SEC &
2  SEMA's Opp. to Toshiba Defs.' Mot. to Dismiss at 9 & n.5, Nov. 6, 2013, ECF No. 2195).
3          The Court made additional material errors of law when it (1) disregarded the law
4  that a parent-subsidiary relationship, without more, is not sufficient to bind a subsidiary to its
5  parent's contracts, (*see* SEC & SEMA's Opp. at 5–6, ECF No. 2195); and (2) failed to analyze
6  the public-interest considerations affecting *forum non conveniens* motions, as required by the
7  Supreme Court's decision in *Atlantic Marine Construction Co. v. United States District Court for*
8  *the Western District of Texas*, 134 S. Ct. 568, 581–82 (2013), (*see* SEC & SEMA's Supp. Resp.
9  to Toshiba Defs.' Am. Mot. to Dismiss at 1–2, Dec. 24, 2013, ECF No. 2292).
10       ***The Court Misapprehended and Failed to Consider Material Facts.***
11         As noted above, at the Toshiba Defendants' urging, the Court held that
12 *nonsignatories* SEC and SEMA were bound by their corporate parent's contract because their
13 claims are "closely related to" or "part of the larger contractual relationship between the two
14 parent companies." (Order at 6–7 (quoting *Holland*, 485 F.3d at 456) (internal quotation mark
15 omitted) (citing *Manetti-Farrow*, 858 F.2d at 511); *see also* Toshiba Mot. to Dismiss at 9–10,
16 ECF No. 2000.) This holding is wrong on the law for the reasons explained above, and it is also
17 wrong on the facts.
18         *First*, the Court erroneously determined that SEC's and SEMA's purchase orders
19 are related to the BTA by virtue of its provisions on "individual Agreements." (Order at 6–7.)
20 On the face of the BTA, however, those "Individual Agreements" pertain only to purchase orders
21 between Sharp Corporation and Toshiba Corporation. (BTA Preamble, Art. 1(2), 2(2)–(3), ECF
22 No. 2000, Attach. 3; *see also* SEC & SEMA's Opp. At 4–5, ECF No. 2195.) There was no
23 factual basis for Judge Conti to conclude that they include purchase orders executed by Sharp
24 Corporation's subsidiaries, SEC and SEMA, with Toshiba subsidiaries. (*See* SEC & SEMA's
25 Opp. at 6–7, ECF No. 2195.) In this case, SEC and SEMA seek to recover damages for
26 purchases they made directly from Toshiba subsidiaries, not for purchases that Sharp Corporation
27 made from Toshiba Corporation.
28

6

SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S
MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION | CASE NO. 13-1173-JST
MASTER FILE NO. 07-CV-5944, MDL NO. 1917

*Second*, the Court made a further material error of fact when it stated that SEC's and SEMA's "purchases that form the basis of their antitrust claims against Toshiba were made from Sharp Corporation." (Order at 8.) This is simply wrong. Judge Conti misinterpreted an interrogatory answer cited by the Toshiba Defendants in supplemental briefing, (*see id.*), that referred to claims based on the limited number of inter-company purchases SEC made of finished television products (not CRTs) from Sharp Corporation. (*See* SEC & SEMA's Resp. to Toshiba Defs.' Supp. Reply ISO Am. Mot. to Dismiss Sharp's Compl. at 1–2, Jan. 27, 2014, ECF No. 2354, Ex. A.) The Court erred because Sharp Corporation did not buy (and, in fact, no Sharp entity bought) any CRTs or finished television products, associated with that interrogatory answer, from Toshiba Corporation, so they could not have been subject to the BTA. (*See id.* at 2 (SEC and SEMA explaining that the "Toshiba Defendants do not and cannot argue that these inter-company transactions have anything to do with any purchases from Toshiba Corporation"); *see also* SEC & SEMA's First Am. Compl. ¶ 30, Oct. 28, 2013, ECF No. 2030 (filed under seal) (SEC's and SEMA's finished television product claims were based televisions manufactured by foreign affiliates Sharp Roxy Electronics Corporation and Nanjing Sharp Electronics Co., Ltd. and transferred "via inter-company sales" to SEC and SEMA in the United States).) Thus, there is no factual basis to conclude that any claims in this case were ever closely related to the BTA.

