Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 204-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 07-cv-5944 (JST)<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Sharp Electronics Corp.*, et al. v. *Hitachi Ltd.*, et al., Case No. 3:13-cv-01173 (JST) | **SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S OPPOSITION TO TOSHIBA'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A MOTION TO DISMISS SHARP'S SECOND AMENDED COMPLAINT BASED ON A FORUM-SELECTION CLAUSE**<br><br>Date:        June 9, 2016<br>Time:       2:00 p.m.<br>Courtroom:  9, 9th Floor<br><br>The Honorable Jon S. Tigar |

Toshiba's motion for leave[1] to belatedly file a "motion to dismiss" SEC and SEMA's claims against Toshiba for joint and several liability based on co-conspirator sales[2] should be denied.  Toshiba already once argued that the forum-selection clause in a 1977 Basic Transaction Agreement ("BTA") entered into in Japan between Toshiba Corporation and Sharp Corporation covers SEC and SEMA's joint and several claims—and lost.  (ECF No. 2538, at 12–15; ECF No. 2612, at 6–8.)  As a result, SEC and SEMA may seek to recover damages from Toshiba based on joint and several liability for their purchases of CRTs from co-conspirators such as Thomson, LG, and others.

Rather than seeking reconsideration of Judge Conti's prior ruling on the grounds that it was erroneously decided, Toshiba creates a strawman.  It suggests the ruling should be revisited because SEC and SEMA have said something new and inconsistent with their prior positions on their joint and several claims.  This is not true.  SEC and SEMA's legal and factual positions on this issue have been and remain consistent in all respects.  More importantly, as Toshiba implicitly recognizes, Judge Conti's prior ruling permitting SEC and SEMA to pursue claims against Toshiba for joint and several liability based on sales by its co-conspirators was correct at the time it was made.  Nothing SEC or SEMA have said since changes that conclusion.

Specifically, Toshiba argues that Judge Conti permitted SEC and SEMA's claims for joint and several liability to proceed against Toshiba in June 2014 because SEC and SEMA represented that their claims were "completely independent of Toshiba's commercial relationship with any Sharp entity." (ECF No. 4557, at 2 (quoting ECF No. 2520, at 5).)  Toshiba asserts that good cause exists to now permit a motion to dismiss those claims because SEC and SEMA purportedly made a "newfound" and "key admission" in February 2015 that now means their

---

[1]   This opposition addresses only Toshiba's administrative motion for leave.  If that motion is granted, SEC and SEMA will file an opposition to Toshiba's motion to dismiss.

[2]   SEC and SEMA have moved for leave to file a motion for reconsideration of Judge Conti's March 13, 2014 order dismissing damages claims that are based on their direct purchases from Toshiba entities.  (ECF Nos. 4551-4, 4551-6 (filed under seal); ECF Nos. 4565, 4565-1 (redacted versions for public filing).)  The arguments made here are without prejudice to those motions.  If SEC and SEMA prevail in their motion for reconsideration, all damages claims would be reinstated, and Toshiba's motion to dismiss will be moot.

1

SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S
OPPOSITION TO TOSHIBA'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A MOTION TO DISMISS SHARP'S SECOND AMENDED
COMPLAINT BASED ON A FORUM-SELECTION CLAUSE │ CASE NO. 07-CV-5944 (JST), MDL NO. 1917

1  "joint-and-several liability claim is related to the BTA." (*Id.* at 2–3.)

2      In reality, SEC and SEMA's statements were not contradictory, not new, and not
3  admissions of any sort; they were, in fact, entirely consistent with all prior representations SEC
4  and SEMA made in support of their motion for leave to amend the complaint. There is no basis
5  in law or fact to conclude, merely because some of the evidence that implicates Toshiba also
6  reflects that Sharp entities were its customers, that makes SEC and SEMA's claims against
7  Toshiba for joint and several liability with respect to <u>sales by other co-conspirators</u> somehow
8  "related to" the BTA between Toshiba Corporation and Sharp Corporation. Such a conclusion
9  would stretch the concept of a claim being "related to" a contract beyond all reason. Not
10 surprisingly, Toshiba cites no case that has ever reached such a result on facts that are remotely
11 similar to the purportedly "new" facts presented here.

12     Having shown no good cause, and having failed to even argue for reconsideration
13 of the prior order on the merits, Toshiba's motion for leave to move to dismiss should be denied.

