UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION <br><br> This Order Relates To: <br><br> ALL DIRECT ACTION PLAINTIFFS | MDL No. 1917 <br><br> Case No. C-07-5944 JST <br><br> **ORDER GRANTING JOINDERS** |

The deadline for dispositive motions in this case was November 7, 2014. Various motions for summary judgment, motions in limine, and Daubert motions, as well as various joinders to those motions, were filed before that deadline. ECF Nos. 4220 ("Panasonic and MTPD Joinder"), 3011 ("Toshiba I Joinder"), 3015 ("Toshiba II Joinder"), 3028 ("Toshiba III Joinder"), 3038, ("Toshiba IV Joinder"), 3055 ("Toshiba V Joinder"), 3692 ("Toshiba VI Joinder"), 4225 ("CPT Joinder"), 3032 ("LG Timely Joinder"). Certain joinders by Defendants LG and Thomson, however, were filed several months after the deadline for dispositive motions. ECF Nos. 3864 ("LG Late Joinder"), 3888 ("Thomson Late Joinder") (collectively, the "Untimely Joinders"). Those joinders are opposed by certain Direct Action Plaintiffs (the "DAPs"). ECF Nos. 3883 ("Opp'n to LG"), 3897 ("Opp'n to Thomson"). The Court heard oral argument on the Untimely Joinders on April 19, 2016. For the reasons provided below, the Court will GRANT all joinders, including the Untimely Joinders.

The substantive grounds for the Untimely Joinders are not in dispute: the resolution of the motions LG and Thomson seek to join will impact their cases due to common questions of law and fact. Instead, the DAPs argue the Court should deny the Untimely Joinders because they were filed after the deadline. The Court can, at its discretion, grant or deny summary judgment in favor

of or against non-moving defendants.  See City of Colton v. Am. Promotional Events, Inc.-W., 614 F.3d 998, 1004 n.4 (9th Cir. 2010); see also LiveOps, Inc. v. Teleo, Inc., No. C05-03773 MJJ, 2006 WL 83058, at *1 n.2 (N.D. Cal. Jan. 9, 2006) (granting a motion for joinder after the deadline to the extent it did not contain substantive arguments about the underlying legal and factual issues).  Here, the Court declines to deny the Untimely Joinders, merely because they were filed after the deadline for dispositive motions, in the absence of reasonable reliance or some other legitimate claim of prejudice to the DAPs.  If the joinders were denied, the legal issues in many instances would nevertheless need to be resolved after the cases in which LG and Thomson are defendants are sent back to their transferor courts.  Such an outcome would defeat the goals of justice, efficiency, and convenience underlying the MDL system.

The DAPs argue they would be prejudiced as to two motions: Motion for Partial Summary Judgment as to Direct Action Purchaser's Sherman Act Damages Claims Based on CRT Product Purchases from NEC-Corporation and NEC-Mitsubishi Electric Visual Systems, ECF No. 3026 ("Control Motion"), and Motion for Summary Judgement Based Upon Absence of Evidence of Liability, ECF No. 3037 ("AOL Motion") (collectively, the "Underlying Motions").[1]  The Untimely Joinders, the DAPs assert, attempt to revive the Underlying Motions, which they claim would otherwise have been mooted by settlements entered into prior to the filing of the Untimely Joinders (hereafter the "Pre-Joinder Settlements").  See Transcript 56:18-20.  The DAPs suggest that the mooting of the Underlying Motions, and the elimination of related litigation risks, was part of the consideration defendants provided in the Pre-Joinder Settlements.

The Court is not convinced.  Even if the Court were to deny the Untimely Joinders, MTPD and Panasonic are among the original moving parties to the Control Motion, and they have not settled.  As to the AOL Motion, if the Court were to deny the Untimely Joinders then the motion would indeed be moot *at this point*.  But that is only because Mitsubishi settled a few weeks ago, long after the Pre-Joinder Settlements were entered into.  The DAPs stated at the hearing that they "had effectively negotiated to eliminate the risk presented by those motions, *provided that other*

---

[1] At the hearing, when asked whether DAPs' "concern is specifically addressed to the motions in docket numbers 3026 and 3027," DAPs responded, "As of today, yes." Id. 56:21-24.

United States District Court
Northern District of California

*parties settled out.*"  Id. at 62:15-17 (emphasis added).  The caveat at the end of that statement is crucial because in order to claim that the DAPs relied to their detriment on the mooting of the Underlying Motions, they would have had to assume that the other parties to the motion would settle sometime in the future.  As that would not have been a reasonable assumption, there was no reasonable reliance.

        Accordingly, the Court GRANTS all joinders listed here.

        **IT IS SO ORDERED.**

Dated:  April 21, 2016

                                    JON S. TIGAR
                               United States District Judge