Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Kevin J. Murray, Esquire
Samuel J. Randall, Esquire
KENNY NACHWALTER, P.A.
1441 Brickell Avenue, Suite 1100
Miami, Florida 33131
Tel:    (305) 373-1000
Fax:    (305) 372-1861
E-mail:   rarnold@knpa.com
          wblechman@knpa.com
          kmurray@knpa.com
          srandall@knpa.com

*Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 (SC)<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Sears, Roebuck & Co., and Kmart Corporation v. LG Electronics, Inc., et al.*, Case No. 11-cv-5514 (SC) | **SEARS AND KMARTS' OPPOSITION TO LG'S REQUEST FOR LEAVE TO FILE ADDITIONAL MOTIONS** |

With LG's request to file additional motions, it seeks to raise new issues that it could and should have pursued prior to the discovery, summary judgment, and *in limine* motion deadlines that passed in September 2014, November 2014, and February 2015, respectively.  Because LG has not shown "good cause why new discovery or an intervening order of the Court made it impossible for the motion to be filed within the original deadlines set for such motions," Sears and Kmart oppose the request.  *See* Dkt. 4162.

    **1.**    <u>**LG Cannot Show Good Cause for its Motion to Admit Summary Witness Testimony**</u>

LG should not be permitted leave to file a motion that seeks to admit an untimely disclosed summary witness.  Sears and Kmart timely listed their summary witness (retired FBI Agent Dan

Gill) on their initial witness list (served on December 5, 2014) and then notified LG of the specific topics that Mr. Gill would summarize with their Motion in Limine No. 15, which was filed on February 13, 2015.  *See* Dkt. 3582 at 60-64.  But despite receiving ample and timely notice of Plaintiffs' summary witness and the scope of his testimony, LG did not disclose a summary witness on its own witness list and never uttered a peep about its own intent to call a Rule 1006 witness until its response to Plaintiffs' MIL #15 (after the deadline to disclose witnesses and after the MIL filing deadline).

The Court made clear with its December 17, 2015 Order that the parties would not receive leave to raise new issues that they could and should have addressed more than a year ago.  Given LG's vague request to introduce testimony of a still-unnamed summary witness regarding "meeting minutes and other documents previously identified by DAPs," it is apparent that LG has not heeded this standard.  LG cannot show that its proposed motion is responsive to any case event that occurred over the last year.  Nor has LG demonstrated that it diligently pursued this matter before or after the February 13, 2015 deadline to file motions in limine (or the January 22, 2015 deadline to submit its witness list).[1]  Moreover, LG has had the benefit of knowing the identity of Sears and Kmart's summary witness and the precise topics about which he will testify for more than a year without ever offering or attempting a reciprocal disclosure. For all of these reasons, LG's first request for leave should be denied.

**2.    LG Cannot Show Good Cause to File Its Motion for Bench Trial**

Although styled as a motion to bifurcate the proceedings, LG's motion for a bench trial on standing issues related to the *Illinois Brick* ownership/control exception is nothing more than a second bite at the summary judgment apple.  In its motion, LG identifies two entities that it would seek to challenge through a bench trial: Zenith and JVC.  But the ownership of these entities is not materially disputed; both JVC and Zenith were majority-owned by members of the alleged conspiracy during the period relevant to the trial of Sears' and Kmart's claims.[2]  To the extent that

---

[1]    *See* Stipulation re Scheduling, Dkt. 3167.

[2]    LG acquired a majority stake in Zenith in 1995, while Panasonic held a majority interest in JVC for the entire alleged conspiracy period.  *See* Zenith Electronics Corporation 10-Q

LG has arguments that it wishes to present to the Court as to why Sears and Kmart lack standing to recover overcharges paid to Zenith and JVC (or any other companies for which ownership is not in dispute), it should have filed a summary judgment motion prior to the November 7, 2014 deadline. With respect to JVC in particular, LG had every reason to be on notice of the ownership/control issues presented by that entity, because its partially owned subsidiary (also represented by the same lawyers at Munger Tolles) had, just two weeks prior, litigated a jury trial against Costco, in which the jury expressly held the LG subsidiary liable for Costco's LCD purchases from JVC.[3]  Thus, LG cannot show good cause for its failure to address this issue in these proceedings prior to the dispositive motion deadline that immediately followed the Costco trial.

Far from being able to show good cause for what would essentially be an untimely summary judgment motion, LG cannot show that its requested bench trial is anything other than a waste of time for all involved.  Issues related to standing and the ownership/control exception will be resolved based on undisputed evidence of corporate ownership, and for this reason, LG could and should have addressed all contested ownership/control at summary judgment.  Because LG cannot demonstrate good cause for failing to raise this issue based on a factual record that was already developed by the November 7, 2014 deadline, its request for leave should be denied.

### 3. LG Cannot Show Good Cause to File Its Motion to Require Sears/Kmart to Specify Damages Attributable to Purchases from Specific Vendors and to Clarify Damages Theories.

(a)   "Umbrella Damages"

As LG readily acknowledges, it filed an entire motion *in limine* (MIL #12) devoted to precluding any evidence or argument at trial supporting an "umbrella" theory of damages. But LG

---

Report filed May 14, 1996, at Note 8, available at http://www.sec.gov/Archives/edgar/data/109265/0000109265-96-000005.txt; Article, http://www.telecompaper.com/news/matsushita-will-help-restructure-jvc--27379; JVC Victor Company of Japan, Limited. 2008 Annual Report, at 18 of 36, available at http://www.jvckenwood.co.jp/en/ir/library/annual/data/jkh_ar_2008_en_fs_jvc.pdf.

