Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111
Tel: (415) 871-2888
Fax: (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>ALL ACTIONS | MDL No 1917<br><br>Case No C-07-5944 JST<br><br>**ORDER RE TRANSLATION-OBJECTION RESOLUTION PROTOCOL** |

Having granted the plaintiffs' unopposed motion to establish a translation-objection resolution protocol, the court has referred the matter to the undersigned. *See* March 23, 2016 Order Granting Plaintiffs' Motion to Establish a Translation-Objection Resolution Protocol, Dkt No 4517. Having reviewed the court's order and the related submissions (Dkt Nos 4506, 4506-1 and 4506-2), the undersigned has prepared this Translation-Objection Resolution Protocol. Any party wishing to provide input on this protocol may submit a letter brief to the undersigned no later than 7 days from the date of this order.

### I. Appointment of Neutral Translators

The parties appear to agree that two neutral translators, one for all plaintiffs and one for all defendants, should be appointed to assist the undersigned in resolving the translation objections. The following procedure would allow plaintiffs and defendants to coordinate among their respective groups. All plaintiffs shall coordinate and submit one letter brief on behalf of all plaintiffs providing a list of up to seven neutral translators to assist the undersigned. All defendants shall coordinate and submit one letter identifying up to seven neutral translators. Seven days later, plaintiffs and defendants shall submit their coordinated objections, if any, to the undersigned, along with their bases for believing that any proposed neutral translator would not be impartial. The undersigned shall then select one neutral translator per side to assist with resolving the translation objections.

### II. The Universe of Objections

All plaintiffs shall coordinate to submit a single letter providing the plaintiffs' collective position on the universe of document translations to which they object. All defendants shall do the same. Each of the letters should specify: (1) the total number of objections asserted by the submitting side; (2) whether the objections are limited to documents only on exhibit lists or deposition exhibits or encompass other documents as well; (3) whether the parties agree to waive all translation objections that are not raised via this resolution procedure.

Attached to their letter, plaintiffs shall submit a chart on behalf of all plaintiffs listing all the documents and translations to which they object. Defendants shall do the same. The charts should specify at least the following information: each document's Bates numbers, the deposition exhibit number (if any), the source of the document (if known), the producing party, the word(s) or phrase(s) at issue, the original translation, alternate translation(s), the parties objecting to the translation and their objection(s). If all parties could agree on a uniform chart format, including at least the above information, the undersigned would welcome such agreement.

Once the consolidated plaintiffs' and defendants' charts have been submitted, the universe of objections shall be established. The letter brief from each side should specify the ranked priority of objections based on upcoming trial dates or other important events.

### III. Format of Submissions

Because this is a consolidated pre-trial proceeding under the multi-district litigation rules, it would be most efficient if all defendants were to coordinate their submissions and all plaintiffs were to coordinate their submissions. As specified in the Discovery Protocol (Dkt No 1128), all parties should avoid duplicative efforts.

For any translated document having one or more translation objections, there shall be no more than one letter brief on behalf of all plaintiffs and one letter brief on behalf of all defendants. Multiple briefs per side per document would be duplicative and shall not be considered. For exceptional cases where a party believes a reply would be necessary to achieve a fair outcome, a single coordinated reply brief may be submitted on behalf of all plaintiffs or all defendants.

All plaintiffs and all defendants should attempt to identify ways to group their submissions into logically related briefs. As noted above, if a single document contains objections from multiple defendants, the defendants should agree on a single defendant's

counsel to take the lead on that document and represent all defendants' positions with respect to the translation objections. Also, if a number of different documents may be grouped to enhance efficiency (e g, if the same word appears in different documents), the parties are encouraged to categorize any common translation issues.

There shall be two rounds of objections and responses. The first round shall relate to the highest priority objections and the second round shall relate to the second priority objections.

### IV. Allocation of Costs of Resolution and Recertified Translations

In general, costs of resolution of objections should be borne evenly by the plaintiffs and the defendants. However, if it appears that any party or side is asserting unreasonable objections, the undersigned may allocate the cost of resolution entirely on the losing party or side. For successful objections (requiring some modification to the original translation), the recertified translations shall be obtained from a translator chosen by the prevailing party and the cost of recertification shall be allocated to the losing party or side.

**CONCLUSION**

No later than May 2, 2016, any party wishing to provide input on this protocol may submit a letter brief to the undersigned with recommendations for modification.

No later than May 6, 2016, plaintiffs and defendants shall submit one coordinated letter brief per side: (1) identifying up to seven proposed neutral translators per side; (2) addressing the total number of objections for their side and their priority of resolution in light of upcoming deadlines; and (3) attaching a chart listing all documents and translations to which they object, including the information required in section II above.

No later than May 13, 2016, plaintiffs and defendants shall submit one coordinated letter brief per side objecting to any of the neutral translators named by the other

side and their bases, if any, for asserting that any proposed translator(s) would not be impartial. The undersigned shall select one neutral translator for each side based on the parties' submissions.

      No later than May 17, 2016, plaintiffs and defendants shall submit their first round of coordinated objection letter briefs (addressing the highest priority objections). No later than May 25, 2016, the parties shall submit their first round of coordinated letter responses. Absent a request based on a newly raised issue or other good reason, the objecting parties need not submit a reply letter.

      No later than June 14, 2016, the parties shall submit their second round of coordinated objection letter briefs (addressing their second priority objections). No later than June 22, 2016, the parties shall submit their second round of coordinated letter responses. There shall be no reply letters absent request.

IT IS SO ORDERED.

Date: April 26, 2016

_____
Vaughn R Walker
United States District Judge (Ret)

The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

Date: _____

_____
Honorable Jon S. Tigar
United States District Judge