Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Calvin L. Litsey (SBN 289659)
FAEGRE BAKER DANIELS LLP
1950 University Avenue, Suite 450
East Palo Alto, CA  94303-2279
Telephone: +1 650-324-6700
Facsimile: +1 650-324-6701
calvin.litsey@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
3200 Wells Fargo
1700 Lincoln Street
Denver, CO  80203
Telephone: +1 303-607-3500
Facsimile:  +1 303-607-3600
jeff.roberts@FaegreBD.com

***Attorneys for Defendants Thomson
Consumer, Inc. and Thomson SA***

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 07-cv-5944-JST<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-1173;<br><br>*Sears, Roebuck & Co., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11 -cv-05514 | **THOMSON AND TDA DEFENDANTS' NOTICE OF MOTION AND MOTION TO CONTINUE AND SET TRIAL DATES**<br><br>Date:     June 9, 2016<br>Time:     10:00 am<br>Place:    Courtroom 9, 19th Floor<br>Judge:    Honorable Jon S. Tigar<br><br><br>[Proposed] Order Filed Concurrently Herewith |

1

**NOTICE OF MOTION AND MOTION**

2

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3

PLEASE TAKE NOTICE that Defendants Thomson SA, n/k/a Technicolor SA,

4

Thomson Consumer Electronics, Inc., n/k/a Technicolor USA, Inc. (together "Thomson") and

5

Technologies Displays Americas, LLC ("TDA") hereby move this Court for an Order setting the

6

first day of trial: (1) in *Sears, Roebuck & Co., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No.

7

11 -cv-05514 ("Sears/Kmart Trial) for November 7, 2016; and (2) in *Sharp Electronics Corp., et*

8

*al. v. Hitachi Ltd.,* et al., No. 13-cv-1173 ("Sharp Trial") for January 9, 2017.

9

This Motion is based on this Notice of Motion and Motion, the accompanying

10

Memorandum of Points and Authorities in support thereof, the pleadings and correspondence on

11

file with the Court, and such arguments and authorities as may be presented at or before any

12

hearing.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THOMSON AND TDA DEFENDANTS' NOTICE OF
MOTION AND MOTION TO CONTINUE AND SET
TRIAL DATES

No. 07-5944-JST; MDL No. 1917

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

This Court previously tentatively set the Sharp and Sears/Kmart Trials in this action to begin on September 6, 2016 and November 7, 2016 respectively, and the Direct Purchaser Plaintiffs' class trial to begin on January 9, 2017.  Thomson, Toshiba, and TDA are the remaining Defendants in the Sharp Trial; LG Electronics is the remaining Defendant in the Sears/Kmart Trial.

At the April 19, 2016 Trial Setting Hearing in this matter, the Court heard arguments from the parties regarding the trial schedules.  Ms. Kathy Osborn, counsel for Thomson, informed the Court that in early April 2016, Ms. Meggan Ehret, General Counsel for Thomson Consumer Electronics, Inc. and the individual at Thomson with primary responsibility for assisting its outside counsel in preparing its defense to these actions, was diagnosed with a very serious illness.  Although, as of the date of this filing, Ms. Ehret is still undergoing medical tests and consulting with her doctors to determine the exact course of her treatment, it is expected that during the next several months she will be undergoing several surgeries and other invasive medical treatments and procedures.  (Declaration of Meggan Ehret at ¶ 3, attached as **Ex. A**.)  It is also expected that these procedures will, at times, be debilitating, prevent Ms. Ehret from working, and necessitate an extensive recovery period.  (*Id*. at ¶ 4.)  As a result of her illness, Ms. Ehret and Thomson fear it is unlikely that Ms. Ehret will be sufficiently recovered from her upcoming medical procedures to participate in a Sharp Trial in the Fall of 2016.[1]  (*Id*. at ¶ 5.)

Ms. Ehret has been, and will continue to be, critical to Thomson's defense of the claims asserted against it in these actions.  Over ten years ago, in September 2005, Thomson sold all of its CRT assets to a third-party and exited the CRT industry.  None of the employees involved with its former CPT-manufacturing business still work for Thomson.  (*Id*. at ¶ 6.)  Ms. Ehret is

---

[1] Due to the press of time between the April 19, 2016 hearing and the deadline for filing this motion, Thomson has been unable to obtain an affidavit from Ms. Ehret's doctors describing the nature of Ms. Ehret's illness, her anticipated treatment schedule, and her projected recovery period.  To protect the privacy of Ms. Ehret and her family, Thomson will submit such an affidavit under seal at the Court's request.

