# EXHIBIT A

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
3200 Wells Fargo
1700 Lincoln Street
Denver, CO 80203
Telephone: +1 303-607-3500
Facsimile: +1 303-607-3600
jeff.roberts@FaegreBD.com

Calvin L. Litsey (SBN 289659)
FAEGRE BAKER DANIELS LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279
Telephone: +1 650-324-6700
Facsimile: +1 650-324-6701
calvin.litsey@FaegreBD.com

*Attorneys for Defendants Thomson SA and Thomson Consumer*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | No. 07-cv-5944-JST<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-1173;<br><br>*Sears, Roebuck & Co., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514 | **DECLARATION OF MEGGAN EHRET**<br><br>Judge: Hon. Jon S. Tigar |

I, Meggan Ehret, hereby declare as follows:

1.     I am currently General Counsel, Litigation and Compliance for Thomson Consumer Electronics, Inc., a wholly-owned subsidiary of Thomson SA (collectively "Thomson"). The statements contained in this declaration are based on my personal knowledge and, if called as a witness, I could competently testify to the following facts.

2.     I submit this declaration in support of the Thomson and Technologies Displays America, LLC ("TDA") Defendants' Notice of Motion and Motion to Continue and Set Trial Dates.

DECLARATION OF MEGGAN EHRET         1         No. 07-5944-JST; MDL No. 1917

3. In early April 2016, I was diagnosed with a very serious illness. Although I am still undergoing medical tests and consulting with my doctors to determine the exact course of my treatment, it is expected that during the next several months I will be undergoing several surgeries and other invasive medical treatments and procedures.

4. It is also expected that these procedures will, at times, be debilitating, prevent me from working, and necessitate an extensive recovery period.

5. As a result of my illness, it is unlikely that I will be sufficiently recovered from my upcoming medical procedures to participate in a Sharp Trial in the Fall of 2016.

6. None of the employees involved with Thomson's former CPT-manufacturing business still work for Thomson.

7. I am the only remaining Thomson employee with any meaningful knowledge about its former CPT business, and I have developed even more knowledge through my extensive involvement in the defense of these CRT cases.

8. I have been the Thomson representative involved with assisting outside counsel in preparing its defense to the CRT cases.

9. Because no other current employees have knowledge about the former CPT business, I was designated to testify as the Thomson Fed.R.Civ.P. 30(b)(6) representative. I engaged in extensive preparations for my two-day Rule 30(b)(6) deposition. I spent more than 130 hours preparing by attending numerous depositions, interviewing more than 20 individuals, and reviewing hundreds of documents.

10. This preparation was in addition to my extensive prior involvement in investigating and defending against plaintiffs' allegations from the outset, providing input on case strategy and briefing, and overseeing all aspects of discovery including locating, gathering and evaluating responsive, relevant documents and data.

11. I am the only individual still employed by Thomson who possesses detailed – indeed *any* – meaningful knowledge regarding the facts and legal theories that support Thomson's defenses to the plaintiffs' claims.

DECLARATION OF MEGGAN EHRET      2      No. 07-5944-JST; MDL No. 1917

12. I will serve as Thomson's corporate representative at trial. I will be present in the courtroom for what is expected to be a multi-week trial, answering questions posed by Thomson's outside counsel, advising them on trial strategy, and otherwise actively participating in Thomson's defense.

13. Because there are no other remaining Thomson employees with knowledge of its former CPT business, I have no suitable replacement as Thomson's corporate representative.

14. I believe Thomson would be severely prejudiced if it was forced to proceed to trial at a time when it would be physically impossible for me to actively participate in Thomson's defense.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of April, 2016 at Indianapolis, Indiana.

*/s/ Meggan Ehret*
Meggan Ehret