# EXHIBIT B

```
                                                    Pages 1 - 66

                   UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF CALIFORNIA

    Before The Honorable Jon S. Tigar, Judge

    MDL NO. 1917 IN RE:  CATHODE   )
    RAY TUBE (CRT) ANTITRUST       )
    LIGITATION,                    )
                                   )    NO. C 07-05944 JST
                                   )
                                   )


                                        San Francisco, California
                                        Tuesday, April 19, 2016

                       TRANSCRIPT OF PROCEEDINGS

    APPEARANCES:
    For DAP:
                         BOIES, SCHILLER & FLEXNER, LLP
                         30 South Pearl Street, 11th Floor
                         Albany NY 12207
                    BY:  KYLE SMITH
                         ATTORNEY AT LAW
    For Costco:
                         PERKINS COIE LLP
                         1201 Third Avenue - Suite 4900
                         Seattle, Washington  98101
                    BY:  CORI GORDON MOORE
                         ATTORNEY AT LAW
    For PPA:
                         SAVERI & SAVERI, INC.
                         706 Sansome Street
                         San Francisco, California  94111
                    BY:  R. ALEXANDER SAVERI
                         GUIDO SAVERI
                         ATTORNEYS AT LAW

    For Viewsonic:
                         CROWELL & MORING LLP
                         515 South Flower Street, 40th Floor
                         Los Angeles, CA 90071
                    BY:  JASON MURRAY
                         ATTORNEY AT LAW
    Reported By:         Rhonda L. Aquilina, CSR #9956, RMR, CRR
                         Official Court Reporter
```

1  minute.

2  Ms. Osborn can talk to you all about setting up a briefing

3  schedule. Maybe Mr. Truax and Mr. Saveri can make some

4  progress on that too. I have a couple of more things to talk

5  about when I take the bench.

6  Let's be in recess for ten minutes.

7  (Recess taken at 3:03 p.m.)

8  (Proceedings resumed at 3:20 p.m.)

9  **THE COURT:** Okay. Let's go back on the record.

10  I'd like to make a further comment with regard to trial

11  scheduling and the various comments that have been made so far

12  today. And I want to start by emphasizing -- and what I'm

13  about to say is not an expression of an opinion that I think it

14  would be good or that I want anybody to do this, but two

15  different sets of concerns were raised today with regard to the

16  trial schedule, and so anticipating that both Mitsubishi for

17  its part and Thomson for its part, in addition to whatever is

18  said by anybody about trial order, and on that I have no reason

19  right now to think that I would change the trial order, but

20  that both of these parties are saying essentially can't we push

21  things back a couple of months.

22  And given how crowded my schedule is, I just, at the

23  break, wanted to take a look and see what that would look like,

24  and so I'll tell you what those dates would look like, even

25  though I'm not endorsing these dates. I'm not rejecting them

```
 1  either, and I'm not taking a position, but I think I know what
 2  those dates would look like if you were to move everything back
 3  at least a couple months, or excuse me, approximately a couple
 4  months.
 5       We'd have a pretrial conference on October 17 and 18.  I'm
 6  playing a little bit of chicken with my own calendar by
 7  suggesting those dates, but I have to do that sometimes.  The
 8  Sharp trial would -- we would move it to November 7th.  We
 9  would move it to the Sears/K-Mart date.  And we would move the
10  Sears/K-Mart trial to January 9th.  And then the DPP Mitsubishi
11  trial would start on March 6th.  The consolidated second
12  pretrial conference that we had talked about putting in late
13  October instead we would have on December 12th and 13th, not
14  quite two months, but, as you know, December gets to be
15  challenging if you go much past those two dates I just gave
16  you.  I'm not expressing an opinion, but that's what I think
17  what those dates would look like.
18       Ms. Osborn, I would expect that any motion that your
19  client made to continue the trial for the sake of the illness
20  of your client representative -- and I'm very sorry about those
21  circumstances -- that it would acknowledge that if the Court
22  granted a continuance, that at some point before that new trial
23  date, or pretrial conference date, or what have you, once it
24  became apparent, if it did, and I hope it doesn't, that the
25  client representative was not going to be able to fulfill her
```

```
 1  responsibilities with regard to the new date, that at that
 2  point the client would probably substitute someone else in.  In
 3  other words, this would be -- that whatever amount -- let me
 4  say it a different way.  Whatever amount of continuance you
 5  asked for -- and maybe if you file a motion it won't be for a
 6  couple months, it will be something else -- but for whatever
 7  amount of continuance you ask for, it would be on the
 8  assumption that I just identified.  Does that make sense?
 9           MS. OSBORN:  It does, Your Honor.
10           THE COURT:  All right.
11           MS. OSBORN:  May I approach?
12           THE COURT:  Sure.
13           MS. OSBORN:  We have conferred during the break, and I
14  think have discussed exactly what you previewed, that the
15  possibility that one of the trials would go forward on the
16  November 7th date, and the other trial would go forward on the
17  January date, what everyone wants to assess and wants to
18  discuss with their clients, because not everyone has a client
19  here today.
20       And we also weren't clear of what your schedule was in the
21  next couple weeks, and I know that you want to get this firmed
22  up quickly.  So we discussed the possibility of defendants, to
23  the extent we have information and could present it, would
24  either submit something to you that was an agreed document or
25  pretrial or trial schedule on Monday, and that plaintiffs would
```

## CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Thursday, April 21, 2016

_____
Rhonda L. Aquilina, CSR No. 9956, RMR, CRR
Court Reporter