Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street
Suite 3600
Los Angeles, California 90071
Telephone:   213 239-5100
Facsimile:    213 239-5199
bcaslin@jenner.com

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Charles B. Sklarsky (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
Jenner & Block LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone:    312 222-9350
Facsimile:     312 527-0484
ttruax@jenner.com
mbrody@jenner.com
csklarsky@jenner.com
gfuentes@jenner.com

Harold A. Barza (Cal. Bar. No. 80888)
Kevin Y. Teruya (Cal. Bar. No. 235916)
halbarza@quinnemanuel.com
kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:     (213) 443-3000
Facsimile:      (213) 443-3100

Ryan S. Goldstein (Cal. Bar No. 208444)
ryangoldstein@quinnemanuel.com
NBF Hibiya Building, 25F
1-1-7, Uchisaiwai-cho, Chiyoda-ku
Tokyo 100-0011, Japan
Telephone:     +81 3 5510 1711
Facsimile:      +81 3 5510 1712

*Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.*

MITSUBISHI ELECTRIC DEFENDANTS' MOTION TO SET TRIAL DATE
CASE NO. 14-CV-02058-JST, MDL NO. 1917

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>*Crago d/b/a Dash Computers, Inc., et al., on its own behalf and on behalf of similarly situated parties,*<br><br>　　　　　　　　　　*Plaintiffs,*<br>v.<br><br>*Mitsubishi Electric Corporation, et al.,* | MDL No. 1917<br><br>Master File No. 3:07-cv-05944-JST<br>Case No. 3:14-cv-02058-JST<br><br>**MITSUBISHI ELECTRIC DEFENDANTS' NOTICE OF MOTION AND MOTION TO SET TRIAL DATE**<br><br>Judge:　Hon. Jon S. Tigar<br>Court:　Courtroom 9, 19th Floor<br>Date:　10 a.m., June 9, 2016 |

---

MITSUBISHI ELECTRIC DEFENDANTS' MOTION TO SET TRIAL DATE
CASE NO. 3:14-CV-02058-JST, MDL NO. 1917

## NOTICE OF MOTION AND MOTION

To all parties and their attorneys of record:

PLEASE TAKE NOTICE that on June 9, 2016 at 10 a.m. or as soon thereafter as this matter may be heard before the Honorable Jon S. Tigar, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 9, 19th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc. (collectively, "Mitsubishi Electric") will present this motion asking the Court to set a firm trial date in accordance with the pre-trial schedule set forth herein.

This Motion is based upon this Notice and Motion, the Statement of the Issue, and other materials in the record, argument of counsel, and such other matters as the Court may consider.

## STATEMENT OF THE ISSUE

Whether a firm trial date of this case should be set for May 30, 2017, pursuant to the schedule of pre-trial proceedings set forth herein?

## INTRODUCTION

Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc. (collectively, "Mitsubishi Electric"), respectfully request that the Court set a firm trial date of May 30, 2017 for the trial of the Direct Purchaser Plaintiff ("DPP") case. Mitsubishi Electric agrees with the Court's conviction that deadlines clarify the mind. A firm trial date will commit the parties to completing the work necessary to conclude this case. At the same time, a trial date before late May or early June 2017 will not permit the parties – and the Court – reasonable time to complete the work that needs to be performed prior to trial. In support of this motion, Mitsubishi Electric states as follows:

With all the work still to be done in the DPP case – remaining fact discovery, expert discovery, dispositive motions, motions *in limine*, and pre-trial exchanges – starting trial on May 30, 2017 is ambitious, but feasible. Even if the *Sharp* or remaining Direct Action Plaintiff ("DAP") cases settle, the schedule Mitsubishi Electric proposes is far more ambitious than schedules previously set in the Indirect Purchaser Plaintiff and DAP cases, even after recognizing the efficiencies to be gained from the DPP case or from its limited size and later timing.

## BACKGROUND

The DPPs filed their Complaint naming Mitsubishi Electric as a Defendant in May 2014. Since then, Mitsubishi Electric has participated in fact discovery in the DAP and DPP cases.

