*[Stipulating parties listed on signature page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-CV-05944-JST<br>MDL No. 1917 |
| This Document Relates To:<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514 | **STIPULATION AND [PROPOSED] ORDER REGARDING SEARS' & KMART'S DAMAGES TO BE SOUGHT AT TRIAL** |

STIPULATION AND [PROPOSED] ORDER REGARDING
SEARS' & KMART'S DAMAGES TO BE SOUGHT AT
TRIAL

Case No. 07-cv-5944 JST (N.D. Cal.)

1    WHEREAS the Second Supplemental Expert Report of Dr. Alan Frankel, prepared for Plaintiffs Sears, Roebuck and Co. and Kmart Corporation ("Plaintiffs"), dated September 25, 2014 ("the Second Supplemental Report"), sets out two alternative sets of damages estimates in Exhibit 20b regarding certain Hitachi purchases;

    WHEREAS Plaintiffs have determined that they do not intend to pursue the damages estimates attributed to Hitachi High Technologies that are set out in the first page of that Exhibit labeled with the Assumption, "Sears Purchases from Hitachi High Tech of Non-Hitachi Branded Products Are Considered Direct Purchases," to the extent that they are based on purchases of non-Zenith- or non-Hitachi-branded finished products;

    WHEREAS the Second Supplemental Report sets out two alternative sets of damages estimates in Exhibit 20b labeled "Before Mkt Share Adjustment" and "After Mkt Share Adjustment," the latter of which reflects Dr. Frankel's adjustment to his damages estimate for the tube market share held by companies that Plaintiffs do not contend were part of the alleged conspiracy; and

    WHEREAS Plaintiffs do not seek any damages based on the so-called "umbrella" theory based on tube sales by companies that Plaintiffs do not contend were part of the alleged conspiracy;

    PURSUANT TO LOCAL RULE 7-12, PLAINTIFFS AND DEFENDANT LG ELECTRONICS, INC., BY AND THROUGH THEIR RESPECTIVE COUNSEL OF RECORD, HEREBY STIPULATE AS FOLLOWS:

    1. Plaintiffs will not seek at trial the damages estimates attributed to Hitachi that are set out on page 1 of Exhibit 20b of the Second Supplemental Report labeled with the Assumption, "Sears Purchases from Hitachi High Tech of Non-Hitachi Branded Products Are Considered Direct Purchases," to the extent that they are based on Sears' purchases of non-Zenith- or non-Hitachi-branded finished products. This stipulation does not affect Plaintiffs' ability to seek at trial the damages estimates attributed to Hitachi that are set out in the first page of Exhibit 20b of the Second Supplemental Report labeled with the Assumption, "Sears Purchases from Hitachi High Tech of Non-Hitachi Branded Products Are Considered Direct Purchases," to the extent that such

damages are based on Sears' purchases of Zenith- or Hitachi-branded televisions. Nor does this stipulation affect Plaintiffs' ability to seek at trial the damages estimates attributed to Hitachi that are set out in the second page of Exhibit 20b of the Second Supplemental Report labeled with the Assumption, "Sears Purchases from Hitachi High Tech of Non-Hitachi Branded Products Are Considered Indirect Purchases." Lastly, this stipulation does not affect LGE's ability to challenge Sears' standing to recover any of the damages referenced in this paragraph.

2. Neither Plaintiffs nor their witnesses will present or otherwise make reference to the damages attributed to Hitachi High Tech based on purchases of non-Hitachi- and non-Zenith-branded products. Although this stipulation does not prevent Plaintiffs from testifying or referencing at trial that they made such purchases and did not include them as part of Plaintiffs' damages claim, LGE reserves the right to object to any such references at trial.

3. Plaintiffs will not seek at trial damages based on the pre-market-share-adjustment damages estimates presented in the Second Supplemental Report. Although this stipulation does not prevent Plaintiffs from referencing such damages estimates at trial, LGE reserves the right to object to any such references at trial.

4. LGE will withdraw as moot issue numbers one and two (i.e., "Umbrella damages" and "Damages based on purchases of non-Hitachi branded products from Hitachi High Technologies") of its Request for Leave to File a Motion to Require Sears/Kmart to Specify Damages Attributable to Purchases from Specific Vendors and to Clarify Damages Theories, ECF No. 4562.

5. This stipulation shall not be introduced into evidence during the jury trial or read to the jury during trial, and it shall not be relied on to support an entitlement to any relief not expressly contemplated by the terms of this stipulation.

| | | |
|---|---|---|
| 1 | Dated: April 28, 2016 | Respectfully submitted, |

MUNGER, TOLLES & OLSON LLP

*/s/ Brad D. Brian*
Brad Brian (State Bar No. 079001)
brad.brian@mto.com
Gregory J. Weingart (State Bar No. 157997)
gregory.weingart@mto.com
Susan E. Nash (State Bar No. 101837)
susan.nash@mto.com
E. Martin Estrada (State Bar No. 223802)
martin.estrada@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendant LG Electronics, Inc.*

*/s/ William J. Blechman*
Richard Alan Arnold
kmurray@knpa.com
William J. Blechman
wblechman@knpa.com
Kevin J. Murray
rarnold@knpa.com
KENNY NACHWALTER, P.A.
Four Seasons Tower
Suite 1100
1441 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861

*Attorneys for Plaintiffs Sears, Roebuck and Co. and Kmart Corp.*

Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.

1 | It is so stipulated and agreed to by the parties.

3 | PURSUANT TO STIPULATION, IT IS SO ORDERED.

5 | Dated:_____

                                                Hon. Jon S. Tigar
                                          United States District Judge