*[Stipulating parties listed on signature page]*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-CV-05944-JST<br>MDL No. 1917 |
| This Document Relates To:<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514 | **STIPULATION AND [PROPOSED] ORDER REGARDING SEARS & KMART'S SCOPE OF ARGUMENT AT TRIAL** |

WHEREAS Plaintiffs Sears, Roebuck and Co. and Kmart Corporation ("Plaintiffs") are the only remaining plaintiffs in Case No. 11-cv-05514;

WHEREAS LG Electronics, Inc. ("LGE") is the only remaining defendant in Case No. 11-cv-05514;

PURSUANT TO LOCAL RULE 7-12, PLAINTIFFS AND LGE, BY AND THROUGH THEIR RESPECTIVE COUNSEL OF RECORD, HEREBY STIPULATE AS FOLLOWS:

1. Plaintiffs will not argue at trial or otherwise suggest that they are the only entities seeking to hold LGE liable for its involvement in the alleged conspiracy, such that Plaintiffs are "the only champions" attempting to hold LGE accountable.

2. Nothing in this stipulation prevents Plaintiffs from arguing in support of their motion *in limine* that evidence of other lawsuits and settlements should be excluded or from seeking a jury instruction from the Court explaining the importance of private enforcement of the antitrust laws. *See* ECF No. 3558 at 24-29 (MIL # 6). Nor does anything in this stipulation prevent LGE from arguing in opposition to that motion that evidence of other lawsuits and settlements should be admitted, or in opposition to such a jury instruction. *See* ECF No. 3676-4 at 28-35.

3. LGE will withdraw as moot its Request for Leave to File a Motion to Exclude Any Argument by Plaintiffs that They Are the Only Entities Trying to Hold LGE Liable for Its Involvement in the Alleged Conspiracy and to Admit Evidence of Other Lawsuits and Settlements, ECF No. 4562.

4. This stipulation shall not be introduced into evidence during the jury trial or read to the jury during trial, and it shall not be relied on to support an entitlement to any relief not expressly contemplated by the terms of this stipulation.

| | | |
|---|---|---|
| 1 | Dated: April 28, 2016 | Respectfully submitted, |

*MUNGER, TOLLES & OLSON LLP*

*/s/ Brad D. Brian*
Brad Brian (State Bar No. 079001)
brad.brian@mto.com
Gregory J. Weingart (State Bar No. 157997)
gregory.weingart@mto.com
Susan E. Nash (State Bar No. 101837)
susan.nash@mto.com
E. Martin Estrada (State Bar No. 223802)
martin.estrada@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendant LG Electronics, Inc.*

*/s/ William J. Blechman*
Richard Alan Arnold
kmurray@knpa.com
William J. Blechman
wblechman@knpa.com
Kevin J. Murray
rarnold@knpa.com
KENNY NACHWALTER, P.A.
Four Seasons Tower
Suite 1100
1441 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861

*Attorneys for Plaintiffs Sears, Roebuck and Co. and Kmart Corp.*

Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.

It is so stipulated and agreed to by the parties.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:_____                    _____
                                                          Hon. Jon S. Tigar
                                                       United States District Judge