Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 204-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-05944 (JST)<br>MDL No. 1917<br><br>**SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S RESPONSE TO THE THOMSON AND TDA DEFENDANTS' MOTION TO CONTINUE AND SET TRIAL DATES**<br><br>Date:         June 9, 2016<br>Time:         2:00 p.m.<br>Courtroom:  9, 19th Floor<br><br>The Honorable Jon S. Tigar |
| This Document Relates to:<br><br>*Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, Case No. 13-cv-01173 (JST)<br><br>*Sears, Roebuck & Co., et al. v. Chunghwa Picture Tubes, Ltd., et al*., Case No. 11-cv-05514 (JST) | |

Plaintiffs Sharp Electronics Corporation ("SEC") and Sharp Electronics Manufacturing Company of America, Inc. ("SEMA") are respectful and sympathetic of the circumstances that form the basis for Thomson and TDA's motion to continue the Sharp trial. SEC and SEMA agree, subject to Court approval, to a postponement of the Sharp trial from September 6 to November 7, 2016 to accommodate the medical needs of Ms. Ehret.  SEC and SEMA do not, however, agree that the order of the upcoming trials should be reversed, or that the Sharp trial—originally scheduled to take place in March 2015 (*see* Stipulation & Order re Scheduling at 4, Mar. 21, 2014, ECF No. 2459)—should now be postponed until January 2017. SEC and SEMA respectfully submit that no good cause supports these additional requests by Thomson and TDA, which are joined by LG.

At the trial-setting conference on April 19, the Court initially announced that the Sharp trial against the Thomson, TDA, and Toshiba defendants was tentatively scheduled to commence on September 6, 2016; the Sears/Kmart trial against LG to commence on November 7, 2016; and the DPP trial against the Mitsubishi defendants to commence on January 9, 2017. (Decl. of Kenneth A. Gallo ISO SEC & SEMA's Resp. to the Thomson & TDA Defs.' Mot. to Continue & Set Trial Dates, Apr. 29, 2016 ("Gallo Decl."), Ex. A, Hr'g Tr. at 19:19–20:23, 35:5–18, Apr. 19, 2016, ECF No. 4610.)  This was consistent with the previous statements by this Court on December 15, 2015 tentatively setting the Sharp trial to proceed first (Hr'g Tr. at 36:14–38:21, Dec. 23, 2015, ECF No. 4266; *accord* Min. Entry, Dec. 15, 2015, ECF No. 4242), and with the sequence of trials ordered by Judge Conti on August 7, 2015 (Hr'g Tr. at 11:1–5, Aug. 11, 2015, ECF No. 3969; *accord* Min. Entry, Aug. 7, 2015, ECF No. 3961).

Later in the April 19 conference, counsel for Thomson informed the Court that its in-house counsel, Ms. Ehret, had received a serious medical diagnosis that would require surgeries and treatment over the next weeks and months, and advised the Court that if the Sharp trial were to be moved "even a couple of months to the November date," Ms. Ehret might then be at her "full power" to participate at trial.  (Gallo Decl., Ex. A at 38:3–39:3.)  Recognizing that counsel for SEC and SEMA had not had time to consider this development, or to consult with

1

1  their clients (Gallo Decl. ¶¶ 6–7), the Court recommended that the parties confer during a break
2  regarding a possible accommodation. (Gallo Decl., Ex. A at 39:4–40:14.) During that break,
3  counsel for SEC and SEMA informed the other parties' counsel that they would recommend to
4  their clients that they agree to the November 7, 2016 trial date as Thomson was requesting.
5  (Gallo Decl. ¶¶ 8–9.) Counsel for LG consulted with his client and stated that LG would prefer
6  to switch the order of the trials such that its trial against Sears/Kmart would proceed first on the
7  November 7, 2016 date and, consequently, the Sharp trial would be postponed until January 9,
8  2017. (*Id.* ¶ 9.) Counsel for SEC and SEMA made it clear that they would not recommend to
9  their clients that they agree to changing the order of the trials or pushing the Sharp trial back to
10 January 2017. (*Id.*)

