Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and*
*Sharp Electronics Manufacturing Company of America, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-05944 (JST) <br> MDL No. 1917 |
| This Document Relates To: <br><br> *Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, Case No. 13-cv-01173 (JST) <br><br> *Sears, Roebuck & Co., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, Case No. 11-cv-05514 (JST) | **DECLARATION OF KENNETH A. GALLO IN SUPPORT OF SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S RESPONSE TO THE THOMSON & TDA DEFENDANTS' MOTION TO CONTINUE AND SET TRIAL DATES** <br><br> Date: June 9, 2016 <br> Time: 2:00 p.m. <br> Courtroom: 9, 19th Floor <br><br> The Honorable Jon S. Tigar |

I, KENNETH A. GALLO, hereby declare as follows:

1.      I am a partner with the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel for Plaintiffs Sharp Electronics Corporation ("SEC") and Sharp Electronics Manufacturing Company of America, Inc. ("SEMA") (together, "Sharp").  I am a member in good standing of the bar of the District of Columbia and of the State of New York.  I was admitted to practice law in the District of Columbia on June 23, 1983, and admitted to practice law in the State of New York on May 23, 2007, and on March 20, 2013 was granted leave to appear *pro hac vice* in the above-captioned cases.  I have personal knowledge of the facts stated herein and could competently testify to these facts if called upon to do so.  I submit this Declaration in support of SEC and SEMA's concurrently filed Response to the Thomson and TDA Defendants' Motion to Continue and Set Trial Dates.

2.      Attached as Exhibit A is a true and correct copy of excerpts from the transcript of proceedings held on April 19, 2016, in *In re Cathode Ray Tubes (CRT) Antitrust Litigation*, MDL 1917, No. 07-cv-5944 (JST) (N.D. Cal.), ECF No. 4610.

3.      Attached as Exhibit B is a true and correct copy of excerpts from the Rule 30(b)(6) deposition transcript of Thomson SA and Thomson Consumer Electronics, Inc. through Meggan Ehret, dated January 8, 2015 (filed under seal).

4.      Attached as Exhibit C is a true and correct copy of the document entitled *Meggan Ehret, Thomson SA's Corporate Designee, Notes Regarding Certain Thomson SA 30(b)(6) Deposition Topics*, dated January 8-9, 2015, stamped deposition exhibit 8104 (filed under seal).

5.      Attached as Exhibit D is a true and correct copy of the document entitled *Meggan Ehret, Thomson Consumer Electronics, Inc.'s Corporate Designee, Notes Regarding Certain Thomson Consumer 30(b)(6) Deposition Topics*, dated January 8-9, 2015, stamped deposition exhibit 8105 (filed under seal).

6.      On the morning of April 19, 2016, Kathy Osborn, outside counsel for Thomson SA, n/k/a Technicolor SA and Thomson Consumer Electronics, Inc., n/k/a Technicolor

USA, Inc. (together "Thomson"), informed me for the first time of the medical diagnosis received by Meggan Ehret, corporate representative and in-house counsel for Thomson.  Ms. Osborn told me of her intention to seek a continuance of the Sharp trial until November 7, 2016.

7.      I was unable to confer with my clients regarding this development prior to the trial-setting conference at 2:00 p.m. the same day.

8.      During a brief recess at the trial-setting conference lasting from approximately 3:03 p.m. until 3:20 p.m., I conferred with Brad Brian, counsel for LG Electronics, Inc. ("LG"), William Blechman, counsel for Sears, Roebuck and Co. and Kmart Corporation ("Sears/Kmart"), Ms. Osborn, and other counsel for the parties.

9.      I informed counsel that I would recommend to my clients that they agree to move the Sharp trial date to November 7, 2016, as Ms. Osborn had requested.  Counsel for LG told me that he had consulted with his client, and LG would prefer to switch the order of trials, such that the LG trial would proceed first against Sears/Kmart on November 7, 2016, and the Sharp trial would proceed second on January 9, 2017.  Thereafter, the Court returned to the bench conducted additional proceedings.  After the hearing ended, I repeated to counsel that I would recommend that my clients agree to a continuance of the Sharp trial date to November 7, 2016, but that I would not recommend my clients agree to changing the trial order such that the Sears/Kmart trial against LG would proceed first on November 7, 2016, or that the Sharp trial be continued until January 2017.

10.     I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of April, 2016, at Washington, DC.

_____ /s/  *Kenneth A. Gallo* _____

Kenneth A. Gallo