# **E**XHIBIT **A**

**Pages 1 - 66**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Jon S. Tigar, Judge

MDL NO. 1917 IN RE: CATHODE     )
RAY TUBE (CRT) ANTITRUST        )
LIGITATION,                     )
                                )    NO. C 07-05944 JST
                                )
_____)

                    San Francisco, California
                    Tuesday, April 19, 2016

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:
For DAP:
            BOIES, SCHILLER & FLEXNER, LLP
            30 South Pearl Street, 11th Floor
            Albany NY 12207
       **BY: KYLE SMITH**
            **ATTORNEY AT LAW**
For Costco:
            PERKINS COIE LLP
            1201 Third Avenue - Suite 4900
            Seattle, Washington  98101
       **BY: CORI GORDON MOORE**
            **ATTORNEY AT LAW**
For PPA:
            SAVERI & SAVERI, INC.
            706 Sansome Street
            San Francisco, California  94111
       **BY: R. ALEXANDER SAVERI**
            **GUIDO SAVERI**
            **ATTORNEYS AT LAW**

For Viewsonic:
            CROWELL & MORING LLP
            515 South Flower Street, 40th Floor
            Los Angeles, CA 90071
       **BY: JASON MURRAY**
            **ATTORNEY AT LAW**
Reported By:     Rhonda L. Aquilina, CSR #9956, RMR, CRR
                 Official Court Reporter

**PLAINTIFF APPEARANCES:   (CONTINUED)**
For Sears and KMart:
           KENNY, NACHWALTER
           1100 Miami Center
           201 South Biscayne Blvd
           Miami, FL 33131-4327
    **BY:   WILLIAM BLECHMAN**
        **SAMUEL RANDALL**
        **ATTORNEYS AT LAW**

For PPA:
           TRUMP, ALIOTO & TRUMP
           2280 Union Street
           San Francisco, CA 94123
    **BY:   MARIO ALIOTO**
        **ATTORNEY AT LAW**

For Sharp:
           PAUL, WEISS, RIFKIND, WHARTON
            & GARRISON LLP
           2001 K Street, NW
           Washington, DC 20006
    **BY:   CRAIG BENSON**
        **KEN GALLO**
        **ATTORNEYS AT LAW**

For DPP:
           COTCHETT, PITRE & MCCARTHY LLP
           San Francisco Airport Office Center
           840 Malcolm Road
           Burlingame, California  94010
    **BY:   STEVEN N. WILLIAMS**
        **ATTORNEY AT LAW**

For Dell:
           ALSTON & BIRD LLP
           Silicon Valley
           275 Middlefield Road - Suite 150
           Menlo Park, California  94025
    **BY:   DEBRA BERNSTEIN**
        **ATTORNEY AT LAW**

For Plaintiffs:
           LAW OFFICES OF FRANCIS O. SCARPULLA
           44 Montgomery Street
           San Francisco, CA 94104
    **BY:   FRANCIS O. SCARPULLA**
        **ATTORNEY AT LAW**

For Plaintiffs:
           SHERMAN KASSOF
           954 Risa Road, Ste. B
           Lafayette, CA 94549
    **BY:   SHERMAN KASSOF**
        **ATTORNEY AT LAW**

**APPEARANCES: (CONTINUED):**
FOR CRT:

        LAW OFFICES OF JOSEPH M. PATANE
        2280 Union Street
        San Francisco, CA 94123
  **BY:** **JOSEPH PATANE**
        **LAUREN C. CAPURRO**
        **ATTORNEYS AT LAW**

For IPPs:

        ZELLE, LLP
        44 Montgomery Street, Ste. 3400
        San Francisco, CA 94104
  **BY:** **CHRISTOPHER MICHELETTI**
        **ATTORNEY AT LAW**

For Defendant Chungwha

        GIBSON, DUNN & CRUTCHER LLP
        555 Mission Street
        San Francisco, California  94105
  **BY:** **RACHEL S. BRASS**
        **ATTORNEY AT LAW**

For Defendant Samsung:

