GUIDO SAVERI (22349)
　*guido@saveri.com*
R. ALEXANDER SAVERI (173102)
　*rick@saveri.com*
GEOFFREY C. RUSHING (126910)
　*grushing@saveri.com*
MATTHEW D. HEAPHY (227224)
　*mheaphy@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111-5619
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-5944-JST<br><br>MDL No. 1917<br><br>**DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO MITSUBISHI ELECTRIC DEFENDANTS' MOTION TO SET TRIAL DATE** |
| This Document Relates To:<br><br>*Crago, d/b/a Dash Computers, Inc., et al. v. Mitsubishi Electric Corporation, et al.*, Case No. 14-CV-2058-JST. | Date:　　June 9, 2016<br>Time:　　10:00 a.m.<br>Judge:　　Honorable Jon S. Tigar<br>Ctrm:　　1, 17th floor |

## I. INTRODUCTION

DPPs submit this response to the Mitsubishi Electric Defendants' Motion to Set Trial Date (ECF No. 4602) ("Mot."). The Mitsubishi Electric Defendants ("Mitsubishi") request a trial date of May 30, 2017. DPPs respectfully submit that a trial date of March 6, 2017, as suggested by the Court on April 19, 2016, is appropriate.

On April 22, DPPs sent a proposed schedule based on the March 6 trial date to Mitsubishi. The principal differences between DPPs' proposal and Mitsubishi's is that Mitsubishi allots over five months for the exchange of expert reports, expert depositions, and the filing of dispositive motions after the close of discovery; DPPs proposed approximately two months. DPPs' proposed schedule also allowed the parties to submit sur-reply expert reports.

Having reviewed Mitsubishi's proposed schedule, DPPs continue to believe that a March 6, 2017 trial date is appropriate. In an effort to accommodate Mitsubishi's concerns, DPPs propose a schedule that would allow three months between the close of discovery and the filing of dispositive and Daubert motions.

DPPs submit that their schedule provides ample time for the parties to complete their trial preparation. By DPPs' proposed trial date, this MDL proceeding will be over nine years old, and Mitsubishi will have been party to it for nearly four years. *See* ECF No. 1628. Further, the parties will have the benefit of the Court's rulings on the extensive summary judgment motions, motions in limine, Daubert motions, and other matters filed in the DAP cases.

## II. DPPS' PROPOSED SCHEDULE

A chart comparing the parties' proposed schedules is attached hereto as Exhibit A. The principal differences between the schedules are as follows:

DPPs accept Mitsubishi's proposal of August 15, 2016 as the close of fact discovery, but propose that Opening Expert Reports be exchanged on the same day instead of 17 days later.

DPPs propose that Reply Expert Reports be exchanged on September 29. This shortens Mitsubishi's proposed interval after Opening Expert Reports from 72 days to 45 days.[1]

---

[1] Elsewhere in its motion, Mitsubishi requests 60 days. Mot., p. 6:15-16.

DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO MITSUBISHI ELECTRIC DEFENDANTS' MOTION TO SET TRIAL DATE—Master File No. 07-CV-5944 JST

DPPs' schedule provides that Optional Expert Surreplies be filed by October 21, 2016. Mitsubishi's proposed schedule does not allow for Expert Surreplies.

DPPs' schedule sets the Expert Discovery cutoff two weeks later on November 4. Mitsubishi proposes a cutoff 50 days after the exchange of Reply reports.

DPPs' propose that the deadline for filing dispositive and Daubert motions be November 18. This shortens Mitsubishi's proposed interval between the close of expert discovery and the filing of dispositive and Daubert motions from 17 days to 14 days. DPPs would agree to extend the Expert Discovery Cutoff to the deadline for filing dispositive and Daubert motions.

DPPs propose that oppositions to dispositive and Daubert motions be filed on December 21, 2016. This allows 33 days for the preparation of opposition briefs and is 2 days longer than the interval proposed by Mitsubishi.

DPPs propose that reply briefs to dispositive and Daubert motions be filed on January 6, 2017. This allows 17 days to prepare reply briefs and is 3 days longer than proposed by Mitsubishi.

DPPs propose that the Court set the hearing on dispositive and Daubert motions in late January.

