Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: +1-317-237-0300
Facsimile: +1-317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO  80203
Telephone: +1-303-607-3500
Facsimile:  +1-303-607-3600
jeff.roberts@FaegreBD.com

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Avenue, Suite 450
East Palo Alto, CA  94303-2279
Telephone: +1-650-324-6700
Facsimile: +1-650-324-6701
calvin.litsey@FaegreBD.com

***Attorneys for Defendants Thomson SA and
Thomson Consumer Electronics, Inc.***

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | No. 07-cv-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | |
| *Sharp Electronics Corp., et al. v. Hitachi, Ltd., et. al.,* No. 13-cv-01173 *Sears, Roebuck & Co., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11 -cv-05514 | **THOMSON AND TDA DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CONTINUE AND SET TRIAL DATES** |
| | Date:      June 9, 2016 Time:     10:00 am Place:    Courtroom 9, 19th Floor Judge:   Honorable Jon S. Tigar |

1    Recently discovered information about the nature of Ms. Ehret's illness and the course of

2    her treatments further establishes that it is unlikely that she could participate in a November 2016

3    trial. Because no suitable replacement for Ms. Ehret exists, Thomson Consumer Electronics, Inc.

4    and Thomson SA (collectively "Thomson") would be severely prejudiced if they were forced to

5    proceed to trial in November 2016 while Ms. Meggan Ehret is physically unable to participate.

6    Sharp has not demonstrated that moving the trial date to accommodate Ms. Ehret's illness

7    prejudices Sharp in any substantive way.  Therefore, the Sharp Trial should be set for January 9,

8    2017.

9    **A.    Recently Discovered Information Establishes that the Sharp Trial Should Be Set For
        January 2017 So Ms. Ehret May Participate.**

10

11   Since Thomson filed its Motion on April 25, 2016, Ms. Ehret has received additional

12   information from her physicians about the nature and timing of her upcoming medical treatments.

13   (Declaration of Meggan Ehret at ¶ 3, attached hereto as **Exhibit A**.)  Specifically, in the next

14   week, Ms. Ehret will begin receiving chemotherapy treatments that are expected to last until

15   September 2016.  (*Id.* at ¶ 4.)  Those treatments will be followed by multiple invasive surgeries.

16   (*Id.* at ¶ 5.)  After Ms. Ehret recovers from her surgeries, she will then receive radiation and

17   hormone therapy treatments.  (*Id.* at ¶ 6.)  Ms. Ehret's physicians have counseled her that it will

18   likely take Ms. Ehret at least six months to recover from these procedures, during which time her

19   ability to participate in the defense of the Sharp action will be severely limited. (*Id*. at ¶ 7.)

20   Critically, however, Ms. Ehret's physicians now project that she will be able to return to a regular

21   work schedule by early December 2016. (*Id.* at ¶ 8.)

22   This recently obtained information further establishes that to avoid prejudicing Thomson,

23   the Sharp Trial should be set for January 9, 2017.  If trial is set just two months earlier – in

24   November 2016 – based upon the best information currently available, it is unlikely Ms. Ehret will

25   be sufficiently recovered from her upcoming medical procedures to be able to participate.  But if

26   the Sharp Trial is set just two months later, it is likely Ms. Ehret will be well enough to fully and

27   vigorously participate in Thomson's defense at trial.

28   The first complaints in this action were filed almost nine years ago, while Sharp waited

THOMSON AND TDA'S REPLY IN SUPPORT OF
MOTION TO CONTINUE AND SET TRIAL DATES

2

No. 07-cv-5944-JST; MDL No. 1917

1    until March 2013 to file its claims against Thomson.  In the context of this multi-year litigation in

2    which Sharp seeks to recover over $450 million from Thomson, the prejudice, if any, that might be

3    caused to Sharp if trial is delayed two additional months is substantially outweighed by the

4    significant prejudice Thomson will suffer if trial is set for a date when Ms. Ehret would be unable

5    to participate.  Because "the interests in favor of a fair trial heavily outweigh the interests in favor

6    of an immediate trial," the Sharp Trial should be set for January 9, 2017.  *Smith-Weik Machinery*

7    *Corp. v. Murdock Mach. & Engineering Co.*, 423 F.2d 842, 844-45 (5th Cir. 1970).

8    **B.     Ms. Ehret Cannot Be Replaced.**

9          Ms. Ehret is the only Thomson employee with knowledge about the facts and legal theories

10   that support Thomson's defense.  Thomson SA in-house counsel in France do not possess this

11   knowledge, and unlike Ms. Ehret, have not been intimately involved for the past three years in

12   assisting Thomson's outside counsel in preparing its defense.  As French attorneys who practice in

13   a civil law system, they have no experience with American trial strategy, practice, and procedure.

14   In short, Ms. Ehret cannot be replaced and Thomson would be significantly prejudiced if it was

15   forced to designate a replacement who lacks her unique knowledge about this case and experience

16   with American trial practice.

