UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. C-07-5944 JST |
| This Order Relates To: | **ORDER ON MOTIONS TO LEAVE TO FILE ADDITIONAL MOTIONS** |
| ALL DIRECT ACTION PLAINTIFFS | |

The parties have filed various motions for leave to file additional motions, including Toshiba's Motion for Leave to File Motion to Dismiss Sharp's Second Amended Complaint Based on a Forum-Selection Clause, ECF No. 4557 ("Toshiba Mot."), 4567 ("Sharp Opp'n"); Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.'s Motion for Leave to File a Motion for Reconsideration, ECF No. 4565 ("Sharp Mot."), 4590 ("Toshiba Opp'n"); and LG Electronics, Inc.'s Request for Leave to File Additional Motions, ECF No. 4562 ("LG Mot."), 4594 ("Sears Opp'n").  The motions are fully briefed and suitable for disposition without oral argument per Local Rule 7-1(b).  The Court finds as follows:

- Toshiba's motion is DENIED.
- Sharp's motion is DENIED.
- LG's motion is GRANTED IN PART and DENIED IN PART.

The Court held a case management conference on December 15, 2016 where it set out a tentative schedule for trial of the remaining cases in this MDL.  Two days later, it issued an Order Regarding Deadline for Requests to File Certain New Motions (hereafter "Motions Order") where it noted that the deadlines for summary judgment motions, motions *in limine*, and Daubert motions had passed.  ECF No. 4261 (citing ECF No. 249 at 3-4).  That order recognized, however, "that in

1   rare instances, discovery conducted after the prior motions deadline, rulings on existing motions,

2   or other case events may provide good cause for the filing of an additional motion." Id. at 1.

3   Accordingly, the Court set a deadline of April 12, 2016 for the filing of requests for leave to file

4   an additional such motion.  The parties were ordered, however, to "avoid arguing the merits of the

5   underlying motion to any significant degree, and [to] show good cause why new discovery or an

6   intervening order of the Court made it impossible for the motion to be filed within the original

7   deadlines set for such motions." Id.  "Absent such a showing," the Court noted, "the Court is

8   likely to deny any request to file a new motion." Id. at 2.

9       The instant motions filed by Toshiba and Sharp, though styled as a motion to dismiss and a

10  motion for reconsideration, respectively, seek to relitigate issues that were decided by Judge Conti

11  on March 13, 2014 in an order granting Toshiba's motion to dismiss Sharp's first amended

12  complaint, ECF No. 2435 ("MTD Order"), and on June 9, 2014 in an order granting Sharp leave to

13  file a second amended complaint, ECF No. 2612 ("SAC Order").

14      In the MTD Order, Judge Conti dismissed Sharp's first amended complaint because of a

15  forum selection clause in the "Basic Transaction Agreement" or "BTA" entered into by the

16  parties' Japan-based parent corporations.  See MTD Order at 2.  Sharp's motion for

17  reconsideration asks the Court to reconsider Judge Conti's MTD Order.  As Sharp does not even

18  attempt to "show good cause why new discovery or an intervening order of the Court made it

19  impossible for the motion to be filed within the original deadlines," Motions Order at 1, its motion

20  for leave is DENIED.

21      In the SAC Order, Judge Conti granted Sharp leave to file a second amended complaint, in

22  part, because the BTA, although barring Sharp's claims as to transactions between Sharp entities

23  and Toshiba entities, did "not render Sharp's claims against Toshiba for joint and several liability

24  subject to dismissal under the forum-selection clause." SAC Order at 8.  Almost two years later,

25  Toshiba seeks to file a motion to dismiss Sharp's second amended complaint.  Toshiba argues that

26  it "was unable to file its proposed motion to dismiss within the original deadline because a key

27  admission in support of that motion was made by Sharp after the original deadline had expired."

28  Toshiba Mot. at 2.  Specifically, Toshiba claims that Sharp's Opposition to Toshiba's February 13,

United States District Court
Northern District of California

1    2015 motion *in limine*, ECF No. 3577, admitted "that evidence of its customer-supplier

2    relationship with Toshiba relate to its joint-and-several liability claim in a host of ways," thereby

3    bringing it within the purview of the BTA. Id. at 3.  Toshiba's argument is without merit.  That

4    evidence of the Sharp-Toshiba customer relationship may be relevant to Sharp's joint-and-several

5    liability claims does not mean those claims are barred or otherwise governed by the BTA, which

6    applies only to purchases made between Sharp and Toshiba.  See SAC Order at 2-3.  Further,

7    Toshiba has failed to show good cause because Sharp's statements are not new admissions, nor are

8    they inconsistent with the position it took in its motion for leave to file a second amended

9    complaint.  It is not true, therefore, that "new discovery or an intervening order of the Court made

10   it impossible for [Toshiba's] motion to be filed within the original deadlines."  Motions Order at 1.

11   Accordingly, Toshiba's motion for leave is DENIED.

12       LG's motion requests leave to file four additional motions: (1) Motion to Admit Summary

13   Witness Testimony, (2) Motion for Bench Trial and Bifurcation Regarding Sears/Kmart's

14   Standing to Recovery Based on Purchases from Zenith and Certain Other Vendors, (3) Motion to

15   Require Sears/Kmart to Specify Damages Attributable to Purchases from Specific Vendors and to

16   Clarify Damages Theories, and (4) Motion to Admit Evidence of Other Lawsuits and Settlements.

17   The Court GRANTS LG's motion as it relates to (1) and (2) but DENIES it as it relates to (3) and

18   (4).

19       As to (1), the deadline for filing a motion to admit summary witness testimony has not

20   passed, given that the parties are now preparing for trial and negotiating deadlines for final witness

21   and exhibit lists.  Similarly, as to (2), the deadline for filing a motion for a bench trial on issues of

22   standing – insofar as there remain disputes of fact – has not passed.[1]  LG is ORDERED to file any

23   such motion by August 12, 2015.  See also ECF No. 4621.  LG's motion as to (3) is denied,

24   however, because LG has failed to show good cause.[2]  Further, the requested information may

25

26   _____

     [1] Issues of law will largely be decided by the Court's forthcoming order on various motions for
     summary judgment relating to standing.

27   [2] LG originally requested leave to file a motion requiring Plaintiffs to clarify the scope and nature
     of their damages theories "in three ways."  LG Mot. at 3.  The first two "ways," however, were
28   mooted by stipulation.  See ECF No. 4620.  The only remaining issue before the Court is LG's

United States District Court
Northern District of California

3

1   properly be the subject of an interrogatory or deposition, but not a motion.  Finally, (4) is denied

2   as moot pursuant to the parties' stipulation.  See ECF No. 4619.

3        **IT IS SO ORDERED.**

4   Dated:  May 3, 2016



JON S. TIGAR
United States District Judge

United States District Court<br>Northern District of California

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   request to move for an order requiring Plaintiffs to provide a breakdown of all their requested
     damages by vendor at least one month prior to the deadline for Defendants' exhibit list.  See LG
28   Mot. at 4.