UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. C-07-5944 JST |
| This Order Relates To: | **ORDER GRANTING MOTION TO FILE UNDER SEAL** |
| Sharp Electronics Corp., et al. v. Hitachi Ltd., et al., Case No. C 13-1173 | Re: ECF No. 4551 |

Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. ("SEC and SEMA) move to file under seal portions of their Motion for Leave to File a Motion for Reconsideration and the proposed Motion for Reconsideration attached thereto as Exhibit A. SEC and SEMA have filed a declaration in support of sealing. The Court will grant the motion. A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotations omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). An administrative motion to seal must also fulfill the requirements of Civil Local Rule 79-5(d). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A).

With respect to the second prong, the showing required for overcoming the strong

presumption of access depends on the type of motion to which the document is attached. "[A] 'compelling reasons' standard applies to most judicial records.[1] This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 n.7 (1978)). To overcome this strong presumption, the party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." Kamakana, 447 F.3d at 1178–79 (internal citations omitted).

After reviewing the motion to file under seal, the parties' declaration in support of sealing, and the redacted and unredacted versions of the underlying motions, the Court concludes that each portion of the motion the parties seek to file under seal is properly sealable. First, the Court finds that their request is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). Second, the Court finds that they have articulated "compelling reasons" for sealing each portion of the exhibit sought to be sealed.

**IT IS SO ORDERED.**

Dated: May 4, 2016

_____
JON S. TIGAR
United States District Judge

---

[1] On the other hand, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). Instead, a party need only make a showing under the good cause standard of Rule 26(c) to justify the sealing of the materials. Id. at 1097. A court may, for good cause, keep documents confidential "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).