*[Stipulating parties listed on signature page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-CV-05944-JST<br>MDL No. 1917 |
| This Document Relates To:<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514 | **STIPULATION AND [PROPOSED] ORDER REGARDING ADDITIONAL INFORMATION REGARDING SEARS' & KMART'S DAMAGES REQUEST** |

WHEREAS Exhibit 20b of the Second Supplemental Expert Report of Dr. Alan Frankel, prepared for Plaintiffs Sears, Roebuck & Co. and Kmart Corporation ("Plaintiffs"), dated September 25, 2014 ("the Second Supplemental Report"), attributes portions of Plaintiffs' damages request to alleged defendant groups, rather than to specific vendors;

PURSUANT TO LOCAL RULE 7-12, PLAINTIFFS AND LG ELECTRONICS, INC. ("LGE"), BY AND THROUGH THEIR RESPECTIVE COUNSEL OF RECORD, HEREBY STIPULATE AS FOLLOWS:

1. Plaintiffs will provide to LGE a breakdown of their damages set forth in Exhibit 20b of the Second Supplemental Report specifying, within each alleged defendant group from whom Plaintiffs purchased finished products (e.g., "Daewoo," "Hitachi," "LGE"), from which vendor(s) Plaintiffs purchased such products, and the damages attributable to Plaintiffs' purchases from each such vendor, provided that detailing this information is feasible.

2. Plaintiffs will this provide this information by the earlier of either: (1) 90 days prior to the first day of trial in this action; (2) if the Court grants LGE's motion for a bench trial on ownership/control issues that commences before the jury trial in this action, then 30 days prior to the deadline for LGE to serve its exhibit list for that bench trial; or (3) if the Court decides to resolve any ownership/control issues via briefing rather than through a bench trial, then 30 days prior to the deadline for LGE to file its first such brief.

3. Once Plaintiffs provide this information, and after the Court rules on all pending ownership/control motions for summary judgment, the parties will meet and confer in good faith regarding whether to stipulate to particular ownership/control relationships.

4. Nothing in this stipulation prevents LGE from challenging Plaintiffs' standing to seek damages where Plaintiffs are unable to identify the specific vendor from which they purchased particular finished products.

5. LGE will not seek any additional discovery from Plaintiffs relating to the breakdown of their damages by vendor.

1    6.  This stipulation shall not be introduced into evidence during the jury trial or read to the

2  jury during trial, and it shall not be relied on to support an entitlement to any relief not expressly

3  contemplated by the terms of this stipulation.

4

5  Dated:  May 6, 2016                                 Respectfully submitted,

6

7                                                      *MUNGER, TOLLES & OLSON LLP*

8                                                      */s/ Brad D. Brian*
                                                       Brad Brian (State Bar No. 079001)
9                                                      brad.brian@mto.com
                                                       Gregory J. Weingart (State Bar No. 157997)
10                                                     gregory.weingart@mto.com
                                                       Susan E. Nash (State Bar No. 101837)
11                                                     susan.nash@mto.com
                                                       E. Martin Estrada (State Bar No. 223802)
12                                                     martin.estrada@mto.com
                                                       MUNGER, TOLLES & OLSON LLP
13                                                     355 South Grand Avenue, 35th Floor
                                                       Los Angeles, California 90071-1560
14                                                     Telephone: (213) 683-9100
                                                       Facsimile:  (213) 687-3702
15
                                                       *Attorneys for Defendant LG Electronics, Inc.*
16

17                                                     */s/ William J. Blechman*
                                                       Richard Alan Arnold
18                                                     kmurray@knpa.com
                                                       William J. Blechman
19                                                     wblechman@knpa.com
                                                       Kevin J. Murray
20                                                     rarnold@knpa.com
                                                       KENNY NACHWALTER, P.A.
21                                                     201 S. Biscayne Blvd., Suite 1100
                                                       Miami, FL 33131
22                                                     Telephone: (305) 373-1000
                                                       Facsimile:  (305) 372-1861
23
                                                       *Attorneys for Plaintiffs Sears, Roebuck and Co. and*
24                                                     *Kmart Corp.*

25

26

27    Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this

28  document has been obtained from each of the above signatories.

STIPULATION AND [PROPOSED] ORDER REGARDING
ADDITIONAL INFORMATION REGARDING SEARS' &                          Case No. 07-cv-5944 JST (N.D. Cal.)
KMART'S DAMAGES REQUEST

1    It is so stipulated and agreed to by the parties.

2

3    PURSUANT TO STIPULATION, IT IS SO ORDERED.

4

5    Dated:_____          _____

6                                                Hon. Jon S. Tigar
                                           United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28