Jason C. Murray (CA Bar No. 169806)
Robert B. McNary (CA Bar No. 253745)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com
       rmcnary@crowell.com

Jerome A. Murphy (*pro hac vice*)
Matthew J. McBurney (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile:  202-628-5116
Email: jmurphy@crowell.com
       mmcburney@crowell.com
       aheaven@crowell.com

*Attorneys for Plaintiffs Target Corporation
and ViewSonic Corporation*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.,* Case No. 3:11-cv-05514-JST<br><br>*Target Corp. v. Technicolor SA, et al.,* Case No. 3:13-cv-05686-SC<br><br>*ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.,* Case No. 3:14-cv-02510-JST | **PLAINTIFFS TARGET CORPORATION'S AND VIEWSONIC CORPORATION'S OBJECTION TO THE SPECIAL MASTER'S MAY 11, 2016 REPORT AND RECOMMENDATION RE DIRECT ACTION PLAINTIFFS' AGGREGATE SETTLEMENTS (DKT. NO. 4649)**<br><br>The Honorable John S. Tigar<br>Court: Courtroom 9, 19th Floor |

TARGET'S AND VIEWSONIC'S OBJECTIONS TO
SPECIAL MASTER'S REPORT RE SETTLEMENTS
MDL NO. 1917; MASTER FILE NO. 3:07-CV-05944-JST

1

Plaintiffs Target Corporation ("Target") and ViewSonic Corporation ("ViewSonic") respectfully submit this objection to the Special Master's May 11, 2016 Report and Recommendation regarding Direct Action Plaintiffs' Aggregate Settlements (the "Report"). (MDL Dkt. No. 4649.)

In the Report, the Special Master recommends, *inter alia*, that the Court enter an order directing Target and ViewSonic "to submit their settlement agreements to [the Special Master] for *in camera review*" so that the Special Master may "aggregate compensation values and release, under an appropriately tailored seal, said aggregate value to all attorneys" in this MDL. (MDL Dkt. No. 4649, at 2:7-10, 4:4-5.) Target and ViewSonic object to the Report and respectfully request that the Court decline to adopt the portion of the Report requiring Target and ViewSonic to disclose their settlement agreements.

Judge Conti's decision to originally order disclosure of the Direct Action Plaintiffs' settlement agreements to the Special Master was premised on two considerations. First, it would allow the Special Master to aggregate and disclose the total value of a plaintiff's settlements for purposes of enabling remaining defendants to determine "the set-off likely to be paid should the jury find against them." (MDL Dkt. No. 4102, at 3:1-5.) Second, it would allow the Special Master to disclose the "precise text of cooperative agreements" to the remaining defendants for use on cross-examination at trial. (*Id.*, at 3:12-18.) Neither purpose is served by requiring ViewSonic or Target to disclose their settlement agreements at this time.

Target has completely settled its case as to every defendant, and dismissed the last of its claims more than a year ago. (MDL Dkt. Nos. 3139, 3390, 3392, 3534, 3629, 3797, 3798, 3840, 3847, 3848; Case No. 3:11-cv-05514-JST Dkt. No. 27.) As a result, Target now stands as a non-party vis-à-vis the MDL proceedings, and the Court therefore lacks jurisdiction to enter any discovery orders as to Target. *See Duke Energy Trading and Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001) (upon entry of dismissal "the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining

TARGET'S AND VIEWSONIC'S OBJECTIONS TO
SPECIAL MASTER'S REPORT RE SETTLEMENTS
MDL NO. 1917; MASTER FILE NO. 3:07-CV-05944-JST

2

1  to them") (emphasis added); *see also Jou v. Kimberly-Clark Corp.*, No. 13-CV-03075-JSC, 2015
2  WL 4537533, at *3 (N.D. Cal. July 27, 2015) (dismissal "divested the Court of jurisdiction over
3  this case, and there is no live case or controversy.")  Further, because Target has fully settled and
4  dismissed its claims, the aggregate off-set value of its settlements is irrelevant, because there will
5  be no future trial or judgments in its case.  For the same reason, any cooperation provisions
6  contained in Target's settlement agreements are irrelevant; having dismissed its claims against
7  every defendant, there is no potential for trial or cross-examination.
8       Similarly, ViewSonic has settled with all remaining defendants in its case.  All that
9  remains now is for ViewSonic to dismiss defendants Chunghwa Picture Tubes, Ltd. and
10 Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively, "Chunghwa"), once Chunghwa has
11 fulfilled the requirements of the parties' settlement agreement.  (MDL Dkt. Nos. 3382, 3391,
12 3799, 3841, 3846, 3992, 4027.)  As the parties recently informed the Court, ViewSonic and
13 Chunghwa have a fully-executed settlement agreement in place, and will file a stipulation of
14 dismissal as soon as the terms of that agreement are fulfilled.  (MDL Dkt. No. 4653.)  As a
15 result, like with Target, disclosure of ViewSonic's confidential settlement agreements will not
16 serve either of the Court's rationales in ordering disclosure in the first instance:  There is no
17 potential for any future judgments that may be offset by ViewSonic's aggregate settlement
18 amount, or for trial or cross-examination in the MDL where a cooperation agreement could be
19 relevant.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27
28  TARGET'S AND VIEWSONIC'S OBJECTIONS TO
SPECIAL MASTER'S REPORT RE SETTLEMENTS
MDL NO. 1917; MASTER FILE NO. 3:07-CV-05944-JST

3

For the foregoing reasons, Target and ViewSonic object to the Special Master's Report, and respectfully request that the Court strike the portion of the Report requiring disclosure of Target's and ViewSonic's settlement agreements. (*See* MDL Dkt. No. 4649, at 4:4-5.)

Respectfully submitted,

Dated: May 16, 2016

*/s/ Jason C. Murray*
Jason C. Murray (CA Bar No. 169806)
Robert B. McNary (CA Bar No. 253745)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com
        rmcnary@crowell.com

Jerome A. Murphy (*pro hac vice*)
Matthew J. McBurney (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile:  202-628-5116
Email: jmurphy@crowell.com
        mmcburney@crowell.com
        aheaven@crowell.com

*Attorneys for Plaintiffs Target Corporation & ViewSonic Corporation*

TARGET'S AND VIEWSONIC'S OBJECTIONS TO
SPECIAL MASTER'S REPORT RE SETTLEMENTS
MDL NO. 1917; MASTER FILE NO. 3:07-CV-05944-JST

4