**NOT FOR CITATION OR PUBLICATION**

**(Civ. L.R. 7-14)**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. C-07-5944 JST |
| This Order Relates To: | **ORDER ADOPTING REPORT AND RECOMMENDATION RE DIRECT ACTION PLAINTIFFS' AGGREGATE SETTLEMENTS** |
| ALL DIRECT ACTION PLAINTIFFS | |

Special Master Vaughn R. Walker ("Judge Walker") filed a Report and Recommendation ("R&R") regarding Direct Action Plaintiffs' ("DAPs'") aggregate settlements on May 11, 2016. ECF No. 4649. The order directs DAPs Target Corporation and ViewSonic Corporation "to comply with the court's orders (Dkt Nos 4102 and 4611) no later than May 18, 2016." R&R at 4. Those orders, in turn, require any settling DAPs to provide "a copy of all settlement agreements" to Judge Walker, who in turn will "aggregate compensation values and release, under an appropriately tailored seal, said aggregate value to all attorneys . . . ." ECF No. 4102 at 3. Target and ViewSonic have jointly objected to the R&R. ECF No. 4655 ("Objection"). The Court will overrule the objection.

Target and ViewSonic both argue that because they have settled all of their claims, disclosure of their confidential settlement agreements will not provide set-off information of value or cooperative-agreement language relevant to any witness at trial. Objection at 3. Judge Walker rejected similar arguments, concluding that "[t]he aggregate settlement amounts for all DAPs, including those who have settled all cases, may help parties with active DAP actions to assess the value of their cases and promote further settlement." R&R at 3.

The Court agrees with Judge Walker. As to the aggregate settlement value, the intent of

the Aggregate Settlement Order was to assist defendants who remain in the case decide whether to proceed to trial. See ECF No. 4102 at 3. Disclosure by Target and ViewSonic will further this purpose. As to the cooperative language portion, if there is such language in any settlement agreement, the Court cannot conclude in a vacuum that such language is irrelevant to questions of witness motive or bias.

Rather than speculate, the better course is to compel *in camera* production of the settlement agreements for disclosure consistent with the Settlement Agreement Order. The risk of harm to Target or ViewSonic from these limited disclosures issued under seal is low, whereas the unfairness to other parties in DAP cases is high. If upon review Judge Walker concludes that the disclosure of the aggregate set-off value or the cooperative agreement language will not assist any party whose case is still pending, he may issue an order to that effect and decline to publish the additional information.

Target also objects that because it has already dismissed its claims, Judge Walker and this Court lack jurisdiction to compel it to produce the requested information. See Objection at 2 (collecting ECF citations).[1] A district court cannot take action on claims that have already been dismissed pursuant to Federal Rule of Civil Procedure 41. See Duke Energy Trading & Mktg., L.L.C. v. Davis, 267 F.3d 1042, 1049 (9th Cir. 2001) (discussing dismissal pursuant to Rule 41(a)(1)); Jou v. Kimberly-Clark Corp., No. 13-CV-03075-JSC, 2015 WL 4537533, at *3 (N.D. Cal. July 27, 2015) (same). However, it may still act on collateral matters such as "the imposition of costs, attorney's fees, and contempt sanctions," in addition to enforcement of "the imposition of a Rule 11 sanction" because these are "not a judgment on the merits of an action." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990). The Court concludes that it retains jurisdiction to compel compliance with its own orders. Target's objection on this ground will accordingly be overruled.[2]

---

[1] Per ECF No. 4653, ViewSonic and Chunghwa have reached a settlement in principle, but dismissal has not yet been granted pursuant to Federal Rule of Civil Procedure 41. Therefore, ViewSonic remains part of this multidistrict litigation case ("MDL"). Accordingly, this argument does not apply to ViewSonic.

[2] Even if Target were correct, it appears that the Court could issue its own subpoena to obtain the information it needs to accomplish the purposes of its prior order. See, e.g., Shepherd v. Am.

Finally, the Court notes that Judge Walker's R&R does not create new obligations on the parties; it merely seeks to compel enforcement of obligations imposed by the Court's prior orders. ECF Nos. Nos 4102, 4611.  Thus, the objection is tantamount to a motion for reconsideration of those earlier orders.  "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."  Civ. L.R. 7-9(a).  In addition, the party seeking reconsideration "must specifically show reasonable diligence in bringing the motion, and one of the following:

> (1)  That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2)  The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3)  A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).  Target and ViewSonic have failed to make this showing.  For this additional reason, the objection must be overruled.

For all the foregoing reasons, the Target and ViewSonic objections are OVERRULED. Because the dates for compliance with the R&R have passed or are too close in time to allow a fair response, the Court orders Target and ViewSonic to comply with the R&R by June 3, 2016.  The deadline for letter briefs regarding appropriate enforcement and sanctions is extended to June 17, 2016.

IT IS SO ORDERED.

Dated:  May 27, 2016

JON S. TIGAR
United States District Judge

---

Broad. Companies, Inc., 151 F.R.D. 194, 197 (D.D.C. 1993), rev'd in part and vacated in part on other grounds, 62 F.3d 1469 (D.C. Cir. 1995).  In light of its conclusion that it does have jurisdiction, however, the Court need not reach this issue.

3