# Exhibit A

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

LLOYD K. GARRISON  (1946-1991)
RANDOLPH E. PAUL  (1946-1956)
SIMON H. RIFKIND  (1950-1995)
LOUIS S. WEISS  (1927-1950)
JOHN F. WHARTON  (1927-1977)

WRITER'S DIRECT DIAL NUMBER

202-223-7343

WRITER'S DIRECT FACSIMILE

202-204-7343

WRITER'S DIRECT E-MAIL ADDRESS

cbenson@paulweiss.com

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU, CHAOYANG DISTRICT
BEIJING 100020, PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

PARTNERS RESIDENT IN WASHINGTON

DAVID J. BALL
CRAIG A. BENSON
PATRICK S. CAMPBELL
CHARLES E. DAVIDOW
KENNETH A. GALLO
MARK F. MENDELSOHN

JANE B. O'BRIEN
ALEX YOUNG K. OH
JOSEPH J. SIMONS
ALEXANDRA M. WALSH
BETH A. WILKINSON

PARTNERS NOT RESIDENT IN WASHINGTON

MATTHEW W. ABBOTT*
EDWARD T. ACKERMAN*
ALLAN J. ARFFA
ROBERT A. ATKINS*
JOHN F. BAUGHMAN*
LYNN B. BAYARD*
DANIEL J. BELLER
MITCHELL L. BERG*
MARK S. BERGMAN
BRUCE BIRENBOIM*
H. CHRISTOPHER BOEHNING*
ANGELO BONVINO*
JAMES L. BROCHIN
RICHARD J. BRONSTEIN
DAVID W. BROWN*
SUSANNA M. BUERGEL*
JESSICA S. CAREY*
JEANETTE K. CHAN*
YVONNE Y. F. CHAN*
LEWIS R. CLAYTON
JAY COHEN
KELLEY A. CORNISH*
CHRISTOPHER J. CUMMINGS*
THOMAS V. DE LA BASTIDE III*
ARIEL J. DECKELBAUM*
ALICE BELISLE EATON*
ANDREW J. EHRLICH*
GREGORY A. EZRING*
LESLIE GORDON FAGEN
MARC FALCONE*
ROSS A. FIELDSTON*
ANDREW C. FINCH
BRAD J. FINKELSTEIN*
BRIAN P. FINNEGAN*
ROBERTO FINZI
PETER E. FISCH*
ROBERT C. FLEDER
MARTIN FLUMENBAUM
ANDREW J. FOLEY*
HARRIS B. FREIDUS*
MANUEL S. FREY*
ANDREW L. GAINES*
MICHAEL E. GERTZMAN*
ADAM M. GIVERTZ*
SALVATORE GOGLIORMELLA*
ROBERT D. GOLDBAUM*
NEIL GOLDMAN*
CATHERINE L. GOODALL*
ERIC GOODISON*
CHARLES H. GOOGE, JR.*
ANDREW G. GORDON*
UDI GROFMAN*
NICHOLAS GROOMBRIDGE*
BRUCE A. GUTENPLAN*
GAINES GWATHMEY, III
ALAN S. HALPERIN*
JUSTIN G. HAMILL*
CLAUDIA HAMMERMAN*
GERARD E. HARPER
BRIAN S. HERMANN*
MICHELE HIRSHMAN*
MICHAEL S. HONG*
DAVID S. HUNTINGTON*
AMRAN HUSSEIN*
LORETTA A. IPPOLITO*
JAREN JANGHORBANI*
BRIAN M. JANSON*
MEREDITH J. KANE*

