Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street
Suite 3600
Los Angeles, California 90071
Telephone:   213 239-5100
Facsimile:    213 239-5199
bcaslin@jenner.com

Terrence J. Truax (*pro hac vice*)
Charles B. Sklarsky (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
Jenner & Block LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone:     312 222-9350
Facsimile:      312 527-0484
ttruax@jenner.com
mbrody@jenner.com
csklarsky@jenner.com
gfuentes@jenner.com

Harold A. Barza (Cal. Bar. No. 80888)
Kevin Y. Teruya (Cal. Bar. No. 235916)
halbarza@quinnemanuel.com
kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:      (213) 443-3000
Facsimile:       (213) 443-3100

Ryan S. Goldstein (Cal. Bar No. 208444)
ryangoldstein@quinnemanuel.com
NBF Hibiya Building, 25F
1-1-7, Uchisaiwai-cho, Chiyoda-ku
Tokyo 100-0011, Japan
Telephone:      +81 3 5510 1711
Facsimile:       +81 3 5510 1712

*Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.*

MITSUBISHI ELECTRIC DEFENDANTS' REPLY ISO MOTION TO SET TRIAL DATE
CASE NO. 3:14-CV-2058-JST, MDL NO. 1917

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>*Crago d/b/a Dash Computers, Inc., et al., on its own behalf and on behalf of similarly situated parties,*<br><br>                              *Plaintiffs,*<br><br>v.<br><br>*Mitsubishi Electric Corporation, et al.,*<br><br><br><br>*Defendants.* | MDL No. 1917<br><br>Master File No. 3:07-cv-05944-JST<br>Case No. 3:14-cv-02058-JST<br><br>**REPLY IN SUPPORT OF MITSUBISHI ELECTRIC DEFENDANTS' MOTION TO SET TRIAL DATE**<br><br>Judge:  Hon. Jon S. Tigar<br>Court:  Courtroom 9, 19th Floor<br>Date:   10 a.m., June 9, 2016 |

In moving for a May 30, 2017 trial date in the Direct Purchaser Plaintiff ("DPP") action, the Mitsubishi Electric Defendants[1] sought to balance the interest in a prompt trial with the reality that fact discovery is not concluded and expert discovery, the litigation of summary judgment, *Daubert*, and *in limine* motions, and the submission of other pretrial filings have not yet begun. The DPPs' response contains a number of misstatements, but for brevity's sake, in this reply the Mitsubishi Electric Defendants will focus on the DPPs' mischaracterization of the substantial expert discovery that lies ahead in the case. While the DPPs submitted an expert report on the issue of class certification, they have *not* disclosed anything close to a model for calculation of damages in this case, and their proposed pre-trial schedule asks the Court to treat the Mitsubishi Electric Defendants unfairly by imposing a highly compressed timeframe for the Mitsubishi Electric Defendants to analyze and respond to the DPPs' experts, far less than was allowed in the comparable DAP matters.

*First*, the DPPs wrongly suggest that somehow they already have provided the Mitsubishi Electric Defendants with expert damages discovery. (Dkt. 4616 (the "Opposition") at 3.)   The DPPs cite the work of Dr. Jeffrey Leitzinger, their class certification expert, *who did not calculate alleged finished product sales and damages or overcharges in his report*, and instead concluded his report by stating only that he *could* make such calculations:

> Similarly, I can use the Defendants' and co-conspirators' finished product transactions data to calculate Class finished product sales and damages for the sales recorded in the data. I understand that the measure of damages on CRT finished product purchasers is the amount of the overcharge on the CRTs they contain. Accordingly, to calculate damages associated with CRT finished product purchasers, I would first compute the average annual dollar overcharge associated with the corresponding (by CRT type) CRT, by applying the overcharge percentage derived above to the CRT price. I would then take this average per-unit dollar amount of overcharge on the CRT and multiply it by the corresponding units

---

[1] "Mitsubishi Electric Corporation," "Mitsubishi Electric US, Inc.," and "Mitsubishi Electric Visual Solutions America, Inc." are hereinafter and collectively referred to as "the Mitsubishi Electric Defendants." The Court granted summary judgment in favor of Mitsubishi Electric US, Inc. and Mitsubishi Electric Visual Solutions America, Inc. in the DAP cases after years of discovery produced no evidence of their involvement in the alleged conspiracy. (Dkt. 4559.) Discovery remains ongoing in the DPP action.

