UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917<br>Case No. C-07-5944 JST |
| This Order Relates To:<br><br>ALL DIRECT ACTION PLAINTIFFS | **ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT EXCLUDE ALL EVIDENCE OF UPSTREAM PASS-ON CALCULATIONS** |

With the exception of Sharp, Direct Action Plaintiffs ("DAPs") purchased CRT products from Defendants' subsidiaries and affiliates ("CRT Product Manufacturers"). The CRT Product Manufacturers produced CRT products using CRTs sold by Defendants. Because CRT Product Manufacturers are direct purchasers and the DAPs are technically indirect purchasers, the CRT Product Manufacturers paid the alleged overcharge in the first instance and allegedly passed on some amount of that overcharge to the DAPs.

Even though the DAPs (excluding Sharp) are indirect purchasers, they claim to have standing under the control exception set out by the Ninth Circuit in Royal Printing Co. v. Kimberly-Clark Corp., 621 F.2d 323 (9th Cir. 1980). Royal Printing is clear that indirect purchasers suing under the control exception must sue for "the entire overcharge amount" and not just that part of the overcharge that was passed on to them by direct purchasers. 621 F.2d at 327; see also id. (holding expressly that the indirect purchaser "c[ould] not sue . . . only for the portion of the overcharge that was passed on to it through [the direct purchaser]"). The Royal Printing court reasoned that if the indirect purchaser sued only for the amount of the overcharge it paid, a district court would be forced to determine "what portion of the illegal overcharge was 'passed on' to [the indirect purchaser] and what part was absorbed by the middlemen [*i.e.*, the direct

purchaser]." Id.  That court concluded that such a process would be unacceptable because it would "involve all the evidentiary and economic complexities that Illinois Brick clearly forbade." Id.; see also In re Optical Disk Drive Antitrust Litig., 303 F.R.D. 311, 322 n.7 (N.D. Cal. 2014) (applying this rule from Royal Printing); In re: Cathode Ray Tube (CRT) Antitrust Litig., 911 F. Supp. 2d 857, 871 (N.D. Cal. 2012) (same); In re Lithium Ion Batteries Antitrust Litig., No. 13-MD-2420 YGR, 2014 WL 309192, at *8 (N.D. Cal. Jan. 21, 2014) (same).

Notwithstanding Royal Printing's express ban on calculating damages based on pass-on amounts, instead of estimating damages based on the entire overcharge amount, the DAPs' damages expert estimates damages in his report based on how much was passed on to the DAPs. ECF No. 3596-5 at 8-9.[1]  Specifically, he reasons that the pass-on rate ought to be set at 100%.  Id. Defendants argue that they are entitled to rebut the DAPs' evidence of 100% pass-on with their own evidence showing a 60-70% pass-on rate.  See, e.g., ECF No. 3596-3 at 5-6.

Citing Royal Printing's ban on pass-on calculations, the DAPs have filed a motion *in limine* asking the Court to exclude Defendants' pass-on evidence.  ECF No. 3558 at 33. Defendants have filed a separate motion *in limine* asking the Court to admit their evidence of pass-on calculations.  ECF No. 3596-3.

The Court ORDERS the parties to SHOW CAUSE why the Court should not exclude *all* evidence of upstream pass-on for the purpose of calculating damages under the Sherman Act. This includes evidence of pass-on calculations presented by Defendants and the DAPs as well as the DAPs' evidence suggesting that the pass-on rate ought to be set at 100%.[2]  If the parties take the position that certain pass-on evidence ought to be admitted for the purpose of calculating damages for the DAPs' Sherman Act claims, they should explain why their position is consistent with binding Ninth Circuit precedent.  The parties, however, should not opine on whether pass-on

---

[1] Pincites are to internal document page numbers, not ECF numbers.
[2] The Court realizes the mathematical outcome is the same whether one calculates damages based exclusively on the overcharge or on 100% pass-on of the overcharge.  The question is why the jury should consider pass-on in the first place.  The distinction becomes important given that if the DAPs present evidence of a particular pass-on rate (even if that rate is 100%) then Defendants are entitled to rebut that evidence with their own evidence supporting a lower rate, an outcome that Royal Printing would seem to prohibit.

calculations are admissible with respect to the FTAIA, antitrust injury, state law claims, or any other purpose other than the calculation of damages for claims under the Sherman Act. The DAPs, collectively, and Defendants, collectively, should each file a single brief of no more than five pages. Briefs are to be filed simultaneously no later than June 20, 2016.

Separately but relatedly, the Court recognizes that pass-on calculations are necessary in order to calculate damages under certain state law claims pursuant to so-called "repealer statutes." The Court therefore ORDERS the parties to list such claims that remain, if any. The parties should also note whether any of those pending claims are subject to an unopposed motion for summary judgment. See, e.g., ECF No. 3253 at 1 n.1. Parties should file a single joint list no later than June 20, 2016.

**IT IS SO ORDERED**.

Dated: June 13, 2016

_____
JON S. TIGAR
United States District Judge