UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 <br> Case No. C-07-5944 JST |
| This Order Relates To: <br><br> ALL DIRECT ACTION PLAINTIFFS | **ORDER REGARDING DAUBERT MOTIONS AND MOTIONS *IN LIMINE* FOR CASES SUBJECT TO REMAND** |

It appears that at least one of the remaining Daubert motions may relate only to cases that will eventually be remanded for trial. See ECF No. 3176. The Court will not decide, and will defer to the transferor court on remand, any motion *in limine* that affects only a case that will eventually be remanded back to a transferor court for trial.[1] See Bouchard v. CBS Corp., No. 11-00458, 2012 WL 5462612, at *1 (E.D. Pa. Oct. 2, 2012) (concluding that "the ruling Defendant seeks is a matter better handled by the trial judge in the context of a motion *in limine*"); In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig., No. 05 C 4742, 2012 WL 3961295, at *1 (N.D. Ill. Sept. 10, 2012) (entering a suggestion of remand because, in part, the "only 'pretrial motions' we can anticipate at this point would relate to the manner in which the case would be tried, such as motions *in limine*"); In re Cobra Tax Shelters Litig., No. 1:05ML9727WTLTAB, 2009 WL 1010422, at *1 (S.D. Ind. Apr. 14, 2009) ("It is the Court's view that the pending motions *in limine* on the admissibility of expert testimony would be best resolved by the court that

---

[1] Of course, where there are motions *in limine* that affect both actions to be tried in this forum as well as cases subject to remand, those motions are appropriately decided by the undersigned. In re Cessna 208 Series Aircraft Products Liab. Litig., No. 05-MD-1721-KHV, 2009 WL 1357234, at *2 (D. Kan. May 12, 2009) ("part of this Court's duty to get cases 'trial-ready' includes evidentiary rulings on common issues").

ultimately tries this case."); see also M. Hugo & S. Helinski, 1 Litigating Tort Cases § 8:72 (online ed. 2015) ("Because the subject of motions in limine surround trial matters, the appropriate time to bring such motions is after remand to the transferor court – the trial court."

Accordingly, the Court orders the parties to submit a joint filing by June 20, 2016, identifying any Daubert motion or motion *in limine* still pending which relates only to a case or cases subject to remand.  Any party who believes that the undersigned should decide any motion on that list may so request and may submit a short explanation in support of that request.  Parties should not discuss the timing of remand in this joint filing.

IT IS SO ORDERED.

Dated:  June 13, 2016

_____
JON S. TIGAR
United States District Judge