Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Kevin J. Murray, Esquire
Samuel J. Randall, Esquire
KENNY NACHWALTER, P.A.
201 S. Biscayne Boulevard
Suite 1100
Miami, Florida  33131
Tel:     (305) 373-1000
Fax:    (305) 372-1861
E-mail:   rarnold@knpa.com
              wblechman@knpa.com
              kmurray@knpa.com
              srandall@knpa.com

*Counsel for Plaintiffs Sears, Roebuck
and Co. and Kmart Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944-JST<br>MDL No. 1917 |
| This Document Relates to:<br><br>DIRECT ACTION PLAINTIFF CASES | **DIRECT ACTION PLAINTIFFS' RESPONSE TO SHOW CAUSE ORDER** |

Direct Action Plaintiffs[1] agree with the Court that evidence of upstream pass-on should not be admitted for the purpose of calculating damages.[2] DAPs agree that this result "is consistent with binding Ninth Circuit precedent." ECF No. 4672 at 2 (citing *Royal Printing v. Kimberly-Clark Corp.*, 621 F.2d 323, 327 (9th Cir. 1980). This is also the result that Judge Jones reached for the Costco trial in the *LCD* litigation. *See Costco Wholesale Corp. v. AU Optronics Corp.*, No. 13-

---

[1] Because this issue does not apply to the Sharp Plaintiffs, Sharp does not join in this response.

[2] Consistent with the Court's directive, DAPs do not opine on the relevance of upstream pass-on evidence to issues such as the FTAIA, antitrust injury, state law claims, or any other purpose other than the calculation of damages for claims under the Sherman Act.

1207, 2014 WL 4674390 *1 (W.D. Wash. Sept. 17, 2014) ("upstream pass-through arguments and evidence are likely to be appealing to price fixers, but they are unavailable despite their appeal").

The DAPs' expert, Dr. Frankel,[3] determined that the overcharge on each unit of a CRT Product is equal to the CRT overcharge, meaning that no adjustment for upstream pass-on was needed for the calculation of Sherman Act damages.  Dr. Frankel's upstream pass-on analysis therefore played no role in his computation of damages; he arrives at the same result if he assumes that the entire overcharge amount paid by the "direct purchasers" is recoverable by the DAPs.

Accordingly, DAPs agree with the Court's Show Cause Order that all upstream pass-on evidence should be excluded for the purpose of calculating damages under the Sherman Act.

Dated: June 20, 2016

Respectfully submitted,

KENNY NACHWALTER, P.A.

By: /s/ *William J. Blechman*
    Richard Alan Arnold, Esquire
    William J. Blechman, Esquire
    Kevin J. Murray, Esquire
    Samuel J. Randall, Esquire
    1441 Brickell Avenue, Suite 1100
    Miami, Florida  33131
    Tel:   (305) 373-1000
    Fax:   (305) 372-1861
    E-mail:   rarnold@knpa.com
              wblechman@knpa.com
              kmurray@knpa.com
              srandall@knpa.com

*Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corporation*

---

[3] Dr. Mohan Rao, Dell's damages expert, conducted a similar regression analysis to determine what amount, if any, of the CRT cartel's overcharges were passed on to Dell. Ultimately, Dr. Rao applied a pass-through rate of 100% in calculating damages to Dell. Dell's damages are therefore unaffected if Dr. Rao assumes that the entire amount of the overcharge was passed on to Dell.

ALSTON & BIRD LLP

By: /s/ *Debra D. Bernstein*
    Michael P. Kenny, Esquire
    Debra D. Bernstein, Esquire
    Rodney J. Ganske, Esquire
    Matthew D. Kent, Esquire
    Elizabeth Jordan, Esquire
    1201 West Peachtree Street
    Atlanta, Georgia  30309-3424
    Tel:   (404) 881-7000
    Fax:   (404) 881-7777
    E-mail:  mike.kenny@alston.com
            debra.bernstein@alston.com
            rod.ganske@alston.com
            matthew.kent@alston.com
            elizabeth.jordan@alston.com

    James M. Wagstaffe, Esq. (SBN 95535)
    KERR & WAGSTAFFE LLP
    101 Mission Street
    18th Floor
    San Francisco, CA  94105-1576
    Tel:   (415) 371-8500
    Fax:   (415) 371-0500
    E-mail:  wagstaffe@kerrwagstaffe.com

***Counsel for Plaintiffs Dell Inc. and Dell Products L.P.***


PERKINS COIE LLP

By: /s/ *David J. Burman*
    David J. Burman, Esquire
    Cori G. Moore, Esquire
    Nicholas H. Hesterberg, Esquire
    1201 Third Avenue
    Suite 4900
    Seattle, Washington  98101-3099
    Tel:   (206) 359-8000
    Fax:   (206) 359-9000
    E-mail:  DBurman@perkinscoie.com
            CGMoore@perkinscoie.com
            NHesterberg@perkinscoie.com

***Counsel for Plaintiff Costco Wholesale Corp.***

| | |
|---|---|
| 1 | |
| 2 | BOIES, SCHILLER & FLEXNER LLP |
| 3 | By: */s/ Philip J. Iovieno* |
| | William A. Isaacson, Esquire |
| 4 | 5301 Wisconsin Ave, N.W. |
| | Suite 800 |
| 5 | Washington, D.C.  20015 |
| | Tel:   (202) 237-2727 |
| 6 | Fax:   (202) 237-6131 |
| | E-mail:  wisaacson@bsfllp.com |

Stuart Singer, Esquire
401 East Las Olas Boulevard
Suite 1200
Fort Lauderdale, FL  33301
Tel:   (954) 356-0011
Fax:   (954) 356-0022
E-mail:  ssinger@bsfllp.com

Philip J. Iovieno, Esquire
Anne M. Nardacci, Esquire
30 South Pearl Street
11th Floor
Albany, New York  12207
Tel:   (518) 434-0600
Fax:   (518) 434-0665
E-mail:  piovieno@bsfllp.com
            anardacci@bsfllp.com

***Liaison Counsel for Direct Action Plaintiffs and Counsel for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies Corp., Office Depot, Inc., CompuCom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corp., MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC, Tech Data Corp., and Tech Data Product Management, Inc.***

BILZIN SUMBERG BAENA PRICE & AXELROD LLP

By: */s/ Scott N. Wagner*
    Robert W. Turken, Esquire
    Scott N. Wagner, Esquire
    1450 Brickell Avenue
    Suite 2300
    Miami, Florida  33131-3456
    Tel:   (305) 374-7580
    Fax:   (305) 374-7593
    E-mail:   rturken@bilzin.com
                 swagner@bilzin.com

***Counsel for Plaintiffs Tech Data Corp. and Tech Data Product Management, Inc.***

## CERTIFICATE OF SERVICE

On June 20, 2016, I caused a copy of the foregoing Direct Action Plaintiffs' Response to Show Cause Order to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

By: */s/ Samuel J. Randall*
    Samuel J. Randall

544533.1