[*Counsel Listed on Signature Pages*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This document relates to:<br><br>*ALL DIRECT ACTION PLAINTIFFS' CASES* | MDL No. 1917<br><br>Case No. C-07-5944 JST (N.D. Cal.)<br><br>**DEFENDANTS' RESPONSE TO THE COURT'S JUNE 13, 2016 ORDER TO SHOW CAUSE REGARDING UPSTREAM PASS-ON EVIDENCE [ECF NO. 4672]**<br><br>Judge:   Hon. Jon S. Tigar<br>Crtrm.:  9, 19th Floor |

Per the Court's June 13, 2016 order to show cause as to "why the Court should not exclude *all* evidence of upstream pass-on for purposes of calculating damages under the Sherman Act," ECF No. 4672 at 2, Defendants[1] hereby submit their brief in response.[2]

## I. PASS-ON EVIDENCE MUST BE ADMITTED BECAUSE PLAINTIFFS DID NOT PURCHASE THE ALLEGEDLY PRICE-FIXED PRODUCT

The Court's order directed any parties who take the position that pass-on evidence should be admitted "for the purpose of calculating damages under the Sherman Act" to "explain why their position is consistent with binding Ninth Circuit precedent," citing *Royal Printing Co. v. Kimberly-Clark Corp.*, 621 F.2d 323 (9th Cir. 1980). ECF No. 4672 at 2. Admitting pass-on evidence here would not conflict with Ninth Circuit precedent, however, because applying *Royal Printing* to preclude pass-on evidence where no Plaintiffs (other than Sharp) purchased the price-fixed products would be an unwarranted extension of the limited ownership/control exception.

*Royal Printing* involved a price-fixing conspiracy by manufacturers of paper goods. The Ninth Circuit held that an indirect purchaser that bought paper goods from divisions or wholly-owned subsidiaries of the paper-good manufacturers could sue the manufacturers, since, even if the subsidiaries' pricing decisions were "determined by market forces," their "litigation decisions will usually be subject to parental control." *See Royal Printing*, 621 F.2d at 326-27. In that context, the court allowed the indirect purchasers to sue for the full amount of the overcharge by

---

[1] This response is submitted on behalf of all the remaining Defendants in the DAP cases: LG Electronics, Inc. ("LG Electronics"); Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd. ("MTPD") (collectively, "Panasonic"); Thomson SA and Thomson Consumer Electronics, Inc. (collectively, "Thomson"); Toshiba Corporation, Toshiba America Electronic Components, Inc., Toshiba America, Inc., Toshiba America Consumer Products, LLC, and Toshiba America Information Systems Inc. (collectively, "Toshiba"); Technologies Displays Americas LLC. ("TDA"); Samsung SDI America, Inc., Samsung SDI Co., Ltd., Samsung SDI (Malaysia) Sdn. Bhd., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co. Ltd. and Tianjin Samsung SDI Co., Ltd. (collectively, "SDI"); and Koninklijke Philips N.V., Philips Electronics North America Corporation, Philips Taiwan Limited, and Philips do Brasil, Ltda (collectively, "Philips").

[2] Because the Court has instructed the parties not to "opine on whether pass-on calculations are admissible with respect to the FTAIA, antitrust injury, state law clams, or any other purposes other than the calculation of damages for claims under the Sherman Act," ECF No. 4672 at 2-3, Defendants do not discuss here the additional, independent grounds for admitting upstream pass-on evidence set forth in Defendants' motion *in limine* to admit such evidence. *See* ECF Nos. 3597 & 3596-3 at 2-8; 3676-4 & 3681 at 50-58; 3770 at 1-2 & n.1.

---

the paper manufacturer regardless of whether part of the overcharge was "absorbed by the middlemen." *Id.* at 327.

*Royal Printing* carved out an exception to the *Illinois Brick* direct purchaser rule.  In *Illinois Brick*, purchasers of masonry structures incorporating concrete blocks sued the block manufacturers for price-fixing. *See Illinois Brick Co. v. Illinois*, 431 U.S. 720, 726 (1977).  In limiting standing to direct purchasers, the Supreme Court recognized that "[t]he only way in which the antitrust violation alleged could have injured respondents is if all or part of the overcharge was passed on by the masonry and general contractors to respondents, rather than being absorbed at the first two levels of distribution." *Id.* at 727.  The Court concluded that, as a general rule, the showing required to establish injury in such a situation was too complicated to permit indirect purchasers to sue at all, and thus the Court limited suits to the direct purchaser suing for the full amount of the overcharge (even if that purchaser had itself passed on some or all of the overcharge). *See id.* at 732-33 & n.13.

