PILLSBURY WINTHROP SHAW PITTMAN LLP
DIANNE L. SWEENEY #187198
dianne@pillsburylaw.com
RYAN P. SELNESS #306369
ryan.selness@pillsburylaw.com
2550 Hanover Street
Palo Alto, CA 94304-1115
Telephone: (650) 233-4500
Facsimile: (650) 233-4545

Attorney for Non-Party
PILLSBURY WINTHROP SHAW PITTMAN LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.: 3:07-cv-05944-JST<br><br>MDL NO. 1917<br><br>**MOTION FOR ADMINISTRATIVE RELIEF UNDER CIVIL LOCAL RULE 7-11 TO TERMINATE PILLSBURY'S OBLIGATION TO FORWARD PLEADINGS TO ITS FORMER CLIENTS**<br><br>Judge Jon S. Tigar |
| This Document Relates to:<br><br>ALL ACTIONS | |

On June 23, 2010, Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury"), then counsel of record for defendants Irico Display Devices Co., Ltd. and Irico Group Corporation (the "Irico Entities"), moved to withdraw as attorneys of record for said entities.  On June 24, 2010, this Court granted Pillsbury's withdrawal motion subject to a temporary obligation: "Pillsbury must continue to accept service of papers for the Irico Entities *for forwarding purposes until substitute counsel appears on behalf of the Irico Entities*."  Six years have now passed since that Order was issued, and Pillsbury remains subject to the forwarding obligation which over time has been burdensome and an unnecessary use of Pillsbury's resources.

For the reasons detailed below and pursuant to Civil Local Rule 7-11 of the United States District Court for the Northern District of California, Pillsbury respectfully requests that the Court terminate Pillsbury's obligation under the Order.

**PILLSBURY WAS TERMINATED AS COUNSEL OF RECORD IN 2010**

On June 23, 2010, Pillsbury moved to withdraw as attorneys of record for the Irico Entities on the grounds that Pillsbury had ceased its representation of the Irico Entities.  Motion for Leave to Withdraw of Pillsbury Winthrop Shaw Pittman LLP, Dkt. No. 729 ("Withdrawal Motion").  The Court granted the motion but, at the request of two other parties (specifically, the Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs), the Court conditioned Pillsbury's withdrawal on a temporary obligation: "Pillsbury must continue to accept service of papers for the Irico Entities for forwarding purposes until substitute counsel appears on behalf of the Irico Entities."  Order Granting Pillsbury's Motion for Leave to Withdraw, Dkt. No. 732 ("Order"), at 1:25-2:4.  The Court imposed this condition pursuant to Civil Local Rule 11-5(b).

After six years of forwarding service, Pillsbury has more than fulfilled the temporary transition duty contemplated by Civil Local Rule 11-5(b).  *See* Declaration of Susan L. Macken in Support of Pillsbury's Motion for Administrative Relief ("Macken Decl."), ¶ 2; Declaration of Dianne L. Sweeney in Support of Pillsbury's Motion for Administrative Relief ("Sweeney Decl."), ¶ 3.  Notwithstanding the significant passage of time, the Irico Entities remain without new counsel in this action.

Since September 30, 2014, Susan Macken has been the Pillsbury employee primarily responsible for forwarding the papers (by email) to the Irico Entities. Macken Decl., ¶ 2. She took over this responsibility when the previously responsible employee retired. *Id*. Within the last year alone, Macken has forwarded more than 800 emails to the Irico Entities. *Id.* at ¶ 3. Notwithstanding the hundreds of emails that Macken has forwarded, she has never received a confirmation of receipt or any other communication from the Irico Entities in response to her forwards. *Id*. at ¶ 2.

Moreover, there is no longer any contact between the Irico Entities and the Pillsbury lawyers who were responsible for this case. Indeed, over the last six years, the Pillsbury attorneys who were involved in representing the Irico Entities have all either retired or ceased working at Pillsbury. Sweeney Decl., ¶ 2.

Whatever the future of the Irico Entities in this matter, Pillsbury should not be required to continue to dedicate its time and resources to entities that have not been clients of the firm for six years.

