# EXHIBIT A



Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street | Palo Alto, CA 94304-1115 | tel 650.233.4500 | fax 650.233.4545

Dianne L. Sweeney
dianne@pillsburylaw.com

June 10, 2016

Irico Group Corporation and Irico Display Devices Co., Ltd.
1 Caihong Road, Xianyang
712000 Shaanxi
China

Re**:**     **In re Cathode Ray Tube Antitrust Litigation**

To Whom It May Concern:

You were previously represented by Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") in antitrust litigation related to cathode ray tubes. This litigation occurred in the United States District Court for the Northern District of California under case number CV-07-5944 SC. This litigation remains in progress in the same court under case number 3:07-CV-05944-JST.

In June 2010, Pillsbury withdrew as your counsel from this case. As you are aware, as a condition to the withdrawal, the Court ordered Pillsbury to accept service of papers in this case on your behalf and to forward those papers to you. The order stated that Pillsbury's forwarding obligation would end once substitute counsel appeared in this case on your behalf. After nearly six years, you have not obtained new counsel.

Pillsbury is seeking an order from the Court to terminate Pillsbury's obligation to accept service of and forward papers to you. A copy of our proposed motion and the proposed order is attached. We expect to file these papers (in the same or similar form) as well as supporting materials on or before June 17, 2016.

If you wish to continue receiving these papers you must take action, such as obtaining substitute counsel to appear in this case on your behalf or registering with the court's electronic filing system at https://www.pacer.gov/. If you choose to register with the court's electronic filing system, you will be able to access papers filed in this litigation at https://ecf.cand.uscourts.gov/cgi-bin/login.pl.

Very truly yours,

*Dianne Sweeney*

Dianne L. Sweeney
Partner
www.pillsburylaw.com

4848-8136-9650.v1

PILLSBURY WINTHROP SHAW PITTMAN LLP
DIANNE L. SWEENEY #187198
dianne@pillsburylaw.com
RYAN P. SELNESS #306369
ryan.selness@pillsburylaw.com
2550 Hanover Street
Palo Alto, CA 94304-1115
Telephone: (650) 233-4500
Facsimile: (650) 233-4545

Attorney for Non-Party
PILLSBURY WINTHROP SHAW PITTMAN LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.: 3:07-cv-05944-JST |
| | MDL NO. 1917 |
| This Document Relates to: | **MOTION FOR ADMINISTRATIVE RELIEF UNDER CIVIL LOCAL RULE 7-11 TO TERMINATE PILLSBURY'S OBLIGATION TO FORWARD PLEADINGS TO ITS FORMER CLIENTS** |
| ALL ACTIONS | |
| | Judge Jon S. Tigar |

On June 23, 2010, Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury"), then counsel of record for defendants Irico Display Devices Co., Ltd. and Irico Group Corporation (the "Irico Entities"), moved to withdraw as attorneys of record for said entities. On June 24, 2010, this Court granted Pillsbury's withdrawal motion subject to a temporary obligation: "Pillsbury must continue to accept service of papers for the Irico Entities *for forwarding purposes until substitute counsel appears on behalf of the Irico Entities*." Nearly six years have passed since the Order was issued, and Pillsbury remains subject to the forwarding obligation which over time has been burdensome and an unnecessary use of Pillsbury's resources.

For the reasons detailed below and pursuant to Civil Local Rule 7-11 of the United States District Court for the Northern District of California, Pillsbury respectfully requests that the Court terminate Pillsbury's obligation under the Order.

## PILLSBURY WAS TERMINATED AS COUNSEL OF RECORD IN 2010

On June 23, 2010, Pillsbury moved to withdraw as attorneys of record for the Irico Entities on the grounds that Pillsbury had ceased its representation of the Irico Entities. Motion for Leave to Withdraw of Pillsbury Winthrop Shaw Pittman LLP, Dkt. No. 729 ("Withdrawal Motion"). The Court granted the motion but, at the request of two other parties (specifically, the Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs), the Court conditioned Pillsbury's withdrawal on a temporary obligation: "Pillsbury must continue to accept service of papers for the Irico Entities for forwarding purposes until substitute counsel appears on behalf of the Irico Entities." Order Granting Pillsbury's Motion for Leave to Withdraw, Dkt. No. 732 ("Order"), at 1:25-2:4. The Court imposed this condition pursuant to Civil Local Rule 11-5(b).

