Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT
LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the*
*Indirect Purchaser Plaintiffs*

Guido Saveri (22349)
R. Alexander Saveri (173102)
Cadio Zirpoli (179108)
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813
Email: guido@saveri.com;
rick@saveri.com; cadio@saveri.com

*Lead Counsel for the Direct*
*Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST |
| | MDL No. 1917 |
| | **CLASS ACTION** |
| This Document Relates to:<br><br>All Indirect Purchaser Actions<br>All Direct Purchaser Actions | **INDIRECT PURCHASER PLAINTIFFS' AND DIRECT PURCHASER PLAINTIFFS' PARTIAL OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF UNDER CIVIL LOCAL RULE 7-11 TO TERMINATE PILLSBURY'S OBLIGATION TO FORWARD PLEADINGS TO ITS FORMER CLIENTS**<br><br>Hearing Date: None<br>Time: None<br>Judge: Honorable Jon S. Tigar<br>Court: Courtroom 9, 19th Floor |

1      Indirect Purchaser Plaintiffs ("IPPs") and Direct Purchaser Plaintiffs ("DPPs") (collectively

2   "Plaintiffs") hereby respond to, and partially oppose, the Administrative Motion for Relief Under

3   Civil Local Rule 7-11 to Terminate Pillsbury's Obligation to Forward Pleadings to its Former

4   Clients, ECF No. 4681 (the "Motion").

5   **I.      Introduction**

6      Pillsbury's Motion relies primarily on its claim that the Court's Order requiring it to accept

7   service on behalf of its former clients is highly burdensome.  But as Pillsbury concedes, Plaintiffs

8   have proposed that Pillsbury only be required to accept service of any future default motions.  This

9   proposal effectively eliminates any burden on Pillsbury while at the same time preserving Plaintiffs'

10  ability to seek a default judgment against Irico Display Devices Co., Ltd. and Irico Group

11  Corporation ("Irico" or the "Irico Defendants").  As further explained below, the difficulties of

12  serving Chinese corporations in China mean that granting Pillsbury's Motion would effectively

13  allow Irico to avoid the jurisdiction of this Court and escape liability for their involvement in the

14  CRT conspiracy.  Thus, Plaintiffs respectfully request that the Court adopt their proposal and order

15  Pillsbury to accept service of their motions for default judgment on behalf of the Irico Defendants.

16  **II.      Factual Background**

17     The Irico Defendants were named as defendants by both the IPPs and DPPs at the outset of

18  this litigation in late 2007.  They are Chinese companies and therefore had to be served in

19  accordance with the Hague Convention on the Service Abroad of Judicial and Extra-Judicial

20  Documents (the "Hague Convention").  This was an expensive and time consuming proposition for

21  Plaintiffs.  It required hiring a third party service company, translating the pleadings and all other

22  documents required for service of process into Chinese, and many months of delay while the service

23  request made its way through diplomatic channels and local government authorities in China.  DPPs

24  nevertheless undertook to serve Irico through the Hague Convention and were successful in doing

25  so.  Irico appeared in the litigation through counsel on June 24, 2008. (ECF No. 308.)

26     On August 1, 2008, IPPs moved pursuant to Fed. Rule Civ. P. 4(f)(3) for an order permitting

27  them to serve Irico through its U.S. counsel, Pillsbury.  (ECF No. 344.)  The parties met and

28  conferred and Pillsbury agreed to accept service of process on behalf of Irico.  (ECF No. 361.)  The

1

IPPS' AND DPPS' PARTIAL OPPOSITION TO ADMIN. MOTION FOR RELIEF TO TERMINATE PILLSBURY'S
OBLIGATION TO FORWARD PLEADINGS TO ITS FORMER CLIENTS - Master File No. CV-07-5944-JST

1   Court later granted IPPs' motion as to those foreign defendants that did not agree to accept service.

2   (ECF No. 374.)

3       Following the oral proffer from defendant Chunghwa Picture Tubes, Ltd.—which confirmed

4   Irico's participation in the CRT conspiracy—Plaintiffs named the Irico entities as defendants in the

5   Consolidated Amended Complaints ("CAC's") filed on March 16, 2009.  (ECF Nos. 436 and 437.)

6   Irico moved to dismiss the CAC's, making a number of legal arguments, none of which included

7   failure to plead a plausible price-fixing conspiracy against Irico under *Bell Atlantic Corp. v.*

8   *Twombly,* 550 U.S. 544 (2007). (*See, e.g.,* ECF Nos. 479 and 485.)  Nor did the Irico Defendants

9   move to dismiss for lack of personal jurisdiction under Fed. Rule Civ. P. 12(b)(2).

10      After extensive briefing and a full day hearing before Special Master Charles A. Legge, the

11  Special Master recommended that the Court deny Irico's motions to dismiss Plaintiffs' CAC's.

12  (ECF No. 597.)  The Court approved and adopted the Special Master's recommendation on March

13  30, 2010. (ECF No. 665.)

