Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA  94111
Tel:  (415) 871-2888
Fax:  (415) 871-2890
vrw@judgewalker.com

APPROVED
Judge Jon S. Tigar
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Dated:  June 28, 2016

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates to:<br><br>ALL DAP ACTIONS | MDL No 1917<br><br>Master Case No 3:07-cv-05944-JST<br><br>**SECOND REPORT RE DIRECT ACTION PLAINTIFFS' AGGREGATE SETTLEMENTS** |

Pursuant to the court's May 27, 2016 order overruling Target and ViewSonic's objection to producing their confidential settlement agreements to the undersigned for *in camera* review (ECF No 4661), the undersigned reports that these parties have submitted the information called for in the May 27 order.

Target and ViewSonic have requested that the undersigned find that disclosure of their settlement information "will not assist any party in the CRT MDL and issue an order to that effect." June 2, 2016 J Murphy Letter at 2. Such a finding would not be factually supported. The undersigned agrees with the court that disclosure of the Target and ViewSonic aggregate settlement amounts would assist defendants who remain in the case decide whether to proceed to trial. May 27, 2016 Order, ECF No 4661 at 2. This information would also help Direct Action Plaintiffs ("DAPs") with active actions assess the value of their cases and promote further settlement.

Target and ViewSonic further contend that disclosure under seal of their aggregate settlement amounts would be prejudicial or unfair "because neither had the benefit of such information from other parties when they negotiated their own settlements." *Id*. The undersigned is not persuaded by this argument because: (1) other similarly situated DAP parties also settled all their actions without the benefit of aggregate settlements of other DAPs; (2) discovery of settlements has been granted in other cases, including the *TFT-LCD Antitrust Litigation*; and (3) these parties entered into settlements with experienced and able counsel who were well aware of the discoverability of settlement agreements in antitrust actions in the Northern District of California and were not deterred from settlement.

The undersigned concurs with the court that the risk of harm to Target or ViewSonic from appropriately tailored disclosure under seal is low whereas the unfairness to other parties in DAP actions would be high if the Target or ViewSonic aggregate settlement amounts were not released under tailored seal. ECF No 4661 at 2. Indeed, Target and ViewSonic acknowledge potential unfairness from one-sided provision of information. If the

undersigned decides to disclose the Target and ViewSonic aggregate settlements, Target and ViewSonic "request that they be provided with any information related to settlements given to other parties in the CRT MDL in order to avoid them being placed at disadvantage with respect to those other parties." June 2, 2016 J Murphy Letter at 2. Target and ViewSonic note that since ViewSonic has an active arbitration against Panasonic, which is a party to the CRT MDL, "[a]llowing Panasonic access to such information while denying ViewSonic the same information, especially since ViewSonic does not have an active case in the CRT MDL, would be unfairly prejudicial." *Id*. There is no such unfairness here. All parties to the DAP actions, including Target and ViewSonic, will receive this second report and confidential Exhibit A (filed under seal).[1]

The court's October 7, 2015 Order stated: "Special Master Walker is ORDERED to aggregate compensation values and release, under an appropriately tailored seal, said aggregate value to all attorneys in the above captioned case." ECF No 4102, at 3-4. The caption of that order refers to "ALL DAP ACTIONS." Accordingly, confidential Exhibit A (containing the aggregate settlement amounts) shall be filed under seal and distributed only to counsel to parties in all DAP actions, including counsel for Target and ViewSonic, but not to counsel for the Direct Purchaser Plaintiffs or the Indirect Purchaser Plaintiffs. For ease of reference and completeness, the amounts of recoveries by the class plaintiffs are also included in Exhibit A; these recoveries have, of course, previously been disclosed.

---

[1] The first report did not disclose aggregate settlement values for any DAPs who had settled all actions and submitted their information for *in camera* review due to the unfairness of treating those DAPs differently from the Target and ViewSonic DAPs.

SECOND REPORT RE DAP AGGREGATE SETTLEMENTS                                                                                           PAGE 3 OF 4

## CONCLUSION

All counsel in the DAP actions shall maintain Exhibit A (filed under seal) as highly confidential pursuant to the protective and other orders in this MDL.

IT IS SO ORDERED.

Date: June 8, 2016

_____
Vaughn R Walker
United States District Judge (Ret)