IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. 07-cv-5944 JST |
| This Order Relates To: | **ORDER REGARDING IRICO ENTITIES** |
| ALL ACTIONS | |

      The Court previously granted the motion of Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") to withdraw from representing defendants Irico Display Devices Co., Ltd. and Irico Group Corporation (the "Irico Entities") in this action. ECF No. 731. The Court's order granting the motion required that Pillsbury continue to accept service of papers for the Irico Entities for forwarding purposes in accordance with Civil Local Rule 11-5(b) until substitute counsel appeared on behalf of the Irico Entities. Id. Pillsbury now moves for relief from that order, because more than six years has passed and the Irico Entities have not yet retained substitute counsel. ECF No. 4681.

      The Irico Entities are corporations. "A corporation may appear in federal court only through licensed counsel." United States v. High Country Broad. Co., 3 F.3d 1244, 1245 (9th Cir. 1993). The same rule applies to all artificial entities. Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993). Thus, ordinarily, the Court would issue an order requiring the Irico Entities to retain new counsel within a specific period of time as a condition of continuing to appear in the action. If they did not do so, the Court would strike their answer(s) in the case and direct the plaintiff(s) to seek entry of the Irico Entities' default.

It is not clear from this case's unwieldy docket, however, that the Irico Entities have ever answered any complaint.  For example, the Trustee of the Circuit City Stores, Inc. Liquidating Trust filed a First Amended Complaint against the Irico Entities and numerous defendants on October 16, 2013, ECF No. 2016, but it does not appear that the Irico Entities ever filed an answer.  In that event, the plaintiffs making claims against them should seek entry of default.

It may also be the case that there are complaints against the Irico Entities that have not been served.  Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  If Circuit City or other plaintiffs have failed to comply with their service obligations under Rule 4, the Irico Entities should probably be dismissed altogether.

Accordingly, the Court now orders any plaintiff with pending affirmative claims against the Irico Entities to advise the Court in writing by July 5, 2016 of the following:  (1) the date on which it filed its operative claims against the Irico Entities; (2) whether the Irico Entities have been served with those claims; and (3) whether the Irico Entities have answered those claims.  Any complaint, proof of service, or answer must be identified by docket number.  If the answer to question two is negative, the filing party should show good cause why its claims should not be dismissed with prejudice.  If the answer to question three is negative, the filing party should show good cause why it has not previously requested entry of default as to the Irico Entities.

Once the Court has received this information, it will take further action on Pillsbury's motion.

IT IS SO ORDERED.

Dated:  June 28, 2016

JON S. TIGAR
United States District Judge

2