GUIDO SAVERI (22349)
   *guido@saveri.com*
R. ALEXANDER SAVERI (173102)
   *rick@saveri.com*
GEOFFREY C. RUSHING (126910)
   *grushing@saveri.com*
CADIO ZIRPOLI (179108)
   *cadio@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for the Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-5944-JST<br><br>MDL No. 1917<br><br>**DIRECT PURCHASER PLAINTIFFS' RESPONSE TO COURT'S ORDER REGARDING IRICO ENTITIES** |
| This Document Relates To:<br><br>ALL DIRECT PURCHASER ACTIONS | |

## I. INTRODUCTION

Direct Purchaser Plaintiffs ("DPPs") submit this response to the Court's Order Regarding Irico Entities. (ECF No. 4694.).

DPPs intend to move for a default judgment against the Irico entities as soon as practicable. It is premature to do so, however, while litigation continues against other defendants and before DPPs' damage study is complete.

## II. ANSWERS TO THE COURT'S INQUIRIES.

**(1) Date on which DPPs filed operative claims against the Irico Entities.**

On March 16, 2009, DPPs filed and served their consolidated amended complaint on all defendants including the Irico Entities via ECF. (ECF No. 436.)

**(2) Were the Irico Entities served with those claims?**

Yes. As noted above, the Irico Entities had appeared in the action and were served via ECF. DPPs had served an earlier complaint on the Irico Entities on June 3, 2008 under the Hague Convention. DPPs filed a Proof of Service on July 22, 2008. (ECF No. 336.) On June 24, 2008, Irico appeared through counsel Pillsbury. (ECF No. 308.)

**(3) Have the Irico Entities answered?**

No. On May 18, 2009, Irico along with other Defendants filed a Joint Motion to Dismiss DPP's Consolidated Amended Complaint. (ECF No. 479)  On March 30, 2010, the Court denied the Joint Motion to Dismiss. (ECF No. 665.)

## III. DPPS HAVE NOT REQUESTED ENTRY OF DEFAULT BECAUSE IT IS PREMATURE.

At present, it would be premature for DPPs to seek a default judgment against the Irico Entities.

First, DPPs allege that the Irico Entities, as well as the other Defendants, are jointly and severally liable for their damages.  DPPs therefore cannot move for a default judgment against them until the conclusion of the litigation against the other Defendants. *See Stout St. Funding LLC v. Johnson*, 873 F. Supp. 2d 632, 649 (E.D. Pa. 2012) ("court may not enter a default judgment against one of several defendants when: (1) the theory of recovery rests of on joint liability . . . .

*See Frow v. De La Vega,* 82 U.S. 552, 554 (1872) . . . . Thus, '[a]s a general rule then, when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted.' 10A Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 2690 (3d ed.1998).") Because DPPs' litigation against the Mitsubishi defendants is not concluded, seeking a default against the Irico Entities would be premature.

Second, DPPs will be required to prove their damages at an evidentiary hearing. *See In re Industrial Diamonds Antitrust Litigation*, 119 F.Supp.2d 418, 420 (S.D.N.Y. 2000). DPPs have not yet completed their damage study; the Court has set a deadline of September 1, 2016 for the submission of final expert reports. (ECF No. 4628.).

## IV.     CONCLUSION

Seeking a default judgment while litigation continues against the Mitsubishi defendants and DPPs before damage study is complete would be premature. DPPs respectfully request that the Court order Pillsbury to accept service of DPP's motion for default judgment and related papers on behalf of the Irico Defendants for forwarding purposes at the appropriate time. The burden on Pillsbury is slight, and service on the Irico Entities by other means may be difficult or impracticable.

DATED:  July 5, 2016                              Respectfully Submitted,


                                                     */s/ R. Alexander Saveri*
R. Alexander Saveri
Geoffrey C. Rushing
Cadio Zirpoli
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:     (415) 217-6810
Facsimile:      (415) 217-6813

*Lead Counsel for the Direct Purchaser Plaintiffs*

2
DPPS' RESPONSE TO COURT'S ORDER REGARDING IRICO ENTITIES; Master File No. 07-cv-5944-JST