Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the*
*Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST; No. CV-13-03234-JST |
| | MDL No. 1917 |
| | **CLASS ACTION** |
| This Document Relates to: | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO ORDER REGARDING IRICO ENTITIES** |
| All Indirect Purchaser Actions | |
| | Hearing Date: None Time: None Judge: Honorable Jon S. Tigar Court: Courtroom 9, 19th Floor |

1       Pursuant to the Court's Order Regarding Irico Entities (ECF No. 4694), Indirect Purchaser

2   Plaintiffs ("IPPs") provide the following information regarding the status of their case against

3   defendants Irico Display Devices Co., Ltd. and Irico Group Corporation (the "Irico Entities").

4   **I.      IPP RESPONSES TO THE COURT'S QUESTIONS**

5       **(1) The date on which IPPs filed their operative claims against the Irico Entities.**  The

6           Irico Entities were named as defendants in many of the separate complaints filed on

7           behalf of indirect purchasers in late 2007, before inception of this MDL.  For example,

8           the complaint filed by named plaintiff Jeffrey Figone, *Figone v. LG Electronics, Inc., et*

9           *al.,* No. 07-cv-6331 JST, on December 13, 2007, named the Irico Entities as defendants.

10          (ECF No. 1.)  Following the oral proffer from defendant Chunghwa Picture Tubes, Ltd,

11          which confirmed the Irico Entities' participation in the CRT conspiracy, IPPs named

12          them as defendants in their initial Consolidated Amended Complaint ("CAC") filed on

13          March 16, 2009. (ECF No. 437.)  The Irico Entities have been named as defendants in

14          each of the IPPs' three subsequent CACs.  (*See* ECF Nos. 716, 827, 1526.)

15      **(2) Status of Service of Process.** After being served by the Direct Purchaser Plaintiffs

16          ("DPPs") in accordance with the Hague Convention on the Service Abroad of Judicial

17          and Extra-Judicial Documents (the "Hague Convention"), the Irico Entities appeared in

18          this litigation through counsel on June 24, 2008. (ECF No. 308.)  On August 1, 2008,

19          IPPs moved pursuant to Fed. Rule Civ. P. 4(f)(3) for an order permitting them to serve

20          the Irico Entities through their U.S. counsel, Pillsbury. (ECF No. 344.) The parties met

21          and conferred and Pillsbury agreed to accept service of process on behalf of the Irico

22          Entities. (ECF No. 361.)  Pursuant to the Court's Order Granting Pillsbury's Motion for

23          Leave to Withdraw (ECF No. 732), Pillsbury accepted service of IPPs' three subsequent

24          CACs (ECF Nos. 716, 827, 1526) and forwarded them to the Irico Entities.

25      **(3) Irico's Response to IPPs' CACs.** The Irico Entities moved to dismiss the IPPs' initial

26          CAC. (ECF No. 485.)  But after the Court denied their motion to dismiss (ECF No. 665),

27          the Irico Entities did not answer or file any response to IPPs' Second (or Third or Fourth)

28          CAC.  Rather, they disappeared from the litigation and their counsel, Pillsbury, moved to

1   withdraw from the litigation because the Irico Entities requested that Pillsbury cease its

2   representation of them.  (*See* ECF Nos. 730, 732.)

3   **II.   GOOD CAUSE EXISTS FOR THE LACK OF ENTRY OF DEFAULT**

4         IPPs have not yet sought entry of default as to the Irico Entities pursuant to Fed. R. Civ. P.

5   55(a) for several reasons.

6         First, neither the Federal Rules of Civil Procedure nor the Civil Local Rules of this Court

7   require entry of default within a certain time.

8         Second, entry of default would have accomplished little.  In order to obtain relief, IPPs must

9   also move for entry of a default *judgment* as to the Irico Entities under Fed. R. Civ. P. 55(b)(2).  But

10  IPPs cannot move for such default judgment until the conclusion of the litigation against the other

11  Defendants, and a determination of damages against the Irico Entities can be made.  *See Stout St.*

12  *Funding LLC v. Johnson*, 873 F. Supp. 2d 632, 649 (E.D. Pa. 2012) ("court may not enter a default

13  judgment against one of several defendants when: (1) the theory of recovery rests on joint liability . .

14  . . *See Frow v. De La Vega,* 82 U.S. 552, 554 (1872) . . . .  Thus, '[a]s a general rule then, when one

15  of several defendants who is alleged to be jointly liable defaults, judgment should not be entered

16  against that defendant until the matter has been adjudicated with regard to all defendants, or all

17  defendants have defaulted.' 10A Charles A. Wright & Arthur Miller, Federal Practice and Procedure

18  § 2690 (3d ed.1998).")*; accord In re First T.D. & Inv., Inc.,* 253 F.3d 520, 532-33 (9th Cir. 2001).

19        Third, IPPs could have *prejudiced* their action had they sought entry of default before being

20  able to seek a default judgment.  For example, in the Southern District of California, although there

21  is no time limit for seeking entry of default, Local Rule 55.1 requires that a plaintiff seek a default

22  judgment within 30 days of entry of default; and certain other authorities further suggest that a delay

23  in seeking a default judgment (as opposed to entry of default) could result in a refusal to enter

24  judgment for reasons of untimeliness.  *See Rutter Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch.*

25  *6:83.1* ("Although Rule 55 specifies no deadline, entry of default judgment may be deemed forfeited

26  by undue delay in seeking that relief.") IPPs did not want to risk such an outcome, and since entry of

27  default was not required at any particular time, they opted to wait until such time as they could move

28  for a default judgment.

III.    **THE COURT SHOULD NOT TERMINATE PILLSBURY'S OBLIGATIONS**

Finally, and most significantly for the purposes of deciding Pillsbury's motion to terminate its obligation to accept service for, and forward pleadings to, its former clients (ECF No. 4681), IPPs must serve a motion for a default judgment on the Irico Entities. *See* Fed. R. Civ. P. 55(b)(2) ("If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing."). As detailed in IPPs' and Direct Purchaser Plaintiffs' Partial Opposition to Pillsbury's motion (ECF No. 4690), serving the Irico Entities in China will be extremely problematic. Whereas, the burden on Pillsbury of being required to accept service of the default motion is minimal. Thus, IPPs respectfully request that the Court order Pillsbury to accept service of IPPs' motion for a default judgment for the Irico Entities for forwarding purposes.

Dated:  July 5, 2016                           Respectfully submitted,

                                                /s/ Mario N. Alioto

                                               Mario N. Alioto (56433)
                                               malioto@tatp.com
                                               Joseph M. Patane (72202)
                                               jpatane@tatp.com
                                               Lauren C. Capurro (241151)
                                               laurenrussell@tatp.com
                                               TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
                                               2280 Union Street
                                               San Francisco, CA 94123
                                               Telephone: 415-563-7200
                                               Facsimile: 415-346-0679

                                               ***Lead Counsel for Indirect Purchaser Plaintiffs***