Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email:  kgallo@paulweiss.com
Email:  jsimons@paulweiss.com
Email:  cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email:  staylor@tcolaw.com
Email:  jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and*
*Sharp Electronics Manufacturing Company of America, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-05944 (JST) MDL No. 1917 |
| This Document Relates to: | **PLAINTIFFS SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S MOTION FOR ENTRY OF DEFAULT** |
| *Sharp Electronics Corp. v. Hitachi Ltd.*, Case No. 13-cv-01173 (JST). | Honorable Jon S. Tigar |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

On July 6, 2016, this Court ordered the Direct Purchaser Plaintiffs (the "DPPs") to seek entry of default pursuant to Federal Rule of Civil Procedure 55(a) within ten days of that Order with respect to the DPPs' claims against the Irico Entities.  The Court explained that because the DPPs had served the Irico Entities with their complaint, and the Irico Entities had not responded, the DPPs were entitled to seek entry of default in advance of the time for a motion for entry of default judgment, which would require damages to be fixed.  Case No. 3:07-cv-05944-JST, Dkt. No. 4709, at 1–2.

Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. (together, "Sharp") had not named the Irico Entities as defendants, and so did not respond to the Court's Order To Show Cause regarding those entities.  Sharp, however, has satisfied the requirements of Rule 55(a) with respect to another defendant, Videocon Industries, Ltd. ("Videocon").  Accordingly, Sharp hereby requests that the Clerk of this Honorable Court enter a default in the above-captioned matter against Videocon on the ground that Videocon has failed to appear or otherwise respond to Sharp's Second Amended Complaint—or, in the alternative, Sharp's Original Complaint—within the time period prescribed by the Federal Rules of Civil Procedure.

According to Rule 12(a)(1), the deadline for Videocon to respond has passed.  *See* Declaration of Craig A. Benson in Support of Sharp's Motion for Entry of Default ("Benson Decl.") ¶ 6.  On May 4, 2013, Sharp served on Videocon the Summons, Original Complaint, and other required materials in conformance with Hague Convention Procedures and Rule 4 of the Federal Rules of Civil Procedure.  *See* Benson Decl. ¶¶ 3–5; Benson Decl. Ex. C; *see also* Case No. 07-cv-05944, Dkt. No. 35 (Proof of Service).  Consequently, Videocon's responsive pleading was due on May 27, 2013.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i).  Videocon, however, has failed to file or serve an answer or other responsive pleading and has not otherwise appeared to contest this action.  Benson Decl. ¶ 6.

On October 28, 2013, Sharp filed its First Amended Complaint.  Case No. 13-cv-01173, Dkt. No. 64-3 (the "FAC").  The FAC contained no new claims, but only new factual

1

1    allegations regarding certain Defendants' participation in the CRT conspiracy.  *Compare*

2    Original Complaint, Case No. 13-cv-01173, Dkt. No. 1, *with* FAC, Dkt. No. 64-3.

3              Finally, on June 13, 2014, Sharp filed its Second Amended Complaint.  Case No.

4    13-cv-1173, Dkt. No. 119 (the "SAC," and together with the FAC, the "Amended Complaints").

5    Like the FAC, the SAC does not add any new claims against any Defendants.  *See* Attachment B

6    to Sharp's Mot. for Leave to Amend, Case No. 13-cv-01173, Dkt. No. 110-7; Benson Decl. ¶ 9.

7    Accordingly, Videocon is in default of not only the Original Complaint, which was served on it,

8    but also the SAC.[1]  *See JBR, Inc.* v. *Cafe Don Paco, Inc.*, Case No. 12-cv-02377-JD, 2014

9    WL 5034292, at *1 (N.D. Cal. Sept. 30, 2014) ("[T]he addition of new factual allegations in an

10   amended complaint, without the addition of a new claim, does not require service of the

11   amended pleading on a party in default for failure to appear."); *see also* Fed. R. Civ. P. 5(a)(2)

12   ("No service is required on a party who is in default for failing to appear.  But a pleading that

13   asserts a new claim for relief against such a party must be served on that party under Rule 4.").

14             For the reasons stated above, Sharp respectfully requests entry of default against

15   Defendant Videocon.

16

17   DATED:  July 15, 2016                    Respectfully submitted,

18                                            By:  /s/  *Kenneth A. Gallo*

19                                            Kenneth A. Gallo (*pro hac vice*)
20                                            Joseph J. Simons (*pro hac vice*)
                                              Craig A. Benson (*pro hac vice*)
21                                            **PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP**
                                              2001 K Street, NW
22                                            Washington, DC  20006-1047
                                              Telephone:  (202) 223-7300
23                                            Facsimile:  (202) 223-7420
                                              Email: kgallo@paulweiss.com
24                                            Email: jsimons@paulweiss.com
                                              Email: cbenson@paulweiss.com
25

26

27   [1]  Sharp filed both the FAC and the SAC via ECF, but did not serve either of the Amended Complaints on
     Videocon, who had, prior to the filing of the Amended Complaints, failed to appear or answer Sharp's
28   Original Complaint.  *See* Benson Decl. ¶ 6.

SHARP'S MOTION FOR ENTRY OF DEFAULT AGAINST VIDEOCON INDUSTRIES, LTD.
CASE NO. 13-CV-01173-JST; MASTER FILE NO. 07-CV-05944, MDL NO. 1917

1

2

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics*
*Corporation and Sharp Electronics Manufacturing*
*Company of America, Inc.*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHARP'S MOTION FOR ENTRY OF DEFAULT AGAINST VIDEOCON INDUSTRIES, LTD.
CASE NO. 13-CV-01173-JST; MASTER FILE NO. 07-CV-05944, MDL NO. 1917