Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and
Sharp Electronics Manufacturing Company of America, Inc.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-05944 (JST)<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Sharp Electronics Corp. v. Hitachi Ltd.*,<br>Case No. 13-cv-01173 (JST). | **DECLARATION OF CRAIG A. BENSON IN SUPPORT OF PLAINTIFFS SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S MOTION FOR ENTRY OF DEFAULT AGAINST VIDEOCON INDUSTRIES, LTD.**<br><br>Honorable Jon S. Tigar |

I, Craig A. Benson, hereby declare as follows:

1.     I am an active member in good standing of the bars of the State of Maryland, the State of New York, and the District of Columbia, and on March 20, 2013, I was granted leave to appear *pro hac vice*.  Case No. 13-cv-01173, Dkt. No. 12.  I am associated with the firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel to Plaintiffs Sharp Electronics Corp. and Sharp Electronics Manufacturing Company of America, Inc. (together, "Sharp").  I submit this Declaration in support of Sharp's Motion for Entry of Default Against Defendant Videocon Industries, Ltd. ("Videocon").  I have personal knowledge of the facts stated herein and could competently testify to these facts if called as a witness.

2.     The action *Sharp Electronics Corp., et al.* v. *Hitachi Ltd., et al.*, Case No. 13-cv-01173 (JST), was commenced with the filing of Sharp's Original Complaint on March 15, 2013. Dkt. No. 1.  Shortly thereafter, on March 20, 2013, counsel for Sharp moved to relate this case to *In re Cathode Ray Tube (CRT) Antitrust Litigation*, No. 07-cv-05944, which was granted on March 26, 2013, by an Order of Judge Samuel Conti.  Case No. 13-cv-01173, Dkt. No. 15.  After filing its motion, Sharp served on Videocon via Federal Express a copy of the Motion to Relate, which attached as an exhibit Sharp's Original Complaint.  *See* Case No. 07-cv-5944, Dkt. Nos. 1604 and 1604-2; *see also* Dkt. No. 1605 (Proof of Service).  Federal Express confirmed that these papers were delivered to Videocon on March 25, 2013.  A true and correct copy of the Federal Express shipping confirmation is attached hereto at Exhibit A.

3.     Sharp then retained APS International as the vendor to arrange for international service of the Original Complaint, Summons, and other required materials (collectively, the "service materials") on certain defendants, including Videocon.  APS International notified counsel for Sharp that, on March 28, 2013, the service materials for Videocon had been sent to the Indian Central Authority via Federal Express.  Attached hereto as Exhibit B is a true and correct copy of the service materials provided to the Central Authority for service on Videocon.

4.     Counsel for Sharp has been advised by APS International, and based on a reasonable investigation believes, that service through the Indian Central Authority is in

conformance with the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, art. 2, *open for signature* Nov. 15 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, 1969 WL 97765 (the "Hague Convention"), and that India is a party to the Hague Convention.

5.      On July 2, 2013, counsel for Sharp received the proof of service of the Original Complaint on Videocon.  Attached hereto as <u>Exhibit C</u> is a true and correct copy of this proof of service, dated May 4, 2013, reflecting the statement of S.V. Tamboli, Serving Officer (Head Bailiff) of the Civil Court Senior Division, Aurangabad.  The affidavit attests that S.V. Tamboli personally served the Summons and accompanying materials on a "responsible and authorized person" at Videocon.  Ex. C, at 5.  The certificate of service bears the stamp of the Videocon H.R. Department and a signature of the recipient of the service materials, Dnyaneshwar A. Kale. Ex. C, at 1.  Counsel for Sharp filed this proof of service with the Court on July 2, 2013.  *See* Case No. 13-cv-01173, Dkt. No. 35.

6.      Videocon has not appeared or filed a response to the Original Complaint on or before May 27, 2013, nor has Videocon responded to the Original Complaint as of the date of this Declaration.  Counsel for Sharp has not been contacted by Videocon in regard to this Action.

7.      Sharp has also served the Original Complaint, Summons, and other required materials on Videocon's U.S. subsidiary, Technologies Displays Americas LLC ("Technologies Displays"), which appeared in this action and answered the Original Complaint.  *See* Case No. 13-cv-01173, Dkt. Nos. 22, 27, 118.

8.      On June 13, 2014, Sharp filed its Second Amended Complaint.  Case No. 13-cv-01173, Dkt. No. 119 (the "SAC").  The SAC eliminates all damages claims against any Defendant based on sales made by any Toshiba entity to any Sharp entity.  *See* Sharp Pls.' Mot. for Leave to Amend, Case No. 13-cv-01173, Dkt. No. 110-3.  The SAC also removes Sharp's previously asserted claims for relief under the New York Unfair Competition Law, the New Jersey Antitrust Act, and Tennessee Code Ann. §§ 47-258-101.  *See* Attachment B to Sharp's Mot. for Leave to Amend, Case No. 13-cv-01173, Dkt. No. 110-7.

Declaration of Craig A. Benson ISO Sharp's Motion
for Entry of Default Against Videocon Industries, Ltd.
Case No. 13-CV-01173-JST; Master File No. 07-CV-05944, MDL No. 1917

9.      There are no new claims in the SAC that were not in the Original Complaint.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 15th day of July, 2016, in Washington, D.C.

_____
Craig A. Benson