Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the
Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944-JST; 3:07-cv-6331-JST |
| | MDL No. 1917 |
| | **CLASS ACTION** |
| This Document Relates to: All Indirect Purchaser Actions | **INDIRECT PURCHASER PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANTS IRICO DISPLAY DEVICES CO., LTD. AND IRICO GROUP CORPORATION** |
| | Judge: Honorable Jon S. Tigar<br>Court: Courtroom 9, 19th Floor |

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2    The Indirect Purchaser Plaintiffs ("IPPs") hereby request that the Clerk of the above-entitled

3  Court enter default in this matter against defendants Irico Group Corporation and Irico Display

4  Devices Co., Ltd. (the "Irico Entities") on the ground that the Irico Entities have failed to answer or

5  otherwise respond to the IPPs' complaint within the time prescribed by the Federal Rules of Civil

6  Procedure.  The Irico Entities are entities organized under the laws of China, with their principal

7  places of business located in China.

8    On December 13, 2007, plaintiff Jeffrey Figone filed a putative class action complaint on

9  behalf of indirect purchasers of Cathode Ray Tubes ("CRTs") in which he named the Irico Entities

10  as defendants. *See Figone v. LG Electronics, Inc., et al.,* No. 07-cv-6331-JST, ECF No. 1.

11    On January 4, 2008, the Honorable Samuel Conti found that the *Figone* action and other

12  similar actions were related to *Crago, Inc., et al. v. Chunghwa Picture Tubes, Ltd., et al.,* No. 07-cv-

13  5944-SC, and ordered that all such cases be reassigned to him and consolidated with the *Crago*

14  action. *See Figone v. LG Electronics, Inc., et al.,* No. 07-cv-6331-JST, ECF No. 3.

15    The Judicial Panel on Multidistrict Litigation consolidated the *Crago* and *Figone* actions

16  with other similar actions filed on behalf of direct and indirect purchasers of CRTs as *In re: Cathode

17  Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, Master File No. 07-cv-5944-JST.  (ECF No.

18  122.)

19    On August 22, 2008, counsel for the Irico Entities agreed to accept service of process of the

20  *Figone* complaint.  (ECF No. 361, ¶ 1.[1])  The parties further agreed that the IRICO Entities' time to

21  answer, move, or otherwise respond to the *Figone* complaint would be extended until after the filing

22  of a Consolidated Amended Complaint on behalf of all indirect purchasers, as set forth in the

23  Stipulation and Order Re Extension Of Time For Defendant To Respond To Complaint, dated

24  December 19, 2007 (ECF No. 16).  (ECF No. 361 at ¶ 2.)

25    Pursuant to Court Order (ECF No. 379), the IPPs filed a Consolidated Amended Complaint

26  ("CAC") on March 16, 2009 and served it on the Irico Entities. (ECF No. 437.)  On May 18, 2009,

27

28  [1] *See also Figone v. LG Electronics, Inc., et al.,* No. 07-cv-6331-JST, ECF No. 21, ¶ 1.

the Irico Entities, along with other defendants, filed a Joint Motion to Dismiss IPPs' CAC. (ECF No. 485.)

On March 30, 2010, the Court denied defendants' Joint Motion to Dismiss and ordered defendants (including the Irico Entities) to answer IPPs' complaint within 30 days. (ECF No. 665.) The time limit for the Irico Entities to answer IPPs' CAC was April 29, 2010.  The Irico Entities did not file or serve an answer to IPPs' CAC.

IPPs filed a Second CAC on May 10, 2010 and served it on the Irico Entities.  (ECF No. 716.)  Pursuant to Stipulated Order (ECF No. 725), all Defendants were to file a Joint Motion to Dismiss the Second CAC by June 25, 2010.  However, on June 23, 2010, counsel for the Irico Entities (Pillsbury Winthrop Shaw Pittman, LLP) moved to withdraw from the litigation because the Irico Entities had requested that Pillsbury cease its representation of them.  (ECF Nos. 729, 730.) Pursuant to Civil Local Rule 11-5(b), the Court conditioned Pillsbury's withdrawal upon it "continu[ing] to accept service of papers for the Irico Entities for forwarding purposes until substitute counsel appears on behalf of the Irico Entities." (ECF No. 732.)  The Irico Entities never filed or served an answer or otherwise responded to the IPPs' Second CAC, and no substitute counsel has ever appeared on behalf of the Irico Entities.

Pursuant to the Court's Order Granting Pillsbury's Motion for Leave to Withdraw (ECF No. 732), Pillsbury accepted service of IPPs' two subsequent CACs (ECF Nos. 827, 1526) on behalf of the Irico Entities.  The Irico Entities have never filed or served an answer or otherwise responded to the IPPs' Third CAC or Fourth CAC.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, IPPs request that the Clerk enter default against the Irico Entities for failure to answer IPPs' CACs in a timely manner.

The above-stated facts are set forth in the accompanying Declaration of Lauren C. Capurro, filed herewith.

//

//

| | | | |
|---|---|---|---|
| 1 | Dated: July 20, 2016 | By: | /s/ Mario N. Alioto |

Mario N. Alioto (56433)
malioto@tatp.com
Joseph M. Patane (72202)
jpatane@tatp.com
Lauren C. Capurro (241151)
laurenrussell@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415-346-0679

***Lead Counsel for Indirect Purchaser Plaintiffs
And Counsel for Plaintiff Jeffrey Figone***