Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the
Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST; 07-cv-6331-JST |
|---|---|
| | MDL No. 1917 |
| | **CLASS ACTION** |
| This Document Relates to: All Indirect Purchaser Actions | **DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANTS IRICO DISPLAY DEVICES CO., LTD. AND IRICO GROUP CORPORATION** |
| | Judge: Honorable Jon S. Tigar
Court: Courtroom 9, 19th Floor |

I, Lauren C. Capurro, declare:

1. I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am an associate with the law firm Trump, Alioto, Trump & Prescott, LLP and my firm serves as Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs") in the above-captioned action. In addition, I am one of the attorneys of record for plaintiff Jeffrey Figone. I make this declaration in support of the IPPs' Request for Entry of Default Against Defendants Irico Display Devices Co., Ltd. and Irico Group Corporation (the "Irico Entities"). Except where otherwise stated, the matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2. On December 13, 2007, plaintiff Jeffrey Figone filed a putative class action complaint on behalf of indirect purchasers of Cathode Ray Tubes ("CRTs") in which he named the Irico Entities as defendants. *See Figone v. LG Electronics, Inc., et al.,* No. 07-cv-6331-JST, ECF No. 1.

3. On January 4, 2008, the Honorable Samuel Conti found that the *Figone* action and other similar actions were related to *Crago, Inc., et al. v. Chunghwa Picture Tubes, Ltd., et al.,* No. 07-cv-5944-SC, and ordered that all such cases be reassigned to him and consolidated with the *Crago* action. *See Figone v. LG Electronics, Inc., et al.,* No. 07-cv-6331-JST, ECF No. 3.

4. The Judicial Panel on Multidistrict Litigation consolidated the *Crago* and *Figone* actions with other similar actions filed on behalf of direct and indirect purchasers of CRTs as *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, Master File No. 07-cv-5944-JST. (ECF No. 122.)

5. On August 22, 2008, counsel for the Irico Entities agreed to accept service of process of the *Figone* complaint. (ECF No. 361, ¶ 1.) The parties further agreed that the Irico Entities' time to answer, move, or otherwise respond to the *Figone* complaint would be extended until after the filing of a Consolidated Amended Complaint on behalf of all indirect purchasers, as set forth in the Stipulation and Order Re Extension Of Time For Defendant To Respond To Complaint, dated December 19, 2007 (ECF No. 16). (ECF No. 361 at ¶ 2.)

6. Pursuant to Court Order (ECF No. 379), the IPPs filed a Consolidated Amended Complaint ("CAC") on March 16, 2009 and served it on the Irico Entities. (ECF No. 437.) On May

18, 2009, the Irico Entities, along with other defendants, filed a Joint Motion to Dismiss IPPs' CAC. (ECF No. 485.)

7. On March 30, 2010, the Court denied defendants' Joint Motion to Dismiss and ordered defendants (including the Irico Entities) to answer IPPs' complaint within 30 days. (ECF No. 665.) The time limit for the Irico Entities to answer IPPs' CAC was April 29, 2010. The Irico Entities did not file or serve an answer to IPPs' CAC.

8. IPPs filed a Second CAC on May 10, 2010 and served it on the Irico Entities. (ECF No. 716.) Pursuant to Stipulated Order (ECF No. 725), all Defendants were to file a Joint Motion to Dismiss the Second CAC by June 25, 2010. However, on June 23, 2010, counsel for the Irico Entities (Pillsbury Winthrop Shaw Pittman, LLP) moved to withdraw from the litigation because the Irico Entities had requested that Pillsbury cease its representation of them. (ECF Nos. 729, 730.) Pursuant to Civil Local Rule 11-5(b), the Court conditioned Pillsbury's withdrawal upon it "continu[ing] to accept service of papers for the Irico Entities for forwarding purposes until substitute counsel appears on behalf of the Irico Entities." (ECF No. 732.) The Irico Entities never filed or served an answer or otherwise responded to the IPPs' Second CAC, and no substitute counsel has ever appeared on behalf of the Irico Entities.

9. Pursuant to the Court's Order Granting Pillsbury's Motion for Leave to Withdraw (ECF No. 732), Pillsbury accepted service of IPPs' two subsequent CACs (ECF Nos. 827, 1526) on behalf of the Irico Entities. The Irico Entities have never filed or served an answer or otherwise responded to the IPPs' Third CAC or Fourth CAC.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 20th day of July 2016, at San Francisco, California.

/s/ Lauren C. Capurro
Lauren C. Capurro