*[Stipulating parties listed on signature page]*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-CV-05944-JST<br>MDL No. 1917 |
| This Document Relates To:<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514 | **STIPULATION AND [PROPOSED] ORDER REGARDING SUMMARY WITNESSES AT SEARS/KMART TRIAL** |

1    WHEREAS, Plaintiffs Sears, Roebuck and Co. and Kmart Corporation ("Plaintiffs") are
2    the only remaining plaintiffs in Case No. 11-cv-05514 ("Sears/Kmart case");
3    WHEREAS, LG Electronics, Inc. ("LGE") is the only remaining defendant in the
4    Sears/Kmart case;
5    WHEREAS, the trial in the Sears/Kmart case is set for January 9, 2017, *see* ECF No. 4658;
6    WHEREAS, both Plaintiffs and LGE seek to call witnesses at trial to summarize
7    voluminous evidence pursuant to Federal Rule of Evidence 1006;
8    WHEREAS, Plaintiffs' Motion to Admit Testimony of Summary Witness is fully briefed
9    and pending, *see* ECF No. 3558, 3671, 3757-04;
10   WHEREAS, on May 3, 2016, the Court granted LGE's motion for leave to file a Motion to
11   Admit Summary Witness Testimony and ordered that any such motion be filed by August 12,
12   2016, *see* ECF No. 4623;
13   WHEREAS, the parties have agreed that Plaintiffs and LGE will serve a revised list of trial
14   exhibits on August 8, 2016 and September 15, 2016, respectively;
15   WHEREAS, the parties' revised exhibit list will indicate, subject to revision, which
16   documents they intend to have summarized by their summary witness at trial;
17   WHEREAS, the parties have agreed to an exchange on November 18, 2016 of summaries
18   to be used in their case-in-chief at trial;
19   PURSUANT TO LOCAL RULE 7-12, PLAINTIFFS AND LGE, BY AND THROUGH
20   THEIR RESPECTIVE COUNSEL OF RECORD, HEREBY STIPULATE AS FOLLOWS:
21   1.    Pursuant to Federal Rule of Evidence 1006, Plaintiffs may call Daniel Gill, a
22   former Federal Bureau of Investigation ("FBI") forensic examiner and a current Director in the
23   Global Investigations and Compliance practice at Navigant Consultants, Inc., to serve as a
24   summary witness subject to any objections by LGE as to the admissibility of the specific
25   summaries offered and the use for summary purposes of the specific documents summarized by
26   the Mr. Gill.
27   2.    Pursuant to Federal Rule of Evidence 1006, LGE may call Robert Cunnane, a
28   former Federal Bureau of Investigation ("FBI") agent, to serve as a summary witness subject to

any objections by Plaintiffs as to the admissibility of the specific summaries offered and the use for summary purposes of specific documents summarized by Mr. Cunnane.

3. Neither Mr. Gill nor Mr. Cunnane will testify as experts or provide expert opinion testimony. Rather, their roles will be limited to reviewing, tabulating, and summarizing voluminous, admissible documents provided to them by counsel according to certain objective criteria which appear on the face of the documents. Each party reserves the right to object to testimony offered by Mr. Gill or Mr. Cunnane to the extent that it does not summarize voluminous, admissible documents and/or constitutes or reflects inadmissible expert testimony, opinions, or legal conclusions.

4. Plaintiffs anticipate that Mr. Gill's summary witness testimony at trial will focus on three categories of documents: (1) documents reflecting the corporate structure of various Defendants and co-conspirators; (2) documents reflecting the number, dates, attendees, location, and words and numbers used in the documents that Plaintiffs contend reflect minutes of the competitor meetings and communications in furtherance of the price-fixing conspiracy at issue; and (3) enforcement actions relating to the CRT and TFT-LCD price-fixing conspiracies brought by global competition authorities such as the U.S. Department of Justice and the European Commission. LGE objects to the third category of documents and any related testimony as irrelevant and inadmissible under Rules 401, 402, and 403 of the Federal Rules of Evidence, and reserves the right to argue that any related testimony should be excluded from trial for the reasons set forth in pending motions *in limine* (ECF Nos. 3556, 3558 [DAPs' MIL #11, 14], 3572, 3583, 3589). LGE also objects to Mr. Gill's reliance on discovery responses by former co-defendants in the case.

