Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the
Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944<br>MDL No. 1917 |
| | **CLASS ACTION** |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **LEAD COUNSEL'S PROPOSED ALLOCATION OF AGGREGATE FEE AWARD TO INDIRECT PURCHASER PLAINTIFFS' COUNSEL**<br><br>Court: JAMS<br>Special Master: Martin Quinn, JAMS<br>Judge:  Hon. Jon S. Tigar |

Pursuant to the Court's Order on Attorneys' Fees, Expenses and Incentive Awards Re: Indirect Purchaser Plaintiffs' Settlements (ECF No. 4740), and the Special Master's Order Re Process for Allocating Attorneys' Fees (ECF No. 4748), Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs") hereby submits a proposed allocation of the $158,606,250 aggregate fee award.

## I. METHODOLOGY

**A.   Lead Counsel's Input:** Mario N. Alioto of Trump, Alioto, Trump & Prescott, LLP ("TATP") was appointed by the Court as the sole Interim Lead Counsel for the IPPs on May 8, 2008. (ECF No. 47.)  Since then, Lead Counsel has directed and overseen all aspects of this litigation. (*See generally,* Declaration of Mario N. Alioto In Support of Indirect Purchaser Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Litigation Expenses and Incentive Awards for Class Representatives, ECF No. 4071-1.)  As a result, Lead Counsel is the most knowledgeable person regarding the relative contributions of the numerous firms that participated in the prosecution of this litigation over the last nine years, and is well-positioned to make a proposed allocation of the aggregate fee award.

**B.   Input from Other IPP Firms**: Lead Counsel has also sought the input of many IPP firms regarding the factors to be considered in allocating the fee, the methodology for doing so, and the multipliers proposed for specific firms, including their own firm and Lead Counsel's firm. In particular, Lead Counsel worked very closely with several core firms that were involved in many aspects of the case and have years of experience in similar litigation and—more specifically—fee allocations in similar cases.

In addition, many firms (including almost all firms with a lodestar over $1 million) were given an opportunity to comment on Lead Counsel's analysis of their contribution to the litigation and their proposed multiplier.  In some cases, Lead Counsel adjusted the proposed multiplier in response to those comments.  The majority of these firms are now in agreement with Lead Counsel's proposal.

Lead Counsel has approached the fee allocation proceedings in a collegial and collaborative manner, with the goal of reducing the issues to be addressed by the Special Master.

**C.     Factors Considered:** In consultation with the other IPP firms, and after reviewing the fee allocations and factors considered in similar cases (e.g. *LCD*), Lead Counsel has considered the following factors in making the proposed fee allocation:

- **Level of work performed.**  For example, drafting important briefs, taking or defending depositions, working with experts, preparing for trial and involvement in the overall management of the case and case strategy were valued higher than document review and routine discovery work.  Lead Counsel did distinguish, however, between higher level document review (e.g. those firms who provided foreign language reviewers or who were team leaders) and those document reviewers who helped prepare for depositions.[1]

- **Amount of high level work performed.**  Lead Counsel distinguished between the many firms who performed high level work based on the amount of such work performed throughout the case (e.g. the number of depositions taken or briefs drafted), and whether they were also involved in the overall management of the case and case strategy.

- **Quality of the work performed.** Lead Counsel also distinguished between firms based on the quality of the work performed.  For example, a firm's multiplier was enhanced or reduced based on Lead Counsel's ability to rely upon that firm to consistently and independently perform and produce excellent work product, with little further review necessary by Lead Counsel.

- **Level of Risk.** Lead Counsel also took into account the level of risk absorbed by each firm, including the stage at which they joined the case (e.g. firms who joined the case prior to the settlements or prior to class certification faced more risk than those who joined later); whether or not they paid assessments into the litigation

---

[1] In addition, as Lead Counsel explained in the IPP motion for attorneys' fees, the rates for document reviewers were capped at $350 (English-speaking) and $400 (foreign language). (*See* ECF No. 4071 at 26.)  Where document reviewers also worked on preparing for depositions or were team leaders, firms were allowed to bill this time at the attorney's normal rate.  Thus, the

2

LEAD COUNSEL'S PROPOSED ALLOCATION OF AGGREGATE FEE AWARD TO INDIRECT PURCHASER PLAINTIFFS' COUNSEL – Master File No. 3:07-cv-5944 SC, MDL No. 1917

fund and the amount of money contributed; and the amount of time and resources devoted by the firm to the litigation.

- **Billing Efficiency and Rates.** Finally, Lead Counsel also took into account each firm's billings and the efficiency of their staffing. In addition, Lead Counsel's proposed multipliers attempt, to the extent possible, to equalize billing rates amongst attorneys doing comparable work.

