Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
Email: anardacci@bsfllp.com

William A. Isaacson
Kyle N. Smith
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Fax: (202) 237-6131
Email: wisaacson@bsfllp.com
Email: ksmith@bsfllp.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

*Counsel for Plaintiff*
*MARTA Cooperative of America, Inc.*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-CV-05944-JST<br>MDL No. 1917 |
| This Document Relates To:<br><br>*P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;<br><br>*P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 13-cv-05725;| **NOTICE OF MOTION AND MOTION OF PLAINTIFF MARTA COOPERATIVE OF AMERICA FOR RULE 54(b) CERTIFICATION OF FINAL JUDGMENT AS TO MARTA**<br><br>Date: Sept. 29, 2016<br>Time: 2:00 p.m.<br>Before: Hon. Jon S. Tigar |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on September 29, 2016, at 2:00 p.m. in the Courtroom of the Honorable Jon S. Tigar, located at 450 Golden Gate Avenue, Courtroom Number 9, San Francisco, California 94102, or as soon thereafter as counsel may be heard, Plaintiff MARTA Cooperative of America, Inc. ("MARTA") will and does hereby move the Court for an order, pursuant to Federal Rule of Civil Procedure 54(b), entering final judgment as to MARTA.

MARTA respectfully requests that the Court find no just reason for delay in the entry of final judgment as to MARTA, with respect to this Court's summary judgment ruling of August 4, 2016, in which the Court ruled that MARTA lacked standing to pursue its claim.  Dkt No. 4742.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Proposed Final Judgment filed herewith, all the files and records of this action, and any other matters properly before the Court.

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and Local Rule 7-2, Plaintiff MARTA Cooperative of America, Inc. ("MARTA") hereby submits this Memorandum of Points and Authorities in support of its Motion for Certification of Final Judgment as to MARTA, with respect to the Court's summary judgment ruling of August 4, 2016, in which the Court ruled that MARTA lacked standing to pursue its claim (the "Order").  Dkt No. 4742.

**ISSUE TO BE DECIDED**

Whether the Court should enter an order of final judgment as to MARTA where the Court's Order disposes of MARTA's claim against Defendants and terminates the litigation as to MARTA and there is no just reason for delay, given that the relevant judicial administrative interests and the equities both counsel in favor of entry of final judgment.

**INTRODUCTION**

On August 4, 2016, the Court ruled that MARTA lacked standing to pursue its federal antitrust claim and thus granted Defendants' motion for summary judgment against MARTA. As a result, MARTA now seeks a Rule 54(b) certification of final judgment as to MARTA.  A Rule 54(b) certification is necessary here given that that the Court's Order granted Defendants summary judgment as to a single plaintiff, MARTA.  Two other plaintiffs, P.C. Richard and ABC Appliance, remain unaffected by the Court's Order and the above-captioned actions continue as to their claims.

The requirements of Rule 54(b) are met here.  First, the Court's Order disposes of MARTA's sole claim against Defendants and terminates the litigation between MARTA and Defendants.  There is no question that the Order is a final judgment as to MARTA.

In addition, there is no just reason to delay entry of final judgment as to MARTA.  The relevant judicial administrative interests do not prevent entry of final judgment; in fact, they favor it.  As this Court has previously ruled, an appeal with respect to standing does not present the risk of duplicative appeals, given that it does not overlap with the merits of the litigation. That is exactly the case here.  Moreover, the interests of judicial economy would be served by entering final judgment as to MARTA now so that it may pursue an immediate appeal on

standing.  If MARTA were to obtain a favorable decision on appeal, it could potentially rejoin P.C. Richard and ABC Appliance for trial in the remand court, which would obviate the need for a second, separate trial as to MARTA alone.  In addition, an immediate appeal would resolve the intra-district split on this standing issue faster than an appeal taken after the remand and trial of the P.C. Richard and ABC Appliance claims, which would provide the benefit of certainty to future litigants.

