UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917<br><br>Case No. C-07-5944 JST |
| This Order Relates To:<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514 | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL**<br><br>Re: ECF No. 4758 |

On August 12, 2016, Defendant LG Electronics, Inc. ("LGE") filed a Motion to File Under Seal portions of its Motion for Bifurcation and Bench Trial, as well as related exhibits. ECF No. 4758. The portions sought to be sealed have been designated as confidential by various other parties. See id. at 2. LGE, Sears, Roebuck and Co. ("Sears"), and Kmart Corporation ("Kmart") have filed declarations in support of sealing. ECF Nos. 4758-1, 4794. The Court grants the motion in part and denies the motion in part.

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotations omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). An administrative motion to seal must also fulfill the requirements of Civil Local Rule 79-5(d). "Reference to a stipulation or protective order that

allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A).

With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached. "[A] 'compelling reasons' standard applies to most judicial records.[1] This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 n.7 (1978)). To overcome this strong presumption, the party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." Kamakana, 447 F.3d at 1178–79 (internal citations omitted).

After reviewing LGE's motion to file under seal, the parties' declarations in support of sealing, and the underlying exhibits, the Court concludes that Exhibits C and D, as well as all portions of the redacted Motion for Bifurcation that cite to these exhibits, are properly sealable as confidential business information. Regarding the portions that the Court has concluded are properly sealable, the Court finds that the parties' request is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). The Court also finds that the parties have articulated "compelling reasons" for sealing these portions. See ECF No. 4794 ¶ 8; Apple Inc. v. Samsung Elecs. Co., 727 F.3d 1214, 1226, 1228 (Fed. Cir. 2013).

With regard to each of the other exhibits filed under seal, no party has filed a declaration supporting LGE's motion to seal. Accordingly, the motion is denied with respect to these exhibits, as well as the portions of the Motion to Bifurcate which have been redacted based on these exhibits. The Court will not consider those documents for which the Court has denied LGE's motion to seal unless LGE files the documents in the public record, in conformance with

---

[1] On the other hand, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). Instead, a party need only make a showing under the good cause standard of Rule 26(c) to justify the sealing of the materials. Id. at 1097. A court may, for good cause, keep documents confidential "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

1  this Order, within ten days from the date of this Order.
2       IT IS SO ORDERED.
3  Dated: August 29, 2016

                                                JON S. TIGAR
                                      United States District Judge