# Exhibit 2

HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COSTCO WHOLESALE CORPORATION,

Plaintiff,

v.

AU OPTRONICS CORPORATION, et al.,

Defendants.

CASE NO. C13-1207RAJ

ORDER

This order addresses the court's draft jury instructions and verdict form, and resolves the two issues addressed at the conclusion of trial on Thursday, October 9.

## I.  JURY INSTRUCTIONS & VERDICT FORM

Attached to this order is the court's draft of the instructions it intends to give to the jury at the close of evidence, as well as a draft verdict form.

The parties should review these instructions and the verdict form and be prepared to articulate with specificity any objections at the jury instruction conference. That conference may take place at any time during the final two weeks of trial.

The draft instructions reflect four general principles. First, where Ninth Circuit model instructions are available, the court has adhered to them closely. Second, these instructions are designed to permit the parties to argue their cases to the jury. They are not designed to make the parties' arguments for them. Many of the instructions the parties offered were either pure argument or inserted argument into otherwise neutral instructions of law. Any party with an objection to one or more instructions (or to the

ORDER – 1

failure to give one or more instructions) must be prepared to explain how these draft instructions prevent that party from making an appropriate argument to the jury, and to offer a specific modification that would enable that party to make that argument. Third, the court strongly prefers to reduce the number of instructions the jury must consider, while still giving the jury adequate instruction as to the applicable law. Where possible, the court has combined multiple instructions into a single instruction. Fourth, the court has structured the instructions and particularly the verdict form with an eye toward a possible appeal. If a reviewing court finds errors, the court would like to maximize the likelihood that the remedy for those errors will be a modification of the court's ultimate judgment, not a retrial of this case.

These instructions are a draft, and a draft prepared before the conclusion of trial. The court has made decisions as to the inclusion or exclusion of some instructions based on the evidence presented to date and the court's understanding of the evidence that the parties are likely to present as they conclude this case. The court may make different decisions depending on the evidence presented in the remainder of trial.

With those general comments in mind, the court now offers a few more specific notes about the draft instructions.

Costco raises its antitrust claims both under the Sherman and Clayton Acts and Washington's Consumer Protection Act. With one exception, the parties have identified no differences between the substance of federal law and Washington law as it applies in this case. That exception is Costco's assertion that the FTAIA does not apply to the CPA. Defendants disagree, but the parties have scarcely addressed the dispute, and the court is aware of no binding authority that would resolve it. Rather than resolve that dispute unnecessarily, the court believes that instructing the jury that Washington law does not require proof of an impact on domestic commerce will allow a reviewing court to make appropriate adjustments to the court's judgment if it finds that the FTAIA applies to the CPA or if it finds that the court's interpretation of the FTAIA is incorrect. The

ORDER – 2

Case 4:07-cv-05944-JST Document 4804-2 Filed 08/30/16 Page 4 of 15
Case 2:13-cv-01207-RAJ Document 802 Filed 10/10/14 Page 3 of 4


...

court acknowledges that the CPA is likely at least subject to the limitations on extraterritorial application expressed in *Hartford Fire*, but it believes that Costco can easily satisfy the *Hartford Fire* test in this case. For that reason, these draft instructions include nothing about the *Hartford Fire* test.

The court has attempted in the verdict form to faithfully reproduce the legal names of the dozens of corporations involved in this case, including Defendants, their alleged conspirators, and Costco's vendors. The court urges the parties to consider any agreements that would make the corporate names less cumbersome. The court strongly prefers that the jury not be forced unnecessarily to spend time discerning between the conduct of closely-related, similarly-named corporations.

There are no Ninth Circuit model instructions on antitrust law. The Ninth Circuit notes that there are five sets of model antitrust instructions that "may be helpful." The parties cite these other models liberally, as well as instructions from the Best Buy trial that themselves incorporated many portions of the other models. What the parties did not do often enough is to explain which instructions are the more accurate statement of current law in the Ninth Circuit. If the parties wish to continue to assert their preference for one model instruction (or Best Buy instruction) over another, they should bolster their assertions with citations to binding law.

## II. ISSUES FROM CLOSE OF TRIAL ON OCTOBER 9
### A. Resolving the Application of the Control Exception

The court will follow the proposal it outlined to the parties as to resolving the application of the control exception after the jury's verdict, if necessary. Defendants articulated no specific prejudice to them from that proposal, and instead articulated reasons that the court should direct a verdict in their favor as to the participation of several entities in the conspiracy. The court declines to direct a partial verdict.

The draft jury instructions attached to this order instruct the jury that it may find damages from Costco's purchases of finished products containing LCD panels whose

ORDER – 3

prices were fixed by the conspiracy. That instruction will permit the court, if necessary, to apply the control exception to the jury's verdict before the entry of judgment.

**B.     Evidence of the AUO Criminal Convictions**

The court will permit Costco to introduce the redacted indictment of the AUO entities and executives to the jury as evidence. The court discerns nothing inaccurate about the indictment. It is probably too broad, but as the court has stated repeatedly, it is merely evidence against the AUO Defendants. Those Defendants may introduce whatever evidence they prefer to be more specific about the unlawful conduct of which they were convicted. At a minimum, the jury will receive the redacted indictment that Costco presented on Thursday.

Costco may introduce the redacted indictment separately, or it may work with Defendants to include it in the stipulation the parties have already reached as to the criminal convictions. Dkt. # 577. The parties may also consider the issue that Mr. Brian raised today regarding permitting the jury, with respect to the convictions by plea, to rely solely on the informations, as opposed to the factual basis for the pleas that is contained in the plea agreements of the individual defendants (as opposed to corporate defendants). The parties may consider redacting the individual defendants' plea agreements accordingly.

The parties' proposed instructions reflected their belief that the court should read certain stipulated facts as part of the jury instructions. As should be apparent to the parties now, the court has required them to read (or perhaps summarize, if the stipulation is lengthy) any stipulations to the jury, and admit those stipulations as exhibits. They should do so with any stipulations that the jury has yet to receive.

DATED this 10th day of October, 2014.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Court Judge

ORDER – 4