# Exhibit 6


HOJOON HWANG (State Bar No. 184950)
hojoon.hwang@mto.com
WILLIAM D. TEMKO (State Bar No. 98858)
william.temko@mto.com
JONATHAN E. ALTMAN (State Bar No. 170607)
jonathan.altman@mto.com
BETHANY W. KRISTOVICH (State Bar No. 241891)
bethany.kristovich@mto.com
LAURA K. SULLIVAN (State Bar No. 281542)
laura.sullivan@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:      (415) 512-4077

Attorneys for Defendants LG Electronics, Inc.
and LG Electronics U.S.A., Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) <u>ANTITRUST LITIGATION</u><br><br>This document relates to:<br><br>*Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656;<br><br>*Siegel v. Hitachi, Ltd., et al.* No. 11-cv-05502;<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;<br><br>*Target Corp, et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;<br><br>*Interbond Corporation of America v. Hitachi, et al.*, No. 11-cv-06275;<br><br>*Office Depot, Inc. v. Hitachi Ltd., et al.*, No. 11-cv-06276;<br><br>*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396;<br><br><u>*Costco Wholesale Corporation v. Hitachi,*</u> | Master File No. 3:07-cv-05944-SC<br>MDL No. 1917<br><br>**DEFENDANTS LG ELECTRONICS, INC. AND LG ELECTRONICS U.S.A., INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DIRECT ACTION PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION** |

1 | *Ltd., et al.*, No. 11-cv-06397;

2

3 | *P.C. Richard & Son Long Island Corporation, et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

4 | *Schultze Agency Services, LLC, v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

5

6 | *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

7 | *Dell Inc. and Dell Products L.P. v. Hitachi Ltd., et al.*, No.13-cv-02171;

8

9 | *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;

10 | *Sears, Roebuck & Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05262;

11

12 | *Best Buy Co., Inc., et al. v Technicolor SA, et al.*, No.13-cv-05264;

13 | *Schultze Agency Services, LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

14

15 | *Target Corp., v. Technicolor SA, et al.*, No.13-cv-05686;

16 | *Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;

17

18 | *Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;

19 | *P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

20

21 | *Office Depot, Inc., v. Technicolor SA, et al.*, No. 13-cv-05726;

22

23 | *Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727

24

25

26

27

28

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTIES: | Direct Action Plaintiffs Electrograph Systems, Inc. and Electrograph Technologies Corp.; Alfred H. Siegel, solely as Trustee of the Circuit City Stores, Inc. Liquidating Trust; Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.; Target Corp., Sears, Roebuck, and Co., Kmart Corp.; Interbond Corporation of America; Office Depot, Inc.; CompuCom Systems, Inc.; Costco Wholesale Corporation; P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., and ABC Appliance, Inc.; Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC; Tech Data Corporation and Tech Data Product Management, Inc.; and Dell Inc. and Dell Products L.P. |
| | RESPONDING PARTIES: | LG Electronics, Inc. and LG Electronics U.S.A., Inc. |
| | SET NO.: | ONE |

Pursuant to Federal Rules of Civil Procedure 26 and 36, Defendants LG Electronics, Inc. ("LGEI") and LG Electronics U.S.A., Inc. ("LGEUSA") (collectively, "the LG Defendants"), by and through their counsel of record, hereby object and respond to the First Set of Requests for Admissions (the "RFAs") propounded by Plaintiffs Electrograph Systems, Inc. and Electrograph Technologies Corp.; Alfred H. Siegel, solely as Trustee of the Circuit City Stores, Inc. Liquidating Trust; Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.; Target Corp., Sears, Roebuck, and Co., Kmart Corp.; Interbond Corporation of America; Office Depot, Inc.; CompuCom Systems, Inc.; Costco Wholesale Corporation; P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., and ABC Appliance, Inc.; Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC; Tech Data Corporation and Tech Data Product Management, Inc.; and Dell Inc. and Dell Products L.P. (collectively, "Direct Action Plaintiffs").  Subject to and without waiving any General and Specific Objections as set forth below, the LG Defendants are willing to meet and confer with Direct Action Plaintiffs regarding the responses.

