Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

Additional Counsel on Signature Pages

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 JST<br>MDL No. 1917 |
| This Document Relates to:<br>Case No. 13-cv-1173-JST (N.D. Cal.)<br><br>SHARP ELECTRONICS CORPORATION; SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>HITACHI, LTD., *et al.*,<br><br>　　　　　Defendants. | **JOINT MOTION FOR ADMINISTRATIVE RELIEF SEEKING ISSUANCE OF PRE-TRIAL SCHEDULE**<br><br>Date: October 18, 2016<br>Time: 2:00 p.m.<br>Courtroom:  9, 19th Floor<br><br>The Honorable Jon S. Tigar |

# I. INTRODUCTION

Over several months, counsel for the remaining parties in the Sharp action have consulted with each other in a good faith effort to create a pre-trial schedule for submission to the Court. As a result of those efforts, the parties have agreed on many issues. The parties, however, disagree on one issue: the parties' pre-trial exchanges of deposition designations.

Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. (together, "Plaintiffs" or "Sharp") propose that the deposition designation process for each side's affirmative case should proceed as follows: (1) The offering side serves its affirmative deposition designations; (2) the opposing side serves its objections and counter-designations to those affirmative deposition designations; and (3) the offering side then serves objections to the counter-designations. Sharp also proposes a staggered approach, recognizing that it has the burden of proof and that its case proceeds first: Sharp proposes that it serve its affirmative designations on September 20, 2016, to begin the process for its case-in-chief. Sharp proposes that Defendants serve their affirmative designations for their case-in-chief on October 18, 2016, to begin their process. Sharp's process for its case-in-chief would end on November 11, 2016 (when the parties had completed steps 1-3 above), and Defendants' process for their case-in-chief would end on December 9, 2016 (when the parties had completed steps 1-3 above).

The defendants (Toshiba, Thomson, and TDA) believe that deposition designations should occur in the following manner (which was agreed to by Sharp in the *LCD* case when Sharp was a defendant): (1) Sharp serves its deposition designations; (2) the defendants serve their deposition designations and their counter deposition designations; (3) Sharp serves counter deposition designations; and then (4) defendants serve counter deposition designations.

Rather than file competing motions seeking the entry of a scheduling order, the parties have agreed to file this joint motion, pursuant to Civil Local Rule 7-11, that sets forth their respective positions. The parties have further agreed that they will file no additional papers

with respect to this issue. The parties request that the Court consider their respective positions set forth below and select one of the accompanying proposed schedules (Exhibits 1 and 2).

## II.     THE PARTIES' ARGUMENTS

### A.     Plaintiffs' Position

Plaintiffs' proposed schedule (Exhibit 1) follows the usual and ordinary practice, whereby the parties each serve affirmative designations reflecting the testimony they would propose to play as part of their case-in-chief. The opposing parties then object and counter-designate testimony. Finally, the offering party provides objections to the counter-designations.

Plaintiffs' proposal gives each side the exact same opportunity with respect to each side's affirmative designations. Defendants' proposal simply builds in (in their step 4) an unexplained extra round for Defendants only to submit additional counter-deposition designations. (It appears that they contemplate no opportunity for Plaintiffs to object to those counter-designations, which of course makes no sense.) This fourth step is improper and unnecessary. There is no justification for Defendants' proposal for Defendants to have a further set of rebuttal designations in response to Plaintiffs' counter-designations. To the extent that Defendants take issue with the propriety of any of Plaintiffs' counter-designations (including for purposes of completeness), that will have been addressed through their objections. Those are due nearly a full month after Plaintiffs' counter-designations.

Plaintiffs' proposal is entirely consistent with available authorities and secondary sources. For instance, the standing orders of many of the judges in the Northern District of California describe affirmative designations, counter-designations, and objections, but none describe any process contemplating further rebuttal designations—much less for only one side.[1] Plaintiffs' approach has also been adopted by multiple published guidelines on trial

---

[1] *See* Hon. William Alsup, *Guidelines for Trial & Final Pretrial Conference in Civil Jury Cases* ¶ 20, Jan. 11, 2016, *available at* http://www.cand.uscourts.gov/whaorders; Hon. Charles R. Breyer, *Guidelines for Trial & Final Pretrial Conference in Civil Jury Cases* ¶ 20, Sept. 6, 2013, *available at* http://www.cand.uscourts.gov/crborders; Hon. Vince Chhabria, *Standing Order for Civil Trials*, Dec. 7, 2015 at 6, *available at* http://www.cand.uscourts.gov/vcorders; Hon. Edward J. Davila, *Standing Order for Civil Cases*

practice.[2] Plaintiffs' approach was also agreed to by both plaintiffs and defendants in the Sears/Kmart action in this MDL, and that stipulation was entered by this Court. (Dkt. Nos. 4776-1, 4781.) Defendants can cite nothing comparable to support their proposal.

Rather, Defendants cite a single instance from an inapposite case. Defendants' citation to the pre-trial schedule ordered in the *LCD* litigation is misplaced, since it involved two separate, complete cycles of affirmative and counter designations: an "initial exchange" and a "supplemental exchange." (Exhibit 3, *In re TFT-LCD*, No. 07-md-01827, slip op. at *2 (N.D. Cal. Apr. 2, 2013). The court's order in that case was determined by the atypical nature of the parties' proposed schedules: the plaintiffs' proposed schedule included a second, "supplemental exchange" for plaintiffs alone, and the defendants argued that they should likewise have a supplemental round so that they could respond to the plaintiffs' supplemental designations. (Exhibit 4, Suppl. Joint Case Mgmt. Statement at 4–6, *In re TFT-LCD*, (N.D. Cal. Mar., 29, 2013) (No. 07-md-01827).) Judge Illston had previously expressed no preference as to whether either party could have a supplemental round, stating at an earlier hearing that, apart from structuring designations in a staggered manner,[3] "I care not really how you do it." (Exhibit 5, Tr. of Proceedings at 11, *In re TFT-LCD*, (N.D. Cal. Mar. 15, 2013)

---

§ III(D)(7), Feb. 12, 2015, *available at* http://www.cand.uscourts.gov/ejdorders; Hon. James Donato, *Standing Order for Civil Jury Trials* ¶ 32, Nov. 24, 2015, *available at* http://www.cand.uscourts.gov/jdorders; Hon. Yvonne Gonzalez Rogers, *Standing Order re: Pretrial Instructions in Civil Cases* ¶¶ 3(e), 6(c), Feb. 9, 2016, *available at* http://www.cand.uscourts.gov/ygrorders; Hon. Phyllis J. Hamilton, *Pretrial Instructions* §§ B(3)(d), B(5), Mar. 21, 2011, *available at* http://www.cand.uscourts.gov/pjhorders (providing that "No replies shall be filed" in connection with counter deposition designations); Hon. Lucy H. Koh, *Jury Pretrial Standing Order* § D(3), Jan. 4, 2011, *available at* http://www.cand.uscourts.gov/lhkorders; Hon. Richard Seeborg, *Jury Trial Standing Order* § D(3), June 12, 2013, *available at* http://www.cand.uscourts.gov/rsorders; Hon. Ronald M. Whyte, *Standing Order re: Pretrial Preparation* §§ B(3), C(3), July 6, 2016, *available at* http://www.cand.uscourts.gov/rmworders.

[2] *See, e.g.*, Heidi K. Brown, FUNDAMENTALS OF FED. LITIG. § 15:75 (June 2009) ("[A]ll counsel are required to designate those portions of the deposition transcripts that they plan to use as evidence at trial. Parties should respond to such pretrial submissions with their own 'counter-designations' of deposition testimony."); Thomas A. Mauet, FUNDAMENTALS OF TRIAL TECHNIQUES § 4:16 (3d ed. July 1992) ("First, advise the court and your opponent which parts of the transcript you intend to read. Opposing counsel should then designate which additional parts he wants to read.").

[3] Sharp's proposal here likewise contemplates staggered exchanges—Plaintiffs offer their affirmative designations first, and then only later do Defendants offer their affirmative designations.

(No. 07-md-01827).) Once Plaintiffs, however, sought a supplemental round, Judge Illston agreed with Defendants that they should have a supplemental round as well. (Exhibit 3, at *2.) The court's order addressing these "supplemental disclosures and designations" has no bearing here, because neither party in this case seeks a supplemental round of affirmative designations.[4]

### B.  Defendants' Position

In order to facilitate fairness and efficiency, defendants propose the following schedule (Exhibit 2) with respect to deposition designations:

- September 20, 2016:   Sharp serves deposition designations.
- October 18, 2016:   Defendants serve deposition designations and counter designations.
- November 11, 2016:   Sharp serves counter designations.
- December 9, 2016:   Defendants serve counter designations.

The above proposal provides each party a fair and equal opportunity to submit and respond to the other parties' designations. Under this procedure, Sharp offers its designations and the defendants respond to them. In order to avoid undue prejudice to either side, there is a second round of exchanges. After the second round of exchanges, the parties will meet and confer, then submit any remaining disputes for the Court's review. This proposal allows all parties an equal chance to submit and respond to the other parties' designations, as well as resolve any disputes prior to submitting them to the Court. On the other hand, Sharp's proposal would eliminate the defendants' opportunity to respond to Sharp's second round of exchanges and would thereby promote waste, not efficiency.

For these reasons, Judge Illston followed this procedure. *See* Exhibit 3 (Order re: Joint Case Management Statement, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-md-01827 (N.D. Cal. Apr. 2, 2013) ("The Court agrees with Defendants that the staggered schedule

---

[4] A second affirmative round is unnecessary, as the parties have reserved rights for reasonable supplementation, subject to objections for unfair surprise or supplements not made in good faith. (*See* Exhibit 1 at 1–2, nn. 1, 6–8.)

should afford Plaintiffs and Defendants each two full rounds of designations . . . .")). Sharp Electronics Corporation was a "Track 1B" defendant in the *TFT-LCD* case. *See* Exhibit 6 at 9 (Best Buy Complaint, dated October 8, 2010, naming Sharp Electronics Corporation as a defendant); Exhibit 7 at 1-2 (order granting Best Buy's motion to consolidate) (noting that Best Buy's October 8, 2010 complaint "is in Track 1B"). Sharp Electronics Corporation, along with other Track 1B defendants, proposed and advocated for a staggered two-round approach to deposition designation exchanges. *See* Exhibit 4 at 5 (supplemental joint case management conference statement) (Track 1B defendants' position: "The Defendants propose a staggered approach in line with the Court's guidance, as follows"). The procedure that was acceptable to Sharp as a defendant should be equally acceptable to Sharp as a plaintiff.

During a meet-and-confer with the defendants in this case, Sharp contended that the defendants' proposed procedure would result in an unending cycle of exchanges. This contention is incorrect. Following Sharp's procedure would result in the defendants having to wait to raise any issues with Sharp's second round of designations. This not only provides an unequal opportunity for the defendants to respond, it also increases the likelihood of delay and inefficiency.

During a meet-and-confer with the defendants, Sharp also asserted that its proposal is "the standard." On the contrary, the Civil Local Rules permit the Court to establish in any case management order deadlines for, among other things, "activities appropriate in the management of the case, including use of procedures set forth in the Manual for Complex Litigation." Civil L.R. 16-10(b)(15). The Manual for Complex Litigation states that "each party should designate those portions of depositions it intends to read at trial," and that "[u]sing this information, other counsel can designate additional portions, if any, to be read. . . . *The parties should repeat this series of exchanges until they have designated the portions to be offered.*" Manual for Complex Litigation, Fourth, § 12.332 (emphasis added). The defendants' proposal follows this recommended process.

### III.  CONCLUSION

For these reasons, the parties respectfully request that the Court enter as an order either the pre-trial schedule proposed by the Sharp plaintiffs (Exhibit 1 (proposed order attached as Exhibit 9)) or the pre-trial schedule proposed by the Toshiba, Thomson and TDA defendants (Exhibit 2 (proposed order attached as Exhibit 10)).

Dated:  August 31, 2016

Respectfully submitted,

WHITE & CASE LLP

By: */s/ Lucius B. Lau*
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.*

/s/ *Kathy L. Osborn*
Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: +1-317-237-0300
Facsimile: +1-317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

| | |
|---|---|
| 1 | |
| 2 | Jeffrey S. Roberts (*pro hac vice*) |
|   | Faegre Baker Daniels LLP |
| 3 | 3200 Wells Fargo Center |
|   | 1700 Lincoln Street |
| 4 | Denver, CO  80203 |
|   | Telephone: +1-303-607-3500 |
| 5 | Facsimile:  +1-303-607-3600 |
|   | jeff.roberts@FaegreBD.com |
| 6 | |
| 7 | Calvin L. Litsey (SBN 289659) Faegre Baker Daniels LLP |
| 8 | 1950 University Avenue, Suite 450 |
|   | East Palo Alto, CA  94303-2279 |
| 9 | Telephone: +1-650-324-6700 |
|   | Facsimile: +1-650-324-6701 |
| 10 | calvin.litsey@FaegreBD.com |
| 11 | |
| 12 | *Attorneys for Defendants Thomson SA and Thomson Consumer Electronics,* |
| 13 | *Inc.* |
| 14 | |
| 15 | By:  */s/ Donald A. Wall* |
|    | DONALD A. WALL (*pro hac vice*) |
| 16 | Email: donald.wall@squirepb.com |
|    | SQUIRE PATTON BOGGS (US) LLP |
| 17 | 1 East Washington Street, Suite 2700 |
| 18 | Phoenix, Arizona 85004 |
|    | Telephone: (602) 528-4000 |
| 19 | Facsimile: (602) 253-8129 |
| 20 | |
| 21 | *Attorneys for Defendant Technologies Displays Americas LLC* |
| 22 | |
| 23 | |
| 24 | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| 25 | |
| 26 | By: */s/ Craig A. Benson* |
|    | Kenneth A. Gallo (pro hac vice) |
| 27 | Joseph J. Simons (pro hac vice) |
|    | Craig A. Benson (pro hac vice) |
| 28 | |

JOINT MOTION FOR ADMINISTRATIVE RELIEF
SEEKING ISSUANCE OF PRE-TRIAL SCHEDULE
Case No. 07-5944 JST; MDL No. 1917
7

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Tel: (202) 223-7300
Fax: (202) 223-7420
Email: kgallo@paulweiss.com
       jsimons@paulweiss.com
       cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Tel: (415) 788-8200
Fax: (415) 788-8208
Email: staylor@tcolaw.com
       jpatchen@tcolaw.com

*Counsel for Sharp Electronics Corporation; Sharp Electronics Manufacturing Company of America, Inc.*

**ATTESTATION**

I, Lucius B. Lau, am the ECF user whose ID and password are being used to file the above Joint Case Management Conference Statement. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each listed counsel above has concurred in this filing.

*/s/ Lucius B. Lau*
Lucius B. Lau

**CERTIFICATE OF SERVICE**

On August 31, 2016, I caused a copy of the "JOINT MOTION FOR ADMINISTRATIVE RELIEF SEEKING ISSUANCE OF PRE-TRIAL SCHEDULE" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

By: <u>  /s/ Lucius B. Lau             </u>
Lucius B. Lau