# EXHIBIT 4

1    [Counsel Listed on Signature Page]

2

3

4

5

6

7                         **UNITED STATES DISTRICT COURT**

8         **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

9

| | |
|---|---|
| 10   IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | CASE NO. 07-md-1827-SI |
| 11   | CASE NO. 10-CV-4572 |
|      | CASE NO. 11-CV-00058 |
| 12   | CASE NO. 10-CV-00117 |
|      | CASE NO. 10-CV-5452 |
| 13   | CASE NO. 09-CV-5840 |
|      | CASE NO. 10-CV-4945 |
| 14   | CASE NO. 12-CV-4114 |

15

16   MDL No. 1827

17   This Documents Relates To:                    CLASS ACTION

18   *Best Buy v. AU Optronics Corp. et al,*        **SUPPLEMENTAL JOINT CASE**
     Case No. 10-CV-4572,                           **MANAGEMENT CONFERENCE**
19                                                  **STATEMENT**
     *Best Buy v. Toshiba Corp. et al*
20   Case No. 12-CV-4114                            Courtroom:     10, 19th Floor
                                                    Judge:         Honorable Susan Illston
21   *Costco Wholesale Corporation v. AU Optronics*
     *Corp. et al.*, Case No. 11-CV-00058
22
     *Electrograph Systems, Inc. v. Epson Imaging*
23   *Devices Corp. et al.*, Case No. 10-CV-00117

24   *Eastman Kodak Company v. Epson Imaging*
     *Devices Corp. et al.,* Case No. 10-CV-5452
25

26   *Motorola Mobility Inc. v. AU Optronics Corp. et*
     *al.,* Case No. 09-CV-5840
27
     *Target Corp, et. al.,* v. *AU Optronics Corp. et al.,*
28   Case No. 10-CV-4945

1    **SUPPLEMENTAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

2    **FOLLOWING MARCH 15, 2013 CASE MANAGEMENT CONFERENCE**

3           The Track 1 Direct Action Plaintiffs and Defendants submit this Supplemental Joint Case

4    Management Conference Statement following the Court's instruction at the March 15, 2013 Case

5    Management Conference.

6    **I.     Track 1B Pretrial Schedule.**

7           At the Case Management Conference on March 15, the Court instructed the parties to

8    meet and confer on the pre-trial schedule for the remaining Track 1 cases, including both the

9    remand cases and the Track 1B cases set for trial in this Court on July 22, 2013.  The parties

10   have done so and have stipulated to a number of pre-trial dates for the Track 1B cases.  However,

11   the parties require the Court's assistance on one remaining issue.

12          The parties agree to the following deadlines:

13
14

| Action | 1st Exchange | 2nd Exchange | 3rd Exchange | Filing date | Hearing |
|---|---|---|---|---|---|
| **Joint Set of Jury Instructions** | May 28 | June 10 | June 18 | June 25 | |
| **Preliminary Statement & Instructions** | May 28 | June 10 | June 18 | June 25 | |
| **Joint Pretrial Conference Statement** | June 10 | June 18 | | June 25 | |
| **Jury Questionnaire** | June 10 | June 18 | June 21 | June 25 | |
| **Verdict Forms** | June 18 | June 21 | | June 25 | |
| **In Limines:    Motions** | | | | June 18 | July 9 |
| **Oppositions** | | | | July 2 | |

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28

*In re TFT-LCD (Flat Panel) Antitrust Litigation*
Case No.07-md-1827 SI

DCACTIVE-22854456.2

| Action | | | | Filing date | Hearing |
|---|---|---|---|---|---|
| *Daubert* Motions [1]: Motions | | | | May 3 | June 6[2] |
| Oppositions | | | | May 17 | |
| Replies | | | | May 24 | |

The parties have also agreed to the dates for the Plaintiffs' disclosure of witness lists,

exhibit lists, deposition designations, and written discovery designations, as well as the

subsequent Defendant disclosure deadline for those lists and designations.  However, the parties

disagree on the dates and structure of supplemental disclosures and designations in the Track 1B

cases.  The parties' positions are set forth below.

      **A.**      **Plaintiffs' Position—Witness Lists, Exhibit Lists, Written Discovery**

           **Designations, and Deposition Designations.**

At the March 15 Case Management Conference, the Court stated

> I think it will be more efficient and targeted if the Plaintiffs have filing dates, and
> then the Defendants have filing dates.  And I think, as you've proposed it, then
> there's more Plaintiffs' filing dates and more Defense filing dates.  I care not
> really how you do it.  If the question is should it be staggered or not, I agree with
> the Defense that it should be staggered.

> So, basically, the Plaintiffs will put it out there, and the Defendants will have an
> opportunity to see that and know who they want to add and how they want to
> react to that.  I think that makes sense.

(Tr. at 10:25-11:10)  To that end, Plaintiffs proposed a staggered approach as follows:

---

[1] Pursuant to the Court's Order dated November 13, 2012, this *Daubert* motion schedule applies
to "any *Daubert* motions directed at the experts who will testify at the [Track 1B] trial . . . and []
if those same experts are testifying in the cases to be remanded, the Court will rule on the
*Daubert* motions prior to remanding those cases.  If a defendant does not intend to challenge an
expert who will testify at the [Track 1B] trial, but does intend to challenge that same expert in a
remanded case, that defendant need not file a *Daubert* motion in this Court."

[2] Pursuant to the standard briefing schedule, the hearing for a motion filed on May 3 would be
set on June 7.  However, the Court has notified the parties that the Court will be closed on June 7
as part of the FY 2013 furlough period.  The parties therefore request that the Court set the
hearing date on Thursday, June 6, and have agreed to a shorter reply brief period so as not to
inconvenience the Court.  If June 6 is not an available hearing date, the parties request that the
Court set the hearing for the next available hearing date.

DCACTIVE-22854456.2

| Action | Plaintiff | Defendant | Plaintiffs Suppl. Exchange | Filing date | Hearing |
|---|---|---|---|---|---|
| **Witness lists** | Apr 30 | May 7 | May 14 | June 25 | July 9 |
| **Exhibit lists** | May 21 | June 4 | June 18 | June 25 | July 9 |
| **Deposition designations** | May 21 | June 4 | June 18 | June 25 | July 9 |
| **Written discovery designations** | May 21 | June 4 | June 18 | June 25 | July 9 |

Plaintiffs' proposal, a typical staggered approach, provides Defendants with what they requested at the Case Management Conference, namely a schedule "where pre-trial disclosures are staggered so that the Defendants may efficiently respond to the Plaintiffs' case-in-chief." (March 15, 2013 CMC statement at 5.) And, it provides Plaintiffs the opportunity to respond to Defendants' case-in-chief designations.

Defendants agree with the dates for the first two rounds of Plaintiffs' proposed schedule, but want to move the Plaintiffs' supplemental exchange to June 11 and include a supplemental round of Defendant designations on June 18. In the meet and confer, Defendants expressed a concern that Plaintiffs might raise something new in their supplemental designations that is not responsive to the Defendants' case in chief. But, that logic could lead to endless rounds of staggered exchanges; Plaintiffs would then need a third round of supplemental disclosures in case Defendants raise new issues. There is no justification for a fourth exchange. And, Defendants are not without recourse. If they believe that Plaintiffs have designated new material that bears no relation to Defendants' disclosures, the issue can be raised at the pre-trial conference. Plaintiffs respectfully request that the Court adopt Plaintiffs' proposed schedule.

**B.** **Defendants' Position—Witness Lists, Exhibit Lists, Written Discovery Designations, and Deposition Designations.**

Defendants submit that the Court squarely addressed the issue of pre-trial disclosures in favor of staggered exchanges at the March 15, 2013 Case Management Conference. (Tr. at 10:20--24 ("The Plaintiffs would like simultaneous exchanges of witness list, exhibit list,

*In re TFT-LCD (Flat Panel) Antitrust Litigation*
Case No.07-md-1827 SI

DCACTIVE-22854456.2

deposition designations, and written discovery designations.  The Defendants propose a

staggered – a staggered exchange.  I agree with the defense.").)  The Court also made clear that

the purpose of the staggered approach is to give the defense the opportunity to react to the

Plaintiffs' submissions.  (Tr. at 11:7-10 ("So, basically, the Plaintiffs will put it out there, and the

Defendants will have an opportunity to see that and know who they want to add and how they

want to react to that.  I think that makes sense.").)  The Plaintiffs, however, have come forward

with a proposal that disregards the Court's decision for the subsequent exchanges and eliminates

the ability of the Defendants to react to the Plaintiffs' disclosures.

The Defendants propose a staggered approach in line with the Court's guidance, as

follows:

| Action | Plaintiff | Defendant | Pl. Suppl. Exchange | Def. Suppl. Exchange | Filing date | Hearing |
|---|---|---|---|---|---|---|
| Witness lists | Apr 30 | May 7 | May 14 | May 21 | June 25 | July 9 |
| Exhibit lists | May 21 | June 4 | June 11 | June 18 | June 25 | July 9 |
| Deposition designations | May 21 | June 4 | June 11 | June 18 | June 25 | July 9 |
| Written discovery designations | May 21 | June 4 | June 11 | June 18 | June 25 | July 9 |

The Defendants' proposed approach is also fair and efficient.  The first exchange by the

parties comports precisely with the Court's ruling:  the Plaintiffs will set forth their documentary

evidence, and the Defendants will react to it.  So that there is no prejudice to either side, there

will be a second round of exchanges, which also proceeds in line with the Court's instructions

with the Plaintiffs making their disclosures and the Defendants responding to them.  After the

conclusion of these two rounds, exhibit lists and designations will be submitted for the Court's

review.  The Plaintiffs' suggestion that there would be "endless rounds of staggered exchanges"

is incorrect.  The Defendants' proposal allows all parties a fair opportunity to submit their

*In re TFT-LCD (Flat Panel) Antitrust Litigation*
Case No.07-md-1827 SI

DCACTIVE-22854456.2

1   respective cases in advance of the pre-trial conference statement.  The Plaintiffs' proposal seeks

2   to eliminate the Defendants' ability to respond in the second round of exchanges.

3          The Defendants' proposal also avoids delay and promotes efficiency.  The Plaintiffs

4   argue that rather than giving the Defendants a responsive exchange on June 18, the Defendants

5   should wait until the pre-trial conference on July 9 to raise any issues.  By forcing Defendants to

6   wait an additional three weeks to raise any issues, Plaintiffs' approach only increases the odds of

7   delay and inefficiency.

8          For these reasons, the Defendants respectfully request a staggered pre-trial disclosures

9   schedule consistent with the Court's ruling.

10  / / /

11  / / /

12  / / /

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

*In re TFT-LCD (Flat Panel) Antitrust Litigation*
Case No.07-md-1827 SI

DCACTIVE-22854456.2

## II.      Best Buy v. Toshiba Action

Best Buy and Toshiba have agreed to the following schedule for summary judgment and *Daubert* motions that are specific to the *Best Buy v. Toshiba* action, and request that the Court enter an Order to that effect:

| Action | Date |
|---|---|
| **Opening Summary Judgment and *Daubert* Motions** | May 14 |
| **Summary Judgment and *Daubert* Oppositions** | May 28 |
| **Summary Judgment and *Daubert* Replies** | June 5 |
| **Hearing** | June 14 |

**ATTESTATION**:  Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this document has been obtained from each of the signatories.

Dated:  March 29, 2013                                    Respectfully submitted,


By:    */s/ Jason C. Murray*

Jason C. Murray (CA Bar No. 169806)
Janet I. Levine (CA Bar No. 94255)
Joshua C. Stokes (CA Bar No. 220214)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone:  213-622-4750
Facsimile:    213-622-2690
Email: jmurray@crowell.com
         jlevine@crowell.com
         jstokes@crowell.com

Jeffrey H. Howard (*pro hac vice*)
Jerome A. Murphy (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  202-624-2500
Facsimile:  202-628-5116
Email: jhoward@crowell.com
         jmurphy@crowell.com

*In re TFT-LCD (Flat Panel) Antitrust Litigation*
Case No.07-md-1827 SI

DCACTIVE-22854456.2

1

2      Kenneth L. Adams (*pro hac vice*)
       R. Bruce Holcomb (*pro hac vice*)
3      Christopher T. Leonardo (*pro hac vice*)
       ADAMS HOLCOMB LLP
       1875 Eye Street NW
4      Washington, DC 20006
       Telephone:  202-580-8822
5      Facsimile: 202-580-8821
       Email: adams@adamsholcomb.com
6              holcomb@adamsholcomb.com
               leonardo@adamsholcomb.com
7
       *Attorneys for Plaintiffs Target Corporation;*
8      *Sears, Roebuck & Co; Kmart Corp.;*
       *RadioShack Corp., Old Comp, Inc.;*
9      *Newegg, Inc., Good Guys Inc.; and*
       *Motorola Mobility, Inc.; and Liaison*
10     *Counsel for Direct Action Plaintiffs*

11

12     By: /s/ Christopher M. Curran

13     Christopher M. Curran (pro hac vice)
14     Email:  ccurran@whitecase.com
       J. Mark Gidley (pro hac vice)
15     Email: mgidley@whitecase.com
       Martin M. Toto (pro hac vice)
16     Email:  mtoto@whitecase.com
       John H. Chung (pro hac vice)
17     Email: jchung@whitecase.com

18     **WHITE & CASE** LLP
       1155 Avenue of the Americas
19     New York, NY 10036
       Telephone:     (212) 819-8200
20     Facsimile:     (212) 354-8113

21
       *Attorneys for Toshiba Corporation, Toshiba*
22     *Mobile Display Co., Ltd., Toshiba America*
       *Electronic Components, Inc. and Toshiba*
23     *America Information Systems, Inc. and on*
       *behalf of all Track 1B Defendant*
24

25

26

27

28

DCACTIVE-22854456.2