# EXHIBIT 5

PAGES 1 – 21

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE SUSAN ILLSTON

IN RE:  TFT-LCD (FLAT PANEL)          )  SAN FRANCISCO, CALIFORNIA
ANTITRUST LITIGATION                  )
                                      )  MDL 07-1827 SI
                                      )
                                      )  FRIDAY
_____)  MARCH 15, 2013


**TRANSCRIPT OF PROCEEDINGS**


**APPEARANCES:**

**FOR DIRECT PURCHASER**    BOIES, SCHILLER & FLEXNER
**PLAINTIFFS**              10 N. PEARL STREET
                            FOURTH FLOOR
                            ALBANY, NEW YORK  12207
                        BY: **PHILIP IOVIENO, ESQUIRE**
                            **CHRIS FENLON, ESQUIRE**
                            (APPEARING TELEPHONICALLY)


                            CROWELL & MORING
                            1001 PENNSYLVANIA AVENUE N.W.
                            WASHINGTON, D.C.  20004
                        BY: **JEFFREY H. HOWARD, ESQUIRE**
                            **JEROME A. MURPHY, ESQUIRE**



(FURTHER APPEARANCES ON FOLLOWING PAGES)



*REPORTED BY:  JOAN MARIE COLUMBINI, CSR #5435, RPR*
*              OFFICIAL COURT REPORTER, U.S. DISTRICT COURT*

**APPEARANCES (CONTINUED):**


**FOR DIRECT PURCHASER**    CROWELL & MORING
**PLAINTIFFS**    515 SOUTH FLOWER STREET
    40TH FLOOR
    LOS ANGELES, CALIFORNIA  90071
    BY:  **JASON C. MURRAY, ESQUIRE**
    **JANET IRENE LEVINE, ESQUIRE**
    **JOSHUA STOKES, ESQUIRE** (TELEPHONICALLY)


    SUSMAN GODFREY
    1201 THIRD AVENUE
    SUITE 3800
    SEATTLE, WASHINGTON  98101
    BY:  **BROOK TAYLOR, ESQUIRE**
    **JORDAN CONNORS, ESQUIRE**


    SUSMAN GODFREY
    1901 AVENUE OF THE STARS
    SUITE 950
    LOS ANGELES, CALIFORNIA  90067
    BY:  **STEVEN SKLAVER, ESQUIRE**
    (APPEARING TELEPHONICALLY)


    DIAMOND MCCARTHY, LLP
    1201 ELM STREET
    34TH FLOOR
    DALLAS, TEXAS  75270
    BY:  **JIM MCCARTHY, ESQUIRE**
    (APPEARING TELEPHONICALLY)


    ROBINS, KAPLAN, MILLER & CIRESI
    2049 CENTURY PARK EAST
    SUITE 3400
    LOS ANGELES, CALIFORNIA  90067
    BY:  **ROMAN M. SILBERFELD, ESQUIRE**


(FURTHER APPEARANCES CONTINUED ON FOLLOWING PAGES)

**APPEARANCES (CONTINUED):**

| | |
|---|---|
| **FOR DIRECT PURCHASER PLAINTIFFS** | ROBINS, KAPLAN, MILLER & CIRESI<br>2049 CENTURY PARK EAST<br>SUITE 3400<br>LOS ANGELES, CALIFORNIA  90067<br>BY:  **DAVID MARTINEZ, ESQUIRE<br>LAURA NELSON, ESQUIRE**<br>(APPEARING TELEPHONICALLY) |
| **FOR INDIRECT PURCHASER PLAINTIFFS** | PERKINS COIE, LLP<br>1201 THIRD AVENUE<br>SUITE 4800<br>SEATTLE, WASHINGTON  98101<br>BY:  **CORI GORDON MOORE, ESQUIRE<br>NICHOLAS HESTERBERG, ESQUIRE** |
| | NIXON PEABODY, LLP<br>ONE EMBARCADERO CENTER<br>18TH FLOOR<br>SAN FRANCISCO, CALIFORNIA  94111<br>BY:  **KARL D. BELGUM, ESQUIRE** |
| **FOR PLAINTIFFS** | CARLTON FIELDS, PA<br>525 OKEECHOBEE BOULEVARD<br>WEST PALM BEACH, FLORIDA  33401<br>BY:  **DAVID B. ESAU, ESQUIRE**<br>(APPEARING TELEPHONICALLY) |
| | BILZIN, SUMBERG, BAENA, PRICE &<br>  AXELROD, LLP<br>200 SOUTH BISCAYNE BOULEVARD<br>SUITE 2500<br>MIAMI, FLORIDA  33131<br>BY:  **SCOTT N. WAGNER, ESQUIRE**<br>(APPEARING TELEPHONICALLY) |

(FURTHER APPEARANCES ON FOLLOWING PAGES)

**APPEARANCES (CONTINUED):**


**FOR PLAINTIFFS**          HAGLUND, KELLEY, HORNGREN, JONES &
                               WILDER, LLP
                           200 S.W. MARKET STREET
                           SUITE 1777
                           PORTLAND, OREGON  97201
                  BY:  **MICHAEL G. NEFF, ESQUIRE**
                           (APPEARING TELEPHONICALLY)


                           ADAMS HOLCOMB, LLP
                           1875 EYE STREET NW
                           SUITE 810
                           WASHINGTON, D.C.  20006
                  BY:  **KENNETH ADAMS, ESQUIRE**
                           **CHRISTOPHER T. LEONARDO, ESQUIRE**
                           (APPEARING TELEPHONICALLY)


                           OREGON DEPARTMENT OF JUSTICE
                           FINANCIAL FRAUD/CONSUMER PROTECTION
                           1162 COURT STREET NE
                           SALEM, OREGON  97301
                  BY:  **TIM DAVID NORD, ESQUIRE**
                           (APPEARING TELEPHONICALLY)


**FOR LG DISPLAY**          PAUL HASTINGS, LLP
                           55 SECOND STREET
                           SAN FRANCISCO, CALIFORNIA  94105
                  BY:  **KEVIN C. MCCANN, ESQUIRE**


                           MUNGER, TOLLES, OLSON, LLP
                           560 MISSION STREET
                           27TH FLOOR
                           SAN FRANCISCO, CALIFORNIA  94105
                  BY:  **JEROME ROTH, ESQUIRE**
                           **KYLE MACH, ESQUIRE**


(FURTHER APPEARANCES ON FOLLOWING PAGES)

**APPEARANCES (CONTINUED):**


FOR LG DISPLAY              MUNGER, TOLLES, OLSON, LLP
                           355 S. GRAND AVENUE
                           LOS ANGELES, CALIFORNIA  90071
                     BY:   **TRUC THANH DO, ESQUIRE**


                           SIMPSON, THACHER & BARTLETT, LLP
                           1999 AVENUE OF THE STARS
                           29TH FLOOR
                           LOS ANGELES, CALIFORNIA  90067
                     BY:   **CHET A. KRONENBERG, ESQUIRE**
                           (APPEARING TELEPHONICALLY)


FOR TOSHIBA                WHITE & CASE
                           701 THIRTEENTH STREET N.W.
                           WASHINGTON, DC 20005
                     BY:   **CHRISTOPHER M. CURRAN, ESQUIRE**
                           **MARTIN TOTO, ESQUIRE** (TELEPHONICALLY)


FOR SAMSUNG                COVINGTON & BURLING, LLP
                           ONE FIRST STREET
                           SAN FRANCISCO, CALIFORNIA  94111
                     BY:   **JEFFREY DAVIDSON, ESQUIRE**


                           SHEPPARD, MULLIN, RICHTER & HAMPTON
                           FOUR EMBARCADERO CENTER
                           17TH FLOOR
                           SAN FRANCISCO, CALIFORNIA  94111
                     BY:   **JAMES L. MCGINNIS, ESQUIRE**


FOR CHUNGHWA               GIBSON, DUNN & CRUTCHER
                           555 MISSION STREET
                           SAN FRANCISCO, CALIFORNIA  94105
                     BY:   **JOEL SANDERS, ESQUIRE**


(FURTHER APPEARANCES ON FOLLOWING PAGES)

**APPEARANCES (CONTINUED):**


**FOR HITACHI**              MORGAN, LEWIS & BOCKIUS, LLP
                             ONE MARKET SPEAR STREET TOWER
                             SAN FRANCISCO, CALIFORNIA  94105
                        BY:  **HERMAN J. HOYING, ESQUIRE**


**FOR SHARP CORPORATION**    PAUL, WEISS, RIFKIND, WHARTON &
                                GARRISON, OLSON, LLP
                             2001 K STREET, NW
                             WASHINGTON, D.C. 20006
                        BY:  **CRAIG A. BENSON, ESQUIRE**


**FOR CHIMEI INNOLUX**       DAVIS, POLK & WARDWELL, LLP
                             1600 EL CAMINO REAL
                             MENLO PARK, CALIFORNIA  94025
                        BY:  **MATTHEW B. LEHR, ESQUIRE**
                             **NEAL A. POTISCHMAN, ESQUIRE**


                             HILLIS, CLARK, MARTIN, PETERSON
                             1221 SECOND AVENUE
                             SUITE 500
                             SEATTLE, WASHINGTON  98101
                        BY:  **MICHAEL RAMSEY SCOTT, ESQUIRE**


                             SIMPSON, THACHER, & BARTLETT, LLP
                             2475 HANOVER STREET
                             PALO ALTO, CALIFORNIA  94304
                        BY:  **JASON M. BUSSYE, ESQUIRE**


**FOR AU OPTRONICS**         NOSSAMAN, LLP
                             50 CALIFORNIA STREET
                             34TH FLOOR
                             SAN FRANCISCO, CALIFORNIA  94111
                        BY:  **CARL L. BLUMENSTEIN, ESQUIRE**


(FURTHER APPEARANCES ON FOLLOWING PAGES)

**APPEARANCES (CONTINUED):**

**FOR HANNSTAR DISPLAY**          FREITAS, TSENG & KAUFMAN, LLP
                                  100 MARINE PARKWAY
                                  SUITE 200
                                  REDWOOD SHORES, CALIFORNIA  94065
                            BY:   **ROBERT E. FREITAS, ESQUIRE**
                                  **JASON S. ANGELL, ESQUIRE**


**FOR SANYO CONSUMER**            DAVIS, WRIGHT, TREMAINE, LLP
**ELECTRONICS**                   505 MONTGOMERY STREET
                                  SUITE 800
                                  SAN FRANCISCO, CALIFORNIA  94111
                            BY:   **SANJAY NANGIA, ESQUIRE**
                                  **ALLISON A. DAVIS, ESQUIRE**


                                  DAVIS, WRIGHT, TREMAINE, LLP
                                  777 108TH AVENUE NE
                                  SUITE 2300
                                  BELLEVUE, WASHINGTON  98004
                            BY:   **NICK STEVEN VERWOLF, ESQUIRE**
                                  (APPEARING TELEPHONICALLY)


**FOR EPSON**                     MORRISON & FOERSTER, LLP
                                  425 MARKET STREET
                                  SAN FRANCISCO, CALIFORNIA  94105
                            BY:   **STEPHEN P. FRECCERO, ESQUIRE**


**FOR SHARP**                     PILLSBURY, WINTHROP, SHAW, PITTMAN
                                  FOUR EMBARCADERO CENTER
                                  22ND FLOOR
                                  SAN FRANCISCO, CALIFORNIA  94111
                            BY:   **JACOB R. SORENSEN, ESQUIRE**


(FURTHER APPEARANCES ON FOLLOWING PAGE)

**APPEARANCES (CONTINUED):**

**FOR SHARP**                    ROBINS, KAPLAN, MILLER & CIRESI
                                 2049 CENTURY PARK EAST
                                 SUITE 3400
                                 LOS ANGELES, CALIFORNIA  90067
                        **BY:  DAVID MARTINEZ, ESQUIRE**
                             **LAURA NELSON, ESQUIRE**
                                 (APPEARING TELEPHONICALLY)


**FOR MITSUI & CO.**             BAKER HOSTETLER, LLP
                                 PNC CENTER
                                 1900 EAST NINTH STREET
                                 SUITE 320
                                 CLEVELAND, OHIO  44114
                        **BY:  MICHAEL E. MUMFORD, ESQUIRE**
                                 (APPEARING TELEPHONICALLY)


**FOR PHILIPS**                  SULLIVAN & CROMWELL
**ELECTRONICS NORTH**            1870 EMBARCADERO ROAD
**AMERICA**                      PALO ALTO, CALIFORNIA  94303
                        **BY:  ASEL M. ALIYASOVA, ESQUIRE**
                                 (APPEARING TELEPHONICALLY)

|    |                                                             |
|----|-------------------------------------------------------------|
| 1  | **PROCEEDINGS; FRIDAY, MARCH 15, 2013** |
| 2  | |
| 3  | **THE CLERK:**  CALLING 07 MD 1827 AND VARIOUS RELATED |
| 4  | CASES. |
| 5  | JUDGE, THEY'VE SIGNED IN ON THE CHECK-IN SHEET, AND I |
| 6  | HAVE ATTORNEYS ON THE PHONE. |
| 7  | **THE COURT:**  WELCOME TO EVERYONE.  THANK YOU FOR |
| 8  | GATHERING. |
| 9  | I HAVE REVIEWED THE MATERIALS THAT YOU HAVE ALL |
| 10 | SUBMITTED, AND I CAN TELL YOU SOME THINGS, AND THEN I'M GOING |
| 11 | TO ALLOW YOU TO DISCUSS OTHER THINGS.  TO ME THE MOST CENTRAL |
| 12 | THING THAT I WANTED TO SHARE WITH YOU IS -- AND THIS I'M |
| 13 | SPEAKING NOW OF THE TRACK 1B CASES, THE CASES THAT ARE SET FOR |
| 14 | TRIAL. |
| 15 | I HAVE ALSO RECENTLY BEEN REQUIRED TO SET TWO SHORT |
| 16 | CRIMINAL TRIALS IN JUNE, ONE ON JUNE 17TH AND ONE ON JULY 1ST. |
| 17 | THEY MAY NOT GO, BUT IF THEY DO GO, THEY HAVE PRIORITY OVER |
| 18 | EVERYONE IN THIS ROOM.  SO MY SUGGESTION IS WE MOVE THE TRIAL |
| 19 | DATE TO JULY 22ND.  THAT I CAN MORE OR LESS PROTECT FOR YOU, |
| 20 | AND I'LL MAKE SURE THERE IS ENOUGH TIME IN THERE THAT WE CAN |
| 21 | TRY THE WHOLE CASE. |
| 22 | I KNOW YOU'RE NOT IN AGREEMENT ON EXACTLY HOW LONG IT |
| 23 | WILL TAKE, AND I'M NOT SURE I WILL DECIDE THAT TODAY, BUT THE |
| 24 | BALLPARK OF WHAT IT'S GOING TO REQUIRE, I THINK, IS BEGINNING |
| 25 | TO EMERGE.  I WILL HAVE THAT MUCH TIME FOR YOU BASICALLY THE |

1   REST OF THE SUMMER.  SO WE CAN DO THAT.  IT IS CONCEIVABLE WE

2   COULD STILL DO IT ON JUNE 24TH AS IT'S CURRENTLY SET, BUT IT'S

3   NOT CLEAR.

4            I FIGURED SINCE IT'S AN EXPENSIVE PROPOSITION TO GET

5   THE MATTER READY FOR TRIAL AND TO HAVE ALL YOUR WITNESSES IN A

6   ROW, BETTER WE SHOULD ERR ON THE SIDE OF CAUTION AND MOVE IT.

7   THAT'S THE FIRST THING I WANTED TO TELL YOU.

8            THAT WOULD BE JULY 22ND.  AND, TRACY, I GUESS THE

9   PRETRIAL WOULD BE JULY 9TH, WHICH IS A TUESDAY.  AND WE

10  NORMALLY DO THOSE AT 3:30 IN THE AFTERNOON IF I'M IN TRIAL.  IF

11  IT TURNS OUT I'M NOT IN TRIAL AND YOU WOULD LIKE TO DO IT

12  EARLIER IN THE DAY, YOU CAN CERTAINLY MOVE THAT UP SO WE CAN

13  GET EVERYTHING DONE.

14           SO THAT'S POINT NUMBER ONE.  I CAN GIVE YOU SOME

15  OTHER -- HAVING READ YOUR PAPERS, SOME OTHER DETERMINATIONS

16  I'VE MADE BASED ON THE COMPETING VIEWPOINTS YOU'VE PRESENTED,

17  AND THIS WON'T BE ALL OF THE ISSUES YOU'VE RAISED, BUT A NUMBER

18  OF THEM.

19           ONE HAS TO DO WITH THE SCHEDULE FOR FILINGS OF THE

20  PRETRIAL MATERIALS.  THE PLAINTIFFS WOULD LIKE SIMULTANEOUS

21  EXCHANGES OF WITNESS LIST, EXHIBIT LIST, DEPOSITION

22  DESIGNATIONS, AND WRITTEN DISCOVERY DESIGNATIONS.  THE

23  DEFENDANTS PROPOSE A STAGGERED -- A STAGGERED EXCHANGE.  I

24  AGREE WITH THE DEFENSE.

25           I THINK IT WILL BE MORE EFFICIENT AND TARGETED IF THE

1    PLAINTIFFS HAVE FILING DATES, AND THEN THE DEFENDANTS HAVE

2    FILING DATES.  AND I THINK, AS YOU'VE PROPOSED IT, THEN THERE'S

3    MORE PLAINTIFFS' FILING DATES AND MORE DEFENSE FILING DATES.  I

4    CARE NOT REALLY HOW YOU DO IT.  IF THE QUESTION IS SHOULD IT BE

5    STAGGERED OR NOT, I AGREE WITH THE DEFENSE IT SHOULD BE

6    STAGGERED.

7          SO, BASICALLY, THE PLAINTIFFS WILL PUT IT OUT THERE,

8    AND THE DEFENDANTS WILL HAVE AN OPPORTUNITY TO SEE THAT AND

9    KNOW WHO THEY WANT TO ADD AND HOW THEY WANT TO REACT TO THAT.

10    I THINK THAT MAKES SENSE.

11          ON *DAUBERT*, MUCH OF THE -- MUCH OF THE ANGST IN YOUR

12    PAPERS HAS TO DO WITH THE TRIAL DATE, AND PARTICULARLY

13    TOSHIBA'S ANXIETY ABOUT THE TRIAL DATE, AND ALL THE DATES ARE

14    KEYED OFF OF THE EARLIER TRIAL DATE.  THERE'S NOW ANOTHER MONTH

15    TO PLAY WITH.  SO, ONE OF THE THINGS I'M GOING TO DO TODAY IS

16    SEND YOU HOME AND PLAY WITH THAT MONTH AND SEE IF YOU CAN COME

17    TO A CLOSER PROPOSED RESOLUTION ON WHAT THE PROPOSED DATES

18    SHOULD BE.

19          BUT, IN GENERAL, THE -- SOME OF YOU, I GUESS THE

20    PLAINTIFFS, WERE SUGGESTING AN EARLIER *DAUBERT* SCHEDULE THAN

21    THE MOTIONS IN LIM ON THE TRIAL ITSELF, AND I AGREE WITH THAT.

22    IT SEEMS TO ME YOU OUGHT TO GET AS MUCH OF THE *DAUBERT* STUFF,

23    WHICH IS MORE COMPLEX, OUT OF THE WAY BEFORE WE GET TO THE

24    PRETRIAL CONFERENCE.  THAT'S JUST WAY TOO LATE TO BE MAKING

25    COMPLEX DECISIONS LIKE THAT.  SO, TO THE EXTENT THE QUESTION IS

1    SOONER OR NOT SOONER, I WOULD URGE IT BE SOONER.

2             ANYTHING THAT TOYOTA ABSOLUTELY CAN'T DO, I GUESS,

3    CAN BE PUT OFF UNTIL SUCH A TIME AS IT CAN DO IT.  ANYTHING

4    THAT CAN BE DONE EARLIER SHOULD BE, AND THINGS THAT ARE COMMON

5    TO THE CASES SHOULD BE DONE SOONER.

6             ON THE REMAND CASES, THERE'S THE CONTINUING ISSUE OF

7    WHAT SHOULD BE DECIDED HERE AND WHAT SHOULD BE DECIDED THERE.

8    YOU'VE AGREED, I GUESS, THAT COMMON *DAUBERT* ISSUES SHOULD BE

9    HEARD HERE.  THAT'S FINE.  AND THERE'S A DISPUTE OVER COMMON

10   NON-*DAUBERT* MOTIONS IN LIM.  I DON'T KNOW WHAT THAT MEANS.

11            MY SUGGESTION ON THAT WOULD BE THAT IF -- AND

12   THAT'S -- THE PLAINTIFFS WANT THAT; THE DEFENDANTS DON'T WANT

13   THAT.  IF THERE ARE SPECIFIC THINGS THE PLAINTIFFS WOULD LIKE

14   ME TO DECIDE FOR THOSE CASES, YOU CAN TELL ME WHAT THEY ARE,

15   AND I'LL LET YOU KNOW.  I DON'T KNOW.  CERTAINLY, THERE ARE A

16   LOT OF MOTIONS IN LIMINE THAT THE TRIAL JUDGE WOULD WITH WANT

17   TO DECIDE HIM OR HERSELF BECAUSE IT'S GOING TO BE THEIR TRIAL.

18            MAYBE THERE ARE OTHER ISSUES THAT WOULD APPROPRIATELY

19   BE DECIDED HERE, BUT I DON'T KNOW WHAT YOU'RE ASKING ABOUT, SO

20   WE NEED TO SEE THAT AS WE GO BY.

21            THE AMOUNT OF TRIAL TIME, I HAVEN'T MADE A DECISION.

22   PLAINTIFFS SAY 60 HOURS EACH.  DEFENDANT SAYS 60 HOURS ISN'T

23   ENOUGH.  I'M NOT SURE WHAT WILL BE ENOUGH, BUT, AS I SAY, I AM

24   PLANNING TO RESERVE FOR YOU ENOUGH TIME ON MY TRIAL CALENDAR

25   ANYWAY THAT WE CAN GET THE CASE COMPLETED IN AN EFFECTIVE WAY.

1   SO HOW MANY HOURS THAT WORKS OUT TO BE WE CAN CONTINUE TALKING

2   ABOUT.  I AM NOT GOING TO DECIDE THAT TODAY.  BUT THERE WILL BE

3   ENOUGH TIME.

4           NEUTRAL VIDEO PRESENTATION, YOU SHOULD TALK TO EACH

5   OTHER ABOUT THAT.

6           I DO NOT -- OH, BIFURCATION.  I AGREE WITH THE

7   DEFENDANTS.  I DON'T THINK IN THIS CASE THAT IT WOULD WORK TO

8   BIFURCATE -- AS I UNDERSTAND IT, THE REQUEST WAS THAT THE

9   DIRECT PURCHASERS BE BIFURCATED FROM THE INDIRECT PURCHASERS.

10  I THINK, GIVEN THE NATURE OF THE CLIENTS AND THE BUSINESS,

11  THERE'S JUST TOO MUCH OVERLAP THERE.  AND THIS IS GOING TO BE A

12  PARTICULARLY INTERESTING AND CHALLENGING SET OF ANALYSES

13  ANYWAY, SO I THINK SINCE WE ARE GOING TO DO A JURY ON IT, THE

14  JURY OUGHT TO HAVE EVERYTHING BEFORE IT AND DECIDE EVERYTHING

15  THAT'S PUT TO IT.

16          ON PREVIOUS IN LIMINE RULINGS, I AGREE WITH WHOEVER

17  SAID, WELL, THEY'RE COMING UP NEW FOR THIS CASE, AND THEY'LL BE

18  DECIDED NEW FOR THIS CASE.  HOWEVER, IF THE SAME ISSUE HAS COME

19  UP BEFORE AND I'VE RULED ON IT, I WANT YOU TO TELL ME THAT SO

20  THAT I WILL KNOW WHAT I DID BEFORE.  MAYBE I'LL DO THE SAME

21  THING ALL OVER AGAIN, OR MAYBE I WILL HAVE LEARNED FROM SAD

22  EXPERIENCE THAT IT DIDN'T WORK THAT WAY.  NOBODY IS BOUND BY

23  ANYTHING, BUT EXPERIENCE WILL CERTAINLY BE A GUIDE.  SO IT

24  WOULD HELP ME FOR EVERYONE AT ALL TURNS TO TELL ME IF THESE

25  ISSUES HAVE BEEN PREPARED PREVIOUSLY AND WHAT HAPPENED.

1          I DO NOT INTEND TO HAVE AN EVIDENTIARY HEARING ON THE

2     ATM FEE ISSUES.

3          THAT'S KIND OF ALL THE CONCLUSIONS I HAD REACHED

4     ABOUT THE TRACK 1B CASES.

5          SO, THE OTHER THINGS THAT YOU SPENT A GREAT DEAL OF

6     TIME TALKING ABOUT WERE SCHEDULES AND BACK AND FORTH.  I'M

7     SORRY TO BE INDECISIVE ABOUT THAT, BUT I THINK, GIVEN NEW

8     DATES, YOU NEED TO GO OUT AND TALK TO EACH OTHER AGAIN AND SEE

9     WHAT YOU THINK THE SCHEDULES OUGHT TO LOOK LIKE.  IF YOU STILL

10    CAN'T AGREE, I'LL DECIDE THEM, BUT THE ONES YOU'VE GOT NOW

11    WOULD NOT BE THE ONES WE WOULD ADHERE TO, IN ANY EVENT.

12          WITH RESPECT TO THE TRACK 2 CASES, IT'S OKAY WITH ME

13    IF YOU WANT TO MOVE THOSE OUT BY THE DATES THAT HAVE BEEN

14    SUGGESTED.  WITH RESPECT TO T-MOBILE'S CLAIMS, IF -- CERTAINLY

15    THE SITUATION HAS CHANGED, BUT I THINK A MOTION NEEDS TO BE

16    MADE TO RE-UP -- RE-UP THOSE CLAIMS.  I DON'T KNOW WHAT YOU

17    WOULD CALL IT.  BUT IT CAN'T JUST HAPPEN WITHOUT A MOTION, SO I

18    NEED A FULLY BRIEFED AND ARGUED MOTION ON THAT.

19          THAT'S EVERYTHING I HAD ON MY LIST.  NOW, I WILL BE

20    HAPPY TO CONSIDER ANYTHING ELSE YOU WANT TO TALK ABOUT.

21          MR. CURRAN.

22          **MR. CURRAN:**  GOOD AFTERNOON, YOUR HONOR.  CHRISTOPHER

23    CURRAN FOR TOSHIBA.

24          I HEARD YOUR HONOR'S RULING ON THE ATM FEE

25    EVIDENTIARY HEARING.  I WOULD APPRECIATE SOME CLARIFICATION OF

1    HOW ARE WE GOING TO DEAL WITH THE REMAINING FACTUAL ISSUES

2    PARTICULARLY THOSE DEALING WITH OWNERSHIP AND CONTROL.

3            YOUR HONOR HAS ALREADY HELD THAT THERE ARE SUCH

4    FACTUAL ISSUES REMAINING AS TO OWNERSHIP AND CONTROL OF

5    COMPANIES LIKE PANASONIC.  YOU MAY REMEMBER THAT IN A RULING ON

6    A COSTCO MOTION, YOU CONCLUDED THAT THERE WERE MATERIAL ISSUES

7    OF FACT AS TO OWNERSHIP OR CONTROL WITH REGARD TO PANASONIC AND

8    SOME OTHER COMPANIES.

9            THOSE ISSUES ARE NECESSARY TO RESOLVE IN ORDER TO

10   DETERMINE WHETHER THE PLAINTIFFS HAVE STANDING FOR THEIR CLAIMS

11   AS TO THOSE DAMAGES.  SO, IF THERE'S NOT GOING TO BE AN

12   EVIDENTIARY RULING BY THE COURT -- AND I THINK WE ALREADY

13   STATED THE COURT OR THE SPECIAL MASTER SHOULD HAVE AN

14   EVIDENTIARY HEARING UNDER THE *ATM FEE DISPUTE* DECISIONS, WHICH

15   SETS STANDINGS FOR THE COURT AND HAS TO BE RESOLVED EVEN BY

16   EVIDENTIARY HEARING IF NECESSARY.

17           BUT IF YOUR HONOR IS NOT GOING TO DO THAT, HOW DO WE

18   RESOLVE THOSE ISSUES?  DOES IT GO TO THE JURY?  ARE THERE JURY

19   INSTRUCTIONS ON IT?  DOES THE VERDICT FORM HAVE SPECIFIC

20   QUESTIONS ADDRESSING THESE ISSUES?

21           BECAUSE YOUR HONOR MAY REMEMBER THIS CAME UP AT THE

22   DPP TRIAL LAST YEAR.  IN MY VIEW, ANYWAY, THERE NEVER WAS A

23   SATISFACTORY RESOLUTION OF HOW THOSE ISSUES WERE GOING TO BE

24   DEALT WITH.  THE PARTIES INTRODUCED EVIDENCE AS TO OWNERSHIP OR

25   CONTROL DURING THE COURSE OF THE TRIAL, BUT THE JURY WAS NEVER

1   INSTRUCTED ON THOSE ISSUES, AND THE VERDICT FORM DIDN'T CALL

2   FOR A VERDICT -- OR AN ANSWER AS TO THOSE ISSUES.

3          SO, HOW DO WE DEAL WITH THOSE ISSUES?

4          **THE COURT:**  SO WHAT YOU SAID IS YOU WOULD LIKE SOME

5   ANALYSIS OF THAT?

6          **MR. CURRAN:**  OR MAYBE WE HAVE BEEN REMISS IN

7   EXPLAINING EXACTLY WHAT WE WANT AND WHY WE WANT IT.  I MEAN,

8   OUR VIEW IS STANDING AS A THRESHOLD ISSUE.

9          **THE COURT:**  MY VIEW WAS I ALREADY RESOLVED THAT IN

10  THE ORDER.

11         **MR. CURRAN:**  AND I'M ACCEPTING THAT RESOLUTION, BUT

12  THEN WHAT?  DOES THAT MEAN THAT THE FACTUAL ISSUES, WE'RE JUST

13  GOING TO LIVE WITH THOSE AND GO FORWARD AND THE JURY DOES WHAT

14  IT DOES?  IT SEEMS TO ME THERE HAS TO BE SOME APPROACH

15  CONSISTENT WITH ATM'S STATEMENT THAT THESE ISSUES HAVE TO BE

16  RESOLVED.

17         **THE COURT:**  WELL, PERHAPS YOU COULD SUGGEST HOW THE

18  COURT OUGHT TO HANDLE IT IF IT'S NOT GOING TO HAVE A SEPARATE

19  EVIDENTIARY HEARING.

20         **MR. CURRAN:**  I SUSPECT THEN WE WILL BE ADDRESSING

21  THAT IN PROPOSED JURY INSTRUCTIONS AND A PROPOSED VERDICT FORM

22  THEN.

23         **THE COURT:**  I WOULD THINK.  I MEAN, THAT SEEMS LIKE,

24  TO ANSWER TO YOUR QUESTION, BUT I HAVEN'T THOUGHT IT THROUGH.

25         **MR. CURRAN:**  ALL RIGHT.  THANK YOU, YOUR HONOR.

1          **THE COURT:**  YOU'RE WELCOME.

2          **MS. LEVINE:**  GOOD AFTERNOON, YOUR HONOR.  I'M JANET

3   LEVINE WITH CROWELL MORING ON BEHALF OF THE TARGET PLAINTIFFS.

4          ONE ISSUE THAT I WANTED TO BRING UP TO THE COURT THAT

5   IS NOT IN THE CMC, YOUR HONOR, HAS TO DO WITH THE *AT&T* DECISION

6   WHICH ISSUED BY THE NINTH CIRCUIT AND THE MANDATE ISSUE THIS

7   WEEK THAT'S ON THE QUESTION -- THE DUE PROCESS QUESTION.

8          WITH RESPECT TO THE TARGET PLAINTIFFS THAT WOULD

9   IMPACT THIS COURT'S PRIOR RULING DISMISSING SOME OF THE STATE

10  COURT CLAIMS -- AND I WANTED TO INQUIRE OF THE COURT WHETHER

11  THE COURT WISHED US TO FILE A MOTION FOR RECONSIDERATION OR IF

12  THE EXISTENCE OF THE DECISION ALONE WOULD HAVE THIS COURT

13  RECONSIDER THAT DECISION.

14          **THE COURT:**  NO.  YOU ASKED TWO QUESTIONS.

15          **MS. LEVINE:**  I DID, AND I APOLOGIZE.

16          **THE COURT:**  LET ME CLARIFY WHAT I'M SAYING "NO" TO.

17          I WANT A MOTION.  I THINK FOR WHOMEVER IS LEFT

18  STANDING AND AFFECTED BY THAT, YOU ARE GOING TO NEED MAKE A

19  MOTION TO ME SO THAT I'LL UNDERSTAND EXACTLY WHAT THE

20  RAMIFICATIONS ARE.  I'M HAPPY TO DO THAT.  AND I AGREE THAT

21  THEY HAVE CHANGED THE LANDSCAPE, BUT I THINK IT WILL BE CLEARER

22  FOR EVERYBODY IF WHOEVER FEELS AFFECTED BY IT MAKES A MOTION ON

23  IT.

24          **MS. LEVINE:**  WE WILL, YOUR HONOR, AND WE'LL FILE IT.

25  IT SEEMS APPROPRIATE TO FILE IT WITH A NOTICE FOR MOTION FOR

1    RECONSIDERATION BECAUSE IT COMES UP AS A DECISION THIS COURT

2    MADE AND THEN THE UNDERLYING SUBSTANTIVE MOTION BEHIND IT.

3            **THE COURT:**  I DON'T KNOW WHAT IT WOULD BE CALLED.  IF

4    IT'S APPROPRIATE THAT IT BE CALLED A MOTION TO RECONSIDER, THEN

5    I GIVE YOU LEAVE TO FILE A MOTION TO RECONSIDER, IF THAT'S WHAT

6    IT IS.

7            **MS. LEVINE:**  THANK YOU, YOUR HONOR.

8            **THE COURT:**  YOU'RE WELCOME.

9            **MS. TAYLOR:**  GOOD AFTERNOON, YOUR HONOR.  BROOK

10   TAYLOR OF SUSMAN GODFREY, T-MOBILE.  I HEARD YOUR HONOR'S

11   RULING WITH RESPECT TO THE NEED TO BRING A MOTION WITH RESPECT

12   TO THE INDIRECT CLAIMS, AND WE UNDERSTAND THAT.  I DO JUST WANT

13   TO CLARIFY ONE ISSUE.

14           **THE COURT:**  WITH RESPECT TO THE INDIRECT --

15           **MS. TAYLOR:**  THE T-MOBILE CLAIMS AFFECTED BY THE *AT&T*

16   INTERLOCUTORY APPEAL THAT YOU MENTIONED.  AND FOR US, THE ISSUE

17   ISN'T REALLY WHAT THE PROPER MECHANISM IS TO BRING THE CLAIMS

18   BACK.  WE'RE HAPPY, OF COURSE, TO FOLLOW YOUR DIRECTION AND

19   FILE A MOTION.

20           OUR QUESTION IS REALLY THE QUESTION OF THE SCHEDULE.

21   THE DEFENDANTS HAVE HAD LONG OUTSTANDING REQUESTS FOR THE

22   INDIRECT DISCOVERY.  WE OBJECTED TO THOSE WHEN THEY WERE OUT OF

23   THE CASE.  NOW THAT WE WILL FOLLOW THIS MOTION PRACTICE, WE

24   WOULD PREFER TO GO AHEAD AND PROCEED WITH THE DISCOVERY THAT

25   THE DEFENDANTS ARE SEEKING AND --

1          **THE COURT:**  WHO DO YOU REPRESENT?

2          **MS. TAYLOR:**  T-MOBILE.

3          **THE COURT:**  ARE YOU A PLAINTIFF OR DEFENDANT?

4          **MS. TAYLOR:**  PLAINTIFF.

5          **THE COURT:**  OKAY.

6          **MS. TAYLOR:**  SO WE ARE ON THE TRACK 2 CALENDAR, AND,

7    YOU KNOW, THE TRACK 2'S HAVE STIPULATED TO A 30-DAY EXTENSION

8    THAT WOULD -- 45-DAY EXTENSION THAT WOULD TAKE THE CLOSE OF

9    DISCOVERY FROM APRIL 2ND TO MAY 17TH.

10          RECOGNIZING THAT THE NINTH CIRCUIT'S DECISION HAS

11   COMPLICATED AND CHANGED THE LANDSCAPE, WE PROPOSED TO

12   DEFENDANTS THAT INSTEAD OF JUST BEING ON THAT 45-DAY EXTENSION,

13   THAT WE HAVE A 75-DAY EXTENSION OUT TO JUNE 17TH.  AND THE

14   DEFENDANTS HAVE SAID, NO, WE NEED TO, YOU KNOW, GO THROUGH A

15   BUNCH OF MOTION PRACTICE, THEN WE WILL HAVE TO SEE HOW LONG

16   DISCOVERY WILL TAKE; WE DON'T KNOW WHAT THAT IS, BUT WE'LL

17   LIKELY SEE YOU IN SIX MONTHS FROM THEN, WHICH WILL THEN BRING

18   US INTO EARLY 2014.

19          I DON'T THINK THE INTERLOCUTORY APPEAL REALLY CHANGES

20   THE LANDSCAPE IN A WAY THAT MEANS THAT WE CAN'T -- THAT

21   T-MOBILE MAY NOT STAY ON THE TRACK 2'S.  WE ARE PREPARED TO DO

22   THE LIMITED AMOUNT OF DISCOVERY THAT NEEDS TO BE COMPLETED.  WE

23   PROPOSED 75 DAYS AND THINK THAT'S SUFFICIENT.

24          SO, I UNDERSTAND THE NEED FOR THE MOTION PRACTICE.

25   WE WOULD PROPOSE THAT THE DISCOVERY GO FORWARD CONCURRENTLY

```
1    WITH THAT AND THAT WE CAN STAY WITH THE REST OF THE TRACK 2'S.
2              THE COURT:  AND THE DEFENSE SAYS, WELL, IT'S
3    DISMISSED WITH PREJUDICE, AND, SO, FORGET IT, YOU'RE OUT; IS
4    THAT --
5              MR. CURRAN:  WE'RE FINE PROGRESSING WITH DISCOVERY.
6              THE COURT:  OH, OKAY.  YOU JUST --
7              MR. CURRAN:  WE'RE FINE PROGRESSING WITH DISCOVERY
8    WHILE THAT MOTION PRACTICE IS PLAYING OUT.  WE JUST WANT TO
9    MAKE SURE WE HAVE ENOUGH TIME TO DO THE NECESSARY DISCOVERY.  I
10   DON'T KNOW HOW LONG THAT WILL TAKE.  IT MAY DEPEND WHETHER WE
11   ARE IN TRIAL IN THIS COURTROOM IN JULY AT THE TIME.
12             SO, I JUST DIDN'T WANT TO IRREVOCABLY COMMIT TO 75
13   DAYS RUNNING FROM NOW, BUT WE'RE OPEN MINDED, AND WE ARE TRYING
14   NOT TO BE DOGMATIC IN ANY REGARD.
15             THE COURT:  SO IT CAN GO FORWARD IS WHAT YOU'RE
16   SAYING?
17             MR. CURRAN:  ABSOLUTELY.
18             MS. TAYLOR:  THAT IS THE ISSUE.  WE ARE SAYING, WHY
19   DON'T WE STIPULATE TO 75 DAYS, AND THEN IF THEY NEED MORE TIME,
20   THEY FEEL THEY HAVE BEEN DILIGENT IN THAT TIME AND THEY HAVEN'T
21   GOTTEN WHAT THEY NEEDED, THEY COULD COME BACK AND ASK FOR MORE.
22   WE WANT IT TO BE ON A SCHEDULE, AND WE DON'T WANT IT TO BE OUT
23   THERE WITHOUT A SCHEDULE.
24             MR. CURRAN:  WE ARE JUST GETTING PINCHED A LITTLE BIT
25   HERE.  WE HAVE BEEN PUT ON THE BEST BUY TRACK ON AN ACCELERATED
```

1    BASIS.  WE HAVE A LOT GOING ON.  WE HAVE EXPERT DISCOVERY

2    THERE.  WE HAVE FACT DISCOVERY GOING ON THERE.  T-MOBILE IS

3    TRACK 2.  WE HAVE TO PRIORITIZE OUR RESOURCES.

4          SO I THINK MAYBE TENTATIVELY WE'LL TRY TO DO IT IN 75

5    DAYS, BUT IF WE NEED MORE TIME, WE NEED MORE TIME.

6          **THE COURT:**  THAT WILL BE THE COURT'S RULING.  HOW'S

7    THAT?

8          **MR. CURRAN:**  THANK YOU, YOUR HONOR.

9          **THE COURT:**  WHAT ELSE, ANYBODY ELSE?

10          ALL RIGHT.  GOING ONCE?  OKAY.  GOOD TO SEE YOU ALL.

11          WHAT I WOULD SUGGEST -- AND I DON'T KNOW WHO IS IN

12   CHARGE OF WHAT, BUT MAYBE IN TWO WEEKS, CAN YOU GET ME YOUR

13   BEST SHOT AT EITHER A JOINTLY-AGREED SCHEDULE FOR ALL THESE

14   THINGS THAT NEED TO BE SCHEDULED, OR THE COMPETING PROPOSALS

15   AND THEN I WILL TAKE A LOOK AT THAT?  GREAT.  THANK YOU.

16          (PROCEEDINGS ADJOURNED.)

17

18

19

20

21

22

23

24

25

1

2

3                   **CERTIFICATE OF REPORTER**

4          I, JOAN MARIE COLUMBINI, OFFICIAL REPORTER FOR THE

5   UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY

6   CERTIFY THAT THE FOREGOING PROCEEDINGS IN MDL 07-1827 SI,

7   IN RE:  TFT LCD FLAT PANEL LITIGATION, WERE REPORTED BY ME, A

8   CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED

9   UNDER MY DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A

10  FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS AS BOUND BY

11  ME AT THE TIME OF FILING.

12         THE VALIDITY OF THE REPORTER'S CERTIFICATION OF SAID

13  TRANSCRIPT MAY BE VOID UPON DISASSEMBLY AND/OR REMOVAL FROM THE

14  COURT FILE.

15

16  _____

17         /S/ JOAN MARIE COLUMBINI, CSR 5435, RPR

18              TUESDAY, MARCH 26, 2013

19

20

21

22

23

24

25