# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION

No. M 07-1827 SI
MDL. No. 1827

Case No. C 12-4114 SI

This Order Relates to:

*Best Buy Co., Inc., et al. v. Toshiba Corp., et al. and Koninklinjke Philips Electronics N.V. (aka Royal Philips Electronics N.V.) and Philips Electronics North American Corp.,* C 12-4114 SI

**ORDER GRANTING BEST BUY'S MOTION TO CONSOLIDATE COMPLAINT AGAINST PHILIPS AND TOSHIBA WITH TRACK 1B CASES**

Currently before the Court is Best Buy's motion to consolidate its complaint against the Toshiba entities ("Toshiba") and the Philips entities ("Philips")[1] with Track 1B cases.[2] Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument. Having considered the moving papers, and for good cause appearing, the Court hereby GRANTS Best Buy's motion to consolidate its complaint against Toshiba with Track 1B cases, currently set for trial in June of 2013. Docket 7169.

**BACKGROUND**

Best Buy filed a complaint against eight defendant corporate families on October 8, 2010 ("*Best*

---

[1] On December 12, 2012, counsel for Best Buy notified the Court that Best Buy has entered into a settlement agreement with Philips. See Dkt. No. 7349. Hence, only consolidation of Best Buy's Track 2 claims against the Toshiba entities will be discussed in this order.

[2] Although Best Buy's motion repeatedly requests consolidation with "Track 1A cases", which is set for trial January 28, 2013, the Court understands this as an error and interprets the motion as requesting consolidation with Track 1B cases, set for trial in June 2013.

*Buy I*"), alleging "a long-running conspiracy by manufacturers of liquid crystal display panels...from at least January 1, 1996, through at least December 11, 2006. . ." *Best Buy I* Complaint, ¶ 1. On August 3, 2012, Best Buy filed a similar complaint against two additional defendant corporate families, Toshiba and Philips, alleging similar facts and claims ("*Best Buy II*").

During the course of these MDL proceedings, the Court has divided various cases into groups, called Tracks, based generally on when the cases were filed and what types of claims are asserted. The Track 1A cases (currently Dell and Nokia) are set for trial in January, 2013.[3] The *Best Buy I* complaint is in Track 1B, together with complaints by Target and Kodak; those cases are set for trial in June, 2013. The Toshiba entities are already defendants in the Target and Kodak Track 1B cases. The Track 2 cases, which include those brought by OEMs and retailers, are not yet set for trial, but March 14, 2014 has been set as the last day to hear dispositive motions. The *Best Buy II* case against the Toshiba entities is presently in Track 2.

In the parties' November 2, 2012 Case Management Conference Statement, the defendants in both *Best Buy I* and *Best Buy II* requested that the Court consolidate all Best Buy actions into Track 2. At the case management conference on November 7, 2012, Best Buy objected to consolidation of the cases into Track 2, and requested the opportunity to brief the issue of consolidation of the Best Buy cases. In an order dated November 8, 2012, the Court expressed its inclination against having two separate Best Buy trials and granted Best Buy leave to file a motion addressing potential consolidation of the Best Buy cases. The parties were directed to address, *inter alia*, the feasibility of consolidating the cases and trying them in June 2013, as well as the possibility of consolidation of the two cases on the Track 2 schedule. This Order addresses the arguments presented in these briefings.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 42(a) allows a court to consolidate "actions involving a common question of law or fact." This rule grants courts "broad discretion" to determine whether consolidation

---

[3] Several jury trials have already been had in this MDL proceeding, including two criminal trials (No. 09cr110-SI), and one class action civil trial, dubbed the Direct Purchaser Plaintiffs, or "DPP," class action. In the DPP civil jury trial, which took place from May 21, 2012 to July 3, 2012, the Toshiba entities were the only remaining defendants.

2

is appropriate. *Pierce v. Cnty. Of Orange*, 526 F.3d 1190, 1203 (9th Cir.2008); *Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777 (9th Cir.1989). "In determining whether or not to consolidate cases, the Court should weigh the interest of judicial convenience against the potential for delay, confusion and prejudice." *Zhu v. UCBH Holdings, Inc.*, 682 F.Supp.2d 1049, 1052 (N.D.Cal.2010) (quotation omitted); *Heune v. United States*, 743 F.2d 703, 704 (9th Cir.1984) (stating district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause").

## DISCUSSION

Best Buy moves for consolidation of its complaint against Toshiba (*Best Buy II*), currently set in Track 2, with *Best Buy I*, which is a Track 1B case set for trial in June, 2013.

Best Buy asserts that consolidation into Track 1 will promote judicial efficiency by ensuring the prompt resolution of the Best Buy actions and will preserve party and judicial resources. It cites similarities between its complaint and Target's complaint, noting that they raise "identical legal and factual claims" against "virtually the same defendants," and points to overlapping issues in the expert reports for these cases. Motion at 3. Best Buy asserts that Toshiba, already in the Track 1B trials through the claims of Target and Kodak, would face no "cognizable prejudice" by trying the Best Buy claims as well, certainly no prejudice that would outweigh the benefits of consolidation into Track 1B. Consolidation into the Track 2 schedule, on the other hand, would unduly delay resolution of the underlying actions and cause prejudice to Best Buy since Best Buy is going to trial in June 2013 and has undertaken "massive effort and expense to comply with the Court-ordered discovery and expert deadlines over the last two years." Motion at 11-12.

Toshiba argues that Best Buy's requested consolidation would deprive Toshiba of its right to adequately defend itself in the action, because "the relevant tasks cannot be completed on the Track 1B timeframe." Opposition at 7. Toshiba acknowledges that it is "conceivable" that fact discovery "solely as to Best Buy" could be completed by April 2, 2013, as already dictated by the Track 2 schedule, but it would be "virtually impossible" to complete fact discovery along with expert discovery, dispositive motions, and pre-trial preparation under Best Buy's proposal, which, Toshiba asserts, has no specific

3

1  plan. *Id*. at 10. Mindful of the Court's inclination to hold a single trial for all Best Buy defendants,
2  Toshiba argues the actions should be consolidated into Track 2. If the Court, however, finds prejudice
3  to either Toshiba or Best Buy in the event of consolidation into either track, Toshiba avers that
4  "maintaining the status quo" remains an option. Opposition at 18.

The Court is cognizant of the balancing interests present in deciding a motion to consolidate actions, and recognizes that consolidation into either track will pose some hardships to the parties. It therefore must weigh such hardships against the goal of ensuring judicial efficiency.

The Court concludes that the interests of judicial efficiency, including the prompt resolution of these cases under the Track 1B schedule, outweigh prejudice to Toshiba. Toshiba has been in litigation proceedings in this MDL for over five years, including a six-week trial. Additionally, Toshiba will be preparing for trial against Target, which has asserted very similar legal and factual claims, on the Track 1B schedule. While there will inevitably be new issues in a trial with Best Buy, in the Court's view, the Track 1B schedule provides sufficient time for the parties to complete whatever is necessary for trial in June 2013. The Court addresses the parties' specific arguments below.

### 1.   **Expert Discovery**

The parties dispute whether sufficient time remains to complete expert discovery. Best Buy argues that enough time remains to complete expert discovery, since three of Best Buy's four experts in *Best Buy I* have submitted identical reports on behalf of the Target plaintiffs (who had named Toshiba in its complaint); there is "overwhelming overlap" between Defendants' expert reports in the Target and *Best Buy I* actions, as *every* expert in the Target Action has submitted a report in the *Best Buy I* action; and Toshiba served 6 expert reports in the Target Action attacking the opinions in reports by three of Target's experts (Dr. Bernheim, Dr. Fontecchio, and Professor Stowell), which were the same opinions offered by the same experts in the *Best Buy I* case. Motion at 6; Reply at 7. To this end, in its Reply, Best Buy provides a proposed schedule for expert discovery upon consolidation into Track 1 cases, *see* Reply at 2. Toshiba challenges Best Buy's assertion that expert discovery in *Best Buy II* would substantially overlap with expert discovery in the Track 1 cases and contends that the parties' experts will need to address new issues not "comprehensively addressed" in *Best Buy I*.

4

The Court is mindful that there may be some issues not fully addressed in the Track 1 cases that could arise in Track 2, but finds that the likelihood is low that new, complex issues requiring expert testimony could not be completed under the proposed schedule. *See* Reply at 2.[4] Toshiba's concerns are addressed below.

First, to the extent Toshiba objects to consolidation into Track 1 on the ground that Best Buy will present new expert opinions on pass-on rates in light of Defendants' downstream pass-on motion, which Best Buy opposed, the Court notes that Best Buy agrees to stand on the expert reports it submitted in Track 1 in December, 2011 and May, 2012 to facilitate consolidation. Reply at 10. Toshiba, therefore, can be assured of the credibility of this concession.

Second, although Toshiba did not engage in expert discovery with respect to Best Buy specifically, Toshiba was actively engaged in expert discovery in the Target action, in which three out of four of Best Buy's experts in *Best Buy I* submitted identical reports on behalf of the Target plaintiffs. With respect to the fourth expert not involved in the Target action, Dr. Frankel, there is sufficient time for discovery pertaining to Dr. Frankel under the proposed schedule. Moreover, each of Defendants' (including Toshiba) experts in the Target Action submitted a report in the *Best Buy I* action, and Toshiba served expert reports in the Target Action attacking the opinions of three plaintiffs' experts common to the Target and the *Best Buy I* actions (Dr. Bernheim, Dr. Fontecchio, and Professor Stowell). As for Toshiba's individual expert, Dr. Harris, who Toshiba argues has not submitted a report in the *Best Buy I* action, the Court notes that Dr. Harris has submitted a report in the Kodak action, which is a Track 1B case, and has also submitted similar reports in a number of other cases. *See* Martinez Decl., Exh. H. Dr. Harris' reports largely address facts common to all of the cases, namely, Toshiba's TFT-LCD operations and activities and its alleged participation in the conspiracy. To this end, although Dr. Harris may have to tailor his report to Toshiba's dealings with Best Buy, the Court finds there is sufficient time within the proposed schedule for Dr. Harris to engage in this discovery.

Third, the Court disagrees with Toshiba's assertion that it was deprived of the opportunity to respond to Track 1 Plaintiffs' use of "new versions of damages models, new justifications for their

---

[4] To the extent Toshiba disputes the proposed schedule, the parties are encouraged to stipulate to a new schedule.

5

flawed damages models, and voluminous quantitative analyses criticizing Defendants' damages model" and that these issues were not fully addressed in the Track 1 cases. *See* Opposition at 11. In an order addressing Plaintiffs' motion to strike Defendants' sur-rebuttal expert reports, the Special Master specifically rejected Defendants' argument that Plaintiffs had presented "wholly new theories and opinions" that Defendants did not have a chance to rebut, and this Court, in response to an objection to the Special Master's report, affirmed his reasoning and specifically noted that "defendants will have an opportunity at trial to cross examine plaintiffs' experts and challenge the bases for their opinions." In light of these orders, Toshiba's assertions are unwarranted.

Lastly, Toshiba asserts that issues currently being litigated, such as Best Buy's "direct" purchaser claims under Minnesota state law, may dispose of certain claims and thus, require recalculation of damages. The Court finds that there is sufficient time for these alterations.

## 2. Dispositive Motion and Pretrial Preparation

Best Buy speculates there will be few dispositive motions while Toshiba asserts the presence of dispositive issues such as "the absence of a coherent theory supporting the participation by certain Toshiba entities in a conspiracy; downstream pass-on; and ownership and control issues." Opposition at 15. Moreover, Toshiba asserts, it would be prejudicial to restrict fact and expert discovery and then "deprive the parties of adequate time to make dispositive motions." *Id*. Toshiba's assertions are without merit. Toshiba has already brought summary judgment motions on the issues of downstream pass-on and ownership and control, *see* Dkt. Nos. 6178 and 6367, so Toshiba is well-versed on these issues and should have sufficient time to file such motions if it chooses within the Track 1B schedule. With respect to dispositive motion addressing participation by "certain Toshiba entities" in the conspiracy, Toshiba should likewise have sufficient time to bring any such motion.

The Court does not discount the heavy load that pretrial preparation presents, but notes that Toshiba has already gone through trial once and will be preparing for trial in a very similar action (the Target action), and thus, retains intricate knowledge of the evidence involved in other cases and of many of the issues common to all of the cases. Toshiba claims there is not sufficient time for authentication of documents and deposition designations, but the Court disagrees. At this stage, the Court does not

foresee significant delays for these reasons. With respect to expert testimony, because Best Buy has agreed to stand on its expert reports submitted in *Best Buy I*, Toshiba will have sufficient time to bring any *Daubert* motions. Taking all of these factors into consideration, the Court has no doubt that Toshiba's sophisticated counsel are well-equipped to prepare for trial within the Track 1B schedule.

**3.     Fact Discovery**

As the parties note, fact discovery in the Track 1 schedule, which has closed, has resulted in "voluminous document productions and merits depositions. . . " Motion at 3. Toshiba acknowledges that it is "conceivable" that fact discovery "solely as to Best Buy" could be completed by April 2, 2013, as dictated by the existing Track 2 schedule, but asserts that it would be "virtually impossible" to complete fact discovery along with expert discovery, dispositive motions, and pre-trial preparation. In light of the Court's findings regarding the significant overlap of expert discovery in the Track 1 cases and *Best Buy II*, the unlikelihood there will be complex, non-duplicative dispositive motions, and Toshiba's ability to adequately prepare for trial, the Court finds that sufficient time exists under the Track 1B schedule to complete fact discovery.

Specifically, Toshiba cites examples of a few issues which it asserts will require significant fact discovery: (1) ownership or control exception, (2) downstream pass-on, (3) non-party co-conspirators, many of who were not named in *Best Buy I*, and (4) TAIS' participation in the conspiracy.

With respect to discovery regarding ownership/control under *ATM Fee*, Toshiba is the likely party to have knowledge on this issue. Moreover, because Toshiba brought a summary judgment motion on the issue of the ownership/control exception, it has engaged in some discovery on this point already.[5] Toshiba also argues that it needs time for discovery on issues regarding downstream pass-on such as "Best Buy's treatment of its costs relative to its pricing, its overall pricing strategies, and the extent to which local markets affected pricing." Opposition at 9. The downstream pass-on issue has been the

---

[5]The Court recognizes that Toshiba's motion asserted an interpretation of the ownership/control exception that the Court rejected. *See* Dkt. No. 7188. In this regard, the evidence Toshiba submitted addressing ownership and control of various entities may not have been complete. However, the voluminous evidence provided with that motion informs the Court that Toshiba likely has much of the evidence that exists on this issue.

7

1 subject of a summary judgment motion by Defendants, including Toshiba, and significant evidence was
2 presented in the motion to support Defendants' position . The Court also notes that Toshiba has taken
3 discovery on some of these issues, *see* Supp. Martinez Decl., Exh. A-G, and has sufficient time under
4 the Track 1B schedule to complete this fact discovery. As to nonparty co-conspirators, the Court notes
5 that Toshiba jointly filed two co-conspirator motions, *see* Dkt. Nos. 6209, 6350, which include facts
6 relating to various nonparty co-conspirators. In the event further discovery is needed, the Track 1B
7 schedule provides the parties sufficient time.[6] Lastly, the Court finds that Toshiba has sufficient time
8 to engage in discovery regarding Best Buy's claims against TAIS.

9 For the foregoing reasons and for good cause shown, the Court hereby GRANTS Best Buy's
10 Motion to Consolidate Complaint Against Toshiba with Track 1B. Master Docket No. 7169.

**IT IS SO ORDERED.**

Dated: December 13, 2012

SUSAN ILLSTON
United States District Judge

---

[6] Best Buy asserts that it is "willing to stand on that record [factual record regarding co-conspirators] and submit to the Court's rulings on Toshiba's Track 1 co-conspirator motions." Reply at 7.

8