# EXHIBIT C

**Lauren Capurro (Russell)**

| | |
|---|---|
| **From:** | Scott St John (public) <j.scott.stjohn.public@gmail.com> |
| **Sent:** | Tuesday, August 16, 2016 9:50 AM |
| **To:** | Mario Alioto |
| **Cc:** | Lauren Capurro (Russell); Andrea Valdez |
| **Subject:** | Re: CRT - Request to Meet and Confer |

Mario:

I disagree that the summary below is misleading, inaccurate, and incomplete; that causation is seriously at issue; and with your suggestion that I acknowledged causation was seriously at issue.

With respect to your request for my time records: I draw your attention to your own arguments on this issue, on which you prevailed. *See* IPP Reply re Motion for Award of Attorney Fees (D.E. 4373); R&R re Motion to Compel (D.E. 4211); Order (D.E. 4508). If you now believe your arguments were incorrect regarding discovery of time records, I encourage you to promptly make a submission to that effect. Otherwise, I trust that you will reassess this matter to spare the Court's time.

Please promptly let me know if you change your position.

Best regards,
Scott

On Thu, Aug 11, 2016 at 2:42 PM, Mario Alioto <MAlioto@tatp.com> wrote:

This is not correct. It is misleading, inaccurate and incomplete. For example, you have completely failed to mention causation, which you acknowledged was an issue.


Please make your time records available as soon as possible.


We will continue to assess this matter to spare the Court the time on it if appropriate and to narrow the issues. Your email has not provided any basis to do either of these things at this time. Thank you.



Mario N. Alioto

TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP

2280 Union Street

San Francisco, CA 94123

Telephone:415 447-1650

Facsimile:415 346-0679


This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by e-mail and delete the message and any attachments.


**From:** Scott St John (public) [mailto:j.scott.stjohn.public@gmail.com]
**Sent:** Wednesday, August 10, 2016 3:11 PM
**To:** Lauren Capurro (Russell)
**Cc:** Mario Alioto; Andrea Valdez
**Subject:** Re: CRT - Request to Meet and Confer


Mario:

I write to memorialize our telephonic meet-and-confer of this afternoon.

I opened the call by asking whether you would support, take no position, or oppose my request for fees. You stated that you would oppose because I "had not made a showing that my position will carry the day." I then laid out the substance of my motion:

> (1) I explained that the Court reduced the Special Master's fee award to class counsel by over $14,000,000. You agreed. I noted that the reduction of class counsel's fees by $14,000,000 was a clear benefit to the class.

> (2) I explained that the Court's reduction in the fee award is attributable to different factual findings from those of the Special Master, e.g., whether the result was "superb" or "measured up" to the result in the *LCD* matter. You agreed.

> (3) I then asked if your position was that the Special Master's findings were clearly erroneous. You made clear that was not your position. I explained that the different factual findings are attributable to my client's having altered the standard of review from clear error to de novo. Indeed, I noted that under Ninth Circuit law, the standard of review goes to the "power" of a reviewing tribunal to reach issues.


You next asserted that I had not supported my position with legal authority. I directed your attention to *Rodriguez v. Disner*, 688 F.3d 645 (9th Cir. 2012), as standing for the proposition that an objector who obtains a benefit for the class is entitled to attorneys fees. You said you still were not satisfied with the "factual circumstances" or the "law" that I identified. I expressed surprise that a class action attorney with your experience was uncertain of the law in this area. I asked what additional information you would require. You then asked for my time records. I explained that I intended to seek fees as a percentage of the benefit, detailed fee records were not required, and noted that my request for fees was less than my lodestar. I represented that I was seeking fees for approximately 433 hours of work performed on this matter, and that--consistent with IPP Counsel's practice--I would offer my time records to the Court for in camera review if asked by the Court to do so, just as IPP Counsel did with respect to their time records. I offered to provide a breakdown of my time by general task, but you stated that such a breakdown was not

2

acceptable. Rather, you claimed that you are "entitled" to review my time records. I again stated that I would follow the same procedure class counsel did, and I further explained that producing my time records would involve a substantial amount of work in order to make redactions necessary to preserve the attorney-client privilege and work product protections.

I next asked if you had a position regarding the source of my fee award, i.e., whether it should come from the common fund or the existing award to class counsel. You initially declined to take a position because no fee had been awarded, so I asked you to assume that a fee was awarded. You did not answer, and instead asked if the case I cited in my original email was the only authority of which I was aware for deducting my fees from the fee awarded to IPP Counsel. I noted that the citation was "see, e.g.," and further noted surprise that you had not undertaken your own research into that question.

I next inquired if you believed I was obligated for any special master fees. You replied "maybe" but you refused to specify any amount of fees because you "haven't addressed that yet" and "don't want to proceed piecemeal." I noted that--like other objectors--my interaction with the Special Master was complete, and there was no basis for delaying resolution of this issue.

You then asked if I intended to file my motion with the Court or the Special Master. I explained that I intended to file my motion with the Court because (a) my motion is not within the scope of the Special Master's reference, and (b) neither I nor my client consent to having my motion heard by the Special Master. You stated that your position was (a) I should file my motion with the Special Master, and (b) if I sought fees from class counsel's fee award, any motion now was too late, because it should have been filed with class counsel's fee request. I disagreed again, noting that my entitlement to fees did not arise until last week.

In the course of ending our call, you made a reference to my "asking to get paid." I stated that I was following the judicial process for seeking a fee award, and that I was not asking class counsel to pay me anything. I noted that certain IPP Counsel had made rash and unsupported allegations in past, and I wanted to avoid any uncertainty as to the nature of my motion.

\* \* \* \* \*

Please promptly let me know if the foregoing summary is not correct. I would greatly prefer to resolve these issues through an unopposed motion, and I hope that you will thoughtfully reconsider your position rather than expend the Court's time, my time, and your colleagues' time litigating a fairly clear issue.

Best regards,

Scott


On Wed, Aug 10, 2016 at 9:17 AM, Scott St John (public) <j.scott.stjohn.public@gmail.com> wrote:

Lauren:

You can reach me at 410-212-3475. I look forward to speaking with you at 2 p.m. Pacific / 4 p.m. Central today.

Best regards,

3

Scott

On Tue, Aug 9, 2016 at 10:41 PM, Lauren Capurro (Russell) <LaurenRussell@tatp.com> wrote:

We can be available for a call tomorrow at 2pm Pacific.  Please circulate a call-in.  Thank you.

Lauren

Lauren C. Capurro (Russell)

Attorney at Law

Trump, Alioto, Trump & Prescott, LLP

2280 Union Street

San Francisco, CA 94123

Telephone: (415) 563-7200

Facsimile: (415) 346-0679

E-mail: laurenrussell@tatp.com

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by e-mail and delete the message and any attachments.

**From:** Scott St John (public) [mailto:j.scott.stjohn.public@gmail.com]
**Sent:** Monday, August 08, 2016 9:05 AM
**To:** Mario Alioto; Lauren Capurro (Russell)
**Cc:** Andrea Valdez
**Subject:** CRT - Request to Meet and Confer

Counsel:

4

I intend to file a motion for attorneys fees in the amount of 1.5% of the difference between the Special Master's recommended fee award and the amount the Court actually awarded, i.e., approximately $216,281, together with approximately $3,407.11 in unreimbursed expenses. The primary basis for seeking those amounts is that the fee reduction is attributable to my client's altering the standard of review for the Special Master's factual findings.

I have not yet decided whether to seek these fees and expenses from the common fund or from IPP Counsel's fee award. *See, e.g.*, *Duhaime v. John Hancock Mut. Life Ins. Co.*, 2 F. Supp. 2d 175, 176 (D. Mass. 1998) (awarding objector's attorneys' fees out of class counsel's fee award). I would appreciate your input and position on this question.

Please let me know a time when you are available to meet and confer via telephone today or tomorrow. Additionally, please let me know if you contend I or my client are responsible for any costs, expenses, etc., together with the specific amount in question, as I will likely seek reimbursement of those amounts as well.

I look forward to your promptly responding with your availability.


Best regards,

Scott