Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

Additional Counsel On Signature Pages

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 JST<br>MDL No. 1917 |
| This Document Relates to:<br><br>*P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;<br><br>*P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 13-cv-05725. | **DEFENDANTS' OPPOSITION TO MOTION OF PLAINTIFF MARTA COOPERATIVE OF AMERICA FOR RULE 54(b) CERTIFICATION OF FINAL JUDGMENT AS TO MARTA**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:             September 29, 2016<br>Time:            2:00 p.m.<br>Before:          Hon. Jon S. Tigar |

## I. INTRODUCTION

The Defendants oppose MARTA Cooperative of America's Motion for Rule 54(b) Certification of Final Judgment as to MARTA because it is premature. There are seven (7) remaining summary judgment motions that pertain to MARTA, each of which, if granted, would have an effect on the damages at issue in MARTA's claim. *See* ECF Nos. 2976, 2981, 2984, 3001, 3008, 3032, and 3040. Though MARTA only seeks certification of final judgment as to the Court's August 4, 2016 order holding that MARTA lacks standing to pursue its federal antitrust claim (ECF No. 4742, at 25-31), MARTA's claim should not be certified for appeal until the scope of MARTA's potential damages are determined. Knowing the scope of potential damages at issue in the MARTA action is critical to the Defendants, both in determining their strategy in litigating MARTA's intended appeal and in gauging the value of any potential settlements. Accordingly, until the pending summary-judgment motions relevant to MARTA are decided, there is a just reason to delay entering final judgment as to MARTA.

## II. ARGUMENT

The Court must make two determinations in assessing MARTA's request for Rule 54(b) certification. ***First***, the Court must determine whether MARTA's motion concerns a final judgment. ***Second***, if the Court determines that the judgment is final, the Court must determine whether any "just reason for delay" exists. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980).

As to the first determination, the Defendants agree with MARTA that the Court's August 4, 2016 order granting summary judgment against MARTA is a final judgment. *See* ECF No. 4793, at 5 ("MARTA Mot.") (stating that the Court's order is the ultimate disposition of MARTA's claim). As to the second determination, the parties disagree. In the Defendants' view, the seven pending summary-judgment motions regarding MARTA do create a just reason to delay entering final judgment.

As the Supreme Court has held, "in deciding whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1. judicial administrative interests as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 8. MARTA asserts that "there are no judicial administrative interests that preclude the entry of final judgment as to MARTA." MARTA Mot., at 6. MARTA is wrong. It overlooks a judicial-administrative interest that is critical to the Rule 54(b) analysis. Specifically, in gauging whether to issue final judgment pursuant to Rule 54(b), this Court must, "'in the interest of sound judicial administration,'" serve as a "'dispatcher,'" using its "sound judicial discretion . . . to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtis-Wright*, 446 U.S. at 8 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435, 437 (1956)).

Now is *not* the appropriate time for the Court to issue final judgment as to MARTA because there are seven remaining summary judgment motions that pertain to MARTA, each contesting the amount of damages subject to MARTA's claim. Until MARTA's damages claim can be determined, the Court should not enter final judgment as to MARTA. *See Kerr-Mcgee Chem. Corp. v. Lefton Iron & Metal Co.*, 570 F.3d 856, 857 (7th Cir. Ill. 2009) (holding a court may not certify an issue for appeal while the amount of damages remains unresolved); *Trustees of Chicago Truck Drivers, etc. v. Central Transport, Inc.*, 935 F.2d 114, 116 (7th Cir. Ill. 1991) ("[Rule 54(b)] allows immediate appeal of separate disputes comprised within a larger litigation. It does not, however, allow appeal when damages have been partially but not completely determined, or when the district court will revisit the issues.").

A weighing of relevant equities further confirms that there is a just cause to delay entry of final judgment as to MARTA. The Defendants do not oppose the equities that MARTA identifies and weighs in its motion (MARTA Mot., at 8-9), but highlight the critical equity considerations that MARTA overlooks. Granting MARTA's motion now, and entering final judgment as to MARTA pursuant to Rule 54(b), would create the inequitable situation where the Defendants are forced to litigate an appeal without knowing their damages exposure as to MARTA's claim. Such information is critical for the Defendants in setting their litigation strategies, as well as in gauging the value of any potential settlements.

1   The inequity of that situation is further underlined by placing MARTA's request in the context of this long-running case. *See Curtis-Wright*, 446 U.S. at 12-13 (holding that a district court is charged with the discretion to assess requests for Rule 54(b) certification because it is "'the one most likely to be familiar with the case and with any justifiable reasons for delay'" (quoting *Sears*, 351 U.S. at 437)).  The Defendants filed all their summary judgment motions against MARTA (and the other Plaintiffs) on the same day (November 7, 2014), the fact that the Court issued its order on MARTA's standing in advance of its order on the other pending summary judgment motions should not allow MARTA to proceed on appeal before those other summary judgment motions are decided.

If the Court denies MARTA's present motion, MARTA could still seek Rule 54(b) certification of final judgment after the Court issues decisions on the seven pending summary judgment motions. *See Bennett v. Pippin*, 74 F.3d 578, 587 (5th Cir. 1996) (holding that a dismissed party is able to rely on its dismissal until notified otherwise).  Importantly, if MARTA seeks certification for final judgment after the other summary judgment motions are decided, it could still seek certification based only on the Court's August 4, 2016 order. *See Edwards v. Prime Inc.*, 602 F.3d 1276, 1288 (11th Cir. 2010) ("Appellate jurisdiction over an appeal from an interlocutory decision certified under Rule 54(b) is limited to the rulings or orders certified by the district court"); *see also United Indus., Inc. v. Eimco Process Equip. Co.*, 61 F.3d 445, 448 (5th Cir. 1995) ("We lack appellate jurisdiction over the two rulings not referenced by court's certification.  In an interlocutory appeal certified by the district court under . . . Rule 54(b), we have no jurisdiction to consider orders of the district court outside the scope of certification."); *S.H. v. Edwards*, 886 F.2d 292, 293 (11th Cir. 1989) (*en banc*) ("This case is before the court on a very limited certificate issued by the district court under Rule 54(b) . . . . This ruling is not to be interpreted as involving anything other than the one issue presented.").

Further, waiting to seek Rule 54(b) certification of final judgment until after the Court issues decisions on the seven remaining summary judgment motions would not necessarily preclude MARTA from re-joining its co-plaintiffs at trial in its remand jurisdiction.  If the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1. Court denies MARTA's present motion, MARTA could still move for Rule 54(b) certification after all relevant summary judgment decisions have been issued, but before moving for remand.  Moreover, in light of the numerous obstacles that may prevent MARTA from re-joining its co-plaintiffs at trial, including the unlikelihood that MARTA will succeed on appeal, the extended and uncertain timeframe for the Ninth Circuit to issue a decision on that appeal, and the uncertain timeframe as to when trial would be set in MARTA's remand jurisdiction, the Eastern District of New York, it is unlikely that deferring entry of final judgment until after the remaining summary judgment motions are resolved will be what prevents MARTA from re-joining it co-plaintiffs.  *See* MARTA Mot., at 7-8 (describing the timeframe for the Ninth Circuit to issue a decision after receiving a notice of appeal, and the logistics of setting a trial date in the Eastern District of New York).

For these reasons, MARTA's request for certification of final judgment pursuant to Rule 54(b) should be denied.

Respectfully submitted,

Dated:  September 6, 2016    **WHITE & CASE LLP**

By:  */s/ Lucius B. Lau*
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

BAKER BOTTS LLP

By:  /s/ John M. Taladay
    JOHN M. TALADAY (*pro hac vice*)
    john.taladay@bakerbotts.com
    ERIK T. KOONS (*pro hac vice*)
    erik.koons@bakerbotts.com
    BAKER BOTTS LLP
    1299 Pennsylvania Avenue, N.W.
    Washington DC 20004-2400
    Telephone:  (202) 639-7700
    Facsimile:  (202) 639-7890

    JON V. SWENSON (SBN 233054)
    jon.swenson@bakerbotts.com
    BAKER BOTTS LLP
    1001 Page Mill Road
    Building One, Suite 200
    Palo Alto, CA 94304
    Telephone:  (650) 739-7500
    Facsimile:  (650) 739-7699
    E-mail:  jon.swenson@bakerbotts.com

    *Attorneys for Defendants Koninklijke Philips N.V., Philips Electronics North America Corporation*

By: /s/ Jeffrey L. Kessler
    WINSTON & STRAWN LLP
    Jeffrey L. Kessler (*pro hac vice*)
    A. Paul Victor (*pro hac vice*)
    Aldo A. Badini Cal. Bar No. 257086
    Eva W. Cole (*pro hac vice*)
    Molly M. Donovan (*pro hac vice*)
    200 Park Avenue
    New York, NY 10166
    Telephone:(212) 294-4692
    Facsimile: (212) 294-4700
    Email:   jkessler@winston.com
             abadini@winston.com
             pvictor@winston.com

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

DEFENDANTS' OPPOSITION TO MOTION OF PLAINTIFF MARTA COOPERATIVE
OF AMERICA FOR RULE 54(b) CERTIFICATION OF FINAL JUDGMENT AS TO MARTA
Case No. 07-5944 JST
MDL No. 1917
5

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

|     |     |
| --- | --- |
| 1   |     |
| 2   | ewcole@winston.com<br>mmdonovan@winston.com |
| 3   | WEIL, GOTSHAL & MANGES LLP |
| 4   | Steven A. Reiss (*pro hac vice*)<br>David L. Yohai (*pro hac vice*) |

ewcole@winston.com
mmdonovan@winston.com

WEIL, GOTSHAL & MANGES LLP
Steven A. Reiss (*pro hac vice*)
David L. Yohai (*pro hac vice*)
Adam C. Hemlock (*pro hac vice*)
767 Fifth Avenue
New York, NY 10153-0119
Telephone:(212) 310-8000
Facsimile: (212) 310-8007
Email:   steven.reiss@weil.com
           david.yohai@weil.com
           adam.hemlock@weil.com

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*

By: */s/ Michael W. Scarborough*
SHEPPARD MULLIN RICHTER & HAMPTON LLP
Gary L. Halling, Cal. Bar No. 66087
James L. McGinnis, Cal. Bar No. 95788
Michael W. Scarborough, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111-4109
Telephone:(415) 434-9100
Facsimile: (415) 434-3947
E-mail: ghalling@sheppardmullin.com
           jmcginnis@sheppardmullin.com
           mscarborough@sheppardmullin.com

*Attorneys for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*

DEFENDANTS' OPPOSITION TO MOTION OF PLAINTIFF MARTA COOPERATIVE OF AMERICA FOR RULE 54(b) CERTIFICATION OF FINAL JUDGMENT AS TO MARTA
Case No. 07-5944 JST
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

By: /s/ *William D. Temko*
MUNGER, TOLLES & OLSON LLP
William D. Temko, Cal. Bar. No. 98858
Laura K. Lin, Cal. Bar. No. 281542
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Facsimile: (415) 512-4077

*Attorneys For Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc.*

By: */s/ Kathy L. Osborn*
FAEGRE BAKER DANIELS LLP
Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279
Telephone: (650) 324-6700
Facsimile: (650) 324-6701
calvin.litsey@FaegreBD.com

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

SQUIRE PATTON BOGGS (US) LLP

By: */s/ Nathan Lane, III*
Mark Dosker
Nathan Lane, III
275 Battery Street, Suite 2600
San Francisco, CA  94111

DEFENDANTS' OPPOSITION TO MOTION OF PLAINTIFF MARTA COOPERATIVE
OF AMERICA FOR RULE 54(b) CERTIFICATION OF FINAL JUDGMENT AS TO MARTA
Case No. 07-5944 JST
MDL No. 1917

7

Telephone: 415.954.0200
Facsimile: 415.393.9887
Email: mark.dosker@squirepb.com
nathan.lane@squirepb.com

Donald A. Wall (*Pro Hac Vice*)
SQUIRE PATTON BOGGS (US) LLP
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: 602.528.4000
Facsimile: 602.253.8129
Email: donald.wall@squirepb.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to all cases except Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co., et al v. Technicolor SA, et al.*

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

By: */s/ Jeffrey I. Zuckerman*
Jeffrey I. Zuckerman (Pro Hac Vice)
Ellen Tobin (Pro Hac Vice)
101 Park Avenue
New York, New York 10178
Telephone: 212.696.6000
Facsimile: 212.697.1559
Email: jzuckerman@curtis.com
etobin@curtis.com

Arthur Gaus (SBN 289560)
DILLINGHAM & MURPHY, LLP
601 California Street, Suite 1900
San Francisco, California 94108
Telephone: 415.397.2700
Facsimile: 415.397-3300
Email: asg@dillinghammurphy.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co. et al. v. Technicolor SA, et al.*

## ATTESTATION

I, Lucius B. Lau, am the ECF user whose ID and password are being used to file the above Defendants' Opposition To Motion Of Plaintiff MARTA Cooperative Of America For Rule 54(b) Certification Of Final Judgment As To MARTA. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each listed counsel above has concurred in this filing.

                                        */s/ Lucius B. Lau*
                                            Lucius B. Lau

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CERTIFICATE OF SERVICE**

On September 6, 2016, I caused a copy of the "DEFENDANTS' OPPOSITION TO MOTION OF PLAINTIFF MARTA COOPERATIVE OF AMERICA FOR RULE 54(b) CERTIFICATION OF FINAL JUDGMENT AS TO MARTA" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

By:    */s/ Lucius B. Lau*
       Lucius B. Lau (*pro hac vice*)

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

DEFENDANTS' OPPOSITION TO MOTION OF PLAINTIFF MARTA COOPERATIVE
OF AMERICA FOR RULE 54(b) CERTIFICATION OF FINAL JUDGMENT AS TO MARTA
Case No. 07-5944 JST
MDL No. 1917