R. BRENT IRBY
ERIC D. HOAGLUND
McCALLUM, HOAGLUND, COOK & IRBY, LLP
905 MONTGOMERY HIGHWAY
SUITE 201
VESTAVIA HILLS, ALABAMA 35216
TELEPHONE: (205)824-7767
FACSIMILE: (205)824-7768
EMAIL: birby@mhcilaw.com
       ehoaglund@mhcilaw.com
*Counsel for Indirect Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:07-cv-5944<br>MDL No. 1917<br><br>**CLASS ACTION**<br><br>**TENNESSEE CLASS COUNSEL'S OBJECTION TO LEAD COUNSEL'S PROPOSED ALLOCATION OF AGGREGATE FEE AWARD TO INDIRECT PURCHASER PLAINTIFFS' COUNSEL**<br><br>Court: JAMS<br>Special Master: Martin Quinn, JAMS<br>Judge: Hon. Jon S. Tigar |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | |

Pursuant to the Special Master's Order Re Process for Allocating Attorneys' Fees [ECF No. 4748], counsel for the Tennessee Indirect Purchaser Class, McCallum, Hoaglund, Cook & Irby, LLP (hereafter "Tennessee Class Counsel"), hereby submits their objection to Lead Counsel's Proposed Allocation of Aggregate Fee Award to Indirect Purchaser Plaintiffs' Counsel [ECF No. 4790]. As grounds hereto, Tennessee Class Counsel states as follows:

## I. BACKGROUND

The law firm of McCallum, Hoaglund, Cook & Irby, LLP ("MHCI") acted as counsel for the Tennessee class of Indirect Purchaser Plaintiffs ("IPP") in this matter. (*See* Affidavit of R. Brent Irby attached hereto as Ex. 1.) Tennessee Class Counsel was responsible for securing the only Tennessee Indirect Purchaser Plaintiff, Albert Crigler, in the litigation. (Ex. 1.) Throughout the litigation, Tennessee Class Counsel worked closely with the Tennessee class representative in securing evidence pertaining to his CRT tube purchase, gathering and preparing discovery responses, providing case status updates, and in the preparation and defense of the Tennessee class representative's deposition. (Ex. 1.) Tennessee Class Counsel also worked on additional projects and assignments on behalf of IPPs, all of which were approved by Lead Counsel. (Ex. 1.) A complete description and itemization of the work performed by Tennessee Class Counsel in this litigation is found in the Declaration of R. Brent Irby in Support of Plaintiffs' Application for Attorneys' Fees and Expenses (and exhibits thereto), previously submitted in (ECF 4073), and attached hereto for convenience as Ex. 2.

As Tennessee Class Counsel, MHCI incurred a total lodestar of $311,695 at current rates. (Ex. 1.) MHCI carefully reviewed and audited those hours to ensure accuracy and submitted them, along with supporting materials and declaration, to Lead Counsel in July 2015. (Ex. 3.) In August 2015, at the request of Lead Counsel, Tennessee Class Counsel deleted certain entries and substantially reduced their lodestar to $199,025 to accommodate Lead Counsel's request, although Tennessee Class Counsel believed that the Special Master would approve their original submission. (Ex. 4.) Tennessee Class Counsel have incurred $19,475 of unreimbursed expenses, $12,000 of which was requested by Lead Counsel for contributions to the Litigation Expense

Fund. (Ex. 1.)

Tennessee Class Counsel are cognizant of the extraordinary effort and superb result achieved by Lead Counsel in this litigation. In this objection, Tennessee Class Counsel respectfully seek a lodestar multiplier of 1.96, which is the multiplier that the Court found to be fair and reasonable when conducting its lodestar cross-check of <u>all</u> Class Counsels' hourly time, including the hourly time of Tennessee Class Counsel.

The specific grounds for Tennessee Class Counsel's objection are set forth below.

## II. GROUNDS FOR TENNESSEE CLASS COUNSEL'S OBJECTION

### A. Tennessee Class Counsel Routinely Made Contributions To The Litigation Fund When Requested, Yet Several Firms Receiving Higher Multipliers Contributed $0 To It.

At the request of Lead Counsel, Tennessee Class Counsel routinely made contributions to the Litigation Fund to assist with the expense of prosecuting this litigation. (Ex. 5.) These contributions include one made as recently as February 2016 to assist Lead Counsel in the payment of fees owed to the Special Master pertaining to his Attorney Fee Report and Recommendation. (*See* Ex. 6.) Tennessee Class Counsel have incurred a total of $19,475.41 in unreimbursed expenses in this matter, $12,000 of which represents contributions to the Litigation Fund requested by Lead Counsel. (Ex. 1.) Thus, for every $1 in expense contribution, Tennessee Class Counsel is receiving $10 in return. In comparison, the firms receiving the highest multipliers are receiving over $36-90 in return for every $1 "invested." [ECF Nos. 4790 and 4073.]

McCallum, Hoaglund, Cook & Irby, LLP is a small, 4-man law firm, and all case expenses, including those incurred in this matter, are carried by the firm on a case expense line of credit until reimbursed at the conclusion of a case.

Notably, several firms receiving higher multipliers than Tennessee Class Counsel contributed $0 to the Litigation Fund, despite requests from Lead Counsel. These firms, along

2

with their incurred expenses, are highlighted in Exhibit 7 attached hereto. Two (2) law firms incurred **no expenses whatsoever** - - - i.e., they assumed no "hard costs" risk - - - yet were given higher multipliers than Tennessee Class Counsel. Another firm made no contributions to the Litigation Fund and incurred only $1,669.31 in expenses, yet was granted a multiplier of 2.27.

Throughout the course of the litigation, Lead Counsel repeatedly gave assurances that work assignments would be made by considering firms' timely contributions to the Litigation Fund. (*See, e.g.,* Ex. 8: "As you are aware, Lead Counsel considers amounts timely contributed to the litigation fund and reporting of time to be factors in making future work assignments and recommendations to the Court regarding fees. Lead Counsel requests that you contribute $5,000 to the litigation fund.")

Despite these representations from Lead Counsel, the facts indicate that this was not the case. At all times throughout the litigation, Tennessee Class Counsel remained willing, capable, and eager to receive and complete any work or projects needed in the case, and expressed that willingness to Lead Counsel on several occasions. (Ex. 1.) Yet, despite contributions made, no work assignments were forthcoming unless affirmatively sought after and initiated by Tennessee Class Counsel. (*See* Ex. 1; *see also* Ex. 9: "Please let us know if we can help on any document reviews, discovery or any other matters in the CRT litigation, as we would like to get more involved in the cases if there are opportunities."; *see also* Ex. 10: "Please let us know if we can help out in any way on the objections or any other issues leading up to final approval. Thanks.") In contrast, several firms who made $0 contribution to the Litigation Fund received - - - at Lead Counsel's sole discretion - - - substantial work assignments.

Respectfully, Tennessee Class Counsel's monetary contributions to the Litigation Fund far outweigh their level of allowed participation in the case. From a risk/reward standpoint, Tennessee Class Counsel's incurred costs versus its proposed lodestar is disappointing. This risk,

3

in light of the facts referenced above, warrants a higher multiplier.

### B. Tennessee Class Counsel Have Already Substantially Reduced Their Lodestar At Lead Counsel's Request.

In July 2015, Tennessee Class Counsel submitted their total lodestar, along with supporting materials and declaration, to Lead Counsel. (Ex. 1.) This lodestar totaled $311,695 at current rates. (Ex. 1.) This lodestar submission was made to Lead Counsel after a careful review and audit performed by Tennessee Class Counsel to ensure accuracy and efficiency. (Ex. 1.)

In August 2015, Lead Counsel requested that Tennessee Class Counsel delete certain entries from their time sheets, including "unassigned time spent reviewing ECF filings not relevant or beneficial to the prosecution of the case." (Ex. 1.) Tennessee Class Counsel noted to Lead Counsel that, while review of these court filings was not performed at the express direction of Lead Counsel, as counsel for the only Tennessee class representative, review of court filings was performed to adequately, competently, and ethically represent the interests of the Tennessee class representative and putative class members. (Ex. 1.)

Nonetheless, in an effort to cooperate with Lead Counsel, Tennessee Class Counsel agreed to delete certain entries and reduce its lodestar to $199,025, although Tennessee Class Counsel believed that the Special Master would approve their original submission. (Ex. 1.) In exchange for diminishing Tennessee Class Counsel's lodestar by some $112,000 (36%), Lead Counsel indicated to Tennessee Class Counsel that the lodestar reduction would be more than recouped through the multiplier sought in the Award of Attorneys' Fees for IPP class counsel. (Ex. 1.) At no time was there any indication that the adjusted lodestar submitted by Tennessee Class Counsel was less valuable or subject to further diminution in relation to the lodestar submitted by Lead Counsel or certain other Class Counsel. Indeed, Tennessee Class Counsel's lodestar and monetary contributions to the Litigation Fund were given the exact same level of credence as those of Lead

Counsel in the submission to support the multiplier approved by the Court.

Thus, at the request of Lead Counsel, Tennessee Class Counsel agreed to substantially reduce their lodestar submission, with the understanding that the lodestar shortfall would be made up for through the multiplier sought in the Joint Motion for Award of Attorneys' Fees for IPP Class Counsel. (Ex. 1.) The 1.96 multiplier sought by Tennessee Class Counsel will return them to their true incurred lodestar with a negligible multiplier, which is fair and reasonable under the circumstances. (Ex. 1.)

**C.    Even Under The "Factors Considered" Set Forth By Lead Counsel, Tennessee Class Counsel Is Entitled To A Higher Multiplier Based On Their Work Performed.**

In their proposed allocation, Lead Counsel outline approximately five (5) factors they considered in making their allocation. Based on the work they performed, Tennessee Class Counsel are entitled to a higher multiplier when the factors outlined by Lead Counsel are considered:

- **Level of Work Performed** – According to Lead Counsel, drafting important briefs and defending depositions were valued higher than document review and routine discovery work. Tennessee Class Counsel were actively involved in the preparation and defense of the deposition of the Tennessee class representative, including deposition preparation sessions, the deposition itself, and items/information needed following his deposition. Additionally, Tennessee Class Counsel were involved in the research, drafting, and review of portions of Plaintiffs' Opposition to Defendants' Motion to Dismiss that were assigned to Tennessee Class Counsel.

- **Amount of High Level Work Performed** – Tennessee Class Counsel had no control over the amount of work performed or projects assigned to them by Lead Counsel. As stated in Section A, Tennessee Class Counsel expressly and repeatedly requested more work and assignments from Lead Counsel. Tennessee Class Counsel also made requested contributions to the Litigation Fund with the expectation of receiving more work assignments. Respectfully, Tennessee Class Counsel should not be punished due to the quantity of work assigned to them, when such assignments were exclusively within Lead Counsel's control.

- **Quality of the Work Performed** – When Tennessee Class Counsel was assigned work assignments or projects, they completed them in a timely, efficient manner, and at no time was the quality of Tennessee Class Counsel's work questioned or criticized.

- **Level of Risk** – According to Lead Counsel, firms who joined the case prior to settlements or prior to class certification faced more risk than those who joined later. Tennessee Class Counsel joined the case in early 2009, which was relatively early in this nine (9) year litigation. Lead Counsel also states that the "level of risk" takes into consideration whether the firm paid assessments into the Litigation Fund, as well as the amount of time and resources devoted by the firm to the litigation. As stated above, Tennessee Class Counsel routinely made contributions to the Litigation Fund when requested, and has continuously carried that expense on its line of credit. Further, Tennessee Class Counsel, McCallum, Hoaglund, Cook & Irby, LLP, is a small, four (4) lawyer firm, and hence any attorney time and/or resources devoted to this litigation substantially impacted their availability to handle other matters. (Ex. 1.)

- **Billing Efficiency and Rates** – Tennessee Class Counsel was careful to staff and bill this case in an efficient manner. A majority of the work conducted by Tennessee Class Counsel was by one (1) or sometimes two (2) attorneys.

Thus, even when the factors outlined by Lead Counsel are considered, Tennessee Class Counsel are entitled to a higher multiplier based on their contributions.

**D.    The 1.96 Multiplier Approved By The Court Is Fair And Reasonable.**

The IPP in the Notice of Motion and Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Incentive Awards to Class Representatives (hereafter "Motion for Award of Attorneys' Fees") requested a multiplier of 2.13 to 2.3 of the total lodestar submitted by all firms, including MHCI [ECF No. 4071]. This Honorable Court subsequently ordered a fee equivalent to a multiplier of 1.96 in the Order on Attorneys' Fees, Expenses, and Incentive Awards Regarding Indirect Purchaser Plaintiff Settlements (hereafter "Attorneys' Fee Award") [ECF No. 4740]. IPPs' request for a multiplier did not request or contemplate that the Court apply different multipliers for different firms based upon the type of work performed. In

addition, this Court's award of a 1.96 multiplier did not contemplate an award based upon different multipliers for different firms considering the type of work performed. IPPs' request and this Court's award were based upon an across the board application of a multiplier for all time submitted. Now, Lead Counsel's proposed allocation of the aggregate fee award seeks to apply different multipliers to various firms based upon factors not considered in the IPPs' request for fees or the Court's fee award.

Since IPPs' Motion for Award of Attorneys' Fees and this Court's Fee Award were based upon an across the board implementation of the multiplier to all time submitted, the fees to all counsel should be awarded based upon the across the board multiplier of 1.96 and not based upon different multipliers for different firms or the type of work performed as currently contemplated by Lead Counsel's proposed allocation.

As such, MHCI requests a lodestar multiplier of 1.96 of all Counsel's hourly time submitted to the Court.

# CERTIFICATE OF SERVICE

On September 7, 2016 I served the following document(s): TENNESSEE CLASS COUNSEL'S OBJECTION TO LEAD COUNSEL'S PROPOSED ALLOCATION OF AGGREGATE FEE AWARD TO INDIRECT PURCHASER PLAINTIFFS' COUNSEL on the interested parties in this action as follows:

**ALL INTERESTED PARTIES IN THIS ACTION**

- By E-Service: I electronically served the above document(s) via ECF/PACER on all parties opting for e-service and is available for viewing and downloading from the Court's CM/ECF system.

Executed: September 7, 2016

/s/ R. Brent Irby
COUNSEL

8

TENNESSEE CLASS COUNSEL'S OBJECTION TO LEAD COUNSEL'S PROPOSED ALLOCATION OF AGGREGATE FEE AWARD TO INDIRECT PURCHASER PLAINTIFFS' COUNSEL
Case No. 3:07-cv-5944 SC, MDL No. 1917