# Exhibit 8

Document 4817-8   Filed 09/07/16   Page 2 of 4

**Sent:** Monday, April 15, 2013 12:46 PM
**To:** cdc@jinkslaw.com; chris@beltlawfirm.com; joelpsmith@bellsouth.net; Brent Irby; lawyer@consumerlaw.com; mkirk@vtlawfirm.com; cmkester@nwark.com; joel@jeffrieslaw.com; rpohlman@rcalaw.com; epickar@bangsmccullen.com; jbartos@geelaw.com; cwelsh@welsh-law.com; daf@fbdlaw.com; gademi@ademilaw.com; JWyatt@wyattlaw.net; tneeedham@janssenlaw.com
**Cc:** jpatane@tatp.com
**Subject:** CRT Assessment


Counsel:

Please see attached letter.

Joe

Joseph M. Patane
2280 Union Street
San Francisco, CA 94123
Telephone: 415-447-1651
Facsimile: 415-346-0679


This email may contain confidential and privileged material for the sole use of the intended recipient. Any review or distribution by others is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

# *Trump Alioto Trump & Prescott*

ATTORNEYS LLP
2280 Union Street
San Francisco, California 94123
(415) 563-7200
FAX (415) 346-0679

April 11, 2013

**INDIRECT PLAINTIFFS' COUNSEL**

**VIA ELECTRONIC MAIL**

**Re:**   *In re Cathode Ray Tube (CRT) Antitrust Litig.,* **Case No. 07-5944 SC**

Dear Counsel:

On behalf of Interim Lead Counsel, I write to update you on the status of the litigation and to inform you that we need to levy mandatory cost assessments on all indirect plaintiffs' counsel to replenish our litigation fund.

**Litigation Status**

Last year was an eventful one in the CRT case as we prepared to file our motion for class certification.

The defendants substantially completed their document production in late 2011 and so the electronic document review got underway in full force in 2012.  We have approximately 40 attorneys from 21 different firms, including several attorneys who are fluent in Japanese, Korean or Chinese, working on the document review.  The primary goal for the document review in 2012 was to find evidence for our class certification motion.

Beginning in February and continuing through September, the defendants deposed all of the named plaintiffs.  Overall, these depositions went very well.  We also successfully moved to amend the Complaint to add new named plaintiffs for those states which had some problems.  In the end, we were able to show that every named plaintiff purchased a product containing a CRT manufactured by one of the defendants.

From June to August 2012, we took eighteen Rule 30(b)(6) depositions of the defendants.  The focus of these depositions was gathering evidence for class certification, such as information on the homogeneity of CRTs and the CRT distribution chain.  The document review teams were instrumental in finding relevant evidence to facilitate questioning at the depositions, and many firms were involved in taking these depositions. We have reserved time for taking Rule 30(b)(6) depositions on merits issues later.

We filed our motion for class certification and supporting expert report by Dr. Janet Netz on October 1, 2012.  In addition to making a very robust showing that impact and damages are subject to common proof, the motion made an extensive showing on the merits of this case against the defendants.

1

Defendants filed their opposition on December 17, 2012, and we filed our Reply on February 15, 2013. The opposition doesn't even attempt to rebut our evidence of the conspiracy other than to claim, without support, that the agreements reached at the Glass Meetings in Asia did not impact CRT prices in the United States. We have cited TFT-LCD as a blueprint for certifying the class in this case. The hearing on our motion for class certification is set for April 29, 2013.

Following the filing of our class certification motion in October, we immediately began preparing to take merits depositions because the discovery cutoff date was August 30, 2013. The document review switched to focus on preparing for these depositions and was organized into defendant teams. Merits depositions began in December 2012. To date, we have taken the depositions of four Samsung SDI employees (two of these depositions took place in Korea), three Panasonic employees, three former Chunghwa employees (all of these depositions took place in Taiwan) and one Hitachi employee. All of these depositions have been conducted in a foreign language and have required an interpreter. In addition, the vast majority of the documents we have used at these depositions have been in a foreign language. Pursuant to the discovery protocol entered in this case, we have had to get certified translations of all of these foreign language documents.

By Order dated March 3, 2013, the Court extended the discovery cutoff to March 3, 2014. We are continuing to work with defense counsel to schedule additional merits depositions and many more are contemplated over the next few months. We are also working closely with the direct purchaser class counsel as well as counsel for the various direct action plaintiffs.

Finally, we have engaged in settlement discussions with every defendant. These discussions are continuing with several defendants.

## Assessments

We are levying mandatory cost assessments to replenish our litigation costs fund. These assessments are required for us to continue to pay for necessary litigation expenses. Even though class certification briefing is now complete, merits discovery is underway and we continue to incur substantial costs. Currently we have outstanding invoices from our economic expert in connection with class certification, certified translations, data storage, depositions and others, which are rapidly depleting our existing costs fund.

As you are aware, Lead Counsel considers amounts timely contributed to the litigation fund and reporting of time to be factors in making future work assignments and recommendations to the Court regarding fees.

Interim Lead Counsel requests that you contribute $5,000 to the litigation fund.

Please send your assessment, on or before April 26, 2013, to the above address made payable to: CRT ANTITRUST LITIGATION FUND.

Regards:

Joseph M. Patane

2