JOSEF D. COOPER (CASB No. 53015)
TRACY R. KIRKHAM (CASB No. 69912)
JOHN D. BOGDANOV (CASB No. 215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA  94103
Telephone:  (415) 788-3030
Facsimile:  (415) 882-7040
jdc@coopkirk.com
trk@coopkirk.com
jdb@coopkirk.com

*Counsel for Class Representative Steven Ganz*
*And Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION. | **Master File No. 3:07-cv-5944 JST**<br><br>**MDL No. 1917** |
| This Document Relates to:<br><br>All Indirect-Purchaser Action | **DECLARATION OF JOSEF D. COOPER IN SUPPORT OF OBJECTION OF COOPER & KIRKHAM, P.C. TO LEAD COUNSEL'S REVISED PROPOSED ALLOCATION OF AGGREGATE FEE AWARD TO INDIRECT PURCHASER PLAINTIFFS' COUNSEL**<br><br>Judge: Honorable Jon S. Tigar<br><br>Before: Special Master Martin Quinn, JAMS |

DECLARATION OF JOSEF D. COOPER                            Master File No. 3:07-cv5944 JST
                                                          MDL 1917

I, Josef D. Cooper, declare as follows:

1. I am a member in good standing of the State Bar of California, and licensed to practice in the states of California, Illinois and Hawaii.  I am a Principal in Cooper & Kirkham, P.C.  I have personal knowledge of the facts stated in this Declaration and, if called as a witness, I could and would testify competently to them.  I make this Declaration in support of the Objection of Cooper & Kirkham, P.C. to Lead Counsel's Revised Proposed Allocation of Aggregate Fee Award to Indirect Purchaser Plaintiffs' Counsel, filed concurrently herewith.

2. My firm is counsel of record for in this case for named plaintiff and California class representative Steven Ganz, and counsel for the plaintiffs and class representatives in plaintiffs' consolidated amended complaints.  My firm resume was attached as Exhibit 1 to the "Declaration of Josef D. Cooper in Support of Plaintiffs' Application for Attorneys' Fees, Expenses and Incentive Awards," dated September 23, 2015 ("Fee Declaration") (Dkt. 4073-6).  The substantial roles that the members of my firm took in the litigation and the involvement of my firm in all aspects of the proceedings is described in detail in my Fee Declaration and will not be repeated here.  The hours spent on the litigation from its inception through May 31, 2015, for which compensation is being sought were detailed in Exhibit 2 of the Fee Declaration, along with lodestar calculations by person by year at the rates charged to the firm's hourly clients during the period that the services were rendered.  The firm's total lodestar for that period at historical rates is $3,068,480.00 at 2015 rates.

3. The lodestar stated in the Fee Declaration was calculated in the same manner that the firm prepares its billing statements to its hourly clients.  Cooper & Kirkham represents clients in both contingency class actions and on an hourly fee basis.  Indeed, there are years in which a substantial portion of the firm's income is derived from its hourly practice.  We do not distinguish between class actions and hourly representations in the way the firm personnel contemporaneously

DECLARATION OF JOSEF D. COOPER - 1 - Master File No. 3:07-cv5944 JST
 MDL 1917

record their time, or in the way that the billing partners prepare statements for submission to hourly clients or to courts in class action contingency representations.

4. In both instances, all contemporaneously maintained time records in a given manner are reviewed by either Tracy Kirkham or me, and time that appears to have been duplicative, excessive or devoted solely to reviewing the work of other lawyers for general informational purposes is removed before calculating the cost of the services for which payment is requested from the client (in the case of hourly representations) or the court (in class action contingency cases). This practice, which is commonly called "billing judgment" in hourly representations, was employed to generate the lodestar calculations in Exhibit 2 to the Fee Declaration.

5. Attached as Exhibit A is a true and correct copy of an email string containing emails between Lead Counsel Mario N. Alioto and me dated August 18, 2015 and August 21, 2015. Attached as Exhibit B is a true and correct copy of an email from Mario Alioto to me dated September 2, 2015. These emails concern Lead Counsel's request for clarification of charges by Veritext, and his request that I remove a certain statement from my declaration to be submitted in support of my firm's fee request. As a result of the exchange regarding the Veritext charge, it was re-categorized in the final version of my fee declaration.

6. Attached as Exhibit C is a true and correct copy of an email string containing emails I received and sent between December 30, 2015 and January 6, 2016 regarding Lead Counsel's request that I agree to remove from my firm's cost reimbursement request charges for "Economy Plus" seating for Mr. Bogdanov's deposition air travel.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of September, 2016, in San Francisco, California.

                                                  /s/ Josef D. Cooper
                                                  Josef D. Cooper

# EXHIBIT A

# John Bogdanov

| | |
|---|---|
| **From:** | Josef Cooper |
| **Sent:** | Friday, August 21, 2015 4:43 PM |
| **To:** | John Bogdanov |
| **Subject:** | FW: CRT/Fee Declaration |
| **Attachments:** | C&K Veritext Invoices.pdf |

John    see below

I put it in the fee decl folder for emails

Josef D. Cooper
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: 415-788-3030, Ext. 305
Facsimile: 415-882-7040
e-mail: jdc@coopkirk.com


------ Forwarded Message
**From:** Josef Cooper <jdc@coopkirk.com>
**Date:** Fri, 21 Aug 2015 16:35:55 -0700
**To:** Mario Alioto <MAlioto@TATP.com>
**Conversation:** CRT/Fee Declaration
**Subject:** Re: CRT/Fee Declaration


Mario,

Pursuant to your email below, attached are the invoices we paid to Veritext. They all pertain to real-time transcriptions at depositions which John Bogdanov attended as IPP counsel , plus one rough transcript. For your information, Veritext originally charged us for hard copies of various transcripts and other charges which were never ordered. After much back-and-forth, John got Veritext to withdraw those invoices. The only charges we agreed to pay were the charges pertaining to services of which John specifically remembers availing himself. The remaining charges which our bookkeeper put in the "Court Reporter/Transcripts" category are for PACER, which perhaps should have been put into the "Court Costs" category.

With regard to your request that I revise my Declaration by removing page 6 lines 17-20, I confess that I don't follow your reasoning. As stated in my Declaration, I included that sentence in the first instance specifically because I did not want my decision to exclude my personal time to reflect on Fran's inclusion of his time for some of the same activities. If I remove the language as you request, the implication is that Fran should not have asked for compensation for his time either. This is the exact opposite of my intent, which, in your words, is that all counsel "get a fair and reasonable fee . . . ."

Joe

On 8/18/15 11:57 AM, "Mario Alioto" <MAlioto@TATP.com> wrote:

Joe, could you please revise your fee declaration to eliminate the statement at page 6 lines 17-20 about not having your decision to eliminate certain time reflect upon Fran's decision to include the time.  This varies from the standard language of the other declarations, is problematic, and not appropriate at this time.  The goal is to get a fair and reasonable fee for all counsel, not inject issues relating to individual firms which may or may not ever arise.

Could you also provide me with any invoices which you have paid to Veritext court reporters.

I will need your revised declaration and any invoices by the end of the week.  Thanks.  Best regards.


Mario N. Alioto
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone:415 447-1650
Facsimile:415 346-0679

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by e-mail and delete the message and any attachments.


Josef D. Cooper
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: 415-788-3030, Ext. 305
Facsimile: 415-882-7040
e-mail: jdc@coopkirk.com


------ End of Forwarded Message

# EXHIBIT B

**John Bogdanov**

| | |
|---|---|
| **From:** | Mario Alioto <MAlioto@TATP.com> |
| **Sent:** | Wednesday, September 02, 2015 12:46 PM |
| **To:** | Josef Cooper |
| **Subject:** | RE: CRT/Fee Declaration |

I am afraid I still disagree with the language of =our fee declaration for the reasons stated.  You are now on record =s stating that you don't want to prejudice Fran, so there is no need =o continue to include the language in your declaration to this =ffect.  We would appreciate it if you make this change to your =eclaration by the end of the week.


Either way, we still intend to include your fees =nd expenses in our fee motion.


Regarding the issue you raised about your =xpenses, if you feel it would be more accurate to amend your list of =xpenses, please do so by the end of the week.  =hanks.



Mario N. Alioto

TRUMP, ALIOTO, TRUMP & PRESCOTT, =LP

2280 Union Street

San Francisco, CA 94123

Telephone:415 447-1650

Facsimile:415 346-0679


This message is sent by a law firm and may =ontain information that is privileged or confidential. If you received =his transmission in error, please notify the sender by e-mail and =elete the message and any attachments.


**From:** Josef Cooper [mailto:jdc@coopkirk.com]
**Sent:** Friday, =ugust 21, 2015 4:36 PM
**To:** Mario Alioto
**Subject:** =e: CRT/Fee Declaration

1

Mario,

Pursuant =o your email below, attached are the invoices we paid to Veritext. =nbsp;They all pertain to real-time transcriptions at depositions which =ohn Bogdanov attended as IPP counsel , plus one rough transcript. =nbsp;For your information, Veritext originally charged us for hard =opies of various transcripts and other charges which were never =rdered.  After much back-and-forth, John got Veritext to withdraw =hose invoices.  The only charges we agreed to pay were the charges =ertaining to services of which John specifically remembers availing =imself.  The remaining charges which our bookkeeper put in the =93Court Reporter/Transcripts" category are for PACER, which perhaps =hould have been put into the "Court Costs" category.

With =egard to your request that I revise my Declaration by removing page 6 =ines 17-20, I confess that I don't follow your reasoning. =nbsp; As stated in my Declaration, I included that sentence in the =irst instance specifically because I did not want my decision to =xclude my personal time to reflect on Fran's inclusion of his time =or some of the same activities.   If I remove the language as =ou request, the implication is that Fran should not have asked for =ompensation for his time either.   This is the exact opposite =f my intent, which, in your words, is that all counsel "get a fair =nd reasonable fee . . . ="

Joe

On 8/18/15 11:57 AM, =quot;Mario Alioto" <MAlioto@TATP.com> =rote:
Joe, could you please revise your fee declaration to eliminate =he statement at page 6 lines 17-20 about not having your decision to =liminate certain time reflect upon Fran's decision to include the =ime.  This varies from the standard language of the other =eclarations, is problematic, and not appropriate at this time. =nbsp;The goal is to get a fair and reasonable fee for all counsel, not =nject issues relating to individual firms which may or may not ever =rise.

Could you also provide me with any invoices which =ou have paid to Veritext court reporters.

I will need your =evised declaration and any invoices by the end of the week. =nbsp;Thanks.  Best regards.

Mario N. =lioto
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union =treet
San Francisco, CA 94123
Telephone:415 =47-1650
Facsimile:415 346-0679

This message is sent by = law firm and may contain information that is privileged or =onfidential. If you received this transmission in error, please notify =he sender by e-mail and delete the message and any =ttachments.

Josef D. Cooper

COOPER & KIRKHAM, P.C.
357 Tehama =treet, Second Floor
San Francisco, CA 94103
Telephone: =15-788-3030, Ext. 305
Facsimile: 415-882-7040
e-mail: jdc@coopkirk.com

# EXHIBIT C

# John Bogdanov

| | |
|---|---|
| **From:** | Josef Cooper |
| **Sent:** | Wednesday, January 06, 2016 4:27 PM |
| **To:** | Carla Voigt; John Bogdanov |
| **Cc:** | Nathan Cihlar; 'Mario N. Alioto'; 'Joe Patane'; Lawrence Papale |
| **Subject:** | Re: CRT Expense Submission |

Carla -- Yes, we received your first email   I didn't understand that any reply was necessary since you neither requested one nor set a deadline.  Candidly, my reaction on getting your email was:  "Seriously?  They are really going to disallow $600 for a 6'4", 235lb. person to get a few inches of extra leg room while flying coach."  That said, I have no intention of objecting.

Joe

---

**From:** Carla Voigt <CVoigt@straus-boies.com>
**Sent:** Wednesday, January 6, 2016 12:56 PM
**To:** John Bogdanov; Josef Cooper
**Cc:** Nathan Cihlar; 'Mario N. Alioto'; 'Joe Patane'; Lawrence Papale
**Subject:** FW: CRT Expense Submission

Joe and John,

I hope all is well.  I have not heard back from you to confirm that you received my email regarding the reductions to your expense submission for the CRT litigation.  Please let me know by **COB today** that you have received my email and whether you agree to the recommended cuts.  If we do not hear back from you by the end of the day today, we are going to go ahead and send our recommendations to the Special Master.

Thank you,

Carla Voigt
Straus & Boies, LLP
4041 University Drive, 5th Floor
Fairfax, VA 22030
P  703.764.8700  l  F  703.764.8704
cvoigt@straus-boies.com

**From:** Carla Voigt
**Sent:** Wednesday, December 30, 2015 5:32 PM
**To:** 'jdb@coopkirk.com' <jdb@coopkirk.com>; 'jdc@coopkirk.com' <jdc@coopkirk.com>
**Cc:** 'Mario N. Alioto' <malioto@tatp.com>; 'Joe Patane' <jpatane@tatp.com>; 'Lawrence Papale' <lgpapale@papalelaw.com>; Nathan Cihlar <ncihlar@straus-boies.com>
**Subject:** CRT Expense Submission

Joe and John,

I hope you are having a wonderful holiday season.

Lead counsel in the CRT Litigation has led another review of the expense submissions for all IPP firms to ensure that each submission complies with the guidelines set up by Judge Tigar during the DPP fee and expense proceedings. Pursuant to this review, we plan to submit to Judge Tigar a reduction in the expense submission for Cooper & Kirkham, P.C. of **$634.00**. This reduction is based on the following expenses:

| Date | Description/Reason | Original Amount |
| --- | --- | --- |
| 5/15/2014 | United airlines - additional charge for Economy Plus seat upgrade ($95.00) | $95.00 |
| 5/26/2014 | United airlines - additional charges for extra legroom ($79.00) and Economy Plus seat ($109.00) | $188.00 |
| 8/14/2014 | United airlines - additional charges for bulkhead premium seat ($99.00) and economy plus seat ($89) | $188.00 |
| 9/11/2014 | United airlines - additional charges for extra legroom ($84.00) and economy plus seat ($79) | $163.00 |

If you have any questions about this review, please feel free to contact us to discuss.

Best,

Carla Voigt
Straus & Boies, LLP
4041 University Drive, 5th Floor
Fairfax, VA 22030
P 703.764.8700 l F 703.764.8704
cvoigt@straus-boies.com


==========================================
DISCLAIMER: This electronic message transmission contains information from the law offices of Straus & Boies, LLP and may contain confidential and/or privileged information. If you are not the intended recipient, please be aware that any review, reproduction, dissemination or other use of the contents is prohibited. If you have received this transmission in error, please delete it from your system immediately and notify the sender via return email or by calling (703)764-8700.