Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
Aya Kobori (*pro hac vice*)
akobori@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation,
Toshiba America, Inc., Toshiba America
Information Systems, Inc., Toshiba America
Consumer Products, L.L.C., and
Toshiba America Electronic Components, Inc.*

Additional Counsel on Signature Pages

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 JST<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL ACTIONS | **THE TOSHIBA AND PANASONIC DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER** |

1   Pursuant to the Order Appointing Special Master for Discovery (ECF No. 2272,
2   ¶ 6.b), and Civil L.R. 72-2, the Toshiba and Panasonic Defendants respectfully move this
3   Court for relief from the Special Master's Recommended Order dated August 24, 2016 (ECF
4   No. 4799), resolving the translation objections to several Japanese-language documents on
5   which the parties remained at an impasse.  For some of the disputed translations, the Special
6   Master added his own language to the translation that (i) neither party proposed, (ii) the
7   Special Master's neutral translator did not propose, and (iii) is unsupported by the original
8   Japanese text.  In doing this, the Special Master veered outside of his authority to resolve
9   translation objections.  If the Special Master rejects the parties' submissions, he should be
10  bound by his neutral, Japanese-language translator's proposed translations.  Therefore, this
11  Court should reject the Special Master's recommendations for the below documents and adopt
12  the neutral translator's proposed translations.

### STANDARD OF REVIEW

14  Pursuant to Rule 53(f)(3) of the Federal Rules of Civil Procedure, the Court must
15  decide de novo the Special Master's recommended findings.  Fed. R. Civ. P. 53(f)(3); *see also*
16  ECF No. 4279 (holding that absent a stipulation findings of fact are reviewed *de novo*).

### BACKGROUND

18  On May 17, 2016, in accordance with the Order Adopting Reports and
19  Recommendations Related to the Translation-Objection Resolution Protocol (ECF No. 4657),
20  the parties submitted their positions on Tranche 1 translation objections for Japanese
21  documents.  The Special Master employed a neutral Japanese translator nominated by the
22  parties to assist the Special Master.  Rather than have the neutral translator choose between
23  the two proposed translations, the Special Master asked her to provide her own translation
24  without reviewing the parties' translations.  *See* ECF Nos. 4799; 4799-1 ("Exhibit A").

### ARGUMENT

26  In four of his recommended "Resolved Translations" (Exhibit A Nos. 3, 4, 17 and 18),
27  the Special Master disregarded all of the proposed translations provided by the parties *and* the
28  neutral translator and essentially created *his own* English translation of a Japanese-language

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1  document. These translations insert subjects into sentences where they do not exist in the
2  original Japanese. Despite the Special Master's reasoning that these subjects could be
3  inferred, even his neutral translator intentionally omitted "inferred" subjects, recognizing that
4  the subjects simply do not exist in the original. The final, certified English-language
5  translations should be an accurate reflection of the original Japanese-language text; subjects
6  should not be inferred or added for the sake of grammatical accuracy in English. *See* Senko
7  K. Maynard, Japanese Communication: Language and Thought in Context 104 (1997) (noting
8  that Japanese does not require a subject and verb when constructing a sentence). The Toshiba
9  and Panasonic Defendants object to the following four translations:

10 **3. Ex 1777 at MTPD-0419572**

| **Plaintiffs' Proposed Translation** | **Defendants' Proposed Translation** |
|---|---|
| We requested that they maintain it, and it was agreed. | Request was made to maintain and an acknowledgement was obtained. |
| **Neutral Translator's Proposed Translation** | **Resolved Translation** |
| Requested that they maintain, and they agreed. | [We] requested that they maintain, and they agreed. |

16  The issue in this sentence is whether "we" as a subject can be inferred. The Japanese
17  language frequently omits subjects in the sentence, leaving the reader to infer the subject *if*
18  *possible*. The Special Master explains that "brackets are used to show the absence of the
19  word in the original text, as is the practice for professional translations" and that the "we" can
20  be inferred by context. ECF No. 4799-1, at 4. The neutral translator, however, omits the
21  subject altogether in her proposed translation. *Id*. This omission indicates a lack of clarity as
22  to the subject, and thus the subject "we" should not be assumed. For other translations, the
23  neutral translator inserted a subject when she determined that a subject *could* be inferred. *See*
24  *e.g.*, *id*. at 6 (inferring the subject "I" in the neutral translator's proposed translation for
25  Ex. 1787). Therefore, this Court should adopt the neutral translator's proposed translation as
26  the resolved translation for this passage.

27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**4. Ex. 1787 at TSB-CRT-00041862.**

| **Plaintiffs' Proposed Translation** | **Defendants' Proposed Translation** |
|---|---|
| Today, I telephoned Executive Director D. Y. KIM of SDI to remind him of our understanding, but unfortunately, he was on a business trip to Taiwan and could not be reached, so I talked to his subordinate, General Manager J.JO (assigned to SEC) and confirmed our intention and their situation. | Today, telephoned Executive Director D. Y. KIM of SDI to remind him of our ideas, but unfortunately, he was on a business trip to Taiwan and could not be reached, so talked to his subordinate, General Manager J JO (assigned to SEC) and confirmed our intention and their situation. |
| **Neutral Translator's Proposed Translation** | **Resolved Translation** |
| Today, TELed SDI's Managing Director D.Y. KIM to remind [him] of our will but unfortunately could not reach him due to [his being] on a business trip to Taiwan, so talked to his subordinate General Manager J. JO (in charge of SEC) and confirmed our intention and their situation. | Today, I telephoned Executive Director D. Y. KIM of SDI to remind him of our desire, but unfortunately, he was on a business trip to Taiwan and could not be reached, so I talked to his subordinate, General Manager J JO (assigned to SEC) and confirmed our intention and their situation. |

The issue in this sentence is whether "I" as a subject can be inferred. The Special Master notes that the neutral translator explained that "the author is reporting his telephone call," and concludes that inferring "I" as the subject would be appropriate. *Id*. The neutral translator, however, does not include the "I", again recognizing that inferring the subject in this instance would be inappropriate. Therefore, this Court should adopt the neutral translator's proposed translation as the resolved translation for this passage.

**17. Ex 1942 at MTPD-0024384**

| **Plaintiffs' Proposed Translation** | **Defendants' Proposed Translation** |
|---|---|
| During this conversation, it was mentioned that there is a shortage of 32V product and the price is not going to decline as the year comes to a close, so [Toshiba] would definitely like to have [us] maintain the price. | In that, it was mentioned that there was a shortage of 32V products and the price was not in the direction of a decline as the year comes to a close, so would definitely like to have the price maintained. |
| **Neutral Translator's Proposed Translation** | **Resolved Translation** |
| Within that, regarding price, there is a shortage of 32V products, and the price is not heading downward toward the end of the year, so [he] requested that price please be maintained. | In that, it was mentioned that there was a shortage of 32V products and the price is not heading downward as the year comes to a close, so [Toshiba] requested that [we] maintain the price. |

**18. Ex 1942 at MTPD-0024384**

| **Plaintiffs' Proposed Translation** | **Defendants' Proposed Translation** |
|---|---|
| [Toshiba] is particularly concerned about the Sharp price, and they also know that MDDA obtained the Sharp Project, and [we] were told regarding the price that they would like for us not to lower the price more than the offering price even if Sharp requests it. | Particularly concerned about Sharp prices. The fact that MDDA was awarded the Sharp project is also known to Toshiba and with respect to prices, even if there is a request from Sharp, was told not to lower more than the offered price. |
| **Neutral Translator's Proposed Translation** | **Resolved Translation** |
| He is particularly concerned about Sharp prices; Toshiba knows as well that MDDA won the Sharp project, and I was told that even if there is a request from Sharp about price, he would like us not to lower it more than the price already submitted. | He [Toshiba] is particularly concerned about Sharp prices; Toshiba knows as well that MDDA won the Sharp project, and he told me that even if Sharp requests it, Toshiba would like for us not to lower the price more than the offering price. |

The variations of subjects among the proposed translations for these two sentences show that inferring a subject here is improper. The Special Master's Resolved Translations add "[Toshiba]" in the sentences despite the original Japanese not having included the term "Toshiba" at all. *Id.* at 20-21. The Special Master notes that it was clear that the caller was from Toshiba and thus Toshiba made the request. *Id.* In such a situation, however, the subject should be the caller "he," rather than "Toshiba," as indicated in the neutral translator's proposed translations. Because of the lack of clarity as to the subject in this sentence, this Court should adopt the neutral translator's proposed translations as the resolved translations for these passages.

**CONCLUSION**

For the reasons stated above, the Court should reject Special Master Walker's proposed "Resolved Translation" and adopt the neutral translator's proposed translation as the "resolved translation" for entries 3, 4, 17 and 18 of Exhibit A to the Report and Recommendation Order Resolving Translation Objections Re Japanese Documents – Tranche 1.

|   |   |   |
|---|---|---|
| 1 |   | Respectfully submitted, |
| 2 | Dated: September 7, 2016 | WHITE & CASE LLP |
| 3 |   |   |
| 4 |   | By:  /s/ Dana E. Foster |
| 5 |   | Christopher M. Curran (*pro hac vice*)<br>ccurran@whitecase.com |
| 6 |   | Dana E. Foster (*pro hac vice*)<br>defoster@whitecase.com |
| 7 |   | Aya Kobori (*pro hac vice*) |
| 8 |   | akobori@whitecase.com |
| 9 |   |   |
| 10 |   | 701 Thirteenth Street, N.W.<br>Washington, DC  20005 |
| 11 |   | tel.: (202) 626-3600<br>fax: (202) 639-9355 |
| 12 |   |   |
| 13 |   | *Counsel to Defendants Toshiba Corporation, Toshiba America, Inc.,* |
| 14 |   | *Toshiba America Information Systems, Inc.,* |
| 15 |   | *Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic* |
| 16 |   | *Components, Inc.* |
| 17 |   |   |
| 18 |   | WINSTON & STRAWN LLP |
| 19 |   |   |
| 20 |   | By: */s/ Jeffrey L. Kessler*<br>JEFFREY L. KESSLER *(pro hac vice)* |
| 21 |   | ALDO A. BADINI (257086)<br>EVA COLE *(pro hac vice)* |
| 22 |   | MOLLY M. DONOVAN *(pro hac vice)* |
| 23 |   | **WINSTON & STRAWN LLP**<br>200 Park Avenue |
| 24 |   | New York, New York 10166-4193 |
| 25 |   | Telephone: (212) 294-6700<br>Facsimile: (212) 294-4700 |
| 26 |   | Email: jkessler@winston.com |
| 27 |   |   |
| 28 |   |   |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

THE TOSHIBA AND PANASONIC DEFENDANTS'
MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER
Case No. 07-5944 JST
MDL No. 1917

DAVID L. YOHAI *(pro hac vice)*
ADAM C. HEMLOCK *(pro hac vice)*
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: david.yohai@weil.com

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CERTIFICATE OF SERVICE**

On September 7, 2016, I caused a copy of "THE TOSHIBA AND PANASONIC DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 2, 2008.

                                            */s/ Aya Kobori*
                                             Aya Kobori

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005