1  Theresa D. Moore (99978)
   Attorney At Law
2  One Sansome Street, 35th Floor
   San Francisco, CA 94104
3  Telephone: (415) 434-8900
   Facsimile: (415) 434-9200
4  tmoore@aliotolaw.com
   *Counsel for Indirect Purchaser Plaintiffs*

5

6                **UNITED STATES DISTRICT COURT**

7              **NORTHERN DISTRICT OF CALIFORNIA**

8                  **SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944 JST MDL No. 1917 |
| | **CLASS ACTION** |
| This Document Relates to: | **OPPOSITION OF THERESA D. MOORE, ESQ. TO LEAD COUNSEL'S PROPOSED ALLOCATION OF AGGREGATE FEE AWARD TO INDIRECT PURCHASER PLAINTIFFS' COUNSEL** |
| All Indirect Purchaser Actions | **Hearing Date Requested** Time: None Set Judge: Honorable John S. Tigar Court :JAMS Special Master: Martin Quinn, JAMS |

                         **INTRODUCTION**

        My Attorney Fee Declaration in the case at bar described and requested payment for

$209,768.65 for work over a 9 year period.  Out of the $158,606,250.00 million dollar fee awarded

by the Court Lead Counsel recommends $19,000 for my allocation for 9 years of work.

        I object to that reduced allocation.

        My original Fee Declaration given to Lead Counsel listed 250.6 hours of work over a 9

year period for a $209,768.65 lodestar. At the request of Lead Counsel I reduced my lodestar to

$173,363.45, cut hours, voluntarily reduced my rate, and revised my Declaration twice.  Without

so much as a courtesy phone call Lead Counsel simply slashed the lodestar 70%, then further

Opposition Of Theresa D. Moore, Esq. To Lead Counsel's Proposed Allocation Of Aggregate Fee Award To Indirect Purchaser Plaintiffs' Counsel

Case No. 3:07-cv-5944, MDL No. 1917

1 slashed it 10%, then gave me a negative multiplier, a further reduction, and finally settled at

2 $19,000.

3                               **WORK AND EFFORTS OF COUNSEL**

4          At $209,768.65 I am one of the lowest lodestars in the case. [1] As an experienced antitrust

5 attorney, author, mediator, law professor, prior District Attorney, and as a lead counsel for the

6 LCD case, I was satisfied to see Lead Counsel appointed herein, and had hope he would do a good

7 job for CRT in his turn as Lead Counsel.  I support giving many lawyers the opportunity to work

8 on these cases, and spreading out the opportunities. Thus, I did not seek to become a major player

9 for hourly work, nor did I hire document reviewers billed out at a higher rate than their pay to

10 increase my lodestar.  However, I have been involved in the CRT litigation from the earliest stages

11 while Of Counsel with Alioto Law Firm, including the initial investigation of claims, preparation

12 of pleadings, research of the industry, attending court appearances and monitoring of the MDL

13 process.  At the firm I interviewed clients and reviewed documentation in support of their claims. I

14 kept them apprised of developments throughout the case, and attended court hearings. From the

15 beginning I have advised and counseled regarding strategy and tactics of the litigation including

16 areas of discovery, motion practice, trial, and prospectively with recommendations for

17 administration of claims to save the class money. My efforts in CRT were targeted, strategic

18 efforts to bolster and strengthen the case. As an LCD lead counsel deeply involved in the evidence

19 in LCD I knew the CRT conspiracy was stronger than LCD and I knew where much of the

20 evidence could be found and advised of such. I communicated with Lead Counsel and co counsel

21 when necessary and possible regarding status of the case, strategy of the case, assignments,

22 discovery, witnesses, law, motions, upcoming deadlines, and I investigated historical, financial and

23 business research on defendants.

24          For 9 years I did keep abreast of the case; as a named attorney on the case I have a clear

25 responsibility to the class and clients, and ethically cannot simply abandon my clients or the class

26

27 [1] Herein I am requesting and applying for fees as IPP Counsel while Of Counsel at Alioto Law

28                                                    2

Opposition Of Theresa D. Moore, Esq. To Lead Counsel's Proposed Allocation Of Aggregate Fee Award To Indirect
Purchaser Plaintiffs' Counsel

Case No. 3:07-cv-5944 SC, MDL No. 1917

1   for 9 years.  Yet, in order to be efficient I only spent an average of 27 hours *per year* on the case.

2   Or alternately stated, 2 hours per month.

3        As a named attorney I was never given a regular update on the case by Lead Counsel, nor

4   invited to or informed of any Plaintiffs' Counsel meeting, nor any Plaintiffs' Counsel conference

5   call to update lawyers on the case, nor was I ever provided with any of Plaintiffs un-redacted

6   sealed documents, despite having requested some. In asking more active attorneys about the status

7   of the case, most of the time they did not know anything. Thus I needed to educate myself to fulfill

8   my duty to the class and client class members.  Lead Counsel served me with their papers, and

9   since they were not communicating with me, and no one seemed to have knowledge of the status

10  of the case, I had an obligation to review the docket, and review particular filings. I was never told,

11  nor did I ever receive anything that directed me to not read the filings I was served with or the

12  docket, or to limit my work in any way.  I do not recall having received any such instructions, and

13  I have searched and have found no documentation received by me which instructs me to not read

14  any filings, not discuss the case with co counsel, or not do any work at all unless I was specifically

15  assigned to do so by Lead Counsel. I was very judicious in my reading of documents, and only did

16  so when I felt it necessary for a legal or case strategic reason.  From time to time as necessary I

17  would call, or see, and sometimes email, Lead Counsel and discuss and/or warn him of certain

18  issues that others did not see and advise him based on my experience in other antitrust cases and in

19  LCD.  I communicated with him, for instance about the reversed burden of proof in the Proposed

20  Protective Order, which strategically, much later, has a massive effect on the value of the case,

21  also for example about which specific witness to target and depose, location of evidentiary

22  documents, transparency issues, distribution and administration recommendations, etc., all in an

23  effort to streamline and strengthen the case based on my knowledge and experience of the

24  industry, the defendants, the defense and government attorneys, and the case.

25       Contrary to the verbiage in Lead Counsel's recommendation, this does not show working at

26  cross-purposes to the class or Lead Counsel as alleged in the allocation, nor does it show worthless

27  effort, even though it is so small, nor does it show billing issues.  I willingly and repeatedly

28

Opposition Of Theresa D. Moore, Esq. To Lead Counsel's Proposed Allocation Of Aggregate Fee Award To Indirect
Purchaser Plaintiffs' Counsel

Case No. 3:07-cv-5944 SC, MDL No. 1917

followed Lead Counsel's specific directions regarding the Declaration for Attorney Fees and did everything Lead Counsel requested, adding detail and names where requested when supported by independent recollection or documentation, etc.  I prepared and edited at Lead Counsel's request and direction, and timely sent to Lead Counsel my Declaration for Fees on 3 separate occasions, editing after receiving specific instructions to do so and having been given a dramatically short time frame to do so. (Decl Moore, Ex A, B, C) Lead Counsel then wrote that I was not given any assignments, and would therefore only be partially paid, for 2007 and 2008 only. I again prepared the Declaration as requested and truthfully wrote in Paragraph 13-14 (Decl Moore Ex. C) that:

13. The number of hours reasonably expended and presented herein from 2007-2008 by me is 33.25 hours.  …….Lead counsel requests that I discount and submit time only for 2007-2008 at reduced rate and hours of 33.25 hours, which I do herein.  Expense hours are not duplicated in my lodestar.

14. The total number of I hours reasonably expended on this from inception to May 31, 2015 is 230.4 hours.  Over the entire 9 year prosecution of the case my time expended was not duplicative or wasteful, and was necessary to abide by my ethical duties as representing multiple clients. The total lodestar at historical rates is $172,363.45. The total lodestar at current rates is $183,168.00. The hours expended by me were for the benefit of my clients and the class. Exhibit 2 reflects my time so reduced, but my actual time, effort, and lodestar for which I do apply herein is reflected in the pre-discounted hours and lodestar as described herein.

Upon receiving the above quoted second revised Declaration Lead Counsel told me they would not file it nor my earlier Declaration with the discounted lodestar ((with the discounted lodestar of Decl Moore Ex B) , nor would they pay me for *any* effort past 2008. I requested they do file the Declaration for the Court and Special Master, but I did not receive a reply to my request and Lead Counsel did not file it. I subsequently filed it in the District Court (Dkt 4076,; Moore Decl Ex B) and on JAMS CaseAnywhere Filed on 12/8/2015.

Opposition Of Theresa D. Moore, Esq. To Lead Counsel's Proposed Allocation Of Aggregate Fee Award To Indirect Purchaser Plaintiffs' Counsel

Case No. 3:07-cv-5944 SC, MDL No. 1917

## VALUE OF THE WORK AND EFFORT

The value of these 9 years of effort is proven by later events. It was only through the knowledge, foundation and familiarity with the CRT case, gained from over 9 years of work, which later led to my discovery of facts, which then led to $14 million being returned to the class, and importantly the complete erasure of appellate issues.  I never acted at cross-purposes to the class or Lead Counsel, and have always acted professionally, respectfully, courteously, and never with any animosity or acrimony.  As it should be with all Lead Counsel my allegiance is to the class, and only due to this background and knowledge in the case was I able to know important facts that were not presented to the Court, as they should have been to avoid having the case be overturned on appeal. This minimal time that I request herein does not deserve an 80+% slash in lodestar or a *negative multiplier*.

## PROPOSED ALLOCATION METHODOLOGY

With regard to Lead Counsel's allocation process and chart, it is contrary to public policy to penalize the attorneys who bring to light issues which increase the value flowing to the class members, and only rewards the attorneys who keep quiet and agree to agree. Reducing an attorney's fees and giving a negative multiplier is inappropriate especially herein where the lawyers affected have brought such a benefit to the class, and brought to light errors and due process issues which can now be corrected. To have well regarded lawyers make good faith objections in order to have a solid settlement and then apparently be penalized for doing so is egregious and demonstrates a potential conflict among and between Lead Counsel and the classes, and should be remedied now before the case goes further.

In addition, contrary to its argument to the Court in its Motion For Attorneys Fees Lead Counsel now uses a clumsily jerry-rigged lodestar method to allocate fees to its workforce of attorneys. As agued in the Motion For Attorney Fees, the percentage method aligns itself with the interests' of the class, and is fair to the attorneys. The contingency method of allocation will reward attorneys for their respective and varied contributions for the common benefit. The use of

5

Opposition Of Theresa D. Moore, Esq. To Lead Counsel's Proposed Allocation Of Aggregate Fee Award To Indirect Purchaser Plaintiffs' Counsel

Case No. 3:07-cv-5944 SC, MDL No. 1917

the proposed lodestar method for the allocation among the attorneys is unfair and unjust and does

not properly consider the result achieved and the various types of contributions made by the many

attorneys. It appears to simply favor those who lowered their lodestar for the Court as told to do by

Lead Counsel, and now seeks to exponentially re-grow only the lodestar of the favored few, while

simultaneously seeks exponential decay for those assigned a negative multiplier. Although

efficiency, lower costs, and results based orientation was argued in the Motion for overall attorney

fees, it seems to be no longer in play and only those favored for agreeing to agree are being fairly

compensated out of the $158,000,000 million.  The others are penalized. It is shocking Lead

Counsel would offer no or negative lodestar multipliers to attorneys on the case who did as

requested by Lead Counsel and continually and on multiple occasions lowered their hours and

rates.  Rather, to be fair the method should look to a percentage of the contingency fee awarded

and give every attorney their respective due.  I know of many attorneys who were afraid to

complain when their lodestar was reduced, and many of those that complained are now unfairly in

disfavor, or are afraid to speak up for fear it will be lowered further if they make any noise.

Afterward when I complained personally to Lead Counsel I was told "Don't worry about it", yet it

appears that I should not have relied on that statement, because a 90% reduction on an already

reduced lodestar does not seem fair or just.

My original Fee Declaration described a lodestar for $209,768.65 for 250.6 hours work

over a 9 year period, 27 hours per year, at a rate substantially lower than my normal rate, now

reduced *even lower than my rate from 2007-2008*. The lodestar always has demonstrated an

extreme efficiency due to my deep experience. At the request of Lead Counsel I reduced my hours,

I further reduced my hourly rate, and reduced my lodestar to $173,363.45, which is $183,168 000

at my current reduced *pre 2008* rates. As requested by Lead Counsel I filled in detail and names of

counsel where I was able to do so by independent recollection or written evidence, such as a

calendar; I deleted some entries even if I did not agree they should be deleted, and without being

asked I further reduced my hourly rate.  I did everything Lead Counsel requested of me, and more,

on multiple occasions, and Lead Counsel only submitted reduced fees for me for 2007-8, coldly

Opposition Of Theresa D. Moore, Esq. To Lead Counsel's Proposed Allocation Of Aggregate Fee Award To Indirect
Purchaser Plaintiffs' Counsel

Case No. 3:07-cv-5944 SC, MDL No. 1917

1   deleted 7 years of work, and did not file my Declaration.  After working diligently to do as Lead

2   Counsel asked, Lead Counsel simply slashed the lodestar 70%, then further slashed it 10%, then

3   gave me a negative multiplier, a further reduction, and finally settled at $19,000.

4

5                                    **CONCLUSION**

6          I request at minimum to be paid for my average 27 hours of work per year, during the

7   course of this case per the attached Declarations plus a fair multiplier, or a fair contingency of the

8   fee awarded to IPP counsel.  A contingency of .75 as a percentage of the overall fee awarded is

9   fair, but used as a negative lodestar multiplier as another means to reduce an efficient and fair

10  lodestar, as was done to me here, is inappropriate, and unfair. I request my full and original

11  lodestar of $209,768.65, with a positive multiplier attached that would also compensate for

12  the dramatically reduced hours and rate cut by counsel, as well as the time delay. A

13  multiplier in the 1.5  range for such a small lodestar would at least compensate for delay in

14  receiving the money, and at 2.5-3.0  would also compensate for the drastically reduced rates

15  and hours on an already low and fair lodestar. . Over the entire 9 year prosecution of the case

16  my time expended was not duplicative nor wasteful, it was necessary because of Lead Counsels'

17  lack of communication, it has proven to be beneficial to the class, and most importantly it was

18  necessary in order to abide by my ethical duties in representing multiple clients and the class over

19  the 9 year period.

20                                              Respectfully Submitted,

21

22  Dated: September 7, 2016              */s/ Theresa D .Moore*
                                          Theresa. D. Moore     (99978)
23                                        Attorney At Law
                                          One Sansome Street, 35th Floor
24                                        San Francisco, CA 94104

25                                        *Counsel for Indirect Purchaser Plaintiffs*

26

27

28
                                           7
Opposition Of Theresa D. Moore, Esq. To Lead Counsel's Proposed Allocation Of Aggregate Fee Award To Indirect
Purchaser Plaintiffs' Counsel

Case No. 3:07-cv-5944 SC, MDL No. 1917

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Opposition Of Theresa D. Moore, Esq. To Lead Counsel's Proposed Allocation Of Aggregate Fee Award To Indirect Purchaser Plaintiffs' Counsel

MDL 3:07-md-1827 SI