Theresa D. Moore (99978)
Attorneys at Law
One Sansome Street, 35th  Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
tmoore@aliotolaw.com

*Counsel For Indirect Purchase Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944 JST<br>MDL No. 1917 |
| | <u>**CLASS ACTION**</u> |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **DECLARATION OF THERESA D. MOORE, ESQ. IN SUPPORT OF OPPOSITION TO LEAD COUNSEL'S PROPOSED ALLOCATION OF AGGREGATE FEE AWARD TO INDIRECT PURCHASER PLAINTIFFS' COUNSEL**<br><br>Judge:  Honorable John S. Tigar<br>Court :JAMS<br>Special Master: Martin Quinn, JAMS |

I, Theresa D. Moore, declare as follows:

1.     I am an attorney licensed to practice law in the State of California, I make this declaration based on my own personal knowledge, and if called to testify as a witness in this matter, I could and would competently testify to the facts contained herein.

2.     The Opposition to the Proposed Allocation of Attorney Fees filed herein is a valid Opposition which raises serious questions with regard to the fairness and methodology of allocation of the attorney fees rewarded by the Court. (*see* Dkt 4076, 4071).

3.     I was never told, nor did I ever receive anything from Lead Counsel that directed me to not read the filings I was served with or the docket, or to limit my work in any way.  I do not recall having received any such instructions, and I have searched and have found no documentation received by me which instructs me to not read any filings, not discuss the case with co counsel, or not do any work at all unless I was specifically assigned to do so by Lead Counsel. I was very judicious in my reading of documents, and only did so when I felt it necessary for a legal or case strategic reason.

4.     I did not refuse Lead counsel's request to reduce my lodestar as stated in prior motion papers, and did in fact reduce it at Class Counsel's request on multiple occasions, and provided them with 3 separate Declarations, reducing the amount each time,

5.     On July 29, 2015 I submitted my original Fee Declaration to Class Counsel for $209,768.75, for 250.6 hours of work over a 9 year period, attached as **Exhibit A** is a true and correct copy.

6.     At the request and direction of Class Counsel I subsequently reviewed and reduced my lodestar and edited as requested by Lead Counsel. On August 21, 2015 I submitted my revised Fee Declaration to Class Counsel that reduced my hours and my rate and thus my lodestar to $172,363.45. A true and correct copy of the revised Fee Declaration is attached hereto as **Exhibit B** is a true and correct copy.

7.     On August 27, 2015 Class Counsel sent me an email and informed me they cut my fee from $172,363.45 to $22.918.75, and would only be prepared to include the $22.918.75 from

Declaration Of Theresa D. Moore, Esq. In Support Of Opposition To Lead Counsel's Proposed Allocation Of Aggregate Fee Award To Indirect Purchaser Plaintiffs' Counsel

Case No. 3:07-cv-5944 (JST), MDL No. 1917

2007-2008 in the Joint Fee Petition, and again requested that I revise my Fee Declaration. I did as requested by Class Counsel and again revised my Declaration.

8.      On August 28, 2015 I submitted my 2d Revised Declaration as directed and at Class Counsel's request, attached as **Exhibit C** is a true and correct copy. Paragraph 13 and 14 state as follows:

> The number of hours reasonably expended and presented herein from 2007-2008 by me is 33.25 hours.  The lodestar at historical rates is $22.918.75. The lodestar at current rates is $24,106.25. Lead counsel requests that I discount and submit time only for 2007-2008 at reduced rate and hours of 33.25 hours, which I do herein.  Expense hours are not duplicated in my lodestar.

> The total number of I hours reasonably expended on this from inception to May 31, 2015 is 230.4 hours.  Over the entire 9 year prosecution of the case my time expended was not duplicative or wasteful, and was necessary to abide by my ethical duties as representing multiple clients. The total lodestar at historical rates is $172,363.45. The total lodestar at current rates is $183,168.00. The hours expended by me were for the benefit of my clients and the class. Exhibit 2 reflects my time so reduced, but my actual time, effort, and lodestar for which I do apply herein is reflected in the pre-discounted hours and lodestar as described herein.

9.      On September 3, 2015 Class Counsel informed me they would not submit my Declaration because "it doesn't conform with what Counsel asked for and what other firms had done."  No other explanation was ever given to me or offered by Class Counsel.

10.     On September 10, 2015 Class Counsel incorrectly represented to the Court in a filing that "Further, none of the other 47 IPP firms has objected to Lead Counsel's allocation of the fees in the first instance." (Dkt 4049, p. 1 line l 13-14) (There were other misstatements on pages 5-6 as well.) I emailed Class Counsel and told him that statement in the filing was not true, that I was objecting and had submitted my Declaration to him stating such. I asked him to file my Declaration. I did not receive a reply. Class Counsel did not then inform the Court of the misstatement in the papers.

11.     On September 23, 2015 Class Counsel filed their Motion for Award of Attorney Fees, Reimbursement of Litigation Expenses, and Incentive Awards To Class Representatives, but

Declaration Of Theresa D. Moore, Esq. In Support Of Opposition To Lead Counsel's Proposed Allocation Of Aggregate Fee Award To Indirect Purchaser Plaintiffs' Counsel

Case No. 3:07-cv-5944 (JST), MDL No. 1917

1    did not include my Declaration. On September 24, 2015 I filed my first revised Declaration with

2    the reduced lodestar of $172,363.45 as originally requested by Class Counsel, not the figure stated

3    in Class Counsel's Declaration In Support of the Motion for Award of Attorneys' Fees,

4    Reimbursement of Litigation Expenses, and Incentive Awards to Class Representatives filed by

5    Indirect Purchaser Plaintiffs (*see* Dkt 4076).

6        12.    Special Master Quinn had already been appointed on September 11, 2015 to

7    allocate the attorney fees in this matter.  As part of the Co-Lead Counsel team in the *TFT-LCD*

8    matter wherein Special Master Quinn performed the same function of allocation, I was very

9    familiar with the process and knew there would be an opportunity to present my request to the

10   Special Master, and was comfortable with the process and procedure. Class Counsel also informed

11   me that Special Master Quinn had listened to and raised his allocation in *TFT-LCD*.

12       13.    The reduced rate in my Declarations is lower than my normal rate for 2008. As

13   requested by Class Counsel I reduced my time, my hourly rate, my lodestar, and filled in detail and

14   names of counsel where I was able to do so by independent recollection or written evidence, as

15   requested by Lead Counsel I deleted some entries even if I did not agree they should be deleted,

16   and I further reduced my rate. I did everything Lead Counsel requested of me, and more, on

17   multiple occasions. And Lead Counsel only submitted reduced fees for me for 2007-8, coldly

18   deleted 7 years of work, and did not file my Declaration.  After working diligently to do as Lead

19   Counsel asked, Lead Counsel simply slashed the lodestar 70%, then further slashed it 10%, then

20   gave me a negative multiplier, a further reduction, and finally settled at $19,000.

21       14.    From time to time as necessary I would call, or see, and sometimes email, Lead

22   Counsel and discuss and/or warn him of certain issues that others did not see and advise him based

23   on my experience in other antitrust cases and in LCD.  I communicated with him, for instance

24   about the reversed burden of proof in the Proposed Protective Order, which strategically, much

25   later, has a massive effect on the value of the case, also for example about which specific witness

26   to target and depose, location of evidentiary documents, transparency issues, distribution and

27   administration recommendations, etc., all in an effort to streamline and strengthen the case based

28

Declaration Of Theresa D. Moore, Esq. In Support Of Opposition To Lead Counsel's Proposed Allocation Of
Aggregate Fee Award To Indirect Purchaser Plaintiffs' Counsel

Case No. 3:07-cv-5944 (JST), MDL No. 1917

on my knowledge and experience of the industry, the defendants, the defense and government attorneys, and the case.

15.    I have one of the lowest lodestars in the case.

16.    I was never asked to contribute to the litigation, and would have done so immediately if requested. To my knowledge and belief the Chunghwa Settlement funds were received by Class Counsel early in the case and served to fund the litigation. To my knowledge and belief I was not asked to contribute because the Chunghwa Settlement funds were financing the litigation.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 7th day of September, 2016 in San Francisco, CA.

*/s/ Theresa D. Moore*

Theresa D. Moore

Declaration Of Theresa D. Moore, Esq. In Support Of Opposition To Lead Counsel's Proposed Allocation Of Aggregate Fee Award To Indirect Purchaser Plaintiffs' Counsel

Case No. 3:07-cv-5944 (JST), MDL No. 1917