1  BRAD BRIAN (State Bar No. 079001)
   brad.brian@mto.com
2  GREGORY J. WEINGART (State Bar No. 157997)
   gregory.weingart@mto.com
3  E. MARTIN ESTRADA (State Bar No. 223802)
   martin.estrada@mto.com
4  355 South Grand Avenue
   Thirty-Fifth Floor
5  Los Angeles, California 90071-1560
   Telephone:     (213) 683-9100
6  Facsimile:     (213) 687-3702

7  *Attorneys for Defendant LG Electronics, Inc.*

8                    UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

11

12  | IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-JST |
    |---|---|
    | | MDL No. 1917 |

13  This Document Relates to:

14  *Sears, Roebuck and Co. and Kmart Corp. v.
15  Chunghwa Picture Tubes, Ltd.*, No. 11-cv-
    05514
16

**SUPPLEMENTAL DECLARATION OF
CATHLEEN H. HARTGE IN SUPPORT
OF DEFENDANT LG ELECTRONICS,
INC.'S REPLY IN SUPPORT OF
MOTION FOR BIFURCATION AND
BENCH TRIAL**

17  Judge:  Honorable Jon S. Tigar
    Date:  September 20, 2016
18  Time:  2:00 p.m.
    Courtroom:  9, 19th Floor

19

20

21

22

23

24

25

26

27

28
                                              MDL No. 1917
                                  Master No. 3:07-cv-05944-JST
    **DECLARATION OF CATHLEEN H. HARTGE IN SUPPORT OF DEFENDANT LGE'S
    REPLY IN SUPPORT OF MOTION FOR BIFURCATION AND BENCH TRIAL**

1    I, Cathleen H. Hartge, hereby declare:

2    1.    I am an attorney with the law firm Munger, Tolles & Olson LLP, counsel of

3    record for Defendant LG Electronics, Inc., in the above entitled action.  I am licensed to practice

4    law in the State of California.  I make this declaration based on my personal knowledge and, if

5    called upon as a witness, could and would testify competently as to the matters set forth below.

6    2.    Attached to this declaration as Exhibit 1 is a true and correct copy of Direct

7    Action Plaintiffs' First Set of Requests for Admission to Defendants LG Electronics, Inc. and

8    LG Electronics USA, Inc., dated May 23, 2014.

9

10    I declare under penalty of perjury under the laws of California that the foregoing is true

11   and correct.

12    Executed on the 8th day of September 2016 in San Francisco, California.

13

14

15                                    /s/ *Cathleen H. Hartge*
                                      ─────────────────────────────
16                                    CATHLEEN H. HARTGE

17

18

19

20

21

22

23

24

25

26

27

28
                                                                            MDL No. 1917
                                                                Master No. 3:07-cv-05944-JST
                                            -1-
                    **DECLARATION OF CATHLEEN H. HARTGE IN SUPPORT OF DEFENDANT LGE'S**
                    **REPLY IN SUPPORT OF MOTION FOR BIFURCATION AND BENCH TRIAL**

# EXHIBIT 1

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone:  (202) 237-2727
Facsimile:   (202) 237-6131
Email:  wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:   (518) 434-0665
Email: piovieno@bsfllp.com
        anardacci@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and
Counsel for Plaintiffs Electrograph Systems, Inc.,
Electrograph Technologies Corp., Office Depot, Inc.,
CompuCom Systems, Inc., Interbond Corporation of
America, P.C. Richard & Son Long Island
Corporation, MARTA Cooperative of America, Inc.,
ABC Appliance, Inc., Schultze Agency Services LLC
on behalf of Tweeter Opco, LLC, and Tweeter Newco,
LLC, Tech Data Corporation and Tech Data
Product Management, Inc.*

[additional counsel listed on signature page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC MDL No. 1917 |
| This document relates to: | **DIRECT ACTION PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANTS LG ELECTRONICS, INC. AND LG ELECTRONICS USA, INC.** |
| *Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656; | |
| *Siegel v. Hitachi, Ltd., et al.* No. 11-cv-05502; | |
| *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513; | |
| *Target Corp, et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514; | |

*Interbond Corporation of America v. Hitachi, et al.*, No. 11-cv-06275;

*Office Depot, Inc. v. Hitachi Ltd., et al.*, No. 11-cv-06276;

*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396;

*Costco Wholesale Corporation v. Hitachi, Ltd., et al.*, No. 11-cv-06397;

*P.C. Richard & Son Long Island Corporation, et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

*Schultze Agency Services, LLC, v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

*Dell Inc. and Dell Products L.P. v. Hitachi Ltd., et al.*, No.13-cv-02171;

*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;

*Sears, Roebuck & Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05262;

*Best Buy Co., Inc., et al. v Technicolor SA, et al.*, No.13-cv-05264;

*Schultze Agency Services, LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

*Target Corp., v. Technicolor SA, et al.*, No.13-cv-05686;

*Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;

*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

*Office Depot, Inc., v. Technicolor SA, et al.*, No. 13-cv-05726;

1  *Interbond Corporation of America v.*
2  *Technicolor SA, et al.,* No. 13-cv-05727
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | | |
|---|---|---|
| 1 | **PROPOUNDING PARTIES:** | Direct Action Plaintiffs Electrograph Systems, Inc. and |
| 2 | | Electrograph Technologies Corp.; Alfred H. Siegel, solely as Trustee of the Circuit City Stores, Inc. Liquidating |
| 3 | | Trust; Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., |
| 4 | | Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.; Target Corp., Sears, Roebuck, and Co., Kmart Corp.; Interbond |
| 5 | | Corporation of America; Office Depot, Inc.; CompuCom Systems, Inc.; Costco Wholesale Corporation; P.C. |
| 6 | | Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., and ABC Appliance, Inc.; |
| 7 | | Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC; Tech Data |
| 8 | | Corporation and Tech Data Product Management, Inc.; and Dell Inc. and Dell Products L.P. |
| 9 | | |
| 10 | **RESPONDING PARTIES:** | LG Electronics, Inc. and LG Electronics USA, Inc. |
| 11 | **SET:** | One |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLEASE TAKE NOTICE THAT, pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, the undersigned Direct Action Plaintiffs, through counsel, request that the LG Electronics Defendants (as defined herein) respond to the following requests for admission within thirty days of service and afterwards supplement such production as may become necessary to comply with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

The words and phrases used in these requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any request.

1.  The words "all," "any," and "each" mean "each and every."

2.  The words "and" and "or" are both conjunctive and disjunctive as necessary.

3.  The term "CRT" means cathode ray tube and includes cathode ray tubes used in color televisions and color computer monitors.

4.  The term "CRT Manufacturer" means any entity that manufactures CRTs.

5.  The term "CRT Product" means a finished product containing a CRT.

6.  The words "including" or "includes" means without limitation.

7.  The term "Joint Venture Agreement" means the document bearing bates numbers LGE-0000054-0000161.

8.  The term "LGEI" means LG Electronics, Inc.

9.  The term "LGEUSA" means LG Electronics USA, Inc.

10. The term "LG Electronics Defendants" refers collectively to LG Electronics, Inc. and LG Electronics USA, Inc.

11. The term "LPD" means LG. Philips Displays Holding B.V.

12. The term "majority-owned" means an ownership interest greater than 50%.

13. The term "relevant period" means the period beginning March 1, 1995 and continuing through the present.

14. The term "Royal Philips" means Koninklijke Philips Electronics N.V.

15. The term "wholly-owned subsidiary" means a legal entity that is 100% owned by another legal entity.

16. The terms "you" and "your" mean the LG Electronics Defendants and/or each of the LG Electronics Defendants, as defined herein.

## INSTRUCTIONS

1. Pursuant to Federal Rule of Civil Procedure 36, you are required to answer the following requests for admission under oath within 30 days or within the time otherwise required by Court order.

2. Answer each request for admission separately and fully. In responding to these requests for admission, you are requested to furnish all information available to you, including, but not limited to, information in the possession of your attorneys. If you cannot answer any request for admission fully and completely after exercising reasonable effort and due diligence to secure any information requested, please:

    a. so state and answer the request to the fullest extent possible;

    b. state the facts upon which you rely to support your assertion that you are unable to answer the request fully and completely;

    c. state what knowledge, information, or belief you have concerning the unanswered portion of the request; and

    d. state what actions you have taken to locate the information necessary to answer each request.

3. Whenever a date, amount, computation, or figure is requested, the exact date, amount, computation, or figure is to be given unless it is unknown. If it is unknown, the approximate or best estimate should be given and the answer should state that the date, amount, computation, or figure provided is an approximation.

4. If you object to any request for admission, in whole or in part, state the reasons for any objection(s) and answer that part of the request to which you do not object. If you object to any request for admission as overbroad, respond to the request as narrowed to conform

to the objection. If the answer to a request for admission is "none," "unknown," or "not applicable," such statement should be written in the answer.

5. If you assert a claim of attorney-client privilege or attorney work product with respect to any of the request for admission contained herein:

   a. state the factual basis of the purported privilege or claim of work product in sufficient detail so as to permit the Court to adjudicate the validity of the claim; and

   b. state the numbered request for admission to which the privileged information is responsive.

6. Whenever necessary to bring within the scope of the request for admission the broadest possible answer, the singular form of the word shall be interpreted as plural and references to one gender shall include the other gender.

7. These requests for admission are continuing in nature to the extent provided in Rule 26(e) of the Federal Rules of Civil Procedure, and to the extent that you, or your attorneys, agents or representatives become aware of additional information responsive to this request subsequent to their initial response to these requests for admission, you are required to immediately provide such information requested herein.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that at all times from the beginning of the relevant period through the present LGEI has held an ownership interest of more than 99% in LGEUSA.

**REQUEST NO. 2:**

Admit that LGEI acquired a 57.7% ownership interest in Zenith Electronics Corporation in 1995.

**REQUEST NO. 3:**

Admit that Zenith Electronics Corporation was a majority-owned subsidiary of LGEI from 1995 through the point when Zenith Electronics Corporation filed a restructuring plan together with information regarding a pre-packaged plan of reorganization with the Securities of Exchange Commission in the United States of America in 1998.

**REQUEST NO. 4:**

Admit that from November 1999 through 2004, Zenith Electronics was a wholly-owned subsidiary of LGEI.

**REQUEST NO. 5:**

Admit that from 2004 through the present, Zenith Electronics Corporation has been a wholly-owned subsidiary of LGEUSA.

**REQUEST NO. 6:**

Admit that the document bearing bates numbers LGE-0000054-0000161 is a true and authentic copy of a business record of LGEI.

**REQUEST NO. 7:**

Admit that in June 2001, LGEI and Royal Philips entered into the Joint Venture Agreement, in which LGEI and Royal Philips each agreed to transfer their entire CRT operations to the joint venture corporation, LPD.

**REQUEST NO. 8:**

Admit that in 2001 LPD was formed with LGEI and LG Electronics Wales Ltd. holding a 50% minus one share ownership interest.

**REQUEST NO. 9:**

Admit that in 2001 LPD was formed with Royal Philips and Philips GmbH holding a 50% plus one share ownership interest.

**REQUEST NO. 10:**

Admit that at all times from the formation of LPD in 2001 through 2006 LGEI and/or LG Electronics Wales Ltd. collectively owned a 50% minus one share ownership interest.

**REQUEST NO. 11:**

Admit that at all times from the formation of LPD in 2001 through 2006 Royal Philips and/or Philips GmbH collectively owned a 50% plus one share ownership interest.

**REQUEST NO. 12:**

Admit that at all times from the formation of LPD in 2001 through 2005 LG Electronics Wales Ltd. was a wholly-owned subsidiary of LGEI.

**REQUEST NO. 13**

Admit that at all times from 2005 through 2006 LG Electronics Wales Ltd. was a wholly-owned subsidiary of LG Electronics Service Europe Netherlands B.V. (n/k/a LG Electronics European Holding B.V.)

**REQUEST NO. 14:**

Admit that at all times from 2005 through 2006 LG Electronics Service Europe Netherlands B.V. was a wholly-owned subsidiary of LGEI.

**REQUEST NO. 15:**

Admit that, pursuant to Article 6.3 of the Joint Venture Agreement, at the time of the formation of LPD in 2001 LGEI and Royal Philips each designated three members of the Supervisory Board of LPD.

**REQUEST NO. 16:**

Admit that at all times from the formation of LPD in 2001 through 2006 LGEI and Royal Philips designated an equal number of members of the Supervisory Board of LPD.

**REQUEST NO. 17:**

Admit that, pursuant to Article 6.3.7 of the Joint Venture Agreement, at the time of the formation of LPD in 2001 LGEI and Royal Philips each designated three members of the Board of Management of LPD.

**REQUEST No. 18:**

Admit that at all times from the formation of LPD in 2001 through 2006 LGEI and Royal Philips designated an equal number of members of the Board of Management of LPD.

**REQUEST No. 19:**

Admit that, pursuant to Article 6.3.8 of the Joint Venture Agreement, at the time of the formation of LPD in 2001 LGEI and Royal Philips each designated five members of the Group Management Team of LPD.

**REQUEST No. 20:**

Admit that at all times from the formation of LPD in 2001 through September 2002 LGEI and Royal Philips designated an equal number of members of the Group Management Team of LPD.

**REQUEST No. 21:**

Admit that at all times from October 2002 through 2006 LGEI and Royal Philips designated an equal number of members of the Executive Board of LPD.

**REQUEST No. 22:**

Admit that, pursuant to Article 6.3.8 of the Joint Venture Agreement, the Group Management Team was responsible for the control of the day-to-day management of LPD from the formation of LPD through September 2002.

**REQUEST No. 23:**

Admit that, pursuant to the amended Article 6.3.8 of the Joint Venture Agreement, the Executive Board of LPD was responsible for the control of the day-to-day management of LPD from October 2002 through 2006.

**REQUEST No. 24:**

Admit that, pursuant to Article 6.3.9 of the Joint Venture Agreement, Royal Philips had the right to nominate the President/Chief Executive Officer of LPD for the first five years of LPD's operation.

**REQUEST No. 25:**

Admit that, pursuant to Article 6.3.9 of the Joint Venture Agreement, LGEI had the right to nominate the deputy to the President/Chief Executive Officer of LPD for the first five years of LPD's operation.

**REQUEST NO. 26:**

Admit that LPD has never initiated a lawsuit against either of the LG Electronics Defendants.

**REQUEST NO. 27:**

Admit that neither of the LG Electronics Defendants has ever initiated a lawsuit against LPD.

**REQUEST NO. 28:**

Admit that LPD has never initiated a lawsuit against Royal Philips or Philips Electronics North America Corp.

**REQUEST NO. 29:**

Admit that neither Royal Philips nor Philips Electronics North America Corp. has ever initiated a lawsuit against LPD.

**REQUEST NO. 30:**

Admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product manufactured or sold by you.

**REQUEST NO. 31:**

If your answer to REQUEST NO. 30 is anything other than an unqualified admission, admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product sold by you to Electrograph Systems, Inc., Electrograph Technologies Corp., ActiveLight, Inc., CineLight Corporation, International Computer Graphics, Inc., Champion Vision, Inc., or Coastal

1   Office Products, Inc.

2   **REQUEST NO. 32:**

3       If your answer to REQUEST NO. 30 is anything other than an unqualified admission,

4   admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product

5   sold by you to Office Depot, Inc., Tech Depot, or Office Max, Inc.

6   **REQUEST NO. 33:**

7       If your answer to REQUEST NO. 30 is anything other than an unqualified admission,

8   admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product

9   sold by you to CompuCom Systems, Inc.

10  **REQUEST NO. 34:**

11      If your answer to REQUEST NO. 30 is anything other than an unqualified admission,

12  admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product

13  sold by you to Interbond Corporation of America d/b/a BrandsMart USA.

14  **REQUEST NO. 35:**

15      If your answer to REQUEST NO. 30 is anything other than an unqualified admission,

16  admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product

17  sold by you to P.C. Richard & Son Long Island Corporation.

18  **REQUEST NO. 36:**

19      If your answer to REQUEST NO. 30 is anything other than an unqualified admission,

20  admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product

21  sold by you to MARTA Cooperative of America, Inc.

22  **REQUEST NO. 37:**

23      If your answer to REQUEST NO. 30 is anything other than an unqualified admission,

24  admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product

25  sold by you to ABC Appliance, Inc. d/b/a ABC Warehouse.

26  **REQUEST NO. 38:**

27      If your answer to REQUEST NO. 30 is anything other than an unqualified admission,

28  admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product

sold by you to Tweeter Home Entertainment Group, Inc. and its subsidiaries, affiliates and predecessors, including, but not limited to : NEA Delaware, Inc.; New England Audio Co., Inc.; Bryn Mawr Radio and Television, Inc.; HiFi Buys Incorporated; Home Entertainment of Texas, Inc.; DOW Stereo/Video, Inc.; United Audio Centers, Inc.; Douglas T.V. & Appliance, Inc. and Douglas Audio Video Centers, Inc.; The Video Scene, Inc. d/b/a Big Screen City; SMK Marketing, Inc. d/b/a Audio Video Systems; Sound Advice, Inc. d/b/a Sound Advice and Showcase Home Entertainment; Hillcrest High Fidelity, Inc.; or Sumarc Electronics Incorporated d/b/a NOW! Audio Video.

**REQUEST NO. 39:**

If your answer to REQUEST NO. 30 is anything other than an unqualified admission, admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product sold by you to Tech Data Corporation or Tech Data Product Management, Inc.

**REQUEST NO. 40:**

If your answer to REQUEST NO. 30 is anything other than an unqualified admission, admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product sold by you to Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services, Inc.; Best Buy Stores, L.P.; BestBuy.com, L.L.C.; or Magnolia Hi-Fi, Inc.

**REQUEST NO. 41:**

If your answer to REQUEST NO. 30 is anything other than an unqualified admission, admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product sold by you to Circuit City Stores, Inc., or its affiliated companies.

**REQUEST NO. 42:**

If your answer to REQUEST NO. 30 is anything other than an unqualified admission, admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product sold by you to Target Corp.

**REQUEST NO. 43:**

If your answer to REQUEST NO. 30 is anything other than an unqualified admission, admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product

1    sold by you to Sears, Roebuck and Co. or Kmart Corp.

2    **REQUEST NO. 44:**

3         If your answer to REQUEST NO. 30 is anything other than an unqualified admission,

4    admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product

5    sold by you to Costco Wholesale Corporation.

6    **REQUEST NO. 45:**

7         If your answer to REQUEST NO. 30 is anything other than an unqualified admission,

8    admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product

9    sold by you to Dell Inc. or Dell Products L.P.

DATED:  May 23, 2014

/s/  *Philip J. Iovieno*

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:   (518) 434-0665
Email: piovieno@bsfllp.com
           anardacci@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:   (202) 237-6131
Email:  wisaacson@bsfllp.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone:  (954) 356-0011
Facsimile:   (954) 356-0022
Email:  ssinger@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and Counsel/ for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies Corp., Office Depot, Inc., CompuCom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC, Tweeter Newco, LLC and Tech Data Corporation and Tech Data Product Management, Inc.*

/s/  *Scott N. Wagner*

Robert W. Turken
Scott N. Wagner
Mitchell E. Widom
BILZIN SUMBERG MAENA PRICE & AXELROD LLP
1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456
Tel: 305-374-7580
Fax: 305-374-7593
Email:  rturken@bilzin.com

1
        swagner@bilzin.com
        mwidom@bilzin.com
2

3       *Counsel for Plaintiffs Tech Data Corporation and*
        *Tech Data Product Management, Inc.*

4       /s/  Cori G. Moore

5       David J. Burman (*pro hac vice*)
        Cori G. Moore (*pro hac vice*)
6       Eric J. Weiss (*pro hac vice*)
        Nicholas H. Hesterberg (*pro hac vice*)
7       Steven D. Merriman (*pro hac vice*)
        PERKINS COIE LLP
8       1201 Third Avenue, Suite 4900
        Seattle, WA 98101-3099
9       Telephone:  (206)359-8000
        Facsimile:   (206)359-9000
10      Email: DBurman@perkinscoie.com
               CGMoore@perkinsncoie.com
11             EWeiss@perkinscoie.com
               NHesterberg@perkinscoie.com
12             SMerriman@perkinscoie.com

13      Joren Bass, Bar No. 208143
        PERKINS COIE LLP
14      Four Embarcadero Center, Suite 2400
        San Francisco, CA 94111-4131
15      Telephone:  (415)344-7120
        Facsimile:   (415)344-7320
16      Email:  JBass@perkinscoie.com

17      *Counsel for Plaintiff Costco Wholesale Corporation*

18      /s/  David Martinez

19      Roman M. Silberfeld
        David Martinez
20      Jill S. Casselman
        ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
21      2049 Century Park East, Suite 3400
        Los Angeles, CA  90067-3208
22      Telephone:  (310) 552-0130
        Facsimile:   (310) 229-5800
23      Email:  rmsilberfeld@rkmc.com
               dmartinez@rkmc.com
24             jscasselman@rkmc.com

25      Elliot S. Kaplan
        K. Craig Wildfang
26      Laura E. Nelson
        ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
27      800 LaSalle Avenue
        2800 LaSalle Plaza
28      Minneapolis, MN 55402

1    Telephone:  (612) 349-8500
     Facsimile:  (612) 339-4181
2    Email: eskaplan@rkmc.com
            kcwildfang@rkmc.com
3           lenelson@rkmc.com

4    *Counsel For Plaintiffs Best Buy Co., Inc., Best Buy
     Purchasing LLC, Best Buy Enterprise Services, Inc.,*
5    *Best Buy Stores, L.P., Bestbuy.com, L.L.C., and
     Magnolia Hi-Fi, Inc.*

6
     /s/  Michael P. Kenny
7
8    Michael P. Kenny
     Debra D. Bernstein
9    Matthew D. Kent
     ALSTON & BIRD LLP
10   1201 West Peachtree Street
     Atlanta, Georgia 30309-3424
11   Telephone:  (404)-881-7000
     Facsimile:  (404)-881-7777
12   Email: mike.kenny@alston.com
            debra.bernstein@alston.com
13          matthew.kent@alston.com

14
     James M. Wagstaffel, Esq. (SBN 95535)
15   KERR & SAGSTAFFE LLP
     100 Spear Street, 18th Floor
16   San Francisco, California 94105-1576
     Telephone:  (415)-371-8500
17   Facsimile:  (415)371-0500
     Email:  wagstaffe@kerrwagstaffe.com
18
19   *Counsel For Plaintiffs Dell Inc. and Dell Products
     L.P.*
20
21   /s/  William J. Blechman

22   Richard Alan Arnold
     William J. Blechman
23   Kevin J. Murray
     KENNY NACHWALTER, P.A.
24   201 S. Biscayne Blvd., Suite 1100
     Miami, FL 33131
25   Tel: 305-373-1000
     Fax: 305-372-1861
26   Email:   rarnold@knpa.com
             wblechman@knpa.com
27           kmurray@knpa.com
28

---

*Counsel for Plaintiff Sears, Roebuck and Co. and Kmart Corp.*

/s/  *Kenneth S. Marks*

H. Lee Godfrey
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666
Email: lgodfrey@sumangodfrey.com
            kmarks@susmangodfrey.com
            jross@susmangodfrey.com
            jcarter@susmangodfrey.com
            dpeterson@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone:  (206) 516-3880
Facsimile:  (206) 516-3883
Email:  pfolse@susmangodfrey.com
            rblack@susmangodfrey.com
            jconnors@susmangodfrey.com

*Counsel for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

/s/  *Jason C. Murray*

Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA  90071
Telephone:  213-443-5582
Facsimile:  213-622-2690
Email:  jmurray@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP

1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  202-624-2500
Facsimile:   202-628-5116
E-mail:  jmurphy@crowell.com
        aheaven@crowell.com

*Counsel for Plaintiff Target Corp.*