Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street
Suite 3600
Los Angeles, California 90071
Telephone:     213 239-5100
Facsimile:      213 239-5199
bcaslin@jenner.com

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone:     312 222-9350
Facsimile:      312 527-0484
ttruax@jenner.com
mbrody@jenner.com
gfuentes@jenner.com

Harold A. Barza (Cal. Bar. No. 80888)
Kevin Y. Teruya (Cal. Bar. No. 235916)
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443 3000
Facsimile:   (213) 443 3100
halbarza@quinnemanuel.com
kevinteruya@quinnemanuel.com

Ryan S. Goldstein (Cal. Bar No. 208444)
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
NBF Hibiya Building, 25F
1-1-7, Uchisaiwai-cho, Chiyoda-ku
Tokyo 100-0011, Japan
Telephone:  +81 3 5510 1711
Facsimile:   +81 3 5510 1712
ryangoldstein@quinnemanuel.com

*Attorneys for Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc.,
and Mitsubishi Electric Visual Solutions America, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master Case No. 3:07-cv-5944-SC<br>MDL No. 1917 |
| This Document Relates to:<br>_____<br><br>*Crago, d/b/a/ Dash Comp., Inc. et al. v. Mitsubishi Elec. Corp. et al.*, No. 14-CV-02058 SC | **MOTION FOR EXTENSION OF TIME FOR THE MITSUBISHI ELECTRIC DEFENDANTS TO OBJECT TO THE SPECIAL MASTER'S ORDER [DKT. 4802]**<br><br>Judge: Hon. Jon Tigar<br><br>[Proposed Order filed herewith]<br><br>[Declaration of Michael Brody in support of the motion filed herewith] |

## NOTICE OF MOTION AND MOTION

To all parties and their attorneys of record:

Please take notice that as soon as this matter may be reasonably heard by the Honorable Judge Jon S. Tigar, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 9 – 19th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc, and Mitsubishi Electric Visual Solutions America, Inc. hereby respectfully move this Court for an extension of time from September 13, 2016 to October 7, 2016 to file objections to the Special Master's recent Order regarding the Direct Purchaser Plaintiffs' ("DPPs") motion for sanctions, Dkt. #4802.  The Direct Purchaser Plaintiffs have agreed that, while they object to the requested extension, in light of the September 13, 2016 deadline for filing objections to the recent Order, this motion for an extension of time may be heard on an expedited basis.  Plaintiffs have stated that they will file a response by 1:00 p.m. on Friday, September 9.

Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc., (collectively, "Mitsubishi Electric") respectfully moves the Court to grant an extension of time from September 13, 2016 to October 7, 2016 to file objections to the Special Master's recent Order regarding the Direct Purchaser Plaintiffs' ("DPPs") motion for sanctions, Dkt. #4802.  The DPPs have agreed to stipulate to an extension until September 23, but have refused to stipulate to an extension until October 7.

**BACKGROUND**

On December 4, 2015, the DPPs filed a motion with the Special Master styled as "Motion to Compel Mitsubishi to Provide Full and Complete Responses to Discovery re Meetings with Competitors, Sales, and Destruction of Evidence and for Evidentiary Sanctions."  The motion alleged that Mitsubishi Electric's answers to three of the DPPs' interrogatories were incomplete. Those interrogatories were Interrogatory #5, which requested a list of meetings between Mitsubishi Electric officials and other producers of cathode ray tubes; Interrogatory #12, which requested sales information; and Interrogatory #16, which requested information on whether documents or information had been destroyed.  *See* Dkt. #4802 at 4, 18, 27-28.

On August 29, 2016, the Special Master issued an order compelling Mitsubishi Electric to serve supplemental responses to all three of those interrogatories.  The Special Master's order imposed significant compliance obligations on Mitsubishi Electric:

- With regard to Interrogatory No. 5, the Order states: "For each competitor contact alleged by DPPs, Mitsubishi shall not only investigate and serve a supplemental response, but it shall provide a declaration under oath providing the following information with respect to each competitor contact: (1) the names of the persons who investigated the alleged competitor contact; (2) the dates of investigation; (3) names of individuals interviewed re the alleged contact and (3) discovery of any confirmatory or contradictory information regarding the alleged contact."  *Id.* at 18.

- With regard to Interrogatory No. 12, the Order states: "[E]ach Mitsubishi defendant should investigate all locations worldwide where responsive documents did and may still be stored, including servers, hard drives, paper files and other document storage repositories, including off-site locations where backup electronic or other files are archived, and provide a declaration describing which were searched, when and by whom and a list of those that were not searched." *Id.* at 27.

- With regard to Interrogatory No. 16, the Order states: "No later than September 30, 2016, Mitsubishi shall serve a full and complete response to Interrogatory No 16, including a description of: (1) the types of responsive records (electronic and hard copy) re CRTs and CRT Products that it maintained during the relevant period; (2) all locations worldwide (on-site or off-site) where such documents were kept, (3) what department(s) and individuals were responsible for them or had access to them during the relevant period; (4) what happened to such records as computer systems evolved; (5) when and how such records were preserved, backed up or discarded; and (6) individuals with knowledge of such electronic records." *Id.* at 31.

The Special Master also recommended imposing sanctions on Mitsubishi Electric. He recommended monetary sanctions, *id.* at 39, and found a "substantial basis to recommend" that the Court grant the DPPs' request for evidentiary sanctions in full, including the DPPs' request for the Court to admit an interrogatory response by Samsung identifying Mitsubishi Electric as a conspirator. *Id.* at 38-39.

Following review of the Court's order, Mitsubishi Electric determined that it would comply with all of the Special Master's directives to supplement its interrogatory responses, but would file objections to the Special Master's order insofar as it recommends the imposition of sanctions. On September 2, 2016, Mitsubishi Electric's counsel placed a call to the DPPs' counsel in order to request that they stipulate to an extension of time to file objections until October 7, 2016. Brody Decl. ¶ 1. However, the DPPs' counsel was not available and counsel for Mitsubishi Electric left a

message requesting a return call.  Brody Decl. ¶ 1.  Counsel for the DPPs called Mitsubishi Electric's counsel on September 6, 2016, at which time Mitsubishi Electric's counsel requested that the DPPs stipulate to extend the time to file objections to the Special Master's Order.  Brody Decl. ¶ 2.  DPPs' counsel stated that they needed until the following day to consult with additional DPPs' counsel about the requested extension.  Brody Decl. ¶ 2.  On September 7, 2016, counsel for the DPPs stated that they would agree to an extension until September 23, but not until October 7.  Brody Decl. ¶ 3.

## ARGUMENT

Mitsubishi Electric has good cause to request an extension until October 7, 2016.

First, as noted above, Mitsubishi Electric intends to comply with the Special Master's directives by the Special Master's September 30, 2016 deadline.  Many of the attorneys responsible for taking those compliance actions are also the attorneys with relevant expertise to assist in the preparation of objections to the Special Master's order.  Brody Decl. ¶¶ 4-5.  It will be impossible for them to diligently address the Special Master's directives while simultaneously preparing objections to the Special Master's order.  Brody Decl. ¶¶ 4-5.  Therefore, Mitsubishi Electric requests an extension of time until shortly after the compliance deadline.

Moreover, although Mitsubishi Electric maintains that it has already been diligent throughout this case, Mitsubishi Electric's diligence during the compliance period, and the results of its compliance efforts, may be pertinent to the Court's decision whether to adopt the Special Master's sanctions recommendation.  Brody Decl. ¶ 6.  Thus, it makes sense to allow Mitsubishi Electric to file its objections after the compliance period has concluded.

By contrast, under the DPPs' proposal, Mitsubishi Electric would be seriously prejudiced. Mitsubishi Electric would be required to file its objections in the middle of the compliance period.  If the DPPs respond, they would do so after the compliance period concludes.  Thus, whereas Mitsubishi Electric would not be able to describe its compliance efforts and the results of those efforts in its objections, the DPPs would be able to comment on Mitsubishi Electric's compliance efforts and the results of those efforts as part of any response.

Mitsubishi Electric's requested deadline – October 7, 2016 – is only five business days after the Special Master's September 30 compliance deadline.  Moreover, Mitsubishi Electric would have suggested a deadline even closer in time to September 30, except that certain of Mitsubishi Electric's attorneys observe the holiday of Rosh Hashanah on October 3 and October 4, 2016, and will thus have only three business days to complete Mitsubishi Electric's objections following the September 30 deadline.  Brody Decl. ¶ 7.

Mitsubishi Electric's requested extension will have no effect on the case schedule. Mitsubishi Electric intends to comply with the Special Master's September 30 deadline, so the DPPs will not be delayed in obtaining any discovery.

Mitsubishi Electric has diligently complied with deadlines throughout the DPP class action case.  It has, thus far, requested from the Court three time modifications in the DPP class action: (1) on December 8, 2014, the Court entered an order, pursuant to a stipulation by Mitsubishi Electric and the DPPs, scheduling class certification motions and continuing the hearing for class certification to May 1, 2015, *see* Dkt. #3184; (2) on March 24, 2015, the Court denied a motion by Mitsubishi to modify the class certification schedule, *see* Dkt. #3794; and (3) on May 12, 2016, the Court granted a request by Mitsubishi Electric and entered an order extending the deadline for responses from Designating Parties related to an Administrative Motion to File Under Seal Pursuant to Civil Local Rules 7-11 and 79-5, *see* Dkt. #4651.[1]

Because Mitsubishi Electric has good cause to obtain an extension until October 7, 2016, the Court should grant Mitsubishi Electric's motion.

---

[1] There have also been modifications of deadlines in matters exclusively before the Special Master.

Dated:  September 8, 2016

JENNER & BLOCK LLP

By:   /s/ Terrence J. Truax
JENNER & BLOCK LLP
Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
ttruax@jenner.com
mbrody@jenner.com
gfuentes@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

Harold A. Barza (Cal. Bar. No. 80888)
Kevin Y. Teruya (Cal. Bar. No. 235916)
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443 3000
Facsimile:   (213) 443 3100
halbarza@quinnemanuel.com
kevinteruya@quinnemanuel.com

Ryan S. Goldstein (Cal. Bar No. 208444)
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
NBF Hibiya Building, 25F
1-1-7, Uchisaiwai-cho, Chiyoda-ku
Tokyo 100-0011, Japan
Telephone:  +81 3 5510 1711
Facsimile:   +81 3 5510 1712
ryangoldstein@quinnemanuel.com

|    |    |
|----|----|
| 1  |    |
| 2  | *Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.* |
| 3  |    |