GUIDO SAVERI (22349)
    *guido@saveri.com*
R. ALEXANDER SAVERI (173102)
    *rick@saveri.com*
GEOFFREY C. RUSHING (126910)
    *grushing@saveri.com*
CADIO ZIRPOLI (179108)
    *cadio@saveri.com*
MATTHEW D. HEAPHY (227224)
    *mheaphy@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for the
Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST<br><br>MDL No. 1917 |
| This Document Relates To:<br><br>*Crago, d/b/a Dash Computers, Inc., et al. v. Mitsubishi Electric Corporation, et al.*, Case No. 14-CV-2058-JST. | **DIRECT PURCHASER PLAINTIFFS' RESPONSE TO MOTION FOR EXTENSION OF TIME FOR THE MITSUBISHI ELECTRIC DEFENDANTS TO OBJECT TO THE SPECIAL MASTER'S ORDER [DKT. 4802]** |

## I. INTRODUCTION

Direct Purchaser Plaintiffs ("DPPs") submit this opposition to Mitsubishi's request for a three and a half week extension of its deadline to object to the Special Master's Order re Direct Purchaser Plaintiffs' Motion to Compel Mitsubishi Discovery re Meetings with Competitors, Sales, Destruction of Evidence and for Evidentiary Sanctions, ECF No. 4802 (Aug. 30, 2016) ("Order"). DPPs submit that the ten day extension proposed by DPPs is more than sufficient to address any legitimate staffing issues Mitsubishi's law firms are facing.

## II. ARGUMENT

The reasons Mitsubishi offers in support of its request for a twenty-four day extension, on top of the two week time period it already has, do not withstand scrutiny.

First, Mitsubishi's asserted staffing problems are overstated. The issues addressed in the Order are straightforward and were extensively briefed before the Special Master. Per Civil Local Rule 72-2, Mitsubishi's objection is limited to five pages and should be entirely based on the briefing below and the Order. The two large and prestigious law firms representing Mitsubishi have the resources to prepare such an objection in the time frame proposed by DPPs, even if it requires some attention from lawyers also involved in the investigation ordered by the Special Master.

Second, Mitsubishi's assertion that it will be prejudiced if it has to submit its objection in advance of the completion of the investigations required by the Special Master also lacks merit. The Special Master's sanctions recommendations are based on Mitsubishi's "intentional" and "willful" discovery violations since the fall of 2014. Order at 36; *see also id.* at 37 ("The undersigned rejects Mitsubishi's justifications as further insubstantial and meritless argument in support of an ongoing strategy to delay and frustrate the DPPs' discovery efforts. Mitsubishi's discovery lapses bespeak an intentional disregard of discovery obligations and ongoing attempts to block reasonable discovery. Mitsubishi's conduct runs counter to the public interest in expeditious resolution of litigation and a court's need to manage its docket."). Mitsubishi should not be allowed to augment the record with discovery responses it should have provided more than a year ago. The Special Master has made specific factual findings related to Mitsubishi's continuous

failure to provide discovery responses. Those findings and his recommendations are reviewed under the "clearly erroneous or contrary to law" standard of review. ECF No. 4171 at 2–3. Mitsubishi's new investigation and compliance with Judge Walker's Order has no bearing on its objection to the Court.

Third, Mitsubishi's "diligent" compliance with the other aspects of the Special Master's Order could be helpful to Mitsubishi only as part of an argument—rejected by the Special Master—that its belated compliance with its discovery obligations cures any prejudice to DPPs. The possibility that such compliance will support Mitsubishi's objection in this way does not justify the delay it seeks, especially in light of the substantial possibility that its responses will simply lead to further disputes and unresolved issues and further delay.

### III. CONCLUSION

For the foregoing reasons, DPPs respectfully submit that Defendant Mitsubishi's request for an extension of its deadline to object to the Order to October 7, 2016 be denied. DPPs do not object to an extension to September 23, 2016.

Dated: September 9, 2016                    Respectfully submitted,

/s/ *R. Alexander Saveri*
Guido Saveri (22349)
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Cadio Zirpoli (179108)
Matthew D. Heaphy (227224)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for the Direct Purchaser Plaintiffs*