Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation,*
*Toshiba America, Inc., Toshiba America*
*Information Systems, Inc., Toshiba America*
*Consumer Products, L.L.C., and Toshiba America*
*Electronic Components, Inc.*

Additional Counsel on Signature Pages

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br><br>This Document Relates to:<br><br>All DAP Actions<br><br>All Indirect Purchaser Actions | Case No. 07-5944 JST<br>MDL No. 1917<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT PURSUANT TO THE COURT'S ORDER OF JUNE 27, 2016 (ECF NO. 4689)**<br><br>Date:   September 20, 2016<br>Time:  2:00 p.m.<br>Courtroom:  9, 19th Floor<br><br>The Honorable Jon S. Tigar |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Direct Action Plaintiffs ("DAPs"), Indirect Purchaser Plaintiffs ("IPPs"), and Defendants (collectively, "parties") hereby respond to the Court's request for an updated Joint Case Management Conference Statement (ECF No. 4689), and update the joint statement filed on November 17, 2015 (ECF No. 4192) as follows:

## PLAINTIFFS' STATEMENT

### I.   DIRECT ACTION PLAINTIFFS' JOINT STATEMENT

#### A.   Pretrial Schedules

Since the parties' last joint submissions to the Court, pretrial schedules have been set for all three cases currently scheduled for jury trials in this District.  *See* ECF Nos. 4776-1 & 4781 (Sears/Kmart); ECF No. 4828 (Sharp); ECF No. 4628 (DPPs).

#### B.   Motions *in Limine* and *Daubert* Motions

The parties' previous joint submissions listing the pending motions *in limine*, ECF No. 4603, set forth DAPs' position with respect to oral arguments on motions in limine, and DAPs' position is unchanged since that submission.

#### C.   Translations

With regard to the status of translation objections as outlined by Defendants, Plaintiffs add that Plaintiffs' response to the Toshiba and Panasonic Defendants' Objection to the Recommended Order Resolving Translation-Objections re Japanese Documents – Tranche 1 (ECF No. 4823) is due by September 21, 2016 (*see* ECF No. 4823).

#### D.   Sears/Kmart Statement Regarding Trial against LG

By Order dated June 10, 2016, ECF No. 4671, the Court scheduled trial in the Sears/Kmart case against Defendant LG Electronics, Inc., for January 9, 2017.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Sears/Kmart proposed a pretrial schedule to LG, which the parties ultimately negotiated and Sears/Kmart submitted to the Court.  By Order dated August 17, 2016, ECF No. 4781, the Court approved and granted the parties' stipulated pretrial schedule.  Subject to that schedule, on August 8, 2016, Sears and Kmart submitted their initial pretrial disclosures to LGE, including their witness list, deposition and discovery designations, and list of trial exhibits.

The witness list included 15 witnesses that Sears/Kmart expect to call in their case-in-chief, and approximately 55 witnesses that Sears/Kmart reserve the right to call if the need arises.  Many of the 55 witnesses are on the current draft of the witness list for the purpose of authenticating trial exhibits and that most of these witnesses can be removed from the witness list if the parties are able to reach stipulations regarding the admissibility of these documents.

Sears/Kmart's initial exhibit list included approximately 1400 exhibits.  Almost half of these exhibits relate to "ownership or control" evidence and evidence of the corporate relationships that exist between the Defendants, their co-conspirators, and their CRT Product vendors.  Sears/Kmart believes that vast majority of this ownership or control evidence is not subject to reasonable dispute, and that the parties should be able to reach stipulations that prevent the Court and the jury from having to sit through the presentation of this evidence. LG has not yet served it trial exhibit and witness lists, trial exhibits, and deposition designations, or any objections to the Sears/Kmart disclosures.  Those submissions are due on September 15, 2016.  LG's position on factual stipulations and admissibility of exhibits will inform Sears/Kmart's position on the identity and number of trial witnesses and exhibits, and the time needed for trial.

### 1. Trial Management Issues

1

2

### Juror Notes and Notebook

3    Sears/Kmart requests that the jury be permitted to take notes during trial and that the

4    parties be permitted to provide the jurors with notebooks that will allow them to easily access

5    trial exhibits and identify witnesses.  Note taking can be an aid to jurors' deliberations, does

6    not effectively alter the parties' burden of proof or order of proof, and is routinely allowed in

7    Federal civil jury trials.  *See United States v. Baker*, 10 F.3d 1374, 1403 (9th Cir.1993).

8

9    Sears/Kmart also proposes that before a witness testifies, that the jury be provided with

10   a page that can go into a notebook containing a photograph and the name of the witness and

11   the company for whom the witness worked.  This page will assist the jury in keeping track of

12   witnesses, simplify their note-taking for a particular witness, and does not modify the burden

13   of proof or atomize the evidence.

14

15   ### A "Chess Clock" Approach to Timekeeping Will Help Streamline

16   ### Trial.

17   Sears/Kmart anticipates that both sides will have a fixed amount of time to present

18   their respective cases at trial.  Although the precise amount of time allocated to each side

19   should be determined later, after the parties have had the opportunity to meet and confer about

20   stipulations on admissibility of documents and undisputed factual issues, Sears and Kmart

21   submit that the "chess clock" method should be used to manage usage of time.

22

23   Under this method, for example, Sears/Kmart would be "on the clock" during the direct

24   examination of a witness that it calls during its case-in-chief, and the time used for the

25   examination would count against the time allocated to Sears/Kmart.  Once LG begins its cross-

26   examination, it would then be on the clock, and the time used for the cross-examination will

27   count against LG's time allocation.

28

Sears/Kmart submits that this method will promote the efficient examination of witnesses and allow provide a fair way to administer timing concerns that arise from the length of this trial.  *See*  Reagan W. Simpson & Cynthia A. Leiferman, *Innovative Trial Techniques: Timesaving Litigation Devices or Straight Lines to Disaster*, 26 ABA FALL BRIEF 21, 22 (1996) (discussing trial by "chess clock" as an innovative technique to streamline complex trials); *Edwards v. Techtronic Indus. N. Am., Inc.*, No. 13-cv-01362-SI, 2015 WL 3616558, at *1 (D. Or. June 9, 2015) (resolving to use the "chess clock" method to administer time allocations for trial).

### Mini-Opening Statements Should Not Be Allowed

Sears/Kmart opposes LG's proposal for the parties' counsel to make "mini-opening statements" before voir dire.  LG's proposal is premised on the view that this cartel case is far more complex than other civil cases.   While some of the evidence at trial is complex, there is nothing unique about this conspiracy case.  The factual presentation by Sears/Kmart will not be overcomplicated. Further, allowing these unusual procedures intended to "simplify" the trial will reduce the incentive for the parties to simplify and streamline their trial presentations.Sears/Kmart opposes the LG proposal for the following reasons:  First, the LG proposal would prejudice Sears/Kmart because it would allow LG to tell its story, even if in a truncated form, before Sears/Kmart presents its opening statement.  Second, if the Court allows the lawyers to voir dire the prospective jury, then, as occurs in most every case, counsel can ask questions to enable the jury, the lawyers, and the Court to evaluate the responses and impartiality.   Third, this is nothing unique about this jury trial that would require the unorthodox procedures (prejudicial to Sears/Kmart) proposed by LG. Attorney Voir Dire Will Be Beneficial

Subject to the Court's approval, Sears/Kmart respectfully requests a limited amount of attorney-conducted voir dire. LG is in agreement with this request. The lawyers on both sides are experienced and in a position to assist the Court in efficiently and effectively conducting voir dire.

**<u>Interim Closings Should Not Be Allowed</u>**

Sears/Kmart opposes LG's proposal for counsel to present "brief interim closings" at the end of each trial week.

This proposal would be unduly prejudicial to Sears/Kmart, and is thus opposed, for the following reasons: <u>First</u>, LG's proposal would improperly (and prejudicially) alter the burden of proof and enable LG to interject its positions, through LG's counsel's arguments, during Sears/Kmart's case-in-chief and in rebuttal. The same applies when LG presents its defense. Moreover, in a proper order for closing, Sears/Kmart would get the last word, something LG does not propose. (Even if it did, Sears/Kmart would oppose the proposal for the other reasons noted here).

<u>Second</u>, LG's proposal would atomize the presentation of the evidence by essentially creating "mini trials" each week. The jury should rely on its collective understanding and interpretation of the evidence throughout the trial, without interruption, until closing arguments when both sides are able to present full closings and not the atomized, truncated, prejudicial and confusing interim closings proposed by LG.

<u>Third</u>, this case is not unique and does not justify the unusual (and prejudicial) procedures proposed by LG. There are tried and tested procedures, proven over time and shown to work in dealing with a voluminous trial exhibits, lengthy trials, translations and expert economic testimony (factors cited by LG). For example, the number of exhibits and witnesses will be streamlined and reduced if LG does not unreasonably object to

authentication and admissibility.  Translation issues have been or are being worked out by the parties or through Reports and Recommendations by the Special Master (and subject to this Court's approval).  To the extent necessary, there will be experienced translators in Court to assist a witness who requires the help, as occurs in other civil and criminal trials.

Experts testify in a wide variety of civil trials, and their presence does not mean that a trial court should deviate from the even-handed procedures that are employed by federal courts.  Sears/Kmart submits that the jury should be allowed to rely on their understanding of the evidence, guided by counsel's questioning and the experts' answer, in accordance with the Federal Rules of Civil Procedure.  The LG proposal effectively changes those practices.

**2.   Motions *in Limine***

On April 8, 2016, the parties submitted a list of pending motions in limine, which prioritized those motions for the Court's consideration.  ECF Nos. 4547, 4603.  Sears/Kmart will confer with LG and suggest a proposed priority for those motions *in limine* related to their trial.

**3.   Exhibits Previously Designated "Highly Confidential" or "Confidential"**

Virtually all of the Defendants' documents produced in this case were designated "Confidential" or "Highly Confidential" under the Protective Order.  Defendants' documents are identified on the Sears/Kmart exhibit list, and many of them carry the defense Protective Order designation.  Sears/Kmart believes that these designations should not be used as a means to disrupt the trial.  Sears/Kmart opposes an effort to seal evidence in this public trial. Sears/Kmart will confer with LG (and other defense counsel) on this issue and report back to the Court.

1
2
3

**E.     Sharp's Statement**

Sharp disputes Defendants' characterization of the motion *in limine* docketed as ECF No. 3599 as relating to "whether evidence of <u>Sharp</u>'s involvement in the TFT-LCD conspiracy may be admitted at trial."  That motion seeks to exclude evidence of or reference to non-party Sharp Corp.'s guilty plea related to TFT-LCDs, and the role of Sharp companies in the events underlying the *In re TFT-LCD (Flat Panel) Antitrust Litigation* matter.

As indicated in its previous filing, Sharp defers to the Court regarding the need for and timing of any hearings on any motions *in limine*.

Sharp additionally notes that Defendant LGE has proposed a number of trial procedures for purposes of the Sears/Kmart trial against LGE, which Sharp is not a party to, including mini-openings before voir dire and interim closings. The Defendants in the Sharp trial – Toshiba, Thomson, and TDA – have not proposed similar procedures for the Sharp trial, but for clarity, Sharp notes that should those Defendants do so in the future, Sharp would oppose the use of mini-openings and interim closings in the Sharp trial.

LGE also seeks the Court's guidance regarding the use at the Sears/Kmart trial of exhibits previously designated "Confidential" or "Highly Confidential."  While again the only issue raised in the current submission relates to the Sears/Kmart trial, Sharp nevertheless supports LGE's request as one likely beneficial to all parties in all trials, and concurs in LGE's comments concerning the high bar to any potential sealing of evidence in a public trial.  Sharp does not currently plan on requesting sealing with respect to any evidence it intends to offer, unless required to do so by Defendants.

Sharp's anticipated trial length is unchanged since the prior joint case management statement, where Sharp proposed a trial consisting of 35 hours per side, translating to approximately 10-14 trial days (ECF No. 4192, at 8).

### F.     The Remand DAPs' Statement

As set forth in their April 12, 2016 administrative motion for leave to file a motion suggesting remand, the DAPs believe that remand will be appropriate "after the summary judgment and *Daubert* motions are ruled on by the court." (ECF No. 4555). As stated in the administrative motion, Defendants did not object to the Remand Plaintiffs[1] requesting remand after the Court ruled on the summary judgment and *Daubert* motions. (*Id.*) The Court subsequently granted the DAPs' administrative motion. (ECF No. 4618).

The Defendants' about-face in their statement on remand does not provide any justifiable basis for delaying remand of the Remand Plaintiffs' actions beyond the resolution of outstanding summary judgment and *Daubert* motions.[2] In short:

*Motions* **in limine**. The pendency of motions *in limine* in the N.D. Cal. plaintiffs' cases is not a basis for delaying remand of the Remand Plaintiffs' actions. As Defendants have acknowledged, the motions *in limine* were not filed in the Remand Plaintiffs' cases. (ECF No. 4676 at 3 (*Joint Submission by the Remand Plaintiffs and*

---

[1] As used herein, "Remand Plaintiffs" refers to Electrograph Systems, Inc.; Electrograph Technologies, Corp.; Office Depot, Inc.; CompuCom Systems, Inc.; Interbond Corporation of America; P.C. Richard & Son Long Island Corporation; MARTA Cooperative of America, Inc.; ABC Appliance, Inc.; Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC; Tech Data Corporation and Tech Data Product Management, Inc.; and Costco Wholesale Corporation.

[2] The Court previously indicated, and the parties agreed, that the *Daubert* motion regarding Daniel Rubinfeld (ECF No. 3176) will not be decided by the MDL court and resolution of that motion would instead be left to the remand courts since the motion is not live in any pending cases that will be tried in the MDL court. (ECF No. 4676 at 3 ("Consistent with the Court's Order, the parties agree that the Daubert motion at MDL. Dkt. No. 3176 should be decided by the remand court.")

*Defendants*: "The parties respectfully submit that each of the motions in limine remain pending only in the Northern District of California actions. None of the motions in limine were filed in the remand cases.")).  Evidentiary issues will be handled by the respective remand courts.  As such, the pendency of various motions *in limine* should not delay remand of the Remand Plaintiffs' cases.

**Translation Objections**.  The translation-objection process also does not provide a basis to delay remand.  The Remand Plaintiffs and Defendants agreed to be bound by any orders resolving translation objections that are issued while the remand cases are pending in the MDL court.  It would not, however, be appropriate to allow the pendency of translation objections to prevent the Remand Plaintiffs' cases from being returned to their home courts.  The translation process can be managed—including, if the remand courts are so inclined, by allowing the Special Master's rulings to apply in the remand courts—by the respective remand courts along with all other standard trial issues, such as exhibit list, witness list, and deposition designations exchanges.

**Dell's action**.  There is no reason that the settlement of *Dell's* action needs to delay the schedule for remanding the actions of *other* DAPs who have not settled.

**MARTA's possible appeal**.  One of the ten Remand Plaintiffs, MARTA, has moved for Rule 54(b) certification of the Court's order granting summary judgment against MARTA.  (ECF No. 4793).  Should the Court grant MARTA's Rule 54(b) motion and issue an order certifying the MARTA summary judgment order for immediate appeal, MARTA intends to pursue an immediate appeal.  None of this procedural background should affect remand.  To the extent the Court retains jurisdiction over MARTA's co-plaintiffs (P.C. Richard and ABC Warehouse), their actions may be remanded.  And to the extent MARTA is pursuing an appeal in the Ninth Circuit, if the Rule 54(b) motion

is granted, the Court will no longer have jurisdiction over MARTA's claims in any event.   Simply put, nothing about MARTA's possible appeal provides a basis for delaying the Court's remand of other Remand Plaintiffs' respective actions.

Accordingly, the Remand Plaintiffs respectfully submit that the parties should proceed as contemplated by the Court's order granting the Remand Plaintiffs leave to file a motion suggesting remand upon resolution of the summary judgment and *Daubert* motions.

## II.   INDIRECT PURCHASER PLAINTIFFS' STATEMENT

The Court granted final approval of the Indirect Purchaser Plaintiffs' ("IPPs") settlements with the Philips, Panasonic, Hitachi, Toshiba, Samsung, Thomson and TDA Defendants (together "Settling Defendants") by Order dated July 7, 2016.  (ECF No. 4712.) Final Judgment of Dismissal With Prejudice was entered as to the Settling Defendants on July 14, 2016.  (ECF No. 4717.)

In the same July 7, 2016 Order, the Court preliminarily approved the revised plan of allocation for the Chunghwa Net Settlement Fund, and ordered IPPs to provide notice to class members.  (ECF No. 4712 at 32.)  IPPs have provided notice to class members in accordance with the Order.  The deadline for objections to the revised plan of allocation is September 30, 2016.  The matter is set for hearing on November 14, 2016.

The Court also issued its Order on Attorneys' Fees, Expenses and Incentive Awards Re: Indirect Purchaser Plaintiffs' Settlements, ECF No. 4740 (the "Fee Order").  As part of the Fee Order, the Court referred the allocation of the aggregate fee award to Special Master Quinn.  Pursuant to the Special Master's Order Re Process for Allocation of Attorneys' Fees (ECF No. 4748), Lead Counsel for the IPPs has proposed an allocation of the fee award to the Special Master.  (ECF Nos. 4790 and 4800.)  The Special Master will consider any objections

to the proposed allocation and will provide his Report and Recommendations to the Court by October 20, 2016.  (ECF No. 4748.)

A number of appeals have been filed from the Final Approval Order, the Final Judgment of Dismissal and the Fee Order.  (*See, e.g.,* ECF Nos. 4743, 4744, 4745, 4746, 4747, 4749, 4751, 4752, 4753 and 4756.)  Appellants' opening briefs are due in November 2016.

### DEFENDANTS' STATEMENT

### I.   ISSUES APPLICABLE TO ALL DEFENDANTS

**Order and Length of Trials.**  The Court has established trial dates for three actions to be tried in the Northern District of California.  The Sears/Kmart-LGE trial is scheduled to begin on January 9, 2017 (ECF No. 4671).  The Sharp trial against TDA, Thomson, and Toshiba is scheduled to begin on March 6, 2017 (ECF No. 4671).  The DPP trial against Mitsubishi is scheduled to begin on July 31, 2017 (ECF No. 4628).  The Court has not yet set trial lengths for any of these trials.  The appropriate length of trial for each of the three actions may depend on future developments, including rulings on pending summary judgment motions, motions *in limine*, and *Daubert* motions, as well as any future settlements.

**Status of Motions *in Limine* and *Daubert* Motions.**  Since the last Joint Case Management Conference Statement, the Court has held argument on numerous summary judgment motions and has issued orders resolving the majority of those motions.  The Court has not scheduled argument or indicated that argument will be heard on the pending motions *in limine* and *Daubert* motions.  At the December 15, 2015 Status Conference, the Court did not rule out argument on those motions, but said that it could be scheduled "later."  Transcript from Dec. 15, 2015 Status Conference at 23:15-17.  An updated chart of the pending motions *in limine* and *Daubert* motions is attached is Exhibit A.  As set forth below, LGE proposes that, with

regard to the trial of Sears/Kmart's claims, LGE and Sears/Kmart will confer in advance of the Case Management Conference to apprise the Court if there are any changes regarding LGE's or Sears/Kmart's requests for preference or oral argument as to any particular motion *in limine* or *Daubert* motion

**Status of Motions for Summary Judgment and Timing of Remand.**  As mentioned above, the Court has held argument on numerous summary judgment motions and has issued orders resolving the majority of those motions.  An updated chart of the pending summary judgment motions is attached as Exhibit A.  The motions awaiting resolution fall into two categories: (1) motions involving the FTAIA (argued on January 27, 2016); and (2) motions regarding the absence of evidence of liability as to specific defendants (argued on February 23, 2016).  The Defendants believe that the DAP actions to be tried in districts outside the Northern District of California should be remanded at some point after the Court has ruled on each of the pending summary judgment motions, motions *in limine*, and *Daubert* motions.  The DAPs proposed similar timing in the last Joint Case Management Conference Statement (ECF No. 4192 at 13). Remand would be inappropriate at this time not only because of the pending motions, but also because, among other matters, the translation-objection process is ongoing, one of the remand DAPs, Dell, has requested that this Court stay its action (ECF No. 4176), and another of the remand DAPs, MARTA, has indicated that it wants to file an appeal with the Ninth Circuit (ECF No. 4793).

**Status of Translation Objections.**  The parties submitted to Special Master Walker all of their respective proposed translations for Tranche 1 objections on May 17, 2016, and submitted their respective proposed translations for Tranche 2 objections on July 20, 2016, in accordance with the Order Adopting Translation-Objection Resolution Protocol (ECF No.

4657) and the Court's Order Extending the Date to Submit Tranche 2 Objections to the Special Master (ECF No. 4667).  Going forward, the parties may submit an additional small number of translation objections for resolution in accordance with the Translation-Objection Resolution Protocol (*see* ECF No. 4625, at 3; ECF No. 4667).

Tranche 1 objections for documents originally written in Chinese have been fully resolved by the Court (ECF No. 4736).  Special Master Walker issued Recommended Orders resolving translation-objections for Tranche 1 documents where Japanese or Korean is the original language on August 24, 2016, and September 6, 2016, respectively.  (ECF Nos. 4799, 4809).  On September 7, 2016, the Toshiba Defendants and the Panasonic Defendants filed their Objection to the Recommended Order Resolving Translation-Objections re Japanese Documents – Tranche 1 (ECF No. 4823), which is pending before the Court.  Objections to the Recommended Order Resolving Korean Translation Objections – Tranche 1 are due by September 20, 2016.  All Tranche 2 objections remain pending before Special Master Walker.

**Additional Settlements.**   Since the parties' November 17, 2015 joint statement, additional settlements have been reached by the parties.  Those settlements are reflected in the updated settlement matrix attached as Exhibit B.  Special Master Walker has issued two reports on the DAPs' Aggregate Settlements (ECF No. 4649, 4670), the last of which was filed on June 9, 2016.

## II. ISSUES SPECIFIC TO THE TRIAL OF SEARS/KMART'S CLAIMS.

The Court set trial in the Sears/Kmart matter to begin on January 9, 2017 and the parties remain on track to proceed to trial at that time.  On August 8, 2016, Plaintiffs Sears/Kmart served a list of more than 70 witnesses, more than 50 hours of deposition designations, and a list of more than 1,400 trial exhibits.  LGE anticipates serving its witness

list, deposition designations, trial exhibit list, and objections to Sears/Kmart's designations on September 15, 2016, per the Court's August 17, 2016 Scheduling Order.  (*See* ECF No. 4781.) Based on the numerous factual and expert witnesses (both live and via deposition) and exhibits disclosed by the parties, LGE currently anticipates that trial in this matter will require five weeks with standard trial days.

Among other things, the Court's August 17, 2016 Scheduling Order ordered that the parties file a proposed written jury voir dire questionnaire and proposed jury voir dire questions no later than December 2, 2016.  (*See* ECF Nos. 4781 & 4776-1 at 2.)  LGE will ensure that those documents are filed as ordered by the Court.  Additionally, in order to aid the parties' preparation for trial, LGE asks that the Court consider at the Case Management Conference the following additional requests concerning the trial process:[3]

### A.    Mini-Opening Statements

LGE requests that the Court allow each side to present mini-openings (no more than 5 minutes each) before voir dire.  The American Bar Association ("ABA") encourages mini-opening statements, listing mini-openings as a mechanism to "improve juror understanding of the issues and the efficiency of trial."   ABA, *Principles for Juries and Jury Trials*, Commentary to Principle 13(G), at 105 (2016) (*avail.   at* http://www.americanbar.org/content/dam/aba/ administrative/american_jury/final_commentary_july_1205.authcheckdam.pdf).   Moreover, California law expressly instructs courts to permit mini-opening statements prior to voir dire

---

[3] On September 9, 2016, LGE met and conferred with counsel for Sears/Kmart to discuss the requests set forth below and provided Sears/Kmart with a copy its requests and supporting authorities.  LGE now understands that Sears/Kmart opposes some of these requests and will be prepared to address these issues with the Court at the September 20, 2016 Case Management Conference.  LGE will also meet and confer with Sears/Kmart regarding Sears/Kmart's trial requests prior to the September 20, 2016 Case Management Conference.

questioning.  *See* Cal. Code of Civil Proc. 222.5 ("The trial judge should allow a brief opening statement by counsel for each party prior to the commencement of the oral questioning phase of the voir dire process.").

Studies have shown that mini-opening statements enable prospective jurors to consider the voir dire questions in the context of the case and thereby better evaluate how their own experiences and attitudes may impact their ability to be impartial.  For example, in a study of 16 civil trials in which attorneys made voir dire openings, approximately 75% of the judges agreed that the openings "improved juror candor, increased jurors' willingness to serve and improved jurors' understanding of why the questions were being questioned."  Jury Trial Project, Final Report of the Committees of the Jury Trial Project at 22 (2005) (*avail. at* http://www.nycourts.gov/publications/jury-materials/Final_Report_of_the_Committees_of_the_Jury_Trial_Project.pdf).

As the Court is well aware, this matter involves numerous complex legal and factual issues.  The attorneys are well-positioned to distill those issues for the jurors in brief mini-opening statements.  Once the prospective jurors are apprised of each side's basic positions in this trial, the voir dire process will be more efficient, as jurors will be able to provide more relevant and comprehensive answers to the Court's questions.  Mini-opening statements will reduce juror confusion by making clear to the jurors what the case is about and the types of issues the jurors will need to decide.  As such, LGE asks that the Court allow the parties to present mini-opening statements prior to the Court's voir dire questioning.

### B.      Attorney Voir Dire

This Court's Standing Order on Civil Jury Trials provides that "[i]n accordance with Federal Rule of Civil Procedure 47(a), voir dire by counsel will not be permitted absent leave of court."  LGE respectfully requests that the Court permit voir dire by counsel as a

1   supplement to the Court's voir dire, subject to reasonable restrictions on the length and subject
2   matter of the attorney-conducted voir dire.
3
4        Given the complexity and extensive history of the case, the attorneys are well
5   positioned to aid the Court in efficiently and effectively conducting the voir dire process. The
6   attorneys' familiarity with the history and issues in this matter will enable them to ask
7   appropriate follow-up questions after the Court has conducted its initial questioning of the
8   jurors. *See* ABA, *Principles for Juries and Jury Trials*, Principle 11(B)(2) (2016) ("Following
9   initial questioning by the court, each party should have the opportunity, under the supervision
10  of the court and subject to reasonable time limits, to question jurors directly, both individually
11  and           as           a           panel.")           (*avail           at*
12  http://www.americanbar.org/content/dam/aba/administrative/american_jury/2016_
13  jury_principles.authcheckdam.pdf), *see also* ABA, *Principles for Juries and Jury Trials with*
14  *Commentary* at 74 (2005) ("[V]oir dire by the judge, augmented by attorney-conducted
15  questioning, is significantly fairer to the parties and more likely to lead to the impaneling of an
16  unbiased jury than is voir dire conducted by the judge alone."). Empirical studies also show
17  that prospective jurors tend to respond more candidly to questions posed by attorneys than to
18  those posed by judges. *See* Susan E. Jones, *Judge- Versus Attorney-Conducted Voir Dire*, 11
19  Law & Human Behavior 131 (1987); David Suggs & Bruce D. Sales, *Juror Self-Disclosure in*
20  *the Voir Dire: A Social Science Analysis,* 56 Ind. L.J. 245, 250-58 (1981).
21
22       The Honorable Richard A. Jones of the Western District of Washington permitted 30
23  minutes of oral voir dire by each party in the LCD trial in Seattle in September 2014, in
24  addition to voir dire of individual jurors to establish "for cause" challenges. The Court and
25  counsel on all sides found this process to be an effective and efficient method of ferreting out
26  relevant information from the prospective jurors.
27
28

1

2

LGE requests that the Court grant leave to permit follow-up voir dire by counsel.

### C.    Interim Closings

3

4    LGE also requests that the Court permit the parties to present brief interim closings (20

5    minutes per side) at the end of each week in trial.  As noted above, trial in this matter is

6    expected to last five weeks.  In addition to its length, this trial will also involve very dense,

7    technical information that will likely be unfamiliar to the jury.  The factual allegations are

8

9    largely based on foreign-language testimony and hundreds of lengthy, foreign-language,

10   corporate meeting minutes that the jury will have to view, interpret, and consider in context.

11   And, a major and lengthy portion of the trial will involve economic analysis of the market for

12   cathode-ray tubes and related products and statistical and econometric computations of several

13   years of data for purposes of assessing liability and damages.  In light of the complicated

14   testimony and material that the jury will be presented with during this trial, brief interim

15   closings at the end of each trial week, summarizing what the jurors have heard, will greatly aid

16   the jury's comprehension of the issues in this case.

17

18   The ABA encourages use of interim closings.  "Parties and courts," the ABA has

19   stated, "should be open to a variety of trial techniques to enhance juror comprehension of the

20   issues," including "interim openings and closings."  ABA, *Principles for Juries and Jury*

21   *Trials*, Principle 13(G), at 94 (2016).  While not necessarily appropriate in every case, in this

22   complex, antitrust matter jurors will be substantially aided by interim closings.  LGE requests

23

24   that the Court permit the parties to supplement the presentation with brief interim closings at

25   the end of each trial week.

26   ### D.    Motions *In Limine* & *Daubert* Motions

27   On April 8, 2016, the parties submitted a listing of pending motions *in limine* and

28   *Daubert* motions, identifying the motions' order of importance to the parties and whether the

parties were seeking oral argument.  (*See* ECF 4547.)  Per the Court's request, the parties submitted an updated version of that listing, reflecting settlements that had occurred in the interim and evidentiary objections pertinent to the motions, on April 28, 2016.  (*See* ECF 4603.)  Since that time, numerous parties have settled and been dismissed from the case. Additionally, the proposed order of the trials has shifted, with the Sears/Kmart trial now slated to proceed first.   As such, LGE and Sears/Kmart will confer in advance of the Case Management Conference on September 20, 2016 to apprise the Court if there are any changes regarding LGE's or Sears/Kmart's requests for preference or oral argument as to any particular motion *in limine* or *Daubert* motion.  LGE maintains its request for argument on selected motions and remains available to present argument on any date convenient to the Court.

**E.**     **Exhibits Previously Designated "Confidential" or "Highly Confidential"**

Plaintiffs Sears/Kmart have served hundreds of trial exhibits, dozens of hours of deposition designations, and written discovery designations that were previously designated by the producing party as "Confidential" or "Highly Confidential" pursuant to the Protective Order entered in this case on June 18, 2008.  (*See* ECF No. 306.)  LGE's pretrial disclosures will also include such materials.  Some of the evidence presented at trial may also be subject, in whole or in part, to sealing orders previously entered by the Court.

The Protective Order expressly does not apply to "presentations of evidence and argument . . . at trial," and states that the parties shall "seek the guidance of the Court as to appropriate procedures to govern such proceedings" with regard to material subject to the Protective Order.  (*See* ECF No. 306 at 12-13.)  LGE will meet and confer with the necessary parties before the pre-trial conference on this issue, and should the Court desire will be prepared to discuss its views on appropriate procedures to govern the use of previously designated "Confidential" or "Highly Confidential" materials at the Sears/Kmart trial at the

Case Management Conference.  LGE recognizes the high bar to any potential sealing of evidence in a public trial, and expects that other parties do as well, such that any administrative burden on the Court with regard to trial evidence should be minimal.

### III.     ISSUES SPECIFIC TO THE TRIAL OF SHARP'S CLAIMS.

The parties to the Sharp action engaged in good faith negotiations on a pre-trial schedule and agreed on a schedule for all pre-trial issues except for the timing of deposition designations.  The parties submitted their competing proposals to the Court in the form of a joint motion on August 31, 2016 (ECF No. 4805), which the Court resolved on September 7, 2016 (ECF No. 4828).  The parties intend to complete their pre-trial obligations by January 27, 2017, in advance of a pre-trial conference on February 7-8, 2017.  TDA, Thomson, and Toshiba believe that it is premature given where they are in the pretrial exchange schedule to make a specific proposal regarding the structure of their trial against Sharp, including without limitation, proposals regarding voir dire and the use of mini-closings, but reserve all rights to make specific proposals in the future regarding their positions on the organization and length of trial.

While the pending motions *in limine* and *Daubert* motions are of interest to all parties in the MDL, they are particularly relevant to the parties in the Sharp action because they touch on significant issues such as whether Sharp can present expert testimony and evidence on an unpleaded theory of liability (ECF Nos. 3591, 3593) and whether evidence of Sharp's involvement in the TFT-LCD conspiracy may be admitted at trial (ECF No. 3599).  Decisions on these motions will not only have a significant impact on trial preparations, they will also clarify the scope of the trial in ways that will focus the parties' valuations for potential settlement.  The Court has previously recognized the settlement-promoting value of issuing

rulings on important issues: "But I know that most cases do settle, and so my job as a case manager in part is to give you the information about case value in as prompt a way as I can so that you can all make decisions about whether or not to continue to litigate or try the case, because it's all about opportunity cost."  Transcript from Dec. 15, 2015 Status Conference at 24:1-5.  As such, the Defendants to the Sharp action request that the Court prioritize to the extent possible ruling on these motions.  Similarly, the Defendants in the Sharp action request that the Court promptly rule on Technologies Displays Americas LLC's Motion for Summary Judgment (ECF No. 2984) as an outcome in TDA's favor would simplify the parties' trial preparations and impact the scope and length of trial.

Respectfully submitted,

Dated:  September 12, 2016      **WHITE & CASE** LLP

By:  _/s/ Christopher M. Curran_
    Christopher M. Curran (*pro hac vice*)
    ccurran@whitecase.com
    Lucius B. Lau (*pro hac vice*)
    alau@whitecase.com
    Dana E. Foster (*pro hac vice*)
    defoster@whitecase.com
    701 Thirteenth Street, N.W.
    Washington, DC  20005
    tel.: (202) 626-3600
    fax: (202) 639-9355

    *Counsel to Defendants Toshiba Corporation,*
    *Toshiba America, Inc., Toshiba America*
    *Consumer Products, L.L.C., Toshiba America*
    *Information Systems, Inc., and Toshiba America*
    *Electronic Components, Inc.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MUNGER, TOLLES & OLSON LLP**

By: */s/ Brad D. Brian*

BRAD D. BRIAN (SBN 079001)
brad.brian@mto.com
GREGORY J. WEINGART (SBN 157997)
gregory.weingart@mto.com
E. MARTIN ESTRADA (SBN 223802)
martin.estrada@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendant LG Electronics, Inc.*

**WINSTON & STRAWN LLP**

By: */s/ Jeffrey L. Kessler*
JEFFREY L. KESSLER *(pro hac vice)*
ALDO A. BADINI (257086)
EVA COLE *(pro hac vice)*
MOLLY M. DONOVAN *(pro hac vice)*
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: jkessler@winston.com

STEVEN A. REISS *(pro hac vice)*
DAVID L. YOHAI *(pro hac vice)*
ADAM C. HEMLOCK *(pro hac vice)*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: steven.reiss@weil.com

*Attorneys for Defendants Panasonic
Corporation (f/k/a Matsushita Electric
Industrial*

1  *Co., Ltd.), Panasonic Corporation of North*
*America, and MT Picture Display Co., Ltd.*
2

3  **FAEGRE BAKER DANIELS LLP**

4

5  By: */s/ Kathy L. Osborn*
KATHY L. OSBORN (pro hac vice)
6  Email: kathy.osborn@FaegreBD.com
RYAN M. HURLEY (pro hac vice)
7  Email: ryan.hurley@FaegreBD.com
FAEGRE BAKER DANIELS LLP
8  300 N. Meridian Street, Suite 2700
9  Indianapolis, IN 46204
Telephone: (317) 237-0300
10  Facsimile: (317) 237-1000
11

12  JEFFREY S. ROBERTS (pro hac vice)
Email: jeff.roberts@FaegreBD.com
13  FAEGRE BAKER DANIELS LLP
14  3200 Wells Fargo Center
1700 Lincoln Street
15  Denver, CO 80203
Telephone: (303) 607-3500
16  Facsimile: (303) 607-3600
17

18  *Attorneys for Defendants Thomson SA and*
*Thomson Consumer Electronics, Inc.*
19

20  **SQUIRE PATTON BOGGS (US) LLP**

21

22  By: */s/ Donald A. Wall*
MARK C. DOSKER
23  Email: mark.dosker@squirepb.com
NATHAN LANE, III
24  Email: nathan.lane@squirepb.com
25  275 Battery Street, Suite 2600
San Francisco, CA 94111
26  Telephone: (415) 954-0200
Facsimile: (415) 393-9887
27

28  DONALD A. WALL (pro hac vice)

1  Email: donald.wall@squirepb.com
   SQUIRE PATTON BOGGS (US) LLP
2  1 East Washington Street, Suite 2700
3  Phoenix, Arizona 85004
   Telephone: (602) 528-4000
4  Facsimile: (602) 253-8129
5
6  *Attorneys for Defendant Technologies Displays*
   *Americas LLC with respect to all cases except*
7  *Office Depot, Inc. v. Technicolor SA, et al.*
8  **CURTIS, MALLET-PREVOST, COLT &**
9  **MOSLE LLP**
10 By: */s/ Jeffrey I. Zuckerman*
11 Jeffrey I. Zuckerman (pro hac vice)
   1717 Pennsylvania Avenue, N.W.
12 Washington, D.C. 20006
13 Telephone: 202.452.7350
   Facsimile: 917.368.7350
14 Email: jzuckerman@curtis.com
15
16 Arthur Gaus (SBN 289560)
   DILLINGHAM & MURPHY, LLP
17 601 California Street, Suite 1900
18 San Francisco, California 94108
   Telephone: 415.397.2700
19 Facsimile: 415.397-3300
20 Email: asg@dillinghammurphy.com
21 *Attorneys for Defendant Technologies Displays*
22 *Americas LLC with respect to Office Depot, Inc.*
   *v. Technicolor SA, et al.*
23
24 **SHEPPARD, MULLIN, RICHTER &**
   **HAMPTON LLP**
25
26 By: */s/ Michael W. Scarborough*
   GARY L. HALLING (66087)
27 Email: ghalling@sheppardmullin.com
   JAMES L. McGINNIS (95788)
28 Email: jmcginnis@sheppardmullin.com

1   MICHAEL W. SCARBOROUGH (203524)
    Email: mscarborough@sheppardmullin.com
2   SHEPPARD, MULLIN, RICHTER &
3   HAMPTON LLP
    Four Embarcadero Center, 17th Floor
4   San Francisco, California 94111-4109
5   Telephone: (415)-434-9100
    Facsimile: (415)-434-3947
6
7   *Attorneys for Defendants Samsung SDI America,*
    *Inc., Samsung SDI Co., Ltd., Samsung SDI*
8   *(Malaysia) Sdn. Bhd., Samsung SDI Mexico S.A.*
    *de C.V., Samsung SDI Brasil Ltda., Shenzhen*
9   *Samsung SDI Co. Ltd. and Tianjin Samsung SDI*
10  *Co., Ltd.*
11
    By: */s/ John T. Taladay*
12  JOHN M. TALADAY (*pro hac vice*)
13  ERIK T. KOONS (*pro hac vice*)
    BAKER BOTTS L.L.P.
14  1299 Pennsylvania Ave., N.W.
15  Washington, DC 20004-2400
    Telephone: (202) 639-7700
16  Facsimile: (202) 639-7890
17  Email: john.taladay@bakerbotts.com
    Email: erik.koons@bakerbotts.com
18
19  JON V. SWENSON (SBN 233054)
    BAKER BOTTS L.L.P.
20  1001 Page Mill Road
21  Building One, Suite 200
    Palo Alto, CA 94304
22  Telephone: (650) 739-7500
23  Facsimile: (650) 739-7699
    E-mail: jon.swenson@bakerbotts.com
24
25  *Attorneys for Defendants Koninklijke Philips*
    *N.V., Philips Electronics North America*
26  *Corporation, Philips Taiwan Limited, and*
    *Philips do Brasil, Ltda.*
27
28  TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP

1

2 By: */s/ Mario N. Alioto*

3 Mario N. Alioto (56433)

 malioto@tatp.com

4 Lauren C. Capurro (241151)

5 laurenrussell@tatp.com

 **TRUMP, ALIOTO, TRUMP & PRESCOTT,**

6 **LLP**

 2280 Union Street

7 San Francisco, California 94123

 Telephone: (415) 563-7200

8 Facsimile: (415) 346-0679

9

10 *Lead Counsel for Indirect Purchaser Plaintiffs*

11 ALSTON & BIRD LLP

12 By: */s/ Debra D. Bernstein*

13 Michael P. Kenny (admitted pro hac vice)

 Debra D. Bernstein (admitted pro hac vice)

14 Matthew D. Kent (admitted pro hac vice)

15 Elizabeth Helmer (admitted pro hac vice)

 **ALSTON & BIRD LLP**

16 1201 West Peachtree Street

17 Atlanta, Georgia 30309-3424

 Telephone: (404)-881-7000

18 Facsimile: (404)-881-7777

19 Email: mike.kenny@alston.com

 debra.bernstein@alston.com

20 matthew.kent@alston.com

21 elizabeth.helmer@alston.com

 James M. Wagstaffe, Esq. (SBN 95535)

22 **KERR & WAGSTAFFE LLP**

23 101 Mission Street, 18th Floor

 San Francisco, California 94105-1576

24 Telephone: (415)-371-8500

25 Facsimile: (415)371-0500

 Email: wagstaffe@kerrwagstaffe.com

26

27 *Counsel For Plaintiffs Dell Inc. and Dell Products*

 *L.P.*

28

BOIES, SCHILLER & FLEXNER LLP

By: */s/ Philip J. Iovieno*
Philip J. Iovieno
Anne M. Nardacci
**BOIES, SCHILLER & FLEXNER LLP**
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com

William A. Isaacson
Kyle N. Smith
**BOIES, SCHILLER & FLEXNER LLP**
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com
Email: ksmith@bsfllp.com

Stuart Singer
**BOIES, SCHILLER & FLEXNER LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and
Attorneys for Plaintiffs Electrograph Systems,
Inc., Electrograph Technologies, Corp., Office
Depot, Inc., CompuCom Systems, Inc., Interbond
Corporation of America, P.C. Richard & Son
Long Island Corporation,
MARTA Cooperative of America, Inc., ABC
Appliance, Inc., Schultze Agency Services LLC on
behalf of Tweeter Opco, LLC and Tweeter Newco,
LLC, and Tech Data Corporation and Tech Data
Product Management, Inc.*

1

2

BILZIN SUMBERG MAENA PRICE &
AXELROD

3

4

5

6

7

8

9

10

11

12

By: /s/ Scott N. Wagner
Robert W. Turken
Scott N. Wagner
Mitchell E. Widom
**BILZIN SUMBERG MAENA PRICE &
AXELROD**
LLP
1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456
Tel: 305-374-7580
Fax: 305-374-7593
Email: rturken@bilzin.com
swagner@bilzin.com
mwidom@bilzin.com

13

14

*Counsel for Plaintiffs Tech Data Corporation and
Tech Data Product Management, Inc.*

15

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

16

17

18

19

20

21

22

23

24

25

By: /s/ Roman M. Silberfeld
Roman M. Silberfeld
Bernice Conn
David Martinez
Jill S. Casselman
**ROBINS, KAPLAN, MILLER & CIRESI
L.L.P**.
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
Email: rmsilberfeld@rkmc.com
dmartinez@rkmc.com
jscasselman@rkmc.com

26

27

28

Elliot S. Kaplan
K. Craig Wildfang
Laura E. Nelson
**ROBINS, KAPLAN, MILLER & CIRESI**

1   **L.L.P.**
2   800 LaSalle Avenue
3   2800 LaSalle Plaza
4   Minneapolis, MN 55402
5   Telephone: (612) 349-8500
6   Facsimile: (612) 339-4181
    Email: eskaplan@rkmc.com
    kcwildfang@rkmc.com
    lenelson@rkmc.com

7
8   *Counsel For Plaintiffs Best Buy Co., Inc., Best*
    *Buy Purchasing LLC, Best Buy Enterprise*
9   *Services, Inc., Best Buy Stores, L.P.,*
    *Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.*
10

11  PERKINS COIE LLP
12
    By: /s/ *David J. Burman*
13  David J. Burman (*pro hac vice*)
    Cori G. Moore (*pro hac vice*)
14  Eric J. Weiss (*pro hac vice*)
    Nicholas H. Hesterberg (*pro hac vice*)
15  Steven D. Merriman (*pro hac vice*)
    **PERKINS COIE LLP**
16  1201 Third Avenue, Suite 4900
17  Seattle, WA 98101-3099
    Telephone: (206)359-8000
18  Facsimile: (206)359-9000
    Email: DBurman@perkinscoie.com
19  CGMoore@perkinsncoie.com
    EWeiss@perkinscoie.com
20  NHesterberg@perkinscoie.com
    SMerriman@perkinscoie.com
21
22  Joren Bass, Bar No. 208143
    **PERKINS COIE LLP**
23  Four Embarcadero Center, Suite 2400
24  San Francisco, CA 94111-4131
    Telephone: (415)344-7120
25  Facsimile: (415)344-7320
    Email: JBass@perkinscoie.com
26
27
28

1
2

*Counsel for Plaintiff Costco Wholesale
Corporation*

3       KENNY NACHWALTER, P.A.

4

5       By: */s/ William J. Blechman*
        Richard Alan Arnold (*pro hac vice*)
6       William J. Blechman (*pro hac vice*)
        Kevin J. Murray (*pro hac vice*)
7       **KENNY NACHWALTER, P.A.**
        201 S. Biscayne Blvd., Suite 1100
8       Miami, FL 33131
9       Tel: 305-373-1000
        Fax: 305-372-1861
10      Email: rarnold@knpa.com
11      wblechman@knpa.com
        kmurray@knpa.com
12

13      *Counsel for Plaintiffs Sears, Roebuck and Co. and
        Kmart Corp.*
14

15      */s/ Kenneth A. Gallo*

16
        Kenneth A. Gallo (pro hac vice)
17      Joseph J. Simons (pro hac vice)
        Craig A. Benson (pro hac vice)
18      PAUL, WEISS, RIFKIND, WHARTON &
19      GARRISON LLP
        2001 K Street, NW
20      Washington, DC 20006
21      Telephone: (202) 223-7300
        Facsimile: (202) 223-7420
22      Email: kgallo@paulweiss.com
23      Email: jsimons@paulweiss.com
        Email: cbenson@paulweiss.com
24

25      Stephen E. Taylor (SBN 058452)
        Jonathan A. Patchen (SBN 237346)
26      TAYLOR & COMPANY LAW OFFICES, LLP
27      One Ferry Building, Suite 355
        San Francisco, California 94111
28      Telephone: (415) 788-8200

1      Facsimile: (415) 788-8208
       Email: staylor@tcolaw.com
2      Email: jpatchen@tcolaw.com

3
       *Counsel for Sharp Electronics Corporation; Sharp*
4      *Electronics Manufacturing Company of America,*
5      *Inc.*

6      SUSMAN GODFREY L.L.P.

7
       By: /s/ *Kenneth S. Marks*
8      Kenneth S. Marks
9      Jonathan J. Ross
       Johnny W. Carter
10     David M. Peterson
11     **SUSMAN GODFREY L.L.P.**
       1000 Louisiana Street, Suite 5100
12     Houston, Texas 77002
13     Telephone: (713) 651-9366
       Facsimile: (713) 654-6666
14     Email: kmarks@susmangodfrey.com
15     jross@susmangodfrey.com;
       jcarter@susmangodfrey.com
16     jconnors@susmangodfrey.com

17
       Parker C. Folse III
18     Rachel S. Black
19     Jordan Connors
       **SUSMAN GODFREY L.L.P.**
20     1201 Third Avenue, Suite 3800
21     Seattle, Washington 98101-3000
       Telephone: (206) 516-3880
22     Facsimile: (206) 516-3883
23     Email: pfolse@susmangodfrey.com
       rblack@susmangodfrey.com
24     jconnors@susmangodfrey.com

25
       *Counsel for Plaintiff Alfred H. Siegel, as Trustee*
26     *of the Circuit City Stores, Inc. Liquidating Trust*

27
       CROWELL & MORING LLP
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: /s/ *Jason C. Murray*
Jason C. Murray (CA Bar No. 169806)
**CROWELL & MORING LLP**
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com
Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
E-mail: jmurphy@crowell.com
aheaven@crowell.com

*Counsel for Target Corp. and ViewSonic Corp.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **<u>ATTESTATION</u>**

I, Christopher M. Curran, am the ECF user whose ID and password are being used to file the above Joint Case Management Conference Statement.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each listed counsel above has concurred in this filing.

*/s/ Christopher M. Curran*
Christopher M. Curran

1

**CERTIFICATE OF SERVICE**

2       On September 12, 2016, I caused a copy of the "JOINT CASE MANAGEMENT

3  CONFERENCE STATEMENT" to be electronically filed via the Court's Electronic Case

4  Filing System, which constitutes service in this action pursuant to the Court's order of

5  September 29, 2008.

6

7

8                                    By:  __/s/ Christopher M. Curran_____

9                                          Christopher M. Curran

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28