Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com

William A. Isaacson
Kyle N. Smith
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Fax: (202) 237-6131
Email: wisaacson@bsfllp.com
Email: ksmith@bsfllp.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

*Counsel for Plaintiff*
*MARTA Cooperative of America, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-CV-05944-JST<br>MDL No. 1917 |
| This Document Relates To:<br><br>*P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;<br><br>*P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 13-cv-05725; | **PLAINTIFF MARTA COOPERATIVE OF AMERICA'S REPLY IN SUPPORT OF MOTION FOR RULE 54(b) CERTIFICATION OF FINAL JUDGMENT AS TO MARTA**<br><br>Date: Sept. 29, 2016<br>Time: 2:00 p.m.<br>Before: Hon. Jon S. Tigar |

## INTRODUCTION

In their opposition to MARTA's motion for Rule 54(b) certification of final judgment, Defendants agree with nearly all of the points MARTA makes in support of its motion. Specifically, Defendants agree with MARTA that (a) the Court's August 4, 2016 summary judgment order (the "Order") is a final judgment as to MARTA; and (b) the equities that MARTA identifies in its motion weigh in favor of entry of final judgment as to MARTA.

Defendants' only objection to MARTA's motion is to the timing of the motion. They contend that MARTA's motion is premature because there are still seven pending summary judgment motions that "pertain" to MARTA, each of which could potentially affect MARTA's damages claim if MARTA were to succeed on appeal. Defendants' position is that MARTA's Rule 54(b) motion is premature until these seven summary judgment motions are resolved.

This position defies logic and finds no support in the case law. MARTA's claims have been resolved, in full, by the Court's Order. The Court's adjudication of that Order means that MARTA has *no* damages unless the Order is reversed on appeal, and there is thus no need to await the resolution of any further motions in order to commence an appeal.

## ARGUMENT

Defendants contend that MARTA's motion for a Rule 54(b) certification of final judgment is premature until seven remaining summary judgment motions that were originally made in MARTA's action are resolved, arguing that "[u]ntil MARTA's damages claim can be determined, the Court should not enter final judgment as to MARTA." Opp. at 2. This argument ignores the fact that pursuant to the Court's August 4 Order, MARTA's damages claim has already been determined—MARTA has no damages claim or any other claim of any kind. MARTA's only claim has been dismissed. Thus, the seven motions that Defendants identify have no effect on MARTA, as it no longer has any claims being adjudicated by the Court. In the event that MARTA ultimately prevails on appeal, the Court's rulings on the seven motions will apply to MARTA (and Defendants) pursuant to principles of estoppel. MARTA participated in the litigation of the motions, and it thus would be bound by the Court's resolution of them in any

further proceedings in the district court.[1]

The cases on which Defendants rely in support of their argument are wholly inapposite. Opp. at 2 (citing *Kerr-McGee Chem. Corp. v. Lefton Iron & Metal Co.*, 570 F.3d 856, 857 (7th Cir. 2009); *Trustees of Chicago Truck Drivers, etc. v. Central Transport, Inc.*, 935 F.2d 114, 116 (7th Cir. 1991)). Defendants claim that these cases stand for the proposition that Rule 54(b) does not allow appeal where damages claims have not been fully determined. *Id*. This is an unremarkable proposition, but it does not describe the situation here. MARTA's damages claim has been fully determined; it has been dismissed in full. The Court's judgment is final and there is nothing to do but execute on the judgment. In the first case Defendants cite, *Kerr-McGee*, the judgment was *not* final because the district court retained oversight over a dispute as to money damages. In the other, *Trustees of Chicago Truck Drivers*, the appellate court found that the district court's judgment was in fact final and thus concluded that it had appellate jurisdiction pursuant to 28 U.S.C. § 1291, rendering the Rule 54(b) arguments irrelevant.

In *Kerr-McGee*, the district court held the defendant liable to the plaintiff under CERCLA for the cleanup of an industrial site in Illinois and entered judgment in the amount of $4.8 million (later amended to $9.5 million). 570 F.3d at 856. The district court explicitly told the parties that although it entered a money judgment, the damages were provisional and might be reduced by the insurance proceeds that the plaintiff had collected. The district court instructed the defendant to file a motion concerning the plaintiff's insurance proceeds. The defendant did not do so, and instead filed an appeal. *Id*. at 857. The Seventh Circuit found that, "here the district judge recognized that one question affecting damages was unresolved and announced [its] willingness to tackle it after the [defendant] filed an appropriate motion." *Id.* "Thus from the district judge's perspective the litigation is not over, and the decision is not 'final.'" *Id*. For this reason, the Court dismissed the appeal for want of jurisdiction, stating that once the dispute over the insurance proceeds was resolved, the judgment would be final and any

---

[1] Moreover, for avoidance of doubt on this point, MARTA proposed to Defendants that it would stipulate that any orders the Court issues with respect to these seven pending summary judgment motions would be expressly deemed to apply in MARTA's case should MARTA's Rule 54(b) appeal on standing be favorably resolved, if Defendants would agree to consent to MARTA's motion. Defendants declined MARTA's proposal.

adversely affected party could appeal. *Id*. at 858.

In *Trustees of Chicago Truck Drivers*, the court's judgment in an ERISA case concerned a claim for interim payments pending arbitration made pursuant to a specific statutory provision. The plaintiff, a truck drivers' pension found, sought to hold a bankrupt trucking line's sister entities liable for its pension obligations. The sister entities demanded arbitration and the pension fund responded with a claim for interim payments to the fund pending the arbitrator's decision. The court fully resolved the pension fund's claim by ordering the sister entities to make such interim payments. 935 F.2d at 115. The Seventh Circuit found that "the terminating order of any suit seeking 'interim payments' under § 1399(c)(2) is a final decision, appealable under 28 U.S.C. § 1291." *Id*. at 117. As such, there were no unresolved damages questions because "there [was] no other open claim in the litigation." *Id.* That is exactly the scenario for MARTA—it has no open claim in the litigation. The only difference here is that other plaintiffs in MARTA's action have claims—but Defendants are only arguing about the state of *MARTA's* case, not its co-plaintiffs' case.

Thus, these cases, one concerning a CERCLA claim and one concerning an ERISA claim, arise in wholly different circumstances and do not speak to the present situation in any way. The situation here is simple: MARTA's damages claim has been fully resolved by the Court. There is no reason to delay its appeal.

Defendants also claim that entering final judgment as to MARTA now would be inequitable because it would force Defendants "to litigate an appeal without knowing their damages exposure as to MARTA's claim" and they further claim that "[s]uch information is critical for the Defendants in setting their litigation strategies, as well as in gauging the value of any potential settlements." Opp. at 2.[2] Defendants again ignore practical realities with this

---

[2] Furthermore, a party seeking Rule 54(b) certification must act expeditiously. In this regard, Defendants ignore the fact that courts assessing Rule 54(b) requests have analyzed whether the party moving for certification unreasonably delayed in filing when deciding whether Rule 54(b) certification is warranted. *See, e.g., Schaefer v. First Nat'l Bank of Lincoln*, 465 F.2d 234, 236 (7th Cir. 1972) ("[A]s a general rule it is an abuse of discretion for a district judge to grant a motion for a Rule 54(b) order when the motion is filed more than thirty days after the entry of adjudication to which it relates."); *Miami Tribe of Oklahoma v. United States*, No. 03-2220-DJW, 2006 WL 3848949 (D. Kan. Dec. 29, 2006) ("While Rule 54(b) does not provide a deadline or time by which a party may seek an entry of final judgment, this Court agrees with

1    argument.  In all likelihood, the Court will have issued its ruling on the remaining summary
2    judgment motions before MARTA's appeal progresses significantly.  Defendants will thus know
3    the effect that those rulings would have on MARTA's claim, were it to prevail on appeal, and
4    could fully account for them in setting their litigation strategies and evaluating settlement
5    opportunities.  And as noted above MARTA does not contest that it had a full and fair
6    opportunity to litigate those motions (as did Defendants), and that both MARTA and Defendants
7    will be estopped from challenging decisions on those motions in the district court if MARTA's
8    case is remanded after appeal.[3]

## CONCLUSION

MARTA respectfully requests that the Court grant its motion for Rule 54(b) certification of final judgment.

---

Plaintiff that Defendants' Motion for Rule 54(b) Judgment, filed ten months after the entry of the adjudication to which it relates, is too long of a delay and further justifies denial of the motion.").
[3] The parties will, of course, retain whatever appellate rights they have with respect to such decisions.

PLAINTIFF MARTA COOPERATIVE OF AMERICA'S
REPLY IN SUPPORT OF MOTION FOR RULE 54(b)            4            Case No. 07-cv-5944 JST (N.D. Cal.)
CERTIFICATION OF FINAL JUDGMENT

DATED:  September 13, 2016

                                            Respectfully submitted,

/s/  *Philip J. Iovieno*

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:   (518) 434-0665
Email:  piovieno@bsfllp.com
           anardacci@bsfllp.com

William A. Isaacson
Kyle N. Smith
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Fax: (202) 237-6131
Email:  wisaacson@bsfllp.com
Email:  ksmith@bsfllp.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone:  (954) 356-0011
Facsimile:   (954) 356-0022
Email:  ssinger@bsfllp.com

*Counsel for Plaintiff*
*MARTA Cooperative of America, Inc.*