MARIO N. ALIOTO, ESQ. (56433)
JOSEPH M. PATANE, ESQ. (72202)
LAUREN C. RUSSELL, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA  94123
Telephone:  (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. CV-07-5944 JST <br><br> MDL No. 1917 <br><br> **IPP LEAD COUNSEL'S OPPOSITION TO MOTION OF LINGEL WINTERS FOR ATTORNEYS' FEES** |
| **This document relates to:** <br><br> **ALL INDIRECT PURCHASER ACTIONS** | Date: October 18, 2016 <br> Time: 2:00 p.m. <br> Court: Courtroom 9, 19th Fl. <br> Judge: Hon. Jon S. Tigar |

## INTRODUCTION

Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs") submits this opposition to the motion of Lingel Winters for attorneys' fees. (ECF No. 4808.) The matter of attorneys' fees is presently pending before Special Master Quinn, not this Court. Winters has failed to pursue this matter in a timely manner and has waived his claims. Finally, there is no basis for any award of attorney's fees to Winters. His motion must be denied.

## FACTS

Lingel Winters ("Winters") filed his complaint in this matter on April 23, 2012, approximately 4 ½ years after the initial complaints. His complaint alleges basically what the other complaints in this action had already alleged. Declaration of Mario N. Alioto In Support of IPP Lead Counsel's Opposition to Motion of Lingel Winters for Attorney's Fees ("Alioto Decl."), ¶ 2.

Lead Counsel had no contact with Winters after the filing of his complaint relating to the prosecution of these cases. Winters never contacted Lead Counsel regarding the prosecution of the case. Winters did not report his time to Lead Counsel as required by the time reporting protocol. *Id*. at ¶ 3.

As a result, Winters was not included in the joint fee petition filed on behalf of indirect purchaser plaintiff ("IPP") counsel (ECF No. 4071). Alioto Decl., ¶ 4.

Some months later, Winters became aware of the joint fee-petition, and contacted Lead Counsel and requested that he be allowed to make a claim for fees. Lead Counsel requested that Winters provide his daily time entries to Lead Counsel for review. Winters complied and Lead Counsel reviewed his time entries. The time entries consisted of work drafting his complaint, filing a related case statement, and reading docket entries. *Id*. at ¶ 5.

At this time the joint fee petition was before Special Master Quinn for his determination of the aggregate fee which should be awarded to all IPP Counsel. There were no allocation issues before the Special Master at this time. Winters filed a fee declaration with the Special Master on December 15, 2015 (ECF No. 4248). Alioto Decl. ¶ 6.

1   On February 8, 2016, Lead Counsel emailed Special Master Quinn and indicated that Lead Counsel had no objection to the Special Master considering Winters' request for fees when the Special Master considered the allocation of fees among the various IPP firms.  This email was sent in consultation with Winters and Winters was copied on the email. *Id*. at ¶ 7.

Thereafter, the Special Master submitted his Report & Recommendation on the aggregate fee to be awarded to all IPP Counsel (ECF No. 4351).  There was no determination of any allocation to any individual IPP firm in this Report & Recommendation since that issue was not before the Special Master.  Winters did not object to this Report & Recommendation. Alioto Decl. ¶ 8.

There were other objections to this Report & Recommendation and further proceedings before this Court relating to these objections.  Winters took no part in these proceedings.  The Court entered its fee order on August 3, 2016 (ECF No. 4740).  Alioto Decl. ¶ 9.

Thereafter, pursuant to this Court's Order (ECF No. 4740), the Special Master set a schedule for proceedings before the Special Master on the allocation of the aggregate fee awarded by the Court (ECF No. 4748).  Pursuant to that schedule, Lead Counsel proposed an allocation of the aggregate fees (ECF No. 4800).  In that filing, Lead Counsel proposed that no fee be awarded to Winters.  Alioto Decl. ¶ 10.

Objections to Lead Counsel's proposed allocation were due on September 7, 2016.  Eight firms filed objections.  Winters did not file an objection.  The Special Master is scheduled to file a Report & Recommendation on the fee allocation by October 20, 2016.  *Id*. at ¶ 11.

Despite the fact that this matter has been proceeding before the Special Master pursuant to an explicit schedule, Winters filed the present motion for fees with this Court rather than proceed before the Special Master, as required by the scheduling order.  *Id.* at ¶ 12.

## ARGUMENT

**I. Winters Has Missed a Number of Deadlines and Is Proceeding Contrary to The Order Assigning the Matter to The Special Master and The Special Master's Scheduling Order**

Winters never filed a timely motion for attorney's fees. The Court's Order preliminarily approving the settlements set a deadline for filing motions for attorney's fees (ECF No. 3906 ¶ 22), with which Winters failed to comply.

Winters complains in this present motion that his request for fees was not addressed by the Special Master in his Report & Recommendation on the aggregate fee. Yet Winters never objected to this Report & Recommendation, or took any part in the proceedings before this Court relating to the aggregate fee award.

Objections to Lead Counsel's proposed fee allocation were to be filed for the Special Master's consideration on September 7, 2016. Winters did not file an objection.

There is no basis to award fees to Winters over and above the aggregate fee award. The aggregate fee award phase of this case ended with the Court's Order of August 3, 2016, awarding the aggregate fee award to all IPP Counsel. Nor should the Court entertain Winters' request for a share of the aggregate fee because that matter is presently before the Special Master.

**II. There is No Basis for An Award of Fees to Winters**

In addition to failing to follow well defined procedures in this case, Winters has not made any showing of his entitlement to fees. Lead Counsel and others have reviewed his Declaration and his time records. Contrary to his Declaration (ECF No. 4248 at ¶ 4), Lead Counsel never assigned or authorized any of the work performed by Winters. The work was not necessary to the prosecution of this case. The work did not benefit the class in any way. Winters filed a late case, and then simply read the docket from time to time. Alioto Decl. ¶ 13.

Where class counsel's efforts result in a "common fund" to be distributed to a class, courts may award class counsel a fee from the "fund" to defray the costs of creating the benefit for the class. *See Mills v. Electric Auto-Lite Co.,* 396 U.S. 375, 392-94 (1970); *Alyeska v. Pipeline Svc. Co. v. Wilderness Society,* 421 U.S. 240, 257 (1975); *Boeing v. Van Gemert,* 444

1  U.S. 472, 478 (1980) ("The doctrine rests on the perception that persons who obtain the benefit of a
2  lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense.
3  Jurisdiction over the fund involved in the litigation allows a court to prevent this inequity by
4  assessing attorney's fees against the entire fund, thus spreading fees proportionately among those
5  benefited by the suit.") (citation omitted).

6  Thus, the primary consideration in determining whether Mr. Winters should receive any
7  portion of the aggregate fee is whether his time provided a tangible benefit to the Class. *See In re*
8  *FPl/Agretech Securities Litigation,* 105 F.3d 469 (9th Cir. 1997) (upholding a decision declining to
9  give effect to a proposed fee allocation where the proposed allocation would have given substantial
10 fees to attorneys whose work did not contribute to the benefit/settlement at issue);
11 *Keller v. Nat'l Collegiate Athletic Ass'n,* No. C 09-1967 CW, 2015 WL 8916392, at *4 (N.D. Cal.
12 Dec. 15, 2015) (in determining the proper allocation of attorneys' fees, the court should examine
13 the relative efforts of class counsel and how the efforts of each benefitted the class); *Allapattah*
14 *Services, Inc. v. Exxon Corp.,* 454 F.Supp.2d 1185 (S.D. Fla. 2006) (the allocation of fees should
15 be based on relative benefit to the class.

16 Mr. Winters' time spent reading and reviewing the docket was unnecessary, unassigned
17 time that did not benefit the Class. Such work does not merit compensation. *See, e.g., Keller*, 2015
18 WL 8916392, at *10-11 (denying request for payment of certain attorneys' fees where the billed
19 time was "excessive," had "little impact" on the outcome of the litigation, and where there was "no
20 evidence" that the work "contributed to the success of the litigation in any manner"). Since Mr.
21 Winters' time did not, in any way, help to create the "common fund," his fee motion should be
22 denied.

23 **CONCLUSION**

24 For all of the foregoing reasons, the motion should be denied.

25 Dated:  September 15, 2015             Respectfully submitted,

26                                          */s/ Mario N. Alioto*

27                                          Mario N. Alioto (56433)
                                           malioto@tatp.com
28

4
**IPP LEAD COUNSEL'S OPPOSITION TO MOTION OF LINGEL WINTERS FOR ATTORNEYS' FEES**
**Master File No. CV-07-5944-JST**

Joseph M. Patane (72202)
jpatane@tatp.com
Lauren C. Capurro (241151)
laurenrussell@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415-346-0679

*Lead Counsel for Indirect Purchaser Plaintiffs*