MARIO N. ALIOTO, ESQ. (56433)
JOSEPH M. PATANE, ESQ. (72202)
LAUREN C. RUSSELL, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. CV-07-5944 JST<br><br>MDL No. 1917<br><br>**DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF IPP LEAD COUNSEL'S OPPOSITION TO MOTION OF LINGEL WINTERS FOR ATTORNEYS' FEES** |
| **This document relates to:**<br><br>**ALL INDIRECT PURCHASER ACTIONS** | Date: October 18, 2016<br>Time: 2:00 p.m.<br>Court: Courtroom 9, 19th Fl.<br>Judge: Hon. Jon S. Tigar |

I, Mario N. Alioto, declare:

1. I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am a partner with the law firm Trump, Alioto, Trump & Prescott, LLP and my firm serves as Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs") in the above-captioned action. I submit this declaration in support of the IPP Lead Counsel's Opposition to Motion of Lingel Winters for Attorneys' Fees, ECF No. 4808 ("Mot."). The matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2. Lingel Winters ("Winters") filed his complaint in this matter on April 23, 2012, approximately 4 ½ years after the initial complaints. His complaint alleges basically what the other complaints in this action had already alleged.

3. Lead Counsel had no contact with Winters after the filing of his complaint relating to the prosecution of these cases. Winters never contacted Lead Counsel regarding the prosecution of the case. Winters did not report his time to Lead Counsel as required by the time reporting protocol.

4. As a result, Winters was not included in the joint fee petition filed on behalf of indirect purchaser plaintiff ("IPP") counsel (ECF No. 4071).

5. Some months later, Winters became aware of the joint fee-petition, and contacted Lead Counsel and requested that he be allowed to make a claim for fees. Lead Counsel requested that Winters provide his daily time entries to Lead Counsel for review. Winters complied and Lead Counsel reviewed his time entries. The time entries consisted of work drafting his complaint, filing a related case statement, and reading docket entries.

6. At this time the joint fee petition was before Special Master Quinn for his determination of the aggregate fee which should be awarded to all IPP Counsel. There were no allocation issues before the Special Master at this time. Winters filed a fee declaration with the Special Master on December 15, 2015 (ECF No. 4248).

7. On February 8, 2016, Lead Counsel emailed Special Master Quinn and indicated that Lead Counsel had no objection to the Special Master considering Winters' request for fees when the Special Master considered the allocation of fees among the various IPP firms. This email was sent in consultation with Winters and Winters was copied on the email.

8. Thereafter, the Special Master submitted his Report & Recommendation on the aggregate fee to be awarded to all IPP Counsel (ECF No. 4351). There was no determination of any allocation to any individual IPP firm in this Report & Recommendation since that issue was not before the Special Master. Winters did not object to this Report & Recommendation.

9. There were other objections to this Report & Recommendation and further proceedings before this Court relating to these objections. Winters took no part in these proceedings. The Court entered its fee order on August 3, 2016 (ECF No. 4740).

10. Thereafter, pursuant to this Court's Order (ECF No. 4740), the Special Master set a schedule for proceedings before the Special Master on the allocation of the aggregate fee awarded by the Court (ECF No. 4748). Pursuant to that schedule, Lead Counsel proposed an allocation of the aggregate fees (ECF No. 4800). In that filing, Lead Counsel proposed that no fee be awarded to Winters.

11. Objections to Lead Counsel's proposed allocation were due on September 7, 2016. Eight firms filed objections. Winters did not file an objection. The Special Master is scheduled to file a Report & Recommendation on the fee allocation by October 20, 2016.

12. Despite the fact that this matter has been proceeding before the Special Master pursuant to an explicit schedule, Winters filed the present motion for fees with this Court rather than proceed before the Special Master, as required by the scheduling order.

13. In addition to failing to follow well defined procedures in this case, Winters has not made any showing of his entitlement to fees. Lead Counsel and others have reviewed his Declaration and his time records. Contrary to his Declaration (ECF No. 4248 at ¶ 4), Lead Counsel never assigned or authorized any of the work performed by Winters. The work was not necessary

to the prosecution of this case. The work did not benefit the class in any way. Winters filed a late case, and then simply read the docket from time to time.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 15th day of September 2016 at San Francisco, California.

/s/ *Mario N. Alioto*
    Mario N. Alioto

*Lead Counsel for the Indirect Purchaser Plaintiffs*