SYLVIE K. KERN (SBN 111751)
LAW OFFICES OF SYLVIE KULKIN KERN
2532 Lake Street
San Francisco, CA 94121
Tel: (415) 221-5763
sylviekern@yahoo.com

*Counsel for Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944-JST |
| | MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | <u>**CLASS ACTION**</u><br><br>**DECLARATION OF SYLVIE K. KERN IN RESPONSE TO OBJECTIONS TO LEAD COUNSEL'S PROPOSED ALLOCATION**<br><br>Court: JAMS<br>Special Master Martin Quinn<br>Judge:  Honorable Jon S. Tigar |

I, Sylvie K. Kern, declare as follows:

1. I am an attorney licensed to practice before this Court and the courts of the State of California. I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to them. I make this declaration in response to objections to Lead Counsel's proposed allocation of attorney fees to my firm, the Law Offices of Sylvie Kulkin Kern (previously KAG Law Group, as stated at ECF 4588).

2. Lead Counsel has proposed a multiplier of 2.2685 based on my firm's adjusted lodestar of $3,233,286 (*see* ECF 4800). Certain objectors contend that this multiplier is unwarranted because, they claim, I did not pay any assessments. I provide support below for maintaining Lead Counsel's proposed multiplier.

3. First, I understand that Lead Counsel took into account the payments of assessments in determining multipliers, and that my multiplier has already been reduced as a result.

4. Second, these objectors do not consider my substantial contributions to the litigation *after* the settlements, and *after* the filing of the motion for attorneys' fees (i.e., past the deadline for inclusion of time in my lodestar or expenses in my expense report).

5. From August 1, 2015 through August 31, 2016, I was involved in all aspects of post-settlement issues and billed 781.6 hours, incurring $547,120 in additional time. I have recouped none of this amount, which is substantial for a solo practitioner like me. It represents 16.92% of my entire lodestar of $3,233,286. Nor was this $547,120 added to my proposed payout after application of the multiplier. In short, I will never recoup this sum, and I am out $547,120—at a 100% risk of loss. Mine is not the case of a firm that contributed little or nothing to the litigation, or took no financial risk. The multiplier should at least in some measure take into account this uncompensated effort.

6. Pursuant to a request by Lead Counsel, I paid a $5,000 assessment in 2016 toward the payment of IPPs' expert on fees. This amount was not included in the expense report I previously submitted (ECF 4073-7) and it is not an amount for which I anticipate ever obtaining

1

reimbursement. I was never asked to pay any other assessments by Lead Counsel.

7. Reducing my multiplier would be very unfair, not only because of my contributions described above, but also in view of my substantial involvement as a member of the "core group" of firms spearheading the litigation effort. *See* my initial declaration in support of fees generally describing the different activities I performed (*id.*).

8. In addition, my work over the past year has significantly benefited both the class members and the other attorneys representing indirect purchasers. Examples include the following, all performed at the request of Lead Counsel:

- I have had significant input in strategy and briefing on final settlement approval, as well as in addressing objections to the settlements.
- I have had significant input in preparing IPPs' motion for attorneys' fees, which benefited the IPP attorneys.
- I had a major role in addressing objections to the Special Master's R&R and motions by objectors (such as motions to strike and motions for appointment of co-lead counsel). I attended hearings before the Special Master. I also contributed to responses to the Court's orders when necessary, such as orders to show cause regarding IRICO issues.
- I have had primary responsibility throughout the litigation for activity relating to parallel litigation in the California state courts involving the California Attorney General's settlement with Philips.
- I continue to have frequent contact with Lead Counsel concerning strategy and significant issues that have arisen over the past year.

9. Further, representing a named plaintiff is a factor considered in determining compensation. I represent Louise Wood, a named plaintiff for the State of New York.

10. Lastly, as a solo practitioner, I took on significantly more risks than most counsel have in this case. In fact, I took a huge risk. The fact that I devoted most of my time to this

2

DECLARATION OF SYLVIE K. KERN IN RESPONSE TO OBJECTIONS TO
LEAD COUNSEL'S PROPOSED ALLOCATION
Case No. 3:07-cv-5944 JST, MDL No. 1917

1  litigation, for which I was receiving no compensation, substantially affected my ability to take on
2  other work and to grow my practice.

3      11.    The Kirby firm implies that, relatively speaking, I did not invest many hours in the
4  case through 2011, "when the case was still very much at risk." ECF 4822 at 11. As Kirby notes,
5  however, IPPs did not obtain class certification until September 24, 2013. *Id.* n.12. Thus the case
6  was "still very much at risk" throughout most of 2013. As my time notes establish, I personally
7  expended 1,334.8 hours in 2012 and 1,367.6 hours in 2013. *See* ECF 4073-7, Ex. 2. Kirby also
8  states that I took no depositions. For the record, this is incorrect. I handled two DPP plaintiff
9  depositions and the deposition of one of Defendants' experts on behalf of IPPs. I also second-
10 chaired the depositions of two SEC/SEAI witnesses and prepared deposition outlines and exhibit
11 lists for numerous key deponents.

12     12.    Another objector, the Law Office of Brian Barry, has commented on the increase in
13 my hourly rate. These increases reflected the increasing importance of my legal work as the
14 litigation progressed. My billing rate is in line with attorneys of comparable experience (over 30
15 years of complex commercial litigation, including nearly 20 years at large firms).

16     I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th
17 day of September, 2016, in San Francisco.

                                      */s/ Sylvie K. Kern*