# EXHIBIT 2

CRAIG C. CORBITT (83251)
CHRISTOPHER T. MICHELETTI (136446)
JUDITH A. ZAHID (215418)
QIANWEI FU (242669)
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
Facsimile: (415) 693-0770
ccorbitt@zelle.com
cmicheletti@zelle.com
jzahid@zelle.com
qfu@zelle.com

*Counsel for Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944-JST<br>MDL No. 1917<br><br>**<u>CLASS ACTION</u>**<br><br>**ADDITIONAL DECLARATION OF CHRISTOPHER T. MICHELETTI IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS**<br><br>Hearing Date: March 15, 2016<br>Time: 2:00 p.m.<br>Judge: Honorable Jon S. Tigar<br>Court: Courtroom 9, 19th Floor<br>Special Master: Martin Quinn, JAMS |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | |

I, Christopher T. Micheletti, declare as follows:

1. I am an attorney licensed to practice before the courts of the State of California, the United States District Courts for the Northern and Central Districts of California, and the United States Courts of Appeal for the Sixth, Seventh and Ninth Circuits. I am a partner in the law firm Zelle Hofmann Voelbel & Mason LLP ("Zelle"). I make this declaration based upon my own personal knowledge, based upon a review of the time, expense and other records of Zelle, and based upon a review of the docket, pleading and other filings in this matter. I make this supplemental declaration in support of indirect purchaser plaintiffs' attorneys' and my firm's request for attorneys' fees and reimbursement of litigation expenses.

2. My firm is counsel of record in this case, and represents court-appointed class representative plaintiff Kerry Lee Hall, as well as named plaintiffs Michael Juetten and Chad Klebs.

3. During the course of this litigation, my firm has been involved in extensive tasks and activities on behalf of the indirect purchaser plaintiffs ("IPPs"). Many of these tasks are described in my Declaration in Support of Plaintiffs' Application for Attorneys' Fees, Expenses and Incentive Awards (Doc. No. 4073-3), filed September 23, 2015 ("Micheletti Decl."), paragraphs 6 - 35.

4. In general, Zelle's roles in this litigation included advising and assisting Lead Counsel, from the outset of the case through 2015, with the overall case strategy and direction; handling key elements of defendants' pleading motions, including oral argument; major responsibilities for electronic or E-discovery, including discovery-related protocols and database processes; supervision and pursuit of defendant and third party transactional data and related discovery; primary responsibility, with Lead Counsel, for virtually all aspects of the class certification proceedings in this matter, including expert work, briefing and oral argument; taking numerous Rule 30(b)(6) and fact/merits depositions of a major defendant group; primary responsibility, with Lead Counsel, for all the expert work in the case, including IPPs' and defendants' class certification reports, merits reports and expert discovery; and, significant roles in

preparation for trial.

5. In connection with performing the above tasks, Zelle attorneys worked extensively with numerous firms and their attorneys representing the IPPs, including, among others, Lead Counsel, Trump, Alioto, Trump & Prescott, LLP, and a core group of supporting firms that included Zelle, Kirby McInerney, LLP and Straus & Boies, LLP. Based upon my experience in IPP cases, the work assignments handled by my firm and other IPP counsel were handled efficiently, cooperatively and cohesively. In addition, my firm was involved in efforts to work collaboratively and efficiently with the direct purchaser plaintiffs' ("DPPs") counsel (*i.e.*, while DPPs were active in the case), and with the direct action plaintiffs' ("DAPs") counsel, in order to avoid duplicative work and litigate the case efficiently for the IPPs. Based upon my experience in IPP cases, IPP counsel were successful in increasing case efficiency through their efforts to work collaboratively with other plaintiff groups.

6. Lead Counsel assigned major litigation tasks in this case to my firm—including, but not limited to, the work described in paragraphs 3 and 4 above—based upon the specific experience, special knowledge and expertise Zelle possessed in specific areas based on work in prior cases, including, but not limited to, *In re: TFT-LCD (Flat Panel) Antitrust Litigation*, No. M 07-1827 SI, MDL No. 1827, N.D. Cal. (the "*LCDs Case*"), *In re Static Random Access Memory (SRAM) Antitrust Litigation*, MDL No. 1819, N.D. Cal. (the "*SRAM Case*") and the *Microsoft I-V Cases*, J.C.C.P. No. 4106 (San Francisco Super. Ct.). As a result, from May 2008 to March 2015, Lead Counsel repeatedly and extensively conferred with Zelle regarding Zelle experiences and successful strategies employed in the *LCDs Case* and other indirect purchaser cases involving electronic component price-fixing claims. By so doing, Lead Counsel made efficient and effective use of extensive and unique experience and valuable strategic insights Zelle possessed and that would prove highly beneficial to the IPP classes and case prosecution, from the case inception to final resolution. *See also* Micheletti Decl. ¶¶9, 11, 15, 26, 28 and 30 (referencing use of Zelle prior case experience).

I declare under penalty of perjury that the foregoing is true and correct. Executed this the 2nd day of November 2015, in San Francisco, California.

                                 */s/Christopher T. Micheletti*

                                 Christopher T. Micheletti