# EXHIBIT 3

CHRISTOPHER T. MICHELETTI (136446)
JUDITH A. ZAHID (215418)
QIANWEI FU (242669)
ZELLE LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
Facsimile: (415) 693-0770
cmicheletti@zelle.com
jzahid@zelle.com
qfu@zelle.com

*Counsel for Class Representative Kerry Lee Hall
and Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944 |
| | MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **DECLARATION OF CHRISTOPHER T. MICHELETTI IN SUPPORT OF RESPONSE OF ZELLE LLP TO CERTAIN OBJECTIONS TO LEAD COUNSEL'S PROPOSED FEE ALLOCATION**<br><br>Judge: Honorable Jon S. Tigar<br>Before: Special Master Martin Quinn, JAMS |

1    I, Christopher T. Micheletti, declare as follows:

2         1.      I am an attorney licensed to practice before the courts of the State of California, the

3    United States District Courts for the Northern and Central Districts of California, and the United

4    States Courts of Appeal for the Sixth, Seventh and Ninth Circuits.  I am a partner in the law firm

5    Zelle LLP ("Zelle"), formerly known as Zelle Hofmann Voelbel & Mason LLP.  I make this

6    declaration based upon my own personal knowledge, based upon a review of the time, expense and

7    other records of Zelle, based upon consultation with other Zelle attorneys who personally

8    participated in this litigation, and based upon a review of the docket, pleading and other filings in

9    this matter.  I make this declaration in support of our firm's response to certain objections to Lead

10   Counsel's fee allocation.

11        2.      My firm is counsel of record in this case, and represents court-appointed class

12   representative Kerry Lee Hall, as well as named plaintiffs Michael Juetten and Chad Klebs.

13        3.      During the course of this litigation, my firm has been involved in extensive tasks

14   and activities on behalf of the indirect purchaser plaintiffs ("IPPs").  Many of these tasks are

15   described in my Declaration in Support of Plaintiffs' Application for Attorneys' Fees, Expenses

16   and Incentive Awards (Doc. 4073-3), filed September 23, 2015 ("9/23/15 Micheletti Decl."),

17   paragraphs 6 - 35.  The 9/23/15 Micheletti Declaration described my firm's work from case

18   inception until May 31, 2015.  In this declaration, I describe our work performed on this matter

19   from June 1, 2015 until August 31, 2016.  I also provide further detail regarding some of the pre-

20   settlement tasks performed by my firm.

21        4.      Since May 31, 2015, Zelle has devoted 730.9 hours to this matter, for a lodestar at

22   current rates of $470,366.00.  In that time frame, Zelle has incurred additional expenses in the

23   amount of $13,937.70, including a $10,000 assessment payment requested by Lead Counsel to

24   cover Special Master fees.  Zelle attorneys' work during this time period is described below.

25        5.      During the time period June 2015 through August 31, 2016, Zelle devoted

26   substantial time to work on the IPPs' motion for final approval of the settlements with the

27   remaining Defendants (Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson and TDA),

28

1

1   in pursuit of objector discovery, and on IPPs' petition for fees and cost reimbursement.

2        6.      The primary attorneys at Zelle that worked on the above matters are Chris

3   Micheletti, Judith Zahid, Qianwei Fu, Eric Buetzow and Heather Rankie.  With respect to work on

4   the final approval of the settlements and on fee petition-related work, Zelle attorneys functioned on

5   tasks assigned to or required of them by Lead Counsel.

6        7.      Zelle's work on final approval of the settlements included, but was not limited to,

7   the following:  Review and analysis of the objections to the settlements and plan of allocation;

8   preparation for, appearance at and argument before Judge Conti on the appointment of the Special

9   Master and related issues; preparation for and attendance at status hearing before Special Master

10  Martin Quinn; strategic analysis of the need for and propriety of seeking discovery from objectors;

11  fact research regarding and pursuit of discovery from objectors; preparation for and taking

12  depositions of certain objectors; legal analyses of objectors' arguments and drafting of inserts to

13  final approval papers; review, revision and research regarding final approval papers and providing

14  input regarding same to Lead Counsel; multiple communications with Lead Counsel and other IPP

15  counsel regarding overall final approval arguments and strategies; preparation for and attendance

16  at the final approval hearing; preparation of oppositions to motions filed by objectors related to

17  final approval; and review and analysis of Special Master Quinn's report and recommendation, and

18  consultation with Lead Counsel regarding strategies pertaining to same.  Zelle attorneys also

19  assisted Lead Counsel in further preparation for the additional final approval-related hearing in

20  March 2016 and related submissions requested by Judge Tigar.

21       8.      Zelle attorneys spent more than 140 hours in connection with assisting Class

22  Counsel in defending the IPPs' class settlement from various settlement objectors.  These hours

23  included taking and preparing for depositions of multiple objectors located in multiple states;

24  drafting pleadings and brief sections in response to various arguments and motions of objectors;

25  conducting factual and legal research in support of these efforts; corresponding with lead counsel

26  on various strategy issues; and other related tasks performed in connection with the Court's

27  settlement approval proceedings and in support of the class settlement.  All such work was done

28  under my direction, and was performed at the request of, and in coordination with, Lead Counsel.

9.      Zelle's work on IPPs' fee petition included, but was not limited to, the following: Preparation of a declaration and back up supporting IPPs' and Zelle's petition for fees, including conferring with other Zelle attorneys regarding work performed, review of case record, case back up and related materials; conferring with co-counsel regarding audit of Zelle's fee submission and analyses of same; review and revision and conferring with Lead Counsel regarding strategy for the IPPs' fee petition papers; fact and legal research regarding fee petition submission; responding to requests from Lead Counsel regarding fee and expense submissions; preparation of supplemental declarations on fee and expense issues, and on attorney experience; and review and analysis of Special Master Quinn's report and recommendation, and confer with Lead Counsel regarding strategies pertaining to same.  Zelle attorneys also assisted Lead Counsel in further preparation for the additional fee petition hearing in April 2016 and related submissions requested by Judge Tigar.

10.      During the pre-certification stage of the case, Zelle, at Lead Counsel's request, advised co-counsel in charge of class representative discovery responses on overall organization and strategies.

11.      At Zelle, class representative depositions are often handled by mid-level associates, given the scripted and predictable approach taken by defendants in these repetitive and generally uneventful depositions.

12.      From March through August 2014, Zelle attended several direct-action plaintiff ("DAP") depositions in addition to the 22 defendant witness depositions.  These depositions usually lasted at most half a day, requiring minimal advance preparation and generally no more than 15-minute real-time examination by IPP counsel.  By August of 2014, at the direction of LC, IPP counsel discontinued attending the DAP or third-party depositions because it was unnecessary to do so any further, given the nature of the testimony being elicited.

13.      Zelle reported 864.7 hours on document review (5.6% of its total time), primarily conducted in 2011, 2012 and 2014.  Almost all 2011 document review time was attributed to Zelle's two legal assistants on complex administrative tasks associated with discovery.  Zelle's document review time in 2012 and 2014 was spent primarily on high-level work, including supervising tier-2 impact team and selecting trial exhibits, respectively, at Lead Counsel's request.

3

1         I declare under penalty of perjury that the foregoing is true and correct.  Executed this the

2    16th day of September 2016, in San Francisco, California.

3                                  */s/Christopher T. Micheletti*

MICHELETTI DECL. IN SUPPORT OF RESPONSE OF ZELLE LLP TO CERTAIN OBJECTIONS TO LEAD
COUNSEL'S FEE ALLOCATION – Case No. 3:07-cv-5944, MDL No. 1917