Daniel E. Birkhaeuser (SBN 136646)
Jennifer S. Rosenberg (SBN 121023)
**BRAMSON, PLUTZIK, MAHLER**
**& BIRKHAEUSER LLP**
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792
dbirkhaeuser@bramsonplutzik.com

*Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944-JST<br>MDL No. 1917<br><br>**CLASS ACTION**<br><br>**RESPONSE OF BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP, TO OBJECTIONS TO PROPOSED ALLOCATION OF FEE AWARD TO INDIRECT PURCHASER PLAINTIFFS' COUNSEL**<br><br>Hearing Date:   TBD<br>Special Master:  Martin Quinn, JAMS<br>Judge:       Honorable Jon S. Tigar |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | |

Bramson, Plutzik, Mahler & Birkhaeuser, LLP ("BPMB") submits this response to objections to the Proposed Allocation of Aggregate Fee Award To Indirect Purchaser Plaintiffs' Counsel ("Proposed Allocation").

BPMB appreciates the difficult task it was to allocate fees among all of the excellent firms that contributed to the result achieved in this case. This case was unusual in that several firms worked independently to develop a case against a Defendant group (or perform another significant function) but also were extremely cooperative in sharing information and performing additional tasks when the need arose. The work product was excellent and Plaintiffs prevailed in their litigation objectives. All firms who made a significant contribution to the result should be rewarded for their efforts.

That said, BPMB believed that lead counsel's proposed multiplier did not adequately compensate BPMB for its work in this case. BPMB staffed the case with two experienced antitrust lawyers; it took on responsibility for all aspects of the litigation with the Toshiba group of defendants—indisputably the most difficult Defendants[1] in the case; it supervised two separate groups of documents reviewers; it acted as a utility player on short notice for a number of tasks such as representing IPPs depositions of the Direct Action Purchaser Plaintiffs and preparing a state court complaint; it was responsible for working with trial counsel to prepare the case against Toshiba for trial; it contributed over $55,000 to the litigation; and it performed significant post-settlement work, for which it will not receive compensation. Birkhaeuser Declaration in Response to Objections to Fe Allocation ("Birkhaeuser Dec'l"), ¶ 3-6. BPMB did so at a lower lodestar than any other firm that had responsibility for managing the case against a Defendant group up until

---

[1] Toshiba's intransigence in discovery meant that IPPs were forced to file numerous motions to compel against the Toshiba Defendants to obtain nearly all facets of discovery—from custodians whose records would have to be searched for responsive documents (DKT #1154) to witnesses that Toshiba declined to produce for deposition (DKT #2734). IPPs prevailed in every such motion.

1

RESPONSE OF BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP RE ALLOCATION OF ATTORNEYS' FEES
Case No. 3:07-cv-5944-JST, MDL No. 1917

trial. For these reasons, BPMB believed that a multiplier of 1.8 did not adequately compensate the firm for its efforts over such a lengthy period of time.

After much deliberation, however, BPMB decided not to object to lead counsel's proposed allocation. From BPMB's personal knowledge, lead counsel was very involved with all aspects of the case and was in a better position to evaluate the respective contributions of each firm. In addition, BPMB felt it was irresponsible to suggest that it receive a higher multiplier, without suggesting to the Court from which firm or firms it should be awarded.

BPMB worked very closely with some firms such as Zelle, LLP and Straus & Boies that were given higher multipliers. Birkhaeuser Dec'l ¶7-8. Both assumed heavy responsibilities and performed exceptional work. *Id*. BPMB did not work as closely with other firms but knew that all firms in the core group staffed the case with excellent attorneys. In the end, BPMB believed that the multipliers for Zelle and Strauss & Boies were appropriate and that BPMB did not have sufficient personal knowledge to opine that any other firm's multiplier was excessive. For that reason, BPMB deferred to lead counsel's judgment and did not object to the proposed allocation. Plainly, many other firms who were not entirely satisfied with the multiplier they were assigned have done the same.

BPMB does not believe any of the objections filed would justify further decreasing the multiplier assigned to BPMB's lodestar, and opposes any revision that would reduce it. Several firms from tiers below BPMB's and one from the tier above it[2] have objected to lead counsel's proposed allocation, claiming that the multiplier assigned to them is inadequate. Except for Messrs. Scarpulla and Cooper, none of these firms suggests *how* the Special Master should find the

---

[2] Kirby McInerney claimed a total lodestar of $9,981,414.00 ($11,090,460.00, before the across-the-board 10% cut that was part of the Court's order). DKT# 4073-2, ¶6. It was assigned a multiplier of 1.95. Dissatisfied, KM seeks a multiplier of 2.5 to 2.6 instead. Because its lodestar is so high, each .1 increase would take nearly $1,000,000 from other deserving firms. KM does not suggest how the Special Master should find the funds to pay them more than the generous multiplier that lead counsel proposed.

2
RESPONSE OF BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP RE ALLOCATION OF ATTORNEYS' FEES
Case No. 3:07-cv-5944-JST, MDL No. 1917

funds to pay them.  BPMB believes that such an approach is unhelpful and, indeed unfair, to firms that assumed significant responsibility in this case and were not in the highest tier of multiplier. BPMB requests that the Special Master reject any of these requests and to reject any attempt to lower BPMB's multiplier even further.

Dated:  September 16, 2016          BRAMSON, PLUTZIK, MAHLER &
                                    BIRKHAEUSER, LLP


                                       /s/ Daniel Birkhaeuser
                                    Daniel E. Birkhaeuser

                                    2125 Oak Grove Road, Suite 120
                                    Walnut Creek, CA 94598
                                    Telephone: (925) 945-0200
                                    Facsimile: (925) 945-8792
                                    dbirkhaeuser@bramsonplutzik.com

                                    *Counsel for Indirect Purchaser Plaintiffs*

3

RESPONSE OF BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP RE ALLOCATION OF ATTORNEYS' FEES
Case No. 3:07-cv-5944-JST, MDL No. 1917