Timothy D. Battin
Nathan M. Cihlar
STRAUS & BOIES, LLP
4041 University Drive
Fifth Floor
Fairfax, VA 22030
Telephone: (703) 764-8700
Facsimile: (703) 764-8704
Email: tbattin@straus-boies.com
        ncihlar@straus-boies.com

*Counsel for Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISON

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>All Indirect Purchaser Actions | Master File No. 3:07-CV-05944-JST<br><br>MDL No. 1917<br><br>**CLASS ACTION**<br><br>**RESPONSE OF STRAUS & BOIES, LLP TO OBJECTIONS TO LEAD COUNSEL'S PROPOSED ALLOCATION OF AGGREGATE FEE AWARD**<br><br>Court: JAMS<br>Special Master: Hon. Martin Quinn, JAMS<br>Judge: Hon. Jon S. Tigar |

## INTRODUCTION

Straus & Boies, LLP ("Straus & Boies" or the "Firm") respectfully submits this response to the objections to Lead Counsel's proposed allocation of the aggregate fee award. Although no objector challenges the importance of Straus & Boies to the success of this case, nor could they, Mr. Scarpulla argues that the Firm's block and quarter-hour increment billing practices should subject it to a substantial reduction in fees. But those arguments have already been rejected by the Special Master in performing its lodestar cross check and that determination was adopted in whole by the Court. Mr. Scarpulla's arguments carry no more force now than before and should again be dismissed.

Any other challenges, express or implied, to the quality of Straus Boies' contribution to this litigation should similarly be rejected. While Straus & Boies is not entirely satisfied with its proposed fee award, the allocation recommended by Lead Counsel reflects a good faith and considered effort to balance countless qualitative and quantitative considerations.[1] Allocation of fees is not an exact science, but Lead Counsel is in the best position to rank the quality of its co-counsel's contributions. Notably, Lead Counsel determined that among the core firms assisting it throughout the prosecution of this matter, Straus & Boies was deserving of the highest multiplier and the second highest gross fee amount. The Firm respectfully requests that any re-allocation proposed by the Special Master continue to recognize Straus & Boies' preeminent contribution.

## ARGUMENT

In his objection, Mr. Scarpulla reprises his block and quarter-hour increment billing arguments.[2] He no longer seeks to reduce the total fees awarded to counsel (at least ostensibly), but instead seeks to reduce the share of the total fees recovered by the firms employing such billing practices. But since Mr. Scarpulla's billing arguments were unsuccessful in reducing the

---

[1] Lead Counsel recommended that Straus & Boies receive a multiplier of 2.3685 and a gross fee of $19,190,127.02.
[2] Objections to Proposed Fee Allocations, Dkt. No. 4818 ("Scarpulla Obj.").

1

**RESPONSE OF STRAUS & BOIES, LLP TO OBJECTIONS TO LEAD COUNSEL'S PROPOSED ALLOCATION OF AGGREGATE FEE AWARD**
MDL 3:07-CV-05944-JST

total fee award, it would make little sense to punish the firms that employed such billing practices in allocating the fee award. In any event, Mr. Scarpulla's billing arguments have already been rejected by both the Special Master and the Court.[3] As noted by the Special Master, block and quarter-hour increment billing are common practices that have been allowed by courts in the Ninth Circuit.[4] Moreover, class counsel's time was reduced by 10% across the board, offsetting any purported impact of block and quarter-hour increment billing.

Undeterred, Mr. Scarpulla quixotically asks the Court to cut certain firms' adjusted lodestar by an additional 20% for block billing plus an additional 20% for quarter-hour increment billing. Even though the billing practices of these firms had no deleterious effect on the total fees, Mr. Scarpulla would chop their lodestars in half.[5]

Mr. Scarpulla continues, however, to overestimate the effect of quarter-hour increment billing.[6] As noted by Straus & Boies in response to Mr. Scarpulla's prior challenge:

> Even accepting Objectors' attack on quarter hour billing, the practice does not have the impact Objectors may think. For illustrative purposes, we systematically reduced this Firm's time entries of 0.25 to 0.10, and 0.75 to 0.60. Further we reduced all time entries of more than an hour ending in __.25 to __.00, and ending in __.75 to __.50. Combined, these adjustments reduced Straus & Boies' total lodestar by only **1.86%** (significantly less than the 10 percent reduction proposed for all class counsel's time by the Special Master).[7]

---

[3] *See* Report & Recommendation of Special Master Re Motions (1) to Approve Indirect Purchaser Plaintiffs' Settlements with the Phillips, Panasonic, Hitachi, Toshiba, Samsung SDI, Technicolor, and Technologies Displays Americas Defendants, and (2) For Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Incentive Awards to Class Representatives, Dkt. No. 4351, at 73 ("Special Master's R&R"); Order on Attorneys' Fees, Expenses, and Incentive Awards Re: Indirect Purchaser Plaintiff Settlements, Dkt. No. 4740, at 15.
[4] *See* Special Master's R&R, at 73.
[5] *See* Scarpulla Obj., at 12-13.
[6] *See* Declaration of Timothy D. Battin in Support of Indirect Purchaser Plaintiffs' Response to Statement Pursuant to Order Re: Objection to *Ex Parte* Communications and *In Camera* Review of Billing Records, Dkt. No. 4558-4, at ¶4 ("Battin Decl.").
[7] *Id.*

2

RESPONSE OF STRAUS & BOIES, LLP TO OBJECTIONS TO LEAD COUNSEL'S
PROPOSED ALLOCATION OF AGGREGATE FEE AWARD
MDL 3:07-CV-05944-JST

As for block billing, even the cases cited by Mr. Scarpulla acknowledge its permissibility when there is sufficient detail to determine the time's reasonableness,[8] as the Special Master has already found to exist here.[9] Straus & Boies' time records are extensive, detailed, and in line with the Firm's high standards.[10] Indeed, Straus & Boies recorded its time in much the same manner it did in LCDs where the Firm's work was widely lauded and where it was awarded a multiplier commensurate with the exceptional quality of its contribution.[11] In sum, Mr. Scarpulla's proposed lodestar cuts based on block and quarter-hour billing practices should be rejected.

Nor should any other objection be read to diminish Straus & Boies' contribution to the success of this litigation. Lead Counsel entrusted Straus & Boies with enormous responsibility over the prosecution of this case from its inception.[12] In a sprawling global action in which the documents and deponents were overwhelmingly foreign, Straus & Boies was asked to chair the Foreign Discovery Committee.[13] In that role, Straus & Boies oversaw the development of documentary and testimonial evidence against each defendant, a monumental task requiring the highest level of legal skill and attention over many years.[14] Simultaneously, Straus & Boies was

---

[8] *See, e.g.*, *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957 (N.D. Cal. 2014).

[9] *See* Special Master's R&R, at 71 (citing *O'Bannon v. Nat'l Collegiate Athletic Ass'n*, No. 09-cv-03329-CW, 2015 WL 4274370, at *6-7 (N.D. Cal. July 13, 2015)).

[10] *See* Battin Decl. at ¶¶ 2-3.

[11] In LCDs, under the stewardship of Mr. Scarpulla, the Firm received "a multiplier of 2.74, the second highest multiplier in the 'core' group of firms." *See TFT-LCD*, Supplemental Report and Recommendation of Special Master Re Allocation of Attorneys' Fees in the Indirect-Purchaser Class Action, Dkt. No. 7375, at 24 (Dec. 18, 2012).

[12] For a more complete description of Straus & Boies' contribution, s*ee* Decl. of Nathan M. Cihlar in Support of Plaintiffs' Application for Attorneys' Fees, Expenses and Incentive Awards, Dkt. No. 4073-4 (Sept. 23, 2015) ("Cihlar Fee Decl.").

[13] "Most of the important documents in the litigation were in a foreign language." Decl. of Mario N. Alioto in Support of Indirect Purchaser Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Incentive Awards, Dkt. No. 4071-1, at ¶41-42 ("Alioto Fee Decl.").

[14] All members of the foreign review team reported to Straus & Boies. Likewise, every document proposed for translation was analyzed by Straus & Boies to verify it fit within the overall case strategy and that it warranted translation. As the authority on the foreign evidentiary

asked by Lead Counsel to oversee litigation strategy against Samsung SDI,[15] perform significant briefing on numerous issues,[16] take key depositions,[17] and prepare for trial.[18] Over eight years of litigation, Straus & Boies has put its human and capital resources at the service of the class.[19] Throughout, Straus & Boies was in constant communication with Lead Counsel, consulting on every significant issue in the case including settlement strategy. By serving as its top lieutenant, Straus & Boies respectfully submits that its contribution to the success of this case is second only to that of Lead Counsel.

//

//

---

record, Straus & Boies worked closely with Lead Counsel and project leaders on significant assignments throughout the litigation. Among other things, Straus & Boies drafted memoranda for *each* deponent identifying relevant foreign evidence and ensuring that appropriate documents were accurately translated and certified. Subsequent to the depositions, Straus & Boies was also responsible for contending with the labyrinthine issues associated with endless translation objections. *See* Alioto Fee Decl., at ¶41 ("IPP Counsel obtained certified translations of approximately 2,400 documents during the course of the litigation, to which Defendants lodged nearly 8,500 objections. Negotiating and keeping track of the objections and subsequent revisions was a mammoth task, and was handled principally by IPP Counsel on behalf of all the different plaintiff groups.").

[15] *See* Cihlar Fee Decl., at pp. 2-3.

[16] For example, Straus & Boies briefed the opposition to Defendants' antitrust standing summary judgment motion and all discovery related briefing associated with Samsung SDI. Further, Straus & Boies worked with co-counsel in drafting or editing numerous other briefs. *See* Cihlar Fee Decl., at p. 3.

[17] Straus and Boies traveled to both Taipei, Taiwan and Seoul, South Korea for depositions of some of the most important witnesses, including CPT's officials Chih-Chun Liu, Sheng-Jen Yang, and Jing Song Lu, as well as SDI's carve-out Sang-Kyu Park. *See* Cihlar Fee Decl., at p. 2.

[18] Straus & Boies worked with the trial team on significant projects including the development of trial strategy. For instance, Straus & Boies participated in the strategic trial planning sessions and the mock trials, created and managed the trial exhibit list, assisted with deposition designations and document authentication, and worked through myriad admissibility issues related to foreign language evidence.

[19] The Firm's attorneys and paralegals dedicated 22,707 hours to this case from 2007 to 2015 and continue to dedicate a substantial amount of time and resources to post-settlement work. Straus & Boies was among the largest financial contributors in both assessments and out of pocket expenses.

Dated: September 16, 2016               Respectfully submitted,


                                        /s/ Timothy D. Battin

                                        Timothy D. Battin
                                        Nathan M. Cihlar
                                        STRAUS & BOIES, LLP
                                        4041 University Drive
                                        Fifth Floor
                                        Fairfax, VA 22030
                                        Telephone: (703) 764-8700
                                        Facsimile: (703) 764-8704
                                        Email: tbattin@straus-boies.com
                                               ncihlar@straus-boies.com


                                        *Counsel for Indirect-Purchaser Plaintiffs*

5

**RESPONSE OF STRAUS & BOIES, LLP TO OBJECTIONS TO LEAD COUNSEL'S
PROPOSED ALLOCATION OF AGGREGATE FEE AWARD**
MDL 3:07-CV-05944-JST