LAWRENCE G. PAPALE
California State Bar No. 67068
LAW OFFICES OF
  LAWRENCE G. PAPALE
The Cornerstone Building
1308 Main Street, Suite 117
St. Helena, California 94574
Telephone (707) 963-1704

*Counsel for Indirect Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944<br>MDL No. 1917<br><br>**CLASS ACTION**<br><br>**DECLARATION OF LAWRENCE G. PAPALE IN RESPONSE TO VARIOUS OBJECTIONS TO PROPOSED FEE ALLOCATIONS**<br><br>Judge:  Honorable JON S. TIGAR<br>Special Master: Honorable MARTIN QUINN<br>Hearing Date:  To Be Determined<br>Venue:  JAMS |
| This Document Relates to:<br><br>All Indirect-Purchaser Actions | |

**DECLARATION OF LAWRENCE G. PAPALE IN REPLY TO VARIOUS OBJECTIONS PROPOSED FEE ALLOCATIONS**
Case No. 3:07-cv-5944, MDL No. 1917

I, LAWRENCE PAPALE, declare as follows:

1. I am an attorney licensed to practice before the state courts in California and various federal courts throughout California and the country and I am a sole practitioner in the law firm of the Law Offices of Lawrence G. Papale. I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to them.

2. Lead Counsel has allocated a multiplier of 1.5 to my lodestar of $851,850.

3. This declaration is submitted in response to various objections (ECF Document Nos. 4816, 4818, 4820 and 4822) that generally criticize lead counsel's allocation of a multiplier to the lodestars of attorneys or firms who did not contribute money to the litigation fund. In particular, ECF Document No. 4818 suggests in a chart that no enhancement should allowed to any firm that has not contributed to the litigation fund, recommending a lodestar multiplier of 1.0 in such an event.

4. I do not agree that failure to make contributions to the litigation fund should disqualify a firm from receiving a multiplier of the firm's lodestar for the following reasons:

5. <u>Contribution to the Fund is Only One Factor to Be Considered.</u> The fee allocation to a firm should be based upon the entire contribution of that firm to the advancement of the litigation. Lead Counsel has acknowledged (at ECF Document No. 4790) that he took into consideration many factors in making his recommendations. The issue of fund contribution, therefore, has been considered and weighed along with other factors in determining the appropriate multiplier to apply to a given firm's lodestar.

6. <u>Out of Pocket Expenses Should Be Given Equal Weight to Fund Contributions</u>. There is no difference in character between a firm's contribution of money to the litigation fund and the advancement by a firm of out-of-pocket expenses toward the litigation. In each case the money is spent in the furtherance of the litigation. I believe that the advancement of out-of-pocket expenses incurred by firms should be considered a factor on equal footing with fund contribution.

7. In this case, I represented three named plaintiffs and was responsible for

the depositions of nine other plaintiffs in the case requiring extensive travel to difficult-to-reach locations.  I took the depositions of 30(b)6 deponents as well the liability deposition of a vice president of SDI Samsung.  In the course of traveling to these 13 depositions in Seoul, Korea, New York City, Wisconsin, Mississippi, New Mexico, Nevada, Minnesota, Tennessee, South Dakota, North Carolina, Texas and California, I incurred out-of-pocket expenses in the amount of $24,623.03. To the extent that any contribution to the litigation, either in the form of a contribution to the fund or by reason of incurring out-of-pocket expenses, represents a commitment to the litigation, I would argue that a firm's advance of out-of-pocket expenses represents at least an equal commitment as does contributing money to the litigation fund.

8. <u>The Risk of Litigation to Sole Practitioners is Significant</u>.  I believe that the risk taken by small firms and sole practitioners in contributing their time and out-of-pocket expenses to major contingency litigation such as this is certainly equal to, and perhaps greater than, the risk undertaken by larger firms (who also may be able to make more substantial contributions to the litigation fund) as a result of their ability to generate income on other matters while concurrently litigating this case.

9. For these reasons I believe that small firms and sole practitioners ought not be penalized for failure to contribute to the litigation fund.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 16th day of September, 2016, in Saint Helena, California.

                                                     /s/    Lawrence Papale
                                                  LAWRENCE G. PAPALE