William J. Blechman, Esquire
KENNY NACHWALTER, P.A.
1441 Brickell Avenue
Suite 1100
Miami, Florida 33131
Tel:   (305) 373-1000
Fax:   (305) 372-1861
E-mail:  wblechman@knpa.com

*Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corporation*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 (JST)<br>MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect Purchase Actions | **DECLARATION OF WILLIAM J. BLECHMAN IN OPPOSITION TO OBJECTIONS TO IPP LEAD COUNSEL FEE ALLOCATION**<br><br>Judge:  The Honorable Jon S. Tigar |

I, William J. Blechman, declare as follows:

1.     I am a shareholder in Kenny Nachwalter, P.A., 1441 Brickell Avenue, Suite 1100, Miami, Florida 33131.  Kenny Nachwalter, P.A. represents Plaintiffs Sears, Roebuck and Co. and Kmart Corp. in *In re Cathode Ray Tube Antitrust Litigation,* MDL 1917 (N.D. Cal.).  I am senior counsel for Sears and Kmart in the *CRT* case.  I have been a lawyer for more than 33 years.  After law school, I clerked for a United States District Court Judge before joining Kenny Nachwalter, P.A., where I have practiced law ever since.  My antitrust practice is national in scope and concentrates on the specific client interests of large public and private companies, entrepreneurs, and public agencies as plaintiffs in cases involving conspiracy or monopolization claims.  I do not have a mass action or class action practice.

2. I am submitting this declaration, based on personal knowledge, in response to certain statements made by counsel in declarations objecting to the allocation of attorneys' fees to the law firms of Freedman Boyd Hollander Goldberg Urias & Ward, P.A.; Fine, Kaplan and Black R.P.C., and Hulett Harper Stewart PLLC, who are among the law firms representing the indirect purchaser class plaintiffs in the *CRT* case.

3. I come to submit this declaration because Joseph Goldberg of the Freedman Boyd law firm asked me to read these objections and, if I was so inclined, to provide the Court with a declaration stating facts known to me that the Court may consider relevant to the objections. I have never before provided a declaration regarding another lawyer's fee application in a case. But I do so in this instance because I have personal knowledge of facts that the Court may find relevant to its consideration of the objections to the fee application of Freedman Boyd Hollander Goldberg Urias & Ward, P.A.; Fine, Kaplan and Black R.P.C., and Hulett Harper Stewart PLLC. To be clear, I have no professional or personal stake in the outcome of the Court's ruling on these objections, and I am submitting this declaration voluntarily and without consideration of any kind.

4. I have known Joseph Goldberg and Dennis Stewart for over ten years. I consider them to be among the top echelon of lawyers. I have observed each to be skilled and comfortable in and outside the courtroom, and to practice law with a sense of civility and professionalism. Among the plaintiff and defense lawyers who I know who practice antitrust law, I believe that Messrs. Goldberg and Stewart enjoy an excellent reputation as skillful, meticulous, and careful lawyers. Before the *CRT* case, I knew Donald Perelman only by reputation as a very good lawyer. I know that he and Mr. Goldberg held leadership positions in the *Urethanes* class case successfully tried in Federal Court in Kansas, where the jury returned a verdict of approximately $400 million, which I know from my knowledge of the case was an excellent result.

5. In late 2014, I started to work with Messrs. Goldberg, Stewart, and Perelman in *CRT*. At the time, I was preparing the Sears/Kmart case for trial, and they were working on the preparation of the indirect purchaser class plaintiffs' case for trial as well. Because of some common issues between our cases, I worked with them on several trial projects. As a result of this

1  interaction, I was able to observe personally work product that the indirect purchaser class plaintiffs had prepared to that point in working up their case for trial, as well as the subsequent contributions made by Messrs. Goldberg, Stewart, and Perelman to that effort.

6. I attended several trial preparation events at which Messrs. Goldberg, Stewart, and Perelman were in attendance. I observed that they had assumed the lead in preparing the indirect purchaser class plaintiffs' case for trial, along with the indirect purchaser class plaintiffs' lead counsel. I observed that Messrs. Goldberg, Stewart, and Perelman had a substantial amount of work product available, including a detailed and voluminous database of facts reflecting conspiratorial events, which I understand was prepared under the supervision of the indirect purchaser class plaintiffs' lead counsel. I thought Messrs. Goldberg, Stewart, and Perelman demonstrated trial lawyer savvy to distill the voluminous evidence in the case and to focus on the best evidence that would tell the most compelling story of Defendants' misconduct and how that misconduct impacted their clients, the consumer class.

7. The challenge for Messrs. Goldberg, Stewart, and Perelman in preparing to try this case was surely substantial, and required an enormous amount of work on their part. When they entered the case, I observed that the pace at which the indirect purchaser class case was being prepared for trial quickened noticeably. I observed Messrs. Goldberg, Stewart, and Perelman push the indirect purchaser class plaintiffs' case toward trial with purpose and pace, and in my dealings with them, found their work to be thoughtful, thorough, and careful.

8. I declare under penalty of perjury that the foregoing is correct.

Executed this 16th day of September, 2016.

          /s/ *William J. Blechman*
             William J. Blechman