JOSEF D. COOPER (53015)
TRACY R. KIRKHAM (69912)
JOHN D. BOGDANOV (215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA  94103
Telephone:  (415) 788-3030
Facsimile:  (415) 882-7040
jdc@coopkirk.com
trk@coopkirk.com
jdb@coopkirk.com

*Counsel for Class Representative Steven Ganz
And Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>All Indirect-Purchaser Actions | **Master File No. 3:07-cv-5944 JST**<br><br>**MDL No. 1917**<br><br>**REQUEST FOR ORAL ARGUMENT AND STATEMENT OF NON-CONSENT TO LEAD COUNSEL'S REQUEST FOR OFF-RECORD COMMUNICATIONS WITH THE SPECIAL MASTER**<br><br>Judge:   Honorable Jon S. Tigar<br>Special Master:   Honorable Martin Quinn<br>Hearing Date:  TBD<br>Hearing Venue:   JAMS |

Pursuant to Paragraph 1 of the Special Master's Order re Process for Allocation of Attorneys' Fees ("Procedural Order," Dkt. 4748), Cooper & Kirkham, P.C. ("C&K") respectfully requests oral argument on its "Objection to Lead Counsel's Revised Proposed Allocation of Aggregate Fee Award to Indirect Purchaser Plaintiffs' Counsel" (Dkt. 4821).

In footnotes 18 and 19 of "Lead Counsel's Omnibus Response to Objections to Proposed Allocation of Aggregate Fee Award to Indirect Purchaser Plaintiffs' Counsel" ("Response" Dkt. 4853 at 21, n.18, 22, n.19), he "requests the Special Master's permission to provide [certain] information *in camera* with notice to Cooper and Scarpulla." The information to which he refers is allegedly evidence of: (1) how the entry of Special Master Vaughn Walker's December 2014 Report and Recommendation ("R&R" Dkt. No. 3200) that Mr. Cooper and Mr. Scarpulla be appointed co-lead counsel to conduct settlement negotiations "made settling with the Defendants much more difficult;" and (2) Lead Counsel's suspicions that around the time of the R&R, "Cooper and Scarpulla were discussing settling the case with these Defendants [Samsung SDI] for much less than Lead Counsel was demanding from them . . . [and] were likely informing the Defendants of their plans to get appointed as co-lead counsel." *Id*. at 21, 22.

The "Order Appointing Special Master" ("Appointment Order" Dkt. 4077) contains specific provisions relevant to the presentation of evidence *in camera* or *ex parte*, which is what we believe Lead Counsel actually means in his footnote requests. Under the appointment Order, information may be presented "*in camera*," (which means in a proceeding, frequently in chambers, with only counsel and parties present, and from which the press and public are excluded[1]) when such information has been "designated confidential pursuant to the Protective Order entered in this matter." *Id.* at 5, ¶2. Filing *in camera* does not require "the Special Master's permission" or "notice to Cooper and Scarpulla." Nor would it have been impossible to submit evidence for *in camera* review and still fully comply with the Procedural Order's edict that "[a]ll evidence must be presented by declaration with the objection or the reply." (Dkt. 4748 at 2.) It would simply

---

[1] *See*, "Black's Law Dictionary Free Online Legal Dictionary, 2nd Ed." at thelawdictionary.org.

| | | |
|---|---|---|
| REQUEST FOR ORAL ARGUMENT AND STATEMENT OF NON-CONSENT | - 1 - | Master File No. 3:07-cv-5944 JST MDL 1917 |

require Lead Counsel to have served complete copies of his Declaration on the Special Master and counsel (all of whom are bound by the Protective Order) and copies under seal in the public record. However, given the remote possibility that anything designated as confidential in discovery pursuant to the Protective Order would be relevant to the subject at hand, it is logical to assume that Lead Counsel actually intended to invoke paragraph 6 of the Appointment Order, not paragraph 2.

Paragraph 6 concerns *ex parte* communications with the Special Master and forbids such communications "without first providing notice to, *and receiving consent from . . . Counsel for any other interested party*." *Id.* at 8, ¶6 (emphasis added). As vitally interested parties, C&K do not consent to and hereby object to Lead Counsel's requests to provide *ex parte* information or evidence to the Special Master. If Lead Counsel believes that he has anything to back up his speculation and suspicions regarding C&K's alleged activities, the time to have provided such information has passed. The Procedural Order, entered almost two months ago, clearly informed Lead Counsel that "*[a]ll evidence must be presented* by declaration *with the objection or the reply*." Dkt. 4748 at 2. That does not mean filing his brief and asking to secretly supplement the record. The Special Master has established a strict procedure for obtaining evidence and argument to assist him in arriving at his individual fee recommendations—a process "intended to be both formal and transparent," which requires that "[a]ll filings, and *all communications with the Special Master, shall be filed on the Court docket . . . .*" *Ibid*. No *ex parte* communications are permitted, and no late-filed evidence should be received from Lead Counsel.

Dated: September 21, 2016            Respectfully submitted,

   /s/ Josef D. Cooper
      Josef D. Cooper

Josef D. Cooper (53015)
Tracy R. Kirkham (69912)
John D. Bogdanov (215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
Email: jdc@coopkirk.com