William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Philip J. Iovieno
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and
Attorneys for Plaintiffs Electrograph Systems, Inc.,
Electrograph Technologies, Corp., Office Depot, Inc.,
CompuCom Systems, Inc., Interbond Corporation of
America, P.C. Richard & Son Long Island Corporation,
MARTA Cooperative of America, Inc., ABC Appliance, Inc.,
Schultze Agency Services LLC on behalf of Tweeter Opco,
LLC and Tweeter Newco, LLC, and Tech Data Corporation
and Tech Data Product Management, Inc.*

[additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-CV-05944-JST<br>MDL No. 1917 |
| This Document Relates To:<br><br>ALL ACTIONS | **PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION TO REPORT AND RECOMMENDATIONS OF SPECIAL MASTER RE ORDER RESOLVING TRANSLATION OBJECTIONS RE JAPANESE DOCUMENTS-TRANCHE 1 (ECF NO. 4823)**<br><br>The Honorable Jon S. Tigar |

The undersigned Plaintiffs hereby jointly respond to the Toshiba and Panasonic Defendants' ("Defendants") motion for relief from the recommended order of Special Master re Order Resolving Translation Objections re Japanese Documents-Tranche 1, dated September 7 [ECF No. 4823] (the "Objection").

\* \* \*

Defendants are objecting to Special Master Walker's resolution of translation objections for three Japanese-language documents—specifically, his conclusion that it is appropriate to include pronouns in square brackets in certain instances. In so doing, Defendants primarily contend that the Special Master "veered outside his authority" and did not abide by the Court-established procedures for resolving translation objections by declining to wholesale adopt the initial proposal of the neutral translator appointed to assist him. Because of these alleged scope-of-authority and procedural violations, Defendants contend that the resolution reached by the Special Master should be rejected. Defendants also re-argue the merits of their preferred translations.

None of Defendants' arguments are valid. Contrary to Defendants' contention, the Special Master acted within his authority and followed all of the guidelines and procedures established by the Court regarding the resolution of translation objections and reliance on the assistance of a neutral translator. Furthermore, Special Master Walker correctly resolved those objections, as his resolution of these issues was entirely consistent with the Japanese language commentary and explanation provided by the neutral translator appointed to assist him. Simply put, the Special Master did not err and his recommended order should be adopted by the Court.

A further problem plagues Defendants' objection: they have precluded effective review of the Special Master's ruling by failing to comply with the Court's order requiring them to file the record that was before the Special Master when he made his decisions. That record included the parties' explanations to the Special Master on the very issues now being objected to by Defendants. Without the record, the Court cannot evaluate the Special Master's consideration and reasoning with respect to how he resolved the parties' competing proposals. Failure to attach that record of relevant "documents submitted by the parties" in the proceedings below is,

on its own, grounds to deny the Objection. (ECF No. 2272, ¶ 6.)

## I. SPECIAL MASTER WALKER DID NOT "VEER OUTSIDE HIS AUTHORITY."

Defendants' primary contention in their Objection appears to be that Special Master Walker should not have engaged in a dialogue with the neutral translator after the neutral translator's initial translation, and finalized the resolved translation based on that discussion. But this position is directly contradicted by the orders providing for the Special Master's appointment of neutral translators to "*assist* [him] in resolving the translation objections." (ECF No. 4597 at 2 (emphasis added); *see also* ECF No. 4625 at 2 (modifying the prior order with respect to the neutral translators to allow the parties to submit a list of one translator per language rather than two); ECF No. 4657 (Court's order adopting ECF No. 4597 as modified by ECF No. 4625).)

Had the Special Master been required to invariably rely on the neutral translator's initial view, he and the Court would have said so. There would be no need for "assistance" at all; the translators themselves would be the adjudicators.

Accordingly, the Special Master was well within his authority to rely on and incorporate the assistance of the neutral translator as an aid—not a substitute—in his decision-making process.

## II. THE RECORD ESTABLISHES THAT THE SPECIAL MASTER CORRECTLY USED THE ASSISTANCE OF THE NEUTRAL TRANSLATOR IN REACHING HIS CONCLUSIONS.

Furthermore, the record reflects that the Special Master carefully evaluated and incorporated the neutral translator's comments in coming to his decisions. (*See* ECF No. 4799 (describing the process by which the neutral translator, Ms. Koko Peters, provided "initial translations," and Special Master Walker then prepared "drafts of the resolved translations which were thereafter discussed and reviewed with Ms. Peters for accuracy").) Conspicuously absent from Defendants' Objection is any recognition of the fact that the Special Master *explicitly explained* that his final resolved translations incorporated the input and advice of the neutral translator appointed to assist him:

- **Translation #3 (Exh. 1777)**: The Special Master specifically acknowledged that neutral

translator advised him that, although "the sentence does not expressly include 'we,'" it is nonetheless "clear from the context that it was MTPD, Mr Nishimura's group, who made the request." (ECF No. 4799-1 at 4.) ***The Special Master explicitly explained: "The Resolved Translation incorporates the neutral translator's views."*** (*Id.* (emphasis added).)

- **Translation #4 (Exh. 1787)**: The Special Master explained that he was specifically relying on the neutral translator's guidance in coming to his final conclusion regarding the inclusion of a bracketed pronoun: "The neutral translator, reading the sentence in the context of the document as a whole, explained that the author is reporting his telephone call, hence it is clear that "I" telephoned D Y KIM." (*Id.* at 5.) ***The Special Master explicitly explained: "The Resolved Translation incorporates the neutral translator's views and undisputed portions of the parties' proposed translations."*** (*Id.* (emphasis added).)

- **Translation #17 (Exh. 1942)**: The Special Master relied on the neutral translator's explanation that "the sentence, read in context, describes a telephone call from Toshiba today and thus clearly infers that Toshiba requested that we (the call recipient's company) maintain the price." (*Id.* at 20.) ***The Special Master explicitly explained: "The Resolved Translation adopts the neutral translator's guidance and undisputed portions of the parties' proposed translations."*** (*Id.* (emphasis added).)

- **Translation #18 (Exh. 1942)**: The Special Master incorporated the neutral translator's statement to him that "in context, the sentence clearly conveys what the Toshiba caller said in a phone call and the verb form used for 'being concerned' used an honorific that makes clear that it was the caller, on behalf of Toshiba, who was concerned and made the request." (*Id.* at 21.) ***The Special Master explicitly explained: "The Resolved Translation incorporates the neutral translator's guidance and certain undisputed portions of the parties' translations."*** (*Id.* (emphasis added).)

Accordingly, with respect to all four objected-to translations, the record demonstrates that the Special Master properly utilized and relied on the assistance of the neutral translator in coming to his conclusions. In all four instances, the neutral translator provided comments indicating her belief that the subjects of the sentences could be inferred.[1] The Special Master took that advice under consideration and included those subjects ***in square brackets*** so that there would be no confusion that they were being inferred rather than expressly translated from the

---

[1] Notably, there were several other instances where the Special Master omitted pronouns from his final translation based on the neutral translator's input and the document's context., (*See* ECF No. 4799-1 at Translation Nos. 5, 9, 11, 13, 15, and 20.) These instances serve to demonstrate that the Special Master engaged in a well-reasoned and thoughtful process to incorporate the neutral translator's input and assistance in determining the most correct final translation for each particular document.

Japanese language, which often omits subjects that would be present had the document been written in English.[2]  There is no error in the Special Master's recommended resolution of these translations.

### III. DEFENDANTS' OBJECTION SHOULD BE DENIED BECAUSE THEY FAILED TO FILE THE RECORD FOR REVIEW.

Defendants' Objection should also be denied as procedurally improper, as they failed to comply with the Court's order requiring a party objecting to a recommended order of the Special Master to "fil[e] the record for review."  (ECF No. 2272, ¶ 6.)  Specifically, a party filing an objection to any "orders, reports and/or recommendations" of the Special Master "***shall submit with such objection*** any record necessary for the Court to review the Special Master's order, report, and/or recommendation, including any transcripts of proceedings before the Special Master and ***any documents submitted by the parties in connection with the Special Master's order, report, and/or recommendation***."  (*Id.* at ¶ 6(c) (emphasis added).  "Failure to provide the record shall constitute grounds for the Court to overrule the objection or deny the motion."  (*Id.*)

Here, Defendants' Objection (which they styled as a "motion for relief from nondispositive pretrial order" of the Special Master) did not attach the relevant documents submitted to the Special Master in the proceedings before him.  Those documents included the joint submission of the parties regarding the Japanese language Tranche 1 translations, as well as the actual documents subject to translation disputes.  In their joint submission, Plaintiffs and Defendants set out their respective explanations as to why their respective proposed translations should be deemed correct.  Defendants' failure to provide the Court with the parties'

---

[2] Both Special Master Walker and the neutral translator were justified in inferring the subjects from context. As Defendants acknowledge, the "Japanese language frequently omits subjects in the sentence, leaving the reader to infer the subject." Objection at 3. This is an undisputed point and the citation Defendants use in support of it merely establishes something that is uncontroverted.

Where Defendants go awry is to suggest that this means that pronouns should never be inferred when translating from Japanese to English. Neither the book they cite nor any other authority supports such a conclusion, because it is simply incorrect. Including pronouns in the English language translation most accurately reflects the meaning of the sentence as it would be understood by a Japanese speaker.

1  explanations on these particular translations precludes any meaningful review of the claim that
2  the Special Master erred in determining what the correct translation should be.  Defendants'
3  failure to provide the underlying documents likewise inhibits this Court's review, since the
4  Special Master—with the neutral translator's guidance—relied on the context in those
5  documents to determine whether it was appropriate to infer pronouns in the disputed portion of
6  the translation.

7  Accordingly, Defendants' Objection should be denied.

9  DATED:  September 21, 2016        /s/  *Philip J. Iovieno*

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:   (518) 434-0665
Email:  piovieno@bsfllp.com
         anardacci@bsfllp.com

William A. Isaacson
Kyle N. Smith
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Fax: (202) 237-6131
Email:  wisaacson@bsfllp.com
Email:  ksmith@bsfllp.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone:  (954) 356-0011
Facsimile:   (954) 356-0022
Email:  ssinger@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., CompuCom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC, and Tech Data Corporation and Tech Data*

*Product Management, Inc.*

/s/ *Scott N. Wagner*

Robert W. Turken
Scott N. Wagner
Mitchell E. Widom
BILZIN SUMBERG MAENA PRICE & AXELROD LLP
1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456
Tel: 305-374-7580
Fax: 305-374-7593
Email: rturken@bilzin.com
         swagner@bilzin.com
         mwidom@bilzin.com

*Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*


/s/ *Craig A. Benson*

Kenneth A. Gallo (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Co. of America, Inc.*


/s/ *David P. Chiappetta*

David P. Chiappetta (State Bar No. 172099)

PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone: (415) 344-7000
Facsimile: (415) 344-7050
Email: DChiappetta@perkinscoie.com

David J. Burman (*pro hac vice*)
Cori G. Moore (*pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206)359-8000
Facsimile: (206)359-9000
Email: DBurman@perkinscoie.com
CGMoore@perkinsncoie.com

*Counsel for Plaintiff Costco Wholesale Corporation*


/s/ William J. Blechman

Richard Alan Arnold (*pro hac vice*)
William J. Blechman (*pro hac vice*)
Kevin J. Murray (*pro hac vice*)
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel: 305-373-1000
Fax: 305-372-1861
Email: rarnold@knpa.com
wblechman@knpa.com
kmurray@knpa.com

*Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corp.*


/s/ R. Alexander Saveri

R. Alexander Saveri
Geoffrey C. Rushing
Cadio Zirpoli
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for the Direct Purchaser Plaintiffs*