Terrence J. Truax (*pro hac vice*)
ttruax@jenner.com
Charles B. Sklarsky (*pro hac vice*)
csklarsky@jenner.com
Michael T. Brody (*pro hac vice*)
mbrody@jenner.com
Gabriel A. Fuentes (*pro hac vice*)
gfuentes@jenner.com
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone:   (312) 222-9350
Facsimile:    (312) 527-0484

ADDITIONAL COUNSEL IDENTIFIED
FOLLOWING SIGNATURE BLOCK

*Attorneys for Defendants Mitsubishi Electric Corporation,
Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual
Solutions America, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. 3:14-cv-02058-JST |
| CRAGO d/b/a DASH COMPUTERS, INC., et al., on its own behalf and on behalf of similarly situated parties,<br><br>Plaintiff,<br><br>v.<br><br>MITSUBISHI ELECTRIC CORPORATION, et al.,<br><br>Defendants. | Master File No. 3:07-cv-05944-JST<br><br>**UNOPPOSED MOTION AND [PROPOSED] ORDER REGARDING EXTENSION OF PAGE LENGTH FOR THE MITSUBISHI ELECTRIC DEFENDANTS' OBJECTIONS TO THE SPECIAL MASTER'S ORDER [DKT. 4802]**<br><br>Judge:  Hon. Jon S. Tigar<br><br>[Proposed Order filed herewith] |

## NOTICE OF MOTION AND MOTION

To all parties and their attorneys of record:

Please take notice that as soon as this matter may be reasonably heard by the Honorable Judge Jon S. Tigar, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 9 – 19th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc. hereby respectfully move this Court to extend the page limit for their objections to the Special Master's Order regarding the Direct Purchaser Plaintiffs' ("DPPs") motion for sanctions, Dkt. #4802, from 5 pages to 17 pages. The Direct Purchaser Plaintiffs have agreed that, because Plaintiffs' objections are due on September 23, this motion may be heard on an expedited basis. The DPPs have also stated that they do not oppose this motion.

On September 20, 2016, the Direct Purchaser Plaintiffs ("DPPs"), and Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc. (collectively, "Mitsubishi Electric") submitted a stipulation to increase the page limit on Mitsubishi Electric's objections to the Special Master's Order regarding the Direct Purchaser Plaintiffs' ("DPPs") motion for sanctions, Dkt. #4802, from 5 pages to 17 pages. The Court denied the stipulation because the parties had not established good cause. Mitsubishi Electric therefore submits a motion establishing good cause to increase the page limit.

Mitsubishi Electric has conferred with the DPPs. The DPPs stated that they preferred that the relief sought in this motion be requested by application. Further, they stated that they did not oppose Mitsubishi Electric's request that the Court allow it to filed objections of up to 17 pages in length. They advised Mitsubishi Electric that they did not intend to file an opposition to this motion and had no objection to its resolution on an expedited basis.

On December 4, 2015, the DPPs' filed a "Motion to Compel Mitsubishi to Provide Full and Complete Responses to Discovery re Meetings with Competitors, Sales, and Destruction of Evidence and for Evidentiary Sanction." On August 29, 2016, the Special Master issued an Order (Dkt. 4802) regarding the aforementioned Motion to Compel. On September 9, 2016, the Court entered an order (Dkt. 4834) extending the due date for Mitsubishi Electric's objections to be filed on or before September 23, 2016.

Mitsubishi Electric respectfully requests an extension of the page limit for their objections from 5 to 17 pages. Mitsubishi Electric has good cause to seek this extension. In light of the large number of issues addressed in the Special Master's Order, and the voluminous nature of the record before the Special Master, it would be impractical and extremely difficult for Mitsubishi Electric to submit a meaningful response without a substantial increase in the page limit.

Mitsubishi Electric is objecting to a 40-page order that addressed numerous issues. Following a lengthy discussion of the record, the order included several factual findings addressing at least seven distinct instances of alleged discovery misconduct. Dkt. 4802-1, at 33-35. These factual findings (which Mitsubishi Electric contests) included:

- Finding 2 (referring to "Mitsubishi's abrupt interruption" of a deposition);

- Finding 3 (referring to "Mitsubishi's refusal to produce documents used to refresh witness Koji Murata's recollection before his deposition");
- Findings 4-6 (stating that "Mitsubishi repeatedly delayed serving full responses to Interrogatory No. 5");
- Finding 8 (referring to Mitsubishi "failing to conduct adequate searches of key witnesses' files");
- *Id.* (referring to Mitsubishi "failing to interview such witnesses about responsive documents);
- Finding 9 (stating that Mitsubishi's statement that "it has been unable to verify the accuracy" of certain figures "demonstrates bad faith");
- Finding 10 (stating that "Mitsubishi's failure to provide full and complete response to Interrogatory No. 16 violated its duties to conduct a reasonably diligent investigation and to supplement responses").

In addition to making factual findings, the Special Master also recommended the imposition of an evidentiary sanction against Mitsubishi Electric, and his order includes a legal analysis of whether that sanction is appropriate.

The Special Master's order was based on a voluminous record. The DPPs' motion to compel and for evidentiary sanctions was 20 pages and included over 1000 pages of exhibits. The Mitsubishi Electric Defendants' response brief was 23 pages, and included over 1000 pages of exhibits. The DPPs submitted a 14-page reply brief, and later submitted a 5-page, single-spaced letter brief supplementing their sanctions motion, comprising over 200 pages of exhibits, to which Mitsubishi Electric submitted a 13-page response, comprising over 700 pages of exhibits. In addition, two of the Special Master's findings in support of his sanctions order (Findings 2 and 3) related to the deposition of Koji Murata. The issues surrounding that deposition were the subject of a separate round of briefing, culminating in an 11-page order by the Special Master. Dkt. 3859.

The Mitsubishi Electric Defendants are aware of the importance of brevity. But on this record, 17 pages is a reasonable number. Each of the Special Master's findings must be addressed individually, and

each of those findings requires separate discussions of the relevant facts and law. The Mitsubishi Electric Defendants also intend to present a legal analysis of the Special Master's recommended evidentiary sanction. The parties' proposed 17-page limit is shorter than the length of the briefs submitted to the Special Master, and is substantially shorter than the length of the Special Master's order. Given the multitude of factual and legal issues that Mitsubishi Electric must address, the length of the Special Master's order and underlying briefing, and the complexity and the volume of the record, Mitsubishi Electric respectfully requests that the Court increase the page limit to 17 pages.

**[SIGNATURE ON FOLLOWING PAGE]**

Dated: September 22, 2016

By:  */s/ Terrence J. Truax*

By: Terrence J. Truax
Charles B. Sklarsky
Michael T. Brody
Gabriel A. Fuentes

ADDITIONAL COUNSEL REFERENCED FROM CAPTION PAGE

Brent Caslin (Cal. Bar. No. 198682)
bcaslin@jenner.com
JENNER & BLOCK LLP
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone:  (213) 239-5100
Facsimile:   (213) 239-5199

Harold A. Barza (Cal. Bar. No. 80888)
halbarza@quinnemanuel.com
Kevin Y. Teruya (Cal. Bar. No. 235916)
kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443 3000
Facsimile:   (213) 443 3100

Ryan S. Goldstein (Cal. Bar No. 208444)
ryangoldstein@quinnemanuel.com
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
NBF Hibiya Building, 25F
1-1-7, Uchisaiwai-cho, Chiyoda-ku
Tokyo 100-0011, Japan
Telephone:  +81 3 5510 1711
Facsimile:   +81 3 5510 1712

*Attorneys for Defendants*
*Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.*