1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 788-7210
Facsimile:   (415) 788-0706
Email: fos@scarpullalaw.com
         pbc@scarpullalaw.com

Counsel for Indirect-Purchaser Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944-JST |
| | MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect-Purchaser Actions | **RESPONSE TO LEAD COUNSEL'S OMNIBUS RESPONSE TO OBJECTIONS TO PROPOSED FEE ALLOCATIONS; OBJECTION TO LEAD COUNSEL'S UNTIMELY FILINGS; NON-CONSENT TO LEAD COUNSEL'S REQUEST FOR *EX PARTE* COMMUNICATIONS**<br><br>Judge:            The Honorable Jon S. Tigar<br>Special Master:  The Honorable Martin Quinn<br>Hearing Date:    TBD<br>Hearing Venue:  JAMS |

1    Pursuant to Paragraph 1 of the Special Master's Order re Process for Allocation of

2    Attorneys' Fees (Doc. No. 4748), the Law Offices of Francis O. Scarpulla ("LOFOS" or

3    "Scarpulla") submits this response to Lead Counsel's Omnibus Response To Objections To

4    Proposed Allocation Of Aggregate Fee Award To Indirect Purchaser Plaintiffs' Counsel (Doc. No.

5    4853).

6    **1.    Objection To Lead Counsel's Improper and Untimely Filings**

7    Lead Counsel's reply to the fee allocation objections was due, per the Special Master's

8    Order re Process (Doc. No. 4748), on September 16th.  Lead Counsel failed to meet that deadline,

9    filing its brief on the morning of September 17th.  Several days later, Lead Counsel filed a letter to

10   the Special Master acknowledging the tardy filing of its reply and asking that the Special Master

11   accept the late filings.  *See* Doc. No. 4857 (Sept. 20, 2016 Letter from Mr. Alioto to Special

12   Master Quinn).  This informal approach is inconsistent with the Special Master's Order re Process,

13   which states that, "[t]he allocation process is intended to be both formal and transparent."  Doc.

14   No. 4748 at p. 2.  In addition, Lead Counsel has failed to obey the Civil Local Rules, which

15   provides a specific procedure for obtaining administrative relief such as an extension of time.  *See*

16   Civil L.R. 7-11 (describing formal requirements and procedure for obtaining administrative relief).

17   Scarpulla hereby objects to Lead Counsel's failure to follow the Special Master's Order re Process,

18   and the Civil Local Rules, in filing its untimely reply to the fee allocation objections.

19   **2.    Non-Consent to Lead Counsel's Request For *Ex Parte* Communications**

20   Lead Counsel's reply contains various statements regarding details of settlement

21   communications (*see, e.g.*, Doc. No. 4853 at p. 16), and also seeks permission to engage in *ex*

22   *parte* communications with the Special Master concerning settlement communications (*see* Doc.

23   No. 4853 at p. 21, n.18; and p. 22, n.19).  Scarpulla hereby does not consent to Lead Counsel's

24   request to engage in *ex parte* communications with the Special Master.  The Order Appointing

25   Special Master (Doc. No. 4077, at ¶ 6) prohibits the kind of un-authorized *ex parte*

26   communications requested by Lead Counsel.  *See also* Doc. No. 4862 (Cooper & Kirkham, P.C.,

27   Request for Oral Argument and Statement of Non-Consent to Lead Counsel's Request for Off-

28

1

1    Record Communications with the Special Master).  Scarpulla further objects to Lead Counsel's

2    attempt to provide details of settlement discussions that are protected from disclosure under the

3    settlement privilege.  *See* Fed. R. Ev. 408.  To the extent permissible, Scarpulla can address the

4    settlement topics raised in Lead Counsel's reply at oral argument on Scarpulla's objections.  *See*

5    Doc. No. 4842 (LOFOS Request for Oral Argument).

6              **3.       Lead Counsel's Arbitrary Cuts To LOFOS Lodestar Are Improper**

7              Lead Counsel contends that it has made cuts to the LOFOS lodestar amount because Lead

8    Counsel does not believe that the California Attorney General's office and Special Master Vaughn

9    Walker requested that Scarpulla perform certain work.  Though Lead Counsel's brief attacks

10   Scarpulla's sworn declaration concerning these points, Lead Counsel offers no contrary declaration

11   or evidence – precisely because there is no such support for Lead Counsel's assertions.  Moreover,

12   Lead Counsel's suggestion that Scarpulla's work with the California Attorney General and Special

13   Master Walker did not benefit the Class is equally unsupported.  As explained in Scarpulla's

14   declaration in support of his objections (Doc. No. 4818-1, ¶¶ 12 - 18), Scarpulla became involved

15   in settlement issues because the relevant parties (including defendants, the Attorney General, other

16   plaintiff groups, and Special Master Walker) had been unable to have meaningful settlement

17   discussions with Lead Counsel.  Whatever view Lead Counsel may have regarding Special Master

18   Walker's Report and Recommendation that Scarpulla be appointed co-lead counsel for purposes of

19   settlement (Doc. No. 3200), the Class benefitted from having Lead Counsel's attention directed

20   toward resolution of issues that had festered to the point that the Special Master felt compelled to

21   act.  Moreover, Scarpulla's efforts throughout this litigation have been to protect the Class,

22   resulting in, for example, the participation of additional claimants in connection with the

23   Chunghwa settlement.  *See* Doc. No. 4443 (Special Master's Supp. Report and Recommendation

24   Re Chunghwa Allocation Issue In Connection With IPPs' Settlement).  This work is legitimate and

25   compensable, and should not be subject to Lead Counsel's improper reductions.  *Cf. Thayer v.*

26   *Wells Fargo Bank*, 92 Cal. App. 4th 819 (2001) (describing failed efforts by Mr. Alioto and

27

28

2

1    Sherman Kassof to manufacture contentious issues in order to gin-up fees).[1]  Lead Counsel's reply

2    also attempts to deflect attention from Lead Counsel's punitive treatment of Scarpulla's lodestar

3    by suggesting that the Zelle firm independently decided not to include Scarpulla's time.  However,

4    this argument simply begs the question – already raised in Scarpulla's objections (Doc. 4818 at p.

5    8, n.7) – as to whether Lead Counsel is abiding by its alleged agreement with the Zelle firm to give

6    favorable treatment to Zelle's lodestar – with or without Scarpulla's time.  Any such agreement

7    should be produced to the Special Master, and be made part of the record for any further

8    proceedings, including appeals.

9            **4.        Lodestar and Expense Objections Are Directly Relevant To Fee Allocation**

10           Lead Counsel mistakenly suggests that the undersigned's objections to time-keeping

11   practices are duplicative of previous objections, which have been resolved by the Court.  That

12   misunderstands the nature of the current objections.  Any allocation of an aggregate attorney fee

13   award that relies upon the reported lodestar of a firm must take into account the fact that some

14   firms utilized block-billing and quarter-hour increments, while others did not.  It is not possible to

15   make a fair comparison of the reported hours between a firm that utilized such practices, and one

16   that did not, because a firm that block-billed and/or recorded time in quarter-hour increments will

17   have an inflated lodestar based only on time-keeping rather than productive work.  That the

18   Special Master previously applied a 10% across-the-board lodestar reduction in computing the

19   aggregate fee award does not correct this situation, as the Special Master's aggregate reduction

20   necessarily applied to all firms, not just those that employed the challenged billing practices.  The

21   undersigned's previous objections to the use of such billing practices went to the overall amount of

22   fee to be awarded; the instant objections to such billing practices go to the allocation of such fee

23   among plaintiffs' counsel.

24           In addition, the declarations of Lawrence Papale (Doc. No. 4850) and Joseph Goldberg

25   (Doc. No. 4851) do not change the analysis of the relative financial risk borne by these firms.  Mr.

26

27   _____

[1] In its Objections To Proposed Fee Allocations (Doc. No. 4818), the undersigned included an
28   incorrect citation to *Thayer*.  The above-referenced citation is to the correct page of the reporter.

RESPONSE TO LEAD COUNSEL'S OMNIBUS RESPONSE TO
OBJECTIONS TO PROPOSED FEE ALLOCATIONS
Case No. 3:07-cv-5944, MDL No. 1917

1   Papale does not dispute that his firm did not contribute to the litigation fund in this case.  Instead,

2   Mr. Papale suggests that there should be "no difference," for purposes of an allocation, between a

3   financial contribution to a litigation fund used for common expenses, and incurring individual out-

4   of-pocket expenses, such as travel.  *See* Doc. No. 4850 at ¶ 6.  The problem with this suggestion,

5   however, is that it creates inappropriate incentives and rewards for an individual attorney to incur

6   extraordinary travel expenses that personally benefit that attorney (*e.g.*, class of travel and level of

7   accommodations).  Litigation expense fund contributions, by contrast, do not create a personal

8   benefit for the contributing attorney, and represent an actual risk of financial loss.  Thus, it is

9   appropriate to consider litigation fund contributions (not out-of-pocket expenses) when evaluating

10  financial risk to a firm.

11         Moreover, while the undersigned does not question the experience and competence of a

12  distinguished trial attorney such as Mr. Goldberg, for purposes of evaluating financial risk in order

13  to determine an appropriate "risk multiplier," the fact remains that the risk of non-payment was

14  much lower on the "eve of trial," when Mr. Goldberg's firm joined this case, compared to the

15  outset of the case.  The risk profile of this case diminished as more settlements were secured and

16  the trial date neared.  The undersigned simply asks that this fact be recognized in allocating any

17  fee.

18         The undersigned also re-urges the Special Master to obtain from Lead Counsel a reporting

19  on the number of natural-person consumers who have submitted claims in this litigation, so as to

20  inform the Special Master's decision to enhance any lodestar amount on account of the results

21  obtained for the Class.

22         Finally, as to the issue of expenses, Lead Counsel attempts to deflect its failure to properly

23  account for its litigation expense contributions by referring to the previous filings in which some

24  of Mr. Patane's expense ledger entries were produced.  These limited entries, however, do not

25  reflect the claimed expense contributions of Lead Counsel.  Consistent with the Special Master's

26  Order Re Motion to Compel Lead Counsel To Produce IPP Counsels' Time-and-Expense Reports

27  (Doc. No. 4211), Lead Counsel should therefore be required to produce such expense back-up,

28

1  sufficient to document the amount and timing of its litigation fund contributions, if any.

2

3  Dated: September 23, 2016                     Respectfully submitted,

4
                                                    /s/  Francis O. Scarpulla
5                                                      Francis O. Scarpulla

6                                               Francis O. Scarpulla (41059)
                                                Patrick B. Clayton (240191)
7                                               LAW OFFICES OF FRANCIS O. SCARPULLA
                                                456 Montgomery Street, 17th Floor
8                                               San Francisco, CA 94104
                                                Telephone: 415-788-7210
9                                               Facsimile:  415-788-0706
                                                fos@scarpullalaw.com
10                                              pbc@scarpullalaw.com

11                                              Counsel for Indirect-Purchaser Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSE TO LEAD COUNSEL'S OMNIBUS RESPONSE TO
OBJECTIONS TO PROPOSED FEE ALLOCATIONS
Case No. 3:07-cv-5944, MDL No. 1917

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing **RESPONSE TO LEAD COUNSEL'S OMNIBUS RESPONSE TO OBJECTIONS TO PROPOSED FEE ALLOCATIONS; OBJECTION TO LEAD COUNSEL'S UNTIMELY FILINGS; NON-CONSENT TO LEAD COUNSEL'S REQUEST FOR *EX PARTE* COMMUNICATIONS** was filed *via* CM/ECF on September 23, 2016, and as a result has been served on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Francis O. Scarpulla
Francis O. Scarpulla

RESPONSE TO LEAD COUNSEL'S OMNIBUS RESPONSE TO
OBJECTIONS TO PROPOSED FEE ALLOCATIONS
Case No. 3:07-cv-5944, MDL No. 1917