1  JOSEF D. COOPER (53015)
   TRACY R. KIRKHAM (69912)
2  JOHN D. BOGDANOV (215830)
   COOPER & KIRKHAM, P.C.
3  357 Tehama Street, Second Floor
   San Francisco, CA  94103
4  Telephone:  (415) 788-3030
   Facsimile:  (415) 882-7040
5  jdc@coopkirk.com
   trk@coopkirk.com
6  jdb@coopkirk.com

7

8  *Counsel for Class Representative Steven Ganz*
   *And Indirect Purchaser Plaintiffs*

9

10

11              **UNITED STATES DISTRICT COURT**

12              **NORTHERN DISTRICT OF CALIFORNIA**

13                  **SAN FRANCISCO DIVISION**

14

| In re:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION. | **Master File No. 3:07-cv-5944 JST** |
|---|---|
|  | **MDL No. 1917** |
| This Document Relates to: All Indirect-Purchaser Actions | **MOTION TO STRIKE DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF LEAD COUNSEL'S OMNIBUS RESPONSE TO OBJECTIONS TO PROPOSED ALLOCATION OF AGGREGATE FEE AWARD TO INDIRECT PURCHASER PLAINTIFFS' COUNSEL** |
|  | Judge: Honorable Jon S. Tigar |
|  | Before: Special Master Martin Quinn, JAMS |

---

MOTION TO STRIKE DECLARATION OF                      Master File No. 3:07-cv-5944 JST
MARIO N. ALIOTO                                      MDL 1917

1  Pursuant to Rules 602 and 802, Federal Rules of Evidence, Cooper & Kirkham, P.C., ("C&K") move to strike paragraphs 22 through 25, the first sentence of paragraph 26, paragraph 28, paragraph 30, and paragraphs 34 through 37 of the "Declaration of Mario N. Alioto in Support of Lead Counsel's Omnibus Response to Objections to Proposed Allocation of Aggregate Fee Award to Indirect Purchaser Plaintiffs' Counsel," filed September 17, 2016 ("Declaration" Dkt. 4853-1).  The purported statements of fact contained in those paragraphs are inadmissible because they lack the required showing that such matters are within Mr. Alioto's personal knowledge and are not something that he has been told by someone else.

Rule 602, Federal Rules of Evidence, provides: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."   Rule 802 provides that "[h]earsay is not admissible" unless a federal statute, the rules of evidence or other rules prescribed by the Supreme Court create an exception.  Rule 801 defines hearsay as "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."  Thus, anything that Lead Counsel heard about from Ms. Capurro, any of the defense counsel or any other person that is contained in his declaration is not within his personal knowledge and is hearsay.

As to those paragraphs relevant to Lead Counsel's claims about C&K's involvement in the case, Mr. Alioto makes absolutely no attempt to demonstrate that he is competent to testify, and provides nothing to demonstrate that he has any personal knowledge of the matters to which he is testifying.  He never says how he knows, or from whom he learned that "Cooper was involved in repeated efforts to undermine IPP Counsel's efforts . . . [which] unquestionably had a serious [but unspecified] negative effect on the settlement negotiations."  Declaration, ¶22.  He never says how or how he knows that "beginning in 2012, along with Scarpulla, Cooper involved himself in the dispute with Philips over its settlement with the California AG."  Id. ¶23.  Likewise, there are no facts from which one can conclude that Mr. Alioto has personal knowledge that Mr. Cooper "formulate[d] a settlement demand on Philips in mid-2013," or why he should be able to testify to

MOTION TO STRIKE DECLARATION OF         - 1 -         Master File No. 3:07-cv-5944 JST
MARIO N. ALIOTO                                                       MDL 1917

1  the motivation behind Mr. Bogdanov's April 30, 2013 email.  Id. ¶24.  Similarly, the record is
2  devoid of any basis from which to conclude that Mr. Alioto is competent to testify that Mr. Cooper
3  "contacted Judge Walker at some point in 2014 to complain about Lead Counsel's handling of the
4  case."  Id. ¶25.  He admits that his "belief" that Mr. Cooper accused him to Judge Walker of being
5  uncooperative with the California AG and overvaluing the case are based on things said by Mr.
6  Scarpulla and Mr. Varanini in August 2014, which statements are obviously hearsay as to Mr.
7  Cooper.  Ibid.  Therefore, unless, Mr. Alioto's statement is being offered solely as to his state of
8  mind (and bias towards C&K) and not to prove Mr. Cooper's actions, it is inadmissible.
9        Similarly, Lead Counsel never once claims to have been a participant in any exchange,
10 written or oral, with Mr. Bogdanov as to the matters set forth in paragraphs 34 through 37.
11 Indeed, at the beginning of Lead Counsel's testimony about Mr. Bogdanov, he specifically states
12 that he is testifying to matters that he "is informed and believe[s]" happened.  He then proceeds to
13 spew rank hearsay (not to mention, pure fabrication).   Most of his statements concern matters that
14 would be in the personal knowledge of Lauren Capurro, who although alive, well, residing in this
15 judicial district and employed by Mr. Alioto, is conspicuously silent.
16       Rule 56, F.R.Civ.P., although specifically directed to evidence offered by way of
17 declaration in summary judgment proceedings, gives examples of the means by which a factual
18 assertion in a declaration can be supported which are instructive here.  Rule 56 looks to whether in
19 addition to "facts that would be admissible in evidence and show that the affiant or declarant is
20 competent to testify on the matters stated," the proposed evidence is supported by citations "to
21 particular parts of materials in the record, including . . . documents."  Lead Counsel's declaration
22 fails totally to even approach this standard for credibility.
23       Not only is the total lack of specificity as to any of the circumstances surrounding the
24 matters in these paragraphs fatal to the admissibility of Lead Counsel's testimony, the complete
25 absence of any contemporaneous documentation reflecting these alleged events, if they were true,
26 would be nothing short of astounding.  Lead Counsel does not offer one single corroborating
27 contemporaneous shred of evidence.  Rather, he apparently expects the Special Master to believe
28

MOTION TO STRIKE DECLARATION OF            - 2 -          Master File No. 3:07-cv-5944 JST
MARIO N. ALIOTO                                            MDL 1917

Case 4:07-cv-05944-JST   Document 4874   Filed 09/23/16   Page 4 of 4

1  that although aware since 2012 that Mr. Cooper was engaging in unauthorized and obstructionist
2  actions that were damaging to the interests of the class, Lead Counsel never saw fit to warn him to
3  desist.   Similarly, as to Mr. Bogdanov, there was a lawyer with major responsibilities for
4  discovery against one of the primary defendants, who from the earliest meet and confer stage of
5  the proceedings in 2010, repeatedly produced substandard work, but was never informed of this in
6  writing, nor removed from his position of responsibility.  Likewise, we are to believe that this
7  same lawyer, an associate whose supervising partners were well known to Lead Counsel, was
8  explicitly asked to take Rule 30(b)(6) and merits depositions, repeatedly refused, and yet not one
9  time record or email exists that evidences how or when either the request or the refusal were made,
10 or that a complaint about this lack of cooperation was conveyed to that lawyer or to his employer.
11 Paragraphs 22 through 25, the first sentence of paragraph 26, paragraph 28, paragraph 30, and
12 paragraphs 34 through 37 of Lead Counsel's declaration should be stricken from the record as
13 inadmissible under Rules 602 and 802 of the Federal Rules of Evidence.

Dated: September 21, 2016                    Respectfully submitted,

                                              /s/ Josef D. Cooper
                                                 Josef D. Cooper

                                             Josef D. Cooper (53015)
                                             Tracy R. Kirkham (69912)
                                             John D. Bogdanov (215830)
                                             COOPER & KIRKHAM, P.C.
                                             357 Tehama Street, Second Floor
                                             San Francisco, CA 94103
                                             Telephone: (415) 788-3030
                                             Facsimile: (415) 882-7040
                                             Email:  jdc@coopkirk.com

MOTION TO STRIKE DECLARATION OF          - 3 -       Master File No. 3:07-cv-5944 JST
MARIO N. ALIOTO                                      MDL 1917