KIRBY McINERNEY LLP
Robert J. Gralewski, Jr. (196410)
600 B Street, Suite 1900
San Diego, CA 92101
Tel: (619) 398-4340
bgralewski@kmllp.com

and

Daniel Hume
825 3rd Avenue
New York, NY 10022
Tel: (212) 371-6600
dhume@kmllp.com

*Counsel for Class Representatives*
*Kerry Lee Hall, Daniel Riebow, and the*
*Certified Class of Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br>All Indirect Purchaser Actions | Case No. CV-07-5944-JST<br>MDL No. 1917<br><br>**CLASS ACTION**<br><br>**DECLARATION OF ROBERT J. GRALEWSKI, JR. IN SUPPORT OF KIRBY McINERNEY LLP'S RESPONSE TO LEAD COUNSEL'S OMNIBUS RESPONSE TO OBJECTIONS TO PROPOSED ALLOCATION OF AGGREGATE FEE AWARD TO INDIRECT PURCHASER PLAINTIFFS' COUNSEL**<br><br>Court: JAMS<br>Special Master: Martin Quinn, JAMS<br>Judge: Honorable Jon S. Tigar |

I, Robert J. Gralewski, Jr., declare as follows:

1. I am an attorney licensed to practice before all state and federal courts in the state of California, and I am a partner in the law firm Kirby McInerney LLP ("KM"). I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to them. I make this declaration in support of my firm's Response to Lead Counsel's Omnibus Response to Objections to Proposed Allocation of Aggregate Fee Award to Indirect Purchaser Plaintiffs' Counsel ("KM's Response").

2. To the extent not otherwise supported, all factual assertions made in KM's Response are truthful and accurate and are based on contemporaneous email communications with Lead Counsel and others. KM consents to share all of these emails with the Special Master on an *in camera* basis if requested.

3. In connection with the class certification proceedings in this case, I worked closely with Indirect Purchaser Plaintiffs' expert on developing ways to determine how to identify the manufacturers of the CRTs inside of products at issue, whether still in one's possession or not.

4. KM's Japanese speaking lawyers Akiko Kikuchi and Sawaka Nagano played an important role in the CRT case. It is my understanding based on my involvement in the CRT case and due diligence that I performed in connection with KM's Objection to Lead Counsel's Proposed Allocation of Aggregate Fee Award to Indirect Purchaser Plaintiffs' Counsel that both Ms. Kikuchi and then Ms. Nagano worked closely with Nathan Cihlar, who, with the assistance of Shinae Kim-Helms, led the team of Korean, Japanese, and Chinese lawyers. In connection with this work, Mr. Cihlar gave Ms. Kikuchi supervisory responsibilities that included overseeing the collection of evidence and other information from other Japanese reviewers on the foreign language team and summarizing the progress of all of the Japanese reviewers. After Ms. Kikuchi left KM, Ms. Nagano replaced her on the foreign language team. Because of her superior Japanese language ability and her quick grasp of the case, Ms. Nagano was tasked with higher level assignments such

as helping with transliteration for objection responses and serving as a check translator for depositions.

5. Before any discussion about implementing a rate cap (which I believe first occurred in August 2015), I reached out to Lauren Capurro in mid-July 2015 about how to categorize document review time in connection with deposition preparation. Initially I had instructed my staff to categorize such time as "Deposition Preparation" because I thought that was most accurate. Ms. Capurro subsequently informed me that any Tier 1 reviewer who was reviewing documents in connection with deposition preparation should have their time categorized as "Document Review." She also informed me that if an attorney was running searches and writing memoranda in connection with preparing for a deposition, then that time should be categorized as "Deposition Preparation." After receiving these instructions, we carefully reevaluated all of William Harris' and Karina Kosharskyy's time entries and re-categorized all of their time consistent with Ms. Capurro's instructions. Indeed, in an email to Ms. Capurro on July 22, 2015, I indicated that we were categorizing our time consistent with her instructions. Thereafter, when LC instituted the rate cap in I believe August 2015, all of Mr. Harris' and Ms. Kosharskyy's document review time done in connection with deposition preparation was automatically capped at $350.

Dated: September 23, 2016              Respectfully submitted,

                                        /s/ Robert J. Gralewski, Jr.