# Exhibit 13

**SAVERI & SAVERI, INC.**
706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

December 18, 2014

Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111

   Re: *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917,
      Case No. 14-cv-2058-SC

     *CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER*

Your Honor:

  **I.**  **Introduction**

  Direct Purchaser Plaintiffs ("DPPs") respectfully submit this motion to compel Defendants Mitsubishi Electric Corporation ("MELCO"), Mitsubishi Electric US, Inc. ("MEUS") and Mitsubishi Electric Visual Solutions America, Inc. ("MEVSA") (together, "Mitsubishi") to supplement their answers to interrogatories, as detailed below. This letter is supported by the accompanying Declaration of R. Alexander Saveri In Support of Motion to Compel Supplemental Responses ("Saveri Decl.").

  Mitsubishi's responses to DPPs' discovery requests have been consistently deficient and have impeded DPPs' efforts to move the case forward. This motion deals only with Mitsubishi's failure to provide a promised supplementation of certain of its interrogatory responses by November 18, 2014. Specifically, Mitsubishi did not even purport to supplement its interrogatory responses until December 10, 2014, and even then, served responses which were missing the information promised. Mitsubishi's failure to provide the promised information, moreover, undermined DPPs' ability to fully and completely examine two Mitsubishi employees during their depositions.

  DPPs seek an order 1) compelling Mitsubishi to serve Exhibits A and B to its supplemental interrogatory responses by January 7, 2015; 2) compelling Mitsubishi serve complete supplemental response to Interrogatory No. 12 by January 7, 2015; and 3) ordering Mitsubishi to make deponents Messrs. Koji Murata and Masahiko Konishi available for further examination.

  **II.**  **Background.**

  On September 4, 2014 counsel for Direct Purchaser Plaintiff Crago, d/b/a Dash Computers, Inc. served its first set of interrogatories (Saveri Decl., ex. 1) and its first set of requests for production of documents (Saveri Decl., ex. 2) on Mitsubishi and other

Hon. Vaughn R. Walker
12/18/2014
Page 2

defendants in Case No. 14-cv-2058-SC. On October 6, 2014, each Mitsubishi entity served a response to these requests.[1]

DPPs reviewed the responses and identified deficiencies.

First, Mitsubishi failed to provide substantive responses to Interrogatory Nos. 4 and 5, regarding agreements, meetings and communications with competitors during the alleged conspiracy period. Mitsubishi stated simply:



These interrogatories go to the very heart of this case—i.e., conspiratorial communications and meetings – and have been answered in detail by other conspirators. ███████████████████████████████████████████████████████████████ Saveri Decl., ex. 10.

Second, Mitsubishi failed to provide meaningful responses to Interrogatory No. 12 seeking information about its total sales of CRTs and/or CRT Products. Again, Mitsubishi stated that it "has not completed its investigation of the facts responsive to this Interrogatory," and provided no substantive information.

DPPs organized a teleconference with counsel for Mitsubishi on November 11, 2014 to meet and confer regarding these (and other) issues. Saveri Decl., ¶ 2. As a result of this conference, DPPs and Mitsubishi agreed, *inter alia*, to the following, memorialized by a letter sent on November 14, 2014 (Saveri Decl., ex. 11):

- Mitsubishi agreed to provide supplemental answers to Interrogatory Nos. 4 and 5 by November 18, 2014; and
- Mitsubishi agreed to provide more information "soon, possibly within a week" as to when it could provide a complete answer to Interrogatory No. 12, regarding its sales of CRTs and CRT Products.

This agreement was made in the context of negotiations about the date and location of depositions of Mitsubishi employees which the parties anticipated occurring in December. DPPs needed the information sought by the interrogatories in advance of the upcoming depositions.

---

[1] Their responses are attached to the Saveri Decl., as exhibits 3 through 8. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████ .

**CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER**

Mitsubishi failed to serve supplemental responses by November 18, 2014 as agreed. Counsel for DPPs followed up by email on November 19, asking when DPPs would receive the promised responses. Saveri Decl., ex. 12. Mitsubishi did not reply to this inquiry. DPPs also followed up regarding this matter in telephone conferences with counsel for Mitsubishi. Saveri Decl., ¶ 3. During the week of December 1, Mitsubishi informed DPPs that the supplemental responses "with more information" were forthcoming. Saveri Decl., ¶ 4, ex. 13. On December 5, the next date by which Mitsubishi had promised its supplemental responses, its counsel stated that they had been sent to Mitsubishi for approval and verification, and "I hope we will get a quick response [s]o we can send them to you ASAP." Saveri Decl., ex. 13.

Finally, on December 10, 2014, a single Mitsubishi entity—MELCO—emailed a supplemental response. This was three weeks after the date promised, after the completion of the DPP-noticed deposition of Mr. Koji Murata, and the first day of the DPP-noticed deposition of Mr. Masahiko Konishi, both Mitsubishi employees. Mr. Kenzaburo Hara, on behalf of Mitsubishi, verified the supplemental response. Saveri Decl., ex. 12.



The supplemental response, however, despite its verification, contains no Exhibit B.

Second, the supplemental response to Interrogatory No. 12 also contains no additional substantive information.



Counsel for DPPs immediately notified Mitsubishi of the missing exhibits. Counsel for Mitsubishi replied the following day, December 11—the second day of Mr. Konishi's deposition—that "[w]e are looking into this and will get back to you on it as soon as possible." Saveri Decl., ex. 13.

**CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER**

Hon. Vaughn R. Walker
12/18/2014
Page 4

Since then, DPPs have had no further communication from Mitsubishi regarding this issue, and have not been served with Exhibit A or B. Saveri Decl., ¶ 5.

Fourth, only one Mitsubishi entity, MELCO, has supplemented its interrogatory responses as promised. DPPs continue to wait for verified, supplemental responses from MEUS and MEVSA.

### III.    Relief Sought

Mitsubishi's failure to timely provide its promised supplemental responses is improper and has frustrated DPPs' prosecution of this action. Among other things, DPPs have had to depose two Mitsubishi witnesses without the benefit of complete discovery responses. For example, it would have been helpful to have these exhibits for Mr. Konishi's deposition, given—as one of Mitsubishi's 30(b)(6) witnesses testified—he participated in their preparation.[3]

Plaintiffs respectfully request that the Court order that by January 7, 2015: 1) Mitsubishi provide Exhibits A and B to their supplemental responses to DPPs; and 2) Mitsubishi provide a full and complete response to Interrogatory No. 12 to DPPs. In addition, DPPs request that the Court order that DPPs may examine Messrs. Murata and Konishi regarding information Mitsubishi has been ordered to provide, as well as reopen any deposition for which there is new information.

Yours sincerely,

/s/ R. Alexander Saveri
R. Alexander Saveri
Interim Lead Counsel for the
Direct Purchaser Plaintiffs

---

[3] A Mitsubishi 30(b)(6) witness, Mr. Hitoshi Tsukamoto, testified that he interviewed Mr. Konishi to confirm meetings with competitors for Mitsubishi's interrogatory responses to the DAPs, marked as deposition Exhibit 6120 (Saveri Decl., ex. 14). Saveri Decl., ex. 15.

**CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER**