JOSEF D. COOPER (53015)
TRACY R. KIRKHAM (69912)
JOHN D. BOGDANOV (215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA  94103
Telephone:  (415) 788-3030
Facsimile:  (415) 882-7040
jdc@coopkirk.com
trk@coopkirk.com
jdb@coopkirk.com

*Counsel for Class Representative Steven Ganz
And Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | **Master File No. 3:07-cv-5944 JST** |
| | **MDL No. 1917** |
| This Document Relates to: | **SECOND DECLARATION OF JOHN D. BOGDANOV IN SUPPORT OF COOPER & KIRKHAM, P.C.'S OBJECTION TO LEAD COUNSEL'S REVISED PROPOSED ALLOCATION OF AGGREGATE FEE AWARD TO INDIRECT PURCHASER PLAINTIFFS' COUNSEL** |
| All Indirect-Purchaser Actions | |
| | Judge:  Honorable Jon S. Tigar |
| | Before:  Special Master Martin Quinn |

I, John D. Bogdanov, declare as follows:

1.      I am a member in good standing of the State Bar of California.  I am a partner in Cooper & Kirkham, P.C.  I have personal knowledge of the facts stated in this Declaration and, if called as a witness, I could and would testify competently to them.  I make this Declaration in support of the Objection of Cooper & Kirkham, P.C. to Lead Counsel's Revised Proposed Allocation of Aggregate Fee Award to Indirect Purchaser Plaintiffs' Counsel.

2.      I incorporate by reference as if fully set forth herein, the description of my work in this case from the Declaration of Josef D. Cooper in Support of Plaintiffs' Application for Attorneys' Fees, Expenses and Incentive Awards (Dkt. 4073-6).

3.      Not one minute of my time submitted to Lead Counsel in this matter was questioned or cut.

4.      I never received any communication from Lead Counsel questioning or criticizing the quality of my work, or informing me that my hours or work assignments were being reduced because of the poor quality of my work.

5.      I never declined to take a series of depositions, nor did I ever decline to take any particular deposition.

6.      I never received any communication from Lead Counsel questioning why I had declined to take depositions, or reprimanding me for declining to take either a series of depositions, or declining to take any particular deposition.

7.      I never received any communication from Lead Counsel that my hours or work assignments were being reduced because I declined to take one or more depositions.

8.      Attached as Exhibits to this Declaration are redacted emails or email strings which I sent or received in the ordinary course of business.  Information which has been redacted is not being relied upon for this Objection, but rather is redacted to protect confidential attorney work product or limit the introduction of superfluous matters into the record.

9.      On June 21, 2012, I was informed that Judith Zahid was going to take the Philips 30(b)(6) deposition.  Attached hereto as Exhibit A is a true and correct copy of a partially redacted

SECOND DECLARATION OF JOHN D. BOGDANOV                    - 1 -                    Master File No. 3:07-cv-5944 JST MDL 1917

1  email from Lauren Capurro to Judith Zahid and me dated June 21, 2012 which I received in the

2  ordinary course of business.  I was never requested by Lead Counsel to take the Philips 30(b)(6)

3  deposition.

4        10.     As of June 21, 2012, no deposition date had been set for the Philips 30(b)(6)

5  deposition.  Attached hereto as Exhibit B is a true and correct copy of a partially redacted email

6  string dated on or about July 16, 2012 sent and received by me in the ordinary course of business.

7        11.     The Philips 30(b)(6) deposition took place in Washington, D.C., on July 31-August

8  1, 2012.  Sometime prior to the Philips 30(b)(6) deposition while I was assisting Ms. Zahid with

9  her preparation, Ms. Capurro informed us that she would be unable to appear at the deposition as

10  second-chair.  I appeared at the deposition as second-chair in her place.

11        12.     On April 9, 2013, I was informed that Mario Alioto had selected Diane Pritchard to

12  take the merits depositions for both Philips and LGE.  Attached as Exhibit C is a true and correct

13  copy of a partially redacted email string dated on or about April 9, 2013 sent and received by me

14  in the ordinary course of business.  I was never asked to take any merits depositions for either

15  Philips or LGE.

16        13.     Ms. Pritchard appeared at two LGE depositions in July 2013 – Pil Jae Lee and Jin

17  Kang Jung.  Attached as Exhibit D is a true and correct copy of an excerpt of the transcript of the

18  Deposition of Pil Jae Lee, Vol. 1, dated July 16, 2013.  Attached as Exhibit E is a true and correct

19  copy of an excerpt of the transcript of the Deposition of Jin Kang Jung, Vol. 1, dated July 19,

20  2013.

21        14.     The first Philips merits deposition did not take place until December 12-13, 2013 in

22  Newcastle, England, at which I appeared as second-chair.

23        15.     I appeared at all of the Philips merits depositions (and one LGE deposition) as

24  second-chair, except the deposition of Jan de Lombaerde.

25        16.     As Philips Team Leader, my responsibilities were not limited to a Philips

26  "universe."  This matter is a conspiracy case.  Thus, I spent a great deal of time culling

27  information and developing an independent knowledge base pertaining to defendant groups other

28

than Philips and LPD where such information was likely to be found, including other defendants' document productions, custodian lists, foreign language documents, deposition transcripts, briefing, and directly from colleagues, in order to benefit the prosecution of Philips/LPD, as well as the overall IPP effort.  I reciprocated whenever I could such that my work product generated while prosecuting Philips/LPD benefited the prosecution of the other defendant groups in this action.

17.    I believe that my aptitude in coordinating both the facts of the case and my history of positive interaction with colleagues from other defendant groups was a key factor in being selected to work on trial preparation.  This work began when I was selected by Lead Counsel as one of six attorneys from the entire case entrusted with working together to develop a list of potential trial exhibits to be sent to the defendants for stipulated authentication in July 2014, and continued forward in various iterations throughout the year.  *See, e.g.,* Dkt. 4821-2, Ex. 25, 27, 28, 29, 33, 34, 38, 41.

18.    This broad-based knowledge was not only crucial to effective deposition preparation strategy and execution, but was particularly beneficial during the depositions to which I was assigned to appear as second-chair.  Along with Ms. Pritchard, I worked closely with the deposition examiners from the Direct Action Plaintiffs and California Attorney General during the depositions to maximize IPPs interests, including steering questioning during the examination.  In addition, I participated in prep sessions both before and during the deposition with Ms. Pritchard, Direct Action Plaintiffs, and the California Attorney General, assisting as a ready reference for all parties, to the benefit of IPPs.

19.    In sum, I performed the penultimate evidence management functions for Philips deposition preparation and at the depositions at which I appeared.  I was the final gatekeeper over the universe of documents from which deposition exhibits would eventually be selected for introduction at the deposition, including the responsibility for procuring foreign language documents from the foreign language team, as well as generating and otherwise acting as trustee of the exhibits themselves.

20.     During my experience working on this case and in other antitrust actions, I have found that each defendant and defense firm has a unique culture.  In *CRT,* Baker Botts, counsel for Philips, put up a formidable defense of their client in terms of their tenacity to thwart IPPs' efforts. Though this is to be expected in complex litigation such as this, Baker Botts was particularly challenging – so much so, that on January 13, 2014, Ms. Capurro indicated in an email that she did not want to do Baker Botts "any favors since *they have been very uncooperative in every aspect of this case to date*, not least in scheduling these depositions."  (Emphasis added.)  Attached as Exhibit F is a true and correct copy of a partially redacted email dated January 13, 2014 received in the ordinary course of business.  *See also* Dkt. 4821-2, Ex. 19 (noting "Philips' recalcitrance during our custodian negotiations and that fact that we obviously couldn't trust their representations ….").

21.     On April 5, 2013, I attended a preliminary approval hearing for settlements with Chunghwa and Philips in *The State of California, et al. v. Chunghwa Picture Tubes, et al.,* San Francisco Superior Court Case No. CGC-11-515786 ("*California v. Chunghwa*") at which Judith Zahid of Zelle Hoffman and I discussed Philips issues with Kathleen Foote, Senior Assistant Attorney General of California.  After the hearing, I suggested to Ms. Zahid that members of her firm and my firm could get together in the following week or so to utilize a window of opportunity for a potential settlement with Philips.  I never attended such a meeting and am not aware that one took place.

22.     On April 29, 2013, I attended the IPP class certification hearing before Special Master Quinn at JAMS.  Immediately after the hearing, I recall having a short conversation with Craig Corbitt of Zelle.  On April 30, 2013, Mr. Corbitt wrote an email confirming that there was a meet and confer with the California Attorney General regarding the notice of the Philips settlement in California Superior Court.  Mr. Corbitt then noted out of the blue that Ms. Capurro did not agree with me that we have no good evidence against Philips.

23.     It was never my position that we had no good evidence against Philips, and I am not certain why Mr. Corbitt characterized my opinion in that manner.

24.     In order to correct Mr. Corbitt's misunderstanding of my viewpoint, I wrote the April 30, 2013 email referenced in the Alioto Declaration (Dkt. 4853-1), ¶24, and sent it to Mr. Corbitt.  I did not forward my email to anyone.  Mr. Corbitt forwarded my email to Lead Counsel and Ms. Capurro responded.  Mr. Corbitt never advised me that he was going to send my email to Lead Counsel.

25.     My firm has served and continues to serve with Zelle in *In re Automobile Antitrust Cases I & II*, J.C.C.P. Nos. 4298, 4303 (San Francisco Sup. Ct.) where a similar issue existed concerning imputed liability.  My April 30, 2013 email was merely a snapshot of one of the issues concerning evidence regarding Philips which was intended to be consumed by an insular group of recipients specifically familiar with the facts of *Automobile Antitrust Cases* regarding the Nissan defendants.  It was not intended to be a full assessment of either all of the evidence, or all potential issues regarding Philips' liability in *CRT*.  Attached as Exhibit G is the true and correct copy of the partially redacted email string dated on or about May 2, 2013 sent and received by me in the ordinary course of business.

26.     I billed 11.9 total hours in the *CRT* Time and Lodestar Summary "Settlement" category during the duration of the case.  I never formulated a settlement demand on Philips, nor advocated for any specific settlement amount for Philips to anyone.

27.     On August 29, 2013, Lead Counsel contacted me and requested that our client Steven Ganz, one of the California class representatives, object to the settlement in *The State of California, et al. v. Chunghwa Picture Tubes, et al.,* San Francisco Superior Court Case No. CGC-11-515786.  This required that Mr. Ganz sign and that I mail an original objection form by September 6, 2013.  On September 3, 2013, Sylvie Kern requested an update from me on the status of obtaining Mr. Ganz's signature on the objection form and that Mr. Ganz mail it right away.  On September 4, around noon, Ms. Capurro emailed that she was "sorry to be changing things up at the last minute" but Lead Counsel instead wanted Mr. Ganz to opt out of the settlement on behalf of himself and California class members, rather than object.  *See* Dkt. 4821-2, Ex. 18.  Mr. Ganz was requested to review, complete, sign and return an original of the opt-out by

September 6. I advised Lead Counsel that beginning at sundown on September 5 it was Rosh Hashanah, which could effect the logistics of getting Mr. Ganz's signature. Nevertheless, Mr. Ganz was willing to meet me late in the afternoon on September 5, sign the form, and I was able to messenger the document Ms. Capurro that day.

28. On June 9, 2015, I emailed a copy of IPPs' Motion for Preliminary Approval of the Settlements with Philips, Panasonic, Hitachi, Toshiba and Samsung SDI Defendants (Dkt. 3861) to Steven Ganz pursuant to Lead Counsel's request. There is nothing in this document describing the plan of distribution pursuant to the Chunghwa Settlement. Attached as Exhibit H is a true and correct copy of the partially redacted email dated June 9, 2015 sent in the ordinary course of business. At that time, I was not aware that the settlement class set forth in the Chunghwa settlement included resellers.

29. By 2014, Philips depositions were in full swing and my focus was either appearing at depositions as second-chair, preparing for depositions that were already set, preparing for depositions that were to take in the near future, or seeking out other potential deponents. That is in addition to other smaller projects that came up without notice. I understand that Brian Umpierre, who was co-team leader for Philips after October 2013, worked on supporting the project related to adding the Philips Taiwan and Brazil entities into the case. Though I was not asked by Lead Counsel to participate in this briefing, I had already provided work product in support of the effort and provided further information where needed. Attached as Exhibit I is a true and correct partially redacted email string dated February 26, 2014 received in the ordinary course of business.

30. At the end of 2014, responsibility for briefing summary judgment motions was divided up between IPPs and the DAPs. There were two related Philips summary judgment motions with which I was involved; IPPs responded to these in one omnibus document. Dell took ultimate control of the briefing and filed the Philips opposition. I did contribute to evidentiary citations for the opposition, which are crucial to overcome any motion for summary judgment, and helped edit the statement of facts. I was not asked to brief other summary judgment oppositions.

But I was asked to continue helping to finalize IPPs trial exhibit list and deposition designations, which did not allow me to participate more fully.  *See* Dkt. 4821-2, Ex. 39.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 23rd day of September, 2016, in San Francisco, California.

 /s/ John D. Bogdanov
John D. Bogdanov

# EXHIBIT A

**John Bogdanov**

| | |
|---|---|
| **From:** | Lauren Russell <LaurenRussell@tatp.com> |
| **Sent:** | Thursday, June 21, 2012 1:25 PM |
| **To:** | John Bogdanov; Judith Zahid |
| **Cc:** | laurenrussell@tatp.com |
| **Subject:** | CRT/Philips 30b6 |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Hi John,

Judith has very kindly agreed to help us with the Philips 30b6. She will first chair the deposition for the indirects and I will second chair (I don't think the directs can ask questions due to their settlement with Philips). Can you please send Judith all of the info on the Philips 30b6, e.g. our most recent letter and pared down list of topics, the Philips letter objecting to the topics and the April agreement on finished product custodians ████████████████████████ ████████████  She will also need the list of specific questions from ApplEcon, and you should start sending her the documents you and the team are finding so she can start reviewing those now.



Best,

Lauren

Lauren C. Russell
Attorney at Law
Trump, Alioto, Trump & Prescott, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: laurenrussell@tatp.com

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by e-mail and delete the message and any attachments.

# EXHIBIT B

## John Bogdanov

| | |
|---|---|
| **From:** | Lauren Russell <LaurenRussell@tatp.com> |
| **Sent:** | Monday, July 16, 2012 6:08 PM |
| **To:** | John Bogdanov |
| **Cc:** | 'Judith Zahid'; Mario N. Alioto; laurenrussell@tatp.com |
| **Subject:** | RE: CRT - Philips |

Hi John,



Also, did you agree to a date/location for the deposition?

Best,

Lauren

p.s. we need to get the potential depo exhibits together and, if necessary, send stuff off for translation ASAP.

**From:** John Bogdanov [mailto:jdb@coopkirk.com]
**Sent:** Monday, July 16, 2012 10:09 AM
**To:** LaurenRussell@tatp.com
**Cc:** Judith Zahid (JZahid@zelle.com)
**Subject:** RE: CRT - Philips

Hi Lauren,

As I mentioned last week, it looks like we are very close to agreeing on topics with Philips and otherwise agreed to go forward during the week of 7/30 beginning any day except that Monday.



**From:** eric.berman@bakerbotts.com [mailto:eric.berman@bakerbotts.com]
**Sent:** Thursday, July 12, 2012 12:12 PM
**To:** John Bogdanov; john.taladay@bakerbotts.com
**Cc:** david.emanuelson@bakerbotts.com; charles.malaise@bakerbotts.com; Liz.Brady@myfloridalegal.com; Nicholas.Weilhammer@myfloridalegal.com; LaurenRussell@tatp.com
**Subject:** RE: CRT - Philips

**From:** John Bogdanov [mailto:jdb@coopkirk.com]
**Sent:** Wednesday, July 11, 2012 2:54 PM
**To:** Taladay, John
**Cc:** Berman, Eric; Emanuelson, David; Malaise, Charles; Liz.Brady@myfloridalegal.com; Nicholas.Weilhammer@myfloridalegal.com; LaurenRussell@tatp.com
**Subject:** RE: CRT - Philips



**From:** john.taladay@bakerbotts.com [mailto:john.taladay@bakerbotts.com]
**Sent:** Wednesday, July 11, 2012 10:54 AM
**To:** John Bogdanov
**Cc:** eric.berman@bakerbotts.com; david.emanuelson@bakerbotts.com; charles.malaise@bakerbotts.com;
Liz.Brady@myfloridalegal.com; Nicholas.Weilhammer@myfloridalegal.com; LaurenRussell@tatp.com
**Subject:** RE: CRT - Philips

**From:** John Bogdanov [mailto:jdb@coopkirk.com]
**Sent:** Wednesday, July 11, 2012 1:29 PM
**To:** Taladay, John
**Cc:** Berman, Eric; Emanuelson, David; Malaise, Charles; Liz.Brady@myfloridalegal.com;
Nicholas.Weilhammer@myfloridalegal.com; LaurenRussell@tatp.com
**Subject:** CRT - Philips



John D. Bogdanov
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: 415-788-3030, Ext. 307
Facsimile: 415-882-7040
email:  jdb@coopkirk.com

The information in this e-mail is confidential and may contain attorney-client privileged information and/or attorney work product and is intended solely for the addressee(s). Access to this email by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution, or any use or reliance on any information contained herein is strictly prohibited. If you have received this message in error, please notify the sender immediately and delete it.

**Confidentiality Notice:** The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

EXHIBIT C

## John Bogdanov

| | |
|---|---|
| **From:** | Lauren Capurro (Russell) <LaurenRussell@tatp.com> |
| **Sent:** | Tuesday, April 09, 2013 4:58 PM |
| **To:** | John Bogdanov |
| **Cc:** | ncihlar@straus-boies.com |
| **Subject:** | RE: CRT/Deposition Preparation Coding Manual + Team Status |
| **Attachments:** | Shinichi Iwamoto Background Memo 10.10.12.doc; Ki Song Cho Background Memo_ 11022012 Update.doc; KS Cho_Master.docx |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Hi John,



In addition, Mario has found someone to take the Philips and LGE depositions for IPPs. Her name is Diane Pritchard—she is a very senior attorney with over 30 years' experience, and is an accomplished trial lawyer. I will send an email shortly introducing you & Brian to Diane and asking you to send her your discovery materials/memos – much the same way as we did with the DAPs. Although I'm not sure that Diane will want/need all of the meet and confer correspondence etc. I will ask her first. Once Diane is up to speed, we can get her input on who to depose etc.

Talk to you tomorrow.

Best,

Lauren

Lauren C. Capurro (Russell)
Attorney at Law
Trump, Alioto, Trump & Prescott, LLP
2280 Union Street
San Francisco, CA 94123
Tel: (415) 563-7200
Fax: (415) 346-0679
E-mail: laurenrussell@tatp.com

This message is sent my a law firm and may contain information that is privileged or confidential.  If you received this transmission in error, please notify the sender by email and delete the message and any attachments.

**From:** John Bogdanov [mailto:jdb@coopkirk.com]
**Sent:** Monday, April 08, 2013 1:37 PM
**To:** Lauren Capurro (Russell)
**Subject:** RE: CRT/Deposition Preparation Coding Manual + Team Status

Lauren,

Here is the memo.



Thanks,
John

**From:** Lauren Capurro (Russell) [mailto:LaurenRussell@tatp.com]
**Sent:** Monday, April 08, 2013 12:28 PM
**To:** John Bogdanov
**Subject:** RE: CRT/Deposition Preparation Coding Manual + Team Status

Hi John,

Can you please re-send me your memo on the potential Philips deponents?  I've got some reviewers for you.



Lauren

Lauren C. Capurro (Russell)
Attorney at Law
Trump, Alioto, Trump & Prescott, LLP
2280 Union Street
San Francisco, CA 94123
Tel: (415) 563-7200
Fax: (415) 346-0679
E-mail: laurenrussell@tatp.com

This message is sent my a law firm and may contain information that is privileged or confidential.  If you received this transmission in error, please notify the sender by email and delete the message and any attachments.

**From:** John Bogdanov [mailto:jdb@coopkirk.com]
**Sent:** Monday, April 01, 2013 4:56 PM

**To:** Lauren Capurro (Russell)
**Subject:** RE: CRT/Deposition Preparation Coding Manual + Team Status

███████

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

██

---

**From:** Lauren Capurro (Russell) [mailto:LaurenRussell@tatp.com]
**Sent:** Monday, April 01, 2013 2:46 PM
**To:** John Bogdanov
**Subject:** FW: CRT/Deposition Preparation Coding Manual + Team Status

Hi John – please see the message below.  I forgot to update my doc review team leader service list to include you.  Have you been assigned any reviewers to work with you on Philips dep prep?  Thanks.

Lauren

Lauren C. Capurro (Russell)
Attorney at Law
Trump, Alioto, Trump & Prescott, LLP
2280 Union Street
San Francisco, CA 94123
Tel: (415) 563-7200
Fax: (415) 346-0679
E-mail: laurenrussell@tatp.com

This message is sent my a law firm and may contain information that is privileged or confidential.  If you received this transmission in error, please notify the sender by email and delete the message and any attachments.

---

**From:** Lauren Capurro (Russell) [mailto:LaurenRussell@tatp.com]
**Sent:** Monday, April 01, 2013 2:36 PM
**To:** akikuchi@kmllp.com; Bob Gralewski; Brian Cullen (bwc@classcounsel.com); Brian S. Umpierre; dbirkhaeuser@bramsonplutzik.com; Ike Diel; Jennie Lee Anderson; Jennifer Rosenberg; Jessica Moy (jessica.moy@andrusanderson.com); Liz McKenna; Natalie Kabasakalian; ncihlar@straus-boies.com; Shinae Kim-Helms (Skimhelms@straus-boies.com); Sylvie Kern (sylviekern@yahoo.com); Thomas Palumbo (tpalumbo@straus-boies.com)
**Subject:** CRT/Deposition Preparation Coding Manual + Team Status

Hi Everyone,

Attached please find an updated coding manual.  It has been revised for the deposition preparation coding that our teams are currently working on.

As you know, we are working to integrate the DAPs into our doc review.  To that end, I'm reviewing our doc review teams and deciding where best to use the DAP reviewers.  Can you please send me the names of your T1 reviewers so I can update my records and what your team is currently working on?  And please include a candid description of each T1 reviewer's work, i.e., are they putting in enough time + getting through their assigned batches in good time, how is the quality of their work product, anything else of relevance.  Thanks.

Lauren

Lauren C. Capurro (Russell)
Attorney at Law
Trump, Alioto, Trump & Prescott, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: laurenrussell@tatp.com

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by e-mail and delete the message and any attachments.

# EXHIBIT D

HIGHLY CONFIDENTIAL

Page 1

1                UNITED STATES DISTRICT COURT

2              NORTHERN DISTRICT OF CALIFORNIA

3                  SAN FRANCISCO DIVISION

4

5

6    IN RE:  CATHODE RAY TUBE

     (CRT) ANTITRUST LITIGATION     No. 3:07-CV-05944

7    _____/

8

9

10

                    -- HIGHLY CONFIDENTIAL --

11

12

13

14

15       Videotaped deposition of PIL JAE LEE, VOLUME 1,

16       taken at the Hilton Los Cabos Beach & Golf Resort,

17       Transpeninsular Highway, 23447 Cabo San Lucas, Baja

18       California Sur, Mexico commencing at 9:01 A.M.,

19       on Tuesday, July 16, 2013, before Leslie Rockwood,

20       RPR, CSR No. 3462.

21

22

23

24

25

HIGHLY CONFIDENTIAL

Page 2

```
 1   APPEARANCES OF COUNSEL:

 2

 3   FOR BEST BUY:

 4        ROBINS, KAPLAN, MILLER & CIRESI, LLP

 5        BY:  JILL S. CASSELMAN, ESQ.

 6        2049 Century Park East, Suite 3400

 7        Los Angeles, California 90067-3208

 8        (310) 229-5435

 9        jscasselman@rkmc.com

10

11   FOR THE INDIRECT PURCHASER PLAINTIFFS:

12        KIRBY MCINERNEY LLP

13        BY:  ROBERT J. GRALEWSKI, JR., ESQ.

14        600 B Street, Suite 1900

15        San Diego, California 92101

16        (619) 398-4340

17        bgralewski@kmllp.com

18

19        VOGL MEREDITH BURKE, LLP

20        BY:  DIANE E. PRITCHARD, ESQ.

21        456 Montgomery Street, 20th Floor

22        San Francisco, California 94104

23        (415) 398-0200

24        dpritchard@vmbllp.com

25
```

HIGHLY CONFIDENTIAL

Page 3

1  APPEARANCES OF COUNSEL (Continued):

2

3       TRUMP, ALIOTO, TRUMP & PRESCOTT

4       BY:  LAUREN C. CAPURRO, ESQ. (via speakerphone)

5       2280 Union Street

6       San Francisco, California 94123

7       (415) 563-7200

8

9  FOR THE DIRECT PURCHASER PLAINTIFFS:

10       KAPLAN FOX & KILSHEIMER LLP

11       BY:  GARY L. SPECKS, ESQ.

12       423 Sumac Road

13       Highland Park, Illinois 60035

14       (847) 831-1585

15       gspecks@kaplanfox.com

16

17  FOR SEARS & KMART:

18       KENNY NACHWALTER, P.A.

19       BY:  SAMUEL RANDALL, ESQ. (via speakerphone)

20       1100 Miami Center

21       201 South Biscayne Boulevard

22       Miami, Florida 33131

23       (305) 373-1000

24

25

HIGHLY CONFIDENTIAL

Page 4

```
 1    APPEARANCES OF COUNSEL (Continued):

 2

 3    FOR DELL:

 4         ALSTON & BIRD

 5         BY:  MELISSA MAHURIN WHITEHEAD, ESQ.

 6         BY:  MATTHEW D. KENT, ESQ.

 7         One Atlantic Center

 8         1201 West Peachtree Street

 9         Atlanta, Georgia 30309-3424

10         (404) 881-4649 (Ms. Whitehead)

11         (404) 881-7948 (Mr. Kent)

12         melissa.whitehead@alston.com

13         matthew.kent@alston.com

14

15    FOR SHARP:

16         PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

17         BY:  WILLIAM BLAISE WARREN, ESQ.

18         2001 K Street, NW

19         Washington, DC 20006-1047

20         (202) 223-7348

21         bwarren@paulweiss.com

22

23

24

25
```

HIGHLY CONFIDENTIAL

Page 5

1    APPEARANCES OF COUNSEL (Continued):

2    FOR THE STATE OF CALIFORNIA:

3          DEPARTMENT OF JUSTICE

4          OFFICE OF THE ATTORNEY GENERAL

5          BY:  MICHAEL W. JORGENSON, ESQ. (via speakerphone)

6          BY:  BRIAN WANG, ESQ. (via speakerphone)

7          455 Golden Gate Avenue, Suite 11000

8          San Francisco, California 94102-7004

9          (415) 703-5629 (Mr. Jorgenson)

10         michael.jorgenson@doj.ca.gov

11         brian.wang@doj.ca.gov

12

13   FOR THE LG DEFENDANTS AND THE WITNESS:

14         MUNGER, TOLLES & OLSON LLP

15         BY:  WILLIAM D. TEMKO, ESQ.

16         355 South Grand Avenue, 35th Floor

17         Los Angeles, California 90071-1560

18         (213) 683-9266

19         william.temko@mto.com

20

21         BY:  HOJOON HWANG, ESQ.

22         560 Mission Street, 27th Floor

23         San Francisco, California 94105-2907

24         (415) 512-4009

25         hojoon.hwang@mto.com

HIGHLY CONFIDENTIAL

Page 6

1   APPEARANCES OF COUNSEL (Continued):

2

3   FOR PHILIPS:

4        BAKER BOTTS LLP

5        BY:  ERIK T. KOONS, ESQ.

6        The Warner

7        1299 Pennsylvania Avenue, NW

8        Washington, DC 20004-2400

9        (202) 639-7973

10        erik.koons@bakerbotts.com

11

12   FOR PANASONIC:

13        WINSTON & STRAWN LLP

14        BY:  MOLLY M. DONOVAN, ESQ.

15        200 Park Avenue

16        New York, New York 10166-4193

17        (212) 294-4692

18        mmdonovan@winston.com

19

20

21

22

23

24

25

HIGHLY CONFIDENTIAL

Page 7

1   APPEARANCES OF COUNSEL (Continued):

2

3   FOR SAMSUNG SDI:

4       SHEPPARD MULLIN RICHTER & HAMPTON LLP

5       BY:  MICHAEL W. SCARBOROUGH, ESQ.

6       Four Embarcadero Center, 17th Floor

7       San Francisco, California 94111-4109

8       (415) 774-2963

9       mscarborough@sheppardmullin.com

10

11  FOR TOSHIBA:

12      WHITE & CASE LLP

13      BY:  LUCIUS B. (ALBIE) LAU, ESQ.

14      701 Thirteenth Street, NW

15      Washington, DC 20005-3807

16      (202) 626-3696

17      alau@whitecase.com

18

19  FOR HITACHI:

20      MORGAN, LEWIS & BOCKIUS LLP

21      BY:  HERMAN J. HOYING, ESQ.

22      One Market, Spear Street Tower

23      San Francisco, California 94105

24      (415) 442-1359

25      hhoying@morganlewis.com

HIGHLY CONFIDENTIAL

Page 8

1   APPEARANCES OF COUNSEL (Continued):

2

3   FOR LG ELECTRONICS:

4        BY:  ERIC KIM, ESQ.

5        BY:  MATT AN, ESQ.

6        LG Twin Towers, 128, Yeoui-daero

7        Yeongdeungpo-gu, Seoul 150-721, Korea

8        +82-2-3777-3206 (Mr. Kim)

9        eric11.kim@lge.com

10

11  The Interpreter:  Phyllis Kim (Korean)

12  The Check Interpreter:  Nicole Lee (Korean)

13

14  Also Present:

15       Robert Velasco, CLVS, Videographer

16

17                        ---oOo---

18

19

20

21

22

23

24

25

HIGHLY CONFIDENTIAL

                                                        Page 176

1   STATE OF CALIFORNIA     ) ss:

2   COUNTY OF MARIN         )

3

4           I, LESLIE ROCKWOOD, CSR NO. 3452, do hereby

5   certify:

6           That the foregoing deposition testimony was

7   taken before me at the time and place therein set forth

8   and at which time the witness was administered the oath;

9           That testimony of the witness and all objections

10  made by counsel at the time of the examination were

11  recorded stenographically by me, and were thereafter

12  transcribed under my direction and supervision, and that

13  the foregoing pages contain a full, true and accurate

14  record of all proceedings and testimony to the best of my

15  skill and ability.

16          I further certify that I am neither counsel for

17  any party to said action, nor am I related to any party

18  to said action, nor am I in any way interested in the

19  outcome thereof.

20          IN WITNESS WHEREOF, I have subscribed my name

21  this 25th day of July, 2013.

22

23

24

25          LESLIE ROCKWOOD, RPR, CSR NO. 3462

# EXHIBIT E

Page 1

1              UNITED STATES DISTRICT COURT

2             NORTHERN DISTRICT OF CALIFORNIA

3               SAN FRANCISCO DIVISION

4

5

6   IN RE:  CATHODE RAY TUBE

    (CRT) ANTITRUST LITIGATION     No. 3:07-CV-05944-SC

7   _____/

8

9

10

                    -- HIGHLY CONFIDENTIAL --

11

12

13

14

15       Videotaped deposition of JIN KANG JUNG, VOLUME 1,

16       taken at the Hilton Los Cabos Beach & Golf Resort,

17       Transpeninsular Highway, 23447 Cabo San Lucas, Baja

18       California Sur, Mexico commencing at 8:58 a.m.,

19       on Friday, July 19, 2013, before Leslie Rockwood,

20       RPR, CSR No. 3462.

21

22

23

24

25

Page 2

1    APPEARANCES OF COUNSEL:

2

3    FOR DELL:

4        ALSTON & BIRD

5        BY:  MATTHEW D. KENT, ESQ.

6        BY:  MELISSA MAHURIN WHITEHEAD, ESQ.

7        One Atlantic Center

8        1201 West Peachtree Street

9        Atlanta, Georgia 30309-3424

10       (404) 881-7948 (Mr. Kent)

11       (404) 881-4649 (Ms. Whitehead)

12       matthew.kent@alston.com

13       melissa.whitehead@alston.com

14

15   FOR BEST BUY:

16       ROBINS, KAPLAN, MILLER & CIRESI, LLP

17       BY:  JILL S. CASSELMAN, ESQ.

18       2049 Century Park East, Suite 3400

19       Los Angeles, California 90067-3208

20       (310) 229-5435

21       jscasselman@rkmc.com

22

23

24

25

```
                                        Page 3
 1   APPEARANCES OF COUNSEL (Continued):

 2

 3   FOR THE INDIRECT PURCHASER PLAINTIFFS:

 4        KIRBY MCINERNEY LLP

 5        BY:  ROBERT J. GRALEWSKI, JR., ESQ.

 6        600 B Street, Suite 1900

 7        San Diego, California 92101

 8        (619) 398-4340

 9        bgralewski@kmllp.com

10

11        VOGL MEREDITH BURKE, LLP

12        BY:  DIANE E. PRITCHARD, ESQ.

13        456 Montgomery Street, 20th Floor

14        San Francisco, California 94104

15        (415) 398-0200

16        dpritchard@vmbllp.com

17

18   FOR THE DIRECT PURCHASER PLAINTIFFS:

19        KAPLAN FOX & KILSHEIMER LLP

20        BY:  GARY L. SPECKS, ESQ.

21        423 Sumac Road

22        Highland Park, Illinois 60035

23        (847) 831-1585

24        gspecks@kaplanfox.com

25
```

Page 4

1   APPEARANCES OF COUNSEL (Continued):

2

3   FOR SEARS & KMART:

4        KENNY NACHWALTER, P.A.

5        BY:  JALAINE GARCIA, ESQ. (via speakerphone)

6        1100 Miami Center

7        201 South Biscayne Boulevard

8        Miami, Florida 33131

9        (305) 373-1000

10        jgarcia@kennynachwalter.com

11

12   FOR SHARP:

13        PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

14        BY:  WILLIAM BLAISE WARREN, ESQ. (via speakerphone)

15        2001 K Street, NW

16        Washington, DC 20006-1047

17        (202) 223-7348

18        bwarren@paulweiss.com

19

20

21

22

23

24

25

```
                                                     Page 5
 1   APPEARANCES OF COUNSEL (Continued):

 2

 3   FOR THE STATE OF CALIFORNIA:

 4        DEPARTMENT OF JUSTICE

 5        OFFICE OF THE ATTORNEY GENERAL

 6        BY:  BRIAN WANG, ESQ. (via speakerphone)

 7        BY:  PAMELA PHAM, ESQ. (via speakerphone)

 8        455 Golden Gate Avenue, Suite 11000

 9        San Francisco, California 94102-7004

10        (415) 703-5607 (Ms. Pham)

11        brian.wang@doj.ca.gov

12        pamela.pham@doj.ca.gov

13

14   FOR THE LG DEFENDANTS AND THE WITNESS:

15        MUNGER, TOLLES & OLSON LLP

16        BY:  HOJOON HWANG, ESQ.

17        560 Mission Street, 27th Floor

18        San Francisco, California 94105-2907

19        (415) 512-4009

20        hojoon.hwang@mto.com

21

22

23

24

25
```

Page 6

1    APPEARANCES OF COUNSEL (Continued):

2

3    FOR PHILIPS:

4         BAKER BOTTS LLP

5         BY:  ERIK T. KOONS, ESQ.

6         The Warner

7         1299 Pennsylvania Avenue, NW

8         Washington, DC 20004-2400

9         (202) 639-7973

10        erik.koons@bakerbotts.com

11

12   FOR PANASONIC:

13        WINSTON & STRAWN LLP

14        BY:  MOLLY M. DONOVAN, ESQ.

15        200 Park Avenue

16        New York, New York 10166-4193

17        (212) 294-4692

18        mmdonovan@winston.com

19

20

21

22

23

24

25

Page 7

1     APPEARANCES OF COUNSEL (Continued):

2

3     FOR SAMSUNG SDI:

4          SHEPPARD MULLIN RICHTER & HAMPTON LLP

5          BY:  MICHAEL W. SCARBOROUGH, ESQ.

6          Four Embarcadero Center, 17th Floor

7          San Francisco, California 94111-4109

8          (415) 774-2963

9          mscarborough@sheppardmullin.com

10

11    FOR TOSHIBA:

12         WHITE & CASE LLP

13         BY:  AARON MCALLISTER, ESQ. (via speakerphone)

14         701 Thirteenth Street, NW

15         Washington, DC 20005-3807

16         (202) 729-2439

17         amcallister@whitecase.com

18

19    FOR HITACHI:

20         MORGAN, LEWIS & BOCKIUS LLP

21         BY:  HERMAN J. HOYING, ESQ.

22         One Market, Spear Street Tower

23         San Francisco, California 94105

24         (415) 442-1359

25         hhoying@morganlewis.com

```
                                                  Page 8
 1   APPEARANCES OF COUNSEL (Continued):

 2

 3   FOR LG ELECTRONICS:

 4        BY:  ERIC KIM, ESQ.

 5        BY:  MATT AN, ESQ.

 6        LG Twin Towers, 128, Yeoui-daero

 7        Yeongdeungpo-gu, Seoul 150-721, Korea

 8        +82-2-3777-3206 (Mr. Kim)

 9        eric11.kim@lge.com

10

11   The Interpreter and Check Interpreter:

12            Phyllis Kim (Korean)

13   The Check Interpreter and Interpreter:

14            Nicole Lee (Korean)

15

16   Also Present:

17            Robert Velasco, CLVS, Videographer

18

19                    ---oOo---

20

21

22

23

24

25
```

```
                                            Page 177
 1   STATE OF CALIFORNIA     ) ss:
 2   COUNTY OF MARIN         )
 3
 4           I, LESLIE ROCKWOOD, CSR NO. 3452, do hereby
 5   certify:
 6           That the foregoing deposition testimony was
 7   taken before me at the time and place therein set forth
 8   and at which time the witness was administered the oath;
 9           That testimony of the witness and all objections
10   made by counsel at the time of the examination were
11   recorded stenographically by me, and were thereafter
12   transcribed under my direction and supervision, and that
13   the foregoing pages contain a full, true and accurate
14   record of all proceedings and testimony to the best of my
15   skill and ability.
16           I further certify that I am neither counsel for
17   any party to said action, nor am I related to any party
18   to said action, nor am I in any way interested in the
19   outcome thereof.
20           IN WITNESS WHEREOF, I have subscribed my name
21   this 30th day of July, 2013.
22
23
24
25           LESLIE ROCKWOOD, RPR, CSR NO. 3462
```

EXHIBIT F

**John Bogdanov**

**From:**          Lauren Capurro (Russell) <LaurenRussell@tatp.com>
**Sent:**          Monday, January 13, 2014 11:05 AM
**To:**            Diane Pritchard; John Bogdanov; Bernstein, Debra; Kent, Matthew; 'Blaise Warren';
                   Jonathan J. Ross; Melissa.Whitehead@alston.com
**Cc:**            malioto@tatp.com
**Subject:**       CRT/Philips depositions

**Importance:**    High

Hi Everyone,

I just spoke with Erik Koons.  He proposed March 4-5th for Joe Killen and either March 13-14th or 20-21st for Bob
O'Brien.  Apparently it's not possible to have these depositions scheduled closer together so that we don't have to travel
to DC twice in a couple of weeks.  And O'Brien is not available the week of March 24th to coordinate with the Spring
Meeting.

Erik was not able to give me alternative dates for Johnson yet.



Personally, I don't feel like
doing Baker Botts any favors since they have been very uncooperative in every aspect of this case to date, not least in
scheduling these depositions.  On the other hand, there's no point in making this an issue if the people taking the
deposition don't mind either way.

Lauren

1

Lauren C. Capurro (Russell)
Attorney at Law
Trump, Alioto, Trump & Prescott, LLP
2280 Union Street
San Francisco, CA 94123
Tel: (415) 563-7200
Direct line: (415) 447-1496
Cell: (415) 860-5051
Fax: (415) 346-0679
E-mail: laurenrussell@tatp.com

This message is sent by a law firm and may contain information that is privileged or confidential.  If you received this transmission in error, please notify the sender by email and delete the message and any attachments.

EXHIBIT G

**John Bogdanov**

| | |
|---|---|
| **From:** | Lauren Capurro (Russell) <LaurenRussell@tatp.com> |
| **Sent:** | Thursday, May 02, 2013 9:52 AM |
| **To:** | 'Craig C. Corbitt'; 'Mario N. Alioto' |
| **Cc:** | John Bogdanov; 'Judith Zahid'; 'Joe Patane' |
| **Subject:** | RE: CRT |
| **Attachments:** | ██████████████████████████████████████ |
| | ██████████████████ |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Craig & John,

Sorry for the delayed response—we had a hearing in front of Legge yesterday that I had to prepare for.

John – thank you for clarifying your thinking on Philips.  I agree with you that there is no issue with the quality of the evidence against Philips.  For Craig, Judith & Mario's benefit, I've attached ████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████

And while I agree with you that we don't have a lot of evidence on holding Philips liable for LPD's conduct, we do have some: ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████  There are also emails (which I can't seem to find right now), which show that ████████████████████████████████████  And I think the fact that the EU held Philips and LGE liable for LPD's conduct is just as significant, if not more so, than the fact that the Korean FTC did the opposite.

But even if ████████████████████████████ I disagree that this is a big problem.  Philips must show that it affirmatively withdrew from the conspiracy AND that the statute of limitations has run in order to have a complete defense for its participation in the conspiracy prior to July 2001.  *See Morton's Market, Inc. v. Gustafson's Dairy, Inc.,* 198 F.3d 823, 837 (11th Cir. 1999).  Fraudulent concealment tolls the statute of limitations.  *See Morton's Market, Inc. v. Gustafson's Dairy, Inc.,* 211 F.3d 1224 (11th Cir. 2000). ████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████  Ultimately, whether Philips withdrew and whether there was fraudulent concealment sufficient to hold Philips liable for its conduct prior to July 2001, will be a question of fact that

will have to go to the jury.  There is no way that Philips could get out on summary judgment.  So assuming we win class certification, Philips is in this case for the long haul.

Finally, I've attached ████████████████████████████████████████████████████████████

I hope this is helpful in informing the discussion on Philips and their settlement proposal.  I think you can probably tell from this email how I feel about it.  Having said that, I remain open to being persuaded otherwise.

Best,

Lauren


Lauren C. Capurro (Russell)
Attorney at Law
Trump, Alioto, Trump & Prescott, LLP
2280 Union Street
San Francisco, CA 94123
Tel: (415) 563-7200
Fax: (415) 346-0679
E-mail: laurenrussell@tatp.com

This message is sent my a law firm and may contain information that is privileged or confidential.  If you received this transmission in error, please notify the sender by email and delete the message and any attachments.

**From:** Craig C. Corbitt [mailto:CCorbitt@zelle.com]
**Sent:** Tuesday, April 30, 2013 3:19 PM
**To:** Mario N. Alioto; Lauren C. Russell (laurenrussell@tatp.com)
**Cc:** John Bogdanov (jdb@coopkirk.com); Judith Zahid
**Subject:** FW: CRT

Thanks John, I'm taking the liberty of forwarding this to Mario and Lauren for comment.  Craig



**Craig Corbitt**
Attorney at Law

website | bio | vCard | map | 

44 Montgomery Street, Suite 3400                    D (415) 633-1905
San Francisco, CA 94104                              F (415) 693-0770

Boston ▪ Dallas ▪ Minneapolis ▪ San Francisco ▪ Washington, DC ▪ London ▪ Be jing*

The information herein is confiden ial and may be attorney-client privileged and/or contain attorney work product and is intended solely for the addressee(s). If you are not an addressee, any disclosure, copying, retention or use of any information contained herein is prohibited. If you have received this message in error, please delete it and no ify the sender immediately.

*In association with ZY & Partners        Please consider the environment before printing this email 

**From:** John Bogdanov [mailto:jdb@coopkirk.com]
**Sent:** Tuesday, April 30, 2013 9:38 AM

**To:** Craig C. Corbitt; Judith Zahid
**Cc:** Francis O. Scarpulla; Josef Cooper
**Subject:** RE: CRT

I thought it would be useful to summarize my view of the evidence against Philips.  I don't view this as a question of the quality of the evidence.  Rather, I view the issue, given Philips' corporate structure and history regarding the CRT business, more as relating to the timing of the conspiracy evidence and which corporate entity can be held responsible.

There is substantial evidence of ███████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
██████████       However, the issue as I see it is imputed liability to Philips after July 2001.  At that time, Philips and LG transferred their entire CRT business to the joint venture.  LPD is now bankrupt, and our problem is holding Philips responsible for LPD's share of the tab.  Yes, █████████████████████████████████████, but can we use any of this evidence to prove additional damages as to Philips and LG?  LG and Philips were the only two shareholders of LPD. ████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
███████████████████████████████████████

But given all of that, only one governmental body has imputed the liability for LPD's post-July 2001 conspiratorial actions to Philips and LG – the EU.  The Korean Fair Trade Commission specifically held that "neither [LGE or Philips] has directly or indirectly dominated or participated in the decision making process related to the pricing and production volume of LPD.  On top of that, the statute of limitations for the actions prior to .... July 1, 2001 has expired.  As a result, [LGE and Philips] have been excluded from the defendant list."

Given my experience with Nissan evidence in Cars, we were faced with a similar situation and the corporate form did indeed win the day for Nissan (though there was far less ████████████████████████████████
███████       To get over this burden and avoid a similar result, we would need to develop more specific evidence ████████████████████████████████████████████████Perhaps we can put the pieces together and maybe a judge would ultimately buy it.

**John D. Bogdanov**
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: 415-788-3030, Ext. 307
Facsimile: 415-882-7040
email:  jdb@coopkirk.com

The information in this e-mail is confidential and may contain attorney-client privileged information and/or attorney work product and is intended solely for the addressee(s). Access to this email by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution, or any use or reliance on any information contained herein is strictly prohibited. If you have received this message in error, please notify the sender immediately and delete it.

EXHIBIT H

**John Bogdanov**

| | |
|---|---|
| **From:** | John Bogdanov |
| **Sent:** | Tuesday, June 09, 2015 3:30 PM |
| **To:** | Steven Ganz <ganztick@yahoo.com> (ganztick@yahoo.com) |
| **Subject:** | CRT - PRIVILEGED AND CONFIDENTIAL ATTORNEY CLIENT COMMUNICATION |
| **Attachments:** | 3861 - IPP Motion for Preliminary Approval - 5-29-15.pdf |

Steve,

Attached is a document which was recently filed on behalf of the indirect purchaser plaintiffs in the CRT Antitrust Litigation.  It is a motion asking the court to preliminarily approve settlements with the remaining defendants in the action.  The total amount from all defendants is $563 million.

Thanks,
John

**John D. Bogdanov**
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: 415-788-3030, Ext. 307
Facsimile: 415-882-7040
email:  jdb@coopkirk.com

The information in this e-mail is confidential and contains attorney-client privileged information and/or attorney work product and is intended solely for the addressee(s). Access to this email by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution, or any use or reliance on any information contained herein is strictly prohibited. If you have received this message in error, please notify the sender immediately and delete it.

# EXHIBIT I

**John Bogdanov**

| | |
|---|---|
| **From:** | Lauren Capurro (Russell) <LaurenRussell@tatp.com> |
| **Sent:** | Wednesday, February 26, 2014 1:51 PM |
| **To:** | 'Brian S. Umpierre' |
| **Cc:** | 'Sylvie Kern'; John Bogdanov |
| **Subject:** | RE: CRT/Philips jurisdictional discovery |
| **Attachments:** | Philips MTD.pdf; Philips da Amazonia Decl ISO MTD [unsigned].pdf; Lin Decl ISO Philips Taiwan MTD.pdf; Order Vacating Briefing on Philips & Samtel Mtns.pdf; Letter J. Legge 7.9.09.pdf; Order Vacating Briefing on Philips & Samtel Mtns.pdf |

Great!  Thanks, Brian.  Here are all the relevant papers.

Lauren C. Capurro (Russell)
Attorney at Law
Trump, Alioto, Trump & Prescott, LLP
2280 Union Street
San Francisco, CA 94123
Tel: (415) 563-7200
Direct line: (415) 447-1496
Cell: (415) 860-5051
Fax: (415) 346-0679
E-mail: laurenrussell@tatp.com

This message is sent by a law firm and may contain information that is privileged or confidential.  If you received this transmission in error, please notify the sender by email and delete the message and any attachments.

**From:** Brian S. Umpierre [mailto:b.umpierre@gmail.com]
**Sent:** Wednesday, February 26, 2014 1:37 PM
**To:** Lauren Capurro (Russell)
**Cc:** Sylvie Kern; John D. Bogdanov
**Subject:** Re: CRT/Philips jurisdictional discovery

Hi, Lauren.

Absolutely.  Can you please send me a copy of their motion?

Thanks.
Brian

On Wed, Feb 26, 2014 at 1:17 PM, Lauren Capurro (Russell) <LaurenRussell@tatp.com> wrote:

Hi Brian,

I'm not sure how up to speed you are on the Philips Taiwan/Brazil entities, but in a nutshell, we recently decided that we need to get them into the case becaus ████████████████████████████████████████████████████████████████████████████████████████████████████████████ They filed a motion to dismiss for lack of personal jurisdiction. We agreed to table the motion pending discovery. Now that we've decided to bring them in, we will have to oppose their personal jurisdiction motion. Do you have time to work on searching for and reviewing documents that could help us get personal jurisdiction over these entities? I'm copying Sylvie and John since they have both been involved this project (John has already found some relevant docs) and John also knows what else you guys are working on for the Philips depositions. I can get someone else to work with you on this, but I'd like someone more senior who is familiar with Philips and the database to take the lead. Please let me know asap if this is something you can work on. Thanks!

Lauren

Lauren C. Capurro (Russell)

Attorney at Law

Trump, Alioto, Trump & Prescott, LLP

2280 Union Street

San Francisco, CA 94123

Tel: (415) 563-7200

Direct line: (415) 447-1496

Cell: (415) 860-5051

Fax: (415) 346-0679

E-mail: laurenrussell@tatp.com

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by email and delete the message and any attachments.