Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 788-7210
Facsimile: (415) 788-0706
Email: fos@scarpullalaw.com
       pbc@scarpullalaw.com

Counsel for Indirect-Purchaser Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944-JST <br><br> MDL No. 1917 <br><br> <u>CLASS ACTION</u> |
| This Document Relates to: <br><br> All Indirect-Purchaser Actions | **SUPPLEMENTAL STATEMENT BY LAW OFFICES OF FRANCIS O. SCARPULLA RE FEE ALLOCATION** <br><br> Judge:             The Honorable Jon S. Tigar <br> Special Master: The Honorable Martin Quinn <br> Hearing Date:   TBD <br> Hearing Venue: JAMS |

On September 22, 2016, when the undersigned was out of the country, Lead Counsel in this case, Mario N. Alioto, filed and served a motion for attorneys' fees in *CIPRO CASES I and II*, San Diego County Superior Court, J.C.C.P. Nos. 4154 and 4220, in which he states that the appropriate way for awarding fees to his office is the lodestar method, not a percentage of the fund. The undersigned understands that Mr. Alioto asserted that any allocation by the *CIPRO CASES I and II* Co-Lead Counsel to his firm was improper and therefore requested a separate fee award for his firm's marginal work, with a multiplier of 3.08 – essentially the same as Co-Lead Counsel in that case – for all work, including read-and-review time which Mr. Alioto refused to acknowledge in his *CRT* proposed allocation. Mr. Alioto's Motion is attached hereto as Exhibit 1.

Mr. Alioto's filing in the *CIPRO CASES I and II* litigation raises an issue the Special Master might wish to consider when determining an allocation to the Trump, Alioto, Trump & Prescott ("TATP") firm, which is: How many other cases were Mr. Alioto and his sole associate, Ms. Lauren Capurro, involved in during the same time period they were allegedly working full-time on *CRT*? This inquiry is to be certain there are no excess hours spent each day when time on all of the cases are totaled – *i.e.*, no 25-hour days. For example, Mr. Alioto appeared in the *SRAM, DRAM, LCD, Smokeless Tobacco, VISA/Mastercard, CIPRO* and other class action cases during the same period that the *CRT* cases were pending.

Moreover, the undersigned understands that an "audit report" was prepared to analyze the *CRT* time reports. If that audit report has not been made available to the Special Master, it should be done so promptly, as well as be made part of the record for a complete analysis and understanding of Mr. Alioto's proposed allocations.

Additionally, the undersigned, once again requests that the Zelle/TATP agreement be made part of this record as it directly affects the appropriate multiplier to be applied to Zelle time, including that portion of the Zelle lodestar now belonging to the Law Offices of Francis O. Scarpulla.

Finally, as Mr. Goldberg has stated in his recently-filed declaration, he would not have worked on this case "If, In November 2014, Mr. Alioto had asked me to clear my decks and take

over the trial efforts in this case at solely my hourly rate (with no multiplier)."  (Doc. No. 4851, p. 4:9-21).  Therefore, it sounds as if Mr. Alioto and Mr. Goldberg arrived at an agreement regarding any multiplier to be applied to Mr. Goldberg's time.  If that happened, such agreement should be disclosed to the Special Master and made part of the record before the Court.

Dated: September 28, 2016                           Respectfully submitted,


        /s/  Francis O. Scarpulla
           Francis O. Scarpulla

Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: 415-788-7210
Facsimile:  415-788-0706
fos@scarpullalaw.com
pbc@scarpullalaw.com

Counsel for Indirect-Purchaser Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing **SUPPLEMENTAL STATEMENT BY LAW OFFICES OF FRANCIS O. SCARPULLA RE FEE ALLOCATION** was filed *via* CM/ECF on September 28, 2016, and as a result has been served on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Francis O. Scarpulla
Francis O. Scarpulla
