# EXHIBIT 1

Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA  94123
Telephone:  (415) 563-7200
Facsimile:   (415) 346-0679
Email: malioto@tatp.com
Email: jpatane@tatp.com
Email: laurenrussell@tatp.com

*Counsel for Class Representative Deborah Patane*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| Coordination Proceeding Special Title (Rule 1550(b)):<br><br>    CIPRO CASES I and II<br>_____<br><br>   This Document Relates To:<br><br>ALL ACTIONS<br>_____ | Case No. J.C.C.P. Nos. 4154 and 4220<br><br>**JOINDER OF TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP IN MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF COSTS, LITIGATION COST ADVANCE, AND INCENTIVE AWARDS**<br><br>Date:  October 7, 2016<br>Time:  2:00 p.m.<br>Department: C-62<br><br>The Honorable Ronald L. Styn<br>Coordination Trial Judge |

JOINDER OF TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP IN PLAINTIFFS'
MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF COSTS,
LITIGATION COST ADVANCE, AND INCENTIVE AWARDS

## I.   __INTRODUCTION__

Trump, Alioto, Trump & Prescott, LLP ("TATP") hereby joins in Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Costs, Litigation Cost Advance, and Incentive Awards, filed September 15, 2016 (the "Fee Motion").  TATP represents class representative Deborah Patane and the Class.  TATP is entitled to an award of attorneys' fees for the work it has performed on behalf of the Plaintiff Class.  TATP is not seeking attorneys' fees in excess of the amount sought in the Fee Motion.  It is seeking its own award from the total fee awarded by the Court.

## II.   __ARGUMENT__

### A.   **Legal Standard**

TATP is entitled to an award of attorneys' fees for its contribution to the substantial benefit conferred on the Class in this case.

Trial courts have equitable power to award attorneys' fees and costs when litigation proceeding in a representative capacity secures a substantial benefit. *See Lafitte v. Robert Half Int'l., Inc.*, 1 Cal.5th 480, 488-89 (2016); *Serrano v. Priest*, 20 Cal.3d 25, 38 (1977); *accord Glendora Cmty. Redev. Agency v. Demeter,* 155 Cal.App.3d 465, 474 (1984). TATP's request for attorneys' fees and expenses is made pursuant to this Court's equitable power.

In California, "[c]ourts recognize two methods for calculating attorney fees in civil class actions: the lodestar/multiplier method and the percentage of recovery method." *Wershba v. Apple Computer,* 91 Cal.App.4th 224, 254 (2001), citing *Zucker v. Occidental Petroleum Corp.*, 968 F.Supp. 1396, 1400 (C.D. Cal. 1997). "The choice of a fee calculation method is generally one within the discretion of the trial court, the goal under either the percentage or lodestar approach being the award of a reasonable fee to compensate counsel for their efforts." *Lafitte*, 1 Cal.5th at 504.

While TATP agrees that the percentage of recovery method with a lodestar cross-check is appropriate for calculating the aggregate fee award to all Plaintiffs' Counsel (Fee Motion at 4-7), TATP respectfully requests that the Court use the lodestar/multiplier method to calculate the fee award to TATP.

Under the lodestar method, courts use the "lodestar" (reasonable hourly rate x number of hours worked) and enhance it by a "multiplier" to calculate an award of attorneys' fees. *See, e.g., Lafitte*, 1 Cal.5th at 489.  As the California Supreme Court explained in *Ketchum v. Moses*, "fee awards should be fully compensatory." 24 Cal.4th 1122, 1134 (2001).  Attorneys' fee awards therefore often include significant lodestar enhancements through the application of multipliers.  Factors that can justify a multiplier include the novelty and complexity of issues, the quality of the representation, the contingent nature of the litigation, and the results obtained. *Lafitte*, 1 Cal.5th at 489.  No rigid formula applies, and each factor should be considered only "where appropriate." *Dep't of Transp. v. Yuki,* 31 Cal.App.4th 1754, 1771 (1995).

"Multipliers can range from 2 to 4 or even higher." *Wershba*, *supra*, 91 Cal.App.4th at 255. "The purpose of [the multiplier analysis] is to fix a fee at the fair market value for the particular action. In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services." *Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 579 (2004), *as modified* (Jan. 12, 2005).

As shown below, application of the factors considered by courts in awarding attorneys' fees favors granting TATP's request for its lodestar plus a multiplier.

**B.**     **TATP Is Entitled To An Award Of Attorneys' Fees**

TATP filed the initial complaint for our client back in 2000.  It was involved in the removal/remand proceedings, the coordination proceedings, and the demurrers to the complaint.  At the request of Lead Counsel, TATP participated in document review in New York, responded to discovery on behalf of our client Ms. Patane, and prepared her for and represented her at her deposition.  (*See* Declaration of Mario N. Alioto In Support of Joinder of Trump, Alioto, Trump & Prescott, LLP In Motion For Award Of Attorneys' Fees, Reimbursement of Costs, Litigation Cost Advance, and Incentive Awards ("Alioto Decl."), ¶ 4.)

As required by our ethical duties to our client, TATP has consistently monitored the major developments in the case and has kept our client fully informed, including the most recent developments relating to the trial in which our client has been designated as a witness.  However, TATP exercised billing judgment and only billed for time that was absolutely necessary in order to fulfill our duties to our client.  Thus, only a very small amount of our time is attributable to monitoring the case.  (*Id.*)

Most recently, TATP also assisted its client in responding to contention interrogatories and requests for production of documents.  TATP's client has remained a named plaintiff in this case throughout its entire history including—after an adverse ruling in the trial court—in the appellate courts.  TATP's client faced the very real prospect of losing this case and having costs assessed.  TATP faced the same prospect and the prospect of not being compensated for its work over the past 16 years.  (*Id.* ¶¶ 4-5)

The work performed by TATP, as described above, was necessary and contributed to the result achieved by Plaintiffs' Counsel.  Class representatives are an essential element of class action litigation.  TATP ably represented one of only a few class representatives in this case, including responding to discovery and representing her at her deposition.  While TATP acknowledges that its role in this case was small in comparison to other firms, it nevertheless provided an essential piece of the puzzle that contributed to the result achieved.

TATP's total lodestar amounts to $312,526.00 at current rates.  Other than the $70,000 payment received in 2014—which amounted to only about 25% of claimed lodestar—TATP has endured the risk of non-payment for its time for 16 years.  (*Id.* ¶¶ 6-12.)

With regard to counsel's experience and skill, TATP has demonstrated its experience and skill in this and other cases.  Named partner, Mario N. Alioto, has been prosecuting complex class actions alleging antitrust, unfair competition and consumer protection violations for over 40 years.  Mr. Alioto is currently serving as the sole Lead Counsel on behalf of the indirect purchaser

plaintiffs in *In re Cathode Ray Tube (CRT) Antitrust Litig.,* No. 07-cv-5944 JST, MDL No. 1917 (N.D. Cal.), one of the largest indirect purchaser cases in history. (Alioto Decl. ¶ 2.)

Finally, the delay in payment for TATP has been greater than other counsel in this case. Most other firms received a generous prior fee award, which included a sizeable multiplier, whereas TATP received only about 25% of its lodestar.

Based on the foregoing, TATP is entitled to the same multiplier as that awarded to other counsel in the case.  Ordinarily, TATP would not be entitled to the same multiplier as Co-Lead Counsel.  But here, the additional risk and delay TATP faced due to Lead Counsel's failure to compensate TATP out of the interim fee award, justify a higher multiplier.  TATP respectfully requests a 3.08 multiplier on its current rate lodestar of $312,526.00, minus the $70,000 already received.

**C.     TATP Is Entitled To Recover Its Expenses**

Prior expenses have been reimbursed.  TATP has incurred $1265.92 in unreimbursed expenses prosecuting this case on behalf of the Plaintiffs since September 1, 2013.  These expenses were incurred for travel, CourtCall charges and Court filing fees.  All of these expenses were reasonably and necessarily incurred, and were advanced on a purely contingent basis.  (Alioto Decl. ¶¶ 13-14.)  For the reasons stated in the Fee Motion at 12-13, TATP's request for reimbursement of expenses is reasonable.

**III.   <u>CONCLUSION</u>**

For all of the foregoing reasons, TATP's request for attorneys' fees from the aggregate fee award should be granted.

//

//

//

JOINDER OF TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP IN PLAINTIFFS'
MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF COSTS,
LITIGATION COST ADVANCE, AND INCENTIVE AWARDS

1    Dated:  September 22, 2016                    TRUMP, ALIOTO, TRUMP & PRESCOTT LLP

2

3                                                 By:  /s/  Mario N. Alioto

4                                                     Mario N. Alioto (56433)
                                                      Joseph M. Patane (72202)
5                                                     Lauren C. Capurro (241151)
                                                      TRUMP, ALIOTO, TRUMP & PRESCOTT,
6                                                     LLP
                                                      2280 Union Street
7                                                     San Francisco, CA  94123
                                                      Telephone: (415) 563-7200
8                                                     Facsimile: (415) 346-0679
                                                      Email: malioto@tatp.com
9                                                     Email: jpatane@tatp.com
                                                      Email: laurenrussell@tatp.com
10

11                                                    *Attorneys for Class Representative Deborah*
12                                                    *Patane*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINDER OF TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP IN PLAINTIFFS'
MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF COSTS,
LITIGATION COST ADVANCE, AND INCENTIVE AWARDS

Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA  94123
Telephone:  (415) 563-7200
Facsimile:  (415) 346-0679
Email: malioto@tatp.com
Email: jpatane@tatp.com
Email: laurenrussell@tatp.com

*Counsel for Class Representative Deborah Patane*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| Coordination Proceeding Special Title (Rule 1550(b)):<br><br>    CIPRO CASES I and II<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. J.C.C.P. Nos. 4154 and 4220<br><br>**DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF JOINDER OF TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP IN MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF COSTS, LITIGATION COST ADVANCE, AND INCENTIVE AWARDS**<br><br>Date:  October 7, 2016<br>Time:  2:00 p.m.<br>Department: C-62<br><br>The Honorable Ronald L. Styn<br>Coordination Trial Judge |

DECLARATION OF MARIO N. ALIOTO ISO JOINDER OF TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP IN MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF COSTS, LITIGATION COST ADVANCE AND INCENTIVE AWARDS -- J.C.C.P. NOS. 4154 AND 4220

1    I, Mario N. Alioto, declare:

2        1.    I am an attorney duly licensed by the State of California and am admitted to

3    practice before this Court. I am a partner with the law firm Trump, Alioto, Trump & Prescott,

4    LLP. I have personal knowledge of the facts stated in this declaration and, if called as a witness, I

5    could and would testify competently to them. I make this declaration in support of my firm's

6    Joinder in Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Costs, Litigation Cost

7    Advance, and Incentive Awards, filed September 15, 2016 (the "Fee Motion").

8        2.    My firm represents named plaintiff Deborah Patane. The lawyers in my firm who

9    participated in this case are myself, Joseph M. Patane, Lauren C. Capurro and Rachel Brasso. A

10   copy of my Curriculum Vitae is attached hereto as Exhibit 1. I have, over the last eight years, been

11   serving as sole Lead Counsel on behalf of the indirect purchaser plaintiffs in *In re Cathode Ray*

12   *Tube (CRT) Antitrust Litig.,* No. 07-cv-5944 JST, MDL No. 1917 (N.D. Cal.). I am presently

13   concluding the settlement in the *CRT* litigation. The *CRT* litigation was one of the largest indirect

14   purchaser class actions in history. It was global in scope, involved a massive number of

15   documents (in foreign languages), multiple parties, and complicated questions of law and fact.

16   Despite all of this, my firm was able to prosecute the case to its conclusion and obtain a very

17   favorable settlement for the class.

18       3.    Throughout the course of this litigation, my firm kept files contemporaneously

19   documenting all time spent, including tasks performed, and expenses incurred. All of the time and

20   expenses reported by my firm were incurred for the benefit of the plaintiff class in this case.

21       4.    I and members of my firm filed the initial complaint for our client, were involved in

22   the removal/remand proceedings, the coordination proceedings, and the demurrers to the

23   complaint. We participated in document review in New York, responded to discovery on behalf of

24   our client and represented our client at her deposition. As required by our ethical duties to our

25   client, we have consistently monitored the major developments in the case and have kept our client

26   fully informed, including the most recent developments relating to the trial in which our client has

27

28

2

been designated as a witness.  However, we exercised billing judgment and only billed for time that was absolutely necessary in order to fulfill our duties to our client.  Thus, only a very small amount of our time is attributable to monitoring the case.  We also recently assisted our client in responding to contention interrogatories and requests for production of documents.

5.      Our client has remained a named plaintiff in this case throughout its entire history including—after an adverse ruling in the trial court—in the appellate courts.  Our client faced the very real prospect of losing this case and having costs assessed.  Counsel faced the same prospect and the prospect of not being compensated for its work over the past 16 years.

6.      I have spent 157.25 hours on this case.  My current hourly rate is $875 for a current lodestar of $137,593.75.

7.      Joseph M. Patane has spent 112.75 hours on this case.  His current hourly rate is $775 for a current lodestar of $87,381.25.

8.      Lauren C. Capurro has spent 26 hours on this case.  Her current hourly rate is $580 for a current lodestar of $15,080.00.

9.      Rachel Brasso has spent 124.95 hours on this case.  Her current hourly rate is $580 for a current lodestar of $72,471.00.

10.      The above time was prepared from contemporaneous time records regularly prepared and maintained by my firm.

11.      The total current lodestar for all four timekeepers of my firm is $312,526.00.

12.      We have received a prior, partial fee in this case totaling $70,000.

13.      The expenses my firm incurred in litigating this action are reflected in the books and records of my firm.  These books and records are prepared from expense vouchers, invoices, receipts, check records and other source materials and accurately reflect the expenses incurred.  My firm's expense records are available for inspection by the Court if necessary.

DECLARATION OF MARIO N. ALIOTO ISO JOINDER OF TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP IN MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF COSTS, LITIGATION COST ADVANCE AND INCENTIVE AWARDS -- J.C.C.P. NOS. 4154 AND 4220

14.     We incurred the following expenses: $900.16 for travel, $116 for CourtCall, and $199.80 for One Legal (court filings), for a total of $1,265.92.  All of these expenses were reasonably incurred and necessary for the prosecution of this litigation.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.  Executed this 22nd day of September, 2016, in San Francisco, California.

_Mario N. Alioto_   _see w/ per_ .
Mario N. Alioto
Attorney for Class Representative Deborah Patane

DECLARATION OF MARIO N. ALIOTO ISO JOINDER OF TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP IN MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF COSTS, LITIGATION COST ADVANCE AND INCENTIVE AWARDS -- J.C.C.P. NOS. 4154 AND 4220

# EXHIBIT 1

# MARIO N. ALIOTO

## *Curriculum Vitae*

Mr. Alioto is a graduate of the University of Santa Clara with a B.A. degree, cum laude , in Economics. He is also a graduate of the University of San Francisco School of Law with a J.D. degree, cum laude.

Upon graduation from law school, Mr. Alioto clerked for the late Honorable Ira I. Brown, Jr., Judge of the San Francisco Superior Court. Thereafter, he was employed in the Law Offices of Joseph L. Alioto working on complex litigation, primarily plaintiff's antitrust cases. Mr. Alioto is admitted to the State Bar of California, various Federal District Courts, various Courts of Appeal, and the Supreme Court of the United States.

Mr. Alioto worked with the Law Offices of Joseph L. Alioto for 10 years. He has continued to handle complex litigation and antitrust cases as well as unfair competition and consumer protection cases and class actions in state and federal courts throughout the country. Mr. Alioto has represented both plaintiffs and defendants in these cases. He has had extensive trial court and appellate court experience as well as experience in arbitration proceedings.

Mr. Alioto was one of the first lawyers in California to successfully prosecute indirect purchaser antitrust class actions under the Cartwright Act and the Unfair Competition Act. He was counsel in the landmark decision Crown Oil v. Superior Court, 177 Cal. App. 3d 604 (1986), which upheld the right of indirect purchasers to sue under the Cartwright Act after their claims had been barred under federal law by the decision in Illinois Brick v. Illinois, 431 U.S. 720 (1977). As a result of the Crown Oil decision, California consumers and businesses have recovered millions of dollars in relief which would otherwise have been barred under Illinois Brick.

In over 30 years of practice in this area, Mr. Alioto has handled approximately 50 antitrust cases. He has served in leadership roles in most of these cases and has been Lead or Liaison Counsel in many of them. This experience has enabled Mr. Alioto to prosecute these cases efficiently and

achieve favorable settlements without unnecessary demands on judicial resources.

Mr. Alioto has handled these cases in collaboration with other law firms when circumstances warranted this, and has also demonstrated the ability to handle these cases effectively without the assistance of a consortium of other law firms. Mr. Alioto has been involved in a number of jury trials in state and federal court, including the trial of antitrust cases as the lead trial lawyer. He has handled approximately 30 appeals as well.

Mr. Alioto obtained relief of approximately $50 million for California consumers on account of improper automobile repossession practices by two large finance companies. This result was obtained primarily by Mr. Alioto and his firm Trump, Alioto, Trump & Prescott, LLP, with the assistance of one other firm. In approving the settlement in that matter, the Honorable Daniel M. Hanlon (Ret.) noted that Trump, Alioto, Trump & Prescott, LLP had handled the litigation "effectively and efficiently" and that counsel was "experienced and competent" and had obtained an "excellent settlement."

Similarly, in granting class certification and appointing Trump, Alioto, Trump & Prescott, LLP Co-Lead Counsel for the class in the indirect purchaser OSB Antitrust Litigation. Case No. 06-00826-PSD, Judge Paul S. Diamond of the Eastern District of Pennsylvania stated that Trump, Alioto, Trump & Prescott, LLP "are experienced, class action litigators" and "have vigorously and capably prosecuted this extremely demanding case, and I am satisfied that they will continue to do so."

Mr. Alioto was also selected to serve as sole interim lead counsel for the indirect purchaser plaintiffs by the Honorable Samuel Conti of the United States District Court of the Northern District of California in *In re Cathode Ray Tube (CRT) Antitrust Litigation,* 2008 WL 2024957, *2 (N.D. Cal. May 9, 2008) ("*CRT*").

Most recently, Mr. Alioto was selected by the Honorable Robert W. Gettleman of the United States District Court for the Northern District of Illinois to serve as interim co-lead counsel for the indirect purchaser plaintiffs in *In Re: Aftermarket Filters Antitrust Litigation,* Master File No. 1:08-cv-4883-RWG, MDL 1957 (N.D. Ill. Oct. 7, 2008) ("*Filters*").

2

Below is a list of representative complex litigation cases Mr. Alioto has been and is currently involved in.

## COMPLEX LITIGATION CASES

1) *In re Arizona Dairy Products Litigation,* Civil No. 74-569A PHX CAM (D. Ariz.) - antitrust price-fixing action brought on behalf of five classes of Arizona purchasers of dairy products.

2) *In re California Armored Cars Litigation,* MDL 387 - antitrust price-fixing action brought on behalf of private class of purchasers in California.

3) *Bolton v. A.R.A. Services, Inc., et al.,* Civil Action No. C-79-2156-SW (N.D. Cal. 1980), antitrust price-fixing action brought on behalf of purchasers of publications.

4) *Day N Night Market v. Roblin Industries, Inc., et al.,* Civil Action No. 772-241 - antitrust price-fixing case for class of indirect purchasers of shopping carts.

5) *Monterosso v. Cambridge-Lee Industries, Inc., et al.,* (S.F. Sup. Ct. 1983) - indirect-purchaser, antitrust class action by California purchasers of copper tubing.

6) *Scarpa v. American Savings & Loan Association, et al.,* (S.F. Sup. Ct. 1984) - Unfair Competition Act for fixing pre-payment and association fees.

7) *California Indirect-Purchaser Infant Formula Antitrust Litigation,* Judicial Council Coordination Proceeding No. 2557 (L.A. Sup. Ct.) - state-wide, Cartwright Act, class action for consumers who purchased infant formula.

8) *Airport Hub Antitrust Litigation (N.D.* Ga.) - nationwide class action for price-fixing of domestic airline ticket prices.

9) *Duke Development Company v. The Stanley Works, et al. (S.F.* Sup. Ct.) - state-wide, price-fixing, Cartwright Act, class action for indirect purchasers of hinges.

10) *Exxon Valdez Spill Litigation (L.A.* Sup. Ct.) state-wide class action for economic damages suffered by California motorists caused by Exxon Valdez spill.

11) *Los Angeles Waste Antitrust Litigation (*C.D. Cal.) - county-wide, price-fixing, Cartwright Act class action involving waste disposal.

3

12) *Leslie K. Bruce, et al. v. Gerber Products Company, et al.,* Civil Case No. 948-857 (S.F. Sup. Ct.) - indirect-purchaser, price-fixing action against baby food manufacturers.

13) *Nancy Wolf v. Toyota Motor Sales, U.S.A., Inc., et al.,* Civil Action No. C94-1359-MHP - nationwide, consumer class action alleging that the TDA Assessment on the dealer invoice was raised pursuant to an antitrust agreement.

14) *Lee Bright v. Kanzaki Specialty Papers, Inc., et al.,* Civil Action No. 963-598 (S.F. Sup. Ct.) - indirect-purchaser, consumer class action alleging a price-fixing conspiracy on fax paper.

15) *Patco Enterprises v. Comet Products, Inc., et al.,* Civil Action No. 961-814 (S.F. Super Ct.) - indirect-purchaser, class action alleging a price-fixing conspiracy on plastic dinnerware.

16) *In re California X-Ray Antitrust Litigation,* Civil Action No. 960-886 (S.F. Sup. Ct.) - indirect-purchaser, class action alleging price-fixing in X-ray film.

17) *In Re Brand Name Prescription Drugs Antitrust Litigation,* Civil Action No. 94-C-897, MDL 997 (U.S. District Court - Northern District of Illinois, Eastern Division) - direct-purchaser class action alleging that the prescription drug manufacturers and wholesalers combined to keep prices unreasonably high to retail pharmacies.

18) *In Re: Liquid Carbon Dioxide Cases,* Judicial Council Coordination Proceeding No. 3012 (San Diego Sup. Ct.) - indirect-purchaser class action alleging price-fixing on carbon dioxide.

19) *Jack Davis v. Microsoft Corporation,* Civil Action No. 963-597 (S.F. Sup. Ct.) - consumer class action alleging that Microsoft's 6.0 system was flawed and should be corrected.

20) *In Re Sorbate Price-Fixing Cases;* JCCP 4073 - class action alleging that certain manufacturers of sorbate fixed prices for product sold indirectly to California purchasers.

21) *In Re Methionine Antitrust Litigation,* MDL 1311--class action alleging that certain manufacturers of methionine fixed prices to direct purchasers throughout the United States.

22) *In Re Methionine Cases,* JCCP 4090 - class action alleging that certain manufacturers of methionine fixed prices to indirect purchasers of that product in California

4

23) *Patco Enterprises, Inc., et al. v. Sunrise Carpet Industries, et al.,* SF Sup. Ct. Action No. 980454 - class action alleging that manufacturers of certain types of carpets fixed prices to indirect purchasers in California.

24) *Sanitary Paper Cases I & II,* JCCP 4019, 4027] - class action alleging that manufacturers of certain types of sanitary paper fixed prices to indirect purchasers in California.

25) *In re: Flat Glass Indirect Purchaser Antitrust Litigation,* JCCP 4033 - class action alleging that manufacturers of certain types of flat glass fixed prices to indirect purchasers in California.

26) *NASDAQ Market Makers Antitrust Litigation,* MDL 1023 94 Civ. 3996 (RWS) - nationwide class action alleging that stock trading commissions were illegally fixed.

27) *In re Vitamin Antitrust Litigation,* JCCP 4076 - statewide class action by indirect purchasers alleging a price-fixing conspiracy.

28) *In re Auctions House Antitrust Litigation,* JCCP 4145 - indirect-purchaser antitrust class action alleging that major auction houses fixed buyer commissions.

29) *In re Cigarette Price-Fixing Cases,* JCCP 4114 - California Cartwright Act class action alleging that the tobacco companies fixed prices of cigarettes to pay state settlements.

30) *In re Compact Disc Minimum Advertised Price Antitrust Litigation,* United States District Court, District of Maine, MDL No. 1361—class action alleging price fixing on music compact discs.

31) *In re Laminate Cases,* Alameda Superior Court, Master File No. 304471— indirect purchaser class action alleging price fixing on high pressure laminates.

32) *Swiss American Sausage Co. v. Pfizer, Inc.,* San Francisco Superior Court, No. 305121—indirect purchaser class action alleging price fixing on sodium erythorbate and maltol.

33) *Blair v. Cheil Jedang,* San Francisco Superior Court—indirect purchaser class action alleging price fixing on lysine.

34) *Automobile Repossession Cases,* San Francisco Superior Court—indirect purchaser class action alleging price fixing on automobile repossession services.

5

35) *Lapidus v. Crown Oil*, San Francisco Superior Court, indirect purchaser class action alleging price fixing on coconut oil.

36) *Behr Wood Sealant Cases*, San Joachin Superior Court—indirect purchaser class action alleging defective wood sealant products.

37) *Food Additives Cases*, Stanislaus Superior Court, JCCP 3261—indirect purchaser class action alleging price fixing on high fructose corn syrup.

38) *In re Liquid Asphalt*, United States District Court for the District of Montana—direct purchaser action alleging price fixing on liquid asphalt.

39) *Panel Roofing*, Los Angeles Superior Court—class action alleging price fixing on panel roofing in the Los Angeles area.

40) *Checking Account Cases*, San Francisco Superior Court—alleging unlawful termination of free checking accounts.

41) *Campbell v. Fireside Thrift*, San Francisco Superior Court, No. 316462— alleging unlawful automobile repossession practices.

42) *Groom v. Ford Motor Credit*, San Francisco Superior Court, JCCP 4281— alleging unlawful automobile repossession practices.

43) *Cipro Cases*, San Diego Superior Court, JCCP 4154 and 4220—alleging unlawful agreement to eliminate generic Cipro from the market.

44) *Labelstock Cases*, San Francisco Superior Court, JCCP 4314, 4318 and 4326—indirect purchaser class action alleging price fixing on pressure sensitive labels.

45) *Credit/Debit Card Tying Cases*, San Francisco Superior Court, JCCP 4335— alleging unlawful tying of debit cards to credit cards.

46) *Gustin Schreiner v. Crompton Corporation*, San Francisco Superior Court, No. CGC-04-429323—indirect purchaser class action alleging price fixing of NBR.

47) *Electrical Carbon Products Cases*, San Francisco Superior Court, JCCP 4294—indirect purchaser class action alleging price fixing on electrical carbon products.

48) *Polyester Staple Cases*, San Francisco Superior Court, JCCP 4278—indirect purchaser class action alleging price fixing on polyester staple.

49) *D-RAM Cases,* San Francisco Superior Court, JCCP 4265—indirect purchaser class action alleging price fixing on D-RAM.

50) *Environmental Technologies Cases,* Alameda Superior Court, JCCP 4257—indirect purchaser class action alleging price fixing on organic peroxide.

51) *Reidel v. Norfalco LLC,* San Francisco Superior Court, No. CGC-03-418080—indirect purchaser class action alleging price fixing of sulfuric acid.

52) *Villa v. Crompton Corporation,* San Francisco Superior Court, No. CGC-03-419116—indirect purchaser class action alleging price fixing of EPDM.

53) *Carbon Black Cases,* San Francisco Superior Court, JCCP 4323—indirect purchaser class action alleging price fixing of Carbon Black.

54) *Urethane Cases,* San Francisco Superior Court, JCCP 4367 -indirect purchaser class action alleging price fixing of urethane.

55) *Catfish Products Cases,* San Francisco Superior Court—indirect purchaser class action alleging price fixing of catfish products.

56) *Fattal v. Noranda,* United States District Court for the District of New Mexico—alleging worldwide price fixing of potash.

57) *In re Corn Derivatives,* United States District Court for the District of New Jersey—alleging nationwide price fixing of corn derivatives.

58) *In Re: California Polychloroprene Antitrust Cases,* Los Angeles Superior Court, JCCP 4376—indirect purchaser class action alleging price fixing of Polychloroprene rubber.

59) *Microsoft Cases I-V,* San Francisco Superior Court, JCCP 4106—indirect purchaser class action alleging monopolization by Microsoft.

60) *California Indirect Purchaser MSG Antitrust Cases,* San Francisco Superior Court, Master File No. 304471—indirect purchaser class action alleging price fixing of monosodium glutamate (MSG).

61) *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation,* United States District Court for the Northern District of California, MDL 1486—indirect purchaser multistate class action alleging price fixing of DRAM memory chips.

62) *In re: Urethane Antitrust Litigation,* United States District Court for the District of Kansas, MDL 1616—direct purchaser class action alleging price fixing of urethane chemicals.

63) *Brock v. Stolt Nielsen S.A. et al.,* San Francisco Superior Court, Case No. 429758—indirect purchaser class action alleging price fixing of shipping services.

64) *The Harman Press v. International Paper Co., et al.,* San Francisco Superior Court, Master File No. 432167—indirect purchaser class action alleging price fixing of publication paper.

65) *In re: Publication Paper Antitrust Litigation,* United States District Court for the District of Connecticut, MDL 1631—direct purchaser class action alleging price fixing of publication paper.

66) *In re: Hydrogen Peroxide Antitrust Litigation,* United States District Court for the Eastern District of Pennsylvania, Master File No. 2:05-cv-00666—indirect purchaser multistate class action alleging price fixing of hydrogen peroxide.

67) *In re OSB Antitrust Litigation,* United States District Court for the Eastern District of Pennsylvania, Master File No. 06-cv-00826—indirect purchaser multistate class action alleging price fixing of OSB.

68) *In re: Methyl Methacrylate (MMA) Antitrust Litigation,* United States District Court for the Eastern District of Pennsylvania, MDL 1768—indirect purchaser multistate class action alleging price fixing of Methyl Methacrylate (MMA).

69) *Miller, et al. v. Ajinomoto Company, Inc., et al.,* United States District Court for the Eastern District of Pennsylvania, Master File No. 2:06-cv-01862—indirect purchaser multistate class action alleging price fixing of Aspartame.

70) *Brooks, et al. v. Outokumpu Oyj, et al.,* United States District Court for the Western District of Tennessee, Master File No. 2:06-cv-02355—indirect purchaser multistate class action alleging price fixing of ACR Copper Tubing.

71) *In re Intel Corp. Microprocessor Antitrust Litigation,* United States District Court for the District of Delaware, MDL 1717—indirect purchaser multistate class action alleging monopolization by Intel of the United States microprocessor market.

72) *In re International Air Transportation Surcharge Antitrust Litigation,* United States District Court for the Northern District of California, MDL 1793—direct purchaser class action alleging price fixing of airline fuel surcharges on international flights.

73) *In re Static Random Access Memory (SRAM) Antitrust Litigation,* United States District Court for the Northern District of California, MDL 1819—indirect purchaser multistate class action alleging price fixing of SRAM memory chips.

74) *In re Graphics Processing Units Antitrust Litigation,* United States District Court for the Northern District of California, MDL 1826—direct purchaser class action alleging price fixing of Graphics Processing Units.

75) *In re: TFT-LCD (Flat Panel) Antitrust Litigation,* United States District Court for the Northern District of California, MDL 1827—direct purchaser class action alleging price fixing of TFT-LCDs or flat panels.

76) *In re Korean Airlines Passenger Antitrust Litigation,* United States District Court for the Central District of California, MDL 1891—direct purchaser class action alleging price fixing of passenger airline tickets on flights between the United States and South Korea.

77) *In re: LTL Shipping Antitrust Litigation,* United States District Court for the Northern District of Georgia, MDL 1895—indirect purchaser multistate class action alleging price fixing of fuel surcharges on "less than truckload" freight services.

78) *In re: Transpacific Passenger Air Transportation Antitrust Litigation,* MDL No. 1913—direct purchaser class action alleging price fixing of passenger airline tickets on flights containing at least one transpacific flight segment to or from the United States.

79) *In Re: Cathode Ray Tubes (CRT) Antitrust Litigation,* United States District Court for the Northern District of California, MDL No. 1917—indirect purchaser class action alleging price fixing of cathode ray tubes (CRTs) and products containing CRTs sold in the United States.

80) *In Re: Chocolate Confectionary Antitrust Litigation,* United States District Court for the Western District of Pennsylvania, MDL No. 1935—indirect purchaser class action alleging price fixing of chocolate confectionary products sold in the United States.

81) *In Re: Packaged Ice Antitrust Litigation,* United States District Court for the Eastern District of Michigan, MDL No. 1952—direct purchaser class action alleging price fixing of Packaged Ice sold in the United States.

82) *In Re: Aftermarket Filters Antitrust Litigation,* United States District Court for the Eastern District of Michigan, MDL 1957—indirect purchaser class action alleging price fixing of aftermarket automotive filters sold in the United States.

83) *In Re: Hawaiian and Guamanian Cabotage Antitrust Litigation,* United States District Court for the Western District of Washington, MDL No. 1972—direct purchaser class action alleging price fixing of domestic shipping services between the United States and Hawaii.

84) *In Re: Refrigerant Compressors Antitrust Litigation,* United States District Court for the Eastern District of Michigan, MDL No. 2042—indirect purchaser class action alleging price fixing of Hermetic Compressors sold in the United States.

# JOSEPH MARIO PATANE
*Curriculum Vitae*

Born San Francisco, California, February 20, 1950.

Education:  BA San Francisco State University, 1973; University of San Francisco School of Law 1976;  LLM Taxation, Golden Gate University School of Law 1981.

Legal Experience: Associate Trump, Kouba & Dickson, 1977-1982; Law Office of Joseph M. Patane 1982;  Presently Of Counsel to Trump, Alioto, Trump & Prescott  LLP.

Below is a list of representative complex litigation cases Mr. Patane has been and is currently involved in.

## COMPLEX LITIGATION CASES

### Complex Litigation Cases

1. **In re California Armored Cars Litigation,** MDL 387-antirtust price-fixing action brought on behalf of private class of purchasers in California.

2. **Bolton v. A.R.A. Services, Inc., et al.,** Civil Action No. C-79-2156-SW (N.D. Cal. 1980), antirust price-fixing action brought on behalf of purchasers of publications.

3. **Day N Night Market v. Robin Industries, Inc., et al.,** Civil Action No. 772-241-antitrust price-fixing case for class of indirect purchasers of shopping carts.

4. **Monterosso v. Cambridge-Lee Industries, Inc., et al.,** (S.F. Sup. Ct. 1983)-indirect-purchaser, antitrust class action by California purchasers of copper tubing.

5. **Duke Development Company v. The Stanley Works, et al.** (S. F. Sup Ct.)-state0wide, price-fixing, Cartwright Act, class action for indirect purchasers of hinges.

6. **Nancy Wolf v. Toyota Motor Sales. U.S.A., Inc., et al.,** Civil Action No. C94-1359-MHP-nationwide, consumer class action alleging that the TDA Assessment on the dealer invoice was raised pursuant to an antirust agreement.

7. **Lee Bright v. Kanzaki Specialty Papers, Inc., et al.,** Civil Action No. 963-598 (S.F. Sup. Ct.)-indirect-purchaser, consumer class action alleging a price-fixing conspiracy on fax paper.

8. **Patco Enterprises v. Comet Products, Inc., et al.,** Civil Action No. 961-814 (S.F. Super Ct.)-indirect-purchaser, class action alleging a price-fixing conspiracy on plastic dinnerware.

9. **In Re: Liquid Carbon Dioxide Cases,** Judicial Council Coordination Proceeding No. 3012 (San Diego Sup. Ct.)-indirect-purchaser class action alleging price-fixing on Carbon Dioxide.

10. **In Re: Sorbate Price-Fixing Cases;** JCCP 4073-class action alleging that certain manufacturers of sorbate fixed prices of that product sold indirectly to California purchasers.

11. **In Re Methionine Antirust Litigation,** MDL 1311-class action alleging that certain manufacturers of methionine fixed prices to direct purchasers throughout the United States.

12. **In Re Methionine Cases**, JCCP 4090-class action alleging that certain manufacturers of methionine fixed prices to indirect purchasers of that product in California.

13. **Patco Enterprises, Inc., et al. V. Sunrise Carpet Industries, et al.**, SF Sup. St. Action No 980454-class action alleging that manufacturers of certain types of carpets fixed prices to indirect purchasers in California.

14. **In re Vitamin Antitrust Litigation**, JCCP 4076-statewide class action by indirect purchasers alleging a price-fixing conspiracy.

15. **In re Auction House Antitrust Litigation**, JCCP 4145-indirect-purchaer antirust class action alleging that major auction houses fixed buyer commissions.

16. **In re Cigarette Price-Fixing Cases**, JCCP 4114-Califonia Cartwright Act class action alleging that the tobacco companies fixed prices of cigarettes to pay state settlements.

17. **In re Compact Disc Minimum Advertised Price Antitrust Litigation**, United States District Court, District of Maine, MDL No. 1361-class action alleging price fixing on music compact discs.

18. **In re Laminate Cases**, Alameda Superior Court, Master File No. 304471-indirect purchaser class action alleging price fixing on high pressure laminates.

19. **Swiss American Sausage Co v. Pfizer, Inc.**, San Francisco Superior Court, No. 305121-indirect purchaser class action alleging price fixing on sodium erythorbate and maltol.

20. **Lapidus v. Crown Oil**, San Francisco Superior Court, indirect purchaser class action alleging price fixing on coconut oil.

21. **Behr Wood Sealant Cases**, San Joachin Superior Court-indirect purchaser class action alleging defective wood sealant products.

22. **Panel Roofing**, Los Angeles Superior Court-class action alleging price fixing on panel roofing in the Los Angeles area.

23. **Cipro Cases**, San Diego Superior Court, JCCP 4154 and 4220-alleging unlawful agreement to eliminate generic Cipro from the market.

24. **Labelstock Cases,** San Francisco Superior Court, JCCP 4314, 4318 and 4326-indirect purchaser class action alleging price fixing on pressure sensitive labels.

25. **Credit/Debit Cart Typing Cases,** San Francisco Superior Court, JCCP 4335-alleging unlawful typing of debit cards to credit cards.

26. **Gustin Schreiner v. Crompton Corporation,** San Francisco Superior Court, No. CGC-04-429323-indirect purchaser class action alleging price fixing of NBR.

27. **Electrical Carbon Products Cases,** San Francisco Superior Court, JCCP 4294-indrect purchaser class action alleging price fixing on electrical carbon products.

28. **Polyester Staple Cases,** San Francisco Superior Court, JCCP 4278-indirect purchaser class action alleging price fixing on polyester staple.

29. **DRAM Cases,** San Francisco Superior Court, JCCP 4265 and U.S. District Court for the Northern District of California. -indirect purchaser class action alleging price fixing on DRAM.

30. **Environmental Technologies Cases,** Alameda Superior Court, JCCP 4257-indirect purchaser class action alleging price fixing on organic peroxide.

31. **Reidel v. Norfalco LLC,** San Francisco Superior Court, No. CGC-03-418080-indirect purchaser class action alleging price fixing of sulfuric acid.

32. **Villa v. Crompton Corporation,** San Francisco Superior Court, No. CGC-03-418080-indirect purchaser class action alleging price fixing of EPDM.

33. **Carbon Black Cases,** San Francisco Superior Court, JCCP No. 4324-indirect purchaser class action alleging price fixing of Carbon Black.

34. **Urethane Cases,** San Francisco Superior Court, JCCP No. 4367-indriect purchaser class action alleging price fixing of urethane.

35. **In Re Polychloroprene Antitrust Cases,** JCCP No. 4376, Los Angeles Superior Court-indirect purchaser class action alleging price fixing of polychloroprene rubber.

36. **The Harman Press et al.,** v. International Paper Co. Master File No. CGC-04-432167, San Francisco Superior Court-indirect purchaser class action alleging price fixing of publication paper.

37. **California Indirect Purchaser MSG-Antitrust Cases.** Master File No. 3044471, San Francisco Superior Court.  Indirect Purchaser class action alleging price fixing of Monosodium Glutamate.

38. **In Re: OSB Antitrust Litigation** Master File: No 06-CV-00826 (PSD) US District Court for the Eastern District of Pennsylvania .  Indirect Purchaser class action alleging price fixing of Oriented Strand Board.

39. **IN RE; TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION.** MDL No. M-07-1827-SI. US District Court for the Northern District of California. Indirect Purchaser class action alleging price fixing of LCD Products, including Televisions, Computer Monitors and Laptops.

40. **In Re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION.** MDL No. M-07-5944 SC. US District Court for the Northern District of California. Indirect Purchaser class action alleging price fixing of CRT Products, including Televisions and Computer Monitors.

# LAUREN C. CAPURRO

*Curriculum Vitae*

Ms. Capurro is a 2002 graduate of the University Of Leeds, England with a Bachelor of Laws (LLB) with a specialization in European Law. Ms. Capurro also holds a D.E.U.G. Deux en Driot (2nd Year Diploma in Law) from L'Université Du Maine, Le Mans, France. She is also a 2004 graduate of the University Of California Hastings College of the Law with a Master of Laws (LLM) degree. While at U.C. Hastings, Ms. Capurro was the recipient of the CALI Academic Excellence Award and Witkin Award for Legal Research and Writing.

Ms. Capurro is admitted to practice before the State Bar of New York and the State Bar of California. She is also a qualified Solicitor admitted to practice before the courts of England and Wales. She is also admitted to practice before the United States Court of Appeals for the Ninth Circuit and several United States District Courts across the United States.

Upon graduation from law school, Ms. Capurro joined Trump, Alioto, Trump & Prescott, LLP working on complex civil litigation. Her practice focuses on state and federal antitrust, unfair competition and consumer protection class actions. During 10 years of practice in this area, Ms. Capurro has been involved in around 40 such cases. Ms. Capurro has significant experience representing plaintiffs in complex civil litigation, particularly antitrust class actions in federal court.

Ms. Capurro has played a lead role along with other members of Trump, Alioto, Trump & Prescott, LLP as sole lead counsel for the indirect purchaser plaintiffs in *In re Cathode Ray Tube (CRT) Antitrust Litigation,* 3:07-cv-5944-SC, pending before the Honorable Samuel Conti in the United States District Court for the Northern District of California. She also played a lead role as part of a four-firm co-lead counsel structure in the *In Re: Aftermarket Filters Antitrust Litigation,* 1:08-cv-4883-RWG, before the Honorable Robert W. Gettleman in the United States District Court for the Northern District of Illinois.

Ms. Capurro has been recognized by Northern California Super Lawyers as a Rising Star of Antitrust Law in 2012, 2013, 2014 and 2015.

1

Below is a list of representative complex litigation cases Ms. Capurro has been and is currently involved in.

## COMPLEX LITIGATION CASES

1) *In re: Flat Glass Indirect Purchaser Antitrust Litigation,* JCCP 4033 - class action alleging that manufacturers of certain types of flat glass fixed prices to indirect purchasers in California.

2) *In re Laminate Cases,* Alameda Superior Court, Master File No. 304471— indirect purchaser class action alleging price fixing on high pressure laminates.

3) *Food Additives Cases,* Stanislaus Superior Court, JCCP 3261—indirect purchaser class action alleging price fixing on high fructose corn syrup.

4) *Cipro Cases,* San Diego Superior Court, JCCP 4154 and 4220—alleging unlawful agreement to eliminate generic Cipro from the market.

5) *Labelstock Cases,* San Francisco Superior Court, JCCP 4314, 4318 and 4326—indirect purchaser class action alleging price fixing on pressure sensitive labels.

6) *Credit/Debit Card Tying Cases,* San Francisco Superior Court, JCCP 4335— alleging unlawful tying of debit cards to credit cards.

7) *Gustin Schreiner v. Crompton Corporation,* San Francisco Superior Court, No. CGC-04-429323—indirect purchaser class action alleging price fixing of NBR.

8) *Electrical Carbon Products Cases,* San Francisco Superior Court, JCCP 4294—indirect purchaser class action alleging price fixing on electrical carbon products.

9) *Polyester Staple Cases,* San Francisco Superior Court, JCCP 4278—indirect purchaser class action alleging price fixing on polyester staple.

10) *DRAM Cases,* San Francisco Superior Court, JCCP 4265—indirect purchaser class action alleging price fixing on D-RAM.

11) *Environmental Technologies Cases,* Alameda Superior Court, JCCP 4257— indirect purchaser class action alleging price fixing on organic peroxide.

12) *Reidel v. Norfalco LLC,* San Francisco Superior Court, No. CGC-03-418080—indirect purchaser class action alleging price fixing of sulfuric acid.

13) *Villa v. Crompton Corporation,* San Francisco Superior Court, No. CGC-03-419116—indirect purchaser class action alleging price fixing of EPDM.

14) *Carbon Black Cases,* San Francisco Superior Court, JCCP 4323—indirect purchaser class action alleging price fixing of Carbon Black.

15) *Urethane Cases,* San Francisco Superior Court, JCCP 4367 -indirect purchaser class action alleging price fixing of urethane.

16) *In Re: California Polychloroprene Antitrust Cases,* Los Angeles Superior Court, JCCP 4376—indirect purchaser class action alleging price fixing of Polychloroprene rubber.

17) *California Indirect Purchaser MSG Antitrust Cases,* San Francisco Superior Court, Master File No. 304471—indirect purchaser class action alleging price fixing of monosodium glutamate (MSG).

18) *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation,* United States District Court for the Northern District of California, MDL 1486—indirect purchaser multistate class action alleging price fixing of DRAM memory chips.

19) *In re: Urethane Antitrust Litigation,* United States District Court for the District of Kansas, MDL 1616—direct purchaser class action alleging price fixing of urethane chemicals.

20) *Brock v. Stolt Nielsen S.A. et al.,* San Francisco Superior Court, Case No. 429758—indirect purchaser class action alleging price fixing of shipping services.

21) *The Harman Press v. International Paper Co., et al.,* San Francisco Superior Court, Master File No. 432167—indirect purchaser class action alleging price fixing of publication paper.

22) *In re: Publication Paper Antitrust Litigation,* United States District Court for the District of Connecticut, MDL 1631—direct purchaser class action alleging price fixing of publication paper.

23) *In re: Hydrogen Peroxide Antitrust Litigation,* United States District Court for the Eastern District of Pennsylvania, Master File No. 2:05-cv-00666—indirect purchaser multistate class action alleging price fixing of hydrogen peroxide.

24) *In re OSB Antitrust Litigation,* United States District Court for the Eastern District of Pennsylvania, Master File No. 06-cv-00826—indirect purchaser multistate class action alleging price fixing of OSB.

25) *In re: Methyl Methacrylate (MMA) Antitrust Litigation,* United States District Court for the Eastern District of Pennsylvania, MDL 1768—indirect purchaser multistate class action alleging price fixing of Methyl Methacrylate (MMA).

26) *Miller, et al. v. Ajinomoto Company, Inc., et al.,* United States District Court for the Eastern District of Pennsylvania, Master File No. 2:06-cv-01862—indirect purchaser multistate class action alleging price fixing of Aspartame.

27) *Brooks, et al. v. Outokumpu Oyj, et al.,* United States District Court for the Western District of Tennessee, Master File No. 2:06-cv-02355—indirect purchaser multistate class action alleging price fixing of ACR Copper Tubing.

28) *In re Intel Corp. Microprocessor Antitrust Litigation,* United States District Court for the District of Delaware, MDL 1717—indirect purchaser multistate class action alleging monopolization by Intel of the United States microprocessor market.

29) *In re International Air Transportation Surcharge Antitrust Litigation,* United States District Court for the Northern District of California, MDL 1793—direct purchaser class action alleging price fixing of airline fuel surcharges on international flights.

30) *In re Static Random Access Memory (SRAM) Antitrust Litigation,* United States District Court for the Northern District of California, MDL 1819—indirect purchaser multistate class action alleging price fixing of SRAM memory chips.

31) *In re Graphics Processing Units Antitrust Litigation,* United States District Court for the Northern District of California, MDL 1826—direct purchaser class action alleging price fixing of Graphics Processing Units.

32) *In re: TFT-LCD (Flat Panel) Antitrust Litigation,* United States District Court for the Northern District of California, MDL 1827—direct purchaser class action alleging price fixing of TFT-LCDs or flat panels.

33) *In re Korean Airlines Passenger Antitrust Litigation,* United States District Court for the Central District of California, MDL 1891—direct purchaser class action alleging price fixing of passenger airline tickets on flights between the United States and South Korea.

34) *In re: LTL Shipping Antitrust Litigation,* United States District Court for the Northern District of Georgia, MDL 1895—indirect purchaser multistate class action alleging price fixing of fuel surcharges on "less than truckload" freight services.

35) *In re: Transpacific Passenger Air Transportation Antitrust Litigation,* MDL No. 1913—direct purchaser class action alleging price fixing of passenger airline tickets on flights containing at least one transpacific flight segment to or from the United States.

36) *In Re: Cathode Ray Tubes (CRT) Antitrust Litigation,* United States District Court for the Northern District of California, MDL No. 1917—indirect purchaser class action alleging price fixing of cathode ray tubes (CRTs) and products containing CRTs sold in the United States.

37) *In Re: Chocolate Confectionary Antitrust Litigation,* United States District Court for the Western District of Pennsylvania, MDL No. 1935—indirect purchaser class action alleging price fixing of chocolate confectionary products sold in the United States.

38) *In Re: Packaged Ice Antitrust Litigation,* United States District Court for the Eastern District of Michigan, MDL No. 1952—direct purchaser class action alleging price fixing of Packaged Ice sold in the United States.

39) *In Re: Aftermarket Filters Antitrust Litigation,* United States District Court for the Eastern District of Michigan, MDL 1957—indirect purchaser class action alleging price fixing of aftermarket automotive filters sold in the United States.

40) *In Re: Hawaiian and Guamanian Cabotage Antitrust Litigation,* United States District Court for the Western District of Washington, MDL No. 1972—direct purchaser class action alleging price fixing of domestic shipping services between the United States and Hawaii.

41) *In Re: Refrigerant Compressors Antitrust Litigation,* United States District Court for the Eastern District of Michigan, MDL No. 2042—indirect purchaser class action alleging price fixing of Hermetic Compressors sold in the United States.

**SUPPLEMENTAL STATEMENT BY LAW OFFICES OF FRANCIS O. SCARPULLA**

**RE FEE ALLOCATION**

1   Mario N. Alioto (56433)
    Joseph M. Patane (72202)
2   Lauren C. Capurro (241151)
    TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
3   2280 Union Street
    San Francisco, CA  94123
4   Telephone:  (415) 563-7200
    Facsimile:   (415) 346-0679
5   Email: malioto@tatp.com
    Email: jpatane@tatp.com
6   Email: laurenrussell@tatp.com

7   *Counsel for Class Representative Deborah Patane*

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                          COUNTY OF SAN DIEGO

11

12

13
    Coordination Proceeding Special Title      )   Case No. J.C.C.P. Nos. 4154 and 4220
14  (Rule 1550(b)):                            )
                                               )
15      CIPRO CASES I and II                   )   **PROOF OF SERVICE VIA CASELINK**
                                               )
16  _____          )
                                               )
17      This Document Relates To:              )
                                               )   Date:  October 7, 2016
18      ALL ACTIONS                            )   Time:  2:00 p.m.
                                               )   Department: C-62
19                                             )
                                               )   The Honorable Ronald L. Styn
20                                             )   Coordination Trial Judge
                                               )
21  _____          )

22

23

24

25

26

27

28

                                      1

1    I, Lauren C. Capurro, declare:

2        I am, and was at the time of service of the papers herein referred to, over the age of

3    eighteen years, and not a party to the action.  I am employed in the City and County of San

4    Francisco, State of California.  My business address is 2280 Union Street, San Francisco,

5    California 94123.

6        On September 22, 2016, I served the following document(s):

7    **1.  JOINDER OF TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP IN MOTION**
8    **FOR ATTORNEYS' FEES, REIMBURSEMENT OF COSTS, LITIGATION**
     **COST ADVANCE, AND INCENTIVE AWARDS**
9

10   **2.  DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF JOINDER OF**
     **TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP IN MOTION FOR**
11   **ATTORNEYS' FEES, REIMBURSEMENT OF COSTS, LITIGATION COST**
     **ADVANCE, AND INCENTIVE AWARDS**
12

13   by CaseLink Electronic filing on all persons appearing on the Service List.

14       I declare under penalty of perjury under the laws of the State of California that the

15   foregoing is true and correct.  Executed on September 22, 2016 in San Francisco, California.

16

17

18   Lauren C. Capurro

19

20

21

22

23

24

25

26

27

28

2

PROOF OF SERVICE -- J.C.C.P. NOS. 4154 AND 4220