MARIO N. ALIOTO, SBN: 56433
LAUREN C. CAPURRO, SBN: 241151
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

*Lead Counsel for the Indirect Purchaser Plaintiffs*

JOSEPH GOLDBERG
FREEDMAN BOYD HOLLANDER
GOLDBERG URIAS & WARD P.A.
20 First Plaza N.W., Suite 700
Albuquerque, NM 87102
Telephone: (505) 842-9960
Facsimile: (505) 842-0761

*Attorneys for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:07-cv-5944 MDL No. 1917 |
| | **CLASS ACTION** |
| This Document Relates to: All Indirect Purchaser Actions | **DECLARATION OF JOSEPH GOLDBERG IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5** |
| | Judge: Honorable Samuel Conti Courtroom One, 17th Floor |

1    I, Joseph Goldberg, declare as follows:

2         1.      I am an attorney duly licensed by the State of New Mexico and am admitted to

3    practice before this Court. I am a shareholder in the law firm of Freedman Boyd Hollander

4    Goldberg Urias & Ward, P.A., and a counsel for the Indirect Purchaser Plaintiffs ("IPPs") in the

5    above-captioned action. I make this declaration in support of the Administrative Motion to File

6    Under Seal Pursuant to Civ. L. R. 7-11 and 79-5(d) filed by Cooper & Kirkham, P.C. (ECF No.

7    4879). Except where otherwise stated, the matters set forth herein are within my personal

8    knowledge and if called upon and sworn as a witness I could competently testify regarding them.

9         2.      On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter

10   (Dkt. No. 306) (the "Protective Order")

11        3.      Pursuant to the Stipulated Protective Order, IPPs have designated their time records

12   as Highly Confidential because some of IPP Counsel's billing records contain attorney- client

13   privileged information , attorney work product information, and/or information relating to IPP

14   Counsel's preparation for trial .

15        4.      On September 24, 2016, Cooper & Kirkham, P.C. filed the Motion to Seal and

16   lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), the entirety of

17   Exhibits 1-6 to the Second Declaration of Josef D. Cooper in Support of Cooper & Kirkham,

18   P.C.'s Objection to Lead Counsel's Revised Proposed Allocation of Aggregate Fee Award to IPP

19   Counsel (ECF No. 4879-3). I was not served by Mr. Cooper with an unsealed copy of this motion,

20   and only received a copy of the sealed motion per ECF.   I was subsequently provided, on

21   September 27, 2016, with an unsealed copy of the motion.

22        5.      On September 24, 2016, Cooper & Kirkham P.C. filed the Declaration of John

23   Bogdanov in Support of the Motion to Seal (ECF No. 4879-1), which states that Exhibits 1-6 of

24   the Second Declaration of Josef D. Cooper are filed entirely under seal because they contain

25   analyses of, reference to, and/or information taken directly from material designated by IPPs as

26   Highly Confidential under the Stipulated Protective Order.

27        6.      Pursuant to Civil Local Rule 7-11 and 79-5, and the Stipulated Protective Order, the

28

---

1

following materials should be maintained under seal:

      a.   Exhibit 6 to the Second Declaration of Josef Coops (ECF No. 4879-3), which are excerpts of my firm's daily billing records.

    7.    Exhibit 6 should remain under seal because it contains confidential attorney work product information, including attorney mental impressions, strategy and thought processes, and confidential settlement communications.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of September, 2016.

/s/ Joseph Goldberg
JOSEPH GOLDBERG

DECLARATION OF JOSEPH GOLDBERG IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE
DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5
Case No. 3:07-cv-5944, MDL No. 1917