Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

***Lead Counsel for the Indirect Purchaser Plaintiffs***

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST;<br>No. CV-13-03234-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **OPPOSITION TO MOTION TO STRIKE DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF LEAD COUNSEL'S OMNIBUS RESPONSE TO OBJECTIONS TO PROPOSED ALLOCATION OF AGGREGATE FEE AWARD TO INDIRECT PURCHASER PLAINTIFFS' COUNSEL, ECF NO. 4874**<br><br>Hearing Date: October 5, 2016<br>Time: 11:00 a.m.<br>Before: Special Master Martin Quinn<br>Court: JAMS<br><br>Judge: Honorable Jon S. Tigar |

Pursuant to the Special Master's Order Re Process for Allocating Attorneys' Fees No. 2 (ECF No. 4880), Lead Counsel hereby opposes the Motion to Strike Declaration of Mario N. Alioto In Support of Lead Counsel's Omnibus Response to Objections to Proposed Allocation of Aggregate Fee Award to Indirect Purchaser Plaintiffs' Counsel, ECF No. 4874, filed by Cooper & Kirkham, P.C. ("C&K").[1]

**INTRODUCTION**

There is no basis to strike any part of the Declaration of Mario N. Alioto In Support of Lead Counsel's Omnibus Response to Objections to Proposed Allocation of Aggregate Fee Award to Indirect Purchaser Plaintiffs' Counsel, ECF No. 4853-1 ("Alioto Decl."). The statements in the Alioto Declaration are supported by the admissions of Mr. Cooper ("Cooper") himself and other admissible evidence, all submitted herewith. Cooper's objections go to the weight of the evidence, not its admissibility. The Motion to Strike must therefore be denied. Finally, having put his timesheets in issue, Cooper must produce them on an expedited basis.

**ARGUMENT**

**I. Cooper Has Admitted Much of the Conduct Described in the Alioto Declaration**

Cooper is attempting to strike certain portions of the Alioto Declaration which demonstrate Cooper's unauthorized work in the case (which work was also at odds with the work of other IPP Counsel in the case) and the relative value of C&K's overall contribution to the case. We are submitting further evidence in support of these claims. (*See* Declaration of Mario N. Alioto in Support of Opposition to Motion to Strike ("Alioto MTS Decl."), ¶¶ 2-8; Declaration of Lauren C. Capurro in Support of Opposition to Motion to Strike ("Capurro Decl."), ¶¶ 2-34.) We also ask the

[1] The Law Offices of Francis O. Scarpulla ("Scarpulla") filed an untimely joinder in the Motion to Strike on September 27, 2016 (ECF No. 4890). This joinder was filed four days after the September 23, 2016 deadline for replies in support of objections, and three days after the Motion to Strike was filed. The Special Master ordered Lead Counsel to respond to the Motion to Strike within six days of its filing—eight days less than the 14 days permitted under Civil Local Rule 7-3 for responding to motions. Thus, it would be prejudicial to Lead Counsel to have to respond to Scarpulla's joinder within three days. In addition, Scarpulla's "joinder" moves to strike additional paragraphs of the Alioto Declaration not included in C&K's motion, based on different arguments. It is therefore not a joinder—it is an independent motion to strike. Scarpulla's motion to strike should itself be stricken as improper and untimely.

Court to consider a number of admissions by Cooper himself which substantiate our claims against him.

Cooper admits to speaking with Scarpulla about this case in the early years (i.e. the period from November 2007 through April 2010). (Second Declaration of Josef D. Cooper In Support of Cooper & Kirkham P.C.'s Objection to Lead Counsel's Revised Proposed Allocation of Aggregate Fee Award to IPP Counsel, ECF No. 4879-3 ("Second Cooper Decl.") ¶ 8.) Cooper had no assignment in this time period, much less an assignment with Scarpulla. (*Id*. at ¶¶ 3-4.) In this time period, Scarpulla was involved in a host of unauthorized activities such as communications with defense counsel. (*See, e.g.,* Scarpulla time entries dated 5/27/2008; 9/29/2008; 11/17/2008 (ECF No. 4818-2).)

Mr. Bogdanov appeared in Court on April 5, 2013 on the preliminary approval motion for the Philips Settlement with the CA AG in the CA AG's case filed in the San Francisco Superior Court. (Second Cooper Decl. at ¶ 11.) Lead Counsel was also present in Court that day. (Alioto MTS Decl. ¶ 2.) Cooper fails to mention that he was also in Court that day. However, after exchanging greetings with Lead Counsel, he abruptly left. (*Id*.) Cooper admits that he was involved in multiple "telephone calls and emails" thereafter about how to approach achieving a resolution of this dispute. (Second Cooper Decl. ¶ 11.) But Cooper was not assigned to this matter and had no business getting involved in it, which was by its very nature at cross purposes to what other (assigned) IPP Counsel were doing.

Mr. Bogdanov likewise admits to discussing "Philips issues" with the CA AG after the April 5, 2013 hearing. (Second Declaration of John Bogdanov in Support of Cooper & Kirkham, P.C.'s Objection to Lead Counsel's Proposed Allocation of Aggregate Fee Award to Indirect Purchaser Plaintiffs' Counsel ("Second Bogdanov Decl."), ¶ 21.) He further admits to suggesting to Ms. Zahid "that members of her firm and [C&K] could get together in the following week or so to utilize a window of opportunity for a potential settlement with Philips." (*Id*.) Mr. Bogdanov claims that "he never attended such a meeting and [is] not aware that one took place." (*Id*.) But his time records show that he and Cooper were involved in Philips settlement discussions on several occasions in the days and weeks after the April 5, 2013, including "prepar[ing] information about state of evidence

[against Philips]." (Bogdanov time entries dated 4/4/2013; 4/5/2013; 4/9/2013; and 4/16/2013).[2] These activities culminated in the April 30, 2013 email from Mr. Bogdanov (on which Cooper and Scarpulla are copied) regarding Philips' potential liability. (ECF No. 4871-1, Exhibit G.) In light of Mr. Bogdanov's time records and his various admissions regarding his involvement in this matter, the only reasonable reading of this email is that he was advocating in favor of settling with Philips. Like Cooper, Bogdanov was not assigned to this matter and should not have involved himself in it.

Cooper admits that he talked frequently with the CA AG, and admits that he discussed this case with him. (Cooper Second Decl. at ¶ 13.) Again, this was by its very nature at cross purposes with work that was being done by other (assigned) IPP Counsel. And, of course, this was all done in secret.

The record is uncontroverted that Cooper (and Scarpulla) "presented themselves" to Special Master Walker. (*See* ECF 3200 at 5.) Special Master Walker was handling a number of important litigated matters, as well as settlement negotiations. Lead Counsel did not ask Cooper and Scarpulla to get involved with Special Master Walker. Once again, their actions were at cross purposes with what other IPP Counsel were doing. And, once again, it was all done in secret.

Cooper admits, albeit in a roundabout way, that he was involved in the proceedings before the Special Master, which were being spearheaded by Scarpulla. The CA AG was involved as well. (Cooper Second Decl. ¶ 16.) The record is absolutely clear that Cooper was involved in approaching the Special Master, and was involved in whatever else followed before the Special Master.

## II. Cooper's Objections to the Alioto Declaration Go to the Weight of the Evidence, Not its Admissibility, and Must Be Overruled

There is no basis to strike paragraphs 22-25 of the Alioto Declaration. These paragraphs describe Cooper's involvement with the California AG and the Philips' settlement. Cooper admits his involvement in these matters.

In paragraph 25, Lead Counsel states his belief, based upon known facts, as to what Cooper was doing behind the scenes. Only Cooper knows for sure what was going on. He should disclose

[2] Lead Counsel is not attaching copies of Mr. Bogdanov's time records because the Court, the Special Master and all interested parties already have copies of them.

what he knows, not try to strike Lead Counsel's well-supported belief. Then the Court can weigh the evidence and decide the matter.

There is also no basis to strike the first sentence of paragraph 26, or paragraphs 28 or 30 of the Alioto Declaration. Special Master Walker stated on the record that Cooper and Scarpulla "presented themselves" to him. (ECF No. 3200 at 5.) This is uncontroverted. Thereafter, Judge Walker issued a report suggesting that Cooper and Scarpulla be appointed Co-Lead Counsel. The clear implication, the only implication, is that they were complaining that the case was not being handled properly and that they should be appointed to handle settlement negotiations with the Defendants. But they were dead wrong, as borne out by the settlements obtained by Lead Counsel. Significantly, Scarpulla does not deny that he and the CA AG told Special Master Walker that Lead Counsel was overvaluing the case, or that he told Lead Counsel that Samsung SDI would pay no more than $50 million. There is no basis to strike statements in the Alioto Declaration relating to Cooper and Scarpulla's unauthorized communications with Judge Walker.

Nor should the Court strike statements in the Alioto Declaration relating to Lead Counsel's suspicions (based upon facts) that Cooper and Scarpulla were discussing settlement of the case with the defendants, posing the threat of a reverse auction. Cooper and Scarpulla need to present their version of the facts so that the Court can weigh the evidence. In addition, Mr. Alioto's statements relaying what defense counsel said to him during the settlement negotiations (Alioto Decl. ¶ 30) are not hearsay. They are not offered for the truth of the matter stated therein, i.e. that defense counsel would in fact have done a deal with Scarpulla and Cooper. They are offered on the basis of Mr. Alioto's personal knowledge to show that defense counsel made those statements and support his belief that Scarpulla and Cooper created the specter of a reverse auction. (*See* Rutter Group Prac. Guide Fed. Civ. Trials & Ev. Ch. 8G-B ("Though made outside court, a statement is not hearsay if offered for some purpose other than to prove the truth of the matter asserted (e.g., to show only that the statement was made or to show a certain effect on the hearer or reader"); *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1108 (9th Cir. 2012) (where litigant offered "a report only to show that the 'statement ... was made' rather than for its truth," it was not hearsay).) There is no basis to strike the Alioto statements.

Finally, there is also no basis to strike paragraphs 34-37 of the Alioto Declaration. Mr. Alioto has personal knowledge of the work done by Ms. Capurro and Mr. Bogdanov in this case. (Alioto MTS Decl. ¶ 6.) For example, Mr. Alioto was often copied on the meet and confer correspondence with Philips' counsel. (*Id.* ¶ 7.) Mr. Alioto knows who took the Philips depositions, and spoke to Mr. Bogdanov himself to confirm that he did not wish to take the Philips merits depositions before contacting Ms. Pritchard. (*Id.* ¶ 5.) Mr. Alioto also has personal knowledge of who drafted the briefs relating to Philips in this case because he was directly involved in reviewing and editing those briefs. (*Id.* ¶ 8.) In addition, Ms. Capurro is submitting a declaration herewith to corroborate the statements made in paragraphs 34-37 of the Alioto Declaration. (Capurro Decl. ¶¶ 5-27.) These statements are thus well-supported and should not be stricken.

## III. Cooper Must Produce His Timesheets

Cooper has sedulously refused to produce his timesheets. He produced the timesheets of Ms. Kirkham and Mr. Bogdanov, but not his own. He stated that since he was not seeking compensation for his time, his timesheets were irrelevant.

That has all changed now. Cooper has put his timesheets in issue. He admits in his declaration that he refreshed his recollection by reviewing timesheets of members of C&K (his firm), among others. (Second Cooper Decl. ¶ 2.) Since Cooper's timesheets form a basis for his recollection, we should be allowed to review them. (Fed. R. Evid. 612 ("an adverse party is entitled to have the writing [a witness uses to refresh a memory] produced . . . , to inspect it, to cross examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony.")

Moreover, these timesheets are crucial evidence of what Cooper was doing behind the scenes. Cooper points to the timesheets of Zelle, Scarpulla and Trump, Alioto (all in the record). But he says nothing about his own timesheets (not in the record).

The Court and the Special Master have consistently expressed an interest in transparency in this matter. Cooper has availed himself of this transparency and has received voluminous time and expense records from IPP Counsel. Cooper should now be held to the same standard. The Special Master should exercise his discretion to require production on an expedited basis, as was done in the

past. (*See* ECF No. 4211 (Special Master's Order requiring Lead Counsel to produce his firm's time records and those of the trial team within four days).)

**CONCLUSION**

For all of the foregoing reasons, the Motion to Strike must be denied.

Dated: September 30, 2016

Respectfully submitted,

By: */s/ Mario N. Alioto*

Mario N. Alioto (56433)
malioto@tatp.com
Joseph M. Patane (72202)
jpatane@tatp.com
Lauren C. Capurro (241151)
laurenrussell@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415-346-0679

***Lead Counsel for Indirect Purchaser Plaintiffs***

6

OPPOSITION TO MOTION TO STRIKE DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF LEAD COUNSEL'S OMNIBUS RESPONSE TO OBJECTIONS TO PROPOSED ALLOCATION OF AGGREGATE FEE AWARD TO INDIRECT PURCHASER PLAINTIFFS' COUNSEL, Master File No. CV-07-5944-JST