Exhibit 3

## Lauren Capurro (Russell)

| | |
|---|---|
| **From:** | Lauren Russell <LaurenRussell@tatp.com> |
| **Sent:** | Tuesday, April 10, 2012 9:59 AM |
| **To:** | 'andreas.stargard@bakerbotts.com' |
| **Cc:** | 'charles.malaise@bakerbotts.com' |
| **Subject:** | RE: CRT/Philips Finished Product Custodians |
| **Attachments:** | Philips Letter 4.10.12.pdf |

Great – thank you. I've attached a letter memorializing our agreement. I've set it up for John Talady's signature since you are leaving soon. Please ask John to countersign and return. Thanks.

Lauren

---

**From:** andreas.stargard@bakerbotts.com [mailto:andreas.stargard@bakerbotts.com]
**Sent:** Tuesday, April 10, 2012 9:29 AM
**To:** LaurenRussell@tatp.com
**Cc:** charles.malaise@bakerbotts.com
**Subject:** RE: CRT/Philips Finished Product Custodians

Lauren, that reading wasn't clear to me, but if you agree that there is no waiver of those objections as to these documents or any other discovery, we are fine with that.

---

**From:** Lauren Russell [mailto:LaurenRussell@tatp.com]
**Sent:** Monday, April 09, 2012 21:21
**To:** Stargard, Andreas
**Cc:** Malaise, Charles
**Subject:** RE: CRT/Philips Finished Product Custodians

Am I correct that you have excluded the following language from paragraph 2 of my proposal: "and to not exclude documents from such production on the basis that they pre-date the statute of limitations or do not pertain to U.S. sales or customers." What is the hang up with this language? We're not asking you to waive these objections – you will be producing subject to them. And the production will be limited to the 7 agreed-upon custodians. The whole purpose of the custodian agreement is to overcome these objections. It would be helpful if I could understand your position. Thanks.

Lauren

---

**From:** andreas.stargard@bakerbotts.com [mailto:andreas.stargard@bakerbotts.com]
**Sent:** Monday, April 09, 2012 2:44 PM
**To:** LaurenRussell@tatp.com
**Cc:** charles.malaise@bakerbotts.com
**Subject:** RE: CRT/Philips Finished Product Custodians

Lauren,
Yes, as discussed at the Ganz depo in SF, we have an agreement that Philips will review and produce records from the agreed-upon custodians identified in your e-mail below. As to the language used below, we suggest this changed version thereof:

The Philips Defendants agree to search and produce documents and transactional data responsive to Indirect Purchaser Plaintiffs' ("Plaintiffs") outstanding discovery requests from the custodial files (including without limitation email boxes, hard drives and paper copy files, to the extent available) of Messrs. Mintz, Selbeck, Coenraad, Costello, Neilson, Power, and Pechon.  Pursuant to the Stipulation and Order Re: Voluntary Withdrawal of Indirect Purchaser Plaintiffs' Claims as to Alleged Conspiracy Directed Towards CRT Finished Products, the Philips Defendants need not search for or produce documents responsive to Plaintiffs' requests seeking documents relevant to a finished product conspiracy.  The Philips Defendants do not concede that such materials are relevant or admissible for any purpose, or that the scope of this agreed search and production is appropriate as to any other potential discovery materials.

Plaintiffs agree that the foregoing search and production shall satisfy the Philips Defendants' general production obligations in response to Plaintiffs' document requests, subject to limited and targeted follow-up requests, if any, which must be only for good cause.  Plaintiffs acknowledge that there may be Philips custodial files with arguably relevant information that will not be produced as a result of this discovery compromise.  However, the parties agree that Plaintiffs may request in good faith and on a showing of good cause a limited number of additional custodian searches, as to which the Philips Defendants shall meet and confer in good faith.

The parties agree to keep the terms of this agreement confidential, except as may be necessary pursuant to proceedings with respect to the Philips Defendants before the Special Master or the Court.

---

**From:** Lauren Russell [mailto:LaurenRussell@tatp.com]
**Sent:** Monday, April 09, 2012 17:35
**To:** Stargard, Andreas
**Subject:** FW: CRT/Philips Finished Product Custodians

Andreas – any word on this? I need to know whether or not we have an agreement ASAP.  The information we are hoping to get from these finished product custodians is relevant to class certification, which is now only 3 ½ months away.  Thanks.

Lauren

---

**From:** Lauren Russell Capurro [mailto:law9lcr@yahoo.co.uk]
**Sent:** Friday, March 30, 2012 8:34 PM
**To:** <andreas.stargard@bakerbotts.com>
**Cc:** <LaurenRussell@tatp.com>
**Subject:** Re: CRT/Philips Finished Product Custodians

Thanks Andreas. Here is some proposed language. This is almost verbatim the agreement we entered into with some of the other defendants. The only difference is the language regarding the stip withdrawing the finished product allegations. Please let me know if this is okay. Thanks and have a good weekend.

2

The Philips Defendants agree to search and produce documents and transactional data responsive to Indirect Purchaser Plaintiffs' ("Plaintiffs") outstanding discovery requests from the custodial files (including without limitation email boxes, hard drives and paper copy files, to the extent available) of Messrs. Mintz, Selbeck, Coenraad, Costello, Neilson, Power, and Pechon, and to not exclude documents from such production on the basis that they pre-date the statute of limitations or do not pertain to U.S. sales or customers.  Pursuant to the Stipulation and Order Re: Voluntary Withdrawal of Indirect Purchaser Plaintiffs' Claims as to Alleged Conspiracy Directed Towards CRT Finished Products, the Philips Defendants need not search for or produce documents responsive to Plaintiffs' requests seeking documents relevant to a finished product conspiracy.  The Philips Defendants do not concede that such materials are relevant or admissible for any purpose, or that the scope of this agreed search and production is appropriate as to any other potential discovery materials.

Plaintiffs agree that the foregoing search and production shall satisfy the Philips Defendants' general production obligations in response to Plaintiffs' document requests, subject to limited and targeted follow-up requests.  Plaintiffs acknowledge that there may be Philips custodial files with arguably relevant information that will not be produced as a result of this discovery compromise.  However, the parties agree that Plaintiffs may request in good faith and on a showing of good cause a limited number of additional custodian searches, as to which the Philips Defendants shall meet and confer in good faith and not unreasonably refuse.

The parties agree to keep the terms of this agreement confidential, except as may be necessary pursuant to proceedings with respect to the Philips Defendants before the Special Master or the Court.


Sent from my iPhone

On Mar 30, 2012, at 2:22 PM, <andreas.stargard@bakerbotts.com> wrote:

> Lauren:
> This is fine with us.  Would you provide the language you are proposing for the "good-cause" limitation?
>
> Thanks, and see you in SF next week.
> Andreas.
>
> ---
>
> **From:** Lauren Russell [mailto:LaurenRussell@tatp.com]
> **Sent:** Friday, March 30, 2012 17:20
> **To:** Stargard, Andreas
> **Subject:** FW: CRT/Philips Finished Product Custodians
>
> Andreas, any idea when you can get me a response?  Thanks.
>
> Lauren
>
> ---
>
> **From:** Lauren Russell [mailto:LaurenRussell@tatp.com]
> **Sent:** Wednesday, March 28, 2012 7:31 PM
> **To:** 'andreas.stargard@bakerbotts.com'

**Cc:** '<u>john.taladay@bakerbotts.com</u>'; '<u>joseph.ostoyich@bakerbotts.com</u>'; 'John Bogdanov'
**Subject:** RE: CRT/Philips Finished Product Custodians

Andreas:

If I understand you correctly, you are agreeing to our proposal to produce documents from Mintz and Selbeck in addition to the 5 (Coenraad, Costello, Neilson, Power, and Pechon) that you previously agreed to.  In exchange, you want us to withdraw the 30(b)(6) notices *and* agree that there will be no more Philips custodians added beyond these 7.  I can confirm our agreement to withdraw the pending 30(b)(6) notices, subject to the caveats I expressed in my March 23 email.  But while I appreciate that you are compromising in offering the 7 custodians, I'm afraid I cannot agree to an absolute limitation on our ability to ask for additional Philips custodians.  I can agree to a "good cause" limitation based on newly discovered evidence or something similar.   If we get some good documents from these custodians (and I'm talking quality not quantity), I certainly don't foresee us asking for additional finished product custodians.  Whether we ask you to investigate additional possible tube custodians will depend on what we uncover during discovery.  We must retain the right to at least ask questions about Philips employees with knowledge of the conspiracy who we are not currently aware of.  I am happy to draft some language for your consideration, or you can propose something.  Please let me know ASAP.  It would be good to get this finalized in the next day or so.  Thanks.

Lauren

---

**From:** <u>andreas.stargard@bakerbotts.com</u> [mailto:andreas.stargard@bakerbotts.com]
**Sent:** Wednesday, March 28, 2012 10:54 AM
**To:** <u>LaurenRussell@tatp.com</u>
**Cc:** <u>john.taladay@bakerbotts.com</u>; <u>joseph.ostoyich@bakerbotts.com</u>
**Subject:** RE: CRT/Philips Finished Product Custodians

Dear Lauren:
With the understanding that (1) plaintiffs withdraw their 30(b)(6) notices issued to Philips, and (2) there will be no more Philips custodians added beyond Messrs. Mintz and Selbeck, we will agree to review and produce these two custodians' responsive records.

Let me know,
thanks,
Andreas.

---

**From:** Lauren Russell [mailto:LaurenRussell@tatp.com]
**Sent:** Friday, March 23, 2012 00:41
**To:** Stargard, Andreas
**Cc:** Taladay, John; Ostoyich, Joseph
**Subject:** RE: CRT/Philips Finished Product Custodians

Dear Andreas:

I went back and reviewed the correspondence regarding custodians (your June 2011 letter, our July 11, 2011 letter, your July 27, 2011 email, and our August 11, 2011 email) and I don't believe that Plaintiffs ever agreed to the 5 additional custodian limit.  Recall that you conditioned the entire custodian agreement (tubes and finished products) on our withdrawal of the Rule 30(b)(6) deposition notices, which we refused to do. If you disagree, please point me to where Plaintiffs agreed to the 5 additional custodian limit.

Nor did my February 29, 2012 letter reject your offer of Messrs. Mintz and Selbeck as finished product custodians. At page 4 of the letter, I stated that "Plaintiffs are not satisfied that their [Mintz and Selbeck] files will provide sufficient information." Then continuing on page 5, I stated: "Plaintiffs proposed that, **in addition to the two custodians proposed by Philips,** Philips review Plaintiffs' list and let us know (1) if any of the proposed custodians have documents; and (2) whether Philips will produce relevant documents from their files."

Given that (1) you have represented to us that you have no finished product data, other than the high level sales report you produced, (2) you have stated you are unable to help us identify or explain data within the Philips production, and (3) you cannot yet confirm which, if any, of the 7 proposed custodians have responsive materials, we think it appropriate that Philips search the files of all 7 proposed finished product custodians, namely Messrs. Mintz, Selbeck, Coenraad, Costello, Neilson, Power, and Pechon. This brings the total number of agreed-upon Philips custodians to only 26. And if past is prologue, it's unlikely you will find responsive documents for all 7 finished product custodians, meaning that Philips will have produced documents for less than 25 custodians. We believe this is more than reasonable for a company of Philips size, the level of Philips' participation in the conspiracy, and for the time period and number of products at issue. It is also far less than any of the other defendants of a similar size. In exchange, we will agree to withdraw the pending Rule 30(b)(6) deposition notices. However, we reserve our right to re-serve the 30(b)(6) notices after we receive and review the documents should we have questions that you are unable to answer. We also reserve our right to take 30(b)(6) depositions of Philips on any other topics that we feel are necessary. Philips, of course, will reserve its rights to seek a protective order if it believes it necessary.

Please let us know by Monday, March 26, if this proposal is acceptable. Thank you.

Lauren


**From:** andreas.stargard@bakerbotts.com [mailto:andreas.stargard@bakerbotts.com]
**Sent:** Wednesday, February 29, 2012 2:54 PM
**To:** LaurenRussell@tatp.com
**Cc:** malioto@tatp.com; jdb@coopkirk.com; john.taladay@bakerbotts.com; joseph.ostoyich@bakerbotts.com
**Subject:** RE: CRT/Philips Finished Product Custodians

Dear Lauren:
Per our mutual agreement on discovery limitations reached in June of 2011 to produce responsive records from 19 Philips custodians, with the option of plaintiffs adding, "for good cause shown ... **up to five custodians**" (*see* my letter dated June 17, 2011), we have undertaken "reasonable efforts to locate such custodial records and inform you of the results." (*Id.* at page 3).

Based on our analysis of the availability of records from the individuals you identified in your e-mail, it appears that files exist for, coincidentally, five individuals, namely Messrs. Coenraad, Costello, Neilson, Power, and Pechon, but not for Messrs. Haring or Tilanus. Let me be clear: We have not yet obtained, much less reviewed, any of their actual records. We are only confirming that there are some records. This e-mail should not be construed as an indication that these individuals' records contain relevant information. I can only confirm, at this stage, that we were able to locate some files for them.

While Philips' objections to the vast scope of your sought finished-products discovery stand, we will add these five individuals as custodians for purposes of providing plaintiffs with the limited discovery that is permissible under the Court's finished-products orders from the summer of 2011. We will review their files

for responsive, non-privileged documents and are offering to produce those files to you, in return for plaintiffs' promised withdrawal of their pending 30(b)(6) notices to Philips.

Lastly, I note that we have twice offered Messrs. Selbeck and Mintz as likely relevant custodians with available records (once in the fall of 2011 and again this month), yet you have chosen not to take us up on this offer in your letter dated today, which I just received as a PDF attachment.

Regards,
Andreas.

---

**From:** Lauren Russell [mailto:LaurenRussell@tatp.com]
**Sent:** Thursday, February 23, 2012 01:23
**To:** Stargard, Andreas
**Cc:** malioto@tatp.com; 'John Bogdanov'
**Subject:** CRT/Philips Finished Product Custodians

Hi Andreas,

As discussed this afternoon, here is our list of possible custodians from Philips' finished product business:

1.  **Robert Coenraad** - Juarez Operations -- PENAC BMT

2.  **Tom Costello** - Sales Development, Senior VP Retail Sales, Senior VP Global Accounts of PENAC (in charge of Best Buy, Wal-Mart, Costco, Circuit City)

3.  **C. Haring –** Philips Consumer Electronics Worldwide, Regional Purchasing Manager, North America

4.  **John Neilson** - GM Monitors; VP Business Display Solutions & Monitors -- PENAC

5.  **Des Power** - Senior VP Marketing & Sales Premier -- PENAC BMT, also shown as "D. Power – Television"

6.  **Bob Pechon –** Sr. VP, National Retail Sales, PENAC

7.  **D. Tilanus –** Philips Consumer Electronics Worldwide, Purchasing Manager

We have selected these names from over 100 potentially relevant employees in the org charts, and have further reduced the numbers since we spoke yesterday in order to facilitate our negotiations. I'll look forward to hearing from you on or before February 29.

Best,

Lauren

Lauren C. Russell
Attorney at Law
Trump, Alioto, Trump & Prescott, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200

Facsimile: (415) 346-0679
E-mail: laurenrussell@tatp.com

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by e-mail and delete the message and any attachments.

**Confidentiality Notice:** The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

=