Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
**TRUMP, ALIOTO, TRUMP & PRESCOTT LLP**
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>All Indirect Purchaser Actions | Master File No.: 3:07-cv-05944-JST<br>MDL No. 1917<br><br>**INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5**<br><br>Date: October 5, 2016<br>Time: 11:00 a.m.<br>Before: Special Master Martin Quinn<br>Court: JAMS<br><br>Judge: Honorable Jon S. Tigar |

Having reviewed and complied with the Honorable Jon S. Tigar's Standing Order Governing Administrative Motions to File Materials Under Seal and Civil Local Rule 79-5, the Indirect Purchaser Plaintiffs ("IPPs") hereby move for administrative relief regarding the Declaration of Lauren C. Capurro in Support of Opposition to Motion to Strike Declaration of Mario N. Alioto in Support of Lead Counsel's Omnibus Response to Objections to Proposed Allocation of Aggregate Fee Award to Indirect Purchaser Plaintiffs' Counsel ("Capurro MTS Declaration"), filed herewith.

IPPs respectfully request an order permitting them to file the following Exhibits to the Capurro MTS Declaration, or portions thereof, under seal:

- the entirety of Exhibits 1 and 2;
- portions of Exhibit 6;
- the entirety of Exhibits 7, 8 and 9;
- the entirety of Exhibits 11, 12 and 13.

This motion is supported by the Declaration of Lauren C. Capurro in Support of the IPPs' Administrative Motion to File Documents Under Seal Pursuant to Civil Local Rules 7-11 and 79-5(d) ("Capurro Declaration"), dated September 30, 2016.  *See* Civ. L. R. 79-5(d)(1)(A) (stating that an administrative motion to seal must be accompanied by a declaration "establishing that the document sought to be filed under seal . . . [is] sealable").

As set forth in the Capurro Declaration, the documents (or portions of documents) that IPPs seek to file under seal contain IPPs' highly confidential attorney work product, including attorney mental impressions, strategy and thought processes.  Such attorney work product is privileged and is entitled to protection from disclosure to the general public and adverse parties.  *See Hickman v. Taylor,* 329 U.S. 495, 510-512 (1947).  The documents or portions of documents therefore qualify as "privileged, protectable as a trade secret or otherwise entitled to protection under the law," under Civil Local Rule 79-5(b). (Capurro Decl., ¶ 4.)

Under *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), the Court should apply the "good cause" standard in deciding IPPs' administrative

1

INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5
MASTER FILE NO. CV-07-5944-SC, MDL NO. 1917

1  motion to seal because the documents IPPs seek to seal are being submitted in connection with
2  the allocation of the aggregate fee award to IPP Counsel, which has nothing to do with the
3  merits of this case. (Capurro Decl. ¶ 5.)
4      *Ctr. for Auto Safety v. Chrysler Grp*. provides that "[t]he 'good cause' language
5  comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery
6  process: 'The court may, for good cause, issue an order to protect a party or person from
7  annoyance, embarrassment, oppression, or undue burden or expense....' Fed.R.Civ.P.
8  26(c)." 809 F.3d at 1097.  Revealing IPPs' confidential attorney work product to the
9  general public and Defendants would be prejudicial to IPPs in any future prosecution of
10 this case and in other cases.  *See Hickman v. Taylor*, 329 U.S. at 510 ("it is essential that a
11 lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing
12 parties and their counsel.")  There is therefore good cause for protecting IPPs' confidential
13 attorney work product from disclosure. (Capurro Decl. ¶ 6.)
14     For all of the foregoing reasons, IPPs respectfully request that the Court grant this
15 administrative motion to seal.  A proposed order granting this motion is filed herewith.

17 Dated: September 30, 2016            Respectfully submitted,

18                                     */s/ Lauren C. Capurro*

19                                     Mario N. Alioto
                                        Joseph M. Patane
20                                     Lauren C. Capurro
                                        TRUMP, ALIOTO, TRUMP & PRESCOTT,
21                                     LLP
                                        2280 Union Street
22                                     San Francisco, CA 94123
                                        Telephone: (415) 563-7200
23                                     Facsimile: (415) 346-0679
                                        Email: malioto@tatp.com
24                                     jpatane@tatp.com
                                        laurenrussell@tatp.com
25
                                        *Lead Counsel for the Indirect Purchaser*
26                                     *Plaintiffs*