Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
**TRUMP, ALIOTO, TRUMP & PRESCOTT LLP**
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master No.: 3:07-cv-05944-SC<br>MDL No. 1917 |
|---|---|
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5**<br><br>Date: October 5, 2016<br>Time: 11:00 a.m.<br>Before: Special Master Martin Quinn<br>Court: JAMS<br><br>Judge: Honorable Jon S. Tigar |

I, Lauren C. Capurro, declare:

1. I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am an associate with the law firm Trump, Alioto, Trump & Prescott, LLP and my firm serves as Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs") in the above-captioned action. I make this declaration in support of the IPPs' Administrative Motion to File Under Seal Pursuant to Civ. L. R. 7-11 and 79-5(d). Except where otherwise stated, the matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2. I have reviewed and complied with the Honorable Jon S. Tigar's Standing Order Governing Administrative Motions to File Materials Under Seal ("Standing Order") and Civil Local Rule 79-5.

3. Pursuant to the Standing Order and Civil Local Rules 7-11 and 79-5(d), IPPs seek to file the the following Exhibits to the Declaration of Lauren C. Capurro in Support of Opposition to Motion to Strike Declaration of Mario N. Alioto in Support of Lead Counsel's Omnibus Response to Objections to Proposed Allocation of Aggregate Fee Award to Indirect Purchaser Plaintiffs' Counsel ("Capurro MTS Declaration"), or portions thereof, under seal:

- the entirety of Exhibits 1 and 2;
- portions of Exhibit 6;
- the entirety of Exhibits 7, 8 and 9;
- the entirety of Exhibits 11, 12 and 13.

4. The documents or portions of documents listed in paragraph 3 that IPPs seek to file under seal contain IPPs' highly confidential attorney work product, including attorney mental impressions, strategy and thought processes. Such attorney work product is privileged and is entitled to protection from disclosure to the general public and adverse parties. *See Hickman v. Taylor,* 329 U.S. 495, 510-512 (1947). The documents or portions of documents therefore qualify as "privileged, protectable as a trade secret or otherwise entitled to protection under the law," under Civil Local Rule 79-5(b).

1

DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF PLAINTIFFS' ADMIN. MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5
MASTER FILE NO. CV-07-5944-SC, MDL NO. 1917

5. Under *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), the Court should apply the "good cause" standard in deciding IPPs' administrative motion to seal because the documents IPPs seek to seal are being submitted in connection with the allocation of the aggregate fee award to IPP Counsel, which has nothing to do with the merits of this case.

6. *Ctr. for Auto Safety v. Chrysler Grp*. provides that "[t]he 'good cause' language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense....' Fed.R.Civ.P. 26(c)." 809 F.3d at 1097. Revealing IPPs' confidential attorney work product to the general public and Defendants would be prejudicial to IPPs in any future prosecution of this case and in other cases. *See Hickman v. Taylor*, 329 U.S. at 510 ("it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel.") There is therefore good cause for protecting IPPs' confidential attorney work product from disclosure.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 30th day of September, 2016 at San Francisco, California.

/s/ Lauren C. Capurro
Lauren C. Capurro