UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917<br>Case No. C-07-5944 JST |
| This Order Relates To:<br><br>*Sears, Roebuck & Co., and Kmart Corporation v. LG Electronics, Inc. et al.*,<br>Case No. 11-cv-5514-JST | **ORDER DENYING MOTION FOR BIFURCATION AND BENCH TRIAL**<br><br>Re: ECF No. 4759 |

Before the Court is Defendant LG Electronics, Inc.'s ("LGE") Motion for Bifurcation and Bench Trial. ECF No. 4759. The motion will be denied.

## I. BACKGROUND

The factual history is well known to the parties and has been recited in the Court's prior orders. To summarize, this case is predicated upon an alleged conspiracy to price-fix cathode ray tubes ("CRTs"), a core component of tube-style screens for common devices including televisions and computer monitors. This conspiracy ran from March 1, 1995 to November 25, 2007, involved many of the major companies that produced CRTs, and allegedly resulted in overcharges of billions of U.S. dollars to domestic companies that purchased and sold CRTs or products containing CRTs for purposes such as personal use. A civil suit was originally filed in 2007, ECF No. 1, consolidated by the Joint Panel on Multidistrict Litigation shortly thereafter, see ECF No. 122, assigned as a Multidistrict Litigation case ("MDL") to Judge Samuel Conti, see id., and ultimately transferred to the undersigned, see ECF No. 4162.

On May 4, 2016, the Court issued an order setting the trial schedule for three of the remaining actions, including the Sears/Kmart v. LGE trial. ECF No. 4628. That trial was initially

set to begin on March 6, 2017.  Id. at 1.  The Court subsequently moved the trial date to January 9, 2017 to accommodate LGE's counsel's schedule.  ECF No. 4658.  On August 12, 2016, LGE filed a motion for bifurcation and for bench trial.  ECF No. 4759, which motion the Court now considers.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) empowers district courts to bifurcate a trial for any one of the following reasons: (1) "convenience"; (2) "to avoid prejudice"; or (3) "to expedite and economize."  Fed. R. Civ. P. 42(b).  A district court is given "broad discretion" to determine whether bifurcation is appropriate.  Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002).  However, "a court may not bifurcate a trial in a way which interferes with [the] Seventh Amendment right to a trial by jury."  Am. Steel & Stairways, Inc. v. Lexington Ins. Co., No. 12-cv-03103-JST, 2013 WL 4425704, at *2 (N.D. Cal. Aug. 14, 2013) (citing Danjaq LLC v. Sony Corp., 263 F.3d 942, 961–62 (9th Cir.2001)); see also Rule 42(b) ("When ordering a separate trial, the court must preserve any federal right to a jury trial.").[1]

## III.   DISCUSSION

LGE moves the Court to bifurcate the trial in this case, such that the Court would "make the standing determination through a bench trial prior to the jury trial on liability and damages."  ECF No. 4759 at 5.  According to LGE, "[a] bifurcated proceeding . . . is necessary in order to avoid the prejudice to LGE that would result if Sears/Kmart is allowed to present a damages number to the jury that includes [approximately 30% of the total potential damages figure] that LGE believes Sears/Kmart lack standing to recover."  Id.  According to LGE, doing so will prevent "Sears/Kmart from giving the jury an inflated and unjustified 'starting point.'"  Id.  LGE

---

[1] In their Opposition brief, Plaintiffs Sears and Kmart argue that "[a]s a threshold matter, a bench trial on ownership or control is improper because it would improperly deprive Plaintiffs of their constitutional right to a jury trial on the issue of ownership or control and the *Royal Printing* exception to the bar on indirect purchaser antitrust standing."  ECF No. 4804 at 6–7.  Because the Court concludes that the motion should be denied on other grounds, the Court declines to address whether the Seventh Amendment requires a jury to decide antitrust standing at this juncture.  The Court does, however, note that the principal case upon which LGE relies, In re ATM Fee Antitrust Litigation, 686 F.3d 741 (9th Cir. 2012), does not appear to stand for the proposition that antitrust standing is a legal issue to be decided by the court (as opposed to a jury), notwithstanding the language in the Standard of Review section discussing *Article III* standing cases, see id. at 747.

also argues that bifurcation will benefit "judicial economy and convenience." Id. at 13. The Court does not find either of these arguments persuasive and will therefore deny the motion.

First, the Court rejects LGE's argument that if plaintiffs are permitted to proceed with a single trial, Sears and Kmart will use an unreasonably high damages number that will serve as an "anchor" for the jury's consideration of damages, thereby prejudicing LGE. Id. at 12–13. Trials ordinarily entail a dispute over both liability and damages, and it is not unusual for a defendant both to deny liability and simultaneously to argue that, even if it is liable, the jury should award a lower damages figure than the plaintiff seeks. As Sears and Kmart correctly note, "[i]t would be a highly rare event if the plaintiff and defendant in a civil case agreed about the amount of damages sought." ECF No. 4804 at 6. Accordingly, the Court finds LGE's anchoring argument unpersuasive.

The Court acknowledges that there are cases in which the evidence of liability is very weak, the evidence of damages is very strong, and the amount of damages is very high. In those cases, allowing the jury to learn about the plaintiff's damages case can make it unreasonably difficult for a defendant to contest liability. LGE has not shown that this is that kind of case, however. LGE asserts that if plaintiffs are shown not to have antitrust standing over the disputed transactions, their damages could be reduced by as much as 30 percent. See ECF No. 4759 at 8. A swing of 30 percent is not a compelling reason to bifurcate a trial.

Second, the Court does not find that the potential for increased "judicial economy and convenience" warrants a bifurcated trial. Id. at 13. As LGE concedes, a bench trial on issues related to antitrust standing would not eliminate the need for a jury trial. See id. at 5. In fact, given Sears and Kmart's conspiracy allegations and the LGE's withdrawal defenses, it is possible, or even likely, that much of the same evidence presented in a potential separate bench trial would be presented again in the subsequent jury trial. Moreover, LGE's estimate that such a bench trial would take one or two days, see id. at 14, seems overly optimistic, and ignores the significant pre-trial preparation required by the Court and counsel, as well as the substantial work likely to be required by the Court once the matter is submitted for decision. That cost is not justified by the scanty benefit which may be gained from bifurcation.

3

1    Finally, counseling in favor of denying LGE's request is the fact that it was made so late in
2 the day. If granted, it would almost certainly disrupt not the LGE trial, but the trial schedule
3 established by the Court for the remaining actions in this multi-district litigation. The setting of
4 that schedule required navigating the crowded schedules of both the court and the many law firms
5 who are counsel of record. It required the separate setting of three large, independent antitrust
6 trials in succession. The Court has already revised the schedule once, and it declines to do so
7 again. LGE's counsel raised many scheduling concerns during that briefing process, see, e.g.,
8 ECF Nos. 4624, 4641, 4658, but never once raised the prospect of a separate bench trial. See ECF
9 No. 4804 at 19 (noting that "LG has filed or joined roughly 60 pretrial motions aimed at reducing
10 all or part of Plaintiffs' claims. But LG never filed any *Daubert* or *in limine* motion challenging
11 the damages calculations sought by Plaintiffs, and it did not raise any issue about the majority of
12 the conspirator/vendor pairings that would be the subject of any bench trial."). It now suggests
13 that the Court hold a separate bench trial only a few weeks before the jury trial is set to begin,
14 jammed between Thanksgiving and the winter holidays, virtually guaranteeing unnecessary delays
15 and complications in the January trial. If LGE really thought a separate bench trial was in the
16 interests of the parties, it should have asked for one when the comprehensive trial schedule was
17 initially constructed.

## CONCLUSION

19    The Court denies LGE's motion for bifurcation and for bench trial.
20    IT IS SO ORDERED.
21 Dated: October 3, 2016

_____
JON S. TIGAR
United States District Judge

4