UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. C-07-5944 JST |
| This Order Relates To: | **ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| ALL INDIRECT ACTION PLAINTIFFS | |
| | ECF No. 4879 |

Cooper & Kirkham ("C&K") moves to file under seal documents related to its Objection to Lead Counsel's Revised Proposed Allocation of Aggregate Fee Award to Indirect Purchaser Plaintiffs' Counsel. ECF No. 4879. C&K has filed a declaration in support of sealing. ECF No. 4879-1.

The Court grants the motion in part, and denies it in part.

**I. LEGAL STANDARD**

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotations omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). An administrative motion to seal must also fulfill

1    the requirements of Civil Local Rule 79-5(d).  "Reference to a stipulation or protective order that
2    allows a party to designate certain documents as confidential is not sufficient to establish that a
3    document, or portions thereof, are sealable."  Civil L.R. 79-5(d)(1)(A).
4         With respect to the second prong, the showing required for overcoming the strong
5    presumption of access depends on the type of motion to which the document is attached.  "[A]
6    'compelling reasons' standard applies to most judicial records.  This standard derives from the
7    common law right 'to inspect and copy public records and documents, including judicial records
8    and documents.'"  Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010) (quoting
9    Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 n.7 (1978)).  To overcome this strong
10   presumption, the party seeking to seal a judicial record must "articulate compelling reasons
11   supported by specific factual findings that outweigh the general history of access and the public
12   policies favoring disclosure."  Kamakana, 447 F.3d at 1178–79 (internal citations omitted).
13        On the other hand, records attached to motions that are only "tangentially related to the
14   merits of a case" are not subject to the strong presumption of access.  Ctr. for Auto Safety v.
15   Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016).  Instead, a party need only make a
16   showing under the good cause standard of Rule 26(c) to justify the sealing of the materials.  Id. at
17   1097.  A court may, for good cause, keep documents confidential "to protect a party or person
18   from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).
19        A district court must "articulate [the] . . . reasoning or findings underlying its decision to
20   seal."  Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 132 S. Ct.
21   2374 (2012).
22   **II. DISCUSSION**
23        The present motion to file under seal concern documents associated with C&K's Objection
24   to Lead Counsel's Revised Proposed Allocation of Aggregate Fee Award to Indirect Purchaser
25   Plaintiffs' Counsel.  ECF No. 4879.  As these issues do not relate to the merits of the case, the
26   Court applies the good cause standard to the C&K's motion.  See Center for Auto Safety v.
27   Chrysler Group, 809 F.3d 1092 (9th Cir. 2016).
28        C&K seeks to redact the time records of various Indirect Purchaser Plaintiffs (IPP) firms in

this action. According to C&K's motion, counsel for the IPPs designated this information as confidential. ECF No. 4879. Counsel from three separate IPP firms submitted declarations in support of the motion to seal, each explaining that the sealed exhibits contain confidential attorney work product information. ECF Nos. 4897, 4898, 4903.

The Court has viewed the documents and redacted information and finds that good cause exists to seal portions of Exhibits 3, 4, 5, and 6 attached to the Second Declaration of Josef D. Cooper in Support of Cooper & Kirkham, P.C.'s Objection to Lead Counsel's Revised Proposed Allocation of Aggregate Fee Award to Indirect Purchaser Plaintiffs' Counsel. No supporting declarations were filed explaining the need to seal Exhibits 1 or 2.

| Document Name | Portions to be Filed Under Seal or Redacted | Court's Ruling |
| --- | --- | --- |
| Exhibit 1 | No supporting declaration submitted | Deny |
| Exhibit 2 | No supporting declaration submitted | Deny |
| Exhibit 3 | Only those portions redacted in Christopher T. Micheletti's support declaration (ECF No. 4897) | Granted in part |
| Exhibit 4 | Only those portions redacted in Lauren C. Capurro's support declaration (ECF No. 4898) | Granted in part |
| Exhibit 5 | Only those portions redacted in Christopher T. Micheletti's support declaration (ECF No. 4897) | Granted in part |
| Exhibit 6 | Entire exhibit per Joseph Goldberg's support declaration (ECF No. 4903) | Granted |

## CONCLUSION

The Court grants in part and denies in part the administrative motion to file under seal at ECF No. 4879. "[T]he document[s] filed under seal will remain under seal and the public will have access only to the redacted version[s], if any, accompanying the motion." Civil L. R. 79-5(f)(1). The Court will not consider those portions of the documents that are unsealable unless the filing party files the document in the public record without the redactions the Court has rejected, in conformance with this Order, within seven days from the date of this Order.

/ / /

/ / /

3

1   The hearing date and briefing schedule on the underlying motion shall remain as originally
2   set.
3   IT IS SO ORDERED.
4   Dated:  October 3, 2016

_____
JON S. TIGAR
United States District Judge