UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. C-07-5944 JST |
| This Order Relates To: | **ORDER SETTING HEARING RE: ADMINISTRATIVE MOTION TO SEAL** |
| ALL DIRECT PURCHASER ACTIONS | ECF No. 4876 |

On September 23, 2016, the Mitsubishi Electric Defendants filed an administrative motion to seal. ECF No. 4876. Attached to the motion are twenty-five exhibits, encompassing several hundred pages, portions of which the Mitsubishi Defendants want the Court to redact. Id.

There is "a strong presumption in favor of access" that applies to the documents filed with the Court. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) and our local rules accordingly require that any sealing request establish "that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b).

Even a superficial reading of the exhibits submitted with this motion demonstrates that much of the material sought to be redacted is not confidential. For example, Mitsubishi seeks to redact the following language:

Mitsubishi stated only:

Subject to and without waiving the foregoing and general objections, Mitsubishi Electric has not completed its investigation of the facts responsive to this Interrogatory and Mitsubishi Electric will identify information or documents responsive to this Interrogatory, if any, as soon as reasonably practicable.

Saveri Decl., ex. 3 at 4–5, ex. 5 at 4–5, ex. 7 at 4–5 (emphasis added).

ECF No. 4876-5 at 8.[1]  The quoted language is a garden-variety "we'll get back to you" discovery response.  It does not contain any material that could conceivably be viewed as confidential.

Another example from the redacted exhibits is:

> But by 1998, Mitsubishi Electric stopped manufacturing and selling CPTs altogether, although it continued to make and sell television sets (which are "CRT Products" for purposes of the DPPs' complaint in this matter), using CPTs it purchased from others.  If there were any price fixing in the CPT market from that time forward, Mitsubishi Electric, as a CPT purchaser, would have been a victim of the alleged conspiracy.  See Declaration of Michael T. Brody ("Brody Decl."), Ex. 1 Mitsubishi Electric 30(b)(6) Tsukamoto Dep. Vol. II 210:24-211:5.

ECF No. 4876-6 at 9.  It is hard to imagine that the quoted information could ever have been confidential – after all, when Mitsubishi Electric stopped manufacturing CPTs, that fact was presumably known by the market shortly thereafter – but it is particularly difficult to draw this conclusion 18 years after the event.  Similarly, the argument that Mitsubishi Electric might have been a victim, rather than a member, of the price-fixing conspiracy at the center of the case does not seem like information that could injure Mitsubishi Electric's interests in any way.

The sealing motion is denied as to foregoing excerpts.  The Court will set the sealing motion for hearing with regard to the remainder of the proposed redactions on Tuesday, October 11, 2016 at 2:00 p.m.  Counsel for Mitsubishi Electric is ordered to appear in person.  Any other party who wishes to appear must do so in person; requests for appearance by telephone will be denied.

IT IS SO ORDERED.

Dated: October 11, 2016

_____
JON S. TIGAR
United States District Judge

---

[1] Page references are to the internal page numbers affixed by the Court's electronic docket filing system.