UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. C-07-5944 JST |
| This Order Relates To: | **ORDER GRANTING MOTION FOR RULE 54(B) CERTIFICATION** |
| *P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.,* No. 12-cv-02648; | Re: ECF No. 4793 |
| *P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 13-cv-05725. | |

Now before the Court is Plaintiff MARTA Cooperative of America, Inc.'s ("MARTA") Motion for Rule 54(b) Certification of Final Judgment as to MARTA. ECF No. 4793. For the reasons discussed below, the Court will GRANT the motion.

## I. BACKGROUND

On August 4, 2016, the Court granted Defendants' Motion for Summary Judgment With Respect To MARTA, concluding that MARTA lacked standing to pursue its federal antitrust claim. ECF No. 4742. A number of Defendants' summary judgment motions remain pending as to the two other plaintiffs: P.C. Richard & Son Long Island Corporation and ABC Appliance, Inc. ECF Nos. 2976, 2981, 2984, 3001, 3008, 3032, and 3040. On August 23, 2016, MARTA filed the instant motion requesting that the Court enter an order of final judgment as to MARTA under Federal Rule of Civil Procedure 54(b). ECF No. 4793. MARTA argues that this Court's August 4 Order is a final judgment and that there is no just reason to delay an appeal. Id. at 2.

## II. LEGAL STANDARD

In relevant part, Rule 54(b) provides: "when multiple parties are involved [in an action],

the court may direct entry of a final judgment as to one or more, but fewer than all . . . parties only if the court expressly determines that there is no just reason for delay."

The U.S. Supreme Court has interpreted Rule 54(b) to require a district court facing a Rule 54(b) motion, first, to determine whether the motion concerns a final judgment. Curtiss–Wright Corp. v. General Elec. Co., 446 U.S. 1, 7–8 (1980). A judgment is final for the purposes of Rule 54(b) when it "terminates the litigation between the parties . . . and leaves nothing to be done but to enforce by execution what has been determined." Parr v. United States, 351 U.S. 513, 518 (1956). After a district court has determined whether a judgment is final, it must determine whether, in its discretion, any "just reason for delay" exists. The court does so by balancing judicial administrative interests and the equities involved. Curtiss–Wright, 446 U.S. at 8-10. In particular, a court should "consider such factors as whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Id. at 8.

III. **DISCUSSION**

A. **Finality of Judgment**

The parties agree that the Court's August 4 order, ECF No. 4742, is a final judgment for purpose of Rule 54(b). ECF No. 4793 at 5; ECF No. 4811 at 1. In ruling that MARTA lacked standing to pursue its antitrust claim, the Court's order "terminate[d] the litigation between" MARTA and Defendants. Parr, 351 U.S. at 518; see also United States v. Real Prop. & Improvements Located at 2366 San Pablo Ave., No. 13-CV-02027-JST, 2014 WL 4793655, at *2 (N.D. Cal. Sept. 25, 2014) ("San Pablo Ave.") (ruling that an "order granting the United States' motion to strike the City of Berkeley for lack of standing" constituted a final judgment). The Court's grant of summary judgment against MARTA "leaves nothing to be done but to enforce by execution what has been determined." Parr, 351 U.S. at 518. Therefore, the Court finds that it is faced with a final judgment for the purposes of Rule 54(b).

B. **No Just Reason for Delay**

Next, the Court must determine whether, in its discretion, any "just reason for delay"

exists. Curtiss–Wright, 446 U.S. at 8. The two main inquiries are (1) whether Rule 54(b) certification would serve "judicial administrative interests" and (2) "the equities involved." Id. "The function of the district court" in conducting this analysis "is to act as a 'dispatcher.'" Id. (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435 (1956)). In doing so, the district court must "determine the appropriate time when each final decision in a multiple claims action is ready for appeal." Id. Here, the Court finds no just reason for delay of entry of final judgment against MARTA.

### 1. Judicial Administrative Interests

"Consideration of [judicial administrative interests] is necessary to assure that application of [Rule 54(b)] effectively preserves the historic federal policy against piecemeal appeals." Id. (internal quotations omitted). Relevant factors include "whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Id. Here, judicial administrative interests weigh in favor of granting MARTA's motion.

Most importantly, the Court's decision on standing is distinct from the merits issues that remain pending in Defendants' additional motions for summary judgment against the other Plaintiffs. Curtiss–Wright, 446 U.S. at 8-9 (finding it significant that the "claims already adjudicated . . . were severable from the claims which had been determined in terms of both the factual and the legal issues involved"); see also San Pablo Ave., 2014 WL 4793655, at *2 (ruling that "[n]o judicial administrative interests prevent entry of final judgment" because "any appeal the City brings now would concern the issue of standing—a discrete question separate from the merits"). This means that there is little risk of duplicative appeals. Curtiss–Wright, 446 U.S. at 6. And as MARTA notes, there is currently some tension between the Court's order on standing and the decision of Judge Illston in the similar LCD litigation. ECF No. 4793 at 8; see In re TFT-LCD (Flat Panel) Antitrust Litig., No. 1827, 2014 WL 4386740, at *1 (N.D. Cal. Sept. 4, 2014). Clarification of this standing issue by the Ninth Circuit would serve judicial administrative interests.

Defendants' contrary argument that "the Court should not enter final judgment as to MARTA" "[u]til MARTA's damages claim can be determined" makes little sense. ECF No. 4811 at 2. MARTA's damages claim *has* been determined – because it lacks standing, MARTA cannot recover any damages. In other words, Defendants' pending motions for summary judgment bear only on the damages of the remaining Plaintiffs. As a result, the two cases Defendants cite are inapposite. Id. at 2 (citing Kerr-McGee Chem. Corp. v. Lefton Iron & Metal Co., 570 F.3d 856, 857 (7th Cir. 2009) and Trustees of Chicago Truck Drivers v. Cent. Transp., Inc., 935 F.2d 114, 116 (7th Cir. 1991)). In both cases, damages issues that related to the plaintiff seeking Rule 54(b) certification remained pending at the time the supposedly final judgment was issued. For example, in Kerr-McGee, the Seventh Circuit determined that the relevant judgment was not final because the "the district judge recognized that one question affecting damages was unresolved and announced his willingness to tackle it after the [defendants] filed an appropriate motion." 570 F.3d at 857. Not so here. MARTA's claim to damages was extinguished when the Court ruled it lacked standing on August 4. Thus, the fact that Rule 54(b) does not "allow appeal when damages have been partially but not completely determined, or when the district court will revisit the issues" is irrelevant to MARTA's motion. Trustees of Chicago Truck Drivers, 935 F.2d at 116.

Moreover, MARTA agreed to stipulate that "any orders the Court issues with respect to the[] seven pending summary judgment motions would be expressly deemed to apply in MARTA's case should MARTA's Rule 54(b) appeal on standing be favorably resolved." ECF No. 4839 at 2 n.1.[1] This, too, weighs in favor of MARTA's motion. In sum, no judicial administrative interests prevent entry of final judgment here.[2]

### 2. Equities

---

[1] MARTA did reserve the right to appeal those decisions. ECF No. 4839 at 4 n.3.

[2] Both parties also make timing-related arguments. MARTA asserts that, if allowed to appeal now, MARTA could obtain a favorable standing decision from the Ninth Circuit in time to join the other Plaintiffs at trial. Id. at 7-8. On the other hand, Defendants suggest that MARTA may be able to participate in trial even if it waited to seek Rule 54(b) certification until after the Court decides the remaining summary judgment motions. ECF No. 4811 at 3. Because of the speculative nature of these arguments, the Court assigns them little weight.

The equities also weigh in favor of granting MARTA's motion for Rule 54(b) certification. Waiting to appeal the Court's standing decision until after the resolution of the motions for summary judgment, or until after trial, would likely result in a substantial delay for MARTA. Further, denying the Rule 54(b) certification motion could expose MARTA to precedent set during a trial of their co-Plaintiffs' claims, even though MARTA would not be able to participate in those trials. Notably, Defendants "do not oppose the[se] equities that MARTA identifies." ECF No. 4811 at 2.

Defendants argue that Rule 54(b) certification would "create the inequitable situation where the Defendants are forced to litigate an appeal without knowing their damages exposure as to MARTA's claim." Id. But there is a good chance that the motions for summary judgment will be resolved long before the standing appeal advances very far. Because those summary judgment decisions would apply to MARTA, Defendants should have no problem "setting their litigation strategies, as well as [] gauging the value of any potential settlements." Id. Accordingly, the equities point in favor of granting MARTA's Rule 54(b) motion.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS MARTA's motion for entry of final judgment pursuant to Rule 54(b), and ENTERS final judgment against MARTA.

IT IS SO ORDERED.

Dated: October 5, 2016

_____
JON S. TIGAR
United States District Judge