**Pages 1 - 11**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Jon S. Tigar, Judge

MDL NO. 1917 IN RE:  CATHODE    )
RAY TUBE (CRT) ANTITRUST        )  NO. C 07-05944 JST
LITIGATION,                     )

San Francisco, California
Thursday, September 29, 2016

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

**For Plaintiff MARTA Cooperative of America:**
          Boies, Schiller & Flexner, LLP
          30 S. Pearl Street, 11th Floor
          Albany, NY  12207
          (518) 434-0600
          (518) 434-0665 (fax)
     **BY:  PHILIP J. IOVIENO**

**For Toshiba Defendants:**
          White & Case
          701 Thirteenth Street, NW
          Washington, D.C.  20005
          (202) 626-3600
          (202) 639-9355 (fax)
     **BY:  MATTHEW N. FRUTIG**

**For Defendant Koninklijke Philips N.V. (via telephone):**
          Baker Botts LLP
          The Warner
          1299 Pennsylvania Avenue NW
          Washington, DC  20004
          (202) 639-7700
          (202) 639-7890 (fax)
     **BY:  ERIK T. KOONS**

Reported By:  Lydia Zinn, CSR No. 9223, FCRR, Official Reporter

```
 1  APPEARANCES (continued):

 2  For Defendant Panasonic Corporation (via telephone):
                          Winston & Strawn LLP
 3                        200 Park Avenue
                          New York, NY  10166
 4                        (212) 294-4698
                          (212) 294-4700 (fax)
 5              BY:   SOFIA ARGUELLO

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1  Thursday - September 29, 2016                          2:09 p.m.
 2                        P R O C E E D I N G S
 3                              ---oOo---
 4          THE CLERK:  Calling Civil Case 07-5944, MDL Number
 5  1917, In re:  Cathode Ray Tube Antitrust Litigation.
 6      Counsel, will you please step forward and make your
 7  appearances?  If I could please ask you to speak directly into
 8  the microphone so people on the telephone can hear you.  Thank
 9  you.
10          MR. IOVIENO:  Phil Iovieno, from Boies Schiller &
11  Flexner, for plaintiff MARTA.
12          MR. FRUTIG:  Matt Frutig, from White & Case, counsel
13  for the Toshiba defendants, and speaking on behalf of all of
14  the defendants who oppose MARTA's motion.
15          THE COURT:  Very good. Welcome.  It's a pretty
16  simple motion.  I'm probably going to grant it.
17      I'll give you each 15 minutes.  I'll let defendant go
18  first.
19          MR. FRUTIG:  Thank you, Your Honor.
20      The defendants brought this motion because -- for only one
21  reason, and that's because MARTA's motion -- we viewed it as
22  being premature.  And because it is premature, Your Honor, it
23  created just cause for delay.
24      Specifically, it creates equities and judicial
25  administrative interests that weigh against granting the motion
```

1  now.  And I'll speak to the equities first.  We did speak to
2  this in our motion -- in our papers.
3       Granting the motion now -- Rule 54(b) certification now --
4  would result in the defendants going forward, defending
5  themselves on appeal, without a full understanding of the scope
6  of damages that are pending against them if MARTA wins on
7  appeal.
8       And not knowing that information has an effect.  It has an
9  effect on how the defendants will litigate the appeal.  It has
10 an effect on how the defendants can assess any settlement
11 opportunities.
12      And this -- this issue being -- requesting to be put in
13 this equitable position does weigh in favor; and it may only be
14 a slight weighing in favor of not granting the motion now, but
15 it does weigh in favor.
16      Another way to look at it --
17          **THE COURT:**  Is the argument -- well, right now MARTA
18 has no damages?
19          **MR. FRUTIG:**  That's correct.
20          **THE COURT:**  Because I granted summary judgment
21 against them, and I said they didn't have any standing.  So
22 that's -- right now the damages landscape -- maybe I was wrong,
23 and the Ninth Circuit will tell me that; but the landscape on
24 damages right now for MARTA is zero.
25      So is your argument essentially: *Look.  What's happening*

1  *below the surface of the water here is that we're negotiating*
2  *to try to settle these cases.  And most of them have settled.*
3  *And we're trying to figure out how much it's going to cost us,*
4  *and how to spread the money around to various people that are*
5  *suing us.  And it's going to be very difficult for us to engage*
6  *in those calculations if there's a possibility that MARTA claim*
7  *boomerangs and comes back down, and all of a sudden we have to*
8  *pay them, also*.  Is that what's going on?
9              **MR. FRUTIG:**  That's correct.  It's wanting to go --
10 approaching the Ninth Circuit review of this case with a full
11 understanding of the ramifications of what could happen, should
12 MARTA win on appeal.
13      And this -- this view is -- it's not just articulated by
14 us; I think it's also articulated by the Ninth Circuit.
15      The Ninth Circuit, when its cases are docketed on its
16 appeal -- seven days after the docketing, it invites or
17 requests and demands, in fact, that the appellate submit a
18 mediation questionnaire form.  And then the appellees have the
19 opportunity to do so, as well.  So even from the start, the
20 Ninth Circuit invites parties to come to the appeal with an
21 understanding of what are the contingencies on the other side
22 of the appeal, knowing what your damages scope is?
23      So that's -- that's what the defendants are requesting, is
24 to be put in that equitable position; to know the lay of the
25 landscape, including what could happen on the other side of

1  appeal.
2      And I think this weighing, this --
3          **THE COURT:**  Haven't most of the defendants in the
4  case -- and plaintiffs, for that matter -- been successful in
5  settling their claims, notwithstanding the fact that they live
6  in a world of some uncertainty?
7          **MR. FRUTIG:**  That's correct, Your Honor, but I think
8  when the Court -- and especially in this situation where
9  Rule 54(b) certification doesn't have to be granted now.  It
10 could be granted just a little down the road.  Some of that
11 uncertainty could be removed.
12         **THE COURT:**  What's your definition of "just a little
13 down the road"?
14         **MR. FRUTIG:**  It is a flexible --
15         **THE COURT:**  I have a Gregorian calendar up here, so
16 I'd invite you to be specific.
17     I've got to tell you something.  A big concern I have is
18 this case has been pending since 2007.  When I took the case
19 over, there were a hundred pending motions, including 29
20 motions for summary judgment.  We have approved settlements now
21 that are -- I forget what the DPP settlement was -- you and I
22 both know, in the hundreds and hundreds of millions of dollars
23 total.  Isn't it time to be done?
24     So when you say "just a little down the road," for that to
25 be a winning argument, it would be useful for me to know

1  exactly when you think it would be the right time.
2          **MR. FRUTIG:**  The reason I put it in the context of a
3  little bit down the road is initially there were seven pending
4  summary-judgment motions that affected or potentially could
5  affect MARTA damages claim.  And now there are only five,
6  because Your Honor had issued summary-judgment orders on two of
7  those summary judgments.  And Your Honor articulated at the
8  last case-management conference that now is the time --
9          **THE COURT:**  At least in the absence of -- what we
10 call the absence-of-liability summary-judgment motions?
11         **MR. FRUTIG:**  I'm sorry.  Say that again.
12         **THE COURT:**  Well, summary cert. and summary
13 judgment -- the summary judgment motions were all grouped.  We
14 grouped them internally.  And externally the lawyers have put
15 them into various buckets.  And one of the buckets is absence
16 of evidence of liability.  Is it those summary-judgment motions
17 to which you're now referring?
18         **MR. FRUTIG:**  Exactly, Your Honor.  Those are the
19 remaining five.  So they're all in one bucket.
20     And because they are pending, Your Honor, they have an
21 effect on the upcoming cases that are scheduled in this Court.
22 And because Your Honor --
23         **THE COURT:**  None of them affects the *LG* trial, which
24 is the first one we're going to try in 2017.  True?  Don't
25 those motions all relate to other defendants?

1       **MR. FRUTIG:** They do, Your Honor; but because of the
2  joint-and-several-liability aspect of these claims, they do
3  pertain to the damages at issue in those upcoming trials,
4  including the most -- the one that's scheduled most recently.
5  So it does have an effect on these upcoming trials.
6       And I certainly am not trying to insinuate that they
7  should be -- these orders should be issued any time soon, but
8  because they have an effect, and because Your Honor mentioned
9  that the remand DAPs would consider filing their motion for
10 remand soon, it may indicate that the issues that are pending
11 in this -- this trial that relate to the remand DAPs, of which
12 MARTA is one, will be clarified before they're sent on.
13      **THE COURT:** Okay.
14      **MR. FRUTIG:** So to conclude, Your Honor, I think the
15 most important case in this -- in assessing MARTA motion is the
16 *Curtiss-Wright* case.  And it's not just because it's a
17 Supreme Court case.  It's because it raised an important
18 approach to how to assess this -- MARTA motion.
19      Curtiss-Wright, the Supreme Court stated that -- stated
20 that every single one of these Rule 54(b) certification cases
21 are nuanced.  They can come to the Court in so many different
22 ways.  And so the Court should assess every facet of a case
23 before sending it on, or granting Rule 54(b) certification.
24      MARTA has identified a central facet of this case, and
25 that Your Honor granted a summary judgment on August 4th; but

1  there are other facets that are out there.  And we've
2  identified those, such that there is this uncertain damages
3  scope of damages.
4       Because we've identified the equity interests, and because
5  MARTA has not identified equity interest that counterbalances
6  that or outweighs that, the equities do weigh in favor of not
7  granting -- just cause for delay for not granting Rule 54(b)
8  certification now, and only doing so after these pending
9  summary-judgment motions have been decided.
10           **THE COURT:**  All right.
11           **MR. FRUTIG:**  Thank you, Your Honor.
12           **THE COURT:**  Thank you.  Mr. Iovieno.
13           **MR. IOVIENO:**  Good afternoon, Your Honor.  I don't
14 have much to say.  I agree with you it's time to be done.
15 There's been a lot that's gone on here.  I think it is a fairly
16 straightforward motion.
17      At its core, MARTA has no claim left.  It has no damages.
18      These other issues are liability questions that, if MARTA
19 doesn't have standing, they have no claim.
20      So at the end of the day the notion that a decision on
21 some liability motions could somehow affect settlement
22 prospects, I think, is a pretty big stretch, especially if you
23 take a look in their opposition, where they specifically say --
24 and these are their words --
25           **THE COURT:**  Right now if I was a defendant, I

1  wouldn't pay you.
2          **MR. IOVIENO:**  Right, and they say it right here,
3  just -- they don't say that.  What they say is, "including the
4  unlikelihood that MARTA will succeed on appeal."  So they're
5  not saying, *Well, these other liability motions are really*
6  *relevant to our consideration.*  They're taking the position
7  that it's unlikely that MARTA will succeed on appeal.  So the
8  notion that settlement prospects are going to be somehow either
9  enhanced or diminished by these liability motions, I think, is
10 pretty far afield.
11     And at the end of the day, for the reasons we've set forth
12 in our brief, judicial interests, both here and in the
13 Eastern District of New York, will be furthered by allowing
14 MARTA to get a final decision one way or the other.  As you and
15 I both know, this is a tough issue.  We had a lively and very
16 good debate on it.
17         **THE COURT:**  That was a fun hearing.  Yes.
18         **MR. IOVIENO:**  It was.  And I think getting this issue
19 resolved would be beneficial to the Courts.
20         **THE COURT:**  Okay.  Thank you.
21         **MR. IOVIENO:**  Thank you, Your Honor.
22         **THE COURT:**  Gentlemen, let me ask you both a
23 case-management question.  I don't think -- I think it's fine
24 just to have the two of you here.  I know there are other
25 lawyers at the phone.  At the last hearing I said, *Well, I*

1  *think it's time to allow for a remand -- a motion to be filed.*
2  In fact, such a motion has already been filed; hasn't it?
3        **MR. IOVIENO:**  We have not filed a remand motion as
4  yet, Your Honor, although we do plan to file a motion which
5  says, *When you make a final decision on these five, now,*
6  *motions that are outstanding, and the two Daubert motions, that*
7  *upon those orders, that we be automatically remanded.*  And we
8  expect to file that in the next week to two weeks.
9        **THE COURT:**  I see.  Okay.  I just -- this is my eye
10 glancing over the docket when I got off the bench and wondered
11 if I'd actually said the right thing.  Okay.  Well, that's good
12 to know.
13    Mr. Frutig, last words?
14       **MR. FRUTIG:**  I'll stand on the argument that I made
15 previously, but I think in light of the fact that the motion
16 for remand is not even going to be filed until these pending
17 summary-judgment motions are decided, everything can be grouped
18 together.  Rule 54(b) certification could be granted, then,
19 with no prejudice to the MARTA plaintiff.
20       **THE COURT:**  All right, gentlemen.  Thanks.  I'm going
21 to take this under submission.  I expect to get an order out
22 shortly.
23       **MR. IOVIENO:**  Thank you, Your Honor.
24       **MR. FRUTIG:**  Thank you, Your Honor.
25    (At 2:21 p.m. the proceedings were adjourned.)

	I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.


_____	October 5, 2016
Signature of Court Reporter/Transcriber	Date
Lydia Zinn