Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 JST<br>MDL No. 1917 |
| This Document Relates to:<br>Case No. 13-cv-1173-JST (N.D. Cal.)<br><br>SHARP ELECTRONICS CORPORATION; SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.,<br>          Plaintiffs,<br>     v.<br>HITACHI, LTD., *et al.*,<br>          Defendants. | **DECLARATION OF MATTHEW FRUTIG IN SUPPORT OF THE TOSHIBA DEFENDANTS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5** |

I, Matthew Frutig, hereby declare as follows:

1. I am an attorney with the law firm of White & Case LLP, counsel for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc. (collectively, the "Toshiba Defendants"). I make this declaration in support of the Toshiba Defendants' Administrative Motion to File Documents Under Seal Pursuant to Civil Local Rules 7-11 and 79-5.

2. Except for those matters stated on information and belief, which I believe to be true, I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court approved a Stipulated Protective Order in this matter. (ECF No. 306).

4. The parties to this litigation have produced in this action certain documents and information designated as "Confidential" and "Highly Confidential" pursuant to the Stipulated Protective Order.

5. On October 6, 2016, the Toshiba Defendants filed their Notice of Motion and Motion to Continue Trial Subpoena and Issue Adverse Jury Instruction in the Event of a Failure to Appear at Trial (the "Motion"), and the Declaration of Lucius B. Lau in Support of the Toshiba Defendants' Motion to Continue Trial Subpoena and Issue Adverse Jury Instruction in the Event of a Failure to Appear at Trial (the "Lau Declaration").

6. Exhibits B and F to the Lau Declaration contain documents and/or information that have been designated as "Highly Confidential" by the Sharp Plaintiffs under the Stipulated Protective Order:

    a. Exhibit B to the Lau Declaration is a letter from Craig Benson to the Hon. Vaughn R. Walker (Ret.), dated January 22, 2015, containing, at attachment 1 to that letter, excerpts of the transcript of the deposition of Toshihito Nakanishi, held on July 29, 2014, designated by the Sharp

DECLARATION OF MATTHEW FRUTIG IN SUPPORT
OF THE TOSHIBA DEFENDANTS' ADMINISTRATIVE MOTION TO
FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5
Case No. 07-5944 JST, MDL No. 1917

2

Plaintiffs as "Highly Confidential" under the Stipulated Protective Order; and

    b. Exhibit F to the Lau Declaration are excerpts from the transcript of the deposition of Nobuo Harada, held on May 20-21, 2015, designated by the Sharp Plaintiffs as "Highly Confidential" under the Stipulated Protective Order.

7. Portions of the Motion contain quotations from or discussions of the above-specified materials that have been designated as "Highly Confidential." As such, the Defendants filed the Motion and the above-referenced Exhibits to the Lau Declaration under seal.

8. The portions of the Motion that quote from, describe, or summarize the materials listed in paragraph 6 above are highlighted in the unredacted version of the Motion filed herewith and blacked-out in the redacted version filed herewith.

9. The undersigned takes no position on whether the materials designated by the Sharp Plaintiffs as "HIGHLY CONFIDENTIAL" meet the standard for sealing set forth in *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). The designating parties bear the burden of establishing that these documents should be maintained under seal by filing a declaration pursuant to Civil Local Rule 79-5(e)(1) and this Court's Standing Order Governing Administrative Motions to File Materials Under Seal, dated May 31, 2016.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of October, 2016, in Washington, D.C.

*Matthew Frutig*
——————————————
Matthew Frutig