Blake L. Harrop
Chadwick O. Brooker
Antitrust Bureau
Office of the Illinois Attorney General
100 W. Randolph Street
Chicago, Illinois 60601
(312) 814-1004 (phone)
(312) 793-3891 (phone)
(312) 814-4209 (fax)
bharrop@atg.state.il.us
cbrooker@atg.state.il.us

*Counsel for the State of Illinois*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. CV-07-5944-JST<br>MDL No. 1917<br><br>**State of Illinois' Motion to Intervene for Limited Purposes**<br><br>Date:   November 17, 2016<br>Time:   2:00 pm<br>Court:  Courtroom 9, 19th Floor, 450 Golden Gate Ave., San Francisco, CA<br>Judge:  Hon. Jon S. Tigar |
| This Document Relates To:<br><br>All Actions | |

## Notice of Motion and Motion to Intervene for Limited Purposes

PLEASE TAKE NOTICE that on November 17, 2016, at 2 pm or as soon thereafter as the matter may be heard, the State of Illinois, through its Attorney General, will present this Motion in Courtroom 9, 19th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Jon S. Tigar.

1
2
3
4
5

The State of Illinois asks under FRCP 24(a) and (b) for an order granting it permission to intervene for the limited purpose of filing two motions: (1) to clarify that its order approving the LG-DPP settlement does not release or resolve the claims of Illinois indirect purchasers[1] and (2) to require the parties to refile merits-related documents on the public record.[2]

6
7

### Memorandum of Points and Authorities

**I.   Issues**

8
9

Federal Rule of Civil Procedure 24 allows intervention as of right and by permission.

10
11
12
13
14
15
16
17
18
19
20

**Intervention as of Right.** FRCP 24(a) entitles a person to intervene who claims an interest at issue in an action that may be impaired because no existing party adequately represents that interest. Here, that interest is the Illinois indirect purchasers' right to recover for price-fixed CRTs. Although the State of Illinois is pursuing that interest in Illinois state court, the LG Defendants claim Illinois residents in the direct-purchaser-plaintiff class in this MDL released or otherwise resolved all their indirect-purchaser claims, including those under the Illinois Antitrust Act. The LG Defendants say this Court endorsed that release when approving the LG-DPP settlement. The State now asks to intervene so the Court can clarify that its approval order did not release or resolve the indirect-purchaser claims of Illinois residents.

21
22
23
24

**Intervention by Permission.** FRCP 24(b) is a proper method for nonparties to access protected materials. Here, the State asks for permission to intervene to challenge the sealing of certain documents so that the public can have access.

25
26

---

[1] Brooker Decl., Ex. A: State of Ill.'s Mot. to Clarify Settlement-Approval Order.

[2] *Id.*, Ex. B: State of Ill.'s Mot. to File Documents on the Public Record.

## II.  Facts

### A.  The LG Defendants' Release Defense

The State of Illinois is suing many of the same Defendants in this case for violating the Illinois Antitrust Act by price-fixing CRTs—the same conduct alleged in this case.[3] The State asserts a *parens patriae* claim that is based solely on indirect CRT purchases by Illinois residents, specifically end users of CRT products in Illinois. In that lawsuit, the LG Defendants assert the defense of release and rely on their settlement in this case with the direct-purchaser class.[4] They argue that the direct-purchaser class released or otherwise resolved all their indirect-purchaser claims, including those under the Illinois Antitrust Act.[5] The LG Defendants further assert that this Court endorsed the direct-purchaser class's release of indirect-purchaser claims when it approved the settlement.[6] But the State of Illinois has the exclusive right to represent—and therefore release—its residents' indirect-purchaser claims under the Illinois Antitrust Act.[7] Earlier in this case, Judge Legge confirmed that when the State of Illinois intervened several years ago to prevent the indirect-purchaser class from settling the State's *parens*

---

[3] *See id.*, Ex. C: State's Am. Compl., *State of Illinois v. Hitachi, Ltd.*, No. 12-CH-35266 (Cir. Ct., Cook Cnty., filed Sept. 18, 2012).

[4] *See id.*, Ex. D: Def. LGE's Eighth Affirmative Defense, June 3, 2016; *id.*, Ex. E: LGE USA's Tenth Affirmative Defense, June 3, 2016.

[5] *Id.*, Exs. D & E.

[6] Order Granting Final Approval of Class Action Settlement with LG ¶ 9 (N.D. Cal. Apr. 13, 2013), ECF No. 1621.

[7] 740 ILCS 10/7(2) (granting the Illinois Attorney General the exclusive right to represent indirect-purchaser claims under the Illinois Antitrust Act).

1   *patriae* claims.[8] The State seeks to clarify that, in the Court's order approving the

2   LG–direct-purchaser-class settlement, the Court did not allow the direct-

3   purchaser class to do what it forbade the indirect-purchaser class from doing.

4

5   **B.   Unsealing Filings**

6   The parties in this case entered into a Stipulated Protective Order under

7   which they could designate documents confidential or highly confidential.[9]

8   Although the order requires "restraint and care" in claiming confidentiality,[10] most

9   discovery documents were designated confidential. The widespread designations

10  resulted in the parties filing many documents under seal. Although they needed a

11  separate court order to do so, they failed to articulate the required factual basis—

12  which likely does not exist because CRTs are now obsolete in the United States. In

13  fact, the Court recognized this problem and on several occasions invited nonparties

14  to intervene to challenge whether the documents should be under seal.[11] The State

15  accepts the invitation, not only to access the documents itself, but to vindicate the

16  public's right of access.

17

18

19

20

21  [8] Report & Recommendations Regarding Proposed Settlement with Chunghwa 2-4, July 25, 2011, ECF 970 (sustaining Illinois and Washington's objection to the indirect-purchaser class settling their residents' state-law monetary-relief claims and recommending they be carved out of the settlement).

22

23  [9] Stipulated Protective Order, June 18, 2008, ECF No. 306.

24  [10] *Id.* § 5.1.

25  [11] Order Granting Administrative Mots. To File Under Seal 1, Dec. 27, 2012, ECF No. 1512; *see also* ECF Nos. 3498, 3626, & 3795.

26

## III. Argument

### A. The State has a right to intervene to protect its exclusive interest in representing its residents to seek recovery based on indirect purchases.

Rule 24(a)(2) allows a person to intervene in an action as a matter of right.[12] In the Ninth Circuit, a nonparty may intervene as of right by showing

> (1) timeliness;
>
> (2) a significantly protectable interest relating to the subject of the action;
>
> (3) practical impairment of the nonparty's ability to protect that interest; and
>
> (4) inadequate representation by the parties to the suit.[13]

These requirements are to be broadly interpreted in favor of intervention.[14]

The State of Illinois meets these criteria. The State is filing this motion shortly after the LG Defendants filed their release defense. If their theory had merit—it does not—their settlement with the direct-purchaser class and this Court's approval would impair the State's exclusive right to represent indirect-purchaser claims under the Illinois Antitrust Act. And no party in this lawsuit, not the class and not the LG Defendants, were adequate representatives of the State's exclusive interest.

In fact, this Court allowed the State to intervene to defend this same interest when the indirect-purchaser class attempted to represent Illinois indirect purchasers.[15]

---

[12] F.R.C.P. 24(a)(2).

[13] *Smith v. Los Angeles Unified Sch. Dist.*, 822 F.3d 1065, 1074 (9th Cir. 2016).

[14] *Id.*

**B.  The Court should permit the State to intervene to challenge the sealing of documents that are directly related to the merits.**

This Court should permit Illinois to intervene under Rule 24(b) to ask the Court to require the parties to refile certain documents on the public record. Although the language of Rule 24(b) focuses on allowing a person to intervene who "has a claim or defense that shares with the main action a common question of law or fact,"[16] the Ninth Circuit recognizes that "[n]onparties seeking access to a judicial record in a civil case may do so by seeking permissive intervention under Rule 24(b)(2)."[17] Here, the Court has said on many occasions it would look favorably upon a motion to intervene to vindicate the public's right to access documents filed under seal.[18]  The State now asks for that opportunity.

---

[15] Order Granting State of Ill.'s Ex Parte Application to Shorten Time and Mot. to Intervene for a Limited Purpose, Apr. 28, 2011, ECF No. 920; State of Ill.'s Mot. to Intervene, Apr. 27, 2011, ECF No. 910 (requesting intervention to prevent the indirect-purchaser plaintiffs from settling indirect-purchaser claims under the Illinois Antitrust Act).

[16] F.R.C.P. 24(b)(1)(B).

[17] *San Jose Mercury News, Inc. v. U.S. Dist. Court—N. Dist. (San Jose)*, 187 F.3d 1096, 1100 (9th Cir. 1999); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992) ("recognizing that Rule 24(b) permits limited intervention for the purpose of challenging a protective order"); *accord Doe v. City of San Diego*, No. 12-CV-689-MMA-DHB, 2014 WL 1921742, at *1 (S.D. Cal. May 14, 2014) (allowing nonparties to intervene to unseal filed documents).

[18] *See supra* note 11.

**IV. Conclusion**

The State of Illinois asks this Court to grant it leave to intervene in this action for the limited purpose of filing two motions: one to protect Illinois residents' indirect-purchaser rights and another motion to protect the right of the public to access judicial records.


Dated: October 7, 2016                    Respectfully submitted,

                                          LISA MADIGAN,
                                          Attorney General of Illinois


                                          By: /s/ Chadwick O. Brooker
                                          Chadwick O. Brooker
                                          Assistant Attorney General
                                          Antitrust Bureau
                                          Office of the Illinois Attorney General
                                          100 W. Randolph Street
                                          Chicago, Illinois 60601
                                          (312) 793-3891
                                          cbrooker@atg.state.il.us