# Exhibit A

Blake L. Harrop
Chadwick O. Brooker
Antitrust Bureau
Office of the Illinois Attorney General
100 W. Randolph Street
Chicago, Illinois 60601
(312) 814-1004 (phone)
(312) 793-3891 (phone)
(312) 814-4209 (fax)
bharrop@atg.state.il.us
cbrooker@atg.state.il.us

*Counsel for the State of Illinois*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. CV-07-5944-JST<br>MDL No. 1917<br><br>**State of Illinois' Motion to Clarify Settlement-Approval Order** |
| This Document Relates To:<br><br>All Actions | Date:   TBD<br>Time:   TBD<br>Court:  Courtroom 9, 19th Floor, 450 Golden Gate Ave., San Francisco, CA<br>Judge:  Hon. Jon S. Tigar |

**Notice of Motion and Motion to Clarify Settlement-Approval Order**

PLEASE TAKE NOTICE that on [Date TBD] at [Time TBD] or as soon thereafter as the matter may be heard, the State of Illinois, through its Attorney General, will present this Motion in Courtroom 9, 19th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Jon S. Tigar.

The State asks under FRCP 60(a) for clarification that the Court's order approving the settlement between the direct-purchaser class and the LG Defendants does not release or otherwise resolve the claims of Illinois indirect purchasers.

**Memorandum of Points and Authorities**

**I.  Issues**

In the State of Illinois' state-court action, the LG Defendants argue that, in their settlement with the direct-purchaser-plaintiff class in this MDL, the class released or otherwise resolved their members' indirect-purchaser claims under the Illinois Antitrust Act. They claim this Court endorsed that release or resolution by approving the settlement. Their claim depends on two issues.

**Authority to Represent Illinois Indirect Claims.** The Illinois Antitrust Act explicitly vests in the Illinois Attorney General the exclusive right to collectively represent indirect-purchaser claims. That proposition became law of the case when the Court forbade the indirect-purchaser class from representing Illinois indirect-purchaser claims. Like the indirect class, the direct class has no authority to represent Illinois indirect claims. This Court would not have approved the LG-DPP settlement if the direct class exceeded its authority by representing Illinois indirect-purchaser claims.

**Due-Process Violations in Representing Illinois Indirect Claims.** If the DPPs had represented Illinois indirect-purchaser claims, the settlement would have violated due process because of inadequate notice, inadequate compensation, and inadequate representation. If the DPPs had violated due process, this Court would not have approved the LG-DPP settlement.

Because the direct class lacked authority to represent Illinois indirect-purchaser claims, and would have violated due process had they done so, the Court's order approving the LG–DPP settlement should not be interpreted as approving any release or resolution of those claims. Accordingly, the State asks the Court to clarify that, when it approved the settlement, it was not allowing the direct class to release or resolve Illinois indirect-purchaser claims.

## II. Facts: The LG Defendants' Release Defense

The State of Illinois is suing some of the Defendants in this case for violating the Illinois Antitrust Act by price-fixing CRTs—the same conduct alleged in this case.[1] The State asserts a *parens patriae* claim that is based solely on indirect purchases of Illinois end users of CRT products. In that lawsuit, the LG Defendants assert the defense of release.[2] Their defense is based in part on the release they received in their settlement in this case with the direct-purchaser class. They argue that the direct-purchaser class released or otherwise resolved all their indirect-purchaser claims, including those under the Illinois Antitrust Act. The LG Defendants further assert that this Court endorsed the direct-purchaser class's release of indirect-purchaser claims when it approved the settlement.[3] But the State of Illinois has the exclusive right to represent—and therefore release— its residents' indirect-purchaser claims under the Illinois Antitrust Act.[4] The Court already recognized this. Several years ago, the State intervened to prevent the indirect-purchaser class from settling the State's claims. The special master ruled that the indirect-purchaser class could not represent or settle Illinois indirect-purchaser claims.[5]

---

[1] *See* Brooker Decl., Ex. A: State's Am. Compl., *State of Illinois v. Hitachi, Ltd.*, et. al., No. 12-CH-35266 (Cir. Ct., Cook Cnty., filed Sept. 18, 2012).

[2] *Id.*, Ex. B: Def. LGE's Eighth Affirmative Defense, June 3, 2016; *id.*, Ex. C: LGE USA Tenth Affirmative Defense, June 3, 2016.

[3] *Id.*, Ex. B ¶ 6 & Ex. C ¶ 6; *see also id.*, Ex. D: Order Granting Final Approval of Class Action Settlement with LG ¶ 9 (N.D. Cal. Apr. 13, 2013), ECF No. 1621.

[4] 740 ILCS 10/7(2) (granting the Illinois Attorney General the exclusive right to represent indirect-purchaser claims under the Illinois Antitrust Act).

[5] Brooker Decl., Ex. E: Report & Recommendations Regarding Proposed Settlement with Chunghwa 2-4, July 25, 2011, ECF 970 (S.M. Legge).

### III. Argument

The Court's order approving the LG–direct-purchaser-class settlement could not have released or resolved Illinois indirect-purchaser claims because only the Illinois Attorney General may represent those claims and, had the direct class done so, the settlement would have violated due process. This Court has authority under Rule 60(a) to clarify that its order has no effect on the Illinois Attorney General's indirect-purchaser claims.[6]

#### A. The direct class could not have released or resolved indirect-purchaser claims under the Illinois Antitrust Act because only the Illinois Attorney General has the authority to represent those claims.

The Illinois Antitrust Act vests the right to represent indirect-purchaser claims solely in the Illinois Attorney General. Section 7(2) says:

> [N]o person shall be authorized to maintain a class action in any court of the State for indirect-purchasers asserting claims under this [Antitrust] Act, with the sole exception of this State's Attorney General, who may maintain an action *parens patriae* as provided in this subsection.[7]

The direct-purchaser class had no authority to represent indirect-purchaser claims under the Illinois Antitrust Act.

In fact, that is the law of the case. A few years ago, the indirect-purchaser class tried to settle indirect-purchaser claims under the Illinois Antitrust Act. The State of Illinois intervened and argued the class could not settle Illinois indirect

---

[6] FRCP 60(a); *see, e.g.*, *Tattersalls, Ltd. v. Dehaven*, 745 F.3d 1294, 1298 (9th Cir. 2014) (recognizing that Rule 60(a) allows a court to clarify an order to implement its purpose and maintain fidelity to the judgment's intent).

[7] 740 ILCS 10/7(2).

claims based on the statutory language and the due-process principle in *Dunlop* and *Super Spuds* that a party must have authority to represent a claim to release it.[8] Acting as a special master, Judge Legge agreed with the State, saying in his decision that, because the state legislature vested the exclusive right to represent indirect-purchaser claims, "only the [Illinois] state attorney[] general can consent to a settlement of such an action which releases the claims of [its] citizens."[9] He then recommended that Illinois indirect purchasers be carved out from the class.[10] And they were: The Court then expressly carved out Illinois residents' indirect-purchaser claims from the IPP class's settlements.[11]

If the indirect-purchaser class could not represent Illinois indirect claims, the direct-purchaser class could not either. There is no indication that the Court gave the direct class authority to release or resolve Illinois indirect-purchaser claims. Nor could it given the Illinois Antitrust Act's language reserving that authority exclusively for the Illinois Attorney General.

---

[8] Ill. & Wash.'s Opp. to IPPs' Mot. for Prelim. Approval of Settlement with Chunghwa 3-7, May 27, 2011, ECF No. 939; *Dunlop v. Pan Am. World Airways, Inc.*, 672 F.2d 1044, 1051 (2d Cir. 1982); *Nat'l Super Spuds, Inc. v. N.Y. Mercantile Exch.*, 660 F.2d 9, 18 (2d Cir. 1981).

[9] Brooker Decl., Ex. E: Report & Recommendations Regarding Proposed Settlement with Chunghwa 3, July 25, 2011, ECF 970 (S.M. Legge).

[10] *Id.* at 4-5.

[11] Order Granting Prelim. Approval of Class Action Settlement with Def. Chunghwa Picture Tubes, Ltd. 1, Aug. 9, 2011, ECF No. 993 (Chunghwa–IPP settlement); *see also, e.g.*, Order Granting Final Approval of Settlement with LG Defendants 2, Apr. 18, 2014, EFC No. 2542 (LG–IPP settlement).

**B. Had the Illinois indirect-purchaser claims been released or resolved, the LG–direct-purchaser-class settlement would have violated due process.**

The Court could not have intended to condone the release or resolution of Illinois indirect-purchaser claims because otherwise the settlement would have violated due process. The settlement would have suffered from inadequate notice, inadequate compensation, and inadequate representation.

The direct-purchaser class provided no notice that it was releasing indirect-purchaser claims. In fact, the direct-class-settlement notice explicitly excluded all indirect purchasers from the definition of a "direct purchaser". The notice said:

> A direct-purchaser is NOT a person or company who purchased a CRT or CRT Product from a wholesaler or a retail store.[12]

(The notice for indirect purchasers likewise expressly carved out direct purchases from the Defendants and coconspirators.[13]) Nothing notified the members of the direct-purchaser class that they were releasing or resolving their claims based on their indirect purchases.

The direct-purchaser class received inadequate compensation for any claims based on indirect purchases. They received none. In fact, the claims form precluded a direct purchaser from submitting a claim based on an indirect purchase. The claims form instructed class members to make a claim for their direct purchases—that is, purchases "made *directly* from each Defendant or Co-

---

[12] Brooker Decl., Ex. F: Final Class Notice of Direct Purchaser Settlement, http://www.crtdirectpurchaserantitrustsettlement.com/media/370102/v3_crta1_notice_090415_final.pdf (Sept. 11, 2015).

[13] *Id.*, Ex. G: CRT Indirect Purchaser Class Action Settlements (MDL 1917) Website, https://www.crtclaims.com ("Purchases made directly from a defendant or alleged co-conspirator are not included.").

Conspirator"—by filling boxes with the purchase amounts from each Defendant or coconspirator.[14] But it said:

> If you did not purchase Cathode Ray Tubes or Cathode Ray Tube Products from a Defendant or Co-Conspirator … leave the boxes corresponding to that Defendant or Co-Conspirator **blank**. [15]

The settlement funds for direct class were not distributed for indirect claims.

The named plaintiffs in the direct-purchaser class are not adequate representatives for indirect-purchaser claims. The Ninth Circuit held in *Hesse* that a court must address with specificity that a named plaintiff is an adequate representative for all the claims the class settlement releases.[16] Here, the Court did not address whether the named plaintiffs of the direct class were adequate representatives in releasing indirect claims.

Even if it had, it would have found the named plaintiffs were inadequate. The U.S. Supreme Court recognized in *Amchem* that if subclasses are necessary, a single settlement cannot resolve the claims of both subclasses.[17] That is true, the Second Circuit recently said, even if some named plaintiffs have claims in both

---

[14] *Id.*, Ex. H: Proof of Claim Form, Part 3: Schedule of Qualifying Purchases at 2-3 (emphasis added).

[15] *Id.*, Ex. H at 2 (emphasis added).

[16] *Hesse v. Sprint Corp.*, 598 F.3d 581, 588 (9th Cir. 2010) (holding that a court's findings were insufficient for due process in approving a settlement where it failed to address with specificity whether the named plaintiff was an adequate representative for the settlement's release).

[17] *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 627 (1997) ("[W]here differences among members of a class are such that subclasses must be established, we know of no authority that permits a court to approve a settlement . . . on the basis of consents by members of a unitary class, some of whom happen to be members of the distinct subgroups." quoting *In re Joint E. & S. Dist. Asbestos Litig.*, 982 F.2d 721, 742–43 (2d Cir. 1992), *modified on reh'g*, 993 F.2d 7 (1993)).

subgroups: They still "cannot adequately represent the interests of any one subgroup because their incentive is to maximize their own total recovery, rather than the recovery for any single subgroup."[18] Here, the Court kept separate the direct and indirect classes. Having distinct claims under different laws, the classes have competing interests and may not vigorously represent each other's interests. Even if the named plaintiffs in the direct class had indirect claims, they still would not be adequate representatives for indirect-purchaser claims.

## IV. Conclusion

The direct-purchaser class did not release indirect-purchaser claims. It could not release indirect claims under the Illinois Antitrust Act because, as the Court already has ruled, that authority resides solely with the Illinois Attorney General. And due process would not allow the direct-purchaser class to release *any* indirect claim. We ask the Court to clarify that it did not depart from this established law in its approval order for the LG–direct-purchaser-class settlement. The Court should hold that the direct-purchaser class did not release or resolve any indirect-purchaser claims under the Illinois Antitrust Act.

Dated: _____, 2016          Respectfully submitted,

LISA MADIGAN,
Attorney General of Illinois

By: _____
Chadwick O. Brooker
Assistant Attorney General
Antitrust Bureau

---

[18] *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 12-4671-CV, 2016 WL 3563719, at *7 (2d Cir. June 30, 2016); *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010).

|   |   |
|---|---|
| 1 | Office of the Illinois Attorney General |
| 2 | 100 W. Randolph Street |
|   | Chicago, Illinois 60601 |
| 3 | (312) 793-3891 |
|   | cbrooker@atg.state.il.us |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |
| 8 |   |
| 9 |   |
| 10 |   |
| 11 |   |
| 12 |   |
| 13 |   |
| 14 |   |
| 15 |   |
| 16 |   |
| 17 |   |
| 18 |   |
| 19 |   |
| 20 |   |
| 21 |   |
| 22 |   |
| 23 |   |
| 24 |   |
| 25 |   |
| 26 |   |