Exhibit D

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| THE STATE OF ILLINOIS,<br>by its Attorney General, Lisa Madigan | ) <br> ) <br> ) |
|     Plaintiff, | ) <br> ) |
|     v. | ) <br> ) |
| HITACHI LTD., et al., | ) <br> ) |
|     Defendants. | ) <br> ) |

*2016 JUN -3 PM 3: 05*

*DOROTHY BROWN CLERK*

Case No. 12-CH-35266

Honorable Rita M. Novak

## DEFENDANT LG ELECTRONICS, INC.'S
## EIGHTH AFFIRMATIVE DEFENSE

Defendant LG Electronics, Inc. states the following as an affirmative defense to Plaintiff's Amended Complaint for Injunctive and Other Relief (referred to in this affirmative defense as the "Complaint"):

1.      On April 1, 2013, the United States District Court for the Northern District of California, in a case known as *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917 (referred to in this affirmative defense as the "MDL CRT case"), entered an order granting approval of a settlement agreement by which Defendants LG Electronics, Inc. and LG Electronics USA, Inc. (collectively referred to in this affirmative defense as the "LG Defendants"), as well as former defendant LG Electronics Taiwan Taipei Co., Ltd., resolved claims by members of the following class (referred to in this affirmative defense as the "Settlement Class"):

> All persons and entities who, between March 1, 1995 and November 25, 2007, directly purchased a CRT Product in the United States from any defendant or subsidiary or affiliate thereof, or any co-conspirator. Excluded from the Class are defendants, their parent companies, subsidiaries and affiliates, any co-conspirator, all government entities, and any judges or justices assigned to hear any aspect of this action.

A true and correct copy of this April 1, 2013 Order (referred to in this affirmative defense as the "April 1, 2013 Order") is attached hereto as Exhibit 1.  A true and copy of this settlement

agreement (referred to in this affirmative defense as the "LG Electronics Settlement Agreement") is attached hereto as Exhibit 2.

2.      As part of the LG Electronics Settlement Agreement, members of the Settlement Class (referred to in the LG Electronics Settlement Agreement and in the April 1, 2013 Order as the "Releasors") released the LG Defendants and other affiliated persons and entities (collectively referred to in the LG Electronics Settlement Agreement as the "LG Releasees") from:

> from any and all claims, demands, judgments, actions, suits, causes of action, whether class, individual, or otherwise (whether or not any Class Member has objected to the settlement or makes a claim upon or participates in the Settlement Fund, whether directly, representatively, derivatively, or in. any other capacity) that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected injuries, damages, and consequences thereof in any way arising out of or relating in any way to any act or omission of the LG Releasees (or any of them) or any other entity concerning the manufacture, supply, distribution, sale or pricing of CRT Products up to the date of execution of this Agreement, including but not limited to any conduct alleged, and causes of action asserted or that could have been alleged or asserted, in complaints filed in this Action, including those arising under any federal, state, or foreign antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, unjust enrichment, contract, or trade practice law (the "Released Claims").

3.      The April 1, 2013 Order provides that "[t]he LG Releases are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasors had or have arising out of or related to any of the Released Claims as defined in the" LG Electronics Settlement Agreement.

4.      Through its Complaint, Plaintiff seeks to recover based on state law, specifically the Illinois Antitrust Act, "not only on behalf of the State of Illinois," but also "as *parens patriae* on behalf of Illinois residents who purchased CRTs and CRT products."

5.      While the Settlement Class excludes the State of Illinois, the Settlement Class includes the natural persons and entities on whose behalf Plaintiff seeks to recover as *parens patriae* that, between March 1, 1995 and November 25, 2007, directly purchased a CRT Product in

the United States from any defendant in the MDL CRT case or subsidiary or affiliate thereof, or any co-conspirator.

6.     The April 1, 2013 Order and the LG Electronics Settlement Agreement bar Plaintiff from recovering as *parens patriae* from the LG Defendants under state law, and under the Illinois Antitrust Act, on behalf of any natural person or entity that did not opt out of the Settlement Class and that between March 1, 1995 and November 25, 2007, directly purchased a CRT Product in the United States from any defendant in the MDL CRT case or subsidiary or affiliate thereof, or any co-conspirator.

By: _____

Nathan P. Eimer
David M. Simon
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Tel: (312) 660-7600
neimer@eimerstahl.com
dsimon@eimerstahl.com
Firm No. 49152

Miriam Kim (admitted *pro hac vice*)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Tel: (415) 512-4041
miriam.kim@mto.com

Jessica Barclay-Strobel (admitted *pro hac vice*)
MUNGER, TOLLES & OLSON LLP
355 South Grand Ave., 35th Floor
Los Angeles, California 90071
Tel: (213) 683-9577
Jessica.Barclay-Strobel@mto.com

Counsel for defendant LG Electronics, Inc.

1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

10
11
12
13

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV- 07-5944-SC |
| This Document Relates to: | MDL No. 1917 |
| ALL DIRECT PURCHASER ACTIONS | [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH LG |

14
15
16
17

Date:   March 15, 2013
Time:   10:00 a.m.
Judge:  Honorable Charles A. Legge (Ret.)
JAMS: Two Embarcadero Center, Suite 1500

18
19
20
21
22
23
24
25
26
27
28



EXHIBIT

tabbies®

1

1   On February 22, 2013, Direct Purchaser Plaintiffs filed a Motion for Final Approval of

2   Class Action Settlement with Defendants LG Electronics, Inc.; LG Electronics USA, Inc.; and LG

3   Electronics Taiwan Taipei Co., Ltd. (collectively, "LG"). The Court, having reviewed the motion,

4   the settlement agreement, the pleadings and other papers on file in this action, and the statements of

5   counsel and the parties, hereby finds that the motion should be GRANTED.

6   NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

7   1.   The Court has jurisdiction over the subject matter of this litigation, and all actions

8   within this litigation and over the parties to the Settlement Agreement, including all members of

9   the Class and the Defendants.

10   2.   For purposes of this Order, except as otherwise set forth herein, the Court adopts

11   and incorporates the definitions contained in the settlement agreement.

12   3.   Pursuant to Fed. R. Civ. P. 23(g), Lead Counsel, previously appointed by the Court

13   (Saveri & Saveri Inc.), are appointed as counsel for the Class. Saveri & Saveri, Inc. has and will

14   fairly and competently represent the interests of the Class.

15   4.   Pursuant to Federal Rule of Civil Procedure 23, the Court determines that the

16   following settlement class be certified:

17   All persons and entities who, between March 1, 1995 and November 25,
      2007, directly purchased a CRT Product in the United States from any
18   defendant or subsidiary or affiliate thereof, or any co-conspirator.
      Excluded from the Class are defendants, their parent companies,
19   subsidiaries and affiliates, any co-conspirator, all governmental entities,
      and any judges or justices assigned to hear any aspect of this action.

20   5.   CRT Products refers to all forms of Cathode Ray Tubes. It includes CPTs,

21   CDTs and the finished products that contain them – televisions and monitors.

22   6.   The Court further finds that the prerequisites to a class action under Rule

23   23 are satisfied for settlement purposes in that: (a) there are hundreds of geographically

24   dispersed class members, making joinder of all members impracticable; (b) there are

25   questions of law and fact common to the class which predominate over individual issues;

26   (c) the claims or defenses of the class plaintiffs are typical of the claims or defenses of

27   the class; (d) the plaintiffs will fairly and adequately protect the interests of the class, and

28

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH LG      1
CV-07-5944-SC

1   have retained counsel experienced in antitrust class action litigation who have, and will

2   continue to, adequately represent the class; and (e) a class action is superior to individual

3   actions.

4        7.     The Court hereby finally approves and confirms the settlement set forth in the

5   Agreement and finds that said settlement is, in all respects, fair, reasonable and adequate to the

6   Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7        8.     This Court hereby dismisses on the merits and with prejudice the Action in

8   favor of LG, with each party to bear their own costs and attorneys' fees.

9        9.     The LG Releasees are hereby and forever released and discharged with respect to

10   any and all claims or causes of action which the Releasors had or have arising out of or related to

11   any of the Released Claims as defined in the Agreement.

12       11.     The notice given to the Class of the settlement was the best notice practicable under

13   the circumstances, including individual notice to all members of the Class who could be identified

14   through reasonable efforts.  Said notice provided due and adequate notice of those proceedings and

15   of the matters set forth therein, including the proposed settlement set forth in the Settlement

16   Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of

17   Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due

18   process.

19       12.     Without affecting the finality of the Judgments in any way, this Court hereby retains

20   continuing jurisdiction over: (a) implementation of this settlement and any distribution to Class

21   Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c)

22   hearing and determining applications by plaintiffs for attorneys' fees, costs, expenses, and interest;

23   (d) the Action until the Final Judgment contemplated hereby has become effective and each and

24   every act agreed to be performed by the parties all have been performed pursuant to the

25   Agreement; (e) hearing and ruling on any matters relating to the plan of allocation of settlement

26   proceeds; and (f) all parties to the Action and Releasors for the purpose of enforcing and

27   administering the Agreement and the mutual releases and other documents contemplated by, or

28   executed in connection with the Agreement.

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH LG     2
CV-07-5944-SC

13.     In the event that the settlement does not become effective in accordance with the terms of the Settlement Agreement, then the Judgments shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void and the parties shall be returned to their respective positions *ex ante*.

14.     The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgment should be entered and further finds that there is no just reason for delay in the entry Judgment, as a Final Judgment, as to the parties to the Settlement Agreement. Accordingly, the Clerk is hereby directed to enter Judgment forthwith for LG.

IT IS RECOMMENDED.


Dated: March 15, 2013                          Charles A. Legge
                                               Hon. Charles A. Legge (Ret.)
                                               Special Master

REVIEWED AND [APPROVED OR MODIFIED]


Dated: April 1, 2013                           Samuel Conti
                                               Hon. Samuel Conti
                                               United States District Judge

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) )<br>ANTITRUST LITIGATION                    )<br>                                                      )<br>THIS DOCUMENT RELATES TO:        )<br>ALL DIRECT-PURCHASER ACTIONS) | Master File No. CV-07-5944 SC<br><br>MDL No. 1917 |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into this _13th_ day of August, 2012 by and between LG Electronics, Inc.; LG Electronics USA, Inc.; and LG Electronics Taiwan Taipei Co., Ltd. (collectively "LG") and the direct-purchaser plaintiff class representatives ("Plaintiffs"), both individually and on behalf of a settlement class of direct purchasers of Cathode Ray Tube (CRT) Products ("the Class") as more particularly defined in Paragraph 1 below.

WHEREAS, Plaintiffs are prosecuting the above *In Re Cathode Ray Tube (CRT) Antitrust Litigation,* MDL No. 1917 (N.D. Cal.) (the "Action") on their own behalf and on behalf of the Class against, among others, LG;

WHEREAS, Plaintiffs allege that LG participated in an unlawful conspiracy to raise, fix, maintain, or stabilize the price of CRT Products at artificially high levels in violation of Section 1 of the Sherman Act;

WHEREAS, LG denies Plaintiffs' allegations and has asserted defenses to Plaintiffs' claims;

WHEREAS, Plaintiffs have conducted an investigation into the facts and the law regarding the Action and have concluded that resolving claims against LG according to the terms set forth below is in the best interest of Plaintiffs and the Class;

WHEREAS, LG, despite its belief that it is not liable for the claims asserted and has good defenses thereto, has nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgment contemplated by this

1



Agreement, and to put to rest with finality all claims that have been or could have been asserted against LG, based on the allegations of the Action, as more particularly set out below;

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed on the merits with prejudice as to the LG Releasees, as defined below, and except as hereinafter provided, without costs as to Plaintiffs, the Class, or LG, subject to the approval of the Court, on the following terms and conditions:

A.    Definitions.

1. .    For purposes of this Agreement, "the Class" and "Class Period" are defined in Plaintiffs' Consolidated Amended Complaint or, if that complaint is amended to expand the definition of either term, the operative complaint at the time this Agreement is presented for preliminary approval.  The parties to this Agreement hereby stipulate for purposes of this settlement only that the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied.

2. ·    For purposes of this Agreement, "CRT Products" shall have the meaning as defined in the Consolidated Amended Complaint or, if that Complaint is amended to expand the definition of CRT Products, the operative complaint at the time this Agreement is presented for preliminary approval.  For purposes of clarity, the term "CRT Products" includes not only cathode ray tubes, but also electronic devices containing cathode ray tubes, such as televisions and computer monitors.

3.    "LG Releasees" shall refer to the entities that are referred to collectively as "LG Electronics" in paragraph 45 of the Consolidated Amended Complaint, and to all of their respective past and present, direct and indirect, parents, subsidiaries, and affiliates (including but not limited to Zenith Electronics Corporation and Zenith Electronics Corporation of Pennsylvania), and all of their respective past and present, direct and indirect, parents, subsidiaries, affiliates, unincorporated entities, divisions, and groups; the predecessors, successors and assigns of any of the above; and each and all of the present and former principals, partners, officers, directors, supervisors, employees, agents, representatives, insurers, attorneys, heirs, executors, administrators, and assigns of each of the foregoing. "LG Releasees" does not include any defendant in the Action

2

("Defendant") other than those entities defined in the Consolidated Amended Complaint as "LG Electronics."

4.   "Class Member" means each member of the Class who has not timely elected to be excluded from the Class.

5.   "Releasors" shall refer to the direct-purchaser plaintiff Class representatives and the direct-purchaser plaintiff Class Members, and to their past and present officers, directors, employees, agents, stockholders, attorneys, servants, representatives, parents, subsidiaries, affiliates, partners, insurers and all other persons, partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executives, administrators and assigns of any of the foregoing, as well as to anyone claiming by, for, or through the Releasors.

6.   "The Settlement Fund" shall be $25,000,000 specified in Paragraph 16 plus accrued interest on said deposits set forth in Paragraph 17.

7.   "Lead Counsel" shall refer to the law firm of:

> Guido Saveri
> R. Alexander Saveri
> Saveri & Saveri, Inc.
> 706 Sansome Street
> San Francisco, CA 94111

B      Approval of this Agreement and Dismissal of Claims Against LG.

8.   Plaintiffs and LG shall use their best efforts to effectuate this Agreement, including cooperating in seeking the Court's approval for the establishment of procedures (including the giving of class notice under Federal Rules of Civil Procedure 23(c) and (e)) to secure the prompt, complete, and final dismissal with prejudice of the Action as to the LG Releasees only.

9.   Plaintiffs shall submit to the Court a motion for authorization to disseminate notice of the settlement and final judgment contemplated by this Agreement to all Class members identified by the parties (the "Motion"). If notice to the Class is given jointly with any other settling defendant, for purposes of Paragraph 19 below, the costs of notice and claims administration shall be prorated with any other such defendant based on their respective settlement amounts. The Motion shall include (i) a proposed form

3

of, method for, and date of dissemination of notice; and (ii) a proposed form of order. The text of the foregoing items (i) and (ii) shall be agreed upon by Plaintiffs and LG before submission of the Motion, with the understanding that, among other things, individual notice of the settlement shall be mailed by regular mail or email, with appropriate notice by publication, with all expenses paid from the Settlement Fund subject to Paragraph 19(a). The Motion shall recite and ask the Court to find that the mailing of the notice of settlement to all members of the Class who can be identified upon reasonable effort constitutes valid, due and sufficient notice to the Class, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Federal Rule of Civil Procedure 23.

10.     Plaintiffs shall seek, and LG will not object unreasonably to the entry of, an order and final judgment, the text of which Plaintiffs and LG shall agree upon. The terms of that order and final judgment will include, at a minimum, the substance of the following provisions:

a.     certifying the Class described in Paragraph 1, pursuant to Rule 23 of the Federal Rules of Civil Procedure, solely for purposes of this settlement as a settlement class;

b.     as to the Action, approving finally this settlement and its terms as being a fair, reasonable and adequate settlement as to the Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

c.     as to the LG Releasees, directing that the Action be dismissed with prejudice and, except as provided for in this Agreement, without costs;

d.     reserving exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of this settlement, to the United States District Court for the Northern District of California; and

e.     determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to the LG Releasees shall be final.

4

11.     This Agreement shall become final when (i) the Court has entered a final order certifying the Class described in Paragraph 1 and approving this Agreement under Federal Rule of Civil Procedure 23(e) and a final judgment dismissing the Action with prejudice as to LG Releasees against all Class Members and without costs other than those provided for in this Agreement, and (ii) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as to LG Releasees described in (i) hereof has expired or, if appealed, approval of this Agreement and the final judgment as to LG Releasees have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review. It is agreed that the provisions of Rule 60 of the Federal Rules of Civil Procedure shall not be taken into account in determining the above-stated times. On the date that Plaintiffs and LG have executed this Agreement, Plaintiffs and LG shall be bound by its terms and this Agreement shall not be rescinded except in accordance with Paragraphs 17(h), 18(a), 28, or 29 of this Agreement.

12.     Neither this Agreement (whether or not it should become final) nor the final judgment, nor any and all negotiations, documents and discussions associated with them, shall be deemed or construed to be an admission by LG (or the LG Releasees) or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by LG (or the LG Releasees), or of the truth of any of the claims or allegations contained in any complaint or any other pleading filed in the Action, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out this Agreement by any of the settling parties shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce this Agreement, or to defend against the assertion of Released Claims, or as otherwise required by law.

C.     Release, Discharge, and Covenant Not to Sue.

13.     In addition to the effect of any final judgment entered in accordance with this Agreement, upon this Agreement becoming final as set out in Paragraph 11 of

5

this Agreement, and in consideration of payment of the Settlement Amount, as specified in Paragraph 16 of this Agreement, and for other good and valuable consideration, the LG Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, judgments, actions, suits, causes of action, whether class, individual, or otherwise (whether or not any Class Member has objected to the settlement or makes a claim upon or participates in the Settlement Fund, whether directly, representatively, derivatively, or in any other capacity) that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected injuries, damages, and consequences thereof in any way arising out of or relating in any way to any act or omission of the LG Releasees (or any of them) or any other entity concerning the manufacture, supply, distribution, sale or pricing of CRT Products up to the date of execution of this Agreement, including but not limited to any conduct alleged, and causes of action asserted or that could have been alleged or asserted, in complaints filed in this Action, including those arising under any federal, state, or foreign antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, unjust enrichment, contract, or trade practice law (the "Released Claims").  However, the Released Claims shall not preclude Plaintiffs from pursuing any and all of their claims against other defendants, excepting the LG Releasees, for the sale of CRT Products by those other defendants, or any subsidiary or affiliate thereof, or their co-conspirators, again excepting the LG Releasees.  Releasors shall not, after the date of this Agreement, sue or otherwise seek to establish liability against any LG Releasee based, in whole or in part, upon any of the Released Claims or conduct at issue in the Released Claims.

        14.    In addition to the provisions of Paragraph 13 of this Agreement, Releasors hereby expressly waive and release, upon this Agreement becoming final, any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which states:

      CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR;

6

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code. Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are the subject matter of the provisions of Paragraph 13 of this Agreement, but each Releasor hereby expressly waives and fully, finally, and forever settles and releases, upon this Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the subject matter of the provisions of Paragraph 13 of this Agreement, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

15.     The release, discharge, and covenant not to sue set forth in Paragraph 13 of this Agreement does not include claims by any of the Class Members other than the Released Claims and does not include other claims, such as those solely arising out of product liability, personal injury, or breach of contract claims not related to the subject matter of the Action in the ordinary course of business not covered by the Released Claims.

D.     Settlement Amount.

16.     Subject to the provisions hereof, and in full, complete and final settlement of the Action as provided herein, defendant LG shall pay the Settlement Amount of $25,000,000 in United States Dollars (the "Settlement Amount"). The Settlement Amount shall be paid into an escrow account in United States Dollars to be administered in accordance with the provisions of Paragraph 17 of this Agreement (the "Escrow Account") thirty (30) days after execution of this Agreement.

17.     E s c r o w   A c c o u n t.

(a)     The Escrow Account will be established at Citibank, N.A. — Citi Private Bank, San Francisco, California, with such Bank serving as escrow agent ("Escrow Agent") subject to escrow instructions mutually acceptable to Plaintiffs' Lead counsel and LG, such escrow to be administered under the Court's continuing supervision and control.

(b)     The Escrow Agent shall cause the funds deposited in the Escrow Account to be invested in short-term instruments backed by the full faith and credit of the United

States Government or fully insured in writing by the United States Government, or money market funds rated Aaa and AAA, respectively by Moody's Investor Services and Standard and Poor's, invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds of these instruments as they mature in similar instruments at their then current market rates.

(c)　　All funds held in the Escrow Account shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and/or further order(s) of the Court.

(d)　　Plaintiffs and LG agree to treat the Settlement Fund as being at all times a qualified settlement fund within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph 17, including the relation-back election (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(e)　　For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated there under, the administrator shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)(1)). Such returns (as well as the election described in Paragraph 17(d)) shall be consistent with Paragraph 17(d) and in all events shall reflect that all Taxes, as defined below (including any estimated Taxes, interest or penalties), on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in Paragraph 17(f) hereof

(f)　　All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon LG or any other LG Releasee with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a qualified settlement fund for federal or state income tax purposes

8

("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of Paragraphs 17(d) through 17(f) (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Paragraph 17(f) ("Tax Expenses")), shall be paid out of the Settlement Fund.

(g)     Neither LG nor any other LG Releasee nor their respective counsel shall have any liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)). Neither LG nor any other LG Releasee is responsible nor shall they have any liability therefor. Plaintiffs and LG agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of Paragraphs 17(d) through 17(f).

(h)     If this Agreement does not receive final Court approval, including final approval of "the Class" as defined in Plaintiffs' Consolidated Amended Complaint (or, if that complaint is amended to expand the definition of "the Class," the operative complaint at the time this Agreement is presented for preliminary approval) or if the Action is not certified as a class action for settlement purposes, then all amounts paid by LG into the Settlement Fund (other than costs expended in accordance with Paragraph 19(a)) shall be returned to LG from the Escrow Account by the Escrow Agent along with any interest accrued thereon within thirty (30) calendar days.

18.    Exclusions.

(a)     Within ten (10) business days after the end of the period to request exclusion from the Class, Lead Counsel will cause copies of timely requests for exclusion from the Class to be provided to counsel for LG.  To the extent that LG determines in good faith that its sales of CRT Products during the Class Period to the potential members of the Class (or any of them) who have requested exclusion from the

9

Class represent an amount of sales equal to or greater than 80% of LG's sales of CRT Products in the United States during the Class Period, LG may terminate the Agreement within thirty (30) days of receipt of the list of exclusions.

(b)     If LG terminates this Agreement pursuant to Paragraph 18(a), then all amounts paid by LG into the Settlement Fund (other than notice costs expended in accordance with Paragraph 19(a)) shall be returned to LG from the Escrow Account by the Escrow Agent along with any interest accrued thereon within thirty (30) calendar days.

(c)     With respect to any potential Class member who requests exclusion from the Class, LG reserves all of its legal rights and defenses, including, but not limited to, any defenses relating to whether the excluded Class member is a direct purchaser of any allegedly price fixed product and/or has standing to bring any claim.

19.     Payment of Expenses.

(a)     LG agrees to permit use of a maximum of $300,000 of the Settlement Fund towards notice to the class and the costs of administration of the Settlement Fund set forth in Paragraph 17. The $300,000 in notice and administration expenses are not recoverable if this settlement does not become final to the extent such funds are expended for notice and administration costs. Other than as set forth in this Paragraph 19(a), neither LG nor any of the other LG Releasees under this Agreement shall be liable for any of the costs or expenses of the litigation of the Action, including attorneys' fees; fees and expenses of expert witnesses and consultants; and costs and expenses associated with discovery, motion practice, hearings before the Court or any Special Master, appeals, trials or the negotiation of other settlements, or for Class administration and costs.

(b)     If Lead Counsel enter into any other settlements on behalf of the Class before notice of this Agreement is given to the Class, Lead Counsel shall use its reasonable best efforts to provide a single notice to prospective Class members of all of the settlements.

E.     The Settlement Fund.

20.     Releasors shall look solely to the Settlement Fund for settlement and satisfaction against the LG Releasees of all Released Claims, and shall have no other recovery against LG or any other LG Releasee.

21.    After this Agreement becomes final within the meaning of Paragraph 11, the Settlement Fund shall be distributed in accordance with a plan to be submitted at the appropriate time by Plaintiffs, subject to approval by the Court. In no event shall any LG Releasee have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such distribution and administration, with the sole exception of the provisions set forth in Paragraph 19(a) of this Agreement.

22.    Plaintiffs and Class Counsel shall be reimbursed and indemnified solely out of the Settlement Fund for all expenses. The LG Releasees shall not be liable for any costs, fees, or expenses of any of Plaintiffs' or the Class' respective attorneys, experts, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Fund.

23.    Class Counsel's Attorneys' Fees And Reimbursement of Expenses.

(a)    Class Counsel may submit an application or applications to the Court (the "Fee and Expense Application") for distribution to them from the Settlement Fund and LG shall not oppose such application for: (i) an award of attorneys' fees not in excess of one-third of the settlement fund; plus (ii) reimbursement of expenses and costs incurred in connection with prosecuting the Action, plus interest on such attorneys' fees, costs and expenses at the same rate and for the same period as earned by the Settlement Fund (until paid) as may be awarded by the Court (the "Fee and Expense Award"). Class Counsel reserve the right to make additional applications for fees and expenses incurred, but in no event shall LG Releasees be responsible to pay any such additional fees and expenses except to the extent they are paid out of the Settlement Fund.

(b)    The Fee and Expense Award, as approved by the Court, shall be paid solely from the Settlement Fund. After this Agreement becomes final within the meaning of Paragraph 11, the Fee and Expense Award shall be paid to Lead Counsel within ten (10) business days. Lead Counsel shall allocate the attorneys' fees among Class Counsel in a manner which it in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Action.

(c)    The procedure for and the allowance or disallowance by the Court of the application by Class Counsel for attorneys' fees, costs and expenses to be paid out of the Settlement Fund are not part of this Agreement, and are to be considered by the Court

11

separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any such order shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the judgment approving the settlement.

(d)     Neither LG nor any other LG Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to any payment to Class Counsel of any Fee and Expense Award in the Action.

(e)     Neither LG nor any other LG Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to the allocation among Class Counsel, and/or any other person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

F.     <u>Cooperation.</u>

24.     LG shall reasonably cooperate with Lead Counsel as set forth specifically below:

(a)     LG's counsel of record will make themselves available in the United States for up to a total of two (2) meetings (each meeting may last one day) with counsel to provide, to the extent reasonably possible, an attorney's proffer of facts known to LG regarding the allegations about the multilateral or group CRT competitor meetings alleged in Plaintiffs' Consolidated Amended Complaint, including, without limitation, information known to counsel about the expected testimony of any LG employees with knowledge (if any) of any such meetings, and documents (if any) relating to any such meetings, and LG witnesses (if any) regarding any such meetings, provided that such information is not covered by privilege or other protections available under any applicable United States law, plus reasonable follow-up conversations including, but not limited to, identifying individuals, such as current or former employees, who may provide information or potential testimony relevant to the alleged meetings. LG shall identify and produce relevant documents, to the extent such documents are reasonably available and not previously produced in the Action, sufficient to show sales, pricing, capacity, and production, as well

12

as documents (if any) related to the multilateral or group CRT competitor meetings alleged in Plaintiffs' Consolidated Amended Complaint.

(b)     Notwithstanding any other provision in this Agreement, Plaintiffs agree that they and Class Counsel shall maintain all statements made by LG's counsel as strictly confidential; and that they shall not use directly or indirectly the information so received for any purpose other than the prosecution of the Action.  The parties and their counsel further agree that any statements made by LG's counsel in connection with and/or as part of this settlement, including the attorney's proffer referred to in Paragraph 24(a) above, shall be protected by Federal Rule of Evidence 408, and shall in no event be discoverable by any person or treated as evidence of any kind.

(c)     Upon reasonable notice after the date of execution of this Agreement, LG agrees to use reasonable efforts to make available for interviews, depositions, and testimony at hearings or trial, via videoconference or at a mutually agreed upon location or locations (except for testimony at hearings or trial, which shall be at the United States Courthouse of the United States District Court for the Northern District of California), and at LG's expense up to four (4)  persons, which may consist of current directors, officers, and/or employees of LG (or former directors, officers and/or employees of LG, if such former employees agree to cooperate) whom Lead Counsel, in consultation with counsel for LG, reasonably and in good faith believe to have knowledge regarding the multilateral or group CRT competitor meetings alleged in Plaintiffs' Consolidated Amended Complaint.  Interviews shall be limited to a total of six (6) hours over one day per interview and can be conducted telephonically from overseas at the witness's choice.  Depositions shall be administered according to the rules and limitations of the Federal Rules of Civil Procedure, regardless of the location at which they take place or the citizenship of the deponent.  LG agrees to bear reasonable travel expenses incurred by witnesses pursuant to this Paragraph.  LG also agrees to use good faith efforts to obtain the cooperation of former directors, officers and/or employees, as part of the four (4) witnesses identified above, if Lead

13

Counsel asks LG to include such individuals within the list of four (4). However, it is agreed that LG does not have any obligation to make such efforts for any former LG employees that are currently employed by other Defendants.

(d)     LG agrees to provide one or, if necessary, more witnesses for deposition, and, if necessary at trial, to provide information, to the best of their ability, with respect to LG's data regarding sales, pricing, production, capacity and cost of its CRT Products. In addition, LG agrees to provide one or, if necessary, more witnesses to establish, to the best of their ability, the foundation of any LG document or data Lead Counsel identify as necessary for summary judgment and/or trial.

(e)     Nothing herein is intended to, or obligates LG to, waive any privilege or immunity. If any document protected by the attorney-client privilege, attorney work-product protection, joint defense or any other protection, privilege, or immunity is accidentally or inadvertently produced under this Paragraph, the document shall promptly be destroyed and/or returned to LG, and its production shall in no way be construed to have waived any privilege or protection attached to such document.

(f)     Plaintiffs and Lead Counsel agree they will not use the information provided under this Paragraph for any purpose other than the pursuit of the Action, and will not publicize the information beyond what is reasonably necessary for the prosecution of the action or as otherwise required by law. Any documents and other information provided will be deemed "Highly Confidential" and subject to the protective order entered in the Action as if they had been produced in response to discovery requests and so designated.

25.     In the event that this Agreement fails to receive final approval by the Court as contemplated in Paragraphs 8-11 hereof, including final approval of "the Class" as defined in Plaintiffs' Consolidated Amended Complaint (or, if that complaint is amended to expand the definition of "the Class," the operative complaint at the time this Agreement is presented for preliminary approval), or in the event that it is terminated by either party under any provision herein, the parties agree that neither Plaintiffs nor Plaintiffs' counsel shall be permitted to introduce into evidence, at any hearing, or in

14

support of any motion, opposition or other pleading in the Action or in any other federal or state or foreign action alleging a violation of any law relating to the subject matter of this Action, any deposition testimony or any documents provided by the LG Releasees, their counsel, or any individual made available by the LG Releasees pursuant to the cooperation provisions of Paragraph 24.

26.    Except as provided in Paragraph 24 of this Agreement, LG need not respond to formal discovery from Plaintiffs or otherwise participate in the Action during the pendency of the Agreement. Neither LG nor Plaintiffs shall file motions against the other during the pendency of the Agreement. In the event that the Agreement is not approved by the Court, or otherwise terminates, LG and Plaintiffs will each be bound by and have the benefit of any rulings made in the Action to the extent they would have been applicable to LG or Plaintiffs had LG been participating in the Action.

27.    LG and Plaintiffs agree not to disclose publicly or to any other defendant the terms of this Agreement until this Agreement is submitted to the Court for approval.

G.    Rescission if this Agreement is Not Approved or Final Judgment is Not Entered.

28.    If the Court refuses to approve this Agreement or any part hereof, including if the Court does not certify a settlement class in accordance with the specific class definition set forth in Plaintiffs' Consolidated Amended Complaint, or if such approval is modified or set aside on appeal, or if the Court does not enter the final judgment provided for in Paragraph 10 of this Agreement, or if the Court enters the final judgment and appellate review is sought, and on such review, such final judgment is not affirmed in its entirety, then LG and the Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety. Written notice of the exercise of any such right to rescind shall be made according to the terms of Paragraph 39. A modification or reversal on appeal of any amount of Class Counsel's fees and expenses awarded by the Court from the Settlement Fund shall not be deemed a modification of all or a part of the terms of this Agreement or such final judgment.

29.    In the event that this Agreement does not become final, then this Agreement shall be of no force or effect and any and all parts of the Settlement Fund caused to be deposited in the Escrow Account (including interest earned thereon) shall be

15

returned forthwith to LG less only disbursements made in accordance with Paragraph 19 of this Agreement. LG expressly reserves all of its rights and defenses if this Agreement does not become final.

30.     Further, and in any event, Plaintiffs and LG agree that this Agreement, whether or not it shall become final, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by LG (or the LG Releasees), or of the truth of any of the claims or allegations contained in the complaint or any other pleading filed in the Action, or by any person or entity in any other action, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding.

31.     This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Agreement, for a complete resolution of the relevant claims with respect to each LG Releasee as provided in this Agreement.

32.     The parties to this Agreement contemplate and agree that, prior to final approval of the settlement as provided for in Paragraphs 8-11 hereof, appropriate notice 1) of the settlement; and 2) of a hearing at which the Court will consider the approval of this Settlement Agreement will be given to Class members.

H     Miscellaneous.

33.     This Agreement does not settle or compromise any claim by Plaintiffs or any Class Member asserted in the Consolidated Amended Complaint or, if amended, any subsequent Complaint, against any defendant or alleged co-conspirator other than the LG Releasees. All rights against such other defendants or alleged co-conspirators are specifically reserved by Plaintiffs and the Class. LG's sales to the Class shall not be removed from the Action.

34.     The United States District Court for the Northern District of California shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the

16

applicability of this Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and LG. This Agreement shall be governed by and interpreted according to the substantive laws of the state of California without regard to its choice of law or conflict of laws principles.

35.     This Agreement constitutes the entire, complete and integrated agreement among Plaintiffs and LG pertaining to the settlement of the Action against LG, and supersedes all prior and contemporaneous undertakings of Plaintiffs and LG in connection herewith. This Agreement may not be modified or amended except in writing executed by Plaintiffs and LG, and approved by the Court.

36.     This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Plaintiffs and LG. Without limiting the generality of the foregoing, each and every covenant and agreement made herein by Plaintiffs, Lead Counsel or Class Counsel shall be binding upon all Class Members and Releasors. The LG Releasees (other than LG which is a party hereto) are third party beneficiaries of this Agreement and are authorized to enforce its terms applicable to them.

37.     This Agreement may be executed in counterparts by Plaintiffs and LG, and a facsimile signature shall be deemed an original signature for purposes of executing this Agreement.

38.     Neither Plaintiffs nor LG shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

39.     Where this Agreement requires either party to provide notice or any other communication or document to the other, such notice shall be in writing, and such notice, communication, or document shall be provided by facsimile or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

17

40.    Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

Dated: August 13, 2012

_____

Guido Saveri
guido@saveri.com
R. Alexander Saveri
rick@saveri.com
**SAVERI & SAVERI, INC.**
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

**Lead Counsel and Attorneys for the Class**

_____

DOUGLAS L. WALD *(Pro Hac Vice)*
douglas.wald@aporter.com
WILSON D. MUDGE *(Pro Hac Vice)*
wilson.mudge@aporter.com
YONGSANG KIM *(Pro Hac Vice)*
yongsang.kim@aporter.com
**ARNOLD & PORTER LLP**
555 Twelfth Street, NW
Washington, DC 20004
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

**Attorneys for Defendants LG Electronics, Inc.; LG Electronics USA, Inc.; and LG Electronics Taiwan Taipei Co., Ltd.**

18

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| **THE STATE OF ILLINOIS,** ) | |
| **by its Attorney General, Lisa Madigan,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Hon. Rita M. Novak** |
| **v.** ) | |
| ) | **No. 12 CH 35266** |
| **HITACHI, LTD, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### CERTIFICATE OF SERVICE

I, David M. Simon, an attorney, state that on June *3*, 2016, I caused

1. Defendant LG Electronics, Inc.'s Eighth Affirmative Defense; and

2. Defendant LG Electronics USA, Inc.'s Tenth Affirmative Defense

to be sent by U.S. Mail to:

> Blake L. Harrop, Esq.
> Senior Assistant Attorney General
> Antitrust Bureau
> Office of the Illinois Attorney General
> 100 W. Randolph Street
> Chicago, IL 60601

and caused these documents to be sent by e-mail to the others listed on the attached Service List.

_____

## SERVICE LIST

Blake Harrop
Chadwick Brooker
Antitrust Bureau
Office of the Illinois Attorney General
100 West Randolph Street
Chicago, Illinois 60601
bharrop@atg.state.il.us
cbrooker@atg.state.il.us

*Counsel for Plaintiff Attorney General of Illinois*

Kate Wheaton
Karl Stampfl
KIRKLAND & ELLIS
300 North LaSalle Street
Chicago, IL 60654
kate.wheaton@kirkland.com
karl.stampfl@kirkland.com

*Counsel for Hitachi, Ltd., Hitachi Electronic Devices (USA), Inc., and Hitachi Displays, Ltd.*

Jeffery Cross
David C. Gustman
Tonita M. Helton
Freeborn & Peters LLP
311 S. Wacker Drive, Suite 300
Chicago, IL 60606
jcross@freebornpeters.com
dgustman@freebornpeters.com
thelton@freebornpeters.com

John M. Taladay
Erik T. Koons
Charles M. Malaise
BAKER BOTTS LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400
john.taladay@bakerbotts.com
erik.koons@bakerbotts.com
charles.malaise@bakerbotts.com

*Counsel for Defendant Philips Electronics North America Corporation*

Dan Cummings
Alan Madans
ROTHSCHILD, BARRY & MYERS
150 S. Wacker Drive, Suite 3025
Chicago, IL 60606
cummings@rbmchicago.com
madans@rbmchicago.com

Christopher M. Curran
Lucius B. Lau
Dana E. Foster
WHITE & CASE
701 Thirteenth Street, N.W.
Washington, DC 20005
ccurran@whitecase.com
alau@whitecase.com
defoster@whitecase.com

*Counsel for Toshiba Corporation and Toshiba America Electronic Components, Inc.*

Daniel G. Rosenberg
Catherine B. Diggins
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
Three First National Plaza
70 West Madison Street, 48th Floor
Chicago, Illinois 60602
drosenberg@sheppardmullin.com
cdiggins@sheppardmullin.com

Michael Scarborough
Tyler M. Cunningham
SHEPPARD MULLIN RICHTER & HAMPTON LLP
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111
mscarborough@sheppardmullin.com
tcunningham@sheppardmullin.com

*Counsel for Samsung SDI America, Inc., Samsung Display Device Co., Ltd.*

2

Duane M. Kelley
James F. Herbison
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
dkelley@winston.com
jherbison@winston.com

Jeffrey L. Kessler
Eva W. Cole
Molly M. Donovan
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
jkessler@winston.com
ewcole@winston.com
mmdonovan@winston.com

Steven A. Reiss
David L. Yohai
Adam C. Hemlock
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
steven.reiss@weil.com
david.yohai@weil.com
adam.hemlock@weil.com

*Counsel for Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*

3