Christopher T. Micheletti (136446)
Judith A. Zahid (215418)
Qianwei Fu (242669)
ZELLE LLP
44 Montgomery St., Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
Facsimile:  (415) 693-0770
Email:     *cmicheletti@zelle.com*
           *jzahid@zelle.com*
           *qfu@zelle.com*

*Counsel for Class Representative
Kerry Lee Hall and Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944 JST |
| | MDL No. 1917 |
| This Document Relates to: | **ZELLE LLP'S ADMINISTRATIVE MOTION TO FILE DOCUMENT UNDER SEAL** |
| All Indirect Purchaser Actions | |
| | Judge: Honorable Jon S. Tigar |
| | Before: Special Master Martin Quinn, JAMS |

1   Pursuant to the Honorable Jon S. Tigar's Standing Order Governing Administrative Motions to File Materials under Seal and this Court's Civil Local Rules 7-11 and 79-5, Zelle LLP ("Zelle") respectfully submits this motion to file under seal the entirety of Exhibit 1 to Zelle LLP's Response to Special Master's Request for Documents.  This motion is accompanied by the Declaration of Christopher T. Micheletti in Support of Zelle LLP's Administrative Motion to File Document under Seal ("Micheletti Decl.") and a Proposed Order.  Pursuant to Civil Local Rule 79-5(d)(1), Zelle attaches hereto redacted and unredacted versions of Exhibit 1.

Exhibit 1 reflects email communications between Zelle LLP ("Zelle") and Trump, Alioto, Trump & Prescott LLP ("TATP") on case organization, overall strategies and fee-related issues, following Judge Conti's appointment of TATP as interim lead counsel.  Micheletti Decl. ¶ 4.  At the Special Master's request, Zelle submits this email record in connection with the allocation of fees.  *Id.* at ¶ 5.  A designating party need only meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure where the documents sought to be sealed are unrelated or only tangentially related to the underlying cause of action  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  Here, the document does not relate to the merits of the case.  The public and Defendants have only a minimal interest in the document.  Micheletti Decl. ¶ 5.

The aforementioned email communications were conducted primarily due to the prospect of litigation and contain attorney mental impressions, strategy and thought processes.  *Id.* at ¶ 6.  Such communications constitute privileged attorney work product and are entitled to protection from disclosure to the general public and the adversary.  *Hickman v. Taylor*, 329 U.S. 495, 510-512 (1947).  The document therefore qualifies as "privileged, protectable as a trade secret or otherwise entitled to protection under the law," under Civil Local Rule 79-5(b).  Micheletti Decl. ¶ 6.  In addition, Civil Local Rule 54-5(b)(2) allows for *in camera* review of records related to attorneys' fee applications.  *See also Fed. Sav. & Loan Ins. Corp. v. Ferm*, 909 F.2d 372, 374 (9th Cir. 1990) (quoting *United States v. Nobels*, 422 U.S. 225, 236-39 (1975)) ("*In camera* review protects the attorney's private thoughts from 'intrusion by opposing parties and their

1  counsel' and hence protects those interests which lie at the heart of the attorney work product
2  doctrine."). Micheletti Decl. ¶ 7. Disclosing the document to non-parties and Defendants who
3  have little interest in the underlying dispute, which reveals the nature of the legal services
4  rendered and case strategies, would cause significant prejudice to the Indirect Purchaser
5  Plaintiffs ("IPPs") and their counsel in any future prosecution of this case and in other cases.
6  *Taylor*, 329 U.S. at 510 ("it is essential that a lawyer work with a certain degree of privacy, free
7  from unnecessary intrusion by opposing parties and their counsel."). Micheletti Decl. ¶ 8.

8  For the foregoing reasons, there is a good cause for protecting the confidentiality of the
9  communications between Zelle and TATP. Zelle respectfully requests an Order permitting it to
10 file under seal the entirety of Exhibit 1 and only serve the unredacted version of Exhibit 1 on
11 plaintiffs' counsel that appeared in the fee allocation proceedings.

12 Dated: October 10, 2016                By:  /s/ Christopher T. Micheletti

                                          Christopher T. Micheletti (136446)
                                          Judith A. Zahid (215418)
                                          Qianwei Fu (242669)
                                          ZELLE LLP
                                          44 Montgomery St., Suite 3400
                                          San Francisco, CA 94104
                                          Telephone: (415) 693-0700
                                          Facsimile: (415) 693-0770
                                          Email:   cmicheletti@zelle.com
                                                   jzahid@zelle.com
                                                   qfu@zelle.com

                                          *Counsel for Class Representative
                                          Kerry Lee Hall and Indirect Purchaser
                                          Plaintiffs*

4818-3715-5642v1