Christopher T. Micheletti (136446)
Judith A. Zahid (215418)
Qianwei Fu (242669)
ZELLE LLP
44 Montgomery St., Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
Facsimile: (415) 693-0770
Email:    *cmicheletti@zelle.com*
          *jzahid@zelle.com*
          *qfu@zelle.com*

*Counsel for Class Representative
Kerry Lee Hall and Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944 JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **DECLARATION OF CHRISTOPHER T. MICHELETTI IN SUPPORT OF ZELLE LLP'S ADMINISTRATIVE MOTION TO FILE DOCUMENT UNDER SEAL**<br><br>Judge: Honorable Jon S. Tigar<br><br>Before: Special Master Martin Quinn, JAMS |

I, Christopher T. Micheletti, declare:

1. I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am a partner with the law firm Zelle LLP ("Zelle") and my firm serves as Counsel for the Indirect Purchaser Plaintiffs ("IPPs") in the above-captioned action. The matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2. Pursuant to Civil Local Rules 7-11 and 79-5, I submit this declaration in support of Zelle LLP's Administrative Motion to File Document under Seal.

3. Zelle seeks permission to file under seal the entirety of Exhibit 1, attached to Zelle LLP's Response to Special Master's Request for Documents.

4. Exhibit 1 reflects email communications between Zelle LLP ("Zelle") and Trump, Alioto, Trump & Prescott LLP ("TATP") on case organization, overall strategies and fee-related issues, following Judge Conti's appointment of TATP as interim lead counsel.

5. At the Special Master's request, Zelle submits Exhibit 1 in connection with the allocation of fees, which has nothing to do with issues that relate to the merits of the case. The public and Defendants have only a minimal interest in the document. *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Therefore, this Court should apply the "good cause" standard in deciding Zelle's administrative motion to seal. *Id*. at 1097.

6. Exhibit 1 contains communications conducted primarily due to the prospect of litigation, including attorney mental impressions, strategy and thought processes. Such communications constitute privileged attorney work product and are entitled to protection from disclosure to the general public and the adversary. *Hickman v. Taylor*, 329 U.S. 495, 510-512 (1947). The document therefore qualifies as "privileged, protectable as a trade secret or otherwise entitled to protection under the law," under Civil Local Rule 79-5(b).

7. Civil Local Rule 54-5(b)(2) allows for *in camera* review of records related to attorneys' fee applications. *See also Fed. Sav. & Loan Ins. Corp. v. Ferm*, 909 F.2d 372, 374 (9th Cir. 1990) (quoting *United States v. Nobels*, 422 U.S. 225, 236-39 (1975)) ("*In camera*

1  review protects the attorney's private thoughts from 'intrusion by opposing parties and their
2  counsel' and hence protects those interests which lie at the heart of the attorney work product
3  doctrine.").
4      8.   Disclosing the document to non-parties and Defendants who have little interest in
5  the underlying dispute, which reveals the nature of the legal services rendered and case
6  strategies, would cause significant prejudice to the IPPs and their counsel in any future
7  prosecution of this case and in other cases.  *Taylor*, 329 U.S. at 510 ("it is essential that a lawyer
8  work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and
9  their counsel.").
10     9.   Therefore, there is good cause for protecting the confidentiality of the
11 communications between Zelle and TATP.
12     I declare under penalty of perjury under the laws of the State of California that the
13 foregoing is true and correct.  Executed this 10th day of October, 2016 in San Francisco,
14 California.

                                             */s/ Christopher T. Micheletti*
                                             Christopher T. Micheletti

4825-7915-4490v1