Martin Quinn
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 774-2669
Fax: (415) 982-5287
Special Master

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
|---|---|
| | Case No. C-07-5944-SC |
| This Document Relates to:<br><br>ALL ACTIONS | **SPECIAL MASTER'S ORDER ON MOTION BY COOPER & KIRKHAM TO STRIKE DECLARATION OF MARIO N. ALIOTO (Dkt. 4874) (No hrg.)** |

The motion of Cooper & Kirkham to strike the Declaration of Mario N. Alioto In Support of Lead Counsel's Omnibus Response to Objections to Proposed Allocation of Aggregate Fee Award to Indirect Purchaser Plaintiffs' Counsel (Dkt. 4853) (the "Alioto Declaration") was submitted for decision without oral argument, as directed by the Special Master.

I. Introduction

The Special Master has reviewed the motion, the opposition and Declarations of Mr. Alioto and Ms. Capurro, the reply and the Third Declaration of John D. Bogdanov, and attached exhibits, all of which he accepts as properly and timely submitted.

After twenty-seven pages of briefing, to say nothing of accompanying declarations and exhibits, the Special Master concludes that this motion unnecessarily diverted the attention of

counsel and the Special Master from the core task of allocating a large amount of attorneys fees among 49 deserving law firms. The motion raised technical evidentiary objections that, while of some merit, are of little importance to the fee allocation and perpetuated the unfortunate appearance of a running squabble between Lead Counsel and the Cooper firm among other class counsel.

Nonetheless, the motion raises evidentiary questions about the Alioto Declaration that the Court must rule upon as the law requires.

II.     Analysis of Evidentiary Objections

Cooper moves to strike paragraphs 22-25, 26 (1st sentence only), 28, 30 and 34-37 of the Alioto Declaration. The basis for the motion is that these portions of the declaration either lack personal knowledge (Fed. R. of Evid. 602) or are inadmissible hearsay (Fed. R. of Evid. 801/802).

Para. 22/23: The statements in question are: "Cooper was involved in repeated efforts to undermine IPP Counsel's efforts and worked at cross purposes to them. The efforts unquestionably had a serious, negative effect on settlement negotiations." " Cooper involved himself in the dispute with Phillips over its settlement with the California AG." "Cooper and Scarpulla even went so far as to formulate a settlement demand on Phillips in mid-2013, which they had no authority to do, and which was far below what Lead Counsel would ever have accepted from Phillips. In fact, their proposed settlement with Phillips was even less that the early settlement with LG that Scarpulla now disingenuously criticizes."

Cooper is correct that Alioto provides no evidence that he has personal knowledge of the factual statements made. The generic opening statement that everything in the declaration is based on personal knowledge does not suffice. The statements are basically argument which have no place in a declaration. The motion to strike will be granted as to these paragraphs.

Para 26 (1st sentence): The statement in question is: "As a result of Cooper and Scarpulla 'presenting themselves' to Special Master Walker and misleading him regarding Lead Counsel's handling of the case, Walker recommended to the Court that they be appointed as co-

lead counsel in charge of settlement." Special Master Walker himself stated (Dkt. 3200) that Cooper and Scarpulla had "presented themselves" to him and offered to work with Lead Counsel to coordinate the IPP case with the *parens patriae* case of the California AG and to engage in settlement negotiations, and he was consequently recommending that they be appointed co-lead counsel. Therefore that part of Alioto's statement has a solid factual basis. But Alioto provides no evidence for the conclusory statement that Cooper and Scarpulla misled Special Master Walker, or any evidence that Alioto has personal knowledge of such misleading. Therefore, the words "and misleading him regarding Lead Counsel's handling of the case" will be stricken.

Para. 28: The statements in question are: "But Scarpulla's time records show that he and Cooper were not only meeting with the California AG and Special Master Walker regarding settlement, they were also in contact with the Defendants. Scarpulla's declaration in support of his objection also confirms this. In light of their statements that Lead Counsel was overvaluing the case, and that Samsung SDI would pay no more than $50 million, Lead Counsel suspects that Cooper and Scarpulla were discussing settling the case with these Defendants for much less than Lead Counsel was demanding from them. Cooper and Scarpulla were likely also informing the Defendants of their plans to get appointed as co-lead counsel."

The Special Master has reviewed Francis Scarpulla's Declaration In Support of Objections to Proposed Fee Allocation dated 9/7/16 (Dkt. 4818-1) and his time records attached thereto as Exhibit 1. The Declaration says nothing about Mr. Cooper having met with the California AG or Special Master Walker, or being in contact with the defendants. The time records contain a few entries in the 12/2014-1/2015 time frame that mention telephone conversations and perhaps meetings with Mr. Cooper and Asst. Atty. General Varanini regarding settlement, but nothing about Cooper having met with Special Master Walker or being in contact with the defendants. Therefore, the first sentence is without evidence of personal knowledge or any factual basis. The last two sentences are pure speculation by Mr. Alioto as he concedes by his use of the words "suspects" and "likely". Therefore, all of Paragraph 28 except the first sentence (which is an undisputed factual statement) will be stricken.

Para. 30: The statements in question are: "For example, during Lead Counsel's settlement discussions with certain defense counsel, they indicated that if they could not get a deal done with Lead Counsel, they would do it with someone else. They also questioned Lead Counsel's authority to get the settlement finally approved." These statements about what unnamed defense counsel said are inadmissible hearsay. They will be stricken.

Para 34-37: These four paragraphs deal with a different subject, the work product of John Bogdanov, an associate in the Cooper firm who performed virtually all the work of the firm on the CRT case. Cooper contends that Alioto lacks personal knowledge of what Bogdanov did and did not do, but Cooper's contention suffers from the same lack of personal knowledge for which he attacks Alioto. Cooper offers no evidence of how he would know what attention Alioto gave to Bogdanov's work product. More importantly, in Alioto's Declaration filed with the Opposition (Dkt. 4911-1), he fills in any gap in the evidence of his personal knowledge as follows, "I supervised all of the work performed by Ms. Capurro [an Alioto partner] in this case and was aware of the assignments made to other firms by Ms. Capurro." Therefore, the statements in these four paragraphs are not hearsay and provide sufficient evidence of personal knowledge. As to them the motion will be denied.

### Order

Good cause appearing, it is ordered that the motion to strike is GRANTED as to paragraphs 22, 23, 26 (only the words "and misleading him regarding Lead Counsel's handling of the case"), 28 (except first sentence) and 30, and is DENIED as to paragraphs 34-37 and the remainder of the Alioto Declaration.

Dated: October 11, 2016

_____
Martin Quinn, Special Master