Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
**TRUMP, ALIOTO, TRUMP & PRESCOTT LLP**
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>All Indirect Purchaser Actions | Master No.: 3:07-cv-05944-JST<br>MDL No. 1917<br><br>**DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5** |

I, Mario N. Alioto, declare:

1. I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am a partner with the law firm Trump, Alioto, Trump & Prescott, LLP and my firm serves as Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs") in the above-captioned action. I make this declaration in support of the Administrative Motion to File Under Seal Pursuant to Civ. L. R. 7-11 and 79-5(d) filed by Cooper & Kirkham, P.C. (ECF No. 4933). Except where otherwise stated, the matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2. I have reviewed and complied with the Honorable Jon S. Tigar's Standing Order Governing Administrative Motions to File Materials Under Seal ("Standing Order") and Civil Local Rule 79-5.

3. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (ECF No. 306) (the "Protective Order").

4. Pursuant to the Stipulated Protective Order, IPPs have designated their time records as Highly Confidential because some of IPP Counsel's billing records contain attorney-client privileged information, attorney work product information, and/or information relating to IPP Counsel's preparations for trial.

5. On October 5, 2016, Cooper & Kirkham, P.C. filed the Motion to Seal and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), the entirety of Exhibits 1-5 and 11, and portions of Exhibits 6-9 attached to the Third Declaration of John D. Bogdanov in Support of Cooper & Kirkham, P.C.'s Objection to Lead Counsel's Revised Proposed Allocation of Aggregate Fee Award to IPP Counsel (ECF No. 4934-1).

6. On October 5, 2016, Cooper & Kirkham P.C. filed the Declaration of John D. Bogdanov in Support of the Motion to Seal (ECF No. 4933-1), which states that Exhibits 1-3 of the Third Declaration of John D. Bogdanov are filed entirely under seal because they contain analyses of, references to, and/or information taken directly from

1
DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF ADMIN. MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5
MASTER FILE NO. CV-07-5944-JST, MDL NO. 1917

1  material designated by IPPs as Highly Confidential under the Stipulated Protective Order.
2  (*Id*. ¶ 4.)  The Bogdanov Declaration further states that the entirety of Exhibits 4, 5 and 11,
3  and portions of Exhibits 6-9, should also be sealed because they "contain IPPs' highly
4  confidential attorney work product, including attorney mental impressions, strategy and
5  thought processes."  (*Id*. ¶ 5.)

6       7.     Pursuant to Civil Local Rule 7-11 and 79-5, and the Stipulated Protective
7  Order, the following materials should be maintained under seal:

8       a.  the entirety of Exhibit 3 to the Third Declaration of John D. Bogdanov
9          (ECF No. 4934-1), which are excerpts of my daily billing records; and
10      b.  the entirety of Exhibits 4, 5 and 11; and
11      c.  the redacted portions of Exhibits 6-9.

12       8.     These exhibits, or portions of exhibits, should remain under seal because
13  they contain IPPs' highly confidential attorney work product information, including
14  attorney mental impressions, strategy and thought processes, and confidential settlement
15  communications.  Such attorney work product is privileged and is entitled to protection
16  from disclosure to the general public and adverse parties.  *See Hickman v. Taylor,* 329 U.S.
17  495, 510-512 (1947).  The documents or portions of documents therefore qualify as
18  "privileged, protectable as a trade secret or otherwise entitled to protection under the law,"
19  under Civil Local Rule 79-5(b).

20       9.     In addition, these exhibits are associated with the allocation among IPP
21  Counsel of the aggregate attorney fee award, which has nothing to do with the merits of the
22  case. *Ctr. For Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1101 (9th Cir. 2016).
23  Therefore, this Court should apply the "good cause" standard in deciding the
24  administrative motion to seal. *Id.* at 1097.

25      10.    *Ctr. for Auto Safety v. Chrysler Grp*. provides that "[t]he 'good cause'
26  language comes from Rule 26(c)(1), which governs the issuance of protective orders in the
27  discovery process: 'The court may, for good cause, issue an order to protect a party or
28  person from annoyance, embarrassment, oppression, or undue burden or expense....'

Fed.R.Civ.P. 26(c)." 809 F.3d at 1097. Revealing IPPs' confidential attorney work product to the general public and Defendants would be prejudicial to IPPs in any future prosecution of this case and in other cases. *See Hickman v. Taylor*, 329 U.S. at 510 ("it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel.") There is therefore good cause for protecting IPPs' confidential attorney work product from disclosure.

      I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of October 2016 at San Francisco, California.

                         /s/ Mario N. Alioto
                         Mario N. Alioto