Christopher T. Micheletti (136446)
Judith A. Zahid (215418)
Qianwei Fu (242669)
ZELLE LLP
44 Montgomery St., Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
Facsimile:  (415) 693-0770
Email:     *cmicheletti@zelle.com*
           *jzahid@zelle.com*
           *qfu@zelle.com*

*Counsel for Class Representative
Kerry Lee Hall and Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944 JST |
| | MDL No. 1917 |
| This Document Relates to: All Indirect Purchaser Actions | **DECLARATION OF CHRISTOPHER T. MICHELETTI IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5** |

I, Christopher T. Micheletti, declare:

1. I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am a partner with the law firm Zelle LLP and my firm serves as Counsel for the Indirect Purchaser Plaintiffs ("IPPs") in the above-captioned action. I make this declaration in support of Cooper & Kirkham P.C.'s Administrative Motion to File Under Seal (ECF No. 4933). Except where otherwise stated, the matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2. I have reviewed and complied with the Honorable Jon S. Tigar's Standing Order Governing Administrative Motions to File Materials Under Seal ("Standing Order") and Civil Local Rule 79-5.

3. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. No. 306) (the "Protective Order").

4. Pursuant to the Protective Order, IPPs have designated their counsel's time records as Highly Confidential because some of IPP counsel's billing records contain attorney-client privileged information, attorney work product information, and/or information relating to IPP counsel's preparations for trial.

5. On October 5, 2016, Cooper & Kirkham, P.C. filed the Motion to File Under Seal and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), Exhibits 1-5 and 11, and portions of Exhibits 6-9 attached to the Third Declaration of John D. Bogdanov in Support of Cooper & Kirkham, P.C.'s Objection to Lead Counsel's Revised Proposed Allocation of Aggregate Fee Award to Indirect Purchaser Plaintiffs' Counsel (Dkt. No. 4934-1).

6. On October 5, 2016, Cooper & Kirkham, P.C. filed the Declaration of John D. Bogdanov in Support of the Motion to Seal (ECF No. 4933-1), which states that Exhibits 1-3 of the Third Declaration of John D. Bogdanov are filed entirely under seal because they contain analyses of, references to, and/or information taken directly from material designated by IPPs as Highly Confidential under the Stipulated Protective Order. (*Id.* ¶ 4.) The Bogdanov Declaration

further states that the entirety of Exhibits 4, 5 and 11, and portions of Exhibits 6-9, should also be sealed because they "contain IPPs' highly confidential attorney work product, including attorney mental impressions, strategy and thought processes." (Id. ¶ 5.)

7. Pursuant to Civil Local Rule 7-11 and 79-5, and the Protective Order, the following materials should be maintained under seal: The entirety of Exhibit 1 which comprises excerpts of my firm's daily billing records.

8. The entirety of Exhibit 1 should remain under seal because it contains highly confidential attorney work product information, including attorney mental impressions, strategy and thought processes, and confidential settlement communications. Such attorney work product is privileged and is entitled to protection from disclosure to the general public and adverse parties. *See Hickman v. Taylor,* 329 U.S. 495, 510-12 (1947). The documents or portions of documents therefore qualify as "privileged, protectable as a trade secret or otherwise entitled to protection under the law," under Civil Local Rule 79-5(b).

9. In addition, these exhibits are associated with the allocation of aggregate attorney fees, which has nothing to do with issues that relate to the merits of the case. *Ctr. For Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1101 (9th Cir. 2016). Therefore, this Court should apply the "good cause" standard in deciding the administrative motion to seal. *Id.* at 1097.

10. *Ctr. for Auto Safety v. Chrysler Grp.* provides that "[t]he 'good cause' language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense....' Fed.R.Civ.P. 26(c)." 809 F.3d at 1097. Revealing IPPs' confidential attorney work product to the general public and Defendants would be prejudicial to IPPs in any future prosecution of this case and in other cases. *See Hickman v. Taylor*, 329 U.S. at 510 ("it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel."). There is therefore good cause for protecting IPPs' confidential attorney work product from disclosure.

1  I declare under penalty of perjury that the foregoing is true and correct.  Executed this
2  11th day of October 2016 at San Francisco, California.
3                                       */s/ Christopher T. Micheletti*
4                                        Christopher T. Micheletti