Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

***Lead Counsel for the***
***Indirect Purchaser Plaintiffs***

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST; No. CV-13-03234-JST |
| | MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FINAL APPROVAL OF PLAN OF DISTRIBUTION OF CHUNGHWA SETTLEMENT FUND**<br><br>Hearing Date:  November 14, 2016 (previously set)<br>Time: 9:30 a.m.<br>Judge: Honorable Jon S. Tigar<br>Court: Courtroom 9, 19th Floor |

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to the Court's Order Granting Final Approval of Indirect Purchaser Settlements, ECF No. 4712 ("Final Approval Order"), which provided that the Court shall conduct a Fairness/Final Approval Hearing regarding the plan of distribution of the Chunghwa Settlement on November 14, 2016 at 9:30 a.m., the Indirect Purchaser Plaintiffs ("IPPs") hereby submit the following memorandum of points and authorities in support of final approval of the plan of distribution of the Chunghwa Net Settlement Fund.

## INTRODUCTION

On July 7, 2016, the Court granted final approval of the settlements between the IPPs and the Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson and TDA Defendants (ECF No. 4712).  As part of its Final Approval Order, the Court also granted final approval to the plan of distribution for these seven settlements and the previously-approved LG Settlement.

However, in connection with the Chunghwa Settlement, which was finally approved on March 22, 2012 (ECF No. 1105), the Court ordered that new notice be provided to class members to allow resellers an opportunity to file a claim, and to allow all class members an opportunity to object to the revised plan of distribution of the Chunghwa Net Settlement Fund.[1]  (Final Approval Order at 37.)

Notice was provided in accordance with the Court's Order.  (*See* Declaration of Joseph M. Fisher Reporting on Chunghwa Notice ("Fisher Chunghwa Decl."), filed herewith.)  No objections were received.[2]  IPPs now move for final approval of the notice program and the plan of distribution of the Chunghwa Net Settlement Fund.

---

[1] The Chunghwa Net Settlement Fund means $10,000,000 plus interest minus $2.5 million for court-approved attorneys' fees, Chunghwa-specific expenses ($500,000), and the Chunghwa settlement's pro rata share of all other litigation expenses ($132,369) and incentive awards ($7,802.33).

[2] On September 13, 2016, Mr. Glenn Greene filed a document entitled NOTICE IN TO [SIC] REGARD PER OBJECTIONS IN THE MATTER OF THE CRT INDIRECT PURCHASER CLASS ACTION SETTLEMENT CLAIMS AND END USER/INDEPENDENT CONTRACTOR CLAIMS (ECF No. 4838). Joseph Patane attempted to contact Mr. Greene to discuss his filing but has received no response from Mr. Greene.  (Declaration of Joseph M. Patane in Support of Memorandum in Support of Final Approval of Chunghwa Plan of Distribution, filed herewith.)  The

1

## **PROCEDURAL HISTORY**

2      IPPs filed the motion for final approval of their settlements with the Philips, Panasonic,

3  Hitachi, Toshiba, Samsung SDI, Thomson and TDA Defendants, and for approval of their plan of

4  distribution of all settlement funds (including funds from the previously-approved Chunghwa[3] and

5  LG Settlements[4]) on November 20, 2015 (ECF No. 4370).  The motion was assigned to Special

6  Master Martin Quinn, who issued his Report & Recommendation on January 28, 2016.  (ECF No.

7  4351 ("R&R").)

8      Special Master Quinn recommended that the Court grant final approval of the settlements

9  and the plan of distribution, but disapproved the plan of distribution as to the Chunghwa Settlement.

10  (*Id*. at 41-46.)  The Special Master expressed concerns about whether the proposed plan of

11  distribution (pro rata to end-user claimants) was consistent with the previously-approved plan of

12  distribution of the Chunghwa Settlement.  (*See* Order Granting Preliminary Approval of Class

13  Action Settlement with Defendant Chunghwa Picture Tubes, Ltd., ECF No. 992 ("Chunghwa

14  Preliminary Approval Order").)  The Special Master ordered Lead Counsel to submit a proposal to

15  resolve these concerns.  (R&R at 76.)

16      Lead Counsel complied with the Special Master's R&R and proposed a plan of distribution

17  for the Chunghwa settlement that addressed the Special Master's concerns.  Lead Counsel's proposal

18  included re-opening the claims period to allow resellers to file claims; allocating the Chunghwa Net

19  Settlement Fund first to the 24 states (in accordance with the Chunghwa Preliminary Approval

20  Order, ¶ 10) and then allocating each state's fund 50/50 to reseller and end user claimants; and

21  supplemental notice to all Chunghwa class members explaining the revised plan of distribution and

22  allowing them an opportunity to object to the 50/50 allocation between resellers and end users.

23  (ECF No. 4445, Attachments 1 and 3.)  The Special Master considered and rejected several

24

---

25  Notice Company also wrote Mr. Greene a detailed letter in an attempt to address his concerns, and
   has received no response from Mr. Greene.  (Fisher Chunghwa Decl. ¶ 15, Ex. R.)

26

27  [3] Chunghwa Picture Tubes, Ltd. ("Chunghwa").  The Chunghwa Settlement was finally approved on
   March 22, 2012. (ECF No. 1105.)

28  [4] LG Electronics, Inc. and LG Electronics USA, Inc. ("LG").  The LG Settlement was finally
   approved on April 18, 2014.  (ECF No. 2542.)

1    objections to Lead Counsel's proposal by Objectors Cooper and Scarpulla (ECF No. 4445,

2    Attachment 2), and recommended that the Court approve the proposal with some minor adjustments.

3    (*See* ECF No. 4445 at 1-8.)  Cooper and Scarpulla then objected to the Special Master's Report and

4    Recommendation.  (ECF No. 4453.)

5          The Special Master also ordered Lead Counsel to propose a notice program for notifying

6    Chunghwa class members of the revised plan of distribution.  (ECF No. 4445 at 8.)  Lead Counsel

7    complied with this Order on March 7, 2016.  (ECF No. 4486.)  Objections to the proposed notice

8    program were filed by Cooper and Scarpulla. (ECF No. 4487.)  By Order dated March 14, 2016, the

9    Court ordered that it would review the notice program and the objections thereto in the first instance.

10   (ECF No. 4485.)

11         The Court held a hearing on April 19, 2016 at which Lead Counsel and Objectors were given

12   an opportunity to be heard regarding the plan of distribution for the Chunghwa settlement and the

13   proposed notice program.  After the hearing, and in response to an objection from Cooper and

14   Scarpulla, the Court ordered Lead Counsel to provide support for the notice costs already incurred in

15   connection with the Chunghwa settlement.  (ECF No. 4584.)  Lead Counsel complied with this

16   Order on April 22, 2016. (ECF No. 4592.)

17         Thereafter, by Order dated July 7, 2016, the Court overruled all of Cooper and Scarpulla's

18   objections and granted preliminary approval to the plan of distribution and notice program.[5]  (Final

19   Approval Order at 29-34.)  The Court found the notice program and the proposed forms of notice to

20   be "the best notice possible" and ordered Lead Counsel to publish notice to class members by

21   August 1, 2016. (*Id.* at 31-32.)

22         As further described herein, IPPs have complied with the Court's Final Approval Order, and

23   have provided notice to the Chunghwa class members in accordance with the Court's instructions.

24   (*See generally* Fisher Chunghwa Decl.)  The approved forms of notice explained the plan of

25   distribution, provided instructions and the deadline for submitting claims, and instructions and the

26   deadline for objecting to the plan of distribution.  (*Id.* at ¶ 4, Exs. A-G.)  Publication of the Court-

27   _____

28   [5] The "Court deems its review of the notice, allocation and distribution procedures here akin to a
     preliminary approval of the revised Chunghwa settlement." (Final Approval Order at 32.)

approved forms of notice consisted of the following actions:

- direct mail notice to 88,121 resellers of CRT Products identified using the North American Industry Classification System (NAICS) (*id.* ¶ 5);

- direct email notice to 27,928 resellers of CRT Products identified through the Consumer Technology Publishing Group (*id.* ¶ 6);

- digital notice via paid advertisements on the ***TWICE*** website, an online magazine that provides multichannel-marketing solutions targeted to resellers of consumer electronics and computers (*id.* ¶ 7);

- publication notice in The Sunday New York Times (*id.* ¶ 8);

- English and Spanish press releases carried by 360 domestic and foreign websites with a total potential audience of approximately 166 million (*id.* ¶ 9);

- direct mail and/or email notice to all end user members of the Chunghwa Settlement Class who filed claims (*id.* ¶¶ 11-12);

- Direct email notice to an additional 1,110 persons who had previously registered at the settlement website to request updates or who had previously opted out of the end-user settlements (*id.* ¶ 13); and

- Publication on the CRT settlement website, www.crtclaims.com. (*Id.* ¶ 4.)

No objections to the plan of distribution or the notice program have been received.

IPPs now move for final approval of the Chunghwa plan of distribution and the notice program.

## SUMMARY OF PLAN OF DISTRIBUTION OF CHUNGHWA NET SETTLEMENT FUND

As part of the Chunghwa settlement approval in March 2012, the Court approved a partial plan of distribution of the Settlement Funds.  (*See* Chunghwa Preliminary Approval Order, ¶ 10.) Pursuant to this plan, the Chunghwa Net Settlement Fund will first be allocated among the 24 states listed in paragraph 10 of the Chunghwa Preliminary Approval Order, so that each state receives its

pro rata share.[6]  Each state's pro rata share shall be determined by computing its population as a percentage of the total population of all 24 states using census figures from the year 2000.  (*Id.*) The Attorneys General of Illinois and Oregon will be allocated 8.59% and 2.37% of the Net Settlement Fund, respectively.  These Attorneys General will distribute these monies to residents of Illinois and Oregon.  (*Id.* ¶ 11.) This leaves the remainder for distribution to claimants in the other 22 states. How the remainder is allocated between reseller and consumer claimants is now before the Court for final approval.

IPPs have proposed that each of the 22 states' pro rata share will be divided 50/50 between resellers and end-users, and then distributed to reseller and end-user claimants on a pro rata basis. This means that payment amounts will be based on the number of valid claims filed, as well as on the number and type of CRT Product(s) purchased: Standard CRT Television (screen size of less than 30 inches); Large CRT Television (screen size of 30 inches or larger); or CRT Computer Monitor.  Based on data obtained during the course of the litigation, claims for different types of CRT Products will be weighted as follows: claims for purchases of Standard CRT Televisions will be weighted as 1; claims for purchases of Large CRT Televisions will be weighted as 4.3; and claims for purchases of CRT Computer Monitors will be weighted as 3.  At this time, it is unknown how much money each claimant will recover because the claims period for resellers is still open.  The maximum payment will be three times the estimated overcharge for each claimant.  In the event that reseller claimants do not exhaust a particular state's reseller fund, the residue will be distributed pro rata to existing end-user claimants from that state.

Following several rounds of briefing before the Special Master and the Court, the Court preliminarily approved the foregoing plan of distribution for the Chunghwa Net Settlement Fund and directed that notice of it be provided to class members with an opportunity to object.  (Final Approval Order at 30-31.)

//

---

[6] The "24 states" are Arizona, California, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, Oregon, South Dakota, Tennessee, Vermont, West Virginia and Wisconsin, plus the District of Columbia.  (*Id.*)

1

**<u>ARGUMENT</u>**

2

**I.     THE NOTICE PROGRAM COMPORTS WITH DUE PROCESS**

3          Federal Rule of Civil Procedure 23(e) and due process require that Class Members be given

4    "reasonable" notice of a proposed settlement (including the plan of distribution) and the right to be

5    heard at the fairness hearing to determine whether final approval of a settlement should be granted.

6    *See* Fed. R. Civ. P. 23(e); *Wal- Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 113-14 (2d Cir.

7    2005). Notice is satisfied if it "generally describes the terms of the settlement in sufficient detail to

8    alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill*

9    *Village LLC v. General Electric,* 361 F.3d 566, 575 (9th Cir. 2004). This standard does not require

10   perfection in delivering notice, but rather reasonable efforts to reach as many class members as

11   possible through either individual or publication means. *See, e.g.,* Federal Judicial Center, *Judges'*

12   *Class Action Notice and Claims Process Checklist and Plain Language Guide* (2010) ("FJC

13   Checklist"), at 3 ("It is reasonable to reach between 70-95%."); *Silber v. Mabon*, 18 F.3d 1449, 1454

14   (9th Cir. 1994).

15         The Court has held that the Chunghwa notice program (including the forms of notice)

16   proposed by IPP Counsel—which included direct mail notice to all entities that meet the reseller

17   classification codes identified using the NAICS; direct email notice to almost 30,000 electronics

18   retailers, distributors, buyers and manufacturers served by Consumer Technology Publishing Group

19   (CTPG); direct mail/email notice to all end-user claimants; published print notice; digital notice via

20   paid advertisements targeted at resellers; and the posting of notice on the website established for this

21   case—is "the best notice possible and meet[s] the requirements as previously described at ECF No.

22   992 ¶¶ 12-15." (Final Approval Order at 32.)

23         The implemented Chunghwa notice program also meets these requirements.  (*See* Fisher

24   Chunghwa Decl. (summarizing implementation of notice program).)  As the Fisher Declaration

25   explains, IPPs published notices to resellers and end user class members substantially in the form

26   approved by the Court.[7]  (*Id.* ¶ 4.)  The notices provided that qualifying resellers who submit timely

27

28   [7] The only changes to the published notices from those approved by the Court were: (1) the amount
     of the Net Settlement Fund was changed to more accurately reflect the deductions for attorneys' fees

INDIRECT PURCHASER PLAINTIFFS' MPA ISO FINAL APPROVAL OF
CHUNGHWA PLAN OF DISTRIBUTION - Master File No. CV-07-5944-JST

1   claims are eligible to receive money from the Chunghwa Net Settlement Fund, and explained that

2   end-user class members have already filed claims.  (*Id.*, Ex. A.)

3       The notices further provided that the Net Settlement Fund would be allocated first to the 24

4   states according to the population-based formula previously approved by the Court, and that resellers

5   would be eligible to claim against 50% of each state's fund, with the remaining 50% allocated to

6   end-user claimants.  (*Id.*)

7       The notices stated that any objections to the above-described Plan of Distribution were due

8   on or before September 30, 2016, and included instructions for objecting, and provided that the

9   Court would hold a Fairness Hearing on November 14, 2016 at 9:30 a.m.  The notice directed class

10  members to the CRT website (www.crtclaims.com) where class members could find more detailed

11  information and resellers could file a claim.  (*Id.*)

12      The Court-approved notices reached Chunghwa class members through a carefully-designed

13  combination of (i) direct mail notice to 88,121 resellers of CRT Products identified using NAICS

14  (*id.* ¶ 5); direct email notice to 27,928 resellers of CRT Products identified through the CTPG (*id.* ¶

15  6); digital notice via paid advertisements on the **TWICE** website, an online magazine that provides

16  multichannel-marketing solutions targeted to resellers of consumer electronics and computers (*id.* ¶

17  7); publication notice in The Sunday New York Times (*id.* ¶ 8); English and Spanish press releases

18  carried by 360 domestic and foreign websites with a total potential audience of approximately 166

19  million (*id.* ¶ 9); direct mail and/or email notice to all end user members of the Chunghwa

20  Settlement Class who filed claims (*id.* ¶¶ 11-12); direct email notice to an additional 1,110 persons

21  who had previously registered at the settlement website to request updates or who had previously

22  opted out of the end-user settlements (*id.* ¶ 13); and publication on the CRT settlement website,

23  www.crtclaims.com. (*Id.* ¶ 4.)

24      The notice program comports with due process and was the best notice practicable under the

25

26  _____

27  and the Chunghwa Settlement's share of litigation expenses (*see* Final Approval Order at 32 ("The notice must be updated to reflect the proper settlement figure available for distribution."); (2) the September 30, 2016 deadline for objecting to the plan of distribution, the November 29, 2016 deadline

28  for filing a claim, and the November 14, 2016 Fairness Hearing date, were added.

1    circumstances.  No objections to the notice program have been received.  The Court should approve

2    the notice program.

3    **II.    THE COURT SHOULD APPROVE THE PLAN OF DISTRIBUTION**

4            **A.    Legal Standard**

5            As with the settlement itself, the plan of distribution of funds recovered as part of a class

6    action settlement must be approved by the Court.  "Approval of a plan of allocation of settlement

7    proceeds in a class action . . . is governed by the same standards of review applicable to approval of

8    the settlement as a whole: the plan must be fair, reasonable and adequate."  (Final Approval Order at

9    16, citing *In re Omnivision*, 559 F. Supp. 2d 1036, 1045 (N.D. Cal. 2007), and *In re Citric Acid

10   Antitrust Litig.*, 145 F. Supp. 2d 1152, 1154 (N.D. Cal. 2001).)  In addition, "an allocation formula

11   need only have a reasonable, rational basis, particularly if recommended by experienced and

12   competent counsel."  (Final Approval Order at 16, citing *Vinh Nguyen v. Radient Pharms. Corp.*,

13   No. 11-cv-00406, 2014 WL 1802293, at *5 (C.D. Cal. May 6, 2014); *see also Rieckborn v. Velti

14   PLC,* No. 13-cv-03889, 2015 WL 468329, at *8 (N.D. Cal. Feb. 3, 2015) (same).)

15          Approval is a three-step process: (1) preliminary approval of the settlement and plan of

16   distribution; (2) notice to the class; and (3) final approval at a Fairness Hearing, following notice.

17   *See* 4 Newberg on Class Actions §§ 13:1, *et seq.* (5th ed. 2015) ("*Newberg*") (describing class action

18   settlement procedure).  This process safeguards class members' procedural due process rights and

19   enables the Court to fulfill its role as the guardian of class interests.

20          Here, the Chunghwa settlement and population-based distribution to the 24 states have

21   already been finally approved, and Final Judgment has been entered as to Chunghwa.  (ECF Nos.

22   992, 1105-06.)  The only issue that remains to be determined is the allocation of the Chunghwa Net

23   Settlement Fund between resellers and end-user claimants.  The Court completed the first step in the

24   approval process for the proposed 50/50 allocation between resellers and end-user claimants when it

25   granted preliminary approval to that part of the plan of distribution.  (Final Approval Order at 32

26   ("the Court deems its review of the notice, allocation and distribution procedures here akin to a

27   preliminary approval of the revised Chunghwa settlement.").)  As discussed above, the second step

28   in the process has been completed as well: the Court-approved Notice plan was fully implemented.

1   IPPs now request that the Court take the final steps of holding a Fairness Hearing and finally

2   approving the plan of distribution so that the funds may be distributed to class members.

3       **B.    The Plan of Distribution is Fair, Reasonable and Adequate**

4           As indicated above, the Court has already approved the allocation of the Chunghwa Net

5   Settlement Fund first among the 24 states according to the population-based formula.  (ECF Nos.

6   992, 1105.)  The Court has also approved the use of "category multipliers" to weight the different

7   sizes and types of CRT Products and calculate each claimant's pro rata share as part of the plan of

8   distribution for the other settlements.  (Final Approval Order at 26-27.)[8]

9           With regard to IPPs' proposed 50/50 allocation of each state's fund between resellers and

10  end-user claimants, this issue was litigated before the Special Master and the Court at the

11  preliminary approval stage.  Objectors argued that the 50/50 allocation was arbitrary, that the Court

12  should appoint independent counsel for resellers, and that Lead Counsel should conduct a study to

13  determine whether the expenses of fashioning a more precise allocation plan outweigh its benefits.

14  (ECF Nos. 4445, Attachment 2; and 4453.)  Lead Counsel responded that the 50/50 allocation was

15  consistent other indirect purchaser litigation, and that contested allocation proceedings would be

16  costly and time-consuming, which would delay the class distribution and deplete the settlement fund.

17  (ECF Nos. 4445, Attachment 1; and 4459.)

18          Both the Special Master and the Court agreed with Lead Counsel and rejected Objector's

19  arguments.  (ECF No. 4445 at 7 ("the proposed 50/50 split is likely to be as effective and fair as any

20  other, [and] expending further counsel and Court time on this issue is not cost-effective"); Final

21  Approval Order at 30-31 (noting that Objectors did not contend the 50/50 split to be unfair, and

22  agreeing that coming up with an alternative allocation "would entail substantial additional time,

23  delaying recovery for all class members, as well as the expenditure of additional attorneys' fees --

24  _____

25  [8] *See also In re TFT-LCD Antitrust Litig.*, MDL No. 1827, 2011 WL 7575004, at *4 (N.D. Cal. Dec. 27, 2011) ("[A] *pro-rata* allocation has been used in many antitrust cases including in this District.);

26  *In re Vitamins Antitrust Litig.*, No. 99–197 TFH, 2000 WL 1737867, at *6 (D.D.C. Mar. 31, 2000) ("Settlement distributions, such as this one, that apportions funds according to the relative amount of

27  damages suffered by class members, have repeatedly been deemed fair and reasonable."); *In re Lloyd's Am. Trust Fund Litig.*, No. 96 Civ.1262 RWS, 2002 WL 31663577, at *19 (S.D.N.Y. Nov.

28  26, 2002) ("*pro rata* allocations provided in the Stipulation are not only reasonable and rational, but appear to be the fairest method of allocating the settlement benefits.").

1    which would be deducted from the class' recovery.") Ultimately, the Court concluded that "a 50/50

2    split of the Chunghwa settlement [is] a fair, reasonable and adequate allocation," because "the

3    standard of review does not call for the best possible plan of allocation, only for one that is based

4    upon a 'reasonable, rational basis, particularly if recommended by experienced and competent

5    counsel.' *Vinh Nguyen*, 2014 WL 1802293, at *5. Lead Counsel's 50/50 split meets this

6    requirement." (*Id*. at 31.)

7        As described herein, IPPs provided comprehensive notice to reseller members of the

8    Chunghwa Settlement Class, and direct mail/email notice to all end-user claimants. (*See generally*

9    Fisher Chunghwa Decl.) No objections to the 50/50 split between resellers and consumers have

10    been received. Nothing has changed since the Court's July 7, 2016 Final Approval Order that would

11    change the Court's conclusion that the 50/50 split is fair, reasonable and adequate. Therefore, IPPs

12    respectfully request that the Court grant final approval to the Chunghwa plan of distribution.

**<u>CONCLUSION</u>**

14        Based on the foregoing, IPPs respectfully request that the Court: (1) grant final approval of

15    the Chunghwa notice program; (2) grant final approval of the proposed plan of distribution and the

16    proposed claim form; and (3) authorize the distribution of funds to class members.

Dated: October 11, 2016        Respectfully submitted,

           */s/ Mario N. Alioto*

Mario N. Alioto (56433)
malioto@tatp.com
Joseph M. Patane (72202)
jpatane@tatp.com
Lauren C. Capurro (241151)
laurenrussell@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415-346-0679

*Lead Counsel for Indirect Purchaser Plaintiffs*