JOSEF D. COOPER (53015)
TRACY R. KIRKHAM (69912)
JOHN D. BOGDANOV (215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA  94103
Telephone:  (415) 788-3030
Facsimile:  (415) 882-7040
jdc@coopkirk.com
trk@coopkirk.com
jdb@coopkirk.com

*Counsel for Class Representative Steven Ganz
And Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | **Master File No. 3:07-cv-5944 JST**<br>**MDL No. 1917**<br>**DECLARATION OF JOHN D. BOGDANOV IN FURTHER SUPPORT OF ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5**<br>Judge:   Honorable Jon S. Tigar<br>Before:  Special Master Martin Quinn |
| This Document Relates to:<br>All Indirect-Purchaser Actions | |

I, John D. Bogdanov, declare as follows:

1. I am a member in good standing of the State Bar of California. I am a partner in Cooper & Kirkham, P.C. I have personal knowledge of the facts stated in this Declaration and, if called as a witness, I could and would testify competently to them. I make this Declaration in Further Support of Cooper & Kirkham, P.C.'s Administrative Motion to File Under Seal Pursuant to Civil Local Rules 7-11 and 79-5 (Dkt. 4933).

2. I have reviewed and complied with the Honorable Jon S. Tigar's Standing Order Governing Administrative Motions to File Materials Under Seal ("Standing Order") and Civil Local Rule 79-5.

3. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. No. 306) (the "Protective Order").

4. Pursuant to the Protective Order, Lead Counsel for IPPs has designated IPPs' counsel's time records as Highly Confidential because some of IPP counsel's billing records contain attorney client privileged information, attorney work product information, and/or information relating to IPP counsel's preparations for trial.

5. On October 5, 2016, Cooper & Kirkham, P.C. filed the Motion to File Under Seal and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), Exhibits 1-5 and 11, and portions of Exhibits 6-9 attached to the Third Declaration of John D. Bogdanov in Support of Cooper & Kirkham, P.C.'s Objection to Lead Counsel's Revised Proposed Allocation of Aggregate Fee Award to Indirect Purchaser Plaintiffs' Counsel (Dkt. No. 4934-1).

6. On October 5, 2016, Cooper & Kirkham, P.C. filed the Declaration of John D. Bogdanov in Support of the Motion to Seal (ECF No. 4933-1), which states that Exhibits 1-3 of the Third Declaration of John D. Bogdanov are filed entirely under seal because they contain analyses of, references to, and/or information taken directly from material designated by IPPs as Highly Confidential under the Stipulated Protective Order. (*Id.* ¶ 4.) The Bogdanov Declaration further states that the entirety of Exhibits 4, 5 and 11, and portions of Exhibits 6-9, should also be sealed because they "contain IPPs' highly confidential attorney work product, including

DECLARATION OF JOHN D. BOGDANOV        - 1 -        Master File No. 3:07-cv-5944 JST
                                                    MDL 1917

1 attorney mental impressions, strategy and thought processes." (*Id.* ¶ 5.)

2       7.     Pursuant to Civil Local Rule 7-11 and 79-5, and the Protective Order, the following materials should be maintained under seal in addition to Exhibits 4, 5, and 11, and the redacted portions of Exhibits 6-9: The entirety of Exhibit 2, which are excerpts of my daily time records.

      8.     The entirety of Exhibit 2 should remain under seal because it contains highly confidential attorney work product information, including attorney mental impressions, strategy and thought processes, and confidential settlement communications. Such attorney work product is privileged and is entitled to protection from disclosure to the general public and adverse parties. *See Hickman v. Taylor,* 329 U.S. 495, 510-12 (1947). The documents or portions of documents therefore qualify as "privileged, protectable as a trade secret or otherwise entitled to protection under the law," under Civil Local Rule 79-5(b).

      9.     In addition, these exhibits are associated with the allocation of aggregate attorney fees, which has nothing to do with issues that relate to the merits of the case. *Ctr. For Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1101 (9th Cir. 2016). Therefore, this Court should apply the "good cause" standard in deciding the administrative motion to seal. *Id.* at 1097.

      10.    *Ctr. for Auto Safety v. Chrysler Grp.* provides that "[t]he 'good cause' language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense....' Fed.R.Civ.P. 26(c)." 809 F.3d at 1097. Revealing IPPs' confidential attorney work product to the general public and Defendants would be prejudicial to IPPs in any future prosecution of this case and in other cases. *See Hickman v. Taylor,* 329 U.S. at 510 ("it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel."). There is therefore good cause for protecting IPPs' confidential attorney work product from disclosure.

/ / /

/ / /

/ / /

DECLARATION OF JOHN D. BOGDANOV    - 2 -   Master File No. 3:07-cv-5944 JST
MDL 1917

1   I declare under penalty of perjury that the foregoing is true and correct.  Executed this 11th
2 day of October, 2016, in San Francisco, California.

                                                /s/ John D. Bogdanov
                                                  John D. Bogdanov