Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 JST<br>MDL No. 1917<br><br>**THE TOSHIBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO CONTINUE TRIAL SUBPOENA AND ISSUE ADVERSE JURY INSTRUCTION IN THE EVENT OF A FAILURE TO APPEAR AT TRIAL**<br><br>Date: November 17, 2016<br>Time: 2:00 p.m.<br>Courtroom: 9, 19th Floor<br><br>The Honorable Jon S. Tigar |
| This Document Relates to:<br>Case No. 13-cv-1173-JST (N.D. Cal.)<br><br>SHARP ELECTRONICS CORPORATION; SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.,<br><br>  Plaintiffs,<br><br>  v.<br><br>HITACHI, LTD., *et al.*,<br><br>  Defendants. | |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on November 17, 2016, at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 9, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Jon S. Tigar, Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc. (collectively, "the Toshiba Defendants"), will and hereby do move this Court for an order:  (1) continuing the trial subpoena previously served on Nobuo Harada to the new trial date of March 6, 2017; and (2) issuing an adverse-missing-witness jury instruction with respect to Sharp Electronics Corporation ("SEC") and Sharp Electronics Manufacturing Company of America, Inc. ("SEMA") (collectively, "Sharp"), in the event that Mr. Harada does not appear to testify at the trial commencing on March 6, 2017.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the pleadings and correspondence on file with the Court, and such arguments and authorities as may be presented at or before any hearing.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

THE TOSHIBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO CONTINUE TRIAL SUBPOENA AND ISSUE ADVERSE JURY INSTRUCTION IN THE EVENT OF A FAILURE TO APPEAR AT TRIAL
Case No. 07-5944 JST
MDL No. 1917

**STATEMENT OF THE ISSUES TO BE DECIDED**

(1) Whether the Court should continue Toshiba's trial subpoena served on Mr. Harada to the new trial date of March 6, 2017; and

(2) Whether the Court should issue an adverse-missing-witness instruction against Sharp, such that if Mr. Harada does not appear to testify at the March 6, 2017 trial, the jury will be instructed to infer that his testimony would have been unfavorable to Sharp.

**INTRODUCTION**

The Toshiba Defendants seek relief from Court because they recently sought to re-serve Sharp employee Nobuo Harada with an updated trial subpoena, directing him to appear for trial on March 6, 2017, rather than the original trial date of September 6, 2016. In that effort, the Toshiba Defendants learned that Mr. Harada had retired on May 18, 2016, and returned to Japan. Sharp never alerted the Toshiba Defendants, or the Court, that Mr. Harada would leave the country during the pendency of the case, even though Mr. Harada is subject to a valid trial subpoena and had been, and practically may still be, a Sharp employee. Notably, this is not the first time in this case that Mr. Harada has "retired" while the Defendants sought his testimony. Accordingly, to remove any ambiguity that Mr. Harada's trial subpoena is indeed valid, and to protect the Toshiba Defendants from being prejudiced if Mr. Harada does not testify at the pending trial, the Toshiba Defendants request that the Court: (1) continue the trial subpoena served on Mr. Harada to the new trial date; and (2) issue an adverse instruction against Sharp, such that if Mr. Harada does not testify at trial, the jury will be instructed to infer that his testimony would have been unfavorable to Sharp.

The Toshiba Defendants seek relief from the Court now because Mr. Harada's testimony is central to their defense. During the relevant period, Mr. Harada was directly involved in several critical aspects of Sharp's business, including (i) negotiating with CRT manufacturers for SEMA's purchase of CPTs, (ii) having authority to approve the prices at which those purchases were made, and (iii) obtaining market information for SEMA. Further, Mr. Harada is custodian of a large number of highly relevant documents and his testimony will be critical to place in context the CRT and CRT Finished Product industries' practice of

1  information exchanges, an especially important consideration given that those information
2  exchanges are the focus of Sharp's rule-of-reason claim.
3       Unfortunately, Toshiba cannot stand only on its requested relief that its subpoena be
4  continued to the March 6, 2017 trial because Sharp and Mr. Harada's behavior in this
5  litigation, specifically Mr. Harada's failure to appear at his August 2014 deposition, creates
6  legitimate concern that Sharp and Mr. Harada will not comply with a subpoena compelling his
7  appearance. Accordingly, just as the Defendants successfully did during discovery, the
8  Toshiba Defendants request that the Court prophylactically issue an adverse inference
9  instruction against Sharp.

## **FACTUAL BACKGROUND**

11       Mr. Harada and Sharp have a long history of attempting to evade the Defendants'
12  efforts to obtain his testimony in this case. The Panasonic Defendants first requested that
13  Sharp make Mr. Harada available for deposition on July 1, 2014. After a month of
14  discussions with Sharp about Mr. Harada's availability, the Panasonic Defendants noticed his
15  deposition for August 26 and 27, 2014. ECF No. 3366, at 2. On August 8, 2014, Sharp's
16  counsel stated that Mr. Harada was unavailable and would not be produced for the deposition,
17  but did not move for a protective order. *Id.* The dates for Mr. Harada's deposition arrived,
18  but Mr. Harada did not appear. The Defendants subsequently engaged in meet-and-confer
19  discussions with Sharp regarding Mr. Harada, but those efforts were to no avail; accordingly,
20  the Panasonic Defendants, on behalf of all Defendants, were forced to request that Special
21  Master Walker issue an order compelling Sharp to produce Mr. Harada for deposition. *Id.*
22       On January 2, 2015, Special Master Walker issued an Order Re Panasonic's Motion to
23  Compel Deposition of Mr. Nobuo Harada. ECF No. 3366 (adopted in full on June 11, 2015,
24  at ECF No. 3870). Although Special Master Walker, in that recommended order, denied the
25  Panasonic Defendants' request without prejudice, he based that decision on the lack of
26  evidence that was presented showing a close corporate relationship between the Sharp
27  Plaintiffs and Sharp Corporation and because Mr. Harada was not then a current employee of
28  either SEC or SEMA. *Id.* at 5. Importantly, noting the prejudice the Defendants would suffer

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

by not being able to obtain the testimony of Mr. Harada, Special Master Walker couched the effect of denying the motion to compel by recommending an adverse inference against Sharp, specifically that if the Defendants could not provide grounds to compel Mr. Harada's appearance at deposition, then all of Mr. Harada's custodial documents would be deemed as authentic and admissible for all purposes in the litigation. *Id.*

Over the weeks that followed Special Master Walker's issuance of his recommended order, Sharp's counsel announced Mr. Harada's rapidly changing employment status with Sharp. First, Sharp stated that Mr. Harada was retiring from "Sharp Corporation on January 21, 2015" and that due to his retirement Mr. Harada would not "become available before trial." Decl. of Lucius B. Lau in Support of the Toshiba Defs.' Mot. to Continue Trial Subpoena and Issue Adverse Jury Instruction ("Lau Decl."), Ex. A (Jan. 13, 2015 Letter from Craig Benson to Hon. Vaughn Walker). By the next week, however, Sharp informed the parties that in fact, "Mr. Harada recently applied for a visa to travel to the United States and is in discussions with SEMA about working for it in some capacity." Lau Decl., Ex. B (Jan. 22, 2015 Letter from Craig Benson to Hon. Vaughn Walker). Noting the obvious discrepancy in Sharp's narrative of Mr. Harada's employment status, the Toshiba Defendants, just as they do now, raised the need for an adverse instruction against Sharp to protect the Toshiba Defendants' interests. *See* Lau Decl., Ex. C (Jan. 29, 2015 Letter from Lucius B. Lau to Hon. Vaughn Walker) ("Mr. Harada's visa (for which he has already applied) provides another reason why SEMA controls Mr. Harada, such that Mr. Harada should be immediately produced for a deposition (or, alternatively, the Court should issue an adverse jury instruction against the Sharp Plaintiffs).").

By February 12, 2015, Mr. Harada had obtained his work visa, presumably with SEMA's sponsorship, and by March 24, 2015, Mr. Harada had begun working at SEMA. Lau Decl., Ex. D (Mar. 13, 2015 Letter from Craig Benson to Hon. Vaughn Walker). On April 16, 2015, with Mr. Harada employed by, and under the control of, SEMA, the Toshiba Defendants again noticed Mr. Harada for deposition, this time for May 20-21, 2015. *See* Lau Decl., Ex. E (Nobuo Harada Deposition Notice). With the threat of an adverse inference

instruction looming over Sharp, Mr. Harada appeared at his deposition.

During that deposition, Mr. Harada testified that he was living in Chula Vista, California, and that as a contract employee at SEMA, he was working "to get new businesses for SEMEX," and therefore divided his time between SEMA (located in San Diego, California) and SEMEX (located in Rosarito, Mexico). Lau Decl., Ex. F (Excerpts of Nobuo Harada Deposition) Tr. 260:13-262:7. Mr. Harada also testified that he expected his contract with SEMA to last for "around a year," but qualified that "the contract doesn't really have an end date." *Id.* at 261:13-19.

On December 15, 2015, this Court tentatively set the Sharp trial to begin on September 6, 2016. ECF No. 4242. In preparation for trial, and relying on the testimony Mr. Harada provided at this deposition, the Toshiba Defendants attempted to serve Mr. Harada with a trial subpoena at his home in Chula Vista during the week of March 9, 2016. *See* Lau Decl. ¶ 11. However, when the process server arrived at Mr. Harada's purported address, he was informed that Mr. Harada had moved, in January 2016, from California to Memphis, Tennessee, well in advance of the expected expiration of Mr. Harada's contract, and far from SEMA and SEMEX's offices. *Id.* On March 16, 2016, the Toshiba Defendants successfully served Mr. Harada, in Memphis, with a trial subpoena. That subpoena directed him to appear and testify at the September 2016 trial. Lau Decl., Ex. G (Sept. 2, 2016 letter from Lau to Benson, attaching affidavit certifying service of trial subpoena on Mr. Harada).

On May 4, 2016, the Court rescheduled the Sharp trial to begin on January 9, 2017. *See* ECF No. 4628, at 2 (explaining the start of the Sharp trial was delayed "in part to accommodate the concerns faced by the Thomson and TDA Defendants, whose in-house counsel is currently undergoing treatment for a serious medical condition"). Then, on June 10, 2016, the Court issued the Order Amending Trial Scheduling Order, which postponed the start of the Sharp trial until March 6, 2017. *See* ECF No. 4671. Sharp raised objections to both of the amendments to its trial schedule, but in those objections, Sharp did not alert the Court, or the Toshiba Defendants, that the schedule would affect Mr. Harada's availability for trial. *See* ECF Nos. 4613, 4662

THE TOSHIBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO CONTINUE TRIAL SUBPOENA AND ISSUE ADVERSE JURY INSTRUCTION IN THE EVENT OF A FAILURE TO APPEAR AT TRIAL
Case No. 07-5944 JST
MDL No. 1917
4

In August 2016, the Toshiba Defendants sought to serve Mr. Harada with an amended subpoena reflecting the new trial date, but the process server, when he arrived in Memphis, was told by Sharp employees that Mr. Harada had once again retired, this time on May 18, 2016, and had returned to Japan. Lau Decl. ¶ 13; Ex. H (e-mail from process server stating that Mr. Harada retired from SEMA and returned to Japan).

## **STANDARD OF REVIEW**

Trial subpoenas are routinely continued as a matter of course by district courts whenever a new trial date is set. *See, e.g.*, *Mfrs. Life Ins. Co. v. Tullis*, No. 90-2859, 1992 U.S. Dist. LEXIS 7264, at *1 (E.D. La. May 19, 1992) (granting motion to continue trial subpoena on the grounds that "[a] subpoena represents a continuing duty to appear and does not expire upon its stated date") (citing *Blackmer v. United States*, 284 U.S. 421, 433 (1932)); *United States v. Snyder*, 413 F.2d 288, 289 (9th Cir. 1969) (stating that a party that receives a trial subpoena has the duty to comply with the subpoena until that party is excused by the Court); *Shulton v. Optel Corp.*, 126 F.R.D. 80, 81 (S.D.Fla. 1989) (holding that a validly issued subpoena presents a continuing duty to appear and does not expire upon its stated date); *see also Montgomery-Smith v. Louisiana Dep't of Health and Hospitals*, No. 2:08-cv-04737-MVL-DEK, slip op. at 1 (E.D. La. Oct. 26, 2011), ECF No. 156 (granting Motion to Extend Trial Subpoenas to New Trial Date); *Celador Int'l Ltd. v. The Walt Disney Co.*, No. 2:04-cv-03541-VAP-RNB, slip op. at 2 (C.D. Cal. Apr. 27, 2010), ECF No. 584 (ordering that previously served trial subpoenas "shall remain in full force and affect [sic]" until the new trial date); *Ringel v. County of Riverside*, No. 2:04-cv-01363-SGL, slip op. at 1 (C.D. Cal. Aug. 1, 2007), ECF No. 117 (ordering that all properly served trial subpoenas "remain in full force and effect and shall compel the attendance of said witnesses on the new trial date" and at the place indicated in the subpoenas); *Ryl-Kuchar v. Care Centers, Inc.*, No. 1:05-cv-03223, slip op. at 1 (N.D. Ill. Apr. 17, 2007), ECF No. 222 (ordering that trial subpoenas are "continued to the new trial date upon notice to the subpoenaed witnesses of that new date"); *Happel v. Wal-Mart Stores, Inc.*, No. 02 C 7771, 2007 U.S. Dist. LEXIS 9782, at *2 (N.D. Ill. Feb. 9, 2007) (granting motion to continue trial subpoenas); *Yost v. K Truck Lines, Inc.*, No.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

03-2086-DJW, 2006 U.S. Dist. LEXIS 3286, at *14 (D. Kan. Jan. 27, 2006) (ordering that "[a]ny trial subpoenas requiring the presence of witnesses" at the prior trial date "shall remain in full force and effect and will apply to the new trial date").

Separately, the determination of whether to issue a missing witness instruction "rests within the trial court's sound discretion." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 212 (9th Cir. 1988) (citing *Cameo Convalescent Center, Inc., v. Senn*, 738 F.2d 836, 844 (7th Cir. 1984)).

**ARGUMENT**

As explained below, the Court should enter an order granting the Toshiba Defendants' motion because: (1) Toshiba's trial subpoena continues to be valid and enforceable; and (2) a missing witness instruction is appropriate here, not only because Mr. Harada is within Sharp's control and his testimony is critical to elucidating the issues in this case, but also because the case history shows that an adverse inference instruction against Sharp is effective in compelling Sharp to ensure that Mr. Harada complies with his obligation to appear at trial.

**I.    The March 16, 2016 Subpoena Continues To Be Valid And Enforceable**

The continuance of the March 16, 2016 trial subpoena should be granted because "[a] subpoena represents a continuing duty to appear and does not expire on its stated date." *See, e.g.*, *Mfrs. Life Ins. Co. v. Tullis*, No. 90-2859, 1992 U.S. Dist. LEXIS 7264, at *1 (E.D. La. May 19, 1992). As discussed above, there is an abundance of caselaw that holds that trial subpoenas are continued to new trial dates as a matter of course. Here, continuing the subpoena is not only logical, but also fair and just. The Toshiba Defendants should not be prejudiced, and Sharp should not be advantaged, because the trial date was extended for reasons beyond the parties' control, especially as Sharp never alerted the Court, or the Toshiba Defendants, that Mr. Harada would leave his employment with Sharp and depart the United States during the pendency of trial. *See* ECF Nos. 4613, 4662 (showing that Sharp twice raised objections to the amendments to the Sharp trial schedule, doing so after Mr. Harada was served with his trial subpoena, but never raising the possibility that the schedule change would affect Mr. Harada's availability for trial).

Sharp's failure to alert the Court or the Defendants as to Mr. Harada's availability is especially notable because the Toshiba Defendants, during Mr. Harada's deposition, expressly sought to ascertain when Mr. Harada's employment with Sharp would end. *See* Lau Decl., Ex. F. at 261:13-19. Mr. Harada demurred in answering such questions, stating that "it depend[s] on what happens, but I think it is for around a year," also noting that it "doesn't really have an end date." *Id.* Mr. Harada's opaque response, combined with his wordless exit from SEMA and the United States, evinces Sharp's apparent strategy of keeping Mr. Harada from the witness stand. (Notably, Sharp neither listed Mr. Harada on their recently-served live witness list nor offered *any* of Mr. Harada's testimony in their affirmative deposition designations.) Sharp should not be awarded for such a strategy, especially in considering the substantial prejudice Toshiba would suffer by not being able to question Mr. Harada live at trial.

There is immense, even critical, value for the Toshiba Defendants in being able to question Mr. Harada live at trial, especially in comparison to having to rely on video of his deposition. Placing Mr. Harada on the stand and subject to cross-examination enables the jury to assess, in real time, Mr. Harada's credibility, and enables the Toshiba Defendants to more precisely elicit testimony that is responsive to Sharp's still-unpled and undefined rule-of-reason claim. *See* The Defendants' Motion to Exclude Evidence Related to a Violation of the Antitrust Laws Under a Rule of Reason Analysis, ECF. No 3701 (noting that Sharp never pled a rule-of-reason claim in any of its three versions of its complaint). To remedy this situation, the Court should continue Toshiba's trial subpoena and in doing so remove any ambiguity that Mr. Harada is under subpoena to appear, and testify, at the March 6, 2017 trial.

**II.  An Adverse-Missing-Witness Instruction Against Sharp Is Appropriate Because Mr. Harada Is Peculiarly Within The Control Of Sharp And Mr. Harada's Testimony Is Critical To Elucidating The Issues In This Case**

In addition to continuing the subpoena, the Court should issue an order stating that if Mr. Harada fails to appear and testify at the March 6, 2017 trial, the Court will issue a missing-witness instruction to the jury, directing the jury to infer that Mr. Harada's testimony

would have been unfavorable to Sharp. As evidenced by the case history, a missing witness instruction may persuade Sharp to produce Mr. Harada to testify at trial. But, if case history does not repeat itself and Mr. Harada is not made available to testify, the missing-witness instruction would be even more critical because that unfavorable inference against Sharp would serve to counter, at least in part, the significant prejudice the Toshiba Defendants would suffer if Mr. Harada does not comply with his subpoena.

Courts issue an adverse missing witness instruction against a party when it is "peculiarly within [a party's] power to produce witnesses whose testimony would elucidate" issues in the case, "but chooses not to call them." *Chi. Coll. of Osteopathic Med. v. George A. Fuller Co.*, 719 F.2d 1335, 1353 (7th Cir. 1983); *see also United States v. Leal-Del Carmen*, 697 F.3d 964, 974 (9th Cir. 2012) ("'The failure of a party to produce a material witness who could elucidate matters under investigation gives rise to a presumption that the testimony of that witness would be unfavorable to the party if the witness is peculiarly within the party's control.'" (quoting *United States v. Noah*, 475 F.2d 688, 691 (9th Cir. 1973)).

It cannot be disputed that Mr. Harada's testimony would elucidate issues critical to this case. *See Leal-Del Carmen*, 698 F.3d at 975 (holding that an inference of unfavorable testimony is proper when the missing witness can provide exculpatory testimony for the defendant). During the relevant period, Mr. Harada negotiated with CRT manufacturers for SEMA's purchase of CPTs, approved the prices at which those purchases were made and obtained market information for SEMA. Indeed the importance of Mr. Harada's testimony can be gauged by how hard it was for the Defendants to obtain his deposition.

Moreover, Mr. Harada is peculiarly within Sharp's control because Mr. Harada is only physically available to Sharp and Mr. Harada has a relationship with Sharp that "pragmatically renders his testimony unavailable" to the Toshiba Defendants. *Chi. Coll. of Osteopathic Med. v. George A. Fuller Co.*, 719 F.2d 1335, 1353 (7th Cir. 1983). Mr. Harada is not physically available to the Toshiba Defendants because, as Toshiba recently learned, he has returned to Japan. Lau Decl., Ex. H. Accordingly, only Sharp definitively knows where

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   Mr. Harada is, and, if Mr. Harada is in fact in Japan, the Toshiba Defendants do not have the
2   ability to compel him to come to the United States to testify at trial.

3    Mr. Harada's relationship with Sharp has also made his testimony unavailable to the
4   Toshiba Defendants.  Mr. Harada has a track record of retiring from Sharp's employment
5   when the Defendants seek his testimony.  *See* Lau Decl., Ex. A (Jan. 13, 2015 Letter from
6   Craig Benson to Hon. Vaughn Walker) (announcing Mr. Harada's retirement after Special
7   Master Walker's January 2, 2015 recommended order and stating that "it seems certain he
8   will not become available before trial"); Lau Decl., Ex. H (e-mail from process server stating
9   that Mr. Harada retired from SEMA and returned to Japan, even though he was under
10  subpoena for a pending trial).  Further, Mr. Harada has testified that even in retirement he has
11  maintained a relationship with Sharp.  *See* Lau Decl., Ex. F (Harada Tr. at 43:9-46:19)
12  (testifying that although he officially retired from Sharp Corporation in 2011, he has
13  continued to work with Sharp as a contract employee, including pursuant to his most recent
14  contract with SEMA).  Accordingly, there is reason to believe that Mr. Harada's relationship
15  with Sharp continues even though he now is purportedly retired.

16   Indeed, throughout this case, even in Mr. Harada's retirement, Sharp has demonstrated
17  a "measure of control" over Mr. Harada.  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 212 (9th
18  Cir. 1988) (holding that a missing witness instruction was proper when a party failed to
19  produce its former employee to testify at trial).  In *Miller*, the plaintiff served a trial subpoena
20  on a critical witness while he was still employed by the defendant.  *Id*. at 211, 212.  After the
21  subpoena was served, however, the witness left the employ of the defendant, and the
22  defendant claimed that it could not produce its former employee to testify at trial.  *Id*. at 212.
23  The Ninth Circuit ruled that the Court properly issued an adverse inference against the
24  defendant, explaining that the defendant had a "measure of control" over the witness,
25  specifically because the trial subpoena was served while the witness was still employed with
26  the defendant.  *Id*.  Here, like in *Miller*, the Toshiba Defendants served their trial subpoena
27  while Mr. Harada was still employed by Sharp.  Accordingly, Sharp had a "measure of
28  control" over Mr. Harada when the subpoena was issued and, based on Mr. Harada's unique

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

THE TOSHIBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO CONTINUE TRIAL SUBPOENA AND ISSUE ADVERSE JURY INSTRUCTION IN THE EVENT OF A FAILURE TO APPEAR AT TRIAL
Case No. 07-5944 JST
MDL No. 1917
9

Case 4:07-cv-05944-JST   Document 4958   Filed 10/12/16   Page 12 of 13

relationship with Sharp, that control may not have loosened after he purportedly left Sharp's employment in May 2016. Based on Sharp's "measure of control" over Mr. Harada, and to mediate the prejudice Toshiba would suffer if Mr. Harada did not testify live at trial, the Toshiba Defendants request that the Court issue a prophylactic adverse inference instruction, instructing the jury to infer that Mr. Harada's testimony would be unfavorable as to Sharp, but only if Mr. Harada does not comply with his obligation to appear at the upcoming March 6, 2017 trial.

## **CONCLUSION**

For these reasons, the Court should issue an Order that:  (1) continues the trial subpoena previously served on Nobuo Harada to the new trial date of March 6, 2017; and (2) issues an adverse-missing-witness jury instruction with respect to Sharp in the event that Mr. Harada does not appear for trial on March 6, 2017.

Respectfully submitted,

Dated:  October 6, 2016

**WHITE & CASE** LLP

By:  */s/ Lucius B. Lau*
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (pro hac vice)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

THE TOSHIBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO CONTINUE TRIAL SUBPOENA AND ISSUE ADVERSE JURY INSTRUCTION IN THE EVENT OF A FAILURE TO APPEAR AT TRIAL
Case No. 07-5944 JST
MDL No. 1917

**CERTIFICATE OF SERVICE**

On October 6, 2016, I caused a copy of "THE TOSHIBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO CONTINUE TRIAL SUBPOENA AND ISSUE ADVERSE JURY INSTRUCTION IN THE EVENT OF A FAILURE TO APPEAR AT TRIAL" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 2, 2008.

                */s/ Lucius B. Lau*
                Lucius B. Lau

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

THE TOSHIBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO CONTINUE TRIAL SUBPOENA AND ISSUE ADVERSE JURY INSTRUCTION IN THE EVENT OF A FAILURE TO APPEAR AT TRIAL
Case No. 07-5944 JST
MDL No. 1917