# EXHIBIT B

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

LLOYD K. GARRISON    (1946-1991)
RANDOLPH E. PAUL    (1946-1956)
SIMON H. RIFKIND    (1950-1995)
LOUIS S. WEISS    (1927-1950)
JOHN F. WHARTON    (1927-1977)

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU, CHAOYANG DISTRICT
BEIJING 100020, PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(202) 223-7343

WRITER'S DIRECT FACSIMILE
(202) 204-7343

WRITER'S DIRECT E-MAIL ADDRESS
cbenson@paulweiss.com

PARTNERS RESIDENT IN WASHINGTON
DAVID J. BALL                JANE B. O'BRIEN
CRAIG A. BENSON              ALEX YOUNG K. OH
PATRICK S. CAMPBELL          JOSEPH J. SIMONS
CHARLES E. DAVIDOW           ALEXANDRA M. WALSH
KENNETH A. GALLO             BETH A. WILKINSON
MARK F. MENDELSOHN

PARTNERS NOT RESIDENT IN WASHINGTON
MATTHEW W. ABBOTT*           MEREDITH J. KANE*
EDWARD T. ACKERMAN*          ROBERTA A. KAPLAN*
ALLAN J. ARFFA*              BRAD S. KARP*
ROBERT A. ATKINS*            PATRICK N. KARSNITZ*
JOHN F. BAUGHMAN*            JOHN C. KENNEDY*
LYNN B. BAYARD*              BRIAN KIM*
DANIEL J. BELLER*            ALAN W. KORNBERG*
MITCHELL L. BERG*            DANIEL J. KRAMER*
MARK S. BERGMAN              DAVID K. LAKHDHIR
BRUCE BIRENBOIM*             STEPHEN P. LAMB*
H. CHRISTOPHER BOEHNING*     JOHN E. LANGE
ANGELO BONVINO*              DANIEL J. LEFFELL*
JAMES L. BROCHIN             XIAOYU GREG LIU*
RICHARD J. BRONSTEIN*        JEFFREY D. MARELL*
DAVID W. BROWN*              MARCO V. MASOTTI*
SUSANNA M. BUERGEL*          EDWIN S. MAYNARD*
JESSICA S. CAREY*            DAVID W. MAYO*
JEANETTE K. CHAN*            ELIZABETH R. McCOLM*
YVONNE Y. F. CHAN*           WILLIAM B. MICHAEL*
LEWIS R. CLAYTON             TOBY S. MYERSON*
JAY COHEN                    CATHERINE NYARADY*
KELLEY A. CORNISH*           BRAD R. OKUN*
CHRISTOPHER J. CUMMINGS*     KELLEY D. PARKER*
DOUGLAS R. DAVIS*            MARC E. PERLMUTTER*
THOMAS V. DE LA BASTIDE III* VALERIE E. RADWANER*
ARIEL J. DECKELBAUM*         CARL L. REISNER
ALICE BELISLE EATON*         LORIN L. REISNER*
ANDREW J. EHRLICH*           WALTER G. RICCIARDI
GREGORY A. EZRING*           WALTER RIEMAN*
LESLIE GORDON FAGEN          RICHARD A. ROSEN
MARC FALCONE*                ANDREW N. ROSENBERG*
ROSS A. FIELDSTON*           JACQUELINE P. RUBIN*
ANDREW C. FINCH*             RAPHAEL M. RUSSO*
BRAD J. FINKELSTEIN*         ELIZABETH M. SACKSTEDER*
BRIAN P. FINNEGAN*           JEFFREY D. SAFERSTEIN*
ROBERTO FINZI*               JEFFREY B. SAMUELS*
PETER E. FISCH*              DALE M. SARRO
ROBERT C. FLEDER*            TERRY E. SCHIMEK
MARTIN FLUMENBAUM*           KENNETH M. SCHNEIDER*
ANDREW J. FOLEY*             ROBERT B. SCHUMER*
HARRIS B. FREIDUS*           JOHN M. SCOTT*
MANUEL S. FREY*              STEPHEN J. SHIMSHAK*
ANDREW L. GAINES*            DAVID R. SICULAR*
MICHAEL E. GERTZMAN*         MOSES SILVERMAN
ADAM M. GIVERTZ*             STEVEN SIMKIN*
SALVATORE GOGLIORMELLA*      AUDRA J. SOLOWAY*
ROBERT D. GOLDBAUM*          SCOTT M. SONTAG*
NEIL GOLDMAN*                TARUN M. STEWART*
CATHERINE L. GOODALL*        ERIC ALAN STONE*
ERIC GOODISON*               AIDAN SYNNOTT*
CHARLES H. GOOGE, JR.*       ROBYN F. TARNOFSKY*
ANDREW G. GORDON*            MONICA K. THURMOND*
UDI GROFMAN*                 DANIEL J. TOAL*
NICHOLAS GROOMBRIDGE*        LIZA M. VELAZQUEZ*
BRUCE A. GUTENPLAN*          MARIA T. VULLO*
GAINES GWATHMEY, III         LAWRENCE G. WEE*
ALAN S. HALPERIN*            THEODORE V. WELLS, JR.
JUSTIN G. HAMILL*            STEVEN J. WILLIAMS*
CLAUDIA HAMMERMAN*           LAWRENCE I. WITDORCHIC*
GERARD E. HARPER             MARK B. WLAZLO*
BRIAN S. HERMANN*            JULIA T.M. WOOD
MICHELE HIRSHMAN*            JENNIFER H. WU*
MICHAEL S. HONG*             JORDAN E. YARETT*
DAVID S. HUNTINGTON*         KAYE N. YOSHINO*
AMRAN HUSSEIN*               TONG YU*
LORETTA A. IPPOLITO*         TRACEY A. ZACCONE*
JAREN JANGHORBANI*           T. ROBERT ZOCHOWSKI, JR.*
BRIAN M. JANSON*

*NOT AN ACTIVE MEMBER OF THE DC BAR

January 22, 2015

By Email

Hon. Vaughn R. Walker (Ret.)
c/o Mr. Jay Weil
Federal Arbitration, Inc.
288 Hamilton Avenue, 3rd Floor
Palo Alto, California 94301
jay.weil@fedarb.com

Re: *In re Cathode Ray Tube (CRT) Antitrust Litig.*,
No. 3:07-cv-5944-SC, MDL No. 1917

<u>SEC and SEMA's Response To The Toshiba Defendants' Letter Brief</u>

Dear Judge Walker:

      We write to respond to Toshiba's letter dated January 15, 2015 and to update Your Honor with information regarding Mr. Harada's potential future employment.

      By an order dated January 2, 2015, Your Honor found that there was no "binding authority [that] provides clear precedent for granting Panasonic's motion" to compel the deposition of a non-party former employee, and that Panasonic had "failed to establish sufficient facts" to warrant granting the motion. Jan. 2, 2015 Order at 4, 5.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Vaughn Walker                                                                                                                2

Your Honor also permitted Panasonic to submit a supplemental brief specifically to contain "evidence of a close relationship between SEC/SEMA and Sharp Corporation or of Mr. Harada's status as a managing agent." Jan. 2, 2015 Order at 6.

Despite Your Honor's clear instructions, Toshiba (now acting in place of Panasonic) does not submit any evidence whatsoever to suggest that either: (a) there is a close relationship between non-party Sharp Corporation and plaintiffs SEC or SEMA; or (b) Mr. Harada should be viewed as a "managing agent" of SEC or SEMA. Instead, Toshiba submits an unrelated order dated March 13, 2014 regarding a forum-selection clause in a 1978 contract between Sharp Corporation and Toshiba Corporation. The order is, of course, not evidence at all and could have been submitted in support of the original motion if it were really relevant legal authority. We respectfully submit Your Honor could appropriately decline to consider Toshiba's submission.

In any event, Toshiba is wrong in contending that the March 2014 Order forecloses any inquiry on the relationship between Sharp Corporation and SEC and SEMA as law of the case. As explained below, that order does not address in any way the questions on which Your Honor requested evidence and the law-of-the-case doctrine does not apply here.

Toshiba also makes a baseless request for an adverse inference without ever showing that SEC and SEMA had control over Mr. Harada. This request should be rejected. Contrary to Toshiba's innuendo, Mr. Harada's retirement has nothing to do with the pendency of this litigation. The reality is that defendants have known about Mr. Harada as a potential witness for more than four years and failed to act on that information in a timely manner. As noted in our prior filing on this motion, Mr. Harada was identified in Panasonic documents as early as 2012, and he was disclosed by SEC and SEMA as a person with potentially relevant information shortly after they filed suit, in July 2013. In July 2014, a Sharp deponent disclosed that Mr. Harada was actually or close to being retired. (Attach. 1, Dep. of Toshihito Nakanishi at 48 (July 29, 2014).) Defendants moved to compel his deposition for the first time in September 2014 at the close of discovery, and Your Honor ruled on that motion on January 2, 2015. SEC and SEMA have not, at any time during this litigation, ever had control over Mr. Harada and have acted in good faith at all times.

I.      **The March 2014 Order Interpreting the Enforceability of a Contractual Forum-Selection Clause in a 1978 Contract Is Irrelevant**

Toshiba's assertion that the March 2014 Order is law of the case on the question Your Honor has asked is flat wrong. Toshiba mischaracterizes that order, which is on an unrelated topic. It also distorts the law regarding the law-of-the-case doctrine, which is discretionary and only applies where an issue actually has already been decided. *Federal Practice & Procedure* § 4478 (the doctrine "does not reach a matter that was not decided"); *see also U.S. v. Standard*, 207 F.3d 1136, 1139 (9th Cir. 2000) (appeal not

Hon. Vaughn Walker                                                                                                              3

precluded by the law-of-the-case doctrine where issue had not yet been decided by the district court).

Toshiba suggests that the March 2014 Order "recognized and relied upon the close corporate relationship between Sharp Corporation and the Sharp Plaintiffs . . . ." (Toshiba Br. at 2.) But it did no such thing. No words to that effect appear in the March 2014 Order.

In reality, the March 2014 Order addressed the narrow question, on a motion to dismiss, of whether SEC's and SEMA's claims against Toshiba were subject to a forum-selection clause contained in a 1978 contract executed by non-party Sharp Corporation, with what is now Toshiba Corporation. Based on the allegations of the pleadings, the Court made a legal holding that the forum-selection clause in the contract applied to Sharp Corporation subsidiaries under 9th Circuit precedent. (Toshiba Br., Attach. 1 at 6 ("In this case, the Ninth Circuit has held that forum-selection clauses will apply to non-signatories 'where the alleged conduct of the non-parties is closely related to the relationship.' *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 456 (9th Cir. 2007).").) The Court did not make a factual finding about the nature of the relationship between Sharp Corporation, on the one hand, and SEC and SEMA, on the other hand. The Court also did not address the types of facts Your Honor referred to from, for instance, the *Alcan* case. Jan 2, 2015 Order at 3 (citing *Alcan Int'l Ltd. v. SA Day Mfg. Co., Inc.*, 176 F.R.D. 75 (W.D.N.Y. 1996)).

The closest the Court came to a factual finding of any kind was the conclusion that some of the conduct alleged in the complaint related to the contractual relationship *between Sharp Corporation and Toshiba Corporation*. Specifically, the Court found that the claims between SEC, SEMA, and Toshiba arose "'as part of the larger contractual relationship' between the two parent companies [Toshiba Corporation and Sharp Corporation]" because some of the "Sharp Plaintiffs' [finished product] purchases that form the basis of their antitrust claims against Toshiba were made from Sharp Corporation." (Toshiba Br., Attach. 1 at 6, 8.) That conclusion is not a factual finding that Sharp Corporation has a close relationship with SEC and SEMA such that the subsidiaries control access to Mr. Harada. Moreover, SEC and SEMA long ago informed the defendants that they are not pursuing any claims relating to finished product purchases. (Attach. 2 (Oct. 14, 2014 Letter from C. Benson to Counsel).)

The March 2014 Order also did not purport to examine anything about the relationship between SEMA, SEC, and Sharp Corporation *during the time of this litigation*. It considered Complaint allegations about CPT purchases that occurred between 1995-2007, more than six years before SEC and SEMA filed suit. But, it is the relationship *during the time period of this litigation* that bears on the question of whether a party must make a non-party witness available. Even the cases that Panasonic and Toshiba cite make this plain. *See, e.g.*, *Alcan,* 176 F.R.D. at 79; *In re Global Power Equip. Grp., Inc.*, 418 B.R. 833, 844-45 (Bankr. D. Del. 2009). *See also JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. and Trade Servs., Inc.*, 220 F.R.D. 235, 237

Hon. Vaughn Walker                                                                                                  4

(S.D.N.Y. 2004) (analyzing status of witnesses "at the time the depositions were noticed").

Last, even if, counterfactually, the March 2014 Order were related to the question Your Honor asked, Toshiba ignores that the law-of-the-case doctrine is a discretionary one. *See U.S. v. HOS*, 696 F.3d 869, 872 (9th Cir. 2012) (district judge "had the discretion to reconsider his earlier ruling, even if it constituted the law of the case."). The March 2014 Order was made on the basis of Complaint allegations and when SEC's and SEMA's claims included purchases of finished products that they have since forgone. Since March 2014, there has been extensive discovery in this case: At the time of the March 2014 Order, SEC and SEMA had produced only 6,622 documents and none of its witnesses had been deposed. Since then, SEC and SEMA have submitted to multiple depositions and produced hundreds of thousands of documents. Toshiba has submitted nothing from this voluminous record that supports its position.

For all of these reasons, Toshiba's argument should be rejected.

**II.     The Defendants Are Not Entitled to Any Adverse Instruction**

Despite having *lost* their motion to compel, defendants (through Toshiba, now) now seek an adverse instruction as a sanction, purportedly because "the Sharp Plaintiffs were in control of and had a duty to produce Mr. Harada" and "[t]here is undeniably a close relationship between SEC/SEMA and Sharp Corporation." This request is frivolous. Toshiba assumes the very thing in dispute here – whether SEC or SEMA could compel Mr. Harada to testify. As Your Honor recognized, however, there is no precedent suggesting any such duty or obligation on the part of SEC or SEMA to produce a non-party witness over whom they have no control, and both Panasonic and Toshiba have "failed to establish sufficient facts to warrant granting the motion to compel." Jan 2, 2015 Order at 4, 5.

The two cases Toshiba cites in support of its extraordinary request are distinguishable. Indeed, in both cases, there had been a *pre-existing court order* for a party to produce its witnesses that were disobeyed. There is nothing of the sort here. *Karnazes v. Cnty. of San Mateo*, No. C 09-0767 MMC (MEJ), 2010 WL 2672003 at *1 (N.D. Cal. July 2, 2010) (plaintiff failed to produce documents from that plaintiff's treating physician "*despite a court order and a subpoena*." (emphasis added)); *Minebea Co., Ltd. v. Papst*, 370 F. Supp. 2d 302, 308 (D.D.C. 2005) (court ordered the deposition of certain witnesses that had previously signed contractual agreements to testify and threatened an adverse-inference instruction if those contractually obligated witnesses were not produced).

If anything, one of Toshiba's cases favors SEC and SEMA's position here: In *Minebea*, the court *refused* to compel the deposition of "non-citizen, non-employee witnesses" because the court was not satisfied that the party was in a position to compel their appearance. *Id.* at 308. Those are precisely our facts.

Finally, as noted at the outset, Toshiba's innuendo regarding the timing of Mr. Harada's retirement is baseless. The timing of his retirement had nothing to do with this litigation and neither SEC nor SEMA have deprived the defendants of any access they could have given to Mr. Harada, who has never been in their control.[1] Nor, however, has he been spirited away to prevent defendants' access. During the entirety of this litigation and the discovery period, Mr. Harada worked for non-party Sharp Corporation, including for months after this motion was fully briefed. As noted above, defendants knew who Mr. Harada was from back in 2012, and by July 2014 (upon first inquiry), they learned that he did not work for any party and was at or near retirement age. Even so, defendants waited until the very last minute to notice his deposition and even longer to move to compel it. SEC and SEMA have been forthcoming about Mr. Harada's status at all times.

For all of these reasons, defendants' motion should be denied.

*****

As previously reported, Mr. Harada retired from Sharp Corporation effective January 21, 2015.

Two days ago, on January 20, 2015, in-house counsel at SEMA and SEC, and counsel at Paul Weiss, learned for the first time that Mr. Harada recently applied for a visa to travel to the United States and is in discussions with SEMA about working for it in some capacity. We understand it is possible that Mr. Harada may be in the United States in late February or March, 2015. We are continuing to investigate the situation and will report. As we have repeatedly represented, to the extent Mr. Harada were to become subject to the control of SEC or SEMA, we will voluntarily present him for a deposition.

Respectfully submitted,

/s/ Craig A. Benson

Craig A. Benson

---

[1] Toshiba's citation to *Nippondenso Co., Ltd. v. Denso Distributors*, Civ. A. No. 86-3982, 1987 WL 14111 (E.D. Pa. Sept. 21, 1987) is also inapposite. In that case, the deposition sought was of a former employee who was still involved with the party as a chairman of a party's majority-owned subsidiaries. There is nothing comparable here.

# Attachment 1
# (Highly Confidential)

HIGHLY CONFIDENTIAL

# In The Matter Of:

## *In Re: Cathode Ray Tube Antitrust Litigation (CRT)*

*Toshihito Nakanishi- Vol I*

*July 29, 2014*

*Barkley Court Reporters*

*barkley.com*

*800.222.1231*

Original File 379278.txt

Min-U-Script® with Word Index

```
11:30   1              PLAINTIFFS' CHECK INTERPRETER:  In the
        2   most cases, were missing.  Should I?
        3              MR. BENSON:  Yeah, just do the whole
        4   thing.
11:30   5              PLAINTIFFS' CHECK INTERPRETER:  Okay.
        6              In the final decision stage, Mr. Harada
        7   and myself would both attend such meetings on most
        8   of the cases.  So on the spot, basically orally we
        9   would come to the decision.
11:30  10   BY MR. HEMLOCK:
       11       Q    And --
       12              THE INTERPRETER:  Hold on.  Thank you.  I
       13   accept.
       14   BY MR. HEMLOCK:
11:30  15       Q    Do you know what Mr. Harada did after he
       16   left SEMA?
       17       A    He went to the Poland plant of Sharp.
       18       Q    What do they make at that plant?
       19       A    LCD TVs.
11:31  20       Q    Is he there today?
       21              MR. BENSON:  Objection to form.  Lack of
       22   foundation.
       23              THE WITNESS:  No, he's no longer there.
       24   BY MR. HEMLOCK:
11:31  25       Q    Where is he now?
```

47

Toshihito Nakanishi- Vol I

BARKLEY
Court Reporters

HIGHLY CONFIDENTIAL

| | | | |
|---|---|---|---|
| 11:31 | 1 | A | I believe he went back to Sharp |
| | 2 | | Corporation, and then retired and is at the company |
| | 3 | | as an adviser or something like that.  That's what I |
| | 4 | | hear.  But I'm not exactly sure what he is doing |
| 11:32 | 5 | | now. |
| | 6 | Q | Okay.  Do you know where he lives today? |
| | 7 | A | Do you mean Mr. Harada? |
| | 8 | Q | Yeah, and I mean which country.  Not his |
| | 9 | | address, but... |
| 11:32 | 10 | A | I don't know. |
| | 11 | Q | And you mentioned that he was serving as |
| | 12 | | an adviser.  Do you know whether he was being paid |
| | 13 | | in that position? |
| | 14 | | MR. BENSON:  Objection to form. |
| 11:32 | 15 | | Mischaracterizes prior testimony. |
| | 16 | | THE WITNESS:  That, I do not know as to |
| | 17 | | compensation. |
| | 18 | | BY MR. HEMLOCK: |
| | 19 | Q | Okay.  How about Yasuhiro Kawaguchi?  Do |
| 11:33 | 20 | | you know who that is? |
| | 21 | | MR. BENSON:  Objection to form.  Vague. |
| | 22 | | BY MR. HEMLOCK: |
| | 23 | Q | Sorry -- oh, did you respond? |
| | 24 | A | Yes, I know him. |
| 11:34 | 25 | Q | And who is Kawaguchi-san? |

48

Toshihito Nakanishi- Vol I

BARKLEY
Court Reporters

# Attachment 2

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

LLOYD K. GARRISON    (1946-1991)
RANDOLPH E. PAUL     (1946-1956)
SIMON H. RIFKIND     (1950-1995)
LOUIS S. WEISS       (1927-1950)
JOHN F. WHARTON      (1927-1977)

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU, CHAOYANG DISTRICT
BEIJING 100020, PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
202-223-7343

WRITER'S DIRECT FACSIMILE
202-204-7343

WRITER'S DIRECT E-MAIL ADDRESS
cbenson@paulweiss.com

PARTNERS RESIDENT IN WASHINGTON
DAVID J. BALL                JANE B. O'BRIEN
CRAIG A. BENSON              ALEX YOUNG K. OH
PATRICK S. CAMPBELL          JOSEPH J. SIMONS
CHARLES E. DAVIDOW           ALEXANDRA M. WALSH
KENNETH A. GALLO             BETH A. WILKINSON
MARK F. MENDELSOHN

PARTNERS NOT RESIDENT IN WASHINGTON
MATTHEW W. ABBOTT*           ROBERTA A. KAPLAN*
ALLAN J. ARFFA               BRAD S. KARP*
ROBERT A. ATKINS*            PATRICK N. KARSNITZ*
JOHN F. BAUGHMAN*            JOHN C. KENNEDY*
LYNN B. BAYARD*              BRIAN KIM*
DANIEL J. BELLER*            ALAN W. KORNBERG*
MITCHELL L. BERG*            DANIEL J. KRAMER*
MARK S. BERGMAN              DAVID K. LAKHDHIR
BRUCE BIRENBOIM*             STEPHEN P. LAMB*
H. CHRISTOPHER BOEHNING*     JOHN E. LANGE
ANGELO BONVINO*              DANIEL J. LEFFELL*
JAMES L. BROCHIN             XIAOYU GREG LIU*
RICHARD J. BRONSTEIN         JEFFREY D. MARELL*
DAVID W. BROWN*              MARCO V. MASOTTI*
SUSANNA M. BUERGEL*          EDWIN S. MAYNARD*
JESSICA S. CAREY*            DAVID W. MAYO*
JEANETTE K. CHAN*            ELIZABETH R. McCOLM*
YVONNE Y. F. CHAN*           WILLIAM B. MICHAEL*
LEWIS R. CLAYTON             TOBY S. MYERSON*
JAY COHEN                    CATHERINE NYARADY*
KELLEY A. CORNISH*           BRAD R. OKUN*
CHRISTOPHER J. CUMMINGS*     KELLEY D. PARKER*
DOUGLAS R. DAVIS*            MARC E. PERLMUTTER*
THOMAS V. DE LA BASTIDE III* VALERIE E. RADWANER*
ARIEL J. DECKELBAUM*         CARL L. REISNER
ALICE BELISLE EATON*         WALTER G. RICCIARDI
ANDREW J. EHRLICH*           WALTER RIEMAN*
GREGORY A. EZRING*           RICHARD A. ROSEN
LESLIE GORDON FAGEN          ANDREW N. ROSENBERG*
MARC FALCONE*                JACQUELINE P. RUBIN*
ROSS A. FIELDSTON*           RAPHAEL M. RUSSO*
ANDREW C. FINCH*             JEFFREY D. SAFERSTEIN*
BRAD J. FINKELSTEIN*         JEFFREY B. SAMUELS*
BRIAN P. FINNEGAN*           DALE M. SARRO
ROBERTO FINZI                TERRY E. SCHIMEK
PETER E. FISCH*              KENNETH M. SCHNEIDER*
ROBERT C. FLEDER             ROBERT B. SCHUMER*
MARTIN FLUMENBAUM            JAMES H. SCHWAB*
ANDREW J. FOLEY*             JOHN M. SCOTT*
HARRIS B. FREIDUS*           STEPHEN J. SHIMSHAK*
MANUEL S. FREY*              DAVID R. SICULAR*
ANDREW L. GAINES*            MOSES SILVERMAN
MICHAEL E. GERTZMAN*         STEVEN SIMKIN*
ADAM M. GIVERTZ*             MARILYN SOBEL
SALVATORE GOGLIORMELLA*      AUDRA J. SOLOWAY*
ROBERT D. GOLDBAUM*          SCOTT M. SONTAG*
NEIL GOLDMAN*                TARUN M. STEWART*
ERIC GOODISON*               ERIC ALAN STONE*
CHARLES H. GOOGE, JR.*       AIDAN SYNNOTT*
ANDREW G. GORDON*            ROBYN F. TARNOFSKY*
UDI GROFMAN*                 MONICA K. THURMOND*
NICHOLAS GROOMBRIDGE*        DANIEL J. TOAL*
BRUCE A. GUTENPLAN*          LIZA M. VELAZQUEZ*
GAINES GWATHMEY, III         MARIA T. VULLO*
ALAN S. HALPERIN*            LAWRENCE G. WEE*
JUSTIN G. HAMILL*            THEODORE V. WELLS, JR.
CLAUDIA HAMMERMAN*           STEVEN J. WILLIAMS*
GERARD E. HARPER             LAWRENCE I. WITDORCHIC*
BRIAN S. HERMANN*            MARK B. WLAZLO*
ROBERT M. HIRSH              JULIA T.M. WOOD
MICHELE HIRSHMAN*            JORDAN E. YARETT*
MICHAEL S. HONG*             KAYE N. YOSHINO*
DAVID S. HUNTINGTON*         TONG YU*
LORETTA A. IPPOLITO*         TRACEY A. ZACCONE*
JAREN JANGHORBANI*           T. ROBERT ZOCHOWSKI, JR.*
MEREDITH J. KANE*

*NOT AN ACTIVE MEMBER OF THE DC BAR

October 14, 2014

**By Email**

Jeffrey L. Kessler
Eva W. Cole
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
*JKessler@winston.com*
*EWCole@winston.com*

William D. Temko
MUNGER, TOLLES & OLSON
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
*William.Temko@mto.com*

Hojoon Hwang
MUNGER, TOLLES & OLSON
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA 94105-2907
*Hojoon.Hwang@mto.com*

David L. Yohai
Adam Hemlock
WEIL, GOTSHAL, & MANGES, LLP
767 Fifth Ave.
New York, NY 10153
*adam.hemlock@weil.com*
*david.yohai@weil.com*

John M. Taladay
Erik Koons
BAKER BOTTS L.L.P.
The Warner
1299 Pennsylvania Ave., NW
Washington, DC 20004
*john.taladay@bakerbotts.com*
*erik.koons@bakerbotts.com*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Letter to Counsel re: Withdrawal of Claims Relating to Finished Product Purchases        2

Christopher M. Curran
Lucius B. Lau
WHITE & CASE LLP
701 13th Street, NW
Washington, DC 20005
ccurran@whitecase.com
alau@whitecase.com

James H. Mutchnik, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
jmutchnik@kirkland.com

Eliot A. Adelson
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
eadelson@kirkland.com

James L. McGinnis
Michael Scarborough
SHEPPARD MULLIN RICHTER &
HAMPTON, LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
jmcginnis@sheppardmullin.com
mscarborough@sheppardmullin.com

Kathy L. Osborn
FAEGRE BAKER DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
kathy.osborn@faegrebd.com

Jeffrey S. Roberts
FAEGRE BAKER DANIELS LLP
3200 Wells Fargo
1700 Lincoln Street
Denver, CO 80203
jeff.roberts@faegrebd.com

Nathan Lane, III
SQUIRE SANDERS (US) LLP
275 Battery Street
Suite 2600
San Francisco, CA 94111
nathan.lane@squirepb.com

Donald A. Wall
SQUIRE SANDERS (US) LLP
Suite 2700
1 E. Washington St.
Phoenix, AZ 85004
donald.wall@squirepb.com

*Sharp Elecs. Corp. et al. v. Hitachi, Ltd. et al.*, No. 13-cv-01173-SC;
*Sharp Elecs. Corp. et al. v. Koninklijke Philips Elecs. N.V. et al.*, No. 13-cv-2776-SC;
MDL No. 1917, No. 07-cv-5944-SC

Withdrawal of Claims Relating to Finished Product Purchases

Dear Counsel:

      We hereby notify all defendants that Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. do not intend to pursue, and hereby withdraw, any claims relating only to their purchases of CRT televisions containing CRTs that had been purchased by Sharp Roxy Electronics Corporation and Nanjing Sharp Electronics Co., Ltd., as referred to in paragraph 28 of their Second Amended Complaint in *Sharp Elecs. Corp. et al. v. Hitachi, Ltd. et al.*, No. 13-cv-01173-

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Letter to Counsel re: Withdrawal of Claims Relating to Finished Product Purchases    3

SC.  Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. accordingly hereby also withdraw all claims under state law (Claims 2-7).

Very truly yours,

*/s/ Craig A. Benson*

Craig A. Benson