# Exhibit 8

| | |
|---|---|
| 1 | GUIDO SAVERI (22349) |
|   |    *guido@saveri.com* |
| 2 | R. ALEXANDER SAVERI (173102) |
|   |    *rick@saveri.com* |
| 3 | GEOFFREY C. RUSHING (126910) |
|   |    *grushing@saveri.com* |
| 4 | CADIO ZIRPOLI (179108) |
|   |    *cadio@saveri.com* |
| 5 | SAVERI & SAVERI, INC. |
|   | 706 Sansome Street |
| 6 | San Francisco, CA  94111-5619 |
|   | Telephone:  (415) 217-6810 |
| 7 | Facsimile:  (415) 217-6813 |
| 8 | *Interim Lead Counsel for* |
|   | *Direct Purchaser Plaintiffs* |
| 9 | |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 14-cv-2058 SC<br><br>MDL No. 1917<br><br>**DIRECT PURCHASER PLAINTIFF CRAGO, d/b/a DASH COMPUTERS, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANTS MITSUBISHI, THOMSON AND TDA** |
| This Document Relates to:<br><br>DIRECT PURCHASER ACTIONS | Judge:  Hon. Samuel Conti |

DIRECT PURCHASER PLAINTIFF CRAGO d/b/a DASH COMPUTERS, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANTS MITSUBISHI, THOMSON AND TDA;
Case No. 14-cv-2058 SC

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, direct purchaser plaintiff Crago, d/b/a Dash Computers, Inc., through their counsel, requests that each Defendant answer the following interrogatories within thirty (30) days of service and supplement its interrogatory answers, as necessary, to comply with Federal Rule of Civil Procedure 26(e).

**DEFINITIONS**

1. The term "Defendant" means defendants Mitsubishi Electric Corporation; Mitsubishi Electric US, Inc. (f/k/a Mitsubishi Electric & Electronics USA, Inc.); Mitsubishi Electric Visual Solutions America, Inc. (f/k/a Mitsubishi Digital Electronics America, Inc.); Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.); Technicolor SA (f/k/a Thomson SA); Videocon Industries, Ltd.; and Technologies Displays Americas LLC (f/k/a Thomson Displays Americas LLC) named in the First Amended Direct Purchaser Plaintiffs' Class Action Complaint against Mitsubishi and Thomson and their present or former employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, joint ventures, or any other person acting on their behalf.

2. The term "Co-Conspirator" means Chunghwa Picture Tubes, Ltd.; Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.; Daewoo International Corporation; Daewoo Electronics Corporation f/k/a Daewoo Electronics Company, Ltd.; Orion Electric Company; Daewoo-Orion SocieteAnonyme; Hitachi, Ltd.; Hitachi Displays, Ltd.; Hitachi America, Ltd.; Hitachi Asia, Ltd.; Hitachi Electronic Devices (USA); Shenzhen SEG Hitachi Color Display Devices, Ltd.; Irico Group Corporation; Irico Group Electronics Co., Ltd.; Irico Display Devices Co., Ltd.; LG Electronics, Inc.; LG Electronics USA, Inc.; LG Electronics Taiwan Taipei Co., Ltd.; LP Displays International, Ltd.; Panasonic Corporation, f/k/a Matsushita Electric Industrial Co., Ltd.; Matsushita Electronic Corporation (Malaysia) Sdn Bhd.; Panasonic Corporation of North America; Koninklijke Philips Electronics N.V.; Philips Electronics Industries Ltd.; Philips Electronics North America; Philips Consumer Electronics Co.; Philips Electronics Industries (Taiwan), Ltd.; Philips da Amazonia Industria Electronica Ltda.; Samsung Electronics America, Inc.; Samsung SDI (Malaysia) Sdn Bhd.; Samsung SDI Co., Ltd. f/k/a Samsung Display Device Company; Samsung

SDI Mexico S.A. de C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co. Ltd.; Tianjin Samsung SDI Co., Ltd.; Thai CRT Company, Ltd.; Toshiba Corporation; Toshiba America, Inc.; Toshiba America Consumer Products LLC; Toshiba America Consumer Products, Inc.; Toshiba America Electronic Components, Inc.; Toshiba America Information Systems, Inc.; Toshiba Display Devices (Thailand) Company, Ltd.; MT Picture Display Co., Ltd., f/k/a Matsushita Toshiba Picture Display Co., Ltd.; and Bejing-Matsushita Color CRT Company, Ltd.

3. The term "Person" or "Persons" is defined to mean any natural person, corporation, or partnership, proprietorship, joint venture, or any business, legal, or government entity, organization, or association.

4. The terms "You," "Your," and "Yourself" means Defendant as defined herein.

5. The terms "Document" or "Documents" means the original and any non-identical copy of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure. This definition includes any written, printed, reproduced, graphic, photographic, electronic, audio, visual, or video records, however produced or reproduced, of any kind or description, whether prepared by you or by any other person, that is in your possession, custody, or control, including, but not limited to, the following: emails; correspondence; memoranda; travel records; summaries; agreements; electronically stored information; papers; notes; books; invoices, letters; facsimiles; intra- and interoffice communications; transcripts; minutes or other records of Meetings; reports; affidavits; statements; legal pleadings; calendars; appointment books; diaries; notebooks; telephone logs; records of telephone conversations; compilations; work papers; graphs; charts; blueprints; sales, advertising, and promotional literature; agreements; pamphlets; brochures; circulars; manuals; instructions; ledgers; drawings; sketches; photographs; screen shots; video recordings; audio recordings; film and sound reproductions; internal or external web sites; compact discs; computer files and disks; and social media communications, including, but not limited to, information posted on or transmitted through social networking platforms (*e.g.*, LinkedIn, Facebook, MySpace and Instagram), digital file-sharing services (*e.g.*, Flickr), blogs and microblogs (*e.g.*, Twitter), Voice Over Internet Protocol services (*e.g.*, Skype), and/or instant

DIRECT PURCHASER PLAINTIFF CRAGO d/b/a DASH COMPUTERS, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANTS MITSUBISHI, THOMSON AND TDA; Case No. 14-cv-2058 SC                - 2 -

messages.

6. The term "Employee" means any individual currently in the employ of, or at any time employed by, or acting as the agent of a Defendant as defined herein.

7. The term "CRT" means both (a) color picture tubes ("CPTs"), which are CRTs used primarily in color televisions; and (b) color display tubes ("CDTs"), which are CRTs used primarily in color computer monitors.

8. The term "CRT Products" means electronic devices containing CPTs (such as televisions) or CDTs (such as computer monitors).

9. Unless otherwise noted, the term "Relevant Time Period" means the period from March 1, 1995 through November 25, 2007.

10. The term "Communication" or "Communications" means, without limitation, any disclosure, transfer, or exchange of information, opinions, ideas or thoughts, by any means, face-to-face meetings, written, recorded, electronically, orally or otherwise, at any time or place under any circumstances. This definition shall include communication via social media, including, but not limited to, information, opinions, ideas, or thoughts, posted on or transmitted through social networking platforms (*e.g.*, LinkedIn, Facebook, MySpace and Instagram), digital file-sharing services (*e.g.*, Flickr), blogs and microblogs (*e.g.*, Twitter), Voice Over Internet Protocol services (*e.g.*, Skype), and/or instant messages. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

11. The term "Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

12. The term "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not.

DIRECT PURCHASER PLAINTIFF CRAGO d/b/a DASH COMPUTERS, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANTS MITSUBISHI, THOMSON AND TDA; Case No. 14-cv-2058 SC          - 3 -

**INSTRUCTIONS**

1. When asked to identify a natural person, state the person's name, employer, position dates of employment/tenure, and home address for all times during the Relevant Time Period. If any of such information has changed during the Relevant Time Period, specify the time period to which the information provided in your answer pertains.

2. When asked to identify any entity other than a natural person, state the name and address of the principal office or headquarters. If any of the information has changed during the Relevant Time Period, specify the time period to which the information provided in your answer pertains.

3. If the responding party elects to produce documents or business records in response to an interrogatory pursuant to Federal Rule of Civil Procedure 33(d), the responding party shall produce the records as they are kept in the usual course of business or shall organize and label them to correspond with the interrogatory. If the document is being produced in its native electronic format (allowing the document to retain its metadata), identify the document using its hash or other appropriate electronic identification and identify the interrogatories to which the document is responsive. If the document is not being produced in electronic form, identify the document using the applicable bates numbers or specifically identify the type of document being produced (e.g., letter, memorandum, telegram, contract, invoice, etc.), its date and author(s), its custodian, and every person to whom such document or any copy thereof was given or sent. For all documents produced pursuant to Rule 33(d), identify the name of the employee, officer, or agent certifying the documents as business records.

**INTERROGATORIES**

**Interrogatory No. 1**

State the name, address, and relationship to You of each person who prepared or assisted in the preparation of the responses to these interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

DIRECT PURCHASER PLAINTIFF CRAGO d/b/a DASH COMPUTERS, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANTS MITSUBISHI, THOMSON AND TDA;
Case No. 14-cv-2058 SC                - 4 -

**Interrogatory No. 2**

Identify each current and former employee who has or had any managerial responsibility for recommending, reviewing, setting or approving prices, bids, quotes, or rebates for Your CRT and/or CRT Products during the Relevant Time Period. For each person identified, include his or her name, address, title, location, the division or unit of the company where he or she worked, and a description of his or her responsibilities throughout the Relevant Time Period.

**Interrogatory No. 3**

Identify each employee with pricing authority who attended any trade association during the Relevant Time Period relating to CRT and/or CRT Products and state with respect to each employee:

    (a)    the trade association attended;

    (b)    the dates of attendance;

    (c)    any offices, chairs or committee positions held in each of the trade associations; and

    (d)    the dates which those offices, chairs or committee positions were held.

**Interrogatory No. 4**

Identify each actual or proposed agreement between You and any producer of CRT and/or CRT Products, including the named Defendants and Co-Conspirators in this coordinated proceeding, relating to prices, pricing, production or inventory levels of CRT and/or CRT Products during the Relevant Time Period. Agreements shall include drafts. For every such actual or proposed agreement state:

    (a)    the identity of the participants and all persons with knowledge thereof;

    (b)    when such agreement was entered into;

    (c)    where such agreement was entered into;

    (d)    the terms of such agreement; and

    (e)    when, how and which of your officers, directors or employees discovered the existence of such agreement.

**Interrogatory No. 5**

Identify any meeting or communication between You and other producers of CRT and/or CRT Products during the Relevant Time Period, including the named Defendants and Co-Conspirators in this coordinated proceeding, regarding CRT and/or CRT Product pricing, price increase announcements, terms or conditions of sales, profit margins or market share, production levels, inventory, customers, auctions, reverse auctions, dynamic bidding events, or sales, and for each such meeting or communication:

(a) provide the date and location of the meeting or communication;

(b) identify the person(s) who initiated, called, organized, attended or participated in the meeting or communication;

(c) describe the subject matter discussed and any information you provided or received;

(d) describe every action taken by you as a result of the meeting or communication; and

(e) identify all persons with knowledge relating to the meeting or communication.

**Interrogatory No. 6**

Identify each instance during the Relevant Time Period in which You or any other producer of CRT and/or CRT Products, including the named Defendants and Co-Conspirators in this coordinated proceeding, instituted a price increase or decrease for CRT and/or CRT Products, and for each such instance:

(a) when such price increase or decrease was announced publicly;

(b) when such price increase or decrease was implemented;

(c) the amount of the price increase or decrease;

(d) whether such price increase or decrease was withdrawn;

(e) each person with responsibility for implementing such price increase or decrease or its withdrawal; and

(f) any explanation given for such price increase or decrease or withdrawal.

**Interrogatory No. 7**

Identify and describe all joint ventures, partnerships or other cooperative business relationships, during the Relevant Time Period, relating to CRT and/or CRT Products between You and any other CRT or CRT Products producer including the named Defendants and Co-Conspirators in this coordinated proceeding.

**Interrogatory No. 8**

Identify every channel used by You to sell, market, or distribute CRT and/or CRT Products during the Relevant Time Period. If You used different channels at different points within the Relevant Time Period, identify when You used each channel to sell, market, or distribute CRT and/or CRT Products.

**Interrogatory No. 9**

Identify every channel used by You to purchase CRT and/or CRT Products during the Relevant Time Period. If You used different channels at different points within the Relevant Time Period, identify when You used each channel to purchase CRT or CRT Products.

**Interrogatory No. 10**

Identify the CRT and/or CRT Products that You manufactured or produced for each month within the Relevant Time Period, including the brand name, product number, and intended use.

**Interrogatory No. 11**

Identify the CRT and/or CRT Products You sold, marketed, or distributed for each month within the Relevant Time Period, including the brand name, product number, and intended use.

**Interrogatory No. 12**

Provide Your sales of CRT and/or CRT Products to the United States and globally for each month from January 1, 1991 to the present.  For each month during this period, state the volume of sales, the U.S. dollar value of sales, the unit sale price, the per unit cost to produce CRT and/or CRT Products, the per unit cost to distribute CRT and/or CRT Products (including overseas freight,

tariff, customs, duties, inland freight, storage, insurance, dealer commissions), and the per unit profit earned.

**Interrogatory No. 13**

If You offered different prices to different markets, or on a spot market versus contract basis, during the Relevant Time Period, so indicate in the statistical data supplied in response to Interrogatory Nos. 6 and 12.

**Interrogatory No. 14**

Provide Your aggregate purchases (in both number of units and revenue in U.S. dollars) of CRT and/or CRT Products for each month from January 1, 1991 to the present.

**Interrogatory No. 15**

Provide Your aggregate purchases (in units and U.S. dollars) of CRT or CRT Products from each of the other named Defendants and Co-Conspirators in this coordinated proceeding, for the purpose of resale, for each month during from January 1, 1991 to the present.

**Interrogatory No. 16**

State whether any documents or information responsive to this set of interrogatories were destroyed, discarded, erased, deleted, purged, or otherwise lost.  If Your answer is in any way in the affirmative:

    (a)    describe in detail the contents of each such document or information and the date it was destroyed, discarded, erased, deleted, purged or lost;

    (b)    identify each person who had any role or responsibility in destroying, discarding, erasing, purging, deleting or losing of each such document or information; and

DIRECT PURCHASER PLAINTIFF CRAGO d/b/a DASH COMPUTERS, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANTS MITSUBISHI, THOMSON AND TDA;
Case No. 14-cv-2058 SC                - 8 -

(c) describe in detail the circumstances under which each such document or information was destroyed, discarded, erased, deleted, purged, or lost.

DATED: September 4, 2014                    Respectfully submitted,

By:  /s/ R. Alexander Saveri
Guido Saveri (22349)
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Cadio Zirpoli (179108)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA   94111
Telephone: (415) 217-6810

*Interim Lead Counsel for
Direct Purchaser Plaintiffs*

DIRECT PURCHASER PLAINTIFF CRAGO d/b/a DASH COMPUTERS, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANTS MITSUBISHI, THOMSON AND TDA;
Case No. 14-cv-2058 SC                        - 9 -

# CERTIFICATE OF SERVICE

I am employed in San Francisco County, which is where service of the documents referred to below occurred. I am over the age of 18 and not a party to this action. My business address is Saveri & Saveri, Inc., 706 Sansome Street, San Francisco, CA 94111. I declare under the penalty of perjury that on the date stated below, I served or caused to be served true and correct copies of the following document:

- **DIRECT PURCHASER PLAINTIFF CRAGO, d/b/a DASH COMPUTERS, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANTS MITSUBISHI, THOMSON AND TDA**

VIA ELECTRONIC MAIL to the addressee(s) specified below:

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on September 4, 2014 in San Francisco, California.

*/s/ Michaela Ogden*
Michaela Ogden

*In re: Cathode Ray Tube (CRT) Antitrust Litigation* – MDL No. 1917

# SERVICE LIST

| | |
|---|---|
| Michael T. Brody<br>Terrence J. Truax<br>JENNER & BLOCK LLP<br>353 N. Clark Street<br>Chicago, IL 60654-3456<br>Telephone: (312) 222-9350<br>Facsimile: (312) 527-0484<br>Email: mbrody@jenner.com<br>Email: ttruax@jenner.com<br><br>Brent Caslin<br>JENNER & BLOCK LLP<br>633 West 5th Street<br>Suite 3500<br>Los Angeles, CA 90071<br>Telephone: (213) 239-5100<br>Facsimile: (213) 239-5199<br>Email: bcaslin@jenner.com<br><br>*Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., Mitsubishi Electric Visual Solutions America, Inc.* | Kathy L. Osborn<br>Ryan M. Hurley<br>Faegre Baker Daniels LLP<br>300 N. Meridian Street, Suite 2700<br>Indianapolis, IN 46204<br>Telephone: (317) 237-0300<br>Facsimile: (317) 237-1000<br>kathy.osborn@FaegreBD.com<br>ryan.hurley@FaegreBD.com<br><br>*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.* |
| Nathan Lane III<br>Mark C. Dosker<br>SQUIRE PATTON BOGGS (US) LLP<br>275 Battery Street, Suite 2600<br>San Francisco, California 94111<br>Telephone: +1 415 954 0200<br>Facsimile: +1 415 393 9887<br>E-mail: nathan.lane@squirepb.com<br>E-mail: mark.dosker@squirepb.com<br><br>*Attorneys for Defendant Technologies Displays Americas, LLC* | |

*In re: Cathode Ray Tube (CRT) Antitrust Litigation* – MDL No. 1917

# SERVICE LIST

| | |
|---|---|
| Eliot A. Adelson (State Bar No. 205284)<br>James Maxwell Cooper (State Bar No. 284054)<br>KIRKLAND & ELLIS LLP<br>555 California Street, 27th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500<br>Email: eadelson@kirkland.com<br>Email: max.cooper@kirkland.com<br><br>James H. Mutchnik, P.C.<br>Kate Wheaton<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br>Email: jmutchnik@kirkland.com<br>Email: kate.wheaton@kirkland.com<br><br>*Counsel for Defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.* | James L. McGinnis<br>jmcginnis@sheppardmullin.com<br>Michael Scarborough<br>MScarborough@sheppardmullin.com<br>Tyler M. Cunningham<br>tcunningham@sheppardmullin.com<br>SHEPPARD MULLIN RICHTER & HAMPTON, LLP<br>Four Embarcadero Center , 17th Floor<br>San Francisco, CA 94111<br>Tel: (415) 434-9100<br>Fax: (415) 434-3947<br><br>*Counsel for Defendants Samsung SDI America, Inc., Samsung SDI Co., Ltd., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co., Ltd., Tianjin Samsung SDI Co., Ltd., and Samsung SDI (Malaysia) Sdn. Bhd.* |
| Jeffrey L. Kessler<br>jkessler@winston.com<br>WINSTON & STRAWN LLP<br>200 Park Avenue<br>New York, NY<br>10166-4193<br>Tel: (212) 294-6700<br><br>David L. Yohai<br>david.yohai@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York  10153<br><br>*Counsel for Defendants Panasonic Corporation, Panasonic Corp. of North America, and MT Picture Display Co., Ltd.* | Hojoon Hwang<br>hojoon.hwang@mto.com<br>William D. Temko<br>William.temko@mto.com<br>Jonathan E. Altman<br>jonathan.altman@mto.com<br>MUNGER, TOLLES & OLSON LLP<br>560 Mission Street, 27th Floor<br>San Francisco, CA 94105<br>Tel: (415) 512-4000<br><br>*Counsel for Defendants LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Taiwan Taipei Co., Ltd.* |

*In re: Cathode Ray Tube (CRT) Antitrust Litigation* – MDL No. 1917

# SERVICE LIST

| | |
|---|---|
| John Taladay<br>john.taladay@bakerbotts.com<br>Erik Koon<br>erik.koons@bakerbotts.com<br>Charles Malaise<br>charles.malaise@bakerbotts.com<br>BAKER BOTTS LLP<br>The Warner<br>1299 Pennsylvania Ave.<br>NW Washington, D.C. 20004-2400<br>Tel: (202) 639-7909<br>Fax: (202)639-1165<br><br>*Counsel for Defendants Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation, Philips Electronics Industries (Taiwan), Ltd., Philips da Amazonia Industria Electronica Ltda.* | Joel S. Sanders<br>jsanders@gibsondunn.com<br>Rachel S. Brass<br>rbrass@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER<br>555 Mission Street<br>Suite 3000<br>San Francisco, CA 94105<br>Tel: (415) 393-8200<br>Fax: (415) 393-8200<br><br>*Counsel for Defendant Tatung Company of America and Counsel for Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia)* |
| Kate S. McMillan<br>Kate.mcmillan@freshfields.com<br>Christine Laciak<br>Christine.laciak@freshfields.com<br>Richard Snyder<br>Richard.snyder@freshfields.com<br>FRESHFIELDS BRUCKHAUS & DERINGER US, LLP<br>701 Pennsylvania Avenue, NW<br>Suite 600<br>Washington, DC 20004<br>Tel: (202) 777-4566<br>Fax: (202) 777-4555<br><br>*Counsel for Defendant Beijing Matsushita Color CRT Co., Ltd.* | Lucius B. Lau<br>alau@whitecase.com<br>Dana E. Foster<br>defoster@whitecase.com<br>WHITE & CASE, LLP<br>701 13th Street, N.W.<br>Washington, DC 20005<br>Tel: (202) 626-3600<br>Fax: (202) 639-9355<br><br>*Counsel for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.* |
| Ian Simmons<br>isimmons@omm.com<br>Benjamin G. Bradshaw<br>bbradshaw@omm.com<br>O'MELVENY & MYERS LLP<br>1625 Eye Street, NW<br>Washington, DC 20006-4001<br>Tel: (202) 383-5163<br>Fax: (202) 383-5414<br><br>*Counsel for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.* | Terrence A. Callan<br>Terrence.callan@pillsburylaw.com<br>PILLSBURY WINTHROP SHAW PITTMAN, LLP<br>50 Fremont Street<br>P.O. Box 7880<br>San Francisco, CA 94120-7880<br>Tel: (415) 983-1000<br>Fax: (415) 983-1200<br><br>*Counsel for Defendants IRICO Display Devices Co., Ltd., IRICO Group Corporation, and IRICO Group Electronics Co., Ltd.* |

*In re: Cathode Ray Tube (CRT) Antitrust Litigation* – MDL No. 1917

# SERVICE LIST

| | |
|---|---|
| Michael R. Lazerwitz<br>mlazerwitz@cgsh.com<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>2000 Pennsylvania Avenue, NW<br>Suite 9000<br>Washington, DC 20006<br>Tel: (202) 974-1500<br>Fax: (202) 974-1999<br><br>*Counsel for Defendant LP Displays International, Ltd.* | Craig C. Corbitt<br>ccorbitt@zelle.com<br>Judith A. Zahid<br>jzahid@zelle.com<br>ZELLE HOFFMAN VOELBEL & MASON LLP<br>44 Montgomery Street<br>Suite 3400<br>San Francisco, CA 94104<br>Tel: (415) 693-0700<br>Fax: (415) 693-0770<br><br>*Counsel for Indirect Purchaser Plaintiffs* |
| Mario Alioto<br>Malioto@tatp.com<br>Lauren Russell<br>LaurenRussell@tatp.com<br>TRUMP ALIOTO TRUMP & PRESCOTT LLP<br>2280 Union Street<br>San Francisco, CA 94123<br>Tel: (415) 563-7200<br>Fax: (415) 346-0679<br><br>*Counsel for Indirect Purchaser Plaintiffs* | H. Lee Godfrey<br>lgodfrey@susmangodfrey.com<br>Kenneth S. Marks<br>kmarks@susmangodfrey.com<br>SUSMAN GODFREY LLP<br>1000 Louisiana Street, Suite 5100<br>Houston, TX 77002-5096<br>Tel: (713) 651-9366<br><br>*Counsel for Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust* |
| William J. Blechman<br>wblechman@knpa.com<br>KENNY NACHWALTER, P.A.<br>201 South Biscayne Boulevard, Suite 1100<br>Miami, Florida  33131<br>Tel: (305) 373-1000<br>Fax: (305) 372-1861<br><br>*Counsel for Direct Action Plaintiff Sears, Roebuck and Co. and KMart Corporation* | Kamala D. Harris<br>     Attorney General of California<br>Mark Breckler<br>     Chief Assistant Attorney General<br>Kathleen E. Foote<br>     Senior Assistant Attorney General<br>Emilio E. Varanini<br>     Deputy Attorney General<br>Emilio.Varanini@doj.ca.gov<br>OFFICE OF ATTORNEY GENERAL<br>455 Golden Gate Avenue<br>San Francisco, CA 94102<br>Tel: (415) 703-5908<br>Fax: (415) 703-5480<br><br>*California Office of the Attorney General* |
| Nicholas H. Hesterberg<br>NHesterberg@perkinscoie.com<br>David J. Burman<br>DBurman@perkinscoie.com<br>PERKINS COIE<br>1201 Third Avenue, Suite 4900<br>Seattle, Washington 98101<br>Tel: (206) 359-8000<br>Fax: (206) 359-9000<br><br>*Counsel for Direct Actions Plaintiff Costco Wholesale Corporation* | Philip J. Iovieno<br>Piovieno@bsfllp.com<br>Anne M. Nardacci<br>anardacci@bsfllp.com<br>BOIES, SCHILLER & FLEXNER LLP<br>10 North Pearl Street, 4th Floor<br>Albany, NY 12207<br>Tel: (518) 434-0600<br>Fax: (518) 434-0665<br><br>*Counsel for Direct Action Plaintiffs* |