# Exhibit 10

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street
Suite 3600
Los Angeles, California 90071
Telephone:   213 239-5100
Facsimile:    213 239-5199
bcaslin@jenner.com

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone:   312 222-9350
Facsimile:    312 527-0484
ttruax@jenner.com
mbrody@jenner.com

*Attorneys for Mitsubishi Electric Corporation*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| In Re: Cathode Ray Tube (CRT) Antitrust Litigation<br><br>This Document Relates To:<br><br>DIRECT PURCHASER ACTIONS | Case No. 14-cv-2058 SC<br><br>MDL No. 1917<br><br>**MITSUBISHI ELECTRIC CORPORATION'S SUPPLEMENTAL RESPONSE TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES**<br><br>Judge:  Hon. Samuel Conti |
|---|---|

MITSUBISHI ELECTRIC'S SUPPLEMENTAL RESPONSE TO DIRECT PURCHASER PLAINTIFFS'
FIRST SET OF INTERROGATORIES
Case No. 14-cv-2058 SC; MDL No. 1917

2319885.4

*CONFIDENTIAL*

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Mitsubishi Electric Corporation ("Mitsubishi Electric") hereby supplements its responses to the First Set of Interrogatories served upon Mitsubishi Electric by the Direct Purchaser Plaintiffs ("DPPs"). This supplemental response incorporates Mitsubishi Electric's prior responses to the DPPs' First Set of Interrogatories, dated June 25, 2014 and September 5, 2014.

**I.    GENERAL OBJECTIONS APPLICABLE TO ALL INTERROGATORIES**

1.    Mitsubishi Electric objects to the definitions and instructions contained within the interrogatories to the extent they purport to impose requirements beyond or inconsistent with the requirements of the Federal Rules of Civil Procedure, the Court's Local Rules, or any other applicable rule or Court order.

2.    Mitsubishi Electric objects to the interrogatories as overbroad, unduly burdensome, and oppressive due to the significant burden and expense of responding to the interrogatories and because the interrogatories seek information that is not within Mitsubishi Electric's possession, custody or control.

3.    Mitsubishi Electric objects to the interrogatories to the extent that they seek documents and information that would disclose Mitsubishi Electric's or a third party's trade secrets or other confidential, proprietary, and/or highly-sensitive information.

4.    Mitsubishi Electric objects to the interrogatories to the extent that they seek disclosure of privileged information, including information protected by the attorney-client privilege, work-product doctrine, the joint defense privilege, or any other applicable privilege or immunity. Any inadvertent disclosure of privileged or protected documents, materials, or information shall not be construed as a waiver of any applicable privileges or protections.

2
MITSUBISHI ELECTRIC'S SUPPLEMENTAL RESPONSE TO DIRECT PURCHASER PLAINTIFFS'
FIRST SET OF INTERROGATORIES
Case No. 14-cv-2058 SC; MDL No. 1917

2319885.4

5. Mitsubishi Electric objects to the interrogatories to the extent that they seek the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce, on the grounds that they are overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

6. In making these responses, Mitsubishi Electric does not concede the relevancy or materiality of any of the DPPs' interrogatories.

7. A response by Mitsubishi Electric that it will produce information responsive to a particular interrogatory, subject to any applicable objections, is not a representation that such information exists.

8. Mitsubishi Electric's responses and objections herein do not in any way constitute an adoption of the DPPs' purported definitions of words or phrases contained in the interrogatories. Mitsubishi Electric objects to the definitions to the extent that they: (i) are vague, ambiguous, confusing, and/or overly broad; (ii) are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; and/or (iii) incorporate other purported definitions that suffer from such defects. Without limiting the breadth and general application of these objections, Mitsubishi Electric further objects to the definition of "Documents" to the extent it purports to include documents that are not reasonably accessible to Mitsubishi Electric or are beyond the scope of any applicable e-discovery obligations.

## II. SUPPLEMENTAL RESPONSES TO FIRST SET OF INTERROGATORIES

1. State the name, address, and relationship to You of each person who prepared or assisted in the preparation of the responses to these interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

3

MITSUBISHI ELECTRIC'S SUPPLEMENTAL RESPONSE TO DIRECT PURCHASER PLAINTIFFS'
FIRST SET OF INTERROGATORIES
Case No. 14-cv-2058 SC; MDL No. 1917

2319885.4

*CONFIDENTIAL*

**RESPONSE:** Mitsubishi Electric objects to this Interrogatory to the extent it seeks disclosure of individuals employed in the legal division of Mitsubishi Electric. Subject to and without waiving the foregoing and general objections, and based on Mitsubishi Electric's present knowledge following a reasonable search and inquiry, Mitsubishi Electric provides the following list of business employees, who may be contacted through the undersigned counsel:

| **Name** | **Location** |
| --- | --- |
| Motohisa Inagaki | Headquarters |
| Masahiko Konishi | Germany |
| Kenzaburo Hara | Headquarters |

2.  Identify each current and former employee who has or had any managerial responsibility for recommending, reviewing, setting or approving prices, bids, quotes, or rebates for Your CRT and/or CRT Products during the Relevant Time Period. For each person identified, include his or her name, address, title, location, the division or unit of the company where he or she worked, and a description of his or her responsibilities throughout the Relevant Time Period.

**RESPONSE:** Mitsubishi Electric objects to this Interrogatory on the grounds that the Interrogatory is overbroad, unduly burdensome, and it seeks information regarding matters that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence in the following manners: (i) the terms "recommending, reviewing, setting or approving" and "CRT Products" render the Interrogatory vague, ambiguous, confusing, and/or overly broad; (ii) to the extent that the Interrogatory seeks information regarding sales of CRTs or finished products containing CRTs made outside of the United States and unrelated to United States commerce, such topics are beyond the scope of this litigation; and (iii) the request seeks information from beyond the Class Period as alleged in DPPs' First Amended Complaint.

4
MITSUBISHI ELECTRIC'S SUPPLEMENTAL RESPONSE TO DIRECT PURCHASER PLAINTIFFS'
FIRST SET OF INTERROGATORIES
Case No. 14-cv-2058 SC; MDL No. 1917

2319885.4

*CONFIDENTIAL*

Subject to and without waiving the foregoing and general objections, and based on Mitsubishi Electric's present knowledge following a reasonable search and inquiry, Mitsubishi Electric provides the following list of employees; attempts to contact the below individuals may be made through the undersigned counsel:

| **Name** | **Term During the Alleged Conspiracy Period** | **Product** |
|---|---|---|
| Katsuhiko Koike | March – June 1995 | CRT |
| Hitoshi Nakajima | June 1995 – March 2000 | CRT |
| Minoru Ohtaka | March 2000 – April 2003 | CRT |
| Masayuki Yamaguchi | April 2003 – September 2005 | CRT |
| Hitoshi Nakajima | October 2005 – End of Conspiracy Period as alleged by DAPs | CRT |
| Takao Mizuike | January 1995 – January 1997 | Monitors |
| Kazuhiko Hayakawa | January 1997 – March 1999 | Monitors |
| Max Wasinger (MCEA/MDEA) | March 1, 1995 – November 25, 2007 | Televisions |
| Kiyoshi Furukawa | March, 1999 - March, 2000 | Monitors |

3.     Identify each employee with pricing authority who attended any trade association during the Relevant Time Period relating to CRT and/or CRT Products and state with respect to each employee:

(a)     the trade association attended;

(b)     the dates of attendance;

(c)     any offices, chairs or committee positions held in each of the trade associations; and

(d)     the dates which those offices, chairs or committee positions were held.

**RESPONSE:**     Mitsubishi Electric objects to this Interrogatory on the grounds that the Interrogatory is overbroad, unduly burdensome, and it seeks information regarding matters

5

MITSUBISHI ELECTRIC'S SUPPLEMENTAL RESPONSE TO DIRECT PURCHASER PLAINTIFFS'
FIRST SET OF INTERROGATORIES
Case No. 14-cv-2058 SC; MDL No. 1917

2319885.4

that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence in the following manners: (i) the terms "pricing authority" and "CRT Products" render the Interrogatory vague, ambiguous, confusing, and/or overly broad; (ii) to the extent that the Interrogatory seeks information regarding sales of CRTs or finished products containing CRTs made outside of the United States and unrelated to United States commerce, such topics are beyond the scope of this litigation; and (iii) the request seeks information from beyond the Class Period as alleged in DPPs' First Amended Complaint.

Subject to and without waiving the foregoing and general objections, and based on Mitsubishi Electric's present knowledge following a reasonable search and inquiry, Mitsubishi Electric incorporates its supplemental responses to Interrogatories Nos. 2 and 5.

4. Identify each actual or proposed agreement between You and any producer of CRT and/or CRT Products, including the named Defendants and Co-Conspirators in this coordinated proceeding, relating to prices, pricing, production or inventory levels of CRT and/or CRT Products during the Relevant Time Period. Agreements shall include drafts. For every such actual or proposed agreement state:

(a) the identity of the participants and all persons with knowledge thereof;

(b) when such agreement was entered into;

(c) where such agreement was entered into;

(d) the terms of such agreement; and

(e) when, how and which of your officers, directors or employees discovered the existence of such agreement.

**RESPONSE:** Mitsubishi Electric objects to this Interrogatory on the grounds that the Interrogatory is overbroad, unduly burdensome, and it seeks information regarding matters that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence in the following manners: (i) the terms "agreement" and "CRT Products" render the Interrogatory vague, ambiguous, confusing, and/or overly broad, and

6
MITSUBISHI ELECTRIC'S SUPPLEMENTAL RESPONSE TO DIRECT PURCHASER PLAINTIFFS'
FIRST SET OF INTERROGATORIES
Case No. 14-cv-2058 SC; MDL No. 1917

2319885.4

*CONFIDENTIAL*

Mitsubishi Electric construes the Interrogatory to seek identification of unlawful agreements relating to pricing, production or inventory levels of CRTs and/or CRT Products; (ii) to the extent that the Interrogatory seeks information regarding sales of CRTs or finished products containing CRTs made outside of the United States and unrelated to United States commerce, such topics are beyond the scope of this litigation; and (iii) the request seeks information from beyond the Class Period as alleged in DPPs' First Amended Complaint. Mitsubishi Electric further objects to this Interrogatory on the ground that Mitsubishi Electric did not enter into any "agreements" with any Defendants or Co-conspirators relating to prices, pricing, production or inventory levels of CRTs and/or CRT Products and is therefore not in possession of any information responsive to this Interrogatory.

5. Identify any meeting or communication between You and other producers of CRT and/or CRT Products during the Relevant Time Period, including the named Defendants and Co-Conspirators in this coordinated proceeding, regarding CRT and/or CRT Product pricing, price increase announcements, terms or conditions of sales, profit margins or market share, production levels, inventory, customers, auctions, reverse auctions, dynamic bidding events, or sales, and for each such meeting or communication:

(a) provide the date and location of the meeting or communication;

(b) identify the person(s) who initiated, called, organized, attended or participated in the meeting or communication;

(c) describe the subject matter discussed and any information you provided or received;

(d) describe every action taken by you as a result of the meeting or communication; and

(e) identify all persons with knowledge relating to the meeting or communication.

**RESPONSE:** Mitsubishi Electric objects to this Interrogatory on the grounds that the Interrogatory is overbroad, unduly burdensome, and it seeks information regarding matters that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence in the following manners: (i) the terms "regarding,"

7
MITSUBISHI ELECTRIC'S SUPPLEMENTAL RESPONSE TO DIRECT PURCHASER PLAINTIFFS'
FIRST SET OF INTERROGATORIES
Case No. 14-cv-2058 SC; MDL No. 1917

2319885.4

"relating," and "CRT Products," render the Interrogatory vague, ambiguous, confusing, and/or overly broad; and (ii) to the extent that the Interrogatory seeks information regarding sales of CRTs or finished products containing CRTs made outside of the United States and unrelated to United States commerce, such topics are beyond the scope of this litigation.

Subject to and without waiving the foregoing and general objections, Mitsubishi Electric is aware of the meetings and or communications referred to in Exhibit B. Mitsubishi Electric has not completed its investigation of the facts responsive to this Interrogatory and reserves the right to supplement this response with additional responsive information as necessary.

6. Identify each instance during the Relevant Time Period in which You or any other producer of CRT and/or CRT Products, including the named Defendants and Co-Conspirators in this coordinated proceeding, instituted a price increase or decrease for CRT and/or CRT Products, and for each such instance:

(a) when such price increase or decrease was announced publicly;

(b) when such price increase or decrease was implemented;

(c) the amount of the price increase or decrease;

(d) whether such price increase or decrease was withdrawn;

(e) each person with responsibility for implementing such price increase or decrease or its withdrawal; and

(f) any explanation given for such price increase or decrease or withdrawal.

**RESPONSE:** Mitsubishi Electric objects to this Interrogatory on the grounds that the Interrogatory is overbroad, unduly burdensome, and it seeks information regarding matters that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence in the following manners: (i) the terms "price increase," "price decrease," and "CRT Products" render the Interrogatory vague, ambiguous, confusing, and/or overly broad; (ii) to the extent that the Interrogatory seeks information regarding sales of CRTs or finished products containing CRTs made outside of the United States and unrelated to

8
MITSUBISHI ELECTRIC'S SUPPLEMENTAL RESPONSE TO DIRECT PURCHASER PLAINTIFFS'
FIRST SET OF INTERROGATORIES
Case No. 14-cv-2058 SC; MDL No. 1917

2319885.4

*CONFIDENTIAL*

United States commerce, such topics are beyond the scope of this litigation; (iii) the discovery sought is not within Mitsubishi Electric's possession, custody, or control; and (iv) the request seeks information from beyond the Class Period as alleged in DPPs' First Amended Complaint.

Subject to and without waiving the foregoing and general objections, and based on Mitsubishi Electric's present knowledge following a reasonable search and inquiry, Mitsubishi Electric is not currently aware of any price increase or decrease as described in the Interrogatory.

7. Identify and describe all joint ventures, partnerships or other cooperative business relationships, during the Relevant Time Period, relating to CRT and/or CRT Products between You and any other CRT or CRT Products producer including the named Defendants and Co-Conspirators in this coordinated proceeding.

**RESPONSE:** Mitsubishi Electric objects to this Interrogatory on the grounds that the Interrogatory is overbroad, unduly burdensome, and it seeks information regarding matters that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence in the following manners: (i) the terms "cooperative business relationships" and "CRT Products" render the Interrogatory vague, ambiguous, confusing, and/or overly broad; (ii) to the extent that the Interrogatory seeks information regarding sales of CRTs or finished products containing CRTs made outside of the United States and unrelated to United States commerce, such topics are beyond the scope of this litigation; (iii) discovery sought is not within Mitsubishi Electric's possession, custody, or control; and (iv) the request seeks information from beyond the Class Period as alleged in DPPs' First Amended Complaint.

Subject to and without waiving the foregoing and general objections, and based on Mitsubishi Electric's present knowledge following a reasonable search and inquiry, Mitsubishi Electric entered into a 50-50 joint venture for the manufacture of computer monitors with NEC called NMV in January, 2000. Mitsubishi Electric further asserts as of March 1, 1995,

9
MITSUBISHI ELECTRIC'S SUPPLEMENTAL RESPONSE TO DIRECT PURCHASER PLAINTIFFS'
FIRST SET OF INTERROGATORIES
Case No. 14-cv-2058 SC; MDL No. 1917

2319885.4

Mitsubishi Electric was licensing aperture grill technology for CDTs from Sony Corp. Mitsubishi Electric continued to license the aperture grill technology during, but not throughout, the Relevant Period. Additionally, in April 1997, MELCO entered into a Patent License Agreement with Chunghwa Picture Tubes ("Chunghwa") whereby MELCO licensed its Scandium-oxide Dispersed Cathode technology to Chunghwa.

8. Identify every channel used by You to sell, market, or distribute CRT and/or CRT Products during the Relevant Time Period. If You used different channels at different points within the Relevant Time Period, identify when You used each channel to sell, market, or distribute CRT and/or CRT Products.

**RESPONSE:** Mitsubishi Electric objects to this Interrogatory on the grounds that the Interrogatory is overbroad, unduly burdensome, and it seeks information regarding matters that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence in the following manners: (i) the terms "channel" and "CRT Products" render the Interrogatory vague, ambiguous, confusing, and/or overly broad; (ii) to the extent that the Interrogatory seeks information regarding sales of CRTs or finished products containing CRTs made outside of the United States and unrelated to United States commerce, such topics are beyond the scope of this litigation; and (iii) the request seeks information from beyond the Class Period as alleged in DPPs' First Amended Complaint.

Subject to and without waiving the foregoing and general objections, Mitsubishi Electric responds as follows:

CRTs – During the alleged conspiracy period, Mitsubishi Electric sold CRTs to other Mitsubishi Electric subsidiaries and to other CRT Product Manufacturers. After the formation of the NEC-Mitsubishi Electric Visual Systems Corporation ("NMV") joint venture in 2000, Mitsubishi Electric and its subsidiaries also sold CDTs to NMV.

10
MITSUBISHI ELECTRIC'S SUPPLEMENTAL RESPONSE TO DIRECT PURCHASER PLAINTIFFS'
FIRST SET OF INTERROGATORIES
Case No. 14-cv-2058 SC; MDL No. 1917

2319885.4

*CONFIDENTIAL*

CRT Products – During the alleged conspiracy period, Mitsubishi Electric sold CRT Products to distributors and to Original Equipment Manufacturers.

9. Identify every channel used by You to purchase CRT and/or CRT Products during the Relevant Time Period. If You used different channels at different points within the Relevant Time Period, identify when You used each channel to purchase CRT or CRT Products.

**RESPONSE:** Mitsubishi Electric objects to this Interrogatory on the grounds that the Interrogatory is overbroad, unduly burdensome, and it seeks information regarding matters that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence in the following manners: (i) the terms "channel" and "CRT Products" render the Interrogatory vague, ambiguous, confusing, and/or overly broad; and (ii) to the extent that the Interrogatory seeks information regarding sales of CRTs or finished products containing CRTs made outside of the United States and unrelated to United States commerce, such topics are beyond the scope of this litigation.

Subject to and without waiving the foregoing and general objections, Mitsubishi Electric purchased CRTs from other CRT manufacturers during the Relevant Time Period.

10. Identify the CRT and/or CRT Products that You manufactured or produced for each month within the Relevant Time Period, including the brand name, product number, and intended use.

**RESPONSE:** Mitsubishi Electric objects to this Interrogatory on the grounds that the Interrogatory is overbroad, unduly burdensome, and it seeks information regarding matters that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence in the following manners: (i) the term "CRT Products" renders the Interrogatory vague, ambiguous, confusing, and/or overly broad; (ii) to the extent that the Interrogatory seeks information regarding sales of CRTs or finished products containing CRTs made outside of the United States and unrelated to United States commerce, such topics

*CONFIDENTIAL*

are beyond the scope of this litigation; and (iii) the request seeks information from beyond the Class Period as alleged in DPPs' First Amended Complaint.

Subject to and without waiving the foregoing and general objections, based on Mitsubishi Electric's present knowledge following a reasonable search and inquiry, and pursuant to Fed. R. Civ. P. 33(d), Mitsubishi Electric refers the DPPs to Mitsubishi Electric US, Inc.'s ("MEUS") production of sales data: ME 0001-0013, ME 0212-0444, and to the information captured in Mitsubishi Electric's shipping and export documents, and sales data, identified in Exhibit A.

11. Identify the CRT and/or CRT Products You sold, marketed, or distributed for each month within the Relevant Time Period, including the brand name, product number, and intended use.

**RESPONSE:** Mitsubishi Electric objects to this Interrogatory on the grounds that the Interrogatory is overbroad, unduly burdensome, and it seeks information regarding matters that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence in the following manners: (i) the term "CRT Products" renders the Interrogatory vague, ambiguous, confusing, and/or overly broad; (ii) to the extent that the Interrogatory seeks information regarding sales of CRTs or finished products containing CRTs made outside of the United States and unrelated to United States commerce, such topics are beyond the scope of this litigation; and (iii) the request seeks information from beyond the Class Period as alleged in DPPs' First Amended Complaint.

Subject to and without waiving the foregoing and general objections, based on Mitsubishi Electric's present knowledge following a reasonable search and inquiry, and pursuant to Fed. R. Civ. P. 33(d), Mitsubishi Electric refers the DPPs to MEUS' production of sales data: ME 0001-0013, ME 0212-0444, and to the information captured in Mitsubishi Electric's shipping and export documents, and sales data, identified in Exhibit A.

12
MITSUBISHI ELECTRIC'S SUPPLEMENTAL RESPONSE TO DIRECT PURCHASER PLAINTIFFS'
FIRST SET OF INTERROGATORIES
Case No. 14-cv-2058 SC; MDL No. 1917

2319885.4

*CONFIDENTIAL*

12. Provide Your sales of CRT and/or CRT Products to the United States and globally for each month from January 1, 1991 to the present. For each month during this period, state the volume of sales, the U.S. dollar value of sales, the unit sale price, the per unit cost to produce CRT and/or CRT Products, the per unit cost to distribute CRT and/or CRT Products (including overseas freight, tariff, customs, duties, inland freight, storage, insurance, dealer commissions), and the per unit profit earned.

**RESPONSE:** Mitsubishi Electric objects to this Interrogatory on the grounds that the Interrogatory is overbroad, unduly burdensome, and it seeks information regarding matters that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence in the following manners: (i) the terms "channel" and "CRT Products" render the Interrogatory vague, ambiguous, confusing, and/or overly broad; (ii) to the extent that the Interrogatory seeks information regarding sales of CRTs or finished products containing CRTs made outside of the United States and unrelated to United States commerce, such topics are beyond the scope of this litigation; and (iii) the request seeks information from beyond the time period of the Class Period as set forth in DPPs' First Amended Complaint.

Subject to and without waiving the foregoing and general objections, Mitsubishi Electric has not completed its investigation of the facts responsive to this Interrogatory and Mitsubishi Electric will identify information or documents responsive to this Interrogatory, if any, as soon as reasonably practicable.

13. If You offered different prices to different markets, or on a spot market versus contract basis, during the Relevant Time Period, so indicate in the statistical data supplied in response to Interrogatory Nos. 6 and 12.

**RESPONSE:** Mitsubishi Electric objects to this Interrogatory on the grounds that the Interrogatory is overbroad, unduly burdensome, and it seeks information regarding matters that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence in the following manners: (i) the terms "market," "spot

13

2319885.4

markets," and "CRT Products" render the Interrogatory vague, ambiguous, confusing, and/or overly broad; (ii) to the extent that the Interrogatory seeks information regarding sales of CRTs or finished products containing CRTs made outside of the United States and unrelated to United States commerce, such topics are beyond the scope of this litigation; and (iii) to the extent the Interrogatory seeks information from beyond the Class Period as alleged in DPPs' First Amended Complaint, such topics are beyond the scope of this litigation.

Subject to and without waiving the foregoing and general objections, Mitsubishi Electric will identify information or documents responsive to this Interrogatory, if any, as soon as reasonably practicable.

14.  Provide Your aggregate purchases (in both number of units and revenue in U.S. dollars) of CRT and/or CRT Products for each month from January 1, 1991 to the present.

**RESPONSE:**  Mitsubishi Electric objects to this Interrogatory on the grounds that the Interrogatory is overbroad, unduly burdensome, and it seeks information regarding matters that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence in the following manners: (i) the term "CRT Products" renders the Interrogatory vague, ambiguous, confusing, and/or overly broad; (ii) to the extent that the Interrogatory seeks information regarding purchases of CRTs or finished products containing CRTs made outside of the United States and unrelated to United States commerce, such topics are beyond the scope of this litigation; and (iii) to the extent the Interrogatory seeks information from beyond the Class Period as alleged in DPPs' First Amended Complaint, such topics are beyond the scope of this litigation.

Subject to and without waiving the foregoing and general objections, Mitsubishi Electric responds that the following reflect its estimates of CRTs it purchased:

14

MITSUBISHI ELECTRIC'S SUPPLEMENTAL RESPONSE TO DIRECT PURCHASER PLAINTIFFS'
FIRST SET OF INTERROGATORIES
Case No. 14-cv-2058 SC; MDL No. 1917

2319885.4

| **Annual Estimated CRT Purchases by MELCO** | |
|---|---|
| **Year** | **¥** |
| 1997 | 35,039,000,000 |
| 1998 | 25,277,000,000 |
| 1999 | 21,816,000,000 |
| 2000 | 14,014,000,000 |
| 2001 | 12,819,000,000 |
| 2002 | 8,874,000,000 |
| 2003 | 11,007,000,000 |
| Total | 128,846,000,000 |

| | Annual CPT Purchases by MELCO ¥ | Annual CDT Purchases by MELCO ¥ |
|---|---|---|
| 2004 | 3,694,616,000 | 5,178,236,000 |
| 2005 | 1,984,568,000 | 150,000 |
| 2006 | 30,537,000 | 14,000 |
| 2007 | 34,158,000 | 0 |

15.     Provide Your aggregate purchases (in units and U.S. dollars) of CRT or CRT Products from each of the other named Defendants and Co-Conspirators in this coordinated proceeding, for the purpose of resale, for each month during from January 1, 1991 to the present.

**RESPONSE:**     Mitsubishi Electric hereby incorporates its response to Interrogatory No. 14 as if set forth fully herein.

16.     State whether any documents or information responsive to this set of interrogatories were destroyed, discarded, erased, deleted, purged, or otherwise lost. If Your answer is in any way in the affirmative:

(a)     describe in detail the contents of each such document or information and the date it was destroyed, discarded, erased, deleted, purged or lost;

(b)     identify each person who had any role or responsibility in destroying, discarding, erasing, purging, deleting or losing of each such document or information; and

(c)     describe in detail the circumstances under which each such document or information was destroyed, discarded, erased, deleted, purged, or lost.

15

MITSUBISHI ELECTRIC'S SUPPLEMENTAL RESPONSE TO DIRECT PURCHASER PLAINTIFFS'
FIRST SET OF INTERROGATORIES
Case No. 14-cv-2058 SC; MDL No. 1917

2319885.4

*CONFIDENTIAL*

**RESPONSE:** Mitsubishi Electric objects to this Interrogatory on the grounds that the Interrogatory is overbroad, unduly burdensome, and it seeks information regarding matters that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence in the following manners: (i) to the extent that the Interrogatory seeks information regarding sales of CRTs or finished products containing CRTs made outside of the United States and unrelated to United States commerce, such topics are beyond the scope of this litigation; and (ii) the interrogatories referenced in this Interrogatory are subject to general and specific objections as set forth throughout Mitsubishi Electric's responses.

Subject to and without waiving the foregoing and general objections, and based on Mitsubishi Electric's present knowledge following a reasonable search and inquiry, Mitsubishi Electric responds that it is not currently aware of any purposeful destruction of documents or information relating to CRTs or CRT Products, and further responds that it has taken all appropriate steps to preserve responsive documents since this litigation was initiated.

Dated: December 10, 2014

Mitsubishi Electric Corporation.

By: /s/ Michael T. Brody

    Michael T. Brody

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
JENNER & BLOCK LLP
353 North Clark
Chicago, Illinois 60654-3456
Telephone:   312 222-9350
Facsimile:    312 527-0484
ttruax@jenner.com
mbrody@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street
Suite 3600
Los Angeles, California 90071
Telephone:   213 239-5100
Facsimile:    213 239-5199
bcaslin@jenner.com

*Attorneys for Mitsubishi Electric Corporation.*

16
MITSUBISHI ELECTRIC'S SUPPLEMENTAL RESPONSE TO DIRECT PURCHASER PLAINTIFFS'
FIRST SET OF INTERROGATORIES
Case No. 14-cv-2058 SC; MDL No. 1917

2319885.4

**CONFIDENTIAL**

## VERIFICATION

I, Kenzaburo Hara, declare and state:

I have read the foregoing Supplemental Response to the Direct Purchaser Plaintiffs' First Set of Interrogatories and know its contents. The responses are limited by the records and information in existence, presently recollected, and thus far discovered in the course of preparation of these Responses. Based thereon, I am informed and believe that the matters stated in these Responses are true and on that ground certify or declare under penalty of perjury under the laws of the United States of America that the same are true and correct.

Executed this *10th* day of December, 2014 at *Tokyo*, Japan.

*KENZABURO HARA*

MITSUBISHI ELECTRIC'S SUPPLEMENTAL RESPONSE TO DIRECT PURCHASER PLAINTIFFS'
FIRST SET OF INTERROGATORIES
Case No. 14-cv-2058 SC; MDL No. 1917

2319885.4