# Exhibit 20

*CONFIDENTIAL*

1   Brent Caslin (Cal. Bar. No. 198682)
    JENNER & BLOCK LLP
2   633 West Fifth Street
    Suite 3600
3   Los Angeles, California 90071
    Telephone:   213 239-5100
4   Facsimile:    213 239-5199
    bcaslin@jenner.com
5

6   Terrence J. Truax (*pro hac vice*)
    Michael T. Brody (*pro hac vice*)
7   Charles B. Sklarsky (*pro hac vice*)
    Gabriel A. Fuentes (*pro hac vice*)
8   Jenner & Block LLP
    353 N. Clark Street
9   Chicago, Illinois 60654-3456
10  Telephone:    312 222-9350
    Facsimile:    312 527-0484
11  ttruax@jenner.com
    mbrody@jenner.com
12  csklarsky@jenner.com
    gfuentes@jenner.com
13

14  Harold A. Barza (Cal. Bar. No. 80888)
    Kevin Y. Teruya (Cal. Bar. No. 235916)
15  halbarza@quinnemanuel.com
    kevinteruya@quinnemanuel.com
16  865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
17  Telephone:     (213) 443-3000
    Facsimile:     (213) 443-3100
18
    Ryan S. Goldstein (Cal. Bar No. 208444)
19  ryangoldstein@quinnemanuel.com
    NBF Hibiya Building, 25F
20  1-1-7, Uchisaiwai-cho, Chiyoda-ku
    Tokyo 100-0011, Japan
21  Telephone:     +81 3 5510 1711
    Facsimile:     +81 3 5510 1712
22

23  *Attorneys for Defendants Mitsubishi Electric
    Corporation, Mitsubishi Electric US, Inc., and
24  Mitsubishi Electric Visual Solutions America, Inc.*

25

26

27

28

MEVSA's THIRD SUPPLEMENTAL RESPONSE TO
DIRECT PURCHASER PLAINTIFFS' INTERROGATORIES
Case No. 14-cv-2058-JST; MDL No. 1917

*CONFIDENTIAL*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re: Cathode Ray Tube (CRT) Antitrust Litigation<br><br>This Document Relates To:<br><br>*Crago, d/b/a Dash Computers, Inc. et al. v. Mitsubishi Electric Corporation, et al.*, Case No. 14-cv-2058-JST | Master File No. 07-5944-JST<br><br>Case No. 14-cv-2058-JST<br><br>MDL No. 1917<br><br>**MITSUBISHI ELECTRIC VISUAL SOLUTIONS AMERICA, INC.'S THIRD SUPPLEMENTAL RESPONSE TO DIRECT PURCHASER PLAINTIFF CRAGO, d/b/a DASH COMPUTERS, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANTS MITSUBISHI, THOMSON AND TDA**<br><br>Judge: Hon. Jon S. Tigar |

2

MEVSA's THIRD SUPPLEMENTAL RESPONSE TO
DIRECT PURCHASER PLAINTIFFS' INTERROGATORIES
Case No. 14-cv-2058-JST; MDL No. 1917

*CONFIDENTIAL*

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Mitsubishi Electric Visual Solutions America, Inc. ("MEVSA") hereby supplements its response to Direct Purchaser Plaintiff Crago, d/b/a Dash Computers, Inc.'s First Set of Interrogatories to Defendants Mitsubishi, Thomson, and TDA, served upon MEVSA by the Direct Purchaser Plaintiffs ("DPPs") on September 4, 2014. This supplemental response incorporates MEVSA's prior responses from October 6, 2014, May 26, 2015, and July 28, 2015.

## GENERAL OBJECTIONS APPLICABLE TO ALL INTERROGATORIES

1. MEVSA objects to the definitions and instructions contained within the interrogatories to the extent they purport to impose requirements beyond or inconsistent with the requirements of the Federal Rules of Civil Procedure, the Court's Local Rules, or any other applicable rule or Court order.

2. MEVSA objects to the interrogatories as overbroad, unduly burdensome, and oppressive due to the significant burden and expense of responding to the interrogatories and because the interrogatories seek information that is not within MEVSA's possession, custody or control.

3. MEVSA objects to the interrogatories to the extent that they seek documents and information that would disclose MEVSA's or a third party's trade secrets or other confidential, proprietary, and/or highly-sensitive information.

4. MEVSA objects to the interrogatories to the extent that they seek disclosure of privileged information, including information protected by the attorney-client privilege, work-product doctrine, the joint defense privilege, or any other applicable privilege or immunity. Any inadvertent disclosure of privileged or protected documents, materials, or information shall not be construed as a waiver of any applicable privileges or protections.

3

MEVSA's THIRD SUPPLEMENTAL RESPONSE TO
DIRECT PURCHASER PLAINTIFFS' INTERROGATORIES
Case No. 14-cv-2058-JST; MDL No. 1917

*CONFIDENTIAL*

     5.     MEVSA objects to the interrogatories to the extent that they seek the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce, on the grounds that they are overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

     6.     In making these responses, MEVSA does not concede the relevancy or materiality of any of the DPPs' interrogatories.

     7.     A response by MEVSA that it will produce information responsive to a particular interrogatory, subject to any applicable objections, is not a representation that such information exists.

     8.     MEVSA's responses and objections herein do not in any way constitute an adoption of the DPPs' purported definitions of words or phrases contained in the interrogatories. MEVSA objects to the definitions to the extent that they: (i) are vague, ambiguous, confusing, and/or overly broad; (ii) are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; and/or (iii) incorporate other purported definitions that suffer from such defects. Without limiting the breadth and general application of these objections, MEVSA further objects to the definition of "Documents" to the extent it purports to include documents that are not reasonably accessible to MEVSA or are beyond the scope of any applicable e-discovery obligations.

4

MEVSA's THIRD SUPPLEMENTAL RESPONSE TO
DIRECT PURCHASER PLAINTIFFS' INTERROGATORIES
Case No. 14-cv-2058-JST; MDL No. 1917

*CONFIDENTIAL*

## SUPPLEMENTAL RESPONSES AND OBJECTIONS

12. Provide Your sales of CRT and/or CRT Products to the United States and globally for each month from January 1, 1991 to the present. For each month during this period, state the volume of sales, the U.S. dollar value of sales, the unit sale price, the per unit cost to produce CRT and/or CRT Products, the per unit cost to distribute CRT and/or CRT Products (including overseas freight, tariff, customs, duties, inland freight, storage, insurance, dealer commissions), and the per unit profit earned.

**THIRD SUPPLEMENTAL RESPONSE:** MEVSA hereby incorporates by reference its previous objections to this Interrogatory as if set forth fully herein. Subject to and without waiving the foregoing and general objections, MEVSA further supplements its prior responses as follows. MEVSA notes that for a portion of the period referenced in the Interrogatory, Mitsubishi Consumer Electronics America, Inc., known as "MCEA," sold CRT televisions in the United States. MCEA no longer exists, as Mitsubishi Electric Corporation and its subsidiaries (MEVSA and Mitsubishi Electric US, Inc.) have not participated in the CRT business for many years. MEVSA is a successor to MCEA. MEVSA responds that documents from MEVSA's document production contain the following monthly sales figures for CRT televisions sold by MCEA from January 1995 to December 1998:

| **Monthly CRT Television Sales** | | | |
|---|---|---|---|
| **Year** | **Month** | **$** | **Source** |
| **1995** | | | |
| | January | $31,851,068.00 | ME 00191298 |
| | February | $28,221,576.00 | ME 00192961 |
| | March | $27,681,100.00 | ME 00189254 |
| | April | $21,465,322.00 | ME 00192632 |
| | May | $24,362,563.00 | ME 00189253 |
| | June | $28,965,220.00 | ME 00151341 |
| | July | $28,437,075.00 | ME 00190899 |
| | August | $38,043,536.00 | ME 00151282 |
| | September | $53,865,943.00 | ME 00192960 |
| | October | $50,494,152.00 | ME 00190208 |
| | November | $50,209,795.00 | ME 00192081 |
| | December | $49,233,149.00 | ME 00191075 |

5

MEVSA's THIRD SUPPLEMENTAL RESPONSE TO
DIRECT PURCHASER PLAINTIFFS' INTERROGATORIES
Case No. 14-cv-2058-JST; MDL No. 1917

*CONFIDENTIAL*

|      |           |                  |             |
|------|-----------|------------------|-------------|
|      | Total     | **$432,830,499.00** |             |
| **1996** |           |                  |             |
|      | January   | $26,805,696.00   | ME 00150949 |
|      | February  | $27,805,173.00   | ME 00150465 |
|      | March     | $22,703,441.00   | ME 00191784 |
|      | April     | $23,146,534.00   | ME 00191450 |
|      | May       | $24,233,863.00   | ME 00190207 |
|      | June      | $27,001,989.00   | ME 00192959 |
|      | July      | $28,962,072.00   | ME 00243442 |
|      | August    | $39,314,423.00   | ME 00150918 |
|      | September | $46,396,946.00   | ME 00150840 |
|      | October   | $44,362,544.00   | ME 00150421 |
|      | November  | $32,345,190.00   | ME 00150440 |
|      | December  | $34,955,306.00   | ME 00189387 |
|      | Total     | **$378,033,177.00** |             |
| **1997** |           |                  |             |
|      | January   | $26,942,747.00   | ME 00192074 |
|      | February  | $24,622,370.00   | ME 00191182 |
|      | March     | $15,445,829.00   | ME 00150864 |
|      | April     | $12,263,302.00   | ME 00152581 |
|      | May       | $13,797,997.00   | ME 00153422 |
|      | June      | $19,247,003.00   | ME 00153074 |
|      | July      | $28,962,072.00   | ME 00150944 |
|      | August    | $18,401,486.00   | ME 00190615 |
|      | September | $21,990,948.00   | ME 00153040 |
|      | October   | $28,866,544.00   | ME 00191292 |
|      | November  | $31,106,371.00   | ME 00191776 |
|      | December  | $41,604,204.00   | ME 00191466 |
|      | Total     | **$283,250,873.00** |             |
| **1998** |           |                  |             |
|      | January   | $14,088,000.00   | ME 00190200 |
|      | February  | $16,581,000.00   | ME 00189893 |
|      | March     | $17,094,000.00   | ME 00191291 |
|      | April     | $9,616,121.00    | ME 00191777 |
|      | May       | $13,770,999.00   | ME 00191442 |
|      | June      | $12,368,599.00   | ME 00192433 |
|      | July      | -$3,265,567.00   | ME 00153656 |
|      | August    | $866,677.00      | ME 00191905 |
|      | September | $388,790.00      | ME 00192432 |
|      | October   | $504,358.00      | ME 00190613 |
|      | November  | $130,736.00      | ME 00189894 |
|      | December  | -$76,507.00      | ME 00190060 |

MEVSA's THIRD SUPPLEMENTAL RESPONSE TO
DIRECT PURCHASER PLAINTIFFS' INTERROGATORIES
Case No. 14-cv-2058-JST; MDL No. 1917

*CONFIDENTIAL*

|  | Total | $82,067,206.00 |  |
|---|---|---|---|

MEVSA further states that it has been unable to verify the accuracy of these CRT television sales figures, as the business has long been closed.

Dated: February 18th, 2016         By: */s/ Michael T. Brody*

                Terrence J. Truax
                Charles B. Sklarsky
                Michael T. Brody
                Gabriel A. Fuentes
                Jenner & Block LLP
                353 North Clark St., Chicago, IL 60654
                Tel: 312-222-9350
                Fax: 312-527-0484

                Harold A. Barza
                Kevin Y. Teruya
                Ryan S. Goldstein
                Quinn Emanuel Urquhart & Sullivan LLP
                865 S. Figueroa St.
                Los Angeles, CA 90017
                Tel: 213-443-3000
                Fax: 213-443-3100

                *Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.*

7

MEVSA's THIRD SUPPLEMENTAL RESPONSE TO
DIRECT PURCHASER PLAINTIFFS' INTERROGATORIES
Case No. 14-cv-2058-JST; MDL No. 1917

## VERIFICATION FOR MEVSA

I, Yasuhiro Baba, declare and state:

I have read Mitsubishi Electric Visual Solutions America, Inc.'s ("MEVSA") foregoing Third Supplemental Response to Direct Purchaser Plaintiff Crago, d/b/a Dash Computers, Inc.'s First Set of Interrogatories to Defendants Mitsubishi, Thomson, and TDA ("Third Supplemental Response") and know its contents. The Third Supplemental Response is limited by the records and information in existence, presently recollected, and thus far discovered in the course of preparation of this Third Supplemental Response. Based thereon, I am informed and believe that the matters stated in this Third Supplemental Response are true and on that ground certify or declare under penalty of perjury under the laws of the United States of America that the same are true and correct.

Executed this 18th day of February, 2016 at Chicago, Illinois.

Yasuhiro Baba