# Exhibit 24

1  Brent Caslin (Cal. Bar. No. 198682)
   JENNER & BLOCK LLP
2  633 West Fifth Street
   Suite 3600
3  Los Angeles, California 90071
   Telephone:  213 239-5100
4  Facsimile:   213 239-5199
   bcaslin@jenner.com
5
6  Terrence J. Truax (*pro hac vice*)
   Michael T. Brody (*pro hac vice*)
7  Gabriel A. Fuentes (*pro hac vice*)
   JENNER & BLOCK LLP
8  353 N. Clark Street
   Chicago, Illinois 60654-3456
9  Telephone:  312 222-9350
   Facsimile:   312 527-0484
10 ttruax@jenner.com
   mbrody@jenner.com
11 gfuentes@jenner.com
12
   *Attorneys for Mitsubishi Electric, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual*
13 *Solutions America, Inc.*

14                     IN THE UNITED STATES DISTRICT COURT

15                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

16                              SAN FRANCISCO DIVISION

17 | In Re: Cathode Ray Tube (CRT) Antitrust Litigation | Case No. 14-cv-2058 SC |
   |---|---|
18 | | MDL No. 1917 |
19 | This Document Relates To: | |
20 | DIRECT PURCHASER ACTIONS | **MITSUBISHI ELECTRIC DEFENDANTS' SUPPLEMENTAL RESPONSE TO DIRECT PURCHASER PLAINTIFF WETTSTEIN AND SONS, INC'S FIRST SET OF INTERROGATORIES TO MITSUBISHI DEFENDANTS** |
21 | | |
22 | | |
23 | | Judge:  Hon. Samuel Conti |
24
25
26
27 ――――――――――――――――――――――――――――
   MITSUBISHI ELECTRIC DEFENDANTS' SUPPLEMENTAL RESPONSE TO WETTSTEIN AND SONS,
28 INC.'S FIRST SET OF INTERROGATORIES TO MITSUBISHI DEFENDANTS
   Case No. 14-cv-2058 SC; MDL No. 1917

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Mitsubishi Electric Corporation ("MELCO"), Mitsubishi Electric US, Inc. ("MEUS"), and Mitsubishi Electric Visual Solutions America, Inc. ("MEVSA") (collectively, the "Mitsubishi Electric Defendants") hereby supplement their response to Direct Purchaser Plaintiff Wettstein and Sons, Inc.'s First Set of Interrogatories to Mitsubishi Defendants ("DPPs' Interrogatory" or "DPPs' Interrogatories"), served upon the Mitsubishi Electric Defendants by the Direct Purchaser Plaintiffs ("DPPs") on December 19, 2014. This supplemental response incorporates the Mitsubishi Electric Defendants' prior response from January 20, 2015.

**GENERAL OBJECTIONS APPLICABLE TO ALL INTERROGATORIES**

1. The Mitsubishi Electric Defendants object to the Interrogatories, definitions, and instructions to the extent they purport to impose requirements beyond or inconsistent with the requirements of the Federal Rules of Civil Procedure, the Court's Local Rules, or any other applicable rule or Court order.

2. The Mitsubishi Electric Defendants object to the Interrogatories as overbroad, unduly burdensome, and oppressive due to the significant burden and expense of responding to the Interrogatories and because the Interrogatories seek information that is not within any of the Mitsubishi Electric Defendant's possession, custody or control, given that the information sought concerns products that the Mitsubishi Electric Defendants have not manufactured or sold for many years.

3. The Mitsubishi Electric Defendants object to the Interrogatories to the extent that they seek documents and information that would disclose any of the Mitsubishi Electric

2

MITSUBISHI ELECTRIC DEFENDANTS' SUPPLEMENTAL RESPONSE TO WETTSTEIN AND SONS, INC.'S FIRST SET OF INTERROGATORIES TO MITSUBISHI DEFENDANTS
Case No. 14-cv-2058 SC; MDL No. 1917

Defendants' or a third party's trade secrets or other confidential, proprietary, and/or highly-sensitive information.

4. The Mitsubishi Electric Defendants object to the Interrogatories to the extent that they seek disclosure of privileged information, including information protected by the attorney-client privilege, work-product doctrine, the joint defense privilege, or any other applicable privilege or immunity. Any inadvertent disclosure of privileged or protected documents, materials, or information shall not be construed as a waiver of any applicable privileges or protections.

5. The Mitsubishi Electric Defendants object to the Interrogatories to the extent that they seek discovery of information regarding or related to the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce, on the grounds that they are overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

6. In making these responses, the Mitsubishi Electric Defendants do not concede the relevancy or materiality of any of the Plaintiff's Interrogatories.

7. Any response contained herein providing that information responsive to a particular interrogatory will be produced, subject to any applicable objections, is not a representation that such information exists.

8. The responses and/or objections contained herein do not in any way constitute an adoption of DPPs' purported definitions of words or phrases contained in the Interrogatories. The Mitsubishi Electric Defendants object to the definitions to the extent that they: (i) are vague, ambiguous, confusing, and/or overly broad; (ii) are inconsistent with the ordinary and customary

3

MITSUBISHI ELECTRIC DEFENDANTS' SUPPLEMENTAL RESPONSE TO WETTSTEIN AND SONS, INC.'S FIRST SET OF INTERROGATORIES TO MITSUBISHI DEFENDANTS
Case No. 14-cv-2058 SC; MDL No. 1917

meaning of the words or phrases they purport to define; and/or (iii) incorporate other purported definitions that suffer from such defects. Without limiting the breadth and general application of these objections, the Mitsubishi Electric Defendants further object to the definitions as follows:

a. The Mitsubishi Electric Defendants object to the definition of "Co-Conspirator" to the extent it purports to suggest that any of the Mitsubishi Electric Defendants participated in a price-fixing conspiracy with the parties identified by the Plaintiff or any of the DPPs.

b. The Mitsubishi Electric Defendants object to the definition of "Documents" to the extent it purports to include documents that are not reasonably accessible to any of the Mitsubishi Electric Defendants, or are beyond the scope of any applicable e-discovery obligations.

c. The Mitsubishi Electric Defendants object to the definition of "Communication" on the grounds that the definition is overly broad, unduly burdensome, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

d. The Mitsubishi Electric Defendants object to the definition of "Meeting" on the grounds that the definition is overly broad, unduly burdensome, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

4

MITSUBISHI ELECTRIC DEFENDANTS' SUPPLEMENTAL RESPONSE TO WETTSTEIN AND SONS, INC.'S FIRST SET OF INTERROGATORIES TO MITSUBISHI DEFENDANTS
Case No. 14-cv-2058 SC; MDL No. 1917

*CONFIDENTIAL*

# SUPPLEMENTAL RESPONSES TO WETTSTEIN AND SON'S
# FIRST SET OF INTERROGATORIES

1) When did You first become aware of *In re Cathode Ray Tube Antitrust Litigation*, Case No. 3:07-cv-05944-SC (N.D. Cal.) (the "*CRT* Action")?

**SUPPLEMENTAL RESPONSE:** The Mitsubishi Electric Defendants incorporate by reference their previous objections to this Interrogatory as if set forth fully herein. Subject to and without waiving those objections, the Mitsubishi Electric Defendants state that they first became aware of *In re Cathode Ray Tube Antitrust Litigation*, Case No. 3:07-cv-05944-SC (N.D. Cal.) (the "CRT Action") in or about January 2009.

2) What was Your policy on the destruction and/or retention of Documents and information at the time You learned of the *CRT* Action?

**SUPPLEMENTAL RESPONSE:** The Mitsubishi Electric Defendants incorporate by reference their previous objections to this Interrogatory as if set forth fully herein. Subject to and without waiving those objections, the Mitsubishi Electric Defendants, respectively, state as follows:

MEUS states that in or about January 2009, MEUS had a formal policy governing the retention of documents and information. Pursuant to Fed. R. Civ. P. 33(d), MEUS refers the DPPs to ME 00148433 – ME 00148485.

MEVSA states that in or about January 2009, MEVSA had a formal policy governing the retention of documents and information. Pursuant to Fed. R. Civ. P. 33(d), MEVSA refers the DPPs to ME 00148633– ME 00148686.

MELCO states that in or about January 2009, MELCO had formal corporate rules governing the retention and disposal of documents. Pursuant to Fed. R. Civ. P. 33(d), MELCO refers the DPPs to ME 00148590 – ME 00148613.

3)     What steps did You take to retain Documents and information after learning of the *CRT* Action?

**SUPPLEMENTAL RESPONSE:** The Mitsubishi Electric Defendants incorporate by reference their previous objections to this Interrogatory as if set forth fully herein. Subject to and without waiving those objections, the Mitsubishi Electric Defendants state as follows:

All document retention policies applicable to the Mitsubishi Electric Defendants remained in place as of January 2009. The Mitsubishi Electric Defendants did not take further steps to retain documents and information upon first learning of the CRT Action in or about January 2009, as they had no reason to believe they would be named in the CRT Action.

5)     What was Your policy on the destruction and/or retention of Documents and information at the time You entered into the Tolling Agreement Between the CRT Class and Mitsubishi Electric Corporation and Mitsubishi Electric and Electronics USA, Inc. (Nov. 7, 2011) ("Tolling Agreement")?

**SUPPLEMENTAL RESPONSE:** The Mitsubishi Electric Defendants incorporate by reference their previous objections to this Interrogatory as if set forth fully herein. Subject to and without waiving those objections, the Mitsubishi Electric Defendants state, respectively, as follows:

MEUS and MEVSA state that after entering into the Tolling Agreement with the DPPs on November 7, 2011, relevant personnel at MEUS and MEVSA were issued a "Suspension and Preservation Notice/Litigation Hold" ("Hold Notice") on November 11, 2011. The Hold Notice required individuals subject to the Hold Notice to segregate and preserve all business records relating to CRT-based products such as TVs and computer monitors, and to suspend scheduled records destruction of such materials and/or business records. This Hold Notice was timely supplemented during the course of the litigation.

6

MITSUBISHI ELECTRIC DEFENDANTS' SUPPLEMENTAL RESPONSE TO WETTSTEIN AND SONS, INC.'S FIRST SET OF INTERROGATORIES TO MITSUBISHI DEFENDANTS
Case No. 14-cv-2058 SC; MDL No. 1917

*CONFIDENTIAL*

MELCO states that after entering into the Tolling Agreement with the DPPs on November 7, 2011, relevant personnel at MELCO were issued notice on November 9, 2011 prohibiting the destruction or alteration of CRT-related documents and an extension of the minimum storage period ("MELCO Litigation Hold"). The MELCO Litigation Hold required individuals subject to it to segregate and preserve all business records relating to CRTs or CRT-based products such as TVs and computer monitors and to suspend scheduled records destruction of such materials and/or business records.

6) What steps did You take to retain Documents and information after You entered into the Tolling Agreement?

**SUPPLEMENTAL RESPONSE:** The Mitsubishi Electric Defendants hereby incorporate by reference their previous objections to this Interrogatory as if set forth fully herein. Subject to and without waiving those objections, the Mitsubishi Electric Defendants state that for their supplemental response to this Interrogatory, they hereby incorporate by reference their supplemental response to DPPs' Interrogatory No. 5.

8) Please describe for the period 2005 to the present your systems and/or procedures, if any, for the automatic deletion of email or other electronically-stored information.

**SUPPLEMENTAL RESPONSE:** The Mitsubishi Electric Defendants hereby incorporate by reference their previous objections to this Interrogatory as if set forth fully herein. Subject to and without waiving those objections, the Mitsubishi Electric Defendants, respectively, state as follows:

MEUS and MEVSA state that during the Relevant Time Period, neither MEUS nor MEVSA had any systems or procedures for the automatic deletion of emails or other electronically stored information.

7

MITSUBISHI ELECTRIC DEFENDANTS' SUPPLEMENTAL RESPONSE TO WETTSTEIN AND SONS, INC.'S FIRST SET OF INTERROGATORIES TO MITSUBISHI DEFENDANTS
Case No. 14-cv-2058 SC; MDL No. 1917

MELCO states that during the Relevant Time Period MELCO did not have any systems or procedures for the automatic deletion of emails or other electronically stored information.

Dated: July 28, 2015

Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.

By: */s/ Michael T. Brody*

   Michael T. Brody

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
JENNER & BLOCK LLP
353 North Clark
Chicago, Illinois 60654-3456
Telephone:   312 222-9350
Facsimile:    312 527-0484
ttruax@jenner.com
mbrody@jenner.com
gfuentes@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street
Suite 3600
Los Angeles, California 90071
Telephone:   213 239-5100
Facsimile:    213 239-5199
bcaslin@jenner.com

*Attorneys for Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.*

8

MITSUBISHI ELECTRIC DEFENDANTS' SUPPLEMENTAL RESPONSE TO WETTSTEIN AND SONS, INC.'S FIRST SET OF INTERROGATORIES TO MITSUBISHI DEFENDANTS
Case No. 14-cv-2058 SC; MDL No. 1917

**CONFIDENTIAL**

## VERIFICATION FOR MITSUBISHI ELECTRIC CORPORATION

I, _Akihiko Moriya_, declare and state:

I have read the Mitsubishi Electric Defendants' foregoing Supplemental Response to Direct Purchaser Plaintiff Wettstein and Sons, Inc.'s First Set of Interrogatories to Mitsubishi Defendants and know its contents. The Supplemental Response is limited by the records and information in existence, presently recollected, and thus far discovered in the course of preparation of this Supplemental Response. Based thereon, I am informed and believe that the matters stated in this Supplemental Response are true and on that ground certify or declare under penalty of perjury under the laws of the United States of America that the same are true and correct.

Executed this _27th_ day of _July_, 2015 at _Tokyo_.

_[signature]_
[NAME] _Akihiko MORIYA_

---

MITSUBISHI ELECTRIC DEFENDANTS' SUPPLEMENTAL RESPONSE TO DIRECT PURCHASER
PLAINTIFF WETTSTEIN AND SONS, INC.'S FIRST SET OF INTERROGATORIES
Case No. 14-cv-2058 SC; MDL No. 1917

2376079.1

*CONFIDENTIAL*

## VERIFICATION FOR MEUS AND MEVSA

I, Yasuhiro Baba, declare and state:

I have read the Mitsubishi Electric Defendants' foregoing Supplemental Response to Direct Purchaser Plaintiff Wettstein and Sons, Inc.'s First Set of Interrogatories to Mitsubishi Defendants and know its contents. The Supplemental Response is limited by the records and information in existence, presently recollected, and thus far discovered in the course of preparation of this Supplemental Response. Based thereon, I am informed and believe that the matters stated in this Supplemental Response are true and on that ground certify or declare under penalty of perjury under the laws of the United States of America that the same are true and correct.

Executed this 28th day of July, 2015 at Cypress, California, U.S.A.

_____
Yasuhiro Baba

---

MITSUBISHI ELECTRIC DEFENDANTS' SUPPLEMENTAL RESPONSE TO DIRECT PURCHASER
PLAINTIFF WETTSTEIN AND SONS, INC.'S FIRST SET OF INTERROGATORIES
Case No. 14-cv-2058 SC; MDL No. 1917

| | |
|---|---|
| 1 | Brent Caslin (Cal. Bar. No. 198682) |
| | JENNER & BLOCK LLP |
| 2 | 633 West Fifth Street |
| | Suite 3600 |
| 3 | Los Angeles, California 90071 |
| 4 | Telephone:   213 239-5100 |
| | Facsimile:    213 239-5199 |
| 5 | bcaslin@jenner.com |

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone:   312 222-9350
Facsimile:    312 527-0484
ttruax@jenner.com
mbrody@jenner.com
gfuentes@jenner.com

*Attorneys for Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re: Cathode Ray Tube (CRT) Antitrust Litigation | Case No. 14-cv-2058 SC |
| | MDL No. 1917 |
| This Document Relates To: | |
| | **CERTIFICATE OF SERVICE** |
| DIRECT PURCHASER ACTIONS | |

**Certificate of Service**

I HEREBY CERTIFY that I caused a true and correct copy of the documents listed below to be served on July 28, 2015 via email to each of the persons as set forth on the attached service list.

- The Mitsubishi Electric Defendants' Supplemental Responses to Direct Purchaser Plaintiff Wettstein and Sons, Inc.'s First Set of Interrogatories to Mitsubishi Defendants

- Mitsubishi Electric Corporation's Fourth Supplemental Response to Direct Purchaser Plaintiff Crago, d/b/a, Dash Computer's, Inc.'s First Set of Interrogatories to Defendants Mitsubishi, Thomson, and TDA

- Mitsubishi Electric US, Inc.'s Second Supplemental Response to Direct Purchaser Plaintiff Crago, d/b/a, Dash Computer's, Inc.'s First Set of Interrogatories to Defendants Mitsubishi, Thomson, and TDA

- Mitsubishi Electric Visual Solutions America, Inc.'s Second Supplemental Response to Direct Purchaser Plaintiff Crago, d/b/a, Dash Computer's, Inc.'s First Set of Interrogatories to Defendants Mitsubishi, Thomson, and TDA

Dated: July 28, 2015                              By: /s/ Jory M. Hoffman
                                                      Jory M. Hoffman

**Service List**

| | |
|---|---|
| Philip J. Iovieno<br>Anne M. Nardacci<br>Boies, Schiller & Flexner LLP<br>30 South Pearl St., 11th Floor<br>Albany, NY 12207<br>Telephone: (518) 434-0600<br>Facsimile: (518) 434-0665<br>piovieno@bsfllp.com<br>anardacci@bsfllp.com<br><br>William Isaacson<br>Boies, Schiller & Flexner LLP<br>5301 Wisconsin Ave. NW, Suite 800<br>Washington, D.C. 20015<br>Telephone: (202) 237-2727<br>Facsimile: (202) 237-6131<br>wisaacson@bsfllp.com<br><br>Stuart Singer<br>Boies, Schiller & Flexner LLP<br>401 East Las Olas Blvd., Suite 1200<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 356-0011<br>Facsimile: (954) 356-0022<br>ssinger@bsfllp.com<br><br>*Counsel for Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, Marta Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC* | William J. Blechman<br>Richard A. Arnold<br>Samuel J Randall<br>Kenny Nachwalter PA<br>201 South Biscayne Blvd<br>Suite 1100<br>Miami, FL 33131<br>Telephone: (305) 373-1000<br>Fax: (305) 372-1861<br>wblechman@knpa.com<br>rarnold@kennynachwalter.com<br>srandall@knpa.com<br><br>Kevin J. Murray<br>201 S. Biscayne Blvd.<br>Suite 1100<br>Miami, FL 33131<br>Telephone: (305)-373-1000<br>Fax: (305)-372-1861<br>kmurray@knpa.com<br><br>Gavin David Whitis<br>Pond North LLP<br>350 South Grand Ave<br>Ste 3300<br>Los Angeles, CA 90071<br>Telephone: (415) 217-1240<br>Fax: (415) 394-0484<br>gwhitis@pondnorth.com<br><br>*Counsel for Sears, Roebuck and Co. and KMart Corporation* |

| | |
|---|---|
| Kenneth S. Marks<br>David M. Peterson<br>John Pierre Lahad<br>Johnny William Carter<br>Jonathan Jeffrey Ross<br>Susman Godfrey LLP<br>1000 Louisiana Street, Suite 5100<br>Houston, TX 77002-5096<br>Telephone: (713) 651-9366<br>Fax: (713) 654-6666<br>kmarks@susmangodfrey.com<br>dpeterson@susmangodfrey.com<br>jlahad@susmangodfrey.com<br>jcarter@susmangodfrey.com<br>jross@susmangodfrey.com<br><br>*Counsel for Alfred H. Siegel, as Trustee of Circuit City Stores, Inc. Liquidating Trust* | Roman Silberfeld<br>David Martinez<br>Jill Sharon Casselman<br>Robins Kaplan Miller & Ciresi LLP<br>2049 Century Park East<br>Suite 3400<br>Los Angeles, CA 90067-3208<br>Telephone: (310) 552-0130<br>Fax: (310) 229-5800<br>rmsilberfeld@rkmc.com<br><br>dmartinez@rkmc.com<br>jscasselman@rkmc.com<br><br>Elliot S. Kaplan<br>K. Craig Wildfang<br>Laura Elizabeth Nelson<br>Robins Kaplan Miller and Ciresi<br>2800 LaSalle Plaza<br>800 LaSalle Ave<br>Minneapolis, MN 55402<br>Telephone: (612) 349-0986<br>Fax: (612) 339-4181<br>eskaplan@rkmc.com<br>kcwildfang@rkmc.com<br>lenelson@rkmc.com<br><br>*Counsel for Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services, Inc.; Best Buy Stores, L.P.; BestBuy.com, LLC; and Magnolia Hi-Fi, Inc.* |
| Cori Gordon Moore<br>David Burman<br>Eric J. Weiss<br>Nicholas H. Hesterberg<br>Perkins Coie LLP<br>1201 Third Avenue<br>Suite 4800<br>Seattle, WA 98101-3099<br>Telephone: (206) 359-8000<br>Fax: (206) 359-4849<br>cgmoore@perkinscoie.com<br>dburman@perkinscoie.com<br>eweiss@perkinscoie.com<br>nhesterberg@perkinscoie.com<br><br>Joren Surya Bass | Scott N. Wagner<br>Wendy Polit<br>Robert Turken<br>Bilzin Sumberg Baena Price & Axelrod LLP<br>200 S. Biscayne Boulevard<br>Suite 2500<br>Miami, FL 33131<br>Telephone: 305-350-7386<br> swagner@bilzin.com<br>wpolit@bilzin.com<br>rturken@bilzin.com<br><br>*Attorneys for Tech Data Corp.* |

CERTIFICATE OF SERVICE
Case No. 14-cv-2058 SC; MDL No. 1917

| | |
|---|---|
| Perkins Coie<br>Four Embarcadero Center<br>Suite 2400<br>San Francisco, CA 94111<br>Telephone: (415) 344-7000<br>jbass@perkinscoie.com<br><br>*Counsel for Costco Wholesale Corporation* | |
| Debra Dawn Bernstein<br>Michael P. Kenny<br>Melissa Whitehead<br>Alston & Bird LLP<br>1201 West Peachtree Street<br>Atlanta, GA 30309<br>404-881-7000<br>Fax: 404-253-8488<br>debra.bernstein@alston.com<br>Mike.Kenny@alston.com<br>Debra.Bernstein@alston.com<br>Melissa.Whitehead@alston.com<br><br>James Matthew Wagstaffe<br>Kerr & Wagstaffe LLP<br>101 Missions Street, 18th Floor<br>San Francisco, CA 94105-1528<br>415-371-8500<br>Fax: 415-371-0500<br>Email: wagstaffe@kerrwagstaffe.com<br><br>*Attorneys for Dell, Inc., and Dell Products, L.P.* | Guido Saveri<br>Cadio Zirpoli<br>Rick Saveri<br>Saveri & Saveri, Inc.<br>706 Sansome Street<br>San Francisco, CA 94111<br>Telephone: 415-217-6810<br>Fax: 415-217-6813<br>Guido@saveri.com<br>Cadio@saveri.com<br>rick@saveri.com |

CERTIFICATE OF SERVICE
Case No. 14-cv-2058 SC; MDL No. 1917