Andrea Valdez (Cal. Bar No. 239082)
530 S. Lake Avenue, No. 574
Pasadena, CA 91101
andrea.valdez.esq@gmail.com

October 17, 2016

<u>*Via ECF*</u>

Honorable Jon S. Tigar
United States District Court for the
 Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102-3489

    Re:  **In Re: Cathode Ray Tubes (CRT) Antitrust Litigation (MDL 1917)**

Your Honor:

    I write in response to IPP Lead Counsel Mario Alioto's letter (D.E. 4965) requesting leave to file a sur-reply. That request should be denied for multiple reasons.

    *First*, on its face, the footnote Mr. Alioto cites as a new argument identifies and responds to an argument raised in Mr. Alioto's opposition. Reply (D.E. 4826) at 6 n.2. Such a responsive counterpoint "is entirely consistent with the proper purpose of a reply brief, to address the opposing party's arguments raised in a response brief." *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 798 (W.D. Tenn. 2012) (denying sur-reply). Accordingly, sur-reply is not warranted. *See id.*

    *Second*, Mr. Alioto's request for sur-reply was procedurally improper: Mr. Alioto failed to attach his proposed sur-reply, leaving the Court unable to gauge whether the proposed sur-reply will actually aid in ruling on the underlying motion. That request—submitted 37 days after Mr. St. John's reply—is also untimely. *See, e.g.*, Local Rule 7-3(d).

    *Third*, Mr. St. John consented to disposition of his motion on the papers in accordance with Local Rule 7-1(b). Mot. (D.E. 4779) at 1. Mr. Alioto did not object. That the Court—following its usual practice—then vacated oral argument should not have surprised Mr. Alioto, and it cannot justify his untimely request.

    *Fourth*, if Mr. Alioto truly believed oral argument was necessary, the Court offered him the opportunity to have a junior associate provide that argument. *See* Order Vacating Hearing (D.E. 4955). Surely among the 49 IPP Counsel firms there was an attorney who was capable of doing so. Mr. Alioto can hardly be heard to complain about his choice not to accept the Court's invitation.

    Mr. Alioto's untimely request for sur-reply—which would doubtless spend multiple pages countering a single sentence in a footnote—exemplifies why sur-replies are so disfavored: "[T]hey usually are a strategic effort by the non-movant to have the last word on a matter" and are of little aid to the Court. *Ward v. Am. Red Cross*, No. 3:13–CV–1042 , 2013 WL 2916519, at *1 fn* (N.D. Tex. June 14, 2013).

                                          Respectfully submitted,
                                          /s/ Andrea Valdez
                                          Andrea Valdez
                                          *Counsel for Objector Douglas W. St. John*