Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 204-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and*
*Sharp Electronics Manufacturing Company of America, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 07-cv-5944 JST<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Sharp Electronics Corp.,* et al. *v. Hitachi Ltd.*, et al., Case No. 3:13-cv-01173-JST | **SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S OPPOSITION TO THE TOSHIBA DEFENDANTS' MOTION TO CONTINUE TRIAL SUBPOENA**<br><br>Date:           November 17, 2016<br>Time:          2:00 p.m.<br>Courtroom:  9, 19th Floor<br><br>The Honorable Jon S. Tigar |

1

2

**TABLE OF CONTENTS**

3    PRELIMINARY STATEMENT ...........................................................................................1

4    STATEMENT OF FACTS.................................................................................................2

5    ARGUMENT ....................................................................................................................5

6        I.    The Toshiba Defendants' Trial Subpoena Of Mr. Harada Was And Is

7            Invalid And Unenforceable Because It Violates The Geographical Limits
            Of Federal Rule Of Civil Procedure 45 .................................................................5

8
         II.   The Motion To Continue Must Also Be Denied As To The Thomson
9            Defendants ...........................................................................................................9

10   CONCLUSION .................................................................................................................9

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S
OPPOSITION TO THE TOSHIBA DEFENDANTS' MOTION TO CONTINUE TRIAL SUBPOENA
CASE NO. 13-1173-JST │ MASTER FILE NO. 07-CV-5944, MDL NO. 1917

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Amtrust N. Am., Inc. v. Safebuilt Ins. Servs., Inc.*,
    No. 2:16-MC-0145 KJM AC, 2016 WL 5469257 (E.D. Cal. Sept. 29, 2016) ..........................1

*In re Application of Yukos Hydrocarbons Invs. Ltd.*,
    No. 5:09-MC-0078, 2009 WL 5216951 (N.D.N.Y. Dec. 30, 2009)....................................7, 8

*Baker v. Bayer Healthcare Pharm. Inc.*,
    No. 13-CV-00490-TEH, 2015 WL 4456085 (N.D. Cal. July 21, 2015) ..................................6

*Comm-Tract Corp. v. N. Telecom, Inc.*,
    168 F.R.D. 4 (D. Mass. 1996)..............................................................................................1, 7

*Compton v. Torch, Inc.*,
    No. CIV. A. 99-0549, 2000 WL 622604 (E.D. La. May 11, 2000), *aff'd*, 277
    F.3d 1373 (5th Cir. 2001) ......................................................................................................7

*Gaudin v. Remis*,
    No. 00-00765 SPK-LEK, 2007 WL 294130 (D. Haw. Jan. 29, 2007) ....................................6

*Hangarter v. Provident Life & Acc. Ins. Co.*,
    373 F.3d 998 (9th Cir. 2004) .................................................................................................6

*Iorio* v. *Allianz Life Ins. Co. of N.A.*,
    No. 05-CV-633 JLS (CAB), 2009 WL 3415689 (S.D. Cal. Oct. 21, 2009) ........................1, 6

*Johnson v. Bay Area Rapid Transit Dist.*,
    No. C-09-0901 EMC, 2014 WL 2514542 (N.D. Cal. June 4, 2014) ........................................5

*PCT Int'l Inc. v. Holland Elecs. LLC*,
    No. CV-12-01797-PHX-JAT, 2015 WL 4480342 (D. Ariz. July 21, 2015) ...........................6

*Ringel v. Cnty. of Riverside*,
    No. 2:04-cv-01363-SGL, slip op. (C.D. Cal. Aug. 1, 2007), ECF No. 117..............................7

*Shulton, Inc. v. Optel Cor.*,
    126 F.R.D. 80 (S.D. Fla. 1989).............................................................................................7

OTHER AUTHORITIES

Fed. R. Civ. P. 32..........................................................................................................................5

Fed. R. Civ. P. 45 .............................................................................................................. *passim*

1

**PRELIMINARY STATEMENT**

2      Over half a year ago, the Toshiba Defendants served an invalid subpoena on

3  Mr. Nobuo Harada in Memphis, Tennessee, purportedly summoning him to appear at a

4  September 2016 trial over 2000 miles away.  The trial for which it was purportedly served was

5  then postponed for six months and so the subpoena became moot.  The Toshiba Defendants

6  would now like to renew that subpoena.  Because, however, the subpoena was not valid when

7  served, continuing it would serve no useful purpose.  The subpoena was invalid from the outset

8  and it would remain invalid if continued.  And, continuing the subpoena would multiply these

9  proceedings because it would be subject to a timely motion to quash in the event the Toshiba

10  Defendants actually pressed to have Mr. Harada appear at trial.[1]  In any event, the Toshiba

11  Defendants' counsel deposed Mr. Harada for two days while he resided temporarily in the United

12  States, knowing full well that Mr. Harada, a Japanese citizen, was going to retire within a year.

13  That deposition resolved the prior discovery disputes and orders concerning Mr. Harada's

14  deposition availability.  And the Federal Rules of Evidence permit use of that videotaped

15  testimony at trial, eliminating any prejudice to Defendants.  Finally, the Toshiba Defendants'

16  accusations of misconduct by Sharp and its counsel are baseless and irresponsible.  For all of

17  these reasons, the Toshiba Defendants' motion should be denied.

18      To state the obvious, Memphis is in a different state and more than 100 miles

19  away from this Court.  These undisputed facts come straight from the Toshiba Defendants'

20  motion.  (Toshiba Defs.' Mot. to Continue Trial Subpoena ("Mot."), at 4, 7, ECF Nos. 4939,

21

22

23

24  [1]  *See Amtrust N. Am., Inc. v. Safebuilt Ins. Servs., Inc.*, No. 2:16-MC-0145 KJM AC, 2016
25  WL 5469257, at *2 (E.D. Cal. Sept. 29, 2016) (motion to quash was timely since it was
    filed prior to the new return date); *Iorio v. Allianz Life Ins. Co. of N. Am.*, No. 05-CV-633
26  JLS (CAB), 2009 WL 3415689, at *5 (S.D. Cal. Oct. 21, 2009) (motion to quash filed "6
    weeks before the date of compliance—the trial" was timely); *Comm-Tract Corp. v. N.
27  Telecom, Inc.*, 168 F.R.D. 4, 7 (D. Mass. 1996) (granting in part motion to quash trial
    subpoena filed after noticed compliance date but before actual trial date).

28

SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S
OPPOSITION TO THE TOSHIBA DEFENDANTS' MOTION TO CONTINUE TRIAL SUBPOENA
CASE NO. 13-1173-JST │ MASTER FILE NO. 07-CV-5944, MDL NO. 1917

1  4958.[2])  The Toshiba Defendants' subpoena, which purported to compel Mr. Harada to appear for

2  trial before this Court in San Francisco, was therefore invalid under the plain language of Rule

3  45.  It remained invalid when Mr. Harada resumed his retirement and returned to Japan as

4  previously planned one month later, in April 2016.  And it remained invalid when the Court

5  subsequently continued the trial date in the Sharp Action from September 7, 2016, to March 6,

6  2017.  In light of these facts, the remainder of the Toshiba Defendants' motion – which

7  hypothesizes a plot by Sharp to arrange for Mr. Harada's absence from trial and hide his

8  retirement from the defendants – would not matter even if there were any basis to level these

9  serious but spurious accusations at Sharp.

10  The facts are simple.  Mr. Harada had been retired and living in Japan for a period

11  of years prior to March 2015.  As soon as he resumed his employment for Plaintiffs in the U.S.

12  on a temporary contract basis in March 2015, we brought this fact to the attention of Defendants

13  and made him available for a deposition.  The deposition took place over two days in May 2015,

14  and the questioning on both days was led by the Toshiba Defendants' own counsel, Chris Curran.

15  During that deposition, the Toshiba Defendants had every opportunity to question, and did

16  question, Mr. Harada about each of the topics on which they seek his live testimony, including

17  information exchanges.  They also questioned Mr. Harada regarding the circumstances of his

18  employment for Plaintiffs, and learned then that Mr. Harada – a Japanese citizen who was 64

19  years old at the time of his deposition and who had already retired once – was employed in the

20  U.S. only temporarily.  The Toshiba Defendants subsequently served their invalid subpoena on

21  him.  No purpose would be served by continuing that subpoena.

22  **STATEMENT OF FACTS**

23  Mr. Nobuo Harada retired to his home in Japan in April 2016, at the age of 65.

24  (Decl. of Craig Benson in Support of Sharp Pls.' Opp. to Defs.' Mot. to Continue Trial Subpoena

25

26

[2]  The Toshiba Defendants' Motion to Continue Trial Subpoena was filed on October 6, 2016. (ECF No. 4939.)  The unredacted public copy of the motion was filed on October 12, 2016. (ECF No. 4958.)

27

28

2

SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S
OPPOSITION TO THE TOSHIBA DEFENDANTS' MOTION TO CONTINUE TRIAL SUBPOENA
CASE NO. 13-1173-JST | MASTER FILE NO. 07-cv-5944, MDL NO. 1917

1 ("Benson Decl.") ¶ 10.)  This was a return to retirement for Mr. Harada, who had retired once

2 before in 2011 from his employment at Sharp Corporation.  (Benson Decl. Ex. A, at 43:9–10.)

3 After that initial 2011 retirement, Mr. Harada performed temporary contract work

4 for certain Sharp entities in Poland, Japan, and the United States (*id.* at 45:17–46:19), consistent

5 with his earlier experience in assisting companies through times of transition (*see id.* at 31:10–

6 33:23, 35:1–36:16 (describing Mr. Harada's prior work in connection with transitions of

7 manufacturing operations from Memphis to Mexico and from Spain to Poland)).  He held one

8 such temporary position at SEMA in San Diego, California, from March 24, 2015 to January

9 2016, leading up to and in connection with the disposition of the company's assets and the

10 SEMEX manufacturing facility to the Hisense Group, in a deal publicly announced in July 2015.

11 (*Id.* at 46:18–19, 261:25–262:1; Benson Decl. Ex. B, at 2; Decl. of Lucius B. Lau in Support of

12 Toshiba Defs.' Mot. to Continue Trial Subpoena ("Lau Decl.") ¶ 11, ECF No. 4939-1.)  When he

13 arrived in the United States in March 2015, counsel for Sharp notified Defendants of that fact

14 and made arrangements for a deposition.  (Lau Decl. Ex. D, at 2, ECF No. 4939-5.)

15 In May 2015, during Mr. Harada's temporary employment at SEMA, counsel for

16 the Toshiba Defendants, Chris Curran of White & Case, deposed Mr. Harada for two days in

17 connection with this litigation.  (Benson Decl. Ex. A, at 11:6, 180:12.)  Mr. Curran questioned

18 Mr. Harada on a wide variety of subjects, including each of the topics for which the Toshiba

19 Defendants seek Mr. Harada's live testimony (Mot. at 1–2):  Mr. Harada's involvement in

20 negotiating with CRT manufacturers for SEMA's purchase of CPTs (Benson Decl. Ex. A, at

21 233:24–235:25), approval of purchase prices for CPTs (*id.* at 241:23–243:13), and receipt of

22 market information and knowledge of information exchanges (*see, e.g.*, *id.* at 61:10–68:25).  Mr.

23 Harada testified at that time that his temporary employment was scheduled to last "around a

24 year."  (Mot. at 4, 7 (quoting Harada Dep. 261:13–19).)  The transcript from that deposition

25 spans 337 pages and includes more than a dozen exhibits.

26 In January 2016 – after Mr. Harada's SEMEX-related work for SEMA came to

27 natural close upon the planned transfer of SEMEX to Hisense (Benson Decl. Ex. B, at 2) – Mr.

28

SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S
OPPOSITION TO THE TOSHIBA DEFENDANTS' MOTION TO CONTINUE TRIAL SUBPOENA
CASE NO. 13-1173-JST │ MASTER FILE NO. 07-cv-5944, MDL NO. 1917

1   Harada transitioned to another temporary position at Sharp Manufacturing Company of America

2   ("SMCA"), a division of Sharp Electronics Corporation located in Memphis, Tennessee.  (Lau

3   Decl. ¶ 11, ECF No. 4939-1; Benson Decl. ¶ 7).)  That position lasted until April 2016 (Benson

4   Decl. ¶ 9), during which time Mr. Harada resided in Memphis.  (Lau Decl. ¶¶ 11–12, ECF No.

5   4939-1.)

6          Without consulting counsel for Sharp, the Toshiba Defendants served Mr. Harada

7   at SMCA's offices with a trial subpoena issued by the Northern District of California dated

8   March 11, 2016.  (Lau Decl. Ex. G, at 3, ECF No. 4939-8.)  The subpoena specified September

9   7, 2016 as the date of compliance, and this Court as the place of compliance.  (Lau Decl. Ex. G,

10  at 3, ECF No. 4939-8.)   At the time that he received the subpoena, Mr. Harada's temporary

11  employment was to end the following month, and he was to resume retirement and return to

12  Japan.  (Benson Decl. ¶¶ 8–9.)  In fact, he had made travel arrangements in February 2016,

13  weeks before receiving the subpoena.  (Benson Decl. Ex. C, at 2.)  He carried through with those

14  plans as regularly scheduled.  (Benson Decl. ¶ 9.)

15          On May 24, 2016, this Court issued an order continuing the trial date in the Sharp

16  action until March 6, 2017.  (Case Management Order at 2, ECF No. 4658.)  Accordingly, before

17  the September 7, 2016 return date for the original invalid subpoena, the Toshiba Defendants

18  acknowledged that Mr. Harada had no obligation to appear in September.  (Lau Decl. Ex. G, at 2,

19  ECF No. 4939-8.)  Under the deadlines the Sharp Plaintiffs and Defendants had agreed upon for

20  exchanging pre-trial materials, Defendants had not yet at that time disclosed their proposed list

21  of witnesses.  Plaintiffs hoped that the Toshiba Defendants would ultimately choose not to pursue

22  the facially invalid subpoena for Mr. Harada with regard to the March trial.  Counsel was

23  nonetheless prepared to file a motion quash as part of the pre-trial proceedings in this action, if

24  and when Defendants ultimately listed him on their live witness list.[3]  (Defendants did so two

25

26  ───────────────────
    [3]   As noted above, continuing the subpoena would serve no purpose given its facial invalidity,
27        and would generate multiple, duplicative proceedings on this issue.  However, if the Court
          prefers, counsel is prepared to file a separate motion to quash the subpoena.
28

1   days ago on October 18, 2016 when they served their live witness list pursuant to the pre-trial

2   schedule in this action. (Order Setting Pre-Trial Schedule for Sharp Trial at 3, ECF No. 4828.))

3          On October 6, 2016, prior to serving their live witness list, the Toshiba

4   Defendants filed this motion to continue their March 2016 subpoena to the new trial date.  (Mot.,

5   ECF No. 4939.)  On October 12, 2016, the Thomson Defendants filed a joinder in the Toshiba

6   Defendants' motion.  (Thomson Defs.' Joinder to Co-Defendants' Outstanding Mot. to Continue

7   Trial Subpoena, ECF No. 4959.)

8                                            **ARGUMENT**

9   **I.     THE TOSHIBA DEFENDANTS' TRIAL SUBPOENA OF MR. HARADA WAS
            AND IS INVALID AND UNENFORCEABLE BECAUSE IT VIOLATES THE**
10  **       GEOGRAPHICAL LIMITS OF FEDERAL RULE OF CIVIL PROCEDURE 45**

11         The Toshiba Defendants' motion to continue the trial subpoena of Mr. Harada

12  should be denied because their subpoena was never valid or enforceable to begin with.  It

13  accordingly remains invalid and unenforceable as to the new trial date.

14         The trial subpoena that the Toshiba Defendants served on Mr. Harada in

15  Memphis, Tennessee, was invalid and unenforceable when served because it purported to compel

16  compliance beyond the geographical limits in Federal Rule of Civil Procedure 45(c).  Under

17  Rule 45, a subpoena may not command a person to attend trial more than 100 miles from, and

18  outside the state, where the person resides, is employed, or regularly transacts business in person.

19  Fed. R. Civ. P. 45(c)(1).  These geographical limits are absolute and non-discretionary:  courts

20  "must quash or modify a subpoena that . . . requires a person to comply beyond the geographical

21  limits specified in Rule 45(c)."  Fed. R. Civ. P. 45(d)(3)(A).[4]  Courts in the Ninth Circuit have

22

23  [4]    Of course, Federal Rule of Evidence 32 expressly authorizes use of deposition testimony at
           trial against a party who was represented at the deposition, where the witness is more than
24         100 miles from the courthouse and/or outside the country.  *See* Fed. R. Civ. P. 32(a)(1), (4);
           *see also Johnson v. Bay Area Rapid Transit Dist.*, No. C-09-0901 EMC, 2014 WL 2514542,
25         at *3 (N.D. Cal. June 4, 2014).  In this case, counsel for the Toshiba Defendants, Chris
           Curran, deposed Mr. Harada over two days in May 2015, and may use that videotaped
26         deposition at trial as permitted by the Federal Rules of Evidence.  (Benson Decl. Ex. A, at
           11:6, 180:12.)  As a result, the Toshiba Defendants suffer no prejudice from their inability to
27         validly subpoena Mr. Harada under Rule 45's limits.

28

5

SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S
OPPOSITION TO THE TOSHIBA DEFENDANTS' MOTION TO CONTINUE TRIAL SUBPOENA
CASE NO. 13-1173-JST │ MASTER FILE NO. 07-CV-5944, MDL NO. 1917

1   routinely acknowledged these requirements.  *See Hangarter v. Provident Life & Acc. Ins. Co.*,

2   373 F.3d 998, 1019 (9th Cir. 2004) (witness's residence in Alabama "placed him outside the

3   court's subpoena power under Fed. R. Civ. P. 45"); *Baker v. Bayer Healthcare Pharm. Inc.*, No.

4   13-CV-00490-TEH, 2015 WL 4456085, at *3 (N.D. Cal. July 21, 2015) (in a venue transfer case,

5   noting that for a court in the Northern District of California, under Rule 45, "compulsory process

6   of witnesses is . . . entirely unavailable for Indiana witnesses"); *PCT Int'l Inc. v. Holland Elecs.*

7   *LLC*, No. CV-12-01797-PHX-JAT, 2015 WL 4480342, at *1 (D. Ariz. July 21, 2015) (noting that

8   the court had previously quashed subpoenas served on witnesses residing outside the state and

9   located over 100 miles from the court); *Iorio v. Allianz Life Ins. Co. of N. Am.*, No. 05CV633 JLS

10  (CAB), 2009 WL 3415689, at *2–5 (S.D. Cal. Oct. 21, 2009) (granting motion to quash

11  subpoenas served on current and former employees who would need to travel more than 100

12  miles to attend trial).

13          The Toshiba Defendants served their March 2016 trial subpoena on Mr. Harada at

14  the offices of SMCA in Memphis, Tennessee, where Mr. Harada was living and working at the

15  time.  (Benson Decl. ¶¶ 7–8.)  As the Toshiba Defendants acknowledge, they were aware at the

16  time they served Mr. Harada that he had moved from California to Memphis (Mot. at 4), and

17  they were aware he was then working in Tennessee.  (Lau Decl. ¶ 11, ECF No. 4939-1.)

18  Defendants do not argue that Mr. Harada still regularly conducted business in California as of

19  March 2016.  Indeed, the record reflects that Mr. Harada's work for SEMA in California

20  supporting SEMEX operations ended at the same time that Hisense acquired SEMEX.  The

21  subpoena is therefore invalid.

22          None of the law that the Toshiba Defendants cite suggests otherwise.  At best,

23  their cases stand for the proposition that a change in date will not necessarily moot a subpoena—

24  where that subpoena was <u>otherwise validly issued</u>.  (Even this conclusion is not, incidentally,

25  uniform.[5])  Because the subpoena here was invalid from the start, the Toshiba Defendants' cases

26  _____

27  [5]   In *Gaudin v. Remis*, the court held that a subpoena to appear at a court proceeding does not
        automatically "float" to the new date when the court continues the proceeding, and that,
        "[a]s a general rule, the continuance nullifies the subpoena" unless the parties or the court

28

1    are all inapposite.  The decision in *Ringel v. County of Riverside*, for example, comprises a single

2    sentence ordering that all trial subpoenas <u>properly served</u> are continued.  (*See* Benson Decl. Ex.

3    D (*Ringel v. Cnty. of Riverside*, No. 2:04-cv-01363-SGL, slip op. at 1 (C.D. Cal. Aug. 1, 2007),

4    ECF No. 117).)  And in *Shulton, Inc. v. Optel Corp.*, a valid subpoena was issued and the absent

5    deponent offered no "excuse or reason why she could not be deposed on" the new date, causing

6    the court to rule that because there had been no "showing of inconvenience, harassment, or

7    misuse of the Rules," the subpoena imposed a continuing duty to attend.  126 F.R.D. 80, 81–82

8    (S.D. Fla. 1989).  In this case, in contrast, the Toshiba Defendants' own motion shows that it

9    would be inconvenient for Mr. Harada to attend trial, as he has now retired to Japan, and the

10   subpoena was never valid to begin with, as discussed above.

11           The Toshiba Defendants' motion also fails for a separate, independent reason.

12   Even if the first subpoena were valid to begin with – and it was not – courts have held the

13   operative timeframe for determining whether an individual resides, is employed, or regularly

14   conducts business within 100 miles of the courthouse or in the state for purposes of Rule 45 is

15   the time noticed for <u>compliance</u> on the subpoena.  *See Comm-Tract Corp. v. N. Telecom, Inc.*,

16   168 F.R.D. 4, 7 (D. Mass. 1996); *see also In re Application of Yukos Hydrocarbons Invs. Ltd.*,

17   No. 5:09-MC-0078 (NAM/DEP), 2009 WL 5216951, at *4 (N.D.N.Y. Dec. 30, 2009).  Much like

18   the instant case, in *Comm-Tract*, an antitrust action, an employee witness accepted a job in Hong

19   Kong and was then served with a trial subpoena before he left the United States.  *Comm-Tract*,

20   168 F.R.D. at 5.  The court quashed the subpoena because "[i]n the absence of any evidence that

21   [the witness's] move to Hong Kong was anything more than the result of a legitimate decision to

22   change his employment and residence, he is entitled to the protections of Rule 45(c)."  *Id.* at 7.

23   Similarly, in *In re Application of Yukos Hydrocarbons Investments*, a witness formerly employed

24

25           "take action to continue the subpoena to the new date." No. 00-00765 SPK-LEK, 2007 WL
26           294130, at *3 (D. Haw. Jan. 29, 2007); *see also Compton v. Torch, Inc.*, No. CIV. A. 99-
             0549, 2000 WL 622604, at *4 (E.D. La. May 11, 2000) (continuance of the trial nullified the
27           subpoena and rendered moot the motion to quash the trial subpoena), *aff'd*, 277 F.3d 1373
             (5th Cir. 2001).
28

1    by a related company and based in Russia was served with a deposition subpoena while

2    temporarily living in New York for a period of several months, but moved back to Russia just a

3    few weeks before the scheduled trial date for work-related reasons.  *See* 2009 WL 5216951, at

4    *6.  The court quashed the subpoena because, as of the time of the scheduled testimony, the

5    witness was in Russia and "due to his employment situation he did not intend to remain in" New

6    York "for now and extending into the foreseeable future."  *Id.*

7              There is no unfair surprise or foul play of any kind here, and no prejudice to the

8    Toshiba Defendants.  The Toshiba Defendants knew that Mr. Harada did not reside within the

9    geographical reach of Rule 45 when he was served in March of 2015, and they also know he

10   does not today.  The Toshiba Defendants served their subpoena on Mr. Harada while he was

11   residing and working in Tennessee.[6]  The Toshiba Defendants also had a full opportunity to

12   obtain testimony from Mr. Harada during a two-day deposition.  Mr. Curran, counsel for the

13   Toshiba Defendants, questioned Mr. Harada on a wide range of issues, including his

14   employment, and Mr. Harada explained he expected his temporary position (which had started in

15   March 2015) was expected to last "around a year."  (Mot. at 4, 7 (quoting Harada Dep. 261:13–

16   19).)[7]  Thus, like the witnesses in *Comm-Tract* and *Yukos*, Mr. Harada's departure from the

17   United States due to the natural end of his employment, pursuant to plans that predated his

18

---

19   [6]   While the Toshiba Defendants vaguely assert that Mr. Harada in the past "continued to work
20         with Sharp" following his first retirement in 2011, they do not contend he continues to work
         for Sharp or otherwise lives or works inside the geographical limits of Rule 45.  (*See* Mot. at
21         9.)  In any case, it is irrelevant under the rules whether Sharp conceivably retains any
         "measure of control" over Mr. Harada in his retirement (Sharp does not), as the
22         geographical rules apply in equal force to a party's officers and employees.  *See* Fed. R. Civ.
         P. 45(c) advisory committee's note to 2013 amendment ("Rule 45(c)(1)(A) does not
23         authorize a subpoena for trial to require a party or party officer to travel more than 100
         miles unless the party or party officer resides, is employed, or regularly transacts business in
24         person in the state.").

25   [7]   Though irrelevant to the Rule 45 analysis, the Toshiba Defendants appear to complain that
26         counsel for the Sharp Plaintiffs did not inform them of the precise timing of Mr. Harada's
         planned departure.  The Toshiba Defendants did not meet and confer with Sharp before
27         attempting to subpoena Mr. Harada in either March or August.  Had they done so, Sharp
         could have confirmed Mr. Harada's planned departure date.
28

1   receipt of the subpoena, provides no basis for the Toshiba Defendants to compel his attendance at

2   trial.

3   **II.      THE MOTION TO CONTINUE MUST ALSO BE DENIED AS TO THE
           THOMSON DEFENDANTS**

4

5          For the aforementioned reasons, the Court should likewise deny the motion to

6   continue Mr. Harada's trial subpoena as to defendants Thomson Consumer Electronics, Inc. and

7   Thomson SA, who filed a joinder on October 12, 2016.

8                                     **CONCLUSION**

9          For the foregoing reasons, the Court should deny the Toshiba Defendants' Motion

10  to Continue their Trial Subpoena of Nobuo Harada.

11      DATED:  October 20, 2016        By:    */s/ Craig A. Benson*

12

13                                     Kenneth A. Gallo (*pro hac vice*)
                                       Joseph J. Simons (*pro hac vice*)
                                       Craig A. Benson (*pro hac vice*)
14                                     **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
                                       2001 K Street, NW
15                                     Washington, DC  20006
                                       Telephone: (202) 223-7300
16                                     Facsimile: (202) 223-7420
                                       Email: kgallo@paulweiss.com
17                                     Email: jsimons@paulweiss.com
                                       Email: cbenson@paulweiss.com
18

19                                     Stephen E. Taylor (SBN 058452)
                                       Jonathan A. Patchen (SBN 237346)
20                                     **TAYLOR & COMPANY LAW OFFICES, LLP**
                                       One Ferry Building, Suite 355
21                                     San Francisco, California  94111
                                       Telephone:  (415) 788-8200
22                                     Facsimile:  (415) 788-8208
                                       Email: staylor@tcolaw.com
23                                     Email: jpatchen@tcolaw.com
24

25                                     *Attorneys for Plaintiffs Sharp Electronics Corporation and
                                       Sharp Electronics Manufacturing Co. of America, Inc.*
26

27

28

1

**CERTIFICATE OF SERVICE**

2

On October 20, 2016, I caused a copy of Sharp Electronics Corporation and Sharp

3

Electronics Manufacturing Co. of America, Inc.'s Opposition to the Toshiba Defendants' Motion

4

to Continue Trial Subpoena to be electronically filed via the Court's Electronic Case Filing

5

System, which constitutes service in this action pursuant to the Court's order of September 29,

6

2008.

7

8

9    DATED:  October 20, 2016          By: */s/ Craig A. Benson*
                                               Craig A. Benson

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---