UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917<br>Case No. C-07-5944 JST |
| This Order Relates To:<br><br>ALL DIRECT ACTION PLAINTIFFS | **ORDER DENYING MOTION IN LIMINE RE TESTIMONY OF KENNETH ELZINGA** |

Defendants have filed a Joint Motion to Exclude Certain Expert Testimony of Professor Kenneth Elzinga. ECF No. 3174 ("Elzinga Mot."). The motion is fully briefed. See ECF Nos. 3404 ("Elzinga Opp'n."), 3522 ("Elzinga Reply"). The Court denies the motion.

Professor Elzinga, an economist, submitted two reports in connection with this case. See ECF No. 3173-6 at 5-224 ("Elzinga Report"), 226-388 ("Elzinga Rebuttal"). Defendants seek to exclude some portion of pages 79-151 of the Elzinga Report and of pages 37-62 of the Elzinga Rebuttal.[1] Defendants argue that the challenged pages (1) reflect a narrative of the facts divorced from expert analysis, (2) contain improper opinions consisting of legal conclusions, and (3) offer improper opinion as to subjective intent, motive, or state of mind. Id. at 7-13, Elzinga Reply at 1-11.

As a preliminary matter, the expert report is hearsay, and therefore inadmissible. E.g., Arizona, Dep't of Law, Civil Rights Div. v. ASARCO, L.L.C., 844 F. Supp. 2d 957, 965 (D. Ariz.

---

[1] Precisely which portions they seek to exclude is unclear: in the body of the motion, Defendants ask the Court to "preclude Professor Elzinga from presenting a narrative at trial, inferences about the existence of 'agreements,' and inferences about Defendants' motive and intent." ECF No. 3174 at 21. Presumably, this is something less than all of the cited portions of Professor Elzinga's report. Without further guidance, however, the Court proceeds to decide the motion as though it is directed to all of the cited portions.

2011), aff'd sub nom. Arizona v. Asarco LLC, 543 F. App'x 702 (9th Cir. 2013), adhered to on reh'g en banc, 773 F.3d 1050 (9th Cir. 2014), and aff'd sub nom. Arizona v. ASARCO LLC, 773 F.3d 1050 (9th Cir. 2014).  Thus, the jury is unlikely to see the document itself in the absence of a stipulation.  If Professor Elzinga wants to relate his opinions or the basis of them to the jury, he will have to do so from the witness stand.

Turning to the substance of Professor Elzinga's report, his opinions generally are as follows:

> (1)    Conditions in the CRT industry (including a high combined market share, impediments to entry, and a small elasticity of supply) would be conducive to the effective operation of a conspiracy to fix prices;
>
> (2)    The Defendants and co-conspirators behaved in a manner that is consistent with the operation of a cartel and inconsistent with non-cooperative oligopolistic competition; and
>
> (3)    Based on the economic evidence and CRT industry conditions, he would expect the conspirators could effectively raise tube prices.

ECF No. 3403-4 at 9 (summarizing opinions).

The "narrative" to which Defendants object is a recitation of the facts Professor Elzinga has gathered from the evidence.  He bases his expert opinions on these facts, and he is entitled to assume the truth of these facts in giving his opinions.  If Plaintiffs fail to prove those facts, Defendants may comment on that failure to the jury and urge it to reject Dr. Elzinga's opinions as not supported by the evidence.  Moreover, "[e]conomists often explain whether conduct is indicative of collusion.  For example, courts have held that an expert is permitted to testify that the 'climate' of a specific market was consistent with a conspiracy." U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 3, AFL-CIO, 313 F. Supp. 2d 213, 240 (S.D.N.Y. 2004) (citing In re Polypropylene Carpet Antitrust Litigation, 93 F. Supp. 2d 1348, 1355 (N.D. Ga. 2000) (denying in part defendants' motion to exclude plaintiffs' expert testimony because the expert's proposed testimony "that the climate of the polypropylene market during the relevant time period was consistent with a finding that Defendants engaged in a conspiracy to fix prices" would be "helpful to the trier of fact") and Re/Max Int'l, Inc. v. Realty One, Inc., 173 F.3d 995, 1003, 1010-11 (6th Cir. 1999) (expert economist, after describing conditions in respective markets,

1    opportunities for collusion, evidence pointing to collusion, terms of certain undisputed
2    agreements, and market behavior, expressed opinion that there was concert of action consistent
3    with plaintiff's conspiracy theory)).  That is what Professor Elzinga is doing here.
4        With regard to Defendants' concern that Professor Elzinga strays into expressing improper
5    legal conclusions, "Rule 704(a) [of the Federal Rules of Evidence] states that opinion testimony is
6    not objectionable on the grounds it embraces an ultimate issue in the case."  Charles Alan Wright
7    & Victor Gold, 29 Fed. Prac. & Proc. Evid. § 6284 (2d ed. 2016).  "That said, 'an expert witness
8    cannot give an opinion as to her *legal conclusion,* i.e., an opinion on an ultimate issue of law.'"
9    Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1016 (9th Cir. 2004) (quotation
10   omitted).  And "while there is the fine line between a permissible conclusion as to an ultimate
11   issue of fact and an impermissible legal conclusion," In re Air Disaster at Lockerbie Scotland on
12   Dec. 21, 1988, 37 F.3d 804, 827 (2d Cir. 1994), here the line should not be difficult to draw.
13   Professor Elzinga will be permitted to testify that both Defendants' conduct and market conditions
14   were consistent with a conspiracy to fix the prices of cathode ray tubes.  He will not be allowed to
15   testify that Defendants actually reached an agreement, or make statements about the subjective
16   state of mind of Defendants' employees and agents.

## CONCLUSION

18   For the foregoing reasons, Defendants' Joint Motion to Exclude Certain Expert Testimony
19   of Professor Kenneth Elzinga is denied.
20   IT IS SO ORDERED.
21   Dated: October 25, 2016

_____
JON S. TIGAR
United States District Judge