Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 JST<br>MDL No. 1917 |
| This Document Relates to:<br><br>Case No. 13-cv-1173-JST (N.D. Cal.)<br><br>SHARP ELECTRONICS CORPORATION; SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>HITACHI, LTD., *et al.*,<br><br>Defendants. | **THE TOSHIBA DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO CONTINUE TRIAL SUBPOENA**<br><br>Date: November 17, 2016<br>Time: 2:00 p.m.<br>Courtroom: 9, 19th Floor<br><br>The Honorable Jon S. Tigar |



White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**TABLE OF CONTENTS**

Page

INTRODUCTION .......... 1

ARGUMENT .......... 2

I. The Toshiba Defendants' Motion Should Be Granted Because Sharp Does Not Respond To The Motion At Hand, But Improperly Attempts To Argue A Motion To Quash That It Strategically Decided Not To File .......... 2

II. Sharp's Belated Attempt To Quash The Harada Subpoena Fails Because Sharp Missed Its Opportunity To File A Timely Motion To Quash And Has No Grounds To Claim The Protections Provided Under Rule 45(c) .......... 4

A. Sharp Has Failed To File A "Timely" Motion to Quash .......... 5

B. The Trial Subpoena Is Valid Because Mr. Harada Does Regularly Transact Business In Person In California .......... 7

C. Sharp And Mr. Harada Have Waived Their Ability To Rely On The Geographic Limitations Of Rule 45 Of The Federal Rules Of Civil Procedure .......... 9

III. Because Mr. Harada Is Subject To A Valid Trial Subpoena The Court Should Enforce The Ninth Circuit's "Strong Preference" For Live Testimony .......... 12

CONCLUSION .......... 13

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Amtrust N. Am., Inc. v. Safebuilt Ins. Servs., Inc.*,
No. 2:16-MC-0145 KJM AC, 2016 WL 5469257 (E.D. Cal. Sept. 29, 2016) ..... 6

*Avila v. Cate*,
Case No. 1:09-cv-00918-LJO-SKO PC, 2014 U.S. Dist LEXIS 15045 (E.D. Cal. Feb. 6, 2014) ..... 6

*Brooks v. Charter Twp. of Clinton*,
Case No. 12-CV-12880, 2014 U.S. Dist. LEXIS 43087 (E.D. Mich. Mar. 31, 2014) ..... 10

*Celador Int'l Ltd. v. The Walt Disney Co.*,
Case No. 2:04-cv-03541-VAP-RNB, slip op. (C.D. Cal. Apr. 27, 2010) ..... 3

*Comm-Tract Corp. v. N. Telecom, Inc.*,
168 F.R.D. 4 (D. Mass. 1996) ..... 6, 9

*Compton v. Torch, Inc.*,
Civil No. Civ.A.99-0549, 2000 WL 622604 (E.D. La. May 11, 2000) ..... 4

*Gaudin v. Remis*,
No. 00-00765 SPK-LEK, 2007 WL 294130 (D. Haw. Jan 29, 2007) ..... 4

*Halliburton Energy Servs., Inc. v. M-I, LLC*,
Misc. Action No. H-06-mc-00053, 2006 U.S. Dist. LEXIS 66374 (S.D. Tex. Sept. 15, 2006) ..... 8

*In re Application of Yukos Hydrocarbons Inv. Ltd.*,
Civ. Action No. 5:09-MC-0078 (NAM/DEP), 2009 WL 5216951 (N.D.N.Y. Dec. 30, 2009) ..... 7, 9

*In re Motorsports Merchandise Antitrust Litig.*,
186 F.R.D. 344 (W.D. Va. 1999) ..... 6

*Iorio v. Allianz Life Ins. Co. of N. Am.*,
No. 05cv633 JLS (CAB), 2009 WL 3415689 (S.D. Cal. Oct. 21, 2009) ..... 5, 6

*Mfrs. Life Ins. Co., v. Tullis,*
Civil Action No. 90-2859, 1992 U.S. Dist. LEXIS 7264 (E.D. La. May 19, 1992) ..... 3

*Montgomery-Smith v. Louisiana Dep't of Health and Hospitals*,
No. 2:08-cv-04737-MVL-DEK, slip op. (E.D. La. Oct. 26, 2011) ..... 3

*Obrey v. England*,
215 Fed. App'x 621, 2006 WL 3825350 (9th Cir. Dec. 26, 2006) ..... 12

*PCT Int'l Inc. v. Holland Electronics LLC*,
No. CV-12-01797-PHX-JAT, 2015 WL 4480342 (D. Ariz. July 21, 2015) ..... 6-7

*Ringel v. Cnty. of Riverside*
No. 2:04-cv-01363-SGL, slip op. (C.D. Cal. Aug. 1, 2007) ..... 2, 3

*Ryl-Kuchar v. Care Centers, Inc.*,
No. 1:05-cv-03223, slip op. (N.D. Ill. Apr. 17, 2007) ..... 3

*Shulton, Inc. v. Optel Corp.*
126 F.R.D. 80 (S.D. Fla. 1989) ..... 3-4

*United States v. Snyder*,
413 F.2d 288 (9th Cir. 1969) ..... 2, 7

*United States v. Yida*,
498 F.3d 945 (9th Cir. 2007) ..... 12

*Williams v. City of Dallas*,
178 F.R.D. 103 (N.D. Tex. 1998) ..... 8

**Rules**

Fed. R. Civ. P. 32 ..... 12

Fed. R. Civ. P. 45 ..... *passim*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## INTRODUCTION

In opposing the Toshiba Defendants' motion to continue, Sharp attempts to argue a motion to quash that it has never actually filed. Sharp's improper attempt to make those arguments, however, only supports the Toshiba Defendants' request that the trial subpoena served on Nobuo Harada be continued to the new trial date of March 6, 2017, because that unopposed trial subpoena remains binding and should be continued as a matter of course. Further, Sharp's attempt to assert its motion to quash, albeit improperly in response to the Toshiba Defendants' motion to continue, highlights that Sharp has already missed its opportunity to timely file such a motion, as required under Rule 45 of the Federal Rules of Civil Procedure. Notably, in the entirety of its opposition, Sharp offers no suitable explanation why, over seven months after the subpoena was served, it has not yet sought to quash that subpoena, even though the Toshiba Defendants have given Sharp every indication that they would seek to enforce that validly served subpoena.

Moreover, despite Sharp's protestations otherwise, the trial subpoena served by the Toshiba Defendants on Mr. Harada is, in fact, valid, as the record in this case shows that Mr. Harada does regularly transact business in California. It is Mr. Harada's established practice to conduct business in California, work elsewhere, and then return to the state to conduct business again, even in "retirement." Nevertheless, the Court does not even need to make the assessment as to whether Mr. Harada does still regularly conduct business in California because the record supports the inference that Sharp's strategic manipulations to Mr. Harada's work status and place of employment were not part of a legitimate work-related strategy, but were made pursuant to Sharp's intention to prevent Mr. Harada from testifying. Sharp's efforts to orchestrate a scenario where Mr. Harada would not be subject to the validly-served subpoena waive its ability to seek the protections provided for would-be witnesses under Rule 45 of the Federal Rules of Civil Procedure.

Accordingly, because Sharp has not adequately responded to the Toshiba Defendants' motion to continue and has waived its ability to file a motion to quash, the Toshiba

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Defendants' motion should be granted, and Mr. Harada's obligation to appear at trial to testify should be continued to the new trial date.

## ARGUMENT

### I. The Toshiba Defendants' Motion Should Be Granted Because Sharp Does Not Respond To The Motion At Hand, But Improperly Attempts To Argue A Motion To Quash That It Strategically Decided Not To File

On October 6, 2016, the Toshiba Defendants filed a motion to continue trial subpoena, seeking to continue the trial subpoena that they served on Nobuo Harada on March 16, 2016, to the new trial date in this action. *See* ECF No. 4958. On October 20, 2016, Sharp nominally filed its opposition to the Toshiba Defendants' motion to continue. ECF No. 4972. In reality, Sharp did not respond to the Toshiba Defendants' motion, choosing instead to improperly argue a motion to quash that it has, to date, strategically decided not to file. Sharp's failure to respond to the motion that the Toshiba Defendants actually filed is reason enough for the Court to grant the Toshiba Defendants' motion to continue.

In their motion, the Toshiba Defendants highlighted that courts grant motions to continue as a matter of course, and listed nine cases standing for that proposition. ECF No. 4958, at 5-6. Sharp addressed only two of those cases and ignored the rest. Notably, Sharp did not comment on the Ninth Circuit case *United States v. Snyder*, 413 F.2d 288 (9th Cir. 1969). In *Snyder*, the Ninth Circuit ruled that when a subpoena is served it "creates a continuing obligation until the person subpoenaed has been released from it," and, critically, puts the onus on the "person subpoenaed" to file a motion to quash if that person needs to seek relief from the subpoena. *Id*. at 289, 290 (citing reasons to seek relief including "abuse of process" or "legitimate inconvenience"). Here, Sharp (and Mr. Harada) made the strategic decision not to file a motion to quash. Accordingly, the subpoena that the Toshiba Defendants served on Mr. Harada is still binding, and his obligation to appear to testify at trial should be continued to the new trial date of March 6, 2017.

Moreover, Sharp's attempt to distinguish two of the cases cited by the Toshiba Defendants — *Ringel v. Cnty. of Riverside*, No. 2:04-cv-01363-SGL, slip op. at 1 (C.D. Cal.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Aug. 1, 2007), (available on the *Ringel* docket at ECF No. 117) and *Shulton, Inc. v. Optel Corp.*, 126 F.R.D. 80, 81-82 (S.D. Fla. 1989) — does not undermine the Toshiba Defendants' motion. First, as to *Ringel*, Sharp seeks to minimize the value of that precedent by stating that it only "comprises a single sentence . . . ." ECF No. 4972, at 7. But, of the nine cases that the Toshiba Defendants identified for the proposition that trial subpoenas are granted as a matter of course, over half of them range from a single line to under two pages of text. *See Mfrs. Life Ins. Co., v. Tullis*, No. 90-2859, 1992 U.S. Dist. LEXIS 7264, at *1 (E.D. La. May 19, 1992); *Montgomery-Smith v. Louisiana Dep't of Health and Hospitals*, No. 2:08-cv-04737-MVL-DEK, slip op. at 1 (E.D. La. Oct. 26, 2011) (available on the *Montgomery-Smith* docket at ECF No. 156); *Celador Int'l Ltd. v. The Walt Disney Co.*, No. 2:04-cv-03541-VAP-RNB, slip op. at 2 (C.D. Cal. Apr. 27, 2010) (available on the *Celador* docket at ECF No. 584); *Ringel*, No. 2:04-cv-01363-SGL, slip op. at 1 (C.D. Cal. Aug. 1, 2007) (available on the *Ringel* docket at ECF No. 117); *Ryl-Kuchar v. Care Centers, Inc.*, No. 1:05-cv-03223, slip op. at 1 (N.D. Ill. Apr. 17, 2007) (available on the *Ryl-Kuchar* docket at ECF No. 222). The brevity of those courts' opinions in granting motions to continue underscores the simplicity of the Toshiba Defendants' position: because Mr. Harada was served with the subpoena and Sharp has not filed a timely motion to quash, Mr. Harada's subpoena should be continued to the new trial date.

Sharp also seeks to distinguish *Ringel* on the grounds that it stands for the proposition that only "properly served" trial subpoenas should be continued. ECF No. 4972, at 7 (emphasis in original). Here again, Sharp puts the cart before the horse, claiming that it should enjoy the protections of Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure, but ignoring that it has not filed a "timely motion" to obtain those protections. Fed. R. Civ. P. 45(d)(3)(A). Sharp's analysis of *Shulton, Inc. v. Optel Corp.*, 126 F.R.D. 80, 81-82 (S.D. Fla. 1989), is equally flawed, as *Shulton*, like *Snyder*, stands for the proposition that a trial subpoena should be continued, unless the subpoenaed person successfully files a timely motion to quash. *See Shulton*, 126 F.R.D. at 82 (holding the target of the subpoena in

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

contempt for failing to obey the Court's subpoena, both by disregarding the subpoena and failing to file a timely motion to quash).

The rest of the cases that Sharp cites in its opposition are inapposite because none of them addresses the scenario where a party deliberately decided not to assert a motion to quash, but still seeks protection under Rule 45. Indeed, the only cases that Sharp attempts to cast as responsive to the Toshiba Defendants' motion to continue are buried in a footnote and cited for the unremarkable proposition that trial subpoenas are not automatically continued unless the serving party takes action to continue them to the new trial date. *See* ECF No. 4972, at 6-7 n.5 (citing *Gaudin v. Remis*, Civil No. 00-00765 SPK-LEK, 2007 WL 294130, at *3 (D. Haw. Jan 29, 2007); *Compton v. Torch, Inc.*, No. Civ.A.99-0549, 2000 WL 622604, at *4 (E.D. La. May 11, 2000)). The Toshiba Defendants took every precaution to ensure that the trial subpoena would be continued, including: (1) attempting to re-serve Mr. Harada with a corrected trial subpoena in August 2016; (2) alerting Sharp's counsel that Mr. Harada should not appear at the originally-scheduled September 2016 trial date; (3) alerting Sharp's counsel that the Toshiba Defendants would file a motion to continue the originally-served subpoena; and (4) timely filing their motion to continue. *See* ECF No. 4958, 4958-8 (Mr. Lau's September 2, 2016 Letter to Mr. Benson).

The Toshiba Defendants have taken the necessary steps to request that the Court continue the trial subpoena originally served on Mr. Harada. The Toshiba Defendants' diligence in this effort stands in stark contrast to Sharp's belated, and procedurally improper, effort to quash the subpoena served on Mr. Harada.

## II. Sharp's Belated Attempt To Quash The Harada Subpoena Fails Because Sharp Missed Its Opportunity To File A Timely Motion To Quash And Has No Grounds To Claim The Protections Provided Under Rule 45(c)

Since March 16, 2016, the Toshiba Defendants have stood ready to oppose Sharp's motion to quash the trial subpoena served on Mr. Harada. But, over seven months later, neither Sharp nor Mr. Harada has filed that motion. In taking that deliberate and calculated strategy, Sharp missed its opportunity to file a "timely motion," as required under Rule

45(d)(3)(A) of the Federal Rules of Civil Procedure. Sharp's attempt to argue its motion to quash now does not remedy its failure to bring its motion earlier, especially when considering that the Toshiba Defendants gave Sharp every indication that they fully intended to call Mr. Harada to testify at trial, and that during the intermediary period between now and when the subpoena was served, Mr. Harada has left his employment with Sharp and departed the country.

Sharp's procedurally improper attempt to argue a motion to quash also fails because Mr. Harada does not have grounds to claim the protections provided subpoenaed parties under Rule 45(c) of the Federal Rules of Civil Procedure. First, Mr. Harada regularly transacts business in person in California. Second, Sharp waived any right to seek Rule 45(c) protections by manipulating Mr. Harada's employment status in order to prevent him from being compelled to testify at trial.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### A. Sharp Has Failed To File A "Timely" Motion to Quash

Sharp has failed to file a "timely motion," as required under Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure. Though Sharp argues that a motion to quash can still be timely filed at any point before the date of compliance (ECF No. 4972, at 1 n.1), that is not the rule. Instead, as noted in *Iorio v. Allianz Life Ins. Co. of N. Am.*, No. 05cv633 JLS (CAB), 2009 WL 3415689, at *4 (S.D. Cal. Oct. 21, 2009), there is no definitive test as to what constitutes a "timely" motion to quash a subpoena. Instead, "the Court must look at the circumstances of the case and determine if the motion was indeed timely." *Id*.

The circumstances of this case show that Sharp has failed to file a timely motion. The Toshiba Defendants have given Sharp every indication that they will enforce the subpoena they served on Mr. Harada on March 16, 2016, including: (1) tracking Mr. Harada from California to Tennessee to serve the subpoena; (2) sending a letter to Sharp on September 2, 2016, alerting it of the Toshiba Defendants' failed effort to re-serve Mr. Harada with an amended trial subpoena reflecting the new trial date of March 6, 2017 (ECF No. 4958-8); (3) notifying Sharp in the same letter that the Toshiba Defendants intend to file a motion to continue the original trial subpoena (*id.*); (4) filing the Toshiba Defendants' motion to

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

continue the trial subpoena on October 6, 2016 (ECF No. 4958); (5) listing Mr. Harada on the Defendants' October 18, 2016 initial witness list; and (6) listing almost thirty documents on the Defendants' initial exhibit list that refer to Mr. Harada. In turn, Sharp's only explanation as to why it has not yet filed a motion to quash is that it "hoped" that the Defendants would not seek to pursue the subpoena. ECF No. 4972, at 4. Sharp's simplistic response does not explain or justify Sharp's extended and strategic delay in responding to the subpoena.

Courts have cited such unjustified delays as grounds to deny motions to quash as untimely. *See In re Motorsports Merchandise Antitrust Litig.*, 186 F.R.D. 344, 350 (W.D. Va. 1999) (denying motion to quash as untimely after non-party inexplicably waited thirty-six days after proper corporate representatives were aware of the subpoena to file a motion to quash); *Avila v. Cate*, Case No. 1:09-cv-00918-LJO-SKO PC, 2014 U.S. Dist. LEXIS 15045, at *7 (E.D. Cal. Feb. 6, 2014) (denying a motion to modify a subpoena because the Court could not envision a "set of circumstances in which a delay of almost one year and seven months would satisfy the requirement of timeliness"). Indeed, in each of the cases that Sharp cited to support its claim that it can still file a timely motion to quash, the parties expeditiously filed their motions to quash soon after the subpoena was served, oftentimes prefacing that action by sending flurries of correspondence demanding the withdrawal of the subpoena or explaining why the subpoena was purportedly invalid. *See Iorio*, 2009 WL 3415689, at *1 (defendant filed motion to quash one month after last of eight subpoenas was issued (and two months after the first) and eleven days after plaintiff filed an *ex parte* application for the Court to resolve the dispute over the subpoenas); *Amtrust N. Am., Inc. v. Safebuilt Ins. Servs., Inc.*, No. 2:16-MC-0145 KJM AC, 2016 WL 5469257, at *1-2 (E.D. Cal. Sept. 29, 2016) (non-party sent letter demanding withdrawal of subpoena two days after being served, and filed motion to quash eleven days after being served); *Comm-Tract Corp. v. N. Telecom, Inc.*, 168 F.R.D. 4, 6 (D. Mass. 1996) (non-party served with a trial subpoena responded to subpoena with "a flurry of correspondence" before filing a motion to quash); *see also PCT Int'l Inc. v. Holland Electronics LLC*, No. CV-12-01797-PHX-JAT, 2015 WL 4480342, at *1 (D. Ariz. July 21, 2015) (defendant filed motions to quash within a fourteen-

day period after plaintiff served subpoenas); *In re Application of Yukos Hydrocarbons Inv. Ltd.*, Civ. Action No. 5:09-MC-0078 (NAM/DEP), 2009 WL 5216951, at *2 (N.D.N.Y. Dec. 30, 2009) (non-party filed motion to quash sixteen days after being served with a subpoena).

In contrast to Sharp's own litany of authorities, Sharp did nothing after the Toshiba Defendants successfully served Mr. Harada with a trial subpoena on March 16, 2016. Sharp never sent a letter, made a call, or filed a motion requesting the subpoena be withdrawn or quashed, or asserting the concerns that Sharp so adamantly states in opposing the Toshiba Defendants' motion to continue. Instead, Sharp simply stalled, allowing Mr. Harada to retire and leave the United States. In light of these circumstances, Sharp forfeited its ability to file a timely motion to quash.

### B. The Trial Subpoena Is Valid Because Mr. Harada Does Regularly Transact Business In Person In California

Sharp spends much of its opposition proclaiming that the Toshiba Defendants' subpoena was invalid and unenforceable when served because it compelled Mr. Harada to testify outside the geographic limits provided for in Rule 45(c) of the Federal Rules of Civil Procedure. ECF No. 4972, at 5-6. Incredibly, Sharp even goes so far as to chide the Toshiba Defendants for not arguing that Mr. Harada regularly conducted business in California in their motion to continue, as if the Toshiba Defendants, not Sharp, had the obligation to raise that issue. ECF No. 4972, at 6; *United States v. Snyder*, 413 F.2d 288, 290 (9th Cir. 1969) (stating that the "person subpoenaed" must file a motion to quash if that person needs to seek relief from the subpoena).

However, Mr. Harada ***does*** regularly conduct business in California. Mr. Harada has worked in California for approximately 300 days over the past two years. *Compare* ECF No. 4958-5 (Mr. Benson's letter to Special Master Walker, announcing that Mr. Harada started working at SEMA, in California, on March 24, 2015) *with* ECF No. 4972-1 (Declaration of Mr. Benson, asserting at ¶7 that Mr. Harada transitioned to SMCA sometime in January 2016). Mr. Harada has also established a pattern of working in California for an extended period of time, transferring elsewhere, and returning to California to transact more business,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

even in "retirement." *See* ECF No. 4972-2 (Harada Dep. Tr. at 35:1-2) (establishing that Mr. Harada ended his nearly seven-year term as President of California-based SEMA in March 2008); (Harada Dep. Tr. 43:2-46:24) (establishing that Mr. Harada retired in 2011, continued to work for Sharp in Poland and Japan for two years each, and then returned to SEMA in March 2015). The fact that Mr. Harada leaves the country for certain periods of time does not belie the fact that he regularly transacts business in California.

Courts have determined that subpoenaed parties "regularly transact business in person" on far less grounds. In *Halliburton Energy Servs., Inc. v. M-I, LLC*, Misc. Action No. H-06-mc-00053, 2006 U.S. Dist. LEXIS 66374, at *2 (S.D. Tex. Sept. 15, 2006), the Court determined that a subpoena served in Houston on a visiting German resident was valid because the targeted individual regularly transacted business in Houston, as evidenced by his practice of spending approximately 40 days per year in Houston over the past ten years, and despite the fact that he returned to Germany for the balance of those years.

Importantly, Sharp has not shown that complying with the subpoena would be unreasonable or oppressive for Mr. Harada. *See id.* at *4 ("The party moving to quash or modify a subpoena 'must meet the heavy burden of establishing that compliance with the subpoena would be unreasonable and oppressive'" (quoting *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)). Sharp asserts that Mr. Harada is now "retired to Japan" (ECF No. 4972, at 7), but by Sharp and Mr. Harada's own admission, Mr. Harada's "retirements" usually find him still working for Sharp. After his first retirement, Mr. Harada continued to work for Sharp in Poland for two years as a "contract employee" in effectively the same role he had before he retired. *See* ECF No. 4972-2 (Harada Dep. Tr. 43:2-44:12) (establishing that after Mr. Harada's first retirement, he worked in Poland as a "contract employee," which was effectively the "same as being a regular employee"). After his second retirement, at the age of 64, Mr. Harada decided to move from Japan to work for Sharp in the United States for almost a year and a half. *Compare* ECF No. 4972-2 (Harada Dep Tr. 46:5-25) (discussing Mr. Harada's decision to work in the United States commencing in March 2015) *with* ECF No. 4972-1, ¶¶8-9 (establishing that Mr. Harada transferred to SMCA and

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

continued to work in the United States until April 2016). Now, as Mr. Harada begins his third retirement, Sharp is asserting that, in contrast to his two previous post-retirement endeavors, it would be too burdensome for Mr. Harada to travel to San Francisco for a limited period of time to provide live testimony at trial.

### C. Sharp And Mr. Harada Have Waived Their Ability To Rely On The Geographic Limitations Of Rule 45 Of The Federal Rules Of Civil Procedure

Sharp cites *Comm-Tract Corp. v. N. Telecom, Inc.*, 168 F.R.D. 4, 7 (D. Mass. 1996), and *In re Application of Yukos Hydrocarbons Invs. Ltd.*, No. 5:09-MC-0078 (NAM/DEP), 2009 WL 5216951, at *4 (N.D.N.Y. Dec. 30, 2009), for the proposition that the operative timeframe for determining whether a subpoena complies with the geographic restrictions in Rule 45(c) of the Federal Rules of Civil Procedure is at the time noticed for compliance on the subpoena. ECF No. 4972, at 7. As noted above, the track record of Mr. Harada's employment in California firmly establishes that he regularly transacts business in the state, and likely will continue to do so. Nevertheless, even assuming that Mr. Harada's retirement is, in fact, a retirement, and that he never will transact business in California again, he should still be obligated to comply with the subpoena.

In *Comm-Tract*, the Court granted the motion to quash, stating that "[i]n the absence of ***any*** evidence that [the target of the subpoena's] move to Hong Kong was ***anything more*** than the result of a legitimate decision to change his employment and residence, he is entitled to the protections" of Rule 45(d)(3)(A). *Comm-Tract Corp.*, 168 F.R.D. at 7 (emphasis added). The Court noted, however, that "the result would be different if the change of location of residence and employment was a sham undertaken for the purpose of evading the requirement that he appear to testify at trial." *Id.*; *see also In re Application of Yukos Hydrocarbons Investments, Ltd.*, 2009 WL 5216951, at *6 n.4 (agreeing with *Comm-Tract* that a move to escape the obligation to testify forfeits the protections under Rule 45 of the Federal Rules of Civil Procedure).

The Court in *Brooks v. Charter Twp. of Clinton*, Case No. 12-CV-12880, 2014 U.S. Dist. LEXIS 43087 (E.D. Mich. Mar. 31, 2014), found sufficient evidence in that case to rule that the target of the subpoena, Julie Fitzgerald — a non-party, but the wife of the defendant — should not enjoy the protections of Rule 45(c) of the Federal Rules of Civil Procedure. *Id*. at *8. Specifically, the Court denied the defendant's (timely filed) motion to quash, explaining that the "the information in the record is sufficient to raise a strong inference that Mrs. Fitzgerald's 'change of location of residence and employment was a sham undertaken for the purpose of evading the requirement that [she] appear to testify.'" *Id*. at *10. In reaching that decision, the Court highlighted that: (1) after Mrs. Fitzgerald was successfully served with her subpoena, she resigned her position on the school board, a position she held for four and a half years, effective one-day before her scheduled deposition; and (2) sold her house and moved over 100 miles away from the location of her scheduled deposition. *Id*. In the absence of evidence that those decisions were made prior to her receipt of the subpoena, the Court refused to afford Mrs. Fitzgerald the Rule 45(c) protections. *Id*.

Here, as in *Brooks*, there is evidence in the record to support the inference that Sharp has manipulated Mr. Harada's employment status and place of residence to prevent Mr. Harada from testifying at trial. First, Mr. Harada was transferred to SMCA before having worked a full year at SEMA. Sharp seeks to frame this abrupt change by asserting that Mr. Harada's employment with SEMA was temporary and only for the purpose of supporting SEMA "leading up to and in connection with the disposition of the company's assets and the SEMEX manufacturing facility to the Hisense Group." ECF No. 4972, at 3. That assertion, however, is belied by Mr. Harada's own testimony, as he mentioned nothing of Hisense during his two-day deposition, stating only that he was working at SEMA "to get new businesses [sic] for SEMEX" and that "it works out better to be in the United States in order to cultivate new business . . . ." ECF No. 4958-7 (Harada Dep. Tr. 260:13-262:7). Mr. Harada's testimony undermines Sharp's after-the-fact effort to explain Mr. Harada's early departure from SEMA, especially when that early departure is placed in the context of his four previous "temporary" positions, where each of them, two in Poland and two in Japan,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

lasted full calendar years. *See* ECF No. 4972-2 (Harada Dep. Tr. 43:2-46:7) (explaining that between 2011 and January 21, 2015, Mr. Harada signed four, one-year contracts, the first two with Sharp Poland and the last two with Sharp Corporation). Indeed, Mr. Harada himself confirmed that he expected his position at SEMA to last for "around a year." ECF No. 4958-7 (Harada Dep. Tr. 261:15-19).

Sharp's attempt to frame Mr. Harada's employment at SMCA suffers from similar deficiencies. Just as with SEMA, Sharp offers no explanation as to why Mr. Harada worked, at most, only four months at that company, let alone on what project, rather than the customary full year. ECF No. 4972, at 3-4 (stating only that Mr. Harada was transitioned to "another temporary position at Sharp Manufacturing Company of America (SMCA)" that lasted until April 2016). Sharp also tries to frame why Mr. Harada departed the United States after receiving his trial subpoena, referencing the Court to a non-descript e-mail from United Airlines that purportedly evinces Mr. Harada's plane ticket home to retirement, though it could have been travel booked for any purpose. ECF No. 4972, at 4 (citing Exhibit C to the Benson Declaration (ECF No. 4972-4)). Notably, Sharp did not attach as an exhibit anything more definitive regarding the conclusion of his employment with SEMA or SMCA, such as a termination of the contract that Mr. Harada signed with SEMA (ECF No. 4958-7) (Harada Dep. Tr. 261:13-24) (establishing that Mr. Harada signed a contract with SEMA)), or a contract with SMCA, which, as Mr. Harada testified, was the customary practice for all of his other "temporary" positions. *See* ECF No. 4972-2 (Harada Dep. Tr. 43:2-46:7).

Given these notable discrepancies between Sharp's articulation as to why Mr. Harada abruptly left the employ of SEMA and SMCA and Mr. Harada's articulation of the usual procedure at his other "temporary" positions, there is sufficient evidence to raise a strong inference that Sharp was manipulating Mr. Harada's employment status to prevent him from testifying at trial. Accordingly, Sharp and Mr. Harada should not be afforded the geographic protections of Rule 45.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**III. Because Mr. Harada Is Subject To A Valid Trial Subpoena The Court Should Enforce The Ninth Circuit's "Strong Preference" For Live Testimony**

Lastly, Sharp argues that continuing the subpoena is unnecessary because the Toshiba Defendants already took Mr. Harada's deposition, and can, pursuant to Rule 32 of the Federal Rules of Civil Procedure, use that testimony at trial, in lieu of Mr. Harada's live testimony. ECF No. 4972, at 5 n.4. Sharp's position ignores the Ninth Circuit's "preference for live testimony," over testimony taken earlier in a case. *See United States v. Yida*, 498 F.3d 945, 950 (9th Cir. 2007) (recounting longstanding preference for live testimony before the jury); *see also Obrey v. England*, 215 Fed. App'x 621, 2006 WL 3825350, at *1 (9th Cir. Dec. 26, 2006) (expressing the Ninth Circuit's "strong preference for oral testimony in open court"). That preference is in accord with the Federal Rules of Civil Procedure and the Federal Rules of Evidence, both of which permit the substitution of deposition testimony for live testimony in only limited situations. Those situations are not applicable here as Mr. Harada is subject to a valid trial subpoena and the obligation for him to appear to testify at trial should be continued to the new trial date.

* * * *

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## CONCLUSION

For these reasons, the Court should issue an Order that continues the trial subpoena previously served on Nobuo Harada to the new trial date of March 6, 2017.

Respectfully submitted,

Dated: October 27, 2016

WHITE & CASE LLP

By: */s/ Lucius B. Lau*

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (pro hac vice)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CERTIFICATE OF SERVICE**

On October 27, 2016, I caused a copy of "THE TOSHIBA DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO CONTINUE TRIAL SUBPOENA" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 2, 2008.

*<u>/s/ Lucius B. Lau</u>*
Lucius B. Lau