[COUNSEL LISTED ON SIGNATURE PAGE]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 (JST) MDL No. 1917 |
| This Document Relates to: *Sears, Roebuck & Co., and Kmart Corporation v. LG Electronics, Inc., et al.*, Case No. 11-cv-5514 (JST) | **JOINT STATUS REPORT** **Judge:** Hon. Jon S. Tigar **Date:** November 8, 2016 **Time:** 9:30 am **Court:** Courtroom 9, 19th Floor |

As requested by the Court at the September 20, 2016 status conference, Plaintiffs Sears, Roebuck & Co. and Kmart Corp. (collectively "Plaintiffs" or "Sears/Kmart") and Defendant LG Electronics ("Defendant" or "LGE") submit this Joint Status Report for the November 8, 2016 Case Management Conference.

**I.   ESTIMATED TRIAL TIME**

**A.   Sears/Kmart's Position**

At the last Case Management Conference, Sears/Kmart explained to this Court that they would be working to streamline their trial presentation with a goal of this case trying in an estimated 5 weeks, with 40 hours per side, not counting opening or closing statements, side bars, or

trial-related events outside the presence of the jury. (The Court has indicated a willingness to try the case on a "chess clock.") Since then, Sears/Kmart have been doing this in various ways.

First, Sears/Kmart have identified deposition testimony designated solely or mainly to establish a foundation to admit a significant number of documents. Sears/Kmart have identified these documents to LGE and requested that LGE stipulate to the admissibility of these documents at trial. LGE has not agreed to stipulate to the admissibility of the designated documents. Accordingly, Sears/Kmart have filed an Administrative Motion that seeks to adopt a procedure such that, for any document ruled admissible by the Court, any trial time spent playing deposition testimony for the sole purpose of authenticating and admitting the exhibit into evidence would count against the party objecting to the exhibit's admissibility. *See* ECF No. 4989.

Second, there are a great many trial exhibits in this case (more than 300) prepared by co-conspirator Chunghwa regarding what Sears/Kmart contend are events reflecting or in furtherance of the conspiracy. Sears/Kmart requested that LGE stipulate to the admissibility of these Chunghwa "conspiracy" documents. The stipulated admissibility of these documents will meaningfully streamline the testimony of Chunghwa witnesses, who will be testifying through an interpreter, which presents its own challenges without having to go through the tedious process of laying the foundation to admit these documents through the Chunghwa witnesses. LGE has indicated a willingness to stipulate to the admissibility of the Chunghwa documents.

Third, Sears/Kmart will present a "summary" witness at trial through whom Sears/Kmart intend to present a large number of trial exhibits which themselves are each admissible. LGE has identified a "summary" witness on its witness list as well. Sears/Kmart have proposed to LGE that the parties stipulate to the admissibility of all exhibits on each "summary" witnesses' charts.

Fourth, Sears/Kmart are in the process of narrowing their witness list, and have narrowed further the witnesses whom we expect to call at trial in Plaintiffs' case-in-chief. Sears/Kmart's witness list for trial identifies 79 witnesses. But of that number, 15 are identified as witnesses that Sears/Kmart presently intends to call in our case-in-chief. Sears/Kmart's trial witness list identifies more witnesses than Sears/Kmart's currently plan to present "live" or via deposition in order to

provide Sears/Kmart with necessary flexibility to present other deposition testimony based on Court rulings, direct or cross examination of witnesses in Sears/Kmart's case-in-chief, or Sears/Kmart's rebuttal.

Fifth, in the Reply in support of their Motion to Bifurcate, ECF No. 4827, LGE stated that it would not challenge whether Hitachi, Panasonic, Toshiba, or Philips withdrew from the conspiracy. *Id*. at 12-13 ("LGE does not currently anticipate litigating before the jury the question whether Hitachi, Panasonic, Toshiba, or Philips withdrew from the alleged conspiracy. As to the remaining withdrawal argument that could conceivably overlap with the bench trial – that as to LGE, related to the formation of LG Philips Displays ('LPD') in 2001 – LGE does not, based on information currently available to it, plan to challenge LGE's control over LPD.") Based on this statement to the Court in its papers, Sears/Kmart sought written confirmation from LGE of this position for purposes of trial, in which event Sears/Kmart would be able to further streamline their trial presentation by eliminating an in-depth focus on these Defendants' relationships with certain joint ventures formed with other members of the conspiracy. On October 26, 2016, LGE reiterated that it did not intend to pursue those affirmative defenses at trial, and Sears/Kmart is submitting a stipulation to LGE to memorialize this position.

Sixth, Sears/Kmart currently have 425 exhibits on our witness list that relate to corporate ownership. In its Motion to Bifurcate, LGE indicated that evidence of corporate relationships would be "based largely on stipulated facts," and that the "parties will stipulate to certain control relationships." *See* ECF No. 4568 at 10. Sears/Kmart have approached LGE about the stipulations relating to the fact of corporate ownership. Although no stipulations have yet been reached, Sears/Kmart are hopeful that the 425 exhibits on their ownership/control exhibit list will be reduced to factual stipulations, which will further streamline Sears/Kmart's trial presentation.

Seventh, the pretrial schedule order by the Court for the parties' trial did not provide for rebuttal designations by either party. Sears/Kmart complied with the schedule (and relied on the schedule) and did not submit rebuttal designations. On October 28, 2016, LGE served on Sears/Kmart rebuttal designations.

On October 31, 2016, Sears/Kmart wrote to LGE and requested that it withdraw its rebuttal designations. Sears/Kmart further noted that the Court already rejected the request by Thomson and Toshiba to designate a third round of deposition designations after Plaintiffs served their counter-designations. *See* ECF Nos. 4805 & 4828.

LGE has not yet provided Sears/Kmart with its position on this issue.

The process of streamlining Sears/Kmart's case for trial is ongoing, and Sears/Kmart will work diligently with LGE in an effort to narrow issues and efficiently try the case.[1]

**B.     LGE's Position**

Since the parties appeared before the Court on September 20, 2016, they have reached a number of agreements relating to pretrial disclosures and streamlining trial. Sears/Kmart, for example, have indicated that they will soon serve a revised exhibit list, which LGE trusts will pare down Sears/Kmart's current list of more than 1,400 exhibits. In light of these agreements, additional efforts discussed below, and the parties' continued efforts to streamline the trial, LGE continues to believe that 35 hours per side of trial time, not counting opening or closing statements, side bars, or trial-related events outside the presence of the jury, will be sufficient.

In addition to the above agreements identified by Sears/Kmart, LGE has secured agreements with Sears/Kmart on the below points.

First, the parties have agreed that, where a translation has only a limited amount of non-substantive foreign language text, and the proponent of the translation will not be relying on the untranslated text, the other party or parties will not object to the exhibit based solely on the fact that the proponent failed to provide a complete translation. The parties will identify and agree upon such instances on a document-by-document basis, and such objections will be withdrawn.

Second, to save time at trial, the parties have agreed that, for translated deposition testimony, the parties will play: (1) the English question; (2) the foreign language answer; and (3) the translated answer (but not the translated question). The parties' agreement is contingent upon their reaching agreement on a statement that would be read to the jury explaining that a translated

---

[1]     LGE itself has identified 75 people on its trial witness list and 797 trial exhibits.

question was necessary at the deposition, but is not being played for the sake of efficiency. The parties acknowledged that certain, limited instances will require deviation from this agreement.

Third, the parties have agreed that various confidentiality markers (*e.g.*, "Highly Confidential" or "Confidential Grand Jury Material") will be removed from any exhibits presented to the jury, with the exception that "Confidential"/"Highly Confidential" markers will remain if an entity successfully obtains a ruling that a particular document be kept under seal for trial purposes.

Fourth, also in the interest of time, the parties have agreed that to the extent that (1) the parties agree that a particular document is a business record, or (2) the Court rules that a particular document is a business record, then the document's proponent need not play deposition testimony at trial solely for the purpose of authenticating the document as a business record. To the extent the parties stipulate to the business record status of a particular document, the parties agree that this does not constitute waiver of other appropriate objections to admissibility, including but not limited to Fed. R. Evid. 403. It is LGE's belief that this agreement, reached after the resolution of a series of communications between counsel that were needed to clarify the issue, moots the motion identified in the first item in Sears/Kmart's list above (*see* ECF No. 4991). LGE understands that Sears/Kmart currently disagree with LGE's position. The parties will continue to meet and confer in advance of LGE's Friday, November 4 deadline to respond to Sears/Kmart motion.

Fifth, the parties have agreed upon proposed protocol for this Court's consideration for resolving potential protective order issues in advance of trial. The parties plan to file a stipulation and proposed order for this Court's consideration later this week to effectuate that proposed protocol.

## II. PLAYING DESIGNATED DEPOSITION TESTIMONY IN WHOLE OR IN PART

### A. Sears/Kmart's Position

Sears/Kmart's position is that if a party introduces any portion of a witness's designated deposition testimony, then under Federal Rule of Evidence 106, the entire portion of the witness's designated deposition testimony should be played or read to the jury. Sears/Kmart believe that playing all of the witness's designated testimony when that testimony is played or read the first time

1  will avoid jury confusion that would or may otherwise result if (for example) the same witness
2  testifies in Sears/Kmart's case-in-chief and again in LGE's defense.

3        Contrary to LGE's position, Sears/Kmart's streamlined approach does not run afoul of the
4  Federal Rules.  Indeed, the Court has broad discretion to "exercise reasonable control over the mode
5  and order of interrogating witnesses and presenting evidence."  Fed. R. Evid. 611(a).  Consistent
6  with Rule 611, the procedure proposed by Sears/Kmart would promote the Court and parties'
7  interests in trying this case in the most efficient manner possible.  *See* Fed. R. Evid. 611(a)(2)
8  (stating that court should exercise control over mode and order of examining witnesses so as to,
9  among other reasons, "avoid wasting time").  Further, it would actually avoid juror confusion, as
10 jurors would not have to recall the testimony of a certain witness who testified by deposition days
11 or even weeks earlier.  LGE's concerns regarding purported prejudice can be easily addressed by
12 instructing the jurors that both parties have designated portions of the deposition as relevant to their
13 respective cases.

14       Additionally, LGE's characterization of this procedure is wholly inaccurate.  Sears/Kmart
15 would not be able to decide for LG which testimony to play during Plaintiffs' case-in-chief any
16 more than LGE would be able to decide for Sears/Kmart which witnesses to play during the defense
17 case.

18     **B.**    <u>**LGE's Position**</u>

19       LGE's position is that, to aid the jury's comprehension of the deposition testimony and
20 which party is offering the deposition testimony, (1) Sears/Kmart's affirmative deposition
21 designations, and LGE's counters to those designations, should be played in Sears/Kmart's case-in-
22 chief; and (2) LGE's affirmative deposition designations, and Sears/Kmart's counters to those
23 designations, should be played in LGE's case-in-chief.  In addition to making it easier for the jury
24 to understand the import of a particular witness's testimony, this format more closely approximates
25 how live witnesses testify at trial; the plaintiffs present their affirmative witnesses in their case-in-
26 chief, while the defendant presents its affirmative testimony in its own case.  Any concerns about
27 jurors' ability to recall a deponent's prior testimony would be alleviated by (1) the fact that, as
28

1  Sears/Kmart have proposed, jurors would have dedicated witness pages in juror notebooks; and (2)
2  the parties can provide brief, stipulated statements to be read to the jury recapitulating a witness's
3  background.

4        Sears/Kmart's contrary approach would prejudice LGE and run afoul of the Federal Rules
5  of Civil Procedure.  Allowing Sears/Kmart to require defense testimony to be presented during
6  Sears/Kmart's case in chief inaccurately suggests to jurors that LGE has failed to mount a defense
7  and/or that Sears/Kmart have far more evidence amassed in their favor than LGE has in its.
8  Sears/Kmart have provided no authority to support such a lopsided and prejudicial approach.
9  Indeed, Federal Rule of Civil Procedure 32 empowers only an adverse party (here, LGE) the option
10 to decide whether its designated testimony will be played together with an offering party's
11 evidence, or not.  *See* Fed. R. Civ. P. 32(a)(6) ("If a party offers in evidence only part of a
12 deposition, an adverse party may require the offeror to introduce other parts that in fairness should
13 be considered with the part introduced, and *any party may itself introduce any other parts*.")
14 (emphasis added).  Sears/Kmart seek to invert this rule by forcing LGE, over its objection, to play
15 its testimony in Sears/Kmart's affirmative case.

16 **III.    POTENTIAL SCHEDULING ISSUE**

17     **A.    Sears/Kmart's Position**

18       Sears/Kmart presently intend to call live at trial two Chunghwa employees who participated
19 in the conspiracy, C.C. Liu and S.J. Yang.  Because both witnesses will testify through interpreters,
20 Sears/Kmart anticipate that they will each require at least two days to testify (including cross-
21 examination and rebuttal).  This poses a potential scheduling problem, because both witnesses must
22 return to China by January 22, 2017, in order to commence the celebration of the Chinese New
23 Year.  Given the Court's Monday-to-Thursday trial schedule and the Martin Luther King Day
24 holiday, there will only be seven trial days prior to January 22, 2017, during which time the parties
25 and the Court must also select a jury and conduct opening statements.  The timing is therefore
26 problematic.  Accordingly, Sears/Kmart ask that the Court allow the parties to present testimony on
27
28

Friday January 20, 2017, so that Sears/Kmart may call these important witnesses before they must return to China.

### B.     LGE's Position

LGE defers to the Court regarding scheduling trial dates and accommodating the Chunghwa witnesses' holiday plans.  LGE only requests a full and fair opportunity to cross-examine those witnesses, which will require that Plaintiffs be efficient in their presentation of the witnesses and factor in equal time for LGE's cross-examination.

## IV.    SUMMARY JUDGMENT, *IN LIMINE*, AND *DAUBERT* MOTIONS

The Parties previously submitted a list of pending summary judgment, *in limine*, *and Daubert* motions.  ECF Nos. 4564, 4604.  Since then, the Court has ruled on a number of those motions.  A copy of those lists are attached to this Status Report as Exhibits 1 and 2.  For the Court's convenience, the parties have run a line through those motions that the Court has ruled on as of the filing of this Status Report.  The *in limine* chart includes only those remaining motions for which the parties requested prioritization.

## V.     TOPICS TO DISCUSS AT NOVEMBER 8 STATUS CONFERENCE

### A.     Sears/Kmart's Position

Sears/Kmart submit that oral argument during the November 8, 2016 status conference would be inappropriate.  The remaining *Daubert* and *in limine* motions implicate other parties who will not be in attendance at the hearing, including the Remand DAPs and Sharp.  Further, the Court has been able to rule on a number of the pending motions without requiring oral argument. Accordingly, Sears/Kmart maintain that oral argument during the upcoming status conference would be inappropriate.

Sears/Kmart do, however, believe the status conference will be useful for the reasons that the Court initially set the conference, including discussing the length of time needed to try the case and dealing with procedural issues that will arise over the next month, including a number of the issues addressed in this status report.

**B.     LGE's Position**

As LGE noted in the Joint Suggestion for Prioritization of *Daubert* Motions and Motions *in Limine*, ECF No. 4968 at 1, LGE respectfully requests that the Court hold oral argument on the pending motions identified in that Joint Suggestion during the November 8, 2016 status conference. As noted in that Joint Suggestion, LGE anticipates that, at least on its behalf, many of these motions would be argued by more junior attorneys. *Id.* n.1.

Apart from oral argument on remaining motions, LGE does not have any further topics to bring to the Court's attention at this time and defers to the Court as to whether it would like to hear from the parties on November 8, 2016.

Dated: November 1, 2016                              Respectfully submitted,

KENNY NACHWALTER, P.A.

By: /s/ WJBlml
Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Kevin J. Murray, Esquire
Samuel J. Randall, Esquire
1441 Brickell Avenue
Suite 1100
Miami, Florida  33131
Tel:   (305) 373-1000
Fax:   (305) 372-1861
E-mail:   rarnold@knpa.com
             wblechman@knpa.com
             kmurray@knpa.com
             srandall@knpa.com

*Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corporation*

– and –

MUNGER, TOLLES & OLSON LLP


By: _/s/ Brad Brian_
    Brad Brian (State Bar No. 079001)
    Gregory J. Weingart (State Bar No. 157997)
    E. Martin Estrada (State Bar No. 223802)
    355 South Grand Avenue
    35th Floor
    Los Angeles, CA  90071-1560
    Tel:   (213) 683-9100
    Fax:  (213) 687-3702
    E-mail:  brad.brian@mto.com
             gregory.weingart@mto.com
             martin.estrada@mto.com

***Counsel for Defendant LG Electronics, Inc.***

Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.

It is so stipulated and agreed to by the parties.


**CERTIFICATE OF SERVICE**

On November 1, 2016, I caused a copy of the foregoing Joint Status Report to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

By: _____
    Samuel J. Randall

551646.1