Case 3:07-cv-05944-JST   Document 4994   Filed 11/04/16   Page 1 of 3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
|---|---|
| | Case No. C-07-5944 JST |
| This Order Relates To: | **ORDER GRANTING MOTION TO INTERVENE** |
| ALL ACTIONS | ECF No. 4941 |

Before the Court is the State of Illinois's Motion to Intervene for Limited Purposes. For the reasons stated below, the Court grants the Motion.[1]

## I. BACKGROUND

The State of Illinois has sued many of the Defendants in this case in Illinois state court for violations of the Illinois Antitrust Act, asserting a *parens patrie* claim related to indirect CRT purchases by Illinois residents. ECF No. 4941-4. The State's complaint is based on the same conduct alleged in this matter. Id. The LG Defendants in the Illinois state case have "asserted the defense of release," ECF No. 4941 at 3, claiming that their settlement with the direct purchaser class in this case "released or otherwise resolved all their indirect purchaser claims." ECF No. 4941-5; 4941-6. The State now seeks to intervene in this case to obtain a ruling from this Court that the direct purchaser settlement did not release indirect purchasers' state antitrust claims, over which Illinois claims to have exclusive representation rights. ECF No. 4941 at 3. Illinois also seeks to intervene to challenge the sealing of various motions filed in this case, "not only to access

---

[1] The Court has considered the parties' pleadings and finds the matter to be suitable for disposition without oral argument. See N.D. Civ. L.R. 7-1(b). The hearing currently scheduled for November 17, 2016 is vacated.

the documents itself [sic], but to vindicate the public's right of access." Id. at 4. No party has opposed Illinois's motion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 24(a)(2) provides for intervention as a matter of right where the potential intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Ninth Circuit summarized the requirements for intervention as of right under Rule 24(a)(2) as follows:

> (1) [T]he [applicant's] motion must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

Freedom from Religion Found. v. Geithner, 644 F.3d 836, 841 (9th Cir. 2011) (quoting California ex rel. Lockyer v. United States, 450 F.3d 436, 440 (9th Cir. 2006)). Proposed intervenors must satisfy all four criteria; "[f]ailure to satisfy any one of the requirements is fatal to the application." Perry v. Proposition 8 Official Proponents, 587 F.3d 947, 950 (9th Cir. 2009). In evaluating motions to intervene, "courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention." United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004). "Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." Sw. Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 820 (9th Cir. 2001).

Federal Rule of Civil Procedure 24(b)(1) governs permissive intervention. Although normally, Rule 24(b) applies when "an applicant's claim or defense and the main action have a question of law or fact in common," Beckman Industries, Inc. v. International Insurance Co., 966 F.2d 470, 473 (9th Cir. 1992), the Ninth Circuit has held that permissive intervention also applies to "[n]onparties seeking access to a judicial record in a civil case." San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1100 (9th Cir. 1999); see also EEOC v. Nat'l Children's Ctr.,

146 F.3d 1042, 1045 (D.C. Cir. 1998) (collecting cases).

### III. DISCUSSION

The Court grants the State's motion to intervene as of right to seek clarification regarding the direct purchaser settlement in this case. All four requirements for intervention as of right are satisfied. First, the State's motion is timely, filed several months after the LG Defendants asserted the affirmative defense of release. See ECF No. 4941-5; 4941-6. The second and third criteria are also met: Illinois has an interest in this matter that could be impaired absent intervention because, under LG's theory, the direct purchaser settlement eliminates the State's right to represent indirect purchaser claims in state court. Finally, the direct purchaser class and the LG Defendants are inadequate representatives of the interests the State of Illinois seeks to protect.

The Court also grants the State's motion to intervene to challenge the sealing of various documents in this case. As outlined above, it is well-established that Rule 24(b) provides an avenue for "[n]onparties seeking access to a judicial record in a civil case." San Jose Mercury News, Inc., 187 F.3d at 1100.

### CONCLUSION

The Court grants Illinois's motion to intervene for the limited purposes described above.

IT IS SO ORDERED.

Dated: November 4, 2016

_____
JON S. TIGAR
United States District Judge