BRAD BRIAN (State Bar No. 079001)
brad.brian@mto.com
GREGORY J. WEINGART (State Bar No. 157997)
gregory.weingart@mto.com
E. MARTIN ESTRADA (State Bar No. 223802)
martin.estrada@mto.com
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, California 90071-1560
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

*Attorneys for Defendant LG Electronics, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514 | Master File No. 3:07-cv-05944-JST (N.D. Cal)<br><br>MDL No. 1917<br><br>**DEFENDANT LG ELECTRONICS, INC.'S OPPOSITION TO SEARS' AND KMART'S ADMINISTRATIVE MOTION TO ESTABLISH A PROCEDURE TO STREAMLINE TRIAL AND MINIMIZE UNFOUNDED EVIDENTIARY OBJECTIONS**<br><br>Judge:   Hon. Jon S. Tigar<br>Court:   Courtroom 9, 19th Floor |

1   On October 31, Plaintiffs Sears, Roebuck & Co. and Kmart Corporation ("Plaintiffs") filed an administrative motion (ECF No. 4991) seeking that the Court order that "if a party is required to play deposition testimony to authenticate and admit a trial exhibit and the Court rules that the testimony is sufficient to admit the exhibit into evidence, then the time spent playing the testimony would count against the objecting party, rather than the proponent of the exhibit." *Id.* at 1. Plaintiffs' proposal should be rejected for at least two reasons.

*First*, Plaintiffs' proposal is entirely premature. The parties have been working diligently to streamline the presentation of this case at trial, and LGE has made various proposals and agreements in that regard. Indeed, earlier today, just four days after Plaintiffs filed their administrative motion, the parties submitted a stipulation to the Court for approval of various mechanisms intended to streamline the trial (ECF No. 4995). Among those mechanisms was a compromise procedure to the one set forth in Plaintiffs' motion. As indicated in the parties' stipulation, if agreeable to the Court, then to the extent that the parties are unable to stipulate to the authenticity or business records status for a particular document, and the Court is not able to so rule before trial, then any deposition testimony that is played by the proponent of the exhibit for the purpose of establishing the authenticity and admissibility of the document will not count towards either party's allocated trial time. *See id.* at 2-3. If accepted by the Court, this compromise procedure would moot Plaintiffs' administrative motion.

*Second*, even if it becomes necessary to rule on Plaintiffs' motion, their proposed procedure improperly seeks to penalize LGE for merely asking that Plaintiffs comply with their legal burden and adhere to the requirements imposed by the Federal Rules of Evidence.

By way of background, the parties have already agreed that, to the extent that the parties have stipulated to (1) the authenticity, *see* Fed R. Evid. 901(a), and/or (2) the business records status, *see* Fed. R. Evid. 803(6), of a particular document (or the Court determines that the document is authentic and/or a business record under those rules), a party seeking to introduce that document as an exhibit at trial need not play foundational deposition testimony accordingly. As Plaintiffs have noted (*see* ECF No. 4991 at 2 n.1), the parties have further agreed to stipulate to the

authenticity and business records status of "meeting minutes" produced by Chunghwa Picture Tubes, which should result in the resolution of hundreds of evidentiary objections.[1]  Therefore, Plaintiffs' proposal that the playing of foundational testimony at trial count against an objecting party's chess clock if the objecting party's objection is overruled is relevant only to the extent that the parties are unable to reach agreement on remaining trial exhibits, *and* the Court declines to rule pretrial on the authenticity and business records status of documents that remain subject to dispute.

By moving the Court to penalize LGE for asking that Plaintiffs authenticate their ***own*** evidentiary materials, Plaintiffs turn basic evidentiary burdens on their head.  It is hornbook law that the proponent of a trial exhibit bears the burden of establishing its admissibility.  *See, e.g.*, Fed. R. Evid. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, *the proponent* must *produce evidence* sufficient to support a finding that the item is what the proponent claims it is.") (emphasis added); *United States v. Catabran*, 836 F.2d 453, 458 (9th Cir. 1988) ("The *proponent* of the business record *must satisfy the foundational requirements* of the business records exception.") (emphasis added).  It is further beyond dispute that other parties have the right to object to the admission of a trial exhibit into evidence where they have a good-faith basis for believing that the proponent has not met its burden of establishing the exhibit's admissibility.  Under Plaintiffs' proposal, LGE would be penalized for having the gall to exercise its right to request that Plaintiffs lay the proper foundation for their exhibits before a document is admitted into evidence.  That cannot be the law.

The penalty that Plaintiffs seek is not only inappropriate; it is also unnecessary.  LGE trusts that all parties to this litigation, to preserve credibility before the Court and before the jury, will lodge only good-faith evidentiary objections, and will not attempt to abuse the chess-clock system with excessive objections to eat into another party's time.  This is especially true where many potential evidentiary objections to large swaths of documents are similar in nature, such that

---

[1] LGE clarifies, however, that it did not agree to the "admission" of such documents as a blanket matter as Plaintiffs state in their motion, ECF No. 4991 at 2 n.1, as the agreement at issue does not address potential evidentiary objections beyond authenticity and business records status.

-2-

MDL No. 1917
Master No. 3:07-cv-05944-JST

LGE'S OPPOSITION TO SEARS' & KMART'S ADMINISTRATIVE MOTION TO ESTABLISH A PROCEDURE TO STREAMLINE TRIAL AND MINIMIZE UNFOUNDED EVIDENTIARY OBJECTIONS

1  the Court's resolution of a handful of related objections will, in practice, lead to the resolution of
2  tens, if not hundreds, more.
3             *  *  *
4    Accordingly, given the parties' proposed stipulation on the matter at issue in Plaintiffs'
5  administrative motion, the parties' demonstrated ability to cooperate to minimize evidentiary
6  objections to bring before this Court, and the inappropriateness of Plaintiffs' proposal, LGE
7  respectfully requests that this Court deny Plaintiffs' administrative motion.

9  Dated: November 4, 2016        Respectfully submitted,

                  MUNGER, TOLLES & OLSON LLP

                  By:   /s/ Brad D. Brian
                  BRAD BRIAN (State Bar No. 079001)
                  brad.brian@mto.com
                  GREGORY J. WEINGART (State Bar No. 157997)
                  gregory.weingart@mto.com
                  E. MARTIN ESTRADA (State Bar No. 223802)
                  martin.estrada@mto.com
                  355 South Grand Avenue
                  Thirty-Fifth Floor
                  Los Angeles, California 90071-1560
                  Telephone:  (213) 683-9100
                  Facsimile:   (213) 687-3702

                  *Attorneys for Defendant LG Electronics, Inc.*