

Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street | Palo Alto, CA 94304-1115 | tel 650.233.4500 | fax 650.233.4545

Dianne L. Sweeney
tel: 650.233.4046
dianne@pillsburylaw.com

November 4, 2016

VIA ELECTRONIC CASE FILING (ECF)

Honorable Judge Jon S. Tigar
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA  94102

      Re:    *MDL No. 1917 In Re: Cathode Ray Tube (CRT) Antitrust Litigation,*
             Case No.: 3:07-CV-05944-JST

Dear Judge Tigar:

Pursuant to N.D. Cal. Civil Local Rule 7-13, we write to notify the Court that Pillsbury's motion for administrative relief, which was filed on June 23, 2016, remains under submission and more than 120 days have passed since the motion was filed.  *See* Dkt. No. 4681.

Approximately six years ago, Pillsbury withdrew from representation of the Irico Entities but the Court ordered Pillsbury to continue to forward filings to our former client (the Irico Entities) pending the appearance of substitute counsel.  The motion filed in June seeks to terminate that forwarding obligation.

Given the size of the docket in this matter, the following short summary sets out the related filings:

- On June 27, 2016, the Indirect Purchaser Plaintiffs (IPPs) and Direct Purchaser Plaintiffs (DPPs) filed a response which opposed complete termination of the obligation.  See Dkt. No. 4690.  The response requested that the court order Pillsbury to serve the Irico Entities with any default papers filed by the IPPs and DPPs.

- On June 29, 2016, the Court ordered all plaintiffs with pending affirmative claims against the Irico Entities to advise the Court of: (1) the date on which

Honorable Judge Jon S. Tigar
November 4, 2016
Page 2

Honorable Judge Jon S. Tigar
November 4, 2016
Page 2

> they filed their operative claims against the Irico Entities; (2) whether the Irico Entities have been served with those claims; and (3) whether the Irico Entities have answered those claims. See Dkt. No. 4694. The Court stated that it would take further action on Pillsbury's motion once it received this information.

- The Court subsequently ordered the DPPs (on July 6) and the IPPs (on July 18) to seek entry of default against the Irico Entities. See Dkt. Nos. 4709 and 4722. The Court also dismissed several other parties' claims against the Irico Entities. *E.g.*, Dkt. No. 4710. Both the DPPs and IPPs subsequently sought and obtained default against the Irico Entities. See Dkt. No. 4724 (DPPs' Application for Entry of Default); Dkt. No. 4725 (IPPs' Request for Entry of Default); Dkt. No. 4727 (Entry of Default against Irico Entities for DPPs); Dkt. No. 4729 (Entry of Default against Irico Entities for IPPs).

- On July 28, 2016, the IPPs withdrew their opposition to Pillsbury's motion for administrative relief. See Dkt. No. 4734.

Based on our review of the docket, it appears that no further action has been taken by the Court on Pillsbury's motion.

Respectfully submitted,

Dianne L. Sweeney

cc: All counsel of record (service via ECF)