UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 <br> Case No. C-07-5944 JST |
| This Order Relates To: <br><br> ALL INDIRECT ACTION PLAINTIFFS | **ORDER DENYING DOUGLAS W. ST. JOHN'S MOTION FOR ATTORNEY'S FEES AND EXPENSES** <br> ECF No. 4779 |

Now before the Court is Objector Douglas W. St. John's Motion for Attorney's Fees and Expense. ECF No. 4779. For the reasons discussed below, the Court will deny the motion.

## I. BACKGROUND

On January 28, 2016, Special Master Martin Quinn issued a Report and Recommendations ("R&R") that, among other things, granted the Indirect Purchaser Plaintiffs (IPPs) attorneys' fees totaling 30% of the settlement fund, or $173,025,000. ECF No. 4351 at 69. Before awarding fees above the Ninth Circuit's 25% benchmark, Special Master Quinn evaluated the "Kerr factors" identified by the Ninth Circuit, which he correctly described as "the results achieved for the class; the complexity of the case and the risk and expense to counsel of litigating it; the skill, experience and performance of counsel, both plaintiff and defense; the contingent nature of the fee and the fees awarded in comparable cases. Id. at 55 (citing cases). Most relevant here, Special Master Quinn concluded that the "extraordinarily large settlement amount . . . weigh[ed] heavily in favor of an upward adjustment." Id. at 59.

The Court considered numerous objections to the R&R before issuing its own Order on Attorneys' Fees, Expense, and Incentive Awards re: Direct Purchaser Plaintiff Settlements on August 3, 2016 ("August 3 Order"). ECF No. 4740. Reviewing the R&R de novo, id. at 5, the

Court also analyzed the Kerr factors and agreed with the majority of the Special Master's findings. However, the Court determined that "settlement represents a good result, but not one on par with the 50 percent of potential recovery achieved in the LCD litigation, and therefore concluded that "the results obtained for the class support[ed] a modest increase over the Ninth Circuit benchmark." Id. at 6-7.  The Court then awarded a fee of 27.5% of the settlement fund, or $158,606,250:  more than the 25% benchmark, but less than that 30% figure recommended by Special Master Quinn.  Id. at 9.  The net result was a reduction in the fee award by $14,418,750.

Two weeks later, Objector Douglas W. St. John filed a Motion for Attorney's Fees and Expenses.  ECF No. 4779.  St. John grounds his claim for fees on the theory that his efforts caused the Court to reduce the fee award from the 30% recommended by the Special Master to 27.5%, resulting in additional recovery by class members.  St. John's theory proceeds as follows: First, he asserts that the Court awarded 27.5% rather than 30% because it disagreed with the Special Master's factual finding that the settlement result obtained for the class was "extraordinary."  Id. at 2.  Second, St. John claims that the Court "was empowered to conduct a de novo review of the Special Master's factual findings only because Mr. St. John successfully moved to alter the standard of review."  Id. at 4.[1]  Third, therefore, St. John claims responsibility for the entire reduction in the attorneys' fees award.  Id.  As compensation, he requests 1.5% of the $14,418,750 reduction, or $261,281.  The Court notes that St. John also lodged several substantive objections to the Special Master's R&R, all of which were rejected.  ECF No. 4740 at 7, 8, 12.

## II. LEGAL STANDARD

"Under certain circumstances, attorneys for objectors may be entitled to attorneys' fees from the fund created by class action litigation." Rodriguez v. Disner, 688 F.3d 645, 658 (9th Cir. 2012).  Specifically, fees are appropriate where the "objections result in an increase to the common fund."  Id.  In Rodriguez, for example, the Ninth Circuit awarded fees to an objector

---

[1] The initial Order Appointing Special Master Quinn provided for clear error review of all factual findings. ECF No. 4077. St. John moved to amend the appointment order, arguing, among other things, that the Court should review factual findings de novo rather than for clear error. ECF No. 2303. On January 13, 2016, the Court granted this portion of St. John's motion, and amended the Special Master's appointment order to provide for de novo review of factual findings. ECF No. 4298.

2

1  because the district court had "not consider[ed] the impropriety of the incentive agreements until
2  the objectors raised this argument; only then did the district court reject the incentive awards,"
3  resulting in $325,000 increase in funds available for distribution to the class as a whole. Id. at
4  652.

5        On the other hand, "objectors who do not increase the fund or otherwise substantially
6  benefit the class members are not entitled to fees, even if they bring about minor procedural
7  changes in the settlement agreement." Id. (internal citations omitted).  This means the Court may
8  "deny fees to objectors whose work is duplicative, or who merely echo each others' arguments and
9  confer no unique benefit to the class." Id. at 658-59.  If the objector did not "add anything to the
10 court's decision," no fees are warranted. Id (internal quotations omitted).

## III. DISCUSSION

12       The Court denies St. John's request for attorneys' fees.  Simply put, St. John did not "add
13 anything" to the Court's decision to reduce the fee award from 30% to 27.5%.  As noted above, St.
14 John's substantive objections to the R&R were denied.  To say that St. John's earlier role in
15 altering the standard of review justifies an award of fees here is a bridge too far.  If the Court
16 accepted this argument, St. John would be entitled to fees every time the Court declined to adopt
17 one of the Special Master's factual findings and that decision resulted in a benefit to the class,
18 even if St. John were not the one to object to the factual finding.  The Court declines to give St.
19 John what amounts to a commission on his objection to the Special Master's original appointment
20 order.

21       The fact that the Court reduced the award of attorneys' fees, thereby increasing the funds
22 available to the class, did not stem from St. John's objections.  In reviewing the R&R, the Court
23 was already focused on analyzing the Kerr factors, especially the results obtained for the class,
24 which it described as "[t]he most important factor" in determining whether to deviate from the
25 25% benchmark. ECF No. 4740 at 6.  Indeed, the Ninth Circuit has warned that district courts
26 may not apply a "rubber stamp" to the orders of a Special Master. Burlington N. R.R. Co. v.
27 Dep't of Revenue, 934 F.2d 1064, 1072 (9th Cir. 1991).  Because the Court acts as the "fiduciary
28 for the class plaintiffs" in common fund cases, "fee applications must be closely scrutinized."

Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1052 (9th Cir. 2002). Quoting the Ninth Circuit, the Court explicitly noted this duty in its August 3 Order: "While attorneys' fees and costs may be awarded in a certified class action where so authorized by law or the parties' agreement, Fed. R. Civ. P. 23(h), courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." ECF No. 4740 at 6 (quoting In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 941 (9th Cir. 2011)). St. John did not, therefore, raise an argument about the magnitude of the settlement's benefit to the class that the Court had already "not consider[ed]." Rodriguez, 688 F.3d at 652.

In sum, the fact that St. John's objection to the Special Master's appointment order led to a change in the standard of review for all of the Special Master's factual findings does not justify an award of fees here. To the extent the Court's decision to award fees totaling 27.5% of the fund related to its disagreement with the Special Master over how the characterize the results obtained for the class, St. John cannot claim credit for that determination. The Court therefore denies St. John's motion for attorneys' fees and related expenses.[2]

IT IS SO ORDERED.

Dated: November 7, 2016

_____
JON S. TIGAR
United States District Judge

---

[2] St. John also requests that the Court determine that [he is] not responsible for any Special Master fees." ECF No. 4779 at 9. As Plaintiffs note, that request is premature because the Special Master is still evaluating the proposed allocation of the aggregate fee award and considering objections. ECF No. 4806 at 14-15. The Court denies St. John's request.

4