Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Kevin J. Murray, Esquire
Samuel J. Randall, Esquire
KENNY NACHWALTER, P.A.
1441 Brickell Avenue
Suite 1100
Miami, Florida 33131
Tel:     (305) 373-1000
Fax:    (305) 372-1861
E-mail:  rarnold@knpa.com
             wblechman@knpa.com
             kmurray@knpa.com
             srandall@knpa.com

*Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corporation*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 (JST)<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Sears, Roebuck & Co., and Kmart Corporation v. LG Electronics, Inc., et al.*, Case No. 11-cv-5514 (SC) | **PLAINTIFFS SEARS' AND KMART'S MOTION FOR ADMINISTRATIVE RELIEF CONCERNING LGE'S FAILURE TO ADHERE TO THE ORDER REGARDING PRETRIAL DISCLOSURES [ECF NO. 4781]** |

In a Stipulation entered by the Court dated August 17, 2016 (Dkt. 4781), Sears/Kmart and LGE agreed, and the Court ordered, a pretrial schedule expressly providing for the parties to exchange (1) *affirmative* deposition designations to be played during a party's case-in-chief; (2) *counter* deposition designations and objections to the opposing party's affirmative deposition designations; and (3) *objections* to a party's counter deposition designations. *See* Dkts. 4776 and 4781. *Rebuttal* deposition designations by either party are not mentioned or even contemplated by the Pretrial Schedule. *See id.* Sears/Kmart adhered to this schedule. LGE did not. On October 28, 2016, LGE served Sears/Kmart with *rebuttal* deposition designations for 19 witnesses.

1   Sears/Kmart requested that LGE withdraw its rebuttal deposition designations, but LGE refuses to
2   do so.  Accordingly, Sears/Kmart respectfully request that the Court strike LGE's rebuttal
3   deposition designations because they do not comply with the Court's Order, Dkt. 4781, and because
4   Sears/Kmart would be prejudiced without this relief.

5   This Court has already considered this issue in the *Sharp* case and ruled that there were to be
6   no rebuttal deposition designations.  In that case, the parties submitted competing pretrial schedules.
7   *See* Dkt. 4805.  Defendants proposed a round of rebuttal deposition designations.  *Id*. at 5.  Sharp
8   did not, pointing out in its papers that the Pretrial Schedule in the *Sears/LGE* case did not provide
9   for rebuttal deposition designations either.  *Id* at 4.  The only dispute between Sharp's proposed
10  pretrial schedule and the Defendants' proposed pretrial related to this rebuttal designation issue; the
11  parties' proposed schedules were identical in all other respects.  *Compare* Dkt. 4805-9 (Sharp's
12  proposed schedule) *with* Dkt. 4805-10 (Defendants' proposed schedule).

13  The Court adopted Sharp's proposed pretrial schedule, and rejected Defendants' position.
14  *See* Dkt. 4828.

15  As it did in the *Sharp* case, the Court should disallow LGE's rebuttal deposition
16  designations.  We respectfully submit that the Court should grant this relief for the following
17  reasons:

18  First, in the negotiation with Sears/Kmart regarding the pretrial disclosures, LGE never
19  mentioned rebuttal deposition designations, and the parties' stipulated Pretrial Schedule, which the
20  Court ratified by its own Order, does not provide for rebuttal deposition designations.  Sears/Kmart
21  complied with this schedule in all respects, and did not designate any rebuttal testimony in
22  preparing its deposition designations.  Accordingly, LGE's position has even less merit than the one
23  taken by Toshiba and Thomson.  Instead of asking ahead of time to conduct a third round of
24  deposition designations, LGE decided unilaterally – and contrary to the schedule order by the Court
25  – to disclose rebuttal deposition designations.

26  Second, Sears/Kmart will be prejudiced if LGE's untimely and unauthorized rebuttal
27  deposition designations are not stricken.  The Pretrial Schedule of disclosures was carefully crafted
28

by the parties to allow sufficient time to meet milestones, many of which are dependent upon preceding ones. This expressly applies to the deposition designations. At this point, the parties are deep into the process of preparing for trial, including completing other milestones required by the Pretrial Schedule. (For example, on November 4th, the parties exchanged first drafts of the pretrial statement per the Court-ordered Pretrial Schedule.) Per that schedule, the parties are to meet-and-confer on November 18th regarding a number of topics, including the parties' proposed witnesses, *deposition designations*, written discovery designations, and exhibit lists. Dkts. 4776-1 at 2 & 4781.[1] LGE's untimely and unauthorized service of rebuttal deposition designations will frustrate the very purpose of this November 18th milestone, which, among other reasons, is to streamline this case for trial. The point here in part is that the parties' deposition designations have to stop at some point, LGE and Sears/Kmart agreed on the stopping point, which the Court adopted. Further, Sears/Kmart have relied on the Pretrial Schedule and moved on past the deposition designations to the preparation of the pretrial stipulation and other work to prepare for trial. In the interest of fairness, and to avoid prejudice to Sears/Kmart, the Court should enforce its Pretrial Schedule and strike LGE's rebuttal deposition designations.

## **CONCLUSION**

Sears and Kmart's reliance on the Pretrial Schedule negotiated by the parties and ordered by the Court should not work to their detriment. By the same token, LGE's disregard of the same schedule should not be rewarded. Sears and Kmart therefore respectfully request that the Court strike LGE's rebuttal deposition designations.

---

[1] The parties are also required on that date to exchange copies of all exhibits, summaries, charts, schedules, diagrams, and other similar documentary materials to be used in the parties' case-in-chief.

Dated:  November 7, 2016

Respectfully submitted,

KENNY NACHWALTER, P.A.

By: _____
Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Kevin J. Murray, Esquire
Samuel J. Randall, Esquire
1441 Brickell Avenue
Suite 1100
Miami, Florida  33131
Tel:   (305) 373-1000
Fax:  (305) 372-1861
E-mail:  rarnold@knpa.com
         wblechman@knpa.com
         kmurray@knpa.com
         srandall@knpa.com

*Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corporation*

### CERTIFICATE OF SERVICE

On November 7, 2016, I caused a copy of the foregoing Plaintiffs Sears' and Kmart's Motion for Administrative Relief Concerning LGE's Failure to Adhere to the Order Regarding Pretrial Disclosures to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

By: _____
Samuel J. Randall

551733.2