Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Kevin J. Murray, Esquire
Samuel J. Randall, Esquire
KENNY NACHWALTER, P.A.
1441 Brickell Avenue
Suite 1100
Miami, Florida 33131
Tel:   (305) 373-1000
Fax:  (305) 372-1861
E-mail:  rarnold@knpa.com
            wblechman@knpa.com
            kmurray@knpa.com
            srandall@knpa.com

*Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corporation*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-5944 (JST)<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Sears, Roebuck & Co., and Kmart Corporation v. LG Electronics, Inc., et al.*, Case No. 11-cv-5514 (JST) | **STIPULATION AND [PROPOSED] ORDER REGARDING ADMISSIBILITY AND AUTHENTICATION OF TRIAL EXHIBITS AND PROCEDURE FOR PLAYING TRANSLATED DEPOSITION TESTIMONY** |

WHEREAS, Plaintiffs Sears, Roebuck and Co. and Kmart Corporation ("Plaintiffs") are the only remaining plaintiffs in Case No. 11-cv-05514 ("Sears/Kmart case");

WHEREAS, LG Electronics, Inc. ("LGE") is the only remaining defendant in the Sears/Kmart case;

WHEREAS, the trial in the Sears/Kmart case is set for January 9, 2017, *see* ECF No. 4658;

WHEREAS, both parties have been meeting and conferring regarding ways that the January trial may be streamlined;

STIPULATION AND [PROPOSED] ORDER REGARDING
ADMISSIBILITY AND AUTHENTICATION OF TRIAL EXHIBITS, ETC.

CASE NO. 07-cv-5944 (JST)
1

1  PURSUANT TO LOCAL RULE 7-12, PLAINTIFFS AND LGE, BY AND THROUGH
2  THEIR RESPECTIVE COUNSEL OF RECORD, HEREBY STIPULATE AS FOLLOWS:

3  1. For translated deposition testimony that is played for the jury, the parties agree to
4  play the attorney's question, the witness' foreign-language answer, and the translation of that
5  answer into English. The parties agree that, in order to help streamline the trial process, the
6  translation of the attorney's question into the witness' native language need not be played.

7  2. The parties agree that the jury should be instructed by the Court that the attorney's
8  question was translated into the witness' native language by the translator, but that the parties have
9  agreed that this translation need not be played. The parties further recognize that certain, limited
10 circumstances may require deviation from this agreement – such as where the colloquy between a
11 main interpreter and check interpreter may affect a witness's answer. The parties will jointly submit
12 proposed language for an instruction to the jury in this regard.

13 3. The parties agree that the proponent of a document need not play deposition
14 testimony for the purpose of establishing foundational authenticity under Rule 901(a) and business
15 records status under Rule 803(6). To the extent that there is agreement between the parties that the
16 requisite foundation for a document has been established under Rules 803(6) and 901(a), the parties
17 agree to so stipulate by December 2, 2016. For all documents on which the parties cannot reach an
18 agreement regarding foundation as a business record or authenticity, the parties agree that the
19 proponent of the document shall submit the deposition testimony that it contends establishes the
20 foundational authenticity and business records status to the Court by December 6, 2016, in order to
21 allow for a ruling on the document's admissibility either at the pretrial conference or in advance of
22 trial. For all exhibits that the Court determines to be admissible, the proponent of the exhibit need
23 not play deposition testimony at trial for the purpose of establishing that the document satisfies the
24 requirements of Rules 803(6) and/or 901(a).

25 5. The parties further agree that, in the event the Court is unable to rule on whether the
26 requisite foundation for a document has been established under Rules 803(6) and/or 901(a) for an
27 exhibit prior to the time when the proponent of the exhibit seeks to admit it, any deposition
28

1  testimony that is played by the proponent of the exhibit for the purpose of establishing the
2  authenticity and admissibility of the document will not count towards either party's allocated trial
3  time.

4      6.    Contingent upon the Court's approval of this Stipulation, Plaintiffs' Administrative
5  Motion to Establish a Procedure, ECF Nos. 4989-3 & 4991, shall be deemed withdrawn.

6      7.    This stipulation shall not be introduced into evidence during the jury trial or read to
7  the jury during trial, and it shall not be relied on to support an entitlement to any relief not expressly
8  contemplated by the terms of this stipulation.

9  Dated: November 4, 2016

Respectfully submitted,

KENNY NACHWALTER, P.A.

By: _____
Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Kevin J. Murray, Esquire
Samuel J. Randall, Esquire
1441 Brickell Avenue
Suite 1100
Miami, Florida  33131
Tel:   (305) 373-1000
Fax:   (305) 372-1861
E-mail:  rarnold@knpa.com
         wblechman@knpa.com
         kmurray@knpa.com
         srandall@knpa.com

*Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corporation*

– and –

| | |
|---|---|
| 1 | |
| 2 | MUNGER, TOLLES & OLSON LLP |
| 3 | By: */s/ Brad Brian*<br>Brad Brian (State Bar No. 079001) |
| 4 | Gregory J. Weingart (State Bar No. 157997)<br>E. Martin Estrada (State Bar No. 223802) |
| 5 | 355 South Grand Avenue<br>35th Floor |
| 6 | Los Angeles, CA  90071-1560<br>Tel:    (213) 683-9100 |
| 7 | Fax:   (213) 687-3702<br>E-mail:  brad.brian@mto.com |
| 8 | gregory.weingart@mto.com<br>martin.estrada@mto.com |
| 9 | ***Counsel for Defendant LG Electronics, Inc.*** |

11   Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this
12 document has been obtained from each of the above signatories.

13   It is so stipulated and agreed to by the parties.

20   PURSUANT TO STIPULATION, IT IS SO ORDERED.

22 Dated: November 7, 2016

Hon. Jon S. Tigar
United States District Judge