JEFFREY L. KESSLER (*pro hac vice*)
ALDO A. BADINI (SBN 257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: jkessler@winston.com

STEVEN A. REISS (*pro hac vice*)
DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: steven.reiss@weil.com

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, MT Picture Display Co., Ltd.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*Electrograph Sys., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656;<br><br>*Electrograph Sys., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Interbond Corp. of Am. v. Hitachi, Ltd., et al.*, No. 11-cv-06275;<br><br>*Interbond Corp. of Am. v. Technicolor SA, et al.*, No. 13-cv-05727;<br><br>*Office Depot, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06276;<br><br>*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;<br><br>*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396; | Case No. 07-5944 JST<br>MDL No. 1917<br><br>**DEFENDANTS' OPPOSITION TO CERTAIN DIRECT ACTION PLAINTIFFS' MOTION SUGGESTING REMAND** |

*Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, No. 11-cv-06397;

*P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

*P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

*Schultze Agency Servs., LLC v. Hitachi, Ltd., et al.,* No. 12-cv-02649;

*Schultze Agency Servs., LLC v. Technicolor SA, et al.,* No. 13-cv-05668;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.,* No. 13-cv-00157.

Defendants oppose the Remand Plaintiffs'[1] Motion Suggesting Remand ("Motion") because it is premature. Oct. 26, 2016 (Dkt. No. 4985). The Remand Plaintiffs sought the Court's permission in April to file their motion for a suggestion of remand *after* resolution of the pending summary judgment and *Daubert* motions. *See* Pls.' Admin. Mot. for Leave to File a Mot. Suggesting Remand at 1-2, Apr. 12, 2016 (Dkt. No. 4555) ("Administrative Motion"). But that has yet to occur. Instead, as the Remand Plaintiffs acknowledge, there are five summary judgment motions and two *Daubert* motions that remain undecided. Mot. at 2. Without rulings on the remaining summary judgment motions, all of which address critical issues of liability, Defendants cannot adequately respond to Remand Plaintiffs' request. Knowing the scope of which claims and parties remain is essential to Defendants, both in determining their strategy in opposing any motion to remand and in gauging the value of any potential settlements. Accordingly, until the pending summary judgment and *Daubert* motions are decided, the Remand Plaintiffs' Motion should be denied without prejudice.

---

[1] Electrograph Systems, Inc.; Electrograph Technologies, Corp.; Office Depot, Inc.; CompuCom Systems, Inc.; Interbond Corporation of America; P.C. Richard & Son Long Island Corporation; ABC Appliance, Inc.; Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC; Tech Data Corporation and Tech Data Product Management, Inc.; and Costco Wholesale Corporation.

-2-

**ARGUMENT**

Defendants oppose the Remand Plaintiffs' Motion because it is not the motion they sought leave of the Court to file in April. The Remand Plaintiffs' administrative motion requested leave "to file a motion shortly *after* the summary judgment and *Daubert* motions are ruled on by the Court asking that *at that time* . . . the Court initiate the process for the remand of their cases . . . ." Admin. Mot. at 2 (emphasis added); *id.* ("It is the Remand Plaintiffs' position that once the summary judgment motions and these four *Daubert* motions are resolved by the Court, all MDL pretrial proceedings in the Remand Plaintiffs' cases will be complete."). It was on that basis that Defendants did not object to Remand Plaintiffs' request. *Id.* at 2 ("Defendants do not object to Remand Plaintiffs' request for leave to file their motion for a suggestion of remand *at that time.*") (emphasis added). Nor do Defendants object to the Remand Plaintiffs refiling their motion at the appropriate time, when all of the pending pre-trial motions have in fact been decided and pretrial proceedings are complete. Moreover, at that time a motion may not be necessary.

Remand Plaintiffs' motion is premature because it comes *before* this Court has ruled on the five summary judgment motions and two *Daubert* motions that remain pending before the Court and thus prevents Defendants from assessing the impact of those rulings on issues related to remand. *See* Dkt. Nos. 2976, 2984, 3001, 3037, 3040, 3170, 3172. Each of the pending summary judgment motions concerns critical issues of liability. In fact, several of the motions, if granted, would be dispositive of all claims against certain Defendant groups, vastly changing the landscape of the case heading into trial. *See, e.g.*, Hitachi Parties' Mot. for Summ. J. Based Upon Lack of Evid. of Participation in the Alleged Conspiracy, Nov. 7, 2014 (Dkt. No. 2976); Technology Displays Americas LLC's Mot. for Summ. J., Nov. 7, 2014 (Dkt. No. 2984). A suggestion of remand is inappropriate where pretrial proceedings have not concluded, and these motions raise significant outstanding issues to be determined by this Court before the transferor cases are properly remanded to their transferor districts. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34 (1998) (including summary judgment motions when considering pretrial proceedings under § 1407); *In re Patenaude*, 210 F.3d 135, 144-45 (3d Cir. 2000) (reviewing legislative history of

-3-

1  § 1407 and other authorities and concluding that pretrial proceedings include summary judgment).[2]
2  Without rulings on these critical motions, Defendants are in no position to respond to the Remand
3  Plaintiffs' request for a suggestion of remand because it is impossible to know what claims and
4  parties will be left.  *See, e.g.*, *In re Maxim Integrated Prods., Inc.*, Nos. 2354, 12-244, 2015 WL
5  1757779, at *3 (W.D. Penn. Apr. 17, 2015) (denying motion for suggestion of remand where
6  summary judgment and *Daubert* motions had yet to be filed because the court "cannot anticipate
7  what the outcome of those proceedings will be").

8        Moreover, the Court's discretion to suggest remand generally turns on the question of
9  whether the case will benefit from further coordinated proceedings as part of the MDL.  *See In re*
10 *Aetna UCR Litig.*, No. 2:07-cv-3541, 2010 WL 3762281, at *1 (D.N.J. Sept. 20, 2010) ("Remand
11 should not be suggested when continued consolidation will eliminate duplicative discovery, prevent
12 inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the
13 judiciary.") (internal quotation marks omitted).  But at this time—even aside from the pending
14 pretrial rulings—Defendants have no way of knowing whether the case will benefit from continued
15 consolidation.  Having certain Defendants out of the case or certain expert testimony excluded, for
16 example, may significantly alter the settlement posture of the parties and facilitate meaningful
17 settlement negotiations prior to remand.  *See, e.g.*, *In re Wilson*, 451 F.3d 161, 169-70 (3d Cir. 2006)
18 (denying writ of mandamus and request for remand where Judicial Panel on Multidistrict Litigation
19 ruled settlement would be best achieved by allowing Multidistrict Litigation court to conduct
20 negotiations); *see also* Manual for Complex Litigation (Fourth) § 20.132 at 221 (2004) (observing
21 that "[o]ne of the values of multidistrict proceedings is that they bring before a single judge all of
22 the cases, parties, and counsel comprising the litigation" and "therefore afford a unique opportunity

---

[2] *See also In re Rhone-Poulenc Rorer Pharms., Inc.*, 138 F.3d 695, 697 (7th Cir. 1998) (stating that transferee judge has power to issue final pretrial order under F.R.C.P. 16; collecting authorities); *U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 37 (D.D.C. 2007) ("pretrial proceedings do not conclude until a final pretrial order is entered"); *cf. In re Cessna 208 Series Aircraft Prods. Liab. Litig.*, No. 05-MD-1721-KHV, 2009 WL 1357234, at *2 (D. Kan. May 12, 2009) ("[P]art of this Court's duty to get cases 'trial-ready' includes evidentiary rulings on common issues.").

-4-

for the negotiation of a global settlement").[3]  Denying Remand Plaintiffs' premature request could therefore move this case toward resolution.  *Id.* ("Few cases are remanded for trial; most multidistrict litigation is settled in the transferee court.  As a transferee judge, it is advisable to make the most of this opportunity and facilitate the settlement of the federal and any related state cases.").

As it stands, pretrial proceedings are not complete, and this case is neither ripe, nor appropriate, for remand to the transferor districts.  In the absence of decisions on these outstanding motions, there are simply too many unknowns for Defendants to adequately assess and respond to Remand Plaintiffs' request.  Thus, Defendants respectfully request that the Court deny the motion without prejudice until pre-trial proceedings are complete.

## **CONCLUSION**

For all the forgoing reasons, Defendants respectfully request that this Court enter an order denying Remand Plaintiffs' Motion without prejudice.

DATED:  November 9, 2016           **WINSTON & STRAWN LLP**

By: /s/ *Jeffrey L. Kessler*
JEFFREY L. KESSLER (*pro hac vice*)
ALDO A. BADINI (SBN 257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
JENNIFER M. STEWART (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
jkessler@winston.com
abadini@winston.com
ewcole@winston.com
mmdonovan@winston.com
jstewart@winston.com

---

[3] *See also In re Patenaude*, 210 F.3d at 145 ("[W]here the possibility exists that even individual settlement negotiations will be more efficient if facilitated by a judge who is intimately familiar with the general issues and many of the parties, and where in fact the record reflects that settlements are successfully being negotiated, one cannot say that the Panel abused its discretion in refusing to remand.").

STEVEN A. REISS (*pro hac vice*)
DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
steven.reiss@weil.com
david.yohai@weil.com
adam.hemlock@weil.com

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, MT Picture Display Co., Ltd.*

**WHITE & CASE LLP**

By: /s/ *Lucius B. Lau*
CHRISTOPHER M. CURRAN (*pro hac vice*)
ccurran@whitecase.com
LUCIUS B. LAU (*pro hac vice*)
alau@whitecase.com
DANA E. FOSTER (*pro hac vice*)
defoster@whitecase.com
**WHITE & CASE LLP**
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

BAKER BOTTS LLP

By: /s/ *John M. Taladay*
JOHN M. TALADAY (*pro hac vice*)
john.taladay@bakerbotts.com
ERIK T. KOONS (*pro hac vice*)
erik.koons@bakerbotts.com
**BAKER BOTTS LLP**
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

-6-

DEFENDANTS' OPPOSITION TO CERTAIN
DAPS' MOTION SUGGESTING REMAND

CASE NO. 07-5944 JST
MDL NO. 1917

JON V. SWENSON (SBN 233054)
jon.swenson@bakerbotts.com
**BAKER BOTTS LLP**
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699

*Attorneys for Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation*


MUNGER, TOLLES & OLSON LLP

By: /s/ *William D. Temko*
WILLIAM D. TEMKO (SBN 98858)
LAURA K. LIN (SBN 281542)
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

*Attorneys for Defendants LG Electronics, Inc.; LG, LG Electronics USA, Inc.*


SHEPPARD MULLIN RICHTER & HAMPTON

By: /s/ *Michael W. Scarborough*
GARY L. HALLING (SBN 66087)
ghalling@sheppardmullin.com
JAMES L. MCGINNIS (SBN 95788)
jmcginnis@sheppardmullin.com
MICHAEL W. SCARBOROUGH, (SBN 203524)
mscarborough@sheppardmullin.com
**SHEPPARD MULLIN RICHTER & HAMPTON**
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:  (415) 434-9100
Facsimile:  (415) 434-3947

*Attorneys for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*


FAEGRE BAKER DANIELS LLP

By: /s/ *Kathy L. Osborn*
KATHY L. OSBORN (*pro hac vice*)

-7-

DEFENDANTS' OPPOSITION TO CERTAIN                                   CASE NO. 07-5944 JST
DAPS' MOTION SUGGESTING REMAND                                      MDL NO. 1917

kathy.osborn@FaegreBD.com
RYAN M. HURLEY (*pro hac vice*)
ryan.hurley@FaegreBD.com
**FAEGRE BAKER DANIELS LLP**
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000

Calvin L. Litsey (SBN 289659)
**FAEGRE BAKER DANIELS LLP**
1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279
Telephone: (650) 324-6700
Facsimile: (650) 324-6701
calvin.litsey@FaegreBD.com

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*


SQUIRE PATTON BOGGS (US) LLP

By: /s/ *Nathan Lane, III*
MARK C. DOSKER
mark.dosker@squirepb.com
NATHAN LANE, III
nathan.lane@squirepb.com
275 Battery Street, Suite 2600
San Francisco, CA  94111
Telephone: (415) 954-0200
Facsimile: (415) 393-9887

DONALD A. WALL (*pro hac vice*)
donald.wall@squirepb.com
**SQUIRE PATTON BOGGS (US) LLP**
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 528-4000
Facsimile: (602) 253-8129

*Attorneys for Defendant Technologies Displays Americas LLC*

*Pursuant to Local Rule 5-1(i)(3), the filer attests that concurrence in the filing of this document has been obtained from each of the above signatories.*

-8-

| DEFENDANTS' OPPOSITION TO CERTAIN DAPS' MOTION SUGGESTING REMAND | CASE NO. 07-5944 JST MDL NO. 1917 |
|---|---|