Theresa D. Moore (99978)
Attorney at Law
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
tmoore@aliotolaw.com

*Counsel For Indirect Purchase Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:07-cv-5944 JST<br>MDL No. 1917<br><br>**CLASS ACTION** |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **OBJECTION TO SPECIAL MASTER'S REPORT AND RECOMMENDATION RE ALLOCATION OF IPP CLASS COUNSEL ATTORNEYS'FEES (DKT 4971, 4976)**<br><br>Judge: Honorable John S. Tigar |

Declaration Of Theresa D. Moore, Esq. In Support Of Opposition To Lead Counsel's Proposed Allocation Of Aggregate Fee Award To Indirect Purchaser Plaintiffs' Counsel
Case No. 3:07-cv-5944 (JST), MDL No. 1917

I, Theresa D. Moore, declare as follows:

1. I am an attorney licensed to practice law in the State of California, I make this declaration based on my own personal knowledge, and if called to testify as a witness in this matter, I could and would competently testify to the facts contained herein.

2. I make this declaration in support Of Objection To Special Master's Report And Recommendation Re Allocation Of IPP Class Counsel Attorneys' Fees (Dkt 4971, 4976, 4825.4873)

3. I am an attorney licensed to practice before the courts of the State of California as well as the United States District Courts for the Northern, Eastern and Central Districts of California, as well as admitted Pro Hoc Vice in Federal Courts throughout the nation. I am Of Counsel to the law firm of Alioto Law Firm, and make this Declaration in support of my own personal work in this matter at bar, and not those of the Alioto Law Firm. Any further request for expenses or attorneys' fees from the Alioto Law Firm do not include my work in this case. I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to them. I make this declaration in support of my own request for attorneys' fees.

4. I have been a trial lawyer for 34 years, as a Deputy District Attorney prosecuting cases on behalf of the State of California, and in civil litigation prosecuting antitrust cases in Federal and State Courts almost exclusively on behalf of antitrust plaintiffs. To date I have been lead and/or co lead counsel in approximately 130 trials to verdict, having practiced both criminal and civil litigation. I began my antitrust career with the Alioto Law Firm of Joseph M. Alioto in 1981 when I participated in my first antitrust trial. I then practiced as a Deputy District Attorney in San Francisco for seven and one half years until returning to advocacy teaching and practice of civil antitrust litigation at the Alioto Law Firm. I am a trial attorney specializing in advocacy, and my substantive legal focus includes antitrust, unfair competition, business, consumer and complex class actions. I am a Judge Pro Tem for the State of California San Francisco Superior Court, since 1996.

1

Declaration Of Theresa D. Moore, Esq. In Support Of Opposition To Lead Counsel's Proposed Allocation Of Aggregate Fee Award To Indirect Purchaser Plaintiffs' Counsel
Case No. 3:07-cv-5944 (JST), MDL No. 1917

5. I am a distinguished Professor Adjunct in Trial/Evidence Practice at University of California Hastings College of the Law where I have been teaching trial advocacy since the 1995-1996 academic year.

6. I have served on multiple occasions as Co-chair, Keynote Speaker, and Instructor at the National College of Advocacy, and Intensive Advocacy Program.

7. I have authored books and articles, the most recent was published this year in 2016 by Lexis Nexis and the National Institute of Trial Advocacy, consisting of the third book in a series of separate books on trial practice under my trademark of Trial By Fire.

8. I am a Certified Mediator and a Special Master. In my capacity as a negotiator and mediator I have successfully mediated approximately 150 cases for many private and government organizations, including the Federal Equal Employment Opportunity Commission, Multi-Option ADR Project, State of California First District Court of Appeal, Conflicts Resolution Center, San Francisco Superior Court and San Mateo County Courts, Bar and Community as a partial list.

9. I studied at the Sorbonne and Institut d'Études Politiques de Paris in Paris, France, received my Bachelor of Arts from Santa Clara University, and my Juris Doctorate from University of California Hastings College of the Law.

10. As an IPP counsel with Alioto Law Firm appearing for the benefit of multiple related case named class members, and I have been involved as IPP counsel in the CRT litigation from the earliest stages, during the course of the litigation I handled the CRT matter. I was very prudent and discriminating in my reading of documents, and only did so when I felt it necessary and did consult with lead Counsel. (Fee Declaration, Dkt 4825) In the time since May 2015 my time has been devoted to enhancing the benefits for the IPP class members.

11. Post settlement work includes research, analysis, preparing and presenting the objection to the Court, as well as replies, oppositions, and replies to oppositions, court appearances, evidentiary hearings, oral arguments, opposing multiple motions, including those to continue and to compel which were solely intended to eliminate the objections, as well as assessing and advising about the risks.

2

Declaration Of Theresa D. Moore, Esq. In Support Of Opposition To Lead Counsel's Proposed Allocation Of Aggregate Fee Award To Indirect Purchaser Plaintiffs' Counsel
Case No. 3:07-cv-5944 (JST), MDL No. 1917

12.     Attached as Exhibit B is a true and correct copy of the Summary of Total Lodestar. The total number of attorney hours reasonably expended on this litigation by me or by Jill Lin, Esq. at my direction is 554.45 hours for a lodestar of $431,147.50. The total hours expended from inception to May 31, 2015 is 250.6 hours and from September 2015 to August 2016 is 318.85. The total lodestar at historical rates is $ $406,361.25 and the total lodestar at current rates is $431,147.50.  The rates charged are reduced from what I would normally charge a private client, and have been approved in LCD over 4 years ago, as well as in CRT.  Throughout the course of this litigation, I have kept files contemporaneously documenting all time spent, including tasks performed, and expenses incurred. All of the time reported were incurred for and has benefitted all IPP class members. All daily time records are available for the Court for review and will be made available to the Court if desired.

13.     Attached hereto as Exhibit A is a true and correct copy of the certified transcript of Hearing Before Special Master Hon. Marvin Quinn on October 5, 2016 at 1:30 pm.

14.     It was a very difficult decision to accept the request for representation from the Objector clients. After research, analysis and much contemplation in 2015 I accepted the request of multiple class members for representation in their objections to the settlement in order to benefit the class. Their objections are valid and serious. I have spent my entire career representing and working to correct situation for victims. As a counsel that typically represents plaintiffs in private and class action cases, I have spent years developing cooperative working relationships with other plaintiffs' firms, including firms serving as Class Counsel in this case. Representing an objector class member to a settlement is anathema to many lawyers in this field, and often to Courts as well, and I put my entire career and relationships in the legal community in jeopardy and at risk in agreeing to represent these class members.

15.     I accepted the request for representation because I was uniquely qualified to represent them. In addition to the experience and qualifications listed above, I acted as co-lead counsel in LCD and was innately familiar with the CRT and LCD cases. With this knowledge I was able, in a comparatively short time frame, to analyze the record in the case, to determine what

had actually occurred and to develop an effective approach for communicating these concerns about the settlement amount to the Court. I was also familiar with vital information which was not in the record presented to this current Judge.

16. I represent these objector class members on a contingent basis, and have received no payment for my work. In addition to assuming the risk of not being paid for the time devoted representing class member objectors, I was also precluded from devoting resources to other cases and potential new cases.  There are cases I did not file, cases I did not participate in, and clients that I did not accept for representation due to this CRT matter. Although the hours listed are few, the commitment has been enormous and the work load heavier than it appears, with multiple additional briefing and rewriting ordered and required. In addition since so much public information remains under seal, it was necessary to be extremely careful in all review of every required reading and record research to avoid any unintentional release of claimed confidential information. In addition to assuming the risk of not being paid for the time devoted representing class member objectors, I was also precluded from devoting resources to other cases and potential new cases.

17. My private antitrust actions clients usually pay far more than 33% of the recovery. When I represent sophisticated clients on a contingency basis, it is pursuant to agreements that contain fee percentages higher than 33% of the recovery. It is my belief that it is common that plaintiffs typically agree to pay contingent fees of 33% to 40% in opt out cases.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 11th day of November, 2016 in San Francisco, CA.

/s/ *Theresa D. Moore*

Theresa D. Moore

4

Declaration Of Theresa D. Moore, Esq. In Support Of Opposition To Lead Counsel's Proposed Allocation Of Aggregate Fee Award To Indirect Purchaser Plaintiffs' Counsel

Case No. 3:07-cv-5944 (JST), MDL No. 1917