1  BRAD BRIAN (State Bar No. 079001)
   brad.brian@mto.com
2  GREGORY J. WEINGART (State Bar No. 157997)
   gregory.weingart@mto.com
3  E. MARTIN ESTRADA (State Bar No. 223802)
   martin.estrada@mto.com
4  355 South Grand Avenue
   Thirty-Fifth Floor
5  Los Angeles, California 90071-1560
   Telephone:     (213) 683-9100
6  Facsimile:     (213) 687-3702

7  *Attorneys for Defendant LG Electronics, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-JST (N.D. Cal) |
| This Document Relates to: | MDL No. 1917 |
| *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514 | **DEFENDANT LG ELECTRONICS, INC.'S OPPOSITION TO PLAINTIFFS SEARS' AND KMART'S MOTION FOR ADMINISTRATIVE RELIEF CONCERNING LGE'S FAILURE TO ADHERE TO THE ORDER REGARDING PRETRIAL DISCLOSURES [ECF NO. 4781]** |
| | Judge:  Hon. Jon S. Tigar<br>Court:  Courtroom 9, 19th Floor |

MDL No. 1917
Master No. 3:07-cv-05944-JST

LGE'S OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF CONCERNING LGE'S
FAILURE TO ADHERE TO THE ORDER REGARDING PRETRIAL DISCLOSURES

## I.  INTRODUCTION

Plaintiffs Sears, Roebuck & Co. and Kmart Corporation ("Plaintiffs") have moved to strike the responsive deposition designations served by Defendant LG Electronics, Inc. ("LGE").  *See* ECF No. 5000.  The motion should be denied.  *First*, LGE's responsive designations were proper.  Pursuant to the Court's scheduling order, Plaintiffs served affirmative deposition designations; next, LGE served counter designations to Plaintiffs' affirmative designations as well as its own affirmative designations; then, Plaintiffs were supposed to have served counter designations to LGE's affirmative designations.  Plaintiffs, however, did not adhere to this limited last step, serving designations that went well beyond the scope of LGE's affirmative designations.  LGE's responsive rebuttal designations were an appropriate response to this overbreadth.

*Second*, Plaintiffs erroneously conflate the Sharp defendants' proposal rejected by this Court in another case—in which only the defendants could submit rebuttal designations—with the present case, where LGE's so-called "rebuttal" designations are counters to Plaintiffs' additional affirmative testimony, and where LGE has proposed that both sides be permitted to serve responsive designations to counter designations where required.

*Third*, Plaintiffs' proposal is inefficient.  The Court has yet to rule upon LGE's objections to Plaintiffs' improper counter designations.  LGE recognizes that, if the Court agrees with LGE and strikes those designations, Plaintiffs may try and re-designate those counter designations as additional affirmative designations.  If the Court permits them to do so, then LGE would simply end up re-serving the responsive designations it has already prepared.  Thus, as a practical matter, permitting LGE's responsive rebuttal designations to stand, and allowing Plaintiffs to submit rebuttal designations in turn, would now be the most efficient way to proceed as trial approaches.

Accordingly, Plaintiffs' motion should be denied.

## II.  BACKGROUND

In accordance with the Court's scheduling order (*see* ECF Nos 4776-1 & 4781):

- On August 8, 2016, Plaintiffs served LGE with affirmative deposition designations.

-1-

MDL No. 1917
Master No. 3:07-cv-05944-JST

LGE'S OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF CONCERNING LGE'S FAILURE TO ADHERE TO THE ORDER REGARDING PRETRIAL DISCLOSURES

- On September 15, 2016, LGE served Plaintiffs with affirmative deposition designations, and counter designations to Plaintiffs' affirmative deposition designations.

- On October 7, 2016, Plaintiffs served LGE with what were supposed to be counter designations to LGE's affirmative deposition designations.

When LGE began reviewing Plaintiffs' approximately 9.5 hours of counter designations served on October 7, 2016, however, it became clear that a significant portion of them were improperly beyond the scope of LGE's affirmative designations. *See* Fed R. Evid. 611(b). Rather than immediately rushing to the Court for relief by filing a motion to strike, LGE, consistent with the meet-and-confer process, instead (1) objected to those counter designations as improperly beyond the scope under Federal Rule of Evidence 611(b) for the Court to rule on at the appropriate time, and, additionally, (2) treated Plaintiffs' counter designations as affirmative designations, and identified approximately 1.5 hours of "rebuttal" designations in response (essentially, counter designations to Plaintiffs' new affirmative designations).

LGE explained to Plaintiffs why it felt compelled to serve responsive rebuttal designations. LGE further made clear that it would not oppose Plaintiffs' service of its own responsive designations to resolve the dispute. Plaintiffs neither withdrew their overbroad/beyond-the-scope counter designations, nor accepted LGE's offer. Instead, Plaintiffs filed the instant administrative motion four days later.

### III.   ARGUMENT

Plaintiffs' administrative motion should be denied for at least three reasons.

*First*, LGE's responsive rebuttal designations were appropriate given Plaintiffs' failure to adhere to the purpose of the Court's schedule by serving overbroad counter designations. Hence, LGE was compelled, not only to object, but also to reserve its rights by providing Plaintiffs with notice of its response to what were effectively new affirmative designations.[1]  *See* ECF Nos. 4776-

---

[1] If this Court grants Plaintiffs' motion, LGE respectfully reserves the right to move to strike Plaintiffs' counter designations as beyond the scope of LGE's affirmative designations.

-2-

MDL No. 1917
Master No. 3:07-cv-05944-JST
LGE'S OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF CONCERNING LGE'S
FAILURE TO ADHERE TO THE ORDER REGARDING PRETRIAL DISCLOSURES

1 & 4781.  If Plaintiffs are concerned with LGE's responsive rebuttal designations, they had multiple alternatives besides turning to this Court.  Plaintiffs could have met and conferred with LGE as to LGE's concerns regarding their overbroad counter designations.  They did not.  They also could have proposed that LGE's responsive rebuttal designations be stricken to the extent they respond to Plaintiffs' counter designations that the Court ultimately deems to be within the scope of LGE's affirmatives.  They did not.  Instead, they filed an administrative motion to strike *all* of LGE's responsive rebuttal designations one week after first raising this issue with LGE, short-circuiting the objection process—including the resolution of LGE's objections to Plaintiffs' overbroad counter designations—that otherwise would have played out leading up to, and during, the pretrial conference.

*Second*, Plaintiffs are wrong that this Court's adoption in a "baseball-arbitration" process, in another MDL case,[2] of Plaintiff Sharp's proposed pretrial schedule (which did not provide for rebuttal designations, *see* ECF No. 4805-9) over the schedule proposed by the defendants to that action (which provided for rebuttal designations for the *defendants only*, *see* ECF No. 4805-10), is dispositive.  *See Sage Electrochromics, Inc. v. View, Inc.*, No. 12-cv-6441-JST, 2014 WL 1379282, at *3 n.3 (N.D. Cal. Apr. 7, 2014).  The Sharp defendants' proposal provided that only the *defendants* in that action could submit rebuttal designations; Sharp could not.  *See* ECF No. 4805-10.  Indeed, Sharp criticized the defendants' proposal on these very grounds.  *See* ECF No. 4805 at 2.  In contrast, LGE's service of responsive rebuttal designations, coupled with its proposal to Plaintiffs that they serve rebuttal designations, provides no such disparity.  Moreover, LGE's responsive rebuttal designations were necessitated by the impropriety of Plaintiffs' beyond-the-scope counter designations.  In light of these key differences, LGE respectfully submits that its proposed course—permitting both sides to serve rebuttal designations—is the most fair way to proceed.

*Third*, litigating this issue at this time is inefficient.  In addition to being fair, LGE's proposal that its limited responsive rebuttal designations stand, and that Plaintiffs serve similarly

---

[2] *See* Case No. 13-cv-1173-JST.

-3-

MDL No. 1917
Master No. 3:07-cv-05944-JST

LGE'S OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF CONCERNING LGE'S FAILURE TO ADHERE TO THE ORDER REGARDING PRETRIAL DISCLOSURES

1  limited rebuttal designations should they so choose, would also be the most efficient.  As a
2  practical matter, the parties are likely to continue to revise and streamline their deposition
3  designations in the weeks leading up to, and even during, trial.  For example, if, as LGE expects,
4  the Court sustains LGE's objections to Plaintiffs' overbroad counter designations, Plaintiffs may
5  still try and later re-designate some of that testimony affirmatively[3]—at which point LGE would
6  simply re-serve the rebuttal designations it has already identified.  It would be far more efficient to
7  permit the parties to continue to meet-and-confer on the rebuttal designations that LGE has already
8  served, rather than removing them now as a technical matter, only for LGE to re-serve them on the
9  eve of, or during, trial—triggering a whole new round of objections, meeting and conferring, and
10 asking this Court to resolve evidentiary disputes.

## IV.   CONCLUSION

Both fairness and efficiency concerns point in the same direction:  This Court should deny Plaintiffs' administrative motion to strike LGE's responsive rebuttal designations.

Dated: November 14, 2016                    Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

By:      /s/ Brad D. Brian
BRAD BRIAN (State Bar No. 079001)
brad.brian@mto.com
GREGORY J. WEINGART (State Bar No. 157997)
gregory.weingart@mto.com
E. MARTIN ESTRADA (State Bar No. 223802)
martin.estrada@mto.com
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, California 90071-1560
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702

*Attorneys for Defendant LG Electronics, Inc.*

---

[3] If Plaintiffs do so, LGE reserves the right to object at the appropriate time.

-4-

MDL No. 1917
Master No. 3:07-cv-05944-JST

LGE'S OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF CONCERNING LGE'S
FAILURE TO ADHERE TO THE ORDER REGARDING PRETRIAL DISCLOSURES