Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
**TRUMP, ALIOTO, TRUMP & PRESCOTT LLP**
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master No.: 3:07-cv-05944-JST<br>MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5** |

I, Mario N. Alioto, declare:

1. I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am a partner with the law firm Trump, Alioto, Trump & Prescott, LLP and my firm serves as Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs") in the above-captioned action. I make this declaration in support of the Administrative Motion to File Under Seal Pursuant to Civ. L. R. 7-11 and 79-5(d) filed by the Law Office of Francis O. Scarpulla ("LOFOS") (ECF No. 5022). Except where otherwise stated, the matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2. I have reviewed and complied with the Honorable Jon S. Tigar's Standing Order Governing Administrative Motions to File Materials Under Seal ("Standing Order") and Civil Local Rule 79-5.

3. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. No. 306) (the "Protective Order").

4. Pursuant to the Stipulated Protective Order, IPPs have designated their time records as Highly Confidential because some of IPP Counsel's billing records contain attorney-client privileged information, attorney work product information, and/or information relating to IPP Counsel's preparations for trial.

5. On November 11, 2016, the Law Office of Francis O. Scarpulla ("LOFOS") filed the Motion to Seal (ECF No. 5022) and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), the Declarations of Richard Zitrin (ECF No. 5022-4) and Jack I. Garvey (ECF No. 5022-5), as well as Exhibit 8 to the Declaration of Francis O. Scarpulla in Support of the Law Offices of Francis O. Scarpulla's Objection to Special Master's Report & Recommendation Re Allocation of IPP Class Counsel Attorneys' Fees (ECF No. 5022-6).

6. The Declaration of Francis O Scarpulla in Support of the Motion to Seal (ECF No. 5022-1) states that the Declarations of Richard Zitrin and Jack I. Garvey and Exhibit 8 are filed under seal because they contain analyses of, references to, and/or

information taken directly from material designated by IPP Counsel as "Confidential" or "Highly Confidential.

7. Pursuant to Civil Local Rule 7-11 and 79-5, and the Stipulated Protective Order, the Declarations of Richard Zitrin and Jack I. Garvey should be maintained under seal because they discuss and describe in detail Exhibit 1 to Zelle LLP's Response to Special Master's Request for Documents (ECF No. 4947). Exhibit 1 is a Highly Confidential document that is sealed by Court Order. (*See* ECF No. 4981.)

8. In addition, the Declarations of Richard Zitrin and Jack I. Garvey, and Exhibit 8 to the Declaration of Francis O. Scarpulla, are submitted in connection with the allocation of fees amongst IPP Counsel, which has nothing to do with issues that relate to the merits of the case. The public and Defendants have only a minimal interest in the document. *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Therefore, this Court should apply the "good cause" standard in deciding LOFOS's administrative motion to seal. *Id*. at 1097.

9. Exhibit 1 to Zelle LLP's Response to Special Master's Request for Documents (ECF No. 4947) reflects email communications between IPP Counsel on case organization, overall strategies and fee-related issues, and includes attorney mental impressions, strategy and thought processes. Likewise, Exhibit 8 to the Declaration of Francis O. Scarpulla (ECF No. 5022-6) contains excerpts of my firm's billing records, which contain IPPs' highly confidential attorney work product, including attorney mental impressions, strategy and thought processes. Such communications constitute privileged attorney work product and are entitled to protection from disclosure to the general public and the adversary. *Hickman v. Taylor*, 329 U.S. 495, 510-512 (1947). The document therefore qualifies as "privileged, protectable as a trade secret or otherwise entitled to protection under the law," under Civil Local Rule 79-5(b).

//
//
//

1  I declare under penalty of perjury that the foregoing is true and correct.  Executed
2  this 15th day of November 2016 at San Francisco, California.

3            /s/ Mario N. Alioto
4            Mario N. Alioto

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF ADMIN. MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5
MASTER FILE NO. CV-07-5944-JST, MDL NO. 1917