UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917<br>Case No. C-07-5944 JST |
| This Order Relates To: | **ORDER CONTINUING SUBPOENA** |
| Case No. 13-cv-1173-JST (N.D. Cal.) | ECF No. 4958 |
| SHARP ELECTRONICS CORPORATION; SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.,<br>　　　　　　Plaintiffs,<br>v.<br>HITACHI, LTD., et al.,<br>　　　　　　Defendants. | |

　　　　Before the Court is the Toshiba Defendants' Motion to Continue Trial Subpoena. ECF No. 4958. For the reasons set forth below, the Court grants the motion.

**I. BACKGROUND**

　　　　The Court originally set this case for trial beginning on September 6, 2016. ECF No. 4242. On March 16, 2016, the Toshiba Defendants served Nobuo Harada, a Sharp employee, with a trial subpoena in Memphis that directed him to appear at the September trial. ECF No, 4958-8. The Toshiba Defendants claim Harada is a key witness at trial. ECF No. 4958 at 9. On May 4, 2016, the Court continued the trial until January 9, 2017. ECF No. 4628. In August 2016, the Toshiba Defendants attempted to serve Harada with an amended subpoena reflecting the January

trial date, but Sharp employees in Memphis informed the process server that Harada had retired and moved to Japan. ECF No, 4958-9. In response, the Toshiba Defendants filed this motion.

## II. ANALYSIS

In opposition to Defendants' motion, Sharp argues that the Harada subpoena was, and continues to be, invalid. ECF No. 4972 at 8. Sharp asserts that the March subpoena violated the geographic limits in Federal Rule of Civil Procedure 45(c) because Harada was residing in Memphis and that an order continuing the subpoena would be improper because Harada relocated to Japan. Id. These arguments should be made in a motion to quash, not in opposition to a motion to continue. In their reply brief, the Toshiba Defendants claim that to the extent Sharp is moving to quash the Harada subpoena, that motion is untimely and fails on the merits. ECF No. 4988 at 9. Just as the Court will not rule on a motion to quash that was not filed, it also will not assess whether that yet-to-be made motion is timely or meritorious.

Turning to the merits of the Toshiba Defendants' motion to continue, the Court agrees that the Ninth Circuit's decision in United States v. Snyder controls. 413 F.2d 288 (9th Cir. 1969). In that case, the U.S. Attorney's Office served Snyder with a subpoena that directed him to appear on February 20, 1968. Id. at 288. Snyder, however, was not called to testify on that date. Instead, the U.S. Attorneys' Office sent him a message directing him to appear in court in April 9, 1968. Id. at 289. Snyder refused. Id. Rejecting Snyder's argument that his duty under the subpoena did not extend beyond the original date, the court held that "the subpoena creates a continuing obligation until the person subpoenaed has been released from it." Id.

In so holding, the Snyder court relied on an earlier Supreme Court decision, Blackmer v. United States, 284 U.S. 421 (1932). In Blackmer, the Court confronted a situation like the present one, in which the "defendant had been subpoenaed for April 2, 1928, but the case was continued for trial to April 9, 1928." Snyder, 413 F.2d at 289. Despite the continuance, the Court held that "[i]t was the duty of the petitioner to respond to the subpoena and to remain in attendance until excused by the court or by the government's representatives." Blackmer, 284 U.S. at 443. In Snyder, the Ninth Circuit concluded that the Blackmer rule applies to both civil and criminal subpoenas issued under Federal Rule of Criminal Procedure 17 and Federal Rule of Civil Procedure 45. Snyder, 413 F.2d at 289.

Under Snyder, the Harada subpoena remains effective although the trial was continued beyond the date on which Harada was directed to appear in the March subpoena.  Because Sharp has yet to file a motion to quash, the Court need not address its argument that Snyder only applies to properly served subpoenas.  ECF No. 4972 at 7.

**CONCLUSION**

The Court grants the Toshiba Defendants' motion to continue Harada's trial subpoena to the January 2017 trial.

IT IS SO ORDERED.

Dated:  November 16, 2016

                                                                                    _____
JON S. TIGAR
United States District Judge

3