UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
|---|---|
| | Case No. C-07-5944 JST |
| This Order Relates To: | **ORDER GRANTING FINAL APPROVAL** |
| ALL INDIRECT PURCHASER ACTIONS | ECF No. 4953 |

Before the Court is the Indirect Purchaser Plaintiffs' ("IPPs") Memorandum of Points and Authorities in Support of Final Approval of Plan of Distribution of Chunghwa Settlement Fund, ECF No. 4953. The Court previously granted a motion for preliminary approval of the plan, ECF No. 4712, and held a fairness hearing on November 14, 2016. The Court will grant the motion.

## I. BACKGROUND

### A. The Parties and Claims

The history of this case is well known to the parties, objectors, and interested states. By way of summation, this case is predicated upon an alleged conspiracy to price-fix cathode ray tubes ("CRTs"), a core component of tube-style screens for common devices including televisions and computer monitors. This conspiracy ran from March 1, 1995 to November 25, 2007, involved many of the major companies that produced CRTs, and allegedly resulted in overcharges of hundreds of millions, if not billions, of U.S. dollars to domestic companies that purchased and sold CRTs or finished products containing CRTs for purposes such as personal use. A civil suit was originally filed in 2007, ECF No. 1, consolidated by the Joint Panel on Multidistrict Litigation shortly thereafter, see ECF No. 122, assigned as an MDL to Judge Samuel Conti, see id., and ultimately transferred to the undersigned, see ECF No. 4162. This order concerns the settlement

of one part of this expansive case.

### B. Procedural Background

In 2011, the IPPs settled with Chunghwa[1] for $10,000,000. The Chunghwa Settlement postponed approval of the allocation of funds pending additional settlements with the remaining Defendants. On July 7, 2016, the Court granted final approval of the settlements between the IPPs and those other Defendants. ECF No. 4712. In the same order, the Court preliminarily approved the Chunghwa Settlement allocation plan and notice procedures,[2] but ordered that the claim period be reopened for 120 days for resellers in the 24 Chunghwa Settlement states. Id. at 31. The Court gave resellers 60 days to object to the settlement because they had "not been given notice of the plan or the opportunity to file claims." Id. The Court explained that its "review of the notice, allocation, and distribution procedures [were] akin to a preliminary approval of the revised Chunghwa settlement." ECF No. 4712 at 32. The IPPs have now submitted a memorandum of points and authorities in support of final approval of the Chunghwa Settlement allocation plan, stating that that "[n]otice was provided in accordance with the Court's Order." ECF No. 4953 at 2.

## II. FINAL APPROVAL OF THE ALLOCATION PLAN

### B. Analysis

Consistent with its previous order granting preliminary approval, the Court now finally approves the IPP's proposed allocation plan and notice procedures.

#### 1. Adequacy of Notice

"The class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice." Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco, 688 F.2d 615, 624 (9th Cir. 1982) (citation omitted). "Notice is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those

---

[1] "Chunghwa" includes Chunghwa Picture Tubes, Ltd. See ECF Nos. 992 (preliminary approval, granted August 9, 2011), 1105 (final approval, granted March 22, 2012).

[2] As the IPPs explain in their memorandum, the Special Master originally disapproved of the Chunghwa distribution plan, which was revised and accepted by the Special Master, ECF No. 4445, and this Court.

1   with adverse viewpoints to investigate and to come forward and be heard." Mendoza v. Tucson
2   Sch. Dist. No. 1, 623 F.2d 1338, 1352 (9th Cir. 1980).
3           Notice procedures for the Chunghwa Settlement were outline in the Court's July 7, 2016
4   Order. ECF No. 4712 at 31-33. The Court determined that the "forms of notice . . . [were] the
5   best notice possible" and "expressly approve[d] the use of emails banner ads, and any other
6   mechanism previously used in this case to ensure maximal reach to resellers." Id.
7           In their memorandum and accompanying declaration and exhibits, the IPPs outline how
8   they "implemented [the] Chunghwa notice program":

- direct mail notice to 88,121 resellers of CRT Products identified using the North American Industry Classification System (NAICS) (id. ¶ 5);

- direct email notice to 27,928 resellers of CRT Products identified through the Consumer Technology Publishing Group (id. ¶ 6);

- digital notice via paid advertisements on the TWICE website, an online magazine that provides multichannel-marketing solutions targeted to resellers of consumer electronics and computers (id. ¶ 7);

- publication notice in the Sunday New York Times (id. ¶ 8);

- English and Spanish press releases carried by 360 domestic and foreign websites with a total potential audience of approximately 166 million (id. ¶ 9);

- direct mail and/or email notice to all end user members of the Chunghwa Settlement Class who filed claims (id. ¶¶ 11-12);

- Direct email notice to an additional 1,110 persons who had previously registered at the settlement website to request updates or who had previously opted out of the end user settlements (id. ¶ 13); and

- Publication on the CRT settlement website, www.crtclaims.com. (id. ¶ 4.)

ECF No. 4953 at 5 (citations to Fisher Declaration in Support of the IPP's memorandum). The form of the notice used matched the form approved by this Court, and outlined the terms of the settlement and allocation plan described below. The only changes from the Court-approved form were "(1) the amount of the Net Settlement Fund was changed to more accurately reflect the deductions for attorneys' fees and the Chunghwa Settlement's share of litigation expenses (see Final Approval Order at 32 ('The notice must be updated to reflect the proper settlement figure

3

1  available for distribution.'); (2) the September 30, 2016 deadline for objecting to the plan of
2  distribution, the November 29, 2016 deadline for filing a claim, and the November 14, 2016
3  Fairness Hearing date, were added." Id. at n.7.  No objections to either the form of the notice or
4  the means of distribution were received.  Id. at 9.

5          In light of the IPP's actions, the lack of objections, and the Court's prior order granting
6  preliminary approval of the notice program, the Court finds the parties have sufficiently provided
7  notice to the settlement class members.  See Lundell v. Dell, Inc., Case No. 05–3970 JWRS, 2006
8  WL 3507938, at *1 (N.D. Cal. Dec. 5, 2006) (holding that notice sent via email and first class mail
9  constituted the "best practicable notice" and satisfied due process requirements).

10          **2.     Plan of Distribution**

11          "Approval of a plan of allocation of settlement proceeds in a class action . . . is governed
12  by the same standards of review applicable to approval of the settlement as a whole: the plan must
13  be fair, reasonable and adequate." In re Oracle Sec. Litig., No. C–90–0931–VRW, 1994 WL
14  502054, at *1–2 (N.D. Cal. June 16, 1994) (citing Class Pls. v. City of Seattle, 955 F.2d 1268,
15  1284–85 (9th Cir. 1992)).

16          Some aspects of the allocation plan have already been finally approved by this Court.
17  Under the Chunghwa Settlement, funds will distributed to claimants in 24 states *pro rata* in
18  accordance with those states' respective populations in 2000.  ECF No. 4712 at 29.  The Attorneys
19  General of Illinois and Oregon will be allocated 8.59% and 2.37% of the Net Settlement Fund,
20  respectively.  The Attorneys General will distribute these monies to residents of Illinois and
21  Oregon, with the remaining funds distributed to claimants in the other 22 states.  ECF No. 922.

22          What remains to be finalized is the allocation of the Settlement funds between resellers and
23  end-user claimants within these 22 states.  The IPPs have proposed that each state's "pro rata share
24  will be divided 50/50 between resellers and end-users, and then distributed to reseller and end-user
25  claimants on a pro rata basis." ECF No. 4953 at 6.  Under this plan, "payment amounts will be
26  based on the number of valid claims filed, as well as on the number and type of CRT Product(s)
27  purchased: Standard CRT Television (screen size of less than 30 inches); Large CRT Television
28  (screen size of 30 inches or larger); or CRT Computer Monitor." Id.  "[C]laims for different types

United States District Court
Northern District of California

of CRT Products will be weighted as follows: claims for purchases of Standard CRT Televisions will be weighted as 1; claims for purchases of Large CRT Televisions will be weighted as 4.3; and claims for purchases of CRT Computer Monitors will be weighted as 3." Id.  Although the claims period for resellers is still open, making exact per-claimant recovery uncertain, [t]he maximum payment will be three times the estimated overcharge for each claimant." Id.  If "reseller claimants do not exhaust a particular state's reseller fund, the residue will be distributed pro rata to existing end-user claimants from that state." Id.

Objections to this 50/50 allocation were considered and rejected by the Court in its July 7 Order, and no additional objections have been received.  ECF No. 4712 at 30-31.  As the Court recognized, although it is possible that a more precise allocation plan could be fashioned, undertaking such an effort would be time-consuming and costly.  Id.  Moreover, the standard of review requires only an allocation plan that has a "reasonable, rational basis"; it does not require the best possible plan of allocation.  Vinh Nguyen v. Radient Pharm. Corp., No. SACV 11-00406 DOC, 2014 WL 1802293, at *5 (C.D. Cal. May 6, 2014).  The Court sees no reason to change its conclusion that the 50/50 allocation is fair, reasonable, and adequate.

## CONCLUSION

The Court grants final approval of the Chunghwa Settlement allocation plan, lifts the stay on the distribution of funds, and authorizes Plaintiffs to distribute the settlement funds to Class Members.

IT IS SO ORDERED.

Dated: November 16, 2016

_____
JON S. TIGAR
United States District Judge