UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. C-07-5944 JST |
| This Order Relates To: | **ORDER DENYING ADMINISTRATIVE MOTION TO SEAL** |
| | ECF No. 5022 |
| ALL INDIRECT PURCHASER ACTIONS | |

On November 11, 2016, the Law Offices of Francis O. Scarpulla filed an administrative motion to seal the Declarations of Richard Zitrin and Jack I. Garvey, and Exhibit 8 to the Declaration of Francis O. Scarpulla, in Support of the Law Offices of Francis O. Scarpulla's Objection to Special Master's Report & Recommendation Re Allocation of IPP Class Counsel Attorneys' Fees. ECF No. 5022. Mario Alioto filed a declaration in support of the motion on November 15, 2016. ECF No. 5036.

**I.  LEGAL STANDARD**

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotations omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). An administrative motion to seal must also fulfill

the requirements of Civil Local Rule 79-5(d). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A).

With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached. Records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). Instead, a party need only make a showing under the good cause standard of Rule 26(c) to justify the sealing of the materials. Id. at 1097. A court may, for good cause, keep documents confidential "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

A district court must "articulate [the] . . . reasoning or findings underlying its decision to seal." Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 132 S. Ct. 2374 (2012).

## II. DISCUSSION

Mr. Alioto has failed to meet even the lower good cause standard applicable to these materials, which is the relevant standard because the documents are not related to the merits of the case. As to the Zitrin and Garvey Declarations, the reason these documents assertedly need to be sealed is that they reveal a conflict between the Alioto and Zelle firms over whether the Zelle firm would serve as shadow counsel and over what multiplier each firm would receive. But that conflict is already part of the public record. Indeed, the Special Master discusses it in the very order that is being challenged in the motion to which these documents are attached:

> Scarpulla also argues that there was an agreement between Zelle and Lead Counsel pursuant to which Zelle would be "shadow lead counsel" and receive the same multiplier as Lead Counsel. The record now includes a somewhat unseemly public airing of e-mails and text messages on this subject.

ECF No. 4976 at 13. The few additional details in the Zitrin and Garvey Declarations do not reveal much beyond the comments already made by the Special Master. The Court sees no need to seal information that has already been disclosed in other filings.

Nor does Mr. Alioto demonstrate good cause to seal Exhibit 8. In a recent order granting a motion to seal, the Court suggested "that in future motions to seal, the parties consider whether all attorney time records contain confidential information that must be sealed, or whether those records could be redacted in part." ECF No. 4962. The parties appear not to have taken this request to heart. Exhibit 8, which the motion seeks to seal in its entirety, contains many pages of time records that do not reveal any attorney's work product or privileged communications. "Remove Bates numbers from additional volumes of Appendix," for example, is not confidential.

**III. CONCLUSION**

The documents that are the subject of this administrative order will not be considered by the Court unless the filling party files the documents in the public record within seven days from the date of this Order.

The hearing date and briefing schedule on the underlying motion shall remain as originally set.

IT IS SO ORDERED.

Dated: November 17, 2016

_____
JON S. TIGAR
United States District Judge

3