FRANCIS O. SCARPULLA (CASB No. 41059)
PATRICK B. CLAYTON (CASB No. 240191)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA 94111
Telephone: (415) 788-7210
Facsimile: (415) 788-0706
fos@scarpullalaw.com
pbc@scarpullalaw.com

*Counsel for Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION. | **Master File No. 3:07-cv-5944 JST** <br><br> **MDL No. 1917** |
| This Document Relates to: <br><br> All Indirect-Purchaser Actions. | **DECLARATION OF JACK I. GARVEY IN SUPPORT OF LAW OFFICES OF FRANCIS O. SCARPULLA'S OBJECTION TO SPECIAL MASTER'S REPORT & RECOMMENDATION RE ALLOCATION OF IPP CLASS COUNSEL ATTORNEYS' FEES** |

I, Jack I. Garvey, hereby declare as follows:

1. I am an attorney licensed to practice before all the courts of the State of California, and bear State Bar Number 63300. I am serving in this matter in the capacity of an expert in contract law, having been retained by attorney Francis O. Scarpulla. If requested to by the Court, I am prepared to testify as to all matters contained in this Declaration.

2. My current *curriculum vitae* is attached hereto as Exhibit A. I have been a Professor of Law at the University of San Francisco School of Law for more than 40 years, teaching contracts, international law, and arbitration. My writings on international dispute resolution have been widely published. I have served as an expert consultant to law firms concerning contracts, including particularly partnerships and joint venture contract issues.

3. In forming the opinions I set forth below, I have reviewed the declaration of Francis O. Scarpulla filed in this matter October 5, 2016, and the exhibits attached thereto; Zelle LLP's Response to Special Master's Request for Documents of October 10, 2016, and the exhibit attached thereto; and a partial transcript of proceedings of October 3, 2016 before Special Master Martin Quinn, pages 31 – 33. Before I reviewed any documents or pleadings that might be covered by the Protective Order in this case, I read it and executed the required non-disclosure agreement.

4. Based upon my review of the foregoing materials, and in particular the exhibit to Zelle LLP's Response, it is my opinion that there was contract formation as to the basis for fees constituted by the e-mail exchange.

5. The relevant principle of the common law of contract, embodied in California Civil Code Section 1585, is the basic principle that there is agreement if offer and acceptance conform in their material terms, and the acceptance is not conditional. There is no material variation between the e-mails in that to "request" (Alioto's e-mail), or "be asked" (Corbitt's e-mail), does not, as to either reference, constitute a condition of participation. Moreover, the only reasonable interpretation of the understanding of both parties would be that allocation of costs would be

---

DECLARATION OF JACK I. GARVEY iso
LOFOS's OBJECTION TO SM's R&R RE
ALLOCATION OF IPP CLASS COUNSEL'S FEES

- 1 -

Master File No. 3:07-cv5944 JST
MDL 1917

1  worked out on an equitable basis, which would not be expected to affect the agreement as to
2  allocation of fees, being a separate matter.

4  6. The Alioto proposition that "the same multiplier shall be applied to your time as is applied to our time" was uncontested in the Corbitt response, and was the only stated basis for the two firms working together on the same subject matter.  This in itself should be sufficient to constitute agreement on the formula for the respective payment of fees.  Additionally, estoppel would apply to preclude either party from denying "the same multiplier" was the basis for the arrangement.  Given mutual reliance by way of any subsequent substantial work, this would be so – no matter what the substance of other terms beyond the joint agreement on lodestar multipliers.

11  7. Moreover, it is my opinion that the e-mail exchange establishing lodestar multipliers was the memorialization of terms previously agreed.  Irrespective of any arguable uncertainty that the e-mail exchange in itself constituted an agreement that the fees were to be based on "the same multiplier", that term is established as the basis of the parties' agreement to work together by the exchange of e-mails representing a memorialization of previously agreed-upon terms.  In accordance with the common law principle reflected in Section 27 of the Restatement of Contracts, a written exchange between the parties may be intended to record terms earlier agreed, and is binding based on that earlier agreement irrespective of any incomplete nature of that subsequent written recording of terms.  The factors Section 27 mandates to consider are substantially evident in the substance of the exchange of e-mails.  Partial performance before the subsequent writing is deemed to demonstrate agreement already achieved.  The fact that Alioto's e-mail states his thanks for the retention of ApplEcon would alone establish sufficient partial performance to demonstrate agreement was previously achieved, and this would be supplemented by any conduct in their joint interest by either party prior to the e-mail exchange.  Another factor noted in Section 27 is the extent to which terms have been specified prior to the written exchange.  Judge Samuel Conti's Order on representation, and any prior discussions (*e.g.*, "our discussion last Friday"), as well as standard professional practice for such joint endeavors would additionally

DECLARATION OF JACK I. GARVEY iso           - 2 -           Master File No. 3:07-cv5944 JST
LOFOS's OBJECTION TO SM's RR RE                              MDL 1917
ALLOCATION OF IPP COUNSEL'S FEES

supply the terms. The use of the past tense in Corbitt's e-mail, "We agreed . . . ." to run this case on a joint basis, and the statement of terms in Alioto's e-mail as already established, and Corbitt's language indicating earlier agreement ("Per our discussion last Friday and with your authorization"), also confirm the e-mail exchange as a memorialization of terms previously agreed.

8. Finally, it should be noted that estoppel applies whether the e-mail exchange constituted in itself an agreement as to "the same multiplier" or was simply a memorialization of agreement previously achieved. Given that the work proceeded without any objection by either party to the "the same multiplier" term, either party would be estopped to deny that term in light of the other party's reliance on "the same multiplier" as the sole stated basis for the arrangement as to fees.

9. In sum, whether the exchange of e-mails is viewed in reference to the standards for original contract formation, or the standards concerning memorialization of previous agreement, it is clear that the term stated by Alioto, that "the same multiplier shall be applied to your time as is applied to our time" was the governing and mutually binding material term of the agreement between the parties concerning the work for which the fees are now being contested.

10. As to Mr. Scarpulla's efforts to enforce that agreement as to his portion of the Zelle lodestar assigned to him, he is a third-party beneficiary of the TATP/Zelle agreement. See, e.g. Goonewardene v. ADP, 2016 DJDAR 11110.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the forgoing is true and correct and that this declaration was executed in San Francisco, California on November 9, 2016.

_____
Jack I. Garvey

# EXHIBIT A

**PROFESSOR JACK GARVEY - CURRICULUM VITAE**

**Office:** University of San Francisco School of Law
2130 Fulton Street, San Francisco, CA 94108
(415) 225-7473   Fax (415) 422-6433   garveyj@usfca.edu

**EDUCATION:**

1965-68, Harvard Law School, J.D.
1964-65, Oxford University, St. John's College, Oxford, England
1960-64, Harvard College, A.B. with honors

**ACADEMIC AND PROFESSIONAL HISTORY**

2014-2016: Fulbright Senior Specialist, teaching International Commercial Arbitration, Europe and Asia, US State Department assignment to Croatia for legal analysis of European Refugee Crisis
Since Fall 1976: Professor of Law, University of San Francisco:
Full-time teaching responsibilities: Contracts (40 years), Public International Law, International Civil Litigation and Mediation, International Arbitration, Negotiation of International Contracts.
2016: Director, USF/Charles University Law Program, Prague, The Czech Republic
2012 and 2014: Director, USF/Ateneo Univ. Law Program, Manila, The Philippines
2013: Director, National University of Vietnam/USF Law Program, Hanoi, Vietnam
2010: Director, NLSIU/USF Law Program, Bangalore, India
2009: Director, Catholic Univ./USF International Law Program, Argentina
2007: Director, Duesto/USF International Law Program, Bilbao, Spain.
2003: Director, Pazmany University/USF Law Program, Budapest, Hungary
2002: Fulbright Senior Specialist, Brazil, Teaching International Arbitration Summer 2001: US State Dept. sponsored lectures at Hoi Chi Minh University, Vietnam, and in Hanoi at Ministry of Investment and Planning, on legal requirements to attract foreign trade and investment in implementation of US/Vietnam Trade Agreement.
April - June 1994, Sabbatical. Parker Fellowship, Teaching Public International Law and International Contract Dispute Resolution at University of Sidney Law School, Australia, and East China Institute of Law and Politics, Shanghai, China.
Since Fall 1973: Attorney, consultant and expert witness for numerous law firms on contracts and international and domestic contract related litigation, including particularly partnerships, joint ventures, leasing, franchising and insurance.

1987:  Fellow, The Graduate Institute of International Studies, Geneva, Switzerland.

1988 - 1999:  Trainer of Arbitrators for American Arbitration Association, contract disputes, particularly property leasing and construction, insurance, partnerships, franchising.

1983 - present:  Arbitrator and Mediator: American Arbitration Association (contracts, business litigation).

1980-81:  Visiting Scholar, Harvard Law School: research, writing and lectures on international contracts and international civil litigation.

June-Sept. 1983:  Consultant to Government of Israel and U.N. agency "UNRWA".

**Fall 1982:** Lecturer on the "Problem of the Refugee," Institute of Public International Law and International Relations, Thessoloniki, Greece.

**Summer 1995:** Director, USF/Indonesia Summer Law Program, Bali, Indonesia

**Summer 1991:** Teaching International Contract Law at Charles University, Prague, The Czech Republic

**Summer 1993, 1989 and 1979:** Director, Trinity College, USF Law Program, Dublin, Ireland

**1987:** Lecturer and Director -- Legal Study Tour for Lawyers and Judges -- Soviet Union.

**Summer 1985 and 1987:** Teaching International Contract Law at University of San Diego Institute on International and Comparative Law, Paris, France.

**Summer 1981:** University of Warwick, England, teaching International Contract Law.

**Fall 1971-73:** Attorney, Graham & James, San Francisco. Concentration in contract work in international trade, international banking, international civil litigation, and international business planning.

**1970-1971:** U.S. Senate Staff, Special Assistant to Senator George McGovern. Presidential Campaign - legislative assistance, speechwriting, coordination of issue assistance on legislative issues from professional and academic communities

**1968-70:** Law Clerk to Federal Judge Hubert L. Will, Northern District of Illinois.

Research Assistant to Professor Abram Chayes during 1966-67 and 1967-68 Harvard Law School J.D. study and during summer 1967, at Stanford Law School, preparing international law casebook, <u>International Legal Process</u>, based on his tenure as The Legal Advisor, U.S. Dept. Of State

<u>MEMBERSHIPS</u>:

    Admitted to California Bar:  June 1972
    Admitted to Illinois Bar:  June 1969
    American Arbitration Association
    American Society of International Law
    International Law Section, California Bar

<u>PUBLISHED WRITINGS</u>:

Book -'Nuclear Counterproliferation; A New Grand Bargain, Oxford University Press (2013)'

Targeted Sanctions; Resolving the International Due Process Dilemma, Texas Journal of International Law, Fall, 2015.

To Fix the Nuclear Non-Proliferation Regime – Avoid State Classification, Florida Journal of International Law, Vol. XXI, No. 3, 371-401 (December 2009).

<tt>
</tt><tt>
</tt><tt>
</tt><tt>
</tt>
<tt>
</tt>

<tt>
</tt>

<tt>
</tt>

<tt>
</tt>

<tt>
</tt>
<tt>
</tt>

<tt>
</tt>

<tt>
</tt>

<tt>
</tt>

A New Architecture for the Non-Proliferation of Nuclear Weapons, Oxford University Press, Journal of Conflict and Security Law, Vol. 12 No. 3, 339-357 (2008).

The International Institutional Imperative for Countering the Spread of Weapons of Mass Destruction, Oxford University Press, Journal of Conflict and Security Law, Vol.10 No. 2, 125-47 (2005).

A New Evolution For Fast-Tracking Trade Agreements: Managing Environmental and Labor Standards Through Extraterritorial Regulation, 5 UCLA Journal of International Law and Foreign Affairs, 1 (Summer 2000).

Regional Free Trade Dispute Resolution as Means for Securing the Middle East Peace Process, 1 American Journal of Comparative Law, (Winter 1999).

AFTA After NAFTA: Regional Trade Blocs and the Propagation of Environmental and Labor Standards. 14 Berkeley Journal of International Law 245 (1997).

Trade Law and Quality of Life - The Dispute Resolution Process of the NAFTA Side Accords on Labor and the Environment, American Journal of International Law, April 1995.

Judicial Foreign Policy-Making in International Civil Litigation; Ending the Charade of Separation of Powers, 24 Law and Policy in International Business, 461, Georgetown University, (Winter 1993)

Towards Federalizing U.S. International Commercial Arbitration Law, published by the American Bar Association in The International Lawyer, Spring, 1991.

The New Asylum Seekers, Addressing Their Origin, Martinus Nijhoff, The Hague, Netherlands (1988).

Repression of the Political Émigré -- The Underground to International Law: A Proposal for Remedy, 90 Yale Law Journal 78 (1980).

Toward A Reformulation of International Refugee Law, 16 Harvard International Law Journal 483 (1985).

Rethinking Refugee Aid, A Path to Middle East Peace, 20 Texas Journal of International Law 247 (1985).

Protection of the Refugee in the State of Refuge Through an International Formulation of Equal Protection -- "Most Favored Refugee" Status, VIII Thesaurus Acroasium (1983).

Refugee Aid and Middle East Peace, published by WOJAC, London (1986).

United Nations Peacekeeping and Host State Consent, 64 American Journal of International Law 241 (1970).

The Arab-Israeli Conflict, Vol. II, 641-78. (J.N. Moore ed., Princeton University Press, 1974).

The United Nations Definition of Aggression: Law and Illusion in the Context of Collective Security, 17 Virginia Journal of International Law 177 (1977).

The Effect of the Law of the Sea Conference Upon the Process of the Formation of International Law, Comment in 1984 Proceedings of the Law of the Sea Institute, Hawaii.