Mario N. Alioto (56433)
malioto@tatp.com
Joseph M. Patane (72202)
jpatane@tatp.com
Lauren C. Capurro (241151)
laurenrussell@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415-346-0679

*Lead Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944-JST<br>MDL No. 1917<br><br>**CLASS ACTION** |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **RESPONSE OF INDIRECT PURCHASER PLAINTIFFS' COUNSEL TO OBJECTION OF SEAN HULL TO CORRECTED SPECIAL MASTER'S REPORT AND RECOMMENDATION RE ALLOCATION OF IPP CLASS COUNSEL ATTORNEYS' FEES** |

## I.      INTRODUCTION

Sean Hull did not participate in the allocation process before the Special Master. He therefore should be deemed to have waived any further objections. Furthermore, Hull has no stake in the allocation of the attorneys' fees among class counsel firms, as the allocation will not affect his rights or recovery as a class member. On these grounds, his objection [ECF No. 5021] should be stricken or overruled.

## II.     ARGUMENT

### A.     Hull Has Waived Any Objection To The Allocation

In its Order on Attorneys' Fees, Expenses, and Incentive Awards Re: Indirect Purchaser Plaintiff Settlements [ECF No. 4740, 7/31/16] this Court directed the Special Master to establish a schedule and procedures for allocation of the fee award in this action among class counsel. The Special Master's Order Re Process For Allocation Of Attorneys' Fees [ECF No. 4748, 8/5/16] set forth the following schedule:

> August 10: Lead Counsel, or any counsel objecting to this schedule or the procedures in this Order, may file an objection with suggested corrections.
>
> August 22: Lead Counsel to file proposed allocation.
>
> September 7: Any counsel objecting to proposed allocation to file objection with any supporting evidence. [ECF No. 4748 at 1.]

Sean Hull did not participate. Lead Counsel duly filed the proposed allocation on August 22, but Sean Hull did not file an objection. Mr. Hull did not offer criticism of any of the allocations that Lead Counsel suggested, nor did he object to the procedure or process that the Special Master ordered.

Because he failed to oppose the allocation or otherwise to participate in the allocation process, this Court may, and should, find that Hull waived any right to object to the Special Master's Report and Recommendations. All parties were notified that the Special Master intended

1

the proceedings to be formal and transparent, with all submissions to be filed through the ECF system, all hearings to be reported, and all evidence to be submitted in writing with the objections. [ECF No. 4748 at 2]. For Hull to hold back in one forum, only to come forward with complaints in another, is the exact opposite of the process that the Special Master and the Court directed.

By opting out of the proceedings, Hull deprived the parties to the allocation process of any opportunity to consider and respond to his arguments, and deprived the Special Master, who is charged with the responsibility of reviewing the factual record and making findings thereon, of any opportunity to consider the facts that he could have presented. Fairness demands a finding of waiver under these circumstances.

A finding that Hull has waived any objection to the allocation would be consistent with the long line of decisions holding that "late" objectors cannot appeal orders approving class settlements based on fundamental principles of waiver. *See*, *e.g.*, *In re UnitedHealth Grp. Inc. S'holder Derivative Litig.*, 631 F.3d 913, 917 (8th Cir. 2011) (granting motion to dismiss appeal of unnamed class member who filed objection 20 days late because "an unnamed class member . . . must file a timely objection pursuant to district court procedure, or else he loses any right he would have otherwise had to appeal a settlement agreement."); *Slaven v. American Trading Transp. Co., Inc.*, 146 F.3d 1066, 1069 (9th Cir. 1998) ("It is well-established that an appellate court will not consider issues that were not properly raised before the district court. It follows that if a party fails to raise an objection to an issue before judgment, he or she waives the right to challenge the issue on appeal. This court has held that 'withdrawal of an objection is tantamount to a waiver of an issue for appeal.'"); *cf. Dosier v. Miami Valley Broadcasting Corp.*, 656 F.2d 1295, 1299 (9th Cir. 1981) (because an unnamed class member can object to a settlement even if he cannot opt out, failure to object and pursue a direct appeal of a denial of any objections waives the right to

challenge the settlement). *See also Devlin v. Scardelletti*, 536 U.S. 1, 11 (2002) ('power to appeal is limited to those nonnamed class members who have objected during the fairness hearing.").

Hull did not raise any complaints regarding the allocation or the allocation process before the Special Master. Hull's Objection To Corrected Special Master's Report & Recommendation Re Allocation Of IPP Class Counsel Attorneys' Fees should thus be stricken.

### B.   Hull Has No Standing To Object To The Fee Allocation

Not only did Hull waive any right to object to the fee allocation by failing to participate in the proceedings before the Special Master, but he also has no basis on which to object. Sean Hull is a class member, not class counsel. While a class member may have a stake in the amount of an *aggregate* fee (if that would affect the class member's ultimate recovery), Hull has no stake in the way that the fee award is allocated among the lawyers for the class. Therefore, he has no standing to pursue this objection.

While Hull is not an appellant on this issue, the analysis that courts apply to determine whether an objector has standing on appeal is instructive. On appeal, an objector must show that it is "likely, and not merely speculative, that a favorable decision will provide redress." *Knisley v. Network Associates, Inc.*, 312 F.3d 1123, 1126 (9th Cir. 2002) citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992). "A class member who participates in a common fund settlement—i.e., a settlement where both the class recovery and the attorney's fees are paid from the same fund—generally has standing to appeal the fee award. Both the recovery and the fee come out of the same pot, so by reducing the latter, the court increases the former and thus redresses the appellant's injury." *Knisley*, 312 F.3d at 1126. But here, the Court's review of the Special Master's allocation decision cannot possibly provide redress to Hull, because he will never be "injured" by any given allocation.

### C. Substantively, Hull's Objections Do Not Have Merit

Substantively, Hull's objections suffer from the fact that Hull did not participate in the underlying litigation and did not participate in the fee allocation process.  For example, Hull complains that this Court (or the Special Master) delegated to Lead Counsel the role of allocating the fee.  Hull Objection, p.1.  Had he participated in the process, however, Hull would know that no such thing occurred.  As directed by this Court [ECF No. 4740, p. 19] and the Special Master [ECF No. 4748], Lead Counsel filed a proposed allocation, all parties were given the opportunity to respond, and any party wishing to argue could participate at one of the many hearings presided over by the Special Master.  To the extent Hull claims that Lead Counsel should not even have proposed an allocation, this is best answered by one of the cases that Hull himself cites.  *See*, *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 216, 223 (2d Cir. 1987) ("the attorneys may be in a better position to judge the relative input of their brethren and the value of their services to the class.")

Next, Hull incorrectly claims that the Special Master simply "rubber stamp[ed]" Lead Counsel's proposed allocation.  Hull Opposition, p. 2.  Such a grave misstatement can, again, only come from Hull's failure to participate in the process.  The Special Master received voluminous briefing from all parties who wished to make their views known.  [*See, e.g.*, ECF No. 4880 (listing objections, oppositions, replies and motions received).]  The Special Master held hearings (spanning 3 days) for any party who requested to be heard.  [ECF No. 4894.]  The Special Master accepted some of Lead Counsel's proposals, rejected others, and issued a thorough, 28-page decision explaining the basis of his recommendations to the Court.  As is clear from the Special Master's decision itself, there was no "rubber stamping" here.

Ultimately, Hull's substantive objections are vague and unhelpful to the Court.  Hull criticizes the multiplier awarded to Cooper and Kirkham, Hull Opp. P. 4, but never proposes what

he views to be the "correct" multiplier that should be applied to this firm or from what firm (or firms) the money should be taken. Because he was not involved in the underlying litigation, and does not understand the extraordinary time commitments made by lead trial counsel, he criticizes the multiplier awarded to this firm. Hull Opp. P. 5. Again, he does not propose an alternative multiplier to be awarded. Finally, he erroneously[1] compares the work performed by the Law Offices of Sylvie Kern with that performed by document reviewers. Again, Hull does not suggest what he views to be an appropriate multiplier for the Law Offices of Sylvie Kern or the unidentified document review firms. These vague objections do not help the Court in evaluating the specific awards recommended by the Special Master and make it impossible for Lead Counsel or any other potentially affected law firm to address. Hull's "substantive" objections should be overruled.

### III.   CONCLUSION

Hull appears to object for the sake of objecting. He did not participate in the allocation proceedings before the Special Master and is not personally affected by the outcome of this motion. He therefore has no standing to object and should be deemed to have waived any right to do so. Because he did not participate in these proceedings or the underlying litigation, he has no understanding of the work performed by the various firms representing the Indirect Purchaser Class. For that reason, his substantive criticisms are uninformed and vague and should be rejected by this Court.

---

[1] Here again, Hull's objection suffers from the fact that he did not participate in the underlying litigation or adequately review the record. The Law Offices of Sylvie Kern played a major role in the case. Among other efforts, it shouldered primary responsibility for all aspects of the case relating to Samsung Electronics Co., spearheaded the litigation involving the Philips defendants in a related state court action, had a leading role in drafting and responding to important motions, and supervised a document review team. [ECF No. 4073-7.] These efforts simply cannot be compared with a firm that only reviewed documents.

Dated: November 22, 2016

Respectfully submitted,

 /s/ Mario N. Alioto

Mario N. Alioto (56433)
malioto@tatp.com
Joseph M. Patane (72202)
jpatane@tatp.com
Lauren C. Capurro (241151)
laurenrussell@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415-346-0679

*Lead Counsel for Indirect Purchaser Plaintiffs*