Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 788-7210
Facsimile:   (415) 788-0706
Email: fos@scarpullalaw.com
       pbc@scarpullalaw.com

Counsel for Indirect-Purchaser Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944-JST<br><br>MDL No. 1917<br><br>**REPLY OF LAW OFFICES OF FRANCIS O. SCARPULLA TO LEAD COUNSEL'S PARTIAL OBJECTION TO SPECIAL MASTER'S CORRECTED REPORT AND RECOMMENDATION RE ALLOCATION OF IPP CLASS COUNSEL ATTORNEYS' FEES**<br><br>Judge:            The Honorable Jon S. Tigar<br>Special Master: The Honorable Martin Quinn<br>Hearing Date:   TBD<br>Hearing Venue:  Courtroom 9, 19th Floor |
| This Document Relates to:<br><br>All Indirect-Purchaser Actions | |

# I
# INTRODUCTION

Lead Counsel objects to the Special Master's recommended fee allocation to the Law Offices of Francis O. Scarpulla ("LOFOS") on the grounds that Mr. Scarpulla has filed objections to the settlements. *See* Dkt. 5026. But LOFOS did not seek, and the Special Master did not recommend, any fees for its work relating to settlement objections, all of which occurred after Scarpulla left his former firm. Instead, LOFOS has sought, and the Special Master has recommended, compensation for work performed by Scarpulla during his time at his former firm, pursuant to the previously-disclosed separation agreement with that firm. *See* Dkt. 4976 at p. 10. This work consisted of tasks either directly assigned by Lead Counsel to Scarpulla's former firm, or work that was assigned to Scarpulla by a separate Court-appointed Special Master, Hon. Vaughn Walker.

The Special Master overseeing the allocation proceedings, Mr. Martin Quinn, reviewed the voluminous record on Scarpulla's fee request, including a Report and Recommendation of Special Master Walker, as well as Scarpulla's time sheets, and concluded that Scarpulla's work while at his former firm clearly benefitted the class and therefore is compensable. The Special Master further concluded that Lead Counsel's mere desire to punish Scarpulla for asserting settlement objections (for which LOFOS does not seek compensation in this proceeding) was not a valid basis for recommending a lower multiplier on Scarpulla's compensable time. Accordingly, the Special Master recommended a higher multiplier on a revised lodestar for LOFOS. *See* Dkt. 4976 at p. 15.

In its objections to the Special Master's recommended allocation to LOFOS, Lead Counsel once again suggests that a lawyer's compensable time in a common-fund case may be allocated a lower multiplier based on Lead Counsel's desire to punish that lawyer. This proposition finds no support in the case law or in the Federal Rules of Civil Procedure, and tellingly, Lead Counsel provides no authority in support of his novel and troubling assertion. Once again, it must be rejected.

Moreover, Lead Counsel grasps for a procedural issue by suggesting that the massive record before the Special Master concerning Scarpulla – including all of Scarpulla's time sheets,

which were provided to Lead Counsel and then summarized in Scarpulla's fee declaration filed September 23, 2015 (*see* Dkt. 4069) – was somehow lacking or incomplete. In fact, it is Lead Counsel that has failed, as noted by the Special Master, to maintain or make accessible to the Court the "audit" papers that supposedly resulted in Lead Counsel's recommended reductions to the lodestars of Scarpulla and others. *See* Dkt. 4976 at p. 12. Lead Counsel's belated attempt, at the district court objection phase, to include yet another copy set of Scarpulla's time sheets (now annotated with Lead Counsel's cryptic marginalia), does not cure Lead Counsel's failure to follow through on his commitment during the allocation proceedings to share with the Special Master the audit papers that resulted in Lead Counsel's adjustments to the lodestars of Scarpulla and others. *See* Dkt. 5023-5, at 27:15-18. Lead Counsel cannot now be heard to complain about the Special Master's adjustments to Scarpulla's lodestar when Lead Counsel's failure to provide promised audit materials forced the Special Master to make such adjustments in the first place.

Accordingly, all of Lead Counsel's objections to the Special Master's recommended allocation to LOFOS are without support and should be overruled.

## II
## SPECIAL MASTER PROPERLY FOUND THAT SCARPULLA'S SUBMITTED TIME IS COMPENSABLE

The Special Master found that Lead Counsel improperly attempted to omit Scarpulla's time spent working with the California Attorney General and on other case activities and concluded that, "the reductions Lead Counsel made to Scarpulla's time were so drastic that they suggest payback for Scarpulla's many criticisms of Lead Counsel. In any event, whatever the motive the reductions were too extreme." Dkt. 4976 at p. 12. The Special Master reached this conclusion after reviewing the circumstances that led Special Master Walker to recommend Scarpulla be appointed settlement counsel (*see* Dkt. 3200), and noted that, "[s]ince Special Master Walker initiated and requested Scarpulla's involvement, he at least believed that Scarpulla's assistance would benefit the class. Therefore, it is inappropriate to omit the time Scarpulla spent on those matters." Dkt. 4976 at p. 12.

Indeed, Scarpulla's involvement in this case after Judge Walker filed his recommendation benefitted the class because it was the impetus to force Lead Counsel into serious settlement

1  negotiations that previously, according to Judge Walker, were going nowhere.  Dkt. 3200.

2        In its objections, Lead Counsel feigns ignorance of any conflicts with Scarpulla during the
3  course of the case, and suggests that the Special Master had no basis to conclude that Lead
4  Counsel's proposed cuts to Scarpulla's time were suggestive of "payback" by Lead Counsel.  *See*
5  Dkt. 5026 at p. 9.  Of course, if the Special Master had rested his recommendation on the
6  perceived conflicts between Lead Counsel and Scarpulla, he would have had ample record support
7  to do so.  *See, e.g.,* Dkt. 4818-3.  But as the Special Master made clear, regardless of the
8  motivation for Lead Counsel's cuts to Scarpulla's lodestar, the time spent by Scarpulla was
9  compensable and should not have been reduced.  ("In any event, whatever the motive the
10  reductions were too extreme."  Dkt. 4976 at p. 12).  Lead Counsel's attempt to re-imagine the
11  history of this case found no quarter with the Special Master, and is equally unavailing at this stage
12  of the proceedings.  The Special Master properly found that Scarpulla's submitted time was
13  compensable, and he had ample record support to make such a finding.

### III
### SPECIAL MASTER PROPERLY FOUND THAT LEAD COUNSEL'S DESIRE TO PUNISH SCARPULLA IS NOT A PROPER BASIS FOR A LOWER MULTIPLIER

16        Lead Counsel objects to the Special Master's recommended multiplier on Scarpulla's time
17  because it is higher than that originally proposed by Lead Counsel.  However, as Lead Counsel's
18  original allocation recommendation and its current objection make clear, the only reason Lead
19  Counsel proposed a lower multiplier for Scarpulla was because of settlement objections raised by
20  Scarpulla (for which Scarpulla does not seek compensation in this proceeding).  *See* Dkt. 5026 at
21  p. 1 ("Scarpulla, Cooper, and Moore are 'insider' objectors who participated, in varying degrees,
22  in this litigation.  Lead Counsel assigned each of them a lower multiplier.").  But punishment is not
23  a valid basis for determining a multiplier on compensable time, as recognized by the Special
24  Master.  Lead Counsel advances no authority in support of this novel point, and the undersigned is
25  not aware of any.
26        In any event, Lead Counsel appears to misapprehend the procedure this Court has set for
27  the allocation of attorneys' fees:  it is the duty of the Special Master to make a recommendation to
28  the Court.  *See* Dkt. 4077 at p. 4 ("the Special Master must expressly consider and include within a

1   Report and Recommendation a review of the appropriate allocation of the aggregate award among
2   each of the plaintiffs' firms who have contributed to this litigation . . ."). Lead Counsel's
3   objections fault the Special Master for departing from Lead Counsel's own recommended
4   allocation, but the Special Master is not meant to serve as a rubber-stamp. *Accord In re High*
5   *Sulfur Content Gasoline Prods. Liability Litig.*, 517 F.3d 220, 229 (5th Cir. 2008) (vacating district
6   court fee award where, "[i]nstead of closely scrutinizing the Fee Committee's allocation, the court
7   rubber-stamped the committee's recommendation."). The Special Master fully articulated the
8   reasons why he chose to recommend that Scarpulla receive a higher multiplier. *See* Dkt. 4976 at p.
9   14 ("the Special Master concludes that a fair and adequate multiplier to apply to Scarpulla's
10  lodestar is 1.15."). Lead Counsel furnishes no basis for this Court to reject the Special Master's
11  recommendation.

## IV
## SCARPULLA'S SUBMITTED TIME WAS PROPERLY BEFORE THE SPECIAL MASTER

14  Lead Counsel objects to the adjustments to Scarpulla's lodestar made by the Special
15  Master, who, like all case participants, has had access to Scarpulla's fee declaration and supporting
16  materials since they were first filed by Scarpulla in September 2015. *See* Dkt. 4069. As the
17  Special Master noted, "[t]he reductions taken by Lead Counsel were the result of an audit that he
18  and other counsel conducted of all billings submitted. Lead Counsel represented at the oral
19  hearing on Scarpulla's objection that no written report existed, only fragmentary notes. Therefore,
20  the precise cuts made to Scarpulla's time cannot now be reliably recreated." Dkt. 4976 at p. 12. In
21  fact, at the hearing the Special Master specifically requested that Lead Counsel provide whatever
22  "audit" materials existed, and Lead Counsel agreed to do so, but then never submitted anything.
23  *See* Dkt. 5023-5, at 27:15-18.
24  Lead Counsel now suggests that the Special Master had no power to adjust (and eliminate)
25  the reductions Lead Counsel applied to Scarpulla's lodestar. This is incorrect. The order
26  appointing Special Master Quinn states: "In connection with his duties, the Special Master is
27  authorized to employ such processes, and to request such evidence and information, in whatever
28  form is appropriate, as will contribute to a fair and efficient resolution of such issues." Dkt. 4077

at p. 5.  That is exactly what happened here when the Special Master, confronted with Lead Counsel's inability to provide the "audit" files upon which Lead Counsel made adjustments to the lodestars of many counsel, reviewed the time sheets of Scarpulla and arrived at his conclusion that Scarpulla had at least 124.9 hours of compensable time.  The Special Master acted well within his appointed scope in finding that Scarpulla's compensable lodestar was higher than that recommended by Lead Counsel.  Accordingly, Lead Counsel's procedural objections are without merit and should be overruled.

# V
# CONCLUSION

For all of the foregoing reasons, the Court should overrule Lead Counsel's objections to the Special Master's recommended allocation to LOFOS.

Dated: November 25, 2016                         Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　 /s/  Francis O. Scarpulla
　　　　　　　　　　　　　　　　　　　　　　　　 Francis O. Scarpulla

Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: 415-788-7210
Facsimile:  415-788-0706
fos@scarpullalaw.com
pbc@scarpullalaw.com

Counsel for Indirect-Purchaser Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing REPLY OF LAW OFFICES OF FRANCIS O. SCARPULLA TO LEAD COUNSEL'S PARTIAL OBJECTION TO SPECIAL MASTER'S CORRECTED REPORT AND RECOMMENDATION RE ALLOCATION OF IPP CLASS COUNSEL ATTORNEYS' FEES was filed *via* CM/ECF on November 25, 2016 and as a result has been served on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Francis O. Scarpulla
Francis O. Scarpulla