Timothy D. Battin
Nathan M. Cihlar
STRAUS & BOIES, LLP
4041 University Drive
Fifth Floor
Fairfax, VA 22030
Telephone: (703) 764-8700
Facsimile: (703) 764-8704
Email: tbattin@straus-boies.com
ncihlar@straus-boies.com

*Counsel for Indirect-Purchaser Plaintiffs*
[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISON

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-CV-05944-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **CLASS ACTION**<br><br>**RESPONSE OF STRAUS & BOIES, LLP, KIRBY MCINERNEY LLP, MILBERG LLP, AND GREEN & NOBLIN, P.C. TO THE LAW OFFICES OF FRANCIS O. SCARPULLA'S OBJECTIONS TO SPECIAL MASTER'S REPORT & RECOMMENDATION RE ALLOCATION OF IPP CLASS COUNSEL ATTORNEYS' FEES**<br><br>Judge: Hon. Jon S. Tigar<br>Court: Courtroom 9, 19th Floor |

**RESPONSE OF STRAUS & BOIES, LLP, KIRBY MCINERNEY LLP, MILBERG LLP, AND GREEN & NOBLIN, P.C. TO THE LAW OFFICES OF FRANCIS O. SCARPULLA'S OBJECTIONS TO SPECIAL MASTER'S REPORT & RECOMMENDATION RE ALLOCATION OF IPP CLASS COUNSEL ATTORNEYS' FEES**

MDL 3:07-CV-05944-JST

# INTRODUCTION

Straus & Boies, LLP ("Straus & Boies"), Kirby McInerney LLP ("KM"), Milberg LLP ("Milberg"), and Green & Noblin, P.C. respectfully submit this response to The Law Offices of Francis O. Scarpulla's Objections to Special Master's Report & Recommendation Re Allocation of IPP Class Counsel Attorneys' Fees. As part of his objections, Mr. Scarpulla rehashes the argument that firms engaging in block and quarter-hour billing practices should have their lodestars substantially cut.[1] But as noted by Special Master Quinn, those very arguments were already rejected by the Court in performing the lodestar cross check.[2] Despite Mr. Scarpulla's protestations to the contrary, block and quarter-hour increment billing are practices allowed by courts in the Ninth Circuit. And as further noted by the Special Master, any supposed ills of block and quarter-hour increment billing are accounted for in the ten percent across-the-board time cut.[3]

# ARGUMENT

In his objection, Mr. Scarpulla reprises the very same block and quarter-hour increment billing arguments he raised in opposing class counsel's fee application.[4] He no longer seeks to reduce the total fees awarded to counsel, but instead seeks to reduce the share of the total fees

---

[1] Objections to Special Master's Report & Recommendation Re Allocation of IPP Class Counsel Attorneys' Fees, ECF No. 5023, at 8-10 ("Scarpulla Obj."). In particular, Mr. Scarpulla singles out the time submissions of Trump, Alioto, Trump & Prescott LLP ("Trump Alioto"); KM, Straus & Boies, Milberg and Green & Noblin, P.C. Trump Alioto also joins this response.
[2] *See* Report & Recommendation of Special Master Re Motions (1) to Approve Indirect Purchaser Plaintiffs' Settlements with the Phillips, Panasonic, Hitachi, Toshiba, Samsung SDI, Technicolor, and Technologies Displays Americas Defendants, and (2) For Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Incentive Awards to Class Representatives, ECF No. 4351, 73 ("Special Master's R&R Re Final Approval"); Order on Attorneys' Fees, Expenses, and Incentive Awards Re: Indirect Purchaser Plaintiff Settlements, ECF No. 4740, at 15 ("Order on Attorneys' Fees").
[3] Corrected Special Master's Report & Recommendation Re Allocation of IPP Class Counsel Attorneys' Fees, ECF No. 4976, at 14 ("Special Master's R&R Re Allocation").
[4] Scarpulla Obj., ECF No. 5023, at 8-10.

1

**RESPONSE OF STRAUS & BOIES, LLP, KIRBY MCINERNEY LLP, MILBERG LLP, AND GREEN & NOBLIN, P.C. TO THE LAW OFFICES OF FRANCIS O. SCARPULLA'S OBJECTIONS TO SPECIAL MASTER'S REPORT & RECOMMENDATION RE ALLOCATION OF IPP CLASS COUNSEL ATTORNEYS' FEES**

MDL 3:07-CV-05944-JST

recovered by the firms employing such billing practices. But since Mr. Scarpulla's billing arguments were unsuccessful in reducing the total fees awarded, it would make little sense now to reduce the fees of firms that employed such billing practices.

In the Special Master's R&R Re Allocation, Mr. Scarpulla's discredited arguments were summarily dispatched: "The Special Master and the Court have already rejected Scarpulla's attacks on block billing and quarter-hour time entries."[5] Tellingly, Mr. Scarpulla cites no reason why the Court's prior ruling should be ignored. Further, the Special Master observed that any potential inefficiencies of block and quarter-hour billing were already addressed, noting the "ten percent across-the-board cut to each attorney's final lodestar was done in part to account for these concerns."[6] Thus, Mr. Scarpulla's objections to block and quarter-hour billing should be rejected out of hand.

Nonetheless, it bears repeating that numerous federal courts in the Ninth Circuit have found block billing perfectly acceptable where the entries are sufficiently detailed and do not impede the determination of reasonable hours.[7] And here, the Special Master found class counsel's billing records to be "highly reliable and detailed and that the time spent . . . [was]

---

[5] Special Master's R&R Re Allocation, at 14.

[6] *Id.*

[7] *See, e.g.*, *United Steelworkers v. Retirement Income Plan,* 512 F.3d 555, 565 (9th Cir. 2008) (rejecting arguments that fees should have been reduced for insufficient description and block billing); *O'Bannon v. Nat'l Collegiate Athletic Ass'n*, 114 F. Supp. 3d 819 (N.D. Cal. 2015), *objections sustained in part and overruled in part,* No. C 09-3329 CW, 2016 WL 1255454 (N.D. Cal. Mar. 31, 2016) ("Because the block-billed entries are adequately detailed to permit the Court to assess the reasonableness of hours expended, the Court finds that plaintiffs' counsel have sufficiently documented their hours; no reduction is necessary on this basis."); *Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AB SHX, 2015 WL 1746484, at *25 (C.D. Cal. Mar. 24, 2015) (entries not block-billed because they "reflect itemized statements of the specific tasks defense counsel undertook"). *See also* Special Master's R&R Re Final Approval, at 73-74 (block billing and quarter-hour increment billing are "common practice that *O'Bannon* said had been allowed by courts in the Ninth Circuit."); Second Supplemental Declaration of Richard M. Pearl, ECF No. 4558-2, at ¶¶ 4-6 (block billing is a common practice) ("Pearl Decl.").

**RESPONSE OF STRAUS & BOIES, LLP, KIRBY MCINERNEY LLP, MILBERG LLP, AND GREEN & NOBLIN, P.C. TO THE LAW OFFICES OF FRANCIS O. SCARPULLA'S OBJECTIONS TO SPECIAL MASTER'S REPORT & RECOMMENDATION RE ALLOCATION OF IPP CLASS COUNSEL ATTORNEYS' FEES**

MDL 3:07-CV-05944-JST

reasonable for a case of this complexity."[8] Further, the Special Master observed that block billing did not occur "to any egregious extent."[9]

In addition, reductions for block billing should be applied only to problematic block-billed entries.[10] Consequently, block-billing objections must specify and quantify the particular entries that supposedly constitute block billing and also specify the portions of those entries that impede the determination of reasonable fees.[11] But Mr. Scarpulla evades the task of identifying each of class counsel's supposedly problematic blocked-billed entries and instead proposes an arbitrary blanket percentage reduction of unspecified firms' time: an approach this Court should not abide.[12]

Finally, the evils of block billing in a large antitrust case such as this are illusory. As Plaintiffs' expert Richard Pearl observed,

> The practice of providing only daily totals for the various tasks performed in a given day, without giving a separate time value for each task or sub-task, only becomes an issue in fee applications when a significant amount of time is spent on non-compensable claims or tasks that are lumped together with compensable claims or tasks. That concern is not present here, however, because the claims all arose from

---

[8] Special Master's R&R Re Final Approval, at 73.
[9] *Id.*; *see also* Pearl Decl., at ¶3 (opining that many of the billings here are sufficiently detailed and many of the entries do not even constitute block-billing).
[10] *See* Pearl Decl., at ¶2*; Welch v. Metro. Life Ins. Co*., 480 F.3d 942, 948 (9th Cir. Cal. 2007) (reversing 20% reduction for block billing as excessive).
[11] *See* Pearl Decl., at ¶2; *Perfect 10, Inc.*, 2015 WL 1746484, at *26 ("Even if such entries could be construed as 'block billing,' it would be improper to apply an across-the-board reduction to *all* of Defendants' requested hours, because the vast majority of the time entries reflect discrete time statements for discrete tasks"); *United Steelworkers*, 512 F.3d at 565; *Welch,* 480 F.3d at 948 (reversing 20 percent reduction for "block billing" as excessive and remanding for more limited reduction).
[12] *See Welch*, 480 F.3d at 948. In addition, the same block billing practices that Mr. Scarpulla derides here were deemed acceptable in LCDs, a case in which he was lead counsel. *See* Decl. of Timothy D. Battin, ECF No. 4558-4, at ¶5. Indeed, even the time categories used here did not escape Mr. Scarpulla's objections, "the exact same categories […] used in LCD." Special Master's R&R Re Final Approval, at 72.

3

**RESPONSE OF STRAUS & BOIES, LLP, KIRBY MCINERNEY LLP, MILBERG LLP, AND GREEN & NOBLIN, P.C. TO THE LAW OFFICES OF FRANCIS O. SCARPULLA'S OBJECTIONS TO SPECIAL MASTER'S REPORT & RECOMMENDATION RE ALLOCATION OF IPP CLASS COUNSEL ATTORNEYS' FEES**

MDL 3:07-CV-05944-JST

a common core of facts and related legal theories, obviating the need for any apportionment."[13] Moreover, the Special Master, "[h]aving himself recorded time for almost 50 years . . . is aware how silly it is to insist (as insurance companies sometimes do) on showing a specific amount of time on each action taken during a day."[14] And as one judge in this district recently observed, some block billing entries result in lower not higher time.[15]

Similarly, quarter-hour increment billing is in no way proscribed in the Ninth Circuit where many district courts have found billing in such increments to be reasonable.[16] And, in the cases cited by Mr. Scarpulla, class counsel's lodestar was reduced because the 15-minute increments *were* abusive and actually, or at least likely, resulted in the inflation of counsel's lodestar.[17] That is not the case here, where the five firms challenged by Mr. Scarpulla did not mandate quarter-hour billing entries for de minimus tasks and generally applied sound billing judgment.[18]

---

[13] Pearl Decl. at ¶3.
[14] Special Master's R&R Re Final Approval, at 73.
[15] *See O'Bannon v. Nat'l Collegiate Athletic Ass'n*, No. C 09-3329 CW, 2016 WL 1255454, at *6 (N.D. Cal. Mar. 31, 2016); Pearl Decl., at ¶3.
[16] *See, e.g.*, *Bobol v. HP Pavilion Mgmt.*, No. C 0400082 JW, 2006 WL 927332, at *5 (N.D. Cal. Apr. 10, 2006) (rejecting requested 20% reduction for billing in quarter-hour increments as "unduly speculative and arbitrary" where the total hours claimed were reasonable); *Found. v. Office of Dir. of Nat'l Intelligence*, No. C 07-05278, 2008 WL 2331959, at *6 (N.D. Cal. June 4, 2008) ("[T]here is no evidence that plaintiff's use of quarter-hour increments posed a threat of over-billing."); *Stormans Inc. v. Selecky*, 906 F. Supp. 2d 1093, 1104 (W.D. Wash. 2012) ("quarter-hour billing increments are reasonable"); Task Force on Lawyer Business Ethics, *Statement of Principles*, 51 Bus. Law. 1303, 10 (1996) (the key inquiry is whether "the increments are unreasonably large or are used in an abusive manner."); *see also* Pearl Decl., at ¶7.
[17] *See Welch*, 480 F.3d at 948-949 (finding hours were inflated because counsel repeatedly billed more for tasks that took a fraction of the time); *Robinson v. Plourde*, 717 F. Supp. 2d 1092, 1100-01 (D. Haw. 2010) (same); *Prudential Ins. Co. of Am. v. Remington*, No. 2:12-cv-2821-GEB-CMK, 2014 WL 294989, at *4 (E.D. Cal. Jan. 24, 2014) (same); and *Rosales v. El Rancho Farms*, No. 1:09-cv-00707, 2015 WL 4460635, at *30 (E.D. Cal. July 21, 2015) (same).
[18] *See* Decl. of Mario N. Alioto, ECF No. 4558-1 ("There is no requirement that small tasks are billed at a 'minimum' of .25 hours"); Decl. of Robert J. Gralewksi, Jr., ECF No. 4558-3 ("KM billed carefully"); Decl. of Timothy D. Battin, ECF No. 4558-4 ("[T]he vast majority of entries

4

**RESPONSE OF STRAUS & BOIES, LLP, KIRBY MCINERNEY LLP, MILBERG LLP, AND GREEN & NOBLIN, P.C. TO THE LAW OFFICES OF FRANCIS O. SCARPULLA'S OBJECTIONS TO SPECIAL MASTER'S REPORT & RECOMMENDATION RE ALLOCATION OF IPP CLASS COUNSEL ATTORNEYS' FEES**

MDL 3:07-CV-05944-JST

Mr. Scarpulla has not shown that the quarter-hour increments reported here were abusive or materially impacted any counsel's time records. Indeed, KM calculated that only 0.29% of its time (56.5 hours out of 19,091.25 total hours) was the result of 0.25 hour submissions.[19] And as noted by Straus & Boies:

> Even accepting Objectors' attack on quarter hour billing, the practice does not have the impact Objectors may think.  For illustrative purposes, we systematically reduced this Firm's time entries of 0.25 to 0.10, and 0.75 to 0.60.  Further we reduced all time entries of more than an hour ending in __.25 to __.00, and ending in __.75 to __.50.  Combined, these adjustments reduced Straus & Boies' total lodestar by only **1.86%** (significantly less than the 10 percent reduction proposed for all class counsel's time by the Special Master).[20]

Applying the same parameters as Straus & Boies, KM measured the effect of quarter-hour increment billing to be no more than 1.4% of its total lodestar.[21] Thus, even if striking quarter-hour time entries were appropriate, counsel's lodestar would not be impacted in the manner implied by Mr. Scarpulla. Moreover, any such impact would be substantially less than the "ten percent across-the-board cut to each attorney's final lodestar," which was implemented to "ensure that the lodestar truly represents hard compensable time expended for the benefit of the class."[22] And as observed by the Special Master, that cut "was done, in part, to account for these concerns."[23]

---

in my Firm's time records span multiple hours and are supported by ample descriptions of the substantive tasks completed by attorneys and staff during that time."); Decl. of Paul F. Novak, ECF No. 4558-5 ("[I]t is not a requirement at Milberg that small time entries are recorded with a 'minimum' time entry of .25 hours."); Decl. of Robert S. Green, ECF No. 4558-6 ("My firm's billing records do not overstate or overbill the time spent on this case.").

[19] Decl. of Robert J. Gralewksi, Jr., ECF No. 4558-3, at ¶3.
[20] *See* Decl. of Timothy D. Battin, ECF No. 4558-4, at ¶4.
[21] Decl. of Robert J. Gralewksi, Jr. in Support of Reply to Objection Filed by Francis O. Scarpulla, ECF No. 4846-1, at ¶2.
[22] Special Master's R&R Re Final Approval, ECF No. 4351, at 73-74.
[23] Special Master's R&R Re Allocation, ECF No. 4976, at 14.

5

**RESPONSE OF STRAUS & BOIES, LLP, KIRBY MCINERNEY LLP, MILBERG LLP, AND GREEN & NOBLIN, P.C. TO THE LAW OFFICES OF FRANCIS O. SCARPULLA'S OBJECTIONS TO SPECIAL MASTER'S REPORT & RECOMMENDATION RE ALLOCATION OF IPP CLASS COUNSEL ATTORNEYS' FEES**

MDL 3:07-CV-05944-JST

1    The Court should adopt the recommendation of the Special Master and again reject Mr. Scarpulla's attempt to slash the fees of firms that billed in a perfectly reasonable manner.

Dated: November 25, 2016                    Respectfully submitted,

/s/ Timothy D. Battin

Timothy D. Battin
Nathan M. Cihlar
STRAUS & BOIES, LLP
4041 University Drive
Fifth Floor
Fairfax, VA 22030
Telephone: (703) 764-8700
Facsimile: (703) 764-8704
Email: tbattin@straus-boies.com
           ncihlar@straus-boies.com

Robert J. Gralewski, Jr.
KIRBY McINERNEY, LLP
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 398-4340
Email: bgralewski@kmllp.com

Paul F. Novak, Esq.
MILBERG LLP
719 Griswold Street, Suite 620
Detroit, MI 48226
Telephone: (313) 309-1760
Facsimile: (313) 447-2038
E-mail: pnovak@milberg.com

Robert S. Green (SBN 136183)
GREEN & NOBLIN, P.C.
2200 Larkspur Landing Circle, Suite 101
Larkspur, CA 94939
Telephone: (415) 477-6700
Facsimile: (415) 477-6710
E-mail: gnecf@classcounsel.com

6

**RESPONSE OF STRAUS & BOIES, LLP, KIRBY MCINERNEY LLP, MILBERG LLP, AND GREEN & NOBLIN, P.C. TO THE LAW OFFICES OF FRANCIS O. SCARPULLA'S OBJECTIONS TO SPECIAL MASTER'S REPORT & RECOMMENDATION RE ALLOCATION OF IPP CLASS COUNSEL ATTORNEYS' FEES**

MDL 3:07-CV-05944-JST

*Counsel for Indirect-Purchaser Plaintiffs*

7

RESPONSE OF STRAUS & BOIES, LLP, KIRBY MCINERNEY LLP, MILBERG LLP, AND GREEN & NOBLIN, P.C. TO THE LAW OFFICES OF FRANCIS O. SCARPULLA'S OBJECTIONS TO SPECIAL MASTER'S REPORT & RECOMMENDATION RE ALLOCATION OF IPP CLASS COUNSEL ATTORNEYS' FEES

MDL 3:07-CV-05944-JST