Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for*
*Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST; No. CV-13-03234-JST |
| | MDL No. 1917 |
| This Document Relates to: | **CLASS ACTION** |
| All Indirect Purchaser Actions | **LEAD COUNSEL'S RESPONSE TO MOORE'S OBJECTION TO SPECIAL MASTER'S REPORT AND RECOMMENDATION RE ALLOCATION OF IPP CLASS COUNSEL ATTORNEYS' FEES** |
| | Judge: Honorable Jon S. Tigar<br>Court: Courtroom: 9, 19th Floor |

Lead Counsel responds as follows to the Objection to Special Master's Report and Recommendation Re Allocation of IPP Class Counsel Attorney Fees ("Objection") filed by Theresa Moore ("Moore") (ECF No. 5025).[1]

## BACKGROUND

Lead Counsel allocated $19,625.28 in fees to Moore.  (ECF No. 4976-1.)  Moore objected to the Special Master, seeking $209,768.65 plus a hefty multiplier.  (ECF No. 4825.)  In response, Lead Counsel provided the rationale for declining to award Moore the fees she wanted.  (ECF No. 4853 at 41-44.)  The Special Master generally agreed with Lead Counsel's reasoning.[2]  (Corrected R&R ("R&R"), ECF No. 4976.)  Among other things, he found (*Id.* at 21-22):

- Moore's "only client relationship was as of counsel to the Joseph Alioto firm";
- Moore did "extraordinarily little work on the case";
- "it is undisputed that Lead Counsel never assigned her any work so that all her time was spent monitoring ECF filings, occasionally offering Lead Counsel unsolicited advice, and doing research that she never submitted to Lead Counsel";
- Moore and the Joseph Alioto firm made no financial contributions and incurred no reimbursable expenses;
- Moore filed objections to the settlements and the fee request; and
- Moore "does not identify a single motion or pleading on which she worked," and fails to "describe a single [] meeting or strategy discussion other than unsolicited e-mails or calls to Lead Counsel."

The Special Master observed that Moore had a "laundry list of objections, all of which the Court rejected."  (*Id.* at 22.)  What's more, he concluded that her "objections simply put the IPP class at risk of losing a valuable settlement—and she like other objectors has now appealed the

---

[1] Moore mistakenly refers to *TFT-LCD* on the caption page.

[2] The Special Master nonetheless recommended an increase to $64,025.38.  Lead Counsel has requested that the Court reject the recommendation and award Moore the award originally proposed by Lead Counsel.  (ECF No. 5026.)

denial of her objections to the Ninth Circuit, thus delaying payment of settlement proceeds to the class including her purported client." (*Id*. at 22-23.)

Undeterred, Moore now takes her battle to this Court. She utterly fails to address the Special Master's reasons for refusing to award her more fees, and appears to be seeking even more fees than she originally sought.[3] Indeed, her "objection" is more like an untimely motion for attorney's fees. .[4] She argues that her "post settlement work" was directly (and solely) responsible for the Court's reduction of the total fee award by $14,418,750, all to the benefit of the Class. She alone purportedly alerted the Special Master and the Court of the differences in potential damages between this case and *TFT-LCD,* and of the fact that the CRT damages amount to a 20% recovery versus a 50% recovery in *TFT-LCD*. Moore's improper attempt to transform her objection into a motion for attorneys' fees should be rejected.

## ARGUMENT

### I. Moore's Attempt to Shift Gears and Seek Fees as an Objector Is Untimely and Meritless

The proceedings before Special Master Quinn dealt with the allocation of fees for work on the underlying lawsuit. As we have shown, Moore's claim for fees is tenuous, almost nonexistent. And she failed to file a timely motion for attorneys' fees. In recognition of this, Moore has shifted gears, and is focusing on a different claim.

Moore now claims she is entitled to fees for reducing the aggregate fee award. This fee claim must be made by a separate motion under Federal Rule of Civil Procedure 54, as was recently done by objector St. John. (ECF No. 4779.) However, there is absolutely no support for Moore's claim that she is responsible for reducing the aggregate fee award.

---

[3] In her original objection (ECF No. 4825 at 7:6-15), Moore sought compensation based on a $209,768.65 lodestar, and requested a 1.5 - 3.0 multiplier. This lodestar only included pre-settlement time. In her most recent filing, she now seeks post-settlement time and a total fee award based on a percentage of the amount she claims to have saved the Class. (ECF No. 5025 at 13:24-28.)

[4] While Lead Counsel included a reduced lodestar for Moore in the Fee Petition, he did not include her declaration because Moore would not agree to delete time that Lead Counsel deemed non-compensable. (*See* 4853 at 44.) Moore never filed her own fee motion, so she should recover no more than Lead Counsel has proposed for her.

The Special Master characterized Moore's argument that she saved the Class $14 million as a "fairly tale." (R&R at 22.) And indeed it is. As the R&R noted, the fact that the CRT settlements were lower than the *TFT-LCD* settlements was hardly a secret. (*See, e.g.,* ECF 3862 (Declaration of Mario N. Alioto in Support of IPP Motion for Preliminary Approval), ¶ 34, noting estimated IPP class damages of $2.68 billion; *In re TFT-LCD (Flat Panel) Antitrust Litig.,* No. 3:07-MD-01827-SI, 2013 WL 1365900, at *7 (N.D. Cal. Apr. 3, 2013), cited by the Court (*see* ECF 4740 at 6), noting that $1.08 billion settlement amounted to about half of IPPs' estimated potential recovery.) The Court hardly needed Moore's input.

### II. Moore Was Not The Primary Attorney for Any Client in This Case and Cannot Claim Time for "Read And Review" to Keep Her Clients Informed

Despite multiple requests from Lead Counsel and the Special Master, Moore has never identified any client that she was responsible for keeping informed of the progress of the case. Nor has she ever identified any evidence that she was in fact keeping any client informed of the progress of the case. Indeed, Lead Counsel has no record that Moore represented any named plaintiffs, and none of her records indicates that she was communicating with the clients she claims to represent. (See 4853 at 42-43; 4853-1 ¶¶ 68 & n.15, 69.) She claims that Mark Pierce was her client, but his primary lawyer was Henry Cirillo, and Mr. Pierce withdrew from the case in February 2009. (ECF No. 5025-2 at 12 (at 40:15).) Moore has also claimed other clients, but these clients were the clients of IPP counsel Dan Karon. All of the contact with these clients was through Dan Karon. (ECF No. 5025-2 at 8 (at 25:21).)

Moore represented three clients as objectors (Rockhurst University, Harry Garavanian, and Gary Talewsky), but Moore appeared for these clients after the case had settled. They were not her clients while the case was being actively litigated.

Lead Counsel is in the best position to assess the contributions to the case by Moore. The lodestar which Lead Counsel proposed for Moore is quite generous. The argument could be made that Moore is entitled to much less, since her time did not contribute to the result achieved. She cannot receive a multiplier of 1 or above, as that would put her in parity with lawyers who have worked to create and protect the settlements in this case, which she has not done. Thus, she must

3
LEAD COUNSEL'S RESPONSE TO MOORE'S OBJECTION TO SPECIAL MASTER'S REPORT AND RECOMMENDATION RE ALLOCATION OF IPP CLASS COUNSEL ATTORNEYS' FEES
Master File No. CV-07-5944-JST

receive a fractional multiplier of .75, which is less than the fractional multipliers of Mr. Winters (.9) and Mr. Cooper (.85), and in parity with the fractional multiplier of Mr. Scarpulla.

We are taking Moore at her word that she did those things she said she did, even though she never communicated anything of use to Lead Counsel.  That work by Moore must be offset by the actions she has taken, at cross-purposes to the other IPP lawyers in the case.

## CONCLUSION

In sum, Moore fails to refute the Special Master's findings, let alone provide any basis for an increase in her allocation.  Indeed, she should get less than what the Special Master recommended. Lead Counsel is in the best position to assess Moore's contributions vis-a-vis all of the other lawyers in the case, and Lead Counsel's assessment should be given due consideration.

The Court should: (1) overrule Moore's Objection; and (2) adopt the allocation to Moore originally proposed by Lead Counsel, as stated in Lead Counsel's Partial Objection to the Corrected R&R (ECF No. 5026).

Dated:  November 25, 2016

Respectfully submitted,

 /s/ Mario N. Alioto

Mario N. Alioto (56433)
malioto@tatp.com
Joseph M. Patane (72202)
jpatane@tatp.com
Lauren C. Capurro (241151)
laurenrussell@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415-346-0679

***Lead Counsel for Indirect Purchaser Plaintiffs***