Exhibit B: Boilerplate Language from Declarations

| Bejing Matsushita / BMCC Declarants | Sample Language | Quoted Declaration | Declarations Using Substantially the Same Language | Other Non-Substantive Declarations |
|---|---|---|---|---|
| Snyder, Richard S. | 6. Upon information and belief, the document appearing in full in Exhibit 32 of the Alioto Declaration consists of, cites to, and/or identifies confidential, non-public, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential information about BMCC's sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements, and competitive positions. I am informed and believe that this is sensitive information and public disclosure of this confidential information would be substantially likely to irreparably harm BMCC. Accordingly, both Exhibit 32 and the related discussion in Alioto Declaration paragraph 33 should be maintained under seal.

7. The Class Certification Motion, the Alioto Declaration, and the Netz Declaration quote from, describe, or identify documents designated as "Confidential" or "Highly Confidential" by BMCC pursuant to the Stipulated Protective Order, including but not limited to Exhibit 32 and the documents described in the Netz Declaration, Exh. B at p. 1. As with the exhibits themselves, I understand that BMCC considers any statements in the Class Certification Motion, the Alioto Declaration, and the Netz Declaration purporting to summarize the exhibits or any other documents designated "Confidential" or "Highly Confidential" by BMCC to be confidential and proprietary.

8. I am informed and believe that BMCC has taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Exhibit 32 and any other BMCC exhibit of the Alioto Declaration and referenced in the Class Certification Motion, the Alioto Declaration, and the Netz Declaration. | 1400 | 2356 | 2986-1, 2989-1 |

| Chunghwa Declarants | Sample Language | Quoted Declaration | Declarations Using Substantially the Same Language | Other Non-Substantive Declarations |
|---|---|---|---|---|
| Brass, Rachel S. | 5. The CPT documents identified in paragraph 3 of this declaration are reports that were prepared by CPT employees strictly for internal purposes. They consist of confidential, nonpublic, proprietary and sensitive business information. They contain recommendations and analysis of sales, pricing, and customer conditions that CPT employees submitted for consideration by senior management.

6. On information and belief, disclosure of the documents identified in paragraph 3 would undermine CPT's business relationships, cause it harm with respect to its competitors and customers, and put CPT at a competitive disadvantage. | 3290 | 3334, 3335, 3336, 3337, 3338, 3339, 3340, 3341, 3342, 3344, 3345, 3346, 3348, 3349, 3486, 3487, 3488, 3727, 3728, 3729, 3730, 3731, 3780 | None |
| | 5) The deposition excerpts listed in Paragraph 4(b) have been designated as "Highly Confidential" by certain Defendants pursuant to the Protective Order because they contain confidential, nonpublic, and highly sensitive business information. Based on information and belief, including the treatment of the same or similar documents in connection with other filings in this case, Exhibits 8, 9, and 10 contain quotes from, and/or summarize confidential, nonpublic, proprietary and highly sensitive business information, including, among other commercially sensitive business information and strategies, confidential information about the Defendants' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and/or competitive positions. Upon information and belief, publicly disclosing this sensitive information presents a risk of undermining the Defendants' relationships, would cause harm with respect to the Defendants' competitors and customers, and would put the Defendants at a competitive disadvantage. | 3676-1 | N/A | |
| Chung, Ryan** | 7. A document purporting to be Mr. Yang's JFTC Statement attached to the Saveri Declaration and excerpted and summarized in Plaintiffs' Memorandum contains confidential, nonpublic, proprietary and highly sensitive business information. It contains descriptions of Chunghwa's internal practices and procedures related to sales, pricing, and customer relations. It also includes details of the internal decisionmaking process at Chunghwa for various strategic business issues and Chunghwa's operations.

8. Disclosure of above-identified deposition testimony, documents, excerpts, and summaries would undermine Chunghwa's business relationships, cause it harm with respect to its competitors and customers, and put Chunghwa at a competitive disadvantage. | 1684-1 | None | None |
| Heller, Jordan | 5. The Chunghwa documents excerpted and summarized in Exhibits A, C, E, and F of the Kessler Declaration at the page and line numbers identified herein were designated by Chunghwa as "Confidential" pursuant to the Stipulated Protective Order entered in this case (Dkt. No. 306). | 891-2 | None | None |
| Schwing, Austin | 5) The documents listed in Paragraph 4(b) have been designated as "Highly Confidential" by Chunghwa pursuant to the Protective Order because they contain confidential, nonpublic, and highly sensitive business information. Exhibits 1, 2, and 3 are internal reports prepared by Chunghwa employees for review and analysis by Chunghwa supervisors. Those reports were prepared by Chunghwa employees strictly for internal purposes. They consist of confidential, nonpublic, proprietary and sensitive business information. They contain recommendations and analysis of sales, pricing, and customer conditions that Chunghwa employees submitted for consideration by senior management. On information and belief, disclosure of those documents would undermine Chunghwa's business relationships, cause it harm with respect to its competitors and customers, and put Chunghwa at a competitive disadvantage. | 3744-1 | None | None |

\* This exhibit excludes declarations which were themselves filed under seal.
\*\* Not an attorney

Exhibit B: Boilerplate Language from Declarations

| Chunghwa Declarants | Sample Language | Quoted Declaration | Declarations Using Substantially the Same Language | Other Non-Substantive Declarations |
|---|---|---|---|---|
| Tai, Fu-Chia ("Morgan")** | 7. The documents excerpted and summarized in Exhibits A, C, E, and F of the Kessler Declaration, and appearing in full in Exhibits G through P of the Kessler Declaration, were prepared by Chunghwa employees strictly for internal purposes. They consist of confidential, nonpublic, proprietary and highly sensitive business information. They contain recommendations and analysis of sales, pricing, and customer conditions that Chunghwa employees submitted for consideration by senior management, as well as handwritten directions from senior management to Chunghwa employees regarding those same topics.<br><br>8. These documents, excerpts, and summaries describe relationships with companies that remain important Chunghwa customers.<br><br>9. Disclosure of these documents, excerpts, and summaries would undermineChunghwa's business relationships, cause it harm with respect to its competitors and customers, and put Chunghwa at a competitive disadvantage. | 891-1 | None | None |

| Dell Declarants | Sample Language | Quoted Declaration | Declarations Using Substantially the Same Language | Other Non-Substantive Declarations |
|---|---|---|---|---|
| Kent, Matthew | 8. Exhibit E to the Bernstein Declaration contains excerpts from the Transcript of the June 2, 2014, Deposition of Julie French as Dell Inc.'s and Dell Products L.P.'s Rule 30(b)(6) Witness, designated by Dell as Highly Confidential. Exhibit E includes information on Dell's internal operations and processes with respect to CRT procurement, as well as the identification of suppliers. Dell considers this information to be confidential and sensitive business information, the public disclosure of which would be harmful to Dell. | 3169-1 | 3230-1, 3234-1, 3238-1, 3243-1, 3343, 3417, 3489, 3516-1 | 3175-1, 3403-1, 3407-1, 3515-1 |
| | 27. Exhibit 25 to the Bernstein Declaration is a true and correct copy a Strategic Alliance Agreement between Dell Computer Corporation and Koninklijke Philips Electronics N.V. effective May 1, 2002, produced by Dell and bearing bates numbers DELL-CRT-00095367–DELL-CRT-00095376, Exhibit 25 contains confidential and competitively sensitive information regarding Dell's procurement of CRT monitors, including pricing information and other competitively sensitive terms. Exhibit 25 also contains confidential and competitively sensitive information regarding Koninklijke Philips Electronics N.V.'s supply of CRT monitors and other products to Dell. The parties' disclosure of confidential information under the agreement was governed by an existing non-disclosure agreement between the parties. Exhibit 25 contains confidential and sensitive business information, the public disclosure of which would be harmful to both parties. | 3234-1 | N/A | |

| Direct-Purchaser Plaintiff Declarants | Sample Language | Quoted Declaration | Declarations Using Substantially the Same Language | Other Non-Substantive Declarations |
|---|---|---|---|---|
| Saveri, R. Alexander | 8. Exhibits 162 to the Reply Declaration of R. Alexander Saveri in Support of Direct Purchaser Plaintiffs' Motion for Class Certification have been designated as Highly Confidential by class representative Princeton Display Technologies, Inc. ("Princeton"). Upon information and belief, Exhibit 162 consists of and identifies confidential, nonpublic, proprietary and highly sensitive business information about Princeton's business practices, internal practices and competitive positions. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining Princeton's business relationships, causing it harm with respect to its competitors and customers, and putting Princeton at a competitive disadvantage. | 3819-1 | None | 1057-1, 1271-1, 2968-1, 3957-1 |

| Hitachi Declarants | Sample Language | Quoted Declaration | Declarations Using Substantially the Same Language | Other Non-Substantive Declarations |
|---|---|---|---|---|
| Adelson, Eliot A. | 14. Upon information and belief, the documents contained in Exhibits 2, 4, 6, 9, 10, and 12 through 15 contain confidential, nonpublic, proprietary and highly sensitive business information about the Hitachi Parties' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and/or competitive positions. These documents describe relationships with companies that remain important to the Hitachi Parties' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Hitachi Parties' business relationships, would cause it harm with respect to its competitors and customers, and would put the Hitachi Parties at a competitive disadvantage.<br><br>15. The highlighted portions of the Non-Participation Motion quote from, describe, or contain documents or information designated as "Confidential" or "Highly Confidential" by the Hitachi Parties pursuant to the Stipulated Protective Order, including Exhibits 2, 4, 6, 9, 10, and 12 through 15 to the Adelson Declaration. I understand that the Hitachi Parties consider any statements in the Non-Participation Motion purporting to summarize the exhibits or any other documents or information designated as "Confidential" or "Highly Confidential" by the Hitachi Parties confidential and proprietary. I am informed and believe that the Hitachi Parties have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Exhibits 2, 4, 6, 9, 10, and 12 through 15, and referenced in the Non-Participation Motion. | 2974-1 | 2227, 2971-1, 3433-1, 3439-1, 3535-1, | 3762-1 |

\* This exhibit excludes declarations which were themselves filed under seal.
\*\* Not an attorney

Exhibit B: Boilerplate Language from Declarations

| Hitachi Declarants | Sample Language | Quoted Declaration | Declarations Using Substantially the Same Language | Other Non-Substantive Declarations |
|---|---|---|---|---|
| Chiu, Michelle Park | 6. Upon information and belief, the document appearing in full in Exhibit 30 of the Saveri Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential information about HDP's sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions. This document, and the documents it references, describes relationships with companies that remain important to HDP's competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining HDP's business relationships, would cause it harm with respect to its competitors and customers, and would put HDP at a competitive disadvantage. | 1074 | 1395, 1491, 1682, 1717 | None |
| Cooper, James Maxwell | Upon information and belief, the document appearing in Exhibit H of the Benson Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential information about HDP's sales processes, business practices, internal practices, negotiations, confidential business and supply agreements and competitive positions. This document, and the documents it references, describes relationships with companies that remain important to HDP's competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining HDP's business relationships, would cause it harm with respect to its competitors and customers, and would put HDP at a competitive disadvantage. | 1843 | 1877, 2294, 2298, 2366, 2367, 2379, 2391, 2412, 2525, 2579, 2684, 3083, 3085, 3122, 3189, 3347, 3416, 3466-1, 3485, 3608, 3611, 3612, 3725, 3726, 3782 | None |
| Wheaton, Kate | Upon information and belief, these excerpts consist of, cite to, and/or identify confidential, nonpublic, proprietary, and highly sensitive business information. The deposition transcript excerpts contain, cite, and/or identify confidential information concerning Hitachi Defendants' manufacturing and sales processes, business practices, internal practices, and competitive positions. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining Hitachi Defendants' business relationships, causing Hitachi Defendants harm with respect to their competitors and customers, and/or competitively disadvantaging Hitachi Defendants. | 1922 | 1922 | None |

| Indirect-Purchaser Plaintiff Declarants | Sample Language | Quoted Declaration | Declarations Using Substantially the Same Language | Other Non-Substantive Declarations |
|---|---|---|---|---|
| Alioto, Mario N. | 8. These exhibits, or portions of exhibits, should remain under seal because they contain IPPs' highly confidential attorney work product information, including attorney mental impressions, strategy and thought processes, and confidential settlement communications. Such attorney work product is privileged and is entitled to protection from disclosure to the general public and adverse parties. See Hickman v. Taylor, 329 U.S. 495, 510-512 (1947). The documents or portions of documents therefore qualify as "privileged, protectable as a trade secret or otherwise entitled to protection under the law," under Civil Local Rule 79-5(b).<br><br>9. In addition, these exhibits are associated with the allocation among IPP Counsel of the aggregate attorney fee award, which has nothing to do with the merits of the case. Ctr. For Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). Therefore, this Court should apply the "good cause" standard in deciding the administrative motion to seal. Id. at 1097.<br><br>10. Ctr. for Auto Safety v. Chrysler Grp. provides that "[t]he 'good cause' language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense....' Fed.R.Civ.P. 26(c)." 809 F.3d at 1097. Revealing IPPs' confidential attorney workproduct to the general public and Defendants would be prejudicial to IPPs in any future prosecution of this case and in other cases. See Hickman v. Taylor, 329 U.S. at 510 ("it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel.") There is therefore good cause for protecting IPPs' confidential attorney work product from disclosure. | 4951 | None | 1386-1, 1404-1, 1571-1 |

\* This exhibit excludes declarations which were themselves filed under seal.
\*\* Not an attorney

Exhibit B: Boilerplate Language from Declarations

| Indirect-Purchaser Plaintiff Declarants | Sample Language | Quoted Declaration | Declarations Using Substantially the Same Language | Other Non-Substantive Declarations |
|---|---|---|---|---|
| Bogdanov, John D. | 5. The entirety of Exhibits 4, 5 and 11, and portions of Exhibits 6-9, contain IPPs' highly confidential attorney work product, including attorney mental impressions, strategy and thought processes. Such attorney work product is privileged and is entitled to protection from disclosure to the general public and adverse parties. Hickman v. Taylor, 329 U.S. 495, 510-512 (1947). The documents therefore qualify as "privileged, protectable as a trade secret or otherwise entitled to protection under the law," under Civil Local Rule 79-5(b).<br><br>5. [sic] The documents C&K seek to file under seal are associated with the allocation of aggregate attorney fees, which has nothing to do with issues that relate to the merits of the case. Ctr. For Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). Therefore, this Court should apply the "good cause" standard in deciding C&K's administrative motion to seal. Id. at 1097.<br><br>6. A court may, for good cause, keep documents confidential "'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" Id. (quoting Fed. R. Civ. Proc. 26(c)). Revealing IPPs' confidential attorney work product to the general public and Defendants would be prejudicial to IPPs in any future prosecution of this case and in other cases. Hickman v. Taylor, 329 U.S. at 510 ("it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel.") Therefore, there is good cause for protecting IPPs' confidential work product from disclosure. | 4933-1 | 4954 | 4879-1 |
| Capurro, Lauren C. | 5. Some of IPP Counsel's billing records contain attorney-client privileged information, attorney work product information, and/or information relating to IPP Counsel's preparations for trial.<br><br>6. Some of IPP Counsel's expense receipts and other backup contain credit card numbers, account numbers and other sensitive information that would have to be redacted before being made available to the public.<br><br>7. IPPs have designated their billing and expense records as "Highly Confidential" pursuant to the terms of the Stipulated Protective Order.<br><br>8. IPPs could not make specific redactions to these documents because they do not have the ability to do so in the usual sense. The Court has ordered these documents produced "as is," just as they were provided to the Special Master for in camera review via online repositories. See Order Re Objections to Ex Parte Communications and In Camera Review of Billing Records (ECF No. 4508) ("Order") at 1, n. 2. Nevertheless, as noted above, these documents are entitled to protection from public view. | 4524-1 | 4552, 4898, 4912-1 | 2336-1, 2575-1, 3246, 3281-1, 4070-1 |
| Micheletti, Christopher T. | 6. Exhibit 1 contains communications conducted primarily due to the prospect of litigation, including attorney mental impressions, strategy and thought processes. Such communications constitute privileged attorney work product and are entitled to protection from disclosure to the general public and the adversary. Hickman v. Taylor, 329 U.S. 495, 510-512 (1947). The document therefore qualifies as "privileged, protectable as a trade secret or otherwise entitled to protection under the law," under Civil Local Rule 79-5(b).<br><br>7. Civil Local Rule 54-5(b)(2) allows for in camera review of records related to attorneys' fee applications. See also Fed. Sav. & Loan Ins. Corp. v. Ferm, 909 F.2d 372, 374 (9th Cir. 1990) (quoting United States v. Nobels, 422 U.S. 225, 236-39 (1975)) ("In camera review protects the attorney's private thoughts from 'intrusion by opposing parties and their counsel' and hence protects those interests which lie at the heart of the attorney work product doctrine.").<br><br>8. Disclosing the document to non-parties and Defendants who have little interest in the underlying dispute, which reveals the nature of the legal services rendered and case strategies, would cause significant prejudice to the IPPs and their counsel in any future prosecution of this case and in other cases. Taylor, 329 U.S. at 510 ("it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel.").<br><br>9. Therefore, there is good cause for protecting the confidentiality of the communications between Zelle and TATP. | 4947-1 | 4897, 4952 | None |

\* This exhibit excludes declarations which were themselves filed under seal.
\*\* Not an attorney

Exhibit B: Boilerplate Language from Declarations

| LG Declarants | Sample Language | Quoted Declaration | Declarations Using Substantially the Same Language | Other Non-Substantive Declarations |
|---|---|---|---|---|
| Hwang, Hojoon | 4. In the excerpted testimony, Mr. Seong describes in numerical detail LGE's procurement practice for Cathode Ray Tube ("CRT") components for finished products, as well as the pricing, again in specific, numerical detail, of such components. This testimony constitutes sensitive, non-public information which LGE believes would cause it competitive injury or other irreparable harm if made public. | 1494 | None | None |
| Mayo, Sharon D. | 5. Exhibit 8 to the Alioto Declaration contains eleven pages of excerpts from the deposition of Kyung Tae Kwon, who was designated as a Federal Rule of Civil Procedure 30(b)(6) witness for the LGE Defendants. The LGE Defendants designated this deposition transcript "Highly Confidential" under the Protective Order. These excerpts contain information concerning the LGE Defendants' price-setting practices, sales processes, and competitive positions. I am familiar with the LGE Defendants' confidentiality policies with respect to such information. The LGE Defendants treat such information as highly confidential and have take [sic] reasonable measures to safeguard it from disclosure outside the company. I am informed and believe that public disclosure of this highly confidential information would be substantially likely to irreparably harm the LGE Defendants. Accordingly, Exhibit 8 should be maintained under seal. | 1402 | None | None |
| Shapland, Eric | 5. The document appearing in full in Exhibit 32 of the Saveri Declaration consists of confidential, nonpublic, proprietary and highly sensitive business information. The document contains confidential information about LGEI's sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions. This document describes relationships with companies that remain important to LGEI's competitive position. This is sensitive information; I am informed and believe that publicly disclosing it presents a risk of undermining LGEI's business relationships, would cause it harm with respect to its competitors and customers, and would put LGEI at a competitive disadvantage. | 1073 | 1073 | None |

| Mitsubishi Declarants | Sample Language | Quoted Declaration | Declarations Using Substantially the Same Language | Other Non-Substantive Declarations |
|---|---|---|---|---|
| Fuentes, Gabriel T. | 5. Upon information and belief, Exhibit 6 to the Declaration of Shaun M. Van Horn in Support of Mitsubishi Electric's Motions in Limine Nos. 1-3 contains confidential, nonpublic, proprietary, and highly sensitive information about Mitsubishi Electric's sales processes, business practices, internal practices, and confidential business and/or competitive positions. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining Mitsubishi Electric's business relationships, would cause it harm with respect to its competitors and customers, and would put Mitsubishi Electric at a competitive disadvantage. | 3598-1 | 3708-1, 3772-1 | 3020-1, 3033-1, 3041-2, 3064-2, 3445-1, 3475-1 |
| Truax, Terrence | The documents listed in the chart above designated by Mitsubishi Electric contain confidential non-public information on the Mitsubishi Electric Defendants' sales practices, customers, document retention policies, and competitive positions. | 4876-1 | None | None |
| Van Horn, Shaun | 5. Exhibits 1-9, as well as the portions of the Opposition which cite and discuss those Exhibits, should be maintained under seal in their entirety because they are documents produced by the Mitsubishi Electric Defendants in this litigation pursuant to the Stipulated Protective Order, contain excerpts from depositions designated as "Confidential" or Highly Confidential" under the Stipulated Protective Order, and were so designated because they contain confidential, nonpublic, and highly sensitive business information about the Mitsubishi Electric Defendants' sales practices, business and supply agreements, and competitive positions. Publicly disclosing this information presents a risk of undermining the Mitsubishi Electric Defendants relationships, would cause harm with respect to the | 3350 | 3351 | 2374, 3462-1 |

\* This exhibit excludes declarations which were themselves filed under seal.
\*\* Not an attorney

Exhibit B: Boilerplate Language from Declarations

| Panasonic Declarants | Sample Language | Quoted Declaration | Declarations Using Substantially the Same Language | Other Non-Substantive Declarations |
|---|---|---|---|---|
| Arguello, Sofia | 20. Upon information and belief, the transcript excerpts appearing in Exhibit 17 to the Cole Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' sales processes, negotiating tactics, business plans, and pricing practices. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.<br><br>21. The highlighted portions of pages iv-v, 2-11, and 14-19 of the Motion quotes from or describes documents or information designated as "Confidential" or "Highly Confidential" by the Panasonic Defendants, including but not limited to Exhibits 1-3, 6-8, and 16-17. As with the exhibits themselves, I understand that the Panasonic Defendants consider any statements in the Motion purporting to summarize the exhibits or any other documents or information designated "Confidential" or "Highly Confidential" by the Panasonic Defendants confidential and proprietary. I am informed and believe that the Panasonic Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Exhibits 1-3, 6-8, and 16-17, and referenced in the Motion. | 2998-1 | 2625, 3328, 3355, 3356, 3357, 3358, 3359, 3360, 3361, 3457-1, 3490 | None |
| Cole, Eva W. | 4. Upon information and belief, the documents referred to in and/or attached to the Netz Declaration and Exhibits consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. The documents contain, cite, and/or identify confidential information about the Panasonic Defendants' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions. The documents describe relationships with companies that remain important to the Panasonic Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage. | 1399 | 1489-1, 1535-1, 1537-1, 1607-1, 1685 | None |
| Donovan, Molly M. | 5. Upon information and belief, the document appearing in full in Exhibit K to the Benson Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential information about the Panasonic Defendants' market analysis, business practices, and competitive position. The document describes relationships with companies that remain important to the Panasonic Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage. | 1844 | 1937, 2034, 2035 | 1786-1 |
| Hemlock, Adam C. | 6. Upon information and belief, the information and documents referred to in Dell's Amended Complaint consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. The documents contain, cite, and/or identify confidential information about the Panasonic Defendants' sales processes, business practices, internal practices, negotiating tactics, or competitive positions. The documents describe relationships with companies that remain important to the Panasonic Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause them harm with respect to competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.<br><br>7. I understand that the Panasonic Defendants consider any statements in Dell's Amended Complaint purporting to summarize any documents or information designated "Confidential" or "Highly Confidential" by the Panasonic Defendants confidential and proprietary. I am informed and believe that the Panasonic Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Paragraphs 206 through 210 of Dell's Amended Complaint. | 1718 | 1070, 1874, 3075, 3076, 3077, 3079, 3080, 3081, 3082, 3084, 3125, 3190, 3191, 3192, 3609, 3715, 3716, 3717, 3718 | 2770-1, 2901-1, 2922-1, 3009-1 |
| Stewart, Jennifer M. | 6. Upon information and belief, the Reply Brief and the Leitzinger Report likewise quote from, reference or describe documents or information designated as "Highly Confidential" by the Panasonic Defendants pursuant to the Stipulated Protective Order. The Reply Brief and Leitzinger Report contain, cite, and/or identify confidential information about the Panasonic Defendants' sales processes, business practices, business plans, pricing practices and competitive positions. The Reply Brief and the Leitzinger Report describe relationships with companies that remain important to the Panasonic Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.<br><br>7. I am informed and believe that the Panasonic Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Exhibit 5 and referenced in the Reply Brief and the Leitzinger Report. | 2225 | 2247, 2290, 2291, 2330, 2351, 2389, 2390, 2414, 2524, 2683, 3325, 3326, 3327, 3354, 3419, 3432-1, 3481, 3533, 3622, 3719, 3720, 3721, 3879, 3965, 4081 | 3007-1 |
| Yolkut, David E. | 4. Pursuant to the Protective Order and Local Civil Rules 7-11 and 79-5( d), Panasonic Defendants seek to seal the highlighted portions of Defendants' Antitrust Standing Reply, which is being concurrently filed. These highlighted portions reference confidential information contained in documents previously submitted under seal by Panasonic Defendants (see Dkt. 3051) and/or Plaintiffs (see Dkt. 3245). | 3426 | None | 3051-1 |

\* This exhibit excludes declarations which were themselves filed under seal.
\*\* Not an attorney

**Exhibit B: Boilerplate Language from Declarations**

| Philips Declarants | Sample Language | Quoted Declaration | Declarations Using Substantially the Same Language | Other Non-Substantive Declarations |
|---|---|---|---|---|
| Gelott, Tiffany B. | 7. Upon information and belief, the documents and testimony contained within Exhibits 3, 7, 16-18, 28, 29-34, and 36-38 to the Gelott Declaration were designated by the Philips Defendants as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order they contain confidential, nonpublic, and highly sensitive business information about the Philips Defendants' sales practices, business and supply agreements, and competitive positions. The documents and testimony describe relationships with companies (including customers and vendors) that remain important to the Philips Defendants' competitive positions. Publicly disclosing this sensitive information presents a risk of undermining the Philips Defendants' relationships, would cause harm with respect to the Philips Defendants' customers, and would put Philips Defendants at a competitive disadvantage.<br><br>8. The highlighted portions of the Summary Judgment Motion quote from, describe, or contain documents or information designated as "Confidential" or "Highly Confidential" by the Philips Defendants pursuant to the Stipulated Protective Order, including Exhibits 3, 7, 16-18, 28, 29-34, and 36-38 to the Gelott Declaration. I understand that the Philips Defendants consider any statements in the Summary Judgment Motion that summarize the exhibits and other documents or information designated as "Confidential" or "Highly Confidential" by the Philips Defendants is confidential and proprietary. I am informed and believe that the Philips Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Exhibits 3, 7, 16-18, 28, 29-34, and 36-38, and referenced in the Summary Judgment Motion. | 3022-1 | 3039-1, 3068, 3069, 3070, 3072, 3073, 3074, 3202, 3203, 3299, 3310, 3311, 3312, 3313, 3314, 3317, 3318, 3319, 3320, 3321, 3322, 3323, 3324, 3420, 3421, 3460-1, 3464-1, 3494, 3495, 3614, 3615, 3616, 3737, 3738, 3739, 3740, 3741, 3742, 3743, 3785, 3877, 3970, 4085 | 2999-1, 3570-1, 3592-1, 3771-1 |
| Koons, Erik T. | 9. The information and documents or portions of documents in question from the Surreply and Second Capurro Declaration have been designated by the Philips Defendants as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order because the documents contain confidential, nonpublic, and highly sensitive business information about the Philips Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with companies (including customers and vendors) that remain important to the Philips Defendants' competitive positions. Publicly disclosing this sensitive information presents a risk of undermining the Philips Defendants' relationships, would cause harm with respect to the Philips Defendants' competitors and customers, and would put the Philips Defendants at a competitive disadvantage.<br><br>10. I am informed and believe that the Philips Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in the Surreply and Second Capurro Declaration. | 2596 | None | None |
| Malaise, Charles M. | 9. Each of the documents quoted and discussed in Exhibits B, 3, 28, 30 and 31 to the Netz Declaration and appearing in full as Exhibits 2, 3, 5, 10, 25, 35, 110 and 115 to the Alioto Declaration has been designated by the Philips Defendants as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order because they contain confidential, nonpublic, and highly sensitive business information. They contain confidential, non-public information about the Philips Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with companies - including customers and vendors - that remain important to the Philips Defendants' competitive positions. Upon information and belief, publicly disclosing this sensitive information presents a risk of undermining the Philips Defendants' relationships, would cause harm with respect to the Philips Defendants competitors and customers, and would put the Philips Defendants at a competitive disadvantage. | 1405 | 1493, 1688, 1714, 1804, 1872, 1939, 2191, 2285, 2347, 2392, 2395, 2527, 2528, 2559, 2565, 2690 | None |

| Samsung Declarants | SampleLanguage | Quoted Declaration | Declarations Using Substantially the Same Language | Other Non-Substantive Declarations |
|---|---|---|---|---|
| Ballard, Dylan I. | 4. The portions of the Amended Complaint sought to be maintained under seal directly quote from and characterize documents that SDI has designated as either "Confidential" or "Highly Confidential" under the Protective Order. These documents refer to confidential, nonpublic, proprietary and highly sensitive business information about SDI's sales practices, business and supply agreements, and relationships with companies that remain important to SDI's competitive position, such that their public disclosure could irreparably harm SDI's business relationships and place SDI at a competitive disadvantage . Accordingly, the portions of the Amended Complaint referring to these documents should be maintained under seal. | 1715 | None | None |

\* This exhibit excludes declarations which were themselves filed under seal.
\*\* Not an attorney

7

**Exhibit B: Boilerplate Language from Declarations**

| Samsung Declarants | Sample Language | Quoted Declaration | Declarations Using Substantially the Same Language | Other Non-Substantive Declarations |
|---|---|---|---|---|
| Cunningham, Tyler M. | 5. Exhibit 24. Exhibit 24 is the Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5, designated by SDI as "Confidential" under the Protective Order. Exhibit 24 is a voluminous eighty-nine (89) page document lodged under seal in full by Plaintiffs; however, it is only briefly discussed in the Motion. Where confidential documents or information are not material to the disposition of the underlying motion, the documents and information should be kept under seal. [citations omitted] Exhibit 24 consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive documents or information concerning SDI's sales processes, business practices, negotiating tactics and competitive positions, including as to relationships with companies that remain important to SDI's competitive position, such that public disclosure would irreparably harm SDI. Sealing Exhibit 24 is particularly appropriate where there is no need to release the entire eighty-nine (89) page discovery response. Moreover, the Court has repeatedly ordered that this document be sealed. [citations omitted]<br><br>6. Exhibit 67. Exhibit 67 to the Saveri Declaration contains excerpts from the deposition of Jae In Lee, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for SDI. SDI designated these excerpts of the deposition transcript "Highly Confidential" under the Protective Order. These excerpts contain information concerning SDI's production methods, capabilities and strategies. I am informed and believe that SDI treats such information as highly confidential and has taken reasonable measures to safeguard it from disclosure outside the company. I am informed and believe that public disclosure of this highly confidential information would likely irreparably harm SDI. Accordingly, Exhibit 67 should be maintained under seal.<br><br>7. Exhibit 95. Exhibit 95 to the Saveri Declaration is a document produced by SDI in this action as SDCRT-0091353-63, which analyzes display markets and describes SDI's competitive positions and business strategies. SDI designated Exhibit 95 as "Highly Confidential" under the Protective Order. I am informed and believe that SDI treats such information as confidential and have taken reasonable measures to safeguard it from disclosure outside the company. I am informed and believe that public disclosure of this confidential information would be substantially likely to irreparably harm SDI. Moreover, the Court has previously ordered that Exhibit 95 be sealed. See Order Granting Direct Purchaser Plaintiffs' Administrative Motion to Seal Documents (Dkt. No. 1698). Accordingly, Exhibit 95 should be maintained under seal.<br><br>8. I am informed and believe that SDI considers any statements in the Motion purporting to summarize these exhibits to be confidential, and that public disclosure of this information would be substantially likely to harm SDI with respect to its competitors and/or customers. Accordingly, all portions of the Motion that quote from or describe Exhibits 24, 67 or 95 should be maintained under seal.<br><br>9. Upon information and belief, the documents and information referred to in and/or attached to the Leitzinger Report and its exhibits consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. The documents contain, cite, and/or identify confidential information about SDI's sales processes, business practices, internal practices, negotiating tactics and competitive positions. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining SDI's business relationships, would cause it harm with respect to its competitors and customers, and would put SDI at a competitive disadvantage. | 3063 | 1495, 1680, 1847, 1921-1, 2036, 2226, 2287, 2296, 2337, 2345, 2357, 2364, 2393, 2394, 2413, 2526, 2624, 2813, 3186, 3291, 3408-1, 3413, 3610, 3714, 3822, 3964 | None |

\* This exhibit excludes declarations which were themselves filed under seal.
\*\* Not an attorney

Exhibit B: Boilerplate Language from Declarations

| Samsung Declarants | Sample Language | Quoted Declaration | Declarations Using Substantially the Same Language | Other Non-Substantive Declarations |
|---|---|---|---|---|
| Eckert, Helen C. | 18. Exhibit 45 to the Bernstein Declaration is a copy of SDI's Responses to Dell Plaintiffs' First Set of Interrogatories, designated by SDI as "Confidential" under the Protective Order. Exhibit 45 is detailed, twenty-seven (27) page document lodged under seal in full by Plaintiffs; however, it is only briefly discussed in the Bernstein Declaration, at page 5, lines 14-16, and the Opposition, at page 24, lines 6-8 & n. 77, and is not material to the disposition of the underlying motion. Where confidential documents or information are not material to the disposition of the underlying motion, the documents and information should be kept under seal. [citations omitted] Exhibit 45 contains confidential, nonpublic, proprietary and highly sensitive business information about SDI's sales processes, business practices, negotiating tactics and competitive positions, including its relationships with companies that remain important to SDI's competitive position. I am informed and believe that public disclosure of this highly sensitive information presents a risk of undermining SDI's business relationships, causing SDI harm with respect to its competitors and customers, and/or competitively disadvantaging SDI. Accordingly, Exhibit 45 should be maintained under seal. | 3292 | 2980-1, 3168-1, 3293, 3294, 3295, 3296, 3297, 3298, 3300, 3301, 3302, 3303, 3304, 3305, 3306, 3414, 3453-1, 3766-1, 3773-1 | 3560-1, 3575-1 |
| | a. Exhibit 1 to the December 5, 2014 Declaration of James L. McGinnis submitted in support of SDI's Motion to Exclude Expert Testimony of Dr. Stephan Haggard which is the April 15, 2014 expert report of Dr. Haggard ("Haggard Report"). The entirety of the Haggard Report has been designated "Highly Confidential" under the Protective Order. The Haggard Report reflects, contains, or analyzes confidential information concerning SDI's business practices, corporate structure and governance, component cost information, sales strategy, customer relationships and employment histories of top personnel. The Haggard Report also includes excerpts from the transcript of the deposition of Jae In Lee, whom SDI designated as a Fed. R. Civ. P. 30(b)(6) witness. SDI designated these excerpts of the Jae In Lee deposition transcript "Highly Confidential" under the Protective Order, and these excerpts contain, cite and/or identify confidential information concerning SDI's business practices, sales strategies and sales volume to specific customers, customer relationships, and CRT component cost information. The Haggard Report also reflects, contains, or analyzes SDI's Responses to Dell Plaintiffs' Second Set of Requests for Admissions ("SDI's RFA Responses"), designated by SDI as "Confidential" under the Protective Order. SDI's RFA Responses include confidential, nonpublic, and sensitive business information about SDI's management structure, as well as the nonpublic employment histories of certain individuals at SDI. I am informed and believe that the above is highly sensitive information, public disclosure of which presents a risk of undermining SDI's business relationships, causing SDI harm with respect to its competitors and customers, and/or competitively disadvantaging SDI. The Court previously sealed the Haggard Report. (See Order Granting Administrative Motions For Leave to File Under Seal) (MDL Dkt. No. 3498) (granting administrative motions to seal, Dkt. Nos. 2980, 3168, 3243, 3407). | 3519-1 | 3569-1 | |
| | 5. Exhibit 1 to the McGinnis Declaration is a true and correct copy of Plaintiffs' certified translation of TSA-CRT00077732. Exhibit 1 contains, cites, identifies and/or compiles confidential, non-public and sensitive business information, including confidential information concerning SDI's prices. It also cites, identifies and/or compiles sensitive, private information relating to personal matters of certain individuals at SDI. This information is confidential, the disclosure of which would prejudice SDI and invade the legitimate privacy rights and interests of these SDI individuals. | 3564-1 | 3773-1 | |

| Sears/Kmart Declarants | Sample Language | Quoted Declaration | Declarations Using Substantially the Same Language | Other Non-Substantive Declarations |
|---|---|---|---|---|
| Randall, Samuel J. | 7. The redacted portions of the Motion to Seal and the Corrected Motion contain confidential, non-public, proprietary, and highly sensitive business information and concern confidential, non-public information about Sears' business practices and purchasing agreements that remain important to Sears' competitive position. Upon information and belief, publicly disclosing this highly confidential information would put Sears at a competitive disadvantage and risk undermining its relationship with its vendors. | 4633 | 4794 | 3650-1, 3651-1, 3667-1 |

| Sharp Declarants | Sample Language | Quoted Declaration | Declarations Using Substantially the Same Language | Other Non-Substantive Declarations |
|---|---|---|---|---|
| Benson, Craig A. | 3. Exhibit A to the Declaration of Vince Sampietro is a true and correct copy of the Purchase Order between Sharp Electronics Manufacturing Company of America, Inc. and Toshiba America Electronic Components, Inc. This document contains confidential, non-public information about Sharp's business practices and relationship with the Toshiba Defendants that remain important to Sharp's competitive position. Because the information contained in the Purchase Order is not publicly available, disclosing the information presents a risk of undermining Sharp's relationships, would cause harm with respect to Sharp's competitors and customers, and would place Sharp at a competitive disadvantage. | 2196-1 | 2326, 2346, 2371, 2521-1, 3701-1 | 2030-1, 2243-1, 2289-1, 2622-1, 3678-1, 3690-1, 3695-1, 3778-1, 4551-1, 4612-1 |

\* This exhibit excludes declarations which were themselves filed under seal.
\*\* Not an attorney

**Exhibit B: Boilerplate Language from Declarations**

| Thomson Declarants | Sample Language | Quoted Declaration | Declarations Using Substantially the Same Language | Other Non-Substantive Declarations |
|---|---|---|---|---|
| Judge, Stephen M. | 6. Upon information and belief, Exhibit 1 to the Randall Declaration designated as "Confidential" or "Highly Confidential" by the Thomson Defendants because it contain confidential, non-public, highly sensitive business information about the Thomson Defendants' business practices, customers, strategies, and supplier relationships. Further, Exhibit 1 contains information that may be protected from disclosure under the laws of France. Publically disclosing this sensitive information risks undermining the Thomson Defendants' business relationships and harming its suppliers and customers and putting the Thomson Defendants at a competitive disadvantage. | 3722 | 3307, 3329, 3330, 3331, 3723, 3724, 3783 | 2782-1, 2783-1, 3374-1, 3705-1 |
| Osborn, Kathy L. | 5. Upon information and belief, the redacted portions of paragraphs 12, 60, 176, 177, and 180 of IPPs' FAC contain information IPPs obtained from documents and/or deposition testimony Thomson designated "Confidential" or "Highly Confidential" because they contain confidential, non-public, highly-sensitive business information about Thomson's business practices, customers, strategies, and customer or supplier relationships. Publically disclosing this sensitive information risks undermining Thomson's business relationships, harming its suppliers and customers, and putting Thomson at a competitive disadvantage. | 3881 | None | None |
| Roberts, Jeffrey S. | 5. Upon information and belief, Exhibits 4-7 to the Lin Declaration were designated as "Confidential" or "Highly Confidential" by the Thomson Defendants because they contain confidential, non-public, highly sensitive business information about the Thomson Defendants' business practices, customers, strategies, and supplier relationships. Publically disclosing this sensitive information risks undermining the Thomson Defendants' business relationships and harming its suppliers and customers and putting the Thomson Defendants at a competitive disadvantage. | 3088 | 3603-1 | 2235-1, 2355-8, 2398-2, 2447-2, 2981-1 |
| | 6. Upon information and belief, the Sealable Information in Exhibit C reflects confidential, non-public, sensitive business information about the terms, structure, and nature of the Thomson Defendants' sale of their CRT assets to the Videocon Group, including information about the employment history of citizens of France and Japan which may be protected from disclosure under the laws of France and Japan. See Ex. 1 at 4, 6, 17-19. Publically disclosing this sensitive information risks undermining the Thomson Defendants' business relationships and the privacyrights of former employees. Therefore, "compelling reasons" exist for filing this information under seal. See, e.g., Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006). | 4632 | None | |

| Toshiba Declarants | Sample Language | Quoted Declaration | Declarations Using Substantially the Same Language | Other Non-Substantive Declarations |
|---|---|---|---|---|
| Foster, Dana E. | 8. Exhibits C, D, E, F, H, I, J, L, N, P, Q, LL, MM, NN, OO, PP, QQ, and RR to the Benson Declaration each has been designated by one of the Toshiba Defendants or codefendants as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order because they contain confidential, nonpublic, and highly sensitive business information. They contain confidential, non-public information about the Toshiba Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with companies — including customers and vendors — that remain important to the Toshiba Defendants' competitive positions. Upon information and belief, publicly disclosing this sensitive information presents a risk of undermining the Toshiba Defendants'' relationships, would cause harm with respect to the Toshiba Defendants' customers, and would put the Toshiba Defendants at a competitive disadvantage. | 1848 | 1938, 2026, 2031-1, 2224, 2251, 2295, 2297, 2338, 2365, 2396, 2406, 2416, 2458, 2687, 3194, 3195, 3256, 3308, 3309, 3332, 3363, 3364, 3367, 3368, 3369, 3370, 3424, 3429, 3502, 3620, 3621, 3733, 3734, 3735, 3736, 3746, 3747, 3748, 3779, 3786, 3825, 3973, 4087 | None |
| Frutig, Matthew | 6. The documents listed in paragraph 5 contain confidential, non-public information about the Toshiba Defendants' sales practices, business and supply agreements, and competitive positions. They describe relationships with companies — including customers and vendors — that remain important to the Toshiba Defendants' competitive positions. Upon information and belief, publicly disclosing this sensitive information presents a risk of undermining the Toshiba Defendants' relationships, would cause harm with respect to the Toshiba Defendants' competitors and customers, and would put the Toshiba Defendants at a competitive disadvantage. | 4004-1 | None | 3594-1, 4938-1 |

\* This exhibit excludes declarations which were themselves filed under seal.
\*\* Not an attorney

10

**Exhibit B: Boilerplate Language from Declarations**

| Toshiba Declarants | Sample Language | Quoted Declaration | Declarations Using Substantially the Same Language | Other Non-Substantive Declarations |
|---|---|---|---|---|
| Lau, Lucius B. | 7. Upon information and belief, the information and documents referred to in Dell's First Amended Complaint consist of, cite to, and/or identify confidential, non-public, proprietary and highly sensitive business information. The documents contain confidential, non-public information about the Toshiba Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with companies — including customers and vendors — that remain important to the Toshiba Defendants' competitive positions. Upon information and belief, publicly disclosing this sensitive information presents a risk of undermining the Toshiba Defendants' relationships, would cause harm with respect to the Toshiba Defendants' competitors and customers, and would put the Toshiba Defendants at a competitive disadvantage.<br><br>8. I understand that the Toshiba Defendants consider any statements in Dell's First Amended Complaint purporting to summarize any documents or information designated "Confidential" or "Highly Confidential" by the Toshiba Defendants confidential and proprietary. I am informed and believe that the Toshiba Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Paragraphs 206 through 210 of Dell's First Amended Complaint. | 1716 | 1075, 1404, 1490, 1689, 1999-1, 3005-1, 3036-1, 3173-1, 3590-1 | 2321-1, 2334-1, 2370-1, 2975-1, 2993-1, 3450-1, 3521-1, 3752-1 |
| Sharp, Samuel J. | 7. The materials listed in Paragraph 6 have been designated by one of the Toshiba Defendants as either "Confidential" or "Highly Confidential" pursuant to the Protective Order because they contain confidential, nonpublic, and highly sensitive business information. They contain confidential, non-public information about the Toshiba Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with companies — including customers and vendors — that remain important to the Toshiba Defendants' competitive positions. Upon information and belief, publicly disclosing this sensitive information presents a risk of undermining the Toshiba Defendants' relationships, would cause harm with respect to the Toshiba Defendants' competitors and customers, and would put the Toshiba Defendants at a competitive disadvantage. | 2985-1 | 3435-1 | 3584-1, 3752-1 |

| ViewSonic Declarants | Sample Language | Quoted Declaration | Declarations Using Substantially the Same Language | Other Non-Substantive Declarations |
|---|---|---|---|---|
| Heaven, Astor H.L. | 5. Attachment A to the Hemlock Declaration is a true and correct copy of an OEM Agreement between ViewSonic and Matsushita Electric Industrial Co., Ltd. which was designated "Highly Confidential" under the Protective Order. The document contains confidential, nonpublic, and highly sensitive business information pertaining to ViewSonic's purchasing practices, negotiation tactics, and business relationship with a vendor. The document includes the negotiated terms and conditions that governed the relationship. Public disclosure of this sensitive information risks undermining ViewSonic's business relationships with its various other vendors, harming ViewSonic's customer relationships, and providing ViewSonic's competitors with an unfair strategic advantage. Public disclosure would place ViewSonic at a competitive disadvantage when negotiating other purchase agreements and when negotiating for the sale of its products to its own customers.<br><br>6. The Motion quotes from or describes Attachment A. I am informed or believe that ViewSonic considers any statements in the Motion purporting to summarize these exhibits to be highly confidential, and that public disclosure of the information would also likely cause harm to ViewSonic with respect to its vendors, competitors and/or customers. Accordingly, all portions of the Motion that quote from or describe Attachment A should be maintained under seal. | 2775 | 2866-1, 2906, 2915-1, 2925, 2928-1, 3126 | 3261-1 |

\* This exhibit excludes declarations which were themselves filed under seal.
\*\* Not an attorney

11

**Exhibit B: Boilerplate Language from Declarations**

| Other Declarants | Declarations with no substantive claim that the material is appropriately filed under seal | Party |
|---|---|---|
| Anderson, Jennie Lee | 3266-1 | IPPs |
| Barclay-Strobel, Jessica | 3023-1, 3062-1 | LG |
| Burman, David J. | 3265-1, 3270-1 | Costco |
| Carney, Gary R. | 3282-1, 3284-1 | Sharp |
| Casselman, Jill S. | 3580-1, 3682-1 | Best Buy |
| Dever, Gerard A. | 3672-1, 3688-1, 3694-1, 3703-1, 3712-1 | IPPs |
| Estrada, E. Martin | 3596-1 | LG |
| Garcia, Jalaine | 4989-1 | Seas/Kmart |
| Hartge, Cathleen H. | 3441-1, 4556-1, 4758-1 | LG |
| Hernandez, Cynthia C. | 3258-1, 3262-1 | Best Buy |
| Iovieno, Philip J. | 2279-1, 2358-1, 2377-1, 3248-1, 3251-1, 3272-1 | DAPs |
| Kern, Sylvie K. | 3871-1 | IPPs |
| Kobori, Aya | 3683-1 | Toshiba |
| Lin, Laura K. | 3397-1 | LG |
| Loh, Vincent S. | 2339-1, 2344, 2378-1 | Best Buy |
| Manfredi, Travis L. | 2208-1 | DPPs |
| Martinez, David | 2676-1 | Best Buy |
| Messenger, Lucas A. | 3698-1 | Best Buy |
| Murray, Jason C. | 3278-1 | ViewSonic |
| Peterson, David M. | 3236-1 | Circuit City |
| Ross, Jonathan J. | 3648-1, 3757-1 | Circuit City |
| Safi, Robert S. | 3253-1 | Circuit City |
| Scarpulla, Francis O. | 4545-1, 5022-1 | IPPs |
| Singer, Stuart H. | 3250-1 | DAPs |
| Varanini, Emilio | 2327-1, 2519-1, 2571-1, 2793-1 | California |
| Wagner, Scott N. | 2409-1, 3269-1 | Tech Date |
| Weiss, | 2320-2 | Costco |
| Whitehead, Melissa M. | 2013-1 | Dell |
| Yan, Claire | 3041-1, 3064-1, 3470-1, 3563-1, 3754-1 | LG |

\* This exhibit excludes declarations which were themselves filed under seal.
\*\* Not an attorney