**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

|  |  |  |
|---|---|---|
| THE STATE OF ILLINOIS | ) | Case No.: 12-CH-35266 |
| by its Attorney General, Lisa Madigan | ) |  |
|  | ) | Honorable Rita M. Novak |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **PROTECTIVE ORDER** |
|  | ) |  |
| HITACHI LTD., et al., | ) |  |
| Defendants | ) |  |
|  | ) |  |

## 1.    PURPOSES AND LIMITATIONS.

Disclosure and discovery activity in this action may involve production of trade secrets or other confidential research, development, or commercial information, within the meaning of Supreme Court Rule 201; or other private or competitively sensitive information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the Defendants have petitioned the Court to enter the following Stipulated Protective Order. The Court has made the parties aware that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to confidential treatment. The Court has further made the parties aware, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal. Any party may make a motion to seal documents pursuant to applicable rules governing such motions and pursuant to Section 10 herein.

## 2.    DEFINITIONS.

2.1    <u>Party</u>: any party to this action, specifically the State of Illinois; Hitachi Ltd.; Hitachi Displays, Ltd.; Hitachi Electronic Devices (USA), Inc.; LG Electronics, Inc.; LG Electronics USA, Inc.; LG Electronics Taiwan Taipei Co., Ltd.; Panasonic Corporation; Panasonic Corp. of North America; MT Picture Display, Co., Ltd.; Koninklijke Philips Electronics N.V.; Philips Electronics North American Corp.; Philips Electronics Industries (Taiwan), Ltd.; Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Toshiba Corporation; Toshiba America, Inc.; Toshiba America Information Systems Inc.; and Toshiba America Electronic Components, Inc.

2.2    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    <u>Confidential Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Supreme Court Rule 201.

2.4    <u>Highly Confidential Information or Items</u>: extremely sensitive Confidential Information or Items whose disclosure to another Party or non-party would create a substantial risk of injury that could not be avoided by less restrictive means.

2.5    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential."

2.8 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential."

2.9 <u>Outside Counsel</u>: attorneys, along with their paralegals, and other support personnel, who are not employees of a Party but who are retained to represent or advise a Party in this action, and, in the case of the State of Illinois, the Attorney General's office, including its attorneys, paralegals, and other support personnel.

2.10 <u>In-House Legal Personnel</u>: attorneys and other personnel employed by a Party to perform legal functions who are responsible for overseeing this litigation for the Party.

2.11 <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Legal Personnel (as well as their support staffs, including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators).

2.12 <u>Expert and/or Consultant</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, and who is not currently an employee, nor has been an employee within eighteen months of the date of entry of this Order, of a Party or of a Cathode Ray Tube "CRT" business unit of a non-party, and who, at the time of retention, is not anticipated to become an employee of a Party or of a CRT business unit of a non-party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.   SCOPE.**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel in settings that might reveal Protected Material.  However, this Order shall not be construed to cause any Counsel to produce, return, and/or destroy their own attorney work product, or the work product of their co-counsel.

**4.   DURATION.**

The confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or this Court orders otherwise.

**5.   DESIGNATING PROTECTED MATERIAL.**

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards and avoid indiscriminate designations.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all Receiving Parties that it is withdrawing or changing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. For purposes of discovery, except as otherwise provided in this Order (*see, e.g.*, section 5.2(b), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Notwithstanding the preceding sentence, should a Producing Party discover that it produced material that was not designated as Protected Material or that it produced material that was designated as Protected Material but had designated that Protected Material in the incorrect category of Protected Material, the Producing Party may notify all Parties, in writing, of the error and identifying (by bates number or other individually identifiable information) the affected documents and their new designation or re-designation. Thereafter, the material so designated or re-designated will be treated as Protected Material. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. The Receiving Party will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials.

Designation in conformity with this Order requires:

(a)     <u>for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings)</u>, that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page that contains protected material.

(b)     <u>for testimony given in deposition</u>, that a Party, or a non-party that sponsors, offers, gives, or elicits the testimony, designate any portion of the testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," either on the record before the deposition is concluded, or in writing within thirty (30) days after the final transcript is

received. Only those portions of the testimony that are designated for protection in accordance with the preceding sentence shall be covered by the provisions of this Stipulated Protective Order. The entire testimony shall be deemed to have been designated Highly Confidential until the time within which the transcript may be designated has elapsed. If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Confidential or Highly Confidential except as ordered by the Court.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as instructed by the Party or nonparty sponsoring, offering, giving or eliciting the witness' testimony.

(c)     for information produced in electronic or video format, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

5.3     Inadvertent Failures to Designate. If corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is re-designated as "Confidential" or "Highly Confidential" after the material was initially produced, the Receiving Party, upon notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4    Increasing the Designation of Information or Items Produced by Other Parties or Non-Parties. Subject to the standards of paragraph 5.1, a Party may increase the designation (i.e., change any Disclosure or Discovery Material produced without a designation to a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or designate any Disclosure or Discovery Material produced as "CONFIDENTIAL" to a designation of "HIGHLY CONFIDENTIAL") of any Discovery Material produced by any other Party or non-Party, provided that said Discovery Material contains the upward Designating Party's own Confidential or Highly Confidential Information. Any such increase in the designation of a document shall be made within 90 calendar days of the date of its production, unless good cause is shown for a later increase in the designation.

Increasing a designation shall be accomplished by providing written notice to all Parties identifying (by bates number or other individually identifiable information) the Disclosure or Discovery Material whose designation is to be increased. Promptly after providing such notice, the upward Designating Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. The Receiving Party will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials. Any Party may object to the increased designation of Disclosure or Discovery Materials pursuant to the procedures set forth in paragraph 6 regarding challenging designations. The upward Designating Party shall bear the burden of establishing the basis for the increased designation.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS.

6.1    Timing of Challenges. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by notifying the Designating Party in writing, by telephone or in person of its challenge and identify the challenged material and the basis for its challenge.  The Designating Party must then tell the Challenging Party whether it will withdraw the designation of the challenged material.  If the Designating Party does not withdraw the designation, the parties shall meet and confer face-to-face and in good faith,  to explain the basis for each Party's respective position about the propriety of the challenged confidentiality designations. The parties shall have fourteen (14) calendar days from the initial notification of a challenge to complete this meet and confer process.

6.3     Judicial Intervention. In any judicial proceeding challenging a confidentiality designation, the burden of persuasion with respect to the propriety of the confidentiality designation shall remain upon the Designating Party. If the parties are not able to resolve a dispute about a confidentiality designation within the time provided in paragraph 6.2, above, the parties shall, within fourteen (14) calendar days thereafter, prepare and present to the Court a joint letter brief that identifies the challenged material and sets forth the respective positions of the parties about the propriety of the challenged confidentiality designations. Until the ruling on the dispute becomes final, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

In the event that the final ruling is that the challenged material is not confidential or that its designation should be changed, the Designating Party shall reproduce copies of all materials with their designations removed or changed in accordance with the ruling within thirty (30) days at the expense of the Designating Party.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL.

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by a Producing Party only in connection with this action (Case No.: 12-CH-35266)  for prosecuting, defending, or attempting to settle this action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For purposes of this Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    current or former officers, directors, and employees of Parties to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(c)    Experts and/or Consultants with respect to each of whom (1) disclosure is reasonably necessary for this litigation, and (2) an "Agreement To Be Bound by Protective Order" (Exhibit A) has been signed;

(d)    the Court and its personnel;

(e)     stenographers, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(f)     the author, addressees, or recipients of the document, or any other natural person who would have likely reviewed such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document, or whose conduct is purported to be specifically identified in the document;

(g)     witnesses in the action to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A); provided that, Confidential Information may be disclosed to a witness during their deposition, but only if they have executed the "Agreement to Be Bound by Protective Order" (Exhibit A), which shall be made an exhibit to the deposition transcript, or have agreed on the record to keep the information confidential and not to use it for any purpose, or have been ordered to do so; and provided further that, pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information must be marked "Confidential" and separately bound by the court reporter and not included in the main deposition transcript and exhibit binder, and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h)     any other person to whom the Designating Party agrees in writing or on the record, and any other person to whom the Court compels access to the Confidential Information.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Experts and/or Consultants with respect to each of whom (1) disclosure is reasonably necessary for this litigation, and (2) an "Agreement To Be Bound by Protective Order" (Exhibit A) has been signed;

(c)     the Court and its personnel;

(d)     stenographers, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e)     the author, addressees or recipients of the document, the Designating Party's employees who were employed by the Designating Party at the time the document was authored, or any other natural person who is specifically identified in the document, or whose conduct is purported to be specifically identified in the document;

(f)     any other person to whom the Designating Party agrees in writing or on the record, and any other person to whom the Court compels access to the Highly Confidential Information.

7.4      <u>Disclosure to Other State Attorneys General</u>.  At the time any party produces Protected Material in response to a discovery request from the State of Illinois, the producing party will indicate whether the Protected Material being produced has also been

produced to any other state attorney general and the action in which the material has been produced. Such producing party will promptly notify the State of Illinois if it produces the Protected Material to another state attorney general after the material's initial production to the State of Illinois. The State of Illinois may discuss or show any Protected Material identified by the producing party only to the state attorney(s) general identified.

       7.5     Retention of Exhibit A. Outside Counsel for the Party that obtains the signed "Agreements To Be Bound by Protective Order" (Exhibit A), as required above, shall retain them for one year following the final termination of this action, including any appeals, and shall make them available to other Parties upon good cause shown.

       7.6     Retention of Protected Material. Persons who have been shown Protected Material pursuant to Section 7.2(b), (f), or (g), or Section 7.3(e) or (f) shall not retain copies of such Protected Material.

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

       If a Receiving Party is served with a discovery request, subpoena or an order issued in other litigation or proceedings that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax or electronic mail, if possible), along with a copy of the discovery request, subpoena or order, as soon as reasonably practicable.

       The Receiving Party also must immediately inform the party who caused the discovery request, subpoena or order to issue in the other litigation or proceeding that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition,

the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the discovery request, subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interest in the court from which the discovery request, subpoena or order is issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential or highly confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement To Be Bound" that is attached hereto as Exhibit A.

10. **FILING PROTECTED MATERIAL.**

10.1 Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party may seek leave of court to file documents or other materials containing confidential information under seal. To the extent possible, the parties shall redact confidential information from materials filed with the court so as to minimize requests to

file under seal. If leave is allowed to file documents or other materials under seal, such materials shall be submitted in an envelope or other container labeled 'CONTAINS CONFIDENTIAL INFORMATION – SEALED PURSUANT TO COURT ORDER" and containing the caption of this action and a description of the contents thereof.

## 11.    FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty days after the final termination of this action, including any appeals, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. The Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts (other than transcripts of deposition or other witness testimony) legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

## 12.    INADVERTENTLY PRODUCED DOCUMENTS.

If a Party at any time notifies any other Party that it inadvertently produced documents, testimony, information, and/or things that are protected from disclosure under the

attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, or the Receiving Party discovers such inadvertent production, the inadvertent production shall not be deemed a waiver of the applicable privilege or protection. The Receiving Party shall immediately return all copies of such documents, testimony, information and/or things to the inadvertently producing Party and shall not use such items for any purpose until further order of the Court. In all events, such return must occur within three (3) business days of receipt of notice or discovery of the inadvertent production. The return of any discovery item to the inadvertently producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the document or thing was never privileged.

### 13.   ATTORNEY RENDERING ADVICE.

Nothing in this Protective Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this matter or from relying upon or generally referring to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Disclosure or Discovery Material in rendering such advice; provided however, that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content thereof if such disclosure is not otherwise permitted under this Protective Order.

### 14.   DISPOSITIVE MOTION HEARINGS AND TRIAL.

The terms of this Protective Order shall govern in all circumstances except for presentations of evidence and argument at hearings on dispositive motions and at trial. The parties shall meet and confer in advance of such proceedings and seek the guidance of the Court as to appropriate procedures to govern such proceedings.

### 15.   MISCELLANEOUS.

15.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

15.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

Protective Order no Party waives any right it otherwise would have to object to disclosing or

producing any information or item on any ground not addressed in this Stipulated Protective

Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

the material covered by this Protective Order.

DATED: May 28, 2013

By: _____
David C. Gustman, (ARDC 3124377)
Jeffery M. Cross (ARDC 0547980)
Tonita M. Helton (ARDC 6275108)
Freeborn & Peters LLP
311 S. Wacker Drive, Suite 300
Chicago, IL 60606
Tel: 312-360-6000
Fax: 312-360-6520
Email: dgustman@freeborn.com

John M. Taladay (admitted *pro hac vice*)
Charles M. Malaise (admitted *pro hac vice*)
BAKER BOTTS LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400
Tel: 202-639-7700
Fax: 202-639-7890
Email: john.taladay@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Counsel for Defendants Koninklijke Philips*
*Electronics N.V., Philips Electronics North America*
*Corporation, and Philips Electronics Industries*
*(Taiwan), Ltd.*

By: _____
Daniel G. Rosenberg
Catherine B. Diggins

SHEPPARD, MULLIN, RICHTER & HAMPTON,
LLP
Three First National Plaza
70 West Madison Street, 48th Floor
Chicago, Illinois 60602
Tel: 312-499-6300
Fax: 312-499-6301
Email: drosenberg@sheppardmullin.com
Email: cdiggins@sheppardmullin.com
Firm No.: 49795

Michael W. Scarborough (admitted *pro hac vice*)
Tyler M. Cunningham (admitted *pro hac vice*)
Dylan I. Ballard (admitted *pro hac vice*)
SHEPPARD, MULLIN, RICHTER & HAMPTON,
LLP
4 Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Tel: 415-434-9100
Fax: 415-434-3947
Email: mscarborough@sheppardmullin.com
Email: tcuningham@sheppardmullin.com
Email: dballard@sheppardmullin.com

*Counsel for  Defendants Samsung SDI America, Inc.
and Samsung SDI Co. Ltd.*

By: ___Duane M. Kelley / JMC___
Duane M. Kelley
James F. Herbison
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Tel: 312-558-5600
Fax: 3112-558-5700
Email: dkelley@winston.com
Email: jherbison@winston.com
Firm No. 90875
Jeffrey L. Kessler (*pro hac vice* pending)
A. Paul Victor (*pro hac vice* pending)
Eva W. Cole (*pro hac vice* pending)

Jeffrey L. Kessler (admitted *pro hac* vice)
Eva W. Cole (admitted *pro hac vice*)
WINSTON & STRAWN LLP

200 Park Avenue
New York, New York 10166-4193
Tel: 212-294-6700
Fax: 212-294-7400
Email: jkessler@winston.com
Email: ewcole@winston.com

David L. Yohai (*pro hac vice* pending)
Adam C. Hemlock (*pro hac vice* pending)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Tel: (212) 310-8000
Fax: (212) 310-8007
Email: david.yohai@weil.com
Email: adam.hemlock@weil.com

*Counsel for Defendants Panasonic Corporation,*
*Panasonic Corporation*
*of North America and MT Picture Display*
*Co., Ltd.*

By:  *John C. Martin /mc*
John C. Martin
Law Offices of John C. Martin, LLC
30 North LaSalle Street
Suite 3400
Chicago, IL 60602
Tel: 312-368-9000
Fax: 312-962-4448
Email: jmartin@johnmartinlawoffices.com
Attorney No. 45522

Hojoon Hwang (*pro hac vice* pending)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, CA 94105
Tel: 415-512-4000
Fax: 415-512-4077
Email: Hojoon.Hwang@mto.com

*Counsel for Defendants LG Electronics, Inc.*
*and LG Electronics U.S.A., Inc.*

By: _Romeo S. Quinto/dmc_

Romeo S. Quinto (ARDC #6272897)
Bridget G. Longoria (ARDC #6290077)
MORGAN, LEWIS & BOCKIUS, LLP
77 Wacker Drive
Chicago, IL 60601
Tel: 312-324-1000
Fax: 312-324-1001
Email: rquinto@morganlewis.com
Email: blongoria@morganlewis.com

Kent M. Roger (*pro hac vice* pending)
Daniel M. Markman (*pro hac vice* pending)
MORGAN LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001
Email: kroger@morganlewis.com
Email: dmarkman@morganlewis.com

*Counsel for Defendants Hitachi, Ltd., Hitachi
Displays, Ltd. (n/k/a Japan Display East Inc.), and
Hitachi Electronic Devices (USA), Inc.*

By: _Daniel Cummings/dmc_

Daniel Cummings (#90707)
Alan S. Madans
Rothschild, Barry & Myers LLP
55 W. Monroe, Suite 3900
Chicago, IL 60603
Tel: 312-372-2345

Dana Foster (*pro hac vice*)
WHITE & CASE LLP
701 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
Email: defoster@whitecase.com

*Counsel to Defendants Toshiba Corporation,
Toshiba America, Inc., Toshiba America
Information Systems, Inc., and Toshiba America
Electronic Components, Inc.*

**IT IS SO ORDERED.**

DATED: _____       _____

Hon. Rita M. Novak

*The Judge does not sign Blank pages. We added a captioned signature page that follows.*

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-CHANCERY DIVISION

THE STATE OF ILLINOIS                                          )
by its Attorney General, Lisa Madigan                          )
                                                               )
                    Plaintiff,                                 )
                                                               )          No. 12 CH 35266
            v.                                                 )
                                                               )
HITACHI LTD.,                                                  )
HITACHI DISPLAYS, LTD.,                                        )
HITACHI AMERICA, LTD.,                                         )
HITACHI ELECTRONIC DEVICES (USA) INC.,                         )
LG ELECTRONICS, INC.,                                          )
LG ELECTRONICS USA, INC.,                                      )
LG ELECTRONICS TAIWAN TAIPEI CO., LTD.,                        )
PANASONIC CORPORATION,                                         )
MATSHUSITA ELECTRONIC INDUSTRIAL CO. M., LTD.                  )
PANASONIC CORP. OF NORTH AMERICA,                              )
MT PICTURE DISPLAY, CO., LTD.,                                 )
KONINKLIJKE PHILIPS ELECTRONICS N.V.,                          )
PHILIPS ELECTRONICS NORTH AMERICAN CORP.,                      )
PHILIPS ELECTRONICS INDUSTRIES (TAIWAN), LTD.                  )
SAMSUNG ELECTRONICS CO., LTD.,                                 )
SAMSUGN ELECTRONICS AMERICA, INC.,                             )
SAMSUNG DISPLAY DEVICE CO., LTD.,                              )
SAMSUNG SDI AMERICA, INC.,                                     )
TOSHIBA CORPORATION TOSHIBA AMERICA, INC.,                     )
TOSHIBA AMERICA CONSUMER PRODUCTS, LLC,                        )
TOSHIBA AMERICA INFORMATION SYSTEMS INC.,                      )
TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.,                   )
                                                               )
                    Defendant.                                 )

## <u>PROTECTIVE ORDER (CONTINUED)</u>

**IT IS SO ORDERED.**


_____              JUDGE RITA M. NOVAK
Date:                                  _____
                                            MAY 30 2013
                                       Judge: Rita Novak
                                            Circuit Court-1741

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print full name], of _____

_____ [print or type full address], declare under penalty of

perjury under the laws of the United States of America and Illinois that I have read in its entirety

and understand the Stipulated Protective Order that was issued by the Circuit Court of Cook

County, Illinois County Department, Chancery Division, in the case of THE STATE OF

ILLINOIS VS. HITACHI LTD. *et al*, No.: 12-CH-35266.

I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order, and I understand and acknowledge that failure to so comply could expose me

to sanctions and punishment in the nature of contempt. I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated Protective Order

to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the Circuit Court of Cook County,

Illinois County Department, Chancery Division for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after termination of this

action.

Date: _____

City and State (or Country) where sworn and signed: _____

Printed name: _____

Signature: _____

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

|  |  |  |
|---|---|---|
| THE STATE OF ILLINOIS<br>by its Attorney General, Lisa Madigan<br>                           Plaintiff<br><br>v.<br><br>HITACHI LTD., et al.<br>                         Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 12-CH-35266<br><br>Hon. Rita M. Novak |

FILED
CH-2502
JUL 29 2015
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## STIPULATED ADDENDUM TO PROTECTIVE ORDER

WHEREAS, the plaintiff in the above-captioned action has served discovery requests upon one or more defendants seeking production of documents, data and/or materials referring to documents and data that were obtained from PC Connection, Inc. and/or its wholly-owned subsidiaries (collectively, "PC Connection") by subpoena in the action entitled *In re CRT Antitrust Litigation*, Case No. 07-5944, MDL 1917 (N.D. Cal.) (the "MDL Case"); and,

WHEREAS, the documents, data, and/or materials thus obtained by subpoena from PC Connection were produced by PC Connection in the MDL Case pursuant to a protective order in the MDL Case (Dkt. 306) ("MDL Protective Order") and included documents, data and/or materials which were designated as "Confidential" or "Highly Confidential" within the meaning of the MDL Protective Order; and,

WHEREAS, PC Connection wishes to allow defendants herein to comply with the discovery requests served herein, while at the same time preserving the protection for its sensitive business information which it was afforded by the MDL Protective Order; and,

WHEREAS, the undersigned parties herein wish to allow for discovery of documents, data and/or materials produced by PC Connection in the MDL Case without the need to re-designate such materials.

NOW, THEREFORE, it is hereby stipulated and agreed as follows:

1. All capitalized terms used in the following paragraphs shall have the same meaning as the capitalized terms in the protective order entered in the above-captioned matter on May 28, 2013 ("IL Protective Order").

2. The Parties agree that any documents produced in the above-captioned matter that were given confidentiality designations under the MDL Protective Order and continue to have such designations in the MDL shall be automatically deemed to have the same confidentiality designations under the IL Protective Order, without any further action by the Parties. Documents, data and/or materials produced in the MDL Case need not be redesignated if and when produced in the above-captioned matter, and all such documents, data and/or materials shall be subject to the IL Protective Order based upon their confidentiality designations under the MDL Protective Order.

3. By its counsel's signature below, PC Connection, through counsel, agrees that it will be deemed a "Designating Party," and that it will be available to meet and confer with respect to any challenges to any confidentiality designation, in accordance with Section 6.2 of the IL Protective Order. Such signature and agreement, however, does not constitute an appearance herein; does not make PC Connection a party to this action; and, does not operate as a consent to jurisdiction for any purpose other than the participation in a judicial proceeding pursuant to Section 6 of the said IL Protective Order, if the same shall become necessary, for the purpose of deciding challenges to any designation of documents or data.

4. This Agreement may be executed in counterparts and a facsimile or electronic image signature shall be deemed an original signature for purposes of executing this Agreement.

STIPULATED AND AGREED TO AS OF THIS 27ᵗ DAY OF _July_, 2015
BY AND AMONG:

By: _[signature]_

Blake L. Harrop
Chadwick O. Brooker
Senior Assistant Attorney General
Office of the Attorney General of Illinois
James R. Thompson Center
100 W. Randolph Street, 13th Floor
Chicago, Illinois 60601
Tel: (312) 814-1004
Fax: (312) 814-4209

*Counsel for the State of Illinois*

By: _[signature]_ by (la)

David C. Gustman (ARDC 3124377)
Jeffrey M. Cross (ARDC 0547980)
Tonita M. Helton (ARDC 6275108)
Freeborn & Peters LLP
311 S. Wacker Drive, Suite 300
Chicago, IL 60606
Tel: 312-360-6000
Fax: 312-360-6520
E-mail: dgustman@freebornpeters.com

John M. Taladay (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
BAKER BOTTS LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Counsel for Defendants Philips Electronics North
American Corporation*

By: _____

Duane M. Kelley
James F. Herbison
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Tel: 312-558-5600
Fax: 312-558-5700
Email: dkelley@winston.com
Email: jherbison@winston.com
Firm No. 90875

Jeffrey L. Kessler (admitted *pro hac vice*)
Eva W. Cole (admitted *pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Tel: 212-294-6700
Fax: 212-294-7400
Email: jkessler@winston.com
Email: ewcole@winston.com

David L. Yohai (*pro hac vice* pending)
Adam C. Hemlock (*pro hac vice* pending)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Tel: (212) 310-8000
Fax: (212) 310-8007
Email: david.yohai@weil.com
Email: adam.hemlock@weil.com

***Counsel for Defendants Panasonic Corporation,
Panasonic Corporation of North America and
MT Picture Display Co., Ltd.***

By: _____

David M. Poell
Mikela T. Sutrina
SHEPPARD, MULLIN, RICHTER &
HAMPTON, LLP
Three First National Plaza
70 West Madison Street, 48th Floor
Chicago, Illinois 60602

Tel: 312-499-6300
Fax: 312-499-6301
Email: dpoell@sheppardmullin.com
Email: msutrina@sheppardmullin.com
Firm No.: 49795

Michael W. Scarborough (admitted *pro hac vice*)
Tyler M. Cunningham (admitted *pro hac vice*)
Dylan I. Ballard (admitted *pro hac vice*)
SHEPPARD, MULLIN, RICHTER &
HAMPTON, LLP
4 Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Tel: 415-434-9100
Fax: 415-434-3947
Email: mscarborough@sheppardmullin.com
Email: tcunningham@sheppardmullin.com
Email: dballard@sheppardmullin.com

Leo D. Caseria (admitted *pro hac vice*)
SHEPPARD, MULLIN, RICHTER & HAMPTON,
LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
Phone: (213) 617-4206
Fax: (213) 443-2800
Email: lcaseria@sheppardmullin.com

***Counsel for Defendants Samsung SDI America,
Inc. and Samsung SDI Co. Ltd.***

By:

Nathan P. Eimer
Sarah E. Hargadon
Eimer Stahl LLP
224 South Michigan Avenue
Suite 1100
Chicago, Illinois 60604
312-660-7600
neimer@eimerstahl.com
shargadon@eimerstahl.com
Firm No. 49152

*Counsel for Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc.*

By:    ~~Katherine Warner~~ by

James H. Mutchnik
Katherine Warner
Karl Stampfl
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Phone:  312.862.2000
Fax:  312.862.2200
jmutchnik@kirkland.com
kate.warner@kirkland.com
karl.stampfl@kirkland.com
Firm No. 90443

*Attorneys for Hitachi, Ltd. Hitachi Electronic Devices (USA), Inc.*

By:    ~~Dana Foster~~ by

Daniel Cummings (#90707)
Alan S. Madans
ROTHSCHILD, BARRY & MYERS LLP
150 S. Wacker Drive, Suite 3025
Chicago, IL 60606-4234
Telephone:  (312) 372-2345
Facsimile:  (312) 372-2350
E-mail: cummings@rbmchicago.com
        madans@rbmchicago.com

Christopher M. Curran (*pro hac vice*)
Lucius B. Lau (*pro hac vice*)
Dana E. Foster (*pro hac vice*)
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
E-mail: ccurran@whitecase.com
        alau@whitecase.com
        defoster@whitecase.com

*Counsel to Defendants Toshiba Corporation and*
*Toshiba America Electronic Components, Inc.*

AGREED TO FOR THE LIMITED PURPOSES STATED ABOVE.

PC CONNECTION, INC.

By its attorneys,
DEVINE, MILLIMET & BRANCH, P.A.

By:

Steven E. Grill, Esquire (NH Bar No. 7896)
111 Amherst Street
Manchester, NH 03101
Tel: 603-669-1000
Fax: 603-669-8547
Email: sgrill@devinemillimet.com