# EXHIBIT 1

Timothy R. Hanigan (125791)
LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367
(818) 883-5644
trhanigan@gmail.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | ) Master File No. 3:07-cv-5944-JST ) ) MDL No. 1917 ) |
| _____ | ) |
| **This Document Relates to:** | ) **CLASS ACTION** ) |
| **All Indirect Purchaser Actions** | ) The Honorable Jon S. Tigar ) |
| _____ | ) |

**SEAN HULL'S REPLY TO RESPONSE TO OBJECTION TO CORRECTED SPECIAL MASTER'S REPORT & RECOMMENDATION RE ALLOCATION OF IPP CLASS COUNSEL ATTORNEYS' FEES**

**Introduction**

Objector Sean Hull files this his reply to Lead Class Counsels' response to his objection to the Corrected Special Master's Report & Recommendation re Allocation of IPP Class Counsel Attorneys' Fees.

**I.     Objector Sean Hull Preserved Error by Filing a Timely Objection.**

Lead Class Counsel maintain in their response that Mr. Hull waived his objection to the allocation of attorneys' fees by failing to participate in class counsels' allocation procedure. Not so.

The class notice specifically instructed class members: "you can file an objection with the Court (and mail a copy to the Settlement Administrator) explaining why you disagree with the New Settlements, the plan of distribution, the requested attorneys' fees and litigation expenses, and/or the Class Representative awards." Mr. Hull thereafter filed a timely objection to the settlement and proposed request for attorneys' fees (ECF Doc. 4101), which this Court considered and overruled in its orders granting final approval of indirect purchaser settlements and awarding attorneys' fees. Dkt. 4712, 4740.

Among Mr. Hull's objections, was his challenge to lead class counsels' request to determine how fees should be allocated among the various firms representing the class (ECF Doc. 4101, at 6). Mr. Hull observed that *In re High Sulfur Content Gasoline*

*Products Liability Litigaiton*, 517 F.3d 220, 224-26 (5th Cir. 2008), provides critical guidance on judicial allocation of attorneys' fees between and among class counsel (*Id.*).

There was no requirement in the class notice, or elsewhere, that class members participate in the process for lead counsel allocating attorneys' fees as a condition precedent to objecting to any order approving allocation of the fees. Mr. Hull's objection was directed at *the court's* independent duty under Federal Rule of Civil Procedure 23 to the class and the public to ensure that attorneys' fees are reasonable and divided up fairly among plaintiffs' counsel. *High Sulfur*, 517 F.3d at 227–28; *In re "Agent Orange" Prods. Liab. Litig.*, 818 F.2d 216, 223 (2d Cir. 1987). As Mr. Hull observed, the district court "must not … delegate that duty to the parties." *High Sulfur,* 517 F.3d at 228 (internal quotation omitted).

Regardless of Mr. Hull's failure to participate in the allocation process, he was entitled to urge, as he did, that this Court should not adopt the Special Master's Report, which (apart from relatively minor adjustments) signs off on lead counsel's allocation of $158 million, and departs from the judicial allocation required in *High Sulfur*.

None of the opinions cited by Lead Class Counsel support their waiver argument. The *In re UnitedHealth Group Inc. S'holder Derivative Litig.*, 631 F.3d 913, 917 (8th Cir. 2011) dismissed an appeal from an unnamed class member who filed an

objection 20 days late because "an unnamed class member . . . must file a timely objection pursuant to district court procedure, or else he loses any right he would have otherwise had to appeal a settlement agreement." It is beyond dispute here that Mr. Hull's objection to the settlement and attorneys' fees was timely filed, as was his objection to the corrected special mater's report on allocation of attorneys' fees. *UnitedHealth Group* is no authority for the notion that Mr. Hull was required to participate in the underlying allocation process in order to object to the master's report.

The *Slaven v. American Trading Transp. Co., Inc.*, 146 F.3d 1066, 1069 (9th Cir. 1998) opinion is also inapposite because it involved the express withdrawal of an objection, which amounted to waiver of the argument on appeal. Mr. Hull, in contrast, has not withdrawn any objection. He has consistently maintained his objections to the settlement and fees. Lead Class Counsels' waiver argument must be rejected.

## II. Mr. Hull has Standing to Object to the Allocation of Fees as an Absent Class Member.

It is well settled that class members have standing to object to an award of attorneys' fees in a class action settlement; particularly when, as here, they come from a common fund where every dollar awarded to class counsel is a dollar taken from the class. *Stetson v. Grissom*, 821 F.3d 1157, 1163 (9th Cir. 2016) ("in a class action, an objector need not establish standing to object to an award of attorney's fees by the

district court"); *In re Cendant Corp., Derivative Action Litig.*, 232 F. Supp. 2d 327, 337 (D.N.J. 2002) ("[i]In common fund cases, the fees paid to counsel come directly out of the recovery available to the interested parties, so that every dollar paid to counsel results in one less dollar for the plaintiffs").

Further, the absent class members have a direct interest in how the funds allocated from their common fund are distributed. For example, they may challenge the particularities of a distribution to a *cy pres. See e.g., Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012) ("in addition to asking 'whether the *class settlement,* taken as a whole, is fair, reasonable, and adequate to all concerned,' we must also determine 'whether the *distribution* of the approved class settlement complies with our standards governing *cy pres* awards'") (emphasis original). They also have an interest in ensuring they are adequately represented by counsel. *See e.g., Moreno v. Autozone, Inc.*, C05-04432 MJJ, 2007 WL 4287517, at *7 (N.D. Cal. Dec. 6, 2007) ("where there is reason to doubt the loyalty of counsel or the adequacy of counsel's representation, serious questions arise concerning the preclusive effect of any resulting judgment"). They necessarily have a direct interest in ensuring proper allocation of the amount taken from their common fund for the benefit of their attorneys. Thus, class members have a direct interest in ensuring that those who are not deserving, not be provided a windfall on their behalf; and conversely, that those who provided exceptional representation be compensated accordingly.

Despite Lead Class Counsels' assertion to the contrary, *Knisley v. Network Associates, Inc.*, 312 F.3d 1123, 1126 (9th Cir. 2002) does not cut against Mr. Hull's standing. There, the Ninth Circuit questioned the standing of a class member who *refused to participate* in the settlement but nevertheless challenged attorneys' fees. Because Mr. Hull participated in the settlement, *Knisley* is inapposite. Accordingly, Mr. Hull has standing to assert his objections to the allocation of fees.

### III. The Special Master's Adoption of the Vast Majority of Lead Counsel's Allocation Fund Does Not Fulfill this Court's Independent Judicial Duty to Ensure the Fees are Allocated Fairly.

Notwithstanding Lead Class Counsels' self-serving characterizations to the contrary, undue deference *has* been afforded to them in the report. The Special Master's Report signs off on lead counsel's allocation of $158 million, apart from relatively minor adjustments, and departs from the judicial allocation required in *High Sulfur*.

The gist of Lead Class Counsels' response to the substance of Mr. Hull's objection is (1) Mr. Hull was not involved in the underlying litigation and therefore cannot understand the work that various firms committed, and (2) Mr. Hull has not provided his own proposed allocation. Neither of these arguments provides any reason to overrule Mr. Hull's objections.

*First*, if only those personally involved in the litigation were permitted to object, then virtually no absentee class member would ever be permitted to challenge

attorneys' fees in a class action settlement. Obviously, this is not the standard for analyzing a class member's objection. The report should stand or fall on its own merits, and not on Lead Class Counsels' assurances that they are in the best position to determine who should get what.

*Second*, objecting class members are not charged with coming up with their own proposed settlement or fee allocation. Mr. Hull is free to identify the defects in the present allocation, and urge that the Court not adopt the vast majority of Lead Class Counsels' proposals as did the Special Master. *See High Sulfur*, 517 F.3d at 235 (the inherent conflict in allowing lead class counsel to divide funds "strongly suggests that affording substantial deference is inappropriate").

Otherwise, Lead Class Counsel provide little to no response to the substance of Mr. Hull's objections. As noted, the Master (consistent with lead counsel's proposed allocation) improperly reduced Cooper & Kirkham's multiplier based on, *inter alia*, their objections to the excessive 33% fee request. ECF. No. 479, at 18. This objection benefitted class members, and should not serve as a basis for reducing the firm's multiplier. Lead class counsels' response to Mr. Hull's objection offers no specific response to this argument.

Nor do Lead Class Counsel have any real response to Mr. Hull's criticism of the arbitrary application of multipliers for firms that were added late in the litigation. For example, the second highest multiplier (2.4984) is given to a firm that was not

formally associated with the class action until late in the litigation, made no contributions to the litigation fund, and invested only $556,654 worth of time in the case, all during the last few months before the settlements were announced. (ECF No. 4800, Ex. 1; ECF No. 4821, at 4). Similarly, the recommended multipliers for the other two late-added members of the trial team are 1.7489 and 1.5690, the 8th and 9th highest multipliers. (*Id.*).

There is no indication that these late-added firms brought value to the case above and beyond those firms that provided leadership in organizing and carrying out discovery, contributed to drafting significant motions, worked with experts, and financed the litigation fund. And, the Special Master's consideration of this point demonstrates undue deference to lead counsel's wishes. (ECF Doc. 4971, at 15) ("[w]hile one might quibble with the elevated multipliers that Lead Counsel assigned these firms, the Special Master accepts his judgment since as noted above he is in the best position of all to make that assessment").

Nor does Lead Class Counsel have any real justification, in their response to Mr. Hull's objection, to compensating their own law clerks and paralegals at more than twice the rate of other firms' attorneys (ECF Doc. 5013, at 6). At the very least, this type of allocation should raise an eyebrow and warrant judicial scrutiny. *See High Sulfur,* 517 F.3d at 228 (while "lead counsel may be in a better position . . . to evaluate the contributions of all counsel seeking recovery of fees[,]" the allocation should be

supervised by the court in light of inherent conflicts among the attorneys because "[t]hey make recommendations on their own fees and thus have a financial interest in the outcome. How much deference is due the fox who recommends how to divvy up the chickens?'") (quoting *In re Diet Drugs Prods. Liab. Litig.*, 401 F.3d 143, 173 (3d Cir. 2005)) (Ambro, J., concurring)).

## Conclusion

Mr. Hull thus finds nothing in Lead Class Counsels' response that diminishes his objection in any respect, and reiterates his objections to the Corrected Special Master's Report & Recommendation re Allocation of IPP Class Counsel Attorneys' Fees with even greater confidence.

Dated: December 6, 2016    Respectfully submitted,

*/s/ Timothy R. Hanigan*
Timothy R. Hanigan (125791)
LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367
(818) 883-5644
trhanigan@gmail.com

*Counsel for Objector Sean Hull*

## **PROOF OF SERVICE**

I, Timothy R. Hanigan, hereby certify that on this 6th day of December 2016, I caused the foregoing to be electronically filed using the CM/ECF filing system thus effectuating service of such filing on all ECF registered attorneys in this case.

*/s/ Timothy R. Hanigan*
Timothy R. Hanigan
