JEFFREY L. KESSLER (*pro hac vice*)
E-mail: JKessler@winston.com
A. PAUL VICTOR (*pro hac vice*)
E-mail: PVictor@winston.com
EVA COLE (*pro hac vice*)
E-mail: EWCole@winston.com
MOLLY M. DONOVAN
E-mail: MMDonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700

STEVEN A. REISS (*pro hac vice*)
E-mail: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
E-mail: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
E-mail: adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, MT Picture Display Co., Ltd.*

Additional Moving Parties and Counsel Listed on Signature Pages

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: **CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>All Actions | **Case No. 07-5944-JST**<br><br>**MDL No. 1917**<br><br>**CERTAIN DEFENDANTS' RESPONSE TO STATE OF ILLINOIS'S MOTION TO FILE DOCUMENTS ON THE PUBLIC RECORD**<br><br>Judge:  Hon. Jon S. Tigar<br>Court:  Courtroom 9, 19th Floor<br>Date:  January 5, 2017 |

The State of Illinois ("State") has intervened in this case and now moves for access to hundreds of documents that were filed under seal – mostly motions and briefs related to summary judgment, class certification, motions to dismiss, and motions *in limine*, and exhibits filed thereto – so it can use them to litigate the tag-along CRT action it has brought in Illinois state court. But the State already has most of these materials, as it obtained via Illinois discovery all the documents the Illinois defendants produced in the MDL as well as MDL discovery responses, deposition transcripts, and expert reports – and it may access the public, redacted versions of motions and briefs filed under seal. Now, the State also seeks the complete legal arguments contained in the briefs filed under seal. After having its first attempt to obtain all sealed MDL filings rejected by the Illinois court due to the burden it would have imposed on the defendants in that case, the State now seeks to impose an additional burden on <u>all</u> MDL parties by requiring them to re-review and re-file publicly the voluminous materials it wishes to access on the already lengthy and convoluted docket.

But there is a simple and efficient solution to the State's demand – one that would avoid the significant burden the State would impose on the parties to the MDL. The State should be permitted to intervene in this MDL for the purpose of being subject to the Protective Order entered in this case on June 18, 2008, Dkt. No. 306 ("MDL Protective Order"), which would allow the parties submitting this Response to provide the State the sealed filings it seeks. This would give the State the documents it desires, would save the MDL parties from undertaking the heavy and completely unnecessary burden of reviewing hundreds of documents that have been sealed over the course of this case for the purpose of determining which portions of them could be refiled publicly, and would spare the Court from considering and ruling on any disputes arising from what remained redacted in the MDL parties' filings.

CERTAIN DEFENDANTS' RESPONSE TO STATE OF ILLINOIS'S                    Case No. 07-5944
MOTION TO FILE DOCUMENTS ON THE PUBLIC RECORD                         MDL NO. 1917

### BACKGROUND

The motion pending before this Court is not the State's first attempt to obtain documents filed under seal in the MDL.  Since 2012, the State has been litigating a tag-along CRT action in Illinois state court on behalf of itself and Illinois consumers alleging the same price-fixing conspiracy claimed in this MDL.[1]  *See* Dkt. No. 5063-6 (State's Amended Complaint).  During discovery in the Illinois case, the State requested that the Illinois defendants produce unredacted copies of all filings made under seal in this MDL and was unwilling to identify for defendants any subset of the MDL filings that the State believed directly relevant to its Illinois claims.  The Illinois defendants objected to the State's overbroad request based on the significant burden of reviewing thousands of sealed documents and notifying the appropriate parties of the disclosure to the State, as required by the MDL Protective Order.  *See* Declaration of Eva W. Cole ("Cole Decl."), Ex. A, Opp. to State's Motion to Compel.  The Illinois defendants suggested that the State instead intervene in the MDL for the purpose of joining the MDL Protective Order and thereby gain access to sealed documents.  *Id.* at 6.  But the State refused any compromise and moved to compel the production of all sealed MDL filings.

The Illinois court denied the State's motion.  It agreed that the burden imposed by the State's request far outweighed any potential benefit, stating that the State "simply want[ed] the easiest, simplest way to get everything whether, frankly, as far as I can see, it actually fits their case or not."  Cole Decl., Ex. B, May 11, 2016 Hearing Transcript, *State of Illinois v. Hitachi, Ltd. et al*, No. 2012 CH 35266 at 38.

Denied by the Illinois court, the State has come to this Court for a second bite at the apple.  But instead of simply requesting access to the filings it does not have, the State now asks the

---

[1] The defendants that were named in the Illinois action are a subset of the defendants in the federal MDL, namely certain Panasonic, Philips, LG, Hitachi, Toshiba, and SDI entities.  *See* Dkt. No. 5063-6.

CERTAIN DEFENDANTS' RESPONSE TO STATE OF ILLINOIS'S                                    Case No. 07-5944
MOTION TO FILE DOCUMENTS ON THE PUBLIC RECORD                              MDL NO. 1917

Court to require all MDL parties to re-review "about 180 document entries" – which consist of voluminous pleadings, motions, briefs, and the hundreds of exhibits attached to them – that were placed under seal throughout the course of this case.  State's Motion, Dkt. No. 5063, at 20.  Under the State's proffered procedure, the MDL parties would then redact and re-file those hundreds of documents on the docket, leaving this Court to resolve any disputes regarding what remained redacted.

## ARGUMENT

**I.    There is a simple, efficient solution to allow the State to obtain documents filed under seal – that the State become subject to the MDL Protective Order.**

Despite the State's rhetoric about protecting public access to court proceedings, *see* State's Motion, Dkt. No. 5063, at 9-10, what the State really wants is apparent – access to the sealed MDL briefs to build its tag-along case in Illinois state court.  Regardless of the reason behind its request, however, there is a simple way to accomplish the State's desire – the State should be brought under the MDL Protective Order so it may have access to any material filed under seal in the MDL.  Further, providing the State access to the sealed materials would allow the State to more narrowly tailor any subsequent requests to file any materials publically.

First, the context of the Illinois case lays bare the impetus for the State's request here.  The State seeks access to documents filed under seal in this case so it can piggyback on the legal arguments made in the MDL.  Specifically, the State requests public access to over a hundred filings relating to summary judgment, class certification, motions to dismiss, and motions *in limine* – as well as hundreds of sealed exhibits to those filings, most if not all of which it already has by way of Illinois discovery.  The State admits its action in the Illinois state court seeks to recover damages for "the same conduct" alleged here.  State's Motion, Dkt. No. 5063, at 9; *see also* Dkt. No. 5063-6 (State's Amended Complaint).  And the State already has obtained all the documents the Illinois defendants produced in the MDL – whether filed under seal or not – as

CERTAIN DEFENDANTS' RESPONSE TO STATE OF ILLINOIS'S                                    Case No. 07-5944
MOTION TO FILE DOCUMENTS ON THE PUBLIC RECORD                                MDL NO. 1917

well as MDL discovery responses, deposition transcripts, and expert reports through discovery in the Illinois action. *See* Dkt. No. 5063-9 (Illinois defendants' production letters to the State enclosing MDL materials). It also has access to the public, redacted versions of the motions and briefs filed under seal. But the State also seeks access to the complete legal arguments contained in the briefs filed under seal. The Illinois court has criticized the State for its attempts to ride on the coattails of the MDL, explaining that "the State of Illinois has decided to bring this lawsuit, tagging along with another case, and rather than marshalling the resources that it needs to prosecute its case, it's waiting in the wings until somebody moves in the MDL." Cole Decl., Ex. C, Mar. 10, 2016 Hearing Transcript, *State of Illinois v. Hitachi, Ltd. et al*, No. 2012 CH 35266 at 13. And the Illinois court has already denied the State's attempt in the Illinois court to obtain MDL sealed filings as overly broad and burdensome. *See* Cole Decl. Ex. B.

Second, this background shows how the State's request for the Court to order the MDL parties to publicly file document entries currently under seal is entirely unnecessary for it to obtain the documents it desires. Indeed, there is a common-sense solution to the State's issue – a solution that was already proposed by the defendants in the Illinois action but rejected by the State. *See* Cole Decl. Ex. A at 6. The State should be permitted to intervene in this MDL for the purpose of being subject to the MDL Protective Order. Then the parties submitting this Response would be willing to provide the State with all of documents filed under seal sought by the State that they have in their possession.

**II. The Defendants' solution avoids the unnecessary and significant burden imposed by the State's proposal.**

Becoming subject to the MDL Protective Order would allow the State to receive unredacted copies of documents filed under seal without needless additional work and expense. But instead of efficiently accessing the documents it has repeatedly tried to obtain by becoming subject to the MDL Protective Order, the State attempts to impose a wholly unnecessary burden

4

1    on the parties to the MDL and, potentially, the Court.

2         The State asks the Court to order the MDL parties to refile publicly hundreds of

3    documents that were filed under seal throughout the course of this case, after reviewing the

4    documents and redacting any private information such as social security numbers or home

5    addresses.   State's Motion, Dkt. No. 5063, at 20.   The State claims that there are "about 180

6    document entries" that require review.   *Id*.   This on its own would constitute an overly

7    burdensome review, but the State vastly understates the scope of the review that would be needed.

8    Many of these "document entries" include motions or briefs plus exhibits – sometimes dozens of

9    exhibits in a single entry and at least one filing with over one hundred exhibits – that all would

10   require review under the State's proposal.   *See* Dkt. No. 5063-4.

11        Though framed as a motion to file documents on the public record, the State's request is

12   simply the latest attempt in a long string of discovery efforts seeking to obtain these materials.

13   Tellingly, the State's motion only comes after the Illinois state court denied the State's attempts to

14   discover such materials.   Thus, the State would require the MDL parties to review hundreds of

15   documents filed under seal throughout the course of this litigation – as well as the underlying

16   exhibits, virtually all of which are part of the MDL materials the State received in Illinois

17   discovery – when no such review is required for the State to obtain what it wants.   Requests like

18   this that introduce increased burdens and costs without any corresponding benefit are "precisely

19   the kind of disproportionate discovery that Rule 26—old or new—was intended to preclude."

20   *Gilead Sciences, Inc. v. Merck & Co., Inc.*, Case No. 5:13-cv-04057-BLF, 2016 WL 146574, at

21   *1-2 (N.D. Cal. Jan. 13, 2016) (noting "the wisdom of the Advisory Committee on Civil Rules in

22   elevating proportionality in defining the scope of permissible discovery"); *see also In re Ex parte*

23   *Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1045 (N.D. Cal. 2016) (finding request

24   involving confidential documents subject to protective orders unduly burdensome because it

CERTAIN DEFENDANTS' RESPONSE TO STATE OF ILLINOIS'S          Case No. 07-5944
MOTION TO FILE DOCUMENTS ON THE PUBLIC RECORD               MDL NO. 1917

"would require significantly time-consuming measures to comply with the redaction protocols and protective orders in place").

Further, for the same reasons, even if the Court were to determine that it is appropriate for certain documents currently under seal to become public, the determination of which specific documents to unseal should be made on a document-by-document basis rather than in the wholesale, hurried manner the State suggests.  In fact, when addressing a similar request by the State of California for documents to be filed publicly, the Court recognized the need to analyze the materials on a document-by-document basis by directing the inquiry of "which (if any) of the . . . records ought to be unsealed" to the Special Master.  *See* Order, Dkt. No. 4060, at 2. Indeed, the Defendants would need additional time to adequately review this large volume of documents to determine which documents should remain under seal because of the confidential information they contain – from documents produced by the MDL defendants, plaintiffs and third parties.  While the State's approach has rendered unreasonably burdensome Defendants' ability to conduct a thorough review of the hundreds of documents at issue, it is undisputed that some of the documents currently under seal (e.g., documents that contain confidential information pertaining to ongoing business matters)[2] warrant continued protection.   The identification of these documents demonstrates the reasonableness of Defendants' request and the need to consider the documents at issue individually.

## CONCLUSION

For the foregoing reasons, the Court should deny the State of Illinois' Motion to File

---

[2] *See* Exhibit 8 to the Declaration of Debra D. Bernstein in Support of Dell's Opposition to Defendants' Motion for Summary Judgment with Respect to Dell's Foreign Purchases under the FTAIA ("Bernstein Decl."), Dkt. No. 3234 (containing a Master Purchase Agreement between Dell Products L.P. and U.S. Philips Corporation that is still operative for non CRT products);  Ex. 25 to Bernstein Decl., Dkt. No. 3234 (containing a Strategic Alliance Agreement between Dell Products L.P. and  Koninklijke Philips N.V. that is still operative for non CRT business between the two companies).

1   Documents on the Public Record.  Instead, the State of Illinois should be granted permission to

2   access documents filed under seal by becoming a party to the Protective Order entered in this

3   case.

4

5   DATED: December 12, 2016                        WINSTON & STRAWN LLP

6

7                                                   By:    /s/ Jeffrey L. Kessler
                                                    JEFFREY L. KESSLER (pro hac vice)
8                                                   Email: JKessler@winston.com
                                                    ALDO A. BADINI (SBN 257086)
9                                                   Email: ABadini@winston.com
                                                    EVA W. COLE (pro hac vice)
10                                                  Email: EWCole@winston.com
                                                    MOLLY M. DONOVAN
11                                                  Email: MMDonovan@winston.com
                                                    **WINSTON & STRAWN LLP**
12                                                  200 Park Avenue
                                                    New York, NY 10166
13                                                  Telephone: (212) 294-6700
                                                    Facsimile: (212) 294-4700
14
                                                    STEVEN A. REISS (pro hac vice)
15                                                  Email: steven.reiss@weil.com
                                                    DAVID L. YOHAI (pro hac vice)
16                                                  Email: david.yohai@weil.com
                                                    ADAM C. HEMLOCK (pro hac vice)
17                                                  Email: adam.hemlock@weil.com
                                                    **WEIL, GOTSHAL & MANGES LLP**
18                                                  767 Fifth Avenue
                                                    New York, NY 10153-0119
19                                                  Telephone: (212) 310-8000
                                                    Facsimile: (212) 310-8007
20
                                                    *Attorneys for Defendants Panasonic Corporation*
21                                                  *(f/k/a Matsushita Electric Industrial Co., Ltd.),*
                                                    *Panasonic Corporation of North America, MT*
22                                                  *Picture Display Co., Ltd.*

23                                                  WHITE & CASE LLP

24                                                  By:    /s/ Dana E. Foster
                                                    CHRISTOPHER M. CURRAN (pro hac vice)
25                                                  Email: ccurran@whitecase.com
                                                    LUCIUS B. LAU (pro hac vice)
26                                                  Email: alau@whitecase.com
                                                    DANA E. FOSTER (pro hac vice)
27                                                  Email: defoster@whitecase.com
                                                    **WHITE & CASE LLP**
28                                                  701 Thirteenth Street, N.W.
                                                    Washington, DC 20005

Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation,
Toshiba America, Inc., Toshiba America Information
Systems, Inc., Toshiba America Consumer Products,
L.L.C., and Toshiba America Electronic
Components, Inc.*

KIRKLAND & ELLIS LLP

By: _____*/s/ Eliot A. Adelson*_____
ELIOT A. ADELSON (SBN 205284)
Email: eadelson@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1413
Facsimile: (415) 439-1500

JAMES H. MUTCHNIK, P.C. (*pro hac vice*)
KATE WARNER (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Tel: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Defendants Hitachi, Ltd., Hitachi
Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi
Asia, Ltd., Hitachi America, Ltd., and Hitachi
Electronic Devices (USA), Inc.*

SHEPPARD MULLIN RICHTER & HAMPTON

By: _____*/s/ Michael W. Scarborough*_____
GARY L. HALLING (SBN 66087)
Email: ghalling@sheppardmullin.com
JAMES L. MCGINNIS (SBN 95788)
Email: jmcginnis@sheppardmullin.com
MICHAEL W. SCARBOROUGH (SBN 203524)
Email: mscarborough@sheppardmullin.com
**SHEPPARD MULLIN RICHTER & HAMPTON**
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

*Attorneys for Defendants Samsung SDI America,
Inc., Samsung SDI Co., Ltd.; Samsung SDI
(Malaysia) SDN. BHD.; Samsung SDI Mexico S.A.
DE C.V., Samsung SDI Brasil Ltda.; Shenzen
Samsung SDI Co., Ltd. and Tianjin Samsung SDI
Co., Ltd.*

8

BAKER BOTTS LLP

By: ___*/s/ Erik T. Koons*___
John M. Taladay (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Tiffany B. Gelott (*pro hac vice*)
**BAKER BOTTS LLP**
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: tiffany.gelott@bakerbotts.com

*Counsel for Defendants Koninklijke Philips, N.V.,*
*Philips Electronics North America Corporation,*
*Philips Taiwan Limited, and Philips do Brasil, Ltda.*

FAEGRE BAKER DANIELS LLP

By: ___*/s/ Jeffrey S. Roberts*___
KATHY L. OSBORN (*pro hac vice*)
Email: kathy.osborn@FaegreBD.com
RYAN M. HURLEY (*pro hac vice*)
Email: ryan.hurley@FaegreBD.com
**FAEGRE BAKER DANIELS LLP**
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000

JEFFREY S. ROBERTS (*pro hac vice*)
Email: jeff.roberts@FaegreBD.com
**FAEGRE BAKER DANIELS LLP**
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

STEPHEN M. JUDGE (*pro hac vice*)
Email: steve.judge@FaegreBd.com
**FAEGRE BAKER DANIELS LLP**
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: (574) 234-4149
Facsimile: (574) 239-1900

*Attorneys for Defendants Thomson SA and Thomson*

9

1    *Consumer Electronics, Inc.*

2    JENNER & BLOCK LLP

3    By: */s/ Michael T. Brody*

4    Terrence J. Truax (*pro hac vice*)
     ttruax@jenner.com
5    Charles B. Sklarsky (*pro hac vice*)
     csklarsky@jenner.com
6    Michael T. Brody (*pro hac vice*)
     mbrody@jenner.com
7    Gabriel A. Fuentes (*pro hac vice*)
     gfuentes@jenner.com
8    **JENNER & BLOCK LLP**
     353 North Clark Street
9    Chicago, Illinois 60654-3456
     Telephone: (312) 222-9350
10   Facsimile: (312) 527-0484

11   Brent Caslin (Cal. Bar. No. 198682)
     bcaslin@jenner.com
12   **JENNER & BLOCK LLP**
     633 West Fifth Street, Suite 3600
13   Los Angeles, California 90071
     Telephone: (213) 239-5100
14   Facsimile: (213) 239-5199

15   Harold A. Barza (Cal. Bar. No. 80888)
     halbarza@quinnemanuel.com
16   Kevin Y. Teruya (Cal. Bar. No. 235916)
     kevinteruya@quinnemanuel.com
17   **QUINN EMANUEL URQUHART
     & SULLIVAN, LLP**
18   865 South Figueroa Street, 10th Floor
     Los Angeles, California 90017-2543
19   Telephone: (213) 443 3000
     Facsimile: (213) 443 3100
20
     Ryan S. Goldstein (Cal. Bar No. 208444)
21   ryangoldstein@quinnemanuel.com
     **QUINN EMANUEL URQUHART
22   & SULLIVAN, LLP**
     NBF Hibiya Building, 25F
23   1-1-7, Uchisaiwai-cho, Chiyoda-ku
     Tokyo 100-0011, Japan
24   Telephone: +81 3 5510 1711
     Facsimile: +81 3 5510 1712
25
     *Attorneys for Defendants*
26   *Mitsubishi Electric Corporation, Mitsubishi
     Electric US, Inc., and Mitsubishi Electric Visual*
27   *Solutions America, Inc.*

28

                              10

1    Pursuant to Local Rule 5-1(i)(3), the filer attests that concurrence in the filing of this

2    document has been obtained from each of the above signatories.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTAIN DEFENDANTS' RESPONSE TO STATE OF ILLINOIS'S                    Case No. 07-5944
MOTION TO FILE DOCUMENTS ON THE PUBLIC RECORD                         MDL NO. 1917