EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| THE STATE OF ILLINOIS, <br> by its Attorney General, Lisa Madigan <br><br> Plaintiff, <br><br> vs. <br><br> HITACHI LTD., <br> HITACHI DISPLAYS, LTD., <br> HITACHI ELECTRONIC DEVICES (USA) INC., <br> LG ELECTRONICS, INC., <br> LG ELECTRONICS USA., INC. <br> LG ELECTRONICS TAIWAN TAIPEI CO., LTD., <br> PANASONIC CORPORATION, <br> PANASONIC CORP. OF NORTH AMERICA, <br> MT PICTURE DISPLAY, CO., LTD., <br> KONINKLIJKE PHILIPS ELECTRONICS N.V. <br> PHILIPS ELECTRONICS NORTH AMERICA CORP. <br> PHILIPS ELECTRONICS INDUSTRIES (TAIWAN), LTD. <br> SAMSUNG ELECTRONICS CO., LTD. <br> SAMSUNG ELECTRONICS AMERICA, INC., <br> SAMSUNG DISPLAY DEVICE CO., LTD, <br> SAMSUNG SDI AMERICA, INC, <br> TOSHIBA CORPORATION <br> TOSHIBA AMERICA. INC. <br> TOSHIBA AMERICA INFORMATION SYSTEMS INC. <br> TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC., <br><br> Defendants. | Case No. 12-CH-35266 <br><br> Honorable Rita M. Novak |

**Memorandum of Defendants In Opposition To The State's Motion To Compel Defendants To Produce Sealed Briefs Filed In The MDL Case**

**Introduction**

  This Court should deny the State of Illinois' ("the State") motion to compel Defendants to produce unredacted copies of all filings under seal in the federal MDL action because the State's document request is overbroad, unreasonable and in many instances irrelevant. Because the State has refused to limit the number and scope of the unredacted filings it seeks, the State's

request places an unfair burden on Defendants due to Defendants' third party confidentiality obligations. This burden on Defendants outweighs the slight benefit to the State.

The State already has in its possession unredacted copies of all of Defendants' documents that were produced in the MDL action, whether initially submitted under seal or not. In addition, it has all of Defendants' discovery responses and all deposition transcripts from the MDL action. Therefore, any benefit to the State in obtaining third-party documents is minimal at best. In contrast, compliance with the State's request poses a significant burden on Defendants because they will have to review over 41,000 protected references within the redacted or sealed documents to identify third-party confidential information and then notify the appropriate third-party that their information may be produced in the Illinois action without the protections afforded them in the MDL action.

The State's overbroad request is merely an attempt to gain access to third-party documents – many of which may be irrelevant to this action -- and the MDL parties' legal arguments so that the State can improperly ride on the coattails of the MDL once again. As the Court said at the brief scheduling hearing on March 10, 2016:

> "[T]he State of Illinois has decided to bring this lawsuit, tagging along with another case, and rather than marshalling the resources that it needs to prosecute its case, it's waiting in the wings until somebody moves in the MDL. This was the State's decision to proceed. You're going to be held to the discovery standards that everyone else is here."[1]

The Court, therefore, should deny the State's request in its entirety or order the State to intervene in the MDL action to become subject to the Protective Order entered there. Intervening in the MDL action would entitle the State to receive unredacted copies of the MDL

---

[1] March 10, 2016 Hearing Transcript, *The State of Illinois v. Hitachi, Ltd. et al*, No. 2012 CH 35266 (9:12-20).

filings and place the burden to notify third-parties that the State may use one of their documents in this case where it belongs — on the State.  Such notice would permit these third-parties the opportunity to come before this Court to argue that their documents should continue under seal as contemplated by the MDL Protective Order.

<strong>Argument</strong>

## I.     The Burden On Defendants Outweighs The Slight Benefit To The State.

The issue before this Court is simple. Does the burden on Defendants to produce unredacted copies of the hundreds of MDL filings outweigh the likely benefits to the State? This weighing of the benefits versus the costs, of course, is an element that the Court may consider in ruling on a discovery motion pursuant to Illinois Supreme Court Rule 201(c)(3). This Rule states in relevant part:

> [T]he court may determine whether the likely burden or expense of the proposed discovery, including electronically stored information, outweighs the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation, and the importance of the requested discovery in resolving the issues.

The key burden for the Court to consider is Defendants' obligation to the approximately thirty third-parties that have produced documents in the MDL action. Defendants in the MDL action, of course, are bound by the Protective Order entered by that court. That Protective Order requires Defendants to notify these third-parties that documents that they have designated as "Confidential" or "Highly Confidential" may have to be produced in this case. These third-parties then have the option to come before this Court to argue that their documents should continue to be protected under seal.[2]

---

[2] Stipulated Protective Order (Docket No. 306) in *In re Cathode Ray Tube (CRT) Antitrust Litigation* (M-07-5944-SC, MDL 1917, N.D. Calif filed June 18, 2006) at ¶ 8. A copy of this Protective Order was attached to The State's Memorandum here as Exhibit 10.

Defendants here could simply notify all thirty MDL third-parties that some of their confidential documents could be produced as part of the State's request for all unredacted MDL filings in this case. However, it is likely that this course of action could unduly burden this Court with the potential appearance of thirty companies, arguing that they need more specifics as to what information or documents will become publicly available. At some point, someone, therefore, will have to identify all of the filings that were redacted or filed under seal.

In this regard, it should be very clear what the State is **not** seeking by demanding unredacted copies of the MDL filings under seal. The State is not seeking Defendants' documents. The State has received approximately 4.9 million documents from Defendants that were produced in the MDL action. These documents, of course, are unredacted. The State, therefore, has every document evidencing what Defendants did or did not do in regard to the allegations in the State's Amended Complaint.  By using Defendants' own documents, the State can completely respond to any affirmative defenses raised by Defendants here.

Instead, what the State is seeking are the MDL parties' legal arguments and documents or deposition testimony from third-parties that may be referenced in the briefs and exhibits filed under seal. Exhibit 7 attached to the State's motion is a perfect example. This brief involves a motion for summary judgment brought by certain defendants in the indirect purchaser actions before the MDL court alleging that the plaintiffs there do not have standing for their respective state-law claims under the Federal Trade Antitrust Improvements Act. Significantly, this brief involves states other than Illinois. The conduct of third-parties in these other states is not likely to have a great deal of benefit to the State here.

In order to fulfill their obligations under the Protective Order entered into the MDL action, Defendants would have to review all of the redacted citations and exhibits in the hundreds

of documents filed under seal to determine whether those citations and exhibits implicate a third-party that must be notified and given an opportunity to come into this Court. There are approximately 4,500 entries in the MDL docket. That docket indicates that they were 199 motions to file briefs and other materials under seal. Of these 199 motions, 197 were granted. Many of these motions, however, involved multiple documents to be filed under seal. In that regard, it is estimated that there are 2,284 briefs and exhibits filed under seal in the MDL action. If the brief that is Exhibit 7 to the State's motion is any indication of the number of redactions or references to protected information, there are 18 redactions.  Assuming that every document has at least 18 redactions or references to protected information (and there are likely to be in fact many more for each brief) that means that Defendants would have to examine 41,112 protected statements in the briefs as well as exhibits to identify the third-parties' confidential information. Defendants would then have to notify the appropriate third party that the information may be produced in the Illinois action without the protections afforded the third-parties by the Protective Order in the MDL action.[3]

Defendants have asked the State to try to narrow the number of briefs that it is interested in so that Defendants would have a more manageable task.  Indeed, one of the cases cited by the State in its Memorandum, *Apple, Inc. v. Samsung Electronics Co*, slip op., No. 12-cv-630-LHK, 2013 WL 3246094 at *22 (N.D. Calif. June 26, 2013), supports the argument that the State should have to identify a narrower list than all of the MDL filings under seal.  This is especially the case when it is clear that not all the materials that the State seeks are either relevant or will have a substantial benefit to the State. For example, the Indirect Purchaser Plaintiff case in the MDL proceeding involves twenty-two states – but not Illinois. The relevance or benefit to the

---

[3] In regard to the foregoing estimated redactions, see the Declaration of Jeffery M. Cross Supporting Defendants' Opposition attached hereto as Exhibit A.

State here regarding third-party exhibits or depositions related to those twenty-two states is slight at best.[4]

## II.   The State Can Intervene And Get Access To The Unredacted Filings On Its Own.

Moreover, there is a simple solution that would not cause Defendants to do unnecessary additional work.  The State can intervene in the MDL for the purpose of becoming subject to the MDL Protective Order.  Intervening in this way in the MDL action would entitle the State to receive unredacted copies of the MDL filings and place the burden on the State to notify the third-parties that the State may use one or more of the notified third-party's documents in this case.  The burden to make such notifications clearly belongs to the State who can make a judgment as to what it wants to use, narrowing the number of third-parties that seek protections from this Court as well as the number of documents that this Court will have to consider in that regard.

Significantly, the State has already intervened once in the MDL action for limited purposes. It could do so again but this time to become subject to the MDL Protective Order. The Attorney General for the State of California has intervened in the federal MDL action and receives all of the unredacted filings.

If the State intervenes in the MDL action for the purpose of becoming subject to the MDL Protective Order, Defendants here would be willing to provide it with all of the redacted filings in unredacted form that Defendants have within their possession. The State could then review these briefs and exhibits itself and determine which documents it actually needs to litigate its case. The State would then notify a more limited group of third-parties regarding the potential disclosure of their documents and provide these third-parties with the specifics as to what the

---

[4] A copy of this decision was attached to The State's Memorandum here as Exhibit 5.

6

State intends to disclose. Furthermore, the State could enter into negotiations directly with these third-parties regarding the disclosure. Following such a procedure, the burden on the Court here would also be greatly reduced because a smaller group of third-parties would then come before the Court to argue for continued protections.

### Conclusion

When the benefits to the State are weighed against the costs to Defendants, this Court must deny the State's motion to compel Defendants to produce all of the sealed filings in the MDL. As an alternative, this Court should put the burden on the State to intervene in the MDL case to be covered by the MDL Protective Order. This alternative procedure would allow the State to have access to all of the unredacted filings under seal and make a judgment for itself as to what third-party evidence it wishes to pursue.

Dated: March 21, 2016

Respectfully submitted,

By: _____

David C. Gustman (ARDC 3124377)
Jeffery M. Cross (ARDC 0547980)
Tonita M. Helton (ARDC 6275108)
Freeborn & Peters LLP
311 S. Wacker Drive, Suite 3000
Chicago, IL 60606
Tel: 312-360-6000
Fax: 312-360-6571
E-mail: dgustman@freeborn.com
E-mail: jcross@freeborn.com
E-mail: thelton@freeborn.com

John M. Taladay (pro hac vice)
Erik Koons (pro hac vice)
BAKER BOTTS LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400
202.639.7700

202.639.7890 (fax)
e-mail: john.taladay@bakerbotts.com
        erik.koons@bakerbotts.com

***Counsel for Defendants Koninklijke Philips
N.V. and Philips Electronics North America
Corporation***


By: _James F. Herbison/jmc_____
Duane M. Kelley
James F. Herbison
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Tel: 312-558-5600
Fax: 3112-558-5700
Email: dkelley@winston.com
Email: jherbison@winston.com
Firm No. 90875

Jeffrey L. Kessler (*pro hac vice*)
Eva W. Cole (*pro hac vice*)
Molly M. Donovan (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Tel: 212-294-6700
Fax: 212-294-7400
Email: jkessler@winston.com
Email: ewcole@winston.com
Email: mmdonovan@winston.com

Steven A. Reiss (*pro hac vice*)
David L. Yohai (*pro hac vice*)
Adam C. Hemlock (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Tel: (212) 310-8000
Fax: (212) 310-8007
Email: steven.reiss@weil.com
Email: david.yohai@weil.com
Email: adam.hemlock@weil.com

***Counsel for Defendants Panasonic
Corporation, Panasonic Corporation
of North America and MT Picture Display
Co., Ltd.***

By: _Dav.d M. Simm/ fme_

Nathan P. Eimer
David M. Simon
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Telephone: (312) 660-7676
Facsimile: (312) 692-1718
Email: neimer@eimerstahl.com
Email:    dsimon@eimerstahl.com

Miriam Kim
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh
Floor
San Francisco, CA 94105
Tel: 415-512-4000
Fax: 415-512-4077
Email:       Miriam.kim@mto.com


Jessica Barclay-Strobel
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
Tel: 213-683-9100
Fax: 213-687-3702
Email:    Jessica.barclay-
strobel@mto.com


**Counsel for Defendants LG**
**Electronics, Inc. and LG Electronics**
**U.S.A., Inc.**

By: _Karl Stampfl /dmc_

Kate Wheaton
Karl Stampfl
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Tel:  (312) 862-7454
Fax:  (312) 862-2200
Email:    jmutchnik@kirkland.com
     kate.wheaton@kirkland.com
     karl.stampfl@kirkland.com


*Counsel for Defendants Hitachi, Ltd.
and Hitachi Electronic Devices (USA),
Inc.*


By: _Daniel Cummings /dmc_

Daniel Cummings
Alan Madans
150 South Wacker Drive
Suite 3025
Chicago, IL 60606
Telephone:  (312) 372-2345
Fax: 312-372-2350
E-mail:  cummings@rbmchicago.com
          madans@rbmchicago.com

Christopher M. Curran
George L. Paul
Lucius B. Lau
Dana E. Foster
White & Case
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Email: ccurran@whitecase.com
gpaul@whitecase.com
alau@whitecase.com
defoster@whitecase.com


*Counsel for Toshiba Corporation and
Toshiba America Electronics
Components, Inc.*

By: *Mikela T. Sutrina //muc*
Mikela T. Sutrina
David M. Poell
SHEPPARD, MULLIN, RICHTER &
HAMPTON, LLP
Three First Madison Plaza
70 West Madison Street, 48th Floor
Chicago, Illinois 60602
Phone: (312) 499-6300
Fax: (312) 499-6301
Email: msutrina@sheppardmullin.com
Email: dpoell@sheppardmullin.com
Firm No.: 49795

Michael Scarborough (admitted *pro hac
vice*)
Tyler M. Cunningham (admitted *pro hac
vice*)
Dylan I. Ballard (admitted pro hac vice)
Sheppard Mullin Richter & Hampton LLP
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111
Phone:  (415) 434-9100
Fax: (415) 434-3947
Email: mscarborough@sheppardmullin.com
Email:tcunningham@sheppardmullin.com
Email: dballard@sheppardmullin.com

Leo D. Caseria (admitted *pro hac vice*)
SHEPPARD, MULLIN, RICHTER &
HAMPTON, LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
Phone: (213) 617-4206
Fax: (213) 443-2800
Email: lcaseria@sheppardmullin.com

***Counsel for Samsung SDI America, Inc.
and Samsung SDI Co. Ltd.***

Exhibit A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

THE STATE OF ILLINOIS,
by its Attorney General, Lisa Madigan                          )
                                                               )
                                                               )
                                          Plaintiff,           )
                                                               )       Case No.  12-CH-35266
vs.                                                            )
                                                               )       Honorable Rita M. Novak
HITACHI LTD.,                                                  )
HITACHI DISPLAYS, LTD.,                                        )
HITACHI ELECTRONIC DEVICES (USA) INC.,                         )
LG ELECTRONICS, INC.,                                          )
LG ELECTRONICS USA., INC.                                      )
LG ELECTRONICS TAIWAN TAIPEI CO., LTD.,                        )
PANASONIC CORPORATION,                                         )
PANASONIC CORP. OF NORTH AMERICA,                              )
MT PICTURE DISPLAY, CO., LTD.,                                 )
KONINKLIJKE PHILIPS ELECTRONICS N.V.                           )
PHILIPS ELECTRONICS NORTH AMERICA CORP.                        )
PHILIPS ELECTRONICS INDUSTRIES (TAIWAN), LTD.                  )
SAMSUNG ELECTRONICS CO., LTD.                                  )
SAMSUNG ELECTRONICS AMERICA, INC.,                             )
SAMSUNG DISPLAY DEVICE CO., LTD,                               )
SAMSUNG SDI AMERICA, INC,                                      )
TOSHIBA CORPORATION                                            )
TOSHIBA AMERICA. INC.                                          )
TOSHIBA AMERICA INFORMATION SYSTEMS INC.                       )
TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.,                   )
                                                               )
                                          Defendants.          )
                                                               )
                                                               )

**Declaration Of Jeffery M. Cross In Support Of Defendants' Opposition
To The State's Motion To Compel**

I, Jeffery M. Cross, do declare and aver as follows:

1.      I am a partner in the law firm of Freeborn & Peters LLP and one of the counsel

for Defendants Koninklijke Philips N.V. ("KPNV") and Philips Electronics North America

Corporation ("PENAC").

2.      I submit this declaration in support of the Memorandum Of Defendants In Opposition To The State's Motion To Compel Defendants To Produce Sealed Briefs Filed In The MDL Case.

3.      I caused Mr. Boris Espinoza, a paralegal at the firm of Baker Botts LLP, also counsel for Defendants KPNV and PENAC, to undertake an analysis of the docket in *In re Cathode Ray Tube (CRT) Antitrust Litigation* (3:07-cv-05944-JST), MDL 1917, N.D. Cal. (hereinafter "MDL action").

4.      The purpose of Mr. Espinoza's analysis of the docket in the MDL action was to make an estimate of the number of motions granted to file documents under seal as well as the number of briefs and exhibits encompassed by those motions.

5.      Mr. Espinoza reported to me that he was able to identify 199 motions entered in the docket to the MDL action that were submitted to the court seeking to have materials filed under seal. He reported that 197 of those motions were granted by the court.

6.      Mr. Espinoza also reported to me that, by examining those motions, he was able to estimate that 2,284 briefs and exhibits were filed under seal.

7.      The State of Illinois ("the State") in the instant action attached one of the briefs in the MDL action that was filed under seal as Exhibit 7 to the State's motion to compel. That brief contained 18 redacted citations.

8.      Assuming that every document filed under seal has at least 18 redactions or references to protected information, I calculated that there would be approximately 41,112 protected statements in the briefs as well as exhibits that Defendants would have to examine to respond to the State's request.

Under penalties provided by law pursuant to 735 ILCS 5/1-109, the undersigned certifies that the statements set forth in the foregoing instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies that he verily believes the same to be true.

Dated: March 21, 2016

## CERTIFICATE OF SERVICE

I do hereby certify that on this 21st day of March, 2016, I caused to be served a true and correct copy of the foregoing Memorandum of Defendants In Opposition To The State's Motion To Compel Defendants To Produce Sealed Briefs Filed In The MDL Case by method indicated below and addressed to the following:

| | |
|---|---|
| Blake Harrop<br>Chadwick O. Brooker<br>Elizabeth Maxeiner<br>Angelina Whitfield<br>Antitrust Bureau<br>OFFICE OF THE ILLINOIS ATTORNEY GENERAL<br>100 West Randolph Street<br>Chicago, Illinois 60601<br>Telephone: (312) 814-5470<br>Email: bharrop@atg.state.il.us<br>      cbrooker@atg.state.il.us<br>      awhitfield@atg.state.il.us<br>      emaxeiner@atg.state.il.us<br><br>*Counsel for Plaintiff Attorney General of Illinois* | *Delivery Via:*<br>[■] U.S. Mail<br>[ ] Overnight Mail<br>[ ] Facsimile<br>[ ] Hand Delivery<br>[ ] E-Service (if opted in)<br>[■] E-Mail |
| Kate Wheaton<br>Karl Stampfl<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Tel: (312) 862-7454<br>Fax: (312) 862-2200<br>Email: jmutchnik@kirkland.com<br>      kate.wheaton@kirkland.com<br>      karl.stampfl@kirkland.com<br><br>*Counsel for Hitachi, Ltd. and Hitachi Electronic Devices (USA), Inc.* | *Delivery Via:*<br>[ ] U.S. Mail<br>[ ] Overnight Mail<br>[ ] Facsimile<br>[ ] Hand Delivery<br>[ ] E-Service (if opted in)<br>[■] E-Mail |

| | |
|---|---|
| Miriam Kim<br>MUNGER, TOLLES & OLSON LLP<br>560 Mission Street, Twenty-Seventh Floor<br>San Francisco, CA 94105<br>Tel: 415-512-4000<br>Fax: 415-512-4077<br>Email:  Miriam.kim@mto.com<br><br>Jessica Barclay-Strobel<br>MUNGER, TOLLES & OLSON LLP<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, CA 90071<br>Tel: 213-683-9100<br>Fax: 213-687-3702<br>Email: Jessica.barclay-strobel@mto.com<br><br><br>*Counsel for LG Electronics U.S.A., Inc.; LG Electronics, Inc.* | *Delivery Via:*<br>[ ] U.S. Mail<br>[ ] Overnight Mail<br>[ ] Facsimile<br>[ ] Hand Delivery<br>[ ] E-Service (if opted in)<br>[■] E-Mail |
| Daniel Cummings<br>Alan Madans<br>ROTHSCHILD, BARRY & MYERS, LLP<br>150 S. Wacker Drive<br>Suite 3205<br>Chicago, IL 60606<br>Telephone:  (312) 372-2345<br>Fax: 312-372-2350<br>E-mail: cummings@rbmchicago.com<br>          madans@rbmchicago.com<br><br>*Counsel for Toshiba Corporation, Toshiba America Electronics Components, Inc.* | *Delivery Via:*<br>[ ] U.S. Mail<br>[ ] Overnight Mail<br>[ ] Facsimile<br>[ ] Hand Delivery<br>[ ] E-Service (if opted in)<br>[■] E-Mail |

| Christopher M. Curran<br>Lucius B. Lau<br>Dana E. Foster<br>WHITE & CASE<br>701 Thirteenth Street, N.W.<br>Washington, DC 20005<br>Telephone: (202) 626-3600<br>Email: ccurran@whitecase.com<br>        alau@whitecase.com<br>        defoster@whitecase.com<br><br>*Counsel for Toshiba Corporation, Toshiba America Electronics Components, Inc.* | *Delivery Via:*<br>[☐] U.S. Mail<br>[☐] Overnight Mail<br>[☐] Facsimile<br>[☐] Hand Delivery<br>[☐] E-Service (if opted in)<br>[■] E-Mail |
|---|---|
| Daniel G. Rosenberg<br>SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP<br>Three First National Plaza<br>70 West Madison Street, 48th Floor<br>Chicago, Illinois 60602<br>Tel: 312-499-6300<br>Fax: 312-499-6301<br>Email:  drosenberg@sheppardmullin.com<br><br>*Counsel for Samsung SDI America, Inc., Samsung Display Device Co., Ltd.* | *Delivery Via:*<br>[☐] U.S. Mail<br>[☐] Overnight Mail<br>[☐] Facsimile<br>[☐] Hand Delivery<br>[☐] E-Service (if opted in)<br>[■] E-Mail |

| | |
|---|---|
| Michael Scarborough<br>Tyler M. Cunningham<br>SHEPPARD MULLIN RICHTER & HAMPTON LLP<br>4 Embarcadero Center, 17th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 434-9100<br>Fax: (415) 434-3947<br>Email: mscarborough@sheppardmullin.com<br>          tcunningham@sheppardmullin.com<br><br>Leo D. Caseria<br>SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP<br>333 South Hope Street, 43rd Floor<br>Los Angeles, CA 90071-1422<br>Phone: (213) 617-4206<br>Fax: (213) 443-2800<br>Email: lcaseria@sheppardmullin.com<br><br>*Counsel for Samsung SDI America, Inc., Samsung Display Device Co., Ltd.* | *Delivery Via:*<br>[☐] U.S. Mail<br>[☐] Overnight Mail<br>[☐] Facsimile<br>[☐] Hand Delivery<br>[☐] E-Service (if opted in)<br>[■] E-Mail |
| Duane M. Kelley<br>James F. Herbison<br>WINSTON & STRAWN LLP<br>35 West Wacker Drive<br>Chicago, IL 60601<br>Telephone: (312) 558-5600<br>Facsimile: (312) 558-5700<br>Firm No. 90875<br>Email: dkelley@winston.com<br>          jherbison@winston.com<br><br>*Counsel for Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd.* | *Delivery Via:*<br>[☐] U.S. Mail<br>[☐] Overnight Mail<br>[☐] Facsimile<br>[☐] Hand Delivery<br>[☐] E-Service (if opted in)<br>[■] E-Mail |

| | |
|---|---|
| Jeffrey L. Kessler<br>Eva W. Cole<br>Molly M. Donavan<br>WINSTON & STRAWN LLP<br>200 Park Avenue<br>New York, New York 10166-4193<br>Telephone: (212) 294-6700<br>Facsimile: (212) 294-7400<br>Email: jkessler@winston.com<br>　　　　ewcole@winston.com<br>　　　　mmdonovan@winston.com<br><br>*Counsel for Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd.* | *Delivery Via:*<br>[ ☐ ] U.S. Mail<br>[ ☐ ] Overnight Mail<br>[ ☐ ] Facsimile<br>[ ☐ ] Hand Delivery<br>[ ☐ ] E-Service (if opted in)<br>[ ■ ] E-Mail |
| Steven A. Reiss<br>David L. Yohai<br>Adam C. Hemlock<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153-0119<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br>Email: steven.reiss@weil.com<br>　　　　david.yohai@weil.com<br>　　　　adam.hemlock@weil.com<br><br>*Counsel for Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd.* | *Delivery Via:*<br>[ ☐ ] U.S. Mail<br>[ ☐ ] Overnight Mail<br>[ ☐ ] Facsimile<br>[ ☐ ] Hand Delivery<br>[ ☐ ] E-Service (if opted in)<br>[ ■ ] E-Mail |

| Nathan P. Eimer<br>David M. Simon<br>EIMER STAHL LLP<br>224 South Michigan Avenue, Suite 1100<br>Chicago, Illinois 60604<br>Telephone: (312) 660-7676<br>Facsimile: (312) 692-1718<br>Email: neimer@eimerstahl.com<br>Email: dsimon@eimerstahl.com<br><br>*Counsel for LG Electronics Inc. and LG Electronics, USA, Inc.* | *Delivery Via:*<br>[ ] U.S. Mail<br>[ ] Overnight Mail<br>[ ] Facsimile<br>[ ] Hand Delivery<br>[ ] E-Service (if opted in)<br>[■] E-Mail |

DATED this 21st day of March, 2016

Jeffery Cross (ARDC 0547980)
Freeborn & Peters LLP
311 S. Wacker Drive
Suite 3000
Chicago, IL 60606
Tel: 312-360-6000
Fax: 312-360-6520
E-mail: jcross@freeborn.com

***Counsel for Koninklijke Philips N.V. and Philips Electronics North America Corporation***