# EXHIBIT C

In the Matter Of:

THE STATE OF ILLINOIS

-vs-

HITACHI, LTD., ET AL.,

COURT PROCEEDINGS

March 10, 2016



Sefton,
Moran
& Potts,
LTD.

CERTIFIED COURT REPORTERS
79 West Monroe Street, Suite 923
Chicago, IL 60603
Phone: 312.578.8901
www.seftonmoranpotts.com   *   info@seftonmoranpotts.com

COURT PROCEEDINGS

```
 1  STATE OF ILLINOIS  )
                       )  SS:
 2  COUNTY OF C O O K  )

 3     IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
            COUNTY DEPARTMENT, CHANCERY DIVISION
 4

 5  THE STATE OF ILLINOIS, by its   )
    Attorney General, Lisa          )
 6  Madigan,                        )
                                    )
 7              Plaintiff,          )  No. 2012 CH 35266
                                    )
 8       -vs-                       )
                                    )
 9  HITACHI, Ltd., et al.,          )
                                    )
10              Defendants.         )

11

12

13              TRANSCRIPT OF PROCEEDINGS had in the

14  above-entitled cause on Thursday, March 10, 2016,

15  at 9:30 a.m.

16

17  BEFORE:  HONORABLE RITA M. NOVAK

18

19

20

21

22

23

24
```

```
 1  A P P E A R A N C E S:

 2
        OFFICE OF THE ATTORNEY GENERAL
 3      BY:  MR. CHADWICK O. BROOKER
             MS. ANGELINA WHITFIELD
 4      100 West Randolph Street
        12th Floor
 5      Chicago, IL  60601
        (312) 793-3891
 6      cbrooker@atg.state.il.us
        awhitfield@atg.state.il.us
 7

 8              Appeared on behalf of the
                Plaintiff;
 9

10      KIRKLAND & ELLIS LLP
        BY:  MR. KARL A. STAMPFL
11      300 North LaSalle Street
        Chicago, IL  60601
12      (312) 862-2000
        karl.stampfl@kirkland.com
13
                Appeared on behalf of the Defendants,
14              Hitachi, Ltd., Hitachi Displays, Ltd.
                (n/k/a Japan Display East, Inc.), and
15              Hitachi Electronic Devices (USA), Inc.;

16
        ROTHSCHILD, BARRY & MYERS
17      BY:  MR. DANIEL A. CUMMINGS
        150 South Wacker Drive
18      Suite 3025
        Chicago, IL  60606
19      (312) 372-2345
        cummings@rbmchicago.com
20
                Appeared on behalf of the Defendants,
21              Toshiba Corporation, Toshiba America,
                Inc., Toshiba America Electronic
22              Components, Inc., and Toshiba America
                Information Systems, Inc.;
23

24
```

```
 1   APPEARANCES CONT'D:

 2

 3         FREEBORN & PETERS LLP
           BY:  MR. JEFFERY M. CROSS
 4         311 South Wacker Drive
           Suite 3000
 5         Chicago, IL  60606
           (312) 360-6000
 6         jcross@freeborn.com

 7              Appeared on behalf of the Defendants,
                Koninklijke Philips Electronics N.V.,
 8              Philips Electronics North America
                Corporation, and Philips Electronics
 9              Industries Taiwan, Ltd.;

10         SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
           BY:  MS. MIKELA T. SUTRINA
11         Three First National Plaza
           70 West Madison Street, 48th Floor
12         Chicago, IL  60602
           (312) 499-6300
13         msutrina@sheppardmullin.com

14              Appeared on behalf of the Defendants,
                Samsung Electronics Co., Ltd.,
15              Samsung Electronics America, Inc.,
                Samsung Display Device Co., Ltd., and
16              Samsung SDI America, Inc.;

17

18         WINSTON & STRAWN
           BY:  MR. KEVIN F. WOLFF
19         35 West Wacker Drive
           Suite 4100
20         Chicago, IL 60601
           (312) 558-5600
21         kwolff@winston.com

22              Appeared on behalf of the Defendants,
                Panasonic Corporation, Panasonic
23              Corporation of North America, and
                MT Picture Display Co., Ltd.;

24
```

1    APPEARANCES CONT'D:

2

3          EIMER STAHL LLP
           BY:   MR. DAVID M. SIMON
           224 South Michigan Avenue
4          Suite 1100
           Chicago, IL  60604
5          (312) 660-7676
           dsimon@eimerstahl.com

6
                  Appeared on behalf of the Defendants,
7                 LG Electronics, Inc., and
                  LG Electronics USA.

8

9

10

11          *              *              *

12

13

14

15

16

17

18

19

20

21

22

23

24

```
 1                  THE CLERK:  State of Illinois versus
 2  Hitachi.
 3                  MR. CROSS:  Good morning, your Honor.
 4  Jeffery Cross for Koninklijke Philips N.V. and
 5  Philips North America -- Philips Electronics North
 6  America.
 7                  MR. CUMMINGS:  Daniel Cummings for
 8  the Toshiba Defendants.
 9                  MR. STAMPFL:  Karl Stampfl for the
10  Hitachi Defendants.
11                  MS. SUTRINA:  Mikela Sutrina for the
12  Samsung Defendants.
13                  MR. WOLFF:  Kevin Wolff for the
14  Panasonic Defendants.
15                  MR. SIMON:  David Simon for the
16  LG Defendants.
17                  MR. BROOKER:  Good morning, your
18  Honor.  Chad Brooker on behalf of the State of
19  Illinois.
20                  MS. WHITFIELD:  Angelina Whitfield on
21  behalf of the State of Illinois.
22                  THE COURT:  Good morning.
23                      All right.  I have a couple of
24  motions this morning.  One is a motion to allow
```

```
 1  counsel from New York to participate.  I assume

 2  it's an additional counsel?

 3             MR. CUMMINGS:  Yes.

 4             THE COURT:  Okay.

 5             MR. CUMMINGS:  Yes.

 6             THE COURT:  All right.  I assume

 7  there's no objection to that?

 8             MR. BROOKER:  No.

 9             THE COURT:  Granted.

10                  And then a Motion to Compel

11  responses by the State of Illinois to Answers to

12  Interrogatories concerning a particular topic,

13  which is the witnesses.

14                  Do you want to respond to this

15  motion?

16             MR. BROOKER:  Yes, your Honor.

17             THE COURT:  In writing?

18             MR. BROOKER:  We prefer in writing, yes.

19             MR. CUMMINGS:  Your Honor, I don't

20  think there's any need to have this response in

21  writing.  There's no excuse for this.  213(f)(1)

22  disclosures are mandatory.  In the Law Division,

23  that's the first thing in the case management

24  order.  "Give us who your witnesses are going to
```

1    be."  They can amend it any time they want to.  If
2    they don't know who they have now -- They can tell
3    us now who they have, and then later on they can
4    amend.  Everybody goes to trial with amended
5    213(f)(1) disclosures.  There's no excuse for
6    this.
7              MR. BROOKER:  Your Honor, I understand
8    that the position -- in a normal case, that would
9    be absolutely true.  We're in a slightly different
10   situation here for a number of different reasons.
11   And the bottom line is, is that we can't identify,
12   at this particular time, anybody that we would
13   like to call at trial.  And if you will bear with
14   me, I am willing to explain.  Or I'm also willing
15   to explain in writing, if you'd prefer that?
16             THE COURT:  Well, I would prefer to
17   hear that because you're the proponent of the
18   case.  And if you don't know who your witnesses
19   are going to be, there's a bigger problem than a
20   disclosure.
21             MR. BROOKER:  Your Honor, let me
22   start by saying that there are several categories
23   of things that we have to prove our case by, and
24   we acknowledge that entirely.  We're going to have

1    to put on witnesses probably for each of those

2    different elements.

3                    We have a damages claim on our

4    parens patriae damages, which are on behalf of

5    Illinois residents.  We will be using expert

6    testimony to prove up that damages claim.  It will

7    be based on Defendants' documents, economic

8    analysis, and experts.  Now, expert disclosures

9    aren't due until August 31st; so that, as an

10   expert, you know, witness, who will we use, that's

11   not required by the disclosures right now.

12                   For the second part of the

13   damages claim, the State's proprietary claim, the

14   damages claim is based on the purchases made by

15   State agencies through Central Management

16   Services.  We have gone through the records in

17   that case from CMS and determined that it's too

18   difficult to try to extract information to show

19   actual purchases.  So, again, we're going to be

20   using expert analysis to estimate the damages that

21   were incurred by the State agencies.  Again,

22   that's going to be postponed until August 31st

23   later this year, which comes to the final group,

24   which is liability.

1          Now, what we've told the
2   Defendants, during our Rule 201(k) conference, is
3   that we're not going to call anybody that's an
4   Illinois resident.  And we don't intend to call
5   any third-parties.  The only people we intend to
6   call are the actual employees or former employees,
7   potentially, of the Defendants themselves.
8          Now, the difficulty is, is
9   that -- and this is very typical in price-fixing
10  cases, where we have adverse witnesses, because
11  they're the people that actually know what went on
12  during the price-fixing.
13          The benefit that we have,
14  being a related case -- because, if you recall,
15  there's multi-district litigation pending in
16  California where they're taking hundreds of
17  depositions.  And so far we've asked for those
18  deposition transcripts.  The Defendants have
19  produced 286 of them so far.  Our world of
20  potential witnesses, of adverse witnesses, comes
21  from that pool.  But we need time to go through
22  those, and some of them weren't produced until
23  just a couple of weeks ago, to try to narrow that
24  down.  If they want a list of 286 people, we can

1  probably provide that to them.  But that's, I

2  don't think, what they're really looking for.

3  They're looking for some -- for us to evaluate

4  these witnesses.  And we need time to go through

5  all of those depositions.  And it becomes slightly

6  more complicated than that, if they want a better

7  answer, because some of these witnesses --

8  Remember, price-fixing is a crime, and people go

9  to jail for this.  So it's going to be hard to get

10  some of those witnesses here, in some cases, if

11  they're in jail.  It's also an international

12  price-fixing conspiracy, so if they're not current

13  employees of the Defendants, we may have a hard

14  time subpoenaing them here, again, making it more

15  difficult for us to identify who they are.

16                    And so, in short, what we need

17  is time to evaluate these depositions to see who

18  we are really interested in.  If they want a list

19  of hundreds of people, we can provide that; but we

20  don't think that that's really what the rule is

21  driving at.  What they're looking for in the

22  Rule 213 disclosure is, "Who are you really going

23  to bring to trial?"  And, yes, you're going to get

24  a wide variety, a big swarm.  But we need to know

1   who they are so we can depose them, so we can talk

2   to them.  All of the people from that world who we

3   think have -- who are witnesses with information,

4   they already know who they are.  They have given

5   their depositions.  It's their own employees.  So

6   it's not like they need this for discovery

7   purposes.

8                    In this particular case,

9   because of the MDL, because of the price-fixing

10  conspiracy, they actually have all they need for

11  those witnesses.

12                   Now, you say, "Well, getting

13  back to the damages, don't they also -- aren't

14  they entitled to look at the CMS employees?"

15  We've provided that information.  We've listed

16  19 different employees from CMS with those

17  records.  If they want to challenge the damages,

18  they have the factual basis for that.  We've

19  listed all of those:  their names, their titles,

20  the bureaus that they were in, the years that they

21  held those positions, what those positions'

22  responsibilities were.  So they have all of the

23  stuff that they need in order to perform

24  discovery, but if they want an artificial list of

1    all potential adverse witnesses, we can provide

2    that.  But we just don't think that makes very

3    much sense.

4                    We will, when we get closer to

5    trial and we're able to go through some of these,

6    we will amend our answers.  We will provide them

7    with an updated list.  And we don't understand why

8    that -- something that's actual and real, it

9    wouldn't be a problem.

10                   MR. CUMMINGS:  We don't know who to

11   depose.  It's that simple.  I mean, if he's going

12   to represent to us that he's not going to call a

13   single witness from Central Management Services,

14   say that now, in open court, so we don't have to

15   depose any of those people.

16                   Mr. Brooker is wrong about the

17   number of people they identified.  It's closer to

18   50 people.  I counted 49.  We don't have any

19   address information for those 50 people.  They

20   refuse to give us the address information.  His

21   partner, Blake Harrop, has told us "We're not

22   going to provide address information because it's

23   protected information like a Social Security

24   number."  That's totally false under Rule 138.

```
1                   We don't know what case
2    they're going to put on.  They've got the burden
3    of proof.  We have a duty to discover what case
4    they're going to put on.  And I haven't heard any
5    excuse so far as to why they can't tell us who
6    they have now.
7                   THE COURT:  I agree.  Your motion is
8    granted.
9                   MR. CUMMINGS:  Thank you, your Honor.
10                  THE COURT:  I have to say this:  This
11   is troubling to me.  Very troubling.  I mean,
12   basically, what I'm hearing is that the State of
13   Illinois has decided to bring this lawsuit,
14   tagging along with another case, and rather than
15   marshalling the resources that it needs to
16   prosecute its case, it's waiting in the wings
17   until somebody moves in the MDL.
18                       This was the State's decision
19   to proceed.  You're going to be held to the
20   discovery standards that everyone else is here.
21   The motion is granted.
22                  MR. CUMMINGS:  Thank you, Judge.  14
23   days for a response?
24                  THE COURT:  That's fine.
```

1          MR. CUMMINGS:  Thank you.

2          MR. CROSS:  Your Honor, there's --

3  the Plaintiffs have also moved to compel all the

4  Defendants to produce unredacted copies of

5  redacted briefs that were filed in the MDL case.

6  They've noticed that up for Monday.  Like this

7  one, I don't think it's necessary to brief it.  We

8  basically concede on a lot of the legal issues,

9  and I think there's a very simple, factual issue

10 regarding burden versus benefits, which is a

11 principle under Supreme Court Rule 201, and I'd

12 like to perhaps, if I can lay those issues out in

13 front of you, you can decide whether you want to

14 have further briefing or whether you want to

15 postpone this until Monday.  It's up on Monday,

16 but since we're all here, I thought maybe I could

17 present it to you, and you can decide how you want

18 to proceed.

19          THE COURT:  Well, you can; but I

20 haven't even seen the motion.  It's kind of

21 catching me off guard.

22          MR. CROSS:  I understand that, but I

23 think I can explain to you very briefly what is

24 involved.

1           THE COURT:  Go ahead.

2           MR. CROSS:  In the MDL case --

3           MR. SIMON:  Excuse me, your Honor.

4  Would you like a copy of the motion?

5           THE COURT:  I imagine there's one in

6  the back.  I just wasn't --

7           MR. SIMON:  I can tender mine right

8  now if you'd like?

9           THE COURT:  That's okay.  No.  Let me

10 just hear this.

11          MR. CROSS:  So the key in considering

12 the burden on the Defendants to produce these

13 unredacted briefs is the fact that we have

14 obligations under the MDL protective order to

15 notify the approximately 30 Third-Party Defendants

16 that we may be producing confidential information

17 that they've designated under the protective

18 order.  We're bound by that protective order in

19 the MDL case.

20               And if I could hand up a copy

21 of that protective order, which I think you've

22 actually seen a couple of times.

23          THE COURT:  I have.

24               (Whereupon, document tendered

```
 1                            to the Court.)
 2               MR. CROSS:  But this paragraph
 3   requires us to notify those 30 people, and then
 4   they have the opportunity to come before you, to
 5   argue before you, that their documents produced in
 6   the MDL case ought to be maintained as
 7   confidential.
 8                         Now, we could simply notify
 9   all 30, and they can come in here; but I'm sure
10   what they'll argue in front of you is, "Judge, we
11   need more specifics."  So what we would have to do
12   in order to give them more specifics, is we'd have
13   to look at all of these briefs that were filed in
14   the MDL case to determine what third-parties were
15   involved.
16                         Now, your Honor, there are
17   approximately 4,500 entries in the MDL docket.
18   We've had someone, for the last two days, trying
19   to count the number of briefs that were filed
20   under seal that were redacted.  There were 199
21   Motions to Seal.  Judge Conti, who was the judge
22   at the time, he's now retired, Judge Conti granted
23   197 of those.  Almost all of those had multiple
24   briefs that were being requested to be filed under
```

1  seal, so we were able to count 2085 briefs that

2  were filed under seal.

3                    Now, one of the briefs that

4  they attached to their motion is a brief dealing

5  with the Foreign Trade Antitrust Improvements Act,

6  the FTAIA.

7                    THE COURT:  I'm sorry.  I just don't

8  have time to hear this motion right now.  It's

9  sounding to me as though this may be something

10  that I will have to have some briefs on.  This is

11  probably more than I'm going to be willing to

12  judge without hearing some response, so if you'd

13  prefer, we can do a briefing schedule on this

14  today; but I -- I have several other cases this

15  morning, and I really am not prepared to hear

16  argument on it.

17                    MR. CROSS:  Okay.  I don't think we

18  need very much time because, as I say, the legal

19  issues I don't think are in dispute.  It's all a

20  burden issue.

21                    So, you know, let me have

22  seven days, your Honor, from Monday.  And they can

23  have seven days to respond.

24                    MR. BROOKER:  That's fine with us,

1    your Honor.

2                THE COURT:  All right.  That's fine.

3                MR. CROSS:  And, then, should we have

4    a Clerk's conference?

5                THE COURT:  Yes.  I think that would

6    probably be worthwhile.  I'll try to get it in at

7    a 9:30 date so I can hear it as quickly as

8    possible, but I need to see the briefs before I

9    can do that.

10               MR. CROSS:  Thank you, Judge.

11               MR. SIMON:  Strike the Monday morning

12   hearing, your Honor?

13               THE COURT:  Yes.

14               MR. SIMON:  Thank you, your Honor.

15                    (Which were all the

16                     proceedings had in the

17                     above-entitled cause as of

18                     this date and time.)

19

20

21

22

23

24

```
1   STATE OF ILLINOIS    )
                         )  SS.
2   COUNTY OF C O O K    )

3

4               I, KATHLEEN M. MORAN, Certified

5   Shorthand Reporter No. 084-003419, and Notary

6   Public of the County of Cook and State of

7   Illinois, do hereby certify that I reported in

8   shorthand and thereafter transcribed the foregoing

9   transcript of proceedings.

10              I further certify that the foregoing

11  is a true and complete transcript of my shorthand

12  notes so taken as aforesaid; and further, that I

13  am not counsel for nor in any way related to any

14  of the parties to this action, nor am I in any way

15  interested in the outcome thereof.

16              IN TESTIMONY WHEREOF, I have hereunto

17  set my hand and affixed my notarial seal this 10th

18  day of March, 2016.

19

20                        _____
                          KATHLEEN M. MORAN, CSR
21                        79 West Monroe Street
                          Suite 923
22                        Chicago, IL 60603
                          (312) 578-8901
23                        kmoran@seftonmoranpotts.com

24
```

**1**

**138** 12:24
**14** 13:22
**19** 11:16

**2**

**201** 14:11
**201(k)** 9:2
**213** 10:22
**213(f)(1)** 6:21 7:5
**286** 9:19,24

**3**

**30** 15:15
**31st** 8:9,22

**4**

**49** 12:18

**5**

**50** 12:18,19

**A**

**absolutely** 7:9
**acknowledge** 7:24
**actual** 8:19 9:6 12:8
**additional** 6:2
**address** 12:19,20,22
**adverse** 9:10,20 12:1
**agencies** 8:15,21
**agree** 13:7
**ahead** 15:1
**amend** 7:1,4 12:6
**amended** 7:4
**America** 5:5,6
**analysis** 8:8,20

**Angelina** 5:20
**answers** 6:11 12:6
**approximately** 15:15
**artificial** 11:24
**assume** 6:1,6
**August** 8:9,22

**B**

**back** 11:13 15:6
**based** 8:7,14
**basically** 13:12 14:8
**basis** 11:18
**bear** 7:13
**behalf** 5:18,21 8:4
**benefit** 9:13
**benefits** 14:10
**big** 10:24
**bigger** 7:19
**Blake** 12:21
**bottom** 7:11
**bound** 15:18
**briefing** 14:14
**briefly** 14:23
**briefs** 14:5 15:13
**bring** 10:23 13:13
**Brooker** 5:17,18 6:8,16,18 7:7,
21 12:16
**burden** 13:2 14:10 15:12
**bureaus** 11:20

**C**

**California** 9:16
**call** 7:13 9:3,4,6 12:12
**case** 6:23 7:8,18,23 8:17 9:14
11:8 13:1,3,14,16 14:5 15:2,19
**cases** 9:10 10:10
**catching** 14:21
**categories** 7:22

**Central** 8:15 12:13
**Chad** 5:18
**challenge** 11:17
**claim** 8:3,6,13,14
**CLERK** 5:1
**closer** 12:4,17
**CMS** 8:17 11:14,16
**compel** 6:10 14:3
**complicated** 10:6
**concede** 14:8
**conference** 9:2
**confidential** 15:16
**conspiracy** 10:12 11:10
**copies** 14:4
**copy** 15:4,20
**counsel** 6:1,2
**counted** 12:18
**couple** 5:23 9:23 15:22
**court** 5:22 6:4,6,9,17 7:16
12:14 13:7,10,24 14:11,19
15:1,5,9,23
**crime** 10:8
**Cross** 5:3,4 14:2,22 15:2,11
**Cummings** 5:7 6:3,5,19 12:10
13:9,22 14:1
**current** 10:12

**D**

**damages** 8:3,4,6,13,14,20
11:13,17
**Daniel** 5:7
**David** 5:15
**days** 13:23
**decide** 14:13,17
**decided** 13:13
**decision** 13:18
**Defendants** 5:8,10,12,14,16
9:2,7,18 10:13 14:4 15:12,15
**Defendants'** 8:7

| | | |
|---|---|---|
| **depose**  11:1 12:11,15 | **filed**  14:5 | **involved**  14:24 |
| **deposition**  9:18 | **final**  8:23 | **issue**  14:9 |
| **depositions**  9:17 10:5,17 11:5 | **fine**  13:24 | **issues**  14:8,12 |
| **designated**  15:17 | **front**  14:13 | |
| **determined**  8:17 | | **J** |
| **difficult**  8:18 10:15 | **G** | |
| **difficulty**  9:8 | | **jail**  10:9,11 |
| **disclosure**  7:20 10:22 | **give**  6:24 12:20 | **Jeffery**  5:4 |
| **disclosures**  6:22 7:5 8:8,11 | **Good**  5:3,17,22 | **Judge**  13:22 |
| **discover**  13:3 | **granted**  6:9 13:8,21 | |
| **discovery**  11:6,24 13:20 | **group**  8:23 | **K** |
| **Division**  6:22 | **guard**  14:21 | |
| **document**  15:24 | | **Karl**  5:9 |
| **documents**  8:7 | **H** | **Kevin**  5:13 |
| **driving**  10:21 | | **key**  15:11 |
| **due**  8:9 | **hand**  15:20 | **kind**  14:20 |
| **duty**  13:3 | **hard**  10:9,13 | **Koninklijke**  5:4 |
| | **Harrop**  12:21 | |
| **E** | **hear**  7:17 15:10 | **L** |
| | **heard**  13:4 | |
| **economic**  8:7 | **hearing**  13:12 | **Law**  6:22 |
| **Electronics**  5:5 | **held**  11:21 13:19 | **lawsuit**  13:13 |
| **elements**  8:2 | **Hitachi**  5:2,10 | **lay**  14:12 |
| **employees**  9:6 10:13 11:5,14, 16 | **Honor**  5:3,18 6:16,19 7:7,21 13:9 14:2 15:3 | **legal**  14:8 |
| **entitled**  11:14 | **hundreds**  9:16 10:19 | **LG**  5:16 |
| **estimate**  8:20 | | **liability**  8:24 |
| **evaluate**  10:3,17 | **I** | **list**  9:24 10:18 11:24 12:7 |
| **excuse**  6:21 7:5 13:5 15:3 | | **listed**  11:15,19 |
| **expert**  8:5,8,10,20 | **identified**  12:17 | **litigation**  9:15 |
| **experts**  8:8 | **identify**  7:11 10:15 | **lot**  14:8 |
| **explain**  7:14,15 14:23 | **Illinois**  5:1,19,21 6:11 8:5 9:4 13:13 | **M** |
| **extract**  8:18 | **imagine**  15:5 | |
| | **incurred**  8:21 | **made**  8:14 |
| **F** | **information**  8:18 11:3,15 12:19,20,22,23 15:16 | **makes**  12:2 |
| | **intend**  9:4,5 | **making**  10:14 |
| **fact**  15:13 | **interested**  10:18 | **management**  6:23 8:15 12:13 |
| **factual**  11:18 14:9 | **international**  10:11 | **mandatory**  6:22 |
| **false**  12:24 | **Interrogatories**  6:12 | **marshalling**  13:15 |
| | | **MDL**  11:9 13:17 14:5 15:2,14, 19 |

**Mikela** 5:11

**mine** 15:7

**Monday** 14:6,15

**morning** 5:3,17,22,24

**motion** 5:24 6:10,15 13:7,21
14:20 15:4

**motions** 5:24

**moved** 14:3

**moves** 13:17

**multi-district** 9:15

**N**

**N.V.** 5:4

**names** 11:19

**narrow** 9:23

**normal** 7:8

**North** 5:5

**noticed** 14:6

**notify** 15:15

**number** 7:10 12:17,24

**O**

**objection** 6:7

**obligations** 15:14

**open** 12:14

**order** 6:24 11:23 15:14,18,21

**P**

**Panasonic** 5:14

**parens** 8:4

**part** 8:12

**participate** 6:1

**partner** 12:21

**patriae** 8:4

**pending** 9:15

**people** 9:5,11,24 10:8,19 11:2
12:15,17,18,19

**perform** 11:23

**Philips** 5:4,5

**Plaintiffs** 14:3

**pool** 9:21

**position** 7:8

**positions** 11:21

**positions'** 11:21

**postpone** 14:15

**postponed** 8:22

**potential** 9:20 12:1

**potentially** 9:7

**prefer** 6:18 7:15,16

**present** 14:17

**price-fixing** 9:9,12 10:8,12
11:9

**principle** 14:11

**problem** 7:19 12:9

**proceed** 13:19 14:18

**produce** 14:4 15:12

**produced** 9:19,22

**producing** 15:16

**proof** 13:3

**proponent** 7:17

**proprietary** 8:13

**prosecute** 13:16

**protected** 12:23

**protective** 15:14,17,18,21

**prove** 7:23 8:6

**provide** 10:1,19 12:1,6,22

**provided** 11:15

**purchases** 8:14,19

**purposes** 11:7

**put** 8:1 13:2,4

**R**

**real** 12:8

**reasons** 7:10

**recall** 9:14

**records** 8:16 11:17

**redacted** 14:5

**refuse** 12:20

**related** 9:14

**Remember** 10:8

**represent** 12:12

**required** 8:11

**resident** 9:4

**residents** 8:5

**resources** 13:15

**respond** 6:14

**response** 6:20 13:23

**responses** 6:11

**responsibilities** 11:22

**rule** 9:2 10:20,22 12:24 14:11

**S**

**Samsung** 5:12

**Security** 12:23

**sense** 12:3

**Services** 8:16 12:13

**short** 10:16

**show** 8:18

**Simon** 5:15 15:3,7

**simple** 12:11 14:9

**single** 12:13

**situation** 7:10

**slightly** 7:9 10:5

**Social** 12:23

**Stampfl** 5:9

**standards** 13:20

**start** 7:22

**State** 5:1,18,21 6:11 8:15,21
13:12

**State's** 8:13 13:18

**stuff** 11:23

**subpoenaing** 10:14

**Supreme** 14:11

**Sutrina** 5:11

swarm 10:24

**T**

tagging 13:14

taking 9:16

talk 11:1

tender 15:7

tendered 15:24

testimony 8:6

thing 6:23

things 7:23

third-parties 9:5

Third-party 15:15

thought 14:16

time 7:1,12 9:21 10:4,14,17

times 15:22

titles 11:19

told 9:1 12:21

topic 6:12

Toshiba 5:8

totally 12:24

transcripts 9:18

trial 7:4,13 10:23 12:5

troubling 13:11

true 7:9

typical 9:9

**U**

understand 7:7 12:7 14:22

unredacted 14:4 15:13

updated 12:7

**V**

variety 10:24

versus 5:1 14:10

**W**

waiting 13:16

weeks 9:23

Whitfield 5:20

wide 10:24

wings 13:16

witnesses 6:13,24 7:18 8:1
   9:10,20 10:4,7,10 11:3,11 12:1

Wolff 5:13

world 9:19 11:2

writing 6:17,18,21 7:15

wrong 12:16

**Y**

year 8:23

years 11:20

York 6:1