Michael P. Kenny, Esq. (admitted *pro hac vice*)
mike.kenny@alston.com
Debra D. Bernstein, Esq. (admitted *pro hac vice*)
debra.bernstein@alston.com
Matthew D. Kent (admitted *pro hac vice*)
matthew.kent@alston.com
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel: (404) 881-7000
Facsimile: (404) 881-7777

James M. Wagstaffe, Esq. (SBN 95535)
wagstaffe@kerrwagstaffe.com
**KERR & WAGSTAFFE LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105-1576
Tel: (415) 371-8500
Facsimile: (415) 371-0500

*Attorneys for Plaintiffs Dell Inc. and Dell Products L.P.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to: Individual Case No. 13-cv-2171 (SC) | Master File No. 3:07-md-05944-JST (N.D. Cal.) |
| DELL INC. AND DELL PRODUCTS L.P.,<br><br>PLAINTIFFS,<br><br>V.<br><br>HITACHI, LTD., *et al.*,<br><br>DEFENDANTS. | **DELL INC. AND DELL PRODUCTS L.P.'S RESPONSE IN OPPOSITION TO STATE OF ILLINOIS' MOTION TO FILE DOCUMENTS ON THE PUBLIC RECORD [Dkt. No. 5063]**<br><br>Date: January 5, 2017<br>Time: 2:00 pm<br>Court: Courtroom 9, 19th Floor, 450<br>Judge: Hon. Jon S. Tigar |

## STATEMENT OF THE ISSUE PRESENTED

Whether Dell Inc. and Dell Products L.P. (collectively "Dell"), former parties to the MDL, should have to refile publicly numerous motions and responses filed in *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. 3:07-CV-5944 (MDL No. 1917) (N.D. Cal.) ("CRT MDL")—along with thousands of pages of exhibits filed in support thereof—even where these materials include commercially sensitive information regarding Dell's relationship with its suppliers.

## INTRODUCTION

Dell is no longer an active litigant in the CRT MDL. Rather, Dell, a victim of the CRT price-fixing conspiracy, has dismissed its claims against Defendants. [*See, e.g.*, Dkt. Nos. 4163, 4595, 4600, 4606, 4715, 4784, 4915.] The State of Illinois ("the State") now asks Dell to file publicly un-redacted copies of dozens of motions and responses along with hundreds of exhibits with only fourteen days to respond. (*See* State of Illinois' Motion to File Docs. on the Public Record ("Illinois Mot."), Dkt. No. 5063.) Dell does not oppose giving the State access to all of the materials filed under seal if the State is subject to the Protective Order entered in the CRT MDL ("MDL Protective Order") [Dkt. No. 306]. With this commonsense solution, the State would secure the documents it seeks with only a minor burden to Dell and the other parties in the CRT MDL. However, Dell stresses that the State's motion would effectively require that Dell both reveal on the public docket current confidential agreements it has with its suppliers and shoulder the substantial burden to review, redact, and refile a large number of pleadings and supporting materials on the public docket. To the extent the Court is inclined to consider the request to publicly refile all the identified materials, Dell respectfully requests additional time to review all of the pleadings identified in this motion as it has been only fourteen days since the State provided the list of documents at issue. Dell would need substantially more time to review all of the pleadings and ensure they did not contain sensitive commercial information or privacy information that requires redaction.

## MEMORANDUM OF POINTS AND AUTHORITIES

The State in its motion presumes that every sealed exhibit solely concerns cathode ray tubes, which it characterizes as an obsolete technology the disclosure of which could not "hurt customer relationships." (Illinois Mot., at 16-17.) But in the limited time since the State's filing, Dell has identified at least four sealed documents at issue—Dell's Master Purchase Agreements ("MPA") and Strategic Agreements—which Dell applies to other technologies and believes should be maintained under seal. [Dkt. No. 3234-1, Exs. 8-9, 24-25; Dkt. No. 3238-1, Ex. 8.] These documents contain critical terms and conditions that govern Dell's commercial relationship with Koninklijke Philips Electronics N.V. and Samsung Electronics Company, Ltd. (*See* Decl. of D. Bernstein ("Bernstein Decl."), ¶¶ 7-8, attached as Ex. A.) Public disclosure of these documents would result in economic harm to Dell and offer a business advantage to Dell's competitors and suppliers. (*Id*. ¶¶ 8-9.) Most significant: three of Dell's MPAs and Strategic Agreements are active evergreen documents that govern the commercial relationship between Dell and its respective suppliers related to CRT monitors and commodities other than CRT monitors. (*Id*. ¶ 10.) Dell has a compelling reason to keep these documents out of its suppliers' and competitors' hands. As a result, to the extent the Court is inclined to grant this motion against the Defendants' objection, it should be denied at least as to these documents. *EON Corp IP Holdings LLC v. Cisco Sys. Inc*, No. 12-CV-01011-JST, 2014 WL 1017514, at *1-2 (N.D. Cal. Mar. 11, 2014) (J. Tigar) (sealing documents where supported by affidavit that materials contained proprietary and confidential information); *see In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008) (holding that parties to litigation may seal documents where they implicate "information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it").

The record for the CRT MDL reflects that Dell provided the necessary declarations in support of the materials it filed under seal. Specifically, for the MPAs and Strategic Agreements, Dell

expressly stated that the documents contained commercially sensitive information such that their disclosure would provide other technology companies with an unfair commercial advantage. [*See*, *e.g.*, Dkt. Nos. 3234-1 at 4, 7 (stating that Dell's MPAs and Strategic Agreements contained "confidential and competitively sensitive information," that was covered by "an existing non-disclosure agreement between the parties" and that public disclosure would harm both parties).] The State has not identified an instance where Dell omitted a declaration in support of sealing these documents. (*See* Illinois Mot., at 10 n.10, Ex. C.)  In sum, Dell has taken the appropriate steps to protect information that "could be used to the company's competitive disadvantage." *See Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1226-28 (Fed. Cir. 2013).  As such, the MPAs and Strategic Agreements should remain under seal.[1]

As the Defendants emphasize, the State's motion carries with it a substantial burden.  In the initial filing of materials under seal, Dell, among many other parties, spent many hours reviewing and preparing its motions, responses, and supporting exhibits for filing. (Bernstein Decl., ¶ 6.)  Hundreds of exhibits were filed in support of Dell's motions and responses.[2]  They included not just Dell's MPAs and Strategic Agreements but also witness testimony and declarations that refer to these documents and their provisions. (*Id.* ¶ 11.)  Dell would expend considerable time and resources gathering, reviewing, redacting, and refiling on the public docket the materials implicated by the State's motion.  To alleviate the burden imposed by this motion, Dell would be agreeable sharing the

---

[1] Notably, Dell has previously sought to protect its MPAs and Strategic Agreements in other cases pending before the United States District Court for the Northern District of California. (Bernstein Decl., ¶ 12.)

[2] For instance, in its Response in Opposition to Defendants' Joint Motion for Partial Summary Judgment on Statute of Limitations Grounds, Dell filed in support 55 different exhibits under seal. [Dkt. No. 3230-1.] Similarly, in Plaintiffs' Opposition to Koninklijke Philips N.V.'s Motion for Summary Judgment and Plaintiffs' Opposition to PENAC, PTL, and PDBL's Motion for Partial Summary Judgment, which Dell coordinated and submitted on behalf of other Plaintiffs in this litigation, Dell filed in support 75 different exhibits under seal. [Dkt. No. 3238-1.] Dell also filed 25 exhibits under seal to support its Response in Opposition to Defendants' Motion for Summary Judgment with Respect to Dell's Foreign Purchases. [Dkt. No. 3234-1.]

sealed materials in the CRT MDL with the State to the extent it is a signatory to the MDL Protective Order.  The State could then advance its own litigation without Dell or other parties having to refile hundreds of documents on the public record.  Such a resolution would provide the State with access to the sealed materials while imposing only a fraction of the costs on Dell and the other parties in the CRT MDL.[3]  *Cf. Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992) (permitting intervenors to modify protective order but acknowledging that intervenors would use sealed information subject to protective orders in place in parallel litigation).

Finally, to the extent this Court believes that all the requested under-seal materials should be refiled rather than shared subject to the MDL Protective Order, Dell requests additional time to review the materials filed under seal.  It has only been two weeks since the State provided the list of documents at issue in its motion.  Dell would need substantially more time to review all of the pleadings at issue and ensure they did not contain sensitive commercial information or privacy information that requires redaction.

## CONCLUSION

For the foregoing reasons, the Court should deny the State's motion with respect to Dell's MPAs and Strategic Agreements (Exs. 8, 9 and 25 to Dkt. No. 3234-1 and Ex. 8 to Dkt. No. 3238-1), and should not require non-party Dell to publicly refile all of the materials on the docket when the materials can be provided to the State subject to the MDL Protective Order.

---

[3] Defendants' response notes the disparate impact of the State's requested relief.  But this is especially true for Dell, a conspiracy victim that has already completed its part in this MDL litigation. For this Court to require Dell to refile numerous pleadings along with the corresponding exhibits would not be "proportionate" under the Federal Rules.  *Cf. Gilead Scis., Inc. v. Merck & Co, Inc.*, No. 5:13-CV-04057-BLF, 2016 WL 146574, at *1 (N.D. Cal. Jan. 13, 2016).

Date:  December 12, 2016

                            Respectfully submitted,

/s/  *Debra D. Bernstein*
Michael P. Kenny
Debra D. Bernstein
Matthew D. Kent
Elizabeth Helmer
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone:  (404)-881-7000
Facsimile:   (404)-881-7777
Email:  mike.kenny@alston.com
        debra.bernstein@alston.com
        matthew.kent@alston.com
        elizabeth.helmer@alston.com

James M. Wagstaffe, Esq. (SBN 95535)
KERR & WAGSTAFFE LLP
101 Mission Street, 18th Floor
San Francisco, California  94105-1576
Telephone:  (415)-371-8500
Facsimile:   (415)371-0500
Email:  wagstaffe@kerrwagstaffe.com

*Counsel For Plaintiffs Dell Inc. and Dell Products L.P.*

**Certificate of Service**

On December 12, 2016, I caused a copy of DELL INC. AND DELL PRODUCTS L.P.'S RESPONSE IN OPPOSITION TO STATE OF ILLINOIS' MOTION TO FILE DOCUMENTS ON THE PUBLIC RECORD [Dkt. No. 5063] and its accompanying declaration to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

/s/  *Debra D. Bernstein*
Debra D. Bernstein
ALSTON & BIRD LLP