Michael P. Kenny, Esq. (admitted *pro hac vice*)
mike.kenny@alston.com
Debra D. Bernstein, Esq. (admitted *pro hac vice*)
debra.bernstein@alston.com
Matthew D. Kent (admitted *pro hac vice*)
matthew.kent@alston.com
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel: (404) 881-7000
Fax: (404) 881-7777

James M. Wagstaffe, Esq. (SBN 95535)
wagstaffe@kerrwagstaffe.com
**KERR & WAGSTAFFE LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105-1576
Tel: (415) 371-8500
Fax: (415) 371-0500

*Attorneys for Plaintiffs Dell Inc. and Dell Products L.P.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to Individual Case No. 3:13-cv-02171-SC | Master File No. 3:07-cv-05944-JST (N.D. Cal.)<br>MDL No. 1917 |
| DELL INC. and DELL PRODUCTS L.P.,<br><br>    Plaintiffs,<br><br>    v.<br><br>HITACHI, LTD., *et al*.,<br><br>    Defendants. | **DECLARATION OF DEBRA D. BERNSTEIN IN SUPPORT OF DELL INC. AND DELL PRODUCTS L.P.'S RESPONSE IN OPPOSITION TO STATE OF ILLINOIS' MOTION TO FILE DOCUMENTS ON THE PUBLIC RECORD** |

I, Debra D. Bernstein, declare as follows:

1. My name is Debra D. Bernstein. I am a partner with the law firm of Alston & Bird LLP, counsel for Plaintiffs Dell Inc. and Dell Products L.P. (collectively, "Dell") in the above-captioned action in the U.S. District Court for the Northern District of California.

2. I have personal knowledge of the matters in this declaration and, if I were called to testify, I would do so completely and under oath.

3. Dell was a Plaintiff in *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. 3:07-CV-5944 (MDL No. 1917) (N.D. Cal.) ("CRT MDL"). It is a leading technology company, offering a broad range of technology products, solutions, services, and support. Dell sells a number of models of notebook and desktop computers and previously sold Cathode Ray Tube ("CRT") monitors, which are at issue in this litigation.

4. The State of Illinois has requested that Dell file publicly on the docket un-redacted versions of numerous different motions and responses filed in the CRT MDL. Some, but not all, of the motions and responses that the State of Illinois has requested that Dell file publicly are Dell's Opposition to Defendants' Motion for Summary Judgment with Respect to Dell's Foreign Purchases [Dkt. No. 3234-3], Dell's Response in Opposition to Defendants' Joint Motion for Partial Summary Judgment on Statute of Limitations Grounds [Dkt. No. 3230-3], Dell's Reply Memorandum in Opposition of Defendants' Motion for Summary Judgment with Respect to Dell's Foreign Purchases [Dkt. No. 3432], and Dell's Reply Memorandum in Opposition of Defendants' Motion for Summary Judgment on Statute of Limitations Grounds [Dkt. No. 3432]. The State of Illinois further asks that Dell refile publicly hundreds of exhibits that Dell filed in support of these motions and responses.

5. Portions of each of these motions and responses, along with many of the exhibits in support, were designated by Dell or other parties as "Highly Confidential" under the Protective Order (MDL Dkt. No. 306) ("MDL Protective Order") in the CRT MDL. The MDL Protective Order defines

"Highly Confidential Information or Items" as those items that are "extremely sensitive Confidential Information or Items whose disclosure to another Party or non-party would create a substantial risk of injury that could not be avoided by less restrictive means."

6. In the initial filing of the dispositive motions and responses, Dell and its attorneys spent many hours reviewing and preparing its motions, responses, and supporting exhibits for filing.

7. In the fourteen days since the State of Illinois lodged its Motion to File Documents on the Public Record, Dell has identified at least four Dell documents requested to be unsealed by the State of Illinois' Motion for which Dell opposes the State of Illinois' Motion and believes the documents should be maintained under seal. Specifically, included in the exhibits that the State of Illinois asks Dell to file publicly are (a) the Master Purchase Agreement ("MPA") between Dell and U.S. Philips Corporation [attached as Ex. 8 to Dkt. No. 3234-1], (b) the MPA between Dell and Samsung Electronics Company, Ltd. [attached as Ex. 9 to Dkt. No. 3234-1], (c) the Strategic Alliance Agreement ("Strategic Agreement") between Dell and Koninklijke Philips Electronics N.V. [attached as Ex. 25 to Dkt. No. 3234-1 and Ex. 8 to Dkt. No. 3238-1], and (d) the Strategic Alliance Agreement for Long Term Supply & Procurement between Dell and Samsung Electronics Co., Ltd. [attached as Ex. 24 to Dkt. No. 3234-1].

8. The MPAs and Strategic Agreements contain critical terms and conditions that govern the commercial relationship between Dell and its respective suppliers related to CRT monitors and commodities other than CRT monitors. The MPAs and Strategic Agreements are detailed and commercially sensitive, and their disclosure would provide other technology companies with an unfair commercial advantage when negotiating with Dell. Given the sensitive nature of the MPAs and Strategic Agreements and the obligations thereunder, Dell is contractually bound under these agreements to keep their respective terms confidential.

9. Public disclosure of the MPAs and Strategic Agreements would cause Dell significant economic harm by providing Dell's suppliers and competitors with an improper business advantage by disclosing to them the exact terms upon which Dell deals with other suppliers and confidential details about Dell's negotiations with suppliers. Consistent with the commercially sensitive nature of this information, Dell has executed contracts, including non-disclosure agreements, which protect the MPAs and Strategic Agreements from public disclosure.

10. Dell initially executed the MPAs and Strategic Agreements some years ago: the Philips and Samsung MPAs in 1998, and the Philips and Samsung Agreements in 2002. However, the MPAs and Strategic Agreements include lengthy terms or auto-renewal clauses, meaning that despite their execution dates, three of the four are still currently active agreements. Moreover, the MPAs and Strategic Agreements relate to Dell's purchasing of multiple, separate components, including not only CRTs, but also products such as liquid crystal display panels, optical disk drives and memory, which are products still purchased by Dell.

11. Exhibits filed in support of Dell's motions, responses and replies in the CRT MDL include not just the MPAs and Strategic Agreements but also witness testimony and declarations that refer to these documents and their provisions.

12. Dell has previously sought to protect its MPAs and Strategic Agreements from disclosure in other cases pending in the United States District Court for the Northern District of California and those motions for seal have been granted. *See, e.g.*, *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, 07-md-1827 (N.D. Cal.) (MDL Dkt. Nos. 1970, 1973); *In re Optical Disk Drive Products*, 10-md-02143 (N.D. Cal.) (MDL Dkt. Nos. 122, 1240, 1557, 1686, 1839).

13. Dell's attorneys have confirmed with counsel for Koninklijke Philips Electronics N.V. and Samsung Electronics Company, Ltd. (the counter parties to Dell in the MPAs and Strategic Agreements) that they also support maintaining the MPAs and Strategic Agreements under seal.

14. Dell is no longer an active litigant in the CRT MDL. Rather, Dell has dismissed its claims against Defendants. [*See, e.g.*, Dkt. Nos. 4163, 4595, 4600, 4606, 4715, 4784, 4915.]

Executed on December 12, 2016 in Atlanta, Georgia.

Respectfully submitted,

*/s/ Debra D. Bernstein*
Debra D. Bernstein, Esq.
ALSTON & BIRD LLP
1201West Peachtree Street
Atlanta, Georgia 30309-3424
Tel: (404) 881-7000
Facsimile: (404) 881-7777
debra.bernstein@alston.com

*Attorney for Plaintiffs Dell Inc. and Dell Products L.P.*