IAN SIMMONS (*pro hac vice*)
Email: isimmons@omm.com
KEVIN D. FEDER (SBN 252347)
Email: kfeder@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Attorneys for Non-Parties
**SAMSUNG ELECTRONICS CO., LTD.**
**SAMSUNG ELECTRONICS AMERICA, INC.**

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:07-cv-05944 SC<br><br>MDL No. 1917<br><br>**NON-PARTY SAMSUNG ELECTRONICS CO., LTD. AND NON-PARTY SAMSUNG ELECTRONICS AMERICA, INC.'S OPPOSITION TO STATE OF ILLINOIS' MOTION TO FILE DOCUMENTS ON THE PUBLIC RECORD**<br><br>Judge: Hon. Jon S. Tigar<br>Court: Courtroom 9, 19th Floor<br>Date: January 5, 2017 |
| This Document Relates To:<br><br>ALL ACTIONS | |

Non-parties Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") respectfully oppose the State of Illinois' Motion to File Documents on the Public Record (Dkt. No. 5063). Instead of unsealing *en masse* all of the hundreds of filings identified in Illinois' motion, SEC and SEA endorse the solution put forward by certain defendants: bring Illinois under the MDL Protective Order so that it may have access to any material filed under seal in the MDL. *See* Dkt. No. 5071.

* * *

SEC and SEA were voluntarily dismissed from the CRT MDL by the Direct Purchaser Plaintiffs, Indirect Purchaser Plaintiffs, and Direct Action Plaintiffs in 2013.[1] Both during the time SEC and SEA were actively involved in the CRT MDL litigation, and after their dismissal, SEC and SEA produced documents under the terms of the Court's Protective Order. Illinois now seeks to unseal hundreds of filings—most of which SEC and SEA have not seen because they were filed under seal long after SEC's and SEA's dismissal. *See* Dkt. No. 5063-4. However, it is possible that many of those documents could contain confidential information belonging to SEC and SEA.[2] It would be burdensome and impractical to require non-parties like SEC and SEA to inspect hundreds of sealed filings that they likely do not currently have access to in order to avoid the possible public unsealing of their confidential information.

SEC and SEA do not object to Illinois having access to any sealed filings in the MDL proceeding, provided Illinois agrees to be bound by the MDL Protective Order. Once it has access to the filings under the terms of the MDL Protective Order, Illinois could meet and confer with any affected parties or non-parties whose information they believe should be unsealed and made public. This solution would provide a more fair and orderly approach to unsealing that would address Illinois' immediate needs, while protecting non-parties from wholesale unsealing of their confidential information without an adequate opportunity to intervene.

---

[1] *See* Stip. of Dismissal of Defendants SEC and SEA (Mar. 13, 2013) [Dkt. No. 1596]; *See* Stip. of Dismissal of Defendants SEC and SEA (May 22, 2013) [Dkt. No. 1687]; Stip. and Order of Dismissal of Defendants SEC and SEA (June 7, 2013) [Dkt. No. 1720].

[2] For example, SEC and SEA understand that one of the filings Illinois seeks to unseal may attached and cite to currently-operative master agreements between Dell and SEC.

-1-

| | |
|---|---|
| Dated:  December 12, 2016 | Respectfully submitted,<br><br>By: */s/ Kevin D. Feder*<br><br>IAN SIMMONS<br>Email:  isimmons@omm.com<br>KEVIN D. FEDER<br>Email:  kfeder@omm.com<br>**O'MELVENY & MYERS LLP**<br>1625 Eye Street, NW<br>Washington, DC 20006<br>Telephone:  (202) 383-5300<br>Facsimile:  (202) 383-5414<br><br>*Attorneys for Non-Parties Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.* |

-2-

NON-PARTY SEC'S AND NON-PARTY SEA'S
OPPOSITION TO STATE OF ILLINOIS' MOTION TO
FILE DOCUMENTS ON THE PUBLIC RECORD

CASE NO. 07-5944
MDL 1917