Blake L. Harrop
Chadwick O. Brooker
Antitrust Bureau
Office of the Illinois Attorney General
100 W. Randolph Street
Chicago, Illinois 60601
(312) 814-1004 (phone)
(312) 793-3891 (phone)
(312) 814-4209 (fax)
bharrop@atg.state.il.us
cbrooker@atg.state.il.us

*Counsel for the State of Illinois*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. CV-07-5944-JST<br>MDL No. 1917<br><br>**State of Illinois' Reply In Support of Its Motion to File Documents on the Public Record** |
| This Document Relates To:<br><br>All Actions | Date:   January 5, 2017<br>Time:   2 pm<br>Court:  Courtroom 9, 19th Floor, 450 Golden Gate Ave., San Francisco, CA<br>Judge:  Hon. Jon S. Tigar |

1

## Introduction

2    The State asks the Court to order the parties who filed merits-related

3  documents under seal to refile those documents on the public record. The

4  State's request falls within the Ninth Circuit's directive for transparency.

5  Although sometimes there are legitimate needs for confidentiality,

6  transparency in the judiciary—specifically, public access to documents filed

7  in court—engenders public confidence in the administration of justice.[1] In

8  particular, the Ninth Circuit recognizes the need for public access to

9  documents related to the merits and imposes a stringent standard for filing

10  them under seal: The party seeking secrecy must provide a compelling

11  reason.[2]

12    Here, only one party opposing the State's motion—Dell—argues that it

13  has a compelling reason, but it relies on the same conclusory statements it

14  used earlier. The others complain of burden. But the only burden is redacting

15  privacy information, which FRCP 5.2 requires for every filing. Although the

16  parties opposing the motion say the State should be satisfied with access for

17  itself, they fail to appreciate the public's interest in access—an interest the

18  Court is bound to protect.

19

20

21

22  [1] *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *see also Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d

23  299, 305 (6th Cir. 2016) (recognizing in antitrust cases that "the public's interest is focused not only on the result, but also on the conduct giving rise

24  to the case" (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983))).

25

26  [2] *Auto Safety*, 809 F.3d at 1096; *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

## I. None of the parties opposing the State's motion established a compelling reason to keep the documents under seal.

Filing merits-related documents under seal requires a compelling reason.[3] To show a compelling reason, the Ninth Circuit insists that those seeking to keep documents under seal provide for each document[4] "*specifi*c factual findings," "*specifically* articulated reasons," a "*specific* linkage [to] the documents," and "*specific* prejudice or harm."[5] As the State showed in its opening brief, the parties' and nonparties' reasons are generic and do not justify sealing the merits-related documents.

The Defendants apparently concede as much. None cite any compelling reasons. None claim they narrowly tailored their requests. And none argue their declarations provide the specificity required for sealing a document.

Only Dell, a plaintiff, argues it satisfied the Ninth Circuit's standards.[6] Dell asks to keep four contracts it has with Samsung and Philips entirely under seal: two master-purchase agreements (MPAs) and two strategic-alliance agreements (SAAs). Dell says these contracts have "commercially sensitive information such that their disclosure would provide other

---

[3] *Auto Safety*, 809 F.3d at 1096.

[4] *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308-09 (N.D. Cal. 2005) (requiring "particular harm . . . from disclosure of each individual document" and citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2002)).

[5] *Kamakana*, 447 F.3d at 1178, 1182, 1184, 1186 (emphasis added); *see also Shane Grp.*, 825 F.3d at 307-08 (explaining that "specificity is essential" (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001))).

[6] Dell's Resp. 2, Dec. 12, 2016, ECF 5073 (claiming "Dell provided the necessary declarations in support of the materials it filed under seal").

1   technology companies with an unfair commercial advantage."[7] Dell supports

2   these claims with a new declaration that says the contracts are "commercially

3   sensitive" and disclosure would cause "significant economic harm."[8] These

4   statements, however, are the same boilerplate Dell used in its original

5   motions[9] and declarations.[10] And boilerplate, the Ninth Circuit has said, is

6   insufficient.[11]

7       Dell does nothing to establish a compelling reason to keep the contracts

8   under seal. It concedes that one contract has expired and the other three are

9   old.[12] Although Dell claims the three old contracts are "currently active," that

10   claim is based only on their automatic-renewal clauses.[13] Dell omits that

11   their initial terms ended over a decade ago, and it does not say if it has made

12   even one purchase under the contracts since. Nor does Dell identify which

13   paragraphs of these contracts have sensitive information, ignoring Local

14   Rule 79-5(e)'s requirement that sealing requests be "narrowly tailored to seal

---

[7] *Id.* at 2-3.

[8] Bernstein Decl. ¶¶ 8-9, Dec., 12, 2016, ECF 5073-1.

[9] *See* Dell's Admin. Mot. to File Docs. Under Seal at 2, ECF 3234 ("This information is confidential commercial information, the disclosure of which would prejudice Dell in its commercial relationships . . . ."); Dell's Admin. Mot. to File Docs. Under Seal at 3, ECF 3238 (same).

[10] *See* Kent Decl. ¶ 10 (Philips MPA), ¶11 (Samsung MPA), ¶ 26 (Samsung SAA), ¶ 27 (Philips SAA), ECF 3234-1; Kent Decl. ¶ 11 (Philips MPA), ECF 3238-1.

[11] *See, e.g., Kamakana*, 447 F.3d at 1182 (rejecting "conclusory statements" as not specific enough for a compelling reason).

[12] Bernstein Decl. ¶ 10, ECF 5073-1 (admitting the contracts were entered in 1998 and 2002).

[13] *Id.*

1  only the sealable material." Courts should not have "to guess at what is

2  considered to be confidential and proprietary" or seal an entire "document

3  that appears to contain limited confidential or proprietary information."[14]

4      Here, some terms are not confidential: Dell itself disclosed that the

5  MPAs' terms made prices "binding on Dell's Foreign Affiliates" and "required

6  worldwide prices to be negotiated in Texas."[15] Although Dell agreed with

7  Philips and Samsung to keep the documents secret,[16] "[t]he existence of a

8  contractual confidentiality provision, standing alone, cannot constitute a

9  'compelling reason.' By enforcing such a provision without additional

10  justification, the court would abdicate to the parties its duty to preserve

11  public access to judicial records."[17]

12      The State sympathizes with Dell as a price-fixing victim. But as a

13  plaintiff, Dell chose to litigate in a public forum, chose to file the four

14  contracts in merits-related briefs, and chose to risk disclosure.[18]

---

15
16  [14] *Nav N Go Kft v. Mio Tech. USA, Ltd*., No. 2:08-CV-01384-LRHLRL, 2008 WL 4933963, at *1 (D. Nev. Nov. 14, 2008).

17
18  [15] Dell's Opp. to Defs.' Mot. for Summ. J.  With Respect To Dell's Foreign Purchases under the FTAIA at 2, 7, Dec. 22, 2014, ECF 3234-3.

19  [16] Bernstein Decl. ¶¶ 8-9.

20
21
22  [17] *In re Azabu Bldgs. Co*., No. 05-50011, 2007 WL 461300, at *2 (Bankr. D. Haw. Feb. 7, 2007)); *see also La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, No. 09-CV-03529 JSW (NC), 2013 WL 636028, at *1 (N.D. Cal. Feb. 20, 2013) ("The existence of a confidentiality provision, without more, does not constitute good cause . . . .").

23
24
25
26  [18] *See, e.g.*, *Intermec, Inc. v. IBM Corp*., No. C11-0165-JCC, 2011 WL 13121690, at *7 (W.D. Wash. Dec. 9, 2011), *rev'd in part on other grounds*, 552 F. App'x 687 (9th Cir. 2014) (refusing to seal the plaintiff's contracts without a compelling reason, despite confidentiality agreements, because "[s]ophisticated actors understand that contracts are subject to enforcement in public venues" and the "[p]laintiff chose to litigate in a public venue").

---

1

2

**II. Because there are no compelling reasons to keep the merits-related documents under seal, the Court should require the filing parties to refile them on the public record.**

3

4

5

6

7

For sealed documents, FRCP 5.2(d) allows a court to "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Because the parties and nonparties failed to establish compelling reasons for these documents, the Court should order the documents to be refiled on the public record within 60 days.[19]

8

9

10

11

12

13

14

15

16

The parties opposing the motion object to the administrative burden of refiling the documents.[20] Although they invoke the proportionality rule under FRCP 26,[21] the Ninth Circuit has explained that "[d]ifferent interests are at stake with the right of access than with Rule 26(c)."[22] Unlike the circumstances in the Defendants' cases, *Gilead* and *Qualcomm*,[23] when, as here, the issue is judicial records, "the private interests of the litigants are not the only weights on the scale. Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default."[24]

17

18

19

[19] *See* State's Proposed Order, ECF 5063-10 (giving filing parties 60 days). *But see* Dell's Resp. 1 ("The State . . . asks Dell to file publicly un-redacted copies . . . with only fourteen days to respond.").

20

[20] Defs.' Resp. 1, 4-5, ECF 5071; Samsung Electronics' Opp. 1, ECF 5074; Dell's Resp. 1, 3.

21

22

[21] Defs.' Resp. 5; Dell's Resp. 4 n.3.

23

[22] *Kamakana*, 447 F.3d at 1180.

24

25

[23] *Gilead Sciences, Inc. v. Merck & Co.*, No. 5:13-cv-04057-BLF, 2016 WL 146574, at *2 (N.D. Cal. Jan. 13, 2016) (considering discovery under Rule 26); *In re Ex Parte Appl. of Qualcomm*, 162 F. Supp. 3d 1029 (N.D. Cal. 2016) (considering discovery under 28 U.S.C. § 1782).

26

[24] *Kamakana*, 447 F.3d at 1180.

1    Even if the burden of refiling the documents were relevant, the parties

2    opposing the motion overstate it. They premise their objection on the notion

3    that they would review and redact the documents anew.[25] They are mistaken.

4    They already had two chances to show compelling reasons to protect their

5    information: when they first filed the documents and when they responded to

6    the State's motion. But they provided none. Parties may be entitled to a

7    second chance[26]—but not a third. Redactions now should be limited to

8    information, if any, that FRCP 5.2 requires based on personal privacy: social-

9    security numbers, home addresses, and personal telephone numbers.[27]

10   That makes the burden light, especially because none of the objecting

11   parties would be responsible for even 20 docket entries:

| Opposing Party | Docket Entries |
|----------------|----------------|
| Dell           | 10             |
| Hitachi        | 8              |
| Mitsubishi     | 9              |
| Panasonic      | 15             |
| Philips        | 9              |
| Samsung SDI    | 12             |
| Thomson        | 7              |
| Toshiba        | 18             |

18   If the parties could bear the burden of filing the documents the first time,

19   exhibits included, they can file them a second time.

---

[25] *See* Defs.' Resp. 1 (complaining of the "burden of reviewing hundreds of documents . . . for the purpose of determining which portions of them could be refiled publicly . . .").

[26] *See Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.,* No. 12-CV-03844-JST, 2015 WL 984121, at *8 (N.D. Cal. Mar. 4, 2015) (giving parties a second chance—and only seven days—to establish a basis for sealing before requiring the documents to be filed on the public record).

[27] *Foltz*, 331 F.3d at 1137 (allowing redactions for "names, addresses, telephone numbers, and social security numbers").

Because Samsung Electronics is not among the filing parties, it would have no burden at all. Although it says, because it was dismissed years ago, it would have to "to inspect hundreds of sealed filings,"[28] Samsung Electronics already had its opportunity to protect confidential information. If its information was filed under seal, the filing party had to notify Samsung Electronics under Local Rule 79-5(e). The rule then would impose upon Samsung Electronics the responsibility to establish the information was sealable under the Ninth Circuit's standards.[29] But Samsung Electronics doesn't say if any of its information was filed. If it was, and Samsung Electronics did nothing, it squandered its opportunity to protect that information. Samsung Electronics offers no reason, much less the required good cause, to be exempt from Rule 79-5(e).

### III. The State's remedy—refiling the documents on the public record—is justified because the Ninth Circuit's sealing standards provide access not only for the State but for the public.

The parties opposing the State's motion have provided no compelling reason to keep the documents from public view.

Instead, they argue that only the State of Illinois should have access, provided the State signs onto the Protective Order.[30] But had the State's goal been merely getting access for itself, the State could have relied on the Ninth Circuit's policy to give access to collateral litigants.[31] The State could have

---

[28] Samsung Electronics' Opp. 1.

[29] *See Kamakana*, 447 F.3d at 1183-84 (applying the same stringent compelling-reason standard to a nonparty).

[30] Defs.' Resp. 1, 4; Samsung Electronics' Opp. 1; Dell's Resp. 3-4.

[31] *See Foltz*, 331 F.3d at 1132.

1   avoided reviewing all the sealed filings, reading all the related declarations,

2   and preparing the extensive charts for its motion.[32] No, the State's motion is

3   about giving the public access.

4       The Illinois Attorney General believes "an open, honest and accountable

5   government, the cornerstone of a democracy, can be achieved only through

6   the free and open exchange of information between government and the

7   public."[33] That policy requires litigating cases in public view to the extent

8   practical. For filings in the State's CRTs case, the State has consistently

9   challenged attempts to inappropriately file documents under seal. Although

10   the Defendants try to impugn the Attorney General's motive for this

11   motion,[34] they ignore her strong policy for transparency.

12       If required to sign onto a second protective order in this case, the State

13   would not abandon that policy of transparency. Instead, it would challenge

14   confidentiality designations twice—once in its own case and once here—

15   guaranteeing regular interventions by the State.

16

17

18

19

20

21

22

23

24

[32] *See* State's Mot., Exs. A-C, ECFs 5063-2, 5063-3, & 5063-4.

[33] *See, e.g.*, Illinois Attorney General, Ensuring Open & Honest Gov't,
http://foia.ilattorneygeneral.net/Default.aspx (last visited Dec. 15, 2016).

25

26   [34] Defs.' Resp. 3-4.

## Conclusion

The resistance to the State's request—from both the Defendants and Dell—suggests a belief that public courts, staffed by public servants, and paid for by public funds, are private venues. The parties used a stipulated protective order, despite its command to use care, to designate nearly all their documents confidential, knowing that some would later be used in merits-related filings. When that time came, the parties filed the documents under seal with boilerplate declarations. Their approach obstructs the public's right of access—a right essential to the public's understanding and confidence in the judicial process.[35]

The Court should order the filing parties to refile on the public record. The revised proposed order (Exhibit A) clarifies that the filings should be one complete, correct version. For example, for ECFs 3023 and 3041, LG should file one complete, correct version of its summary-judgment papers and exhibits, including documents in ECFs 3066, 3067, and 3097.

Dated: December 16, 2016          Respectfully submitted,

LISA MADIGAN,
Attorney General of Illinois

By: /s/ Chadwick O. Brooker
Chadwick O. Brooker, AAG
Antitrust Bureau
Office of the Illinois Attorney General
100 W. Randolph Street
Chicago, Illinois 60601
(312) 793-3891
cbrooker@atg.state.il.us

---

[35] *Auto Safety*, 809 F.3d at 1096, 1102; *see also The Sedona Guidelines: Best Practices Addressing Protective Orders, Confidentiality & Public Access in Civil Cases*, 8 Sedona Conf. J. 141, 142 (2007) ("Fair and open judicial proceedings and decisions encourage public confidence in and respect for the courts—a trust essential to continued support of the judiciary.").