UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
|---|---|
| | Case No. C-07-5944 JST |
| This Order Relates To: | **ORDER** |
| | ECF No. 5063 |
| ALL ACTIONS | |

Before the Court is Intervenor State of Illinois' (the "State") Motion to File Documents on the Public Record. For the reasons stated below, the Court denies the motion, but grants the State leave to interview for the purposes of joining and being subject to the parties' Protective Order.

**I.     BACKGROUND**

In the early days of this case, the parties entered into a Protective Order, which set out a process for designating documents as confidential. ECF No. 306. The parties relied liberally on the Protective Order during discovery and subsequently filed many documents with this Court under seal. See ECF No. 5063-2. Some number of these documents may not have met the standards for sealing because, among other reasons, the designating party lacked compelling reasons to seal or because the entire document was filed under seal when a redacted version would have sufficed to protect the confidential information. See generally ECF NO. 5063. The volume of motions to seal, however, sometimes made it difficult for the Court to assess each motion as carefully as it might have liked. See, e.g., ECF No. 2981 (motion to seal with attachments totaling 396 pages).

Now, eight years after the filing of the Protective Order, the State has filed a motion to unseal in their entirety a long list of merits-related filings (and their exhibits) that were previously

filed under seal.  ECF No. ECF No. 5063-4.  The State is pursuing its own related case in Illinois state court against a subset of the defendants here.

**II.     ANALYSIS**

The Court agrees with the State that too many documents have been filed under seal in this case.  That said, there are persuasive reasons not to take the action the State requests.  First, although cathode ray tubes ("CRTs") – the technology at issue in this case – are now obsolete, it does not follow that the sealed documents no longer contain any confidential business information.  Dell, for example, has identified sealed documents that apply to technologies beyond CRTs and that contain "critical terms and conditions that govern Dell's commercial relationship" with other entities.  ECF No. 5073 at 3.  Second, and more practically, the relief the State seeks would impose a substantial burden on many parties to this case.  Before re-filing any documents publicly, the MDL parties would be required to sift through not only the 180 documents the State has identified, but also their voluminous accompanying exhibits, to confirm that those documents contain sealable information.  This is no small task.  And the burden would fall not just on the alleged conspirators, but on victims of the conspiracy.  See id. at 2.  While some of the documents at issue might be shown not to be confidential, others would be shown to be properly sealed – meaning that a great deal of effort would have been expended to maintain the status quo.  Finally, the State's request would likely impose a serious burden on this Court, given that a blanket order to unseal is certain to generate a new wave of briefing about particular documents from plaintiffs and defendants alike.

Fortunately, several of the parties have suggested a reasonable, alternative approach:  to grant the State leave to intervene for the purpose of becoming a party to the Protective Order.  No party other than the State opposes this solution,[1] which would give the State access to all the documents it needs to prosecute its related case in Illinois state court.  Moreover, using that access, the State would be in a better position to identify the sealed documents it believes contain no confidential information and which would actually be useful to the public.  These benefits would

---

[1] Indeed, Defendants unsuccessfully proposed this solution to the State prior to filing this motion. ECF No. 5071 at 3.

accrue without requiring that the MDL parties (and the Court) shoulder the substantial burden of re-reviewing the sealed documents the State identified.

The State emphasizes in reply that it seeks to unseal these documents not only for its own case but also to vindicate the public's right of access. The Court is sympathetic to this argument. It is hard to imagine, however, that the public has much interest in the merits briefing of this case. The technology is now obsolete, and any claims about it are aged. What claims do exist have already been the subject of eight years of massive litigation, most of which has now settled. And again, to the extent the State identifies certain documents it deems particularly important to the public after it joins the Protective Order, the Court will look favorably on more targeted motions to unseal.

## CONCLUSION

The Court denies the motion to file documents on the public record, but grants the State leave to interview for the purposes of joining and being subject to the Protective Order in this case.

IT IS SO ORDERED.

Dated: December 19, 2016

_____
JON S. TIGAR
United States District Judge

3