Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 788-7210
Facsimile:   (415) 788-0706
Email: fos@scarpullalaw.com
       pbc@scarpullalaw.com

Counsel for Indirect-Purchaser Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944-JST <br><br> MDL No. 1917 |
| This Document Relates to: <br><br> All Indirect-Purchaser Actions | **ADMINISTRATIVE MOTION TO REQUIRE LEAD COUNSEL TO DISCLOSE THE NUMBER OF INDIRECT-PURCHASER CLAIMANTS** <br><br> Judge:           The Honorable Jon S. Tigar |

# I.
# INTRODUCTION

For many months, the undersigned, counsel of record for Indirect-Purchaser Plaintiffs (*see* Notice of Change of Firm Affiliation, dated March 25, 2015, Doc. No. 3807), as well as for Class Member/Objector Appellant Eleanor Lewis (*see* Notice of Appearance, dated July 14, 2016, Doc. No. 4718), has requested from Lead Counsel, Trump Alioto Trump & Prescott ("TATP"), the number of natural-person class members who filed claims to share in the net settlement fund, including the number of such claims that have been approved, and the number of CRT units claimed by natural-person class members.  The undersigned also requested the same information for business-entity claimants who filed on their own or through so-called Third-Party Claims Aggregators.  To date, TATP has refused to give the undersigned that information.  Declaration of Francis O. Scarpulla, Paragraph 3, Page 1.

# II.
# THIS COURT AND COUNSEL FOR THE INDIRECT-PURCHASER PLAINTIFFS ARE ENTITLED TO KNOW THE EXTENT OF THE CLAIMS FILED AND APPROVED

The number of natural-person claimants, as well as business-entity claimants, should not be kept secret from this Court or counsel for the Indirect-Purchaser Plaintiffs – or, for that matter, the Class Members and Objectors.  In fact, case law requires that full and complete disclosure of all relevant information – even facts "sealed" during discovery – be made available not only to the Court, but to counsel in the case, as well as to Class Members themselves.  In *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 Fed.3d 299 (6th Cir. 2016), the Sixth Circuit held that a mostly-sealed record of relevant settlement information was improper, and that all such information should be made available to Class Members and Objectors.  *Accord*, *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010) (remanding fee motion where district court failed to allow class members sufficient opportunity to review documentation supporting the requested fee).

Therefore, the undersigned respectfully suggest that this Court order Lead Counsel to file with the Court and serve on all counsel the following:

      1.      The number of natural-person claimants filing claim forms to participate in the net settlement fund received by the Claims Settlement Administrator, and the number of such claims that were approved for payment, as well as the number of CRT units included in such approved claims;

      2.      The number of business-entity claimants filing claim forms to participate in the net settlement fund received by the Claims Settlement Administrator, and the number of such claims that were approved for payment, as well as the number of CRT units included in such approved claims; and

      3.      The number of business-entity claimants filing claims to participate in the net settlement fund through Third-Party Claims Aggregators received by the Settlement Claims Administrator, and the number of such claims that were approved for payment, as well as the number of CRT units included in such approved claims.

## III.
## RELEVANCE OF INFORMATION REQUESTED

In addition to all counsel for the Indirect-Purchaser Plaintiffs being entitled to receive such information, it is relevant to the fee allocation issues pending before this Court, because if the claims filed by natural-person consumers (for whom this case was brought) is miniscule, then those firms who were responsible for giving notice to such absent class members – and following up to increase those claims – failed abysmally and should not be rewarded with any significant multiplier on their lodestars.  In fact, they might be subject to a negative multiplier for failing to do a proper job.

///

///

///

## IV.
## CONCLUSION

For the above-stated reasons, the undersigned requests that the Court order Lead Counsel to disclose the information requested.

Dated: December 28, 2016

Respectfully submitted,

 /s/  Francis O. Scarpulla
            Francis O. Scarpulla

Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: 415-788-7210
Facsimile:  415-788-0706
fos@scarpullalaw.com
pbc@scarpullalaw.com

Counsel for Indirect-Purchaser Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing **ADMINISTRATIVE MOTION TO REQUIRE LEAD COUNSEL TO DISCLOSE THE NUMBER OF INDIRECT-PURCHASER CLAIMANTS** was filed *via* CM/ECF on December 28, 2016 and as a result has been served on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Francis O. Scarpulla
Francis O. Scarpulla