Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the
Indirect Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST; No. CV-13-03234-JST |
| | MDL No. 1917 |
| | **CLASS ACTION** |
| This Document Relates to: All Indirect Purchaser Actions | **LEAD COUNSEL'S OPPOSITION TO ADMINISTRATIVE MOTION TO REQUIRE LEAD COUNSEL TO DISCLOSE NUMBER OF INDIRECT PURCHASER CLAIMANTS; MOTION TO STRIKE SAME** |
| | Judge: Honorable Jon S. Tigar<br>Court: Courtroom 9, 19th Floor |

Lead Counsel opposes and moves to strike the Administrative Motion to Require Lead Counsel to Disclose Number of Indirect Purchaser Claimants, ECF No. 5085 (the "Administrative Motion" or "Motion") filed by the Law Office of Francis O. Scarpulla ("Scarpulla").

## INTRODUCTION

A "frivolous" motion is defined by the United States Supreme Court as one where "none of the legal points are arguable on their merits." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This Administrative Motion meets the definition of frivolous because the arguments on which the motion is based—that the claims are low because notice was inadequate—have already been rejected by the Court. In addition, the Motion raises substantive issues and is therefore improperly filed as an "administrative motion" in an effort to prejudice, harass and annoy Lead Counsel over the Holidays. Finally, the Motion is untimely in that it purports to be relevant to the fee allocation, which has already been fully briefed and submitted to the Court. Lead Counsel respectfully requests that the Motion be stricken or, in the alternative, denied.

## BACKGROUND

Mr. Scarpulla applied for Lead Counsel in this case but was not selected. (ECF No. 47.) He never accepted TATP's appointment as Lead Counsel. His time records show that he continued to work behind the scenes without authorization, although he had very little to do with the case until it was almost over, and large settlements were obtained. (ECF No. 4818-2.) As set out in more detail in Lead Counsel's briefs regarding the fee allocation (ECF Nos. 4853; 5026; 5058), Mr. Scarpulla's work was at cross purposes to other IPP Counsel and the Class. He made no meaningful contribution to the case. As a result, Lead Counsel proposed a fee for Scarpulla that is less than the amount claimed. Since then, Scarpulla has taken on the role of "settlement spoiler."

Scarpulla received notice of the settlements, the plan of distribution and the notice plan in May 2015. It did nothing. Instead, it waited until after the $1.5 million notice program had been implemented, and objected to the settlements and IPP Counsel's fee motion. It did not object on behalf of any class member. This Court overruled Scarpulla's objections and found that it lacked standing to object to the settlements. (ECF No. 4712 at 35.) Nevertheless, Scarpulla's objections caused unnecessary delay and

expense for the Class and IPP Counsel, and put the settlements at risk. In addition, the Special Master found certain of Scarpulla's objections to be frivolous. (*See* ECF Nos. 4976 at 13-14; 5059 at 7 (summarizing the Special Master's findings regarding the objections by Scarpulla and Cooper).)

A week after the Court issued its order approving the settlements, Scarpulla filed a Notice of Appearance on behalf of Eleanor Lewis—a putative class member—in an effort to cure its standing problem. (ECF No. 4718.) Lewis never objected to the settlements or the fee motion before this Court. Despite this, Lewis has appealed the Court's approval of the settlements and the fee award. A motion to dismiss Lewis' appeal for waiver and lack of jurisdiction is pending in the Court of Appeals.

## ARGUMENT

### I. THE ADMINISTRATIVE MOTION IS IMPROPER, UNTIMELY AND FRIVOLOUS AND SHOULD BE STRICKEN

The Court has the inherent power to strike matters. *See Jones v. Metro. Life Ins. Co.*, No. 08 Civ. 03971 (JW) (DMR), 2010 WL 4055928, at *6 (N.D. Cal. October 15, 2010) ("[B]ased on its inherent powers, a court may strike material from the docket, including portions of a document, reflecting procedural impropriety or lack of compliance with court rules or orders."); *Timbisha Shoshone Tribe v. Kennedy*, No. 09 Civ. F. 1248 (LJO) (SMS), 2010 WL 582054, at *2 (E.D. Cal. Feb. 18, 2010) (a "Court may strike an untimely-[filed] document using its inherent powers to manage and control its docket and as a sanction for violating [a] Court's order.").

The Court should strike this "Administrative Motion" because it does not involve a "miscellaneous administrative matter," such as a request to exceed the applicable page limits or to seal documents, as envisioned by Civ. L. R. 7-11.[1] Rather, this Motion raises substantive issues relating to standing, waiver, relevance, adequacy of notice and allocation of the aggregate fee award, and is more in the nature of a motion to compel discovery. It should therefore have been filed as a regularly noticed motion under Civ. L.R. 7-2, with 14 days to respond rather than four days under

---

[1] *See* Civ. L.R. 7-11: "The Court recognizes that during the course of case proceedings a party may require a Court order with respect to *miscellaneous administrative matters*, . . . These motions would include matters *such as motions to exceed otherwise applicable page limitations or motions to file documents under seal*, for example." (Emphasis added.)

1  Rule 7-11. The improper filing of this Motion as an administrative motion has prejudiced Lead
2  Counsel by reducing the time to respond by 10 days during the Holidays.
3      The Motion is also untimely. The Motion states that the requested claims information is
4  relevant to the allocation of the aggregate fee among IPP Counsel. But all of the deadlines for
5  submissions regarding the fee allocation have long-since passed. The deadline for submissions to the
6  Special Master regarding the fee allocation was September 23, 2016 (ECF No. 4748), and objections
7  to the Special Master's Report & Recommendation on the fee allocation were due on November 11,
8  2016. (*See* ECF No. 4077 (Order requiring objections to Special Master's Report and
9  Recommendation within 14 days of the R&R).)  No additional filings or evidence are permitted at
10 this stage without leave of the Court.
11     Finally, this Motion is frivolous and was filed for an improper purpose to harass and annoy
12 Lead Counsel. The crux of the Motion is Scarpulla's contention that the number of claims by natural
13 persons is indicative of adequacy of notice, and that if the claims are low, the fee allocated to
14 counsel responsible for the inadequate notice should be reduced.  But both the Court and the Special
15 Master have already found that notice of the settlements was adequate, and have specifically rejected
16 Scarpulla's argument that the number of claims is low. (*See* ECF No. 4721 at 9 (approving the
17 Special Master's findings regarding the reach of the notice, "which are supported by the strong
18 response rate to the notices."); *id*. at 31-32 (finding that Scarpulla "offer[ed] no persuasive basis for
19 concluding that the claims rate would have been higher with a different notice.").) Jurisdiction over
20 objections to the notice and claims now lies with the Ninth Circuit.
21     In addition, during the fee allocation proceedings, the Special Master also rejected
22 Scarpulla's contention that Lead Counsel should be ordered to disclose the number of natural person
23 claimants, and that Lead Counsel's fee allocation should be reduced if the claims are few. (*See* ECF
24 Nos. 4818 at 16 (Scarpulla objection to "limited claims"), and 4976 at 16 (summarily rejecting
25 "Objections 3-8"—which include the "limited claims" objection—as having "no merit").) Scarpulla
26 failed to object to this finding (*see* ECF No. 5023) and the fee allocation proceedings have now
27
28

concluded. Under the law of the case, therefore, none of the legal arguments that provide the basis for this Motion are arguable on their merits. *Neitzke v. Williams*, 490 U.S. at 325.

In light of the improper, untimely and frivolous nature of this "Administrative Motion," the only possible reason for Scarpulla filing it now—in the week between Christmas and New Year's when many people are on vacation, and with only four days to respond—is to harass and annoy Lead Counsel in violation of Fed. R. Civ. P. 11(b). The Motion must be stricken.

## II.     THERE IS NO SUPPORT FOR THE RELIEF REQUESTED

Aside from the fundamental obstacles outlined above, there is no support for the relief requested. Scarpulla argues that (1) as counsel of record for the IPPs and counsel for "Class Member/Objector Appellant Eleanor Lewis," it is "entitled" to the detailed claims information it requests; and (2) the claims information is relevant to the fee allocation. It is wrong on both counts.

First, this Court has ruled that Scarpulla lacks standing to object to the settlements (ECF No. 4712 at 35). Thus, to the extent Scarpulla is attempting to re-open settlement objections such as adequacy of notice, it lacks standing to do so and is acting in direct conflict with this Court's Order.[2] In addition, as already demonstrated above, Scarpulla waived any entitlement it had to the claims information because it failed to object to the Special Master's rejection of its argument that Lead Counsel should be ordered to produce such information.

As for Scarpulla's client, Eleanor Lewis, she only appeared in this litigation on July 14, 2016—*after* this Court's Order granting final approval of the settlements. She has waived any right she may have had to participate in the settlement approval proceedings or the fee motion—including demanding claims information—because she failed to object to the settlements and fees by the October 8, 2015 deadline. (*See* ECF No. 3906, ¶ 18.) In fact, she has never filed an objection.

---

[2] Mr. Scarpulla's Declaration states that the claims period ended on November 16, 2016. (ECF No. 5085-1, ¶ 4.) He cites to ECF No. 5038 in support of this. ECF No. 5038 is the Proposed Order Granting Final Approval to the Chunghwa Plan of Distribution. It says nothing about the deadline for submitting claims. The actual deadline for resellers to submit claims for the Chunghwa Settlement was November 29, 2016. (ECF No. 4953 at 6-7, n.7.) The claims deadline for the other settlements was December 7, 2015, extended for California natural persons to June 30, 2016. (ECF No. 4339.) To the extent Scarpulla is attempting to object to the Chunghwa notice and claims, he cannot do so because he failed to object to the Chunghwa notice at the final approval stage and it has now been finally approved. (ECF No. 5040 at 2-4.)

1   Lewis also lacks standing to object to the fee allocation because a change in the fee allocation will
2   not impact the amount available for distribution to class members.  It will only impact the lawyers
3   involved in the allocation.  *See Knisley v. Network Associates, Inc.*, 312 F.3d 1123, 1126 (9th Cir.
4   2002) (no Article III standing where a reduction in counsel's fees would not benefit the objector).
5         Second, Scarpulla fails to provide any authority for its "entitlement" to the claims
6   information. The cases it cites are inapposite since they address what information should be provided
7   to objectors to allow them to properly evaluate a settlement or fee petition *before* the court rules, and
8   neither involved the detailed claims information requested here.  *See Shane Group, Inc. v. Blue
9   Cross Blue Shield of Michigan*, 825 F.3d 299, 308-309 (6th Cir. 2016) (ordering that court records
10  which were highly relevant to evaluating the settlement, including the complaint, the motion for
11  class certification, the expert report and *Daubert* motion, as well as nearly 200 exhibits, be
12  unsealed); *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010) (holding
13  that class counsel's fee motion must be filed before the deadline for objections).  Here, the Court has
14  already ruled on settlement approval and fees following the development of a voluminous record on
15  adequacy of notice, claims, and many other issues. There is no question that objectors were provided
16  sufficient information to evaluate the settlements and fee petition.
17        Finally, Scarpulla also fails to provide any support for his contention that the requested
18  claims information is relevant to the fee allocation.  He merely states in a conclusory fashion that if
19  the claims of natural persons are low, then notice must have been inadequate and responsible counsel
20  should receive a small or negative multiplier on their lodestar.  But he cites no authority for this
21  contention and Lead Counsel is aware of none.  Moreover, as already demonstrated, both the Special
22  Master and the Court have examined the notice program and found it to be adequate, and have
23  rejected Scarpulla's contention that the claims here are low.  (ECF No. 4712 at 9, 31-32.)

### CONCLUSION

25  For all the foregoing reasons, the Court should strike this "Administrative Motion" as
26  improper, untimely and frivolous.  Alternatively, the Motion should be denied.
27  //
28

Dated: January 3, 2017						Respectfully submitted,

						/s/ Mario N. Alioto

						Mario N. Alioto (56433)
						malioto@tatp.com
						Joseph M. Patane (72202)
						jpatane@tatp.com
						Lauren C. Capurro (241151)
						laurenrussell@tatp.com
						TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
						2280 Union Street
						San Francisco, CA 94123
						Telephone: 415-563-7200
						Facsimile: 415-346-0679

						*Lead Counsel for Indirect Purchaser Plaintiffs*