UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>ALL INDIRECT PURCHASER ACTIONS | MDL No. 1917<br><br>Case No. C-07-5944 JST<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO REQUIRE LEAD COUNSEL TO DISCLOSE THE NUMBER OF INDIRECT-PURCHASER CLAIMANTS**<br><br>ECF No. 5085 |

On December 28, 2016, the Law Offices of Francis O. Scarpulla ("Scarpulla") filed an administrative motion seeking an order from this Court requiring Lead Counsel to disclose the "number of natural-person class members who filed claims to share in the net settlement fund, including the number of such claims that have been approved, and the number of CRT units claimed by natural-person class members." ECF No. 5085 at 2. The Court will deny the motion.

First, Scarpulla's motion is untimely. Scarpulla could have filed this motion with the Court while the period to object to the Special Master's Report & Recommendation re Allocation of IPP Class Counsel Attorneys' Fees, ECF No. 4976, was still open. Even better, Scarpulla could have sought the same relief while the fee allocation issue was still pending before the Special Master. Although the Court is obligated to conduct a *de novo* review of the proposed fee allocation, ECF No. 4298, the Court does not plan to consider new evidence that was not before the Special Master in the first instance. Cf. United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation."); Borden v. Sec'y

of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987) ("Parties must take before the magistrate, not only their best shot but all of their shots.") (internal quotation marks and citations omitted). There may be certain circumstances in which seeking discovery in order to challenge a Special Master's order is appropriate, but on the record developed thus far, this is not one of them.

Second, on the merits, Scarpulla argues that the requested information is relevant because, "if the [number of] claims filed by natural-person consumers . . . is miniscule, then those firms who were responsible for giving notice to such absent class members – and following up to increase those claims – failed miserably and should not be rewarded with any significant multiplier on their lodestars." ECF No. 5085 at 3.  But Scarpulla offers no case law to support this discovery theory.   Scarpulla directs the Court to In re Mercury Interactive Corp. Sec. Litig., 618 F.3d 988, 994 (9th Cir. 2010), but in that case the court remanded the fee motion because "by the time the [class members] were served with the motion, the time within which they were required to file their objections had already expired."  That is not the situation here.  Absent supporting precedent, the Court declines to exercise its discretion to order the claims information released.

The motion is denied.[1]

IT IS SO ORDERED.

Dated: January 11, 2017

JON S. TIGAR
United States District Judge

---

[1] The opposition also raises the issue of personal animus, ECF No. 5088 at 4, which the Court does not address in this order.