Guido Saveri (22349)
    *guido@saveri.com*
R. Alexander Saveri (173102)
    *rick@saveri.com*
Geoffrey C. Rushing (126910)
    *grushing@saveri.com*
Matthew D. Heaphy (227224)
    *mheaphy@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Lead Counsel for the*
*Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR:** |
| *Crago, d/b/a Dash Computers, Inc., et al. v. Mitsubishi Electric Corporation, et al.*, Case No. 14-CV-2058-JST. | **1) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH THE MITSUBISHI ELECTRIC DEFENDANTS;** |
| | **2) DIRECTING NOTICE TO THE CLASS; AND** |
| | **3) MEMORANDUM IN SUPPORT THEREOF** |
| | Date:         February 23, 2017 |
| | Time:         2:00 p.m. |
| | Judge:        Honorable Jon S. Tigar |
| | Courtroom: 9 |

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................ i

TABLE OF AUTHORITIES..................................................................................................... ii

NOTICE OF MOTION AND MOTION.................................................................................. iv

ISSUES TO BE DECIDED....................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES........................................................... 1

I.       INTRODUCTION ......................................................................................................... 1

II.      FACTUAL BACKGROUND ......................................................................................... 3

         A.       The Case Has Been Extensively Litigated. ...................................................... 3

         B.       The Settlement Was Preceded by Years of Negotiation. .................................. 4

         C.       Prior Settlements. ............................................................................................. 4

         D.       Class Certification and Notice to the Class. ..................................................... 5

III.     THE SETTLEMENT....................................................................................................... 6

IV.      THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT................. 7

         A.       Class Action Settlement Procedure. ................................................................. 7

         B.       Standard for Settlement Approval. ................................................................... 7

         C.       The Proposed Settlement Meets the Standard for Preliminary Approval. .................. 9

                  1.       The Proposed Settlement Is a Product of Serious, Informed, and Non-Collusive Negotiations ................................................................ 9

                  2.       The Proposed Settlement Has No Obvious Deficiencies .............................. 9

                  3.       The Proposed Settlement Does Not Improperly Grant Preferential Treatment to Class Representatives or Segments of the Class ........................................ 9

                  4.       The Proposed Settlement Falls Within the Range of Possible Approval ..... 10

                  5.       Experience and Views of Counsel Are Relevant to Initial Determination of Whether the Settlement Is "Fair, Reasonable, and Adequate".................... 11

VI.      APPOINTMENT OF CLASS COUNSEL........................................................................ 11

VII.     PROPOSED PLAN OF NOTICE ................................................................................... 12

VIII.    PROPOSED PLAN OF ALLOCATION ......................................................................... 14

IX.      THE COURT SHOULD SET A FINAL APPROVAL HEARING SCHEDULE............... 15

X.       CONCLUSION .............................................................................................................. 16

i

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
WITH THE MITSUBISHI ELECTRIC DEFENDANTS; Master File No. 07-CV-5944-JST

# TABLE OF AUTHORITIES

**CASES**

*Bellows v. NCO Financial Systems, Inc.*,
    No. 3:07-cv-01413-W-AJB, 2008 WL 5458986 (S.D. Cal. Dec. 10, 2008) ........................ 11

*Churchill Village, L.L.C. v. General Electric*,
    361 F.3d 566 (9th Cir. 2004) ............................................................................................ 7, 8

*Class Plaintiffs v. City of Seattle*,
    955 F.2d 1268 (9th Cir. 1992) .................................................................................................. 7

*Gaudin v. Saxon Mortgage Services, Inc.*,
    No. 11-cv-01663-JST, 2015 WL 4463650 (N.D. Cal. July 21, 2015) ............... 2, 7, 8, 9, 11

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1988) ................................................................................................ 11

*In re AOL Time Warner ERISA Litigation*,
    No. 02 Civ. 8853 SWK, 2006 WL 2789862 (S.D.N.Y. Sept. 27, 2006) ............................. 13

*In re Bluetooth Headset Products Liability Litigation*,
    654 F.3d 935 (9th Cir. 2011) .................................................................................................... 9

*In re Cathode Ray Tube (CRT) Antitrust Litigation*,
    308 F.R.D. 606 (N.D. Cal. 2015) (Order in re Class Certification with Respect to the
    Thomson and Mitsubishi Defendants) .............................................................. 2, 3, 5, 11, 12

*In re Cathode Ray Tube (CRT) Antitrust Litigation*,
    No. 07-CV-5944-JST, 2016 WL 3648478 (N.D. Cal. July 7, 2016) (Order Granting Final
    Approval of Indirect Purchaser Settlements) .............................................................. 8, 9, 10

*In re Cathode Ray Tube (CRT) Antitrust Litigation*,
    Nos. 07-CV-5944-JST, 14-CV-2058-JST, 2015 WL 6871439 (N.D. Cal. Nov. 9, 2015)
    (Order Granting Motion to Disseminate Notice of Direct Purchaser Class
    Certification) ....................................................................................................... 2, 5, 6, 13

*In re Cathode Ray Tube (CRT) Antitrust Litigation*,
    Nos. 07-CV-5944-JST, 14-CV-2058-JST, 2015 WL 9266493 (N.D. Cal. Dec. 17, 2015)
    (Order Granting Final Approval of Class Action Settlement with Thomson and TDA
    Defendants) ........................................................................................................ 10, 13, 14

*In re Citric Acid Antitrust Litigation*,
    145 F. Supp. 2d 1152 (N.D. Cal. 2001) ................................................................................. 14

*In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*,
    No. M-02-1486 PJH (N.D. Cal Oct. 27, 2010), ECF No. 2093 (Order Granting Final
    Approval of Plan of Allocation of Settlement Proceeds) ...................................................... 14

*In re High-Tech Employee Antitrust Litigation*,
    No. 11-CV-2509-LHK, 2013 WL 6328811 (N.D. Cal. Oct. 30, 2013) ................................. 9

*In re Linerboard Antitrust Litigation*,
    296 F. Supp. 2d 568 (E.D. Pa. 2003) ...................................................................................... 7

*In re Lloyds' American Trust Fund Litigation*,
    No. 96 Civ.1262 RWS, 2002 WL 31663577 (S.D.N.Y. Nov. 26, 2002) ............................. 14

*In re Mercury Interactive Corp. Securities Litigation*,
    618 F.3d 988 (9th Cir. 2010) .......................................................................................... 13, 15

*In re Pacific Enterprises Securities Litigation*,
    47 F.3d 373 (9th Cir. 1995) ...................................................................................................... 7

*In re Tableware Antitrust Litigation*,
    484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) ............................................................... 2, 8, 12

*In re Vitamins Antitrust Litigation*,
    No. 99-197 TFH, 2000 WL 1737867 (D.D.C. Mar. 31, 2000) ........................................ 14

*National Rural Telecommunications Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) ........................................................................................ 11

*Officers for Justice v. Civil Service Commission of the City and County of San Francisco*,
    688 F.2d 615 (9th Cir. 1982) ....................................................................................... 7, 8, 11

*Rutter & Wilbanks Corp. v. Shell Oil Co.*,
    314 F.3d 1180 (10th Cir. 2002) .......................................................................................... 11

*Spann v. J.C. Penney Corp.*,
    314 F.R.D. 312 (C.D. Cal. 2016) ....................................................................................... 13

*Torrisi v. Tucson Electric Power Co.*,
    8 F.3d 1370 (9th Cir. 1993) ............................................................................................... 13

*Van Bronkhorst v. Safeco Corp.*,
    529 F.2d 943 (9th Cir. 1976) ............................................................................................... 7

*West Virginia v. Chas. Pfizer & Co.*,
    314 F. Supp. 710 (S.D.N.Y. 1970), *aff'd*, 440 F.2d 1079 (2d Cir. 1971) .......................... 7

*Wilkerson v. Martin Marietta Corp.*,
    171 F.R.D. 273 (D. Colo. 1997) ........................................................................................ 11

**STATUTES**

Clayton Act, 15 U.S.C. § 15 ..................................................................................................... 3

Sherman Act, 15 U.S.C. § 1 ...................................................................................................... 3

**RULES**

Federal Rule of Civil Procedure 23 ................................................................................... passim

**OTHER AUTHORITIES**

4 Willam B. Rubenstein, *Newberg on Class Actions* (5th ed. 2014) ............................................ 7, 9

Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* (3d ed. 2005) ............................................................................................................................ 13

*Manual for Complex Litigation* (Fourth) (2004) ......................................................................... 2, 8

iii

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
WITH THE MITSUBISHI ELECTRIC DEFENDANTS; Master File No. 07-CV-5944-JST

### NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 23, 2017, at 2:00 p.m. or as soon thereafter as this matter may be heard, before the Honorable Jon S. Tigar, United States District Judge of the Northern District of California, San Francisco Courthouse, located at Courtroom 9, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, the Direct Purchaser Plaintiffs ("Plaintiffs") will move this Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for entry of an Order:

(i)    granting preliminary approval of the settlement ("Settlement") Plaintiffs reached with defendants Mitsubishi Electric Corporation; Mitsubishi Electric US, Inc. (formerly known as Mitsubishi Electric & Electronics USA, Inc.); and Mitsubishi Electric Visual Solutions America, Inc. (formerly known as Mitsubishi Digital Electronics America, Inc.) (collectively, the "Mitsubishi Electric Defendants");

(ii)   appointing Saveri & Saveri, Inc. as Class Counsel;

(iii)  approving the manner and form of giving notice of the Settlement to Class members;

(iv)   approving the plan of allocation; and

(v)    establishing a timetable for publishing Class notice, lodging objections to the terms of the Settlement, if any, and establishing a briefing schedule for, and holding a hearing regarding final approval of the Settlement and Plaintiffs' Application for Attorneys' Fees and Expenses and Incentive Awards.

The grounds for this motion are that: (a) the Settlement is sufficiently within the range of possible approval to justify issuing notice of the Settlement to Class members and to schedule final approval proceedings; and (b) that the form and manner of providing notice regarding the matters set forth above satisfy the requirements of Rule 23 and due process.

This motion is based upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the Declaration of R. Alexander Saveri, the Proposed Order, the complete files and records in this action, and such other written or oral arguments that may be presented to the Court.

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH THE MITSUBISHI ELECTRIC DEFENDANTS; Master File No. 07-CV-5944-JST

## ISSUES TO BE DECIDED

1.      Whether the Settlement between Direct Purchaser Plaintiffs and the Mitsubishi Electric Defendants should be preliminarily approved.

2.      Whether to appoint Saveri & Saveri, Inc. as Class Counsel.

3.      Whether to approve the manner and form of giving notice of the Settlement to Class members.

4.      Whether to approve the plan of allocation.

5.      Whether to establish a timetable for publishing Class notice, lodging objections to the terms of the Settlement, if any, and establishing a briefing schedule for, and holding a hearing regarding final approval of the Settlement and Plaintiffs' Application for Attorneys' Fees and Expenses and Incentive Awards.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Direct Purchaser Plaintiffs ("Plaintiffs") move this Court for an order preliminarily approving the class action settlement ("Settlement") reached with defendants Mitsubishi Electric Corporation; Mitsubishi Electric US, Inc. (formerly known as Mitsubishi Electric & Electronics USA, Inc.); and Mitsubishi Electric Visual Solutions America, Inc. (formerly known as Mitsubishi Digital Electronics America, Inc.) (collectively, the "Mitsubishi Electric Defendants"). The Mitsubishi Electric Defendants are the last remaining defendants; apart from settlement administration and similar issues, this Settlement, if approved, will effectively resolve the direct purchaser action.[1]

The Settlement provides for payment by the Mitsubishi Electric Defendants of $75 million for a release of class members' antitrust claims. Declaration of R. Alexander Saveri ("Saveri Decl."), Ex. 1 ("Settlement Agreement"), ¶¶ 15, 18. The Settlement was a product of lengthy and thorough arm's-length negotiations by experienced counsel informed by years of litigation. It represents an excellent recovery for the class. Saveri Decl. ¶ 3. The Settlement Agreement was

---

[1] The Court has entered a default against one remaining defendant group—Irico Display Devices Co., Ltd. and Irico Group Corporation (*see* ECF No. 4727)—and Plaintiffs now may seek a default judgment against it.

1   executed on November 16, 2016. *Id.* ¶ 2.

2          At this time, the Court need not finally determine whether the Settlement and related plan

3   of allocation are fair, reasonable, and adequate. Rather, the question is simply whether they are

4   sufficiently within the range of possible approval to justify providing notice to class members and

5   to schedule a final approval hearing. *See, e.g., Gaudin v. Saxon Mortg. Servs., Inc.,* No. 11-cv-

6   01663-JST, 2015 WL 4463650, at *3 (N.D. Cal. July 21, 2015); *In re Tableware Antitrust Litig.,*

7   484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007); *Manual for Complex Litigation* (Fourth) § 13.14

8   (2004) ("*Manual*"). The Settlement satisfies this standard.

9          The Court has already certified the class that is the subject of the Settlement. Order in re

10  Class Certification with Respect to the Thomson and Mitsubishi Defendants, *In re Cathode Ray*

11  *Tube (CRT) Antitrust Litig.*, 308 F.R.D. 606 (N.D. Cal. 2015) ("Class Certification Order"). Notice

12  of the Class Certification Order was provided to class members by first-class mail, electronic mail

13  and a case-dedicated website on November 23, 2015, and publication in two national newspapers

14  on November 24, 2015. Declaration of Ross Murray re Dissemination of Litigated Class Notice to

15  Class Members and Request for Exclusion ¶¶ 4–7, 9, ECF No. 4330 (Jan. 21, 2016) ("Murray

16  Decl."). Among other things, the notices explained how class members could exclude themselves

17  from the Class, and that they would be bound by the results of the litigation if they did not do so.

18  Murray Decl., Exs. B, C.

19          Class members were allowed forty-five (45) days after the mailing of the direct notice to

20  submit requests to exclude themselves from the class. Order Granting Motion to Disseminate

21  Notice of Direct Purchaser Class Certification, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, Nos.

22  07-CV-5944-JST, 14-CV-2058-JST, 2015 WL 6871439, at *3 (N.D. Cal. Nov. 9, 2015) ("Notice

23  Order"). A group of class members, comprised primarily of the Direct Action Plaintiffs ("DAPs"),

24  did so. Murray Decl. ¶ 10, Ex. D. The Class includes all direct purchasers of Cathode Ray Tubes

25  ("CRTs") and Finished Products containing CRTs in the United States from March 1, 1995 through

26  November 25, 2007 (the "Class"), who did not opt out of the Class. *See* Saveri Decl., Ex. 1, ¶¶ 1,

27

28

4.[2]

The Class definition is also substantially identical to the eight settlement classes previously certified by the Court in connection with its approval of settlements with the Chunghwa, Philips, Panasonic, LG, Toshiba, Hitachi, Samsung SDI, and Thomson defendants. Saveri Decl. ¶ 4. Plaintiffs provided court-ordered notice to the Class of these settlements as part of the approval process. These notices also explained the opt-out process and the consequences of remaining in the settlement classes. In total, the class has received seven court-ordered notices. Saveri Decl. ¶ 5.

In accordance with the foregoing, Plaintiffs seek an order: (i) granting preliminary approval of the Settlement; (ii) appointing Saveri & Saveri, Inc. as Class Counsel; (iii) approving the manner and forms of giving notice to the Class; (iv) approving the plan of allocation; and (v) establishing a timetable for final approval of the Settlement, as well as for the filing and consideration of Plaintiffs' Application for Attorneys' Fees and Expenses and Incentive Awards.

## II.     FACTUAL BACKGROUND

### A.     The Case Has Been Extensively Litigated.

This multidistrict litigation arises from an alleged conspiracy to fix prices of CRTs. The first of many direct purchaser class actions were filed in November of 2007 alleging violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, and Section 4 of the Clayton Act, 15 U.S.C. § 15. The JPML transferred all related actions to this Court on February 15, 2008. ECF No. 122. On May 9, 2008, Saveri & Saveri, Inc. was appointed Interim Lead Class Counsel for the nationwide class of direct purchasers. ECF No. 282.

As the Court is aware, the case has been intensively litigated in the nine years since the first cases were filed. Virtually every legal or factual issue of any substance has been the subject of motion practice in this case, or in the cases brought by the DAPs, or both. In addition to the extensive motions to dismiss, motion for class certification, summary judgment motions regarding

---

[2] There are two types of CRTs: Color Picture Tubes ("CPTs"), used in televisions, and Color Display Tubes ("CDTs"), used in computer monitors. CRTs are discrete products that can only be used as components in finished products ("CRT Products" or "finished products"). Class Certification Order, 308 F.R.D. at 611.

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
WITH THE MITSUBISHI ELECTRIC DEFENDANTS; Master File No. 07-CV-5944-JST

finished products and other motions in this case, the Court has resolved on the merits at least fifteen summary judgment motions raising issues common to this case in the DAP cases.

Discovery has been equally exhaustive. The parties have reviewed and analyzed millions of pages of documents produced in discovery. They have responded to hundreds of interrogatories and requests for admission. Over 125 depositions have been taken. Saveri Decl. ¶ 6.

Finally, the alleged conspiracy has also been the subject of extensive expert analysis. Plaintiffs served four expert reports in this action on September 1, 2016, including lengthy analyses of liability and damages. Saveri Decl. ¶ 7. The reports of the Mitsubishi Electric Defendants would have been due on October 7, 2016, *see* ECF No. 4628, less than two weeks after the parties reached an agreement in principle to settle the case, on September 30, 2016. Saveri Decl. ¶ 7. In addition, over fifty expert reports were served in the DAP actions. *Id.*

In these circumstances, there can be no doubt that the parties were well-informed regarding the strengths and weaknesses of Plaintiffs' case.

**B.      The Settlement Was Preceded by Years of Negotiation.**

The Settlement followed a one-day mediation before Magistrate Judge Jacqueline Scott Corley on September 12, 2016. While no agreement was reached at that time, the parties continued their discussions through Judge Corley, and on September 30, 2016, an agreement in principle was reached. Saveri Decl. ¶ 8. Thereafter, the parties negotiated and executed the Settlement. *Id.*

The parties had also participated in a mediation with Judge Corley on October 7, 2015, and had numerous unmediated settlement communications, including face to face meetings, before then. *Id.*

**C.      Prior Settlements.**

There have been eight previous settlements in this case: Chunghwa ($10 million), Philips ($15 million), Panasonic ($17.5 million), LG ($25 million), Toshiba ($13.5 million), Hitachi ($13.45 million), Samsung SDI ($33 million), and Thomson and TDA ($9.75 million). As to each of these, the Court certified a settlement class (*see* ECF Nos. 1179, 1333, 1441, 1603, 2311, 2534, 3872); appointed Saveri & Saveri, Inc. as settlement class Counsel (*id.*); approved the form of notice to the settlement class (*id.*); finally approved each settlement (*see* ECF Nos. 1412, 1508,

1621, 1791, 3931, 4260); and entered final judgments of dismissal with respect to each settling

defendant (*see* ECF Nos. 1413, 1414, 1509, 1510, 1622, 1792, 3932, 3933, 4416, 4417).

Notice of the settlement and an opportunity to exclude themselves from the settlement class

was provided to class members with regard to each settlement. *See* ECF Nos. 1179, 1333, 1441,

1603, 2311, 2534, 3872. The settlement classes were substantially identical to the Class later

certified by the Court. *Compare, e.g.*, ECF No. 2534 ¶ 4, *with* Class Certification Order, 308

F.R.D. at 611.

**D.      Class Certification and Notice to the Class.**

On July 8, 2015, the Court entered an order granting Plaintiffs' motion for class

certification against the Mitsubishi Electric Defendants, the only remaining defendants. 308 F.R.D.

606. On November 9, 2015, the Court issued its Notice Order granting Plaintiffs' Motion to

Disseminate Notice of Direct Purchaser Class Certification. 2015 WL 6871439. Plaintiffs

thereafter provided notice to the Class pursuant to the Court's order. The notice explained the

consequences of class membership, Murray Decl., Ex. A at 4, and also explained the procedure to

exclude oneself from the Class:

> **Get out of the Litigated Class**: If you wish to keep your rights to individually sue the Defendants about the claims in this case, you must exclude yourself from the Litigated Class. You will not get any money from any future judgment awarded to the class if you exclude yourself from the Litigated Class.
>
> To exclude yourself from the Litigated Class, you must send a letter that includes the following:
>
> - Your name, address and telephone number,
>
> - A statement saying that you want to be excluded from *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, Litigated Class; and
>
> - Your signature.
>
> You must mail your exclusion request, postmarked no later than **January 7, 2016**, to:
>
> 
>
> CRT Direct Settlement
> c/o Gilardi & Co. LLC
> P.O. Box 8090
> San Rafael, CA 94912-8090
>
> 

*Id.* at 3.

1   In response to the notice, nineteen entities opted out of the Class. *See* Murray Decl. ¶ 10

2   and Ex. D.[3] The DAPs account for eighteen of these entities. *See id.* The Court's Notice Order

3   provided that Class members that did not opt out "shall be bound by the District Court's rulings in

4   the lawsuit, including any final judgment." 2015 WL 6871439, at *3.

5   **III.    THE SETTLEMENT**

6       The Mitsubishi Electric Defendants agreed to pay $75 million in cash, which has been

7   deposited into a guaranteed escrow account ("Settlement Fund") pending this Court's consideration

8   of the Settlement Agreement. Saveri Decl., Ex. 1, ¶ 18.

9       Upon the Settlement becoming final, Plaintiffs and Class members will relinquish their

10  claims against the "Mitsubishi Electric Releasees" (defined at *id.,* Ex, 1, ¶ 3). The release excludes

11  claims for product defects, personal injury, and ordinary commercial disputes. *Id.*, Ex. 1, ¶ 15.

12  Indirect purchaser claims under state law for purchases from entities other than defendants and

13  alleged co-conspirators (and their related companies) are also excluded. *Id.* The Settlement becomes

14  final upon: (i) the Court's approval of the Settlement pursuant to Rule 23(e) and the entry of final

15  judgment of dismissal with prejudice as to the Mitsubishi Electric Defendants; and (ii) the expiration

16  of the time for appeal or, if an appeal is taken, affirmance of the judgment with no further possibility

17  of appeal. *Id.*, Ex. 1, ¶ 13.

18      Subject to the approval and direction of the Court, the Settlement payment, plus interest,

19  will be used to: (i) make a distribution to Class members in accordance with a proposed plan of

20  allocation to be approved by the Court (*id.*, Ex. 1, ¶ 22); (ii) pay Class Counsel's attorneys' fees,

21  costs, and expenses as may be awarded by the Court (*id.*, Ex. 1, ¶¶ 23, 24); and (iii) pay all taxes

22  associated with any interest earned on the escrow account (*id.*, Ex. 1, ¶ 19(f)).

23      As with previous settlements, the Settlement provides that $300,000 from the Settlement

24  Fund may be used to pay for notice costs and future costs incurred in the administration and

25  distribution of the Settlement payments (*id.*, Ex. 1, ¶ 20(a)).

26

27

28
_____
[3] This counts corporate families as single entities.

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
WITH THE MITSUBISHI ELECTRIC DEFENDANTS; Master File No. 07-CV-5944-JST

**IV.     THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT**

    **A.     Class Action Settlement Procedure.**

A class action may not be dismissed, compromised, or settled without the approval of the Court. Judicial proceedings under Rule 23 have led to a defined procedure and specific criteria for class action settlement approval. The Rule 23(e) settlement approval procedure occurs in two stages. First, the Court must make an initial determination whether the settlement falls "within the range of possible approval." Second, the Court must hold a hearing to make a final determination whether the settlement is "fair, reasonable, and adequate." *See, e.g., Gaudin*, 2015 WL 4463650, at *3. This procedure safeguards class members' due process rights and enables the Court to fulfill its role as the guardian of class interests. *See* 4 Willam B. Rubenstein, *Newberg on Class Actions* § 13:40 (5th ed. 2014) ("*Newberg*").

Plaintiffs respectfully request that the Court take the first step in the approval procedure by preliminarily approving the Settlement.

    **B.     Standard for Settlement Approval.**

Rule 23(e) requires court approval of any settlement of claims brought on a class basis. "[T]here is an overriding public interest in settling and quieting litigation . . . particularly . . . in class action suits." *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976). *See also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 576 (9th Cir. 2004); *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) ("strong judicial policy . . . favors settlements, particularly where complex class action litigation is concerned"); *Officers for Justice v. Civil Serv. Comm'n of the City and Cnty. of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982) ("voluntary conciliation and settlement are the preferred means of dispute resolution . . . especially . . . in complex class action litigation"). Courts have recognized that compromise is particularly favored for antitrust litigation—which is notoriously difficult and unpredictable. *See, e.g., West Virginia v. Chas. Pfizer & Co.*, 314 F. Supp. 710, 743–44 (S.D.N.Y. 1970), *aff'd*, 440 F.2d 1079 (2d Cir. 1971); *In re Linerboard Antitrust Litig.*, 296 F. Supp. 2d 568, 577 (E.D. Pa. 2003).

The approval of a proposed settlement is a matter of discretion for the trial court. *See*

7

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
WITH THE MITSUBISHI ELECTRIC DEFENDANTS; Master File No. 07-CV-5944-JST

*Churchill Vill.*, 361 F.3d at 575. However, a settlement approval hearing should not "be turned into a trial or rehearsal for trial on the merits." *Officers for Justice*, 688 F.2d at 625. In addition, courts must give "proper deference" to the settlement agreement, because "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Id. Officers for Justice*, 688 F.2d; *see also* Order Granting Final Approval of Indirect Purchaser Settlements, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-CV-5944-JST, 2016 WL 3648478, at *4, 6–7, 16 (N.D. Cal. July 7, 2016) ("IPP Final Approval Order") ("[t]he settlement must stand or fall in its entirety").

The *Manual* characterizes the preliminary approval stage as an "initial evaluation" of the fairness of the proposed settlement made by the court on the basis of written submissions and informal presentation from the settling parties. *Manual* § 21.632. The *Manual* summarizes the preliminary approval criteria as follows:

> Fairness calls for a comparative analysis of the treatment of class members vis-à-vis each other and vis-à-vis similar individuals with similar claims who are not in the class. Reasonableness depends on an analysis of the class allegations and claims and the responsiveness of the settlement to those claims. Adequacy of the settlement involves a comparison of the relief granted relative to what class members might have obtained without using the class action process.

*Manual* § 21.62. In this District, preliminary approval is appropriate where "[1] the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls within the range of possible approval." *Gaudin*, 2015 WL 4463650, at *4; *Tableware*, 484 F. Supp. 2d at 1079. As shown below, the proposed Settlement is fair, adequate, and reasonable. Therefore, the Court should grant preliminary approval of the Settlement.

**C.**     **The Proposed Settlement Meets the Standard for Preliminary Approval.**

   **1.  The Proposed Settlement Is a Product of Serious, Informed, and Non-Collusive Negotiations**

As explained above, the Settlement was the product of vigorous arm's-length negotiation by informed and experienced counsel. It is thus entitled to "an initial presumption of fairness." *See In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-2509-LHK, 2013 WL 6328811, at *1 (N.D. Cal. Oct. 30, 2013); *see also Newberg* § 13:45. The vigorous litigation of the case by the parties and the fact that the Settlement was mediated by Judge Corley demonstrate that the Settlement was not the product of collusion. *See Gaudin,* 2015 WL 4463650, at *4–5 (vigorous litigation, mediation).

   **2.  The Proposed Settlement Has No Obvious Deficiencies**

The Settlement has no obvious deficiencies. First, the settlement amount—$75 million—is more than double the previous largest settlement in the case (Samsung SDI, $33 million) and is plainly adequate. As discussed in more detail below, $75 million is an excellent recovery in light of the expense, risk and delay of a trial. Second, the Settlement contains no suspect provisions. Thus, for example, there is no possible reversion to the defendant of any part of the settlement payment. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947–48 (9th Cir. 2011); IPP Final Approval Order, 2016 WL 3648478, at *10–11. Similarly, attorneys' fees are within the discretion of the Court. *See Bluetooth*, 654 F.3d at 947–48; IPP Final Approval Order, 2016 WL 3648478, at *10–11, 24.

   **3.  The Proposed Settlement Does Not Improperly Grant Preferential Treatment to Class Representatives or Segments of the Class**

Consistent with the plans of allocation already approved by the Court, Plaintiffs propose that the distribution of the proceeds of the proposed Settlement be *"pro rata."* Under this approach, all Class members would be treated equally based on the amount of their purchases. *See* Section VIII, *infra*. Similarly, the claims of Class representatives will be treated no differently than the claims of Class members. Plaintiffs intend to seek additional incentive awards for the Class representatives, however, any award will be within the discretion of the Court.

1

**4.   The Proposed Settlement Falls Within the Range of Possible Approval**

2   The $75 million consideration for the Settlement is well within the range of possible

3   approval. As noted, it is more than double the single largest settlement to date (Samsung SDI, $33

4   million). If approved, it would represent over 35% of the total Class recovery of $212.2 million.

5   This is an excellent recovery for the Class given the risks, expense and delay of proceeding to trial.

6   First, Plaintiffs' damage study indicates single damages of $876 million. Saveri Decl. ¶ 7. If

7   the Court approves the Settlement, Class members' total recovery will exceed 24% of their

8   damages. Such a result is well within the range of possible approval. *See* IPP Final Approval

9   Order, 2016 WL 3648478, at *6–7 (finding that the proposed aggregate settlement of 20% of single

10   damages "is without question a good recovery and firmly in line with the recoveries in other

11   cases").

12   Second, trial poses substantial risks for Plaintiffs, including the risk of no recovery at all.

13   For example, the Mitsubishi Electric Defendants will contend, and the jury may agree, that they did

14   not participate in the alleged conspiracy. Among other things, they will argue that they did not

15   attend a single "glass" meeting; that they ceased manufacture of CPTs in 1998 and CDTs in 2004;

16   that most of the CDTs they manufactured utilized a different technology and were marketed to

17   different customers than those of the other alleged conspirators; and that their market share was

18   very small—i.e., less than 5%—and they were therefore always a "bit" player in the market with

19   little incentive to join the conspiracy. Saveri Decl. ¶ 9. While Plaintiffs believe that they possess

20   evidence to support a verdict in their favor, there is a substantial risk that the Mitsubishi Electric

21   Defendants will prevail at trial. *See also* Order Granting Final Approval of Class Action Settlement

22   with Thomson and TDA Defendants, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, Nos. 07-CV-

23   5944-JST, 14-CV-2058-JST, 2015 WL 9266493, at *4–5 (N.D. Cal. Dec. 17. 2015) ("Thomson

24   Final Approval Order") (risk of continued litigation "strongly favors granting final approval").

25   Similarly, even if Plaintiffs obtained a favorable verdict, there is a risk that the jury would

26   award less than the $876 million indicated by Plaintiffs' damage study. In the *LCD* trial, for

27   example, the direct purchaser plaintiffs asked for $870 million; the jury awarded $87 million.

28

1   Saveri Decl. ¶ 10. If the jury made a similar award here, Plaintiffs' recovery would be only

2   marginally better than the proposed Settlement.

3          Finally, it is certain that proceeding to trial would involve substantial delay and expense.

4   Even if trial proceeds as scheduled next summer, and Plaintiffs prevail, the Mitsubishi Electric

5   Defendants would almost certainly appeal, delaying any future recovery for years. As this Court

6   has observed, "it is not unreasonable for a plaintiff to receive less in settlement than her total

7   potential recovery at trial. The lesser amount reflects the risk associated with trial, and also the time

8   and effort that must be invested to go to trial." *Gaudin*, 2015 WL 4463650, at *5 (citation omitted).

9          **5.   Experience and Views of Counsel Are Relevant to Initial Determination of
               Whether the Settlement Is "Fair, Reasonable, and Adequate"**

10

11          The "experience and views of counsel" are also relevant to the Court's preliminary approval

12   analysis. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1988); *see also Nat'l Rural*

13   *Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("'Great weight' is

14   accorded to the recommendation of counsel, who are most closely acquainted with the facts of the

15   underlying litigation."); *accord Bellows v. NCO Fin. Sys., Inc.*, No. 3:07-cv-01413-W-AJB, 2008

16   WL 5458986, at *6–7 (S.D. Cal. Dec. 10, 2008); *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d

17   1180, 1188 (10th Cir. 2002); *Wilkerson v. Martin Marietta Corp.*, 171 F.R.D. 273, 288–89 (D. Colo.

18   1997); *Officers for Justice*, 688 F.2d at 625. In fact, "the trial judge, absent fraud, collusion, or the

19   like, should be hesitant to substitute its own judgment for that of counsel." *Nat'l Rural Telecomms.*,

20   221 F.R.D at 528. The advanced stage of the proceedings—including, as noted above, extensive

21   discovery, motion practice, class certification and preparation of expert reports—weighs in favor of

22   preliminary approval of the Settlement. *See Gaudin*, 2015 WL 4463650, at *5. There is no question

23   that counsel's judgment is an informed one. *See* Section II.A, *supra*.

24          For all of these reasons, the Settlement is within the range of possible approval as fair,

25   reasonable, and adequate and should be preliminarily approved.

26   **VI.   APPOINTMENT OF CLASS COUNSEL**

27          The Class Certification Order did not appoint class counsel, as required by Rule 23(c)(1)(B)

28   and (g). For this reason, Plaintiffs also ask the Court to appoint Saveri & Saveri, Inc., Plaintiffs'

1    Interim Lead Counsel, as Class Counsel. The Court has done so with regard to each of the previous

2    settlements. ECF Nos. 1179, 1333, 1441, 1603, 2311, 2534, 3872.

3    **VII.    PROPOSED PLAN OF NOTICE**

4           Rule 23(e)(1) states that "[t]he court must direct notice in a reasonable manner to all class

5    members who would be bound by" a proposed settlement, voluntary dismissal, or compromise.

6    Class members are entitled to the "best notice that is practicable under the circumstances" of any

7    proposed settlement before it is finally approved by the Court. Fed. R. Civ. P. 23(c)(2)(B). The

8    notice must state in plain, easily understood language:

> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires; . . . and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

13   *Id.*[4]

14          Class notice must be "the best notice that is practicable under the circumstances, including

15   individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P.

16   23(c)(2)(B). Plaintiffs propose that the Long Form Notice in the form attached as Exhibit 2 to the

17   Saveri Declaration be given by mail or e-mail to each Class member who may, by reasonable

18   efforts, be identified. Plaintiffs propose to use the same lists used for notice of the Court's Class

19   Certification Order. Saveri Decl. ¶ 12.

20          In addition, Plaintiffs propose that a Summary Notice in the form attached as Exhibit 3 to

21   the Saveri Declaration be published in the national editions of the *New York Times* and the *Wall*

22   *Street Journal* and that both notices, along with the settlement agreement, be posted on a website

23   accessible to Class members. Publication is an acceptable method of providing notice where the

24   identity of specific class members is not reasonably available. *See Tableware*, 484 F. Supp. 2d at

25   1080.

---

[4] Because the Class membership has already been determined based on the Class notice provided in December 2015 and the opt-out procedure outlined therein, subparagraphs (v) and (vi) of Rule 23(c)(3) do not apply. While Rule 23(e)(4) allows the Court discretion to provide another opportunity for Class members to exclude themselves, the Settlement is based on the Class as constituted and does not provide for an additional opt-out procedure. Saveri Decl., Ex. 1, ¶ 4.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The proposed notice program is substantially the same as those approved by the Court and implemented for the Chunghwa, Philips, Panasonic, LG, Toshiba, Hitachi, Samsung SDI, and Thomson and TDA settlements. Thomson Final Approval Order, 2015 WL 9266493, at *3–4; *see also* Notice Order, 2015 WL 6871439, at *2–3 (approving the same program for notice of the litigated Class). Such notice plans are commonly used in class actions like this one. They provide valid, due and sufficient notice to class members, and constitute the best notice practicable under the circumstances. *See, e.g.*, *Torrisi v. Tucson Elec. Power Co*., 8 F.3d 1370, 1374–75 (9th Cir. 1993); *In re AOL Time Warner ERISA Litig*., No. 02 Civ. 8853 SWK, 2006 WL 2789862, at *9–10 (S.D.N.Y. Sept. 27, 2006). *See also* 7AA Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1786 (3d ed. 2005) ("Wright & Miller"); 7B Wright & Miller § 1797.6.

The content of the proposed notices complies with the requirements of Rule 23(c)(2)(B). Notice is "adequate if it may be understood by the average class member." *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 330 (C.D. Cal. 2016). The Long Form Notice clearly and concisely explains the nature of the action and the terms of the Settlement. It provides a clear description of who is a member of the Class certified by the Court and the effects of the Settlement on the Class. It explains how to object to the Settlement, how to obtain copies of papers filed in the case and how to obtain additional information. It explains that Plaintiffs will seek attorneys' fees and that, in accordance with *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988, 994–95 (9th Cir. 2010), motion and supporting papers in support of their fee application will be posted on the case website in advance of the deadline to object.

The Summary Notice also identifies Class members and explains the principal terms of the Settlement. It explains the deadlines to object to the Settlement or to counsel's fee and expense application. It also explains how to obtain more information about the Settlement. The Summary Notice will be published after the Long Form Notice is mailed and e-mailed to Class members. Saveri Decl. ¶ 14.

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
WITH THE MITSUBISHI ELECTRIC DEFENDANTS; Master File No. 07-CV-5944-JST

## VIII.   PROPOSED PLAN OF ALLOCATION

As with the previous settlements, Plaintiffs propose informing the Class that any distribution will be made on a *pro rata* basis. A plan of allocation of class settlement funds is subject to the "fair, reasonable and adequate" standard that applies to approval of class settlements. *In re Citric Acid Antitrust Litig.*, 145 F. Supp. 2d 1152, 1154 (N.D. Cal. 2001). A plan of allocation that compensates class members based on the type and extent of their injuries is generally considered reasonable. This Court has approved identical plans of allocation with regard to the previous settlements. Thomson Final Approval Order, 2015 WL 9266493, at *7–8. Other courts have approved similar plans. *See* Order Granting Final Approval of Plan of Allocation of Settlement Proceeds at 2, *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. M-02-1486 PJH (N.D. Cal Oct. 27, 2010), ECF No. 2093 (approving *pro rata* distribution); *In re Vitamins Antitrust Litig.*, No. 99-197 TFH, 2000 WL 1737867, at *6 (D.D.C. Mar. 31, 2000) ("Settlement distributions, such as this one, that apportions funds according to the relative amount of damages suffered by class members, have repeatedly been deemed fair and reasonable."); *In re Lloyds' Am. Trust Fund Litig.*, No. 96 Civ.1262 RWS, 2002 WL 31663577, at *19 (S.D.N.Y. Nov. 26, 2002) ("*pro rata* allocations provided in the Stipulation are not only reasonable and rational, but appear to be the fairest method of allocating the settlement benefits").

Each Class member's *pro rata* share of the Settlement Fund will be determined by computing each valid claimant's total CRT purchases divided by the total valid CRT purchases claimed. This percentage is multiplied against the net Settlement Fund (total settlements minus all costs, attorneys' fees, and expenses) to determine each claimant's *pro rata* share of the Settlement Fund. Consistent with the Court's approval of previous settlements, to determine each Class member's CRT purchases, CRT tubes (CPTs/CDTs) are calculated at full value while televisions are valued at 50% and computer monitors are valued at 75%. This approach is also similar to that approved by Judge Illston in the *LCD* litigation. Saveri Decl. ¶ 15.

As the Court is aware, members of previous settlement classes have submitted claims in connection with the Plan of Allocation for the previous settlements. Saveri Decl. ¶ 16. The Settlement Administrator is in the process of auditing these claims and preparing them for

14

payment. *Id.* As explained in the Long Form Notice, Plaintiffs propose that the Mitsubishi Electric Settlement Fund and the Thomson and TDA settlement fund be distributed together based on the claims already received. In addition, Plaintiffs propose that Class members should also be allowed to submit new or supplemental claims if they wish within ninety (90) days of the deadline for mailing of notice. Class members would use an updated Proof of Claim form (Saveri Decl, Ex. 4) previously approved by this Court, *see* ECF No. 3934, and provided to Class members. Saveri Decl. ¶ 17. Class members may download an updated version of the form—including new deadlines and to indicate that Class members need not re-submit claims—from the case-dedicated website, or complete the claim form online.

## IX.    THE COURT SHOULD SET A FINAL APPROVAL HEARING SCHEDULE

The final step in the settlement approval process is the final approval hearing at which the Court may hear all evidence and argument necessary to evaluate the proposed Settlement. At that hearing, proponents of the Settlement may explain and describe their terms and conditions and offer argument in support of approval. Members of the Class, or their counsel, may be heard in support of or in opposition to the Settlement.

Plaintiffs also propose that their Application for Attorneys' Fees and Expenses and Incentive Awards be heard concurrently with final approval. Plaintiffs propose that their fee and expense application be filed with the Court and posted on the Class website twenty-one (21) days in advance of the deadline for Class members to object to the Settlement or fee and expense application in compliance with *Mercury Interactive*, 618 F.3d at 994–95.

Plaintiffs propose the following schedule:

| Event | Timing |
|---|---|
| Long Form Notice mailed to Class members and published on website | 14 days after entry of order granting preliminary approval |
| Summary notice published in the *New York Times* and the *Wall Street Journal* | 18 days after entry of order granting preliminary approval |
| Deadline to file and publish Plaintiffs' Application for Attorneys' Fees and Expenses/Incentive Awards on settlement website | 38 days after entry of order granting preliminary approval |

| Deadline to object to the Settlement or Plaintiffs' Application for Attorneys' Fees and Expenses/Incentive Awards; deadline to file Notice of Intention to Appear at Final Approval Hearing | 59 days after entry of order granting preliminary approval |
| --- | --- |
| Deadline for filing briefing in support of Settlement and Reply Brief re: Application for Attorneys' Fees and Expenses/Incentive Awards | 21 days before the Final Approval Hearing |
| Deadline to submit supplemental claims | 90 days from the deadline for mailing of notice |
| Hearing on final approval of Settlement | 120 days after entry of order granting preliminary approval |

## X.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that the Court should enter an order granting the relief requested by this motion: (i) granting preliminary approval of the Settlement; (ii) appointing Saveri & Saveri, Inc. as Class Counsel; (iii) approving the manner and form of giving notice to Class members of the settlement and final approval proceedings; (iv) granting preliminary approval of the plan of allocation, and (v) establishing a timetable for issuing such notice, filing objections and briefs relating to the motion for final approval and Plaintiffs' Application for Attorneys' Fees and Expenses and Incentive Awards, and conducting a hearing thereon.

Dated: January 19, 2017                             Respectfully submitted,

/s/ R. Alexander Saveri
Guido Saveri (22349)
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Matthew D. Heaphy (227224)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA  94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

Lead Counsel for
Direct Purchaser Plaintiffs