Guido Saveri (22349)
    *guido@saveri.com*
R. Alexander Saveri (173102)
    *rick@saveri.com*
Geoffrey C. Rushing (126910)
    *grushing@saveri.com*
Matthew D. Heaphy (227224)
    *mheaphy@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Lead Counsel for the*
*Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **DECLARATION OF R. ALEXANDER SAVERI IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH THE MITSUBISHI ELECTRIC DEFENDANTS** |
| *Crago, d/b/a Dash Computers, Inc., et al. v. Mitsubishi Electric Corporation, et al.*, Case No. 14-CV-2058-JST. | |
| | Date:          February 23, 2017 |
| | Time:          2:00 p.m. |
| | Judge:         Honorable Jon S. Tigar |
| | Courtroom:  9 |

I, R. Alexander Saveri, declare:

1.      I am the Managing Partner of Saveri & Saveri, Inc., Lead Counsel for Direct Purchaser Plaintiffs ("Plaintiffs") in this action. I am a member of the Bar of the State of California and admitted to practice in the Northern District of California. I make this Declaration in Support of Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Class Action Settlement with Mitsubishi Electric Corporation; Mitsubishi Electric US, Inc. (formerly known as Mitsubishi Electric & Electronics USA, Inc.); and Mitsubishi Electric Visual Solutions America, Inc. (formerly known as Mitsubishi Digital Electronics America, Inc.) (collectively, "Mitsubishi Electric Defendants"). Except as otherwise stated, I have personal knowledge of the facts stated below.

2.      Attached hereto as **Exhibit 1** is a true and correct copy of the Settlement Agreement with the Mitsubishi Electric Defendants, executed on November 16, 2016 ("Settlement Agreement").

3.      The Settlement was a product of lengthy and thorough arm's-length negotiations by experienced counsel informed by years of litigation. In my opinion, it represents an excellent recovery for the class. It is my opinion that the Settlement is, in every aspect, fair, adequate and reasonable and in the best interest of the Class members. My opinion is based, among other things, on my participation in virtually every aspect of this case including all mediations and settlement discussions, my review of all of the important evidence obtained to date, and my experience in many other class action antitrust cases.

4.      The Class definition is substantially identical to the eight settlement classes previously certified by the Court in connection with its approval of settlements with the Chunghwa, Philips, Panasonic, LG, Toshiba, Hitachi, Samsung SDI, and Thomson defendants.

5.      Plaintiffs provided court-ordered notice to the Class of these settlements as part of the approval process. These notices also explained the opt-out process and the consequences of remaining in the settlement classes. In total, the class has received seven court-ordered notices.

6.      The parties have reviewed and analyzed millions of pages of documents produced in discovery. They have responded to hundreds of interrogatories and requests for admission. Over

1    125 depositions have been taken.

2        7.      Plaintiffs served four expert reports in this action on September 1, 2016, including

3    lengthy analyses of liability and damages: the Expert Report of Dr. Stephan Haggard; the Expert

4    Report of Joseph P. Russoniello; the Expert Report of Leslie M. Marx, PHD; and the Expert Report

5    of Jeffrey J. Leitzinger, Ph.D. In his report, Dr. Leitzinger estimated that the total potential

6    damages recoverable from this litigation (including previous settlements of $137.2 million) is $876

7    million. The reports of the Mitsubishi Electric Defendants would have been due on October 7,

8    2016, *see* ECF No. 4628, less than two weeks after the parties reached an agreement in principle to

9    settle the case, on September 30, 2016. In addition, over fifty expert reports were served in the

10   direct action plaintiff ("DAP") actions.

11       8.      The Settlement followed a one-day mediation before Magistrate Judge Jacqueline

12   Scott Corley on September 12, 2016. While no agreement was reached at that time, the parties

13   continued their discussions through Judge Corley, and on September 30, 2016, an agreement in

14   principle was reached. Thereafter, the parties negotiated and executed the Settlement. I, along with

15   other Plaintiffs' counsel, participated in a mediation with Judge Corley on October 7, 2015, and

16   had numerous unmediated settlement communications, including face to face meetings, before

17   then.

18       9.      In my opinion, trial poses substantial risks for Plaintiffs, including the risk of no

19   recovery at all. For example, the Mitsubishi Electric Defendants will contend, and the jury may

20   agree, that they did not participate in the alleged conspiracy. Among other things, they will argue

21   that they did not attend a single "glass" meeting; that they ceased manufacture of CPTs in 1998 and

22   CDTs in 2004; that most of the CDTs they manufactured utilized a different technology and were

23   marketed to different customers than those of the other alleged conspirators; and that their market

24   share was very small—i.e., less than 5%—and they were therefore always a "bit" player in the

25   market with little incentive to join the conspiracy.

26       10.     In the *LCD* trial, the direct purchaser plaintiffs—for whom I served as counsel—

27   asked for $870 million; the jury awarded $87 million.

28       11.     Attached hereto as **Exhibit 2** is a copy of the proposed Long Form Notice.

DECLARATION OF R. ALEXANDER SAVERI ISO MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT WITH THE MITSUBISHI ELECTRIC DEFENDANTS; Master File No. 07-CV-5944-JST

12.     Plaintiffs propose to use the same lists for the proposed notice as they used for notice of the Court's Class Certification Order.

13.     Attached hereto as **Exhibit 3** is a copy of the proposed Summary Notice.

14.     The Summary Notice also identifies Class members and explains the principal terms of the Settlement. It explains the deadlines to object to the Settlement or to counsel's fee and expense application. It also explains how to obtain more information about the Settlement. The Summary Notice will be published after the Long Form Notice is mailed and e-mailed to Class members.

15.     Plaintiffs' plan of allocation is identical to those previously approved in this action: Each Class member's *pro rata* share of the Settlement Fund will be determined by computing each valid claimant's total CRT purchases divided by the total valid CRT purchases claimed. This percentage is multiplied against the net Settlement Fund (total settlements minus all costs, attorneys' fees, and expenses) to determine each claimant's *pro rata* share of the Settlement Fund. Consistent with the Court's approval of previous settlements, to determine each Class member's CRT purchases, CRT tubes (CPTs/CDTs) are calculated at full value while televisions are valued at 50% and computer monitors are valued at 75%. This approach is also similar to that approved by Judge Illston in the *LCD* litigation.

16.     Members of previous settlement classes have submitted claims in connection with the Plan of Allocation for the previous settlements. The Settlement Administrator is in the process of auditing these claims and preparing them for payment.

17.     Attached hereto as **Exhibit 4** is a copy of the Proof of Claim form previously approved by this Court, *see* ECF No. 3934, and sent to Class members and published on the website www.CRTDirectPurchaserAntitrustSettlement.com on September 11, 2015. *See* ECF No. 4114-2 ¶¶ 4–6.

///

///

///

///

3

1    I declare under the penalty of perjury under the laws of the United States of America that

2    the foregoing is true and correct.

3    Executed this 19th day of January, 2017 in San Francisco, California.

4

5    */s/ R. Alexander Saveri*
     R. Alexander Saveri

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | ) ) ) |
| | MDL No. 1917 |
| | ) |
| | Case No. 3:14-cv-02058-JST |
| CRAGO d/b/a DASH COMPUTERS, INC., et al., on its own behalf and on behalf of similarly situated parties, | ) ) ) ) |
| | Master File No. 3:07-cv-05944-JST |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| MITSUBISHI ELECTRIC CORPORATION, et al., | ) ) ) |
| Defendants. | ) ) |

SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into this 16th day of

November, 2016 by and between Mitsubishi Electric Corporation, Mitsubishi Electric US Inc.,

and Mitsubishi Electric Visual Solutions America, Inc. (collectively, the "Mitsubishi Electric

Defendants") and the direct-purchaser plaintiff class representatives ("Plaintiffs"), defined

further herein, both individually and on behalf of a class of direct purchasers of Cathode Ray

Tube (CRT) Products (''the Class") as defined in Paragraph 1 below.

WHEREAS, Plaintiffs are prosecuting, and have prosecuted, the above-referenced *In Re*

*Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917 (N.D. Cal.) (the "Action"), on

their own behalf and on behalf of the Class against, among others, the Mitsubishi Electric

Defendants;

1

WHEREAS, Plaintiffs allege that the Mitsubishi Electric Defendants participated in an unlawful conspiracy to raise, fix, maintain, or stabilize the price of CRT Products at artificially high levels in violation of Section 1 of the Sherman Act;

WHEREAS, the Mitsubishi Electric Defendants deny Plaintiffs' allegations and have asserted defenses to Plaintiffs' claims;

WHEREAS, Plaintiffs have conducted an investigation into the facts and the law regarding the Action and have concluded that resolving claims against the Mitsubishi Electric Defendants according to the terms set forth below is in the best interest of Plaintiffs and the Class;

WHEREAS, the Mitsubishi Electric Defendants, despite their belief that they are not liable for the claims asserted and have good defenses thereto, have nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgment contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted against the Mitsubishi Electric Defendants, based on the allegations of the Action, as more particularly set out below;

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed on the merits with prejudice as to the Mitsubishi Electric Releasees, as defined below, and except as hereinafter provided, without costs as to Plaintiffs, the Class, or the Mitsubishi Electric Defendants, subject to the approval of the Court, on the following terms and conditions:

2

A.    Definitions.

1. For purposes of this Agreement, "the Class" and "Class Period" are defined in the Court's Order in this case certifying the direct purchaser class, dated July 8, 2015 (Dkt. 3902).

2. For purposes of this Agreement, "CRT Products" shall have the meaning as defined in the Court's Order in this case certifying the direct purchaser class, dated July 8, 2015 (Dkt. 3902).

3. "Mitsubishi Electric Releasees" shall refer to the entities that are referred to collectively as "Mitsubishi" in paragraph 32 of the Second Amended Direct Purchaser Plaintiffs' Class Action Complaint Against Mitsubishi Electric Defendants (dated August 6, 2015) ("SAC"), and to all of the Mitsubishi Electric Defendants' respective past and present, direct and indirect, parents, subsidiaries, joint ventures regarding CRT products, including with NEC, and affiliates, and all of their respective past and present, direct and indirect, parents, subsidiaries, affiliates, unincorporated entities, divisions, and groups; the predecessors, successors and assigns of any of the above; and each and all of the present and former principals, partners, officers, directors, supervisors, employees, agents, representatives, insurers, attorneys, heirs, executors, administrators, and assigns of each of the foregoing. "Mitsubishi Electric Releasees" does not include any defendant in the Action other than the Mitsubishi Electric Defendants and those entities defined in the SAC as "Mitsubishi."

4. "Class Member" means each member of the Class who has not timely elected to be excluded from the Class.

5. "Plaintiffs" shall mean Crago, d/b/a Dash Computers, Inc., Arch Electronics, Inc., Meijer, Inc., Meijer Distribution, Inc., Nathan Muchnick, Inc., Princeton Display Technologies, Inc., Radio & TV Equipment, Inc., Studio Spectrum, Inc., and Wettstein and Sons, Inc., d/b/a Wettstein's, individually and as representatives of the Class.

3

6. "Releasors" shall refer to the direct-purchaser plaintiff Class representatives and the direct-purchaser plaintiff Class Members, and to their past and present officers, directors, employees, agents, stockholders, attorneys, servants, representatives, parents, subsidiaries, affiliates, partners, insurers, and the predecessors, successors, heirs, executives, administrators and assigns of any of the foregoing, as well as to anyone claiming by, for, or through the Releasors.

7. "The Settlement Fund" shall be $75,000,000 specified in Paragraph 18 plus accrued interest on said deposits set forth in Paragraph 19.

8. "Lead Counsel" shall refer to:

> Guido Saveri
> R. Alexander Saveri
> Saveri & Saveri, Inc.
> 706 Sansome Street
> San Francisco, CA 94111

B.    Approval of this Agreement and Dismissal of Claims Against the Mitsubishi Electric Defendants.

9. Plaintiffs and the Mitsubishi Electric Defendants shall use their best efforts to effectuate this Agreement, including cooperating in seeking the Court's approval for the establishment of procedures (including the giving of class notice under Federal Rules of Civil Procedure 23(e)) to secure the prompt, complete, and final dismissal with prejudice of the Action as to the Mitsubishi Electric Releasees only.

10.    Plaintiffs shall submit to the Court a motion seeking preliminary approval of the Agreement and for authorization to disseminate notice of the settlement and final judgment contemplated by this Agreement to all Class Members identified by the parties (the "Motion"). The Motion shall include (i) a proposed form of, method for, and date of dissemination of notice; and (ii) a proposed form of order. The text of the foregoing items (i) and (ii) shall be agreed upon by Plaintiffs and Mitsubishi Electric Defendants before submission of the Motion, with the

understanding that, among other things, individual notice of the settlement shall be mailed by regular mail or email, with appropriate notice by publication, with all expenses paid from the Settlement Fund subject to Paragraph 20(a). The Motion shall recite and ask the Court to find, and the proposed form of order will state:

      (a)     The mailing of the notice of settlement to all members of the Class who can be identified upon reasonable effort constitutes valid, due and sufficient notice to the Class, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Federal Rule of Civil Procedure 23.

      (b)     Upon preliminary approval of the Agreement, the Court will stay the Action as to the Mitsubishi Electric Defendants and will not rule on any matters pertaining to the Mitsubishi Electric defendants except for any procedures necessary for the approval and implementation of this Agreement.

      11.     In accordance with 28 U.S.C. § 1715, the Mitsubishi Electric Defendants will serve upon the appropriate State officials of each State in which a class member resides and the appropriate Federal official, a notice of the Agreement no later than 10 days after it is filed with the court.

      12.     Plaintiffs shall seek, and the Mitsubishi Electric Defendants will not object unreasonably to the entry of, an order and final judgment ("Final Judgment"), the text of which Plaintiffs and the Mitsubishi Electric Defendants shall agree upon. The terms of that order and Final Judgment will include, at a minimum, the substance of the following provisions:

      (a)     Confirming and ratifying all provisions of the order preliminarily approving the Settlement, as set forth in Paragraph 10;

(b)      vacate all scheduling orders pertaining to the Action, including the trial date in this case;

(c)      vacate, and /or state that  the Proposed Order of Special Master Walker dated August 29, 2016 is without present or future force or effect; and strike all pending motions before the Special Master, including the Plaintiffs' Motion to Compel Supplemental Privilege Log, dated June 9, 2016, Plaintiffs' Motion to Compel Supplemental Responses to the Plaintiffs' Requests for Admission, dated July 27, 2016, and Plaintiffs' Motion to Quash the Notice of Deposition Upon Written Questions of C.C. Liu, dated July 26, 2016;

(d)      approving finally this Settlement and its terms as a fair, reasonable and adequate settlement as to the Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

(e)      an order, pursuant to Federal Rule of Civil Procedure 58 dismissing the Action with prejudice as to Mitsubishi Electric Releasees against all Class Members and without costs other than those provided for in this Agreement;

(f)      an order reflecting the provisions of Paragraph 14 of this Agreement

(g)      an order reflecting the provisions of Paragraph 32 of this Agreement; and

(h)      determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to the Mitsubishi Electric Releasees shall be final.

13.      This Agreement shall become final for purposes of this Agreement when (i) the Court has entered a Final Judgment as described in Paragraph 12, and (ii) the time for appeal or to seek permission to appeal from the Court's Final Judgment described in (i) hereof has expired or, if appealed, the Final Judgment has been affirmed in its entirety by the Court of last resort to

which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.  It is agreed that the provisions of Rule 60 of the Federal Rules of Civil Procedure shall not be taken into account in determining the above-stated times.  On the date that Plaintiffs and Mitsubishi Electric Defendants have executed this Agreement, Plaintiffs and Mitsubishi Electric Defendants shall be bound by its terms and this Agreement shall not be rescinded except in accordance with Paragraphs 19(h), 20(a), 27, or 28 of this Agreement.

14.     Neither this Agreement (whether or not it should become final) nor the Final Judgment, nor any and all negotiations, documents and discussions associated with them, shall be deemed or construed to be an admission by Mitsubishi Electric Defendants (or the Mitsubishi Electric Releasees) or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by Mitsubishi Electric Defendants (or the Mitsubishi Electric Releasees), or of the truth of any of the claims or allegations contained in any complaint or any other pleading filed in the Action, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding.  Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out this Agreement by any of the settling parties shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce this Agreement, or to defend against the assertion of Released Claims, or as otherwise required by law.

C.     Release, Discharge, and Covenant Not to Sue.

15.     In addition to the effect of the Final Judgment entered in accordance with this Agreement, upon this Agreement becoming final as set out in Paragraph 12 of this Agreement, and in consideration of payment of the Settlement Amount, as specified in Paragraph 18 of this Agreement, into the Settlement Fund, and for other valuable consideration, the Mitsubishi Electric

7

Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, judgments, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any Class Member has objected to the settlement or makes a claim upon or participates in the Settlement Fund, whether directly, representatively, derivatively or in any other capacity) that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated claims, injuries, damages, and the consequences thereof in any way arising out of or relating in any way to any act or omission of the Mitsubishi Electric Releasees (or any of them) concerning the CRT Products that are the subject of the Plaintiffs' SAC up to the date of execution of this Agreement, including but not limited to any conduct alleged, and causes of action asserted or that could have been alleged or asserted, in any class action complaints filed in the Action (the "Released Claims").

Notwithstanding the generality of the foregoing, the term Released Claims does not include: (a) claims for product defect or personal injury or breach of contract arising in the ordinary course of business; (b) indirect purchaser claims for CRT Products that were not purchased directly from defendants or their alleged co-conspirators or (c) any foreign antitrust or competition law claims related to CRT Products that were not billed to or shipped to purchasers in the United States. Releasors shall not, after the date of this Agreement, seek to establish liability against any Mitsubishi Electric Releasee based, in whole or in part, upon any of the Released Claims or conduct at issue in the Released Claims.  The Released Claims are released regardless of the type of cause of action, common law principle, or statute under which they are asserted.  Such claims are released whether asserted under any federal, state, international, foreign, or local antitrust, unfair competition, unfair practices, deceptive trade practices, price discrimination, unitary pricing,

common law unjust enrichment, trade practice, racketeering, or civil conspiracy law, or similar law or regulation of any jurisdiction within the United States or elsewhere.

16.     In addition to the provisions of Paragraph 15 of this Agreement, Releasors hereby expressly waive and release, upon this Agreement becoming final, any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which states:

> CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE.  A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code.  Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are the subject matter of the provisions of Paragraph 15 of this Agreement, but each Releasor hereby expressly waives and fully, finally, and forever settles and releases, upon this Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the subject matter of the provisions of Paragraph 15 of this Agreement, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

17.     The Releasors hereby covenant and agree that they shall not, hereafter, sue or otherwise seek to establish liability against any of the Mitsubishi Electric Releasees based, in whole or in part, upon any of the Released Claims.

D.     Settlement Amount.

18.     Subject to the provisions hereof, and in full, complete and final settlement of the Action as provided herein, Mitsubishi Electric Defendants shall pay the Settlement Amount

of $75,000,000 in United States Dollars (the "Settlement Amount"). The Settlement Amount shall be paid into an escrow account in United States Dollars to be administered in accordance with the provisions of Paragraph 19 of this Agreement (the "Escrow Account") thirty (30) days after execution of this Agreement. Under no circumstances will the Mitsubishi Electric Defendants be required to make any additional payments under this Agreement.

19.    Escrow Account.

(a)    The Escrow Account will be established at Citibank, N.A. - Citi Private Bank, San Francisco, California, with such Bank serving as escrow agent ("Escrow Agent") subject to escrow instructions mutually acceptable to Plaintiffs' Lead Counsel and Mitsubishi Electric Defendants, such escrow to be administered under the Court's continuing supervision and control.

(b)    The Escrow Agent shall cause the funds deposited in the Escrow Account to be invested in short-term instruments backed by the full faith and credit of the United States Government or fully insured in writing by the United States Government, or money market funds rated Aaa and AAA, respectively by Moody's Investor Services and Standard & Poor's, invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds of these instruments as they mature in similar instruments at their then current market rates.

(c)    All funds held in the Escrow Account shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and/or further order(s) of the Court.

(d)     Plaintiffs and Mitsubishi Electric Defendants agree to treat the Settlement Fund as being at all times a qualified settlement fund within the meaning of Treas. Reg. § 1.468B-1. In addition, the Escrow Agent and/or claims administrator shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph 19, including the relation-back election (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent and/or claims administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(e)     For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the administrator shall be the Escrow Agent and/or claims administrator. The Escrow Agent and/or claims administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)(l)). Such returns (as well as the election described in Paragraph 19(d)) shall be consistent with Paragraph 17(d) and in all events shall reflect that all Taxes, as defined below (including any estimated Taxes, interest or penalties), on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in Paragraph 19(f) hereof.

(f)     All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Mitsubishi Electric Defendants or any other Mitsubishi Electric Releasee with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a qualified settlement fund for federal or state income tax

11

purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of Paragraphs 19(d) through 19(f) (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Paragraph 19(f) ("Tax Expenses")), shall be paid out of the Settlement Fund.

    (g)    Neither Mitsubishi Electric Defendants nor any other Mitsubishi Electric Releasee nor their respective counsel shall have any liability or responsibility for the Taxes or the Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent and/or the claims administrator out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)). Neither Mitsubishi Electric Defendants nor any other Mitsubishi Electric Releasee is responsible nor shall they have any liability therefor.  Plaintiffs and Mitsubishi Electric Defendants agree to cooperate with the Escrow Agent, the claims administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of Paragraphs 19(d) through 19(f).

    (h)    If this Agreement does not receive final Court approval, then all amounts paid by Mitsubishi Electric Defendants into the Settlement Fund (other than costs expended in accordance with Paragraph 20(a)) shall be returned to Mitsubishi Electric Defendants from the

Escrow Account by the Escrow Agent along with any interest accrued thereon within thirty (30) calendar days.

        20.      Payment of Expenses.

      (a)     Mitsubishi Electric Defendants agree to permit use of a maximum of $300,000 of the Settlement Fund towards notice to the class and the costs of administration of the Settlement Fund set forth in Paragraph 19. The $300,000 in notice and administration expenses are not recoverable if this settlement does not become final to the extent such funds are expended for notice and administration costs. Lead counsel shall keep records of any such notice and administration expenses and may be required to provide accounts of such expenses to the Court. Other than as set forth in this Paragraph 20(a), neither Mitsubishi Electric Defendants nor any of the other Mitsubishi Electric Releasees under this Agreement shall be liable for any of the Plaintiffs' costs or expenses of the litigation of the Action, including attorneys' fees; fees and expenses of expert witnesses and consultants of Plaintiffs; and Plaintiffs' costs and expenses associated with discovery, motion practice, hearings before the Court or any Special Master, appeals, trials or the negotiation of other settlements, or for Class administration and costs. Plaintiffs do not and will not seek monetary sanctions against the Mitsubishi Electric Defendants.

      (b)     If Lead Counsel enter into any other settlements on behalf of the Class before notice of this Agreement is given to the Class, Lead Counsel shall use its reasonable best efforts to provide a single notice to prospective Class members of all of the settlements.

      E.     The Settlement Fund.

        21.      Releasors shall look solely to the Settlement Fund for settlement and satisfaction against the Mitsubishi Electric Releasees of all Released Claims, and shall have no other recovery against Mitsubishi Electric Defendants or any other Mitsubishi Electric Releasee.

22.     After this Agreement becomes final within the meaning of Paragraph 12, the Settlement Fund shall be distributed in accordance with a plan to be submitted at the appropriate time by Plaintiffs, subject to approval by the Court. In no event shall any Mitsubishi Electric Releasee have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such distribution and administration or any costs associated with the Escrow, with the sole exception of the provisions set forth in Paragraph 20(a) of this Agreement.

23.     Plaintiffs and Class Counsel shall be reimbursed and indemnified solely out of the Settlement Fund for all expenses. The Mitsubishi Electric Releasees shall not be liable for any costs, fees, or expenses of any of Plaintiffs' or the Class' respective attorneys, experts, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Fund.

24.     Class Counsel's Attorneys' Fees and Reimbursement of Expenses.

(a)     Class Counsel may submit an application or applications to the Court (the "Fee and Expense Application") for distribution to them from the Settlement Fund and Mitsubishi Electric Defendants shall not oppose such application for: (i) an award of attorneys' fees not in excess of one-third of the Settlement Fund; plus (ii) reimbursement of expenses and costs incurred in connection with prosecuting the Action, plus interest on such attorneys' fees, costs and expenses at the same rate and for the same period as earned by the Settlement Fund (until paid) as may be awarded by the Court (the "Fee and Expense Award"). Class Counsel reserve the right to make additional applications for fees and expenses incurred, but in no event shall Mitsubishi Electric Releasees be responsible to pay any such additional fees and expenses except to the extent they are paid out of the Settlement Fund.

(b)     The Fee and Expense Award, as approved by the Court, shall be paid solely from the Settlement Fund. After this Agreement becomes final within the meaning of Paragraph 12, the Fee and Expense Award shall be paid to Lead Counsel from the Escrow within ten (10) business days. Lead Counsel shall allocate the attorneys' fees among Class Counsel in a manner which it in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Action.

(c)     The procedure for and the allowance or disallowance by the Court of the application by Class Counsel for attorneys' fees, costs and expenses to be paid out of the Settlement Fund are not part of this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any such order shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the judgment approving the settlement.

(d)     Neither Mitsubishi Electric Defendants nor any other Mitsubishi Electric Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to any payment to Class Counsel of any Fee and Expense Award in the Action.

(e)     Neither Mitsubishi Electric Defendants nor any other Mitsubishi Electric Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to the allocation among Class Counsel, and/or any other person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

25.     Upon entry of the preliminary approval order, Plaintiffs and the Mitsubishi Electric Defendants and their respective officers, directors, and employees need not respond to discovery requests or demands from Plaintiffs or otherwise participate in the Action during the

pendency of the Agreement.  Neither Mitsubishi Electric Defendants nor Plaintiffs shall file

motions against the other during the pendency of the Agreement.  In the event that the Agreement is

not approved by the Court, or otherwise terminates, Mitsubishi Electric Defendants and Plaintiffs

will each be bound by and have the benefit of any rulings made in the Action to the extent they

would have been applicable to Mitsubishi Electric Defendants or Plaintiffs had Mitsubishi Electric

Defendants been participating in the Action.

      26.      Mitsubishi Electric Defendants and Plaintiffs agree not to disclose

publicly or to any other plaintiff, defendant, or counsel the terms of this Agreement until this

Agreement is submitted to the Court for approval.

      F.      <u>Rescission if this Agreement is Not Approved or Final Judgment is Not Entered.</u>

      27.      If the Court refuses to approve this Agreement or any part hereof, or if

such approval is modified or set aside on appeal, or if the Court does not enter the final judgment

provided for in Paragraph 12 of this Agreement, or if the Court enters the final judgment and

appellate review is sought, and on such review, such final judgment is not affirmed in its entirety,

then Mitsubishi Electric Defendants and the Plaintiffs shall each, in their sole discretion, have the

option to rescind this Agreement in its entirety.  Written notice of the exercise of any such right to

rescind shall be made according to the terms of Paragraph 37.  A modification or reversal on appeal

of any amount of Class Counsel's fees and expenses awarded by the Court from the Settlement

Fund shall not be deemed a modification of all or a part of the terms of this Agreement or such final

judgment.

      28.      In the event that this Agreement does not become final, then this

Agreement shall be of no force or effect and any and all parts of the Settlement Fund caused to be

deposited in the Escrow Account (including interest earned thereon) shall be returned forth with to

Mitsubishi Electric Defendants less only disbursements made in accordance with Paragraph 20 of

this Agreement.  Mitsubishi Electric Defendants expressly reserve all of their respective rights and defenses if this Agreement does not become final.

29.     Further, and in any event, Plaintiffs and Mitsubishi Electric Defendants agree that this Agreement, whether or not it shall become final, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrong doing whatsoever by Mitsubishi Electric Defendants (or the Mitsubishi Electric Releasees), or of the truth of any of the claims or allegations contained in the complaint or any other pleading filed in the Action, or by any person or entity in any other action, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding.  Further, this Agreement shall not be interpreted to acknowledge the jurisdiction of any court over any Mitsubishi Electric Defendants or concede the enforceability of any judgment against any Mitsubishi Electric Defendants in any court in any jurisdiction, except as specified in Paragraph 32 below.

30.     This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Agreement, for a complete resolution of the relevant claims with respect to each Mitsubishi Electric Releasee as provided in this Agreement.

G.     Miscellaneous.

31.     This Agreement does not settle or compromise any claim by Plaintiffs or any Class Member included in the Class, against any defendant or alleged co-conspirator other than the Mitsubishi Electric Releasees.  All rights against such other defendants or alleged co-conspirators are specifically reserved by Plaintiffs and the Class.  Mitsubishi Electric Defendants' sales to the Class shall not be removed from the Action.

32.     The United States District Court for the Northern District of California shall retain jurisdiction, which shall be exclusive to the extent permitted by law, over the

implementation, enforcement, and performance of this Agreement, and shall have exclusive

jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement

or the applicability of this Agreement that cannot be resolved by negotiation and agreement by

Plaintiffs and Mitsubishi Electric Defendants.  This Agreement shall be governed by and interpreted

according to the substantive laws of the state of California without regard to its choice of law or

conflict of laws principles.

      33.      This Agreement constitutes the entire, complete and integrated agreement

among Plaintiffs and Mitsubishi Electric Defendants pertaining to the settlement of the Action

against Mitsubishi Electric Defendants, and supersedes all prior and contemporaneous undertakings

of Plaintiffs and Mitsubishi Electric Defendants in connection herewith.  This Agreement may not

be modified or amended except in writing executed by Plaintiffs and Mitsubishi Electric

Defendants, and approved by the Court.

      34.      This Agreement shall be binding upon, and inure to the benefit of, the

successors and assigns of Plaintiffs and Mitsubishi Electric Defendants.  Without limiting the

generality of the foregoing, each and every covenant and agreement made herein by Plaintiffs, Lead

Counsel or Class Counsel shall be binding upon all Class Members and Releasors.  The Mitsubishi

Electric Releasees (other than Mitsubishi Electric Defendants which are parties hereto) are third

party beneficiaries of this Agreement and are authorized to enforce its terms applicable to them.

      35.      This Agreement may be executed in counterparts by Plaintiffs and

Mitsubishi Electric Defendants, and a facsimile signature shall be deemed an original signature for

purposes of executing this Agreement.

      36.      Neither Plaintiffs nor Mitsubishi Electric Defendants shall be considered

to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law,

or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

      37.     Where this Agreement requires either party to provide notice or any other communication or document to the other, such notice shall be in writing, and such notice, communication, or document shall be provided by facsimile or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

      38.     Each of the undersigned signatories represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

Dated: November 16, 2016

For the Plaintiffs:

By: _R. Alexander Saveri_

Guido Saveri
R. Alexander Saveri
**SAVERI & SAVERI, INC.**
706 Sansome Street
San Francisco, CA 94111
Telephone:     (415) 217-6810
Facsimile:     (415) 217-6813
Email: guido@saveri.com
Email: rick@saveri.com

Dated November 16, 2016
***Lead Counsel and Attorneys for the Class***

For the Mitsubishi Electric Defendants:

MITSUBISHI ELECTRIC CORPORATION

By:_____

Terrence J. Truax, Its Attorney

Dated: November ___, 2016

MITSUBISHI ELECTRIC US, INC.

By:_____

Terrence J. Truax, Its Attorney

Dated: November ___, 2016

MITSUBISHI ELECTRIC VISUAL
SOLUTIONS AMERICA, INC.

By:_____

Terrence J. Truax, Its Attorney

Dated: November ___, 2016

Dated: November __, 2016

For the Plaintiffs:

By: _____
Guido Saveri
R. Alexander Saveri
**SAVERI & SAVERI, INC.**
706 Sansome Street
San Francisco, CA 94111
Telephone:    (415) 217-6810
Facsimile:    (415) 217-6813
Email: guido@saveri.com
Email: rick@saveri.com

Dated November __, 2016
*Lead Counsel and Attorneys for the Class*


For the Mitsubishi Electric Defendants:

MITSUBISHI ELECTRIC CORPORATION
By: _____
Terrence J. Truax, Its Attorney

Dated: November _16_, 2016


MITSUBISHI ELECTRIC US, INC.
By: _____
Terrence J. Truax, Its Attorney

Dated: November _16_, 2016


MITSUBISHI ELECTRIC VISUAL
SOLUTIONS AMERICA, INC.
By: _____
Terrence J. Truax, Its Attorney

Dated: November _16_, 2016

# EXHIBIT 2

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If You Bought A Cathode Ray Tube Product,

## A Class Action Settlement May Affect You.

Cathode Ray Tube (CRT) Products include Cathode Ray Tubes and finished products that contain a Cathode Ray Tube such as Televisions and Computer Monitors.

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- A class action lawsuit that includes direct purchasers of CRT Products is currently pending. The Court certified a class of direct purchasers of CRT Products by order dated July 8, 2015. If you are a direct purchaser of CRT Products and you did not exclude yourself from the Class following the Notice of Direct Purchaser Class Certification ("Class Notice") mailed on November 23, 2015, you are a member of the Class and your rights will be affected.

- Plaintiffs claim that Defendants (listed below) and co-conspirators engaged in an unlawful conspiracy to fix, raise, maintain or stabilize the prices of Cathode Ray Tubes. Plaintiffs further claim that direct purchasers of televisions and monitors that contain a cathode ray tube from the Defendants may recover for the effect that the cathode ray tube conspiracy had on the prices of televisions and monitors. Plaintiffs allege that, as a result of the unlawful conspiracy involving cathode ray tubes, they and other direct purchasers paid more for CRT Products than they would have paid absent the conspiracy. Defendants deny Plaintiffs' claims.

- A settlement has been reached with Mitsubishi Electric Corporation; Mitsubishi Electric US, Inc. (formerly known as Mitsubishi Electric & Electronics USA, Inc.); and Mitsubishi Electric Visual Solutions America, Inc. (formerly known as Mitsubishi Digital Electronics America, Inc.). The companies are together referred to as "Mitsubishi Electric Defendants."

- Your legal rights will be affected whether you act or don't act. This Notice includes information on the Settlement and the continuing lawsuit. Please read the entire Notice carefully.

## These Rights and Options – and deadlines to exercise them –

## are explained in this notice.

| | |
|---|---|
| You can object to or comment on the Settlement | *see* Question 10 |
| You may go to a hearing and comment on the Settlement | *see* Question 13 |
| You may make a new or supplemental claim | *see* Question 9 |

The Court in charge of this case still has to decide whether to approve the Settlement.

# WHAT THIS NOTICE CONTAINS

**Basic Information**.................................................................................................... Page 3

    1.  Why did I get this notice?

    2.  Who are the Defendant companies?

    3.  What is this lawsuit about?

    4.  Were there other settlements in this litigation?

    5.  What is a Cathode Ray Tube Product?

    6.   What is a class action?

**The Class** ....................................................................................................... Page 5

    7.  How do I know if I'm part of the Class?

    8.  What does the Settlement provide?

    9.  When can I get a payment?

    10. May I object to or comment on the Settlement?

**The Settlement Approval Hearing** .............................................................. Page 7

    11. When and where will the Court decide whether to approve the Settlement?

    12. Do I have to come to the hearing?

    13. May I speak at the hearing?

**The Lawyers Representing You** ................................................................... Page 7

    14. Do I have a lawyer in the case?

    15. How will the lawyers be paid?

**Getting More Information** ......................................................................... Page 8

    16. How do I get more information?

## BASIC INFORMATION

### 1.    Why did I get this notice?

You or your company may have directly purchased Cathode Ray Tubes (CRTs) or certain products containing those tubes between March 1, 1995 and November 25, 2007. A direct purchaser is a person or business who bought a CRT, or a television or computer monitor containing a CRT directly from one or more of the Defendants, co-conspirators, affiliates, or subsidiaries themselves, as opposed to an intermediary (such as a retail store).

You have the right to know about the litigation and about your legal rights and options before the Court decides whether to approve the Settlement.

The notice explains the litigation, the settlement, and your legal rights.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is called *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917. The people who sued are called Plaintiffs and the companies they sued are called Defendants.

### 2.    Who are the Defendant and Co-Conspirator companies?

The Defendant and Co-Conspirator companies include: Thomson SA (now known as Technicolor SA); Thomson Consumer Electronics, Inc. (now known as Technicolor USA, Inc.); Technologies Displays Americas LLC (formerly known as Thomson Displays Americas LLC); Videocon Industries, Ltd.; Mitsubishi Electric Corporation; Mitsubishi Electric US, Inc. (formerly known as Mitsubishi Electric & Electronics USA, Inc.); Mitsubishi Electric Visual Solutions America, Inc. (formerly known as Mitsubishi Digital Electronics America, Inc.); LG Electronics, Inc., LG Electronics U.S.A., Inc., LG Electronics Taiwan Taipei Co., Ltd., Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation, Philips Electronics Industries (Taiwan), Ltd., Philips da Amazonia Industria Electronica Ltda., LP Displays International, Ltd. f/k/a LG.Philips Displays, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung SDI Co. Ltd., Samsung SDI America, Inc., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co. Ltd., Tianjin Samsung SDI Co. Ltd., Samsung SDI Malaysia Sdn. Bhd., Toshiba Corporation, Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., Toshiba America Electronic Components, Inc., Panasonic Corporation f/k/a Matsushita Electric Industrial, Ltd., Panasonic Corporation of North America, MT Picture Display Co., Ltd., Beijing-Matsushita Color CRT Company, Ltd. (BMCC), Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi Electronic Devices (USA), Inc., Hitachi America, Ltd., Hitachi Asia, Ltd., Tatung Company of America, Inc., Chunghwa Picture Tubes Ltd., Chunghwa Picture Tubes (Malaysia) Sdn. Bhd., IRICO Group Corporation, IRICO Display Devices Co., Ltd., IRICO Group Electronics Co., Ltd., Thai CRT Company, Ltd., Daewoo Electronics Corporation

f/k/a Daewoo Electronics Company, Ltd., Daewoo International Corporation, Irico Group Corporation, Irico Group Electronics Co., Ltd., and Irico Display Devices Co., Ltd.

## 3.     What is this lawsuit about?

The lawsuit alleges that Defendants and Co-Conspirators conspired to raise and fix the prices of CRTs and the CRTs contained in certain finished products for over ten years, resulting in overcharges to direct purchasers of those CRTs and certain finished products containing CRTs. The complaint describes how the Defendants and Co-Conspirators allegedly violated the U.S. antitrust laws by establishing a global cartel that set artificially high prices for, and restricted the supply of CRTs and the televisions and monitors that contained them. Defendants deny Plaintiffs' allegations. The Court has not decided who is right.

## 4.     Were there other settlements in this litigation?

Yes. This notice concerns a settlement with the Mitsubishi Electric Defendants. Plaintiffs have also reached previous settlements with eight other groups of defendants: 1) Chunghwa Picture Tubes Ltd., Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.; 2) Koninklijke Philips Electronics N.V.; Philips Electronics North America Corporation, Philips Electronics Industries (Taiwan), Ltd.; Philips da Amazonia Industria Electronica Ltda.; 3) Panasonic Corporation (f/k/a Matsushita Electric Industrial, Ltd.); Panasonic Corporation of North America; MT Picture Display Co., Ltd. (this settlement also releases Beijing-Matsushita Color CRT Company, Ltd.); 4) LG Electronics, Inc.; LG Electronics U.S.A., Inc.; LG Electronics Taiwan Taipei Co., Ltd. (this settlement also releases LP Displays International, Ltd. f/k/a LG.Philips Displays.); 5) Toshiba Corporation; Toshiba America Information Systems, Inc.; Toshiba America Consumer Products, L.L.C.; Toshiba America Electronic Components, Inc.; 6) Hitachi, Ltd.; Hitachi Displays, Ltd. (n/k/a Japan Displays Inc.); Hitachi America, Ltd.; Hitachi Asia, Ltd.; Hitachi Electronic Devices (USA) Inc.; 7) Samsung SDI Co. Ltd. (f/k/a Samsung Display Devices Co., Ltd.); Samsung SDI America, Inc.; Samsung SDI Brasil, Ltd.; Tianjin Samsung SDI Co., Ltd.; Samsung Shenzhen SDI Co., Ltd.; SDI Malaysia Sdn. Bhd.; SDI Mexico S.A. de C.V.; 8) Thomson SA (now known as Technicolor SA); Thomson Consumer Electronics, Inc. (now known as Technicolor USA, Inc.); and Technologies Displays Americas LLC (formerly known as Thomson Displays Americas LLC). The eight previous settlements have been finally approved by the Court.

## 5.     What is a Cathode Ray Tube Product?

For the purposes of the Settlement, Cathode Ray Tube Products means Cathode Ray Tubes of any type (e.g. color display tubes and color picture tubes) and finished products which contain Cathode Ray Tubes, such as Televisions and Computer Monitors.

**6.      What is a class action?**

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims. All these people are members of the class, except for those who have previously excluded themselves from the class.

Important information about the case is posted on the website, **www.CRTDirectPurchaserAntitrustSettlement.com** as it becomes available. Please check the website to be kept informed about any future developments.

**THE CLASS**

**7.      How do I know if I'm part of the Class?**

The Class includes:

> All persons and entities who, between March 1, 1995 and November 25, 2007, directly purchased a CRT Product in the United States from any defendant or subsidiary or affiliate thereof, or any co-conspirator ("Class").

If you excluded yourself from the Class by filing a request for exclusion with the Court following the Class Notice sent to you by U.S. Mail or e-mail on November 23, 2015 and published in the *Wall Street Journal or the New York Times* on November 24, 2015, you are not a Class member and this Notice does not affect you.

**8.      What does the Settlement provide?**

The Settlement with the Mitsubishi Electric Defendants provides for a payment in the amount of $75,000,000 in cash to the Class (the "Mitsubishi Electric Settlement Fund").

More details are in the Settlement Agreement, available at **www.CRTDirectPurchaserAntitrustSettlement.com.**

**9.      When can I get a payment?**

Distribution of the Mitsubishi Electric Settlement Fund will be made, along with a previous settlement of $9,750,000 with the Thomson and TDA defendants ("Thomson/TDA Settlement Fund"), on a *pro rata* basis once the Court finally approves the settlement and authorizes distribution of the Mitsubishi Electric Settlement Fund.

Class members have already submitted claim forms for distribution of the *pro rata* shares of the previous settlements (except the Thomson/TDA settlement). If you submitted a claim form, it will be considered as part of the *pro rata* distribution of the Mitsubishi Electric and Thomson/TDA Settlement Funds. You need not submit an additional claim form. If you wish to

supplement or amend your claim form, for example to add purchases from the Mitsubishi Electric Defendants, Thomson/TDA defendants, or others, you may do so. You may also submit a new claim. Directions for filing a new or supplemental claim, either online or using a downloadable claim form, can be found on the class website **www.CRTDirectPurchaserAntitrustSettlement.com**.

Any new or supplemental claims must be submitted online or postmarked by _____.

In the future, each Class member's *pro rata* share of the Mitsubishi Electric Settlement Fund and Thomson/TDA Settlement Fund will be determined by computing each valid claimant's total CRT Product purchases divided by the total valid CRT Product purchases claimed. This percentage is multiplied by the net Settlement Fund (total of the Mitsubishi Electric and Thomson/TDA Settlement Funds minus all costs, attorneys' fees, and expenses) to determine each claimant's *pro rata* share. To determine your CRT Product purchases, CRT tubes (CPTs and CDTs) are calculated at full value while CRT televisions are valued at 50% and CRT computer monitors are valued at 75%.

In summary, all valid claimants will share in the Mitsubishi Electric Settlement Fund on a *pro rata* basis determined by the CRT value of the product you purchased—tubes 100%, monitors 75% and televisions 50%.

### 10.    May I object to or comment on the Settlement?

Yes. If you have comments about, or disagree with, any aspect of the Settlement, you may express your views to the Court by writing to the address below. The written response needs to include your name, address, telephone number, the case name and number (*In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917), a brief explanation of your reasons for objection, and your signature. The response must be filed with the Court or postmarked no later than _____ and mailed to:

| COURT | LEAD COUNSEL FOR PLAINTIFFS | COUNSEL FOR MITSUBISHI ELECTRIC |
|---|---|---|
| Honorable Jon S. Tigar<br>United States District Court<br>Northern District of California<br>San Francisco Division<br>450 Golden Gate Avenue<br>Courtroom 9, 19th floor<br>San Francisco, CA 94102 | Guido Saveri<br>R. Alexander Saveri<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA 94111 | Terrence J. Truax<br>Michael T. Brody<br>JENNER & BLOCK LLP<br>353 N. Clark Street<br>Chicago, IL 60654 |

## THE SETTLEMENT APPROVAL HEARING

**11.** **When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing at _____on _____ **2017**, at the United States District Court for the Northern District of California, San Francisco Division, in Courtroom 9 on the 19th Floor, at 450 Golden Gate Avenue. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the class website for information because additional notice will not be sent. At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. If there are objections or comments, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

**12.** **Do I have to come to the hearing?**

No. Lead Counsel will answer any questions the Court may have, but you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you mailed your written objection or comment on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

**13.** **May I speak at the hearing?**

If you want your own lawyer instead of Lead Counsel to speak at the Final Approval Hearing, you must give the Court a paper that is called a "Notice of Appearance." The Notice of Appearance should include the name and number of the lawsuit (*In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917), and state that you wish to enter an appearance at the Final Approval Hearing. It also must include your name, address, telephone number, and signature. Your "Notice of Appearance" must be postmarked no later than _____.

The Notice of Appearance must be sent to the addresses listed in Question 10.

## THE LAWYERS REPRESENTING YOU

**14.** **Do I have a lawyer in the case?**

Yes. The Court has appointed the law firm of Saveri & Saveri, Inc. to represent you as "Lead Counsel." You do not have to pay Lead Counsel. If you want to be represented by your own lawyers, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

**15.    How will the lawyers be paid?**

Lead Counsel will also submit an application for attorney fees and reimbursement of expenses to be heard at the Final Approval Hearing on _____. Lead Counsel will ask the Court for attorneys' fees not to exceed one-third (33.3%) of the Mitsubishi Electric and Thomson/TDA Settlement Funds plus reimbursement of their costs and expenses, in accordance with the provisions of the Mitsubishi Electric and Thomson/TDA Settlement Agreements. Lead Counsel may also request that an amount be paid to each of the class representatives who helped the lawyers on behalf of the whole Class.

Lead Counsel will file their application for attorney fees and reimbursement of expenses on or before _____. On the same day, Lead Counsel will post their Application for Attorneys' Fees and Expenses and Incentive Awards on the Settlement website **www.CRTDirectPurchaserAntitrustSettlement.com**. You may comment on or object to Lead Counsel's application for attorney fees and reimbursement of expenses by following the procedure set forth in paragraph 10 above. Any comment or objection must be filed with the Court or postmarked by _____.

## GETTING MORE INFORMATION

**16.    How do I get more information?**

This Notice summarizes the lawsuit and the Settlement. You can get more information about the lawsuit and Settlement at **www.CRTDirectPurchaserAntitrustSettlement.com**, by calling 1-877-224-3063, or writing to CRT Direct Settlement, P.O. Box XXXX, XXXXXXXX, XX XXXXX. Please do not contact the Court about this case.

Dated: _____                          BY ORDER OF THE COURT

EXHIBIT 3

<u>LEGAL NOTICE</u>
**If You Bought A Cathode Ray Tube ("CRT") or CRT Product, A Class Action Settlement May Affect You.**
_____

**CRT Products include Televisions or Computer Monitors that contain Cathode Ray Tubes**

A settlement has been reached with a group of defendants in a class action lawsuit involving CRTs and CRT Products. This is the ninth settlement to date. CRT stands for "Cathode Ray Tube." "Cathode Ray Tube (CRT) Products" include Cathode Ray Tubes and finished products that contain a Cathode Ray Tube such as Televisions and Computer Monitors.

*What is this lawsuit about?*

The lawsuit alleges that Defendants and Co-Conspirators engaged in an unlawful conspiracy to fix, raise, maintain or stabilize the prices of CRTs. Plaintiffs further claim that direct purchasers of televisions and monitors that contain a cathode ray tube from the Defendants may recover for the effect that the cathode ray tube conspiracy had on the prices of televisions and monitors. Plaintiffs allege that, as result of the unlawful conspiracy, they and other direct purchasers paid more for CRT Products than they would have absent the conspiracy. Defendants deny Plaintiffs' claims.

*Who's included in the settlement?*

The settlement includes all persons and entities who, between March 1, 1995 and November 25, 2007, directly purchased a CRT Product in the United States from any defendant or subsidiary or affiliate thereof ("Class"), who did not exclude themselves following the Notice of Class Certification sent to Class members in November 2015 and published in the *New York Times* and the *Wall Street Journal*.

*Who are the settling defendants?*

A settlement has been reached with Mitsubishi Electric Corporation; Mitsubishi Electric US, Inc. (formerly known as Mitsubishi Electric & Electronics USA, Inc.); and Mitsubishi Electric Visual Solutions America, Inc. (formerly known as Mitsubishi Digital Electronics America, Inc.). The companies are together referred to as "Mitsubishi Electric Defendants." A complete list of Defendants and Co-Conspirators is set out in the Long Form Notice available at www.CRTDirectPurchaserAntitrustSettlement.com.

*What does the settlement provide?*

The Mitsubishi Electric settlement provides for the payment of $75,000,000 in cash to the Class. The Settlement Fund will be distributed, along with the $9,750,000 Thomson and TDA settlement fund, on a *pro rata* basis once the Court finally approves the settlement and authorizes distribution of the Settlement Funds. If you have already submitted a claim relating to the previous settlements, you need not submit an additional claim to receive money from these settlements. If you wish submit a new or supplemental claim you may do so by _____. Instructions for submitting a new or supplemental claim can be found at www.CRTDirectPurchaserAntitrustSettlement.com.

*What are my rights?*

If you wish to comment on or disagree with any aspect of the proposed settlement, you must do so in writing no later than _____. The settlement agreement, along with details on how to object to it, is available at www.CRTDirectPurchaserAntitrustSettlement.com. The U.S. District Court for the Northern District of California will hold a Final Approval Hearing at ____ on _____, at the U.S. District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102, Courtroom 9, 19th Floor. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the class website for information, as additional notice will not be sent.

The Court has appointed the law firm of Saveri & Saveri, Inc. to represent Direct Purchaser Class members as Lead Class Counsel. At the Final Approval Hearing, the Court will consider whether the settlement is fair, reasonable and adequate. Class Counsel will also make an application for attorney fees of up to 33.3% of the Mitsubishi Electric and Thomson/TDA settlement funds and expenses at the Final Approval Hearing. You may also object to or comment on Class Counsel's fee and expense application in the same manner set forth above. The Court will consider any objection to the Settlement or the fee and expense application at the Final Approval Hearing. You may appear at the hearing, but don't have to. We do not know how long these decisions will take. Please do not contact the Court about this case.

This is a Summary Notice. For more details, call toll free 1-877-224-3063, visit www.CRTDirectPurchaserAntitrustSettlement.com, or write to CRT Direct Settlement, P.O. Box XXXX, XXXXXXXX, XX XXXXX.

EXHIBIT 4

<table>
<tr><td>

**Must Be Postmarked or
E-Mailed
No Later Than
December 10, 2015**

</td><td>

# PROOF OF CLAIM

*In Re: Cathode Ray Tube (CRT)
Antitrust Litigation*
Case No. 3:07-cv-05944 SC

</td><td>

**For Official Use Only**
01

</td></tr>
</table>

«*BARCODE*»

«name1»
«name2»
«name3»
«addr1»
«addr2»
«city», «state»  «zip5»
«country_name»

☐ Please check the box if the name or address
is different from information on left and
complete below:

_____

_____

_____

_____

## PART 1: CLAIMANT INFORMATION

Please type or neatly print all information.

Telephone Number:

Foreign Code   Telephone Number (International):

Email Address:

Person to contact if there are questions regarding this claim:

## PART 2:  IMPORTANT INFORMATION

### GENERAL INSTRUCTIONS

This Proof of Claim form must be completed and returned by Class members who seek payment from the Settlements. It must be postmarked or sent via electronic mail no later than December 10, 2015. If you fail to mail a timely, properly addressed Proof of Claim form, your claim may be rejected and you may be precluded from any recovery from the Settlements. Completed Proof of Claim forms should be mailed to the Claims Administrator at:

*In re Cathode Ray Tube (CRT) Antitrust Litigation*
Gilardi & Co. LLC
P.O. Box XXXX
Petaluma, CA  94975

or submit a completed Claim Form Online:

claims@CRTDirectPurchaserAntitrustSettlement.com

All inquiries regarding your claim should be made in writing to the Claims Administrator at the address above.

Members of the Class who did not timely and validly seek exclusion from the Settlement Class will be bound by the judgment entered approving these Settlements as to Defendants and the Releasees regardless of whether they submit a Proof of Claim form.

## DEFINITIONS

A) "Class Period" means March 1, 1995 through November 25, 2007.

B) "Defendant" or "Defendants" means the following entities which are named as Defendants in this action:

LG Electronics, Inc., LG Electronics U.S.A., Inc., LG Electronics Taiwan Taipei Co., Ltd., Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation, Philips Electronics Industries (Taiwan), Ltd., Philips Consumer Electronics Co., Philips da Amazonia Industria Electronica Ltda., LP Displays International, Ltd. f/k/a LG. Philips Displays, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung SDI Co. Ltd., Samsung SDI America, Inc., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co. Ltd., Tianjin Samsung SDI Co. Ltd., Samsung SDI Malaysia Sdn. Bhd., Toshiba Corporation, Toshiba America Consumer Products, Inc., Toshiba Display Devices (Thailand) Company, Ltd., Toshiba America Information Systems, Inc., Toshiba America, Inc., Toshiba America Electronic Components, Inc., Panasonic Corporation f/k/a Matsushita Electric Industrial, Ltd., Matsushita Electronic Corporation (Malaysia) Sdn. Bhd., Panasonic Corporation of North America, Panasonic Consumer Electronics Co., MT Picture Display Co., Ltd., Beijing-Matsushita Color CRT Company, Ltd. (BMCC), Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi Electronic Devices (USA), Inc., Hitachi America, Ltd., Hitachi Asia, Ltd., Shenzhen SEG Hitachi Color Display Devices, Ltd., Samtel Color, Ltd., Tatung Company of America, Inc., Chunghwa Picture Tubes Ltd., Chunghwa Picture Tubes (Malaysia) Sdn. Bhd., IRICO Group Corporation, IRICO Display Devices Co., Ltd., IRICO Group Electronics Co., Ltd., Thai CRT Company, Ltd., Daewoo Electronics Corporation f/k/a Daewoo Electronics Company, Ltd., and Daewoo International Corporation.

"Co-Conspirator" or "Co-Conspirators" means Mitsubishi Electric Corporation; Mitsubishi Electric US, Inc. (f/k/a Mitsubishi Electric & Electronics USA, Inc.); Mitsubishi Electric Visual Solutions America, Inc. (f/k/a Mitsubishi Digital Electronics America, Inc.); Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.); Technicolor SA (f/k/a Thomson SA); Videocon Industries, Ltd.; and Technologies Displays Americas LLC (f/k/a Thomson Displays Americas LLC).

C) "Class" means all persons and entities who, between March 1, 1995 and November 25, 2007, directly purchased a CRT Product in the United States from any defendant or subsidiary or affiliate thereof, or any co-conspirator. ("Settlement Class").

D) "Releasees" shall refer jointly and severally, individually and collectively to all defendants listed above and their respective past and present parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, servants, representatives (and the parents', subsidiaries', and affiliates' past and present officers, directors, employees, agents, attorneys, servants, and representatives), and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

E) "Cathode Ray Tube Products" means Cathode Ray Tube Products of any type (e.g. color display tubes and color picture tubes) and finished products which contain Cathode Ray Tubes, such as Televisions and Computer Monitors.

F) "Class Members" means all members of the Class who did not timely and validly elect to be excluded from the Class certified by the Court.

## PART 3: SCHEDULE OF QUALIFYING PURCHASES

Report separately purchases of Cathode Ray Tubes and Finished Products containing Cathode Ray Tubes ("CRT Finished Products") made directly from any Defendant or Co-Conspirator (listed in Sections A, B, and C below) from March 1, 1995 through November 25, 2007. Cathode Ray Tubes can be either Color Picture Tubes "CPTs" or Color Display Tubes "CDTs" collectively referred to as "CRTs." CRT Finished Products are electronic devices containing CPTs (televisions) or CDTs (computer monitors). **In order to qualify as a claim, your purchase(s) must have been billed to and/or shipped to a location in the United States.** Foreign transactions where billing and shipping took place outside of the U.S. do not qualify. **If you have submitted a request for exclusion from the Settlement Class in connection with settlements, do not submit this Claim Form. Also, if you entered into a settlement with any defendant or Co-Conspirator for your purchase(s) from that defendant or Co-Conspirator, or assigned or transferred your claim for any purchase(s), your Claim Form must not include, as part of your claim, any of those purchases.** For example, if Class member A purchased $10,000 from defendant 1 and entered into a settlement with defendant 1 for those purchases, that $10,000 must not be included as part of Class member A's claim. Failure to include all purchases will reduce the amount of your payment. You *DO NOT* need to attach documentation. However, you must keep copies of your purchase order(s), invoice(s), or other documentation of your purchase(s) in case verification of your claim is necessary.

In Sections A, B, and C below, list the total dollar amount (in U.S. dollars) of your purchases of Cathode Ray Tubes and/or CRT Finished Products made directly from each Defendant or Co-Conspirator from March 1, 1995 through November 25, 2007. *Amounts should be rounded to the nearest dollar. (Example: $12,345.67 should be entered as $12,346.) Do not include transportation charges, rebates, refunds, credits, etc. If you did not purchase Cathode Ray Tubes or Cathode Ray Tube Products from a Defendant or Co-Conspirator, or if you settled with a particular Defendant or Co-Conspirator, assigned or transferred your claim, write "No Purchases" in the corresponding Defendant or Co-Conspirator box below.*

CLAIM FORMS MAY BE FILED ON-LINE AT **www.CRTDirectPurchaserAntitrustSettlement.com**

**SECTION A – Complete this Section ONLY if you directly purchased a CATHODE RAY TUBE from March 1, 1995 through November 25, 2007 from one of the entities listed below:**

| Entity | Amount |
|---|---|
| Chunghwa[1] | $ |
| Daewoo[2] | $ |
| Hitachi[3] | $ |
| Irico[4] | $ |
| LG[5] | $ |
| LPD[6] | $ |
| Panasonic[7] | $ |
| Philips[8] | $ |
| Samsung[9] | $ |
| Samtel[10] | $ |
| Tatung[11] | $ |
| Thai CRT[12] | $ |
| Toshiba[13] | $ |
| Mitsubishi[14] | $ |
| Thomson[15] | $ |

---

[1] "Chunghwa" means Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.

[2] "Daewoo" means Daewoo International Corporation and Daewoo Electronics Corporation f/k/a Daewoo Electronics Company, Ltd.

[3] "Hitachi" means Hitachi Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., Hitachi Electronics Devices (USA), and Shenzhen SEG Hitachi Color Display Devices, Ltd.

[4] "Irico" means Irico Group Corporation, Irico Group Electronics Co., Ltd., and Irico Display Devices Co., Ltd.

[5] "LG" means LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Taiwan Taipei Co., Ltd.

[6] "LPD" means LP Displays International, Ltd.

[7] "Panasonic" means Panasonic Corporation, f/k/a Matsushita Electric Industrial Co., Ltd., Matsushita Electronic Corporation (Malaysia) Sdn Bhd., Panasonic Corporation of North America, Panasonic Consumer Electronics Co.; MT Picture Display Co., Ltd., f/k/a Matsushita Toshiba Picture Display Co., Ltd.; and Beijing-Matsushita Color CRT Company, Ltd.

[8] "Philips" means Koninklijke Philips Electronics N.V.; Philips Electronics North America Corp.; Philips Electronics Industries (Taiwan), Ltd.; Philips da Amazonia Industria Electronica Ltda.; Philips Electronics Industries Ltd.; and Philips Consumer Electronics Co.

[9] "Samsung" means Samsung SDI (Malaysia) Sdn Bhd.; Samsung SDI Co., Ltd. f/k/a Samsung Display Device Company; Samsung SDI America, Inc.; Samsung SDI Mexico S.A. de C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co. Ltd.; Tianjin Samsung SDI Co., Ltd.; Samsung Electronics Co., Ltd.; and Samsung Electronics America, Inc.

[10] "Samtel" means Samtel Color, Ltd.

[11] "Tatung" means Tatung Company of America, Inc.

[12] "Thai CRT" means Thai CRT Company, Ltd.

[13] "Toshiba" means Toshiba Corporation; Toshiba America Consumer Products LLC; Toshiba America Electronic Components, Inc.; Toshiba America Information Systems, Inc.; Toshiba America, Inc.; Toshiba America Consumer Products, Inc.; and Toshiba Display Devices (Thailand) Company, Ltd.

[14] "Mitsubishi" means Mitsubishi Electric Corporation; Mitsubishi Electric US, Inc. (f/k/a Mitsubishi Electric & Electronics USA, Inc.); Mitsubishi Electric Visual Solutions America, Inc. (f/k/a Mitsubishi Digital Electronics America, Inc.)

[15] "Thomson" means Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.); Technicolor SA (f/k/a Thomson SA); Videocon Industries, Ltd.; and Technologies Displays Americas LLC (f/k/a Thomson Displays Americas LLC)

CLAIM FORMS MAY BE FILED ON-LINE AT **www.CRTDirectPurchaserAntitrustSettlement.com**

**SECTION B - Complete this Section ONLY if you directly purchased a TELEVISION containing a Cathode Ray Tube from March 1, 1995 through November 25, 2007 from one of the entities listed below:**

| | | |
|---|---|---|
| Chunghwa | $ | |
| Daewoo | $ | |
| Hitachi | $ | |
| Irico | $ | |
| LG | $ | |
| LPD | $ | |
| Panasonic | $ | |
| Philips | $ | |
| Samsung | $ | |
| Samtel | $ | |
| Tatung | $ | |
| Thai CRT | $ | |
| Toshiba | $ | |
| Mitsubishi | $ | |
| Thomson | $ | |

**SECTION C - Complete this Section ONLY if you directly purchased a COMPUTER MONITOR containing a Cathode Ray Tube from March 1, 1995 through November 25, 2007 from one of the entities listed below:**

| | | |
|---|---|---|
| Chunghwa | $ | |
| Daewoo | $ | |
| Hitachi | $ | |
| Irico | $ | |
| LG | $ | |
| LPD | $ | |
| Panasonic | $ | |
| Philips | $ | |
| Samsung | $ | |
| Samtel | $ | |
| Tatung | $ | |
| Thai CRT | $ | |
| Toshiba | $ | |
| Mitsubishi | $ | |
| Thomson | $ | |

## PART 4: SUBMISSION TO JURISDICTION OF THE DISTRICT COURT

By signing below, you are verifying that:

    1.   You have documentation to support your claim and agree to provide additional information to Class Counsel or the Claims Administrator to support your claim if necessary;

    2.   You have not assigned or transferred (or purported to assign or transfer) or settled for the same purchases or submitted any other claim for the same purchases of CRT Products and have not authorized any other person or entity to do so, and know of no other person or entity having done so on your behalf;

    3.   The information provided in this Claim Form is accurate and complete; and

    4.   You agree to submit to the jurisdiction of the District Court for the Northern District of California, where this action is pending, for purposes of resolving any issues related to or arising from your claim.

## PART 5: CERTIFICATION

    I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

    NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

    I (WE) DECLARE, UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, THAT THE INFORMATION PROVIDED IN THIS PROOF OF CLAIM FORM IS TRUE AND CORRECT.

This certification was executed on the _____ of _____, 2015, in _____.
                               (day)          (Month)                    (City/State/Country)

**SIGNATURE OF CLAIMANT:** (If this claim is being made on behalf of Joint Claimants, then each must sign.)

Signature: | Type/Print Name:

Company's Name: | Capacity of person signing: e.g. President:

Mail the completed Claim Form to:

*In re Cathode Ray Tube (CRT) Antitrust Litigation*
Gilardi & Co. LLC
P.O. Box XXXX
Petaluma, CA 94975
or email it to: claims@CRTDirectPurchaserAntitrustSettlement.com

---

## ACCURATE PROCESSING OF CLAIMS MAY TAKE SIGNIFICANT TIME.
## THANK YOU, IN ADVANCE, FOR YOUR PATIENCE.

---