UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*Crago, d/b/a Dash Computers, Inc., et al. v. Mitsubishi Electric Corporation, et al.*, Case No. 14-CV-2058-JST. | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH THE MITSUBISHI ELECTRIC DEFENDANTS**<br><br>Date:      February 23, 2017<br>Time:     2:00 p.m.<br>Judge:    Honorable Jon S. Tigar<br>Courtroom: 9 |

On January 19, 2017, Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement with Mitsubishi Electric Corporation; Mitsubishi Electric US, Inc. (formerly known as Mitsubishi Electric & Electronics USA, Inc.); and Mitsubishi Electric Visual Solutions America, Inc. (formerly known as Mitsubishi Digital Electronics America, Inc.) (collectively, the "Mitsubishi Electric Defendants"). The Court, having reviewed the motion, the settlement agreement, the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that the motion should be GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.	For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the settlement agreement between Plaintiffs and the Mitsubishi Electric Defendants, executed on November 16, 2016 ("Settlement Agreement").

2.	The Court hereby preliminarily approves the Settlement Agreement, subject to a hearing on the final approval of the Settlement Agreement (the "Final Approval Hearing").

3.	The Court finds that the settlement falls within the range of possible final approval and that there is a sufficient basis for notifying the Class, certified by the Court on July 8, 2015 (*In re Cathode Ray Tube (CRT) Antitrust Litig.*, 308 F.R.D. 606 (N.D. Cal. 2015)), of the proposed settlement and for setting a Final Approval Hearing.

4.	The Court appoints the law firm of Saveri & Saveri, Inc. to serve as Class Counsel for the Class.

5.	The Court approves the long form notice attached hereto as Exhibit A ("Long Form Notice"). The Court also approves the summary notice attached hereto as Exhibit B ("Summary Notice"). The Court finds that taken together, the mailing of the Long Form Notice (U.S. Mail or electronic mail) to all members of the Class who can be identified with reasonable effort, publication of the Summary Notice, and Internet posting of the Long Form Notice are: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise Class members of the proposed settlement with the Mitsubishi Electric Defendants and of their right to object as provided in the Settlement Agreement; (iii) reasonable and constitute due, adequate, and sufficient

1

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH THE MITSUBISHI ELECTRIC DEFENDANTS; Master File No. 07-CV-5944-JST

notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of Rule 23, due process, and any other applicable requirements under federal law.

6. The Court also approves the proof of claim form previously approved by this Court, *see* ECF No. 3934, and sent to Class members and published on the website www.CRTDirectPurchaserAntitrustSettlement.com on September 11, 2015, *see* ECF No. 4114-2 ¶¶ 4–6, attached hereto as Exhibit C ("Proof of Claim form").

7. Plaintiffs' claims administrator shall provide notice of the Settlement Agreement to Class members. The claims administrator shall provide direct notice of the Settlement Agreement to all members of the Class on or before a date set fourteen (14) days from the entry of this Order. Such notice shall be sent either by first-class U.S. mail postage prepaid or by electronic mail. The claims administrator shall publish the Summary Notice in the national editions of the *New York Times* and the *Wall Street Journal* on or before a date eighteen (18) days from the entry of this Order. The claims administrator shall also cause a copy of the class notices and the Settlement Agreement to be posted on the website www.CRTDirectPurchaserAntitrustSettlement.com.

8. When dissemination of notice is completed, Class Counsel shall cause a declaration to be filed reflecting that the notice has been provided in accordance with this Order. Class members shall have ninety (90) days from the deadline for mailing of notice to complete and send the Proof of Claim form and submit it to the Claims Administrator. In order to provide certainty, any new or supplemental claims must be submitted online or postmarked by _____, 2017.

9. Each Class member shall have the right to object to (1) the settlement, and/or (2) the plan of allocation by filing written objections with the Court no later than a date set at least forty-five (45) days after mailing direct notice, copies of which shall be served on all counsel listed in the class notice. Failure to timely file and serve written objections will preclude a Class member from objecting to the settlement.

10. Each Class member shall have the right to appear at the Final Approval Hearing by filing a Notice of Intention to Appear no later than a date set at least forty-five (45) days after mailing direct notice, copies of which shall be served on all counsel listed in the class notice.

11. The Court will conduct a Final Approval Hearing on a date set at least 120 days from the entry of this Order at 2:00 p.m. The Final Approval Hearing will be conducted to determine the following:

    a. Whether the proposed settlement is fair, reasonable, and adequate and should be granted final approval;

    b. Whether final judgment should be entered dismissing the claims of the class against the Mitsubishi Electric Defendants;

    c. Whether to approve the plan of allocation; and

    d. Such other matters as the Court may deem appropriate.

12. The Court will also hear Plaintiffs' Application for Attorneys' Fees and Expenses and Incentive Awards ("Fee and Expense Application") at the Final Approval Hearing. Plaintiffs shall file their Fee and Expense Application no later than twenty-one (21) days before the deadline to object to the settlement or plan of allocation. Plaintiffs shall post their fee and expense application and all supporting materials on the website www.CRTDirectPurchaserAntitrustSettlement.com on the same day. Class members shall have the right to object to the fee and expense application by filing a written objection with the Court on or before the deadline to object to the settlement or plan of allocation. Plaintiffs shall file a reply brief responding to any timely objection no later than twenty-one (21) days before the Final Approval Hearing.

13. Each member of the Class shall retain all rights and causes of action with respect to claims against all Defendants other than the Mitsubishi Electric Defendants and the entities defined as "Mitsubishi Electric Releasees" in the Settlement Agreement.

14. All briefs, memoranda and papers in support of final approval of the Settlement shall be filed no later than twenty-one (21) days before the Final Approval Hearing.

15. Plaintiffs' Counsel and their designees are authorized to expend funds from the escrow accounts to pay taxes, tax expenses, notice, and administration costs as set forth in each of the Settlement Agreement.

16. All further direct purchaser class proceedings as to the Mitsubishi Electric Defendants are hereby stayed except for any actions required to effectuate the Settlement.

17. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement.

Dated: _____                    _____
                                                                                    Hon. Jon S. Tigar
                                                                                    United States District Judge