UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>Individual Cases: No. 13-cv-2171; 11-cv-5502;<br><br>*Dell Inc., et al. v. Hitachi Ltd. et al.*, No. 13-cv-02171;<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262;<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514;<br><br>*Siegel v. Hitachi, Ltd.*, No. 11-cv-05502;<br><br>*Siegel v. Technicolor SA*, No. 13-cv-05261;<br><br>*Target Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514;<br><br>*Target Corp. v. Technicolor SA*, No. 13-cv-05686;<br><br>*ViewSonic Corporation v. Chunghwa Picture Tubes Ltd.*, No. 14-cv-2510;<br><br>*Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, No. 3:11-cv-01656;<br><br>*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 3:13-cv-05724;<br><br>*CompuCom Sys., Inc. v. Hitachi, Ltd., et al.*, No. 3:11-cv-06396;<br><br>*Interbond Corp. of Am. v. Hitachi, Ltd. et al.*, | MDL No. 1917<br><br>Case No. C-07-5944 JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO PARTIALLY EXCLUDE THE EXPERT REPORT AND OPINIONS OF JANUSZ A. ORDOVER, PH.D.** |

No. 3:11-cv-06276;

*Interbond Corp. of America v. Technicolor SA, et al.*, No. 3:13-cv-05727;

*Office Depot, Inc. v. Hitachi, Ltd. et al*, No. 3:11-cv-06276;

*Office Depot, Inc. v. Technicolor SA, et al.,* No. 3:13-cv-05726;

*P.C. Richard & Son Long Island Corp., et al.,v. Hitachi, Ltd., et al.*, No. 3:12-cv-02648;

*P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 3:13-cv-05725;

*Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC v. Hitachi, Ltd., et al.*, No. 3:12-cv-2649;

*Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC v. Technicolor SA., et al.*, No. 3:13-cv-05668;

*Tech Data Corporation; Tech Data Product Management, Inc.; v. AU Optronics Corp., et al.,* No. 13-cv-00157.

Plaintiffs Dell Inc. and Dell Products L.P. filed this motion in limine seeking an order excluding two portions of the opinion of Defendants' expert witness Dr. Janusz A. Ordover. ECF No. 3169-4.[1] First, Plaintiffs[2] ask the Court to exclude those portions of Dr. Ordover's testimony in which he relies on the overcharge calculations of another expert witness, Dr. Dennis Carlton. Plaintiffs argue that Dr. Carlton's overcharge calculations are unreliable, and that it is inappropriate for Dr. Ordover to incorporate them uncritically into his own opinion. Second,

---

[1] The Court cites to the sealed versions of the briefs because of the need to refer to or quote redacted material.

[2] Dr. Ordover issued similar opinions with regard to the damages claimed by several other plaintiffs, all of whom join in Dell's motion. See ECF No. 3169-4 at 2 n.1 (noting Dr. Ordover's opinions regarding plaintiffs Circuit City, CompuCom, Electrograph, BrandsMart, Office Depot, P.C. Richard, Tweeter, Tech Data, Target, and ViewSonic). Although Dell has settled its claims against all Defendants, see 4837-2 at 2, the Court has ruled on the motion because of these joinders.

Plaintiffs ask the Court to exclude Dr. Ordover's opinions regarding the effect of the Foreign Trade Antitrust Improvement Act ("FTAIA"), 15 U.S.C. § 6a, on Plaintiffs' damages. Plaintiffs contend that the data on which Dr. Ordover relied in reaching those opinions is so inconsistent with Dell's actual practices that his opinions will not be helpful to a jury. See ECF No. 3170 at 2 (summarizing arguments).[3] The Court will grant Plaintiffs' first request and deny the second one without prejudice.

I.  **Dr. Ordover's Incorporation of Dr. Carlton's Opinions**

This case concerns a conspiracy to fix the prices of cathode ray tubes ("CRTs"), a product that is now largely obsolete. CRTs had no utility as free-standing products, but were at one time an essential component of computer monitors and televisions. Plaintiffs purchased such monitors and televisions from various defendants who incorporated allegedly price-fixed CRTs into their products. One of the tasks performed by Dr. Mohan Rao, Plaintiffs' economist, was to estimate the rate at which the alleged overcharges were passed through from CRT manufacturers to the monitor producers that were owned or controlled by the defendants and their conspirators (or vice-versa), and then to Plaintiffs ("pass-through rate"). He then estimated the damages suffered by Plaintiffs as a result of these overcharges.

Defendants tasked Dr. Ordover, an economist, with responding to Dr. Rao's report. Dr. Ordover first calculated his own pass-through rate. Rather than estimate the resulting overcharges to Dell and other Plaintiffs, however, he then incorporated the overcharges calculated by Dr. Carlton in a separate report to calculate Plaintiffs' damages. ECF No. 3169-7 at 2. Finally, he applied this analysis to the damages calculated by Plaintiffs' expert, Dr. Mohan Rao, and concluded that Dr. Rao's damages estimates were overstated by "roughly 99 percent." ECF No. 3169-7 at 4.

Plaintiffs do not dispute Dr. Ordover's qualifications, and they do not move to exclude his calculations of the pass-through rate.[4] They argue, however, that Dr. Carlton's overcharge

---

[3] References are to the page numbers in the document and not to the page numbers affixed by the Court's electronic filing system.

[4] Regardless of the result of the present motion, it is not clear that *any* pass-through evidence will

estimates are unreliable, and that Dr. Ordover simply incorporates those estimates without further analysis, rendering his own opinion on the subject unreliable. They further argue that permitting Dr. Ordover to rely on Dr. Carlton's opinions would allow Defendants "to structure their expert evidence such that Dr. Carlton can lob unreliable opinions at Dell, avoid attack by disavowing reliance on those opinions, and then inject those opinions under the guise of a different expert." ECF No. 3169-4 at 8.

Where an expert bases her opinion on – or simply repeats – the unreliable opinion of another expert, a district court may properly exclude the first expert's testimony. See Kentucky Speedway, LLC v. Nat'l Ass'n of Stock Car Auto Racing, Inc., 588 F.3d 908, 919 (6th Cir. 2009) (excluding first expert's opinion because it relied on opinion of second expert, which the court had found to be unreliable); see also Fosmire v. Progressive Max Ins. Co., 277 F.R.D. 625, 629 (W.D. Wash. 2011) (excluding expert testimony based on other expert opinion that was of unproven validity). Also, while "a testifying expert can use facts, data, and conclusions of other experts to offer an opinion within the testifying expert's domain of expertise . . . , the testifying expert cannot vouch for the truth of the other expert's conclusion." K&N Eng'g, Inc v. Spectre Performance, No. EDCV091900VAPDTBX, 2011 WL 13131157, at *10 (C.D. Cal. May 12, 2011) (citing Dura Automotive Systems of Indiana, Inc. v. CTS Corp., 285 F.3d 609, 614 (7th Cir. 2002)); L.F.M. & M.D.S.M. v. Midwest Exp. Holdings, No. CV03-4796, 2010 WL 3860130, at *1 (C.D. Cal. May 3, 2010) (one expert may not vouch for the truth of another's opinion). Plaintiffs argue that Dr. Ordover violated these rules.

Defendants concede that Dr. Ordover incorporated Dr. Carlton's overcharge estimates into his own analysis, and that those estimates are unreliable. See, e.g., ECF No. 3397-3 at 7 ("Dr. Carlton testified that even his "corrected" overcharge calculations remain unreliable . . ."); see also id. at 6 ("Dr. Carlton likewise never suggests that he constructed his own model that would

---

be allowed at trial. The Court recently held that only "if the [Plaintiffs] elect to present evidence of specific pass-through amounts . . . (assuming the Court allows such evidence to be admitted) [will] Defendants [be] entitled to present their own pass-through evidence in rebuttal." ECF No. 5035 at 5. If Plaintiffs do not proffer such evidence, then Defendants will not be allowed to do so, either. Id. at 6.

4

reliably calculate any overcharges in this case."). In fact, Defendants go so far as to affirmatively disclaim that Dr. Ordover even *has* an opinion regarding the amount of overcharges actually paid by the Plaintiffs. Id. at 10 ("Dr. Ordover need not reach such conclusions because he does not offer an affirmative opinion quantifying the damages any of the Plaintiffs' allegedly incurred.").[5] Thus, applying the rules just stated, the portions of Dr. Ordover's report that rely on Dr. Carlton's estimates should be excluded.

Defendants offer two arguments in opposition. First, they note that many Plaintiffs also hired two experts: one to calculate a pass-through rate, and the other to calculate damages. See id. at 11 (listing the experts who so opined). They argue that Defendants are merely doing the same thing here. But this argument is a straw man: Plaintiffs are not contending that Defendants cannot hire two experts, but rather that one expert may not rely on another's unreliable opinion. Defendants' argument fails to engage with the facts.

Second, Defendants argue that Drs. Ordover and Carlton's opinions should be admitted because they are "critiques" of Plaintiffs' expert instead of affirmative opinions. The distinction is one without a difference, and the law does not support it.

The Court grants this part of Plaintiffs' motion. If Dr. Ordover has criticisms regarding Dr. Rao's methodology, as opposed to his damages estimates, he can state them to the jury. See, e.g., ECF No. 3169-7 at 4 ("Dr. Rao fails to account for changes in the CRT and computer monitor industry, including changes in quality of tubes and monitors, and competition for LCDs over time."). But Dr. Ordover may not present specific damages estimates – either as his own or as Dr. Carlton's – and he may not testify that such estimates represent the damages that Plaintiffs would have suffered under Dr. Rao's analysis if that analysis were "corrected."

---

[5] This last argument is odd, given that Dr. Ordover's report states: "Based on my estimates of the rate of pass-through of the supposed overcharges, and the CRT overcharges estimated by Prof. Dennis Carlton, *I have been asked to calculate the damages, if any, suffered by Dell*." ECF No. 3169-7 at 2 (emphasis added). In light of the Court's ruling, the Court need not resolve this contradiction.

5

## II. Dr. Ordover's Opinions Regarding The FTAIA

Dell also asks the Court to exclude Dr. Ordover's opinions regarding the FTAIA, and specifically that "it is likely that a material share of purchases included in Dr. Rao's U.S. volume of commerce estimate for Dell . . . should be excluded under the FTAIA." ECF No. 3169-4 at 10 (quoting Dr. Ordover's report). Dell argues that Dr. Ordover based his analysis on purchasing data collected across the industry as a whole; that "[he] did nothing to verify whether his assumption that the industry data he relied upon is representative of Dell's actual purchasing," and that Dell's data is different. Id.

Because this motion in limine was filed in connection with an earlier trial date – one set before the undersigned assumed responsibility for this multi-district litigation – the parties did not have the benefit of the Court's recent ruling regarding Defendants' summary judgment motions regarding the FTAIA. ECF No. 4910. That order rejected Defendants' interpretation of the scope of the FTAIA, and made it less likely that Defendants will be able to argue, or that a jury will be able to find, that the FTAIA bars Plaintiffs' damages claims. In fact, after the parties have reviewed Dr. Ordover's report in light of the Court's FTAIA ruling, they may conclude that Dr. Ordover's testimony on the subject is no longer relevant.

Accordingly, the Court will deny this portion of the motion without prejudice, so that the parties can make appropriate arguments to individual trial judges once the remaining cases are remanded to the transferor fora.

**IT IS SO ORDERED.**

Dated: January 23, 2017

_____
JON S. TIGAR
United States District Judge