Guido Saveri (22349)
   *guido@saveri.com*
R. Alexander Saveri (173102)
   *rick@saveri.com*
Geoffrey C. Rushing (126910)
   *grushing@saveri.com*
Cadio Zirpoli (179108)
   *cadio@saveri.com*
Matthew D. Heaphy (227224)
   *mheaphy@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **DECLARATION OF VINCENT J. ESADES IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND INCENTIVE AWARDS** |
| *Crago, d/b/a Dash Computers, Inc., et al. v. Mitsubishi Electric Corporation, et al.*, Case No. 14-CV-2058-JST. | |
| | Date:     June 8, 2017 |
| | Time:    2:00 p.m. |
| | Judge:   Honorable Jon S. Tigar |
| | Courtroom: 9 |

I, Vincent J. Esades, declare:

1.    I am an equity member of Heins Mills & Olson, P.L.C., Counsel for Direct Purchaser Plaintiffs ("DPPs" or "Plaintiffs") in this action. I submit this declaration in support of DPPs' joint Application for Attorneys' Fees and Expenses and Incentive Awards ("Fees and Expense Application") in connection with the services rendered in this litigation. I make this declaration based on my personal knowledge and if called as a witness, I could and would competently testify to the matters stated herein.

2.    My firm has served as counsel to Class Representative Plaintiff Wettstein and Sons, Inc., d/b/a Wettstein's ("Wettstein's") and as counsel for the Class throughout the course of this litigation. The background and experience of Heins Mills & Olson, P.L.C. and its attorneys are summarized in the curriculum vitae attached hereto as **Exhibit A**.

3.    Heins Mills & Olson, P.L.C. has prosecuted this litigation solely on a contingent-fee basis, and has been at risk that it would not receive any compensation for prosecuting claims against the defendants. While Heins Mills & Olson, P.L.C. devoted its time and resources to this matter, it has foregone other legal work for which it would seek compensation.

4.    During the pendency of the litigation, Heins Mills & Olson, P.L.C. acted as counsel to Class Representative Plaintiff Wettstein's and performed the following work: Coordinated Plaintiff Wettstein's participation in the litigation against Mitsubishi Electric and Thomson Defendants; reviewed the draft complaint against Mitsubishi Electric and Thomson Defendants; consulted with Plaintiff Wettstein's regarding the new complaint, allegations therein, and Wettstein's further participation in the litigation; provided status updates to, and responded to case-related inquiries of, Plaintiff Wettstein's; working with Co-Lead Counsel and Plaintiff Wettstein's prepared objections and responses to Defendants' interrogatories; assisted Co-Lead Counsel in preparing Plaintiff Wettstein's objections and responses to Defendants' document requests; coordinated the production of Wettstein's documents with Co-Lead Counsel; traveled from Minneapolis, Minnesota to Wettstein's facility in La Crosse, Wisconsin, to review and analyze Plaintiff Wettstein's documents for relevance, privilege, and confidentiality; coordinated and prepared the production of Wettstein's documents to Defendants; reviewed Wettstein's previous

1

1    productions to identify any documents related to Mitsubishi and Thomson; prepared for the

2    deposition of Plaintiff Wettstein's designated deponent pursuant to Fed. R. Civ. P. 30(b)(6);

3    participated with co-counsel in preparing Wettstein's designated deponent for his deposition;

4    attended the deposition of Wettstein's designated deponent; followed up on matters related to

5    Wettstein's completed deposition.

6        5.       Attached hereto as **Exhibit B** is my firm's total hours and lodestar, computed at

7    historical rates, from the inception of DPPs' case against the Mitsubishi Electric Defendants and

8    the Thomson Defendants (Case No. 14-CV-2058-JST, filed May 5, 2014) through October 31,

9    2016. The total number of hours spent by Heins Mills & Olson, P.L.C. during this period of time

10   was 91.75 hours, with a corresponding lodestar of $41,475.00. This summary was prepared from

11   contemporaneous, daily time records regularly prepared and maintained by Heins Mills & Olson,

12   P.L.C. The lodestar amount reflected in Exhibit B is for work assigned by Lead Counsel, and was

13   performed by professional staff at my law firm for the benefit of the DPP Class. None of these

14   hours were included in connection with DPPs' first fee and expense application (ECF No. 4055).

15       6.       The hourly rates for the attorneys and professional support staff in my firm included

16   in Exhibit B are the usual and customary hourly rates charged by Heins Mills & Olson, P.L.C.

17       7.       Heins Mills & Olson, P.L.C. has expended a total of $679.39 in unreimbursed costs

18   and expenses in connection with the prosecution of DPPs' case against the Mitsubishi Electric

19   Defendants and the Thomson Defendants. These costs and expenses are broken down in the chart

20   attached hereto as **Exhibit C**. They were incurred on behalf of DPPs by Heins Mills & Olson,

21   P.L.C. on a contingent basis and have not been reimbursed. The expenses incurred in this action are

22   reflected on the books and records of my firm. These books and records are prepared from expense

23   vouchers, check records and other source materials and represent an accurate recordation of the

24   expenses incurred. None of these expenses were included in connection with DPPs' first fee and

25   expense application (ECF No. 4055).

26       8.       I have reviewed the time and expenses reported by Heins Mills & Olson, P.L.C. in

27   this case which are included in this declaration, and I affirm that they are true and accurate.

28

1    I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct.

3        Executed on March 13, 2017 at Minneapolis, Minnesota.

4

5                                            Vincent J. Esades

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF VINCENT J. ESADES ISO DPPS' APPLICATION FOR ATTORNEYS' FEES AND
EXPENSES AND INCENTIVE AWARDS; Master File No. 07-CV-5944-JST

1

**ATTESTATION**

2      I, R. Alexander Saveri, hereby attest, pursuant to United States District Court, Northern

3   District of California Civil Local Rule 5-1(i)(3), that concurrence to the filing of this document

4   has been obtained from the signatory hereto.

5                                   By:      /s/ R. Alexander Saveri

6                                            R. Alexander Saveri

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF VINCENT J. ESADES ISO DPPS' APPLICATION FOR ATTORNEYS' FEES AND
EXPENSES AND INCENTIVE AWARDS; Master File No. 07-CV-5944-JST

# EXHIBIT A



EXHIBIT A

Heins Mills & Olson, p.l.c.

# Firm Résumé

The law firm of Heins Mills & Olson, P.L.C., located in Minneapolis, is a premier advocate for businesses, consumers and investors in the nation's courts. We focus our practice on complex litigation, an arena in which the firm has distinguished itself as one of the preeminent firms in the United States representing national classes of businesses, shareholders and consumers in a wide range of industries to prosecute in actions alleging antitrust violations, securities fraud, deceptive trade practices and consumer fraud. We have concentrated our efforts in the area of antitrust to redress harm suffered to classes victimized by price-fixing, supply limitation, monopolization, market allocation and other anticompetitive conduct. Our team of lawyers collectively has many decades of experience in complex litigation and has successfully handled hundreds of class actions, primarily in a leadership role, including cases tried to verdict.



## **Antitrust**

In the arena of antitrust litigation, Heins Mills has served as lead or co-lead counsel in dozens of cases representing plaintiff classes alleging price fixing, vertical trade restraints, monopolization and other anticompetitive conduct in diverse markets. We are currently serving as class counsel in antitrust cases venued in state and federal courts throughout the United States. Although our role varies, our contributions are always valuable. In some cases we serve in a court-appointed leadership capacity; in others we contribute as members of a court-approved executive committee or in a supportive role for the lead law firms.

### *Current Leadership Roles*

The firm's most recent achievements in antitrust litigation have burnished our sterling reputation among judges, clients and peers as an aggressive and skillful advocate for our clients and for competitive markets.

We are currently serving in a leadership role in the following cases:

- ***Glaberson v. Comcast Corp.*, No.03-CV-6604 (E.D. Pa.).** Heins Mills serves as co-lead counsel in this action alleging on behalf of a class of customers that Comcast, the largest cable TV company in the world, monopolized the cable TV market in their area and restrained trade by dividing markets and customers through swaps and acquisitions with its competitors and other anticompetitive conduct that suppressed competition, causing inflated prices. After more than eleven years, including trips to the Third Circuit and Supreme Court, we achieved



a settlement valued at $50 million, which is now being distributed to the class members under our supervision. In approving the settlement, the court remarked, "We find that [the] skill, efficiency, expertise and professionalism of all counsel involved in this litigation have been exemplary."

- ***In re Lidoderm Antitrust Litig.*, MDL No. 2521 (N.D. Cal.).** We serve as interim co-lead counsel for a class of end-payors who allege that defendants engaged in an anticompetitive scheme to illegally delay entry of less expensive generic versions of Lidoderm patch 5%, an analgesic patch containing lidocaine. After largely denying the defendants' motion to dismiss the claims, the court on February 21, 2017 granted the end-payor plaintiffs' motion for class certification.

- ***In re Aggrenox Antitrust Litig.*, MDL No. 2516 (SRU) (D. Conn.).** Heins Mills is interim co-lead counsel for a proposed nationwide class of end-payors who allege that in order to delay generic competition with Aggrenox, a branded prescription drug to treat certain stroke patients, the patent owner conspired with another drug company, which had sought FDA approval for a generic form of Aggrenox. The district court denied the defendants' motion to dismiss in large part, finding that the complaint properly pleads a reverse payment antitrust claim under the Supreme Court decision in *FTC v. Actavis, Inc.* The Second Circuit denied the defendants' request for an interlocutory appeal of that decision and the parties are now engaged in discovery.

- ***In Re Lipitor Antitrust Litig.*, MDL No. 2332 (D.N.J.).** We continue to serve as co-lead counsel for the proposed end-payor class (consumers and health



plan sponsors) in this multidistrict antitrust case alleging that certain drug manufacturers violated state antitrust and consumer laws by engaging in anticompetitive conduct to delay the entry of a generic version of the blockbuster drug Lipitor, resulting in significant overcharges to plaintiffs. On September 27, 2016, the Third Circuit heard oral argument of our appeal of the district court's decision to grant the defendants' motions to dismiss. We are awaiting the court's decision.

- ***In re Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litig.*, MDL No. 2445 (E.D. Pa.).** We serve as a member of the court-appointed executive committee representing the proposed end-payor class, which alleges that a brand drug manufacturer used anticompetitive practices to improperly maintain its monopoly in the market for Suboxone, a drug used for treatment of heroin addiction. The court largely denied the defendants' motion to dismiss the complaint, which has since been amended to further support the plaintiffs' claims. The parties are now engaged in contentious discovery that has spawned significant motion practice.

- ***In re Niaspan Antitrust Litig.*, MDL No. 2460 (E.D. Pa.).** We also serve on the executive committee for this proposed end-payor class alleging that the defendants entered into unlawful pay-for-delay agreements relating to the brand-name prescription drug Niaspan, the only extended-release version of niacin approved for once-a-day treatment of mixed lipid disorders. Plaintiffs assert that the brand manufacturer agreed to pay substantial sums to the generic company

4



to stay out of the market for a period of over eight years. The defendants' motion to dismiss was denied and class counsel have since engaged in extensive discovery.

- ***Fond du Lac Bumper Exchange, Inc., et al. v. Jui Li Enterprise Co., et al.* (Aftermarket Sheet Metal Antitrust Litig.), Case No. 2:09-cv-00852 (E.D. Wis.).** We serve as lead counsel for a class of direct purchasers who allege that manufacturers of aftermarket automotive sheet metal parts conspired to fix the prices and output of their products. After previously approving settlements with four defendants totaling $25 million, the court on June 24, 2016, granted class counsel's motion to certify the class of direct purchasers for litigation against the remaining defendants. Certification followed class counsel's successful defense against the defendants' motion to exclude testimony by expert witnesses on behalf of the class. On the road to certification, the Seventh Circuit on January 14, 2016, denied a petition for a writ of mandamus that would have removed the presiding judge from the case. Class counsel are now preparing for trial against the remaining defendants.

## *Past Leadership Roles*

- ***In re Puerto Rican Cabotage Antitrust Litig.*, MDL No. 1960 (D.P.R.).** We served as co-lead counsel in this litigation alleging price-fixing by Jones Act shipping companies for ocean shipping services between the United States and Puerto Rico.



- ***In re Aftermarket Filters Antitrust Litig.***, **MDL No. 1957 (N.D. Ill.).** We were one of three firms serving as co-lead counsel in this action alleging antitrust, consumer protection and unfair competition claims against leading manufacturers of replacement vehicle filters on behalf of indirect purchasers from multiple states. Settlements with all defendants were reached and received final approval.

- ***In re Polyester Staple Antitrust Litig.***, **MDL No. 1516 (W.D.N.C.).** We served as co-lead counsel and co-lead trial counsel in, a class action on behalf of business purchasers alleging price fixing of polyester staple fiber. The case was settled on the eve of trial, bringing the total recovery from all defendants to $63 million—an amount exceeding single damages suffered by the class.

- ***In re High Pressure Laminates Antitrust Litig.***, **MDL No. 1368 (S.D.N.Y.).** We served as co-lead counsel and co-lead trial counsel in this price-fixing case which we tried to verdict on behalf of businesses that purchased high-pressure laminates. We ultimately recovered $40.5 million in settlement payments from several of the defendant manufacturers.

- ***In re Monosodium Glutamate Antitrust Litig.***, **MDL No. 1328 (D. Minn.).** We were one of two lead counsel firms representing a class of business purchasers of food additives. We negotiated settlements with the defendants totaling $123.4 million—an amount exceeding the single damages suffered by the class.



- ***In re Bulk Graphite Antitrust Litig.*, Case No. 02-cv-06030 (D.N.J.).** As co-lead counsel representing a nationwide class of business purchasers alleging price-fixing claims against manufacturers of bulk graphite, we reached a settlement exceeding the amount of single damages sustained by the class.

- ***In re Travel Agency Commission Antitrust Litig.*, MDL No. 1058 (D. Minn.).** We served as lead trial counsel for a class of travel agents alleging that major domestic airlines conspired to fix agent commissions. The claims were settled on the eve of trial for a total of $86 million.

### *Other Litigation Roles*

We have also made important contributions as co-counsel in non-leadership roles. Representative examples include the following antitrust cases:

- ***In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, Case No. 4:09-cv-1967 (N.D. Cal.).** We have been extensively involved in prosecuting this class action brought on behalf of current and former U.S. collegiate student-athletes alleging that they should receive a share of the revenue generated from use of their likenesses (e.g., use of their image as a video game avatar). The court certified the class for injunctive relief and in August 2014, after a trial in which we were integrally involved, found that the NCAA's rules prohibiting compensation for likeness use is an antitrust violation. In a landmark decision, the court issued a permanent injunction against these rules. Before this result, in September 2013, a $40 million settlement was reached with the two



other defendants, Electronic Arts Inc. and Collegiate License Company. Class counsel are now defending the NCAA's appeal to the U.S. Court of Appeals for the Ninth Circuit of a March 31, 2016 award of more than $42 million in attorney fees and litigation costs as the prevailing party in the lawsuit.

- ***In re American Express Anti-Steering Rules Antitrust Litig.*, 11 MD 2221 (E.D.N.Y.).** Vince Esades is one of three members of the executive committee appointed as part of the new leadership structure in this nationwide class action challenging American Express rules that prevent merchants from providing consumers with incentives to use forms of payment that are less expensive than American Express branded payment cards.

- ***In re ACTOS End-Payor Antitrust Litig.*, Case No. 13-cv-09244 (S.D.N.Y.).** We represent health and welfare fund plaintiffs and a proposed end-payor class of purchasers in this antitrust action alleging that the defendants took anticompetitive steps to delay entry of lower-priced versions of prescription drugs, resulting in price overcharges to plaintiffs and the proposed class. On February 8. 2017, the Second Circuit reversed in part the district court's dismissal of the complaint, holding that the plaintiffs plausibly alleged that the defendants delayed Teva's market entry in violation of the antitrust laws.

- ***In re Publication Paper Antitrust Litig.*, MDL No. 1631 (D. Conn.).** We are a member of the Class Counsel Executive Committee leading this nationwide antitrust action alleging an unlawful conspiracy by manufacturers to fix the price of publication paper.



- ***In re Aluminum Warehousing Antitrust Litig.*, MDL No. 2481 (S.D.N.Y.).** We were appointed to the Plaintiffs' Steering Committee in this class action alleging a conspiracy to inflate aluminum prices and restrain aluminum supplies. Defendants' motion to dismiss is pending.

- ***In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917 (N.D. Cal.).** We are one of the law firms representing a national class of direct purchasers of CRTs alleging that the manufacturers operated a global cartel that set artificially high prices for televisions and monitors containing CRTs. The court has granted final approval of settlements totaling $139 million.

- ***In re Polyurethane Foam Antitrust Litig.*, MDL No. 2196 (W.D. Ohio).** On July 29, 2016, the court approved an $835 million settlement with Dow Chemical, bringing the total recovery so far to $974 million.

- ***In re Processed Egg Products Antitrust Litig.*, MDL No. 2002 (E.D. Pa.).** On June 30, 2016, the court approved settlements with Hillendale (in the amount of $3,000,000), NuCal Foods ($1,425,000), National Food ($1,000,000), Midwest Poultry Services ($2,500,000) and United Egg Producers and United States Egg Marketers ($500,000 each). More recently, on December 8, the plaintiffs reached a settlement with Michael Foods for $75 million. If approved, the aggregate recovery for the class will exceed $136 million.

- ***In re Municipal Derivatives Antitrust Litig.*, MDL No. 1950 (S.D.N.Y.).** On July 8, 2016, the court granted final approval of settlements with the remaining defendants (UBS AG, Societe Generale, Nataxis, Piper Jaffray,

9



National Westminster Bank and George K. Baun & Co.) totaling nearly $101 million. These settlements bring the aggregate recovery to more than $225 million.

- ***In re Prograf Antitrust Litig.*, MDL No. 2242 (D. Mass.).** The indirect purchasers' $13.25 million settlement with Astellas was approved on November 2, 2016.

- ***In re Titanium Dioxide Antitrust Litig.*, Case No. 10-cv-00318 (D. Md.).** The Court has granted final approval to settlements totaling $163.5 million in this action alleging that manufacturers of titanium dioxide conspired to fix prices for the products. Our client is one of the named plaintiffs.

- ***In re Plasma-Derivative Protein Therapies Antitrust Litig.*, MDL No. 2109 (N.D. Ill.).** Our client was one of three named plaintiffs alleging that producers of immunoglobulin and albumin restricted the supply of these products to inflate their prices. The court granted final approval of settlements totaling $128 million.

- ***In re Municipal Derivatives Antitrust Litig.*, MDL No. 1950 (S.D.N.Y.).** The court has granted final approval of settlements totaling more than $126 million in this class action alleging bid rigging and other anticompetitive conduct in the municipal derivatives industry by providers and brokers of municipal derivatives sold in the United States. We represent the Puerto Rico Electric Power Authority (PREPA), one of the named plaintiffs.



- ***Refrigerant Compressors Antitrust Litig.*, Case No. 09-md-02042 (E.D. Mich.).** Our client and other named plaintiffs in this action alleged that the defendants conspired to fix prices of refrigerant compressors. The court granted final approval of settlements totaling approximately $30 million.

### Securities Fraud

Heins Mills is a leading advocate for individual and institutional investors. As sole lead counsel, we achieved two of the largest recoveries in the history of securities fraud class action litigation:

- On behalf of AOL and Time Warner shareholders, we achieved a settlement of $2.65 billion in ***In re AOL Time Warner, Inc. Securities Litigation*, MDL No. 1500 (S.D.N.Y.)**. Of that amount, $2.4 billion was paid by media giant Time Warner and $100 million was paid by its financial auditor, Ernst & Young. The Department of Justice also contributed $150 million from a settlement it reached with Time Warner in a related enforcement action.

- In ***In re Broadcom Corp. Securities Litigation*, Case No. 01-cv-275 (C.D. Cal.)**, we recovered $150 million for a class of investors in Broadcom, one of the leading providers of microprocessors enabling broadband communications.

The firm has also played leadership roles in a variety of other securities fraud class litigation. As lead counsel for class investors in ***In re Mercury Finance Company Securities Litigation* (N.D. Ill.)**, for example, we negotiated a



settlement with Mercury's auditing firm for $40.5 million, then one of the largest amounts ever recovered from an accounting firm for violations of the securities laws. In addition, we recovered more than $15 million in total from Mercury's officers and directors, and from Mercury itself, even though the company was in bankruptcy.

We served as liaison counsel in ***Första AP-fonden v. St. Jude Medical, Inc., 0:12-cv-03070 (D. Minn.)***, a securities fraud class action alleging on behalf of purchasers of common stock of St. Jude Medical, Inc. that the company failed to disclose problems with leads it made for implantable cardiac defibrillators.

We are especially proud of the results our firm has obtained for institutional investors. We have successfully represented numerous state pension funds managing billions of dollars in assets. Among them are the Minnesota State Board of Investment, Utah State Retirement Board, Teachers' Retirement System of Alabama, Employees' Retirement System of Alabama, Judicial Retirement Fund of Alabama and Public Employees' Retirement Association of Colorado, as well as a number of Taft-Hartley health, welfare and pension funds.

## **Consumer Protection**

Heins Mills has represented consumers injured by violations of a wide variety of deceptive trade practices and consumer protection laws. The firm has brought claims on behalf of all types of consumers, including purchasers of prescription drugs, long distance telephone service, air compressors, smoke detectors, lawn mower engines and hearing aids. Examples of our consumer law cases include:



- ***In Re: Target Corporation Customer Data Security Breach Litig., MDL No. 2522 (PAM/JJK) (D. Minn.).*** We serve as lead counsel for consumers of Target stores across the country victimized by one of the largest breaches of payment-card security in U.S. retail history. Our legal theories and complaint in this case surmounted a motion to dismiss, as of that time a rare victory in these cases, and now serve as models for plaintiff's counsel in other data breach litigation, which has been increasingly successful. On February 1, 2017, the Eighth Circuit remanded the case to the district court for further analysis of the issue of whether class certification is proper.

- ***In re The Home Depot, Inc., Customer Data Security Breach Litig., No.: MDL No. 2583-TWT (N.D. Ga.).*** In this case, another one of the largest payment card security breaches in U.S. history, we serve as a member of the Financial Institutions Plaintiffs' Steering Committee and Law & Briefing Committee. On May 17, 2016, after our firm shouldered principal responsibility for briefing for the class, the court largely denied Home Depot's motion to dismiss the complaint, allowing all of plaintiffs' claims except for two state consumer statutory claims to proceed. We continue to prosecute the action to recover significant losses incurred by payment card issuers, who have borne most of the financial losses caused by fraudulent charges on the cards of Home Depot customers and the need to cancel and reissue cards.

- ***In re Fiber Optic Cable Litig.* (multiple jurisdictions).** We serve as co-lead counsel in multi-state litigation against major telecommunications



companies and utilities to vindicate the rights of landowners whose property was used for the installation of fiber optic cable without compensation. In that capacity we participated in fashioning an innovative global settlement that comprises separate agreements on a state-by-state basis. To date there have been settlements in 42 states in a total amount of nearly $150 million.

- **In re Universal Service Fund Telephone Billing Practices Litigation, MDL No. 1468 (D. Kan.)**. We were one of three co-lead counsel representing business and residential customers nationwide alleging a conspiracy to fix USF surcharges and breach of contract claims against long-distance telephone companies. The November 2008 trial resulted in a verdict for the class, which was affirmed on appeal.

- **In re Lawnmower Engines Horsepower Marketing & Sales Practices Litig., MDL No. 1999 (E.D. Wis.)**. We represented classes of consumers nationwide in this nationwide class action alleging consumer fraud, civil conspiracy and unjust enrichment claims against manufacturers of lawnmowers and lawnmower engines. Heins Mills' leadership resulted in settlements with all defendants.

- We were co-lead counsel for classes of consumers asserting price-fixing against infant formula manufacturers in separate actions venued in seventeen states. Collectively, the cases were settled for $64 million in cash and infant formula products.



### <u>Judicial Recognition of Heins Mills & Olson's Skill and Effectiveness</u>

Among judges, clients and peers, Heins Mills enjoys a reputation for its aggressive and skillful advocacy in class litigation of national and international import. The following are examples of praise we have received from the bench:

- The judge presiding over the multidistrict litigation in ***In re Monosodium Glutamate Antitrust Litigation***, the Hon. Paul A. Magnuson, said of our work as co-lead counsel: "I'll make no bones about this, I think this is as fine a job of plaintiff lawyering as I've ever seen, . . .  I particularly take my hat off to the plaintiffs' counsel here."

- The presiding judge in ***AOL Time Warner***, the Hon. Shirley W. Kram, complimented our firm for its "exceptional lawyering in this case" and added that she "continues to be impressed with the quality of representation provided by [Heins Mills & Olson], its prosecution of the lawsuit, and its negotiation of the Settlement."  She added, "Not only do the parties dispute the amount of damages sustained by the Class, they continue to dispute the very existence of damages. In light of this fundamental disagreement, the $2.65 billion Settlement secured by Plaintiffs is all the more impressive."

- The judge who approved the ***Broadcom*** settlement, the Hon. Dickran Tevrizian, described it as "an exceptional result given the complexity of the case, and despite keenly contested and very complex facts. . . . Class Counsel's ability to obtain a favorable settlement despite formidable opposition confirms their immense skill."



### Recent Accolades

During recent years, our firm and its lawyers have continued to earn awards recognizing our superior ability and achievements.

- Renae Steiner and her co-counsel in *O'Bannon v. NCAA* received the American Antitrust Institute 2015 Antitrust Enforcement Award for Outstanding Antitrust Litigation Achievement in Private Practice.

- Sam Heins, a co-founder of Heins Mills and until recently of counsel to the firm, was nominated by President Barack Obama to be the U.S. ambassador to Norway. The nomination received confirmation by the Senate on February 12, 2016.

- Vince Esades, Renae Steiner and James Anderson were again named Top-Rated Antitrust Litigation Lawyers in the current edition of Thomson Reuters' Super Lawyers, a rating service of outstanding lawyers who have attained a high degree of peer recognition and professional achievement. The selection process is multi-phased and includes independent research, peer nominations and peer evaluations.

- The 2016 edition of *The Legal 500 US*, which ranks "the best of the best" law firms in the country based on comments from clients and peers, again placed Heins Mills in the highest tier of leading firms in antitrust class action litigation. The firm is one of only five to receive top ranking. As *The Legal 500 US* notes, Heins Mills "has 'top-level skill across the board with a deep bench' and is 'comprised of excellent attorneys, many of whom are highly experienced and all



of whom provide superlative customer service.'"  The publication also acknowledged Vincent Esades, Renae Steiner and David Woodward individually as top litigators in the field.

- Our firm is one of only six in Minnesota to be "highly recommended" by *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys*. The inaugural edition wrote that "the litigators of Heins Mills & Olson are disruptive apostles for plaintiffs that have been wounded by corporate transgressors" and "have propelled this firm to top standing in the eyes of their peers." The guide also recognizes Vincent Esades, Dylan McFarland, Renae Steiner and David Woodward as Minnesota "Litigation Stars" in the practice of Antitrust, Consumer Protection, Securities, and Commercial Litigation. Renae Steiner was also honored as one of the Top 150 Women in Litigation. These selections are the product of a six-month research project during which *Benchmark* conducted extensive interviews with litigators and clients.

- *Who's Who Legal*, a publication by Global Competition Review, selected Renae Steiner and Vince Esades for 2016 as being among the world's leading competition lawyers. The selection process includes questionnaires, independent research of the legal press and peer evaluations.



# Attorneys

## Vincent J. Esades

Vincent Esades is a partner of the firm. He has a national practice in the field of complex litigation, primarily in the areas of antitrust, consumer fraud and securities fraud. Mr. Esades has consistently been recognized as an outstanding attorney in the practice of antitrust, consumer law, class action and mass torts litigation on the annual Thomson Reuters Super Lawyers list, most recently in the 2016 edition. He has also been recognized as a "Leading Lawyer" by *The Legal 500 US*, which ranks Heins Mills & Olson as one of the top five antitrust class actions firms nationally. The inaugural edition of *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* recognized Vincent Esades as one of the Minnesota "Litigation Stars" in the practice of antitrust, consumer and complex litigation.

Vince has served in a leadership role in a number of major antitrust class actions, including appointment as co-lead counsel in *In re Lipitor Antitrust Litigation*, MDL No. 2332 (D.N.J.), which involves antitrust and consumer protection claims on behalf of proposed class of indirect purchasers of the prescription drug; *Fond Du Lac Bumper Exchange, Inc., et al. v. Jui Li Enterprise Company, Ltd., et al.*, Case No. 09c0852 (E.D. Wis.) which involves claims of nationwide price fixing of automotive sheet metal parts by after market sheet metal parts manufacturers; and *In re Puerto Rican Cabotage Antitrust Litigation* (MDL No. 1960 D.P.R) which involves price fixing by Jones Act shipping companies for ocean shipping services between the U.S. and Puerto Rico. Vince was also appointed by the court as a member of the plaintiffs' steering committee in *In re Pool Products Distribution Market Antitrust Litigation* (MDL No. 2328, E.D. La.) (asserting claims of monopolization and attempted monopolization of the U.S. pool products distribution market) and in *In re Aluminum Warehousing Antitrust Litigation*, MDL No. 2481 (S.D.N.Y.) (claims alleging conspiracy to inflate aluminum prices, restrain aluminum supplies and provide extremely inefficient, low quality load out and other services). He has served as plaintiffs' lead or co-lead counsel in several other nationwide class actions, including *In re Publication Paper Antitrust Litigation* (MDL No. 1631 D. Conn.) (price-fixing claims against paper manufacturers); *Johnson v. ELCA Board of Pensions* (representing retired pastors and church employees with breach of contract and breach of fiduciary duty claims against the ELCA Board of Pensions); *In re Polyester Staple Antitrust Litigation* (MDL No. 1516 W.D.N.C.) (price fixing claims against polyester staple manufacturers on behalf of business purchasers where Vince also served as member of the trial team before the case settled on the eve of trial); and *In Re Bulk Graphite Antitrust Litigation* (D.N.J.) (price fixing claims against manufacturers of bulk graphite on behalf of business purchasers).

Vince is also currently involved as a member of plaintiffs' executive committees in numerous other nationwide class actions, including *In re American Express Anti-*

18



*Steering Rules Antitrust Litigation* (E.D.N.Y.) (challenging rules preventing merchants from providing consumers with incentives to use forms of payment that are less expensive than American Express branded payment cards); *In re TFT-LCD (Flat Panel) Antitrust Litigation* (N.D. Cal.) (price-fixing claims against producers of Thin Film Transistor Liquid Crystal Displays); *In re Municipal Derivatives Antitrust Litigation* (S.D.N.Y.) (claims on behalf of local governments against brokers, banks and insurance companies alleging bid-rigging and other anti-competitive practices in the municipal derivatives industry); *In re Rail Freight Fuel Surcharge Antitrust Litigation* (D.D.C. ) (claims alleging conspiracy among major domestic railroads to fix prices for rail freight surcharges); *In re Intel Corp. Microprocessor Antitrust Litigation* (D. Del) (claims alleging monopolistic practices by Intel in the x86 microprocessor market).   He is also participating in *In re American Express Anti-Steering Rules Antitrust Litigation* (E.D.N.Y.) (challenging rules preventing merchants from providing consumers with incentives to use forms of payment that are less expensive than American Express branded payment cards); *In re: LIBOR-Based Financial Instruments Antitrust Litigation* (S.D.N.Y.) (claims alleging that member banks of the British Bankers' Association conspired to manipulate the London InterBank Offered Rate)  and *In re Air Cargo Shipping Services Antitrust Litigation* (E.D.N.Y) (claims against major airlines alleging price-fixing of fuel surcharges for freight transportation).

Vince tried a price-fixing case to verdict as a member of multi-firm trial team in the *In re High Pressure Laminates Antitrust Litigation* (MDL No. 1368 S.D.N.Y.) (price-fixing claims against manufacturers of high pressure laminates on behalf of business purchasers) and served as lead counsel in a case tried by Heins Mills and other co-lead counsel in November 2008, the *In re Universal Service Fund Telephone Billing Practices Litigation*. (MDL No. 1468 D. Kan.) (consumer fraud and price-fixing claims against AT&T, MCI and Sprint for USF surcharges).  As lead counsel, Vince represented classes of consumers and obtained nationwide settlements in *In re Lawnmower Engines Horsepower Marketing & Sales Practices Litigation* (MDL No. 1999 E.D. Wisc.) (alleging RICO, consumer fraud, civil conspiracy and unjust enrichment claims against manufacturers of lawn mowers and lawn mower engines).

Vince has actively participated in numerous other antitrust class actions as well, including *In re Hydrogen Peroxide Antitrust Litigation* (E.D. Pa.) (price-fixing claims against manufacturers of hydrogen peroxide); *In re Vitamins Antitrust Litigation* (D.D.C.) (discovery co-chair); *Howe v. Microsoft Corp.* (N.D.) (lead counsel); *Gordon v. Microsoft Corp.* (Minn., 4th Jud. Dist.); *In re NASDAQ Market-Makers Antitrust Litigation* (S.D.N.Y.); and *In re Motorsports Merchandise Antitrust Litigation* (N.D. Ga.).

In addition to his antitrust practice, Vince also currently serves as lead counsel for the consumer class in a class action on behalf of Target customers arising from one of the largest data security breaches in history (*In re Target Corporation Customer Data*



*Security Breach Litigation*, MDL No. 2522 (D. Minn.) and as a member of the Financial Institutions Plaintiffs' Steering Committee and the Law & Briefing Committee in *In re: The Home Depot, Inc., Customer Data Security Breach Litigation*, (N.D. Ga.) (representing class of financial institutions  harmed by another one of the largest payment card security breaches in U.S. history)

Vince has also been an active speaker on complex litigation topics, the Class Action Fairness Act, multi-state settlement issues and class arbitration and has presented at the ABA Annual Convention and the ABA Annual National Institute on Class Actions as a moderator and panelist regarding major antitrust issues. Representative engagements include:

- Institute Planning Committee and Moderator, ABA's 20th Annual National Institute on Class Actions, ""Pit Boss Powwow." Exactly What Is the MDL Judge College and How Does It Work?", Las Vegas, NV, October 19-20, 2016, sponsored by the ABA's Litigation Section's Class Action and Derivative Suits Committee.

- Institute Planning Committee and Moderator, ABA's 19th Annual National Institute on Class Actions, "King Cake or Po-Boy? Do Class Actions Offer Meaningful Compensation to Class Members, or do They Simply Rip Off Consumers Twice?", New Orleans, LA, October 22-23, 2015, sponsored by the ABA's Litigation Section's Class Action and Derivative Suits Committee.

- Institute Planning Committee and Moderator, ABA's 18th Annual National Institute on Class Actions, "Navigating Menacing Waters - Presenting Class-Certification Experts, Maneuvering Daubert Challenges, and Tackling Trial Testimony", Chicago, IL, October 23-24, 2014, sponsored by the ABA's Litigation Section's Class Action and Derivative Suits Committee.

- Institute Planning Committee and Moderator, ABA's 17th Annual National Institute on Class Actions, ""Arbigeddon!!!" Has the Revolution to End Class Actions Spawned Weapons of Mass Arbitration?", Boston, MA, October 23-24, 2013, sponsored by the ABA's Litigation Section's Class Action and Derivative Suits Committee.

- Institute Planning Committee and Moderator, ABA's 16th Annual National Institute on Class Actions, "Sifting Through All the Big Shoulders." Litigating Class Actions Alongside Opt-Outs — Free-Riding or Riding Shotgun", Chicago, IL, October 24-25, 2012, sponsored by the ABA's Litigation Section's Class Action and Derivative Suits Committee.

20



- Institute Planning Committee and Moderator, ABA's 15th Annual National Institute on Class Actions, "Melee in Manhattan! Class-Action Objectors — Are They Protectors of Absent Class Members or Merely Gadflies?", New York City, NY, October 14, 2011, sponsored by the ABA's Litigation Section's Class Action and Derivative Suits Committee.

- Institute Planning Committee and Moderator, ABA's 14th Annual National Institute on Class Actions, "Perspectives on Multidistrict Litigation from the MDL Panel and Beyond", Chicago, IL, October 14, 2010, sponsored by the ABA's Litigation Section's Class Action and Derivative Suits Committee.

- Panelist and Moderator, ABA's 13th Annual National Institute on Class Actions, "A Funny Thing Happened on the Way to the Courthouse . . . I Had to Litigate an Arbitration Clause! Crafting, Opposing, and Arguing Arbitration Clauses and Class-Action Waivers in Three Scenes," Washington DC, November 20, 2009, sponsored by the ABA's Litigation Section's Class Action and Derivative Suits Committee.

- Panelist, American Antitrust Institute's Annual Invitational Symposium on The Future of Private Antitrust Enforcement, "Action on the Class Action Front: A Potpourri" Washington, DC, December 11, 2008.

- Panelist, ABA's 12th Annual National Institute on Class Actions, "'I Could Have Sworn It was CAFA, *not Kafka*!'  The Metamorphosis of Pleading, Defending, and Settling Multi-State Class Actions—A Surreal-Life, Three-Act Play," New York, NY, November 7, 2008, sponsored by the ABA's Litigation Section's Class Action and Derivative Suits Committee.

- Lecturer, "Class Actions:  Growing Your Business by Understanding the Basics and Recognizing Opportunities," Cleveland, OH, October 31, 2008, sponsored by the Cleveland Bar Association.

- Panelist, ABA's 11th Annual National Institute on Class Actions, "The Nationwide Class: White Elephant, Endangered Species, or Alive and Well?" Chicago, IL, October 19, 2007, sponsored by the ABA's Litigation Section's Class Action and Derivative Suits Committee.

- Panelist, ABA's 2007 Annual Meeting, "'Is this CAFA or Kafka?'  Multi-State Class Actions in a Time of Metamorphosis—A Surreal-Life, Three-Act Play," San Francisco, CA, August 9-12, 2007, sponsored by the ABA.

B.A. *cum laude*, U. of N. Dakota; J.D., U. of N. Dakota School of Law



Admitted: Minnesota and North Dakota; U.S. District Court, District of Minnesota

## Renae D. Steiner

Renae is a partner of the firm. Renae has consistently been selected by her peers for inclusion as a "Super Lawyer" in the areas of antitrust and class action litigation (Thomson Reuters publication; 2008-2016).  Renae has also been recognized as a top antitrust litigator in *The Legal 500 US*, *Who's Who Legal* and *Benchmark Plaintiff*. Renae also is listed by *Benchmark Plaintiff* as one of the *Top 150 Women in Litigation*.

Renae Steiner and her co-counsel in the NCAA Student-Athlete Name & Likeness Licensing Litigation received the American Antitrust Institute 2015 Antitrust Enforcement Award in the category of Private Law Practice Outstanding Antitrust Litigation Achievement in Private Practice.

Renae has a national practice in the field of complex litigation, primarily in the areas of antitrust actions (both direct purchaser and indirect purchaser cases), as well as in consumer fraud and securities actions. Over the course of her career, Renae has worked on novel issues of antitrust law, including some of the first post-*Illinois Brick* class actions, some of the first post-*Actavis* class actions, in establishing antitrust standing under Florida's consumer protection statutes, in establishing the co-conspirator theory of state court jurisdiction in Florida, and on issues related to CAFA (Class Action Fairness Act) and standing arguments for indirect purchasers of price-fixed goods. She has worked cooperatively with many state Attorneys General in their related litigation against antitrust defendants.

Likewise, in the *Grand Casinos* securities litigation, Renae was part of the lead counsel team at Heins Mills & Olson that was the first to address the new pleading standards for motions for summary judgment under the recently enacted PSLRA's scienter requirements.

Recently, Renae has actively participated in the representation of former and current college athletes in the landmark *In re NCAA Student-Athlete Name & Likeness Licensing Litigation*, No. 4:09-cv-1967 (N.D. Cal.) (commonly called the *"O'Bannon case"*) (challenging policies that prevent U.S. collegiate student-athletes from receiving a share of the revenue generated from use of their likeness). In *O'Bannon*, Renae lead the discovery team, deposed key witnesses and was one of the trial counsels in the three-week trial, where she presented the testimony of the plaintiffs' key survey expert and cross-examined two of the NCAA's witnesses. The *O'Bannon case* is widely heralded as the biggest sports law case in the last 30 years.



Renae is currently serving as co-lead counsel for the proposed end-payor classes in *In re Lidoderm Antitrust Litigation* (N.D. Cal.) and *In re Aggrenox Antitrust Litig.*, MDL No. 2516 (SRU) (D. Conn.) and on the Executive Committees for the proposed end-payor classes in *In re Niaspan Antitrust Litig.*, MDL No. 2460 (E.D. Pa.) and *In re Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litig.*, MDL No. 2445 (E.D. Pa.).

Renae and James Anderson were recently appointed as liaison counsel in *Första AP-fonden v. St. Jude Medical, Inc.* (D. Minn.), a securities fraud class action alleging on behalf of purchasers of common stock of St. Jude Medical, Inc. that the company failed to disclose problems with leads it made for implantable cardiac defibrillators.

Past representative cases include:  *In re Aftermarket Filters Antitrust Litigation* (N.D. Ill.) (as lead counsel; antitrust, consumer protection and unfair competition claims of price-fixing against leading manufacturers of replacement vehicle filters on behalf of indirect purchasers); *In re Prograf Antitrust Litigation* (D. Mass.); *In re Lipitor Antitrust Litigation* (D.N.J.); *In re DRAM Antitrust Litigation* (multiple federal and state court actions); *In re St. Paul Travelers Securities Litigation* (D. Minn.) (securities fraud); *In re Ready-Mixed Concrete Antitrust Litigation* (S.D. Ind.) (Indiana price-fixing case involving concrete); *In re Iowa Ready-Mixed Concrete Antitrust Litigation* (N.D. Iowa); *In re Universal Service Fund (USF) Telephone Billing Practices Litigation* (D. Kan.) (alleged consumer fraud in the assessment of USF fees); *Fiber Optic Cable Litigation* (multiple state and federal court actions related to the installation of fiber optic cable); *Infant Formula Antitrust Litigation* (price-fixing claims as to infant formula; multiple state court actions; Wisconsin trial team); and *In re Thermal Facsimile Paper Antitrust Litigation* (multiple state court actions).

Renae has lectured on antitrust and sports law topics at conferences sponsored by the American Antitrust Institute, the Minnesota Section of the American Bar Association (ABA), at Women Antitrust Plaintiffs Attorneys' conferences, at Northwestern University's Sports Law Symposium and at the ABA's Class Action Institute. Topics have included the intersection of sports and antitrust law, pay-for-delay generic drug litigation, cooperation in parallel litigation with Attorneys General, class certification issues and arbitration clauses in antitrust litigation.

Renae is a member of the Federal, Minnesota, and Hennepin County Bar associations.

B.A., U. of Minnesota; J.D. **with distinction**, U. of Nebraska College of Law
Admitted: Minnesota; U.S. District Court, Districts of Minnesota, Nebraska, Colorado, and E.D. of Wisconsin; U.S. Court of Appeals, Seventh and Eighth Circuits
Member, Federal Bar Association, Minnesota Bar Association, and Hennepin County Bar Association.



**Dylan J. McFarland**

Dylan is a partner of the firm. Named a "Super Lawyer" and previously a "Rising Star" by ***Minnesota Law & Politics***, he practiced in the area of complex commercial litigation as an associate with Gray Plant Mooty before attending the University of Minnesota Medical School. As a partner of Burstein Hertogs Olson & McFarland, P.A., he continued to represent corporations and municipalities in complex litigation, including shareholder derivative actions. In a case of first impression, he represented the defendant shareholders in ***Skoglund v. Brady*** (Minn. Ct. App.), which helped define the scope of derivative claims and the authority of special litigation committees under Minnesota law.

Since joining the firm, Dylan has worked on several securities fraud class actions, including ***In re AOL Time Warner Securities Litigation*** (S.D.N.Y.) ($2.65 billion recovery for shareholders of AOL and Time Warner); ***In re Broadcom Corp. Securities Litigation*** (C.D. Cal.) ($150 million recovery for shareholders of semiconductor manufacturer).

Dylan also is currently or has been involved a number of antitrust and other class actions, including ***In re TFT-LCD (Flat Panel) Antitrust Litigation*** (N.D. Cal.) (price-fixing claims against producers of liquid crystal displays); ***In re Municipal Derivatives Antitrust Litigation*** (S.D.N.Y.) (claims on behalf of local governments against brokers, banks and insurance companies alleging bid-rigging and other anticompetitive practices in the municipal derivatives industry); ***In re: LIBOR-Based Financial Instruments Antitrust Litigation*** (S.D.N.Y.) (claims alleging that member banks of the British Bankers' Association conspired to manipulate the London InterBank Offered Rate); ***In re Lidoderm Antitrust Litig****ation, MDL No. 2521 (N.D. Cal.); ***Gordon et al v. Amadeus IT Group, S.A. et al*** (S.D.N.Y) (alleging anticompetitive conduct by providers of airline reservation systems); ***Fond Du Lac Bumper Exchange, Inc., et. al. v. Jui Li Enterprise Company, Ltd., et. al***. (E.D. Wis.) (supply and price-fixing claims against manufacturers and distributors of aftermarket automotive sheet metal parts); ***In re Plasma Derivative Protein Therapies Antitrust Litigation*** (N.D. Ill.) (supply and price-fixing claims against manufacturers of plasma-derivative protein therapies); ***In re Pool Products Distribution Market Antitrust Litigation*** (E.D. La.) (asserting claims of monopolization and attempted monopolization of the U.S. pool products distribution market); ***In re American Express Anti-Steering Rules Antitrust Litigation*** (E.D.N.Y.) (challenging rules preventing merchants from providing consumers with incentives to use forms of payment that are less expensive than American Express branded payment cards); ***In re Puerto Rican Cabotage Antitrust Litigation*** (D.P.R.) (antitrust claims against the largest providers of domestic ocean shipping between the mainland U.S. and Puerto Rico); ***Glaberson v. Comcast Corp.*** (E.D. Pa.) (antitrust claims against cable services provider on behalf of subscribers); and ***In re Lawnmower Engines Horsepower***



*Marketing & Sales Practices Litigation* (MDL No. 1999 E.D. Wis.) (alleging consumer fraud, civil conspiracy and unjust enrichment claims against manufacturers of lawn mowers and lawn mower engines); *In re Lithium Ion Batteries Antitrust Litigation* (N.D. Cal.) (asserting antitrust claims against manufacturers of lithium ion batteries); *In re National Hockey League Players' Concussion Injury Litigation* (D. Minn) (alleging negligence and other claims against the NHL on behalf of all retired NHL hockey players, both those diagnosed with concussion-related injuries and those who have not yet been diagnosed); *In re Automotive Parts Antitrust Litigation (Wire Harness Systems)* (E.D. Mich.) (price-fixing in aftermarket market for automotive wire harnesses).

While attending Harvard Law School, Dylan was an editor of the *Harvard Civil Rights-Civil Liberties Law Review*. He was an Adjunct Professor of Law at William Mitchell College of Law from 1998-2002, where he taught Legal Writing, Trial Skills, and Appellate Advocacy, and he has spoken at legal education programs on a number of litigation topics.

Dylan is named as a "Litigation Star" in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys*.

B.A. *summa cum laude*, U. of Minnesota; J.D. *cum laude*, Harvard Law School Admitted: Hawaii and Minnesota; U.S. District Court, District of Minnesota; U.S. Court of Appeals, Second, Eighth and Ninth Circuits

## David Woodward

David is a partner of the firm. From 1987-2003, he served as an Assistant Attorney General in the Civil Enforcement Unit of the Minnesota Attorney General's Office. David has extensive experience representing the State of Minnesota in lawsuits enforcing statutory prohibitions against false advertising, deceptive trade practices and consumer fraud. His consumer protection litigation areas of emphasis included health frauds, mortgage related enforcement matters and deceptive practices particularly impacting vulnerable consumers. On behalf of the Minnesota Attorney General's Office, David helped to create a multi-state health fraud litigation group, which he co-chaired from 1994-1996. He served as lead counsel on behalf of the State of Minnesota in numerous multi-state enforcement efforts involving the application of state consumer protection statutes to nationwide drug advertising and promotional practices within the pharmaceutical industry, as well as a multi-state settlement with a large food company involving application of federal and state food laws and state consumer laws to the advertising and sale of a combination food/toy product marketed to young children.



David has extensive consumer protection litigation experience. He has represented the State of Minnesota in both state and federal courts. He represented the State of Minnesota in *State v. American Family Mutual Ins. Co.*, 609 N.W.2d 1 (Minn. Ct. App. 2000), a consumer and insurance law enforcement matter benefiting homeowners statewide in a case confirming the Attorney General's authority to sue insurers to enforce Minnesota consumer and insurance laws. David has represented the State in numerous false advertising, deceptive trade practices and consumer fraud cases, including litigation challenging advance fee loan schemes; college financial aid services companies; credit repair frauds; usurious credit card charges; home mortgage escrow overcharges; false advertising for bogus yellow page directories; the sale of bogus cancer treatment devices; the marketing to young consumers of an unapproved, dangerous drug misrepresented as a safe and natural product; misrepresentations in the sale of hearing aids; travel promotion schemes; deceptive practices affecting small businesses; and deceptive sweepstakes practices by major national sweepstakes companies.

From 1976-1979 and 1980-1987, David served as a staff attorney for a non-profit legal services corporation providing legal representation in civil matters, including litigation, to low-income persons in south central Pennsylvania. He was counsel before the Pennsylvania Supreme Court in *Pugh v. Holmes*, 405 A.2d 897 (Pa. 1979), a seminal case which established on a statewide basis the implied warranty of habitability in residential lease transactions.

David works on antitrust, consumer fraud and securities fraud class litigation in which the Heins Mills & Olson firm serves as plaintiffs' counsel including, for example, *Glaberson v. Comcast Corp.* (E.D. Pa.) (antitrust claims on behalf of cable subscribers); *In re Lipitor Antitrust Litigation*, MDL No. 2332 (D.N.J.) (state antitrust and consumer protection claims on behalf of a proposed class of indirect purchasers represented by Heins Mills & Olson as co-lead counsel); *In re Municipal Derivatives Antitrust Litigation* (S.D.N.Y.) (antitrust claims alleging bid rigging and other anticompetitive conduct in the municipal derivatives industry); *In re McKesson HBOC Securities Litigation* (N.D. Cal.) (securities fraud claims); *In re New Motor Vehicles Canadian Export Antitrust Litigation* (D. Maine) (antitrust action on behalf of consumers against automobile manufacturers); *In re Lawnmower Engines Horsepower Marketing & Sales Practices Litigation*, MDL No. 1999 (E.D. Wis.) (alleging consumer fraud, civil conspiracy and unjust enrichment claims against manufacturers of lawn mowers and lawn mower engines); *Nogosek v. Carrier Corp.* (D. Minn.) (consumer fraud and breach of warranty action against furnace manufacturer); (*In re Target Corporation Customer Data Security Breach Litigation* (D. Minn.) (representing consumers against Target Corporation arising from one of the largest payment card security breaches in U.S. history); *In re: The Home Depot, Inc., Customer Data Security Breach Litigation*, (N.D. Ga.) (representing class of financial institutions  harmed by another one of the largest payment card security breaches in U.S. history).



David also works with Renae Steiner on various antitrust class actions alleging anticompetitive conduct by pharmaceutical companies delaying entry of lower-priced generic drugs into the market, including ***In re Aggrenox Antitrust Litigation***, MDL No. 2516 (D. Conn.); ***In re Lidoderm Antitrust Litig***ation, MDL No. 2521 (N.D. Cal.); ***In re Solodyn (Minocycline Hydrochloride) Antitrust Litigation***, Case No. 14-md-2503-DJC (D. Mass.); ***In re Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litigation***, MDL No. 2445 (E.D. Pa.); ***In re Niaspan Antitrust Litig.***, MDL No. 2460 (E.D. Pa.); and ***Minnesota and North Dakota Bricklayers and Allied Craftworkers Health Fund, et al. v. Takeda Pharmaceutical Co., Ltd., et al.***, Case No. 1:14-cv-01691 (S.D.N.Y.).

David has provided pro bono representation to persons seeking asylum. In 2000 and again in 2013, he received the Pro Bono Volunteer Annual Attorney Award from The Advocates for Human Rights.

After graduating with highest honors from St. Cloud State University (B.A.), he obtained his J.D. from the School of Law of the University of California in Los Angeles, where he was admitted to the Order of the Coif and was a member of the UCLA Law Review. He was also awarded a Masters of Law with highest honors from the National Law Center, Washington, D.C.

David presented as a panelist at the PLI's "Class Action Litigation 2013" conference in New York on July 10, 2013.

***Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys*** includes David in its listing of ***Litigation Stars.***

B.A. ***with highest honors,*** St. Cloud State University; J.D., UCLA School of Law; Masters of Law, National Law Center
Admitted: Minnesota, Pennsylvania and California; U.S. District Court, District of Minnesota, Middle District of Pennsylvania; U.S. Court of Appeals, Third, Fifth, Eighth and Ninth Circuits; U.S. Supreme Court

## Jessica N. Servais

Jessica is a partner of the firm. She currently is or has recently been working on complex litigation, including ***Fond Du Lac Bumper Exchange, Inc., et. al. v. Jui Li Enterprise Company, Ltd., et. al.*** (E.D. Wis.) (supply and price-fixing claims against manufacturers and distributors of aftermarket automotive sheet metal parts); ***In re Plasma Derivative Protein Therapies Antitrust Litigation*** (N.D. Ill.) (supply and price-fixing claims against manufacturers of plasma-derivative protein therapies); ***In re Transpacific Passenger Air Transportation Antitrust Litigation*** (N.D. Cal.) (antitrust claims against airlines for



price-fixing passenger fares and/or fuel surcharges on transpacific air passenger transportation); ***Glaberson v. Comcast Corp***. (E.D. Pa.), ***Kristian v. Comcast Corp.*** (E.D. Pa.) and ***Rogers v. Comcast Corp.*** (E.D. Pa.) (antitrust claims against cable services provider on behalf of subscribers); ***In re Ready-Mixed Antitrust Litigation*** (S.D. Ind.) (price-fixing claims against ready-mixed concrete suppliers on behalf of purchasers); ***In re Korean Air Lines Co., Ltd., Antitrust Litigation*** (claims against Korea's major airlines alleging price-fixing of fuel surcharges); ***In re Universal Service Fund Telephone Billing Practices Litigation*** (D. Kan.) (consumer fraud and antitrust claims against AT&T, MCI and Sprint for USF telephone charges); and ***In re Relafen Antitrust Litigation*** (N.D. Cal.) (antitrust claims on behalf of consumers against manufacturers of brand name nabumetone tablets).

In addition, Ms. Servais is one of the lawyers who represented Colorado, Minnesota and Utah state employee pension funds in private litigation regarding losses suffered in connection with their purchases of McKesson HBOC securities in ***In re McKesson HBOC Securities Litigation*** (N.D. Cal.).

At the University of Minnesota Law School, Jessica was the Executive Editor of the ***Minnesota Intellectual Property Review***. Jessica served as a federal judicial law clerk to the Honorable Michael J. Davis, United States District Court, District of Minnesota.

B.A. ***magna cum laude***, Macalester College; J.D., U. of Minnesota Law School
Admitted: Minnesota, Wisconsin; U.S. District Court, District of Minnesota

## James Anderson

James Anderson is a partner of the firm.  James was named in the 2016 edition of the annual Thomson Reuters ***Super Lawyers*** list of outstanding attorneys as a "Rising Star" in the areas of antitrust, securities and consumer law litigation. He is currently working on, or has worked on, a variety of complex civil matters, including ***In re Lithium Ion Batteries Antitrust Litigation*** (N.D. Cal.) (asserting antitrust claims against manufacturers of lithium ion batteries); ***Kleen Products LLC v. Packaging Corporation of America, et al.*** (N.D. Ill.) (antitrust claims against manufacturers of containerboard products); ***In re American Express Anti-Steering Rules Antitrust Litigation*** (E.D.N.Y.) (challenging rules preventing merchants from providing consumers with incentives to use forms of payment that are less expensive than American Express branded payment cards); ***In re Aftermarket Filters Antitrust Litigation*** (N.D. Ill.) (antitrust, consumer protection and unfair competition claims against leading manufacturers of replacement vehicle filters on behalf of indirect purchasers); ***In re Pool Products Distribution Market Antitrust Litigation*** (E.D. La.) (asserting claims of monopolization and attempted monopolization of the U.S. pool products distribution market); ***In re Air Cargo Shipping Services Antitrust Litigation*** (E.D.N.Y) (claims against major airlines alleging



price-fixing of fuel surcharges for freight transportation); *In re Cathode Ray Tube (CRT) Antitrust Litigation* (N.D. Cal.) (price-fixing claims against the producers of CRT televisions); *In re DRAM Antitrust Litigation* (multiple federal and state court actions involving price-fixing claims against the producers of DRAM computer memory); *In re SRAM Memory Products Antitrust Litigation* (N.D. Cal.) (price-fixing claims against the producers of SRAM computer memory); and *In re AOL Time Warner Securities Litigation* (S.D.N.Y.) (securities fraud claims on behalf of AOL and Time Warner shareholders). James has also been involved in other, non-class litigation including *Spine Solutions, Inc. v. Medtronic Sofamor Danek, Inc.* (W.D. Tenn.).

James graduated *cum laude* from William Mitchell College of Law where he was awarded a *21st Century Scholarship*, received a CALI Award for his performance in Legislative Advocacy, and a Minnesota State Bar Association outstanding achievement award in *Employment Discrimination*.

B.A. *magna cum laude*, St. Olaf College; J.D. *cum laude*, William Mitchell College of Law
Admitted: Minnesota; U.S. District Court, District of Minnesota; U.S. Court of Appeals, Eighth Circuit

**Teresa M. Jones**

Teresa is an associate of the firm and works on a wide range of complex litigation matters, with a focus on antitrust litigation, securities litigation, class actions, and consumer fraud matters. Before joining the firm, Teresa was part of the trial team in a large antitrust class action lawsuit against a major software company which settled in 2007 after several months of trial for $180 million.

Teresa has significant experience in document-intensive discovery, through which she has developed practices to identify, highlight and manage key case documents.

She is currently working on, or has worked on, *In re Lidoderm Antitrust Litigation* (N.D. Cal.) and *In re Aggrenox Antitrust Litigation* (D. Conn); *In re Lipitor Antitrust Litigation* (D.N.J.) (state antitrust and consumer protection claims on behalf of proposed class of indirect purchasers represented by Heins Mills & Olson as co-lead counsel); *In re Domestic Drywall Antitrust Litigation* (E.D. Pa.) (supply and price-fixing claims against manufacturers of gypsum wallboard); and *Fond Du Lac Bumper Exchange, Inc., et. al. v. Jui Li Enterprise Company, Ltd., et. al.* (E.D. Wis.) (supply and price-fixing claims against manufacturers and distributors of aftermarket automotive sheet metal parts). She has also worked on *In re Plasma Derivative Protein Therapies Antitrust Litigation* (N.D. Ill.) (supply and price-fixing claims against manufacturers of plasma-derivative protein therapies); *Glaberson v. Comcast Corp.* (E.D. Pa.) (antitrust



claims against cable services provider on behalf of subscribers); and ***In re AOL Time Warner Securities Litigation*** (S.D.N.Y) (securities fraud claims on behalf of AOL and Time Warner shareholders).

Teresa graduated ***magna cum laude*** from William Mitchell College of Law and is admitted to practice in the state courts of Minnesota, the U.S. District Court for the District of Minnesota, and the United States Court of Appeals for the Eighth Circuit. Teresa is an active member of the Minnesota State Bar Association, Hennepin County Bar Association and American Bar Association and has held leadership positions in each.

B.A., U. of Minnesota; J.D. ***magna cum laude***, William Mitchell College of Law
Admitted: Minnesota; U.S. District Court, District of Minnesota; U.S. Court of Appeals, Eighth Circuit

## Maureen E. Sandey

Maureen is an associate of the firm. She is currently working on a variety of complex civil cases, including ***In re Lidoderm Antitrust Litigation*** (N.D. Cal.); ***Kleen Products LLC v. Packaging Corporation of America, et al.*** (N.D. Ill.) (antitrust claims against manufacturers of containerboard products); ***In re NCAA Student-Athlete Name & Likeness Licensing Litigation***, Case No. 4:09-cv-1967 (N.D. Cal.) (challenging policies that prevent U.S. collegiate student-athletes from receiving a share of the revenue generated from use of their likeness); ***Fond Du Lac Bumper Exchange, Inc., et. al. v. Jui Li Enterprise Company, Ltd., et. al.*** (E.D. Wis.) (supply and price-fixing claims against manufacturers and distributors of aftermarket automotive sheet metal parts); and ***In re Processed Egg Products Antitrust Litigation*** (E.D. Pa.) (price-fixing claims by direct purchasers against shell egg and processed egg producers). Maureen also worked on ***Pastor Benjamin A. Johnson, et al. v. The Evangelical Lutheran Church of America, et al.*** (D. Minn.) (breach of contract and breach of fiduciary duty claims against the ELCA and the ELCA Board of Pensions on behalf of retired pastors and church employees).

In her previous professional experience, Maureen worked as a discovery attorney at a law firm in Minneapolis. She has worked on ***Auxilium Pharmaceuticals, Inc. and FCB 1, L.L.C. v. Upsher-Smith Laboratories, Inc.*** (D.N.J.); ***Federal Home Loan Bank of Pittsburgh v. J.P. Morgan Securities, L.L.C., et al.*** (Allegheny County Court of Common Pleas); ***Devi Khoday and Danise Townsend, individually and on behalf of the class they represent v. Symantec Corp. and Digital River, Inc.*** (D. Minn.); ***Blue Cross and Blue Shield of Minnesota, as Administrator of the Blue Cross and Blue Shield of Minnesota Pension Equity Plan, et al. v. Wells Fargo Bank, N.A.*** (D. Minn.); and ***ObjectVideo, Inc. v. Robert Bosch, GMBH, et al.*** (E.D. Va.).



Previously, Maureen served as a law clerk for the Ramsey County Attorney's Office and as a judicial extern to the Honorable Tanya Bransford, Minnesota District Court, Fourth Judicial District.

At William Mitchell College of Law, Maureen was the Co-Editor-in-Chief of *Cybaris®: Intellectual Property Law Review* and was a student attorney in the Intellectual Property Law Clinic. Currently, Maureen volunteers at various organizations, such as Feed My Starving Children.

B.A., Macalester College; J.D., William Mitchell College of Law
Admitted: Minnesota


## Cole S. Woodward

Cole is an associate of the firm. He is currently assisting with work on, or has assisted with work on, complex litigation, including *In re: The Home Depot, Inc., Customer Data Security Breach Litigation*, (N.D. Ga.) (representing class of financial institutions harmed by one of the largest payment card security breaches in U.S. history); *In re Pella Corp. Architect & Designer Series Windows Mktg., Sales Practices & Products Liability Litigation* (D.S.C.) (consumer protection claims against windows manufacturer); *In re Herbal Supplements Marketing and Sales Practices Litigation* (N.D. Ill.); *Fond Du Lac Bumper Exchange, Inc., et. al. v. Jui Li Enterprise Company, Ltd., et. al.* (E.D. Wis.) (supply and price-fixing claims against manufacturers and distributors of aftermarket automotive sheet metal parts), and *In re NCAA Student-Athlete Name & Likeness Licensing Litigation*, Case No. 4:09-cv-1967 (N.D. Cal.) (challenging policies that prevent U.S. collegiate student-athletes from receiving a share of the revenue generated from use of their likeness). He currently assists, or has assisted with legal research on *In re Target Corporation Customer Data Security Breach Litigation* (MDL No. 2522).

While attending William Mitchell College of Law, Cole was a law clerk at Mid-Minnesota Legal Aid's Minneapolis office and worked in immigration law. He was a Minnesota Justice Foundation summer law clerk at Legal Aid Service of Northeastern Minnesota. There, he worked in landlord-tenant and housing law.

B.A., St. John's University; J.D., William Mitchell College of Law
Admitted: Minnesota


## Ian F. McFarland

Ian is an associate of the firm. He is currently working on a variety of complex litigation matters, including *In re Aggrenox Antitrust Litigation* (MDL No. 2516) (antitrust class



action alleging anticompetitive conduct by pharmaceutical companies delaying entry of lower-priced generic drug into the market); *In re Lidoderm Antitrust Litigation* (MDL No. 2521) (antitrust class action alleging anticompetitive conduct by pharmaceutical companies delaying entry of lower-priced generic drug into market); *In re Target Corporation Customer Data Security Breach Litigation* (MDL No. 2522) (consumer class action against Target Corporation arising from data security breach); *In re Automotive Parts Antitrust Litigation (Bearings)* (MDL No. 2311) (price-fixing in aftermarket market for automotive bearings); *In re Capacitors Antitrust Litigation* (No. 3:14-cv-03264-JD, N.D. Cal.) (antitrust claims against manufacturers of electronic capacitors); *Herbal Supplements Marketing and Sales Practices Litigation* (MDL No. 2519) (consumer class action alleging mislabeling of dietary supplements); and *Gordon, et al v. Amadeus IT Group, S.A., et al.* (No. 1:15-cv-05457-KPF, S.D.N.Y) (antitrust class action alleging anticompetitive conduct by providers of airline reservation systems).

Before joining the firm, Ian served as a law clerk for the Honorable Regina M. Chu, Minnesota District Court, Fourth Judicial District.

Ian graduated *magna cum laude* from the University of Wisconsin Law School, where he served as a Note and Comment Editor of the *Wisconsin Law Review* and was admitted to the Order of the Coif.  While attending law school, he worked as a judicial intern to the Honorable Margaret J. Vergeront, Wisconsin Court of Appeals, District IV, and as a summer law clerk for the firm.

B.A., U. of Wisconsin-Madison; J.D., *magna cum laude*, U. of Wisconsin Law School
Admitted: Minnesota

# EXHIBIT B

**EXHIBIT B**

In re Cathode Ray Tube (CRT) Antitrust Litigation
Heins Mills & Olson. P.L.C.
Reported Hours and Lodestar
Inception through October 31, 2016 - Mitsubishi/Thomson Only

**TIME REPORT**

| NAME | TOTAL HOURS | HISTORICAL HOURLY RATE | LODESTAR | |
|---|---|---|---|---|
| **ATTORNEYS** | | | | |
| Vincent J. Esades (P) | 0.75 | $575.00 | $ | 431.25 |
| Renae D. Steiner (P) | 1.50 | $650.00 | $ | 975.00 |
| James W. Anderson (P) | 73.50 | $500.00 | $ | 36,750.00 |
| James W. Anderson (A) | 3.75 | $395.00 | $ | 1,481.25 |
| *ATTORNEY TOTAL:* | *79.50* | | *$* | *39,637.50* |
| **NON-ATTORNEYS** | | | | |
| Sarah L. Deutl (DC) | 12.25 | $150.00 | $ | 1,837.50 |
| *NON-ATTORNEY TOTAL:* | *12.25* | | *$* | *1,837.50* |
| **TOTAL:** | **91.75** | | **$** | **41,475.00** |

(P) Partner
(A) Associate
(DC) Document Clerk

# EXHIBIT C

## EXHIBIT C

In re Cathode Ray Tube (CRT) Antitrust Litigation
Heins Mills & Olson, P.L.C.
Reported Expenses Incurred on Behalf of DPPs - Mitsubishi/Thomson Only

### EXPENSE REPORT

| CATEGORY | AMOUNT INCURRED |
|---|---|
| Federal Express | $ 38.03 |
| Photocopies – In House ($0.20 per copy; $0.10 per print) | $ 639.20 |
| Telephone/Telecopier | $ 2.16 |
| **TOTAL:** | **$ 679.39** |