1  Guido Saveri (22349)
      *guido@saveri.com*
2  R. Alexander Saveri (173102)
      *rick@saveri.com*
3  Geoffrey C. Rushing (126910)
      *grushing@saveri.com*
4  Cadio Zirpoli (179108)
      *cadio@saveri.com*
5  Matthew D. Heaphy (227224)
      *mheaphy@saveri.com*
6  SAVERI & SAVERI, INC.
   706 Sansome Street
7  San Francisco, CA 94111
   Telephone: (415) 217-6810
8  Facsimile: (415) 217-6813

9  *Lead Counsel for Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST<br><br>MDL No. 1917<br><br>**DECLARATION OF RANDY RENICK IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND INCENTIVE AWARDS**<br><br>Date:     June 8, 2017<br>Time:     2:00 p.m.<br>Judge:    Honorable Jon S. Tigar<br>Courtroom: 9 |
| This Document Relates to:<br><br>*Crago, d/b/a Dash Computers, Inc., et al. v. Mitsubishi Electric Corporation, et al.*, Case No. 14-CV-2058-JST. | |

I, Randy Renick, declare and state as follows:

1. I am a member of the law firm of Hadsell Stormer & Renick, LLP, Counsel for Direct Purchaser Plaintiffs ("DPPs" or "Plaintiffs") in this action. I submit this declaration in support of DPPs' joint Application for Attorneys' Fees and Expenses and Incentive Awards ("Fees and Expense Application") in connection with the services rendered in this litigation. I make this declaration based on my personal knowledge and if called as a witness, I could and would competently testify to the matters stated herein.

2. My firm has served as counsel to Orion Home Systems, LLC and as counsel for the class throughout the course of this litigation. The background and experience of Hadsell Stormer & Renick, LLP firm and its attorneys are summarized in the *curriculum vitae* attached hereto as Exhibit A.

3. Hadsell Stormer & Renick, LLP has prosecuted this litigation solely on a contingent-fee basis, and has been at risk that it would not receive any compensation for prosecuting claims against the defendants. While Hadsell Stormer & Renick, LLP devoted its time and resources to this matter, it has foregone other legal work for which it would have been compensated.

4. During the pendency of the litigation, Hadsell Stormer & Renick, LLP performed the following work: conferred with Lead Counsel regarding the filing of complaints and case strategy; met with client regarding the status of the litigation; and prepared for and attended the deposition of a former Mitsubishi executive.

5. Attached hereto as Exhibit B is my firm's total hours and lodestar, computed at historical rates, from the inception of DPPs' case against the Mitsubishi Electric Defendants and the Thomson Defendants (Case No. 14-CV-2058-JST, filed May 5, 2014) through October 31, 2016. The total number of hours spent by Hadsell Stormer & Renick, LLP during this period of time was 35.9 with a corresponding lodestar of $27,707.50. This summary was prepared from contemporaneous, daily time records regularly prepared and maintained by Hadsell Stormer & Renick, LLP. The lodestar amount reflected in Exhibit B is for work assigned by Lead Counsel, and was performed by professional staff at my law firm for the benefit of the DPP Class. None of

1  these hours were included in connection with DPPs' first fee and expense application (ECF No.
2  4055).
3        6.      The hourly rates for the attorneys and professional support staff in my firm included
4  in Exhibit B are the usual and customary hourly rates charged by Hadsell Stormer & Renick, LLP.
5        7.      I have reviewed the time reported by Hadsell Stormer & Renick, LLP in this case
6  which are included in this declaration, and I affirm that they are true and accurate.
7        I declare under penalty of perjury under the laws of the United States of America that the
8  foregoing is true and correct.
9        Executed on March 20, 2017 at Pasadena, California.

                                        */s/ Randy Renick*
                                        Randy Renick

**ATTESTATION**

I, R. Alexander Saveri, hereby attest, pursuant to United States District Court, Northern District of California Civil Local Rule 5-1(i)(3), that concurrence to the filing of this document has been obtained from the signatory hereto.

By:  */s/ R. Alexander Saveri*
     R. Alexander Saveri

# EXHIBIT A

Randy Renick, a partner with Hadsell Stormer & Renick, LLP in Pasadena, California, specializes in complex cases and class action litigation, including wage and hour, antitrust, employment, civil rights and public interest law.  Mr. Renick was selected as a "Rising Star" by the Los Angeles Magazine and Law & Politics Magazine for 2004 and has also been selected as a "Super Lawyer" by Los Angeles Magazine and Law & Politics Magazine for the past 13 years.  He is one of only a few plaintiff-side employment lawyers selected for the "Best Lawyers in America" each year since 2007.  In 2017, Mr. Renick was named a Lawyer of the Year in Southern California by Best Lawyers for Employment Law – Individuals.

Mr. Renick is regularly asked to give lectures regarding public interest and class action litigation to lawyers, law students and public interest organizations; including the National Employment Lawyers Association, the University of California at Los Angeles School of Law, State Bar of California Labor and Employment Law Section, the Los Angeles County Bar Labor and Employment Law Section, the California Employment Lawyers Association, The Coalition Against Slavery and Trafficking, and the Western Trial Lawyers Association.

Randy Renick is a graduate of Southwestern School of Law and has specialized in complex litigation since 1995, first with Hadsell & Stormer, Inc. and from January 1, 2000 until December 31, 2007, with the Law Offices of Randy Renick.  Since January 1, 2008, Mr. Renick has been a partner with Hadsell Stormer & Renick, LLP.  During his career, Mr. Renick has been involved in a number of significant individual and class action cases, including:

- *Diaz v. Daily Grill*, BC 542720, Los Angeles Superior Court.  Served as Lead Counsel in bench trial to recover back wages, interest and waiting time penalties against hotel restaurant under the City of Los Angeles' Airport Hotel Living Wage Ordinance.  In January, 2017, plaintiffs prevailed on all claims at trial.

- *Kirshman v. Airbnb Inc.* BC 604504, Los Angeles Superior Court.  Pending action brought on behalf of five individuals wrongfully evicted by landlord in violation of the Los Angeles Rent Stabilization Ordinance and against Airbnb for failing to return unit to tenants when the unit was returned to the market as a short-term rental.  Set for trial in June, 2017.

- *Wang v. Chinese Daily News*, CV-04-1498 CBM, U.S. District Court for the Central District of California.  Served as Lead Counsel in a jury trial representing a class of hourly newspaper employees involving claims of unpaid overtime and other wage and hour violations.   After jury and bench trial, obtained a judgment in favor of his clients for more than $5,200,000.  The matter ultimately settled for $7,900,000.

- *Murphy v. CVS Caremark Corporation*, BC 464785, Los Angeles Superior Court. Class Counsel in wage and hour class action brought on behalf of more than 70,000 hourly employees.  Suit alleged various violations, including the failure to pay employees while subject to employer control during security checks.  Matter settled prior to trial for $12,750,000.

- *United Steel Workers International Union v. ConocoPhillips*, CV 08-2068 PSG, United States District Court.  Class Counsel brought on behalf of refinery operators for on-duty meal periods.  Case settled prior to trial for $15,500,000.

- ***Ochoa v. Holiday Inn LAX***, BC 493242, Los Angeles Superior Court. Class Counsel in wage and hour class action against hotel for failing to pay employees the Living Wage under the City of Los Angeles' Airport Hotel Living Wage Ordinance. Matter settled for $390,000.

- ***City of Los Angeles Service Charge Cases***, Lead Case BC 377050, Los Angeles Superior Court, Judge William Highberger. Class Counsel in five separate actions on behalf of hourly workers against various Century Boulevard hotels alleging violations of the City of Los Angeles Service Charge Ordinance. Defended the constitutionality of the Ordinance on Appeal in the published decision of *Garcia v. Four Points Sheraton LAX (2010) 188 Cal. App. 4th 364*. Obtained settlements totaling more than $9,000,000 on behalf of class members.

- ***Small v. Brinderson***, 04CC00717, Orange County Superior Court. Served as Lead Counsel for certified class of more than 5,000 construction trade employees for overtime, meal and rest break claims. Case resolved for $5,250,000.

- ***Diaz v. ABM Industries, Inc.***, BC 362932, Los Angeles Superior Court, Lead Counsel for certified class of more than 5,000 employees seeking damages for employer's failure to provide meal periods. Case resolved for $4,900,000.

- ***Morales v. Aramark Corporation.***, CV 09-05565, U.S. District Court for the Central District of California. Lead Counsel for class of more than 20,000 food service workers alleging claims for meal and rest period, and overtime violations. Case resolved for $3,900.000.

- ***Navarro v. Pacifica Hosts Hotels, Inc.***, BC 352017, Los Angeles Superior Court. Class Counsel for class of more than 4,000 hourly employees at 19 hotels in California with claims of unpaid overtime, missed meal and rest breaks. Matter settled for $6,500,000.

- ***John Amaro v. the Ritz-Carlton, Huntington Hotel & Spa;*** BC 376739, Los Angeles Superior Court. Lead Counsel for class of 800 hotel workers alleging employer failed to pay wages and provide meal and rest breaks. Settled case for $975,000.

- ***Soto v. Starwood Hotels & Resorts Worldwide, Inc***., BC 352849, Los Angeles Superior Court. Class Counsel for hourly hotel workers at Westin LAX hotel alleging meal and rest break and overtime violations. Settled for $3,000,000.

- ***Hernandez v. Tyco International (US) Inc.***, BC 315749, Los Angeles Superior Court. Lead Counsel for class of 450 hourly production employees with claims for unpaid overtime, meal and rest break violations. Case resolved with settlement of $4,900,000.

- ***De La Rosa v. ICC Collision Centers***, BC 389024, Los Angeles Superior Court. Represented class of body shop workers who were denied overtime. Case settled for nearly $250,000.

- ***Rogers v. Weyerhaeuser Corp.***, CV-05-06076 NM, U.S. District Court for the Central District of California. Class Counsel for 125 hourly employees alleging meal and rest break and overtime violations against employer. Settled in 2005 for $1,500,000.

- ***Pinney v. Great Western Bank***, BC 146276 and CV-95-2110-IH, U.S. District Court for the Central District of California and LA Superior Court. Served as counsel in securities fraud and invasion of privacy class action. The matter settled for more than $16 Million.

- ***Levitan v. TV Fanfare Media Inc.,*** BC 241713, Los Angeles Superior Court. Served as Lead Counsel in Wage and Hour Class Action Case representing class of individuals misclassified as Independent Contractors. Los Angeles Superior Court Judge Charles W. McCoy granted final approval to the $1.85 Million settlement in April of 2004.

- ***Ruiz v. Jackson***, SC076090, Los Angeles Superior Court. Obtained jury verdict of $825,000 on behalf of Philippina plaintiff brought to Los Angeles and forced to work 18 hours per day for more than one year without pay. Prevailed on all claims including false imprisonment, fraud, assault, battery and negligence against defendants, one of whom was a lawyer and executive at Sony Pictures. Jury found that the defendants had wrongfully imprisoned Plaintiff by means of violence and threats.

- ***Paige v. State of California***, CV 94-0083 CBM U.S. District Court for the Central District of California. Served as Co-Lead Trial Counsel in two-month class action trial involving claims against California Highway Patrol alleging discrimination in promotions against Non-White Officers.

- ***Mesfun v. Hagos***, CV 93-02182 MMM U.S. District Court for the Central District of California. Served as Lead Counsel in jury trial involving allegations of False Imprisonment and Labor Code Violations in front of Judge Margaret Morrow. Obtained a jury verdict on Labor Code claim against Defendant.

Mr. Renick also has substantial experience litigating antitrust class action cases in both state and federal courts. Mr. Renick is intimately familiar with the management and organization required to aggressively litigate complicated class action cases involving multiple cases and numerous co-counsel. Some of the antitrust matters in which he has served as counsel include.

- ***In Re TFT-LCD (Flat Panel) Antitrust Litigation***, MDL 7269 (Judge Illston) United States District Court, Northern District of California (antitrust class action on behalf of direct purchasers of LCD screens alleging a nationwide class for price-fixing). The case settled for more than $400,000,000.

- ***In Re Dynamic Random Access Memory Antitrust Litigation***, MDL 1486 (Judge Hamilton) United States District Court, Northern District of California (antitrust class action on behalf of direct purchasers of dynamic random access memory (DRAM) alleging a nationwide class for price-fixing). The case settled for more than $330,000,000.

- ***Vitamin Cases***, J.C.C.P. No. 4076, San Francisco Superior Court (antitrust class action on behalf of California indirect purchasers of vitamins). The case was settled for $96,000,000.

• *California Indirect Purchaser MSG Antitrust Cases*, Master File No. 304471, San Francisco Superior Court (antitrust class action on behalf of California indirect purchasers of Monosodium Glutamate).  The case settled for more than $11,000,000.

• *In Re Methionine Antitrust Litigation*, MDL 1311, CRB, United States District Court, Northern District of California.  A nationwide class action on behalf of direct purchasers of methionine alleging price-fixing. The case was settled for $107,000,000.

• *In re California Polychloroprene Cases*, J.C.C.P. 4376, Los Angeles Superior Court.  Statewide class on behalf of indirect purchasers for Polychloroprene.  The matter settled for more than $4,500,000.

• *In Re Urethane Cases*, J.C.C.P. No. 4367, San Francisco Superior Court.  Settlements of over $3,000,000 in antitrust class action on behalf of all California indirect purchasers of urethane and urethane chemicals.

• *The Harman Press et al. v. International Paper Co. et al.*, (Consolidated Cases) Master File No. CGC-04-432167, San Francisco Superior Court (antitrust class action on behalf of all California indirect purchasers of publication paper).

• *In Re Label Stock Cases*, J.C.C.P. No. 4314, San Francisco Superior Court (antitrust class action on behalf of all California indirect purchasers of high pressure label stock).

• *Richard Villa et al. v. Crompton Corporation et al.,* Consolidated Case No. CGC-03-419116, San Francisco Superior Court.  Settlements of over $2,000,000 antitrust class action on behalf of California indirect purchasers of EPDM.

• *Russell Reidel et al. v. Norfalco LLC et al.,* Consolidated Case No. CGC-03-418080, San Francisco Superior Court (antitrust class action on behalf of California indirect purchasers of sulfuric acid).

• *Smokeless Tobacco Cases I-IV*, J.C.C.P. Nos. 4250, 4258, 4259 and 4262, San Francisco Superior Court (certified antitrust class action on behalf of California consumers of smokeless tobacco products) The case settled for $99,000,000 with over $25,000,000 allocated cy pres.

• *Electrical Carbon Products Cases*, J.C.C.P. No. 4294, San Francisco Superior Court (Private Entity Cases) Settlement of antitrust class action on behalf of California indirect purchasers of electrical carbon products).

• *In Re Laminate Cases*, J.C.C.P. No. 4129, Alameda Superior Court (antitrust class action on behalf of California indirect purchasers of high pressure laminate).

• *Compact Disk Cases*, J.C.C.P. No. 4123, Los Angeles Superior Court (antitrust class action on behalf of California consumers of prerecorded compact disks settled for more than $100,000,000).

- ***Purchaser Auction House Cases***, Master Case No. 310313. San Francisco Superior Court (antitrust class action on behalf of California auction buyers and sellers).

- ***In Re Western States Wholesale Natural Gas Litigation***, MDL 1566.  Settlements of over $150,000,000 in antitrust class action on behalf of California buyers of natural gas.

- ***In Re NBR Cases***, J.C.C.P. No. 4369, San Francisco Superior Court (antitrust class action on behalf of California indirect purchasers of NBR).

- ***In Re Vitamin C Antitrust Litigation***, MDL 06-1738 (DTG)(JO), USDC, Eastern District of New York (antitrust class action on behalf of all California indirect purchasers of Vitamin C).

# EXHIBIT B

In re Cathode Ray Tube (CRT) Antitrust Litigation
**Hadsell Stormer & Renick, LLP**
Reported Hours and Lodestar
Inception through October 31, 2016 – Mitsubishi/Thomson Only

### TIME REPORT

| NAME | TOTAL HOURS | HISTORICAL HOURLY RATE | LODESTAR |
|---|---|---|---|
| ATTORNEYS | | | |
| Randy Renick (P) 2015 | 4.6 | $750 | $3,450.00 |
| Randy Renick (P) 2016 | 31.3 | $775 | $24,257.50 |
| | | | |
| **TOTAL:** | **35.9** | | **$27,707.50** |

(P) Partner
(OC) Of Counsel
(A) Associate
(PL) Paralegal
(LC) Law Clerk