1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10                              SAN FRANCISCO DIVISION

11

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
|---|---|
| | MDL No. 1917 |
| This Document Relates to: | **[PROPOSED] ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' SECOND APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND INCENTIVE AWARDS** |
| *Crago, d/b/a Dash Computers, Inc., et al. v. Mitsubishi Electric Corporation, et al.*, Case No. 14-CV-2058-JST. | |
| | Date:      June 8, 2017<br>Time:      2:00 p.m.<br>Judge:     Hon. Jon S. Tigar<br>Courtroom: 9 |

1   The Court, having reviewed Direct Purchaser Plaintiffs' Application for Attorneys' Fees
and Expenses and Incentive Awards ("Application"), dated March 30, 2017, the pleadings and
other papers on file in this action, and the statements of counsel and the parties, hereby finds that:

   1.   The Application requests an award of attorneys' fees in the amount of
$25,425,000.00, or 30% of the $84,750,000 M&T Settlement Funds.[1] Further, Direct Purchaser
Plaintiffs ("DPPs" or "Plaintiffs") and their counsel ("Class Counsel") request reimbursement of
out-of-pocket litigation costs and expenses in the amount of $1,053,960.26. The Application also
requests additional incentive awards for each of the eight Class Representatives[2] of $15,000, a total
of $120,000.

   2.   DPPs' requested fee award of $25,425,000.00—30% of the M&T Settlement
Funds—is fair and reasonable under the percentage-of-the-recovery method based upon the
following factors: (1) the results obtained by Class Counsel in this case; (2) the risks and complex
issues involved in this case, which were significant and required a high level of skill and high-
quality work to overcome; (3) the attorneys' fees requested were entirely contingent upon
success—Class Counsel risked time and effort and advanced costs with no ultimate guarantee of
compensation; (4) the range of awards made in similar cases justifies an award of 30% here; and
(5) the class members have been notified of the requested fees and had an opportunity inform the
Court of any concerns they have with the request. These factors justify an upward adjustment of

---

[1] The "M&T Settlement Funds" refer to the $75,000,000 settlement with the Mitsubishi Electric Defendants—Mitsubishi Electric Corporation; Mitsubishi Electric US, Inc. (formerly known as Mitsubishi Electric & Electronics USA, Inc.); and Mitsubishi Electric Visual Solutions America, Inc. (formerly known as Mitsubishi Digital Electronics America, Inc.)—and the $9,750,000 settlement with the Thomson Defendants—Thomson SA (now known as Technicolor SA), Thomson Consumer Electronics, Inc. (now known as Technicolor USA, Inc.), and Thomson Displays Americas LLC (now known as Technologies Displays Americas LLC).

[2] "Class Representatives" are the plaintiffs named in the Second Amended DPPs' Class Action Complaint Against Mitsubishi and Thomson Consolidated Amended Complaint: (1) Crago, d/b/a Dash Computers, Inc.; (2) Arch Electronics, Inc.; (3) Meijer, Inc. and Meijer Distribution, Inc.; (4) Nathan Muchnick, Inc.; (5) Princeton Display Technologies, Inc.; (6) Radio & TV Equipment, Inc.; (7) Studio Spectrum, Inc.; and (8) Wettstein and Sons, Inc. d/b/a Wettstein's. The Court previously awarded $25,000 to each of these Class Representatives as well as to two others—Hawel A. Hawel, d/b/a City Electronics, and Royal Data Services, Inc.—in the initial litigation. *See* ECF No. 4299.

1  the Ninth Circuit's 25% benchmark. As such, the Court finds that the requested fee award
2  comports with the applicable law and is justified by the circumstances of this case.
3        3.      The Court has confirmed the reasonableness of DPPs' fee request by conducting a
4  lodestar cross-check. The Court finds that Class Counsel's reasonable lodestar was $11,812,004.95
5  based on historic hourly rates. Taken together with Class Counsel's lodestar of $43,335,517.50 in
6  connection with Plaintiffs' first fee and expense application, *see In re: Cathode Ray Tube (CRT)*
7  *Antitrust Litig.*, No. 07-CV-5944-JST, 2016 WL 183285, at *3 (Jan. 14. 2016), Class Counsel's
8  requested fee award results in a multiplier of 1.154. This further supports the reasonableness of
9  Class Counsel's fee request here.
10        4.      Class Counsel incurred a total of $1,053,960.26 in litigation costs and expenses in
11  prosecuting this case. The Court finds that these costs and expenses were reasonably incurred in the
12  ordinary course of prosecuting this case and were necessary given the complex nature and
13  nationwide scope of the case.
14        5.      Pursuant to *Radcliffe v. Experian Information Solutions, Inc.*, 715 F.3d 1157 (9th
15  Cir. 2013), the Court has carefully considered the requested incentive awards. The Court deems the
16  application for incentive awards reasonable and justified given, in particular: (1) the risks—
17  reputational, financial, and otherwise—faced by Class Representatives in bringing this lawsuit; and
18  (2) the work performed and the active participation in the case and settlement processes by the
19  Class Representatives on behalf of the class.
20        6.      In sum, upon consideration of the Application and accompanying declarations, and
21  based upon all matters of record including the pleadings and papers filed in this action, the Court
22  hereby finds that the fee requested is reasonable and proper, that the costs and expenses incurred by
23  Class Counsel were necessary, reasonable, and proper, and that incentive awards are appropriate
24  given the time and effort expended by the Class Representatives in the prosecution of this case.
25        Accordingly, it is hereby ORDERED and DECREED that:
26        7.      Class Counsel are awarded attorneys' fees of $25,425,000.00 (30% of the
27  $84,750,000 M&T Settlement Funds), together with a proportional share of interest earned on the
28

1   M&T Settlement Funds for the same time period and at the same rate as that earned on the M&T
2   Settlement Funds until dispersed to Class Counsel.
3       8.   Class Counsel are awarded reimbursement of their litigation costs and expenses in
4   the amount of $1,053,960.26.
5       9.   The Class Representatives—(1) Crago, d/b/a Dash Computers, Inc.; (2) Arch
6   Electronics, Inc.; (3) Meijer, Inc. and Meijer Distribution, Inc.; (4) Nathan Muchnick, Inc.; (5)
7   Princeton Display Technologies, Inc.; (6) Radio & TV Equipment, Inc.; (7) Studio Spectrum, Inc.;
8   and (8) Wettstein and Sons, Inc. d/b/a Wettstein's—shall each receive an additional incentive
9   award in the amount of $15,000.
10      10.  The attorneys' fees awarded, the litigation costs and expenses reimbursed and the
11  incentive awards granted shall be paid from the M&T Settlement Funds and the interest earned
12  thereon.
13      11.  The fees and expenses shall be allocated among Class Counsel by Lead Counsel in a
14  manner that, in Lead Counsel's good-faith judgment, reflects each firm's contribution to the
15  institution, prosecution, and resolution of the case.
16      12.  This order shall be entered of this date pursuant to Rule 54(b) of the Federal Rules
17  of Civil Procedure, the Court finding that there is no just reason for delay.

**IT IS SO ORDERED.**

Dated: _____

HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE