1  Guido Saveri (22349)
       *guido@saveri.com*
2  R. Alexander Saveri (173102)
       *rick@saveri.com*
3  Geoffrey C. Rushing (126910)
       *grushing@saveri.com*
4  Matthew D. Heaphy (227224)
       *mheaphy@saveri.com*
5  SAVERI & SAVERI, INC.
   706 Sansome Street
6  San Francisco, CA 94111
   Telephone:  (415) 217-6810
7  Facsimile:  (415) 217-6813

8  *Lead Counsel for the
   Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: *Crago, d/b/a Dash Computers, Inc., et al. v. Mitsubishi Electric Corporation, et al.*, Case No. 14-CV-2058-JST. | **DECLARATION OF R. ALEXANDER SAVERI IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH THE MITSUBISHI ELECTRIC DEFENDANTS**<br><br>Date:       June 8, 2017<br>Time:      2:00 p.m.<br>Judge:    Honorable Jon S. Tigar<br>Courtroom: 9 |

1  I, R. Alexander Saveri, declare:

2      1.    I am the Managing Partner of Saveri & Saveri, Inc., Lead Counsel for Direct Purchaser Plaintiffs ("Plaintiffs") in this action. I am a member of the Bar of the State of California and admitted to practice in the Northern District of California. I make this Declaration in Support of Final Approval of Class Action Settlement with Mitsubishi Electric Corporation; Mitsubishi Electric US, Inc. (formerly known as Mitsubishi Electric & Electronics USA, Inc.); and Mitsubishi Electric Visual Solutions America, Inc. (formerly known as Mitsubishi Digital Electronics America, Inc.) (collectively, the "Mitsubishi Electric Defendants"). Except as otherwise stated, I have personal knowledge of the facts stated below.

    2.    I am unaware of any objections to Plaintiffs' settlement with the Mitsubishi Electric Defendants (the "Settlement"), the plan of allocation, or Plaintiffs' Second Application for Attorneys' Fees and Expenses and Incentive Awards (ECF No. 5133).

    3.    The class contains many large and sophisticated business entities with substantial claims. For example, Microsoft and Wal-Mart are class members.

    4.    While Plaintiffs believe there is evidence to support a verdict, the Mitsubishi Electric Defendants have strong arguments to the contrary, including the facts that they never attended a "glass meeting"; that they ceased manufacture of CPTs in 1998 and CDTs in 2004; that most of the CDTs they made used a different technology and were marketed to different customers than those of the other alleged conspirators; and that their market share was very small—i.e., substantially less than 5%—and that they were therefore always a "bit" player in the market with little incentive to join the conspiracy.

    5.    In the Expert Report of Jeffrey J. Leitzinger, Ph.D., served on the Mitsubishi Electric Defendants on September 1, 2016, Dr. Leitzinger estimated that total single damages resulting from the conspiracy is $876 million. Dr. Leitzinger's analysis also indicates that the U.S. sales of the Mitsubishi Electric Defendants during the class period were less than 5% of the market, sometimes substantially so.

    6.    Based on my over 20 years of practice as an antitrust attorney, it is my experience that in the vast majority of antitrust class action settlements, the settlement payment is a fraction of

1

DECLARATION OF R. ALEXANDER SAVERI IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH THE MITSUBISHI ELECTRIC DEFENDANTS; Master File No. 07-CV-5944-JST

the single damages attributable to sales of the settling defendant.

7. The *pro rata* distribution per plaintiff will depend on the size of each class member's claim and the total amount of claims submitted, as well as the Court's award of attorneys' fees and expenses and incentive awards. Plaintiffs believe that class members with the largest claims will receive substantial sums—e.g., hundreds of thousands or millions of dollars—from this Settlement.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of May, 2017 in San Francisco, California.

*/s/ R. Alexander Saveri*
R. Alexander Saveri
