1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST |
|---|---|
| | MDL No. 1917 |
| This Document Relates to: | **[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH THE MITSUBISHI ELECTRIC DEFENDANTS** |
| *Crago, d/b/a Dash Computers, Inc., et al. v. Mitsubishi Electric Corporation, et al.*, Case No. 14-CV-2058-JST. | Date: June 8, 2017<br>Time: 2:00 p.m.<br>Judge: Honorable Jon S. Tigar<br>Courtroom: 9 |

On May 18, 2017, Plaintiffs filed a brief in support of Final Approval of Class Action Settlement with Mitsubishi Electric Corporation; Mitsubishi Electric US, Inc. (formerly known as Mitsubishi Electric & Electronics USA, Inc.); and Mitsubishi Electric Visual Solutions America, Inc. (formerly known as Mitsubishi Digital Electronics America, Inc.) (collectively, the "Mitsubishi Electric Defendants"). The Court, having reviewed the motion, the settlement agreement between Plaintiffs and the Mitsubishi Electric Defendants ("Settlement Agreement"), the pleadings and other papers on file in this Action, and the statements of counsel and the parties, hereby finds that the motion should be GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation and over the parties to the Settlement Agreement, including all members of the Class and the Mitsubishi Electric Defendants.

2. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement.

3. The Court finds that Saveri & Saveri, Inc., previously appointed as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, has and will fairly and competently represent the interests of the Class.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, after a hearing, the Court hereby finally approves and confirms the settlement set forth in the Settlement Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Class within the meaning of Rule 23, and directs its consummation according to its terms.

5. This Court hereby dismisses on the merits and with prejudice the Action as to the Mitsubishi Electric Releasees against all Class Members and without costs other than those provided for in the Settlement Agreement.

6. The Mitsubishi Electric Releasees are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasors had or have arising out of or related to any of the Released Claims as defined in the Settlement Agreement.

7. The Proposed Order of Special Master Walker dated August 29, 2016 is vacated

1   and is without any present or future force or effect.

2       8.    The notice given to the Class of the settlement was the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable efforts. Said notice provided due and adequate notice of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23, Subdivisions (c)(2) and (e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

9.    The Plan of Allocation set forth in the Class notice is, in all respects, fair, adequate, and reasonable. Accordingly, the Court hereby grants final approval of the Plan of Allocation.

10.    The United States District Court for the Northern District of California shall retain jurisdiction, which shall be exclusive to the extent permitted by law, over the implementation, enforcement, and performance of the Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and the Mitsubishi Electric Defendants. The Settlement Agreement shall be governed by and interpreted according to the substantive laws of the State of California without regard to its choice of law or conflict of laws principles.

11.    Without affecting the finality of the Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) any distribution to Class Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) hearing and determining applications by plaintiffs for attorneys' fees, costs, expenses, interest, and incentive awards; (d) the Action until the Final Judgment contemplated hereby have become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreement; (e) hearing and ruling on any matters relating to the Plan of Allocation of settlement proceeds; and (f) all parties to the Action and Releasors for the purpose of enforcing and administering the Settlement Agreement and the mutual releases and other documents contemplated by, or executed in connection with, the Settlement Agreement.

12. In the event that the settlement does not become effective in accordance with the terms of the Settlement Agreement, then the Judgment shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void and the parties shall be returned to their respective positions *ex ante*.

13. The Court finds determines under Rule 54(b) of the Federal Rules of Civil Procedure, that Final Judgment should be entered and further finds that there is no just reason for delay in the entry of Judgment, as Final Judgment, as to the parties to the Settlement Agreement. Accordingly, the Clerk is hereby directed to enter Judgment forthwith for the Mitsubishi Electric Defendants.

IT IS SO ORDERED.

Dated: _____      _____
                                  Hon. Jon S. Tigar
                                  United States District Judge