# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO THE MITSUBISHI ELECTRIC DEFENDANTS** |
| *Crago, d/b/a Dash Computers, Inc., et al. v. Mitsubishi Electric Corporation, et al.*, Case No. 14-CV-2058-JST. | |

1    This matter has come before the Court on the Direct Purchaser Plaintiffs' Motion to
Approve the settlement with defendants Mitsubishi Electric Corporation; Mitsubishi Electric US, Inc. (formerly known as Mitsubishi Electric & Electronics USA, Inc.); and Mitsubishi Electric Visual Solutions America, Inc. (formerly known as Mitsubishi Digital Electronics America, Inc.) (collectively, the "Mitsubishi Electric Defendants") set forth in the settlement agreement dated November 16, 2016 ("Settlement Agreement") relating to the above-captioned litigation. The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, has determined (1) that the settlement should be approved, and (2) that there is no just reason for delay of the entry of this Final Judgment with Prejudice as to the Mitsubishi Electric Defendants approving the Settlement Agreement. Accordingly, the Court directs entry of Judgment which shall constitute a final adjudication of this case on the merits as to the parties to the Settlement Agreement. Good cause appearing therefor, it is ORDERED, ADJUDGED AND DECREED THAT:

    1.   The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation and over the parties to the Settlement Agreement, including all members of the Class and the Mitsubishi Electric Defendants.

    2.   The definitions of terms set forth in the Settlement Agreement are incorporated hereby as though fully set forth in this Judgment.

    3.   The Court confirms and ratifies all provisions of its Order Granting Preliminary Approval of Class Action Settlement with Mitsubishi Electric Defendants, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 14-CV-2058-JST, 2017 WL 565003 (N.D. Cal. Feb. 13, 2017).

    4.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, after a hearing, the Court hereby finally approves and confirms the settlement set forth in the Settlement Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Class within the meaning of Rule 23, and directs its consummation according to its terms.

    5.   Those persons/entities identified on Exhibit D to the Declaration of Ross Murray re Dissemination of Litigated Class Notice to Class Members and Requests for Exclusion filed on January 21, 2016 (ECF No. 4330), who/which have submitted timely requests for exclusion have

validly requested exclusion from the Class and, therefore, are excluded. Such persons/entities are not included in or bound by this Final Judgment. Such persons/entities are not entitled to any recovery of the settlement proceeds obtained through this settlement.

6. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, the Court hereby dismisses on the merits and with prejudice this Action as to the Mitsubishi Electric Releasees against all Class Members and without costs other than those provided for in the Settlement Agreement.

7. All persons and entities who are Releasors are hereby barred and enjoined from commencing, prosecuting or continuing, either directly or indirectly, against the Mitsubishi Electric Releasees, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreement.

8. The Mitsubishi Electric Releasees are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasors had or have arising out of or related to any of the Released Claims as defined in the Settlement Agreement.

9. The Court hereby vacates all scheduling orders pertaining to the Action, including the trial date in this case.

10. The Proposed Order of Special Master Walker dated August 29, 2016 is vacated and is without any present or future force or effect.

11. All pending motions before the Special Master are stricken, including: Plaintiffs' Motion to Compel Supplemental Privilege Log, dated June 9, 2016; Plaintiffs' Motion to Compel Supplemental Responses to the Plaintiffs' Requests for Admission, dated July 27, 2016; and Plaintiffs' Motion to Quash the Notice of Deposition Upon Written Questions of C.C. Liu, dated July 26, 2016.

12. Neither the Settlement Agreement nor the Final Judgment, nor any and all negotiations, documents and discussions associated with them, shall be deemed or construed to be an admission by the Mitsubishi Electric Defendants (or the Mitsubishi Electric Releasees) or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by the

Mitsubishi Electric Defendants (or the Mitsubishi Electric Releasees), or of the truth of any of the claims or allegations contained in any complaint or any other pleading filed in the Action, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out the Settlement Agreement by any of the settling parties shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce the Settlement Agreement, or to defend against the assertion of Released Claims, or as otherwise required by law.

13. The United States District Court for the Northern District of California shall retain jurisdiction, which shall be exclusive to the extent permitted by law, over the implementation, enforcement, and performance of the Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and the Mitsubishi Electric Defendants. The Settlement Agreement shall be governed by and interpreted according to the substantive laws of the State of California without regard to its choice of law or conflict of laws principles.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) any distribution to Class Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund (c) hearing and determining applications by plaintiffs for attorneys' fees, costs, expenses, interest, and incentive awards; (d) the Action until the Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreement; (e) hearing and ruling on any matters relating to the plan of allocation of settlement proceeds; and (f) all parties to the Action and Releasors, for the purpose of enforcing and administering the Settlement Agreement and the mutual releases and other documents contemplated by, or executed in connection with the Settlement Agreement.

15. The Court determines under Rule 54(b) of the Federal Rules of Civil Procedure that this Final Judgment should be entered and further finds that there is no just reason for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the Settlement Agreement. Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

IT IS SO ORDERED.


Dated: _____          _____
                                       Hon. Jon S. Tigar
                                       United States District Judge