**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*ALL DIRECT PURCHASER ACTIONS* | Master File No. 07-CV-5944-JST<br><br>MDL No. 1917<br><br>**[PROPOSED] ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' APPLICATION FOR DEFAULT JUDGMENT BY THE COURT AGAINST THE IRICO DEFENDANTS**<br><br>Date:       September 12, 2017<br>Time:      2:00 p.m.<br>Judge:     Honorable Jon S. Tigar<br>Courtroom: 9 |

The Court, having reviewed Direct Purchaser Plaintiffs' Application for Default Judgment by the Court Against the Irico Defendants ("Application"), dated August 3, 2017, the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that:

1. The Application requests a default judgment against Defendants Irico Display Devices Co., Ltd. and Irico Group Corporation (the "Irico Defendants") in the amount of $2,484,916,104.46, or the $876,000,000 overcharge calculated by Direct Purchaser Plaintiffs' ("Plaintiffs") expert, trebled, minus the $212,200,000 settlements previously approved by the Court, plus $69,116,104.46 which represents the total fee and expense awards made by the Court .

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

3. The Court has personal jurisdiction over the Irico Defendants.

4. The Clerk previously entered the default of the Irico Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. 4727.

5. The factual allegations of Plaintiffs' Consolidated Amended Complaint, ECF No. 436, are taken as true, including as to the Irico Defendants' participation in a worldwide conspiracy to fix, raise, stabilize and maintain prices for Cathode Ray Tubes ("CRTs").

6. The direct purchaser class, as defined in the Court's order granting class certification, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 308 F.R.D. 606 (N.D. Cal. 2015), was overcharged in the amount of $876,000,000 during the class period.

7. Plaintiffs are entitled to treble damages under Section 4 of the Clayton Act. 15 U.S.C. § 15.

8. The Court has previously approved settlements totaling $212,200,000 for the benefit of the direct purchaser class. ECF Nos. 1412, 1508, 1621, 1791, 3931, 4260, 5168. The total class total class recovery to date equals 24% of single damages. ECF No. 5168 at 6 n.13.

9. In considering together all of the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986), the weight of evidence supports the entry of default judgment against the Irico Defendants in this matter.

Accordingly, it is hereby ORDERED and DECREED that:

10. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court hereby enters default judgment against the Irico Defendants and in favor of Plaintiffs in the amount of $2,484,916,104.46.

**IT IS SO ORDERED.**

Dated: _____      _____
                                             HONORABLE JON S. TIGAR
                                             UNITED STATES DISTRICT JUDGE