

Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street | Palo Alto, CA 94304-1115 | tel 650.233.4500 | fax 650.233.4545

August 8, 2017

<u>VIA ECF</u>

Honorable Jon S. Tigar
United States District Court
Northern District of California
Courtroom 9, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      ***Re:***    ***In Re: Cathode Ray Tube (CRT) Antitrust Litigation, Case No. 3:07-cv-05944-JST, MDL No. 1917***

Dear Judge Tigar:

I am a partner at the law firm Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") and while I have never worked on this matter, former colleagues at the firm were counsel for the Irico Defendants[1] more than seven years ago.

On June 24, 2010, the Court granted Pillsbury's motion to withdraw as counsel for the Irico Defendants as long as Pillsbury continued to forward pleadings to its former clients pending an appearance by new counsel.  ECF No. 732.  The Irico Defendants, however, never retained new counsel.

In June 2016, after six years of performing this clerical forwarding as directed by the Court, Pillsbury under my direction, filed another motion asking the Court to be relieved of all ongoing duties in this matter.  *See* ECF No. 4681.  That motion explained, among other things, that Pillsbury has not received any response from the Irico Defendants for many years and all of the lawyers who worked on the case had left or retired from the firm.  ECF No. 4681 at 1-2.

---

[1] Irico Display Devices Co., Ltd. and Irico Group Corporation are referred to collectively as the "Irico Defendants" or the "Irico Entities."

Honorable Jon S. Tigar
August 8, 2017
Page 2

After various objections were raised (including an opposition filed by the indirect purchaser plaintiffs *on behalf of both the direct and indirect purchaser plaintiffs*) and the Court issued orders instructing the plaintiffs to address certain default issues, the Court unambiguously granted Pillsbury's motion and terminated Pillsbury's forwarding obligation:

> "**On June 23, 2016, Pillsbury filed an administrative motion to terminate its obligation to forward pleadings to its former clients, the Irico Entities…The Court agrees that Pillsbury should no longer be required to forward pleadings in this case to its former clients.  Pillsbury's administrative motion is granted.**"

ECF No. 5003 (the "2016 Order") (emphasis added).

In light of the 2016 Order, I was quite surprised to receive an email attaching a motion by the Direct Purchaser Plaintiffs ("DPPs") which ***attempted to revive Pillsbury's obligation so that Pillsbury could now be responsible for forwarding default papers for a proposed multi-billion-dollar default judgment in a matter where we have not been counsel of record for seven years***.  *See* ECF No. 5183 (the DPPs' Application for Default Judgment by the Court Against the Irico Defendants).  According to the DPPs, Pillsbury "is required to accept service of papers and forward them to the Irico Defendants" under the Court's June 24, 2010 order.  ECF No. 5183 at 6:25-7:1 (citing ECF No. 732).

***Counsel for the DPPs also filed a proof of service, under penalty of perjury, representing that Pillsbury is actually "Counsel" for the Irico Defendants***.  ECF No. 5184 at Certificate of Service, page 1 and Service List, page 2.

These false and misleading statements violate the Court's 2016 Order and the Guidelines for Professional Conduct.

As our prior filings clearly state, Pillsbury has not represented the Irico Defendants for more than seven years and Pillsbury has no authority whatsoever to accept service of papers on their behalf.  Indeed, I have no basis to advise the Court as to whether the contact information we have is current and, as noted above, the lawyers who worked on this matter are no longer with the firm.  The contact information we do have for the Irico Defendants was provided to all parties as part of our motion filed more than a year ago.  *See* ECF No. 4682, Exhibit B; ECF No. 4686.

Because ensuring actual service is a fundamental issue in default proceedings, requiring Pillsbury to forward papers to a former client from which it has received no

Honorable Jon S. Tigar
August 8, 2017
Page 3

response for years fails to meet this legal requirement.  Plaintiffs' misguided tactics are particularly concerning where plaintiffs seek a two-billion-dollar judgment.

If the DPPs intend to seek a judgment against the Irico Defendants, it is their burden to do the work necessary to serve the Irico Defendants abroad.

In light of the Court's 2016 Order finding that "Pillsbury should no longer be required to forward pleadings in this case to its former clients" and granting Pillsbury's motion to terminate its forwarding obligation for all parties in this matter, we respectfully request that the Court confirm that Pillsbury has no further role or duty in this case.

Should the Court deem it necessary, Pillsbury is willing to submit further briefing on this issue upon request by the Court.


Respectfully Submitted,

Dianne L. Sweeney


Enclosures:  For the Court's convenience, we have attached the following documents previously filed in this matter:

1) ECF No. 5003 (2016 Order)
2) ECF No. 732 (2010 Order)
3) ECF No.  4681 (Pillsbury's Motion for Administrative Relief Under Civil Local Rule 7-11 to Terminate Pillsbury's Obligation to Forward Pleadings to its Former Clients)
4) ECF No. 4690 (Indirect Purchaser Plaintiffs' and Direct Purchaser Plaintiffs' Partial Opposition to Motion for Administrative Relief Under Civil Local Rule 7-11 to Terminate Pillsbury's Obligation to Forward Pleadings to its Former Clients)

# ATTACHMENT 1

# ECF No. 5003

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. C-07-5944 JST |
| This Order Relates To: | **ORDER** |
| ALL INDIRECT PURCHASER ACTIONS | |

On June 23, 2016, Pillsbury filed an administrative motion to terminate its obligation to forward pleadings to its former clients, the Irico Entities. ECF No. 4681. Although Pillsbury withdrew from representation of the Irico Entities six years ago, the Court had ordered Pillsbury to continue to forward pleadings to the Irico Entities. ECF No. 732. As of July 28, 2016, the Indirect Purchaser Plaintiffs no longer oppose Pillsbury's administrative motion, ECF No. 4734, since they have decided not to seek a default judgment against the Irico Entities.

The Court agrees that Pillsbury should no longer be required to forward pleadings in this case to its former clients. Pillsbury's administrative motion is granted.

IT IS SO ORDERED.

Dated: November 7, 2016

JON S. TIGAR
United States District Judge

# ATTACHMENT 2


# ECF No. 732

United States District Court

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) | Master File |
| | No. CV-07-5944 SC |
| ANTITRUST LITIGATION | |
| | MDL No. 1917 |
| | |
| This document relates to: | ORDER GRANTING |
| | PILLSBURY'S MOTION |
| ALL ACTIONS | FOR LEAVE TO WITHDRAW |

This matter comes before the Court on the motion of Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") for leave to withdraw as counsel for Irico Display Devices Co., Ltd., and Irico Group Corporation (collectively, "the Irico Entities"). Docket No. 729 ("Motion"). The Irico Entities requested that Pillsbury cease its representation of them in May 2009. Docket No. 730 ("Joseph R. Tiffany II Decl.") ¶ 1. Pillsbury states that, if the Court so directs, Pillsbury will continue to accept service of papers for the Irico Entities for forwarding purposes in accordance with Civil Local Rule 11-5(b) until substitute counsel appears on behalf of the Irico Entities. Mot. as 2.

While the Direct and Indirect Purchaser Plaintiffs have no objection to Pillsbury's withdrawal, they object to Pillsbury's proposed order, which does not contain the conditional language contained in Civil Local Rule 11-5(b). Docket No. 731 ("Pls.'

Objection") at 1.  Therefore, the Court clarifies that Pillsbury must continue to accept service of papers for the Irico Entities for forwarding purposes until substitute counsel appears on behalf of the Irico Entities.  Subject to this condition, Pillsbury's motion for leave to withdraw as counsel for the Irico Entities is GRANTED.

IT IS SO ORDERED.

Dated: June 24, 2010

_____
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

# ATTACHMENT 3

# ECF No. 4681

PILLSBURY WINTHROP SHAW PITTMAN LLP
DIANNE L. SWEENEY #187198
dianne@pillsburylaw.com
RYAN P. SELNESS #306369
ryan.selness@pillsburylaw.com
2550 Hanover Street
Palo Alto, CA 94304-1115
Telephone: (650) 233-4500
Facsimile: (650) 233-4545

Attorney for Non-Party
PILLSBURY WINTHROP SHAW PITTMAN LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.: 3:07-cv-05944-JST |
| | MDL NO. 1917 |
| This Document Relates to: | **MOTION FOR ADMINISTRATIVE RELIEF UNDER CIVIL LOCAL RULE 7-11 TO TERMINATE PILLSBURY'S OBLIGATION TO FORWARD PLEADINGS TO ITS FORMER CLIENTS** |
| ALL ACTIONS | |
| | Judge Jon S. Tigar |

On June 23, 2010, Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury"), then counsel of record for defendants Irico Display Devices Co., Ltd. and Irico Group Corporation (the "Irico Entities"), moved to withdraw as attorneys of record for said entities. On June 24, 2010, this Court granted Pillsbury's withdrawal motion subject to a temporary obligation: "Pillsbury must continue to accept service of papers for the Irico Entities *for forwarding purposes until substitute counsel appears on behalf of the Irico Entities*." Six years have now passed since that Order was issued, and Pillsbury remains subject to the forwarding obligation which over time has been burdensome and an unnecessary use of Pillsbury's resources.

For the reasons detailed below and pursuant to Civil Local Rule 7-11 of the United States District Court for the Northern District of California, Pillsbury respectfully requests that the Court terminate Pillsbury's obligation under the Order.

## PILLSBURY WAS TERMINATED AS COUNSEL OF RECORD IN 2010

On June 23, 2010, Pillsbury moved to withdraw as attorneys of record for the Irico Entities on the grounds that Pillsbury had ceased its representation of the Irico Entities. Motion for Leave to Withdraw of Pillsbury Winthrop Shaw Pittman LLP, Dkt. No. 729 ("Withdrawal Motion"). The Court granted the motion but, at the request of two other parties (specifically, the Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs), the Court conditioned Pillsbury's withdrawal on a temporary obligation: "Pillsbury must continue to accept service of papers for the Irico Entities for forwarding purposes until substitute counsel appears on behalf of the Irico Entities." Order Granting Pillsbury's Motion for Leave to Withdraw, Dkt. No. 732 ("Order"), at 1:25-2:4. The Court imposed this condition pursuant to Civil Local Rule 11-5(b).

After six years of forwarding service, Pillsbury has more than fulfilled the temporary transition duty contemplated by Civil Local Rule 11-5(b). *See* Declaration of Susan L. Macken in Support of Pillsbury's Motion for Administrative Relief ("Macken Decl."), ¶ 2; Declaration of Dianne L. Sweeney in Support of Pillsbury's Motion for Administrative Relief ("Sweeney Decl."), ¶ 3. Notwithstanding the significant passage of time, the Irico Entities remain without new counsel in this action.

1       Since September 30, 2014, Susan Macken has been the Pillsbury employee primarily

2  responsible for forwarding the papers (by email) to the Irico Entities.  Macken Decl., ¶ 2.  She

3  took over this responsibility when the previously responsible employee retired.  *Id.*  Within the

4  last year alone, Macken has forwarded more than 800 emails to the Irico Entities.  *Id.* at ¶ 3.

5  Notwithstanding the hundreds of emails that Macken has forwarded, she has never received a

6  confirmation of receipt or any other communication from the Irico Entities in response to her

7  forwards.  *Id*. at ¶ 2.

8       Moreover, there is no longer any contact between the Irico Entities and the Pillsbury

9  lawyers who were responsible for this case.  Indeed, over the last six years, the Pillsbury

10  attorneys who were involved in representing the Irico Entities have all either retired or ceased

11  working at Pillsbury.  Sweeney Decl., ¶ 2.

12       Whatever the future of the Irico Entities in this matter, Pillsbury should not be required to

13  continue to dedicate its time and resources to entities that have not been clients of the firm for six

14  years.

## PILLSBURY MET AND CONFERRED WITH THE OBJECTING PARTIES IN AN ATTEMPT TO AVOID A CONTESTED MOTION

17       In advance of filing this motion, Pillsbury met and conferred with the parties that objected

18  to the motion, the Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs ("Objecting

19  Parties").  The Objecting Parties would not stipulate to release Pillsbury from its forwarding

20  duties as they wanted Pillsbury to continue to forward documents to the Irico Entities to allow the

21  Objecting Parties time to obtain default judgments against the Irico Entities.  While the Objecting

22  Parties ultimately offered to limit Pillsbury's ongoing obligations to only certain documents

23  (identified by the Objecting Parties and related to the default), Pillsbury rejected this offer as

24  Pillsbury, as former counsel, has no authority to act for the Irico Entities and, as detailed above,

25  Pillsbury has no ongoing communications with its former clients and none of the lawyers who

26  had the relationship are still with the firm.  Additionally, Pillsbury has no desire to be involved in

27  any future dispute as to whether the forwarding of documents by former counsel can, in turn, be

28

-2-

1    deemed proper service of process years after the attorney-client relationship was terminated.

2                    **SERVICE OF THIS MOTION ON THE IRICO ENTITES**

3            As Pillsbury has no ongoing communication with the Irico Entities (other than the one-

4    way forwarding of the documents by Pillsbury), Pillsbury sent the motion papers, including the

5    proposed order, to the Irico Entities on June 10, 2016.  Sweeney Decl., ¶ 4; *see* Exhibit A to

6    Sweeney Decl. (letter sent by Pillsbury to the Irico Entities).  Pillsbury sent these documents to

7    the last known address of the Irico Entities via email and United States Postal Service air mail.

8    Sweeney Decl., ¶ 4.  As of the date of the Sweeney Declaration, Pillsbury has not received a

9    response.  *Id.*

10                          **GOOD CAUSE EXISTS**

11            **TO TERMINATE PILLSBURY'S FORWARDING OBLIGATION**

12           In light of the above, good cause exists for terminating Pillsbury's obligation under the

13   Order.  Substitute counsel still has not appeared for the Irico Entities and Pillsbury's emails are

14   met with silence.  There is no reasonable basis to continue to burden Pillsbury and its staff with

15   an obligation to send papers to a former client after six years.[1]

16           Given that the Irico Entities have neither obtained substitute counsel nor confirmed their

17   receipt of Pillsbury's emails for six years, the Court's termination of Pillsbury's obligation under

18   the Order will not result in any prejudice to the Irico Entities or any other litigant or any harm to

19   the administration of justice, and it will not cause any delay in the resolution of this case.  As part

20   of this motion, Pillsbury has provided the mailing and email addresses that Pillsbury has in this

21   matter (*see* proof of service filed herewith).  Any party to this action can use such information or,

22   given the passage of time, can undertake their own efforts to investigate how to best contact the

23   Irico Entities.

24   _____

25   [1] *See, e.g., Best Deals on TV, Inc. v. Naveed*, No. C 07-01610 SBA, 2008 WL 2477390, at *5
     (N.D. Cal. June 18, 2008) (limiting withdrawing counsel's obligation under Civil Local Rule
26   11-5(b) to "the next 45 days or until the [Clients] appear by other counsel or pro se"); *Applied
     Materials, Inc. v. Multimetrixs, LLC*, No. C06-07372 MHP, 2008 WL 2892453, at *10 (N.D.
27   Cal. July 22, 2008) (limiting withdrawing counsel's obligation under Civil Local Rule 11-5(b)
     by ordering former client to retain substitute counsel within 30 days).

28

After six years, the other parties to this action, including the Objecting Parties, should be held to be responsible to take whatever steps they believe are legally appropriate as to the Irico Entities. There is, however, no reasonable basis to continue to compel Pillsbury to have any role in this matter. The future of this action should be left in the hands of the current parties.

Accordingly, Pillsbury respectfully requests that it be released from the forwarding obligation that was imposed on Pillsbury in the June 24, 2010 Order.

Dated: June 23, 2016.


By /s/ Dianne L. Sweeney
Dianne L. Sweeney
Attorney for Non-Party
PILLSBURY WINTHROP SHAW PITTMAN LLP

# ATTACHMENT 4

# ECF No. 4690

Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT
LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

***Lead Counsel for the
Indirect Purchaser Plaintiffs***

Guido Saveri (22349)
R. Alexander Saveri (173102)
Cadio Zirpoli (179108)
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813
Email: guido@saveri.com;
rick@saveri.com; cadio@saveri.com

***Lead Counsel for the Direct
Purchaser Plaintiffs***

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST |
| | MDL No. 1917 |
| | **CLASS ACTION** |
| This Document Relates to:<br><br>All Indirect Purchaser Actions<br>All Direct Purchaser Actions | **INDIRECT PURCHASER PLAINTIFFS' AND DIRECT PURCHASER PLAINTIFFS' PARTIAL OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF UNDER CIVIL LOCAL RULE 7-11 TO TERMINATE PILLSBURY'S OBLIGATION TO FORWARD PLEADINGS TO ITS FORMER CLIENTS**<br><br>Hearing Date: None<br>Time: None<br>Judge: Honorable Jon S. Tigar<br>Court: Courtroom 9, 19th Floor |

1  Indirect Purchaser Plaintiffs ("IPPs") and Direct Purchaser Plaintiffs ("DPPs") (collectively

2  "Plaintiffs") hereby respond to, and partially oppose, the Administrative Motion for Relief Under

3  Civil Local Rule 7-11 to Terminate Pillsbury's Obligation to Forward Pleadings to its Former

4  Clients, ECF No. 4681 (the "Motion").

5  **I.    Introduction**

6  Pillsbury's Motion relies primarily on its claim that the Court's Order requiring it to accept

7  service on behalf of its former clients is highly burdensome. But as Pillsbury concedes, Plaintiffs

8  have proposed that Pillsbury only be required to accept service of any future default motions. This

9  proposal effectively eliminates any burden on Pillsbury while at the same time preserving Plaintiffs'

10  ability to seek a default judgment against Irico Display Devices Co., Ltd. and Irico Group

11  Corporation ("Irico" or the "Irico Defendants"). As further explained below, the difficulties of

12  serving Chinese corporations in China mean that granting Pillsbury's Motion would effectively

13  allow Irico to avoid the jurisdiction of this Court and escape liability for their involvement in the

14  CRT conspiracy. Thus, Plaintiffs respectfully request that the Court adopt their proposal and order

15  Pillsbury to accept service of their motions for default judgment on behalf of the Irico Defendants.

16  **II.    Factual Background**

17  The Irico Defendants were named as defendants by both the IPPs and DPPs at the outset of

18  this litigation in late 2007. They are Chinese companies and therefore had to be served in

19  accordance with the Hague Convention on the Service Abroad of Judicial and Extra-Judicial

20  Documents (the "Hague Convention"). This was an expensive and time consuming proposition for

21  Plaintiffs. It required hiring a third party service company, translating the pleadings and all other

22  documents required for service of process into Chinese, and many months of delay while the service

23  request made its way through diplomatic channels and local government authorities in China. DPPs

24  nevertheless undertook to serve Irico through the Hague Convention and were successful in doing

25  so. Irico appeared in the litigation through counsel on June 24, 2008. (ECF No. 308.)

26  On August 1, 2008, IPPs moved pursuant to Fed. Rule Civ. P. 4(f)(3) for an order permitting

27  them to serve Irico through its U.S. counsel, Pillsbury. (ECF No. 344.) The parties met and

28  conferred and Pillsbury agreed to accept service of process on behalf of Irico. (ECF No. 361.) The

1

1    Court later granted IPPs' motion as to those foreign defendants that did not agree to accept service.

2    (ECF No. 374.)

3            Following the oral proffer from defendant Chunghwa Picture Tubes, Ltd.—which confirmed

4    Irico's participation in the CRT conspiracy—Plaintiffs named the Irico entities as defendants in the

5    Consolidated Amended Complaints ("CAC's") filed on March 16, 2009.  (ECF Nos. 436 and 437.)

6    Irico moved to dismiss the CAC's, making a number of legal arguments, none of which included

7    failure to plead a plausible price-fixing conspiracy against Irico under *Bell Atlantic Corp. v.*

8    *Twombly,* 550 U.S. 544 (2007). (*See, e.g.,* ECF Nos. 479 and 485.)  Nor did the Irico Defendants

9    move to dismiss for lack of personal jurisdiction under Fed. Rule Civ. P. 12(b)(2).

10           After extensive briefing and a full day hearing before Special Master Charles A. Legge, the

11   Special Master recommended that the Court deny Irico's motions to dismiss Plaintiffs' CAC's.

12   (ECF No. 597.)  The Court approved and adopted the Special Master's recommendation on March

13   30, 2010. (ECF No. 665.)

14           Irico defaulted on their obligation to answer the DPPs' CAC.  Irico likewise failed to respond

15   to IPPs' Second Consolidated Amended Complaint.  In June 2010, Pillsbury filed a motion to

16   withdraw as counsel for Irico.  Pursuant to Civil Local Rule 11-5(b), the Court conditioned

17   Pillsbury's withdrawal upon it "continu[ing] *to accept service* of papers for the Irico Entities for

18   forwarding purposes *until substitute counsel appears on behalf of the Irico Entities.*" (ECF No. 732,

19   emphasis added.)[1]  Thereafter, the Irico Defendants disappeared from the case.  No substitute

20   counsel has contacted Plaintiffs or appeared on Irico's behalf, and they have not appeared *pro se.*

21           In May 2016, Pillsbury contacted Plaintiffs to request that they stipulate to Pillsbury's

22   administrative motion to terminate their obligation to serve the Irico Defendants.  Recognizing the

23   passage of time and the burden on Pillsbury,[2] while at the same time wishing to protect Plaintiffs'

24

25   _____

[1] Pillsbury mischaracterizes the Court's prior Order as a mere "forwarding obligation."  But the plain
26   language of the Court's Order requires Pillsbury "to accept service."

27   [2] While Plaintiffs acknowledge that there is some burden on Pillsbury associated with forwarding
     ECF filings to Irico, Plaintiffs dispute Pillsbury's characterization of that burden as "substantial."  It
     takes seconds to forward an email.  Moreover, contrary to Ms. Macken's claims, the litigation is
28   winding down—the IPPs have settled against all Defendants and are awaiting a ruling on final
     approval of their settlements, the DPPs are litigating against only one defendant, and only two DAP

ability to seek a default judgment against Irico, Plaintiffs' counsel agreed to substantially limit Pillsbury's service obligation to only those papers relating to a future motion for a default judgment against Irico. Pillsbury rejected this proposal and filed the instant motion.

## III.    Argument

### A.    Pillsbury's Minimal Burden is Outweighed by the Substantial Burden on Plaintiffs of Serving Irico in China

Pillsbury argues that it should be relieved of its obligation to serve the Irico Defendants primarily because it is burdensome. But Pillsbury's burden pales in comparison to the burden that will be imposed on Plaintiffs if the Court grants Pillsbury's motion. This is especially true given Plaintiffs' proposal that Pillsbury only be required to accept service of default papers for Irico.

The Irico Defendants are in default. Given the strong liability evidence Plaintiffs have developed against Irico, Plaintiffs intend to move for a default judgment against them. But Plaintiffs cannot move for a default judgment against the Irico Defendants until the conclusion of the litigation against the other Defendants. *See Stout St. Funding LLC v. Johnson*, 873 F. Supp. 2d 632, 649 (E.D. Pa. 2012) ("court may not enter a default judgment against one of several defendants when: (1) the theory of recovery rests of on joint liability . . . . *See Frow v. De La Vega,* 82 U.S. 552, 554 (1872) . . . . Thus, '[a]s a general rule then, when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted.' 10A Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 2690 (3d ed.1998).")

If the Court grants Pillsbury's motion, it will mean that Plaintiffs will have to serve their motions for a default judgment on Irico in China (*see* Fed. R. Civ. P. 55(b)), either through the Hague Convention or by some other means. Whatever the method of service, it will be a substantial burden requiring the hiring of a third party service provider and the translation of all papers into Chinese—all at significant cost. In addition, service through the Hague Convention takes at least four to six months, and indeed, in the experience of Plaintiffs' counsel, is often unsuccessful—

cases remain active against a small number of defendants—and ECF filings have fallen dramatically over the last six months.

IPPS' AND DPPS' PARTIAL OPPOSITION TO ADMIN. MOTION FOR RELIEF TO TERMINATE PILLSBURY'S OBLIGATION TO FORWARD PLEADINGS TO ITS FORMER CLIENTS - Master File No. CV-07-5944-JST

1   particularly in China.  There is also no guarantee that service will be effected through a process

2   server or by mail, since both methods are easily evaded by the intended recipient—a likely scenario

3   here given Irico's willful failure to respond to Plaintiffs' complaints.  Plaintiffs' burden is

4   compounded by the fact that they already spent a substantial amount of time and money on serving

5   Irico with process at the beginning of the case.  They should not be required to do so again.

6       In stark contrast, the burden on Pillsbury of being required to serve Irico with *only* Plaintiffs'

7   default papers is minimal.  It will necessitate only (1) a few clicks of the mouse to forward the

8   default papers to Irico's email address, and (2) confirmation of this should it become an issue.  These

9   simple tasks will require the attention of an administrative assistant for, at most, 30 minutes.  In light

10  of Plaintiffs' proposal, Ms. Macken's claim that she's had to spend 20 minutes *every day* forwarding

11  emails to Irico (a highly questionable claim given that the litigation is winding down and it takes

12  seconds to forward an email) is moot and need not be considered.

13      **B.  Pillsbury's Other Arguments In Favor of their Motion Lack Merit**

14      In addition to burden, Pillsbury argues that the Court should grant its motion because it (1)

15  has no authority to act for the Irico Defendants; (2) has no ongoing communications with Irico and

16  none of the lawyers who had the relationship are still with the firm; and (3) does not want to be

17  involved in any future dispute as to whether the forwarding of documents by former counsel can be

18  deemed proper service of process years after the attorney-client relationship was terminated.  All of

19  these arguments lack merit.

20      Pillsbury does not need any authority from Irico to act.  Irico appeared in this case and did

21  not challenge the jurisdiction of this Court.  Irico is also on notice that Pillsbury is required to

22  "continue to accept service of papers for the Irico Entities for forwarding purposes until substitute

23  counsel appears on behalf of the Irico Entities." (ECF No. 732.)  A Court Order will be more than

24  sufficient authority for Pillsbury to accept service of the default papers for forwarding purposes.

25      Likewise, it is of no consequence that none of the lawyers who had a relationship with Irico

26  are still with the firm, or that Pillsbury has not heard from Irico.  A Court Order will suffice to

27  overcome the lack of a continuing relationship between Pillsbury and Irico.  Moreover, Pillsbury

28  confirmed during the meet and confers that none of their emails to Irico have bounced back and they

4

have no other reason to believe that Irico is not receiving the emails. Thus, there is no due process concern here.

Finally, Pillsbury's concern that it will be drawn into a future dispute over whether Irico has been properly served with the default papers is unfounded. Assuming Irico appears and does not retain Pillsbury once again, there should be no reason for Pillsbury to become involved in any future dispute over service. Plaintiffs will rely upon the Court's Order authorizing Pillsbury "to accept service" for Irico for forwarding purposes and Pillsbury's confirmation that they served Irico in accordance with the Court's Order. Any dispute regarding service will hinge on the validity of the Court's Order and whether Irico received actual or constructive notice of the default motion, not on anything that Pillsbury did or did not do.

## IV. Conclusion

In sum, Plaintiffs' proposal to limit Pillsbury's obligation to accept service to only Plaintiffs' motions for a default judgment against Irico addresses Pillsbury's burden concerns while at the same time preserving Plaintiffs' ability to seek a default judgment against Irico. The minimal burden to Pillsbury of being required to accept service of the default motions is vastly outweighed by the burden to Plaintiffs of having to serve Irico through the Hague Convention, or worse, of not being able to get a default judgment due to an inability to serve Irico. The Court must not permit Irico to so easily avoid the jurisdiction of this Court.

Plaintiffs respectfully request that the Court order Pillsbury to accept service of Plaintiffs' motions for a default judgment on behalf of the Irico Defendants for forwarding purposes. A Proposed Order is submitted herewith.

Dated: June 27, 2016

Respectfully submitted,

 */s/ Mario N. Alioto*

Mario N. Alioto (56433)
malioto@tatp.com
Joseph M. Patane (72202)
jpatane@tatp.com
Lauren C. Capurro (241151)
laurenrussell@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123

5

Telephone: 415-563-7200
Facsimile: 415-346-0679

***Lead Counsel for Indirect Purchaser Plaintiffs***

Dated: June 27, 2016                    Respectfully submitted,

                                        */s/ R. Alexander Saveri*

                                        Guido Saveri (22349)
                                        R. Alexander Saveri (173102)
                                        Cadio Zirpoli (179108)
                                        SAVERI & SAVERI, INC.
                                        111 Pine Street, Suite 1700
                                        San Francisco, CA 94111
                                        Telephone: (415) 217-6810
                                        Facsimile: (415) 217-6813
                                        Email: guido@saveri.com;
                                        rick@saveri.com; cadio@saveri.com

                                        ***Lead Counsel for the Direct Purchaser Plaintiffs***

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates To: | **[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART PILLSBURY'S MOTION FOR ADMINISTRATIVE RELIEF UNDER CIVIL LOCAL RULE 7-11 TO TERMINATE PILLSBURY'S OBLIGATION TO FORWARD PLEADINGS TO ITS FORMER CLIENTS** |
| ALL ACTIONS | |

On June 23, 2016, non-party Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") filed a Motion for Administrative Relief Under Civil Local Rule 7-11 to Terminate Pillsbury's Obligations to Forward Pleadings to Its Former Clients (ECF No. 4681).

Having read and considered the papers filed and arguments made by counsel, and good cause appearing, IT IS HEREBY ORDERED that Pillsbury's Motion for Administrative Relief is GRANTED IN PART and DENIED IN PART.  Pillsbury's obligation to accept service of all papers for Irico Display Devices Co., Ltd. and Irico Group Corporation (the "Irico Entities") is terminated, except that Pillsbury must accept service for the Irico Entities of Direct Purchaser Plaintiffs' and Indirect Purchaser Plaintiffs' motions for a default judgment for forwarding purposes.

**IT IS SO ORDERED.**

Dated: _____

_____
Hon. Jon S. Tigar
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART PILLSBURY'S ADMINISTRATIVE MOTION TO TERMINATE ITS OBLIGATION TO FORWARD PLEADINGS TO ITS FORMER CLIENTS; Master File No. 07-CV-5944-JST