Guido Saveri (22349)
    guido@saveri.com
R. Alexander Saveri (173102)
    rick@saveri.com
Geoffrey C. Rushing (126910)
    grushing@saveri.com
Cadio Zirpoli (179108)
    cadio@saveri.com
Matthew D. Heaphy (227224)
    mheaphy@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST<br><br>MDL No. 1917<br><br>**DIRECT PURCHASER PLAINTIFFS' RESPONSE TO PILLSBURY WINTHROP SHAW PITTMAN LLP'S LETTER RE APPLICATION FOR DEFAULT JUDGMENT BY THE COURT AGAINST THE IRICO DEFENDANTS** |
| This Document Relates to:<br><br>*ALL DIRECT PURCHASER ACTIONS* | |

1    Direct Purchaser Plaintiffs' ("DPPs") respectfully submit this response to the letter sent to the Court by Dianne L. Sweeney of Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") on August 8, 2017. ECF No. 5185. Pillsbury contends that it has no obligation to forward DPPs' Application for Default Judgment by the Court Against Defendants Irico Display Devices Co., Ltd. and Irico Group Corporation (the "Irico Defendants"), ECF Nos. 5182-3, 5183, to its former client.

Pillsbury's assertion that the Court "unambiguously granted Pillsbury's motion and terminated Pillsbury's forwarding obligation," ECF No. 5185 at 2, is incorrect. There is no order relieving Pillsbury of its service obligations in the Direct Purchaser Actions.

The Court previously granted Pillsbury's motion to withdraw as counsel for the Irico Defendants but imposed an obligation to "continue to accept service of papers for the Irico Entities for forwarding purposes until substitute counsel appears on behalf of the Irico Entities." ECF No. 732 at 2. On June 23, 2016, Pillsbury filed an administrative motion to terminate that obligation. ECF No. 4681. On June 27, 2016, DPPs and Indirect Purchaser Plaintiffs ("IPPs") filed a joint partial opposition to Pillsbury's administrative motion. ECF No. 4690. IPPs subsequently withdrew their opposition to the administrative motion because they decided not to pursue a default judgment against the Irico Defendants. ECF No. 4734.[1] DPPs did not. On November 7, 2016, the Court issued an order in the IPP case "that Pillsbury should no longer be required to forward pleadings *in this case* to its former clients." ECF No. 5003 ("Order") (emphasis added). In addition, the caption to the Court's Order indicated that it was limited to the Indirect Purchaser Actions: "This Order Relates To: ALL INDIRECT PURCHASER ACTIONS." In other words, the Order did not relieve Pillsbury of its service obligations in the Direct Purchaser Actions imposed by the Court's previous order, ECF No. 732.

Moreover, the reasoning of the Court's November 7, 2016 Order confirms that it is limited to the Indirect Purchaser Actions. The only discussion in the Order relates to the IPPs, that "[a]s of July 28, 2016, the Indirect Purchaser Plaintiffs no longer oppose Pillsbury's administrative motion, ECF No. 4734, since they have decided not to seek a default judgment against the Irico Entities."

---

[1] The IPPs did not have authority to withdraw the objection on behalf of DPPs, nor did they purport to: "*IPPs* hereby withdraw . . . ." *Id.* (emphasis added).

1
DPPS' RESPONSE TO PILLSBURY WINTHROP SHAW PITTMAN LLP'S LETTER RE APPLICATION FOR DEFAULT JUDGMENT BY THE COURT AGAINST THE IRICO DEFENDANTS; Master File No. 07-CV-5944-JST

1   There is no mention at all of the DPPs' default judgment or anything related to the DPPs. It is clear
2   that the Court has not relieved Pillsbury of its service obligations in the Direct Purchaser Actions.
3      Furthermore, the burden on Pillsbury to forward a single filing to the Irico Defendants is
4   trivial. *See* ECF No. 4690 at 3–4. The forwarding of the DPPs' Application for Default Judgment
5   would require minimal effort, given that Pillsbury had an established practice of forwarding
6   pleadings to a known e-mail address. As Pillsbury noted in June 2016, in the previous year it had
7   "forwarded more than 800 emails to the Irico Entities." ECF No. 4681 at 2.[2]
8      Finally, Pillsbury also restates arguments from its 2016 administrative motion, ECF No.
9   4681 at 2–3, regarding 1) its lack of authority to act on behalf of the Irico Defendants; 2) its lack of
10  communications or relationship with the Irico Defendants; and 3) its concern about involvement in
11  a future dispute about service. ECF No. 5185 at 2–3. These arguments, addressed by DPPs and
12  IPPs in their joint partial opposition to the administrative motion, ECF No. 4690 at 4–5, lack merit.
13  These matters are not, however, at issue here. Again, the only question here is whether Pillsbury is
14  required to forward DPPs' Application for Default Judgment to its former client. Requiring
15  Pillsbury to do so would impose a minimal burden and would be the best way to give the Irico
16  Defendants notice of the Application, as required by Rule 55(b)(2) of the Federal Rules of Civil
17  Procedure.[3]
18      For the foregoing reasons, DPPs respectfully submit that the Court has not relieved
19  Pillsbury of its service obligations in the Direct Purchaser Actions.
20  / / /
21  / / /
22
23  [2] Pillsbury did not report that any e-mails were returned as undeliverable. *See id.*
24  [3] Pillsbury also accuses DPPs of "representing that Pillsbury is actually 'Counsel' for the Irico Defendants." ECF No. 5185 at 2. This is also incorrect. In the Application for Default Judgment, DPPs accurately described Pillsbury as "the Irico Defendants' former counsel of record." ECF Nos. 5182-3 at 6, 5183 at 6. Pillsbury was labeled as "counsel" in the Certificate of Service, ECF No. 5184, because the Court requires Pillsbury to "continue to accept service of papers for the Irico Entities for forwarding purposes until substitute counsel appears on behalf of the Irico Entities." ECF No. 732 (i.e., to serve as counsel for the purpose of service of process). Pillsbury does not take issue with DPPs' description of the procedural history of the Court's Order Granting Pillsbury's Motion for Leave to Withdraw.

| | | |
|---|---|---|
| 1 | Dated: August 11, 2017 | Respectfully submitted, |
| 2 | | /s/ *Guido Saveri* |
| 3 | | Guido Saveri (22349)<br>R. Alexander Saveri (173102) |
| 4 | | Geoffrey C. Rushing (126910)<br>Cadio Zirpoli (179108) |
| 5 | | Matthew D. Heaphy (227224)<br>SAVERI & SAVERI, INC. |
| 6 | | 706 Sansome Street<br>San Francisco, CA 94111 |
| 7 | | Telephone: (415) 217-6810<br>Facsimile: (415) 217-6813 |
| 8 | | *Lead Counsel for Direct Purchaser Plaintiffs* |