UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 <br> Case No. C-07-5944 JST |
| This Order Relates To: <br><br> ALL ACTIONS | **ORDER** |

On August 3, 2017, the Direct Purchaser Plaintiffs ("DPPs") filed a motion for entry of default judgment against the Irico Defendants. ECF No. 5183 (re-filed publicly at ECF No. 5191). The motion contains a section entitled "Notice," which states that "Plaintiffs will email unredacted copies of this filing to the Irico Defendants' former counsel of record, Dianne L. Sweeney of Pillsbury Winthrop Shaw Pittman, LLP[,] which is required to accept service of papers and forward them to the Irico Defendant." ECF No. 5191 at 10-11. On August 11, 2017, Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") filed an opposition to the motion. ECF No. 5185. Pillsbury objects to having any role in serving the DPPs' motion, and argues that the Court terminated Pillsbury's obligation to forward pleadings to the Irico Defendants. Id.

A brief overview of the relevant procedural history is necessary to resolve the service question. The DPPs served the complaint and summons on the Irico Defendants on June 3, 2008. ECF No. 336. Several weeks later, attorneys from Pillsbury entered appearances on behalf of the Irico Defendants. ECF No. 308. On May 18, 2009, the Irico Defendants joined a number of other Defendants in filing a motion to dismiss the then-operative complaint. ECF No. 479. The Court denied the motion in large part on March 30, 2010. ECF No. 665. On June 23, 2010, Pillsbury notified the Court that it had ceased its representation of the Irico Defendants, at their request.

1  ECF Nos. 729, 730.  The next day, the Court granted Pillsbury's motion to withdraw as counsel
2  for the Irico Defendants but required it to "continue to accept service of papers for the Irico
3  Entities for forwarding purposes until substitute counsel appears on behalf of the Irico Entities."
4  ECF No. 732.  On July 20, 2016, the Clerk entered the default of the Irico Defendants. ECF No.
5  4727.  No substitute counsel has appeared for the Irico Defendants.

6  On November 7, 2016, the Pillsbury firm filed an administrative motion asking that it "no
7  longer be required to forward pleadings in this case" to the Irico Defendants.  ECF No. 4681.  The
8  DPPs and Indirect Purchaser Plaintiffs ("IPPs") filed a response that proposed Pillsbury "only be
9  required to accept service of default papers for Irico."  ECF No. 4690.  A month later, the IPPs
10 filed a letter of non-opposition to Pillsbury's motion, stating they no longer planned to seek
11 default judgment against the Irico Defendants.  ECF No. 4734.  The DPPs did not withdraw their
12 opposition.  On November 7, 2016, the Court granted the motion as to the IPPs.  ECF No. 5003
13 (see case caption).

14 This procedural history makes clear that the Court's November 7, 2016 Order did not
15 relieve Pillsbury of its obligation to "accept service of papers for the Irico Entities" related to the
16 DPPs' case.  Nor will the Court relieve Pillsbury of that duty for purposes of this motion.  The
17 burden on Pillsbury from forwarding the default judgment motion is low, particularly compared
18 with the potential burden on DPPs from serving the motion papers on the Irico Defendants in
19 China.  Pillsbury's concerns about being drawn into a dispute over service are also unfounded,
20 because the DPPs have stated that, if such a dispute arises, they will only "rely upon the Court's
21 Order authorizing Pillsbury 'to accept service' for Irico for forwarding purposes and Pillsbury's
22 confirmation that they served Irico in accordance with the Court's Order." ECF No. 4690 at 6.
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

2

1      Accordingly, the Court orders Pillsbury to forward all documents related to the DPPs'
2 motion for default judgment to the Irico Defendants.  After the resolution of this motion, however,
3 the Court relieves Pillsbury of its forwarding obligation in *all* aspects of this MDL.  The hearing
4 on the motion for default judgment remains as scheduled.
5      IT IS SO ORDERED.
6 Dated:  August 15, 2017

	                                                          _____
	                                                                       JON S. TIGAR
	                                                               United States District Judge