DIANNE L. SWEENEY (SBN 187198)
dianne@pillsburylaw.com
RYAN SELNESS (SBN 306369)
ryan.selness@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
2550 Hanover Street
Palo Alto, CA 94304-1115
Telephone:     650.233.4500
Facsimile:     650.233.4545

Attorneys for Non-Party Pillsbury Winthrop
Shaw Pittman LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917<br><br>Case No. 07:cv-5944-JST<br><br><br>**NOTICE OF FORWARDING VIA EMAIL CERTAIN DEFAULT DOCUMENTS TO PILLSBURY'S FORMER CLIENTS, THE IRICO ENTITIES** |
| This filing relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | Judge:     The Honorable Jon S. Tigar |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that in compliance with the Court's August 15, 2017 Order (DE 5192) to "forward all documents related to the DPPs' motion for default judgment to the Irico Defendants," non-party Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") has forwarded the following documents to the email addresses listed in Pillsbury's records for its former clients Irico Display Devices Co., Ltd. and Irico Group Corporation (the "Irico Entities")[1]:

- DE 5185: Pillsbury's Letter Response to Direct Purchaser Plaintiffs' ["DPPs"] Application for Default Judgment by the Court Against the Irico Defendants;

---

[1] The email addresses listed in Pillsbury's records for the Irico Entities are rggao@ch.com.cn and taokui@ch.com.cn.  These email addresses were previously provided by Pillsbury in prior filings.

- DE 5186: Order;

- DE 5188: Direct Purchaser Plaintiffs' Response to Pillsbury Winthrop Shaw Pittman LLP's Letter Re Application for Default Judgment by the Court Against the Irico Defendants;

- DE 5191: Direct Purchaser Plaintiffs' Application for Default Judgment by the Court Against the Irico Defendants;

- DE 5191-1: Declaration of R. Alexander Saveri in Support of Direct Purchaser Plaintiffs' Application for Default Judgment by the Court Against the Irico Defendants;

- DE 5191-2: Exhibits A-P to the Declaration of R. Alexander Saveri in Support of Direct Purchaser Plaintiffs' Application for Default Judgment by the Court Against the Irico Defendants;

- DE 5191-3: [Proposed] Order Granting Direct Purchaser Plaintiffs' Application for Default Judgment by the Court Against the Irico Defendants;

- DE 5192: Order; and

- DE 5196: Order.

**No Representation of Actual Receipt**:  In filing this notice, Pillsbury is not making any representation as to whether the Irico Entities have actually received any communications sent to these email addresses.  We do confirm that the emails have not bounced back from either email address.  In an abundance of caution, Pillsbury has also forwarded the above documents by mail to the following addresses (which are based on information in Pillsbury's records):

| | |
|---|---|
| Irico Group Corporation | Irico Display Devices Co., Ltd. |
| 1 Caihong Road, Xianyang | 1 Caihong Road, Xianyang |
| 712000 Shaanxi | 712000 Shaanxi |
| China | China |

Such mailings were deposited for mailing at Pillsbury's office in Palo Alto, California on Tuesday, August 29, 2017.  Pillsbury makes no representation as to whether the Irico Entities receive any communications sent to these addresses, but can confirm that mail sent by Pillsbury

1   to these addresses previously was not returned to Pillsbury.

2   **Future Forwarding**:  As directed by the Court, Pillsbury will forward any reply papers

3   filed by the DPPs as well as this Court's order on the DPPs' motion for default judgment to the

4   above two email addresses.

5   **No Representation of Service**:  As previously stated, given that Pillsbury has not

6   represented the Irico Entities in any capacity for more than seven years, Pillsbury does not have

7   authority to accept service of any filing in this action on behalf of the Irico Entities.  Pillsbury

8   has, however, forwarded the above-listed documents via email to rggao@ch.com.cn and

9   taokui@ch.com.cn as directed by the Court.

10  **DPPs to File a Proof of Service**:  Shortly after the Court issued its August 22, 2017

11  order noting that "[t]he DPPs have not yet filed a proof of service on the docket", counsel for the

12  DPPs asked Pillsbury to file a proof of service for the DPPs' default-judgment papers.

13  The DPPs' request is inconsistent with their own default-judgment motion which

14  specifies that "*Plaintiffs will file a proof of service*" (DE 5191 at 7:1-2 (emphasis added)) as

15  well as the Court's August 22, 2017 order which directs Pillsbury to "forward" the DPPs' motion

16  for default judgment to the Irico Defendants" and notes that "*DPPs have not yet filed a proof of*

17  *service* . . ."  DE 5196 (emphasis added); *see also* DE 5192 at 3:1-2 ("Accordingly, the Court

18  orders Pillsbury to forward all documents related to the DPPs' motion for default judgment to the

19  Irico Defendants.").

20  The DPPs' request is also inconsistent with their opposition to Pillsbury's request to be

21  relieved from its forwarding obligations.  The DPPs asserted that in "stark contrast" to the

22  burden on the Plaintiffs to effect service of the default papers in China:

23          . . . the burden on Pillsbury of being required to serve Irico with only Plaintiffs' default

24      papers is minimal.  *It will necessitate only (1) a few clicks of the mouse to forward the*
        *default papers* to Irico's email address *and (2) confirmation of this should it become an*

25      *issue*.  (DE 4690 at 4:7-8) (emphasis added).

26  Pillsbury has now complied with this Court's order and, in turn, met the DPPs' two

27  requirements.

28  Additionally, it is improper to ask Pillsbury to undertake legal analysis to determine

-3-

1   whether the forwarding of pleadings to its former clients is legally sufficient to effect "service"

2   of a proposed $2.4B default judgment in favor of the DPPs and against its former clients.  That is

3   a legal issue for the DPPs and the Irico Entities (should they appear) to address and present to the

4   Court.  It is not an issue for former counsel to the Irico Entities.[2]  As detailed in the attached

5   notice, Pillsbury has now forwarded the documents as directed so the DPPs have that factual

6   confirmation and are free to address whether that forwarding constitutes effective service.

7          As former counsel for the Irico Entities, Pillsbury has worked in good faith to comply

8   with the Court's orders and has now provided confirmation of the same so that the litigants in

9   this matter and the Court can apply the law to the factual foundation provided.

10

11  Dated: August 29, 2017.                     Respectfully submitted,

12

13                                              PILLSBURY WINTHROP SHAW
                                                PITTMAN LLP
14
                                                /s/ *Dianne L. Sweeney*
15                                      By:      DIANNE L. SWEENEY
                                                RYAN SELNESS
16                                              Attorneys for Non-Party Pillsbury Winthrop
                                                Shaw Pittman LLP
17

18

19

20

21

22

23

24

25

26

27  [2] It should be noted that while the DPPs have asserted that Pillsbury need not be concerned about
       being drawn into future disputes over the validity of service of a $2.4B proposed default
28     judgment because the DPPs will only rely on the Court's order, that disclaimer has no impact
       on any future objections by the Irico Entities.

-4-

CONFIRMATION OF FORWARDING PER COURT'S ORDER

I am employed in the City of Palo Alto, State of California, which is where forwarding of the documents referred to below occurred.  I am over the age of eighteen years, and not a party to this action.  My business address is Pillsbury Winthrop Shaw Pittman LLP, 2550 Hanover Street, Palo Alto, California  94304.  On or before August 29, 2017, the document(s) titled:

**DE 5185: PILLSBURY'S LETTER RESPONSE TO DIRECT PURCHASER PLAINTIFFS' APPLICATION FOR DEFAULT JUDGMENT BY THE COURT AGAINST THE IRICO DEFENDANTS**

**DE 5186: ORDER**

**DE 5188: DIRECT PURCHASER PLAINTIFFS' RESPONSE TO PILLSBURY WINTHROP SHAW PITTMAN LLP'S LETTER RE APPLICATION FOR DEFAULT JUDGMENT BY THE COURT AGAINST THE IRICO DEFENDANTS**

**DE 5191: DIRECT PURCHASER PLAINTIFFS' APPLICATION FOR DEFAULT JUDGMENT BY THE COURT AGAINST THE IRICO DEFENDANTS**

**DE 5191-1: DECLARATION OF R. ALEXANDER SAVERI IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' APPLICATION FOR DEFAULT JUDGMENT BY THE COURT AGAINST THE IRICO DEFENDANTS**

**DE 5191-2: EXHIBITS A-P TO THE DECLARATION OF R. ALEXANDER SAVERI IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' APPLICATION FOR DEFAULT JUDGMENT BY THE COURT AGAINST THE IRICO DEFENDANTS**

**DE 5191-3: [PROPOSED] ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' APPLICATION FOR DEFAULT JUDGMENT BY THE COURT AGAINST THE IRICO DEFENDANTS**

**DE 5192: ORDER**

**DE 5196: ORDER**

were forwarded to the parties in this action as follows:

Irico Group Corporation
1 Caihong Road, Xianyang
712000 Shaanxi
China
Email:  rggao@ch.com.cn
          taokui@ch.com.cn

Irico Display Devices Co., Ltd.
1 Caihong Road, Xianyang
712000 Shaanxi
China
Email:  rggao@ch.com.cn
          taokui@ch.com.cn

Case No. 07-cv-5944-JST

Notice of Forwarding
4842-8148-2317.v3

1     ☒     **(BY MAIL)** I caused each envelope, with postage thereon fully prepaid, to be placed in
           the United States mail at Palo Alto, CA.  I am readily familiar with the practice of
2          Pillsbury Winthrop Shaw Pittman LLP for collection and processing of correspondence
           for mailing, said practice being that in the ordinary course of business, mail is deposited
3          in the United States Postal Service the same day as it is placed for collection.

4     ☒     **(BY EMAIL TRANSMISSION)** The above-referenced document was transmitted via
           electronic transmission to the persons at the electronic-email addresses indicated above.
5

6   No response of any kind, including bounce backs, was received from Irico Group Corporation or

7   Irico Display Devices Co., Ltd.  I declare under penalty of perjury that the foregoing is true and

8   correct.  Executed this 29th day of August, 2017, at Palo Alto, California.

9

10                                            Ryan Selness

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-