Guido Saveri (22349)
    *guido@saveri.com*
R. Alexander Saveri (173102)
    *rick@saveri.com*
Geoffrey C. Rushing (126910)
    *grushing@saveri.com*
Cadio Zirpoli (179108)
    *cadio@saveri.com*
Matthew D. Heaphy (227224)
    *mheaphy@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **DIRECT PURCHASER PLAINTIFFS' REPLY IN SUPPORT OF APPLICATION FOR DEFAULT JUDGMENT BY THE COURT AGAINST THE IRICO DEFENDANTS** |
| *ALL DIRECT PURCHASER ACTIONS* | |
| | Date:        January 11, 2018<br>Time:        2:00 p.m.<br>Judge:       Honorable Jon S. Tigar<br>Courtroom: 9 |

1

**ISSUES TO BE DECIDED**

2

    1.      Whether adequate notice of Plaintiffs' Application for Default Judgment by the

3

Court was provided to the Irico Defendants.

4

    2.      Whether Plaintiffs' Application for Default Judgment by the Court is moot.

5

    3.      Whether the Court should enter default judgment in the amount of

6

$2,484,916,104.46 against the Irico Defendants.

7

**MEMORANDUM OF POINTS AND AUTHORITIES**

8

**I.**      **INTRODUCTION**

9

      Direct Purchaser Plaintiffs ("Plaintiffs") respectfully submit this Reply in Support of

10

Application for Default Judgment by the Court Against Defendants Irico Group Corporation

11

("Group") and Irico Display Devices Co., Ltd. ("Display") (together "Irico Defendants" or "Irico").

12

      The Irico Defendants provide no reason for the Court to decline to enter the default

13

judgment Plaintiffs' seek. Although the Irico Defendants have now "reappeared" after a seven year

14

absence, the basic facts that should determine this motion are unchanged: The Irico Defendants

15

appeared and litigated aggressively against Plaintiffs. After their motion to dismiss failed, they

16

made a calculated decision not to defend the case. They withdrew without filing an answer, and

17

ignored Plaintiffs' discovery requests. They knew (or should have known) that a large default

18

judgment would be the natural and inevitable result of their actions. If the Court does not enter

19

such a judgment, it will reward the Irico Defendants for their bad faith conduct, and will encourage

20

other defendants to follow similar strategies.

21

      The Irico Defendants have filed a motion to set aside the default entered against them on

22

the grounds that 1) they are immune from suit under the Foreign Sovereign Immunities Act of

23

1976, 28 U.S.C. §§ 1602–11 ("FSIA"); and 2) "good cause" requires the Court to vacate the default

24

pursuant to Federal Rule of Civil Procedure 55(c). ECF No. 5215. As explained in Plaintiffs'

25

Opposition to the Irico Defendants' Motion to Set Aside Default, ECF No. 5221 ("Set Aside

26

Opposition" or "Set Aside Opp."), filed concurrently herewith, Irico's arguments in support of their

27

motion lack merit.

28

1

1    The Court's consideration of Plaintiffs' Application for Default Judgment, ECF No. 5191

2    ("Application" or "App.") depends on the resolution of the Motion to Set Aside Default. As the

3    Irico Defendants note, if the Court determines that they are immune from suit under the FSIA or

4    sets aside the default, then this Application is moot.

5    If the Court denies Irico's Motion to Set Aside Default, it is plain that the Court should take

6    the next step in the default process by entering a default judgment against the Irico Defendants in

7    the amount of $2,484,916,104.46, or such other amount as the Court finds reasonable in light of the

8    evidence.

9    If the Court determines that it requires further evidence or legal argument, Plaintiffs

10   respectfully request that they be allowed to provide it for the Court's consideration.

11   **II.    ARGUMENT**

12       **A.    Notice of Hearing Was Properly Provided to the Irico Defendants**

13   Plaintiffs, along with the Irico Defendants' former counsel, Pillsbury Winthrop Shaw

14   Pittman LLP, provided notice of the Application to the Irico Defendants in accordance with Rule

15   55(b)(2) of the Federal Rules of Civil Procedure. *See* ECF Nos. 5198, 5199. Irico does not dispute

16   that it received notice in accordance with Rule 55(b)(2).

17       **B.    "Extreme Circumstances" Is Not A Requirement For Entry of a Default
18            Judgment**

19   The Irico Defendants err when they assert that Plaintiffs must make a showing of "extreme

20   circumstances" to obtain a default judgment. As the Ninth Circuit made clear in *U.S. v. Aguilar*,

21   782 F.3d 1101, 1106 (9th Cir. 2015), there is no such requirement. The *Aguilar* court explained

22   that while Court's have used this language when discussing the three *Falk* factors relevant to

23   determine whether good cause exists to set aside a default under Rule 55(c), it does not create an

24   additional requirement. *Id.* at 1106–07.[1] As the Court stated: "nothing in *Falk* (or any other

---

[1] The three factors are: "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *Id.* at 1105 (citing *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010)). They are sometimes called the *Falk* factors after the case in which they were first articulated. *Id.*

published decision) requires courts, in addition to applying these three factors, to articulate why a particular case presents 'extreme circumstances.'" *Aguilar*, 782 F.3d at 1106.

### C.   Plaintiffs Have Met Their Burden of Proof Even if the FSIA Applies

As the Irico Defendants note, the FSIA specifies that a plaintiff seeking a default judgment against a foreign sovereign within its protection must establish its "claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e). If the Court finds that Group or Display is an agency or instrumentality of a foreign state that is subject to suit pursuant to the waiver or commercial activity exceptions, then this provision would apply. *See* Set Aside Opp. at 14–17. If not, then it is inapplicable.

The question of whether section 1608(e) applies or not, however, will have no practical effect here. Plaintiffs have submitted sufficient evidence even if the FSIA applies. As Irico notes, section 1608(e) requires only that a Plaintiff "make out a prima facie case." *Moore v. United Kingdom*, 384 F.3d 1079, 1090 (9th Cir. 2004). The evidence before the Court easily satisfies this requirement.

The elements of Plaintiffs' claim are well-established: 1) Plaintiffs must prove that the Irico Defendants joined a conspiracy to fix CRT prices; 2) Plaintiffs must prove that they were harmed as a result of the conspiracy; and 3) Plaintiffs must prove their damages caused by the antitrust violations. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 308 F.R.D. 606, 620 (N.D. Cal. 2015) ("Class Certification Order"). Plaintiffs have easily made out a prima facie case as to each element.

First, as explained in the Application as well as the Set Aside Opposition, Plaintiffs have presented overwhelming evidence of the global CRT conspiracy. The evidence includes testimony of executives of the ACPERA applicant Chunghwa Picture Tubes, the guilty plea of Defendant Samsung SDI, hundreds of meeting notes documenting in detail the conspiracy meetings, and comprehensive expert analysis of the conspiracy's operations and effects. App. at 7–11; Set Aside Opp. at 3–4, 23–25. As explained in the Set Aside Opposition, Irico does not meaningfully dispute that evidence.

Similarly, there is overwhelming evidence that Irico joined the conspiracy. Irico attended over 70 conspiracy meetings spanning the class period. Detailed notes taken by other conspirators

3

1     show that Irico's participation in the conspiracy included agreements regarding pricing and

2     production of CRTs, and disclosure of confidential pricing, sales and production information. App.

3     at 9–11; Set Aside Opp. at 3–4, 23–25. Irico's arguments that this evidence is insufficient to

4     establish their liability lack merit. As explained in the Set Aside Opposition, Irico does not deny

5     attendance at the meetings or take issue with the accuracy of the meeting notes. Set Aside Opp. at

6     3–4, 23–25.

7         Second, Plaintiffs have presented powerful evidence that the conspiracy harmed Plaintiffs

8     and class members. As explained in the Application, both Dr. Leitzinger and Dr. Marx studied this

9     question and concluded that the conspiracy caused class-wide harm. Application at 9. In addition,

10    meeting notes and deposition testimony show that the conspirators believed that the conspiracy

11    successfully raised prices. *See* Marx Rep., ECF No. 5191-2, Ex. A ¶ 121. As with the liability

12    evidence, the Irico Defendants do not take meaningful issue with this evidence. Their assertion that

13    Dr. Marx's and Dr. Leitzinger's reports have been attacked by other parties in the case is

14    overstated. No other party has submitted an expert report analyzing their work. *See* Class

15    Certification Order, 308 F.R.D. at 621. And while the Mitsubishi Defendants criticized his work in

16    their opposition to class certification, the Court relied on Dr. Leitzinger's work to certify the class.

17    *See* Class Certification Order, 308 F.R.D. at 627–28.

18        Third, Plaintiffs have presented Dr. Leitzinger's damage study. Again, the Court relied on

19    Dr. Leitzinger's work to certify the class herein. As the Court stated in the Class Certification

20    Order:

21          Dr. Leitzinger's report is supported by both documentary facts and industry data, his
           approach to determining whether Mitsubishi was part of the conspiracy or sold CRT
22          products in connection therewith is based on factual review of evidence produced by DPPs
           in discovery, and his use of regression and correlation analysis is well established as a
23          means of providing classwide proof of antitrust injury and damages.

24    *Id.* at 629. Again, Irico offers no meaningful criticism of Dr. Leitzinger's work.

25        This evidence easily satisfies Plaintiffs' burden. Plaintiffs can submit further evidence if the

26    Court desires.

27

28

1

**D.     The *Eitel* Factors Favor Entry of Default Judgment**

2

In the Ninth Circuit, "default judgment is a 'two-step process,' which consists of: (1)

3

seeking the clerk's entry of default, and (2) filing a motion for entry of default judgment." *Elec.*

4

*Frontier Found. v. Global Equity Mgmt. (SA) Pty Ltd.*, Case No. 17-cv-02053-JST, 2017 WL

5

5525835, at *10 (N.D. Cal. Nov. 17, 2017) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir.

6

1986)).

7

The factors set forth in *Eitel* continue to support entry of the default judgment Plaintiffs

8

seek. *Eitel*, 782 F.2d at 1471–72. Most overlap substantially with the *Falk* factors the Court has

9

considered with regard to the Irico Defendants' motion to set aside the default.

10

**1.     Prejudice to Plaintiffs**

11

This factor weighs strongly in favor of the entry of a default judgment. As explained in the

12

Set Aside Opposition, Plaintiffs, absent a default judgment, will suffer prejudice in the form of

13

"loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion."

14

*Mission Trading Co., Inc. v. Lewis*, Case No. 16-cv-01110-JST, 2016 WL 4268667, at *2 (N.D.

15

Cal. Aug. 15, 2016) (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F. 3d 691, 701 (9th Cir.

16

2001)). Set Aside Opp. at 19–21. Among other things, Plaintiffs have been forced to litigate for

17

seven years without the benefit of meaningful discovery from Irico. *Id.* There is little doubt that

18

evidence in Irico's possession has been lost or destroyed, that witnesses have become unavailable,

19

and that memories have faded. *Id.* Irico makes no attempt to show that this prejudice can be cured.

20

**2.     Merits of Claims and Sufficiency of Complaint**

21

The second and third factors also weigh in favor of a default judgment.

22

As noted in the Application, the sufficiency of the complaint has been tested in the action

23

by Irico and the other defendants, and upheld by the Court. App. at 7–8. The third factor therefore

24

plainly weighs in favor of a default judgment, and Irico does not argue otherwise.

25

As for the merits of Plaintiffs claims, Plaintiffs have explained that they are supported by

26

overwhelming evidence. App. at 7–11; Set Aside Opp. at 3–4, 23–25. Irico simply repeats its

27

arguments from its Motion to Set Aside Default. Plaintiffs explain why these arguments do not

28

meaningfully address the evidence and therefore lack merit in the Set Aside Opposition. Set Aside

5

Opp. at 23–25. *See also supra* Part C; App. at 7–11. This factor also strongly favors the entry of a default judgment.

### 3.      Sum at Stake

This factor also weighs in favor of a default judgment.

First, as Plaintiffs explained in the Application, many courts have entered large default judgments. The Irico Defendants' cannot deny the magnitude of those judgments. Their complaints that they are not as large as the judgment Plaintiffs' seek are unavailing. As noted in the Application, the reason the amount sought is large is because the harm caused by the wrongful acts of the Irico Defendants and their co-conspirators was large.

Second, as explained in the Application, the cases in which this factor weighs against a default judgment often involve significant doubts about the fairness of the judgment. Here by contrast, the evidence demonstrating the Irico Defendants' liability is overwhelming. In addition, sophisticated defendants like the Irico Defendants, who appeared in the case, litigated aggressively through experienced counsel, and then intentionally withdrew without answering the complaint cannot complain of procedural unfairness. These facts distinguish this case from cases like *Eitel.* App. at 11–12.

The cases relied upon by Irico are not to the contrary. In *Helton v. Factor 5, Inc.,* Case No: C 10-04927 SBA, 2013 WL 5111861 (N.D. Cal. Sept. 12, 2013), the dispositive issue was that the motion was premature because the plaintiffs' case against other defendants alleged to be jointly liable had not been resolved. *Id.* at *3. But while the Court held that the amounts of money at stake weighed against the entry of a default judgment, its reason for so holding was that "they are unreasonably large to award based on the scant information provided." *Id.* at *5. In other words, the evidence did not support the award sought. Similarly, in *Kaur v. Singh,* No. 2:13-cv-89-KJM-EFB, 2015 WL 5330294 (E.D. Cal. Sept. 10, 2015), while the Court found that the size of the proposed award weighed against the plaintiffs, *id.* at *4, it also found that the plaintiffs had failed to show they were entitled to any relief. *Id.* at *3. In *Lasheen v. Loomis Co.,* No. 2:01-cv-0227-LKK-EFB, 2013 WL 1178209 (E.D. Cal. Mar. 21, 2013), the court recommended entry of a default judgment, despite finding that the amount in controversy weighed against it. *Id.* at *8, *12.

1  Third, Plaintiffs must prove their damages to the Court's satisfaction. This also undermines

2  the Irico Defendants' assertions that the default judgment Plaintiffs seek would be unfair because

3  any judgment will be grounded in the evidence.

4  ### 4.  Possibility of Dispute of Material Facts

5  Under the fifth *Eitel* factor, "courts examine whether, if defendants appeared, they would be

6  able to dispute material facts." *Elec. Frontier Found.*, 2017 WL 5525835, at *16. This factor also

7  weighs in favor of a default judgment.

8  While the Irico Defendants have "re-appeared" since Plaintiffs' Application, their assertion

9  that they would be able to dispute the facts at issue lacks substance. They submit no evidence in

10  support of their claim, nor, as explained in the Set Aside Opposition, do they meaningfully address

11  the overwhelming evidence presented by Plaintiffs. Set Aside Opp. at 23–25. Their argument

12  amounts to no more than a meaningless "general denial." The Irico Defendants do not deny

13  attendance at the conspiratorial meetings, dispute the content of their co-conspirators' notes, or

14  offer an innocent explanation for their actions. *Id.* at 24.

15  Furthermore, the Irico Defendants' assertion that there is insufficient evidence against them

16  is a cynical one in light of their refusal to comply with their discovery obligations and highlights

17  the prejudice their conduct has caused Plaintiffs. There is no doubt that the Irico Defendants are (or

18  were) in possession of a large body of evidence relating to their participation in the conspiracy that

19  Plaintiffs have been unable to obtain. For example, it is practically certain that the Irico executives

20  who attended the conspiratorial meetings communicated with other Irico personnel about them,

21  however, the Irico Defendants have produced no such documents to Plaintiffs. ECF No. 5221-1

22  ¶ 5. The Court should not permit the Irico Defendants to argue that Plaintiffs' evidence is

23  insufficient where they have willfully and culpably withheld evidence.

24  ### 5.  Excusable Neglect

25  The sixth *Eitel* factor weighs heavily in favor of the entry of a default judgment in cases

26  where, as here, a defendant is served, appears in the action but fails to answer the complaint and

27  withdraws from the proceeding. *See, e.g., PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172,

28  1177 (C.D. Cal. 2002) ("Given Defendant's early participation in the matter, the possibility of

7

1  excusable neglect is remote."); *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061

2  (N.D. Cal. 2010) ("Defendants were clearly aware of the pending litigation. Consequently, it is

3  unlikely Defendants' failure to appear and litigate this matter was based on excusable neglect.").

4      Furthermore, as explained in the Set Aside Opposition, the Irico Defendants' assertion that

5  their conduct was not culpable fails both because their claimed belief in the protection of the FSIA

6  is against the weight of the evidence, and because the Irico Defendants' abandonment of the case,

7  regardless of the reason, was calculated to disadvantage Plaintiffs in the litigation. Set Aside Opp.,

8  21–23.

9              **6.       Policy Favoring Decisions on the Merits**

10     Although the final *Eitel* factor generally favors resolution on the merits and disfavors

11  default judgments, "where a defendant's failure to appear 'makes a decision on the merits

12  impracticable, if not impossible,' entry of default judgment is nonetheless warranted." *Elec.*

13  *Frontier Found.*, 2017 WL 5525835, at *17 (quoting *Craigslist*, 694 F. Supp. 2d at 1061). Here, as

14  explained in the Set Aside Opposition, the Irico Defendants' conduct has caused Plaintiffs

15  substantial harm which cannot be remedied. Set Aside Opp. at 21–23. Among other things,

16  important evidence has likely been lost, and Plaintiffs have lost the opportunity to develop

17  evidence that the Irico Defendants have withheld when discovery was ongoing against the other

18  Defendants. *Id.* For this reason, Plaintiffs will be handicapped in any further litigation against the

19  Irico Defendants and there is a risk the ultimate decision will not truly be "on the merits." This

20  factor, therefore, also favors the entry of a default judgment.

21              **7.       Balancing the Factors**

22     In sum, despite the Irico Defendants' reappearance since the filing of the Application, the

23  *Eitel* factors weigh strongly in favor of entry of a default judgment. Furthermore, even if the Court

24  considers that the fourth factor (size of judgment) and seventh factor (policy favoring decisions on

25  the merits) weigh against the entry of judgment, the weight accorded to each should be slight, and

26  they are substantially outweighed by the other factors.

27

28

1   **III.   CONCLUSION**

2          For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs'

3   Application for Default Judgment by the Court Against the Irico Defendants in the amount of

4   $2,484,916,104.46, or such other amount as the Court deems the evidence requires.

5          Alternatively, Plaintiffs are prepared to provide any further information in connection with

6   the January 11, 2018 hearing, or any other hearing or proceeding the Court requires.

7   Dated: December 7, 2017                              Respectfully submitted,

8

9                                                        /s/ *Guido Saveri*
                                                         Guido Saveri (22349)

10                                                       R. Alexander Saveri (173102)
                                                         Geoffrey C. Rushing (126910)

11                                                       Cadio Zirpoli (179108)
                                                         Matthew D. Heaphy (227224)

12                                                       SAVERI & SAVERI, INC.
                                                         706 Sansome Street

13                                                       San Francisco, CA 94111
                                                         Telephone: (415) 217-6810

14                                                       Facsimile: (415) 217-6813

15                                                       *Lead Counsel for Direct Purchaser Plaintiffs*

16                                                       Joseph W. Cotchett
                                                         COTCHETT, PITRE & McCARTHY, LLP

17                                                       840 Malcolm Road
                                                         Burlingame, CA 94010

18                                                       Telephone: (650) 697-6000
                                                         Facsimile: (650) 697-0577

19
                                                         Steven F. Benz

20                                                       Gregory G. Rapawy
                                                         KELLOGG, HANSEN, TODD, FIGEL &

21                                                            FREDERICK, P.L.L.C.
                                                         1615 M Street, N.W., Suite 400

22                                                       Washington, DC 20036
                                                         Telephone: (202) 326-7900

23                                                       Facsimile: (202) 326-7999

24                                                       Bruce L. Simon
                                                         PEARSON, SIMON & WARSHAW LLP

25                                                       44 Montgomery Street, Suite 2450
                                                         San Francisco, CA 94104

26                                                       Telephone: (415) 433-9000
                                                         Facsimile: (415) 433-9008

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

H. Laddie Montague, Jr.
Ruthanne Gordon
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (800) 424-6690
Facsimile: (215) 875-4604

Michael P. Lehmann
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 633-1908
Facsimile: (415) 358-4980

Gary Specks
KAPLAN FOX
423 Sumac Road
Highland Park, IL 60035
Telephone: (847) 831-1585
Facsimile: (847) 831-1580

Douglas A. Millen
William H. London
FREED KANNER LONDON & MILLEN
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
Facsimile: (224) 632-4519

Eric B. Fastiff
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

W. Joseph Bruckner
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue S
Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981

*Attorneys for Plaintiffs*

DPPS' REPLY IN SUPPORT OF APPLICATION FOR DEFAULT JUDGMENT BY THE COURT
AGAINST THE IRICO DEFENDANTS; Master File No. 07-CV-5944-JST