UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917<br>Case No. C-07-5944 JST |
| This Order Relates To:<br><br>ALL DIRECT ACTION PLAINTIFFS | **ORDER** |

Now before the Court is a motion by the Direct Purchaser Plaintiffs ("DPPs") to seal certain materials submitted in connection with their motion for entry of default judgment against the Irico Defendants. ECF No. 5220. The DPPs note that the 24 documents they seek to seal were designated as "Confidential" or "Highly Confidential" by various named Defendants. Id. at 2-3. Pursuant to the Court's local rules, simply noting that a party has designated a document "confidential" during discovery does not establish good cause for sealing. Civ. L.R. 79-5(d)(1)(A). If any designating Defendant believed that the materials were confidential, it was required to file a declaration "establishing that all of the designated material is sealable" within four days of the filing of the DPPs' sealing motion. Civ. L.R. 79-5(e).

The Irico Group Corp. and Irico Display Devices Co., Ltd. ("the Irico Defendants") filed a timely declaration in support of the motion to seal. ECF No. 5224. In the declaration, the Irico Defendants explained that two documents, the Gray highlighted portions of the DPP's Opposition to the Irico Defendants' motion to Set Aside Default, and Exhibit 4 to the Declaration of Cardio Zirpoli "contain confidential, nonpublic, and highly sensitive business information about the Irico Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with companies (including customers) that remain important to

the Irico Defendants' competitive positions.  Publicly disclosing this sensitive information presents a risk of undermining the Irico Defendants' relationships, would cause harm with respect to the Irico Defendants' customers, and would put the Irico Defendants at a competitive disadvantage." Id. ¶ 7.  Having reviewed the documents in question, the Court concludes that the parties have satisfied the requirements of Local Rules 79-5(d)(1)(A), (e)(1) and grants the motion to seal as to these two documents.

No other defendant filed a declaration.  Accordingly, DPPs' sealing motion is denied as to the remaining 22 documents.  The Court will not consider those portions of the motion that are sought to be redacted, or the documents that are sought to be sealed, unless the DPPs file those documents in the public record within seven days from the date of this order.

**IT IS SO ORDERED.**

Dated:  December 13, 2017



_____
JON S. TIGAR
United States District Judge