Guido Saveri (22349)
    guido@saveri.com
R. Alexander Saveri (173102)
    rick@saveri.com
Geoffrey C. Rushing (126910)
    grushing@saveri.com
Cadio Zirpoli (179108)
    cadio@saveri.com
Matthew D. Heaphy (227224)
    mheaphy@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **DECLARATION OF CADIO ZIRPOLI IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO THE IRICO DEFENDANTS' MOTION TO SET ASIDE DEFAULT** |
| *ALL DIRECT PURCHASER ACTIONS* | |
| | Date:        January 11, 2018 |
| | Time:        2:00 p.m. |
| | Judge:       Honorable Jon S. Tigar |
| | Courtroom:  9 |

I, Cadio Zirpoli, declare:

1.     I am a partner at Saveri & Saveri, Inc., Lead Counsel for Direct Purchaser Plaintiffs ("Plaintiffs") in this action. I am a member of the Bar of the State of California and admitted to practice in the Northern District of California. I make this Declaration in Support of Plaintiffs' Opposition to the Irico Defendants' Motion to Set Aside Default. Except as otherwise stated, I have personal knowledge of the facts stated below.

2.     Attached hereto as Exhibit 1 is a true and correct copy of an e-mail and an attachment I received from Terrence A. Callan of Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury"), counsel for Defendants Irico Display Devices Co., Ltd. and Irico Group Corporation (the "Irico Defendants"), dated October 13, 2008.

3.     Attached hereto as Exhibit 2 is a true and correct copy of an e-mail I received from another of the Irico Defendants' attorneys, Joseph R. Tiffany II, also of the Pillsbury firm, dated November 12, 2008.

4.     Attached hereto as Exhibit 3 is a true and correct copy of an e-mail I received from Mr. Tiffany, dated December 16, 2008.

5.     Attached hereto as Exhibit 4 is a true and correct copy of an e-mail and three attachments I received from Philip Simpkins, also of the Pillsbury firm, dated January 15, 2009. I have searched my files and have located no other correspondence from the Pillsbury firm after January 15, 2009 relating to the discovery or the statement of the basis of personal jurisdiction defenses required by the Stipulation and Order for Limited Discovery, ECF No. 379, entered by the Court on September 12, 2008. To the best of my recollection, the Irico Defendants or Pillsbury never served a statement of the basis of any personal jurisdiction defenses.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of December, 2017 in San Francisco, California.

*/s/ Cadio Zirpoli*
Cadio Zirpoli

1

# EXHIBIT 1

**Cadio Zirpoli**

---

| | |
|---|---|
| **From:** | Callan, Terrence A. <terrence.callan@pillsburylaw.com> |
| **Sent:** | Monday, October 13, 2008 05:08 PM |
| **To:** | Guido Saveri |
| **Cc:** | Cadio Zirpoli |
| **Subject:** | Irico Companies |
| **Attachments:** | Irico letter to Saveri.pdf |

Dear Guido and Cadio:

Attached is a pdf of the letter being sent to you tonight regarding our discussions with respect to the Irico Companies and the CRT litigation.

Regards,


Terry

<<Irico letter to Saveri.pdf>>

**Terrence A. Callan | Pillsbury Winthrop Shaw Pittman LLP**

Tel:  415.983.1000 | Fax:  415.983.1200 | Direct:  415.983.1525
50 Fremont Street | San Francisco, CA 94105-2228

Email:  terrence.callan@pillsburylaw.com
**www.pillsburylaw.com**



---------------------------------------------------------

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Help Desk at Tel: 800-477-0770 x4860 immediately by telephone or by return E-mail and delete this message, along with any attachments, from your computer. Thank you.

=========================================================



Pillsbury Winthrop Shaw Pittman LLP
50 Fremont Street | San Francisco, CA 94105-2228 | tel 415.983.1000 | fax 415.983.1200

MAILING ADDRESS: P. O. Box 7880 | San Francisco, CA 94120-7880

Terrence A. Callan
tel 415.983.1525
terrence.callan@pillsburylaw.com

October 13, 2008

<u>Via Email & First-Class Mail</u>

Guido Saveri, Esq.
Vice President
Saveri & Saveri
111 Pine Street
Suite 1700
San Francisco, CA 94111

Re:   *In re Cathode Ray Tube Antitrust Litigation* case no. 3:07-cv-5944 SC

Dear Guido:

Thank you for the opportunity to meet with you and Cadio last week to discuss the reasons we believe the IRICO companies should not be named as defendants in the CRT Antitrust Litigation. You have requested some additional information regarding the IRICO companies' sales of CRTs, including whether any IRICO company sold CRTs in the United States or sold CRTs to other defendants named in this litigation. We are currently seeking that information from the IRICO defendants.

We will be working with our clients to provide the requested information as soon as possible. For the reasons we discussed during our meeting, however, it will take some time to gather that data. You indicated during our meeting that plaintiffs would be agreeable to extending the deadlines set forth in paragraph 4.g. of the Stipulation and Order for Limited Discovery Stay (the "Order") regarding the service of a statement explaining the IRICO defendants' personal jurisdiction defenses and objections to the document requests set forth in paragraph 4 of the Order. We are hopeful that a 30-day extension of those deadlines until November 15, 2008 should provide us with sufficient time to obtain the requested information and for you to evaluate that information. We can then proceed regarding a mutually satisfactory tolling agreement between the Irico companies and all plaintiffs (including the indirects) as discussed at our meeting.

Guido Saveri, Esq.
October 13, 2008
Page 2


Please confirm all plaintiffs' agreement to this extension.  We discussed just
extending the time for these two deadlines by such a confirmation.  We don't see any
particular need to file a formal stipulated request to change time with the Court, but if
you think otherwise, please let me know.

Regards,

Terrence A. Callan

cc:     Cadio Zirpoli, Esq.
        Joseph R. Tiffany II., Esq.

# EXHIBIT 2

**Cadio Zirpoli**

| | |
|---|---|
| **From:** | Tiffany, Joseph R. <joseph.tiffany@pillsburylaw.com> |
| **Sent:** | Wednesday, November 12, 2008 06:53 PM |
| **To:** | Cadio Zirpoli; jpatane@tatp.com |
| **Cc:** | Callan, Terrence A.; Simpkins, Philip A. |
| **Subject:** | In re CRT Antitrust Litigation: Further Extension for IRICO Companies |

Cadio and Joe,

This will confirm my conversations with each of you today regarding our request on behalf of our clients Irico Group Corporation and Irico Display Devices Co., Ltd. ("IRICO Companies") for a further extension of the deadlines regarding service of a statement explaining their personal jurisdiction defenses and objections to the document requests set forth in Paragraph 4 of the Stipulation and Order for Limited Discovery Stay.  The purpose of this request is to obtain additional time for the IRICO Companies to gather the information requested by the direct and indirect plaintiffs regarding the IRICO Companies' customers and sales of CRTs and/or CRT Products.

On behalf of the direct plaintiffs, Cadio has agreed to extend those deadlines for an additional 30 days, until December 15, 2008.

Based on our conversation with Joe earlier today, we understand that the indirect plaintiffs would be agreeable to an extension on the same terms as agreed to by the direct purchaser plaintiffs.  Since we had not reached Cadio when we spoke with Joe, I ask that Joe confirm that the same 30-day extension to December 15, 2008 is also agreeable to the indirect plaintiffs.

We appreciate your consideration.

Joe

**Joseph R. Tiffany II | Pillsbury Winthrop Shaw Pittman LLP**
_____

Tel:  650.233.4644 | Fax:  650.233.4545
2475 Hanover Street | Palo Alto, CA 94304-1114

Email:  joseph.tiffany@pillsburylaw.com
**www.pillsburylaw.com**

# EXHIBIT 3

**Cadio Zirpoli**

| | |
|---|---|
| **From:** | Tiffany, Joseph R. <joseph.tiffany@pillsburylaw.com> |
| **Sent:** | Tuesday, December 16, 2008 08:56 AM |
| **To:** | Cadio Zirpoli; Joe Patane |
| **Cc:** | Callan, Terrence A.; Simpkins, Philip A. |
| **Subject:** | Further Extension of Time for Irico Companies |

Cadio and Joe,

This will confirm my conversations with each of you yesterday regarding our request on behalf of our clients Irico Group Corporation and Irico Display Devices Co., Ltd. ("IRICO Companies") for a further extension of the deadlines for serving statements explaining the IRICO Companies' personal jurisdiction defenses and objections to the document requests set forth in Paragraph 4 of the Stipulation and Order for Limited Discovery Stay. The purpose of this extension is to allow the IRICO Companies additional time to gather and produce customer and sales information that you have each requested on behalf of the direct and indirect purchaser plaintiffs. You each agreed on behalf of the respective plaintiffs that you represent to extend those deadlines for an additional 30 days, until January 15, 2008.

Thank you for your consideration.

Joe

**Joseph R. Tiffany II | Pillsbury Winthrop Shaw Pittman LLP**

Tel:  650.233.4644 | Fax:  650.233.4545
2475 Hanover Street | Palo Alto, CA 94304-1114

Email:  joseph.tiffany@pillsburylaw.com
**www.pillsburylaw.com**

# EXHIBIT 4

## [Document Submitted Under Seal]