Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation,*
*Toshiba America, Inc., Toshiba America*
*Information Systems, Inc., Toshiba America*
*Consumer Products, L.L.C., and Toshiba America*
*Electronic Components, Inc.*

Additional Counsel On Signature Pages

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### (SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 JST<br>MDL No. 1917 |
| This Document Relates to:<br><br>*P.C. Richard & Son Long Island Corp., et al.*<br>*v. Hitachi, Ltd., et al.*, No. 12-cv-02648 | **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR EVIDENTIARY HEARING RE: MARTA'S STANDING**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:        March 8, 2018<br>Time:        2:00 pm<br>Before:     Hon. Jon S. Tigar |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION .................................................................................................... 1

II.     BACKGROUND ..................................................................................................... 2

III.    ARGUMENT........................................................................................................... 2

        A.     The Court Retains Jurisdiction Over MARTA's Claims.................................. 2

        B.     The Court Is Empowered To Conduct An Evidentiary Hearing Into
               MARTA's Standing.................................................................................... 2

        C.     Holding An Evidentiary Hearing On MARTA's Standing Would
               Further The Goals Of The MDL Statute............................................................ 6

IV.     CONCLUSION........................................................................................................ 8

DEFENDANTS' NOTICE OF MOTION AND MOTION
FOR EVIDENTIARY HEARING RE: MARTA'S STANDING
Case No. 07-5944 JST
MDL No. 1917

1

## **TABLE OF AUTHORITIES**

2 **Cases** **Page(s)**

3
*Ammex, Inc. v. United States*,
4       367 F.3d 530 (6th Cir. 2004) ........................................................................ 3

5 *Associated General Contractors of California v. California State Council*
*of Carpenters*,
6       459 U.S. 519 (1983)....................................................................................... 1

7 *Barrett Computer Services, Inc. v. PDA, Inc.*,
8       884 F.2d 214 (5th Cir. 1989) ........................................................................ 4

9 *Bischoff v. Osceola County*,
      222 F.3d 874 (11th Cir. 2000) ...................................................................... 4
10
*Danner v. Himmelfarb*,
11       858 F.2d 515 (9th Cir. 1988) ........................................................................ 5

12 *FexEx Ground Package System v. United States Judicial Panel on*
*Multidistrict Litig.*,
13       642 F.3d 658 (9th Cir. 2011) ........................................................................ 7
14
*Gelboim v. Bank of America Corp.*,
15       135 S. Ct. 897 (2015).................................................................................... 6

16 *Gerlinger v. Amazon.com Inc.*,
      526 F.3d 1253 (9th Cir. 2008) ...................................................................... 3
17
18 *Hohlbein v. Hospitality Ventures LLC*,
      248 F. App'x 804 (9th Cir. 2007) ................................................................. 4
19
*In re ATM Fee Antitrust Litig.*,
20       686 F.3d 741 (9th Cir. 2012) ........................................................................ 4

21 *In re Bennett Funding Group, Inc.*,
      336 F.3d 94 (2d Cir. 2003) ........................................................................... 4
22
*In re Bridgestone/Firestone Inc. Tires Prods. Liab. Litig.*,
23       470 F. Supp. 2d 917 (S.D. Ind. 2006) .......................................................... 5

24 *In re Briscoe*,
      448 F.3d 201 (3d Cir. 2006) .......................................................................... 5
25
26 *In re Cathode Ray Tube Antitrust Litig.*,
      2017 U.S. App. LEXIS 26726 (9th Cir. 2017) ............................................. 7
27
*In re Chinese Manufactured Drywall Products Liab. Litig.*,
28       894 F. Supp. 2d 819 (E.D. La. 2012)............................................................ 5

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*In re Korean Air Lines Co.*,
   642 F.3d 658 (9th Cir. 2011) ....................................................... 5

*In re Zyprexa Products Liab. Litig.*,
   No. 04-MD-1596, 2009 U.S. Dist. LEXIS 57218
   (E.D.N.Y. June 22, 2009) ........................................................... 5

*JetAway Aviation, LLC v. Bd. of City Comm'rs of City of Montrose*,
   754 F.3d 824 (10th Cir. 2014) ................................................... 6

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*,
   523 U.S. 26 (1998)...................................................................... 2

*Munoz-Mendoza v. Pierce*,
   711 F.2d 421 (1st Cir. 1983)...................................................... 4

*R.C. Dick Geothermal Corp. v. Thermogenics, Inc.*,
   890 F.2d 139 (9th Cir. 1989) ..................................................... 6

*Sanger Ins. Agency v. HUB International, Ltd.*,
   802 F.3d 732 (5th Cir. 2015) ..................................................... 3

*Slayman v. FedEx Ground Package Sys.*,
   765 F.3d 1033 (9th Cir. 2014) ................................................... 7

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016)............................................................... 3

*United States v. 1998 BMW "I" Convertible*,
   235 F.3d 397 (8th Cir. 2000) ..................................................... 4


**Federal Rules**

R. P. J.P.M.L 10.1(a) ....................................................................... 2


**Statutes**

28 U.S.C. § 1407............................................................................ 2, 6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## **NOTICE OF MOTION AND MOTION FOR EVIDENTIARY HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on March 8, 2018, or as soon thereafter as this matter may be heard before the Honorable Jon S. Tigar, District Judge in the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California 94102, the undersigned Defendants in this action will and hereby do move this Court for an evidentiary hearing with respect to the Article III and antitrust standing of plaintiff, MARTA Cooperative of America, Inc. ("MARTA").

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the pleadings and correspondence on file with the Court, and such arguments and authorities as may be presented at or before the hearing.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendants moved for summary judgment against MARTA on the grounds that MARTA lacks standing to pursue its antitrust claim under *Associated General Contractors of California v. California State Council of Carpenters*, 459 U.S. 519 (1983).  ECF No. 2944. This Court granted the motion, dismissing MARTA's claims after finding that MARTA served as a purchasing agent for its members and lacked standing to assert its antitrust claims. ECF No. 4742.  MARTA appealed, limiting its "Statement of the Issues" to whether this Court improperly resolved genuine issues of material fact.  Opening Br. at 2, *MARTA Cooperative of America, Inc. v. Toshiba Corp.*, No. 16-16982 (9th Cir.).  The Ninth Circuit focused on these possible disputes of material facts, and reversed and remanded for further proceedings in this Court.  The Ninth Circuit's opinion did not upset this Court's legal reasoning on the issue of standing.  Nor did the Ninth Circuit hold that MARTA has standing.

Having successfully appealed the Court's prior order granting the Defendants' motion, MARTA is again before this Court, but Defendants' core contentions on MARTA's lack of standing remain unresolved.  This Court is authorized to conduct an evidentiary hearing to determine whether MARTA has standing under the Sherman Act ("antitrust standing") and pursuant to Constitutional standards ("Article III standing").  MDL courts regularly conduct evidentiary hearings on a variety of issues, and the issue of standing may be resolved by this Court, including by means of a pre-trial evidentiary hearing.  The Article III standing issue, which is a question of subject-matter jurisdiction, is an issue for the Court, rather than a jury; and this Court should exercise its authority to conduct a pre-trial evidentiary hearing concerning MARTA's standing, rather than remanding to the Eastern District of New York, because this Court is already familiar with the facts and arguments concerning these issues. Thus, judicial economy favors resolution of the threshold questions of standing by this Court. In all likelihood, the evidentiary hearing requested by the Defendants will take no more than one day.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## II.     BACKGROUND

MARTA filed its action in the Eastern District of New York on November 14, 2011. No. 11-05530, ECF No. 1.  The case was transferred to this district for pre-trial proceedings under 28 U.S.C. § 1407.  ECF No. 1009.  On August 4, 2016, this Court granted the Defendants' motion for summary judgment against MARTA.  ECF No. 4742.  The Court then granted MARTA's request for judgment under Rule 54(b) of the Federal Rules of Civil Procedure (ECF No. 4927), and, following MARTA's appeal, the parties are again before this Court.  Aside from MARTA's action, all actions previously transferred to this MDL have been remanded back to their transferor courts.  ECF No. 5148.

## III.    ARGUMENT

### A.     The Court Retains Jurisdiction Over MARTA's Claims

When the Court granted the Defendants' motion for summary judgment and dismissed all of MARTA's claims, it terminated MARTA's action.  ECF No. 4927 ("In ruling that MARTA lacked standing to pursue its antitrust claim, the Court's order terminate[d] the litigation between MARTA and Defendants.") (citations omitted).  However, because terminated actions are not remanded under 28 U.S.C. § 1407, the prior order remanding other plaintiffs' cases back to their transferor courts did not impact MARTA's action.  *See* R. P. J.P.M.L 10.1(a) ("The terminated action shall not be remanded to the transferor court and the transferee court shall retain the original files and records unless the transferee judge or the Panel directs otherwise.").  Thus, post-appeal, this Court retains jurisdiction over MARTA's action and should not transfer the case until the conclusion of pretrial proceedings.  28 U.S.C. § 1407; *see also Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 36-37 (1998) (holding that remand is necessary at the conclusion of pretrial proceedings).

### B.     The Court Is Empowered To Conduct An Evidentiary Hearing Into MARTA's Standing

By its First Claim for Relief, MARTA seeks to recover damages for a purported violation of the Sherman Act.  As argued in the Defendants' motion for summary judgment,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  this claim should be dismissed because MARTA is a buying cooperative that acted only as an

2  agent for the actual purchasers, and therefore lacks antitrust standing.  ECF No. 2994.

3          The Court's decision on summary judgment implicated not only antitrust standing —

4  which was the basis on which the parties moved — but also raised the question of whether the

5  Court has subject-matter jurisdiction over MARTA's claim because MARTA has not been

6  injured.  When, as in this case, a plaintiff lacks antitrust standing because it "has not suffered

7  an injury in fact traceable to the defendant's conduct," that plaintiff "also lacks Article III

8  standing."  *Sanger Ins. Agency v. HUB Int'l, Ltd*., 802 F.3d 732, 737 n.5 (5th Cir. 2015)

9  (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  To establish Article III

10  standing, a plaintiff must show that it has suffered an injury that is "concrete and

11  particularized" — meaning that the damage is "real," and that it affected the plaintiff "in a

12  personal and individual way." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1548 (2016).  But

13  MARTA has suffered no such concrete or particularized injury.  As this Court found on

14  summary judgment, MARTA's injury is "speculative."  ECF No. 4742 at 30-31.  MARTA is

15  owned entirely by the retailers that make up its membership.  The members, not MARTA,

16  initiate orders from vendors with the expectation that members will pay MARTA before

17  MARTA pays the vendors. ECF No. 4742. MARTA does not order for its own account and

18  has no inventory of its own.  *Id*.  MARTA pays the vendor and collects a mark-up on what it

19  paid to cover administrative and other costs.  *Id*.  Therefore, any purported injury was suffered

20  by the MARTA members, and not by MARTA itself.  A plaintiff who suffers no injury in fact

21  because the injury was suffered by another party has no Article III standing to pursue its

22  claims. *See Ammex, Inc. v. United States*, 367 F.3d 530, 534 (6th Cir. 2004) (ruling that

23  plaintiff lacked standing to challenge imposition of tax when tax was imposed on the

24  plaintiff's suppliers, not the plaintiff itself).

25          In determining whether a party possesses standing to bring a claim, a district court

26  may — and in the case of Article III standing *must* — resolve disputed factual questions and

27  make findings of credibility after an evidentiary hearing.  It is well-settled that Article III

28  standing is a judicial prerequisite to the consideration of any federal claim.  At the post-

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  pleading stage and at the summary judgment stage, a plaintiff must set forth evidence of

2  specific facts establishing the existence of such standing.  *See Gerlinger v. Amazon.com Inc.*,

3  526 F.3d 1253, 1256 (9th Cir. 2008) (finding it unnecessary to reach the question of antitrust

4  standing where plaintiff failed to establish Article III standing at the summary judgment

5  stage).  As the Ninth Circuit has explained, "[b]ecause the court (and not a jury) decides

6  standing, the district court must decide issues of fact necessary to make the standing

7  determination." *In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 747 (9th Cir. 2012). And where,

8  as here, the relevant facts are disputed, the district court is "required to conduct an evidentiary

9  hearing." *United States v. 1998 BMW "I" Convertible*, 235 F.3d 397, 400 (8th Cir. 2000)

10 (remanding with instructions "to hold an evidentiary hearing on the issue of standing"); *see*

11 *also In re Bennett Funding Group, Inc.*, 336 F.3d 94, 102 (2d Cir. 2003) ("Clearly a court may

12 conduct an evidentiary hearing ***prior to trial*** where a jurisdictional issue such as standing is at

13 stake.") (emphasis added) (citing *Filetech S.A. v. France Telecom, S.A.*, 157 F.3d 922, 932 (2d

14 Cir. 1998)); *Bischoff v. Osceola County*, 222 F.3d 874, 881 (11th Cir. 2000) ("Thus, in a case

15 where the evidence relating to standing is squarely in contradiction as to central matters *and*

16 requires credibility findings, a district court cannot make those findings simply by relying on

17 the paper record but must conduct a hearing at which it may evaluate the live testimony of the

18 witnesses."); *Barrett Computer Services, Inc. v. PDA, Inc.*, 884 F.2d 214, 220 (5th Cir. 1989)

19 (stating that "in a case in which considerations of standing can be severed from a resolution of

20 the merits, a preliminary hearing — to resolve disputed factual issues determining standing —

21 is an appropriate course."); *Munoz-Mendoza v. Pierce*, 711 F.2d 421, 425 (1st Cir. 1983)

22 (ruling that a district court must resolve disputed questions of fact relevant to standing either

23 at trial or "***through a pretrial evidentiary hearing***.") (emphasis added); *Hohlbein v.*

24 *Hospitality Ventures LLC,* 248 F. App'x 804, 806 (9th Cir. 2007) ("[T]he district court may

25 revisit the issue of standing in an evidentiary hearing or at trial, where the controverted facts

26 must be supported adequately by the evidence adduced there.") (internal quotations omitted).

27        That this Court is serving as an MDL court in no way limits its ability to conduct an

28 evidentiary hearing.  The Ninth Circuit embraces the JPML's conclusion that "the jurisdiction

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   and powers of the transferee court are coextensive with that of the transferor court; that the

2   transferee court may make any order to render any judgment that might have been rendered by

3   the transferor court in the absence of transfer." *Danner v. Himmelfarb*, 858 F.2d 515, 521

4   (9th Cir. 1988) (quoting *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 495 (J.P.M.D.L.

5   1968)); *see also In re Korean Air Lines Co.*, 642 F.3d 685, 699-700 (9th Cir. 2011) ("We

6   confirm the general rule that, in multidistrict litigation, a transferee judge can handle all types

7   of pretrial matters that otherwise would have been handled by the transferor court."). Armed

8   with these powers, MDL courts such as this one have held evidentiary hearings on a range of

9   issues. *See, e.g.*, *In re Chinese Manufactured Drywall Prods. Liab. Litig*. 894 F. Supp. 2d

10  818, 819 (E.D. La. 2012) (holding an evidentiary hearing before denying motions to vacate);

11  *In re Zyprexa Prods. Liab. Litig.*, No. 04-MD-1596; No. 06-CV-2782, at *61-62 (JBW); 2009

12  U.S. Dist. LEXIS 57218 (E.D.N.Y. June 22, 2009) (holding a "full evidentiary hearing"

13  before excluding plaintiffs' expert, resulting in the grant of summary judgment and

14  termination of MDL ); *In re Bridgestone/Firestone Inc. Tires Prods. Liab. Litig*., 470 F. Supp.

15  2d 917, 919 (S.D. Ind. 2006) (holding a two-day evidentiary hearing after appellate court

16  found that it lacked an adequate record to rule on an appeal of order granting dismissal); *see*

17  *also In re Briscoe*, 448 F.3d 201, 222 (3d Cir. 2006) (noting that district court in MDL held an

18  "extensive evidentiary hearing" to evaluate the effectiveness of a settlement notification

19  program).

20         Thus, as discussed below, the Court should exercise its authority and hold an

21  evidentiary hearing to determine whether MARTA has standing to pursue its claim. In fact,

22  MARTA implicitly adopted this possible approach in its opening appellate brief. Opening Br.

23  at 30, *MARTA Cooperative of America, Inc. v. Toshiba Corp.*, No. 16-16982 (9th Cir.) ("The

24  court below must resolve the dispute through further evidentiary inquiry.") (citing *In re ATM*

25  *Fee Antitrust Litig.*, 686 F.3d 741, 747-48 (9th Cir. 2012)).

26

27

28

**C.**     **Holding An Evidentiary Hearing On MARTA's Standing Would Further The Goals Of The MDL Statute**

Holding an evidentiary hearing on the Defendants' motion is consistent with the statutory purpose for consolidating cases into multidistrict litigation because it would "promote the just and efficient conduct of such actions."  28 U.S.C. § 1407.  Transfer under section 1407 aims to "eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts."  *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 903 (2015) (quoting Manual for Complex Litigation § 20.313, at 220 (4th ed. 2004)).  This Court, which is most familiar with the history of this decade-long litigation and the facts of the present dispute, is best positioned to efficiently resolve the question of MARTA's Article III standing, as well as the "threshold issue" of whether MARTA has antitrust standing.  *See JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose*, 754 F.3d 824, 833 (10th Cir. 2014); *see also R.C. Dick Geothermal Corp. v. Thermogenics, Inc.*, 890 F.2d 139, 152 (9th Cir. 1989) (*en banc*) ("Establishment of [antitrust] standing, logically, precedes the presentation of a plaintiff's case.").  Remanding this action before resolution of MARTA's standing would not further the goals of the MDL statute.

This Court is better positioned to resolve questions of MARTA's standing than the Eastern District of New York, which has no familiarity with the intricacies of MARTA's case. The standing issue requires inquiry into specific facts with which this Court is already familiar — facts concerning the plaintiff that have nothing to do with the issues of liability that would be adjudicated by that court at any future trial.  For example, the Court has already made factual determinations on several key issues, including MARTA's corporate structure, the distribution of products between MARTA and its members, how payments are processed, and the principal-agent nature of MARTA's business model.  Duplicating these efforts in a new forum does not serve the interests of judicial efficiency and would not promote the purposes of the MDL statute.  The evidence relevant to the question of MARTA's standing does not

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   overlap with evidence bearing on the merits of MARTA's claims, so there are no efficiencies

2   to be gained by requiring the Eastern District of New York to evaluate MARTA's standing.

3   Further, this Court possesses broad discretion in how to conduct pretrial proceedings

4   and determine when remand is appropriate to suggest to the JPML. In *FedEx Ground*

5   *Package Sys. v. United States Judicial Panel on Multidistrict Litig.*, the Seventh Circuit

6   explained that this discretion is rooted in the transferee district's knowledge of the issues and

7   dynamics of its particular case. 662 F.3d 887, 891 (7th Cir. 2011). In *FedEx*, a dispute arose

8   as to whether remand was appropriate before certification of Rule 54(b) judgments. *Id.* at

9   889-90. The Seventh Circuit rejected the imposition of rigid rules to govern the timing of

10  remand, instead ruling that such issues of case management are best left to the transferee court

11  and the JPML. *Id.* at 891 ("The choice between these two methods of case management is an

12  archetype for a discretionary judgment, and the transferee court and the JPML are in the best

13  position to make that judgment."). As questions of the timing of remand are present in this

14  case, the Court is not obligated to suggest remand until pretrial proceedings are complete.

15  The Court's discretion extends to the present motion. Nothing in the Ninth Circuit's

16  decision requires this Court to find that MARTA has standing. While in some instances the

17  Ninth Circuit has directed a district court to enter a particular judgment, it has not done so

18  here. *Compare Slayman v. FedEx Ground Package Sys.*, 765 F.3d 1033 (9th Cir. 2014)

19  ("Accordingly, we reverse the MDL Court and remand to the district court with instructions to

20  enter summary judgment for plaintiffs on the question of employment status.") *with In re*

21  *Cathode Ray Tube Antitrust Litig.*, 2017 U.S. App. LEXIS 26726, at *5-6 (Dec. 26, 2017)

22  (leaving open material fact issues to be resolved). In this case, further proceedings by way of

23  an evidentiary hearing is appropriate and, indeed, contemplated by the Ninth Circuit. 2017

24  U.S. App. LEXIS 26726, at *1 ("We reverse and remand for further proceedings."). The facts

25  as they exist post-hearing likely will lead this Court to conclude that MARTA lacks standing

26  to pursue claims which would have been more appropriately raised by its members.

27  Conducting an evidentiary hearing before reaching that outcome is consistent with case law

28  and the purposes of the MDL statute.

IV.    CONCLUSION

For these reasons, the Court should grant this motion and schedule an evidentiary hearing to ascertain the standing of MARTA.

Respectfully submitted,

Dated:  January 16, 2018                  **WHITE & CASE** LLP

By:  /s/ Lucius B. Lau
        Christopher M. Curran (*pro hac vice*)
        ccurran@whitecase.com
        Lucius B. Lau (*pro hac vice*)
        alau@whitecase.com
        Dana E. Foster (*pro hac vice*)
        defoster@whitecase.com
        701 Thirteenth Street, N.W.
        Washington, DC  20005
        tel.: (202) 626-3600
        fax: (202) 639-9355

        *Counsel to Defendants Toshiba Corporation,*
        *Toshiba America, Inc., Toshiba America*
        *Information Systems, Inc., Toshiba America*
        *Consumer Products, L.L.C., and Toshiba*
        *America Electronic Components, Inc.*

By: /s/ Jeffrey L. Kessler
        WINSTON & STRAWN LLP
        Jeffrey L. Kessler (*pro hac vice*)
        Eva W. Cole (*pro hac vice*)
        Molly M. Donovan (*pro hac vice*)
        200 Park Avenue
        New York, NY 10166
        Telephone:(212) 294-4692
        Facsimile: (212) 294-4700
        Email:    jkessler@winston.com
                     ewcole@winston.com
                     mmdonovan@winston.com

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

WEIL, GOTSHAL & MANGES LLP
David L. Yohai (*pro hac vice*)
Adam C. Hemlock (*pro hac vice*)
767 Fifth Avenue
New York, NY 10153-0119
Telephone:(212) 310-8000
Facsimile: (212) 310-8007
Email:    david.yohai@weil.com
             adam.hemlock@weil.com

*Attorneys for Defendants Panasonic
Corporation (f/k/a Matsushita Electric
Industrial Co., Ltd.), and MT Picture Display
Co., Ltd.*

By: */s/ John Roberti*
John Roberti (*pro hac vice*)
john.roberti@allenovery.com
Nneka Ukpai  (*pro hac vice*)
nneka.ukpai@allenovery.com
ALLEN & OVERY LLP
1101 New York Avenue NW
Washington, DC 20005
202-683-3800

Michael S. Feldberg (*pro hac vice*)
michael.feldberg@allenovery.com
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
212-610-6360

*Attorneys for Samsung SDI Co., Ltd.;
Samsung SDI America, Inc.; Samsung SDI
Mexico S.A. De C.V.; Samsung SDI Brasil
Ltda.; Shenzhen Samsung SDI Co., Ltd.;
Tianjin Samsung SDI Co., Ltd.; and Samsung
SDI (Malaysia) Sdn. Bhd.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## **CERTIFICATE OF SERVICE**

On January 16, 2018, I caused a copy of the "DEFENDANTS' NOTICE OF MOTION AND MOTION FOR EVIDENTIARY HEARING RE: MARTA'S STANDING" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

By: ___ */s/ Lucius B. Lau* _____
Lucius B. Lau (*pro hac vice*)