William A. Isaacson
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Philip J. Iovieno
BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com

*Counsel for MARTA Cooperative of America, Inc.*

*[additional counsel listed on signature page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-CV-05944-JST<br>MDL No. 1917 |
| This Document Relates To:<br><br>*P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648 | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR EVIDENTIARY HEARING RE: MARTA'S STANDING**<br><br>Date:     March 8, 2018<br>Time:    2:00 pm<br>Before:  Hon. Jon S. Tigar |

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND ............................................................... 2

LEGAL STANDARD ............................................................................................................... 4

ARGUMENT ............................................................................................................................ 4

    I.    Pretrial Proceedings Are Now Complete, and Remand Is Required Under *Lexecon* and This Court's Scheduling Order. ................................................. 4

    II.   The Jury Should Decide Contested Facts Regarding Antitrust Standing. .................... 6

    III.  The Trial Court Should Apply the Facts to the Law As They Relate to Article III Standing—to the Extent an Article III Issue Remains. ................................. 9

CONCLUSION ....................................................................................................................... 13

# TABLE OF AUTHORITIES

Cases

*Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of California*,
190 F.3d 1051 (9th Cir. 1999) .................................................................................. 11,12

*Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*,
821 F.3d 352 (2d Cir. 2016) .......................................................................................... 9

*Amarel v. Connell*,
102 F.3d 1494 (9th Cir. 1996) ..................................................................................... 11

*Arbaugh v. Y&H Corp.*,
546 U.S. 500 (2006) ............................................................................................. 7, 8, 9

*Assoc. Gen. Contractors v. California State Council of Carpenters*,
459 U.S. 519 (1983) ............................................................................................. 6, 7, 8

*Barrett Computer Servs., Inc. v. PDA, Inc.*,
884 F.2d 214 (5th Cir. 1989) ....................................................................................... 10

*Bischoff v. Osceola Cty., Fla.*,
222 F.3d 874 (11th Cir. 2000) ..................................................................................... 10

*Danner v. Himmelfarb*,
858 F.2d 515 (9th Cir. 1988) ......................................................................................... 5

*Gerlinger v. Amazon.com Inc., Borders Grp., Inc.*,
526 F.3d 1253 (9th Cir. 2008) .............................................................................. 6, 8, 11

*Gladstone Realtors v. Village of Bellwood*,
441 U.S. 91 (1979) ...................................................................................................... 10

*Hammes v. AAMCO Transmissions, Inc.*,
33 F.3d 774 (7th Cir. 1994) ........................................................................................... 8

*Hartig Drug Co. Inc. v. Senju Pharm. Co.*,
836 F.3d 261 (3d Cir. 2016) .......................................................................................... 8

*Hohlbein v. Hosp. Ventures LLC*,
248 F. App'x 804 (9th Cir. 2007) ............................................................................ 2, 10

*In re ATM Fee Antitrust Litigation*,
686 F.3d 741 (9th Cir. 2012) ........................................................................... 1, 2, 7, 10

*In re Bennett Funding Grp., Inc.*,
336 F.3d 94 (2d Cir. 2003) .......................................................................................... 10

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
No. 16-16982, 2017 WL 6569569 (9th Cir. Dec. 26, 2017) ............................... 3, 7, 10

*In re EDNY Cathode Ray Tube Antitrust Cases*,
No. 17-CV-04504-BMC, 2017 WL 4351503 (E.D.N.Y. Sept. 29, 2017) ............... 12

*In re Lorazepam & Clorazepate Antitrust Litig.*,
 289 F.3d 98 (D.C. Cir. 2002) ............................................................................................. 8

*In re Patenaude*,
 210 F.3d 135 (3d Cir. 2000) ............................................................................................... 6

*In re Portfolio Recovery Assocs., LLC, Tel. Consumer Prot. Act Litig.*,
 No. 11MD2295 JAH(BGS), 2015 WL 12791475 (S.D. Cal. May 19, 2015) ............................. 5

*Lerner v. Fleet Bank, N.A.*,
 318 F.3d 113 (2d Cir. 2003) ............................................................................................... 9

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*,
 523 U.S. 26 (1998) ................................................................................................ 1, 4, 5, 9

*Munoz-Mendoza v. Pierce*,
 711 F.2d 421 (1st Cir. 1983) ............................................................................................. 10

*Order Denying Motion for Bifurcation and Bench Trial*,
 ECF No. 4916, 2016 WL *7800818* (N.D. Cal. Oct. 3, 2016) ..................................... 1, 6, 7

*Order Granting Motion for Rule 54(b) Certification*,
 ECF No. 4927, 2016 WL 5815789 (N.D. Cal. Oct. 5, 2016) ............................................. 3

*Order Granting Motion Suggesting Remand*,
 ECF No. 5137, 2017 WL 1436412 (N.D. Cal. Apr. 5, 2017) .......................................... 4, 5

*Order On Defendants' Motions for Summary Judgment Relating to Standing and the Direct Purchaser Rule*,
 ECF No. 4742, 2016 WL 7805628 (N.D. Cal. Aug. 4, 2016) ........................................... 3

*United States v. 1998 BMW "I" Convertible Vin*
 *No. WBABJ8324WEM 20855*, 235 F.3d 397 (8th Cir. 2000) ......................................... 10

Statutes

15 U.S.C. § 15 ........................................................................................................................ 8

28 U.S.C. §1407 ............................................................................................................. 2, 4, 9

Rules

Federal Rule of Civil Procedure 12(h)(3) ............................................................................. 9

Federal Rule of Civil Procedure 54(b) ................................................................................ 13

Other Authorities

Charles Alan Wright et al., Federal Practice & Procedure, Jurisdiction
 and Related Matters § 3866 (4th ed. 2017) .................................................................. 10

Manual for Complex Litigation (4th) § 20.133, 2004 WL 258768 ...................................... 5

Plaintiff MARTA Cooperative of America, Inc. ("MARTA") hereby submits its Opposition to Defendants' Motion for Evidentiary Hearing Re: MARTA's Standing (ECF No. 5234, Jan. 16, 2018).

**INTRODUCTION**

Having lost their motion for summary judgment on appeal, Defendants now seek a second ruling from this Court that MARTA lacks antitrust standing. They ask this Court to hold an evidentiary hearing on the issue of MARTA's standing rather than remand MARTA's case to the Eastern District of New York to proceed alongside other similarly-situated Direct Action Plaintiffs ("DAPs") that are already set for trial in that court in June 2018. In short, Defendants seek needless delay in MARTA's remand that will jeopardize MARTA's ability to proceed to trial with the other remanded DAPs and will consume unnecessary judicial resources in this Court. Moreover, it would be improper for this Court to conduct an evidentiary hearing on MARTA's standing.

First, this Court has an obligation to remand MARTA's action for trial now that MARTA's appeal has been resolved under both *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) and the scheduling order governing DAP actions in this MDL. Pre-trial proceedings in MARTA's action (and all the other DAP actions in the MDL) have concluded. MARTA is the sole remaining MDL DAP, and there are no remaining issues that are common to MARTA's case and any other case. In these circumstances, the Court has an obligation to remand MARTA's action.

Second, antitrust standing is a jury issue and should not be decided by a judge. If this Court were to hold an evidentiary hearing on MARTA's standing now, it would improperly deprive MARTA of its Seventh Amendment right to have a jury decide the issue of its antitrust standing at trial. This Court has already denied a similar motion made in this MDL, Defendant LG's motion to bifurcate DAPs Sears and Kmart's trial into a bench trial on standing prior to a jury trial on liability and damages. Order Denying Motion for Bifurcation and Bench Trial, ECF No. 4916, 2016 WL 7800818 (N.D. Cal. Oct. 3, 2016). Although declining to reach the question of whether antitrust standing is a jury question, the Court noted that "the principal case upon which [defendant] relies, *In re ATM Fee Antitrust Litigation*, 686 F.3d 741 (9th Cir. 2012), does not

appear to stand for the proposition that antitrust standing is a legal issue to be decided by the court (as opposed to a jury) . . . ." *Id.* at n.1. In any event, at a minimum, it is the trial court that should determine whether antitrust standing is an issue for the jury, as MARTA argues, or whether it should hold an evidentiary hearing prior to trial on the issue, as Defendants argue.

Finally, Defendants now raise the issue of whether MARTA has Article III standing. Defendants have never raised the issue of Article III standing in this Court until now, when MARTA's case is ready for trial. Unlike antitrust standing, Article III standing is jurisdictional in nature and thus it is an issue for the judge and not the jury. However, contrary to Defendants' argument, an evidentiary hearing is not required for the court to determine Article III standing. Rather, as the relevant authority uniformly states, Article III standing can be addressed *either in a pre-trial evidentiary hearing or at trial. See, e.g., Hohlbein v. Hosp. Ventures LLC*, 248 F. App'x 804, 806 (9th Cir. 2007). Moreover, although they are distinct, the analyses of antitrust standing and Article III standing overlap and thus they are best handled simultaneously at trial. At the very least, the trial court should determine whether to handle this question via an evidentiary hearing or at trial, much as this Court decided the bifurcation motion in the Sears/Kmart action.

Thus, as further described below, the Court should deny Defendants' motion and remand MARTA's case to the Eastern District of New York.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 14, 2011, MARTA and two other plaintiffs, PC Richard & Son Long Island Corporation ("P.C. Richard") and ABC Appliance, Inc. ("ABC Warehouse"), filed a complaint in the United States District Court for the Eastern District of New York against a number of cathode ray tube ("CRT") manufacturers alleging a conspiracy to fix the price of CRTs. On December 6, 2011, the Judicial Panel on Multidistrict Litigation ("JPML") transferred their action to the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. Conditional Transfer Order, ECF No. 1009 (Dec. 6, 2011).

In the course of the MDL litigation, the parties negotiated a stipulation and proposed order that would govern the proceedings in this court and the timing of remand for cases filed outside of the Northern District of California that specifically directed that "following the Court's rulings on

1  dispositive motions and Daubert motions, those actions [filed outside the Northern District of
2  California] will be returned to the courts in which they were originally filed." Stipulation and
3  Proposed Order Regarding Scheduling, ECF No. 2457 (Mar. 19, 2014). The Court entered this
4  stipulation and order on March 21, 2014. Stipulation and Order Regarding Scheduling, ECF No.
5  2459 at 4 (Mar. 21, 2014).

   On November 7, 2014, Defendants moved for summary judgment against MARTA, claiming that it lacked the necessary antitrust standing to pursue its federal antitrust claim. Defendants' Motion for Summary Judgment With Respect to MARTA, ECF No. 2994 (Nov. 7, 2014). On August 4, 2016, this Court granted Defendants' motion for summary judgment against MARTA, finding that MARTA did in fact lack antitrust standing. Order On Defendants' Motions for Summary Judgment Relating to Standing and the Direct Purchaser Rule, ECF No. 4742, 2016 WL 7805628 at *18 (N.D. Cal. Aug. 4, 2016).

   MARTA sought a Rule 54(b) certification of final judgment, which this Court granted on October 5, 2016. Order Granting Motion for Rule 54(b) Certification, ECF No. 4927, 2016 WL 5815789 (N.D. Cal. Oct. 5, 2016). MARTA subsequently filed an appeal and, on December 26, 2017, the Ninth Circuit Court of Appeals reversed this Court's grant of summary judgment to Defendants, holding that there were material issues of disputed fact concerning whether MARTA had antitrust standing and that "a reasonable juror could conclude" from the disputed facts that MARTA had antitrust standing. *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, No. 16-16982, 2017 WL 6569569, at *1-2 (9th Cir. Dec. 26, 2017). The mandate issued on January 17, 2018. *Id.*, ECF No. 40 (9th Cir. Jan. 17, 2018).

   In the interim, on October 26, 2016, ABC Warehouse, P.C. Richard, and several other DAPs filed a motion suggesting remand, seeking to be remanded to their home districts following the Court's resolution of the remaining summary judgment and *Daubert* motions in the DAP actions. Certain Direct Action Plaintiffs' Motion Suggesting Remand, ECF No. 4985 (Oct. 26, 2016). After deciding these remaining motions, the Court granted the remand motion, stating, "This multi-district antitrust case concerning cathode ray tube technology has now reached the end of pretrial proceedings . . . . Moreover, since pretrial proceedings are now complete, remand is

1  obligatory." Order Granting Motion Suggesting Remand, ECF No. 5137, 2017 WL 1436412 at
2  *1 (N.D. Cal. Apr. 5, 2017) (citing *Lexecon*, 523 U.S. at 35). ABC Warehouse, P.C. Richard, and
3  six additional DAPs are currently scheduled to proceed to trial in the Eastern District of New York
4  in June 2018. *See* Exh. A,[1] *In re EDNY Cathode Ray Tube Antitrust Cases*, No. 1:17-cv-04504-
5  BMC, Docket Order (Dec. 17, 2017).

6  Thus, MARTA is the only DAP remaining in this MDL Court. As with the other DAPs,
7  all summary judgment motions and *Daubert* motions as to MARTA have been resolved and thus
8  MARTA should be remanded for trial in the Eastern District of New York, as have its co-plaintiffs
9  ABC Warehouse and P.C. Richard.

## LEGAL STANDARD

Actions pending in an MDL court "shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred." 28 U.S.C. § 1407; *see also Lexecon*, 523 U.S. 26 (MDL courts must remand cases to transferor court for trial).

## ARGUMENT

### I. Pretrial Proceedings Are Now Complete, and Remand Is Required under *Lexecon* and This Court's Scheduling Order.

MARTA is situated no differently than the other DAPs in this MDL that filed their actions in districts outside of the Northern District of California. The Court remanded all of these DAPs' actions following its resolution of summary judgment and *Daubert* actions pertaining to them, and it should remand MARTA's action at this juncture for the same reason. The Ninth Circuit's decision resolved the one remaining summary judgment motion as to MARTA; all other summary judgment motions and *Daubert* motions pertaining to its case had already been resolved. The Scheduling Order governing MARTA's action expressly states that "following the Court's rulings on dispositive motions and Daubert motions," the case would be remanded to the transferor court. ECF No. 2459 at 4. Thus, as with the other DAP actions, "pretrial proceedings are now complete

---

[1] "Exh." refers to the Declaration of Philip J. Iovieno in Support of Plaintiff's Opposition to Defendants' Motion for Evidentiary Hearing Re: MARTA's Standing, dated Jan. 30, 2018.

[and] remand is obligatory." ECF No. 5137, 2017 WL 1436412 at *1 (citing *Lexecon*, 523 U.S. at 35). Simply put, the standing issues Defendants seek to address are not common to any group of cases, and concern only MARTA's claims. The remand court is the proper forum in which to address these issues.

Defendants argue that an evidentiary hearing on standing is necessary and that it is a pre-trial proceeding that must take place prior to remand. This is incorrect. Proceedings that pertain to trial, or may ultimately be handled in the course of trial, are the province of the trial court.[2] For example, this Court declined to decide motions *in limine* in the remand actions, deciding only those motions *in limine* that affected trials that were to take place in this Court. Order Regarding *Daubert* Motions and Motions *In Limine* for Cases Subject to Remand, ECF No. 4673 at 1 (June 13, 2016) ("The Court will not decide, and will defer to the transferor court on remand, any motion *in limine* that affects only a case that will eventually be remanded back to a transferor court for trial."). The Court should similarly defer to the transferor court on remand the issue of the standing of a single plaintiff that will proceed to trial in the transferor court.

Remand of this case to the Eastern District of New York will also promote efficiency, avoid delay, and conserve judicial resources. These are all appropriate considerations with respect to the timing of remand. *See* Federal Judicial Center, *Manual for Complex Litigation (4th)* § 20.133, 2004 WL 258768 at *1 (in determining when to remand a case, "[t]he transferee court should consider when remand will best serve the expeditious disposition of the litigation"); 15 Charles Alan Wright *et al.*, *Federal Practice & Procedure, Jurisdiction and Related Matters* § 3866 (4th ed. 2017) ("A transferee court may decide that it would be more efficient to defer action on a pretrial motion and leave it for decision by the transferor court following remand."); *see also In re Portfolio Recovery Assocs., LLC, Tel. Consumer Prot. Act Litig.*, No. 11MD2295 JAH(BGS), 2015

---

[2] Defendants spend nearly a page of their brief reciting case law standing for the unremarkable proposition that MDL transferee courts have the power to conduct evidentiary hearings. Defs.' Br. at 4-5 (citing, *e.g., Danner v. Himmelfarb*, 858 F.2d 515, 521 (9th Cir. 1988)). MARTA does not dispute that MDL courts may conduct evidentiary hearings. MARTA notes, however, that none of the cases cited by Defendants concern evidentiary hearings that are comparable to the one Defendants request here, but rather concerned, for example, "motions to vacate," "excluding plaintiffs' expert," an "order granting dismissal," and "the effectiveness of a settlement notification program." *Id.*

WL 12791475, at *1 (S.D. Cal. May 19, 2015) ("[T]he question of whether remand is appropriate is left to the court's discretion and generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL." (citing *In re Patenaude*, 210 F.3d 135, 145 (3d Cir. 2000))).

Conducting an evidentiary hearing in the MDL court would cause unnecessary delay. This delay would be particularly prejudicial and constitute a waste of judicial resources here given that trial in the transferor court is set for June, and if remanded promptly MARTA's action could be consolidated into that trial. Furthermore, holding such a hearing would also prove wasteful for many of the same reasons described by this Court in rejecting Defendants' attempt to bifurcate the Sears/Kmart trial through a bench trial on standing prior to a jury trial on liability and damages. *See* ECF No. 4916, 2016 WL 7800818 at *2 ("[M]uch of the same evidence presented in a potential separate bench trial would be presented again in the subsequent jury trial."); *id.* (bifurcating trial "ignores the significant pre-trial preparation required by the Court and counsel, as well as the substantial work likely to be required by the Court once the matter is submitted for decision").

As explained below, Plaintiff's position is that the jury must decide any contested issues of fact related to antitrust standing. While the trial court will ultimately apply the facts to the law with respect to Article III standing (if any such question exists), it may chose do so *either* through an evidentiary hearing *or* as part of the trial. Because antitrust standing and Article III standing are distinct but overlapping inquiries, as described further below, it is most efficient for the jury and trial judge to determine the respective issues simultaneously in the course of trial.

**II.     The Jury Should Decide Contested Facts Regarding Antitrust Standing.**

"Antitrust standing is distinct from Article III standing." *Gerlinger v. Amazon.com Inc., Borders Grp., Inc.*, 526 F.3d 1253, 1256 (9th Cir. 2008). As the Supreme Court has stated, "Harm to the antitrust plaintiff is sufficient to satisfy the constitutional standing requirement of injury in fact, but the court must make a further determination whether the plaintiff is a proper party to bring a private antitrust action." *Assoc. Gen. Contractors v. California State Council of Carpenters*, 459 U.S. 519, 535 n.31 (1983). To make this determination as to whether the plaintiff is a proper party to bring suit and thus has antitrust standing, the trier of fact must consider five factors: (i) the

causal connection between the antitrust violation and the harm to the plaintiff, and whether the harm was intended; (ii) the nature of the injury, including whether the plaintiff suffered antitrust injury and whether the plaintiff is a participant in the relevant market; (iii) the directness of the injury, and whether the damages are too speculative; (iv) the potential for duplicative recovery, and whether the apportionment of damages would be too complex; and (v) the existence of more direct victims. *Id.* at 537-44.

Defendants' suggestion that the Ninth Circuit's decision "contemplated" that an evidentiary hearing on antitrust standing would be necessary, Defs.' Br. at 7, is a blatant misconstruction of the Ninth Circuit's opinion. In fact, the Ninth Circuit contemplated exactly the contrary—that a ***jury***, rather than a judge, would decide the disputed facts. *See* 2017 WL 6569569, at *1 ("Viewing the facts in the light most favorable to MARTA, ***a reasonable juror*** could conclude that MARTA controls purchases such that MARTA is a seller, not an agent, and that its members are buyers, not principals. . . . Viewing the facts most favorably to MARTA, ***a reasonable juror*** could conclude that MARTA had a distinct role in the CRT distribution chain and was not simply an agent for its members" (emphasis added)).[3]

Moreover, the weight of authority, including the Supreme Court's decision and reasoning in *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006), strongly supports a holding that the issue of antitrust standing is properly decided by the jury in the context of trial, as it is purely an element of MARTA's claim and is not jurisdictional.[4]

As stated in *Arbaugh*, where "satisfaction of an essential element of a claim for relief is at issue . . . the jury is the proper trier of contested facts." *Id.* at 514. Thus, under *Arbaugh*, all issues other than jurisdictional ones—including the elements necessary to establish standing to proceed with asserting a claim under various federal statutes—must be decided by the jury. In reaching

---

[3] Defendants note that the Ninth Circuit did not enter judgment in favor of MARTA. Defs.' Br. at 7. This is irrelevant—MARTA never requested that judgment be granted in its favor, and intends (and has always intended) to prove its claims at trial—including with respect to its standing.

[4] DAPs Sears and Kmart previously raised a similar argument in connection with Defendant LG's motion for bifurcation. *See* Plaintiffs' Opposition to LG's Motion for Bifurcation, ECF No. 4804 (Aug. 30, 2016). The Court declined to rule on the constitutional issue, but noted that "*In re ATM Fee Antitrust Litigation*, 686 F.3d 741 (9th Cir. 2012), does not appear to stand for the proposition that antitrust standing is a legal issue to be decided by the court (as opposed to a jury)." ECF No. 4916, 2016 WL 7800818 at n.1.

that conclusion, *Arbaugh* specifically addressed and established a bright-line test to determine which issues are jurisdictional and which are merely elements of a specific federal statute that are necessary to have standing to make a claim under that statute:

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

546 U.S. at 515-516 (citations omitted). *Arbaugh* further explained that there is a "dichotomy" of issues: (i) issues relating to subject matter jurisdiction and (ii) issues relating to the essential elements of plaintiffs' claim for relief (*i.e.*, merits issues). *Id.* at 511. For issues that do not fall under the subject matter jurisdiction category, "the jury is the proper trier of contested facts." *Id.* at 514.

Nothing in the text of the Sherman Act imposes an express limit on who may submit a claim, other than a requirement that a "person . . . be injured in his business or property by reason of anything forbidden in the antitrust laws." 15 U.S.C. § 15. It was the Supreme Court in *AGC* that set forth the five factors that a court should consider in determining whether a plaintiff has suffered an antitrust injury, 459 U.S. at 537-44, but the Court was careful to distinguish this "antitrust standing" from Article III standing, *id.* at 535 n.31. Thus, to the extent that a "court must make a further determination [beyond Article III jurisdiction] whether the plaintiff is a proper party to bring a private antitrust action," *id.*, that determination is a non-jurisdictional merits question that must be decided by a jury, not a judge. *Arbaugh*, 546 U.S. at 514. The Ninth Circuit has confirmed this, explicitly holding that that antitrust standing is not a matter of subject matter jurisdiction. *Gerlinger*, 526 F.3d at 1256 ("Lack of antitrust standing affects a plaintiff's ability to recover, but *does not implicate the subject matter jurisdiction of the court*.") (emphasis added).[5]

---

[5] Other courts to consider whether "antitrust standing" is a jurisdictional issue or a non-jurisdictional merits question have concluded it is the latter. *See Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 269 (3d Cir. 2016) ("Article III standing and antitrust standing . . . are distinct, with the former implicating a court's subject matter jurisdiction and the latter affecting only the plaintiff's ability to succeed on the merits."); *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("[D]espite the suggestive terminology, 'antitrust standing' is not a jurisdictional requirement and is therefore waivable."); *In re Lorazepam & Clorazepate Antitrust Litig.*, 289 F.3d 98, 107-08 (D.C. Cir. 2002) ("Unlike constitutional standing, this court's

Thus, because antitrust standing falls on the "ingredient" side of the "subject-matter jurisdiction/ingredient-of-claim-for-relief dichotomy," "the jury is the proper trier of contested facts." *Arbaugh*, 546 U.S. at 511, 514.

Because the jury must decide any disputed facts related to antitrust standing, this Court should deny Defendants' motion and allow the jury to decide the issue on remand. *See* 28 U.S.C. § 1407; *Lexecon*, 523 U.S. 26.

### III. The Trial Court Should Apply the Facts to the Law As They Relate to Article III Standing—To the Extent an Article III Issue Remains.

Separate and apart from the challenge to MARTA's antitrust standing raised in their unsuccessful motion for summary judgment, Defendants now raise an additional challenge to MARTA's Article III standing. Despite the fact that MARTA filed its initial complaint in this action in 2011, Defendants have never raised a challenge to MARTA's Article III standing in this Court until now, when MARTA is set to proceed to trial. Although Defendants may raise challenges to subject matter jurisdiction at any time, *e.g.*, Fed. R. Civ. P. 12(h)(3), there is no reason to delay remand to address their challenge and in fact the issue is properly handled by the trial court.

As an initial matter, although they have never raised it in this Court, Defendants explicitly raised Article III questions as part of the appellate proceedings:

> The existence of constitutional standing is a threshold question in every federal case, requiring the plaintiff to show that there exists a "case or controversy" between itself and the defendant within the meaning of Article III. The standing question is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant the invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on its behalf. The Art. III judicial power exists only to redress or otherwise protect against injury to the complaining party, even though the court's judgment may benefit others collaterally. A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action. . . . MARTA lacks constitutional standing to pursue its antitrust claim

---

jurisdiction does not turn on antitrust standing."); *see also Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128-29 (2d Cir. 2003) (Sotomayor, J.) (noting, in RICO case implicating statutory standing issues "analogous" to an antitrust case, that "if statutory standing is essentially indistinguishable from the merits of the action, its absence is not a jurisdictional bar to suit, but a failure to state a claim"), *abrogation on other grounds recognized by Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 359 (2d Cir. 2016).

because, as the purchasing agent for its members, it was not the direct purchaser of the CRT Finished Products at issue.

Appellee's Br. on Appeal, 2017 WL 1013417 at *24-25 (quotations, brackets, and citations omitted). The Ninth Circuit did not credit the Article III argument Defendants pressed on appeal, which is the same one they now re-raise upon remand. To the contrary, the Ninth Circuit implicitly *rejected* Defendants' argument by issuing an opinion that did not dismiss the appeal based on lack of subject matter jurisdiction, and instead stated two separate times that MARTA's antitrust standing must be adjudicated by "a reasonable juror"—not the MDL court through an evidentiary hearing. *See* 2017 WL 6569569, at *1. Federal courts—including appellate courts—have a duty to raise and adjudicate questions of Article III standing *sua sponte* and they did not accept Defendants' Article III argument here.

Nevertheless, to the extent an Article III issue remains, it is not the case that an evidentiary hearing is required. Although "the court (and not a jury) decides [Article III] standing," *In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 747 (9th Cir. 2012), the court has wide discretion in deciding whether to find the necessary facts at an evidentiary hearing or during trial. Each of the cases that Defendants rely on in their quest for an evidentiary hearing acknowledges as much. *See Hohlbein v. Hosp. Ventures LLC*, 248 F. App'x 804, 806 (9th Cir. 2007) ("[B]ecause the evidentiary burden to demonstrate standing remains on Hohlbein, the district court may revisit the issue of standing in an evidentiary hearing or at trial."); *Munoz-Mendoza v. Pierce*, 711 F.2d 421, 425-26 (1st Cir. 1983) ("The court must resolve any genuine disputed factual issue concerning standing, either through a pretrial evidentiary proceeding or at trial itself." (citing *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 114–15 & n.31 (1979))); *United States v. 1998 BMW "I" Convertible Vin No. WBABJ8324WEM 20855*, 235 F.3d 397, 400 (8th Cir. 2000) (same) (quoting *Munoz-Mendoza*); *Barrett Computer Servs., Inc. v. PDA, Inc.*, 884 F.2d 214, 220 (5th Cir. 1989) (noting that "there is little to be gained by preliminary factual inquiry into some issues of standing" (quotations omitted)); *Bischoff v. Osceola Cty., Fla.*, 222 F.3d 874, 881 (11th Cir. 2000) ("[O]rdinarily a district court can decide disputed factual questions relevant to standing only at trial or at a pretrial evidentiary hearing.");[6] *see also* 15 Charles Alan Wright *et al.*, *Federal*

---

[6] The court in *In re Bennett Funding Grp., Inc.*, 336 F.3d 94, 102 (2d Cir. 2003), held that "a court

*Practice & Procedure, Jurisdiction and Related Matters* § 3531.15 (3d ed. 2017) ("It seems clear that no uniform approach" to deciding factual disputes regarding standing "is possible.").

Conducting an evidentiary hearing on standing in this MDL Court rather than the remand court would wholly deprive the remand court of even the *option* of deciding the standing concerns simultaneously with the trial. It would also create a risk of unnecessary expenditure of judicial and party resources. As explained above, the jury must inevitably decide disputed facts concerning antitrust standing, which is a "more demanding standard" than Article III standing. *Amarel v. Connell*, 102 F.3d 1494, 1507 (9th Cir. 1996). Moreover, the court's Article III standing inquiry would overlap with issues that the jury must decide. *Compare Gerlinger*, 526 F.3d at 1255 ("Article III standing requires proof of injury-in-fact, causation, and redressability."), *with* Exh. B, Defendants' Proposed Final Jury Instruction No. 37 (exchanged October 11, 2017) ("Plaintiffs must prove . . . that the plaintiff was in fact injured as a result of defendants' alleged violation of the antitrust laws . . . [and] that defendants' alleged illegal conduct was a material cause of the plaintiff's injuries"), *and* Exh. C, Defendants' Proposed Final Jury Instruction No. 39 (exchanged October 11, 2017) ("If you find that plaintiffs have proven their claims by a preponderance of the evidence, then you must award them a sum of money that you believe will fairly and justly compensate them for all damages to their business or property that were a direct result or likely consequence of the conduct that you have found to be unlawful."). Thus, for example, witnesses for MARTA would need to travel to both California and New York to provide testimony for the respective evidentiary hearing and trial and would likely give substantially identical testimony concerning MARTA's operations, its purchases of CRT products, and the injury resulting to MARTA from Defendants' price-fixing conspiracy.

Even if the Court determines that antitrust standing should be decided by the judge rather than the jury, bifurcating the proceedings would still needlessly expend resources. Again, the merits and damages issues that the jury decides may overlap with the question of antitrust standing. *Compare Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of California*, 190 F.3d 1051, 1054 (9th Cir. 1999)

---

*may* conduct an evidentiary hearing prior to trial where a jurisdictional issue such as standing is at stake" (emphasis added); it did not hold that a court may not instead consider the evidence presented at the jury trial.

1   ("These [*AGC*] factors include: (1) the nature of the plaintiff's alleged injury; that is, whether it
2   was the type the antitrust laws were intended to forestall; (2) the directness of the injury; (3) the
3   speculative measure of the harm; (4) the risk of duplicative recovery; and (5) the complexity in
4   apportioning damages."), *with* Exh. B, Defendants' Proposed Final Jury Instruction No. 37
5   (exchanged October 11, 2017) ("Plaintiffs must prove . . . that the plaintiff's injuries are injuries
6   of the type that the antitrust laws were intended to prevent"), Exh. C, Defendants' Proposed Final
7   Jury Instruction No. 39 (exchanged October 11, 2017) ("If plaintiffs establish with reasonable
8   probability the existence of an injury directly and proximately caused by defendants' antitrust
9   violation, you are permitted to make a just and reasonable estimate of the damages."), *id.* ("The
10  amount of damages must, however, be based on reasonable, non-speculative assumptions and
11  estimates."), Exh. D, Defendants' Proposed Final Jury Instruction No. 48 (exchanged October 11,
12  2017) ("If you find that more than one plaintiff is entitled to recover damages, exercise caution to
13  be sure that each plaintiff is awarded damages only for its own injuries."), *and* Exh. E, Defendants'
14  Proposed Final Jury Instruction No. 40 (exchanged October 11, 2017) ("If you find that there is
15  no reasonable basis to apportion plaintiffs' alleged injury between lawful and unlawful causes, or
16  that apportionment can only be accomplished through speculation or guesswork, then you may not
17  award damages.").

18        It would therefore promote efficiency and judicial economy to defer the issue of Article III
19  standing for consideration by the remand court. Defendants argue, to the contrary, that it would
20  be more efficient for this Court, rather than the remand court, to decide the evidentiary issues
21  because this Court addressed the question at summary judgment. Defs.' Br. at 6. This is patently
22  incorrect. First, neither court is familiar with the evidence that will be presented at the eventual
23  hearing or trial—this will entail the presentation of live witnesses and evidence that were not
24  before this Court on summary judgment. In addition, the remand court is already familiar with the
25  issues presented in this litigation, as it will preside over the trial of eight other DAPs in June—and
26  has been conducting proceedings in preparation for trial (including denial of a motion for
27  reconsideration of several of this Court's denials of summary judgment motions) over the past
28  eight months. *E.g., In re EDNY Cathode Ray Tube Antitrust Cases*, No. 17-CV-04504-BMC, 2017

WL 4351503, at *1-2 (E.D.N.Y. Sept. 29, 2017) ("The remaining defendants move this Court to reconsider, pursuant to Federal Rule of Civil Procedure 54(b), the CRT MDL court's denial of defendants' summary judgment motions. . . . Defendants' motions for reconsideration are denied.").

In short, prior knowledge of Defendants' summary judgment motion is not a prerequisite to efficiently resolve the issue of MARTA's standing, and there are much greater efficiencies to be gained by having the trial court resolve the issue.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion for Evidentiary Hearing Re: MARTA's Standing, and instead suggest remand of this case to the Eastern District of New York.

DATED: January 30, 2018

Respectfully submitted,

/s/ *Philip J. Iovieno*

Philip J. Iovieno
Anne M. Nardacci
BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com

William A. Isaacson
Kyle N. Smith
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
Email: wisaacson@bsfllp.com
Email: ksmith@bsfllp.com

Stuart Singer
BOIES SCHILLER FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

*Counsel for MARTA Cooperative of America, Inc.,*