# Exhibit B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE EDNY CATHODE RAY TUBE ANTITRUST CASES**<br>This Document Relates To:<br><br>*Electrograph Sys., Inc., et al. v. Hitachi Ltd., et al.*, Case No. 2:17-cv-02365-BMC (E.D.N.Y.)<br><br>*Schultze Agency Servs., LLC, et al. v. Hitachi Ltd., et al.*, Case No. 1:17-cv-02363-BMC (E.D.N.Y.)<br><br>*P.C. Richard & Son Long Island Corp., et al. v. Hitachi Ltd., et al.*, Case No. 1:17-cv-02368-BMC (E.D.N.Y.)<br><br>*Office Depot, Inc., et al. v. Hitachi Ltd., et al.*, Case No. 1:17-cv-03409-BMC (E.D.N.Y.)<br><br>*Compucom Sys. Inc., et al. v. Hitachi Ltd., et al.*, Case No. 1:17-cv-03283-BMC (E.D.N.Y.)<br><br>*Interbond Corp. of Am., et al. v. Hitachi Ltd., et al.*, Case No. 1:17-cv-03285-BMC (E.D.N.Y.) | **LEAD CASE: 1:17-cv-04504-BMC** |

**DEFENDANTS' RESPONSE AND**
**INITIAL DRAFT PROPOSED FINAL JURY INSTRUCTIONS**

Pursuant to our agreed-upon schedule, the Court's August 1, 2017 Order Regarding Pre-Trial Schedule (ECF No. 3), and the Court's September 28, 2017 Stipulation and Order Concerning Certain Pre-Trial-Deadlines (ECF No. 27), defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., Toshiba America Electronic Components, Inc., Panasonic Corp., and MT Picture Display, Co., Ltd. (collectively, "Defendants") hereby provide their response to Plaintiffs' October 4, 2017 submission of draft instructions and initial draft proposed final jury instructions.

The contents of this draft are based on rulings made thus far by the Court, and are contingent on any future rulings made by the Court, without waiver of any of Defendants' previously stated positions on these issues for purposes of appeal or otherwise. Defendants reserve the right to amend, supplement, or otherwise revise these drafts as appropriate, including, but not limited to, based upon any stipulations between the parties, the Court's rulings on any motions, proof at trial, Plaintiffs' or Defendants' pursuit or abandonment of any claims or defenses, or as is otherwise reasonable and appropriate.  Defendants do not intend to waive and are not waiving, any of their objections to any drafts as may be proposed by Plaintiffs.

## ~~PLAINTIFFS'~~ PROPOSED FINAL INSTRUCTION NO. ~~17~~ 37:

## ELEMENT THREE - ANTITRUST INJURY IN GENERAL

The third element that the plaintiffs each must prove by a preponderance of the evidence is that they were injured in their business or property by the activities that plaintiffs claim are unlawful. That is, plaintiffs must show that they were each injured because of the anticompetitive effects of the unlawful agreement among defendants.

~~If you find that a defendant has violated the U.S. antitrust laws as alleged by plaintiffs, then you must decide if plaintiffs are entitled to recover damages from that defendant. Plaintiffs are entitled to recover damages for injuries to their business or property if they can establish three elements of injury and causation:~~

Plaintiffs must prove three elements of antitrust injury by a preponderance of the evidence. Those elements are:

**First**, that the plaintiff was ~~plaintiffs were~~ in fact injured as a result of defendants' ~~defendant's~~ alleged violation of the antitrust laws;

**Second**, that defendants' ~~defendant's~~ alleged illegal conduct was a material cause of the plaintiff's ~~plaintiffs'~~ injuries; and

**Third**, that the plaintiff's ~~plaintiffs'~~ injuries are injuries of the type that the antitrust laws were intended to prevent.

The first element is sometimes referred to as "injury in fact," or fact of damage. For plaintiffs to establish that they are entitled to recover damages, they must prove that the plaintiff was ~~plaintiffs were~~ injured as a result of defendants' alleged violation of the antitrust laws. Higher prices that were paid as a result of a price fixing conspiracy ~~or agreement to limit supply~~ are a type of injury under the U.S. antitrust laws. ~~Proving the fact of damage does not require~~

71

~~plaintiffs to prove the dollar value of the injury. It requires only that they prove that they were in fact injured by defendants' alleged antitrust violation.~~

~~If you find that plaintiffs have established that they were in fact injured, you may then consider the amount of their damages. It is important to understand, however, that injury and amount of damage are different concepts and that you cannot consider the amount of damage unless and until you have concluded that plaintiffs have established that they were in fact injured.~~

"Injury" differs from "damages" which are the means of measuring the injury in dollars and cents. Plaintiffs meet their burden of showing injury if they show some damages from the unlawful activities complained of. Injury beyond this minimum point goes only to amount of damages and not to the question of injury or whether there was injury in fact.

As to the second element, ~~plaintiffs must also offer evidence that establishes as a matter of fact and with a fair degree of certainty that defendants' alleged illegal conduct was a material cause of their injuries. This means that plaintiffs must prove that some damage occurred to them as a result of defendants' alleged antitrust violation, and not some other cause~~ even if you find that the defendants engaged in anticompetitive conduct and that plaintiffs' business suffered, that's not sufficient to show antitrust injury. Each plaintiff must show that their businesses suffered because of defendants' unlawful activity. To show this, plaintiffs must first show that the unlawful agreement or conspiracy played a substantial part in bringing about or causing the injury; and, second, that the injury was either a direct and proximate result of the unlawful activity or at least a predictable consequence of it..

An injury to a business or property, including in the form of paying higher prices, is the proximate result of an unlawful agreement restraining trade only when the agreement directly and in natural and continuous sequence produces, or contributes substantially to producing, such injury. In other words, the agreements at issue must be a direct, substantial, and identifiable

72

cause of the injury that plaintiffs claim.

Plaintiffs are not required to prove that defendants' alleged antitrust violation was the sole cause of their injuries; nor do plaintiffs need to eliminate all other possible causes of injury. It is enough if plaintiffs have proved that the alleged antitrust violation ~~was a material cause of their injuries~~ substantially contributed to their injury, even though other factors may have also significantly affected the price of the product.  However, if you find that plaintiffs' injuries were caused primarily by something other than the alleged antitrust violation, then you must find that plaintiffs have failed to prove that they are entitled to recover damages.  There can only be a claim of damages if losses due to increased prices are in fact caused by anticompetitive practices.

~~To prove the~~ The final element~~,~~ of injury, in order to prove that, the plaintiffs ~~must~~ establish that their injuries are the type of injuries that the antitrust laws were intended to prevent.  This is sometimes referred to as "antitrust injury."  If plaintiffs' injuries were caused by a reduction in competition, acts that would lead to a reduction in competition, or acts that would otherwise harm consumers, then plaintiffs' injuries are antitrust injuries.  Higher prices that were paid as a result of price fixing or ~~agreement to limit~~ limiting supply are one type of antitrust injury.  On the other hand, if plaintiffs' injuries were caused by heightened competition, the competitive process itself, or by ~~acts that would benefit consumers~~ other factors, then plaintiffs' injuries are not antitrust injuries and plaintiffs may not recover damages for those injuries under the antitrust laws.  You should bear in mind that businesses may incur losses for many reasons that the antitrust laws are not designed to prohibit or protect against -- such as where a competitor offers better products or services or where a competitor is more efficient and can charge lower prices and still earn a profit -- and the antitrust laws do not permit ~~a plaintiff~~ plaintiffs to recover damages for losses that were caused by the competitive process or ~~conduct that benefits consumers~~ other factors.

73

If plaintiffs can establish that they were in fact injured by defendants' conduct, that defendants' allegedly illegal conduct was a material cause of plaintiffs' injuries, and that their injuries were the type that the antitrust laws were intended to prevent, then plaintiffs are entitled to recover damages for their injuries to their business or property.

**SOURCE**: ~~Adapted from ABA Model Jury Instructions in Civil Antitrust Cases (2005) at F-2–F-5;~~ ~~*In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827, Misc. M-07-1827, 2012 WL 12357962 (N.D. Cal. June 28, 2012);~~ *In re Vitamin C Antitrust Litig.*, No. 06–mdl–1738, (Mar. 13, 2013), Trans., ~~1758:8-1758:14~~ 1756:11-1759:24 (modified).