# Exhibit C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE EDNY CATHODE RAY TUBE ANTITRUST CASES**<br>This Document Relates To:<br><br>*Electrograph Sys., Inc., et al. v. Hitachi Ltd., et al.*, Case No. 2:17-cv-02365-BMC (E.D.N.Y.)<br><br>*Schultze Agency Servs., LLC, et al. v. Hitachi Ltd., et al.*, Case No. 1:17-cv-02363-BMC (E.D.N.Y.)<br><br>*P.C. Richard & Son Long Island Corp., et al. v. Hitachi Ltd., et al.*, Case No. 1:17-cv-02368-BMC (E.D.N.Y.)<br><br>*Office Depot, Inc., et al. v. Hitachi Ltd., et al.*, Case No. 1:17-cv-03409-BMC (E.D.N.Y.)<br><br>*Compucom Sys. Inc., et al. v. Hitachi Ltd., et al.*, Case No. 1:17-cv-03283-BMC (E.D.N.Y.)<br><br>*Interbond Corp. of Am., et al. v. Hitachi Ltd., et al.*, Case No. 1:17-cv-03285-BMC (E.D.N.Y.) | **LEAD CASE: 1:17-cv-04504-BMC** |

**DEFENDANTS' RESPONSE AND
INITIAL DRAFT PROPOSED FINAL JURY INSTRUCTIONS**

Pursuant to our agreed-upon schedule, the Court's August 1, 2017 Order Regarding Pre-Trial Schedule (ECF No. 3), and the Court's September 28, 2017 Stipulation and Order Concerning Certain Pre-Trial-Deadlines (ECF No. 27), defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., Toshiba America Electronic Components, Inc., Panasonic Corp., and MT Picture Display, Co., Ltd. (collectively, "Defendants") hereby provide their response to Plaintiffs' October 4, 2017 submission of draft instructions and initial draft proposed final jury instructions.

The contents of this draft are based on rulings made thus far by the Court, and are contingent on any future rulings made by the Court, without waiver of any of Defendants' previously stated positions on these issues for purposes of appeal or otherwise. Defendants reserve the right to amend, supplement, or otherwise revise these drafts as appropriate, including, but not limited to, based upon any stipulations between the parties, the Court's rulings on any motions, proof at trial, Plaintiffs' or Defendants' pursuit or abandonment of any claims or defenses, or as is otherwise reasonable and appropriate.  Defendants do not intend to waive and are not waiving, any of their objections to any drafts as may be proposed by Plaintiffs.

## ~~PLAINTIFFS'~~ PROPOSED FINAL INSTRUCTION NO. ~~18~~ 39:

## ANTITRUST DAMAGES – INTRODUCTION AND PURPOSE

Let me move on to the law concerning damages.

The fact that I will instruct you on the law of damages does not mean that I have any opinion as to whether or not plaintiffs have proven their claims. This is the only chance I get to talk to you in giving you these instructions on covering both liability and damages.

You should only consider damages if you have first found that plaintiffs have proven their claims by a preponderance of the evidence and that defendants have not proven the foreign sovereign compulsion defense by a preponderance of the evidence.

==If you find that plaintiffs have proven their claims by a preponderance of the evidence, then you must award them a sum of money that you believe will fairly and justly compensate them for all damages to their business or property that were a direct result or likely consequence of the conduct that you have found to be unlawful.==

~~If you find that defendant violated the antitrust laws and that this violation caused injury to plaintiff, then you must determine the amount of damages, if any, plaintiff is entitled to recover. The fact that I am giving you instructions concerning the issue of plaintiff's damages does not mean that I believe plaintiff should, or should not, prevail in this case. If you reach a verdict for defendant on the issue of liability, you should not consider the issue of damages, and you may disregard the damages instruction that I am about to give.~~

~~The law provides that plaintiff should be fairly compensated for all damages to its business or property that were a direct result or likely consequence of the conduct that you have found to be unlawful.~~

~~Antitrust damages are only compensatory, meaning their purpose~~ The purpose of

76

awarding damages in an antitrust action is to put an injured plaintiff as near as possible in the position in which it would have been ~~had~~ if the alleged antitrust violation had not occurred.  The law does not permit you to award damages to punish a wrongdoer – what we sometimes refer to as punitive damages – or to deter defendants from particular conduct in the future~~.  Furthermore, you are~~ , or to provide a windfall to someone who has been the victim of an antitrust violation.  You are also not permitted to award to plaintiffs ~~plaintiff~~ an amount for attorneys' fees or for the costs of maintaining this lawsuit.  Antitrust damages are compensatory only, only to the plaintiffs.  In other words, they are designed to compensate plaintiffs for the particular injuries they suffered as a result of the alleged violation of law.

   Compensatory damages cannot be based on speculation or sympathy.  Rather, they must be based on the evidence presented at trial, and only on that evidence.

   You must use sound discretion in fixing and award of damages.  The law does not require that plaintiffs prove the amount of their damages with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.  It may be difficult for you to determine the precise amount of damage suffered by plaintiffs.  ==If plaintiffs establish with reasonable probability the existence of an injury directly and proximately caused by defendants' antitrust violation, you are permitted to make a just and reasonable estimate of the damages.==  So long as there is a reasonable basis in the evidence for a damages award, plaintiffs should not be denied a right to be fairly compensated just because the damages cannot be determined with absolute mathematical certainty.

   The amount of damages must, however, be based on reasonable, non-speculative assumptions and estimates.  Plaintiffs must prove the reasonableness of each of the assumptions upon which the damages calculation is based.  If you find that plaintiffs have failed to carry their burden of providing a reasonable basis for determining damages, then your verdict has to be for

defendants. If you find that plaintiffs have provided a reasonable basis for determining damages, then you may award damages based on a just and reasonable estimate supported by the evidence.

**SOURCE**: ~~Adapted from ABA Model Jury Instructions in Civil Antitrust Cases (2016) at 304, Chapter 6, B. 1; *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827, Misc. M 07-1827, 2012 WL 12357962 (N.D. Cal. June 28, 2012).~* *Vitamin C* Jury Instructions 1761:14-1763:21 (modified).