# Exhibit E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE EDNY CATHODE RAY TUBE ANTITRUST CASES<br>This Document Relates To:<br><br>*Electrograph Sys., Inc., et al. v. Hitachi Ltd., et al.*, Case No. 2:17-cv-02365-BMC (E.D.N.Y.)<br><br>*Schultze Agency Servs., LLC, et al. v. Hitachi Ltd., et al.*, Case No. 1:17-cv-02363-BMC (E.D.N.Y.)<br><br>*P.C. Richard & Son Long Island Corp., et al. v. Hitachi Ltd., et al.*, Case No. 1:17-cv-02368-BMC (E.D.N.Y.)<br><br>*Office Depot, Inc., et al. v. Hitachi Ltd., et al.*, Case No. 1:17-cv-03409-BMC (E.D.N.Y.)<br><br>*Compucom Sys. Inc., et al. v. Hitachi Ltd., et al.*, Case No. 1:17-cv-03283-BMC (E.D.N.Y.)<br><br>*Interbond Corp. of Am., et al. v. Hitachi Ltd., et al.*, Case No. 1:17-cv-03285-BMC (E.D.N.Y.) | LEAD CASE: 1:17-cv-04504-BMC |

**DEFENDANTS' RESPONSE AND
INITIAL DRAFT PROPOSED FINAL JURY INSTRUCTIONS**

Pursuant to our agreed-upon schedule, the Court's August 1, 2017 Order Regarding Pre-Trial Schedule (ECF No. 3), and the Court's September 28, 2017 Stipulation and Order Concerning Certain Pre-Trial-Deadlines (ECF No. 27), defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., Toshiba America Electronic Components, Inc., Panasonic Corp., and MT Picture Display, Co., Ltd. (collectively, "Defendants") hereby provide their response to Plaintiffs' October 4, 2017 submission of draft instructions and initial draft proposed final jury instructions.

The contents of this draft are based on rulings made thus far by the Court, and are contingent on any future rulings made by the Court, without waiver of any of Defendants' previously stated positions on these issues for purposes of appeal or otherwise. Defendants reserve the right to amend, supplement, or otherwise revise these drafts as appropriate, including, but not limited to, based upon any stipulations between the parties, the Court's rulings on any motions, proof at trial, Plaintiffs' or Defendants' pursuit or abandonment of any claims or defenses, or as is otherwise reasonable and appropriate.  Defendants do not intend to waive and are not waiving, any of their objections to any drafts as may be proposed by Plaintiffs.

**[NEW INSTRUCTION]**

**PROPOSED FINAL INSTRUCTION NO. 40:**

**DAMAGES – CAUSATION AND DISAGGREGATION**

As I previously told you, plaintiffs are entitled to recover for such injury that was the direct and proximate result of the unlawful acts of defendants. Plaintiffs are not entitled to recover for injury that resulted from other causes.

Plaintiffs claim that they suffered injury because they paid increased prices for televisions and computer monitors that contained CRT tubes as a result of defendants' alleged antitrust violation regarding CRT tubes. In the normal course of business activity, prices might rise for a variety of factors that have nothing to do with antitrust laws. Plaintiffs bear the burden of showing that their injuries were caused by defendants' alleged antitrust violation. If you find that plaintiffs' alleged injuries were caused by factors other than defendants' alleged antitrust violation, then you must return a verdict for defendants. If you find that the price increase was caused in part by defendants' alleged antitrust violation and in part by other factors, plaintiffs' injuries only encompass the portion of the price increase that was caused by defendants' alleged antitrust violation and you may award damages only for that portion of plaintiffs' alleged injuries.

Plaintiffs bear the burden of proving damages with reasonable certainty, including apportioning damages between lawful and unlawful causes. ==If you find that there is no reasonable basis to apportion plaintiffs' alleged injury between lawful and unlawful causes, or that apportionment can only be accomplished through speculation or guesswork, then you may not award damages.==

**SOURCE**: *Vitamin C* Jury Instructions 1761:14-1765:20.