Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation,
Toshiba America, Inc., Toshiba America
Information Systems, Inc., Toshiba America
Consumer Products, L.L.C., and Toshiba America
Electronic Components, Inc.*

Additional Counsel On Signature Pages

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 JST<br>MDL No. 1917 |
| This Document Relates to:<br><br>*P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648 | **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR EVIDENTIARY HEARING RE: MARTA'S STANDING**<br><br>**ORAL ARGUMENT REQUESTED**<br>Date:        March 8, 2018<br>Time:        2:00 pm<br>Before:     Hon. Jon S. Tigar |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ............................................................................................................. 1

ARGUMENT ................................................................................................................... 1

I.    Issues Surrounding MARTA's Standing Do Not Require A Jury Trial ........................ 1

II.   MARTA Concedes That Article III Standing Must Be Decided By The Court And Can Be Raised At Any Time ......................................................... 5

III.  Remand Is Not Appropriate And Would Conflict With The Court's Responsibility To Conduct Pretrial Proceedings ........................................... 6

IV.   Holding An Evidentiary Hearing On MARTA's Standing Would Further The Goals Of The MDL Statute ...................................................... 7

CONCLUSION ................................................................................................................. 8

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR EVIDENTIARY HEARING RE: MARTA'S STANDING
Case No. 07-5944 JST
MDL No. 1917

1

**TABLE OF AUTHORITIES**

2 <u>Cases</u>                                                                 Page(s)

3
*2660 Woodley Rd. Joint Venture v. ITT Sheraton Corp.*,
4     369 F.3d 732 (3d Cir. 2004) ................................................................ 2

5 *Arbaugh v. Y & H Corp.*,
    546 U.S. 500 (2006) ............................................................................. 2
6
*Associated General Contractors of California v. California State Council
7 of Carpenters*,
    459 U.S. 519 (1983) ............................................................................. 3
8
*FedEx Ground Package System v. United States Judicial Panel on
9 Multidistrict Litig.*,
10     662 F.3d 887 (7th Cir. 2011) .............................................................. 6

11 *Indemnified Capital Investments, SA v. R.J. O'Brien & Assocs., Inc.*,
    12 F.3d 1406 (7th Cir. 1993) .............................................................. 6
12
*In re ATM Fee Antitrust Litig.*,
13     686 F.3d 741 (9th Cir. 2012) ........................................................ 1, 5
14
*In re Factor VIII or IX Concentrate Blood Prods. Litig.*,
15     169 F.R.D. 632 (N.D. Ill. 1996) ......................................................... 6

16 *In re Korean Air Lines Co.*,
    642 F.3d 658 (9th Cir. 2011) .............................................................. 6
17
*In re Wellpoint, Inc. Out-of-Network "UCR" Rates Litig.*,
18     903 F. Supp. 2d 880 (C.D. Cal. 2012) ............................................... 3
19
*JetAway Aviation, LLC v. Bd. of City Comm'rs of City of Montrose*,
20     754 F.3d 824 (10th Cir. 2014) ............................................................ 8

21 *Lewis v. Anderson*,
    615 F.2d 778 (9th Cir. 1979) .............................................................. 5
22
*Network Prot. Scis., LLC v. Fortinet, Inc.*,
23     No. C 12-01106 WHA, 2013 U.S. Dist. LEXIS 118105
    (N.D. Cal. Aug. 20, 2013) .................................................................. 2
24
*R.C. Dick Geothermal Corp. v. Thermogenics, Inc.*,
25     890 F.2d 139 (9th Cir. 1989) .............................................................. 8
26
*Rissetto v. Plumbers & Steamfitters Local 343*,
27     94 F.3d 597 (9th Cir. 1996) ................................................................ 1

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

*Sanger Ins. Agency v. HUB International, Ltd.*,
　　802 F.3d 732 (5th Cir. 2015) ........................................................................ 2

*Wang v. Chinese Daily News*,
　　737 F.3d 538 (9th Cir. 2013) ........................................................................ 3

*W.R. Huff Asset Management Co., LLC v. Deloitte & Touche LLP*,
　　549 F.3d 100 (2d Cir. 2008) ........................................................................ 6

*Wulfe v. Valero Ref. Co.*,
　　641 F. App'x 758 (9th Cir. 2016) ................................................................ 1

*Zetwick v. City of Yolo*,
　　850 F.3d 436 (9th Cir. 2017) ........................................................................ 4

**<u>Statutes</u>**

28 U.S.C. § 1407 .................................................................................................... 8

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR EVIDENTIARY HEARING RE: MARTA'S STANDING
Case No. 07-5944 JST
MDL No. 1917
iii

**INTRODUCTION**

Resolving the standing issue in this Court will promote efficiency, avoid delay, conserve judicial resources, and align with the purposes of MDL consolidation.  This Court, which is already intimately familiar with this dispute from its prior consideration of the issues and applicable law, is better positioned than the remand court to adjudicate MARTA's standing.  MARTA's request for urgent remand before it establishes standing should be rejected, particularly now that the remand court has set a May 14, 2018 trial date for the actions that this Court previously remanded to it.  MARTA's claims cannot be included in a May trial, not only because of the obvious timing issues, but also because its action would insert new defendants into the remand trial, as MARTA is the sole plaintiff with claims remaining against the Samsung SDI Defendants.  As MARTA's case cannot realistically be consolidated for trial in May, this Court should defer a suggestion of remand until MARTA meets its burden of demonstrating that it possesses Article III standing and antitrust standing to pursue its claims.

**ARGUMENT**

**I.      Issues Surrounding MARTA's Standing Do Not Require A Jury Trial**

In its opening brief before the Ninth Circuit, MARTA plainly stated that "[t]he court below must resolve the dispute through further evidentiary inquiry" and, in support of that position, MARTA cited to the Ninth Circuit's decision in *In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 747-48 (9th Cir. 2012).  Opening Br. at 30, *MARTA Cooperative of America, Inc. v. Toshiba Corp.*, No. 16-16982 (9th Cir. Feb. 3, 2017).  Defendants' Motion seeks precisely the relief advocated by MARTA — an evidentiary hearing on standing conducted by this Court.  In a flip-flop, MARTA now opposes this request, stating that a jury in the remand court should decide contested facts concerning antitrust standing.   But MARTA's newfound position is flatly inconsistent with the position it took before the Ninth Circuit and, as such, should be rejected by the doctrine of judicial estoppel, which "enables a court to protect itself from manipulation."  *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 603 (9th Cir. 1996); *see also Wulfe v. Valero Ref. Co. - Cal.*, 641 F. App'x 758, 761 (9th Cir. 2016)

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   (upholding the district court's finding of judicial estoppel against a party that first argued that

2   the availability of classwide arbitration was an issue for the arbitrator to decide, but later

3   argued that that the arbitrator's decision on the issue should be reviewed de novo by the

4   court).

5          This Court's prior summary judgment decision regarding MARTA's standing

6   implicated antitrust standing and Article III standing.  Defendants first raised each of these

7   obstacles to MARTA's suit over four years ago.  *See, e.g.,* Toshiba Corp.'s Answer to P.C.

8   Richard & Son Long Island Corp.'s; MARTA Coop. of Am. Inc.'s; and ABC Appliance,

9   Inc.'s First Am. Compl. for Damages and Injunctive Relief, at 46, ECF No. 2072 ("Plaintiffs'

10  claims are barred, in whole or in part, because Plaintiffs lacks standing to bring or maintain

11  the claims set forth in the FAC. . . .  Plaintiffs' claims are barred, in whole or in part, because

12  Plaintiffs have suffered no antitrust injury.").  When, as in this case, a plaintiff lacks antitrust

13  standing because it "has not suffered an injury in fact traceable to the defendant's conduct,"

14  that plaintiff necessarily "also lacks Article III standing."  *Sanger Ins. Agency v. HUB Int'l,*

15  *Ltd.*, 802 F.3d 732, 737 n.5 (5th Cir. 2015) (citing *Lujan v. Defenders of Wildlife*, 504 U.S.

16  555, 560 (1992)); *see also 2660 Woodley Rd. Joint Venture v. ITT Sheraton Corp.*, 369 F.3d

17  732, 741 n.10 (3d Cir. 2004) ("The antitrust injury requirement of the antitrust standing

18  inquiry is analogous to the minimum standing requirement of a case or controversy within the

19  meaning of Article III.").  "There is no right to a jury trial on the issue of standing."  *Network*

20  *Prot. Scis., LLC v. Fortinet, Inc.,* No. C 12-01106 WHA, 2013 U.S. Dist. LEXIS 118105, at

21  *12 (N.D. Cal. Aug. 20, 2013) (citing *DDB Techs., LLC v. MLB Advanced Media, LP*, 517

22  F.3d 1284 (Fed Cir. 2008)).

23         In now arguing that the Court lacks authority to hold an evidentiary hearing regarding

24  antitrust standing, MARTA draws a false distinction between jurisdictional and non-

25  jurisdictional issues, contending that evidentiary hearings may only be held to resolve the

26  former.  MARTA derives this purported distinction from *Arbaugh v. Y & H Corp.*, 546 U.S.

27  500 (2006), a decision that did not involve standing in any sense.  In *Arbaugh*, the defendant

28  filed a post-verdict motion to dismiss a complaint for lack of subject-matter jurisdiction,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   arguing that it did not have enough employees to be subject to Title VII.  *Id.* at 508.  The

2   Supreme Court granted *certiorari* to resolve confusion around the term "jurisdiction" and to

3   determine whether a plaintiff's failure to meet statutory prerequisites to bring a claim deprived

4   the Court of subject-matter jurisdiction.  *Id.* at 504.  In passing, the Court discussed the

5   importance of clearly defining issues of subject-matter jurisdiction because a trial judge can

6   resolve disputes of material facts on issues of subject-matter jurisdiction, but the jury should

7   resolve disputes on the essential elements of a claim for relief.  *Id.* at 514.  This dicta says

8   nothing about antitrust standing, and does not instruct the Court on how to resolve

9   ***overlapping*** issues of fact regarding Article III standing and antitrust standing.  Notably, even

10  after *Arbaugh*, courts continue to treat antitrust standing as a jurisdictional issue, directly

11  undercutting MARTA's position that an evidentiary hearing is impermissible.  *See In re*

12  *Wellpoint, Inc. Out-of-Network "UCR" Rates Litig.*, 903 F. Supp. 2d 880, 900 (C.D. Cal.

13  2012) ("Antitrust standing is a jurisdictional prerequisite to a Section 1 claim under both the

14  rule of reason and the *per se* rule.") (citing *In re ATM Fee*, 686 F.3d at 744).  MARTA

15  misleadingly cites *Associated General Contractors v. California State Council of Carpenters*

16  to support its contention that the "trier of fact" must resolve antitrust standing (Opp'n at 6), as

17  the Supreme Court reserved that decision to the court, not the jury.  459 U.S. at 535 n.31

18  ("Harm to the antitrust plaintiff is sufficient to satisfy the constitutional standing requirement

19  of injury in fact, but the court must make a further determination whether the plaintiff is a

20  proper party to bring a private antitrust action.")

21         Furthermore, MARTA plainly overreaches in citing *Arbaugh* for the proposition that

22  any non-jurisdictional issue must be decided by the jury.  Opp'n at 7.  Class certification is

23  one common example of a non-jurisdictional issue on which courts hold evidentiary hearings.

24  A court evaluating class certification must also consider the merits of plaintiffs' claims and

25  resolve factual disputes.  *Wang v. Chinese Daily News*, 737 F.3d 538, 544 (9th Cir. 2013).

26  Just as a potential antitrust plaintiff is not deprived of a Seventh Amendment right to a jury

27  when a Court holds an evidentiary hearing to address class certification, MARTA suffers no

28  harm by the Court holding an evidentiary hearing to resolve standing issues.

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR EVIDENTIARY HEARING RE: MARTA'S STANDING
Case No. 07-5944 JST
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    The Ninth Circuit's ruling on the Defendants' motion for summary judgment does not

2    require a jury trial as MARTA now suggests.  Opp'n at 7, 10.  The two references in that

3    opinion to "a reasonable juror" occurred only in the context of restating the summary

4    judgment standard under Rule 56 of the Federal Rules of Civil Procedure.  *See Zetwick v. Cty.*

5    *of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) ("[W]hat is required to defeat summary judgment

6    is simply evidence 'such that a reasonable juror drawing all inferences in favor of the

7    respondent could return a verdict in the respondent's favor.'") (citations omitted).  There were

8    no instructions or directives from the Ninth Circuit that would limit this Court's authority to

9    conduct an evidentiary hearing on standing issues; indeed, in the Ninth Circuit both sides

10   demonstrably understood that any factual disputes would have to be resolved by this Court

11   (*i.e.*, "[t]the court below").

12   This Court's earlier Order Denying LGE's Motion for Bifurcation and Bench Trial,

13   ECF No. 4916, is irrelevant to the procedures available to the Court in resolving the issue of

14   MARTA's standing.  First, this Court declined to rule on the question of whether Sears/Kmart

15   had a Seventh Amendment right to a jury decision on antitrust standing.  *Id.* at 2 n.1.  Second,

16   this Court's decision to forgo a bench trial on standing depended on considerations of

17   efficiency and timing that weigh in Defendants' favor here.  The bench trial contemplated by

18   LGE would have resolved at most 30 percent of Sears/Kmart's claims such that, regardless of

19   the outcome, a full jury trial as to both liability and damages would still be necessary.  *Id.* at 3.

20   In contrast, an evidentiary hearing on MARTA's standing could resolve all of MARTA's

21   claims and obviate the need for any subsequent jury trial.  And, whereas LGE's request for a

22   bench trial was "made so late in the day" and risked delaying and complicating this Court's

23   previously-scheduled jury trial on Sears/Kmart's claims, *id.* at 4, here, this Court will not be

24   conducting a trial and Defendants have sought a hearing on MARTA's standing at the earliest

25   opportunity after the Ninth Circuit's determination that disputed facts necessitated such an

26   evidentiary proceeding.

27   The treatise relied upon by MARTA (Opp'n at 10) fully supports the evidentiary

28   hearing sought by the Defendants.  *See* Charles Alan Wright, *et al.*, Federal Practice &

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Procedure, Jurisdiction and Related Matters § 3531.15 n.25 (3d ed. 2017) ("Courts regularly assume that there is no right to jury trial on the preliminary issue of standing."). This principle is reflected in *Lewis v. Anderson*, 615 F.2d 778 (9th Cir. 1979), in which the Ninth Circuit held that there is no right to a jury trial on the question of the business judgment doctrine. *See id.* at 784 ("We agree with the court below that application of the business judgment doctrine is essentially a 'standing' issue: if the doctrine is applicable, then plaintiffs have no standing to sue. Therefore the district court properly held that no jury trial was required to determine this purely equitable question."). This principle is also reflected in *In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 747 (9th Cir. 2012), in which the Ninth Circuit stated that, "[b]ecause the court (and not a jury) decides standing, the district court must decide issues of fact necessary to make the standing determination." Defendants acknowledge the fact (as recognized by this Court) that the Ninth Circuit made this statement in the standard of review section of its decision. But the inclusion of that statement cannot be considered accidental or inconsequential, particularly given the fact that *In re ATM Fee* specifically concerned a question of antitrust standing. Consistent with *In re ATM Fee*, this Court, not a jury, should resolve the standing issue.

## II.    MARTA Concedes That Article III Standing Must Be Decided By The Court And Can Be Raised At Any Time

Even if this Court concludes that an evidentiary hearing on antitrust standing is not appropriate, an evidentiary hearing should still be held to address Article III standing. MARTA concedes that Article III standing can be raised at any time and that "the court (and not a jury) decides Article III standing." Opp'n at 9-10 (quoting *In re ATM Fee*) (citing Fed. R. Civ. P. 12(h)(3)). MARTA also does not dispute this Court's authority to hold an evidentiary hearing on standing. Opp'n at 2 (citing *Hohlbein v. Hosp. Ventures LLC*, 248 F. App'x 804, 806 (9th Cir. 2007)). As this Court has already recognized that MARTA may lack an injury in fact, a hearing on Article III standing is appropriate to determine whether MARTA's case can proceed. *See* Order at 30-31 ("[T]he primary way MARTA would have been harmed, *if at all*, is by a reduction in demand . . . .") (emphasis added). ). It is well

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    established that a plaintiff lacks Article III standing when, as in MARTA's case, any injury

2    has been suffered not by the plaintiff, but rather by its customers.  *See W.R. Huff Asset Mgmt.*

3    *Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 107 (2d Cir. 2008); *Indemnified Capital*

4    *Investments, SA. v. R.J. O'Brien & Assocs., Inc.*, 12 F.3d 1406, 1409 (7th Cir. 1993).

5    **III.    Remand Is Not Appropriate And Would Conflict With The Court's**
         **Responsibility To Conduct Pretrial Proceedings**

6

7            Contrary to MARTA's assertions (Opp'n at 1), the Court is not obligated to remand

8    the MARTA action at this time.   MARTA misstates the law when it contends, without

9    citation, that:  "Proceedings that pertain to trial, or may ultimately be handled in the course of

10   trial, are the province of the trial court."  Opp'n at 5.  In fact, the Court's authority in this

11   matter extends to any and all pretrial issues, including matters that could impact the structure

12   of trial in the remand courts.  *See In re Korean Air Lines Co.*, 642 F.3d 685, 699 (9th Cir.

13   2011) ("We confirm the general rule that, in multidistrict litigation, a transferee judge can

14   handle all types of pretrial matters that otherwise would have been handled by the transferor

15   court."); *In re Factor VIII or IX Concentrate Blood Prods. Litig.*, 169 F.R.D. 632, 636–37

16   (N.D. Ill. 1996) (finding that a transferee judge can limit the number of trial witnesses).  The

17   same discretion that allows the transferee court to defer issues to the remand court also

18   permits the transferee court to resolve issues related to trial.   Until pretrial proceedings are

19   complete, this Court retains broad discretion to manage the case, including the timing of

20   remand.  *See FedEx Ground Package Sys. v. United States Judicial Panel on Multidistrict*

21   *Litig.*, 662 F.3d 887, 891 (7th Cir. 2011).

22           Additionally, MARTA incorrectly contends that remand is necessary to facilitate a

23   joint trial in the Eastern District of New York.  Opp'n at 6.  MARTA asserted that prompt

24   remand would enable it to participate in trial "set for June."  *Id.*  Moments after MARTA

25   submitted its opposition, Judge Cogan in the Eastern District of New York issued a modified

26   pretrial schedule, setting jury selection for May 14, 2018, with trial to follow.   Order

27   Regarding Am. Pre-Trial Schedule, *In re EDNY Cathode Ray Tube Antitrust Cases*, No. 1:17-

28   cv-04504-BMC (E.D.N.Y. Jan. 30, 2018), ECF No 92.  Judge Cogan set that trial date with

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    full awareness of the Defendants' pending motion in this Court.  Letter, *In re EDNY Cathode*

2    *Ray Tube Antitrust Cases*, No. 1:17-cv-04504-BMC (E.D.N.Y. Jan. 29, 2018), ECF No 91.

3    MARTA cannot practically join the E.D.N.Y. litigation and participate in a May trial at this

4    late stage.  The parties to a MARTA trial (assuming MARTA has standing to pursue a claim)

5    would need to exchange jury instructions, trial exhibits, deposition designations, and

6    translations, while also completing a myriad of other pretrial tasks including the submission of

7    motions *in limine*.  Further complicating matters is the fact that the Samsung SDI Defendants

8    are not involved in the E.D.N.Y. litigation and therefore will have had no opportunity to

9    prepare for any trial involving MARTA in May 2018.   Additionally, the Defendants

10   understand that the remand DAPs intend to request that the remand court continue the May

11   trial until September to accommodate MARTA's inclusion.   In short, MARTA's timing

12   arguments are speculative and should be given no weight by this Court.  *See* Order Granting

13   Mot. for Rule 54(b) Certification 4 n.2, ECF No. 4927 (assigning "little weight" to parties'

14   scheduling arguments due to the "speculative nature of these arguments").   As MARTA

15   cannot realistically participate in a May trial, this Court is able to conduct an evidentiary

16   hearing without disrupting any other proceedings.

17        MARTA's reference to an earlier scheduling order has no bearing on whether remand

18   is appropriate now.   The referenced 2014 scheduling order entered by Judge Conti was

19   superseded as trial dates moved for a multitude of reasons, including reassignment of the case

20   to a different judge, settlements, and scheduling conflicts.   The timing of remand was also

21   separately ordered by this Court in April 2017 (Order Granting Mot. Suggesting Remand,

22   ECF No. 5137), an order that did not apply to MARTA, which did not join the other DAPs'

23   Motion for Remand.  Certain DAPs' Mot. Suggesting Remand 1 n.2, ECF No. 4985.

24   **IV.    Holding An Evidentiary Hearing On MARTA's Standing Would**
         **Further The Goals Of The MDL Statute**
25

26        MARTA concedes that requirements of Article III and antitrust standing present

27   overlapping issues.  Opp'n at 2, 6.  Given the factual overlap between Article III standing and

28   antitrust standing, holding an evidentiary hearing would efficiently resolve these issues and

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    determine whether remand is necessary.  Under 28 U.S.C. § 1407, this Court is responsible for
2    managing pretrial proceedings in MARTA's action in such a way as to promote the just and
3    efficient conduct of the action.  As described in the Defendants' motion, this Court is most
4    familiar with the facts of the present dispute and is thus best positioned to efficiently resolve
5    the question of MARTA's Article III standing, as well as the "threshold issue" of whether
6    MARTA has antitrust standing.  *See JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of*
7    *Montrose*, 754 F.3d 824, 833 (10th Cir. 2014); *see also R.C. Dick Geothermal Corp. v.*
8    *Thermogenics, Inc*., 890 F.2d 139, 152 (9th Cir. 1989) (*en banc*) ("Establishment of [antitrust]
9    standing, logically, precedes the presentation of a plaintiff's case.").  Remanding this action
10   before resolution of MARTA's standing would not further the goals of the MDL statute.  The
11   remand court has already shown great deference to this Court's rulings on legal questions, and
12   there is no reason to expect a different result as to a decision from this Court resolving
13   MARTA's standing.  The remand court's demonstrated deference to this Court's decisions
14   lessens any "risk of unnecessary expenditure of judicial and party resources."  Opp'n at 11.
15   This Court's broad discretion to conduct pretrial proceedings and determine when remand is
16   appropriate encompasses the ability to hold an evidentiary hearing on standing prior to
17   remand.  In these circumstances, an evidentiary hearing is the most appropriate procedure for
18   the just and efficient resolution of MARTA's standing.

19   **CONCLUSION**

20         For these reasons and the reasons set forth in the motion, the Court should grant
21   Defendants' motion and schedule an evidentiary hearing to ascertain the standing of MARTA.

22
23                                          Respectfully submitted,
24   Dated:  February 6, 2018          **WHITE & CASE** LLP
25
26                                    By:  */s/ Lucius B. Lau*
27                                          Christopher M. Curran (*pro hac vice*)
                                            ccurran@whitecase.com
                                            Lucius B. Lau (*pro hac vice*)
28                                          alau@whitecase.com

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation,
Toshiba America, Inc., Toshiba America
Information Systems, Inc., Toshiba America
Consumer Products, L.L.C., and Toshiba
America Electronic Components, Inc.*

By: */s/ Jeffrey L. Kessler*
WINSTON & STRAWN LLP
Jeffrey L. Kessler (*pro hac vice*)
Eva W. Cole (*pro hac vice*)
Molly M. Donovan (*pro hac vice*)
200 Park Avenue
New York, NY 10166
Telephone:(212) 294-4692
Facsimile: (212) 294-4700
Email:     jkessler@winston.com
           ewcole@winston.com
           mmdonovan@winston.com

WEIL, GOTSHAL & MANGES LLP
David L. Yohai (*pro hac vice*)
Adam C. Hemlock (*pro hac vice*)
767 Fifth Avenue
New York, NY 10153-0119
Telephone:(212) 310-8000
Facsimile: (212) 310-8007
Email:     david.yohai@weil.com
           adam.hemlock@weil.com

*Attorneys for Defendants Panasonic
Corporation (f/k/a Matsushita Electric
Industrial Co., Ltd.), and MT Picture Display
Co., Ltd.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

By: */s/ John Roberti*

John Roberti (*pro hac vice*)
john.roberti@allenovery.com
Nneka Ukpai  (*pro hac vice*)
nneka.ukpai@allenovery.com
ALLEN & OVERY LLP
1101 New York Avenue NW
Washington, DC 20005
202-683-3800

Michael S. Feldberg (*pro hac vice*)
michael.feldberg@allenovery.com
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
212-610-6360

*Attorneys for Samsung SDI Co., Ltd.;*
*Samsung SDI America, Inc.; Samsung SDI*
*Mexico S.A. De C.V.; Samsung SDI Brasil*
*Ltda.; Shenzhen Samsung SDI Co., Ltd.;*
*Tianjin Samsung SDI Co., Ltd.; and Samsung*
*SDI (Malaysia) Sdn. Bhd.*

1

**CERTIFICATE OF SERVICE**

2    On February 6, 2018, I caused a copy of the "DEFENDANTS' REPLY

3  MEMORANDUM IN SUPPORT OF MOTION FOR EVIDENTIARY HEARING RE:

4  MARTA'S STANDING" to be electronically filed via the Court's Electronic Case Filing

5  System, which constitutes service in this action pursuant to the Court's order of September 29,

6  2008.

7

8

9    By:   */s/ Lucius B. Lau*

10       Lucius B. Lau (*pro hac vice*)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR EVIDENTIARY HEARING RE: MARTA'S STANDING
Case No. 07-5944 JST
MDL No. 1917