1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 07-cv-5944-JST<br>Case No. 17-cv-04067-JST<br><br>MDL No. 1917 |
| This document relates to:<br><br>*Luscher v. Mitsubishi Electric Corp.*,<br>No. 17-cv-04067-JST | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT MITSUBISHI ELECTRIC CORPORATION** |

1     It is hereby ORDERED AND DECREED as follows:

2     The motion of the Indirect Purchaser Plaintiffs ("IPPs") for preliminary approval of the

3 Proposed Settlement with Defendant Mitsubishi Electric Corporation (as identified in the

4 Settlement Agreement and inclusive of named related entities) ("Mitsubishi Electric") is hereby

5 GRANTED.

6     1.    The Proposed Settlement with Mitsubishi Electric is preliminarily approved,

7 subject to a final approval hearing of the Proposed Settlement (the "Fairness Hearing").

8     2.    For purposes of the Settlement with Mitsubishi Electric, the Court preliminarily

9 finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied

10 with respect to the Settlement Class. At this preliminary certification phase, and only for

11 purposes of the Settlement with Mitsubishi Electric, the Settlement Class is defined as follows:

12     a.    all persons or entities who or which indirectly purchased in an Indirect

13 Purchaser Jurisdiction, other than Missouri, Montana, and Rhode Island, for their own use

14 and not for resale, CRTs or CRT Products manufactured and/or sold by any Mitsubishi

15 Electric Releasee, or any Alleged Co-Conspirator, where such purchase took place during

16 the following time periods:

17     i.   From March 1, 1995 through November 25, 2007 for purchases in

18     Arizona, Arkansas, California, District of Columbia, Florida, Iowa,

19     Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi,

20     New Hampshire, New Mexico, New York, North Carolina, North

21     Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah,

22     Vermont, West Virginia, and Wisconsin;

23     ii.   From June 25, 2002 through November 25, 2007 for purchases in

24     Hawaii;

25     iii.   From July 20, 2002 through November 25, 2007 for purchases in

26     Nebraska;

27

28

- 1 -

**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT WITH MITSUBISHI ELECTRIC CORPORATION
Case No. 17-cv-04067-JST, MDL No. 1917**

     iv.  From February 4, 1999 through November 25, 2007 for purchases in Nevada;

    b.  All persons who or which indirectly purchased in Missouri from March 1, 1995 through November 25, 2007, for their own use and not for resale, and primarily for personal, family or household purposes, CRTs or CRT Products manufactured and/or sold by any Mitsubishi Electric Releasee, or any Alleged Co-Conspirator;

    c.  All persons who or which indirectly purchased in Montana from March 1, 1995 through November 25, 2007, for their own use and not for resale, and primarily for personal, family, or household purposes, CRTs or CRT Products manufactured and/or sold by any Mitsubishi Electric Releasee, or any Alleged Co-Conspirator;

    d.  All natural persons who indirectly purchased in Rhode Island from March 1, 1995 through November 25, 2007, for their own use and not for resale, and primarily for personal, family, or household purposes, CRTs or CRT Products manufactured and/or sold by any Mitsubishi Electric Releasee, or any Alleged Co-Conspirator;

    e.  specifically excluded from the Settlement Class are Mitsubishi Electric Releasees, Alleged Co-Conspirators, any federal, state or local government entities, and any judicial officer presiding over this action and the members of his/her immediate family and judicial staff.

3.    The Court concludes that, for the sole purpose of the Settlement with Mitsubishi Electric, and without adjudication on the merits, the Settlement Class is sufficiently well-defined and cohesive to merit preliminary approval.

4.    Pursuant to Rule 23(a)(1), the Court determines that the Settlement Class is so numerous that joinder of all members is impracticable.

**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH MITSUBISHI ELECTRIC CORPORATION**
**Case No. 17-cv-04067-JST, MDL No. 1917**

5. For purposes of preliminary approval, the commonality requirement of Rule 23(a)(2) is satisfied because IPPs have alleged one or more questions of fact and law common to the Settlement Class, including whether Mitsubishi Electric violated the antitrust and/or various other laws of the following states: Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

6. Pursuant to Rule 23(a)(3), the Court hereby appoints as Representative Plaintiffs of the Settlement Class all of the individuals and entities identified in the Complaint (*see* 17-cv-4067-JST, ECF No. 1), incorporated herein by reference, and finds that, for settlement purposes only, these Representative Plaintiffs' claims are typical of the claims of the Settlement Class. The claims of the Representative Plaintiffs and absent class members rely on the same legal theories and arise from the same alleged conspiratorial conduct by Mitsubishi Electric and its Alleged Co-conspirators, namely, the agreement to fix, raise, maintain and/or stabilize prices of CRTs sold in the United States.

7. The Court preliminarily finds that the Representative Plaintiffs will fairly and adequately protect the interests of the Settlement Class in satisfaction of the requirements of Rule 23(a)(4) because: (1) the interests of the Representative Plaintiffs are consistent with those of the Settlement Class members; (2) there appear to be no conflicts between or among the Representative Plaintiffs and the other Settlement Class members; (3) the Representative Plaintiffs have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of this litigation; and (4) the Representative Plaintiffs and the Settlement Class members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class action cases, including those concerning violations of antitrust law.

**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH MITSUBISHI ELECTRIC CORPORATION**
**Case No. 17-cv-04067-JST, MDL No. 1917**

8.     The Court preliminarily finds that, for purposes of the Settlement only, questions of law or fact common to members of the Settlement Class predominate over questions affecting only individual members of the Settlement Class under Rule 23(b)(3). Further, a class action resolution in the manner proposed in the Proposed Settlement would be superior to other available methods for a fair and efficient adjudication of the litigation with respect to Mitsubishi Electric. In making these preliminary findings, the Court has considered, *inter alia*, (1) the interest of the Settlement Class members in individually controlling the prosecution or defense of separate actions; (2) the impracticality or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning these claims already commenced; and (4) the desirability of concentrating the litigation of the claims in a particular forum.

9.     The Court hereby approves Mario N. Alioto and Trump, Alioto, Trump & Prescott, LLP as Settlement Class Counsel pursuant to Rule 23(g), and finds that this Settlement Class Counsel has and will fairly and adequately protect the interests of the Settlement Class.

10.    The Court finds that the Proposed Settlement falls within the range of possible final approval. The Court further finds that there is a sufficient basis for notifying class members of the Proposed Settlement, and enjoining class members from continuing this litigation against Mitsubishi Electric pending the conclusion of the Fairness Hearing.

11.    The Notice Company, Inc. is approved to serve as Settlement and Claims Administrator for the Settlement Class.

12.    The Court approves the form and content of the Detailed Notice, attached hereto as Exhibit A, and the Summary Notice, attached hereto as Exhibit B.

13.    The Court finds that notice by publication in various national newspapers, magazines and on the internet, together with direct mail and email notice to potential Class Members and television ads, as described in the Declaration of Joseph Fisher filed concurrently with the motion for preliminary approval, constitutes the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and complies fully with the

- 4 -

1    requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the

2    Constitution of the United States.

3         14.     The Court preliminarily approves the plan of distribution proposed by the IPPs in

4    the motion for preliminary approval and approves the proposed claim form substantially in the

5    form attached hereto as Exhibit C.

6         15.     Within thirty (30) days from the date of this Order, Settlement Class Counsel is

7    hereby directed to cause the Summary Notice to indirect purchasers, substantially in the form

8    attached hereto as Exhibit B, to be published according to the Notice Plan described in the

9    Declaration of Joseph Fisher, filed concurrently with the motion for preliminary approval. The

10   Summary Notice shall direct interested parties to a website, www.CRTclaims.com, maintained

11   by the Settlement Administrator, where the Detailed Notice, substantially in the form of Exhibit

12   A attached hereto, will be provided.

13        16.     All requests for exclusion from the Settlement Class must be postmarked no later

14   than sixty (60) days from the date of publication of notice, and must otherwise comply with the

15   requirements set forth in the Detailed Notice.

16        17.     Any class member who does not properly and timely request exclusion from the

17   Proposed Settlement shall, upon final approval of the Proposed Settlement, be bound by the terms

18   and provisions of the Proposed Settlement so approved, including but not limited to the releases,

19   waiver and covenants described in the Proposed Settlement, whether or not such person or entity

20   objected to the Proposed Settlement and whether or not such person or entity makes a claim

21   against the Settlement Fund.

22        18.     Any member of the Settlement Class who objects to the Proposed Settlement must

23   do so in writing. The objection must include the caption of this case, be signed, and be submitted

24   to the Court (either by mail or by filing it with the Court) no later than sixty (60) days from the

25   date of publication of notice, and shall otherwise comply with the requirements set forth in the

26   Detailed Notice, including submission of proof of membership in the class. Failure to timely

27

28

**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT WITH MITSUBISHI ELECTRIC CORPORATION
Case No. 17-cv-04067-JST, MDL No. 1917**

1   submit a written objection in accordance with the requirements in the Detailed Notice will

2   preclude a class member from objecting to the Proposed Settlement.

3       19.    The Notices shall inform putative members of the Settlement Class that the

4   deadline for the submission of Claim Forms is 120 days from the Notice Publication Date.

5       20.    Any member of the Settlement Class who wishes to speak at the Fairness Hearing

6   must submit a "Notice of Intent to Appear in *In re Cathode Ray Tube (CRT) Antitrust Litigation*,

7   MDL No. 1917" to the Court no later than sixty (60) days from the date of publication of notice,

8   and shall otherwise comply with the requirements set forth in the Detailed Notice.

9       21.    The Court will hold a Fairness Hearing on _____ ___, 2018 at _____

10  ___.m., to determine the fairness, reasonableness, and adequacy of the Proposed Settlement with

11  Mitsubishi Electric. Any member of the Settlement Class who follows the procedure set forth in

12  the notices may appear and be heard at this hearing. The Fairness Hearing may be continued

13  without further notice to the Settlement Class.

14      22.    All briefs, memoranda and papers in support of final approval of the Proposed

15  Settlement, including an affidavit or declaration of the person under whose general direction the

16  publication of the Summary Notice and the Detailed Notice were made, showing that publication

17  was made in accordance with this Order, shall be filed no later than twenty-one (21) days before

18  the Fairness Hearing and shall be posted on the internet at www.CRTclaims.com. Any briefs,

19  memoranda and papers in support of a request for attorneys' fees or reimbursement of litigation

20  expenses shall be filed not later than fourteen (14) days before objections to the Proposed

21  Settlement are due, and shall be posted on the internet at www.CRTclaims.com.

22      23.    The Court approves the establishment of an escrow account, as set forth in the

23  Proposed Settlement, as "Qualified Settlement Funds" pursuant to Treas. Reg. § 1.468B 2(1).

24  The Court retains continuing jurisdiction over any issues regarding the formation or

25  administration of the escrow account. Settlement Class Counsel and his designees are authorized

26

27

28

**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT WITH MITSUBISHI ELECTRIC CORPORATION
Case No. 17-cv-04067-JST, MDL No. 1917**

1    to expend funds from the escrow accounts to pay Taxes, Tax Expenses and notice and

2    administration costs, as set forth in the Proposed Settlement.

3        24.    The Court grants Settlement Class Counsel the right to use the Settlement Fund

4    for payment of the cost of notice(s) to potential members of the Settlement Class regarding the

5    Proposed Settlement and related matters, without the approval of the Court in each instance, so

6    long as (a) the expenses incurred or contracted for are reasonable and necessary to carry out the

7    transactions contemplated by the Proposed Settlement, and (b) counsel for Mitsubishi Electric

8    shall receive from Settlement Class Counsel a full accounting of all expenditures made in the

9    event funds are returned to Mitsubishi Electric under the terms of the Proposed Settlement.

10       25.    All proceedings in this case between IPPs and Mitsubishi Electric are hereby

11   stayed except for any actions required to effectuate the Proposed Settlement or that are otherwise

12   permitted by the Proposed Settlement or agreed to by the IPPs and Mitsubishi Electric.

13

14       SO ORDERED this _____ day of _____, 2018.

15

16

17                                        _____
                                          Hon. Jon S. Tigar
18                                        United States District Judge

19

20

21

22

23

24

25

26

27                                        - 7 -

28

# EXHIBIT A

U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If You Bought a Cathode Ray Tube (CRT) or a TV or Computer Monitor That Contained a CRT
## *You Could Get Money from a $33 Million Settlement.*

*A Federal Court authorized this notice.  This is not a solicitation from a lawyer.*

- Please read this notice carefully.  Your legal rights may be affected whether or not you act.

- This is the fourth legal notice in this case. A $33 million settlement has been reached with Mitsubishi Electric Corporation, in addition to the previous nine settlements in this litigation involving alleged overcharges on the price of  Cathode Ray Tube ("CRT") Products purchased indirectly from the Defendants. "CRT Products" include CRTs and products containing CRTs, such as televisions and computer monitors. "Indirectly" means that you purchased the CRT Product from someone other than the manufacturer  of the CRT Product. For example, you bought a CRT television from a retailer, such as Best Buy, or a CRT monitor from Dell.

- The Court previously approved settlements with nine Defendants: Chunghwa, LG, Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson, and Technologies Displays America ("TDA") (the "Prior Settlements").  A settlement has now been   reached with Mitsubishi Electric Corporation ("New Settlement").

- You can make a claim for money if you indirectly purchased CRT Products, for your own use and not for resale, in Arizona, Arkansas, California, the District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia or Wisconsin (the "Settlement Class"). The purchase must have been made in one of the foregoing states but you do not have to be a resident of these states. Purchases in Missouri, Montana and Rhode Island must have been made primarily for personal, family or household purposes.

- Sony Corporation is **not** a defendant and is **not** alleged to have participated in the conspiracy.  Purchases of Sony® branded CRT Products are **not** eligible to be included in claims filed under the New Settlement. All other brands of CRT Products are eligible.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE NEW SETTLEMENT | |
| --- | --- |
| **SUBMIT A CLAIM BY _____, 2018** | If you submitted a claim in the Prior Settlements, it will automatically be submitted in the New Settlement. You must submit a claim to receive a payment from the New Settlement for CRT Products not already claimed in the Prior Settlements. *See* Question 11 below. |
| **OBJECT BY _____, 2018** | You can file an objection with the Court explaining why you disagree with the New Settlement, the plan  of distribution, the requested attorneys' fees and litigation expenses, and/or the Class Representative awards. *See* Question 17 for specifics. |
| **GO TO THE HEARING ON _____, 2018** | Ask to speak to the Court about the Settlement. *See* Questions 18 and 20. |
| **EXCLUDE  YOURSELF BY _____, 2018** | Excluding yourself from the Settlement Class is the only option that allows you to individually  sue  Mitsubishi Electric Corporation about the claims in this case. *See* Questions 12 and 13   for specifics. |
| **DO NOTHING** | If you submitted a claim in the Prior Settlements, it will automatically be submitted in the New Settlement.  If you have **not** already submitted a claim or if you have additional CRT Products not previously claimed, then you must submit a claim. If you do nothing, then you will **not** receive payment from the New Settlement for CRT Products not previously claimed and you will give up any rights you currently have to separately sue Mitsubishi Electric for the conduct that is the subject of this litigation. |

These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

1

**VISIT www.CRTclaims.com OR CALL TOLL FREE 1-800-649-0963**
**PARA UNA NOTIFICACIÓN EN ESPAÑOL, VISITAR NUESTRO WEBSITE O LLAMAR**

| WHAT THIS NOTICE CONTAINS | |
| --- | --- |

**BASIC INFORMATION** ............................................................................................................ Page 3
   1.  What is this Notice about?
   2.  What is a Cathode Ray Tube ("CRT")?
   3.  What is a CRT Product?
   4.  What is the lawsuit about?
   5.  What is a class action?

**WHO IS INCLUDED IN THE LAWSUIT** ...................................................................................... Page 5
   6.  Who are the Defendant companies?
   7.  How do I know if I am in the Settlement Class?

**THE NEW SETTLEMENT'S BENEFITS** ...................................................................................... Page 7
   8.  What does the New Settlement provide?
   9.  How much money can I get?
  10.  When will I get a payment?

**HOW TO GET A PAYMENT** ...................................................................................................... Page 8
  11.  How can I get a payment?

**RIGHT TO EXCLUDE YOURSELF** .............................................................................................. Page 9
  12.  Who has the right to be excluded?
  13.  How do I exclude myself from the Settlement Class?

**REMAINING IN THE SETTLEMENT CLASS** ................................................................................ Page 9
  14.  What am I giving up if I remain a member of the Settlement Class?

**THE LAWYERS REPRESENTING YOU** ...................................................................................... Page 10
  15.  Do I have a lawyer representing me?
  16.  How will the lawyers be paid?

**OBJECTING OR COMMENTING ON THE NEW SETTLEMENT, PLAN OF DISTRIBUTION, ATTORNEYS' FEES, LITIGATION EXPENSES, AND AWARDS TO CLASS REPRESENTATIVES** ................................................................... Page 10
  17.  How do I object or comment on the New Settlement?

**THE FAIRNESS HEARING** ...................................................................................................... Page 11
  18.  When and where will the Court consider the New Settlement, the plan of distribution, request for attorneys' fees, litigation expenses and awards to Class Representatives?
  19.  Do I have to come to the hearing?
  20.  May I speak at the hearing?

**GET MORE INFORMATION** .................................................................................................... Page 12
  21.  Where can I get more information?

**VISIT www.CRTclaims.com OR CALL TOLL FREE 1-800-649-0963**
**PARA UNA NOTIFICACIÓN EN ESPAÑOL, VISITAR NUESTRO WEBSITE O LLAMAR**

## BASIC INFORMATION

| 1.  What is this Notice about? |
|---|

This Notice is to inform you about a New Settlement that has been reached which may affect your rights, including your right to file a claim, object to, or exclude yourself from the New Settlement. You have the right to know about the New Settlement and about your legal rights and options before the Court decides whether to approve the New Settlement.

**Settlement Class members are eligible to file a claim now to get a payment from the New Settlement (***see*** Question 11).**

The Court in charge is the United States District Court for the Northern District of California. The case is called *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917. The New Settlement relates to claims against Mitsubishi Electric Corporation in *Luscher, et al. v. Mitsubishi Electric Corp.,* Case No. 17-cv-04067-JST ("the Action").  The people and businesses that sued are called the Plaintiffs, and the companies they sued are called the Defendants (*see* Question 6).

| 2.  What is a Cathode Ray Tube ("CRT")? |
|---|

Cathode Ray Tubes ("CRTs") are a display technology that was widely used in televisions and computer monitors.  Before LCD, Plasma and LED display technologies became popular, CRTs were the main technology used in displays.  There are two main types of CRTs: Color Display Tubes ("CDTs" or "Monitor Tubes"), which were used to manufacture computer monitors, and Color Picture Tubes ("CPTs" or "TV Tubes"), which were used to manufacture televisions.  This is what a CRT looks like:



| 3. What is a CRT Product? |
|---|

For the purposes of the lawsuit and the New Settlement, CRT Products means products containing Cathode Ray Tubes, such as televisions and computer monitors.  This is what a CRT Product looks like:

**CRT Monitor:**



**CRT Television:**



| **4. What is the lawsuit about?** |
| --- |

The lawsuit claims that Mitsubishi Electric Corporation conspired with other manufacturers of CRTs to fix the prices of CRTs from March 1, 1995 to November 25, 2007, which resulted in overcharges to people and businesses that bought CRT Products, such as televisions and computer monitors.  The Defendants deny these claims.  The Court has not decided who is right.

The Court previously approved settlements with Chunghwa Picture Tubes Ltd. on March 22, 2012, LG Electronics on April 18, 2014, and Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson, and TDA on July 7, 2016. The total amount of these Prior Settlements is $576,750,000.  The New Settlement with Mitsubishi Electric Corporation provides an additional $33,000,000. The Court still has to decide whether to approve the New Settlement.

### 5. What is a class action?

In a class action, one or more persons or businesses called class representatives sues on behalf of a group or a "class" of others with similar claims. If the Court determines that a case should proceed as a class action, everyone's claims can be combined into a single proceeding, creating efficiencies for the parties and the courts. In a class action, the court resolves the issues for all class members except those who exclude themselves from the Class.

## WHO IS INCLUDED IN THE LAWSUIT?

### 6. Who are the Defendant companies?

The Defendants are manufacturers and/or sellers of CRTs.

**The Defendant companies are:**

- Chunghwa Picture Tubes Ltd.; Chunghwa Picture Tubes (Malaysia) SDN. BHD ("Chunghwa");

- LG Electronics Inc.; LG Electronics USA, Inc.; LG Electronics Taiwan Taipei Co., Ltd. ("LG");

- Koninklijke Philips N.V. (f/k/a Koninklijke Philips Electronics N.V.); Philips Electronics North America Corporation; Philips Taiwan Limited (f/k/a Philips Electronics Industries (Taiwan), Ltd.); Philips do Brasil, Ltda. (f/k/a Philips da Amazonia Industria Electronica Ltda.) (collectively "Philips");

- Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.); Panasonic Corporation of North America; MT Picture Display Co., Ltd.; and an affiliate of Panasonic Corporation, Beijing Matsushita Color CRT Co., Ltd. (collectively "Panasonic");

- Hitachi, Ltd.; Hitachi Displays, Ltd. (n/k/a Japan Display Inc.); Hitachi Electronic Devices (USA), Inc.; Hitachi Asia, Ltd.; Hitachi America, Ltd. ("Hitachi");

- Toshiba Corporation; Toshiba America Information Systems, Inc.; Toshiba America Consumer Products, L.L.C.; Toshiba America Electronic Components, Inc. ("Toshiba");

- Samsung SDI Co. Ltd; Samsung SDI America, Inc.; Samsung SDI Brasil, Ltda.; Tianjin Samsung SDI Co., Ltd.; Shenzhen Samsung SDI Co., Ltd; Samsung SDI Malaysia Sdn. Bhd; Samsung SDI Mexico S.A. de C.V. ("Samsung SDI");

- Technicolor SA (f/k/a Thomson SA); Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.) ("Thomson");

- Technologies Displays Americas LLC (f/k/a Thomson Americas LLC) ("TDA");

- Mitsubishi Electric Corporation.

- LG.Philips Displays, a/k/a LP Displays International, Ltd.;

- IRICO Group Corporation; IRICO Display Devices Co., Ltd.; and IRICO Group Electronics Co., Ltd.;

- Thai CRT Company, Ltd.;

- Samtel Color, Ltd.;

- Orion Electric Company, Ltd.; and

- Videocon Industries, Ltd.

These companies are collectively referred to herein as "Defendants" or "Alleged Co-Conspirators."

## 7. How do I know if I am in the Settlement Class?

The New Settlement has recovered money ("damages") for consumers who indirectly purchased CRT Products in 30 states and the District of Columbia (the "Settlement Class"). These states and the District of Columbia (together "the states") have antitrust and/or consumer protection laws permitting consumers to sue for damages for antitrust violations.

The "Settlement Class" includes:

- all persons or business entities who or which indirectly purchased in Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin, for their own use and not for resale, CRT Products manufactured or sold by any of the Defendants or their alleged co-conspirators (listed in Question 6);
- all persons or business entities who or which indirectly purchased in Missouri or Montana, for their own use and not for resale, and primarily for personal, family, or household purposes, CRT Products manufactured or sold by any of the Defendants or their alleged co-conspirators (listed in Question 6);
- all natural persons who indirectly purchased in Rhode Island, for their own use and not for resale, and primarily for personal, family, or household purposes, CRT Products manufactured or sold by any of the Defendants or their alleged co-conspirators (listed in Question 6).

The purchase must have been made in one of the foregoing states. You do not have to be a resident of one of these states in order to qualify as a member of the Settlement Class.

Class Period: In order to bring a claim, you must have purchased the CRT Product(s) between March 1, 1995 and November 25, 2007. Because Hawaii, Nebraska and Nevada laws allowing consumers to bring a claim were enacted after the beginning of the class period, those states have slightly shorter class periods.

- Purchases of CRT Products in Hawaii must have been made between June 25, 2002 and November 25, 2007.
- Purchases of CRT Products in Nebraska must have been made between July 20, 2002 and November 25, 2007.
- Purchases of CRT Products in Nevada must have been made between February 4, 1999 and November 25, 2007.

**Exclusions:**

- Specifically excluded from the Settlement Class are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and, any affiliate, legal representative, heir or assign of any Defendant.
- Also excluded are named co-conspirators, any federal, state or local government entities, any judicial officer presiding over this action and members of his/her immediate family and judicial staff, and any juror assigned to this action.
- Sony Corporation is not a defendant and purchases of Sony® branded CRTs and CRT Products are excluded from the New Settlement.

The specific class definitions are available at www.CRTclaims.com.

## THE NEW SETTLEMENT'S BENEFITS

### 8. What does the New Settlement provide?

The New Settlement provides that Mitsubishi Electric Corporation will pay Thirty Three Million Dollars ($33,000,000) to Plaintiffs in exchange for a release of the class claims against it. The New Settlement is being presented to the Court for approval. The Court has previously approved nine settlements totaling $576,750,000.

The Settlement Fund of $33,000,000 will be used to pay eligible claimants in the jurisdictions listed in Question 7 based on an allocation plan described in Question 9. Any interest earned on the Settlement Fund will be added to the Settlement Fund. The cost to administer the New Settlement as well as attorneys' fees, litigation expenses and payments to the Class Representatives will be paid from the Settlement Fund (*see* Question 16).

The Settlement Agreement and the papers filed in support of the New Settlement are available for review and download at www.CRTclaims.com, or you can request copies by calling 1-800-649-0963.

### 9. How much money can I get?

A plan has been submitted to the Court explaining how the Settlement Fund will be distributed to the Settlement Class Members. Class Counsel expects to receive eligible claims from: (a) Settlement Class Members that did not submit a claim in connection with the Prior Settlements ("**First-time Claimants**"); and (b) Settlement Class Members that already submitted a claim in connection with the Prior Settlements, but that submit a claim in the New Settlement based on purchases of additional CRT Products not included in their prior claim ("**Repeat Claimants**"). **Repeat Claimants** are expected because Settlement Class Members can now claim for purchases in nine states that were not included in the Prior Settlements: Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah.

Those Settlement Class Members who already submitted claims and do not have any additional purchases on which to base claims in the New Settlement are referred to as "**Prior Claimants**." A **Prior Claimant** will be deemed to have filed a claim in the New Settlement without any further action taken by that claimant.

Payments to claimants will be determined on an adjusted pro-rata basis. This means that payment amounts will be based on the number of valid claims filed and on the number and type of CRT Products purchased. Based on data obtained during the course of the litigation, claims for different types of CRT Products will be weighted as follows:

- Claims for purchases of Standard CPTs or CRT Televisions (screen size of less than 30 inches) will be weighted as 1 CRT unit;
- Claims for purchases of Large CPTs or CRT Televisions (screen size of 30 inches or larger) will be weighted as 4.3 CRT units; and
- Claims for purchases of CDTs or CRT Computer Monitors will be weighted as 3 CRT units.

Each new claim will be assigned a weighted CRT unit count based on the types of CRT Products purchased, as described above. For example, a Settlement Class Member that purchased two Standard CRT televisions (2 x 1 CRT unit) and one CRT monitor (3 CRT units) would have five CRT units (2 + 3 = 5). A Settlement Class Member that purchased five CRT monitors (5 x 3 = 15 CRT units) and two Large CRT televisions (4.3 x 2 = 8.6 CRT units) would have 23.6 CRT units (15 + 8.6 = 23.6).

The settlement funds will then be distributed in four steps:

- **Step 1:** All First-time Claimants and Repeat Claimants will receive a minimum payment of $25 for their newly-claimed CRT units. In other words, First-time Claimants and Repeat Claimants with claims

worth less than $25 will receive the $25 minimum. All Repeat Claimants and Prior Claimants will receive a minimum payment of $10 for their already-claimed CRT units. The $10 minimum payment will be in addition to any amount that such claimants receive for those CRT units under the Prior Settlements.

- **Step 2:** For the first 25 newly-claimed CRT units only, First-time Claimants and Repeat Claimants will receive the same rate as CRT units claimed in the Prior Settlements (referred to as the "Matching Rate," which is currently estimated at approximately $4 per CRT unit), subject to a $4 million cap. For example, a First-time or Repeat Claimant that submits a new claim for two standard CRT televisions (2 CRT units) and 7 CRT monitors (21 CRT units) would receive $92 ($4 x 23 units).

- **Step 3:** For each newly-claimed CRT unit in excess of 25 units, the remaining settlement funds shall be distributed pro rata among First-time Claimants and Repeat Claimants, provided that the CRT unit value may not exceed the Matching Rate. For example, a First-time or Repeat Claimant that submits a new claim for 1000 CRT monitors (1000 x 3 CRT units = 3000 CRT units) would receive $100 for the first 25 CRT units (as described in Step 2). The CRT unit value for the remaining 2975 units would be calculated by dividing the remaining settlement funds by the total number of newly-claimed CRT units claimed by all First-time Claimants and Repeat Claimants, and multiplying that CRT unit value (which may not exceed the Matching Rate) by 2975.

- **Step 4:** if any funds remain unallocated, those funds will be distributed pro rata to all claimants, First-time Claimants, Repeat Claimants, and Prior Claimants, for all CRT units claimed in the New Settlement and the Prior Settlements.

At this time, it is unknown exactly how much money each Settlement Class Member will recover because it will depend on how many valid claims are submitted.

More details about the anticipated distribution of the Settlement Fund are available in the papers filed with the Court in support of settlement approval, which are available on the settlement website, www.CRTclaims.com.

First-time Claimants and Repeat Claimants need to file a valid claim in order to receive a payment for CRT Products not already claimed in the Prior Settlements (*see* Question 11). CRT Products already claimed by Prior Claimants and Repeat Claimants will be deemed filed for the New Settlement without any further action by such claimants. The Claim Form provides additional details on how to submit a claim. Further information is available at www.CRTclaims.com or by calling 1-800-649-0963.

## 10. When will I get a payment?

Payments will be distributed after the Court grants final approval to the New Settlement and after any appeals are resolved. If the Court approves the New Settlement after the hearing on **xxxxxx, 2018**, there may be appeals. We don't know how much time it could take to resolve any appeals that may be filed.

# HOW TO GET A PAYMENT

## 11. How can I get a payment?

**First-time Claimants and Repeat Claimants**: If you (i) are a member of the Settlement Class; (ii) did not submit a claim in connection with the Prior Settlements **or** did make a claim in connection with the Prior Settlements, but want to make a new claim based on additional purchases of CRT Products not included in your original claim (for example, purchases you made in states not included in the previously approved settlements), you must complete and submit a Claim Form. We encourage you to submit a claim online at www.CRTclaims.com. If you do not file online, you can also submit a claim by mail.

**Prior Claimants**: If you submitted a claim in connection with the Prior Settlements, you do not need to resubmit

those claims. Your claim in the Prior Settlements will be automatically submitted in the New Settlement without further action by you.

The Claim Form can be found and completed or downloaded at www.CRTclaims.com, or you can obtain a copy by calling, toll free, 1-800-649-0963, or by texting "CRTclaims" to XXXXX. If you choose to submit your claim online, you must do so on or before **xxxxx, 2018**. If you choose to submit a Claim Form by mail, it must be postmarked by **xxxxx, 2018**, and mailed to:

<div align="center">

CRT Claims
c/o The Notice Company
P.O. Box 778
Hingham, MA 02043

</div>

## RIGHT TO EXCLUDE YOURSELF

### 12. Do I have a right to exclude myself from the Settlement Class?

Yes. If you are a Settlement Class Member and you wish to keep your right to sue Mitsubishi Electric Corporation about the claims alleged and settled in this case (*see* Questions 4 and 7), you must exclude yourself from the Settlement Class. You will not get any money from the New Settlement if you exclude yourself. You may not submit a Claim Form if you exclude yourself from the New Settlement.

You may exclude yourself from the New Settlement regardless of whether or not you excluded yourself from the Prior Settlements. If you exclude yourself from the New Settlement, it will not affect your rights to recover from the Prior Settlements. If you excluded yourself from the Prior Settlements, you are **not** automatically excluded from the New Settlement. You must decide whether or not to exclude yourself from the New Settlement.

### 13. How do I exclude myself from the Settlement Class?

If you choose to exclude yourself from the Settlement Class in the New Settlement and keep your right to sue Mitsubishi Electric Corporation on your own, you must send a letter that includes the following:

- Your name, address and telephone number;
- A statement saying that you request exclusion from the Settlement Class and do not wish to participate in the settlement with Mitsubishi Electric Corporation in *Luscher, et al. v. Mitsubishi Electric Corp.*, Case No. 17-cv-04067-JST; and
- Your signature.

You must mail your exclusion request, postmarked no later than **xxxxx, 2018,** to:

<div align="center">

CRT Indirect Exclusions
c/o The Notice Company
P.O. Box 778
Hingham, MA 02043

</div>

## REMAINING IN THE SETTLEMENT CLASS

### 14. What am I giving up if I stay in the Settlement Class?

If you do not exclude yourself from the Settlement Class, you will have given up your right to sue Mitsubishi Electric Corporation on your own for the claims alleged and settled in this case (*see* Questions 4 and 7) and you will be bound by the New Settlement and all subsequent proceedings, orders and judgments in

this lawsuit. In return for the Settlement Amount (*see* Question 8), Settlement Class members will release Mitsubishi Electric Corporation (and certain related entities defined in the Settlement Agreement) from all claims arising under any federal law or under the laws of any of the 30 States or the District of Columbia relating to the facts underlying the Action, as more fully described in the Settlement Agreement.

The Settlement Agreement describes the released claims in detail, so read it carefully since the Settlement Agreement is binding on you. If you have any questions, you may call the toll-free number and speak to the Settlement Administrator for free. You may also consult your own lawyer at your own expense. The Settlement Agreement and the specific release are available at www.CRTclaims.com.

## THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer representing me?

The Court has appointed Trump, Alioto, Trump & Prescott LLP, 2280 Union Street, San Francisco, CA 94123, to represent you as "Class Counsel" for the Settlement Class. You do not have to pay Class Counsel separately. Class Counsel will seek compensation by asking the Court for a share of the settlement proceeds. If you want to be represented by your own lawyer, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

### 16. How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees based on their work on this litigation, not to exceed one-third of the $33,000,000 Settlement Fund, plus reimbursement of their litigation expenses. Class Counsel may also request awards to the Class Representatives who helped the lawyers on behalf of the Classes. Any payment to the attorneys or the Class Representatives will be subject to Court approval, the attorneys may request less than one-third of the Settlement Fund, and the Court may award less than the requested amount. Any award of attorneys' fees, litigation expenses and Class Representative awards that the Court orders, plus the costs to administer the Settlements, will come out of the Settlement Fund and are subject to Court approval.

The attorneys' motion for fees, litigation expenses and Class Representative awards will be filed on or before **xxxxx, 2018**. The motion will be posted on the website at www.CRTclaims.com. You may register at the website or by calling 1-800-649-0963 to receive an email when the motion(s) are filed.

## OBJECTING TO OR COMMENTING ON THE NEW SETTLEMENT,
## PLAN OF DISTRIBUTION, ATTORNEYS' FEES AND LITIGATION EXPENSES,
## AND AWARDS TO CLASS REPRESENTATIVES

### 17. How do I object or comment on the New Settlement?

You can ask the Court to deny approval by filing an objection to the New Settlement. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

If you decide to object, you must do so in writing. The written objection needs to include the following information:

- Your name, address, telephone number, and if you are being assisted by a lawyer, their name, address and telephone number;
- The Action name and number (*Luscher, et al. v. Mitsubishi Electric Corp.*, Case No. 17-cv-04067-JST);
- Proof of membership in the class;
- A brief explanation of your reasons for objecting; and
- Your signature.

The objection must be submitted to the Court either by mailing it to the Class Action Clerk at the address below, or by filing it in person at any location of the United States District Court for the Northern District of California.  **The objection must be filed with the Court or postmarked on or before xxxxx, 2018:**

| COURT |
|---|
| Class Action Clerk |
| United States District Court for the |
| Northern District of California |
| 450 Golden Gate Avenue, 16th Floor |
| San Francisco, CA 94102 |

## THE FAIRNESS HEARING

### 18. When and where will the Court consider the New Settlement, the plan of distribution, request for attorneys' fees and litigation expenses, and awards to Class Representatives?

The Court is scheduled to hold a Fairness Hearing to consider the New Settlement at **xx:xx a.m**. on **xxxxx, 2018**, at the United States District Court for the Northern District of California, Courtroom 9, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. The hearing may be moved to a different date or time without additional notice, so you should check the website www.CRTclaims.com for current information.

At this hearing the Court will consider whether the New Settlement is fair, reasonable, and adequate. The Court will also consider the plan of distribution, and the requests for attorneys' fees, litigation expenses and awards to Class Representatives. If there are objections or comments, the Court will consider them at this time. After the hearing, the Court will decide whether to approve the New Settlement, the plan of distribution and the requests for attorneys' fees, litigation expenses and awards to Class Representatives. We do not know how long these decisions will take.

### 19. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you file an objection or comment, you don't have to come  to Court to talk about it. As long as you filed your written objection on time, your objection will be presented to the Court for its consideration.  You may also pay another lawyer to attend on your behalf, but it's not required.

### 20. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must file a "Notice of Intent to Appear in *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917." Be sure to include your name, address, telephone number and your signature. Your Notice of Intent to Appear must be submitted to the Court either by mailing it to the Class Action Clerk at the address in Question 17, or by filing it in person at any location of the United States District Court for the Northern District of California no later than **xxxxx, 2018**. You cannot speak at the hearing if you excluded yourself from the Settlement Class.

## GET MORE INFORMATION

**21. Where can I get more information?**

This notice summarizes the New Settlement.  For the precise terms and conditions of the New Settlement, please see the Settlement Agreement available at www.CRTclaims.com. We encourage you to check this website regularly for developments in this case. You can also get more information about the settlements in the litigation by:

- Calling 1-800-649-0963;
- Texting "CRTclaims" to XXXXX;
- Writing to CRT Questions, c/o The Notice Company, P.O. Box 778, Hingham, MA 02043;
- Accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov; or
- Visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**ALL INQUIRIES CONCERNING THIS NOTICE**
**SHOULD BE MADE TO THE SETTLEMENT ADMINISTRATOR**

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE**

# EXHIBIT B

# If You Bought Cathode Ray Tubes

# or

# Products containing Cathode Ray Tubes

# Get Money from $33 Million Settlement

# Simple Online Claim Form Takes 3-5 Minutes

A class action Settlement has been reached with Mitsubishi Electric Corporation involving Cathode Ray Tubes ("CRTs"), a display device that was the main component in TVs and computer monitors. The lawsuit claims that Mitsubishi Electric conspired to fix the prices of CRTs, causing consumers to pay more for CRTs and products containing CRTs, such as TVs and computer monitors ("CRT Products"). Mitsubishi Electric denies Plaintiffs' allegations. The case is entitled *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917 (N.D. Cal.).

## Who is included in the Settlement?

Individuals and businesses (and natural persons in RI) who or which:

- Indirectly purchased a CRT Product (CRT, TV, or computer monitor), in AZ, AR, CA, FL, HI, IA, KS, MA, ME, MI, MN, MO, MS, MT, NE, NH, NV, NM, NY, NC, ND, OR, RI, SC, SD, TN, UT, VT, WV, WI, or the District of Columbia between March 1, 1995 and November 25, 2007 (HI, NE, and NV have shorter claim periods);
- For their own use and not for resale.

"Indirectly" means that you purchased the CRT Product from someone other than the manufacturer of the CRT Product, e.g. you purchased from Best Buy or Dell. Purchases in MO, MT, and RI must have been made primarily for personal, family, or household purposes. Purchases of Sony products are excluded. More information is available at www.CRTclaims.com or by calling 1-800-649-0963).

## What does the Settlement provide?

Mitsubishi Electric has agreed to pay $33 million to settle the claims against it. Individuals and businesses (and natural persons in RI) that purchased CRT Products in the above-listed states are eligible to file a claim. You must have purchased in one of those states, but you do not have to be a resident of one of those states.

The amount of money you will receive depends on the type and quantity of CRT Products you purchased and the total number of claims made. Eligible claimants are expected to get a minimum payment of $25 for first-time claimants or $10 for prior claimants (who filed claims in prior settlements with other defendants in this litigation). More information is available at www.CRTclaims.com, or by calling 1-800-649-0963.

## How can I get a payment?

Claim online or by mail by **XXXX xx, 2018**. The simple online Claim Form only takes 3-5 minutes for most individuals. If you previously submitted a claim regarding your purchases of CRT Products, you do not have to resubmit it to benefit from this Settlement, unless you have additional purchases to claim.

## What are my rights?

If you do nothing, you will be bound by the Court's decisions.  If you want to keep your right to sue the Defendant, you must exclude yourself from the Settlement Class by **XXXX xx, 2018**.  If you stay in the Settlement Class, you may object to the Settlement by **XXXX xx, 2018**.

The Court will hold a hearing on **XXXX xx, 2018** at **xx:xx a.m.** to consider whether to approve the Settlement and a request for attorneys' fees up to one-third of the Settlement Fund, plus reimbursement of litigation expenses, and awards to Class Representatives. This date may change so please check the website. You or your own lawyer may appear and speak at the hearing at your own expense.

| For More Information: | **1-800-649-0963  www.CRTclaims.com**<br>**Text: "CRTclaims" to XXXXX** (text messaging rates may apply)<br>Para una notificacion en Espanol, llamar o visitar nuestro website.<br>**PLEASE DO NOT CONTACT THE COURT** |
|---|---|

# EXHIBIT C

**In Re: Cathode Ray Tube (CRT) Antitrust Litigation (MDL No. 1917)**
*(U.S. District Court for the Northern District of California)*

<div style="background:black;color:white">

## MITSUBISHI ELECTRIC SETTLEMENT
## CATHODE RAY TUBE (CRT) INDIRECT PURCHASER CLAIM FORM
### Deadline for Submission is _____, 2018

</div>

### GENERAL INSTRUCTIONS & DEFINITIONS

This Claim Form is for the 2018 Mitsubishi Electric Settlement ("**New Settlement**") in the Cathode Ray Tube ("CRT") indirect purchaser actions. Your claim must be submitted online by, or mailed and postmarked by, _____, 2018. Claims from the 2015 Prior Settlements ("**Prior Settlements**") with other manufacturers of CRT Products are no longer being accepted. **Additional information is provided in the Detailed Notice of Settlement, available at www.CRTclaims.com.**

The New Settlement encompasses indirect purchases of CRT Products manufactured by any company, not just by Mitsubishi. Only Sony® branded CRT Products are NOT eligible to be included in this case.  All other brands of CRT Products are eligible.

**What are CRT Products?**  CRT Products include Cathode Ray Tubes ("CRTs") and products containing CRTs, such as televisions and computer monitors.  **See Questions 2 & 3 in the Detailed Notice.**

**What is an "Indirect" Purchase?**  "Indirectly" means that you purchased the CRT Product from someone other than the manufacturer of the CRT Product. For example, you bought a CRT television from a retailer, such as Best Buy, or a CRT monitor from Dell.

**Who should submit a claim in the New Settlement?**

- **First-time Claimants:**  If you did *not* submit a claim in the Prior Settlements then you are considered a  "First-time Claimant." **You *must* complete and submit a Claim Form in order to get a payment from the New Settlement.**

- **Prior Claimants:**  If you (or someone on your behalf) submitted a claim in the Prior Settlements *and* you do not have any additional purchases on which to base claims in the New Settlement, you are considered a "Prior Claimant." **You do *not* need to submit a claim in the New Settlement.**  Your previous claim will be automatically submitted in the New Settlement without any further action taken by you.

-  **Repeat Claimants:**  If you already submitted a claim in connection with the Prior Settlements but you now want to submit a claim for purchases of **additional CRT Products that were not included in your prior claim ("Newly Claimed Units")**, you are considered a "Repeat Claimant." Repeat Claimants are expected because you can now claim for purchases in nine states that were not included in the Prior Settlements: Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah. **You must complete and submit a Claim Form in order to get a payment from the New Settlement for your Newly Claimed Units**.

**How do you submit a Claim Form?**  To claim for CRT Products that were not included in claims already submitted in the Prior Settlements, you must submit a claim. You may complete this Claim Form and submit it by mail to:

> CRT Claims
> c/o The Notice Company
> P.O. Box 778
> Hingham, MA 02043

**OR you may submit your claim online, which is the easiest method, at www.CRTclaims.com.**

**Claims must be submitted by no later than MONTH xx, 2018.**

**Which States and Consumers does the New Settlement cover?**

In order to make a valid claim, you must have been an "Eligible Consumer" who purchased your CRT Product(s) in an "Eligible State" during the specified time frames ("Claims Periods") as follows:

| Eligible Consumers | Eligible States | Claims Periods |
|---|---|---|
| All persons or entities (individual or business) that indirectly purchased CRT Products for their own use and not for resale | Arizona, Arkansas, California, District of Columbia, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin | March 1, 1995 through November 25, 2007 |
| | Hawaii | June 25, 2002 through November 25, 2007 |
| | Nebraska | July 20, 2002 through November 25, 2007 |
| | Nevada | February 4, 1999 through November 25, 2007 |
| All persons or entities (individual or business) that indirectly purchased CRT Products for their own use and not for resale, and primarily for personal, family or household purposes | Missouri and Montana | March 1, 1995 through November 25, 2007 |
| All **natural persons** who indirectly purchased CRT Products for their own use and not for resale, and primarily for personal, family, or household purposes | Rhode Island | March 1, 1995 through November 25, 2007 |

You must answer the Eligibility Questions below, by checking the appropriate boxes, to see if you are eligible. The Claim Form must be dated and signed by the Class Member (or, if deceased, by an estate representative).

**THIRD-PARTY SUBMISSIONS:** If you are submitting this Claim Form on behalf of someone else, you MUST complete the CLAIM SUPPLEMENT and send it along with the completed Claim Form.

## PART 1: ELIGIBILITY QUESTIONS

1. **Did you purchase a CRT Product, which you did not already claim in the Prior Settlements, for your own use and not for resale in any of the following states:**

   a. Arizona, Arkansas, California, District of Columbia, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin, between March 1, 1995, and November 25, 2007?

   ☐ Yes ☐ No

   b. Hawaii between June 25, 2002, and November 25, 2007?

   ☐ Yes ☐ No

   c. Nebraska between July 20, 2002, and November 25, 2007?

   ☐ Yes ☐ No

d.      Nevada between February 4, 1999, and November 25, 2007?

☐ Yes    ☐ No

e.      Missouri and Montana between March 1, 1995, and November 25, 2007, where the purchase was primarily for personal, family or household purposes?

☐ Yes    ☐ No

f.      Rhode Island between March 1, 1995, and November 25, 2007, where the purchase was primarily for personal, family or household purposes and you are a natural person (which means that you are not a legally-created entity such as a corporation or a limited liability company)?

☐ Yes    ☐ No

2.      **Did you purchase a CRT Product, which you did not already claim in the Prior Settlements, from a retail store or someone other than Mitsubishi Electric or an alleged co-conspirator?** For example, if you purchased a CRT television or computer monitor from a retailer like Best Buy or a computer manufacturer like Dell, then your answer should be "Yes." If you made no purchases from a retailer or other supplier and you only purchased a CRT television or computer monitor directly from Mitsubishi or an alleged co-conspirator, then your answer should be "No."

☐ Yes    ☐ No

You are eligible for payment only if you answered "Yes" for at least one state listed in Question 1 AND "Yes" to Question 2.   To get a payment you must, on or before _____, 2018, submit your Claim Form online at **www.CRTclaims.com** or complete Parts 1, 2, 3 and 4 of this Claim Form and mail it to: CRT Claims, c/o The Notice Company, P.O. Box 778, Hingham, MA 02043.

If you have questions about your eligibility to participate or on how the Settlement Fund will be distributed, you should review the Detailed Notice and other documents at the website.  You may also call 1-800-649-0963 if you have any questions.

## PART 2:  PURCHASE INFORMATION

In order to make a valid claim, you must have purchased your CRT Product(s) in an eligible state during the specified Claims Periods as listed above.

Enter the total number of CRT Products that you purchased during the Claims Period that applies to you.  Only include qualifying products for which you answered "Yes" to the Eligibility Questions in Part 1. **Do NOT include any CRT Products that were already claimed in the Prior Settlements.**

| **Instructions**: Provide the total number of CRT Products purchased during the Claims Periods. For example, if you bought 3 computer monitors, write "3" in the corresponding space. Please do NOT provide the amount paid or the size of the CRT Products. | |
| --- | --- |
| **PRODUCT TYPE** | **NUMBER OF CRT PRODUCTS PURCHASED Do NOT Include Any CRT Products Claimed in the Prior Settlements** |
| Standard CRT Television (screen size less than 30 inches): | _____ Purchased |
| Large CRT Television (screen size 30 inches or larger): | _____ Purchased |
| CRT Computer Monitor: | _____ Purchased |
| Other  CRT Product(s) (Please describe the products): | _____ Purchased |

(Attach additional page(s) if necessary.)

**Important Notes:**

1. You should only make a claim for "Other CRT Products" if you purchased CRT Products that were neither televisions nor computer monitors. If you do not include an adequate description of the Other CRT Products purchased, your Other CRT Products may be removed from the claim.
2. Incomplete or inaccurate claim forms submitted as placeholders to be completed later will not be valid.
3. All claims are subject to audit and large claims will require verification - all claimants should keep any proof of purchase.
4. Sony® branded televisions and monitors are NOT eligible to be included in this case.

| PART 3:  CLASS MEMBER INFORMATION |
|---|

**If Claimant is a NATURAL PERSON (INDIVIDUAL):**

| Class Member's First Name | M. I. | Class Member's Last Name | Suffix |
|---|---|---|---|
|  |  |  |  |

**If Claimant is a BUSINESS:**

Entity Name / Business Name of Class Member

Person to contact if there are questions regarding this claim:

Specify one of the following – Class Member is:

☐ Individual   ☐ Business (1-10 Employees)   ☐ Business (11-50 Employees)   ☐ Business (Greater than 50 Employees)

Class Member's (or Estate Representative's) Mailing Address: Number and Street or P.O. Box

| City | State | Zip Code |
|---|---|---|
|  |  |  |

| Telephone Number (Day) | Email Address |
|---|---|
|  |  |

**Individuals:**   Provide the last 4 digits of your Social Security Number:   X X X - X X - ☐☐☐☐

OR Provide Date of Birth (Month and Year):   ☐☐ / X X / ☐☐☐☐

**Businesses:**   Provide your Federal Taxpayer Identification Number:   ☐☐ - ☐☐☐☐☐☐☐

OR Provide Date of Formation or Incorporation:   ☐☐ / ☐☐☐ / ☐☐☐☐

> Does this claim include CRT Products that were already claimed in the Prior Settlements?   ☐Yes   ☐No

> Has Claimant previously submitted a Claim Form in the Prior Settlements?   ☐Yes   ☐No

| PART 4: SIGN AND DATE CLAIM FORM |
|---|

I declare under penalty of perjury under the laws of the United States of America, that the information provided in this Claim Form is true and correct to the best of my knowledge and belief.

_____

Signature of Class Member (or Estate Representative)

___ ___ / ___ ___ / ___ ___

Date (MM/DD/YY)

_____

Print Name

_____

Title *(if you are filling out this form for a business)*

**Claims may be audited and any false or fraudulent claim is subject to prosecution.**

| REMINDER |
|---|

Please make sure that you:
1. Complete all four parts of this Claim Form;
2. Sign and date the Claim Form;
3. Submit your Claim Form on or before _____, **2018**, online or by mail to:

|  |  |
|---|---|
| **www.CRTclaims.com** | **OR** |

CRT Claims
c/o The Notice Company
P.O. Box 778
Hingham, MA 02043

4. Keep a copy of the completed Claim Form for your records;
5. Retain any proof of purchase documentation you may have for CRT Products until your claim is closed;
6. We urge you to check the website (www.CRTclaims.com) regularly for further developments in this case. You will be notified if you are required to provide this documentation during the claim verification process.

**In Re: Cathode Ray Tube (CRT) Antitrust Litigation (MDL No. 1917)**

## CLAIM SUPPLEMENT FOR MITSUBISHI ELECTRIC SETTLEMENT
**To be used ONLY if You are submitting a Claim Form on behalf of someone else**

**If you are submitting a Claim Form on behalf of someone else, you must submit (1) this completed Claim Supplement, (2) the completed Claim Form signed by the Class Member, and (3) a Written Authorization, signed and dated by the Class Member, authorizing you to submit a Claim Form in this case on behalf of the Class Member.** If you are submitting a claim on behalf of the estate of a deceased Class Member, this form must be accompanied by a death certificate and an **Affidavit of Entitlement** - available at www.CRTclaims.com/affidavit or from the Settlement Administrator. If you are an attorney or a claims submission company, you must submit a Claim Supplement and a Written Authorization with each Claim Form that you submit on behalf of a Class Member.

Class Member's First Name

M. I.

Class Member's Last Name

Suffix

Your Entity/Business Name

Person to contact if there are questions regarding this claim:

Specify one of the following – You are:

☐ Attorney      ☐ Relative of Class Member      ☐ Claims Submissions Company      ☐ Other:_____

Your Mailing Address: Number and Street or P.O. Box

City

State

Zip Code

Telephone Number (Day)

Email Address

Your Complete Federal Taxpayer Identification Number:  ☐☐ - ☐☐☐☐☐☐☐

Name of Class Member who has authorized you to submit a Claim Form in this case:

## SIGN AND DATE CLAIM SUPPLEMENT

I declare under penalty of perjury under the laws of the United States of America, that the information provided in this Claim Supplement is true and correct to the best of my knowledge and belief.

_____          ___ ___ / ___ ___ / ___ ___
Signature of Person Submitting Claim Supplement          Date (MM/DD/YY)

_____          _____
Print Name          Title

**Did you attach the Class Member's Written Authorization (or required estate documents as listed above)?**

**Claim Supplement will not be accepted unless (1) you include a Written Authorization, signed and dated by the Class Member, authorizing you to submit a Claim Form in this case on behalf of the Class Member, (2) the completed Claim Form signed by the Class Member, and (3) this signed Claim Supplement.**