MARIO N. ALIOTO, ESQ. (56433)
JOSEPH M. PATANE, ESQ. (72202)
LAUREN C. RUSSELL, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA  94123
Telephone:  (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-cv-05944-JST<br>Case No. 17-cv-04067-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*Luscher, et al. v. Mitsubishi Electric Corp.,* No. 17-cv-04067-JST | **SUPPLEMENTAL DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS  ACTION SETTLEMENT WITH DEFENDANT MITSUBISHI ELECTRIC CORPORATION**<br><br>Hearing Date:  April 5, 2018<br>Time: 2:00 p.m.<br>Courtroom: 9, 19th Floor<br>Judge:  Honorable Jon S. Tigar |

I, Mario N. Alioto, declare:

1.      I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am a partner with the law firm Trump, Alioto, Trump & Prescott, LLP and my firm serves as the Court-appointed Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs") in the above-captioned action. I submit this Supplemental Declaration in further support of the IPPs' Motion for Preliminary Approval of Class Action Settlement with Defendant Mitsubishi Electric Corporation ("Mitsubishi Electric"), filed on February 14, 2018, ECF No. 5245. The matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2.      Attached hereto as Exhibit A is a true and correct copy of the October 25, 2017 Settlement Agreement entered into between IPPs and Mitsubishi Electric with the signed Addendum to the Settlement Agreement attached thereto. The Addendum has now been signed by Mitsubishi Electric.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 20th day of February 2018 at San Francisco, California.

/s/ Mario N. Alioto
Mario N. Alioto

***Lead Counsel for the Indirect Purchaser Plaintiffs***

# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into this **25**th day of October, 2017 (the "Execution Date"), by and between Mitsubishi Electric Corporation ("Mitsubishi Electric") and the indirect-purchaser plaintiff class representatives ("Plaintiffs"), both individually and on behalf of a proposed settlement class of indirect purchasers of Cathode Ray Tube (CRT) Products ("the Settlement Class") as more particularly defined below.

WHEREAS, Plaintiffs have prosecuted claims in *In Re Cathode Ray Tube (CRT) Antitrust Litigation,* MDL No. 1917 (N.D. Cal.) (the "MDL") on their own behalf and on behalf of other indirect purchaser classes, against other defendant manufacturers of CRTs;

WHEREAS, Plaintiffs have brought an additional class action, by filing a Class Action Complaint (the "Complaint") relating to the MDL claims against Mitsubishi Electric in *Luscher, et al., v. Mitsubishi Electric Corp.*, No. 17-cv-04067 (N.D. Cal.) ("the Action");

WHEREAS, Plaintiffs allege in the Complaint that Mitsubishi Electric participated in an unlawful conspiracy to raise, fix, maintain, or stabilize the price of CRTs at artificially high levels in violation of various state antitrust, unfair competition and consumer protection laws of the jurisdictions alleged in the Complaint, as defined below, and that, as a result of the alleged CRT conspiracy, Plaintiffs and similarly-situated indirect purchasers of CRT Products in those jurisdictions paid more for CRT Products than they would have paid in the absence of the conspiracy;

WHEREAS, Mitsubishi Electric denies Plaintiffs' allegations and is prepared to assert defenses to Plaintiffs' claims;

WHEREAS, Plaintiffs have conducted extensive discovery into the facts and extensive analysis of the law in the MDL regarding the subject matter of the Complaint and have concluded that resolving claims against Mitsubishi Electric according to the terms set forth below is in the best interest of Plaintiffs and the Settlement Class;

WHEREAS, Plaintiffs and Mitsubishi Electric exchanged their positions regarding the merits of the case, and have engaged in a mediation conducted with the assistance of U.S. Magistrate Judge Jacqueline Scott Corley;

WHEREAS, with Magistrate Judge Corley's assistance, the parties were able to reach agreement to resolve the claims of the Plaintiffs and the Settlement Class against Mitsubishi Electric without further litigation; and

WHEREAS, Mitsubishi Electric, despite its belief that it is not liable for the claims asserted and that it has good defenses thereto, has nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, to obtain the releases, orders, and judgment contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted against Mitsubishi Electric based on the allegations of the Complaint, as more particularly set out below;

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that the Complaint and all claims against Mitsubishi Electric be settled, compromised, and dismissed on the merits with prejudice as to the Mitsubishi Electric Releasees, as defined below, and except as hereinafter provided, without costs as to

2

Plaintiffs, the Settlement Class, or Mitsubishi Electric, subject to the approval of the Court, on the following terms and conditions:

    A.    Definitions.

    1.    "Alleged Co-Conspirators" shall mean any and all entities alleged in the Complaint, or later alleged, to have participated in, the improper conduct alleged in the Complaint, as well as their past and present, direct and indirect, parents, subsidiaries, affiliates, joint ventures, unincorporated entities, divisions, and groups; the predecessors, successors and assigns of any of the above; and each and all of the present and former principals, partners, officers, directors, supervisors, employees, agents, representatives, insurers, attorneys, heirs, executors, administrators, and assigns of each of the foregoing.

    2.    "Class Period" is defined as alleged in the Complaint, Paragraph 24.

    3.    "Court" shall mean the United States District Court for the Northern District of California.

    4.    "CRTs" and "CRT Products" are defined as alleged in the Complaint, Paragraph 21 through 23.

    5.    "Indirect Purchaser Jurisdiction/s" shall mean Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and/or Wisconsin.

    6.    "Mitsubishi Electric Releasees" means Mitsubishi Electric Corporation and all of its past and present, direct and indirect, parents, subsidiaries, affiliates, joint ventures, unincorporated entities, divisions, and groups; the predecessors, successors and assigns of

3

any of the above; and each and all of the present and former principals, partners, officers, directors, supervisors, employees, agents, representatives, insurers, attorneys, heirs, executors, administrators, and assigns of each of the foregoing. Without limiting the generality of this definition, the term "Mitsubishi Electric Releasees" shall be interpreted to include Mitsubishi Electric US, Inc. (MEUS) (f/k/a Mitsubishi Electric & Electronics USA, Inc.), individually and as successor to Mitsubishi Electronics America, Inc. (MELA); MELA; Mitsubishi Electric Visual Solutions America, Inc. (MEVSA); Mitsubishi Digital Electronics America, Inc. (MDEA), individually and as successor to Mitsubishi Consumer Electronics America, Inc. (MCEA); NEC-Mitsubishi Electric Visual Systems Corporation (NMV); and NEC-Mitsubishi Electronics Display of America, Inc. (NMDA).

7. "Plaintiffs" shall mean the individual class representative plaintiffs listed in the Complaint.

8. "Released Claims" means the claims released under this Settlement Agreement as defined below in Paragraph 22 of this Agreement.

9. "Releasors" means the Plaintiffs and the Settlement Class Members, and their past and present principals, partners, officers, directors, supervisors, employees, agents, stockholders, attorneys, servants, representatives, parents, subsidiaries, affiliates, insurers and all other persons, partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executives, administrators and assigns of any of the foregoing, as well as anyone claiming by, for, or through the Releasors.

10. "Settlement Class" shall mean:

(a) all persons or entities who indirectly purchased in an Indirect Purchaser Jurisdiction, other than Rhode Island, for their own use and not for resale,

4

CRTs or CRT Products manufactured and/or sold by any Mitsubishi Electric Releasee, or any Alleged Co-Conspirator, where such purchase took place during the following time periods:

> 1) From March 1, 1995 through November 25, 2007 for purchases in Arizona, Arkansas, California, District of Columbia, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin;
>
> 2) From June 25, 2002 through November 25, 2007 for purchases in Hawaii;
>
> 3) From July 20, 2002 through November 25, 2007 for purchases in Nebraska;
>
> 4) From February 4, 1999 through November 25, 2007 for purchases in Nevada;

(b)     all natural persons who indirectly purchased in Rhode Island from March 1, 1995 through November 25, 2007, for their own use and not for resale, CRTs or CRT Products manufactured and/or sold by any Mitsubishi Electric Releasee, or any Alleged Co-Conspirator;

(c)     specifically excluded from the Settlement Class are Mitsubishi Electric Releasees, Alleged Co-Conspirators, any federal, state or local government

5

entities, and any judicial officer presiding over this action and the members of his/her immediate family and judicial staff.

11. "Settlement Class Counsel" shall mean:

> Mario N. Alioto
> Trump, Alioto, Trump & Prescott LLP
> 2280 Union Street
> San Francisco, CA 94123

12. "Settlement Class Member" means the Plaintiffs and each member of the Settlement Class who, after receiving notice of the settlement contemplated by this Agreement, does not timely elect to be excluded from the Settlement Class.

B. Approval of this Agreement and Dismissal of Claims Against Mitsubishi Electric.

13. Plaintiffs and Mitsubishi Electric shall use their best efforts to effectuate this Agreement, including cooperating in seeking the Court's approval for the establishment of procedures (including the giving of class notice under Federal Rules of Civil Procedure 23(c) and (e)) to secure the complete and final dismissal with prejudice of the Action, without undue delay.

14. Plaintiffs shall, within a reasonable time after the Execution Date, submit to the Court a Preliminary Approval Motion or Motions ("Preliminary Approval Motion"), along with a Proposed Order requesting the following:

(a) directing that proceedings on the Complaint be held in abeyance pending consideration of this Agreement, if not already entered;

(b) approving the certification of the Settlement Class. The parties agree to stipulate that the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied as to the Settlement Class;

6

(c)     establishing procedures for the giving of notice to the Settlement Class of the Settlement provided for in this Agreement; defining the form and content of that notice; setting forth the method and timing of notice; directing that the Settlement Class be given notice of the date of the hearing at which the Court will consider whether finally to approve this Settlement Agreement; and authorizing Settlement Class Counsel to disseminate notice of the settlement and the proposed final judgment contemplated by this Agreement to the Settlement Class;

(d)     granting preliminary approval to the Agreement; and

(e)     setting a schedule for further proceedings in the case, including the schedule and procedure for any objections, for any motion for final approval of the Agreement, and for a hearing on that motion.

15.     The text of the Preliminary Approval Motion, its exhibits, and the proposed form of order shall be agreed upon by Plaintiffs and Mitsubishi Electric before submission to the Court.

16.     The Preliminary Approval Motion shall recite and ask the Court to find that the proposed form of and method for dissemination of the notice of settlement constitutes valid, due and sufficient notice to the Settlement Class, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of due process, Federal Rule of Civil Procedure 23, and any applicable state laws.

17.     If notice to the Settlement Class is given jointly with a notice of settlement(s) with any other settling defendant, for purposes of Paragraph 27 below, the costs of notice and claims administration shall be prorated with any other such defendant based on their respective settlement amounts.

7

18.     Notice to the Settlement Class shall advise the persons and entities in the Settlement Class of their right to seek exclusion from the Settlement Class, contain the date by which all requests for exclusion must be submitted ("Opt-out Deadline"), and set forth the procedure for requesting exclusion.

19.     Thereafter, in accordance with a schedule established by the Court, Plaintiffs shall file a motion in which they may seek the entry of an order and final judgment ("Final Approval Motion") to secure the complete, and final dismissal with prejudice of the Complaint, without undue delay, as to Mitsubishi Electric only. The Final Approval Motion shall include a proposed form of order. The text of the Final Approval Motion, its exhibits, and the proposed form of order shall be agreed upon by Plaintiffs and Mitsubishi Electric before submission of the Motion. The proposed order and final judgment sought in the Final Approval Motion will include, at a minimum, the substance of the following provisions:

(a)     as to the Complaint, approving finally this settlement and its terms as being a fair, reasonable and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

(b)     as to Mitsubishi Electric, directing that the Complaint be dismissed with prejudice and, except as provided for in this Agreement, without costs and expenses;

(c)     directing Settlement Class Counsel to implement this Settlement Agreement, including administering and distributing the settlement to the Settlement Class;

8

(d)      reserving exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of this settlement, to the Court, which shall be exclusive to the extent permitted by law; and

(e)      determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing entry of final judgment of dismissal as to Mitsubishi Electric.

20.      This Agreement shall become final when (i) the Court has entered a final order approving this Agreement under Federal Rule of Civil Procedure 23(e) and a final judgment dismissing the Complaint with prejudice as to Mitsubishi Electric against all Settlement Class Members and without costs other than those provided for in this Agreement, and (ii) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as to the Mitsubishi Electric described in (i) hereof has expired or, if appealed, approval of this Agreement and the final judgment as to Mitsubishi Electric have been affirmed in their entirety by the court of last resort to which such appeal has been taken and such affirmance is no longer subject to further appeal or review. It is agreed that the provisions of Rule 60 of the Federal Rules of Civil Procedure shall not be taken into account in determining the above-stated times. On the Execution Date, Plaintiffs and Mitsubishi Electric shall be bound by the terms of this Agreement, and this Agreement shall not be rescinded except in accordance with Paragraph 36 of this Agreement.

21.      Neither this Agreement (whether or not it should become final) nor the final judgment, nor any and all negotiations, documents and discussions associated with them, shall be deemed or construed to be an admission by Mitsubishi Electric (or the Mitsubishi

9

Electric Releasees) or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by Mitsubishi Electric (or the Mitsubishi Electric Releasees), or of the truth of any of the claims or allegations contained in the Complaint or any pleading by Plaintiffs filed in the MDL, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the MDL or in any other action or proceeding. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out this Agreement by any of the settling parties shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, other than in a proceeding to enforce this Agreement, or to defend against the assertion of Released Claims, or as otherwise required by law.

C.    Release, Discharge, and Covenant Not to Sue.

22.    In addition to the effect of any final judgment entered in accordance with this Agreement, upon this Agreement becoming final as set out in Paragraph 20 of this Agreement, and in consideration of payment of the Settlement Amount, as specified in Paragraph 25 of this Agreement, and for other good and valuable consideration identified in this Agreement, the Releasors shall completely release, acquit, and forever discharge the Mitsubishi Electric Releasees from any and all claims, demands, judgments, actions, suits, causes of action, whether class, individual, or otherwise (whether or not any Settlement Class Member has objected to the settlement or makes a claim upon or participates in the Settlement Fund, whether directly, representatively, derivatively, or in any other capacity) that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of, or in any way arising out of, any and all known and unknown, foreseen and

10

unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated claims, injuries, damages, and consequences thereof in any way arising out of or relating in any way to any act or omission of the Mitsubishi Electric Releasees (or any of them) or any other entity concerning the manufacture, supply, distribution, sale, or pricing of CRTs or CRT Products up to the Execution Date, and concerning any conduct alleged or that could have been alleged by Releasors, or causes of action asserted or that could have been asserted by Releasors, regarding the CRT conspiracy alleged in the Complaint (that is, any conspiracy concerning the manufacture, supply, distribution, sale, or pricing of CRTs, whether sold separately or as part of CRT Products), arising under any federal law or under the laws of any Indirect Purchaser Jurisdiction (whether state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, unjust enrichment, contract, or trade practice or any other law of those jurisdictions) (the "Released Claims"). Releasors shall not, after the Execution Date, sue or otherwise seek to establish liability against any Mitsubishi Electric Releasee based, in whole or in part, upon any of the Released Claims or conduct at issue in the Released Claims, except that Releasors reserve the right, in pursuing claims in the MDL against defendants other than the Mitsubishi Electric Releasees, to assert that Mitsubishi Electric participated in the alleged conspiracy to fix prices. However, this paragraph shall not preclude Plaintiffs from pursuing any and all of their claims against other defendants, excepting the Mitsubishi Electric Releasees, for the sale of CRTs or CRT Products by those other defendants, or any subsidiary or affiliate thereof, or their alleged co-conspirators, including claims against those other defendants for sales of CRTs or CRT Products manufactured by Mitsubishi Electric.

11

23. The release, discharge, and covenant not to sue set forth in Paragraph 22 of this Agreement does not include claims by any of the Settlement Class Members other than the Released Claims. For example, those provisions do not include Settlement Class Members' claims arising out of product liability, personal injury, or breach of contract not related to the subject matter of the Complaint, or claims arising under the laws of any jurisdiction not included in the Indirect Purchaser Jurisdictions. The release, discharge, and covenant not to sue set forth in Paragraph 22 of this Agreement also does not include claims by any person or entity that is not a member of the Settlement Class.

24. In addition to the provisions of Paragraph 22 of this Agreement, Releasors hereby expressly waive and release, upon this Agreement becoming final, any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which states:

> CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR;

or by any law of any state of the United States, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code and applicable to the Settlement Class Members. Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are the subject matter of the provisions of Paragraph 22 of this Agreement, but each Releasor hereby expressly waives and fully, finally, and forever settles and releases, upon this Agreement becoming final, any known or unknown, suspected or unsuspected,

12

contingent or non-contingent claim with respect to the subject matter of the provisions of Paragraph 22 of this Agreement, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

      D.     Settlement Amount.

     25.     Subject to the provisions hereof, and in full, complete and final settlement of the matters asserted in the Complaint as provided herein, Mitsubishi Electric shall pay $33,000,000 (the "Settlement Amount") into an escrow account in United States Dollars to be administered in accordance with the provisions of Paragraph 26 of this Agreement (the "Escrow Account"). Mitsubishi Electric shall deposit the Settlement Amount into the Escrow Account within thirty (30) days after the later of (i) the Execution Date or (ii) the parties' execution of the Escrow Agreement described in Paragraph 26. The amount deposited into the Escrow Account, plus any interest on that amount, less any expenses authorized to be paid from the Escrow Account, shall constitute the "Settlement Fund."

     26.     Escrow Account.

      (a)     The Escrow Account will be established pursuant to an Escrow Agreement with a bank agreed upon by Plaintiffs and Mitsubishi Electric, with such Bank serving as escrow agent ("Escrow Agent") subject to escrow instructions mutually acceptable to Settlement Class Counsel and Mitsubishi Electric, such escrow to be administered under the Court's continuing supervision and control.

      (b)     The Escrow Agent shall cause the funds deposited in the Escrow Account to be invested in short-term instruments backed by the full faith and credit of the United States Government or fully insured in writing by the United States Government, or money market funds rated Aaa and AAA, respectively by Moody's Investor Services and

13

Standard and Poor's, invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds of these instruments as they mature in similar instruments at their then current market rates. Mitsubishi Electric will bear no risk of loss regarding the funds in the Escrow Account and shall discharge completely its obligation to pay under this Agreement by paying the Settlement Amount to the Escrow Account, as required in Paragraph 25.

(c)     All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and/or further order(s) of the Court.

(d)     Plaintiffs and Mitsubishi Electric agree to treat the Settlement Fund as being at all times a qualified settlement fund within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph 26, including the relation-back election (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(e)     For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the administrator shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without

14

limitation the returns described in Treas. Reg. § 1.468B-2(k)(1)). Such returns (as well as the election described in Paragraph 26 (d)) shall be consistent with Paragraph 26 (d) and in all events shall reflect that all Taxes, as defined below (including any estimated Taxes, interest or penalties), on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in Paragraph 26 (f) hereof.

(f)     All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Mitsubishi Electric or any other Mitsubishi Electric Releasee with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a qualified settlement fund for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of Paragraphs 26 (d) through 26 (f) (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Paragraph 26 (f) ("Tax Expenses")), shall be paid out of the Settlement Fund.

(g)     Neither Mitsubishi Electric nor any other Mitsubishi Electric Releasee nor their respective counsel shall have any liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any

15

amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)). Neither Mitsubishi Electric nor any other Mitsubishi Electric Releasee is responsible nor shall they have any liability therefor. Plaintiffs and Mitsubishi Electric agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of Paragraphs 26 (d) through 26 (f).

(h) If this Agreement does not receive final court approval, then the Settlement Fund shall be returned to Mitsubishi Electric from the Escrow Account by the Escrow Agent within thirty (30) calendar days.

27. Payment of Expenses.

(a) Subject to the proration provision in Paragraph 17, Mitsubishi Electric agrees to permit use of a maximum of $3,000,000 of the Settlement Fund towards reasonable notice to the Settlement Class and the costs of administration of the Settlement Fund set forth in Paragraphs 14 and 19. The $3,000,000, or the lesser prorated amount under Paragraph 17, in reasonable notice and administration expenses are not recoverable by Mitsubishi Electric if this Agreement does not become final pursuant to Paragraph 20, to the extent such funds are expended for notice and administration costs. Other than as set forth in this Paragraph 27 (a), each party shall be liable for its own costs or expenses of the litigation of the Action, including attorneys' fees; fees and expenses of expert witnesses and consultants; and costs and expenses associated with discovery, motion practice, hearings before the Court or any Special Master, appeals, trials or the negotiation of other settlements.

(b) If Settlement Class Counsel have entered or subsequently enter into any other settlements on behalf of the Settlement Class, or some or all of their members, before notice of this Agreement is given to the Settlement Class, Settlement Class Counsel

16

shall use reasonable efforts to provide a single notice to prospective class members of all of the settlements.

E.     The Settlement Fund.

28.     Releasors shall look solely to the Settlement Fund for settlement and satisfaction against the Mitsubishi Electric Releasees of all Released Claims, and shall have no other recovery against Mitsubishi Electric or any other Mitsubishi Electric Releasee, directly or indirectly.

29.     After this Agreement becomes final within the meaning of Paragraph 20, the Settlement Fund shall be distributed in accordance with a plan to be submitted at the appropriate time by Plaintiffs, subject to approval by the Court. In no event shall Mitsubishi Electric or any Mitsubishi Electric Releasee have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such distribution and administration, with the sole exception of the provisions set forth in Paragraph 27 (a) of this Agreement. Mitsubishi Electric shall be dismissed from the Action prior to any distribution of this Settlement Fund.

30.     Plaintiffs and Settlement Class Counsel shall be reimbursed and indemnified solely out of the Settlement Fund for all expenses. Mitsubishi Electric and the other Mitsubishi Electric Releasees shall not be liable for any costs, fees, or expenses of any of Plaintiffs' or the Settlement Class's respective attorneys, experts, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Fund.

17

F.    Cooperation

31.    Upon execution of the Agreement, Mitsubishi Electric shall reasonably cooperate with Settlement Class Counsel as set forth specifically below:

(a)    Mitsubishi Electric shall provide Settlement Class Counsel with copies of all discovery (including among other things, all documents, interrogatories, requests for admission, etc.) Mitsubishi Electric produces to any other party in the MDL, to the extent this discovery has not already been provided to Settlement Class Counsel;

(b)    Mitsubishi Electric agrees to provide a declaration to establish, to the best of its ability, the foundation and authenticity of Mitsubishi Electric's transactional data. In addition, Mitsubishi Electric agrees to provide a declaration to establish, to the best of its ability, the foundation of any Mitsubishi Electric document or data Settlement Class Counsel identifies as necessary for summary judgment and/or trial in the MDL;

(c)    If any document protected by the attorney-client privilege, attorney work product protection, joint defense or any other protection, privilege, or immunity is accidentally or inadvertently produced under this Paragraph, the document shall promptly be destroyed and/or returned to Mitsubishi Electric, and its production shall in no way be construed to have waived any privilege or protection attached to such document;

(d)    Releasors and Settlement Class Counsel agree they will not use the information provided by Mitsubishi Electric or the Mitsubishi Electric Releasees or their representatives under this paragraph for any purpose other than the pursuit of the MDL, and will not publicize the information beyond what is reasonably necessary for the prosecution of the MDL or as otherwise required by law. Any documents and other information provided

18

will be deemed "Highly Confidential" and subject to the protective order entered in the MDL as if they had been produced in response to discovery requests and so designated;

(e) Notwithstanding any other provision in this Agreement, Plaintiffs agree that they and Settlement Class Counsel shall maintain all statements made by Mitsubishi Electric's counsel as strictly confidential; and that they shall not use directly or indirectly the information so received for any purpose other than the prosecution of the MDL. The parties and their counsel further agree that any statements made by Mitsubishi Electric's counsel in connection with and/or as part of this settlement, shall be protected by Federal Rule of Evidence 408, and shall in no event be discoverable by any person or treated as evidence of any kind.

G. Requests for Exclusion

32. The Notice of the settlement provided pursuant to Paragraphs 14 (c) and 18 shall advise members of the Settlement Class of their right, pursuant to Federal Rule of Civil Procedure 23, to request exclusion ("opt out") from the Settlement Class and shall advise members of the Settlement Class of the procedure for requesting exclusion from the Settlement Class and the Opt-Out Deadline. Subject to Court approval, any person or entity seeking exclusion from the Settlement Class must file a written request for exclusion by the Opt-Out Deadline. The notice of settlement and final judgment to be disseminated to the Settlement Class will require that all written requests for exclusion include the full name, address and telephone number of the member of the Settlement Class who is seeking exclusion, and a statement that the member wishes to be excluded from the Settlement Class. Any person or entity that files a valid request for exclusion shall be excluded from the Settlement Class and shall have no rights with respect to this settlement.

19

33. Subject to Court approval, a request for exclusion that does not comply with all of the provisions set forth in the applicable Court approved notice of settlement and final judgment to be disseminated to the members of the Settlement Class will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed Settlement Class Member(s) and shall be bound by the Agreement upon final approval.

H. Settlement Class Counsel's Attorneys' Fees And Reimbursement of Expenses.

34. Settlement Class Counsel may submit an application or applications to the Court for payment of reasonable attorneys' fees and reimbursement of reasonable expenses (the "Fee and Expense Application") for distribution to them from the Settlement Fund.

(a) Mitsubishi Electric agrees that it will take no position regarding such application(s) for: (i) an award of attorneys' fees not in excess of one-third of the Settlement Fund; plus (ii) reimbursement of reasonable expenses and costs incurred, or to be incurred, in connection with prosecuting the Action, plus interest on such attorneys' fees, costs and expenses at the same rate and for the same period as earned by the Settlement Fund (until paid) as may be awarded by the Court (the "Fee and Expense Award").

(b) Settlement Class Counsel shall allocate the attorneys' fees among Plaintiffs' counsel in a manner which he in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Action, provided that if a court rules otherwise, Plaintiffs shall not have a right to rescind this Agreement based on that ruling. Settlement Class Counsel reserves the right to make additional applications for fees and expenses incurred, but in no event shall Mitsubishi Electric Releasees be responsible to pay any such additional fees and expenses except to the extent they are paid out of the Settlement

20

Fund. In addition, after final approval, Settlement Class Counsel may apply to use any amount paid by Mitsubishi Electric to pay the past or future expenses of this litigation.

(c)     The Fee and Expense Award, as approved by the Court, shall be paid solely from the Settlement Fund to any Plaintiffs' counsel seeking such payment within five (5) court days after all of the following conditions have been met:  (i) the Court has entered an order awarding plaintiffs' counsel its fees; (ii) such order has been provided to the Escrow Agent;   (iii) the irrevocable letter of credit or other security described below has been provided to the Escrow Agent, Settlement Class Counsel and Mitsubishi Electric; and (iv) each such Plaintiff's counsel's law firm as a condition of receiving such fees, expenses and costs, on behalf of itself and each partner and/or shareholder of it, agrees before receiving funds that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing this Paragraph 34. Each such Plaintiffs' counsel as a condition to the receipt of payment of fees from the Settlement Fund prior to this Agreement becoming final as set forth in Paragraph 20 of this Agreement, shall deliver to the Escrow Agent, Settlement Class Counsel and Mitsubishi Electric either an irrevocable letter of credit or such other security as Mitsubishi Electric accepts in writing in advance of such payment. The security described in this paragraph shall be in favor of both Mitsubishi Electric and of the Settlement Fund.

(d)     Settlement Class Counsel shall be responsible for providing adequate notice of their aggregate fee request to the Settlement Class as required by Federal Rule of Civil Procedure 23.

(e)     For the avoidance of doubt, "Plaintiffs' counsel" as used in this Paragraph 34, shall include each attorney, sole practitioner and each law firm that receives

21

attorneys' fees or reimbursement of expenses from the Settlement Fund pursuant to Paragraph 34 (c) together jointly and severally with such attorney's law firm and all of their equity partners or equity owners. Mitsubishi Electric shall be entitled to enforce Paragraph 34 (c) and such related written undertakings in the Court. For the further avoidance of doubt, Mitsubishi Electric's obligation to fund the Settlement Fund will not be altered or increased if, for any reason, any Plaintiffs' counsel fails to repay to the Settlement Fund any sums due to be repaid pursuant to Paragraph 34.

(f)     Nothing in Paragraph 34 shall require Plaintiffs' counsel to accept payment prior to this Agreement becoming final as defined in Paragraph 20, and Plaintiffs' counsel may request the Escrow Agent to withhold payment until this Agreement is final. Plaintiffs' counsel may elect to receive partial payment of fees and of expenses. Plaintiffs' counsel electing to receive payment prior to such finality shall be subject to the terms in Paragraph 34 (c).

(g)     In the event that settlement approval is reversed on appeal or any portion of the Fee and Expense Award is vacated, reversed or reduced by the Court or on appeal, any Plaintiffs' counsel that received payments of any Fee and Expense Award that are subject to elimination or reduction shall, within ten (10) court days after receiving notice of the applicable court order, refund to the Settlement Fund the full amount of the Fee and Expense Award previously paid to such counsel pursuant to this Paragraph 34, or, if the Fee and Expense Award is reduced, a proportion of such full amount which shall be equal to the proportion of the reduced Fee and Expense Award to the original awards.

(h)     In the event such Plaintiffs' counsel fails to make a full refund of the applicable amount of expenses received under Paragraph 34 (c) within the 10-day period,

22

such Plaintiffs' counsel (and/or such attorney's law firm and all of their equity partners or equity owners) shall be liable to Mitsubishi Electric or, if applicable, the Settlement Fund. In the event such Plaintiffs' counsel fails to make a full refund of the applicable amount of fees received under Paragraph 34 (c) within the 10-day period, Mitsubishi Electric or, if applicable, the Settlement Fund shall have the right to execute on the security. In no event shall any law firm be liable for repayment of any amounts received by any other law firm.

(i)     The procedure for and the allowance or disallowance by the Court of the application by Settlement Class Counsel for attorneys' fees, costs and expenses to be paid out of the Settlement Fund are not part of this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any such order shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the judgment approving the settlement.

(j)     Neither Mitsubishi Electric nor any other Mitsubishi Electric Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to any payment to Plaintiffs' counsel of any Fee and Expense Award in the MDL.

(k)     Neither Mitsubishi Electric nor any other Mitsubishi Electric Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to the allocation among Plaintiffs' counsel, and/or any other person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the MDL.

23

I.     Effect of Exclusions

35.    Within ten (10) business days after the end of the period to request exclusion from the Settlement Class, Settlement Class Counsel will cause copies of timely requests for exclusion from the Settlement Class to be provided to counsel for Mitsubishi Electric. To the extent that Mitsubishi Electric determines in good faith that the volume of commerce in CRT Products attributable to purchasers who would otherwise be members of the Settlement Class but who timely and validly requested exclusion from the Settlement Class equals or exceeds ten percent (10%) of the total volume of commerce purchased by all Settlement Class members during the Class Period, Mitsubishi Electric may terminate the Agreement within thirty (30) days of receipt of the list of exclusions, pursuant to the procedure set forth in Paragraph 36. For purposes of this calculation, purchases by those indirect purchasers that excluded themselves from the Settlement Class will nonetheless be included in the total volume of commerce. In addition, the indirect purchases of the Direct Action Plaintiffs that separately sued Mitsubishi Electric will not be included in the volume of excluded commerce or in the total volume of commerce.

J.     Rescission if this Agreement is Not Approved, Final Judgment is Not Entered, or the Agreement is Terminated.

36.    If the Court refuses to approve this Agreement or any part hereof, or if such approval is modified or set aside on appeal, or if the Court does not enter the final judgment provided for in Paragraphs 19 and 20 of this Agreement, or if the Court enters the final judgment and appellate review is sought, and on such review, such final judgment is not affirmed in its entirety, or the Agreement is terminated by Mitsubishi Electric pursuant to Paragraph 35, then Mitsubishi Electric and Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety, except as provided in Paragraph 27 (a).

24

Written notice of the exercise of any such right to rescind shall be made according to the terms of Paragraph 48. A modification or reversal on appeal of any amount of Settlement Class Counsel's fees and expenses awarded by the Court from the Settlement Fund or the plan of distribution of the Settlement Fund to Settlement Class members shall not be deemed a modification of all or a part of the terms of this Agreement or such final judgment.

37.     In the event that this Agreement does not become final pursuant to Paragraph 20, then the operative provisions of this Agreement shall be of no force or effect and any Settlement Fund shall be returned forthwith to Mitsubishi Electric less only disbursements already made in accordance with Paragraph 27 (a) of this Agreement. Plaintiffs expressly reserve all their claims and Mitsubishi Electric expressly reserves all of its rights and defenses if this Agreement does not become final within the meaning of Paragraph 20.

38.     Plaintiffs and Mitsubishi Electric agree that this Agreement, whether or not it shall become final, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by Mitsubishi Electric(or the Mitsubishi Electric Releasees), or of the truth of any of the claims or allegations contained in the Complaint or any other pleading filed in the MDL, or by any person or entity in any other action, or of the propriety of any class alleged in the Complaint, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the MDL or in any other action or proceeding.

K.      Miscellaneous

39.     Mitsubishi Electric, Plaintiffs, and Settlement Class Counsel agree not to disclose publicly or to any other defendant in the MDL or third party the terms of this

25

Agreement until this Agreement is submitted to the Court for approval. A party may disclose the fact that it has settled the claims of the Settlement Class to the other parties in the MDL upon execution of this Settlement Agreement by both parties but not the terms of the settlement. The parties may, however, disclose the fact and amount of this Settlement to the Court.

40.     Mitsubishi Electric shall be responsible for effectuating the notice to governmental officials called for by the Class Action Fairness Act.

41.     This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Agreement, for a complete resolution of the relevant claims with respect to each Mitsubishi Electric Releasee as provided in this Agreement.

42.     This Agreement does not settle or compromise any claim by Plaintiffs or any Settlement Class Member against any defendant or alleged co-conspirator other than the Mitsubishi Electric Releasees. All rights against such other defendants or alleged co-conspirators are specifically reserved by Plaintiffs and the Settlement Class. Mitsubishi Electric sales to the Settlement Class shall not be removed from the MDL.

43.     The Court shall retain jurisdiction, which shall be exclusive to the extent permitted by law, over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute between the parties hereto arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and Mitsubishi Electric. This Agreement shall be governed by and interpreted according to the

substantive laws of the State of California without regard to its choice of law or conflict of laws principles.

44.    This Agreement constitutes the entire, complete and integrated agreement among Plaintiffs and Mitsubishi Electric pertaining to the settlement of the Complaint against Mitsubishi Electric, and supersedes all prior and contemporaneous undertakings of Plaintiffs and Mitsubishi Electric in connection herewith. This Agreement may not be modified or amended except in writing executed by Plaintiffs and Mitsubishi Electric, and approved by the Court.

45.    This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Plaintiffs and Mitsubishi Electric. Without limiting the generality of the foregoing, each and every covenant and agreement made herein by Plaintiffs, Settlement Class Counsel or Mitsubishi Electric shall be binding upon, respectively, all Settlement Class Members, Releasors and Mitsubishi Electric. The Mitsubishi Electric Releasees (other than Mitsubishi Electric which is a party hereto) are third party beneficiaries of this Agreement and are authorized to enforce its terms applicable to them.

46.    This Agreement may be executed in counterparts by Plaintiffs and Mitsubishi Electric, and a facsimile signature shall be deemed an original signature for purposes of executing this Agreement.

47.    Neither Plaintiffs nor Mitsubishi Electric shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

27

48.     Where this Agreement requires either party to provide notice or any other communication or document to the other, such notice shall be in writing, and such notice, communication, or document shall be provided by email, facsimile or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

49.     With respect to any person or entity that timely exercises its right to be excluded from the Settlement Class, Mitsubishi Electric reserves all its legal rights and defenses, including, but not limited to, any defenses relating to whether the excluded person or entity is an indirect purchaser of any allegedly price–fixed product and or has standing to bring any claim including under any antitrust, unfair competition, or consumer protection law.

50.     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

Dated: October 24, 2017

Mario N. Alioto
malioto@tatp.com
Joseph M. Patane
jpatane@tatp.com
Lauren C. Capurro
laurenrussell@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200

**Attorneys for Plaintiffs and Settlement Class Counsel**

Dated: October ___, 2017

28

48.     Where this Agreement requires either party to provide notice or any other communication or document to the other, such notice shall be in writing, and such notice, communication, or document shall be provided by email, facsimile or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

49.     With respect to any person or entity that timely exercises its right to be excluded from the Settlement Class, Mitsubishi Electric reserves all its legal rights and defenses, including, but not limited to, any defenses relating to whether the excluded person or entity is an indirect purchaser of any allegedly price–fixed product and or has standing to bring any claim including under any antitrust, unfair competition, or consumer protection law.

50.     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

Dated: October __, 2017

_____
Mario N. Alioto
malioto@tatp.com
Joseph M. Patane
jpatane@tatp.com
Lauren C. Capurro
laurenrussell@tatp.com
TRUMP, ALIOTO,TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200

**Attorneys for Plaintiffs and Settlement Class Counsel**

Dated: October __, 2017

28

Terrence J. Truax
ttruax@jenner.com
Michael T. Brody
mbrody@jenner.com
Gabriel A. Fuentes
gfuentes@jenner.com
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL  60654
Telephone:  (312) 222-9350

**Attorneys for Mitsubishi Electric Corporation**

**ADDENDUM TO SETTLEMENT AGREEMENT BETWEEN INDIRECT PURCHASER PLAINTIFFS AND MITSUBISHI ELECTRIC CORPORATION**

This Addendum to the Settlement Agreement dated October 25, 2017 ("Addendum"), entered into by and between Mitsubishi Electric Corporation ("Mitsubishi Electric") and the indirect purchaser plaintiff class representatives ("Plaintiffs"), both individually and on behalf of a proposed settlement class of indirect purchasers of Cathode Ray Tubes (CRTs) and CRT Products ("the Settlement Class") as more particularly described below, is made and entered into this 15th day of February 2018.

WHEREAS, Plaintiffs filed a class action complaint against Mitsubishi Electric (the "Complaint") on their own behalf and on behalf of 31 indirect purchaser state classes, alleging that Mitsubishi Electric participated in an unlawful conspiracy to raise, fix, maintain, or stabilize the price of CRTs at artificially high levels in violation of various state antitrust, unfair competition and consumer protection laws of the jurisdictions alleged in the Complaint;

WHEREAS, the Complaint alleges violations of Missouri's consumer protection statute (Mo. Rev. Stat. §407.020) on behalf of a class of Missouri indirect purchasers who or which, in accordance with the requirements of the Missouri statute, purchased CRTs or CRT Products "primarily for personal, family, or household purposes." Mo. Rev. Stat. §407.025, Complaint ¶¶ 244, 245, 277(a);

WHEREAS, the Complaint alleges violations of Montana's consumer protection statute (Montana Code §30-14-103) on behalf of a class of Montana indirect purchasers who or which, in accordance with the requirements of the Montana statute, purchased CRTs or

CRT Products "primarily for personal, family, or household purposes." Montana Code §§30-14-102, 30-14-133, Complaint ¶¶ 244, 245, 278(a);

WHEREAS, the Complaint alleges violations of Rhode Island's consumer protection statute (Rhode Island Gen. Laws § 6-13.1-1, *et seq.*) on behalf of a class of Rhode Island natural persons who, in accordance with the requirements of the statute, indirectly purchased CRTs or CRT Products "primarily for personal, family, or household purposes." R.I. Gen. Laws §6-13.1-5.2, Complaint ¶¶ 244, 245, 287(a);

WHEREAS, after arms-length negotiations in which Mitsubishi Electric and Plaintiffs were represented by counsel, and which included a mediation before U.S. Magistrate Judge Jacqueline Scott Corley on May 23, 2017, the parties negotiated and entered into a Settlement Agreement ("Agreement") pursuant to which Plaintiffs agreed to release all of their claims against Mitsubishi Electric in exchange for $33,000,000 in cash, which Agreement was executed by all parties on October 25, 2017, and in which Mitsubishi Electric made no admission of liability;

WHEREAS, the parties have met and conferred and agree that it is necessary to conform the definition of the Settlement Class in the Agreement to the requirements of the Missouri, Montana, and Rhode Island consumer protection statutes, and the allegations of the Complaint;

NOW, THEREFORE, it is agreed by and among the undersigned on behalf of the Mitsubishi Electric Releasees (as defined in Paragraph 6 of the Agreement) and Plaintiffs (as defined in Paragraph 7 of the Agreement) that the definition of the Settlement Class contained in Paragraph 10 of the Agreement is modified as follows:

1.      "Settlement Class" shall mean:

a)      all persons or entities who or which indirectly purchased in an Indirect Purchaser Jurisdiction, other than Missouri, Montana, and Rhode Island, for their own use and not for resale, CRTs or CRT Products manufactured and/or sold by any Mitsubishi Electric Releasee, or any Alleged Co-Conspirator, where such purchase took place during the following time periods:

1) From March 1, 1995 through November 25, 2007 for purchases in Arizona, Arkansas, California, District of Columbia, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin;

2) From June 25, 2002 through November 25, 2007 for purchases in Hawaii;

3) From July 20, 2002 through November 25, 2007 for purchases in Nebraska;

4) From February 4, 1999 through November 25, 2007 for purchases in Nevada;

b)      All persons who or which indirectly purchased in Missouri from March 1, 1995 through November 25, 2007, for their own use and not for resale, and primarily for personal, family or household purposes, CRTs or CRT Products

3

manufactured and/or sold by any Mitsubishi Electric Releasee, or any Alleged Co-Conspirator;

      c)     All persons who or which indirectly purchased in Montana from March 1, 1995 through November 25, 2007, for their own use and not for resale, and primarily for personal, family, or household purposes, CRTs or CRT Products manufactured and/or sold by any Mitsubishi Electric Releasee, or any Alleged Co-Conspirator;

      d)     All natural persons who indirectly purchased in Rhode Island from March 1, 1995 through November 25, 2007, for their own use and not for resale, and primarily for personal, family, or household purposes, CRTs or CRT Products manufactured and/or sold by any Mitsubishi Electric Releasee, or any Alleged Co-Conspirator;

      e)     specifically excluded from the Settlement Class are Mitsubishi Electric Releasees, Alleged Co-Conspirators, any federal, state or local government entities, and any judicial officer presiding over this action and the members of his/her immediate family and judicial staff.

      2.     Other than the foregoing modification to the definition of the Settlement Class contained in Paragraph 10 of the Agreement, no other modification to the Agreement, or to the rights and obligations of the parties to the Agreement, is made or intended herein in this Addendum.

3.      Each of the undersigned attorneys represents that he or she is fully authorized

to enter into the terms and conditions of, and to execute, this Addendum, subject to Court

approval.

Dated: February __, 2018

_____

Mario N. Alioto
malioto@tatp.com
Joseph M. Patane
jpatane@tatp.com
Lauren C. Capurro
laurenrussell@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200

**Attorneys for Plaintiffs and Settlement Class
Counsel**

Dated: February 15, 2018

_____

Terrence J. Truax
ttruax@jenner.com
Michael T. Brody
mbrody@jenner.com
Gabriel A. Fuentes
gfuentes@jenner.com
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL  60654
Telephone:  (312) 222-9350

**Attorneys for Mitsubishi Electric Corporation**

3.    Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Addendum, subject to Court approval.

Dated: February 13, 2018

_Mario N. Alioto_

Mario N. Alioto
malioto@tatp.com
Joseph M. Patane
jpatane@tatp.com
Lauren C. Capurro
laurenrussell@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200

**Attorneys for Plaintiffs and Settlement Class Counsel**

Dated: February __, 2018

_____

Terrence J. Truax
ttruax@jenner.com
Michael T. Brody
mbrody@jenner.com
Gabriel A. Fuentes
gfuentes@jenner.com
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Telephone: (312) 222-9350

**Attorneys for Mitsubishi Electric Corporation**

5