United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917<br>Case No. C-07-5944 JST<br>**ORDER** DENYING REQUEST FOR EVIDENTIARY HEARING<br>Re: ECF No. 5234 |
| This Order Relates To:<br>*P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.,* No. 12-cv-02648. | |

Now before the Court is Toshiba's[1] Motion for Evidentiary Hearing Re MARTA's Standing. ECF No. 5234. The Court will deny the motion without prejudice.

Direct Action Plaintiff MARTA Cooperative of America, Inc. ("MARTA") filed this action with two other plaintiffs in 2011 in the United States District Court for the Eastern District of New York ("EDNY"). A few weeks later, the Judicial Panel on Multidistrict Litigation transferred the action to this court for coordinated or consolidated proceedings, to join the many other actions that had been coordinated as part of this MDL antitrust litigation. ECF No. 1009. Pretrial proceedings in the action are now complete, and all the other direct action cases that were pending in the Northern District of California have now been remanded to their transferor districts.

On August 4, 2016, the Court granted Defendants' Motion for Summary Judgment With Respect To MARTA, concluding that MARTA lacked standing to pursue its federal antitrust claim. ECF No. 4742. The Ninth Circuit reversed that order, holding that there were material issues of disputed fact concerning whether MARTA had antitrust standing and that "a reasonable juror could conclude" from the disputed facts that MARTA had antitrust standing. In re: Cathode

---

[1] The moving defendants are Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.

Ray Tube (CRT) Antitrust Litig., No. 16-16982, 2017 WL 6569569, at *1-2 (9th Cir. Dec. 26, 2017).

Toshiba now requests that the Court "conduct an evidentiary hearing to determine whether MARTA has standing under the Sherman Act ('antitrust standing') and pursuant to Constitutional standards ('Article III standing')." ECF No. 5234 at 6. As they did on summary judgment, they argue that MARTA's "claim should be dismissed because MARTA is a buying cooperative that acted only as an agent for the actual purchasers, and therefore lacks antitrust standing." Id. at 8. Toshiba asks that the Court, and a not a jury, decide these issues.

Before reaching Toshiba's motion for an evidentiary hearing, however, the Court must resolve a threshold case management question: whether this Court or the transferor court should more appropriately *decide* the motion. With the exception of the present motion, pretrial proceedings in this case have been completed. The other direct action cases have been remanded. ECF No. 5148. Moreover, although Toshiba frames its motion solely as a question of jurisdiction, it also unavoidably presents questions of trial management. For example, the parties disagree whether the question of MARTA's antitrust standing should be decided by a judge or jury. If the answer is that a judge will decide whether MARTA has standing, the trial judge will need to determine whether to decide that question in a separate hearing before the trial or concurrently with the jury trial. If the issue is tried concurrently, the trial judge will need to decide whether to ask the jury to make advisory findings of fact or make those findings itself without assistance. If the issue will be decided by a jury, the trial judge must decide whether to bifurcate the proceeding. These questions are more appropriately decided by the trial judge in the transferor court, who must live with the consequences of those decisions. For the undersigned to make those decisions would tie the trial judge's hands.[2]

Toshiba's only explanation as to why this Court and not the EDNY should decide the question of standing is that "this Court is already familiar with the facts and arguments concerning

---

[2] "Although the transferor judge has the power to vacate or modify rulings made by the transferee judge, subject to comity and 'law of the case' considerations, doing so in the absence of a significant change of circumstances would frustrate the purposes of centralized pretrial proceedings." Manual on Complex Litigation (Fourth) § 20.133 (2004).

2

these issues." ECF No. 5234 at 6. Obviously, this Court's consideration of Toshiba's earlier summary judgment motion familiarized the Court with the facts concerning this particular dispute. But those facts are not complicated. In any event, that interest is outweighed by the need to avoid tying the trial judge's hands on a question of trial management, which would frustrate rather than promote "[t]he interests of efficiency, economy, and consistency in resolution of like cases" that should inform good MDL case management. Edward F. Sherman, "When Remand is Appropriate in Multidistrict Litigation," 75 La. L. Rev. 456 (2014).

Accordingly, the Court denies Toshiba's motion without prejudice to its renewing the motion before the transferor court. By separate order, the Court will suggest remand of this action to the Judicial Panel on Multidistrict Litigation. Given that this case will be remanded to the EDNY at some point, it makes sense to do so now while there is still a chance that court could consolidate MARTA's case with the other direct action plaintiff cases now pending there. The EDNY has already expressed its desire that all the direct action cases be tried together. See ECF No. 5249 at 3 (attaching February 23, 2018 EDNY order in Case No. 17-cv-4504).

## CONCLUSION

For the foregoing reasons, Toshiba's Motion for Evidentiary Hearing Re MARTA's Standing is denied without prejudice.

IT IS SO ORDERED.

Dated: March 5, 2018

_____
JON S. TIGAR
United States District Judge