1  Mario N. Alioto (56433)
   Joseph M. Patane (72202)
2  Lauren C. Capurro (241151)
   TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
3  2280 Union Street
   San Francisco, CA 94123
4  Telephone: 415-563-7200
   Facsimile: 415- 346-0679
5  Email: malioto@tatp.com
   jpatane@tatp.com
6  laurenrussell@tatp.com

7  *Class Counsel for the*
   *Indirect Purchaser Plaintiffs*
8

9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

13

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST |
|---|---|
| | MDL No. 1917 |
| | Case No.: 3:17-cv-04067-JST |
| This Document Relates to: | **DECLARATION OF JOSEPH M. FISHER RE: RESPONSE TO FRS** |
| *Luscher, et al. v. Mitsubishi Electric Corp.*, No. 17-cv-04067-JST | Courtroom: Nine, 19th Floor<br>Judge: Honorable Jon S. Tigar |

I, Joseph M. Fisher, declare:

## INTRODUCTION

1. <u>Identification</u>. I am the president of The Notice Company, Inc., a Massachusetts corporation with offices at 94 Station Street, Hingham, MA 02043 ("The Notice Company"). The Notice Company is principally engaged in the administration of class action settlements and lawsuits pending in courts around the United States, including the dissemination of notice to class members, administering the claims process, and distributing the proceeds of the litigation to the class. I have over a decade of experience assisting attorneys with class action notices and claims administration. I am also a member in good standing of the bars of the Commonwealth of Massachusetts, the District of Columbia, and the Commonwealth of Virginia. I am over 21 years of age and not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify thereto under oath.

2. <u>Prior Settlements</u>. The Notice Company has served as the claims administrator for the cathode ray tube ("CRT") indirect-purchaser plaintiffs ("IPP") settlements with Chunghwa Picture Tubes, Ltd, the LG Electronics defendants (LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics Taiwan Taipei Co., Ltd, the Philips defendants (Koninklijke Philips N. V. (f/k/a Koninklijke Philips Electronics N. V.); Philips Electronics North America Corporation; Philips Taiwan Limited (f/k/a Philips Electronics Industries (Taiwan), Ltd.); and Philips do Brasil, Ltda. (f/k/a Philips da Amazonia Industria Electronica Ltda.), the Panasonic defendants (Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.); Panasonic Corporation of North America; MT Picture Display Co., Ltd.; and an affiliate of Panasonic Corporation, Beijing Matsushita Color CRT Co., Ltd.), the Hitachi defendants (Hitachi, Ltd.; Hitachi Displays, Ltd. (n/k/a Japan Display Inc.); Hitachi Electronic Devices (USA), Inc.; Hitachi Asia, Ltd.; and Hitachi America, Ltd.), the Toshiba defendants (Toshiba Corporation; Toshiba America Information Systems, Inc.; Toshiba America Consumer Products, L.L.C.; and Toshiba America Electronic Components, Inc.), the Samsung SDI defendants (Samsung SDI Co. Ltd; Samsung SDI America, Inc.; Samsung SDI Brasil, Ltda.; Tianjin Samsung SDI Co., Ltd.; Shenzhen Samsung SDI Co., Ltd; Samsung SDI Malaysia Sdn. Bhd; Samsung SDI Mexico S.A. de C. V.), the Thomson defendants

(Technicolor SA (f/k/a Thomson SA) and Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.) and Technologies Displays Americas LLC (f/k/a Thomson Americas LLC). These settlements are collectively referred to as the "Prior Settlements."

3. <u>Mitsubishi Notice Program</u>. I most recently submitted a Declaration in connection with the proposed settlement with Mitsubishi Electric, filed February 14, 2018 (ECF No. 5245).

4. <u>Purpose of Declaration</u>. Class Counsel has requested that I provide certain claims information pertaining to the 2015 Settlements in connection with Class Counsel's response to the letter dated February 26, 2018, from Financial Recovery Strategies ("FRS") that was filed with the Court on February 27, 2018 (ECF No. 5252).

5. <u>Summary of Claims Filed</u>. As of March 5, 2018, a total of 158,624 end-user claims have been filed by persons and entities in the Prior Settlements. Of the total claims filed, over 97% were "Timely Claims", meaning that they were filed on or before the December 7, 2015 deadline applicable to all end-user claims other than California natural persons, or the June 30, 2016 extended deadline for California natural persons (collectively "Applicable Deadlines"). A total of 4,449 end-user claims were filed after the Applicable Deadlines.

6. <u>Summary of Units Claimed</u>. Total claims submitted to date amount to 31,194,068 CRT units, subject to revisions that may result from ongoing audits and various claim review procedures. Applying the value weights specified in the notice,[1] this amounts to a total of 95,380,369 weighted CRT units. Timely Claims account for 25,000,302 CRT units and 75,424,541 weighted CRT units. Claims submitted after the Applicable Deadlines account for 6,193,766 CRT units and 19,955,828 weighted CRT units.

7. <u>FRS Claims Filed</u>. As of March 5, 2018, FRS had filed a total of 3,255 claims on behalf of end-user claimants. Over 18% of those claims, representing 590 submissions, have been either identified as duplicate claims or have been withdrawn by FRS. FRS currently has 2,665 claims pending; approximately half of those claims, totaling 1,338, were filed after the Applicable

---

[1] Payment amounts are calculated using the following weights: standard CRT televisions (screen size of less than 30 inches) have a weight of 1; large CRT televisions (screen size of 30 inches or larger) have a weight of 4.3; CRT computer monitors have a weight of 3.

1  Deadlines. Approximately 70% of the pending FRS claims that were filed after the Applicable
2  Deadlines, amounting to 939 claims, were filed over 6 months after the Applicable Deadlines.
3  Approximately 47% of the pending FRS claims that were filed after the Applicable Deadlines,
4  amounting to 629 claims, were filed over one year after the Applicable Deadlines. Given this large
5  percentage of claims submitted after the Applicable Deadlines, the audit process remains ongoing for
6  these claims.[2]

7        8.    <u>Units Claimed by FRS</u>. FRS's pending claims represent 4,844,840 CRT units or
8  13,953,023 weighted CRT units. FRS' timely submissions amount to 2,404,337 CRT units or
9  6,900,818 weighted CRT units. FRS' claims submitted after the Applicable Deadlines amount to
10 2,440,503 CRT units or 7,052,205 weighted units.

11       9.    <u>Unit Values</u>. If only timely filed claims are considered in the Prior Settlement's
12 distribution plan, the CRT unit dollar value that would be applied to each claimant's weighted CRT
13 units would be approximately $5.30. If all filed claims are considered, whether or not filed in
14 accordance with the Applicable Deadlines, the CRT unit dollar value that would be applied to each
15 claimant will be approximately $4.19, which represents a reduction in unit value of approximately
16 21 percent.

17       10.    <u>Informational Requests to FRS</u>. In connection with the end-user claims submitted by
18 FRS after the Applicable Deadlines, The Notice Company contacted FRS to request information
19 pertaining to the reasons for its claimants' delay in filing their claims. In July 2017, I requested that
20 FRS provide the following information: (1) A representation by each claimant that (a) specifies the
21 date (or approximate time period) when it first learned, from any source, of the CRT indirect
22 settlement, and (b) identifies any other justification the claimant relies on for its late filing; and (2)
23 for each of FRS's late claims, (a) the date when FRS first informed the claimant of the CRT indirect
24 settlement, regardless of whether the claimant was a FRS client at the time, compared to (b) the date

---

[2] In addition to claims submitted on behalf of end users, FRS also submitted 34 claims on behalf of resellers in connection with the Chunghwa settlement, where the submission deadline was November 29, 2016. FRS subsequently withdrew 6 of its reseller claims. Of its 28 remaining reseller claims, only two were submitted after the deadline. However, 26 of these 28 remaining reseller claims are "place holder" claims (including one claim submitted after the deadline), where FRS has not provided any information on the number of units purchased by the named claimants.

1  when the claim was filed. The Notice Company has not yet received this information from FRS.
2  The Notice Company's evaluation of FRS's claims submitted after the Applicable Deadlines has
3  identified multiple claimants to whom The Notice Company had previously sent, by first-class mail,
4  timely written notices of the Prior Settlements. The Notice Company has also determined that
5  numerous claims submitted after the Applicable Deadlines by FRS were duplicative of timely claims
6  that previously had been submitted independently of FRS. In these cases the claimant itself had
7  already submitted a timely claim without the involvement of FRS, or a different claim submission
8  company had already submitted a timely claim on behalf of the claimant. Not all of those duplicative
9  claim issues have been resolved.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed at Hingham, Massachusetts, this 7th day of March, 2018.

_____
JOSEPH M. FISHER