MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
JENNY S. YELIN – 273601
ROSEN BIEN GALVAN & GRUNFELD LLP
50 Fremont Street, 19th Floor
San Francisco, California 94105-2235
Telephone:  (415) 433-6830
Facsimile:  (415) 433-7104
Email:  mbien@rbgg.com
        jbornstein@rbgg.com
        jyelin@rbgg.com

Attorneys for Non-Party Objectors
FINANCIAL RECOVERY SERVICES.
INC., d/b/a FINANCIAL RECOVERY
STRATEGIES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, <br><br> This Document Relates to: <br> All Indirect Purchaser Actions | Master File No. CV-07-5944-JST <br> MDL No. 1917 <br><br> **CLASS ACTION** <br><br> **[PROPOSED] ORDER REJECTING PROPOSED PLAN OF DISTRIBUTION IN CLASS ACTION SETTLEMENT WITH DEFENDANT MITSUBISHI ELECTRIC CORPORATION** <br><br> Judge: Hon. Jon S. Tigar <br> Date:  April 5, 2018 <br> Time:  2:00 p.m. <br> Crtrm.: 9, 19th Floor |

Case No. CV-07-5944-JST
[PROPOSED] ORDER REJECTING PROPOSED PLAN OF DISTRIBUTION IN CLASS ACTION SETTLEMENT
WITH DEFENDANT MITSUBISHI ELECTRIC CORPORATION

[3236192.1]

Upon consideration of: the objection (ECF No. 5252) filed on February 27, 2018 by Objector Financial Recovery Services, Inc. d/b/a Financial Recovery Strategies ("FRS" or "Objector") to the proposed plan of distribution (the "Proposed Plan") submitted by Indirect Purchaser Plaintiffs' ("IPPs") (Dkt. No. 5245) in connection with the class action settlement (the "Proposed Settlement") with Defendant Mitsubishi Electric Corporation ("Mitsubishi Electric"); FRS's March 16, 2018 Response (Dkt. No. 5259) to the IPP's Reply (Dkt. No. 5255) and the letter filed by Spectrum Settlement Recovery, LLC ("Spectrum") (Dkt. No. 5256); and argument presented at the April 5, 2018 Preliminary Approval Hearing, the Court finds as follows:

1. Any distribution of funds from all settlements other than the Proposed Settlement (the "Prior Settlements") is stayed pending final resolution of appeals of this Court's Order Granting Final Approval of Indirect Purchaser Settlements (Dkt. No. 4712).

2. Claimants who have submitted claims or will submit claims after the December 7, 2015 claims filing deadline for the Prior Settlements ("First-time Claimants") have the same claims against all Defendants as do claimants who submitted claims on or before that deadline ("Prior Claimants").

3. Because Prior Claimants have no greater entitlement to recovery from the Prior Settlements than do First-time Claimants, and because Prior Claimants are not entitled to recover from the Prior Settlements any particular amount, Prior Claimants will not be prejudiced by the inclusion on equal footing of all otherwise eligible claims submitted by First-time Claimants. *See, e.g., In re Orthopedic Bone Screw Products Liability Litigation*, 246 F.3d 315, 324 (3d Cir. 2001) (finding that excluding late claimants with similar claims as other claimants would not prejudice other claimants, and in fact would result in a windfall to them).

4. First-time Claimants who have otherwise valid claims are equally entitled to distribution from the Prior Settlements as Prior Claimants; accordingly, the Court rejects the arguments of IPPs and Spectrum opposing the inclusion of First-time Claimants in the distribution of the Prior Settlements.

[3236192.1]

1  Case No. CV-07-5944-JST
[PROPOSED] ORDER REJECTING PROPOSED PLAN OF DISTRIBUTION IN CLASS ACTION SETTLEMENT WITH DEFENDANT MITSUBISHI ELECTRIC CORPORATION

5. The Proposed Plan does not treat or compensate First-time Claimants and Prior Claimants equally, and, therefore, the Proposed Plan does not satisfy the standard for preliminary approval.

ACCORDINGLY, IT IS HEREBY ORDERED AS FOLLOWS:

1. Preliminary approval of the Proposed Plan is DENIED.

2. The December 7, 2015 claims filing deadline for the Prior Settlements is extended to a date to be determined once the pending appeals are finally resolved. IPPs will provide to the Court on the first of each month hereafter an update on the status of the appeals, and will notify the Court within 5 business days of the Court of Appeals' resolution of the pending appeals.

3. IPPs will submit to the Court a modified Proposed Plan consistent with this Order.

4. IPPs and the Settlement Administrator shall immediately remove from the CRTI website (at www.crtclaims.com) the advisory that further claims will not be processed, and shall replace it with the following language:

> Because of the pendency of appeals to the Court's approval of all settlements other than the settlement with Mitsubishi Electric, December 7, 2015 is no longer the claim filing deadline for those settlements. The Court has not established a new claim filing deadline. We will continue to process claims filed in connection with those settlements. Once the appeals are finally resolved, a new deadline will be established and will be posted here. This extension does not affect the claim filing deadline for the Mitsubishi Electric settlement.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

5. Neither IPPs nor the Settlement Administrator may, without the Court's prior authorization, post to the CRTI website any information concerning claim filing deadlines or claims processing.

IT IS SO ORDERED.

DATED:  March ___, 2018

_____
Honorable Jon S. Tigar
United States District Judge

[3236192.1]

3    Case No. CV-07-5944-JST
[PROPOSED] ORDER REJECTING PROPOSED PLAN OF DISTRIBUTION IN CLASS ACTION SETTLEMENT WITH DEFENDANT MITSUBISHI ELECTRIC CORPORATION