Guido Saveri (22349)
  guido@saveri.com
R. Alexander Saveri (173102)
  rick@saveri.com
Geoffrey C. Rushing (126910)
  grushing@saveri.com
Cadio Zirpoli (179108)
  cadio@saveri.com
Matthew D. Heaphy (227224)
  mheaphy@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*ALL DIRECT PURCHASER ACTIONS* | **DIRECT PURCHASER PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES FROM THE IRICO DEFENDANTS**<br><br>Date:    May 10, 2018<br>Time:    2:00 p.m.<br>Judge:   Honorable Jon S. Tigar<br>Courtroom:  9 |

**NOTICE OF MOTION AND MOTION**

TO DEFENDANTS IRICO DISPLAY DEVICES CO., LTD. AND IRICO GROUP CORPORATION AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 10, 2018 at 2:00 p.m., or as soon thereafter as this matter may be heard, before the Honorable Jon S. Tigar, United States District Judge of the Northern District of California, San Francisco Courthouse, located at Courtroom 9, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, Direct Purchaser Plaintiffs ("Plaintiffs") will present their Motion to Compel Discovery Responses from Defendants Irico Display Devices Co., Ltd. And Irico Group Corporation (the "Irico Defendants").

Plaintiffs will present proof that the Irico Defendants should be compelled to respond to five sets of discovery requests served by the Direct Purchaser Plaintiffs in 2010 and 2011.

This Motion is based on this Notice, the following Memorandum of Points and Authorities; the accompanying Declaration of R. Alexander Saveri; the proposed order submitted herewith; and other records, pleadings, and papers filed in this action; and upon such argument and further pleadings as may be presented to the Court at the hearing on this Motion.

**ISSUE TO BE DECIDED**

1.   Whether the Court should compel the Irico Defendants to respond to five sets of discovery requests served by the Direct Purchaser Plaintiffs in 2010 and 2011.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

The Direct Purchaser Plaintiffs ("Plaintiffs") seek to compel responses from Defendants Irico Display Devices Co., Ltd. and Irico Group Corporation (together "the "Irico Defendants") to certain discovery requests. The issue before the Court is straightforward. The discovery was served on the Irico Defendants in 2010 and 2011. The Irico Defendants, however, failed to serve a timely response to each set of discovery, and continue to refuse to respond to any of it.

Plaintiffs first submitted this motion to the Special Master on March 21, 2018, in accordance with the Court's orders requiring discovery motions to be heard by the Special Master

1   in the first instance. Order Appointing Special Master for Discovery, ECF No. 2272 (Dec. 17.

2   2013); Order Upon Transfer of This MDL to Judge Jon S. Tigar, ECF No. 4164 (Nov. 3, 2015)

3   ("Appointments of Special Masters remain in effect as originally issued."); Saveri Decl. ¶ 8.  By

4   letter on March 23, 2018, the Irico Defendants asked that the Special Master "set aside" Plaintiffs'

5   motion because the question of whether they must respond to "merits" discovery would be resolved

6   at the CMC scheduled for April 24, 2018. Saveri Decl., Ex. 12. On March 26, 2018, the Special

7   Master requested the Court's guidance. ECF No. 5264. Plaintiffs submit this motion to the Court

8   now so that the Court may take it up itself, or refer it to the Special Master.[1]

9   The discovery at issue is:

10  - Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents (dated June
11    4, 2008; served Mar. 12, 2010) (Saveri Decl., Ex. 1);

12  - Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents (served
13    Mar. 12, 2010) (*Id.*, Ex. 2);

14  - Direct Purchaser Plaintiffs' First Set of Interrogatories (served Mar. 12, 2010) (*Id.*, Ex. 3);

15  - [Direct Purchaser] Plaintiff Hawel A. Hawel's, d/b/a City Electronics, Second Set of
16    Interrogatories to All Defendants (served Sept. 22, 2011) (*Id.*, Ex. 5); and

17  - Direct Purchaser Plaintiffs' Third Set of Requests for Production of Documents (served
18    Sept. 22, 2011) (*Id.*, Ex. 6).

19  The sole basis for the Irico Defendants' position is their assertion that there is a possibility

20  that they may have a defense to this action under the Foreign Sovereign Immunities Act of 1976,

21  28 U.S.C. §§ 1602–11 ("FSIA"), and therefore need not participate in any merits discovery. This

22  argument lacks merit. The Court has already rejected the Irico Defendants' assertion that they are

23  entitled to immunity under the FSIA. And while the Court has indicated that they may renew their

24  FSIA arguments, it did not stay merits discovery or otherwise indicate that the Irico Defendants

---

[1] Other than this paragraph, the formatting and this footnote, the motion to compel is identical to that submitted to the Special Master. For the record, Plaintiffs believe that the Irico Defendants' request to "set aside" their motion was improper and that their characterization of the Court's order on their motion to dismiss the case under the FSIA and to lift the default is incorrect. Saveri Decl., Ex. 12. Plaintiffs also did not agree that the matter would be resolved by the Court at the CMC in lieu of a motion to compel. Saveri Decl. ¶ 7.

1 may refuse to respond to merits discovery. Nor is there any basis for such a stay.

2 For these reasons, Plaintiffs respectfully submit that this motion should be granted and the Irico Defendants be ordered to promptly answer the discovery in full and without objections.

## II.     STATEMENT OF RELEVANT FACTS

On June 3, 2008, Plaintiffs served the complaint and summons on the Irico Defendants. ECF No. 336, Exs. A, B. On June 24, 2008, attorneys from the law firm Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") entered appearances as counsel of record for the Irico Defendants and accepted service of all pleadings, papers and notices. ECF No. 308. Pillsbury appeared at a Case Management Conference on July 11, 2008. ECF No. 340.

The Irico Defendants vigorously litigated the action. Among other things, they joined the other Defendants in negotiating stays and other restrictions on discovery, and sought to the have the action dismissed. The Defendants, including the Irico Defendants, negotiated a series of stays of discovery until after the resolution of the Defendants' motions to dismiss. See, e.g., ECF Nos. 509 at 2 (June 3, 2009), 590 at 2 (Dec. 22, 2009).[2]

On May 18, 2009, the Irico Defendants and other Defendants filed a Joint Motion to Dismiss Plaintiffs' Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. ECF No. 479. The motion raised several issues, including that the Foreign Trade Antitrust Improvements Act of 1982 ("FTAIA") deprived the court of subject matter jurisdiction over some or all of plaintiffs' claims, that plaintiffs lacked standing under Illinois Brick Co. v. Illinois, 431 U.S. 720 (1977), that the statute of limitations barred some or all of Plaintiffs' claims, and that Plaintiffs lacked standing under Associated General Contractors of California v. California State Council of Carpenters, 459 U.S. 519 (1983), because they could not plead antitrust standing and their claims were too remote. ECF No. 479 at 10–11.

Plaintiffs filed their opposition to the motions on August 3, 2009. ECF No. 531. On September 24, 2009, the Irico Defendants, along with the other Defendants, filed their reply briefs. *See, e.g.,* ECF No. 546. Special Master Legge held a hearing on the motions on October 5, 2009,

---

[2] *See also* Stipulation and Order Regarding Procedures Governing Expert Discovery, ECF No. 583 (Nov. 17, 2009).

1   and on February 5, 2010, issued his report and recommendation to the Court that the motions be
2   denied. ECF No. 597.
3         Following the issuance of his report and recommendation regarding the motions to dismiss,
4   Judge Legge directed the parties to begin document discovery. ECF No. 718 at 3. Accordingly, on
5   March 12, 2010, Plaintiffs served their First Set of Special Interrogatories and First and Second Set
6   of Requests for Production of Documents on the Irico Defendants. Saveri Decl. ¶ 2, Ex. 4. Among
7   other things, the interrogatories asked Irico Defendants to identify all meetings or communications
8   they had with their competitors regarding CRTs and/or conspiratorial agreements and produce
9   documents relating to such meetings or communications.
10        The responses/objections of the Irico Defendants were due on April 11, 2010. *See* Fed R.
11  Civ. P. 33(b)(2), 34(b)(2)(A). The Irico Defendants served no responses. Saveri Decl. ¶ 2.
12        Certain Defendants challenged Judge Legge's report and recommendation before the Court,
13  but on March 30, 2010, the Court denied the Joint Motion to Dismiss and ordered the Defendants
14  to answer the complaint within 30 days. ECF No. 665.
15        On June 23, 2010, Pillsbury moved to withdraw from representing the Irico Defendants.
16  ECF Nos. 729 ¶ 1, 730 ¶ 2. On June 24, 2010, the Court granted Pillsbury's motion to withdraw as
17  counsel for the Irico Defendants but required it to "continue to accept service of papers for the Irico
18  Entities for forwarding purposes until substitute counsel appears on behalf of the Irico Entities."
19  ECF No. 732.
20        The Irico Defendants failed to appear through substitute counsel until after Plaintiffs filed
21  an application for a default judgment. In essence, the Irico Defendants unilaterally ceased
22  participating in the case for seven years.
23        On September 22, 2011, Plaintiffs served their Second Set of Special Interrogatories and
24  Third Set of Requests for Production of Documents on the Irico Defendants. Saveri Decl. ¶ 3, Ex.
25  7. Among other things, this discovery sought information and documents about Defendants'
26  defenses. The responses/objections of the Irico Defendants were due on October 22, 2011; none
27  were received. *Id.* ¶ 3.
28        On July 20, 2016, the Clerk of the Court entered the default of the Irico Defendants. ECF

1  No. 4727. Per the Court's direction, ECF No. 5177, Plaintiffs filed their Application for Default

2  Judgment ("Application") on August 3, 2017. ECF Nos. 5182-3, 5183 (publicly refiled as ECF No.

3  5191). As ordered by the Court, the Pillsbury firm forwarded the Application to the Irico

4  Defendants by mail and email on August 29. ECF No. 5198.

5        The Irico Defendants reappeared through new counsel on September 8, 2017. ECF No.

6  5200. On October 25, 2017, they filed a motion to dismiss Plaintiffs' complaint against them on the

7  grounds that they were immune from suit under the FSIA and/or, to lift the default. ECF No. 5215.

8  They also filed an opposition to Plaintiffs' Application. ECF No. 5214.

9        The Court held a hearing on January 11, 2018. On February 1, 2018, the Court issued its

10 ruling. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917, Case No. C-07-5944 JST,

11 2018 WL 659084 (N.D. Cal. Feb. 1, 2018) (the "Order"). The Court held that, on the record before

12 it, the Irico Defendants were not immune under the FSIA and that, therefore, the Court had

13 jurisdiction. The Court held that Display, a publicly traded company, was not an agent,

14 instrumentality or organ of the Chinese government, and, therefore, was not subject to the FSIA.

15 The Court held that while Group was an instrumentality of the Chinese Government, the conduct at

16 issue fell within the commercial activity exception to the FSIA and therefore Group was not

17 immune from suit. Order, 2018 WL 659084, at *3, *6.

18       The Court also granted the motion to lift the default. It found that Plaintiffs "were

19 inarguably prejudiced by the Irico Defendants' decision to disappear from the case . . . ." *Id.* at *8.

20 Among other things (e.g., the long delay of the case), the Court found that "[a]fter the passage of so

21 much time, it is likely that documents and data have been lost, that witnesses have become

22 unavailable, or that important details have been forgotten." *Id.* The Court also noted the Irico

23 Defendants' delay in presenting the FSIA defense. *See id.* at *10 (" While efficiency and economy

24 suggest that the Irico Defendants should have presented their immunity defense to the Court in the

25 first instance, rather than simply disappear from the litigation, the law does not support a finding of

26 bad faith.") In light of, among other things, the strong policy in favor of judgments based on the

27 merits, the Court nonetheless set aside the default, *see e.g., id.* at *9 ("rules for determining when a

28 default should be set aside are solicitous towards movants"), and "reopened" the case against the

1  Irico Defendants. *Id.* at *11.

2  Following the Order, Plaintiffs demanded that the Irico Defendants answer the discovery at issue here. Saveri Decl., Ex. 8. The parties met and conferred on March 6, 2018, and the Irico Defendants informed Plaintiffs that they would not respond to the discovery until the question of their immunity under the FSIA was finally resolved. *Id.* ¶ 6, Exs. 10–11.

### III.   ARGUMENT

#### A.   The Irico Defendants Must Answer the Discovery

It is undisputed that: 1) the discovery at issue was properly served on the Irico Defendants; and 2) the Irico Defendants have failed to serve responses to Plaintiffs' discovery despite the fact that the deadlines to do so have passed. *Id.* ¶¶ 2–3. For this reason, Plaintiffs' motion must be granted. Fed. R. Civ. P. 37(a)(1), (a)(3)(B)(iii)–(iv); O'Connell & Stevenson, Rutter Group Prac. Guide: Federal Civ. Pro. Before Trial ¶ 11:2351 (The Rutter Group 2017) (orders compelling discovery "are typically required" where "a party fails to answer an interrogatory" and "a party fails to respond to a request for production").

#### B.   The Irico Defendants' Arguments that Merits Discovery Should Be Stayed Lack Merit

The Irico Defendants' argument that they need not respond to merits discovery until the question of their immunity under the FSIA has been resolved lacks merit.

First, the Order says no such thing. Nowhere does it purport to impose a stay or bifurcation of discovery.

Second, an argument that the Order contains an implied stay makes little sense. Among other things, it is inconsistent with the Court's finding that Plaintiffs have been substantially prejudiced by "the Irico Defendants' decision to disappear from the case," 2018 WL 659084, at *8, because it would increase the delay and loss of evidence already occasioned by their failure to raise the FSIA issue at the appropriate time.

Third, the Court has already determined that the Irico Defendants are not immune under the FSIA. *Id.* at *7. While the Court found that there remains a possibility that the Irico Defendants could demonstrate immunity under the FSIA, it did not suggest that it was likely they would

succeed. To the contrary, the Court emphasized the very low standard for setting aside a default. *See id.* at *10 ("The Court is bound by the test for setting aside default, which requires something less than an *actually* meritorious defense." (emphasis added)). *See also id.* at *8 ("The Court asks only whether '*some possibility* exists that the outcome of the suit after a full trial would differ from the result reached by the default.'" (emphasis in original)). Indeed, given that the Irico Defendants had several months to prepare their motion it is unlikely that they will uncover new evidence justifying a different result. As of the date of this motion, the Irico Defendants have not articulated any new facts or legal argument that do so. The Irico Defendants seek simply to delay this action in any way they can. *See, e.g.,* Saveri Decl., Ex. 11 (Irico Defendants' counsel estimating that completion of "jurisdictional" discovery will take six months).

Finally, the distinction the Irico Defendants attempt to make between "jurisdictional" and "merits" discovery is specious in the context of this case. As the Court's discussion in the Order demonstrates, the primary "merits" issues here—the Irico Defendants' participation in the conspiracy, and the conspiracy's effect in the United States—are closely bound up with the "jurisdictional" question of whether the "commercial activity" exception to FSIA immunity applies. *See, e.g*., 2018 WL 659084, at *6 (discussing "evidence that Irico participated in a conspiracy, including an industry report and emails showing that it attended 'over 70 conspiratorial meetings'" and expert report showing that "the conspiracy resulted in higher prices" in the United States).[3]

For all of these reasons, it is apparent that the Irico Defendants' argument that "merits" discovery should be stayed until final resolution of the FSIA issues lacks merit.

**C.  The Irico Defendants Have Waived Their Objections**

The Irico Defendants should be ordered to answer the discovery without objections. It is well-established that a party who fails to timely respond to written discovery waives all objections. *See, e.g., Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) (interrogatories); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (requests for production of

---

[3] It should also be noted that Plaintiffs' request for jurisdictional discovery referenced by the Court in its Order, *id.* at *11, included, among other things, discovery relating to conspiratorial meetings and communications, as well as documents and witnesses relating thereto. ECF No. 5228 at 17–18.

1  documents).

2  **IV.  CONCLUSION**

3  For all the reasons stated above, Plaintiffs respectfully submit that its motion be granted as

4  set forth above.

6  Dated: March 27, 2018

Respectfully submitted,

/s/ *R. Alexander Saveri*
Guido Saveri (22349)
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Cadio Zirpoli (179108)
Matthew D. Heaphy (227224)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

Joseph W. Cotchett
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

Steven F. Benz
Gregory G. Rapawy
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

*Attorneys for Plaintiffs*

8
DIRECT PURCHASER PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES FROM THE IRICO
DEFENDANTS; Master File No. 07-CV-5944-JST