Guido Saveri (22349)
    guido@saveri.com
R. Alexander Saveri (173102)
    rick@saveri.com
Geoffrey C. Rushing (126910)
    grushing@saveri.com
Cadio Zirpoli (179108)
    cadio@saveri.com
Matthew D. Heaphy (227224)
    mheaphy@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **DECLARATION OF R. ALEXANDER SAVERI IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES FROM THE IRICO DEFENDANTS** |
| *ALL DIRECT PURCHASER ACTIONS* | |
| | Date:        May 10, 2018 |
| | Time:        2:00 p.m. |
| | Judge:       Honorable Jon S. Tigar |
| | Courtroom:  9 |

1    I, R. Alexander Saveri, declare:

2         1.      I am the Managing Partner of Saveri & Saveri, Inc., Lead Counsel for Direct

3    Purchaser Plaintiffs ("Plaintiffs") in this action. I am a member of the Bar of the State of California

4    and admitted to practice in the Northern District of California. I have been involved in virtually

5    every aspect of this case from its outset in 2007. I make this Declaration in Support of Plaintiffs'

6    Motion to Compel Discovery Responses from the Irico Defendants. Except as otherwise stated, I

7    have personal knowledge of the facts stated below.

8         2.      On March 12, 2010, Plaintiffs served their first and second sets of requests for

9    production of documents and their first set of interrogatories, including on counsel for Defendants

10   Irico Display Devices Co., Ltd. and Irico Group Corporation (the "Irico Defendants"), then

11   Terrance A. Callan of Pillsbury Winthrop Shaw Pittman LLP. Attached hereto as <u>Exhibit 1</u> is a true

12   and correct copy of Plaintiffs' First Set of Requests for Production of Documents, dated June 4,

13   2008. Attached hereto as <u>Exhibit 2</u> is a true and correct copy of Plaintiffs' Second Set of Requests

14   for Production of Documents, dated March 12, 2010. Attached hereto as <u>Exhibit 3</u> is a true and

15   correct copy of Plaintiffs' First Set of Interrogatories, dated March 12, 2010. Attached hereto as

16   <u>Exhibit 4</u> is a true and correct copy of Proof of Service, dated March 12, 2010. Plaintiffs have no

17   record of responses to this discovery from the Irico Defendants.

18        3.      On September 22, 2011, Plaintiffs served their second set of interrogatories and

19   their third set of requests for production of documents, including on Mr. Callan. Attached hereto as

20   <u>Exhibit 5</u> is a true and correct copy of Plaintiff Hawel A. Hawel's, d/b/a City Electronics, Second

21   Set of Interrogatories to All Defendants, dated September 22, 2011. Attached hereto as <u>Exhibit 6</u> is

22   a true and correct copy of Plaintiffs' Third Set of Requests for Production of Documents, dated

23   September 22, 2011. Attached hereto as <u>Exhibit 7</u> is a true and correct copy of Proof of Service,

24   dated September 22, 2011. Plaintiffs have no record of responses to this discovery from the Irico

25   Defendants.

26        4.      On February 14, 2018, I sent a letter to the Irico Defendants' counsel, John Taladay

27   of Baker Botts LLP, requesting that the Irico Defendants respond to the pending discovery.

28   Attached hereto as <u>Exhibit 8</u> is a true and correct copy of my letter.

1

5. On February 20, 2018, I received a letter from Mr. Taladay regarding, *inter alia*, the Irico Defendants' positions with respect to the pending discovery and suggesting that the parties schedule a meet and confer. Attached hereto as <u>Exhibit 9</u> is a true and correct copy of Mr. Taladay's letter to me.

6. On March 6, 2018, I and other Plaintiffs' counsel held a meet and confer teleconference with Mr. Taladay and other counsel for the Irico Defendants. Attached hereto as <u>Exhibit 10</u> is a true and correct copy of my letter to Mr. Taladay memorializing the meet and confer, dated March 6, 2018. Attached hereto as <u>Exhibit 11</u> is a true and correct copy of Mr. Taladay's response to my March 6, 2018 letter, dated March 13, 2018.

7. Plaintiffs did not agree that the dispute with respect to the pending discovery would be resolved by the Court at the April 24, 2018 Case Management Conference in lieu of a motion to compel.

8. On March 21, 2018, Plaintiffs submitted their Motion to Compel Irico Discovery Responses to the Special Master.

9. On March 23, 2018, the Irico Defendants submitted their letter response to the Special Master. Attached hereto as <u>Exhibit 12</u> is a true and correct copy of the Irico Defendants' letter response to Plaintiffs' Motion to Compel Irico Discovery Responses.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of March, 2018 in San Francisco, California.

<u>*/s/ R. Alexander Saveri*</u>
R. Alexander Saveri

# EXHIBIT 1

1   GUIDO SAVERI (22349)
        *guido@saveri.com*
2   R. ALEXANDER SAVERI (173102)
        *rick@saveri.com*
3   GEOFFREY C. RUSHING (126910)
        *grushing@saveri.com*
4   CADIO ZIRPOLI (179108)
        *cadio@saveri.com*
5   GIANNA GRUENWALD (228969)
        *gianna@saveri.com*
6   SAVERI & SAVERI, INC.
7   111 Pine Street, Suite 1700
    San Francisco, CA  94111-5619
8   Telephone:  (415) 217-6810
    Facsimile:  (415) 217-6813
9
    *Interim Lead Counsel for*
10  *Direct Purchaser Plaintiffs*

11

12                    **UNITED STATES DISTRICT COURT**

13                    **NORTHERN DISTRICT OF CALIFORNIA**

14                       **SAN FRANCISCO DIVISION**

15

16  IN RE: CATHODE RAY TUBE (CRT)          Master File No. 07-5944-SC
    ANTITRUST LITIGATION
17                                          MDL No. 1917

18  This Document Relates To:              **DIRECT PURCHASER PLAINTIFFS'**
                                           **FIRST SET OF REQUESTS FOR**
19  ALL DIRECT PURCHASER ACTIONS           **PRODUCTION OF DOCUMENTS**

20

21

22

23

24

25

26

27

28

        [07-5944-SC] DIRECT PURCHASER PLAINTIFFS' FIRST SET OF REQUESTS FOR
                          PRODUCTION OF DOCUMENTS

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiffs hereby request

2  that each defendant respond to each of the following requests for production of documents and

3  produce all responsive documents for inspection and copying within 30 days.

4

5  **DEFINITIONS**

6    As used herein, the following terms are defined as follows:

7    1.    "All" should be construed to include the collective as well as the singular and shall

8  mean "each," "any," and "every."

9    2.    "Any" shall be construed to mean "any and all."

10    3.    "Defendant" means any company, organization, entity or person presently or

11  subsequently named as a defendant in this litigation.

12    4.    "Document" means without limitation, the original and all non-identical copies of all

13  items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure.  This definition

14  includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries,

15  travel records, summaries, records of telephone conversations, telegrams, notes, reports,

16  compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures,

17  circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes,

18  film and sound reproductions, e-mails, internal or external web sites, compact discs, computer files

19  and disks, sales, advertising and promotional literature, agreements, stored recordings, minutes or

20  other records of meetings, all written or graphic records or representations of any kind, and all

21  mechanical or electronic data, records or representations of any kind.

22    5.    "Electronic data" includes, without limitation, the following:

23    a.    activity listings of electronic mail receipts and/or transmittals;

24    b.    output resulting from the use of any software program, including, without

25  limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines,

26  electronic mail, AOL Instant Messenger$^{TM}$ (or similar program) or bulletin board programs,

27  operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous

28

1

[07-5944-SC] DIRECT PURCHASER PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1    media on which they reside and regardless of whether said electronic data exists in an active file, a

2    deleted file, or file fragment;

3           c.      any and all items stored on computer memories, hard disks, floppy disks, CD-

4    ROM, magnetic tape, microfiche, or in any other vehicle for digital data storage and/or transmittal,

5    such as, but not limited to, a personal digital assistant, *e.g.*, Palm Pilot, R.I.M., Blackberry, or similar

6    device, and file folder tabs, and/or containers and labels appended to, or relating to, any physical

7    storage device associated with each original and/or copy of all documents requested herein.

8           6.      "Employee" means, without limitation, any current or former officer, director,

9    executive, manager, secretary, staff member, messenger, agent or other person who is or was

10   employed by a defendant.

11          7.      "Including" is used to emphasize certain types of documents requested and should not

12   be construed as limiting the request in any way.

13          8.      "Or" and "and" should be construed so as to require the broadest possible response.

14   If, for example, a request calls for information about "A or B" or "A and B," you should produce all

15   information about A and all information about B, as well as all information about A and B

16   collectively.  In other words, "or" and "and" should be read as "and/or."

17          9.      "Relating to," "referring to," "regarding," or "with respect to" mean, without

18   limitation, the following concepts:  discussing, describing, reflecting, dealing with, pertaining to,

19   analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording,

20   summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

21          10.     "CRT" means cathode ray tube(s) and "CRT products" means products containing

22
23   cathode ray tubes.

24          11.     "You," "your," or "your company" mean the responding defendant, its predecessors,

25   successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any

26   organization or entity which the responding defendant manages or controls, together with all present

27   and former directors, officers, employees, agents, representatives or any persons acting or purporting

28   to act on behalf of the responding defendant.

## **INSTRUCTIONS**

1.     Unless otherwise noted, the relevant time period for these document requests is January 1, 1995 through the present (the "relevant time period").  These document requests seek all responsive documents created or generated during the relevant time period, as well as responsive documents created or generated outside the relevant time period, but which contain information concerning the relevant time period.

2.     To the extent documents responsive to any of these document requests have already been produced to plaintiffs, there is no need to produce those documents a second time.  Instead, please provide the bates numbers of any responsive documents already produced.

3.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these document requests are continuing in nature so that if you subsequently discover or obtain possession, custody, or control of any document covered by these requests, you shall promptly make any such document available to plaintiffs.

4.     In producing documents and other materials, you are to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your employees, agents, parent company(ies), subsidiaries, affiliates, investigators or by your attorneys or their employees, agents or investigators.

5.     Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, all documents shall be produced in the same order as they are kept or maintained by you in the ordinary course of your business.  All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained.  If for any reason the container cannot be produced, you should produce copies of all labels or other identifying marks which may be present on the container.

6.     Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each document(s) custodian(s).

[07-5944-SC] DIRECT PURCHASER PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

7.      Documents attached to one another should not be separated.  If any portion of any document is responsive to any portion of the document requests below, then the entire document must be produced.

8.      If a document once existed and subsequently has been lost, destroyed or is otherwise missing, you should provide sufficient information to identify the document and state, in writing, the details, including whether the document:

      a.      is lost or missing;

      b.      has been destroyed and, if so, by whom at whose request;

      c.      has been transferred or delivered, voluntarily or involuntarily, to another person or entity and at whose request; and/or

      d.      has been otherwise disposed of.

9.      In each instance in which a document once existed and subsequently is lost, missing, destroyed, or otherwise disposed of, explain the circumstances surrounding the disposition of the document, including, but not limited to:

      a.      the identity of the person or entity who last possessed the document;

      b.      the date or approximate date of the documents disposition; and

      c.      the identity of all persons who have or had knowledge of the document's contents.

10.      If any document responsive to any of these requests is privileged, and the document or any portion of the document requested is withheld based on a claim of privilege pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, provide a statement of the claim of privilege and all facts relied upon in support of that claim, including the following information:

      a.      the reason for withholding the document;

      b.      the date of such communication;

      c.      the medium of such communication;

      d.      the general subject matter of such communication (such description shall not be considered a waiver of your claimed privilege);

[07-5944-SC] DIRECT PURCHASER PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

e.      the identity of any document that was the subject of such communication and the present location of any such document;

f.      the identity of the persons involved in such communication;

g.      the identity of any document which records, refers, or relates to such communication and present location of any such document;

h.      the paragraph or paragraphs of these requests for production of documents to which such information is responsive.

11.     Each document requested herein should be produced in its entirety and without deletion, redaction or excisions, except as qualified by Instruction 10 above, regardless of whether you consider the entire document or only part of it to be relevant or responsive to these document requests.  If you have redacted any portion of a document, stamp the word "REDACTED" beside the redacted information on each page of the document which you have redacted.  Any redactions to documents produced should be identified in accordance with Instruction 10 above.

12.     All documents produced should be Bates numbered sequentially, with a unique number on each page, and with a prefix identifying the party producing the document.

13.     Pursuant to Federal Rule of Civil Procedure 34(b)(1)(C), the responding party must produce any electronically stored information ("ESI") in its native format. If ESI in its native format can only be accessed by proprietary or legacy software, the responding party must meet and confer with plaintiffs' lead counsel so the receiving party shall receive all information and software necessary to access the ESI. Subject to the right under Rule 34(a) to sample, ESI from proprietary databases may be produced in Excel or other mutually agreeable format. ESI is to be produced in Tagged Image File Format ("TIFF", or ".TIF") files. TIFF files should be produced in single page format along with an image load file (DTI file) indicating document breaks. The image load file should be compatible with Summation and Concordance. Load files created in the process of converting ESI from the electronic format of the application in which the ESI is normally created, viewed, and/or modified ("metadata load file") must also be produced. The metadata load files should contain any and all metadata identified within the data, including document text, file name,

5

last accessed date and time, file created date and time, last modified date and time, and original path of document. In the case of email, the load file should also include additional metadata including author, recipient, cc, bcc, date and time sent, and date and time received. Load files should also contain a link to Excel spreadsheets and Access databases in native format and the Excel and Access files should be included in the production in native form in a directory structure that is identical to the target of the link. Files should be accompanied by a reference file containing the MD5 hash value for each file. Load files should provide all parent/child or parent/sibling relationships. Family ranges should also be provided. Other databases are to be produced in reasonably usable form. Audio files are to be produced in MPEG-1 Audio Layer 3 ("MP3") format and should be accompanied by a reference file containing the MD5 hash value for each file. Bates numbers should be electronically branded to each page of ESI produced. Gaps in bates numbers produced should be explained in a privilege log. Please provide an index or other means to determine which files came from which office and/or person.

## DOCUMENT REQUESTS

### Request No. 1

All documents produced by you (including seized documents) to any domestic governmental entity in connection with CRT or CRT products, including the United States Department of Justice, either voluntarily and/or pursuant to a grand jury subpoena.

### Request No. 2

Copies of all subpoenas or requests for production of documents issued by the United States Department of Justice referring or relating to CRT or CRT products during the relevant period.

### Request No. 3

Documents sufficient to show your corporate structure or organization throughout the relevant time period, including, but not limited to, departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units that were engaged during any part of the relevant time period in the manufacture, marketing, sale or distribution of CRT or CRT products including, where applicable, the percentage of any stock or other interests owned by each entity in the chain.

**Request No. 4**

As to each of your divisions, subdivisions, departments, units, subsidiaries, parents, affiliates and joint ventures, documents sufficient to identify each employee having any responsibilities or duties with respect to each of the following:

      (a)    the manufacturing or production of CRT or CRT products;

      (b)    the marketing of CRT or CRT products;

      (c)    the pricing of CRT or CRT products;

      (d)    the sale or distribution of CRT or CRT products;

      (e)    maintaining any electronic database(s), including archives, of e-mail or other electronic documents relating to CRT or CRT products.

**Request No. 5**

Documents and electronic data sufficient to identify or set forth your annual, monthly and quarterly sales of CRT or CRT products directly purchased in the United States and that were either shipped to, and/or billed to said purchaser from January 1, 1991 through the present.

DATED:  June 4, 2008                SAVERI & SAVERI, INC.

By _____
        Guido Saveri
        R. Alexander Saveri
        Geoffrey C. Rushing
        Cadio Zirpoli
        Gianna Gruenwald
        111 Pine Street, Suite 1700
        San Francisco, CA  94111-5619
        Phone:  (415) 217-6810
        Fax:  (415) 217-6813

          **Direct Purchaser Plaintiffs' Interim Lead Counsel**

CRT.073

[07-5944-SC] DIRECT PURCHASER PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

# EXHIBIT 2

GUIDO SAVERI (22349)
   *guido@saveri.com*
R. ALEXANDER SAVERI (173102)
   *rick@saveri.com*
GEOFFREY C. RUSHING (126910)
   *grushing@saveri.com*
CADIO ZIRPOLI (179108)
   *cadio@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA  94111-5619
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Interim Lead Counsel for*
*Direct Purchaser Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-5944-SC |
| | MDL No. 1917 |
| This Document Relates To: | **DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| ALL DIRECT PURCHASER ACTIONS | |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiffs hereby request that each Defendant respond to each of the following requests for production of Documents, and produce all responsive Documents for inspection and copying within 30 days.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, these Document requests are continuing in nature so that if Defendants, their directors, officers, Employees, agents, representatives or any person acting, or purporting to act, on behalf of any Defendant, discover any Document(s) requested or required to be produced, Defendants shall make such Document(s) available.

## DEFINITIONS

As used herein, the following terms are defined as follows:

1.     "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

2.     "Any" shall be construed to mean "any and all."

3.     "Communication" means without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face Meetings.  The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

4.     "Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5.     "Defendant" means any company, organization, entity or person presently or subsequently named as a Defendant in this litigation.

6.     "Document" means without limitation, the original and all non-identical copies of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure.  This definition includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports,

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, compact discs, computer files and disks, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of Meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

7.      "Electronic Data" includes, without limitation, the following:

a.      activity listings of electronic mail receipts and/or transmittals;

b.      output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger$^{TM}$ (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

c.      any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant, *e.g.*, Palm Pilot, R.I.M., Blackberry, or similar device, and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all Documents requested herein.

8.      "Employee" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger, agent or other person who is or was employed by a Defendant.

9.      "Including" is used to emphasize certain types of Documents requested and should not be construed as limiting the request in any way.

10.      "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not.

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS; Master File No. 07-5944 SC

11.     "Or" and "and" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively.  In other words, "or" and "and" should be read as "and/or."

12.     "Person" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, association, government entity, group or other form of legal entity.

13.     "Relating to," "referring to," "regarding," or "with respect to" mean, without limitation, the following concepts:  discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

14.     "CRT" means cathode ray tube(s) and "CRT Products" means products containing cathode ray tubes.

15.     "You," "Your," or "Your Company" mean the responding Defendant, its predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, officers, Employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant.

## INSTRUCTIONS

1.     Unless otherwise noted, the Relevant Time Period for these Document requests is January 1, 1995 through the present (the "Relevant Time Period").  These Document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

2.     To the extent Documents responsive to any of these Document requests have already been produced to plaintiffs, there is no need to produce those Documents a second time.  Instead, please provide the bates numbers of any responsive Documents already produced.

3.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Document requests are continuing in nature so that if You subsequently discover or obtain possession, custody, or control of any Document covered by these requests, You shall promptly make any such Document available to plaintiffs.

4.     In producing Documents and other materials, You are to furnish all Documents or things in Your possession, custody or control, regardless of whether such Documents or materials are possessed directly by You or Your Employees, agents, parent company(ies), subsidiaries, affiliates, investigators or by Your attorneys or their Employees, agents or investigators.

5.     Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, all Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business.  All Documents shall be produced in the file folder, envelope or other container in which the Documents are kept or maintained.  If for any reason the container cannot be produced, You should produce copies of all labels or other identifying marks which may be present on the container.

6.     Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each Document(s) custodian(s).

7.     Documents attached to one another should not be separated.  If any portion of any Document is responsive to any portion of the Document requests below, then the entire Document must be produced.

8.     If a Document once existed and subsequently has been lost, destroyed or is otherwise missing, You should provide sufficient information to identify the Document and state, in writing, the details, including whether the Document:

a.     is lost or missing;

b.     has been destroyed and, if so, by whom at whose request;

c.     has been transferred or delivered, voluntarily or involuntarily, to another person or entity and at whose request; and/or

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

       d.    has been otherwise disposed of.

    9.    In each instance in which a Document once existed and subsequently is lost, missing, destroyed, or otherwise disposed of, explain the circumstances surrounding the disposition of the Document, including, but not limited to:

       a.    the identity of the Person or entity who last possessed the Document;

       b.    the date or approximate date of the Documents disposition; and

       c.    the identity of all Persons who have or had knowledge of the Document's contents.

    10.    If any Document responsive to any of these requests is privileged, and the Document or any portion of the Document requested is withheld based on a claim of privilege pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, provide a statement of the claim of privilege and all facts relied upon in support of that claim, including the following information:

       a.    the reason for withholding the Document;

       b.    the date of such communication;

       c.    the medium of such communication;

       d.    the general subject matter of such communication (such description shall not be considered a waiver of Your claimed privilege);

       e.    the identity of any Document that was the subject of such communication and the present location of any such Document;

       f.    the identity of the Persons involved in such communication;

       g.    the identity of any Document which records, refers, or relates to such communication and present location of any such Document;

       h.    the paragraph or paragraphs of these requests for production of Documents to which such information is responsive.

    11.    Each Document requested herein should be produced in its entirety and without deletion, redaction or excisions, except as qualified by Instruction 10 above, regardless of whether You consider the entire Document or only part of it to be relevant or responsive to these Document

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

requests.  If You have redacted any portion of a Document, stamp the word "REDACTED" beside the redacted information on each page of the Document which You have redacted.  Any redactions to Documents produced should be identified in accordance with Instruction 10 above.

12.     All Documents produced in paper form should be Bates numbered sequentially, with a unique number on each page, and with a prefix identifying the party producing the Document.

13.     Pursuant to Federal Rule of Civil Procedure 34(b)(1)(C), the responding party must produce any electronically stored information ("ESI") in its native format. If ESI in its native format can only be accessed by proprietary or legacy software, or is password protected, or encrypted, the responding party must meet and confer with plaintiffs' lead counsel so the receiving party shall receive all information and software necessary to access the ESI.

## DOCUMENT REQUESTS

**Request No. 1**

Documents sufficient to show Your corporate structure or organization throughout the relevant period, including, but not limited to, departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units that were engaged during any part of the relevant period in the manufacture, marketing, sale or distribution of CRT or CRT Products in the United States, including, where applicable, the percentage of any stock or other interests owned by each entity in the chain.

**Request No. 2**

As to each of Your divisions, subdivisions, departments, units, subsidiaries, parents, affiliates and joint ventures, Documents sufficient to identify each executive or Employee with managerial authority who had responsibilities or duties with respect to each of the following:

    (a)     the manufacturing or production of CRT or CRT Products;

    (b)     the marketing of CRT or CRT Products;

    (c)     the pricing of CRT or CRT Products;

    (d)     the sale or distribution of CRT or CRT Products;

    (e)     maintaining any electronic database(s), including archives, of e-mail or other electronic Documents relating to CRT or CRT Products.

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

**Request No. 3**

Documents sufficient to describe Your policies or practices with respect to the retention or destruction of Documents during the period January 1, 1991 through the present, and, if such policy or practice has been different with respect to any category of Documents or over different times, Documents sufficient to identify each such category or time period and to describe Your retention policy or practice with respect to each such category or time period.

**Request No. 4**

Documents sufficient to show the manner in which You have maintained records relating to CRT or CRT Products during the period January 1, 1991 through the present, including Documents sufficient to describe all electronic data processing systems, programs and outputs used to record, store, compute, analyze or retrieve electronically stored information relating to Your pricing, production, distribution, marketing or sale of CRT or CRT Products in the United States.

**Request No. 5**

All Documents and electronic data relating to Your sales of CRT or CRT Products during the period January 1, 1991 through the present, including, but not limited to:

a)   customer names, customer billing addresses, and customer ship-to addresses;

b)   sales terms;

c)   sales dates and shipment dates;

d)   product type, class, category, description, and respective use;

e)   sales volumes;

f)   unit price information, gross price, and actual net prices;

g)   discounts, credits, and rebates;

h)   shipping charges and terms;

i)   any other related charges; and

j)   amounts paid, dates paid, invoice numbers, and purchase order numbers.

If such data are not kept, or have not been kept, in electronic form in the ordinary course of Your business or are otherwise not available in electronic form, please produce such data in hard copy.

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

**Request No. 6**

All software instructions, programs, manuals, or other Documents necessary to operate, run or understand any of the programs maintained on the computer-related equipment or system utilized by You to maintain, gain access to or read data produced in response to Request Nos. 4-5, including all record laYouts, field codes or other descriptions.

**Request No. 7**

All Documents relating to policies, methods, formulas or factors to be used in determining, computing or quoting prices, including any rebates or discounts, in connection with the sale of CRT or CRT Products.

**Request No. 8**

All Documents relating to any published prices for CRT or CRT Products during the period January 1, 1991 through the present, including price announcements, price lists, price schedules, or price changes communicated to customers in the United States.

**Request No. 9**

All Documents relating to contracts, offers or proposals for CRT or CRT Products sales during the period January 1, 1991 through the present.

**Request No. 10**

Documents sufficient to identify each of Your facilities that produced CRT or CRT Products from January 1, 1991 through the present, and for each such facility, all Documents relating to:

a)      capacity, rated capacity, production and capacity utilization during each year of the Relevant Time Period;

b)      any proposed or actual change in the capacity to produce CRT or CRT Products;

c)      any reason for changes in each facility's actual production of CRT or CRT Products;

d)      the identity of all persons who had decision-making or supervisory responsibility regarding CRT or CRT Products production;

e)      each type, class, category and respective use of CRT or CRT Products produced and the amounts of each produced during each month of the relevant period;

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

f)       any production shutdowns or slowdowns of CRT or CRT Products production and reasons for such shutdowns or slowdowns; and

g)       any projected production forecasts;

h)       any future plans to construct, joint venture or purchase fabrication plants used to manufacture or produce CRT or CRT Products.

**Request No. 11**

Documents sufficient to describe the processes for producing CRT or CRT Products, including but not limited to, any industry standards.

**Request No. 12**

All Documents relating to the cost of manufacturing, marketing, selling, and distributing CRT or CRT Products during the period January 1, 1991 through the present.

**Request No. 13**

Documents sufficient to show Your inventory levels of CRT or CRT Products for each month, quarter, calendar year or fiscal year from January 1, 1991 through the present.

**Request No. 14**

Documents sufficient to identify and quantify all swaps, trades, sales, purchases or transfers of CRT or CRT Products between You and any of Your affiliates, or between You and any other producer of CRT or CRT Products, and the price or any other consideration involved in every such sale, swap, trade, purchase or transfer.

**Request No. 15**

All Documents relating to any relationship between prices for CRT or CRT Products and any costs of producing, marketing, selling, or distributing CRT or CRT Products during the period January 1, 1991 through the present.

**Request No. 16**

All of Your internal and public annual, quarterly and monthly financial statements, summaries or analyses, including profit-and-loss statements and comparisons to budget that relate to CRT or CRT Products.

9

**Request No. 17**

All business plans, planning analyses, budgets, forecasts, or sales or profit projections relating to CRT or CRT Products.

**Request No. 18**

Documents sufficient to show the identity of all other producers and sellers of CRT or CRT Products during any portion of the relevant period.

**Request No. 19**

All Documents relating to Your percentage or share of industry production, capacity, sales or shipments of CRT or CRT Products, or the percentage or share of industry production, capacity, sales or shipments of any other producer or seller of CRT or CRT Products at any time during the period January 1, 1991 through the present.

**Request No. 20**

All Documents showing the dollar volume or quantity of sales or shipments of CRT or CRT Products (by type or category, if available) by You or by other producers or sellers of CRT or CRT Products by month, quarter, calendar year or fiscal year during the period January 1, 1991 through the present.

**Request No. 21**

All Documents that compare or contrast each type, class, or category of CRT or CRT Products produced or sold by You with that of any other producer or seller of CRT or CRT Products and all Documents that relate to any industry standards regarding types, classes, or categories of CRT or CRT Products.

**Request No. 22**

Documents sufficient to show the regions or territories in which each type, class, or category of CRT or CRT Products are sold in the United States.

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

**Request No. 23**

All Documents relating to conditions of supply or demand for CRT or CRT Products, including, but not limited to, any market studies or industry reports during the period January 1, 1991 through the present.

**Request No. 24**

All Documents relating to any contemplated, proposed, planned, pending or executed purchases, sales, acquisitions, mergers, joint ventures, divestitures, transfers, spin-offs or any other change in ownership of any assets, liabilities, subsidiaries, departments, units or other subdivisions of Your or another company relating to production, distribution, marketing, pricing, sale or resale of CRT or CRT Products during the Relevant Time Period.

**Request No. 25**

All Documents relating to any communications between You and any parent, subsidiary, affiliated company, joint venturer, or partner regarding the production, pricing, marketing, sale or distribution of CRT or CRT Products.

**Request No. 26**

All Documents relating to communications regarding CRT or CRT Products between or among manufacturers of CRT or CRT Products, including Defendants.

**Request No. 27**

All Documents relating to any Meeting attended by You or any other Defendant or any manufacturer of CRT or CRT Products during which there was any communication concerning the production, marketing, pricing, distribution, inventory levels or sale of CRT or CRT Products, including, but not limited to the notes of any such Meetings.

**Request No. 28**

For each of Your Employees who has or had any non-clerical responsibility for recommending, reviewing, setting or approving prices, price increase announcements, bids or quotes for the sale of CRT or CRT Products, or any other involvement in the marketing or sale of CRT or CRT Products:

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

a.    all copies of electronic and manual diaries, calendars, appointment books, "to do" lists, day timers or appointment notes;

b.    all copies of trip and travel logs, records or other supporting Documents;

c.    all copies of expense reports or other supporting Documents;

d.    all copies of telephone number logs, directories, notebooks, Rolodex cards or related memoranda;

e.    all bills, statements, records and supporting Documents concerning long distance or cellular telephone calls;

f.    all Documents relating to membership in any trade association or industry group; and

g.    the complete personnel file for that Employee.

**Request No. 29**

Documents sufficient to show the name and address of each trade association (including committees and subcommittees) relating to CRT or CRT Products of which You or any of Your Employees are or have been a member, as well as Documents sufficient to show dates of membership and dates of participation in committees or subcommittees.

**Request No. 30**

All Documents relating to Meetings of each trade association and each of its committees or subcommittees relating to CRT or CRT Products, including all Documents relating to any such Meeting attended by You and any other CRT or CRT Products manufacturer and Documents sufficient to identify individuals from Your company who attended, the dates of attendance, and the subject matters discussed.

**Request No. 31**

All studies, analyses, communications, presentations or other Documents that You have submitted to or received from any trade association regarding CRT or CRT Products.

**Request No. 32**

All statements, announcements, disclosures or press releases issued by You or any of Your competitors relating to CRT or CRT Products.

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

**Request No. 33**

All Documents relating to Your policies or practices directed toward compliance with the United States antitrust laws, including any statements signed by Your Employees with pricing, sales or marketing responsibility for CRT or CRT Products, acknowledging their receipt of and compliance with Your antitrust compliance policy.

**Request No. 34**

All Documents relating to, prepared for, submitted to, or received from any foreign governmental or legislative investigative body, including the Canadian Competition Bureau, the European Commission, any agency or representative body of any foreign country, state or other political subdivision, or any law enforcement agency, authority or commission in any foreign country, relating to the production, sale, marketing, pricing or distribution of CRT or CRT Products. This request includes all Documents relating to proffers, transcripts, notes, summaries, testimony, witness statements, or responses to requests for information that You produced to any foreign governmental agency or foreign grand jury, including any Documents produced as part of any plea bargain negotiations or in connection with any application for or grant of amnesty.

**Request No. 35**

All Documents relating to proffers, transcripts, notes, summaries, testimony, witness statements, or responses to requests for information that You produced or were seized by any foreign governmental agency in Italy, Canada, the European Union, India, Hong Kong, Hungary, Thailand, Malaysia, Korea, Japan, Singapore, China or Taiwan.

**Request No. 36**

Copies of all subpoenas or requests for production of Documents issued by any foreign governmental or legislative investigative body referring or relating to CRT or CRT Products during the relevant period.

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

**Request No. 37**

All Documents relating to, prepared for, submitted to, or received by You as a result of any investigation or research conducted either internally or by an outside entity with respect to price fixing, price manipulation or manipulation of production or capacity of CRT or CRT Products.

**Request No. 38**

All Documents relating to the termination, retirement, discipline, discharge or suspension of any director, officer, or Employee who had any responsibility relating to the production, manufacture, distribution, marketing, pricing or sale of CRT or CRT Products.

**Request No. 39**

All Documents referring to or relating to plaintiffs in this litigation.

**Request No. 40**

All Documents that You claim would have been available to the plaintiffs or any purchaser of CRT or CRT Products prior to November 2007, which should have caused the plaintiffs or any such purchaser to investigate whether there was a conspiracy to fix, raise, maintain or stabilize the prices or to control or restrict sales of CRT or CRT Products in the United States.

DATED:  March 12, 2010

Respectfully submitted,
SAVERI & SAVERI, INC.

By _____
Guido Saveri
R. Alexander Saveri
Geoffrey C. Rushing
Cadio Zirpoli
706 Sansome Street
San Francisco, CA  94111-5619
Phone:  (415) 217-6810
Fax:  (415) 217-6813

**Direct Purchaser Plaintiffs' Interim Lead Counsel**

crt.250

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

# EXHIBIT 3

GUIDO SAVERI (22349)
   *guido@saveri.com*
R. ALEXANDER SAVERI (173102)
   *rick@saveri.com*
GEOFFREY C. RUSHING (126910)
   *grushing@saveri.com*
CADIO ZIRPOLI (179108)
   *cadio@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA  94111-5619
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Interim Lead Counsel for*
*Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST  LITIGATION | Master File No. 07-5944 SC |
| | MDL No. 1917 |
| | **DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES** |
| This Document Relates to: | Judge:  Hon. Samuel Conti |
| ALL DIRECT PURCHASER ACTIONS | |

1         Pursuant to Federal Rules of Civil Procedure 33, direct purchaser plaintiffs, through their

2    counsel, request that each defendant answer the following interrogatories within thirty (30) days of

3    service and supplement its interrogatory answers, as necessary, to comply with Federal Rule of

4    Civil Procedure 26(e).

5                                                     **DEFINITIONS**

6        1.     The term "Defendant" means defendants named in the Direct Purchaser Plaintiffs'

7    Consolidated Amended Complaint and their present or former employees, officers, directors,

8    agents, predecessors, successors, parents, subsidiaries, affiliates, joint ventures, or any other person

9    acting on their behalf.

10       2.     The term "Person" or "Persons" is defined to mean any natural person, corporation,

11   or partnership, proprietorship, joint venture, or any business, legal, or government entity,

12   organization, or association.

13       3.     The terms "You," "Your," and "Yourself" means defendant as defined herein.

14       4.     The term "Document" includes all documents and electronically stored information

15   as defined in Federal Rule of Civil Procedure 34(a).  A draft or non-identical copy is a separate

16   document within the meaning of this term.

17       5.     The term "Employee" means any individual currently in the employ of, or at any

18   time employed by, or acting as the agent of a defendant as defined herein.

19       6.     The term "CRT" means cathode ray tube(s) and "CRT Products" means products

20   containing cathode ray tubes.

21       7.     Unless otherwise noted, the term "Relevant Time Period" means the period from

22   January 1, 1995 through the present.

23       8.     The term "Communication" means without limitation, oral or written

24   communications of any kind, such as electronic communications, e-mails, facsimiles, telephone

25   communications, correspondence, exchange of written or recorded information, or face-to-face

26   meetings.  The phrase "communication between" is defined to include instances where one party

27   addresses the other party but the other party does not necessarily respond.

28

DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES;
Master File No. 07-5944 SC

9.     The term "Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

10.     The term "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not.

## INSTRUCTIONS

1.     When asked to identify a natural person, state the person's name, employer, position dates of employment/tenure, and home address for all times during the Relevant Time Period. If any of such information has changed during the relevant time period, specify the time period to which the information provided in your answer pertains.

2.     When asked to identify any entity other than a natural person, state the name and address of the principal office or headquarters. If any of the information has changed during the Relevant Time Period, specify the time period to which the information provided in your answer pertains.

3.     If the responding party elects to produce business records in response to an interrogatory pursuant to Federal Rule of Civil Procedure 33(d), the responding party shall produce the records as they are kept in the usual course of business or shall organize and label them to corresponding with the interrogatory. If the document is being produced in its native electronic format (allowing the document to retain its metadata), identify the document using its hash or other appropriate electronic identification and identify to the interrogatories to which the document is responsive. If the document is not being produced in electronic form, identify the document using the applicable bates numbers or specifically identify the type of document being produced (e.g., letter, memorandum, telegram, contract, invoice, etc.), its date and author(s), its custodian, and every person to whom such document or any copy thereof was given or sent. For all documents produced pursuant to Rule 33(d), identify the name of the employee, officer, or agent certifying the documents as business records.

# INTERROGATORIES

**Interrogatory No. 1**

State the name, address, and relationship to You of each person who prepared or assisted in the preparation of the responses to these interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

**Interrogatory No. 2**

Identify each current and former employee who has or had any managerial responsibility for recommending, reviewing, setting or approving prices, bids, quotes, or rebates for Your CRT and/or CRT Products during the Relevant Time Period. For each person identified, include his or her name, address, title, location, the division or unit of the company where he or she worked, and a description of his or her responsibilities throughout the Relevant Time Period.

**Interrogatory No. 3**

Identify each employee with pricing authority who attended any trade association during the Relevant Time Period relating to CRT and/or CRT Products and state with respect to each employee:

      (a)    the trade association attended;

      (b)    the dates of attendance;

      (c)    any offices, chairs or committee positions held in each of the trade associations; and

      (d)    the dates which those offices, chairs or committee positions were held.

**Interrogatory No. 4**

Identify each actual or proposed agreement between You and any producer of CRT and/or CRT Products, including the named defendants in this coordinated proceeding, relating to prices, pricing, production or inventory levels of CRT and/or CRT Products during the relevant time period. Agreements shall include drafts. For every such actual or prosed agreement state:

      (a)    the identity of the participants and all persons with knowledge thereof;

      (b)    when such agreement was entered into;

      (c)    where such agreement was entered into;

1         (d)    the terms of such agreement; and

2         (e)    when, how and which of your officers, directors or employees discovered

3              the existence of such agreement.

**Interrogatory No. 5**

Identify any meeting or communication between You and other producers of CRT and/or CRT Products during the Relevant Time Period, including the named Defendants in this coordinated proceeding, regarding CRT and/or CRT Product pricing, price increase announcements, terms or conditions of sales, profit margins or market share, production levels, inventory, customers, auctions, reverse auctions, dynamic bidding events, or sales, and for each such meeting or communication:

     (a)    provide the date and location of the meeting or communication;

     (b)    identify the person(s) who initiated, called, organized, attended or participated in the meeting or communication;

     (c)    describe the subject matter discussed and any information you provided or received;

     (d)    describe every action taken by you as a result of the meeting or communication; and

     (e)    identify all persons with knowledge relating to the meeting or communication.

**Interrogatory No. 6**

Identify each instance during the Relevant Time Period in which You or any other producer of CRT and/or CRT Products, including the named defendants in this coordinated proceeding, instituted a price increase or decrease for CRT and/or CRT Products, and for each such instance:

     (a)    when such price increase or decrease was announced publicly;

     (b)    when such price increase or decrease was implemented;

     (c)    the amount of the price increase or decrease;

     (d)    whether such price increase or decrease was withdrawn;

DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES;
Master File No. 07-5944 SC

(e)     each person with responsibility for implementing such price increase or decrease or its withdrawal; and

(f)     any explanation given for such price increase or decrease or withdrawal.

**Interrogatory No. 7**

Identify and describe all joint ventures, partnerships or other cooperative business relationships, during the Relevant Time Period, relating to CRT and/or CRT Products between You and any other CRT or CRT Products producer.

**Interrogatory No. 8**

Identify every channel used by You to sell, market, or distribute CRT and/or CRT Products during the Relevant Time Period. If You used different channels at different points within the Relevant Time Period, identify when You used each channel to sell, market, or distribute CRT and/or CRT Products.

**Interrogatory No. 9**

Identify every channel used by you to purchase CRT and/or CRT Products during the Relevant Time Period. If You used different channels at different points within the Relevant Time Period, identify when You used each channel to purchase CRT or CRT Products.

**Interrogatory No. 10**

Identify the CRT and/or CRT Products that You manufactured or produced for each month within the Relevant Time Period, including the brand name, product number, and intended use.

**Interrogatory No. 11**

Identify the CRT and/or CRT Products You sold, marketed, or distributed for each month within the Relevant Time Period, including the brand name, product number, and intended use.

**Interrogatory No. 12**

Provide Your sales of CRT and/or CRT Products to the United States and globally for each month from January 1, 1991 to the present.  For each month during this period, state the volume of sales, the U.S. dollar value of sales, the unit sale price, the per unit cost to produce CRT and/or CRT Products, the per unit cost to distribute CRT and/or CRT Products (including overseas freight,

1    tariff, customs, duties, inland freight, storage, insurance, dealer commissions), and the per unit

2    profit earned.

3    **Interrogatory No. 13**

4          If You offered different prices to different markets, or on a spot market versus contract

5    basis, during the Relevant Time Period, so indicate in the statistical data supplied in response to

6    Interrogatory No. 6.

7    **Interrogatory No. 14**

8          Provide Your aggregate purchases (in both number of units and revenue in U.S. dollars) of

9    CRT and/or CRT Products for each month from January 1, 1991 to the present.

10   **Interrogatory No. 15**

11         Provide Your aggregate purchases (in units and U.S. dollars) of CRT or CRT Products from

12   each of the other named defendants in this coordinated proceeding, for the purpose of resale, for

13   each month during from January 1, 1991 to the present.

14   **Interrogatory No. 16**

15         State whether any documents or information responsive to this set of interrogatories were

16   destroyed, discarded, erased, deleted, purged, or otherwise lost.  If Your answer is in any way in

17   the affirmative:

18             (a)     describe in detail the contents of each such document or information and the

19                   date it was destroyed, discarded, erased, deleted, purged or lost;

20             (b)     identify each person who had any role or responsibility in destroying,

21                   discarding, erasing, purging, deleting or losing of each such document or

22                   information; and

23

24

25

26

27

28

DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES;
Master File No. 07-5944 SC

1          (c)     describe in detail the circumstances under which each such document or

2                  information was destroyed, discarded, erased, deleted, purged, or lost.

3

4     DATED:  March 12, 2010                    Respectfully submitted,

5

6                                               By: _____
                                                     Guido Saveri (22349)
7                                                    R. Alexander Saveri (173102)
                                                     Geoffrey C. Rushing (126910)
8                                                    Cadio Zirpoli (179108)
                                                     SAVERI & SAVERI, INC.
9                                                    706 Sansome Street
                                                     San Francisco, CA  94111
10                                                   Telephone: (415) 217-6810

11                                              *Interim Lead Counsel for*
12                                              *Direct Purchaser Plaintiffs*

13

14

15    crt.249

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -
DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES;
Master File No. 07-5944 SC

# EXHIBIT 4

GUIDO SAVERI (22349)
   *guido@saveri.com*
R. ALEXANDER SAVERI (173102)
   *rick@saveri.com*
GEOFFREY C. RUSHING (126910)
   *grushing@saveri.com*
CADIO ZIRPOLI (179108)
   *cadio@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111-5619
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Interim Lead Counsel for*
*Direct Purchaser Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST  LITIGATION | Master File No. 07-5944 SC<br><br>MDL No. 1917<br><br>**PROOF OF SERVICE** |
| This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | Judge: Hon. Samuel Conti |

PROOF OF SERVICE
Master File No. 07-5944 SC

1    I am employed in the County of San Francisco, State of California.  I am over the age of

2    18 years and not a party to the within action.  My business address is 706 Sansome Street, San

3    Francisco, Califronia 94111.

4    On March 12, 2010, I caused to be served a true and correct copy of the following

5    documents:

6    **DIRECT PURCHASER PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS;**

7

8    **DIRECT PURCHASER PLAINTIFFS' SECOND SET OF DOCUMENT REQUESTS FOR PRODUCTION OF DOCUMENTS;**

9    **DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES;**

10   **PROOF OF SERVICE**

11   via hand delivery by a courier and via electronic mail as set forth on the attached service list.

12   I declare under penalty of perjury that the foregoing is true and correct.  Executed on this

13   12th day of March, 2010.

14

15

16   Cadio Zirpoli

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE
Master File No. 07-5944 SC

- 1 -

**SERVICE LIST**

David L. Yohai
  david.yohai@weil.com
David E. Yolkut
  david.yolkut@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153-0119

Gary L. Halling
  ghalling@sheppardmullin.com
James Landon McGinnis
  jmcginnis@sheppardmullin.com
**SHEPPARD MULIN RICHTER & HAMPTON LLP**
Four Embarcadero Center
17th Floor
San Francisco, CA 94111

Michael Tubach
  mtubach@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center
27th Floor
San Francisco, CA 94111

Samuel Ray Miller
  srmiller@sidley.com
**SIDLEY AUSTIN LLP**
555 California Street, Suite 5000
San Francisco, CA 94111

Ethan E. Litwin
  LitwinE@howrey.com
**HOWREY LLP**
153 East 53rd Street, 54th Floor
New York, NY 10022

Bruce H. Jackson
  bruce.h.jackson@bakernet.com
**BAKER & MCKENZIE**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111-3802

Kent Michael Roger
  kroger@morganlewis.com
**MORGAN LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1126

Terry Calvani
  terry.calvani@freshfields.com
Kate S. McMillan
  kate.mcmillian@freshfields.com
**FRESHFIELDS BRUCKHAUS DERINGER US LLP**
701 Pennsylvania Avenue, NW
Suite 600
Washington, DC 20004

Christopher M. Curran
  ccurran@whitecase.com
**WHITE & CASE LLP**
701 13th Street, NW
Washtington, DC 2005

Terrence A. Callan
  terrence.callan@pillsburylaw.com
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
50 Fremont Street
P.O. Box 7880
San Francisco, CA 941120

Craig P. Seebald
  cseebald@mwe.com
**MCDERMOTT, WILL & EMERY LLP**
600 Thirteenth Street, NW
Washington, DC 20005-3016

1

# EXHIBIT 5

GUIDO SAVERI (22349)
   *guido@saveri.com*
R. ALEXANDER SAVERI (173102)
   *rick@saveri.com*
GEOFFREY C. RUSHING (126910)
   *grushing@saveri.com*
CADIO ZIRPOLI (179108)
   *cadio@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA  94111-5619
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Interim Lead Counsel for*
*Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST  LITIGATION | Master File No. 07-5944 SC<br><br>MDL No. 1917<br><br>**PLAINTIFF HAWEL A. HAWEL'S, d/b/a CITY ELECTRONICS, SECOND SET OF INTERROGATORIES DIRECTED TO ALL DEFENDANTS** |
| This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | Judge:  Hon. Samuel Conti |

Pursuant to Federal Rules of Civil Procedure 33, direct purchaser plaintiffs, through their counsel, request that each defendant answer the following interrogatories within thirty (30) days of service and supplement its interrogatory answers, as necessary, to comply with Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

1.      The term "Defendant" means defendants named in the Direct Purchaser Plaintiffs' Consolidated Amended Complaint and their present or former employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, joint ventures, or any other person acting on their behalf.

2.      The term "Person" or "Persons" is defined to mean any natural person, corporation, or partnership, proprietorship, joint venture, or any business, legal, or government entity, organization, or association.

3.      The terms "You," "Your," and "Yourself" means defendant as defined herein.

4.      The term "Document" includes all documents and electronically stored information as defined in Federal Rule of Civil Procedure 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

5.      The term "Employee" means any individual currently in the employ of, or at any time employed by, or acting as the agent of a defendant as defined herein.

6.      The term "CRT" means cathode ray tube(s) and "CRT Products" means products containing cathode ray tubes.

7.      Unless otherwise noted, the term "Relevant Time Period" means the period from January 1, 1995 through the present.

8.      The term "Communication" means without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings.  The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

9.      The term "Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

10.     The term "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not.

## INSTRUCTIONS

1.      When asked to identify a natural person, state the person's name, employer, position dates of employment/tenure, and home address for all times during the Relevant Time Period.  If any of such information has changed during the relevant time period, specify the time period to which the information provided in your answer pertains.

2.      When asked to identify any entity other than a natural person, state the name and address of the principal office or headquarters. If any of the information has changed during the Relevant Time Period, specify the time period to which the information provided in your answer pertains.

3.      If the responding party elects to produce business records in response to an interrogatory pursuant to Federal Rule of Civil Procedure 33(d), the responding party shall produce the records as they are kept in the usual course of business or shall organize and label them to corresponding with the interrogatory.  If the document is being produced in its native electronic format (allowing the document to retain its metadata), identify the document using its hash or other appropriate electronic identification and identify the interrogatories to which the document is responsive. If the document is not being produced in electronic form, identify the document using the applicable bates numbers or specifically identify the type of document being produced (e.g., letter, memorandum, telegram, contract, invoice, etc.), its date and author(s), its custodian, and every person to whom such document or any copy thereof was given or sent. For all documents produced pursuant to Rule 33(d), identify the name of the employee, officer, or agent certifying the documents as business records.

1

**INTERROGATORIES**

2

**Interrogatory No. 17**

3

State in detail the factual basis for YOUR contention that the statute of limitations bars all

4

or part of plaintiffs' claims (including identifying all documents and witnesses supporting YOUR

5

contention).

6

**Interrogatory No. 18**

7

If YOU contend that plaintiffs (or any of them) had actual or constructive notice of their

8

claims before November 26, 2003, state in detail the factual basis for YOUR contention (including

9

identifying all documents and witnesses supporting YOUR contention).

10

**Interrogatory No. 19**

11

State in detail the factual basis for YOUR contention that YOU withdrew from the

12

conspiracy alleged in Plaintiffs' complaint (including identifying all documents and witnesses

13

supporting YOUR contention).

14

**Interrogatory No. 20**

15

If YOU contend that plaintiffs (or any of them) lack standing to pursue the claims alleged in

16

their complaint, state in detail the factual basis for YOUR contention (including identifying all

17

documents and witnesses supporting YOUR contention).

18

19

DATED:  September 22, 2011          By:_____*/s/ Guido Saveri*_____

20

Guido Saveri (22349)
R. Alexander Saveri (173102)

21

Geoffrey C. Rushing (126910)
Cadio Zirpoli (179108)

22

SAVERI & SAVERI, INC.
706 Sansome Street

23

San Francisco, CA  94111
Telephone: (415) 217-6810

24

Facsimile: (415) 217-6813

25

*Interim Lead Counsel for*
*Direct Purchaser Plaintiffs*

26

27

Crt.457

28

PLAINTIFF HAWEL B. HAWEL'S, d/b/a CITY ELECTRONICS, SECOND SET OF INTERROGATORIES
DIRECTED TO ALL DEFENDANTS; Master File No. 07-5944 SC

# EXHIBIT 6

GUIDO SAVERI (22349)
    guido@saveri.com
R. ALEXANDER SAVERI (173102)
    rick@saveri.com
GEOFFREY C. RUSHING (126910)
    grushing@saveri.com
CADIO ZIRPOLI (179108)
    cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA  94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Interim Lead Counsel for*
*Direct Purchaser Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-5944-SC |
| | MDL No. 1917 |
| This Document Relates To: | **DIRECT PURCHASER PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| ALL DIRECT PURCHASER ACTIONS | |
| | Judge:  Hon. Samuel Conti |

DIRECT PURCHASER PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS;  Master File No. 07-5944 SC

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, direct purchaser plaintiffs hereby request that each defendant respond to each of the following requests for production of documents and produce all responsive documents for inspection and copying within 30 days.

## DEFINITIONS

As used herein, the following terms are defined as follows:

1.     "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

2.     "Any" shall be construed to mean "any and all."

3.     "Defendant" means defendants named in the Direct Purchaser Plaintiffs' Consolidated Amended Complaint and their present or former employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, joint ventures, or any other person acting on their behalf.

4.     "Document" means without limitation, the original and all non-identical copies of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure.  This definition includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, compact discs, computer files and disks, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

5.     "Electronic data" includes, without limitation, the following:

a.     activity listings of electronic mail receipts and/or transmittals;

b.     output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger$^{TM}$ (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous

1

media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

            c.      any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant, *e.g.*, Palm Pilot, R.I.M., Blackberry, or similar device, and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein.

6.     "Employee" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger, agent or other person who is or was employed by a defendant.

7.     "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

8.     "Or" and "and" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," you should produce all information about A and all information about B, as well as all information about A and B collectively.  In other words, "or" and "and" should be read as "and/or."

9.     "Relating to," "referring to," "regarding," or "with respect to" mean, without limitation, the following concepts:  discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

10.    "CRT" means cathode ray tube(s) and "CRT products" means products containing cathode ray tubes.

11.    "You," "your," or "your company" mean the responding defendant, its predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding defendant manages or controls, together with all present and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding defendant.

DIRECT PURCHASER PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS;  Master File No. 07-5944 SC

## INSTRUCTIONS

1.      Unless otherwise noted, the relevant time period for these document requests is January 1, 1995 through the present (the "relevant time period").  These document requests seek all responsive documents created or generated during the relevant time period, as well as responsive documents created or generated outside the relevant time period, but which contain information concerning the relevant time period.

2.      To the extent documents responsive to any of these document requests have already been produced to direct purchaser plaintiffs, there is no need to produce those documents a second time.  Instead, please provide the bates numbers of any responsive documents already produced.

3.      Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these document requests are continuing in nature so that if you subsequently discover or obtain possession, custody, or control of any document covered by these requests, you shall promptly make any such document available to direct purchaser plaintiffs.

4.      In producing documents and other materials, you are to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your employees, agents, parent company(ies), subsidiaries, affiliates, investigators or by your attorneys or their employees, agents or investigators.

5.      Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, all documents shall be produced in the same order as they are kept or maintained by you in the ordinary course of your business.  All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained.  If for any reason the container cannot be produced, you should produce copies of all labels or other identifying marks which may be present on the container.

6.      Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each document(s) custodian(s).

DIRECT PURCHASER PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS;  Master File No. 07-5944 SC

7.      Documents attached to one another should not be separated.  If any portion of any document is responsive to any portion of the document requests below, then the entire document must be produced.

8.      If a document once existed and subsequently has been lost, destroyed or is otherwise missing, you should provide sufficient information to identify the document and state, in writing, the details, including whether the document:

a.      is lost or missing;

b.      has been destroyed and, if so, by whom at whose request;

c.      has been transferred or delivered, voluntarily or involuntarily, to another person or entity and at whose request; and/or

d.      has been otherwise disposed of.

9.      In each instance in which a document once existed and subsequently is lost, missing, destroyed, or otherwise disposed of, explain the circumstances surrounding the disposition of the document, including, but not limited to:

a.      the identity of the person or entity who last possessed the document;

b.      the date or approximate date of the documents disposition; and

c.      the identity of all persons who have or had knowledge of the document's contents.

10.     If any document responsive to any of these requests is privileged, and the document or any portion of the document requested is withheld based on a claim of privilege pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, provide a statement of the claim of privilege and all facts relied upon in support of that claim, including the following information:

a.      the reason for withholding the document;

b.      the date of such communication;

c.      the medium of such communication;

d.      the general subject matter of such communication (such description shall not be considered a waiver of your claimed privilege);

4

e.      the identity of any document that was the subject of such communication and the present location of any such document;

f.      the identity of the persons involved in such communication;

g.      the identity of any document which records, refers, or relates to such communication and present location of any such document;

h.      the paragraph or paragraphs of these requests for production of documents to which such information is responsive.

11.     Each document requested herein should be produced in its entirety and without deletion, redaction or excisions, except as qualified by Instruction 10 above, regardless of whether you consider the entire document or only part of it to be relevant or responsive to these document requests.  If you have redacted any portion of a document, stamp the word "REDACTED" beside the redacted information on each page of the document which you have redacted.  Any redactions to documents produced should be identified in accordance with Instruction 10 above.

12.     All documents produced should be Bates numbered sequentially, with a unique number on each page, and with a prefix identifying the party producing the document.

13.     Pursuant to Federal Rule of Civil Procedure 34(b)(1)(C), the responding party must produce any electronically stored information ("ESI") in its native format. If ESI in its native format can only be accessed by proprietary or legacy software, the responding party must meet and confer with plaintiffs' lead counsel so the receiving party shall receive all information and software necessary to access the ESI. Subject to the right under Rule 34(a) to sample, ESI from proprietary databases may be produced in Excel or other mutually agreeable format.  ESI is to be produced in Tagged Image File Format ("TIFF", or ".TIF") files. TIFF files should be produced in single page format along with an image load file (DTI file) indicating document breaks. The image load file should be compatible with Summation and Concordance. Load files created in the process of converting ESI from the electronic format of the application in which the ESI is normally created, viewed, and/or modified ("metadata load file") must also be produced. The metadata load files should contain any and all metadata identified within the data, including document text, file name, last accessed date and time, file created date and time, last modified date and time, and original path

DIRECT PURCHASER PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS;  Master File No. 07-5944 SC

of document. In the case of email, the load file should also include additional metadata including author, recipient, cc, bcc, date and time sent, and date and time received. Load files should also contain a link to Excel spreadsheets and Access databases in native format and the Excel and Access files should be included in the production in native form in a directory structure that is identical to the target of the link. Files should be accompanied by a reference file containing the MD5 hash value for each file. Load files should provide all parent/child or parent/sibling relationships.  Family ranges should also be provided. Other databases are to be produced in reasonably usable form. Audio files are to be produced in MPEG-1 Audio Layer 3 ("MP3") format and should be accompanied by a reference file containing the MD5 hash value for each file. Bates numbers should be electronically branded to each page of ESI produced.  Gaps in bates numbers produced should be explained in a privilege log.  Please provide an index or other means to determine which files came from which office and/or person.

## DOCUMENT REQUESTS

**Request No. 1**

      All Documents Identified (or otherwise referred to) in Your responses to Plaintiff Hawel A. Hawel's, d/b/a/ City Electronics, Second Set of Interrogatories Directed to All Defendants.

**Request No. 2**

      All Documents Identified (or otherwise referred to) in Your responses to Direct Purchaser Plaintiffs' First Set of Interrogatories.

DATED:  September 22, 2011        By:_____*/s/ Guido Saveri*_____
                               Guido Saveri (22349)
                               R. Alexander Saveri (173102)
                               Geoffrey C. Rushing (126910)
                               Cadio Zirpoli (179108)
                               SAVERI & SAVERI, INC.
                               706 Sansome Street
                               San Francisco, CA   94111
                               Telephone: (415) 217-6810
                               Facsimile: (415) 217-6813

                               *Interim Lead Counsel for*
                               *Direct Purchaser Plaintiffs*

CRT.458

DIRECT PURCHASER PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS;  Master File No. 07-5944 SC

# EXHIBIT 7

1   GUIDO SAVERI (22349)
2       *guido@saveri.com*
    R. ALEXANDER SAVERI (173102)
3       *rick@saveri.com*
    GEOFFREY C. RUSHING (126910)
4       *grushing@saveri.com*
    CADIO ZIRPOLI (179108)
5       *cadio@saveri.com*
    SAVERI & SAVERI, INC.
6   706 Sansome Street
    San Francisco, CA  94111
7   Telephone:  (415) 217-6810
    Facsimile:  (415) 217-6813
8
    *Interim Lead Counsel for*
9   *Direct Purchaser Plaintiffs*

10

11              **UNITED STATES DISTRICT COURT**

12            **NORTHERN DISTRICT OF CALIFORNIA**

13                **SAN FRANCISCO DIVISION**

14

15  IN RE: CATHODE RAY TUBE (CRT)        Master File No. 07-5944-SC
    ANTITRUST LITIGATION
16                                       MDL No. 1917

17  This Document Relates To:           **PROOF OF SERVICE**

18  ALL DIRECT PURCHASER ACTIONS        Judge:  Hon. Samuel Conti

19

20

21

22

23

24

25

26

27

28

1    I, Melissa Shapiro, declare that I am over the age of 18 years and not a party to the within

2    action.  I am employed in the County of San Francisco, State of California; my business address is

3    706 Sansome Street, San Francisco, California 94111.

4    I declare under the penalty of perjury that, on September 22, 2011, I served a true and correct

5    copy of the following documents:

6

7    **PLAINTIFF HAWEL A. HAWEL'S, d/b/a CITY ELECTRONICS, SECOND SET OF
     INTERROGATORIES DIRECTED TO ALL DEFENDANTS;**

8
     **DIRECT PURCHASER PLAINTIFFS' THIRD SET OF REQUESTS FOR**

9    **PRODUCTION OF DOCUMENTS; and**

10   **PROOF OF SERVICE**

11   via electronic mail to:

12   **SEE ATTACHED SERVICE LIST**

13   I declare under penalty of perjury that the foregoing is true and correct.  Executed on this

14   22nd day of September, 2011.

15

16                                        _____*/s/ Melissa Shapiro*_____

17                                        Melissa Shapiro

18   Crt.461

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE;  Master File No. 07-5944 SC

*In re: Cathode Ray Tube (CRT) Antitrust Litigation* – MDL No. 1917

## SERVICE LIST

| | |
|---|---|
| Jeffrey L. Kessler<br>jkessler@dl.com<br>DEWEY LEBOEUF LLP<br>1301 Avenue of the Americas<br>New York, NY 10019<br>Tel: (212) 259-8000<br>Fax: (212) 259-7013<br><br>David L. Yohai<br>david.yohai@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York  10153<br><br>*Counsel for Defendants Panasonic Corporation, Panasonic Corp. of North America, and MT Picture Display Co., Ltd.* | Samuel L. Miller<br>srmiller@sidley.com<br>SIDLEY AUSTIN, LLP<br>555 California Street<br>San Francisco, CA 94104<br>Tel: (415) 772-1200<br>Fax: (415) 772-7400<br><br>Ronald C. Redcay<br>Ronald.Redcay@aporter.com<br>ARNOLD & PORTER LLP<br>44th Floor<br>777 South Figueroa Street<br>Los Angeles, CA 90017-5844<br><br>*Counsel for Defendants LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Taiwan Taipei Co., Ltd.* |
| John Taladay<br>john.taladay@bakerbotts.com<br>BAKER BOTTS LLP<br>The Warner<br>1299 Pennsylvania Ave., NW<br>Washington, D.C. 20004-2400<br>Tel: (202) 639-7909<br>Fax: (202)639-1165<br><br>*Counsel for Defendants Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation, Philips Electronics Industries (Taiwan), Ltd., Philips da Amazonia Industria Electronica Ltda.* | Terrence A. Callan<br>Terrence.callan@pillsburylaw.com<br>PILLSBURY WINTHROP SHAW PITTMAN, LLP<br>50 Fremont Street<br>P.O. Box 7880<br>San Francisco, CA 94120-7880<br>Tel: (415) 983-1000<br>Fax: (415) 983-1200<br><br>*Counsel for Defendants IRICO Display Devices Co., Ltd., IRICO Group Corporation, and IRICO Group Electronics Co., Ltd.* |
| Scott A. Stempel<br>sstempel@morganlewis.com<br>Michelle Park Chiu<br>mchiu@morganlewis.com<br>MORGAN LEWIS & BOCKIUS, LLP<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br><br>*Counsel for Defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.* | Patrick J. Ahern<br>Patrick.j.ahern@bakernet.com<br>BAKER & McKENZIE LLP<br>130 East Randolph Drive<br>Chicago, IL 60601<br>Tel: (312) 861-8000<br>Fax: (312) 861-2899<br><br>*Counsel for Defendant Tatung Company of America* |

*In re: Cathode Ray Tube (CRT) Antitrust Litigation* – MDL No. 1917

## SERVICE LIST

| | |
|---|---|
| Kate S. McMillan<br>Kate.mcmillan@freshfields.com<br>FRESHFIELDS BRUCKHAUS &<br>DERINGER US, LLP<br>701 Pennsylvania Avenue, NW<br>Suite 600<br>Washington, DC 20004<br>Tel: (202) 777-4566<br>Fax: (202) 777-4555<br><br>*Counsel for Defendant Beijing Matsushita*<br>*Color CRT Co., Ltd.* | Lucius B. Lau<br>alau@whitecase.com<br>WHITE & CASE, LLP<br>701 13th Street, N.W.<br>Washington, DC 20005<br>Tel: (202) 626-3600<br>Fax: (202) 639-9355<br><br>*Counsel for Defendants Toshiba*<br>*Corporation, Toshiba America, Inc.,*<br>*Toshiba America Information Systems,*<br>*Inc., Toshiba America Consumer Products,*<br>*L.L.C., and Toshiba America Electronic*<br>*Components, Inc.* |
| Ian Simmons<br>isimmons@omm.com<br>Benjamin G. Bradshaw<br>bbradshaw@omm.com<br>O'Melveny & Myers LLP<br>1625 Eye Street, NW<br>Washington, DC 20006-4001<br>Tel: (202) 383-5163<br>Fax: (202) 383-5414<br><br>*Counsel for Defendants Samsung*<br>*Electronics Co., Ltd. and Samsung*<br>*Electronics America, Inc.* | James L. McGinnis<br>jmcginnis@sheppardmullin.com<br>SHEPPARD MULLIN RICHTER &<br>HAMPTON, LLP<br>Four Embarcadero Center<br>17th Floor<br>San Francisco, CA 94111<br>Tel: (415) 434-9100<br>Fax: (415) 434-3947<br><br>*Counsel for Defendants Samsung SDI*<br>*America, Inc., Samsung SDI Co., Ltd.,*<br>*Samsung SDI Mexico S.A. de C.V.,*<br>*Samsung SDI Brasil Ltda., Shenzhen*<br>*Samsung SDI Co., Ltd., Tianjin Samsung*<br>*SDI Co., Ltd., and Samsung SDI*<br>*(Malaysia) Sdn. Bhd.* |
| Joel S. Sanders<br>jsanders@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER<br>555 Mission Street<br>Suite 3000<br>San Francisco, CA 94105<br>Tel: (415) 393-8200<br>Fax: (415) 393-8200<br><br>*Counsel for Defendants Chunghwa*<br>*Picture Tubes, Ltd. and Chunghwa*<br>*Picture Tubes (Malaysia)* | Michael R. Lazerwitz<br>mlazerwitz@cgsh.com<br>CLEARY GOTTLIEB STEEN &<br>HAMILTON LLP<br>2000 Pennsylvania Avenue, NW<br>Suite 9000<br>Washington, DC 20006<br>Tel: (202) 974-1500<br>Fax: (202) 974-1999<br><br>*Counsel for Defendant LP Displays*<br>*International, Ltd.* |

*In re: Cathode Ray Tube (CRT) Antitrust Litigation* – MDL No. 1917

## SERVICE LIST

| | |
|---|---|
| Lidia Maher<br>Lidia.maher@usdoj.gov<br>Tai S. Milder<br>Tai.milder@usdoj.gov<br>UNITED STATES DEPARTMENT OF<br>JUSTICE – ANTITRUST  DIVISION<br>450 Golden Gate Avenue<br>Room 10-0101, Box 36046<br>San Francisco, CA 94102<br>Tel: (415) 436-6660<br>Fax: (415) 436-6687 | Mario Alioto<br>malioto@tatp.com<br>Lauren Russel<br>lrussel@tatp.com<br>TRUMP, ALIOTO, TRUMP &<br>PRESCOTT LLP<br>2280 Union Street<br>San Francisco, CA 94123<br>Tel: (415) 563-7200<br>Fax: (415) 346-0679<br><br>*Counsel for Indirect Purchaser Plaintiffs* |

# EXHIBIT 8

# SAVERI & SAVERI, INC.

706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

February 14, 2018

*VIA EMAIL*

John Taladay
Baker Botts LLP
The Warner
1299 Pennsylvania Ave., NW
Washington, D.C.  20004-2400
john.taladay@bakerbotts.com

> Re:  *In re Cathode Ray Tube (CRT) Antitrust Litigation* – MDL No. 1917, Master File No. 07-CV-5944-JST

Dear John:

As you know, there are five sets of discovery pending against your clients, Defendants Irico Display Devices Co., Ltd. and Irico Group Corporation:

- Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents (dated June 4, 2008; served Mar. 12, 2010);
- Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents (served Mar. 12, 2010);
- Direct Purchaser Plaintiffs' First Set of Interrogatories (served Mar. 12, 2010);
- [Direct Purchaser] Plaintiff Hawel A. Hawel's, d/b/a City Electronics, Second Set of Interrogatories to All Defendants (served Sept. 22, 2011); and
- Direct Purchaser Plaintiffs' Third Set of Requests for Production of Documents (served Sept. 22, 2011).

Now that the case has been reopened, your clients must answer this discovery (and produce documents). The deadlines for your clients' responses passed long ago. Therefore, 1) your clients have waived any objections they may have had to the discovery; and 2) their responses and document production are due immediately.

Plaintiffs wish to avoid motion practice regarding this discovery, but require prompt and good faith responses. Please let us know by February 21, 2018, what you propose in terms of a schedule for your clients to provide responses and to produce documents.

I have enclosed copies of the discovery for your convenience. The certificates of service for this discovery were attached to the Saveri Declaration in Support of Plaintiffs'

John Taladay
2/14/2018
Page 2

Opposition to the Irico Defendants' Motion to Set Aside Default, ECF No. 5228-1 (Dec. 15, 2017) as exhibits 1 and 2.

Very truly yours,

*s/ R. Alexander Saveri*

R. Alexander Saveri

Cc:    Stuart Plunkett
       Geoffrey C. Rushing

Enclosures.

crt.683

# EXHIBIT 9

# **BAKER BOTTS** LLP

| | | |
|---|---|---|
| THE WARNER | AUSTIN | LONDON |
| 1299 PENNSYLVANIA AVE., NW | BEIJING | MOSCOW |
| WASHINGTON, D.C. | BRUSSELS | NEW YORK |
| 20004-2400 | DALLAS | PALO ALTO |
| | DUBAI | RIYADH |
| TEL  +1 202.639.7700 | HONG KONG | SAN FRANCISCO |
| FAX  +1 202.639.7890 | HOUSTON | **WASHINGTON** |
| BakerBotts.com | | |

February 20, 2018

John Taladay
TEL: 2026397909
FAX: 2026391165
john.taladay@bakerbotts.com

**VIA E-MAIL (RICK@SAVERI.COM)**

R. Alexander Saveri
Saveri & Saveri, Inc.
706 Sansome Street
San Francisco, CA 94111

> Re:     *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, Master File
> No. 07-CV-944-JST

Dear Rick:

I write in response to your letters of February 14 and 15, 2018.  We disagree with your interpretation of the Court's February 1 order as allowing full discovery at this point, particularly given the Court's statement that "further proceedings might demonstrate that the [FSIA] defense applies and the Court lacks jurisdiction" and that "DPPs are free to undertake *jurisdictional* discovery."  We also disagree with your assertion that Irico Defendants have waived any discovery objections and your asserted deadline to answer the complaint.

We are, however, open to meet and confer promptly regarding an appropriate schedule for discovery responses and responsive pleadings.  To that end, please confirm that you have no other discovery requests to Irico Defendants outstanding in addition to the five sets attached to your February 14 letter.  Pursuant to our February 15th phone call, we also look forward to receiving your proposal for a joint request to hold a case management conference.

Sincerely,

John Taladay

JT

cc:   Geoffrey C. Rushing
      Erik Koons
      Stuart Plunkett

Active 37097105.1

# EXHIBIT 10

# SAVERI & SAVERI, INC.
706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

March 6, 2018

*VIA EMAIL*

John Taladay
Baker Botts LLP
The Warner
1299 Pennsylvania Ave., NW
Washington, D.C.  20004-2400
john.taladay@bakerbotts.com

     Re:     <u>*In re Cathode Ray Tube (CRT) Antitrust Litigation* – MDL No. 1917,
             Master File No. 07-CV-5944-JST</u>

Dear John:

     This letter memorializes our meet and confer call with you today regarding the responses of your clients, Defendants Irico Display Devices Co., Ltd. and Irico Group Corporation, to Direct Purchaser Plaintiffs' complaint and discovery, as well as other matters.

<u>Jurisdictional Discovery</u>

     You indicated that your clients would respond to the jurisdictional discovery Plaintiffs propounded on March 5, 2018. You estimated that your clients would need six months to substantially respond to the discovery. I offered a 30-day extension, or 60 days from March 5.

     In addition, I informed you that Plaintiffs intend to notice depositions pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure for the purposes of jurisdictional discovery. Plaintiffs would like to consult with you regarding dates—likely in May and June, 2018—as required by paragraph IV.C of the Court's Order re Discovery and Case Management Protocol (ECF No. 1128) and Civil Local Rule 30-1.

<u>Other Outstanding Discovery</u>

     You indicated that your clients would not now respond to the other outstanding discovery, i.e. the interrogatories and requests for production of documents listed in and transmitted by my letter to you dated February 14, 2018. I understand your position to be that the Court's Order Setting Aside Default (ECF No. 5240) does not require your clients to respond to any discovery other than related to jurisdiction until ordered to do so by the Court. Please inform me if this is incorrect. In response, Plaintiffs noted that the Court did not find sufficient evidence of your clients' immunity on the record before it,

John Taladay
3/6/2018
Page 2

and ordered the case reopened. Furthermore, Plaintiffs noted that the Order did not
bifurcate discovery or impose a stay of any kind.

<u>Response to Direct Purchaser Complaint</u>

You indicated that your clients would not now respond to Direct Purchaser
Plaintiffs' Consolidated Amended Complaint (ECF No. 436). I understand your position
to be that your clients will not respond to the complaint until ordered to do so by the
Court. Please inform me if this is incorrect.

Plaintiffs note your clients' concern that they not submit to the jurisdiction of the
Court unless and until it affirms that it has subject matter jurisdiction. However, as your
clients noted in their reply brief in support of their motion to set aside default, "a waiver
[of immunity] can occur ***only*** when the foreign sovereign fails to assert the defense in a
'responsive pleading.'" ECF No. 5229 at 14 (citing *Joseph v. Office of Consulate General
of Nigeria*, 830 F.2d 1018, 1022 (9th Cir. 1987)) (emphasis in original). Based on your
clients' reasoning, they should not be concerned that answering the complaint would
waive any claims of immunity that would deprive the Court of subject matter jurisdiction
over them, provided they assert the FSIA defense.

<u>Request for Case Management Conference</u>

The parties previously exchanged a draft stipulated request for case management
conference and discussed potential dates approximately 45 days out. Due to Judge
Tigar's unavailability and scheduling conflicts on certain Wednesdays (the day on which
CMCs are scheduled), I agreed to contact Judge Tigar's courtroom deputy to ask about
availability on the afternoon of Tuesday, April 17, 2018. I will follow up with you when
we hear back about that date.

Very truly yours,

*s/ R. Alexander Saveri*

R. Alexander Saveri

Cc:    Erik T. Koons
       Thomas E. Carter
       Ashley Eickhof
       Stuart C. Plunkett
       Kaylee Yang
       Geoffrey C. Rushing
       Matthew D. Heaphy

crt.686

# EXHIBIT 11

# BAKER BOTTS LLP

| | | |
|---|---|---|
| THE WARNER | AUSTIN | LONDON |
| 1299 PENNSYLVANIA AVE., NW | BEIJING | MOSCOW |
| WASHINGTON, D.C. | BRUSSELS | NEW YORK |
| 20004-2400 | DALLAS | PALO ALTO |
| | DUBAI | RIYADH |
| TEL +1 202.639.7700 | HONG KONG | SAN FRANCISCO |
| FAX +1 202.639.7890 | HOUSTON | **WASHINGTON** |
| BakerBotts.com | | |

March 13, 2018

John Taladay
TEL: 202.639.7909
FAX: 202.639.1165
john.taladay@bakerbotts.com

VIA E-MAIL (RICK@SAVERI.COM)

R. Alexander Saveri
Saveri & Saveri, Inc.
706 Sansome Street
San Francisco, CA 94111

     Re:    In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917, Master File
            No. 07-CV-944-JST

Dear Rick:

       I write in response to your letter of March 6, 2018 and to clarify the Irico defendants' ("Irico") position on the issues discussed during our meet and confer call.

       Regarding your discovery requests propounded on March 5, we anticipate requiring approximately six months to respond fulsomely to these requests. As discussed, this process is complicated by the fact that the information sought resides in China, and will consist of foreign language documents that will need to be reviewed by native Chinese speakers in order to determine responsiveness. However, Irico will begin producing responsive materials within 60 days,and will continue to produce materials on a rolling basis to show Irico's good faith production efforts. Irico will serve written responses to the DPPs' March 5, 2018 requests within 60 days of service as suggested on our call.

       With respect to your intent to notice depositions specific to jurisdictional issues, we are happy to meet and confer regarding any jurisdictional discovery, including depositions.

       Regarding the discovery requests attached to your February 14 letter, Irico's position is that these requests do not address the threshold jurisdictional question and should be deferred pursuant to the Court's Order Setting Aside Default (ECF No. 5240), which acknowledged the likelihood of "further proceedings [that] might demonstrate that the [sovereign immunity] defense applies and the Court lacks jurisdiction" and noted the Supreme Court's directive that such questions should be resolved "as near to the outset of the case as is reasonably possible." ECF No. 5240 at 19-20. We do not understand you to disagree that these discovery requests are related to issues on the merits rather than jurisdictional questions.

       Finally, with respect to answering the Complaint, Irico believes that the most efficient procedure is to complete jurisdictional discovery and resolve those threshold issues before addressing non-jurisdictional matters, including answering the Complaint on behalf of the defendants. DPPs have not identified any prejudice that will result if the parties fully explore

**BAKER BOTTS** LLP

R. Alexander Saveri                                    - 2 -                                    March 13, 2018


jurisdictional issues prior to engaging in the costly and time-consuming investigation of the merits-based claims that will be necessary in order to answer the Complaint fully.

Sincerely,

John Taladay

JT

cc:     Geoffrey C. Rushing
        Matthew D. Heaphy
        Erik Koons
        Stuart Plunkett
        Thomas Carter
        Kaylee Yang
        Ashley Eickhof

# EXHIBIT 12

**BAKER BOTTS** LLP

THE WARNER          AUSTIN       LONDON
1299 PENNSYLVANIA AVE., NW   BEIJING     MOSCOW
WASHINGTON, D.C.      BRUSSELS     NEW YORK
20004-2400          DALLAS       PALO ALTO
                    DUBAI        RIYADH
TEL  +1 202.639.7700    HONG KONG    SAN FRANCISCO
FAX +1 202.639.7890     HOUSTON      **WASHINGTON**
BakerBotts.com

March 23, 2018

John M. Taladay
TEL: 202.639.7909
john.taladay@bakerbotts.com

VIA E-MAIL

Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111

    Re:   *In re Cathode Ray Tube (CRT) Antitrust Litigation* - MDL No. 1917,
         Master File No. 07-CV-5944-JST

Dear Judge Walker:

    I am writing on behalf of Defendants Irico Display Devices Co., Ltd. and Irico Group Corporation ("Irico") and in response to the Direct Purchaser Plaintiffs' ("DPPs") March 21, 2018 letter-motion to compel responses to certain discovery requests. We request that Your Honor set aside DPP's motion and confirm that Irico need not respond to DPPs' motion for the reasons set forth herein. Specifically, DPPs' motion seeks to resolve the exact same discovery issues that will be addressed by Judge Tigar during the parties' already-scheduled April 24, 2018 Case Management Conference (Dkt. # 5257), just a few weeks from today. Thus, DPPs' current motion is a waste of judicial and party resources. Irico requests that Your Honor reject DPPs' motion as unnecessary.

    The DPPs misstate the Court's order of February 1, 2018, which was not a ruling on FSIA. Rather, the Court issued an "Order Setting Aside Default," which ruled that the DPPs were not entitled to an Order of Default, nor a Default Judgement they sought, because the Defendants had a legitimate basis for believing itself immune under the FSIA. The Court engaged in an FSIA analysis only in concluding that it was competent to rule on default with respect to the Irico defendants at all. The Court concluded its Order by stating that "The case against the Irico Defendants having now reopened, the DPPs are free to undertake *jurisdictional* discovery." (emphasis added).

    Subsequently, the DPPs sought to reassert the sweeping factual (non-jurisdictional) discovery issued years before that has now been placed before Your Honor. In a subsequent meet and confer, the parties recognized that they disagreed on the import of the Court's statement. Irico asserted that the Court intended the case to be limited to a determination of whether jurisdiction exists; the DPPs asserted that the case was open for all purposes. But both parties agreed that clarification was required and, at the DPPs' suggestion, agreed that a Case

####.#

**BAKER BOTTS** LLP

- 2 -                                                    March 23, 2018

Management Conference should be scheduled as quickly as possible.  The first mutually available date, April 24th, was proposed and accepted by the Court. (Dkt. # 5258).

       Given the parties' joint request to address at the CMC the exact discovery issues raised in the DPPs' instant motion with Judge Tigar, Irico was surprised (and confused) to see DPPs' March 21, 2018 letter-motion to compel.  The discovery issues that Judge Tigar will be requested to resolve at the CMC will be dispositive of all issues presented by the DPPs to Your Honor.  And Your Honor's resolution of the motion to compel will not obviate the need for the April CMC, as the parties plan to request that Judge Tigar address issues beyond those raised in DPPs' motion. Thus, it will be a substantial waste of resources to permit full briefing of the issues raised in DPPs' motion to compel.  On these bases, Irico respectfully request that Your Honor set aside DPPs' motion to compel and permit the parties to address any outstanding discovery issues with the Court during the April CMC.[1]

Sincerely,

John M. Taladay

---

[1] Should Your Honor decide to consider the DPP letter motion to compel, the Irico defendants would intend to submit a full opposition.

####.#