1  Mario N. Alioto (56433)
Joseph M. Patane (72202)
2  Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
3  2280 Union Street
San Francisco, CA 94123
4  Telephone: 415-563-7200
Facsimile: 415- 346-0679
5  Email: malioto@tatp.com
jpatane@tatp.com
6  laurenrussell@tatp.com

7  *Lead Counsel for the*
*Indirect Purchaser Plaintiffs*
8

9

10                    **UNITED STATES DISTRICT COURT**

11                   **NORTHERN DISTRICT OF CALIFORNIA**

12                      **SAN FRANCISCO DIVISION**

13  IN RE: CATHODE RAY TUBE (CRT)        Master File No. 07-cv-05944-JST
ANTITRUST LITIGATION                  Case No. 17-cv-04067-JST
14
                                        MDL No. 1917
15

16  This Document Relates to:            **DECLARATION OF MARIO N. ALIOTO IN**
                                        **SUPPORT OF SUPPLEMENTAL**
17  *Luscher, et al. v. Mitsubishi Electric Corp.,*  **SUBMISSION RE: MOTION FOR**
No. 17-cv-04067-JST                   **PRELIMINARY APPROVAL OF**
18                                      **SETTLEMENT WITH MITSUBISHI**
                                        **ELECTRIC CORPORATION; REQUEST TO**
19                                      **MODIFY PROPOSED NOTICE OF**
                                        **SETTLEMENT**
20
                                        Date: Hearing vacated
21                                      Courtroom: 9, 19th Floor
                                        Judge:  Honorable Jon S. Tigar
22

23

24

25

26

27

28

DECL. OF MARIO N. ALIOTO IN SUPPORT OF JOINT SUPPL. SUBMISSION RE: MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT WITH MITSUBISHI ELECTRIC CORP.; REQUEST TO MODIFY
PROPOSED NOTICE OF SETTLEMENT, Case No. 17-cv-04067-JST; Master File No. 07-cv-05944-JST

I, Mario N. Alioto, declare:

1.     I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am a partner with the law firm Trump, Alioto, Trump & Prescott, LLP and my firm serves as the Court-appointed Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs") in the above-captioned action. I submit this Declaration in further support of the IPPs' Motion for Preliminary Approval of Class Action Settlement with Defendant Mitsubishi Electric Corporation ("Mitsubishi Electric"), filed on February 14, 2018, ECF No. 5245, and in support of the parties' request to modify the proposed Detailed Notice submitted with the motion for preliminary approval (ECF No. 5245-2, Ex. B). The matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2.     IPPs submitted their Motion for Preliminary Approval of Class Action with Defendant Mitsubishi Electric on February 14, 2018. ECF No. 5245. As part of that motion, IPPs requested that the Court approve two forms of notice of settlement, a Detailed Notice (attached as Exhibit B to the Declaration of Joseph M. Fisher Re: Mitsubishi Notice Program, ECF No. 5245-2 ("Fisher Decl.")) and a Summary Notice (attached as Exhibit C to the Fisher Declaration).

3.     I have consulted with counsel for Mitsubishi Electric and we believe that certain modifications to the Detailed Notice would improve the notice for class members.

4.     More specifically, we are proposing modifications that would clarify for class members that they can object to the proposed plan of distribution, that the Court will resolve any distribution issues at the final approval stage, and that ultimately it is the Court that will decide how the settlement funds are allocated among class members.

5.     A revised Detailed Notice is attached hereto as Exhibit A.

6.     A redlined version of the Detailed Notice showing the changes we are proposing is attached hereto as Exhibit B.

//

//

DECL. OF MARIO N. ALIOTO IN SUPPORT OF JOINT SUPPL. SUBMISSION RE: MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH MITSUBISHI ELECTRIC CORP.; REQUEST TO MODIFY PROPOSED NOTICE OF SETTLEMENT, Case No. 17-cv-04067-JST; Master File No. 07-cv-05944-JST

1         I declare under penalty of perjury under the laws of the United States that the foregoing is

2    true and correct.  Executed this 2nd day of April 2018 at San Francisco, California.

4                           /s/ Mario N. Alioto

5                             Mario N. Alioto

6                          ***Lead Counsel for the Indirect Purchaser
     Plaintiffs***

DECL. OF MARIO N. ALIOTO IN SUPPORT OF JOINT SUPPL. SUBMISSION RE: MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT WITH MITSUBISHI ELECTRIC CORP.; REQUEST TO MODIFY
PROPOSED NOTICE OF SETTLEMENT, Case No. 17-cv-04067-JST; Master File No. 07-cv-05944-JST

# EXHIBIT A

U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If You Bought a Cathode Ray Tube (CRT) or a TV or Computer Monitor That Contained a CRT *You Could Get Money from a $33 Million Settlement.*

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

- Please read this notice carefully. Your legal rights may be affected whether or not you act.

- This is the fourth legal notice in this case. A $33 million settlement has been reached with Mitsubishi Electric Corporation, in addition to the previous nine settlements in this litigation involving alleged overcharges on the price of Cathode Ray Tube ("CRT") Products purchased indirectly from the Defendants. "CRT Products" include CRTs and products containing CRTs, such as televisions and computer monitors. "Indirectly" means that you purchased the CRT Product from someone other than the manufacturer of the CRT Product. For example, you bought a CRT television from a retailer, such as Best Buy, or a CRT monitor from Dell.

- The Court previously approved settlements with nine Defendants: Chunghwa, LG, Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson, and Technologies Displays America ("TDA") (the "Prior Settlements"). A settlement has now been reached with Mitsubishi Electric Corporation ("New Settlement").

- You can make a claim for money if you indirectly purchased CRT Products, for your own use and not for resale, in Arizona, Arkansas, California, the District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia or Wisconsin (the "Settlement Class"). The purchase must have been made in one of the foregoing states but you do not have to be a resident of these states. Purchases in Missouri, Montana and Rhode Island must have been made primarily for personal, family or household purposes.

- Sony Corporation is **not** a defendant and is **not** alleged to have participated in the conspiracy. Purchases of Sony® branded CRT Products are **not** eligible to be included in claims filed under the New Settlement. All other brands of CRT Products are eligible.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE NEW SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM BY _____, 2018** | If you submitted a claim in the Prior Settlements, it will automatically be submitted in the New Settlement. You must submit a claim to receive a payment from the New Settlement for CRT Products not already claimed in the Prior Settlements. *See* Question 11 below. |
| **OBJECT BY _____, 2018** | You can file an objection with the Court explaining why you disagree with the New Settlement, the plan of distribution, the requested attorneys' fees and litigation expenses, and/or the Class Representative awards. *See* Question 17 for specifics. |
| **GO TO THE HEARING ON _____, 2018** | Ask to speak to the Court about the Settlement. *See* Questions 18 and 20. |
| **EXCLUDE YOURSELF BY _____, 2018** | Excluding yourself from the Settlement Class is the only option that allows you to individually sue Mitsubishi Electric Corporation about the claims in this case. *See* Questions 12 and 13 for specifics. |
| **DO NOTHING** | If you submitted a claim in the Prior Settlements, it will automatically be submitted in the New Settlement. If you have **not** already submitted a claim or if you have additional CRT Products not previously claimed, then you must submit a claim. If you do nothing, then you will **not** receive payment from the New Settlement for CRT Products not previously claimed and you will give up any rights you currently have to separately sue Mitsubishi Electric for the conduct that is the subject of this litigation. |

These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

VISIT www.CRTclaims.com OR CALL TOLL FREE 1-800-649-0963

PARA UNA NOTIFICACIÓN EN ESPAÑOL, VISITAR NUESTRO WEBSITE O LLAMAR

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ................................................................................... Page 3
1. What is this Notice about?
2. What is a Cathode Ray Tube ("CRT")?
3. What is a CRT Product?
4. What is the lawsuit about?
5. What is a class action?

**WHO IS INCLUDED IN THE LAWSUIT** ........................................................ Page 5
6. Who are the Defendant companies?
7. How do I know if I am in the Settlement Class?

**THE NEW SETTLEMENT'S BENEFITS** ......................................................... Page 7
8. What does the New Settlement provide?
9. How much money can I get?
10. When will I get a payment?

**HOW TO GET A PAYMENT** ........................................................................... Page 8
11. How can I get a payment?

**RIGHT TO EXCLUDE YOURSELF** .................................................................. Page 9
12. Who has the right to be excluded?
13. How do I exclude myself from the Settlement Class?

**REMAINING IN THE SETTLEMENT CLASS** ................................................. Page 10
14. What am I giving up if I remain a member of the Settlement Class?

**THE LAWYERS REPRESENTING YOU** ......................................................... Page 10
15. Do I have a lawyer representing me?
16. How will the lawyers be paid?

**OBJECTING OR COMMENTING ON THE NEW SETTLEMENT, PLAN OF DISTRIBUTION, ATTORNEYS' FEES, LITIGATION EXPENSES, AND AWARDS TO CLASS REPRESENTATIVES** ............................................................ Page 10
17. How do I object or comment on the New Settlement?

**THE FAIRNESS HEARING** ........................................................................... Page 11
18. When and where will the Court consider the New Settlement, the plan of distribution, request for attorneys' fees, litigation expenses and awards to Class Representatives?
19. Do I have to come to the hearing?
20. May I speak at the hearing?

**GET MORE INFORMATION** ......................................................................... Page 12
21. Where can I get more information?

## BASIC INFORMATION

| 1. What is this Notice about? |
| --- |

This Notice is to inform you about a New Settlement that has been reached which may affect your rights, including your right  to file a claim, object to, or exclude yourself from the New Settlement. You have the right to know about the New Settlement and about your legal rights and  options before the Court decides whether to approve the New Settlement.

**Settlement Class members are eligible to file a claim now to get a payment from the New Settlement (*see* Question 11).**

The Court in charge is the United States District Court for the Northern District of California. The case is called *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917. The New Settlement relates to claims against Mitsubishi Electric Corporation i n  *Luscher, et al. v. Mitsubishi Electric Corp.,* Case No. 17-cv-04067-JST ("the Action").  The people and businesses that sued are called  the Plaintiffs, and the companies they sued are called the Defendants (*see* Question 6).

| 2. What is a Cathode Ray Tube ("CRT")? |
| --- |

Cathode Ray Tubes ("CRTs") are a display technology that was widely used in televisions and computer monitors.  Before LCD, Plasma and LED display technologies became popular, CRTs were the main technology used in displays.  There are two main types of CRTs: Color Display Tubes ("CDTs" or "Monitor Tubes"), which were used to manufacture computer monitors, and Color Picture Tubes ("CPTs" or "TV Tubes"), which were used to manufacture televisions.  This is what a CRT looks like:



| 3. What is a CRT Product? |
| --- |

For the purposes of the lawsuit and the New Settlement, CRT Products means products containing Cathode Ray Tubes, such as televisions and computer monitors.  This is what a CRT Product looks like:

**CRT Monitor:**



**CRT Television:**



| 4. What is the lawsuit about? |
| --- |

The lawsuit claims that Mitsubishi Electric Corporation conspired with other manufacturers of CRTs to fix the prices of CRTs from March 1, 1995 to November 25, 2007, which resulted in overcharges to people and businesses that bought CRT Products, such as televisions and computer monitors.  The Defendants deny these claims.  The Court has not decided who is right.

The Court previously approved settlements with Chunghwa Picture Tubes Ltd. on March 22, 2012, LG Electronics on April 18, 2014, and Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson, and TDA on July 7, 2016. The total amount of these Prior Settlements is $576,750,000.  The New Settlement with Mitsubishi Electric Corporation provides an additional $33,000,000. The Court still has to decide whether to approve the New Settlement.

---

### 5. What is a class action?

In a class action, one or more persons or businesses called class representatives sues on behalf of a group or a "class" of others with similar claims. If the Court determines that a case should proceed as a class action, everyone's claims can be combined into a single proceeding, creating efficiencies for the parties and the courts. In a class action, the court resolves the issues for all class members except those who exclude themselves from the Class.

## WHO IS INCLUDED IN THE LAWSUIT?

### 6. Who are the Defendant companies?

The Defendants are manufacturers and/or sellers of CRTs.

**The Defendant companies are:**

- Chunghwa Picture Tubes Ltd.; Chunghwa Picture Tubes (Malaysia) SDN. BHD ("Chunghwa");

- LG Electronics Inc.; LG Electronics USA, Inc.; LG Electronics Taiwan Taipei Co., Ltd. ("LG");

- Koninklijke Philips N.V. (f/k/a Koninklijke Philips Electronics N.V.); Philips Electronics North America Corporation; Philips Taiwan Limited (f/k/a Philips Electronics Industries (Taiwan), Ltd.); Philips do Brasil, Ltda. (f/k/a Philips da Amazonia Industria Electronica Ltda.) (collectively "Philips");

- Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.); Panasonic Corporation of North America; MT Picture Display Co., Ltd.; and an affiliate of Panasonic Corporation, Beijing Matsushita Color CRT Co., Ltd. (collectively "Panasonic");

- Hitachi, Ltd.; Hitachi Displays, Ltd. (n/k/a Japan Display Inc.); Hitachi Electronic Devices (USA), Inc.; Hitachi Asia, Ltd.; Hitachi America, Ltd. ("Hitachi");

- Toshiba Corporation; Toshiba America Information Systems, Inc.; Toshiba America Consumer Products, L.L.C.; Toshiba America Electronic Components, Inc. ("Toshiba");

- Samsung SDI Co. Ltd; Samsung SDI America, Inc.; Samsung SDI Brasil, Ltda.; Tianjin Samsung SDI Co., Ltd.; Shenzhen Samsung SDI Co., Ltd; Samsung SDI Malaysia Sdn. Bhd; Samsung SDI Mexico S.A. de C.V. ("Samsung SDI");

- Technicolor SA (f/k/a Thomson SA); Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.) ("Thomson");

- Technologies Displays Americas LLC (f/k/a Thomson Americas LLC) ("TDA");

- Mitsubishi Electric Corporation.

- LG.Philips Displays, a/k/a LP Displays International, Ltd.;

- IRICO Group Corporation; IRICO Display Devices Co., Ltd.; and IRICO Group Electronics Co., Ltd.;

- Thai CRT Company, Ltd.;

- Samtel Color, Ltd.;

- Orion Electric Company, Ltd.; and

- Videocon Industries, Ltd.

These companies are collectively referred to herein as "Defendants" or "Alleged Co-Conspirators."

## 7. How do I know if I am in the Settlement Class?

The New Settlement has recovered money ("damages") for consumers who indirectly purchased CRT Products in 30 states and the District of Columbia (the "Settlement Class"). These states and the District of Columbia (together "the states") have antitrust and/or consumer protection laws permitting consumers to sue for damages for antitrust violations.

The "Settlement Class" includes:

- all persons or business entities who or which indirectly purchased in Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin, for their own use and not for resale, CRT Products manufactured or sold by any of the Defendants or their alleged co-conspirators (listed in Question 6);
- all persons or business entities who or which indirectly purchased in Missouri or Montana, for their own use and not for resale, and primarily for personal, family, or household purposes, CRT Products manufactured or sold by any of the Defendants or their alleged co-conspirators (listed in Question 6);
- all natural persons who indirectly purchased in Rhode Island, for their own use and not for resale, and primarily for personal, family, or household purposes, CRT Products manufactured or sold by any of the Defendants or their alleged co-conspirators (listed in Question 6).

The purchase must have been made in one of the foregoing states.  You do not have to be a resident of one of these states in order to qualify as a member of the Settlement Class.

Class Period: In order to bring a claim, you must have purchased the CRT Product(s) between March 1, 1995 and November 25, 2007.  Because Hawaii, Nebraska and Nevada laws allowing consumers to bring a claim were enacted after the beginning of the class period, those states have slightly shorter class periods.

- Purchases of CRT Products in Hawaii must have been made between June 25, 2002 and November 25, 2007.
- Purchases of CRT Products in Nebraska must have been made between July 20, 2002 and November 25, 2007.
- Purchases of CRT Products in Nevada must have been made between February 4, 1999 and November 25, 2007.

**Exclusions:**

- Specifically excluded from the Settlement Class are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and, any affiliate, legal representative, heir or assign of any Defendant.
- Also excluded are named co-conspirators, any federal, state or local government entities, any judicial officer presiding over this action and members of his/her immediate family and judicial staff, and any juror assigned to this action.
- Sony Corporation is not a defendant and purchases of Sony® branded CRTs and CRT Products are excluded from the New Settlement.

The specific class definitions are available at www.CRTclaims.com.

6

VISIT www.CRTclaims.com OR CALL TOLL FREE 1-800-649-0963
PARA UNA NOTIFICACIÓN EN ESPAÑOL, VISITAR NUESTRO WEBSITE O LLAMAR

# THE NEW SETTLEMENT'S BENEFITS

### 8. What does the New Settlement provide?

The New Settlement provides that Mitsubishi Electric Corporation will pay Thirty Three Million Dollars ($33,000,000) to Plaintiffs in exchange for a release of the class claims against it. The New Settlement is being presented to the Court for approval. The Court has previously approved nine settlements totaling $576,750,000.

The Settlement Fund of $33,000,000 will be used to pay eligible claimants in the jurisdictions listed in Question 7 based on an allocation plan described in Question 9. Any interest earned on the Settlement Fund will be added to the Settlement Fund. The cost to administer the New Settlement as well as attorneys' fees, litigation expenses and payments to the Class Representatives will be paid from the Settlement Fund (*see* Question 16).

The Settlement Agreement and the papers filed in support of the New Settlement are available for review and download at www.CRTclaims.com, or you can request copies by calling 1-800-649-0963.

### 9. How much money can I get?

A plan has been submitted to the Court explaining how the Settlement Fund will be distributed to the Settlement Class Members. Class Counsel expects to receive eligible claims from: (a) Settlement Class Members that did not submit a claim in connection with the Prior Settlements ("**First-time Claimants**"); and (b) Settlement Class Members that already submitted a claim in connection with the Prior Settlements, but that submit a claim in the New Settlement based on purchases of additional CRT Products not included in their prior claim ("**Repeat Claimants**"). **Repeat Claimants** are expected because Settlement Class Members can now claim for purchases in nine states that were not included in the Prior Settlements: Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah.

Under the proposed plan of distribution, those Settlement Class Members who already submitted claims in connection with the Prior Settlements, and do not have any additional purchases on which to base claims in the New Settlement, are referred to as "**Prior Claimants**." A **Prior Claimant** will be deemed to have filed a claim in the New Settlement without any further action taken by that claimant.

Payments to claimants will be determined on an adjusted pro-rata basis. This means that payment amounts will be based on the number of valid claims filed and on the number and type of CRT Products purchased. Based on data obtained during the course of the litigation, claims for different types of CRT Products will be weighted as follows:

- Claims for purchases of Standard CPTs or CRT Televisions (screen size of less than 30 inches) will be weighted as 1 CRT unit;
- Claims for purchases of Large CPTs or CRT Televisions (screen size of 30 inches or larger) will be weighted as 4.3 CRT units; and
- Claims for purchases of CDTs or CRT Computer Monitors will be weighted as 3 CRT units.

Each new claim will be assigned a weighted CRT unit count based on the types of CRT Products purchased, as described above. For example, a Settlement Class Member that purchased two Standard CRT televisions (2 x 1 CRT unit) and one CRT monitor (3 CRT units) would have five CRT units (2 + 3 = 5). A Settlement Class Member that purchased five CRT monitors (5 x 3 = 15 CRT units) and two Large CRT televisions (4.3 x 2 = 8.6 CRT units) would have 23.6 CRT units (15 + 8.6 = 23.6).

The settlement funds will then be distributed in four steps:

- **Step 1:** All First-time Claimants and Repeat Claimants will receive a minimum payment of $25 for

their newly-claimed CRT units. In other words, First-time Claimants and Repeat Claimants with claims worth less than $25 will receive the $25 minimum. All Repeat Claimants and Prior Claimants will receive a minimum payment of $10 for their already-claimed CRT units. The $10 minimum payment will be in addition to any amount that such claimants receive for those CRT units under the Prior Settlements.

- **Step 2:** For the first 25 newly-claimed CRT units only, First-time Claimants and Repeat Claimants will receive the same rate as CRT units claimed in the Prior Settlements (referred to as the "Matching Rate," which is currently estimated at approximately $4 per CRT unit), subject to a $4 million cap. For example, a First-time or Repeat Claimant that submits a new claim for two standard CRT televisions (2 CRT units) and 7 CRT monitors (21 CRT units) would receive $92 ($4 x 23 units).

- **Step 3:** For each newly-claimed CRT unit in excess of 25 units, the remaining settlement funds shall be distributed pro rata among First-time Claimants and Repeat Claimants, provided that the CRT unit value may not exceed the Matching Rate. For example, a First-time or Repeat Claimant that submits a new claim for 1000 CRT monitors (1000 x 3 CRT units = 3000 CRT units) would receive $100 for the first 25 CRT units (as described in Step 2). The CRT unit value for the remaining 2975 units would be calculated by dividing the remaining settlement funds by the total number of newly-claimed CRT units claimed by all First-time Claimants and Repeat Claimants, and multiplying that CRT unit value (which may not exceed the Matching Rate) by 2975.

- **Step 4:** if any funds remain unallocated, those funds will be distributed pro rata to all claimants, First-time Claimants, Repeat Claimants, and Prior Claimants, for all CRT units claimed in the New Settlement and the Prior Settlements.

At this time, it is unknown whether the court will approve the proposed distribution plan. It is also unknown exactly how much money each Settlement Class Member will recover because it will depend on how many valid claims are submitted.

More details about the anticipated distribution of the Settlement Fund are available in the papers filed with the Court in support of settlement approval, which are available on the settlement website, www.CRTclaims.com.

First-time Claimants and Repeat Claimants need to file a valid claim in order to receive a payment for CRT Products not already claimed in the Prior Settlements (*see* Question 11). CRT Products already claimed by Prior Claimants and Repeat Claimants will be deemed filed for the New Settlement without any further action by such claimants. The Claim Form provides additional details on how to submit a claim.  Further information is available at www.CRTclaims.com or by calling 1-800-649-0963.

| **10. When will I get a payment?** |
| --- |

Payments will be distributed after the Court grants final approval to the New Settlement and after any appeals are resolved. If the Court approves the New Settlement after the hearing on **xxxxxx, 2018**,  there may be appeals. We don't know how much time it could take to resolve any appeals that may be filed.

## HOW TO GET A PAYMENT

| **11. How can I get a payment?** |
| --- |

**First-time Claimants and Repeat Claimants**: If you (i) are a member of the Settlement Class; and (ii) did not submit a claim in connection with the Prior Settlements, **or** did make a claim in connection with the Prior Settlements, but want to make a new claim based on additional purchases of CRT Products not included in your original claim (for example, purchases you made in states not included in the previously approved settlements), you must complete and submit a Claim Form. We encourage you to submit a claim online at www.CRTclaims.com. If you do not file online,  you can also submit a claim by mail.

**Prior Claimants**: If you submitted a claim in connection with the Prior Settlements, you do not need to resubmit that claim.  Your claim in the Prior Settlements will be automatically submitted in the New Settlement without further action by you.

The court will decide how to allocate the settlement funds among First-time Claimants, Repeat Claimants, and Prior Claimants.

The Claim Form can be found and completed or downloaded at www.CRTclaims.com, or you can obtain a copy by calling, toll free, 1-800-649-0963, or by texting "CRTclaims" to XXXXX.  If you choose to submit your claim online, you must do so on or before **xxxxx, 2018**. If you choose to submit a Claim Form by mail, it must be postmarked by **xxxxx, 2018**, and mailed to:

CRT Claims
c/o The Notice Company
P.O. Box 778
Hingham, MA 02043

## Right to Exclude Yourself

### 12. Do I have a right to exclude myself from the Settlement Class?

Yes. If you are a Settlement Class Member and you wish to keep your right to sue Mitsubishi Electric Corporation about the claims alleged and settled in this case (*see* Questions 4 and 7), you must exclude yourself from the Settlement Class.  You will not get any money from the New Settlement if you exclude yourself.  You may not submit a Claim Form if you exclude yourself from the New Settlement.

You may exclude yourself from the New Settlement regardless of whether or not you excluded yourself from the Prior Settlements. If you exclude yourself from the New Settlement, it will not affect your rights to recover from the Prior Settlements. If you excluded yourself from the Prior Settlements, you are **not** automatically excluded from the New Settlement. You must decide whether or not to exclude yourself from the New Settlement.

### 13. How do I exclude myself from the Settlement Class?

If you choose to exclude yourself from the Settlement Class in the New Settlement and keep your right to sue Mitsubishi Electric Corporation on your own, you must send a letter that includes the following:

- Your name, address and telephone number;
- A statement saying that you request exclusion from the Settlement Class and do not wish to participate in the settlement with Mitsubishi Electric Corporation in *Luscher, et al. v. Mitsubishi Electric Corp.*, Case No. 17-cv-04067-JST; and
- Your signature.

You must mail your exclusion request, postmarked no later than **xxxxx, 2018,** to:

CRT Indirect Exclusions
c/o The Notice Company
P.O. Box 778
Hingham, MA 02043

## REMAINING IN THE SETTLEMENT CLASS

### 14. What am I giving up if I stay in the Settlement Class?

If you do not exclude yourself from the Settlement Class, you will have given up your right to sue Mitsubishi Electric Corporation on your own for the claims alleged and settled in this case (*see* Questions 4 and 7) and you will be bound by the New Settlement and all subsequent proceedings, orders and judgments in this lawsuit. In return for the Settlement Amount (*see* Question 8), Settlement Class members will release Mitsubishi Electric Corporation (and certain related entities defined in the Settlement Agreement) from all claims arising under any federal law or under the laws of any of the 30 States or the District of Columbia relating to the facts underlying the Action, as more fully described in the Settlement Agreement.

The Settlement Agreement describes the released claims in detail, so read it carefully since the Settlement Agreement is binding on you. If you have any questions, you may call the toll-free number and speak to the Settlement Administrator for free. You may also consult your own lawyer at your own expense. The Settlement Agreement and the specific release are available at www.CRTclaims.com.

## THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer representing me?

The Court has appointed Trump, Alioto, Trump & Prescott LLP, 2280 Union Street, San Francisco, CA 94123, to represent you as "Class Counsel" for the Settlement Class. You do not have to pay Class Counsel separately. Class Counsel will seek compensation by asking the Court for a share of the settlement proceeds. If you want to be represented by your own lawyer, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

### 16. How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees based on their work on this litigation, not to exceed one-third of the $33,000,000 Settlement Fund, plus reimbursement of their litigation expenses. Class Counsel may also request awards to the Class Representatives who helped the lawyers on behalf of the Classes. Any payment to the attorneys or the Class Representatives will be subject to Court approval, the attorneys may request less than one-third of the Settlement Fund, and the Court may award less than the requested amount. Any award of attorneys' fees, litigation expenses and Class Representative awards that the Court orders, plus the costs to administer the Settlements, will come out of the Settlement Fund and are subject to Court approval.

The attorneys' motion for fees, litigation expenses and Class Representative awards will be filed on or before **xxxxx, 2018**. The motion will be posted on the website at www.CRTclaims.com. You may register at the website or by calling 1-800-649-0963 to receive an email when the motion(s) are filed.

### OBJECTING TO OR COMMENTING ON THE NEW SETTLEMENT, PLAN OF DISTRIBUTION, ATTORNEYS' FEES AND LITIGATION EXPENSES, AND AWARDS TO CLASS REPRESENTATIVES

### 17. How do I object or comment on the New Settlement?

You can ask the Court to deny approval by filing an objection to the New Settlement. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may also object to the proposed distribution plan and ask the Court to revise that plan. If the Court revises the distribution plan, it will not mean that the Court has rejected the settlement. It will just mean the settlement

funds will be distributed in a different manner.

If you decide to object, you must do so in writing. The written objection needs to include the following information:

- Your name, address, telephone number, and if you are being assisted by a lawyer, their name, address and telephone number;
- The Action name and number (*Luscher, et al. v. Mitsubishi Electric Corp.*, Case No. 17-cv-04067-JST);
- Proof of membership in the class;
- A brief explanation of your reasons for objecting; and
- Your signature.

The objection must be submitted to the Court either by mailing it to the Class Action Clerk at the address below, or by filing it in person at any location of the United States District Court for the Northern District of California. **The objection must be filed with the Court or postmarked on or before xxxxx, 2018:**

| COURT |
|---|
| Class Action Clerk<br>United States District Court for the<br>Northern District of California<br>450 Golden Gate Avenue, 16th Floor<br>San Francisco, CA 94102 |

# THE FAIRNESS HEARING

## 18. When and where will the Court consider the New Settlement, the plan of distribution, request for attorneys' fees and litigation expenses, and awards to Class Representatives?

The Court is scheduled to hold a Fairness Hearing to consider the New Settlement at **xx:xx a.m.** on **xxxxx, 2018**, at the United States District Court for the Northern District of California, Courtroom 9, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. The hearing may be moved to a different date or time without additional notice, so you should check the website www.CRTclaims.com for current information.

At this hearing the Court will consider whether the New Settlement is fair, reasonable, and adequate. The Court will also consider the plan of distribution, and the requests for attorneys' fees, litigation expenses and awards to Class Representatives. If there are objections or comments, the Court will consider them at this time. After the hearing, the Court will decide whether to approve the New Settlement, the plan of distribution and the requests for attorneys' fees, litigation expenses and awards to Class Representatives. We do not know how long these decisions will take.

## 19. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you file an objection or comment, you don't have to come to Court to talk about it. As long as you filed your written objection on time, your objection will be presented to the Court for its consideration. You may also pay another lawyer to attend on your behalf, but it's not required.

## 20. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must file a "Notice of

Intent to Appear in *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917." Be sure to include your name, address, telephone number and your signature. Your Notice of Intent to Appear must be submitted to the Court either by mailing it to the Class Action Clerk at the address in Question 17, or by filing it in person at any location of the United States District Court for the Northern District of California no later than **xxxxx, 2018**. You cannot speak at the hearing if you excluded yourself from the Settlement Class.

## GET MORE INFORMATION

| **21. Where can I get more information?** |
| --- |

This notice summarizes the New Settlement. For the precise terms and conditions of the New Settlement, please see the Settlement Agreement available at www.CRTclaims.com. The Court does not anticipate sending another notice to the entire class. To keep apprised of developments in the case that may affect you, we encourage you to check this website regularly. You can also get more information about the settlements in the litigation by:

- Calling 1-800-649-0963;
- Texting "CRTclaims" to XXXXX;
- Writing to CRT Questions, c/o The Notice Company, P.O. Box 778, Hingham, MA 02043;
- Accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov; or
- Visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**ALL INQUIRIES CONCERNING THIS NOTICE
SHOULD BE MADE TO THE SETTLEMENT ADMINISTRATOR**

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE**

12

VISIT www.CRTclaims.com OR CALL TOLL FREE 1-800-649-0963
PARA UNA NOTIFICACIÓN EN ESPAÑOL, VISITAR NUESTRO WEBSITE O LLAMAR

# EXHIBIT B

<u>U.S. District Court for the Northern District of California</u>

# If You Bought a Cathode Ray Tube (CRT) or a TV or Computer Monitor That Contained a CRT
## *You Could Get Money from a $33 Million Settlement.*

*A Federal Court authorized this notice.  This is not a solicitation from a lawyer.*

- <u>Please read this notice carefully.  Your legal rights may be affected whether or not you act.</u>

- This is the fourth legal notice in this case. A $33 million settlement has been reached with Mitsubishi Electric Corporation, in addition to the previous nine settlements in this litigation involving alleged overcharges on the price of  Cathode Ray Tube (**"**CRT") Products purchased indirectly from the Defendants. "CRT Products" include CRTs and products containing CRTs, such as televisions and computer monitors. "Indirectly" means that you purchased the CRT Product from someone other than the manufacturer  of the CRT Product. For example, you bought a CRT television from a retailer, such as Best Buy, or a CRT monitor from Dell.

- The Court previously approved settlements with nine Defendants: Chunghwa, LG, Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson, and Technologies Displays America ("TDA") (the "Prior Settlements"). A  settlement has now been  reached with Mitsubishi Electric Corporation ("New Settlement").

- You can make a claim for money if you indirectly purchased CRT Products, for your own use and not for resale, in Arizona, Arkansas, California, the District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia or Wisconsin (the "Settlement Class"). The purchase must have been made in one of the foregoing states but you do not have to be a resident of these states. Purchases in Missouri, Montana and Rhode Island must have been made primarily for personal, family or household purposes.

- Sony Corporation is **not** a defendant and is **not** alleged to have participated in the conspiracy.  Purchases of Sony® branded CRT Products are **not** eligible to be included in claims filed under the New Settlement. All other brands of CRT Products are eligible.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE NEW SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM BY _____, 2018** | If you submitted a claim in the Prior Settlements, it will automatically be submitted in the New Settlement. You must submit a claim to receive a payment from the New Settlement for CRT Products not already claimed in the Prior Settlements. *See* Question 11 below. |
| **OBJECT BY _____, 2018** | You can file an objection with the Court explaining why you disagree with the New Settlement, the plan  of distribution, the requested attorneys' fees and litigation expenses, and/or the Class Representative awards. *See* Question 17 for specifics. |
| **GO TO THE HEARING ON _____, 2018** | Ask to speak to the Court about the Settlement. *See* Questions 18 and 20. |
| **EXCLUDE  YOURSELF BY _____, 2018** | Excluding yourself from the Settlement Class is the only option that allows you to individually sue Mitsubishi Electric Corporation about the claims in this case. *See* Questions 12 and 13  for specifics. |
| **DO NOTHING** | If you submitted a claim in the Prior Settlements, it will automatically be submitted in the New Settlement.  If you have **not** already submitted a claim or if you have additional CRT Products not previously claimed, then you must submit a claim. If you do nothing, then you will **not** receive payment from the New Settlement for CRT Products not previously claimed and you will give up any rights you currently have to separately sue Mitsubishi Electric for the conduct that is the subject of this litigation. |

These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

1

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ......................................................................................................... Page 3

   1.  What is this Notice about?
   2.  What is a Cathode Ray Tube ("CRT")?
   3.  What is a CRT Product?
   4.  What is the lawsuit about?
   5.  What is a class action?

**WHO IS INCLUDED IN THE LAWSUIT** ........................................................................ Page 5

   6.  Who are the Defendant companies?
   7.  How do I know if I am in the Settlement Class?

**THE NEW SETTLEMENT'S BENEFITS** ........................................................................ Page 7

   8.  What does the New Settlement provide?
   9.  How much money can I get?
  10.  When will I get a payment?

**HOW TO GET A PAYMENT** ........................................................................................... Page 8

  11.  How can I get a payment?

**RIGHT TO EXCLUDE YOURSELF** ............................................................................... Page 9

  12.  Who has the right to be excluded?
  13.  How do I exclude myself from the Settlement Class?

**REMAINING IN THE SETTLEMENT CLASS** ............................................................ Page 10

  14.  What am I giving up if I remain a member of the Settlement Class?

**THE LAWYERS REPRESENTING YOU** ...................................................................... Page 10

  15.  Do I have a lawyer representing me?
  16.  How will the lawyers be paid?

**OBJECTING OR COMMENTING ON THE NEW SETTLEMENT, PLAN OF
DISTRIBUTION, ATTORNEYS' FEES, LITIGATION EXPENSES, AND AWARDS
TO CLASS REPRESENTATIVES** .................................................................................. Page 10

  17.  How do I object or comment on the New Settlement?

**THE FAIRNESS HEARING** ........................................................................................... Page 11

  18.  When and where will the Court consider the New Settlement, the plan of
        distribution, request for attorneys' fees, litigation expenses and awards to Class
        Representatives?
  19.  Do I have to come to the hearing?
  20.  May I speak at the hearing?

**GET MORE INFORMATION** ......................................................................................... Page 12

  21.  Where can I get more information?

2

## BASIC INFORMATION

| **1.   What is this Notice about?** |
| --- |

This Notice is to inform you about a New Settlement that has been reached which may affect your rights, including your right to file a claim, object to, or exclude yourself from the New Settlement. You have the right to know about the New Settlement and about your legal rights and options before the Court decides whether to approve the New Settlement.

**Settlement Class members are eligible to file a claim now to get a payment from the New Settlement (***see* **Question 11).**

The Court in charge is the United States District Court for the Northern District of California. The case is called *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917. The New Settlement relates to claims against Mitsubishi Electric Corporation in *Luscher, et al. v. Mitsubishi Electric Corp.,* Case No. 17-cv-04067-JST ("the Action"). The people and businesses that sued are called the Plaintiffs, and the companies they sued are called the Defendants (*see* Question 6).

| **2.   What is a Cathode Ray Tube ("CRT")?** |
| --- |

Cathode Ray Tubes ("CRTs") are a display technology that was widely used in televisions and computer monitors. Before LCD, Plasma and LED display technologies became popular, CRTs were the main technology used in displays. There are two main types of CRTs: Color Display Tubes ("CDTs" or "Monitor Tubes"), which were used to manufacture computer monitors, and Color Picture Tubes ("CPTs" or "TV Tubes"), which were used to manufacture televisions. This is what a CRT looks like:



| **3. What is a CRT Product?** |
| --- |

For the purposes of the lawsuit and the New Settlement, CRT Products means products containing Cathode Ray Tubes, such as televisions and computer monitors. This is what a CRT Product looks like:

**CRT Monitor:**



**CRT Television:**



**4. What is the lawsuit about?**

The lawsuit claims that Mitsubishi Electric Corporation conspired with other manufacturers of CRTs to fix the prices of CRTs from March 1, 1995 to November 25, 2007, which resulted in overcharges to people and businesses that bought CRT Products, such as televisions and computer monitors.  The Defendants deny these claims.  The Court has not decided who is right.

The Court previously approved settlements with Chunghwa Picture Tubes Ltd. on March 22, 2012, LG Electronics on April 18, 2014, and Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson, and TDA on July 7, 2016. The total amount of these Prior Settlements is $576,750,000.  The New Settlement with Mitsubishi Electric Corporation provides an additional $33,000,000. The Court still has to decide whether to approve the New Settlement.

**5. What is a class action?**

In a class action, one or more persons or businesses called class representatives sues on behalf of a group or a "class" of others with similar claims. If the Court determines that a case should proceed as a class action, everyone's claims can be combined into a single proceeding, creating efficiencies for the parties and the courts. In a class action, the court resolves the issues for all class members except those who exclude themselves from the Class.

## WHO IS INCLUDED IN THE LAWSUIT?

**6. Who are the Defendant companies?**

The Defendants are manufacturers and/or sellers of CRTs.

**The Defendant companies are:**

- Chunghwa Picture Tubes Ltd.; Chunghwa Picture Tubes (Malaysia) SDN. BHD ("Chunghwa");

- LG Electronics Inc.; LG Electronics USA, Inc.; LG Electronics Taiwan Taipei Co., Ltd. ("LG");

- Koninklijke Philips N.V. (f/k/a Koninklijke Philips Electronics N.V.); Philips Electronics North America Corporation; Philips Taiwan Limited (f/k/a Philips Electronics Industries (Taiwan), Ltd.); Philips do Brasil, Ltda. (f/k/a Philips da Amazonia Industria Electronica Ltda.) (collectively "Philips");

- Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.); Panasonic Corporation of North America; MT Picture Display Co., Ltd.; and an affiliate of Panasonic Corporation, Beijing Matsushita Color CRT Co., Ltd. (collectively "Panasonic");

- Hitachi, Ltd.; Hitachi Displays, Ltd. (n/k/a Japan Display Inc.); Hitachi Electronic Devices (USA), Inc.; Hitachi Asia, Ltd.; Hitachi America, Ltd. ("Hitachi");

- Toshiba Corporation; Toshiba America Information Systems, Inc.; Toshiba America Consumer Products, L.L.C.; Toshiba America Electronic Components, Inc. ("Toshiba");

- Samsung SDI Co. Ltd; Samsung SDI America, Inc.; Samsung SDI Brasil, Ltda.; Tianjin Samsung SDI Co., Ltd.; Shenzhen Samsung SDI Co., Ltd; Samsung SDI Malaysia Sdn. Bhd; Samsung SDI Mexico S.A. de C.V. ("Samsung SDI");

- Technicolor SA (f/k/a Thomson SA); Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.) ("Thomson");

- Technologies Displays Americas LLC (f/k/a Thomson Americas LLC) ("TDA");

- Mitsubishi Electric Corporation.

- LG.Philips Displays, a/k/a LP Displays International, Ltd.;

- IRICO Group Corporation; IRICO Display Devices Co., Ltd.; and IRICO Group Electronics Co., Ltd.;

- Thai CRT Company, Ltd.;

- Samtel Color, Ltd.;

- Orion Electric Company, Ltd.; and

- Videocon Industries, Ltd.

These companies are collectively referred to herein as "Defendants" or "Alleged Co-Conspirators."

**7. How do I know if I am in the Settlement Class?**

The New Settlement has recovered money ("damages") for consumers who indirectly purchased CRT Products in 30 states and the District of Columbia (the "Settlement Class"). These states and the District of Columbia (together "the states") have antitrust and/or consumer protection laws permitting consumers to sue for damages for antitrust violations.

The "Settlement Class" includes:

- all persons or business entities who or which indirectly purchased in Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin, for their own use and not for resale, CRT Products manufactured or sold by any of the Defendants or their alleged co-conspirators (listed in Question 6);
- all persons or business entities who or which indirectly purchased in Missouri or Montana, for their own use and not for resale, and primarily for personal, family, or household purposes, CRT Products manufactured or sold by any of the Defendants or their alleged co-conspirators (listed in Question 6);
- all natural persons who indirectly purchased in Rhode Island, for their own use and not for resale, and primarily for personal, family, or household purposes, CRT Products manufactured or sold by any of the Defendants or their alleged co-conspirators (listed in Question 6).

The purchase must have been made in one of the foregoing states.  You do not have to be a resident of one of these states in order to qualify as a member of the Settlement Class.

Class Period: In order to bring a claim, you must have purchased the CRT Product(s) between March 1, 1995 and November 25, 2007.  Because Hawaii, Nebraska and Nevada laws allowing consumers to bring a claim were enacted after the beginning of the class period, those states have slightly shorter class periods.

- Purchases of CRT Products in Hawaii must have been made between June 25, 2002 and November 25, 2007.
- Purchases of CRT Products in Nebraska must have been made between July 20, 2002 and November 25, 2007.
- Purchases of CRT Products in Nevada must have been made between February 4, 1999 and November 25, 2007.

**Exclusions:**

- Specifically excluded from the Settlement Class are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and, any affiliate, legal representative, heir or assign of any Defendant.
- Also excluded are named co-conspirators, any federal, state or local government entities, any judicial officer presiding over this action and members of his/her immediate family and judicial staff, and any juror assigned to this action.
- Sony Corporation is not a defendant and purchases of Sony® branded CRTs and CRT Products are excluded from the New Settlement.

The specific class definitions are available at www.CRTclaims.com.

### THE NEW SETTLEMENT'S BENEFITS

**8. What does the New Settlement provide?**

The New Settlement provides that Mitsubishi Electric Corporation will pay Thirty Three Million Dollars ($33,000,000) to Plaintiffs in exchange for a release of the class claims against it. The New Settlement is being presented to the Court for approval. The Court has previously approved nine settlements totaling $576,750,000.

The Settlement Fund of $33,000,000 will be used to pay eligible claimants in the jurisdictions listed in Question 7 based on an allocation plan described in Question 9. Any interest earned on the Settlement Fund will be added to the Settlement Fund. The cost to administer the New Settlement as well as attorneys' fees, litigation expenses and payments to the Class Representatives will be paid from the Settlement Fund (*see* Question 16).

The Settlement Agreement and the papers filed in support of the New Settlement are available for review and download at www.CRTclaims.com, or you can request copies by calling 1-800-649-0963.

**9. How much money can I get?**

A plan has been submitted to the Court explaining how the Settlement Fund will be distributed to the Settlement Class Members. Class Counsel expects to receive eligible claims from: (a) Settlement Class Members that did not submit a claim in connection with the Prior Settlements ("**First-time Claimants**"); and (b) Settlement Class Members that already submitted a claim in connection with the Prior Settlements, but that submit a claim in the New Settlement based on purchases of additional CRT Products not included in their prior claim ("**Repeat Claimants**"). **Repeat Claimants** are expected because Settlement Class Members can now claim for purchases in nine states that were not included in the Prior Settlements: Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah.

Under the proposed plan of distribution, tThose Settlement Class Members who already submitted claims in connection with the Prior Settlements, and do not have any additional purchases on which to base claims in the New Settlement, are referred to as "**Prior Claimants**." A **Prior Claimant** will be deemed to have filed a claim in the New Settlement without any further action taken by that claimant.

Payments to claimants will be determined on an adjusted pro-rata basis. This means that payment amounts will be based on the number of valid claims filed and on the number and type of CRT Products purchased. Based on data obtained during the course of the litigation, claims for different types of CRT Products will be weighted as follows:

- Claims for purchases of Standard CPTs or CRT Televisions (screen size of less than 30 inches) will be weighted as 1 CRT unit;
- Claims for purchases of Large CPTs or CRT Televisions (screen size of 30 inches or larger) will be weighted as 4.3 CRT units; and
- Claims for purchases of CDTs or CRT Computer Monitors will be weighted as 3 CRT units.

Each new claim will be assigned a weighted CRT unit count based on the types of CRT Products purchased, as described above. For example, a Settlement Class Member that purchased two Standard CRT televisions (2 x 1 CRT unit) and one CRT monitor (3 CRT units) would have five CRT units (2 + 3 = 5). A Settlement Class Member that purchased five CRT monitors (5 x 3 = 15 CRT units) and two Large CRT televisions (4.3 x 2 = 8.6 CRT units) would have 23.6 CRT units (15 + 8.6 = 23.6).

The settlement funds will then be distributed in four steps:

- **Step 1:** All First-time Claimants and Repeat Claimants will receive a minimum payment of $25 for

their newly-claimed CRT units. In other words, First-time Claimants and Repeat Claimants with claims worth less than $25 will receive the $25 minimum. All Repeat Claimants and Prior Claimants will receive a minimum payment of $10 for their already-claimed CRT units. The $10 minimum payment will be in addition to any amount that such claimants receive for those CRT units under the Prior Settlements.

- **Step 2:** For the first 25 newly-claimed CRT units only, First-time Claimants and Repeat Claimants will receive the same rate as CRT units claimed in the Prior Settlements (referred to as the "Matching Rate," which is currently estimated at approximately $4 per CRT unit), subject to a $4 million cap. For example, a First-time or Repeat Claimant that submits a new claim for two standard CRT televisions (2 CRT units) and 7 CRT monitors (21 CRT units) would receive $92 ($4 x 23 units).

- **Step 3:** For each newly-claimed CRT unit in excess of 25 units, the remaining settlement funds shall be distributed pro rata among First-time Claimants and Repeat Claimants, provided that the CRT unit value may not exceed the Matching Rate. For example, a First-time or Repeat Claimant that submits a new claim for 1000 CRT monitors (1000 x 3 CRT units = 3000 CRT units) would receive $100 for the first 25 CRT units (as described in Step 2). The CRT unit value for the remaining 2975 units would be calculated by dividing the remaining settlement funds by the total number of newly-claimed CRT units claimed by all First-time Claimants and Repeat Claimants, and multiplying that CRT unit value (which may not exceed the Matching Rate) by 2975.

- **Step 4:** if any funds remain unallocated, those funds will be distributed pro rata to all claimants, First-time Claimants, Repeat Claimants, and Prior Claimants, for all CRT units claimed in the New Settlement and the Prior Settlements.

At this time, it is unknown whether the court will approve the proposed distribution plan. It is also unknown exactly how much money each Settlement Class Member will recover because it will depend on how many valid claims are submitted.

More details about the anticipated distribution of the Settlement Fund are available in the papers filed with the Court in support of settlement approval, which are available on the settlement website, www.CRTclaims.com.

First-time Claimants and Repeat Claimants need to file a valid claim in order to receive a payment for CRT Products not already claimed in the Prior Settlements (*see* Question 11). CRT Products already claimed by Prior Claimants and Repeat Claimants will be deemed filed for the New Settlement without any further action by such claimants. The Claim Form provides additional details on how to submit a claim.  Further information is available at www.CRTclaims.com or by calling 1-800-649-0963.

| **10. When will I get a payment?** |

Payments will be distributed after the Court grants final approval to the New Settlement and after any appeals are resolved. If the Court approves the New Settlement after the hearing on **xxxxxx, 2018**,  there may be appeals. We don't know how much time it could take to resolve any appeals that may be  filed.

### HOW TO GET A PAYMENT

| **11. How can I get a payment?** |

**First-time Claimants and Repeat Claimants**: If you (i)  are a member of the Settlement Class; and (ii) did not submit a claim in connection with the Prior Settlements, **or** did make a claim in connection with the Prior Settlements, but want to make a new claim based on additional purchases of CRT Products not included in your original claim (for example, purchases you made in states not included in the previously approved settlements), you must complete and submit a Claim Form. We encourage you to submit a claim online at www.CRTclaims.com. If you do not file online,  you can also submit a claim by mail.

8

**Prior Claimants**: If you submitted a claim in connection with the Prior Settlements, you do not need to resubmit that~~ose~~ claims~~.~~  Your claim in the Prior Settlements will be automatically submitted in the New Settlement without further action by you.

<span style="color:purple">The court will decide how to allocate the settlement funds among First-time Claimants, Repeat Claimants, and Prior Claimants.</span>

The Claim Form can be found and completed or downloaded at www.CRTclaims.com,  or you can obtain a copy by calling, toll free, 1-800-649-0963, or by texting "CRTclaims" to XXXXX.  If you choose to submit your claim online, you must do so on or before **xxxxx, 2018**. If you choose to submit a Claim Form by mail, it must be postmarked by **xxxxx, 2018**, and mailed to:

CRT Claims
c/o The Notice Company
P.O. Box 778
Hingham, MA 02043

### RIGHT TO EXCLUDE YOURSELF

| **12. Do I have a right to exclude myself from the Settlement Class?** |
|---|

Yes. If you are a Settlement Class Member and you wish to keep your right to sue Mitsubishi Electric Corporation about the claims alleged and settled in this case (*see* Questions 4 and 7), you must exclude yourself from the Settlement Class.  You will not get any money from the New Settlement if you exclude yourself.  You may not submit a Claim Form if you exclude yourself from the New Settlement.

You may exclude yourself from the New Settlement regardless of whether or not you excluded yourself from the Prior Settlements. If you exclude yourself from the New Settlement, it will not affect your rights to recover from the Prior Settlements. If you excluded yourself from the Prior Settlements, you are **not** automatically excluded from the New Settlement. You must decide whether or not to exclude yourself from the New Settlement.

| **13. How do I exclude myself from the Settlement Class?** |
|---|

If you choose to exclude yourself from the Settlement Class in the New Settlement and keep your right to sue Mitsubishi Electric Corporation on your own, you must send a letter that includes the following:

- Your name, address and telephone number;
- A statement saying that you request exclusion from the Settlement Class and do not wish to participate in the settlement with Mitsubishi Electric Corporation in *Luscher, et al. v. Mitsubishi Electric Corp.*, Case No. 17-cv-04067-JST; and
- Your signature.

You must mail your exclusion request, postmarked no later than **xxxxx, 2018,** to:

CRT Indirect Exclusions
c/o The Notice Company
P.O. Box 778
Hingham, MA 02043

VISIT www.CRTclaims.com OR CALL TOLL FREE 1-800-649-0963
PARA UNA NOTIFICACIÓN EN ESPAÑOL, VISITAR NUESTRO WEBSITE O LLAMAR

### REMAINING IN THE SETTLEMENT CLASS

**14. What am I giving up if I stay in the Settlement Class?**

If you do not exclude yourself from the Settlement Class, you will have given up your right to sue Mitsubishi Electric Corporation on your own for the claims alleged and settled in this case (*see* Questions 4 and 7) and you will be bound by the New Settlement and all subsequent proceedings, orders and judgments in this lawsuit. In return for the Settlement Amount (*see* Question 8), Settlement Class members will release Mitsubishi Electric Corporation (and certain related entities defined in the Settlement Agreement) from all claims arising under any federal law or under the laws of any of the 30 States or the District of Columbia relating to the facts underlying the Action, as more fully described in the Settlement Agreement.

The Settlement Agreement describes the released claims in detail, so read it carefully since the Settlement Agreement is binding on you. If you have any questions, you may call the toll-free number and speak to the Settlement Administrator for free. You may also consult your own lawyer at your own expense. The Settlement Agreement and the specific release are available at www.CRTclaims.com.

## THE LAWYERS REPRESENTING YOU

**15. Do I have a lawyer representing me?**

The Court has appointed Trump, Alioto, Trump & Prescott LLP, 2280 Union Street, San Francisco, CA 94123, to represent you as "Class Counsel" for the Settlement Class. You do not have to pay Class Counsel separately. Class Counsel will seek compensation by asking the Court for a share of the settlement proceeds. If you want to be represented by your own lawyer, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

**16. How will the lawyers be paid?**

Class Counsel will ask the Court for attorneys' fees based on their work on this litigation, not to exceed one-third of the $33,000,000 Settlement Fund, plus reimbursement of their litigation expenses. Class Counsel may also request awards to the Class Representatives who helped the lawyers on behalf of the Classes. Any payment to the attorneys or the Class Representatives will be subject to Court approval, the attorneys may request less than one-third of the Settlement Fund, and the Court may award less than the requested amount. Any award of attorneys' fees, litigation expenses and Class Representative awards that the Court orders, plus the costs to administer the Settlements, will come out of the Settlement Fund and are subject to Court approval.

The attorneys' motion for fees, litigation expenses and Class Representative awards will be filed on or before **xxxxx, 2018**. The motion will be posted on the website at www.CRTclaims.com. You may register at the website or by calling 1-800-649-0963 to receive an email when the motion(s) are filed.

### OBJECTING TO OR COMMENTING ON THE NEW SETTLEMENT,
### PLAN OF DISTRIBUTION, ATTORNEYS' FEES AND LITIGATION EXPENSES,
### AND AWARDS TO CLASS REPRESENTATIVES

**17. How do I object or comment on the New Settlement?**

You can ask the Court to deny approval by filing an objection to the New Settlement. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may also object to the proposed distribution plan and ask the Court to revise that plan. If the Court revises the distribution plan, it will not mean that the Court has rejected the settlement. It will just mean the settlement

Formatted: Indent: Left: 0"

_funds will be distributed in a different manner._                   **Formatted:** Font: 10.5 pt

If you decide to object, you must do so in writing. The written objection needs to include the following information:

- Your name, address, telephone number, and if you are being assisted by a lawyer, their name, address and telephone number;
- The Action name and number (*Luscher, et al. v. Mitsubishi Electric Corp.*, Case No. 17-cv-04067-JST);
- Proof of membership in the class;
- A brief explanation of your reasons for objecting; and
- Your signature.

The objection must be submitted to the Court either by mailing it to the Class Action Clerk at the address below, or by filing it in person at any location of the United States District Court for the Northern District of California. **The objection must be filed with the Court or postmarked on or before xxxxx, 2018:**

| COURT |
|---|
| Class Action Clerk<br>United States District Court for the<br>Northern District of California<br>450 Golden Gate Avenue, 16th Floor<br>San Francisco, CA 94102 |

## THE FAIRNESS HEARING

**18. When and where will the Court consider the New Settlement, the plan of distribution, request for attorneys' fees and litigation expenses, and awards to Class Representatives?**

The Court is scheduled to hold a Fairness Hearing to consider the New Settlement at **xx:xx a.m.** on **xxxxx, 2018**, at the United States District Court for the Northern District of California, Courtroom 9, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. The hearing may be moved to a different date or time without additional notice, so you should check the website www.CRTclaims.com for current information.

At this hearing the Court will consider whether the New Settlement is fair, reasonable, and adequate. The Court will also consider the plan of distribution, and the requests for attorneys' fees, litigation expenses and awards to Class Representatives. If there are objections or comments, the Court will consider them at this time. After the hearing, the Court will decide whether to approve the New Settlement, the plan of distribution and the requests for attorneys' fees, litigation expenses and awards to Class Representatives. We do not know how long these decisions will take.

**19. Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you file an objection or comment, you don't have to come to Court to talk about it. As long as you filed your written objection on time, your objection will be presented to the Court for its consideration. You may also pay another lawyer to attend on your behalf, but it's not required.

**20. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must file a "Notice of

Intent to Appear in *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917." Be sure to include your name, address, telephone number and your signature. Your Notice of Intent to Appear must be submitted to the Court either by mailing it to the Class Action Clerk at the address in Question 17, or by filing it in person at any location of the United States District Court for the Northern District of California no later than **xxxxx, 2018**. You cannot speak at the hearing if you excluded yourself from the Settlement Class.

**Formatted:** Centered

VISIT www.CRTclaims.com OR CALL TOLL FREE 1-800-649-0963
PARA UNA NOTIFICACIÓN EN ESPAÑOL, VISITAR NUESTRO WEBSITE O LLAMAR

## GET MORE INFORMATION

**Formatted:** Right:  0"

| 21. Where can I get more information? |

This notice summarizes the New Settlement.  For the precise terms and conditions of the New Settlement, please see the Settlement Agreement available at www.CRTclaims.com. The Court does not anticipate sending another notice to the entire class. To keep apprised of developments in the case that may affect you, we~~We~~ encourage you to check this website regularly ~~for developments in this case~~. You can also get more information about the settlements in the litigation by:

- Calling 1-800-649-0963;
- Texting "CRTclaims" to XXXXX;
- Writing to CRT Questions, c/o The Notice Company, P.O. Box 778, Hingham, MA 02043;
- Accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov; or
- Visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**ALL INQUIRIES CONCERNING THIS NOTICE
SHOULD BE MADE TO THE SETTLEMENT ADMINISTRATOR**

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE**