# EXHIBIT A

Guido Saveri (22349)
   *guido@saveri.com*
R. Alexander Saveri (173102)
   *rick@saveri.com*
Geoffrey C. Rushing (126910)
   *grushing@saveri.com*
Cadio Zirpoli (179108)
   *cadio@saveri.com*
Matthew D. Heaphy (227224)
   *mheaphy@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, California 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST<br><br>MDL No. 1917 |
| This Document Relates To:<br><br>*ALL DIRECT PURCHASER ACTIONS* | **DIRECT PURCHASER PLAINTIFF STUDIO SPECTRUM, INC.'S FIRST SET OF INTERROGATORIES TO IRICO GROUP CORPORATION AND IRICO DISPLAY DEVICES CO., LTD.** |

PROPOUNDING PARTY:       STUDIO SPECTRUM, INC.

RESPONDING PARTIES:      IRICO GROUP CORPORATION

                         IRICO DISPLAY DEVICES CO., LTD.

SET NO.:                 ONE

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Direct Purchaser Plaintiff Studio Spectrum, Inc. ("Plaintiff"), through its counsel, requests that defendants Irico Group Corporation and Irico Display Devices Co., Ltd. serve verified responses to the following set of interrogatories on Plaintiff within thirty (30) days after the date of service of these interrogatories:

## DEFINITIONS

1. The term "Defendant" means defendants Irico Group Corporation and Irico Display Devices Co., Ltd.

2. The term "Irico" means defendants Irico Group Corporation and Irico Display Devices Co., Ltd.

3. The term "Group" means defendant Irico Group Corporation.

4. The term "Display" means defendant Irico Display Devices Co., Ltd.

5. The term "Person" or "Persons" means any natural person, corporation, or partnership, proprietorship, joint venture, or any business, legal, or government entity, organization, or association.

6. "You" or "Your" mean the responding Defendant, its predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, officers, Employees, agents, representatives or any Persons acting or purporting to act on behalf of the responding Defendant.

7. "Or" and "and" should be construed so as to require the broadest possible response. If, for example, an interrogatory calls for information about "A or B" or "A and B," You should provide all information about A and all information about B, as well as all information about A and

1 B collectively. In other words, "or" and "and" should be read as "and/or."

2     8.    The terms "Document" or "Documents" means the original and any non-identical copy of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure. This definition includes any written, printed, reproduced, graphic, photographic, electronic, audio, visual, or video records, however produced or reproduced, of any kind or description, whether prepared by You or by any other Person, that is in Your possession, custody, or control, including, but not limited to, the following: emails; correspondence; memoranda; travel records; summaries; agreements; electronically stored information; papers; notes; books; invoices, letters; facsimiles; intra- and interoffice communications; transcripts; minutes or other records of Meetings; reports; affidavits; statements; legal pleadings; calendars; appointment books; diaries; notebooks; telephone logs; records of telephone conversations; compilations; work papers; graphs; charts; blueprints; sales, advertising, and promotional literature; agreements; pamphlets; brochures; circulars; manuals; instructions; ledgers; drawings; sketches; photographs; screen shots; video recordings; audio recordings; film and sound reproductions; internal or external web sites; compact discs; computer files and disks; and social media communications, including, but not limited to, information posted on or transmitted through social networking platforms (*e.g.*, LinkedIn, Facebook, MySpace and Instagram), digital file-sharing services (*e.g.*, Flickr), blogs and microblogs (*e.g.*, Twitter), Voice Over Internet Protocol services (*e.g.*, Skype), and/or instant messages.

    9.    "Employee" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger, agent or other Person who is or was employed by Defendant.

    10.    The term cathode ray tube, or "CRT," means both (a) color picture tubes ("CPTs"), which are CRTs used primarily in color televisions; and (b) color display tubes ("CDTs"), which are CRTs used primarily in color computer monitors.

    11.    The term "CRT Products" means electronic devices containing CPTs (such as televisions) or CDTs (such as computer monitors).

    12.    The term "Relevant Time Period" means the period from January 1, 1995 through

1    the present.

2    13.    The term "Class Period" means the period from March 1, 1995 through November
3    25, 2007.

4    14.    The term "Communication" or "Communications" means, without limitation, any
5    disclosure, transfer, or exchange of information, opinions, ideas or thoughts, by any means, face-
6    to-face meetings, written, recorded, electronically, orally or otherwise, at any time or place under
7    any circumstances. This definition shall include communication via social media, including, but
8    not limited to, information, opinions, ideas, or thoughts, posted on or transmitted through social
9    networking platforms (*e.g.*, LinkedIn, Facebook, MySpace and Instagram), digital file-sharing
10   services (*e.g.*, Flickr), blogs and microblogs (*e.g.*, Twitter), Voice Over Internet Protocol services
11   (*e.g.*, Skype), and/or instant messages.

12   15.    The term "Date" means the exact day, month and year, if ascertainable, or the best
13   available approximation, including any relationship to other known events (designate whether
14   exact or approximate).

15   16.    The term "Meeting" means, without limitation, any assembly, convocation,
16   encounter, or contemporaneous presence of two or more Persons for any purpose, whether planned
17   or arranged, scheduled or not.

18   17.    The term "China" means the People's Republic of China.

19   18.    The term "Chinese Law" means, without limitation, any law or regulation of China,
20   or any law or regulation of any subnational government within China.

21   19.    The term "Zhang Declaration" refers to the Declaration of Wenkai Zhang in Support
22   of Irico's Motion to Set Aside Default, ECF No. 5215-1, filed on October 25, 2017.

23   20.    The term "SASAC" means the State-owned Assets Supervision and Administration
24   Commission of the State Council of the People's Republic of China.

25                                    **INSTRUCTIONS**

26   1.    When asked to identify a natural person, state the person's name, employer, position
27   dates of employment/tenure, and home address for all times during the Relevant Time Period. If
28   any of such information has changed during the Relevant Time Period, specify the time period to

which the information provided in your answer pertains.

2. When asked to identify any entity other than a natural person, state the name and address of the principal office or headquarters. If any of the information has changed during the Relevant Time Period, specify the time period to which the information provided in your answer pertains.

3. If Defendant elects to produce documents or business records in response to an interrogatory pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, the responding party shall produce the records as they are kept in the usual course of business or shall organize and label them to correspond with the interrogatory. If the document is being produced in its native electronic format (allowing the document to retain its metadata), identify the document using its hash or other appropriate electronic identification and identify the interrogatories to which the document is responsive. If the document is not being produced in electronic form, identify the document using the applicable Bates numbers or specifically identify the type of document being produced (e.g., letter, memorandum, telegram, contract, invoice, etc.), its date and author(s), its custodian, and every Person to whom such document or any copy thereof was given or sent. For all documents produced pursuant to Rule 33(d), identify the name of the Employee, officer, or agent certifying the documents as business records.

## INTERROGATORIES

**INTERROGATORY NO. 1**

Please describe in detail the circumstances surrounding Group's creation, including:

a. The identity of all Persons with knowledge of Group's creation; and

b. The identity of all Documents that refer or relate to Group's creation.

**INTERROGATORY NO. 2**

Please describe in detail the circumstances surrounding Display's creation, including:

a. The identity of all Persons with knowledge of Display's creation; and

b. The identity of all Documents that refer or relate to Display's creation.

**INTERROGATORY NO. 3**

Please describe the direct ownership of Group from 2006 to 2008, including:

    a.    The identity of all Persons with knowledge of Group's ownership from 2006 to 2008; and

    b.    The identity of all Documents which refer or relate to Group's ownership from 2006 to 2008.

**INTERROGATORY NO. 4**

Please describe the direct ownership of Display from 2006 to 2008, including:

    a.    The identity of all Persons with knowledge of Display's ownership from 2006 to 2008; and

    b.    The identity of all Documents which refer or relate to Display's ownership from 2006 to 2008.

**INTERROGATORY NO. 5**

Please describe any status, obligations, and/or privileges that Group or Display had under Chinese Law from 2006 to 2008 because of the alleged status of Group or Display as an agency, instrumentality, and/or organ of China, including:

    a.    The identity of all Persons with knowledge of Group's or Display's special status, obligations, and/or privileges under Chinese Law from 2006 to 2008; and

    b.    The identity of all Documents which refer or relate to Group's or Display's special status, obligations, and/or privileges under Chinese Law from 2006 to 2008.

**INTERROGATORY NO. 6**

Please describe any Chinese government supervision of Group from 2006 to 2008, including:

    a.    The identity (including government job title) of any Chinese officials involved in such supervision;

    b.    The identity of all Documents referring or relating to such supervision; and

    c.    The identity of other Persons with knowledge of such supervision.

**INTERROGATORY NO. 7**

Please describe any Chinese government supervision of Display from 2006 to 2008, including:

a. The identity (including government job title) of any Chinese officials involved in such supervision;

b. The identity of all Documents referring or relating to such supervision; and

c. The identity of other Persons with knowledge of such supervision.

**INTERROGATORY NO. 8**

Describe the role, if any, that Irico Group Electronics Co., Ltd. played in the management and/or supervision of Display from 2006 to 2008, including:

a. The identity of all Persons with knowledge of such management and/or supervision; and

b. The identity of all Documents which refer or relate to such management and/or supervision.

**INTERROGATORY NO. 9**

Please describe with particularity all investigation or collection of information that Wenkai Zhang performed in connection with the preparation of his declaration, including:

a. The identity of all Employees, officers or agents of Irico with whom he communicated (whether oral or written) in connection with his declaration; and

b. The identity of all Documents he reviewed in connection with his declaration.

**INTERROGATORY NO. 10**

Explain with particularity the basis for Your contention that Group was managed directly by the Chinese government (or a political subdivision thereof) through the filing of the original complaint herein, including:

a. The identity of all Persons with knowledge of such management; and

b. The identity of all Documents which refer or relate to such management.

**INTERROGATORY NO. 11**

Please describe with particularity the basis for the contention, as stated in paragraph 7 of the Zhang Declaration, that "Irico Group's management, including its Legal Representative and General Manager, was appointed directly . . . by the SASAC after 2003," including:

a. The identity of all Persons with knowledge of the appointment of Group's

management; and

b. The identity of all Documents which refer or relate to the appointment of Group's management.

**INTERROGATORY NO. 12**

Please describe with particularity the basis for the contention, as stated in paragraph 8 of the Zhang Declaration, that "[a]t the time the DPP's original complaint was filed on November 26, 2007, Irico Display was a State-owned holding company," including:

a. The identity of all Persons with knowledge of the basis for the contention; and

b. The identity of all Documents sufficient to support that contention.

**INTERROGATORY NO. 13**

Please describe with particularity the basis for the contention, as stated in paragraph 8 of the Zhang Declaration, that "Irico Display's management was appointed by the State Council-appointed management of Irico Group and reviewed by Irico Display's shareholders," including:

a. The identity of all Persons with knowledge of the appointment of Display's management; and

b. The identity of all Documents which refer or relate to the appointment of Display's management.

**INTERROGATORY NO. 14**

Please describe with particularity the basis for the contention, as stated in paragraph 8 of the Zhang Declaration, that "Irico Display's management was subject to the same regulations that apply to state officials," including:

a. The identity of all Persons with knowledge of the basis for the contention; and

b. The identity of all Documents supporting the contention.

**INTERROGATORY NO. 15**

Please describe with particularity the basis for the contention, as stated in paragraph 9 of the Zhang Declaration, that "Irico Display was managed directly by the State Council-appointed management of Irico Group and indirectly by the Ministry of Industry and Information Technology of the State Council," including:

1    a.    The identity of all Persons with knowledge of the basis for the contention; and

2    b.    The identity of all Documents supporting the contention.

3  **INTERROGATORY NO. 16**

4    Please describe with particularity the basis for the contention, as stated in paragraph 9 of the

5  Zhang Declaration, that "Irico Group directly appointed the management of Irico Display,"

6  including:

7    a.    The identity of all Persons with knowledge of the basis for the contention; and

8    b.    The identity of all Documents supporting the contention.

9  **INTERROGATORY NO. 17**

10   Please describe with particularity the basis for the contention, as stated in paragraph 10 of

11  the Zhang Declaration, that "[a]ny major business decisions or transactions entered into or

12  contemplated by Irico Display required review and approval by Irico Group and/or the Ministry of

13  Industry and Information Technology of the State Council, or another appropriate department of

14  the State Council," including:

15   a.    The identity of all Persons with knowledge of the basis for the contention; and

16   b.    The identity of all Documents which support the contention.

17  **INTERROGATORY NO. 18**

18   Please describe with particularity the basis for the contention, as stated in paragraph 10 of

19  the Zhang Declaration, that "Irico Display was required to submit financial statements and reports

20  about operating activities and investments to Irico Group for review," including:

21   a.    The identity of all Persons with knowledge of the basis for the contention; and

22   b.    The identity of all Documents which support the contention.

23  **INTERROGATORY NO. 19**

24   Please describe with particularity the basis for the contention, as stated in paragraph 10 of

25  the Zhang Declaration, that "[f]or some matters beyond Irico Group's authority—including (l)

26  material investments by Irico Display, (2) mergers and acquisitions by Irico Display, (3) sale of

27  shares resulting in a change in control over the company, (4) declaration of bankruptcy or cessation

28  of operations by Irico Display, (5) financing, including issuance of stocks and bonds, and (6)

proposed budgets—Irico Group had to obtain approval from the relevant agency of the State Council in order for Irico Display to take such action" and "[t]hus, Irico Display's business and operations were controlled and supervised by Irico Group, as well as the relevant departments of the State Council," including:

    a.    The identity of all Persons with knowledge of the basis for the contention;

    b.    The identity of all Documents which support the contention; and

    c.    All instances in which approval was sought from, granted or denied in whole or in part by the "relevant agency of the State Council."

**INTERROGATORY NO. 20**

Please describe with particularity Irico's sales and marketing of CRT Products in the United States during the Class Period, and/or attempts to sell or market any CRT Products in the United States during the Class Period, including:

    a.    The identity of all Persons with knowledge of such sales and marketing and/or attempts to sell or market CRT Products in the United States; and

    b.    The identity of all Documents referring or relating to such sales and marketing and/or attempts to sell or market CRT Products in the United States.

**INTERROGATORY NO. 21**

Please describe with particularity the basis for the contention, as stated in the Reply Brief of Irico in Support of Motion to Set Aside Default (ECF No. 5229), that "the pricing activity that DPPs allege to result from illegal conduct was mandated by the Chinese government," including:

    a.    The identity of all Persons with knowledge of the basis for the contention; and

    b.    The identity of all Documents which support the contention.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

| | | |
|---|---|---|
| 1 | DATED: March 5, 2018 | By: */s/ R. Alexander Saveri* |

                Guido Saveri
                R. Alexander Saveri
                Geoffrey C. Rushing
                Cadio Zirpoli
                Matthew D. Heaphy
                SAVERI & SAVERI, INC.
                706 Sansome Street
                San Francisco, California 94111
                Telephone: (415) 217-6810
                Facsimile: (415) 217-6813

                *Lead Counsel for Direct Purchaser Plaintiffs*

                Joseph W. Cotchett
                COTCHETT, PITRE & McCARTHY, LLP
                840 Malcolm Road
                Burlingame, CA 94010
                Telephone: (650) 697-6000
                Facsimile: (650) 697-0577

                Steven F. Benz
                Gregory G. Rapawy
                KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
                1615 M Street, N.W., Suite 400
                Washington, DC 20036
                Telephone: (202) 326-7900
                Facsimile: (202) 326-7999

                *Attorneys for Plaintiffs*