# EXHIBIT B

Guido Saveri (22349)
    guido@saveri.com
R. Alexander Saveri (173102)
    rick@saveri.com
Geoffrey C. Rushing (126910)
    grushing@saveri.com
Cadio Zirpoli (179108)
    cadio@saveri.com
Matthew D. Heaphy (227224)
    mheaphy@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, California 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST<br><br>MDL No. 1917 |
| This Document Relates To:<br><br>*ALL DIRECT PURCHASER ACTIONS* | **DIRECT PURCHASER PLAINTIFF STUDIO SPECTRUM, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO IRICO GROUP CORPORATION AND IRICO DISPLAY DEVICES CO., LTD.** |

1  PROPOUNDING PARTY:		STUDIO SPECTRUM, INC.
2  RESPONDING PARTIES:		IRICO GROUP CORPORATION
3  					IRICO DISPLAY DEVICES CO., LTD.
4  SET NO.:				ONE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Direct Purchaser Plaintiff Studio Spectrum, Inc. ("Plaintiff"), through its counsel, requests that defendants Irico Group Corporation and Irico Display Devices Co., Ltd. respond to each of the following requests for production of documents, and produce all responsive Documents for inspection and copying within thirty (30) days of service.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, these requests are continuing in nature so that if Defendant, its directors, officers, Employees, agents, representatives or any Person acting, or purporting to act, on behalf of Defendant, discover any Document(s) requested or required to be produced, Defendant shall make such Document(s) available.

### DEFINITIONS

1. "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

2. "Any" shall be construed to mean "any and all."

3. The term "Communication" or "Communications" means, without limitation, any disclosure, transfer, or exchange of information, opinions, ideas or thoughts, by any means, face-to-face meetings, written, recorded, electronically, orally or otherwise, at any time or place under any circumstances. This definition shall include communication via social media, including, but not limited to, information, opinions, ideas, or thoughts, posted on or transmitted through social networking platforms (*e.g.*, LinkedIn, Facebook, MySpace and Instagram), digital file-sharing services (*e.g.*, Flickr), blogs and microblogs (*e.g.*, Twitter), Voice Over Internet Protocol services (*e.g.*, Skype), and/or instant messages.

4. "Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or

approximate).

5. The term "Defendant" means defendants Irico Group Corporation and Irico Display Devices Co., Ltd.

6. The term "Group" means defendant Irico Group Corporation.

7. The term "Display" means defendant Irico Display Devices Co., Ltd.

8. The terms "Document" or "Documents" mean the original and any non-identical copy of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure. This definition includes any written, printed, reproduced, graphic, photographic, electronic, audio, visual, or video records, however produced or reproduced, of any kind or description, whether prepared by you or by any other Person, that is in Your possession, custody, or control, including, but not limited to, the following: emails; correspondence; memoranda; travel records; summaries; agreements; electronically stored information; papers; notes; books; invoices, letters; facsimiles; intra- and interoffice communications; transcripts; minutes or other records of Meetings; reports; affidavits; statements; legal pleadings; calendars; appointment books; diaries; notebooks; telephone logs; records of telephone conversations; compilations; work papers; graphs; charts; blueprints; sales, advertising, and promotional literature; agreements; pamphlets; brochures; circulars; manuals; instructions; ledgers; drawings; sketches; photographs; screen shots; video recordings; audio recordings; film and sound reproductions; internal or external web sites; compact discs; computer files and disks; and social media communications, including, but not limited to, information posted on or transmitted through social networking platforms (*e.g.*, LinkedIn, Facebook, MySpace and Instagram), digital file-sharing services (*e.g.*, Flickr), blogs and microblogs (*e.g.*, Twitter), Voice Over Internet Protocol services (*e.g.*, Skype), and/or instant messages.

9. "Electronically stored information" (ESI) includes, without limitation, the following:

    a. activity listings of electronic mail receipts and/or transmittals;

    b. output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and

1  outlines, electronic mail, AOL Instant Messenger™ (or similar program) or bulletin board
2  programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files,
3  and all miscellaneous media on which they reside and regardless of whether said
4  electronically stored information exists in an active file, a deleted file, or file fragment;

5       c.    any and all items stored on computer memories, hard disks, floppy disks,
6  CD-ROM, magnetic tape, microfiche, or in any other vehicle for digital data storage and/or
7  transmittal, such as, but not limited to, a personal digital assistant, *e.g.*, Palm Pilot, R.I.M.,
8  Blackberry, or similar device, and file folder tabs, and/or containers and labels appended to,
9  or relating to, any physical storage device associated with each original and/or copy of all
10 Documents requested herein.

11      10.    "Employee" means, without limitation, any current or former officer, director,
12 executive, manager, secretary, staff member, messenger, agent or other Person who is or was
13 employed by Defendant.

14      11.    "Including" is used to emphasize certain types of Documents requested and should
15 not be construed as limiting the request in any way.

16      12.    The term "Meeting" means, without limitation, any assembly, convocation,
17 encounter, or contemporaneous presence of two or more Persons for any purpose, whether planned
18 or arranged, scheduled or not.

19      13.    "Or" and "and" should be construed so as to require the broadest possible response.
20 If, for example, a request calls for information about "A or B" or "A and B," You should produce
21 all information about A and all information about B, as well as all information about A and B
22 collectively. In other words, "or" and "and" should be read as "and/or."

23      14.    The term "Person" or "Persons" means any natural person, corporation, or
24 partnership, proprietorship, joint venture, or any business, legal, or government entity,
25 organization, or association.

26      15.    "Relating to," "referring to," "regarding," or "with respect to" mean, without
27 limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to,
28 analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing,

1  recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in
2  part.
3    16. "You" or "Your" mean the responding Defendant, its predecessors, successors,
4  subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization
5  or entity which the responding Defendant manages or controls, together with all present and former
6  directors, officers, Employees, agents, representatives or any Persons acting or purporting to act on
7  behalf of the responding Defendant.
8    17. Unless otherwise noted, the Relevant Time Period for these requests is January 1,
9  1995 through the present (the "Relevant Time Period").
10    18. The term "Class Period" means the period from March 1, 1995 through November
11  25, 2007.
12    19. The term cathode ray tube, or "CRT," means both (a) color picture tubes ("CPTs"),
13  which are CRTs used primarily in color televisions; and (b) color display tubes ("CDTs"), which
14  are CRTs used primarily in color computer monitors.
15    20. The "Zhang Declaration" refers to the Declaration of Wenkai Zhang in Support of
16  Irico's Motion to Set Aside Default, ECF No. 5215-1, filed on October 25, 2017.
17    21. The term "Chinese Law" means, without limitation, any law or regulation of China,
18  or any law or regulation of any subnational government within China.

### INSTRUCTIONS

20    1. These requests seek all responsive Documents created or generated during the
21  Relevant Time Period, as well as responsive Documents created or generated outside the Relevant
22  Time Period, but which contain information concerning the Relevant Time Period.
23    2. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests are
24  continuing in nature so that if You subsequently discover or obtain possession, custody, or control
25  of any Document covered by these requests, You shall promptly make any such Document(s)
26  available to Plaintiff.
27    3. In producing Documents and other materials, You are to furnish all Documents or
28  things in Your possession, custody or control, regardless of whether such Documents or materials

1    are possessed directly by You or Your Employees, agents, parent company(ies), subsidiaries,

2    affiliates, investigators or by Your attorneys or their employees, agents or investigators.

3          4.      Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, all Documents shall

4    be produced in the same order as they are kept or maintained by You in the ordinary course of

5    Your business. All Documents shall be produced in the file folder, envelope or other container in

6    which the Documents are kept or maintained. If for any reason the container cannot be produced,

7    You should produce copies of all labels or other identifying marks which may be present on the

8    container.

9          5.      Documents shall be produced in such fashion as to identify the department, branch

10   or office in whose possession they were located and, where applicable, the natural person in whose

11   possession they were found and the business address of each Document's custodian(s).

12         6.      Documents attached to one another should not be separated. If any portion of any

13   Document is responsive to any portion of the requests below, then the entire Document must be

14   produced.

15         7.      If a Document once existed and subsequently has been lost, destroyed or is

16   otherwise missing, You should provide sufficient information to identify the Document and state,

17   in writing, the details, including whether the Document:

18         a.      is lost or missing;

19         b.      has been destroyed and, if so, by whom at whose request;

20         c.      has been transferred or delivered, voluntarily or involuntarily, to another

21      Person or entity and at whose request; and/or

22         d.      has been otherwise disposed of.

23         8.      In each instance in which a Document once existed and subsequently is lost,

24   missing, destroyed, or otherwise disposed of, explain the circumstances surrounding the disposition

25   of the Document, including, but not limited to:

26         a.      the identity of the Person or entity who last possessed the Document;

27         b.      the date or approximate date of the Documents disposition; and

28         c.      the identity of all Persons who have or had knowledge of the Document's

contents.

9. If any Document responsive to any of these requests is privileged, and the Document or any portion of the Document requested is withheld based on a claim of privilege pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, provide a statement of the claim of privilege and all facts relied upon in support of that claim, including the following information:

  a. the reason for withholding the Document;

  b. the date of such communication;

  c. the medium of such communication;

  d. the general subject matter of such communication (such description shall not be considered a waiver of Your claimed privilege);

  e. the identity of any Document that was the subject of such communication and the present location of any such Document;

  f. the identity of the Persons involved in such communication;

  g. the identity of any Document which records, refers, or relates to such communication and the present location of any such Document;

  h. the paragraph or paragraphs of these requests for production of Documents to which such information is responsive.

10. Each Document requested herein should be produced in its entirety and without deletion, redaction or excisions, except as qualified by Instruction 9 above, regardless of whether You consider the entire Document or only part of it to be relevant or responsive to these requests. If You have redacted any portion of a Document, stamp the word "REDACTED" beside the redacted information on each page of the Document which You have redacted. Any redactions to Documents produced should be identified in accordance with Instruction 9 above.

11. All Documents produced in paper form should be Bates numbered sequentially, with a unique number on each page, and with a prefix identifying the party producing the Document.

12. Pursuant to Rule 34(b)(l)(C) of the Federal Rules of Civil Procedure, the responding party must produce any electronically stored information ("ESI") in its native format. If ESI in its

native format can only be accessed by proprietary or legacy software, or is password protected, or encrypted, the responding party must meet and confer with counsel for Plaintiffs so the receiving party shall receive all information and software necessary to access the ESI.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**

All versions of or amendments to any corporate charter, articles of incorporation, articles of association, articles of organization, bylaws, or similar corporate governing document for Group and Display.

**REQUEST NO. 2**

Documents sufficient to show Group and Display's corporate formation, ownership, purpose, structure, and organization (including any organization charts) from the time of each entity's creation to 2008.

**REQUEST NO. 3**

All documents related to communications from Group and/or Display to any shareholder or owner of Group and/or Display from 2006 to 2008, including but not limited to any annual, quarterly, or other periodic reports and any supplemental disclosures related to any such reports.

**REQUEST NO. 4**

All documents related to Chinese government ownership and/or supervision of Group and of Display from 2006 to 2008.

**REQUEST NO. 5**

All documents related to any status, obligations, or privileges that Group or Display had under Chinese Law during the period from 2006 to 2008 because of the alleged status of Group and/or Display as an agency, instrumentality, and/or organ of China.

**REQUEST NO. 6**

All documents related to communications between Group, Display, or any affiliate of Group or Display, and any individual identified in response to Interrogatory Nos. 6(a) and 7(a), included in Direct Purchaser Plaintiff Studio Spectrum, Inc.'s First Set of Interrogatories to Irico Group Corporation and Irico Display Devices Co., Ltd., dated March 5, 2018.

**REQUEST NO. 7**

All documents related to the statement in the Zhang Declaration that "Irico declined to answer [the DPP's complaint] because it believed that Irico Group and Irico Display were immune from suit in the United States," including but not limited to any communication with outside counsel related to such immunity from 2007 to 2010.

**REQUEST NO. 8**

All documents related to pricing of CRTs during the Class Period by Group, Display, or any affiliate of Group or Display.

**REQUEST NO. 9**

All documents related to the sale or pricing of CRTs in the United States (including but not limited to any actual, planned, or contemplated sales of CRTs in the United States by Group, Display, or any affiliate of Group or Display, either directly or indirectly) during the Class Period.

**REQUEST NO. 10**

All documents related to any Meeting identified in Exhibit 11 to the Declaration of R. Alexander Saveri dated January 11, 2018 (including but not limited to any communications by, between, or among any directors, officers, or Employees of Group or Display related to such Meetings).

**REQUEST NO. 11**

All documents that Wenkai Zhang reviewed or relied on in preparing his declaration.

**REQUEST NO. 12**

All documents identified or described in response to any of the interrogatories included in Direct Purchaser Plaintiff Studio Spectrum, Inc.'s First Set of Interrogatories to Irico Group Corporation and Irico Display Devices Co, Ltd., dated March 5, 2018.

/ / /

/ / /

/ / /

/ / /

/ / /

DATED: March 5, 2018          By: */s/ R. Alexander Saveri*
                                  Guido Saveri
                                  R. Alexander Saveri
                                  Geoffrey C. Rushing
                                  Cadio Zirpoli
                                  Matthew D. Heaphy
                                  SAVERI & SAVERI, INC.
                                  706 Sansome Street
                                  San Francisco, California 94111
                                  Telephone: (415) 217-6810
                                  Facsimile: (415) 217-6813

                                  *Lead Counsel for Direct Purchaser Plaintiffs*

                                  Joseph W. Cotchett
                                  COTCHETT, PITRE & McCARTHY, LLP
                                  840 Malcolm Road
                                  Burlingame, CA 94010
                                  Telephone: (650) 697-6000
                                  Facsimile: (650) 697-0577

                                  Steven F. Benz
                                  Gregory G. Rapawy
                                  KELLOGG, HANSEN, TODD, FIGEL & FREDERICK,
                                      P.L.L.C.
                                  1615 M Street, N.W., Suite 400
                                  Washington, DC 20036
                                  Telephone: (202) 326-7900
                                  Facsimile: (202) 326-7999

                                  *Attorneys for Plaintiffs*