Guido Saveri (22349)
   guido@saveri.com
R. Alexander Saveri (173102)
   rick@saveri.com
Geoffrey C. Rushing (126910)
   grushing@saveri.com
Cadio Zirpoli (179108)
   cadio@saveri.com
Matthew D. Heaphy (227224)
   mheaphy@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **JOINT CASE MANAGEMENT STATEMENT PURSUANT TO CIVIL L.R. 16-10(d)** |
| *ALL DIRECT AND INDIRECT PURCHASER ACTIONS* | Date: April 24, 2018<br>Time: 2:00 p.m.<br>Judge: Honorable Jon S. Tigar<br>Courtroom: 9 |

Pursuant to Civil Local Rule 16-10(d), Direct Purchaser Plaintiffs ("Plaintiffs" or "DPPs") and Defendants Irico Display Devices Co., Ltd. and Irico Group Corporation (together, "Irico" or the "Irico Defendants"), by and through the undersigned counsel, hereby submit this Joint Case Management Statement:

**<u>Plaintiffs' Statement</u>**

**I.      INTRODUCTION**

The Irico Defendants reappeared in this case last August after a seven year absence. The Irico Defendants were properly served, their attorneys—Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury")—appeared on their behalf, accepted service of all papers, and represented them vigorously for over two years. After the denial of Defendants' motion to dismiss, ECF No. 665, Pillsbury successfully moved to withdraw from the litigation in June, 2010. ECF No. 732.

On February 1, 2018, the Court granted the Irico Defendants' motion to set aside the default entered against them. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917, Case No. C-07-5944 JST, 2018 WL 659084, at *10 (N.D. Cal. Feb. 1, 2018) (the "Order"). The Court also denied without prejudice their motion to dismiss the action on the grounds that they were immune from suit under the Foreign Sovereign Immunity Act. *Id.* at *7.

During the Irico Defendants' absence, discovery against all other defendants was concluded, the class was certified, the Court ruled on numerous summary judgment motions covering a broad range issues, and all other defendants settled with Plaintiffs, among other things. Plaintiffs compiled extensive evidence of the conspiracy, including the participation of the Irico Defendants, and their expert witnesses had completed their analyses and submitted their final reports. The other defendants also concluded thorough discovery of Plaintiffs. In short, the case was ready to be tried with a few more months of preparation.

The Irico Defendants, however, did not respond to any discovery during their absence. From Plaintiffs' perspective, therefore, the principal task remaining in this litigation is discovery from the Irico Defendants relating to their participation in the conspiracy. In addition, Plaintiffs may need discovery relating to the Irico Defendants' claim of immunity under the Foreign Sovereign Immunities Act of 1976 ("FSIA"), as well as any other defenses they may assert. It is

not clear, however, at this point how much time or effort these tasks may require. It may be that the Irico Defendants possess many documents relating to their attendance at allegedly conspiratorial meetings, and that many Irico witnesses from the conspiracy period are available for deposition. It may also be that documents and witnesses are no longer available. Similarly, Plaintiffs do not know the basis for the Irico Defendants renewed FSIA motion, or even whether they will file one. Plaintiffs also do not know what other defenses the Irico Defendants may assert.

Plaintiffs understand that the Irico Defendants propose that the case, except for jurisdictional discovery and their renewed FSIA motion, be stayed until the FSIA issues are finally resolved. The Irico Defendants estimate that they will be able to respond fully to Plaintiffs' jurisdictional discovery in six months, and propose that their FSIA motion be briefed thereafter. It would not be a surprise if it took longer. In the meantime, they propose that no "merits" discovery be taken—by which they mean, presumably, that they should not have to respond to discovery going to their participation in the conspiracy even though this discovery is also relevant to the FSIA issues. In addition, they propose that they be excused from all other litigation requirements— e.g., answering the complaint. Plaintiffs believe that this schedule will unduly delay the case and increase the burden of discovery on the Court and the parties.

In these circumstances, Plaintiffs submit that there are three main issues the Court and parties should address at the Case Management Conference: 1) the timing of the Irico Defendants' renewed FSIA motion; 2) the timing of the Irico Defendants Answer to the Complaint; and 3) whether discovery should be stayed or bifurcated. Plaintiffs respectfully submit that the best way to resolve this case efficiently and expeditiously is to require the Irico Defendants to file their renewed FSIA motion and answer the complaint within 30 days. This will allow the issues to be narrowed and unnecessary discovery to be avoided. In addition, discovery should go forward without limitation.

## II.    THE IRICO DEFENDANTS SHOULD FILE THEIR RENEWED FSIA MOTION IN 30 DAYS

Consistent with the Supreme Court's direction that FSIA issues should be resolved "'as near to the outset of the case as is reasonably possible,'" Order, 2018 WL 659084, at *11 (quoting

*Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 137 S. Ct. 1312, 1317 (2017)), the Court should order the Irico Defendants to file a renewed motion to dismiss under the FSIA within 30 days. This will facilitate more efficient discovery of the issues related to "jurisdictional" issues—i.e., discovery can be limited to the factual issues the Irico Defendants raise—and reduce undue delay.

The Irico Defendants have had ample time to investigate the facts. It has been two and one half months since the Order, more than seven months since their new counsel has appeared in the action, and more than twenty months since the default was entered. And, of course, the Irico Defendants investigated the matter sufficiently to bring their first motion, in which they asserted unequivocally that they were immune from suit. *See, e.g.*, ECF No. 5215 at 6 ("The FSIA insulates Irico from the exercise of federal jurisdiction.").

The filing of the motion will allow the discovery necessary for Plaintiffs to respond to the motion to be significantly streamlined because it can be limited to the factual questions actually in issue. This will save the parties time and money, and speed the resolution of the FSIA issues.

Plaintiffs request that the Court order the parties to meet and confer after the renewed FSIA motion is filed on a briefing schedule that allows for necessary discovery by Plaintiffs into the issues raised by the motion.

Plaintiffs propose that further scheduling be addressed at a Case Management Conference after the Irico Defendants have filed their renewed FSIA motion.

**III.     THE IRICO DEFENDANTS SHOULD ANSWER THE COMPLAINT**

Since the Court's Order, the Irico Defendants have refused to answer the Complaint, again asserting that the Order contains an implicit stay of all proceedings other than what they deem "jurisdictional." There is no reason to delay the Irico Defendants' answer to the Complaint; they can answer without undue effort and without waiving any FSIA defenses. As with the FSIA motion, the Irico Defendants' answers will inform Plaintiffs of their defenses and narrow the factual issues for discovery. This is more efficient. Matters not in issue can be ignored. New issues can be investigated earlier and in conjunction with other discovery. Furthermore, ordinary rules of

1    litigation require the Irico Defendants to answer the Complaint. Their motion to dismiss was

2    denied. And they have already been ordered to answer once. ECF No. 665 at 26.

3    **IV.    DISCOVERY SHOULD GO FORWARD WITHOUT LIMITATION**

4        **A.    The Discovery Presently at Issue**

5        In 2010 and 2011, Plaintiffs served three sets of requests for production of documents and

6    two sets of interrogatories on the Irico Defendants. The Irico Defendants did not timely respond to

7    that discovery, and continue to refuse to do so. ECF No. 5266-1, Ex. 10 at 1–2, Ex. 11 at 1. On

8    March 21, 2018, Plaintiffs submitted to Special Master Walker a Motion to Compel Discovery

9    Responses from the Irico Defendants. By letter on March 23, 2018, the Irico Defendants asked that

10   the Special Master "set aside" Plaintiffs' motion because they asserted the question of whether they

11   must respond to "merits" discovery would be resolved at the forthcoming Case Management

12   Conference on April 24, 2018. ECF No. 5266-1, Ex. 12 at 1. On March 26, 2018, the Special

13   Master requested the Court's guidance. ECF No. 5264. Plaintiffs then filed their motion before the

14   Court so that it could take up the motion itself, or refer it to the Special Master. ECF No. 5266 at 2.

15   The Irico Defendants filed their opposition to this motion on April 10, 2018. ECF No. 5272.

16   Plaintiffs will file their reply concurrent with this CMC Statement. The motion is set for hearing on

17   May 10, 2018.

18       On March 5, 2018, Plaintiffs served "jurisdictional discovery" on the Irico Defendants,

19   including one set of requests for production of documents and one set of interrogatories. The Irico

20   Defendants have agreed to serve responses by May 4, 2018, and produce documents on a rolling

21   basis for six months. ECF No. 5266-1, Ex. 11 at 1.

22       On April 9, 2018, per paragraph IV.C of the Court's Order re Discovery and Case

23   Management Protocol (ECF No. 1128) ("Protocol") and Civil Local Rule 30-1, counsel for

24   Plaintiffs wrote to counsel for the Irico Defendants to confer about the scheduling of depositions.

25   ECF No. 5272-4. Plaintiffs requested that the Irico Defendants provide information as to whether

26   certain individuals identified by Plaintiffs are current or former employees, and, if former and not

27   represented by the Irico Defendants' counsel, the former employee's date of departure and last

28   known address. *Id.* The Protocol requires Plaintiffs to request such information, and the Irico

1   Defendants to provide it. The Irico Defendants have not responded to the letter. One purpose of this

2   procedure is to determine what witnesses might be available for deposition.

### B.     The Court Should Not Stay or Bifurcate Discovery Here

The Irico Defendants have taken the position that there should be no "merits" discovery until their lack of immunity under the FSIA has been finally established. They have estimated that document production alone will take at least six months. They have refused to respond to any discovery they deem to be "merits" discovery since the Court's Order. Plaintiffs believe that this proposal lacks merit and will needlessly delay the case and increase the cost of and effort associated with discovery.

First, the Irico Defendants' claim that a stay of merits discovery would promote judicial economy is incorrect. All potential efficiencies depend entirely on the assumption that the Court will grant the Irico Defendants' renewed FSIA motion. It is beyond argument that the stay would result in gross inefficiency and delay if the FSIA motion is not granted. It will have caused another lengthy delay in this proceeding, further prejudicial loss of evidence, and, as is often the case when discovery is bifurcated, needless argument and motion practice about whether matters are discoverable or not. In addition, it would likely result in witnesses being subject to more than one deposition, and multiple document searches.

It appears unlikely, however, that the Court will grant the Irico Defendants' FSIA motion. The Court has rejected the Irico Defendants' initial attempt to demonstrate their immunity. The Irico Defendants have identified no evidence or argument that would justify a different result. Further, as to the question of whether the commercial activity applies, there appears to be no avenue for a different result. The Court's has found that Plaintiffs have *alleged* facts sufficient to bring the case within the exception, and held that is all Plaintiffs must do. Order, 2018 WL 659084, at *6 n.3.

Second, there is substantial overlap between the "merits" discovery that the Irico Defendants apparently seek to stay—e.g., their participation in the alleged conspiracy, the effects of the conspiracy in the United States—and the evidence relevant to the determination of immunity under the FSIA. Indeed, for example, the Court discussed the Irico Defendants' attendance at over

70 conspiratorial meetings, as well as Plaintiffs' expert studies regarding the effect of the conspiracy in the United States in its analysis of the commercial exception to the FSIA. *See* Order, 2018 WL 659084, at *9; *see also* ECF No. 5266 at 6–7. Even if the Court limits discovery to the FSIA issues, therefore, this discovery should still be allowable.

Third, it is plain that the Court has discretion to allow discovery on "merits" issues along with "jurisdictional" discovery in this context. *See, e.g., Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) ("[b]road discretion is vested in the trial court to permit or deny discovery.").

## V.  CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court order that the Irico Defendants, within 30 days:

1) File their renewed FSIA motion; and

2) Answer the Complaint.

In addition, Plaintiffs request that the Court deny the Irico Defendants' request that discovery be bifurcated.

## Irico Defendants' Statement[1]

## I.  INTRODUCTION

The DPPs seek to mire the Irico Defendants and the Court in extensive and likely irrelevant merits discovery despite the obvious presence of a potentially dispositive jurisdictional issue under the FSIA that the Court has already recognized as sufficient to justify the setting aside of the default previously entered. In the interests of judicial economy, the Irico Defendants propose to promptly address this issue, following the guidance of the Supreme Court in *Bolivarian Republic of Venezuela v. Helmerich & Payne International Drilling Co.*, 137 S. Ct. 1312 (2017).

The background of the case is known to the Court and is only summarized briefly below. Irico first appeared in the case in June 2008, represented by Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury"). (Dkt. 308.) Irico joined motions to dismiss the DPP and IPP complaints filed on May 18, 2009 (Dkt. 479), which the Court denied in large part on March 30, 2010 (Dkt. 665). Irico

---

[1] The Indirect Purchaser Plaintiffs informed Irico that they intend to participate in the case management conference, but did not intend to submit a separate report in advance.

1   instructed Pillsbury to cease its representation in May 2009, and Pillsbury formally withdrew as
2   counsel on June 24, 2010.  (Dkt. 732 at 1.)
3          Six years later on June 28, 2016, the Court ordered any plaintiffs with pending affirmative
4   claims against Irico to advise the Court whether Irico had been served and why those plaintiffs had
5   not previously requested entry of default.  (Dkt 4694 at 2.)  DPPs and IPPs filed their responses on
6   July 5, 2016 (Dkt. 4705, 4706), and default was entered against Irico on July 22, 2016 (Dkt. 4727,
7   4729).  On August 3, 2017, DPPs applied for a default judgment against Irico.  (Dkt. 5183).  Irico
8   reappeared at this point and filed an opposition to DPPs' application along with a motion to set
9   aside the entry of default on October 25, 2017.  (Dkt. 5214, 5215.)  On February 1, 2018, the Court
10  granted Irico's motion to set aside the entry of default and denied DPPs' application for default
11  judgment as moot.  (Dkt. 5240.)  On April 6, 2018, the Court entered a stipulated order vacating
12  the entry of default against Irico in the IPP action.  (Dkt. 5271.)
13         On March 27, 2018, DPPs filed a motion to compel responses from Irico to merits
14  discovery served on all defendants in 2010 and 2011.  As of today, that motion will be fully briefed
15  and a hearing is set for May 10, 2018.

## II. JURISDICTIONAL DISCOVERY SHOULD BE ADDRESSED AS A THRESHOLD ISSUE

Irico Defendants believe the Court's Order Setting Aside Default is clear in permitting initial discovery in this matter only with respect to jurisdictional issues.  (*See* Dkt. 5240 at 20 ("The Court notes the DPPs' request for limited jurisdictional discovery . . . .  The case against the Irico Defendants having now reopened, the DPPs are free to undertake jurisdictional discovery.").)  Irico believes that discovery should be directed only at jurisdictional issues and that the Court's jurisdiction should be resolved before the parties commence costly and time-consuming merits discovery.  As set forth in detail in Irico Defendants' Opposition to DPPs' pending motion to compel (Dkt. 5272), this approach would comport with the Supreme Court's directive that "a court should decide the foreign sovereign's immunity defense 'at the threshold' of the action . . . .  If a decision about the matter requires resolution of factual disputes, the court will have to resolve those disputes, but it should do so as near to the outset of the case as is reasonably possible."  *Bolivarian*

*Republic*, 137 S. Ct. at 1324 (internal citation omitted). This initial discovery should "be ordered circumspectly and only to verify allegations of specific facts crucial to the immunity determination." *Af-Cap, Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1095-96 (9th Cir. 2007) (italics omitted).

In addition to comporting with Supreme Court and Ninth Circuit precedent, this approach would allow for more effective case management by focusing on a threshold issue that could resolve this matter with regard to both Irico entities. Given the extensive time and resources that would be needed to respond to full merits discovery, and the Court's finding in its February 1, 2018 Order that FSIA immunity was Irico Defendants' "strongest potential meritorious defense" given the evidence presented for that motion (Dkt. 5240 at 17), Irico submits that prioritizing discovery in this way would be the most logical and efficient course of action. This is particularly true given that DPPs have already served Irico Defendants with additional discovery requests that, unlike the requests underlying the pending motion to compel, are more focused on jurisdictional issues (*see* Dkt. 5272-1 and -2), and Irico is in the process of gathering information and responding to those requests. IPPs have also served Irico with discovery that they contend is directed solely at jurisdictional issues.

DPPs' assertion that there is "no avenue for a different result" regarding Irico's FSIA defense reflects a fundamental misunderstanding of the Court's Order Setting Aside Default. Irico understands the Court to have accepted DPPs' allegations at face value because it found "the only factual evidence that the Irico Defendants put forward" for that motion, the Zhang Declaration, to be "insufficient." (Dkt. 5240 at 13.) However, the Ninth Circuit has made clear that once a defendant claiming foreign sovereign immunity puts forward "testimony, affidavits, and other evidence to dispute the truth of the allegations"—as will certainly be the case here following jurisdictional discovery—then "no presumptive truthfulness attaches to plaintiff's allegations." *Terenkian v. Republic of Iraq*, 692 F.3d 1122, 1131 (9th Cir. 2012). The Court also recognized in its Order that "further proceedings" following jurisdictional discovery "might demonstrate that the defense applies and the Court lacks jurisdiction." (Dkt. 5240 at 19-20.)

### III. JURISDICTIONAL MOTIONS PRACTICE SHOULD FOLLOW JURISDICTIONAL DISCOVERY

DPPs misstate the status of jurisdictional discovery they have served. The jurisdictional discovery requests were issued on March 5, 2018. They are extensive and call for materials located in China and in Chinese. The Irico Defendants agreed to provide answers and objections to DPPs' requests by May 4, 2018[2] and to begin rolling production with a completion date of September 5, 2018 (Dkt. 5266-1 at 70), with formal motions promptly thereafter, as proposed below.

Having issued this extensive discovery, DPPs now unreasonably suggest that Irico should file an FSIA motion within 30 days, preventing Irico from complying with the discovery requests before the motion would be due. Rather, jurisdictional motions should follow the close of jurisdictional discovery so that all parties have access to all available evidence for the entire process of briefing those motions, with a briefing schedule fixed in advance. Furthermore, all parties understand the factual questions likely to be relevant to the FSIA inquiry, as evidenced by the fact that both DPPs and IPPs have already served detailed jurisdictional discovery requests. Irico suggests the following schedule for jurisdictional discovery and subsequent motions practice:

- Close of jurisdictional discovery: September 5, 2018
- Motions on jurisdictional issues due: October 22, 2018
- Oppositions to jurisdictional motions due: November 5, 2018
- Reply to oppositions due: November 12, 2018
- Hearing on jurisdictional motions: November 29, 2018 at 2 p.m.

Irico Defendants would then answer both the DPP and IPP complaints if necessary following the resolution of any jurisdictional motions. Irico also suggests that setting a further schedule for merits discovery and trial would be premature at this time; a subsequent Case Management Conference to set such a schedule, if necessary, would be appropriate following the Court's ruling on any jurisdictional motions.

---

[2] Irico Defendants have also agreed to provide answers and objections to the IPPs' jurisdictional discovery requests by May 25, 2018. (Dkt. 5271 at 2.)

## IV. CONCLUSION

Irico Defendants respectfully request that the Court clarify that current discovery is limited to jurisdictional issues, and adopt the discovery and motion schedule outlined above allowing for the completion of jurisdictional discovery before additional motions are filed.

Dated: April 17, 2018

/s/ *R. Alexander Saveri*
Guido Saveri (22349)
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Cadio Zirpoli (179108)
Matthew D. Heaphy (227224)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

Respectfully submitted,

/s/ *Stuart C. Plunkett*
John Taladay (*pro hac vice*)
john.taladay@bakerbotts.com
Erik T. Koons (*pro hac vice*)
erik.koons@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone: 202.639.7700
Facsimile: 202.639.7890

Stuart C. Plunkett (State Bar No. 187971)
stuart.plunkett@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3070
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Attorneys for Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.*

**ATTESTATION**

I, R. Alexander Saveri, hereby attest, pursuant to United States District Court, Northern District of California Civil Local Rule 5-1(i)(3), that concurrence in the filing of this document has been obtained from the other Signatory hereto.

By:    */s/ R. Alexander Saveri*
        R. Alexander Saveri