Guido Saveri (22349)
*guido@saveri.com*
R. Alexander Saveri (173102)
*rick@saveri.com*
Geoffrey C. Rushing (126910)
*grushing@saveri.com*
Cadio Zirpoli (179108)
*cadio@saveri.com*
Matthew D. Heaphy (227224)
*mheaphy@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*ALL DIRECT PURCHASER ACTIONS* | **DIRECT PURCHASER PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES FROM THE IRICO DEFENDANTS**<br><br>Date: May 10, 2018<br>Time: 2:00 p.m.<br>Judge: Honorable Jon S. Tigar<br>Courtroom: 9 |

## ISSUE TO BE DECIDED

1. Whether the Court should compel the Irico Defendants to respond to five sets of discovery requests served by the Direct Purchaser Plaintiffs in 2010 and 2011.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Direct Purchaser Plaintiffs ("Plaintiffs") submit this reply in support of their Motion to Compel Discovery Responses from the Irico Defendants, ECF No. 5266 ("Motion" or "Mot."), and to the Irico Defendants' opposition to Plaintiffs' motion to compel, ECF No. 5272 ("Opposition" or "Opp."). The Irico Defendants' arguments that they should not be required to respond to properly served discovery fail to meaningfully address Plaintiffs' arguments, ignore fundamental procedural rules, and misrepresent the record (and Plaintiffs' position). All lack merit. Plaintiffs' motion should be granted.

## II. ARGUMENT

### A. The Irico Defendants Did Not Request, Nor Did the Court Grant, a Stay of Discovery

First, the Irico Defendants' insistence that the Court has already stayed "merits" discovery ignores Plaintiffs' arguments. The Irico Defendants' motion to set aside the default contained no request for a stay, Court's the Order contains no express stay, and the notion that the Order contained an implied stay is inconsistent with the Court's stated concern that delay in this case has led to the prejudicial loss of evidence. Mot. at 6–7; *In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917, Case No. C-07-5944 JST, 2018 WL 659084, at *8 (N.D. Cal. Feb. 1, 2018) (the "Order").

The Irico Defendants' argument that "non-jurisdictional" discovery is not allowed by the Order, because "the Court specifically opened only 'jurisdictional discovery,'" Opp. at 2, lacks merit. It ignores the Court's language in the Order that the case had been "reopened." Order, 2018 WL 659084, at *11. It ignores the procedural posture of the motion to set aside the default, which, if granted, normally restores the case to an ordinary litigation status. *See, e.g.*, *United States v.*

*Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) ("we . . . remand for the district court to consider on the merits his claim"). And again, it contained no request for any limitation on discovery. In this context, assuming that the Irico Defendants need only respond to specifically enumerated matters is unreasonable.

**B. The Court Should Not Impose a Stay of Merits Discovery**

The Irico Defendants' claim that a stay of merits discovery would promote judicial economy is baseless. Judicial economy would be served by bifurcating discovery only if the Irico Defendants were likely to prevail on their FSIA defense—which the Court has not ruled. To the contrary, the Court has already rejected the Irico Defendants' initial attempt to demonstrate their immunity on the present record. And while the Court has indicated that it will allow the Irico Defendants to reassert their FSIA defense, absent new evidence or argument there is no reason to believe the Court will change its mind. The Irico Defendants fail to address this point or explain why the Court's ruling is likely to change.[1]

To state the obvious, if the Court does not change its mind, then the stay the Irico Defendants seek will cause tremendous judicial ***inefficiency***. It will have caused another lengthy delay in this proceeding, further prejudicial loss of evidence, and, as is often the case when discovery is bifurcated, needless argument and motion practice about whether matters are discoverable or not. In addition, it would likely result in witnesses being subject to more than one deposition, and multiple document searches.

The Irico Defendants appear to concede that the bulk of what they consider "merits" discovery—e.g., their participation in the alleged conspiracy and the conspiracy's effect in the

---

[1] The Irico Defendants' assertion that the Court found that their purported FSIA immunity defense was "meritorious" is incorrect. Mot. at 5. As explained in Plaintiffs' opening brief, the Court found only that it was only required to find "something less than an actually meritorious defense" under the weak standard for lifting a default. *Id.* at 7. The Irico Defendants also are wrong to say that Plaintiffs assert that the Court finally resolved the FSIA issue. *Id.* at 6 ("the Court found that there remains a possibility that the Irico Defendants could demonstrate immunity under the FSIA"). Plaintiffs acknowledge that the Court's ruling was based solely on the record before it, and that the Irico Defendants would be allowed another chance. *Id.* at 5 ("The Court held that, ***on the record before it***, the Irico Defendants were not immune under the FSIA and that, therefore, the Court had jurisdiction." (emphasis added)).

United States—is relevant to the FSIA issues and therefore also "jurisdictional." *See* Opp. at 6 (acknowledging that "'merits and jurisdiction will sometimes come intertwined'" (quoting *Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 137 S. Ct. 1312, 1319 (2017)). In any event, they fail to meaningfully address the issue. As Plaintiffs explained in their opening brief, the "merits" discovery the Irico Defendants apparently seek to preclude is plainly relevant to the FSIA issues. *See* Mot. at 7.

Finally, there is no question that the Court has discretion to allow discovery on "merits" issues along with "jurisdictional" discovery in this context. As the Irico Defendants concede, Opp. at 7, "[b]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). In all but one of the cases the Irico Defendants cite, unlike this case, involved a defendant that had convincingly demonstrated immunity. In *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 848–9, 854 (5th Cir. 2000), the district court found that a defendant, an organ of Syria, was immune under the FSIA and dismissed the case. The appellate court found no abuse of discretion by the district court where plaintiffs failed to diligently seek discovery related to immunity for three months and until dismissal was imminent. *Id.* at 852. In *Af-Cap Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1096 (9th Cir. 2007), the district court also found that the defendant was immune. In addition, it permitted merits discovery: "the district court permitted Af-Cap more than fifteen months of discovery from both the Congo and ChevronTexaco, and . . . the district court did not restrict discovery because of the Congo's sovereign immunity, but because Af-Cap's discovery requests had 'gone too far.'" *Id.*

Here, on the other hand, the Court has already examined the Irico Defendants' FSIA arguments and found that it has jurisdiction and that they are not immune from suit based on the evidence presented. Order, 2018 WL 659084, at *10. Further, none of the Irico Defendants' cases involved the novel situation before the Court where the defendant waited over seven years to raise the defense, and, again, the Court has already made an initial determination that the FSIA does <u>not</u> apply. Indeed, because the Court has already examined the applicability of the FSIA herein and rejected it, it follows that Plaintiffs have "'shown a reasonable basis for assuming jurisdiction'" and, therefore, that unrestricted discovery is appropriate. *See* Opp. at 6 (quoting *In re Terrorist*

*Attacks on Sept. 11, 2001*, 349 F. Supp. 2d 765, 783 (S.D.N.Y. 2005) (court may permit other discovery once plaintiff "has shown a reasonable basis for assuming jurisdiction")); *see also EM Ltd. v. Republic of Argentina*, 473 F.3d 463, 486 (2d Cir. 2007) (plaintiff failed to show reasonable basis for other discovery where court found defendant protected by FSIA immunity to be an instrumentality of the Republic of Argentina and commercial activity exception did not apply)). In the *Terrorist Attacks* case, the district court denied without prejudice the FSIA motion, brought at the start of the case, because—unlike here—the status of the relevant entities "is not determinable on the current record and, therefore, limited jurisdictional discovery is warranted." 349 F. Supp. 2d at 792.

**C. The Irico Defendants' Objections Are Improper**

The Irico Defendants' arguments that the Motion should be denied because Plaintiffs' requests are objectionable on various grounds—e.g., overbreadth, undue burden, Opp. at 7–8—ignore fundamental rules of discovery and are wholly improper.

First, the Federal Rules of Civil Procedure require that objections be set forth in responses to discovery. *See* Fed. R. Civ. P. 33(b)(4), 34(b)(2). The Irico Defendants have served no responses and therefore cannot assert objections.

Second, the Irico Defendants have not sought to meet and confer with Plaintiffs regarding their objections, as required by the Civil Local Rules. *See* Civil L.R. 37-1(a). For this reason as well, they may not assert objections.

Third, the Irico Defendants' objections are without merit. The discovery requests were plainly directed to and served on the Irico Defendants. The other defendants served objections, met and conferred with Plaintiffs, and served responses. *See, e.g.*, ECF No 5228-2, Ex. 31 (Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5, dated November 25, 2013), Ex. 32 (Second Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories, dated November 3, 2011). Other defendants have been ordered to serve complete responses to some of the requests, including interrogatories numbers

four and five requiring the Defendants to list meetings, communications and agreements regarding CRTs with their alleged conspirators. *See, e.g.*, ECF Nos. 3830 at 7 (Special Master's report and recommendation requiring Mitsubishi to serve supplemental interrogatory responses regarding meetings, agreements and sales data), 3870 at 2 (Court order adopting the same).

The Irico Defendants' complaints that the requests "were sent *en masse* to all defendants in 2010 and 2011" and are "stale," Opp. at 7–8, lack merit. It is usual for identical discovery requests to be served on multiple defendants in large cartel cases such as this one. Furthermore, to the extent the Irico Defendants believe that some request are outdated, they should identify them specifically. Plaintiffs have no interest in imposing unnecessary burdens on the Irico Defendants. However, the Irico Defendants wholesale dismissal of discovery the other defendants have responded to is unreasonable.

Finally, the Irico Defendants' complaints about Plaintiffs' request for information on the status of employees of the Irico Defendants, Opp. at 2, 8, are baseless. Plaintiffs' letter did not contain a request to schedule or conduct thirty-six depositions. *See* ECF No. 5272-4. Given the passage of time due to the Irico Defendants' absence, it is reasonable for Plaintiffs to attempt to determine the status of employees who may have information relevant to the Plaintiffs' claims as well as the Irico Defendants' FSIA defense. It is also required by Court order. *See* Order re Discovery and Case Management Protocol ¶ IV.C, ECF No. 1128 (Apr. 3, 2012).

### D. The Irico Defendants Have Waived Their Objections; However, These Issues Need Not Be Resolved Now

As explained in Plaintiffs' opening brief, the Irico Defendants waived their objections to the discovery at issue by failing to serve timely responses. Mot. at 7–8. The Irico Defendants' arguments to the contrary lack merit. However, these issues should be resolved at a later date.

First, as to the first three sets of discovery (served March 10, 2010, responses due April 9, 2010), the Irico Defendants' assertion that that they were "under no obligation to respond to these requests," Opp. at 8, because they were already in default, is false. This discovery was both served and the responses due before it was even *possible* for the Irico Defendant to have defaulted, because the Court had not finally denied defendants' motions to dismiss. It was not until March 30,

2010, that the Court denied the motions and ordered the defendants to answer by April 29, 2010. *See* ECF No. 665 at 26 ("The Court requires Defendants to file answers within thirty (30) days from the date of this Order"). Furthermore, the Irico Defendants' counsel did not move to withdraw until June 23, 2010, ECF No. 729, more than two months after their responses were due. The Irico Defendants' representation that the discovery at issue was served "during a time when Irico was in default and not a participant in the litigation," Opp. at 1, is therefore dead wrong.

As to the 2011 discovery, it was served on the Irico Defendants' former counsel before the default was entered. Moreover, the Irico Defendants' former counsel had represented that the Irico Defendants would hire new counsel. *See* ECF Nos. 729 ¶ 4 ("Pillsbury will continue to accept service of papers on behalf of the Irico Entities and to forward such papers to the Irico Entities in accordance with Local Rule 11-5(b) ***until substitute counsel appears*** on behalf of the Irico Entities" (emphasis added)), 732 at 2 (Court order requiring the same). *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146 (9th Cir. 2010)—which the Irico Defendants' complain that Plaintiffs should have addressed—is therefore inapposite. *See id.* at 1157, 1159 ("the court abused its discretion when, after vacating the default, it refused to give Kaytel Distribution time to respond" to Requests for Admission "which had become due ***while it was in default***" (emphasis added)).

Second, the Irico Defendants claim that Plaintiffs "made no effort to compel responses or take any other action regarding this discovery for more than seven years," Opp. at 8, is baseless given that the Irico Defendants had no counsel during this period. In fact, this motion, and the meet and confer preceding it, were the first viable opportunity for Plaintiffs to compel responses to discovery. The Irico Defendants should not be rewarded for any failure of Plaintiffs to compel discovery from an unrepresented party.

Finally, Plaintiffs do not contest that a court may grant relief from a waiver of objections for good cause in certain circumstances. *See* Opp. at 9. Plaintiffs submit, however, that such relief cannot be granted wholesale as to all objections and all discovery requests at issue. Rather, the Irico Defendants should set forth their objections to each request at issue, explain why their specific objections were not waived, and support those explanations with evidence.

**E. Plaintiffs Did Not Agree to Delay this Motion**

Finally, the Irico Defendants' assertion that Plaintiffs somehow agreed that the issues raised in this motion would be resolved at the upcoming Case Management Conference ("CMC") makes no sense. Opp. at 1, 4. Plaintiffs never "agreed" to circumvent the procedures established by the Court's orders, nor could they. Order Appointing Special Master for Discovery, ECF No. 2272 (Dec. 17. 2013); Order Upon Transfer of this MDL to Judge Jon S. Tigar, ECF No. 4164 (Nov. 3, 2015) ("Appointments of Special Masters remain in effect as originally issued.").

Nor did Plaintiffs agree to delay filing the motion until after the CMC. There is no reason for such delay and the letter on which the Irico Defendants base their assertion does not support the existence of such an agreement.

**III. CONCLUSION**

For all the reasons stated above, Plaintiffs respectfully submit that its motion be granted as set forth above.

Dated: March 27, 2018

Respectfully submitted,

/s/ *R. Alexander Saveri*

Guido Saveri (22349)
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Cadio Zirpoli (179108)
Matthew D. Heaphy (227224)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

Joseph W. Cotchett
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

Steven F. Benz
Gregory G. Rapawy
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

*Attorneys for Plaintiffs*