UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
|---|---|
| | Case No. C-07-5944 JST |
| This Order Relates To: | **ORDER DENYING MOTION TO COMPEL** |
| ALL DIRECT PURCHASER PLAINTIFFS | Re: ECF No. 5266 |

Before the Court is the Direct Purchaser Plaintiffs ("DPPs")' motion to compel Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "the Irico Defendants") to respond to five discovery requests filed in 2010 and 2011. ECF No. 5266. The Court will deny the motion.

The Court set aside the Irico Defendants' default on February 1, 2018. ECF No. 5240. In its order, the Court found that the Irico Defendants had not shown immunity from suit under the Foreign Sovereign Immunities Act. *Id.* at 14. The Court also found, however, that even though the defense had not been established, "the Irico Defendants have raised potential meritorious defenses as to both Group and Display," *id.* at 18, and that "[t]he Irico Defendants have raised significant doubt as to whether the Court has jurisdiction under the FSIA as to Irico Group," *id.* at 17. The Court therefore set aside the defaults entered against the Irico Defendants, reopened the case, and ordered that "the DPPs are [now] free to undertake jurisdictional discovery." *Id.* at 20.

Following entry of that order, the DPPs served both jurisdictional and merits discovery on the Irico Defendants. The Irico Defendants responded to the jurisdictional discovery, and the parties' meet-and-confer efforts concerning that discovery are now underway. *See* ECF Nos. 5272-2, 3, 4. With regard to the merits discovery, however, the Irico Defendants refused to respond at all. They argued that such discovery was not appropriate until the question of the Court's jurisdiction had been

resolved.

The DPPs then filed a motion to compel responses to the merits discovery before Special Master Vaughn R. Walker. ECF No. 5264. Special Master Walker declined to rule on the motion, asking that this Court provide guidance regarding whether merits discovery could proceed at all. *Id.*

The Court now denies the DPP's motion to compel. Where, as here, there is a substantial question regarding a defendant's immunity from suit under the Foreign Sovereign Immunities Act, the parties should conduct jurisdictional discovery promptly before addressing the merits. *Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 137 S. Ct. 1312, 1324 (2017). The Supreme Court has instructed that "a court should decide the foreign sovereign's immunity defense at the threshold of the action. . . . If a decision about the matter requires resolution of factual disputes, the court will have to resolve those disputes, but it should do so as near to the outset of the case as is reasonably possible." *Id.* (citing *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 493 (1983)) (internal citations omitted). There are good policy reasons for this rule, chiefly among them that the Court's jurisdiction over the Irico Defendants remains unsettled. Accordingly, "discovery against a foreign sovereign should be ordered circumspectly and only to verify allegations of specific facts crucial to the immunity determination." *Af-Cap, Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1096 (9th Cir. 2007) (citing *Connecticut Bank of Commerce v. Republic of Congo*, 309 F.3d 240, 261 n.10 (5th Cir. 2002), *as amended on denial of reh'g* (Aug. 29, 2002)). At this stage of the case, only jurisdictional discovery is appropriate.

The Court makes two more observations to guide the parties going forward. First, the Court rejects the DPPs' argument that the Irico Defendants have waived all objections to any discovery that was propounded earlier in the case. Ordinarily, any objections would have been waived by the Irico Defendants' failure to respond, but the Court finds good cause to excuse their failure. *Landon v. Ernst & Young LLP*, No. C08-02853 JF (HRL), 2009 WL 4723708, at *1 (N.D. Cal. Dec. 2, 2009). "In determining whether a party has good cause, the court will consider factors such as the length of the delay, the reason for the delay, bad faith, prejudice to the

2

1  propounding party, the appropriateness of the requests, and whether waiver would result in an
2  'excessively harsh result.'" *Id.* (quoting *Hall v. Sullivan,* 231 F.R.D. 468, 474 (D. Md. 2005)).
3  Having set aside these defendants' defaults so the case could be litigated, it would be "excessively
4  harsh" to now hold that the Irico Defendants must respond to Plaintiffs' discovery, no matter how
5  broad or burdensome, without objection.

Second, while the Court need not reach the Irico Defendants' burden objection in light of its other rulings, it notes that the objection as currently framed would fail. Simply saying that discovery is burdensome is not enough; a burden objection requires a showing of *actual* burden. The kind of information that might support such a finding includes, for example, an estimate of the amount of time or money that would be spent responding to the challenged discovery, a description of the locations where the information at issue is stored, the numbers of persons who know the information, and/or the amount of information that would have to be located and reviewed, among other factors. *Pham v. Wal-Mart Stores, Inc.*, No. 2:11-CV-01148-KJD, 2011 WL 5508832, at *3 (D. Nev. Nov. 9, 2011) ("In order to satisfy this burden, the objecting party must provide sufficient detail regarding the time, money and procedures required to produce the requested documents.").

## CONCLUSION

The DPPs' motion to compel is denied. The parties are ordered to submit a jointly proposed schedule or competing proposed schedules for the completion of jurisdictional discovery and briefing by May 1, 2018 at 5:00 p.m. Pacific Time as discussed at yesterday's hearing.

**IT IS SO ORDERED.**

Dated: April 25, 2018

JON S. TIGAR
United States District Judge