1   Brent Caslin (Cal. Bar. No. 198682)
    Jenner & Block LLP
2   633 West Fifth Street
    Suite 3600
3   Los Angeles, California 90071
    Telephone:     213 239-5100
4   Facsimile:     213 239-5199
    bcaslin@jenner.com
5
    Terrence J. Truax (*pro hac vice*)
6   Michael T. Brody (*pro hac vice*)
    Gabriel A. Fuentes (*pro hac vice*)
7   Jenner & Block LLP
    353 N. Clark Street
8   Chicago, Illinois 60654-3456
    Telephone:     312 222-9350
9   Facsimile:     312 527-0484
    ttruax@jenner.com
10  mbrody@jenner.com
    gfuentes@jenner.com
11
    *Attorneys for Mitsubishi Electric Corporation*
12

13                    **UNITED STATES DISTRICT COURT**

14            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

15                        **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 16   IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-cv-05944-JST Case No. 17-cv-04067-JST |
| 17 | |
| 18 | MDL No. 1917 |
| 19 | **RESPONSE OF MITSUBISHI ELECTRIC CORPORATION TO LETTER OF FINANCIAL RECOVERY SERVICES** |
| 20 | |
| 21   This Document Relates to: | Hearing Date:  No hearing scheduled |
| 22   *Luscher, et al. v. Mitsubishi Electric Corp.,* 17-cv-04067-JST | Courtroom: 9, 19th Floor |
| 23 | Judge:  Honorable Jon S. Tigar |
| 24 | |

25

26

27

28

Mitsubishi Electric Corporation ("Mitsubishi Electric"), pursuant to this Court's order of May 14, 2018, Dkt. 5287,[1] responds to the letter of Financial Recovery Services ("FRS") submitted to the Court on May 11, 2018.  Dkt. 5286.

FRS asked the Court to "order the parties" – including Mitsubishi Electric – to "a mediation that will permit resolution of the late claims issues with Judge Walker," presumably to be part of the upcoming mediation between the Indirect Purchaser Plaintiffs ("IPPs"), defendants in CRT litigation *other than Mitsubishi Electric* that reached settlements with the IPPs (which this Court approved in 2016), and objectors to those prior settlements.  *Id.* at 2.  The upcoming mediation is being held at the direction of the United States Court of Appeals for the Ninth Circuit after oral argument of the objectors' appeal of this Court's approval of prior settlements between the IPPs and other defendants ("the Prior IPP Settlements").  *Id.* at 1-2.  Mitsubishi Electric's settlement with the IPPs ("the Mitsubishi Electric IPP Settlement") is completely different from the Prior IPP Settlements and has yet to receive this Court's preliminary approval.

For the reasons set forth in this statement, Mitsubishi Electric requests the Court to deny FRS's request to include Mitsubishi Electric or the Mitsubishi Electric IPP Settlement in any Ninth Circuit mediation involving the Prior IPP Settlements.

**1.    FRS Raises Concerns About Claims It Made In The Prior Settlements, Not About The Fairness Of The Mitsubishi Electric Settlement.**

In evaluating FRS's mediation requests, it is important to distinguish the two settlements that are currently before Courts in this Circuit.

In 2015, the IPPs announced that they had settled with Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, and Thomson and TDA, thus resolving the pending IPP litigation in the CRT MDL.  (The IPPs had previously settled with Chunghwa and LG.)  Dkt. 4712 at 2-3.  This Court evaluated the fairness of the Prior IPP Settlements and, after extensive proceedings, approved them on July 7, 2016. *Id.* at 36-37.  (A later order addressed the distribution of the Chunghwa settlement.  Dkt. 5040.)  Various

[1] Unless noted, references to "Dkt." are to docket entries in the MDL master file, *In re CRT*, No. 3:07-cv-05944-JST.

objectors appealed this Court's final judgment to the United States Court of Appeals for the Ninth

Circuit, which heard oral argument on April 10, 2018.  The appeal focuses on one aspect of the Prior IPP

Settlements, as did the proceedings in this Court: the Prior IPP Settlements release certain state law

indirect purchaser claims without compensation.  Following argument, and accepting a suggestion made

at argument, the Ninth Circuit withdrew the submission of the appeal and referred the appeal to the Ninth

Circuit's Mediation Office.  *Indirect Purchaser Plaintiffs, et al., v. John Finn, et al.*, No. 16-16368 (9th

Cir. Apr. 30, 2018).  The parties to that appeal have suggested that the mediation should take place

before retired District Judge Vaughn Walker.  Mitsubishi Electric has never been a party to those

proceedings.

On July 20, 2017, the IPPs filed a new lawsuit against Mitsubishi Electric.  *Luscher v. Mitsubishi Electric Corporation*, No. 3:17-cv-04067, Dkt. 1.  With the assistance of Magistrate Judge Corley, the

parties were able to resolve the dispute, resulting in the Mitsubishi Electric IPP Settlement.  Unlike the

Prior IPP Settlements, the Mitsubishi Electric IPP Settlement did not contain a nationwide release.  It

proposed that the claims of residents of 31 jurisdictions (30 states and the District of Columbia) release

their claims.  Residents of the same 31 jurisdictions were eligible to claim the monetary benefits of the

Mitsubishi Electric IPP Settlement.  On February 14, 2018, the IPPs and Mitsubishi Electric moved for

preliminary approval of the Mitsubishi Electric IPP Settlement.  Dkt. 5245.

On February 27, 2018, FRS submitted a letter in which it objected to the Plan of Distribution in

the Mitsubishi Electric IPP Settlement.  Dkt. 5252.  FRS is a claims-filing service.  It had submitted a

large number of claims in the Prior IPP Settlements.  FRS's submission has nothing to do with

Mitsubishi Electric or the fairness of its separate and distinct settlement with the IPPs.

FRS did not challenge the fairness of the Mitsubishi Electric IPP Settlement, the propriety of

certifying a 31-jurisdiction settlement class, the method of notice, or the nature of the 31-jurisdiction

proposed release.  Instead, FRS sought to use the Mitsubishi Electric IPP Settlement as a vehicle to raise

an issue it had with the administration of the Prior IPP Settlements.  FRS stated that certain of the claims

it submitted to the claims administrator in the Prior IPP Settlements had not been allowed in those

settlements.  FRS urged this Court to address that situation, including by distributing the benefits of the

1    Prior IPP Settlements (then and now on appeal) and the Mitsubishi Electric IPP Settlement (then and now

2    awaiting preliminary approval) in a combined manner that would address the concerns of the FRS

3    claimants.  *Id*. at 11.[2]

4           On May 11, FRS asked this Court "to order the parties" (the IPPs, Mitsubishi Electric, and FRS)

5    to mediation so that they may resolve FRS's "late claims issues."   Dkt. 5286 at 2.

6    **2.      The Mitsubishi Electric IPP Settlement Does Not Belong In The Ninth Circuit Mediation.**

7           Mitsubishi Electric is not a party to the Ninth Circuit appeal, and its pending motion for

8    preliminary approval of its 2017 settlement with the IPPs does not relate to the Ninth Circuit appeals of

9    the IPPs' settlements with other parties.  There is no reason to combine the Mitsubishi Electric IPP

10   settlement with the Ninth Circuit mediation of the Prior IPP Settlements.

11          First, the Mitsubishi Electric IPP Settlement stands in a very different procedural posture than the

12   Prior IPP Settlements now on appeal.  Mitsubishi Electric has settled with the IPP class representatives

13   and requested that the Court grant preliminary approval to the settlement, a motion which remains

14   pending.  No Class has been certified and notice of the proposed settlement has not been provided.  By

15   contrast, in the Prior Settlements, this Court granted preliminary approval and directed notice to the

16   Class, objections were submitted and resolved, this Court entered final approval, and the matter is now

17   on appeal.

18          Because of the preliminary status of the Mitsubishi Electric IPP Settlement, were there to be a

19   mediation, nothing that could happen in the mediation would bind the Class.  Class members will retain

20   their right to object to the Mitsubishi Electric IPP Settlement in whole, or in part.  Thus, due to the

21   different procedural postures, there is no practical reason to include Mitsubishi Electric in a mediation to

22   resolve the Ninth Circuit appeal of the qualitatively different, and previously approved, Prior IPP

23   Settlements.

24          Second, the issues in the Ninth Circuit appeal do not arise in connection with the Mitsubishi

25   Electric IPP Settlement.  The main issue in the appeal of the Prior IPP Settlements concerns the release of

26

27   [2] If accepted, FRS's position will materially dilute the settlement payments to class members who timely
     filed their claims.

28

indirect purchaser claims in certain states without compensation.  The Mitsubishi Electric IPP Settlement does not present this issue.   In the Mitsubishi Electric IPP Settlement, the release binds the residents of 31 jurisdictions.  All of the individuals bound by the release are eligible to make claims under the settlement.  Thus, unlike the previously approved Prior IPP Settlements, there should be no question about the scope of the release.  Nothing that will happen in the Ninth Circuit mediation regarding the prior IPP Settlements will affect the Mitsubishi Electric IPP Settlement, or this Court's preliminary or final approval of that settlement.

This Court ought to decline FRS's invitation to hijack the Mitsubishi Electric IPP Settlement as a means to raise a separate issue about the Prior IPP Settlements. Whether this Court – or the Ninth Circuit mediation process – takes action to address the Prior IPP Settlements or FRS's late claims  will have no impact on Mitsubishi Electric, the fairness of its settlement with the IPPs, or the motion for preliminary approval of that settlement.  Thus, there is no reason to include Mitsubishi Electric or its separate 2017 settlement with the IPPs in the pending Ninth Circuit mediation concerning the Prior IPP Settlements.

**3.     Notwithstanding The Potential Impact Of The Prior Appeal On The Proposed Distribution Plan, The Mitsubishi Electric Settlement Should Not Be Included In The Mediation.**

Aside from the addition of residents of nine states, claimants under the Mitsubishi Electric IPP Settlement overlap with the claimants entitled to recover in the Prior IPP settlements.  The distribution plan in the Mitsubishi Electric IPP Settlement is designed to provide additional compensation to as many class members as is possible, some of whom may also participate in the Prior IPP Settlements.  FRS recognizes the overlap between the Mitsubishi Electric IPP Settlement Class and the class members eligible to recover under the Prior IPP Settlements and asserts that its issues regarding the Prior IPP Settlements require the intervention of this Court, now, by directing the Mitsubishi Electric IPP Settlement to mediation.

FRS's argument is a *non sequitur*.  Whatever issues FRS has with the Prior IPP Settlement do not concern the Mitsubishi Electric IPP Settlement.  This Court's consideration of the fairness of the Mitsubishi Electric IPP Settlement does not depend upon FRS's request to pursue its late claims in the Prior IPP Settlements.

First, it is unlikely that FRS's request to pursue its claims in the Prior IPP Settlements, even if successful, will affect the Mitsubishi Electric IPP Settlement.  If FRS persuades the claims administrator to accept its claims in the Prior IPP Settlements, FRS's claimants will no longer be first-time claimants in the Mitsubishi Electric IPP Settlement, and thus will receive less in the distribution of the Mitsubishi Electric IPP Settlement.  That outcome will not change the proposed distribution plan of the Mitsubishi Electric IPP Settlement, however.

Second, FRS's request to participate in the Prior IPP Settlements has no bearing on the fairness of the Mitsubishi Electric IPP Settlement.  As set forth in the motion for preliminary approval, the Mitsubishi Electric IPP Settlement reflects a fair resolution of the IPPs' claims.  Although notice has not yet been provided to the class, none of the objectors in the prior appeals, and certainly not FRS, has come forward to object to the fairness of the Mitsubishi Electric deal.

Third, while Mitsubishi Electric agrees it makes sense to allow time for the mediation proceedings to run their course before resolving the motion for preliminary approval of the Mitsubishi Electric IPP Settlement, the two settlements are independent, and the Court need not delay indefinitely while the Prior IPP Settlements remain on appeal.  Even if the distribution plan in the Mitsubishi Electric IPP Settlement may need to be modified depending upon proceedings in the other case, the court-approved notice in the Mitsubishi Electric IPP Settlement can advise class members of the proposed distribution plan and further advise them that the distribution plan may be adjusted depending upon resolution of the other case.[3]  If the Court pursues this option, any class member may weigh in as to the appropriate means of distribution as part of the overall settlement approval process.   In no event, however, should the Mitsubishi Electric IPP Settlement be used a means to inject FRS into the Ninth Circuit proceeding.

---

[3] To reduce the amount of the settlement consideration consumed by notice in administration, Mitsubishi Electric requests that the Class be advised that any later notices regarding the distribution plan will be provided on the dedicated website, rather than by re-noticing the Class.

1    While FRS continues to have issues with the Prior IPP Settlements, those issues are not with the

2    Mitsubishi Electric IPP Settlement.  Deciding whether to allow FRS's late claims in the Prior IPP

3    Settlements does not bear on the fairness of the Mitsubishi Electric IPP Settlement.  Nothing in the Ninth

4    Circuit mediation requires, or would be benefitted by, the presence of Mitsubishi Electric.

5                                                    *    *    *    *

6    If there were a basis for FRS to participate in the Ninth Circuit mediation to raise its concerns

7    about the treatment of its claims *in that case*, FRS would be free to pursue that issue with the Ninth

8    Circuit.  But FRS is not a party to that appeal, or to that mediation.  At this point, given the procedural

9    and substantive differences between the settlements and the fact that resolving the issues in the Prior IPP

10   Settlements will have no bearing on the fairness of the Mitsubishi Electric IPP Settlement, Mitsubishi

11   Electric requests the Court to deny FRS's request that the parties to the pending Mitsubishi Electric IPP

12   Settlement be ordered to mediation.  Mitsubishi Electric also seeks the Court's aid in ensuring that

13   further Mitsubishi Electric resources devoted to approval of the Mitsubishi Electric IPP Settlement be

14   limited to matters concerning that settlement and not the Prior IPP Settlements.[4]

15   Should any issues arise for possible mediation regarding the Mitsubishi Electric IPP Settlement,

16   Mitsubishi Electric invites the Court to refer such issues to Magistrate Judge Corley.  The IPPs and

17   Mitsubishi Electric were able to reach a settlement through the assistance of Judge Corley.  Should

18   Mitsubishi Electric and the IPPs require additional mediation, such proceedings would best be conducted

19   before Judge Corley.

20

21

22

23

24

25   _____

[4] *See, e.g.*, *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 964 (9th Cir. 2009) (noting, in affirming
26   district court's approval of antitrust settlement, that "'it is the very . . . avoidance of wasteful and
expensive litigation that induce[s] consensual settlements'") (quoting *Officers for Justice v. Civil Serv.*
27   *Comm'n of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)).

28
                                                              6

Dated:  May 21, 2018

JENNER & BLOCK LLP

By:   /s/ Terrence J. Truax
JENNER & BLOCK LLP
Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
ttruax@jenner.com
mbrody@jenner.com
gfuentes@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

*Attorneys for Defendant Mitsubishi Electric
Corporation*

RESPONSE OF MITSUBISHI ELECTRIC CORPORATION TO LETTER OF
FINANCIAL RECOVERY SERVICES
Case No. 17-cv-04067-JST; Master File No. 07-cv-05944-JST