# *Trump Alioto Trump & Prescott*

ATTORNEYS LLP
2280 Union Street
San Francisco, California 94123
(415) 563-7200
FAX (415) 346-0679

May 21, 2018

Honorable Jon S. Tigar
United States District Court
Northern District of California
Courtroom 9, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**Re:** *In re Cathode Ray Tube (CRT) Antitrust Litigation*, **MDL No. 1917, 07-cv-05944-JST**
**Response to Letter from Financial Recovery Services, ECF No. 5286**

Dear Judge Tigar:

Pursuant to the Court's Order Regarding Letter From Financial Recovery Strategies (ECF No. 5287), the Indirect Purchaser Plaintiffs ("IPPs") write to respond to the letter from Financial Recovery Services ("FRS") (ECF No. 5286) requesting that the Court order mediation of late claims issues that have arisen in connection with the Prior Settlements.[1]

As explained below, IPPs oppose inclusion of FRS and the issue of late claims in the Prior Settlements in any mediation in the Ninth Circuit. However, IPPs do not object to, and are willing to participate on behalf of the Class in a separate, contemporaneous mediation regarding the late claims issues that would involve FRS and other large claimant representatives, including Spectrum Settlement Recovery, LLC, which has submitted its views on this issue (*see* ECF Nos. 5256, 5289).

FRS is not a party to the appeals currently pending in the Ninth Circuit relating to final approval of the Prior Settlements and the fee award to IPP Counsel. Nor is the question of whether late claims should be accepted in connection with the Prior Settlements at issue in those appeals. In addition, the Ninth Circuit has ordered mediation only with respect to parties to the appeals. ECF No. 5283. As such, there is no legal basis to include FRS in that process. Further, given the peripheral nature of the late claims issues, it makes no practical sense for FRS to

---

[1] For the reasons set forth in their Reply to FRS's Objection to the Proposed Plan of Distribution in the Mitsubishi Electric Settlement (ECF No. 5255), IPPs do not believe that FRS's late claims issues pertain to the proposed Mitsubishi Electric settlement, but rather, relate to the plan of distribution in the Prior Settlements, as defined in that submission. *See* ECF No. 5255 at 1 n.4. IPPs understand that Mitsubishi Electric is of the view that it need not participate in any mediation of the late claims issues related to the Prior Settlements. IPPs agree with that position.

Hon. Jon S. Tigar
May 21, 2018
Page **2** of **2**

participate in that mediation process—a process that may ultimately involve IPPs, four groups of objectors, and seven groups of Defendants. Raising the late claims issues in the context of this multiparty mediation effort will only complicate the process and distract the resolution-related efforts of the parties to the appeals.

Nevertheless, given that it may take time to fully analyze the facts and circumstances surrounding the Prior Settlements' late claims issues and their possible effects on class member claims, IPP Counsel would support a simultaneous, separate mediation process dealing with late claims issues. The mediation process could uncover potential compromise solutions that balance the rights of all claimants, both timely and late filers. Ultimately, any resolution would result in IPPs presenting a recommendation to the Court for court approval. Counsel for Spectrum, as well as Crowell & Moring, who also represent clients whose claims may be significantly impacted by any decision on late claims, have indicated a willingness to participate in mediation. *See* ECF Nos. 5289 at 3, and 5292.

Given his experience serving as a Special Master in this case, IPP Counsel also agree with the request that Judge Vaughn R. Walker (Ret.) serve as a mediator to help guide the participants to a reasonable resolution. IPPs request that the Court order Judge Walker's expenses be paid in equal shares by the parties to the mediation (FRS, Spectrum, Crowell & Moring, and the IPP Class). IPP Counsel would respectfully request that the Class's share of Judge Walker's expenses be reimbursable as settlement administration expenses, subject to Court approval.

Respectfully submitted,

*/s/ Mario N. Alioto*
Mario N. Alioto

cc. All Counsel (*via* ECF)