*Trump Alioto Trump & Prescott*
ATTORNEYS LLP
2280 Union Street
San Francisco, California 94123
(415) 563-7200
FAX (415) 346-0679

May 29, 2018

**VIA ECF**

Honorable Jon S. Tigar
United States District Court
Northern District of California
Courtroom 9, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *In Re: Cathode Ray Tubes (CRT) Antitrust Litigation,* MDL 1917/
      **Proposed Schedule For Discovery and Briefing on Irico's FSIA Motion**

Dear Judge Tigar:

Indirect Purchaser Plaintiffs ("IPPs") submit this letter and a proposed order to address a dispute with Defendants Irico Display Devices Co., Ltd. and Irico Group Corporation ("Irico") regarding the timing of Irico's jurisdictional motion in the IPP Action and coordination with the Direct Purchaser Plaintiffs ("DPPs") regarding the motion and related discovery.

IPPs proposed to Irico that discovery and briefing on its jurisdictional motion in the IPP Action follow the same schedule agreed to by Irico, and ordered by the Court, on May 1, 2018 (ECF No. 5282) ("Scheduling Order") in the DPP Action. Irico refused, insisting that IPPs agree to postpone indefinitely Irico's jurisdictional motion in the IPP Action, or be bound by the DPPs' jurisdictional discovery efforts and arguments presented in opposition to Irico's motion.

After extensive meet and confers, the parties were unable to reach a resolution. Irico rejected IPPs' request to brief the dispute by a joint letter brief, asserting that this dispute must be raised by motion. While IPPs will file a motion if that is the Court's preference, IPPs believe this matter is in the nature of a discovery dispute which, according to Your Honor's Standing Order, Section H, should be submitted by joint letter brief. Therefore, IPPs respectfully request that the Court order Irico to submit a letter brief of the same length with a competing proposed order, and that the Court enter one of the proposed orders.

### Factual Background and Procedural History

On February 1, 2018, the Court granted Irico's motion to set aside the default in the DPP Action and granted the DPPs permission to undertake jurisdictional discovery.

ECF No. 5240 at 20. In light of this order, on March 15, 2018, IPPs provided Irico counsel with copies of jurisdictional discovery they intended to pursue from Irico (*see* Ex. 1 (C. Micheletti 3/15/18 email to J. Taladay)), and formally served that discovery on Irico on March 27, 2018. ECF No. 5271 at 2. DPPs served their jurisdictional discovery on Irico only 10 days prior, on March 5, 2018. ECF No. 5272-2 at 12. On April 6, 2018, the Court vacated the entry of default as to Irico in the IPP Action, reopening the IPP case for jurisdictional discovery. ECF No. 5271. Irico served their responses to IPPs' discovery requests on May 25, 2018.

On April 24, 2018, the Court heard a motion to compel filed by the DPPs and held a case management conference in the DPP Action. ECF No. 5275. The Court ordered the DPPs and Irico to submit a joint proposed order or competing proposed orders on the schedule for discovery and briefing of Irico's jurisdictional motion by May 1, 2018. *Id.* On April 26 and 28, 2018, IPPs contacted Irico's counsel about coordinating the scheduling of jurisdictional motions in the IPP and DPP Actions.[1] Irico's counsel did not respond. On April 30, 2018, IPPs sent Irico a proposed stipulation that mirrored the schedule to be submitted in the DPP Action. *See* Ex. 2 at 7 and 4/30/18 Draft Stipulation. Irico's counsel did not respond until a day after the Court entered the Scheduling Order, advising that Irico would not agree to the DPP schedule for the IPP Action because the IPPs did not "contribute to the Joint CMC Statement or appear at the CMC" in the DPP Action, and because "it appears that IPPs do not intend to coordinate with the DPPs, but will instead pursue their own discovery and file their own opposition to Irico's motion." Ex. 2 at 6.

From May 4, 2018 until May 24, 2018, IPPs met and conferred with Irico. *See* Ex. 2. Irico claimed that it negotiated the DPP schedule without considering the discovery or additional briefing it may face in litigating the same motion in the IPP Action, that it would need more time if the IPPs were involved, and that the motion in the IPP Action must therefore be delayed indefinitely. Ex. 2 at 2-3. Irico has never proposed an alternative schedule for the IPP Action, and believes they do not need to file a jurisdictional motion in the IPP Action until the Court sets a schedule therein. Ex. 2 at 2.

While disagreeing with Irico's positions, IPPs offered to withdraw almost all of their written discovery requests and rely on the DPPs' currently-pending requests, and to coordinate with the DPPs on all future discovery, including propounding joint written discovery requests. *See* Ex. 2 at 2. IPPs noted, however, that they must reserve the right to propound IPP-specific requests within the joint discovery requests. *Id*. With regard to briefing the motion, the DPPs were unwilling to commit to a single, joint opposition brief without seeing Irico's motion. And IPPs, given their fiduciary obligations to the IPP class, had to reserve their right to brief IPP-specific issues separately. Nevertheless, IPPs

---

[1] *See* Ex. 2 at 7-9. Exhibit 2 is a compilation of meet and confer communications comprising an April 26, 2018 – May 24, 2018 email string; the Proposed Stipulation attached to C. Micheletti's April 30, 2018 email; the L. Capurro May 9, 2018 letter attached to L. Capurro email of same date; and the S. Plunkett May 10, 2018 letter attached to S. Plunkett email of same date.

offered to work with the DPPs to file a single, joint opposition to Irico's motion on overlapping issues and, if page limits are not an issue, to brief any IPP issues within the single, joint opposition. *See id*. Irico rejected this proposal.

## Argument

For multiple reasons, the Court should align the jurisdictional motion and discovery schedule in the IPP Action with that entered in the DPP Action. Irico's arguments to the contrary lack merit.

First, Irico has had IPPs' discovery requests since March 15, 2018, and knew that it would be responding thereto when the court vacated the entry of default in the IPP Action on April 6, 2018. While Irico complains that IPPs did not participate in the DPP Action CMC, that does not negate the fact that IPPs had re-opened their case, and had served and were pursuing their jurisdictional discovery when Irico agreed to the DPP schedule. Moreover, IPPs informed Irico immediately after the CMC and several days *prior* to filing of the stipulated schedule in the DPP Action that IPPs wanted to be included in the stipulated schedule. Thus, any claim that Irico believed IPPs were not going to pursue their case against Irico at the time it agreed to the schedule is unfounded.

Second, Irico's claim that IPPs' involvement in the jurisdictional discovery and motion practice will require a lot of additional work is without merit. The vast majority of the IPP and DPP discovery requests regarding Irico's formation and ownership, its foreign state status, and the impact of its commercial activity on the U.S. market address the same jurisdictional issues under the Foreign Sovereign Immunity Act ("FSIA"). Indeed, Irico's responses to IPPs' discovery requests merely refer IPPs to Irico's responses to the DPPs' requests.[2] Given this substantial overlap, Irico's claim that they cannot address narrowly-tailored IPP discovery within the current schedule is unsubstantiated, and contrary to Irico's position in its discovery responses. There will also be substantial overlap in briefing the motion itself, and IPPs are willing to jointly brief common issues with the DPPs.

Third, in a good faith effort to compromise, the IPPs agreed to withdraw IPP discovery requests addressing overlapping issues, and to coordinate closely with the DPPs on all future discovery. The DPPs do not object to the proposed coordination, and IPPs are participating in the DPPs' meet and confers with Irico. However, there are certain IPP discovery requests that seek information DPPs do not currently seek, including, for example, Irico's indirect sales to the U.S. via customers that bought Irico CRTs abroad for incorporation into U.S.-bound finished products.[3] This information is highly relevant to the commercial activity exception under the FSIA. IPPs must therefore pursue these requests to fulfill their fiduciary duty to the IPP classes, and could not agree (as Irico demanded) to be bound by the DPP requests to the extent further discovery in the DPP case does not fully address IPP-specific issues.

---

[2] *See* Ex. 3 (Irico's responses to IPPs' interrogatories and RFPs).

[3] *See, e.g.,* Ex. 3, Interrogatory No. 18.

Irico claims that it will be unable to address these additional IPP requests within the current schedule. But Irico has been aware of these IPP requests since mid-March, long before it agreed to the schedule, and the Court has stated that the parties may request additional time for discovery or briefing if it becomes necessary. Irico could also have addressed its concerns regarding the additional work that IPPs' involvement may require by including IPPs in the negotiation of the schedule. Instead, it chose to ignore IPPs' overtures in what could be viewed as an effort to delay and prejudice IPPs. The Court should not reward Irico for this gamesmanship.

Finally, implementing a separate track on discovery and motion practice in the IPP Action will be duplicative and inefficient. Separate negotiation of overlapping requests makes no sense, and given the Court's prior discovery orders, depositions must be coordinated. *See* ECF No. 1128, Section III. B. Moreover, DPPs and IPPs have coordinated on motions and discovery to maximize efficiencies for the Court and parties for the past 10 years. Irico's tardy re-entry to the case should not change this approach, particularly where Irico had IPPs' jurisdictional discovery only ten days after receiving DPPs' jurisdictional requests, and there is substantial overlap on the anticipated FSIA motions in each case.

In short, Irico's claim that it would not have agreed to the schedule entered in the DPP Action had they known IPPs would be involved is contradicted by the record, and its concern that IPPs' involvement will cause a lot of additional work is overblown. It is in the interests of all parties and the Court that discovery and briefing regarding Irico's FSIA motion proceed efficiently on the same schedule in the IPP and DPP Actions. Therefore, the IPPs respectfully request that the Court enter the attached Proposed Order setting jurisdictional discovery and briefing schedule in the IPP Action.

                Respectfully submitted,

                /s/ Mario N. Alioto
                Mario N. Alioto
                Lead Counsel for the Indirect Purchaser Plaintiffs