# EXHIBIT 1

**Christopher T. Micheletti**

| | |
|---|---|
| **From:** | Christopher T. Micheletti |
| **Sent:** | Thursday, March 15, 2018 12:36 PM |
| **To:** | john.taladay@bakerbotts.com; erik.koons@bakerbotts.com |
| **Cc:** | MAlioto@TATP.com |
| **Subject:** | RE: Irico |
| **Attachments:** | CRT_IPP_First_Set_Interrogatories_to_IRICO.pdf; CRT_IPP_First_Set_RFPs_to_IRICO.pdf |

John,

Further to our discussions over the past few weeks, attached hereto please find written discovery (RFPs, Interrogatories) we intend to serve on the Irico defendants.  We would like to have a discussion with you and/or Erik before doing so.  Are you and/or Erik available for a call Monday (3/19) afternoon to discuss?  If so, let us know a good time.  If Monday does not work, let us know some other days/times next week.

Thanks.

Chris


**Christopher Micheletti**
Attorney at Law
cmicheletti@zelle.com

**ZELLE** LLP
44  Montgomery Street, Suite 3400
San Francisco, CA 94104-4807
D (415) 633-1912
F  (415) 693-0770
vCard | Bio | Website

Boston | Dallas | London | Miami | Minneapolis
New York | Philadelphia | San Francisco | Washington, DC

The information herein is confidential and may be attorney-client privileged and/or contain attorney work product.  If you are not an intended recipient, any disclosure, copying, retention or use of any information contained herein is prohibited.  If you have received this message in error, please delete it and notify the sender immediately.

**From:** john.taladay@bakerbotts.com [mailto:john.taladay@bakerbotts.com]
**Sent:** Wednesday, February 21, 2018 10:38 PM
**To:** MAlioto@TATP.com
**Cc:** Christopher T. Micheletti <CMicheletti@zelle.com>; erik.koons@bakerbotts.com
**Subject:** RE: Irico

**-=EXTERNAL EMAIL=-**

That should work.  Please call my office.  202-639-7909

Thanks

**From:** Mario Alioto [mailto:MAlioto@TATP.com]
**Sent:** Wednesday, February 21, 2018 6:10 PM
**To:** Taladay, John
**Cc:** CMICHELETTI@zelle.com; Koons, Erik
**Subject:** RE: Irico

How about Friday at 4 pm EST/1 pm PST.

Mario N. Alioto
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone:415 447-1650
Facsimile:415 346-0679

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by e-mail and delete the message and any attachments.

**From:** john.taladay@bakerbotts.com [mailto:john.taladay@bakerbotts.com]
**Sent:** Tuesday, February 20, 2018 8:58 PM
**To:** MAlioto@TATP.com
**Cc:** CMICHELETTI@zelle.com; erik.koons@bakerbotts.com
**Subject:** RE: Irico

Mario,
I'm traveling for work through Thursday night.  Back Friday and could talk Friday afternoon.
Thanks.
John

**From:** Mario Alioto [mailto:MAlioto@TATP.com]
**Sent:** Tuesday, February 20, 2018 8:43 PM
**To:** Taladay, John
**Cc:** Chris Micheletti
**Subject:** Irico

John, is there some time tomorrow or Thursday when you could be available for a short conference call with us.  Let me know and we will call you.  Thanks.

Mario N. Alioto
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone:415 447-1650
Facsimile:415 346-0679

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by e-mail and delete the message and any attachments.

**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

# EXHIBIT 2

**Christopher T. Micheletti**

| | |
|---|---|
| **From:** | stuart.plunkett@bakerbotts.com |
| **Sent:** | Thursday, May 24, 2018 10:53 AM |
| **To:** | LaurenRussell@TATP.com |
| **Cc:** | Christopher T. Micheletti; john.taladay@bakerbotts.com; erik.koons@bakerbotts.com; Tom.Carter@BakerBotts.com; malioto@tatp.com; Qianwei Fu |
| **Subject:** | RE: CRTs - Irico |

**-=EXTERNAL EMAIL=-**

Lauren,

This issue would need to be raised by motion.

Regards,

Stuart

**Stuart C. Plunkett**
Partner, San Francisco Office
stuart.plunkett@bakerbotts.com
T +1.415.291.6203
C +1.415.608.8165

---

**From:** Lauren Capurro (Russell) <LaurenRussell@TATP.com>
**Sent:** Wednesday, May 23, 2018 5:15 PM
**To:** Plunkett, Stuart <stuart.plunkett@bakerbotts.com>
**Cc:** CMicheletti@zelle.com; Taladay, John <john.taladay@bakerbotts.com>; Koons, Erik <erik.koons@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; malioto@tatp.com; QFu@zelle.com
**Subject:** RE: CRTs - Irico

Stuart,

Thank you for your response. It seems we'll need to have Judge Tigar decide this issue. We propose that we submit a joint letter brief this Friday with alternative proposed orders on scheduling and Tigar can pick one. We can exchange drafts of our sections around noon on Friday & file the letter/proposed orders at around 5pm Friday. Please let me know if this will work for you. Thanks.

Lauren

Lauren C. Capurro (Russell)
Attorney at Law
Trump, Alioto, Trump & Prescott, LLP
2280 Union Street
San Francisco, CA 94123
Tel: (415) 563-7200
Direct line: (415) 447-1496
Cell: (415) 860-5051

Fax: (415) 346-0679
E-mail: laurenrussell@tatp.com

This message is sent by a law firm and may contain information that is privileged or confidential.  If you received this transmission in error, please notify the sender by email and delete the message and any attachments.

**From:** stuart.plunkett@bakerbotts.com [mailto:stuart.plunkett@bakerbotts.com]
**Sent:** Wednesday, May 23, 2018 4:42 PM
**To:** LaurenRussell@TATP.com
**Cc:** CMicheletti@zelle.com; john.taladay@bakerbotts.com; erik.koons@bakerbotts.com; Tom.Carter@BakerBotts.com; malioto@tatp.com; QFu@zelle.com
**Subject:** RE: CRTs - Irico

Lauren,

Your response indicates that IPPs may file their own opposition to Irico's jurisdictional motion and that IPPs may also pursue discovery beyond what DPPs seek.  Under these circumstances, we cannot agree that the schedule set by the Court for the DPPs should also apply to the IPPs.  We would certainly need more time for discovery and briefing if the IPPs participate and add additional discovery and briefing that Irico must respond to.   Also, until the Court sets a schedule for the IPPs, we do not agree that we need to file our jurisdictional motion in the IPP case.  We currently do not intend to do so unless the Court issues an order setting a schedule for the IPPs.

Regards,

Stuart

**Stuart C. Plunkett**
Partner, San Francisco Office
stuart.plunkett@bakerbotts.com
T +1.415.291.6203
C +1.415.608.8165

**From:** Lauren Capurro (Russell) <LaurenRussell@TATP.com>
**Sent:** Monday, May 21, 2018 4:27 PM
**To:** Plunkett, Stuart <stuart.plunkett@bakerbotts.com>
**Cc:** CMicheletti@zelle.com; Taladay, John <john.taladay@bakerbotts.com>; Koons, Erik <erik.koons@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; malioto@tatp.com; QFu@zelle.com
**Subject:** RE: CRTs - Irico

Stuart:

IPPs will agree that Irico need not respond to the currently-pending IPP discovery requests, except for RFP Nos. 11 and 18, and Interrogatory Nos. 16, 17, and 18. IPPs will coordinate with the DPPs on all future discovery as required by the discovery coordination order, including propounding joint written discovery requests. IPPs believe, however, that IPP-specific issues may arise and may require IPPs to propound IPP-specific requests within those joint discovery requests. Therefore, IPPs must reserve the right to propound those IPP-specific requests. In addition, IPPs will not agree to be limited to the number of interrogatories that DPPs are entitled to under FRCP 33.

With regard to briefing your motion (which we assume you would be filing in both the DPP and IPP cases?), IPPs have conferred with the DPPs and they are unwilling to commit to a single, joint opposition brief without seeing your motion. In any event, any joint opposition could only pertain to overlapping issues. To the extent there are IPP-specific issues

raised by your motion, IPPs must reserve the right to brief those separately. At this stage, and given the DPPs' position, all we can do is agree to work with the DPPs to file a single, joint opposition to Irico's jurisdictional motion regarding overlapping issues and, if page limits are not an issue, we will brief any IPP-specific issues within the single, joint opposition.

Please let us know if this is acceptable to Irico. Thank you.

Lauren

Lauren C. Capurro (Russell)
Attorney at Law
Trump, Alioto, Trump & Prescott, LLP
2280 Union Street
San Francisco, CA 94123
Tel: (415) 563-7200
Direct line: (415) 447-1496
Cell: (415) 860-5051
Fax: (415) 346-0679
E-mail: laurenrussell@tatp.com

This message is sent by a law firm and may contain information that is privileged or confidential.  If you received this transmission in error, please notify the sender by email and delete the message and any attachments.

---

**From:** stuart.plunkett@bakerbotts.com [mailto:stuart.plunkett@bakerbotts.com]
**Sent:** Sunday, May 13, 2018 11:10 PM
**To:** LaurenRussell@TATP.com
**Cc:** CMicheletti@zelle.com; john.taladay@bakerbotts.com; erik.koons@bakerbotts.com; Tom.Carter@BakerBotts.com; malioto@tatp.com; QFu@zelle.com
**Subject:** RE: CRTs - Irico

Lauren,

We would agree to stipulate to the current schedule if you confirm that coordinating with the DPPs means that IPPs and DPPs will file a single, joint opposition to Irico's jurisdictional motion and IPPs will not seek discovery in addition to what DPPs seek.  If you want to discuss this, please let me know.  We are available Monday for a call.

Regards,

Stuart

**Stuart C. Plunkett**
Partner, San Francisco Office
stuart.plunkett@bakerbotts.com
T +1.415.291.6203
C +1.415.608.8165

---

**From:** Lauren Capurro <LaurenRussell@TATP.com>
**Sent:** Saturday, May 12, 2018 10:54 AM
**To:** Plunkett, Stuart <stuart.plunkett@bakerbotts.com>
**Cc:** CMicheletti@zelle.com; Taladay, John <john.taladay@bakerbotts.com>; Koons, Erik <erik.koons@bakerbotts.com>;

Carter, Tom <Tom.Carter@BakerBotts.com>; malioto@tatp.com; QFu@zelle.com
**Subject:** Re: CRTs - Irico

Stuart,

Thank you for your letter. Since we appear to be at an impasse, we propose that we submit a joint letter brief on Tuesday with alternative proposed orders on scheduling and Tigar can pick one. We can exchange drafts of our sections around noon on Tuesday & file the letter/proposed orders at around 5pm Tuesday.

Please let us know your thoughts. Thank you.

Lauren

Sent from my iPhone

On May 10, 2018, at 4:58 PM, <stuart.plunkett@bakerbotts.com> <stuart.plunkett@bakerbotts.com> wrote:

> Please see attached correspondence.
>
> **Stuart C. Plunkett**
> Partner, San Francisco Office
> stuart.plunkett@bakerbotts.com
> T +1.415.291.6203
> C +1.415.608.8165

---

**From:** Lauren Capurro (Russell) <LaurenRussell@TATP.com>
**Sent:** Wednesday, May 9, 2018 1:24 PM
**To:** Plunkett, Stuart <stuart.plunkett@bakerbotts.com>; CMicheletti@zelle.com; Taladay, John <john.taladay@bakerbotts.com>; Koons, Erik <erik.koons@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>
**Cc:** malioto@tatp.com
**Subject:** RE: CRTs - Irico

Stuart:

Please see the attached letter.

Best,

Lauren

Lauren C. Capurro (Russell)
Attorney at Law
Trump, Alioto, Trump & Prescott, LLP
2280 Union Street
San Francisco, CA 94123
Tel: (415) 563-7200
Direct line: (415) 447-1496
Cell: (415) 860-5051
Fax: (415) 346-0679

E-mail: laurenrussell@tatp.com

This message is sent by a law firm and may contain information that is privileged or confidential.  If you received this transmission in error, please notify the sender by email and delete the message and any attachments.

---

**From:** stuart.plunkett@bakerbotts.com [mailto:stuart.plunkett@bakerbotts.com]
**Sent:** Thursday, May 03, 2018 10:36 AM
**To:** CMicheletti@zelle.com; john.taladay@bakerbotts.com; erik.koons@bakerbotts.com; Tom.Carter@BakerBotts.com
**Cc:** laurenrussell@tatp.com; malioto@tatp.com
**Subject:** RE: CRTs - Irico

Friday at 2 p.m. works for us.  I will circulate an invite.  Thanks.

**Stuart C. Plunkett**
Partner, San Francisco Office
stuart.plunkett@bakerbotts.com
T +1.415.291.6203
C +1.415.608.8165

---

**From:** Christopher T. Micheletti <CMicheletti@zelle.com>
**Sent:** Wednesday, May 2, 2018 5:12 PM
**To:** Plunkett, Stuart <stuart.plunkett@bakerbotts.com>; Taladay, John <john.taladay@bakerbotts.com>; Koons, Erik <erik.koons@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>
**Cc:** laurenrussell@tatp.com; malioto@tatp.com
**Subject:** RE: CRTs - Irico

Yes, we would like to meet and confer.

We would like to discuss your position on the stipulation we proposed, the grounds therefor, Irico's proposal (if any) with regard the schedule for its jurisdictional motion in the IPP case, and discovery in the IPP and DPP cases.

We are available tomorrow from 9 am or so until 330 pm pacific, and Friday from 10-11 pacific or at 2 pm pacific, with a preference for the morning on Friday.  Please let us know what times work for you.  Thanks.

---

**From:** stuart.plunkett@bakerbotts.com [mailto:stuart.plunkett@bakerbotts.com]
**Sent:** Wednesday, May 2, 2018 3:34 PM
**To:** Christopher T. Micheletti <CMicheletti@zelle.com>; john.taladay@bakerbotts.com; erik.koons@bakerbotts.com; Tom.Carter@BakerBotts.com
**Cc:** laurenrussell@tatp.com; malioto@tatp.com
**Subject:** RE: CRTs - Irico

**-=EXTERNAL EMAIL=-**

Chris – I'm not available at 4:00 today, but more importantly, if you're proposing a meet and confer, I suspect folks on our team in DC might want to participate.  Can you let us know what you have in mind and then we can schedule a call that works for everyone?  Thanks.  Stuart

**Stuart C. Plunkett**

Partner, San Francisco Office
stuart.plunkett@bakerbotts.com
T +1.415.291.6203
C +1.415.608.8165

---

**From:** Christopher T. Micheletti <CMicheletti@zelle.com>
**Sent:** Wednesday, May 2, 2018 3:27 PM
**To:** Plunkett, Stuart <stuart.plunkett@bakerbotts.com>; Taladay, John <john.taladay@bakerbotts.com>;
Koons, Erik <erik.koons@bakerbotts.com>
**Cc:** laurenrussell@tatp.com; malioto@tatp.com
**Subject:** RE: CRTs - Irico

Stuart, are you available to talk at 4 pm?  Chris

---

**From:** stuart.plunkett@bakerbotts.com [mailto:stuart.plunkett@bakerbotts.com]
**Sent:** Wednesday, May 2, 2018 2:18 PM
**To:** Christopher T. Micheletti <CMicheletti@zelle.com>; john.taladay@bakerbotts.com;
erik.koons@bakerbotts.com
**Cc:** laurenrussell@tatp.com; malioto@tatp.com
**Subject:** RE: CRTs - Irico

**-=EXTERNAL EMAIL=-**

Chris,

We do not agree to the stipulation.  IPPs chose not to contribute to the Joint CMC Statement or to
appear at the CMC.  As a result, Irico negotiated the schedule the Court entered only with the
DPPs.  Furthermore, it appears that IPPs do not intend to coordinate with the DPPs, but will instead
pursue their own discovery and file their own opposition to Irico's motion.  For those reasons, we
cannot agree to the schedule set forth in the stipulation.

Regards,

Stuart

**Stuart C. Plunkett**
Partner, San Francisco Office
stuart.plunkett@bakerbotts.com
T +1.415.291.6203
C +1.415.608.8165

---

**From:** Christopher T. Micheletti <CMicheletti@zelle.com>
**Sent:** Wednesday, May 2, 2018 12:38 PM
**To:** Plunkett, Stuart <stuart.plunkett@bakerbotts.com>; Taladay, John <john.taladay@bakerbotts.com>;
Koons, Erik <erik.koons@bakerbotts.com>
**Cc:** laurenrussell@tatp.com; malioto@tatp.com
**Subject:** RE: CRTs - Irico

Stuart,

Following-up on our email and proposed stipulation below, please let us know the status.

We would like to get the stipulation on file this week.  Thanks.

Chris

---

**From:** Christopher T. Micheletti
**Sent:** Monday, April 30, 2018 2:04 PM
**To:** stuart.plunkett@bakerbotts.com; john.taladay@bakerbotts.com; 'erik.koons@bakerbotts.com' <erik.koons@bakerbotts.com>
**Cc:** laurenrussell@tatp.com; malioto@tatp.com
**Subject:** Re: CRTs - Irico

Stuart, further to our call today, please find attached a proposed stipulation regarding jurisdictional discovery and related motion practice for the IP case.   Please let us know if this is acceptable.  Thanks.  Chris

---

**From:** Christopher T. Micheletti
**Sent:** Friday, April 27, 2018 4:47 PM
**To:** stuart.plunkett@bakerbotts.com; john.taladay@bakerbotts.com; 'erik.koons@bakerbotts.com'
**Cc:** laurenrussell@tatp.com; malioto@tatp.com
**Subject:** RE: CRTs - Irico

Stuart,

I have not heard from you, so I assume today was not a good day for you or John or Eric to talk.

We understand that you are conferring with the DPPs regarding submission of a stipulation regarding briefing and discovery related to Irico's anticipated motion to dismiss based on jurisdictional grounds.  We are assuming that Irico intends to contest jurisdiction in the IPP case as well.  If that is not correct, please advise.

IPPs would like to be included in any stipulation entered with the DPPs that will be filed on May 1, 2018 per Judge Tigar's order.  We see no reason for IPPs to be on a separate or later track, and believe it would be inefficient to go that route.  Given the Tuesday deadline for submission of a stipulation (or separate proposed orders), we would like to discuss this with you on Monday.

Please let us know your availability.

Chris

**Christopher Micheletti**
Attorney at Law
cmicheletti@zelle.com

**ZELLE** LLP

44  Montgomery Street, Suite 3400
San Francisco, CA 94104-4807
D (415) 633-1912
F  (415) 693-0770
vCard | Bio | Website

Boston | Dallas | London | Miami | Minneapolis
New York | Philadelphia | San Francisco | Washington, DC

The information herein is confidential and may be attorney-client privileged and/or contain attorney
work product.  If you are not an intended recipient, any disclosure, copying, retention or use of any
information contained herein is prohibited.  If you have received this message in error, please delete it
and notify the sender immediately.

---

**From:** Christopher T. Micheletti
**Sent:** Thursday, April 26, 2018 5:17 PM
**To:** 'stuart.plunkett@bakerbotts.com' <stuart.plunkett@bakerbotts.com>
**Cc:** laurenrussell@tatp.com; malioto@tatp.com; john.taladay@bakerbotts.com;
'erik.koons@bakerbotts.com' <erik.koons@bakerbotts.com>
**Subject:** CRTs - Irico

Stuart, are you available tomorrow for call to discuss scheduling and coordination in the above matter
with Lauren and I?

If so, do any of these times work?  9 am, 11 am, 12 pm?

Let us know.  Chris

**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

<Ltr.pdf>

John Taladay (*pro hac vice*)
john.taladay@bakerbotts.com
Erik Koons (*pro hac vice*)
erik.koons@bakerbotts.com
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone:  202.639.7700
Facsimile:   202.639.7890

Stuart C. Plunkett (State Bar No. 187971)
stuart.plunkett@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3070
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

[Additional Counsel Appear on Signature Page]

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Case No. 3:07-cv-05944-JST |
| | MDL No.: 1917 |
| THIS DOCUMENT RELATES TO: | **STIPULATION AND [PROPOSED] ORDER RE JURISDICTIONAL DISCOVERY, BRIEFING SCHEDULE, AND HEARING DATES** |
| *ALL INDIRECT PURCHASER ACTIONS* | |

Indirect Purchaser Plaintiffs ("IPPs") and Defendants Irico Display Devices Co., Ltd. and Irico Group Corporation (together, "Irico"), by and through undersigned counsel, hereby stipulate as follows:

WHEREAS, the clerk entered default as to Irico in both the Direct Purchaser ("DP") and Indirect Purchaser ("IP") Actions (ECF No. 4727, July 20, 2016; ECF No. 4729, July 22, 2016);

WHEREAS, on February 1, 2018, the Court granted Irico's motion to set aside default and denied the motion for entry of default judgment as moot in the DP Action (ECF No. 5240), and the Court ruled that "[t]he case against the Irico Defendants having now reopened, the [Direct Purchaser Plaintiffs] are free to undertake jurisdictional discovery" (*id*. at 20);

WHEREAS, IPPs served written jurisdictional discovery on Irico on March 27, 2018, and the parties have agreed that responses and objections shall be due on or before May 25, 2018;

WHEREAS, on April 6, 2018, upon stipulation of the parties, the Court vacated the entry of default as to Irico, and ordered that IPPs are free to undertake jurisdictional discovery (ECF No. 5271);

WHEREAS, on April 25, 2018, the Court denied the Direct Purchaser Plaintiffs ("DPPs") motion to compel Irico to respond to five discovery requests filed in 2010 and 2011 and directed the parties "to submit a jointly proposed schedule . . . for the completion of jurisdictional discovery and briefing" on a motion by Irico to resolve jurisdictional issues (ECF No. 5277);

WHEREAS, the IPPs and Irico have met and conferred regarding a proposed schedule for jurisdictional discovery, briefing, and hearing for such a motion by Irico in the IP Action;

IT IS HEREBY STIPULATED AND AGREED by and between counsel for Irico and IPPs, that:

1.  Irico's jurisdictional motion in the IP Action will proceed on the same schedule as its jurisdictional motion in the DP Action;

2.  Irico's opening motion regarding jurisdictional issues shall be due on or before July 18, 2018;

3.  Jurisdictional discovery shall close on October 3, 2018;

4.  IPPs' opposition to the motion shall be due on or before October 15, 2018;

5. Irico's reply in support of its motion shall be due on or before November 15, 2018; and

6. The hearing on the motion shall be set for December 6, 2018 at 2 pm, or at some other date and time convenient for the Court.

Dated:  May 29, 2018

/s/ Mario N. Alioto
_____
Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP &
PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
malioto&tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser
Plaintiffs*

/s/ Stuart C. Plunkett
_____
John Taladay (*pro hac vice*)
john.taladay@bakerbotts.com
Erik Koons (*pro hac vice*)
erik.koons@bakerbotts.com
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone:  202.639.7700
Facsimile:   202.639.7890

Stuart C. Plunkett (State Bar No. 187971)
stuart.plunkett@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3070
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Attorneys for Defendants Irico Group Corp. and
Irico Display Devices Co., Ltd.*

IT IS SO ORDERED.

DATED: _____

BY: _____
Hon. Jon S. Tigar
United States District Judge

*Trump Alioto Trump & Prescott*
ATTORNEYS LLP
2280 Union Street
San Francisco, California 94123
(415) 563-7200
FAX (415) 346-0679

May 9, 2018

**VIA ELECTRONIC MAIL**

Stuart Plunkett
BAKER BOTTS LLP
101 California Street Suite 3600
San Francisco, California 94111

**Re:**     ***In Re: Cathode Ray Tubes (CRT) Antitrust Litigation,*** **MDL 1917**

Dear Stuart:

We write to follow up on our May 3, 2018 call regarding the schedule for filing Irico's FSIA motion and discovery related thereto in the IPP case.

Prior to the call, we sent you a draft stipulation proposing that the parties agree to the same schedule as the DPP case. You rejected that proposal on the ground that you did not contemplate the IPPs would be participating in discovery or responding to the FSIA motion, and would not have agreed to the schedule entered in the DPP case if you had known the IPPs would be involved. You proposed that IPPs essentially stay their case against Irico and agree to be bound by the result of Irico's FSIA motion against the DPPs.

We explained that it would be a breach of our fiduciary duty to the IPP class to allow counsel for another class to represent their interests. We pointed out that you were in fact aware that IPPs would be participating in discovery since we recently stipulated to set aside the default against Irico, and served discovery requests on Irico over a month before you agreed to the schedule with the DPPs, and responses to those requests are due on or before May 25, 2018. Moreover, we contacted you right after the CMC and several days before you entered into the stipulation with the DPPs, and told you that IPPs wanted to be included in the stipulation or at least be on the same schedule. Thus, it was unreasonable for you to believe IPPs would not be involved in discovery relating to the FSIA motion.

We also noted that discovery in the IPP and DPP cases will likely overlap substantially, although it is difficult for us to know at this stage how much since we haven't seen Irico's FSIA motion. Nevertheless, we stated that we would coordinate with the DPPs on discovery (as we have done throughout this case in the discovery relating to all other defendants), and the FSIA motion to avoid duplication. You stated that you would need additional assurances regarding IPPs' coordination with the DPPs before you could agree to the same schedule. We agreed to speak to the DPPs and get back to you.

Stuart Plunkett
May 9, 2018
Page 2 of 2

     We have now spoken to counsel for the DPPs and can confirm that we are coordinating on discovery, and will continue to do so, as required by the Order Re Discovery and Case Management Protocol, ECF No. 1128. We will also coordinate on briefing the FSIA motion. In light of this, we believe that the schedule agreed to by Irico and the DPPs provides more than enough time for all parties to address any discovery issues that arise and brief the FSIA motion. If this changes, we can address it then.

     Please let us know if you will agree to the stipulation that we have proposed by COB tomorrow. Thank you.


        /s/ Lauren C. Capurro
        Lauren C. Capurro
        Lead Counsel for the Indirect Purchaser Plaintiffs

**BAKER BOTTS** LLP

101 CALIFORNIA ST.
SUITE 3600
SAN FRANCISCO, CALIFORNIA
94111

TEL  +1.415.291.6200
FAX +1.415.291.6300
BakerBotts.com

AUSTIN
BEIJING
BRUSSELS
DALLAS
DUBAI
HONG KONG
HOUSTON

LONDON
MOSCOW
NEW YORK
PALO ALTO
RIYADH
**SAN FRANCISCO**
WASHINGTON

Stuart C. Plunkett
TEL: 415.291.6203
FAX: 415.291.6303
stuart.plunkett@bakerbotts.com

May 10, 2018

*Via E-Mail (laurenrussell@tatp.com)*

Lauren C. Capurro
Trump Alioto Trump & Prescott
2280 Union Street
San Francisco, CA  94123

Re:     In re: Cathode Ray Tubes (CRT) Antitrust Litigation -
        Master File No. 3:07-cv05944-SC; MDL No. 1917

Ms. Capurro:

This responds to your letter of May 9, 2018.  As I understand your letter, you are asking Irico to sign the same stipulation that we discussed on our May 3, 2018 call.  That stipulation would join IPPs in the same schedule that Irico worked out with the DPPs for jurisdictional discovery and briefing.  Your letter, however, does not answer any of the questions we discussed on our call.

I note preliminarily that you gloss over IPP's decision to skip the April 24 Case Management Conference, and you assume without any basis that the schedule negotiated with DPPs necessarily contemplated IPP's participation.  As we told you on the phone conference, Irico and the DPPs did not contemplate IPP's participation in jurisdictional discovery and briefing in making their arguments to the Court at the CMC or in the stipulated schedule that the Court entered as an Order.  While it is true that IPPs had served discovery, IPPs subsequently chose not to participate in the CMC.  That decision contradicted representations IPPs had made to me and thus led us to believe that IPPs had decided not to participate in jurisdictional matters.  During a conference call on March 26—a month before the CMC—Mr. Alioto told me that IPPs planned to participate in the CMC.  The next day, IPPs served two sets of discovery.  Again, in a call on March 16, after I forwarded to IPPs the draft CMC statements of Irico and DPPs, Mr. Alioto told me that IPP's were "too pressed for time" to contribute to the joint statement but would still participate in the CMC.  Mr. Alioto said he would call me prior to the CMC to let me know IPP's position regarding jurisdictional discovery and scheduling so Irico would not be "blind-sided" at the CMC.  Mr. Alioto never called me, and IPPs did not appear at the CMC (even though Mr. Alioto was in the courtroom).  Given these circumstances, Mr. Micheletti's request after the CMC to sign onto the stipulation was not grounds for reconsidering the

**BAKER BOTTS** LLP

Lauren C. Capurro                                    - 2 -                                    May 10, 2018

schedule.  DPPs and Irico had been ordered by the Court to submit a schedule based on what was discussed at the CMC.

IPPs subsequently sent a stipulated schedule to us that had the same deadlines as those negotiated with the DPPs.  During our May 3 call, we told you that if IPPs planned to participate in a manner that would add any burden on Irico, the schedule would need to be renegotiated.  We asked you several questions that you still have not answered, including whether IPPs intend to pursue discovery prior to the motion being filed in addition to what DPPs pursue; whether IPPs may file motions to compel in addition to whatever DPPs file; whether IPPs will attempt to take depositions in addition to depositions noticed by the DPPs; whether IPPs will file their own opposition brief; and if so, whether IPPs will seek discovery in advance of filing an opposition in addition to what DPPs seek.  You would not confirm any of the answers, instead reserving your rights to do all of these things.  In light of IPP's inability to confirm that they would not *significantly* add to the burden of jurisdictional discovery and briefing on Irico—including requiring Irico to respond to two separate opposition briefs even though the schedule contemplated Irico responding to just DPP's briefing—we asked you to meet and confer with DPPs *to come up with a revised schedule that accommodates IPP's intentions with regard to jurisdictional discovery and briefing*.  Your letter misstates what we asked you to do (we did not ask for further assurances on coordination) and does not answer the questions we need answered to work with IPPs and DPPs on an appropriate revised schedule.

Let us know if you would like to discuss this further.

Sincerely,

Stuart C. Plunkett

# EXHIBIT 3

1    John Taladay (*pro hac vice*)
     john.taladay@bakerbotts.com
2    Erik Koons (*pro hac vice*)
     erik.koons@bakerbotts.com
3    BAKER BOTTS LLP
     1299 Pennsylvania Ave., NW
4    Washington, D.C. 20004
     Telephone: (202)-639-7700
5    Facsimile: (202)-639-7890

6    Stuart C. Plunkett (State Bar No. 187971)
     stuart.plunkett@bakerbotts.com
7    BAKER BOTTS LLP
     101 California Street, Suite 3600
8    San Francisco, California 94111
     Telephone: (415) 291-6200
9    Facsimile: (415) 291-6300

10
     *Attorneys for Defendants*
11   *IRICO GROUP CORP. and*
     *IRICO DISPLAY DEVICES CO., LTD.*
12
13                    **UNITED STATES DISTRICT COURT**

14                  **NORTHERN DISTRICT OF CALIFORNIA**

15                      **SAN FRANCISCO DIVISION**

16

17   IN RE:  CATHODE RAY TUBE (CRT)         Master File No. 3:07-cv-05944-JT
     ANTITRUST LITIGATION,                  (N.D. Cal.)
18   _____       MDL No. 1917

19   This Document Relates to:              **IRICO DEFENDANTS' OBJECTIONS
                                            AND RESPONSES TO INDIRECT**
20       ALL INDIRECT PURCHASER ACTIONS     **PURCHASER PLAINTIFFS' FIRST SET
                                            OF REQUESTS FOR PRODUCTION OF**
21                                          **DOCUMENTS**

22

23   PROPOUNDING PARTY:         Indirect Purchaser Plaintiffs

24   RESPONDING PARTIES:        Irico Group Corporation
                                Irico Display Devices Co., Ltd.
25
     SET NO.:                   One
26

27

28

1    Pursuant to Federal Rules of Civil Procedure 26 and 34, Irico Group Corporation and Irico

2    Display Devices Co, Ltd. (collectively, "Irico" or "Irico Defendants") hereby responds to the

3    Indirect Purchaser Plaintiffs' ("Plaintiff") First Set of Requests for Production of Documents

4    ("Requests"). Irico reserves the right to amend or supplement these Objections and Responses

5    (the "Responses") to the extent allowed by the Federal Rules of Civil Procedure and the Local

6    Rules of Practice in Civil Proceedings before the United States District Court for the Northern

7    District of California ("Local Rules"). Subject to and without waiving any of Irico's General and

8    Specific Objections as set forth below, Irico is willing to meet and confer with Plaintiff regarding

9    such General and Specific Objections.

10    The following Responses are made only for purposes of this case. The Responses are

11    subject to all objections as to relevance, materiality and admissibility, and to any and all

12    objections on any ground that would require exclusion of any response if it were introduced in

13    court. All evidentiary objections and grounds are expressly reserved.

14    These Responses are subject to the provisions of the Stipulated Protective Order that the

15    Court issued on June 18, 2008 ("Protective Order"). Irico's Responses are hereby designated

16    "Confidential" in accordance with the provisions of the Protective Order.

## **GENERAL OBJECTIONS**

18    Irico makes the following General Objections to Plaintiff's Requests:

19    1.    Irico's Responses are based upon information available to and located by Irico as

20    of the date of service of these Responses. In responding to Plaintiff's Requests, Irico states that it

21    has conducted, or will conduct, a diligent search, reasonable in scope, of those files and records in

22    its possession, custody, or control believed to likely contain information responsive to Plaintiff's

23    Requests.

24    2.    No express, incidental, or implied admissions are intended by these Responses and

25    should not be read or construed as such.

26    3.    Irico does not intend, and its Responses should not be construed as, an agreement

27    or acquiescence with any characterization of fact, assumption, or conclusion of law contained in

28    or implied by the Requests.

4.      To the extent that Irico responds to Plaintiff's Requests by stating that Irico will produce or make available for examination responsive information or documents, Irico does not represent that any such information or documents exist. Irico will make a good faith and reasonable attempt to ascertain whether information responsive to Plaintiff's Requests exists and is properly producible, and will produce or make available for examination non-privileged responsive materials to the extent any are located during the course of a reasonable search.

5.      Irico objects to Plaintiff's Requests to the extent that they are overly broad, unduly burdensome, oppressive, and duplicative to the extent that they seek information or documents that are already in the possession, custody, or control of Plaintiff.

6.      Irico objects to Plaintiff's Requests to the extent that they seek to impose obligations on Irico beyond those of the Federal Rules of Civil Procedure, the Local Rules, or any Order of this Court.

7.      Irico objects to Plaintiff's Requests to the extent they seek information or documents that are not relevant to jurisdictional issues or disproportionate to the needs of the case in resolving such jurisdictional issues.

8.      Irico objects to Plaintiff's Requests to the extent that they are vague, ambiguous, or susceptible to more than one interpretation. Irico shall attempt to construe such vague or ambiguous Requests so as to provide for the production of responsive information or documents that are proportionate to the needs of the case. If Plaintiff subsequently asserts an interpretation of any Request that differs from Irico's understanding, Irico reserves the right to supplement or amend its Responses.

9.      Irico objects to Plaintiff's Requests to the extent that they contain terms that are insufficiently or imprecisely defined. Irico shall attempt to construe such vague or ambiguous Requests so as to provide for the production of responsive information or documents that are proportionate to the needs of the case.

10.     Irico objects to Plaintiff's Requests to the extent that they seek information or documents that are protected from disclosure by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, self-evaluative privilege, or any other

applicable privilege or immunity. Irico will provide only information that it believes to be non-privileged and otherwise properly discoverable. None of Irico's responses is intended nor should be construed as a waiver of any such privilege or immunity. The inadvertent or mistaken provision of any information or responsive documents subject to any such doctrine, privilege, protection or immunity from production shall not constitute a general, inadvertent, implicit, subject-matter, separate, independent or other waiver of such doctrine, privilege, protection or immunity from production.

11.    Irico objects to Plaintiff's Requests to the extent that they call for information or documents that are not in the possession, custody, or control of Irico. Irico also objects to the extent that any of Plaintiff's Requests seek information from non-parties or third parties, including but not limited to any of Irico's subsidiary or affiliated companies.

12.    Irico objects to Plaintiff's Requests to the extent that responding would require Irico to violate the privacy and/or confidentiality of a third party or confidentiality agreement with a third party.

13.    Irico objects to Plaintiff's Requests to the extent that they seek information or documents that are publicly available, already in Plaintiffs' possession, custody, or control, or more readily available from other sources.

14.    Irico objects to Plaintiff's Requests to the extent that they seek information or documents concerning transactions outside the United States. Such Requests are unduly burdensome and irrelevant because they do not relate to actions by Irico in or causing a direct effect in the United States.  Such Requests are also unduly burdensome and irrelevant to this pending action as Plaintiffs' class definition is confined to "individuals and entities that indirectly purchased Cathode Ray Tube Products . . . in the United States" (see Indirect Purchaser Plaintiffs' Fourth Consolidated Amended Complaint).

15.    Irico objects to Plaintiff's Requests to the extent that compliance would require Irico to violate the laws, regulations, procedures, or orders of a judicial or regulatory body of foreign jurisdictions.

16.     Irico's responses, whether now or in the future, pursuant to Plaintiff's Requests should not be construed as either (i) a waiver of any of Irico's general or specific objections or (ii) an admission that such information or documents are either relevant or admissible as evidence.

17.     Irico objects to Plaintiff's Requests to the extent that compliance would require Irico to seek information or documents stored on backup or archived databases or other systems that are not readily accessible or otherwise no longer active.

18.     Irico objects to Plaintiff's Requests to the extent that they state and/or call for legal conclusions.

19.     Irico objects to the Requests to the extent that they contain express or implied assumptions of fact or law with respect to the matters at issue in this case.

20.     Irico objects to the Requests to the extent they seek documents that cannot be removed or transmitted outside China without violating the laws and regulations of that country, including but not limited to restrictions on the transmission of state secrets or trade secrets as those terms are defined under Chinese law.

21.     Irico objects that Plaintiff's Requests are irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or briefing that applies to Plaintiff.

22.     Irico reserves the right to assert additional General and Specific Objections as appropriate to supplement these Responses.

These General Objections apply to each Request as though restated in full in the responses thereto. The failure to mention any of the foregoing General Objections in the specific responses set forth below shall not be deemed as a waiver of such objections or limitations.

**GENERAL OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.     Irico objects to the definition of "Communication" (Definition No. 6) on the grounds that it is vague, ambiguous, and overly broad. Irico further objects to this definition to the extent that it attempts to impose burdens on Irico beyond those imposed by the Federal Rules of Civil Procedure.

2.     Irico objects to the definition of "Document" (Definition No. 10) to the extent it seeks to impose requirements that are beyond those imposed by the Federal Rules of Civil

Procedure, the Local Rules, or any other applicable laws.

3.      Irico objects to the definition of "Employee" (Definition No. 11) on the grounds that it calls for a legal conclusion and is otherwise vague, ambiguous, and overly broad. Irico further objects to this definition to the extent that it attempts to impose burdens on Irico beyond those imposed by the Federal Rules of Civil Procedure. Irico further objects to this definition to the extent that it seeks information protected by the attorney client or other applicable privilege, attorney work product doctrine, or otherwise seeks to violate rights of privacy under U.S. or foreign law.

4.      Irico objects to the definitions of "concerning," "concerns," "relate," and "relating" (Definitions No. 7 and 14) to the extent that such terms seek the discovery of information or documents that are disproportionate to the needs of the case in determining jurisdictional issues. Irico further objects to these terms to the extent that they seek to improperly expand the scope of information or documents relevant to the issues set forth in Plaintiff's pleadings. Irico also objects to these definitions because responding to such vague, overly broad, and ambiguous Requests would be unduly burdensome.

5.      Irico objects to the definitions of "You" and "your" (Definition No. 1) to the extent that Plaintiff defines those terms to include the Irico's "present and former members, officer, agents, employees, and all other persons acting or purporting to act on their behalf." This definition is legally incorrect, overbroad, unduly burdensome, vague, and ambiguous. Irico also objects to the inclusion of "all present and former directors, officers, Employees, agents, representatives or any Persons acting or purporting to act on behalf of" Irico within this definition to the extent it purports to encompass information or documents that are protected by attorney-client privilege, work product protection or any other applicable doctrine, privilege, protection or immunity or otherwise calls for a legal conclusion.

6.      Irico objects to the definitions of "CRT" and "CRT Products" (Definitions No. 8 and 9) on the grounds that they are vague, ambiguous and overly broad.

7.      Irico objects to Instruction No. 1 as overly broad and unduly burdensome on the grounds that it encompasses time periods outside of those relevant for resolving jurisdictional

1    issues.

2         8.      Irico objects to each and every Instruction to the extent that it purports to impose

3    burdens or obligations broader than, inconsistent with, or not authorized under the Federal Rules

4    of Civil Procedure or other applicable rule or Order of this Court.

5                    **SPECIFIC RESPONSES TO REQUESTS FOR PRODUCTION**

6    **REQUEST NO. 1**

7         All documents that the declarant considered, reviewed or relied upon as a factual basis for

8    the Declaration of Wenkai Zhang in Support of Irico's Motion to Set Aside Default dated

9    October 25, 2017 (Dkt. 5215-1) ("Zhang Declaration").

10   **RESPONSE TO REQUEST NO. 1**

11        Irico reasserts and incorporates each of the General Objections and Objections to the

12   Definitions and Instructions set forth above.  Irico further objects that this request is irrelevant

13   and premature because the Court has not set a schedule for jurisdictional discovery or briefing

14   that applies to Plaintiff.

15        Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

16   responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

17   **REQUEST NO. 2**

18        All documents that you relied upon for the contention that you have a meritorious defense

19   of immunity under the Foreign Sovereign Immunity Act.

20   **RESPONSE TO REQUEST NO. 2**

21        Irico reasserts and incorporates each of the General Objections and Objections to the

22   Definitions and Instructions set forth above.  Irico further objects that this request is irrelevant

23   and premature because the Court has not set a schedule for jurisdictional discovery or briefing

24   that applies to Plaintiff.  Irico also objects that this request calls for information and documents

25   that are privileged under the attorney-client privilege and work product doctrine.

26        Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

27   responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

28

**REQUEST NO. 3**

All documents sufficient to show your corporate structure or organization throughout the Class Period, including, without limitations, departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units that were engaged during the Class Period in the manufacture, marketing, sale or distribution of CRTs and/or CRT Products including, where applicable, the percentage of any stock or other interests directly owned by each such entity, as well as common management and/or boards of directors.

**RESPONSE TO REQUEST NO. 3**

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.  Irico further objects that this request is irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or briefing that applies to Plaintiff.  Irico further objects that this request seeks information beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects that this request is overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving jurisdictional issues.  Irico also objects to this request as overbroad as to the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.  Irico also objects to this request on the grounds that identification of "all Documents" is overbroad, unduly burdensome, and disproportionate to the needs of the case.  Irico also objects that this request seeks information that is publicly available.

Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

**REQUEST NO. 4**

As to each of your divisions, subdivisions, departments, units, subsidiaries, parents, affiliates and joint ventures during the Class Period, documents sufficient to identify each executive or employee with managerial authority who had responsibilities or duties with respect to each of the following:

(a)      the manufacturing or production of CRTs or CRT Products;

8

IRICO DEFENDANTS' OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1    (b)    the marketing of CRTs or CRT Products;

2    (c)    the pricing of CRTs or CRT Products;

3    (d)    the sale or distribution of CRTs or CRT Products; and

4    (e)    maintaining any electronic database(s), including archives, of email or other

5    electronic documents relating to CRTs or CRT Products.

6    **RESPONSE TO REQUEST NO. 4**

7    Irico reasserts and incorporates each of the General Objections and Objections to the

8    Definitions and Instructions set forth above.  Irico further objects that this request is irrelevant

9    and premature because the Court has not set a schedule for jurisdictional discovery or briefing

10   that applies to Plaintiff.  Irico further objects that this request seeks information beyond the scope

11   of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's

12   April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects that this request is

13   overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving

14   jurisdictional issues.  Irico also objects to this request as overbroad as to the time period called

15   for; the only relevant inquiry is Irico's status as of November 26, 2007.  Irico also objects that this

16   request is vague and ambiguous in its use of the terms "managerial authority" and

17   "responsibilities or duties."

18   Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

19   responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

20   **REQUEST NO. 5**

21   Documents sufficient to describe the circumstances surrounding the formation of Irico

22   Group and Irico Display, including, without limitations, Articles of Association, corporate bylaws

23   and regulations.

24   **RESPONSE TO REQUEST NO. 5**

25   Irico reasserts and incorporates each of the General Objections and Objections to the

26   Definitions and Instructions set forth above.  Irico further objects that this request is irrelevant

27   and premature because the Court has not set a schedule for jurisdictional discovery or briefing

28   that applies to Plaintiff.  Irico further objects that this request seeks information beyond the scope

9

of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel. Irico also objects that this request is overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving jurisdictional issues. Irico also objects to this request as overbroad as to the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007. Irico also objects that this request seeks information that is publicly available.

Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

**REQUEST NO. 6**

All documents relating to the rules and policies governing your corporate boards, board committees or management committees from your formation through December 13, 2007, including, without limitations, your corporate governance policy, policy on determining the board/committee structure and membership, and procedures and requirements for appointing and removing any board/committee members.

**RESPONSE TO REQUEST NO. 6**

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above. Irico further objects that this request is irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or briefing that applies to Plaintiff. Irico further objects that this request seeks information beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel. Irico also objects that this request is overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving jurisdictional issues. Irico also objects to this request as overbroad as to the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.

Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

**REQUEST NO. 7**

All documents relating to your employment policies from your formation through

1  December 13, 2007, including, if applicable, any government supervision of, and involvement in,

2  your employment practices.

3  **RESPONSE TO REQUEST NO. 7**

4       Irico reasserts and incorporates each of the General Objections and Objections to the

5  Definitions and Instructions set forth above.  Irico further objects that this request is irrelevant

6  and premature because the Court has not set a schedule for jurisdictional discovery or briefing

7  that applies to Plaintiff.  Irico further objects that this request seeks information beyond the scope

8  of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's

9  April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects that this request is

10  overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving

11  jurisdictional issues.  Irico also objects to this request on the grounds that identification of "all

12  Documents relating to" is overbroad, unduly burdensome, and disproportionate to the needs of the

13  case.  Irico also objects to this request as overbroad as to the time period called for; the only

14  relevant inquiry is Irico's status as of November 26, 2007.  Irico also objects that this request is

15  vague and ambiguous in its use of the term "employment policies."

16       Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

17  responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

18  **REQUEST NO. 8**

19       All documents including, without limitations, financial statements, reflecting any

20  contributions of assets and liabilities you received from the PRC government from your formation

21  through December 13, 2007.

22  **RESPONSE TO REQUEST NO. 8**

23       Irico reasserts and incorporates each of the General Objections and Objections to the

24  Definitions and Instructions set forth above.  Irico further objects that this request is irrelevant

25  and premature because the Court has not set a schedule for jurisdictional discovery or briefing

26  that applies to Plaintiff.  Irico further objects that this request seeks information beyond the scope

27  of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's

28  April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects that this request is

1   overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving

2   jurisdictional issues.  Irico also objects to this request on the grounds that identification of "all

3   Documents" is overbroad, unduly burdensome, and disproportionate to the needs of the case.

4   Irico also objects to this request as overbroad as to the time period called for; the only relevant

5   inquiry is Irico's status as of November 26, 2007.

6        Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

7   responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

8   **REQUEST NO. 9**

9        All business plans, reports, budgets, forecasts, and sales or profit projections prepared by

10  you from your formation through December 13, 2017 which were submitted to the PRC

11  government for approval.  Please include all documents relating to the business decisions or

12  transactions referred to in paragraph 10 of the Zhang Declaration.

13  **RESPONSE TO REQUEST NO. 9**

14       Irico reasserts and incorporates each of the General Objections and Objections to the

15  Definitions and Instructions set forth above.  Irico further objects that this request is irrelevant

16  and premature because the Court has not set a schedule for jurisdictional discovery or briefing

17  that applies to Plaintiff.  Irico further objects that this request seeks information beyond the scope

18  of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's

19  April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects that this request is

20  overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving

21  jurisdictional issues.  Irico also objects to this request on the grounds that identification of "all

22  Documents" is overbroad, unduly burdensome, and disproportionate to the needs of the case.

23  Irico also objects to this request as overbroad as to the time period called for; the only relevant

24  inquiry is Irico's status as of November 26, 2007.

25       Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

26  responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

27  **REQUEST NO. 10**

28       All documents relating to contracts, offers or proposals for CRTs or CRT Product sales

12

1  during the Class Period.

2  **RESPONSE TO REQUEST NO. 10**

3        Irico reasserts and incorporates each of the General Objections and Objections to the

4  Definitions and Instructions set forth above.  Irico further objects that this request is irrelevant

5  and premature because the Court has not set a schedule for jurisdictional discovery or briefing

6  that applies to Plaintiff.  Irico further objects that this request seeks information beyond the scope

7  of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's

8  April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects that this request is

9  overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving

10  jurisdictional issues.  Irico also objects to this request on the grounds that identification of "all

11  Documents relating to" is overbroad, unduly burdensome, and disproportionate to the needs of the

12  case.  Irico also objects to this request as overbroad as to the time period called for; the only

13  relevant inquiry is Irico's status as of November 26, 2007.

14  **REQUEST NO. 11**

15        Documents sufficient to identify each of your sales of CRTs and/or CRT Products during

16  the Class Period, as well as the following information for each CRT or CRT Product involved in

17  each sale:

18        (a)     customer names, customer billing addresses, and customer ship-to addresses;

19        (b)     a description sufficient to identify the type of customer involved (e.g., OEM,

20                 ODM, AIB manufacturer, distributor or retailer).

21        (c)     the sales terms;

22        (d)     sales dates and shipment dates;

23        (e)     product type, class, category, description, and respective use;

24        (f)     sales volumes;

25        (g)     unit price information, gross price, and actual net prices;

26        (h)     discounts, credits, and rebates;

27        (i)     shipping charges and terms;

28        (j)     any other related charges; and

(k)     amounts paid, dates paid, invoice numbers, and purchase order numbers.  If such information is not kept, or has not been kept, in electronic form in the ordinary course of your business or are otherwise not available in electronic form, please produce such information in hard copy.

**RESPONSE TO REQUEST NO. 11**

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.  Irico further objects that this request is irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or briefing that applies to Plaintiff.  Irico further objects that this request seeks information beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects that this request is overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving jurisdictional issues.  Irico also objects to this request as overbroad as to the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.

Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

**REQUEST NO. 12**

All documents showing the dollar volume or quantity of sales or shipments of CRTs or CRT Products (by type or category, if available) by you by month, quarter, calendar year or fiscal year during the Class Period.

**RESPONSE TO REQUEST NO. 12**

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.  Irico further objects that this request is irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or briefing that applies to Plaintiff.  Irico further objects that this request seeks information beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects that this request is overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving

14

1    jurisdictional issues.  Irico also objects to this request on the grounds that identification of "all

2    Documents" is overbroad, unduly burdensome, and disproportionate to the needs of the case.

3    Irico also objects to this request as overbroad as to the time period called for; the only relevant

4    inquiry is Irico's status as of November 26, 2007.

5           Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

6    responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

7    **REQUEST NO. 13**

8           Documents sufficient to identify each of your facilities that produced CRTs or CRT

9    Products during the Class Period, and for each such facility, all documents relating to:

10          (a)     capacity, rated capacity, production and capacity utilization during each year of the

11                  Class Period;

12          (b)     any proposed or actual change in the capacity to produce CRTs or CRT Products;

13          (c)     any reason for change in each facility's actual production of CRTs or CRT

14                  Products;

15          (d)     the identity of all persons who had decision-making or supervisory responsibility

16                  regarding CRT or CRT Product production;

17          (e)     each type, class, category and respective use of CRTs or CRT Products produced

18                  and the amounts of each produced during each month of the Class Period;

19          (f)     any production shutdowns or slowdowns of CRT or CRT Product production and

20                  reasons for such shutdowns or slowdowns; and

21          (g)     any projected production forecasts.

22   **RESPONSE TO REQUEST NO. 13**

23          Irico reasserts and incorporates each of the General Objections and Objections to the

24   Definitions and Instructions set forth above.  Irico further objects that this request is irrelevant

25   and premature because the Court has not set a schedule for jurisdictional discovery or briefing

26   that applies to Plaintiff.  Irico further objects that this request seeks information beyond the scope

27   of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's

28   April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects that this request is

15

1   overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving

2   jurisdictional issues.  Irico also objects to this request on the grounds that identification of "all

3   documents relating to" is overbroad, unduly burdensome, and disproportionate to the needs of the

4   case.  Irico also objects to this request as overbroad as to the time period called for; the only

5   relevant inquiry is Irico's status as of November 26, 2007.

6        Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

7   responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

8   **REQUEST NO. 14**

9        All documents relating to your percentage or share of industry production, capacity, sales

10  or shipments of CRTs and/or CRT Products at any time during the Class Period.

11  **RESPONSE TO REQUEST NO. 14**

12       Irico reasserts and incorporates each of the General Objections and Objections to the

13  Definitions and Instructions set forth above.  Irico further objects that this request is irrelevant

14  and premature because the Court has not set a schedule for jurisdictional discovery or briefing

15  that applies to Plaintiff.  Irico further objects that this request seeks information beyond the scope

16  of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's

17  April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects that this request is

18  overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving

19  jurisdictional issues.  Irico also objects to this request on the grounds that identification of "all

20  documents relating to" is overbroad, unduly burdensome, and disproportionate to the needs of the

21  case.  Irico also objects to this request as overbroad as to the time period called for; the only

22  relevant inquiry is Irico's status as of November 26, 2007.

23       Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

24  responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

25  **REQUEST NO. 15**

26       All documents relating to any meetings or communications between you and any parent,

27  subsidiary, affiliated company, joint venture, or partner concerning the production, inventory

28  levels, pricing, marketing, sale or distribution of CRTs or CRT Products during the Class Period.

1

**RESPONSE TO REQUEST NO. 15**

2   Irico reasserts and incorporates each of the General Objections and Objections to the

3   Definitions and Instructions set forth above.  Irico further objects that this request is irrelevant

4   and premature because the Court has not set a schedule for jurisdictional discovery or briefing

5   that applies to Plaintiff.  Irico further objects that this request seeks information beyond the scope

6   of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's

7   April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects that this request is

8   overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving

9   jurisdictional issues.  Irico also objects to this request on the grounds that identification of "all

10   documents relating to" is overbroad, unduly burdensome, and disproportionate to the needs of the

11   case.  Irico also objects to this request as overbroad as to the time period called for; the only

12   relevant inquiry is Irico's status as of November 26, 2007.

13   Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

14   responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

15   **REQUEST NO. 16**

16   All documents relating to any meetings or communications between you and any parent,

17   subsidiary, affiliated company, joint venture, or partner concerning any sales or contemplated

18   sales to the United States during the Class Period.

19   **RESPONSE TO REQUEST NO. 16**

20   Irico reasserts and incorporates each of the General Objections and Objections to the

21   Definitions and Instructions set forth above.  Irico further objects that this request is irrelevant

22   and premature because the Court has not set a schedule for jurisdictional discovery or briefing

23   that applies to Plaintiff.  Irico further objects that this request seeks information beyond the scope

24   of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's

25   April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects that this request is

26   overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving

27   jurisdictional issues.  Irico also objects to this request on the grounds that identification of "all

28   documents relating to" is overbroad, unduly burdensome, and disproportionate to the needs of the

1  case.  Irico also objects to this request as overbroad as to the time period called for; the only

2  relevant inquiry is Irico's status as of November 26, 2007.

3       Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

4  responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

5  **REQUEST NO. 17**

6       All documents relating to any meetings or communications between you and any other

7  manufacturer of CRTs or CRT Products concerning the production, inventory levels, pricing,

8  marketing, sale or distribution of CRTs or CRT Products during the Class Period.

9  **RESPONSE TO REQUEST NO. 17**

10      Irico reasserts and incorporates each of the General Objections and Objections to the

11 Definitions and Instructions set forth above.  Irico further objects that this request is irrelevant

12 and premature because the Court has not set a schedule for jurisdictional discovery or briefing

13 that applies to Plaintiff.  Irico further objects that this request seeks information beyond the scope

14 of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's

15 April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects that this request is

16 overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving

17 jurisdictional issues.  Irico also objects to this request on the grounds that identification of "all

18 documents relating to" is overbroad, unduly burdensome, and disproportionate to the needs of the

19 case.  Irico also objects to this request as overbroad as to the time period called for; the only

20 relevant inquiry is Irico's status as of November 26, 2007.

21      Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

22 responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

23 **REQUEST NO. 18**

24      All documents relating to any meetings or communications between you and any other

25 manufacturer of CRTs or CRT Products during which there was any discussion concerning any

26 sales, contemplated sales, pricing, or shipments to customers in the United States during the Class

27 Period.

28

**RESPONSE TO REQUEST NO. 18**

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.  Irico further objects that this request is irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or briefing that applies to Plaintiff.  Irico further objects that this request seeks information beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects that this request is overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving jurisdictional issues.  Irico also objects to this request on the grounds that identification of "all documents relating to" is overbroad, unduly burdensome, and disproportionate to the needs of the case.  Irico also objects to this request as overbroad as to the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.

Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

**REQUEST NO. 19**

Documents sufficient to show the name and address of each industry or trade association (including committees and subcommittees) relating to CRTs or CRT Products of which you or any of your employees are or have been a member during the Class Period, as well as documents sufficient to show dates of membership and dates of participation in committees or subcommittees.

**RESPONSE TO REQUEST NO. 19**

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.  Irico further objects that this request is irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or briefing that applies to Plaintiff.  Irico further objects that this request seeks information beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects that this request is overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving

1   jurisdictional issues.  Irico also objects to this request as overbroad as to the time period called

2   for; the only relevant inquiry is Irico's status as of November 26, 2007.

3      Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

4   responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

5   **REQUEST NO. 20**

6      All documents relating to meetings of each industry or trade association and each of its

7   committees or subcommittees relating to CRTs or CRT Products, including all documents relating

8   to any such meeting attended by you and any other CRT or CRT Product manufacturer and

9   documents sufficient to identify individuals from your company who attended, the dates of

10   attendance, and the subject matter discussed.

11   **RESPONSE TO REQUEST NO. 20**

12      Irico reasserts and incorporates each of the General Objections and Objections to the

13   Definitions and Instructions set forth above.  Irico further objects that this request is irrelevant

14   and premature because the Court has not set a schedule for jurisdictional discovery or briefing

15   that applies to Plaintiff.  Irico further objects that this request seeks information beyond the scope

16   of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's

17   April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects that this request is

18   overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving

19   jurisdictional issues.  Irico also objects to this request on the grounds that identification of "all

20   documents relating to" is overbroad, unduly burdensome, and disproportionate to the needs of the

21   case.  Irico also objects to this request as overbroad as to the time period called for; the only

22   relevant inquiry is Irico's status as of November 26, 2007.

23      Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

24   responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

25   **REQUEST NO. 21**

26      All studies, analyses, communications, presentations or other documents that you have

27   submitted to or received from any industry or trade association concerning CRTs or CRT

28   Products.

**RESPONSE TO REQUEST NO. 21**

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.  Irico further objects that this request is irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or briefing that applies to Plaintiff.  Irico further objects that this request seeks information beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects that this request is overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving jurisdictional issues.  Irico also objects to this request on the grounds that identification of "all . . . documents" is overbroad, unduly burdensome, and disproportionate to the needs of the case.  Irico also objects to this request as overbroad as to the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.

Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

**REQUEST NO. 22**

Documents sufficient to describe your policies or practices with respect to the retention or destruction of documents during the period March 1, 1995 through the present, and, if such policy or practice has been different with respect to any category of documents or over different times, documents sufficient to identify each such category or time period and to describe your retention policy or practice with respect to each such category or time period.

**RESPONSE TO REQUEST NO. 22**

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.  Irico further objects that this request is irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or briefing that applies to Plaintiff.  Irico further objects that this request seeks information beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects that this request is overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving

1   jurisdictional issues.  Irico also objects to this request as overbroad as to the time period called

2   for; the only relevant inquiry is Irico's status as of November 26, 2007.

3          Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

4   responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

5   Dated:   May 25, 2018                          BAKER BOTTS LLP

6

7                                                  */s/ Stuart C. Plunkett*
                                                   Stuart C. Plunkett
8                                                  Email:  stuart.plunkett@bakerbotts.com
                                                   BAKER BOTTS L.L.P.
9                                                  101 California Street, Suite 3600
                                                   San Francisco, CA 94111
10                                                 Telephone:  (415) 291 6203
                                                   Facsimile:  (415) 291 6303
11
                                                   John Taladay (*pro hac vice*)
12                                                 john.taladay@bakerbotts.com
                                                   Erik Koons (*pro hac vice*)
13                                                 erik.koons@bakerbotts.com
                                                   BAKER BOTTS LLP
14                                                 1299 Pennsylvania Ave., NW
                                                   Washington, D.C. 20004
15                                                 Telephone: (202)-639-7700
                                                   Facsimile: (202)-639-7890
16
                                                   *Attorneys for Defendants*
17                                                 *IRICO GROUP CORP. and*
                                                   *IRICO DISPLAY DEVICES CO., LTD.*
18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

**In re: Cathode Ray Tube (CRT) Antitrust Litigation - MDL No. 1917**

     I declare that I am employed in the County of San Francisco, California.  I am over the age of eighteen years and not a party to the within case; my business address is: Baker Botts LLP, 101 California Street, Suite 3600, San Francisco, CA 94111.

     On May 25, 2018, I served the following document(s) described as:

### IRICO DEFENDANTS' OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

on the following interested parties in this action:

| | |
|---|---|
| Guido Saveri (guido@saveri.com) | Mario N. Alioto (malioto@tatp.com) |
| R. Alexander Saveri (rick@saveri.com) | Lauren C. Capurro (laurenrussell@tatp.com) |
| Geoffrey C. Rushing (grushing@saveri.com) | Joseph M. Patane (jpatane@tatp.com) |
| Cadio Zirpoli (cadio@saveri.com) | TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP |
| Matthew D. Heaphy (mheaphy@saveri.com) | |
| SAVERI & SAVERI, INC. | 2280 Union Street |
| 706 Sansome St # 200, | San Francisco, CA 94123 |
| San Francisco, CA 94111 | |

*Lead Counsel for the Direct Purchaser Plaintiffs*

*Lead Counsel for the Indirect Purchaser Plaintiffs*

[ ]    (BY OVERNIGHT DELIVERY) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

[ ]    (BY MAIL) by placing a true copy thereof in a sealed envelope with postage fully prepaid and addressed to the persons at the addresses as shown above.  I am readily familiar with the business practice of Baker Botts LLP for collection and processing of correspondence for mailing with the United States Postal Service, and the correspondence would be deposited with United States Postal Service that same day in the ordinary course of business.

[X]    (BY ELECTRONIC MAIL) I caused such documents to be sent to the persons at the email addressed listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on May 25, 2018, 2012 at San Francisco, California.

*/s/ Stuart C. Plunkett*

Stuart C. Plunkett

IRICO DEFENDANTS' OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

John Taladay (*pro hac vice*)
john.taladay@bakerbotts.com
Erik Koons (*pro hac vice*)
erik.koons@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone: (202)-639-7700
Facsimile: (202)-639-7890

Stuart C. Plunkett (State Bar No. 187971)
stuart.plunkett@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to: | **IRICO DEFENDANTS' OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES** |
| ALL INDIRECT PURCHASER ACTIONS | |

PROPOUNDING PARTY:     Indirect Purchaser Plaintiffs

RESPONDING PARTIES:     Irico Group Corporation
                        Irico Display Devices Co., Ltd.

SET NUMBER:     One

1    Pursuant to Federal Rules of Civil Procedure 26 and 33, Irico Group Corporation and Irico

2  Display Devices Co, Ltd. (collectively, "Irico" or "Irico Defendants") hereby respond to the

3  Indirect Purchaser Plaintiffs' ("Plaintiff") First Set of Interrogatories ("Interrogatories"). Irico

4  reserves the right to amend or supplement these Objections and Responses (the "Responses") to

5  the extent allowed by the Federal Rules of Civil Procedure and the Local Rules of Practice in

6  Civil Proceedings before the United States District Court for the Northern District of California

7  ("Local Rules"). Subject to and without waiving any of Irico's General and Specific Objections as

8  set forth below, Irico is willing to meet and confer with Plaintiff regarding such General and

9  Specific Objections.

10    The following Responses are made only for purposes of this case. The Responses are

11  subject to all objections as to relevance, materiality and admissibility, and to any and all

12  objections on any ground that would require exclusion of any response if it were introduced in

13  court. All evidentiary objections and grounds are expressly reserved.

14    These Responses are subject to the provisions of the Stipulated Protective Order that the

15  Court issued on June 18, 2008 ("Protective Order"). Irico's Responses are hereby designated

16  "Confidential" in accordance with the provisions of the Protective Order.

17                        **GENERAL OBJECTIONS**

18    Irico makes the following General Objections to Plaintiff's Interrogatories:

19    1.    Irico's Responses are based upon information available to and located by Irico as

20  of the date of service of these Responses. In responding to Plaintiff's Interrogatories, Irico states

21  that it has conducted, or will conduct, a diligent search, reasonable in scope, of those files and

22  records in its possession, custody, or control believed to likely contain information responsive to

23  Plaintiff's Interrogatories.

24    2.    No express, incidental, or implied admissions are intended by these Responses and

25  should not be read or construed as such.

26    3.    Irico does not intend, and its Responses should not be construed as, an agreement

27  or acquiescence with any characterization of fact, assumption, or conclusion of law contained in

28  or implied by the Interrogatories.

4.      To the extent that Irico responds to Plaintiff's Interrogatories by stating that Irico will produce or make available for examination responsive information or documents, Irico does not represent that any such information or documents exist. Irico will make a good faith and reasonable attempt to ascertain whether information responsive to Plaintiff's Interrogatories exists and is properly producible, and will produce or make available for examination non-privileged responsive materials to the extent any are located during the course of a reasonable search.

5.      Irico objects to Plaintiff's Interrogatories to the extent that they are overly broad, unduly burdensome, oppressive, and duplicative to the extent that they seek information or documents that are already in the possession, custody, or control of Plaintiff.

6.      Irico objects to Plaintiff's Interrogatories to the extent that they seek to impose obligations on Irico beyond those of the Federal Rules of Civil Procedure, the Local Rules, or any Order of this Court.

7.      Irico objects to Plaintiff's Interrogatories to the extent they seek information that is not relevant to jurisdictional issues or disproportionate to the needs of the case in resolving such jurisdictional issues.

8.      Irico objects to Plaintiff's Interrogatories to the extent that they are vague, ambiguous, or susceptible to more than one interpretation. Irico shall attempt to construe such vague or ambiguous Interrogatories so as to provide for the production of responsive information that is proportionate to the needs of the case. If Plaintiff subsequently asserts an interpretation of any Interrogatory that differs from Irico's understanding, Irico reserves the right to supplement or amend its Responses.

9.      Irico objects to Plaintiff's Interrogatories to the extent that they contain terms that are insufficiently or imprecisely defined. Irico shall attempt to construe such vague or ambiguous Interrogatories so as to provide for the production of responsive information that is proportionate to the needs of the case.

10.     Irico objects to Plaintiff's Interrogatories to the extent that they seek information that is protected from disclosure by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, self-evaluative privilege, or any other applicable privilege

or immunity. Irico will provide only information that it believes to be non-privileged and otherwise properly discoverable. None of Irico's responses is intended nor should be construed as a waiver of any such privilege or immunity. The inadvertent or mistaken provision of any information or responsive documents subject to any such doctrine, privilege, protection or immunity from production shall not constitute a general, inadvertent, implicit, subject-matter, separate, independent or other waiver of such doctrine, privilege, protection or immunity from production.

11. Irico objects to Plaintiff's Interrogatories to the extent that they call for information that is not in the possession, custody, or control of Irico. Irico also objects to the extent that any of Plaintiff's Interrogatories seek information from non-parties or third parties, including but not limited to any of Irico's subsidiary or affiliated companies.

12. Irico objects to Plaintiff's Interrogatories to the extent that responding would require Irico to violate the privacy and/or confidentiality of a third party or confidentiality agreement with a third party.

13. Irico objects to Plaintiff's Interrogatories to the extent that they seek information that is publicly available, already in Plaintiffs' possession, custody, or control, or more readily available from other sources.

14. Irico objects to Plaintiff's Interrogatories to the extent that they seek information or documents concerning transactions outside the United States. Such Interrogatories are unduly burdensome and irrelevant because they do not relate to actions by Irico in or causing a direct effect in the United States.  Such Interrogatories are also unduly burdensome and irrelevant to this pending action as Plaintiffs' class definition is confined to "individuals and entities that indirectly purchased Cathode Ray Tube Products . . . in the United States" (see Indirect Purchaser Plaintiffs' Fourth Consolidated Amended Complaint).

15. Irico objects to Plaintiff's Interrogatories to the extent that compliance would require Irico to violate the laws, regulations, procedures, or orders of a judicial or regulatory body of foreign jurisdictions.

IRICO DEFENDANTS' OBJECTIONS AND RESPONSES TO
INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES

16.     Irico's responses, whether now or in the future, pursuant to Plaintiff's Interrogatories should not be construed as either (i) a waiver of any of Irico's general or specific objections or (ii) an admission that such information or documents are either relevant or admissible as evidence.

17.     Irico objects to Plaintiff's Interrogatories to the extent that compliance would require Irico to seek information stored on backup or archived databases or other systems that are not readily accessible or otherwise no longer active.

18.     Irico objects to Plaintiff's Interrogatories to the extent that they are compound and/or contain discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1).

19.     Irico objects to Plaintiff's Interrogatories to the extent that they state and/or call for legal conclusions.

20.     Irico objects to the Interrogatories to the extent that they contain express or implied assumptions of fact or law with respect to the matters at issue in this case.

21.     Irico objects that Plaintiff's Interrogatories are irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or briefing that applies to Plaintiff.

22.     Irico reserves the right to assert additional General and Specific Objections as appropriate to supplement these Responses.

These General Objections apply to each Interrogatory as though restated in full in the responses thereto. The failure to mention any of the foregoing General Objections in the specific responses set forth below shall not be deemed as a waiver of such objections or limitations.

## GENERAL OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Irico objects to the definitions of "You" and "Your" (Definition No. 1) to the extent that Plaintiff defines those terms to include the Irico's "present and former members, officer, agents, employees, and all other persons acting or purporting to act on their behalf." This definition is legally incorrect, overbroad, unduly burdensome, vague, and ambiguous. Irico also objects to the inclusion of "all present and former directors, officers, Employees, agents, representatives or any Persons acting or purporting to act on behalf of" Irico within this definition to the extent it purports to encompass information that is protected by attorney-client privilege,

work product protection or any other applicable doctrine, privilege, protection or immunity or otherwise calls for a legal conclusion.

2. Irico objects to the definition of "Document" (Definition No. 8) to the extent it seeks to impose requirements that are beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable laws.

3. Irico objects to the definition of "Employee" (Definition No. 9) on the grounds that it calls for a legal conclusion and is otherwise vague, ambiguous, and overly broad. Irico further objects to this definition to the extent that it attempts to impose burdens on Irico beyond those imposed by the Federal Rules of Civil Procedure. Irico further objects to this definition to the extent that it seeks information protected by the attorney client or other applicable privilege, attorney work product doctrine, or otherwise seeks to violate rights of privacy under U.S. or foreign law.

4. Irico objects to the definitions of "CRT" and "CRT Products" (Definitions No. 6 and 7) on the grounds that they are vague, ambiguous and overly broad. Irico further objects to the use of the term "CRT Products" to the extent that it is inconsistent with the definition of "CRT Products" as set forth in Plaintiff's pleadings.

5. Irico objects to Instruction No. 1 (related to identification of persons) to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under the Federal Rules of Civil Procedure, including, without limiting the generality of the foregoing, Rule 26(b)(5)(A) and Rule 26(e)(1). Irico further objects to this Instruction to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under, the Local Rules and any orders of the Court, and on the grounds that it is vague, ambiguous, and inconsistent with common usage. Irico further objects to this Instruction to the extent it seeks information that would disclose personal confidential information and/or violate any and all rights of privacy under the United States Constitution or Article I of the Constitution of the State of California, or any other applicable law or state constitution, or that is otherwise prohibited from disclosure because to do so would cause Irico to violate legal and/or contractual obligations to any other persons or entities.

6.      Irico objects to Instruction No. 2 (related to identification of an entity other than a natural person) to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under the Federal Rules of Civil Procedure or other applicable rule or Order of this Court.

7.      Irico objects to Instruction No. 3 (related to the production of business records in response to an interrogatory pursuant to Federal Rule of Civil Procedure 33(d)) on the grounds that it is unduly burdensome and purports to impose burdens and obligations upon Irico beyond those required by the Federal Rules of Civil Procedure or other applicable rule or Order of this Court.

**SPECIFIC RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1**

State the name, address, telephone number, and relationship to you of each person who prepared or assisted in the preparation of the responses to these interrogatories.  (Do not identify anyone who simply typed or reproduced the responses.)

**RESPONSE TO INTERROGATORY NO. 1**

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.  Irico further objects that this interrogatory is irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or briefing that applies to Plaintiff.

Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

**INTERROGATORY NO. 2**

Describe the circumstances surrounding the formation of Irico Group and Irico Display including, without limitations, (i) the year in which the entity was formed; (ii) the purpose(s) and scope of business; (iii) the organizational and ownership structure of the entity; (iv) the source and amount of initial capital contributions; (v) the geographic location in which the entity was incorporated or registered; (vi) the laws, regulations or decrees under which the entity was incorporated; and (vii) any state-owned assets supervision and administration authority that

1   approved the entity's establishment.

2   **RESPONSE TO INTERROGATORY NO. 2**

3       Irico reasserts and incorporates each of the General Objections and Objections to the

4   Definitions and Instructions set forth above.  Irico further objects that this interrogatory is

5   irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or

6   briefing that applies to Plaintiff.  Irico further objects that this interrogatory seeks information

7   beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized

8   under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects

9   that this interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the

10  case in resolving jurisdictional issues.  Irico also objects to this interrogatory as overbroad as to

11  the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.

12      Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

13  responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

14  **INTERROGATORY NO. 3**

15      For the period from formation through December 13, 2007, describe any changes in the

16  ownership interest held in Irico Group and Irico Display, including any changes in the percentage

17  of any stock, equity or other interests directly owned by the PRC government or by any other

18  entities.

19  **RESPONSE TO INTERROGATORY NO. 3**

20      Irico reasserts and incorporates each of the General Objections and Objections to the

21  Definitions and Instructions set forth above.  Irico further objects that this interrogatory is

22  irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or

23  briefing that applies to Plaintiff.  Irico further objects that this interrogatory seeks information

24  beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized

25  under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects

26  that this interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the

27  case in resolving jurisdictional issues.  Irico also objects to this interrogatory as overbroad as to

28  the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.

1    Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

2    responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

3    **INTERROGATORY NO. 4**

4    For the period from formation through December 13, 2007, describe the corporate

5    relationship between Irico Group and Irico Display in terms of corporate governance, including

6    the role of Irico Group in Irico Display's financial transactions, business activities, daily

7    operations, and legal affairs.

8    **RESPONSE TO INTERROGATORY NO. 4**

9    Irico reasserts and incorporates each of the General Objections and Objections to the

10   Definitions and Instructions set forth above.  Irico further objects that this interrogatory is

11   irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or

12   briefing that applies to Plaintiff.  Irico further objects that this interrogatory seeks information

13   beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized

14   under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects

15   that this interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the

16   case in resolving jurisdictional issues.  Irico also objects to this interrogatory as overbroad as to

17   the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.

18   Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

19   responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

20   **INTERROGATORY NO. 5**

21   Identify, separately for each year from formation through December 13, 2007, each of

22   your corporate board, board committee or management committee, including (i) its full name;

23   (ii) a brief description of its function; and (iii) the procedures and requirements for appointing and

24   removing any board/committee members.

25   **RESPONSE TO INTERROGATORY NO. 5**

26   Irico reasserts and incorporates each of the General Objections and Objections to the

27   Definitions and Instructions set forth above.  Irico further objects that this interrogatory is

28   irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or

1  briefing that applies to Plaintiff.  Irico further objects that this interrogatory seeks information

2  beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized

3  under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects

4  that this interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the

5  case in resolving jurisdictional issues.  Irico also objects to this interrogatory as overbroad as to

6  the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.

7  Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

8  responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

9  **INTERROGATORY NO. 6**

10  For each board, board committee or management committee identified in Interrogatory

11  No. 5, identify each person who served as a member of the corporate board, board committee or

12  management committee. For each person identified, include the person's name, his/her corporate

13  position(s), job duties, dates of employment/tenure, the entity which designated the person to the

14  board or committee, whether the person concurrently held a position as public official and if so,

15  the person's government title, duties, dates and term of office.

16  **RESPONSE TO INTERROGATORY NO. 6**

17  Irico reasserts and incorporates each of the General Objections and Objections to the

18  Definitions and Instructions set forth above.  Irico further objects that this interrogatory is

19  irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or

20  briefing that applies to Plaintiff.  Irico further objects that this interrogatory seeks information

21  beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized

22  under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects

23  that this interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the

24  case in resolving jurisdictional issues.  Irico also objects to this interrogatory as overbroad as to

25  the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.

26  Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

27  responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

28  **INTERROGATORY NO. 7**

1    Describe, separately for each year from formation through December 13, 2007, your

2    employment policies, including (i) whether the PRC government supervised your employment

3    practices; (ii) whether the PRC government required the hiring of public officials; and (iii)

4    whether the PRC government paid salaries of any public officials for serving in their corporate

5    capacities.

6    **RESPONSE TO INTERROGATORY NO. 7**

7    Irico reasserts and incorporates each of the General Objections and Objections to the

8    Definitions and Instructions set forth above.  Irico further objects that this interrogatory is

9    irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or

10   briefing that applies to Plaintiff.  Irico further objects that this interrogatory seeks information

11   beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized

12   under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects

13   that this interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the

14   case in resolving jurisdictional issues.  Irico also objects to this interrogatory as overbroad as to

15   the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.

16   Irico also objects that this interrogatory is vague and ambiguous in its use of the term

17   "employment policies."

18   Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

19   responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

20   **INTERROGATORY NO. 8**

21   State, separately for each year from formation through December 13, 2007, the identity

22   and positions of each person who approved or authorized your corporate operating budget,

23   including, without limitations, the estimates of revenues, the estimates of operating and capital

24   expenditures, and the estimates of borrowings.

25   **RESPONSE TO INTERROGATORY NO. 8**

26   Irico reasserts and incorporates each of the General Objections and Objections to the

27   Definitions and Instructions set forth above.  Irico further objects that this interrogatory is

28   irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or

1  briefing that applies to Plaintiff.  Irico further objects that this interrogatory seeks information

2  beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized

3  under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects

4  that this interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the

5  case in resolving jurisdictional issues.  Irico also objects to this interrogatory as overbroad as to

6  the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.

7  Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

8  responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

9  **INTERROGATORY NO. 9**

10  For the period from formation through December 13, 2007, state the date, amount and

11  interest rate (if applicable) of each capital or equity injection, loan, grant, financial contribution,

12  or any other financial support provided by the PRC government to you.

13  **RESPONSE TO INTERROGATORY NO. 9**

14  Irico reasserts and incorporates each of the General Objections and Objections to the

15  Definitions and Instructions set forth above.  Irico further objects that this interrogatory is

16  irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or

17  briefing that applies to Plaintiff.  Irico further objects that this interrogatory seeks information

18  beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized

19  under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects

20  that this interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the

21  case in resolving jurisdictional issues. Irico also objects to this interrogatory as overbroad as to

22  the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.

23  Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

24  responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

25  **INTERROGATORY NO. 10**

26  For each year from formation through December 13, 2007, state whether you were

27  permitted by law to obtain government guarantees on commercial debts; if yes, identify any

28  legally binding contractual engagement between the PRC government and any commercial lender

1    through which the government guarantee(s) on commercial debts were made on your behalf,

2    including the date and amount of the guarantee(s), and the identity of the third-party lender.

3    **RESPONSE TO INTERROGATORY NO. 10**

4    Irico reasserts and incorporates each of the General Objections and Objections to the

5    Definitions and Instructions set forth above.  Irico further objects that this interrogatory is

6    irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or

7    briefing that applies to Plaintiff.  Irico further objects that this interrogatory seeks information

8    beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized

9    under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects

10   that this interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the

11   case in resolving jurisdictional issues.  Irico also objects to this interrogatory as overbroad as to

12   the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.

13   Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

14   responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

15   **INTERROGATORY NO. 11**

16   For each year from formation through December 13, 2007, identify any special privileges

17   or obligations that you contend you enjoyed under PRC laws as a state-owned entity.

18   **RESPONSE TO INTERROGATORY NO. 11**

19   Irico reasserts and incorporates each of the General Objections and Objections to the

20   Definitions and Instructions set forth above.  Irico further objects that this interrogatory is

21   irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or

22   briefing that applies to Plaintiff.  Irico further objects that this interrogatory seeks information

23   beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized

24   under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects

25   that this interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the

26   case in resolving jurisdictional issues.  Irico also objects to this interrogatory as overbroad as to

27   the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.

28   Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

1  responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

2  **INTERROGATORY NO. 12**

3  For each year from formation through December 13, 2007, state the basis for any

4  contention that you engaged in public activity on behalf of the PRC government.

5  **RESPONSE TO INTERROGATORY NO. 12**

6  Irico reasserts and incorporates each of the General Objections and Objections to the

7  Definitions and Instructions set forth above.  Irico further objects that this interrogatory is

8  irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or

9  briefing that applies to Plaintiff.  Irico further objects that this interrogatory seeks information

10 beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized

11 under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects

12 that this interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the

13 case in resolving jurisdictional issues.  Irico also objects to this interrogatory as overbroad as to

14 the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.

15 Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

16 responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

17 **INTERROGATORY NO. 13**

18 Identify each and actual proposed agreements between you and any producer of CRTs

19 and/or CRT Products, including the named defendants in this coordinated proceeding, relating to

20 prices, pricing, production or inventory levels of CRTs and/or CRT Products during the Class

21 Period. For every such actual or proposed agreement, state:

22     (a)     the identity of the participants and all persons with knowledge thereof;

23     (b)     when such agreement was entered into;

24     (c)     where such agreement was entered into;

25     (d)     the terms of such agreement; and

26     (e)     when, how and which of your officers, directors or employees discovered the

27             existence of such agreement.

28 **RESPONSE TO INTERROGATORY NO. 13**

1    Irico reasserts and incorporates each of the General Objections and Objections to the

2  Definitions and Instructions set forth above.  Irico further objects that this interrogatory is

3  irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or

4  briefing that applies to Plaintiff.  Irico further objects that this interrogatory seeks information

5  beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized

6  under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects

7  that this interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the

8  case in resolving jurisdictional issues.  Irico also objects to this interrogatory as overbroad as to

9  the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.

10  Irico also objects that this interrogatory is vague and ambiguous in its use of the term "each and

11  actual proposed agreements."

12    Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

13  responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

14  **<u>INTERROGATORY NO. 14</u>**

15    Identify any meeting or communication between you and other producers of CRTsand/or

16  CRT Products during the Class Period, including the named Defendants in this coordinated

17  proceeding, regarding CRT and/or CRT Product pricing, price increase announcements, terms or

18  conditions of sales, profit margins or market share, production levels, inventory status, customers,

19  sales & profit, or import & export, and for each such meeting or communication:

20    (a)    provide the date and location of the meeting or communication;

21    (b)    identify the person(s) who initiated, called, organized, attended or participated in

22      the meeting or communication;

23    (c)    describe the subject matter discussed and any information you provided or

24      received;

25    (d)    describe every action taken by you as a result of the meeting or communication;

26      and

27    (e)    identify all persons with knowledge relating to the meeting or communication.

28  **<u>RESPONSE TO INTERROGATORY NO. 14</u>**

1    Irico reasserts and incorporates each of the General Objections and Objections to the

2   Definitions and Instructions set forth above.  Irico further objects that this interrogatory is

3   irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or

4   briefing that applies to Plaintiff.  Irico further objects that this interrogatory seeks information

5   beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized

6   under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects

7   that this interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the

8   case in resolving jurisdictional issues.  Irico also objects to this interrogatory as overbroad as to

9   the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.

10   Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

11   responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

12   **INTERROGATORY NO. 15**

13   Identify each instance during the Class Period in which you instituted a price increase or

14   decrease for CRTs and/or CRT Products, and for each such instance:

15   (a)   when such price increase or decrease was announced publicly;

16   (b)   when such price increase or decrease was implemented;

17   (c)   the amount of the price increase or decrease;

18   (d)   whether such price increase or decrease was withdrawn;

19   (e)   each person with responsibility for implementing such price increase or decrease

20   or its withdrawal; and

21   (f)   any explanation given for such price increase or decrease or withdrawal.

22   **RESPONSE TO INTERROGATORY NO. 15**

23   Irico reasserts and incorporates each of the General Objections and Objections to the

24   Definitions and Instructions set forth above.  Irico further objects that this interrogatory is

25   irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or

26   briefing that applies to Plaintiff.  Irico further objects that this interrogatory seeks information

27   beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized

28   under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects

1   that this interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the

2   case in resolving jurisdictional issues.  Irico also objects to this interrogatory as overbroad as to

3   the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.

4         Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

5   responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

6   **INTERROGATORY NO. 16**

7         Identify the CRTs and/or CRT Products that you manufactured or produced for each

8   month during the Class Period, including the brand name, product number, and intended use.

9   **RESPONSE TO INTERROGATORY NO. 16**

10         Irico reasserts and incorporates each of the General Objections and Objections to the

11   Definitions and Instructions set forth above.  Irico further objects that this interrogatory is

12   irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or

13   briefing that applies to Plaintiff.  Irico further objects that this interrogatory seeks information

14   beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized

15   under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects

16   that this interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the

17   case in resolving jurisdictional issues.  Irico also objects to this interrogatory as overbroad as to

18   the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.

19         Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

20   responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

21   **INTERROGATORY NO. 17**

22         Identify the CRTs and/or CRT Products that you sold, marketed, or distributed for each

23   month during the Class Period, including the brand name, product number, and intended use.

24   **RESPONSE TO INTERROGATORY NO. 17**

25         Irico reasserts and incorporates each of the General Objections and Objections to the

26   Definitions and Instructions set forth above.  Irico further objects that this interrogatory is

27   irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or

28   briefing that applies to Plaintiff.  Irico further objects that this interrogatory seeks information

1  beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized

2  under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects

3  that this interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the

4  case in resolving jurisdictional issues.  Irico also objects to this interrogatory as overbroad as to

5  the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.

6      Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

7  responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

8  **INTERROGATORY NO. 18**

9      Identify every channel used by you to sell, market, or distribute CRTs and/or CRT

10  Products during the Class Period, including:

11      (a)    the identity of the entity or division that issued the invoice for the CRT and/or

12          CRT Product sale;

13      (b)    the identity of the entity to which you invoiced the CRT and/or CRT Product sale;

14      (c)    the destined country or region of CRTs and/or CRT Products;

15      (d)    the type of CRT and/or CRT Product sold or distributed through each channel;

16      If You used different channels at different points within the Class Period, identify when

17  you used each channel to sell, market, or distribute CRTs and/or CRT Products.

18  **RESPONSE TO INTERROGATORY NO. 18**

19      Irico reasserts and incorporates each of the General Objections and Objections to the

20  Definitions and Instructions set forth above.  Irico further objects that this interrogatory is

21  irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or

22  briefing that applies to Plaintiff.  Irico further objects that this interrogatory seeks information

23  beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized

24  under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects

25  that this interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the

26  case in resolving jurisdictional issues.  Irico also objects to this interrogatory as overbroad as to

27  the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.

28      Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

1   responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

2   **INTERROGATORY NO. 19**

3          Provide your sales of CRTs and/or CRT Products to the United States and globally for

4   each month, quarter, calendar year or fiscal year during the Class Period. Please state the volume

5   of sales, the U.S. dollar value of sales, the unit sale price, the per unit cost to produce CRT and/or

6   tariff, customs, duties, inland freight, storage, insurance, dealer commissions, and the per unit

7   profit earned.

8   **RESPONSE TO INTERROGATORY NO. 19**

9          Irico reasserts and incorporates each of the General Objections and Objections to the

10  Definitions and Instructions set forth above.  Irico further objects that this interrogatory is

11  irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or

12  briefing that applies to Plaintiff.  Irico further objects that this interrogatory seeks information

13  beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized

14  under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects

15  that this interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the

16  case in resolving jurisdictional issues.  Irico also objects to this interrogatory as overbroad as to

17  the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.

18         Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

19  responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

20  **INTERROGATORY NO. 20**

21         Describe any steps you have taken since December 13, 2007 to preserve evidence,

22  including all relevant documents and information relating to: (i) Plaintiffs' claims and allegations

23  in their complaints; (ii) your affirmative defenses, including any defense under the Foreign

24  Sovereign Immunity Act; (iii) your purchases and/or sales of CRTs and/or CRT Products,

25  including related transactional data; and (iv) your communications, including any contracts or

26  agreements with other sellers and/or manufacturers of CRTs and/or CRT Products.

27  **RESPONSE TO INTERROGATORY NO. 20**

28         Irico reasserts and incorporates each of the General Objections and Objections to the

Definitions and Instructions set forth above.  Irico further objects that this interrogatory is irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or briefing that applies to Plaintiff.  Irico further objects that this interrogatory seeks information beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects that this interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving jurisdictional issues.  Irico also objects to this interrogatory as overbroad as to the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.

Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

**INTERROGATORY NO. 21**

State whether any documents or information responsible to this set of interrogatories were destroyed, discarded, erased, deleted, purged, or otherwise lost. If your answer is in any way in the affirmative:

     (a)    describe in detail the contents of each such document or information and the date it was destroyed, discarded, erased, deleted, purged, or lost;

     (b)    identify each person who had any role or responsibility in destroying;

     (c)    describe in detail the circumstances under which each such document or information was destroyed, discarded, erased, deleted, purged, or lost.

**RESPONSE TO INTERROGATORY NO. 21**

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.  Irico further objects that this interrogatory is irrelevant and premature because the Court has not set a schedule for jurisdictional discovery or briefing that applies to Plaintiff.  Irico further objects that this interrogatory seeks information beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects that this interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving jurisdictional issues.

1         Subject to and without waiving the objections stated above, Irico refers Plaintiff to Irico's

2    responses to DPP's jurisdictional discovery, which were served on Plaintiff on May 4, 2018.

3    Dated:  May 25, 2018                          BAKER BOTTS LLP

4

5                                                  */s/ Stuart C. Plunkett*
                                                   Stuart C. Plunkett
6                                                  Email:  stuart.plunkett@bakerbotts.com
                                                   BAKER BOTTS L.L.P.
7                                                  101 California Street, Suite 3600
                                                   San Francisco, CA94111
8                                                  Telephone: (415) 291 6203
                                                   Facsimile: (415) 291 6303
9
                                                   John Taladay (*pro hac vice*)
10                                                 john.taladay@bakerbotts.com
                                                   Erik Koons (*pro hac vice*)
11                                                 erik.koons@bakerbotts.com
                                                   BAKER BOTTS LLP
12                                                 1299 Pennsylvania Ave., NW
                                                   Washington, D.C. 20004
13                                                 Telephone: (202)-639-7700
                                                   Facsimile: (202)-639-7890
14
                                                   *Attorneys for Defendants*
15                                                 *IRICO GROUP CORP. and*
                                                   *IRICO DISPLAY DEVICES CO., LTD.*
16

17

18

19

20

21

22

23

24

25

26

27

28

IRICO DEFENDANTS' OBJECTIONS AND RESPONSES TO
INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES

## CERTIFICATE OF SERVICE

**In re: Cathode Ray Tube (CRT) Antitrust Litigation - MDL No. 1917**

      I declare that I am employed in the County of San Francisco, California.  I am over the age of eighteen years and not a party to the within case; my business address is: Baker Botts LLP, 101 California Street, Suite 3600, San Francisco, CA 94111.

      On May 25, 2018, I served the following document(s) described as:

### IRICO DEFENDANTS' OBJECTIONS AND RESPONSES TO
### INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES

on the following interested parties in this action:

| | |
|---|---|
| Guido Saveri (guido@saveri.com) | Mario N. Alioto (malioto@tatp.com) |
| R. Alexander Saveri (rick@saveri.com) | Lauren C. Capurro (laurenrussell@tatp.com) |
| Geoffrey C. Rushing (grushing@saveri.com) | Joseph M. Patane (jpatane@tatp.com) |
| Cadio Zirpoli (cadio@saveri.com) | TRUMP, ALIOTO, TRUMP & PRESCOTT, |
| Matthew D. Heaphy (mheaphy@saveri.com) | LLP |
| SAVERI & SAVERI, INC. | 2280 Union Street |
| 706 Sansome St # 200, | San Francisco, CA 94123 |
| San Francisco, CA 94111 | |

*Lead Counsel for the Direct Purchaser Plaintiffs*

*Lead Counsel for the Indirect Purchaser Plaintiffs*

[ ]    (BY OVERNIGHT DELIVERY) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

[ ]    (BY MAIL) by placing a true copy thereof in a sealed envelope with postage fully prepaid and addressed to the persons at the addresses as shown above.  I am readily familiar with the business practice of Baker Botts LLP for collection and processing of correspondence for mailing with the United States Postal Service, and the correspondence would be deposited with United States Postal Service that same day in the ordinary course of business.

[X]    (BY ELECTRONIC MAIL) I caused such documents to be sent to the persons at the email addressed listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on May 25, 2018, 2012 at San Francisco, California.

*/s/ Stuart C. Plunkett*
Stuart C. Plunkett

IRICO DEFENDANTS' OBJECTIONS AND RESPONSES TO
INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES