**BAKER BOTTS** LLP

| | | |
|---|---|---|
| 101 CALIFORNIA ST. | AUSTIN | LONDON |
| SUITE 3600 | BEIJING | MOSCOW |
| SAN FRANCISCO, CALIFORNIA | BRUSSELS | NEW YORK |
| 94111 | DALLAS | PALO ALTO |
| | DUBAI | RIYADH |
| TEL +1.415.291.6200 | HONG KONG | **SAN FRANCISCO** |
| FAX +1.415.291.6300 | HOUSTON | WASHINGTON |
| BakerBotts.com | | |

Stuart C. Plunkett
TEL: 415.291.6203
FAX: 415.291.6303
stuart.plunkett@bakerbotts.com

May 30, 2018

*VIA ECF*

Honorable Jon S. Tigar
United States District Court
Northern District of California
Courtroom 9, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917
             Objection to IPP's Letter Regarding Proposed Jurisdictional Schedule

Dear Judge Tigar:

      Defendants Irico Group Corporation and Irico Display Devices Co., Ltd. ("Irico") hereby object to the inappropriate letter and proposed order submitted today by the Indirect Purchaser Plaintiffs ("IPPs") in this matter. Irico requests that the Court strike the letter and direct IPPs to seek relief by motion, as required by Rule 7-1(a) of the Local Rules.

      IPPs' letter asks the Court to enter an Order permitting IPPs to participate in the jurisdictional phase of this case, defining IPPs' role with regard to jurisdictional matters (including permitting IPPs to file an opposition brief and take jurisdictional discovery), and setting the same schedule that the Court set for Irico and the Direct Purchaser Plaintiffs ("DPPs") following the April 24, 2018 Case Management Conference. IPPs cite Section H of the Court's Standing Order as the basis for seeking relief by letter, but Section H applies only to discovery disputes. This is not a discovery dispute, as IPPs acknowledge when they describe it as "*in the nature* of a discovery dispute." (Dkt. 5298 at 1.) This is in fact a case management issue that was addressed by the Court at the CMC, which IPPs voluntarily chose to skip. If this were a discovery dispute, the letter should go to the discovery referee under the Court's orders for this case. And if it were a discovery dispute, the letter would need to be joint, as Section H requires. On a meet and confer call today, when asked about the rationale for seeking relief by letter, counsel for IPPs acknowledged that these matters cannot be resolved by the referee but said it was "in the nature" of a discovery issue. There is no discovery issue here.

      Importantly, IPPs gloss over their decision not to participate in the April 24 CMC where Irico, the DPPs, and the Court worked to set a schedule and parameters for jurisdictional

**BAKER BOTTS** LLP

Honorable Jon S. Tigar							- 2 -							May 30, 2018

questions.  During a conference call on March 26—a month before the CMC—counsel for IPPs stated that IPPs intended to participate in the CMC.  The next day, IPPs served two sets of "jurisdictional" discovery on Irico.  Again, in a call on April 16, after receiving the draft Joint CMC Statements of Irico and DPPs, counsel for IPPs stated IPPs were "too pressed for time" to contribute to the joint statement but would still participate in the CMC.  Counsel stated he would call counsel for Irico prior to the CMC to let Irico know IPP's position regarding jurisdictional discovery and scheduling so Irico would not be "blind-sided" at the CMC.  That call never happened, and IPPs did not appear at the CMC (even though Mr. Alioto was present in the courtroom and sat moot when the Court asked whether there were any other issues to be discussed).  IPPs subsequently sent a proposed stipulated schedule to Irico with the same deadlines as those negotiated with the DPPs, which negotiations the IPPs did not join.  Clearly if IPPs intend to pursue discovery and their own briefing on jurisdictional issues, the schedule worked out with the DPPs needs to be revised.  IPPs have apparently been unable to work with the DPPs to negotiate a revised schedule, and it is clear from their communications that while they may endeavor to "coordinate" with DPPs, their participation in jurisdictional matters will significantly add to Irico's burden and require a revised schedule and likely other directives from the Court.  These matters should be raised by motion under the Court's rules.

										Respectfully submitted,

										Stuart C. Plunkett
										*Counsel for Defendants*
										*Irico Group Corp. and Irico Display Devices Co., Ltd.*