Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA  94111
Tel:  (415) 871-2888
Fax:  (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>ALL INDIRECT PURCHASER PLAINTIFFS | MDL No 1917<br><br>Case No C-07-5944 JST<br><br>**ORDER RE IPPS' MOTION FOR JURISDICTIONAL DISCOVERY**<br><br>**RE ECF No 5301** |

    The present discovery dispute arises from the May 29, 2018 letter from counsel for the Indirect Purchaser Plaintiffs ("IPPs") requesting to be included in the jurisdictional discovery and briefing schedule ordered in the Direct Purchaser Plaintiffs' ("DPPs") action, ECF No 5298, and the objection from counsel for the Irico Group Corporation and Irico Display Devices Co, Ltd ("Irico defendants"), ECF No 5300.  On May 31, 2018, the court ordered this and other discovery disputes in this case to the undersigned as special master.  ECF No 5301.

Following the submission of this matter to the undersigned, the parties have submitted additional letter briefs: (1) the IPPs' and the DPPs' separate letter briefs both dated June 7, 2018, (2) the Irico defendants' response dated June 12, 2018, (3) the IPPs' and the DPPs' replies dated June 15, 2018 and (4) the Irico defendants' surreply dated June 18, 2018. Having considered these submissions, the undersigned issues this report and recommendation.

A brief summary of relevant events will frame what follows. After setting aside entry of default against the Irico defendants, the court ordered that the "case against the Irico Defendants having now reopened," the DPPs and the IPPs "are free to undertake jurisdictional discovery." 2/1/18 Order Setting Aside Default, ECF No 5240 and 4/6/18 Stipulation and Order Vacating Clerk's Entry of Default, ECF No 5271. After denying the DPPs' motion to compel discovery, the court ordered the parties to submit a jointly proposed schedule for completion of jurisdictional discovery. 4/25/18 Order Denying Motion to Compel, ECF No 5277. On April 23, 2018, the court held a case management conference at which counsel for the DPPs and the Irico defendants made appearances but counsel for the IPPs, while present, did not appear before the court.

Thereafter, the DPPs and the Irico defendants submitted the following stipulated schedule for their jurisdictional discovery, briefing and hearing dates:

| | |
|---|---|
| July 18, 2018 | Irico's opening motion on jurisdictional issues |
| October 3, 2018 | Close of jurisdictional discovery |
| October 15, 2018 | DPPs' opposition due |
| November 15, 2018 | Irico's reply due |
| December 6, 2018 | Hearing (tentative) |

5/1/18 Stipulation and Order, ECF No 5282.

The IPPs contend that they sought to establish the same schedule with the Irico defendants after the April 23, 2018 CMC but were rebuffed. The IPPs have submitted a proposed order setting the same schedule for the IPPs' jurisdictional discovery and briefing as

that in the DPPs' action and have requested that the undersigned recommend entry of that proposed order.

The Irico defendants object on the following grounds: (1) the IPPs had an opportunity to participate in the April 23, 2018 Case Management Conference requested by the DPPs and Irico, attended the CMC and failed to appear and express their positions "even when the Court specifically asked if any other party wanted to raise any issues," (2) had they known that they would have to conduct discovery and litigate against two plaintiff classes, the Irico defendants would not have agreed to such a "compressed" schedule and would be "substantially prejudiced" if the IPPs were included in the current schedule and (3) scheduling jurisdictional motions is not within the scope of the court's referral to the undersigned. June 12, 2018 Irico Reponse. The Irico defendants complain of prejudice by having to respond to an additional 25 interrogatories and unlimited discovery requests from the IPPs, motions to compel, separate deposition requests and separate merits briefing, all during the "compressed schedule." June 18, 2018 Irico Surreply. Accordingly, the Irico defendants request that:

> Should Your Honor permit IPPs to participate in jurisdictional discovery, Irico proposes that (1) IPPs be bound to the limitations they have already agreed to with respect [to] the discovery served to date, (2) any additional discovery, including requests for depositions, be made jointly with DPPs, and (3) any discovery disputes be raised jointly with DPPs in a single letter brief. To the extent IPPs are permitted to respond to Irico's motion to dismiss in the DPP case, IPPs and DPPs should be required to file a single, joint brief. June 12, 2018 Irico Response at 5.

The DPPs have weighed in by requesting that: (1) the current schedule remain unchanged and (2) contrary to Irico's request, the DPPs not be limited to filing joint oppositions or briefing with the IPPs because that would be contrary to previous practice in this litigation.

The DPPs' jurisdictional discovery now being in progress, the undersigned agrees with the DPPs that the court's order setting the jurisdictional motion and discovery between the DPPs and Irico defendants should not be delayed or disturbed by the undersigned. The court


has recognized that the Irico defendants' refusal to appear and litigate the case has caused prejudice to the plaintiffs:

> [T]he DPPs were inarguably prejudiced by the Irico Defendants' decision to disappear from the case for ten years. The Irico Defendants could have raised their FSIA defense at the outset, and the Court would have then assessed whether it had jurisdiction over the case. Instead, by refusing to appear and litigate the case, the Irico Defendants have delayed resolution of the jurisdictional question for ten years. After the passage of so much time, it is likely that documents and data have been lost, that witnesses have become unavailable, or that important details have been forgotten. 2/1/18 Order Setting Aside Default, ECF 5240 at 15.

While the court also noted that the plaintiffs' delay in seeking entry of default contributed to the prejudice, it is clear that the jurisdictional discovery in both the DPPs and IPPs actions should proceed promptly.

I.  **Briefing Schedule for Jurisdictional Motions**

The undersigned agrees with Irico that the court's referral is limited to discovery matters and does not appear to include scheduling of jurisdictional motions. Scheduling of such substantive motions is indeed a case management matter for the court, not a discovery issue. Accordingly, the IPPs' request for a recommendation on a briefing schedule for the Irico's jurisdictional motion in the IPPs' action is **DENIED.**

II.  **Jurisdictional Discovery Schedule**

Turning to the IPPs' requests for a jurisdictional discovery schedule, it seems reasonable to set the same jurisdictional discovery cut-off date as in the DPPs' action – October 3, 2018. Having the same discovery completion date will likely promote coordination of jurisdictional discovery by the DPPs and IPPs and thus judicial efficiency in a case that has long been delayed.

The Irico defendants' claim of "substantial burden" in having to conduct discovery with both the IPPs and the DPPs on the same schedule is not persuasive. The Irico defendants are represented by capable and experienced counsel who routinely conduct complex discovery on abbreviated schedules. More importantly, the discovery sought is for jurisdictional purposes only which should be more limited in scope than discovery on the merits. The Irico defendants have had the IPPs' first round of discovery requests since March 2018, shortly after the DPPs served their first set of requests. The IPPs' and DPPs' jurisdictional discovery almost certainly will overlap significantly and any discovery that is unique to the IPPs should be manageable. To the extent the IPPs' jurisdictional discovery extends further and creates an undue burden, the Irico defendants may seek relief from the undersigned.

### III.     Coordinated Discovery and Briefing

All parties in this case are bound by the Discovery Protocol, ECF No 1128, which requires the parties to avoid duplicative discovery and to coordinate whenever possible. In general, the Discovery Protocol has worked to enhance efficient discovery in this MDL.

The Irico defendants' June 12 Response raises a number of issues or requests relating to discovery. First, the Irico defendants imply that the IPPs are not permitted "to participate in jurisdictional discovery" and require permission from the undersigned to do so. June 12, 2018 Irico Response at 5. The Irico defendants misapprehend the court's ruling. To be clear, on April 6, 2018, the Irico defendants stipulated – and the court ordered – that the "IPPs are free to commence discovery against the Irico Defendants." ECF No 5271 at 2.

Next, the Irico defendants propose that (1) IPPs be bound to the limitations they have already agreed to with respect [to] the discovery served to date, (2) any additional discovery, including requests for depositions, be made jointly with DPPs, and (3) any discovery disputes be raised jointly with DPPs in a single letter brief. June 12, 2018 Irico Response at 5. These requests are not supported with facts establishing undue burden on defendants. Moreover,

the IPPs and DPPs have been conducting discovery in this case for many years and have acknowledged their obligation to coordinate as required by the Discovery Protocol.  Not only are Irico's requested limitations unnecessary and factually unsupported, they are inconsistent with previous practice in this litigation.  The IPPs and DPPs are distinct plaintiff classes whose interests are similar but not wholly identical and therefore, they are entitled to their independent discovery as long as they comply with the Discovery Protocol.  The Irico defendants have failed to advance a compelling fact or reason to impose new and more burdensome discovery limitations at odds with the usual discovery practice in this multi-district litigation.

In conclusion, the IPPs' request to have jurisdictional discovery in the IPPs' action completed by October 3, 2018 is **GRANTED**.  The IPPs' request to be included in the jurisdictional motion briefing schedule set forth in ECF 5301 is **DENIED**.  The Irico defendants' requests to limit the IPPs to their previously offered discovery limitations and to require the IPPs and DPPs to file joint discovery requests and discovery briefs are **DENIED**.  The DPPs' request to leave the DPPs' and Irico defendants' stipulated jurisdictional scheduling order, ECF No 5282, intact is **GRANTED**.

//
//
//
//
//
//
//
//
//
//

1. All jurisdictional discovery in the IPP action shall be completed by **October 3, 2018.**
2. The IPPs and DPPs are not limited to serving joint discovery requests or filing joint discovery motions or briefs and shall coordinate their jurisdictional discovery in compliance with the Discovery Protocol, ECF 1128.

IT IS SO ORDERED.

Date: July 6, 2018

_____
Vaughn R Walker
United States District Judge (Ret)

The Recommended Order of the Special Master is Accepted and Ordered / ~~Denied~~ / ~~Modified.~~

Date: July 24, 2018

_____
Honorable Jon S Tigar
United States District Judge