Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA  94111
Tel:  (415) 871-2888
Fax:  (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>ALL DIRECT PURCHASER PLAINTIFFS | MDL No 1917<br><br>Case No C-07-5944 JST<br><br>**SPECIAL MASTER'S ORDER RE DPPS' MOTION FOR JURISDICTIONAL DISCOVERY**<br><br>**RE ECF No 5301** |

This discovery dispute arises from the July 5, 2018 letter from counsel for the Direct Purchaser Plaintiffs ("DPPs") seeking to compel defendants Irico Group Corporation and Irico Display Devices Co, Ltd ("Irico") to respond to certain discovery regarding the court's jurisdiction over Irico.  The matter comes to the undersigned by virtue of the court's May 31, 2018 order regarding discovery disputes.  ECF No 5301.

1    After the DPPs' July 5, 2018 letter brief, the parties submitted additional letter

2 briefs with accompanying declarations:  (1) Irico's opposition dated July 13, 2018, (2) DPPs'

3 reply dated July 18, 2018, (3) Irico's sur-reply dated July 25, 2018 and (4) DPPs' further reply

4 dated July 31, 2018.  Having considered these submissions, the undersigned issues this order.

5    After appearing and litigating in these proceedings, Irico withdrew from the case

6 in 2010.  The DPPs took Irico's default, ECF No 4727, then moved for a default judgment, see

7 ECF No 5191.  Irico thereupon appeared and moved to set aside its default.  ECF No 5214-15.

8 The court set aside Irico's default.  ECF No 5240.  The parties then opened discovery on the

9 court's jurisdiction over Irico.  ECF No 5282.  Presently, the parties are in the midst of

10 jurisdictional discovery, stipulated to be completed by October 3, 2018.  Meanwhile, Irico filed

11 motions to dismiss for lack of jurisdiction on July 18, 2018.  ECF No 5312-13.

12    After adequately satisfying their "meet and confer" obligations, the DPPs'

13 present discovery motion seeks:  (1) substantive and sworn responses to the DPPs'

14 Interrogatory No 20 and RFP No 9 directed to Irico's United States sales and the basis for Irico's

15 assertion that it has no United States sales; (2) production of documents responsive to the

16 DPPs' request for production of documents relating to twenty-six meetings that have been

17 documented by other defendants and that appear relevant to Foreign Sovereign Immunities Act

18 ("FSIA") immunity; and (3) identification of documents reviewed and witnesses consulted by

19 Irico's employee Wenkai Zhang in connection with his declaration in support of Irico's motion to

20 set aside Irico's default.  DPPs' July 5, 2018 letter at 3.

22    **I.    Interrogatory No 20 and RFP No 9:  All Sales in the United States of Irico CRTs**

23    The DPPs contend that Irico has failed to provide a substantive response and

24 have not produced relevant documents responsive to Interrogatory No 20 and RFP No 9

25 regarding sales by Irico of CRTs in the United States.  In particular,  DPPs contend that Irico has:

26 (1) failed to disclose United States sales made "through" other companies, e g, Irico Electronics,

28 ORDER RE DPPS' MOTION FOR JURISDICTIONAL DISCOVERY                                    PAGE **2** OF **9**

1   Xian Irico Display Technology Co, Ltd and Caihong Co, that exported Irico's CRT products, (2)

2   failed to search the records of these related companies, (3) failed to identify relevant records in

3   sufficient detail to enable the DPPs to locate and identify them as readily as Irico could and (4)

4   failed to identify all managerial persons with knowledge of their United States sales and their

5   work histories.  DPPs' July 5, 2018 letter at 5-8.  The DPPs further assert that Irico has failed to

6   provide explanations of sales records and of "Irico's efforts to sell products in the US during the

7   class period" as requested by Interrogatory No 20.  DPPs' July 18, 2018 letter at 2.

8          The DPPs voice concerns that (1) Irico may be withholding other records relating

9   to United States sales besides those Caihong sales that Irico recently produced, requested to be

10  clawed back as inadvertently produced and then withdrew its clawback request and (2) Irico,

11  although in possession of full information about its relationship with Caihong, has failed to

12  support with evidence its claim that it is "independent" from Caihong.  Id at 4.

13         Regarding Interrogatory No 20 and RFP No 9, Irico states that:  (1) there is "no

14  issue" since Irico is willing to produce "all responsive information regarding any sale of its CRTs

15  it made to the U.S., and Irico has confirmed that it made no such sales," (2) Irico has agreed to

16  make its archived sales records available for DPPs' inspection and is in the process of preparing

17  a summary of the documents and will provide that to DPPs "as soon as possible," (3) Irico has

18  identified two people with knowledge of sales and "is not required to list everyone with some

19  knowledge of sales" and (4) Irico agrees to produce responsive electronic sales records if any

20  are located.  Irico's July 13, 2018 letter at 2-3.  In its sur-reply, Irico contends that it has now

21  submitted a sworn declaration (by Zhaojie Wang) confirming that "neither Irico Group nor Irico

22  Display, nor any other subsidiary of Irico Group sold any CRTs to the United States at any time

23  from 1995-2007."  Irico's July 25, 2018 letter at 2.  Irico further notes that it has provided DPPs

24  with "the requested information on relevant prior positions held by all employees identified as

25  knowledgeable on U.S. sales (and all other Interrogatory topics)" and "will supplement its

26  interrogatory responses accordingly." Id.

27

28  ORDER RE DPPS' MOTION FOR JURISDICTIONAL DISCOVERY                                PAGE **3** OF **9**

1        It appears that there is no dispute that United States sales of Irico's CRTs

2   occurred during the class period and these sales are relevant to jurisdiction.  Irico has also not

3   objected to discovery requests on this subject as burdensome.  Indeed, Irico appears to have

4   agreed to produce all relevant information.  The dispute appears to be focused on Irico's

5   concept of relevance and whether the scope of Irico's search and production has been

6   sufficiently thorough and comprehensive.  Irico previously asserted that it had no United States

7   sales of CRT products and submitted the sworn declaration of its employee Wenkai Zhang

8   stating:  "Irico is not aware of any sales by Irico of CRT products, including CPT or CDT products,

9   to customers in the United States, either directly or indirectly through a distributor."  DPPs' July

10  18, 2018 letter at 3 (citing ECF No 5215-1, ECF 5215 at 12, ECF 5229 at 1).  Due to the recently

11  produced documents regarding Caihong sales of Irico's CRT products in the United States, it

12  appears that Mr Zhang's sworn statement – that "Irico is not aware of any sales by Irico of CRT

13  Products, including CPT or CDT products, to customers in the United States, either directly or

14  indirectly through a distributor" – is at best incorrect.  In its sur-reply, Irico did not dispute the

15  DPPs' assertion that Irico's declaration was untrustworthy.

16        Irico's submission of such a statement to the court significantly undermines its

17  position.  Irico's production and attempted clawback of documents, followed by its withdrawal

18  of its clawback request is also noted.  The recently submitted Zhaojie Wang declaration

19  statement fails to persuade due to its ambiguity and narrow focus on sales "to the United

20  States."  See Plunkett Decl July 25, 2018, Exh 1 ¶ 12 at 4.  While this ambiguity may be a

21  product of translation, its clarification is fair game for discovery.

22        Accordingly, the DPPs' motion to compel responses to Interrogatory No 20 and

23  RFP No 9 is GRANTED.  Irico shall:  (1) supplement its responses in full no later than September

24  4, 2018, (2) search for and produce all documents relating to any and all sales of Irico CRT

25  Products into the United States during the class period by any party whether related or not,

26  including Irico Electronics, Xian Irico Display Technology Co, Ltd and Caihong Co, and any other

27

28  ORDER RE DPPS' MOTION FOR JURISDICTIONAL DISCOVERY                          PAGE **4** OF **9**

entity that exported Irico's CRT products into the United States no later than September 4, 2018, (3) search for and produce pertinent documents detailing the legal relationship of Irico and Caihong Co and any other exporter of Irico's CRT products into the United States throughout the class period no later than September 4, 2018, (4) identify the locations of all repositories of electronic documents or files relating to United States sales of Irico's CRT Products and the legal relationships of Irico and any entities that sold Irico's CRT Products in the United States throughout the class period and include that information to the DPPs in its sales discovery responses no later than September 4, 2018, (5) provide summary explanations of sales records relevant to United States sales of Irico's CRT Products and of "Irico's efforts to sell products in the U.S. during the class period" as requested by Interrogatory No 20 no later than August 24, 2018 and (6) identify all managerial persons with knowledge of United States sales of Irico's CRT Products throughout the class period and their work histories no later than August 10, 2018.

## II.      RFP No 10:  Documents Regarding Twenty-six Irico Meetings with Other Defendants

Having come into possession of meeting notes from other parties, the DPPs have reason to believe that Irico participated in over 70 meetings relevant to the conspiracy involved in this litigation.  The DPPs identified 26 of these meetings in their request for jurisdictional discovery and propounded RFP No 10, requesting:

> All documents related to any Meeting identified in Exhibit 11 of the Declaration of R Alexander Saveri dated January 11, 2018 (including but not limited to any communications by, between, or among any directors, officers, or Employees of Group or Display related to such Meetings).

The DPPs argue that these meetings are relevant to jurisdiction because they may establish facts relevant to whether FSIA's commercial activity exception precludes Irico's

immunity defense.  The DPPs contend that Irico has relied on its denial of participation in the

conspiracy to contend that it is immune from suit.  July 5, 2018 letter, citing ECF No 5215 at 12-

13.  Because discovery related to such meetings is relevant to the FSIA issues, it is therefore

permissible jurisdictional discovery.  Id.  The DPPs also reject any burden objection because RFP

No 10 seeks documents relating to 26 meetings identified by dates and with names of specific

individuals, allowing for an efficient search for responsive documents.

Irico objects to discovery regarding Irico's alleged participation in meetings

occurring 11-20 years ago on the ground that it is intrusive merits discovery, not jurisdictional

discovery.  Irico cites to *Af-Cap Inc v Chevron Overseas (Congo) Ltd,* 475 F3d 1080 (9 Cir 2007)

for the "holding that a defendant challenging jurisdiction under the FSIA should not be subject

to merits discovery unless and until the Court concludes that it can properly exercise

jurisdiction."  Irico's July 13, 2018 letter at 4.  According to Irico, the Ninth Circuit standard for

jurisdictional discovery under the FSIA is "only to the extent it is needed to 'verify allegations of

specific facts *crucial* to the immunity determination.'"  Id.

Irico contends that the requested discovery is neither crucial to immunity nor

relevant because Irico's July 18, 2018 motions to dismiss setting forth the bases for immunity

under FSIA did not depend on Irico's participation in the alleged conspiracy.  Irico's July 25,

2018 letter at 3.  Finally, Irico contends that the DPPs "already possess information they need

to demonstrate Irico's participation in the alleged conspiracy" and therefore the discovery

requested does not satisfy the standard for FSIA jurisdictional discovery.  Id.

Under the FSIA, foreign states are presumed immune from jurisdiction of United

States courts unless one of the statutory exceptions applies.  *Gates v Victor Fine Foods*, 54 F3d

1457, 1459 (9 Cir 1995).  For example, a foreign state is not immune if the plaintiff's cause of

action is based on a commercial activity carried out by the foreign state.  28 USC Section

1605(a).  In *Af-Cap*, the issue was whether the district court abused its discretion in denying full

discovery once it found that the sovereign had no immunity from suit, specifically in accepting

1   the Congo's declarations in lieu of meaningful discovery.  In affirming the district court's

2   discovery ruling, the Ninth Circuit stated that the district court acted consistently with the

3   "admonition that discovery against a foreign sovereign" should be ordered "circumspectly and

4   only to verify specific allegations crucial to the immunity determination."  Af-Cap, 475 F3d at

5   1095.   But the Ninth Circuit found that the district court did not refuse discovery based on the

6   sovereign's immunity but rather because the discovery requests had "gone too far." 1095-96.

7   Applying the *Af-Cap* standard and Judge Tigar's order allowing jurisdictional but

8   not merits discovery, it appears that the discovery sought is directly relevant to jurisdiction

9   because it would shed light on commercial activities and immunity under the FSIA.  Simply

10  because the discovery requested may reveal facts relevant to both jurisdiction and the merits

11  does not preclude that discovery from being jurisdictional in nature.  Moreover, Irico's decision

12  not to present arguments in its motions to dismiss that "depend[ ] on Irico's participation in the

13  alleged conspiracy," does not alter the relevance nor crucial nature of the discovery sought.

14  Irico has relied on immunity under the FSIA in its current motions to dismiss.  The parties have

15  until October 3, 2018 to conduct jurisdictional discovery and the DPPs may be prejudiced if they

16  are not allowed to obtain this discovery now.  The undersigned is also persuaded that the

17  discovery sought tailored as it is to 26 meetings, identified by date and names of Irico

18  participants, should not be unduly burdensome.

19  Hence, the DPPs' motion to compel discovery on RFP No 10 is GRANTED.

20

21  **III.    Interrogatory No 9:  Wenkai Zhang's FSIA Investigation**

22  The DPPs' Interrogatory No 9 requests the basis for Mr Zhang's declaration in

23  support of Irico's FSIA arguments:

24

25

26

27

28  ORDER RE DPPS' MOTION FOR JURISDICTIONAL DISCOVERY                     PAGE **7** OF **9**

Please describe with particularity all investigation or collection of information that Wenkai Zhang performed in connection with the preparation of his declaration, including:

a. The identity of All Employees, officers or agents of Irico with whom he communicated (whether oral or written) in connection with his declaration; and

b. The identity of all Documents he reviewed in connection with his declaration.

The DPPs contend that: (1) Interrogatory No 9 is relevant to the FSIA issues and hence to jurisdiction, (2) the individuals Mr Zhang spoke with are potential witnesses and (3) the documents he reviewed may also be probative. Further, the DPPs assert there is no undue burden since all documents that Mr Zhang reviewed have been produced and it should be straightforward to list names of all individuals with whom Mr Zhang consulted in preparing his declaration. DPPs' July 5, 2018 letter at 10-11.

Irico objected on July 13 to this discovery because: (1) Judge Tigar never considered Mr Zhang's declaration in ruling on the motion to set aside default and it is not relevant, (2) Irico "will produce all documents relied upon by Mr. Zhang in response to their jurisdictional discovery" and "DPPs will thus receive all information considered by Mr. Zhang," and (3) Irico will submit declarations in support of its jurisdictional motions and DPPs will have an opportunity to take discovery with respect to those declarations. Irico's July 13, 2018 letter at 4. Irico's July 25, 2018 repeats these arguments, adding that "Irico has produced the documents that Mr. Zhang considered."

The undersigned finds that Interrogatory No 9 is relevant to FSIA issues and jurisdiction and may lead to other potential witnesses and documents. Irico's refusal to respond to Interrogatory No 9 on relevance grounds is without merit. Irico chose Mr Zhang to be its sworn declarant and therefore understood that he would likely be subject to further discovery including a deposition. Moreover, it is not sufficient for Irico to state that it has

ORDER RE DPPS' MOTION FOR JURISDICTIONAL DISCOVERY                           PAGE **8** OF **9**

1   produced the documents Mr Zhang reviewed without identifying which, if any, of the

2   documents he considered.

3           The DPPs' motion to compel a response to Interrogatory No 9 is GRANTED.  Irico

4   shall (1) respond fully to Interrogatory No 9 no later than August 10, 2018 and (2) within that

5   response, identify all documents that Mr Zhang considered, the dates he was provided with

6   such documents, the names of the individuals who provided the documents to him and the

7   names of all individuals who communicated with him about his declaration or were otherwise

8   involved in the preparation of his declaration.

9

10  IT IS SO ORDERED.

11

12  Date:    August 2, 2018

13                                          _____

14                                                      Vaughn R Walker
                                            United States District Judge (Ret)
15                                                      As Special Master

16

17

18  The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

19  Date:  _____

20

21                                          _____

22                                                   Honorable Jon S Tigar
                                               United States District Judge

23

24

25

26

27

28  ORDER RE DPPS' MOTION FOR JURISDICTIONAL DISCOVERY                    PAGE 9 OF 9