MARIO N. ALIOTO (SBN 56433)
JOSEPH M. PATANE (SBN 72202)
LAUREN C. CAPURRO (SBN 241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
Email: malioto@tatp.com; jpatane@tatp.com;
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*
[Additional Counsel Appear on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **JOINT CASE MANAGEMENT STATEMENT PURSUANT TO CIVIL L.R. 16-10(d)** |
| *ALL INDIRECT PURCHASER ACTIONS* | Date:       August 15, 2018<br>Time:       2:00 p.m.<br>Judge:      Honorable Jon S. Tigar<br>Courtroom:  9 |

1    Pursuant to Civil Local Rule 16-10(d), and pursuant to this Court's Order Setting Case

2    Management Conference, ECF No. 5316, Indirect Purchaser Plaintiffs ("IPPs") and Defendants

3    Irico Display Devices Co., Ltd. and Irico Group Corporation (together, "Irico" or the "Irico

4    Defendants"), by and through their undersigned counsel, hereby submit this Joint Case

5    Management Statement:

6                                    **IPPs' Statement**

7    **I.      INTRODUCTION**

8            IPPs have requested this Case Management Conference to address a dispute with the Irico

9    Defendants regarding the timing of their motion to dismiss based on the Foreign Sovereign

10   Immunity Act ("FSIA") in the IPP Action.

11           IPPs have been attempting to agree to a schedule with the Irico Defendants for their FSIA

12   motion since April of this year.  IPPs originally proposed to the Irico Defendants that discovery

13   and briefing on their FSIA motion in the IPP Action follow the same schedule agreed to by the

14   Irico Defendants, and ordered by the Court, on May 1, 2018 (ECF No. 5282) ("Scheduling Order")

15   in the Direct Purchaser Plaintiff ("DPP") Action.  Despite months of negotiations and several

16   compromise offers by IPPs to address the Irico Defendants' claimed burden concerns (including

17   most recently, a proposal that briefing in the IPP Action lag the DPP Action by several weeks), the

18   Irico Defendants continue to refuse to agree to any schedule for their FSIA motion.  Rather, they

19   insist that the IPP Action should effectively be stayed pending resolution of their FSIA motion in

20   the DPP case.  This position is unreasonable and untenable.

21           As Judge Walker found in rejecting the Irico Defendants' proposal that IPPs be similarly

22   limited with regard to discovery, "[t]he IPPs and DPPs are distinct plaintiff classes whose interests

23   are similar but not wholly identical." Order Re IPPs' Motion for Jurisdictional Discovery (July 24,

24   2018), ECF No. 5317 at 6.  IPPs should not be forced to sit on the sidelines while important

25   jurisdictional issues that will directly impact the IPP case are litigated and decided. This is

26   particularly true where, as here, the application of the FSIA's commercial activity exception may

27   differ critically vis-à-vis the IPPs. It would also be "inconsistent with previous practice in this

28   litigation." *Id.* at 5-6. Since this litigation's inception in 2007, IPPs and DPPs have litigated side-

by-side; neither action has ever been stayed pending resolution of an overlapping issue in the other case. The Irico Defendants have failed to provide any legitimate basis for deviating from this practice.

Therefore, the IPPs respectfully request that the Court set the following schedule for the Irico Defendants' FSIA motion in the IPP Action:

| | |
|---|---|
| Opening Brief: | August 31, 2018 |
| Opposition Brief: | October 26, 2018 |
| Reply Brief: | November 26, 2018 |
| Hearing: | December 6, 2018 at 2 p.m. |

This proposed schedule addresses the Irico Defendants' claimed burden concerns by providing for briefing in the IPP Action to lag the DPP Action by several weeks, while simultaneously addressing IPPs' prejudice concerns and all parties' and the Court's interest in efficiently resolving the FSIA motions by hearing the motions in both cases at the time.

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On February 1, 2018, the Court granted the Irico Defendants' motion to set aside the default in the DPP Action and granted the DPPs permission to undertake jurisdictional discovery. Order Setting Aside Default (Feb. 1, 2018), ECF No. 5240 at 20. Shortly thereafter, IPPs contacted Irico's counsel to discuss reinstituting the IPP case against the Irico Defendants.[1]

On March 15, 2018, IPPs sent the Irico Defendants' counsel copies of the jurisdictional discovery they intended to pursue from them,[2] and formally served that discovery on the Irico Defendants on March 27, 2018. Stipulation and Order Vacating Clerk's Entry of Default (Apr. 6, 2018), ECF No. 5271 at 2. DPPs served their jurisdictional discovery on Irico only 10 days prior, on March 5, 2018. *See* Opposition to Direct Purchaser Plaintiffs' Motion to Compel Discovery Responses from the Irico Defendants (Apr. 10, 2018), ECF No. 5272-2 at 12. On April 6, 2018,

---

[1] *See* IPP May 29, 2018 Letter to Judge Tigar, ECF No. 5298, Ex. 1 at 2 (Mario N. Alioto's email dated February 20, 2018 to John Taladay).

[2] *See id.*, Ex. 1 at 1 (Chris Micheletti's email dated March 15, 2018 to J. Taladay).

1   the Court vacated the entry of default as to Irico in the IPP Action, reopening the IPP case for

2   jurisdictional discovery. ECF No. 5271.

3           On April 24, 2018, the Court heard a motion to compel filed by the DPPs and held a case

4   management conference in the DPP Action. ECF No. 5275. The Court ordered the DPPs and the

5   Irico Defendants to submit a joint proposed order or competing proposed orders on the schedule for

6   discovery and briefing of the Irico Defendants' FSIA motion by May 1, 2018. *Id.*  On April 26 and

7   28, 2018, IPPs contacted the Irico Defendants' counsel about coordinating the scheduling of the

8   FSIA motions in the IPP and DPP Actions.[3]  Irico's counsel did not respond.  On April 30, 2018,

9   the same day the DPPs and Irico filed their Stipulated Scheduling Order (ECF No. 5281), IPPs sent

10  Irico a proposed stipulation that mirrored the schedule to be submitted in the DPP Action. *See* ECF

11  No. 5298, Ex. 2 at 7 and 4/30/18 Draft Stipulation.

12          Irico's counsel did not respond to IPP Counsel's overtures until a day *after* the Court

13  entered the Scheduling Order. ECF No. 5298, Ex. 2 at 6.  Irico's counsel refused to agree to the

14  DPP schedule for the IPP Action because the IPPs did not "contribute to the Joint CMC Statement

15  or appear at the CMC" in the DPP Action, and because "it appears that IPPs do not intend to

16  coordinate with the DPPs, but will instead pursue their own discovery and file their own opposition

17  to Irico's motion." *Id.*

18          From May 4, 2018 until May 24, 2018, IPPs met and conferred with Irico. *See* ECF No.

19  5298, Ex. 2. Irico's counsel claimed that he negotiated the DPP schedule without considering the

20  discovery or additional briefing they may face in litigating the same motion in the IPP Action, that

21  they would need more time if the IPPs were involved, and that the motion in the IPP Action must

22  therefore be delayed indefinitely. ECF No. 5298, Ex. 2 at 2-3. IPPs offered to work with the DPPs

23  on discovery and to file a single, joint opposition to Irico's motion on overlapping issues and, if

24  page limits are not an issue, to brief any IPP-specific issues within the single, joint opposition.

25  Irico rejected this proposal.  *See id.*

26  _____

[3] *See* ECF No. 5298, Ex. 2 at 7-9.  Exhibit 2 is a compilation of meet and confer communications
27  comprising an April 26, 2018 – May 24, 2018 email string; the Proposed Stipulation attached to C.
    Micheletti's April 30, 2018 email; the L. Capurro May 9, 2018 letter attached to L. Capurro email
28  of same date; and the S. Plunkett May 10, 2018 letter attached to S. Plunkett email of same date.

The Irico Defendants served their responses to IPPs' discovery requests on May 25, 2018.[4] Irico's responses merely refer IPPs to Irico's responses to the DPPs' requests. *Id*. On May 29, 2018, the IPPs requested that the Court set the same schedule for the Irico Defendants' FSIA motion and related discovery in the IPP Action as that entered in the DPP Action. ECF No. 5298. Because IPPs' request related in part to the schedule for jurisdictional discovery, the Court referred the matter to Special Master Walker. ECF No. 5301. By Order dated July 18, 2018, Judge Walker granted IPPs' motion to proceed on the same jurisdictional discovery schedule as the DPPs, but declined to set a schedule for the Irico Defendants' FSIA motion in the IPP Action because "[s]cheduling of substantive motions is [] a case management matter for the court. . . ." ECF No. 5317.

After Judge Walker's ruling, IPPs again requested that the Irico Defendants agree to a schedule for their FSIA motion in the IPP Action, proposing that briefing of the IPP motion lag the DPP motion by two or three weeks. Irico's counsel again refused, arguing that "separate briefing on this issue by the IPPs at this time is not necessary, has not been authorized by the Court, and would burden the Court (and the Irico Defendants) with twice the number of pages of briefing as anticipated by the DPP scheduling order." The parties therefore requested this CMC so that the Court can resolve the issue.

### III.   THE IRICO DEFENDANTS SHOULD FILE THEIR FSIA MOTION IN THE IPP ACTION NOW AND THE COURT SHOULD HEAR THE MOTION AT THE SAME TIME AS THE FSIA MOTION FILED IN THE DPP ACTION

Consistent with the Supreme Court's direction that FSIA issues should be resolved "'as near to the outset of the case as is reasonably possible,'" *Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 137 S. Ct. 1312, 1317 (2017), the Court should order the Irico Defendants to file their FSIA motion in the IPP Action by August 31, 2018.

The Irico Defendants have presented no reason to diverge from this Supreme Court mandate. They have had ample time to investigate the facts relating to their FSIA motion. It has been four months since the Order vacating entry of default in the IPP Action, almost a year since

---

[4] *See* ECF No. 5298, Ex. 3 (Irico's responses to IPPs' interrogatories and RFPs).

1   Irico's new counsel appeared in the action, and jurisdictional discovery is proceeding on the same

2   schedule as the DPP case, closing on October 3, 2018. ECF No. 5317 at 7. In addition, the Irico

3   Defendants investigated the matter sufficiently to bring their first FSIA motion in the DPP Action

4   (ECF No. 5215), and their recent motions in the DPP Action. ECF No. 5312.  It is unlikely the

5   Irico Defendants' opening motion in the IPP Action will differ substantially, if at all, from the

6   opening motion they filed in the DPP Action.[5]  Thus, there should be no impediment to the Irico

7   Defendants filing their motion in the IPP Action on August 31, 2018.

8          In addition, under IPPs' proposed schedule, the Irico Defendants' opening briefs would be

9   due almost six weeks after their opening briefs in the DPP Action, and they will have 30 days to

10  reply to IPPs' opposition (including another eleven days after they reply to the DPPs' opposition,

11  due November 15, 2018).  This is far from an "expedited schedule," as Irico claims.  Rather, this

12  schedule obviates the Irico Defendants' concern that it would be burdensome to simultaneously

13  brief the FSIA motion in both cases, and provides more than four times the seven days litigants

14  usually have to reply under Local Rule 7-3.  In any event, as Judge Walker found in ordering a

15  parallel discovery schedule in the IPP case (ECF No. 5317), the Irico Defendants are represented

16  by capable and experienced counsel who routinely handle complex discovery and motion practices

17  involving multiple parties. *Id*. at 5.  It is simply not credible that briefing two almost identical

18  motions would be unduly burdensome for them.

19         Moreover, as Judge Walker also recognized, the general practice in this MDL has been that

20  IPPs and DPPs litigate alongside each other on the same schedule. ECF No. 5317 at 6.  For

21  example, when the other defendants moved to dismiss under Fed. R. Civ. Pro. 12(b)(6) in 2009,

22  they did so against both IPPs and DPPs. *See, e.g.*, ECF Nos. 479 (defendants' joint motion to

23  dismiss DPP complaint), 485 (defendants' joint motion to dismiss IPP complaint), 476 (Philips

24  defendants' motion to dismiss both DPP and IPP complaints).  Even though the complaints filed by

25  both groups of plaintiffs and the applicable legal standards were substantially similar, there was no

26  suggestion that one case would be stayed pending resolution of the motions in the other case.  This

27  ───────────────────

[5] The Irico Defendants do not dispute that their motions are almost exclusively based upon their
28  alleged "organ" status under the FSIA, which arguments would be identical in both the IPP and
DPP Actions. *See* ECF Nos. 5312 and 5313.

1    is because, as Judge Walker recognized, "[t]he IPPs and DPPs are distinct plaintiff classes whose

2    interests are similar but not wholly identical." ECF No. 5317 at 6.  Due process and IPPs' fiduciary

3    obligation to the class requires that IPPs have an opportunity to brief issues important to their case,

4    particularly where, as here, their interests may diverge from the DPPs.

5        Under the FSIA, the commercial activity exception deprives a foreign state of immunity if

6    its commercial activities outside the United States had a direct effect in the United States.  28 U.S.

7    C. §1605(a)(2).  Plaintiffs have the initial burden to show that the commercial activity exception

8    applies, and the Irico Defendants retain the ultimate burden of persuasion to demonstrate that the

9    exception does not apply.  This is where the DPPs and IPPs factual showings may diverge.  To

10    defeat the DPPs' reliance on the commercial activity exception, the Irico Defendants are relying on

11    their claim that they never sold CRTs directly to the United States. ECF No. 5312 at 12.  But IPPs'

12    damages claims do not arise from direct purchases from the Irico Defendants.  It is IPPs' position

13    that Irico's *indirect* sales of CRTs to the United States by, for example, selling CRTs to a foreign

14    television maker that sold CRT televisions to the United States, are sufficient to satisfy the

15    commercial activity exception.  The DPPs have no interest in developing evidence of indirect sales,

16    much less rely on such evidence to satisfy the commercial activity exception.  Thus, IPPs must

17    have an opportunity to address these IPP-specific issues as part of the briefing on the Irico

18    Defendants' FSIA motion.  Any other approach has the potential to significantly prejudice IPPs.

19        Further and relatedly, IPPs will potentially be prejudiced if they do not receive the Irico

20    Defendants' motions in the IPP Action prior to the close of jurisdictional discovery.  Depending on

21    the arguments raised in the Irico Defendants' motions, IPPs may need to perform discovery

22    tailored to responding to the motions.  But Irico's proposed schedule guarantees that jurisdictional

23    discovery will close before IPPs see their motions and any IPP-specific arguments.  If the Irico

24    Defendants are simply going raise the same arguments that they have raised in the DPP motions,

25    then they face only minor modifications to the motions they have already filed and there should be

26    no impediment to filing by August 31, 2018.  However, if they plan to raise new arguments, then

27    IPPs need to see their motions now so they can adjust their discovery focus appropriately.

28

1    Finally, Irico's justification for its attempt to sideline and prejudice the IPPs boils down to a

2    single premise: that IPPs should be punished for not participating in the April 24 CMC.  As IPPs

3    have already explained, IPP Counsel was only provided the draft of the Joint Case Management

4    Conference Statement late in the afternoon on April 16, 2018, the day before it was due. *See* ECF

5    No. 5300 at 2 (Plunkett Letter noting that he spoke to IPP Counsel on April 16).  In light of the fact

6    that joint case management statements require substantial coordination among the parties and

7    adjustments of party's statements in response to other party's statements, together with the fact that

8    the CMC Statement raised a number of complex issues, IPP Counsel judged there to be insufficient

9    time for IPPs to contribute meaningfully to the CMC Statement.  Because IPPs did not contribute

10   to the Joint CMC Statement, IPP Counsel elected not to appear at the CMC.  Nevertheless, IPP

11   Counsel was in contact with counsel for Irico in the weeks preceding the CMC, and had informed

12   Irico's counsel that IPPs intended to participate in the CMC. And immediately after the CMC, IPP

13   Counsel informed Irico's counsel that IPPs wanted to be included in the negotiations with the DPPs

14   regarding the schedule for the FSIA motion.  Moreover, this issue could easily have been resolved

15   much earlier if Irico had agreed to submit a joint letter to the Court in May rather than insisting on

16   a CMC.

17       In sum, there is no legitimate reason to delay Irico's FSIA motion in the IPP case until the

18   motion in the DPP Action is resolved.  On the contrary, since due process requires that IPPs have

19   an opportunity to be heard on these important issues, delaying the Irico Defendants' FSIA motion

20   in the IPP case will only result in the Court addressing the same issues twice.  Thus, the most

21   efficient and fair approach is for the Court to adopt IPPs' proposed schedule and hear both motions

22   together.

23   **IV.    CONCLUSION**

24       For these reasons, Plaintiffs respectfully request that the Court adopt the IPPs' proposed

25   schedule for the FSIA motion.

26

27

28

**Irico Defendants' Statement**

## I.   INTRODUCTION

IPPs request an expedited briefing schedule on jurisdictional issues, but they provide no basis for imposing such a substantial and unwarranted burden on Irico, particularly where the scheduling "problem" IPPs seek to rectify is due to their own failure to participate in the April 24, 2018 CMC where the Court addressed the jurisdictional briefing schedule and *specifically asked those in the courtroom whether they had any issues to raise*.  IPPs advance a new excuse for not appearing—that they were "only provided the draft Joint Case Management Conference Statement . . . the day before it was due" in April.[6]  But this is nonsensical, because as set forth in the Background section below, IPPs then failed to abide by their promise to meet with Irico in advance of the CMC to discuss what IPPs' position would be at the CMC, and IPPs then chose not to appear at the CMC even though they repeatedly said they intended to do so.  IPPs decided to stand down on jurisdictional matters for whatever strategic reason they had at the time, and they later changed their minds.  The record is clear on that.  Their change of strategy should not result in additional burdens on Irico until the current schedule concludes.

IPPs are unable to show any prejudice whatsoever that would result if jurisdictional briefing in the IPP matter—if any such briefing even becomes necessary—awaits the Court's decision on Irico's pending motion to dismiss the DPP action.  IPPs claim they would be prejudiced because their interests in developing facts differ from the interests of the DPPs.  But IPPs are fully participating in jurisdictional discovery, so there is no prejudice from any supposed differing interests among plaintiffs.  Irico, on the other hand, would be substantially prejudiced by IPPs' proposal, which gives Irico just days to file a motion to dismiss in the middle of ongoing discovery—including the likely need for Irico to spend weeks overseas preparing and defending the depositions that DPPs and IPPs are requesting.

Irico respectfully submits that the proper course of action here is for IPPs to continue to engage in jurisdictional discovery as they see fit, for the schedule the Court ordered for briefing in

---

[6] IPPs provided Irico with their draft for this Joint CMC Statement on Sunday evening, the day before it was due.

1  the DPP matter to remain in place, and for the Court to hold a case management conference after it

2  resolves the pending motion to dismiss so the parties can make arguments concerning (i) whether

3  additional jurisdictional briefing is needed in the IPP matter and (ii) if so, what the briefing

4  schedule should be.

5  **II.    BACKGROUND**

6      Irico provides a separate Background section, because as they have done in every

7  submission on this topic before the Court and Judge Walker, IPPs omit and obscure key facts

8  regarding their failure to participate in the April CMC.

9      On February 1, 2018, the Court granted Irico's motion to set aside the entry of default and

10  denied DPPs' application for default judgment as moot.  Dkt. 5240.  On April 6, 2018, the Court

11  entered a stipulated order vacating the entry of default against Irico in the IPP action.  Dkt. 5271.

12  On March 9, 2018, Irico and the DPPs jointly requested a CMC to, among other things, address

13  scheduling and scope of discovery issues given Irico's jurisdictional defense under the Foreign

14  Sovereign Immunities Act ("FSIA").  Dkt. No. 5257.  During a conference call on March 26, Lead

15  Class Counsel for IPPs, Mr. Alioto, told counsel for Irico that IPPs would participate in the CMC.

16  On April 16, Irico forwarded Irico's and DPP's draft CMC statements to Mr. Alioto.  Mr. Alioto

17  subsequently called counsel for Irico and stated that IPP's were "too pressed for time" to contribute

18  to the joint statement but would still participate in the CMC.  Mr. Alioto said he would call counsel

19  for Irico before the CMC to let Irico know IPPs' position regarding jurisdictional discovery and

20  scheduling so Irico would not be "blind-sided" at the CMC.  Mr. Alioto never made that call.

21      The Court held the CMC on April 24.  Mr. Alioto was present but sat idle in the front row

22  of the gallery.  He did not register any appearance, did not indicate IPPs' intentions or desire to

23  participate in briefing, and did not otherwise make IPPs' intentions or positions known.  *Id.*  The

24  Court thus heard argument only from DPPs and Irico regarding scheduling.  At the end of the

25  CMC, the Court ordered DPPs and Irico to submit—by May 1, 2018—a proposed schedule for

26  discovery and jurisdictional briefing.  Dkt. No. 5275. After substantial negotiation, Irico and DPPs

27  agreed to—and the Court ordered—a briefing and discovery schedule for Irico's jurisdictional

28  motion against DPPs. Dkt. No. 5282 ("Stipulated Schedule").

1   On April 27, another lawyer for IPPs—Mr. Micheletti—informed counsel for Irico by email

2   that IPPs wanted to be included in the schedule with the DPPs.  After the Court entered the

3   Stipulated Schedule, IPPs sent a proposed schedule to Irico that had the same briefing and

4   discovery deadlines as those Irico negotiated with the DPPs.  Irico rejected the IPPs' schedule

5   because the Stipulated Schedule did not contemplate the involvement of the IPPs.[7]

6   On May 29, under the guise of a discovery dispute, IPPs submitted a letter asking the Court

7   to include IPPs in the schedule set for the DPP matter.  Dkt. No. 5298.  On May 31, the Court

8   admonished IPPs for filing an inappropriate letter request and referred the purported discovery

9   dispute to Special Master Vaughn R. Walker.  Dkt. No. 5301.  On July 6, Special Master Walker

10  denied IPPs' motion to set a schedule for Irico's FSIA motion in the IP Action because

11  "[s]cheduling of substantive motions is [] a case management matter for the court . . . ."  Dkt. No.

12  5301.  On July 18, pursuant to the stipulated briefing schedule, Irico filed its motion to dismiss the

13  DPPs' complaint for lack of subject matter jurisdiction.  Dkt. No. 5312.  Two days later, on July

14  20, IPPs filed a joint request for a CMC to consider whether "setting a schedule for Irico's FSIA

15  motion in the IP Action is necessary at this time."  Dkt. No. 5316.

16  **III.    IRICO'S POSITION ON IPPS' REQUEST FOR EXPEDITED BRIEFING**
17  **         SCHEDULE**

18  IPPs' request for an expedited briefing schedule on jurisdictional issues should be denied

19  for several reasons.

20  First, IPPs cannot identify any prejudice they would suffer if the Court denies the relief they

21  seek—the effect of which would not be to deny IPPs the ability to defend the Court's jurisdiction,

22  but simply to delay briefing in the IPP matter until after the pending motion to dismiss the DPP

23  complaint is decided.  And at that juncture, additional jurisdictional briefing in the IPP matter may

24  or may not be necessary.  IPPs' claims of prejudice amount to empty rhetoric.  They say that

25  deferral is tantamount to a "stay" of their case.  But that cannot be true, because IPPs are fully

26  participating in ongoing jurisdictional discovery.  IPPs contend that they will be prejudiced by a

27

28  _____
[7] IPPs assert that Irico rejected a proposed DPP-IPP joint opposition brief.  But it was DPPs that
rejected this proposal.  ECF No. 5298, Ex. 2 at 2-3.

later briefing schedule because "DPPs have no interest in developing evidence of indirect sales" or "relying on such evidence to satisfy the commercial activity exception." But this contention misses the point since IPPs are engaged in jurisdictional discovery and can develop whatever evidence they see fit to develop. They will not be denied the opportunity to make arguments regarding the commercial activity exception. IPPs also say they "must" see Irico's motion to dismiss now so they can avoid "potential" prejudice by being unable to tailor further discovery requests. IPPs' demands in this regard ring hollow in light of all of their actions to date. In any event, any such prejudice—which is entirely hypothetical at this juncture—could be addressed when and if the Court is called upon to set a schedule in the IPP action.

Furthermore, if the IPPs genuinely believed they would be prejudiced by a separate briefing schedule, they would have made that argument to Your Honor during the April 23 CMC. Instead, IPPs sat in silence.

Second, IPPs' proposed schedule would substantially prejudice Irico, and possibly DPPs; it would certainly undermine the parties' ability to complete the discovery and briefing currently scheduled. IPPs' seriously belated attempt to align the schedules in the two actions would give Irico just *sixteen days* to prepare and file a motion to dismiss. And Irico would need to do that at the very time that Irico is attempting to complete discovery on multiple fronts (*see* Dkt. No 5320) and preparing for the numerous overseas depositions that DPPs have requested. Indeed, based on plaintiffs' current demands for depositions, Irico estimates that it would need to spend weeks overseas during August and September preparing and producing witnesses for deposition. Just as egregiously, IPPs' proposed schedule would give Irico just *eleven days* to prepare its response to whatever evidence and arguments IPPs present in their opposition brief. This proposal unfairly burdens Irico, consumes more judicial resources, and presents no articulated benefit to the IPPs.

Third, as noted, the scheduling issue IPPs seek to rectify is of their own making. Having decided not to address scheduling with the Court in April and having since decided not to ask for a CMC until August—after Irico filed its motion to dismiss against the DPPs—but instead to file a series of flawed requests to set a briefing schedule, IPPs' attempt to transfer the burden to Irico is fundamentally unfair. If Lead Class Counsel had a change of heart following the April 23 CMC,

12

IPPs could have requested a CMC long ago, and certainly before Irico filed its DPP motion. Instead, and over Irico's express objections, IPPs insisted upon filing an improper letter request that inaccurately characterized this scheduling issue as a "discovery dispute."  Dkt. No. 5298 ("IPPs believe this matter is in the nature of a discovery dispute").  This mischaracterization then led to more wasted time and resources, forcing Judge Walker to remind IPPs that their request for a schedule was not a discovery dispute but "a case management matter for the court[]."  Dkt. No. 5301.  By the time IPPs got around to requesting another CMC, the Court-ordered briefing schedule had commenced and Irico had filed its DPP motion.

In sum, IPPs' request should be denied.  The schedule with the DPPs should remain in place; the parties should continue jurisdictional discovery on the schedule ordered by the Court; and after the pending motion to dismiss is resolved, the Court should hold a case management conference to determine the need for any jurisdictional briefing in the IPP matter and the schedule for any such briefing.  IPPs suffer no prejudice from this course of action, and it is what they appeared to contemplate when they sat idle at the April CMC.  The result also avoids any prejudice to Irico and DPPs.

Dated:  August 6, 2018

/s/ Mario N. Alioto

Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP &
PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
malioto&tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser
Plaintiffs*

/s/ Stuart C. Plunkett

John Taladay (*pro hac vice*)
john.taladay@bakerbotts.com
Erik Koons (*pro hac vice*)
erik.koons@bakerbotts.com
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone:  202.639.7700
Facsimile:   202.639.7890

Stuart C. Plunkett (State Bar No. 187971)
stuart.plunkett@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3070
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Attorneys for Defendants Irico Group Corp.
and Irico Display Devices Co., Ltd.*