Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA  94111
Tel:  (415) 871-2888
Fax:  (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>ALL INDIRECT PURCHASER PLAINTIFFS | MDL No 1917<br><br>Case No C-07-5944 JST<br><br>**ORDER DENYING IRICO'S REQUEST FOR AN EXTENSION OF TIME TO FILE AN OPPOSITION BRIEF TO IPPs' MOTION RE JURISDICTIONAL DISCOVERY**<br><br>**RE ECF No 5301** |

   The present discovery scheduling dispute arises from the September 7, 2018 letter from counsel for the Indirect Purchaser Plaintiffs ("IPPs") seeking to compel the Irico Group Corporation and Irico Display Devices Co, Ltd ("Irico defendants" or "Irico") to supplement their responses to three discovery requests served in March 2018.  At issue today is the briefing schedule on the IPP's motion to compel.

The standing order on discovery briefing requires an opposition to be filed no later than seven (7) days after the filing of the motion and a reply, no later than five days thereafter.  11/20/14 Special Master's Standing Order re Briefing Schedule for Discovery Motions and Hearings, attached.  The order specifies that extensions of time may be set by agreement or upon request with a showing of good cause.  Pursuant to the standing order, Irico's opposition brief would be due on Friday, September 14, 2018 and the IPPs' reply, on September 19, 2018.

But, on September 11, 2018, counsel for Irico sent an email to the undersigned stating simply:  "The Irico Defendants propose to submit an opposition to this motion no later than September 20, 2018."

Later that day, counsel for the IPPs sent an email to the undersigned explaining that:  (a) the IPPs object to the extension of time requested by Irico due to prejudice; (b) depositions of three Irico witnesses and Rule 30(b)(6) depositions are scheduled for the week of September 24th in Hong Kong and (c) the IPPs had expected to reply promptly so that the undersigned would have an opportunity to rule on their motion before the depositions were to begin, which would help clarify the disputed scope of questioning before the depositions.  Moreover, the IPPs complained that they have received "no substantive responses from Irico, and no documents responsive to any of our IPP-specific discovery."  The IPPs further stated that if their motion is granted after the depositions and Irico later produces responsive information, the IPPs will move to re-open the depositions and request the Irico representatives be compelled to come to the United States for further depositions.

On September 12, 2018, counsel for Irico sent an email stating that its proposed opposition date is reasonable in light of the ongoing and extensive discovery, including preparation for Hong Kong depositions "as well as the potential impact of the hurricane on our DC office where most of our team is located."  Irico's counsel further contends that the IPPs'

motion did not anticipate supplemental responses or information prior to the depositions; otherwise, the IPPs "would have filed a motion more than a month ago."

Reviewing these submissions, Irico's justifications for an extension of time fail to persuade. Irico's counsel is a large, international law firm with many offices and Irico's main counsel is located in San Francisco, far from Hurricane Florence which, in any case, is expected to hit the Carolinas – with a few inches of rain in Washington, DC. And there is no evidence supporting Irico's counsel's statement that the IPPs' motion did not anticipate obtaining responsive discovery to use in the upcoming depositions.

Since the July 24, 2018 Order re IPPs' Motion for Jurisdictional Discovery, ECF No 5317, Irico has been aware that the close of jurisdictional discovery for the IPPs' case is October 3, 2018, which is now only three weeks away. Yet Irico has apparently failed to produce substantive discovery responsive to the IPP-specific requests. Indeed, in June 2018, Irico took the position that the IPPs were not entitled to conduct jurisdictional discovery despite having stipulated that "the IPPs are free to undertake jurisdictional discovery." *See* 4/6/18 Stipulation and Order Vacating Clerk's Entry of Default, ECF 5271 at 2; 6/12/18 Irico Response at 5 ("Should Your Honor permit IPPs to participate in jurisdictional discovery, . . ..") (quoted in 7/24/18 Order re IPPs' Motion for Jurisdictional Discovery, ECF 5317 at 3). On these facts, Irico has failed to demonstrate good cause for an extension of time.

Accordingly, Irico's request for an extension of time to file an opposition is **DENIED**. Consistent with the standing order re briefing schedules, Irico's opposition brief shall be due **no later than this Friday, September 14, 2018**.

IT IS SO ORDERED.

Date: September 12, 2018

Vaughn R Walker
United States District Judge (Ret)

Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111
Tel: (415) 871-2888
Fax: (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No 1917 |
|---|---|
| This Order Relates to: | Master Case No 3:07-cv-05944SC |
| Briefing Schedule for Discovery Motions | **SPECIAL MASTER'S STANDING ORDER RE BRIEFING SCHEDULE FOR DISCOVERY MOTIONS AND HEARINGS** |

      Having received inquiries regarding briefing schedules for various motions and for the convenience of the parties, the undersigned issues a standing order regarding briefing schedules:

      Any motion shall be effectively filed on the day it is emailed to the opposing parties and to the undersigned, with a copy to Ms Lillian Tom and to Mr Jay Weil.

      Any opposition shall be due by email 7 days later.

SPECIAL MASTER'S STANDING ORDER RE BRIEFING SCHEDULE          PAGE **1** OF **2**

Any reply shall be due by email 5 days after the opposition.

All exhibits or attachments shall be emailed as a single pdf document unless email size limitations require dividing the document into smaller portions.

If a hearing is requested, the requester shall confer with opposing counsel to agree upon five dates and times and then contact Ms Tom to coordinate scheduling.

Alternative briefing schedules or extensions of time may be set by agreement of the parties involved or upon request with a showing of good cause.

IT IS SO ORDERED.

Date: November 20, 2014

_____
Vaughn R Walker
Special Master-United States District Judge (Ret)

SPECIAL MASTER'S STANDING ORDER RE BRIEFING SCHEDULE                         PAGE 2 OF 2