Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA  94111
Tel:  (415) 871-2888
Fax:  (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>DIRECT PURCHASER PLAINTIFFS | MDL No 1917<br><br>Case No C-07-5944 JST<br><br>**ORDER GRANTING DPPS' MOTION TO COMPEL COMPLIANCE WITH 8/2/2018 ORDER RE JURISDICTIONAL DISCOVERY**<br><br>**RE ECF Nos 5320, 5324** |

      The present discovery dispute arises from the September 11, 2018 letter from the Direct Purchaser Plaintiffs ("DPPs") moving to compel Irico Group Corporation and Irico Display Devices Co, Ltd ("Irico defendants" or "Irico") to comply with the August 2, 2018 Special Master's Order granting the DPPs' motion for jurisdictional discovery, ECF No 5320 ("8/2/2018 Order").[1]  Irico did not file an objection and the court adopted the 8/2/2018 Order by order dated August 20, 2018, ECF No 5324.

---

[1] The court's May 31, 2018 order assigned discovery disputes to the undersigned as special master.  ECF No 5301.

ORDER RE DPPS' MOTION TO COMPEL COMPLIANCE WITH 8/2/2018 ORDER      PAGE **1** OF **12**

The DPPs request that Irico be compelled to comply with the following aspects of the 8/2/2018 Order: (1) a full response to discovery requests (RFP No 9 and Interrogatory No 20) directed to "sales and marketing of Irico's products in the United States," including through other companies, related or not, and Irico's relationship with any companies that sold their products in the United States; (2) a full response to Interrogatory No 9 regarding "the investigation by Irico declarant Wenkai Zhang into the subjects of his declaration" and (3) a full response to Request for Production No 10, requesting documents "relating to 26 identified meetings ('Meeting Notes') with competitors." September 11, 2018 Letter Brief for DPPs ("9/11/2018 Saveri Letter") at 1. Having carefully considered Irico's opposition dated September 18, 2018 ("9/18/2018 Plunkett Letter"), the DPPs' reply dated September 19, 2018 ("9/19/2018 Saveri Letter") and the accompanying submissions, the undersigned issues the following discovery order.

**I.   RFP No 9 and Interrogatory No 20:  United States Sales of Irico's CRT Products**

The 8/2/2018 Order at 4-5 stated:

> [T]he DPPs' motion to compel responses to Interrogatory No 20 and RFP No 9 is GRANTED. Irico shall: (1) supplement its responses in full no later than September 4, 2018, (2) search for and produce all documents relating to any and all sales of Irico CRT Products into the United States during the class period by any party whether related or not, including Irico Electronics, Xian Irico Display Technology Co, Ltd and Caihong Co, and any other entity that exported Irico's CRT products into the United States no later than September 4, 2018, (3) search for and produce pertinent documents detailing the legal relationship of Irico and Caihong Co and any other exporter of Irico's CRT products into the United States throughout the class period no later than September 4, 2018, (4) identify the locations of all repositories of electronic documents or files relating to United States sales of Irico's CRT Products and the legal relationships of Irico and any entities that sold Irico's CRT Products in the United States throughout the class period and include that information to the DPPs in its sales discovery responses no later than September 4, 2018, (5) provide summary explanations of sales records relevant to United States sales of Irico's CRT products and of "Irico's

efforts to sell products in the U.S. during the class period" as requested by Interrogatory No 20 no later than August 24, 2018 . . . .

On August 24, 2018, Irico served its second supplemental response to Interrogatory No 20, providing in pertinent part:

> During the relevant time period, Irico Group and Irico Display ("Irico") neither exported nor planned to export CRT products into the U.S. Irico focused its production of CRTs on sales within the domestic Chinese market. Such CRTs were generally considered outmoded by U.S. standards. Thus, Irico did not target the U.S. market because its CRTs were several years behind the U.S. demand.
> Irico is aware from review of customs records that an independent company, CNEIECC, resold samples of Irico's CRTs into the U.S. in an apparent effort to enter the U.S. market. Irico understands this effort was ultimately a failure. CNEIECC did not report these efforts to Irico at the time.

9/18/2018 Plunkett Declaration re Irico's opposition to DPPs' motion to compel ("9/18/2018 Plunkett Declaration"), Ex 3 at 10.

With respect to RFP No 9, Irico repeated its offer to make available for inspection documents regarding all sales of Irico CRT products, which documents are located in China.

The DPPs contend that Irico's supplemental responses to RFP No 9 and Interrogatory No 20 do not comply with the court's order because they: (a) do not "provide meaningful information about Caihong Co.'s sales and marketing efforts" nor "quantify the sales, identify customers, describe marketing efforts, or identify documents, among other things;" (b) fail to describe "the legal relationships of Irico and any entities that sold Irico's CRT Products in the United States" with any factual basis; (c) fail to produce any additional "documents relating to any and all sales of Irico CRT Products into the United States during the class period by any party whether related or not" as ordered, rather than making available "five million pages of archival sales and accounting records" "in three separate locations in China" and (d) fail to provide summary explanations of sales records relevant to United States sales of Irico's CRT products and of Irico's efforts to sell products in the United States during the class period. 9/11/2018 Saveri letter at 3-5. The DPPs argue that rather than providing summary

explanations of sales records relevant to United States sales of Irico's CRT products, Irico provided "summaries of the location and quantities" of existing records but "none of the summaries mention[s] U.S. sales records or point[s] to information that would inform DPPs' inquiry."  Id.

In correspondence regarding "Irico's [discovery] obligations under Judge Walker's August 2 order," Irico's counsel represented on August 10, 2018 that "Irico will provide additional information and search for additional documents responsive to your requests in compliance with Judge Walker's order," specifically, "Irico will search for *and produce* any documents relating to sales of Irico CRT Products into the United States during the class period by any entity, whether or not that entity is related to Irico" and "Irico will search for *and produce* 'pertinent documents detailing the legal relationship of Irico' with any 'exporter of Irico's CRT products into the United States.'"  9/7/2018 Capurro Declaration, Ex 10 (8/10/2018 email from Erik Koons to Chris Micheletti) (emphasis added).[2]  These representations from Irico's counsel about Irico's discovery obligations appear reasonable, but appear also to conflict with Irico's later opposition to the DPPs' motion.

In its 9/18/2018 opposition letter, Irico asserts that it "has complied with the Court's August 20, 2018 discovery Order (Dkt. 5324)('Order')."  Specifically, Irico contends:  (1) because "Irico made no direct sales to the U.S.," it "cannot provide discovery responses related to nonexistent sales" and (2) Irico produced to DPPs documents it deemed potentially responsive to DPPs' discovery requests, permitted  inspection of other documents Irico believes are irrelevant and made documents available for inspection which fully satisfied FRCP 34's production obligation.  9/18/2018 Plunkett Letter at 1, 3.   Irico further contends that Caihong,

---

[2] This email was sent in connection with discovery requests by the indirect purchaser plaintiffs in this litigation.

a company that exported Irico's CRT products into the United States, was "independent from the Irico defendants at all relevant times." Id at 2.

It is, of course, manifestly true that a party cannot produce documents over which it lacks custody and control. To the extent that Irico did not make "direct sales" of CRTs into the United States, it would ordinarily lack any documents evidencing such sales. But the jurisdictional issue under scrutiny would seem not quite so simply resolved. As the court has stated regarding whether international trade activities constitute "import commerce" that is not subject to the Foreign Trade Antitrust Improvements Act (FTAIA) but is subject to the Sherman Act:

> [T]he Ninth Circuit has clarified that for trade to qualify as "import commerce," it is not necessary that a conspirator itself have physically imported the price-fixed good itself directly into the United States. *Hsiung*, 778 F3d at 756. It is sufficient that a conspiring defendant negotiated to set the price of a good that was imported into the United States, even if that good was sold by another conspirator or imported by someone else.

*In re Cathode Ray Tube (CRT) Antitrust Litigation*, 2016 WL 5725008 at *4 (ND Cal 2017) (Order on Motions for Summary Judgment Concerning the FTAIA).

Hence, the 8/2/2018 Order required Irico to produce documents regarding: "any and all sales of Irico CRT Products into the United States during the class period by any party whether related or not, including . . . Caihong Co, and any other entity that exported Irico's CRT products into the United States." 8/2/2018 Order at 4-5. Irico's arguments about no direct sales to the United States and the independence of Caihong only obliquely respond to the order.

To the extent Irico has access to documents relating to the efforts of Caihong or others to export, market or sell products containing Irico's CRT products into the United States during the class period, such documents should be produced. It appears from an exhibit submitted in support of Irico's opposition, that as of May 8, 2014, Irico Group has owned 100%

of Caihong.[3]  Irico Group should, therefore, have access to all of Caihong's electronic and physical files, if not also files of other sellers as well.  In light of the 8/2/2018 Order requiring production of responsive documents, electronic copies of all responsive documents should have been produced promptly to the DPPs.  Accordingly, the Irico defendants must search all Caihong files, and any other files to which they have access, for responsive documents and produce them to the DPPs in electronic form no later than October 5, 2018.

The next issue is whether Irico's offer to allow the DPPs to inspect documents located in three repositories in China[4] satisfies Irico's discovery obligations.  Irico contends they have offered inspection of these documents since May 4, 2018.  9/18/2018 Plunkett Letter at 3.  Apparently, these documents are accounting records of all available records of sales by Irico defendants, whether domestic or export, during the class period, including invoice serial numbers, product types, quantity, price, revenue, customer name and destination.  Id.  Irico contends that these records are maintained by category (e g, financial records, invoices, contracts, receipts, government approval documents), are kept in chronological order and have been segregated in separate storage areas for the DPPs' inspection.

Furthermore, according to Irico, the volume of such records is not "five million" pages because "over 4.4 million pages of the documents are from the seventeen years before the alleged relevant time period (1978-1995)" so that "DPPs thus could presumably eliminate almost 90% of these records from any substantive review." Id at 4.  This, according to Irico, lightens the burden of inspection on the DPPs.

The point, however, cuts against Irico's position.  Since Irico describes the volume of these documents as around 500,000 pages, kept in three different segregated

---

[3] 9/18/2018 Plunkett Declaration, Ex 2; *see also* 9/19/2018 Saveri Letter at 3.
[4] 9/18/2018 Plunkett Declaration, Ex 3 at 11 (8/24/2018 Irico's 2d Supp Objections and Responses to DPPs' First Set of Interrogatories).

locations in China,[5] the burden of having these documents scanned and produced electronically would appear fairly manageable for Irico, whose offices and employees are present on-site. In contrast, the burden of flying from San Francisco to three different locations in China with at least one or two legal professionals conversant in reading Chinese documents and arranging for scanning would be extremely onerous for the DPPs. The relative burdens strongly favor requiring Irico to produce the documents to the DPPs in electronic form.

While Irico cites a number of cases in support of the position that making documents available for inspection fully satisfies FRCP 34's production obligation, those cases are factually distinguishable because they do not involve: (a) the heavy burden of foreign travel and inspection of foreign-language documents in remote locations and (b) a court order requiring a party to produce documents by a date certain. Here, the 8/2/2018 Order expressly requires Irico to produce the documents – not to make the documents available for inspection.

Indeed, in opposition to the DPPs' earlier 7/5/2018 motion, Irico had argued that they had made documents responsive to RFP No 9 available for inspection in China so there was no need to grant the motion to compel. 7/13/2018 Plunkett Opposition Letter at 2-3. But Irico did not prevail and was ordered to "search for and produce all documents relating to any and all sales of Irico CRT Products into the United States during the class period by any party whether related or not" "no later than September 4, 2018." 8/2/2018 Order at 4-5. To the extent Irico misapprehended "produce" to mean "make available for inspection," this order clarifies that "produce" means to provide all responsive documents in electronic form to the requesting party.

Moreover, Irico's 8/24/2018 second supplemental response to Interrogatory No 20 further fails to identify the locations of "*all repositories* of any electronic documents or files relating to United States sales of Irico's CRT Products," as required by the 8/2/2018 Order.

---

[5] 9/18/2018 Plunkett Letter at 3-4.

Irico's response appears limited to bound files of corporate archives and does not state that any electronic or individual files were searched. The response also fails to describe "the legal relationships of Irico and any entities that sold Irico's CRT Products in the United States throughout the class period." *See* 9/18/2018 Plunkett Declaration, Ex 3 at 8-13.

Accordingly, Irico's opposition arguments are not persuasive. The DPPs' motion to compel compliance with the 8/2/2018 Order regarding RFP No 9 and Interrogatory No 20 is **GRANTED.**

By no later than **Friday, October 5, 2018,** Irico shall:

(a) search all files, physical and electronic, to which they have access for documents responsive to RFP No 9, Interrogatory No 20, the 8/2/2018 Order and this order;

(b) provide the DPPs with a description of all locations of responsive documents and a description of Irico's search, including all locations searched;

(c) provide a detailed description of the sales and marketing efforts of any entity that exported or sold Irico's CRT products into the United States, including Caihong Co;

(d) produce documents and information in electronic form relating to any entity's sales and marketing of Irico's CRT products for the United States market, including sales and marketing by Caihong Co;

(e) provide a supplemental response describing the legal relationships between any entity that sold or marketed Irico's CRT products for the United States market, including Caihong Co, and each of the Irico defendants from 1995 to the present, including how such relationships changed over time;

(f) produce documents relating to the relationships between each of the Irico defendants and such entities, including Caihong Co, from 1995 to the present; and

(g) confirm under oath that the Irico defendants have completed their search and produced all responsive documents.

## II. Interrogatory No 9: Identification of Zhang Documents

Mr Wenkai Zhang, who served as legal counsel at Irico Group from January 2, 2017 to at least February 1, 2018, submitted his sworn declaration in support of Irico's motion to lift the default,[6] but the court found that he lacked personal knowledge of certain facts asserted. 2/1/2018 Order, ECF No 5240 at 5-6. On July 5, 2018, DPPs moved to compel a full response to Interrogatory No 9 (regarding documents reviewed in preparation of Mr Zhang's declaration) and prevailed. *See* 9/11/2018 Saveri Letter at 5-6; 8/2/2018 Order at 9.

The 8/2/2018 Order at 9 states:

> The DPPs' motion to compel a response to Interrogatory No 9 is GRANTED. Irico shall (1) respond fully to Interrogatory No 9 no later than August 10, 2018 and (2) within that response, identify all documents that Mr Zhang considered, the dates he was provided with such documents, the names of the individuals who provided the documents to him and the names of all individuals who communicated with him about his declaration or were otherwise involved in the preparation of his declaration.

Irico's supplemental responses to Interrogatory No 9[7] provide in pertinent part:

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

> Subject to and without waiving the objections stated above and pursuant to the Special Master's August 2, 2018 order (Dkt. No. 5320), Irico responds as follows:
>
> In the process of preparing the declaration he executed on October 25, 2017, Mr. Zhang reviewed (1) all documents Bates labeled IRI-CRT-00000001 through -904; and (2) archival sales and accounting records. These archival records were provided to Mr. Zhang by: Mei Li, Director of Irico Group Archive;

---

[6] 10/25/17 Wenkai Zhang Declaration, ECF No 5215-1 (stating that "Irico is not aware of any sales by Irico of CRT products, including CPT or CDT products, to customers in the United States, either directly or indirectly through a distributor.")

[7] 9/18/2018 Plunkett Declaration, Ex 3 at 7-8 (8/24/2018 Irico's Second Supplemental Objections and Responses to DPPs' First Set of Interrogatories).

ORDER RE DPPS' MOTION TO COMPEL COMPLIANCE WITH 8/2/2018 ORDER                    PAGE **9** OF **12**

Hua Yang, Director of Department of Accounting of Irico Group; Tao Long, Secretary to the Board of Directors of Irico Display.  Mr. Zhang does not remember with specificity which documents he reviewed on which dates, but he began reviewing these documents in September of 2017 and completed his review in December of 2017.

Aside from his discussions with counsel, Mr. Zhang communicated about the preparation of his declaration with Zhaojie Wang, Yunlong Yan, Ye Yang, and Tao Long.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Subject to and without waiving the objections stated above and pursuant to the Special Master's August 2, 2018 order (Dkt. No. 5320), Irico responds as follows:

Mr. Zhang did not work with any individuals, aside from outside counsel, to prepare his declaration.

The DPPs assert that this response fails to describe which documents Mr Zhang reviewed out of 900 pages of material and fails to describe the substance or timing of his discussions with Messrs Wang, Yan, Yang and Long.  Moreover, it fails to disclose which "archival sales and accounting records" provided by Mei Li, Tao Long and Hua Yang that Mr Zhang reviewed.  The DPPs complain that Irico's assertion that they "have previously agreed to make available for inspection" responsive documents is "misleading at best" because it does not comply with the court's order but rather invites plaintiffs to come to China to search through millions of Chinese language documents for potentially relevant information, constituting an "abuse of discovery" when Irico has previously segregated documents that Mr Zhang reviewed.  9/11/18 Saveri Letter at 7.

The undersigned agrees that Irico's supplemental response is not fully responsive and fails to comply with the order.  A witness' failure to remember is not an adequate response.  The supplemental response fails to identify or produce the specific documents that Mr Zhang reviewed in preparation for his declaration, including the "archival sales and accounting records" that "were provided to Mr. Zhang by:  Mei Li, Director of Irico

Group Archive; Hua Yang, Director of Department of Accounting of Irico Group; Tao Long, Secretary to the Board of Directors of Irico Display." Even if Mr Zhang's recollection is unclear, Irico's counsel should review Irico's records, including all relevant email correspondence, speak with the named individuals to ascertain facts required for a full response and provide the dates on which Mr Zhang was provided with specifically identified documents and by whom. To be clear, Irico need not describe the substance of any communications between Mr Zhang and the individuals who provided documents for his review – only the specific documents, the dates on which he was provided such documents and by whom.

The DPPs' motion to compel compliance with the 8/2/2018 Order regarding Interrogatory No 9 is **GRANTED**. By no later than **October 5, 2018**, Irico shall supplement its responses accordingly and produce to the DPPs in electronic form the records reviewed by Mr Zhang in preparing his declaration.

### III. RFP No 10: Documents re Twenty-six Meetings with Other Defendants

The 8/2/2018 Order at 7 compelled Irico to respond to RFP No 10 by producing documents relating to twenty-six meetings Irico allegedly attended with competitors, identified by date and names of Irico participants. Apparently Irico has failed to produce any responsive documents, stating that it has searched but found nothing to date and its search is ongoing. 9/18/2018 Plunkett Letter at 1-2.

The DPPs have requested that Irico be ordered to produce these documents immediately and a "sworn statement to the effect that it has completed its search and that it did not locate or has produced any responsive documents, as well as describe its search methodology and investigation." 9/19/2018 Saveri Letter at 5. Because the search is narrowly tailored by date and names of Irico participants, it would appear straightforward for Irico to comply. But Irico's search continues despite the stipulated October 3, 2018 cut-off date for jurisdictional discovery, just over one week away. Accordingly, the DPPs' motion to compel

compliance with the 8/2/2018 Order to produce documents in response to RFP No 10 relating to the twenty-six meetings is **GRANTED**.

By no later than **October 10, 2018**, Irico shall produce: (1) all documents responsive to RFP No 10 in electronic form; (2) a description of its search methodology and investigation; and (3) a sworn statement to the effect that Irico has completed its search and that it did not locate or has produced any responsive documents.

IT IS SO ORDERED.

Date: September 25, 2018

_____
Vaughn R Walker
United States District Judge (Ret)
As Special Master

The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

Date: _____

_____
Honorable Jon S Tigar
United States District Judge

ORDER RE DPPS' MOTION TO COMPEL COMPLIANCE WITH 8/2/2018 ORDER          PAGE **12** OF **12**