Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA  94111
Tel:  (415) 871-2888
Fax:  (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>ALL INDIRECT PURCHASER PLAINTIFFS | MDL No 1917<br><br>Case No C-07-5944 JST<br><br>**ORDER GRANTING IPPS' MOTION TO COMPEL JURISDICTIONAL DISCOVERY**<br><br>**RE ECF No 5301** |

   The present discovery dispute arises from the September 7, 2018 letter from the Indirect Purchaser Plaintiffs ("IPPs") moving to compel Irico Group Corporation and Irico Display Devices Co, Ltd ("Irico defendants" or "Irico") to supplement their responses to three interrogatories and one document request served in March 2018.

   Having considered carefully the IPPs' motion ("9/7/2018 Alioto Letter"), Irico's opposition ("9/14/2018 Plunkett Letter"), the IPPs' reply ("9/19/2018 Alioto Letter") and

accompanying declarations and exhibits, the undersigned issues this discovery order pursuant to the court's appointment. *See* ECF 5301.

### I. IPPs' Interrogatories No 16, 17 and 18

The IPPs' Interrogatories Nos 16, 17 and 18 are directed to identification of CRTs or CRT products that Irico manufactured, produced or sold during the class period, including the brand name, product number and intended use, as well as every channel Irico used to sell, market or distribute CRTs or CRT products, including the entity or division issuing the invoice, the recipient and the shipping destination by country or region. 9/7/2018 Capurro Declaration in support of IPPs' Motion to Compel Jurisdictional Discovery ("9/7/2018 Capurro Declaration"), Ex 1 at 8.

**INTERROGATORY NO. 16**

Identify the CRTs and/or CRT Products that you manufactured or produced for each month during the Class Period, including the brand name, product number, and intended use.

**INTERROGATORY NO. 17**

Identify the CRTs and/or CRT Products that you sold, marketed, or distributed for each month during the Class Period, including the brand name, product number, and intended use.

**INTERROGATORY NO. 18**

Identify every channel used by you to sell, market, or distribute CRTs and/or CRT Products during the Class Period, including:

>   (a)  the identity of the entity or division that issued the invoice for the CRT and/or CRT Product sale;
>
>   (b)  the identity of the entity to which you invoiced the CRT and/or CRT Product sale;
>
>   (c)  the destined country or region of CRTs and/or CRT Products;
>
>   (d)  the type of CRT and/or CRT Product sold or distributed through each channel;
>
>   If You used different channels at different points within the Class Period, identify when you used each channel to sell, market or distribute CRTs and/or CRT Products.

Id.

Irico contends that it "is not withholding information responsive to these interrogatories," and has made available for inspection since May 4, 2018, its "complete sales records" "contained and produced in its archived accounting records." 9/14/2018 Plunkett Letter at 2. According to Irico, it "has no electronic database of U.S. sales" and "Chinese accounting rules and Irico's internal policies required that Irico retain only its sales invoices, which are now housed in its archives at various locations described in detail to Plaintiffs." Id.

Essentially, the IPPs contend that Irico's offer to make available for inspection archived sales documents is not a proper response to these interrogatories because the requirements of Rule 33(d) of the Federal Rules of Civil Procedure have not been met. The IPPs assert that "Irico should be compelled to provide complete, narrative responses to Interrogatory Nos. 16, 17 and 18." 9/19/2018 Alioto Letter at 5.

Rule 33(d) provides in pertinent part:

>   If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or

ascertaining the answer will be substantially the same for either party, the responding party may answer by:

    (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and

    (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

To rely on Rule 33(d), Irico must establish the following with respect to each interrogatory: (1) the answer to the interrogatory may be determined by examining Irico's business records; (2) the burden of ascertaining the requested information will be substantially the same for either party and (3) Irico has specified the business records in sufficient detail to permit the IPPs to locate and identify them as easily as Irico can.

First, it is unclear whether the answers to Interrogatory Nos 16-18 may be determined by examining the archived records Irico has offered to make available for inspection by the IPPs. In reviewing Irico's 8/7/2018 supplemental responses to Interrogatory Nos 16-17, it appears that they lack significant information, including: "monthly summaries," "brand names," "product numbers," and "intended use." *See* 9/7/2018 Capurro Declaration, Ex 3 at 7-8. If such information were readily available from Irico's archived files, Irico should have provided it in their interrogatory responses but Irico did not.

With respect to the burden of ascertaining the information requested in Interrogatory Nos 16-18, it appears that since Irico's documents are located in at least two different cities in China where Irico's offices and employees are located, the burden would be substantially greater for the IPPs than for Irico. Irico's employees can likely not only read these Chinese language documents but the employees are likely to be familiar with these corporate records as well as Irico's history of producing CRT products. In contrast, IPPs' counsel would need to travel from California to two Chinese cities and bring at least one or two Chinese

conversant legal professionals who may have substantial difficulty translating and understanding Irico's Chinese-language corporate records.

The IPPs raise another concern, namely that Irico's counsel has not confirmed whether under Chinese law, the "IPPs would even be permitted to inspect, copy, and bring copies of the documents to the United States." 9/19/2018 Alioto Letter at 4. Apparently, on August 3, 2018, during a meet-and-confer call with the DPPs and IPPs, Irico's counsel was asked to confer with his client to determine if there would be any legal impediments under Chinese law to copying the archived documents but Irico's counsel has not responded to this inquiry. Id; *see also* Second Capurro Declaration dated 9/19/2018, ¶2.

In weighing the relative burdens to Irico and to the IPPs of determining the information requested from Irico's corporate archives in China, it appears that the burden on the IPPs would far outweigh the burden on Irico.

It is also unclear whether Irico has specified its business records in sufficient detail to permit the IPPs to locate and identify them as easily as Irico can. Although the archives have been segregated for the IPPs' review, Irico appears to have included millions of documents dating from before the relevant class period,[1] creating potential confusion for the IPPs in locating the relevant documents.

Failing to establish at least three of the requirements for relying on Rule 33(d), Irico's attempted reliance on that rule as a basis for responding to Interrogatory Nos 16-18 must be rejected. Instead, Irico must provide full and complete narrative responses to these interrogatories.

---

[1] *See* 9/14/2018 Plunkett Letter at 3 n 3 ("over 4.4 million of those documents include records from as far back as 1978 and are arranged chronologically. Given Plaintiffs' alleged relevant time period of 1995-2007, they could presumably eliminate from any review the millions of pages of documents for the period 1978-1995.").

### A. Irico's 8/7/2018 Supplemental Responses to Interrogatory Nos 16 and 17

Irico's 8/7/2018 supplemental response referred to its 5/4/2018 responses to DPPs' jurisdictional discovery and provided a year-by-year narrative summary of the numbers of CPTs and CDTs sold by size by each of the Irico defendants. *See* 9/7/2018 Capurro Declaration, Ex 3 at 7-8. But the supplemental narrative response fails to provide *monthly* summaries, "*including the brand name, product number and intended use*" for such CRTs manufactured or produced during the class period as requested by the interrogatories. See id (emphasis added). Accordingly, the IPPs' motion to compel a full and complete narrative response to Interrogatory Nos 16 and 17 is **GRANTED.**

### B. Irico's Supplemental Response to Interrogatory No 18

Irico's 8/7/2018 supplemental response stated that in addition to referring to Irico's responses to DPPs' jurisdictional discovery served on May 4, 2018, Irico will comply with the "Special Master's August 2, 2018 order (Dkt. No. 5320)" and search for and produce pertinent documents.

Irico's compliance with the August 2, 2018 order will not likely provide a full and complete response to the IPPs' Interrogatory No 18 because the latter interrogatory is not identical to any of the discovery requests at issue in the August 2, 2018 order. The IPPs' Interrogatory No 18 requires identification of "every channel used by [Irico] to sell, market, or distribute CRTs and/or CRT Products during the Class Period," including "the identity of the entity or division that issued the invoice for the CRT and/or CRT Product sale;" "the destined country or region of CRTs and/or CRT Products;" "the type of CRT and/or CRT Product sold or distributed through each channel;" and "identif[ication of] when [Irico] used each channel to sell, market, or distribute CRTs and/or CRT Products." 9/7/2018 Capurro Declaration, Ex 3 at 9-10.

To date, Irico has failed to respond fully to IPPs' Interrogatory No 18 and its arguments regarding making corporate archives available for inspection are not persuasive, as discussed above. Accordingly, the IPPs' motion to compel a full and complete narrative response to Interrogatory No 18 is **GRANTED**.

## II.   IPPs' RFP No 18:  Meetings or Communications with Competitors

The IPPs' RFP No 18 requests:

> All documents relating to any meetings or communications between you and any other manufacturer of CRTs or CRT Products during which there was any discussion concerning any sales, contemplated sales, pricing, or shipments to customers in the United States during the Class Period.

9/7/2018 Capurro Declaration, Ex 2 at 10.

While Irico previously committed to "search for additional documents responsive to [the IPPs'] requests in compliance with Judge Walker's [August 2, 2018] order"[2] and produce "any responsive, non-privileged documents related to the twenty-six meetings"[3] requested by the DPPs, the IPPs contend that their Request No 18 is broader, seeking also Irico's "*non-conspiratorial communications with customers* regarding their actual or anticipated sale of finished product containing Irico's CRTs to the United States." 9/7/2018 Alioto Letter at 6.  The IPPs further contend "it is not credible for the Irico defendants to claim that they have no documents or information regarding the distribution chain for their CRTs and their ultimate destination, and that they have no documents reflecting sales to customers that incorporated Irico's CRTs into finished products for sale in the United States." Id at 7.  The IPPs request that

---

[2] 9/7/2018 Capurro Declaration, Ex 10 (August 10, 2018 email from Erik Koons to Chris Micheletti).

[3] 9/7/2018 Capurro Declaration, Ex 9 (8/7/2018 Irico's Supplemental Responses to IPPs' First Set of Requests for Production of Documents) at 8-9.

Irico be compelled to "widen their search for responsive information" and "produce all documents responsive to RFP No. 18 that are within their possession, custody and control." Id at 8. In reply, the IPPs request that if, after a renewed search, Irico maintains it has no documents, "[Irico] should be required to state [that fact] under oath and provide detailed information regarding the steps it took to locate the responsive documents." 9/19/2018 Alioto Letter at 8.

In response, Irico states that Irico "did not refuse to produce any such documents on ground of relevance," "determine[d] whether it had responsive information" and "confirmed to IPPs that Irico was unable to locate any such communications." 9/14/2018 Plunkett Letter at 3-4. "The absence of production is due to the absence of responsive documents." Id. Irico further asserts that it is not obligated to "disclose the details of its search methodologies" under the Federal Rules. Id.

In support of their doubts about the non-existence of responsive documents in Irico's possession or control, the IPPs submitted documents purporting to show that Irico's customer, "Haier did in fact sell televisions containing Irico's CRTs to the United States." 9/19/2018 Alioto Letter at 7. These documents suggest that the Irico defendants may have additional documents shedding light on the issue and therefore, a renewed and more comprehensive search is warranted.

The number of documents produced in relation to the nature and scope of the discovery request is relevant to whether the producing party should be required to reveal its search methodology. *In re Porsche Cars North America, Inc*, 2012 WL 4361430 at *7 (SD Ohio 2012). In light of the documents submitted (*see* Plunkett Dec Ex 5 (translations of Exs 15 and 16 from 9/7/2018 Capurro Declaration)), it appears that Irico may have had communications with at least one customer about Irico's products destined for the United States market. This fact and Irico's failure to produce any documents responsive to RFP No 18 weigh strongly in favor of requiring disclosure of Irico's search methodology. Such a disclosure need not, and

should not, disclose attorney-client communications or attorney work product. Accordingly, IPPs' motion to compel Irico to respond fully to RFP No 18, to conduct a renewed search and to provide a description of its search methodology is **GRANTED.**

The IPPs' reply requests that Irico be compelled to respond to the DPPs' Interrogatory No 16 seeking information about destruction of evidence. 9/19/2018 Alioto Letter at 8. Since this interrogatory was not raised in the IPPs' 9/7/2018 motion and Irico has not had an opportunity to submit an opposition, it has not been fully briefed. The undersigned declines to consider the IPPs' request at this time.

### III.  CONCLUSION

The IPPs' motion to compel Irico to provide full responses to Interrogatory Nos 16, 17 and 18 and Request for Production No 18 is **GRANTED.** By no later than **October 12, 2018**, Irico shall: (1) serve full and complete narrative responses to the IPPs' Interrogatory Nos 16, 17 and 18; (2) conduct a renewed search for documents responsive to the full scope of IPPs' RFP No 18; (3) provide a detailed description of its search methodology for documents responsive to RFP No 18; (4) produce all documents responsive to RFP No 18 in electronic form and (5) provide a sworn statement to the effect that Irico has completed its renewed search and that either it did not locate responsive documents or has produced all documents responsive to RFP No 18.

IT IS SO ORDERED.

Date:   September 2̲7̲, 2018

Vaughn R Walker
United States District Judge (Ret)
As Special Master

ORDER GRANTING IPPS' MOTION TO COMPEL JURISDICTIONAL DISCOVERY          PAGE **9** OF **10**

The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

Date: _____

_____
Honorable Jon S Tigar
United States District Judge