John Taladay (*pro hac vice*)
john.taladay@bakerbotts.com
Erik T. Koons (*pro hac vice*)
erik.koons@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

Stuart C. Plunkett (State Bar No. 187971)
stuart.plunkett@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Attorneys for*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Case No. 3:07-cv-05944-JST |
| | MDL No.: 1917 |
| THIS DOCUMENT RELATES TO: | **OBJECTIONS TO SPECIAL MASTER'S ORDER OF SEPTEMBER 26, 2018** |
| *ALL DIRECT PURCHASER ACTIONS* | |
| | Honorable Jon S. Tigar |

## I. INTRODUCTION

Pursuant to Local Rule 72-2 and the Order Appointing Special Master for Discovery (Dkt. 2272 ¶¶ 6(a) & (b)), Defendants Irico Group Corporation and Irico Display Devices Co, Ltd. (collectively, "Irico") hereby object to a portion of the Special Master's September 26, 2018 Order Granting DPPs' Motion to Compel (the "Order") (Dkt. 5331[1]).

Specifically, while Irico accepts the remaining portions of the Order, Irico seeks review of the Special Master's ruling that Irico must electronically scan and produce voluminous paper records held in Irico's document archives in China. On May 4, 2018, nearly five months ago, Irico—as it is plainly entitled to do under Federal Rule of Civil Procedure 34—made its archived records available for DPPs' inspection. DPPs chose not to inspect them and instead contended, in motions filed months later, that Irico must physically produce those documents. The Special Master granted that request on the basis that the "relative burdens strongly favor requiring Irico to produce the documents to DPPs in electronic form" rather than requiring DPPs to inspect the documents where they are kept in the ordinary course of business. (Order at 7.)

This ruling was in error. First, DPPs made no argument or showing whatsoever regarding burden or costs. Nonetheless, the Order states that it "would *appear* fairly manageable for Irico" to produce the archived records whereas it would be "*extremely onerous* for the DPPs" to inspect. (*Id.* (emphasis added).) But because DPPs provided no information to support these findings, the Special Master's ruling is without any record support and is, in fact, erroneous.

Second, as demonstrated herein, the Order would pose extraordinary burdens on the Irico Defendants—entities over which this Court has yet to decide whether it can even exercise jurisdiction. Imposing these extreme burdens contravenes the guidance applicable to testing jurisdiction under the Foreign Sovereign Immunities Act ("FSIA") (set forth in this Court's April 25, 2018 Order) that jurisdictional discovery must be limited and ordered only "circumspectly . . . to verify allegations of specific facts *crucial* to the immunity determination." (Dkt. 5277 at 2 (quoting *Af-Cap, Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1096 (9th Cir. 2007) (emphasis added).) The Special Master did not consider the status of the case under the FSIA in

---

[1] *See also* Appendix of Record Regarding Special Master's September 26, 2018 Order ("App'x"), submitted herewith, Doc. 10.

weighing burdens. For both reasons, the Special Master erred in concluding that the "relative burdens strongly favor" electronic production over inspection.

Irico thus respectfully requests that the Court amend the Order to hold that Irico may satisfy its discovery obligations by making relevant archived records available for inspection.

## II. BACKGROUND

On February 1, 2018, the Court set aside DPPs' default against Irico and reopened the case. (Dkt. 5240 at 11.) The Court determined that Irico had raised a potentially meritorious defense of immunity under the FSIA and permitted "jurisdictional discovery." (*Id.* at 20.) DPPs then served both jurisdictional and merits discovery. (Dkt. 5266 at 5.) On April 25, 2018, the Court denied DPPs' motion to compel Irico to respond to the merits discovery, citing, as noted above, the appropriate limits of jurisdictional discovery in FSIA proceedings. (Dkt. 5277 at 2.) Pursuant to the schedule set by the Court, Irico filed its FSIA motions to dismiss on July 18, 2018 (Dkt. 5312 & 5313) and the parties have continued to engage in jurisdictional discovery.

On July 5, 2018, DPPs moved to compel Irico to produce documents and information regarding, among other items, Irico's sales of its CRTs to the United States. (App'x Doc. 1.) The Special Master granted the motion on August 2, 2018 (App'x Doc. 8) and the Court adopted the order (Dkt. 5324). Following Irico's supplementation of discovery, DPPs filed a second motion on September 11, 2018, claiming that Irico's responses were insufficient. (App'x Doc. 9.) Among other issues, DPPs argued that making documents available for inspection failed to satisfy Irico's production obligations. (App'x Doc. 9 at 5.) The Special Master granted DPPs' motion on September 26, 2018. (App'x Doc. 16.) Irico now seeks review of the Order.

## III. ARGUMENT

### A. Specific Portions of Special Master's Order at Issue

Irico objects the portions of the Order holding that Irico must produce electronically, rather than make available for inspection, its archived paper records. These passages include:

- The finding that "[t]he relative burdens strongly favor requiring Irico to produce the documents to the DPPs in electronic form" (Order at 7);
- The holding that Irico's discovery obligations may only be satisfied by "provid[ing] all responsive documents in electronic form to the requesting party" (*id.*); and

- The holding that Irico produce all responsive records it had previously made available for inspection by October 5, 2018 (*id.* at 8).

### B. Basis for Objections

#### 1. The Special Master's Finding Regarding Relative Burdens Is Not Supported by the Record

Irico has responded to certain discovery requests by making relevant paper documents in its archives available for inspection. (Declaration of Stuart C. Plunkett ("Plunkett Decl."), submitted herewith, ¶ 2.) At Plaintiffs' request, Irico provided a detailed description of the archived documents, including document types, quantities, and locations. (*Id.* ¶ 3.) DPPs did not challenge the sufficiency of the description, but instead moved to compel on the basis that inspection failed to satisfy Irico's discovery obligations. (App'x Doc 9 at 5.) There is no question, however, that making documents available for inspection satisfies Rule 34. *See, e.g.*, *Michigan Millers Mut. Ins. Co. v. Westport Ins. Corp.*, No. 1:14-CV-00151-PLM, 2014 WL 5810309, at *4 (W.D. Mich. Nov. 7, 2014) ("Rule 34 generally requires only that documents be made available for inspection"); *K.C.R. v. Cty. of Los Angeles*, 2014 WL 12725470, at *6 (C.D. Cal. Aug. 6, 2014) ("Rule 34 does not require . . . the producing party to deliver photocopies of the relevant documents to the requesting party").[2]

DPPs made no showing of burden to support their motion. In a single line in a reply brief, they mention "the burdens . . . of travel to China to review documents," but they provide no evidence or argument or make any attempt to quantify their alleged burden or the parties' relative burdens. (App'x Doc. 14 at 2.) Yet, the Order on this issue turns on the Special Master's finding that the "relative burdens strongly favor" requiring scanning and production over inspection. (Order at 7.) This finding is not supported on the face of the Order and given DPPs' failure to provide any evidence, it is necessarily without foundation in the record. It is thus error. *See*

---

[2] *See also Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 575 (D. Md. 2010) (under Rule 34, "Defendant was not obligated to photocopy the documents and mail them to Plaintiff; Defendant only was obligated to make the documents available to Plaintiff for inspection and copying"); *Tierno v. Rite Aid Corp.*, No. cv-05-02520 TEH, 2008 WL 3287035, at *5 (N.D. Cal. July 31, 2008) ("If a responding party meets its obligations under Rule 34 by making documents available for inspection and copying, it is not required to file a motion for a protective order as well."); *Braun v. Agri-Sys.*, No. F-02-6482 A WILJO, 2006 WL 278592, at *5 (E.D. Cal. Feb. 2, 2006) ("The duty imposed by Rule 34 on a responding party is to permit the inspection of documents.").

*Ingram v. Pac. Gas & Elec. Co.*, No. 12-CV-02777-JST, 2013 WL 6174487, at *5 (N.D. Cal. Nov. 25, 2013) (finding clear error in magistrate judge's decision to limit discovery as "unduly burdensome" where prevailing party made no showing of burden).

### 2. The Special Master's Order Contravenes the Appropriate Limits of Jurisdictional Discovery Under the FSIA

The Order's statement that it "would seem fairly manageable for Irico" to scan and produce its archived records (Order at 7) is not correct. Based on quotes received from vendors specializing in hard copy document collection in China, the cost *just to scan* the archived records implicated by the Order—including Irico's archived records and the archived records of China National Electronic Import & Export Caihong Co. (an entity that the Special Master has held is within Irico's "control" and thus must also be searched (Order at 5 (using term "Caihong" to refer to this entity))—would exceed $700,000 and take several months of full-time work by a large team of collection specialists. (Plunkett Decl. ¶¶ 4-6.) This could not be performed in-house as Irico lacks the resources or expertise to perform these tasks. (*Id.* ¶ 7.) These estimates do not include the additional burden and expense associated with legal review and production, which also would have to be outsourced by Irico. (*Id.* ¶ 8.) More importantly, because this task must be outsourced by Irico to local vendors and counsel, the relative burden to DPPs is identical to Irico—and is exactly the scenario envisioned by Rule 34 in allowing a party to make documents available for inspection. Indeed, because DPPs are likely to have a more focused view of the documents that would be relevant to their opposition to Irico's FSIA motion, it is likely to be far less burdensome for DPPs to inspect and have scanned the documents DPPs want before Irico is forced to produce potentially hundreds of thousands of documents DPPs do not want. Furthermore, just like counsel for DPPs, outside counsel for Irico would have to travel to guide the selection and production process under U.S. law, making that burden and expense also nearly identical.

This kind of massive undertaking is far beyond the appropriate scope of FSIA jurisdictional discovery. This factor was not weighed. As this Court has held, jurisdictional discovery must be "ordered circumspectly and only to verify allegations of specific facts crucial

to the immunity determination." (Dkt. 5277 at 2 (citing *Af-Cap*, 475 F.3d at 1096).) Ordering the production of voluminous records into the United States for the convenience of DPPs who have not established jurisdiction over the entity is not in keeping either with FSIA discovery principles or the prior determination of this Court.

Furthermore, the Order concludes that, because DPPs would need to send "legal professionals conversant in reading Chinese documents" to locations in China, while Irico has employees on site near the document archives, the scanning and production of Irico's entire archives from 1995 to 2007 is appropriate. (Order at 6-7.) But if this analysis were accepted, no foreign defendant (and arguable no domestic defendant) could ever make records available for inspection. DPPs provided no authority to support such a holding, nor could they, because where the burden of production is great, inspection is appropriate. *See, e.g.*, *Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am.*, 651 F.2d 877, 883 (3d Cir. 1981)*, aff'd sub nom. Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982) ("Generally, inspection is *required* when the requested material is so voluminous that copying and transporting it would prove unduly burdensome and oppressive or where the distance between the parties is great.") (emphasis added). That is unquestionably the situation here.

For the foregoing reasons, the Court should amend the Order to hold that Irico may satisfy its discovery obligations by making relevant archived records available for inspection.

Dated:  September 28, 2018      */s/ Stuart C. Plunkett*

>  John Taladay (*pro hac vice*)
>  john.taladay@bakerbotts.com
>  Erik T. Koons (*pro hac vice*)
>  erik.koons@bakerbotts.com
>  1299 Pennsylvania Ave., NW
>  Washington, D.C. 20004
>  Telephone:  (202) 639-7700
>  Facsimile:   (202) 639-7890
>
>  Stuart C. Plunkett (State Bar No. 187971)
>  stuart.plunkett@bakerbotts.com
>  BAKER BOTTS LLP
>  101 California Street, Suite 3600
>  San Francisco, California 94111
>  Telephone:  (415) 291-6200
>  Facsimile:   (415) 291-6300
>
>  *Attorneys for IRICO GROUP CORP. and IRICO DISPLAY DEVICES CO., LTD.*