John Taladay (*pro hac vice*)
john.taladay@bakerbotts.com
Erik T. Koons (*pro hac vice*)
erik.koons@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone: (202)-639-7700
Facsimile: (202)-639-7890

Stuart C. Plunkett (State Bar No. 187971)
stuart.plunkett@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Attorneys for Defendants*
*Irico GROUP CORP. and*
*Irico DISPLAY DEVICES CO., LTD.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Case No. 3:07-cv-05944-JST |
| | MDL No.: 1917 |
| THIS DOCUMENT RELATES TO: | **DECLARATION OF STUART C. PLUNKETT IN SUPPORT OF IRICO DEFENDANTS' OBJECTIONS TO SPECIAL MASTER'S ORDER OF SEPTEMBER 26, 2018** |
| *ALL DIRECT PURCHASER ACTIONS* | |
| | Honorable Jon S. Tigar |

I, Stuart C. Plunkett declare as follows:

1. I am an attorney admitted to practice law in this Court and in the State of California. I am a partner with the law firm of Baker Botts L.L.P., which represents Defendants Irico Group Corporation ("Irico Group") and Irico Display Devices Co., Ltd. ("Irico Display") (collectively, "Irico Defendants"). I make this Declaration based on my personal knowledge and in support of the Irico Defendants' Objections to Special Master's Order of September 26, 2018.

2. As Irico has disclosed to Plaintiffs during meet and confer communications and in discovery responses, Irico maintains archives of hardcopy documents. In response to both DPPs' and IPPs' requests for documents and information during jurisdictional discovery in this matter, Irico has identified these archives as containing responsive documents. The responsive information available in the archives includes accounting and sales records responsive to requests for sales information and financial, operational, and administrative records responsive to requests for all documents related to the Chinese government's ownership and supervision of Irico. Irico notified Plaintiffs that its archives were available for inspection in discovery responses served May 4, 2018.

3. At Plaintiffs' request, Irico provided a detailed description of the archived documents, including document types, quantities, and locations.

4. On September 28, 2018, we obtained an updated estimate for scanning Irico's archived records. We obtained the estimate from a vendor that specializes in the collection of hardcopy files from companies in China. The vendor provided an estimate for scanning 880,000 pages consisting of bound and unbound documents. This is the quantity of documents Irico estimates for its archive of sales and accounting records from 1995 to 2007. The vendor estimates that the cost would be **$303,694.00** and require a team of ten specialists working full-time for 40 days. These records do not include information regarding U.S. sales and thus are not responsive to DPPs' requests for sales information, but these documents are implicated by the Special Master's Order because Irico has identified them as responsive to IPPs' requests for sales information, which are broader than DPPs' requests.

5. Irico's archives also include approximately 770,000 pages, mostly bound, of administrative records from 1995-2007, which include communications with the government and other records responsive to DPPs' discovery requests. Extrapolating from the per-page cost of $00.345 implied in the vendor's estimate, scanning of these documents would add **$265,650.00** to Irico's costs. The estimate also implies that scanning these documents would add another 30-35 days, unless the size of the team could be increased.

6. The Discovery Master's Order requires Irico to search for and produce responsive documents from China National Electronic Import & Export Caihong Co. ("CNEIECC"), a long-defunct state-owned company that exported some of Irico's products until 2005 and was placed under Irico Group's ownership a decade after it ceased operations. Given that the Order was issued just days ago, Irico has only been able to provide preliminary estimates of the archived sales records of CNEIECC. Irico preliminary estimates that there are 400,000 pages of such archived hardcopy documents from the relevant period, mostly bound. Extrapolating from the per-page cost of $00.345 implied in the vendor's estimate, scanning of these documents would add **$138,000.00** to Irico's costs. The estimate also implies that scanning these documents would add another 15-17 days, unless the size of the team could be increased.

7. This scanning work could not be performed in-house as Irico lacks the resources or expertise to perform these tasks.

8. These estimates do not include the additional burden and expense associated with legal review and production, which also would have to be outsourced by Irico.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of September 2018 in San Francisco, California.

*/s/ Stuart C. Plunkett*
Stuart C. Plunkett (State Bar No. 187971)
stuart.plunkett@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Attorneys for Defendants*
*Irico GROUP CORP. and*
*Irico DISPLAY DEVICES CO., LTD.*