# DOCUMENT 2

Guido Saveri (22349)
    guido@saveri.com
R. Alexander Saveri (173102)
    rick@saveri.com
Geoffrey C. Rushing (126910)
    grushing@saveri.com
Cadio Zirpoli (179108)
    cadio@saveri.com
Matthew D. Heaphy (227224)
    mheaphy@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

Lead Counsel for Direct Purchaser Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **DECLARATION OF GEOFFREY C. RUSHING IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION TO COMPEL JURISDICTIONAL DISCOVERY FROM THE IRICO DEFENDANTS** |
| *ALL DIRECT PURCHASER ACTIONS* | |
| | Special Master: Hon. Vaughn R. Walker (Ret.) |

# <u>CONFIDENTIAL:</u>
# <u>SUBJECT TO PROTECTIVE ORDER</u>

I, Geoffrey C. Rushing, declare:

1.    I am of counsel to Saveri & Saveri, Inc., Lead Counsel for Direct Purchaser Plaintiffs ("DPPs") in this action. I am a member of the Bar of the State of California and admitted to practice in the Northern District of California. I have been involved in virtually every aspect of this case from its outset in 2007. I make this Declaration in Support of DPPs' Motion to Compel Jurisdictional Discovery from the Irico Defendants. Except as otherwise stated, I have personal knowledge of the facts stated below.

2.    On March 5, 2018, DPPs served their first set of interrogatories and their first set of requests for production of documents on counsel for Defendants Irico Display Devices Co., Ltd. and Irico Group Corporation (the "Irico Defendants"). Attached hereto as Exhibit 1 is a true and correct copy of Direct Purchaser Plaintiff Studio Spectrum, Inc.'s First Set of Interrogatories to Irico Group Corporation and Irico Display Devices Co., Ltd., dated March 5, 2018. Attached hereto as Exhibit 2 is a true and correct copy of Direct Purchaser Plaintiff Studio Spectrum, Inc.'s First Set of Requests for Production of Documents to Irico Group Corporation and Irico Display Devices Co., Ltd., dated March 5, 2018. DPPs granted the Irico Defendants a 30-day extension of time to respond to this discovery.

3.    On May 4, 2018, the Irico Defendants served their responses to DPPs' March 5, 2018 discovery. Attached hereto as Exhibit 3 is a true and correct copy of Irico Defendants' Objections and Responses to Direct Purchaser Plaintiff Studio Spectrum, Inc.'s First Set of Interrogatories, dated May 4, 2018, including the verification of the same, dated May 18, 2018, which I received via email from Mr. Plunkett on May 21, 2018. Attached hereto as Exhibit 4 is a true and correct copy of Irico Defendants' Objections and Responses to Direct Purchaser Plaintiff Studio Spectrum, Inc.'s First Set of Requests for Production of Documents, dated May 4, 2018. Also on May 4, 2018, the Irico Defendants produced documents, labeled "IRI-CRT001" and consisting of 156 documents bearing Bates numbers IRI-CRT-00000001–IRI-CRT-00000904, by FTP site.

4.    On May 30, 2018, the Irico Defendants reproduced IRI-CRT001 to include corrected Chinese text files. Attached here as Exhibit 5 is a true and correct copy of the "IRI-

1

CRT001.DAT" data file produced with the corrected IRI-CRT001 containing the metadata for the production, including the custodians. It has been saved as a PDF file for the purposes of this declaration. The two unique custodians listed in data file are "Public Website" and "Irico Corporate Archives."

5.     On May 17, 2018, DPP counsel Matthew D. Heaphy sent a letter to the Irico Defendants' counsel, John Taladay of Baker Botts LLP, regarding the Irico Defendants' responses and requesting meet and confer. Attached hereto as <u>Exhibit 6</u> is a true and correct copy of Mr. Heaphy's letter.

6.     On May 28, 2018, counsel for the Irico Defendants, Stuart C. Plunkett of Baker Botts LLP, responded to Mr. Heaphy's letter. Attached hereto as <u>Exhibit 7</u> is a true and correct copy of Mr. Plunkett's letter, dated May 28, 2018.

7.     On May 29, May 30, and June 1, 2018, counsel for DPPs, Indirect Purchaser Plaintiffs ("IPPs"), and the Irico Defendants held three one-hour conference calls to discuss the Irico Defendants' responses as well as their responses to IPPs' discovery requests. On June 4, 2018, Mr. Plunkett sent a letter to DPP counsel, including me, identifying specific documents supporting the Irico Defendants' interrogatory responses. Attached hereto as <u>Exhibit 8</u> is a true and correct copy of Mr. Plunkett's letter, dated June 4, 2018. DPPs are currently reviewing the relevant Interrogatory Responses along with the references to the documents—most of which are in Chinese and thus require translation—to determine the adequacy of both, and may bring a motion to compel with regard to some or all of these responses.

8.     On June 5, 2018, I sent a letter to Mr. Plunkett memorializing the three meet and confer calls as they related to DPPs' discovery. Attached hereto as <u>Exhibit 9</u> is a true and correct copy of my letter to Mr. Plunkett.

9.     On June 21, 2018, I sent a letter to Mr. Plunkett regarding outstanding information the Irico Defendants had agreed to provide to Plaintiffs. Attached hereto at <u>Exhibit 10</u> is a true and correct copy of my letter to Mr. Plunkett dated June 21, 2018. To date, DPPs have received no response.

10.     On June 15, 2018, I received a letter from Mr. Plunkett requesting that DPPs return

or destroy certain documents that were inadvertently produced. Attached hereto as <u>Exhibit 11</u> is a true and correct copy of Mr. Plunkett's letter, dated June 15, 2018. According to analysis done prior to the clawback request by a native Chinese language attorney working under my direction, the documents included some which appear to show U.S. CRT sales in 1995, 1998, 1999, 2001, 2002, and 2003 totaling approximately $2 million. On June 20, 2018, I sent a letter to Mr. Plunkett stating that the documents did not appear to be privileged and asked for further information. Attached hereto as <u>Exhibit 12</u> is a true and correct copy of my letter to Mr. Plunkett, dated June 20, 2018. On the same day, Mr. Saveri sent a letter to The Honorable Vaughn R. Walker, the special master for discovery in this action, transmitting the disputed documents in case the parties could not resolve their dispute. Attached hereto as <u>Exhibit 13</u> is a true and correct copy of Mr. Saveri's letter to Judge Walker, dated June 20, 2018. On June 21, 2018, I received a call from Mr. Plunkett during which he stated that the Irico Defendants intended to withdraw their "clawback" request as to all but one page of the documents, and that they would send a formal letter to that effect shortly. On June 29, 2018, I received a letter from Mr. Plunkett so confirming. Attached hereto as <u>Exhibit 14</u> is a true and correct copy of Mr. Plunkett's letter to DPP counsel, including me.

11.     On June 29, 2018, I received an email from counsel for the Irico Defendants, Thomas E. Carter, containing current or recent job titles of persons identified as having knowledge of the Irico Defendants' Interrogatory Responses, and an updated attachment containing the Irico Defendants' response to a request for information about potential witnesses. Attached hereto at <u>Exhibit 15</u> is a true and correct copy of Mr. Carter's email and attachment, dated June 29, 2018.

12.     I am informed that on January 15, 2009, counsel for the Irico Defendants transmitted a Response to Information Requests and certain sales information, bearing Bates stamps bates stamped as IRICO-00001–IRICO-00022, to counsel for DPPs and IPPs. Attached hereto as <u>Exhibit 16</u> is a true and correct copy of an e-mail and three attachments from Philip Simpkins of Pillsbury Winthrop Shaw Pittman LLP, then counsel for the Irico Defendants, to DPP counsel Cadio Zirpoli, dated January 15, 2009.

/ / /

/ / /

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of July, 2018 in San Francisco, California.

/s/ Geoffrey C. Rushing
Geoffrey C. Rushing

# EXHIBIT 1

Guido Saveri (22349)
    guido@saveri.com
R. Alexander Saveri (173102)
    rick@saveri.com
Geoffrey C. Rushing (126910)
    grushing@saveri.com
Cadio Zirpoli (179108)
    cadio@saveri.com
Matthew D. Heaphy (227224)
    mheaphy@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, California 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates To: | **DIRECT PURCHASER PLAINTIFF STUDIO SPECTRUM, INC.'S FIRST SET OF INTERROGATORIES TO IRICO GROUP CORPORATION AND IRICO DISPLAY DEVICES CO., LTD.** |
| *ALL DIRECT PURCHASER ACTIONS* | |

PROPOUNDING PARTY:          STUDIO SPECTRUM, INC.

RESPONDING PARTIES:         IRICO GROUP CORPORATION

                            IRICO DISPLAY DEVICES CO., LTD.

SET NO.:                    ONE

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Direct Purchaser Plaintiff Studio Spectrum, Inc. ("Plaintiff"), through its counsel, requests that defendants Irico Group Corporation and Irico Display Devices Co., Ltd. serve verified responses to the following set of interrogatories on Plaintiff within thirty (30) days after the date of service of these interrogatories:

## **DEFINITIONS**

1.     The term "Defendant" means defendants Irico Group Corporation and Irico Display Devices Co., Ltd.

2.     The term "Irico" means defendants Irico Group Corporation and Irico Display Devices Co., Ltd.

3.     The term "Group" means defendant Irico Group Corporation.

4.     The term "Display" means defendant Irico Display Devices Co., Ltd.

5.     The term "Person" or "Persons" means any natural person, corporation, or partnership, proprietorship, joint venture, or any business, legal, or government entity, organization, or association.

6.     "You" or "Your" mean the responding Defendant, its predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, officers, Employees, agents, representatives or any Persons acting or purporting to act on behalf of the responding Defendant.

7.     "Or" and "and" should be construed so as to require the broadest possible response. If, for example, an interrogatory calls for information about "A or B" or "A and B," You should provide all information about A and all information about B, as well as all information about A and

B collectively. In other words, "or" and "and" should be read as "and/or."

8.     The terms "Document" or "Documents" means the original and any non-identical copy of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure. This definition includes any written, printed, reproduced, graphic, photographic, electronic, audio, visual, or video records, however produced or reproduced, of any kind or description, whether prepared by You or by any other Person, that is in Your possession, custody, or control, including, but not limited to, the following: emails; correspondence; memoranda; travel records; summaries; agreements; electronically stored information; papers; notes; books; invoices, letters; facsimiles; intra- and interoffice communications; transcripts; minutes or other records of Meetings; reports; affidavits; statements; legal pleadings; calendars; appointment books; diaries; notebooks; telephone logs; records of telephone conversations; compilations; work papers; graphs; charts; blueprints; sales, advertising, and promotional literature; agreements; pamphlets; brochures; circulars; manuals; instructions; ledgers; drawings; sketches; photographs; screen shots; video recordings; audio recordings; film and sound reproductions; internal or external web sites; compact discs; computer files and disks; and social media communications, including, but not limited to, information posted on or transmitted through social networking platforms (*e.g.*, LinkedIn, Facebook, MySpace and Instagram), digital file-sharing services (*e.g.*, Flickr), blogs and microblogs (*e.g.*, Twitter), Voice Over Internet Protocol services (*e.g.*, Skype), and/or instant messages.

9.     "Employee" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger, agent or other Person who is or was employed by Defendant.

10.    The term cathode ray tube, or "CRT," means both (a) color picture tubes ("CPTs"), which are CRTs used primarily in color televisions; and (b) color display tubes ("CDTs"), which are CRTs used primarily in color computer monitors.

11.    The term "CRT Products" means electronic devices containing CPTs (such as televisions) or CDTs (such as computer monitors).

12.    The term "Relevant Time Period" means the period from January 1, 1995 through

the present.

13. The term "Class Period" means the period from March 1, 1995 through November 25, 2007.

14. The term "Communication" or "Communications" means, without limitation, any disclosure, transfer, or exchange of information, opinions, ideas or thoughts, by any means, face-to-face meetings, written, recorded, electronically, orally or otherwise, at any time or place under any circumstances. This definition shall include communication via social media, including, but not limited to, information, opinions, ideas, or thoughts, posted on or transmitted through social networking platforms (*e.g.*, LinkedIn, Facebook, MySpace and Instagram), digital file-sharing services (*e.g.*, Flickr), blogs and microblogs (*e.g.*, Twitter), Voice Over Internet Protocol services (*e.g.*, Skype), and/or instant messages.

15. The term "Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

16. The term "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more Persons for any purpose, whether planned or arranged, scheduled or not.

17. The term "China" means the People's Republic of China.

18. The term "Chinese Law" means, without limitation, any law or regulation of China, or any law or regulation of any subnational government within China.

19. The term "Zhang Declaration" refers to the Declaration of Wenkai Zhang in Support of Irico's Motion to Set Aside Default, ECF No. 5215-1, filed on October 25, 2017.

20. The term "SASAC" means the State-owned Assets Supervision and Administration Commission of the State Council of the People's Republic of China.

**INSTRUCTIONS**

1. When asked to identify a natural person, state the person's name, employer, position dates of employment/tenure, and home address for all times during the Relevant Time Period. If any of such information has changed during the Relevant Time Period, specify the time period to

which the information provided in your answer pertains.

2.     When asked to identify any entity other than a natural person, state the name and address of the principal office or headquarters. If any of the information has changed during the Relevant Time Period, specify the time period to which the information provided in your answer pertains.

3.     If Defendant elects to produce documents or business records in response to an interrogatory pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, the responding party shall produce the records as they are kept in the usual course of business or shall organize and label them to correspond with the interrogatory. If the document is being produced in its native electronic format (allowing the document to retain its metadata), identify the document using its hash or other appropriate electronic identification and identify the interrogatories to which the document is responsive. If the document is not being produced in electronic form, identify the document using the applicable Bates numbers or specifically identify the type of document being produced (e.g., letter, memorandum, telegram, contract, invoice, etc.), its date and author(s), its custodian, and every Person to whom such document or any copy thereof was given or sent. For all documents produced pursuant to Rule 33(d), identify the name of the Employee, officer, or agent certifying the documents as business records.

## INTERROGATORIES

### INTERROGATORY NO. 1

Please describe in detail the circumstances surrounding Group's creation, including:

a.     The identity of all Persons with knowledge of Group's creation; and

b.     The identity of all Documents that refer or relate to Group's creation.

### INTERROGATORY NO. 2

Please describe in detail the circumstances surrounding Display's creation, including:

a.     The identity of all Persons with knowledge of Display's creation; and

b.     The identity of all Documents that refer or relate to Display's creation.

### INTERROGATORY NO. 3

Please describe the direct ownership of Group from 2006 to 2008, including:

a.    The identity of all Persons with knowledge of Group's ownership from 2006 to 2008; and

b.    The identity of all Documents which refer or relate to Group's ownership from 2006 to 2008.

**INTERROGATORY NO. 4**

Please describe the direct ownership of Display from 2006 to 2008, including:

a.    The identity of all Persons with knowledge of Display's ownership from 2006 to 2008; and

b.    The identity of all Documents which refer or relate to Display's ownership from 2006 to 2008.

**INTERROGATORY NO. 5**

Please describe any status, obligations, and/or privileges that Group or Display had under Chinese Law from 2006 to 2008 because of the alleged status of Group or Display as an agency, instrumentality, and/or organ of China, including:

a.    The identity of all Persons with knowledge of Group's or Display's special status, obligations, and/or privileges under Chinese Law from 2006 to 2008; and

b.    The identity of all Documents which refer or relate to Group's or Display's special status, obligations, and/or privileges under Chinese Law from 2006 to 2008.

**INTERROGATORY NO. 6**

Please describe any Chinese government supervision of Group from 2006 to 2008, including:

a.    The identity (including government job title) of any Chinese officials involved in such supervision;

b.    The identity of all Documents referring or relating to such supervision; and

c.    The identity of other Persons with knowledge of such supervision.

**INTERROGATORY NO. 7**

Please describe any Chinese government supervision of Display from 2006 to 2008, including:

a.       The identity (including government job title) of any Chinese officials involved in

such supervision;

b.       The identity of all Documents referring or relating to such supervision; and

c.       The identity of other Persons with knowledge of such supervision.

**INTERROGATORY NO. 8**

Describe the role, if any, that Irico Group Electronics Co., Ltd. played in the management

and/or supervision of Display from 2006 to 2008, including:

a.       The identity of all Persons with knowledge of such management and/or supervision;

and

b.       The identity of all Documents which refer or relate to such management and/or

supervision.

**INTERROGATORY NO. 9**

Please describe with particularity all investigation or collection of information that Wenkai

Zhang performed in connection with the preparation of his declaration, including:

a.       The identity of all Employees, officers or agents of Irico with whom he

communicated (whether oral or written) in connection with his declaration; and

b.       The identity of all Documents he reviewed in connection with his declaration.

**INTERROGATORY NO. 10**

Explain with particularity the basis for Your contention that Group was managed directly

by the Chinese government (or a political subdivision thereof) through the filing of the original

complaint herein, including:

a.       The identity of all Persons with knowledge of such management; and

b.       The identity of all Documents which refer or relate to such management.

**INTERROGATORY NO. 11**

Please describe with particularity the basis for the contention, as stated in paragraph 7 of the

Zhang Declaration, that "Irico Group's management, including its Legal Representative and

General Manager, was appointed directly . . . by the SASAC after 2003," including:

a.       The identity of all Persons with knowledge of the appointment of Group's

management; and

b.      The identity of all Documents which refer or relate to the appointment of Group's management.

## INTERROGATORY NO. 12

Please describe with particularity the basis for the contention, as stated in paragraph 8 of the Zhang Declaration, that "[a]t the time the DPP's original complaint was filed on November 26, 2007, Irico Display was a State-owned holding company," including:

a.      The identity of all Persons with knowledge of the basis for the contention; and

b.      The identity of all Documents sufficient to support that contention.

## INTERROGATORY NO. 13

Please describe with particularity the basis for the contention, as stated in paragraph 8 of the Zhang Declaration, that "Irico Display's management was appointed by the State Council-appointed management of Irico Group and reviewed by Irico Display's shareholders," including:

a.      The identity of all Persons with knowledge of the appointment of Display's management; and

b.      The identity of all Documents which refer or relate to the appointment of Display's management.

## INTERROGATORY NO. 14

Please describe with particularity the basis for the contention, as stated in paragraph 8 of the Zhang Declaration, that "Irico Display's management was subject to the same regulations that apply to state officials," including:

a.      The identity of all Persons with knowledge of the basis for the contention; and

b.      The identity of all Documents supporting the contention.

## INTERROGATORY NO. 15

Please describe with particularity the basis for the contention, as stated in paragraph 9 of the Zhang Declaration, that "Irico Display was managed directly by the State Council-appointed management of Irico Group and indirectly by the Ministry of Industry and Information Technology of the State Council," including:

1    a.    The identity of all Persons with knowledge of the basis for the contention; and

2    b.    The identity of all Documents supporting the contention.

3    **INTERROGATORY NO. 16**

4    Please describe with particularity the basis for the contention, as stated in paragraph 9 of the

5    Zhang Declaration, that "Irico Group directly appointed the management of Irico Display,"

6    including:

7    a.    The identity of all Persons with knowledge of the basis for the contention; and

8    b.    The identity of all Documents supporting the contention.

9    **INTERROGATORY NO. 17**

10    Please describe with particularity the basis for the contention, as stated in paragraph 10 of

11    the Zhang Declaration, that "[a]ny major business decisions or transactions entered into or

12    contemplated by Irico Display required review and approval by Irico Group and/or the Ministry of

13    Industry and Information Technology of the State Council, or another appropriate department of

14    the State Council," including:

15    a.    The identity of all Persons with knowledge of the basis for the contention; and

16    b.    The identity of all Documents which support the contention.

17    **INTERROGATORY NO. 18**

18    Please describe with particularity the basis for the contention, as stated in paragraph 10 of

19    the Zhang Declaration, that "Irico Display was required to submit financial statements and reports

20    about operating activities and investments to Irico Group for review," including:

21    a.    The identity of all Persons with knowledge of the basis for the contention; and

22    b.    The identity of all Documents which support the contention.

23    **INTERROGATORY NO. 19**

24    Please describe with particularity the basis for the contention, as stated in paragraph 10 of

25    the Zhang Declaration, that "[f]or some matters beyond Irico Group's authority—including (1)

26    material investments by Irico Display, (2) mergers and acquisitions by Irico Display, (3) sale of

27    shares resulting in a change in control over the company, (4) declaration of bankruptcy or cessation

28    of operations by Irico Display, (5) financing, including issuance of stocks and bonds, and (6)

proposed budgets—Irico Group had to obtain approval from the relevant agency of the State Council in order for Irico Display to take such action" and "[t]hus, Irico Display's business and operations were controlled and supervised by Irico Group, as well as the relevant departments of the State Council," including:

     a.    The identity of all Persons with knowledge of the basis for the contention;

     b.    The identity of all Documents which support the contention; and

     c.    All instances in which approval was sought from, granted or denied in whole or in part by the "relevant agency of the State Council."

## INTERROGATORY NO. 20

Please describe with particularity Irico's sales and marketing of CRT Products in the United States during the Class Period, and/or attempts to sell or market any CRT Products in the United States during the Class Period, including:

     a.    The identity of all Persons with knowledge of such sales and marketing and/or attempts to sell or market CRT Products in the United States; and

     b.    The identity of all Documents referring or relating to such sales and marketing and/or attempts to sell or market CRT Products in the United States.

## INTERROGATORY NO. 21

Please describe with particularity the basis for the contention, as stated in the Reply Brief of Irico in Support of Motion to Set Aside Default (ECF No. 5229), that "the pricing activity that DPPs allege to result from illegal conduct was mandated by the Chinese government," including:

     a.    The identity of all Persons with knowledge of the basis for the contention; and

     b.    The identity of all Documents which support the contention.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DATED: March 5, 2018          By: */s/ R. Alexander Saveri*

Guido Saveri
R. Alexander Saveri
Geoffrey C. Rushing
Cadio Zirpoli
Matthew D. Heaphy
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, California 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

Joseph W. Cotchett
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

Steven F. Benz
Gregory G. Rapawy
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK,
   P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

*Attorneys for Plaintiffs*

# EXHIBIT 2

Guido Saveri (22349)
    guido@saveri.com
R. Alexander Saveri (173102)
    rick@saveri.com
Geoffrey C. Rushing (126910)
    grushing@saveri.com
Cadio Zirpoli (179108)
    cadio@saveri.com
Matthew D. Heaphy (227224)
    mheaphy@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, California 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates To: | **DIRECT PURCHASER PLAINTIFF STUDIO SPECTRUM, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO IRICO GROUP CORPORATION AND IRICO DISPLAY DEVICES CO., LTD.** |
| *ALL DIRECT PURCHASER ACTIONS* | |

PROPOUNDING PARTY:          STUDIO SPECTRUM, INC.

RESPONDING PARTIES:         IRICO GROUP CORPORATION

                            IRICO DISPLAY DEVICES CO., LTD.

SET NO.:                    ONE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Direct Purchaser Plaintiff Studio Spectrum, Inc. ("Plaintiff"), through its counsel, requests that defendants Irico Group Corporation and Irico Display Devices Co., Ltd. respond to each of the following requests for production of documents, and produce all responsive Documents for inspection and copying within thirty (30) days of service.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, these requests are continuing in nature so that if Defendant, its directors, officers, Employees, agents, representatives or any Person acting, or purporting to act, on behalf of Defendant, discover any Document(s) requested or required to be produced, Defendant shall make such Document(s) available.

## DEFINITIONS

1.      "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

2.      "Any" shall be construed to mean "any and all."

3.      The term "Communication" or "Communications" means, without limitation, any disclosure, transfer, or exchange of information, opinions, ideas or thoughts, by any means, face-to-face meetings, written, recorded, electronically, orally or otherwise, at any time or place under any circumstances. This definition shall include communication via social media, including, but not limited to, information, opinions, ideas, or thoughts, posted on or transmitted through social networking platforms (*e.g.*, LinkedIn, Facebook, MySpace and Instagram), digital file-sharing services (*e.g.*, Flickr), blogs and microblogs (*e.g.*, Twitter), Voice Over Internet Protocol services (*e.g.*, Skype), and/or instant messages.

4.      "Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or

approximate).

5.     The term "Defendant" means defendants Irico Group Corporation and Irico Display Devices Co., Ltd.

6.     The term "Group" means defendant Irico Group Corporation.

7.     The term "Display" means defendant Irico Display Devices Co., Ltd.

8.     The terms "Document" or "Documents" mean the original and any non-identical copy of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure. This definition includes any written, printed, reproduced, graphic, photographic, electronic, audio, visual, or video records, however produced or reproduced, of any kind or description, whether prepared by you or by any other Person, that is in Your possession, custody, or control, including, but not limited to, the following: emails; correspondence; memoranda; travel records; summaries; agreements; electronically stored information; papers; notes; books; invoices, letters; facsimiles; intra- and interoffice communications; transcripts; minutes or other records of Meetings; reports; affidavits; statements; legal pleadings; calendars; appointment books; diaries; notebooks; telephone logs; records of telephone conversations; compilations; work papers; graphs; charts; blueprints; sales, advertising, and promotional literature; agreements; pamphlets; brochures; circulars; manuals; instructions; ledgers; drawings; sketches; photographs; screen shots; video recordings; audio recordings; film and sound reproductions; internal or external web sites; compact discs; computer files and disks; and social media communications, including, but not limited to, information posted on or transmitted through social networking platforms (*e.g.*, LinkedIn, Facebook, MySpace and Instagram), digital file-sharing services (*e.g.*, Flickr), blogs and microblogs (*e.g.*, Twitter), Voice Over Internet Protocol services (*e.g.*, Skype), and/or instant messages.

9.     "Electronically stored information" (ESI) includes, without limitation, the following:

a.     activity listings of electronic mail receipts and/or transmittals;

b.     output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and

outlines, electronic mail, AOL Instant Messenger™ (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronically stored information exists in an active file, a deleted file, or file fragment;

      c.    any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant, *e.g.*, Palm Pilot, R.I.M., Blackberry, or similar device, and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all Documents requested herein.

10.    "Employee" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger, agent or other Person who is or was employed by Defendant.

11.    "Including" is used to emphasize certain types of Documents requested and should not be construed as limiting the request in any way.

12.    The term "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more Persons for any purpose, whether planned or arranged, scheduled or not.

13.    "Or" and "and" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

14.    The term "Person" or "Persons" means any natural person, corporation, or partnership, proprietorship, joint venture, or any business, legal, or government entity, organization, or association.

15.    "Relating to," "referring to," "regarding," or "with respect to" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing,

recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

16.    "You" or "Your" mean the responding Defendant, its predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, officers, Employees, agents, representatives or any Persons acting or purporting to act on behalf of the responding Defendant.

17.    Unless otherwise noted, the Relevant Time Period for these requests is January 1, 1995 through the present (the "Relevant Time Period").

18.    The term "Class Period" means the period from March 1, 1995 through November 25, 2007.

19.    The term cathode ray tube, or "CRT," means both (a) color picture tubes ("CPTs"), which are CRTs used primarily in color televisions; and (b) color display tubes ("CDTs"), which are CRTs used primarily in color computer monitors.

20.    The "Zhang Declaration" refers to the Declaration of Wenkai Zhang in Support of Irico's Motion to Set Aside Default, ECF No. 5215-1, filed on October 25, 2017.

21.    The term "Chinese Law" means, without limitation, any law or regulation of China, or any law or regulation of any subnational government within China.

**INSTRUCTIONS**

1.    These requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

2.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests are continuing in nature so that if You subsequently discover or obtain possession, custody, or control of any Document covered by these requests, You shall promptly make any such Document(s) available to Plaintiff.

3.    In producing Documents and other materials, You are to furnish all Documents or things in Your possession, custody or control, regardless of whether such Documents or materials

are possessed directly by You or Your Employees, agents, parent company(ies), subsidiaries, affiliates, investigators or by Your attorneys or their employees, agents or investigators.

4. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, all Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. All Documents shall be produced in the file folder, envelope or other container in which the Documents are kept or maintained. If for any reason the container cannot be produced, You should produce copies of all labels or other identifying marks which may be present on the container.

5. Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each Document's custodian(s).

6. Documents attached to one another should not be separated. If any portion of any Document is responsive to any portion of the requests below, then the entire Document must be produced.

7. If a Document once existed and subsequently has been lost, destroyed or is otherwise missing, You should provide sufficient information to identify the Document and state, in writing, the details, including whether the Document:

    a. is lost or missing;

    b. has been destroyed and, if so, by whom at whose request;

    c. has been transferred or delivered, voluntarily or involuntarily, to another Person or entity and at whose request; and/or

    d. has been otherwise disposed of.

8. In each instance in which a Document once existed and subsequently is lost, missing, destroyed, or otherwise disposed of, explain the circumstances surrounding the disposition of the Document, including, but not limited to:

    a. the identity of the Person or entity who last possessed the Document;

    b. the date or approximate date of the Documents disposition; and

    c. the identity of all Persons who have or had knowledge of the Document's

contents.

9.     If any Document responsive to any of these requests is privileged, and the Document or any portion of the Document requested is withheld based on a claim of privilege pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, provide a statement of the claim of privilege and all facts relied upon in support of that claim, including the following information:

a.     the reason for withholding the Document;

b.     the date of such communication;

c.     the medium of such communication;

d.     the general subject matter of such communication (such description shall not be considered a waiver of Your claimed privilege);

e.     the identity of any Document that was the subject of such communication and the present location of any such Document;

f.     the identity of the Persons involved in such communication;

g.     the identity of any Document which records, refers, or relates to such communication and the present location of any such Document;

h.     the paragraph or paragraphs of these requests for production of Documents to which such information is responsive.

10.     Each Document requested herein should be produced in its entirety and without deletion, redaction or excisions, except as qualified by Instruction 9 above, regardless of whether You consider the entire Document or only part of it to be relevant or responsive to these requests. If You have redacted any portion of a Document, stamp the word "REDACTED" beside the redacted information on each page of the Document which You have redacted. Any redactions to Documents produced should be identified in accordance with Instruction 9 above.

11.     All Documents produced in paper form should be Bates numbered sequentially, with a unique number on each page, and with a prefix identifying the party producing the Document.

12.     Pursuant to Rule 34(b)(l)(C) of the Federal Rules of Civil Procedure, the responding party must produce any electronically stored information ("ESI") in its native format. If ESI in its

native format can only be accessed by proprietary or legacy software, or is password protected, or encrypted, the responding party must meet and confer with counsel for Plaintiffs so the receiving party shall receive all information and software necessary to access the ESI.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1

All versions of or amendments to any corporate charter, articles of incorporation, articles of association, articles of organization, bylaws, or similar corporate governing document for Group and Display.

### REQUEST NO. 2

Documents sufficient to show Group and Display's corporate formation, ownership, purpose, structure, and organization (including any organization charts) from the time of each entity's creation to 2008.

### REQUEST NO. 3

All documents related to communications from Group and/or Display to any shareholder or owner of Group and/or Display from 2006 to 2008, including but not limited to any annual, quarterly, or other periodic reports and any supplemental disclosures related to any such reports.

### REQUEST NO. 4

All documents related to Chinese government ownership and/or supervision of Group and of Display from 2006 to 2008.

### REQUEST NO. 5

All documents related to any status, obligations, or privileges that Group or Display had under Chinese Law during the period from 2006 to 2008 because of the alleged status of Group and/or Display as an agency, instrumentality, and/or organ of China.

### REQUEST NO. 6

All documents related to communications between Group, Display, or any affiliate of Group or Display, and any individual identified in response to Interrogatory Nos. 6(a) and 7(a), included in Direct Purchaser Plaintiff Studio Spectrum, Inc.'s First Set of Interrogatories to Irico Group Corporation and Irico Display Devices Co, Ltd., dated March 5, 2018.

**REQUEST NO. 7**

All documents related to the statement in the Zhang Declaration that "Irico declined to answer [the DPP's complaint] because it believed that Irico Group and Irico Display were immune from suit in the United States," including but not limited to any communication with outside counsel related to such immunity from 2007 to 2010.

**REQUEST NO. 8**

All documents related to pricing of CRTs during the Class Period by Group, Display, or any affiliate of Group or Display.

**REQUEST NO. 9**

All documents related to the sale or pricing of CRTs in the United States (including but not limited to any actual, planned, or contemplated sales of CRTs in the United States by Group, Display, or any affiliate of Group or Display, either directly or indirectly) during the Class Period.

**REQUEST NO. 10**

All documents related to any Meeting identified in Exhibit 11 to the Declaration of R. Alexander Saveri dated January 11, 2018 (including but not limited to any communications by, between, or among any directors, officers, or Employees of Group or Display related to such Meetings).

**REQUEST NO. 11**

All documents that Wenkai Zhang reviewed or relied on in preparing his declaration.

**REQUEST NO. 12**

All documents identified or described in response to any of the interrogatories included in Direct Purchaser Plaintiff Studio Spectrum, Inc.'s First Set of Interrogatories to Irico Group Corporation and Irico Display Devices Co, Ltd., dated March 5, 2018.

/ / /

/ / /

/ / /

/ / /

/ / /

DATED: March 5, 2018          By: */s/ R. Alexander Saveri*

Guido Saveri
R. Alexander Saveri
Geoffrey C. Rushing
Cadio Zirpoli
Matthew D. Heaphy
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, California 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

Joseph W. Cotchett
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

Steven F. Benz
Gregory G. Rapawy
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK,
    P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

*Attorneys for Plaintiffs*

# EXHIBIT 3

John Taladay (*pro hac vice*)
john.taladay@bakerbotts.com
Erik Koons (*pro hac vice*)
erik.koons@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone: (202)-639-7700
Facsimile: (202)-639-7890

Stuart C. Plunkett (State Bar No. 187971)
stuart.plunkett@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:07-cv-05944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **IRICO DEFENDANTS' OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFF STUDIO SPECTRUM, INC.'S FIRST SET OF INTERROGATORIES** |
| ALL DIRECT PURCHASER ACTIONS | |

| | |
|---|---|
| PROPOUNDING PARTY: | Direct Purchaser Plaintiff Studio Spectrum, Inc. |
| RESPONDING PARTIES: | Irico Group Corporation<br>Irico Display Devices Co., Ltd. |
| SET NO.: | One |

1        Pursuant to Federal Rules of Civil Procedure 26 and 33, Irico Group Corporation and Irico

2   Display Devices Co, Ltd. (collectively, "Irico" or "Irico Defendants") hereby respond to the

3   Direct Purchaser Plaintiff Studio Spectrum, Inc.'s ("Plaintiff") First Set of Interrogatories

4   ("Interrogatories"). Irico reserves the right to amend or supplement these Objections and

5   Responses (the "Responses") to the extent allowed by the Federal Rules of Civil Procedure and

6   the Local Rules of Practice in Civil Proceedings before the United States District Court for the

7   Northern District of California ("Local Rules"). Subject to and without waiving any of Irico's

8   General and Specific Objections as set forth below, Irico is willing to meet and confer with

9   Plaintiff regarding such General and Specific Objections.

10        The following Responses are made only for purposes of this case. The Responses are

11   subject to all objections as to relevance, materiality and admissibility, and to any and all

12   objections on any ground that would require exclusion of any response if it were introduced in

13   court. All evidentiary objections and grounds are expressly reserved.

14        These Responses are subject to the provisions of the Stipulated Protective Order that the

15   Court issued on June 18, 2008 ("Protective Order"). Irico's Responses are hereby designated

16   "Confidential" in accordance with the provisions of the Protective Order.

17                            **GENERAL OBJECTIONS**

18   Irico makes the following General Objections to Plaintiff's Interrogatories:

19        1.        Irico's Responses are based upon information available to and located by Irico as

20   of the date of service of these Responses. In responding to Plaintiff's Interrogatories, Irico states

21   that it has conducted, or will conduct, a diligent search, reasonable in scope, of those files and

22   records in its possession, custody, or control believed to likely contain information responsive to

23   Plaintiff's Interrogatories.

24        2.        No express, incidental, or implied admissions are intended by these Responses and

25   should not be read or construed as such.

26        3.        Irico does not intend, and its Responses should not be construed as, an agreement

27   or acquiescence with any characterization of fact, assumption, or conclusion of law contained in

28   or implied by the Interrogatories.

4.      To the extent that Irico responds to Plaintiff's Interrogatories by stating that Irico will produce or make available for examination responsive information or documents, Irico does not represent that any such information or documents exist. Irico will make a good faith and reasonable attempt to ascertain whether information responsive to Plaintiff's Interrogatories exists and is properly producible, and will produce or make available for examination non-privileged responsive materials to the extent any are located during the course of a reasonable search.

5.      Irico objects to Plaintiff's Interrogatories to the extent that they are overly broad, unduly burdensome, oppressive, and duplicative to the extent that they seek information or documents that are already in the possession, custody, or control of Plaintiff.

6.      Irico objects to Plaintiff's Interrogatories to the extent that they seek to impose obligations on Irico beyond those of the Federal Rules of Civil Procedure, the Local Rules, or any Order of this Court.

7.      Irico objects to Plaintiff's Interrogatories to the extent they seek information that is not relevant to jurisdictional issues or disproportionate to the needs of the case in resolving such jurisdictional issues.

8.      Irico objects to Plaintiff's Interrogatories to the extent that they are vague, ambiguous, or susceptible to more than one interpretation. Irico shall attempt to construe such vague or ambiguous Interrogatories so as to provide for the production of responsive information that is proportionate to the needs of the case. If Plaintiff subsequently asserts an interpretation of any Interrogatory that differs from Irico's understanding, Irico reserves the right to supplement or amend its Responses.

9.      Irico objects to Plaintiff's Interrogatories to the extent that they contain terms that are insufficiently or imprecisely defined. Irico shall attempt to construe such vague or ambiguous Interrogatories so as to provide for the production of responsive information that is proportionate to the needs of the case.

10.     Irico objects to Plaintiff's Interrogatories to the extent that they seek information that is protected from disclosure by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, self-evaluative privilege, or any other applicable privilege

1   or immunity. Irico will provide only information that it believes to be non-privileged and

2   otherwise properly discoverable. None of Irico's responses is intended nor should be construed as

3   a waiver of any such privilege or immunity. The inadvertent or mistaken provision of any

4   information or responsive documents subject to any such doctrine, privilege, protection or

5   immunity from production shall not constitute a general, inadvertent, implicit, subject-matter,

6   separate, independent or other waiver of such doctrine, privilege, protection or immunity from

7   production.

8          11.     Irico objects to Plaintiff's Interrogatories to the extent that they call for

9   information that is not in the possession, custody, or control of Irico. Irico also objects to the

10  extent that any of Plaintiff's Interrogatories seek information from non-parties or third parties,

11  including but not limited to any of Irico's subsidiary or affiliated companies.

12         12.     Irico objects to Plaintiff's Interrogatories to the extent that responding would

13  require Irico to violate the privacy and/or confidentiality of a third party or confidentiality

14  agreement with a third party.

15         13.     Irico objects to Plaintiff's Interrogatories to the extent that they seek information

16  that is publicly available, already in Plaintiffs' possession, custody, or control, or more readily

17  available from other sources.

18         14.     Irico objects to Plaintiff's Interrogatories to the extent that they seek information

19  or documents concerning transactions outside the United States. Such Interrogatories are unduly

20  burdensome and irrelevant because they do not relate to actions by Irico in or causing a direct

21  effect in the United States.  Such Interrogatories are also unduly burdensome and irrelevant to this

22  pending action as Plaintiffs' class definition is confined to "all persons . . . who directly

23  purchased a Cathode Ray Tube Product . . . in the United States" (see Direct Purchaser Plaintiffs'

24  Consolidated Amended Complaint).

25         15.     Irico objects to Plaintiff's Interrogatories to the extent that compliance would

26  require Irico to violate the laws, regulations, procedures, or orders of a judicial or regulatory body

27  of foreign jurisdictions.

28

---

IRICO'S OBJECTIONS AND RESPONSES TO          3          Master File No. 3:07-cv-05944-SC
DPP'S FIRST SET INTERROGATORIES                        MDL No. 1917

16.     Irico's responses, whether now or in the future, pursuant to Plaintiff's Interrogatories should not be construed as either (i) a waiver of any of Irico's general or specific objections or (ii) an admission that such information or documents are either relevant or admissible as evidence.

17.     Irico objects to Plaintiff's Interrogatories to the extent that compliance would require Irico to seek information stored on backup or archived databases or other systems that are not readily accessible or otherwise no longer active.

18.     Irico objects to Plaintiff's Interrogatories to the extent that they are compound and/or contain discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1).

19.     Irico objects to Plaintiff's Interrogatories to the extent that they state and/or call for legal conclusions.

20.     Irico objects to the Interrogatories to the extent that they contain express or implied assumptions of fact or law with respect to the matters at issue in this case.

21.     Irico reserves the right to assert additional General and Specific Objections as appropriate to supplement these Responses.

These General Objections apply to each Interrogatory as though restated in full in the responses thereto. The failure to mention any of the foregoing General Objections in the specific responses set forth below shall not be deemed as a waiver of such objections or limitations.

### <u>GENERAL OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS</u>

1.     Irico objects to the definitions of "You" and "Your" (Definition No. 6) to the extent that Plaintiff defines those terms to include the Irico's "predecessors, successors, subsidiaries, departments, divisions, and/or affiliates." This definition is legally incorrect, overbroad, unduly burdensome, vague, and ambiguous. Irico also objects to the inclusion of "all present and former directors, officers, Employees, agents, representatives or any Persons acting or purporting to act on behalf of" Irico within this definition to the extent it purports to encompass information that is protected by attorney-client privilege, work product protection or any other applicable doctrine, privilege, protection or immunity or otherwise calls for a legal conclusion.

2.       Irico objects to the definition of "Document" (Definition No. 8) to the extent it seeks to impose requirements that are beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable laws.

3.       Irico objects to the definition of "Employee" (Definition No. 9) on the grounds that it calls for a legal conclusion and is otherwise vague, ambiguous, and overly broad. Irico further objects to this definition to the extent that it attempts to impose burdens on Irico beyond those imposed by the Federal Rules of Civil Procedure. Irico further objects to this definition to the extent that it seeks information protected by the attorney client or other applicable privilege, attorney work product doctrine, or otherwise seeks to violate rights of privacy under U.S. or foreign law.

4.       Irico objects to the definitions of "CRT" and "CRT Products" (Definitions No. 10 and 11) on the grounds that they are vague, ambiguous and overly broad. Irico further objects to the use of the term "CRT Products" to the extent that it is inconsistent with the definition of "CRT Products" as set forth in Plaintiff's pleadings.

5.       Irico objects to the definition of the "Relevant Time Period" (Definition No. 12) as overbroad, unduly burdensome, beyond the applicable statute of limitations, and beyond the relevant time period for determining jurisdictional issues.

6.       Irico objects to the definition of "Communication" (Definition No. 14) on the grounds that it is vague, ambiguous, and overly broad. Irico further objects to this definition to the extent that it attempts to impose burdens on Irico beyond those imposed by the Federal Rules of Civil Procedure.

7.       Irico objects to the definition of "Meeting" (Definition No. 16) on the grounds that the definition is overly broad, unduly burdensome, and seeks information that is neither relevant nor proportionate to the needs of the case.

8.       Irico objects to Instruction No. 1 (related to identification of persons) to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under the Federal Rules of Civil Procedure, including, without limiting the generality of the foregoing, Rule 26(b)(5)(A) and Rule 26(e)(1). Irico further objects to this Instruction to the

extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under, the Local Rules and any orders of the Court, and on the grounds that it is vague, ambiguous, and inconsistent with common usage. Irico further objects to this Instruction to the extent it seeks information that would disclose personal confidential information and/or violate any and all rights of privacy under the United States Constitution or Article I of the Constitution of the State of California, or any other applicable law or state constitution, or that is otherwise prohibited from disclosure because to do so would cause Irico to violate legal and/or contractual obligations to any other persons or entities.

9.      Irico objects to Instruction No. 2 (related to identification of an entity other than a natural person) to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under the Federal Rules of Civil Procedure or other applicable rule or Order of this Court.

10.     Irico objects to Instruction No. 3 (related to the production of business records in response to an interrogatory pursuant to Federal Rule of Civil Procedure 33(d)) on the grounds that it is unduly burdensome and purports to impose burdens and obligations upon Irico beyond those required by the Federal Rules of Civil Procedure or other applicable rule or Order of this Court.

## SPECIFIC RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 1

Please describe in detail the circumstances surrounding Group's creation, including:

a.      The identity of all Persons with knowledge of Group's creation; and

b.      The identity of all Documents that refer or relate to Group's creation.

## RESPONSE TO INTERROGATORY NO. 1

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.  Irico further objects that this interrogatory seeks information beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel. Irico also objects that this interrogatory is overbroad, unduly burdensome, and disproportionate to

1    the needs of the case in resolving jurisdictional issues.  Irico also objects to this interrogatory on

2    the grounds that identification of "all Persons" and "all Documents" is overbroad, unduly

3    burdensome, and disproportionate to the needs of the case.  Irico also objects that this

4    interrogatory seeks information that is publicly available.

5           Subject to and without waiving the objections stated above, Irico responds as follows:

6           Irico Group's origins trace back to a decision by the State Council of the People's

7    Republic of China in the 1970s to fully fund and support the production of CRTs due to the

8    strategic importance of CRTs in the development of China's national economy. Given the

9    significance of CRTs in the fields of communications, science, education, culture, medicine,

10   industry, agriculture, and others, the Fourth Ministry of Machinery Industry reported to the State

11   Council on February 17, 1977that it intended to introduce CRT technology and equipment from

12   abroad. This resulted in the construction of the wholly state-owned and state-funded Shaanxi

13   Color CRT "4400" Plant in 1978 in Xianyang, which was classified as an industrial enterprise

14   owned by the whole people of China. Irico Group was established on March 16, 1989 in

15   Xianyang, Shaanxi Province with the approval of the Chinese Ministry of Machinery and

16   Electronics Industry, and was formed out of the wholly state-owned assets of the Shaanxi Color

17   CRT "4400" Plant. Group was established by the Chinese government to aid in China's national

18   economic development by responding to the need of the Chinese people for color televisions.

19   Group's approved scope of business was defined as the production of color picture tubes, display

20   tubes, and ancillary components; the approved scope did not include any finished products such

21   as televisions or computer monitors. Group received funding solely from the Chinese

22   government.

23          Irico further states that Zhang Shaowen and Guo Mengquan have knowledge of this

24   subject.

25          Irico further refers Plaintiff to documents Bates labeled IRI-CRT-00000001 to IRI-CRT-

26   00000904.

27

28

**INTERROGATORY NO. 2**

Please describe in detail the circumstances surrounding Display's creation, including:

a.      The identity of all Persons with knowledge of Display's creation; and

b.      The identity of all Documents that refer or relate to Display's creation.

**RESPONSE TO INTERROGATORY NO. 2**

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.  Irico further objects that this interrogatory seeks information beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel. Irico also objects that this interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving jurisdictional issues.  Irico also objects to this interrogatory on the grounds that identification of "all Persons" and "all Documents" is overbroad, unduly burdensome, and disproportionate to the needs of the case.  Irico also objects that this interrogatory seeks information that is publicly available.

Subject to and without waiving the objections stated above, Irico responds as follows:

Irico Display was established in 1992 by Irico Group and wholly state-owned entities, Shaanxi ICBC Trust and Investment Corporation and Shaanxi PCBC Trust and Investment Corporation. Display had it its domicile in Xianyang, Shaanxi Province. As a collaboration founded and held by three wholly state-owned entities and created with the approval of the Shaanxi Provincial Economic System Reform Committee, Display was set up as a wholly state-owned enterprise of the Chinese government. Display was tasked with the development, production, and sales of color picture displays, parts, and raw materials. Display's stated purpose was to make greater contributions to China's national economic development by satisfying the domestic need for CRT products.

Irico further states that Long Tao and Hou Ruijin have knowledge of this subject.

Irico further refers Plaintiff to documents Bates labeled IRI-CRT-00000001 to IRI-CRT-00000904.

**INTERROGATORY NO. 3**

Please describe the direct ownership of Group from 2006 to 2008, including:

a.     The identity of all Persons with knowledge of Group's ownership from 2006 to 2008; and

b.     The identity of all Documents which refer or relate to Group's ownership from 2006 to 2008.

**RESPONSE TO INTERROGATORY NO. 3**

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.  Irico further objects that this interrogatory seeks information beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel. Irico also objects that this interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving jurisdictional issues.  Irico also objects to this interrogatory on the grounds that identification of "all Persons" and "all Documents" is overbroad, unduly burdensome, and disproportionate to the needs of the case.  Irico also objects that this interrogatory seeks information that is publicly available.

Subject to and without waiving the objections stated above, Irico responds as follows:

On November 26, 2007, Group was wholly owned by the State Council of the People's Republic of China.

Irico further states that Guo Mengquan has knowledge of this subject.

Irico further refers Plaintiff to documents Bates labeled IRI-CRT-00000001 to IRI-CRT-00000904.

**INTERROGATORY NO. 4**

Please describe the direct ownership of Display from 2006 to 2008, including:

a.     The identity of all Persons with knowledge of Display's ownership from 2006 to 2008; and

b.     The identity of all Documents which refer or relate to Display's ownership from 2006 to 2008.

1

**RESPONSE TO INTERROGATORY NO. 4**

2      Irico reasserts and incorporates each of the General Objections and Objections to the

3 Definitions and Instructions set forth above.  Irico further objects that this interrogatory seeks

4 information beyond the scope of what is relevant to resolving jurisdictional issues and beyond

5 that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.

6 Irico also objects that this interrogatory is overbroad, unduly burdensome, and disproportionate to

7 the needs of the case in resolving jurisdictional issues.  Irico also objects to this interrogatory on

8 the grounds that identification of "all Persons" and "all Documents" is overbroad, unduly

9 burdensome, and disproportionate to the needs of the case.  Irico also objects that this

10 interrogatory seeks information that is publicly available.

11      Subject to and without waiving the objections stated above, Irico responds as follows:

12      On November 26, 2007, Display was owned 41.36% by Irico Group Electronics Co., Ltd.

13 ("Electronics"), which was in turn 75% owned by Group. The ten largest shareholders of Display

14 in 2007 were as follows:

| Display Shareholder as of November 26, 2007 | Shares held |
|---|---|
| Irico Group Electronics Co., Ltd | 41.36% |
| Zhejiang Lanshen Information Technology Investment Co., Ltd. | 1.71% |
| Xi'an Yaxuan Trading Co., Ltd. | 0.97% |
| Urumqi City Commercial Bank Co., Ltd. | 0.45% |
| Xi'an Aircraft Industry (Group) Co., Ltd. | 0.45% |
| Sinochem International Petroleum Co. | 0.45% |
| Tao Xinxian | 0.41% |
| Shaanxi Tak Industrial Co., Ltd. | 0.36% |
| Shanghai Tiandi Technology Investment Development Co., Ltd. | 0.33% |
| Wang Junying | 0.33% |

26 Display was classified by the Chinese State-owned Assets Supervision and Administration

27 Commission ("SASAC") as a "state-owned holding company" in 2007 under Chinese law due to

28 the government holding a controlling interest through Group and Electronics.

1    Irico further states that Long Tao and Yan Yunlong have knowledge of this subject.

2    Irico further refers Plaintiff to documents Bates labeled IRI-CRT-00000001 to IRI-CRT-

3  00000904.

4         **INTERROGATORY NO. 5**

5         Please describe any status, obligations, and/or privileges that Group or Display had under

6  Chinese Law from 2006 to 2008 because of the alleged status of Group or Display as an agency,

7  instrumentality, and/or organ of China, including:

8         a.    The identity of all Persons with knowledge of Group's or Display's special status,

9               obligations, and/or privileges under Chinese Law from 2006 to 2008; and

10        b.    The identity of all Documents which refer or relate to Group's or Display's special

11              status, obligations, and/or privileges under Chinese Law from 2006 to 2008.

12  **RESPONSE TO INTERROGATORY NO. 5**

13        Irico reasserts and incorporates each of the General Objections and Objections to the

14  Definitions and Instructions set forth above.  Irico further objects that this interrogatory seeks

15  information beyond the scope of what is relevant to resolving jurisdictional issues and beyond

16  that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.

17  Irico also objects that this interrogatory is overbroad, unduly burdensome, and disproportionate to

18  the needs of the case in resolving jurisdictional issues.  Irico also objects to this interrogatory on

19  the grounds that identification of "all Persons" and "all Documents" is overbroad, unduly

20  burdensome, and disproportionate to the needs of the case.  Irico also objects that this

21  interrogatory seeks information that is publicly available.  Irico also objects that the terms

22  "status," "obligations," and "privileges" are vague and ambiguous, rendering this interrogatory

23  overbroad and unduly burdensome.

24        Subject to and without waiving the objections stated above, Irico responds as follows:

25        On November 26, 2007, Irico Group was a state-owned enterprise wholly owned and

26  funded by the State Council of the People's Republic of China. As such, Group was subject to the

27  direct management, supervision, and control by SASAC and other departments of the State

28  Council.  Group undertook many public service obligations and benefited from substantial

government support—well beyond any obligations and benefits conferred on privately-owned corporations. All major operating activities, financial policies, and appointment or dismissals of senior executives were directly managed by the Chinese government.

SASAC's control over Group was authorized by the Interim Regulations on Supervision and Management of State-owned Assets of Enterprises, adopted by the State Council in 2003 and in effect on November 26, 2007. Among other things, those regulations specified that SASAC shall: (1) perform responsibilities on behalf of the State as the sole investor in Group and safeguard the rights and interests of the state in the assets utilized by Group; (2) guide and push forward any reform or restructuring efforts by Group; (3) dispatch supervisory panels to Group; (4) appoint and remove the board of directors, General Manager, Deputy General Manager, Chief Accountant, and other "responsible persons" of Group; (5) evaluate the performance and set the compensation of board members and management of Group, including rewarding good performance and punishing poor performance; (6) supervise and perform regular audits to ensure the preservation and appreciation of the value of state-owned assets held by Group; (7) review and approve any restructuring plans and articles of association; (8) handle any merger or bankruptcy events affecting Group and make arrangements for laid-off workers; (9) authorize operation of any state-owned assets by Group and its subsidiaries; and (10) receive regular reports from Group on its finances, production, and operations as well as the preservation or appreciation of state-owned assets. Any directors, managers, and other "responsible persons" of Group are subject to disciplinary sanctions—including removal, disqualification from any future leadership positions at state-owned enterprises, and potential criminal liability—for actions causing a loss of State-owned assets.

In addition to these regulations, Group was required to refer any investment activities and major asset or property rights transfers to the State Council for approval. Group was obligated to achieve performance targets for maintenance and appreciation of State-owned assets in accordance with government requirements. Group received all of its capital funding from the Chinese government; its budget was set annually by SASAC and the Chinese Ministry of Finance, consisting of government funds appropriated to Group for various purposes, including

specific projects to improve Display's operations. Group's finances were monitored directly by

the Ministry of Finance, and Group was obligated to pay a set portion of its after-tax profits back

to the government. The government also delegated the provision of numerous public services to

Group, including a school system, police department, hospital, and senior living center, set up in

Xianyang, Shaanxi Province.

Irico Display was registered as and held the status of a "state-owned holding company" in

2007. That term is defined under Chinese law to include entities partially owned by the Chinese

government, over which the government exercises control. As a state-owned holding company,

Irico Display also enjoyed many benefits and was subject to responsibilities that did not apply to

non-state-owned corporations. Display was subject to direct supervision by SASAC as authorized

by the Interim Regulations described above. Under those regulations, SASAC was authorized to:

(1) appoint representatives to Display shareholder meetings to exercise authority as the

controlling shareholder under SASAC's instructions; (2) nominate the Chairman and other

directors to Display's board of directors to act according to SASAC's instructions; (3) nominate

the Chairman and other members of Display's supervisory panel; (4) nominate top management

of Display, including the General Manager, Deputy General Manager, and Chief Accountant; (5)

direct Display (and other companies under Irico Group) in reform, restructuring, and other efforts

to adjust corporate governance in accordance with State Council policy; (6) supervise the

financial situation of Display in order to safeguard the state's interest in its state-owned assets; (7)

establish guidelines for executive and employee compensation; and (8) evaluate the performance

of top Display directors and management it has appointed. As with Group, any directors,

managers, and other "responsible persons" for Display are subject to disciplinary sanctions,

including potential criminal liability, for actions causing a loss of state-owned assets.  Under

these regulations, Display was commanded to "accept the supervision and administration

conducted by" SASAC. Display also benefited from special guidance and coordination from

SASAC in overcoming business difficulties and solving problems in the process of their reform

and development.

1    In addition to the obligations and privileges set forth in these regulations, Display was

2    subject to other requirements and received other forms of government support. Major production

3    changes by Display, such as new assembly lines and equipment, required direct approval by the

4    Economics and Trade Committee of Shaanxi Province. Display needed approval from SASAC

5    and the Shaanxi Province state-owned asset supervision authorities for its initial public offering.

6    Display also received significant financial support from SASAC and the Ministry of Finance,

7    including all of its initial funding at the time of formation, and periodic investments allocated by

8    SASAC through Group for use by Display, in particular for capital projects, including for its thin-

9    film-transistor liquid-crystal display project in 2007.  Display was at all times subject to the

10   absolute control of Group, and thus control by the Chinese government, in all its business

11   activities, financial policies, and appointment of management.  Group was listed as the "actual

12   controller" of Display pursuant to Article 217(3) of the 2006 Chinese Company Law, which

13   defines the term as "a person who is able practically to govern the behavior of a company through

14   investment relations, agreements or other arrangements, although the person is not a shareholder

15   of the company."  Display was required to submit regular financial, operational, and investment

16   reports to Group for approval.  Display also benefitted from the public services delegated to

17   Group by the Chinese government, including a school system, police department, hospital, and

18   senior living center, set up around Display's operations in Xianyang, Shaanxi Province.

19   Irico further states that Long Tao and Guo Mengquan have knowledge of this subject.

20   Irico further refers Plaintiff to documents Bates labeled IRI-CRT-00000001 to IRI-CRT-

21   00000904.

22   **<u>INTERROGATORY NO. 6</u>**

23   Please describe any Chinese government supervision of Group from 2006 to 2008,

24   including:

25       a.      The identity (including government job title) of any Chinese officials involved in

26               such supervision;

27       b.      The identity of all Documents referring or relating to such supervision; and

28       c.      The identity of other Persons with knowledge of such supervision.

**RESPONSE TO INTERROGATORY NO. 6**

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.  Irico further objects that this interrogatory seeks information beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel. Irico also objects that this interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving jurisdictional issues.  Irico also objects to this interrogatory on the grounds that identification of "any Chinese officials," "all Persons," and "all Documents" is overbroad, unduly burdensome, and disproportionate to the needs of the case.  Irico also objects that this interrogatory seeks information that is publicly available.  Irico also objects that the term "supervision" is vague and ambiguous, rendering this interrogatory overbroad and unduly burdensome.

Subject to and without waiving the objections stated above, Irico responds as follows:

See Irico's response above to Interrogatory No. 5. As a wholly state-owned enterprise as of November 26, 2007, Group was subject to supervision by SASAC and other departments of the State Council of the People's Republic of China in various aspects of its business, including finance, operations, and personnel management including its board of directors and senior management.

Irico further states that Long Tao and Guo Mengquan have knowledge of this subject.

Irico further refers Plaintiff to documents Bates labeled IRI-CRT-00000001 to IRI-CRT-00000904.

**INTERROGATORY NO. 7**

Please describe any Chinese government supervision of Display from 2006 to 2008, including:

    a.      The identity (including government job title) of any Chinese officials involved in such supervision;

    b.      The identity of all Documents referring or relating to such supervision; and

    c.      The identity of other Persons with knowledge of such supervision.

1

**RESPONSE TO INTERROGATORY NO. 7**

2     Irico reasserts and incorporates each of the General Objections and Objections to the

3 Definitions and Instructions set forth above.  Irico further objects that this interrogatory seeks

4 information beyond the scope of what is relevant to resolving jurisdictional issues and beyond

5 that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.

6 Irico also objects that this interrogatory is overbroad, unduly burdensome, and disproportionate to

7 the needs of the case in resolving jurisdictional issues.  Irico also objects to this interrogatory on

8 the grounds that identification of "any Chinese officials," "all Persons," and "all Documents" is

9 overbroad, unduly burdensome, and disproportionate to the needs of the case.  Irico also objects

10 that this interrogatory seeks information that is publicly available.  Irico also objects that the term

11 "supervision" is vague and ambiguous, rendering this interrogatory overbroad and unduly

12 burdensome.

13     Subject to and without waiving the objections stated above, Irico responds as follows:

14     See Irico's response to Interrogatory Nos. 5 and 6. As a state-owned holding company as

15 defined under Chinese law as of November 26, 2007, Display was subject both to supervision by

16 SASAC and management and supervision by the government through Group, which held absolute

17 control over Display's operations, finances, and personnel.

18     Irico further states that Long Tao and Guo Mengquan have knowledge of this subject.

19     Irico further refers Plaintiff to documents Bates labeled IRI-CRT-00000001 to IRI-CRT-

20 00000904.

21     **INTERROGATORY NO. 8**

22     Describe the role, if any, that Irico Group Electronics Co., Ltd. played in the management

23 and/or supervision of Display from 2006 to 2008, including:

24     a.     The identity of all Persons with knowledge of such management and/or

25          supervision; and

26     b.     The identity of all Documents which refer or relate to such management and/or

27          supervision.

28

---

IRICO'S OBJECTIONS AND RESPONSES TO          16          Master File No. 3:07-cv-05944-SC
DPP'S FIRST SET INTERROGATORIES                                        MDL No. 1917

1

## RESPONSE TO INTERROGATORY NO. 8

2      Irico reasserts and incorporates each of the General Objections and Objections to the

3  Definitions and Instructions set forth above.  Irico further objects that this interrogatory seeks

4  information beyond the scope of what is relevant to resolving jurisdictional issues and beyond

5  that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.

6  Irico also objects that this interrogatory is overbroad, unduly burdensome, and disproportionate to

7  the needs of the case in resolving jurisdictional issues.  Irico also objects to this interrogatory on

8  the grounds that identification of "all Persons" and "all Documents" is overbroad, unduly

9  burdensome, and disproportionate to the needs of the case.  Irico also objects that this

10 interrogatory seeks information that is publicly available.  Irico also objects that the terms

11 "management" and "supervision" are vague and ambiguous, rendering this interrogatory

12 overbroad and unduly burdensome.

13     Subject to and without waiving the objections stated above, Irico responds as follows:

14     Irico Group Electronics Co., Ltd. was established on September 10, 2004, under the

15 approval of SASAC. As of November 26, 2007, Group held 75% of the shares of Electronics and

16 maintained absolute control over Electronics. The directors, supervisors, and senior executives of

17 Electronics were all determined by the Chinese government through Group. Group, under

18 Chinese government control and as the "actual controller" of Display as defined under the 2006

19 Chinese Company Law, also determined the directors, supervisors, and senior executives of

20 Display, directing Electronics to perform appointment and dismissal procedures on its behalf.

21     Irico further states that Zhu Xiaohang and Guo Mengquan have knowledge of this subject.

22     Irico further refers Plaintiff to documents Bates labeled IRI-CRT-00000001 to IRI-CRT-

23 00000904.

24     ## INTERROGATORY NO. 9

25     Please describe with particularity all investigation or collection of information that

26 Wenkai Zhang performed in connection with the preparation of his declaration, including:

27     a.     The identity of all Employees, officers or agents of Irico with whom he

28          communicated (whether oral or written) in connection with his declaration; and

IRICO'S OBJECTIONS AND RESPONSES TO          17          Master File No. 3:07-cv-05944-SC
DPP'S FIRST SET INTERROGATORIES                              MDL No. 1917

1        b.     The identity of all Documents he reviewed in connection with his declaration.

2    **RESPONSE TO INTERROGATORY NO. 9**

3        Irico reasserts and incorporates each of the General Objections and Objections to the

4    Definitions and Instructions set forth above.  Irico further objects that this request seeks

5    information and documents beyond the scope of what is relevant to resolving jurisdictional issues

6    and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to

7    Compel.  Mr. Zhang's declaration is no longer at issue, because his declaration was submitted in

8    support of Irico's Motion to Set Aside Default, which the Court has already decided.  Irico also

9    objects that this request is overbroad, unduly burdensome, and disproportionate to the needs of

10    the case in resolving jurisdictional issues.  Irico also objects that this request calls for information

11    and documents that are privileged under the attorney-client privilege and work product doctrine.

12    Irico also objects to this interrogatory on the grounds that identification of "all Persons" and "all

13    Documents" is overbroad, unduly burdensome, and disproportionate to the needs of the case.

14    **INTERROGATORY NO. 10**

15        Explain with particularity the basis for Your contention that Group was managed directly

16    by the Chinese government (or a political subdivision thereof) through the filing of the original

17    complaint herein, including:

18        a.     The identity of all Persons with knowledge of such management; and

19        b.     The identity of all Documents which refer or relate to such management.

20    **RESPONSE TO INTERROGATORY NO. 10**

21        Irico reasserts and incorporates each of the General Objections and Objections to the

22    Definitions and Instructions set forth above.  Irico further objects that this interrogatory seeks

23    information beyond the scope of what is relevant to resolving jurisdictional issues and beyond

24    that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.

25    Irico also objects to this interrogatory on the grounds that identification of "all Persons" and "all

26    Documents" is overbroad, unduly burdensome, and disproportionate to the needs of the case.

27    Irico also objects that this interrogatory seeks information that is publicly available.  Irico also

28    objects that the term "managed" is vague and ambiguous, rendering this interrogatory overbroad

1   and unduly burdensome.

2         Subject to and without waiving the objections stated above, Irico responds as follows:

3         See Irico's responses to Interrogatory Nos. 5 and 6.

4   **INTERROGATORY NO. 11**

5         Please describe with particularity the basis for the contention, as stated in paragraph 7 of

6   the Zhang Declaration, that "Irico Group's management, including its Legal Representative and

7   General Manager, was appointed directly . . . by the SASAC after 2003," including:

8         a.     The identity of all Persons with knowledge of the appointment of Group's

9               management; and

10        b.     The identity of all Documents which refer or relate to the appointment of Group's

11              management.

12  **RESPONSE TO INTERROGATORY NO. 11**

13        Irico reasserts and incorporates each of the General Objections and Objections to the

14  Definitions and Instructions set forth above.  Irico further objects that this interrogatory seeks

15  information beyond the scope of what is relevant to resolving jurisdictional issues and beyond

16  that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.

17  Irico also objects to this interrogatory on the grounds that identification of "all Persons" and "all

18  Documents" is overbroad, unduly burdensome, and disproportionate to the needs of the case.

19        Subject to and without waiving the objections stated above, Irico responds as follows:

20        See Irico's responses to Interrogatory Nos. 5 and 6.

21  **INTERROGATORY NO. 12**

22        Please describe with particularity the basis for the contention, as stated in paragraph 8 of

23  the Zhang Declaration, that "[a]t the time the DPP's original complaint was filed on

24  November 26, 2007, Irico Display was a State-owned holding company," including:

25        a.     The identity of all Persons with knowledge of the basis for the contention; and

26        b.     The identity of all Documents sufficient to support that contention.

27  **RESPONSE TO INTERROGATORY NO. 12**

28        Irico reasserts and incorporates each of the General Objections and Objections to the

IRICO'S OBJECTIONS AND RESPONSES TO     19     Master File No. 3:07-cv-05944-SC
DPP'S FIRST SET INTERROGATORIES                        MDL No. 1917

1   Definitions and Instructions set forth above.  Irico further objects that this interrogatory seeks

2   information beyond the scope of what is relevant to resolving jurisdictional issues and beyond

3   that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.

4   Irico also objects to this interrogatory on the grounds that identification of "all Persons" and "all

5   Documents" is overbroad, unduly burdensome, and disproportionate to the needs of the case.

6          Subject to and without waiving the objections stated above, Irico responds as follows:

7          See Irico's responses to Interrogatory Nos. 4 through 7.

8   **INTERROGATORY NO. 13**

9          Please describe with particularity the basis for the contention, as stated in paragraph 8 of

10   the Zhang Declaration, that "Irico Display's management was appointed by the State

11   Council-appointed management of Irico Group and reviewed by Irico Display's shareholders,"

12   including:

13          a.      The identity of all Persons with knowledge of the appointment of Display's

14                  management; and

15          b.      The identity of all Documents which refer or relate to the appointment of Display's

16                  management.

17   **RESPONSE TO INTERROGATORY NO. 13**

18          Irico reasserts and incorporates each of the General Objections and Objections to the

19   Definitions and Instructions set forth above.  Irico further objects that this interrogatory seeks

20   information beyond the scope of what is relevant to resolving jurisdictional issues and beyond

21   that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.

22   Irico also objects to this interrogatory on the grounds that identification of "all Persons" and "all

23   Documents" is overbroad, unduly burdensome, and disproportionate to the needs of the case.

24          Subject to and without waiving the objections stated above, Irico responds as follows:

25          See Irico's responses to Interrogatory Nos. 4 through 8.

26   **INTERROGATORY NO. 14**

27          Please describe with particularity the basis for the contention, as stated in paragraph 8 of

28   the Zhang Declaration, that "Irico Display's management was subject to the same regulations that

1  apply to state officials," including:

2          a.      The identity of all Persons with knowledge of the basis for the contention; and

3          b.      The identity of all Documents supporting the contention.

4  **RESPONSE TO INTERROGATORY NO. 14**

5          Irico reasserts and incorporates each of the General Objections and Objections to the

6  Definitions and Instructions set forth above.  Irico further objects that this interrogatory seeks

7  information beyond the scope of what is relevant to resolving jurisdictional issues and beyond

8  that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.

9  Irico also objects to this interrogatory on the grounds that identification of "all Persons" and "all

10 Documents" is overbroad, unduly burdensome, and disproportionate to the needs of the case.

11         Subject to and without waiving the objections stated above, Irico responds as follows:

12         See Irico's response to Interrogatory No. 5. The management of Irico Display and its

13 subsidiaries, as senior management of state-controlled companies, are regarded as performing

14 official state duties under Chinese law. As such, Display's management is subject to the Chinese

15 government's mandates for the integrity of state officials, relevant government anti-corruption

16 provisions, and supervision by the state Commission for Discipline Inspection. As described in

17 Irico's response to Interrogatory No. 5, SASAC regulations specify that Display's directors,

18 management, and other "responsible persons" are subject to disciplinary sanction and are liable to

19 compensate the State for any loss of State-owned assets caused by abuse of power or neglect of

20 duty.  In addition, Article 93 of the Chinese Criminal Law stipulates that "people engaged in

21 official duties in state-owned companies, enterprises, institutions, and people's organizations, and

22 those who shall be assigned to non-state-owned companies, enterprises, institutions, and social

23 organizations from state-owned companies, enterprises, institutions, and other persons who are

24 engaged in official duties in accordance with the law, shall be treated as state functionaries."  A

25 Notice issued by the Supreme People's Court and Supreme People's Procuratorate of China (the

26 highest Chinese court and prosecuting authority, respectively) clarified that the top management

27 in state-owned holding companies such as Display are considered state functionaries under this

28 law.  For example, between 2013 and 2015, three managers of a subsidiary of Display were tried

1    as public officials and convicted for accepting bribes during the course of their duties.

2           Irico further states that Yan Yunlong has knowledge of this subject.

3           Irico further refers Plaintiff to documents Bates labeled IRI-CRT-00000001 to IRI-CRT-

4    00000904.

5           **INTERROGATORY NO. 15**

6           Please describe with particularity the basis for the contention, as stated in paragraph 9 of

7    the Zhang Declaration, that "Irico Display was managed directly by the State Council-appointed

8    management of Irico Group and indirectly by the Ministry of Industry and Information

9    Technology of the State Council," including:

10          a.      The identity of all Persons with knowledge of the basis for the contention; and

11          b.      The identity of all Documents supporting the contention.

12   **RESPONSE TO INTERROGATORY NO. 15**

13          Irico reasserts and incorporates each of the General Objections and Objections to the

14   Definitions and Instructions set forth above.  Irico further objects that this interrogatory seeks

15   information beyond the scope of what is relevant to resolving jurisdictional issues and beyond

16   that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.

17   Irico also objects to this interrogatory on the grounds that identification of "all Persons" and "all

18   Documents" is overbroad, unduly burdensome, and disproportionate to the needs of the case.

19          Subject to and without waiving the objections stated above, Irico responds as follows:

20          See Irico's responses to Interrogatory Nos. 5 through 8.

21   **INTERROGATORY NO. 16**

22          Please describe with particularity the basis for the contention, as stated in paragraph 9 of

23   the Zhang Declaration, that "Irico Group directly appointed the management of Irico Display,"

24   including:

25          a.      The identity of all Persons with knowledge of the basis for the contention; and

26          b.      The identity of all Documents supporting the contention.

27

28

1   **RESPONSE TO INTERROGATORY NO. 16**

2   Irico reasserts and incorporates each of the General Objections and Objections to the

3   Definitions and Instructions set forth above.  Irico further objects that this interrogatory seeks

4   information beyond the scope of what is relevant to resolving jurisdictional issues and beyond

5   that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.

6   Irico also objects to this interrogatory on the grounds that identification of "all Persons" and "all

7   Documents" is overbroad, unduly burdensome, and disproportionate to the needs of the case.

8   Subject to and without waiving the objections stated above, Irico responds as follows:

9   See Irico's responses to Interrogatory Nos. 5 through 8.

10  **INTERROGATORY NO. 17**

11  Please describe with particularity the basis for the contention, as stated in paragraph 10 of

12  the Zhang Declaration, that "[a]ny major business decisions or transactions entered into or

13  contemplated by Irico Display required review and approval by Irico Group and/or the Ministry

14  of Industry and Information Technology of the State Council, or another appropriate department

15  of the State Council," including:

16  a.      The identity of all Persons with knowledge of the basis for the contention; and

17  b.      The identity of all Documents which support the contention.

18  **RESPONSE TO INTERROGATORY NO. 17**

19  Irico reasserts and incorporates each of the General Objections and Objections to the

20  Definitions and Instructions set forth above.  Irico further objects that this interrogatory seeks

21  information beyond the scope of what is relevant to resolving jurisdictional issues and beyond

22  that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.

23  Irico also objects to this interrogatory on the grounds that identification of "all Persons" and "all

24  Documents" is overbroad, unduly burdensome, and disproportionate to the needs of the case.

25  Subject to and without waiving the objections stated above, Irico responds as follows:

26  See Irico's responses to Interrogatory Nos. 5, 6, and 7.

27

28

**INTERROGATORY NO. 18**

Please describe with particularity the basis for the contention, as stated in paragraph 10 of the Zhang Declaration, that "Irico Display was required to submit financial statements and reports about operating activities and investments to Irico Group for review," including:

    a.    The identity of all Persons with knowledge of the basis for the contention; and

    b.    The identity of all Documents which support the contention.

**RESPONSE TO INTERROGATORY NO. 18**

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.  Irico further objects that this interrogatory seeks information beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel. Irico also objects to this interrogatory on the grounds that identification of "all Persons" and "all Documents" is overbroad, unduly burdensome, and disproportionate to the needs of the case.

Subject to and without waiving the objections stated above, Irico responds as follows:

See Irico's responses to Interrogatory Nos. 5, 6 and 7.

**INTERROGATORY NO. 19**

Please describe with particularity the basis for the contention, as stated in paragraph 10 of the Zhang Declaration, that "[f]or some matters beyond Irico Group's authority—including (l) material investments by Irico Display, (2) mergers and acquisitions by Irico Display, (3) sale of shares resulting in a change in control over the company, (4) declaration of bankruptcy or cessation of operations by Irico Display, (5) financing, including issuance of stocks and bonds, and (6) proposed budgets—Irico Group had to obtain approval from the relevant agency of the State Council in order for Irico Display to take such action" and "[t]hus, Irico Display's business and operations were controlled and supervised by Irico Group, as well as the relevant departments of the State Council," including:

    a.    The identity of all Persons with knowledge of the basis for the contention;

    b.    The identity of all Documents which support the contention; and

c.     All instances in which approval was sought from, granted or denied in whole or in part by the "relevant agency of the State Council."

**RESPONSE TO INTERROGATORY NO. 19**

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.  Irico further objects that this interrogatory seeks information beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel. Irico also objects to this interrogatory on the grounds that identification of "all Persons," "all Documents," and "all instances" is overbroad, unduly burdensome, and disproportionate to the needs of the case.

Subject to and without waiving the objections stated above, Irico responds as follows:

See Irico's responses to Interrogatory Nos. 5, 6 and 7.

**INTERROGATORY NO. 20**

Please describe with particularity Irico's sales and marketing of CRT Products in the United States during the Class Period, and/or attempts to sell or market any CRT Products in the United States during the Class Period, including:

a.     The identity of all Persons with knowledge of such sales and marketing and/or attempts to sell or market CRT Products in the United States; and

b.     The identity of all Documents referring or relating to such sales and marketing and/or attempts to sell or market CRT Products in the United States.

**RESPONSE TO INTERROGATORY NO. 20**

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.  Irico further objects that this request seeks information and documents beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects that this request is overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving jurisdictional issues.  Irico also objects to this interrogatory on the grounds that identification of "all Persons" and "all Documents" is

1    overbroad, unduly burdensome, and disproportionate to the needs of the case.

2         Subject to and without waiving these objections and pursuant to Federal Rule of Civil

3    Procedure 33(d), Irico will produce or make available for inspection business records from which

4    the answer to this Interrogatory may be determined.

5         Irico further states that Guo Menquan and Long Tao have knowledge of this subject.

6    **INTERROGATORY NO. 21**

7         Please describe with particularity the basis for the contention, as stated in the Reply Brief

8    of Irico in Support of Motion to Set Aside Default (ECF No. 5229), that "the pricing activity that

9    DPPs allege to result from illegal conduct was mandated by the Chinese government," including:

10        a.    The identity of all Persons with knowledge of the basis for the contention; and

11        b.    The identity of all Documents which support the contention.

12   **RESPONSE TO INTERROGATORY NO. 21**

13        Irico reasserts and incorporates each of the General Objections and Objections to the

14   Definitions and Instructions set forth above.  Irico further objects that this request seeks

15   information and documents beyond the scope of what is relevant to resolving jurisdictional issues

16   and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to

17   Compel.  Irico also objects to this interrogatory on the grounds that identification of "all Persons"

18   and "all Documents" is overbroad, unduly burdensome, and disproportionate to the needs of the

19   case.

20   Dated: May 4, 2018

21

22                          */s/ Stuart C. Plunkett*
                            Stuart C. Plunkett (State Bar No. 187971)
23                          stuart.plunkett@bakerbotts.com
                            BAKER BOTTS LLP
24                          101 California Street, Suite 3600
                            San Francisco, California 94111
25                          Telephone: (415) 291-6200
                            Facsimile: (415) 291-6300
26
                            John Taladay (*pro hac vice*)
27                          john.taladay@bakerbotts.com
                            Erik Koons (*pro hac vice*)
28                          erik.koons@bakerbotts.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER BOTTS LLP
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone: (202)-639-7700
Facsimile: (202)-639-7890

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

## CERTIFICATE OF SERVICE

**In re: Cathode Ray Tube (CRT) Antitrust Litigation - MDL No. 1917**

      I declare that I am employed in the County of San Francisco, California.  I am over the age of eighteen years and not a party to the within case; my business address is: Baker Botts LLP, 101 California Street, Suite 3600, San Francisco, CA 94111.

      On May 4, 2018, I served the following document(s) described as:

**IRICO DEFENDANTS' OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFF STUDIO SPECTRUM, INC.'S FIRST SET OF INTERROGATORIES**

on the following interested parties in this action:

Guido Saveri (guido@saveri.com)
R. Alexander Saveri (rick@saveri.com)
Geoffrey C. Rushing (grushing@saveri.com)
Cadio Zirpoli (cadio@saveri.com)
Matthew D. Heaphy (mheaphy@saveri.com)
SAVERI & SAVERI, INC.
706 Sansome St # 200,
San Francisco, CA 94111

Mario N. Alioto (malioto@tatp.com)
Lauren C. Capurro (laurenrussell@tatp.com)
Joseph M. Patane (jpatane@tatp.com)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123

*Lead Counsel for the Direct Purchaser Plaintiffs*

*Lead Counsel for the Indirect Purchaser Plaintiffs*

[ ]    (BY OVERNIGHT DELIVERY) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

[ ]    (BY MAIL) by placing a true copy thereof in a sealed envelope with postage fully prepaid and addressed to the persons at the addresses as shown above.  I am readily familiar with the business practice of Baker Botts LLP for collection and processing of correspondence for mailing with the United States Postal Service, and the correspondence would be deposited with United States Postal Service that same day in the ordinary course of business.

[X]    (BY ELECTRONIC MAIL) I caused such documents to be sent to the persons at the email addressed listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on May 4, 2018, 2012 at San Francisco, California.

*/s/ Stephanie DM Pearson*
Stephanie DM Pearson

## VERIFICATION

I, Yunlong Yan, am General Counsel of Irico Group Corporation. I verify under penalty of perjury and based on reasonable inquiry, that the answers set forth in **IRICO DEFENDANTS' OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFF STUDIO SPECTRUM, INC.'S FIRST SET OF INTERROGATORIES** are true and correct to the best of my knowledge, information and belief.

Executed on May 18, 2018



Yunlong Yan
General Counsel
Irico Group Corporation

# EXHIBIT 4

John Taladay (*pro hac vice*)
john.taladay@bakerbotts.com
Erik Koons (*pro hac vice*)
erik.koons@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone: (202)-639-7700
Facsimile: (202)-639-7890

Stuart C. Plunkett (State Bar No. 187971)
stuart.plunkett@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to:<br><br>    ALL DIRECT PURCHASER ACTIONS | **IRICO DEFENDANTS' OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFF STUDIO SPECTRUM, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:        Direct Purchaser Plaintiff Studio Spectrum, Inc.

RESPONDING PARTIES:        Irico Group Corporation
                                        Irico Display Devices Co., Ltd.

SET NO.:                                One

Pursuant to Federal Rules of Civil Procedure 26 and 34, Irico Group Corporation and Irico Display Devices Co, Ltd. (collectively, "Irico" or "Irico Defendants") hereby responds to the Direct Purchaser Plaintiff Studio Spectrum, Inc.'s ("Plaintiff") First Set of Requests for Production of Documents ("Requests"). Irico reserves the right to amend or supplement these Objections and Responses (the "Responses") to the extent allowed by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California ("Local Rules"). Subject to and without waiving any of Irico's General and Specific Objections as set forth below, Irico is willing to meet and confer with Plaintiff regarding such General and Specific Objections.

The following Responses are made only for purposes of this case. The Responses are subject to all objections as to relevance, materiality and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All evidentiary objections and grounds are expressly reserved.

These Responses are subject to the provisions of the Stipulated Protective Order that the Court issued on June 18, 2008 ("Protective Order"). Irico's Responses are hereby designated "Confidential" in accordance with the provisions of the Protective Order.

## GENERAL OBJECTIONS

Irico makes the following General Objections to Plaintiff's Requests:

1.      Irico's Responses are based upon information available to and located by Irico as of the date of service of these Responses. In responding to Plaintiff's Requests, Irico states that it has conducted, or will conduct, a diligent search, reasonable in scope, of those files and records in its possession, custody, or control believed to likely contain information responsive to Plaintiff's Requests.

2.      No express, incidental, or implied admissions are intended by these Responses and should not be read or construed as such.

3.      Irico does not intend, and its Responses should not be construed as, an agreement or acquiescence with any characterization of fact, assumption, or conclusion of law contained in or implied by the Requests.

4.     To the extent that Irico responds to Plaintiff's Requests by stating that Irico will produce or make available for examination responsive information or documents, Irico does not represent that any such information or documents exist. Irico will make a good faith and reasonable attempt to ascertain whether information responsive to Plaintiff's Requests exists and is properly producible, and will produce or make available for examination non-privileged responsive materials to the extent any are located during the course of a reasonable search.

5.     Irico objects to Plaintiff's Requests to the extent that they are overly broad, unduly burdensome, oppressive, and duplicative to the extent that they seek information or documents that are already in the possession, custody, or control of Plaintiff.

6.     Irico objects to Plaintiff's Requests to the extent that they seek to impose obligations on Irico beyond those of the Federal Rules of Civil Procedure, the Local Rules, or any Order of this Court.

7.     Irico objects to Plaintiff's Requests to the extent they seek information or documents that are not relevant to jurisdictional issues or disproportionate to the needs of the case in resolving such jurisdictional issues.

8.     Irico objects to Plaintiff's Requests to the extent that they are vague, ambiguous, or susceptible to more than one interpretation. Irico shall attempt to construe such vague or ambiguous Requests so as to provide for the production of responsive information or documents that are proportionate to the needs of the case. If Plaintiff subsequently asserts an interpretation of any Request that differs from Irico's understanding, Irico reserves the right to supplement or amend its Responses.

9.     Irico objects to Plaintiff's Requests to the extent that they contain terms that are insufficiently or imprecisely defined. Irico shall attempt to construe such vague or ambiguous Requests so as to provide for the production of responsive information or documents that are proportionate to the needs of the case.

10.     Irico objects to Plaintiff's Requests to the extent that they seek information or documents that are protected from disclosure by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, self-evaluative privilege, or any other

applicable privilege or immunity. Irico will provide only information that it believes to be non-privileged and otherwise properly discoverable. None of Irico's responses is intended nor should be construed as a waiver of any such privilege or immunity. The inadvertent or mistaken provision of any information or responsive documents subject to any such doctrine, privilege, protection or immunity from production shall not constitute a general, inadvertent, implicit, subject-matter, separate, independent or other waiver of such doctrine, privilege, protection or immunity from production.

11.     Irico objects to Plaintiff's Requests to the extent that they call for information or documents that are not in the possession, custody, or control of Irico. Irico also objects to the extent that any of Plaintiff's Requests seek information from non-parties or third parties, including but not limited to any of Irico's subsidiary or affiliated companies.

12.     Irico objects to Plaintiff's Requests to the extent that responding would require Irico to violate the privacy and/or confidentiality of a third party or confidentiality agreement with a third party.

13.     Irico objects to Plaintiff's Requests to the extent that they seek information or documents that are publicly available, already in Plaintiffs' possession, custody, or control, or more readily available from other sources.

14.     Irico objects to Plaintiff's Requests to the extent that they seek information or documents concerning transactions outside the United States. Such Requests are unduly burdensome and irrelevant because they do not relate to actions by Irico in or causing a direct effect in the United States.  Such Requests are also unduly burdensome and irrelevant to this pending action as Plaintiffs' class definition is confined to "all persons . . . who directly purchased a Cathode Ray Tube Product . . . in the United States" (see Direct Purchaser Plaintiffs' Consolidated Amended Complaint).

15.     Irico objects to Plaintiff's Requests to the extent that compliance would require Irico to violate the laws, regulations, procedures, or orders of a judicial or regulatory body of foreign jurisdictions.

16.     Irico's responses, whether now or in the future, pursuant to Plaintiff's Requests should not be construed as either (i) a waiver of any of Irico's general or specific objections or (ii) an admission that such information or documents are either relevant or admissible as evidence.

17.     Irico objects to Plaintiff's Requests to the extent that compliance would require Irico to seek information or documents stored on backup or archived databases or other systems that are not readily accessible or otherwise no longer active.

18.     Irico objects to Plaintiff's Requests to the extent that they state and/or call for legal conclusions.

19.     Irico objects to the Requests to the extent that they contain express or implied assumptions of fact or law with respect to the matters at issue in this case.

20.     Irico objects to the Requests to the extent they seek documents that cannot be removed or transmitted outside China without violating the laws and regulations of that country, including but not limited to restrictions on the transmission of state secrets or trade secrets as those terms are defined under Chinese law.

21.     Irico reserves the right to assert additional General and Specific Objections as appropriate to supplement these Responses.

These General Objections apply to each Interrogatory as though restated in full in the responses thereto. The failure to mention any of the foregoing General Objections in the specific responses set forth below shall not be deemed as a waiver of such objections or limitations.

## GENERAL OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Irico objects to the definition of "Communication" (Definition No. 3) on the grounds that it is vague, ambiguous, and overly broad. Irico further objects to this definition to the extent that it attempts to impose burdens on Irico beyond those imposed by the Federal Rules of Civil Procedure.

2.     Irico objects to the definitions of "Document" (Definition No. 8) and "Electronically stored information" (Definition No. 9) to the extent they seek to impose requirements that are beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable laws.

3.      Irico objects to the definition of "Employee" (Definition No. 10) on the grounds that it calls for a legal conclusion and is otherwise vague, ambiguous, and overly broad. Irico further objects to this definition to the extent that it attempts to impose burdens on Irico beyond those imposed by the Federal Rules of Civil Procedure. Irico further objects to this definition to the extent that it seeks information protected by the attorney client or other applicable privilege, attorney work product doctrine, or otherwise seeks to violate rights of privacy under U.S. or foreign law.

4.      Irico objects to the definition of "Meeting" (Definition No. 12) on the grounds that the definition is overly broad, unduly burdensome, and seeks information or documents that are neither relevant nor proportionate to the needs of the case.

5.      Irico objects to the definition of "relating to," "regarding," and "with respect to" (Definition No. 15) to the extent that such terms seek the discovery of information or documents that are disproportionate to the needs of the case in determining jurisdictional issues. Irico further objects to these terms to the extent that they seek to improperly expand the scope of information or documents relevant to the issues set forth in Plaintiff's pleadings. Irico also objects to these definitions because responding to such vague, overly broad, and ambiguous Requests would be unduly burdensome.

6.      Irico objects to the definitions of "You" and "Your" (Definition No. 16) to the extent that Plaintiff defines those terms to include the Irico's "predecessors, successors, subsidiaries, departments, divisions, and/or affiliates." This definition is legally incorrect, overbroad, unduly burdensome, vague, and ambiguous. Irico also objects to the inclusion of "all present and former directors, officers, Employees, agents, representatives or any Persons acting or purporting to act on behalf of" Irico within this definition to the extent it purports to encompass information or documents that are protected by attorney-client privilege, work product protection or any other applicable doctrine, privilege, protection or immunity or otherwise calls for a legal conclusion.

7.      Irico objects to the definition of the "Relevant Time Period" (Definition No. 17) as overbroad, unduly burdensome, beyond the applicable statute of limitations, and beyond the

relevant time period for determining jurisdictional issues.

8.      Irico objects to the definition of "CRT" (Definition No. 19) on the grounds that it is vague, ambiguous and overly broad.

9.      Irico objects to Instruction No. 1 as overly broad and unduly burdensome on the grounds that it encompasses time periods outside of those relevant for resolving jurisdictional issues.

10.      Irico objects to each and every Instruction to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under the Federal Rules of Civil Procedure or other applicable rule or Order of this Court.

## SPECIFIC RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1**

All versions of or amendments to any corporate charter, articles of incorporation, articles of association, articles of organization, bylaws, or similar corporate governing document for Group and Display.

**RESPONSE TO REQUEST NO. 1**

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.  Irico further objects that this request seeks information and documents beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects that this request is overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving jurisdictional issues.  Irico also objects to this request as overbroad as to the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.

Subject to and without waiving the objections stated above, Irico responds that it will produce responsive, non-privileged corporate governance documents for Group and Display sufficient to show the circumstances of their creation and corporate status as of November 26, 2007.

**REQUEST NO. 2**

Documents sufficient to show Group and Display's corporate formation, ownership, purpose, structure, and organization (including any organization charts) from the time of each entity's creation to 2008.

**RESPONSE TO REQUEST NO. 2**

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.  Irico further objects that this request seeks information and documents beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects that this request is overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving jurisdictional issues.  Irico also objects to this request as overbroad as to the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.  Irico also objects that this request is duplicative and cumulative of other requests served on Irico, including Request No. 1.

Subject to and without waiving the objections stated above, Irico responds that it will produce responsive, non-privileged documents sufficient to show the circumstances of Group and Display's creation and corporate ownership, purpose, structure, and status as of November 26, 2007.

**REQUEST NO. 3**

All documents related to communications from Group and/or Display to any shareholder or owner of Group and/or Display from 2006 to 2008, including but not limited to any annual, quarterly, or other periodic reports and any supplemental disclosures related to any such reports.

**RESPONSE TO REQUEST NO. 3**

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.  Irico further objects that this request seeks information and documents beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects that this request is overbroad, unduly burdensome, and

disproportionate to the needs of the case in resolving jurisdictional issues, including as to the request for "all documents related to communications . . . ."  Irico also objects that this request seeks information and documents that are publicly available.  Irico also objects that this request calls for information and documents that are privileged under the attorney-client privilege and work product doctrine. Irico also objects to this request as overbroad as to the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.

Subject to and without waiving the objections stated above, Irico responds that it will produce any shareholder reports for Display from 2006 to 2008.

**REQUEST NO. 4**

All documents related to Chinese government ownership and/or supervision of Group and of Display from 2006 to 2008.

**RESPONSE TO REQUEST NO. 4**

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.  Irico further objects that this request seeks information and documents beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects that this request is overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving jurisdictional issues, including as to the request for "all documents related to . . . ."  Irico also objects that this request seeks information and documents that are publicly available.  Irico also objects that this request calls for information and documents that are privileged under the attorney-client privilege and work product doctrine. Irico also objects to this request as overbroad as to the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.  Irico also objects that this request is duplicative and cumulative of other requests served on Irico, including Requests Nos. 1 and 2.

Subject to and without waiving the objections stated above, Irico responds that it will produce responsive, non-privileged documents sufficient to show the extent of Chinese government ownership and supervision over Group and Display as of November 26, 2007.

1

**REQUEST NO. 5**

2      All documents related to any status, obligations, or privileges that Group or Display had

3  under Chinese Law during the period from 2006 to 2008 because of the alleged status of Group

4  and/or Display as an agency, instrumentality, and/or organ of China.

5  **RESPONSE TO REQUEST NO. 5**

6      Irico reasserts and incorporates each of the General Objections and Objections to the

7  Definitions and Instructions set forth above.  Irico further objects that this request seeks

8  information and documents beyond the scope of what is relevant to resolving jurisdictional issues

9  and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to

10  Compel.  Irico also objects that this request is overbroad, unduly burdensome, and

11  disproportionate to the needs of the case in resolving jurisdictional issues, including as to the

12  request for "all documents related to . . . ."  Irico also objects that this request seeks information

13  and documents that are publicly available.  Irico also objects that this request calls for information

14  and documents that are privileged under the attorney-client privilege and work product doctrine.

15  Irico also objects to this request as overbroad as to the time period called for; the only relevant

16  inquiry is Irico's status as of November 26, 2007.  Irico also objects that this request is

17  duplicative and cumulative of other requests served on Irico, including Requests Nos. 1, 2, and 4.

18      Subject to and without waiving the objections stated above, Irico responds that it will

19  produce responsive, non-privileged documents sufficient to show any status, obligations, or

20  privileges held by Group or Display under Chinese Law as of November 26, 2007.

21  **REQUEST NO. 6**

22      All documents related to communications between Group, Display, or any affiliate of

23  Group or Display, and any individual identified in response to Interrogatory Nos. 6(a) and 7(a),

24  included in Direct Purchaser Plaintiff Studio Spectrum, Inc.'s First Set of Interrogatories to Irico

25  Group Corporation and Irico Display Devices Co, Ltd., dated March 5, 2018.

26  **RESPONSE TO REQUEST NO. 6**

27      Irico reasserts and incorporates each of the General Objections and Objections to the

28  Definitions and Instructions set forth above.  Irico further objects that this request seeks

information and documents beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects that this request is overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving jurisdictional issues, including as to the request for "all documents related to communications . . . ."  Irico also objects to this request as overbroad as to the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.  Irico also objects that this request is duplicative and cumulative of other requests served on Irico, including Requests Nos. 1, 2, 4, and 5.

Subject to and without waiving the objections stated above, Irico responds that it will produce responsive, non-privileged documents sufficient to show the extent of Chinese government ownership and supervision over Group and Display as of November 26, 2007.

**REQUEST NO. 7**

All documents related to the statement in the Zhang Declaration that "Irico declined to answer [the DPP's complaint] because it believed that Irico Group and Irico Display were immune from suit in the United States," including but not limited to any communication with outside counsel related to such immunity from 2007 to 2010.

**RESPONSE TO REQUEST NO. 7**

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.  Irico further objects that this request seeks information and documents beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects that this request is overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving jurisdictional issues, including as to the request for "all documents related to . . . ."  Irico also objects that this request calls for information and documents that are privileged under the attorney-client privilege and work product doctrine.

---

1

**REQUEST NO. 8**

2

All documents related to pricing of CRTs during the Class Period by Group, Display, or

3

any affiliate of Group or Display.

4

**RESPONSE TO REQUEST NO. 8**

5

Irico reasserts and incorporates each of the General Objections and Objections to the

6

Definitions and Instructions set forth above.  Irico further objects that this request seeks

7

information and documents beyond the scope of what is relevant to resolving jurisdictional issues

8

and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to

9

Compel.  Irico also objects that this request is overbroad, unduly burdensome, and

10

disproportionate to the needs of the case in resolving jurisdictional issues, including as to the

11

request for "all documents related to . . . ."  Irico also objects that this request calls for

12

information and documents that are privileged under the attorney-client privilege and work

13

product doctrine.  Irico also objects to this request as overbroad as to the time period called for;

14

the only relevant inquiry is Irico's status as of November 26, 2007.

15

**REQUEST NO. 9**

16

All documents related to the sale or pricing of CRTs in the United States (including but

17

not limited to any actual, planned, or contemplated sales of CRTs in the United States by Group,

18

Display, or any affiliate of Group or Display, either directly or indirectly) during the Class Period.

19

**RESPONSE TO REQUEST NO. 9**

20

Irico reasserts and incorporates each of the General Objections and Objections to the

21

Definitions and Instructions set forth above.  Irico further objects that this request seeks

22

information and documents beyond the scope of what is relevant to resolving jurisdictional issues

23

and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to

24

Compel.  Irico also objects that this request is overbroad, unduly burdensome, and

25

disproportionate to the needs of the case in resolving jurisdictional issues, including as to the

26

request for "all documents related to . . . ."  Irico also objects that this request calls for

27

information and documents that are privileged under the attorney-client privilege and work

28

product doctrine. Irico also objects to this request as overbroad as to the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.

Subject to and without waiving the objections stated above, Irico will produce responsive, non-privileged documents, if any, sufficient to identify any sales of CRTs in the United States by Group or Display during the Class Period.

**REQUEST NO. 10**

All documents related to any Meeting identified in Exhibit 11 to the Declaration of R. Alexander Saveri dated January 11, 2018 (including but not limited to any communications by, between, or among any directors, officers, or Employees of Group or Display related to such Meetings).

**RESPONSE TO REQUEST NO. 10**

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above. Irico further objects that this request seeks information and documents beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel. Irico also objects that this request is overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving jurisdictional issues, including as to the request for "all documents related to . . . ." Irico also objects that this request calls for information and documents that are privileged under the attorney-client privilege and work product doctrine. Irico also objects to this request as overbroad as to the time period called for; the only relevant inquiry is Irico's status as of November 26, 2007.

**REQUEST NO. 11**

All documents that Wenkai Zhang reviewed or relied on in preparing his declaration.

**RESPONSE TO REQUEST NO. 11**

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.

Subject to and without waiving the objections stated above, Irico responds that all such responsive, non-privileged documents will be produced in response to Plaintiff's other requests.

**REQUEST NO. 12**

All documents identified or described in response to any of the interrogatories included in Direct Purchaser Plaintiff Studio Spectrum, Inc.'s First Set of Interrogatories to Irico Group Corporation and Irico Display Devices Co, Ltd., dated March 5, 2018.

**RESPONSE TO REQUEST NO. 12**

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.

Subject to and without waiving the objections stated above, Irico responds that it will produce non-privileged documents responsive to this request.

Dated:   May 4, 2018                          BAKER BOTTS LLP


                                              /s/ Stuart C. Plunkett
                                              Stuart C. Plunkett
                                              Email:  stuart.plunkett@bakerbotts.com
                                              BAKER BOTTS L.L.P.
                                              101 California Street, Suite 3600
                                              San Francisco, CA94111
                                              Telephone:  (415) 291 6203
                                              Facsimile:  (415) 291 6303

                                              John Taladay (*pro hac vice*)
                                              john.taladay@bakerbotts.com
                                              Erik Koons (*pro hac vice*)
                                              erik.koons@bakerbotts.com
                                              BAKER BOTTS LLP
                                              1299 Pennsylvania Ave., NW
                                              Washington, D.C. 20004
                                              Telephone: (202)-639-7700
                                              Facsimile: (202)-639-7890

                                              *Attorneys for Defendants*
                                              *IRICO GROUP CORP. and*
                                              *IRICO DISPLAY DEVICES CO., LTD.*

## CERTIFICATE OF SERVICE

**In re: Cathode Ray Tube (CRT) Antitrust Litigation - MDL No. 1917**

I declare that I am employed in the County of San Francisco, California.  I am over the age of eighteen years and not a party to the within case; my business address is: Baker Botts LLP, 101 California Street, Suite 3600, San Francisco, CA 94111.

On May 4, 2018, I served the following document(s) described as:

**IRICO DEFENDANTS' RESPONSES TO DIRECT PURCHASER PLAINTIFF STUDIO SPECTRUM, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO IRICO GROUP CORPORATION AND IRICO DISPLAY DEVICES CO., LTD.**

on the following interested parties in this action:

| | |
|---|---|
| Guido Saveri (guido@saveri.com) | Mario N. Alioto (malioto@tatp.com) |
| R. Alexander Saveri (rick@saveri.com) | Lauren C. Capurro (laurenrussell@tatp.com) |
| Geoffrey C. Rushing (grushing@saveri.com) | Joseph M. Patane (jpatane@tatp.com) |
| Cadio Zirpoli (cadio@saveri.com) | TRUMP, ALIOTO, TRUMP & PRESCOTT, |
| Matthew D. Heaphy (mheaphy@saveri.com) | LLP |
| SAVERI & SAVERI, INC. | 2280 Union Street |
| 706 Sansome St # 200, | San Francisco, CA 94123 |
| San Francisco, CA 94111 | |

*Lead Counsel for the Direct Purchaser Plaintiffs*

*Lead Counsel for the Indirect Purchaser Plaintiffs*

[ ]     (BY OVERNIGHT DELIVERY) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

[ ]     (BY MAIL) by placing a true copy thereof in a sealed envelope with postage fully prepaid and addressed to the persons at the addresses as shown above.  I am readily familiar with the business practice of Baker Botts LLP for collection and processing of correspondence for mailing with the United States Postal Service, and the correspondence would be deposited with United States Postal Service that same day in the ordinary course of business.

[X]     (BY ELECTRONIC MAIL) I caused such documents to be sent to the persons at the email addressed listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on May 4, 2018, 2012 at San Francisco, California.

*/s/ Stephanie DM Pearson*
Stephanie DM Pearson

---

IRICO'S OBJECTIONS AND RESPONSES TO          14          Master File No. 3:07-cv-05944-SC
DPP'S FIRST SET RFP                                                              MDL No. 1917

# EXHIBIT 5

IRI-CRT001

```
þBegDocþ¶þEndDocþ¶þSourceþ¶þCustodianþ¶þNativePathþ
þIRI-CRT-00000001þ¶þIRI-CRT-00000013þ¶þIRICOþ¶þPublic Websiteþ¶þþ
þIRI-CRT-00000014þ¶þIRI-CRT-00000019þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000020þ¶þIRI-CRT-00000020þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000021þ¶þIRI-CRT-00000021þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000022þ¶þIRI-CRT-00000022þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000023þ¶þIRI-CRT-00000023þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000024þ¶þIRI-CRT-00000024þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000025þ¶þIRI-CRT-00000025þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000026þ¶þIRI-CRT-00000026þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000027þ¶þIRI-CRT-00000027þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000028þ¶þIRI-CRT-00000028þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000029þ¶þIRI-CRT-00000029þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000030þ¶þIRI-CRT-00000030þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000031þ¶þIRI-CRT-00000031þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000032þ¶þIRI-CRT-00000032þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000033þ¶þIRI-CRT-00000045þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000046þ¶þIRI-CRT-00000080þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000081þ¶þIRI-CRT-00000091þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000092þ¶þIRI-CRT-00000149þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000150þ¶þIRI-CRT-00000158þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000159þ¶þIRI-CRT-00000215þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000216þ¶þIRI-CRT-00000231þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000232þ¶þIRI-CRT-00000321þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000322þ¶þIRI-CRT-00000334þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000335þ¶þIRI-CRT-00000392þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000393þ¶þIRI-CRT-00000405þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000406þ¶þIRI-CRT-00000486þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000487þ¶þIRI-CRT-00000487þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000488þ¶þIRI-CRT-00000488þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000489þ¶þIRI-CRT-00000502þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000503þ¶þIRI-CRT-00000507þ¶þIRICOþ¶þPublic Websiteþ¶þþ
þIRI-CRT-00000508þ¶þIRI-CRT-00000511þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000512þ¶þIRI-CRT-00000516þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000517þ¶þIRI-CRT-00000520þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000521þ¶þIRI-CRT-00000523þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000524þ¶þIRI-CRT-00000526þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000527þ¶þIRI-CRT-00000527þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000528þ¶þIRI-CRT-00000529þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000530þ¶þIRI-CRT-00000532þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000533þ¶þIRI-CRT-00000533þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000534þ¶þIRI-CRT-00000536þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000537þ¶þIRI-CRT-00000539þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000540þ¶þIRI-CRT-00000555þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000556þ¶þIRI-CRT-00000570þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000571þ¶þIRI-CRT-00000572þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000573þ¶þIRI-CRT-00000576þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000577þ¶þIRI-CRT-00000580þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000581þ¶þIRI-CRT-00000582þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000583þ¶þIRI-CRT-00000583þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000584þ¶þIRI-CRT-00000585þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000586þ¶þIRI-CRT-00000587þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000588þ¶þIRI-CRT-00000588þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000589þ¶þIRI-CRT-00000592þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000593þ¶þIRI-CRT-00000593þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000594þ¶þIRI-CRT-00000596þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000597þ¶þIRI-CRT-00000601þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000602þ¶þIRI-CRT-00000605þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000606þ¶þIRI-CRT-00000609þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000610þ¶þIRI-CRT-00000611þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000612þ¶þIRI-CRT-00000612þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000613þ¶þIRI-CRT-00000617þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000618þ¶þIRI-CRT-00000623þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
```

IRI-CRT001

þIRI-CRT-00000624þ¶þIRI-CRT-00000627þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000628þ¶þIRI-CRT-00000629þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000630þ¶þIRI-CRT-00000631þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000632þ¶þIRI-CRT-00000633þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000634þ¶þIRI-CRT-00000643þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000644þ¶þIRI-CRT-00000648þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000649þ¶þIRI-CRT-00000649þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000650þ¶þIRI-CRT-00000652þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000653þ¶þIRI-CRT-00000661þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000662þ¶þIRI-CRT-00000665þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000666þ¶þIRI-CRT-00000669þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000670þ¶þIRI-CRT-00000671þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000672þ¶þIRI-CRT-00000679þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000680þ¶þIRI-CRT-00000682þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000683þ¶þIRI-CRT-00000708þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000709þ¶þIRI-CRT-00000711þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000712þ¶þIRI-CRT-00000717þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000718þ¶þIRI-CRT-00000720þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000721þ¶þIRI-CRT-00000729þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000730þ¶þIRI-CRT-00000736þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000737þ¶þIRI-CRT-00000737þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000738þ¶þIRI-CRT-00000738þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000739þ¶þIRI-CRT-00000739þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000740þ¶þIRI-CRT-00000740þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000741þ¶þIRI-CRT-00000741þ¶þIRICObþþIrico Corporate
Archivesþ¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000741_CONFIDENTIAL.xlsþ
þIRI-CRT-00000742þ¶þIRI-CRT-00000743þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000744þ¶þIRI-CRT-00000751þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000752þ¶þIRI-CRT-00000754þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000755þ¶þIRI-CRT-00000763þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000764þ¶þIRI-CRT-00000772þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000773þ¶þIRI-CRT-00000778þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000779þ¶þIRI-CRT-00000785þ¶þIRICObþþPublic Websiteþ¶þþ
þIRI-CRT-00000786þ¶þIRI-CRT-00000789þ¶þIRICObþþPublic Websiteþ¶þþ
þIRI-CRT-00000790þ¶þIRI-CRT-00000793þ¶þIRICObþþPublic Websiteþ¶þþ
þIRI-CRT-00000794þ¶þIRI-CRT-00000796þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000797þ¶þIRI-CRT-00000799þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000800þ¶þIRI-CRT-00000801þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000802þ¶þIRI-CRT-00000804þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000805þ¶þIRI-CRT-00000809þ¶þIRICObþþIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000810þ¶þIRI-CRT-00000810þ¶þIRICObþþIrico Corporate
Archivesþ¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000810_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000811þ¶þIRI-CRT-00000811þ¶þIRICObþþIrico Corporate
Archivesþ¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000811_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000812þ¶þIRI-CRT-00000812þ¶þIRICObþþIrico Corporate
Archivesþ¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000812_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000813þ¶þIRI-CRT-00000813þ¶þIRICObþþIrico Corporate
Archivesþ¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000813_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000814þ¶þIRI-CRT-00000814þ¶þIRICObþþIrico Corporate
Archivesþ¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000814_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000815þ¶þIRI-CRT-00000815þ¶þIRICObþþIrico Corporate
Archivesþ¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000815_CONFIDENTIAL.xlsþ
þIRI-CRT-00000816þ¶þIRI-CRT-00000816þ¶þIRICObþþIrico Corporate
Archivesþ¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000816_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000817þ¶þIRI-CRT-00000817þ¶þIRICObþþIrico Corporate
Archivesþ¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000817_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000818þ¶þIRI-CRT-00000818þ¶þIRICObþþIrico Corporate
Archivesþ¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000818_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000819þ¶þIRI-CRT-00000819þ¶þIRICObþþIrico Corporate
Archivesþ¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000819_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000820þ¶þIRI-CRT-00000820þ¶þIRICObþþIrico Corporate
Archivesþ¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000820_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000821þ¶þIRI-CRT-00000821þ¶þIRICObþþIrico Corporate

IRI-CRT001

Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000821_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000822þ¶þIRI-CRT-00000822þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000822_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000823þ¶þIRI-CRT-00000823þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000823_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000824þ¶þIRI-CRT-00000824þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000824_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000825þ¶þIRI-CRT-00000825þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000825_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000826þ¶þIRI-CRT-00000826þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000826_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000827þ¶þIRI-CRT-00000827þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000827_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000828þ¶þIRI-CRT-00000828þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000828_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000829þ¶þIRI-CRT-00000829þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000829_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000830þ¶þIRI-CRT-00000830þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000830_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000831þ¶þIRI-CRT-00000831þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000831_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000832þ¶þIRI-CRT-00000832þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000832_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000833þ¶þIRI-CRT-00000833þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000833_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000834þ¶þIRI-CRT-00000834þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000834_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000835þ¶þIRI-CRT-00000835þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000835_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000836þ¶þIRI-CRT-00000836þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000836_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000837þ¶þIRI-CRT-00000837þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000837_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000838þ¶þIRI-CRT-00000838þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000838_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000839þ¶þIRI-CRT-00000839þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000839_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000840þ¶þIRI-CRT-00000840þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000840_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000841þ¶þIRI-CRT-00000841þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000841_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000842þ¶þIRI-CRT-00000842þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000842_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000843þ¶þIRI-CRT-00000843þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000843_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000844þ¶þIRI-CRT-00000844þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000844_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000845þ¶þIRI-CRT-00000845þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000845_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000846þ¶þIRI-CRT-00000846þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000846_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000847þ¶þIRI-CRT-00000847þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000847_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000848þ¶þIRI-CRT-00000848þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000848_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000849þ¶þIRI-CRT-00000849þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000849_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000850þ¶þIRI-CRT-00000850þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000850_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000851þ¶þIRI-CRT-00000851þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000851_CONFIDENTIAL.xlsxþ
þIRI-CRT-00000852þ¶þIRI-CRT-00000852þ¶þIRICOþ¶þIrico  Corporate
Archives¶þ\IRI-CRT001\NATIVES\001\IRI-CRT-00000852_CONFIDENTIAL.xlsxþ

IRI-CRT001

```
þIRI-CRT-00000853þ¶þIRI-CRT-00000854þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000855þ¶þIRI-CRT-00000855þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000856þ¶þIRI-CRT-00000857þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000858þ¶þIRI-CRT-00000859þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000860þ¶þIRI-CRT-00000860þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000861þ¶þIRI-CRT-00000862þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000863þ¶þIRI-CRT-00000864þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000865þ¶þIRI-CRT-00000875þ¶þIRICOþ¶þIrico Corporate Archivesþ¶þþ
þIRI-CRT-00000876þ¶þIRI-CRT-00000888þ¶þIRICOþ¶þPublic Websiteþ¶þþ
þIRI-CRT-00000889þ¶þIRI-CRT-00000894þ¶þIRICOþ¶þPublic Websiteþ¶þþ
þIRI-CRT-00000895þ¶þIRI-CRT-00000899þ¶þIRICOþ¶þPublic Websiteþ¶þþ
þIRI-CRT-00000900þ¶þIRI-CRT-00000904þ¶þIRICOþ¶þPublic Websiteþ¶þþ
```

# EXHIBIT 6

# SAVERI & SAVERI, INC.
706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813


May 17, 2018

*VIA EMAIL*

John Taladay
Baker Botts LLP
The Warner
1299 Pennsylvania Ave., NW
Washington, D.C.  20004-2400
john.taladay@bakerbotts.com

  Re: *In re Cathode Ray Tube (CRT) Antitrust Litigation* – MDL No. 1917,
     Master File No. 07-CV-5944-JST

Dear John:

  I write regarding the recent discovery responses of your clients, Defendants Irico Display Devices Co., Ltd. and Irico Group Corporation (the "Irico Defendants"). Plaintiffs would like to meet and confer at your earliest convenience regarding the Irico Defendants' Objections and Responses to Direct Purchaser Plaintiff Studio Spectrum, Inc.'s First Set of Interrogatories (May 4, 2018) ("Interrogatory Responses") and the Irico Defendants' Objections and Responses to Direct Purchaser Plaintiff Studio Spectrum, Inc.'s First Set of Requests for Production of Documents (May 4, 2018) ("RFP Responses"), as detailed below.

  In general, your clients fail to respond fully to the discovery, relying instead on objections that Plaintiffs seek "information and documents beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel"; or that the interrogatories and RFPs are "overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving jurisdictional issues." In other instances, your clients simply fail to provide full answers.

  The discovery served on March 5, 2018 is narrowly tailored to jurisdictional issues. Plaintiffs proposed such discovery in their Opposition to the Irico Defendants' Motion to Set Aside Default, ECF No. 5228 at 17–18 ("[l]imited discovery would be appropriate on the following topics: . . ."), and the Court, noting Plaintiffs' request, did not suggest that it was overbroad, unduly burdensome, or disproportionate to the needs of the case. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917, Case No. C-07-5944 JST, 2018 WL 659084, at *11 (N.D. Cal. Feb. 1, 2018).

John Taladay
5/17/2018
Page 2

Moreover, as the Court has emphasized, your clients must support any objections of "undue burden" with detailed explanations of the effort and expense production of the requested information would require.

General Objections

It is unclear to Plaintiffs whether your clients are withholding any documents or information based on their General Objections. To the extent they are, Plaintiffs request an explanation of what is being withheld based on each particular objection.

Several "General Objections" merit comment now. First, the Irico Defendants object to Definition No. 6 of Plaintiffs' Interrogatories and Definition 16 of the RFPs ("You" and "Your") on several bases, including that it is "legally incorrect." Plaintiffs wish to meet and confer regarding this issue and request that you make clear precisely how you are interpreting these terms.

Second, General Objection No. 14 to the Interrogatory Responses and the RFP Responses lacks merit. The Irico Defendants object to the interrogatories and RFPs, on the grounds of undue burden and relevance, "to the extent that they seek information or documents concerning transactions outside the United States . . . because they do not relate to actions by Irico in or causing a direct effect in the United States." Pricing decisions and transactions outside the United States can directly affect prices in the United States, and therefore are relevant. Furthermore, the Irico Defendants have not explained or quantified the burden of searching for or producing such information or documents.

Third, General Objection No. 17 to the Interrogatory Responses and the RFP Responses "that compliance would require Irico to seek information or documents stored on backup or archived databases or other systems that are not readily accessible or otherwise no longer active" lacks merit in light of the Irico Defendants' withdrawal from the litigation for over seven years. In addition, it is not clear what information is being withheld based on this objection. Plaintiffs request that the Irico Defendants identify the responsive information or documents stored on backup or archived databases or other systems that are not readily accessible or otherwise no longer active.

Fourth, General Objection No. 5 to the Interrogatory Responses and the RFP Responses that "the definition of the 'Relevant Time Period' (Definition No. 12) [is] overbroad, unduly burdensome, beyond the applicable statute of limitations, and beyond the relevant time period for determining jurisdictional issues" also lacks merit. In fact, Plaintiffs narrowly tailored most of their interrogatories and RFPs to the time period around which the first complaint was filed. Plaintiffs require, and it is reasonable to request, information and documents from a two to three year period in order to assess the jurisdictional status of Group and Display. Plaintiffs disagree that "the only relevant inquiry is Irico's status as of November 26, 2007."

John Taladay
5/17/2018
Page 3

<u>Overarching Issues Regarding Interrogatory Responses</u>

Each of the interrogatories requested the identity of natural persons, including Chinese officials, Irico Employees, officers or agents, and all Persons with knowledge of the matter of the inquiry. Instructions Nos. 1 and 2 of Plaintiffs' interrogatories specify the information to be provided about persons. Since the Irico Defendants only identified natural persons with knowledge, they should have indicated "the person's name, employer, position dates of employment/tenure, and home address for all times during the Relevant Time Period." The Irico Defendants objected on several grounds and only provided the person's name. Plaintiffs wish to meet and confer regarding the bases for the objections as well as the availability of the information requested by the interrogatories as set forth in Instruction No. 1. In each case, as well, it appears the Irico Defendants have not identified "all" or even close to all individuals with knowledge.

Each of the interrogatories also requested "[t]he identity of all Documents which support the contention," or some variation thereof. In all of the Interrogatory Responses identifying documents, the Irico Defendants uniformly refer "Plaintiff to documents Bates labeled IRI-CRT-00000001 to IRI-CRT-00000904"—the entirety of the Irico Defendants' first document production consisting of 156 unique records, virtually all of which are in Chinese. This is patently inadequate. Plaintiffs request that the Irico Defendants immediately supplement their responses to specifically identify the documents to which their responses refer. It is also unclear whether your clients have identified all responsive documents.

<u>Issues Regarding Specific Interrogatory Responses</u>

Interrogatory Responses Nos. 1 and 2 are incomplete and consist almost entirely of conclusory and vague generalized assertions. For example, Interrogatory Response No. 2 states that "Display's stated purpose was to make greater contributions to China's national economic development by satisfying the domestic need for CRT products." This response is inadequate. Plaintiffs request that the Irico Defendants supplement their response to provide specific information regarding the basis for the above-quoted assertion and where such purpose was stated.

Interrogatory Responses Nos. 3 and 4 are also incomplete and consist almost entirely of conclusory and vague generalized assertions. The responses only provide information as of November 26, 2007; inadequately identify one or two persons with knowledge; and refer to the entire document production. Specifically, Interrogatory Response No. 3 is a conclusory statement, not a description. While Interrogatory Response No. 4 contains more detail, the statement regarding the classification of Display by SASAC is opaque and lacks detail.

Interrogatory Response No. 5 is similarly deficient. The response only provides information as of November 26, 2007; inadequately identifies only two persons with knowledge; and refers to the entire document production. It states that "[a]s a state-owned

John Taladay
5/17/2018
Page 4

holding company, Irico Display also enjoyed many benefits . . . that did not apply to non-state owned corporations," and that "Display also benefitted from special guidance and coordination from SASAC in overcoming business difficulties and solving problems." This response is inadequate. Plaintiffs request that the Irico Defendants supplement their response to provide more information regarding the bases for the above-quoted assertions.

Interrogatory Responses Nos. 6 and 7 are conclusory and not responsive to Plaintiffs' interrogatories. Both incorporate other responses and state the entities were "subject to supervision" by certain entities but do not describe the supervision, as requested. Plaintiffs request that the Irico Defendants supplement their responses to include the requested information.

Interrogatory Response No. 8 is incomplete, vague and conclusory. The response only provides information as of November 26, 2007; inadequately identifies only two persons with knowledge; and refers to the entire document production. It is also unclear from the response whether the actions described in the response were provided for under Chinese Law or in fact were taken.

Interrogatory Response No. 9 contains only objections. The response does not state whether the Irico Defendants refuse to answer or are withholding documents on the basis of the objections. Plaintiffs request that the Irico Defendants supplement their response to this interrogatory. Mr. Zhang's investigation is plainly relevant to the issues before the Court.

Interrogatory Response No. 10 refers Plaintiffs to Nos. 5 and 6. This response is incomplete. The interrogatory requested an explanation of the Irico Defendants' "contention that Group was managed directly by the Chinese government (or a political subdivision thereof) *through the filing* of the original complaint" (emphasis added). Interrogatory Response No. 5 provides information only for a single day as to Group: "On November 26, 2007, Irico Group was a state-owned enterprise wholly owned and funded by the State Council of the People's Republic of China." The remainder of Interrogatory Response No. 5 contains unsupported conclusory assertions and is otherwise inadequate, as indicated above.

Interrogatory Response No. 11 also refers Plaintiffs to Nos. 5 and 6 and is also inadequate. In particular, Interrogatory Response No. 5 describes certain actions SASAC was authorized to take under the Interim Regulations. However, nowhere in the responses do the Irico Defendants state that Group's management was in fact appointed by SASAC after 2003 or provide any actual evidence. Plaintiffs request that the Irico Defendants supplement their response to include such information.

Interrogatory Response No. 12 refers Plaintiffs to Nos. 4 through 7. This interrogatory requests information regarding the contention that Display was a State-owned holding company at the time of the filing of Plaintiffs' original complaint on

John Taladay
5/17/2018
Page 5

November 26, 2007. Unlike other responses, which provide information only with respect to that date, Interrogatory Response No. 5 refers generally to the entire year—"Irico Display was registered as and held the status of a 'state-owned holding company' in 2007"—and therefore fails to respond to the interrogatory.

Interrogatory Response No. 13 refers Plaintiffs to Nos. 4 through 8. This response is also inadequate. In particular, Interrogatory Response No. 5 describes certain actions SASAC was authorized to take under the Interim Regulations, including to "appoint representatives to Display shareholder meetings to exercise authority as the controlling shareholder under SASAC's instructions." However, nowhere in the responses do the Irico Defendants state that Display's management was in fact reviewed by any of Display's shareholders, including the controlling shareholder, Group. Plaintiffs request that the Irico Defendants supplement their response to include such information.

Interrogatory Response No. 14 states that "[a] Notice issued by the Supreme People's Court and Supreme People's Procuratorate of China (the highest Chinese court and prosecuting authority, respectively) clarified that the top management in state-owned holding companies such as Display are considered state functionaries under this law." The response also cites examples from the period of 2013 to 2015 where "three managers of a subsidiary of Display were tried as public officials and convicted for accepting bribes during the course of their duties." Plaintiffs request that the Irico Defendants supplement their response to provide more information regarding the bases for the above-quoted assertions and the relevance of the example, given the Irico Defendants assertion, in their RFP Responses, that "the only relevant inquiry is Irico's status as of November 26, 2007."

Interrogatories Nos. 15 and 17 requested information about the indirect management of Display by the Ministry of Industry and Information Technology of the State Council. The Irico Defendants responses to these interrogatories refer to other responses which make no mention of the Ministry of Industry and Information Technology of the State Council. Plaintiffs request that the Irico Defendants supplement their responses to provide responsive information regarding the role, if any, of the Ministry of Industry and Information Technology of the State Council in the management of Display.

Interrogatories Nos. 16 and 18 are also deficient. They refer to other interrogatory responses that contain conclusory assertions and other statements that do not directly support the contentions about which the interrogatories inquire.

Interrogatory Response No. 19 refers Plaintiffs to Nos. 5 through 7 and is deficient for reasons noted above. Interrogatory No. 19, part c, requested "[a]ll instances in which [Irico Group's] approval was sought from, granted or denied in whole or in part by the 'relevant agency of the State Council'" in order for Display to take action in connection with "some matters beyond Irico Group's authority." The Irico Defendants response to this interrogatory refers to other responses which detail no such instances.

John Taladay
5/17/2018
Page 6

Plaintiffs request that the Irico Defendants supplement their response to provide details of such instances.

Interrogatory No. 20 requested a description of "Irico's sales and marketing of CRT Products in the United States during the Class Period, and/or attempts to sell or market any CRT Products in the United States during the Class Period." The Irico Defendants' response states that "Irico will produce or make available for inspection business records from which the answer to this Interrogatory may be determined." Plaintiffs inquire whether such business records are included in the Irico Defendants' first document production (IRI-CRT-00000001 to IRI-CRT-00000904). Plaintiffs also wish to confirm that the business records include, or will include, information or data regarding "attempts to sell or market any CRT Products in the United States during the Class Period" in light of RFP Response No. 9 ("Irico will produce responsive, non-privileged documents, if any, sufficient to identify *any sales of CRTs* in the United States by Group or Display during the Class Period" (emphasis added)).

Interrogatory Response No. 21 contains only objections. The response does not state whether the Irico Defendants refuse to answer or are withholding documents on the basis of the objections. Plaintiffs request that the Irico Defendants supplement their response to this interrogatory.

<u>Overarching Issues Regarding RFP Responses</u>

First, most—but not all—of Plaintiffs' RFPs requested production of "[a]ll documents," whereas in their responses the Irico Defendants stated that they would "produce responsive, non-privileged documents sufficient to show . . . ." *See* RFP Responses Nos. 1, 4, 5, 6, 9. Plaintiffs request that the Irico Defendants provide information regarding the availability of responsive documents and quantify the burden that production of such documents would impose.

Second, many of Plaintiffs' RFPs requested documents covering a longer time period than the Irico Defendants are willing to produce. The Irico Defendants' position that "the only relevant inquiry is Irico's status as of November 26, 2007" is unreasonable. Plaintiffs seek clarification of the Irico Defendants' below RFP Responses and the "overbroad as to the time period" objections:

| RFP No. | RFP Time Period | "Will Produce" Time Period |
|---------|-----------------|----------------------------|
| 1 | Unspecified; Relevant Time Period defined as "January 1, 1995 through the present" | "as of November 26, 2007" |
| 2 | "from the time of each entity's creation to 2008" | "as of November 26, 2007" |
| 4 | "from 2006 to 2008" | "as of November 26, 2007" |
| 5 | "from 2006 to 2008" | "as of November 26, 2007" |

John Taladay
5/17/2018
Page 7

| 6 | Unspecified; Relevant Time Period defined as "January 1, 1995 through the present" | "as of November 26, 2007" |
|---|---|---|
| 7 | "from 2007 to 2010" | n/a |
| 8 | "during the Class Period" | n/a (objection: "the only relevant inquiry is Irico's status as of November 26, 2007") |
| 10 | Unspecified; Relevant Time Period defined as "January 1, 1995 through the present" | n/a (objection: "the only relevant inquiry is Irico's status as of November 26, 2007") |

Plaintiffs further request that the Irico Defendants supplement their responses and produce documents for the time periods set forth in the RFPs.

Issues Regarding Specific RFP Responses

RFP No. 2 requested "[d]ocuments sufficient to show Group and Display's corporate formation, ownership, purpose, structure, and organization (including any organization charts) from the time of each entity's creation to 2008." Plaintiffs inquire whether the Irico Defendants have organizational charts and, if so, whether they will be produced. If any such documents are being withheld, please state the basis.

RFP No. 3 requested "[a]ll documents related to communications from Group and/or Display to any shareholder or owner of Group and/or Display from 2006 to 2008, including but not limited to any annual, quarterly, or other periodic reports and any supplemental disclosures related to any such reports." RFP Response No. 3 states that "will produce any shareholder reports for Display from 2006 to 2008." Plaintiffs inquire whether the Irico Defendants has other responsive documents besides shareholder reports and, if so, whether they will be produced. If any such documents are being withheld, please state the basis.

RFP No. 6 requested "[a]ll documents related to communications between Group, Display, or any affiliate of Group or Display," and certain individuals. The response states that the Irico Defendants will produce documents showing "the extent of Chinese government ownership and supervision over Group and Display as of November 26, 2007." This response appears to be nonresponsive and inadequate.

In RFP Response No. 7, the Irico Defendants invoke the attorney-client privilege and work product doctrine. Plaintiffs inquire whether the Irico Defendants are withholding any documents of the basis of any other objections and, if so, on what bases.

Plaintiffs further inquire whether the Irico Defendants are withholding any documents responsive to RFPs Nos. 8, 10 and 11 and, if so, on what bases.

John Taladay
5/17/2018
Page 8

RFP No. 9 requested "All documents related to the sale or pricing of CRTs in the United States (including but not limited to any actual, planned, or contemplated sales of CRTs in the United States by Group, Display, or any affiliate of Group or Display, either directly or indirectly) during the Class Period." RFP Response No. 9 states only that "Irico will produce responsive, non-privileged documents, if any, sufficient to identify any sales of CRTs in the United States by Group or Display during the Class Period." Plaintiffs inquire whether the Irico Defendants will produce documents related to any planned or contemplated sales of CRTs in the United States.

Please let us know your availability for a call to discuss these matters. Thank you.

Very truly yours,

*s/ Matthew D. Heaphy*

Matthew D. Heaphy

Cc:     Erik T. Koons
        Thomas E. Carter
        Ashley Eickhof
        Stuart C. Plunkett
        Kaylee Yang

crt.689

# EXHIBIT 7

# BAKER BOTTS LLP

| 101 CALIFORNIA ST. | AUSTIN | LONDON |
| SUITE 3600 | BEIJING | MOSCOW |
| SAN FRANCISCO, CALIFORNIA | BRUSSELS | NEW YORK |
| 94111 | DALLAS | PALO ALTO |
| | DUBAI | RIYADH |
| TEL  +1.415.291.6200 | HONG KONG | **SAN FRANCISCO** |
| FAX +1.415.291.6300 | HOUSTON | WASHINGTON |
| BakerBotts.com | | |

Stuart C. Plunkett
TEL: 415.291.6203
FAX: 415.291.6303
stuart.plunkett@bakerbotts.com

May 28, 2018

*VIA E-MAIL*

Guido Saveri (E-mail: guido@saveri.com)
R. Alexander Saveri (E-mail: rick@saveri.com)
Geoffrey C. Rushing (E-mail: grushing@saveri.com)
Cadio Zirpoli (E-mail: cadio@saveri.com)
Matthew D. Heaphy (E-mail: mheaphy@saveri.com)
SAVERI & SAVERI, INC.
706 Sansome St # 200
San Francisco, CA 94111

> Re:   *In re: Cathode Ray Tube (CRT) Antitrust Litigation -*
> Master File No. 3:07-cv05944-JST; MDL No. 1917

Dear Matthew:

I write in response to your May 17, 2018 letter regarding Defendants' Objections and Responses to Direct Purchaser Plaintiff Studio Spectrum, Inc.'s First Set of Interrogatories ("Interrogatory Responses") and Objections and Responses to Direct Purchaser Plaintiff Studio Spectrum, Inc.'s First Set of Requests for Production of Documents ("RFP Responses").

As an initial matter, your letter fails to provide any analysis or authority in support of Plaintiffs' requests or the alleged deficiencies in Defendants' responses. We nonetheless endeavor to provide our comments in advance of our telephonic meet and confer.

<u>General Objections</u>

Defendants are not withholding documents based on any General Objection. Regarding Defendants' objection that Plaintiffs' Interrogatories and RFPs definitions of "You" and "Your" (Nos. 6 and 16, respectively) are "legally incorrect," Defendants will not accept a definition of "You" and "Your" that expands the scope of Defendants' discovery obligations beyond those imposed by the Federal Rules of Civil Procedure. Where relevant, Defendants will interpret "You" and "Your" to refer to Defendants.

**BAKER BOTTS** LLP

May 28, 2018

Regarding General Objection No. 14 to the Interrogatory Responses and the RFP Responses, Defendants disagree that any information or documents regarding transactions outside the United States are relevant to jurisdiction.  We are willing to meet and confer so you can provide the basis for this request.

Regarding General Objection No. 17 to the Interrogatory Responses and the RFP Responses "that compliance would require Irico to seek information or documents stored on backup or archived databases or other systems that are not readily accessible or otherwise no longer active," Defendants are not currently withholding responsive documents on this basis.

Regarding General Objection No. 5 to the Interrogatory Responses and the RFP Responses that "the definition of the 'Relevant Time Period' (Definition No. 12) [is] overbroad, unduly burdensome, beyond the applicable statute of limitations, and beyond the relevant time period for determining jurisdictional issues," Defendants disagree that Plaintiffs are entitled to information and documents "from a two or three year period" before the date the complaint was filed, November 26, 2007.  However, we suggest addressing timing issues with regard to specific requests.

Overarching Issues Regarding Interrogatory Responses

Regarding Instructions Nos. 1 and 2 of Plaintiffs' interrogatories which request "the person's name, employer, position dates of employment/tenure, and home address for all times during the Relevant Time Period" of "all persons" with potentially relevant knowledge, Defendants' position is that this request is overly broad.  Plaintiffs can contact any of the persons listed through counsel.

Regarding Defendants' reference to documents bearing Bates labels IRI-CRT-00000001 to IRI-CRT-00000904, all documents are relevant to jurisdiction under the FSIA.  However, Defendants are willing to meet and confer regarding a reasonable solution to this issue.

Issues Regarding Specific Interrogatory Responses

Regarding Interrogatory Responses Nos. 1 and 2, Defendants disagree that these responses are insufficient.  Defendants are not required to write a detailed narrative in response to overly broad interrogatories.  In any event, Plaintiffs now possess the documents that support these interrogatory responses.

Regarding Interrogatory Response No. 5, Defendants maintain that only information as of the complaint's filing date—November 26, 2007—is relevant.  Plaintiffs provide no authority or analysis to support their contrary position.  Further, to the extent Plaintiffs seek greater or more specific details, they now have the documents that support the narrative response.

Regarding Interrogatory Responses Nos. 6 and 7, Defendants' disagree that these responses are insufficient, as they provide information regarding the Chinese government's supervision.  If Plaintiffs seek greater or more specific details, they now have the supporting documents.

**BAKER BOTTS** LLP

May 28, 2018

Regarding Interrogatory Response No. 8, Defendants maintain that only information as of the complaint's filing date—November 26, 2007—is relevant. Plaintiffs provide no authority or analysis to support their contrary position. It is not clear from your letter what additional information Plaintiffs seek.

Regarding Interrogatory Response No. 9, Defendants stand on their objections. Mr. Zhang's investigation supported a motion that has now been decided.

Regarding Interrogatory Response No. 10, Defendants maintain that only information as of the complaint's filing date—November 26, 2007—is relevant. Thus, Plaintiffs' request for an "explanation" of Group's management prior to that date is irrelevant.

Regarding Interrogatory Response No. 11, Defendants maintain that only information as of the complaint's filing date—November 26, 2007—is relevant. Thus, Plaintiffs' request for evidence or information related to Group's appointed management in 2003 is irrelevant.

Regarding Interrogatory Response No. 12, Defendants' responses to the referenced interrogatory are sufficient. It is not clear what further supplementation is needed.

Regarding Interrogatory Response No. 13, Defendants' description of SASAC's authority appears sufficient to respond to the request. However, Defendants are willing to meet and confer to discuss further supplementation.

Regarding Interrogatory Response No. 14, Defendants' disagree that this response is insufficient. Plaintiffs now possess documents containing greater details on these matters.

Regarding Interrogatories Nos. 15 and 17, Defendants' disagree that these responses are insufficient. Plaintiffs now possess documents containing greater details on these matters.

Regarding Interrogatories Nos. 16 and 18, Defendants' disagree that these responses are insufficient. We are willing to meet and confer regarding any needed supplementation.

Regarding Interrogatory Response No. 19, Defendants reiterate that a request for "all instances" is overbroad, and Plaintiffs do not explain how Defendants can respond in a reasonable manner. Defendants are willing to meet and confer regarding a reasonable solution to this issue.

Regarding Interrogatory No. 20, Defendants confirm that it will provide information, if any, regarding attempts to sell or market any CRT Products in the United States during the Class Period.

Regarding Interrogatory Response No. 21, Defendants stand on their objections.

Page 3

**BAKER BOTTS** LLP

May 28, 2018

Overarching Issues Regarding RFP Responses

First, Defendants' limitation of its agreement to produce documents to those "sufficient to show" is appropriate.  Defendants need not quantify the burden to justify its limited response to overbroad requests for irrelevant documents.

Second, the jurisdictional inquiry under the FSIA focuses on the date of the complaint—November 26, 2007.  As stated previously, Defendants are willing to meet and confer regarding the timing of specific requests.

Issues Regarding Specific RFP Responses

Regarding RFP No. 2, Plaintiffs have not stated what relevance organizational charts may have or what information they are attempting to discern from such charts.  Defendants are willing to meet and confer on this point.

Regarding RFP No. 3, Defendants are unaware of any regular shareholder communications, outside of those produced.  However, if there is a specific communication Plaintiffs request, please specify.

Regarding RFP No. 6, Defendants stand on their objection that Plaintiffs' request for "*all documents related* to communications between Group, Display, or *any* affiliate of Group or Display and *any* individual identified" is overly broad.  Defendants are willing to meet and confer on a reasonable solution.

Regarding RFPs Nos. 8, 10 and 11, wherever Defendants have not agreed to produce documents, they are standing on their objections.

Regarding RFP No. 9, Defendants will produce documents sufficient to show any planned or contemplated sales of CRTs in the United States during the relevant period, to the extent they exist.

I look forward to our discussion of these matters.

Sincerely,

Stuart C. Plunkett

cc:   Mario N. Alioto (malioto@tatp.com)
      Lauren C. Capurro (laurenrussell@tatp.com)
      Joseph M. Patane (jpatane@tatp.com)

Page 4

# EXHIBIT 8

# BAKER BOTTS LLP

| | |
|---|---|
| 101 CALIFORNIA ST. | AUSTIN  LONDON |
| SUITE 3600 | BEIJING  MOSCOW |
| SAN FRANCISCO, CALIFORNIA | BRUSSELS  NEW YORK |
| 94111 | DALLAS  PALO ALTO |
| | DUBAI  RIYADH |
| TEL  +1.415.291.6200 | HONG KONG  **SAN FRANCISCO** |
| FAX +1.415.291.6300 | HOUSTON  WASHINGTON |
| BakerBotts.com | |

Stuart C. Plunkett
TEL: 415.291.6203
FAX: 415.291.6303
stuart.plunkett@bakerbotts.com

June 4, 2018

*VIA E-MAIL*

Guido Saveri (E-mail: guido@saveri.com)
R. Alexander Saveri (E-mail: rick@saveri.com)
Geoffrey C. Rushing (E-mail: grushing@saveri.com)
Cadio Zirpoli (E-mail: cadio@saveri.com)
Matthew D. Heaphy (E-mail: mheaphy@saveri.com)
SAVERI & SAVERI, INC.
706 Sansome St # 200
San Francisco, CA 94111

> Re:   *In re: Cathode Ray Tube (CRT) Antitrust Litigation -*
> Master File No. 3:07-cv05944-JST; MDL No. 1917

Dear Counsel:

During our meet and confer discussions last week regarding Irico's responses to DPP's discover requests, we agreed to identify the specific documents that support Irico's interrogatory responses. We provide this information below. Irico will formally supplement its responses at a later date, but we wanted to get this information to you as soon as possible.

## Interrogatory No. 1 (Circumstances of Irico Group's Creation)

Irico refers Plaintiffs to documents Bates labeled IRI-CRT-00000517-520, -527, -530-532, -649, -650-652, -773-778, and -779-785.

## Interrogatory No. 2 (Circumstances of Irico Display's Creation)

Irico refers Plaintiffs to documents Bates labeled IRI-CRT-00000487, -488, -666-669, and -853-854.

## Interrogatory No. 3 (Ownership of Irico Group)

Irico refers Plaintiffs to documents Bates labeled IRI-CRT-00000512-516, -662-665, and -680-682.

**BAKER BOTTS** LLP

June 4, 2018

**Interrogatory No. 4 (Ownership of Irico Display)**

Irico refers Plaintiffs to documents Bates labeled IRI-CRT-00000232-321, -489-502, -571-572, -662-665, and -670-671.

**Interrogatory No. 5 (Status, Obligations, and Privileges of Group and Display)**

Irico refers Plaintiffs to documents Bates labeled IRI-CRT-00000001-013, -020, -021, -022, -023, -024, -025, -026, -027, -028, -029, -503-507, -521-523, -524-526, -528-529, -571-572, -581-582, -583, -584-585, -586-587, -588, -589-592, -593, -594-596, -602-605, -606-609, -610-611, -613-617, -618-623, -624-627, -628-629, -630-631, -632-633, -634-643, -644-648, -672-679, -709-711, -712-717, -718-720, -730-736, -737, -738, -739, -740, -742-743, -752-754, -786-789, -790-793, -794-796, -797-799, -805-809, -853-854, -855, -860, -861-862, and -865-875.

**Interrogatory No. 6 (Government Supervision of Irico Group)**

Irico refers Plaintiffs to documents Bates labeled IRI-CRT-00000020, -021, -022, -023, -024, -025, -026, -027, -028, -029, -521-523, -524-526, -528-529, -581-582, -583, -586-587, -588, -589-592, -593, -594-596, -602-605, -606-609, -610-611, -613-617, -618-623, 624-627, -628-629, -630-631, -632-633, -634-643, -644-648, -709-711, -712-717, -718-720, -730-736, -737, -738, -739, -740, -742-743, -752-754, -786-789, -790-793, -794-796, -797-799, -805-809, and -865-875.

**Interrogatory No. 7 (Government Supervision of Irico Display)**

Irico refers Plaintiffs to documents Bates labeled IRI-CRT-00000001-013, -503-507, -571-572, -584-585, -672-679, -853-854, -855, -860, and -861-862.

**Interrogatory No. 8 (Role of Irico Group Electronics)**

Irico refers Plaintiffs to documents Bates labeled IRI-CRT-00000653-661 and -672-679.

**Interrogatory No. 14 (Irico Display Management's Status as State Officials)**

Irico refers Plaintiffs to documents Bates labeled IRI-CRT-00000014-019, -533, -534-536, -537-539, -540-555, -556-570, -721-729, -755-763, and -764-772.

# BAKER BOTTS LLP

June 4, 2018

**Interrogatory No. 20** **(Sales, Marketing, and Attempts to Sell CRTs in the United States)**

    Irico refers Plaintiffs to documents Bates labeled IRI-CRT-00000833 through -841, and notes that it intends to produce or make available for inspection Irico hard copy accounting records showing all CRT sales during the Class Period.

    Sincerely,

Stuart C. Plunkett

cc:    Mario N. Alioto (malioto@tatp.com)
       Lauren C. Capurro (laurenrussell@tatp.com)
       Joseph M. Patane (jpatane@tatp.com)

# EXHIBIT 9

# SAVERI & SAVERI, INC.
### 706 SANSOME STREET
### SAN FRANCISCO, CALIFORNIA 94111
### TELEPHONE: (415) 217-6810
### TELECOPIER: (415) 217-6813

June 5, 2018

*VIA EMAIL*

Stuart C. Plunkett
Baker Botts LLP
101 California Street, Suite 3600
San Francisco, California 94111
stuart.plunkett@bakerbotts.com

   Re: <u>*In re Cathode Ray Tube (CRT) Antitrust Litigation* – MDL No. 1917,</u>
     <u>Master File No. 07-CV-5944-JST</u>

Dear Stuart:

   I write regarding our meet and confer calls on May 29, May 30, and June 1, 2018 about the Irico Defendants' Objections and Responses to Direct Purchaser Plaintiff Studio Spectrum, Inc.'s First Set of Interrogatories (May 4, 2018) ("Interrogatory Responses") and the Irico Defendants' Objections and Responses to Direct Purchaser Plaintiff Studio Spectrum, Inc.'s First Set of Requests for Production of Documents (May 4, 2018) ("RFP Responses"). This letter memorializes the status of the issues addressed in Plaintiffs' May 17 letter, your May 28 letter, and during our meet and confer.

<u>Document Production Issue</u>

   Plaintiffs inquired whether your clients have OCR text files for the documents produced on May 4, 2018 (IRI-CRT-00000001 to IRI-CRT-00000904) that are searchable in Chinese. You indicated that there may have been a "hiccup" with respect to the production of such files. You also stated that some files may not be of adequate resolution to produce OCR files. Plaintiffs requested that the Irico Defendants produce the text files as soon as possible. You provided them on May 30, 2018. As you indicated would likely be the case, some files remain unsearchable.

<u>Status of Witness Inquiry</u>

   Plaintiffs asked when they could expect a response to their April 9, 2018 letter regarding the status of current or former employees, pursuant to paragraph IV.C of the Court's Order re Discovery and Case Management Protocol (ECF No. 1128). You stated that you had received information from your clients on May 28, 2018, and that you hoped to respond to Plaintiffs' April 9 letter soon by Friday, June 1. Plaintiffs requested that you send this as soon as possible. You have not responded as yet.

Stuart C. Plunkett
6/5/2018
Page 2

       You also stated that you may need to ask Plaintiffs about certain names that your
clients were unable to identify. You suggested that we schedule a call to discuss this
matter once you have responded to Plaintiffs' April 9 letter.

General Objections

       Plaintiffs inquired about General Objection No. 17 to the Interrogatory Responses
and the RFP Responses, specifically about the existence of "information or documents
stored on backup or archived databases or other systems that are not readily accessible or
otherwise no longer active." You stated that none of Plaintiffs' requests called for such
information or documents. You recognized that Plaintiffs are entitled to know about the
existence of such information or documents and that you "are working on it." You stated,
for example, that "there are vast quantities of accounting records that show sales" in
document archives—two rooms in a building in China, retained pursuant to Chinese
law—but that you were not in a position to list all such information or documents with
going over it with your clients and vendor. You also stated that they contain all CRT
sales data for the Relevant Period, and that there are no complete summary records. It is
unclear to Plaintiffs whether any such information exists in summary or electronic form.
In addition, you did not know what information your clients' former counsel used to
prepare the export data produced to Plaintiffs in January 2009. Plaintiffs request that you
investigate what summaries and backup exist, whether in electronic or paper form.

       You further stated that it is your clients' position that the responses are adequate
given that they respond to jurisdictional discovery and that your clients claim foreign
sovereign immunity. You stated in your May 28 letter that the Irico "Defendants are not
currently withholding responsive documents on this basis."

Limitations on Time Period

       Plaintiffs reserve their rights with respect to the time period covered by the
Interrogatory Responses and RFP Responses. As discussed during the meet and confer,
the information and documents provided in response to the interrogatories do not
necessarily correspond to the specified time period but you believe are sufficient to show
the status of the Irico Defendants on November 26, 2007, the date the complaint was
filed. Plaintiffs will review the documents to determine whether the time period is
adequate now that the Irico Defendants have provided the specific document citations, as
Plaintiffs requested. As discussed, however, Plaintiffs are concerned that without a
clearly defined time period, relevant documents and/or information may be withheld.

Responses to Interrogatories

       Plaintiffs explained that the interrogatories sought the basis for your clients'
various positions regarding their FSIA defense, but that your clients' responses simply
repeated their generalized assertions and failed to supply meaningful detail. You stated
that the Irico Defendants will not agree to supplement their responses to any

Stuart C. Plunkett
6/5/2018
Page 3

interrogatories. Plaintiffs and the Irico Defendants thus are at issue with respect to all of the interrogatories for which Plaintiffs requested supplemental responses in their May 17, 2018 letter, except as indicated below.

However, you agreed to provide specific document citations for each interrogatory response—instead of referring to the entire document production—and you did so on June 4, 2018. You suggested that specific references to documents in the Irico Defendants' production would provide additional details and therefore satisfy Plaintiffs' concerns regarding the inadequacy of certain interrogatory responses.

Plaintiffs also requested that the Irico Defendants provide additional persons with knowledge regarding each interrogatory response. Plaintiffs' position is that the Irico Defendants should provide the names of all persons with knowledge. It is inadequate to select one or two individuals. The Irico Defendants' position is that their responses are adequate. The parties, therefore, are at issue.

You also stated that you did not know whether any of the persons identified have personal knowledge of the information for which they were identified. Plaintiffs reserve their rights as to this issue.

Furthermore, the Irico Defendants will provide information about the persons listed in the interrogatory responses in your response to Plaintiffs April 9, 2018 letter (see above) and, to the extent such persons are not included in the response, you agreed to provide the requested information about them separately. You also agreed to consider supplementing the Irico Defendants' responses to incorporate this information. Plaintiffs indicated that they would ask the Irico Defendants do so.

Regarding Interrogatory No. 21, you represented that the foreign compulsion contention about which Plaintiffs inquired would not be at issue in the Irico Defendants' motion. Plaintiffs therefore stated that they would not pursue a supplemental response. Plaintiffs reserve their right to do so in the event the Irico Defendants decide to raise foreign compulsion as a defense.

Lastly, you stated during our first call that you would not argue that Plaintiffs have waived their rights to challenge any interrogatories not raised at this time.

Responses to RFPs

Regarding RFP No. 1, Plaintiffs asked whether the Irico Defendants had produced all documents requested, given the Irico Defendants' response that they "will produce responsive, non-privileged corporate governance documents for Group and Display sufficient to show the circumstances of their creation and corporate status as of November 26, 2007." Plaintiffs also asked whether the documents produced covered by creation and corporate status as of November 26, 2007. You agreed to inquire. Plaintiffs explained their concern, in light of the Court's remarks in the context of the Motion to

Stuart C. Plunkett
6/5/2018
Page 4

Set Aside Default that, to the extent possible, the Irico Defendants produce the articles of incorporation that were in effect on or around November 26, 2007. You agreed to provide more information and ensure that the Irico Defendants produced all such documents in their possession.

In the context of RFP No. 2, Plaintiffs inquired whether the Irico Defendants would produce all documents that they intend to rely on in support of their forthcoming motion. You stated that the Irico Defendants would not rely on any documents they did not produce. You also stated that there may be supplemental productions but that you did not know when or how many documents. You further stated that you were not aware of any organizational charts but that you would continue to ask your clients, look for such documents, and produce them if you located them.

As to RFP No. 3, you stated that all of the shareholder reports for Display have been produced and that none are being withheld on the basis of any objections. As to Group, you said that none exists. Plaintiffs inquired as to the existence of any similar periodic operational reports to the Chinese government or commissions. You agreed to inquire.

In connection with RFPs Nos. 4, 5, and 6, Plaintiffs requested "all documents" whereas the Irico Defendants agreed to produce documents "sufficient to show." Plaintiffs reserved their rights with respect to these RFPs to the extent that documents "sufficient to show" are inadequate, following Plaintiffs' review of the documents along with the specific citations in interrogatories. As to RFPs Nos. 4 and 5, Plaintiffs may disagree with the Irico Defendants on the question of how specific documents need to be regarding "supervision" by the Chinese government. As to RFP No. 6, Plaintiffs and the Irico Defendants disagree about what communications should be produced and thus are at an impasse.

The parties are also at an impasse with respect to RFP No. 7. You stated that the Irico Defendants will not produce any documents in response to this RFP requesting documents related to the Irico Defendants' belief that they were immune from suit in the United States. Plaintiffs' position is that the Irico Defendants put such documents at issue in the Motion to Set Aside Default and therefore they are relevant.

As to RFP No. 8, Plaintiffs' position is that pricing is relevant to the FSIA "direct effects" analysis. You stated that the Irico Defendants' position is that pricing is not at issue at this time and therefore they would stand on their objections unless it could be narrowly tailored. Plaintiffs suggested limiting document production to agreed-upon custodians. You agreed to take this suggestion under consideration.

Regarding RFP No. 9, you stated that the Irico Defendants would produce the requested documents if they exist, although you stated that you do not know if they do. Plaintiffs' view is that such documents would include marketing efforts.

Stuart C. Plunkett
6/5/2018
Page 5

Plaintiffs and the Irico Defendants are at issue with respect to RFP No. 10 which requested "[a]ll documents related to any Meeting identified in Exhibit 11 to the Declaration of R. Alexander Saveri dated January 11, 2018 (including but not limited to any communications by, between, or among any directors, officers, or Employees of Group or Display related to such Meetings)." Plaintiffs explained that this RFP is relevant to the commercial activity exception of the FSIA and is narrowly tailored to meetings already identified. We asked whether your client had collected these documents already. You did not answer.

In response to Plaintiffs' questions regarding the Irico Defendants' unwillingness to respond to discovery about their participation in the CRT conspiracy, you stated the following Ninth Circuit cases support the proposition that participation in a global conspiracy is insufficient "directness" for the purposes of the FSIA "direct effects" test:

- *Adler v. Federal Republic of Nigeria*, 107 F.3d 720 (9th Cir. 1997);
- *California v. NRG Energy Inc.*, 391 F.3d 1011 (9th Cir. 2004);
- *Corzo v. Banco Cent. de Reserva del Peru*, 243 F.3d 519 (9th Cir. 2001);
- *Terenkian v. Republic of Iraq*, 694 F.3d 1122 (9th Cir. 2012); and
- *U.S. v. LSL Biotechnologies*, 379 F.3d 672 (9th Cir. 2004).

You also stated that the Court incorrectly applied the FTAIA standard to its FSIA direct effects analysis in its Order Setting Aside Default, ECF No. 5240. You noted that this list of cases does not represent all of the case law that supports the Irico Defendants' position or on which the Irico Defendant intend to rely.

As to RFP No. 11, you stated that the Irico Defendants produced all documents that Wenkai Zhang reviewed on relied on in preparing his declaration. In response to Plaintiffs' inquiry, you also stated that the Irico Defendants are not withholding any documents on the basis of any privilege.

Regarding RFP No. 12, there is no disagreement except as bound up with the Interrogatory Responses.

Thank you.

Very truly yours,

*s/ Geoffrey C. Rushing*

Geoffrey C. Rushing

Cc:    John Taladay
       Erik T. Koons
       Thomas E. Carter
       Ashley Eickhof

Stuart C. Plunkett
6/5/2018
Page 6

      Kaylee Yang
      Mario N. Alioto
      Lauren C. Capurro
      Christopher T. Micheletti
      Joseph M. Patane

crt.690

# EXHIBIT 10

# SAVERI & SAVERI, INC.
706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

June 21, 2018

*VIA EMAIL*

Stuart C. Plunkett
Baker Botts LLP
101 California Street, Suite 3600
San Francisco, California 94111
stuart.plunkett@bakerbotts.com

Re:   *In re Cathode Ray Tube (CRT) Antitrust Litigation* – MDL No. 1917, Master File No. 07-CV-5944-JST

Dear Stuart:

This letter follows up on our meet and confer calls on May 29, May 30, and June 1, 2018 regarding the Irico Defendants' Objections and Responses to Direct Purchaser Plaintiff Studio Spectrum, Inc.'s First Set of Interrogatories (May 4, 2018) and the Irico Defendants' Objections and Responses to Direct Purchaser Plaintiff Studio Spectrum, Inc.'s First Set of Requests for Production of Documents (May 4, 2018), and my June 5, 2018 letter to you memorializing the same. As set forth below, during our meet and confer discussions, you indicated that you would make certain inquiries and/or consider certain requests by Direct Purchaser Plaintiffs ("Plaintiffs"). Plaintiffs request that you please advise us immediately of the results of your inquiries and/or considerations.

Preliminarily, you advised during our meet and confer that there may be supplemental productions of documents but that you did not know when or how many documents. Please let us know if this information has changed since our meet and confer.

RFP No. 1

You agreed to inquire whether the documents produced in response to RFP No. 1 cover the creation and corporate status of Group and Display as of November 26, 2007, in light of Plaintiffs' concern that, to the extent possible, the Irico Defendants produce the articles of incorporation that were in effect on or around November 26, 2007. You agreed to provide more information and ensure that your clients produced all such documents in their possession. Do you have further information, and have your clients produced all documents in their possession?

Stuart C. Plunkett
6/21/2018
Page 2

<u>RFP No. 2</u>

You agreed to ask your clients about the existence of any organizational charts, look for such documents, and produce them if you located them. Have identified any such documents? If so, when they will be produced?

<u>RFP No. 3</u>

You agreed to inquire about the existence of periodic operational reports submitted to the Chinese government (or its commissions) by Group, similar to the Display shareholder reports that have been produced in response to RFP No. 3. Have you located any such reports? If so, when they will be produced?

<u>RFP No. 8</u>

In response to the Irico Defendants' concerns regarding the breadth of RFP No. 8, Plaintiffs suggested limiting the production of documents related to pricing to a few custodians to be agreed upon. You stated that you would take this suggestion under consideration. Please advise whether your clients would be amenable to such an approach.

<u>RFP No. 9</u>

Regarding RFP No. 9, you described extensive paper records located in China of worldwide sales, and you stated that there were no complete summary records. It is also unclear to Plaintiffs what records exist in electronic form. You further indicated that you would need to discuss such records with your clients and vendor before you could provide detail—e.g., can they be imaged?—about the available records. Plaintiffs requested that you investigate what summaries and backup exist, whether in electronic or paper form, as well as the existence of documents related to U.S. marketing efforts. Please let us know what documents and/or information you have located, and when you would produce any such records. Please also inform us whether the paper records located in China will be produced, or whether you will make them available to Plaintiffs in China.

<u>RFP No. 10</u>

During our meet and confer, Plaintiffs asked whether your clients have already collected documents called for by RFP No. 10. You did not answer. Please advise if such documents have been collected.

Stuart C. Plunkett
6/21/2018
Page 3

     Thank you.

                       Very truly yours,

                       *s/ Geoffrey C. Rushing*

                       Geoffrey C. Rushing

Cc:     John Taladay
        Erik T. Koons
        Thomas E. Carter
        Ashley Eickhof
        Kaylee Yang
        Mario N. Alioto
        Lauren C. Capurro
        Christopher T. Micheletti
        Joseph M. Patane

crt.696

# EXHIBIT 11

# BAKER BOTTS LLP

| | | |
|---|---|---|
| 101 CALIFORNIA ST. | AUSTIN | LONDON |
| SUITE 3600 | BEIJING | MOSCOW |
| SAN FRANCISCO, CALIFORNIA | BRUSSELS | NEW YORK |
| 94111 | DALLAS | PALO ALTO |
| | DUBAI | RIYADH |
| TEL +1.415.291.6200 | HONG KONG | **SAN FRANCISCO** |
| FAX +1.415.291.6300 | HOUSTON | WASHINGTON |
| BakerBotts.com | | |

Stuart C. Plunkett
TEL: 415.291.6203
FAX: 415.291.6303
stuart.plunkett@bakerbotts.com

June 15, 2018

*VIA E-MAIL*

Guido Saveri (E-mail: guido@saveri.com)
R. Alexander Saveri (E-mail: rick@saveri.com)
Geoffrey C. Rushing (E-mail: grushing@saveri.com)
Cadio Zirpoli (E-mail: cadio@saveri.com)
Matthew D. Heaphy (E-mail: mheaphy@saveri.com)
SAVERI & SAVERI, INC.
706 Sansome St # 200
San Francisco, CA 94111

>       Re:     *In re: Cathode Ray Tube (CRT) Antitrust Litigation -*
>               Master File No. 3:07-cv05944-JST; MDL No. 1917

Dear Counsel:

We have identified documents within Irico's May 4, 2018 production that are attorney-client privileged and protected by the work product doctrine.  These inadvertently produced documents are Bates labeled IRI-CRT-00000741 and IRI-CRT-00000810-852.  Pursuant to Paragraph 12 of the Stipulated Protective Order, we request that Plaintiffs immediately return and/or confirm destruction of all copies of these documents.

Please confirm in writing that Plaintiffs will take the steps requested above in accordance with the Protective Order.

Sincerely,

Stuart C. Plunkett

cc:    Mario N. Alioto (malioto@tatp.com)
       Lauren C. Capurro (laurenrussell@tatp.com)
       Joseph M. Patane (jpatane@tatp.com)

# EXHIBIT 12

# SAVERI & SAVERI, INC.
706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

June 20, 2018

*VIA EMAIL*

Stuart C. Plunkett
Baker Botts LLP
101 California Street, Suite 3600
San Francisco, California 94111
stuart.plunkett@bakerbotts.com

      Re:    *In re Cathode Ray Tube (CRT) Antitrust Litigation* – MDL No. 1917, Master File No. 07-CV-5944-JST

Dear Stuart:

Your letter of June 15, 2018 requests the destruction or return of certain documents pursuant to paragraph 12 of the Protective Order. We have questions about the basis for your assertion that these documents are privileged.

All of the documents are spreadsheets that appear to contain CRT sales information imported from other electronic records. The metadata for the documents indicate that the custodian for each is the "Irico Corporate Archives." The documents contradict your representations during our meet and confer discussions that your current understanding was that the Irico Defendants did not have relevant sales data in summary form or in electronic form.

Based on our review prior to receipt of your letter, the documents show sales to the United States during the class period totaling almost $2 million. The documents therefore also contradict your clients' assertions that they had no sales to the United States during the class period. (They also show sales to Canada and Mexico in excess of $3 million.)

Your letter also fails to set forth the basis for the claims that the documents are protected by the attorney-client privilege and/or the work product rule. Indeed, you have provided no information about the documents (e.g., author, date, recipients, etc.). *See e.g.,* Fed. R. Civ. P. 26(b)(5)(A)(2) (party asserting privilege must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim").

Furthermore, the documents do not appear to be privileged. First, none of the documents appear to be a confidential communication with your clients. On their face, therefore, there is no basis for the assertion of attorney-client privilege.

Stuart C. Plunkett
6/20/2018
Page 2

Second, the documents also do not appear to be subject to the work product rule. Based on Plaintiffs' prior review, they do not contain attorney mental impressions. Again, they appear to summarize sales to various countries during the class period. The sales data itself is not protected by the work product rule (or any privilege). To the extent your clients are taking the position that compilations of this data are work product, it is contradicted by the metadata which indicates that the documents come from your clients' archival records.

Third, your clients' demand that evidence of the Irico Defendants' U.S. CRT sales be removed from the record, coupled with their refusal to meaningfully respond to Plaintiffs' discovery into this issue, is an abuse of the discovery process. You have made clear that your clients' contention that they have never sold CRTs into the United States is the principal basis for their position that they are immune under the FSIA. *See, e.g.*, ECF No. 5215 at 12 (citing paragraph 11 of the Zhang Declaration); ECF No. 5229 at 1 ("Certainly DPPs can make no such [direct effect] showing since Irico never sold products, directly or indirectly, to the United States"). You have, however, failed to meaningfully respond to Plaintiffs' discovery going to this issue.[1]

More than three months since this discovery was propounded, your clients have provided no meaningful substantive responses to an interrogatory seeking a description of your clients' U.S. sales or to a document request seeking sales records, except for the documents you now seek to claw back.[2] Instead, your position is that your clients will "produce or make available for inspection business records from which the answer to this interrogatory may be determined." When asked at our meet and confer discussions what this meant, you stated that your clients may simply make available for Plaintiffs' review in China more than 100 double-sized boxes of Chinese language invoices relating to their *worldwide* sales of CRTs during the class period.

In sum, your clients appear to propose removing from the record evidence of U.S. sales, while forcing Plaintiffs, to the extent they seek to challenge your clients' claims that they never sold CRTs into the United States, to spend hundreds of hours reviewing hundreds of thousands of foreign language invoices, the vast majority of which will not relate to United States sales.

In light of the foregoing, Plaintiffs request that the Irico Defendants withdraw their clawback request. If they refuse, Plaintiffs intend to move for an order that the documents are not privileged. In addition, please immediately provide the following:

---

[1] Interrogatory No. 20 asks your clients to describe their sales to the United States during the Class Period. Request for Production No. 9 called for "All documents related to the sale or pricing of CRTs in the United States (including but not limited to any actual, planned, or contemplated sales of CRTs in the United States by Group, Display, or any affiliate of Group or Display, either directly or indirectly) during the Class Period."
[2] In your letter of June 4, 2018, you identified some of the documents in issue as supporting your response to Interrogatory No. 20.

Stuart C. Plunkett
6/20/2018
Page 3

1. An explanation of the factual basis for your claims of attorney-client privilege and/or work product protection;
2. A full substantive response to Interrogatory No. 20; and
3. All documents and data relating to sales of CRTs into North America during the class period.

Because it provides no meaningful basis for the claims of privilege, Plaintiffs do not believe your letter of last Friday satisfies the Stipulated Protective Order. Nonetheless, Plaintiffs will delete/destroy all copies of the "clawed back" documents, except for one sequestered copy, and one copy we are sending to Judge Walker today.

Thank you.

Very truly yours,

*s/ Geoffrey C. Rushing*

Geoffrey C. Rushing

Cc:   John Taladay
      Erik T. Koons
      Thomas E. Carter
      Ashley Eickhof
      Kaylee Yang
      Mario N. Alioto
      Lauren C. Capurro
      Christopher T. Micheletti
      Joseph M. Patane

crt.693

# EXHIBIT 13

# SAVERI & SAVERI, INC.

706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

June 20, 2018

*VIA HAND DELIVERY*

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111

      Re:    <u>*In re Cathode Ray Tube (CRT) Antitrust Litigation*</u> – MDL No. 1917,
           <u>Master File No. 07-CV-5944-JST</u>

Dear Judge Walker:

      By letter dated June 15, 2018, the Irico Defendants identified documents they claim are protected by attorney-client privilege and the work product doctrine that were inadvertently produced to Direct Purchaser Plaintiffs ("Plaintiffs"). The Irico Defendants have requested that Plaintiffs return or destroy all copies of the documents in accordance with section 12 of the Stipulated Protective Order entered in this action (ECF No. 306). The Stipulated Protective Order requires the Receiving Party to return (or destroy) the documents within three business days of notification of the inadvertent production.

      The Irico Defendants have provided no explanation or factual support for their claims that the documents in question are privileged or protected work product, and the documents do not appear to be entitled to protection from discovery. Nonetheless, Plaintiffs will delete/destroy all copies of the "clawed back" documents, except for one sequestered copy, and the enclosed copy. In addition, Plaintiffs have asked the Irico Defendants to reconsider their attorney-client and work product designations, and to provide additional information regarding the documents. If the Irico Defendants maintain their privilege and work product claims following meet and confer, Plaintiffs will submit to Your Honor a motion to compel production of the disputed documents pursuant to Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

      Enclosed herewith is a USB drive containing the Irico Defendants' first production of documents (produced May 4, 2018; corrected May 30, 2018), including the documents in issue. Plaintiffs request that Your Honor maintain this copy of the document production until the parties notify you that they have resolved the dispute, or until it has been resolved by the Court.

The Honorable Vaughn R. Walker
6/20/2018
Page 2

Very truly yours,

*s/ R. Alexander Saveri*

R. Alexander Saveri
Lead Counsel for Direct Purchaser Plaintiffs

Enclosure.


Cc:   Lillian Tom (via email without enclosure)
     Jay Weil (via email without enclosure)
     John Taladay (via email without enclosure)
     Erik T. Koons (via email without enclosure)
     Stuart C. Plunkett (via email without enclosure)
     Thomas E. Carter (via email without enclosure)
     Ashley Eickhof (via email without enclosure)
     Kaylee Yang (via email without enclosure)
     Mario N. Alioto (via email without enclosure)
     Lauren C. Capurro (via email without enclosure)
     Christopher T. Micheletti (via email without enclosure)
     Joseph M. Patane (via email without enclosure)

crt.694

# EXHIBIT 14

# BAKER BOTTS LLP

| | |
|---|---|
| 101 CALIFORNIA ST. | AUSTIN | LONDON |
| SUITE 3600 | BEIJING | MOSCOW |
| SAN FRANCISCO, CALIFORNIA | BRUSSELS | NEW YORK |
| 94111 | DALLAS | PALO ALTO |
| | DUBAI | RIYADH |
| TEL  +1.415.291.6200 | HONG KONG | **SAN FRANCISCO** |
| FAX  +1.415.291.6300 | HOUSTON | WASHINGTON |
| BakerBotts.com | | |

Stuart C. Plunkett
TEL: 415.291.6203
FAX: 415.291.6303
stuart.plunkett@bakerbotts.com

June 29, 2018

*VIA E-MAIL*

Geoffrey C. Rushing (E-mail: grushing@saveri.com)
Matthew D. Heaphy (E-mail: mheaphy@saveri.com)
Guido Saveri (E-mail: guido@saveri.com)
R. Alexander Saveri (E-mail: rick@saveri.com)
Cadio Zirpoli (E-mail: cadio@saveri.com)
SAVERI & SAVERI, INC.
706 Sansome St # 200
San Francisco, CA 94111

Re:    *In re: Cathode Ray Tube (CRT) Antitrust Litigation* -
       Master File No. 3:07-cv05944-JST; MDL No. 1917

Dear Geoffrey:

I write in response to your letter of June 20, 2018 requesting more information regarding Irico's June 15, 2018 clawback request.

Irico withdraws its clawback request with respect to the documents Bates labeled IRI-CRT-00000810-852. These files are not summaries of Irico's sales records; rather, they are public data obtained from regional export authorities. As such, the custodian label "Irico Corporate Archives" was incorrectly applied during processing and production of these files. These files also do not show sales to the United States by the Irico Defendants. The exports were made by China National Electronics Import & Export Caihong Co.

Irico maintains its clawback request with regard to the document Bates labeled IRI-CRT-00000741. This document was created by Irico in connection with this litigation and at the request of counsel, for the purpose of summarizing relevant evidence under the Foreign Sovereign Immunities Act, and is thus protected under the work product doctrine. *See* Fed. R. Civ. P. 26(b)(3)(A) ("[A] party may not discover documents . . . prepared in anticipation of litigation . . . by or for another party or its representative . . . ."); *Lewis v. Wells Fargo & Co.*, 266 F.R.D. 433, 439-40 (N.D. Cal. 2010) ("[T]he [work product] doctrine may be applied to documents

**BAKER BOTTS** LLP

June 29, 2018

created by non-attorneys so long as they are prepared 'by or for another party or its representative' and they are created 'in anticipation of litigation.'").

Sincerely,

Stuart C. Plunkett

cc:   Mario N. Alioto (malioto@tatp.com)
      Lauren C. Capurro (laurenrussell@tatp.com)
      Joseph M. Patane (jpatane@tatp.com)

# EXHIBIT 15

## Matthew Heaphy

| | |
|---|---|
| **From:** | Tom.Carter@BakerBotts.com |
| **Sent:** | Friday, June 29, 2018 6:02 AM |
| **To:** | Matthew Heaphy |
| **Cc:** | erik.koons@bakerbotts.com; Ashley.Eickhof@BakerBotts.com; stuart.plunkett@bakerbotts.com; kaylee.yang@bakerbotts.com; john.taladay@bakerbotts.com; Rick Saveri; Geoff Rushing; Cadio Zirpoli; malioto@tatp.com; laurenrussell@tatp.com; jpatane@tatp.com; CMicheletti@zelle.com; reilly.stoler@bakerbotts.com |
| **Subject:** | RE: In re Cathode Ray Tube (CRT) Antitrust Litigation - MDL No. 1917, Master File No. 07-CV-5944-JST |
| **Attachments:** | Irico Supplemental Response to Potential Deponent Info Request.pdf |

Dear Matt & Geoff:

Please see the attached supplemental response by Irico to your information request regarding potential deponents.  Irico disputes the contention in your June 21, 2018 letter that we agreed to provide all the information described in your letter regarding the individuals listed in our Interrogatory responses, and such information is not required under the Court's Order Re Discovery and Case Management Protocol (Dkt. 1128).  However, Irico is providing information below on these employees' current or most recent title, and will search for and provide information on prior positions held by each employee that are relevant to their knowledge of information covered by Irico's Interrogatory responses.

1.  Guo Mengquan (former employee, retired May 2017): former Deputy General Manager, Irico Group
2.  Hou Ruijin (current employee): Asset Manager, Irico Group
3.  Long Tao (current employee): Secretary of the office of Board of Directors, Irico Display
4.  Yan Yunlong (current employee): General Counsel, Irico Group
5.  Zhang Shaowen (former employee, retired Mar. 2016) - former Deputy General Manager, Irico Group
6.  Zhu Xiaohang (current employee): Secretary of the office of Board of Directors, Irico Electronics

Best,
Tom Carter

---

**From:** Matthew Heaphy <mheaphy@saveri.com>
**Sent:** Thursday, June 21, 2018 6:35 PM
**To:** Carter, Tom <Tom.Carter@BakerBotts.com>
**Cc:** Koons, Erik <erik.koons@bakerbotts.com>; Eickhof, Ashley <Ashley.Eickhof@BakerBotts.com>; Plunkett, Stuart <stuart.plunkett@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>; Taladay, John <john.taladay@bakerbotts.com>; Rick Saveri <Rick@saveri.com>; Geoff Rushing <Geoff@saveri.com>; Cadio Zirpoli <cadio@saveri.com>; malioto@tatp.com; laurenrussell@tatp.com; jpatane@tatp.com; CMicheletti@zelle.com; Stoler, Reilly <reilly.stoler@bakerbotts.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation - MDL No. 1917, Master File No. 07-CV-5944-JST

Tom:

Please see the attached correspondence from Geoff Rushing.

Best,
Matt

Matthew Heaphy
Saveri & Saveri, Inc.
706 Sansome Street
San Francisco, CA 94111
mheaphy@saveri.com
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

---

**From:** Tom.Carter@BakerBotts.com [mailto:Tom.Carter@BakerBotts.com]
**Sent:** Tuesday, June 19, 2018 5:30 PM
**To:** Matthew Heaphy
**Cc:** erik.koons@bakerbotts.com; Ashley.Eickhof@BakerBotts.com; stuart.plunkett@bakerbotts.com;
kaylee.yang@bakerbotts.com; john.taladay@bakerbotts.com; Rick Saveri; Geoff Rushing; Cadio Zirpoli;
malioto@tatp.com; laurenrussell@tatp.com; jpatane@tatp.com; CMicheletti@zelle.com; reilly.stoler@bakerbotts.com
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation - MDL No. 1917, Master File No. 07-CV-5944-JST

Matt:

Please see the attached for additional information Irico has gathered in response to your request regarding potential Irico
deponents.

Best,
Tom Carter

---

**From:** Carter, Tom
**Sent:** Friday, June 8, 2018 12:39 PM
**To:** 'Matthew Heaphy' <mheaphy@saveri.com>
**Cc:** Koons, Erik <erik.koons@bakerbotts.com>; Eickhof, Ashley <Ashley.Eickhof@BakerBotts.com>; Plunkett, Stuart
<stuart.plunkett@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>; Taladay, John
<john.taladay@bakerbotts.com>; 'Rick Saveri' <Rick@saveri.com>; 'Geoff Rushing' <Geoff@saveri.com>; 'Cadio Zirpoli'
<cadio@saveri.com>; 'malioto@tatp.com' <malioto@tatp.com>; 'laurenrussell@tatp.com' <laurenrussell@tatp.com>;
'jpatane@tatp.com' <jpatane@tatp.com>; 'CMicheletti@zelle.com' <CMicheletti@zelle.com>; Stoler, Reilly
<reilly.stoler@bakerbotts.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation - MDL No. 1917, Master File No. 07-CV-5944-JST

Matt:

Irico is working on gathering last known addresses for all the former employees on your list that are not currently
represented by us, and we expect to have those for you by next week at the latest.  With regard to the individuals
identified as having knowledge in Irico's interrogatory responses, all of them are represented by us and may be contacted
through counsel.  With the exception of Mr. Guo Mengquan and Mr. Zhang Shaowen, all of these individuals are current
employees of Irico.  We will also provide you with their current titles by next week.

Best regards,
Tom Carter

---

**From:** Matthew Heaphy <mheaphy@saveri.com>
**Sent:** Thursday, June 7, 2018 3:18 PM
**To:** Carter, Tom <Tom.Carter@BakerBotts.com>
**Cc:** Koons, Erik <erik.koons@bakerbotts.com>; Eickhof, Ashley <Ashley.Eickhof@BakerBotts.com>; Plunkett, Stuart
<stuart.plunkett@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>; Taladay, John
<john.taladay@bakerbotts.com>; Rick Saveri <Rick@saveri.com>; Geoff Rushing <Geoff@saveri.com>; Cadio Zirpoli

<cadio@saveri.com>; malioto@tatp.com; laurenrussell@tatp.com; jpatane@tatp.com; CMicheletti@zelle.com
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation - MDL No. 1917, Master File No. 07-CV-5944-JST

Tom:

Please see the attached correspondence from Geoff Rushing.

Best,
Matt

Matthew Heaphy
Saveri & Saveri, Inc.
706 Sansome Street
San Francisco, CA 94111
mheaphy@saveri.com
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

---

**From:** Tom.Carter@BakerBotts.com [mailto:Tom.Carter@BakerBotts.com]
**Sent:** Tuesday, June 05, 2018 10:05 PM
**To:** Rick Saveri; Cadio Zirpoli; malioto@tatp.com; laurenrussell@tatp.com; jpatane@tatp.com; CMicheletti@zelle.com;
Geoff Rushing; Matthew Heaphy
**Cc:** erik.koons@bakerbotts.com; Ashley.Eickhof@BakerBotts.com; stuart.plunkett@bakerbotts.com;
kaylee.yang@bakerbotts.com; john.taladay@bakerbotts.com
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation - MDL No. 1917, Master File No. 07-CV-5944-JST

Dear Counsel:

Please see attached for Irico's responses to the request in your April 9, 2018 letter regarding potential Irico
deponents.  Irico has identified the employment status (and departure date, if relevant) of 35 out of the 36 individuals
named in your list.  Irico has been unable to locate information regarding Liu Linghai; if you could share more detail on
how Liu Linghai was chosen for your list, that may help with providing the information you requested.  All current Irico
employees and individuals identified in Irico's interrogatory responses will be represented by us and can be reached
through counsel.

Given the large number of former Irico employees on the list, including many that left the company more than 5 years
ago, we request that plaintiffs consider the information provided thus far and narrow the list so that Irico can better
prioritize the burdensome task of reaching out to each of these former employees to determine if they would accept
representation by counsel for Irico.

Thank you,

**Tom Carter**
Associate

Baker Botts L.L.P.
tom.carter@bakerbotts.com
T +1.202.639.7702
F +1.202.585.4085
M +1.202.412.4352

The Warner
1299 Pennsylvania Ave NW

Washington, DC 20004
USA



*Admitted to practice in New York and the District of Columbia.*

---

**From:** Rick Saveri <Rick@saveri.com>
**Sent:** Monday, April 9, 2018 1:31 PM
**To:** Taladay, John <john.taladay@bakerbotts.com>
**Cc:** Koons, Erik <erik.koons@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Eickhof, Ashley <Ashley.Eickhof@BakerBotts.com>; Plunkett, Stuart <stuart.plunkett@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>; Geoff Rushing <Geoff@saveri.com>; Matthew Heaphy <mheaphy@saveri.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation - MDL No. 1917, Master File No. 07-CV-5944-JST

John:  Please see attached letter.

Rick


R. Alexander Saveri
Saveri & Saveri, Inc.
706 Sansome Street
San Francisco, CA 94111
Tel:  (415)  217-6810
Fax:  (415)  217-6813


CONFIDENTIALITY NOTICE

This electronic mail transmission and any attachments contain privileged and confidential information.  The information is intended solely for use by the individual or entity named as the recipient hereof.  If you are not the intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited.  If you have received this transmission in error, please immediately delete it and notify us by telephone.


**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

**Irico's Supplemental Response to Potential Deponent Information Request**

| Name | Name (Chinese) | Current or Former Employee | Date of Departure | Contact Information/ Last Known Address |
|---|---|---|---|---|
| Chen Di Zhi | 陈德智 | Former | Apr. 2002 | No address found |
| Chen Xiaoning | 陈晓宁 | Current | n/a | May be contacted through counsel |
| Duan Cheng | 段诚 | Former | June 2015 | 咸阳市人民路彩虹新区 152#-2-6-11 邮编 710021 |
| Fang Liang-Jun | 方良军 | Former | June 2012 | 咸阳市人民路彩虹新区 113#-2-4-7 邮编 710021 |
| Fu Jiuquan | 符九全 | Former | Mar. 2011 | No address found |
| Gao Rong-Guo | 高荣国 | Current | n/a | May be contacted through counsel |
| Ge Di | 葛迪 | Former | May 2016 | 咸阳市秦都区渭滨街道阳光小区 10 号楼 邮编 710021 |
| Guo Mengquan | 郭盟权 | Former | May 2017 | May be contacted through counsel |
| Li Wei-Sheng | 李卫生 | Former | Jan. 2002 | No address found |
| Liang Yuan | 梁援 | Former | Mar. 2014 | 咸阳市人民路彩虹小区 5-1-3-5 邮编 710021 |
| Liu Hongwu | 刘宏武 | Former | Jan. 2014 | No address found |
| Liu Linghai | | | | No information found |
| Liu Xiaodong | 刘晓东 | Former | May 2010 | No address found |
| Ma Jinquan | 马金泉 | Former | Feb. 2005 | 咸阳市人民路/彩虹新区 115#-1-5-10 邮编 710021 |
| Niu Xinan | 牛新安 | Former | Dec. 2015 | 咸阳市人民路彩虹新区 115#-2-5-东户 邮编 710021 |
| Shan or Sa Tao | 沙涛 | Former | Dec. 2002 | No address found |
| Shen Xiaolin | 申小琳 | Former | Oct. 2015 | 咸阳市人民路彩虹新区 115#-1-5-10 邮编 710021 |
| Song Shi-Zhen | 宋世振 | Former | Nov. 2004 | 咸阳市彩虹一路彩虹老区 52#-4-3-6 邮编 710021 |
| Su Xiaohua | 苏晓华 | Current | n/a | May be contacted through counsel |
| Tao Kui | 陶魁 | Former | Mar. 2014 | No address found |
| Wang Da-Ming | 王大明 | Former | July 2004 | No address found |
| Wang Li Guang | 王李广 | Former | Apr. 2002 | No address found |
| Wang Ping-Quan | 王平权 | Former | Mar. 2012 | 咸阳市人民路彩虹新区 137#-6-2-3 邮编 710021 |
| Wang Zhao-Jie | 王昭杰 | Current | n/a | May be contacted through counsel |
| Wei Jian-She | 魏建社 | Former | Apr. 2018 | 珠海番溪庄 27-1-405 邮编 519000 |
| Wei Zhiyuan | 魏致远 | Former | Sept. 2006 | No address found |

**Irico's Supplemental Response to Potential Deponent Information Request**

| Name | Name (Chinese) | Current or Former Employee | Date of Departure | Contact Information/ Last Known Address |
|---|---|---|---|---|
| Wen Haiyang | 文海洋 | Former | Sept. 2017 | 咸阳市彩虹一路彩虹新家园 B 座 1 单元六层 12 号 邮编 710021 |
| Xi Jiansheng | 奚建生 | Former | Apr. 2006 | No address found |
| Xing Daoqin | 邢道钦 | Deceased | Dec. 2011 | n/a |
| Xu Gao-Wen | 许高文 | Former | Oct. 2014 | 咸阳市彩虹一路彩虹小区 85#-3-3-5 邮编 710021 |
| Yao Jun | 姚军 | Former | Apr. 2018 | 咸阳市建设路彩虹北家属区 70 号楼 邮编 710021 |
| Zhang Junhua | 张君华 | Current | n/a | May be contacted through counsel |
| Zhang Shaowen | 张少文 | Former | Mar. 2016 | May be contacted through counsel |
| Zhang Hushan | 张虎山 | Former | May 2018 | 咸阳市人民西路彩虹劳司 E-1-8-16 邮编 710021 |
| Zhen Xiao-Hong | 甄小红 | Former | Feb. 2014 | No address found |
| Zhu Jian | 竺简 | Former | Dec. 1998 | No address found |

# EXHIBIT 16

**Cadio Zirpoli**

---

| | |
|---|---|
| **From:** | Simpkins, Philip A. <philip.simpkins@pillsburylaw.com> |
| **Sent:** | Thursday, January 15, 2009 05:50 PM |
| **To:** | Cadio Zirpoli; Joe Patane |
| **Cc:** | Tiffany, Joseph R.; Callan, Terrence A. |
| **Subject:** | IRICO Response to Plaintiffs' Requests for Sales Information |
| **Attachments:** | JRT Cover Letter.pdf; IRICO Defendants' Response.pdf; Export Information for IRICO Companies .pdf |

Counsel,

Please see the attached Response from the IRICO Defendants, including a spreadsheet of export information bates stamped as IRICO-00001 - IRICO-00022, with accompanying cover letter. The original cover letter and hard copies of the documents will follow by mail.

<<JRT Cover Letter.pdf>> <<IRICO Defendants' Response.pdf>> <<Export Information for IRICO Companies .pdf>>

Regards,
Phil Simpkins

**Philip Simpkins**
**Pillsbury Winthrop Shaw Pittman LLP**
_____

Tel:  650.233.4655 | Fax:  650.233.4545
2475 Hanover Street | Palo Alto, CA 94304-1114

Email:  Philip.Simpkins@pillsburylaw.com
**www.pillsburylaw.com**



Pillsbury Winthrop Shaw Pittman LLP
2475 Hanover Street | Palo Alto, CA 94304-1114 | tel 650.233.4500 | fax 650.233.4545

Joseph R. Tiffany II
tel 650.233.4644
joseph.tiffany@pillsburylaw.com

January 15, 2009

<u>Via Email & First Class Mail</u>

Cadio Zirpoli, Esq.
Saveri & Saveri, Inc.
111 Pine Street, Suite 1700
San Francisco, California 94111

Joseph M. Patane, Esq.
Law Office Of Joseph M. Patane
2280 Union Street
San Francisco, CA 94123

Re:     *In re CRT Antitrust Litigation*, case no. 3:07-cv-5944 SC

Dear Cadio and Joe:

Following up on our discussions with each of you, I enclose the Response of IRICO
Group Corporation and IRICO Display Devices Co., Ltd. ("IRICO Companies") to
Plaintiffs' Information Requests ("Response"). We are providing this information in
connection with our discussions with you regarding the tolling agreement among the
direct and indirect purchaser plaintiffs and the IRICO Companies. We believe the
information provided confirms that the IRICO Companies should not be named as
defendants in the consolidated complaints.

We have the following additional comments regarding the Response:

(1)     We understand from the IRICO Companies that they possess relatively little
        accessible information concerning their historical sales. IRICO has explained
        that some of the difficulties in more quickly gathering historical sales data
        resulted from multiple reorganizations over the relevant time period. As
        described in the enclosed Response, the most significant of these restructuring
        occurred in 2004 when a new subsidiary was formed to handle sales and
        export functions for all the IRICO Companies.

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

Cadio Zirpoli, Esq.
Joseph M. Patane, Esq.
January 15, 2009
Page 2

(2)     We further understand that the overlapping nature of the IRICO Companies'
        business lines and problems in their record-keeping system also contributed to
        the delay in producing data.  Economic conditions in general, and in the CRT
        business particularly, have also limited their available resources for
        information gathering.  In responding to your questions, the IRICO
        Companies also relied in part on the recollections of salespersons responsible
        for the sale of CRTs.

(3)     With regard to sales to distributors or other third-party intermediaries, the
        IRICO Companies do not gather information from such customers regarding
        such customers' sales or distribution of IRICO CRTs or their integration of
        IRICO CRTs into other products.  As such, the IRICO Companies lack
        information regarding the distribution of IRICO CRTs beyond their direct
        customers.

We understand that you will need some time to review the Response.  We hope that
you are agreeable to a further three-week extension of time regarding the IRICO
Companies' response to plaintiffs' pending requests while you are conducting your
review.  Please confirm your agreement to such an extension for this purpose.

We would be happy to meet with you further if there are any remaining questions and
to finalize the tolling agreement.

Very truly yours,

Joseph R. Tiffany II

Enclosures

cc:     Terrance A. Callan

CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER

**RESPONSE OF IRICO GROUP CORPORATION
AND IRICO DISPLAY DEVICES CO., LTD.
TO PLAINTIFFS' INFORMATION REQUESTS**

IRICO Group Corporation and IRICO Display Devices Co., Ltd. ("IRICO Defendants") provide the following information in connection with the discussions with interim lead counsel for the direct purchaser plaintiffs and the indirect purchaser plaintiffs regarding tolling agreements pursuant to which the IRICO Defendants would not be named as defendants in the consolidated complaints to be filed by plaintiffs later this year.  The IRICO Defendants designate the information included in this response, the accompanying cover letter, and the attached export information as "Confidential" under the terms of the Stipulated Protective Order entered by the Court on June 18, 2008.

A.     <u>Background re IRICO's Manufacture and Sale of CRTs and CRT Products</u>.

IRICO Group Corporation is the parent company of the following companies that manufactured and sold CRTs between 1995 and the present:

       IRICO Color Picture Tube Plant
       IRICO Display Devices Co., Ltd.
       IRICO Group Electronics Company Limited (established in 2004)
       Xian Irico Display Technology Co., Ltd. (established in 2004)

Prior to the formation of IRICO Group Electronics Company Limited ("IRICO Electronics") in September 2004, IRICO Color Picture Tube Plant and IRICO Display Devices Co., Ltd. sold CRT products through the sales department of IRICO Group Corporation.  IRICO Group Corporation exported products exclusively through China National Electronics Imp. & Exp. Caihong Co., an unrelated state-owned enterprise.

After its formation in 2004, IRICO Electronics handled all domestic sales and exports of CRTs for the IRICO Companies.  For a short period of time during the transition of sales and exports from IRICO Group Corporation to IRICO Electronics, Xian Irico Display Technology Co., Ltd. also exported CRTs.

IRICO Group Corporation acquired a bankrupt enterprise in Xi'an, which was then renamed Xian Caihong Electrical Co., Ltd.  This company manufactured CRT TV sets under the brand of "IRICO" from 1996 to 1999.  These TV sets were only sold in China.  Xian Caihong Electrical Co., Ltd. was disolved in 1999.

B.     <u>The IRICO Companies' Foreign Customers</u>.

The IRICO Companies have advised that complete historical customer data is not available.  The IRICO Companies have been able to locate records of their CRT exports from 2000 to the present.  Attached to this Response and incorporated herein is a spreadsheet containing the available export information.  Please note that this export information has been translated from Chinese to English and formatted for your convenience.

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

The spreadsheet of export information shows the quantities of units exported and the destination country together with the name of the exporting company.  For records of 2005 and before, the export records show that China National Electronics Imp. & Exp. Caihong Co. was the exporting company.  As described above, this is the state-owned enterprise through which the IRICO Companies exported products prior to the formation of IRICO Electronics.  The available export records did not track the name of the customer that ordered the CRTs or the location of such customer.  It should be noted that the "Company Code" column refers to the IRICO company that exported the CRTs, rather than the purchasing customer.

As the attached export information shows, between 2000 and 2008 the IRICO Companies made only two shipments of CRTs to the United States, totaling 2018 units.  As described below, these units were only samples that IRICO planned to use to explore the potential for sales opportunities in the United States.  They were never sold and were eventually shipped back to China.  The IRICO Companies have never sold CRTs to United States customers nor exported CRTs to the United States at the request of any customer.

The IRICO Companies' foreign customers are as follows:

| | |
|---|---|
| Turkey: | Vestel Elektronik Sanayi Ve Ticaret A.S. |
| | Arcelik A.S. |
| | Profilo Telra Elektronik San. Ve Tic A.S. |
| | Shov Elektronik Sanayi Ve Ticaret A.S. |
| | |
| Hong Kong: | Irisonic (H.K.) Co., Ltd. |
| | Centry Electronics Asia Co., Ltd. |
| | Hong Way Enterprise Limited |
| | |
| India: | Dixon Technologies (India) Pvt. Ltd. |
| | Salora International Ltd. |
| | L.B. Electronics |
| | Oscar Group of Companies |
| | Super Palstronics Pvt. Ltd |
| | Super Cassettes Industries Limited |
| | Mirc Electronics Limited (Onida) |
| | Videotex International Pvt. Ltd. |
| | Videocon Industries Limited |
| | PG Group |
| | Asia Lucky Industrial Limited |
| | Beltek (India) Limited |
| | Bharti Electronics |
| | Super Speed Limited (SGV) |
| | |
| Brazil: | Semp-Toshiba S.A. (samples only) |

CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER

Egypt:          Toyoichi Tsusho Co., Ltd.
                El Araby Co.

Argentina:      Newsan S.A.
                Radio Victoria Fueguina S.A.
                Ambassador Fueguina S.A.

Please note that it was not unusual for the IRICO Companies to ship products to locations other than the country in which the ordering customer was located.  Thus, while the IRICO Companies' foreign customers were located in the six countries referenced above, the export information provided herewith shows that the IRICO Companies shipped products to several other countries at the request of their purchasing customers.

In response to the inquiry from counsel for the indirect purchaser plaintiffs, the IRICO Companies do not have any customers in Mexico.  The IRICO Companies did, however, make shipments of CRTs to third-parties in Mexico at the request of a Hong Kong customer named Irisonic (H.K.) Co., Ltd.  These third-party shipments to Mexico took place between April 2004 and October 2005 and consisted of a total of just over 100,000 units at a total sales price of $2.3 million USD.  There was also one shipment of a single unit, presumably a sample, in March of 2002.

C.      The IRICO Companies' Domestic Customers.

The IRICO Companies sell a high percentage (approximately 70 to 80%) of their CRTs in China. The IRICO Companies' CRT customers in China are:

1.   Sichuan Changhong Electric Co., Ltd.
2.   Konka Group Co., Ltd.
3.   TCL Corporation
4.   Skyworth Group Co., Ltd.
5.   Hisense Electric Co. Ltd. Qingdao, China
6.   Haier Electrical Appliances Co., Ltd.
7.   Xiamen Overseas Chinese Electronic Co., Ltd.
8.   Soyea Technology Co., Ltd.
9.   Yisheng Technology Co., Ltd.
10.  LG Electronics (Shenyang) Inc.
11.  Hangzhou Jinlipu Electrical Co., Ltd.
12.  Shenzhen Techtop Industrial Co., Ltd.
13.  Suntrue International
14.  Starlight Marketing Macao Commercial Offshore, Ltd.
15.  Hangzhou Huashan Electric Co., Ltd.

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

D.      The IRICO Companies Have Not Sold CRTs in the United States.

As stated above, the IRICO Companies have never sold CRTs to companies in the United States or shipped products to the United States on behalf of a customer.  According to the spreadsheet of export information, 2018 units were exported to the United States in 2002.  Those items were samples of CDTs (CRTs for computer monitors) that were intended to be used to test the market for IRICO CDTs in the United States.  The CDTs were never sold in the United States and were eventually shipped back to China for redistribution to a customer in China.  The IRICO Companies ceased manufacturing CDTs in 2002.

E.      The IRICO Companies Have No Business Relationships With Any of the Other Defendants.

The IRICO Companies have never entered into any joint venture or other cooperative business arrangement with any of the other defendants named in the *In re CRT Antitrust Litigation*, nor have they sold CRTs to any of the other defendants.  As noted above, the IRICO Companies have shipped a small number of CRTs as samples, not sales, to Semp-Toshiba S.A. and have sold CRTs to LG Electronics (Shenyang) Inc., in China, which we understand to be subsidiaries of defendants in this litigation.

F.      Antitrust Investigations by Government Authorities.

The IRICO Companies have not received any notice of investigation, grand jury subpoena, or inquiries from the United States Department of Justice.  In December 2007, IRICO Electronics received a notice of antimonopoly investigation from the Canadian authority and IRICO Group Corporation received a notice of antimonopoly investigation from the European Commission. We are confirming that no further inquiry was made or any action was ever taken against the IRICO Companies by the EU or Canada

CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER

701396703v1

| Year | Month | Import/Export | Destination | Company Code | Company Name | Quantity | Total Prices (in USD) | Unit Price (in USD) |
|------|-------|---------------|-------------|--------------|--------------|----------|-----------------------|---------------------|
| 2008 | 1 | Export | India | 6104912068 | IRICO Group Electronics Company Limited | 18816 | $353,146 | $18.7684 |
| 2008 | 1 | Export | Russia | 6104912068 | IRICO Group Electronics Company Limited | 11296 | $238,432 | $21.1076 |
| 2008 | 1 | Export | North Korea | 6104912068 | IRICO Group Electronics Company Limited | 2 | $34 | $17.0000 |
| 2008 | 1 | Export | Turkey | 6101319074 | IRICO Display Devices Co., Ltd. | 166560 | $3,372,691 | $20.2491 |
| 2008 | 1 | Export | India | 6101319074 | IRICO Display Devices Co., Ltd. | 48960 | $990,493 | $20.2307 |
| 2008 | 1 | Export | Russia | 6101319074 | IRICO Display Devices Co., Ltd. | 41664 | $875,977 | $21.0248 |
| 2008 | 1 | Export | Egypt | 6101319074 | IRICO Display Devices Co., Ltd. | 16008 | $390,159 | $24.3728 |
| 2008 | 1 | Export | Vietnam | 6101319074 | IRICO Display Devices Co., Ltd. | 5760 | $172,800 | $30.0000 |
| 2008 | 1 | Export | Kenya | 6101319074 | IRICO Display Devices Co., Ltd. | 5656 | $99,812 | $17.6471 |
| 2008 | 1 | Export | South Africa | 6101319074 | IRICO Display Devices Co., Ltd. | 5280 | $142,560 | $27.0000 |
| 2008 | 1 | Export | Vietnam | 6101319074 | IRICO Display Devices Co., Ltd. | 4800 | $144,000 | $30.0000 |
| 2008 | 1 | Export | Kenya | 6101319074 | IRICO Display Devices Co., Ltd. | 4600 | $71,300 | $15.5000 |
| 2008 | 1 | Export | Thailand | 6101319074 | IRICO Display Devices Co., Ltd. | 3168 | $91,928 | $29.0177 |
| 2008 | 1 | Export | Argentina | 6101319074 | IRICO Display Devices Co., Ltd. | 3072 | $172,032 | $56.0000 |
| 2008 | 1 | Export | Indonesia | 6101319074 | IRICO Display Devices Co., Ltd. | 30 | $945 | $31.5000 |
| 2008 | 1 | Export | Brazil | 6101319074 | IRICO Display Devices Co., Ltd. | 4 | $174 | $43.5000 |
| 2008 | 2 | Export | Thailand | 6104912068 | IRICO Group Electronics Company Limited | 2304 | $35,966 | $15.6102 |
| 2008 | 2 | Export | Turkey | 6101319074 | IRICO Display Devices Co., Ltd. | 131520 | $2,639,078 | $20.0660 |
| 2008 | 2 | Export | Russia | 6101319074 | IRICO Display Devices Co., Ltd. | 54736 | $1,235,327 | $22.5688 |
| 2008 | 2 | Export | India | 6101319074 | IRICO Display Devices Co., Ltd. | 31488 | $602,256 | $19.1265 |
| 2008 | 2 | Export | Argentina | 6101319074 | IRICO Display Devices Co., Ltd. | 29024 | $839,302 | $28.9175 |
| 2008 | 2 | Export | Egypt | 6101319074 | IRICO Display Devices Co., Ltd. | 8616 | $188,880 | $21.9220 |
| 2008 | 2 | Export | Indonesia | 6101319074 | IRICO Display Devices Co., Ltd. | 2304 | $35,712 | $15.5000 |
| 2008 | 2 | Export | Egypt | 6101319074 | IRICO Display Devices Co., Ltd. | 2112 | $57,024 | $27.0000 |
| 2008 | 2 | Export | Thailand | 6101319074 | IRICO Display Devices Co., Ltd. | 1992 | $57,512 | $28.8715 |
| 2008 | 2 | Export | Algeria | 6101319074 | IRICO Display Devices Co., Ltd. | 1360 | $38,512 | $28.3176 |
| 2008 | 2 | Export | South Africa | 6101319074 | IRICO Display Devices Co., Ltd. | 1056 | $29,040 | $27.5000 |
| 2008 | 2 | Export | Egypt | 6101319074 | IRICO Display Devices Co., Ltd. | 5 | $157 | $31.4000 |
| 2008 | 2 | Export | Japan | 6101319074 | IRICO Display Devices Co., Ltd. | 2 | $52 | $26.0000 |
| 2008 | 3 | Export | Kenya | 6104912068 | IRICO Group Electronics Company Limited | 6900 | $106,950 | $15.5000 |
| 2008 | 3 | Export | India | 6104912068 | IRICO Group Electronics Company Limited | 2304 | $36,634 | $15.9002 |
| 2008 | 3 | Export | Indonesia | 6104912068 | IRICO Group Electronics Company Limited | 2304 | $35,712 | $15.5000 |
| 2008 | 3 | Export | Thailand | 6104912068 | IRICO Group Electronics Company Limited | 2304 | $35,599 | $15.4510 |
| 2008 | 3 | Export | Turkey | 6101319074 | IRICO Display Devices Co., Ltd. | 113856 | $2,218,445 | $19.4847 |
| 2008 | 3 | Export | Russia | 6101319074 | IRICO Display Devices Co., Ltd. | 111264 | $2,412,241 | $21.6803 |
| 2008 | 3 | Export | South Africa | 6101319074 | IRICO Display Devices Co., Ltd. | 22176 | $609,840 | $27.5000 |
| 2008 | 3 | Export | Argentina | 6101319074 | IRICO Display Devices Co., Ltd. | 19520 | $543,574 | $27.8470 |
| 2008 | 3 | Export | Egypt | 6101319074 | IRICO Display Devices Co., Ltd. | 9480 | $249,792 | $26.3494 |
| 2008 | 3 | Export | India | 6101319074 | IRICO Display Devices Co., Ltd. | 8832 | $200,812 | $22.7369 |
| 2008 | 3 | Export | India | 6101319074 | IRICO Display Devices Co., Ltd. | 5472 | $127,162 | $23.2387 |
| 2008 | 3 | Export | Algeria | 6101319074 | IRICO Display Devices Co., Ltd. | 2304 | $35,712 | $15.5000 |
| 2008 | 3 | Export | Ukraine | 6101319074 | IRICO Display Devices Co., Ltd. | 2288 | $70,048 | $30.6154 |
| 2008 | 3 | Export | White Russia | 6101319074 | IRICO Display Devices Co., Ltd. | 2112 | $48,343 | $22.8897 |
| 2008 | 3 | Export | Kenya | 6101319074 | IRICO Display Devices Co., Ltd. | 1056 | $28,512 | $27.0000 |
| 2008 | 3 | Export | Egypt | 6101319074 | IRICO Display Devices Co., Ltd. | 1056 | $28,512 | $27.0000 |
| 2008 | 3 | Export | Thailand | 6101319074 | IRICO Display Devices Co., Ltd. | 4 | $170 | $42.5000 |
| 2008 | 3 | Export | Brazil | 6101319074 | IRICO Display Devices Co., Ltd. | 2 | $30 | $15.0000 |
| 2008 | 3 | Export | India | 6101319074 | IRICO Display Devices Co., Ltd. | 2 | $68 | $34.0000 |
| 2008 | 3 | Export | Japan | 6101319074 | IRICO Display Devices Co., Ltd. | 2 | $52 | $26.0000 |
| 2008 | 4 | Export | Indonesia | 6104912068 | IRICO Group Electronics Company Limited | 2304 | $36,634 | $15.9002 |
| 2008 | 4 | Export | Russia | 6101319074 | IRICO Display Devices Co., Ltd. | 44096 | $1,106,805 | $25.0999 |
| 2008 | 4 | Export | Turkey | 6101319074 | IRICO Display Devices Co., Ltd. | 32736 | $574,350 | $17.5449 |
| 2008 | 4 | Export | South Africa | 6101319074 | IRICO Display Devices Co., Ltd. | 28512 | $798,441 | $28.0037 |
| 2008 | 4 | Export | Egypt | 6101319074 | IRICO Display Devices Co., Ltd. | 28464 | $637,616 | $22.4008 |
| 2008 | 4 | Export | Argentina | 6101319074 | IRICO Display Devices Co., Ltd. | 27456 | $761,693 | $27.7423 |
| 2008 | 4 | Export | Indonesia | 6101319074 | IRICO Display Devices Co., Ltd. | 11808 | $310,262 | $26.2756 |
| 2008 | 4 | Export | Kenya | 6101319074 | IRICO Display Devices Co., Ltd. | 6712 | $128,324 | $19.1186 |
| 2008 | 4 | Export | India | 6101319074 | IRICO Display Devices Co., Ltd. | 4416 | $97,901 | $22.1696 |
| 2008 | 4 | Export | Indonesia | 6101319074 | IRICO Display Devices Co., Ltd. | 4224 | $92,867 | $21.9856 |
| 2008 | 4 | Export | Egypt | 6101319074 | IRICO Display Devices Co., Ltd. | 2304 | $35,712 | $15.5000 |
| 2008 | 4 | Export | India | 6101319074 | IRICO Display Devices Co., Ltd. | 1248 | $39,936 | $32.0000 |
| 2008 | 4 | Export | Hong Kong | 6101319074 | IRICO Display Devices Co., Ltd. | 1056 | $31,944 | $30.2500 |
| 2008 | 4 | Export | Turkey | 6101319074 | IRICO Display Devices Co., Ltd. | 6 | $141 | $23.5000 |
| 2008 | 4 | Export | Brazil | 6101319074 | IRICO Display Devices Co., Ltd. | 2 | $46 | $23.0000 |
| 2008 | 5 | Export | Russia | 6101319074 | IRICO Display Devices Co., Ltd. | 72080 | $1,975,256 | $27.4037 |
| 2008 | 5 | Export | South Africa | 6101319074 | IRICO Display Devices Co., Ltd. | 15840 | $448,272 | $28.3000 |
| 2008 | 5 | Export | Indonesia | 6101319074 | IRICO Display Devices Co., Ltd. | 11328 | $207,514 | $18.3187 |
| 2008 | 5 | Export | Egypt | 6101319074 | IRICO Display Devices Co., Ltd. | 10520 | $251,029 | $23.8621 |
| 2008 | 5 | Export | Argentina | 6101319074 | IRICO Display Devices Co., Ltd. | 9440 | $323,216 | $34.2390 |
| 2008 | 5 | Export | Kenya | 6101319074 | IRICO Display Devices Co., Ltd. | 5656 | $103,168 | $18.2405 |
| 2008 | 5 | Export | Algeria | 6101319074 | IRICO Display Devices Co., Ltd. | 3360 | $66,749 | $19.8658 |
| 2008 | 5 | Export | Kenya | 6101319074 | IRICO Display Devices Co., Ltd. | 3356 | $66,368 | $19.7759 |
| 2008 | 5 | Export | Ukraine | 6101319074 | IRICO Display Devices Co., Ltd. | 3184 | $85,476 | $26.8455 |
| 2008 | 5 | Export | Thailand | 6101319074 | IRICO Display Devices Co., Ltd. | 2304 | $37,179 | $16.1367 |
| 2008 | 5 | Export | India | 6101319074 | IRICO Display Devices Co., Ltd. | 2112 | $59,136 | $28.0000 |
| 2008 | 5 | Export | India | 6101319074 | IRICO Display Devices Co., Ltd. | 2112 | $67,584 | $32.0000 |
| 2008 | 5 | Export | Vietnam | 6101319074 | IRICO Display Devices Co., Ltd. | 2112 | $64,753 | $30.6596 |
| 2008 | 5 | Export | Egypt | 6101319074 | IRICO Display Devices Co., Ltd. | 2112 | $59,136 | $28.0000 |
| 2008 | 5 | Export | India | 6101319074 | IRICO Display Devices Co., Ltd. | 1056 | $29,568 | $28.0000 |

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

| Year | Month | Import/Export | Destination | Company Code | Company Name | Quantity | Total Prices (in USD) | Unit Price (in USD) |
|------|-------|---------------|-------------|--------------|--------------|----------|----------------------|---------------------|
| 2008 | 5 | Export | Brazil | 6101319074 | IRICO Display Devices Co., Ltd. | 16 | $960 | $60.0000 |
| 2008 | 5 | Export | Turkey | 6101319074 | IRICO Display Devices Co., Ltd. | 2 | $60 | $30.0000 |
| 2008 | 6 | Export | Russia | 6101319074 | IRICO Display Devices Co., Ltd. | 69440 | $1,527,123 | $21.9920 |
| 2008 | 6 | Export | Egypt | 6101319074 | IRICO Display Devices Co., Ltd. | 19392 | $497,835 | $25.6722 |
| 2008 | 6 | Export | Tunisia | 6101319074 | IRICO Display Devices Co., Ltd. | 9216 | $153,907 | $16.7000 |
| 2008 | 6 | Export | South Africa | 6101319074 | IRICO Display Devices Co., Ltd. | 7392 | $209,194 | $28.3001 |
| 2008 | 6 | Export | Thailand | 6101319074 | IRICO Display Devices Co., Ltd. | 2736 | $77,517 | $28.3322 |
| 2008 | 6 | Export | Algeria | 6101319074 | IRICO Display Devices Co., Ltd. | 2304 | $35,712 | $15.5000 |
| 2008 | 6 | Export | Algeria | 6101319074 | IRICO Display Devices Co., Ltd. | 2304 | $36,864 | $16.0000 |
| 2008 | 6 | Export | Brazil | 6101319074 | IRICO Display Devices Co., Ltd. | 1 | $15 | $15.0000 |
| 2008 | 7 | Export | Egypt | 6101319074 | IRICO Display Devices Co., Ltd. | 38208 | $1,074,161 | $28.1135 |
| 2008 | 7 | Export | Russia | 6101319074 | IRICO Display Devices Co., Ltd. | 26624 | $645,755 | $24.2546 |
| 2008 | 7 | Export | South Africa | 6101319074 | IRICO Display Devices Co., Ltd. | 22176 | $633,706 | $28.5762 |
| 2008 | 7 | Export | Thailand | 6101319074 | IRICO Display Devices Co., Ltd. | 15504 | $464,512 | $29.9608 |
| 2008 | 7 | Export | Thailand | 6101319074 | IRICO Display Devices Co., Ltd. | 12768 | $360,112 | $28.2043 |
| 2008 | 7 | Export | Argentina | 6101319074 | IRICO Display Devices Co., Ltd. | 10560 | $299,904 | $28.4000 |
| 2008 | 7 | Export | Algeria | 6101319074 | IRICO Display Devices Co., Ltd. | 4608 | $76,032 | $16.5000 |
| 2008 | 7 | Export | Kenya | 6101319074 | IRICO Display Devices Co., Ltd. | 4606 | $75,999 | $16.5000 |
| 2008 | 7 | Export | Kenya | 6101319074 | IRICO Display Devices Co., Ltd. | 4600 | $75,900 | $16.5000 |
| 2008 | 7 | Export | India | 6101319074 | IRICO Display Devices Co., Ltd. | 4416 | $97,517 | $22.0827 |
| 2008 | 7 | Export | Sudan | 6101319074 | IRICO Display Devices Co., Ltd. | 2304 | $38,016 | $16.5000 |
| 2008 | 7 | Export | Turkey | 6101319074 | IRICO Display Devices Co., Ltd. | 115 | $2,741 | $23.8348 |
| 2008 | 7 | Export | North Korea | 6101319074 | IRICO Display Devices Co., Ltd. | 2 | $62 | $31.0000 |
| 2008 | 7 | Export | Brazil | 6101319074 | IRICO Display Devices Co., Ltd. | 1 | $31 | $31.0000 |

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

| Import/Export | Date | Company Code | Company Name | Destination | Quantity | Total Prices (in USD) | Unit Price (in USD) |
|---|---|---|---|---|---|---|---|
| Export | 2007-1-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Algeria | 1390 | $39,505 | $28.4209 |
| Export | 2007-1-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Kenya | 528 | $14,256 | $27.0000 |
| Export | 2007-1-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Hong Kong | 864 | $43,632 | $50.5000 |
| Export | 2007-2-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Egypt | 4224 | $157,550 | $37.2988 |
| Export | 2007-2-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Hong Kong | 4032 | $130,287 | $32.3132 |
| Export | 2007-2-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 1312 | $35,734 | $27.2363 |
| Export | 2007-2-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Bulgaria | 1056 | $27,773 | $26.3002 |
| Export | 2007-2-1 | 6101319074 | IRICO Display Devices Co., Ltd. | India | 400 | $16,308 | $40.7700 |
| Export | 2007-3-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 16896 | $311,503 | $18.4365 |
| Export | 2007-3-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Egypt | 4224 | $106,719 | $25.2649 |
| Export | 2007-3-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Hong Kong | 576 | $22,302 | $38.7188 |
| Export | 2007-3-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Japan | 2 | $130 | $65.0000 |
| Export | 2007-4-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Turkey | 9504 | $235,699 | $24.8000 |
| Export | 2007-4-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Hong Kong | 840 | $26,861 | $31.9774 |
| Export | 2007-4-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 512 | $29,696 | $58.0000 |
| Export | 2007-4-1 | 6101319074 | IRICO Display Devices Co., Ltd. | India | 5 | $285 | $57.0000 |
| Export | 2007-4-1 | 6101319074 | IRICO Display Devices Co., Ltd. | North Korea | 4 | $232 | $58.0000 |
| Export | 2007-5-1 | 6101319074 | IRICO Display Devices Co., Ltd. | India | 400 | $11,040 | $27.6000 |
| Export | 2007-5-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 7392 | $177,408 | $24.0000 |
| Export | 2007-5-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Kenya | 2112 | $36,792 | $17.4205 |
| Export | 2007-5-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Egypt | 1728 | $65,664 | $38.0000 |
| Export | 2007-5-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Hong Kong | 576 | $28,224 | $49.0000 |
| Export | 2007-6-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Hong Kong | 2520 | $77,342 | $30.6913 |
| Export | 2007-6-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 1280 | $71,424 | $55.8000 |
| Export | 2007-6-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Argentina | 2 | $85 | $42.5000 |
| Export | 2007-6-1 | 6101319074 | IRICO Display Devices Co., Ltd. | India | 1 | $59 | $59.0000 |
| Export | 2007-7-1 | 6101319074 | IRICO Display Devices Co., Ltd. | India | 2 | $122 | $61.0000 |
| Export | 2007-7-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 6304 | $183,472 | $29.1041 |
| Export | 2007-7-1 | 6101319074 | IRICO Display Devices Co., Ltd. | South Africa | 5280 | $121,440 | $23.0000 |
| Export | 2007-7-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Egypt | 2304 | $87,552 | $38.0000 |
| Export | 2007-7-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Kenya | 2112 | $32,515 | $15.3954 |
| Export | 2007-8-1 | 6101319074 | IRICO Display Devices Co., Ltd. | South Africa | 22176 | $521,664 | $23.5238 |
| Export | 2007-8-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 9504 | $224,928 | $23.6667 |
| Export | 2007-8-1 | 6101319074 | IRICO Display Devices Co., Ltd. | India | 2113 | $51,352 | $24.3029 |
| Export | 2007-8-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Hong Kong | 1680 | $53,009 | $31.5530 |
| Export | 2007-8-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Egypt | 1152 | $43,776 | $38.0000 |
| Export | 2007-9-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Tunisia | 1056 | $21,098 | $19.9792 |
| Export | 2007-9-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Turkey | 35904 | $866,764 | $24.1412 |
| Export | 2007-9-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 26368 | $668,556 | $25.3548 |
| Export | 2007-9-1 | 6101319074 | IRICO Display Devices Co., Ltd. | South Africa | 20064 | $481,536 | $24.0000 |
| Export | 2007-9-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Egypt | 2880 | $109,440 | $38.0000 |
| Export | 2007-9-1 | 6101319074 | IRICO Display Devices Co., Ltd. | India | 1056 | $26,400 | $25.0000 |
| Export | 2007-9-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Kenya | 1056 | $13,949 | $13.2093 |
| Export | 2007-9-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Argentina | 2048 | $99,511 | $48.5894 |
| Export | 2007-9-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Argentina | 1 | $51 | $51.0000 |
| Export | 2007-10-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 44320 | $967,669 | $21.8337 |
| Export | 2007-10-1 | 6101319074 | IRICO Display Devices Co., Ltd. | South Africa | 13728 | $342,144 | $24.9231 |
| Export | 2007-10-1 | 6101319074 | IRICO Display Devices Co., Ltd. | India | 1896 | $55,380 | $29.2089 |
| Export | 2007-10-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Japan | 2 | $44 | $22.0000 |
| Export | 2007-10-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Argentina | 1 | $58 | $58.0000 |
| Export | 2007-10-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Turkey | 20064 | $430,015 | $21.4322 |
| Export | 2007-10-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Turkey | 8 | $178 | $22.2500 |
| Export | 2007-11-1 | 6101319074 | IRICO Display Devices Co., Ltd. | South Africa | 10560 | $274,560 | $26.0000 |
| Export | 2007-11-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 3168 | $66,492 | $20.9886 |
| Export | 2007-11-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Argentina | 2560 | $142,336 | $55.6000 |
| Export | 2007-11-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Egypt | 2016 | $52,992 | $26.2857 |
| Export | 2007-11-1 | 6101319074 | IRICO Display Devices Co., Ltd. | India | 1680 | $57,960 | $34.5000 |
| Export | 2007-11-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Turkey | 33792 | $845,707 | $25.0268 |
| Export | 2007-11-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Turkey | 24 | $617 | $25.7083 |
| Export | 2007-12-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 20928 | $528,557 | $25.2560 |
| Export | 2007-12-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Egypt | 5280 | $147,014 | $27.8436 |
| Export | 2007-12-1 | 6101319074 | IRICO Display Devices Co., Ltd. | South Africa | 5280 | $142,560 | $27.0000 |
| Export | 2007-12-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Kenya | 1056 | $27,984 | $26.5000 |
| Export | 2007-12-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Argentina | 1026 | $53,681 | $52.3207 |
| Export | 2007-12-1 | 6101319074 | IRICO Display Devices Co., Ltd. | India | 18264 | $477,223 | $26.1292 |
| Export | 2007-12-1 | 6101319074 | IRICO Display Devices Co., Ltd. | India | 2 | $56 | $28.0000 |
| Export | 2007-12-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Turkey | 73368 | $1,832,166 | $24.9723 |
| Export | 2007-12-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Turkey | 1 | $56 | $56.0000 |
| Export | 2007-1-1 | 6104912068 | IRICO Group Electronics Company Limited | Egypt | 4608 | $76,032 | $16.5000 |
| Export | 2007-1-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 6912 | $112,666 | $16.3001 |
| Export | 2007-1-1 | 6104912068 | IRICO Group Electronics Company Limited | Kenya | 2736 | $50,933 | $18.6159 |
| Export | 2007-1-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 2304 | $37,464 | $16.2604 |
| Export | 2007-1-1 | 6104912068 | IRICO Group Electronics Company Limited | Jordan | 1008 | $16,733 | $16.6002 |
| Export | 2007-2-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 41520 | $1,130,866 | $27.2367 |
| Export | 2007-2-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 23040 | $735,144 | $31.9073 |
| Export | 2007-2-1 | 6104912068 | IRICO Group Electronics Company Limited | Ukraine | 18624 | $550,264 | $29.5460 |
| Export | 2007-2-1 | 6104912068 | IRICO Group Electronics Company Limited | Egypt | 3312 | $123,534 | $37.2989 |
| Export | 2007-2-1 | 6104912068 | IRICO Group Electronics Company Limited | Kenya | 2304 | $35,712 | $15.5000 |

**CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

| Import/Export | Date | Company Code | Company Name | Destination | Quantity | Total Prices (in USD) | Unit Price (in USD) |
|---|---|---|---|---|---|---|---|
| Export | 2007-2-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 1418 | $57,815 | $40.7722 |
| Export | 2007-2-1 | 6104912068 | IRICO Group Electronics Company Limited | Italy | 4 | $173 | $43.2500 |
| Export | 2007-3-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 84480 | $1,557,515 | $18.4365 |
| Export | 2007-3-1 | 6104912068 | IRICO Group Electronics Company Limited | Ukraine | 10560 | $332,839 | $31.5188 |
| Export | 2007-3-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 9216 | $317,552 | $34.4566 |
| Export | 2007-3-1 | 6104912068 | IRICO Group Electronics Company Limited | Kenya | 6912 | $103,680 | $15.0000 |
| Export | 2007-3-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 4608 | $182,301 | $39.5618 |
| Export | 2007-3-1 | 6104912068 | IRICO Group Electronics Company Limited | Czech Public | 4608 | $71,424 | $15.5000 |
| Export | 2007-3-1 | 6104912068 | IRICO Group Electronics Company Limited | Egypt | 3312 | $83,677 | $25.2648 |
| Export | 2007-3-1 | 6104912068 | IRICO Group Electronics Company Limited | Colombia | 2304 | $34,560 | $15.0000 |
| Export | 2007-3-1 | 6104912068 | IRICO Group Electronics Company Limited | Thailand | 1920 | $91,211 | $47.5057 |
| Export | 2007-4-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 32256 | $512,803 | $15.8979 |
| Export | 2007-4-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 48384 | $999,207 | $20.6516 |
| Export | 2007-4-1 | 6104912068 | IRICO Group Electronics Company Limited | Kenya | 13800 | $205,160 | $14.8667 |
| Export | 2007-4-1 | 6104912068 | IRICO Group Electronics Company Limited | Thailand | 24 | $369 | $15.3750 |
| Export | 2007-4-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 10 | $300 | $30.0000 |
| Export | 2007-4-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 20736 | $304,819 | $14.7000 |
| Export | 2007-4-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 4608 | $68,198 | $14.7999 |
| Export | 2007-5-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 14832 | $236,078 | $15.9168 |
| Export | 2007-5-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 2304 | $34,099 | $14.7999 |
| Export | 2007-5-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 32 | $594 | $18.5625 |
| Export | 2007-5-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 41472 | $584,756 | $14.1000 |
| Export | 2007-5-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 24 | $338 | $14.0833 |
| Export | 2007-5-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 36144 | $569,554 | $15.7579 |
| Export | 2007-5-1 | 6104912068 | IRICO Group Electronics Company Limited | Thailand | 6912 | $101,875 | $14.7389 |
| Export | 2007-5-1 | 6104912068 | IRICO Group Electronics Company Limited | Egypt | 6912 | $102,761 | $14.8670 |
| Export | 2007-5-1 | 6104912068 | IRICO Group Electronics Company Limited | Kenya | 4600 | $80,135 | $17.4207 |
| Export | 2007-5-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 2304 | $33,046 | $14.3429 |
| Export | 2007-5-1 | 6104912068 | IRICO Group Electronics Company Limited | South Africa | 960 | $13,920 | $14.5000 |
| Export | 2007-6-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 41472 | $584,755 | $14.1000 |
| Export | 2007-6-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 29344 | $511,440 | $17.4291 |
| Export | 2007-6-1 | 6104912068 | IRICO Group Electronics Company Limited | Kenya | 13800 | $198,720 | $14.4000 |
| Export | 2007-6-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 9216 | $133,199 | $14.4530 |
| Export | 2007-6-1 | 6104912068 | IRICO Group Electronics Company Limited | Thailand | 6912 | $102,080 | $14.7685 |
| Export | 2007-6-1 | 6104912068 | IRICO Group Electronics Company Limited | Indonesia | 2304 | $34,099 | $14.7999 |
| Export | 2007-6-1 | 6104912068 | IRICO Group Electronics Company Limited | Colombia | 2304 | $33,178 | $14.4002 |
| Export | 2007-6-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 40968 | $643,679 | $15.7118 |
| Export | 2007-6-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 4 | $84 | $21.0000 |
| Export | 2007-6-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 62 | $2,182 | $35.1936 |
| Export | 2007-7-1 | 6104912068 | IRICO Group Electronics Company Limited | Indonesia | 2304 | $34,099 | $14.7999 |
| Export | 2007-7-1 | 6104912068 | IRICO Group Electronics Company Limited | Pakistan | 2304 | $33,869 | $14.7001 |
| Export | 2007-7-1 | 6104912068 | IRICO Group Electronics Company Limited | Colombia | 2304 | $33,869 | $14.7001 |
| Export | 2007-7-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 44752 | $852,989 | $19.0604 |
| Export | 2007-7-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 20696 | $365,910 | $17.6802 |
| Export | 2007-7-1 | 6104912068 | IRICO Group Electronics Company Limited | Kenya | 13812 | $212,645 | $15.3957 |
| Export | 2007-7-1 | 6104912068 | IRICO Group Electronics Company Limited | Ukraine | 11520 | $167,040 | $14.5000 |
| Export | 2007-7-1 | 6104912068 | IRICO Group Electronics Company Limited | Thailand | 6912 | $101,875 | $14.7389 |
| Export | 2007-8-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 26112 | $479,616 | $18.3676 |
| Export | 2007-8-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 23113 | $409,600 | $17.7216 |
| Export | 2007-8-1 | 6104912068 | IRICO Group Electronics Company Limited | Kenya | 9216 | $132,710 | $14.4000 |
| Export | 2007-8-1 | 6104912068 | IRICO Group Electronics Company Limited | Tunisia | 1488 | $29,729 | $19.9792 |
| Export | 2007-8-1 | 6104912068 | IRICO Group Electronics Company Limited | Germany | 3 | $69 | $23.0000 |
| Export | 2007-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 80640 | $1,169,280 | $14.5000 |
| Export | 2007-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 65984 | $1,115,894 | $16.9116 |
| Export | 2007-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Kenya | 16128 | $213,047 | $13.2098 |
| Export | 2007-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Tunisia | 4608 | $67,738 | $14.7001 |
| Export | 2007-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Czech Public | 3312 | $49,018 | $14.8001 |
| Export | 2007-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Bengal | 2304 | $33,178 | $14.4002 |
| Export | 2007-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Indonesia | 2304 | $34,099 | $14.7999 |
| Export | 2007-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Colombia | 2304 | $33,178 | $14.4002 |
| Export | 2007-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Argentina | 960 | $25,440 | $26.5000 |
| Export | 2007-9-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 5584 | $113,604 | $20.3446 |
| Export | 2007-9-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 13824 | $179,929 | $13.0157 |
| Export | 2007-9-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 12 | $711 | $59.2500 |
| Export | 2007-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 71248 | $1,225,164 | $17.1958 |
| Export | 2007-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Kenya | 16128 | $241,459 | $14.9714 |
| Export | 2007-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 2880 | $78,414 | $27.2271 |
| Export | 2007-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Thailand | 2880 | $82,030 | $28.4826 |
| Export | 2007-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Malaysia | 800 | $22,880 | $28.6000 |
| Export | 2007-10-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 58656 | $847,311 | $14.4454 |
| Export | 2007-10-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 48 | $1,646 | $34.2917 |
| Export | 2007-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 99072 | $1,265,332 | $12.7718 |
| Export | 2007-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 18432 | $249,922 | $13.5591 |
| Export | 2007-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 8 | $199 | $24.8750 |
| Export | 2007-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Argentina | 1920 | $45,349 | $23.6193 |
| Export | 2007-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Argentina | 1 | $24 | $24.0000 |
| Export | 2007-11-1 | 6104912068 | IRICO Group Electronics Company Limited | Ukraine | 22464 | $572,701 | $25.4942 |
| Export | 2007-11-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 16528 | $346,903 | $20.9888 |

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

| Import/Export | Date | Company Code | Company Name | Destination | Quantity | Total Prices (in USD) | Unit Price (in USD) |
|---|---|---|---|---|---|---|---|
| Export | 2007-11-1 | 6104912068 | IRICO Group Electronics Company Limited | Malaysia | 2592 | $72,755 | $28.0691 |
| Export | 2007-11-1 | 6104912068 | IRICO Group Electronics Company Limited | Colombia | 2304 | $35,049 | $15.2122 |
| Export | 2007-11-1 | 6104912068 | IRICO Group Electronics Company Limited | Egypt | 1008 | $15,624 | $15.5000 |
| Export | 2007-11-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 38400 | $774,130 | $20.1596 |
| Export | 2007-11-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 6 | $142 | $23.6667 |
| Export | 2007-11-1 | 6104912068 | IRICO Group Electronics Company Limited | Thailand | 2880 | $80,743 | $28.0358 |
| Export | 2007-11-1 | 6104912068 | IRICO Group Electronics Company Limited | Thailand | 2 | $57 | $28.5000 |
| Export | 2007-11-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 112896 | $1,657,495 | $14.6816 |
| Export | 2007-11-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 24 | $688 | $28.6667 |
| Export | 2007-12-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 44176 | $859,904 | $19.4654 |
| Export | 2007-12-1 | 6104912068 | IRICO Group Electronics Company Limited | Egypt | 7392 | $120,451 | $16.2948 |
| Export | 2007-12-1 | 6104912068 | IRICO Group Electronics Company Limited | Kenya | 5568 | $100,224 | $18.0000 |
| Export | 2007-12-1 | 6104912068 | IRICO Group Electronics Company Limited | Ukraine | 4872 | $78,960 | $16.2069 |
| Export | 2007-12-1 | 6104912068 | IRICO Group Electronics Company Limited | Iran | 4608 | $71,424 | $15.5000 |
| Export | 2007-12-1 | 6104912068 | IRICO Group Electronics Company Limited | Nigeria | 2304 | $37,094 | $16.0998 |
| Export | 2007-12-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 10368 | $223,695 | $21.5755 |
| Export | 2007-12-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 8 | $187 | $23.3750 |
| Export | 2007-12-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 161832 | $3,094,780 | $19.1234 |
| Export | 2007-12-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 3 | $72 | $24.0000 |

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

| Import/Export | Date | Company Code | Company Name | Destination | Quantity | Total Prices (in USD) | Unit Price (in USD) |
|---|---|---|---|---|---|---|---|
| Export | 2006-12-1 | 6104912068 | IRICO Group Electronics Company Limited | Portugal | 20016 | $330,264 | $16.5000 |
| Export | 2006-12-1 | 6104912068 | IRICO Group Electronics Company Limited | Ukraine | 4224 | $99,467 | $23.5481 |
| Export | 2006-12-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 5568 | $108,614 | $19.5068 |
| Export | 2006-12-1 | 6104912068 | IRICO Group Electronics Company Limited | Germany | 12 | $396 | $33.0000 |
| Export | 2006-12-1 | 6104912068 | IRICO Group Electronics Company Limited | Egypt | 2304 | $37,555 | $16.2999 |
| Export | 2006-12-1 | 6104912068 | IRICO Group Electronics Company Limited | Egypt | 400 | $13,200 | $33.0000 |
| Export | 2006-12-1 | 6104912068 | IRICO Group Electronics Company Limited | Egypt | 1 | $18 | $18.0000 |
| Export | 2006-12-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 14400 | $352,436 | $24.4747 |
| Export | 2006-12-1 | 6104912068 | IRICO Group Electronics Company Limited | Kenya | 4608 | $76,032 | $16.5000 |
| Export | 2006-12-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Hong Kong | 2832 | $120,696 | $42.6186 |
| Export | 2006-12-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Egypt | 3168 | $89,971 | $28.3999 |
| Export | 2006-12-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 4224 | $116,160 | $27.5000 |
| Export | 2006-11-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Lithuania | 64 | $4,070 | $63.5938 |
| Export | 2006-11-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Hong Kong | 4320 | $192,384 | $44.5333 |
| Export | 2006-11-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Egypt | 1056 | $29,568 | $28.0000 |
| Export | 2006-11-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Turkey | 30624 | $845,223 | $27.6000 |
| Export | 2006-11-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 3168 | $84,480 | $26.6667 |
| Export | 2006-11-1 | 6104912068 | IRICO Group Electronics Company Limited | Ukraine | 11520 | $190,080 | $16.5000 |
| Export | 2006-11-1 | 6104912068 | IRICO Group Electronics Company Limited | Lithuania | 2 | $66 | $33.0000 |
| Export | 2006-11-1 | 6104912068 | IRICO Group Electronics Company Limited | Egypt | 7920 | $131,472 | $16.6000 |
| Export | 2006-11-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 41472 | $638,669 | $15.4000 |
| Export | 2006-11-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 4800 | $164,910 | $34.3563 |
| Export | 2006-11-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 43488 | $1,031,601 | $23.7215 |
| Export | 2006-10-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Lithuania | 1024 | $68,161 | $66.5635 |
| Export | 2006-10-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Hong Kong | 576 | $30,528 | $53.0000 |
| Export | 2006-10-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Egypt | 2304 | $89,856 | $39.0000 |
| Export | 2006-10-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 30624 | $817,616 | $26.6985 |
| Export | 2006-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Lithuania | 4224 | $105,857 | $25.0608 |
| Export | 2006-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 4608 | $75,472 | $16.3785 |
| Export | 2006-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Japan | 2 | $54 | $27.0000 |
| Export | 2006-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 105984 | $1,597,975 | $15.0775 |
| Export | 2006-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 43584 | $927,934 | $21.2907 |
| Export | 2006-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Kenya | 4608 | $76,032 | $16.5000 |
| Export | 2006-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Ukraine | 6144 | $166,386 | $27.0811 |
| Export | 2006-10-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 1008 | $16,934 | $16.7996 |
| Export | 2006-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Jordan | 96 | $2,592 | $27.0000 |
| Export | 2006-9-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Egypt | 672 | $22,848 | $34.0000 |
| Export | 2006-9-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Hong Kong | 1056 | $28,180 | $26.6856 |
| Export | 2006-9-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Lithuania | 448 | $30,072 | $67.1250 |
| Export | 2006-9-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 7896 | $253,252 | $32.0735 |
| Export | 2006-9-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 18432 | $293,069 | $15.9000 |
| Export | 2006-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 1310 | $21,895 | $16.7137 |
| Export | 2006-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Lithuania | 3072 | $86,004 | $27.9961 |
| Export | 2006-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Kenya | 2304 | $37,555 | $16.2999 |
| Export | 2006-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 99072 | $1,481,127 | $14.9500 |
| Export | 2006-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 40128 | $988,458 | $24.6326 |
| Export | 2006-8-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Ukraine | 512 | $32,590 | $63.6523 |
| Export | 2006-8-1 | 6101319074 | IRICO Display Devices Co., Ltd. | India | 480 | $12,960 | $27.0000 |
| Export | 2006-8-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Hong Kong | 1056 | $27,720 | $26.2500 |
| Export | 2006-8-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 7080 | $312,470 | $44.1342 |
| Export | 2006-8-1 | 6104912068 | IRICO Group Electronics Company Limited | Ukraine | 3264 | $67,439 | $20.6615 |
| Export | 2006-8-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 3504 | $66,643 | $19.0191 |
| Export | 2006-8-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 6912 | $112,004 | $16.2043 |
| Export | 2006-8-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 2304 | $29,752 | $12.9132 |
| Export | 2006-8-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 36096 | $865,000 | $23.9639 |
| Export | 2006-8-1 | 6104912068 | IRICO Group Electronics Company Limited | Lithuania | 2112 | $51,628 | $24.4451 |
| Export | 2006-7-1 | 6101530001 | Xian Irico Display Technology Co., Ltd. | India | 13824 | $219,801 | $15.9000 |
| Export | 2006-7-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Hong Kong | 840 | $28,812 | $34.3000 |
| Export | 2006-7-1 | 6101319074 | IRICO Display Devices Co., Ltd. | India | 8 | $300 | $37.5000 |
| Export | 2006-7-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Estonia | 6336 | $167,904 | $26.5000 |
| Export | 2006-7-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 672 | $28,607 | $42.5699 |
| Export | 2006-7-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 2112 | $55,968 | $26.5000 |
| Export | 2006-7-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 2 | $44 | $22.0000 |
| Export | 2006-7-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 13824 | $222,986 | $16.1304 |
| Export | 2006-7-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 8 | $154 | $19.2500 |
| Export | 2006-7-1 | 6104912068 | IRICO Group Electronics Company Limited | White Russia | 4 | $100 | $25.0000 |
| Export | 2006-7-1 | 6104912068 | IRICO Group Electronics Company Limited | Egypt | 4608 | $73,728 | $16.0000 |
| Export | 2006-7-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 31488 | $580,539 | $18.4368 |
| Export | 2006-7-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 96768 | $1,441,843 | $14.9000 |
| Export | 2006-6-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Hong Kong | 1056 | $28,017 | $26.5313 |
| Export | 2006-6-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Turkey | 20455 | $512,155 | $25.0381 |
| Export | 2006-6-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Bengal | 528 | $13,992 | $26.5000 |
| Export | 2006-6-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Lithuania | 1024 | $69,799 | $68.1631 |
| Export | 2006-6-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Lithuania | 1024 | $69,591 | $67.9600 |
| Export | 2006-6-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 3136 | $121,082 | $38.6103 |
| Export | 2006-6-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 4608 | $74,650 | $16.2001 |
| Export | 2006-6-1 | 6104912068 | IRICO Group Electronics Company Limited | Lithuania | 10944 | $337,986 | $30.8832 |
| Export | 2006-6-1 | 6104912068 | IRICO Group Electronics Company Limited | Kenya | 4608 | $73,728 | $16.0000 |

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

| Import/Export | Date | Company Code | Company Name | Destination | Quantity | Total Prices (in USD) | Unit Price (in USD) |
|---|---|---|---|---|---|---|---|
| Export | 2006-6-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 31872 | $755,304 | $23.6980 |
| Export | 2006-6-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 6912 | $110,635 | $16.0062 |
| Export | 2006-6-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 104308 | $1,552,925 | $14.8879 |
| Export | 2006-6-1 | 6104912068 | IRICO Group Electronics Company Limited | Bengal | 1152 | $18,432 | $16.0000 |
| Export | 2006-6-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 13824 | $221,184 | $16.0000 |
| Export | 2006-5-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 1568 | $64,066 | $40.8584 |
| Export | 2006-5-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Turkey | 10560 | $268,014 | $25.3801 |
| Export | 2006-5-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 27648 | $444,672 | $16.0833 |
| Export | 2006-5-1 | 6104912068 | IRICO Group Electronics Company Limited | Bengal | 2304 | $37,927 | $16.4614 |
| Export | 2006-5-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 5616 | $90,864 | $16.1795 |
| Export | 2006-5-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 57838 | $861,373 | $14.8929 |
| Export | 2006-5-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 2016 | $26,008 | $12.9008 |
| Export | 2006-4-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 3856 | $161,104 | $41.7801 |
| Export | 2006-4-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Egypt | 4512 | $180,480 | $40.0000 |
| Export | 2006-4-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Thailand | 2304 | $123,752 | $53.7118 |
| Export | 2006-4-1 | 6104912068 | IRICO Group Electronics Company Limited | Thailand | 1920 | $66,398 | $34.5823 |
| Export | 2006-4-1 | 6104912068 | IRICO Group Electronics Company Limited | Ukraine | 11520 | $186,624 | $16.2000 |
| Export | 2006-4-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 5952 | $176,544 | $29.6613 |
| Export | 2006-4-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 13632 | $333,606 | $24.4723 |
| Export | 2006-4-1 | 6104912068 | IRICO Group Electronics Company Limited | Bengal | 2304 | $37,325 | $16.2001 |
| Export | 2006-4-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 9216 | $149,300 | $16.2001 |
| Export | 2006-3-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Lithuania | 3168 | $87,120 | $27.5000 |
| Export | 2006-3-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Germany | 72 | $4,465 | $62.0139 |
| Export | 2006-3-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Thailand | 576 | $32,995 | $57.2830 |
| Export | 2006-3-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Egypt | 488 | $14,141 | $28.9775 |
| Export | 2006-3-1 | 6104912068 | IRICO Group Electronics Company Limited | Egypt | 5664 | $96,288 | $17.0000 |
| Export | 2006-3-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 6720 | $133,814 | $19.9128 |
| Export | 2006-3-1 | 6104912068 | IRICO Group Electronics Company Limited | Lithuania | 4032 | $119,040 | $29.5238 |
| Export | 2006-3-1 | 6104912068 | IRICO Group Electronics Company Limited | Thailand | 2080 | $64,654 | $31.0837 |
| Export | 2006-3-1 | 6104912068 | IRICO Group Electronics Company Limited | Argentina | 1 | $27 | $27.0000 |
| Export | 2006-3-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 2016 | $26,008 | $12.9008 |
| Export | 2006-2-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 1024 | $67,584 | $66.0000 |
| Export | 2006-2-1 | 6104912068 | IRICO Group Electronics Company Limited | Indonesia | 1008 | $18,144 | $18.0000 |
| Export | 2006-2-1 | 6104912068 | IRICO Group Electronics Company Limited | White Russia | 1 | $25 | $25.0000 |
| Export | 2006-2-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 22752 | $523,575 | $23.0123 |
| Export | 2006-2-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 2016 | $34,272 | $17.0000 |
| Export | 2006-2-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 4608 | $78,641 | $17.0662 |
| Export | 2006-1-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Lithuania | 3840 | $155,232 | $40.4250 |
| Export | 2006-1-1 | 6104912068 | IRICO Group Electronics Company Limited | White Russia | 4224 | $111,743 | $26.4543 |
| Export | 2006-1-1 | 6104912068 | IRICO Group Electronics Company Limited | Lithuania | 960 | $33,600 | $35.0000 |
| Export | 2006-1-1 | 6104912068 | IRICO Group Electronics Company Limited | Ukraine | 8640 | $244,944 | $28.3500 |
| Export | 2006-1-1 | 6104912068 | IRICO Group Electronics Company Limited | Japan | 9 | $490 | $54.4444 |
| Export | 2006-1-1 | 6104912068 | IRICO Group Electronics Company Limited | Thailand | 48 | $1,260 | $26.2500 |
| Export | 2006-12-1 | 6104912068 | IRICO Group Electronics Company Limited | Portugal | 20016 | $330,264 | $16.5000 |
| Export | 2006-12-1 | 6104912068 | IRICO Group Electronics Company Limited | Ukraine | 4224 | $99,467 | $23.5481 |
| Export | 2006-12-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 5568 | $108,614 | $19.5068 |
| Export | 2006-12-1 | 6104912068 | IRICO Group Electronics Company Limited | Germany | 12 | $396 | $33.0000 |
| Export | 2006-12-1 | 6104912068 | IRICO Group Electronics Company Limited | Egypt | 2304 | $37,555 | $16.2999 |
| Export | 2006-12-1 | 6104912068 | IRICO Group Electronics Company Limited | Egypt | 400 | $13,200 | $33.0000 |
| Export | 2006-12-1 | 6104912068 | IRICO Group Electronics Company Limited | Egypt | 1 | $18 | $18.0000 |
| Export | 2006-12-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 14400 | $352,436 | $24.4747 |
| Export | 2006-12-1 | 6104912068 | IRICO Group Electronics Company Limited | Kenya | 4608 | $76,032 | $16.5000 |
| Export | 2006-12-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Hong Kong | 2832 | $120,696 | $42.6186 |
| Export | 2006-12-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Egypt | 3168 | $89,971 | $28.3999 |
| Export | 2006-12-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 4224 | $116,160 | $27.5000 |
| Export | 2006-11-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Lithuania | 64 | $4,070 | $63.5938 |
| Export | 2006-11-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Hong Kong | 4320 | $192,384 | $44.5333 |
| Export | 2006-11-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Egypt | 1056 | $29,568 | $28.0000 |
| Export | 2006-11-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Turkey | 30624 | $845,223 | $27.6000 |
| Export | 2006-11-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 3168 | $84,480 | $26.6667 |
| Export | 2006-11-1 | 6104912068 | IRICO Group Electronics Company Limited | Ukraine | 11520 | $190,080 | $16.5000 |
| Export | 2006-11-1 | 6104912068 | IRICO Group Electronics Company Limited | Lithuania | 2 | $66 | $33.0000 |
| Export | 2006-11-1 | 6104912068 | IRICO Group Electronics Company Limited | Egypt | 7920 | $131,472 | $16.6000 |
| Export | 2006-11-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 41472 | $638,669 | $15.4000 |
| Export | 2006-11-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 4800 | $164,910 | $34.3563 |
| Export | 2006-11-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 43488 | $1,031,601 | $23.7215 |
| Export | 2006-10-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Lithuania | 1024 | $68,161 | $66.5635 |
| Export | 2006-10-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Hong Kong | 576 | $30,528 | $53.0000 |
| Export | 2006-10-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Egypt | 2304 | $89,856 | $39.0000 |
| Export | 2006-10-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 30624 | $817,616 | $26.6985 |
| Export | 2006-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Lithuania | 4224 | $105,857 | $25.0608 |
| Export | 2006-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 4608 | $75,472 | $16.3785 |
| Export | 2006-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Japan | 2 | $54 | $27.0000 |
| Export | 2006-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 105984 | $1,597,975 | $15.0775 |
| Export | 2006-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 43584 | $927,934 | $21.2907 |
| Export | 2006-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Kenya | 4608 | $76,032 | $16.5000 |
| Export | 2006-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Ukraine | 6144 | $166,386 | $27.0811 |
| Export | 2006-10-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 1008 | $16,934 | $16.7996 |

**CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

IRICO-00007

| Import/Export | Date | Company Code | Company Name | Destination | Quantity | Total Prices (in USD) | Unit Price (in USD) |
|---|---|---|---|---|---|---|---|
| Export | 2006-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Jordan | 96 | $2,592 | $27.0000 |
| Export | 2006-9-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Egypt | 672 | $22,848 | $34.0000 |
| Export | 2006-9-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Hong Kong | 1056 | $28,180 | $26.6856 |
| Export | 2006-9-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Lithuania | 448 | $30,072 | $67.1250 |
| Export | 2006-9-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 7896 | $253,252 | $32.0735 |
| Export | 2006-9-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 18432 | $293,069 | $15.9000 |
| Export | 2006-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 1310 | $21,895 | $16.7137 |
| Export | 2006-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Lithuania | 3072 | $86,004 | $27.9961 |
| Export | 2006-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Kenya | 2304 | $37,555 | $16.2999 |
| Export | 2006-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 99072 | $1,481,127 | $14.9500 |
| Export | 2006-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 40128 | $988,458 | $24.6326 |
| Export | 2006-8-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Ukraine | 512 | $32,590 | $63.6523 |
| Export | 2006-8-1 | 6101319074 | IRICO Display Devices Co., Ltd. | India | 480 | $12,960 | $27.0000 |
| Export | 2006-8-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Hong Kong | 1056 | $27,720 | $26.2500 |
| Export | 2006-8-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 7080 | $312,470 | $44.1342 |
| Export | 2006-8-1 | 6104912068 | IRICO Group Electronics Company Limited | Ukraine | 3264 | $67,439 | $20.6615 |
| Export | 2006-8-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 3504 | $66,643 | $19.0191 |
| Export | 2006-8-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 6912 | $112,004 | $16.2043 |
| Export | 2006-8-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 2304 | $29,752 | $12.9132 |
| Export | 2006-8-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 36096 | $865,000 | $23.9639 |
| Export | 2006-8-1 | 6104912068 | IRICO Group Electronics Company Limited | Lithuania | 2112 | $51,628 | $24.4451 |
| Export | 2006-7-1 | 6101530001 | Xian Irico Display Technology Co., Ltd. | India | 13824 | $219,801 | $15.9000 |
| Export | 2006-7-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Hong Kong | 840 | $28,812 | $34.3000 |
| Export | 2006-7-1 | 6101319074 | IRICO Display Devices Co., Ltd. | India | 8 | $300 | $37.5000 |
| Export | 2006-7-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Estonia | 6336 | $167,904 | $26.5000 |
| Export | 2006-7-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 672 | $28,607 | $42.5699 |
| Export | 2006-7-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 2112 | $55,968 | $26.5000 |
| Export | 2006-7-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 2 | $44 | $22.0000 |
| Export | 2006-7-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 13824 | $222,986 | $16.1304 |
| Export | 2006-7-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 8 | $154 | $19.2500 |
| Export | 2006-7-1 | 6104912068 | IRICO Group Electronics Company Limited | White Russia | 4 | $100 | $25.0000 |
| Export | 2006-7-1 | 6104912068 | IRICO Group Electronics Company Limited | Egypt | 4608 | $73,728 | $16.0000 |
| Export | 2006-7-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 31488 | $580,539 | $18.4368 |
| Export | 2006-7-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 96768 | $1,441,843 | $14.9000 |
| Export | 2006-6-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Hong Kong | 1056 | $28,017 | $26.5313 |
| Export | 2006-6-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Turkey | 20455 | $512,155 | $25.0381 |
| Export | 2006-6-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Bengal | 528 | $13,992 | $26.5000 |
| Export | 2006-6-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Lithuania | 1024 | $69,799 | $68.1631 |
| Export | 2006-6-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Lithuania | 1024 | $69,591 | $67.9600 |
| Export | 2006-6-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 3136 | $121,082 | $38.6103 |
| Export | 2006-6-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 4608 | $74,650 | $16.2001 |
| Export | 2006-6-1 | 6104912068 | IRICO Group Electronics Company Limited | Lithuania | 10944 | $337,986 | $30.8832 |
| Export | 2006-6-1 | 6104912068 | IRICO Group Electronics Company Limited | Kenya | 4608 | $73,728 | $16.0000 |
| Export | 2006-6-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 31872 | $755,304 | $23.6980 |
| Export | 2006-6-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 6912 | $110,635 | $16.0062 |
| Export | 2006-6-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 104308 | $1,552,925 | $14.8879 |
| Export | 2006-6-1 | 6104912068 | IRICO Group Electronics Company Limited | Bengal | 1152 | $18,432 | $16.0000 |
| Export | 2006-6-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 13824 | $221,184 | $16.0000 |
| Export | 2006-5-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 1568 | $64,066 | $40.8584 |
| Export | 2006-5-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Turkey | 10560 | $268,014 | $25.3801 |
| Export | 2006-5-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 27648 | $444,672 | $16.0833 |
| Export | 2006-5-1 | 6104912068 | IRICO Group Electronics Company Limited | Bengal | 2304 | $37,927 | $16.4614 |
| Export | 2006-5-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 5616 | $90,864 | $16.1795 |
| Export | 2006-5-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 57838 | $861,373 | $14.8929 |
| Export | 2006-5-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 2016 | $26,008 | $12.9008 |
| Export | 2006-4-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 3856 | $161,104 | $41.7801 |
| Export | 2006-4-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Egypt | 4512 | $180,480 | $40.0000 |
| Export | 2006-4-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Thailand | 2304 | $123,752 | $53.7118 |
| Export | 2006-4-1 | 6104912068 | IRICO Group Electronics Company Limited | Thailand | 1920 | $66,398 | $34.5823 |
| Export | 2006-4-1 | 6104912068 | IRICO Group Electronics Company Limited | Ukraine | 11520 | $186,624 | $16.2000 |
| Export | 2006-4-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 5952 | $176,544 | $29.6613 |
| Export | 2006-4-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 13632 | $333,606 | $24.4723 |
| Export | 2006-4-1 | 6104912068 | IRICO Group Electronics Company Limited | Bengal | 2304 | $37,325 | $16.2001 |
| Export | 2006-4-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 9216 | $149,300 | $16.2001 |
| Export | 2006-3-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Lithuania | 3168 | $87,120 | $27.5000 |
| Export | 2006-3-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Germany | 72 | $4,465 | $62.0139 |
| Export | 2006-3-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Thailand | 576 | $32,995 | $57.2830 |
| Export | 2006-3-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Egypt | 488 | $14,141 | $28.9775 |
| Export | 2006-3-1 | 6104912068 | IRICO Group Electronics Company Limited | Egypt | 5664 | $96,288 | $17.0000 |
| Export | 2006-3-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 6720 | $133,814 | $19.9128 |
| Export | 2006-3-1 | 6104912068 | IRICO Group Electronics Company Limited | Lithuania | 4032 | $119,040 | $29.5238 |
| Export | 2006-3-1 | 6104912068 | IRICO Group Electronics Company Limited | Thailand | 2080 | $64,654 | $31.0837 |
| Export | 2006-3-1 | 6104912068 | IRICO Group Electronics Company Limited | Argentina | 1 | $27 | $27.0000 |
| Export | 2006-3-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 2016 | $26,008 | $12.9008 |
| Export | 2006-2-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 1024 | $67,584 | $66.0000 |
| Export | 2006-2-1 | 6104912068 | IRICO Group Electronics Company Limited | Indonesia | 1008 | $18,144 | $18.0000 |
| Export | 2006-2-1 | 6104912068 | IRICO Group Electronics Company Limited | White Russia | 1 | $25 | $25.0000 |
| Export | 2006-2-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 22752 | $523,575 | $23.0123 |

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

| Import/Export | Date | Company Code | Company Name | Destination | Quantity | Total Prices (in USD) | Unit Price (in USD) |
|---|---|---|---|---|---|---|---|
| Export | 2006-2-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 2016 | $34,272 | $17.0000 |
| Export | 2006-2-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 4608 | $78,641 | $17.0662 |
| Export | 2006-1-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Lithuania | 3840 | $155,232 | $40.4250 |
| Export | 2006-1-1 | 6104912068 | IRICO Group Electronics Company Limited | White Russia | 4224 | $111,743 | $26.4543 |
| Export | 2006-1-1 | 6104912068 | IRICO Group Electronics Company Limited | Lithuania | 960 | $33,600 | $35.0000 |
| Export | 2006-1-1 | 6104912068 | IRICO Group Electronics Company Limited | Ukraine | 8640 | $244,944 | $28.3500 |
| Export | 2006-1-1 | 6104912068 | IRICO Group Electronics Company Limited | Japan | 9 | $490 | $54.4444 |
| Export | 2006-1-1 | 6104912068 | IRICO Group Electronics Company Limited | Thailand | 48 | $1,260 | $26.2500 |

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

IRICO-00009

| Import/Export | Date | Company Code | Company Name | Destination | Quantity | Total Prices (in USD) | Unit Price (in USD) |
|---|---|---|---|---|---|---|---|
| Export | 2005-12-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Turkey | 50688 | $1,378,714 | $27.2000 |
| Export | 2005-12-1 | 6101319074 | IRICO Display Devices Co., Ltd. | White Russia | 1920 | $57,524 | $29.9604 |
| Export | 2005-12-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 3200 | $124,768 | $38.9900 |
| Export | 2005-12-1 | 6104912068 | IRICO Group Electronics Company Limited | Ukraine | 8640 | $298,080 | $34.5000 |
| Export | 2005-12-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 2016 | $28,024 | $13.9008 |
| Export | 2005-12-1 | 6104912068 | IRICO Group Electronics Company Limited | White Russia | 1 | $36 | $36.0000 |
| Export | 2005-12-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 62208 | $995,328 | $16.0000 |
| Export | 2005-12-1 | 6104912068 | IRICO Group Electronics Company Limited | White Russia | 4224 | $112,543 | $26.6437 |
| Export | 2005-12-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 17280 | $400,182 | $23.1587 |
| Export | 2005-11-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Thailand | 1152 | $66,025 | $57.3134 |
| Export | 2005-11-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Turkey | 48576 | $1,214,400 | $25.0000 |
| Export | 2005-11-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Egypt | 1056 | $28,512 | $27.0000 |
| Export | 2005-11-1 | 6101319074 | IRICO Display Devices Co., Ltd. | White Russia | 5280 | $157,936 | $29.9121 |
| Export | 2005-11-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 6336 | $156,288 | $24.6667 |
| Export | 2005-11-1 | 6104912068 | IRICO Group Electronics Company Limited | Thailand | 840 | $21,992 | $26.1810 |
| Export | 2005-11-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 66816 | $1,052,928 | $15.7586 |
| Export | 2005-11-1 | 6104912068 | IRICO Group Electronics Company Limited | Egypt | 2304 | $41,472 | $18.0000 |
| Export | 2005-11-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 40632 | $809,740 | $19.9286 |
| Export | 2005-11-1 | 6104912068 | IRICO Group Electronics Company Limited | Ukraine | 24048 | $726,120 | $30.1946 |
| Export | 2005-10-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Mexico | 3360 | $124,320 | $37.0000 |
| Export | 2005-10-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Romania | 2112 | $63,360 | $30.0000 |
| Export | 2005-10-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Thailand | 1152 | $66,625 | $57.8342 |
| Export | 2005-10-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Turkey | 31680 | $770,880 | $24.3333 |
| Export | 2005-10-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Egypt | 80 | $3,360 | $42.0000 |
| Export | 2005-10-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Egypt | 16 | $672 | $42.0000 |
| Export | 2005-10-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 38848 | $1,027,791 | $26.4567 |
| Export | 2005-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 5760 | $144,000 | $25.0000 |
| Export | 2005-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 5760 | $144,000 | $25.0000 |
| Export | 2005-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 4032 | $56,048 | $13.9008 |
| Export | 2005-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Japan | 4 | $240 | $60.0000 |
| Export | 2005-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Germany | 17 | $595 | $35.0000 |
| Export | 2005-10-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 7488 | $164,736 | $22.0000 |
| Export | 2005-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 20736 | $321,408 | $15.5000 |
| Export | 2005-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Egypt | 2304 | $40,320 | $17.5000 |
| Export | 2005-10-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 73392 | $1,280,040 | $17.4411 |
| Export | 2005-9-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Hong Kong | 552 | $13,248 | $24.0000 |
| Export | 2005-9-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Thailand | 7392 | $283,441 | $38.3443 |
| Export | 2005-9-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Turkey | 25344 | $582,912 | $23.0000 |
| Export | 2005-9-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Egypt | 408 | $9,792 | $24.0000 |
| Export | 2005-9-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 53760 | $1,315,589 | $24.4715 |
| Export | 2005-9-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Mexico | 3360 | $126,000 | $37.5000 |
| Export | 2005-9-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Hong Kong | 1056 | $26,200 | $24.8106 |
| Export | 2005-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Bengal | 2016 | $37,296 | $18.5000 |
| Export | 2005-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 2016 | $28,024 | $13.9008 |
| Export | 2005-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Thailand | 1 | $36 | $36.0000 |
| Export | 2005-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 4 | $120 | $30.0000 |
| Export | 2005-9-1 | 6104912068 | IRICO Group Electronics Company Limited | White Russia | 2 | $50 | $25.0000 |
| Export | 2005-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 1008 | $17,640 | $17.5000 |
| Export | 2005-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Bengal | 3264 | $72,493 | $22.2099 |
| Export | 2005-9-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 9792 | $212,544 | $21.7059 |
| Export | 2005-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Thailand | 2304 | $40,320 | $17.5000 |
| Export | 2005-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 78336 | $1,219,968 | $15.5735 |
| Export | 2005-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Egypt | 5656 | $99,504 | $17.5926 |
| Export | 2005-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 75960 | $1,394,914 | $18.3638 |
| Export | 2005-9-1 | 6104912068 | IRICO Group Electronics Company Limited | Ukraine | 5616 | $98,280 | $17.5000 |
| Export | 2005-8-1 | 6101530001 | Xian Irico Display Technology Co., Ltd. | Turkey | 9216 | $202,752 | $22.0000 |
| Export | 2005-8-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Romania | 2112 | $59,136 | $28.0000 |
| Export | 2005-8-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Hong Kong | 1056 | $26,728 | $25.3106 |
| Export | 2005-8-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Philippines | 400 | $9,600 | $24.0000 |
| Export | 2005-8-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Thailand | 2016 | $74,131 | $36.7713 |
| Export | 2005-8-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Turkey | 45408 | $1,044,384 | $23.0000 |
| Export | 2005-8-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Egypt | 375 | $9,750 | $26.0000 |
| Export | 2005-8-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 22720 | $603,344 | $26.5556 |
| Export | 2005-8-1 | 6101319074 | IRICO Display Devices Co., Ltd. | India | 2 | $110 | $55.0000 |
| Export | 2005-8-1 | 6104912068 | IRICO Group Electronics Company Limited | Bengal | 2016 | $35,280 | $17.5000 |
| Export | 2005-8-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 7056 | $125,610 | $17.8019 |
| Export | 2005-8-1 | 6104912068 | IRICO Group Electronics Company Limited | Indonesia | 1008 | $18,583 | $18.4355 |
| Export | 2005-8-1 | 6104912068 | IRICO Group Electronics Company Limited | Thailand | 2856 | $58,250 | $20.3957 |
| Export | 2005-8-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 71424 | $1,142,784 | $16.0000 |
| Export | 2005-8-1 | 6104912068 | IRICO Group Electronics Company Limited | Egypt | 1365 | $24,570 | $18.0000 |
| Export | 2005-8-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 54816 | $1,026,336 | $18.7233 |
| Export | 2005-8-1 | 6104912068 | IRICO Group Electronics Company Limited | Ukraine | 12480 | $337,920 | $27.0769 |
| Export | 2005-8-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 3024 | $46,170 | $15.2679 |
| Export | 2005-8-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 5 | $120 | $24.0000 |
| Export | 2005-8-1 | 6104912068 | IRICO Group Electronics Company Limited | Germany | 12 | $204 | $17.0000 |
| Export | 2005-8-1 | 6104912068 | IRICO Group Electronics Company Limited | Argentina | 8 | $240 | $30.0000 |
| Export | 2005-8-1 | 6104912068 | IRICO Group Electronics Company Limited | Bengal | 1008 | $18,648 | $18.5000 |
| Export | 2005-8-1 | 6104912068 | IRICO Group Electronics Company Limited | White Russia | 4608 | $80,517 | $17.4733 |
| Export | 2005-7-1 | 6101530001 | Xian Irico Display Technology Co., Ltd. | Turkey | 41472 | $808,704 | $19.5000 |

**CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

IRICO-00010

| Import/Export | Date | Company Code | Company Name | Destination | Quantity | Total Prices (in USD) | Unit Price (in USD) |
|---|---|---|---|---|---|---|---|
| Export | 2005-7-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Thailand | 25536 | $978,004 | $38.2990 |
| Export | 2005-7-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 50688 | $1,240,800 | $24.4792 |
| Export | 2005-7-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Japan | 3 | $150 | $50.0000 |
| Export | 2005-7-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Turkey | 1 | $27 | $27.0000 |
| Export | 2005-7-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 2304 | $41,472 | $18.0000 |
| Export | 2005-7-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 5040 | $89,048 | $17.6683 |
| Export | 2005-7-1 | 6104912068 | IRICO Group Electronics Company Limited | Thailand | 288 | $8,570 | $29.7569 |
| Export | 2005-7-1 | 6104912068 | IRICO Group Electronics Company Limited | Egypt | 2304 | $41,472 | $18.0000 |
| Export | 2005-7-1 | 6104912068 | IRICO Group Electronics Company Limited | South Africa | 4320 | $81,216 | $18.8000 |
| Export | 2005-7-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 59712 | $1,136,064 | $19.0257 |
| Export | 2005-7-1 | 6104912068 | IRICO Group Electronics Company Limited | Ukraine | 4608 | $85,248 | $18.5000 |
| Export | 2005-7-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 2304 | $42,296 | $18.3576 |
| Export | 2005-7-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 2 | $86 | $43.0000 |
| Export | 2005-7-1 | 6104912068 | IRICO Group Electronics Company Limited | Bengal | 2016 | $37,296 | $18.5000 |
| Export | 2005-6-1 | 6101530001 | Xian Irico Display Technology Co., Ltd. | Russia | 20736 | $373,248 | $18.0000 |
| Export | 2005-6-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Bengal | 1056 | $30,236 | $28.6326 |
| Export | 2005-6-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Thailand | 18144 | $794,044 | $43.7635 |
| Export | 2005-6-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Egypt | 720 | $20,160 | $28.0000 |
| Export | 2005-6-1 | 6101319074 | IRICO Display Devices Co., Ltd. | Russia | 12192 | $331,008 | $27.1496 |
| Export | 2005-6-1 | 6104912068 | IRICO Group Electronics Company Limited | Egypt | 672 | $12,432 | $18.5000 |
| Export | 2005-6-1 | 6104912068 | IRICO Group Electronics Company Limited | South Africa | 2016 | $37,296 | $18.5000 |
| Export | 2005-6-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 30072 | $719,697 | $23.9325 |
| Export | 2005-6-1 | 6104912068 | IRICO Group Electronics Company Limited | Ukraine | 2304 | $42,624 | $18.5000 |
| Export | 2005-6-1 | 6104912068 | IRICO Group Electronics Company Limited | Bengal | 2016 | $40,320 | $20.0000 |
| Export | 2005-6-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 19584 | $464,256 | $23.7059 |
| Export | 2005-6-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 50688 | $871,834 | $17.2000 |
| Export | 2005-6-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 5328 | $96,067 | $18.0306 |
| Export | 2005-6-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 2 | $60 | $30.0000 |
| Export | 2005-5-1 | 6101530001 | Xian Irico Display Technology Co., Ltd. | Indonesia | 4608 | $101,074 | $21.9349 |
| Export | 2005-5-1 | 6101530001 | Xian Irico Display Technology Co., Ltd. | Turkey | 57600 | $1,064,448 | $18.4800 |
| Export | 2005-5-1 | 6101530001 | Xian Irico Display Technology Co., Ltd. | Lithuania | 9216 | $234,958 | $25.4946 |
| Export | 2005-5-1 | 6101530001 | Xian Irico Display Technology Co., Ltd. | Russia | 23040 | $414,720 | $18.0000 |
| Export | 2005-5-1 | 6104911002 | China National Electronics Imp.& Exp.Caihong Co. | Turkey | 988 | $21,362 | $21.6215 |
| Export | 2005-5-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 4608 | $87,552 | $19.0000 |
| Export | 2005-5-1 | 6104912068 | IRICO Group Electronics Company Limited | Thailand | 24 | $710 | $29.5833 |
| Export | 2005-5-1 | 6104912068 | IRICO Group Electronics Company Limited | Egypt | 2304 | $46,080 | $20.0000 |
| Export | 2005-5-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 7488 | $207,360 | $27.6923 |
| Export | 2005-5-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 24 | $684 | $28.5000 |
| Export | 2005-5-1 | 6104912068 | IRICO Group Electronics Company Limited | Japan | 13 | $780 | $60.0000 |
| Export | 2005-5-1 | 6104912068 | IRICO Group Electronics Company Limited | Singapore | 4 | $120 | $30.0000 |
| Export | 2005-5-1 | 6104912068 | IRICO Group Electronics Company Limited | Turkey | 25 | $825 | $33.0000 |
| Export | 2005-5-1 | 6104912068 | IRICO Group Electronics Company Limited | Ukraine | 1008 | $20,160 | $20.0000 |
| Export | 2005-4-1 | 6101530001 | Xian Irico Display Technology Co., Ltd. | Turkey | 50688 | $912,384 | $18.0000 |
| Export | 2005-4-1 | 6104912068 | IRICO Group Electronics Company Limited | India | 4 | $120 | $30.0000 |
| Export | 2005-4-1 | 6104912068 | IRICO Group Electronics Company Limited | Japan | 27 | $1,870 | $69.2593 |
| Export | 2005-4-1 | 6104912068 | IRICO Group Electronics Company Limited | Egypt | 1 | $22 | $22.0000 |
| Export | 2005-4-1 | 6104912068 | IRICO Group Electronics Company Limited | Thailand | 2304 | $46,080 | $20.0000 |
| Export | 2005-4-1 | 6104912068 | IRICO Group Electronics Company Limited | Algeria | 1008 | $20,664 | $20.5000 |
| Export | 2005-4-1 | 6104912068 | IRICO Group Electronics Company Limited | Tunisia | 1200 | $24,000 | $20.0000 |
| Export | 2005-4-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 4608 | $93,542 | $20.2999 |
| Export | 2005-4-1 | 6104912068 | IRICO Group Electronics Company Limited | Ukraine | 2304 | $46,080 | $20.0000 |
| Export | 2005-4-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 3528 | $81,552 | $23.1156 |
| Export | 2005-3-1 | 6101530001 | Xian Irico Display Technology Co., Ltd. | Algeria | 320 | $13,760 | $43.0000 |
| Export | 2005-3-1 | 6101530001 | Xian Irico Display Technology Co., Ltd. | Tunisia | 2016 | $40,320 | $20.0000 |
| Export | 2005-3-1 | 6101530001 | Xian Irico Display Technology Co., Ltd. | Russia | 9216 | $235,376 | $25.5399 |
| Export | 2005-3-1 | 6101530001 | Xian Irico Display Technology Co., Ltd. | Ukraine | 1008 | $21,672 | $21.5000 |
| Export | 2005-3-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 60336 | $1,342,496 | $22.2503 |
| Export | 2005-3-1 | 6104912068 | IRICO Group Electronics Company Limited | Algeria | 1600 | $68,800 | $43.0000 |
| Export | 2005-3-1 | 6104912068 | IRICO Group Electronics Company Limited | Hong Kong | 6912 | $148,259 | $21.4495 |
| Export | 2005-3-1 | 6104912068 | IRICO Group Electronics Company Limited | Russia | 3 | $125 | $41.6667 |
| Export | 2005-3-1 | 6104912068 | IRICO Group Electronics Company Limited | Japan | 15 | $990 | $66.0000 |
| Export | 2005-2-1 | 6101530001 | Xian Irico Display Technology Co., Ltd. | India | 4608 | $99,275 | $21.5441 |
| Export | 2005-2-1 | 6101530001 | Xian Irico Display Technology Co., Ltd. | Jordan | 1000 | $21,500 | $21.5000 |
| Export | 2005-2-1 | 6101530001 | Xian Irico Display Technology Co., Ltd. | Thailand | 2304 | $46,771 | $20.2999 |
| Export | 2005-2-1 | 6101530001 | Xian Irico Display Technology Co., Ltd. | Turkey | 73728 | $1,463,040 | $19.8438 |
| Export | 2005-2-1 | 6101530001 | Xian Irico Display Technology Co., Ltd. | Russia | 18912 | $477,343 | $25.2402 |
| Export | 2005-2-1 | 6104912068 | IRICO Group Electronics Company Limited | Philippines | 1008 | $21,168 | $21.0000 |
| Export | 2005-2-1 | 6104912068 | IRICO Group Electronics Company Limited | Singapore | 22 | $715 | $32.5000 |
| Export | 2005-1-1 | 6101530001 | Xian Irico Display Technology Co., Ltd. | Hong Kong | 2016 | $45,024 | $22.3333 |
| Export | 2005-1-1 | 6101530001 | Xian Irico Display Technology Co., Ltd. | Turkey | 48394 | $1,006,848 | $20.8095 |
| Export | 2005-1-1 | 6101530001 | Xian Irico Display Technology Co., Ltd. | South Africa | 2016 | $46,368 | $23.0000 |
| Export | 2005-1-1 | 6101530001 | Xian Irico Display Technology Co., Ltd. | White Russia | 2112 | $78,976 | $37.3939 |
| Export | 2005-1-1 | 6101530001 | Xian Irico Display Technology Co., Ltd. | Russia | 36864 | $804,137 | $21.8136 |
| Export | 2005-1-1 | 6104911002 | China National Electronics Imp.& Exp.Caihong Co. | Japan | 4 | $180 | $45.0000 |
| Export | 2005-1-1 | 6104911002 | China National Electronics Imp.& Exp.Caihong Co. | White Russia | 5280 | $230,861 | $43.7237 |
| Export | 2005-1-1 | 6104911002 | China National Electronics Imp.& Exp.Caihong Co. | Russia | 5826 | $233,710 | $40.1150 |
| Export | 2005-1-1 | 6104912068 | IRICO Group Electronics Company Limited | Japan | 12 | $960 | $80.0000 |

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

IRICO-00011

| Import/Export | Date | Quantity | Total Prices (in USD) | Unit Price (in USD) | Destination | Company Name |
|---|---|---|---|---|---|---|
| Export | 2004-12-1 | 2 | $170 | $85.0537 | Japan | IRICO Group Electronics Company Limited |
| Export | 2004-12-1 | 24480 | $556,489 | $22.7324 | Hong Kong | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-12-1 | 3840 | $92,218 | $24.0152 | Egypt | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-12-1 | 6720 | $189,524 | $28.2029 | White Russia | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-12-1 | 27360 | $632,970 | $23.1349 | Hong Kong | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-12-1 | 4608 | $106,051 | $23.0145 | India | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-12-1 | 11520 | $275,830 | $23.9436 | Indonesia | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-12-1 | 3312 | $76,224 | $23.0145 | Iran | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-12-1 | 2304 | $53,025 | $23.0145 | Thailand | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-12-1 | 20848 | $541,400 | $25.9689 | Russia | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-12-1 | 12528 | $276,799 | $22.0944 | Turkey | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-12-1 | 3168 | $135,518 | $42.7770 | White Russia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-12-1 | 6336 | $236,739 | $37.3642 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-11-1 | 6 | $300 | $50.0316 | Japan | IRICO Group Electronics Company Limited |
| Export | 2004-11-1 | 29952 | $659,360 | $22.0139 | Mexico | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-11-1 | 29952 | $697,977 | $23.3032 | Hong Kong | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-11-1 | 9216 | $220,663 | $23.9436 | Indonesia | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-11-1 | 29952 | $698,553 | $23.3224 | Turkey | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-11-1 | 4608 | $113,890 | $24.7157 | White Russia | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-11-1 | 16128 | $378,432 | $23.4643 | Russia | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-11-1 | 1008 | $24,207 | $24.0152 | Ukraine | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-11-1 | 27216 | $625,512 | $22.9832 | Hong Kong | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-11-1 | 6336 | $271,035 | $42.7770 | White Russia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-10-1 | 32256 | $758,495 | $23.5148 | Hong Kong | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-10-1 | 4608 | $106,051 | $23.0145 | India | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-10-1 | 9216 | $214,407 | $23.2647 | Russia | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-10-1 | 1008 | $24,207 | $24.0152 | Ukraine | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-10-1 | 4608 | $106,051 | $23.0145 | Mexico | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-10-1 | 35712 | $829,994 | $23.2413 | Hong Kong | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-10-1 | 3168 | $135,518 | $42.7770 | White Russia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-9-1 | 18432 | $435,731 | $23.6399 | Hong Kong | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-9-1 | 6912 | $165,497 | $23.9435 | Indonesia | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-9-1 | 27648 | $640,917 | $23.1813 | Turkey | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-9-1 | 4608 | $110,662 | $24.0152 | Egypt | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-9-1 | 13824 | $325,069 | $23.5148 | Tunisia | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-9-1 | 4608 | $113,890 | $24.7157 | White Russia | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-9-1 | 3312 | $76,224 | $23.0145 | Russia | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-9-1 | 13824 | $318,153 | $23.0145 | Mexico | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-9-1 | 57312 | $1,334,706 | $23.2884 | Hong Kong | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-9-1 | 2112 | $91,349 | $43.2522 | White Russia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-9-1 | 1 | $140 | $140.0884 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-8-1 | 50688 | $1,159,367 | $22.8726 | Hong Kong | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-8-1 | 4608 | $105,579 | $22.9120 | Indonesia | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-8-1 | 36864 | $829,964 | $22.5142 | Turkey | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-8-1 | 4608 | $113,232 | $24.5730 | White Russia | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-8-1 | 27648 | $629,943 | $22.7844 | Russia | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-8-1 | 38880 | $884,732 | $22.7554 | Hong Kong | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-8-1 | 8448 | $319,621 | $37.8339 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-8-1 | 4608 | $101,440 | $22.0139 | Turkey | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-8-1 | 2112 | $96,157 | $45.5287 | Latvia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-8-1 | 1200 | $58,837 | $49.0310 | Algeria | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-8-1 | 2112 | $91,349 | $43.2522 | Lithuania | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-8-1 | 2112 | $90,345 | $42.7770 | White Russia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-8-1 | 2016 | $34,094 | $16.9115 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-7-1 | 64512 | $1,438,604 | $22.2998 | Hong Kong | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-7-1 | 4608 | $101,519 | $22.0311 | Indonesia | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-7-1 | 18432 | $405,760 | $22.0139 | Turkey | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-7-1 | 11520 | $284,724 | $24.7156 | Latvia | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-7-1 | 52992 | $1,180,646 | $22.2797 | Russia | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-7-1 | 40752 | $904,179 | $22.1873 | Hong Kong | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-7-1 | 3168 | $137,024 | $43.2524 | Latvia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-7-1 | 3200 | $155,298 | $48.5306 | Lithuania | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-7-1 | 8448 | $361,380 | $42.7770 | White Russia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-7-1 | 1376 | $88,200 | $64.0986 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-7-1 | 4224 | $161,674 | $38.2751 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-7-1 | 9216 | $202,880 | $22.0139 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-7-1 | 2112 | $91,349 | $43.2522 | Latvia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-7-1 | 8448 | $329,680 | $39.0246 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-7-1 | 15840 | $611,660 | $38.6149 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-7-1 | 1600 | $77,649 | $48.5306 | Vietnam | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-7-1 | 5648 | $230,834 | $40.8700 | Algeria | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-7-1 | 2 | $46 | $23.0145 | India | China National Electronics Imp.& Exp.Caihong Co. |

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

| Import/Export | Date | Quantity | Total Prices (in USD) | Unit Price (in USD) | Destination | Company Name |
|---|---|---|---|---|---|---|
| Export | 2004-7-1 | 20064 | $769,150 | $38.3348 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-6-1 | 62208 | $1,369,440 | $22.0139 | Turkey | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-6-1 | 13824 | $313,542 | $22.6810 | Russia | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-6-1 | 11520 | $253,600 | $22.0139 | Mexico | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-6-1 | 48384 | $1,067,743 | $22.0681 | Hong Kong | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-6-1 | 18432 | $412,677 | $22.3891 | Hong Kong | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-6-1 | 9216 | $202,579 | $21.9812 | Indonesia | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-6-1 | 2 | $100 | $50.0316 | White Russia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-6-1 | 2016 | $34,094 | $16.9115 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-6-1 | 7392 | $284,772 | $38.5243 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-6-1 | 2400 | $116,474 | $48.5306 | Lithuania | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-6-1 | 224 | $23,759 | $106.0670 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-6-1 | 4608 | $96,829 | $21.0133 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-6-1 | 13056 | $421,342 | $32.2719 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-6-1 | 5280 | $240,392 | $45.5287 | Lithuania | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-5-1 | 4608 | $101,519 | $22.0311 | Indonesia | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-5-1 | 25344 | $557,921 | $22.0139 | Turkey | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-5-1 | 9216 | $239,768 | $26.0164 | Lithuania | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-5-1 | 4608 | $106,051 | $23.0145 | Russia | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-5-1 | 30384 | $618,091 | $20.3426 | Hong Kong | Xian Irico Display Technology Co., Ltd. |
| Export | 2004-5-1 | 2 | $30 | $15.0095 | White Russia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-5-1 | 34944 | $1,108,484 | $31.7217 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-5-1 | 1056 | $40,560 | $38.4087 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-5-1 | 9216 | $202,880 | $22.0139 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-5-1 | 18432 | $364,262 | $19.7625 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-5-1 | 11520 | $244,285 | $21.2053 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-5-1 | 18912 | $516,330 | $27.3017 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-5-1 | 9552 | $298,324 | $31.2316 | Lithuania | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-5-1 | 512 | $53,794 | $105.0664 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-4-1 | 12576 | $281,435 | $22.3787 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-4-1 | 1152 | $94,524 | $82.0518 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-4-1 | 3136 | $130,460 | $41.6009 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-4-1 | 9216 | $193,658 | $21.0133 | Mexico | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-4-1 | 48384 | $1,018,320 | $21.0466 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-4-1 | 19968 | $560,073 | $28.0485 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-4-1 | 2 | $40 | $20.0126 | Germany | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-4-1 | 30816 | $649,787 | $21.0860 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-3-1 | 22176 | $470,320 | $21.2085 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-3-1 | 44352 | $1,256,056 | $28.3202 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-3-1 | 2112 | $81,152 | $38.4244 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-3-1 | 1600 | $80,051 | $50.0316 | Vietnam | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-3-1 | 68352 | $1,538,970 | $22.5154 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-3-1 | 2 | $36 | $18.0114 | White Russia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-3-1 | 37440 | $770,366 | $20.5760 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-3-1 | 13824 | $290,488 | $21.0133 | Mexico | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-3-1 | 52992 | $1,093,017 | $20.6261 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-2-1 | 2576 | $130,034 | $50.4791 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-2-1 | 16800 | $464,934 | $27.6746 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-2-1 | 5280 | $226,343 | $42.8680 | Latvia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-2-1 | 3872 | $130,595 | $33.7279 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-2-1 | 47088 | $980,626 | $20.8254 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-2-1 | 19296 | $455,983 | $23.6310 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-2-1 | 21696 | $711,748 | $32.8055 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-2-1 | 25344 | $523,584 | $20.6591 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-2-1 | 4 | $690 | $172.6091 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-2-1 | 20872 | $493,632 | $23.8793 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-1-1 | 25344 | $501,359 | $19.7822 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-1-1 | 2016 | $40,923 | $20.2990 | India | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-1-1 | 36528 | $1,086,330 | $29.7397 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-1-1 | 8736 | $364,166 | $41.6857 | Malaysia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-1-1 | 1530 | $45,929 | $30.0190 | Egypt | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-1-1 | 4032 | $88,760 | $22.0139 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-1-1 | 11520 | $242,073 | $21.0133 | Mexico | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-1-1 | 25344 | $484,376 | $19.1121 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-1-1 | 25344 | $529,102 | $20.8768 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-1-1 | 12 | $624 | $52.0329 | India | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-1-1 | 3 | $168 | $56.0354 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-1-1 | 1 | $20 | $20.0126 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| Export | 2004-1-1 | 75648 | $1,555,769 | $20.5659 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

| Company Code | Import/Export | Date | Total Prices (in USD) | Quantity | Destination | Company Name |
|---|---|---|---|---|---|---|
| 0 | Export | 2003-12-1 | $654,048.38 | 27072 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-12-1 | $1,050,828.63 | 36352 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-12-1 | $92,697.05 | 4608 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-12-1 | $23,184.01 | 1008 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-12-1 | $293,760.19 | 13824 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-12-1 | $120,823.07 | 6048 | India | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-12-1 | $80,438.05 | 4032 | Vietnam | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-12-1 | $45,440.03 | 2016 | Egypt | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-12-1 | $387,632.22 | 12384 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-12-1 | $840,192.50 | 37536 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-12-1 | $1,611,113.00 | 75840 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-12-1 | $105,984.07 | 4608 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-11-1 | $262,928.16 | 7312 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-11-1 | $115,262.06 | 3536 | Vietnam | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-11-1 | $687,859.38 | 33552 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-11-1 | $234,749.14 | 6336 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-11-1 | $1,275,648.75 | 62016 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-11-1 | $333,696.19 | 8448 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-11-1 | $265,972.16 | 13824 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-11-1 | $165.00 | 6 | Germany | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-11-1 | $41.00 | 2 | India | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-11-1 | $2,815,980.50 | 133792 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-10-1 | $404,208.25 | 13536 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-10-1 | $41,184.02 | 1056 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-10-1 | $71,568.05 | 3024 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-10-1 | $42,336.02 | 2016 | Bulgaria | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-10-1 | $552,960.31 | 27648 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-10-1 | $542,653.31 | 22464 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-10-1 | $474,320.31 | 12320 | Lithuania | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-10-1 | $136,187.08 | 6912 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-10-1 | $337,920.19 | 8448 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-10-1 | $144,949.09 | 7069 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-10-1 | $235,760.14 | 6160 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-10-1 | $900.00 | 30 | U.K. | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-10-1 | $1,834,130.00 | 91888 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-9-1 | $102.00 | 2 | India | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-9-1 | $481,125.31 | 14112 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-9-1 | $1,293,610.75 | 63840 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-9-1 | $78,523.05 | 4032 | Vietnam | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-9-1 | $105,984.07 | 4608 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-9-1 | $101,376.06 | 4608 | Finland | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-9-1 | $120,000.08 | 2400 | Lithuania | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-9-1 | $1,659,313.00 | 83232 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-9-1 | $1,172,826.75 | 48880 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-9-1 | $40,000.02 | 800 | Greece | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-9-1 | $361,104.22 | 9456 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-9-1 | $3,164,023.75 | 157200 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-8-1 | $502,557.28 | 21936 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-8-1 | $353,760.22 | 8800 | Lithuania | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-8-1 | $302,963.19 | 9600 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-8-1 | $82,671.05 | 3072 | Malaysia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-8-1 | $71,175.05 | 3024 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-8-1 | $2,606,488.50 | 133056 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-8-1 | $55,927.03 | 3024 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-8-1 | $200.00 | 3 | Taiwan | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-8-1 | $2,207,680.25 | 102528 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-7-1 | $123,531.07 | 6048 | India | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-7-1 | $24,192.01 | 1008 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-7-1 | $133,056.08 | 3168 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-7-1 | $2,760,409.50 | 139104 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-7-1 | $20,140.01 | 400 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-7-1 | $45,965.03 | 2304 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-7-1 | $206,880.13 | 10080 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-7-1 | $208.00 | 6 | India | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-7-1 | $2,503,843.50 | 122976 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-7-1 | $518,268.28 | 6144 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-6-1 | $50,275.03 | 2016 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-6-1 | $471,358.28 | 15552 | Finland | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-6-1 | $85,800.05 | 4032 | India | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-6-1 | $177,822.11 | 7968 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

| Company Code | Import/Export | Date | Total Prices (in USD) | Quantity | Destination | Company Name |
|---|---|---|---|---|---|---|
| 0 | Export | 2003-6-1 | $270,864.16 | 10032 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-6-1 | $507,692.31 | 24768 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-6-1 | $1,561,393.00 | 74592 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-6-1 | $209,480.14 | 10080 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-6-1 | $3,500.00 | 100 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-6-1 | $109.00 | 4 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-6-1 | $1,372,392.88 | 66928 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-6-1 | $40.00 | 2 | India | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-5-1 | $74,340.05 | 3024 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-5-1 | $1,655,279.00 | 54912 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-5-1 | $23,184.01 | 1008 | Malaysia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-5-1 | $377,539.22 | 17568 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-5-1 | $1,324,512.75 | 60480 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-5-1 | $43.00 | 2 | India | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-5-1 | $564.00 | 24 | Germany | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-5-1 | $450.00 | 8 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-5-1 | $1,747,691.13 | 76368 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-4-1 | $45,360.03 | 2016 | India | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-4-1 | $1,052,593.63 | 33840 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-4-1 | $23,184.01 | 1008 | Malaysia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-4-1 | $49,905.03 | 2304 | Philippines | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-4-1 | $46,932.03 | 2016 | Vietnam | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-4-1 | $86,592.05 | 2112 | Finland | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-4-1 | $159,768.09 | 5136 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-4-1 | $737,856.44 | 32256 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-4-1 | $86,184.05 | 4032 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-4-1 | $145,152.09 | 6048 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-4-1 | $848,708.50 | 40608 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-4-1 | $21,000.01 | 600 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-4-1 | $21,672.01 | 1008 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-4-1 | $1,355,556.75 | 62064 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-4-1 | $34.00 | 2 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-3-1 | $679,841.38 | 23088 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-3-1 | $283,776.19 | 8832 | Finland | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-3-1 | $72,576.05 | 3024 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-3-1 | $22,680.01 | 1008 | Malaysia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-3-1 | $74,189.04 | 3024 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-3-1 | $253,955.16 | 12096 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-3-1 | $645,120.38 | 28224 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-3-1 | $48,720.03 | 1392 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-3-1 | $55,872.04 | 2304 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-3-1 | $1,090,698.63 | 48384 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-3-1 | $39,112.02 | 2016 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-3-1 | $485.00 | 24 | U.K. | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-2-1 | $55,296.03 | 2304 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-2-1 | $25,489.02 | 1008 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-2-1 | $467,190.28 | 15312 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-2-1 | $435,456.25 | 18144 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-2-1 | $148,176.08 | 6048 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-2-1 | $1,890.00 | 54 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-2-1 | $379,424.25 | 16128 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-2-1 | $2,999.00 | 8 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-1-1 | $246,528.16 | 10368 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-1-1 | $3,542.00 | 152 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-1-1 | $55,757.04 | 2304 | Finland | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-1-1 | $106,376.06 | 4608 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-1-1 | $25,200.01 | 1008 | Malaysia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-1-1 | $142,349.08 | 4416 | Finland | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-1-1 | $74,088.04 | 3024 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-1-1 | $584,237.31 | 24192 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-1-1 | $430,449.25 | 15744 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-1-1 | $50,501.03 | 2016 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-1-1 | $2,174.00 | 8 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-1-1 | $226.00 | 4 | Italy | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-1-1 | $521,411.31 | 22176 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-1-1 | $78,224.05 | 4032 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 0 | Export | 2003-1-1 | $53.00 | 1 | Russia | China National Electronics Imp.& Exp.Caihong Co. |

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

IRICO-00015

| Year | Month | Import/Export | Unit Price (in USD) | Total Prices (in USD) | Quantity | Destination | Destination | Company Name |
|---|---|---|---|---|---|---|---|---|
| 2002 | 1 | Export | $26.0632 | $1,118,422 | 42912 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 1 | Export | $23.0000 | $834,624 | 36288 | 111 | India | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 1 | Export | $24.4000 | $836,236 | 34272 | 137 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 1 | Export | $25.2594 | $203,692 | 8064 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 1 | Export | $26.0000 | $157,248 | 6048 | 344 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 1 | Export | $25.2039 | $101,622 | 4032 | 136 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 1 | Export | $25.5000 | $102,816 | 4032 | 137 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 1 | Export | $25.0000 | $100,800 | 4032 | 137 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 1 | Export | $24.3667 | $73,685 | 3024 | 112 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 1 | Export | $24.1007 | $48,587 | 2016 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 1 | Export | $38.0000 | $76,000 | 2000 | 244 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 1 | Export | $26.1002 | $26,309 | 1008 | 244 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 1 | Export | $28.0000 | $28 | 1 | 336 | Lithuania | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 2 | Export | $23.8341 | $720,744 | 30240 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 2 | Export | $24.4000 | $393,523 | 16128 | 137 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 2 | Export | $24.3750 | $393,120 | 16128 | 137 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 2 | Export | $32.3861 | $234,216 | 7232 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 2 | Export | $31.6350 | $139,700 | 4416 | 112 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 2 | Export | $24.6528 | $49,700 | 2016 | 112 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 2 | Export | $26.1002 | $26,309 | 1008 | 244 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 2 | Export | $25.2510 | $25,352 | 1004 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 2 | Export | $38.0000 | $7,600 | 200 | 116 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 2 | Export | $23.5000 | $141 | 6 | 304 | Germany | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 2 | Export | $131.6000 | $658 | 5 | 116 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 3 | Export | $23.5313 | $1,091,098 | 46368 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 3 | Export | $23.8482 | $312,480 | 13104 | 137 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 3 | Export | $24.9129 | $251,122 | 10080 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 3 | Export | $37.1436 | $320,772 | 8636 | 112 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 3 | Export | $23.8000 | $191,923 | 8064 | 137 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 3 | Export | $36.5141 | $259,250 | 7100 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 3 | Export | $26.1002 | $78,927 | 3024 | 244 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 3 | Export | $25.5000 | $77,112 | 3024 | 344 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 3 | Export | $20.7999 | $47,923 | 2304 | 137 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 3 | Export | $23.9961 | $55,287 | 2304 | 112 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 3 | Export | $23.4008 | $47,176 | 2016 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 3 | Export | $50.3226 | $1,560 | 31 | 116 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 3 | Export | $25.0000 | $50 | 2 | 215 | Egypt | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 3 | Export | $24.5000 | $49 | 2 | 112 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 3 | Export | $37.5000 | $75 | 2 | 111 | India | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 3 | Export | $42.0000 | $42 | 1 | 429 | Mexico | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 3 | Import | $63.6667 | $382 | 6 | 116 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 4 | Export | $23.3675 | $1,554,596 | 66528 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 4 | Export | $23.9091 | $530,208 | 22176 | 137 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 4 | Export | $23.0040 | $463,760 | 20160 | 136 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 4 | Export | $29.5166 | $359,866 | 12192 | 112 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 4 | Export | $24.5000 | $197,568 | 8064 | 137 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 4 | Export | $24.7718 | $174,790 | 7056 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 4 | Export | $25.8086 | $126,772 | 4912 | 112 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 4 | Export | $26.6260 | $107,356 | 4032 | 141 | Vietnam | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 4 | Export | $41.0500 | $164,200 | 4000 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 4 | Export | $24.5000 | $49,392 | 2016 | 307 | Italy | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 4 | Export | $24.4598 | $49,311 | 2016 | 143 | Taiwan | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 4 | Export | $41.3306 | $35,131 | 850 | 244 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 4 | Export | $103.3750 | $1,654 | 16 | 116 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 4 | Export | $23.0000 | $92 | 4 | 318 | Finland | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 4 | Export | $28.0000 | $112 | 4 | 111 | India | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 4 | Export | $39.5000 | $79 | 2 | 244 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 4 | Export | $39.5000 | $79 | 2 | 137 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 4 | Export | $34.0000 | $68 | 2 | 122 | Malaysia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 4 | Export | $24.0000 | $24 | 1 | 303 | U.K. | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 5 | Export | $23.6645 | $2,099,137 | 88704 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 5 | Export | $23.8952 | $1,011,629 | 42336 | 137 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 5 | Export | $33.2025 | $433,492 | 13056 | 112 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 5 | Export | $23.2024 | $233,880 | 10080 | 136 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 5 | Export | $25.1758 | $202,615 | 8048 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 5 | Export | $40.5526 | $171,294 | 4224 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 5 | Export | $24.5000 | $98,784 | 4032 | 318 | Finland | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 5 | Export | $41.0000 | $86,592 | 2112 | 112 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 5 | Export | $33.0678 | $61,440 | 1858 | 244 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 5 | Export | $39.8371 | $42,068 | 1056 | 112 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 5 | Export | $25.4000 | $127 | 5 | 111 | India | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 5 | Export | $31.0000 | $124 | 4 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 5 | Export | $39.0000 | $78 | 2 | 133 | North Korea | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 5 | Export | $56.0000 | $56 | 1 | 344 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 5 | Import | $50.1111 | $451 | 9 | 136 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 6 | Export | $23.5040 | $1,516,290 | 64512 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 6 | Export | $23.8563 | $1,154,362 | 48384 | 137 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 6 | Export | $23.8667 | $721,728 | 30240 | 137 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 6 | Export | $29.8296 | $410,933 | 13776 | 112 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 6 | Export | $27.6606 | $267,312 | 9664 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 6 | Export | $23.9994 | $202,747 | 8448 | 112 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 6 | Export | $19.7999 | $91,238 | 4608 | 137 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 6 | Export | $40.5265 | $171,194 | 4224 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 6 | Export | $25.5000 | $102,816 | 4032 | 344 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 6 | Export | $23.0300 | $92,857 | 4032 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 6 | Export | $24.0000 | $96,768 | 4032 | 111 | India | China National Electronics Imp.& Exp.Caihong Co. |

**CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

IRICO-00016

| Year | Month | Import/Export | Unit Price (in USD) | Total Prices (in USD) | Quantity | Destination | Destination | Company Name |
|------|-------|---------------|---------------------|------------------------|----------|-------------|-------------|--------------|
| 2002 | 6 | Export | $36.0998 | $124,761 | 3456 | 122 | Malaysia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 6 | Export | $29.2868 | $89,969 | 3072 | 129 | Philippines | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 6 | Export | $38.0000 | $12,540 | 330 | 116 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 6 | Export | $27.9167 | $335 | 12 | 132 | Singapore | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 6 | Export | $25.3333 | $228 | 9 | 111 | India | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 6 | Export | $31.0000 | $124 | 4 | 116 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 6 | Export | $40.6667 | $122 | 3 | 133 | North Korea | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 6 | Export | $25.0000 | $50 | 2 | 215 | Egypt | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 6 | Export | $31.0000 | $62 | 2 | 344 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 7 | Export | $25.8713 | $2,188,502 | 84592 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 7 | Export | $29.3513 | $1,631,464 | 55584 | 112 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 7 | Export | $23.9000 | $1,060,014 | 44352 | 137 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 7 | Export | $23.8429 | $672,941 | 28224 | 137 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 7 | Export | $25.1961 | $533,350 | 21168 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 7 | Export | $25.0000 | $172,800 | 6912 | 344 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 7 | Export | $24.0000 | $96,768 | 4032 | 111 | India | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 7 | Export | $35.5340 | $110,866 | 3120 | 112 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 7 | Export | $24.5000 | $74,088 | 3024 | 344 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 7 | Export | $24.5000 | $24,696 | 1008 | 136 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 7 | Export | $53.0000 | $53 | 1 | 116 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 7 | Import | $53.0000 | $53 | 1 | 116 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 8 | Export | $27.7891 | $1,798,957 | 64736 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 8 | Export | $28.9717 | $998,480 | 34464 | 112 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 8 | Export | $23.9000 | $626,372 | 26208 | 137 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 8 | Export | $23.2024 | $233,880 | 10080 | 136 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 8 | Export | $23.4286 | $165,312 | 7056 | 111 | India | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 8 | Export | $24.0000 | $145,152 | 6048 | 137 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 8 | Export | $24.6849 | $113,748 | 4608 | 318 | Finland | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 8 | Export | $40.5526 | $171,294 | 4224 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 8 | Export | $22.3249 | $90,014 | 4032 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 8 | Export | $19.7999 | $45,619 | 2304 | 137 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 8 | Export | $43.0000 | $75,680 | 1760 | 215 | Egypt | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 8 | Export | $35.7500 | $143 | 4 | 116 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 8 | Export | $25.0000 | $50 | 2 | 215 | Egypt | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 8 | Export | $25.0000 | $25 | 1 | 133 | North Korea | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 8 | Export | $24.0000 | $24 | 1 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 9 | Export | $25.5783 | $2,009,432 | 78560 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 9 | Export | $30.5718 | $738,126 | 24144 | 112 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 9 | Export | $40.1041 | $788,608 | 19664 | 344 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 9 | Export | $23.9375 | $386,064 | 16128 | 137 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 9 | Export | $23.9000 | $337,277 | 14112 | 137 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 9 | Export | $24.1280 | $340,494 | 14112 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 9 | Export | $23.1032 | $232,880 | 10080 | 136 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 9 | Export | $24.5000 | $197,568 | 8064 | 137 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 9 | Export | $24.0000 | $145,152 | 6048 | 111 | India | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 9 | Export | $22.7366 | $137,511 | 6048 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 9 | Export | $32.3913 | $143,040 | 4416 | 122 | Malaysia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 9 | Export | $24.0000 | $48,384 | 2016 | 502 | U.S.A | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 9 | Export | $25.6002 | $25,805 | 1008 | 244 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 9 | Export | $38.6667 | $116 | 3 | 340 | White Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 9 | Export | $43.0000 | $129 | 3 | 133 | North Korea | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 9 | Export | $39.0000 | $78 | 2 | 116 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 9 | Export | $41.0000 | $41 | 1 | 111 | India | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 9 | Export | $19.0000 | $19 | 1 | 344 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 9 | Import | $53.1667 | $638 | 12 | 116 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 9 | Import | $50.2500 | $201 | 4 | 116 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 9 | Import | $60.0000 | $60 | 1 | 122 | Malaysia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 10 | Export | $24.6470 | $2,334,560 | 94720 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 10 | Export | $25.6071 | $722,736 | 28224 | 137 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 10 | Export | $24.0000 | $532,224 | 22176 | 137 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 10 | Export | $34.3574 | $367,762 | 10704 | 112 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 10 | Export | $23.3413 | $235,280 | 10080 | 136 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 10 | Export | $42.9400 | $362,757 | 8448 | 344 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 10 | Export | $21.9246 | $183,114 | 8352 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 10 | Export | $41.0000 | $173,184 | 4224 | 318 | Finland | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 10 | Export | $25.6002 | $51,610 | 2016 | 244 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 10 | Export | $43.0000 | $12,900 | 300 | 133 | North Korea | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 10 | Export | $40.8000 | $204 | 5 | 133 | North Korea | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 10 | Export | $45.5000 | $91 | 2 | 502 | U.S.A | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 10 | Import | $60.0000 | $600 | 10 | 136 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 10 | Import | $87.0000 | $87 | 1 | 116 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 11 | Export | $25.1644 | $2,068,716 | 82208 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 11 | Export | $28.7712 | $707,081 | 24576 | 112 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 11 | Export | $24.0000 | $435,456 | 18144 | 137 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 11 | Export | $33.9345 | $280,163 | 8256 | 344 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 11 | Export | $41.0000 | $259,776 | 6336 | 318 | Finland | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 11 | Export | $22.4955 | $119,856 | 5328 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 11 | Export | $23.6649 | $78,378 | 3312 | 129 | Philippines | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 11 | Export | $24.5000 | $56,448 | 2304 | 122 | Malaysia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 11 | Export | $24.0000 | $48,384 | 2016 | 111 | India | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 11 | Export | $24.8000 | $124 | 5 | 137 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 11 | Export | $16.3333 | $49 | 3 | 344 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 11 | Export | $23.5000 | $47 | 2 | 136 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 11 | Export | $26.0000 | $26 | 1 | 244 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 11 | Export | $26.0000 | $26 | 1 | 132 | Singapore | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 12 | Export | $24.2014 | $2,195,549 | 90720 | 110 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |

**CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

IRICO-00017

| Year | Month | Import/Export | Unit Price (in USD) | Total Prices (in USD) | Quantity | Destination | Destination | Company Name |
|------|-------|---------------|---------------------|-----------------------|----------|-------------|-------------|--------------|
| 2002 | 12 | Export | $29.2666 | $424,248 | 14498 | 112 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 12 | Export | $24.5000 | $169,344 | 6912 | 344 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 12 | Export | $41.0000 | $173,184 | 4224 | 318 | Finland | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 12 | Export | $39.7898 | $168,072 | 4224 | 112 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 12 | Export | $24.0000 | $96,768 | 4032 | 137 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 12 | Export | $24.0000 | $96,768 | 4032 | 111 | India | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 12 | Export | $25.6002 | $77,415 | 3024 | 244 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 12 | Export | $5.0000 | $5 | 1 | 138 | United Arab Emirates | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 12 | Import | $63.8125 | $1,021 | 16 | 116 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2002 | 12 | Import | $112.0000 | $112 | 1 | 111 | India | China National Electronics Imp.& Exp.Caihong Co. |

**CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

| Year | Month | Import/Export | Unit Price (in USD) | Total Prices (in USD) | Quantity | Destination | Company Name |
|---|---|---|---|---|---|---|---|
| 2001 | 1 | Export | $37.8421 | $1,740,736 | 46000 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 1 | Export | $29.6000 | $298,368 | 10080 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 1 | Export | $28.5000 | $229,824 | 8064 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 1 | Export | $29.3001 | $118,138 | 4032 | Italy | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 1 | Export | $30.5000 | $30,744 | 1008 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 1 | Export | $40.2500 | $3,864 | 96 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 1 | Export | $32.0000 | $256 | 8 | Singapore | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 2 | Export | $29.3000 | $2,067,408 | 70560 | Italy | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 2 | Export | $32.8051 | $924,840 | 28192 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 2 | Export | $30.8592 | $668,257 | 21655 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 2 | Export | $29.9008 | $120,560 | 4032 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 2 | Export | $48.0000 | $84,480 | 1760 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 2 | Export | $46.0754 | $79,480 | 1725 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 2 | Export | $48.2500 | $38,600 | 800 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 2 | Export | $38.1875 | $1,833 | 48 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 2 | Export | $40.2500 | $966 | 24 | Singapore | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 2 | Export | $32.0000 | $96 | 3 | Singapore | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 2 | Export | $112.5000 | $225 | 2 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 3 | Export | $33.8284 | $2,852,952 | 84336 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 3 | Export | $28.8000 | $812,851 | 28224 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 3 | Export | $28.8000 | $812,851 | 28224 | Italy | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 3 | Export | $30.8016 | $620,960 | 20160 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 3 | Export | $48.0000 | $126,720 | 2640 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 3 | Export | $31.0000 | $62,496 | 2016 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 3 | Export | $30.0685 | $60,618 | 2016 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 3 | Export | $38.0000 | $76,000 | 2000 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 3 | Export | $46.0750 | $40,546 | 880 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 3 | Export | $93.5000 | $187 | 2 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 4 | Export | $28.9525 | $3,443,730 | 118944 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 4 | Export | $28.5000 | $1,264,032 | 44352 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 4 | Export | $30.7337 | $1,003,640 | 32656 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 4 | Export | $28.8000 | $928,973 | 32256 | Italy | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 4 | Export | $29.9008 | $60,280 | 2016 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 4 | Export | $46.0750 | $81,092 | 1760 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 4 | Export | $33.6515 | $26,652 | 792 | Singapore | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 5 | Export | $28.0000 | $1,580,544 | 56448 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 5 | Export | $30.2204 | $718,520 | 23776 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 5 | Export | $36.0773 | $104,480 | 2896 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 5 | Export | $30.8998 | $62,294 | 2016 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 5 | Export | $29.0536 | $58,572 | 2016 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 5 | Export | $29.5000 | $29,736 | 1008 | Malaysia | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 5 | Export | $28.0000 | $560 | 20 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 5 | Export | $36.2000 | $724 | 20 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 5 | Export | $16.6667 | $300 | 18 | U.K. | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 5 | Export | $46.0000 | $184 | 4 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 5 | Export | $131.0000 | $262 | 2 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 6 | Export | $28.6629 | $565,920 | 19744 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 6 | Export | $34.7866 | $100,742 | 2896 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 6 | Export | $38.0000 | $76,000 | 2000 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 6 | Export | $30.7996 | $31,046 | 1008 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 6 | Export | $26.7024 | $26,916 | 1008 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 6 | Export | $46.0750 | $40,546 | 880 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 6 | Export | $45.5898 | $40,119 | 880 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 6 | Export | $38.5000 | $15,400 | 400 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 6 | Export | $47.0000 | $94 | 2 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 6 | Export | $26.5000 | $53 | 2 | India | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 7 | Export | $27.8578 | $1,341,188 | 48144 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 7 | Export | $26.0000 | $262,080 | 10080 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 7 | Export | $26.7676 | $188,872 | 7056 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 7 | Export | $26.1768 | $127,324 | 4864 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 7 | Export | $49.5000 | $237,600 | 4800 | Egypt | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 7 | Export | $27.5784 | $111,196 | 4032 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 7 | Export | $28.1667 | $85,176 | 3024 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 7 | Export | $27.0000 | $81,648 | 3024 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 7 | Export | $26.5025 | $53,429 | 2016 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 7 | Export | $13.1818 | $290 | 22 | Singapore | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 7 | Export | $9.3333 | $56 | 6 | U.K. | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 8 | Export | $27.5416 | $971,226 | 35264 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 8 | Export | $26.0000 | $733,824 | 28224 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 8 | Export | $26.0000 | $524,160 | 20160 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 8 | Export | $26.4858 | $480,559 | 18144 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 8 | Export | $27.0000 | $163,296 | 6048 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 8 | Export | $26.7421 | $80,868 | 3024 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 8 | Export | $34.2659 | $99,234 | 2896 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 8 | Export | $27.1032 | $54,640 | 2016 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 8 | Export | $26.4008 | $53,224 | 2016 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

| Year | Month | Import/Export | Unit Price (in USD) | Total Prices (in USD) | Quantity | Destination | Company Name |
|---|---|---|---|---|---|---|---|
| 2001 | 8 | Export | $44.5000 | $56,960 | 1280 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 8 | Export | $29.5000 | $29,736 | 1008 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 9 | Export | $27.1091 | $1,359,790 | 50160 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 9 | Export | $26.0946 | $631,280 | 24192 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 9 | Export | $26.0000 | $628,992 | 24192 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 9 | Export | $26.0000 | $262,080 | 10080 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 9 | Export | $26.9281 | $108,574 | 4032 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 9 | Export | $29.5000 | $29,736 | 1008 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 9 | Export | $25.7996 | $26,006 | 1008 | Malaysia | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 9 | Export | $23.0000 | $828 | 36 | India | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 9 | Export | $9.3750 | $225 | 24 | U.K. | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 9 | Export | $180.0000 | $720 | 4 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 10 | Export | $26.2043 | $1,341,659 | 51200 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 10 | Export | $23.0000 | $556,416 | 24192 | India | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 10 | Export | $26.5784 | $53,582 | 2016 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 10 | Export | $25.5000 | $51,408 | 2016 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 10 | Export | $28.5000 | $28,728 | 1008 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 10 | Export | $38.5000 | $7,700 | 200 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 10 | Export | $110.0000 | $660 | 6 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 10 | Export | $85.0000 | $170 | 2 | India | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 11 | Export | $25.0302 | $1,715,673 | 68544 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 11 | Export | $23.0000 | $834,624 | 36288 | India | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 11 | Export | $25.0357 | $706,608 | 28224 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 11 | Export | $25.2015 | $406,450 | 16128 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 11 | Export | $26.7173 | $107,724 | 4032 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 11 | Export | $25.5000 | $25,704 | 1008 | Malaysia | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 11 | Export | $43.0000 | $37,840 | 880 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 11 | Export | $40.8898 | $35,983 | 880 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 11 | Export | $38.0000 | $11,400 | 300 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 11 | Export | $84.5556 | $761 | 9 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 11 | Export | $34.5000 | $207 | 6 | White Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 11 | Export | $25.5000 | $102 | 4 | Italy | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 11 | Export | $34.5000 | $69 | 2 | North Korea | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 11 | Export | $42.5000 | $85 | 2 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 11 | Export | $27.0000 | $54 | 2 | Russia | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 11 | Export | $41.5000 | $83 | 2 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 11 | Export | $43.0000 | $43 | 1 | Vietnam | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 12 | Export | $32.4827 | $3,099,113 | 95408 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 12 | Export | $23.0000 | $556,416 | 24192 | India | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 12 | Export | $24.9222 | $452,189 | 18144 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 12 | Export | $25.5000 | $102,816 | 4032 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 12 | Export | $25.2321 | $76,302 | 3024 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 12 | Export | $40.4205 | $42,684 | 1056 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 12 | Export | $25.0000 | $25,200 | 1008 | Malaysia | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 12 | Export | $38.8430 | $4,700 | 121 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 12 | Export | $26.9167 | $646 | 24 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 12 | Export | $131.5833 | $1,579 | 12 | Germany | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 12 | Export | $131.5833 | $1,579 | 12 | U.K. | China National Electronics Imp.& Exp.Caihong Co. |
| 2001 | 12 | Export | $131.5000 | $263 | 2 | Japan | China National Electronics Imp.& Exp.Caihong Co. |

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

| Year | Month | Import/Export | Unit Price (in USD) | Total Prices (in USD) | Quantity | Destination | Company Name |
|------|-------|---------------|---------------------|-----------------------|----------|-------------|--------------|
| 2000 | 3 | Export | $28.5000 | $1,896,048 | 66528 | Turkey | IRICO Group Corporation |
| 2000 | 4 | Export | $28.5000 | $3,332,448 | 116928 | Turkey | IRICO Group Corporation |
| 2000 | 5 | Export | $28.5000 | $2,872,800 | 100800 | Turkey | IRICO Group Corporation |
| 2000 | 6 | Export | $28.5000 | $1,723,680 | 60480 | Turkey | IRICO Group Corporation |
| 2000 | 7 | Export | $28.5000 | $3,964,464 | 139104 | Turkey | IRICO Group Corporation |
| 2000 | 7 | Export | $28.5000 | $1,723,680 | 60480 | Turkey | IRICO Group Corporation |
| 2000 | 1 | Export | $27.7192 | $3,492,619 | 126000 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 1 | Export | $37.1247 | $247,696 | 6672 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 1 | Export | $29.8016 | $120,160 | 4032 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 1 | Export | $48.0000 | $42,240 | 880 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 1 | Export | $29.0000 | $1,392 | 48 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 2 | Export | $28.5892 | $2,132,525 | 74592 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 2 | Export | $30.1105 | $1,701,784 | 56518 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 2 | Export | $40.9104 | $339,720 | 8304 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 2 | Export | $29.0000 | $233,856 | 8064 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 2 | Export | $30.0000 | $150 | 5 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 2 | Export | $39.5000 | $158 | 4 | North Korea | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 2 | Export | $48.5000 | $97 | 2 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 2 | Export | $30.0000 | $60 | 2 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 3 | Export | $31.1706 | $2,386,424 | 76560 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 3 | Export | $28.6158 | $1,096,099 | 38304 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 3 | Export | $30.9800 | $618,112 | 19952 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 3 | Export | $29.9367 | $301,762 | 10080 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 3 | Export | $36.6084 | $264,752 | 7232 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 3 | Export | $29.7388 | $179,860 | 6048 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 3 | Export | $48.0000 | $103,680 | 2160 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 3 | Export | $46.5977 | $41,006 | 880 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 3 | Export | $48.0000 | $42,240 | 880 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 3 | Export | $39.5000 | $158 | 4 | North Korea | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 3 | Export | $30.0000 | $60 | 2 | Spain | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 4 | Export | $28.7951 | $1,190,045 | 41328 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 4 | Export | $30.4048 | $1,182,624 | 38896 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 4 | Export | $31.0970 | $708,016 | 22768 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 4 | Export | $39.3999 | $727,480 | 18464 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 4 | Export | $41.3154 | $644,520 | 15600 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 4 | Export | $48.0000 | $103,680 | 2160 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 4 | Export | $31.0000 | $31,248 | 1008 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 4 | Export | $46.0750 | $40,546 | 880 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 4 | Export | $29.0000 | $2,784 | 96 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 4 | Export | $49.1667 | $295 | 6 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 5 | Export | $37.1682 | $3,645,156 | 98072 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 5 | Export | $28.5000 | $919,296 | 32256 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 5 | Export | $29.5692 | $894,174 | 30240 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 5 | Export | $32.6738 | $440,704 | 13488 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 5 | Export | $46.9527 | $495,820 | 10560 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 5 | Export | $49.5000 | $237,600 | 4800 | Egypt | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 5 | Export | $48.0000 | $84,480 | 1760 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 5 | Export | $62.6667 | $940 | 15 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 5 | Export | $29.0000 | $174 | 6 | India | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 5 | Export | $36.0000 | $36 | 1 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 6 | Export | $38.7027 | $2,999,616 | 77504 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 6 | Export | $29.4257 | $1,275,426 | 43344 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 6 | Export | $35.1632 | $610,996 | 17376 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 6 | Export | $30.8457 | $351,148 | 11384 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 6 | Export | $48.0000 | $103,680 | 2160 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 6 | Export | $25.5769 | $665 | 26 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 6 | Export | $47.7500 | $191 | 4 | Singapore | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 6 | Export | $30.0000 | $60 | 2 | India | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 6 | Export | $28.0000 | $56 | 2 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 7 | Export | $34.5543 | $1,932,832 | 55936 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 7 | Export | $26.9000 | $976,147 | 36288 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 7 | Export | $29.8950 | $512,280 | 17136 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 7 | Export | $30.6280 | $246,984 | 8064 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 7 | Export | $48.0000 | $122,880 | 2560 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 7 | Export | $30.2039 | $60,891 | 2016 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 7 | Export | $46.7500 | $37,400 | 800 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 7 | Export | $38.4000 | $1,536 | 40 | North Korea | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 7 | Export | $70.0000 | $280 | 4 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 8 | Export | $28.5910 | $3,833,021 | 134064 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 8 | Export | $38.3900 | $2,147,076 | 55928 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 8 | Export | $36.5521 | $1,954,512 | 53472 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 8 | Export | $47.4318 | $1,460,900 | 30800 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 8 | Export | $38.1935 | $397,824 | 10416 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |

**CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

IRICO-00021

| Year | Month | Import/Export | Unit Price (in USD) | Total Prices (in USD) | Quantity | Destination | Company Name |
|------|-------|---------------|---------------------|-----------------------|----------|-------------|--------------|
| 2000 | 8 | Export | $30.2535 | $121,982 | 4032 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 8 | Export | $28.0000 | $56,448 | 2016 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 8 | Export | $30.7520 | $61,996 | 2016 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 8 | Export | $46.0750 | $81,092 | 1760 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 8 | Export | $40.0000 | $40 | 1 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 9 | Export | $34.0071 | $2,942,024 | 86512 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 9 | Export | $28.5000 | $1,953,504 | 68544 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 9 | Export | $29.5463 | $786,640 | 26624 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 9 | Export | $45.6587 | $566,898 | 12416 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 9 | Export | $48.0000 | $272,640 | 5680 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 9 | Export | $32.0000 | $64,512 | 2016 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 9 | Export | $48.1295 | $84,708 | 1760 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 9 | Export | $46.0750 | $40,546 | 880 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 9 | Export | $42.7143 | $598 | 14 | North Korea | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 9 | Export | $48.0000 | $96 | 2 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 10 | Export | $28.5000 | $4,481,568 | 157248 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 10 | Export | $35.6405 | $1,898,924 | 53280 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 10 | Export | $45.6000 | $80,256 | 1760 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 11 | Export | $28.5000 | $3,102,624 | 108864 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 11 | Export | $33.7022 | $2,129,441 | 63184 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 11 | Export | $28.8235 | $987,840 | 34272 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 11 | Export | $30.5017 | $184,474 | 6048 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 11 | Export | $49.5000 | $237,600 | 4800 | Egypt | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 11 | Export | $48.0000 | $184,320 | 3840 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 11 | Export | $46.8631 | $164,958 | 3520 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 11 | Export | $31.7520 | $64,012 | 2016 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 11 | Export | $51.3000 | $513 | 10 | Japan | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 11 | Export | $132.0000 | $132 | 1 | Canada | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 12 | Export | $28.5000 | $2,183,328 | 76608 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 12 | Export | $28.5000 | $2,183,328 | 76608 | Turkey | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 12 | Export | $29.8895 | $1,867,976 | 62496 | Hong Kong | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 12 | Export | $29.7078 | $119,782 | 4032 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 12 | Export | $34.8847 | $101,026 | 2896 | Indonesia | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 12 | Export | $28.0000 | $56,448 | 2016 | South Africa | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 12 | Export | $47.9608 | $84,411 | 1760 | Thailand | China National Electronics Imp.& Exp.Caihong Co. |
| 2000 | 12 | Export | $84.6667 | $508 | 6 | Japan | China National Electronics Imp.& Exp.Caihong Co. |

**CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**