# DOCUMENT 3

**BAKER BOTTS** LLP

| | |
|---|---|
| 101 CALIFORNIA ST.<br>SUITE 3600<br>SAN FRANCISCO, CALIFORNIA 94111<br><br>TEL +1.415.291.6200<br>FAX +1.415.291.6300<br>BakerBotts.com | AUSTIN   LONDON<br>BEIJING   MOSCOW<br>BRUSSELS   NEW YORK<br>DALLAS   PALO ALTO<br>DUBAI   RIYADH<br>HONG KONG   **SAN FRANCISCO**<br>HOUSTON   WASHINGTON |

Stuart C. Plunkett
TEL: 415.291.6203
FAX: 415.291.6303
stuart.plunkett@bakerbotts.com

July 13, 2018

VIA E-MAIL AND COURIER

Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111

      Re:    *In re: Cathode Ray Tubes (CRT) Antitrust Litigation* - MDL No. 1917
              Master File No. 3:07-cv-05944-JST

Dear Judge Walker:

      Defendants Irico Display Devices Co., Ltd and Irico Group Corporation ("Irico") submit this letter brief in opposition to the Direct Purchaser Plaintiffs' ("DPPs") motion to compel responses to jurisdictional discovery. None of the issues raised justifies an order to compel or complies with the standard for jurisdictional discovery where defendants contest jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"). The motion should be denied in its entirety.

## Background

      On February 1, 2018, the Court set aside DPPs' default against Irico and reopened the case. Dkt. No. 5240 at 11. The Court determined that Irico had raised a substantial defense of immunity under the FSIA and ordered that DPPs were "free to undertake jurisdictional discovery." *Id*. at 20. DPPs subsequently served both jurisdictional and merits discovery on Irico, taking the position that the Court had not precluded merits discovery—including discovery directed at Irico's alleged participation in meetings with other CRT manufacturers. Dkt. No. 5266 at 5. Irico refused to respond to any merits discovery, and DPPs filed a motion to compel with Your Honor. Your Honor declined to rule on the motion and asked the Court for guidance on the scope of discovery permitted under the February 1 Order. In an April 25, 2018 Order, the Court denied DPPs' motion to compel merits discovery, holding that, "[a]t this stage of the case, *only* jurisdictional discovery is appropriate." Dkt. No. 5277 at 2 (emphasis added). In accordance with the Court's order, the parties have engaged in jurisdictional discovery in preparation for briefing Irico's immunity under the FSIA.

**BAKER BOTTS** LLP

- 2 -                                                                     July 13, 2018

Recognizing DPPs' potential need to conduct discovery after Irico submits its jurisdictional motions, the parties negotiated a schedule that provides DPPs with over eleven weeks to respond to Irico's motion. Irico's motion to dismiss for lack of jurisdiction is due next week, on July 18, 2018. Dkt. No. 5282. DPPs' opposition is not due until October 15, 2018—twelve days after jurisdictional discovery closes. *Id*.

DPPs' current motion to compel concerns three categories of information: (1) details of any sales of CRTs by Irico into the U.S., (2) any evidence of Irico's involvement in alleged conspiratorial meetings, and (3) evidence regarding the preparation of a declaration submitted last year by Mr. Wenkai Zhang.

## Argument

In the Ninth Circuit, jurisdictional discovery against a foreign sovereign is limited to "verify[ing] allegations of specific facts *crucial* to the immunity determination." *Af-Cap, Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1096 (9th Cir. 2007) (emphasis original). Judge Tigar cited *Af-Cap* and relied on this strict standard in denying DPPs motion to compel Irico to respond to merits discovery. *See* Dkt. 5277 at 2. DPPs fail to meet this standard. They do not offer any argument that Irico has failed to respond to any discovery request seeking information that would verify any allegation *crucial*, or even relevant, to the immunity determination.

### A.   There Is No Issue Regarding Irico's Willingness to Produce the Requested Sales Information

DPPs seek to compel further responses to Interrogatory No. 20 and RFP No. 9 regarding Irico's sale of its CRTs in the United States. But Irico already has agreed to produce all responsive information regarding any sale of its CRTs it made to the U.S., and Irico has confirmed that it made no such sales. Irico will make that showing in its motion to dismiss next week and should DPPs have any further discovery issues based on that motion, DPPs have almost three months of discovery to raise them before they file an opposition brief. DPPs' suspicions and unfounded beliefs about the existence of U.S. sales is not a proper basis for a motion to compel where Irico has agreed to produce the requested information.

Regarding Interrogatory No. 20, Irico has agreed to make all of its archived sales records available for DPPs' inspection. It is DPPs' decision whether to review them. Irico is in the process of preparing a summary of the documents available for inspection, and Irico will provide that to DPPs as soon as possible. Irico will also supplement its interrogatory response should any additional responsive information be discovered. Finally, it is unclear what DPPs seek to compel in pointing out that Irico identified "only" two people with knowledge about sales. These individuals can provide the relevant information, and Irico is not required to list everyone with

**BAKER BOTTS** LLP

- 3 -                                                July 13, 2018

some knowledge of sales.[1]  In any event, DPPs will soon see sworn declarations on the topic of sales and DPPs will have the opportunity to pursue further discovery if any is warranted.

Regarding RFP No. 9, Irico agreed to make available for inspection the documents in its possession that would confirm the lack of sales to the U.S.  Should Irico discover additional information, it is obligated to produce that information and would certainly do so.  DPPs advance no basis for an order to compel, aside from their own suspicions.  Specifically, DPPs are suspicious that Irico "may be withholding information about sales of its products" in the U.S. because Irico produced export records that showed CRT sales in the U.S. by *another* company, China National Electronics Imp. & Exp. Caihong, Co. ("Caihong").  As the DPPs' own submission shows, Caihong is a state-owned enterprise that is entirely separate from Irico. (Mot. at 7.)  The production of these records is no basis for concluding that Irico is withholding information regarding sales by Irico to the U.S.  To the extent DPPs intend to make arguments regarding sales by Caihong, they obviously have the information to make that argument.  Finally, the fact that Irico originally sought to clawback the export records believing them to be work product is of no moment, because once Irico was able to confirm that the documents were in fact discoverable export records, Irico canceled the clawback request.

DPPs also assert that the lack of electronic sales records is "implausible." (Mot. at 6.)  This assertion is unfounded, but more importantly, it does not justify an order to compel.  Irico agrees to produce responsive electronic sales records if any are located.

### B. DPPs Provide No Basis for Compelling Merits Discovery Regarding Irico's Alleged Participation in Meetings Occurring as Long as 20 Years Ago

Most egregiously, DPPs seek to compel Irico to search for and produce "all documents related" to numerous meetings that allegedly occurred between 11 and 20 years ago in response to RFP No. 10.  This request should be denied as an improper attempt by DPPs to seek what is obviously merits discovery directed at DPPs' attempt to show Irico's participation in an alleged global CRT conspiracy.  DPPs previously filed a motion to compel merits discovery, including discovery requests seeking the identical information as RFP No. 10.  *See* Dkt. No. 5266 at 5.  Judge Tigar denied that motion and held that DPPs are not entitled to merits discovery during this phase of the litigation.  Dkt. No. 5277 at 2 (citing *Af-Cap*, 475 F.3d at 1096).  DPPs' attempt to obtain merits discovery by re-labeling as "jurisdictional discovery" the same requests already excluded by Judge Tigar should be rejected.

Indeed, merits discovery aimed at establishing liability—here, Irico's alleged participation in "conspiratorial" meetings with other CRT manufacturers—is precisely the type of intrusive discovery that the FSIA is intended to protect against.  *See Compania Mexicana De Aviacion, S.A. v. U.S. Dist. Court for Cent. Dist. of California*, 859 F.2d 1354, 1358 (9th Cir. 1988) (foreign sovereign "should not be put to the expense of defending what may be a protracted lawsuit without

---

[1] Moreover, DPPs claim that Irico provided only their names, but in fact Irico also provided their positions in subsequent communications with DPPs.

**BAKER BOTTS LLP**

- 4 -                                                                                              July 13, 2018

a prior opportunity to obtain an authoritative determination of its amenability to suit"); *First City, Texas-Houston, N.A. v. Rafidain Bank*, 150 F.3d 172, 176 (2d Cir. 1998) (courts must initially limit discovery to protect a sovereign's "legitimate claim to immunity"). The Ninth Circuit and other courts are uniform in holding that a defendant challenging jurisdiction under the FSIA should not be subject to merits discovery unless and until the Court concludes it can properly exercise jurisdiction. *See Af-Cap, Inc.*, 475 F.3d at 1096; *see also Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 534 (5th Cir. 1992) ("At the very least, discovery should be ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination.").

Finally, even if DPPs could demonstrate some potential relevance of the requested merits discovery to a jurisdictional issue (which they have not done), compelling production from Irico should not be done as it would disregard the Ninth Circuit standard for jurisdictional discovery under the FSIA. As noted, DPPs are entitled to jurisdictional discovery *only* to the extent it is needed to "verify allegations of specific facts *crucial* to the immunity determination." *Af-Cap, Inc.*, 475 F.3d at 1096 (emphasis in original). DPPs' own submissions make it abundantly clear that the information they seek from Irico is not "crucial" to their arguments, because if DPPs want to take the position that Irico's participation in meetings somehow establishes jurisdiction, *they admit that they already have the evidence they need to do that*. *See* Dkt. No. 5191 at 8 ("the evidence demonstrating the existence of the alleged conspiracy . . . and the participation of the Irico defendants is overwhelming"); (Mot. at 8) ("DPPs have evidence . . . that Irico participated in over 70 conspiratorial meetings"). Compelling intrusive merits discovery from Irico is simply not warranted where DPPs have repeatedly admitted they have the information they need to demonstrate that Irico participated in an alleged conspiracy.

In sum, DPPs provide no basis for the Court to grant their request regarding RFP No. 10.

C.   **Wenkai Zhang's Declaration Was Never Considered in this Case and Is Not Relevant**

DPPs seek to compel Irico to respond to Interrogatory No. 9, which seeks detailed facts about information collected for a declaration submitted by Wenkai Zhang last year in support of Irico's Motion to Set Aside Default. Irico is baffled by DPPs' pursuit of this information. First, Judge Tigar never considered Mr. Zhang's declaration in ruling on the Motion. Dkt. No. 5240 at 8 ("the Zhang declaration is not sufficient evidence and the Court has not considered it"). The declaration is thus irrelevant. Second, Irico has already told DPPs that it will produce all documents relied upon by Mr. Zhang in response to their jurisdictional discovery. DPPs will thus receive all information considered by Mr. Zhang. Third, Irico will be submitting declarations next week in support of its jurisdictional motions, and DPPs will have the opportunity to take discovery with respect to those declarations if further discovery is warranted. There is no basis to require Irico to respond to an interrogatory asking about a declaration that was never considered by the Court, is not the subject of any pending motion, and will be superseded in a matter of days. Certainly, this request does not seek information "crucial" to the forthcoming FSIA motions. *See Af-Cap, Inc.*, 475 F.3d at 1096.

**BAKER BOTTS LLP**

- 5 -					July 13, 2018

## Conclusion

    Your Honor should deny the requested relief for all the reasons set forth in Irico's submission.

Sincerely,

*[signature]*

Stuart C. Plunkett

cc:    Jay Weil (jay.weil@fedarb.com)
       Lillian Tom (lt@judgewalker.com)
       Guido Saveri (guido@saveri.com)
       R. Alexander Saveri (rick@saveri.com)
       Geoffrey C. Rushing (grushing@saveri.com)
       Cadio Zirpoli (cadio@saveri.com)
       Matthew D. Heaphy (mheaphy@saveri.com)
       Mario N. Alioto (malioto@tatp.com)
       Lauren C. Capurro (laurenrussell@tatp.com)
       Joseph M. Patane (jpatane@tatp.com)
       Christopher Micheletti (cmicheletti@zelle.com)