# DOCUMENT 4

# SAVERI & SAVERI, INC.

706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

July 18, 2018

*VIA HAND DELIVERY*

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111

> Re:   *In re Cathode Ray Tube (CRT) Antitrust Litigation* – MDL No. 1917,
> Master File No. 07-CV-5944-JST

> *CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER*

Dear Judge Walker:

## I.  Introduction

Direct Purchaser Plaintiffs ("DPPs") submit this reply letter brief in support of their motion to compel responses from Defendants Irico Group Corporation ("Group") and Irico Display Devices Co., Ltd. ("Display") (together, the "Irico Defendants" or "Irico") and to the Irico Defendants' letter brief of July 13, 2018. Irico makes no meaningful challenge to the relevancy of the discovery requests at issue and abandons its primary basis for resisting discovery—undue burden. They do not submit evidence or other substantiation of any unreasonable burden the discovery poses.

Instead, the Irico Defendants rely on misrepresentations of the record—e.g., that they have provided a substantive response to Interrogatory No. 20 relating to their sales into the United States (they have not). Alternatively, they ignore the record and/or DPPs' arguments.

The Irico Defendants also misstate the standard for FSIA jurisdictional discovery. However, because the requests at issue here meet the standard they espouse, Your Honor need not resolve this issue.

## II.  Sales of Irico CRTs in the U.S.

The Irico Defendants fail to refute any of DPPs' arguments.

First, there is no question that Irico's claim to have no U.S. sales is a central and important issue. The Irico Defendants do not deny or disavow it. To the contrary, they affirm that it will be the basis for their FSIA motion. In this context, their refusal to explain the basis for their claim is absurd. Their arguments do not withstand scrutiny.

The Honorable Vaughn R. Walker
7/18/2018
Page 2

First, Irico's assertion that they have responded to Interrogatory No. 20 is false. There is no question that they have provided no substantive response. Rushing Decl., Ex. 3 at 26.[1] To the extent they are relying on Rule 33(d)(1) of the Federal Rules of Civil Procedure, the Irico Defendants fail to offer any argument that their supposed agreement to produce documents complies with that rule. As DPPs explained, Mot. at 7, it plainly does not. Indeed, the only relevant records thus far produced (as far as DPPs can tell)—the summaries showing sales described in DPPs' opening letter brief (Mot. at 6–7) require explanation.[2] While they are labeled as records from "Irico Corporate Archives," the Irico Defendants now claim "they are public data obtained from regional export authorities" reflecting sales by Caihong Co. Rushing Decl., Ex. 14 at 1. In addition the interrogatory also requests explanation of Irico's efforts to sell products in the U.S. during the class period. Mot. at 5.

Even the Irico Defendants' purported "agreement" to produce documents from which the answer to the interrogatory may be determined is illusory. They admit they have not produced them yet, and provide no timeline as to when they might do so. *See* Opp. at 2. And they have failed to respond to multiple inquiries about their intentions.[3] Nor do they deny that whatever documents they produce and whenever they produce them, there will be no records of U.S. sales. *Id.* at 3 ("Irico agreed to make available for inspection the documents in its possession that would confirm the lack of sales to the U.S.").

Second, the Irico Defendants' argument that DPPs should be satisfied with their unsworn and conclusory assertions that they have no U.S. sales is ridiculous. DPPs have been seeking this information since the case began, and Irico has repeatedly provided them (and the Court) with what appears to be materially false information.

For example, as noted in DPPs' opening letter brief, in 2009, the Irico Defendants purported to have reviewed their sales records and asserted that they had no United States sales, including through various other entities, including Caihong Co. Mot. at 6–7; Rushing Decl. Ex. 16, Response at 1–2.

---

[1] Citations to the "Rushing Declaration" or "Rushing Decl." refer to the Declaration of Geoffrey C. Rushing in Support of Direct Purchaser Plaintiffs' Motion to Compel Jurisdictional Discovery from the Irico Defendants, dated July 5, 2018. Citations to the "Rushing Reply Declaration" or "Rushing Reply Decl." refer to the Declaration of Geoffrey C. Rushing in support of this reply brief.

[2] The Irico Defendants statement that "[a]s the DPPs' own submission shows, Caihong is a state-owned enterprise that is entirely separate from Irico[] (Mot. at 7.)" is misleading and suggests that Plaintiffs accept these facts. Plaintiffs have not; they merely quoted information provided by the Irico Defendants in this litigation in 2009. Mot. 7.

[3] On July 13, 2018, Plaintiffs sent a follow up letter to counsel for the Irico Defendants inquiring about the status of letters to which they have not responded, two of which (Rushing Decl., Exs. 9, 10) included requests for information about sales. Rushing Reply Decl., Ex. 1.

*CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER*

The Honorable Vaughn R. Walker
7/18/2018
Page 3

Similarly, in support of the Irico Defendants' motion to lift the default, Wenkai Zhang, speaking on behalf of the Irico Defendants, provided a sworn declaration to the effect that Irico had no U.S. sales. ECF No. 5215-1 ¶ 11 ("I understand that the Class Period in this matter is from March l, 1995, to November 25, 2007. Irico is not aware of any sales by Irico of CRT products, including CPT or CDT products, to customers in the United States, either **directly or indirectly** through a distributor.") (emphasis added).

And in their motion to lift the default, the Irico Defendants repeatedly asserted that they had no U.S. sales. *See, e.g.,* ECF Nos. 5215 at 12; 5229 at 1.

As a result of their "inadvertent" production of export records of Caihong Co., it now appears that all of these assertions were false. Even if one credits the Irico Defendants' assertion that the sales were made "through" Caihong Co. and therefore do not constitute sales of the Irico Defendants, Mr. Zhang's sworn assertion—that "Irico is not aware of any sales by Irico of CRT Products, including CPT or CDT products, to customers in the United States, either directly or indirectly"—is still false.[4]

The Irico Defendants' assertion that Caihong Co. is an independent company also appears to be incorrect. Among other things, the Irico Defendants and Caihong Co. use the same two Chinese characters for "Cai-hong" (彩虹) in their names, Rushing Reply Decl. ¶ 3, strongly suggesting that Caihong Co. is a related company to the Irico Defendants. The 2005 Annual Report of Irico Group Electronics, *id.*, Ex. 2 at 126–27, identifies Caihong Co. as a "related party."[5] Furthermore, Caihong Co.'s offices appear to have the same address as Group and Display: No. 1 Caihong Road, Xianyang, Shaanxi Province, People's Republic of China. *Id.* ¶ 6. And Caihong Co. appears to share personnel with other Irico companies. *Id*. For example:

> Mr. Ma Jianchao (馬建朝) . . . served as chief financial officer of China National Electronics Imp. & Exp Caihong Company (中國電子進出口彩虹公司) from March 1999 to March 2005, during which he served as vice director of the audit department of IRICO Group from April 2001 to March 2002.

*Id.*, Ex. 3 at 22.

---

[4] Mr. Zhang's declaration also contained the false assertion that Display was a "State-owned holding company." ECF No. 5215-1 ¶ 8. In truth, Display is a publicly traded manufacturing company. ECF No. 5226 at 10.

[5] "Related parties include IRICO Group Corporation and its subsidiaries (other than the Group), associates and jointly controlled entitles (hereinafter collectively refered [sic] to the 'IRICO Group'), corporations in which the Company is able to control, jointly control or exercise significant influence, key management personnel of the Company and IRICO Group Corporation and their close family members." *Id.* at 126.

***CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER***

The Honorable Vaughn R. Walker
7/18/2018
Page 4

This raises at least two issues. First, the claim that Caihong Co. is independent appears to be the basis for the Irico Defendants continued claim that they have no U.S. sales. It also suggests that Irico does not presently consider sales by Caihong Co. to be responsive to DPPs' discovery, despite their earlier explanation, in 2009, that some of their sales were made through Caihong Co. or other entities. This raises the question, as pointed out in DPPs' opening letter brief, whether the Irico Defendants are withholding other records of U.S. sales besides those they "inadvertently" produced.

In addition, the Irico Defendants presumably have full information about its relationship with Caihong Co. Yet they fail to support their conclusory assertions that "Caihong Co." is "independent" with any evidence (e.g., a declaration under oath) or even a meaningful explanation.

In this context, Irico's dismissal of DPPs' "suspicions" is baseless. This is a straightforward interrogatory going to an important disputed issue. The Irico Defendants should be ordered to provide a straightforward and complete response that explains all of their sales and marketing efforts to U.S. customers, including those through other entities.

Third, the Irico Defendants' unsupported assertion that they have discretion to name only those witnesses with knowledge that they choose is incorrect. The interrogatory seeks all such persons. As indicated in DPPs' opening letter brief, DPPs are willing to limit the request to managerial personnel. Mot. at 7. DPPs acknowledged in their opening letter brief that Irico had provided current or recent job titles for their identified witnesses. Rushing Decl. ¶ 11 & Ex. 15. The question here is Irico's failure to provide their job histories with Irico. As noted, this information is essential to evaluate their knowledge of relevant matters. If the witnesses are deposed, it will also likely save significant deposition time.

Finally, Irico's assertion that DPPs should simply wait for its FSIA motion and then undertake additional discovery is yet another evasion. Again, this discovery is straightforward and fair. It was propounded almost four and a half months ago. The fact that the Irico Defendants continue to resist providing a substantive response is astounding. The Irico Defendants' suggestion that no discovery was contemplated before the filing of their brief is incorrect. Judge Tigar exhorted DPPs to begin discovery and to move to compel discovery promptly. *See* Case Mgmt. Conf. Tr. 27:17–20 (Apr. 24, 2018) ("It also seems to me that -- and I'm sure the parties have figured this out already. It's important that any discovery disputes not be allowed to linger; that you get in front of Judge Walker immediately.")

### III. Notes of Alleged Conspiratorial Meetings

The Irico Defendants also fail to articulate any valid reason to deny this motion as to documents relating to the 26 conspiratorial meetings identified in DPPs' Application

*CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER*

The Honorable Vaughn R. Walker
7/18/2018
Page 5

for Default Judgment and in their Opposition to Irico's Motion to Set Aside Default.[6]
Again, the Irico Defendants fail to meaningfully address DPPs' arguments.

First, there is no question that these documents are relevant. Judge Tigar's Order
establishes this beyond argument. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL
No. 1917, Case No. C-07-5944 JST, 2018 WL 659084, at *5 (N.D. Cal. Feb. 1, 2018)
("Order"); Mot. at 9. The Irico Defendants fail to meaningfully address this argument.
Nor do the Irico Defendants disavow their denials of participation in the alleged
conspiracy, or even disclaim an intention to base their FSIA arguments on such denials.

Second, the Irico Defendants have abandoned any argument based on an alleged
undue burden. As explained in DPPs' opening letter brief, DPPs seek a limited subset of
the full range of documents related to the Irico Defendants' attendance at alleged
conspiracy meetings, and have provided detailed information about the meetings and
personnel involved which will facilitate an efficient search. Mot. at 9. Moreover, the Irico
Defendants do not deny—as DPPs believe likely—that they have already collected these
documents.

Third, the Irico Defendants completely fail to address the fact that DPPs expressly
requested jurisdictional discovery regarding these meetings in their opposition to the Irico
Defendants' motion to lift the default. Judge Tigar appeared to grant their request without
limitation. Order, 2018 WL 659084, at *11.

Fourth, the Irico Defendants' argument that the discovery amounts to forbidden
"merits" discovery essentially assumes its conclusion. It overlooks the obvious point that
discovery can be relevant to more than one issue. The fact that these documents may also
be relevant to the Irico Defendants' liability does not mean that they are not relevant to
the Irico Defendants' claimed immunity under the FSIA. The Supreme Court made this
very point in *Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*,
137 S. Ct. 1312 (2017). It "recognize[d] that merits and jurisdiction will sometimes come
intertwined." *Id.* at 1319. It explained that if, to answer the jurisdictional question, the
court "must inevitably decide some, or all, of the merits issues, so be it." *Id.* And indeed,
the Irico Defendants acknowledged this point in their opposition to DPPs' motion to
compel responses to discovery served on the Irico Defendants prior to their disappearance
from this litigation. ECF No. 5272 at 6.

The Irico Defendants' suggestion that the Court's order on DPPs' motion to
compel forbids the discovery in issue is incorrect. The Court simply limited DPPs to
jurisdictional discovery, relying on *Bolivarian Republic*. ECF No. 5277 at 2. The Court
denied DPPs' motion to compel previously propounded merits discovery—the discovery

---

[6] DPPs' opening letter brief erroneously referred to paragraph 13 of the Rushing
Declaration. It should have referred to paragraph 9 of the Declaration of R. Alexander
Saveri in Support of Plaintiffs' Application for Default Judgment by the Court, ECF No.
5191-1.

*CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER*

The Honorable Vaughn R. Walker
7/18/2018
Page 6

to which all of the other defendants responded—because "the Court's jurisdiction over the Irico Defendants remains unsettled." *Id.* It did not address any specific discovery requests. *Id.* There is no reason that Irico should be able to shield itself from jurisdictional discovery because it overlaps with previously propounded discovery.[7]

The Irico Defendants' argument that DPPs already have evidence of the Irico Defendants' participation in these meetings from other sources and, therefore, do not need this discovery is wrong. Again, the Irico Defendants' arguments in support of their claim of FSIA immunity depend in part on their denial of participation in the alleged conspiracy. *See* Order, 2018 WL 659084, at *5. To deny DPPs' discovery of the Irico Defendants' records of these meetings, yet allow the Irico Defendants to deny and explain away their attendance in support of their claim of immunity, would be to turn the principles of discovery on their head.

The Irico Defendants' claim that jurisdictional discovery under the FSIA is limited to matters "crucial" to the FSIA determination is not supported by the cases they rely on. All emphasize that discovery into issues relevant to the determination of FSIA immunity is permitted. *See, e.g., First City, Texas-Houston, N.A. v. Rafidain Bank*, 150 F.3d 172, 176 (2d Cir. 1998) ("Such considerations ***require a delicate balancing 'between permitting discovery to substantiate exceptions to statutory foreign sovereign immunity*** and protecting a sovereign's or sovereign agency's legitimate claim to immunity from discovery.'") (emphasis added) (*quoting Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 534 (5th Cir. 1992)).

*Af-Cap Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080 (9th Cir. 2007), is inapposite. There, the Ninth Circuit held that the district court did not abuse its discretion where it "permitted Af-Cap more than fifteen months of discovery from both the Congo and ChevronTexaco, and . . . the district court did not restrict discovery because of the Congo's sovereign immunity, but because Af-Cap's discovery requests had 'gone too far.'" *Id.* at 1096. In fact, "Af-Cap ha[d] not specified what additional discovery was warranted." *Id.* The *Af-Cap* Court's quote from *Connecticut Bank of Commerce v. Republic of Congo*, 309 F.3d 240, 260 n.10 (5th Cir. 2002) which the Irico Defendants cite is, therefore, dicta. *Compania Mexicana De Aviacion, S.A. v. U.S. District Court for Central District of California*, 859 F.2d 1354 (9th Cir. 1988), did not address the scope of jurisdictional discovery. Rather, it dealt with the question of the availability of interlocutory review of a foreign sovereign immunity determination. *Id.* at 1356–57. In *First City*, the Fifth Circuit held that the district court abused its discretion by not

---

[7] The Irico Defendants suggestion that "DPPs' attempt to obtain merits discovery by re-labeling as 'jurisdictional discovery' the same requests already excluded by Judge Tigar," Opp. at 3, is false. Plaintiffs proposed the topics for jurisdictional discovery in their opposition to the Irico Defendants' Motion to Set Aside Default, filed on December 7, 2017, ECF No. 5228 at 17–18, well before DPPs asked the Irico Defendants to respond to the discovery propounded in 2010 and 2011, on February 14, 2018. *See* ECF No. 5266-1, Ex. 8.

*CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER*

The Honorable Vaughn R. Walker
7/18/2018
Page 7

permitting additional discovery of an Iraqi defendant alleged to be the alter ego of the governmental entity subject to the FSIA. 150 F.3d at 177.

Lastly, the Irico Defendants fail to note the district court's broad discretion with respect to jurisdictional discovery. *See, e.g., Af-Cap*, 475 F.3d at 1096 ("The district court 'has extensive control over the discovery process.'") (*quoting Flatow v. Islamic Republic of Iran*, 308 F.3d 1065, 1074 (9th Cir. 2002)); *Conn. Bank of Commerce*, 309 F.3d at 260 n.10 (2002) ("The scope of discovery on exceptions to foreign sovereign immunity is a matter of the district court's discretion."). The Irico Defendants should respond to discovery that the district court here has deemed relevant to its FSIA inquiry.

In any event, the discovery at issue here is important enough to require an answer.

## IV. Wenkai Zhang's FSIA Investigation

Again, the Irico Defendants fail to address DPPs' arguments. The witnesses Mr. Zhang talked to, what they said, and the documents he reviewed are all likely sources of relevant information regarding the various aspects of the Irico Defendants' immunity claim. For example, the witnesses and documents he consulted regarding Irico's U.S. sales are plainly important.

That the Irico Defendants may have decided not to rely on Mr. Zhang's testimony does not alter this fact. The Irico Defendants have not and cannot point to any unreasonable burden associated with this interrogatory because there is none. They assert no privilege. Their assertion that this request is not "crucial" to Plaintiffs ability to respond to the motion is incorrect for the reasons stated above. They should be compelled to answer it.[8]

## V. Conclusion

For the foregoing reasons, the Irico Defendants should be compelled to respond to the jurisdictional discovery at issue.

Very truly yours,

*s/ R. Alexander Saveri*

R. Alexander Saveri
Lead Counsel for Direct Purchaser Plaintiffs

---

[8] The Irico Defendants' statement that they "will" produce all documents Mr. Zhang reviewed, Opp. at 4, contradicts their representations in the meet and confer discussions that they had already produced all such documents. Rushing Decl., Ex. 9 at 5. The Irico Defendants should confirm the status of the production of these documents.

*CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER*

The Honorable Vaughn R. Walker
7/18/2018
Page 8


Cc:     Lillian Tom (via email)
        Jay Weil (via email)
        John Taladay (via email)
        Erik T. Koons (via email)
        Stuart C. Plunkett (via email)
        Thomas E. Carter (via email)
        Ashley Eickhof (via email)
        Kaylee Yang (via email)
        Mario N. Alioto (via email)
        Lauren C. Capurro (via email)
        Christopher T. Micheletti (via email)
        Joseph M. Patane (via email)

*CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER*