# DOCUMENT 6

**BAKER BOTTS** L.L.P.

```
                              101 CALIFORNIA ST.      AUSTIN       LONDON
                              SUITE 3600              BEIJING      MOSCOW
                              SAN FRANCISCO, CALIFORNIA BRUSSELS   NEW YORK
                              94111                   DALLAS       PALO ALTO
                                                      DUBAI        RIYADH
                              TEL +1.415.291.6200     HONG KONG    SAN FRANCISCO
                              FAX +1.415.291.6300     HOUSTON      WASHINGTON
                              BakerBotts.com
```

Stuart C. Plunkett
TEL: 415.291.6203
FAX: 415.291.6303
stuart.plunkett@bakerbotts.com

July 25, 2018

VIA E-MAIL AND COURIER

Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111

      Re:   *In re: Cathode Ray Tubes (CRT) Antitrust Litigation* - MDL No. 1917
              Master File No. 3:07-cv-05944-JST

Dear Judge Walker:

      Defendants Irico Display Devices Co., Ltd and Irico Group Corporation ("Irico" or "Defendants") submit this letter brief as a surreply to clarify and correct several new assertions made in Direct Purchaser Plaintiffs' ("DPPs") reply brief regarding their jurisdictional discovery requests. Irico has not misrepresented any facts, as DPPs contend, and, as to the majority of DPPs' claims, there is no discovery dispute that warrants an order to compel production. Where DPPs have identified requests warranting further responses, Irico agrees to supplement (as set forth below).

      **Issue #1 – Irico Sales to the U.S.**

      There is no discovery dispute regarding Irico's sales to the U.S. Irico agrees to produce, or to make available for inspection, records of its sales of CRTs into the U.S. Irico also agrees to supplement its response to Interrogatory No. 20 to include the factual information that Irico has now provided in declarations accompanying its motions to dismiss. DPPs, moreover, will have the opportunity to depose Irico's declarants regarding U.S. sales. There is simply no basis for an order to compel on the issue of U.S. sales.

      Contrary to DPPs' assertions, Irico is not "withholding other records of U.S. sales" of CRTs, by Irico or by China National Electronics Import & Export Caihong Co. ("Caihong"). Although Irico disputes the relevance of sales made by Caihong, DPPs' motion acknowledges that Irico ***has produced*** those export records (which Irico obtained from customs authorities in China). Those documents were not "inadvertently produced," as DPPs suggest, DPP Reply at 4, but were inadvertently clawed back when Irico mistakenly believed it had produced documents

**BAKER BOTTS** LLP

- 2 -                                                                                              July 25, 2018

prepared for litigation purposes.  When Irico realized that error, it told DPPs that the documents were properly produced by withdrawing its clawback request.  While there appears to be a legal dispute over the significance of Caihong sales, there is no discovery dispute.

The fact that Irico's internal sales records contain "no records of U.S. sales" of CRTs, Reply at 2, is unsurprising given that no Irico entities made any such sales.  Irico has now provided a sworn declaration confirming that "neither Irico Group nor Irico Display, nor any other subsidiary of Irico Group sold any CRTs to the United States at any time from 1995-2007." Plunkett Decl. Ex. 1, ¶ 12 (Decl. of Zhaojie Wang in Support of Irico Defendants' Motions to Dismiss for Lack of Jurisdiction).  As noted, Irico will supplement its interrogatory responses accordingly, and Irico will comply with all of its obligations to update discovery responses if and when additional information is located.

Irico has also provided DPPs with the requested information on relevant prior positions held by all employees identified as knowledgeable on U.S. sales (and all other Interrogatory topics).  Plunkett Decl. Ex. 2.  Irico will supplement its interrogatory response to reflect this information.  In sum, there remains nothing to compel regarding U.S. sales by Irico.

**Issue #2 – Merits Discovery Regarding Alleged Conspiratorial Meetings**

DPPs insist that they are entitled to merits discovery, and now argue that Judge Tigar has already implicitly granted their request.  Reply at 5.  DPPs included a list of proposed discovery topics in their opposition to Irico's Motion to Set Aside Default, Dkt. 5228 at 18, and according to DPPs, when Judge Tigar granted Irico's motion and told DPPs they could pursue "limited jurisdictional discovery," Dkt. 5240 at 20, Judge Tigar somehow implicitly endorsed DPPs' "list" as setting forth the proper scope of jurisdictional discovery.  This, of course, is nonsense, because Judge Tigar was not deciding the scope of jurisdictional discovery or even addressing a motion to compel.

Not only do DPPs' distort the meaning of Judge Tigar's order on the Motion to Set Aside, DPPs disregard Judge Tigar's April 25, 2018 Order—***the one order where Judge Tigar did address the scope of discovery on a motion to compel and DENIED DPPs' REQUEST FOR MERITS DISCOVERY, which included requests seeking the same information that DPPs now seek to compel as jurisdictional discovery***.  Judge Tigar held that, because "the Court's jurisdiction over the Irico Defendants remains unsettled[,] . . . only *jurisdictional discovery* is appropriate." Dkt. 5277 at 2 (emphasis added).

DPPs ignore another important aspect of Judge Tigar's April 25, 2018 Order: the standard he set forth for jurisdictional discovery, which is the Ninth Circuit standard articulated in *Af-Cap*.  Judge Tigar limited the scope of DPPs' discovery to "verify[ing] allegations of specific facts crucial to the immunity determination." Dkt. No. 5277 at 2 (quoting *Af-Cap, Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1096 (9th Cir. 2007).  DPPs, however, attempt to apply a different standard by arguing that *Af-Cap* is "inapposite" and that discovery is not limited to facts crucial to the FSIA determination, ***despite the fact that Judge Tigar explicitly***

**BAKER BOTTS** LLP

- 3 -                                                                                                                    July 25, 2018

*affirmed this standard*. *See* Dkt. No. 5277 at 2 (quoting *Af-Cap, Inc.*, 475 F.3d at 1096); *see also First City, Texas-Houston, N.A. v. Rafidain Bank*, 150 F.3d 172, 176 (2d Cir. 1998); *Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 534 (5th Cir. 1992) (jurisdictional discovery to "verify allegations of specific facts crucial to an immunity determination"); *cf.* Reply at 6 (citing *First City*, 150 F.3d at 176; *Arriba Ltd.*, 962 F.2d at 534).

The requested discovery regarding the alleged conspiratorial meetings is not "crucial" to the immunity determination, or even relevant. DPPs repeatedly argue that any documents related to the alleged conspiratorial meetings are relevant because Defendants will "base their FSIA arguments" on a denial of involvement in the conspiracy. Reply at 5; *see also id.* at 6 ("Defendants' arguments in support of their claim of FSIA immunity depend in part on their denial of participation"). But on July 18, 2018, the Irico entities submitted their motions to dismiss, setting forth each of their bases for immunity under the FSIA. Dkt. Nos. 5312; 5313. None of the arguments presented in either of these motions depends on Irico's participation in the alleged conspiracy.

Finally, DPPs' admissions that they already possess the information they need to demonstrate Irico's participation in the alleged conspiracy is reason alone to deny DPPs' motion to compel. To the extent the information DPPs seek to compel is potentially relevant to an argument they plan to make, they already have the information they need to make their argument. Their discovery request directed at Irico thus cannot satisfy the standard for jurisdictional discovery under the FSIA. *See* Dkt. No. 5277 at 2 (quoting *Af-Cap, Inc.*, 475 F.3d at 1096).

### Issue #3 – Zhang Declaration

DPPs' persistent focus on Mr. Zhang's declaration from last year is much ado about nothing. The declaration was never considered by the Court and has been superseded by the declarations submitted in support of Irico's jurisdictional motion to dismiss. Furthermore, Irico has produced the documents that Mr. Zhang considered. There is simply no basis for compelling Irico to respond to an irrelevant interrogatory when DPPs have all the information they seek.

### Conclusion

Your Honor should deny the requested relief for all the reasons set forth in Irico's submissions.

                                                                Sincerely,

                                                                *[signature]*

                                                                Stuart C. Plunkett

cc:     Jay Weil (jay.weil@fedarb.com)

**BAKER BOTTS** LLP

- 4 -                                              July 25, 2018

Lillian Tom (lt@judgewalker.com)
Guido Saveri (guido@saveri.com)
R. Alexander Saveri (rick@saveri.com)
Geoffrey C. Rushing (grushing@saveri.com)
Cadio Zirpoli (cadio@saveri.com)
Matthew D. Heaphy (mheaphy@saveri.com)
Mario N. Alioto (malioto@tatp.com)
Lauren C. Capurro (laurenrussell@tatp.com)
Joseph M. Patane (jpatane@tatp.com)
Christopher Micheletti (cmicheletti@zelle.com)