# DOCUMENT 9

# SAVERI & SAVERI, INC.
706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

September 11, 2018

*VIA HAND DELIVERY*

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111

   Re: <u>*In re Cathode Ray Tube (CRT) Antitrust Litigation* – MDL No. 1917,
      Master File No. 07-CV-5944-JST</u>

Dear Judge Walker:

## I. Introduction

On August 3, 2018, Your Honor recommended that the Court grant Direct Purchaser Plaintiffs' ("DPPs") motion to compel discovery from the defendants Irico Group ("Group") and Irico Display ("Display") (together "Irico Defendants" or "Irico") relating to 1) sales and marketing of Irico products in the United States; 2) the investigation by Irico declarant Wenkai Zhang into the subjects of his declaration; and 3) documents relating to 26 identified meetings ("Meeting Notes") with competitors in the CRT industry attended by Irico personnel. Order re DPPs' Motion for Jurisdictional Discovery, ECF No. 5320 ("Order"). The Order was adopted by the Court on August 20, 2018. ECF No. 5324. DPPs bring this motion to compel compliance with the Order.

The Order required that the Irico Defendants provide full responses to Interrogatory No. 20 regarding their sales and marketing in the United States, including through other companies—"related or not"—and produce all documents relating to United States sales. It also required, among other things, that the Irico Defendants produce documents detailing its relationship with any other companies that sold their products in the United States. *Id.* at 4–5.

As to Mr. Zhang, the Order required a full response to Interrogatory No. 9, including, *inter alia*, identifying all documents he reviewed and the dates he did so. *Id.* at 9.

The Order also required the Irico Defendants to produce the Meeting Notes, but did not specify a deadline for production. *Id.* at 7.

The Irico Defendants have failed to comply with the Order. With regard to their U.S. sales activity, they provided no meaningful new information. Their supplemental response to Interrogatory No. 20 is cursory and conclusory. They have produced no

The Honorable Vaughn R. Walker
9/11/2018
Page 2

documents documenting sales in the U.S. As to their relationship with Caihong Co., they simply repeat their conclusory and apparently incorrect assertions that it is an "independent" customer. Documents submitted in support of the Irico Defendants' motions to dismiss establish that, at least through April, 2004, Caihong Co. was a wholly owned subsidiary of Group.

With regard to Mr. Zhang, Irico's responses provide no meaningful information about the basis for the assertions in his declaration. Instead, Irico simply states that Mr. Zhang reviewed all of the documents produced in the case over several months in the fall of 2017. Troublingly, Irico also discloses that Mr. Zhang reviewed sales records that have not been produced.

Finally, with regard to the Meeting Notes, Irico has not produced any documents or provided a date by which it will do so. DPPs submit that the documents should be produced immediately, and in no event later than September 19. The parties are in the process of scheduling depositions of Irico personnel. They are tentatively set to begin on September 24, 2018 in Hong Kong.

DPPs therefore now submit this motion to enforce the Order.[1] DPPs also request, in light of the imminent depositions, that this motion be heard on an abbreviated briefing schedule. In place of the briefing schedule set forth in Your Honor's Standing Order re Briefing Schedule for Discovery Motions and Hearings (Nov. 20, 2014), DPPs propose that Irico's opposition be due next Monday by close of business and that DPPs' reply brief be due the following day.[2]

## II. Discovery Responses at Issue

### a. RFP No. 9 and Interrogatory No. 20: U.S. Sales

As explained in DPPs' first motion to compel jurisdictional discovery, Irico's claim of FSIA immunity is premised on their claim that they had no U.S. sales during the class period. As also explained in the first motion, this claim appears to be false. Irico has produced Chinese government customs records showing a total of almost $2 million of U.S. sales of Irico products over several years (1995, 1998, 1999, 2001, 2002, and 2003). DPPs' Interrogatory No. 20 sought a description of Irico's U.S. sales and marketing, and identification of related documents, among other things. DPPs' RFP No. 9 required production of all documents related to U.S. sales. Your Honor also granted DPPs' motion to compel as to these requests as follows:

---

[1] DPPs have raised these issues with Irico by letters dated August 17 and September 7, 2018. They are Exhibits 1 and 3 to the Rushing Declaration. Irico's August 22 response to the first letter is Exhibit 2. Irico has not responded to the second letter.

[2] The ordinary briefing schedule set forth in Your Honor's Standing Order is that oppositions are due seven days after service of the motion, and replies are due five days after the opposition.

The Honorable Vaughn R. Walker
9/11/2018
Page 3

> (1) supplement its responses in full no later than September 4, 2018, (2) search for ***and produce all documents*** relating to any and all sales of Irico CRT Products into the United States during the class period by any party whether related or not, including Irico Electronics, Xian Irico Display Technology Co, Ltd and Caihong Co, and any other entity that exported Irico's CRT products into the United States no later than September 4, 2018, (3) search for and produce pertinent documents detailing the legal relationship of Irico and Caihong Co and any other exporter of Irico's CRT products into the United States throughout the class period no later than September 4, 2018 (4) identify the locations of all repositories of electronic documents or files relating to United States sales of Irico's CRT Products ***and the legal relationships of Irico and any entities that sold Irico's CRT Products in the United States*** throughout the class period and include that information to the DPPs in its sales discovery responses no later than September 4, 2018, (5) ***provide summary explanations of sales records*** relevant to United States sales of Irico's CRT Products and of "Irico's efforts to sell products in the U.S. during the class period" as requested by Interrogatory No 20 no later than August 24, 2018 . . . .

ECF No. 5320 at 4–5 (emphases added).

Irico's supplemental responses do not comply with the Court's order. First, Irico's second supplemental response to Interrogatory No. 20 is plainly inadequate. It states simply:

> Irico is aware from review of customs records that an ***independent company***, CNEIECC, resold samples of Irico's CRTs into the U.S. in an apparent effort to enter the U.S. market. Irico understands this effort was ultimately a failure. CNEIECC did not report these efforts to Irico at the time.

Rushing Decl., Ex. 4 at 10 (emphasis added).[3] Despite years of sales, it fails to provide meaningful information about Caihong Co.'s sales and marketing efforts. It does not quantify the sales, identify customers, describe marketing efforts, or identify documents, among other things.

Second, Irico has failed to meaningfully describe "the legal relationships of Irico and any entities that sold Irico's CRT Products in the United States." As indicated by the quote above, Irico simply repeats its assertion that Caihong Co. was an independent company:

---

[3] "CNEIECC" is an apparent reference to "China National Electronics Import & Export Caihong Co.," although the Irico Defendants never define it in their supplemental discovery responses. They did refer to this entity by its full name, and as "Caihong," in their surreply letter brief dated July 25, 2018, but inexplicably fail to do so thereafter.

The Honorable Vaughn R. Walker
9/11/2018
Page 4

> CNEIECC and Irico's relationship is one of ***customer and supplier***. The two companies are separate entities that have had separate shareholders and management at all relevant times.

*Id.*, Ex. 5 at 12 (emphasis added). But again, Irico's response is completely conclusory. It does not explain the factual basis for its assertions. It does not address the facts DPPs have identified showing that Caihong Co. was owned and controlled by Irico—i.e., that they share name, address, and management with Group and Display. Moreover, an organization chart submitted by Irico in support of its motions to dismiss confirms that, at least as of April 2004, Caihong Co. was 100% owned by Group:

Case 3:07-cv-05944-JST   Document 5312-12   Filed 07/18/18   Page 66 of 166

Annex 2                    IRICO Group Company Organisation Chart



The Honorable Vaughn R. Walker
9/11/2018
Page 5

ECF Nos. 5312-12, Ex. 49, Annex 2; 5313-12, Ex. 49, Annex 2.[4]

Third, Irico has produced no additional "documents relating to any and all sales of Irico CRT Products into the United States during the class period by any party whether related or not." Again, given the substantial sales activity over nine years, there must have been substantial documentation relating to this activity, including invoices, pre-sale correspondence, marketing efforts, internal sales reports, and similar records. Yet Irico has produced nothing.

Irico's insistence that they have agreed to "make available"—in three separate locations in China—up to five million pages of archival sales and accounting records also does not comply with the order. It requires that the relevant documents be produced to plaintiffs. *See, e.g.*, *id.*, Ex. 4 at 11–12.

Finally, the Irico Defendants have failed to "provide summary explanations of sales records relevant to United States sales of Irico's CRT Products and of 'Irico's efforts to sell products in the U.S. during the class period,' as requested by Interrogatory No 20," as required by the Order. Instead, they provided summaries of the location and quantities of apparently all existing records—millions of pages of archival sales and accounting records. However, none of the summaries mention U.S. sales records or point to information that would inform DPPs' inquiry. Furthermore, as discussed below, Mr. Zhang apparently reviewed a portion of these sales records, yet Irico refuses to identify, much less produce these records.

For these reasons, Irico should be compelled to supplement its responses to include all of the U.S. sales information required by the Order.

**b. Interrogatory No. 9: Identification of Zhang Documents**

As explained in DPPs first motion to compel jurisdictional discovery, Mr. Zhang made a declaration in support of Irico's motion to lift the default. Mr. Zhang's declaration addressed virtually every relevant fact relied upon by the Irico Defendants to argue that they are immune from suit under the FSIA. It was apparent that Mr. Zhang lacked personal knowledge of any of the facts he averred. DPPs therefore sought the basis for his assertions. Your Honor granted DPPs' motion:

The DPPs' motion to compel a response to Interrogatory No 9 is GRANTED. Irico shall (1) respond fully to Interrogatory No 9 no later than August 10, 2018 and (2) within that response, ***identify all documents that Mr Zhang considered***, the dates he was provided with such documents, the names of the individuals who provided the documents to him and the names of all individuals who communicated with him about

---

[4] While the name of the company is translated differently, the original Chinese characters are identical to those for Caihong Co. Rushing Decl. ¶ 7.

The Honorable Vaughn R. Walker
9/11/2018
Page 6

> his declaration or were otherwise involved in the preparation of his
> declaration.

ECF No. 5320 at 9 (emphasis added). In their supplemental responses, however, the Irico
Defendants provided virtually no meaningful additional information. Their response, in
its entirety, reads as follows:

> Mr. Zhang does not remember with specificity which documents
> he reviewed on which dates while preparing the declaration he executed
> on October 25, 2017, but he began reviewing documents in September of
> 2017 and completed his review in December of 2017. In this process, Mr.
> Zhang reviewed (1) all documents Bates labeled IRI-CRT-00000001
> through -904; and (2) *archival sales and accounting records that Irico*
> *has previously agreed to make available for inspection*. These archival
> records were provided to Mr. Zhang by: Mei Li, Director of Irico Group
> Archive; Hua Yang, Director of Department of Accounting of Irico
> Group; Tao Long, Secretary to the Board of Directors of Irico Display.

> Aside from his discussions with outside counsel, Mr. Zhang
> communicated about the preparation of his declaration with Zhaojie
> Wang, Yunlong Yan, Ye Yang, and Tao Long.

Rushing Decl., Ex. 7 at 7.[5]

As noted, there are two problems with the response. First, it provides no
meaningful information about the documents or other information Mr. Zhang relied upon
in his declaration. Indeed, it indicates that he had reviewed only some of the
approximately 900 pages of material he refers to before he executed his declaration, but
provides no hint as to which those were. Similarly, he fails to describe the substance of
his communications with Messrs. Wang, Yan, Yang and Long, or the timing of those
discussions—i.e., before or after he executed the declaration. In short, the response is an
evasion of the Order.

Second, Mr. Zhang discloses that he reviewed "archival sales and accounting
records" provided by Mei Li, Tao Long and Hua Yang. Presumably, these documents
formed the basis for his false assertions that Irico had no U.S. sales. ECF No. 5215-1 ¶
11; Order at 4. The response does not, however, identify these documents as required by
the Order. Order at 9. Nor have the Irico Defendants produced these documents, despite

---

[5] This interrogatory response is also the first time that the Irico Defendants informed
DPPs that Mr. Zhang had considered "archival sales and accounting records that Irico has
previously agreed to make available for inspection." The Irico Defendants had previously
represented to DPPs and in their surreply in support of their opposition to DPPs' July 5
motion, that "Irico has produced the documents that Mr. Zhang considered."

The Honorable Vaughn R. Walker
9/11/2018
Page 7

having previously represented to DPPs and the Court that all documents considered by Mr. Zhang have been produced. *Id.* at 8.

Irico's assertion that they "have previously agreed to make available for inspection" responsive documents is misleading at best. This "agreement" is in fact a refusal to produce responsive documents. Irico has refused to identify and produce responsive documents. Instead, it has offered to open virtually all of its files—millions of pages in Chinese—and invited plaintiffs to come to China to search through them for weeks or months for potentially relevant information.[6] This sort of hiding needles in haystacks is improper. It is an obvious abuse of discovery when, as here, they have previously segregated documents that go to the issue.

### c.  Meeting Notes

The Order compelled Irico to produce documents related to 26 meetings attended by Irico with its competitors. The Order did not specify a date for such production and Irico has not yet produced any responsive documents or indicated when it will do so, despite plaintiffs' requests. DPPs respectfully submit that they should be ordered to produce these documents immediately.

### III. Conclusion

For the foregoing reasons, the Irico Defendants should be compelled to further supplement their responses to Interrogatories Nos. 9 and 20, and RFP No. 9.

Very truly yours,

*s/ R. Alexander Saveri*

R. Alexander Saveri
Lead Counsel for Direct Purchaser Plaintiffs

Cc:    Lillian Tom (via email)
         Jay Weil (via email)
         John Taladay (via email)
         Erik T. Koons (via email)
         Stuart C. Plunkett (via email)
         Thomas E. Carter (via email)
         Ashley Eickhof (via email)
         Kaylee Yang (via email)

---

[6] The documents the Irico Defendants have "agreed to make available" at several different locations in China appear to comprise up to five million pages according to information provided by counsel for the Irico Defendants. *See* Rushing Decl., Ex. 8.

The Honorable Vaughn R. Walker
9/11/2018
Page 8

       Mario N. Alioto (via email)
       Lauren C. Capurro (via email)
       Christopher T. Micheletti (via email)
       Joseph M. Patane (via email)