# DOCUMENT 10

Guido Saveri (22349)
    guido@saveri.com
R. Alexander Saveri (173102)
    rick@saveri.com
Geoffrey C. Rushing (126910)
    grushing@saveri.com
Cadio Zirpoli (179108)
    cadio@saveri.com
Matthew D. Heaphy (227224)
    mheaphy@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **DECLARATION OF GEOFFREY C. RUSHING IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' SECOND MOTION TO COMPEL JURISDICTIONAL DISCOVERY FROM THE IRICO DEFENDANTS** |
| *ALL DIRECT PURCHASER ACTIONS* | |
| | Special Master: Hon. Vaughn R. Walker (Ret.) |

I, Geoffrey C. Rushing, declare:

1.     I am of counsel to Saveri & Saveri, Inc., Lead Counsel for Direct Purchaser Plaintiffs ("DPPs") in this action. I am a member of the Bar of the State of California and admitted to practice in the Northern District of California. I have been involved in virtually every aspect of this case from its outset in 2007. I make this Declaration in Support of DPPs' Second Motion to Compel Jurisdictional Discovery from the Irico Defendants. Except as otherwise stated, I have personal knowledge of the facts stated below.

2.     On August 17, 2018, I sent a letter to Stuart C. Plunkett of Baker Botts LLP, counsel for the Irico Defendants, regarding certain deficiencies in the Irico Defendants' Supplemental Objections and Responses to Direct Purchaser Plaintiff Studio Spectrum, Inc.'s First Set of Interrogatories. Attached hereto at <u>Exhibit 1</u> is a true and correct copy of my letter to Mr. Plunkett dated August 17, 2018.

3.     On August 22, 2018, I received a letter from Mr. Plunkett responding to my letter of August 17, 2018. Attached hereto as <u>Exhibit 2</u> is a true and correct copy of Mr. Plunkett's letter dated August 22, 2018.

4.     On September 7, 2018, I sent a letter to Mr. Plunkett regarding Irico's compliance with the Court's order on DPPs' motion to compel. Attached hereto at <u>Exhibit 3</u> is a true and correct copy of my letter to Mr. Plunkett dated September 7, 2018.

5.     Attached hereto as <u>Exhibit 4</u> is a true and correct copy of Irico Defendants' Second Supplemental Objections and Responses to Direct Purchaser Plaintiff Studio Spectrum, Inc.'s First Set of Interrogatories, served on August 24, 2018.

6.     Attached hereto as <u>Exhibit 5</u> is a true and correct copy of Irico Defendants' Third Supplemental Objections and Responses to Direct Purchaser Plaintiff Studio Spectrum, Inc.'s First Set of Interrogatories, served on September 4, 2018.

7.     Attached hereto as <u>Exhibit 6</u> is an organization chart, in Chinese and translated into English, excerpted from Exhibit 49 submitted by Irico in support of its motions to dismiss, filed on July 18, 2018 at ECF No. 5312-12. I am informed and believe that the Chinese characters for the

1

RUSHING DECL. ISO DIRECT PURCHASER PLAINTIFFS' 2ND MOTION TO COMPEL JURISDICTIONAL DISCOVERY FROM THE IRICO DEFENDANTS; Master File No. 07-CV-5944-JST

name "China Electronics Import and Export IRICO Company" are the same as those for "China National Electronics Import & Export Caihong Co."

8.     Attached hereto as <u>Exhibit 7</u> is a true and correct copy of Irico Defendants' Supplemental Objections and Responses to Direct Purchaser Plaintiff Studio Spectrum, Inc.'s First Set of Interrogatories, served on August 10, 2018.

9.     On August 7, 2018, I received a letter from Mr. Plunkett regarding certain documents that the Irico Defendants identified as responsive to DPPs' discovery requests, and a summary description of documents that the Irico Defendants are making available for inspection, their location, and approximate volume. Attached hereto as <u>Exhibit 8</u> is a true and correct copy of Mr. Plunkett's letter and accompanying summary, dated August 7, 2018.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of September, 2018 in San Francisco, California.

<u>/s/ Geoffrey C. Rushing</u>
Geoffrey C. Rushing

RUSHING DECL. ISO DIRECT PURCHASER PLAINTIFFS' 2ND MOTION TO COMPEL JURISDICTIONAL DISCOVERY FROM THE IRICO DEFENDANTS; Master File No. 07-CV-5944-JST

# EXHIBIT 1

# SAVERI & SAVERI, INC.
706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

August 17, 2018

***VIA EMAIL***

Stuart C. Plunkett
Baker Botts LLP
101 California Street, Suite 3600
San Francisco, California 94111
stuart.plunkett@bakerbotts.com

      Re:    <u>*In re Cathode Ray Tube (CRT) Antitrust Litigation* – MDL No. 1917,
            Master File No. 07-CV-5944-JST</u>

Dear Stuart:

      I write regarding the Irico Defendants' Supplemental Objections and Responses to
Direct Purchaser Plaintiff Studio Spectrum, Inc.'s First Set of Interrogatories (Aug. 10,
2018) ("Supplemental Responses"). They are deficient and do not comply with the
Special Master's Order re DPPs' Motion for Jurisdictional Discovery (ECF No. 5320)
("Order"). Plaintiffs request that the Irico Defendants provide a complete response by
August 24, 2018.

<u>Interrogatory No. 9</u>

      The Irico Defendants' supplemental response to Interrogatory No. 9 is plainly
deficient. The Special Master's Order provides:

> Irico shall (1) ***respond fully to Interrogatory No 9*** no later than August
> 10, 2018 and (2) within that response, identify all documents that Mr
> Zhang considered, ***the dates he was provided with such documents***, the
> names of the individuals who provided the documents to him and the
> names of all individuals who communicated with him about his
> declaration ***or were otherwise involved in the preparation of his
> declaration***.

ECF No. 5320 at 9 (emphases added).

      Interrogatory No. 9 requires that your clients "describe with particularity" Mr.
Zhang's investigation, including documents reviewed and persons with whom he
communicated. However, despite the Order, the supplemental response contains little
meaningful description of Mr. Zhang's investigation. Among other things, it fails to
describe the nature of the information Mr. Zhang obtained from the individuals he
consulted, and it does not meaningfully describe the documents he reviewed, when he

Stuart C. Plunkett
8/17/2018
Page 2

reviewed them and/or who provided them to him. Plaintiffs request that the Irico Defendants provide immediately a full response to this interrogatory, as required by the Special Master's Order.

Further, as to describing the documents Mr. Zhang reviewed, the Irico Defendants referral to their entire initial document production and to "archival sales and accounting records that Irico has previously agreed to make available for inspection" is an evasion of the Order. It provides no meaningful information. Indeed, the documents the Irico Defendants have purportedly "agreed" to make available at some future date at several different locations in China comprise over five million pages according to your letter of August 7, 2018 and the accompanying summary.

The supplemental response also discloses for the first time that Mr. Zhang received and reviewed "archival sales and accounting records" provided by three individuals. This appears to contradict your previous representation that all of the documents Mr. Zhang reviewed have been produced. *See, e.g.,* Surreply letter brief dated July 25, 2018 ("Irico has produced the documents that Mr. Zhang considered."). Please confirm that all of the documents reviewed by Mr. Zhang have been produced, or produce them immediately.

The supplemental response also lacks the required date information as well as any information about individuals involved in the preparation of Mr. Zhang's declaration. If no persons were involved in the preparation of his declaration without communicating with him, please include that information in the supplemental response.

In addition, the Irico Defendants' supplemental response to Interrogatory No. 9 does not include the information requested by Instruction No. 1 ("When asked to identify a natural person, state the person's name, employer, position dates of employment/tenure, and home address for all times during the Relevant Time Period."). While the Irico Defendants have provided some of this information piecemeal, and for some of the individuals listed in this supplemental response, DPPs request that the Irico Defendants further supplement their response to provide a complete answer.

Please advise immediately if the Irico Defendants do not intend to provide a full supplemental response by August 24, 2018.

<u>Interrogatory No. 20</u>

Please advise as to when the Irico Defendants' will provide a complete supplemental response to Interrogatory No. 20 to "identify all managerial persons with knowledge of United States sales of Irico's CRT Products throughout the class period and their work histories." To date, the Irico Defendants have not provided work histories for Ximin Wang, Jianshe Wei, or Xiaolin Shen.

The supplemental response also indicates that:

Stuart C. Plunkett
8/17/2018
Page 3

> Irico will further supplement this response by (1) identifying the locations of all repositories of any electronic documents or files relating to United States sales of Irico's CRT Products and the legal relationships of Irico and any entities that sold Irico's CRT Products in the United States throughout the class period; and (2) providing summary explanations of sales records relevant to United States sales of Irico's CRT Products and of "Irico's efforts to sell products in the U.S. during the class period."

If this is all that the Irico Defendants intend to do, it does not comply with the Special Master's Order. The Order provides that Irico must also:

> (1) supplement its responses in full no later than September 4, 2018, (2) search for and produce all documents relating to any and all sales of Irico CRT Products into the United States during the class period by any party whether related or not, including Irico Electronics, Xian Irico Display Technology Co, Ltd and Caihong Co, and any other entity that exported Irico's CRT products into the United States no later than September 4, 2018, (3) search for and produce pertinent documents detailing the legal relationship of Irico and Caihong Co and any other exporter of Irico's CRT products into the United States throughout the class period no later than September 4, 2018 . . . .

ECF No. 5320 at 4–5. Please advise immediately whether the Irico Defendants intend to supplemental their response *in full* by September 4, 2018, and whether they intend to search for and produce such documents, as required by the Special Master's Order.

> Thank you.

> Very truly yours,

> *s/ Geoffrey C. Rushing*

> Geoffrey C. Rushing

Cc:   John Taladay
      Erik T. Koons
      Thomas E. Carter
      Ashley Eickhof
      Kaylee Yang
      Mario N. Alioto
      Lauren C. Capurro
      Christopher T. Micheletti
      Joseph M. Patane

crt.699

# EXHIBIT 2

# BAKER BOTTS LLP

| | | |
|---|---|---|
| 101 CALIFORNIA ST. | AUSTIN | LONDON |
| SUITE 3600 | BEIJING | MOSCOW |
| SAN FRANCISCO, CALIFORNIA | BRUSSELS | NEW YORK |
| 94111 | DALLAS | PALO ALTO |
| | DUBAI | RIYADH |
| TEL +1.415.291.6200 | HONG KONG | **SAN FRANCISCO** |
| FAX +1.415.291.6300 | HOUSTON | WASHINGTON |
| BakerBotts.com | | |

Stuart C. Plunkett
TEL: 415.291.6203
FAX: 415.291.6303
stuart.plunkett@bakerbotts.com

August 22, 2018

*VIA E-MAIL*

Guido Saveri (E-mail: guido@saveri.com)
R. Alexander Saveri (E-mail: rick@saveri.com)
Geoffrey C. Rushing (E-mail: grushing@saveri.com)
Cadio Zirpoli (E-mail: cadio@saveri.com)
Matthew D. Heaphy (E-mail: mheaphy@saveri.com)
SAVERI & SAVERI, INC.
706 Sansome St # 200
San Francisco, CA 94111

> Re:   *In re: Cathode Ray Tube (CRT) Antitrust Litigation -*
> Master File No. 3:07-cv05944-JST; MDL No. 1917

Dear Geoffrey:

I write in response to your letter dated August 17, 2018.  Contrary to your assertions, Irico Defendants' Supplemental Objections and Responses to Direct Purchaser Plaintiff Studio Spectrum, Inc.'s First Set of Interrogatories ("Supplemental Responses") are not deficient and do not violate the Special Master's Order re DPPs' Motion for Jurisdictional Discovery (ECF No. 5320) ("Order").  Aside from a few minor issues that Irico agrees to clarify in its upcoming supplement, DPPs fail to identify any deficiency in Irico's Supplemental Responses.

Interrogatory No. 9

DPPs claim that Irico failed to describe Mr. Zhang's investigation performed in connection with the preparation of his declaration.  But Irico identified the documents Mr. Zhang considered, the name and position of all individuals who provided these documents to Mr. Zhang, the individuals who Mr. Zhang communicated with, and Mr. Zhang's best recollection regarding timing.  It is not clear what other information would be responsive, and your letter does not address what further information DPPs seek.

DPPs also claim that Irico does not adequately describe the information provided to Mr. Zhang, but in fact Irico has identified, to the best of Mr. Zhang's recollection, everything that

**BAKER BOTTS** LLP

*August 22, 2018*

was provided to him.  As stated in the Supplemental Responses, Mr. Zhang was provided the documents produced in Irico's first production, and Mr. Zhang considered the archival sales records that Irico has already made available for inspection.  DPPs complain that the identification of these documents is an evasion of the discovery order, but it is unclear what additional information DPPs seek.  Regarding the voluminous archival accounting records, it should be obvious that Mr. Zhang did not review the entire archive, but simply confirmed the absence of U.S. sales in those records.  Your letter suggests that Irico has not made these archives available, but that is plainly not true.  We have repeatedly made clear that these documents are available for inspection and asked if DPPs wanted to inspect them.  In fact, we explained that these documents were available for inspection in our initial responses, dated May 4, 2018.  Then again, during our August 3rd meet and confer we asked that DPPs provide dates that they would like to review the documents.  Then again, in our August 7th letter, we reiterated the availability of these documents for inspection, stating: "[e]nclosed is a description of documents that ***Irico is making available for inspection***, their location, and approximate volume."  Lest any confusion remain, these documents are and have been available for inspection.  If you would like to review them, please provide us with inspection dates, so Irico can make any necessary arrangements to facilitate your review.

DPPs state that the Supplemental Responses fail to provide the required date information, but Mr. Zhang provided his best recollection.  It is unclear what more information DPPs request.  With regard to DPPs contention that Irico has not identified the individuals involved in the preparation of the declaration, Irico will supplement its response to clarify that Mr. Zhang did not work with any individuals, aside from outside counsel, to prepare his declaration.

Finally, to the extent Irico has not already provided the information, Irico will supplement its response with any additional information it has regarding the work history of Zhaojie Wang, Yunlong Yan, Ye Yang, Tao Long, Mei Li, Hua Yang during the relevant time period.

Interrogatory No. 20

Below is the work history for Ximin Wang, Jianshe Wei, and Xiaolin Shen; which we will also include in our August 24, 2018 supplemental responses:

- **Ximin Wang:**

    - 08/1978 - 02/1988
        - Irico 4400 Plant, Technician
    - 03/1988 – 08/1994
        - Irico 4400 Plant CRT No.2 Plant, Director of the Electron Gun Department
    - 08/1994 – 10/1995
        - Irico 4400 Plant, Director of Technical Department

**BAKER BOTTS** LLP

August 22, 2018

- o 10/1995 - 01/1999
  - ▪ Irico Color CRT General Plant, General Manager of Sales Company
- o 01/1999 – 04/2001
  - ▪ Irico Group Corporation, Deputy Director of Technical Center
- o 04/2001 - 12/2004
  - ▪ Irico Group Corporation, Director of Manufacturing Department
- o 12/2004 – 07/2005
  - ▪ Irico Electronics, Assistant to the CEO and General Manager of the Operation Department
- o 08/2005 – 11/2007
  - ▪ Irico Electronics, Deputy CEO; Irico Display, Chairman of the Board of Directors
- o 12/2007 – 09/2011
  - ▪ Irico Display, General Manager
- o 09/2011 – 09/2013
  - ▪ Irico Group Corporation, General Economist and General  Manager of Shaanxi Branch (*retired*)

- **Jian-she Wei:**

  - o 08/1981 – 12/1989
    - ▪ Irico 4400 Plant, a Team Leader of part of an assembly line
  - o 12/1989 – 08/1990
    - ▪ Caizhu Electronic Industry Company, Deputy General Manager
  - o 08/1990 – 01/1999
    - ▪ Caizhu Electronic Industry Company (now named Zhuhai Caizhu Industry Company), General Manager
  - o 01/1999 – 11/2000
    - ▪ Irico Group, Sales Company, Deputy General Manager
  - o 11/2000 – 01/2004
    - ▪ Irico Group, Sales Company, General Manager
  - o 01/2004 – 05/2005
    - ▪ Shenzhen Caihong Huangqi Electronic Information Company, Director, Deputy Chairman of the Board of Directors, General Manager
  - o 05/2005 – 04/2018
    - ▪ Zhuhai Caizhu Industry Company, on leave (*retired*)

- **Xiaolin Shen**

  - o 03/1974 – 03/1977
    - ▪ Farmer
  - o 03/1977 – 03/1984
    - ▪ Shaanxi Province Bureau of Earthquake, Employee; Shaanxi Province Planning Committee, Employee.

**BAKER BOTTS** LLP

August 22, 2018

- o 03/1984 – 01/1992
  - Irico Group Corporation, CRT Plant No. 1, Secretary of the company's office and Director of the company's office
- o 10/1992 – 08/2004
  - Irico Group Corporation, Sales Company, Assistant to the General Manager and Deputy General Manager
- o 08/2004 – 11/2007
  - Irico Group Corporation, Sales Company, General Manager
- o 11/2007 – 01/2009
  - Irico Display, Assistant to General Manager and General Manager of Sales Department
- o 01/2009 – 09/2013
  - Irico Display, Deputy General Manager, and General Manager of Sales Department
- o 09/2013 – 10/2015
  - Zhuhai Caizhu Limited Company, Managing Director (*retired*)

To the extent your letter addresses the Special Master's Order regarding the September 4, 2018 deadline, Irico will comply with that deadline.

Sincerely,

Stuart C. Plunkett

cc:     Mario N. Alioto (malioto@tatp.com)
        Lauren C. Capurro (laurenrussell@tatp.com)
        Joseph M. Patane (jpatane@tatp.com)
        Christopher Micheletti (cmicheletti@zelle.com)
        Qianwei Fu (qfu@zelle.com)

# EXHIBIT 3

# SAVERI & SAVERI, INC.

706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

September 7, 2018

***VIA EMAIL***

Stuart C. Plunkett
Baker Botts LLP
101 California Street, Suite 3600
San Francisco, California 94111
stuart.plunkett@bakerbotts.com

> Re:   *In re Cathode Ray Tube (CRT) Antitrust Litigation* – MDL No. 1917,
>        Master File No. 07-CV-5944-JST

Dear Stuart:

We have reviewed you clients' supplemental responses to Interrogatory No. 20 and RFP No. 9. We believe that they do not comply with the Court's order on DPPs' motion to compel.

First, we believe that your clients have not provided all documents related to the sales of Irico CRT Products in the United States as required. As we have discussed, however, DPPs believe there must be documents related to the U.S. sales we know about—e.g., documents reporting the sales to the Chinese export agency, documents relating to the transactions between Group or Display and Caihong Co., and Caihong Co. documents relating to the sales (i.e., invoices, bills, communications leading up to the sales, marketing efforts, etc.). Your clients, however, have produced no new documents.

Second, your clients' response does not reasonably explain their U.S. sales which occurred over six separate years, or their marketing efforts in the U.S.

Third, we believe that your clients' responses do not adequately describe the relationship between Group and Display and the sales entities, including Caihong Co., they have sold through. Your clients' responses continue to be conclusory and contradicted by the evidence we are aware of. As we have noted, for example, Caihong Co. appears to be owned by Group, shares a name with the Irico entities, shares an address with the Irico entities, and shares officers and employees with other Irico entities.

Please let us know Monday whether your clients will agree to provide full responses.

Finally, during our meet and confer last Friday, I asked when your clients would produce documents related to the meetings with competitors as ordered by the Court. You

Stuart C. Plunkett
9/7/2018
Page 2

said that they were working to do so, but could not provide a date. Please let us know a date certain by which they will provide the material ordered by the Court.

     Thank you.

                    Very truly yours,

                    *s/ Geoffrey C. Rushing*

                    Geoffrey C. Rushing

Cc:    John Taladay
       Erik T. Koons
       Thomas E. Carter
       Ashley Eickhof
       Kaylee Yang
       Mario N. Alioto
       Lauren C. Capurro
       Christopher T. Micheletti
       Joseph M. Patane

crt.703

# EXHIBIT 4

John Taladay (*pro hac vice*)
john.taladay@bakerbotts.com
Erik Koons (*pro hac vice*)
erik.koons@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone: (202)-639-7700
Facsimile: (202)-639-7890

Stuart C. Plunkett (State Bar No. 187971)
stuart.plunkett@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:07-cv-05944-JST |
| | MDL No. 1917 |
| This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | **IRICO DEFENDANTS' SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFF STUDIO SPECTRUM, INC.'S FIRST SET OF INTERROGATORIES** |
| PROPOUNDING PARTY: | Direct Purchaser Plaintiff Studio Spectrum, Inc. |
| RESPONDING PARTIES: | Irico Group Corporation<br>Irico Display Devices Co., Ltd. |
| SET NO.: | One |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Irico Group Corporation and Irico Display Devices Co, Ltd. (collectively, "Irico" or "Irico Defendants") hereby respond to the Direct Purchaser Plaintiff Studio Spectrum, Inc.'s ("Plaintiff") First Set of Interrogatories ("Interrogatories"). Irico reserves the right to amend or supplement these Objections and Responses (the "Responses") to the extent allowed by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California ("Local Rules"). Subject to and without waiving any of Irico's General and Specific Objections as set forth below, Irico is willing to meet and confer with Plaintiff regarding such General and Specific Objections.

The following Responses are made only for purposes of this case. The Responses are subject to all objections as to relevance, materiality and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All evidentiary objections and grounds are expressly reserved.

These Responses are subject to the provisions of the Stipulated Protective Order that the Court issued on June 18, 2008 ("Protective Order"). Irico's Responses are hereby designated "Confidential" in accordance with the provisions of the Protective Order.

## GENERAL OBJECTIONS

Irico makes the following General Objections to Plaintiff's Interrogatories:

1.      Irico's Responses are based upon information available to and located by Irico as of the date of service of these Responses. In responding to Plaintiff's Interrogatories, Irico states that it has conducted, or will conduct, a diligent search, reasonable in scope, of those files and records in its possession, custody, or control believed to likely contain information responsive to Plaintiff's Interrogatories.

2.      No express, incidental, or implied admissions are intended by these Responses and should not be read or construed as such.

3.      Irico does not intend, and its Responses should not be construed as, an agreement or acquiescence with any characterization of fact, assumption, or conclusion of law contained in

or implied by the Interrogatories.

4.      To the extent that Irico responds to Plaintiff's Interrogatories by stating that Irico will produce or make available for examination responsive information or documents, Irico does not represent that any such information or documents exist. Irico will make a good faith and reasonable attempt to ascertain whether information responsive to Plaintiff's Interrogatories exists and is properly producible, and will produce or make available for examination non-privileged responsive materials to the extent any are located during the course of a reasonable search.

5.      Irico objects to Plaintiff's Interrogatories to the extent that they are overly broad, unduly burdensome, oppressive, and duplicative to the extent that they seek information or documents that are already in the possession, custody, or control of Plaintiff.

6.      Irico objects to Plaintiff's Interrogatories to the extent that they seek to impose obligations on Irico beyond those of the Federal Rules of Civil Procedure, the Local Rules, or any Order of this Court.

7.      Irico objects to Plaintiff's Interrogatories to the extent they seek information that is not relevant to jurisdictional issues or disproportionate to the needs of the case in resolving such jurisdictional issues.

8.      Irico objects to Plaintiff's Interrogatories to the extent that they are vague, ambiguous, or susceptible to more than one interpretation. Irico shall attempt to construe such vague or ambiguous Interrogatories so as to provide for the production of responsive information that is proportionate to the needs of the case. If Plaintiff subsequently asserts an interpretation of any Interrogatory that differs from Irico's understanding, Irico reserves the right to supplement or amend its Responses.

9.      Irico objects to Plaintiff's Interrogatories to the extent that they contain terms that are insufficiently or imprecisely defined. Irico shall attempt to construe such vague or ambiguous Interrogatories so as to provide for the production of responsive information that is proportionate to the needs of the case.

10.     Irico objects to Plaintiff's Interrogatories to the extent that they seek information that is protected from disclosure by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, self-evaluative privilege, or any other applicable privilege or immunity. Irico will provide only information that it believes to be non-privileged and otherwise properly discoverable. None of Irico's responses is intended nor should be construed as a waiver of any such privilege or immunity. The inadvertent or mistaken provision of any information or responsive documents subject to any such doctrine, privilege, protection or immunity from production shall not constitute a general, inadvertent, implicit, subject-matter, separate, independent or other waiver of such doctrine, privilege, protection or immunity from production.

11.     Irico objects to Plaintiff's Interrogatories to the extent that they call for information that is not in the possession, custody, or control of Irico. Irico also objects to the extent that any of Plaintiff's Interrogatories seek information from non-parties or third parties, including but not limited to any of Irico's subsidiary or affiliated companies.

12.     Irico objects to Plaintiff's Interrogatories to the extent that responding would require Irico to violate the privacy and/or confidentiality of a third party or confidentiality agreement with a third party.

13.     Irico objects to Plaintiff's Interrogatories to the extent that they seek information that is publicly available, already in Plaintiffs' possession, custody, or control, or more readily available from other sources.

14.     Irico objects to Plaintiff's Interrogatories to the extent that they seek information or documents concerning transactions outside the United States. Such Interrogatories are unduly burdensome and irrelevant because they do not relate to actions by Irico in or causing a direct effect in the United States.  Such Interrogatories are also unduly burdensome and irrelevant to this pending action as Plaintiffs' class definition is confined to "all persons . . . who directly purchased a Cathode Ray Tube Product . . . in the United States" (see Direct Purchaser Plaintiffs' Consolidated Amended Complaint).

15.     Irico objects to Plaintiff's Interrogatories to the extent that compliance would require Irico to violate the laws, regulations, procedures, or orders of a judicial or regulatory body of foreign jurisdictions.

16.     Irico's responses, whether now or in the future, pursuant to Plaintiff's Interrogatories should not be construed as either (i) a waiver of any of Irico's general or specific objections or (ii) an admission that such information or documents are either relevant or admissible as evidence.

17.     Irico objects to Plaintiff's Interrogatories to the extent that compliance would require Irico to seek information stored on backup or archived databases or other systems that are not readily accessible or otherwise no longer active.

18.     Irico objects to Plaintiff's Interrogatories to the extent that they are compound and/or contain discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1).

19.     Irico objects to Plaintiff's Interrogatories to the extent that they state and/or call for legal conclusions.

20.     Irico objects to the Interrogatories to the extent that they contain express or implied assumptions of fact or law with respect to the matters at issue in this case.

21.     Irico reserves the right to assert additional General and Specific Objections as appropriate to supplement these Responses.

These General Objections apply to each Interrogatory as though restated in full in the responses thereto. The failure to mention any of the foregoing General Objections in the specific responses set forth below shall not be deemed as a waiver of such objections or limitations.

## GENERAL OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Irico objects to the definitions of "You" and "Your" (Definition No. 6) to the extent that Plaintiff defines those terms to include the Irico's "predecessors, successors, subsidiaries, departments, divisions, and/or affiliates." This definition is legally incorrect, overbroad, unduly burdensome, vague, and ambiguous. Irico also objects to the inclusion of "all present and former directors, officers, Employees, agents, representatives or any Persons acting or

purporting to act on behalf of" Irico within this definition to the extent it purports to encompass information that is protected by attorney-client privilege, work product protection or any other applicable doctrine, privilege, protection or immunity or otherwise calls for a legal conclusion.

2.      Irico objects to the definition of "Document" (Definition No. 8) to the extent it seeks to impose requirements that are beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable laws.

3.      Irico objects to the definition of "Employee" (Definition No. 9) on the grounds that it calls for a legal conclusion and is otherwise vague, ambiguous, and overly broad. Irico further objects to this definition to the extent that it attempts to impose burdens on Irico beyond those imposed by the Federal Rules of Civil Procedure. Irico further objects to this definition to the extent that it seeks information protected by the attorney client or other applicable privilege, attorney work product doctrine, or otherwise seeks to violate rights of privacy under U.S. or foreign law.

4.      Irico objects to the definitions of "CRT" and "CRT Products" (Definitions No. 10 and 11) on the grounds that they are vague, ambiguous and overly broad. Irico further objects to the use of the term "CRT Products" to the extent that it is inconsistent with the definition of "CRT Products" as set forth in Plaintiff's pleadings.

5.      Irico objects to the definition of the "Relevant Time Period" (Definition No. 12) as overbroad, unduly burdensome, beyond the applicable statute of limitations, and beyond the relevant time period for determining jurisdictional issues.

6.      Irico objects to the definition of "Communication" (Definition No. 14) on the grounds that it is vague, ambiguous, and overly broad. Irico further objects to this definition to the extent that it attempts to impose burdens on Irico beyond those imposed by the Federal Rules of Civil Procedure.

7.      Irico objects to the definition of "Meeting" (Definition No. 16) on the grounds that the definition is overly broad, unduly burdensome, and seeks information that is neither relevant nor proportionate to the needs of the case.

8.      Irico objects to Instruction No. 1 (related to identification of persons) to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under the Federal Rules of Civil Procedure, including, without limiting the generality of the foregoing, Rule 26(b)(5)(A) and Rule 26(e)(1). Irico further objects to this Instruction to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under, the Local Rules and any orders of the Court, and on the grounds that it is vague, ambiguous, and inconsistent with common usage. Irico further objects to this Instruction to the extent it seeks information that would disclose personal confidential information and/or violate any and all rights of privacy under the United States Constitution or Article I of the Constitution of the State of California, or any other applicable law or state constitution, or that is otherwise prohibited from disclosure because to do so would cause Irico to violate legal and/or contractual obligations to any other persons or entities.

9.      Irico objects to Instruction No. 2 (related to identification of an entity other than a natural person) to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under the Federal Rules of Civil Procedure or other applicable rule or Order of this Court.

10.     Irico objects to Instruction No. 3 (related to the production of business records in response to an interrogatory pursuant to Federal Rule of Civil Procedure 33(d)) on the grounds that it is unduly burdensome and purports to impose burdens and obligations upon Irico beyond those required by the Federal Rules of Civil Procedure or other applicable rule or Order of this Court.

## SPECIFIC RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 9

Please describe with particularity all investigation or collection of information that Wenkai Zhang performed in connection with the preparation of his declaration, including:

a.      The identity of all Employees, officers or agents of Irico with whom he

communicated (whether oral or written) in connection with his declaration; and

b.      The identity of all Documents he reviewed in connection with his declaration.

**RESPONSE TO INTERROGATORY NO. 9**

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.  Irico further objects that this request seeks information and documents beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Mr. Zhang's declaration is no longer at issue, because his declaration was submitted in support of Irico's Motion to Set Aside Default, which the Court has already decided.  Irico also objects that this request is overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving jurisdictional issues.  Irico also objects that this request calls for information and documents that are privileged under the attorney-client privilege and work product doctrine. Irico also objects to this interrogatory on the grounds that identification of "all Persons" and "all Documents" is overbroad, unduly burdensome, and disproportionate to the needs of the case.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Subject to and without waiving the objections stated above and pursuant to the Special Master's August 2, 2018 order (Dkt. No. 5320), Irico responds as follows:

In the process of preparing the declaration he executed on October 25, 2017, Mr. Zhang reviewed (1) all documents Bates labeled IRI-CRT-00000001 through -904; and (2) archival sales and accounting records.  These archival records were provided to Mr. Zhang by:  Mei Li, Director of Irico Group Archive; Hua Yang, Director of Department of Accounting of Irico Group; Tao Long, Secretary to the Board of Directors of Irico Display.  Mr. Zhang does not remember with specificity which documents he reviewed on which dates, but he began reviewing these documents in September of 2017 and completed his review in December of 2017.

Aside from his discussions with counsel, Mr. Zhang communicated about the preparation of his declaration with Zhaojie Wang, Yunlong Yan, Ye Yang, and Tao Long.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Subject to and without waiving the objections stated above and pursuant to the Special

---

IRICO'S 2ND SUPP. OBJECTIONS AND                    7                    Master File No. 3:07-cv-05944-SC
RESPONSES TO DPP'S FIRST SET                                                 MDL No. 1917
INTERROGATORIES

1   Master's August 2, 2018 order (Dkt. No. 5320), Irico responds as follows:

2        Mr. Zhang did not work with any individuals, aside from outside counsel, to prepare his

3   declaration.

4   **INTERROGATORY NO. 20**

5        Please describe with particularity Irico's sales and marketing of CRT Products in the

6   United States during the Class Period, and/or attempts to sell or market any CRT Products in the

7   United States during the Class Period, including:

8        a.      The identity of all Persons with knowledge of such sales and marketing and/or

9                attempts to sell or market CRT Products in the United States; and

10       b.      The identity of all Documents referring or relating to such sales and marketing

11               and/or attempts to sell or market CRT Products in the United States.

12  **RESPONSE TO INTERROGATORY NO. 20**

13       Irico reasserts and incorporates each of the General Objections and Objections to the

14  Definitions and Instructions set forth above.  Irico further objects that this request seeks

15  information and documents beyond the scope of what is relevant to resolving jurisdictional issues

16  and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to

17  Compel.  Irico also objects that this request is overbroad, unduly burdensome, and

18  disproportionate to the needs of the case in resolving jurisdictional issues.  Irico also objects to

19  this interrogatory on the grounds that identification of "all Persons" and "all Documents" is

20  overbroad, unduly burdensome, and disproportionate to the needs of the case.

21       Subject to and without waiving these objections and pursuant to Federal Rule of Civil

22  Procedure 33(d), Irico will produce or make available for inspection business records from which

23  the answer to this Interrogatory may be determined.

24       Irico further states that Guo Menquan and Tao Long have knowledge of this subject.

25  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 20**

26       Subject to and without waiving the objections stated above and pursuant to the Special

27  Master's August 2, 2018 order (Dkt. No. 5320), Irico responds as follows:

28

The managerial persons with knowledge of any United States sales of Irico's CRT Products throughout the class period and their work histories are as follows:

- Tao Long (current employee)
  - May 1992-Oct. 1996: Accountant in the Finance Department, Irico Group
  - Oct. 1996-Nov. 2000: Chief of Finance, Irico CRT No. 1 Plant
  - Nov. 2000-June 2007: Chief of Finance, Irico Group Glass Factory
  - July 2009-Nov. 2009: Deputy Director (Finance), Irico Display
  - Nov. 2009-Oct. 2010: Director (Capital Operation), Irico Display
  - Apr. 2010-present: Secretary to the Board of Directors, Irico Display
  - Aug. 2013-Apr. 2014 (concurrent): Director (Finance), Irico Display
- Guo Mengquan (former employee, retired May 2017)
  - Sept. 1983-Jan. 1987: Technical employee, Shaanxi Color CRT Central Plant
  - Jan. 1987-Sept. 1988: Associate Director (CPT Department), Shaanxi Color CRT Central Plant
  - Sept. 1988-Jan. 1990: Director (CPT Department), Shaanxi Color CRT Central Plant
  - Jan. 1990-Sept. 1996: Associate General Manager (Glass Plant), Shaanxi Color CRT Central Plant
  - Sept. 1996-Apr. 2001: General Manager (Glass Plant), Shaanxi Color CRT Central Plant
  - Apr. 2001-Apr. 2013: Deputy General Manager, Irico Group
  - Aug. 2005-Nov. 2007 (concurrent): General Manager, Irico Electronics
  - Nov. 2007-Aug. 2011 (concurrent): Deputy Chairman of the Board, Irico Display
  - Apr. 2013-Apr. 2016: General Manager, Irico Group
  - June 2013-2015 (concurrent): Chairman of the Board, Irico Electronics

o   June 2013-May 2016 (concurrent): Chairman of the Board, Irico Display

o   Apr. 2016-May 2017: Deputy Chairman of the Board, Irico Group

• Zhaojie Wang (current employee of Irico Group subsidiary)

o   Work history detailed at Dkt. No. 5313-2, ¶¶ 1-7.

Pursuant to the Special Master's August 2, 2018 order (Dkt. No. 5320), Irico will further supplement this response by (1) identifying the locations of all repositories of any electronic documents or files relating to United States sales of Irico's CRT Products and the legal relationships of Irico and any entities that sold Irico's CRT Products in the United States throughout the class period; and (2) providing summary explanations of sales records relevant to United States sales of Irico's CRT Products and of "Irico's efforts to sell products in the U.S. during the class period."

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 20**

Subject to and without waiving the objections stated above and pursuant to the Special Master's August 2, 2018 order (Dkt. No. 5320), Irico provides the following responsive descriptions:

**1.      "Irico's efforts to sell products in the U.S. during the class period."**

During the relevant time period, Irico Group and Irico Display ("Irico") neither exported nor planned to export CRT products to the U.S.  Irico focused its production of CRTs on sales within the domestic Chinese market.  Such CRTs were generally considered outmoded by U.S. standards.  Thus, Irico did not target the U.S. market because its CRTs were several years behind the U.S. demand.

Irico is aware from review of customs records that an independent company, CNEIECC, resold samples of Irico's CRTs into the U.S. in an apparent effort to enter the U.S. market.  Irico understands this effort was ultimately a failure.  CNEIECC did not report these efforts to Irico at the time.

2.      **"Summary explanations of sales records relevant to United States sales of Irico's CRT Products and of Irico's efforts to sell products in the U.S. during the class period."**

First, Irico Group's corporate archives are located on the first and third floors of Building 102 of Irico Group Headquarters, 1 Caihong Road, Qindu District, Xianyang, Shaanxi Province, People's Republic of China.  These archives contain a total of over 150 file cabinets and over 5,500 file boxes, of which the following are potentially responsive to plaintiffs' discovery requests:

> a)      Approximately 700 bound volumes of financial records for Irico Group, dated from 1995 to 2007 and organized chronologically.  These financial records include contracts, receipts, invoices, approvals from the government, and approvals issued by Irico Group relating to operations, suppliers, investment, and financing.  Each volume ranges from approximately 100 to 300 pages depending on the volume of transactions in each period.

> b)      Approximately 150 bound account books for Irico Group, dated from 1995 to 2007and organized chronologically.  These account books contain information on Irico Group's sales, assets, operations, and cash flow based on the financial documents described above.  Each account book contains approximately 200 to 500 pages.

Second, additional financial archive files of Irico Group are located at the Caihong Building at 11 Shangdi Xinxi Road, Haidian District, Beijing, People's Republic of China.  These archives contain approximately 730 bound volumes of financial records and over 70 account books dated between 1995 and 2007.  These documents are organized chronologically and similar in content and size to the financial documents and account books described above at the Irico Group Headquarters location.

Third, Irico Display's corporate archives are stored within the archives of Shaanxi Irico Electronic Glass Co., a subsidiary of Irico Display.  Approximately 1,500 bound account books for Irico Display, dated from 1995 to 2007 and organized chronologically. These account books

---

IRICO'S 2ND SUPP. OBJECTIONS AND
RESPONSES TO DPP'S FIRST SET
INTERROGATORIES

11

Master File No. 3:07-cv-05944-SC
MDL No. 1917

contain information on Irico Display's sales, assets, operations, and cash flow.  Each account

book contains approximately 200 to 500 pages.

    **3.**      **"Managerial persons with knowledge of any United States sales of Irico's CRT Products throughout the class period and their work histories"**

- **Ximin Wang:**

  - 08/1978 - 02/1988
    - Irico 4400 Plant, Technician
  - 03/1988 – 08/1994
    - Irico 4400 Plant CRT No.2 Plant, Director of the Electron Gun Department
  - 08/1994 – 10/1995
    - Irico 4400 Plant, Director of Technical Department
  - 10/1995 - 01/1999
    - Irico Color CRT General Plant, General Manager of Sales Company
  - 01/1999 – 04/2001
    - Irico Group Corporation, Deputy Director of Technical Center
  - 04/2001 - 12/2004
    - Irico Group Corporation, Director of Manufacturing Department
  - 12/2004 – 07/2005
    - Irico Electronics, Assistant to the CEO and General Manager of the Operation Department
  - 08/2005 – 11/2007
    - Irico Electronics, Deputy CEO; Irico Display, Chairman of the Board of Directors
  - 12/2007 – 09/2011
    - Irico Display, General Manager
  - 09/2011 – 09/2013
    - Irico Group Corporation, General Economist and General  Manager of Shaanxi Branch (*retired*)

- **Jian-she Wei:**

  - 08/1981 – 12/1989
    - Irico 4400 Plant, a Team Leader of part of an assembly line
  - 12/1989 – 08/1990
    - Caizhu Electronic Industry Company, Deputy General Manager
  - 08/1990 – 01/1999
    - Caizhu Electronic Industry Company (now named Zhuhai Caizhu Industry Company), General Manager
  - 01/1999 – 11/2000
    - Irico Group, Sales Company, Deputy General Manager
  - 11/2000 – 01/2004
    - Irico Group, Sales Company, General Manager
  - 01/2004 – 05/2005

- Shenzhen Caihong Huangqi Electronic Information Company, Director, Deputy Chairman of the Board of Directors, General Manager
  - o 05/2005 – 04/2018
    - Zhuhai Caizhu Industry Company, on leave (*retired*)

- **Xiaolin Shen**

  - o 03/1984 – 01/1992
    - Irico Group Corporation, CRT Plant No. 1, Secretary of the company's office and Director of the company's office
  - o 10/1992 – 08/2004
    - Irico Group Corporation, Sales Company, Assistant to the General Manager and Deputy General Manager
  - o 08/2004 – 11/2007
    - Irico Group Corporation, Sales Company, General Manager
  - o 11/2007 – 01/2009
    - Irico Display, Assistant to General Manager and General Manager of Sales Department
  - o 01/2009 – 09/2013
    - Irico Display, Deputy General Manager, and General Manager of Sales Department
  - o 09/2013 – 10/2015
    - Zhuhai Caizhu Limited Company, Managing Director (*retired*)

Dated: August 24, 2018

*/s/ Stuart C. Plunkett*
Stuart C. Plunkett (State Bar No. 187971)
stuart.plunkett@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

John Taladay (*pro hac vice*)
john.taladay@bakerbotts.com
Erik Koons (*pro hac vice*)
erik.koons@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone: (202)-639-7700
Facsimile: (202)-639-7890

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

## <u>CERTIFICATE OF SERVICE</u>

I declare that I am employed in the County of San Francisco, California.  I am over the age of eighteen years and not a party to the within case; my business address is: Baker Botts LLP, 101 California Street, Suite 3600, San Francisco, CA 94111.

On August 24, 2018, I served the following document(s) described as:

**IRICO DEFENDANTS' SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFF STUDIO SPECTRUM, INC.'S FIRST SET OF INTERROGATORIES**

on the following interested parties in this action:

| | |
|---|---|
| Guido Saveri (guido@saveri.com) | Mario N. Alioto (malioto@tatp.com) |
| R. Alexander Saveri (rick@saveri.com) | Lauren C. Capurro (laurenrussell@tatp.com) |
| Geoffrey C. Rushing (grushing@saveri.com) | Joseph M. Patane (jpatane@tatp.com) |
| Cadio Zirpoli (cadio@saveri.com) | TRUMP, ALIOTO, TRUMP & PRESCOTT, |
| Matthew D. Heaphy (mheaphy@saveri.com) | LLP |
| SAVERI & SAVERI, INC. | 2280 Union Street |
| 706 Sansome St # 200, | San Francisco, CA 94123 |
| San Francisco, CA 94111 | |

*Lead Counsel for the Direct Purchaser Plaintiffs*      *Lead Counsel for the Indirect Purchaser Plaintiffs*

Christopher Micheletti
(cmicheletti@zelle.com)
Qianwei Fu (qfu@zelle.com)
ZELLE LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104-4807
D (415) 633-1912

*Lead Counsel for the Indirect Purchaser Plaintiffs*

[ ]      (BY OVERNIGHT DELIVERY) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

[ ]      (BY MAIL) by placing a true copy thereof in a sealed envelope with postage fully prepaid and addressed to the persons at the addresses as shown above.  I am readily familiar with the business practice of Baker Botts LLP for collection and processing of correspondence for mailing with the United States Postal Service, and the correspondence would be deposited with United States Postal Service that same day in the ordinary course of business.

[X]    (BY ELECTRONIC MAIL) I caused such documents to be sent to the persons at the email addressed listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on August 24, 2018, 2012 at San Francisco, California.

*/s/ Stephanie DM Pearson*
Stephanie DM Pearson

# EXHIBIT 5

1    John Taladay (*pro hac vice*)
     john.taladay@bakerbotts.com
2    Erik Koons (*pro hac vice*)
     erik.koons@bakerbotts.com
3    BAKER BOTTS LLP
     1299 Pennsylvania Ave., NW
4    Washington, D.C. 20004
     Telephone: (202)-639-7700
5    Facsimile: (202)-639-7890

6    Stuart C. Plunkett (State Bar No. 187971)
     stuart.plunkett@bakerbotts.com
7    BAKER BOTTS LLP
     101 California Street, Suite 3600
8    San Francisco, California 94111
     Telephone: (415) 291-6200
9    Facsimile: (415) 291-6300

10   *Attorneys for Defendants*
     *IRICO GROUP CORP. and*
11   *IRICO DISPLAY DEVICES CO., LTD.*

12                    **UNITED STATES DISTRICT COURT**

13                    **NORTHERN DISTRICT OF CALIFORNIA**

14                        **SAN FRANCISCO DIVISION**

15

16   IN RE: CATHODE RAY TUBE (CRT)          Case No. 3:07-cv-05944-JST
     ANTITRUST LITIGATION
17                                          MDL No. 1917

18   ─────────────────────────────          **IRICO DEFENDANTS' THIRD**
                                            **SUPPLEMENTAL OBJECTIONS AND**
19   This Document Relates to:             **RESPONSES TO DIRECT**
                                            **PURCHASER PLAINTIFF STUDIO**
20       ALL DIRECT PURCHASER ACTIONS       **SPECTRUM, INC.'S FIRST SET OF**
                                            **INTERROGATORIES**
21   ─────────────────────────────

22   PROPOUNDING PARTY:            Direct Purchaser Plaintiff Studio Spectrum, Inc.

23   RESPONDING PARTIES:           Irico Group Corporation
                                   Irico Display Devices Co., Ltd.
24

25   SET NO.:                      One

26

27

28   ──────────────────────────────────────────────────────────────
     IRICO'S 3RD SUPP. OBJECTIONS AND              Master File No. 3:07-cv-05944-SC
     RESPONSES TO DPP'S FIRST SET                            MDL No. 1917
     INTERROGATORIES

1       Pursuant to Federal Rules of Civil Procedure 26 and 33, Irico Group Corporation and Irico

2  Display Devices Co, Ltd. (collectively, "Irico" or "Irico Defendants") hereby respond to the

3  Direct Purchaser Plaintiff Studio Spectrum, Inc.'s ("Plaintiff") First Set of Interrogatories

4  ("Interrogatories"). Irico reserves the right to amend or supplement these Objections and

5  Responses (the "Responses") to the extent allowed by the Federal Rules of Civil Procedure and

6  the Local Rules of Practice in Civil Proceedings before the United States District Court for the

7  Northern District of California ("Local Rules"). Subject to and without waiving any of Irico's

8  General and Specific Objections as set forth below, Irico is willing to meet and confer with

9  Plaintiff regarding such General and Specific Objections.

10       The following Responses are made only for purposes of this case. The Responses are

11  subject to all objections as to relevance, materiality and admissibility, and to any and all

12  objections on any ground that would require exclusion of any response if it were introduced in

13  court. All evidentiary objections and grounds are expressly reserved.

14       These Responses are subject to the provisions of the Stipulated Protective Order that the

15  Court issued on June 18, 2008 ("Protective Order"). Irico's Responses are hereby designated

16  "Confidential" in accordance with the provisions of the Protective Order.

17                      **GENERAL OBJECTIONS**

18  Irico makes the following General Objections to Plaintiff's Interrogatories:

19      1.      Irico's Responses are based upon information available to and located by Irico as

20  of the date of service of these Responses. In responding to Plaintiff's Interrogatories, Irico states

21  that it has conducted, or will conduct, a diligent search, reasonable in scope, of those files and

22  records in its possession, custody, or control believed to likely contain information responsive to

23  Plaintiff's Interrogatories.

24      2.      No express, incidental, or implied admissions are intended by these Responses and

25  should not be read or construed as such.

26      3.      Irico does not intend, and its Responses should not be construed as, an agreement

27  or acquiescence with any characterization of fact, assumption, or conclusion of law contained in

28

IRICO'S 3RD SUPP. OBJECTIONS AND     1     Master File No. 3:07-cv-05944-SC
RESPONSES TO DPP'S FIRST SET               MDL No. 1917
INTERROGATORIES

or implied by the Interrogatories.

4.     To the extent that Irico responds to Plaintiff's Interrogatories by stating that Irico will produce or make available for examination responsive information or documents, Irico does not represent that any such information or documents exist. Irico will make a good faith and reasonable attempt to ascertain whether information responsive to Plaintiff's Interrogatories exists and is properly producible, and will produce or make available for examination non-privileged responsive materials to the extent any are located during the course of a reasonable search.

5.     Irico objects to Plaintiff's Interrogatories to the extent that they are overly broad, unduly burdensome, oppressive, and duplicative to the extent that they seek information or documents that are already in the possession, custody, or control of Plaintiff.

6.     Irico objects to Plaintiff's Interrogatories to the extent that they seek to impose obligations on Irico beyond those of the Federal Rules of Civil Procedure, the Local Rules, or any Order of this Court.

7.     Irico objects to Plaintiff's Interrogatories to the extent they seek information that is not relevant to jurisdictional issues or disproportionate to the needs of the case in resolving such jurisdictional issues.

8.     Irico objects to Plaintiff's Interrogatories to the extent that they are vague, ambiguous, or susceptible to more than one interpretation. Irico shall attempt to construe such vague or ambiguous Interrogatories so as to provide for the production of responsive information that is proportionate to the needs of the case. If Plaintiff subsequently asserts an interpretation of any Interrogatory that differs from Irico's understanding, Irico reserves the right to supplement or amend its Responses.

9.     Irico objects to Plaintiff's Interrogatories to the extent that they contain terms that are insufficiently or imprecisely defined. Irico shall attempt to construe such vague or ambiguous Interrogatories so as to provide for the production of responsive information that is proportionate to the needs of the case.

10.     Irico objects to Plaintiff's Interrogatories to the extent that they seek information that is protected from disclosure by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, self-evaluative privilege, or any other applicable privilege or immunity. Irico will provide only information that it believes to be non-privileged and otherwise properly discoverable. None of Irico's responses is intended nor should be construed as a waiver of any such privilege or immunity. The inadvertent or mistaken provision of any information or responsive documents subject to any such doctrine, privilege, protection or immunity from production shall not constitute a general, inadvertent, implicit, subject-matter, separate, independent or other waiver of such doctrine, privilege, protection or immunity from production.

11.     Irico objects to Plaintiff's Interrogatories to the extent that they call for information that is not in the possession, custody, or control of Irico. Irico also objects to the extent that any of Plaintiff's Interrogatories seek information from non-parties or third parties, including but not limited to any of Irico's subsidiary or affiliated companies.

12.     Irico objects to Plaintiff's Interrogatories to the extent that responding would require Irico to violate the privacy and/or confidentiality of a third party or confidentiality agreement with a third party.

13.     Irico objects to Plaintiff's Interrogatories to the extent that they seek information that is publicly available, already in Plaintiffs' possession, custody, or control, or more readily available from other sources.

14.     Irico objects to Plaintiff's Interrogatories to the extent that they seek information or documents concerning transactions outside the United States. Such Interrogatories are unduly burdensome and irrelevant because they do not relate to actions by Irico in or causing a direct effect in the United States.  Such Interrogatories are also unduly burdensome and irrelevant to this pending action as Plaintiffs' class definition is confined to "all persons . . . who directly purchased a Cathode Ray Tube Product . . . in the United States" (see Direct Purchaser Plaintiffs' Consolidated Amended Complaint).

15.     Irico objects to Plaintiff's Interrogatories to the extent that compliance would require Irico to violate the laws, regulations, procedures, or orders of a judicial or regulatory body of foreign jurisdictions.

16.     Irico's responses, whether now or in the future, pursuant to Plaintiff's Interrogatories should not be construed as either (i) a waiver of any of Irico's general or specific objections or (ii) an admission that such information or documents are either relevant or admissible as evidence.

17.     Irico objects to Plaintiff's Interrogatories to the extent that compliance would require Irico to seek information stored on backup or archived databases or other systems that are not readily accessible or otherwise no longer active.

18.     Irico objects to Plaintiff's Interrogatories to the extent that they are compound and/or contain discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1).

19.     Irico objects to Plaintiff's Interrogatories to the extent that they state and/or call for legal conclusions.

20.     Irico objects to the Interrogatories to the extent that they contain express or implied assumptions of fact or law with respect to the matters at issue in this case.

21.     Irico reserves the right to assert additional General and Specific Objections as appropriate to supplement these Responses.

These General Objections apply to each Interrogatory as though restated in full in the responses thereto. The failure to mention any of the foregoing General Objections in the specific responses set forth below shall not be deemed as a waiver of such objections or limitations.

## <u>GENERAL OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS</u>

1.     Irico objects to the definitions of "You" and "Your" (Definition No. 6) to the extent that Plaintiff defines those terms to include the Irico's "predecessors, successors, subsidiaries, departments, divisions, and/or affiliates." This definition is legally incorrect, overbroad, unduly burdensome, vague, and ambiguous. Irico also objects to the inclusion of "all present and former directors, officers, Employees, agents, representatives or any Persons acting or

purporting to act on behalf of" Irico within this definition to the extent it purports to encompass information that is protected by attorney-client privilege, work product protection or any other applicable doctrine, privilege, protection or immunity or otherwise calls for a legal conclusion.

2.      Irico objects to the definition of "Document" (Definition No. 8) to the extent it seeks to impose requirements that are beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable laws.

3.      Irico objects to the definition of "Employee" (Definition No. 9) on the grounds that it calls for a legal conclusion and is otherwise vague, ambiguous, and overly broad. Irico further objects to this definition to the extent that it attempts to impose burdens on Irico beyond those imposed by the Federal Rules of Civil Procedure. Irico further objects to this definition to the extent that it seeks information protected by the attorney client or other applicable privilege, attorney work product doctrine, or otherwise seeks to violate rights of privacy under U.S. or foreign law.

4.      Irico objects to the definitions of "CRT" and "CRT Products" (Definitions No. 10 and 11) on the grounds that they are vague, ambiguous and overly broad. Irico further objects to the use of the term "CRT Products" to the extent that it is inconsistent with the definition of "CRT Products" as set forth in Plaintiff's pleadings.

5.      Irico objects to the definition of the "Relevant Time Period" (Definition No. 12) as overbroad, unduly burdensome, beyond the applicable statute of limitations, and beyond the relevant time period for determining jurisdictional issues.

6.      Irico objects to the definition of "Communication" (Definition No. 14) on the grounds that it is vague, ambiguous, and overly broad. Irico further objects to this definition to the extent that it attempts to impose burdens on Irico beyond those imposed by the Federal Rules of Civil Procedure.

7.      Irico objects to the definition of "Meeting" (Definition No. 16) on the grounds that the definition is overly broad, unduly burdensome, and seeks information that is neither relevant nor proportionate to the needs of the case.

8.      Irico objects to Instruction No. 1 (related to identification of persons) to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under the Federal Rules of Civil Procedure, including, without limiting the generality of the foregoing, Rule 26(b)(5)(A) and Rule 26(e)(1). Irico further objects to this Instruction to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under, the Local Rules and any orders of the Court, and on the grounds that it is vague, ambiguous, and inconsistent with common usage. Irico further objects to this Instruction to the extent it seeks information that would disclose personal confidential information and/or violate any and all rights of privacy under the United States Constitution or Article I of the Constitution of the State of California, or any other applicable law or state constitution, or that is otherwise prohibited from disclosure because to do so would cause Irico to violate legal and/or contractual obligations to any other persons or entities.

9.      Irico objects to Instruction No. 2 (related to identification of an entity other than a natural person) to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under the Federal Rules of Civil Procedure or other applicable rule or Order of this Court.

10.     Irico objects to Instruction No. 3 (related to the production of business records in response to an interrogatory pursuant to Federal Rule of Civil Procedure 33(d)) on the grounds that it is unduly burdensome and purports to impose burdens and obligations upon Irico beyond those required by the Federal Rules of Civil Procedure or other applicable rule or Order of this Court.

## SPECIFIC RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 20

Please describe with particularity Irico's sales and marketing of CRT Products in the United States during the Class Period, and/or attempts to sell or market any CRT Products in the United States during the Class Period, including:

a.      The identity of all Persons with knowledge of such sales and marketing and/or

1    attempts to sell or market CRT Products in the United States; and

2        b.    The identity of all Documents referring or relating to such sales and marketing

3            and/or attempts to sell or market CRT Products in the United States.

4    **RESPONSE TO INTERROGATORY NO. 20**

5    Irico reasserts and incorporates each of the General Objections and Objections to the

6    Definitions and Instructions set forth above.  Irico further objects that this request seeks

7    information and documents beyond the scope of what is relevant to resolving jurisdictional issues

8    and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to

9    Compel.  Irico also objects that this request is overbroad, unduly burdensome, and

10   disproportionate to the needs of the case in resolving jurisdictional issues.  Irico also objects to

11   this interrogatory on the grounds that identification of "all Persons" and "all Documents" is

12   overbroad, unduly burdensome, and disproportionate to the needs of the case.

13   Subject to and without waiving these objections and pursuant to Federal Rule of Civil

14   Procedure 33(d), Irico will produce or make available for inspection business records from which

15   the answer to this Interrogatory may be determined.

16   Irico further states that Guo Menquan and Tao Long have knowledge of this subject.

17   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 20**

18   Subject to and without waiving the objections stated above and pursuant to the Special

19   Master's August 2, 2018 order (Dkt. No. 5320), Irico responds as follows:

20   The managerial persons with knowledge of any United States sales of Irico's CRT

21   Products throughout the class period and their work histories are as follows:

22       •   Tao Long (current employee)

23           o   May 1992-Oct. 1996: Accountant in the Finance Department, Irico Group

24           o   Oct. 1996-Nov. 2000: Chief of Finance, Irico CRT No. 1 Plant

25           o   Nov. 2000-June 2007: Chief of Finance, Irico Group Glass Factory

26           o   July 2009-Nov. 2009: Deputy Director (Finance), Irico Display

27           o   Nov. 2009-Oct. 2010: Director (Capital Operation), Irico Display

28   

| IRICO'S 3RD SUPP. OBJECTIONS AND RESPONSES TO DPP'S FIRST SET INTERROGATORIES | 7 | Master File No. 3:07-cv-05944-SC MDL No. 1917 |

1        o   Apr. 2010-present: Secretary to the Board of Directors, Irico Display

2        o   Aug. 2013-Apr. 2014 (concurrent): Director (Finance), Irico Display

3    • Guo Mengquan (former employee, retired May 2017)

4        o   Sept. 1983-Jan. 1987: Technical employee, Shaanxi Color CRT Central

5          Plant

6        o   Jan. 1987-Sept. 1988: Associate Director (CPT Department), Shaanxi

7          Color CRT Central Plant

8        o   Sept. 1988-Jan. 1990: Director (CPT Department), Shaanxi Color CRT

9          Central Plant

10       o   Jan. 1990-Sept. 1996: Associate General Manager (Glass Plant), Shaanxi

11         Color CRT Central Plant

12       o   Sept. 1996-Apr. 2001: General Manager (Glass Plant), Shaanxi Color CRT

13         Central Plant

14       o   Apr. 2001-Apr. 2013: Deputy General Manager, Irico Group

15       o   Aug. 2005-Nov. 2007 (concurrent): General Manager, Irico Electronics

16       o   Nov. 2007-Aug. 2011 (concurrent): Deputy Chairman of the Board, Irico

17         Display

18       o   Apr. 2013-Apr. 2016: General Manager, Irico Group

19       o   June 2013-2015 (concurrent): Chairman of the Board, Irico Electronics

20       o   June 2013-May 2016 (concurrent): Chairman of the Board, Irico Display

21       o   Apr. 2016-May 2017: Deputy Chairman of the Board, Irico Group

22   • Zhaojie Wang (current employee of Irico Group subsidiary)

23       o   Work history detailed at Dkt. No. 5313-2, ¶¶ 1-7.

24       Pursuant to the Special Master's August 2, 2018 order (Dkt. No. 5320), Irico will further

25   supplement this response by (1) identifying the locations of all repositories of any electronic

26   documents or files relating to United States sales of Irico's CRT Products and the legal

27   relationships of Irico and any entities that sold Irico's CRT Products in the United States

28

1  throughout the class period; and (2) providing summary explanations of sales records relevant to

2  United States sales of Irico's CRT Products and of "Irico's efforts to sell products in the U.S.

3  during the class period."

4  **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 20**

5        Subject to and without waiving the objections stated above and pursuant to the Special

6  Master's August 2, 2018 order (Dkt. No. 5320), Irico provides the following responsive

7  descriptions:

8        **1.**    **"Irico's efforts to sell products in the U.S. during the class period."**

9        During the relevant time period, Irico Group and Irico Display ("Irico") neither exported

10  nor planned to export CRT products to the U.S.  Irico focused its production of CRTs on sales

11  within the domestic Chinese market.  Such CRTs were generally considered outmoded by U.S.

12  standards.  Thus, Irico did not target the U.S. market because its CRTs were several years behind

13  the U.S. demand.

14        Irico is aware from review of customs records that an independent company, CNEIECC,

15  resold samples of Irico's CRTs into the U.S. in an apparent effort to enter the U.S. market.  Irico

16  understands this effort was ultimately a failure.  CNEIECC did not report these efforts to Irico at

17  the time.

18        **2.**    **"Summary explanations of sales records relevant to United States sales of Irico's CRT Products and of Irico's efforts to sell products in the U.S. during the class period."**

20        First, Irico Group's corporate archives are located on the first and third floors of Building

21  102 of Irico Group Headquarters, 1 Caihong Road, Qindu District, Xianyang, Shaanxi Province,

22  People's Republic of China.  These archives contain a total of over 150 file cabinets and over

23  5,500 file boxes, of which the following are potentially responsive to plaintiffs' discovery

24  requests:

25        a)    Approximately 700 bound volumes of financial records for Irico Group, dated

26               from 1995 to 2007 and organized chronologically.  These financial records include

27               contracts, receipts, invoices, approvals from the government, and approvals issued

28

IRICO'S 3RD SUPP. OBJECTIONS AND       9       Master File No. 3:07-cv-05944-SC
RESPONSES TO DPP'S FIRST SET                  MDL No. 1917
INTERROGATORIES

by Irico Group relating to operations, suppliers, investment, and financing.  Each volume ranges from approximately 100 to 300 pages depending on the volume of transactions in each period.

b)      Approximately 150 bound account books for Irico Group, dated from 1995 to 2007 and organized chronologically.  These account books contain information on Irico Group's sales, assets, operations, and cash flow based on the financial documents described above.  Each account book contains approximately 200 to 500 pages.

Second, additional financial archive files of Irico Group are located at the Caihong Building at 11 Shangdi Xinxi Road, Haidian District, Beijing, People's Republic of China.  These archives contain approximately 730 bound volumes of financial records and over 70 account books dated between 1995 and 2007.  These documents are organized chronologically and similar in content and size to the financial documents and account books described above at the Irico Group Headquarters location.

Third, Irico Display's corporate archives are stored within the archives of Shaanxi Irico Electronic Glass Co., a subsidiary of Irico Display.  Approximately 1,500 bound account books for Irico Display, dated from 1995 to 2007 and organized chronologically. These account books contain information on Irico Display's sales, assets, operations, and cash flow.  Each account book contains approximately 200 to 500 pages.

3.      **"Managerial persons with knowledge of any United States sales of Irico's CRT Products throughout the class period and their work histories"**

• **Ximin Wang:**

  o 08/1978 - 02/1988
    ▪ Irico 4400 Plant, Technician
  o 03/1988 – 08/1994
    ▪ Irico 4400 Plant CRT No.2 Plant, Director of the Electron Gun Department
  o 08/1994 – 10/1995
    ▪ Irico 4400 Plant, Director of Technical Department
  o 10/1995 - 01/1999
    ▪ Irico Color CRT General Plant, General Manager of Sales Company

- o 01/1999 – 04/2001
  - ▪ Irico Group Corporation, Deputy Director of Technical Center
- o 04/2001 - 12/2004
  - ▪ Irico Group Corporation, Director of Manufacturing Department
- o 12/2004 – 07/2005
  - ▪ Irico Electronics, Assistant to the CEO and General Manager of the Operation Department
- o 08/2005 – 11/2007
  - ▪ Irico Electronics, Deputy CEO; Irico Display, Chairman of the Board of Directors
- o 12/2007 – 09/2011
  - ▪ Irico Display, General Manager
- o 09/2011 – 09/2013
  - ▪ Irico Group Corporation, General Economist and General  Manager of Shaanxi Branch (*retired*)

- **Jian-she Wei:**

  - o 08/1981 – 12/1989
    - ▪ Irico 4400 Plant, a Team Leader of part of an assembly line
  - o 12/1989 – 08/1990
    - ▪ Caizhu Electronic Industry Company, Deputy General Manager
  - o 08/1990 – 01/1999
    - ▪ Caizhu Electronic Industry Company (now named Zhuhai Caizhu Industry Company), General Manager
  - o 01/1999 – 11/2000
    - ▪ Irico Group, Sales Company, Deputy General Manager
  - o 11/2000 – 01/2004
    - ▪ Irico Group, Sales Company, General Manager
  - o 01/2004 – 05/2005
    - ▪ Shenzhen Caihong Huangqi Electronic Information Company, Director, Deputy Chairman of the Board of Directors, General Manager
  - o 05/2005 – 04/2018
    - ▪ Zhuhai Caizhu Industry Company, on leave (*retired*)

- **Xiaolin Shen**

  - o 03/1984 – 01/1992
    - ▪ Irico Group Corporation, CRT Plant No. 1, Secretary of the company's office and Director of the company's office
  - o 10/1992 – 08/2004
    - ▪ Irico Group Corporation, Sales Company, Assistant to the General Manager and Deputy General Manager
  - o 08/2004 – 11/2007
    - ▪ Irico Group Corporation, Sales Company, General Manager
  - o 11/2007 – 01/2009

- Irico Display, Assistant to General Manager and General Manager of Sales Department
  - o 01/2009 – 09/2013
    - Irico Display, Deputy General Manager, and General Manager of Sales Department
  - o 09/2013 – 10/2015
    - Zhuhai Caizhu Limited Company, Managing Director (*retired*)

## THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 20

Subject to and without waiving the objections stated above and pursuant to the Special Master's August 2, 2018 order (Dkt. No. 5320), Irico provides the following additional supplemental response:

1. **"identifying the locations of all repositories of any electronic documents or files relating to United States sales of Irico's CRT Products"**

Irico does not possess any repository of electronic documents or files relating to United States sales of Irico's CRTs. Irico is aware of one database of electronic sales records that contains sales information during the relevant period. This database consists solely of non-U.S. sales, and Irico is reviewing it for responsiveness.

2. **"identifying the locations of all repositories of any electronic documents or files relating to . . . the legal relationships of Irico and any entities that sold Irico's CRT Products in the United States throughout the class period"**

Irico's only records concerning the export or sale of its CRTs into the United States are the hard-copy Chinese customs records of CNEIECC's sale of Irico CRTs, which have been produced. Irico itself made no sales of its products to the United States and is not aware of any other entity that sold Irico's CRTs to the United States, and thus Irico does not have any other documents or reports concerning any sale or attempted sale into the United States.

CNEIECC and Irico's relationship is one of customer and supplier. The two companies are separate entities that have had separate shareholders and management at all relevant times. The only documents Irico is aware of relating to their relationship of the companies are (1) Irico's invoices and receipts from sales to CNEIECC and (2) Irico's sales contracts with CNEIECC. Chinese accounting rules and Irico's internal policies designate invoices—not contracts—as the

1  official records of sale.  Thus, Irico generally retains all invoices but has few sales contracts.

2  Irico's invoices and receipts from Irico's sales to CNEIECC are stored in Irico's corporate

3  archive located in Xianyang City.  As stated in Irico's May 4, 2018 initial responses, August 3rd

4  meet and confer, August 7th letter, August 22nd letter, and August 31st meet and confer, these

5  archival documents are available for inspection.  Irico will produce the contracts with CNEIECC

6  that it has located.

7

8  Dated:  September 4, 2018

9

10                                    _/s/ Stuart C. Plunkett_____
                                    Stuart C. Plunkett (State Bar No. 187971)
11                                    stuart.plunkett@bakerbotts.com
                                    BAKER BOTTS LLP
12                                    101 California Street, Suite 3600
                                    San Francisco, California 94111
13                                    Telephone: (415) 291-6200
                                    Facsimile: (415) 291-6300
14
                                    John Taladay (*pro hac vice*)
15                                    john.taladay@bakerbotts.com
                                    Erik Koons (*pro hac vice*)
16                                    erik.koons@bakerbotts.com
                                    BAKER BOTTS LLP
17                                    1299 Pennsylvania Ave., NW
                                    Washington, D.C. 20004
18                                    Telephone: (202)-639-7700
                                    Facsimile: (202)-639-7890
19
                                    *Attorneys for Defendants*
20                                    *IRICO GROUP CORP. and*
                                    *IRICO DISPLAY DEVICES CO., LTD.*
21

22

23

24

25

26

27

28

| IRICO'S 3RD SUPP. OBJECTIONS AND RESPONSES TO DPP'S FIRST SET INTERROGATORIES | 13 | Master File No. 3:07-cv-05944-SC MDL No. 1917 |

1

## <u>CERTIFICATE OF SERVICE</u>

2

3      I declare that I am employed in the County of San Francisco, California.  I am over the age of eighteen years and not a party to the within case; my business address is: Baker Botts LLP, 101 California Street, Suite 3600, San Francisco, CA 94111.

4

5      On September 4, 2018, I served the following document(s) described as:

6      **IRICO DEFENDANTS' THIRD SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFF STUDIO SPECTRUM, INC.'S FIRST SET OF INTERROGATORIES**

7      on the following interested parties in this action:

8

9      Guido Saveri (guido@saveri.com)                      Mario N. Alioto (malioto@tatp.com)
       R. Alexander Saveri (rick@saveri.com)                Lauren C. Capurro (laurenrussell@tatp.com)

10     Geoffrey C. Rushing (grushing@saveri.com)            Joseph M. Patane (jpatane@tatp.com)
       Cadio Zirpoli (cadio@saveri.com)                     TRUMP, ALIOTO, TRUMP & PRESCOTT,

11     Matthew D. Heaphy (mheaphy@saveri.com)               LLP
       SAVERI & SAVERI, INC.                                2280 Union Street

12     706 Sansome St # 200,                                San Francisco, CA 94123
       San Francisco, CA 94111

13     *Lead Counsel for the Direct Purchaser*              *Lead Counsel for the Indirect Purchaser*
       *Plaintiffs*                                         *Plaintiffs*

14

15     Christopher Micheletti
       (cmicheletti@zelle.com)

16     Qianwei Fu (qfu@zelle.com)
       ZELLE LLP

17     44 Montgomery Street, Suite 3400
       San Francisco, CA 94104-4807

18     D (415) 633-1912

19     *Lead Counsel for the Indirect Purchaser*
       *Plaintiffs*

20

21     [ ]      (BY OVERNIGHT DELIVERY) I enclosed the documents in an envelope or package
                provided by an overnight delivery carrier and addressed to the persons at the addresses

22              listed above. I placed the envelope or package for collection and overnight delivery at an
                office or regularly utilized drop box of the overnight delivery carrier.

23     [ ]      (BY MAIL) by placing a true copy thereof in a sealed envelope with postage fully prepaid
                and addressed to the persons at the addresses as shown above.  I am readily familiar with

24              the business practice of Baker Botts LLP for collection and processing of correspondence
                for mailing with the United States Postal Service, and the correspondence would be

25              deposited with United States Postal Service that same day in the ordinary course of
                business.

26

27

28

---

IRICO'S 3RD SUPP. OBJECTIONS AND                14          Master File No. 3:07-cv-05944-SC
RESPONSES TO DPP'S FIRST SET                                MDL No. 1917
INTERROGATORIES

[X]   (BY ELECTRONIC MAIL) I caused such documents to be sent to the persons at the email addressed listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on September 4, 2018, 2012 at San Francisco, California.

*/s/ Reilly T. Stoler*
Reilly T. Stoler

# EXHIBIT 6

# Exhibit 49

Annex 2          IRICO Group Company Organisation Chart




Scanned and created by CamScanner

CONFIDENTIAL                                        IRI-CRT-00000999



附件2: 彩虹集团公司组织机构图

**彩虹集团公司**

- 集团办公室
- 发展规划部
- 资产财务部
- 人力资源部
- 技术质量部
- 审计部
- 生产部
- 技术中心
- 彩虹学校
- 彩虹医院

**全资企业**
- 彩虹彩色显象管总厂
- 彩虹三产总公司
- 彩虹昆山实业总公司
- 中国电子器件工业总公司
- 彩虹建设工程公司
- 彩虹珠海彩珠实业总公司
- 海口彩虹温泉大酒店
- 瑞博香港电子有限公司
- 彩虹惠州总公司
- 西安彩虹电器工业公司
- 深圳彩虹阳工贸公司
- 中国电子进出口彩虹公司

**控股企业**
- 彩虹显示器件股份公司
- 彩虹电子配件有限公司
- 彩虹彩泰电子器件公司
- 深圳荧光材料有限公司
- 彩虹荧光电子公司
- 西安彩虹显示公司
- 北京全创通讯有限公司

**参股企业**
- 北京维信诺科技有限公司
- 永安保险公司
- 彩虹包装箱厂
- 北京亚泰无极贸易公司
- 深圳彩虹显象管公司

 由 扫描全能工 扫描创建

CONFIDENTIAL

IRI-CRT-00000999

# EXHIBIT 7

1    John Taladay (*pro hac vice*)
     john.taladay@bakerbotts.com
2    Erik Koons (*pro hac vice*)
     erik.koons@bakerbotts.com
3    BAKER BOTTS LLP
     1299 Pennsylvania Ave., NW
4    Washington, D.C. 20004
     Telephone: (202)-639-7700
5    Facsimile: (202)-639-7890

6    Stuart C. Plunkett (State Bar No. 187971)
     stuart.plunkett@bakerbotts.com
7    BAKER BOTTS LLP
     101 California Street, Suite 3600
8    San Francisco, California 94111
     Telephone: (415) 291-6200
9    Facsimile: (415) 291-6300

10   *Attorneys for Defendants*
     *IRICO GROUP CORP. and*
11   *IRICO DISPLAY DEVICES CO., LTD.*

12                  **UNITED STATES DISTRICT COURT**

13                 **NORTHERN DISTRICT OF CALIFORNIA**

14                    **SAN FRANCISCO DIVISION**

15

16   IN RE: CATHODE RAY TUBE (CRT)          Case No. 3:07-cv-05944-JST
     ANTITRUST LITIGATION
17                                          MDL No. 1917

18                                          **IRICO DEFENDANTS'**
                                            **SUPPLEMENTAL OBJECTIONS AND**
19   This Document Relates to:             **RESPONSES TO DIRECT**
                                            **PURCHASER PLAINTIFF STUDIO**
         ALL DIRECT PURCHASER ACTIONS       **SPECTRUM, INC.'S FIRST SET OF**
20                                          **INTERROGATORIES**
21

22

23   PROPOUNDING PARTY:        Direct Purchaser Plaintiff Studio Spectrum, Inc.

24   RESPONDING PARTIES:       Irico Group Corporation
                               Irico Display Devices Co., Ltd.
25   SET NO.:                  One

26

27

28
     IRICO'S SUPP. OBJECTIONS AND                      Master File No. 3:07-cv-05944-SC
     RESPONSES TO DPP'S FIRST SET                                          MDL No. 1917
     INTERROGATORIES

1    Pursuant to Federal Rules of Civil Procedure 26 and 33, Irico Group Corporation and Irico

2    Display Devices Co, Ltd. (collectively, "Irico" or "Irico Defendants") hereby respond to the

3    Direct Purchaser Plaintiff Studio Spectrum, Inc.'s ("Plaintiff") First Set of Interrogatories

4    ("Interrogatories"). Irico reserves the right to amend or supplement these Objections and

5    Responses (the "Responses") to the extent allowed by the Federal Rules of Civil Procedure and

6    the Local Rules of Practice in Civil Proceedings before the United States District Court for the

7    Northern District of California ("Local Rules"). Subject to and without waiving any of Irico's

8    General and Specific Objections as set forth below, Irico is willing to meet and confer with

9    Plaintiff regarding such General and Specific Objections.

10    The following Responses are made only for purposes of this case. The Responses are

11    subject to all objections as to relevance, materiality and admissibility, and to any and all

12    objections on any ground that would require exclusion of any response if it were introduced in

13    court. All evidentiary objections and grounds are expressly reserved.

14    These Responses are subject to the provisions of the Stipulated Protective Order that the

15    Court issued on June 18, 2008 ("Protective Order"). Irico's Responses are hereby designated

16    "Confidential" in accordance with the provisions of the Protective Order.

## GENERAL OBJECTIONS

18    Irico makes the following General Objections to Plaintiff's Interrogatories:

19    1.    Irico's Responses are based upon information available to and located by Irico as

20    of the date of service of these Responses. In responding to Plaintiff's Interrogatories, Irico states

21    that it has conducted, or will conduct, a diligent search, reasonable in scope, of those files and

22    records in its possession, custody, or control believed to likely contain information responsive to

23    Plaintiff's Interrogatories.

24    2.    No express, incidental, or implied admissions are intended by these Responses and

25    should not be read or construed as such.

26    3.    Irico does not intend, and its Responses should not be construed as, an agreement

27    or acquiescence with any characterization of fact, assumption, or conclusion of law contained in

28

IRICO'S SUPP. OBJECTIONS AND          1          Master File No. 3:07-cv-05944-SC
RESPONSES TO DPP'S FIRST SET                     MDL No. 1917
INTERROGATORIES

or implied by the Interrogatories.

4.      To the extent that Irico responds to Plaintiff's Interrogatories by stating that Irico will produce or make available for examination responsive information or documents, Irico does not represent that any such information or documents exist. Irico will make a good faith and reasonable attempt to ascertain whether information responsive to Plaintiff's Interrogatories exists and is properly producible, and will produce or make available for examination non-privileged responsive materials to the extent any are located during the course of a reasonable search.

5.      Irico objects to Plaintiff's Interrogatories to the extent that they are overly broad, unduly burdensome, oppressive, and duplicative to the extent that they seek information or documents that are already in the possession, custody, or control of Plaintiff.

6.      Irico objects to Plaintiff's Interrogatories to the extent that they seek to impose obligations on Irico beyond those of the Federal Rules of Civil Procedure, the Local Rules, or any Order of this Court.

7.      Irico objects to Plaintiff's Interrogatories to the extent they seek information that is not relevant to jurisdictional issues or disproportionate to the needs of the case in resolving such jurisdictional issues.

8.      Irico objects to Plaintiff's Interrogatories to the extent that they are vague, ambiguous, or susceptible to more than one interpretation. Irico shall attempt to construe such vague or ambiguous Interrogatories so as to provide for the production of responsive information that is proportionate to the needs of the case. If Plaintiff subsequently asserts an interpretation of any Interrogatory that differs from Irico's understanding, Irico reserves the right to supplement or amend its Responses.

9.      Irico objects to Plaintiff's Interrogatories to the extent that they contain terms that are insufficiently or imprecisely defined. Irico shall attempt to construe such vague or ambiguous Interrogatories so as to provide for the production of responsive information that is proportionate to the needs of the case.

10.     Irico objects to Plaintiff's Interrogatories to the extent that they seek information that is protected from disclosure by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, self-evaluative privilege, or any other applicable privilege or immunity. Irico will provide only information that it believes to be non-privileged and otherwise properly discoverable. None of Irico's responses is intended nor should be construed as a waiver of any such privilege or immunity. The inadvertent or mistaken provision of any information or responsive documents subject to any such doctrine, privilege, protection or immunity from production shall not constitute a general, inadvertent, implicit, subject-matter, separate, independent or other waiver of such doctrine, privilege, protection or immunity from production.

11.     Irico objects to Plaintiff's Interrogatories to the extent that they call for information that is not in the possession, custody, or control of Irico. Irico also objects to the extent that any of Plaintiff's Interrogatories seek information from non-parties or third parties, including but not limited to any of Irico's subsidiary or affiliated companies.

12.     Irico objects to Plaintiff's Interrogatories to the extent that responding would require Irico to violate the privacy and/or confidentiality of a third party or confidentiality agreement with a third party.

13.     Irico objects to Plaintiff's Interrogatories to the extent that they seek information that is publicly available, already in Plaintiffs' possession, custody, or control, or more readily available from other sources.

14.     Irico objects to Plaintiff's Interrogatories to the extent that they seek information or documents concerning transactions outside the United States. Such Interrogatories are unduly burdensome and irrelevant because they do not relate to actions by Irico in or causing a direct effect in the United States.  Such Interrogatories are also unduly burdensome and irrelevant to this pending action as Plaintiffs' class definition is confined to "all persons . . . who directly purchased a Cathode Ray Tube Product . . . in the United States" (see Direct Purchaser Plaintiffs' Consolidated Amended Complaint).

15.     Irico objects to Plaintiff's Interrogatories to the extent that compliance would require Irico to violate the laws, regulations, procedures, or orders of a judicial or regulatory body of foreign jurisdictions.

16.     Irico's responses, whether now or in the future, pursuant to Plaintiff's Interrogatories should not be construed as either (i) a waiver of any of Irico's general or specific objections or (ii) an admission that such information or documents are either relevant or admissible as evidence.

17.     Irico objects to Plaintiff's Interrogatories to the extent that compliance would require Irico to seek information stored on backup or archived databases or other systems that are not readily accessible or otherwise no longer active.

18.     Irico objects to Plaintiff's Interrogatories to the extent that they are compound and/or contain discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1).

19.     Irico objects to Plaintiff's Interrogatories to the extent that they state and/or call for legal conclusions.

20.     Irico objects to the Interrogatories to the extent that they contain express or implied assumptions of fact or law with respect to the matters at issue in this case.

21.     Irico reserves the right to assert additional General and Specific Objections as appropriate to supplement these Responses.

These General Objections apply to each Interrogatory as though restated in full in the responses thereto. The failure to mention any of the foregoing General Objections in the specific responses set forth below shall not be deemed as a waiver of such objections or limitations.

## GENERAL OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Irico objects to the definitions of "You" and "Your" (Definition No. 6) to the extent that Plaintiff defines those terms to include the Irico's "predecessors, successors, subsidiaries, departments, divisions, and/or affiliates." This definition is legally incorrect, overbroad, unduly burdensome, vague, and ambiguous. Irico also objects to the inclusion of "all present and former directors, officers, Employees, agents, representatives or any Persons acting or

purporting to act on behalf of" Irico within this definition to the extent it purports to encompass information that is protected by attorney-client privilege, work product protection or any other applicable doctrine, privilege, protection or immunity or otherwise calls for a legal conclusion.

2.      Irico objects to the definition of "Document" (Definition No. 8) to the extent it seeks to impose requirements that are beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable laws.

3.      Irico objects to the definition of "Employee" (Definition No. 9) on the grounds that it calls for a legal conclusion and is otherwise vague, ambiguous, and overly broad. Irico further objects to this definition to the extent that it attempts to impose burdens on Irico beyond those imposed by the Federal Rules of Civil Procedure. Irico further objects to this definition to the extent that it seeks information protected by the attorney client or other applicable privilege, attorney work product doctrine, or otherwise seeks to violate rights of privacy under U.S. or foreign law.

4.      Irico objects to the definitions of "CRT" and "CRT Products" (Definitions No. 10 and 11) on the grounds that they are vague, ambiguous and overly broad. Irico further objects to the use of the term "CRT Products" to the extent that it is inconsistent with the definition of "CRT Products" as set forth in Plaintiff's pleadings.

5.      Irico objects to the definition of the "Relevant Time Period" (Definition No. 12) as overbroad, unduly burdensome, beyond the applicable statute of limitations, and beyond the relevant time period for determining jurisdictional issues.

6.      Irico objects to the definition of "Communication" (Definition No. 14) on the grounds that it is vague, ambiguous, and overly broad. Irico further objects to this definition to the extent that it attempts to impose burdens on Irico beyond those imposed by the Federal Rules of Civil Procedure.

7.      Irico objects to the definition of "Meeting" (Definition No. 16) on the grounds that the definition is overly broad, unduly burdensome, and seeks information that is neither relevant nor proportionate to the needs of the case.

8.      Irico objects to Instruction No. 1 (related to identification of persons) to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under the Federal Rules of Civil Procedure, including, without limiting the generality of the foregoing, Rule 26(b)(5)(A) and Rule 26(e)(1). Irico further objects to this Instruction to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under, the Local Rules and any orders of the Court, and on the grounds that it is vague, ambiguous, and inconsistent with common usage. Irico further objects to this Instruction to the extent it seeks information that would disclose personal confidential information and/or violate any and all rights of privacy under the United States Constitution or Article I of the Constitution of the State of California, or any other applicable law or state constitution, or that is otherwise prohibited from disclosure because to do so would cause Irico to violate legal and/or contractual obligations to any other persons or entities.

9.      Irico objects to Instruction No. 2 (related to identification of an entity other than a natural person) to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under the Federal Rules of Civil Procedure or other applicable rule or Order of this Court.

10.      Irico objects to Instruction No. 3 (related to the production of business records in response to an interrogatory pursuant to Federal Rule of Civil Procedure 33(d)) on the grounds that it is unduly burdensome and purports to impose burdens and obligations upon Irico beyond those required by the Federal Rules of Civil Procedure or other applicable rule or Order of this Court.

## SPECIFIC RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 9

Please describe with particularity all investigation or collection of information that Wenkai Zhang performed in connection with the preparation of his declaration, including:

a.      The identity of all Employees, officers or agents of Irico with whom he

communicated (whether oral or written) in connection with his declaration; and

b.     The identity of all Documents he reviewed in connection with his declaration.

**RESPONSE TO INTERROGATORY NO. 9**

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.  Irico further objects that this request seeks information and documents beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Mr. Zhang's declaration is no longer at issue, because his declaration was submitted in support of Irico's Motion to Set Aside Default, which the Court has already decided.  Irico also objects that this request is overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving jurisdictional issues.  Irico also objects that this request calls for information and documents that are privileged under the attorney-client privilege and work product doctrine. Irico also objects to this interrogatory on the grounds that identification of "all Persons" and "all Documents" is overbroad, unduly burdensome, and disproportionate to the needs of the case.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Subject to and without waiving the objections stated above and pursuant to the Special Master's August 2, 2018 order (Dkt. No. 5320), Irico responds as follows:

Mr. Zhang does not remember with specificity which documents he reviewed on which dates while preparing the declaration he executed on October 25, 2017, but he began reviewing documents in September of 2017 and completed his review in December of 2017.  In this process, Mr. Zhang reviewed (1) all documents Bates labeled IRI-CRT-00000001 through -904; and (2) archival sales and accounting records that Irico has previously agreed to make available for inspection.  These archival records were provided to Mr. Zhang by:  Mei Li, Director of Irico Group Archive; Hua Yang, Director of Department of Accounting of Irico Group; Tao Long, Secretary to the Board of Directors of Irico Display.

Aside from his discussions with outside counsel, Mr. Zhang communicated about the preparation of his declaration with Zhaojie Wang, Yunlong Yan, Ye Yang, and Tao Long.

**INTERROGATORY NO. 20**

Please describe with particularity Irico's sales and marketing of CRT Products in the United States during the Class Period, and/or attempts to sell or market any CRT Products in the United States during the Class Period, including:

    a.    The identity of all Persons with knowledge of such sales and marketing and/or attempts to sell or market CRT Products in the United States; and

    b.    The identity of all Documents referring or relating to such sales and marketing and/or attempts to sell or market CRT Products in the United States.

**RESPONSE TO INTERROGATORY NO. 20**

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.  Irico further objects that this request seeks information and documents beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Irico also objects that this request is overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving jurisdictional issues.  Irico also objects to this interrogatory on the grounds that identification of "all Persons" and "all Documents" is overbroad, unduly burdensome, and disproportionate to the needs of the case.

Subject to and without waiving these objections and pursuant to Federal Rule of Civil Procedure 33(d), Irico will produce or make available for inspection business records from which the answer to this Interrogatory may be determined.

Irico further states that Guo Menquan and Tao Long have knowledge of this subject.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 20**

Subject to and without waiving the objections stated above and pursuant to the Special Master's August 2, 2018 order (Dkt. No. 5320), Irico responds as follows:

The identity and work history of managerial persons with knowledge of Irico's CRT Product sales throughout the class period, including sales to the United States—if any—are as follows:

1    • Tao Long (current employee)

2         o May 1992-Oct. 1996: Accountant in the Finance Department, Irico Group

3         o Oct. 1996-Nov. 2000: Chief of Finance, Irico CRT No. 1 Plant

4         o Nov. 2000-June 2007: Chief of Finance, Irico Group Glass Factory

5         o July 2009-Nov. 2009: Deputy Director (Finance), Irico Display

6         o Nov. 2009-Oct. 2010: Director (Capital Operation), Irico Display

7         o Apr. 2010-present: Secretary to the Board of Directors, Irico Display

8         o Aug. 2013-Apr. 2014 (concurrent): Director (Finance), Irico Display

9    • Mengquan Guo (former employee, retired May 2017)

10         o Work history detailed at Dkt. No. 5312-1, ¶¶ 1-13.

11   • Zhaojie Wang (current employee of Irico Group subsidiary)

12         o Work history detailed at Dkt. No. 5313-2, ¶¶ 1-7.

13   • Ximin Wang (former sales manager at Irico Group)

14         o Irico will supplement work history when available.

15   • Jianshe Wei (former sales manager at Irico Group)

16         o Irico will supplement work history when available.

17   • Xiaolin Shen (former sales manager at Irico Group)

18         o Irico will supplement work history when available.

19   Pursuant to the Special Master's August 2, 2018 order (Dkt. No. 5320), Irico will further

20   supplement this response by (1) identifying the locations of all repositories of any electronic

21   documents or files relating to United States sales of Irico's CRT Products and the legal

22   relationships of Irico and any entities that sold Irico's CRT Products in the United States

23   throughout the class period; and (2) providing summary explanations of sales records relevant to

24   United States sales of Irico's CRT Products and of "Irico's efforts to sell products in the U.S.

25   during the class period."

26

27

28

1   Dated: August 10, 2018

2

3                                           */s/ Erik Koons*
                                            Stuart C. Plunkett (State Bar No. 187971)
                                            stuart.plunkett@bakerbotts.com
4                                           BAKER BOTTS LLP
                                            101 California Street, Suite 3600
5                                           San Francisco, California 94111
                                            Telephone: (415) 291-6200
6                                           Facsimile: (415) 291-6300

7                                           John Taladay (*pro hac vice*)
                                            john.taladay@bakerbotts.com
8                                           Erik Koons (*pro hac vice*)
                                            erik.koons@bakerbotts.com
9                                           BAKER BOTTS LLP
                                            1299 Pennsylvania Ave., NW
10                                          Washington, D.C. 20004
                                            Telephone: (202)-639-7700
11                                          Facsimile: (202)-639-7890

12                                          *Attorneys for Defendants*
                                            *IRICO GROUP CORP. and*
13                                          *IRICO DISPLAY DEVICES CO., LTD.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2

**In re: Cathode Ray Tube (CRT) Antitrust Litigation - MDL No. 1917**

3

   I declare that I am employed in the County of San Francisco, California.  I am over the age of eighteen years and not a party to the within case; my business address is: Baker Botts LLP, 101 California Street, Suite 3600, San Francisco, CA 94111.

4

5

   On August 10, 2018, I served the following document(s) described as:

6

**IRICO DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFF STUDIO SPECTRUM, INC.'S FIRST SET OF INTERROGATORIES**

7

8

on the following interested parties in this action:

9

Guido Saveri (guido@saveri.com)
R. Alexander Saveri (rick@saveri.com)
Geoffrey C. Rushing (grushing@saveri.com)
Cadio Zirpoli (cadio@saveri.com)
Matthew D. Heaphy (mheaphy@saveri.com)
SAVERI & SAVERI, INC.
706 Sansome St # 200,
San Francisco, CA 94111

Mario N. Alioto (malioto@tatp.com)
Lauren C. Capurro (laurenrussell@tatp.com)
Joseph M. Patane (jpatane@tatp.com)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123

10

11

12

13

*Lead Counsel for the Direct Purchaser Plaintiffs*

*Lead Counsel for the Indirect Purchaser Plaintiffs*

14

15

Christopher Micheletti (cmicheletti@zelle.com)
Qianwei Fu (qfu@zelle.com)
ZELLE LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104-4807
D (415) 633-1912

16

17

18

*Lead Counsel for the Indirect Purchaser Plaintiffs*

19

20

21

[ ]  (BY OVERNIGHT DELIVERY) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

22

23

[ ]  (BY MAIL) by placing a true copy thereof in a sealed envelope with postage fully prepaid and addressed to the persons at the addresses as shown above.  I am readily familiar with the business practice of Baker Botts LLP for collection and processing of correspondence for mailing with the United States Postal Service, and the correspondence would be deposited with United States Postal Service that same day in the ordinary course of business.

24

25

26

27

28

[X]    (BY ELECTRONIC MAIL) I caused such documents to be sent to the persons at the email addressed listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on August 10, 2018, 2012 at San Francisco, California.

*/s/ Stephanie DM Pearson*
Stephanie DM Pearson

# EXHIBIT 8

**BAKER BOTTS** LLP

| | | |
|---|---|---|
| 101 CALIFORNIA ST. | AUSTIN | LONDON |
| SUITE 3600 | BEIJING | MOSCOW |
| SAN FRANCISCO, CALIFORNIA | BRUSSELS | NEW YORK |
| 94111 | DALLAS | PALO ALTO |
| | DUBAI | RIYADH |
| TEL +1.415.291.6200 | HONG KONG | **SAN FRANCISCO** |
| FAX +1.415.291.6300 | HOUSTON | WASHINGTON |
| BakerBotts.com | | |

Stuart C. Plunkett
TEL: 415.291.6203
FAX: 415.291.6303
stuart.plunkett@bakerbotts.com

August 7, 2018

*Via E-Mail*

Geoffrey C. Rushing
(email: grushing@saveri.com)
SAVERI & SAVERI, INC.
706 Sansome Street, Suite 200
San Francisco, CA 94111

      Re:    In re: Cathode Ray Tube (CRT) Antitrust Litigation -
             Master File No. 3:07-cv05944-SC; MDL No. 1917

Dear Geoff:

    I write to provide additional information on the files that Irico has identified as responsive to plaintiffs' discovery requests. Enclosed with this letter is a description of documents that Irico is making available for inspection, their location, and approximate volume.

    If you have any questions, please do not hesitate to contact me.

                    Sincerely,

                    Stuart C. Plunkett

cc:    Matthew D. Heaphy (E-mail: mheaphy@saveri.com)
        Guido Saveri (E-mail: guido@saveri.com)
        R. Alexander Saveri (E-mail: rick@saveri.com)
        Cadio Zirpoli (E-mail: cadio@saveri.com)
        Mario N. Alioto (malioto@tatp.com)
        Lauren C. Capurro (laurenrussell@tatp.com)
        Joseph M. Patane (jpatane@tatp.com)
        Christopher Micheletti (cmicheletti@zelle.com)

**Summary of Irico Files Available for Inspection**

Hard copy records responsive to plaintiffs' discovery requests can be made available for inspection in three locations, two of which relate to Irico Group Corp. ("Irico Group") and one to Irico Display Devices Co. Ltd. ("Irico Display").

**First**, Irico Group's corporate archives are located on the first and third floors of Building 102 of Irico Group Headquarters, 1 Caihong Road, Qindu District, Xianyang, Shaanxi Province, People's Republic of China. These archives contain a total of over 150 file cabinets and over 5,500 file boxes, of which the following are responsive to plaintiffs' discovery requests:

1. Approximately 700 bound volumes of financial records for Irico Group, dated from 1995 to 2007 and organized chronologically. These financial records include contracts, receipts, invoices, approvals from the government, and approvals issued by Irico Group relating to operations, suppliers, investment, and financing. Each volume ranges from approximately 100 to 300 pages depending on the volume of transactions in each period.

2. Approximately 150 bound account books for Irico Group, dated from 1995 to 2007 and organized chronologically. These account books contain information on Irico Group's sales, assets, operations, and cash flow based on the financial documents described above. Each account book contains approximately 200 to 500 pages.

3. Approximately 5,400 file boxes of administrative documents dated from 1978 forward. These boxes contain a variety of documents issued to Irico Group by Chinese government agencies, including the Chinese Communist Party Central Committee, the State Council, the State-owned Assets Supervision and Administration Commission, the Ministry of Machinery and Electronics Industry, the Ministry of Electronics Industry, the Ministry of Industry and Information Technology, the Ministry of Finance, the State Planning Commission, the National Development and Reform Commission, the Organization Department of the CPC Central Committee, the Ministry of Human Resources and Social Security, the Shaanxi Provincial Party Committee, Shaanxi provincial government and other state bodies, ministries, commissions, and industry authorities, as well as administrative documents generated in the process of production and operation of Irico Group. Each file box contains approximately 400-800 pages. The boxes are organized in cabinets chronologically by year and by type of document within each year.

**Second**, additional financial archive files of Irico Group are located at the Caihong Building at 11 Shangdi Xinxi Road, Haidian District, Beijing, People's Republic of China. These archives contain approximately 730 bound volumes of financial records and over 70 account books dated between 1995 and 2007. These documents are organized chronologically and similar in content and size to the financial documents and account books described above at the Irico Group Headquarters location.

**Third**, Irico Display's corporate archives are stored within the archives of Shaanxi Irico Electronic Glass Co., a subsidiary of Irico Display, and in the office of Irico Display's Board of

Directors.  Located in Xianyang, Shaanxi Province, People's Republic of China, these archives contain the following documents that are potentially responsive to plaintiffs' requests:

1. Approximately 1,500 bound account books for Irico Display, dated from 1995 to 2007 and organized chronologically. These account books contain information on Irico Display's sales, assets, operations, and cash flow.  Each account book contains approximately 200 to 500 pages.

2. Approximately ten cabinets and two storage cartons containing administrative records of Irico Display from 1995 forward.  These records include notices, replies and letters of appointment issued by provincial authorities and industry authorities such as the China Securities Regulatory Commission, Shaanxi Provincial Party Committee and Provincial Government, and Irico Group in connection with Irico Display's major investments, financial budgets, financial support and other major production and operation-related matters, as well as requests for support, reports, work reports and other important production and operation-related documents submitted by Irico Display to the above authorities and Irico Group.  Each cabinet or carton contains approximately 3000 pages.