# DOCUMENT 12

**BAKER BOTTS** LLP

| | | |
|---|---|---|
| 101 CALIFORNIA ST. | AUSTIN | LONDON |
| SUITE 3600 | BEIJING | MOSCOW |
| SAN FRANCISCO, CALIFORNIA | BRUSSELS | NEW YORK |
| 94111 | DALLAS | PALO ALTO |
| | DUBAI | RIYADH |
| TEL +1.415.291.6200 | HONG KONG | **SAN FRANCISCO** |
| FAX +1.415.291.6300 | HOUSTON | WASHINGTON |
| BakerBotts.com | | |

Stuart C. Plunkett
TEL: 415.291.6203
FAX: 415.291.6303
stuart.plunkett@bakerbotts.com

September 18, 2018

VIA E-MAIL AND COURIER

Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111

      Re:    *In re: Cathode Ray Tubes (CRT) Antitrust Litigation* - MDL No. 1917
                Master File No. 3:07-cv05944-SC

Dear Judge Walker:

      I write on behalf of Defendant Irico Display Devices Co., Ltd. and Irico Group Corporation ("Irico") to oppose Direct Purchaser Plaintiffs' ("DPPs") September 11, 2018 motion to compel. Contrary to the arguments DPPs assert in their motion, Irico has complied with the Court's August 20, 2018 discovery Order (Dkt. 5324) ("Order").

      First, much of DPPs' motion rests on Plaintiffs' argument that Irico failed to produce or summarize *via* interrogatories documents demonstrating Irico's U.S. sales. But *Irico made no direct sales to the U.S.* Contrary to DPPs' insistence, Irico cannot provide discovery responses relating to nonexistent sales.

      Second, DPPs' argument that Irico violated discovery rules by making documents available for inspection is specious. The Rules explicitly permit Irico to either produce documents *or* make documents available for "inspection." *See* FRCP 34(b)(2)(B). Indeed, at least one other foreign party in this litigation made documents available for inspection abroad and in those instances plaintiffs elected to go and inspect those documents. Here, Irico both produced to DPPs documents Irico deemed potentially responsive to DPPs' discovery requests and permitted inspection of other documents that Irico believes are irrelevant. DPPs' decision to not inspect Irico's records over the past four months is an insufficient basis for their motion to compel.

      Finally, Irico has not failed to produce documents relating to alleged competitor meetings. Irico has stated to DPPs that it searched for responsive documents, had not yet located

**BAKER BOTTS** LLP

- 2 -                                                    September 18, 2018

any such documents, but that Irico was continuing its search. Irico made an updated production on September 14, 2018, and, to date, has still been unable to locate any such documents.

Based on the foregoing, there is nothing for Your Honor to compel. Irico respectfully requests that you deny DPPs' motion.

## Document Request No. 9 and Interrogatory No. 20
(Documents and information re U.S. sales)

The premise of DPPs' motion to compel with respect to these requests is that Irico failed to produce documents relating to Irico's sale of CRTs to the U.S. But Irico has confirmed to DPPs that it did not sell CRTs directly to the U.S. and thus no such records exist. (Declaration of Stuart C. Plunkett in Support of Irico Defendants' Opposition to Indirect Purchaser Plaintiffs' Motion to Compel Jurisdictional Discovery ("IPP Plunkett Decl."), submitted to Your Honor on September 14, 2018, Ex. 1 at 9, 12.)

DPPs' dispute Irico's lack of U.S. sales by arguing that Irico sold to the U.S. through Caihong Co., which was allegedly "owned and controlled by Irico." (DPP Mot. at 4). DPPs' argument that Caihong was owned by Irico Group, which appears to hinge solely on the what is believed to be a draft and certainly inaccurate organizational chart, is incorrect. As is evidenced in the attached documents, Caihong was at all relevant times a separate and independent company from Irico Group and Irico Display; during the relevant period, it was a subsidiary of China National Electronics Import & Export Corporation. (Declaration of Stuart C. Plunkett in Support of Irico Defendants' Opposition to Direct Purchaser Plaintiffs' Motion to Compel ("Plunkett Decl."), submitted herewith, Exs. 1 & 2.) DPPs can test this evidence and the organizational chart it attaches to its motion in the upcoming 30(b)(6) and individual depositions of Irico Group and Irico display. DPPs will learn, as Irico has stated in its discovery responses, that Caihong was independent from the Irico defendants at all relevant times. (Declaration of Stuart C. Plunkett in Support of Irico Defendants' Opposition to Indirect Purchaser Plaintiffs' Motion to Compel Jurisdictional Discovery ("IPP Plunkett Decl."), submitted to Your Honor on September 14, 2018, Ex. 1 at 9, 12.)

Thus, contrary to the premise in DPPs' motion to compel, Irico's discovery responses identifying its legal relationship with Caihong as "one of customer and supplier" are entirely accurate. (*Id.* Ex. 1 at 12.) DPPs' further argument that Irico has said nothing in its discovery responses other than that Caihong was at all relevant times an "independent company" is also false. (DPP Mot. at 3-4.) As is evident from Irico's responses, Irico also disclosed that, as an independent company from Irico, Caihong was separately owned, had different shareholders, and separate management from the Irico defendants. (IPP Plunkett Decl. Ex. 1 at 12.) That Caihong purportedly was located at the same state-owned corporate complex merely underscores the fact that the Irico defendants were state enterprises.

The absence of Irico sales to the U.S. is also evident from Irico's sales records. As Irico has verified to Plaintiffs repeatedly during this discovery process, Irico's complete sales records are contained and produced in its archived accounting records, which have been available for

**BAKER BOTTS** LLP

- 3 -                                                                                          September 18, 2018

inspection since May 4, 2018. (IPP Plunkett Decl. ¶ 2 & Ex. 2.) Making documents available for inspection fully satisfies Fed. R. Civ. P. 34's production obligation. *See Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 220–21 (C.D. Cal. 2009) (defendant, a Utah corporation, met the requirements of Rule 34 by offering to make documents available for inspection to plaintiff, a California corporation, in Utah); *Betts v. Agri-Tech Servs., Inc.*, No. 87-4110-R, 1990 WL 5731, at *1 (D. Kan. Jan. 23, 1990) (denying motion to compel where defendant allowed plaintiff to examine and copy records at defendant's attorney's office, and finding that "defendant is not required to mail these documents to plaintiff in Texas for additional inspection and copying"); *Harris v. Sunset Oil Co.*, 2 F.R.D. 93 (W.D. Wash. 1941) (granting motion to produce "provided that compliance by defendants respectively shall be at their respective places of business during reasonable office hours or at such other places and times as may be mutually agreeable"); *see also* Fed. R. Civ. P. 34(b)(1)(B); 34(b)(2)(B); 34(b)(2)(E)(i); 2015 Advisory Committee Notes to 34(b)(2)(B) ("simply permitting inspection").

Irico has no electronic database of U.S. sales. (IPP Plunkett Decl. Ex. 1 at 12.) Chinese accounting rules and Irico's internal policies required that Irico retain only its sales invoices, which are now housed in its archives at various locations described in detail to Plaintiffs. (*Id.* at 9-10, 12-13.) On August 10, 2018, Irico explained to counsel for IPPs that these archives contained information responsive to their interrogatories, including *both domestic and international sales*: "Irico provided on August 7 a summary of Irico Group and Display's accounting records held in their archives that are available for inspection. Those accounting records contain all available records of sales by Irico Defendants, whether domestic or export, during the class period and would contain any information Irico has responsive to Rog #18 for sales during the Class Period." (Capurro Decl., submitted with IPP Mot. to Compel, Ex. 10.) Indeed, the accounting records Irico has made available include, for each domestic and international sale: the invoice serial number, product type, quantity, price, revenue, customer name (i.e., party invoiced), and destination. (IPP Plunkett Decl. ¶ 2.)

Irico has repeatedly made clear that these documents are available for inspection. Irico explained that these documents were available for inspection in discovery responses, dated May 4, 2018. (IPP Plunkett Decl. Ex. 2 at 25-26.) In a letter dated August 22, 2018, Irico reiterated that these records were available and requested that Plaintiffs "please provide us with inspection dates, so Irico can make any necessary arrangements to facilitate [Plaintiffs'] review." (*Id.* Ex. 3 at 2.) Irico again stated that these documents were available for inspection during the parties August 31, 2018 telephonic meet-and-confer. (*Id.* ¶ 3.) Thus, IPPs are seeking to compel production of that which is already produced under the F.R.C.P. and fully available to them for inspection.

DPPs argue that Irico's offer to make records available is improper because, *inter alia*, Irico has purportedly pointed DPPs to five million pages of documents and essentially said "go look." As discussed, contrary to Plaintiffs' argument, Irico provided descriptions of these documents—which have been available for inspection *for over four months*—that enable Plaintiffs to conduct a targeted review. For example, these records are maintained by category (e.g., financial records, invoice records, contracts, receipts, government approval documents, and other documents issued by the Chinese government); are kept in chronological order; and

**BAKER BOTTS** LLP

- 4 -                               September 18, 2018

have been segregated from other records in separate storage areas for DPPs' inspection. DPPs' theatrics about the burden of "five million" pages of documents also fail to recognize that the documents are arranged chronologically and, according to DPPs' counting method, over 4.4 million pages of the documents are from the seventeen years *before* the alleged relevant time-period (1978-1995). DPPs thus could presumably eliminate almost 90% of these records from any substantive review. DPPs' effort to amplify their purported burden by pointing to questionable page counts simply does not stand up to any actual burden DPPs would encounter.

### Interrogatory No. 9
(Declaration of Mr. Zhang)

DPPs incorrectly argue that Irico fails to "identify all documents that Mr. Zhang considered, the dates he was provided with such documents, the names of the individuals who provided the documents to him and the names of all individuals who communicated with him about his declaration or were otherwise involved in the preparation of his declaration." (DPP Mot. at 5-6 (quoting Order, ECF No. 5320 at 9).) DPPs' motion is based on an erroneous and unrealistic expectation about the level of detail that Mr. Zhang could possibly remember regarding the work he performed preparing what DPPs admit is a broad declaration that "addressed virtually every relevant fact relied upon by the Irico Defendants to argue that they are immune from suit under the FSIA." (DPP Mot. at 5.)

Irico's discovery requests seeking the details of Mr. Zhang's efforts to prepare his declaration came more than four months after Mr. Zhang executed his October 25, 2017 declaration. Irico thus disclosed in interrogatory responses that Mr. Zhang, nor surprisingly, does not recall the precise date on which he reviewed specific documents. (Plunkett Decl. Ex. 3 at 7.) The Rules do not require Mr. Zhang to have maintained a contemporaneous, detailed log of the precise dates on which he reviewed documents and spoke to people.

What Irico has disclosed is Mr. Zhang's best recollection of all that he did, including *all* the people he spoke to and his best recollection of the documents he reviewed in preparing the declaration. Notably, DPPs will depose Mr. Zhang in the coming weeks and will have the opportunity to further explore the bounds of Mr. Zhang's recollection. Irico is withholding no document or information known to either Irico or Mr. Zhang relating to the information DPPs seek.

Irico's discovery responses comply with the Court's discovery Order. Specifically, Irico has disclosed the following in its responses:

- <u>Documents considered</u>: Irico identified the specific documents, by bates number, that Mr. Zhang reviewed in preparing his declaration. (Plunkett Decl. Ex. 3 at 7.) These 900 pages of documents, which have been in DPPs' possession since June, are the equivalent of less than two full boxes of documents. DPPs' assertion that Irico's interrogatory response "indicates that he had reviewed only some of the approximately 900 pages of material he refers to before he executed his declaration, but provides no hint as to which those were" (DPP Mot. at 6) mischaracterizes Irico's response. (Plunkett Decl. Ex. 3 at 7.) Mr. Zhang

**BAKER BOTTS** LLP

- 5 -                                                                September 18, 2018

has disclosed all the details of his review of these documents to the best of his recollection. There is no additional work that Irico or Mr. Zhang could do that they have not done that would result in more complete discovery responses.

- <u>Communications with Irico employees assisting Mr. Zhang prepare his declaration</u>: DPPs argue that Irico's interrogatory "response is an evasion of the Order" compelling supplemental responses because Irico "fails to describe the substance of [Mr. Zhang's] communications with Messrs. Wang, Yan, Yang and Long, or the timing of those discussions—i.e., before or after he executed the declaration." (DPP Mot. at 6.) DPPs are incorrect. First, the Order does not require Irico to disclose the "substance" of Mr. Zhang's communications. (*See* ECF No. 5320 at 9.) And to the extent that these discussions are non-privileged (some of the individuals identified above are Irico in-house lawyers), DPPs can seek to probe issues regarding the substance of such communications during Mr. Zhang's upcoming deposition. Second, Irico identified every individual Mr. Zhang spoke to at Irico relating to the preparation of his declaration. That Mr. Zhang cannot recall precisely which discussions he had in September or October of 2017 versus November or December of 2017 is hardly surprising or a violation of Irico's discovery obligations. Irico cannot include in a discovery response something that Mr. Zhang does not recall.

- <u>Archival records</u>: DPPs' arguments regarding the archival records is a red herring. DPPs suggest that Mr. Zhang reviewed these archival records in detail, "relied upon" them in preparing his declaration, but that Irico refuses to produce these records. This is false. As Irico has disclosed to Plaintiffs, Mr. Zhang merely confirmed by looking at these archival records that Irico made no direct sales of CRTs to the U.S. (Rushing Decl. Ex. 2 at 2.) Mr. Zhang thus used these documents to prove the negative. These documents are indeed voluminous, as DPPs suggest. But since they contain *no evidence* of U.S. sales, they are also irrelevant to requests seeking evidence of U.S. sales. Notwithstanding their lack of relevance to the case and non-responsiveness to requests relating to U.S. sales, Irico made all such records available for inspection over four months ago in May 2018. DPPs remain free to inspect these records. Irico has thus "produced" or made available for "inspection" all records in compliance with Rule 34. DPPs argument that Irico is required to physically scan and produce millions of pages of documents—all of which would need to undergo a laborious state-secret review by counsel pursuant to Chinese law prior to leaving China—finds no support in the law and would be overburdensome and impractical.

**Meeting Notes**

Irico is not withholding documents relating to the 26 alleged competitor meetings DPPs reference in their motion. (Mot. at 7.) Irico told DPPs in August that it searched for documents relating to the alleged meetings, was unable to locate any documents, but that Irico was continuing its search. (Plunkett Decl. ¶ 6.) In the course of searching for and reviewing documents for Irico's September 14, 2018 supplemental document production, Irico was again unable to locate documents relating any alleged meetings and informed Plaintiffs of this fact.

**BAKER BOTTS** LLP

- 6 -                                                                            September 18, 2018

(Plunkett Decl. Ex. 4 at 2.) Irico is thus in compliance with DPPs' discovery requests and the Court's discovery Order. There is thus nothing to compel with respect to this request.

For the foregoing reasons, Your Honor should deny DPPs' motion to compel.

Sincerely,

*/s/ Stuart C. Plunkett*

Stuart C. Plunkett

cc:   Jay Weil (jay.weil@fedarb.com)
      Lillian Tom (lt@judgewalker.com)
      Guido Saveri (guido@saveri.com)
      R. Alexander Saveri (rick@saveri.com)
      Geoffrey C. Rushing (grushing@saveri.com)
      Cadio Zirpoli (cadio@saveri.com)
      Matthew D. Heaphy (mheaphy@saveri.com)
      Mario N. Alioto (malioto@tatp.com)
      Lauren C. Capurro (laurenrussell@tatp.com)
      Joseph M. Patane (jpatane@tatp.com)
      Christopher Micheletti (cmicheletti@zelle.com)
      Qianwei Fu (qfu@zelle.com)