# DOCUMENT 13

1  John Taladay (*pro hac vice*)
   john.taladay@bakerbotts.com
2  Erik T. Koons (*pro hac vice*)
   erik.koons@bakerbotts.com
3  BAKER BOTTS LLP
   1299 Pennsylvania Ave., NW
4  Washington, D.C. 20004
   Telephone: (202)-639-7700
5  Facsimile: (202)-639-7890

6  Stuart C. Plunkett (State Bar No. 187971)
   stuart.plunkett@bakerbotts.com
7  BAKER BOTTS LLP
   101 California Street, Suite 3600
8  San Francisco, California 94111
   Telephone: (415) 291-6200
9  Facsimile: (415) 291-6300

10 *Attorneys for Defendants*
   *Irico GROUP CORP. and*
11 *Irico DISPLAY DEVICES CO., LTD.*

12                    **UNITED STATES DISTRICT COURT**

13              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

14                        **SAN FRANCISCO DIVISION**

15

16 IN RE: CATHODE RAY TUBE (CRT)      )   Case No. 3:07-cv-05944-JST
   ANTITRUST LITIGATION,             )
17                                    )   MDL No.: 1917
                                      )
18 THIS DOCUMENT RELATES TO:          )   **DECLARATION OF STUART C.**
                                      )   **PLUNKETT IN SUPPORT OF IRICO**
19 *ALL DIRECT PURCHASER ACTIONS*     )   **DEFENDANTS' OPPOSITION TO**
                                      )   **DIRECT PURCHASER PLAINTIFFS'**
20                                    )   **MOTION TO COMPEL**
                                      )
21                                    )   Special Master Hon. Vaughn R. Walker (Ret.)
                                      )
22                                    )
                                      )
23

24

25

26

27

28

I, Stuart C. Plunkett declare as follows:

1.      I am an attorney admitted to practice law in this Court and in the State of California. I am a partner with the law firm of Baker Botts L.L.P., which represents Defendants Irico Group Corporation ("Irico Group") and Irico Display Devices Co., Ltd. ("Irico Display") (collectively, "Irico Defendants"). I make this Declaration based on my personal knowledge and in support of the Irico Defendants' Opposition to Direct Purchaser Plaintiffs' Motion to Compel.

2.      Attached hereto as **Exhibit 1** are true and correct copies and a certified translation of documents dated February 9, 1987, from the Shaanxi Provincial Commission for Foreign Economic Relations and Trade and January 7, 1987, from China National Electronics Import & Export Corporation, evidencing that Caihong Co. was a subsidiary of China National Electronics Import & Export Corporation.

3.      Attached hereto as **Exhibit 2** is a true and correct copy of the official corporate record of China National Electronics Import & Export Caihong Co. contained in the National Enterprise Credit Information Publicity System maintained by the State Administration for Industry and Commerce of the People's Republic of China, retrieved from www.gsxt.gov.cn on September 17, 2018, and a certified translation of excerpts thereof, evidencing that Caihong Co. was 100% owned by China National Electronics Import & Export Corporation until May 8, 2014.

4.      Attached hereto as **Exhibit 3** is a true and correct copy of Irico Defendants' Second Supplemental Objections and Responses to Direct Purchaser Plaintiff Studio Spectrum, Inc.'s First Set of Interrogatories, served on August 24, 2018.

5.      Attached hereto as **Exhibit 4** is a true and correct copy of a September 14, 2018 letter from counsel for Irico to counsel for Plaintiffs.

6.      During an August 31, 2018 meet-and-confer call, I informed counsel for Plaintiffs that Irico had searched for documents relating to certain alleged conspiratorial meetings and was unable to locate any documents, but that Irico was continuing its search.

1      I declare under penalty of perjury that the foregoing is true and correct. Executed this

2   18th day of September 2018 in San Francisco, California.

3

4                                                   */s/ Stuart C. Plunkett*
                                                   Stuart C. Plunkett (State Bar No. 187971)
5                                                   stuart.plunkett@bakerbotts.com
                                                   BAKER BOTTS LLP
6                                                   101 California Street, Suite 3600
                                                   San Francisco, California 94111
7                                                   Telephone: (415) 291-6200
                                                   Facsimile: (415) 291-6300
8
                                                   *Attorneys for Defendants*
9                                                   *Irico GROUP CORP. and*
                                                   *Irico DISPLAY DEVICES CO., LTD.*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1



September 17, 2018

**Certification**

**Park IP Translations**

This is to certify that the attached translation is, to the best of my knowledge and belief, a true and accurate translation from Simplified Chinese into English of中国电子进出口彩虹公司-工商档案-1987_ CEIECC registration record 1987.

Taisiia Tratcevskaia

Project Manager

Project Number: BBLLP_1809_019

15 W. 37th Street 8th Floor
New York, NY 10018
212.581.8870
ParkIP.com

# Document issued by Shaanxi Provincial Commission for Foreign Economic Relations and Trade

### S.J.M.G.F. [1987] No. 000



Reply on Approval of CEIEC Accepting IRICO Electronics Import & Export Company as Its Subsidiary

To China National Electronics Import & Export Corporation:

We have received your letter (*(87) J.C.Z.Z. No.015*) and approved of your company accepting IRICO Electronics Import & Export Company as your subsidiary, with its name changed to China National Electronics Import & Export Caihong Co.. Appendixes include the Articles of Association and product catalogue of the subsidiary. Caihong Co. is a professional subsidiary directly under CEIEC and engages in imports of products necessary for the production by the No. 4400 factory (Shaanxi Color Picture Tube General Factory) and various color picture tube manufacturers and exports of relevant products.

Caihong Co. should operate under the national import and export plan. The double-track system is to be adopted. Caihong Co. should report statistical reports to the Commission as required and is put under the centralized management of the administrative department of foreign economic relations and trade. The company carries out operations on its own as an independent entity and provides direct services for the No. 4400 factory and various color picture tube manufacturers. Financial accounting of Caihong Co. is under your management. For the convenience of work, its party-government relationship is affiliated with the No. 4400 factory, and appraisal, transfer and appointment of company leaders are subject to negotiations between CEIEC and the No. 4400 factory. Please handle relevant procedures immediately.

*- 1 -*

Appendixes: One Copy of Articles of Association
　　　　　　　One Copy of product catalogue



February 9, 1987

| Copy to: | Ministry of Foreign Economic Relations and Trade. |
|---|---|
| Copy to: | General Office of the Shaanxi Provincial People's Government, the Economic & Information Commission of Shaanxi Province, the Planning Committee of Shaanxi Province, Electronics Industry General Office of Shaanxi Province, Shaanxi Provincial Administration of Industry and Commerce, Shaanxi branch of the State Administration of Foreign Exchange, Xi'an Branch of Bank of China, customs authorities in Beijing, Tianjin, Shanghai, Guangzhou, Shenzhen and Xi'an, Xianyang Municipal Administration of Industry and Commerce, the No. 4400 factory, and IRICO Electronics Import & Export Company. |

| Office of Shaanxi Provincial Commission for Foreign Economic Relations and Trade | Issued on February 10, 1987 |
|---|---|

Printed by: Cheng Huimei　　　　　　　Verified by: Guo Qinyuan



# China National Electronics Import & Export Corporation

Letter on Accepting IRICO Electronics Import & Export Company as a Subsidiary of CEIEC

**(87) J.C.Z.Z. No.015**

To Shaanxi Provincial Commission for Foreign Economic Relations and Trade:

In the document (*S.J.M.G.Z. No.012)* issued by the Commission and sent to the No. 4400 factory, it is suggested to take IRICO Electronics Import & Export Company as a subsidiary of CEIEC. Thereafter, we received a letter from the No. 4400 factory and IRICO Electronics Import & Export Company with the formal request to take it as a subsidiary of CEIEC and change its name to China National Electronics Import & Export Caihong Co.. Upon asking for the Ministry of Electronics Industry for instructions, we have planned to agree to take IRICO Electronics Import & Export Company as our subsidiary. Relevant issues are hereby set out as below:

I. As a professional subsidiary subordinate to CEIEC, Caihong Co. is an independently-operated economic legal person in which the administrative affairs are in the charge of CEIEC. Caihong Co. comes as an economic entity based on the unity of responsibilities, authority and interests. Its foreign trade businesses are put under the management of the Ministry of Foreign Economic Relations and Trade, the Commission and CEIEC jointly. The company serves the national plan and provides direct services for the No. 4400 factory and color picture tube manufacturers across China.

II. It is advisable that the staff of Caihong Co. is controlled to a number around 50 prior to 1990. Based on the status quo, the personnel composition is subject to a proper and slight adjustment within the No. 4400 factory upon review by CEIEC, in a move to set up a professional foreign trade team equipped with outstanding political caliber, professional knowledge, foreign trade expertise, and foreign language proficiency. From now on, appraisal, transfer and appointment of leaders of the subsidiary will be led by CEIEC, accompanied by solicitation of opinions from

relevant parties. Its party-government relationship is affiliated with the Commission.

III. The registered capital of Caihong Co. will remain unchanged. The paid-up capital of RMB25 million owned by the company at the end of 1985 will serve as the basis of working funds. Caihong Co. engages in independent operation with a unified accounting of imports and exports. Caihong Co. is responsible for both profits and losses. CEIEC conducts centralized accounting under the management of the Ministry of Finance. The existing fixed assets of Caihong Co. will remain unchanged.

IV. Legal address of Caihong Co.: Still in the No. 4400 factory.

V. Scope of business for Caihong Co.:

Main products:

1. Raw materials and key parts and components used for producing color picture tubes.

2. Equipment, tools and molds, instruments and apparatus, and ▇▇▇▇ used for producing color picture tubes.

3. Development of color picture tube technologies and introduction of technical talents.

4. Import and export businesses relating to the ▇▇ of sample tubes and color picture tubes.

5. All import and export businesses of the No. 4400 factory.

The letter is hereby given. Please handle the transfer ▇▇▇▇ by the Commission in accordance with relevant regulations of the Ministry of Foreign Economic Relations and Trade.

> **China National
> Electronics Import
> & Export
> Corporation (Seal)**
> **January 7, 1987**

---

**Copy to:    Planning Department of the Ministry of Electronics Industry, the No. 4400 factory, leaders of IRICO Electronics Import & Export Company ▇▇▇▇, manager's office, general office, finance office, personnel division, and research office.**

11

# 陕西省对外经济贸易委员会文件

陕经贸管发〔1987〕000号

──────────── ☆ ────────────

### 关于接纳彩虹电子进出口公司
### 为你公司分公司的批复

中国电子进出口总公司：

你公司（87）进出综字015号函悉，同意你公司接纳彩虹电子进出口公司为分公司，更名为中国电子进出口总公司彩虹分公司及分公司的章程和商品目录。该公司为中电总公司直属的专业化分公司，其经营范围是：四四〇〇厂及各彩管厂生产所需的进口和产品的出口业务。

彩虹分公司应承担国家进出口计划，计划实行双轨制，按规定向我委报送统计类报，接受对外经济贸易管理部门的归口管理，独立对外，自主经营，直接为四四〇〇厂及各彩管厂服务。财务核算隶属你公司，为便于工作党政关系挂靠四四〇〇厂管理，公司领导的考核、调整、任命由总公司与四四〇〇厂商定，请即办理有关手续。

— 1 —



附：公司章程一份

商品目录一份



一九八七年二月九日

---

抄报：经贸部。

抄送：省政府办公厅、省经委、计委、电子厅、工商行政管理局、外
　　　汇管理局、中行西安分行，北京、天津、上海、广州、深圳、
　　　西安海关。咸阳市工商行政管理局、四四〇〇厂、彩虹电子进
　　　出口公司。

陕西省对外经济贸易委员会办公室　　　一九八七年二月十日印发

　　打　印：　霍慧梅　　　　校　对：郑静元

— 3 —





# 中国电子进出口总公司

关于接纳彩虹电子进出口公司为我分公司的函

(87)进出综字015号

陕西省经贸委：

你委的陕经贸字第012号文，致函四四〇〇厂建议将其彩虹电子进出口公司纳为我总公司的一个分公司。此后我们收到了四四〇〇厂和彩虹电子进出口公司的来函，正式提出要求把彩虹电子进出口公司归属为我总公司的分公司。定名为中国电子进出口总公司彩虹分公司。经请示电子工业部，我总公司报同意接纳彩虹公司为我分公司。现将有关问题明确如下：

一．彩虹分公司是中国电子进出口总公司下属的一个专业化分公司，是独立对外的经济法人，行政归属　我总公司管理。是责、权、利统一的经济实体。对外贸易业务接受经贸部，省委和我总公司双重领导和管理。承担国家计划，直接为四四〇〇厂及全国各彩管厂服务。

二．彩虹分公司的人员编制。一九九〇年前控制在50人左右为宜。人员组成以现有人员为基础，经我总公司审查后在四四〇〇厂范

围内做适当的少量调整，以建立起一支政治素质好，有专业知识，懂外贸，会讲外语的外贸专业化队伍。今后分公司的领导考核，调整，任命将以总公司为主，征求有关方面的意见。党政关系挂靠党委管理。

三、分公司的注册资本不变。以85年底公司实有资金2500万元为基数做为流动资金。分公司实行独立经营，进出口统一核算，统负盈亏，由总公司归口统一对财政部核算。彩虹公司现有固定资产不变。

四、分公司法定地址：仍设在四四〇〇厂内。

五、彩虹分公司总经营范围：

主营：1、彩管生产用的原材料及关键零部件。

2、彩管生产用的设备，工模具，仪器仪表及其备用备件。

3、彩管技术开发及技术人才的引进。

4、料管及彩管零件进出口业务。

5、四四〇〇厂的所有进出口业务。

特此函告，该责委按经贸部的有关规定予以办理进出口业务。

一九八七年七月

抄送：电子部计划司，四四〇〇厂，彩虹电子进出口公司，本公司领导，经理办公室，综合处，财务处，人事处，调研室

# EXHIBIT 2



September 18, 2018

**Certification**

### Park IP Translations

**TRANSLATOR'S DECLARATION:**

I, Xin Min Liu, hereby declare:

That I possess advanced knowledge of the Chinese and English languages. The attached Chinese into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of the highlighted portions of: China National Enterprise Credit Information Publicity Record - CNEIECC.

Xin Min Liu

Project Number: BBLLP_1809_020

China National Enterprise Credit Information Publicity Record

China National Electronics Import & Export Caihong Co. Ltd.     In operation
Unified social credit code: 91610000220532754N
Legal representative: Zhang Junhua
Registration authority: Shaanxi Province Administration of Industry and Commerce
State set up: March 21, 1985

Business license information
• Unified social credit code: 91610000220532754N
• Enterprise Name: China National Electronics Import & Export Caihong Co. Ltd.
• Type: Limited liability company (non-natural person investment or holding company sole investment)
• Legal Representative: Zhang Junhua
• Registered capital: 5.04300000 million yuan
• Date of Establishment: March 21, 1985
• Term of Operations from: March 21, 1985
• Term of Operation to:
• Registration authority: Shaanxi Province Administration of Industry and Commerce
• Date approved: March 16, 2018
• Registration status: In operation
• Domicile: 2nd fl., Caihong internal guesthouse, Number 1, Caihong Road, Qindu District, Xianyang City, Shaanxi Province

Information on changes

| No. | Change item | Before change | After change | Date of change |
|-----|-------------|---------------|--------------|----------------|
| 24 | Recordation of investor (equity) | Amount of capital contribution from China National Electronics Import & Export Co.: 375; percentage: 100; nature of legal person: enterprise legal person | Name of enterprise: IRICO Group Corporation; amount of capital contribution: 375; percentage: 100; nature of legal person: enterprise legal person | May 8, 2014 |

首页　　　　企业信息填报　　　　信息公告　　　　使用帮助　　　　导航　　　　登录 注册



# 国家企业信用信息公示系统
## National Enterprise Credit Information Publicity System

企业信用信息　|　经营异常名录　|　严重违法失信企业名单

请输入企业名称、统一社会信用代码或注册号

---

**中国彩虹电子进出口有限公司**　开业
- **统一社会信用代码：** 91610000220532754N
- **法定代表人：** 张君华
- **登记机关：** 陕西省工商行政管理局
- **成立日期：** 1985年03月21日

发送报告

信息分享

信息打印

---

基础信息　　行政许可信息　　行政处罚信息　　列入经营异常名录信息　　列入严重违法失信企业名单（黑名单）信息

---

**营业执照信息**

| | | | |
|---|---|---|---|
| **统一社会信用代码：** | 91610000220532754N | **企业名称：** | 中国彩虹电子进出口有限公司 |
| **类型：** | 有限责任公司（非自然人投资或控股的法人独资） | **法定代表人：** | 张君华 |
| **注册资本：** | 504.300000万 | **成立日期：** | 1985年03月21日 |
| **营业期限自：** | 1985年03月21日 | **营业期限至：** | |
| **登记机关：** | 陕西省工商行政管理局 | **核准日期：** | 2018年03月16日 |
| **登记状态：** | 开业 | | |
| **住所：** | 陕西省咸阳市秦都区彩虹路1号彩虹内招二楼 | | |

**经营范围：** 自营和代理各类商品和技术的进出口业务（国家限定或禁止公司经营的商品和技术除外）；承办来料加工、来样加工、来件装配业务和补充贸易、转口贸易、经批准的易货贸易业务；经营时销贸易业务和租赁项目的进出口业务；承办对外合资、合作生产、三来一补、与主营业务有关的储运、仓储业务；维修服务及技术咨询、培训、服务；工业和居民动能生产及供应，技术服务及技术咨询；计算机、网络设备、网络安全产品、软件、计算机配件、成品油、酒类、食品、日用百货的销售；计算机及网络系统集成，软件开发服务；物业管理、物业租赁；铁路货物运输、运输代理服务；普通货物运输（危险品除外）；物流服务（不含危险品）；住宿和餐饮；文体场馆、会议及演出接待；零售；水果、蔬菜及农副产品的加工、销售；苗木花卉栽培与销售；废旧物资购销。（依法须经批准的项目，经相关部门批准后方可开展经营活动）

---

**股东及出资信息**

| 序号 | 股东名称 | 股东类型 | 证照/证件类型 | 证照/证件号码 | 详情 |
|---|---|---|---|---|---|
| 1 | 彩虹集团有限公司 | 法人股东 | 非公示项 | 非公示项 | |

共 查询到 1 条记录 共 1 页　　　首页　上一页　1　下一页　末页

---

**主要人员信息**

共计 3

| 张君华 | 张和平 | 张君华 |
|---|---|---|
| 执行董事兼总… | 监事 | 执行董事兼总… |

---

**分支机构信息**

暂无分支机构信息

---

**"多证合一"信息公示**

提示：该企业下列证照事项通过"多证合一"已整合至该企业营业执照

关注

订阅

异议

返回

| 序号 | 备案事项名称 | 备注 |
|---|---|---|
| | | 暂无多证合一公示信息 |

共 查询到 0 条记录 共 0 页　　[首页] [上一页] [下一页] [末页]

### 清算信息

暂无清算信息

### 变更信息

| 序号 | 变更事项 | 变更前内容 | 变更后内容 | 变更日期 |
|---|---|---|---|---|
| 21 | 经营范围变更 | 本企业产品及技术的出口、本企业生产所需原辅材料、设备及技术的进口、经批准的三类计划，商品... 更多 | 本企业产品及技术的出口、本企业生产所需原辅材料、设备及技术的进口、经批准的三类计划，商品... 更多 | 2017年2月8日 |
| 22 | 经营范围变更 | 经营范围: 本企业产品及技术的出口、本企业生产所需原辅材料、设备及技术的进口、经批准的三... 更多 | 经营范围: 本企业产品及技术的出口、本企业生产所需原辅材料、设备及技术的进口、经批准的三... 更多 | 2014年11月23日 |
| 23 | 法定代表人变更 | 高荣国 | 黄明岩 | 2014年11月23日 |
| 24 | 投资人（股权）备案 | 中国电子进出口总公司 出资额: 375; 百分比: 1 00; 法人性质: 企业法人 | 企业名称: 彩虹集团公司; 出资额: 375; 百分比: 100; 法人性质: 企业法人 收起 | 2014年5月8日 |

共 查询到 24 条记录 共 5 页　　[首页] [上一页] [1] [2] [3] [4] [5] [下一页] [末页]

### 动产抵押登记信息

| 序号 | 登记编号 | 登记日期 | 登记机关 | 被担保债权数额 | 公示日期 | 详情 |
|---|---|---|---|---|---|---|
| | | | 暂无动产抵押登记信息 | | | |

共 查询到 0 条记录 共 0 页　　[首页] [上一页] [下一页] [末页]

### 股权出质登记信息

| 序号 | 登记编号 | 出质人 | 证照/证件号码 | 出质股权数额 | 质权人 | 证照/证件号码 | 股权出质设立登记日期 | 状态 | 公示日期 | 详情 |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | 暂无股权出质登记信息 | | | | | |

共 查询到 0 条记录 共 0 页　　[首页] [上一页] [下一页] [末页]

### 知识产权出质登记信息

| 序号 | 知识产权登记证号 | 名称 | 种类 | 出质人名称 | 质权人名称 | 质权登记期限 | 状态 | 公示日期 |
|---|---|---|---|---|---|---|---|---|
| | | | | 暂无知识产权出质登记信息 | | | | |

共 查询到 0 条记录 共 0 页　　[首页] [上一页] [下一页] [末页]

关注
订阅
异议
返回

### 商标注册信息

暂无商标注册信息

### 抽查检查结果信息

| 序号 | 检查实施机关 | 类型 | 日期 | 结果 |
|---|---|---|---|---|
| | | 暂无抽查检查结果信息 | | |

共 查询到 0 条记录 共 0 页　　　[首页] [上一页] [下一页] [末页]

## 双随机抽查结果信息

| 序号 | 抽查计划编号 | 抽查计划名称 | 抽查任务编号 | 抽查任务名称 | 抽查类型 | 抽查机关 | 抽查完成日期 | 抽查结果 |
|---|---|---|---|---|---|---|---|---|
| | | | 暂无双随机抽查结果信息 | | | | | |

共 查询到 0 条记录 共 0 页　　　[首页] [上一页] [下一页] [末页]

## 司法协助信息

| 序号 | 被执行人 | 股权数额 | 执行法院 | 执行通知书文号 | 类型\|状态 | 详情 |
|---|---|---|---|---|---|---|
| | | | 暂无司法协助信息 | | | |

共 查询到 0 条记录 共 0 页　　　[首页] [上一页] [下一页] [末页]

以下信息由该企业提供，企业对其报送信息的真实性、合法性负责

## 企业年报信息

| 序号 | 报送年度 | 公示日期 | 详情 |
|---|---|---|---|
| 1 | 2017年度报告 | 2018年4月15日 | 查看 |
| 2 | 2016年度报告 | 2017年6月25日 | 查看 |
| 3 | 2015年度报告 | 2016年5月15日 | 查看 |
| 4 | 2014年度报告 | 2015年10月11日 | 查看 |
| 5 | 2013年度报告 | 2015年9月29日 | 查看 |

## 股东及出资信息

| 股东 | 认缴额（万元） | 实缴额（万元） | 认缴明细 | | | | 实缴明细 | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 认缴出资方式 | 认缴出资金额（万元） | 认缴出资日期 | 公示日期 | 实缴出资方式 | 实缴出资额（万元） | 实缴出资日期 | 公示日期 |

## 股权变更信息

| 序号 | 股东 | 变更前股权比例 | 变更后股权比例 | 股权变更日期 | 公示 |
|---|---|---|---|---|---|

## 行政许可信息

| 序号 | 许可文件编号 | 许可文件名称 | 有效期自 | 有效期至 | 许可机关 | 许可内容 | 状态 |
|---|---|---|---|---|---|---|---|

## 知识产权出质登记信息

[关注]

[订阅]

[异议]

[返回]

| 序号 | 知识产权登记证号 | 名称 | 种类 | 出质人名称 | 质权人名称 | 质权登记期限 | 状态 | 公示日期 | 详情 |
|---|---|---|---|---|---|---|---|---|---|

**行政处罚信息**

| 序号 | 决定书文号 | 违法行为类型 | 行政处罚内容 | 决定机关名称 | 处罚决定日期 | 公示日期 | 备注 |
|---|---|---|---|---|---|---|---|

**企业简易注销公告信息**

**集团成员信息**

| 序号 | 成员名称 | 统一社会信用代码 | 成员类型 | 母公司控股比例 |
|---|---|---|---|---|

正在加载，请稍候

........................ 点击或下拉加载更多信息 ........................

主办单位: 中华人民共和国国家工商行政管理总局
地址: 北京市西城区三里河东路八号   邮政编码: 100820   备案号: 京ICP备16053442号-1
业务咨询与技术支持联系方式

关注

订阅

异议

返回

# EXHIBIT 3

1  John Taladay (*pro hac vice*)
   john.taladay@bakerbotts.com
2  Erik Koons (*pro hac vice*)
   erik.koons@bakerbotts.com
3  BAKER BOTTS LLP
   1299 Pennsylvania Ave., NW
4  Washington, D.C. 20004
   Telephone: (202)-639-7700
5  Facsimile: (202)-639-7890

6  Stuart C. Plunkett (State Bar No. 187971)
   stuart.plunkett@bakerbotts.com
7  BAKER BOTTS LLP
   101 California Street, Suite 3600
8  San Francisco, California 94111
   Telephone: (415) 291-6200
9  Facsimile: (415) 291-6300

10 *Attorneys for Defendants*
   *IRICO GROUP CORP. and*
11 *IRICO DISPLAY DEVICES CO., LTD.*

12              **UNITED STATES DISTRICT COURT**

13             **NORTHERN DISTRICT OF CALIFORNIA**

14                 **SAN FRANCISCO DIVISION**

15

16 | IN RE: CATHODE RAY TUBE (CRT) | Case No. 3:07-cv-05944-JST |
   | ANTITRUST LITIGATION | |
17 | | MDL No. 1917 |

18 | | **IRICO DEFENDANTS' SECOND** |
   | This Document Relates to: | **SUPPLEMENTAL OBJECTIONS AND** |
19 | | **RESPONSES TO DIRECT** |
   | ALL DIRECT PURCHASER ACTIONS | **PURCHASER PLAINTIFF STUDIO** |
20 | | **SPECTRUM, INC.'S FIRST SET OF** |
   | | **INTERROGATORIES** |
21

22 PROPOUNDING PARTY:        Direct Purchaser Plaintiff Studio Spectrum, Inc.

23 RESPONDING PARTIES:       Irico Group Corporation
24                           Irico Display Devices Co., Ltd.

25 SET NO.:                  One

26

27

28
   IRICO'S 2ND SUPP. OBJECTIONS AND                Master File No. 3:07-cv-05944-SC
   RESPONSES TO DPP'S FIRST SET                                     MDL No. 1917
   INTERROGATORIES

1    Pursuant to Federal Rules of Civil Procedure 26 and 33, Irico Group Corporation and Irico

2    Display Devices Co, Ltd. (collectively, "Irico" or "Irico Defendants") hereby respond to the

3    Direct Purchaser Plaintiff Studio Spectrum, Inc.'s ("Plaintiff") First Set of Interrogatories

4    ("Interrogatories"). Irico reserves the right to amend or supplement these Objections and

5    Responses (the "Responses") to the extent allowed by the Federal Rules of Civil Procedure and

6    the Local Rules of Practice in Civil Proceedings before the United States District Court for the

7    Northern District of California ("Local Rules"). Subject to and without waiving any of Irico's

8    General and Specific Objections as set forth below, Irico is willing to meet and confer with

9    Plaintiff regarding such General and Specific Objections.

10    The following Responses are made only for purposes of this case. The Responses are

11    subject to all objections as to relevance, materiality and admissibility, and to any and all

12    objections on any ground that would require exclusion of any response if it were introduced in

13    court. All evidentiary objections and grounds are expressly reserved.

14    These Responses are subject to the provisions of the Stipulated Protective Order that the

15    Court issued on June 18, 2008 ("Protective Order"). Irico's Responses are hereby designated

16    "Confidential" in accordance with the provisions of the Protective Order.

## GENERAL OBJECTIONS

18    Irico makes the following General Objections to Plaintiff's Interrogatories:

19    1.    Irico's Responses are based upon information available to and located by Irico as

20    of the date of service of these Responses. In responding to Plaintiff's Interrogatories, Irico states

21    that it has conducted, or will conduct, a diligent search, reasonable in scope, of those files and

22    records in its possession, custody, or control believed to likely contain information responsive to

23    Plaintiff's Interrogatories.

24    2.    No express, incidental, or implied admissions are intended by these Responses and

25    should not be read or construed as such.

26    3.    Irico does not intend, and its Responses should not be construed as, an agreement

27    or acquiescence with any characterization of fact, assumption, or conclusion of law contained in

28

IRICO'S 2ND SUPP. OBJECTIONS AND            1            Master File No. 3:07-cv-05944-SC
RESPONSES TO DPP'S FIRST SET                             MDL No. 1917
INTERROGATORIES

or implied by the Interrogatories.

4.      To the extent that Irico responds to Plaintiff's Interrogatories by stating that Irico will produce or make available for examination responsive information or documents, Irico does not represent that any such information or documents exist. Irico will make a good faith and reasonable attempt to ascertain whether information responsive to Plaintiff's Interrogatories exists and is properly producible, and will produce or make available for examination non-privileged responsive materials to the extent any are located during the course of a reasonable search.

5.      Irico objects to Plaintiff's Interrogatories to the extent that they are overly broad, unduly burdensome, oppressive, and duplicative to the extent that they seek information or documents that are already in the possession, custody, or control of Plaintiff.

6.      Irico objects to Plaintiff's Interrogatories to the extent that they seek to impose obligations on Irico beyond those of the Federal Rules of Civil Procedure, the Local Rules, or any Order of this Court.

7.      Irico objects to Plaintiff's Interrogatories to the extent they seek information that is not relevant to jurisdictional issues or disproportionate to the needs of the case in resolving such jurisdictional issues.

8.      Irico objects to Plaintiff's Interrogatories to the extent that they are vague, ambiguous, or susceptible to more than one interpretation. Irico shall attempt to construe such vague or ambiguous Interrogatories so as to provide for the production of responsive information that is proportionate to the needs of the case. If Plaintiff subsequently asserts an interpretation of any Interrogatory that differs from Irico's understanding, Irico reserves the right to supplement or amend its Responses.

9.      Irico objects to Plaintiff's Interrogatories to the extent that they contain terms that are insufficiently or imprecisely defined. Irico shall attempt to construe such vague or ambiguous Interrogatories so as to provide for the production of responsive information that is proportionate to the needs of the case.

10.     Irico objects to Plaintiff's Interrogatories to the extent that they seek information that is protected from disclosure by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, self-evaluative privilege, or any other applicable privilege or immunity. Irico will provide only information that it believes to be non-privileged and otherwise properly discoverable. None of Irico's responses is intended nor should be construed as a waiver of any such privilege or immunity. The inadvertent or mistaken provision of any information or responsive documents subject to any such doctrine, privilege, protection or immunity from production shall not constitute a general, inadvertent, implicit, subject-matter, separate, independent or other waiver of such doctrine, privilege, protection or immunity from production.

11.     Irico objects to Plaintiff's Interrogatories to the extent that they call for information that is not in the possession, custody, or control of Irico. Irico also objects to the extent that any of Plaintiff's Interrogatories seek information from non-parties or third parties, including but not limited to any of Irico's subsidiary or affiliated companies.

12.     Irico objects to Plaintiff's Interrogatories to the extent that responding would require Irico to violate the privacy and/or confidentiality of a third party or confidentiality agreement with a third party.

13.     Irico objects to Plaintiff's Interrogatories to the extent that they seek information that is publicly available, already in Plaintiffs' possession, custody, or control, or more readily available from other sources.

14.     Irico objects to Plaintiff's Interrogatories to the extent that they seek information or documents concerning transactions outside the United States. Such Interrogatories are unduly burdensome and irrelevant because they do not relate to actions by Irico in or causing a direct effect in the United States.  Such Interrogatories are also unduly burdensome and irrelevant to this pending action as Plaintiffs' class definition is confined to "all persons . . . who directly purchased a Cathode Ray Tube Product . . . in the United States" (see Direct Purchaser Plaintiffs' Consolidated Amended Complaint).

15.     Irico objects to Plaintiff's Interrogatories to the extent that compliance would require Irico to violate the laws, regulations, procedures, or orders of a judicial or regulatory body of foreign jurisdictions.

16.     Irico's responses, whether now or in the future, pursuant to Plaintiff's Interrogatories should not be construed as either (i) a waiver of any of Irico's general or specific objections or (ii) an admission that such information or documents are either relevant or admissible as evidence.

17.     Irico objects to Plaintiff's Interrogatories to the extent that compliance would require Irico to seek information stored on backup or archived databases or other systems that are not readily accessible or otherwise no longer active.

18.     Irico objects to Plaintiff's Interrogatories to the extent that they are compound and/or contain discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1).

19.     Irico objects to Plaintiff's Interrogatories to the extent that they state and/or call for legal conclusions.

20.     Irico objects to the Interrogatories to the extent that they contain express or implied assumptions of fact or law with respect to the matters at issue in this case.

21.     Irico reserves the right to assert additional General and Specific Objections as appropriate to supplement these Responses.

These General Objections apply to each Interrogatory as though restated in full in the responses thereto. The failure to mention any of the foregoing General Objections in the specific responses set forth below shall not be deemed as a waiver of such objections or limitations.

## GENERAL OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Irico objects to the definitions of "You" and "Your" (Definition No. 6) to the extent that Plaintiff defines those terms to include the Irico's "predecessors, successors, subsidiaries, departments, divisions, and/or affiliates." This definition is legally incorrect, overbroad, unduly burdensome, vague, and ambiguous. Irico also objects to the inclusion of "all present and former directors, officers, Employees, agents, representatives or any Persons acting or

purporting to act on behalf of" Irico within this definition to the extent it purports to encompass information that is protected by attorney-client privilege, work product protection or any other applicable doctrine, privilege, protection or immunity or otherwise calls for a legal conclusion.

2.      Irico objects to the definition of "Document" (Definition No. 8) to the extent it seeks to impose requirements that are beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable laws.

3.      Irico objects to the definition of "Employee" (Definition No. 9) on the grounds that it calls for a legal conclusion and is otherwise vague, ambiguous, and overly broad. Irico further objects to this definition to the extent that it attempts to impose burdens on Irico beyond those imposed by the Federal Rules of Civil Procedure. Irico further objects to this definition to the extent that it seeks information protected by the attorney client or other applicable privilege, attorney work product doctrine, or otherwise seeks to violate rights of privacy under U.S. or foreign law.

4.      Irico objects to the definitions of "CRT" and "CRT Products" (Definitions No. 10 and 11) on the grounds that they are vague, ambiguous and overly broad. Irico further objects to the use of the term "CRT Products" to the extent that it is inconsistent with the definition of "CRT Products" as set forth in Plaintiff's pleadings.

5.      Irico objects to the definition of the "Relevant Time Period" (Definition No. 12) as overbroad, unduly burdensome, beyond the applicable statute of limitations, and beyond the relevant time period for determining jurisdictional issues.

6.      Irico objects to the definition of "Communication" (Definition No. 14) on the grounds that it is vague, ambiguous, and overly broad. Irico further objects to this definition to the extent that it attempts to impose burdens on Irico beyond those imposed by the Federal Rules of Civil Procedure.

7.      Irico objects to the definition of "Meeting" (Definition No. 16) on the grounds that the definition is overly broad, unduly burdensome, and seeks information that is neither relevant nor proportionate to the needs of the case.

8.      Irico objects to Instruction No. 1 (related to identification of persons) to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under the Federal Rules of Civil Procedure, including, without limiting the generality of the foregoing, Rule 26(b)(5)(A) and Rule 26(e)(1). Irico further objects to this Instruction to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under, the Local Rules and any orders of the Court, and on the grounds that it is vague, ambiguous, and inconsistent with common usage. Irico further objects to this Instruction to the extent it seeks information that would disclose personal confidential information and/or violate any and all rights of privacy under the United States Constitution or Article I of the Constitution of the State of California, or any other applicable law or state constitution, or that is otherwise prohibited from disclosure because to do so would cause Irico to violate legal and/or contractual obligations to any other persons or entities.

9.      Irico objects to Instruction No. 2 (related to identification of an entity other than a natural person) to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under the Federal Rules of Civil Procedure or other applicable rule or Order of this Court.

10.      Irico objects to Instruction No. 3 (related to the production of business records in response to an interrogatory pursuant to Federal Rule of Civil Procedure 33(d)) on the grounds that it is unduly burdensome and purports to impose burdens and obligations upon Irico beyond those required by the Federal Rules of Civil Procedure or other applicable rule or Order of this Court.

## SPECIFIC RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 9

Please describe with particularity all investigation or collection of information that Wenkai Zhang performed in connection with the preparation of his declaration, including:

a.      The identity of all Employees, officers or agents of Irico with whom he communicated (whether oral or written) in connection with his declaration; and

b.      The identity of all Documents he reviewed in connection with his declaration.

**RESPONSE TO INTERROGATORY NO. 9**

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.  Irico further objects that this request seeks information and documents beyond the scope of what is relevant to resolving jurisdictional issues and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to Compel.  Mr. Zhang's declaration is no longer at issue, because his declaration was submitted in support of Irico's Motion to Set Aside Default, which the Court has already decided.  Irico also objects that this request is overbroad, unduly burdensome, and disproportionate to the needs of the case in resolving jurisdictional issues.  Irico also objects that this request calls for information and documents that are privileged under the attorney-client privilege and work product doctrine.  Irico also objects to this interrogatory on the grounds that identification of "all Persons" and "all Documents" is overbroad, unduly burdensome, and disproportionate to the needs of the case.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Subject to and without waiving the objections stated above and pursuant to the Special Master's August 2, 2018 order (Dkt. No. 5320), Irico responds as follows:

In the process of preparing the declaration he executed on October 25, 2017, Mr. Zhang reviewed (1) all documents Bates labeled IRI-CRT-00000001 through -904; and (2) archival sales and accounting records.  These archival records were provided to Mr. Zhang by:  Mei Li, Director of Irico Group Archive; Hua Yang, Director of Department of Accounting of Irico Group; Tao Long, Secretary to the Board of Directors of Irico Display.  Mr. Zhang does not remember with specificity which documents he reviewed on which dates, but he began reviewing these documents in September of 2017 and completed his review in December of 2017.

Aside from his discussions with counsel, Mr. Zhang communicated about the preparation of his declaration with Zhaojie Wang, Yunlong Yan, Ye Yang, and Tao Long.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Subject to and without waiving the objections stated above and pursuant to the Special

1  Master's August 2, 2018 order (Dkt. No. 5320), Irico responds as follows:

2          Mr. Zhang did not work with any individuals, aside from outside counsel, to prepare his

3  declaration.

4  **INTERROGATORY NO. 20**

5          Please describe with particularity Irico's sales and marketing of CRT Products in the

6  United States during the Class Period, and/or attempts to sell or market any CRT Products in the

7  United States during the Class Period, including:

8          a.      The identity of all Persons with knowledge of such sales and marketing and/or

9                  attempts to sell or market CRT Products in the United States; and

10         b.      The identity of all Documents referring or relating to such sales and marketing

11                 and/or attempts to sell or market CRT Products in the United States.

12  **RESPONSE TO INTERROGATORY NO. 20**

13         Irico reasserts and incorporates each of the General Objections and Objections to the

14  Definitions and Instructions set forth above.  Irico further objects that this request seeks

15  information and documents beyond the scope of what is relevant to resolving jurisdictional issues

16  and beyond that authorized under the Court's April 25, 2018 Order Denying Plaintiffs' Motion to

17  Compel.  Irico also objects that this request is overbroad, unduly burdensome, and

18  disproportionate to the needs of the case in resolving jurisdictional issues.  Irico also objects to

19  this interrogatory on the grounds that identification of "all Persons" and "all Documents" is

20  overbroad, unduly burdensome, and disproportionate to the needs of the case.

21         Subject to and without waiving these objections and pursuant to Federal Rule of Civil

22  Procedure 33(d), Irico will produce or make available for inspection business records from which

23  the answer to this Interrogatory may be determined.

24         Irico further states that Guo Menquan and Tao Long have knowledge of this subject.

25  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 20**

26         Subject to and without waiving the objections stated above and pursuant to the Special

27  Master's August 2, 2018 order (Dkt. No. 5320), Irico responds as follows:

28

The managerial persons with knowledge of any United States sales of Irico's CRT Products throughout the class period and their work histories are as follows:

- Tao Long (current employee)
    - May 1992-Oct. 1996: Accountant in the Finance Department, Irico Group
    - Oct. 1996-Nov. 2000: Chief of Finance, Irico CRT No. 1 Plant
    - Nov. 2000-June 2007: Chief of Finance, Irico Group Glass Factory
    - July 2009-Nov. 2009: Deputy Director (Finance), Irico Display
    - Nov. 2009-Oct. 2010: Director (Capital Operation), Irico Display
    - Apr. 2010-present: Secretary to the Board of Directors, Irico Display
    - Aug. 2013-Apr. 2014 (concurrent): Director (Finance), Irico Display
- Guo Mengquan (former employee, retired May 2017)
    - Sept. 1983-Jan. 1987: Technical employee, Shaanxi Color CRT Central Plant
    - Jan. 1987-Sept. 1988: Associate Director (CPT Department), Shaanxi Color CRT Central Plant
    - Sept. 1988-Jan. 1990: Director (CPT Department), Shaanxi Color CRT Central Plant
    - Jan. 1990-Sept. 1996: Associate General Manager (Glass Plant), Shaanxi Color CRT Central Plant
    - Sept. 1996-Apr. 2001: General Manager (Glass Plant), Shaanxi Color CRT Central Plant
    - Apr. 2001-Apr. 2013: Deputy General Manager, Irico Group
    - Aug. 2005-Nov. 2007 (concurrent): General Manager, Irico Electronics
    - Nov. 2007-Aug. 2011 (concurrent): Deputy Chairman of the Board, Irico Display
    - Apr. 2013-Apr. 2016: General Manager, Irico Group
    - June 2013-2015 (concurrent): Chairman of the Board, Irico Electronics

o   June 2013-May 2016 (concurrent): Chairman of the Board, Irico Display

o   Apr. 2016-May 2017: Deputy Chairman of the Board, Irico Group

• Zhaojie Wang (current employee of Irico Group subsidiary)

o   Work history detailed at Dkt. No. 5313-2, ¶¶ 1-7.

Pursuant to the Special Master's August 2, 2018 order (Dkt. No. 5320), Irico will further supplement this response by (1) identifying the locations of all repositories of any electronic documents or files relating to United States sales of Irico's CRT Products and the legal relationships of Irico and any entities that sold Irico's CRT Products in the United States throughout the class period; and (2) providing summary explanations of sales records relevant to United States sales of Irico's CRT Products and of "Irico's efforts to sell products in the U.S. during the class period."

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 20**

Subject to and without waiving the objections stated above and pursuant to the Special Master's August 2, 2018 order (Dkt. No. 5320), Irico provides the following responsive descriptions:

**1.      "Irico's efforts to sell products in the U.S. during the class period."**

During the relevant time period, Irico Group and Irico Display ("Irico") neither exported nor planned to export CRT products to the U.S.  Irico focused its production of CRTs on sales within the domestic Chinese market.  Such CRTs were generally considered outmoded by U.S. standards.  Thus, Irico did not target the U.S. market because its CRTs were several years behind the U.S. demand.

Irico is aware from review of customs records that an independent company, CNEIECC, resold samples of Irico's CRTs into the U.S. in an apparent effort to enter the U.S. market.  Irico understands this effort was ultimately a failure.  CNEIECC did not report these efforts to Irico at the time.

2. **"Summary explanations of sales records relevant to United States sales of Irico's CRT Products and of Irico's efforts to sell products in the U.S. during the class period."**

First, Irico Group's corporate archives are located on the first and third floors of Building 102 of Irico Group Headquarters, 1 Caihong Road, Qindu District, Xianyang, Shaanxi Province, People's Republic of China.  These archives contain a total of over 150 file cabinets and over 5,500 file boxes, of which the following are potentially responsive to plaintiffs' discovery requests:

a)   Approximately 700 bound volumes of financial records for Irico Group, dated from 1995 to 2007 and organized chronologically.  These financial records include contracts, receipts, invoices, approvals from the government, and approvals issued by Irico Group relating to operations, suppliers, investment, and financing.  Each volume ranges from approximately 100 to 300 pages depending on the volume of transactions in each period.

b)   Approximately 150 bound account books for Irico Group, dated from 1995 to 2007 and organized chronologically.  These account books contain information on Irico Group's sales, assets, operations, and cash flow based on the financial documents described above.  Each account book contains approximately 200 to 500 pages.

Second, additional financial archive files of Irico Group are located at the Caihong Building at 11 Shangdi Xinxi Road, Haidian District, Beijing, People's Republic of China.  These archives contain approximately 730 bound volumes of financial records and over 70 account books dated between 1995 and 2007.  These documents are organized chronologically and similar in content and size to the financial documents and account books described above at the Irico Group Headquarters location.

Third, Irico Display's corporate archives are stored within the archives of Shaanxi Irico Electronic Glass Co., a subsidiary of Irico Display.  Approximately 1,500 bound account books for Irico Display, dated from 1995 to 2007 and organized chronologically. These account books

contain information on Irico Display's sales, assets, operations, and cash flow.  Each account

book contains approximately 200 to 500 pages.

3.      **"Managerial persons with knowledge of any United States sales of Irico's CRT Products throughout the class period and their work histories"**

- **Ximin Wang:**

    o 08/1978 - 02/1988
        ▪ Irico 4400 Plant, Technician
    o 03/1988 – 08/1994
        ▪ Irico 4400 Plant CRT No.2 Plant, Director of the Electron Gun Department
    o 08/1994 – 10/1995
        ▪ Irico 4400 Plant, Director of Technical Department
    o 10/1995 - 01/1999
        ▪  Irico Color CRT General Plant, General Manager of Sales Company
    o 01/1999 – 04/2001
        ▪ Irico Group Corporation, Deputy Director of Technical Center
    o 04/2001 - 12/2004
        ▪ Irico Group Corporation, Director of Manufacturing Department
    o 12/2004 – 07/2005
        ▪ Irico Electronics, Assistant to the CEO and General Manager of the Operation Department
    o 08/2005 – 11/2007
        ▪ Irico Electronics, Deputy CEO; Irico Display, Chairman of the Board of Directors
    o 12/2007 – 09/2011
        ▪ Irico Display, General Manager
    o 09/2011 – 09/2013
        ▪ Irico Group Corporation, General Economist and General  Manager of Shaanxi Branch (*retired*)

- **Jian-she Wei:**

    o 08/1981 – 12/1989
        ▪ Irico 4400 Plant, a Team Leader of part of an assembly line
    o 12/1989 – 08/1990
        ▪ Caizhu Electronic Industry Company, Deputy General Manager
    o 08/1990 – 01/1999
        ▪ Caizhu Electronic Industry Company (now named Zhuhai Caizhu Industry Company), General Manager
    o 01/1999 – 11/2000
        ▪ Irico Group, Sales Company, Deputy General Manager
    o 11/2000 – 01/2004
        ▪ Irico Group, Sales Company, General Manager
    o 01/2004 – 05/2005

- Shenzhen Caihong Huangqi Electronic Information Company, Director, Deputy Chairman of the Board of Directors, General Manager
  - o 05/2005 – 04/2018
    - Zhuhai Caizhu Industry Company, on leave (*retired*)

- **Xiaolin Shen**

  - o 03/1984 – 01/1992
    - Irico Group Corporation, CRT Plant No. 1, Secretary of the company's office and Director of the company's office
  - o 10/1992 – 08/2004
    - Irico Group Corporation, Sales Company, Assistant to the General Manager and Deputy General Manager
  - o 08/2004 – 11/2007
    - Irico Group Corporation, Sales Company, General Manager
  - o 11/2007 – 01/2009
    - Irico Display, Assistant to General Manager and General Manager of Sales Department
  - o 01/2009 – 09/2013
    - Irico Display, Deputy General Manager, and General Manager of Sales Department
  - o 09/2013 – 10/2015
    - Zhuhai Caizhu Limited Company, Managing Director (*retired*)

Dated: August 24, 2018

/s/ Stuart C. Plunkett
Stuart C. Plunkett (State Bar No. 187971)
stuart.plunkett@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

John Taladay (*pro hac vice*)
john.taladay@bakerbotts.com
Erik Koons (*pro hac vice*)
erik.koons@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone: (202)-639-7700
Facsimile: (202)-639-7890

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

## CERTIFICATE OF SERVICE

I declare that I am employed in the County of San Francisco, California. I am over the age of eighteen years and not a party to the within case; my business address is: Baker Botts LLP, 101 California Street, Suite 3600, San Francisco, CA 94111.

On August 24, 2018, I served the following document(s) described as:

**IRICO DEFENDANTS' SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFF STUDIO SPECTRUM, INC.'S FIRST SET OF INTERROGATORIES**

on the following interested parties in this action:

Guido Saveri (guido@saveri.com)
R. Alexander Saveri (rick@saveri.com)
Geoffrey C. Rushing (grushing@saveri.com)
Cadio Zirpoli (cadio@saveri.com)
Matthew D. Heaphy (mheaphy@saveri.com)
SAVERI & SAVERI, INC.
706 Sansome St # 200,
San Francisco, CA 94111

Mario N. Alioto (malioto@tatp.com)
Lauren C. Capurro (laurenrussell@tatp.com)
Joseph M. Patane (jpatane@tatp.com)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123

*Lead Counsel for the Direct Purchaser Plaintiffs*

*Lead Counsel for the Indirect Purchaser Plaintiffs*

Christopher Micheletti
(cmicheletti@zelle.com)
Qianwei Fu (qfu@zelle.com)
ZELLE LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104-4807
D (415) 633-1912

*Lead Counsel for the Indirect Purchaser Plaintiffs*

[ ]    (BY OVERNIGHT DELIVERY) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

[ ]    (BY MAIL) by placing a true copy thereof in a sealed envelope with postage fully prepaid and addressed to the persons at the addresses as shown above. I am readily familiar with the business practice of Baker Botts LLP for collection and processing of correspondence for mailing with the United States Postal Service, and the correspondence would be deposited with United States Postal Service that same day in the ordinary course of business.

1   [X]    (BY ELECTRONIC MAIL) I caused such documents to be sent to the persons at the
          email addressed listed above.  I did not receive, within a reasonable time after the
2          transmission, any electronic message or other indication that the transmission was
          unsuccessful.

3          I declare under penalty of perjury under the laws of the State of California that the
4   foregoing is true and correct.  Executed on August 24, 2018, 2012 at San Francisco, California.

5
                                          */s/ Stephanie DM Pearson*
6                                          Stephanie DM Pearson

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
    _____
    IRICO'S 2ND SUPP. OBJECTIONS AND              15          Master File No. 3:07-cv-05944-SC
    RESPONSES TO DPP'S FIRST SET                               MDL No. 1917
    INTERROGATORIES

# EXHIBIT 4

# BAKER BOTTS LLP

| | | |
|---|---|---|
| 101 CALIFORNIA ST.<br>SUITE 3600<br>SAN FRANCISCO, CALIFORNIA<br>94111 | AUSTIN<br>BEIJING<br>BRUSSELS<br>DALLAS<br>DUBAI | LONDON<br>MOSCOW<br>NEW YORK<br>PALO ALTO<br>RIYADH |
| TEL  +1.415.291.6200<br>FAX  +1.415.291.6300<br>BakerBotts.com | HONG KONG<br>HOUSTON | **SAN FRANCISCO**<br>WASHINGTON |

Stuart C. Plunkett
TEL: 415.291.6203
FAX: 415.291.6303
stuart.plunkett@bakerbotts.com

September 14, 2018

*Via E-Mail*

R. Alexander Saveri (E-mail: rick@saveri.com)
Geoffrey C. Rushing (E-mail: grushing@saveri.com)
Cadio Zirpoli (E-mail: cadio@saveri.com)
Matthew D. Heaphy (E-mail: mheaphy@saveri.com)
SAVERI & SAVERI, INC.
706 Sansome St # 200
San Francisco, CA 94111

Re:     In re: Cathode Ray Tube (CRT) Antitrust Litigation -
        Master File No. 3:07-cv05944-SC; MDL No. 1917

Counsel:

Irico Defendants are electronically producing documents Bates labeled IRI-CRT-00001199 through -3489, which can be downloaded at the following link:

Link: https://bbmft.bakerbotts.com/pkg?token=3ca2579a-0f78-40bc-a306-da7a42e71c45

Passwords to access the download link and extract the files will be sent under separate cover. Irico Defendants designate this submission as "Confidential" pursuant to the Stipulated Protective Order.

This production contains additional nonprivileged electronic documents located by Irico that are responsive to Plaintiffs' discovery requests, including:

1. Reports, requests for approval, and other communications with Chinese government entities and related internal communications;

2. Directives from Chinese government entities and related internal communications;

3. Agendas and summaries of internal meetings, shareholder meetings, and meetings with Chinese government officials;

4. Organizational charts;

Active 38595917.1

5.    Internal planning and strategy documents;

6.    Documents related to restructuring of Irico entities; and

7.    Records of remarks given by Irico management and Chinese government officials.

Irico did not locate any responsive, nonprivileged documents in its electronic files relating to alleged conspiratorial meetings or sales of Irico CRT products to the United States (by Irico entities or third parties).

If you have any questions or have difficulty accessing these documents, please do not hesitate to contact me.

Sincerely,

Stuart C. Plunkett

cc:    Mario N. Alioto (malioto@tatp.com)
       Lauren C. Capurro (laurenrussell@tatp.com)
       Joseph M. Patane (jpatane@tatp.com)
       Christopher Micheletti (cmicheletti@zelle.com)