# DOCUMENT 14

# SAVERI & SAVERI, INC.
706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

September 19, 2018

***VIA HAND DELIVERY***

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111

> Re:    *In re Cathode Ray Tube (CRT) Antitrust Litigation* – MDL No. 1917,
>        Master File No. 07-CV-5944-JST

Dear Judge Walker:

Direct Purchaser Plaintiffs ("DPPs") submit this reply letter brief in support of their second motion to compel responses from Defendants Irico Group Corporation ("Group") and Irico Display Devices Co., Ltd. ("Display") (together, the "Irico Defendants" or "Irico") and to the Irico Defendants' opposition letter brief dated September 18, 2018. DPPs' motion seeks to compel compliance with Your Honor's Order re DPPs' Motion for Jurisdictional Discovery, ECF No. 5320 ("Order"). Irico presents no convincing arguments or facts that would relieve any of its obligations under the Order.

The parties have agreed to reschedule the depositions in Hong Kong, previously scheduled to begin September 24, 2018. This was necessitated by Irico's recent production of over 2,000 additional pages of Chinese language documents. While the rescheduling process is ongoing, DPPs request that Irico's compliance with the Order be required by a date certain in advance of October 5, to facilitate the use of any additional information and documents at the depositions. The parties are in the process of negotiating specific dates in October as well as a joint stipulation for an amended discovery, briefing and hearing schedule to be filed with the Court shortly.

## I.   RFP No. 9 and Interrogatory No. 20: U.S. Sales

Irico's opposition brief misses the point that this is a motion to enforce the Order and fails to address what the Order requires. Irico's continued assertion that Caihong Co. was independent from Irico is beside the point and continues to appear to be incorrect.

The Order required that Irico "(1) supplement its responses in full no later than September 4, 2018" and "(2) search for and produce all documents relating to ***any and all sales*** of Irico CRT Products into the United States during the class period ***by any party whether related or not***"—including Caihong Co. *Id.* at 4–5 (emphases added).

The Honorable Vaughn R. Walker
9/19/2018
Page 2

Neither of these obligations depend on proof of Group's ownership of Caihong Co. during the class period. Irico's continuing attempt to sidestep the fact that its products were marketed and sold "into the United States" by Caihong Co., as opposed to Group or Display, therefore fails.

For this reason, it remains plain that Irico has not complied with the Order. As explained in DPPs' opening letter brief, Mot. at 2, Irico CRTs were marketed and sold in the U.S. between 1998 and 2003 (at least). Yet Irico's supplemental response to Interrogatory No. 20 does not meaningfully describe, or even quantify, this sales activity. Irico does not even address this point in its opposition.

Similarly, the Order explicitly requires Irico to produce documents related to Caihong Co.'s U.S. sales. Irico has failed to produce any such documents, though there must—at least originally—have been many. Again, Irico does not even address this point in its opposition.

Irico's assertion that it has made documents available for inspection in China also misses the mark. Again, the Order requires that it "produce" these documents. Order 4–5. Furthermore, it appears that relevant Caihong Co. documents are not included in the documents Irico claims to have "made available," nor do they appear to be described in Irico's supplemental responses to Interrogatory No. 20. Irico makes no contrary claim in its opposition. And, as explained in DPPs' opening letter brief, Irico's "haystack" approach to producing documents is improper. Mot. at 7. The Order requires Irico to produce a specific category of documents. Requiring DPPs to incur the burdens (and risk[1]) of travel to China to review documents, the overwhelming majority of which are non-responsive, is unreasonable.[2]

---

[1] *See, e.g.*, U.S. Dep't of State, *China Travel Advisory* (Jan. 22, 2018), *available at* https://travel.state.gov/content/travel/en/traveladvisories/traveladvisories/china-travel-advisory.html ("Chinese authorities have the broad ability to prohibit travelers from leaving China (also known as 'exit bans'); exit bans have been imposed to compel U.S. citizens to resolve business disputes, force settlement of court orders, or facilitate government investigations.").

[2] The authorities cited by Irico in support of the proposition that making documents available for inspection complies with Rule 34 also do not withstand scrutiny. First, Rule 34(a)(1) provides that "[a] party may serve on any other party ***a request*** . . . to inspect" (emphasis added); it does not explicitly provide that the responding party may treat a request to produce as a request to inspect. Irico's specific citations to Rule 34(b) relate to ***responses*** to requests to inspect and therefore are inapposite. The reference to the Advisory Committee Notes is also misplaced since they reflect that "Rule 34(b)(2)(B) is further amended to reflect the common practice of producing copies of documents or electronically stored information rather than simply permitting inspection." Furthermore, the cases Irico relies on are distinguishable. In *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 220 (C.D. Cal. 2009), it was "not clear to the Court whether plaintiff is challenging defendant's offer to make documents available for inspection in Utah."

The Honorable Vaughn R. Walker
9/19/2018
Page 3

Irico's assertion that Caihong Co. is an "independent" company continues to contradict the evidence. Irico does not meaningfully address that Caihong Co. shared name, address and management with Group and other Irico entities. *See* Mot. at 4. Its unsworn characterization of the organization chart imaged in DPPs' opening letter brief as "what is believed to be a draft and certainly inaccurate organizational chart" is entitled to little weight. This chart was part of a document that was submitted by Irico in support of its motions to dismiss. ECF Nos. 5312-12, Ex. 49, Annex 2; 5313-12, Ex. 49, Annex 2. The document was described in a supporting declaration as "a true and correct copy of a Request for instructions about 'Overall Plan for the Separation, Restructuring and Diversion of Primary and Secondary Service of Irico Group Corporation['] issued by Irico Group Corporation." ECF Nos. 5312-4 ¶ 50, 5313-4 ¶ 50.

The two new documents identified by Irico are also far from conclusive. The document attached as Exhibit 1 to the Plunkett Declaration are dated 1987, eight years before the beginning of the relevant period. Plunkett Decl. ¶ 2. Those attached as Exhibit 2 are opaque and do not provide complete information about Caihong Co.'s ownership during the relevant period. Neither exhibit explains away the organization chart or the other evidence showing that Caihong Co. was owned and controlled by Irico. Exhibit 2 confirms that Group now owns and controls Caihong Co. and, therefore, may not claim that it lacks access to Caihong Co. records or information.

In any event, this factual question need not be resolved as part of this motion. DPPs plainly have evidence to support the contention that Caihong Co. was part of Irico during the relevant period.

For these reasons, the Court should order that Irico provide a full and complete response to Interrogatory No. 20, including a reasonably detailed description of Caihong Co.'s sales and marketing efforts of Irico CRTs relating to the U.S., and produce documents relating to such sales and marketing efforts. The responses should include documents and information possessed by Caihong Co.

---

Furthermore, the plaintiff did not provide the "Court with a copy of its document requests, and the Court does not know whether plaintiff designated a different place for production of the requested documents than defendant offers, and neither party has provided the Court with any evidence regarding the respective burdens on the parties for document production." *Id.* In *Betts v. Agri-Tech Servs., Inc.*, No. 87-4110-R, 1990 WL 5731, at *1 (D. Kan. Jan. 23, 1990), the defendant had already once given the documents at issue to the plaintiff, who declined the opportunity to copy them due to cost. At issue was the defendant's refusal to mail the documents—which included telephone records and social security numbers—to plaintiffs "because it did not want to release the original records into plaintiff's custody." *Harris v. Sunset Oil Co.*, 2 F.R.D. 93 (W.D. Wash. 1941), entered long before electronically stored information, or ESI, did not require the impounding of records based on "the showing of present business inconvenience and of the stipulation by defendants in open court that all of the records in question will be faithfully preserved pending this litigation."

The Honorable Vaughn R. Walker
9/19/2018
Page 4

The Order also required Irico to produce documents detailing the relationship between Irico and Caihong Co. Order at 5 ("(3) search for and produce pertinent documents detailing the legal relationship of Irico and Caihong Co and any other exporter of Irico's CRT products into the United States throughout the class period no later than September 4, 2018.") Inasmuch as Irico contends that Exhibits 1 and 2 of the Plunkett Declaration show Caihong Co.'s relationship to Irico, they should have been provided "no later than September 4, 2018." *Id.* Plainly, therefore, Irico did not and likely has not fully complied with this aspect of the Order either. DPPs respectfully submit that Irico should be required to confirm under oath that it has produced all relevant documents by a date certain.

Finally, the Order required Irico to describe its relationship with Caihong Co. For the reasons stated in DPPs' opening letter brief, and as the above discussion demonstrates, Irico has failed to adequately explain the relationship between the two companies. Mot. at 3–4. Irico should be compelled to provide a supplemental response.

## II.  Interrogatory No. 9: Identification of Zhang Documents

As explained in DPPs' opening letter brief, the point of this interrogatory is to determine the factual basis for the assertions in Mr. Zhang's declaration and the nature of his investigation. Mr. Zhang's claim, as a practical matter, to have no recollection of the basis for his declaration is evasive and implausible. Irico's suggestion that DPPs may be able to get additional information in deposition, Opp. at 5, confirms its implausibility. Irico's claim that the Order did not require it to set forth the substance of Mr. Zhang's conversations with individuals with knowledge of relevant facts also ignores the point of the interrogatory and the Order's requirement that Irico "respond fully" to it.

Similarly, Irico's opposition confirms that Mr. Zhang reviewed archival records as part of his investigation into whether Irico had U.S. sales. Irico's continued refusal to identify which documents Mr. Zhang reviewed is a patent violation of the Order. It does not require identification only of documents that Mr. Zhang "relied on." It requires identification of all documents he "considered." Irico should also be required to produce these documents in accordance with RFP No. 12 which requires production of all documents identified in responses.

Irico's contention that to produce them would be burdensome and would be subject to a "laborious state-secret review by counsel pursuant to Chinese law prior to leaving China," Opp. at 5, is unsupported by the record. Its suggestion that the files are too voluminous to be produced is also unsupported. *See* Rushing Decl., Ex. 2 at 2 ("it should be obvious that Mr. Zhang did not review the entire archive, but simply confirmed the absence of U.S. sales in those records"). The point is that Mr. Zhang, based on information from those presumably most likely to know, reviewed selected documents to inform his inquiry.

The Honorable Vaughn R. Walker
9/19/2018
Page 5

Irico should be ordered to respond fully to Interrogatory No. 9, including a reasonable description of Mr. Zhang's investigation including documents reviewed, and witness interviews, and the factual basis for his declaration. It should also be ordered to produce immediately the sales documents Irico has admitted he reviewed.

### III. RFP No. 10: Meeting Notes

The Order requires Irico to produce documents related to 26 meetings disclosed by other Defendants apparently attended by Irico personnel. Order at 7. The Order, however, does not provide a deadline for such production. DPPs inquired of Irico when they intended to comply with the Order.

In August, counsel for Irico stated at a meet and confer on other issues that Irico was in the process of searching for responsive documents, and that they would be produced when ready (if any). *See* Rushing Decl., Ex. 3 at 1–2. Irico did not respond to DPPs' follow-up letter. Mot. at 2 n.1.

Plaintiffs request that Irico be required to provide a sworn statement to the effect that it has completed its search and that it did not locate or has produced any responsive documents, as well as describe its search methodology and investigation.

### IV. Conclusion

For the foregoing reasons, DPPs respectfully submit that the Irico Defendants should be compelled to further supplement their responses to Interrogatories Nos. 9 and 20, and RFP Nos. 9 and 10 by a date certain during the first week of October.

Very truly yours,

*s/ R. Alexander Saveri*

R. Alexander Saveri
Lead Counsel for Direct Purchaser Plaintiffs

Cc:    Lillian Tom (via email)
       Jay Weil (via email)
       John Taladay (via email)
       Erik T. Koons (via email)
       Stuart C. Plunkett (via email)
       Thomas E. Carter (via email)
       Ashley Eickhof (via email)
       Kaylee Yang (via email)
       Mario N. Alioto (via email)
       Lauren C. Capurro (via email)

The Honorable Vaughn R. Walker
9/19/2018
Page 6

       Christopher T. Micheletti (via email)
       Joseph M. Patane (via email)