John Taladay (*pro hac vice*)
john.taladay@bakerbotts.com
Erik T. Koons (*pro hac vice*)
erik.koons@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

Stuart C. Plunkett (State Bar No. 187971)
stuart.plunkett@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Attorneys for*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Case No. 3:07-cv-05944-JST |
| | MDL No.: 1917 |
| THIS DOCUMENT RELATES TO: | **OBJECTIONS TO SPECIAL MASTER'S ORDER OF SEPTEMBER 28, 2018** |
| *ALL DIRECT PURCHASER ACTIONS* | |
| | Honorable Jon S. Tigar |

## I. INTRODUCTION

Pursuant to Local Rule 72-2 and the Order Appointing Special Master for Discovery (Dkt. 2272 ¶¶ 6(a) & (b)), Defendants Irico Group Corporation and Irico Display Devices Co, Ltd. (together, "Irico") hereby seek review of a portion of the Special Master's September 28, 2018 Order Granting IPPs' Motion to Compel (the "Order") (Dkt. 5332[1]). Irico has also sought review of the Special Master's September 26, 2018 Order in the DPP matter ("Special Master's DPP Order"). (Dkt. 5333.) Both requests raise similar issues regarding the form of production of voluminous archived documents.

Irico seeks review of the Special Master's September 28 ruling that Irico must provide to IPPs "full and complete narrative responses" to three interrogatories that request detailed sales information (invoice numbers, product numbers, destination, etc.) over a 12-year period. (Order at 5.) Irico has proposed to respond to these interrogatories by making all available and responsive materials available for inspection pursuant to F.R.C.P. 33(d). The Special Master's ruling, however, would impose an extreme burden on Irico, setting in motion a massive project that would require Irico to manually create a sales database that does not otherwise exist and forcing Irico to extract information from hundreds of thousands of hard copy records maintained in Irico's archives. This project would require third party outsourcing and cost an estimated ***$1,090,000-1,818,000*** and take ***3-6 months*** to complete. (Declaration of Stuart C. Plunkett ("Plunkett Decl."), submitted herewith, ¶¶ 4-5.)

The Special Master based this ruling on the conclusion that Irico did not meet the prerequisites of F.R.C.P. 33(d) for producing business records from which IPPs could ascertain the information sought. (Order at 4-5.) This ruling was in error. First, the requirements of Rule 33(d) are plainly satisfied. The Special Master's conclusion that Rule 33(d) is not satisfied is contradicted both by the record and Irico's showing of burden herein. Second, the Order would pose extraordinary burdens on Irico that are cumulative to the burdens imposed by the Special Master's DPP Order (for which Irico is also seeking review). (*See* Dkt. 5333.) Imposing these extreme burdens—particularly where this Court has yet to decide whether it can exercise

---

[1] *See also* Appendix of Record Regarding Special Master's September 28, 2018 Order ("App'x"), submitted herewith, Doc. 7.

| OBJECTIONS TO SPECIAL MASTER'S ORDER OF SEPTEMBER 28, 2018 | 1 | CASE NO. 3:07-CV-05944-JST MDL NO. 1917 |
|---|---|---|

jurisdiction over Irico—contravenes the limitations on discovery under the Foreign Sovereign Immunities Act ("FSIA") (set forth in this Court's April 25, 2018 Order) that jurisdictional discovery must be limited and ordered only "circumspectly . . . to verify allegations of specific facts *crucial* to the immunity determination." (Dkt. 5277 at 2 (quoting *Af-Cap, Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1096 (9th Cir. 2007) (emphasis added).) There is no indication in the Order that the Special Master considered the status of the case under the FSIA.

Irico thus respectfully requests that the Court amend the Order to hold that Irico may satisfy its discovery obligations by making relevant archived records available for inspection as permitted under F.R.C.P. 33(d).

## II. BACKGROUND

On February 1, 2018, the Court set aside the default against Irico and reopened the case. (Dkt. 5240 at 11.) The Court determined that Irico had raised a potentially meritorious defense of immunity under the FSIA and permitted limited "jurisdictional discovery." (*Id.* at 20.)

On May 25, 2018, Irico served objections and responses to IPPs' first set of interrogatories. (App'x Doc. 1 at 2.) On August 7, 2018, Irico supplemented its responses to Interrogatory Nos. 16-18, which requested a vast compilation of specific information regarding Irico's historical sales. (App'x Doc. 2 at 76.) On September 7, 2018, IPPs moved to compel Irico to "provide substantive responses to IPPs' requests," arguing in part that Irico could not refer IPPs to its business records in response to Interrogatories Nos. 16-18, because it did not meet the conditions of Rule 33(d). (App'x Doc. 1 at 5; App'x Doc. 5 at 1-4.) The Special Master granted IPPs' motion on September 27, 2018. (App'x Doc. 7.) Irico now seeks review of that Order

## III. ARGUMENT

### A. Specific Portions of Special Master's Order at Issue

Irico objects to the portions of the Order holding that Irico must review and summarize, rather than make available for inspection, its archived paper records. These passages include:

- The findings that "it is unclear whether the answers to Interrogatory Nos 16-18 may be determined by examining the archived records Irico has offered to make available for inspection" (Order at 4); that "[i]n weighing the relative burdens to Irico and to the IPPs of determining the information requested from Irico's corporate archives in China, it appears that the burden on the IPPs would far outweigh the burden on Irico" (*id.* at 5); and that it is "unclear whether Irico has specified its business records in sufficient detail to permit the IPPs to locate and identify them as easily as Irico can" (*id.*); and

- The holding that Irico must provide full and complete narrative responses to Interrogatories Nos. 16-18 by October 12, 2018 (*id.* at 5; 9).

B.     **Basis for Objections**

### 1. The Special Master's Findings Regarding Rule 33(d) Are Not Supported by the Record

The Special Master concluded that the prerequisites for making business records available under Rule 33(d) are not satisfied. Specifically, he ruled that Irico had not shown that the answers could be ascertained from the business records, that the burden of doing so would be substantially the same for either party, and that the business records had been identified in sufficient detail. (Order at 4-5.) The record, however, clearly demonstrates that each of these factors is met here. *See Ingram v. Pac. Gas & Elec. Co.*, No. 12-CV-02777-JST, 2013 WL 6174487, at *5 (N.D. Cal. Nov. 25, 2013) (finding clear error where magistrate judge's decision not supported by record).

First, the Order states that it is "unclear whether the answers to Interrogator Nos. 16-18 may be determined by examining the archived records Irico has offered to make available for inspection by the IPPs" (Order at 4), but Irico has repeatedly confirmed to Plaintiffs that the sum total of Irico's sales information is maintained in hardcopy archives and that there is no database of the information maintained in the archives. (App'x Doc. 4, Ex. 1 at 12-13; *see also* App'x Doc. 2, Ex. 10 at 4.) IPPs have explicitly acknowledged that Irico communicated the following: "Irico provided on August 7 a summary of Irico Group and Display's accounting records held in their archives that are available for inspection. Those accounting records contain all available records of sales by Irico Defendants, whether domestic or export, during the class period and would contain any information Irico has responsive to Rog #18 for sales during the Class Period." (App'x Doc. 2, Ex. 10 at 4) Thus, the complete detailed transactional-level sales information that IPPs seek in Interrogatory Nos. 16-18 can *only* be ascertained from these archived records. With respect to Interrogatory Nos. 16 and 17, Irico provided summary information regarding sales. (App'x Doc. 2 Ex. 8 at 7-8.) IPPs' insistence on more granular level information can only come from a manual review of Irico's archives. In addition to describing the contents of the archives, Irico has described individual fields of information that are contained in those documents. (App'x Doc. 4 at 1.) Nothing in the record shows otherwise.

Second, the Order states that "*it appears* that since Irico's documents are located in at least twao different cities in China where Irico's offices and employees are located, *the burden would be substantially greater* for the IPPs than for Irico." (Order at 4.) (emphasis added).) The Order cites no record evidence on this point because IPPs' burden argument was based purely on the assertion that it would be "burdensome" to review "a mountain of Chinese documents" in China, requiring IPPs to hire additional support. (App'x Doc. 5 at 4.) But IPPs failed to show that their burden would be greater than Irico's burden to review the same "mountain" of documents, nor could they. Irico does not have the internal resources to manually review and summarize the archived records and would also have to outsource this project.[2] (Plunkett Decl. ¶ 6.) Based on quotes received from vendors specializing in hard copy document collection in China, the cost of reviewing and extracting the broad sets of information requested is estimated at ***$1,090,000-1,818,000*** and will take ***3-6 months*** of full-time work by a large team of collection specialists. (Plunkett Decl. ¶¶ 4-5.)[3] Because this task must be outsourced by Irico to local vendors and counsel, the relative burden to IPPs and Irico is at least identical, which is all that Rule 33(d) requires. *See U.S. S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 576 (M.D.N.C. 2002) (Rule 33(d)'s "primary purpose or result is to shift the time and cost burden, of perusing documents in order to supply answers to discovery requests, from the producing party to the party seeking the information"). Furthermore, because IPPs will have a more focused view of the "specific facts *crucial* to the immunity determination" they require, they likely can focus on a much more limited subset of information within the archives. Irico's burden of extracting the extensive scope of information from the archives will far exceed IPPs' burden.

Third, the Order determines that it is "unclear whether Irico has specified its business records in sufficient detail to permit the IPPs to locate and identify them as easily as Irico can."

---

[2] The Order reasons that Irico should be compelled to undertake this massive burden because IPPs would need to send "Chinese conversant legal professionals" to locations in China, while Irico has employees on site near the document archives. (Order at 6-7.) But if this reasoning were accepted, no foreign defendant (and arguable no domestic defendant) could ever invoke Rule 33(d). That is particularly troubling in the context of an FSIA defense.

[3] This estimate includes review of Irico's archived records as well as the archived records of China National Electronic Import & Export Caihong Co. (an entity that the Special Master has held is within Irico's "control" and thus must also be searched. (Dkt. 5331 at 5-6.)

(Order at 5). This is not an explicit finding that Irico has not sufficiently specified its records, but any such implication is contradicted by the record, which shows that Irico has provided a detailed description of its archives, which are kept in chronological order, including location, volume, and types of documents. (App'x Doc. 4, Ex. 1 at 14-15) (providing the precise location of the records, detailing the information they contain, and noting that the records are organized chronologically).) It is entirely unclear what further information Irico could provide to point IPPs in the right direction when IPPs' interrogatories require complete information for all sales.

### 2. The Special Master's Order Contravenes the Appropriate Limits of Jurisdictional Discovery Under the FSIA

The kind of massive undertaking required by the Order is far beyond the appropriate scope of FSIA jurisdictional discovery. This factor was not weighed. As this Court has held, jurisdictional discovery must be "ordered circumspectly and only to verify allegations of specific facts crucial to the immunity determination." (Dkt. 5277 at 2 (citing *Af-Cap*, 475 F.3d at 1096).) Ordering the manual creation of an entire sales database for the convenience of IPPs who have not established jurisdiction over the entity is neither in keeping either with FSIA discovery principles nor the prior determination of this Court.

For the foregoing reasons, the Court should amend the Order to hold that Irico may satisfy its discovery obligations by making relevant archived records available for inspection.

Dated: October 3, 2018                     */s/ Stuart C. Plunkett*

John Taladay (*pro hac vice*)
john.taladay@bakerbotts.com
Erik T. Koons (*pro hac vice*)
erik.koons@bakerbotts.com
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

Stuart C. Plunkett (State Bar No. 187971)
stuart.plunkett@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Attorneys for IRICO GROUP CORP. and IRICO DISPLAY DEVICES CO., LTD.*