1  John Taladay (*pro hac vice*)
   john.taladay@bakerbotts.com
2  Erik T. Koons (*pro hac vice*)
   erik.koons@bakerbotts.com
3  BAKER BOTTS LLP
   1299 Pennsylvania Ave., NW
4  Washington, D.C. 20004
   Telephone: (202)-639-7700
5  Facsimile: (202)-639-7890

6  Stuart C. Plunkett (State Bar No. 187971)
   stuart.plunkett@bakerbotts.com
7  BAKER BOTTS LLP
   101 California Street, Suite 3600
8  San Francisco, California 94111
   Telephone: (415) 291-6200
9  Facsimile: (415) 291-6300

10 *Attorneys for Defendants*
   *Irico GROUP CORP. and*
11 *Irico DISPLAY DEVICES CO., LTD.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Case No. 3:07-cv-05944-JST |
| | MDL No.: 1917 |
| THIS DOCUMENT RELATES TO: | **DECLARATION OF STUART C. PLUNKETT IN SUPPORT OF IRICO DEFENDANTS' OBJECTIONS TO SPECIAL MASTER'S ORDER OF SEPTEMBER 28, 2018** |
| *ALL DIRECT PURCHASER ACTIONS* | |
| | Honorable Jon S. Tigar |

DECL. OF PLUNKETT ISO IRICO'S OBJECTIONS TO SPECIAL MASTER'S ORDER OF SEPTEMBER 28, 2018

Case No. 3:07-cv-05944-JST
MDL No. 1917

I, Stuart C. Plunkett declare as follows:

1.  I am an attorney admitted to practice law in this Court and in the State of California. I am a partner with the law firm of Baker Botts L.L.P., which represents Defendants Irico Group Corporation ("Irico Group") and Irico Display Devices Co., Ltd. ("Irico Display") (collectively, "Irico Defendants"). I make this Declaration based on my personal knowledge and in support of the Irico Defendants' Objections to Special Master's Order of September 28, 2018.

2.  As Irico has disclosed to Plaintiffs during meet and confer communications and in discovery responses, Irico maintains archives of hardcopy documents. In response to both DPPs' and IPPs' requests for documents and information during jurisdictional discovery in this matter, Irico has identified these archives as containing responsive documents. The responsive information available in the archives includes accounting and sales records responsive to requests for sales information and financial, operational, and administrative records responsive to requests for all documents related to the Chinese government's ownership and supervision of Irico. Irico notified Plaintiffs that its archives were available for inspection in discovery responses served May 4, 2018.

3.  At Plaintiffs' request, Irico provided a detailed description of the archived documents, including document types, quantities, and locations.

4.  On October 2, 2018, we obtained an estimate for reviewing and summarizing information from Irico's archived sales records. We obtained the estimate from a vendor that specializes in the collection of hardcopy files from companies in China. The vendor provided an estimate for reviewing and extracting relevant information from 880,000 pages consisting of bound and unbound documents. This is the quantity of documents Irico estimates for its archive of sales and accounting records from 1995 to 2007. The vendor estimates that the cost would be **$750,000-$1,250,000** and require their full team of specialists in China working full-time for approximately 2-4 months.

5.  On September 26, 2018, the Discovery Master ordered Irico to search for and produce responsive documents from China National Electronic Import & Export Caihong Co. ("CNEIECC"), a long-defunct state-owned company that exported some of Irico's products until

2005 and was placed under Irico Group's ownership almost a decade after it ceased operations. Given that the Order was issued just days ago, Irico has only been able to provide preliminary estimates of the archived sales records of CNEIECC. Irico preliminary estimates that there are 400,000 pages of such archived hardcopy documents from the relevant period, mostly bound. Extrapolating from the per-page cost of $0.85-$1.42 implied in the vendor's estimate, reviewing and extracting the relevant information from these documents would add **$340,000-$568,000** to Irico's costs. The estimate also implies that analyzing these documents would add another 1-2 months.

6. This review work could not be performed in-house as Irico lacks the resources to perform these tasks.

7. These estimates do not include the additional burden and expense associated with legal review and supervision, which also would have to be outsourced by Irico.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of October 2018 in the District of Columbia.

*/s/ Stuart C. Plunkett*
Stuart C. Plunkett (State Bar No. 187971)
stuart.plunkett@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Attorneys for Defendants*
*Irico GROUP CORP. and*
*Irico DISPLAY DEVICES CO., LTD.*