MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
JENNY S. YELIN – 273601
ROSEN BIEN GALVAN & GRUNFELD LLP
50 Fremont Street, 19th Floor
San Francisco, California 94105-2235
Telephone:    (415) 433-6830
Facsimile:    (415) 433-7104
Email:        mbien@rbgg.com
              jbornstein@rbgg.com
              jyelin@rbgg.com

Attorneys for Non-Party Objectors
FINANCIAL RECOVERY SERVICES, INC.
d/b/a FINANCIAL RECOVERY STRATEGIES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Master File No. CV-07-5944-JST MDL No. 1917 |
| | **FRS'S RESPONSE IN SUPPORT OF INDIRECT PURCHASER PLANTIFFS' MOTION FOR AN INDICATIVE RULING** |
| This Document Relates to: All Indirect Purchaser Actions | |
| | Hearing Date: November 15, 2018 Time: 2:00 p.m. Courtroom: 9, 19th Floor Judge: Honorable Jon S. Tigar |

Case No. CV-07-5944-JST

[3309640.3]

1   FRS provides this response in support of IPPs' Motion for an Indicative Ruling.[1] For

2   the reasons set forth below and in FRS's prior submissions, *see* ECF Nos. 5252 and 5259,

3   FRS supports IPPs' Motion for an Indicative Ruling, but requests that the Court include in

4   any Order granting the Motion a provision that, in connection with the Prior Settlements,

5   accepts on the same terms as claims submitted on or before December 7, 2015, all otherwise

6   eligible claims submitted on or before the claims deadline to be set by the Court in

7   connection with the Mitsubishi Settlement.

8   **I.     INTRODUCTION**

9        Just two matters prevent the conclusion of this indirect purchaser antitrust class

10  action. One is the final resolution of the issues presented by the appeals currently pending

11  in the Ninth Circuit; the other is the acceptance of otherwise eligible late claims. Even if the

12  Omitted States issues are resolved, failure to address the acceptance of otherwise eligible

13  late claims will only further postpone what has already been an almost three-year delay in

14  the distribution of hundreds of millions of dollars to almost 150,000 members of the

15  Settlement Class.

16       IPPs' Motion for an Indicative Ruling, *see* ECF No. 5335, implicitly supports treating

17  late claims the same as timely claims. IPPs previously treated timely and late claims equally

18  in their Proposed Mitsubishi Distribution Plan,[2] and in connection with IPPs' Motion, IPPs'

19

20  [1] As used herein, "FRS" refers to nonparty objector Financial Recovery Services, Inc. d/b/a

21  Financial Recovery Strategies; "IPPs" refers to Indirect Purchaser Plaintiffs; "IPPs' Motion"
    refers to IPPs' Motion for an Indicative Ruling (ECF No. 5335); "IPP Counsel" are Trump,

22  Alioto, Trump & Prescott LLP, Zelle LLP and Straus & Boies, LLP; the "Prior Settlements"
    are those with the Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson and TDA

23  Defendants; the "Settlement Class" is the class certified in connection with the Prior
    Settlements; the "Mitsubishi Settlement" is the settlement proposed between IPPs and

24  Mitsubishi Electric Corporation (ECF No. 5345); and the "Proposed Mitsubishi Distribution

25  Plan" refers to the distribution plan that IPPs proposed for the Mitsubishi Settlement (ECF
    No. 5345 at 25:18-28:16).

26
    [2] In that distribution plan, IPPs provide that "First-time Claimants" and "Repeat Claimants,"

27  each as defined in the Proposed Mitsubishi Distribution Plan, would receive for their first

28  25 newly-claimed CRT units "the same CRT unit value as claimants under the Prior Plan of

expert, Jonathan E. Schwartz based his calculations of the financial impact of including in the Prior Settlements claims by residents of New Hampshire, Missouri and Massachusetts on the assumption that all claims submitted through November 15, 2017 would be accepted.[3] *See, e.g.*, Decl. of Jonathan E. Schwartz Re Value of Projected Claims from MA, MO & NH, ECF No. 5335-2 ("Expert Decl.") at ¶ 6 ("I assume that the claims period for the Settlements will end at the November 15, 2017 cut-off date announced by the Claims Administrator.").[4] IPPs have also represented to FRS that they intend to recommend to the Court that, if the Court grants their Motion, the Court re-open the claims period for the Prior Settlements so that claims that are currently late would no longer be late, and would be compensated in the same manner as all other claims. But because IPPs' Motion does not *expressly* advocate for the inclusion of late claims, FRS is compelled to respond to urge the Court to address the late claims issue now to avoid another lengthy delay in the distribution.

---

Distribution." IPPs' Notice of Mot. & Mot. for Prelim. App. of Mitsubishi Settle. …, ECF No. 5245 at 28:1-3. In the next sentence, IPPs disclose that "[t]he CRT unit dollar value in the Prior Plan of Distribution is currently estimated to be approximately $4 per CRT unit." *Id.* at 28:3-4. That approximate $4.00 per CRT unit value assumes the acceptance of claims filed in the Prior Settlements after the claim filing deadline. *See* IPPs' Mem. in Reply to FRS's Obj. to Proposed Plan of Dist. in Mitsubishi Settle., ECF No. 4255 at 5:14-16 ("If all timely filed claims and all late-filed claims are considered in that plan, the CRT unit dollar value that would be applied to each claimant will be approximately $4.19.").

[3] There is no basis on which to establish November 15, 2017 as the end of the claims period for the Prior Settlements. As described in FRS's letter response to IPPs' reply and to the letter submitted on behalf of Spectrum Settlement Recovery, LLC (ECF No. 5259), IPP Counsel published that date without any application to, or approval by, this Court, and, therefore, usurped this Court's authority. More importantly, that date, which is almost a year ago and, as described below, likely at least a year prior to any distribution, bears no more relationship to the eventual distribution of the Prior Settlements, and, therefore, is no less arbitrary, than the original December 7, 2015 claims filing deadline.

[4] Had IPPs' expert based his calculations only on timely claims, he would have determined the value of those projected claims to be approximately $5.88 million ($405 million in funds available for distribution divided by 67,812,128 timely weighted units then multiplied by 985,167 weighted units from those three states), or $830,000 higher than the $5.05 million he calculated based on claims filed through November 15, 2017.  *See* Expert Decl. at ¶19.

[3309640.3]

Given the foregoing, and that IPPs' Motion seeks approval to provide to Settlement Class members in New Hampshire, Massachusetts and Missouri notice in conjunction with the notice to be issued for the Mitsubishi Settlement, *see* IPP's Motion at 1:15-17, judicial efficiency, overall expediency and class member economy recommend the resolution of the late claims issue together with IPPs' Motion.[5] And with IPPs' tacit recommendation that late claims be accepted, and because the 34-month delay thus far has been caused not by late claims but solely by the pending appeals, the legal precedent for accepting late claims in such circumstances, and the "black letter" practice of accepting late claims that, as is the case here, do not unduly delay the distribution, as well as the fundamental fairness of treating equally all class members with the same substantive claims, mandate that all otherwise eligible late claims be accepted on the same basis as timely claims.

## II.   ARGUMENT

The delay in the distribution for the Prior Settlements has thus far reached 34 months. And it will take months for this Court and the Ninth Circuit to rule on the relief requested in IPPs' Motion. Assuming that such relief is granted, IPPs' proposal for notice for the Mitsubishi Settlement provides a claim filing deadline 180 days after the notice is published. *See* [Proposed] Order Grant'g Prelim. App. of Mitsubishi Settle, ECF No. 5245-3, at ¶¶, 15, 19 (notice published 30 days after entry of Order; claims deadline 120 days thereafter). No distribution of the Prior Settlements may occur at the earliest, therefore, until late 2019, or approximately four years after the original December 7, 2015 deadline. As a result, and given that the prolonged delay is not the result of any actions of late claimants, this Court

---

[5] By addressing this matter now rather than at the time that IPPs submit their distribution motion, all members of the Settlement Class, that, as of now, have not submitted claims to participate in the Prior Settlements, will be provided notice that they may do so and be treated the same as timely claims and late claims already submitted. Because notice will be disseminated now in connection with the Mitsubishi Settlement, and because those same members of the Settlement Class will be entitled to submit claims to participate in the Mitsubishi Settlement, this approach, in addition to being the fairest, is costless and the most efficient.

3

[3309640.3]

should order that all otherwise eligible claims submitted through the end of the new claims period will be accepted in the Prior Settlements on the same basis as timely claims.

In its prior submissions to this Court, FRS provided judicial precedent that holds that the reduction in the recovery of timely claimants caused by accepting late claims is not prejudicial to timely claimants. *See, e.g.*, FRS Response to IPP Reply, ECF No. 5259, at 6-9 (citing cases). And FRS identified other courts in this District that, when faced with distributions that were saddled with long delays caused by appeals, accepted late claims. *See* FRS Letter Obj., ECF No. 5252 at 9-10. In *LCDI* and *DRAM*,[6] the same firms that are IPP Counsel made these same arguments and cited some of the same precedent to successfully advocate for the acceptance of late claims.

In *LCDI*, IPP Counsel argued as follows:

> The distribution has not been delayed as a result of any late-filed claims. Moreover, ***those claimants, like all other claimants, have been injured as a result of the same alleged wrongful conduct***. … Additionally, ***because all claimants are similarly situated, none of them has a better right to recover than any other claimant***; in other words, ***because no distribution delay has been occasioned by the processing of those claims, the first-filed claim is no more entitled to recover or to recover more per unit than the last claim received and processed before the distribution motion is filed***.
>
> ***The whole point of these actions was to compensate as many injured claimants as possible.*** Class Counsel have already recommended, and the Court indicated its agreement, that claims submitted after the December 6, 2012 claims deadline be included in the distribution. (*See* Apr. 3, 2013 Order, Dkt. No. 7697, at 6 n.4.). …

IPP's & Settling States' Jt. … Mot. to … Dist. Settle. Fund, ECF No. 9217, at 7:25-8:1 (emphasis added). These same firms also argued that "[t]he Court has inherent discretion to allow or disallow 'late filed' claims. … The Court should exercise this discretion here and permit all class members that submitted valid claims by June 6, 2014 to receive payment on

---

[6] *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827 (N.D. Cal.) (Ilston, J.) ("*LCDI*"), and *In re: Dynamic Random Memory (DRAM) Antitrust Litig.*, MDL No. 1486 (N.D. Cal.) (Hamilton, J.) ("*DRAM*"), respectively.

1   their claims." *Id.* at 7:4-6 (citing *In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1128 (9th

2   Cir. 1977) (district court has discretion with respect to the disallowance of late claims);

3   *Welch & Forbes Inc. v. Cendant Corp. (In re Cendant Corp. Prides Litig.)*, 233 F.3d 188,

4   194-197 (3rd Cir. 2000) (until the fund created by settlement is actually distributed, the court

5   retains its traditional equity powers to protect unnamed but interested persons; a court may

6   assert this power to allow late-filed claims); *In re Elec. Carbon Prods. Antitrust Litig.*, 622

7   F. Supp. 2d 144, 155 (D.N.J. 2007) (permitting late claimants to share in settlement proceeds

8   even though doing so reduced recovery of another claimant by 16.6%, or over $1.6 million).

9   And in *DRAM*, IPP Counsel also successfully argued in favor of accepting late claims:

> ***In the interest of increasing the participation of class members in the settlement distribution***, Co-Lead Counsel and the Attorneys General recommend that the Court authorize payments to all class members whose claims were filed by July 1, 2015, and were deemed eligible for payment after conclusion of the audit process by Rust. Although the initial claims deadline was August 1, 2014, ***the distribution has not been delayed by the additional claims filed between August 1, 2014 and July 1, 2015, and considerations of overall fairness to the Settlement Class outweigh any prejudice to those class members who filed in the "first wave" of claims*** by August 1, 2014. However, the Settling Plaintiffs recommend that all claims filed after July 1, 2015 should be denied as untimely. …

18   Jt. Mot. to Dist. Settle. Funds, ECF No. 2273, at 11:4-17 (emphasis added). And these same

19   firms again argued that "[t]he Court has inherent discretion to allow or disallow 'late filed'

20   claims." *Id.* at 11:18-25 (citing *Gypsum*, 565 F.2d at 1128; *In re Cendant Corp. Prides Litig.*,

21   233 F.3d at 194-197; *Electric Carbon Prods.*, 622 F. Supp.2d at 155).

22   FRS also brought to the Court's attention *LIB*,[7] a current indirect purchaser antitrust

23   class action settlement in which class counsel sought, and the court granted, lengthy claim

24   filing extensions because the distribution was delayed, likely for over a year, as a result of

25   appeals. *See* FRS Letter Obj. at 8-9. *ODD* class counsel there acknowledged their duty to

26   "maximize the number of claims" by seeking extensions until the appeals are resolved:

---

[7] *In re Lithium Ion Batteries Antitrust Litigation,* Case No. 13-md-02420 YGR (DMR), MDL No. 2420 (N.D. Cal.) (Gonzalez Rogers, J.) ("*LIB*").

1   The distribution of the settlement corpus will be impossible while the appeals
2   remain pending – which will likely be a minimum of twelve months.
    ***Consequently, no purpose is served by ending the claims period while the
3   appeals are pending.***

4   *LIB*, Second Rpt. on Claims Status and Req. for Extension of Claims Deadline, ECF

5   No. 2120) at 2:4-14 (emphasis added).[8] More recently, in *ODD*,[9] in which the distribution

6   for 7 settlements totaling $180 million has been delayed as a result of pending appeals, and,

7   as with the $33 million Mitsubishi settlement in *CRTI*, another settlement, worth

8   $25 million, was obtained after the claims deadline for those 7 prior settlements, *see* ECF

9   No. 2852, at 1:6-9; 1:14-17 & n.2, class counsel asked the court, as FRS has asked this Court,

10  *see, e.g.,* FRS Letter Obj. at 3, to combine all 8 settlements into one distribution:

11      Although class members will be able to make claims on the
12      settlement, ***IPPs propose to combine the $25 million from the
        Toshiba/Samsung settlement with the $180 million already recovered on
13      behalf of the class and distribute at the same time.*** Although the prior seven
        settlements received final approval from this Court, there are five separate
14      appeals pending in the Ninth Circuit Court of Appeals by various objectors.
15      All briefing is complete except for one remaining optional reply brief … No
        date for oral argument on these appeals has yet been set.

16

17  *ODD*, ECF No. 2852 at 2:9-15 (emphasis added); *see id.* at 5:3-4 ("For ease of

18  administration, the claims period for the prior seven settlements (which closed on October

19  30, 2017) will be re-opened, so that if a new claim is submitted by a class member they will

20  recover from all eight settlements ($205 million)"); *id.* at 5:6-8 ("All late claims will be

21  honored; this includes a total of 3,312 late claims … submitted after the claims period for

22  the prior settlements closed on October 30, 2017. IPPs will apply the same auditing and

23  fraud review to these late claims as will be applied to timely claims."). The Court in *ODD*

24  _____

25  [8] Class counsel in *LIB* recently sought a third extension due entirely to pending appeals.
    They requested the claims deadline, which initially was November 29, 2017, to be extended
26  at least until January 18, 2019. ECF No. 2350 at 2:17-18. The requested extension was
    granted. *See LIB*, Second Order Extending Claims Deadline; …, ECF No. 2353 at ¶1.

27  [9] *In re Optical Disk Drive Products Antitrust Litigation*, No. 3:10-md-02143-RS (N.D. Cal.)
28  (Seeborg, J.) ("*ODD*").

recently granted preliminary approval to the new settlement, and, in doing so, approved the acceptance of claims filed late in the prior settlements. *See ODD*, ECF No. 2860.

Importantly, the facts in *LCDI*, *DRAM*, *LIB* and *ODD* are on all fours with those of *CRTI* – all are being or were prosecuted in this District, and all are or were indirect purchaser antitrust class actions in which lengthy delays in the distributions are being (*LIB* and *ODD*) or were (*LCDI* and *DRAM*) caused by appeals, not by the processing of late claims:

- The court in *LCDI* accepted late claims that comprised **37%** of the total panel equivalents, or more than **1.6** times the 14% of the total CRT units that are accounted for by late claims here, *see* FRS Letter Obj., ECF No. 5252 at 10;[10]

- The court in *DRAM* approved class counsel's recommendation to accept **19,508** late claims, which were **5 times** the 3,867 remaining CRT late claims, *see* FRS Letter Obj., ECF No. 5252 at 10;

- In *LIB*, although the claim audit process remains ongoing (ECF No. 2530 at 1:27-2:1), the claims filed since November 14, 2017 reduced the estimated per device value of each claim for the Sony settlement by approximately **74%**, and reduced the estimated per device value of each claim for the other settlements by approximately **80%**, *see LIB*, Third Rpt. on Claims Status & Request for Ext. of Claims Deadline, ECF. No. 2350, at 1:8-14; 1:22-27; and

- In *ODD*, the **3,312** late claims that, in their motion for preliminary approval of two new settlements, which the Court recently granted in full, class counsel asked the court to "honor," are **86%** of the 3,867 remaining *CRTI* late claims. *See ODD*,

---

[10] IPPs previously reported that late weighted CRT units comprised 21% of the total weighted units. *See* IPPs' Mem. in Reply to FRS's Obj. to Proposed Plan of Dist. in Mitsubishi Settle., ECF No. 4255 at 5:14-16. The more recent data presented by IPPs' expert, the source for which is "Claims data from The Notice Company," reveals that there are 11,204,857 total late weighted units out of 79,016,985 total timely and late weighted units, *see* Expert Decl. at 4:5-9, Table 1, "Total Net Claims from the 22 States," or that late weighted units comprise 14% of the total weighted units.

[3309640.3]

1    Mot. for Prelim. App. of Samsung & Toshiba Settle., ECF No. 2852, at 5:3-8;

2    Order Granting Prelim. App. of Samsung & Toshiba Settlements, ECF No. 2860.

3  As these settlement administrations demonstrate, when distributions are delayed by appeals,

4  class counsel's and the court's respective duties fairly to compensate as many class members

5  as possible require that – whether by accepting at the time of distribution otherwise eligible

6  late claims submitted while the appeals were pending (*LCDI* and *DRAM*); by extending the

7  deadline until the appeals are resolved (*LIB*), or by re-opening a prior claims filing period to

8  combine with earlier settlements a new settlement reached while the appeals were pending

9  (*ODD*) – late claims be compensated in the same manner as timely claims.

10  **III.    CONCLUSION**

11    Given the extensive delay that is solely the result of appeals, the Court should include

12  in its order ruling on IPPs' Motion for an Indicative Ruling a provision that Prior Settlement

13  late claims filed until the end of the new claims period will be treated the same as timely

14  claims.

15  DATED:  October 15, 2018          Respectfully submitted,

16                                    ROSEN BIEN GALVAN & GRUNFELD LLP

17

18                                    By:  */s/ Michael W. Bien*

19                                         Michael W. Bien

20                                    Attorneys for Non-Party Objectors
                                      FINANCIAL RECOVERY SERVICES, INC. d/b/a
21                                    FINANCIAL RECOVERY STRATEGIES

22

23

24

25

26

27

28

Case No. CV-07-5944-JST

FRS'S RESPONSE IN SUPPORT OF INDIRECT PURCHASER PLANTIFFS' MOTION FOR AN INDICATIVE
RULING

[3309640.3]