**ALTSHULER BERZON LLP**
ATTORNEYS AT LAW
177 POST STREET, SUITE 300
SAN FRANCISCO, CALIFORNIA 94108
(415) 421-7151
FAX (415) 362-8064
www.altshulerberzon.com

STEPHEN P. BERZON
ERIC P. BROWN
HAMILTON CANDEE
EVE H. CERVANTEZ
BARBARA J. CHISHOLM
JEFFREY B. DEMAIN
JAMES M. FINBERG
KRISTIN M. GARCÍA
EILEEN B. GOLDSMITH
MEREDITH A. JOHNSON
SCOTT A. KRONLAND
ANDREW KUSHNER
REBECCA C. LEE
DANIELLE E. LEONARD
STACEY M. LEYTON
TONY LOPRESTI
AMANDA C. LYNCH
MATTHEW J. MURRAY
ZOE PALITZ
P. CASEY PITTS
DANIEL T. PURTELL
MICHAEL RUBIN
PEDER J. THOREEN
MEGAN WACHSPRESS

FRED H. ALTSHULER
FOUNDING PARTNER EMERITUS

PETER D. NUSSBAUM
PARTNER EMERITUS

CORINNE JOHNSON
FELLOW

October 16, 2018

*Via E-Filing*

Honorable Judge Jon S. Tigar
U.S. District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

> ***In re: Cathode Ray Tube (CRT) Antitrust Litigation, Indirect Purchaser Actions***
> ***MDL No. 1917, Case No. C-07-5944-JST (N.D. Cal.)***

Dear Judge Tigar:

Spectrum Settlement Recovery, LLC ("Spectrum") writes in response to the Indirect Purchaser Plaintiffs' ("IPPs") pending Motion for Indicative Ruling Pursuant to Fed. R. Civ. P. 62.1, Dkt. #5335.

Spectrum is a third party claim filer and filed nearly one-third of all timely claims during the initial administration of the settlement in this case. We support the IPPs' solution of ensuring that eligible class members from the three omitted states are compensated, largely out of attorney fees. Under the IPPs' proposal, eligible class members in these states will obtain a recovery, despite their tenuous legal position. And, importantly, this will be achieved without materially prejudicing other deserving class members.

While Spectrum would object to any plan which materially diminished payments to class members who followed the rules and filed timely claims that complied with this Court and the IPP counsel's ongoing guidance, it is clear that here any such dilution will be minimal or nonexistent. As such, the IPPs proposal is practical, fair and even generous, and should satisfy the interested parties – class members who have been waiting years since settlement approval

*In re: Cathode Ray Tube (CRT) Antitrust Litigation, Indirect Purchaser Actions*
October 16, 2018
Page 2

and more than a decade since the damages were incurred. It is hard to imagine how the objector/appellants could improve on this outcome through the ongoing appellate process.

We further note that with this filing, Spectrum joins third-party claim filers Financial Recovery Services, Inc. ("FRS") and Crowell & Moring LLP ("Crowell") in supporting the IPPs' motion; we all agree that the proposed remedy is a good one.[1] Combined, FRS, Crowell and Spectrum account for approximately 70% of all claims that have been filed on a timely basis, representing an overwhelming majority of the interested class members. While we cannot speak for each of our clients individually, we can say with certainty that we believe that this Court issuing a ruling consistent with IPPs' motion is in their best interests.

Finally, Spectrum respectfully suggests that the argument made in the Joint Opposition on behalf of objectors Gianasca, Rockhurst, *et al.*, that $6 million is insufficient to compensate for what they claim to be $283 million in damages is counterfactual and reflects a misunderstanding of distributions in class action settlements. Here, plaintiffs in the 22 *Illinois Brick*-repealer states received a settlement of $577 million (before fees) where damages were calculated at $2.8 billion. This would imply that timely, participating class members would expect to recover a mere 20% of their damages. However, in any large action of this type, only a portion of the class members actually file timely, approved claims. The result is that legitimate claims are "grossed up" through the pro rata process. In this case, timely class members in the repealer states will recover damages approaching, but not quite equaling their claimed actual damages. We expect the same would be true in the three omitted states and that the allocated $6 million would suffice to provide them with a recovery on par with timely claimants in the other repealer states. The underlying settlement provides an excellent remedy for timely class members in the repealer states, and the solution offered by the IPPs' counsel to use attorneys' fees to extend comparable relief to class members in the three omitted states further argues for ending further, wasteful litigation which stands to benefit only objecting counsel at the expense of deserving class members.

We urge the court to grant the Indicative Ruling and do everything else in its power to expedite payment to deserving class members.

Respectfully submitted,

By: _/s/ Peder J. V. Thoreen_
        Peder J. V. Thoreen

---

[1] Spectrum does not agree with FRS that, in ruling on the pending motion, the Court should use this opportunity to prematurely re-open the long-past deadlines of the prior claims process.