IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>ALL INDIRECT PURCHASER ACTIONS | MDL No. 1917<br>Case No. 07-cv-5944-JST<br><br>**ORDER DENYING INDIRECT PURCHASER PLAINTIFFS' MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 62.1 FOR AN INDICATIVE RULING ON THEIR MOTION TO AMEND THE IPP FEE ORDER AND AMEND THE PLAN OF DISTRIBUTION**<br><br>Re: ECF No. 5335 |

Now before the Court is the Indirect Purchaser Plaintiffs' motion pursuant to Federal Rule of Civil Procedure 62.1 for an indicative ruling on their motion to amend the IPP fee order and amend the plan of distribution. ECF No. 5335. The Court will deny the motion for the following reasons.

First, with the benefit of hindsight, the Court now concludes that it erred in approving the parties' original settlement. Most fundamentally, the Court erred in approving the provision that required class members in Massachusetts, Missouri, and New Hampshire (the "Omitted Repealer States") to release their claims without compensation. The fact that the claims were required to be released meant they had value.

Second, having now concluded that it erred in approving a settlement that provided no recovery to class members in the Omitted Repealer States, the Court has concerns about the adequacy of the counsel who negotiated that settlement or whether they may have faced a conflict of interest. Lead Counsel had an obligation to vigorously represent class members in the Omitted Repealer States. They told the Court when they presented the settlement, and they say now, that a

no-recovery settlement was fair to those class members because their claims were worthless. On this ground they argue there is no conflict. That argument does not explain, however, how negotiating a *release* of those class members' claims can be squared with the duty of zealous advocacy to all members of the class.

At argument before the Ninth Circuit, counsel for the IPPs suggested that they needed to include a release of some class members' claims to get compensation for other class members. ECF No. 5335-1 at 16 ("Then they go to negotiate, defendant's [sic] [want] global peace, they want, even though the claims of those people in those three states are worthless, they still want a sign off that they won't get any nuisance suits."). While the Court acknowledges Lead Counsel's efforts to obtain a favorable result for the majority of the class, pitting one set of clients' claims against those of another is a classic indication of a potential conflict of interest. Even now, Lead Counsel appears to be bargaining with the Court to reduce the perceived value of the claims of class members in the Omitted Repealer States.[1] And regardless of whether the issue is framed as one of conflict of interest or adequacy of counsel, it requires further exploration and potentially the appointment of separate counsel.[2] It may also suggest an adjustment to the fees awarded to Lead Counsel. These issues cannot be decided on the motion as currently framed.

Third, it is not clear that the IPPs' proposed amendments to the fee order and plan of distribution would cure all the problems with the current settlement. In fact, the Court is not convinced that all the potential problems with the proposed amended settlement have even been identified. The affected, proposed-to-be-newly-included class members in the Omitted Repealer States have not received notice, and they might identify additional problems with the settlement no party has yet discussed. Moreover, there appear to be other issues on appeal besides the lack of compensation to class members in the Omitted Repealer States. Lead Counsel acknowledge this when they contend that the proposed relief "will obviate [only] the *primary* issue on appeal." ECF

---

[1] ECF No. 5356 at 8 ("Moreover, the situation for Class Members in the Three States is potentially even more dire, given that this Court has held that the statutes of limitations have run on their claims. On remand, a likely scenario would be that their claims would be dismissed with prejudice and Class Members in the Three States would receive nothing.")

[2] The Court emphasizes that it reaches no conclusion now about this issue.

2

No. 5356 at 9 (emphasis added).  If there are other issues to be decided on appeal, this Court would rather have them decided before considering an amended settlement or plan of distribution.

Fourth, if class members in the Omitted Repealer States ultimately do receive a recovery from the IPP settlement, it will have resulted from the efforts of one or more objectors.  Those objectors will then be entitled to apply for an award of attorneys' fees.  *Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012) (Attorneys for objectors who increase the fund or otherwise substantially benefit class members "may be entitled to attorneys' fees from the fund created by class action litigation.")  Lead Counsel's proposal to reduce their own attorneys' fees to enhance the settlement fund makes no provision for how such an award would be funded.

For these reasons, the IPPs' motion is denied.

**IT IS SO ORDERED.**

Dated:  November 8, 2018



JON S. TIGAR
United States District Judge