Blake L. Harrop
Chief, Antitrust Bureau
Illinois State Bar No. 3127180
Office of the Illinois Attorney General
100 W. Randolph Street
Chicago, Illinois 60601
(312) 814-1004 (phone)
(312) 814-4209 (fax)
bharrop@atg.state.il.us
*Counsel for the State of Illinois*

Tim D. Nord
Special Counsel
OSB #882800
Oregon Department of Justice
1162 Court Street NE
Salem, Oregon 97301
(503) 934-4400
Tim.D.Nord@doj.state.or.us
*Counsel for the State of Oregon*

Rachel S. Brass
Gibson Dunn
555 Mission St., Ste 3000
San Francisco, CA 94105
(415) 393-8293
rbrass@gibsondunn.com
*Counsel for Chunghwa Picture Tubes, Ltd.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Master File No. CV-07-5944-JST<br>MDL No. 1917<br><br>**STATE OF ILLINOIS', STATE OF OREGON'S AND CHUNGHWA PICTURE TUBE LTD.'S MOTION TO DISBURSE THE ILLINOIS AND OREGON SHARES OF THE CHUNGHWA SETTLEMENT FUNDS**<br><br>Date:   January 31, 2019<br>Time:   2:00 p.m.<br>Court:  Courtroom 9, 19th Floor<br>Judge:  Hon. Jon S. Tigar |

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that at on January 31, 2019, Intervenors State of Illinois ("Illinois") and State of Oregon ("Oregon") and Defendant Chunghwa Picture Tubes, Ltd.

**STATE OF ILLINOIS', STATE OF OREGON'S, AND CHUNGHWA PICTURE TUBE LTD.'S MOTION TO DISBURSE THE ILLINOIS AND OREGON SHARES OF THE CHUNGHWA SETTLEMENT FUNDS**
(Master File No. CV-07-5944-JST)

("Chunghwa") will move this Court for an order disbursing the funds held by Class Counsel for the Indirect Purchaser Plaintiffs ("IPP Class Counsel") that belong to Illinois and Oregon under the settlement agreement with Chunghwa and pursuant to the orders of this Court dated August 9, 2011 (ECF No. 992) and November 16, 2016 (ECF No. 5040).

Illinois and Oregon asks that the Court order IPP Counsel to send $644,079 to the Office of the Illinois Attorney General and $177,703 to the Office of the Oregon Attorney General.

This motion is supported by this Notice of Motion and Motion, the supporting Memorandum, any further papers filed in support of this motion, the argument of counsel, and all pleadings and records on file in this matter.

**STATE OF ILLINOIS', STATE OF OREGON'S, AND CHUNGHWA PICTURE TUBE LTD.'S MOTION TO DISBURSE THE ILLINOIS AND OREGON SHARES OF THE CHUNGHWA SETTLEMENT FUNDS**
(Master File No. CV-07-5944-JST)

2

# MEMORANDUM OF POINTS OF AUTHORITIES

### A. Introduction

Pursuant to court order (ECF No. 992), IPP Class Counsel has possession of portions of a $10,000,000 settlement with Chunghwa that belong to Illinois and Oregon. The Illinois and Oregon cases are now settled and distributions of those settlements to the citizens of those states will begin soon. Illinois and Oregon have the responsibility to distribute the settlement funds to their citizens and it would be impractical to distribute the bulk of the settlement funds now and then distribute smaller amounts from the Chunghwa settlement in a later distribution. The amounts of the Chunghwa settlement owed to Illinois and Oregon are easily calculable at this time. The two states ask that the Court order IPP Class Counsel to send these funds to Illinois and Oregon now. Illinois and Oregon have met and conferred with IPP Class Counsel regarding this motion. IPP Class Counsel does not object to the request to have the funds paid now, but argues that notice costs associated with the Chunghwa settlement should be deducted from Illinois' and Oregon's shares. With respect to this disagreement, IPP Class Counsel intends to file a separate response to this motion.

### B. Background

On March 28, 2011, the Indirect Purchaser Plaintiffs ("IPPs") sought preliminary approval of a proposed class action settlement with Chunghwa. ECF No. 884. The proposed settlement purported to release the claims of indirect purchasers of CRTs, including those in Illinois and Oregon, who could assert federal and state law antitrust claims against Defendants. *Id.* Illinois and Oregon successfully intervened and objected to preliminary approval of the Chunghwa IPP settlement because the Illinois and Oregon antitrust statutes permitted only the attorneys general of those states to act on behalf of indirect purchasers. *See* ECF Nos. 939 & 940. IPP Class

STATE OF ILLINOIS', STATE OF OREGON'S, AND CHUNGHWA PICTURE TUBE LTD.'S MOTION
TO DISBURSE THE ILLINOIS AND OREGON SHARES OF THE CHUNGHWA SETTLEMENT FUNDS
(Master File No. CV-07-5944-JST)

3

Counsel objected to the positions of both states (ECF No. 944), but eventually conceded representation in this action to the Oregon Attorney General. As for Illinois, the Court referred the issue to Special Master Charles Legge, who rejected the IPPs' arguments and concluded that the Illinois Antitrust Act prohibits IPP Class Counsel from representing Illinois indirect purchasers. ECF No. 970. Illinois indirect purchasers must be represented by the Illinois Attorney General. *Id*.

While awaiting the Special Master's decision, Illinois and Oregon opened settlement discussions with Chunghwa to not only resolve the private purchaser claims in Illinois and Oregon, but also each states' government claims.[1] It became necessary to add IPP Class Counsel to those discussions because they had already received $10 million from Chunghwa and refused to return any of it to Chunghwa for use in settling with Illinois and Oregon. Illinois, Oregon, Chunghwa and IPP Class Counsel eventually agreed to a stipulation memorialized by Court order on August 9, 2011, ECF No. 992 ("August 9 Order"), which specified that 8.59% of the Chunghwa settlement fund was to be sent to Illinois and 2.37% was to be sent to Oregon. *Id.* at 4-5. The parties agreed that Illinois and Oregon would receive their allocable shares of the settlement "at the time of distribution, or at such later time as Plaintiffs, Illinois and Oregon may agree." ECF No. 992, at 5.

All of the litigation costs that could arguably be related to obtaining the Chunghwa settlement have now been incurred. Illinois and Oregon are now ready to distribute their settlement funds, along with the funds recovered from the other defendants, to the residents of

---

[1] The IPP class never purported to represent any government claims. The Illinois and Oregon Attorneys General resolved their government claims with Chunghwa in separate agreements not at issue in this motion.

**STATE OF ILLINOIS', STATE OF OREGON'S, AND CHUNGHWA PICTURE TUBE LTD.'S MOTION TO DISBURSE THE ILLINOIS AND OREGON SHARES OF THE CHUNGHWA SETTLEMENT FUNDS**
(Master File No. CV-07-5944-JST)

4

their states. Therefore, after over seven years, it is time to return these settlement funds to the Illinois and Oregon Attorneys General so they can fulfill their obligations to distribute the money.

### C. Proposed Calculation of the Illinois and Oregon shares of the Chunghwa Net Settlement Funds

The August 9 Order provided that the States of Illinois and Oregon will each receive 8.59% and 2.37%, respectively, of the "Net Settlement Fund." ECF No. 992, at 5. "The Net Settlement Fund means the $10,000,000 settlement amount, plus interest, minus 25% for attorneys' fees, reimbursement of expenses, and $2.5 million for a costs set-aside, including the costs of giving notice to class members and administration of the settlement fund, all of which shall be subject to court approval." *Id.* at 4 n.2.

*Attorneys' Fees.* Although IPP Class Counsel cannot represent Illinois and Oregon residents, the parties agreed for purposes of resolving their dispute over the Chunghwa settlement that the amount deducted for the IPP's attorneys' fees shall be 25% for work done in negotiating the original settlement. Therefore, for purposes of determining the Illinois and Oregon shares, the $10,000,000 Chunghwa settlement should be reduced by 25%, resulting in $7,500,000.

*Interest.* For the sake of quickly resolving this matter, and because the *pro rata* amount of any additional interest earned by the two states is likely minimal, Illinois and Oregon agree to forgo any interest earned after November 30, 2018 for purposes of this motion. Illinois and Oregon have agreed with the IPP Class Counsel that the amount of net interest to be added to the Net Settlement Fund for purposes of this calculation is $130,375, increasing the Net Settlement Fund to $7,630,375.

*Reimbursement of Expenses and Costs.* The definition of "Net Settlement Fund" in the August 9 Order allows for a "$2.5 million costs set-aside." Special Master Quinn already rejected the IPP Class Counsel's request to reduce the Chunghwa Net Settlement Fund by the full $2.5

STATE OF ILLINOIS', STATE OF OREGON'S, AND CHUNGHWA PICTURE TUBE LTD.'S MOTION TO DISBURSE THE ILLINOIS AND OREGON SHARES OF THE CHUNGHWA SETTLEMENT FUNDS
(Master File No. CV-07-5944-JST)

STATE OF ILLINOIS', STATE OF OREGON'S, AND CHUNGHWA PICTURE TUBE LTD.'S MOTION TO DISBURSE THE ILLINOIS AND OREGON SHARES OF THE CHUNGHWA SETTLEMENT FUNDS
(Master File No. CV-07-5944-JST)

5

million. ECF No. 4445. Instead, Special Master Quinn recommended that "litigation expenses be apportioned pro rata between the Chunghwa class and the overall class so that the $2.5 million set-aside be charged only with any Chunghwa-specific expenses and a pro rata share of general litigation expenses." ECF No. 4445 at 7. IPP Class Counsel represents that this amount is $132,369 of the total expense award of $7,634,372.50. ECF No. 4486 at 2. Illinois and Oregon accept IPP Class Counsel's representation for purposes of this motion. As a result, Illinois and Oregon agree that the Net Settlement Fund can be further reduced to $7,498,006 for purposes of calculating the Illinois and Oregon shares.

*Notice Costs*. In the August 9 Order, the definition of "Net Settlement Fund" states that the $2.5 million costs set-aside includes "the costs of giving notice to class members and administration of the settlement fund." However, there is no justification for requiring the residents of Illinois and Oregon to subsidize IPP Class Counsel's notice of their class settlement, which explicitly does not include either state. Indeed, IPP Class Counsel's notice explicitly excludes the residents of Illinois and Oregon from the IPP settlement. *See* Ex. A at 6 ("Residents of Illinois, Oregon and Washington are excluded from the Nationwide Class because the Attorneys General of those states are suing the Defendants on behalf of residents of those states."). Based on Special Master Legge's finding, IPP Class Counsel knew they had no authority to settle anything on behalf of Illinois and Oregon residents before any notice was published. ECF No. 970. Illinois and Oregon residents should not have to subsidize the cost of these notices simply because IPP Class Counsel incorrectly sought to act on behalf of Illinois and Oregon residents.

**STATE OF ILLINOIS', STATE OF OREGON'S, AND CHUNGHWA PICTURE TUBE LTD.'S MOTION TO DISBURSE THE ILLINOIS AND OREGON SHARES OF THE CHUNGHWA SETTLEMENT FUNDS**
(Master File No. CV-07-5944-JST)

6

And, as this Court recognized in its Order Granting Final Approval, the Attorneys General of Illinois and Oregon are responsible for distributing their shares of the Chunghwa settlement to residents of Illinois and Oregon:

> Some aspects of the allocation plan have already been finally approved by this Court. Under the Chunghwa Settlement . . . The Attorneys General of Illinois and Oregon will be allocated 8.59% and 2.37% of the Net Settlement Fund, respectively. The Attorneys General [of Illinois and Oregon] will distribute these monies to residents of Illinois and Oregon, with the remaining funds distributed to claimants in the other 22 states.

ECF No. 5040. Illinois and Oregon have incurred and continue to incur substantial costs associated with publicizing notice of the settlements reached in their respective CRT cases and administering their claims processes. None of these costs have been paid out of the Chunghwa settlement fund. This is consistent with Special Master Legge's decision: the $10,000,000 Chunghwa settlement fund includes separate settlements between Chunghwa and Illinois and Oregon on the one hand and Chunghwa and the IPP class on the other hand. The class money is not being used to pay for the notice costs of Illinois and Oregon and Illinois and Oregon residents' money should not be paying for the notice costs of the IPP class.

### D. Conclusion

Based on the adjustments discussed above, for purposes of calculating the Illinois and Oregon shares, the Chunghwa Net Settlement Fund is $7,498,006 The Court should order IPP Class Counsel to disburse $644,079 (8.59%) to Illinois and $177,703 (2.37%) to Oregon. The shares are easily calculable now and should be sent to Illinois and Oregon for distribution with the settlement funds obtained in the Illinois and Oregon cases.

Dated: December 21, 2018                                Respectfully submitted,

                                                        LISA MADIGAN,

**STATE OF ILLINOIS', STATE OF OREGON'S, AND CHUNGHWA PICTURE TUBE LTD.'S MOTION TO DISBURSE THE ILLINOIS AND OREGON SHARES OF THE CHUNGHWA SETTLEMENT FUNDS**
(Master File No. CV-07-5944-JST)

Illinois Attorney General

By: /s/ Blake L. Harrop
Blake L. Harrop
Chief, Antitrust Bureau
Office of the Illinois Attorney General
100 W. Randolph Street
Chicago, Illinois 60601
(312) 814-1004
bharrop@atg.state.il.us

ELLEN R. ROSENBLUM,
Oregon Attorney General

By: /s/ Tim D. Nord
Tim D. Nord
Special Counsel
Oregon Department of Justice
1162 Court Street NE
Salem, Oregon 97301
(503) 934-4400
Tim.D.Nord@doj.state.or.us


 /s/ Rachel S. Brass
Rachel S. Brass
Gibson Dunn
555 Mission St., Ste 3000
San Francisco, CA 94105
(415) 393-8293
rbrass@gibsondunn.com

*Counsel for Chunghwa Picture Tubes, Ltd.*

**STATE OF ILLINOIS', STATE OF OREGON'S, AND CHUNGHWA PICTURE TUBE LTD.'S MOTION
TO DISBURSE THE ILLINOIS AND OREGON SHARES OF THE CHUNGHWA SETTLEMENT FUNDS**
(Master File No. CV-07-5944-JST)