Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for*
*Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO STATE OF ILLINOIS', STATE OF OREGON'S, AND CHUNGHWA PICTURE TUBES, LTD.'S MOTION TO DISBURSE THE ILLINOIS AND OREGON SHARES OF THE CHUNGHWA SETTLEMENT FUNDS**<br><br>Hearing Date: January 31, 2019<br>Time: 2:00 p.m.<br>Judge: Honorable Jon S. Tigar<br>Court: Courtroom 9, 19th Floor |

The Indirect Purchaser Plaintiffs ("IPPs") hereby respond to the State of Illinois', State of Oregon's, and Chunghwa Picture Tubes, Ltd.'s Motion to Disburse the Illinois and Oregon Shares of the Chunghwa Settlement Funds, ECF No. 5365 (the "Motion").

**INTRODUCTION**

IPPs have always proposed that Illinois and Oregon claimants would receive pro rata shares of the Chunghwa settlement fund. *See* ECF No. 944 at 6-8. The only reasons that Illinois and Oregon have not received those pro rata shares before now are: (1) the calculation of the Chunghwa settlement's share of general litigation expenses is not final due to the pending appeals; and (2) Illinois and Oregon have never previously requested that the funds be distributed to them.

As discussed below, IPPs propose payment to Illinois and Oregon of a large portion of their pro rata shares of the Chunghwa settlement funds now, and once the Chunghwa settlement's pro rata share of general litigation expenses can be calculated, additional distributions can be made to Illinois and Oregon.

In addition, IPPs disagree with Illinois' and Oregon's position that they should not share in the cost of giving notice of the Chunghwa settlement, because that position is at odds with the agreed-upon August 9 Order. Illinois and Oregon residents received notice of the Chunghwa settlement and benefited from it; they should therefore share in the cost of providing that notice.

**ARGUMENT**

**I.      Illinois And Oregon Cannot Receive The Full Requested Amounts At This Time Because The Chunghwa Net Settlement Fund Amount Is Not Yet Final**

Illinois and Oregon assert that "[t]he amounts of the Chunghwa settlement owed to Illinois and Oregon are easily calculable at this time" (Motion at 1), and request that the Court order the disbursement of $644,079 (8.59% of $7,498,006) to Illinois and $177,703 (2.37% of $7,498,006) to Oregon. *Id.* at 7. Unfortunately, however, the amounts owed to Illinois and Oregon are not calculable at this time. The calculation of the Chunghwa Net Settlement Fund to which Illinois' and Oregon's percentage shares must be applied is not final because it is impacted by the appeals currently pending before the Ninth Circuit. Specifically, the Chunghwa settlement's "pro rata share of general litigation expenses" may change if approval of the other settlements is reversed on

appeal.[1] Therefore, while IPPs do not oppose the disbursement of the main portion of the funds to Illinois and Oregon at this time, they cannot support the disbursement of the amounts requested in the Motion.

In 2011, the Court ordered that the Chunghwa "Net Settlement Fund means the $10,000,000 settlement amount, plus interest, minus 25% for attorneys' fees, reimbursement of expenses, $2.5 million for a costs set-aside, including the cost of giving notice to class members and administration of the settlement fund, all of which shall be subject to Court approval. The Net Settlement Fund shall be no less than $5 million." August 9 Order, p. 4 n. 2.

In 2016, however, Special Master Quinn ruled that, given the existence of the other seven settlements, it would be unfair to charge the Chunghwa settlement with the full $2.5 million set aside for costs. ECF No. 4443 at 6. Instead, the Special Master ruled it "more appropriate to allocate total litigation costs in proportion to the $10 million Chunghwa settlement amount and the remaining overall settlement amount of $566 million[,]" and recommended that the Chunghwa settlement be "charged only with any Chunghwa-specific expenses and a pro rata share of general litigation expenses." *Id*. IPP Counsel calculated the Chunghwa settlement's pro rata share of the $7,634,372.50 in general litigation expenses to be $132,369. ECF No. 4953 at 1, n.1.[2]

This Court's Order granting final approval of the other settlements in this case (ECF No. 4712), its Order awarding attorneys' fees and reimbursement of litigation expenses (ECF No. 4740), and its Order granting final approval of the Chunghwa plan of distribution (ECF No. 5040) are on appeal before the Ninth Circuit. The outcome of these appeals is uncertain. It is possible that the Court's approval of the other settlements will be reversed by the Ninth Circuit, which would mean the fee award and total litigation expense award would also be reversed. On remand, IPPs may not settle with the other defendants for the same amounts, and the total litigation expenses may change if

---

[1] The Chunghwa settlement itself is not on appeal because it is already final. *See* ECF No. 1105.

[2] This was computed by taking the Chunghwa Settlement Amount ($10 million) as a percentage of the total Settlement Amount ($576.75 million), which equals 1.73385%. 1.73385% of the $7,634,372.50 in total litigation expenses equals $132,369.

2
INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO STATE OF ILLINOIS', STATE OF OREGON'S, AND CHUNGHWA PICTURE TUBES, LTD.'S MOTION TO DISBURSE THE ILLINOIS AND OREGON SHARES OF THE CHUNGHWA SETTLEMENT FUNDS - Master File No. CV-07-5944-JST

additional litigation ensues.  In this event, the Chunghwa settlement's pro rata share of the total settlements will change and its pro rata share of the expense award will change.

Given that Chunghwa's pro rata share of litigation expenses may change, thereby altering Illinois' and Oregon's share of the Net Settlement Fund, IPPs propose interim distributions to Illinois and Oregon based on their percentage shares of the minimum $5 million Net Settlement Fund plus interest.  *See* August 9 Order at p. 4, n. 4 (providing for maximum deductions of $2.5 million for attorneys' fees and $2.5 million for costs, and that "[t]he Net Settlement Fund shall be no less than $5 million.").  The initial allocations to Illinois and Oregon would therefore be $437,496.22 (8.59% of $5 million plus interest) and $120,706.17 (2.37% of $5 million plus interest), respectively.[3]  If and when the other settlements become final, and Chunghwa's pro rata share of the total litigation expenses becomes final, additional distributions to Illinois and Oregon would be made.

**II.     Illinois And Oregon Residents Should Pay Their Share Of The Chunghwa Notice Costs**

IPPs disagree with Illinois' and Oregon's position that they should not share in the cost of giving notice of the Chunghwa settlement (Motion at 6-7), because their position is at odds with the agreed-upon August 9 Order.  The August 9 Order clearly provides that notice costs will be deducted from the Chunghwa settlement fund *before* the pro rata shares for each of the states are calculated. *See* August 9 Order at 4 n.2 and ¶ 10.

As Illinois' and Oregon's Motion concedes, moreover, the August 9 Order memorialized the agreement of the parties.  *See* Motion at 4 ("Illinois, Oregon, Chunghwa and IPP Class Counsel eventually agreed to a stipulation memorialized by Court order on August 9, 2011, ECF No. 992"). In other words, Illinois and Oregon previously agreed that notice costs would be deducted before their shares are calculated.

In addition, it is only fair that Illinois and Oregon residents should share in the costs of providing notice of the Chunghwa settlement since providing notice was necessary to get the

---

[3] These allocations are calculated by applying Illinois' and Oregon's percentage shares to the minimum $5 million Net Settlement Fund plus interest totaling $93,087.49 as of November 30, 2018: 8.59% of $5,093,087.49 equals $437,496.22, and 2.37% of $5,093,087.49 equals $120,706.17.

3

INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO STATE OF ILLINOIS', STATE OF OREGON'S, AND CHUNGHWA PICTURE TUBES, LTD.'S MOTION TO DISBURSE THE ILLINOIS AND OREGON SHARES OF THE CHUNGHWA SETTLEMENT FUNDS - Master File No. CV-07-5944-JST

1  settlement approved, and they are beneficiaries of the settlement—just like class members in the
2  other states.  Otherwise, class members in the other 22 states will be paying Illinois' and Oregon's
3  share of the notice costs.  As this Court held in 2016, "[o]rdinarily, the class or subclass that receives
4  notice of a settlement reimburses the cost of that notice from the settlement fund."  ECF No. 4712 at
5  33.

6  Illinois and Oregon provide the following reasons for their changed position regarding notice
7  costs: (1) IPPs should not have sought to represent Illinois and Oregon in the first place[4]; (2) Illinois
8  and Oregon are expressly excluded from the Nationwide Class; (3) Illinois and Oregon are
9  responsible for distributing their shares of the Chunghwa settlement to residents of those states; and
10 (4) Illinois and Oregon have incurred substantial costs giving notice of the settlements in their
11 respective state cases, which costs have not been paid out of the Chunghwa settlement fund.  Motion
12 at 6-7.  But after careful consideration, IPPs do not believe that any of these reasons justifies shifting
13 Illinois' and Oregon's share of the notice costs to class members in the other states.

14 The fact that Illinois and Oregon residents were represented by their Attorneys General for
15 the purposes of the Chunghwa settlement and were excluded from the Nationwide Class does not
16 mean that they did not receive notice of the Chunghwa settlement, and benefit from that notice,
17 along with class members in the other states.  Notice was a condition precedent to approval of the
18 Chunghwa settlement and the receipt of settlement funds by Illinois and Oregon—just like class
19 members in the other 22 states.  Similarly, the fact that Illinois and Oregon are responsible for
20 distributing the funds to their residents has no bearing on whether they received and/or benefited
21 from the notice.

22 Finally, in pointing to the costs that Illinois and Oregon have incurred in giving notice of the
23 settlements in their state cases, Illinois and Oregon suggest that they have separately given notice of

---

[4] IPPs respectfully disagree with this assertion.  IPPs included Illinois and Oregon in the Chunghwa settlement class because IPPs believed they had a colorable basis to do so under the United States Supreme Court's decision in *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.,* 559 U.S. 393 (2010).  *See* ECF No. 944 at 4-6 (arguing that the limitations in those states' statutes regarding who could represent indirect purchasers conflicted with Rule 23 and that therefore, in this diversity case in federal court, Rule 23 applied).

the IPP Chunghwa settlement to residents of Illinois and Oregon.  Motion at 7.  But the notices available on their respective websites make no mention of the IPP Chunghwa settlement.[5]  If the 2011 notice of the IPP Chunghwa settlement (given by IPPs) was the only notice received by Illinois and Oregon residents, then it was indisputably necessary for Illinois and Oregon's settlements with Chunghwa and their receipt of the Chunghwa funds.  Because Illinois and Oregon residents benefited from the notice, they should therefore pay their fair share of the notice costs.

## CONCLUSION

IPPs do not object to Illinois and Oregon receiving most of their shares of the Chunghwa Net Settlement Fund now.  But given that the calculation of the Chunghwa Net Settlement Fund is not final, IPPs propose that the Court order initial allocations to Illinois and Oregon of $437,496.22 and $120,706.17, respectively, based on the minimum $5 million Net Settlement Fund provided for in the August 9 Order.

Dated:  January 4, 2019                                   Respectfully submitted,

                                                          */s/ Mario N. Alioto*

Mario N. Alioto (56433)
malioto@tatp.com
Joseph M. Patane (72202)
jpatane@tatp.com
Lauren C. Capurro (241151)
laurenrussell@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415-346-0679

*Lead Counsel for Indirect Purchaser Plaintiffs*

---

[5] *See* Illinois Notice available at http://www.illinoiscrtsettlement.com/media/1196826/v4_icr_notice_113017.pdf  (accessed Dec. 20, 2018); Oregon Notice available at  http://www.oregonscreensettlement.com/docs/Notice_2.15.18.pdf (accessed Dec. 20, 2018).