Blake L. Harrop
Chief, Antitrust Bureau
Illinois State Bar No. 3127180
Office of the Illinois Attorney General
100 W. Randolph Street
Chicago, Illinois 60601
(312) 814-1004 (phone)
(312) 814-4209 (fax)
bharrop@atg.state.il.us
*Counsel for the State of Illinois*

Tim D. Nord
Special Counsel
OSB #882800
Oregon Department of Justice
1162 Court Street NE
Salem, Oregon 97301
(503) 934-4400
Tim.D.Nord@doj.state.or.us
*Counsel for the State of Oregon*

Rachel S. Brass
Gibson Dunn
Bar No. 219301
555 Mission St., Ste 3000
San Francisco, CA 94105
(415) 393-8293
rbrass@gibsondunn.com
*Counsel for Chunghwa Picture Tubes, Ltd.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Master File No. CV-07-5944-JST<br>MDL No. 1917<br><br>**STATE OF ILLINOIS', STATE OF OREGON'S AND CHUNGHWA PICTURE TUBE LTD.'S REPLY IN SUPPORT OF MOTION TO DISBURSE THE ILLINOIS AND OREGON SHARES OF THE CHUNGHWA SETTLEMENT FUNDS**<br><br>Date:   January 31, 2019<br>Time:   2:00 p.m.<br>Court:  Courtroom 9, 19th Floor<br>Judge:  Hon. Jon S. Tigar |

In 2011, IPP Class Counsel had erroneously asserted that they could represent the residents of Illinois and Oregon. After the two states challenged this position, IPP Class Counsel eventually conceded representation to the Oregon Attorney General, but they pressed the

argument as to Illinois. The issue was referred to Special Master Legge, who clearly rejected IPP Class Counsel's arguments. IPP Class Counsel did not challenge the Special Master's decision and therefore forfeited any claim that they represent Illinois and Oregon residents. Nevertheless, even after Special Master Legge's decision, IPP Class Counsel kept all of the Chunghwa settlement money.

IPP Class Counsel's current positions opposing a complete distribution of the Illinois and Oregon shares and requesting that Illinois and Oregon pay for the Chunghwa IPP Class notice are based on the flawed assumption that the funds at issue are part of an IPP Class settlement. Despite Special Master Legge's instruction that IPP Class Counsel cannot represent the residents of Illinois and Oregon, IPP Class Counsel still wrongly believe that they may use the money obtained by Illinois and Oregon in settlement with Chunghwa and to pay for expenses they incurred on behalf of the IPP Class. There is no reason to delay the disbursement of the Illinois and Oregon shares of the settlement with Chunghwa and Illinois and Oregon residents should not be required to pay for a notice which provided no benefit to them.

## ARGUMENT

I. **The disbursement of the entire amounts of the Illinois and Oregon shares of the Chunghwa settlement should not be delayed.**

IPP Class Counsel's proposal to pay some portion of the Illinois and Oregon shares now and another portion later is impractical and unnecessary. Illinois and Oregon have resolved their separate CRT cases and Illinois and Oregon residents have already filed claims to participate in the States' settlements. Illinois and Oregon are poised to distribute CRT settlement funds early this year. Delaying the payment of Illinois' and Oregon's entire shares may require the states to incur the costs of making two separate distributions to CRT claimants. For Illinois, a second

STATE OF ILLINOIS', STATE OF OREGON'S, AND CHUNGHWA PICTURE TUBE LTD.'S REPLY IN SUPPORT OF MOTION TO DISBURSE THE ILLINOIS AND OREGON SHARES OF THE CHUNGHWA SETTLEMENT FUNDS
(Master File No. CV-07-5944-JST)

2

distribution would result in miniscule recovery amounts per claimant and would further postpone fully compensating its injured residents.

IPP Class Counsel's two-tiered distribution proposal is unnecessary because the Illinois and Oregon settlements with Chunghwa are not part of the IPP Class settlement, so any issue now pending before the Ninth Circuit regarding the IPP Class settlements have no bearing on Illinois or Oregon. Moreover, as IPP Class Counsel admits, the approval of the Chunghwa IPP settlement itself is not on appeal and is therefore final. *See* ECF No. 5366, at 2 n.1.

**II.    Illinois' and Oregon's proposed calculation of expenses is reasonable regardless of the outcome of any issues on appeal before the Ninth Circuit.**

In 2011, after Special Master Legge's decision that IPP Class Counsel has no authority to represent Illinois and Oregon residents, IPP Class Counsel refused to return the Illinois and Oregon shares of the $10 million Chunghwa settlement, arguing that they were entitled to some type of *quantum meruit* recovery for their work in negotiating the settlement. Illinois and Oregon agreed to a 25% attorneys' fee to reflect that work. IPP Class Counsel further insisted that they incurred additional expenses in those negotiations. To resolve the dispute, Illinois and Oregon agreed that, upon a reasonable showing of such expenses, they could be deducted on a *pro rata* basis from the Illinois and Oregon shares as well.

IPP Class Counsel have not provided Illinois and Oregon with a reasonable showing of those additional expenses. To expedite the resolution of this issue, Illinois and Oregon have proposed to allow IPP Class Counsel to deduct the Chunghwa settlement's share of *total* expenses. IPP Class Counsel claim that even this is not enough to account for expenses because a decision by the Ninth Circuit might reduce the overall settlements, resulting in an increase of the Chunghwa settlement's *pro rata* share. But even if the amounts of the IPP settlements are

STATE OF ILLINOIS', STATE OF OREGON'S, AND CHUNGHWA PICTURE TUBE LTD.'S REPLY IN SUPPORT OF MOTION TO DISBURSE THE ILLINOIS AND OREGON SHARES OF THE CHUNGHWA SETTLEMENT FUNDS
(Master File No. CV-07-5944-JST)

3

eventually reduced, Illinois' and Oregon's proposal is generous to the IPP Class because it accounts for *eleven years* of litigation expenses while the Chunghwa settlement occurred in the first two years of the litigation. In short, there is no realistic chance the Illinois' and Oregon's proposed compromise does not fully protect the IPP Class.

More importantly, IPP Class Counsel's position wrongly assumes that Illinois and Oregon were part of the IPP Class settlement with Chunghwa. Special Master Legge made clear that Illinois and Oregon were not, and could not be, part of the IPP Class. As a result, any decision in the Ninth Circuit about the class settlements does not affect the money owed to Illinois and Oregon for their residents. Once IPP Class Counsel decided not to appeal Judge Legge's decision, Illinois and Oregon residents were no longer in the IPP Class and the IPP Class settlements would not benefit them. Thus, Illinois and Oregon residents could not benefit from any post-Chunghwa-settlement expenses undertaken for the IPP Class and should not have to pay some share of those expenses.

If the Ninth Circuit upholds the other IPP settlements, IPP Class Counsel must concede that there would be no effect on the Illinois and Oregon shares. If the Ninth Circuit strikes down the other IPP settlements, that decision would not require Illinois and Oregon residents to pay additional costs to the IPP Class because Illinois' and Oregon's proposal more than accounts for any expenses incurred to facilitate the Chunghwa settlement.

### III. Illinois and Oregon residents should not pay for the publication of a notice that provided no benefit to them.

IPP Class Counsel apparently believe that having the IPP Class settlement with Chunghwa approved early was a benefit to Illinois and Oregon residents that justifies requiring the residents of those two states to pay for the Chunghwa-specific notice. But they do not say what the benefit

STATE OF ILLINOIS', STATE OF OREGON'S, AND CHUNGHWA PICTURE TUBE LTD.'S REPLY IN SUPPORT OF MOTION TO DISBURSE THE ILLINOIS AND OREGON SHARES OF THE CHUNGHWA SETTLEMENT FUNDS
(Master File No. CV-07-5944-JST)

4

was. All that final approval of the Chunghwa settlement achieved was to allow IPP Class Counsel to continue to keep all of the Chunghwa funds, delaying their distribution to Illinois and Oregon. If IPP Class Counsel would have waited to provide a single class notice after other settlements had been achieved, it would have minimized the cost of giving notice. While early approval of the settlement allowed IPP counsel access to the money to fund the class litigation, the class litigation gave no recovery to Illinois or Oregon residents.

Moreover, as demonstrated by the notice attached to the opening brief, Illinois and Oregon residents were never permitted to file a claim and participate in the Chunghwa settlement with the IPP Class. Illinois and Oregon residents should not be required to subsidize the cost of giving notice to a class that expressly excludes the residents of both states.

Finally, IPP Class Counsel argue that Illinois and Oregon should pay for the IPP Class notice of the Chunghwa settlement because the Illinois and Oregon notices identified only the defendants in each case, and not Chunghwa. Illinois and Oregon published their own notices because they filed separate CRT conspiracy cases that were not class actions. The Illinois and Oregon Attorneys General represent the indirect purchasers in their states pursuant to their authority as *parens patriae*. In *parens patriae* actions, only the State is the plaintiff, so class action procedures do not apply. *See Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847-48 (9th Cir. 2011); *LG Display Co. v. Madigan*, 665 F.3d 768, 771-72 (7th Cir. 2011). There are no formal notice requirements for *parens patriae* antitrust actions, but Illinois and Oregon published notice in their cases (at their own expense) to allow residents to either opt out of the cases (which in the Illinois case were ongoing because not all of the defendants had settled) or file a claim to share in the total recoveries after all the defendants had settled or additional money was recovered as a result of litigation.

**STATE OF ILLINOIS', STATE OF OREGON'S, AND CHUNGHWA PICTURE TUBE LTD.'S REPLY IN SUPPORT OF MOTION TO DISBURSE THE ILLINOIS AND OREGON SHARES OF THE CHUNGHWA SETTLEMENT FUNDS**
(Master File No. CV-07-5944-JST)

5

Of course, since Chunghwa settled before either suit was filed, it was in fact never a defendant in the Illinois and Oregon cases, and therefore not listed as a defendant in the notices. The Illinois and Oregon notices allowed an indirect purchaser to either stay in or opt out of each of the cases – they did not contemplate or permit an indirect purchaser to participate in the settlement as to some defendants and not others. In the incredible situation where an Illinois or Oregon resident wished to sue Chunghwa alone, that resident would still have to opt out of the entire case to do so. No one opted out of the Illinois case and only one individual opted out of the Oregon case.

### IV.  Conclusion

Both Illinois and Oregon are preparing to distribute the recoveries from the settlements achieved in their own state cases. IPP Class Counsel's suggestion that some portion of the funds be withheld for later distribution would make it economically infeasible to send the later-distributed funds to Illinois residents injured by the conspiracy. There is no reason to create this problem. The marginal expenses incurred by IPP Class Counsel in negotiating the Chunghwa settlement became a determined amount seven years ago and Illinois' and Oregon's offer for purposes of this motion to allow deduction of the Chunghwa share of the total expenses for the litigation is generous to the IPP Class. Finally, it is unfair for Illinois and Oregon residents to bear the costs of the Chunghwa IPP settlement notice because it provided no benefit to them. Illinois and Oregon residents are already bearing the costs of the notices provided by the Illinois and

STATE OF ILLINOIS', STATE OF OREGON'S, AND CHUNGHWA PICTURE TUBE LTD.'S REPLY IN SUPPORT OF MOTION TO DISBURSE THE ILLINOIS AND OREGON SHARES OF THE CHUNGHWA SETTLEMENT FUNDS
(Master File No. CV-07-5944-JST)

Oregon Attorneys General, which were the only notices provided that allowed them to recovery for the injuries they suffered from the CRT conspiracy.

Dated: January 11, 2019

Respectfully submitted,

LISA MADIGAN,
Illinois Attorney General

By: /s/ Blake L. Harrop
Blake L. Harrop
Chief, Antitrust Bureau
Office of the Illinois Attorney General
100 W. Randolph Street
Chicago, Illinois 60601
(312) 814-1004
bharrop@atg.state.il.us

ELLEN R. ROSENBLUM,
Oregon Attorney General

By: /s/ Tim D. Nord
Tim D. Nord
Special Counsel
Oregon Department of Justice
1162 Court Street NE
Salem, Oregon 97301
(503) 934-4400
Tim.D.Nord@doj.state.or.us

/s/ Rachel S. Brass
Rachel S. Brass
Gibson Dunn
555 Mission St., Ste 3000
San Francisco, CA 94105
(415) 393-8293
rbrass@gibsondunn.com

*Counsel for Chunghwa Picture Tubes, Ltd.*

**STATE OF ILLINOIS', STATE OF OREGON'S, AND CHUNGHWA PICTURE TUBE LTD.'S REPLY IN SUPPORT OF MOTION TO DISBURSE THE ILLINOIS AND OREGON SHARES OF THE CHUNGHWA SETTLEMENT FUNDS**
(Master File No. CV-07-5944-JST)

...

**ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from Tim Nord and Rachel Brass.

By:    /s/ Blake L. Harrop
         Blake L. Harrop
         *Counsel for the State of Illinois*

**STATE OF ILLINOIS', STATE OF OREGON'S, AND CHUNGHWA PICTURE TUBE LTD.'S REPLY IN SUPPORT OF MOTION TO DISBURSE THE ILLINOIS AND OREGON SHARES OF THE CHUNGHWA SETTLEMENT FUNDS**
(Master File No. CV-07-5944-JST)

8