Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 788-7210
Facsimile: (415) 788-0706
Email: fos@scarpullalaw.com
       pbc@scarpullalaw.com

Paul B. Justi (124727)
LAW OFFICES OF PAUL B. JUSTI
1981 North Broadway, Suite 250
Walnut Creek, CA 94596
Telephone: (925) 256-7900
Facsimile: (925) 256-9204
Email: pbjusti@comcast.net

Counsel for Objector Dan L. Williams & Co.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **OPPOSITION TO MOTION TO INTERVENE** |
| All Indirect-Purchaser Actions | Hearing Date: Feb. 28, 2019<br>Time: 2:00 p.m.<br>Courtroom: 9, 19th Floor<br>Judge: Hon. Jon S. Tigar |

OBJECTOR'S OPPOSITION TO MOTION TO INTERVENE
Case No. 3:07-cv-5944, MDL No. 1917

# I
# INTRODUCTION

Douglass King and George Feldman ("Intervenor Plaintiffs"), who are members of the state-wide Michigan indirect-purchaser class previously certified on September 24, 2013 (Dkt. No. 1950) and who received notice of the certification and settlements beginning in July 2015 (Dkt. No.3906), now seek to intervene in this proceeding. The motion appears to be a prelude to these plaintiffs making a "Proposal" for additional or new Class Counsel to protect their fellow Michigan class members – and all other classes – from the previously-appointed Class Counsel, who face disabling conflicts. Motion to Intervene, at pp. 8 – 9, 12 (Dkt. No. 5368).

These two Michigan class members seek to intervene some three-and-a-half years after receiving Notice of the state-wide settlements and the plan of allocation, the problems with which form the basis of the Intervenor Plaintiffs' contemplated challenges to Class Counsel. These very issues – *i.e.*, inclusion of claims released for no compensation, and inadequate representation – and others are the subject of appeals filed by various objectors, including Objector Dan L. Williams & Co., now submitted and pending decision by the Ninth Circuit.

Even though Intervenor Plaintiffs did not raise their concerns years ago when other class members objected to the settlements and allocation, as explained below, these members of a certified class may participate in these proceedings simply by appearing through counsel. Thus, intervention under Rule 24 is unnecessary and inappropriate, and on that basis, Objector Dan L. William & Co. opposes the motion.

# II
# APPLICABLE RULES OF CIVIL PROCEDURE

Rather than simply file an appearance of counsel, Intervenor Plaintiffs seek mandatory or permissive intervention pursuant to Rule 24(a)(2) and (b)(1)(B) of the Federal Rules of Civil Procedure.

Rule 24(a)(2) provides for intervention as of right, but only if the prospective intervenor "… claims an interest relating to the property or transaction that is the subject of the action, and is

so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

Rule 24(b)(1)(B) provides for permissive intervention where, "[o]n timely motion," the prospective intervenor shows that he or she "has a claim or defense that shares with the main action a common question of law or fact." Under either procedure for intervention, Rule 24(c) requires that the motion "be accompanied by a pleading that sets out the claim or defense for which intervention is sought."

Separately, Rule 23 directs that notice of a class certified under subsection (b)(3) (*i.e.*, an "opt-out" class such as the Michigan statewide damages class certified here) inform class members, among other things, "that a class member may enter an appearance through an attorney if the member so desires." Rule 23(c)(2)(B)(iv).

Additionally, Rule 23 permits the Court overseeing a purported class action to direct that notice be given at any time during the proceedings of "the members' opportunity to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or to otherwise come into the action." Rule 23(d)(1)(B)(iii).

### III
### ARGUMENT

A.  <u>Intervention is Unnecessary</u>.

Because Rule 23(c)(2)(B)(iv) permits a class member to appear through that class member's own attorney, intervention under Rule 24 is unnecessary for the Intervenor Plaintiffs to come into this action. The Intervenor Plaintiffs are free to enter their appearances of counsel and wait for the Ninth Circuit to rule on the already-submitted appeals, after which the Intervenor Plaintiffs can be heard on any motion they wish to file in this Court.

The provisions of Rule 23(d)(1)(B)(iii), which make reference to intervention, are inapplicable because a class has already been certified. *See, e.g., Volkman v. United Transp. Union*, 826 F. Supp. 1253, 1255 (D. Kan. 1993) (denying intervention motion by members of certified class, "since movants are already parties to this action.").

B. <u>Rule 24 Intervention is Inappropriate</u>.

Given the procedural status of this action neither as-of-right nor permissive intervention is appropriate or warranted.

First of all, the motion to intervene as of right is untimely because it has been three-and-a-half years since the settlements and plan of allocation, identified as problems by the Intervenor Plaintiffs in their motion, were the subject of a Court-ordered notice program.

Second, because the very issues that prompt Intervenor Plaintiffs to seek intervention as of right are on appeal, this Court has no jurisdiction over those issues and therefore should not order intervention to permit Intervenor Plaintiffs an attempt to rectify them, as that will be accomplished in the Ninth Circuit. *See Hurley v. Van Lare*, 365 F. Supp. 186, 196 (S.D.N.Y. 1973) ("where a suit has been designated a class action, admitting intervenors *who raise no new issues* and who fall within the class merely clutters the action unnecessarily." (emphasis in original)) *rev'd on other grounds*, 497 F.2d 1208.

In addition to both the timeliness and jurisdictional issues raised above, a further reason why such intervention should be denied is because the motion was not accompanied by a pleading – *e.g.*, a complaint in intervention – setting out the claims for which intervention is sought. Rule 23(d)(1)(B)(iii).

///

///

///

# IV
# CONCLUSION

For all of the above-stated reasons, Dan L. Williams & Co. respectfully suggests that the Intervenor Plaintiffs simply appear through their counsel and then await a ruling by the Ninth Circuit, after which they are free to file any appropriate motions they wish. That being the proper procedure, Dan L. Williams & Co. respectfully requests that Intervenor Plaintiffs' Motion should be denied.

Dated: January 24, 2019              Respectfully submitted,

                                       /s/  Francis O. Scarpulla
                                          Francis O. Scarpulla

                                     Francis O. Scarpulla (41059)
                                     Patrick B. Clayton (240191)
                                     LAW OFFICES OF FRANCIS O. SCARPULLA
                                     456 Montgomery Street, 17th Floor
                                     San Francisco, CA 94104
                                     Telephone: 415-788-7210
                                     Facsimile: 415-788-0706
                                     fos@scarpullalaw.com
                                     pbc@scarpullalaw.com

                                     Paul B. Justi (124727)
                                     LAW OFFICES OF PAUL B. JUSTI
                                     1981 North Broadway, Suite 250
                                     Walnut Creek, CA  94596
                                     Telephone:  (925) 256-7900
                                     Facsimile:   (925) 256-9204
                                     Email:  pbjusti@comcast.net

                                     Counsel to Objector Dan L. Williams & Co.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing **OPPOSITION TO MOTION TO INTERVENE** was filed *via* CM/ECF on January 24, 2019 and as a result has been served on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Francis O. Scarpulla
Francis O. Scarpulla