Brent Caslin (Cal. Bar. No. 198682)
Jenner & Block LLP
633 West Fifth Street
Suite 3600
Los Angeles, California 90071
Telephone:     213 239-5100
Facsimile:      213 239-5199
bcaslin@jenner.com

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
Jenner & Block LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone:     312 222-9350
Facsimile:      312 527-0484
ttruax@jenner.com
mbrody@jenner.com
gfuentes@jenner.com

*Attorneys for Mitsubishi Electric Corporation*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-cv-05944-JST<br>Case No. 17-cv-04067-JST<br><br>MDL No. 1917<br><br>**RESPONSE OF MITSUBISHI ELECTRIC CORPORATION IN OPPOSITION TO MOTION TO INTERVENE** |
| This Document Relates to:<br><br>*Luscher, et al. v. Mitsubishi Electric Corp.,* 17-cv-04067-JST | Hearing Date:  No hearing scheduled<br><br>Courtroom: 9, 19th Floor<br>Judge:  Honorable Jon S. Tigar |

Mitsubishi Electric Corporation ("Mitsubishi Electric"), defendant in *Luscher v. Mitsubishi Electric Corporation* pending in this Court, hereby opposes the motion of Proposed Intervenor Plaintiffs

Douglas King and George Feldman ("Proposed Intervenor Plaintiffs") to intervene to the extent they seek to intervene in the pending *Luscher* action against Mitsubishi Electric.  As shown in this Statement, Proposed Intervenor Plaintiffs fail to state any grounds to intervene in the *Luscher* action.  To the extent the Proposed Intervenor Plaintiffs assert grounds for intervention in the settled Indirect Purchaser Plaintiff ("IPP") actions, and not the *Luscher* action, Mitsubishi Electric takes no position as to such intervention.

## Background

This Court has overseen three separate groups of cases involving indirect purchasers of Cathode Ray Tubes ("CRTs"):  (1) the Original Indirect Purchaser Class Actions, now settled; (2) the Irico Lawsuit; and (3) *Luscher v. Mitsubishi Electric*. The Motion to Intervene discusses – and conflates – these three separate actions.

***The Original Indirect Purchaser Class Actions***.  Beginning in 2007, IPPs sued certain manufacturers of CRTs, other than Mitsubishi Electric, for violations of the Clayton Act and state antitrust laws.  The defendants in these cases include members of the following corporate families: Chunghwa, LG, Philips, Panasonic, Hitachi, Samsung, Thomson, Toshiba, and TDA.

The Original Indirect Purchaser Class Actions were consolidated before the Court, vigorously litigated for years, and ultimately settled.  The settlement of the Original Indirect Purchaser Class Actions involved extensive proceedings before the Court and on appeal.  Those proceedings are ongoing.  The Court referred the settlement to a Special Master, ECF 4077, received the report and recommendation of the Special Master, ECF 4351, and approved the settlements ("the Original Indirect Purchaser Class Action Settlements"), ECF 4712.  Various objectors appealed this Court's approval of these settlements to the Ninth Circuit.  Those appeals remain pending, although the IPPs themselves have asked the Ninth Circuit to remand the matter to this Court so that the prior order may be modified in certain respects.  *In re Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. 16-16368, (ECF 230-1, Jan. 9, 2019).

Mitsubishi Electric is not a party, and was never a party, in the Original Indirect Purchaser Class Actions or the settlement of those actions.

***Lawsuit Against Irico***.  The IPPs also sued Irico, another CRT manufacturer.  Although that lawsuit was filed in 2007 as part of the Original Indirect Purchaser Class Actions, *see* ECF 1, it did not proceed on

the same track as the cases that were resolved in the Original Indirect Purchaser Class Action Settlements. *See* ECF 5214 at 8-10 (DPPs) (in this Statement, page cites within ECF filings refer to the ECF page numbers); 5270 (stipulation between Irico and IPPs).  The Irico case remains pending before this Court.

*Luscher v. Mitsubishi Electric*.  On July 20, 2017, after the Original Indirect Purchaser Class Action Settlements were approved by this Court and were on appeal before the Ninth Circuit, the IPPs, by Brian Luscher, brought a new action against Mitsubishi Electric.  *Luscher v. Mitsubishi Electric Corporation*, No. 17-cv-04067-JST (N.D. Cal.).  With the assistance of Magistrate Judge Corley, the IPPs and Mitsubishi Electric settled the *Luscher* case ("the Mitsubishi Electric IPP Settlement").

As described in this response, the Mitsubishi Electric IPP Settlement is very different than the Original Indirect Purchaser Class Action Settlements.  The parties in the Mitsubishi Electric IPP Settlement have *not* agreed to a nationwide class.  Instead, Mitsubishi Electric and the IPPs have agreed to a settlement class that includes the residents of 31 jurisdictions only.  The residents of the 31 jurisdictions whose claims are being released in the Mitsubishi Electric IPP Settlement are eligible to file claims under the Mitsubishi Electric IPP Settlement.  Unlike the Original Indirect Purchaser Class Action Settlements, in the Mitsubishi Electric IPP Settlement, there are no states in which claims are being released but class members are not eligible to claim benefits.

The IPPs moved for preliminary approval of the Mitsubishi Electric IPP Settlement in *Luscher v. Mitsubishi Electric*.  ECF 5245.  That motion was held in abeyance, and has been administratively terminated without prejudice.  *Luscher*, 17-cv-04067-JST, Order, ECF 14 (N.D. Cal. Aug 28, 2018).  The parties to the motion have been awaiting any guidance that may come from the resolution of appellate proceedings regarding the Original Indirect Purchaser Class Action Settlements before they renew the motion for preliminary approval.

**Motion To Intervene**

On January 11, 2019, Proposed Intervenor Plaintiffs moved to intervene in "all indirect purchaser actions."  ECF 5368 (case caption).  Mindful of the fact that the Original Indirect Purchaser Class Actions are on appeal, which may divest this Court of jurisdiction to entertain a motion to intervene in those cases, the Proposed Intervenor Plaintiffs also referenced the Irico Lawsuit and *Luscher v. Mitsubishi Electric* in

1   their motion as a jurisdictional basis to intervene.  The Proposed Intervenor Plaintiffs assert that this Court

2   has jurisdiction to permit intervention because of these two remaining cases that are pending in this Court.

3   ECF 5368 at 13-14.  The Motion makes no other mention of Mitsubishi Electric or the *Luscher* action,

4   directly or indirectly, and as explained further below, none of the Motion's asserted grounds for

5   intervention applies to the Mitsubishi Electric IPP Settlement in *Luscher*.

6                         **Reasons To Deny The Motion To Intervene In The *Luscher* Action**

7           Mitsubishi Electric takes no position as to whether the Proposed Intervenor Plaintiffs may intervene

8   in the Original Indirect Purchaser Class Actions to raise objections regarding the settlements of those cases.

9   Mitsubishi Electric assumes the Indirect Purchaser Plaintiffs and/or the defendants in those cases will

10  address that issue.  In addition, Mitsubishi Electric takes no position as to whether the settlements of the

11  Original Indirect Purchaser Class Actions were properly approved by this Court or whether they should be

12  modified.  Mitsubishi Electric is not a party to those settlements.

13          Instead, Mitsubishi Electric shows in this response that the Proposed Intervenor Plaintiffs have

14  stated no reason to intervene in the *Luscher* case involving Mitsubishi Electric.  Moreover, the reasons

15  they assert for intervention – all of which relate to the Original Indirect Purchaser Class Action Settlements

16  – have no bearing on the Mitsubishi Electric IPP Settlement, which is very different than the Original

17  Indirect Purchaser Class Action Settlements.  Thus, to the extent intervention is sought in the *Luscher*

18  litigation, Mitsubishi Electric requests the Court deny the motion.

19
20          **1.      The Proposed Intervenor Plaintiffs Assert No Grounds To Intervene In The *Luscher* Action.**

21          Plaintiffs seek to intervene pursuant to Civil Rule of Civil Procedure 24, which requires that a

22  motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets

23  out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).  The Proposed Intervenor

24  Plaintiffs' motion does not contain the required pleading.  It does not state whether Proposed Intervenor

25  Plaintiffs intend to proceed as plaintiffs, object to the Mitsubishi Electric IPP Settlement (assuming an

26  objection could be grounds for intervention), or intervene for some other purpose.

27
28

Mitsubishi Electric recognizes that while Rule 24(c) states an intervenor must file a pleading, Courts have excused the failure to file a pleading in support of a motion to intervene as long as the Court is otherwise apprised of the grounds for intervention. *See Beckman Indus. v. In'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992); *see generally* 6 Moore's Federal Practice § 24.20 (2018).   Here, the Proposed Intervenor Plaintiffs fail to provide any grounds to intervene in *Luscher v. Mitsubishi Electric*.   At the very least, this Court should deny the motion to intervene in the *Luscher* case due to the Proposed Intervenor Plaintiffs' failure to identify any basis for intervention in the *Luscher* lawsuit.

### 2.     The Issues The Motion To Intervene Raises Have Nothing To Do With *Luscher v. Mitsubishi Electric.*

In the Motion to Intervene, Proposed Intervenor Plaintiffs assert grounds for intervention that relate only to the Original Indirect Purchaser Class Action Settlements. ECF 5368 at 15-21.  They complain that lead counsel in those settlements simultaneously represented purchasers in repealer states, omitted repealer states, and non-repealer states, which they assert created a conflict because purchasers in the latter two categories received "no consideration in exchange for the release of their claims." *Id.* at 17.  The Proposed Intervenor Plaintiffs emphasized the position lead counsel took in the Ninth Circuit about the IPPs' inclusion of the omitted repealer states in the release. *Id.* at 18.  The Proposed Intervenor Plaintiffs further complain that lead counsel "failed to represent all class members equally and has placed the interests of class members residing in repealer states that were included in the Certified Class of repealer states above class members in the omitted repealer states and non-repealer states," specifically because "[t]hese latter groups received nothing in exchange for the release of their claims." *Id.* at 20.  As noted above, Mitsubishi Electric takes no position as to the merits of these or any other objection to the Original Indirect Purchaser Class Action Settlements.  In this Statement, however, we explain that these purported defects have nothing to do with the Mitsubishi Electric IPP Settlement and therefore cannot justify intervention in the *Luscher* suit.

*First*, the proposed settlement class in the Mitsubishi Electric IPP Settlement is not a nationwide class, but rather includes residents of 30 states and the District of Columbia.  ECF 5245-1 at 48-50.

*Second*, in the Mitsubishi Electric IPP Settlement, the class members releasing claims and the class members eligible to receive settlement benefits are the same.  For the 31 jurisdictions, the proposed class is defined to encompass CRT purchasers that may have a claim for relief under the law of their jurisdictions. As members of the Settlement Class, residents of these 31 jurisdictions will be eligible to assert claims in the settlement and receive payment based on their purchases of CRTs.  Thus, under the Mitsubishi Electric IPP Settlement, those individuals and businesses whose claims will be released if the settlement is approved are eligible to recover under the settlement.  Critically, the settlement does not call for the release of claims by any individual or business whose claims are not eligible for compensation in the settlement.

*Third,* while the Proposed Intervenor Plaintiffs focus on the three so-called "omitted repealer states" of Massachusetts, Missouri, and New Hampshire to support intervention, there are no "omitted repealer states" in the Mitsubishi Electric IPP Settlement.  Residents of these states are eligible to assert claims in the Mitsubishi Electric IPP Settlement, as permitted under the law of their states.  *Id*.  Those claimants may seek compensation for the claims that are being released.

*Fourth*, while the Proposed Intervenor Plaintiffs complain that residents of non-repealer states released claims without being able to claim compensation, ECF 5368 at 20, that possibility does not arise in the Mitsubishi Electric IPP Settlement.  CRT purchasers in the non-repealer states are not included in the Mitsubishi Electric IPP Settlement class, and thus they have not released any claims.  Because the classes and the release are limited to those states eligible for compensation, residents of non-repealer states are *not* subject to any release in the Mitsubishi Electric IPP Settlement.

Accordingly, there is no intra-class conflict in the Mitsubishi Electric IPP Settlement.  None of the Proposed Intervenor Plaintiffs' intervention arguments applies to the Mitsubishi Electric IPP Settlement. As a result, there is no connection between the supposed grounds to intervene stated in the Motion to Intervene and the *Luscher* case.  The reasons for intervention the Proposed Intervenor Plaintiffs assert concern other cases, in which Mitsubishi Electric is not a party.  Whatever the Court decides regarding the right of the Proposed Intervenor Plaintiffs to participate in the Original Indirect Purchaser Class Actions or the Irico Lawsuit, that reasoning has no bearing on the Mitsubishi Electric IPP Settlement.

1

**Conclusion**

2      Mitsubishi Electric respectfully requests that the Court deny the Motion to Intervene with respect

3 to the Potential Intervenor Plaintiffs' request to intervene in *Luscher v. Mitsubishi Electric.*

4 Dated:  January 25, 2019

JENNER & BLOCK LLP

5
By:   */s/ Terrence J. Truax*

6
JENNER & BLOCK LLP
Terrence J. Truax (*pro hac vice*)

7
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)

8
353 N. Clark Street
Chicago, Illinois 60654-3456

9
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

10
ttruax@jenner.com
mbrody@jenner.com

11
gfuentes@jenner.com

12

13
Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP

14
633 West Fifth Street, Suite 3600
Los Angeles, California 90071

15
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

16
bcaslin@jenner.com

17
*Attorneys for Defendant Mitsubishi Electric Corporation*

18

19

20

21

22

23

24

25

26

27

28