JEFFREY L. KESSLER (*pro hac vice*)
EVA W. COLE (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile:  (212) 294-4700
jkessler@winston.com
ewcole@winston.com

ALDO A. BADINI (SBN 257086)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile:  (415) 591-1400
abadini@winston.com

DAVID L. YOHAI (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0019
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
david.yohai@weil.com

*Attorneys for Defendants Panasonic Corporation; Panasonic Corporation of North America; and MT Picture Display Co., Ltd.*

[Additional Parties and Counsel on Signature Pages]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917<br><br>Case No. 07-cv-05944-JST<br><br>**DEFENDANTS' JOINT OPPOSITION TO MOTION TO INTERVENE**<br><br>Date:  February 28, 2019<br>Time:  2:00 PM<br>Place: Courtroom 9, 19th Floor<br>Judge: Hon. Jon S. Tigar |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | |

### I. Introduction

This Court lacks jurisdiction to hear the Motion to Intervene. ECF No. 5368 (Jan. 11, 2019). Appeals of this Court's orders granting final approval of the settlement agreements and the award and allocation of attorneys' fees, as well as the Court's entry of Final Judgment, were noticed, briefed, and argued, and are pending before the Ninth Circuit. ECF Nos. 4712, 4717, 5122. The Ninth Circuit, not this Court, thus has jurisdiction. *See, e.g.*, *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Moreover, this Court should reject the Moving Plaintiffs' alternate request to construe their Motion as one seeking an indicative ruling under Rule 62.1 of the Federal Rules of Civil Procedure. The Motion does not properly constitute a Rule 62.1 motion. But, even if it did, the Court should still deny it to avoid further complicating the pending appeals in the Ninth Circuit.

### II. Factual and Procedural Posture

Over two years ago, this Court granted final approval of settlement agreements reached between the class of Indirect Purchaser Plaintiffs ("IPPs") and the six groups of Defendants that join this brief (collectively, the "Defendants").[1] *See* ECF No. 4712 (the "Final Approval Order"). After overruling seven objections,[2] the Court also granted the IPPs' motion for the award and allocation of attorneys' fees. *See* ECF No. 5122 (the "Fee Order"). Both the Final Approval Order and the Fee Order were appealed. The issues on appeal—including adequacy of representation and due process— have been fully briefed and argued, and are pending before the Ninth Circuit. Accordingly, and as discussed below, jurisdiction rests firmly with the Ninth Circuit.

### III. Argument

#### A. This Court Lacks Jurisdiction to Hear Moving Plaintiffs' Motion to Intervene

Where, as here, a district court's order determines the "entire action," including an "award of attorneys' fees," a "subsequent notice of appeal divest[s] the district court of its jurisdiction" so that "the district court thus lack[s] jurisdiction to entertain [a] motion to intervene." *Bryant v. Crum & Foster Specialty Ins. Co.*, 502 F. App'x 670, 670 (9th Cir. 2012); *see also Nicol v. Gulf Fleet Supply*

---

[1] The six groups of Defendants are the Philips, Panasonic, Hitachi, Toshiba, Samsung, and Thomson and TDA defendant families. Order Granting Final Approval of IPP Settlements at 3, ECF No. 4712 (July 7, 2016).
[2] *See* ECF No. 5013 (Barry objection); ECF No. 5021 (Hull objection); ECF No. 5023 (Scarpulla objection); ECF No. 5024 (Cooper objection); ECF No. 5025 (Moore objection); ECF No. 5026 (Alioto objection); ECF No. 5041 (Winters objection).

*Vessels*, *Inc.*, 743 F.2d 298, 299 (5th Cir. 1984) ("If an appeal is taken from a judgment which determines the entire action, the district court loses power to take any further action in the proceeding upon the filing of a timely and effective notice of appeal, except in aid of the appeal or to correct clerical errors under Rule 60(a)."). As the Supreme Court has explained, "[t]he filing of the notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Accordingly, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Id*.

Here, each of the Defendants settled the IPPs' claims against it, and the Court issued the Final Approval Order and entered a Final Judgment. *See* ECF No. 4712, 4717. In granting final approval and entering judgment, the Court adjudicated the entire case, giving finality to all the claims that the IPPs brought against Defendants. Final Judgment of Dismissal with Prejudice as to the Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson, and TDA Defendants at 2, ECF No. 4717 (July 14, 2016) ("Accordingly, the Court directs entry of Judgment which shall constitute a final adjudication of this case on the merits as to the parties to the Settlements."). The Court also granted the IPPs' proposal for the award and allocation of attorneys' fees. *See* ECF No. 5122. The several Notices of Appeal that were subsequently filed (*see, e.g.*, ECF Nos. 4743–49, 5131–32) thus divested this Court of jurisdiction. *See Griggs*, 459 U.S. at 58. Accordingly, with the appeals still pending, the Court currently lacks jurisdiction, and thus should not entertain Moving Plaintiffs' Motion. *See Bryant*, 502 F. App'x at 670 (affirming denial of motion to intervene because "the district court lacked jurisdiction"); *Assoc. Gen. Contractors of Cal. v. Sec. of Comm.*, 77 F.R.D. 31, 34 (C.D. Cal. 1977) ("Since in this case notices of appeal have been filed, the Supreme Court has taken jurisdiction over the case. Consequently, this Court lacks jurisdiction to hear the motions for intervention."); *Rolle v. N.Y.C. Housing Authority*, 294 F. Supp. 574, 576 (S.D.N.Y. 1979) (denying a postjudgment motion to intervene because an appeal had been filed).

Moving Plaintiffs cite no authority to support this Court's jurisdiction, and the cases they cite are inapt. *See* Mot. at 8 (citing *Lenk v. Monolithic Power Sys. Inc.*, No. 16-cv-02625-BLF, 2017 WL 4025559, at *3 (N.D. Cal. Sept. 13, 2017); *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361 (9th Cir.

1991); *First-Citizens Bank & Trust Co. Outsource Servs. Mgmt.*, No. 12-1734, 2012 WL 12895659, at *1 (D. Minn. Aug. 29, 2012); *Trulis v. Barton*, 107 F.3d 685 (9th Cir. 1995); and *Resolution Trust Corp. v. Smith*, 53 F.3d 72 (5th Cir. 1995)). The *Lenk* court did not face a motion to intervene, but a plaintiff's motion for relief under Rule 60(b)(3) of the Federal Rules of Civil Procedure. 2017 WL 4025559, at *3. Indeed, the *Lenk* court even acknowledged the well-established rule that "the filing of a notice of appeal transfers to the appellate court jurisdiction over the matters appealed, and the district court is divested of jurisdiction over those aspects of the case involved in the appeal." *Id*. (citing *Griggs*, 459 U.S. at 58). *Chamberlain* involved a federal court's jurisdiction over *state* proceedings. 931 F.2d 1361. And in *First-Citizens Bank*, the whole case was not on appeal, and the intervenor could only intervene on issues "not involved in the appeal." 2012 WL 12895659, at *1. Similarly, as Moving Plaintiffs admit, *Trulis*, 107 F.3d at 695, and *Resolution Trust*, 53 F.3d at 76, permitted jurisdiction only to decide issues not part of the appeals.

Indeed, although the Moving Plaintiffs concede that the pending appeal "divest[ed] the Court of jurisdiction over those aspects of the case involved in the appeal," they still argue that the Court retains jurisdiction to hear the Motion because there are matters remaining in this Court that are not part of the appeals. Mot. at 8. Specifically, they maintain that this Court has jurisdiction because there are "two remaining defendants" and two approved settlements that are not on appeal. Mot. at 8. But Moving Plaintiffs' argument is misguided. Their Motion does not relate to any issues unique to these remaining defendants or settlements. Indeed, the remaining Mitsubishi matter stems from a different complaint filed much later than the complaint that named the Defendants involved in the appeals.[3] Likewise, the Moving Plaintiffs' Motion does not relate to any issue in the IRICO case and the Court has not even determined yet whether it has jurisdiction over the claims against IRICO. *See* Stip. & Order re Second Amended Jurisdictional Discovery Deadline, Briefing Schedule, and Hearing Date at 3, ECF No. 5361 (Nov. 5, 2018) (setting hearing on IRICO's motion to dismiss on May 9, 2019). Rather, Moving Plaintiffs' Motion relates specifically to the Final Approval Order that ended the case against the Defendants and to specific issues briefed and argued for the appeal, including the adequacy

---

[3] *See* Complaint, ECF No. 1, *Luscher, et al. v. Mitsubishi Electric Corp.*, No. 17-cv-4067-JST, MDL No. 1917 (June 11, 2018).

of Lead Counsel's representation.  *Compare, e.g.*, Mot. at 1 (Moving Plaintiffs seek to intervene to "ensur[e] that all IPP class members . . . are adequately represented"); *id.* at 8-9 (indicating a future request that "the Court create separate subclasses for each of the (1) the included repealer states, (2) the Omitted Repealer States and (3) the non-repealer States," purportedly because "there are intra-class conflicts") *with, e.g.*, Rockhurst Op. Br. at 50-53, ECF No. 70, *IPPs et al. v. Rockhurst Univ. et al.*, No. 16-16379 (9th Cir. Apr. 3, 2017) ("Lead Counsel was inadequate by representing IPPs with conflicting settlement interests"); Gianasca Op. Br. at 43, ECF No. 32, No. 16-16373 (9th Cir. Nov. 14, 2016) ("The court-ordered release of the claims of unnamed parties not personally before the court . . . flies in the face of inviolate constitutional due process guarantees."); Clifton Op. Br. at 17-27, ECF No. 28, No. 16-16374 (9th Cir. Nov. 14, 2016) ("class representatives drawn . . . from the 22 State Classes had a clear conflict of interest with the Nationwide Class" and "[c]lass counsel did not zealously or vigorously pursue the interests of all class members or of discrete groups within the class").

This issue—the adequacy of representation of class members in the 22 States and the Nationwide Class—is squarely an "aspect[] of the case involved in the appeal." *Griggs*, 459 U.S. at 58.  Indeed, to entertain Moving Plaintiffs' Motion would inappropriately interfere with the very issue the Ninth Circuit is now considering.  *See Stiller v. Costco Wholesales Corp.*, No. 3:09–cv–2473–GPC–BGS, 2015 WL 1612001, at * 2 (S.D. Cal. Apr. 9, 2015) (denying motion to intervene because allowing intervention would "alter the status of the case" and would not "aid the Ninth Circuit's analysis . . . but instead substantively change that analysis.") (internal alteration and citations omitted).  Accordingly, this Court should deny Moving Plaintiffs' Motion and continue to wait for the Ninth Circuit's ruling.[4]

### B.  Moving Plaintiffs' Passing Request for Rule 62.1 Relief Should Be Rejected

The Court should also reject the Moving Plaintiffs' alternate request, seemingly made as an

---

[4] Because the Court lacks jurisdiction, it need not reach the merits of Moving Plaintiffs' arguments in favor of permitting intervention under Rule 24.  *See* Fed. R. Civ. P. 24.  Even assuming, *arguendo*, that the Court were empowered to exercise jurisdiction over their motion, the Court should still deny the Moving Plaintiffs' request to intervene as of right under Rule 24(a)(2) or permissively under Rule 24(b) because Moving Plaintiffs have not met their burden of showing, on the merits, that all requirements for intervention have been met, including in particular the timeliness requirement.  *See United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

afterthought, for the Court to construe their Motion as one seeking an indicative ruling under Rule 62.1 of the Federal Rules of Civil Procedure. Mot. at 8 n.8. "Indicative rulings allow for the timely resolution of motions which may further the appeal or obviate its necessity." *Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chicago v. Bank of N.Y. Mellon*, 297 F.R.D. 218, 221 (S.D.N.Y. 2013). The Motion does neither. In seeking to add named parties over two years after the appeals were filed, and over a decade after the action began, the Motion will not further the appeal or obviate its necessity. Indeed, this Court has already rejected a Rule 62.1 motion during the pendency of the appeals. In doing so, it expressed a desire to wait for the Ninth Circuit's ruling before considering any amendments that might affect the settlements or the plan of distribution. Order Denying IPPs' Motion Pursuant to Federal Rule of Civil Procedure 62.1 for an Indicative Ruling on Their Motion to Amend the IPP Fee Order and Amend the Plan of Distribution at 3, ECF No. 5362 (Nov. 8, 2018). The Court should reach the same conclusion again here and reject the Moving Plaintiff's motion.

The authority cited by the Moving Plaintiffs also does not justify the Rule 62.1 request. Mot. at 8 n.8 (citing *Lawson v. Grubhub, Inc.*, No. 15-cv-05128-JSC, 2018 WL 6190316, at *2 (N.D. Cal. Nov. 28, 2018)). In *Lawson*, this Court ruled that the plaintiff's Rule 62.1 motion to vacate the judgment raised a substantial issue because of the applicability of an intervening change in law. 2018 WL 6190316, at *6-7. Here, the Moving Plaintiffs are not seeking to vacate a judgment and do not proffer any intervening change in the law that justifies a ruling under Rule 62.1.

### IV. Conclusion

For at least the foregoing reasons, the Defendants respectfully request that the Court deny the Moving Plaintiffs' motion to intervene.

Dated: January 25, 2019

By: /s/ *Jeffrey L. Kessler*
JEFFREY L. KESSLER (*pro hac vice*)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Ave.
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

jkessler@winston.com
ewcole@winston.com
mmdonovan@winston.com

KEVIN B. GOLDSTEIN (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601-1644
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
kbgoldstein@winston.com

DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
DAVID E. YOLKUT (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0019
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
david.yohai@weil.com
adam.hemlock@weil.com

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co. Ltd.); Panasonic Corporation of North America; and MT Picture Display Co., Ltd.*

By: /s/ *Christopher M. Curran*
CHRISTOPHER M. CURRAN (*pro hac vice*)
LUCIUS B. LAU (*pro hac vice*)
DANA E. FOSTER (*pro hac vice*)
WHITE & CASE LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
ccurran@whitecase.com
alau@whitecase.com
defoster@whitecase.com

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

|   |   |
|---|---|
| 1 | By: /s/ *Erik T. Koons* |
| 2 | JOHN M. TALADAY (*pro hac vice*)<br>ERIK T. KOONS (*pro hac vice*) |
| 3 | BAKER BOTTS LLP<br>1299 Pennsylvania Avenue, N.W. |
| 4 | Washington, DC 20004-2400<br>Telephone: (202) 639-7700 |
| 5 | Facsimile: (202) 639-7890<br>john.taladay@bakerbotts.com |
| 6 | erik.koons@bakerbotts.com |
| 7 |   |
| 8 | JON V. SWENSON (SBN 233054)<br>BAKER BOTTS LLP |
| 9 | 1001 Page Mill Road Building One, Suite 200<br>Palo Alto, CA 9430 |
| 10 | Telephone: (650) 739-7500<br>Facsimile: (650) 739-7699 |
| 11 | jon.swenson@bakerbotts.com |
| 12 | *Attorneys for Defendants Koninklijke Philips* |
| 13 | *N.V. and Philips North America Corporation* |
| 14 | By: /s/ *Andrew Rhys Davies* |
| 15 | MICHAEL S. FELDBERG (*pro hac vice*)<br>ANDREW RHYS DAVIES (*pro hac vice*) |
| 16 | ALLEN & OVERY LLP<br>1221 Avenue of the Americas |
| 17 | New York, NY 10020<br>(212) 610-6300 |
| 18 | michael.feldberg@allenovery.com<br>andrewrhys.davies@allenovery.com |
| 19 |   |
| 20 | JOHN ROBERTI (*pro hac vice*)<br>ALLEN & OVERY LLP |
| 21 | 1101 New York Avenue, NW<br>Washington, DC 20005 |
| 22 | (202) 683-3800<br>john.roberti@allenovery.com |
| 23 |   |
| 24 | *Attorneys for Defendants Samsung SDI*<br>*America, Inc.; Samsung SDI Co., Ltd.; Samsung* |
| 25 | *SDI (Malaysia) SDN. BHD.; Samsung SDI*<br>*Mexico S.A. DE C.V.; Samsung SDI Brasil* |
| 26 | *Ltda.; Shenzen Samsung SDI Co., Ltd.; and*<br>*Tianjin Samsung SDI Co., Ltd.* |
| 27 |   |
| 28 |   |

|   |   |
|---|---|
| 1 | By: /s/ *Kathy L. Osborn* |
| 2 | KATHY L. OSBORN (*pro hac vice*)<br>RYAN M. HURLEY (*pro hac vice*) |
| 3 | FAEGRE BAKER DANIELS LLP<br>300 N. Meridian Street, Suite 2700 |
| 4 | Indianapolis, IN 46204<br>Telephone: (317) 237-0300 |
| 5 | Facsimile: (317) 237-1000<br>kathy.osborn@FaegreBD.com |
| 6 | ryan.hurley@FaegreBD.com |

JEFFREY S. ROBERTS (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
jeff.roberts@FaegreBD.com

CALVIN L. LITSEY (SBN 289659)
FAEGRE BAKER DANIELS LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279
Telephone: (650) 324-6700
Facsimile: (650) 324-6701
calvin.litsey@FaegreBD.com

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

By: /s/ *Eliot A. Adelson*
ELIOT A. ADELSON (SBN 205284)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1413
Facsimile: (415) 439-1500
eadelson@kirkland.com

*Attorneys for Defendants Hitachi Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display, Inc.), Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.*

Pursuant to Civil Local Rule 5-1(i)(3), the filer attests that concurrence in the filing of this document has been obtained from each of the signatories.