Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the
Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-cv-05944-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE**<br><br>Hearing Date: February 28, 2019<br>Time: 2:00 p.m.<br>Courtroom: 9, 19th Floor<br>Judge: Honorable Jon S. Tigar |

I, Mario N. Alioto, declare:

1. I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am a partner with the law firm Trump, Alioto, Trump & Prescott, LLP and my firm serves as the Court-appointed Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs") in the above-captioned action. I submit this Declaration in support of the IPPs' Opposition To Motion to Intervene, filed herewith. The matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2. I am informed by the Claims Administrator, Joseph M. Fisher, that he has no record of any claim filed by either Douglas King or George Feldman to share in the settlement funds created by the settlements on appeal.

3. I believe I have a fiduciary duty to all class members to preserve the settlements for the benefit of those class members. Therefore, in an attempt to address the concerns raised by this Court and the Ninth Circuit, I have filed a Motion Requesting Remand with Instructions Re: (1) the Plan of Distribution for the Settlements; and (2) the Fee Order, ECF No. 244-1, *IPPs et al. v. Toshiba Corp. et al.*, No. 16-16373 (9th Cir. Jan. 9, 2019).

4. I negotiated lump sum settlements with each of the defendants in exchange for a release of all claims alleged in the operative complaint, which included the nationwide injunctive relief class. *See* ECF No. 1526 ¶¶ 243-292 (Fourth Consolidated Amended Complaint); 16-16368, ECF No. 93 (IPPs' Answering Brief) at 60-62. This was the same release in the settlement with the LG Defendants that was finally approved by the Court. *See* ECF No. 2542 (LG final approval order); 4351 at 42 (R&R noting that "the Court has already approved an identical release of all claims nationwide in connection with the earlier IPP settlement with LG").

5. The damages claims of the Three States were released by virtue of the nationwide class and the broad release language typical of class action settlement agreements, which released all claims "asserted or that could have been alleged or asserted," based on the conduct alleged in this litigation. *See, e.g.,* ECF No. 3862-1, Ex. A, ¶13 (Philips Settlement Agreement).

2

DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE, Master File No. 07-cv-05944-JST; MDL No. 1917

6. I devised the plan of distribution, including my proposal for how the settlement funds should be allocated, several months after the settlement agreements with the defendants were finalized. It was only then that I made the judgment call—based on my informed and good faith understanding of the law—that only those class members with viable damages claims asserted in the litigation, *i.e.* the claims of the 22 Certified Classes, should receive monetary compensation because none of the other claims were viable.

7. I reviewed the law relating to allocation of settlement funds among class members with claims of varying strengths and believed that the law supported an allocation that provided no compensation for non-viable claims. Judge Clifton indicated that he believed it reasonable to release the claims of non-viable non-repealer states without compensation, and without separate representation for each of those states. *See* ECF No. 5335-1 at 17 (April 10, 2018 Hearing Tr., 49:8-17) ("And I'm willing to accept that—and there doesn't seem to be a serious challenge that if you're from a non-repealer state you're kind of stuck when it comes to money."). But he drew a distinction between non-repealer states and the three repealer states, which had a claim at one point in time. *See id*. at 49:14-25 ("You're offering up a limitations period kind of distinction and I'm not sure that's quite as solid as . . . as the difference between Texas and whoever else is a repealer state.").

8. I did not "pit[] one set of clients' claims against those of another" (ECF No. 5362 at 2), or use the release of the Three States' damages claims in any way to cement the deal on behalf of the 22 Certified Classes.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 25th day of January 2019 at San Francisco, California.

/s/ Mario N. Alioto
Mario N. Alioto

***Lead Counsel for the Indirect Purchaser Plaintiffs***

3
DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE, Master File No. 07-cv-05944-JST; MDL No. 1917