Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
James G. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM, INC.
601 California Street, Suite 1000
San Francisco, California 94108
Phone: (415) 500-6800
Fax: (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
jdallal@saverilawfirm.com

COHEN & GRESSER LLP
Melissa H. Maxman (*Pro Hac Vice*)
Erica C. Lai (State Bar No. 261787)
2001 Pennsylvania Ave, NW, Suite 300
Washington, DC 20006
Phone: (202) 851-2070
Fax: (202) 851-2081
mmaxman@cohengresser.com
elai@cohengresser.com

ANDREW J. McGUINNESS, ESQ.
Andrew J. McGuinness (*Pro Hac Vice* to be submitted)
122 S Main St., Suite 118
P.O. Box 7711
Ann Arbor, MI  48107
Phone: (734) 274-9374
Fax: (734) 786-9935
drewmcg@topclasslaw.com

*Counsel for Intervenor Plaintiffs*
DOUGLAS KING and GEORGE FELDMAN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. 07-cv-5944 JST |
| This Document Relates To: | **REPLY IN SUPPORT OF MOTION TO INTERVENE** |
| ALL INDIRECT PURCHASER ACTIONS | Hearing Date: February 28, 2019 Time: 2:00 p.m. Courtroom: 9, 19th Floor Judge: Honorable Jon S. Tigar |

# TABLE OF CONTENTS

Page(s)

I.   INTRODUCTION ...................................................................................................1

II.  ARGUMENT.........................................................................................................1

    A.   As the opposing parties concede, the manifest inadequacy of currently-appointed lead class counsel makes intervention under Rule 24 both necessary and appropriate. ............ 2

        1.   A Rule 24 motion is the proper mechanism for a class member to intervene in a pending class action. ........................................................................................ 2

        2.   Intervenor Plaintiffs satisfy each requirement of Rule 24. ................................... 3

            a.   The Motion is timely because Intervenor Plaintiffs moved to intervene when the defect in representation arose. .................................................. 4

            b.   None of the opposing parties dispute that Intervenor Plaintiffs possess a significantly protectable interest and are properly situated to intervene.... 8

            c.   The only opposing party claiming Intervenor Plaintiffs presently enjoy adequate representation is their inadequate representative...................... 9

        3.   The record reveals multiple potential defects in the adequacy of previously appointed class counsel's representation. .......................................................... 10

        4.   No case cited by present class counsel bars intervention here. ............................11

    B.   Because only the erroneous prior settlement approval is now on appeal, the Court retains jurisdiction to rule on the Motion. ...................................................................................12

        1.   No case cited by opposing parties bars jurisdiction over intervention here.........13

        2.   The Court maintains jurisdiction over administration of prior settlements.........13

        3.   The Court maintains jurisdiction over currently pending claims.......................14

    C.   Permissive intervention under Rule 24(b) is also warranted and appropriate. .................15

III.  CONCLUSION ...................................................................................................15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re "Agent Orange" Prod. Liab. Litig.,* 800 F.2d 14 (2d Cir. 1986) .......................................11

*Allen v. Hyland's,* Case No. CV 12-01150 DMG, 2012 U.S. District LEXIS 196196
 (C.D. Cal. Aug. 28, 2012)............................................................................................4, 8, 9

*Amchem Prods. v. Windsor,* 521 U.S. 591 (1997) ........................................................5, 6, 9, 10

*Beckman Indus. v. In'l Ins. Co.,* 966 F.2d 470 (9th Cir. 1992) ..................................................3

*Bryant v. Crum & Forster,* 502 Fed. Appx. 670 (9th Cir. 2012) ...............................................12

*Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects,* 309 F.3d 1113
 (9th Cir. 2002).......................................................................................................................7

*In re Cathode Ray Tube (CRT) Antitrust Litig.,* Case No. 16-16368, ECF No. 232-1 (9th
 Cir.) .............................................................................................................................*passim*

*County of Orange v. Air Calif.,* 799 F.2d 535 (9th Cir. 1986)..............................................4, 7

*Diaz v. Trust Territory of Pac. Islands,* 876 F.2d 1401 (9th Cir. 1989) (overruled in part
 as stated in *Castillo v. GMC,* No. CIV. 07-2142 WBS GGH, 2008 U.S. Dist. LEXIS
 82337, at *7, n.3 (N.D. Cal. Sep. 8, 2008)) ........................................................................2

*Donnelly v. Glickman*, 159 F.3d 405 (9th Cir. 1998)...............................................................4

*In re DRAM Antitrust Litig.,* No. C 06-4333 PJH, 2013 U.S. Dist. LEXIS 188116 (N.D.
 Cal. Jan. 8, 2013) ................................................................................................................10

*Forest Conservation Council v. United States Forest Service,* 66 F.3d 1489, 1493 (9th
 Cir. 1995) ..............................................................................................................................3

*Griggs v. Provident,* 459 U.S. 56 (1982) ...............................................................................12

*Hanlon v. Chrysler Corp.,* 150 F.3d 1011 (9th Cir. 1998).................................................5, 10

*In Lazy Oil Co. v. Witco Corp.,* 166 F.3d 581 (3d Cir. 1999)..................................................11

*Kamahaki v. Am. Soc'y for Reprod. Med.,* No. 11-CV-01781-JCS, 2015 U.S. Dist.
 LEXIS 54842 (N.D. Cal. Apr. 27, 2015) ............................................................................5

*Nicol v. Gulf Fleet Supply Vessels, Inc.,* 743 F.2d 298 (5th Cir. 1984)............................12, 13

*Ortiz v. Fibreboard Corp.,* 527 U.S. 815 (1999) ......................................................................9

*In re Payment Card Interchange Fee,* 827 F.3d at 240 ............................................................11

*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.,* 05-MD-
   01720-MKB-JO, ECF No. 6754 (E.D.N.Y. Nov. 30, 2016)........................................5, 11

*Radcliffe v. Hernandez,* 818 F.3d 537 (9th Cir. 2016)..................................................9, 11, 12

*Retiree Support Grp. v. Contra Costa Cnty.,* 315 F.R.D. 318 (N.D. Cal. 2016) .....................7

*Ross v. Marshall,* 426 F.3d 745 (5th Cir. 2005)................................................................12, 13

*Smith v. L.A. Unified School District,* 830 F.3d 843 (9th Cir. 2016)......................................6

*In re Syncor ERISA Litig,* 516 F.3d 1095 (9th Cir. 2008)......................................................14

*Trulis v. Barton,* 107 F.3d 685 (9th Circ. 1995) ....................................................................12

*United Airlines, Inc. v. McDonald,* 432 U.S. 385 (1977) .........................................................4

*United States v. Alisal Water Corp.,* 370 F.3d 915 (9th Cir. 2004) .........................................6

*United States v. Oregon,* 913 F.2d 576 (9th Cir. 1990) ............................................................7

*United States v. Washington,* 86 F.3d 1499 (9th Cir. 1996) .....................................................7

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.,* MDL
   No. 2672 CRB (JSC), 2016 U.S. Dist. LEXIS 109440 (N.D. Cal. Aug. 17, 2016)...........9

*In re Volkswagen,* 895 F.3d R 607 ........................................................................................10

*White v. Experian,* 993 F. Supp. 2d 1154 (C.D. Cal. 2014)....................................................12

*Wilderness Society v. United States Forest Service*, 630 F.3d 1173, 1178 (9th Cir. 2011)......................3

**Rules**

Fed. R. Civ. P. 12 ...................................................................................................................13

Fed. R. Civ. P. 23 ...........................................................................................................*passim*

Fed. R. Civ. P. 24 ...........................................................................................................*passim*

Fed. R. Civ. P. 55 ...................................................................................................................14

Fed. R. Civ. P. 62.1 ....................................................................................................4, 5, 7, 10

**Other Authorities**

7B FED. PRAC. & PROC. CIV. § 1799 (3d ed.) ..........................................................................3

MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.27.........................................................12

6 MOORE'S FEDERAL PRACTICE § 24.20 (2018)..........................................................................................3

Intervenor Plaintiffs have moved to intervene (ECF No. 5368, the "Motion") so that additional indirect purchaser plaintiffs will have a voice as the Court manages the remainder of this case. Together the four opposition briefs[1] fail to address the merits of the Motion, and instead raise matters relevant to an anticipated future motion, dubious challenges to this Court's jurisdiction, and other matters not germane to the propriety—and necessity—of intervention given the current posture. Intervenor Plaintiffs respectfully request that the Motion be granted.

## I.   INTRODUCTION

Intervenor Plaintiffs seek to intervene because their interests in the orderly conduct and efficient resolution of the litigation have been impaired by current lead counsel's apparent representation of conflicting interests. Intervenor Plaintiffs agree with the Objectors' statements in the appeal that the various plans and fixes offered by current lead counsel, TATP, would not rectify the present situation, in part because, "If a settlement fails, it cannot be rewritten by a court. TATP ignores that well-established black letter law, forgetting that a new settlement must be negotiated by adequate, non-conflicted counsel who zealously represents the class." *In re Cathode Ray Tube (CRT) Antitrust Litig.,* Case No. 16-16368, ECF No. 232-1 at 1 (9th Cir.) (the "Appeal"). Entry by other plaintiffs' counsel would be a first step toward making sure the class has the benefit of non-conflicted counsel.

## II.   ARGUMENT

Both of opposing parties' grounds for contesting intervention are misguided.  First, they distort the applicable Rule 24 standard and contend Intervenor Plaintiffs have not satisfied one or more elements of the Rule. But the requirements for intervention are far less imposing than the opposing parties suggest. Second, they argue that the appeal deprives this Court of jurisdiction, when in fact the Court retains jurisdiction over aspects of the litigation that are ongoing, and adjudicating the matters now pending will require the Court to exercise its authority to ensure adequate representation for absent class members—an objective Intervenor Plaintiffs have sought to address in filing the Motion.

---

[1] *See* ECF Nos. 5371 ("Williams Opp."), 5373 ("Mitsubishi Opp."), 5374 ("Settling Dfdts. Opp."), and 5375 (the "TATP Opp.").  The last was filed by present indirect purchaser lead class counsel, Trump, Alioto, Trump & Prescott LLP ("TATP").

MDL No. 1917
Case No. 07-cv-5944-JST
1
REPLY IN SUPPORT OF MOTION TO INTERVENE

**A. As the opposing parties concede, the manifest inadequacy of currently-appointed lead class counsel makes intervention under Rule 24 both necessary and appropriate.**

The four briefs in opposition raise various arguments but generally bypass the factors germane to intervention, the only matter properly at issue on the Motion. The class action nature of the lawsuit means that timeliness and adequacy of present class counsel are the most important considerations. The opposing parties fail to make a case that the two-month window between the Court's statement of concern regarding adequacy of representation and the filing of the Motion creates a timeliness issue. Apart from present lead class counsel, no opposing party attempts to show that representation by present lead class counsel has been adequate. Intervenor Plaintiffs have chosen the proper procedural device and have satisfied each requirement for obtaining the relief they seek.

**1. A Rule 24 motion is the proper mechanism for a class member to intervene in a pending class action.**

Objector Dan Williams & Co. ("Objector Williams") is wrong in contending that intervention under Rule 24 is not proper. Williams Opp. 3-4. In fact, intervention is the proper—and preferred— mechanism for an absent class member who seeks to join a lawsuit as a representative plaintiff to protect her rights with respect to a class action. *Diaz v. Trust Territory of Pac. Islands,* 876 F.2d 1401, 1405, n. 1 (9th Cir. 1989) (overruled in part as stated in *Castillo v. GMC,* No. CIV. 07-2142 WBS GGH, 2008 U.S. Dist. LEXIS 82337, at *7, n.3 (N.D. Cal. Sep. 8, 2008)). Here Intervenor Plaintiffs here seek to intervene for that purpose, so Rule 24(a) is an appropriate mechanism.

In fact, the Rules Committee expressly clarified that inadequacy of representation alone supports intervention in a class action; "a member of a class should have the right to intervene in a class action if he can show the inadequacy of the representation of his interest by the representative parties before the court." Fed. R. Civ. P. 24 advisory comm. nn. (1966):[2]

> A class member who claims that his "representative" does not adequately represent him, and is able to establish that proposition with sufficient probability, should not be put to the risk of having a judgment entered in the

---

[2] Rule 24 was amended in 1966 for the specific purpose of facilitating intervention by previously absent class members in class cases: "Original Rule 24(a)(2) . . . made it a condition of intervention that 'the applicant is or may be bound by a judgment in the action,' and this created difficulties with intervention in class actions." Fed. R. Civ. P. 24 advisory comm. nn. (1966).

action which by its terms extends to him, and be obliged to test the validity of the judgment as applied to his interest by a later collateral attack. Rather he should, as a general rule, be entitled to intervene in the action.

*Id.* "Intervention in a Rule 23 action thus is directly related to the importance of assuring that the class is adequately represented and of enabling class members on the outside of the litigation to function as effective watchdogs to make certain that the action is fully and fairly conducted." 7B FED. PRAC. & PROC. CIV. § 1799 (3d ed.).

Therefore the suggestion by Objector Williams, that Intervenor Plaintiffs simply file notices of appearance upon the Ninth Circuit's remand of the appeal, is insufficient. First, it disregards that Rule 24 is the preferred mechanism for an absent class member to protect herself from inadequate representation. Second, it disregards that the Court's prior Order appointing lead counsel to represent class plaintiffs restricts participation by other plaintiffs' counsel to functions and subject matters according to the discretion of lead class counsel. ECF No. 282 at 5-6.

Objector Williams's further complaint that Intervenor Plaintiffs did not submit a proposed complaint is also misplaced. As Defendant Mitsubishi Electric Corp. ("Mitsubishi") acknowledges, courts excuse this Rule 24(c) requirement when the intervenor sets forth its interest in the proceedings and in intervention, as Intervenor Plaintiffs have done here. Mitsubishi Opp. 5; *see also Beckman Indus. v. In'l Ins. Co.,* 966 F.2d 470, 474 (9th Cir. 1992) (approving intervention "without a pleading where the court was otherwise apprised of the grounds for the motion"), *citing Shores v. Hendy Realization,* 133 F.2d 738, 742 (9th Cir. 1943); 6 MOORE'S FEDERAL PRACTICE § 24.20 (2018).

### 2. Intervenor Plaintiffs satisfy each requirement of Rule 24.

Intervenor Plaintiffs' opening brief established that they have met each of the four requirements for intervention under Rule 24(a):

(1) the motion must be timely; (2) the applicant must claim a significantly protectable interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Forest Conservation Council v. U.S. Forest Serv.,* 66 F.3d 1489, 1493 (9th Cir. 1995) (overruled on other grounds by *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1178 (9th Cir. 2011)). The Court should

"interpret the requirements broadly in favor of intervention." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

Because Intervenor Plaintiffs are undisputably absent members of the certified class, "the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation. Therefore, when absent class members seek intervention as a matter of right, the gravamen of a court's analysis must be on the timeliness of the motion to intervene and on the adequacy of representation." *Allen v. Hyland's,* Case No. CV 12-01150 DMG, 2012 U.S. District LEXIS 196196 at *8 (C.D. Cal. Aug. 28, 2012), *quoting In re Cmty. Bank of N. Va.,* 418 F.3d 277, 314-315 (3d. Cir. 2005).

### a.   The Motion is timely because Intervenor Plaintiffs moved to intervene when the defect in representation arose.

Intervenor Plaintiffs filed the Motion on January 11, 2019, two months after the Court denied the TATP Rule 62.1 motion. That decision was the first time the Court articulated "concerns about the adequacy of counsel" for indirect purchasers in this case. Order, ECF No. 5362 at 1. *See also United Airlines, Inc. v. McDonald,* 432 U.S. 385, 394 (1977) (intervention timely when proposed intervenors filed "as soon as it became clear . . . that the interests of the unnamed class members would no longer be protected by the named class representatives.").

Here, intervention is timely. *See County of Orange v. Air Calif.,* 799 F.2d 535, 537 (9th Cir. 1986) ("timeliness determined by evaluation of (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for the length of the delay."). Absent class members are routinely permitted to raise concerns about adequacy of representation or defects in settlements at any time. Neither Rule 23 nor Rule 24 imposes a timing requirement for absent class members to intervene. Indeed, Rule 23 read in conjunction with Rule 24 permits intervention at any time, even late in the case, when an absent class member can show counsel "does not adequately represent him, and is able to establish that proposition with sufficient probability." In fact, it is to be expected that intervention occur at the settlement stage because that is when issues regarding fair and

adequate compensation and the scope of settlement releases exchanged for such compensation present themselves, as they did in this case.

Here, the settlement proceedings have raised significant concerns about the adequacy of representation, divided loyalties, and potential conflicts of interest. In particular, those concerns have been presented starkly in the context of the pending appeals of the proposed settlements and the court's denial of the Rule 62.1 motion. ECF 5362 at 1. The pending appeals revealed that the class contained homogenous groups of plaintiffs with discrete and potentially conflicting interests. The indirect purchasers who purchased CRTs in some repealer states received settlement consideration in exchange for a release. Indirect purchasers who purchased CRTs in other repealer states, or in non-repealer states, received no consideration in exchange for a release. All three groups are currently represented by a single group of plaintiffs with TATP serving as lead counsel. The Rule 62.1 motion not only confirmed the potential conflict and inadequacy of this representation, but also demonstrated the inability of appointed lead counsel to resolve these difficulties consistent with their duties under Rule 23. Given these developments, orderly process favors determining the motion for intervention before the settlement approvals are resolved, and before additional settlement proceedings.

The intervention motion comes long before the end of the case, given the pendency of an additional settlement with Mitsubishi and ongoing litigation against the Irico Defendants. Only after these developments did it became apparent that these conflicts of interest and concerns about adequacy of representation are structural in nature and the remedy must involve appointment of class counsel for groups with different interests.

Moreover, no party has shown how the timing of the Motion presents any prejudice. There is none. *See Kamahaki v. Am. Soc'y for Reprod. Med.,* No. 11-CV-01781-JCS, 2015 U.S. Dist. LEXIS 54842, at *4 (N.D. Cal. Apr. 27, 2015) (relevant prejudice consideration is prejudice resulting from "timing of intervention" rather than "from the mere fact of intervention"). In fact, intervention will neither unnecessarily delay the proceedings nor will it increase costs or inefficiencies. To the contrary, entry of additional plaintiffs and counsel free of conflicts will provide real benefits to the parties by ensuring procedural fairness and adequate representation. *See Amchem Prods. v. Windsor,* 521 U.S. 591, 627

(1997) (rejecting settlement without "structural assurance of fair and adequate representation for the diverse groups and individuals affected."); *see also Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1021 (9th Cir. 1998) (separate representation required for plaintiffs with competing interests); *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.,* 05-MD-01720-MKB-JO, ECF No. 6754 (E.D.N.Y. Nov. 30, 2016) (appointing additional class counsel to represent subclass with competing interests). It will also help ensure that any judgment entered will be binding, not subject to collateral attack, and final.

Given these facts, it is entirely appropriate for Intervenor Plaintiffs to seek to intervene now. In considering the appropriateness of intervention at a given juncture, trial courts in the Ninth Circuit must evaluate the "totality of the circumstances facing would be intervenors" and not only the time elapsed since initiation of the action. *Smith v. L.A. Unified Sch. Dist.,* 830 F.3d 843, 854 (9th Cir. 2016). "Timeliness is a flexible concept; its determination is left to the district court's discretion." *United States v. Alisal Water Corp.,* 370 F.3d 915, 921 (9th Cir. 2004).

Contrary to TATP's assertions it is TATP, through its negotiation of the proposed partial settlements and subsequent conduct—and not Intervenor Plaintiffs' intervention at this juncture—that has caused undue delay. In any event, the length of time since inception—or any milestone in the case—is irrelevant under *Smith.* Intervenor Plaintiffs moved when the adequacy of counsel was clearly put at issue. And this is the juncture when new class counsel should be considered, before the litigation advances further, if the settlement approvals are reversed.

The rest of TATP's arguments are inconsistent and self-contradictory. TATP continues to assert that it has not suffered—and does not suffer—from conflicts of interest. But TATP also says that on five different occasions, Intervenor Plaintiffs had "reason to know" of the inadequate representation. Both cannot be true. And it is only recently that the Court expressed its concerns regarding the inadequacy of representation. There is no reason why Intervenor Plaintiffs should have known earlier.

Under TATP's logic, it hard to imagine how intervention ever could be appropriate, and it is unclear when TATP would permit the Court to appoint new counsel to provide structural protections

of the type endorsed by the Supreme Court in *Amchem*. Appointment of lead class counsel is always within the trial court's discretion, Rules 23(c)(1) and 23(g), and reasons for appointing new class counsel can arise at any point during a class action. This is particularly so at the settlement phase, and especially when the settlement process reveals that there are competing divergent interests and issues regarding representation which might render a potential settlement subject to collateral attack and create concerns about finality.

TATP relies on irrelevant and inapposite case law here as well. TATP Opp. 8-10. In *Retiree Support Group v. Contra Costa County,* 315 F.R.D. 318 (N.D. Cal. 2016), third-party labor unions sought to intervene in a non-profit organization's action against a local government regarding payment of retirement benefits. *Id.* 319-20. Entry by these very differently situated parties threatened to "complicate the issues and prolong the litigation," *id.* 323, unlike here, where Intervenor Plaintiffs are concededly absent class members. *County of Orange v. Air California,* 799 F.2d 535 (9th Cir. 1986), was an environmental law case where a city government sought to intervene in a county government's declaratory judgment action against 13 airlines. Id. 536-37. The proposed intervention would have undone a complete stipulated resolution following five years of litigation—unlike here, where the Court has stated prior settlement approval was in error and other claims remain pending in any case. *California Department of Toxic Substances Control v. Commercial Realty Projects,* 309 F.3d 1113 (9th Cir. 2002) was another environmental case, in which several cities sought to intervene in an action between a California regulatory agency and several property owners. *Id.* 1116. For several years before moving to intervene, the cities had been invited to participate in mediation to resolve the underlying dispute. *Id.* 1117. No party has offered Intervenor Plaintiffs a seat at the table here. Indeed, TATP seeks to exclude Intervenor Plaintiffs. In *United States v. Oregon,* 913 F.2d 576 (9th Cir. 1990), a case about Columbia River fishing rights, the Makah Indian Tribe sought intervention that would have "greatly expand[ed] the scope of the existing case," *id.* 587, a factor not relevant here. And *United States v. Washington,* 86 F.3d 1499 (9th Cir. 1996), rejected a commercial fishing association's motion to intervene to raise matters "basic to many of the issues decided long before the final decision in the district court"

including prior interpretations of treaty rights. *Id.* 1504. Those matters are unlike the interests Intervenor Plaintiffs seek to protect here, which became immediate only two months before the Motion.

The argument of Objector Williams—that Intervenor Plaintiffs' motion is not timely because it did not occur 3.5 years ago, when the court approved the settlements and the plan of allocation, Williams Opp. 4—is similarly unavailing. That was before the appeals, the failed Rule 62.1 motion, and the most recent filings with the Ninth Circuit. Mitsubishi did not contest timeliness, and Settling Defendants did not present an argument. *See* Settling Dfdts. Opp. 4, n.4.

**b.  None of the opposing parties dispute that Intervenor Plaintiffs possess a significantly protectable interest and are properly situated to intervene.**

It is conceded by all that Intervenor Plaintiffs are absent class members of the Certified Class and of the Settlement Class, and did not opt out of either. Mot. 3, 5. Therefore they satisfy the requirements of having "a significantly protectable interest" and being "so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest." Because they are class members, these requirements are easily satisfied. *Allen v. Hyland's,* Case No. CV 12-01150 DMG, 2012 U.S. District LEXIS 196196 at *8 (C.D. Cal. Aug. 28, 2012) ("[T]he second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation. Therefore, when absent class members seek intervention as a matter of right, the gravamen of a court's analysis must be on the timeliness of the motion to intervene and on the adequacy of representation.") (*quoting In re Cmty. Bank of N. Virginia,* 418 F.3d 277, 314-315 (3d. Cir. 2005)).

TATP nonetheless asserts that Intervenor Plaintiffs "do not currently have a protectable, concrete economic interest in the settlements on appeal. . . ." This misses the mark. The relevant economic interest is the interest in the claims at issue in the lawsuit, as numerous courts have recognized. Moreover, Intervenor Plaintiffs have an interest in ensuring that they have adequate representation free of conflicts of interest, and are afforded the structural protections called for by the U.S. Supreme Court in analogous circumstances. *See* TATP Opp. 11.[3]

---

[3] Whether or not a class member filed a claim in the past does not affect status as a class member, and therefore has no bearing on what matters, possession of a significantly protectable interest.

TATP is wrong in arguing that intervention should be denied because intervenors could have instead objected or opted out. *Id.* 11-12. No court has said that an absent class member's right to opt or object under Rule 23 means that the class member may not intervene under Rule 24 if the requirements of Rule 24 are met. Indeed, Rule 24 permits intervention in the class action context, including to ensure the absence of conflicts and the finality of the judgment. The cases TATP cites are off point because they do not involve intervenors seeking to address conflicts of interest. *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.,* MDL No. 2672 CRB (JSC), 2016 U.S. Dist. LEXIS 109440 at **606-609 (N.D. Cal. Aug. 17, 2016) (rejecting motion to intervene on baseless prior exclusive jurisdiction grounds); *Hyland's,* 2012 U.S. Dist. LEXIS 196196 at **5-6 (describing proposed intervenor's charge of inadequacy as "based largely on unsupported assertions").

Here, adequacy of counsel cannot be addressed by opting out or objecting. Conflicted lead class counsel undermines the structural and procedural fairness of the class action settlements, and the right to opt out or object does not cure these deficiencies. Under Rule 23, the court is empowered—indeed directed—to prevent such problems, including through the appointment of class counsel. *See* Rule 23(g)(1)(B) (in appointing class counsel, courts "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class"); Rule 23(g)(1)(E) (courts "may make further orders in connection with the appointment"). As the Ninth Circuit has held: "Unquestionably, the due process rights of absent class members are important and, as we have frequently observed, the district judges who preside over class actions must ensure that those interests are fairly protected." *Radcliffe v. Hernandez,* 818 F.3d 537, 546 (9th Cir. 2016).[4]

### c. The only opposing party claiming Intervenor Plaintiffs presently enjoy adequate representation is their inadequate representative.

Finally, there are significant reasons to conclude present lead counsel is inadequate. Indeed, there appears to be unanimity on this point, with the sole exception of TATP. That view is shared by all the other plaintiffs opposing intervention as well as the objectors to the settlements. Indeed, the

---

[4] Whether or not a class member filed a claim in the past does not affect status as a class member, and therefore has no bearing on what matters, that Intervenor Plaintiffs are well-situated to intervene.

opposing parties do not—and cannot—dispute that here there are actual or potential intra-class conflicts and that structural protections should be put in place such as sub-classing and appointment of separate counsel. *Amchem,* 521 U.S. at 627 (1997) (rejecting settlement without "structural assurance of fair and adequate representation for the diverse groups and individuals affected."); *see also Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 856 (1999) (reading *Amchem* to require subclasses with separate representation for a "class divided between holders of present and future claims"); *Hanlon,* 150 F.3d at 1021 (9th Cir. 1998) ("dual representation" inappropriate when two plaintiffs groups have conflicting interests); *In re Volkswagen,* 895 F.3d R 607, n.13 ("additional procedural safeguards" may be required where "conflict exists within a class") (*citing Amchem,* 521 U.S. at 627; *Hanlon,* 150 F.3d at 1021)); *In re DRAM Antitrust Litig.,* No. C 06-4333 PJH, 2013 U.S. Dist. LEXIS 188116, at *186 (N.D. Cal. Jan. 8, 2013) ("a fundamental conflict within a proposed class can be cured by providing each interest group with separate representation") (*citing Literary Works in Elec. Databases Copyright Litig. v. Thomson Corp.,* 654 F3d 242, 249 (2d Cir. 2011).

TATP attempts to minimize its deficiencies, stating that the matter "requires further exploration." TATP Opp. 15, *citing* Order, ECF No. 5362 at 2. Significantly, TATP now admits that it maintained divided loyalties in advancing a settlement which would release claims of class members for no consideration while simultaneously advancing the interests of indirect purchasers in the 22 states who received compensation. TATP Opp. 15. This admission is crucial: TATP admits to divided loyalty, giving rise to a conflict of interest. Once established, it cannot be undone. And the Court has the discretion to resolve this conflict through the procedures set forth in *Amchem* and elsewhere.[5]

### 3. The record reveals multiple potential defects in the adequacy of previously appointed Class Counsel's representation.

Since the Court's denial of the Rule 62.1 motion, TATP has taken steps that call their adequacy as class counsel into further question. Recently, in the Appeal, TATP filed a motion for remand in

---

[5] Moreover, under Fed. R. Civ. P. 23(g)(4), it is the duty of class counsel to "fairly and adequately represent the interests of the class." Given the concerns that the Court has stated about present lead class counsel's leadership, Rule 23(g)(4) provides an added basis for permitting intervention.

which they presented the Ninth Circuit with effectively the same plan that this Court had earlier rejected in its Order denying the Rule 62.1 motion. *Cf.* Appeal, ECF No. 230-1, *with* ECF 5335 at 1.

This highly irregular measure raises a host of procedural and substantive law concerns. In their motion, TATP acts if the Court had granted the indicative ruling asking the Ninth Circuit to grant the relief this Court denied. In so doing, TATP appears to seek the Ninth Circuit's approval of a new settlement, outside the procedures of Rule 23, including notice to class members. Even if the Ninth Circuit granted the motion and the settlements were amended as requested, the District Court would have the obligation to supervise a Rule 23 settlement approval process and to protect the interests of absent class members. TATP apparently seeks to circumvent that process.

This tactic on its face raises additional questions about adequacy of representation under Rule 23(a)(4). *See* Appeal, ECF No. 232-1. But in its filing TATP also asserts that indirect purchasers in omitted repealer states "had no monetary damage claims." Appeal, ECF No. 230-1 at 4 n. 2. This Court has rejected that argument. TATP also informed the Ninth Circuit of this Court's denial of the motion for indicative ruling, but in so doing omitted all mention of the fact that this Court had also stated, in the very same denial Order, that its earlier approval of the settlement had been in error.

**4.   No case cited by present class counsel bars intervention here.**

TATP is also incorrect when it contends that the motion to intervene should be denied because the Court can allow TATP to continue to serve as class counsel, even if TATP is conflicted. *See* TATP Opp. 18-19. This argument is not well taken for several reasons. First, the cases cited are inapposite. *Radcliffe v. Hernandez,* 818 F.3d at 546-49 (9th Cir. 2016), *In Lazy Oil Co. v. Witco Corp.,* 166 F.3d 581, 589 (3d Cir. 1999), and *In re "Agent Orange" Prod. Liab. Litig.,* 800 F.2d 14, 19 (2d Cir. 1986), stand only for the proposition that ordinary automatic disqualification rules do not apply with the same force to conflicts that arise in conducting a class action lawsuit. No party has presented a motion for disqualification of counsel—and Rule 24 does not require that Intervenors show that counsel must be disqualified. And in *In re Payment Card Interchange Fee,* 827 F.3d at 240, the trial court concluded that subclasses were required, though the Second Circuit found the court in its discretion could permit the previously conflicted counsel to serve as class counsel for one of the subclasses. *Id.* 228-230. The Court

has similar discretion here. At a minimum, Intervenors would ask the Court to appoint its counsel—acknowledged experts in the field—to represent the interests of the repealer states, free of any asserted conflict. This would provide the procedural fairness necessary to ensure any judgment is final and can withstand collateral attack.

There is strong precedent for appointing new class counsel in these circumstances. The plain language of Rules 23(c)(1)(B) and 23(g) vests authority in the trial court for appointment of lead class counsel in a class action, and the Court's role in monitoring and managing class counsel continues throughout the lawsuit. "Unlike other civil litigation, many class action suits do not involve a client who chooses a lawyer, negotiates the terms of the engagement, and monitors the lawyer's performance. Those tasks, by default, fall to the judge, who creates the class by certifying it and must supervise those who conduct the litigation on behalf of the class." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.27. *See also Radcliffe,* 818 F.3d at 546 (courts who preside over class actions must ensure absent class members' interests protected); *White v. Experian,* 993 F. Supp. 2d 1154, 1171 (C.D. Cal. 2014) ("when counsel has an ongoing conflict with a group of plaintiffs after a court rejects a settlement, counsel can no longer continue representing the whole class.").

### B. Because only the erroneous prior settlement approval is now on appeal, the Court retains jurisdiction to rule on the Motion.

The opposing parties urge the court not to address the motion to intervene, relying on the uncontroversial principle that an appeal bars consideration in the trial court of the specific matters up on appeal. Settling Dfdts. Opp. 2; *see also e.g., Griggs v. Provident,* 459 U.S. 56, 58 (1982). Yet they concede the Court does have jurisdiction because they concede—as they must—that this action is not on appeal in its entirety. Nor do they cite any authority for the proposition that a partial appeal divests the Court of resolving a motion to intervene under Rule 24. There are numerous matters at issue right now before this Court. Mot. 7-8; *see also Trulis v. Barton,* 107 F.3d 685, 695 (9th Cir. 1995). In fact, were the Court to conclude that a conflict required appointment of new counsel, the Court should move with alacrity. It would be inconsistent with Rule 23 and the interests of justice for inadequate counsel to continue to prosecute the class action and to make litigation decisions that bind the class.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**1.  No case cited by opposing parties bars jurisdiction over intervention here.**

The cases opposing parties cite are unavailing. Some stand for the general proposition confirmed by *Griggs* that the trial court may not adjudicate matters that are the subject of an appeal. *See Bryant v. Crum & Forster,* 502 Fed. Appx. 670, 671 (9th Cir. 2012) (single paragraph decision restating rule). TATP cites a number of out of circuit cases to suggest a broader prohibition. TATP Opp. 4; *citing Ross v. Marshall,* 426 F.3d 745, 751 (5th Cir. 2005); *Nicol v. Gulf Fleet Supply Vessels, Inc.,* 743 F.2d 298, 299 (5th Cir. 1984). TATP omits key language clarifying that these decisions do not apply here. The *Ross* decision holds that an appeal divests the trial court of jurisdiction "to act on the matters involved in the appeal," not for all purposes. 426 F.3d. at 751. And though the *Nicol* court noted that at times "the district court loses power to take any further action in the proceeding upon the filing of a timely and effective notice of appeal," that is the rule only where "an appeal is taken from a judgment which determines the entire action." 743 F.3d. at 299. It is incorrect to characterize the Court's latest preliminary approval Order as determining the entire action. *See* TATP Opp. 4-5, Settling Dfdts. Opp. 3-6. Opposing parties cannot explain how such an Order disposes of the entire action when the claims against Mitsubishi and the Irico Defendants still remain.

**2.  The Court maintains jurisdiction over administration of prior settlements.**

In addition, the Court maintains jurisdiction over the prior partial settlements, now on appeal. No payments to class members have been made. ECF Nos. 884-1, 1933-1. The Court retains jurisdiction over administration of those settlements. *Id.*; Mot. 8.

Therefore the Court retains jurisdiction over the case. It has the power and discretion to supervise the class action and to decide whether Intervenor Plaintiffs may intervene as of right under Fed. R. Civ. P. 24(a), and to exercise its discretion and authority over appointment and management of lead class counsel under Fed. R. Civ. P. 23(g)(1). And it therefore not only can, but should, consider the potential benefit to the class of permitting intervention under Rule 24(b)—if the Court even reaches that issue following its decision on intervention under Rule 24(a).

### 3. The Court maintains jurisdiction over currently pending claims.

Apart from administration of the prior settlements, the Court retains jurisdiction over the class's pending claims against the Irico Defendants and Mitsubishi. The Irico Defendants did not oppose the Motion—and the posture with respect to the Irico case demonstrates all the more the urgency of permitting entry to other plaintiffs whose counsel can speak to the interests of the class. The Irico Defendants will serve their Rule 12 motion to dismiss the indirect purchaser claims one week from today, on February 8, 2019. ECF No. 5361. Indirect purchaser oppositions are due six weeks later, on March 22, and the Court will hear the matter on May 9. *Id.* It is simply not fair or appropriate for indirect purchaser class members to be led into battle on these important issues by counsel whose adequacy the Court has already openly questioned.[6]

Mitsubishi in its opposition contends that due to an existing but as-yet-unapproved settlement agreement that they say does not possess several of the defects present in the Round 3 settlements, the pending claims against Mitsubishi should not provide any basis for this Court to assert continuing jurisdiction. Mitsubishi Opp. 5-6. Mitsubishi appears to confuse intervention with the merits of motions they anticipate parties might file in the future. No party disputes that indirect purchasers presently possess claims against Mitsubishi. The settlement agreement cannot change that fact, because in a class action parties cannot turn a settlement agreement into a settlement without express approval and authorization of the Court following appropriate scrutiny. Fed. R. Civ. P. 23(e); *In re Syncor ERISA Litig,* 516 F.3d 1095, 1100 (9th Cir. 2008). The parties had previously submitted their settlement agreement for preliminary approval. ECF No. 5245. But the Court subsequently stayed hearing that motion, and administratively terminated it in a second Order pending resubmission. ECF Nos. 5305, 5326. It is therefore beyond dispute that these claims are still pending.

And the same concerns that make the claims against Irico a reason to support intervention also apply to Mitsubishi. Even though the parties agreed to a settlement which may not have the same defects as the Round 3 settlements, present lead class counsel negotiated that settlement under the

---

[6] Indirect purchasers must now litigate claims against the Irico Defendants after the setting aside of a default previously entered under Rule 55(a), an outcome which might have been avoided had TATP been more diligent in moving for default. ECF No. 5240 at 2-3.

cloud of numerous class members objecting to prior settlements. Those objections challenged the

adequacy of present lead counsel, and therefore present lead counsel would have had an incentive to

rush and perhaps to settle on terms less favorable than might have been reached if other counsel had

been appointed. At the very least these concerns provide additional reason for giving other plaintiffs a

voice in assessing whether to resubmit the existing settlement for preliminary approval. And the

Mitsubishi case is neither stayed nor on appeal in any case. Present lead counsel should not be

permitted to bar intervention on the basis that the appeal will resolve all aspects of adequacy of

representation, including with respect to matters not even on appeal.

<strong>C.  Permissive intervention under Rule 24(b) is also warranted and appropriate.</strong>

Intervenor Plaintiffs satisfy each of the elements required for intervention as of right under Rule

24(a). But if the Court should determine that any element is unsatisfied, a grant of permissive

intervention under Rule 24(b) remains within the Court's discretion and would be reasonable and

appropriate, for the reasons stated *supra* in support of intervention as of right under Rule 24(a), and as a

means of exercising authority over appointment and management of class counsel under Rule 23.

**III.    CONCLUSION**

For the foregoing reasons, Intervenor Plaintiffs' motion should be granted.

Dated:  February 1, 2019                Respectfully Submitted,

JOSEPH SAVERI LAW FIRM, INC.

By:    */s/ Joseph R. Saveri*
        Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
James G. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM, INC.
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:   (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com

Melissa H. Maxman (*Pro Hac Vice*)
Erica C. Lai (State Bar No. 261787)
COHEN & GRESSER LLP
2001 Pennsylvania Ave, NW, Suite 300
Washington, DC 20006
Phone:  (202) 851-2070
Fax:      (202) 851-2081
mmaxman@cohengresser.com
elai@cohengresser.com

Andrew J. McGuinness (*Pro Hac Vice* to be submitted)
ANDREW J. McGUINNESS, ESQ.
122 S Main St., Suite 118
P.O. Box 7711
Ann Arbor, MI  48107
Phone:  (734) 274-9374
Fax:      (734) 786-9935
drewmcg@topclasslaw.com

*Counsel for Intervenor Plaintiffs*
DOUGLAS KING and GEORGE FELDMAN