Guido Saveri (22349)
    *guido@saveri.com*
R. Alexander Saveri (173102)
    *rick@saveri.com*
Geoffrey C. Rushing (126910)
    *grushing@saveri.com*
Matthew D. Heaphy (227224)
    *mheaphy@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*ALL DIRECT PURCHASER ACTIONS* | Master File No. 07-CV-5944-JST<br><br>MDL No. 1917<br><br>**DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |
|---|---|

1    Pursuant to Civil Local Rules 7-11 and 79-5(d) and this Court's Standing Order Governing
2    Administrative Motions to File Materials Under Seal, Direct Purchaser Plaintiffs ("DPPs" or
3    "Plaintiffs") hereby move the Court for leave to file certain documents under seal. This motion is
4    supported by the Declaration of R. Alexander Saveri in Support of Direct Purchaser Plaintiffs'
5    Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d), dated
6    April 1, 2019. *See* Civ. L. R. 79-5(d).
7    DPPs have reviewed and complied with this Court's Standing Order Governing
8    Administrative Motions to File Materials Under Seal.
9    DPPs have reviewed and complied with Civil Local Rule 79-5. Civil Local Rule 79-5
10   governs the filing under seal of entire documents or portions of documents that contain material
11   that is "privileged, protectable as a trade secret or otherwise entitled to protection under the law."
12   Civ. L.R. 79-5(a)–(e). Civil Local Rule 79-5(d) provides: "A party seeking to file a document, or
13   portions thereof, under seal ('the Submitting Party') must: (1) File an Administrative Motion to
14   File Under Seal, in conformance with Civil L.R. 7-11."
15   In compliance with Civil Local Rule 79-5(d), DPPs submit this Administrative Motion
16   because they wish to file documents that contain either: (a) material designated by a Defendant
17   pursuant to a Protective Order as "Confidential" or "Highly Confidential"; or (b) analysis of,
18   references to, or information taken directly from material designated by a Defendant pursuant to a
19   Protective Order as "Confidential" or "Highly Confidential." *See id*.
20   DPPs seek to file the below material under seal in good faith in order to comply with the
21   Protective Order in this action and the applicable Local Rules. Because the Irico defendants
22   contend that the material they have designated is confidential in nature, it is their burden to
23   establish that the designated information is sealable. Civil L.R. 79-5(e); s*ee Kamakana v. City of*
24   *Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). DPPs leave it to this Court's discretion to
25   determine whether the above material should be filed under seal. Courts have repeatedly
26   emphasized that a party must make a "particularized showing of good cause" and show a
27   "compelling reason" to justify the sealing of motions and papers filed with a court. *See Foltz v.*
28   *State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2002) (reversing the lower court's

sealing of records because there was no "compelling reason to justify sealing" under the protective order). As the Ninth Circuit has stated, the "hazard of stipulated protective orders" is that they "often contain provisions that purport to put the entire litigation under lock and key without regard to the actual requirements of Rule 26(c)." *Kamakana*, 447 F.3d at 1183. Plaintiffs file this administrative motion in order to comply with the Protective Order entered in this action.

DPPs seek leave to file the following documents under seal:

- Gray highlighted portions of the Direct Purchaser Plaintiffs' Opposition to the Irico Defendants' Amended Motions to Dismiss Claims of Direct Purchaser Plaintiffs for Lack of Subject Matter Jurisdiction;

- Exhibits 1-2, 4, 12-13, 15-22, and 26-31 to the Declaration of R. Alexander Saveri in Support of Direct Purchaser Plaintiffs' Opposition to the Irico Defendants' Amended Motions to Dismiss Claims of Direct Purchaser Plaintiffs for Lack of Subject Matter Jurisdiction;"

- Gray highlighted portions of the Declaration of David Y. Hwu in Support of Direct Purchaser Plaintiffs' Opposition to the Irico Defendants' Amended Motions to Dismiss Claims of Direct Purchaser Plaintiffs for Lack of Subject Matter Jurisdiction; and

- Exhibit 3 to the Declaration of David Y. Hwu in Support of Direct Purchaser Plaintiffs' Opposition to the Irico Defendants' Amended Motions to Dismiss Claims of Direct Purchaser Plaintiffs for Lack of Subject Matter Jurisdiction.

The chart below identifies the designating entity for the materials to be sealed:

| Document | Designating Entity |
|---|---|
| Gray highlighted portions of the Direct Purchaser Plaintiffs' Opposition to the Irico Defendants' Amended Motions to Dismiss Claims of Direct Purchaser Plaintiffs for Lack of Subject Matter Jurisdiction | Irico Defendants |
| Exhibit 1 to the Saveri Declaration: IRI-CRT-00002041–105 | Irico Defendants |
| Exhibit 2 to the Saveri Declaration: IRI-CRT-00000779–85 | Irico Defendants |
| Exhibit 4 to the Saveri Declaration: Irico Defendants' Objections and Responses to Direct Purchaser Plaintiff Studio Spectrum, Inc.'s First Set of Interrogatories, dated May 4, 2018 | Irico Defendants |
| Exhibit 12 to the Saveri Declaration: IRI-CRT-00003578–79 | Irico Defendants |

| | |
|---|---|
| Exhibit 13 to the Saveri Declaration: IRI-CRT-00003732 | Irico Defendants |
| Exhibit 15 to the Saveri Declaration: IRI-CRT-00003546 | Irico Defendants |
| Exhibit 16 to the Saveri Declaration: IRI-CRT-00003568–69 | Irico Defendants |
| Exhibit 17 to the Saveri Declaration: IRI-CRT-00003576–77 | Irico Defendants |
| Exhibit 18 to the Saveri Declaration: IRI-CRT-00003574 | Irico Defendants |
| Exhibit 19 to the Saveri Declaration: IRI-CRT-00003513 | Irico Defendants |
| Exhibit 20 to the Saveri Declaration: IRI-CRT-00003490–97 | Irico Defendants |
| Exhibit 21 to the Saveri Declaration: IRI-CRT-00003498-99 | Irico Defendants |
| Exhibit 22 to the Saveri Declaration: IRI-CRT-00003566-67 | Irico Defendants |
| Exhibit 26 to the Saveri Declaration: Excerpts of the transcript of the first day of the deposition of Zhang Wenkai on March 4, 2019 | Irico Defendants |
| Exhibit 27 to the Saveri Declaration: Excerpts of the transcript of the second day of the deposition of Zhang Wenkai on March 5, 2019 | Irico Defendants |
| Exhibit 28 to the Saveri Declaration: Excerpts of the transcript of the first day of the deposition of Wang Zhaojie on March 6, 2019 | Irico Defendants |
| Exhibit 29 to the Saveri Declaration: Excerpts of the transcript of the second day of the deposition of Wang Zhaojie on March 7, 2019 | Irico Defendants |
| Exhibit 30 to the Saveri Declaration: Excerpts of the transcript of the third day of the deposition of Wang Zhaojie on March 8, 2019 | Irico Defendants |
| Exhibit 31 to the Saveri Declaration: Excerpts of the transcript of the deposition of Donald Clarke on March 26, 2019 | Irico Defendants[1] |
| Gray highlighted portions of the Declaration of David Y. Hwu in Support of Direct Purchaser Plaintiffs' Opposition to the Irico Defendants' Amended Motions to Dismiss Claims of Direct Purchaser Plaintiffs for Lack of Subject Matter Jurisdiction | Irico Defendants |

---

[1] Irico has thirty (30) days to designate the deposition transcript as "Confidential" or "Highly Confidential" under the terms of the protective order [ECF No. 306]. In an abundance of caution, Plaintiffs have included this transcript in the sealing motion although Irico has not yet designated it "Confidential" or "Highly Confidential." The thirty (30) day period has not yet expired.

| Exhibit 3 to the Hwu Declaration | Irico Defendants |
|---|---|

WHEREFORE, Direct Purchaser Plaintiffs respectfully submit this administrative motion pursuant to the Protective Order, this Court's Standing Order Governing Administrative Motions to File Materials Under Seal, and Civil Local Rule 79-5 and hereby notify the parties of their burden to establish that the designated material is sealable.

Dated: April 1, 2019

Respectfully submitted,

/s/ *R. Alexander Saveri*
Guido Saveri (22349)
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Cadio Zirpoli (179108)
Matthew D. Heaphy (227224)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*