1  John Taladay (*pro hac vice*)
   john.taladay@bakerbotts.com
2  BAKER BOTTS LLP
   1299 Pennsylvania Ave., NW
3  Washington, D.C. 20004
   Telephone: (202) 639-7700
4  Facsimile: (202) 639-7890

5  Stuart C. Plunkett (State Bar No. 187971)
   stuart.plunkett@bakerbotts.com
6  Peter Huston (State Bar No. 150058)
   peter.huston@bakerbotts.com
7  BAKER BOTTS LLP
   101 California Street, Suite 3600
8  San Francisco, California 94111
   Telephone: (415) 291-6200
9  Facsimile: (415) 291-6300

10 *Attorneys for*
   *IRICO GROUP CORP. and*
11 *IRICO DISPLAY DEVICES CO., LTD.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION,<br><br>THIS DOCUMENT RELATES TO:<br><br>*ALL DIRECT PURCHASER ACTIONS* | Case No. 3:07-cv-05944-JST<br><br>MDL No.: 1917<br><br>**DECLARATION OF STUART C. PLUNKETT IN RESPONSE TO DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |

I, Stuart C. Plunkett, hereby declare as follows:

1. I am a partner with the law firm of Baker Botts L.L.P. and am counsel of record for Defendants Irico Group Corporation and Irico Display Devices Co., Ltd. (collectively, the "Irico Defendants"). I am a member of the Bar of the State of California and am admitted to practice in the Northern District of California. I make this declaration in response to the Direct Purchaser Plaintiffs' ("DPPs") Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) (Dkt. No. 5418) ("Motion to Seal").

2. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) ("Protective Order") in this matter.

4. On April 1, 2019, DPPs filed the Motion to Seal, and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), the following documents, or portions thereof, that contain information from documents or testimony that the Irico Defendants had designated "Confidential" or "Highly Confidential:"

   a. Gray highlighted portions of the DPPs' Opposition to the Irico Defendants' Amended Motions to Dismiss Claims of Direct Purchaser Plaintiffs for Lack of Subject Matter Jurisdiction (the "Opposition");

   b. Exhibits 1-2, 4, 12-13, 15-22, and 26-31 to the Declaration of R. Alexander Saveri in Support of DPPs' Opposition to the Irico Defendants' Amended Motions to Dismiss Claims of DPPs for Lack of Subject Matter Jurisdiction ("Saveri Declaration");

   c. Gray highlighted portions of the Declaration of David Y. Hwu in Support of DPPs' Opposition to the Irico Defendants' Amended Motions to Dismiss Claims of Direct Purchaser Plaintiffs for Lack of Subject Matter Jurisdiction ("Hwu Declaration"); and

        d.  Exhibit 3 to the Hwu Declaration.

5. Pursuant to Civil Local Rules 7-11 and 79-5(d) and the Protective Order, I make this declaration on behalf of the Irico Defendants to explain Irico's position regarding the confidentiality, or lack thereof, of the various documents filed under seal by DPPs.

6. Exhibits 1-2, 4, 12-13, and 15-22 to the Saveri Declaration are no longer designated as Confidential by Irico Defendants. While these documents were initially designated as Confidential or Highly Confidential when first produced to plaintiffs, Irico Defendants withdrew the designation pursuant to Section 5.1 of the Protective Order on July 21, 2018 (with respect to Exhibit 2) and April 5, 2019 (with respect to Exhibits 1, 4, 12-13, and 15-22). As such, these exhibits and any references to them need not be filed under seal.

7. Exhibits 26-31 to the Saveri Declaration consist of excerpts from the depositions of Irico employees Wenkai Zhang and Zhaojie Wang, and Irico Defendants' expert, Professor Donald Clarke. Under Section 5.2(b) of the Protective Order, the entirety of these depositions is "deemed to have been designated Highly Confidential" until thirty days after receipt of the final transcripts, and Irico Defendants orally designated certain testimony as Highly Confidential during the depositions. However, based on Irico Defendants' review of the deposition transcripts, Irico does not intend to maintain nor designate any of the portions excerpted by DPPs as Confidential or Highly Confidential. As such, these exhibits and any references to them need not be filed under seal.

8. Upon information and belief, the gray highlighted portions of the Hwu Declaration reflect information contained in Exhibit 15, which is no longer designated as Confidential by Irico Defendants. As such, these highlighted portions need not be filed under seal.

9. Upon information and belief, Exhibit 3 to the Hwu Declaration appears to be a copy of a public website page of GPX, Inc. With Exhibit 15 to the Saveri Declaration no longer designated as Confidential, the identity of GPX, Inc. is also no longer confidential; as such, this Exhibit need not be filed under seal.

10. Upon information and belief, the gray highlighted portions of the Opposition reflect information from the aforementioned Exhibits to the Saveri and Hwu Declarations. With these exhibits no longer designated as Confidential, these portions of the Opposition need not be filed under seal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of April, 2019, in San Francisco, California.

 /s/ *Stuart C. Plunkett*
Stuart C. Plunkett