John Taladay (*pro hac vice*)
john.taladay@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

Stuart C. Plunkett (State Bar No. 187971)
stuart.plunkett@bakerbotts.com
Peter Huston (State Bar No. 150058)
peter.huston@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Attorneys for*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Case No. 3:07-cv-05944-JST<br><br>MDL No.: 1917<br><br>**DECLARATION OF STUART C. PLUNKETT IN RESPONSE TO INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |
| THIS DOCUMENT RELATES TO:<br><br>*ALL INDIRECT PURCHASER ACTIONS* | |

I, Stuart C. Plunkett, hereby declare as follows:

1. I am a partner with the law firm of Baker Botts L.L.P. and am counsel of record for Defendants Irico Group Corporation and Irico Display Devices Co., Ltd. (collectively, the "Irico Defendants"). I am a member of the Bar of the State of California and am admitted to practice in the Northern District of California. I make this declaration in response to the Indirect Purchaser Plaintiffs' ("IPPs") Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) (Dkt. No. 5439) ("Motion to Seal").

2. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) ("Protective Order") in this matter.

4. On April 12, 2019, IPPs filed the Motion to Seal, and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), the following documents, or portions thereof, that contain information from documents or testimony that the Irico Defendants had designated "Confidential" or "Highly Confidential:"

   a. Gray highlighted portions of the IPPs' Opposition to the Irico Defendants' Amended Motions to Dismiss Claims of IPPs for Lack of Subject Matter Jurisdiction (the "Opposition");

   b. Gray highlighted portions of the Declaration of Mario N. Alioto in Support of IPPs' Opposition to the Irico Defendants' Amended Motions to Dismiss Claims of IPPs for Lack of Subject Matter Jurisdiction ("Alioto Declaration"); and

   c. Exhibits 5-11, 13-17, 35-36, and 39 to the Alioto Declaration.

5. Pursuant to Civil Local Rules 7-11 and 79-5(d) and the Protective Order, I make this declaration on behalf of the Irico Defendants to explain Irico's position regarding the confidentiality, or lack thereof, of the various documents filed under seal by IPPs.

6. Exhibits 5-9 and 36 to the Saveri Declaration consist of excerpts from the depositions of Irico employees Wenkai Zhang and Zhaojie Wang, and Irico Defendants' expert, Professor Donald Clarke. Under Section 5.2(b) of the Protective Order, the entirety of these depositions is "deemed to have been designated Highly Confidential" until thirty days after receipt of the final transcripts, and Irico Defendants orally designated certain testimony as Highly Confidential during the depositions. However, based on Irico Defendants' review of the deposition transcripts, Irico does not intend to maintain nor designate any of the portions excerpted by IPPs as Confidential or Highly Confidential. As such, these exhibits and any references to them need not be filed under seal.

7. Exhibits 10-11, 13-17, 35, and 39 to the Alioto Declaration are no longer designated as Confidential by Irico Defendants. While these documents were initially designated as Confidential or Highly Confidential when first produced to plaintiffs, Irico Defendants withdrew the designation pursuant to Section 5.1 of the Protective Order on July 21, 2018 (with respect to Exhibit 35) and April 16, 2019 (with respect to Exhibits 10-11, 13-17, and 39). As such, these exhibits and any references to them need not be filed under seal.

8. Upon information and belief, certain of the gray highlighted portions of the Opposition and Alioto Declaration reflect information from the aforementioned Exhibits to the Alioto Declaration. With these exhibits no longer designated as Confidential, these portions of the Opposition and Alioto Declaration need not be filed under seal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of April, 2019, in San Francisco, California.

                                                 /s/ *Stuart C. Plunkett*
                                                Stuart C. Plunkett