GIBSON, DUNN & CRUTCHER LLP
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN V. SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. and
CHUNGHWA PICTURE TUBES (MALAYSIA)
SDN. BHD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*All Indirect Purchaser Actions*; | Master File No. 3:07-CV-05944-JST<br>MDL No. 1917<br><br>**DECLARATION OF RACHEL S. BRASS IN SUPPORT OF INDIRECT-PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL [D.E. 5439] PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |

I, Rachel S. Brass, hereby declare as follows:

1. I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively "CPT") in the above-referenced actions.

2. I submit this declaration in support of Indirect Purchaser Plaintiffs' Administrative Motion to Seal Portions of Their Amended Response in Opposition to Irico Defendants' Motion to Dismiss [D.E. 5440] Pursuant to Civil Local Rules 7-11 and 79-5(d) (Case No. 07-cv-05944, Dkt. No. 5439) to provide the basis to maintain under seal the documents identified below.

3. I have reviewed the following documents submitted under seal[1] to the Court in connection with Indirect Purchaser Plaintiffs' Amended Response in Opposition to Irico Defendants' Motion to Dismiss [D.E. 5440] ("Response"):

- CPT document CHU00029191E – CHU00029194E, internal report of May 20, 1999 (Alioto Decl., Ex. 23).
- CPT documents CHU00572096E – CHU00572097E, CHU00572098E , CHU00572996E – CHU00572997E, CHU00572998E, CHU00573026E, CHU00573034E – CHU00573035E  internal reports of September 5, 2005, August 26, 2005, August 4, 2005, and undated, respectively (Alioto Decl., Ex. 30).
- Excerpts of the Deposition of Chunghwa's Chih Chun (C.C.) Liu (Alioto Decl., Ex. 34).

4. The documents identified in paragraph 3 of this declaration are "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b).[2]

---

[1] Please note, the CPT defendants do not seek to include in the list of documents that merit sealing: CPT document CHU00690421E, internal report of December 2005 (Declaration of Mario Alioto in Support of Response ("Alioto Decl."), Ex. 19); CPT documents CHU00124396E – CHU00124399E and CHU00124400E – CHU00124402E, internal reports of July 8 through 15, 2005 and August 6 through 12, 2005, respectively (Alioto Decl., Ex. 28); CPT document CHU00124417E – CHU00124419E, internal report of May 8 through 14, 2006 (Alioto Decl., Ex. 32); or CPT document CHU00689067E – CHU00689069E, internal report of May 31,2007 (Alioto Decl., Ex. 33).

[2] These documents are also designated as "Confidential" pursuant to the Stipulated Protective Order entered in this case, but the CPT defendants recognize that "[r]eference to a stipulation
[Footnote continued on next page]

In the case of these documents, compelling reasons exist to rebut the strong presumption of access to judicial records (*see Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), because disclosure of this information would provide CPT's competitors with a competitive advantage by disclosing customer relationships and internal processes that would allow CPT's competitors to adopt methods that made CPT successful in the CRT industry, and which it continues to use in its other display-focused businesses today, and thus allow those competitors to more easily allow them to compete in the professional display manufacturing marketplace. *In re Hewlett-Packard Co. S'holder Derivative Litig.*, No. 12-CV-6003, 2015 WL 8570883, at *5 (N.D. Cal. Nov. 18, 2015), report and recommendation adopted, 2015 WL 8479543 (N.D. Cal. Dec. 10, 2015), aff'd, 716 F. App'x 603 (9th Cir. 2017) (compelling reasons existed to seal internal corporate policies and procedures in part because of the harm the sealing party would suffer "if competitors had access to this sensitive corporate playbook"); *Barnes v. Hershey Co.*, 2015 WL 1814293, at *3 (N.D. Cal. Apr. 21, 2015) (compelling reasons existed to seal internal documents containing "client management strategies" because "disclosure of these emails would put Hershey at a competitive disadvantage").

5. The CPT documents identified in paragraph 3 of this declaration are reports that were prepared by CPT employees strictly for internal purposes or testimony explaining the nature, function and role of those reports and their content at CPT. They consist of confidential, nonpublic, proprietary and sensitive business information. They contain recommendations and analysis of sales, pricing, and customer conditions that CPT employees submitted for consideration by senior management, and testimony by such senior management on their use of that information.

6. On information and belief, disclosure of the documents identified in paragraph 3 would undermine CPT's business relationships, cause it harm with respect to its competitors and customers, and put CPT at a competitive disadvantage.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of April 2019, at San Francisco, California.

---

[Footnote continued from previous page]
or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A).

1                  By:    /s/ *Rachel S. Brass*
2                             Rachel S. Brass

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28