UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*All Indirect Purchaser Actions*; | Master File No. 3:07-CV-05944-JST<br>MDL No. 1917<br><br>**[PROPOSED] ORDER GRANTING INDIRECT-PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL [D.E. 5439] PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |

1

[PROPOSED] ORDER GRANTING INDIRECT-PURCHASER PLAINTIFFS'
ADMINISTRATIVE MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL
CASE NO. 3:07-CV-05944-JST, MDL No. 1917

Gibson, Dunn & Crutcher LLP

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

After full consideration of the Indirect Purchaser Plaintiffs' Administrative Motion to Seal Documents and the Declaration of Rachel S. Brass in Support of Indirect Purchaser Plaintiffs' Administrative Motion to Seal Documents, the Court orders as follows:

The motion to seal Alioto Declaration Exhibits 23, 30, and 34 are GRANTED. These documents are "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b). In the case of these documents, compelling reasons exist to rebut the strong presumption of access to judicial records (see *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), because disclosure of this information would provide CPT's competitors with a competitive advantage by disclosing customer relationships and internal processes that would allow CPT's competitors to adopt methods that made CPT successful in the CRT industry, and which it continues to use in its other display-focused businesses today, and thus allow those competitors to more easily allow them to compete in the professional display manufacturing marketplace. *In re Hewlett-Packard Co. S'holder Derivative Litig.*, No. 12-CV-6003, 2015 WL 8570883, at *5 (N.D. Cal. Nov. 18, 2015), report and recommendation adopted, 2015 WL 8479543 (N.D. Cal. Dec. 10, 2015), aff'd, 716 F. App'x 603 (9th Cir. 2017) (compelling reasons existed to seal internal corporate policies and procedures in part because of the harm the sealing party would suffer "if competitors had access to this sensitive corporate playbook"); *Barnes v. Hershey Co.*, 2015 WL 1814293, at *3 (N.D. Cal. Apr. 21, 2015) (compelling reasons existed to seal internal documents containing "client management strategies" because "disclosure of these emails would put Hershey at a competitive disadvantage").

Further, Indirect Purchaser Plaintiffs are ORDERED to file Alioto Exhibits 19, 28, 32, and 33 on the public docket.

**IT IS SO ORDERED.**

DATED: _____         _____
HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE

1

Gibson, Dunn & Crutcher LLP

[PROPOSED] ORDER GRANTING INDIRECT-PURCHASER PLAINTIFFS'
ADMINISTRATIVE MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL
CASE NO. 3:07-CV-05944-JST, MDL No. 1917