Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 788-7210
Facsimile: (415) 788-0706
Email: fos@scarpullalaw.com
       pbc@scarpullalaw.com

*Co-Counsel for Objector*
*Dan L. Williams & Co.*

Robert Bonsignore appearing *pro hac vice*
Bonsignore Trial Lawyers, PLLC
23 Forest Street
Medford, MA 02155
Office Phone: (781) 350-0000
Cell Phone: (781) 856-7650
Facsimile: (702) 852-5726
Email: rbonsignore@classactions.us

*Counsel for Appellants Gianasca, Comeaux,*
*Ashkannejhad, Speaect, Ciccone, and Craig*

Theresa D. Moore (99978)
Law Offices Of Theresa D. Moore
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 613-1414
tmoore@aliotolaw.com

*Counsel for Objectors Rockhurst University,*
*Harry Garavanian, and Gary Talewsky*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect-Purchaser Actions | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION RE:  APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL FOR INDIRECT-PURCHASER OMITTED REPEALER STATE CLASSES**<br><br>Hearing Date: June 6, 2019<br>Time: 2:00 p.m.<br>Judge: The Honorable Jon S. Tigar<br>Courtroom: 9, 19th Floor |

**TABLE OF CONTENTS**

Page No.

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  RELEVANT FEDERAL RULES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III. INTERIM CO-CLEAD CLASS COUNSEL SHOULD BE APPOINTED TO THE "ORS" CLASSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.  MR. SCARPULLA SHOULD BE APPOINTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

V.   MS. MOORE SHOULD BE APPOINTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

VI.  MR. BONSIGNORE SHOULD BE APPOINTED . . . . . . . . . . . . . . . . . . . . . . . . . . .8

VII. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

**TABLE OF AUTHORITIES**

Page No.

**Federal Rules**

Federal Rules of Civil Procedure, Rule 23(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I
## INTRODUCTION

Upon limited remand from the Ninth Circuit, this Court convened a Case Management Conference on April 9, 2019, and among other things, ordered that motions be filed for consideration of the appointment of Class Counsel to represent the interests of the members of the putative classes in a number of Indirect-Purchaser Omitted Repealer States who were omitted from the monetary settlements. These putative class members reside in states that permit some kind of recovery for indirect purchasers of the price-fixed goods at issue in this case, but which were not included among the 22 state-wide classes previously certified for litigation purposes. The states that comprise the putative indirect-Purchaser Omitted Repealer State Classes, and which are collectively referred to as the "ORS" Classes, are: Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah.

## II
## RELEVANT FEDERAL RULES

Rule 23(g) of the Federal Rules of Civil Procedure,[1] provides in pertinent part:

> **(1) Appointing Class Counsel.** Unless a statute provides otherwise, a court that certifies a class must appoint class counsel. In appointing class counsel, the court:
>
> **(A)** must consider:
>
> **(i)** the work counsel has done in identifying or investigating potential claims in the action;
>
> **(ii)** counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> **(iii)** counsel's knowledge of the applicable law; and
>
> **(iv)** the resources that counsel will commit to representing the class;

---

[1] All subsequent Rule 23 citations are to the Federal Rules of Civil Procedure.

    **(B)** may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;

    **(C)** may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms of attorney's fees and nontaxable costs;

    **(D)** may include in the appointing order provisions about the award of attorney's fees or nontaxable costs under Rule 23(f); and

    **(E)** may make further orders in connection with the appointment.

  **(2) Standard for Appointing Class Counsel.**  When one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4).  If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class.

  **(3) Interim Counsel.**  The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.

  **(4) Duty of Class Counsel.**  Class counsel must fairly and adequately represent the interests of the class.

### III<br>CO-LEAD COUNSEL SHOULD BE<br>APPOINTED FOR THE "ORS" CLASSES

The undersigned have been actively involved in this matter on behalf of end-user consumers who have been prevented from participating in previous attempts at settlement and/or prosecution of their claims.  By virtue of their collective efforts, the undersigned have brought to the attention of the Court, and the Court of Appeals, the manifest unfairness of previously-proposed settlements which purported to release the claims of the ORS Class Members for no compensation.  The Ninth Circuit remanded this case for further proceedings, which now provides the opportunity to give the ORS Class Members their own dedicated Co-Lead Counsel who will advocate for the interests of these Class Members, free from the conflicts of interest which led to the objections lodged by the undersigned in the first instance.  As demonstrated below, each of the three proposed Co-Lead Counsel satisfies the requirements of Rule 23(g).  Such counsel have demonstrated their ability to work collectively in furtherance of the best interests of the ORS Class Members, and they respectfully suggest that the Court should appoint all three so that the interests

of the ORS Class Members may be safeguarded.

## IV
## MR. SCARPULLA SHOULD BE APPOINTED

Mr. Scarpulla is currently counsel of record in the operative Indirect-Purchaser complaint. *See* Dkt. 1526. Former Special Master Hon. Vaughn Walker (U.S.D.J., Ret.) previously recommended to Judge Conti that Mr. Scarpulla be appointed as Co-Lead Counsel here to facilitate the settlement or trial of these actions. *See* Dkt. 3200 (attached as Exhibit 1 to the Declaration of Francis O. Scarpulla In Support of Motion re Appointment of Interim Co-Lead Class Counsel for Indirect-Purchaser-Omitted Repealer State Classes, ("Scarpulla Declaration"), and incorporated herein by reference). The mandatory requirements of Rule 23(g) are well-satisfied by Mr. Scarpulla. Mr. Scarpulla has undertaken a detailed analysis of the proposed settlement terms, and has identified several bases upon which class members who were not included in the 22 statewide damages classes previously certified for litigation may assert claims for monetary relief. *Accord*, Rule 23(g)(1)(A)(i) (requiring the court appoint class counsel to consider the work done by counsel in identifying claims).

Mr. Scarpulla has spent his entire 52-year career specializing in antitrust and class action litigation. Mr. Scarpulla is widely recognized as the father of post-*Illinois Brick* indirect-purchaser litigation, having developed the law involving state-court antitrust jurisdiction (*St. Joe Paper Co. v. Superior Court*, 120 Cal. App.3d 991 (1981)); joinder of parties and fraudulent concealment (*Union Carbide Corp. v. Superior Court*, 36 Cal.3d 15 (1984)); federal pre-emption policies (*Crown Oil Corp. v. Superior Court,* 177 Cal.App.3d 604 (1987)); and the propriety of class action certification in such actions (*B.W.I. Custom Kitchen v. Owen-Illinois, Inc.*, 191 Cal.App.3d 134 (1987)).

Mr. Scarpulla has been appointed to the leadership of antitrust class actions for decades. In the recent past, he was appointed Co-Lead Counsel in the *In re TFT-LCD (Flat Panel) Antitrust Litigation*, No. C-07-1827 SI (ND Cal.), Liaison Counsel in the Indirect Purchaser DRAM Antitrust Litigation, No. M-02-1486 PJH (ND Cal.), and Lead Counsel in the *In re Static Random Access Memory (SRAM) Antitrust Litigation*, Case No. 4:07-1819-CW (ND Cal.). *See* Scarpulla

Declaration, Exhibit 2. (*Curriculum Vitae*). More recently, Mr. Scarpulla was appointed Interim Co-Lead Counsel for Indirect Purchasers in *In re Parking Heaters Antitrust Litig.*, Case No. 15-mc-00940-JG-JO (E.D.N.Y.). Class members would benefit from his extensive experience and knowledge. *Accord*, Rule 23(g)(1)(A)(ii)-(iii) (requiring consideration of counsel's experience in handling class actions and counsel's knowledge of the applicable law).

Because the Court has ordered this case to mediation, settlement skills for Lead Counsel should be mandatory. Mr. Scarpulla possesses those skills, as then-Special Master Martin Quinn stated in the *LCD Litigation*:

> The Zelle Hoffman firm, and co-lead counsel Francis Scarpulla, were the engines that primarily drove the IPP effort to a successful conclusion. …I note that the case was not won at trial. The case was won in a series of mediated settlements. … During mediation, Mr. Scarpulla set the tone and led the strategy to obtain the excellent settlements. … As co-lead counsel, Mr. Scarpulla played precise the role expected of him, and according to every lawyer and mediator I spoke to, did so superbly. A not insignificant part of his job was to mesh the efforts of the two teams of lawyers, and to mollify the demands and objections of his co-lead counsel. *LCD Litigation,* Doc. 7375, pp. 24-25, (12/18/12).

However, should this case proceed to a jury trial, Mr. Scarpulla has tried several complex antitrust cases to juries over his years of practice.

Over his many years of practice, Mr. Scarpulla has been honored with various awards, which are listed in his attached Declaration at p. 1.

As confirmed by the attached Scarpulla Declaration, Mr. Scarpulla is prepared to commit the necessary resources of his firm to the representation of those Class Members in the Omitted Repealer States. *See*, Scarpulla Decl. at ¶ 4. *Accord,* Rule 23(g)(1)(A)(iv) (requiring consideration of the resources counsel will commit to the class).

For all of these reasons, the undersigned respectfully suggest that Mr. Scarpulla should be appointed here to represent the Indirect-Purchaser Omitted Repealer State Classes.

In addition to his own firm, Mr. Scarpulla is working with John G. Crabtree, who has appeared *pro hac vice* as Mr. Scarpulla's co-counsel. Mr. Crabtree has worked in the areas of appellate practice and class action law since 1991; he has been licensed to practice law in the State of Florida continuously since then and is in good standing with the Florida Bar as well as the bars

of Colorado and the District of Columbia.  He is a member of the American Law Institute and a Florida Bar board-certified appellate specialist.  He has represented clients in hundreds of appeals in state and federal appellate courts – orally arguing in a variety of courts, including the Supreme Court of the United States.  He has represented both individual plaintiffs and corporate defendants in dozens of class actions covering a wide range of substantive issues.  Mr. Crabtree's declaration, filed concurrently herewith, illustrates Mr. Crabtree's relevant experience and includes a representative list of class action cases in which he has acted as counsel.

Also appearing *pro hac vice* as Mr. Scarpulla's co-counsel is Brian M. Torres, a 1994 graduate of the University of California at Berkeley, Boalt Hall School of Law.  Mr. Torres has served as trial counsel in more than 200 civil litigation cases, and he has also appeared as appellate counsel in several dozen cases, including in the Ninth Circuit, where he is admitted.  Mr. Torres's *curriculum vitae* is attached to the Scarpulla Declaration as Exhibit 3, which includes a representative list of class action cases in which Mr. Torres participated as counsel for the plaintiffs or defendants.

# V
# MS. MOORE SHOULD BE APPOINTED

The mandatory requirements of Rule 23(g) are well-satisfied by Ms. Moore, an experienced antitrust and class action litigator.  Ms. Moore is an attorney of record in the CRT Antitrust Litigation and filed an Objection to the settlement in October 2015 on behalf of Nationwide class members of New State classes.  This objection brought to light multiple issues with the settlement and the settlement terms and notice.  The briefing ascertained clear legal paths upon which class members who are not included in the 22 state damages classes may assert claims for monetary relief.  The objection was fiercely opposed by IPPs, which engendered multiple rounds of further research, briefing and filings.  The case moved to the Court of Appeals where again the research and briefing were vigorous and challenging. Relevant new case law came out on multiple occasions during this period which required continued scrutiny, research, and intellectual analysis.  The legal research and analysis required for the Objection, Reply, Appellate Opening and Appellate Response briefs, as well as multiple rounds of mediation, involves multiple

overlapping class action and antitrust areas, requiring a savvy and experienced litigator to expertly move forward.  The briefing included multiple issues of first impression in the Court of Appeals, and detailed factual analysis. *Accord,* Rule 23(g)(1)(A)(i) (requiring the court appointing class counsel to consider the work done by counsel in identifying claims).

Ms. Moore has been a trial lawyer for 38 years and specializes in complex civil litigation. She has practiced almost exclusively for the past 25 years on behalf of plaintiffs prosecuting antitrust cases in Federal and State Courts, in both private and class action matters.  Ms. Moore has been lead or co-lead counsel in over 130 trials to verdict, both civil and criminal. And she has litigated multiple antitrust cases producing seminal precedent setting decisions (*e.g.*, *Clayworth v. Pfizer*, 49 Cal. 4th 758 (2010) (pass-on defense under CA unfair competition laws)) as well as landmark recoveries (*e.g.*, *TFT-LCD Flat Panel Litigation,* MDL 1827 (largest consumer antitrust settlement to date at the time, while with Co-Lead Counsel Joseph Alioto Law Firm)).  As relates to this CRT case at bar, as Co-Lead in the related TFT-LCD Flat Panel Litigation case, she actively managed relevant people and projects in the litigation and was intimately involved in strategy and tactics which produced the largest consumer class action price fixing settlement in the history of the antitrust law up to that date. She is familiar with the evidence, witnesses, issues, documents and theories in the CRT and LCD overlapping conspiracies, including as the conspiracy transmuted from CRTs to LCDs. (Declaration of Theresa D. Moore In Support of Motion for Appointment of Interim Co-Lead Class Counsel for New State Classes ("Moore Declaration"). *Accord*, Rule 23(g)(1)(A)(ii)-(iii) (requiring consideration of counsel's experience in handling class actions and counsel's knowledge of the applicable law).

In addition, Ms. Moore has served on Executive and Trial Committees, as well as many other committees in multiple class actions. Most recently, in addition to the Lead Counsel role in the TFT-LCD case discussed above, she currently acts for end users in the consumer Foreign Exchange Currency Litigation.  Ms. Moore has represented, in private matters as well as class action matters, independent companies and corporations of all sizes in large monetary recoveries in antitrust law. Litigated issues include monopolization, attempts to monopolize, conspiracies to monopolize, price fixing, group boycotts, market and customer allocation, tie-in arrangements,

1   exclusive dealing, commercial bribery, unlawful acquisitions and mergers, discriminatory pricing,
2   predatory pricing, interlocking directories and other anti-competitive conduct. *Accord*, Rule
3   23(g)(1)(A)(ii)-(iii) (requiring consideration of counsel's experience in handling class actions and
4   counsel's knowledge of the applicable law).
5       In addition, Ms. Moore is a Certified Mediator and a Special Master.  In her capacity as a
6   negotiator and mediator Ms. Moore has successfully mediated approximately 150 cases for many
7   private and government organizations, including the Federal Equal Employment Opportunity
8   Commission, Multi-Option ADR Project, State of California First District Court of Appeal,
9   Conflicts Resolution Center, San Francisco Superior Court and San Mateo County Courts, Bar and
10  Community.
11      As confirmed by the attached declaration, Ms. Moore has the resources necessary and is
12  prepared to commit the necessary resources of her firm to the representation of the Indirect-
13  Purchaser New State Classes.  *See* Moore Declaration, Exhibit A.  *Accord,* Rule 23(g)(1)(A)(iv)
14  (requiring consideration of the resources counsel will commit to the class).
15      Christopher Nedeau has appeared herein as Ms. Moore's co-counsel.  Mr. Nedeau is a
16  seasoned antitrust and trial attorney with more than three decades of courtroom experience. Mr.
17  Nedeau has been lead counsel in complex class action litigation in federal and state courts and
18  served as Lead Counsel for a defendant who went to trial in the related TFT-LCD Flat Panel
19  Litigation.  In 2012 he was in charge of a team of twenty-five lawyers defending the client, its
20  American subsidiary and five executives in the largest criminal antitrust trial in history.
21  Throughout his career Mr. Nedeau has tried approximately 100 criminal and civil cases to verdict.
22  Mr. Nedeau was a state and federal prosecutor for many years, and became a premier defense
23  attorney, demonstrated such that he has obtained summary judgements, class action dismissals and
24  defense verdicts in a variety of actions. Mr. Nedeau is a member of the American Board of Trial
25  Advocates, and a Fellow of the Litigation Counsel of America. He is ranked among the highest
26  class of attorneys for professional ethics and legal skills with an AV-Preeminent rating by
27  Martindale Hubbell.  *See* Moore Declaration, Exhibit B.  (*Curriculum Vitae*)
28      Ms. Moore will, and has at all times worked cooperatively, professionally, and respectfully

with all parties. She is prepared to devote the necessary time to the vigorous representation of the Omitted Repealer States. By appointing Ms. Moore as Class Counsel, the court will be providing the putative class of members in the Omitted Repealer States with experienced representation, with the background, and skill to provide the leadership necessary to efficiently and expertly litigate this case to maximize any recovery. Ms. Moore should be appointed here to represent the indirect-purchasers in the Omitted Repealer States.

## VI
## MR. BONSIGNORE SHOULD BE APPOINTED

As set forth below, each of the criteria identified in Rule 23(g) support the appointment of the Bonsignore firm[2] and Robert J Bonsignore[3] as Interim Lead Counsel for the ORS. As reflected in the concurrently filed Declaration of Robert J. Bonsignore In Support of Motion for Appointment of Bonsignore Trial Lawyers, PLLC as Interim Co-Lead Class Counsel for the Indirect-Purchaser-Omitted Repealer State Classes ("Bonsignore Declaration") and Exhibit 1 thereto (the "Firm Resume"), Mr. Bonsignore has extensive experience and success bringing resolution to highly complex and sprawling federal multi-district litigation. Mr. Bonsignore also has vast leadership experience in indirect purchaser antitrust litigation. For example, Mr. Bonsignore served as lead counsel in *In Re: Publication Paper Antitrust Litigation*, No. 3:04 MD 1631 (SRU) (D. Conn.). He also served as lead counsel in ten (10) other non-MDL price-fixing cases, including service as lead in the two legal precedent-setting cases that expanded the state laws of Massachusetts and New Hampshire and allowed for the first time indirect end use purchasers (like those in focus in the instant litigation) to seek an economic recovery for antitrust violations. Relatedly, Mr. Bonsignore wrote the first draft of legislation that would eventually be signed into Rhode Island law as its repealer statute.

Over decades at the bar, Mr. Bonsignore has served as a member of an executive committee or as class counsel in many MDL antitrust cases. His other extensive relevant

---

[2] Bonsignore Trial Lawyers, PLLC ("BTL") has primary offices in Massachusetts and Las Vegas, Nevada with satellite offices in New Hampshire.

[3] Bonsignore Trial Lawyers, PLLC are referred to throughout as "BTL."

8
MPA iso APPOINTMENT OF ORS CO-LEAD CLASS COUNSEL
Case No. 3:07-cv-5944, MDL No. 1917

1  experience may be referenced in his Firm Resume, Exhibit 1 to Bonsignore Declaration. *Accord*,
2  Rule 23(g)(1)(A)(ii)-(iii) (requiring consideration of counsel's experience in handling class actions
3  and counsel's knowledge of the applicable law).

4  Also reflected the Bonsignore Declaration and Firm Resume, Mr. Bonsignore has a proven
5  ability to work cooperatively and constructively with other counsel and has consistently
6  demonstrated leadership skills directing and motivating lawyers and bringing highly complex and
7  challenging cases to a fair resolution.

8  This Court noted during the recent CMC that there are many qualified firms involved in
9  this litigation.  What sets Mr. Bonsignore apart is the fact that he led the cause of the Omitted
10 Repealer States' quest to be granted an economic recovery from the point they were first noted to
11 be excluded from the economic recovery.  For example, BTL was a major contributor to the
12 creation of the record that supported the Ninth Circuit's order of remand.  Prior to remand, Mr.
13 Bonsignore zealously represented the ORS putative class members by creating a record during the
14 hearings before the Special Master, and later, in the review carried out by this Honorable Court.
15 Mr. Bonsignore represented specific class members who possessed an actual stake in the litigation
16 from included repealer states (Nevada and South Dakota) and Omitted Repealer States
17 (Massachusetts, Missouri, New Hampshire) throughout the process that brought this matter back to
18 this Court for final resolution.

19 At each step, Mr. Bonsignore has acted to bring this matter to a final resolution in the most
20 aggressive and expeditious way available.  For example, on appeal he sought no delays.  Instead,
21 he drafted and filed the first opening brief in the Ninth Circuit Court of Appeals.  Many months
22 before a subsequent brief was filed, the Bonsignore brief first targeted the issue[4] that eventually
23 supported the remand.  Mr. Bonsignore also presented oral argument before the Ninth Circuit.

---

[4] BTL also raised the other issues that were addressed by the Ninth Circuit at oral argument. Also, it is the obligation of BTL to take exception to this Court's ruling at the CMC that it will not consider the removal of Lead Counsel Alioto. While BTL understands that settlement of this sprawling controversy is in the best interest of all concerned, based on uncontroverted facts taken together with the content of the Flamm Affidavit (#5360). BTL is ethically obligated at this time to preserve the related rights of the putative class members of the ORS by objecting to Lead Counsel's continued representation.

*Accord*, Rule 23(g)(1)(A)(i) (requiring the court appoint class counsel to consider the work done by counsel in identifying claims).

Mr. Bonsignore has repeatedly and continuously performed detailed analysis of proposed settlement terms, including the bases upon which class members who were not included in the twenty-two (22) statewide damages classes previously certified for litigation may assert claims for monetary relief as well as the defenses to them. He started this process prior to his repeated attempts to have Omitted Repealer States included in the original distribution of funds, continued it during the appeal process, and renewed that analysis with a fresh look during the multiple settlement attempts coordinated by the Ninth Circuit Court of Appeals Alternative Dispute Resolution Program. *Id.* In fact, Mr. Bonsignore's commitment to fairly resolving the claims and obtaining a resolution of the matters in dispute included flying to the office of the designated lead defense lawyer the day after a failed mediation attempt in order to try to narrow the issues in dispute and bridge the gap to bring this litigation to a close.

As confirmed by the attached Declaration, Mr. Bonsignore possesses and is prepared to commit the necessary resources of his firm to the representation of class members from repeater states who were excluded from an economic recovery in the settlement remanded back to this Court. *See* Bonsignore Declaration, Exhibit 1; *accord,* Rule 23(g)(1)(A)(iv) (requiring consideration of the resources counsel will commit to the class).

In sum, Mr. Bonsignore has investigated and developed the claims in this litigation and continues work hard to advance the case. Mr. Bonsignore's focused efforts resulted in creating a supporting record at the district court level and presenting lead briefing and oral argument at the appellate level in favor the remand. His dedicated efforts weigh strongly in favor of granting Mr. Bonsignore's request to be appointed Lead Counsel. *See, e.g., In re HSBC Bank USA, N.A. Debit Card Overdraft Fee Litig.*, 2013 WL 3816597, at *10-11 (E.D.N.Y. July 22, 2013) (time and resources spent investigating complaint are substantial factors in appointing interim class counsel); *Michelle v. Artic Zero Inc.*, 2013 WL 791145, at *3 (S.D. Cal. Mar. 1, 2013) (selecting counsel who "demonstrated they have conducted more research and investigation in developing the case"). This is important because "judges are rightly concerned about denying lawyers who uncover

10

wrongdoing the reward of serving as class counsel.  Unless lawyers are compensated for time spent inventing liability theories and investigating misconduct, they will be discouraged from doing so." *See* Charles Silver, Class Actions-Representative Proceedings, 5 Encyclopedia of Law and Economics 194, 221 (2000).  This policy is particularly important for antitrust cases because, as Judge Cote observed:

> [T]here is a public policy that is important in this land to encourage top-tiered litigators to pursue challenging cases like this. Antitrust violations go to the heart of our economy. Our economic health and stability as a nation depend on the rule of law and trust in the fairness and transparency of our marketplace.

Final Approval Hr'g Tr., *In re: Credit Default Swaps Antitrust Litig.*, 13-MD-2476 (S.D.N.Y.) ("CDS"), Apr. 15, 2016, Dkt. No. 563, at 31:10-15.

     Mr. Bonsignore has the experience to appreciate in advance the nature and extent of the commitment to this litigation.  Moreover, Mr. Bonsignore has established through prior cases where he has been appointed Lead Counsel that he possesses the willingness, experience and ability to commit to the time-consuming and otherwise demanding duties of lead counsel in this litigation.  His legal strategy and negotiation skills have resolved highly complex, and seemingly unresolvable cases on terms remarkably favorable to his clients.  In part, this is a direct result of Mr. Bonsignore's overriding policy and philosophy – the best way to receive a favorable settlement is to prepare each case for trial.

     Mr. Bonsignore has represented to the Court that he will personally serve and perform all functions related to the position of lead counsel and not delegate or designate others to carry out those duties for him.  Mr. Bonsignore and should be appointed here to be Lead Counsel of the New State putative classes.

///

///

# VII
# CONCLUSION

For all of the foregoing reasons, the undersigned respectfully request that Mr. Scarpulla, Ms. Moore, and Mr. Bonsignore be appointed as interim Co-Lead Counsel to represent the interests for the putative Class Members in the Omitted Repealer States.

Dated: April 19, 2019                         Respectfully submitted,


   /s/  Francis O. Scarpulla
       Francis O. Scarpulla

Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: 415-788-7210
Facsimile:  415-788-0706
fos@scarpullalaw.com
pbc@scarpullalaw.com

Co-Counsel for Objector Dan L. Williams & Co.

   /s/  Theresa D. Moore
      Theresa D. Moore

Theresa D. Moore (99978)
Law Offices Of Theresa D. Moore
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 613-1414
tmoore@aliotolaw.com

Counsel for Objectors Rockhurst University, Harry Garavanian, and Gary Talewsky

  /s/ Robert J. Bonsignore
     Robert Bonsignore

Robert Bonsignore appearing *pro hac vice*
Lisa A. Sleboda appearing *pro hac vice*
Kelley Fahy
Bonsignore Trial Lawyers, PLLC
23 Forest Street
Medford, MA  02155
Office Phone: (781) 350-0000
Cell Phone: (781) 856-7650
Facsimile: (702) 852-5726
Email: rbonsignore@classactions.us
Email: lsleboda@class-actions.us

12

MPA iso APPOINTMENT OF ORS CO-LEAD CLASS COUNSEL

Email: kfahy@classactions.us

Counsel for Appellants Gianasca, Comeaux, Ashkannejhad, Speaect, Ciccone, and Craig

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION RE: APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL FOR INDIRECT-PURCHASER OMITTED REPEALER STATE CLASSES was filed *via* CM/ECF on April 19, 2019, and as a result has been served on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Francis O. Scarpulla
Francis O. Scarpulla