1  Francis O. Scarpulla (41059)
   Patrick B. Clayton (240191)
2  Law Offices of Francis O. Scarpulla
   456 Montgomery Street, 17th Floor
3  San Francisco, CA  94104
   Telephone:  (415) 788-7210
4  Facsimile:   (415) 788-0706
   Email: fos@scarpullalaw.com
5          pbc@scarpullalaw.com

6  *Co-Counsel for Objector Dan L. Williams &
   Co.*

7

8

9              **UNITED STATES DISTRICT COURT**

10          **NORTHERN DISTRICT OF CALIFORNIA**

11             **SAN FRANCISCO DIVISION**

12

13  **IN RE: CATHODE RAY TUBE (CRT)**     Master File No. 3:07-cv-5944-JST
    **ANTITRUST LITIGATION**
14                                        MDL No. 1917

15  This Document Relates to:             **DECLARATION OF FRANCIS O.**
                                          **SCARPULLA IN SUPPORT OF MOTION RE:**
16  All Indirect-Purchaser Actions        **APPOINTMENT OF INTERIM CO-LEAD**
                                          **CLASS COUNSEL FOR INDIRECT-**
17                                        **PURCHASER OMITTED REPEALER STATE**
                                          **CLASSES**
18
                                          Hearing Date:   June 6, 2019
19                                        Time:           2:00 p.m.
                                          Judge:          The Honorable Jon S. Tigar
20                                        Courtroom:      9, 19th Floor

21

22

23

24

25

26

27

28

I, Francis O. Scarpulla, declare as follows:

1.    I am admitted to practice before the United States Supreme Court, the United States Circuit Courts of Appeals for the Fifth, Seventh and Ninth Circuit, the United States District Courts: Northern, Central, and Eastern Districts of California; Northern District of Illinois; Eastern District of Pennsylvania, the Supreme Court of the State of California and all inferior courts of the State of California.

2.    I have been honored with the following various awards:

- Antitrust Lawyer of the Year, California State Bar
- Band 1 Plaintiffs' Antitrust Attorney by Chambers & Partners U.S.A.
- AV Preeminent Martindale Hubbell
- Best Lawyers in America
- California Lawyer Attorney of the Year ("CLAY")
- Super Lawyer
- Top 100 Lawyers in California
- Titan of the Bar
- Finance Monthly Antitrust & Competition Law Firm of the Year (USA)
- Global Leading Lawyers – Competition U.S. Plaintiffs Law Firm of the Year
- Lawyers of Distinction – Top 10% (USA)
- America's Most Honored Professionals – Top 1%
- Who's Who Legal:  Plaintiff's' Antitrust Lawyer
- Top Lawyer in Northern California
- AI – Most Outstanding Law Firm of the Year
- ACQ5 Global Award
  - US (CA) Antitrust Attorney of the Year;
  - America's Top 100 High Stakes Litigators;
  - Federal Antitrust Law Firm of the Year;
  - Civil Antitrust Law Firm of the Year;
  - Niche Law Firm of the Year; and
  - Game-Changer of the Year
- National Law Journal Trailblazers, M&A Antitrust
- Lawyers Worldwide Awards – Five Star Lawyers
- Global Awards – Best in Class Action Law Services

2.    I make this declaration in support of the Motion to appoint interim co-lead class counsel for indirect-purchaser classes Omitted Repealer State as defined in the accompanying Memorandum.

3.    I satisfy the requirements as listed in all subsections of the Federal Rules of Civil Procedure, Rule 23(g) regarding the appointment of Class Counsel.

SCARPULLA DEC. iso MOTION RE: APPOINTMENT OF CO-LEAD CLASS COUNSEL
Case No. 3:07-cv-5944, MDL No. 1917

4.    I have been actively involved in this matter on behalf of end-user consumers who have been prevented from participating in previous attempts at settlement and/or prosecution of their claims.

5.    I am prepared to commit the necessary resources of his firm to the representation of those Class Members in the Omitted Repealer States.

6.    Attached hereto as Exhibit 1 is a true and accurate copy of the Special Master's Report and Recommendation re Settlement, filed herein on December 12, 2014 at Dkt. 3200.

7.    Attached hereto as Exhibit 2 is a true and accurate copy of my *Curriculum Vitae*.

8.    Attached hereto as Exhibit 3 is a true and accurate copy of the *Curriculum Vitae* of Brian M. Torres, my co-counsel in the representation of Dan L. Williams Co., appearing herein *pro hac vice*.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

/s/ Francis O. Scarpulla

Francis O. Scarpulla

SCARPULLA DEC. iso MOTION RE: APPOINTMENT OF CO-LEAD CLASS COUNSEL

Case No. 3:07-cv-5944, MDL No. 1917

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing DECLARATION OF FRANCIS O. SCARPULLA IN SUPPORT OF MOTION RE:  APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL FOR INDIRECT-PURCHASER OMITTED REPEALER STATE CLASSES was filed *via* CM/ECF on April 19, 2019, and as a result has been served on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Francis O. Scarpulla
Francis O. Scarpulla

SCARPULLA DEC. iso MOTION RE: APPOINTMENT OF CO-LEAD CLASS COUNSEL
Case No. 3:07-cv-5944, MDL No. 1917

# EXHIBIT 1

Vaughn R Walker
Law Office of Vaughn R Walker
P O Box 26250
San Francisco, CA 94126
Tel: (415) 871-2888
Fax: (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No 1917 |
| | Master Case No 3:07-cv-05944SC |
| This Relates to: | **SPECIAL MASTER'S REPORT AND RECOMMENDATION RE SETTLEMENT** |
| Order Filed 11/17/2014 | |

In accordance with the mandate of the *Manual for Complex Litigation 4th*, ¶10.13 at 12 (Federal Judicial Center 2004) "periodically [to] monitor[] the progress of the litigation" and the court's case management authority to "facilitat[e] settlement" pursuant to FRCP 16(a)(5), the court has directed the undersigned to report on the status of settlement efforts in the above litigation and to make such recommendations that may assist the parties in reaching settlements where appropriate. Order filed 11/17/14, Doc 3118. This responds to that directive.

Presently, the court and parties face imminent dates for hearing and reaching decisions on a large number of summary judgment motions accompanied by voluminous submissions as well as pretrial and trial dates shortly after the first of the year. Many additional pretrial motions, such as motions *in limine*, trial scheduling and bifurcation of issues and parties can be expected and, if filed, will have to be argued and decided. In addition, numerous discovery issues remain to be resolved and discovery continues even though the discovery cut-off has passed. The task ahead for both the parties and the court is daunting. Although settlements are unlikely to resolve all claims and issues in this massive litigation, settlements of some claims should streamline the litigation that remains.

Some significant settlements have already been achieved. The direct purchaser plaintiff ("DPP") class have resolved substantially all their claims. Final approval for all but two defendants and the claims process has been granted by the court. Unfortunately, some of the DPP settlements have been complicated by uncertainty about membership in the class, an issue now before the court and one that could lead to appellate review. Nonetheless, the DPP settlements have materially reduced the scope of this litigation. For purposes of this report, the significance of the DPP settlements is that despite the complex fact issues in the DPP litigation and the legal uncertainties the parties in all the CRT cases face, about which more will be said presently, experienced and highly competent counsel on both sides of the DPP cases have been able to work through these difficult issues to a resolution.

In addition, some of the direct action plaintiff ("DAP") cases have settled and counsel in a number of DAP cases are fruitfully engaged in settlement discussions. Achieving settlements of the indirect purchaser plaintiff ("IPP") class cases has proven more difficult. Two

problems, in particular, have been obstacles to settlement in the IPP cases. Both issues are matters that have already come to the court's attention, although perhaps in different contexts and, therefore, the implications of these developments for settlement may not have been apparent to the court.

First, as previously related directly to the court, there has been a lack of "meaningful coordination" of fact and expert discovery by the IPPs' lead counsel and the California Attorney General's Office ("Cal AG"). *See e g, In re CRT Antitrust Litigation*, No 3:07-cv-5944-SC, MDL No 1917, Varanini Declaration, Doc 2859 at 2-3, filed September 18, 2014 (ND Cal). The Cal AG is pursuing *parens patriae* claims on behalf of California "natural persons" in San Francisco superior court against essentially the same defendants as are named in this court by the IPPs. *See* Cal Bus & Prof Code, §16760. In most instances, where there has been parallel *parens patriae* litigation brought by the Cal AG and indirect purchaser class litigation, the Cal AG has been able to coordinate her litigation in state court with litigation on behalf of the IPPs in federal court thereby avoiding duplication of effort and unnecessary expense.[1]

In this litigation, however, the Cal AG and IPPs' lead counsel have been unable to reach an accommodation to avoid these difficulties. Hence the extent of releases afforded by settlement of the Cal AG's claims is a matter in dispute. The Cal AG and IPPs' lead counsel are presently litigating these issues in state court with attendant distraction of their respective efforts.[2] These issues have already been presented to this court. But the point for purposes of this report is that the inability of IPP lead counsel and counsel for the Cal AG to resolve their respective responsibilities has opened up a new front of conflict that in most cases involving indirect purchaser and *parens patriae* claims has been avoided.

Coordination of the *parens patriae* action would assist not only this court, but would assist the state court, as well. See, e g, the state court's case management order, dated

---

[1] *See e g, In re TFT-LCD (Flat Panel) Antitrust Litigation*, No 3:07-md-1827SI, Indirect Purchaser Plaintiffs' and Settling States' Joint Motion to Appoint Fund Administrator and Distribute Settlement Fund, Doc 9217, filed 9/12/14 (ND Cal 2014), Attachment A.

[2] *See e g, The State of California et al v Chungwha Picture Tubes Ltd*, No CGC-11-515786, Sur-Reply of Objector Figone in Opposition to Motion for Final Approval of Philips Settlement, filed 11/27/13 (Superior Court for the State of California), Attachment B.

November 12, 2014, Attachment C. Uncertainty about the relationship of the *parens patriae* claims and the IPP claims has been exacerbated by the Ninth Circuit's recent decision in *California v Intelligender, LLC*, __ F3d __, 2014 WL 5786718 (9 Cir 2014), thus compounding the difficulties created by the lack of coordination between IPP lead counsel and the Cal AG.

Second, preparing for trial of the IPP claims is particularly complex, involving as it does the sometimes inconsistent laws of many states and the problems of tracing alleged damages through the distribution chain to the indirect purchasers. It is understandable that attention of IPP lead counsel to settlement may have taken a back seat to trial preparation. By the same token, fast approaching pretrial and trial dates, as those in this litigation, are usually conducive to settlements or, at least, serious settlement discussions. With one notable exception, however, IPP lead counsel has made little progress in the face of these looming deadlines. Furthermore, the IPP settlement discussions that the undersigned has been privy to do not appear to have been pursued with the degree of earnestness required to produce results. This most likely is the product not of a lack of good intentions, but rather of the IPP settlement team being understaffed in the face of the demands of getting ready for trial.

Hence, the undersigned recommends that the IPP team be augmented to explore settlement and to resolve the outstanding issues with the Cal AG. Although IPP lead counsel should welcome the needed assistance, he may well oppose this recommendation as it would represent a dilution of his hitherto undiluted authority over the IPP cases. Should that occur, the court should most certainly fully hear IPP lead counsel and consider his views thoughtfully. A prior draft of this recommendation was furnished IPP lead counsel on November 19, 2014. All other parties should also be invited to weigh in on this recommendation.

Notwithstanding possible opposition by IPP lead counsel and possibly others, the undersigned believes that the appointment of a committee of IPP counsel to deal with settlement is warranted. Such a committee is particularly called for where, as here, "group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making." *Manual for Complex Litigation, 4th*, ¶10.221 at 25. Perhaps as many as fifty counsel have brought IPP claims. Achieving consensus among that number of lawyers with

widely disparate client interests requires coordination beyond the time and capability of any one lawyer, despite that lawyer's capability and dedication. This recommendation does not entail replacing lead IPP counsel, but rather calls for augmenting the IPP team so that adequate attention and effort can be devoted to settlement.

Accordingly, in order for the settlement process to move forward, the undersigned RECOMMENDS that the court appoint additional lawyers from the ranks of those who represent IPPs to assume the laboring oar in seeking to coordinate IPP claims with the *parens patriae* claims of the Cal AG and in settlement negotiations. Because of the obvious need to coordinate settlement efforts with trial preparation and because of the substantial experience and efforts of IPP lead counsel, the undersigned RECOMMENDS that two experienced and able counsel representing indirect purchaser plaintiffs be assigned to work with IPP lead counsel. Two such counsel have presented themselves and expressed willingness to assume these responsibilities: Francis O Scarpulla and Josef D Cooper. Both are well known to the undersigned through many years of experience in the antitrust bar and have already done substantial work in this litigation. Messrs Scarpulla and Cooper participated constructively and effectively in negotiating settlements on behalf of indirect purchasers in the TFT-LCD litigation before Judge Illston, which the undersigned mediated and in the DRAM Litigation before Judge Hamilton. It is recommended that Messrs Scarpulla and Cooper work with IPP lead counsel as a three-person committee to deal with settlement and coordination with the Cal AG.

The undersigned has considered alternatives to this recommendation. One such alternative would be for the court to order the parties to mediation. While that sometimes proves effective in other cases, its effectiveness in this litigation is questionable. The number of lawyers who play important roles and their various client interests would make omnibus mandated mediation sessions unwieldy and not likely to prove fruitful. Furthermore, of course, a mandated mediation will not likely resolve the lack of coordination between IPP lead counsel and the Cal AG. Another alternative would be for the court simply to push ahead with trial preparation and let settlements take their own course. In addition to complicating the court's case management tasks, such an approach would disserve the parties. The claims at bar are

substantial, the facts out of which they arose are complex and the applicable laws are manifold and, in some significant respects, unsettled. Compare, *Motorola Mobility LLC v AU Optronics Corp*, ___ F3d ___ 2014 WL 6678622 (7 Cir 2014) with *In re TFT-LCD (Flat Panel) Antitrust Litigation*, 2012-2 Trade Cases ¶78,031, 2012 WL 3276932 (N D Cal 2012). These are circumstances that often make settlement sensible for parties on both sides of a case. Hence, I believe there are realistic prospects for significant settlements in this litigation. It would be unfortunate for those prospects not to be energetically pursued by lawyers who have demonstrated the capability to achieve significant settlements in similar litigation and to work cooperatively with the Cal AG.

IT IS THEREFORE RECOMMENDED that Francis O Scarpulla and Josef D Cooper be designated as co-lead counsel for the IPPs to work with IPPs' lead counsel as a committee for the purpose of assisting in the coordination of this litigation with related state court litigation and in negotiation of settlement of such actions as appropriate and to assist IPPs' lead counsel in his trial preparation efforts. The court should invite IPP lead counsel and any party that wishes to do so to comment on or oppose this recommendation within a time period convenient to the court's schedule and, of course, to consider any such views that are presented.

IT IS SO RECOMMENDED.

DATED: December *12*, 2014

_____

Vaughn R Walker
Special Master, United States District Judge (Ret)

# EXHIBIT 2

## *CURRICULUM VITAE* OF FRANCIS O. SCARPULLA

Mr. Scarpulla specializes in prosecuting complex civil cases, primarily antitrust lawsuits, most of which are class actions.

Throughout his over 50 years of practice, Mr. Scarpulla has participated in many federal antitrust class actions which have served to develop both state and federal law.  The federal antitrust class actions include the *Gypsum Wallboard Antitrust Litigation*, *Sugar Antitrust Litigation*, *Folding Cartons Antitrust Litigation*, *Fine Paper Antitrust Litigation*, *Corrugated Container Antitrust Litigation*, *Pharmaceutical Antitrust Litigation*, *Microsoft Monopolization Antitrust Litigation*, *Cosmetics Antitrust Litigation*, and more recently in the *DRAM*, *SRAM*, and *LCD* MDL cases, as well as *Parking Heaters Antitrust Litigation, Generic Pharmaceuticals Pricing Antitrust Litigation,* and *National Prescription Opiate Litigation*.

In addition to practicing law, Mr. Scarpulla was the past Chair of the Antitrust and Trade Regulation Section of the California State Bar.  He has participated in both ABA and CEB panels on competitive business practices, as well as having served as a guest lecturer in MBA programs.  Mr. Scarpulla also was an instructor at The University of California Hastings School of Law, teaching legal writing classes during 1985 and 1988.  He was an adjunct professor of Antitrust Law at Golden Gate University Law School.  Mr. Scarpulla taught Antitrust Law at The University of San Francisco School of Law during the Fall of 2015.

Mr. Scarpulla has been recognized by his peers as one of the outstanding antitrust practitioners in the country, including:

- Antitrust Lawyer of the Year, California State Bar
- Band 1 Plaintiffs' Antitrust Attorney by Chambers & Partners U.S.A.
- AV Preeminent Martindale Hubbell
- Best Lawyers in America
- California Lawyer Attorney of the Year ("CLAY")
- Super Lawyer
- Top 100 Lawyers in California
- Titan of the Bar
- Finance Monthly Antitrust & Competition Law Firm of the Year (USA)
- Global Leading Lawyers – Competition U.S. Plaintiffs Law Firm of the Year
- Lawyers of Distinction – Top 10% (USA)
- America's Most Honored Professionals – Top 1%

- Who's Who Legal:  Plaintiff's' Antitrust Lawyer
- Top Lawyer in Northern California
- AI – Most Outstanding Law Firm of the Year
- ACQ5 Global Award
  - US (CA) Antitrust Attorney of the Year;
  - America's Top 100 High stakes Litigators;
  - Federal Antitrust Law Firm of the Year;
  - Civil Antitrust Law Firm of the Year;
  - Niche Law Firm of the Year; and
  - Game-Changer of the Year
- National Law Journal Trailblazers, M&A Antitrust
- Lawyers Worldwide Awards – Five Star Lawyers
- Global Awards – Best in Class Action Law Services

In 2010, Mr. Scarpulla was admitted to the Rolls of Solicitors in England and Wales, as well as to the Roll of Solicitors in the Republic of Ireland in 2017.

Mr. Scarpulla is admitted to practice before the following courts:

- United States Supreme Court
- United States Circuit Courts of Appeals for the Fifth, Seventh and Ninth Circuits
- United States District Courts: Northern, Central, and Eastern Districts of California; Northern District of Illinois; Eastern District of Pennsylvania
- Supreme Court of the State of California and all inferior courts of the State of California
- Solicitor, England and Wales
- Solicitor, Republic of Ireland

For a detailed list of cases in which Mr. Scarpulla has participated, see the attached Appendix 1.

**APPENDIX**

**COMPLEX LITIGATION CASES**

(1)   *Plumbing Fixtures Antitrust Litigation* (E.D. Pa.) – price-fixing case brought on behalf of classes of public bodies and various private clients.  *See Lindy Bros. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (3rd Cir. 1973).

(2)   *Asphalt Antitrust Litigation* (N.D. Cal., D. New Mex., D. Idaho, D. Colo.) – price-fixing case brought on behalf of various public bodies.  *See State of New Mexico v. American Petrofina, et al.*, 501 F.2d 363 (9th Cir. 1974).

(3)   *Newspaper Publishing Monopolization Litigation* (N.D. Cal.) – brought on behalf of competing newspaper.  *See San Francisco Bay Guardian v. San Francisco Chronicle, et al.*, 344 F.Supp. 1155 (N.D. Cal. 1972).

(4)   *Gypsum Wallboard Antitrust Litigation* (N.D. Cal.) – price-fixing case brought on behalf of a national class of governmental bodies.  *See In re: Gypsum Cases*, 1974-2 Trade Cases &74,272 (N.D. Cal. 1974).

(5)   *Albacore Monopolization Litigation* (N.D. Cal.) – Sherman 1 and 2 case brought on behalf of a class of albacore fishermen.  *See Western Fishboat Owners Association v. Castle & Cooke, Inc., et al.*, C-74-1784 (N.D. Cal. 1974).

(6)   *Processed Potato Price Fixing Litigation* (S.D. Cal.) – brought on behalf of a class of restaurants.  *See Love's Wood Pit Barbecue v. Bell Brand Foods, Inc., et al.*, 1974 Trade Cases &74,905 (S.D. Cal. 1974).

(7)   *Boise City, Idaho v. Monroe, Inc., et al.*, Civil Action No. 1-76-127 (D. Idaho) – price-fixing action brought on behalf of the municipality of Boise City, Idaho, against certain ready-mix concrete companies.

(8)   *In re: Arizona Bakery Products Litigation*, Civil No. 74-208A PHX CAM (D. Ariz.) – antitrust price-fixing action brought on behalf of five classes of Arizona purchasers of bakery products.

(9)   *Spinetti, et al. v. Atlantic Richfield Company*, C-75-0324-RFP (N.D. Cal.) – claims of 80 petroleum wholesale distributors against their suppliers for violations of antitrust and federal energy laws.

(10)  *Presidio Golf Club of San Francisco, Inc., et al. v. National Service Industries, Inc.*, C-71-945-SW (N.D. Cal.) – price-fixing action brought on behalf of class of linen service users against linen suppliers.

(11)  *In re: Arizona Dairy Products Litigation*, Civil No. 74-569A PHX CAM (D. Ariz.) – antitrust price-fixing action brought on behalf of five classes of Arizona purchasers of dairy products.

(12)  *Folding Cartons Antitrust Litigation*, MDL 250 (N.D. Ill.) – antitrust price-fixing action brought on behalf of direct purchaser nationwide class of folding carton users.

(13)  *In re: Hawaii Beer Litigation*, Civil No. 77-0294A (D. Ha.) – antitrust price-fixing class action brought on behalf of a class of purchasers of beer in the State of Hawaii.

(14)   *In re: Sugar Industry Antitrust Litigation*, MDL 201 (N.D. Cal.) – antitrust price-fixing action brought on behalf of three private classes of sugar purchasers in the Western United States.

(15)   *Danielson v. Union Oil Company of California* (N.D. Cal.) – brought by petroleum wholesale distributor against his supplier for violation of federal antitrust and energy laws.

(16)   *Boardwalk Markets, Inc., et al. v. Associated Foods Stores, et al.* (N.D. Cal.) – brought by minority shareholders in wholesale grocery cooperative alleging violations of federal securities laws.

(17)   *National Super Spuds v. Gearhart Farms, Inc., et al.* (S.D. N.Y.) – commodities futures fraud action alleging manipulation of May 1976 Maine Potato Futures Contract.

(18)   *Fine Paper Antitrust Litigation (State of Arizona v. Boise Cascade, et al.)*, MDL 235 – antitrust price-fixing action by state agencies who purchased fine paper products.

(19)   *In re:  California Armored Cars Litigation*, MDL 387 – antitrust price-fixing action brought on behalf of private class of purchasers in California.

(20)   *Busy Boy Markets, Inc., et al. v. A.R.A. Services, Inc., et al.*, Civil Action No. C-79-2156-SW (N.D. Cal. 1980) – antitrust price-fixing action brought on behalf of purchasers of publications.

(21)   *In re:  California Wiring Devices Antitrust Litigation*, Civil Action No. 759-734 (S.F. Sup. Ct. 1981) – antitrust indirect-purchaser action on behalf of California consumers of wiring devices.

(22)   *In re:  Concrete Antitrust Litigation*, MDL 296 – antitrust action for Arizona ready-mix purchasers.

(23)   *Marks v. San Francisco Real Estate Board*, Civil Action No. C-71-369-MHP – antitrust, class action on behalf of Bay Area class of home sellers who paid fixed real estate commission rates.

(24)   *Solvoil Company v. Lamplight Farms, Inc.*, Civil Action No. 755-503 (S.F. Sup. Ct.) – antitrust/fraud action by terminated distributor against manufacturer-supplier.

(25)   *THC Financial Litigation*, Civil No. 76-0448C (D. Ha.) – securities fraud class action brought on behalf of the depositors and holders of investment certificates and debentures in THC Financial Corporation.

(26)   *Buffalo Whole Food and Grain Co. v. The Fleming Companies, et al.*, Civil Action No. C-81-927-THE – nationwide antitrust, class action on behalf of purchasers of health foods.

(27)   *In re: Olympic Oil Securities Litigation*, Civil Action No. C-81-3441-RPA (N.D. Cal.) – 10b-5 action on behalf of defrauded shareholders.

(28)   *Prescottano v. Koracorp Industries, Inc.*, C-74-1704 (N.D. Cal.) – class of shareholders alleging securities fraud.

(29)   *Espirit de Corp. v. Alton Box Board Co., et al.*, Civil Action No. 750-975 (S.F. Sup. Ct. 1982) – state-wide, antitrust class action for indirect purchasers of corrugated boxes.

(30)   *Greenberg v. Leviton Manufacturing Co., Inc., et al*. (S.F. Sup. Ct. 1980) – state-wide class action for indirect purchases of wiring devices.

(31)   *Busy Boy Markets, Inc., et al. v. Roblin Industries, Inc., et al.*, Civil Action No. 772-241 – antitrust price-fixing case for class of indirect purchasers of shopping carts.

(32)   *U.F.C.W., Local 1288 v. Allied Finance Adjusters Conference*, Civil Action No. 777-670 (S.F. Sup. Ct.) – antitrust price-fixing action by California class against repossession firms.

(33)   *In re Petroleum Products Antitrust Litigation (Retail Clerks Union, Local 648, et al. v. Exxon Corp., et al.)*, MDL 150 – indirect purchaser, antitrust class action on behalf of California consumers of gasoline.

(34)   *In re:  Airport Rent-A-Car Antitrust Litigation*, MDL 338 – antitrust action by independent car rental companies against major car rental companies; appeal pending before the Ninth Circuit.

(35)   *Tom Lazio Fish Co., Inc. v. Castle & Cooke, Inc., et al.* (S.F. Sup. Ct.) – antitrust, predatory pricing action brought by competitor against major tuna packers.

(36)   *In re:  Records and Tapes Antitrust Litigation* (N.E. Ill. 1983) – nationwide, price-fixing, class action for direct purchasers of records and tapes.

(37)   *Alexander v. Cambridge-Lee Industries, Inc., et al.* (S.F. Sup. Ct. 1983) – indirect-purchaser, antitrust class action by California purchasers of copper tubing.

(38)   *B.W.I. Custom Kitchens v. Owens-Illinois, et al.* (S.F. Sup. Ct. 1983) – indirect-purchaser, antitrust class action by California wholesale purchasers of glass containers.

(39)   *Highland Park Liquor, Inc., et al. v. ARA Services, Inc., et al.* (L.A. Sup. Ct. 1983) – antitrust, price-fixing class action by wholesale purchasers of magazines.

(40)   *Biljac v. Bank of America, et al.* (S.F. Sup. Ct. 1984) – Unfair Competition Act case for antitrust price-fixing involving the prime rate to commercial borrowers.

(41)   *Biogenesis Research, Inc. v. The Hertz Corporation, et al.* (S.F. Sup. Ct. 1984) – Unfair Competition Act for fixing car-rental rates to California consumers.

(42)   *Alexander v. American Savings & Loan Association, et al.* (S.F. Sup. Ct. 1984) – Unfair Competition Act for fixing pre-payment and association fees.

(43)   *Tyre Treds, Inc. v. The Firestone Tire & Rubber Company*, Civil No. 70-236-SC (N.D. Cal. 1976) – distributor termination, antitrust action.

(44)   *Reno-West Coast Distributing Company, Inc. v. The Mead Corporation*, Civil Action No. 73-0250-SW (N.D. Cal. 1976) – distributor termination, antitrust action.

(45)   *Unique Factory Outlet v. Espirit de Corp.*, Civil No. C-78-2336-WTS (N.D. Cal. 1980) – distributor termination, antitrust action.

(46)   *California Indirect-Purchaser Infant Formula Antitrust Litigation*, Judicial Council Coordination Proceeding No. 2557 (L.A. Sup. Ct.) – state-wide, Cartwright Act, class action for consumers who purchased infant formula.

(47)   *Stead Industries, Inc. v. State Industries, Inc.* (N.D. Cal.) – Sherman 2 monopolization case involving water heater industry.

(48)   *Airport Hub Antitrust Litigation* (N.D. Ga.) – nationwide class action for price-fixing of domestic airline ticket prices.

(49)   *Duke Development Company v. The Stanley Works, et al.* (S.F. Sup. Ct.) – state-wide, price-fixing, Cartwright Act, class action for indirect purchasers of hinges.

(50)   *Exxon Valdez Spill Litigation* (L.A. Sup. Ct.) – state-wide class action for economic damages suffered by California motorists caused by Exxon Valdez spill.

(51)   *Dombek v. Humboldt Petroleum, Inc., et al.* (H.C. Sup. Ct.) – price-fixing, Cartwright Act class action for purchasers of petroleum products in Humboldt County.

(52)   *First Executive Life Insurance Litigation* (S.F. Sup. Ct.) – nationwide class of defrauded life insurance purchasers.

(53)   *Abbott v. Genentech, Inc.* (N.D. Cal.) – nationwide securities class action for security fraud violations.

(54)   *Abbott/Morse v. Nintendo of America, Inc.* (S.M. Sup. Ct.) – state-wide class action for unfair business practices in Cartwright Act violations.

(55)   *Los Angeles Waste Antitrust Litigation* (L.A. Sup. Ct.) – county-wide, price-fixing, Cartwright Act class action.

(56)   *In re: Macadamia Nuts Antitrust Litigation* (N.D. Cal.) – nationwide class action on behalf of direct purchasers of macadamia nuts for price-fixing.

(57)   *Weinberg/Friedman v. The B. Manischewitz Co.* (S.F. Sup. Ct.) – state-wide, Cartwright Act, price-fixing class action for indirect purchasers of matzo products.

(58)   *Movie 1 & 2 v. United Artists, et al.* (N.D. Cal.) – competitor case for alleged group boycott and monopolization.

(59)   *Wirebound Box Antitrust Litigation* (D. MN.) – nationwide class action for price-fixing of wirebound boxes.

(60)   *Orlando & Jones, Inc., et al. v. Nautilus Sports/Medical Industries, Inc., et al.* (D. Fl.) – distributor claiming unfair business practices by manufacturer.

(61)   *James R. Benefiel and Edward D. Taylor v. Exxon Corporation, et al.* (L.A. Sup. Ct. 1989) – California class action for economic damages due to Exxon oil spill.

(62)   *Syufy Enterprises v. Vogel Popcorn Company, et al.*, File No. CV. 3-89-664, Master File No. 3-89-710 – class action involving bulk raw popcorn price-fixing case on behalf of direct purchasers.

(63)   *Renaissance Rialto, Inc., et al. v. Vogel Popcorn Company, et al.*, Civil No. 909-893 (S.F. Sup. Ct.) – class action involving bulk raw popcorn price-fixing case, on behalf of indirect purchasers.

(64)   *Arthur M. Stone Company and Tree of Life, Inc. v. Mauna Loa Macadamia Nut Corporation, et al.* - (N.D. Cal. 1990) – direct-purchaser, class action for price-fixing macadamia nuts.

(65)   *Gary Kaplan/Frank Holminski v. Southern Pacific Transportation Company, et al.*, Civil No. 935-732 (S.F. Sup. Ct.) – class action suit for damages due to toxic spill.

(66)   *John R. Travis v. Deloitte & Touche, et al.*, Civil No. 933-393 (S.F. Sup. Ct.) – class action suit representing persons who purchased life insurance products, who were damaged by fraudulent investments.

(67)   *In re: Potash Antitrust Litigation*, Civil File No. 3-93-197, MDL 981, U.S. District Court, District of Minnesota, Third Division – class action suit on behalf of direct purchasers of potash alleging horizontal price-fixing.

(68)   *Neve Brothers v. Potash Corporation of America, et al.*, Civil Case No. 959-767 (S.F. Sup. Ct.) – indirect-purchaser antitrust class action for potash purchasers.

(69)   *Diane Barela, et al. v. Ralph's Grocery Company, et al.*, Civil Case No. BC070061 (L.A. Sup. Ct.) – consumer class action alleging a milk price-fixing conspiracy in Los Angeles County.

(70)   *In re: Baby Food Antitrust Litigation*, Master File No. 92-5495 (NHP), United States District Court for the District of New Jersey – class action of direct purchasers against baby food manufacturers.

(71)   *Leslie K. Bruce, et al. v. Gerber Products Company, et al.*, Civil Case No. 948-857 (S.F. Sup. Ct.) – indirect-purchaser, price-fixing action against baby food manufacturers.

(72)   *Mark Notz, et al. v. Ticketmaster-Southern California, Inc., et al.*, Civil Case No. 943-327 (S.F. Sup. Ct.) – consumer class action alleging a territorial allocation in violation of the Cartwright Act.

(73)   *Nancy Wolf v. Toyota Motor Sales, U.S.A., Inc., et al.*, Civil Action No. C94-1359-MHP – nationwide, consumer class action alleging that the TDA Assessment on the dealer invoice was raised pursuant to an antitrust agreement.

(74)   *Lee Bright v. Kanzaki Specialty Papers, Inc., et al.*, Civil Action No. 963-598 (S.F. Sup. Ct.) – indirect-purchaser, consumer class action alleging a price-fixing conspiracy on fax paper.

(75)   *In re: Media Vision Technology Securities Litigation*, Civil Action No. C-94-1015-EFL (U.S. District Court - Northern District of CA) – securities fraud class action.

(76)   *Tortola Restaurants, L.P. v. Comet Products, Inc., et al.*, Civil Action No. 961-814 (S.F. Super Ct.) – indirect-purchaser, class action alleging a price-fixing conspiracy on plastic dinnerware.

(77)   *In re: California X-Ray Antitrust Litigation*, Civil Action No. 960-886 (S.F. Sup. Ct.) – indirect-purchaser, class action alleging price-fixing in X-ray film.

(78)   *Dianne Castano, et al. v. The American Tobacco Company, et al.*, Civil Action No. 94-1044, Section "S"(5) (U.S. District Court - Eastern District of Louisiana) – class action alleging that the tobacco companies formulated cigarettes to addict consumers.

(79)   *In re: Brand Name Prescription Drugs Antitrust Litigation*, Civil Action No. 94-C-897, MDL 997 (U.S. District Court - Northern District of Illinois, Eastern Division) – direct-purchaser class action alleging that the prescription drug manufacturers and wholesalers combined to keep prices unreasonably high to retail pharmacies.

(80)   *Pharmaceutical Cases I, II and III*, Judicial Council Proceeding Nos. 2969, 2971, 2972 (S.F. Sup. Ct.) – indirect-purchaser, consumer class action alleging that prescription drug manufacturers and wholesalers kept prices unreasonably high to retail pharmacies who passed on the overcharges to consumers.

(81)   *In re: Carbon Dioxide Antitrust Litigation*, MDL 940, United States District Court, Middle District of Florida, Orlando Division – direct purchaser class action alleging price-fixing on carbon dioxide.

(82)   *In re: Liquid Carbon Dioxide Cases*, Judicial Council Coordination Proceeding No. 3012 (San Diego Sup. Ct.) – indirect-purchaser class action alleging price-fixing on carbon dioxide.

(83)   *Jack Davis v. Microsoft Corporation*, Civil Action No. 963597 (S.F. Sup. Ct.) – consumer class action alleging that Microsoft's 6.0 system was flawed and should be corrected.

(84)   *In re: Airline Ticket Commission Antitrust Litigation*, MDL 1058 (Judicial Panel on Multidistrict Litigation) – class action alleging that the airlines conspired to fix travel agents' commission rates.

(85)   *Cosmetics Antitrust Litigation;* JCCP No. 4056 – class action alleging that manufacturers of prestige cosmetics and retail department stores conspired to prevent discounting of cosmetics.

(86)   *In re: Sorbate Price-Fixing Cases*; JCCP 4073 – class action alleging that certain manufacturers of sorbate fixed prices for product sold indirectly to California.

(87)   *In re: Methionine Antitrust Litigation*, MDL 1311 – class action alleging that certain manufacturers of methionine fixed prices to direct purchasers throughout the United States.

(88)   *In re: Methionine Cases*, JCCP 4090 – class action alleging that certain manufacturers of methionine fixed prices to indirect purchasers of that product in California

(89)   *Gaehwiler, Sr., et al. v. Sunrise Carpet Industries, et al.*, SF Sup. Ct. Action No. 978345 – class action alleging that manufacturers of certain types of carpets fixed prices to indirect purchasers in California.

(90)   *Chrysler Paint Cases*; JCCP 4038 – nationwide class action alleging defect in Chrysler paint.

(91)   *Sanitary Paper Cases I & II*, JCCP 4019, 4027 – class action alleging that manufacturers of certain types of sanitary paper fixed prices to indirect purchasers in California.

(92)   *In re: Dura Lube Corporation Fraud Actions*, SF Sup. Ct. Action No. 304186 – class action alleging certain practices and false advertising by Dura Lube.

(93) *In re: Flat Glass Indirect Purchaser Antitrust Litigation*, JCCP 4033 – class action alleging that manufacturers of certain types of flat glass fixed prices to indirect purchasers in California.

(94) *Verges, et al. v. Old Republic Title Co.*, SF Sup. Ct. Action No. 996929 – statewide class action alleging fraudulent schemes by title insurance companies.

(95) *In re: Toys R Us Antitrust Litigation*, MDL 1211 – nationwide class action alleging anticompetitive activities in the children's toy market.

(96) *NASDAQ Market Makers Antitrust Litigation*, MDL 1023 94 Civ. 3996 (RWS) – nationwide class action alleging that commissions were illegally fixed.

(97) *In re: Vitamin Antitrust Litigation*, JCCP 4076 – statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(98) *Sanders v. Great Spring Water of America d/b/a Calistoga Mineral Water Co. and d/b/a Arrowhead Mountain Spring Water Co., et al*, S.F. Sup. Ct. 303549 – nationwide class action alleging deceptive advertising in the sale of so-called "spring water."

(99) *In re: Providian Credit Card Litigation,* JCCP 4085 – a consumer fraud class action alleging a credit card company imposes fraudulent fees on its customers.

(100) *GM Car Paint Cases*; JCCP 4070 – nationwide class action alleging defect in GM paint.

(101) *Lopez v. Nissan North America, Inc.*, S.F. Sup. Ct. Action No. 305810 – nationwide class action alleging defect in Nissan paint.

(102) *Judy v. Ford Motor Company*, S.F. Sup. Ct. Action No. 305722 – nationwide class action alleging defect in Ford paint.

(103) *In re: Auctions House Antitrust Litigation*, JCCP 4145 – indirect-purchaser antitrust class action alleging that major auction houses fixed buyer commissions.

(104) *In re: Microsoft I-V Cases*; JCCP 4106 – California Cartwright Act class action on behalf of all natural persons and businesses that purchased Microsoft operating systems and applications.

(105) *In re: Cigarette Price-Fixing Cases*, JCCP 4114 – California Cartwright Act class action alleging that the tobacco companies fixed prices of cigarettes to pay state settlements.

(106) *Weyerhauser Siding Cases,* S.F. Sup. Ct. Action No. 995787 – nationwide class action alleging that home siding was defective.

(107) *In re: Carbon Fiber Cases I, II, and III*, JCCP 4212, 4216, and 4222 – statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(108) *In re: Microcrystalline Celluloid (MCC) Cases I, II, and IIII*, JCCP 4173, 4178 and 4181 – statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(109) *In re: Methionine Cases and Methionine Cases II*, JCCP 4090 and 4096 – statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(110) *Cintas Technologies, Inc., v. ISK Magnetics, et al.*, S.F. Sup. Ct. Action No. 323321 – statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(111)  *In re: Carbon Black Cases*, JCCP 4323 – statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(112)  *Sullivan, et al. v. DB Investments, Inc., et al.*, USDC, NDNJ No. 3:04- cv-02819 – nationwide class action by direct purchasers alleging a price-fixing conspiracy.

(113)  *DRAM Cases*, JCCP 4265 – statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(114)  *Automobile Antitrust Cases I, II*, JCCP 4298 and 4303 – statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(115)  *In re: Natural Gas Anti-Trust Cases I, II, III & IV*, JCCP 4221, 4224, 4226 and 4228 – statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(116)  *In re: Laminate Cases*, JCCP 4129 – statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(117)  *In re: Lupron Drug Cases*, JCCP 4238 – statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(118)  *Alameda Drug Co., et al. v. Medco Health Solutions, Inc., et al.*, S.F. Sup. Ct. Action No. CGC-04-428109 – statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(119)  *Polyester Staple Cases*, JCCP 4278 – statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(120)  *Food Additives (HFCS) Cases*, JCCP 3261 – statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(121)  *In re: Insurance Brokerage Antitrust Litigation*, MDL 1663 – nationwide class action by direct purchasers alleging a price-fixing conspiracy.

(122)  *Schreiner and Gustin, Inc. v. Crompton Corporation, et al.,* Sup. Ct. Action No. CGC-04-429323 – statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(123)  *Leola Loots v. Crompton Corp., et al.*, Sup. Ct. Action No. CGC-04-431247 – statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(124)  *Kim, et al. v. SONY Computer Entertainment, America, Inc.*, Sup. Ct. Action No. CIV 427336 – statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(125)  *Schneider v. Autobahn Motors, et al.*, Sup. Ct. Action No. 315111 – statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(126)  *Sullivan v. Union Oil Company of California,* Dist. Ct. Action No. 04-5236 – nationwide class action by direct purchasers alleging a price-fixing conspiracy.

(127)  *In re: Intel Corporation Microprocessor Antitrust Litigation*, MDL 1717 – nationwide class action by purchasers of computers with Intel systems.

(128)  *In re: TFT-LCD (Flat Panel) Antitrust Litigation*, MDL 1827 – indirect-purchaser class action for LCD price-fixing.

(129) *In re: Static Random Access Memory (SRAM) Antitrust Litigation*, MDL 1819 – indirect-purchaser class action for SRAM price-fixing.

(130) *In re: Optical Disk Drive (ODD) Antitrust Litigation*, MDL 2143 – indirect-purchaser class action for ODD price-fixing.

(131) *In re: Flash Memory Antitrust Litigation*, MDL 1852 – indirect-purchaser class action for Flash price-fixing.

(132) *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, MDL 1917 – indirect-purchaser class action for CRT price-fixing.

(133) *In re: Lithium Ion Batteries Antitrust Litigation*, MDL 2420 – indirect-purchaser class action for LIB price-fixing.

(134) *In re: Automotive Parts Antitrust Litigation*, MDL 2311 – class action for automotive parts price-fixing.

(135) *Automotive Parts Cases – Wire Harness*, Dist. Ct. Action No. 12-00100 – class action for wire harness price-fixing.

(136) *Automotive Parts Cases – Instrument Panel Clusters*, Dist. Ct. Action No. 12-00200 – class action for instrument panel clusters price-fixing.

(137) *Automotive Parts Cases – Fuel Senders*, Dist. Ct. Action No. 12-00300 – class action for fuel senders price-fixing.

(138) *Automotive Parts Cases – Heater Control Panels*, Dist. Ct. Action No. 12-00400 – class action for heater control panels price-fixing.

(139) *Automotive Parts Cases – Bearings*, Dist. Ct. Action No. 12-00500 – class action for wire harness price-fixing.

(140) *Automotive Parts Cases – Occupant Safety Systems*, Dist. Ct. Action No. 12-00600 – class action for occupant safety systems price-fixing.

(141) *Automotive Parts Cases – Alternators*, Dist. Ct. Action No. 13-00700 – class action for alternators price-fixing.

(142) *Automotive Parts Cases – Anti-Vibrational Rubber Parts*, Dist. Ct. Action No. 13-00800 – class action for anti-vibrational rubber parts price-fixing.

(143) *Automotive Parts Cases – Windshield Wipers*, Dist. Ct. Action No. 13-00900 – class action for windshield wipers price-fixing.

(144) *Automotive Parts Cases – Radiators*, Dist. Ct. Action No. 13-01000 – class action for radiators price-fixing.

(145) *Automotive Parts Cases – Starters*, Dist. Ct. Action No. 13-01100 – class action for starters price-fixing.

(146) *Automotive Parts Cases – Automotive Lamps*, Dist. Ct. Action No. 13-01200 – class action for automotive lamps price-fixing.

(147) *Automotive Parts Cases – Switches*, Dist. Ct. Action No. 13-01300 – class action for switches price-fixing.

(148) *Automotive Parts Cases – Ignition Coils*, Dist. Ct. Action No. 13-01400 – class action for ignition coils price-fixing.

(149) *Automotive Parts Cases – Motor Generator*, Dist. Ct. Action No. 13-01500 – class action for motor generator price-fixing.

(150) *Automotive Parts Cases – Steering Angle Sensors*, Dist. Ct. Action No. 13-01600 – class action for steering angle sensors price-fixing.

(151) *Automotive Parts Cases – HID Ballasts*, Dist. Ct. Action No. 13-01700 – class action for HID ballasts price-fixing.

(152) *Automotive Parts Cases – Inverters*, Dist. Ct. Action No. 13-01800 – class action for inverters price-fixing.

(153) *Automotive Parts Cases – Electronic Powered Steering Assemblies*, Dist. Ct. Action No. 13-01900 – class action for electronic powered steering assemblies price-fixing.

(154) *Automotive Parts Cases – Air Flow Meters*, Dist. Ct. Action No. 13-02000 – class action for air flow meters price-fixing.

(155) *Automotive Parts Cases – Fan Motors*, Dist. Ct. Action No. 13-02100 – class action for fan motors price-fixing.

(156) *Automotive Parts Cases – Fuel Injection Systems*, Dist. Ct. Action No. 13-02200 – class action for fuel injection systems price-fixing.

(157) *Automotive Parts Cases – Power Window Motors*, Dist. Ct. Action No. 13-02300 – class action for power window motors price-fixing.

(158) *Automotive Parts Cases – Automatic Transmission Fluid Warmers*, Dist. Ct. Action No. 13-02400 – class action for automatic transmission fluid warmers price-fixing.

(159) *Automotive Parts Cases – Valve Timing Control Devices*, Dist. Ct. Action No. 13-02500 – class action for valve timing control devices price-fixing.

(160) *Automotive Parts Cases – Electronic Throttle Bodies*, Dist. Ct. Action No. 13-02600 – class action for electronic throttle bodies price-fixing.

(161) *Automotive Parts Cases – Air Conditioning Systems*, Dist. Ct. Action No. 13-02700 – class action for air conditioning systems price-fixing.

(162) *Automotive Parts Cases – Windshield Washer Systems*, Dist. Ct. Action No. 13-02800 – class action for windshield washer systems price-fixing.

(163) *Automotive Parts Cases – Automotive Constant Velocity Joint Boot Products*, Dist. Ct. Action No. 14-02900 – class action for automotive constant velocity joint boot products price-fixing.

(164) *In re: Vehicle Carrier Services Antitrust Litigation*, MDL 2471 – indirect-purchaser class action for vehicle carrier services price-fixing.

(165) *In re: Cast Iron Soil Pipe Antitrust Litigation*, MDL 2508 – indirect-purchaser class action for cast iron soil pipe price-fixing.

(166) *Pierce-Nunes v. Toshiba America Information Systems, Inc.*, Dist. Ct. Action No. 14-00796 – class action for intentionally mislabeling LCD televisions as LED televisions.

(167) *Wheitz v. Vizio, Inc.*, Sup. Ct. Action No. CGC-14-537610 – class action for intentionally mislabeling LCD televisions as LED televisions.

(168) *Rabinowitz v. Samsung Electronics America, Inc.*, Dist. Ct. Action No. 14-00801 – class action for intentionally mislabeling LCD televisions as LED televisions.

(169) *Ferrari v. Best Buy Co., Inc. et al.*, Dist. Ct. Action No. 14-02956 – class action for intentionally mislabeling LCD televisions as LED televisions.

(170) *Popejoy et al v. Sharp Electronics Corporation*, Dist. Ct. Action No. 14-03495 – class action for intentionally mislabeling LCD televisions as LED televisions.

(171) *Four in One Company, Inc. v. SK Foods, L.P. et al.*, Dist. Ct. Action No. 08-03017 – direct-purchaser class action for tomatoes price-fixing.

(172) *In re: Processed Egg Products Antitrust Litigation*, MDL 2002 – class action for processed egg products price-fixing.

(173) *In re: Aftermarket Automotive Lighting Products Antitrust Litigation*, MDL 2007 – indirect-purchaser class action for aftermarket automotive lighting products price-fixing.

(174) *In re: Transpacific Passenger Air Transportation Antitrust Litigation*, MDL 1913 – indirect-purchaser class action for transpacific passenger air transportation price-fixing.

(175) *In re Parking Heaters Antitrust Litigation*, MDL 904, EDNY – indirect-purchaser class action for truck heaters price-fixing.

(176) *In re:  Disposable Contact Lens Antitrust Litigation*, MDL 2626, MDFL – indirect-purchaser class action for vertical price-fixing by manufacturers of disposable contact lenses.

(177) *In re:  Packaged Seafood Products Antitrust Litigation*, MDL 2670, SDCA – indirect-purchaser class action for price-fixing by processors of packaged seafood products.

(178) *In re:  Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL 2672, NDCA – class action brought on behalf of consumers against manufacturers of European diesel engines fraudulently promoted as environmentally "clean."

(179) *In re:  Chryler-Dodge-Jeep EcoDiesel Marketing, Sales Practices and Products Liability Litigation*, MDL 2777, NDCA – class action brought on behalf of consumers against manufacturers of American diesel engines fraudulently promoted as environmentally "clean."

(180) *Gumbs, et al. v. Aurobindo Pharma USA, Inc., et al.,* USDC/NDCA Case No. 17-02084 – class action brought on behalf of independent pharmacists alleging pharmacies selling generic glyburide tablets of conspiring to fix, raise, maintain and stabilize the price of said tablets.

(181)   *County of San Joaquin, et al. v. Purdue Pharma L.P., et al.*; San Joaquin County Superior Court Case No. STK-CV-UBT-2017-5325 – action by city and county governments against pharmaceutical manufacturers to recover costs of responding to opioid epidemic caused by defendants' failure to disclose adequately the risks of addiction and abuse.

(182)   *GER Hospitality, LLC, et al. v. PG&E Corporation, et al.*, Sonoma County Superior Court Case No. SCV-261723 – action by business operator against PG&E Corporation and Pacific Gas & Electric Company for damages suffered due to the Wine Country Wildfires which commenced in early October 2017.

(183)   *Steel, et al. v. PG&E Corporation, et al.*, Napa County Superior Court Case No. 18-CV-000030 – class action by residents of veterans' home against PG&E Corporation and Pacific Gas & Electric Company for damages suffered due to the Wine Country Wildfires which commenced in early October 2017.

(184)   *Carpeneti v. PG&E Corporation, et al.*, San Francisco County Superior Court Case No. CGC-18-563823 – action by landowner against PG&E Corporation and Pacific Gas & Electric Company for damages suffered due to the Wine Country Wildfires which commenced in early October 2017.

(185)   *Wahidullah Medical Corp. v. St. Joseph Hospital of Eureka, et al.*, USDC/NDCA Case No. 3:18-cv-02074 – action by medical laboratory against medical providers alleging group boycott and monopolization, in violation of federal and California law.

(186)   *Smylie, et al. v. PG&E Corporation, et al.*, Sonoma County Superior Court Case No. SCV-262539 – class action by evacuees of Santa Rosa against PG&E Corporation and Pacific Gas & Electric Company for damages suffered due to the Wine Country Wildfires which commenced in early October 2017.

# EXHIBIT 3

## CURRICULUM VITAE OF BRIAN M. TORRES

Since 1994, Brian M. Torres has practiced law in Miami, Florida, as a member of the Florida Bar. Mr. Torres prosecutes civil litigation on behalf of clients in state and federal courts and in arbitration. Mr. Torres has served as trial counsel in more than 200 civil litigation cases. He has also appeared as appellate counsel in several dozen cases, including more than 20 cases as lead appellate counsel. Client matters frequently include claims for breach of contract and related damages, including lost profits; unfair trade practices and anticompetitive conduct; violations of consumer protection statutes and regulations; infringement of intellectual property; fraud and misrepresentation; and financing-related claims.

Mr. Torres is often involved in complex litigation, including class actions venued in federal courts and the Complex Business Litigation sections of Florida circuit courts. Mr. Torres first became involved in class action litigation in 1994 as an associate with Kurzban Kurzban & Weinger, P.A., in Miami, Florida, where he was engaged in the representation of the Haitian Refugee Center, Inc., in multi-party class action litigation against the U.S. Government concerning alleged constitutional and statutory violations in its handling of both Cuban and Haitian migrants seeking to enter the U.S. *See Cuban Amer. Bar Ass'n et al. v. Warren Christopher, Secretary of State, et al.*, 43 F.3d 1412 (11th Cir. 1995).

Subsequent to co-founding Sheftall Alvarez & Torres, P.A., in 1996, class action litigation became the predominant part of Mr. Torres's practice during the next ten years, including cases against auto insurers doing business in the State of Florida. Mr. Torres was directly involved in the representation of classes of insureds and medical providers seeking to recover damages for Florida auto-insurers' failure to pay timely Personal Injury Protection (PIP) benefits. Mr. Torres and his firm were appointed lead class counsel in nearly two dozen such cases. The first such case to be certified as a class action and affirmed on appeal was *Colonial Penn Ins. Co. v. Magnetic Imaging Sys. I, Ltd.*, 694 So. 2d 852 (Fla. 3d DCA 1997) ("The trial court found that Magnetic and its qualified lawyers would be adequate representatives, and the record clearly supports this finding."). Additionally, Mr. Torres and his then-law partner, Scott Sheftall, Esq., are believed to be the first lawyers in Florida to obtain class certification and a damages award to a class in arbitration. *USA Diagnostics, Inc. v. Fortune Ins. Co.,* Case No. 94-013154 (Fla. 17th Cir.).

More recently, Mr. Torres was appointed as co-class counsel for a certified class of consumers in a case in the Southern District of Florida alleging violations of the Telephone Consumer Protection Act. *Kron v. Grand Bahama Cruise Line*, LLC, 1:15-cv-23807-JEM (S.D. Fla.). Additionally, Mr. Torres was appointed co-class counsel in a case in the Complex Business Litigation Division of Miami-Dade Circuit Court on behalf of a state-wide class of condominium associations for alleged violations of Florida's usury laws, RICO statutes, and Deceptive and Unfair Trade Practices Act. *Solaris at Brickell Bay Condo. Ass'n, Inc. v. LM Funding, LLC*, 2014-CA-20043 (Fla. 11th Cir.).

A list of representative class action cases in which Mr. Torres participated is attached at Appendix "A" to this Curriculum Vitae.

**Bar Admissions**

- State of Florida, 1994

- U.S. Court of Appeals, 11th Circuit, 1999

- U.S. Court of Appeals, 9th Circuit, 2013

- U.S. District Court, Southern District of Florida, 1995

- U.S. District Court, Middle District of Florida, 1998

- U.S. District Court, Northern District of Florida, 2000

**Education**

- University of California at Berkeley, Boalt Hall School of Law (J.D. 1994)
  – Associate Editor, *California Law Review* (1992-1994)

- Williams College, Williamstown, Massachusetts (B.A. 1991)
  – Graduated *magna cum laude* (1991)
  – Inductee, Phi Beta Kappa Honor Society (1991)

**Professional Employment**

- Shareholder, Brian M. Torres, P.A., Miami, Florida (2016-Present)

- Shareholder, Sheftall & Torres, P.A., Miami, Florida (1996-2016)

- Associate, Gallwey Gillman Curtis Vento & Horn, P.A., Miami, Florida (1996)

- Associate, Kurzban Kurzban & Weinger, P.A., Miami, Florida (1994-1996)

- Law Clerk, Thacher Albrecht & Ratcliff, San Francisco, California (1992-1994)

**Professional Affiliations**

- Member, The Florida Bar (1994-Present)
  – Business Law Section

- Member, American Bar Association (1995-Present)

      – Business Law Section
      – Litigation Section

• Member, Dade County Bar Association (1994-Present)
      – Chair, Appellate Courts Committee (2001-02)

**Professional Publications**

• Co-author, Chapter 12, "Expert Witnesses," 6th and 7th editions of Florida Civil Trial Practice, Fla. Bar (Lexis-Nexis, 2001 and 2005)

• Co-author, Chapter 20, "Orders and Judgments", of the 6th and 7th editions of Florida Civil Trial Practice, Fla. Bar (Lexis-Nexis, 2001 and 2005)

**Professional Recognition**

• "AV Preeminent", Martindale Hubbell

• "Rising Star" in Business Litigation, Florida "Super Lawyers"

APPENDIX "A"

## Representative Class Action Cases

1. *Fridman v. The Collection LLC*, Case No. 18-cv-20348-UU (S.D. Fla.) – representing defendant in case alleging violation of the Telephone Consumer Protection Act

2. *Kron v. Grand Bahama Cruise Line*, LLC, 1:15-cv-23807-JEM (S.D. Fla.) – representing certified class of consumers in case alleging violation of the Telephone Consumer Protection Act

3. *Cavalieri v. Avior Airlines, C.A.*, Case No. 17-cv-22010-FMC (S.D. Fla.) – representing putative consumer class plaintiffs in action alleging breach of contract of carriage against air carrier

4. *Pons v. Arubaanse Luchtvaart Maatschappij N.V., d/b/a Aruba Airlines*, Case No. 17-cv-22008-KMW (S.D. Fla.) – represented putative consumer class plaintiffs in action alleging breach of contract of carriage against air carrier

5. *Saade v. Insel Air f/k/a Insel Air International B.V., et al.*, Case No. 17-cv-22003-KMW (S.D. Fla.) – representing putative consumer class plaintiffs in action alleging breach of contract of carriage against air carrier

6. *Laya et al. v. Santa Barbara Airlines C.A.*, 17-cv-22057-MGC (S.D. Fla.) – represented putative consumer class plaintiffs in action alleging breach of contract of carriage against air carrier

7. *Gomez v. Giorgio Armani Corporation, et al.*, Case No. 16-CV-23865-FAM (S.D. Fla.) – represented defendants in putative class action alleging violations of the Americans with Disabilities Act

8. *Gomez v. Valentino USA, Inc.*, Case No. 16-cv-22147-DPG (S.D. Fla.) – represented defendant in putative class action alleging violations of the Americans with Disabilities Act

9. *Solaris at Brickell Bay Condo. Ass'n, Inc. v. LM Funding, LLC*, 2014-CA-20043 (Fla. 11th Cir.) – representing certified class of condominium associations in Florida against a financial services company for alleged violations of Florida's usury law, federal and state RICO, and Florida's Deceptive and Unfair Trade Practices Act

10. *Gunson v. BMO Harris Bank, N.A., et al.*, Case No. 13-cv-62321-RNS (S.D. Fla.) – represented a defendant bank in putative class action for alleged violations of

consumer protection and banking laws arising from the processing of ACH debits for pay-day lenders

11. *In re TFT-LCD Antitrust Litigation*, Case No. 3:07-md-01827-SI (N.D. Cal.), Case Nos. 13-15916, 13-15917, 13-15920 (9th Cir.) – represented three objectors in Florida to national class settlement in price-fixing litigation

12. *United Auto. Ins. Co. v. Diagnostics of S. Fla., Inc., et al.,* Case No. 3D05-396, *reported at* 921 So. 2d 23 (Fla. 3d DCA 2006) – represented class of insureds and medical providers seeking to recover damages for Florida auto-insurer's failure to pay timely Personal Injury Protection (PIP) benefits ("Florida PIP class action litigation")

13. *Magnetic Imaging Sys. I, Ltd. v. Prudential Prop. & Cas. Ins. Co.,* Case No. 3D02-888, *reported at* 847 So. 2d 987 (Fla. 3d DCA 2003) – Florida PIP class action litigation

14. *Consortium for Diagnostics, Inc. v. CIGNA Ins. Co.,* Case No. 99-2260, L.T. Case No. 95-3023, *reported at* 781 So. 2d 1128 (Fla. 3d DCA 2001) – Florida PIP class action litigation

15. *Magnetic Imaging Sys. I, Ltd. v. Auto-Owners Ins. Co.,* Consolidated Case No. 3D00-1581, Case No. 3D00-1581, L.T. Case No. 95-18684 (Fla. 3d DCA 2000) – Florida PIP class action litigation

16. *Magnetic Imaging Sys. I, Ltd v. Safeway Ins. Co.,* Consolidated Case No. 3D00-1581, Case No. 3D00-2318, L.T. Case No. 95- 13821 (Fla. 3d DCA 2000) – Florida PIP class action litigation

17. *American States Ins. Co. v. Magnetic Imaging Sys., Ltd.,* Case No. 98-01704, L.T. Case No. 95-10182, *reported at* 750 So. 2d 731 (Fla. 3d DCA 2000) – Florida PIP class action litigation

18. *Aharanoff v. Colonial Penn Ins. Co., et al.,* Case No. 99-7434-KMM, *Ascar v. Colonial Penn Ins. Co., et al.,* Case No. 99-7474-KMM (S.D. Fla.) – represented class of insureds against auto-insurers for their allegedly deceptive and improper practices in the specification of inferior non-original equipment manufacturer parts in auto repairs

19. *Belfort v. Frank J. Falowski, M.D., et al.,* Case No. 99-01349, L.T. Case No. 95-3016, *reported at* 749 So. 2d 520 (Fla. 3d DCA 1999) – Florida PIP class action litigation

20. *USA Diagnostics, Inc., et al.  v.  Rene Rosales, et al.,* Case No. 99-1745, L.T. Case No. 99-4588, *reported at* 740 So. 2d 598 (Fla. 3d DCA 1999) – Florida PIP class action litigation

21. *Fortune Ins. Co. v. USA Diagnostics, Inc.,* Case Nos. 98-00689, 99-00524 & 99-01232, L.T. Case No. 94-013154, *reported at* 736 So.2d 1279 (Fla. 4th DCA 1999) – Florida PIP class action litigation

22. *Union American Ins. Co. v. USA Diagnostics, Inc.,* Case No. 96- 148, L.T.  Case No. 95-2982, *reported at* 697 So.2d 560 (Fla. 3d DCA 1997) – Florida PIP class action litigation

23. *Liberty Mut. Ins. Co. v. Magnetic Imaging Sys. I, Ltd.,* Case No. 96-2052, L.T. Case No. 95-10175, *reported at* 696 So.2d 1302 (Fla. 3d DCA 1997) – Florida PIP class action litigation

24. *Orion Ins. Co. v. Magnetic Imaging Sys. I, Ltd.,* Case No. 96-1253, L.T. Case No. 95-18321, *reported at* 696 So.2d 475 (Fla. 3d DCA 1997) – Florida PIP class action litigation

25. *Colonial Penn Ins. Co. v. Magnetic Imaging Sys. I, Ltd.,* Case No. 96-00774, L.T. Case No. 95-18686, *reported at* 694 So. 2d 852 (Fla. 3d DCA 1997) – Florida PIP class action litigation

26. *Cuban American Bar Ass 'n, Inc., et al. v. Warren Christopher, Secretary of State, et al.,* 43 F.3d 1412 (11th Cir. 1995) – multi-party class action litigation against U.S. Government concerning alleged constitutional and statutory violations in its handling of both Cuban and Haitian migrants seeking to enter the U.S. in 1994