John G. Crabtree, *pro hac vice*
jcrabtree@crabtreelaw.com
Brian C. Tackenberg, *pro hac vice*
btackenberg@crabtreelaw.com
CRABTREE & AUSLANDER
240 Crandon Blvd., Suite 101
Key Biscayne, Florida 33149
Tel.: 305-361-3770
Fax: 305-437-8118

Co-Counsel for Objector Dan L. Williams & Co.
[additional counsel listed on signature pages]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>All Indirect-Purchaser Actions | Master File No. 3:07-cv-5944-JST<br><br>MDL No. 1917<br><br>**DECLARATION OF JOHN G. CRABTREE IN SUPPORT OF MOTION RE:  APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL FOR INDIRECT-PURCHASER OMITTED REPEALER STATE CLASSES**<br><br>Hearing Date:  June 6, 2019<br>Time:              2:00 p.m.<br>Judge:             The Honorable Jon S. Tigar<br>Courtroom:      9, 19th Floor |

Case No. 3:07-cv-5944-JST

CRABTREE DECLARATION IN SUPPORT OF MOTION RE: APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL FOR INDIRECT-PURCHASER OMITTED REPEALER STATE CLASSES

## <u>DECLARATION OF JOHN G. CRABTREE</u>

I, John G. Crabtree, declare and state as follows:

1.      I am an attorney at law, admitted to practice in the State of Florida, the State of Colorado and the District of Columbia, and was admitted *pro hac vice* to practice before this Court. I am a partner at Crabtree & Auslander ("C&A").  I have firsthand knowledge of the facts set forth below and if called as a witness could competently testify thereto.

2.      I make this Declaration in support of the Notice of Motion and Motion Re: Appointment of Interim Co-Lead Class Counsel for Indirect-Purchaser Omitted Repealer State Classes ("Motion").

3.      My representation in this litigation began in November 2016 when I appeared as appellate counsel for Dan L. Williams & Co.  My firm handled all briefing in the Ninth Circuit Court of Appeals for Dan L. Williams & Co. and I argued on that entity's behalf when the Ninth Circuit held oral argument in the consolidated 16-Series appeals.   After oral argument, I attended multiple mediations on behalf of Dan L. Williams & Co., and when those mediation efforts were unsuccessful, I worked closely with counsel for the other objectors to oppose the IPP's repeated efforts to have the Ninth Circuit circumvent appellate review and remand the case to the trial court. These efforts included a filing a response in opposition to IPP's motion for an indicative ruling pursuant to federal rule of civil procedure 62.1 in the district court (dkt. 5350); filing a response in opposition to IPP's corresponding motion to stay the appellate proceedings pending the resolution of their motion for indicative ruling (Appellate dkt. 232); and—when IPP's motion for indicative ruling was denied by the district court—filing a response in opposition to IPP's motion for remand filed directly with the appellate court. (Appellate dkt. 240).

### Legal Experience and Qualifications

4.      I received my law degree from the University of Florida, Frederick G. Levin College of Law in 1990.

5.      I am board-certified in appellate practice by The Florida Bar, am a member of the American Law Institute (2005-), and have orally argued before numerous state and federal appellate courts, including the Supreme Court of the United States.  In addition to representing parties, I have

represented various amici curiae, and wrote an amicus brief in the landmark age discrimination case *Smith v. City of Jackson*, 544 U.S. 230 (2005), presenting a novel textual argument that the Supreme Court later used in its decision. Cases in which I was counsel have been featured in the national media, including The Wall Street Journal, the New York Times, the Chicago Tribune and The National Law Journal.

6. I am a former chair of The Florida Bar's Appellate Certification Committee—the committee that evaluates, tests, and determines those lawyers who will be board-certified as appellate specialists in Florida. By election, I chaired the 1400-member Appellate Practice Section of The Florida Bar. By appointment of successive presidents of the Bar, I served two terms as chair of Florida's Appellate Court Rules Committee—the committee that drafts the rules governing Florida's appellate courts. Currently, I serve on the Rule of Judicial Administration Committee, the central rules coordinating committee for the Florida court system

7. I have lectured and written on a range of appellate and class action topics, and have served as a consultant and as an expert witness in the area of appellate practice. My recent publications and lectures include:  *The Record on Appeal: Civil Appeals*, (6th-10th eds.; continuing author), within the Bar's FLORIDA APPELLATE PRACTICE treatise; *The Material Difference in Florida Contract Law*, 90 FLA. B.J. 36 (March 2016); *Modern Appellate Practice–Oral Argument*, (September 15, 2018) one of four panelists (with a former Chief Justice of the Florida Supreme Court, the former Clerk of the Florida Supreme Court, and one other appellate specialist); *Appellate Representation Agreements—Part I* (2016) and *Part II* (2017), ethics seminars given to members of The Florida Bar.

8. I have represented plaintiffs and defendants in dozens of class actions over the past 25 years and continue to represent both plaintiffs and defendants in such actions. I am currently co-counsel for the <u>plaintiffs</u> in cases including the following:

    i. A certified class action in the Northern District of California: *Congdon, et al. v. Uber Technologies, Inc.*, et al., 4:16-cv-02499-YGR (N.D. Cal.). There, I am lead counsel for a class of Uber drivers asserting breach of contract violations against Uber. On March 8, 2018 we won that case, which we understand to be the first class action Uber has lost on the merits. The order certifying the class, appointing my firm as class counsel, and

CRABTREE DECLARATION IN SUPPORT OF MOTION RE: APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL FOR INDIRECT-PURCHASER OMITTED REPEALER STATE CLASSES

granting the plaintiff class summary judgment is available at *Congdon v. Uber Techs., Inc.*, 291 F. Supp. 3d 1012 (N.D. Cal. 2018).

ii.   A putative class action in the Southern District of Florida alleging breach of contract claims against Venezuelan airlines for charging passengers who had paid for their tickets additional, "exit-fees" at the Miami International Airport before those passengers were permitted to board and return home: *Saade v. Insel Air, et al.*, 1:17-cv-22003-KMW (S.D. Fla.).   On April 4, 2019, a magistrate judge recommended that the court appoint my firm as class co-counsel for a class of consumers against one of the named defendant airlines in that case.

iii.   A certified class action in the Southern District of Florida alleging Telephone Consumer Protection Act violations against a cruise line: *Kron v. Grand Bahama Cruise Line, LLC*, 1:15-cv-23807-JEM (S.D. Fla.).   The order certifying the class is available at *Kron v. Grand Bahama Cruise Line, LLC*, 328 F.R.D. 694, 698 (S.D. Fla. 2018).

9.   The firm currently represents <u>defendants</u> in three putative class actions:

i.   The Collection, a well-known luxury car dealership located in Miami, Florida (https://www.thecollection.com/about-us/the-collection-difference/), in *Friedman v. The Collection,* 1:18-cv-20348-UU (S.D. Fla.), a putative class action alleging TCPA violations.

ii.   A group of medical doctors accused of overbilling, in a case in which the trial court certified both defendant and plaintiff classes.   On appeal, in *Inphynet Contracting Services, Inc. v. Matthews*, 196 So. 3d 449, 454 (Fla. 4th DCA 2016), we argued against defendant class certification, and that portion of the certification order was ultimately reversed reducing the scope of the litigation by over 95%.

iii.   A California-based national medical records company named as a defendant in a Florida state court class action alleging over-billing.

10.   Previous class action litigation has included:

i.   Serving as lead counsel for the plaintiff class in the Consolidated Industries Product Defect Litigation—a national product liability class action that went on for more than 10 years and involved over 1,000,000 class members—managing a team of law firms that included coverage counsel, bankruptcy counsel and local counsel.   That case was litigated in Indiana state court, the federal bankruptcy and district courts, and the United States Court of Appeals for the Seventh Circuit before a favorable settlement was reached for the class.

ii.   A certified class action in Florida state court: *Solaris at Brickell Bay Condominium Association, Inc. v. LM Funding*, 2014-CA-20043 (Fla. 11th Cir.).   That case involved allegations of violations of Florida's usury law, RICO violations, and Deceptive and Unfair Trade Practices claims against a self-

-3-

proclaimed financial services company on behalf of a state-wide class of hundreds of condominium associations that obtained loans from the financial services company that resulted in the putative class members paying an allegedly usurious rates of interest under Florida law. The court approved a final settlement in that proceeding in November 2018.

iii.   *Magnetic Imaging Sys. I, Ltd. v. Prudential Prop. & Cas. Ins. Co.*, 847 So. 2d 987 (Fla. 3d DCA 2003), in which I served as lead appellate counsel for the plaintiff, who prevailed on appeal, after which the case settled on a class-wide basis.

iv.   The class action, *Tampa Service Company v. Hartigan*, 966 So. 2d 465 (Fla. 4th DCA 2007), in which I was co-counsel at the trial level and served as lead appellate counsel on appeal. The firm successfully handled appellate representation regarding a class certification order that allowed the litigation of a class action suit against a labor pool company engaging in allegedly prohibited employment practices.

v.   *Lewis v. Labor Ready, Inc., et al.*, case no. 05-60491-CIV-COI (S.D. Fla.), a case in which the firm served as co-counsel on behalf of a class of day laborers who brought a federal class action against one of the country's largest day-labor companies for an alleged illegal check-cashing scheme. The case resulted in a settlement in favor of the workers who used the check-cashing service.

vi.   [1992-97] while working at Greenberg Traurig in Miami and, previously, Messer Vickers in Tallahassee: defending companies against a variety of class actions covering a range of complex consumer issues.

11.   I have received Martindale-Hubbell's highest rating (1999-present), and am named in the current editions of Best Lawyers in America, Super Lawyers, and Florida Trend's Legal Elite.

Executed this 17th day of April 2019, at Highlands, North Carolina.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/John G. Crabtree
John G. Crabtree

CRABTREE DECLARATION IN SUPPORT OF MOTION RE: APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL FOR INDIRECT-PURCHASER OMITTED REPEALER STATE CLASSES

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing DECLARATION OF JOHN G. CRABTREE IN SUPPORT OF MOTION RE:  APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL FOR INDIRECT-PURCHASER OMITTED REPEALER STATE CLASSES was filed *via* CM/ECF on April 19, 2019, and as a result has been served on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Francis O. Scarpulla
Francis O. Scarpulla

CRABTREE DECLARATION IN SUPPORT OF MOTION RE: APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL FOR INDIRECT-PURCHASER OMITTED REPEALER STATE CLASSES