***Changed Circumstances Warrant Leave to Seek Reconsideration.***

There is another independent reason that the above-described television sales from Sharp Corporation to SEC do not support dismissal of SEC's and SEMA's claims. Circumstances have changed. On October 14, 2014, to avoid any possible complications from having to litigate FTAIA issues, SEC and SEMA voluntarily withdrew all claims related to the finished television products that were the subject of the aforementioned interrogatory response. (*See* Letter from Craig A. Benson to Jeffrey L. Kessler et al. at 2, Oct. 14, 2014, ECF No. 3283-5.) As noted, those purchases never provided a valid basis to apply the BTA because they had nothing to do with Toshiba Corporation. In any event, they are no longer in the case and will not be the subject of any claim at trial. SEC's and SEMA's only remaining claims relate to direct

7

SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S
MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION | CASE NO. 13-1173-JST
MASTER FILE NO. 07-CV-5944, MDL NO. 1917

purchases of CRTs that in no way involve Sharp Corporation. Thus, the Court's foundational premise for its decision is now indisputably incorrect.

**SEC and SEMA Acted Diligently In Bringing This Motion.**

SEC and SEMA have exercised reasonable diligence in seeking leave to move for reconsideration. A motion for reconsideration is timely at any point before the entry of a final judgment adjudicating the claims of all parties. Civ. L.R. 7-9(a); Fed. R. Civ. P. 54(b). With trial anticipated to begin in September 2016, the time is now ripe to resolve all outstanding issues that bear on the scope of trial evidence, and Sharp accordingly has filed this motion for leave.

Moreover, SEC and SEMA would be materially prejudiced if they are required to litigate a trial to verdict under the restrictions imposed by an erroneous dispositive motion, followed by an inevitable appeal. Pursuant to the Court's Order, SEC and SEMA's Second Amended Complaint removed all allegations concerning damages for overcharges on their purchases from Toshiba Defendants, and, accordingly, alleged that "Sharp seeks no damages related to any transactions between any Sharp entity and any Toshiba entity." (SEC's & SEMA's Second Am. Compl. ¶ 68, Apr. 2, 2014, ECF No. 2621 (filed under seal).) SEC's and SEMA's expert calculated ▮▮▮ in overcharges related to CRT purchases from Toshiba subsidiaries. (Hausman Supp. Rep. ¶ 9, ECF No. 3590-6, Ex. B.) At this time that is excluded from the single damages in the amount of ▮▮▮ (▮▮▮ trebled) that SEC and SEMA are seeking from the defendants. (*Id.*) Stated differently, the impact of Judge Conti's ruling is to remove ▮▮▮ in single damages and ▮▮▮ in treble damages from the case.

Consequently, the jury will not be asked to decide on damages from the Toshiba subsidiaries' sales, implying that SEC and SEMA were directly harmed by overcharges only from other conspirators but not from Toshiba. And if the Order were reversed on appeal, a new trial would be necessary to present that evidence. The Toshiba Defendants, on the other hand, would face no such prejudice if the situation were reversed—the jury could isolate damages from

8

the Toshiba subsidiaries' sales on a special verdict form, and an appellate court could simply reinstate the verdict minus that amount if the Toshiba Defendants were to prevail on appeal.

### CONCLUSION

For the above reasons, SEC and SEMA respectfully request that this Court grant leave to file the motion, attached as Exhibit A, for reconsideration of the Court's Order Granting Toshiba's Motion to Dismiss Sharp's First Amended Complaint.

DATED: April 11, 2016        By:   /s/ Craig A. Benson

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Co. of America, Inc.*

## CERTIFICATE OF SERVICE

On April 11, 2016, I caused a copy of SEC and SEMA's Motion for Leave to File a Motion for Reconsideration to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

DATED: April 11, 2016          By: /s/ *Craig A. Benson*
                                   Craig A. Benson

10

SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S
MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION | CASE NO. 13-1173-JST
MASTER FILE NO. 07-CV-5944, MDL NO. 1917