14                **ARGUMENT**

15     In their Second Amended Complaint, SEC and SEMA seek damages only on sales
16 made by co-conspirators *other than* Toshiba. As a legal matter, that liability exists "separately
17 and independently of any sale that any Toshiba entity ever made to any Sharp entity" and would
18 exist legally "even if Toshiba entities had never made any sales to a Sharp entity." (ECF No.
19 2520, at 2.) As a result, those sales are not governed or affected in any way by a "manufacture
20 and supply" agreement between Toshiba Corporation and Sharp Corporation. (ECF No. 2000,
21 Attach. 3 (filed under seal).) That was the basis for Judge Conti's ruling in June 2014, and it
22 remains true today. Judge Conti held that "under the plain meaning of the term 'related to' in
23 [the BTA's forum-selection] clause, the claims 'must involve the agreement itself to trigger the
24 clause.'" (ECF No. 2612, at 8 (alteration omitted) (quoting ECF No. 2547, at 6, and *Coal. for*
25 *ICANN Transparency Inc. v. Verisign, Inc.*, 452 F. Supp. 2d 924, 931–32 (N.D. Cal. 2006)).)
26 Because Judge Conti concluded that the BTA relates only to transactions between Sharp entities
27 and Toshiba entities, he rejected as "overbroad" Toshiba's argument that SEC and SEMA's joint
28 and several claims based on purchases from other conspirators were related to the BTA, and he

2

SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S
OPPOSITION TO TOSHIBA'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A MOTION TO DISMISS SHARP'S SECOND AMENDED
COMPLAINT BASED ON A FORUM-SELECTION CLAUSE │ CASE NO. 07-CV-5944 (JST), MDL NO. 1917

held that "[a]ny potential conspiracy-related joint and several liability Toshiba may have in relation to other agreements is distinct in scope." (*Id.* at 7–8.)

Thus, none of SEC and SEMA's joint and several claims involve or invoke the BTA. And none of the statements that Toshiba relies on from SEC and SEMA's opposition to a motion *in limine* suggests otherwise. Toshiba's motion *in limine* had seized upon Judge Conti's March 2014 ruling dismissing *damages* claims on Toshiba's direct sales to seek a broader evidentiary ruling that SEC and SEMA may not present at trial, in any circumstances, any "evidence of Toshiba's sales to Sharp." (ECF No. 3577, at 3.)

In opposing the motion, SEC and SEMA acknowledged that, consistent with the Court's ruling, they would "not seek to admit into evidence documents or testimony seeking to prove that Sharp was <u>damaged</u> by purchases from Toshiba." (ECF No. 3695-3, at 2 (emphasis in original) (filed under seal).) But, SEC and SEMA also argued that the evidentiary relief Toshiba sought was overly broad, because there were some circumstances under which the fact that Toshiba sold to Sharp entities still could be admissible at trial. (*Id.* at 1.) To illustrate the point, SEC and SEMA provided examples of ways that evidence *referring to* those customer relationships could be admissible even though the claims for joint and several liability do not legally "relate to" the BTA. (*Id.* at 3–6.) Each of the examples was and is entirely consistent with Judge Conti's ruling that Toshiba's joint and several liability is unrelated to the BTA.

Toshiba points to four statements that it argues reflect a "key admission" by SEC and SEMA in opposing Toshiba's motion *in limine*. (ECF No. 4557, at 1–2.) As shown below: each is consistent with prior representations to the Court; none changes the facts as Judge Conti understood them; and none remotely brings SEC and SEMA's claims within the BTA's ambit.

*First*, SEC and SEMA pointed in that opposition brief to evidence of communications among the co-conspirators, and noted that some of these communications may also "refer to Sharp as a customer of Toshiba." (ECF No. 3695-3, at 1, 3–4.) These documents may be important at trial because they prove the existence of the conspiracy, identify SEC and SEMA as its intended victims, and prove Toshiba's participation in it. (*See id.*) SEC and SEMA simply argued that, as an evidentiary matter, such documents should not be excluded from the

1  trial just because they incidentally refer to a Sharp-Toshiba customer relationship.  (*See id.* at 3–
2  4.)  For purposes of this motion, the important point is that the mere existence of such potential
3  evidence does not convert a damages claim seeking recovery for other suppliers' price-fixed
4  sales into a damages claim that is "related to" the BTA between Toshiba Corporation and Sharp
5  Corporation.  Notably, Toshiba cites no law suggesting otherwise.

6      *Second*, SEC and SEMA noted that their expert, Dr. Jerry Hausman, constructed
7  an econometric model comparing the fixed prices SEC and SEMA paid for CRTs to the lower
8  prices they would have paid absent the conspiracy.  (*See id.* at 4.)  Dr. Hausman's model
9  appropriately included SEC and SEMA's "overall CRT purchase data," including purchases from
10 Toshiba subsidiaries, "to determine the actual prices Sharp paid for CRTs."  (*Id.*)  Defendants'
11 questions at Dr. Hausman's deposition about his earlier uses of Toshiba data suggested they may
12 seek to challenge the model on that subject at trial.  (*Id.* (citing ECF No. 3695-13, at 25:23–42:14
13 (filed under seal)).)  SEC and SEMA thus noted, in opposing Toshiba's motion *in limine*, that if
14 defendants opened the door by "challeng[ing] the validity of Dr. Hausman's calculations at trial,"
15 SEC and SEMA might have to disclose Dr. Hausman's inclusion of Toshiba data in his model to
16 prove that his calculations were "accurate and reliable."  (*Id.*)  SEC and SEMA simply argued
17 that Judge Conti's ruling on the BTA did not render evidence of Toshiba sales inadmissible for
18 that purpose.  (*Id.*)  Again, the possibility that evidence could be admissible in such a way does
19 not mean that claims seeking damages based on sales from other suppliers are "related to"
20 Toshiba's BTA with Sharp Corporation.  And again, Toshiba cites no law suggesting otherwise.

21     *Third*, SEC and SEMA explained that evidence of Toshiba sales to SEC and
22 SEMA could be admissible for the purpose of showing that Toshiba made CRT sales in the
23 United States and thus had an incentive to conspire here.  (*Id.* at 5.)  Such evidence might be
24 probative because defendants have argued that certain CRT prices were regional in nature, and
25 that they did not engage in a conspiracy that impacted prices in the United States.  (*See, e.g.*,
26 ECF No. 3563-3.)  Evidence that Toshiba sold CRTs in the United States (which could include
27 documents referring to sales to SEC or SEMA) could tend to prove the conspirators' intent to
28 impact prices in the United States.  Again, the fact that such evidence may be admissible for this

4

SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S
OPPOSITION TO TOSHIBA'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A MOTION TO DISMISS SHARP'S SECOND AMENDED
COMPLAINT BASED ON A FORUM-SELECTION CLAUSE │ CASE NO. 07-CV-5944 (JST), MDL NO. 1917

purpose does not convert SEC and SEMA's claims for damages from other co-conspirators' sales into claims "relating to" the BTA.  And, again, Toshiba cites no law suggesting otherwise.

*Fourth*, SEC and SEMA noted that there may be other additional "permissible uses" of evidence reflecting Toshiba-Sharp commerce that emerge based on "arguments presented by defendants at trial." (ECF No. 3695-3, at 5.)  If, for example, Toshiba created the misimpression with the jury that it would be unfair for it to be held jointly and severally liable for price-fixed sales to SEC and SEMA because it never sold to them, this may open the door to rebuttal evidence to prove the truth—namely, that Toshiba did, in fact, sell to SEC and SEMA.  This is far from an "admission" that SEC's and SEMA's claims are legally related to the BTA.  Rather, SEC and SEMA would simply be seeking an evidentiary ruling to ensure the jury is correctly informed.

None of these four statements are inconsistent with SEC and SEMA's statements in their motion for leave to amend.  In both briefs, SEC and SEMA represented that they would seek to prove Toshiba' joint and several liability for damages from other suppliers' sales, but not to prove that Sharp was damaged by its purchases from Toshiba. (*Compare* ECF No. 2520, at 2 *with* ECF No. 3695-3, at 2.)  None of the statements are surprising; the fact that admissible evidence of the conspiracy may mention Sharp and Toshiba is nothing new.  And, most importantly, none of the statements suggest SEC and SEMA's claims for damages based on joint and several liability are related to the BTA.  It is still the case that Toshiba would be jointly and severally liable "even if [it] had never made any sales to a Sharp entity." (ECF No. 2520, at 2.)

In the end, Toshiba's attempt to create a strawman that would justify reversing Judge Conti's order on the motion for leave to amend fails on every level.  Most importantly, Toshiba does not even argue that Judge Conti's ruling was incorrect on the merits at the time it was made and it does not seek reconsideration of that ruling on the merits.  Thus, the prior order should stand and Toshiba's motion for leave to file a new motion to dismiss should be denied.

5

SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S
OPPOSITION TO TOSHIBA'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A MOTION TO DISMISS SHARP'S SECOND AMENDED
COMPLAINT BASED ON A FORUM-SELECTION CLAUSE │ CASE NO. 07-CV-5944 (JST), MDL NO. 1917

DATED:  April 18, 2016         By:   */s/ Kenneth A. Gallo*

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California  94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

**CERTIFICATE OF SERVICE**

On April 18, 2016, I caused a copy of SEC and SEMA's Opposition to Toshiba's Administrative Motion for Leave to File a Motion to Dismiss Sharp's Second Amended Complaint Based on a Forum-Selection Clause to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

DATED:  April 18, 2016                    By: */s/ Kenneth A. Gallo*
                                               Kenneth A. Gallo