[3]   *See Costco Wholesale Corp. v. LG Display Co. Ltd., et al.*, Case No. 13-cv-1207-RAJ at Dkt. 628, (W.D. Wash. 2014) (Jury Verdict). Judge Jones resolved ownership/control standing issues based on the record at trial through post-judgment motions, and determined that Costco had standing to recover on its purchases from JVC.

1  does not (and cannot) provide any reason why it failed to include Dr. Frankel's market share
2  adjustment (which he used to ensure that his overcharge estimates did not reflect purchases by
3  Plaintiffs of tubes manufactured by non-conspirators) within the scope of that motion. For that
4  reason, LG cannot demonstrate good cause for its failure to raise this issue prior to the *in limine*
5  deadline.

6  However, because Plaintiffs do not and will not seek to recover damages based on Dr.
7  Frankel's pre-market share adjusted overcharge estimates, we have attempted to negotiate in good
8  faith a stipulation that memorializes this point without foreclosing reference to an important and
9  relevant area of evidence. But to the extent that an agreement cannot be reached, LG should not be
10 permitted to raise this issue through an untimely motion, and should instead rely on Plaintiffs'
11 representation in this pleading (which LG could have obtained earlier through a timely filed *in*
12 *limine* or summary judgment motion).

13            (b)     Damages Based on Certain Purchases From Hitachi High Technologies

14 LG asserts that good cause exists "to file a motion requiring Plaintiffs to state whether they
15 in fact plan to seek these [Hitachi] damages in order to clarify the issues to be litigated." Because
16 LG wishes to challenge Plaintiffs' legal standing to recover overcharges it paid for certain
17 purchases from this Hitachi-owned vendor, the appropriate vehicle through which to raise this issue
18 was a summary judgment motion. LG does not offer any explanation why it failed to do this prior
19 to the November 2014 deadline, and good cause does not exist to permit a new and untimely
20 summary judgment motion that would supplement the roughly 40 dispositive motions that LG
21 already filed or joined.

22 However, in a good faith effort to narrow the scope of issues to be litigated at trial,
23 Plaintiffs have represented to LG that we will not seek to recover based on certain of these
24 purchases, so that Plaintiffs' damages theory is fully clarified. And while Plaintiffs are negotiating
25 in good faith the language of a stipulation addressing this issue, good cause does not exist for LG's
26 proposed untimely summary judgment motion.

27
28

OPPOSITION TO LG'S REQUEST FOR LEAVE                                              Case No. 07-cv-5944 (SC)
4

(c) Breakdown of Damages by Vendor

Despite having more than ample opportunity to take discovery of Plaintiffs during the fact and expert discovery periods set by the Court, LG now wishes to require Sears and Kmart to provide additional discovery that LG neglected to seek. LG's requested motion is demonstrably late and unwarranted.

Sears and Kmart timely served the initial damages report of Dr. Alan Frankel in April 2014, more than four months before the close of fact discovery.[4] Dr. Frankel then sat for two depositions and his report was the subject of two rounds of opposition reports by Defendants' damages expert, Dr. Janusz Ordover. Further, in the four months that followed their receipt of the initial expert report, LG and its co-Defendants collectively served on Sears and Kmart 24 sets of interrogatories and requests for admission that propounded hundreds upon hundreds of queries about virtually every aspect of the case.

Given that LG had every chance during discovery to seek clarification on the breakdown of Sears' and Kmart's damages that it now intends to requests with its untimely motion, it plainly cannot show good cause for its entitlement to this relief.

**4. Good Cause Does Not Exist for LG to File its *in Limine* Motion to Preclude the "Only Champion" Argument**

LG seeks to file a bizarre and untimely *in limine* Motion that would prevent Plaintiffs from misrepresenting facts by stating that we are the "only champions" seeking to hold LG liable for its misconduct (as if we would otherwise). And while good cause does not exist that would excuse LG's untimely *in limine* motion, LG can take comfort in knowing that Plaintiffs do not intend to misrepresent any facts to the jury on this issue (or on any others). We are therefore exploring a stipulation with LG on this point.

---

[4] Sears and Kmart also served supplements to Dr. Frankel's initial report in June and September 2014 without any objection from any Defendant. The methodology through which Dr. Frankel broke down his overcharge estimates by Defendant-group was the same in each submission (and indeed was the same for all 11 DAPs on whose behalf Dr. Frankel estimated overcharges).

Dated: April 22, 2016

Respectfully submitted,

KENNY NACHWALTER, P.A.

By: _____
Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Kevin J. Murray, Esquire
Samuel J. Randall, Esquire
1441 Brickell Avenue
Suite 1100
Miami, Florida  33131
Tel:   (305) 373-1000
Fax:   (305) 372-1861
E-mail:  rarnold@knpa.com
             wblechman@knpa.com
             kmurray@knpa.com
             srandall@knpa.com

*Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corporation*

### CERTIFICATE OF SERVICE

On April 22, 2016, I caused a copy of the foregoing Opposition to LG's Request for Leave to File Additional Motions to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

By: _____
William J. Blechman

542017.1