1    the only remaining Thomson employee with any meaningful knowledge about its former CPT

2    business, and she has developed even more knowledge through her extensive involvement in the

3    defense of these CRT cases. (*Id*. at ¶ 7.) She has been the Thomson representative involved with

4    assisting outside counsel in preparing its defense. (*Id*. at ¶ 8.)

5         Because no other current employees have knowledge about the former CPT business, Ms.

6    Ehret was designated to testify as the Thomson Fed.R.Civ.P. 30(b)(6) representative. (Ehret

7    Decl. at ¶ 9.) Ms. Ehret engaged in extensive preparations for her two-day Rule 30(b)(6)

8    deposition – she spent more than 130 hours preparing by attending numerous depositions,

9    interviewing more than 20 individuals, and reviewing hundreds of documents. (*Id*.) This

10   preparation was in addition to her extensive prior involvement in investigating and defending

11   against plaintiffs' allegations from the outset, providing input on case strategy and briefing, and

12   overseeing all aspects of discovery including locating, gathering and evaluating responsive,

13   relevant documents and data. (*Id.* at ¶ 10.)

14        As a result of Ms. Ehret's involvement in Thomson's defense to date, including her

15   exhaustive Rule 30(b)(6) preparations, she is the only individual still employed by Thomson who

16   possesses detailed – indeed *any* – meaningful knowledge regarding the facts and legal theories

17   that support Thomson's defenses to the plaintiffs' claims. (*Id*. at ¶ 11.) Thomson would be

18   severely prejudiced if it was forced to proceed to trial at a time when it would be physically

19   impossible for Ms. Ehret to actively participate in Thomson's defense. (*Id*. at ¶ 14.)

20   Accordingly, to avoid this prejudice while simultaneously enabling the Sears/Kmart Trial to

21   proceed on its previously set date, Thomson and TDA respectfully request that the Court set the

22   Sears/Kmart Trial for November 7, 2016 and the Sharp Trial for January 9, 2017.[2]

23   _____

24   [2] Counsel for Thomson conferred with counsel for Sharp and Sears/Kmart regarding the relief
     requested herein. Counsel for Sharp stated that it could not take a position until after it reviewed
25   Thomson's filing; counsel for Sears/Kmart stated that it would honor Sharp's priority position
     and would need to review the Thomson and TDA Defendants' filing and confer with his client
26   before commenting further. Thomson and TDA do not agree that Sharp has a "priority position"
     with regard to any trial setting, but simply report herein the positions taken by Sharp and
27   Sears/Kmart.

28

THOMSON AND TDA DEFENDANTS' NOTICE              2              No. 07-5944-JST; MDL No. 1917
OF MOTION AND MOTION TO CONTINUE AND
SET TRIAL DATES

## LEGAL STANDARD

A trial court enjoys broad discretion in managing its trial schedule, accordingly reversal of its decision to grant or deny a continuance is reviewed for an abuse of discretion.  *See United States v. Riveria-Guerrero*, 426 F.3d 1130, 1138 (9th Cir. 2005) (reversal of a trial court's decision to grant or deny a continuance is required if "after carefully evaluating all relevant factors" the appellate court concludes "the denial was arbitrary or unreasonable.") (quoting *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985)).  Although there are "no mechanical tests" for deciding when a continuance is warranted, "the absence of a mechanical test does not insulate the district court from a searching review of decisions that have been committed to its discretion."  *Flynt*, 756 F.2d at 1362.  The Ninth Circuit has developed a four factor test ("*Flynt* factors*") that guides its analysis which includes: (1) the diligence of the party seeking a continuance; (2) the utility of granting a continuance; (3) "the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses;" and (4) the prejudice the party seeking the continuance might suffer if the continuance is denied. *Id.* at 1359; *see also Riveria-Guerrero*, 756 F.2d at 1139-43 (restating and applying *Flynt* factors).

Courts have consistently held that trial should be continued when the illness of a party or its counsel would otherwise prevent the party or counsel from participating in the defense of the party at trial.  *See Davis v. Operation Amigo, Inc*., 378 F.2d 101, 102 (10th Cir. 1967) (stating that "illness of a litigant severe enough to prevent him from appearing in court is always a legitimate ground for asking for a continuance"); *Smith-Weik Machinery Corp. v. Murdock Mach. & Engineering Co.*, 423 F.2d 842, 844-45 (5th Cir. 1970) (reversing denial of continuance and remanding for new trial because while the decision to grant a continuance is generally a matter of judicial discretion for the trial judge "[a]n exception to this general rule exists in certain cases when the illness of counsel is the ground for a continuance."); *Gaspar v. Kassm*, 493 F.2d 964, 969 (3rd Cir. 1974) (stating that "[i]t is customary to grant a continuance on the ground of illness of a party" and that "the denial of a continuance for illness is an abuse of discretion" when the continuance is "not motivated by procrastination, bad planning or bad faith" by the party seeking

1  a continuance).  This is because "the interests in favor of a fair trial heavily outweigh the interests

2  in favor of an immediate trial." *Smith-Weik Machinery Corp.*, 423 F.2d at 844-45.

3

4  <u>**ARGUMENT**</u>

5  **I.    To Prevent Prejudice to Thomson the Sharp Trial Should Be Set for January 9, 2017.**

6          As described above, Ms. Ehret is critical to Thomson's defense.  To avoid the substantial

7  prejudice that would be caused to Thomson by conducting the Sharp Trial at a time when Ms.

8  Ehret could not fully participate, the Court should set the Sears/Kmart Trial for November 7,

9  2016 and the Sharp Trial for January 9, 2017.  Both the *Flynt* factors and the well-established law

10  establishing that the illness of a litigant severe enough to prevent her from appearing in court is a

11  legitimate ground for a continuance weigh heavily in favor of adopting this schedule.

12          **(a) Thomson has diligently prepared its defense.**

13          Thomson has diligently and expeditiously prepared its defense to Sharp's claims.

14  Although the first claims in this multi-district litigation were filed in November 2007, Sharp and

15  other Direct Action Plaintiffs ("DAPs") did not even attempt to bring claims against Thomson

16  until March 2013.   On September 26, 2013 the Court: (1) granted Thomson Consumer

17  Electronics, Inc.'s motion to dismiss Sharp's Complaint because "Plaintiffs simply fail to

18  elucidate why and how Defendant should be part of this case" [ECF. No. 1960 at 4] and (2)

19  denied the other DAPs' request to file amended complaints to add Thomson because "[d]iscovery

20  in this case has proceeded apace," and requiring Thomson to enter the litigation now would put it

21  at an "unfair, prejudicial disadvantage." [ECF No. 1959 at 5.]  Sharp then filed an amended

22  complaint and the other DAPs filed new actions that were transferred to this MDL.  On March 13,

23  2014, the Court entered an Order granting in part and denying in part Thomson's motion to

24  dismiss these newly-filed complaints.  [ECF. No. 2440].

25          As a result of Sharp and the other DAPs' prejudicial delay in asserting claims against it,

26  Thomson was forced to prepare its defense in a fraction of the time provided to the other

27  Defendants.  In less than 8 months Thomson was required to: (1) synthesize the over five million

28  pages of documents that had been produced and the over 100 depositions that had been conducted

THOMSON AND TDA DEFENDANTS' NOTICE
OF MOTION AND MOTION TO CONTINUE AND
SET TRIAL DATES

4

No. 07-5944-JST; MDL No. 1917

before it was brought into the case; (2) locate, identify, review and produce hundreds of thousands of documents regarding its former CPT operations – a business Thomson entirely exited in 2005; (3) prepare for and participate in depositions of Thomson witnesses – almost all of which were former employees; (4) prepare for and participate in ongoing depositions of other parties; (5) designate experts and work with them to develop reports containing highly-complex economic arguments to assist in Thomson's defense; (6) research, develop, and draft summary judgment motions due in November 2014; and (7) begin preparing for trial.[3]  As both its General Counsel and the only individual still employed by Thomson with knowledge of its former CPT business, Ms. Ehret was intimately involved with and critically important to Thomson's extraordinary efforts to complete all of these tasks in such a highly-compressed time period.  And while Thomson believed it would have been reasonable and justified to do so, it did not move the Court to place it on a separate pre-trial and trial schedule from the other Defendants who had been participating in the case for years.  Thomson's diligence in preparing its defense weighs heavily in favor of granting its request.  *See Gaspar*, 493 F.2d at 969 (stating that it is an abuse of discretion not to grant continuance for illness where requesting party has been diligent and request is not result of procrastination, bad faith, or unreasonable delay).

### (b) The requested continuance has great utility because it will enable Ms. Ehret to participate in the Sharp Trial, without disturbing the Sears/Kmart trial schedule.

If granted, the Thomson and TDA Defendants' request will serve at least two important purposes.  First, although Ms. Ehret's doctors are still conducting tests to determine the nature and timing of the multiple surgeries and medical treatments she will receive for her illness in the coming months, based upon the information currently available, it is hoped and believed that by January 2017 she will be well enough to fully and vigorously participate in a multi-week Sharp

---

[3] Sharp has previously argued Thomson should have been doing all of this work while its motions to dismiss were pending.  Thomson reasonably believed, however, the Court would dismiss the newly-filed complaints just as it dismissed the original complaints.  More importantly, Thomson's recent financial challenges and French bankruptcy have been well documented in this matter and Thomson reasonably hoped to avoid the extremely high costs it has since incurred undertaking the above-listed activities.

Trial.  By contrast, if trial is set for an earlier date, there is a greater and substantial risk that she will be unable to participate.[4]  Second, Defendants' request ensures that this Court may continue to expeditiously and efficiently conduct the Sears/Kmart Trial without modifying the November 7, 2016 trial date the Court previously tentatively set for that case.  Setting the Sears/Kmart Trial for November 7, 2016 enables the parties, witnesses, experts, and attorneys in that case who have previously planned on participating in trial during that time period to continue to do so without modifying their schedules.  It also allows the Court to efficiently manage its docket and move these cases toward a resolution by conducting a trial of one of the only remaining Northern District of California DAP cases during the period in which Ms. Ehret will be recovering from her illness and medical procedures.  Moreover, setting the Sears/Kmart Trial for November 7, 2016 would cause no prejudice to the parties in that case, since the Court had already tentatively set trial in that matter for that date.

The utility of the request also is increased by the Court's direction at the April 19, 2016 hearing that if it granted a continuance of the Sharp Trial date, it would do so only once.  Thus, if it subsequently became apparent that Ms. Ehret's illness prevented her from participating in a trial on the new date, at that point Thomson would be required to "substitute someone else in." (*See* April 19, 2016 Hearing Tr. at 48:2, attached as **Ex. B**.)  Thomson has tailored its request to avoid the prejudice that would be caused to it if such a substitution became necessary, while still enabling the Court and other parties to move these cases toward an expeditious resolution.

**(c)  The request will cause minimal inconvenience, if any.**

The request will cause minimal inconvenience, if any, to the Court and other parties. As noted above, it will not cause any inconvenience to the participants in the Sears/Kmart Trial – they may continue to prepare for trial in the same manner and on the same schedule as they have been.   The request will cause minimal inconvenience to the Court since scheduling the

---

[4] Even since the April 19, 2016 hearing, the decision as to the exact timing of Ms. Ehret's first surgery has been delayed until early May when additional test results will be available to her physicians.

1   Sears/Kmart Trial for November 7, 2016 will enable it to resolve that case and thereby

2   expeditiously move the cases that remain to be tried in this district towards completion.

3          Finally, Thomson and TDA's request will not materially inconvenience Sharp.  Sharp has

4   not indicated that any witness vital to its case could not participate in a January 2017 trial.  The

5   request does not come on the eve of trial, but over four months before the Sharp Trial was

6   tentatively set to begin.  Thus, Sharp has ample time to efficiently adjust its trial preparation

7   efforts in light of the continuance.  And it will not cause Sharp to incur additional costs to

8   unnecessarily repeat previously completed trial preparation efforts.  *See Flynt*, 756 F.2d at 1360-1

9   (contrasting motion for continuance made on eve of trial that if granted, would have required

10  opposing party to repeat extensive trial preparations, with circumstance where continuance would

11  cause "no cognizable inconvenience").  To the extent Sharp argues that Defendants' request will

12  require it to proceed to trial after Sears/Kmart when it would prefer the first trial setting, there is

13  no substantive reason that Sharp's claims should be tried first.  Nor has this Court previously held

14  that some principle of antitrust law mandates that Sharp's claims must be tried first.  Moreover,

15  Thomson is unaware of any legal authority that holds the type of prejudice Thomson will suffer if

16  Ms. Ehret cannot participate in trial is outweighed by Sharp's desire to proceed to trial a few

17  months sooner.  To the contrary, the cases consistently hold the opposite because "the interests in

18  favor of a fair trial heavily outweigh the interests in favor of an immediate trial." *Smith-Weik*

19  *Machinery Corporation*, 423 F.2d at 844-45; *see also Davis*, 378 F.2d at 102.   Because the

20  interest in ensuring the Sharp Trial is fair to Thomson heavily outweighs the minimal

21  inconvenience, if any, the request will cause to the Court and other parties, the Thomson and

22  TDA Defendants' request should be granted.

23          **(d) The request will eliminate the prejudice that would be caused by scheduling trial
            for a date when there is a substantial risk Ms. Ehret will not be able to
24          participate.**

25          Thomson would be significantly prejudiced if the Sharp Trial is set for a date that Ms.

26  Ehret cannot attend.  Ms. Ehret will serve as Thomson's corporate representative at trial.  She will

27  be present in the courtroom for what is expected to be a multi-week trial, answering questions

28  posed by Thomson's outside counsel, advising them on trial strategy, and otherwise actively

1   participating in Thomson's defense.  (Ehret Decl. at ¶ 12.)  Because there are no other remaining

2   Thomson employees with knowledge of its former CPT business, Ms. Ehret has no suitable

3   replacement – no other current Thomson employee has the requisite knowledge to meaningfully

4   assist in Thomson's defense, nor could any other Thomson employee acquire Ms. Ehret's depth

5   of knowledge in the interim.  (*Id*. at ¶ 13.)  Thomson would be forced to defend against claims

6   seeking to hold it liable for over $450 million in damages regarding events that allegedly occurred

7   over 11 to 21 years ago without a client representative who possesses knowledge about the

8   relevant facts, the industry, or the contested legal theories.  In cases where counsel or a party were

9   as critical to a party's ability to fully and fairly participate in trial as Ms. Ehret is here, courts

10  consistently have held that it is an abuse of discretion to deny a request for a reasonable

11  continuance.  *Smith-Weik Machinery Corporation*, 423 F.2d at 844-45; *Davis*, 378 F.2d at 102;

12  *Gaspar*, 493 F.2d at 969.   This is especially true, where, as here, the requesting party has

13  diligently prepared its defense, the request is not the result of bad faith or gamesmanship, the

14  continuance will remedy the potential prejudice, and it will not cause the Court or other parties

15  "cognizable inconvenience."  *See Flynt*, 756 F.2d at 1360-1; *see also Riveria-Guerrero*, 756 F.2d

16  at 1139-43.  To preserve the fairness of the Sharp Trial to Thomson without impacting the parties

17  in the Sears/Kmart Trial, the Thomson and TDA Defendants' request should be granted.

18                                   <u>**CONCLUSION**</u>

19          For the foregoing reasons, the Thomson and TDA Defendants respectfully request that the

20  Court enter an Order setting the Sears/Kmart Trial for November 7, 2016 and the Sharp Trial for

21  January 9, 2017.

22

23

24

25

26

27

28

1

Dated: April 25, 2016                    Respectfully submitted,

2
                                          By: */s/ Kathy L. Osborn*
3                                          Kathy L. Osborn (*pro hac vice*)
                                          Ryan M. Hurley (*pro hac vice*)
4                                          Faegre Baker Daniels LLP
                                          300 N. Meridian Street, Suite 2700
5                                          Indianapolis, IN  46204
                                          Telephone: +1 317-237-0300
6                                          Facsimile: +1 317-237-1000
                                          kathy.osborn@FaegreBD.com
7                                          ryan.hurley@FaegreBD.com

8
                                          Jeffrey S. Roberts (*pro hac vice*)
9                                          Faegre Baker Daniels LLP
                                          3200 Wells Fargo Center
10                                         1700 Lincoln Street
                                          Denver, CO  80203
11                                         Telephone: +1 303-607-3500
                                          Facsimile:  +1 303-607-3600
12                                         jeff.roberts@FaegreBD.com

13                                         Calvin L. Litsey (SBN 289659)
                                          Faegre Baker Daniels LLP
14                                         1950 University Avenue, Suite 450
                                          East Palo Alto, CA  94303-2279
15                                         Telephone: +1 650-324-6700
                                          Facsimile: +1 650-324-6701
16                                         calvin.litsey@FaegreBD.com

17                                         **Attorneys for Thomson SA and Thomson
                                          Consumer Electronics, Inc.**
18

19
                                          By: */s/ Donald A. Wall*
20                                         DONALD A. WALL (*pro hac vice*)
                                          Email: donald.wall@squirepb.com
21                                         SQUIRE PATTON BOGGS (US) LLP
                                          1 East Washington Street, Suite 2700
22                                         Phoenix, Arizona 85004
                                          Telephone: (602) 528-4000
23                                         Facsimile: (602) 253-8129

24                                         **Attorneys for Defendant Technologies Displays
25                                         Americas LLC**

26

27

28