Proceedings in the MDL have focused on the DAP cases. Mitsubishi Electric concluded fact discovery in those cases, participated in the DAP expert discovery, filed, briefed, and argued motions for summary judgment, and filed and briefed motions *in limine*. Mitsubishi Electric has settled all of the DAP cases brought against it.

In contrast, proceedings in the DPP case against Mitsubishi Electric have proceeded more slowly. No discovery cutoff has ever been set in the case and the parties are continuing to take

fact discovery. Among other things, the DPPs have been ordered to present their class representatives for deposition and to produce certain documents, both of which they resisted, necessitating motion practice. While Mitsubishi Electric served an expert witness interrogatory in *July 2015*, the DPPs have not yet identified their experts, expert reports have not been filed, and no expert discovery has been scheduled. Motions for summary judgment and *Daubert* motions concerning the as-of-yet unidentified experts have not been drafted, and motions *in limine* remain long off.

At the first status conference held by the Court on this case, on December 15, 2015, the Court suggested that the trial of this case could take place in January 2017, following the *Sharp* trial in September 2016 and the remaining DAP trial in November 2016. At the court conference held on April 19, 2016, the Court addressed those trial dates, and also suggested the possibility of the *Sharp* trial commencing in November 2016 and the DAP trial in January 2017. The Court further inquired whether the trial of the DPP class action against Mitsubishi Electric could be held in March 2017, and invited Mitsubishi Electric to file a motion to set a trial date.

## **DISCUSSION**

Mitsubishi Electric requests the Court to set the DPP case for trial on Tuesday, May 30, 2017 (or at the Court's convenience thereafter). Mitsubishi Electric believes that this date is appropriate because it will permit the parties to complete the outstanding fact and expert discovery in an orderly manner – without prejudicing either parties' interests. Moreover, an orderly trial date ensures that the Court has sufficient time to try the *Sharp* and DAP cases, and also to decide dispositive motions and motions *in limine* in the DPP case, along with its obligations in other cases on its docket. Much remains to do for the parties and the Court in the DPP case. Even with efficiencies from proceeding to trial after the *Sharp* and DAP cases, a firm trial date of March 30, 2017 is appropriate to allow the parties to prepare for trial.

Mitsubishi Electric proposes the following schedule:

| DATE | DESCRIPTION |
|---|---|
| August 15, 2016 | Fact Discovery Cutoff (non-expert) |
| September 1, 2016 | Expert Reports (opening report for party bearing the burden on any issue) (simultaneous) |
| November 11, 2016 | Expert Response Reports (simultaneous) |
| December 31, 2016 | Expert Discovery Cutoff |
| January 17, 2017 | Last day to file dispositive motions and *Daubert* motions |
| February 17, 2017 | Last day to file oppositions to dispositive motions and *Daubert* motions |
| March 3, 2017 | Last day to file replies in support of dispositive motions and *Daubert* motions |
| Late March-early April 2017 | Hearings on dispositive motions |
| March 27, 2017 | Last day to meet and confer before pretrial conference<br><br>\*Per the Court's Standing Order for Civil Jury Trials<br><br>"At least 21 days before the final pretrial conference, lead trial counsel shall meet and confer with respect to:<br><br>1. Settlement of the case;<br>2. Preparation of the joint pretrial statement;<br>3. Preparation and exchange of pretrial materials to be served and lodged pursuant to Federal Rule of Civil Procedure 26(a)(3); and<br>4. Clarifying and narrowing the contested issues for trial in order to achieve a just, speedy, and efficient resolution of the case." |
| April 1, 2017 | Last day to file motions *in limine* |
| April 24, 2017 | Last day to file oppositions to motions *in limine*<br><br>\*Per the Court's Standing Order for Civil Jury Trials<br><br>"[O]ppositions[to motions *in limine*] shall be filed and served at least three court days before the final pretrial conference." |
| April 24, 2017 | Last day to exchange exhibits and deposition designations<br><br>\*Per the Court's Standing Order for Civil Jury Trials<br><br>"At least 21 days before the final pretrial conference, the parties shall exchange copies of all exhibits, summaries, charts, schedules, diagrams, and other similar documentary materials to be used in their case-in-chief, together with a complete list of all such proposed exhibits." |

3

MITSUBISHI ELECTRIC DEFENDANTS' MOTION TO SET TRIAL DATE
CASE NO. 3:14-CV-02058-JST, MDL NO. 1917

| | | |
|---|---|---|
| May 1, 2017 | Last day to exchange counter designations and objections to exhibits and deposition designations | |
| May 3, 2017 | Last day to file joint pretrial statements and proposed order<br><br>*Per the Court's Standing Order for Civil Jury Trials<br><br>No later than 10 days before the pretrial conference, the parties shall file a joint pretrial statement and proposed order containing:<br><br>• Substance of the Action<br>• Relief Requested<br>• Undisputed Facts<br>• Disputed Factual Issues<br>• Agreed Statement<br>• Stipulations<br>• Witnesses to be Called<br>• Exhibits, Schedules & Summaries<br>• Disputed Legal Issues<br>• Pending Motions or Matters<br>• Bifurcation or Separate Trials of Issues<br>• Use of Discovery Responses<br>• Estimate of Time of Trial<br>• Settlement Discussion<br>• Miscellaneous | |
| May 8, 2017 | Last day to file and serve jury materials<br><br>*Per the Court's Standing Order for Civil Jury Trials<br><br>"Unless otherwise ordered, at least five court days prior to the<br>pretrial conference, the parties shall file and serve (a) jury voir dire questions, (b) proposed jury instructions; and (c) proposed jury verdict forms." | |
| May 15, 2017 | Final Pre-Trial Conference Hearing<br>(possible hearing on motions *in limine*)<br><br>*Per the Court's Standing Order for Civil Jury Trials<br><br>"The motions will be heard at the pretrial conference or at such other time as the Court may direct, unless the Court determines that oral argument is unnecessary." | |

4

| | |
|---|---|
| May 23, 2017 | Last day to file trial briefs (optional) <br><br> *Per the Court's Standing Order for Civil Jury Trials <br><br> "Trial briefs are optional, but any party wishing to file a trial brief must do so not less than five court days prior to the commencement of trial." |
| May 23, 2017 | Last day to deliver trial exhibits <br><br> *Per the Court's Standing Order for Civil Jury Trials <br><br> "Unless otherwise ordered, at least 5 court days prior to the commencement of the trial, the parties shall deliver three sets of all pre-marked exhibits in clearly labeled three-ring binders to the courtroom deputy." |
| May 30, 2017 | Trial Begins |

### A.  Fact Discovery Should Close on or Around August 15, 2016.

No fact discovery deadline has been set in this case, although the parties have continued to work hard on various outstanding discovery issues. While much of the fact discovery in the DAP cases can be used in this case, there is still substantial work to be completed. As the Court recently ordered, the DPPs must provide competitive intelligence productions by the end of April and nine 30(b)(6) depositions before the end of July. The DPPs are also pursuing discovery. In response to the DPPs' request, Mitsubishi Electric has produced one of its former employees, Mr. Innami, for a deposition this week. Permitting fact discovery through August 15 ensures that the parties have enough time to complete discovery and file any necessary motions.

This discovery cut-off date should not be controversial. Counsel for Mitsubishi Electric has conferred with counsel for the DPP class, and our understanding is that there is agreement on a proposed fact discovery cut-off for mid-August, or even shortly after. Counsel for the DPPs suggested as much at the April 19, 2016 status conference.

### B.  Expert Discovery Will Take Approximately Four Months.

While Mitsubishi Electric will do whatever it can to streamline expert discovery, this is a complicated case and we anticipate expert discovery will be substantial. Mitsubishi Electric and

the DPPs have not done any expert discovery to date. In July 2015, Mitsubishi Electric requested the DPPs to identify their experts. They have not done so, nor have they provided any expert reports.

Mitsubishi Electric proposes slightly more than four months for expert discovery: initial expert reports by each party with a burden of persuasion at trial within a few weeks after the close of fact discovery; approximately 70 days – slightly more than two months -- to provide responsive reports, and a little more than one month to complete all expert discovery (depositions and any follow-on discovery). This discovery will take place during the Thanksgiving and Christmas holidays, which often makes scheduling challenging. In contrast, the expert discovery in the DAP case lasted more than six months.

Mitsubishi Electric believes this is an ambitious, but reasonable time period for expert discovery in this complex case. If the DAP case is any indication, we anticipate the parties will present multiple experts, and at least some of the experts will present complicated economic data and models that will take time to analyze and address. This process should not be shortchanged. We anticipate that the DPPs will seek damages in the hundreds of millions of dollars. Mitsubishi Electric requests 60 days to respond to what it expects will be complex, voluminous reports.

### C. Dispositive Motions, Oppositions, and Replies Merit at Least Two and a Half Months.

Mitsubishi Electric will avoid duplicating issues that have been addressed in the DAP case, to the greatest extent possible. Still, there will be pre-trial motion practice. At the April 19 hearing, the DPPs suggested that Mitsubishi Electric will not – or should not – have anything new to say in a summary judgment motion in the DPP case. Even as to a motion directed to Mitsubishi Electric's asserted liability, there has been additional discovery, and we expect there will be more discovery prior to the close of fact discovery, that will be relevant to motion practice. In addition, other motions, such as motions addressing *Royal Printing* issues, or

FTAIA motions, may depend on facts specific to the DPPs. In such cases, Mitsubishi Electric will need to research and write new motions for summary judgment in the DPP cases.

The schedule should also include time for the Court to hear oral argument and decide the motions.  We recognize the Court has a full docket.  The expeditious, but reasonable schedule we have prepared permits time for the Court to address the motions, and for the parties to incorporate the Court's rulings into their trial presentations.

### D. The Parties Will Need to Prepare Pre-Trial Filings.

A case of this size will require time for normal pre-trial exchanges, as set forth in the Court's standing pre-trial procedures.  Under those procedures, the parties will exchange exhibit lists, depositions excerpts, and other pre-trial disclosures.  There are potentially thousands of exhibits and dozens of depositions to consider. Designating and objecting to this much material requires a significant amount of time and coordination. We also anticipate the parties will have at least some translation disputes to resolve.  The parties will need time to meet and confer on these issues.  The parties will also likely file motions *in limine*.  The nature of those motions will depend on the evidence the parties propose to introduce.  Again, while Mitsubishi Electric commits to expediting these processes, they will necessarily take some time to complete.  The above schedule permits these issues to be resolved in an orderly manner, and are in keeping with the Court's standing order.

### CONCLUSION

The parties still have a lot to do to prepare the DPP case for trial.  To be sure, efficiencies exist thanks to the DAP case, but they do not make a January or March trial date any more realistic.  Instead, Mitsubishi Electric requests that the Court set Tuesday, May 30, 2016, or a similar date convenient for the Court, as the firm trial date for the DPP case.

| | |
|---|---|
| Dated: April 25, 2016 | By: */s/ Terrence J. Truax*<br>Terrence J. Truax<br>Charles B. Sklarsky<br>Michael T. Brody<br>Gabriel A. Fuentes<br>Jenner & Block LLP<br>353 North Clark St., Chicago, IL 60654<br>Tel: 312-222-9350<br>Fax: 312-527-0484<br><br>Harold A. Barza<br>Kevin Y. Teruya<br>Quinn Emanuel Urquhart & Sullivan LLP<br>865 S. Figueroa St.<br>Los Angeles, CA 90017<br>Tel: 213-443-3000<br>Fax: 213-443-3100<br><br>Ryan S. Goldstein<br>Quinn Emanuel Urquhart & Sullivan LLP<br>ryangoldstein@quinnemanuel.com<br>NBF Hibiya Building, 25F<br>1-1-7, Uchisaiwai-cho, Chiyoda-ku<br>Tokyo 100-0011, Japan<br>Telephone:  +81 3 5510 1711<br>Facsimile:   +81 3 5510 1712<br><br>*Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.* |

**CERTIFICATE OF SERVICE**

I certify that on April 25, 2016, I electronically filed the foregoing Mitsubishi Electric Defendant' Motion To Set Trial Date with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 25th day of April, 2016.

By: */s/ Michael T. Brody*

Terrence J. Truax
Michael T. Brody
Gabriel A. Fuentes
JENNER & BLOCK LLP
353 North Clark St.
Chicago, IL 60654
Tel: 312-222-9350
Fax: 312-527-0484

*Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.*