11     When the Court returned to the bench following the break, it indicated that its
12 schedule could accommodate two months' delay, moving the dates for the remaining MDL cases
13 in the Northern District of California as follows:

| Date | Event |
|---|---|
| October 17–18, 2016 | Final Pretrial Conference in *Sharp Elecs. Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-01173 (the "Sharp action") |
| November 7, 2016 | Trial Begins in the Sharp action |
| December 12–13, 2016 | Final Pretrial Conference in *Sears, Roebuck & Co. & Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514; (the "Sears/Kmart action"), and *Crago d/b/a Dash Computers, Inc., et al. v. Mitsubishi Elec. Corp., et al.*, No. 14-cv-02058 (the "DPP action") |
| January 9, 2017 | Trial Begins in the Sears/Kmart action |
| March 6, 2017 | Trial Begins in the DPP action[1] |

---

[1] Mitsubishi has filed a motion requesting a continuance of trial until May 30, 2017. (*See* Mitsubishi Elec. Defs.' Not. of Mot. & Mot. to Set Trial Date, Apr. 25, 2016, ECF No. 4602.) Although SEC and SEMA maintain that moving the Sharp trial to November 7, 2016 represents the most reasonable and appropriate continuance under the circumstances, we note that if the Court agrees to grant Thomson a continuance until January 9, 2017 and also grants Mitsubishi's motion, there would be ample time to conduct the Sears/Kmart trial on March 6, 2017 without modifying the original order of the trials.

1  (Gallo Decl., Ex. A at 46:9–47:17.)  The Court also indicated that, if it granted a continuance and
2  Ms. Ehret was still unable to attend trial on the new date, then Thomson would need to be
3  prepared to move forward with a different corporate representative.  (*Id.* at 47:18–48:8.)

4  Now, Thomson and TDA, joined by LG, propose that the Sharp trial be postponed
5  not just to November 2016, but to January 2017, and that the order of the trials be reversed with
6  LG's trial against Sears/Kmart going first in November.  (Thomson & TDA Defs.' Not. of Mot.
7  & Mot. to Continue & Set Trial Dates, Apr. 25, 2016, ECF No. 4598; LG Elecs., Inc.'s Joinder in
8  Thomson Defs.' Mot. to Continue & Set Trial Dates, Apr. 25, 2016, ECF No. 4601.)  With
9  respect, SEC and SEMA oppose this request.  Thomson and TDA's motion and Ms. Ehret's
10 declaration do not provide a factual basis to conclude that Ms. Ehret will definitely be available
11 to participate as Thomson's corporate representative in trial, irrespective of whether it proceeds
12 in November or in January.  Thomson only acknowledges that further medical tests are still being
13 conducted and it "hope[s] and believe[s]" Ms. Ehret will be available in January 2017, and
14 suggests there is an increased risk she will be unable to participate at trial if it takes place at "an
15 earlier date."  (ECF No. 4598, at 5–6.)  This record does not provide a basis to set the Sharp trial
16 in January rather than November, nor does it provide a basis to reorder the trials.

17 At this time, a November trial date is over six months away.  Thomson has more
18 than adequate time to prepare, even if Ms. Ehret's participation is limited.  While ideally Ms.
19 Ehret will be available to participate in a November trial, given the uncertainty of her medical
20 situation, Thomson will have ample time to make alternative arrangements to ensure that it is
21 able to proceed without Ms. Ehret, if necessary.  Such arrangements should be possible, as Ms.
22 Ehret is not lead trial counsel for Thomson nor is she a percipient witness to the matters in
23 dispute here.  She was not employed at Thomson for most of the relevant period, and gave no
24 testimony based on personal knowledge regarding CPT pricing or sales at her Rule 30(b)(6)
25 deposition.[2]  (*See* Gallo Decl., Ex. B, Thomson 30(b)(6) Dep. (Meggan Ehret) at 57:24–59:13,

---

[2]  Ms. Ehret's detailed notes reflecting her knowledge gained in preparation for her Rule 30(b)(6) deposition were provided to plaintiffs, and are available to Thomson's outside counsel should they wish to consult them.  (Gallo Decl., Ex. C, Dep. Ex. 8104, *Meggan Ehret, Thomson*

3

SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S
RESPONSE TO THE THOMSON AND TDA DEFENDANTS' MOTION TO CONTINUE AND SET TRIAL DATES
CASE NO. 07-CV-05944 (JST), MDL NO. 1917

Jan. 8, 2015 (filed under seal); *c.f. id.* at 184:23–187:23.)  Rather, her role has been to "assist[] outside counsel in preparing its defense," including by preparing to be a Rule 30(b)(6) witness on behalf of Thomson, and by "providing input on case strategy and briefing, and overseeing all aspects of discovery including locating, gathering and evaluating responsive, relevant documents and data."  (Decl. of Meggan Ehret ¶¶ 8–10, Apr. 25, 2016, ECF No. 4598-1.)  Parties often are required to deal with circumstances where members of trial teams become wholly or partially unavailable for personal or medical reasons or professional scheduling conflicts.  Thomson has retained very capable outside counsel, who have participated in this case throughout the discovery period, have attended every single hearing and deposition that Ms. Ehret has, and still have more than six months to prepare for a November trial.

None of the cases cited by Thomson and TDA justify a continuance to January 2017, or a reordering of the trial date.  Two of the cases (the only ones from the Ninth Circuit) had nothing to do with continuances due to illnesses of lawyers or parties in a civil case; they instead evaluated continuances in different circumstances under the due process standard in criminal proceedings.  *See United States v. Rivera-Guerrero*, 426 F.3d 1130, 1142–44 (9th Cir. 2005) (due process and liberty interests required a continuance so that the criminal defendant could develop expert evidence regarding his involuntary medication); *United States v. Flynt*, 756 F.2d 1352, 1356, 1361–62 (9th Cir. 1985) (criminal defendant should have been granted a "thirty-day continuance in order to allow [him] to obtain expert witnesses and to secure substitute counsel" so that he could "put forward the only defense he had"), *amended by* 764 F.2d 675 (9th Cir. 1985).  None of the out-of-circuit cases addressing requests for brief continuances due to illness of a party or lead trial counsel are similar to the facts here, which involve the illness of a corporate defendant's in-house lawyer, who is not a percipient witness. In one case, the "principal [outside] counsel was ill, local counsel was relatively unprepared,

---

*SA's Corporate Designee, Notes Regarding Certain Thomson SA 30(b)(6) Deposition Topics*, January 8-9, 2015 (filed under seal); Gallo Decl., Ex. D, Dep. Ex. 8105, *Meggan Ehret, Thomson Consumer Electronics, Inc.'s Corporate Designee, Notes Regarding Certain Thomson Consumer 30(b)(6) Deposition Topics*, January 8-9, 2015 (filed under seal).)

[and] the time for continuance was short." *Smith-Weik Mach. Corp. v. Murdock Mach. & Eng'g Co.*, 423 F.2d 842, 845 (5th Cir. 1970). In another, the *individual* plaintiff had pneumonia that prevented him from attending trial for "seven to ten days." *Davis v. Operation Amigo, Inc.*, 378 F.2d 101, 103 (10th Cir. 1967). In the third, the party suffering from the illness was also a key fact witness whose live "testimony was necessary for the defense of the case." *Gaspar v. Kassm*, 493 F.2d 964, 969 (3d Cir. 1974).

No doubt there is inconvenience associated with Thomson having to prepare for trial without the full participation of a trusted corporate representative. But, the unfortunate reality is that, even if the Court were to grant a continuance to January 2017, there is no assurance that Ms. Ehret would be able to participate in a meaningfully different manner. It undoubtedly was this inherent uncertainty that led the Court to state that any continuance would be granted with the understanding that Thomson would be prepared to substitute another corporate representative if needed. (Gallo Decl., Ex. A at 47:18–48:8.)

Finally, the decisions—first by Judge Conti and then by this Court—to try the Sharp case first, made good sense at the time they were made and continue to make good sense. (*See* ECF No. 4266, at 36:14–38:21; ECF No. 3969, at 11:1–13:20.) Nothing in Thomson and TDA's application changes that conclusion. The Sharp trial is qualitatively different than the other MDL cases. As Judge Conti explained, the Sharp trial is the *only* opt-out case based entirely on direct CRT purchases, and so differs from the other cases—including the Sears/Kmart litigation—which are proceeding under the ownership and control theory of *Royal Printing Co. v. Kimberly-Clark Corp.*, 621 F.2d 323 (9th Cir. 1980) and *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977).[3] (ECF No. 3969, at 12:4–9.) The Sharp trial also avoids the FTAIA issues that must

---

[3] Counsel for Toshiba agrees. (ECF No. 3969, at 12:10–11 ("Of course I agree, Your Honor, that there are no *Royal Printing* issues related to the Sharp case.").) Moreover, the defendants (including Thomson, TDA and LG) sought summary judgment on antitrust standing related to *Illinois Brick* and *Royal Printing* as to other MDL plaintiffs, but not as to SEC or SEMA. (*See* Defs.' Joint Not. of Mot. & Mot. for Partial Summ. J. Against IPPs & Certain DAPs for Lack of Antitrust Injury & Antitrust Standing Under Fed. & Certain State Laws at 4 n.5, Nov. 8, 2014, ECF No. 3050 (filed under seal) ("Defendants do not bring this motion against

5

SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S
RESPONSE TO THE THOMSON AND TDA DEFENDANTS' MOTION TO CONTINUE AND SET TRIAL DATES
CASE NO. 07-CV-05944 (JST), MDL NO. 1917

be resolved in connection with the other litigations—including the Sears/Kmart litigation.  (*See* SEC & SEMA's Opp. to Defs.' Mot. *in Limine* No. 8 at 2 & n.2, Feb. 27, 2015, ECF No. 3678-3 (filed under seal).)  The Sharp trial also does not require the examination of upstream pass-on evidence, which is necessary in the other litigations—including the Sears/Kmart litigation.  (*See generally* SEC & SEMA's Opp. to Defs.' Mot. *in Limine* No. 16, Feb. 27, 2015, ECF No. 3666; *see also* Defs.' Reply ISO Mot. *in Limine* No. 16 at 6, Mar. 6, 2015, ECF No. 3770 (defendants arguing that "[a]lthough upstream pass-on evidence may not apply to Sharp's claims, it certainly applies to Sharp's co-plaintiffs").)

This streamlined focus on the essential evidence of the CRT conspiracy makes the Sharp trial the most suitable candidate for promoting subsequent CRT-related settlements.  In contrast, a less than favorable result for Sears/Kmart—which may hinge on issues of pass-on, standing, ownership/control, or the FTAIA—would not provide a meaningful data point on a jury's view of the core liability evidence.  Indeed, the Court identified the significant "settlement promoting effect of the Sharp trial" as a reason to adhere to Judge Conti's existing trial sequence.  (*See* ECF No. 4266, at 37:5–38:21; *see also id.* at 40:3–41:7)

Out of consideration for Ms. Ehret's medical condition, SEC and SEMA have agreed without objection to a November 7, 2016 trial date.  SEC and SEMA, however, do object to reordering the current sequence of trials and delaying the Sharp trial to January 2017—nearly two years after the original trial date in this litigation—which may promote the tactical interests of one or more other parties.

## CONCLUSION

For these reasons, Thomson's motion should be denied, and the Court should set November 7, 2016 as the Sharp trial date.

---

Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.").)

6

SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S
RESPONSE TO THE THOMSON AND TDA DEFENDANTS' MOTION TO CONTINUE AND SET TRIAL DATES
CASE NO. 07-CV-05944 (JST), MDL NO. 1917

DATED:  April 29, 2016        By:   */s/ Kenneth A. Gallo*

                Kenneth A. Gallo (*pro hac vice*)
                Joseph J. Simons (*pro hac vice*)
                Craig A. Benson (*pro hac vice*)
                **PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP**
                2001 K Street, NW
                Washington, DC  20006
                Telephone: (202) 223-7300
                Facsimile: (202) 223-7420
                Email: kgallo@paulweiss.com
                Email: jsimons@paulweiss.com
                Email: cbenson@paulweiss.com

                Stephen E. Taylor (SBN 058452)
                Jonathan A. Patchen (SBN 237346)
                **TAYLOR & COMPANY LAW OFFICES, LLP**
                One Ferry Building, Suite 355
                San Francisco, California  94111
                Telephone:  (415) 788-8200
                Facsimile:  (415) 788-8208
                Email: staylor@tcolaw.com
                Email: jpatchen@tcolaw.com

                *Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Co. of America, Inc.*

**CERTIFICATE OF SERVICE**

On April 29, 2016, I caused a copy of SEC and SEMA's Response to the Thomson and TDA Defendants' Motion to Continue and Set Trial Dates to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

DATED: April 29, 2016           By: */s/ Kenneth A. Gallo*
                                     Kenneth A. Gallo