        SHEPPARD, MULLIN, RICHTER,
        & Hampton
        Four Embarcadero Center - 17th Floor
        San Francisco, California 94111
  **BY:** **MICHAEL SCARBOROUGH**
        **ATTORNEY AT LAW**

For Defendant Panasonic:

        WINSTON & STRAWN LLP
        200 Park Avenue
        New York, New York 10166
  **BY:** **JENNIFER M. STEWART**
        **ATTORNEY AT LAW**

For Defendant Mitsubishi:

        JENNER & BLOCK, LLP
        353 North Clark Street
        Chicago, IL 60654-3456
  **BY:** **MICHAEL T. BRODY**
        **TERRENCE J. TRUAX**
        **ATTORNEYS AT LAW**

**APPEARANCES: (CONTINUED):**

For Defendant Toshiba:
        WHITE & CASE, LLP
        701 Thirteenth Street, NW
        Washington, D.C. 20005-3807
**BY:  CHRISTOPHER CURRAN**
        **ATTORNEYS AT LAW**

For Defendant Thomson:
        FAEGRE, BAKER, DANIELS
        300 N. Meridian Street, Ste. 2700
        Indianapolis, IN 46204-1750
**BY:  KATHY OSBORN**
        **RYAN M. HURLEY**
        **ATTORNEYS AT LAW**

For Defendant LG:
        MUNGER, TOLLES & OLSON, LLP
        355 South Grand Avenue, 35th Floor
        Los Angeles, CA 90071-1560
**BY:  SUSAN E. NASH**
        **BRAD D. BRIAN**
        **CATHLEEN HARTGE**
        **ATTORNEYS AT LAW**

For Defendant Hitachi:
        KIRKLAND & ELLIS LLP
        555 California Street
        San Francisco, CA 94104
**BY:  ELIOT A. ADELSON**
        **ATTORNEY AT LAW**

For Objectors:
        COOPER & KIRKHAM, P.C.
        357 Tehama Street, Second Floor
        San Francisco, CA 94103
**BY:  JOSEPH COOPER**
        **TRACY KIRKHAM**
        **JOHN BOGDANOV**
        **ATTORNEYS AT LAW**

For:
        KERR & WAGSTAFFE
        100 Spear Street - Suite 1800
        San Francisco, California 94105
**BY:  JAMES  M. WAGSTAFFE**
        **ATTORNEY AT LAW**

For plaintiffs:
        BONSIGNORE TRIAL LAWYERS, PLLC
        23 Forest Street, #101
        Medford, MA 02155
**BY:  ROBERT J. BONSIGNORE**
        **ATTORNEY AT LAW**

```
 1   pointed out, I think we covered most of it in our written
 2   submission, and I don't want to repeat that.  So if Your Honor
 3   has questions, I'll be glad to try and answer them, and if you
 4   don't, I will sit down and wait for Mr. Alioto to make his
 5   presentation.
 6      If I could have a short reply, I would appreciate it, if
 7   you would let me do that.
 8              THE COURT:  All right.  So ordered.
 9              MR. SCARPULLA:  Thank you, Your Honor.
10              THE COURT:  Mr. Alioto.
11              MR. ALIOTO:  Thank you, Your Honor.
12      I have nothing to add to the papers.
13                         (Laughter)
14              THE COURT:  I knew that was going to be the --
15                         (Laughter)
16              THE COURT:  There we have it.  Okay.  That issue is
17   under submission.
18              MR. SCARPULLA:  Thank you, Your Honor.
19              THE COURT:  Very well.  Thank you.
20      Okay.  The first item on my housekeeping list has to do
21   with trial setting.  I had previously indicated that once we
22   got to this stage of the proceedings I would set some trial
23   dates in this case.  And I said before tentatively that I would
24   like to set consolidated pretrial hearings on August 10th and
25   11th of this year, that I would like to set the trial in the
```

1  Sharp case on September 9th of this year.  My list says
2  remaining DAP trials November 7, 2016, but isn't that just
3  Sears, K-Mart and LG.  And are there more -- is the DAP trials
4  column thicker than I thought?
5          **MR. BLECHMAN:**  William Blechman for plaintiff Sears
6  and K-Mart.
7      The answer to your question as of this hour is no.  There
8  are DAP cases, Direct Action Plaintiffs, who have filed their
9  cases in districts outside of the Northern District who would
10 seek to have those cases remanded for trial.  The two Direct
11 Action Plaintiffs' cases that remain pending in the Northern
12 District were the Sears, K-Mart case and the Viewsonic case,
13 and Viewsonic filed a notice within the last day or two
14 informing the Court that it had settled, which leaves Sears and
15 K-Mart as the standing plaintiffs.
16         **THE COURT:**  Yes, I'm familiar with the notice.
17 Mr. Brian.
18         **MR. BRIAN:**  Brad Brian for LG.
19    We agree with what's just been represented, Your Honor.
20         **THE COURT:**  Okay.  So that trial, November 7, 2016,
21 and then the Mitsubishi Direct Purchasers trial is January 9,
22 2017.  These are all, particularly the Sears, K-Mart,
23 Mitsubishi dates are soft dates.
24    There are lots of people on their feet.
25                         (Laughter)

1    Yes, that someone will come to the microphone.
2        **MR. CURRAN:**  Your Honor, Christopher Curran for the
3    Toshiba defendants.
4        **THE COURT:**  Yes.
5        **MR. CURRAN:**  As you may recall, Toshiba is a defendant
6    in the Sharp trial, and in no other trial.
7        First of all, I think I heard you say September 9th a
8    number of times today.
9        **THE COURT:**  The discussion should be September 12th,
10   because the 9th is a Friday.
11       **MR. CURRAN:**  Or September 6th, which is the Tuesday, I
12   think, after Labor Day, and September 6th is what you said
13   previously.
14       **THE COURT:**  I see.  The 9th is a typographical error
15   in my note.
16       **MR. CURRAN:**  So I guess that's point one,
17   September 6th.
18       **THE COURT:**  Okay.
19       **MR. CURRAN:**  Point two, Your Honor has probably
20   already thought about this, now that the DAP second trial is
21   just two remaining parties, Sears/K-Mart against LG, there's a
22   possibility -- Mr. Blechman may have been referring to, but the
23   possibility of putting that together with the Sharp trial.
24   Maybe I misheard.
25       **MR. BLECHMAN:**  You did.

1   **THE COURT:** He might have been thinking it, but he
2   didn't say it.
3                           (Laughter)
4       **THE COURT:** So you can say it.
5       **MR. CURRAN:** Okay. Again, Your Honor, I raised this
6   possibility in December, and Your Honor rejected it. Back then
7   there were a lot more parties in the second trial. So I
8   figured I'd raise again with Your Honor the possibility of you
9   trying the case once with those two cases, and that might be
10  more efficient for the Court and for everybody to address the
11  core allegations of conspiracy once rather than twice, and it
12  may be helpful in terms of efficiency and in terms of getting
13  all the appropriate witnesses to trial once.
14      **THE COURT:** I appreciate the comment.
15     The case has so many moving parts, this also is not
16  something that I would decide on a pop quiz basis. It's not
17  something that I took the bench prepared to consider or had any
18  notice that anyone would raise. This distinguishes it, for
19  example, from the situation involving Mitsubishi, as I was
20  aware of Judge Walker's orders granting them additional
21  discovery.
22     I'm not quite sure what to do. I know you have colleagues
23  who feel otherwise.
24      **MR. CURRAN:** I think several.
25                          (Laughter)

1    **THE COURT:** This is sort of a rematch of sorts for you and Mr. Gallo.

3    **MR. CURRAN:** No, I think you're mistaken about that. I have never tried a case against Mr. Gallo. It was Mr. Silverfeld from Best Buy whom I had the most recent trial against.

7    **THE COURT:** I see. Anyway, I appreciate the comment. It's not something I'm inclined to do on the spur of the moment. You're free to, obviously, make a motion to consolidate the trials or otherwise, but I don't have anything further to say now.

12   **MR. CURRAN:** I understand that.

     I guess one final observation. The possibility of this has really only emerged in the last few days with additional settlements lining up, including the settlement of Chunghwa and Viewsonic. So I don't think it was appropriate or even possible to raise this possibility earlier, but it's something I wanted to bring up now.

19   **THE COURT:** Very good. Thank you.

20   **MR. CURRAN:** Thank you.

21   **THE COURT:** I think counsel to my left was next in line.

     I've forgotten your name, but you're from Thomson, aren't you.

25   **MS. OSBORN:** I am. Kathy Osborn, Your Honor. Thank

1  you.
2  **THE COURT:** Yes, Ms. Osborn.
3  **MS. OSBORN:** I wanted to raise another issue just for
4  your consideration as you think about setting these trial
5  dates.  It's a rather delicate issue, but my client, in-house
6  counsel at Technicolor, has recently received a very serious
7  health diagnosis that will require a couple of surgeries in the
8  next week and treatment over the next weeks and months.  She
9  has been key to this case in that there's no one else at
10 Technicolor who has her knowledge of the matter, the documents,
11 the witnesses.  She was the corporate witness for Technicolor
12 about a year ago.  Because there's no one else in the company
13 who knows anything about CRTs, that industry has been dead, and
14 the company --
15 **THE COURT:** You're a defendant in the Sharp case,
16 aren't you?
17 **MS. OSBORN:** Yes, Your Honor.  I'm sorry.  I should
18 have clarified that.
19 **THE COURT:** No, that's okay, I remember.
20 **MS. OSBORN:** So there's no one else at Technicolor who
21 knows about this industry.  It's been dead in the company for
22 well over a decade.
23     So she very much wants to be the corporate representative
24 at trial and helping us make decisions at trial.  We think if
25 the Sharp trial were moved even a couple of months to the

1  November date, that she may be then in a position to be at full
2  power again.  And so I ask you to consider that as you set
3  trial dates.
4       **THE COURT:**  Have you raised this issue with your
5  colleagues and opponents?
6       **MS. OSBORN:**  I did.  I talked with Mr. Gallo about it
7  this morning.
8       **THE COURT:**  All right.  So your colleagues in the room
9  have not had very much time, if they've had any, to consider
10 this issue?
11      **MS. OSBORN:**  That is correct.  I also talked with
12 Mr. Curran about it this morning, so...
13      **THE COURT:**  Okay.  Well, I'm glad you brought it to my
14 attention, just so it's on everyone's radar screen.  I don't
15 think I can say anything further about it.  It's certainly a
16 non-frivolous request.  And I've been a partner at a law firm,
17 and I know what it's like to have one -- a particular client
18 contact own a piece of litigation, so the circumstances you're
19 describing in that regard are familiar to me.
20      I don't have any opinion about what the right thing to do
21 is, except to say it's something that we need to resolve pretty
22 quickly, I would say even more quickly, if we can, than the
23 question of, for example, what happens to the DPP Mitsubishi
24 trial that's now scheduled for January 2017, because the Sharp
25 trial is scheduled to start much sooner than that, and it's

1  also first in order.  So, you know, what happens then?  Do we
2  move Sharp, and then does that change the order of the trials.
3  And your colleagues in the room may have views about whether
4  that injures their tactical interests.  They may not want to go
5  first, or maybe some of them really do want to go first.  You
6  take my point.
7            **MS. OSBORN:**  I do.
8            **THE COURT:**  Is there -- perhaps what we'll do is we'll
9  finish up some of these other matters, and we'll take a
10 ten-minute break so that Ms. Aquilina can rest her fingers, and
11 you can talk to your colleagues and maybe devise a briefing
12 schedule on this issue, to give you a chance to talk to them
13 further, and then they don't have to take the quiz in front of
14 me.
15           **MS. OSBORN:**  I understand, Your Honor.
16           **THE COURT:**  All right.
17           **MS. OSBORN:**  And if I may, I'll just add a couple of
18 options that I have considered would be either flipping the
19 Sharp and DAP trials as they're currently scheduled or
20 supporting Mr. Curran's argument that we combine them and move
21 them all to the November date.
22           **THE COURT:**  I see.  All right.  Okay.  I won't say
23 anything further on that, because I want your colleagues to
24 have a chance to digest this information.
25           **MS. OSBORN:**  Understood.  Thank you, Your Honor.

1  minute.
2      Ms. Osborn can talk to you all about setting up a briefing
3  schedule.  Maybe Mr. Truax and Mr. Saveri can make some
4  progress on that too.  I have a couple of more things to talk
5  about when I take the bench.
6      Let's be in recess for ten minutes.
7                  (Recess taken at 3:03 p.m.)
8                  (Proceedings resumed at 3:20 p.m.)
9      **THE COURT:**  Okay.  Let's go back on the record.
10     I'd like to make a further comment with regard to trial
11 scheduling and the various comments that have been made so far
12 today.  And I want to start by emphasizing -- and what I'm
13 about to say is not an expression of an opinion that I think it
14 would be good or that I want anybody to do this, but two
15 different sets of concerns were raised today with regard to the
16 trial schedule, and so anticipating that both Mitsubishi for
17 its part and Thomson for its part, in addition to whatever is
18 said by anybody about trial order, and on that I have no reason
19 right now to think that I would change the trial order, but
20 that both of these parties are saying essentially can't we push
21 things back a couple of months.
22     And given how crowded my schedule is, I just, at the
23 break, wanted to take a look and see what that would look like,
24 and so I'll tell you what those dates would look like, even
25 though I'm not endorsing these dates.  I'm not rejecting them

1  either, and I'm not taking a position, but I think I know what
2  those dates would look like if you were to move everything back
3  at least a couple months, or excuse me, approximately a couple
4  months.
5      We'd have a pretrial conference on October 17 and 18.  I'm
6  playing a little bit of chicken with my own calendar by
7  suggesting those dates, but I have to do that sometimes.  The
8  Sharp trial would -- we would move it to November 7th.  We
9  would move it to the Sears/K-Mart date.  And we would move the
10 Sears/K-Mart trial to January 9th.  And then the DPP Mitsubishi
11 trial would start on March 6th.  The consolidated second
12 pretrial conference that we had talked about putting in late
13 October instead we would have on December 12th and 13th, not
14 quite two months, but, as you know, December gets to be
15 challenging if you go much past those two dates I just gave
16 you.  I'm not expressing an opinion, but that's what I think
17 what those dates would look like.
18     Ms. Osborn, I would expect that any motion that your
19 client made to continue the trial for the sake of the illness
20 of your client representative -- and I'm very sorry about those
21 circumstances -- that it would acknowledge that if the Court
22 granted a continuance, that at some point before that new trial
23 date, or pretrial conference date, or what have you, once it
24 became apparent, if it did, and I hope it doesn't, that the
25 client representative was not going to be able to fulfill her

```
 1   responsibilities with regard to the new date, that at that
 2   point the client would probably substitute someone else in.  In
 3   other words, this would be -- that whatever amount -- let me
 4   say it a different way.  Whatever amount of continuance you
 5   asked for -- and maybe if you file a motion it won't be for a
 6   couple months, it will be something else -- but for whatever
 7   amount of continuance you ask for, it would be on the
 8   assumption that I just identified.  Does that make sense?
 9           MS. OSBORN:  It does, Your Honor.
10           THE COURT:  All right.
11           MS. OSBORN:  May I approach?
12           THE COURT:  Sure.
13           MS. OSBORN:  We have conferred during the break, and I
14   think have discussed exactly what you previewed, that the
15   possibility that one of the trials would go forward on the
16   November 7th date, and the other trial would go forward on the
17   January date, what everyone wants to assess and wants to
18   discuss with their clients, because not everyone has a client
19   here today.
20       And we also weren't clear of what your schedule was in the
21   next couple weeks, and I know that you want to get this firmed
22   up quickly.  So we discussed the possibility of defendants, to
23   the extent we have information and could present it, would
24   either submit something to you that was an agreed document or
25   pretrial or trial schedule on Monday, and that plaintiffs would
```