DPPs propose that the remaining deadlines—e.g., deadline for meeting and conferring re settlement, pretrial statements, etc.; deadline for in limine motions—be set according to the Court's standing order. Mitsubishi's proposal stretches these deadlines by approximately one month.

**III.   DPPS' PROPOSED SCHEDULE ALLOWS THE PARTIES AMPLE TIME TO PREPARE FOR TRIAL**

DPPs' proposed trial date and schedule allows the parties ample time to prepare for trial.

First, as Mitsubishi concedes, an August 15 cutoff allows sufficient time to complete fact discovery. Apart from the additional depositions of class representatives limited to topics on which they did not testify at their prior depositions, Mitsubishi has no pending discovery—i.e., DPPs have responded to all interrogatories and document requests Mitsubishi has propounded. While DPPs understand that Mitsubishi has indicated to other parties that it may seek some depositions, none is presently scheduled. In fact, apart from the class representatives, Mitsubishi has made no requests to DPPs to take any depositions per the Order re Discovery and Case Management Protocol § IV.C

2

DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO MITSUBISHI ELECTRIC DEFENDANTS' MOTION TO SET TRIAL DATE—Master File No. 07-CV-5944 JST

(April 3, 2012) (ECF No. 1128).

Second, the schedule provides ample time for expert disclosure and discovery. Mitsubishi's claim that it is in the dark regarding expert testimony lacks merit. As the Court is well aware, over fifteen expert reports have been submitted in the DAP cases on various issues, including damages, liability, and Korean *chaebols*. Defendants have responded to the reports submitted by the plaintiffs, and have deposed the plaintiffs' experts, some more than once. All of this material has been available to Mitsubishi for months or years. Mitsubishi participated in the expert discovery in the DAP cases, and had designated expert witnesses for the DAP trials before it settled out of those cases.

In addition, Mitsubishi's claim that DPPs' have submitted no expert reports in this action is not correct. DPPs' expert economist, Dr. Jeffrey Leitzinger, has submitted three reports regarding, *inter alia,* the structure of the CRT industry, impact and damages. *See* ECF Nos. 1825-1, 2208-8, 2969-1. He has also been deposed. Mitsubishi had the opportunity to depose Dr. Leitzinger again, but did not avail itself of that opportunity. *See* Order Denying Motion to Modify DPP Class Certification Scheduling Order (Mar. 24, 2015) (ECF No. 3794).

Third, the schedule for dispositive and Daubert motions is appropriate and workable. DPPs and Mitsubishi propose an essentially identical process. The only material difference is that DPPs' schedule requires the filing of such motions four weeks after the last exchange of expert reports, whereas Mitsubishi proposes more than nine weeks. Four weeks is more than adequate because the parties will have the benefit of the Court's ruling on the extensive summary judgment motions made in the DAP cases. While it is possible that there will be some differences due to the acquisition of additional evidence or new case law, it is likely that the motions will be very similar to those filed in the DAP cases. It is also likely that the Court's rulings in the DAP cases will essentially resolve, or eliminate the need to file, many of the motions filed in the DAP cases.

Fourth, DPPs believe that the schedule set forth in the Court's standing order regarding trials is appropriate for this case in light of substantial guidance the parties will have from the Court's rulings in the DAP cases.

Finally, DPPs have not withheld important discovery. While Judge Walker's recent orders

required DPPs to produce certain discovery, they were largely favorable to DPPs. Mitsubishi's first motion sought to compel voluminous downstream discovery—i.e., information regarding DPPs' use and/or sale of the CRTs and CRT Products they purchased—in contravention of *Hanover Shoe v. U.S. Mach. Corp.*, 392 U.S. 481 (1968) and *Illinois Brick v. Illinois*, 431 U.S. 720 (1977). Judge Walker denied Mitsubishi's motion as to this material. Judge Walker granted Mitsubishi's motion as to materials relating to "competitive intelligence" and ordered that DPPs produce responsive materials on or before April 29, 2016. However, DPPs did not object to producing this information to the extent it existed, and had produced what responsive material they had before Mitsubishi even filed its motion.

As to DPPs' depositions, Mitsubishi sought to re-depose each class representative without limitation on matters as to which they had already been thoroughly examined. Again, while Judge Walker granted the motion in part, he agreed with DPPs that Mitsubishi's examination should be limited to new matter. Order re Mitsubishi's Motion to Compel DPPs' Document Production and Rule 30(b)(6) Depositions at 2–6 (Mar. 23, 2016) (ECF No. 4521). DPPs have already proposed deposition dates for some class representatives and the depositions will be complete well in advance of the July 1, 2016 deadline set by Judge Walker.

Mitsubishi's second motion sought to compel further responses to two interrogatories. Judge Walker granted the motion as to one and denied it as to the other. Order re Mitsubishi's Motion to Compel DPPs to Supplement Responses to Interrogatories at 9–10 (Mar. 28, 2016) (ECF No. 4530). DPPs supplemented their answer two weeks ago.[2]

---

[2] By contrast, Judge Walker has found that Mitsubishi has violated its discovery obligations on several occasions. *See, e.g.*, ECF Nos. 3830, 3859, 3873. Among other things, Judge Walker has found that Mitsubishi "repeatedly delayed responding to valid discovery requests, effectively withholding relevant discovery responses and preventing DPPs' counsel from examining Mitsubishi's witnesses on relevant documents." ECF No. 3830 at 3–4. Judge Walker also found that Mitsubishi counsel improperly interrupted and interfered with the examination of a Mitsubishi witness. ECF No. 3859 at 3–6, 9 ("the events evidenced in the deposition transcript suggest a degree of attorney intervention and witness guidance inconsistent with appropriate norms."). DPPs' motion to compel and for sanctions regarding Mitsubishi's continued failure to identify all of its meetings with competitors, to provide complete information regarding its sales, and to explain its destruction of relevant documents is pending.

IV.     CONCLUSION

For the foregoing reasons, DPPs respectfully submit that the Court should set a trial date in this action for March 6, 2016 and adopt DPPs' proposed schedule.

Dated: April 29, 2016                              Respectfully submitted,

/s/ *R. Alexander Saveri*
Guido Saveri (22349)
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Matthew D. Heaphy (227224)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for*
*Direct Purchaser Plaintiffs*

Michael P. Lehmann
HAUSFELD LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 633-1908
Facsimile: (415) 358-4980

Joseph W. Cotchett
Steven N. Williams
Adam J. Zapala
Elizabeth T. Tran
Joyce M. Chang
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

Bruce L. Simon
Aaron M. Sheanin
PEARSON, SIMON & WARSHAW LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

H. Laddie Montague, Jr.
Ruthanne Gordon
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (800) 424-6690
Facsimile: (215) 875-4604

Gary Specks
KAPLAN FOX
423 Sumac Road
Highland Park, IL 60035
Telephone: (847) 831-1585
Facsimile: (847) 831-1580

Douglas A. Millen
William H. London
FREED KANNER LONDON & MILLEN
2201 Waukegan Road
Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
Facsimile: (224) 632-4519

Eric B. Fastiff
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

W. Joseph Bruckner
Elizabeth R. Odette
LOCKRIDGE GRINDAL NAUEN P.L.L.P
100 Washington Avenue S
Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981

*Attorneys for Plaintiffs and the Class*

# Exhibit A

## *CRT*: DPP/MITSUBISHI SCHEDULE COMPARISON

| DUE | DPP DATE | MITSUBISHI DATE |
|---|---|---|
| Fact Discovery Cutoff - (non-expert) | August 15, 2016 | August 15, 2016 |
| Opening Expert Reports - (simultaneous) | August 15, 2016 | September 1, 2016 |
| Expert Replies - (simultaneous) | September 29, 2016 | November 11, 2016 |
| Optional Expert Surreplies | October 21, 2016 | n/a |
| Expert Discovery Cutoff | November 4, 2016 | December 31, 2016 |
| Dispositive Motions and *Daubert* Motions | November 18, 2016 | January 17, 2017 |
| Oppositions to Dispositive Motions | December 21, 2016 | February 17, 2017 |
| Replies to Dispositive Motions | January 6, 2017 | March 3, 2017 |
| Hearing on Dispositive Motions | January, 2017 | Late March/Early April 2017 |
| Last day to meet and confer before pretrial conference<br><br>*Per Judge Tigar's Standing Order for Civil Jury Trials:<br><br>At least 21 days before the final pretrial conference, the parties are to meet and confer with respect to:<br><br>- Settlement of the case;<br>- Preparation of the joint pretrial statement;<br>- Preparation and exchange of pretrial materials to be served and lodged pursuant to Federal Rule of Civil Procedure 26(a)(3); and<br>- Clarifying and narrowing the contested issues for trial in order to achieve a just, speedy, and efficient resolution of the case. | January 27, 2017 | March 27, 2017 |
| Last day to exchange exhibits, object and mark<br><br>*Per Judge Tigar's Standing Order for Civil Jury Trials:<br><br>At least 21 days before the final pretrial conference, the parties are to:<br><br>- Exchange Exhibits<br>- Objections to Exhibits<br>- Pre-Marking with trial exhibit sticker with Court format<br>- Agree upon method for marking exhibits | January 27, 2017 | April 24, 2017 |
| Last day to exchange counter designations and objections to exhibits and deposition designations | n/a | May 1, 2015 |

| DUE | DPP DATE | MITSUBISHI DATE |
|---|---|---|
| Last day to file joint pretrial statement and proposed order<br><br>*Per Judge Tigar's Standing Order for Civil Jury Trials:<br><br>No later than 10 days before the pretrial conference, the parties shall file a joint pretrial statement and proposed order containing:<br><ul><li>Substance of the Action</li><li>Relief Requested</li><li>Undisputed Facts</li><li>Disputed Factual Issues</li><li>Agreed Statement</li><li>Stipulations</li><li>Witnesses to be Called</li><li>Exhibits, Schedules & Summaries</li><li>Disputed Legal Issues</li><li>Pending Motions or Matters</li><li>Bifurcation or Separate Trials of Issues</li><li>Use of Discovery Responses</li><li>Estimate of Time of Trial</li><li>Settlement Discussion</li><li>Miscellaneous</li></ul> | February 7, 2017 | May 3, 2017 |
| Last day to file motions in limine<br><br>*Per Judge Tigar's Standing Order for Civil Jury Trials:<br><br>Any party filing a motion in limine must first seek a stipulation from the opposing party or parties to the relief requested in the motion. Unless otherwise ordered, any party wishing to have motions in limine heard prior to the commencement of trial shall file and serve any such motions at least ten days before the final pretrial conference. Any oppositions thereto shall be filed and served at least three court days before the final pretrial conference. No party shall file a reply. The motions will be heard at the pretrial conference or at such other time as the Court may direct, unless the Court determines that oral argument is unnecessary. The Court ordinarily does not grant leave to file motions in limine under seal. | February 7, 2017 | April 1, 2017 |
| Last day to file and serve jury materials<br><br>*Per Judge Tigar's Standing Order for Civil Jury Trials:<br><br>At least 5 court days before the pretrial conference, the parties are to: File and serve (a) jury voir dire questions, (b) proposed jury instructions; and (c) proposed jury verdict forms. | February 10, 2017 | May 8, 2017 |

| DUE | DPP DATE | MITSUBISHI DATE |
|---|---|---|
| Last day to file oppositions to motions in limine<br><br>*Per Judge Tigar's Standing Order for Civil Jury Trials:<br><br>Any oppositions thereto shall be filed and served at least three court days before the final pretrial conference. | February 14, 2017 | April 24, 2017 |
| **DPP Pretrial Conference Hearing**<br>(and possibly hearing on motions in limine)<br><br>*Per Judge Tigar's Standing Order for Civil Jury Trials:<br><br>The motions will be heard at the pretrial conference or at such other time as the Court may direct, unless the Court determines that oral argument is unnecessary. | February 17, 2017 | May 15, 2017 |
| Last day to file trial briefs (optional)<br><br>*Per Judge Tigar's Standing Order for Civil Jury Trials:<br><br>Trial briefs are optional, but any party wishing to file a trial brief must do so not less than five court days prior to the commencement of trial. | February 27, 2017 | May 23, 2017 |
| Last day to deliver trial exhibits<br><br>*Per Judge Tigar's Standing Order for Civil Jury Trials:<br><br>At least 5 court days before the commencement of trial, the parties are to:<br>Deliver three sets of all pre-marked exhibits in clearly labeled three- ring binders to the courtroom deputy. The quality, condition, and labeling of the binders should be such that the Court can easily transport and review the binders' contents. Whenever possible, the spine of a binder should not be wider | February 27, 2017 | May 23, 2017 |
| **TRIAL** | March 6, 2017 | May 30, 2017 |