17   **C.     Conducting the Sears/Kmart Trial First May Facilitate Settlements in the Remand**
         **and DPP Cases.**
18

19         Sharp argues that the Sharp Trial should be first because unlike a Sears/Kmart Trial, a

20   Sharp Trial outcome will aid other parties in their case evaluations and settlement discussions.

21   Not so.  There are several unique aspects of Sharp's claims and the Thomson, TDA, and Toshiba

22   Defendants' defenses to them that may make the Sharp Trial a poor proxy for the Sears/Kmart,

23   DPP, and Remand Trials.  Sharp was a direct purchaser of CPTs, while the plaintiffs in the other

24   cases were overwhelmingly retailers who purchased and sold products containing CRTs.  Because

25   Sharp and the other plaintiffs operated at different levels in the distribution chain, there are

26   significant differences in their claims. Unlike the Sears/Kmart and Remand Plaintiffs, Sharp's

27   claimed damages are premised upon the existence of an (unpled) North American relevant market

28   and a different, unpled theory of liability – a North American information exchange conspiracy in

THOMSON AND TDA'S REPLY IN SUPPORT OF          3          No. 07-cv-5944-JST; MDL No. 1917
MOTION TO CONTINUE AND SET TRIAL DATES

1   violation of the rule of reason.  If the Court allows Sharp to present its rule of reason theory to the

2   jury – it should not[1] – this would make the claims tried in the Sharp Trial fundamentally different

3   than those in all other cases.  In addition, unlike any other plaintiff, Sharp has admitted to

4   participating in the LCD price fixing conspiracy, a conspiracy which Sharp's own expert has

5   testified may have made the alleged CRT conspiracy more effective.  (*See* [ECF. No. 3705 at 1].)

6   Accordingly, unlike the juries in the other cases, the jury in the Sharp Trial will hear evidence

7   regarding how Sharp's admitted participation in the LCD conspiracy was a cause of the CPT

8   damages it seeks to recover here.  (*Id*. at 2-7.)

9           Because of these and other unique aspects of the Sharp case, the trial in that action will not

10   aid other parties in their case evaluations and settlement discussions.  By contrast, the issues at

11   play in the Sears/Kmart and Remand Cases are much more similar. Thus, setting the Sears/Kmart

12   Trial for November 7, 2016 will not only enable the Court to move these cases towards resolution,

13   it may hasten the resolution of the numerous remaining Remand Cases.

14   **D.      Thomson Does Not Oppose Proceeding to Trial First, Provided that the Sharp Trial is
             Set for January 9, 2017.**

15

16           For the reasons set forth above and in its Motion, Thomson favors the following trial

17   schedule:

18

19
20

| Date | Event |
|------|-------|
| October 17-18, 2016 | Final Pretrial Conference in *Sears, Roebuck & Co. & Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514 |
| November 7, 2016 | Trial Begins in the Sears/Kmart action |
| December 12-13, 2016 | Final Pre-trial Conference in *Sharp Elecs. Corp., et al. v. Hitachi, et al.*, No. 13-cv-01173 |
| January 9, 2017 | Trial Begins in the Sharp action |

21

22
23

24

25

26   [1] *See* Mot. to Exclude Certain Expert Testimony of Jerry A. Hausman, [ECF No. 3591]; Mot. to
     Exclude Evidence Related to a Violation of the Antitrust Laws Under a Rule of Reason Analysis
27   [ECF No. 3593].

28

1  While Thomson believes this schedule will enable the Court to efficiently resolve these actions

2  and eliminate the need to modify the Sears/Kmart Trial schedule while preventing prejudice to

3  Thomson, in the alternative, it does not oppose the following schedule that would preserve the

4  original order of the trials:

| Date | Event |
| --- | --- |
| December 12-13, 2016 | Final Pre-trial Conference in *Sharp Elecs. Corp., et al. v. Hitachi, et al.*, No. 13-cv-01173 |
| January 9, 2017 | Trial Begins in the Sharp action |
| February 6-7, 2017 | Final Pretrial Conference in *Sears, Roebuck & Co. & Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514 |
| March 6, 2017 | Trial Begins in the Sears/Kmart action |

As Sharp noted in its Response, if the Court grants Mitsubishi Electric's motion to continue the DPP Trial until May 30, 2017, there would be ample time between the end of the Sharp Trial and the DPP Trial to conduct the Sears/Kmart Trial in March 2017.  (*See* Resp. at 2.)

Sharp has not established that it would suffer any cognizable prejudice if Thomson's Motion is granted and Thomson has not sought to continue the Sharp Trial as a tactical maneuver or to otherwise gain an advantage over Sharp.  Thomson has done so to preserve the fundamental fairness of the trial and to prevent the severe prejudice that it will suffer if trial is set for a date when Ms. Ehret could not participate.  To protect these important interests, the Sharp Trial should be set for January 9, 2017.

1

2
   Dated:  May 3, 2016.               Respectfully submitted,

3
                                          /s/ *Kathy L. Osborn*

4
Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP

5
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204

6
Telephone: +1-317-237-0300
Facsimile: +1-317-237-1000

7
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

8

9
Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo Center

10
1700 Lincoln Street
Denver, CO  80203

11
Telephone: +1-303-607-3500
Facsimile:  +1-303-607-3600

12
jeff.roberts@FaegreBD.com

13
Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP

14
1950 University Avenue, Suite 450
East Palo Alto, CA  94303-2279

15
Telephone: +1-650-324-6700
Facsimile: +1-650-324-6701

16
calvin.litsey@FaegreBD.com

17
**Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.**

18

19
By: */s/ Donald A. Wall*

20
DONALD A. WALL (*pro hac vice*)
Email: donald.wall@squirepb.com

21
SQUIRE PATTON BOGGS (US) LLP
1 East Washington Street, Suite 2700

22
Phoenix, Arizona 85004
Telephone: (602) 528-4000

23
Facsimile: (602) 253-8129

24
**Attorneys for Defendant Technologies Displays Americas LLC**

25

26

27

28

THOMSON AND TDA'S REPLY IN SUPPORT OF
MOTION TO CONTINUE AND SET TRIAL DATES      6        No. 07-cv-5944-JST; MDL No. 1917