ROBERTA A. KAPLAN*
BRAD S. KARP*
PATRICK N. KARSNITZ*
JOHN C. KENNEDY*
BRIAN KIM*
ALAN W. KORNBERG
DANIEL J. KRAMER*
DAVID K. LAKHDHIR
STEPHEN P. LAMB*
JOHN E. LANGE
DANIEL J. LEFFELL*
XIAOYU GREG LIU*
JEFFREY D. MARELL*
MARCO V. MASOTTI*
EDWIN S. MAYNARD*
DAVID W. MAYO*
ELIZABETH R. McCOLM*
WILLIAM B. MICHAEL*
TOBY S. MYERSON*
CATHERINE NYARADY*
BRAD R. OKUN*
KELLEY D. PARKER*
MARC E. PERLMUTTER*
VALERIE E. RADWANER*
CARL L. REISNER
LORIN L. REISNER*
WALTER G. RICCIARDI
WALTER RIEMAN*
ANDREW N. ROSEN
ANDREW N. ROSENBERG*
JACQUELINE P. RUBIN*
RAPHAEL M. RUSSO*
ELIZABETH M. SACKSTEDER*
JEFFREY D. SAFERSTEIN*
JEFFREY B. SAMUELS*
DALE M. SARRO
TERRY E. SCHIMEK
KENNETH M. SCHNEIDER*
ROBERT B. SCHUMER*
JOHN M. SCOTT*
STEPHEN J. SHIMSHAK*
DAVID R. SICULAR*
MOSES SILVERMAN
STEVEN SIMKIN*
AUDRA J. SOLOWAY*
SCOTT M. SONTAG*
TARUN M. STEWART*
ERIC ALAN STONE*
AIDAN SYNNOTT*
ROBYN F. TARNOFSKY*
MONICA K. THURMOND*
DANIEL J. TOAL*
LIZA M. VELAZQUEZ*
MARIA T. VULLO*
LAWRENCE G. WEE*
THEODORE V. WELLS, JR.*
STEVEN J. WILLIAMS*
LAWRENCE I. WITDORCHIC*
MARK B. WLAZLO*
JULIA T.M. WOOD
JENNIFER H. WU*
JORDAN E. YARETT*
KAYE N. YOSHINO*
TONG YU*
TRACEY A. ZACCONE*
TAURIE M. ZEITZER*
T. ROBERT ZOCHOWSKI, JR.*

*NOT AN ACTIVE MEMBER OF THE DC BAR

May 2, 2016

Hon. Vaughn R. Walker (Ret.)
c/o Mr. Jay Weil
Federal Arbitration, Inc.
288 Hamilton Avenue, 3rd Floor
Palo Alto, California 94301
jay.weil@fedarb.com

*In re CRT Antitrust Litigation*, MDL No. 1917, No. 07-cv-5944-JST

<u>Translation-Objection Resolution Protocol</u>

Dear Judge Walker:

The Direct Action Plaintiffs ("DAPs"), Direct Purchaser Plaintiffs ("DPPs") (collectively, "Plaintiffs"), and Defendants (collectively, "parties") hereby respond to the Special Master's Order Re Translation-Objection Resolution Protocol, dated April 25, 2016, ECF No. 4597 ("the Order"). The parties offer the below information and suggested modifications to the Order to the Special Master in order to most efficiently reduce and resolve outstanding translation objections.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Letter to Hon. Vaughn Walker re: Translation-Objection Resolution Protocol          2

## I.      Appointment of Neutral Translators

The parties are in the process of ongoing discussions in an attempt to come to an agreement on which neutral translators the Special Master should appoint to assist with resolution of translation objections.  The parties have identified two requested revisions to the Order.

First, the Order states that "the parties appear to agree that two neutral translators, one for all plaintiffs and one for all defendants, should be appointed to assist the undersigned in resolving the translation objections."  (Order at 2.)   In our collective view, it would be optimal to have one neutral translator assist the Special Master in adjudicating the disputes; it is not necessary to have one neutral for defendants and another for plaintiffs.  Because, however, there are three primary languages involved— Korean, Japanese, and Chinese—it will likely be necessary to have three such neutral translators, one for each language.  Those translators can look at the underlying language, and then the competing translations advocated by the plaintiffs and by the defendants, and choose the one that is more accurate.[1]

Second, the parties are conferring to determine whether they can agree to an alternative process for selecting the neutral translators that does not require the two-step process recommended by the Special Master or submitting seven proposed names on May 6 and then objections on May 13.  If the parties are able to reach agreement on the alternative process, it would involve their submitting an agreed-upon list of multiple potential neutral translators, per language on May 13.  The parties will update the Special Master prior to May 6 as to how they wish to proceed.

## II.     The Universe of Objections

Prior to the Special Master issuing his order, the parties had agreed upon a process for identifying and narrowing the translation disputes for the Special Master's attention.  That process involves the following:

- First Tranche Objections

   o   The parties identified on April 1 key objections that appeared to be ripe for resolution by the Special Master, based on prior meet and confers.  The parties will hold an in-person meet and confer to determine which of these disputes can be resolved, and which will require attention from the neutral translators.  Any objections that are not resolved after the meet and confer can be submitted to the Special Master no later than May 17, as set forth in the Order.

---

[1]   Plaintiffs note that that Discovery Protocol provides that "[a]ll certified translations shall be presumed to be accurate."  Dkt. No. 1128, Section XVI.F.

Letter to Hon. Vaughn Walker re: Translation-Objection Resolution Protocol          3

- Second Tranche Objections

    o The parties have agreed to exchange their lists of second tranche objections on May 2, and to crystallize their respective positions by June 15, as to which objections can be resolved, and which should be submitted to the neutral translators for evaluation.  These documents would comprise other disputed translations that the parties believe are likely to be used at trial.[2]

    For Tranche Two documents, the parties therefore propose submitting any objection left for Special Master resolution on June 24.

    The parties also expect that for the remanded actions and the DPP action, where discovery is ongoing and in which pretrial exchanges have not yet occurred, that a later phase of working toward resolution of any unresolved translation objections may need to take place at a later time.

## III.    Format of Submissions

    The parties propose that, for each of Tranche 1 and Tranche 2 objections, they submit a joint filing to the Court.  That filing would contain a chart reflecting only the two proposed translations (one from the offering party, one from the objector).  The original document and the original certified translation shall be attached as exhibits.  Each side, in the chart, may (but is not required to) include no more than three sentences of explanation regarding why their proposed translation is the more correct.  The neutral translator will select one of the two translations, in baseball arbitration style.

## IV.    Allocation of Costs of Resolution and Recertified Translations

    The parties are considering whether it would be feasible to eliminate the need to obtain recertified translations, by stipulating to the resolved translation without the further use of a translator and recreating a final trial exhibit reflecting the resolved

---

[2]    The parties acknowledge that some foreign-language documents may be identified and disclosed later than May 2, 2016 through no bad faith on behalf of either side.  The parties are continuing to confer on this issue.

With respect to the Northern District of California DAP trials, disputes that later-identified documents were not identified in good faith or that the parties are subject to unfair surprise may be brought to the Special Master and the parties reserve their rights on those issues.  Any such disputes are not yet relevant to the DAP remand cases, as pretrial exchanges in those actions will be made according to schedules established in the remand courts.  Likewise, any such disputes are not yet relevant to the DPP action, as pretrial exchanges in that action will be made according to schedules not yet set.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Letter to Hon. Vaughn Walker re: Translation-Objection Resolution Protocol          4

translations.  Parties are also continuing to confer as to the most efficient means of recertification of final trial exhibits should further use of translators be desired.  We will update the Special Master when we have reached consensus on the question and request that Section IV of the Order permit the parties to stipulate to a preferred method of creating final exhibits reflecting the resolution of objections.

## V.      Effect of Translation Objection Protocol on "Remand Parties"

        While the Order did not address the issue of how this Protocol—developed in connection with the Northern District of California trials—will impact the cases that are ultimately remanded to their respective transferor courts, the Parties have reached the following agreement regarding any such remand actions:  Plaintiffs and Defendants whose cases are remanded to their respective transferor courts for trial (collectively, the "Remand Parties") will be bound by the resolution of translations under this Protocol to the extent those resolutions occur prior to remand.

        Upon remand, the respective transferor courts will have the sole authority to resolve the Remand Parties' translation disputes.  Any resolutions of translations under this Protocol that occur after remand will be binding on the Remand Parties only to the extent they are agreed to by the Remand Parties and/or are ordered by the applicable transferor court(s).  The Remand Parties do not waive their respective rights to object to (or contest objections to) translations of documents either included in or omitted from Tranche 1 or Tranche 2 lists by the Northern District of California Parties and regardless of whether those exhibits have appeared on exhibits lists submitted by any of the parties in connection with the Northern District of California trials, unless those translations have been resolved prior to remand.

### Conclusion

        In light of the foregoing, the parties respectfully request that the Special Master modify the Order as follows:

- The parties shall submit to the Court either separate lists as currently laid out in the Order, or a jointly agreed-upon list of translators by May 13;

- The deadline to submit a joint filing as to the Second Tranche Objections shall be June 24;

- The parties shall be permitted to submit a small number of additional translation objections for resolution after the Second Tranche Objection deadline;

- The parties shall have the option of stipulating to the method for finalizing resolved translations, including doing so without the use of a translator for recertification; and

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Letter to Hon. Vaughn Walker re: Translation-Objection Resolution Protocol          5

- The Remand Parties will be bound by the resolution of translations under this Protocol to the extent those resolutions occur prior to remand, including any translation resolutions reached regarding objections to documents identified in Tranche 1 and Tranche 2, respectively, as well as objections to any additional documents that are, through no bad faith of any party, identified following May 2, *provided*, however, that such objections are resolved prior to remand.

Respectfully submitted,

*/s/ Craig A. Benson*

Craig A. Benson

cc:     DAP Counsel
        DPP Counsel
        Defendants' Counsel