>of CRT finished product sales to the Class Members. Adding those totals across products over time, I would obtain total overcharges for CRT finished products sold by the Defendants and co-conspirators.

(Dkt. 2969-1, at ¶ 83.) Dr. Leitzinger's theoretical promise that he *could* construct a model, is not the same as expert disclosure. Without disclosure of the model, the inputs, the data, or the resulting overcharge or damages calculations that the DPPs plan to present, the Mitsubishi Electric Defendants are not in a position to meet those calculations with their own expert opinion. Nor would a deposition of Dr. Leitzinger on class certification issues, without the benefit of his damages calculations, have advanced expert discovery one iota, and the DPPs' suggestion that the Mitsubishi Electric Defendants are to blame for not availing themselves of damages discovery (by not deposing Dr. Leitzinger before he rendered any damages report) is incorrect. In fact, the DPPs have yet to respond to the Mitsubishi Electric Defendants' July 2015 interrogatory requesting that the DPPs identify experts. Instead of being nearly completed, expert discovery here has not even started.

*Second*, with expert discovery not yet started, the DPPs' proposal that Mitsubishi Electric compress its response to Dr. Leitzinger, if he is the expert the DPPs use, and any other expert witnesses they disclose, into a 45-day time frame is unfair. In the DAP and IPP cases, the pre-trial schedule allowed nearly four months for the defendants to respond to expert discovery. (*See, e.g.,* Dkt. 2459.) While the prior DAP proceedings may streamline expert discovery, the work that remains to respond to DPPs' undisclosed experts is substantial. The DPPs' proposal requires that reports and voluminous factual support be digested, depositions scheduled and taken, and responsive reports prepared and finalized, on an as-of-yet undisclosed number of topics, in a fraction of the time previously permitted for the same activities. The DPPs have had from the beginning of the case until some future point to develop expert proof. The Mitsubishi Electric Defendants should not be compelled to respond in 45 days.

\*   \*   \*

In sum, the Mitsubishi Electric Defendants have proposed an ambitious yet reasonable pre-trial schedule leading to their proposed May 30, 2017 trial date, not quite three months later than the March 6 date proposed by the DPPs.  The DPPs' proposed pre-trial schedule, particularly as it relates to expert discovery, is unrealistic and unfair in that it pretends that substantial expert discovery has already taken place when the DPPs have yet to make the most basic of expert damages disclosures.  The Mitsubishi Electric Defendants respectfully ask that their trial-setting Motion be granted.

Dated:  May 4, 2016

By: */s/ Terrence J. Truax*
Terrence J. Truax
Charles B. Sklarsky
Michael T. Brody
Gabriel A. Fuentes
Jenner & Block LLP
353 North Clark St., Chicago, IL 60654
Tel: 312-222-9350
Fax: 312-527-0484

Harold A. Barza
Kevin Y. Teruya
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa St.
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100

Ryan S. Goldstein
Quinn Emanuel Urquhart & Sullivan LLP
ryangoldstein@quinnemanuel.com
NBF Hibiya Building, 25F
1-1-7, Uchisaiwai-cho, Chiyoda-ku
Tokyo 100-0011, Japan
Telephone:  +81 3 5510 1711
Facsimile:   +81 3 5510 1712

*Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.*

# CERTIFICATE OF SERVICE

I certify that on May 4, 2016, I electronically filed the foregoing Mitsubishi Electric Defendant' Reply In Support of Their Motion To Set Trial Date with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 4th day of May, 2016.

By: */s/ Michael T. Brody*

Terrence J. Truax
Charles B. Sklarsky
Michael T. Brody
Gabriel A. Fuentes
JENNER & BLOCK LLP
353 North Clark St.
Chicago, IL 60654
Tel: 312-222-9350
Fax: 312-527-0484

*Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.*