The only exception to the *Illinois Brick* rule recognized by the Supreme Court is the limited situation in which "the effect of the overcharge is essentially determined in advance" such that pass on need not be shown because injury is certain. *Id.* at 736.  *Royal Printing* expanded that exception to the situation where a conspirator owns or controls the direct purchaser.  But the circumstances that originally led to the exception are not present here, where Plaintiffs purchased a different product from the price-fixed CRTs after a complex series of transactions in which the CRTs repeatedly changed hands and were incorporated into consumer electronic products. *Cf. id.* ("The competitive bidding process by which the concrete block involved in this case was incorporated into masonry structures and then into entire buildings can hardly be said to circumvent complex market interactions….").

Subsequent cases permitting indirect purchasers to recover under exceptions to *Illinois Brick* have therefore recognized the necessity of a pass-on theory where a plaintiff seeks to recover for its payment of a different price than that fixed by defendants.  In *In re ATM Fee Antitrust Litig.*, 686 F.3d 741 (9th Cir. 2012), bank customers accused banks of fixing the "interchange fees" that banks paid to ATM owners in order to increase the "foreign ATM fees"

that the plaintiffs paid directly to the banks.  Before considering whether the banks controlled the ATM network such that the ATM customers could sue as direct purchasers, the court recognized that the customers had at least alleged an injury because "the Bank Defendants *pass on* the cost of the interchange fees through the foreign ATM fees."  *Id.* at 750 (emphasis added).  The court rejected the argument that "conspiring to set a price for the purpose and effect of raising the price at issue equates to fixing that price and makes the payers of the raised price direct purchasers."  *Id.* at 753; *see also Freeman v. San Diego Ass'n of Realtors*, 322 F.3d 1133, 1145 (9th Cir. 2003) (noting price fixed component fees harm indirect payer plaintiff "*if* [an entity owned by the defendants] *passes them on*" and concluding that plaintiff had made a sufficient showing of pass on prior to analyzing whether plaintiff had standing under *Royal Printing*) (emphasis added).

The instant case involves components, cathode ray tubes ("CRTs"), that represented only a portion of the cost and price of the finished product that was ultimately purchased by the Plaintiffs.  Plaintiffs never purchased the CRTs, only the finished products (televisions and computer monitors).  And, before Plaintiffs entered the picture, the CRTs had to first be combined with other parts and labor, and then pass through various distribution channels.  There is no claim that the finished products were subject to price-fixing, or that prices were not subject to market forces.  Thus, *Royal Printing* did not address the situation where a plaintiff seeks to sue based on the purchase of a different product that was not itself price-fixed, and did not purport to create a rule that in such cases the plaintiff is excused from showing that the overcharges were passed on.

Nothing in *Illinois Brick*, *Royal Printing*, *ATM Fee*, or *Freeman* states that a plaintiff can recover treble damages for the entire overcharge amount based on some upstream overcharge to a component of the non-price-fixed finished product that the plaintiff ultimately purchased without any proof that the overcharge was passed on.  Indeed, in holding that the ownership and control exception of *Royal Printing* applied to the DPPs in this case, Judge Conti held that "the Named DPPs have standing to sue for alleged overcharges *passed on to them* when they purchased an FP [finished product] containing an allegedly price-fixed CRT from an entity allegedly owned or controlled by any allegedly conspiring Defendant."  *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, 911 F. Supp. 2d 857, 872 (N.D. Cal. 2012) (emphasis added).

It is one thing to assume, as *Royal Printing* does, that in a case where a plaintiff purchases the same good from a controlled direct purchaser that the plaintiff could seek the full amount of the overcharge, but when the good is transformed upstream Plaintiffs should be limited to the damages they actually suffered, rather than be permitted to seek some artificially high damages amount. Expanding *Royal Printing* in this fashion would contravene the Supreme Court's prohibition on creating new exceptions to *Illinois Brick*. *Kansas v. UtiliCorp United, Inc.,* 497 U.S. 199, 216-17 (1990) (holding that "[t]he possibility of allowing an exception [to the *Illinois Brick* rule], even in rather meritorious circumstances, would undermine the rule" and that new exceptions would be "unwarranted and counterproductive"); *see also In re ATM Fee*, 686 F.3d at 757 (refusing to "extend the exception noted in *Royal Printing*" to situations "where the seller does not own or control the direct purchasers, because, after *Royal Printing*, the Supreme Court [in *UtiliCorp*] stated that '[t]he possibility of allowing an exception, even in rather meritorious circumstances, would undermine the rule'") (quoting *UtiliCorp*, 497 U.S. at 216).

Although *Royal Printing* found it tolerable to permit paper purchasers to achieve a "windfall gain" when buying from wholly owned subsidiaries the same products that had been produced by the parent manufacturers, nothing in *Royal Printing* requires this Court to extend such a windfall to indirect purchasers of components subject to a complex supply chain involving multifaceted pricing considerations, and to do so would contravene the Supreme Court's prohibition on further exceptions to *Illinois Brick*.[3]

### II. ANY RULING EXCLUDING UPSTREAM PASS-ON EVIDENCE FOR PURPOSES OF COMPUTING DAMAGES SHOULD NOT COVER REMAND CASES OUTSIDE THE NINTH CIRCUIT

If the Court determines that it is bound to issue an order excluding "*all* evidence of upstream pass-on for the purpose of calculating damages" in this case, ECF No. 4672 at 2, such a ruling should not be made with respect to the remand cases outside the Ninth Circuit because no

---

[3] Defendants also note that they take the position that *Royal Printing* was wrongly decided and violates the Supreme Court's prohibition on exceptions to *Illinois Brick*, *see UtiliCorp,* 497 U.S. at 216, but acknowledge that district courts are "bound by the law of their own circuit" to the extent that the Court believes that *Royal Printing* is controlling here. *See Zuniga v. United Can Co.*, 812 F.2d 443, 450 (9th Cir. 1987).

1  other Circuit has adopted the *Royal Printing* exception.  Nor is any other Circuit likely to do so in
2  the future, given the Supreme Court's prohibition on creating new exceptions to *Illinois Brick*.
3  *See UtiliCorp United*, 497 U.S. at 216; *see also Lakeland Reg'l Med. Ctr., Inc. v. Astellas US,*
4  *LLC*, 763 F.3d 1280, 1285-86 n.5 (11th Cir. 2014) (refusing to permit exception to direct-
5  purchaser rule in light of *UtiliCorp*).  Given this state of the law, this Court should refrain from
6  making a determination to exclude pass-on evidence for purposes of calculating damages that
7  would bind the remand cases.  Particularly where *Royal Printing*'s exception, despite being
8  created almost forty years ago, has not been applied in other Circuits and likely will not be
9  pursuant to *UtiliCorp*, making such a ruling with regard to remand cases outside the Ninth Circuit
10 would not promote efficiency because the parties will almost certainly seek to revisit such rulings.
11 *E.g., Motorola Mobility, Inc. v. AU Optronics Corp.*, Case No. 09 C 6610, 2014 WL 258154, at
12 *10 (N.D. Ill. Jan. 23, 2014) (granting reconsideration and dismissing Sherman Act claim pursuant
13 to the FTAIA where claim had previously been upheld by MDL court).

14      Moreover, the motions *in limine* regarding upstream pass-on were themselves limited ***only***
15 ***to the Northern District of California cases***: the caption for both Plaintiffs' motion *in limine* #10
16 ("Motion to Exclude Evidence or Argument Regarding about [sic] Incomplete Pass-Through of
17 Overcharges through Affiliate Entities"), ECF No. 3558, and Defendants' Motion *in Limine* #16
18 ("To Permit Evidence and Argument Regarding Upstream Pass-On and Plaintiffs' Bargaining
19 Power"), ECF Nos. 3596-3 & 3597, list only the cases pending in the Northern District of
20 California and were filed only as to those cases.  Because the issue of whether pass-on evidence
21 should be admitted for purposes of calculating damages has not been presented to the Court with
22 regard to the remand cases, the Court's ruling on that issue should similarly be limited to the
23 Northern District of California cases.

24      ///
25      ///
26      ///
27      ///
28      ///

| | |
|---|---|
| DATED: June 20, 2016 | **MUNGER, TOLLES & OLSON LLP** |
| | By: */s/ Brad D. Brian* |
| | BRAD D. BRIAN (SBN 79001) |
| | brad.brian@mto.com |
| | GREGORY J. WEINGART (SBN 157997) |
| | gregory.weingart@mto.com |
| | SUSAN E. NASH (SBN 101837) |
| | susan.nash@mto.com |
| | E. MARTIN ESTRADA (SBN 223802) |
| | martin.estrada@mto.com |
| | MUNGER, TOLLES & OLSON LLP |
| | 355 South Grand Avenue, Thirty-Fifth Floor |
| | Los Angeles, CA 90071-1560 |
| | Telephone: (213) 683-9100 |
| | Facsimile: (213) 687-3702 |
| | |
| | *Attorneys for Defendant LG Electronics, Inc.* |
| | |
| | **WINSTON & STRAWN LLP** |
| | |
| | By: */s/ Jeffrey L. Kessler* |
| | JEFFREY L. KESSLER *(pro hac vice)* |
| | ALDO A. BADINI (257086) |
| | EVA COLE *(pro hac vice)* |
| | MOLLY M. DONOVAN *(pro hac vice)* |
| | WINSTON & STRAWN LLP |
| | 200 Park Avenue |
| | New York, New York 10166-4193 |
| | Telephone: (212) 294-6700 |
| | Facsimile: (212) 294-4700 |
| | Email: jkessler@winston.com |
| | |
| | STEVEN A. REISS *(pro hac vice)* |
| | DAVID L. YOHAI *(pro hac vice)* |
| | ADAM C. HEMLOCK *(pro hac vice)* |
| | WEIL, GOTSHAL & MANGES LLP |
| | 767 Fifth Avenue |
| | New York, New York 10153-0119 |
| | Telephone: (212) 310-8000 |
| | Facsimile: (212) 310-8007 |
| | Email: steven.reiss@weil.com |
| | |
| | *Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd.* |
| | |
| | **WHITE & CASE LLP** |
| | |
| | By: */s/ Lucius B. Lau* |
| | Christopher M. Curran (pro hac vice) |
| | ccurran@whitecase.com |
| | Lucius B. Lau (pro hac vice) |

-6-
DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE RE: UPSTREAM PASS-ON EVIDENCE

alau@whitecase.com
Dana E. Foster (pro hac vice)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

**FAEGRE BAKER DANIELS LLP**

By: */s/ Kathy L. Osborn*
KATHY L. OSBORN (pro hac vice)
Email: kathy.osborn@FaegreBD.com
RYAN M. HURLEY (pro hac vice)
Email: ryan.hurley@FaegreBD.com
FAEGRE BAKER DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000

JEFFREY S. ROBERTS (pro hac vice)
Email: jeff.roberts@FaegreBD.com
FAEGRE BAKER DANIELS LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

**SQUIRE PATTON BOGGS (US) LLP**

By: */s/ Nathan Lane, III*
MARK C. DOSKER
Email: mark.dosker@squirepb.com
NATHAN LANE, III
Email: nathan.lane@squirepb.com
275 Battery Street, Suite 2600
San Francisco, CA 94111
Telephone: (415) 954-0200
Facsimile: (415) 393-9887

DONALD A. WALL (pro hac vice)
Email: donald.wall@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
1 East Washington Street, Suite 2700

| | |
|---|---|
| 1 | Phoenix, Arizona 85004 |
| 2 | Telephone: (602) 528-4000<br>Facsimile: (602) 253-8129 |
| 3 | *Attorneys for Defendant Technologies Displays* |
| 4 | *Americas LLC with respect to all cases except Office Depot, Inc. v. Technicolor SA* |

**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**

By: */s/ Jeffrey I Zuckerman*
Jeffrey I. Zuckerman (pro hac vice)
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 452-7350
Facsimile: (917) 368-7350
Email: jzuckerman@curtis.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to Office Depot, Inc. v. Technicolor SA*

**BAKER BOTTS L.L.P**

By: */s/ John T. Taladay*
JOHN M. TALADAY (*pro hac vice*)
ERIK T. KOONS (*pro hac vice*)
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: erik.koons@bakerbotts.com

JON V. SWENSON (SBN 233054)
BAKER BOTTS L.L.P.
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
E-mail: jon.swenson@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V., Philips Electronics North America Corporation, Philips Taiwan Limited, and Philips do Brasil, Ltda.*

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

By:   */s/ Michael W. Scarborough*
GARY L. HALLING (66087)

Email:  ghalling@sheppardmullin.com
JAMES L. McGINNIS (95788)
Email:  jmcginnis@sheppardmullin.com
MICHAEL W. SCARBOROUGH (203524)
Email:  mscarborough@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:  (415) 434-9100
Facsimile:  (415) 434-3947

*Attorneys for Defendants Samsung SDI America, Inc., Samsung SDI Co., Ltd., Samsung SDI (Malaysia) Sdn. Bhd., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co. Ltd. and Tianjin Samsung SDI Co., Ltd.*

Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.