## PILLSBURY MET AND CONFERRED WITH THE OBJECTING PARTIES IN AN ATTEMPT TO AVOID A CONTESTED MOTION

In advance of filing this motion, Pillsbury met and conferred with the parties that objected to the motion, the Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs ("Objecting Parties"). The Objecting Parties would not stipulate to release Pillsbury from its forwarding duties as they wanted Pillsbury to continue to forward documents to the Irico Entities to allow the Objecting Parties time to obtain default judgments against the Irico Entities. While the Objecting Parties ultimately offered to limit Pillsbury's ongoing obligations to only certain documents (identified by the Objecting Parties and related to the default), Pillsbury rejected this offer as Pillsbury, as former counsel, has no authority to act for the Irico Entities and, as detailed above, Pillsbury has no ongoing communications with its former clients and none of the lawyers who had the relationship are still with the firm. Additionally, Pillsbury has no desire to be involved in any future dispute as to whether the forwarding of documents by former counsel can, in turn, be

deemed proper service of process years after the attorney-client relationship was terminated.

**SERVICE OF THIS MOTION ON THE IRICO ENTITES**

As Pillsbury has no ongoing communication with the Irico Entities (other than the one-way forwarding of the documents by Pillsbury), Pillsbury sent the motion papers, including the proposed order, to the Irico Entities on June 10, 2016.  Sweeney Decl., ¶ 4; *see* Exhibit A to Sweeney Decl. (letter sent by Pillsbury to the Irico Entities).  Pillsbury sent these documents to the last known address of the Irico Entities via email and United States Postal Service air mail.  Sweeney Decl., ¶ 4.  As of the date of the Sweeney Declaration, Pillsbury has not received a response.  *Id.*

**GOOD CAUSE EXISTS**

**TO TERMINATE PILLSBURY'S FORWARDING OBLIGATION**

In light of the above, good cause exists for terminating Pillsbury's obligation under the Order.  Substitute counsel still has not appeared for the Irico Entities and Pillsbury's emails are met with silence.  There is no reasonable basis to continue to burden Pillsbury and its staff with an obligation to send papers to a former client after six years.[1]

Given that the Irico Entities have neither obtained substitute counsel nor confirmed their receipt of Pillsbury's emails for six years, the Court's termination of Pillsbury's obligation under the Order will not result in any prejudice to the Irico Entities or any other litigant or any harm to the administration of justice, and it will not cause any delay in the resolution of this case.  As part of this motion, Pillsbury has provided the mailing and email addresses that Pillsbury has in this matter (*see* proof of service filed herewith).  Any party to this action can use such information or, given the passage of time, can undertake their own efforts to investigate how to best contact the Irico Entities.

---

[1] *See, e.g.*, *Best Deals on TV, Inc. v. Naveed*, No. C 07-01610 SBA, 2008 WL 2477390, at *5 (N.D. Cal. June 18, 2008) (limiting withdrawing counsel's obligation under Civil Local Rule 11-5(b) to "the next 45 days or until the [Clients] appear by other counsel or pro se"); *Applied Materials, Inc. v. Multimetrixs, LLC*, No. C06-07372 MHP, 2008 WL 2892453, at *10 (N.D. Cal. July 22, 2008) (limiting withdrawing counsel's obligation under Civil Local Rule 11-5(b) by ordering former client to retain substitute counsel within 30 days).

After six years, the other parties to this action, including the Objecting Parties, should be held to be responsible to take whatever steps they believe are legally appropriate as to the Irico Entities. There is, however, no reasonable basis to continue to compel Pillsbury to have any role in this matter. The future of this action should be left in the hands of the current parties.

Accordingly, Pillsbury respectfully requests that it be released from the forwarding obligation that was imposed on Pillsbury in the June 24, 2010 Order.

Dated: June 23, 2016.

By /s/ Dianne L. Sweeney
Dianne L. Sweeney
Attorney for Non-Party
PILLSBURY WINTHROP SHAW PITTMAN LLP