After nearly six years of forwarding service, Pillsbury has more than fulfilled the temporary transition duty contemplated by Civil Local Rule 11-5(b). *See* Declaration of Susan L. Macken in Support of Pillsbury's Motion for Administrative Relief ("Macken Decl."), ¶ 2; Declaration of Dianne L. Sweeney in Support of Pillsbury's Motion for Administrative Relief ("Sweeney Decl."), ¶ 3. Notwithstanding the significant passage of time, the Irico Entities remain without new counsel in this action.

-1-
PILLSBURY'S MOTION FOR ADMINISTRATIVE RELIEF UNDER CIVIL LOCAL RULE 7-11

Since September 30, 2014, Susan Macken has been the Pillsbury employee primarily responsible for forwarding the papers (by email) to the Irico Entities. Macken Decl., ¶ 2. She took over this responsibility when the previously responsible employee retired. *Id.* Within the last year alone, Macken has forwarded more than 800 emails to the Irico Entities. *Id.* at ¶ 3. Notwithstanding the hundreds of emails that Macken has forwarded, she has never received a confirmation of receipt or any other communication from the Irico Entities in response to her forwards. *Id.* at ¶ 2.

Moreover, there is no longer any contact between the Irico Entities and the Pillsbury lawyers who were responsible for this case. Indeed, over the last six years, the Pillsbury attorneys who were involved in representing the Irico Entities have all either retired or ceased working at Pillsbury. Sweeney Decl., ¶ 2.

Whatever the future of the Irico Entities in this matter, Pillsbury should not be required to continue to dedicate its time and resources to entities that have not been clients of the firm for nearly six years.

## PILLSBURY MET AND CONFERRED WITH THE OBJECTING PARTIES IN AN ATTEMPT TO AVOID A CONTESTED MOTION

In advance of filing this motion, Pillsbury met and conferred with the parties that objected to the motion, the Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs ("Objecting Parties"). The Objecting Parties would not stipulate to release Pillsbury from its forwarding duties as they wanted Pillsbury to continue to forward documents to the Irico Entities to allow the Objecting Parties time to obtain default judgments against the Irico Entities. While the Objecting Parties ultimately offered to limit Pillsbury's ongoing obligations to only certain documents (identified by the Objecting Parties and related to the default), Pillsbury rejected this offer as Pillsbury, as former counsel, has no authority to act for the Irico Entities and, as detailed above, Pillsbury has no ongoing communications with its former clients and none of the lawyers who had the relationship are still with the firm. Additionally, Pillsbury has no desire to be involved in any future dispute as to whether the forwarding of documents by former counsel can, in turn, be

deemed proper service of process years after the attorney-client relationship was terminated.

## SERVICE OF THIS MOTION ON THE IRICO ENTITES

As Pillsbury has no ongoing communication with the Irico Entities (other than the one-way forwarding of the documents by Pillsbury), Pillsbury sent the motion papers, including the proposed order, to the Irico Entities on June 10, 2016.  Sweeney Decl., ¶ 4; *see* Exhibit A to Sweeney Decl. (letter sent by Pillsbury to the Irico Entities).  Pillsbury sent these documents to the last known address of the Irico Entities via email, fax, and certified mail.  Sweeney Decl., ¶ 4.  As of the date of the Sweeney Declaration, Pillsbury has not received a response.  *Id.*

## GOOD CAUSE EXISTS
## TO TERMINATE PILLSBURY'S FORWARDING OBLIGATION

In light of the above, good cause exists for terminating Pillsbury's obligation under the Order.  Substitute counsel still has not appeared for the Irico Entities and Pillsbury's emails are met with silence.  There is no reasonable basis to continue to burden Pillsbury and its staff with an obligation to send papers to a former client for nearly six years.[1]

Given that the Irico Entities have neither obtained substitute counsel nor confirmed their receipt of Pillsbury's emails for nearly six years, the Court's termination of Pillsbury's obligation under the Order will not result in any prejudice to the Irico Entities or any other litigant or any harm to the administration of justice, and it will not cause any delay in the resolution of this case.  As part of this motion, Pillsbury has provided the fax number and mailing and email addresses that Pillsbury has in this matter (*see* proof of service filed herewith).  Any party to this action can use such information or, given the passage of time, can undertake their own efforts to investigate how to best contact the Irico Entities.

After nearly six years, the other parties to this action, including the Objecting Parties,

---

[1] *See, e.g.*, *Best Deals on TV, Inc. v. Naveed*, No. C 07-01610 SBA, 2008 WL 2477390, at *5 (N.D. Cal. June 18, 2008) (limiting withdrawing counsel's obligation under Civil Local Rule 11-5(b) to "the next 45 days or until the [Clients] appear by other counsel or pro se"); *Applied Materials, Inc. v. Multimetrixx, LLC*, No. C06-07372 MHP, 2008 WL 2892453, at *10 (N.D. Cal. July 22, 2008) (limiting withdrawing counsel's obligation under Civil Local Rule 11-5(b) by ordering former client to retain substitute counsel within 30 days).

-4-

1  should be held to be responsible to take whatever steps they believe are legally appropriate as to
2  the Irico Entities.  There is, however, no reasonable basis to continue to compel Pillsbury to have
3  any role in this matter.  The future of this action should be left in the hands of the current parties.
4      Accordingly, Pillsbury respectfully requests that it be released from the forwarding
5  obligation that was imposed on Pillsbury in the June 24, 2010 Order.

7  Dated: June ___, 2016.

By _____
    Dianne L. Sweeney
    Attorney for Non-Party
    PILLSBURY WINTHROP SHAW PITTMAN LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.: 3:07-cv-05944-JST |
| | MDL NO. 1917 |
| This Document Relates to:<br>ALL ACTIONS | **[PROPOSED] ORDER GRANTING PILLSBURY'S MOTION FOR ADMINISTRATIVE RELIEF UNDER CIVIL LOCAL RULE 7-11 TO TERMINATE PILLSBURY'S OBLIGATION TO FORWARD PLEADINGS TO ITS FORMER CLIENTS** |
| | Judge Jon S. Tigar |

Non-party Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") has moved the Court for an order terminating Pillsbury's obligation, imposed by this Court's Order Granting Pillsbury's Motion for Leave to Withdraw (Dkt. No. 732), to accept service of papers for Irico Display Devices Co., Ltd. and Irico Group Corporation (the "Irico Entities") for forwarding purposes until substitute counsel appears on behalf of the Irico Entities. Given the size and complexity of this action, there are extensive filings in this matter. Though it was reasonable to expect Pillsbury to forward such filings for a transitory period, Pillsbury has now had to comply with this obligation for nearly six years while waiting for the Irico Entities to obtain new counsel. Pillsbury has received no indication from the Irico Entities that they will appear through new counsel and it appears that the forwarding obligation has outlasted its intended purpose. The Irico Entities were served copies of this motion on June 17, 2016 and were sent an advance copy of this proposed order by Pillsbury via certified mail, facsimile, and email on June 10, 2016 (*See* proofs of service dated June 10, 2016 and June 17, 2016; Sweeney Decl. ¶ 4). Having considered Pillsbury's Motion, and good cause appearing, the Court hereby GRANTS the Motion.

IT IS ORDERED that Pillsbury's obligation to accept service of and forward papers to the Irico Entities under the June 24, 2010 order of this Court (Dkt. No. 732) is hereby terminated. Within one (1) court day of this order, Pillsbury shall send this order to the Irico Entities via email and certified mail.

Dated: _____, 2016.

United States District Judge Jon S. Tigar

-1-

[PROPOSED] ORDER GRANTING PILLSBURY'S MOTION FOR ADMINISTRATIVE RELIEF UNDER LOCAL CIVIL RULE 7-11