14      Irico defaulted on their obligation to answer the DPPs' CAC.  Irico likewise failed to respond

15  to IPPs' Second Consolidated Amended Complaint.  In June 2010, Pillsbury filed a motion to

16  withdraw as counsel for Irico.  Pursuant to Civil Local Rule 11-5(b), the Court conditioned

17  Pillsbury's withdrawal upon it "continu[ing] *to accept service* of papers for the Irico Entities for

18  forwarding purposes *until substitute counsel appears on behalf of the Irico Entities*." (ECF No. 732,

19  emphasis added.)[1]  Thereafter, the Irico Defendants disappeared from the case.  No substitute

20  counsel has contacted Plaintiffs or appeared on Irico's behalf, and they have not appeared *pro se*.

21      In May 2016, Pillsbury contacted Plaintiffs to request that they stipulate to Pillsbury's

22  administrative motion to terminate their obligation to serve the Irico Defendants.  Recognizing the

23  passage of time and the burden on Pillsbury,[2] while at the same time wishing to protect Plaintiffs'

24

25  [1] Pillsbury mischaracterizes the Court's prior Order as a mere "forwarding obligation."  But the plain
    language of the Court's Order requires Pillsbury "to accept service."
26
    [2] While Plaintiffs acknowledge that there is some burden on Pillsbury associated with forwarding
27  ECF filings to Irico, Plaintiffs dispute Pillsbury's characterization of that burden as "substantial."  It
    takes seconds to forward an email.  Moreover, contrary to Ms. Macken's claims, the litigation is
28  winding down—the IPPs have settled against all Defendants and are awaiting a ruling on final
    approval of their settlements, the DPPs are litigating against only one defendant, and only two DAP

2

1  ability to seek a default judgment against Irico, Plaintiffs' counsel agreed to substantially limit

2  Pillsbury's service obligation to only those papers relating to a future motion for a default judgment

3  against Irico.  Pillsbury rejected this proposal and filed the instant motion.

4  **III.    Argument**

5        **A.    Pillsbury's Minimal Burden is Outweighed by the Substantial Burden on
              Plaintiffs of Serving Irico in China**

6

7        Pillsbury argues that it should be relieved of its obligation to serve the Irico Defendants

8  primarily because it is burdensome.  But Pillsbury's burden pales in comparison to the burden that

9  will be imposed on Plaintiffs if the Court grants Pillsbury's motion.  This is especially true given

10 Plaintiffs' proposal that Pillsbury only be required to accept service of default papers for Irico.

11       The Irico Defendants are in default.  Given the strong liability evidence Plaintiffs have

12 developed against Irico, Plaintiffs intend to move for a default judgment against them.  But Plaintiffs

13 cannot move for a default judgment against the Irico Defendants until the conclusion of the litigation

14 against the other Defendants.  *See Stout St. Funding LLC v. Johnson*, 873 F. Supp. 2d 632, 649 (E.D.

15 Pa. 2012) ("court may not enter a default judgment against one of several defendants when: (1) the

16 theory of recovery rests of on joint liability . . . . *See Frow v. De La Vega,* 82 U.S. 552, 554 (1872) . .

17 . . Thus, '[a]s a general rule then, when one of several defendants who is alleged to be jointly liable

18 defaults, judgment should not be entered against that defendant until the matter has been adjudicated

19 with regard to all defendants, or all defendants have defaulted.' 10A Charles A. Wright & Arthur

20 Miller, Federal Practice and Procedure § 2690 (3d ed.1998).")

21       If the Court grants Pillsbury's motion, it will mean that Plaintiffs will have to serve their

22 motions for a default judgment on Irico in China (*see* Fed. R. Civ. P. 55(b)), either through the

23 Hague Convention or by some other means. Whatever the method of service, it will be a substantial

24 burden requiring the hiring of a third party service provider and the translation of all papers into

25 Chinese—all at significant cost.  In addition, service through the Hague Convention takes at least

26 four to six months, and indeed, in the experience of Plaintiffs' counsel, is often unsuccessful—

27
_____

28 cases remain active against a small number of defendants—and ECF filings have fallen dramatically
   over the last six months.

IPPS' AND DPPS' PARTIAL OPPOSITION TO ADMIN. MOTION FOR RELIEF TO TERMINATE PILLSBURY'S
OBLIGATION TO FORWARD PLEADINGS TO ITS FORMER CLIENTS - Master File No. CV-07-5944-JST

1   particularly in China.  There is also no guarantee that service will be effected through a process

2   server or by mail, since both methods are easily evaded by the intended recipient—a likely scenario

3   here given Irico's willful failure to respond to Plaintiffs' complaints.  Plaintiffs' burden is

4   compounded by the fact that they already spent a substantial amount of time and money on serving

5   Irico with process at the beginning of the case.  They should not be required to do so again.

6          In stark contrast, the burden on Pillsbury of being required to serve Irico with *only* Plaintiffs'

7   default papers is minimal.  It will necessitate only (1) a few clicks of the mouse to forward the

8   default papers to Irico's email address, and (2) confirmation of this should it become an issue.  These

9   simple tasks will require the attention of an administrative assistant for, at most, 30 minutes.  In light

10  of Plaintiffs' proposal, Ms. Macken's claim that she's had to spend 20 minutes *every day* forwarding

11  emails to Irico (a highly questionable claim given that the litigation is winding down and it takes

12  seconds to forward an email) is moot and need not be considered.

13         B.  **Pillsbury's Other Arguments In Favor of their Motion Lack Merit**

14         In addition to burden, Pillsbury argues that the Court should grant its motion because it (1)

15  has no authority to act for the Irico Defendants; (2) has no ongoing communications with Irico and

16  none of the lawyers who had the relationship are still with the firm; and (3) does not want to be

17  involved in any future dispute as to whether the forwarding of documents by former counsel can be

18  deemed proper service of process years after the attorney-client relationship was terminated.  All of

19  these arguments lack merit.

20         Pillsbury does not need any authority from Irico to act.  Irico appeared in this case and did

21  not challenge the jurisdiction of this Court.  Irico is also on notice that Pillsbury is required to

22  "continue to accept service of papers for the Irico Entities for forwarding purposes until substitute

23  counsel appears on behalf of the Irico Entities." (ECF No. 732.)  A Court Order will be more than

24  sufficient authority for Pillsbury to accept service of the default papers for forwarding purposes.

25         Likewise, it is of no consequence that none of the lawyers who had a relationship with Irico

26  are still with the firm, or that Pillsbury has not heard from Irico.  A Court Order will suffice to

27  overcome the lack of a continuing relationship between Pillsbury and Irico.  Moreover, Pillsbury

28  confirmed during the meet and confers that none of their emails to Irico have bounced back and they

4

1   have no other reason to believe that Irico is not receiving the emails.  Thus, there is no due process

2   concern here.

3      Finally, Pillsbury's concern that it will be drawn into a future dispute over whether Irico has

4   been properly served with the default papers is unfounded.  Assuming Irico appears and does not

5   retain Pillsbury once again, there should be no reason for Pillsbury to become involved in any future

6   dispute over service.  Plaintiffs will rely upon the Court's Order authorizing Pillsbury "to accept

7   service" for Irico for forwarding purposes and Pillsbury's confirmation that they served Irico in

8   accordance with the Court's Order.  Any dispute regarding service will hinge on the validity of the

9   Court's Order and whether Irico received actual or constructive notice of the default motion, not on

10  anything that Pillsbury did or did not do.

11  **IV.    Conclusion**

12     In sum, Plaintiffs' proposal to limit Pillsbury's obligation to accept service to only Plaintiffs'

13  motions for a default judgment against Irico addresses Pillsbury's burden concerns while at the same

14  time preserving Plaintiffs' ability to seek a default judgment against Irico.  The minimal burden to

15  Pillsbury of being required to accept service of the default motions is vastly outweighed by the

16  burden to Plaintiffs of having to serve Irico through the Hague Convention, or worse, of not being

17  able to get a default judgment due to an inability to serve Irico.  The Court must not permit Irico to

18  so easily avoid the jurisdiction of this Court.

19     Plaintiffs respectfully request that the Court order Pillsbury to accept service of Plaintiffs'

20  motions for a default judgment on behalf of the Irico Defendants for forwarding purposes.  A

21  Proposed Order is submitted herewith.

22  Dated:  June 27, 2016                              Respectfully submitted,

23                                                      */s/ Mario N. Alioto*

24                                                     Mario N. Alioto (56433)
                                                       malioto@tatp.com
25                                                     Joseph M. Patane (72202)
                                                       jpatane@tatp.com
26                                                     Lauren C. Capurro (241151)
                                                       laurenrussell@tatp.com
27                                                     TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
                                                       2280 Union Street
28                                                     San Francisco, CA 94123

5

1    Telephone: 415-563-7200
     Facsimile: 415-346-0679

2
     *Lead Counsel for Indirect Purchaser Plaintiffs*
3

4    Dated: June 27, 2016                    Respectfully submitted,

5                                            */s/ R. Alexander Saveri*

6                                            Guido Saveri (22349)
                                             R. Alexander Saveri (173102)
7                                            Cadio Zirpoli (179108)
                                             SAVERI & SAVERI, INC.
8                                            111 Pine Street, Suite 1700
                                             San Francisco, CA 94111
9                                            Telephone: (415) 217-6810
                                             Facsimile: (415) 217-6813
10                                           Email: guido@saveri.com;
                                             rick@saveri.com; cadio@saveri.com
11
                                             *Lead Counsel for the Direct Purchaser Plaintiffs*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IPPS' AND DPPS' PARTIAL OPPOSITION TO ADMIN. MOTION FOR RELIEF TO TERMINATE PILLSBURY'S
OBLIGATION TO FORWARD PLEADINGS TO ITS FORMER CLIENTS - Master File No. CV-07-5944-JST