5. LGE anticipates that Mr. Cunnane will provide summary witness testimony at trial regarding his work to identify, tabulate, and summarize documents listed in Exhibit A to Plaintiffs' Objections and Responses to Defendant LG Electronics, Inc.'s First Set of Interrogatories, dated August 20, 2014, as supplemented on November 7, 2014 ("Exhibit A Documents") that reflect two or more manufacturers' size-specific, number-specific prices either being charged or to be charged in the future for CPTs (TV tubes) with sizes of 32" or above.

1          6.      LGE reserves the right to argue that any testimony by Mr. Gill related to Plaintiffs'
2  standing to sue under the ownership/control exception may be presented only in a bench trial on
3  those issues.  Plaintiffs reserve the right to argue that testimony related to the ownership/control
4  exception may be presented in a jury trial.

5          7.      The parties reserve the right to cross-examine the other side's summary witness.
6  Further, each side's summary witness may offer alternate summaries in response to any summaries
7  offered by the other side's summary witness or in response to arguments raised at trial.  The nature
8  of this testimony will depend on the testimony and arguments presented at trial.

9          8.      By this stipulation, the parties are not seeking pre-admission of any trial exhibits.
10  They are simply stipulating to the presentation of summary testimony of voluminous documents
11  along the above lines.  This stipulation is without prejudice to the Court's ability to limit or curtail
12  summary witness testimony based on motions *in limine*, objections at trial, or based on any
13  objections to exhibits, charts, or summaries made prior to or at trial.  Further, this Stipulation does
14  not constitute an admission by any Party that the documents to be summarized are relevant or
15  otherwise admissible under the Federal Rules of Evidence.  Each document that forms the basis of
16  any summary witness testimony offered pursuant to Federal Rule of Evidence 1006 must be
17  admissible as against the other party.

18          9.      Plaintiffs will withdraw as moot their Motion to Admit Testimony of Summary
19  Witness, ECF No. 3558, with respect to the Sears/Kmart case, and LGE agrees not to file a Motion
20  to Admit Summary Witness Testimony pursuant to the Court's order on LGE's motion for leave to
21  file such a motion, ECF No. 4623.  This stipulation does not withdraw the Motion to Admit
22  Testimony of Summary Witness, ECF No. 3558, as to any other party to that motion in other
23  actions in this MDL.

24          10.     This stipulation shall not be introduced into evidence during the jury trial or read to
25  the jury during trial, and it shall not be relied on to support an entitlement to any relief not
26  expressly contemplated by the terms of this stipulation.

27
28

| | | |
|---|---|---|
| 1 | Dated:  August 8, 2016 | Respectfully submitted, |
| 2 | | |
| 3 | | MUNGER, TOLLES & OLSON LLP |

                               */s/ Miriam Kim*
Brad Brian (State Bar No. 079001)
brad.brian@mto.com
Gregory J. Weingart (State Bar No. 157997)
gregory.weingart@mto.com
Susan E. Nash (State Bar No. 101837)
susan.nash@mto.com
E. Martin Estrada (State Bar No. 223802)
martin.estrada@mto.com
Miriam Kim (State Bar No. 238230)
miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560
Telephone: (213) 683-9100
Facsimile:(213) 687-3702

*Attorneys for Defendant LG Electronics, Inc.*


KENNY NACHWALTER, P.A.


                               */s/ Samuel J. Randall*
Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Douglas Patton, Esquire
Samuel J. Randall, Esquire
Christina Ceballos-Levy
KENNY NACHWALTER, P.A.
201 S. Biscayne Boulevard
Suite 1100
Miami, Florida  33131
Tel:       (305) 373-1000
Fax:      (305) 372-1861
E-mail:   rarnold@knpa.com
             wblechman@knpa.com
             dpatton@knpa.com
             srandall@knpa.com
             ccl@knpa.com


*Attorneys for Plaintiffs Sears, Roebuck and Co. and Kmart Corp.*

-4-   Master File No. 3:07-CV-05944-JST
STIPULATION AND [PROPOSED] ORDER REGARDING SUMMARY WITNESSES AT SEARS/KMART TRIAL

1  Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this
2  document has been obtained from each of the above signatories.

4  It is so stipulated and agreed to by the parties.

6  PURSUANT TO STIPULATION, IT IS SO ORDERED.

8  Dated:_____

　　　　　　　　　　　　　　　　　　　　　　　　　Hon. Jon S. Tigar
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

31580435

-5-    Master File No. 3:07-CV-05944-JST
STIPULATION AND [PROPOSED] ORDER REGARDING SUMMARY WITNESSES AT SEARS/KMART TRIAL