## II.     PROPOSED ALLOCATION

Applying the foregoing factors, Lead Counsel grouped the IPP firms into several tiers and assigned multiplier ranges for each tier. They are as follows:

### A.     IPP Counsel Tiers and Multiplier Ranges

| Multiplier | Description |
|---|---|
| 2.98 | Lead Counsel. *See* Alioto Decl (ECF No. 4071-1.) In addition, Lead Counsel has continued to work on all aspects of this case since the filing of the fee petition, including the settlement approvals, the fee petition, claims administration, and the many appeals that have been filed from the settlement approval and the fee award. |
| 1.9 – 2.5 | Firms which performed a large amount of high level work at all or most stages of the case; involved in overall strategy and case management; drafted important briefs; took and/or defended a large number of depositions; involved in trial preparations; expert work; participation in settlement strategy and negotiations; substantial post fee petition work. |
| 1.5 – 1.8 | Firms which performed high level work (e.g. depositions, briefing, trial preparations, expert work) but less of it than the firms in the top tier, and/or they were not involved in overall case strategy; some post fee petition work. |
| 1.3 – 1.5 | Firms which did a smaller amount of higher level work (e.g. briefing, depositions, |

---

differing levels of document review have been accounted for by Lead Counsel in the proposed allocation.

| | |
|---|---|
| | memoranda on legal issues or evidence, trial preparation) than firms in the tiers above; and firms whose main contribution was higher level document review, including assisting with preparations for depositions, e.g. as a team leader of the document review. |
| 1.25 – 1.3 | Firms which performed slightly higher level document review (e.g. foreign reviewer or high quality work), and/or performed some other substantive work other than document review, e.g. preparing evidentiary or legal memoranda, assisting with deposition and/or trial preparations. |
| 1.0 – 1.25 | Firms which represented one or more class representatives and/or performed low level document review; or firms which did only a small amount of substantive work. |
| 0.5 – 1.0 | Firms which did little or no substantive work; firms which were unreliable; firms which have taken an adverse position to the class; firms which have otherwise worked at cross purposes to the other counsel in the case; and firms which had billing issues. |

### B. Multiplier Proposal for Each Firm

Using each firm's current rate lodestar as reported to the Court in the September 2015 Motion for Attorneys' Fees (ECF. No. 4073), minus the 10% across-the-board reduction, Lead Counsel proposes that the aggregate attorney fee award of $158,606,250 be allocated amongst IPP Counsel as set forth in Exhibit A, attached hereto.

//

//

//

4

| | | |
|---|---|---|
| 1 | Dated:  August 22, 2016 | Respectfully submitted, |
| 2 | | */s/ Mario N. Alioto* |
| 3 | | Mario N. Alioto (56433) |
| | | malioto@tatp.com |
| 4 | | Joseph M. Patane (72202) |
| | | jpatane@tatp.com |
| 5 | | Lauren C. Capurro (241151) |
| | | laurenrussell@tatp.com |
| 6 | | TRUMP, ALIOTO, TRUMP & PRESCOTT LLP |
| | | 2280 Union Street |
| 7 | | San Francisco, CA 94123 |
| | | Telephone: 415-563-7200 |
| 8 | | Facsimile: 415-346-0679 |
| 9 | | *Lead Counsel for Indirect Purchaser Plaintiffs* |

# EXHIBIT A

| FIRM | CURRENT RATE LODESTAR | CURRENT RATE LODESTAR AFTER 10% CUT | TOTAL PAYOUT | MULTIPLIER |
|---|---|---|---|---|
| Trump, Alioto, Trump & Prescott, LLP | $17,290,782.50 | $15,561,704.25 | $46,374,390.09 | 2.9800 |
| Freedman Boyd Hollander Goldberg Uris & Ward PA | $556,654.00 | $500,988.60 | $1,252,471.00 | 2.5000 |
| Straus & Boies, LLP | $9,002,608.75 | $8,102,347.88 | $19,202,562.00 | 2.3700 |
| Law Offices of Sylvie K Kern (KAG) | $3,592,540.00 | $3,233,286.00 | $7,339,559.00 | 2.2700 |
| Zelle, Hofmann, Voelbel, Mason & Gette LLP | $8,994,951.75 | $8,095,456.58 | $15,867,093.00 | 1.9600 |
| Kirby McInerney LLP | $11,090,460.00 | $9,981,414.00 | $19,537,310.00 | 1.9574 |
| | | | | |
| Bramson, Plutzik, Mahler & Birkhaeuser, LLP | $2,608,560.00 | $2,347,704.00 | $4,225,867.00 | 1.8000 |
| Andrus Anderson LLP | $3,097,527.00 | $2,787,774.30 | $5,017,993.00 | 1.8000 |
| Fine, Kaplan and Black, RPC | $2,625,672.50 | $2,363,105.25 | $4,135,433.00 | 1.7500 |
| Milberg LLP | $2,617,117.50 | $2,355,405.75 | $3,768,649.00 | 1.6000 |
| Hulett Harper Stewart LLP | $635,171.75 | $571,654.58 | $897,496.00 | 1.5700 |
| | | | | |
| Law Offices of Lawrence G. Papale | $946,500.00 | $851,850.00 | $1,175,000.00 | 1.5000 |
| Vogl Meredith Burke LLP | $769,320.00 | $692,388.00 | $1,022,962.00 | 1.4774 |
| Besmer Law Firm | $662,900.00 | $596,610.00 | $835,254.00 | 1.4000 |
| Sharp McQueen PA | $1,443,207.50 | $1,298,886.75 | $1,818,441.45 | 1.4000 |
| Glancy Binkow Goldberg LLP | $2,214,555.75 | $1,993,100.18 | $2,790,340.00 | 1.4000 |
| Green & Noblin PC | $3,137,791.50 | $2,824,012.35 | $3,812,416.00 | 1.3500 |
| The Saunders Law Firm | $156,340.00 | $140,706.00 | $189,953.00 | 1.3500 |
| Lovell Stewart Halebian and Jacobson LLP | $3,520,882.35 | $3,168,794.12 | $4,151,120.00 | 1.3100 |
| | | | | |
| Miller Law LLC | $2,602,234.00 | $2,342,010.60 | $3,044,613.00 | 1.3000 |
| Karon LLC | $205,006.30 | $184,505.67 | $239,857.00 | 1.3000 |
| McCallum, Hoaglund, Cook & Irby,LLP | $199,025.00 | $179,122.50 | $223,905.00 | 1.2500 |
| Goldman Scarlato & Penny, P.C. | $2,341,089.50 | $2,106,980.55 | $2,633,725.00 | 1.2500 |
| Law Offices of Sherman Kassof | $2,391,135.00 | $2,152,021.50 | $2,690,026.00 | 1.2500 |
| | | | | |
| McCallum, Methvin & Terrell, P.C. | $106,985.00 | $96,286.50 | $120,300.00 | 1.2494 |
| Frankovitch, Anetakis, Colantonio & Simon | $197,859.25 | $178,073.33 | $220,688.00 | 1.2393 |
| Kirkpatrick & Goldsborough, PLLC | $214,655.00 | $193,189.50 | $238,626.00 | 1.2352 |
| Bonnett, Fairbourn, Friedman & Balint, P.C. | $667,632.50 | $600,869.25 | $736,043.00 | 1.2250 |
| Wyatt & Blake | $88,437.50 | $79,593.75 | $95,515.00 | 1.2000 |
| Flom Law Office , P.A. | $23,744.00 | $21,369.60 | $25,644.00 | 1.2000 |
| Gerard & Associates | $27,288.75 | $24,559.88 | $29,472.00 | 1.2000 |
| Larson Kuper Wenninghoff & Carney, PC | $2,250.00 | $2,025.00 | $2,430.00 | 1.2000 |
| Bangs, McCullen, Butler, Foye & Simmons, LLP | $7,875.00 | $7,087.50 | $8,505.00 | 1.2000 |
| Mansfield, Tanick & Cohen, P.A. and Foley & Mansfield, PLLP | $127,500.00 | $114,750.00 | $137,700.00 | 1.2000 |
| Ademi & O'Reilly LLP | $158,427.00 | $142,584.30 | $171,101.16 | 1.2000 |

| | | | | |
|---|---|---|---|---|
| Law Offices of Jeff Crabtree | $30,205.00 | $27,184.50 | $32,621.40 | 1.2000 |
| Janssen Malloy LLP | $546,932.50 | $492,239.25 | $590,686.80 | 1.2000 |
| Ryley Carlock & Applewhite | $8,600.50 | $7,740.45 | $9,288.50 | 1.2000 |
| McManis Faulkner | $66,239.50 | $59,615.55 | $65,577.00 | 1.1000 |
| Schubert Jonckheer & Kolbe, LLP | $74,075.00 | $66,667.50 | $73,334.00 | 1.1000 |
| Morrison Sund | $476,440.00 | $428,796.00 | $445,970.00 | 1.0401 |
| | | | | |
| Minami Tamaki, LLP | $3,279.00 | $2,951.10 | $2,951.10 | 1.0000 |
| Law Offices of Brian Barry | $937,223.50 | $843,501.15 | $843,501.15 | 1.0000 |
| Whitfield Bryson & Mason LLP | $17,330.00 | $15,597.00 | $15,597.00 | 1.0000 |
| Gustafson Gluek PLLC | $28,100.00 | $25,290.00 | $25,290.00 | 1.0000 |
| Cooper & Kirkham, P.C. | $3,068,480.00 | $2,761,632.00 | $2,347,387.00 | 0.8500 |
| Law Offices of Francis O. Scarpulla | $73,812.50 | $66,431.25 | $49,823.00 | 0.7500 |
| Theresa D Moore | $29,093.75 | $26,184.38 | $19,638.00 | 0.7500 |
| The Furth Firm LLP | $102,361.50 | $92,125.35 | $52,125.35 | 0.5658 |
| Lingel Winters* | | | $0.00 | 0.0000 |
| | | | | |
| **TOTAL** | **$89,786,859.40** | **$80,808,173.46** | **$158,606,250.00** | |

\* Filed a separate Fee Declaration which was not part of the September 2015 Fee Motion.