Moreover, the equities tip decidedly in favor of entering final judgment as to MARTA now.  Constraining MARTA to wait to pursue an appeal after the remand and trial of the P.C. Richard and ABC Appliance claims would prejudice MARTA in two important regards.  First, it would potentially subject MARTA to a second, separate trial—one in which precedent from the first trial in which it could not participate might apply—and it would significantly lengthen the time to trial for MARTA, given that remand and trial for P.C. Richard and ABC Appliance and an appeal by MARTA to the Ninth Circuit are both lengthy processes.

For all of these reasons, MARTA respectfully submits that a Rule 54(b) certification of final judgment as to MARTA is appropriate here.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 14, 2011, MARTA filed a complaint in the United States District Court for the Eastern District of New York against a number of cathode ray tube ("CRT") manufacturers alleging a conspiracy to fix the price of CRTs.  MARTA was one of three plaintiffs on the complaint; PC Richard & Son Long Island Corporation ("P.C. Richard") and ABC Appliance, Inc. ("ABC Appliance") were the other two plaintiffs.  On December 6, 2011, the Judicial Panel on Multidistrict Litigation ("JPML") transferred this action to the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.  Dkt. No. 1009.

On November 14, 2013, MARTA, P.C. Richard and ABC Appliance filed a complaint in the Eastern District of New York against two additional defendant families, Thomson and Mitsubishi, alleging that they too had participated in the CRT price-fixing conspiracy.  On December 4, 2013, the JPML also transferred this action to the Northern District of California

1    for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.   Dkt. No.

2    2244.

3          Following litigation in this Court as a part of the *In re Cathode Ray Tube (CRT) Antitrust*

4    *Litigation,* MDL No. 1917, on November 7, 2014, Defendants moved for summary judgment

5    against MARTA, claiming that it lacked standing to pursue its federal antitrust claim.   Dkt. No.

6    2994.[1]   On August 4, 2016, this Court granted Defendants' motion for summary judgment

7    against MARTA, finding that MARTA did in fact lack standing to pursue its claim.   Dkt. No.

8    4742 at 30.

9          Plaintiffs P.C. Richard and ABC Appliance remain unaffected by the Court's ruling.

10   Upon resolution of the summary judgment and *Daubert* motions pending against them, all MDL

11   pretrial proceedings in these Plaintiffs' cases will be complete.   At that time, P.C. Richard and

12   ABC Appliance intend to move the Court for an order remanding their cases to the Eastern

13   District of New York for trial.  *See* Dkt. No. 4618.

14                                    **ARGUMENT**

15   **I.    Standard for Rule 54(b) Certification of Final Judgment**

16         Federal Rule of Civil Procedure 54(b) allows a court to enter final judgment as to a single

17   party in a multi-party litigation in certain circumstances.   More specifically, "when multiple

18   parties are involved [in an action], the court may direct entry of a final judgment as to one or

19   more, but fewer than all ... parties only if the court expressly determines that there is no just

20   reason for delay." Fed. R. Civ. P. 54(b).

21         As this Court has recognized, the Supreme Court has interpreted Rule 54(b) to require a

22   district court to make two determinations in assessing whether to grant a Rule 54(b) motion.

23   *United States of America v. Real Property and Improvements Located at 2366 San Pablo*

24   *Avenue, Berkeley, California*, Case No. 13–cv–02027–JST, 2014 WL 4793655, at *1 (Sept. 25,

25   2014 N.D. Cal) (Tigar, J.).   First, the court must determine whether the motion concerns a final

26   judgment.  *Id.* (citing *Curtiss–Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 7–8 (1980)).  "A

27

28   _____

[1] Defendants also moved for summary judgment on MARTA's state law claims, asserting that
MARTA did not have standing to pursue those either.  *Id.*  MARTA subsequently dismissed its
state law claims and that portion of the motion became moot.  *See* Dkt. No. 3226.

judgment is final for the purposes of Rule 54(b) when it 'terminates the litigation between the parties ... and leaves nothing to be done but to enforce by execution what has been determined.'" *Id.* (quoting *Parr v. United States,* 351 U.S. 513, 518 (1956)).

After the district court has determined that the judgment is final, "it must determine whether, in its discretion, any 'just reason for delay' exists." *Id.* "The court does so by balancing judicial administrative interests and the equities involved," and in particular, "'such factors as whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.'" *Id.* (citing and quoting *Curtiss–Wright,* 446 U.S. 8, 8 and 10).

## II.   The Court's Summary Judgment Ruling is a Final Judgment as to MARTA.

The Court's Order is the ultimate disposition of MARTA's claim and thus it is a final judgment as to MARTA.  In its Order, the Court ruled that MARTA lacked standing (1) as a matter of agency law, finding that "MARTA functioned as an agent on behalf of its members and did not have a distinct economic identity in the chain of distribution of CRTs"; and (2) "because it fail[ed] to satisfy the [*Assoc. General Contractors of California v. California State Council of Carpenters*, 459 U.S. 519, 537-44 (1983)] factors" to determine antitrust standing.  Dkt. No. 4742 at 30.  Accordingly, the Court granted Defendants' motion for summary judgment against MARTA.  *Id.* at 31.

The Court's ruling terminates the litigation between MARTA and Defendants and nothing remains to be done but to enforce by execution what the Court has determined.  *Parr*, 351 U.S. at 518.  Thus, where, as here, the Court's decision disposes of all claims asserted by one party, that decision is final as to that party.  *2366 San Pablo Avenue*, 2014 WL 4793655, at *2 (in multi-claimant forfeiture action, order granting motion to strike single claimant from the action for lack of standing was final as to that claimant); *see also Shames v. Hertz Corp.*, No. 07-CV-2174 H(BLM), 2008 WL 4370007, at *1 (Sept. 24, 2008 S.D. Cal.) (in multi-defendant action, order granting motion to dismiss all claims against single defendant was final as to that

defendant).

### III.    There is No Just Reason to Delay Entry of Final Judgment as to MARTA.

There is no just reason to delay entry of final judgment as to MARTA.  The judicial administrative interests weigh in favor of entering final judgment now, and the equities also weigh in favor allowing MARTA to appeal now.

#### A.    The Judicial Administrative Interests Weigh in Favor of Granting Final Judgment as to MARTA Now.

First, there are no judicial administrative interests that preclude the entry of final judgment as to MARTA here.  Any appeal that MARTA brings now would concern the issue of MARTA's standing, which is a discrete issue separate from the merits of the litigation.  The question of MARTA's standing focuses on MARTA's CRT purchases and, more specifically, its position in the chain of CRT distribution, whereas the merits of the litigation focus on Defendants' actions in furtherance of the CRT price-fixing conspiracy.  Moreover, because the question of MARTA's standing is unique to MARTA, there is no chance that there would be a subsequent appeal by a different plaintiff on the same issue.  MARTA is a buying cooperative and, in that regard, it is an entity unlike any of the other retailers and wholesalers that are Direct Action Plaintiffs in the CRT litigation.  Thus, there is no risk of duplicative appeals and entry of final judgment here accordingly "preserves the historic federal policy against piecemeal appeals." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956); *see also Curtiss-Wright Corp.*, 446 U.S. at 8 (Rule 54(b) judgment appropriate where "the claims under review were separable from the others remaining to be adjudicated" and "the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals").

The facts in *2366 San Pablo Avenue* are indistinguishable in this regard and the Court's decision there is equally applicable here.  There, the Court ruled that the question of a forfeiture claimant's standing was a question separate from the merits of the litigation and thus duplicative

appeals were unlikely.  2014 WL 4793655, at *2.  It further found that in any subsequent appeal with respect to the merits of the forfeiture action, the appellate court "would not have to rely on and delve into the same facts and law it relied on to resolve the standing issue."  *Id*. (citing *Noel v. Hall,* 568 F.3d 743, 747 (9th Cir. 2009) (affirming district court's entry of judgment under Rule 54(b) where "the factual bases of many of the claims differ as to each defendant"); *cf. Wood v. GCC Bend, LLC,* 422 F.3d 873 (9th Cir. 2005) (reversing entry of separate judgment because of complete factual overlap between the claim for which final judgment was entered and the extant claims in the district court action)).  This is exactly the case here, where the issue of MARTA's standing is entirely distinct from the merits of the case and an appellate court would not need to delve into the facts and the law concerning the merits in order to make a determination with respect to MARTA's standing.

Moreover, additional judicial administrative interests weigh in favor of entering final judgment as to MARTA now.  The interests of judicial economy would be served by entering judgment as to MARTA now, given that it is possible that an appeal by MARTA now would conclude prior to the trial of PC Richard's and ABC Appliance's claims in the remand court, which would allow MARTA's claim to be tried together with their claims, if MARTA's appeal were successful.  If the Court enters a final judgment as to MARTA under Rule 54(b), MARTA intends to appeal immediately.  The Ninth Circuit has provided guidance stating that it issues a decision in most civil appeals approximately 15-32 months after a notice of appeal is filed.  *See* United States Courts for the Ninth Circuit, Frequently Asked Questions, available at: https://www.ca9.uscourts.gov/content/faq.php.   MARTA would expect its appeal to proceed expeditiously, given the straightforward nature of the single issue for appeal.  P.C. Richard and ABC Appliance anticipate moving for remand once the remaining summary judgment and *Daubert* motions pending against them are resolved.  Once remanded, they will obtain dates for pretrial motion practice and trial based on the remand court's schedule and the schedule of the parties.  In the related *LCD* litigation, the JPML remanded MARTA, P.C. Richard and ABC Appliance to the Eastern District of New York on September 25, 2014 and, following motion practice in the remand court, trial was tentatively scheduled for July 11, 2016—almost 22

1   months after remand—and the possibility remained that the trial date would have been pushed

2   farther out given certain apparent conflicts in the parties' schedules.  MARTA, P.C. Richard and

3   ABC Appliance ultimately settled their LCD claims, and thus a final trial date was not set.

4   Nevertheless, their post-remand trial schedule appears typical of schedules in that district for this

5   type of litigation.  Thus, it is quite possible that MARTA's standing appeal would be resolved in

6   time for it to proceed to trial with P.C. Richard and ABC Appliance in the remand court, if it

7   were successful on appeal.

8        In addition, allowing MARTA to appeal this standing issue now will expedite the

9   resolution of the conflict between this Court's opinion finding that MARTA does not have

10  standing to pursue a federal antitrust claim and Judge Illston's opinion in LCD finding that

11  MARTA does have standing to pursue a federal antitrust claim.  *See In re TFT-LCD (Flat Panel)*

12  *Antitrust Litig.*, MDL No. 1827, No. C 11–4119 SI, 2014 WL 4386740 (Sept. 4, 2014 N.D. Cal.).

13  The facts related to MARTA's purchasing of LCDs and CRTs are indistinguishable and yet this

14  Court and the LCD Court reached opposing conclusions with respect to MARTA's standing.

15  Allowing the Ninth Circuit to clarify the law with respect to MARTA's standing to pursue

16  federal antitrust claims will provide certainty to future litigants.  *Cf. Rollins v. Dignity Health*,

17  Case No. 13–cv–01450–THE, 2014 WL 6693891 (Nov. 26, 2014 N.D. Cal.) (certifying

18  interlocutory appeal pursuant to § 1292(b) appropriate where intra-district conflict exists); *id.* at

19  *5 ("Appellate resolution will provide certainty on the certified legal issue sooner rather than

20  later.").  Although there are no other buying cooperatives that serve as plaintiffs in this litigation,

21  buying cooperatives like MARTA are common and clarifying the law with respect to the

22  principles of standing for such entities thus serves judicial administrative interests.

23        For all of these reasons, judicial administrative interests do not prevent the Court's entry

24  of final judgment as to MARTA here, but rather weigh in favor of doing so.

25        **B. The Equities Weigh in Favor of Entering Final Judgment as to MARTA**
        **Now.**

26

27        In addition, the equities favor allowing MARTA to appeal now, rather than constraining

28  it to wait until after the remand and trial of P.C. Richard's and ABC Appliance's claims to

1   initiate an appeal of this Court's standing ruling.  Allowing the P.C. Richard and ABC Appliance

2   actions to proceed to trial prior to MARTA's appeal would prejudice MARTA and thus the

3   equities are in MARTA's favor.  A trial on P.C. Richard's and ABC Appliance's claims will set

4   precedents on the merits of the case.  MARTA would be unable to participate in that trial, but

5   would likely be affected by the precedent set in a P.C. Richard / ABC Appliance trial if it were to

6   succeed on appeal following such a trial and then proceed to its own separate trial following its

7   appeal.  Thus, the possibility of a second, separate trial as to MARTA is not only a waste of

8   judicial resources, it also serves to prejudice MARTA.  *See 2366 San Pablo Avenue*, 2014 WL

9   4793655, at *3 (citing *Purdy Mobile Homes, Inc. v. Champion Home Builders Co.,* 594 F.2d

10  1313, 1316–17 (9th Cir. 1979) (affirming a finding of no just reason for delay in entry of final

11  judgment as to some claims where issues of law were unsettled because reversal of the district

12  court's judgment likely would result in the need for a second trial).  Additionally, if MARTA

13  were constrained to wait for the P.C. Richard and ABC Appliance cases to be remanded and tried

14  before pursuing an appeal on the standing issue before the Ninth Circuit, rather than pursuing its

15  appeal while the remand process continues, it would unquestionably create a significant delay in

16  MARTA's time to trial.  Given that MARTA initially filed its claim in 2011, the length of time

17  to a separate MARTA trial alone tips the balance of the equities in favor of entry of final

18  judgment as to MARTA now.

19                                  **CONCLUSION**

20          For all of the foregoing reasons, MARTA respectfully requests that the Court grant its

21  motion for Rule 54(b) certification of final judgment as to MARTA.

22

23

24

25

26

27

28

1    DATED:  August 23, 2016

2

3                                            Respectfully submitted,

4                                            /s/  Philip J. Iovieno

5                                            Philip J. Iovieno
                                             Anne M. Nardacci
6                                            BOIES, SCHILLER & FLEXNER LLP
                                             30 South Pearl Street, 11th Floor
7                                            Albany, NY  12207
                                             Telephone:  (518) 434-0600
8                                            Facsimile:   (518) 434-0665
                                             Email:  piovieno@bsfllp.com
9                                            Email:  anardacci@bsfllp.com

10                                           William A. Isaacson
                                             Kyle N. Smith
11                                           BOIES, SCHILLER & FLEXNER LLP
                                             5301 Wisconsin Ave NW, Suite 800
12                                           Washington, D.C. 20015
                                             Telephone: (202) 237-2727
13                                           Fax: (202) 237-6131
                                             Email:  wisaacson@bsfllp.com
14                                           Email:  ksmith@bsfllp.com

15                                           Stuart Singer
                                             BOIES, SCHILLER & FLEXNER LLP
16                                           401 East Las Olas Blvd., Suite 1200
                                             Fort Lauderdale, FL 33301
17                                           Telephone:  (954) 356-0011
                                             Facsimile:   (954) 356-0022
18                                           Email:  ssinger@bsfllp.com

19                                           *Counsel for Plaintiff*
                                             *MARTA Cooperative of America, Inc.*

20

21

22

23

24

25

26

27

28