## GENERAL OBJECTIONS AND LIMITATIONS

1. The LG Defendants object to each and every RFA and related definitions and instructions that purport to impose obligations different than or in addition to those imposed by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of California.

2. The LG Defendants object to each and every RFA and related definitions and instructions, and will not produce any information in response, that fall within any relevant privilege, including without limitation the attorney-client privilege, work product doctrine, joint defense privilege, self-critical analysis privilege, common interest doctrine, settlement materials, or trial preparation materials.  To the extent that responsive information or documents are covered by any of these privileges or any other protection from discovery, or any duty of confidentiality that precludes or limits production or disclosure of information, the LG Defendants will not intentionally produce such information in response to any of these interrogatories, and any

inadvertent production thereof shall not be deemed a waiver of any privilege or protection with respect to such information or documents.

3.  No express, incidental, or implied admissions are intended by these Responses and they should not be read or construed as such.

4.  The LG Defendants do not intend, and their Responses should not be construed as, an agreement or acquiescence with any characterization of fact, assumption, or conclusion of law contained in or implied by the RFAs.

5.  The LG Defendants object to each and every RFA and related definitions and instructions to the extent that they are overly broad, unduly burdensome, oppressive, and duplicative to the extent they seek information or documents that are already in the possession, custody, or control of Direct Action Plaintiffs.

6.  The LG Defendants object to the RFAs to the extent they are premature. The LG Defendants have not completed their discovery and preparation in this matter, and their investigation of this case is ongoing.

7.  The LG Defendants object to each and every RFA and related definitions and instructions to the extent that they seek information or documents that reflect, refer, or relate to the criminal grand jury investigation concerning CRTs in contravention of the Court's Order to Extend Limited Discovery Stay, dated October 27, 2010.

8.  The LG Defendants object to each and every RFA and related definitions and instructions to the extent that they seek information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

9.  The LG Defendants object to the RFAs to the extent that they are vague, ambiguous, or susceptible to more than one interpretation.  The LG Defendants shall attempt to construe such vague or ambiguous RFAs so as to provide for the production of relevant information or information designed to lead to the discovery of admissible evidence.  The LG Defendants responded to these RFAs as they interpret and understand them.  If Direct Action Plaintiffs subsequently asserts an interpretation of any RFA that differs from the LG Defendants' understanding, the LG Defendants reserve the right to supplement or amend their Responses.

10. The LG Defendants object to the RFAs to the extent that they contain terms that are insufficiently or imprecisely defined. The LG Defendants shall attempt to construe such vague or ambiguous RFAs so as to provide for the production of relevant information or information designed to lead to the discovery of admissible evidence.

11. The LG Defendants object to each and every RFA and related definitions and instructions to the extent that the information or documents can be obtained independently by Direct Action Plaintiffs with no more burden than would be imposed upon the LG Defendants in searching for, obtaining and/or producing such information or documents. The LG Defendants also object to the extent that any of the RFAs seek information from non-parties or third parties, including but not limited to any of the LG Defendants' subsidiary or affiliated companies.

12. The LG Defendants object to the RFAs to the extent that they seek information that is publicly available, already in Direct Action Plaintiffs' possession, custody, or control, or more readily available from other sources.

13. The LG Defendants object to each and every RFA and related definitions and instructions to the extent that it is cumulative of other RFAs.

14. The LG Defendants object to the RFAs to the extent that responding would require the LG Defendants to violate the privacy and/or confidentiality of a third party or confidentiality agreement with a third party.

15. The LG Defendants object to the RFAs to the extent that they seek information or documents concerning transactions outside the United States and unrelated to United States commerce, as such RFAs are unduly burdensome and beyond the scope of this litigation. The LG Defendants object to the RFAs to the extent that they seek information that is beyond the scope of Section 1 of the Sherman Act, 15 U.S.C. § 1.

16. The LG Defendants object to the RFAs to the extent that compliance would require the LG Defendants to violate the laws, regulations, procedures, or orders of a judicial or regulatory body of foreign jurisdictions.

17. The LG Defendants' Responses, whether now or in the future should not be construed as either (i) a waiver of any of the LG Defendants' general or specific objections or (ii) an admission that such information or documents are either relevant or admissible as evidence.

18. The LG Defendants object to the RFAs to the extent that they state and/or call for legal conclusions.

19. The LG Defendants object to the RFAs to the extent that they contain express or implied assumptions of fact or law with respect to the matters at issue in this case.

20. The LG Defendants' Responses are based upon information available to and located by the LG Defendants as of the date of service of these Responses.  In responding to the RFAs, the LG Defendants state that they have conducted, or will conduct, a diligent search, reasonable in scope, of those files and records in its possession, custody, or control believed to likely contain information responsive to the RFAs.

21. Any production of information in response to the RFAs will be subject to the Stipulated Protective Order entered in this action (Dkt. No. 306).

22. The LG Defendants hereby join the objections made by the other defendants to the RFAs served on them in their action and incorporates such objections by reference herein.

23. The LG Defendants reserve the right to assert additional General and Specific Objections as appropriate to supplement these Objections and Responses.

These General Objections and Limitations apply to each Response to the RFAs as though restated in full in the responses thereto.  The failure to mention any of the foregoing General Objections and Limitations in the specific responses set forth below shall not be deemed as a waiver of such objections or limitations.

### SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS
### DEFINITIONS

1. The LG Defendants object to the definition of "Joint Venture Agreement" as vague and incomplete.

2.     The LG Defendants object to the definition of "relevant period" as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that at all times from the beginning of the relevant period through the present LGEI has held an ownership interest of more than 99% in LGEUSA.

**RESPONSE TO REQUEST NO. 1:**

In addition to the LG Defendants' General Objections, which the LG Defendants incorporate by reference, the LG Defendants specifically object to this Request to the extent it is overly broad, unduly burdensome, and seeks information that is maintained by and equally available to Direct Action or stated in publicly available documents.

Subject to and without waiving their foregoing objections, the LG Defendants admit this Request as to the time period from December 31, 1998 onward.  The LG Defendants deny this Request as to the prior time period.

**REQUEST NO. 2:**

Admit that LGEI acquired a 57.7% ownership interest in Zenith Electronics Corporation in 1995.

**RESPONSE TO REQUEST NO. 2:**

In addition to the LG Defendants' General Objections, which the LG Defendants incorporate by reference, the LG Defendants specifically object to this Request to the extent it is overly broad, unduly burdensome, and seeks information that is maintained by and equally available to Direct Action or stated in publicly available documents.

Subject to and without waiving their foregoing objections, the LG Defendants admit this Request.

**REQUEST NO. 30:**

Admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product manufactured or sold by you.

**RESPONSE TO REQUEST NO. 30:**

In addition to the LG Defendants' General Objections, which the LG Defendants incorporate by reference, the LG Defendants specifically object to this Request to the extent it is overly broad, unduly burdensome, and seeks information that is maintained by and equally available to Direct Action or stated in publicly available documents. The LG Electronics object to the terms "identify" and "used" because they are vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The LG Defendants further object to this Request on the ground that it calls for a legal conclusion.

Subject to and without waiving their foregoing objections, the LG Defendants admit this Request.

**REQUEST NO. 31:**

If your answer to REQUEST NO. 30 is anything other than an unqualified admission, admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product sold by you to Electrograph Systems, Inc., Electrograph Technologies Corp., ActiveLight, Inc., CineLight Corporation, International Computer Graphics, Inc., Champion Vision, Inc., or Coastal Office Products, Inc.

**RESPONSE TO REQUEST NO. 31:**

Not applicable.

**REQUEST NO. 32:**

If your answer to REQUEST NO. 30 is anything other than an unqualified admission, admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product sold by you to Office Depot, Inc., Tech Depot, or Office Max, Inc.

**RESPONSE TO REQUEST NO. 32:**

Not applicable.

**RESPONSE TO REQUEST NO. 45:**

    Not applicable.

DATED: August 29, 2014        MUNGER, TOLLES & OLSON LLP
                                          HOJOON HWANG
                                          WILLIAM D. TEMKO
                                          LAURA K. LIN

                                      By:  /s/ *Laura K. Lin*
                                                LAURA K. LIN

                                    Attorneys for Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc.