1  ALLEN & OVERY LLP
   Michael S. Feldberg (*pro hac vice*)
2  John Roberti (*pro hac vice*)
   Andrew Rhys Davies (*pro hac vice*)
3  1221 Avenue of the Americas
   New York, NY 10020
4  Telephone: (212) 610-6300
   Facsimile: (212) 610-6399
5  Email: michael.feldberg@allenovery.com
6          john.roberti@allenovery.com
           andrewrhys.davies@allenovery.com
7

8  *Attorneys for Defendants Samsung SDI Co., Ltd.;*
   *Samsung SDI America, Inc.; Samsung SDI Mexico S.A.*
9  *De C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung*
   *SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and*
10 *Samsung SDI (Malaysia) Sdn. Bhd.*

11
   [Additional Responding Parties and Counsel Listed on Signature Page]
12

                    UNITED STATES DISTRICT COURT
13                 NORTHERN DISTRICT OF CALIFORNIA
                      SAN FRANCISCO DIVISION
14

15 | IN RE: CATHODE RAY TUBE (CRT) | Case No.: 07-cv-05944 JST
   | ANTITRUST LITIGATION          |
16 |                               | MDL No. 1917
17 |                               |
   | This document relates to:     | **DEFENDANTS' RESPONSE TO:**
18 |                               | **(1) MOTION RE: APPOINTMENT OF**
   | ALL INDIRECT PURCHASER ACTIONS | **INTERIM CO-LEAD CLASS COUNSEL**
19 |                               | **FOR INDIRECT-PURCHASER OMITTED**
   |                               | **REPEALER STATE CLASSES; AND**
20 |                               | **(2) MOTION OF COOPER & KIRKHAM,**
   |                               | **P.C. FOR APPOINTMENT AS LEAD**
21 |                               | **COUNSEL FOR INDIRECT-PURCHASER**
   |                               | **PLAINTIFFS WITH CLAIMS IN NON-**
22 |                               | **REPEALER STATES**
23
                                     Date:       June 6, 2019
24                                   Time:       2:00 pm
                                     Judge:      Hon. Jon S. Tigar
25                                   Courtroom:  9, 19th Floor
26

27

28

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................................1

BACKGROUND ......................................................................................................................2

    A.    The Court of Appeals Remands for Reconsideration of the Settlements as to
    Purchasers in the Three Omitted Repealer States: Massachusetts, Missouri,
    and New Hampshire.....................................................................................................2

    B.    Objector Counsel Move to Represent the Three Omitted Repealer States, Plus
    Six Additional Omitted "Repealer" States...............................................................3

    C.    Cooper & Kirkham, P.C. Appears as Counsel for Non-Repealer-State
    Purchaser Eleanor Lewis and Moves for Appointment as Counsel for a
    Subclass of Non-Repealer-State Purchasers .............................................................5

        1.    This Court rejected C&K's earlier motion to represent non-repealer-
        state purchasers, and the Ninth Circuit dismissed C&K's appeal from
        the settlement-approval order ......................................................................5

        2.    The Ninth Circuit dismissed Eleanor Lewis's appeal because she did
        not object to the settlements........................................................................7

ARGUMENT .............................................................................................................................8

    THE COURT SHOULD ADHERE TO THE NINTH CIRCUIT'S REMAND
    ORDER AND LIMIT THE APPOINTMENT OF REPRESENTATIVES AND
    COUNSEL TO THE THREE OMITTED REPEALER STATES ....................................8

    A.    The Ninth Circuit's Mandate Does Not Permit Relitigation of the Claims and
    Arguments that Counsel Propose to Advance on Behalf of Purchasers in the
    Six Additional Omitted "Repealer" States.................................................................8

    B.    The Ninth Circuit's Mandate Similarly Does Not Permit Relitigation of the
    Claims and Arguments that Counsel Wish to Advance on Behalf of
    Purchasers in Non-Repealer States .........................................................................10

CONCLUSION........................................................................................................................14

# TABLE OF AUTHORITIES

**Cases**                                                                **Page(s)**

*Abatti v. I.R.S.*,
  859 F.2d 115 (9th Cir. 1988) ...................................................................................9

*Askins v. United States Dep't of Homeland Sec.*,
  899 F.3d 1035 (9th Cir. 2018) ...............................................................................11

*Azpeitia v. Tesoro Ref. & Mktg. Co. LLC*,
  No. 17-cv-123-JST, 2017 WL 4071368 (N.D. Cal. Sept. 14, 2017) .........................8

*Class Plaintiffs v. City of Seattle*,
  955 F.2d 1268 (9th Cir. 1992) .........................................................................12, 13

*Coal. for ICANN Transparency Inc. v. VeriSign, Inc.*,
  771 F. Supp. 2d 1195 (N.D. Cal. 2011) ................................................................12

*Diego v. Sessions*,
  857 F.3d 1005 (9th Cir. 2017) ................................................................................9

*In re Digital Music Antitrust Litig.*,
  812 F. Supp. 2d 390 (S.D.N.Y. 2011) ...................................................................12

*Duguid v. Facebook, Inc.*,
  No. 15-cv-00985-JST, 2017 WL 3128912 (N.D. Cal. July 24, 2017) ....................11

*FTC v. Mylan Laboratories*,
  62 F. Supp. 2d 25 (D.D.C. 1999) ..........................................................................12

*Greenlaw v. United States*,
  554 U.S. 237 (2008) ................................................................................................9

*In re Mego Financial Corp. Secs. Litig.*,
  213 F.3d 454 (9th Cir. 2000) ................................................................................13

*In re Multidistrict Vehicle Air Pollution*,
  538 F.2d 231 (9th Cir. 1976) ................................................................................12

*In re New Motor Vehicles Canadian Export Antitrust Litig.*,
  350 F. Supp. 2d 160 (D. Me. 2004) .......................................................................12

*Nguyen v. Radient Pharmaceuticals Corp.*,
  No. SACV 11–00406 DOC, 2014 WL 1802293 (C.D. Cal. May 6, 2014) .............13

*Porter v. Warner Holding Co.*,
  328 U.S. 395 (1946) ............................................................................................5, 6

*In re Pre-Filled Propane Tank Antitrust Litig.*,
   893 F.3d 1047 (8th Cir. 2018) ..................................................................12

*Reese v. BP Exploration (Alaska) Inc.*,
   643 F.3d 681 (9th Cir. 2011) .....................................................................9

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
   442 F.3d 741 (9th Cir. 2006) ....................................................................10

*Shaffer v. Cont'l Case Co.*,
   362 F. App'x 627 (9th Cir. 2010) ..............................................................13

*Stafford v. Dollar Tree Stores, Inc.*,
   No. 2:13-cv-01187-KJM, 2014 WL 1330675 (E.D. Cal. Mar. 28, 2014) ..............11

*United States v. Cote*,
   51 F.3d 178 (9th Cir. 1995) ......................................................................8

*United States v. Lummi Indian Tribe*,
   235 F.3d 443 (9th Cir. 2000) ....................................................................11

*United States v. Luong*,
   627 F.3d 1306 (9th Cir. 2010) ...............................................................1, 9

*United States v. Perez*,
   475 F.3d 1110 (9th Cir. 2007) ...................................................................9

*United States v. Thrasher*,
   483 F.3d 977 (9th Cir. 2007) .................................................................8, 9

*Vizcaino v. U.S. Dist. Ct. for W. Dist. of Wa.*,
   173 F.3d 713 (9th Cir. 1999) .....................................................................9

**Other Authorities**

3 William B. Rubenstein, Newberg on Class Actions § 7:31 (5th ed. 2013) ...............8

Manual for Complex Litig. § 21.11 (4th ed. 2004)........................................8

Defendants hereby respond to: (a) the Motion re: Appointment of Interim Co-Lead Counsel for Indirect-Purchaser Omitted Repealer State Classes (ECF No. 5451); and (b) the Motion of Cooper & Kirkham, P.C. for Appointment as Lead Counsel for Indirect-Purchaser Plaintiffs with Claims in Non-Repealer States (ECF No. 5449).[1]

**PRELIMINARY STATEMENT**

The Ninth Circuit remanded this case for reconsideration of the settlement-approval order insofar as purchasers in Massachusetts, Missouri, and New Hampshire (the three "Omitted Repealer States") are not receiving compensation for the release of their claims. This Court should accordingly limit the appointment of separate counsel to purchasers in those three Omitted Repealer States. They are the only purchasers with live objections to the settlements, and, for that reason, they are the only purchasers as to which the Ninth Circuit has mandated or permitted reconsideration of the settlement-approval order.

This Court should deny the motions for appointment of counsel for purchasers in six additional omitted "repealer" states (ECF No. 5451), and in twenty non-repealer states (ECF No. 5449, at 2 n.1). Those motions confirm this Court's concern that lawyers might use the remand to "try to reopen every aspect of the case they could for their personal advantage." ECF No. 5444, at 27:5-8. But a remand does not give parties "*carte blanche* to relitigate their cases." *United States v. Luong*, 627 F.3d 1306, 1309 (9th Cir. 2010). And the Ninth Circuit's remand neither requires nor permits the Court to appoint counsel to assert objections that were never timely asserted, or to re-litigate arguments that have already been finally rejected. Nor does the remand require or permit the Court to appoint counsel to raise new claims that have not been pursued over the twelve-year history of this litigation.

---

[1] As to the Court's question about whether Defendants have "standing" to weigh in on an appointment-of-counsel motion, ECF No. 5444, at 17:4-5, Defendants take no position on *who* should represent any subclass. Defendants assert herein their legitimate interests in not reopening the "agree[ment] on what the contours of the subclass are," ECF No. 5444, at 16:22-17:1, a response made necessary by requests to be appointed to press arguments and claims that (a) are outside the scope of the Ninth Circuit's mandate and (b) have already been litigated and resolved.

Moreover, there is no reason to appoint counsel for purchasers in the six additional omitted "repealer" states or in the non-repealer states because all of those purchasers' claims have already been finally released. To the extent any of those purchasers objected to the settlements, this Court considered and overruled their objections. And to the extent those objectors pursued appeals, their appeals were dismissed prior to the time of the remand order. Purchasers in these states therefore have no interests that could warrant the appointment of representatives or counsel at this "extremely late stage of the case." ECF No. 4377, at 2 (Feb. 9, 2016 Order denying appointment of co-lead counsel for purchasers in non-repealer states).

Years after the settlements were approved, movants wish to assert (a) objections that were not raised during the original objection process and were thus waived, and (b) objections that were raised, overruled, and not appealed. The rule of mandate bars such maneuvers, and thereby promotes powerful party and judicial interests in finality and efficiency. Were it otherwise, no class settlement would ever become final.

## **BACKGROUND**

### A.   **The Court of Appeals Remands for Reconsideration of the Settlements as to Purchasers in the Three Omitted Repealer States: Massachusetts, Missouri, and New Hampshire**

The Ninth Circuit remanded this action for reconsideration of the settlement-approval order only as to the claims of Massachusetts, Missouri, and New Hampshire purchasers. ECF No. 5404; Order, *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, No. 16368 (9th Cir. Feb. 13, 2019), ECF No. 238. The Ninth Circuit explained that remand was appropriate as to those three states because of this Court's statement "that it should have provided recovery to class members in the Omitted Repealer States, Massachusetts, Missouri, and New Hampshire." *Id.* at 10-11; *see* ECF No. 5362 at 1 (this Court stating that it "erred in approving the provision that required class members in Massachusetts, Missouri, and New Hampshire (the 'Omitted Repealer States') to release their claims without compensation").

### B.   Objector Counsel Move to Represent the Three Omitted Repealer States, Plus Six Additional Omitted "Repealer" States

The Court announced at an April 2019 case management conference that it would appoint separate counsel for the three Omitted Repealer States, and invited motions for the appointment of subclass representatives and counsel. ECF No. 5444, at 4:19-22, 16:21-17:5, 18:25-19:5; *see also* ECF No. 5426, ¶ 1 (establishing briefing schedule for "motions to appoint subclass representatives and counsel").

Mr. Bonsignore, Ms. Moore, and Mr. Scarpulla have moved to represent not only the three Omitted Repealer States, ***but also*** purchasers from six additional omitted "repealer" states: Arkansas, Montana, Oregon, Rhode Island, South Carolina, and Utah (the "Six Additional States").[2] ECF No. 5451. Contrary to the Court's direction, ECF No. 5444, at 18:25-19:5,[3] movants do not explain why the Court should create subclasses or appoint counsel for the Six Additional States, and they propose no representatives for any of the nine proposed subclasses.

No purchaser from any of the Six Additional States prosecuted an appeal from this Court's settlement-approval order and judgment. Only one class member from any of the Six Additional States objected to the settlements and filed an appeal: Rhode Island resident, Rosemary Ciccone. ECF No. 4119, at 2 ¶ 2 (objection); No. 4752-1 (notice of appeal).[4] But Ms. Ciccone did not perfect her appeal; the brief filed in Ms. Ciccone's appeal did not ask the Court of Appeals to reverse the overruling of her objection. That brief made no reference to Ms. Ciccone, her objection, or the

---

[2]   Defendants do not challenge in this submission movants' characterization of the Six Additional States as "repealer" states, because that question is not material to this motion. However, at least one of those states, Arkansas, is a *non*-repealer state, according to a statement of interest that its attorney general filed in this action. ECF No. 4462. Defendants reserve all arguments, defenses, and positions on that claim and all other threatened claims, including, without limitation, that those claims have already been released, and that they are time barred in any event.

[3]   Save for the three Omitted Repealer States, *all* movants were required to explain why a separate subclass and separate counsel was required. ECF No. 5444, at 18:25-19:5. No such showing was required for the three Omitted Repealer States because the Court had already announced its intention to appoint separate representatives and counsel for those states. ECF No. 5444, at 19:5.

[4]   An Arkansas resident objected to the quantum of his incentive payment (ECF No. 4484), but he did not appeal this Court's overruling of that objection (ECF No. 4740, at 19 n.12).

claims of other Rhode Island purchasers. *See* Appellants' Opening Br., *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, No. 16373 (9th Cir. Nov. 14, 2016), ECF No. 32.[5]

Moreover, all claims of purchasers in the Six Additional States have been released and dismissed with prejudice. With one exception discussed immediately below, purchasers in the Six Additional States are members of the Nationwide Class. *See, e.g.,* ECF No. 3862-5, Ex. E, ¶¶ 1, 4, 5, 13;[6] ECF No. 1526 (Fourth Am. Compl.) ¶ 243 (definition of Nationwide Class). Their claims were therefore released in July 2016 by the Court's settlement-approval order (ECF No. 4712), and dismissed with prejudice by the Court's July 2016 final judgment (ECF No. 4717).

Separately, the claims brought by the Oregon attorney general on behalf of Oregon-based natural persons, too, have been released and finally dismissed. As Oregon's attorney general asserted the exclusive right to pursue certain Oregon-law claims, ECF Nos. 922, 940, Oregon natural persons were excluded from the Nationwide Class as to state-law claims under Oregon's repealer statute, ECF No. 4712, at 36 ¶ 1 (citing ECF No. 3906 (preliminary approval order), at 1¶ 2). The Samsung SDI, Toshiba, Panasonic, Hitachi, and Philips Defendants have settled those claims on terms that provide a complete release on behalf of Oregon natural-person purchasers, in exchange for settlement payments that have been distributed to those purchasers. *See* General Judgment, *State of Oregon, ex rel. Rosenblum v. Samsung Display Device Co., Ltd., et al.*, No. 1208 10246 (Or. Cir. Ct. Multnomah Cty. Mar. 27, 2017).[7]

---

[5] Mr. Bonsignore was appellate counsel for Ms. Ciccone, and for purchasers from, *inter alia*, Massachusetts (Gianasca), Missouri (Ashkannejhad), and New Hampshire (Craig). His appellate brief was limited to advocating reversal as to purchasers from Massachusetts, Missouri, and New Hampshire, referenced in the brief as the "three Omitted Repealer States." *See* Appellants' Opening Br., *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, No. 16373 (9th Cir. Nov. 14, 2016), ECF No. 32, at 3-4, 12, 20, 26, 36, 40, 42, 50, 55-56, 69.

[6] ECF No. 3862-5, Ex. E is a copy of the settlement agreement with the Samsung SDI Defendants. The settlement agreements with the other Defendants are in materially similar form, and appear at ECF No. 3862-5, Ex. A (Philips), Ex. B (Panasonic), Ex. C (Hitachi), Ex. D. (Toshiba), and ECF No. 3876-1, Ex. A (Thomson).

[7] A copy of the Oregon court's General Judgment is exhibited to the Declaration of Andrew Rhys Davies filed herewith, together with a copy of the settlement agreement with the Samsung SDI Defendants. Copies of the settlement agreements with the Toshiba, Panasonic, Hitachi, and Philips Defendants are available at http://www.oregonscreensettlement.com/docs/M_Neff.PDF. A copy of

**C.      Cooper & Kirkham, P.C. Appears as Counsel for Non-Repealer-State Purchaser Eleanor Lewis and Moves for Appointment as Counsel for a Subclass of Non-Repealer-State Purchasers**

Cooper & Kirkham, P.C. ("C&K") has moved to represent a class of indirect purchasers in *non*-repealer states. ECF No. 5449. It is undisputed that such purchasers have no viable claims for money damages. But according to C&K, this Court may nevertheless make a monetary award in the form of disgorgement or restitution ancillary to injunctive relief under *Porter v. Warner Holding Co.*, 328 U.S. 395 (1946). *See* ECF No. 5449 at 3-4, 6. As discussed further below, C&K's view of *Porter* and the equitable relief available under Section 16 of the Clayton Act has been rejected by this Court and by every other court that has considered the issue.

Since at least October 2010, C&K has been counsel of record for California resident Steven Ganz. ECF No. 5449-1, ¶ 2; *see also* ECF Nos. 776-78 (notices of appearance). California is a repealer state, and Mr. Ganz represents the California damages classes for litigation and settlement purposes. ECF No. 5449-1, ¶ 2. As Mr. Ganz is not a member of the proposed *non*-repealer-state class, C&K recently entered an appearance for a non-repealer-state purchaser—Ohio resident Eleanor Lewis. ECF No. 5449-1, ¶ 3; *see also* ECF No. 5397 (notice of appearance (filed Mar. 11, 2019)). C&K states that Mr. Ganz has consented to its representation of Ms. Lewis. ECF No. 5449-1, ¶ 3. C&K does not say whether Ms. Lewis has been informed of or consented to her counsel's concurrent representation of Mr. Ganz, or whether she is even willing to represent the proposed non-repealer-state subclass.

**1.      This Court rejected C&K's earlier motion to represent non-repealer-state purchasers, and the Ninth Circuit dismissed C&K's appeal from the settlement-approval order**

In December 2015, C&K moved to be appointed counsel for a class of non-repealer-state purchasers. ECF No. 4241.[8] That motion was based on the same argument as C&K's current

---

the    State    of    Oregon's    Complaint    is    available    at
http://www.oregonscreensettlement.com/docs/CRT%20Complaint.pdf.

[8]      In its earlier motion, C&K did *not* seek to represent purchasers in Illinois or Washington (or Oregon), because it conceded that the claims and interests of those purchasers were "adequately

motion—that non-repeater-state purchasers have potentially valuable claims and should therefore be compensated for their release. *See id.* at 2-3. This Court denied C&K's motion, ruling that "[t]he appointment of co-lead counsel at this extremely late stage of the case would add nothing to this process except to make an already cumbersome case even less efficient." ECF No. 4377, at 2 (footnote omitted).[9] The Court noted that C&K's arguments could be addressed instead through the objection process. *See id.* at 1-2.

C&K filed an objection to the settlements, complaining that the allocation plan did not provide compensation to purchasers in non-repeater states. ECF No. 4116. This Court overruled the objection, concluding that C&K lacked standing to object because it was not itself a class member and it was not representing an aggrieved class member. ECF No. 4712, at 35-36.

Although C&K lacked standing to object, this Court considered and rejected C&K's arguments on the merits, holding that it was not unreasonable to release the non-repeater-state claims without compensation because those claims have no value. ECF No. 4712, at 18-21, 36. *First*, this Court concluded that the claims of non-repeater-state indirect purchasers have no value. Ninth Circuit precedent squarely contradicts C&K's argument that *Porter*, 328 U.S. 395, permits a court to award monetary relief to indirect purchasers in the form of disgorgement or restitution ancillary to an injunction. ECF No. 4712, at 19-20.[10] Moreover, it was "probably impossible" to secure an injunction in this case anyway, given, *inter alia*, the passage of time since the alleged conspiracy ended and the obsolescence of CRT technology. ECF No. 4712 at 18-19 (citation and internal quotation marks omitted).

*Second*, this Court rejected the argument that defendants' desire for a release shows that the non-repeater-state claims have value, and that class members are therefore entitled to consideration

---

represented" by the attorneys general of those states in the separate lawsuits that were being pursued by the States of Illinois, Washington, and Oregon. ECF No. 4278, at 10; ECF No. 4278-1, ¶¶ 3-5.

[9]   As this Court noted, in October 2015, Judge Conti declined to appoint C&K co-lead counsel for the IPP class. ECF No. 4377, at 2; *see also* ECF Nos. 3200, 4153.

[10]   Indeed, C&K concedes that "disgorgement or restitution has [n]ever been afforded to a private antitrust indirect purchaser plaintiff outside of the context of settlement." ECF No. 5449, at 6.

for their release "even if only for their value as nuisance claims." ECF No. 4712, at 20. The Court declined to "break new ground" by adopting C&K's proposed "*per se* compensation rule"—a rule that, as the Court acknowledged, has no basis in law. ECF No. 4712, at 20-21.

C&K filed a notice of appeal from the settlement-approval order and judgment. ECF No. 4756. The Ninth Circuit dismissed C&K's appeal, because C&K was itself not a class member and it was not representing an aggrieved class member. *See* Order, *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, No. 16368 (9th Cir. Mar. 2, 2017), ECF No. 59, at 7 (dismissing appeal No. 16-16368).

### 2.     The Ninth Circuit dismissed Eleanor Lewis's appeal because she did not object to the settlements

As a purported Ohio-resident purchaser, Eleanor Lewis is a member of the Nationwide Class. *See, e.g.,* ECF No. 3862-1, Ex. E, ¶¶ 1, 4, 5, 13; ECF No. 1526 (Fourth Am. Compl.)     ¶ 243 (definition of Nationwide Class). Ms. Lewis did not object to the settlements. She first participated in this litigation by filing a notice of appearance in July 2016 (ECF No. 4718), *after* this Court had approved the settlements and dismissed all claims against Defendants (ECF Nos. 4712, 4717). Ms. Lewis then filed a notice of appeal from the settlement-approval order. ECF No. 4751. The Ninth Circuit dismissed Ms. Lewis's appeal due to her failure to object before this Court. *See* Order, *In re: Cathode Ray Tube (CRT) Antitrust Litig.,* No. 16368 (9th Cir. Mar. 2, 2017), ECF No. 59, at 7 (dismissing appeal No. 16-16395).

Only one other non-repealer-state purchaser objected to the settlements and filed an appeal—Texas resident Gordon Morgan. See ECF No. 4101 (objection); ECF No. 4743 (notice of appeal). Mr. Morgan's appeal was voluntarily dismissed. *See* Order, *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, No. 16373 (9th Cir. Aug. 17, 2016), ECF No. 13 (dismissing appeal No. 16-16371 as to Morgan).

## ARGUMENT

**THE COURT SHOULD ADHERE TO THE NINTH CIRCUIT'S REMAND ORDER AND LIMIT THE APPOINTMENT OF REPRESENTATIVES AND COUNSEL TO THE THREE OMITTED REPEALER STATES**

The role of class representatives and counsel is to promote and protect the interests of class members. *See* 3 William B. Rubenstein, Newberg on Class Actions § 7:31 (5th ed. 2013); *see also Azpeitia v. Tesoro Ref. & Mktg. Co. LLC*, No. 17-cv-123-JST, 2017 WL 4071368, at *2 (N.D. Cal. Sept. 14, 2017) (Tigar, J.) (citing Fed. Judicial Ctr., Manual for Complex Litig. § 21.11 (4th ed. 2004)). The Court should not appoint representatives and counsel for purchasers in the Six Additional States or non-repealer-states because those purchasers have no ongoing interests. All of their claims were released and dismissed with prejudice in July 2016. This Court overruled the objections raised by or on behalf of those purchasers, and all of the appeals filed by or on behalf of those objectors were either dismissed or abandoned. The release and dismissal of those purchasers' claims is therefore final, and any effort to reopen those matters is barred by the rule of mandate.

### A.    The Ninth Circuit's Mandate Does Not Permit Relitigation of the Claims and Arguments that Counsel Propose to Advance on Behalf of Purchasers in the Six Additional Omitted "Repealer" States

Mr. Bonsignore, Ms. Moore, and Mr. Scarpulla do not explain why the Court should appoint representatives and counsel for purchasers in the Six Additional States. Their motion should be denied as to the Six Additional States because the Ninth Circuit's remand order does not permit further litigation of any claims or objections from purchasers in those states. In any event, there would be no purpose in appointing subclass representatives or counsel for purchasers in the Six Additional States because all of their claims have been finally released and dismissed.

Under the rule of mandate, a district court cannot "'revisit its already final determinations unless the mandate allowed it.'" *United States v. Thrasher*, 483 F.3d 977, 981-82 (9th Cir. 2007) (quoting *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995)). The rule of mandate addresses concerns this Court has already expressed about attempts to relitigate this case, promoting significant

party and institutional interests in "consistency, finality and efficiency," and "preserving the hierarchical structure of the court system." *Thrasher*, 483 F.3d at 982. Here, the mandate does not allow this Court to revisit its July 2016 final judgment as to purchasers in the Six Additional States.

The Ninth Circuit's mandate confines the remand to reconsidering the settlements as to the three Omitted Repealer States. ECF No. 5404 at 10-11; *see supra* at 2. The mandate was necessarily so limited because no purchaser from any other state prosecuted an appeal, and "'an appellate court may not alter a judgment to benefit a nonappealing party.'"[11] *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011) (quoting *Greenlaw v. United States*, 554 U.S. 237, 244 (2008)); *see also Abatti v. I.R.S.*, 859 F.2d 115, 119-20 (9th Cir. 1988) (holding that non-appealing party could not secure appellate relief from district court's judgment). Only one purchaser from any of the Six Additional States—Rhode Island purchaser Rosemary Ciccone—objected to the release of her claims and filed an appeal. This Court overruled Ms. Ciccone's objection, and her appeal was abandoned when the brief filed in her appeal contained no argument for reversal as to Ms. Ciccone. *Supra* at 3-4. *See, e.g., Diego v. Sessions,* 857 F.3d 1005, 1015 n.4 (9th Cir. 2017) (arguments that are not "specifically and distinctly argued and raised" in a party's appellate brief are waived) (citation and internal quotation omitted). For these reasons, this Court is "without jurisdiction" to reconsider the settlements, except as to the three Omitted Repealer States. *United States v. Luong*, 627 F.3d 1306, 1311 (9th Cir. 2010); *see also Vizcaino v. U.S. Dist. Ct. for W. Dist. of Wa.*, 173 F.3d 713, 718-25 (9th Cir. 1999) (enforcing rule of mandate through writ of mandamus).

Moreover, there is no legitimate role here for separate counsel for purchasers in the Six Additional States. The claims those counsel would represent have already been released and finally dismissed. Save as to the state-law claims of Oregon natural persons, *supra* at 4, purchasers in the Six Additional States are members of the Nationwide Class. *See, e.g.*, ECF No. 3862-1, Ex. E, ¶¶ 1, 4, 5, 13; ECF No. 1526 (Fourth Am. Compl.) ¶ 243 (definition of Nationwide Class). As such, their claims were released in July 2016 by the Court's settlement-approval order (ECF No. 4712), and

---

[11]     The mandate should be interpreted by reference to "the opinion the mandate purports to enforce as well as the procedural posture and substantive law from which it arises." *United States v. Perez*, 475 F.3d 1110, 1113 (9th Cir. 2007) (citation and internal quotation omitted).

dismissed on the merits and with prejudice by the Court's July 2016 final judgment (ECF No. 4717). And the claims of natural-person purchasers in Oregon, too, have been released. *Supra* at 5. As the claims of purchasers from the Six Additional States are precluded, *see, e.g., Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 748-50 (9th Cir. 2006) (applying claim-preclusion doctrine against settlement class members whose objections were overruled), there is no role for subclass representatives or counsel.

**B.  The Ninth Circuit's Mandate Similarly Does Not Permit Relitigation of the Claims and Arguments that Counsel Wish to Advance on Behalf of Purchasers in Non-Repealer States**

For the same reason that this Court cannot now revisit the settlements as to purchasers in the Six Additional States, there also is no basis to reconsider the settlements as to purchasers in the non-repealer states or to appoint new representatives or counsel for those purchasers.

Only two purchasers from non-repealer states appealed from this Court's settlement-approval decision and judgment. One of them voluntarily dismissed his appeal, and the other—proposed class representative Eleanor Lewis—had her appeal dismissed because she did not object before this Court. *See supra* at 7. As the Court of Appeals did not have before it any appeal by a non-repealer-state purchaser, its mandate does not—and, indeed, could not—authorize this Court to reconsider the settlement approval as to the non-repealer states. Reconsideration is therefore unavailable. *See supra* at 9.

Like purchasers in the Six Additional States, the claims of purchasers in the non-repealer states have been released and dismissed with prejudice. This Court's July 2016 settlement-approval order (ECF No. 4712) and judgment of dismissal (ECF No. 4717) released and dismissed the claims of purchasers in the non-repealer states, save as to the state-law claims brought by the Illinois and Washington attorneys general on behalf of Illinois and Washington persons, respectively. *See, e.g.,* ECF No. 3862-1, Ex. E, ¶¶ 1, 4, 5, 13; ECF No. 1526 (Fourth Am. Compl.) ¶ 243 (definition of Nationwide Class); ECF No. 4717, at 36 ¶ 1 (citing ECF No. 3906 (preliminary approval order), at 1¶ 2). The Samsung SDI, Toshiba, Panasonic, Hitachi, and Philips Defendants have entered into settlements with the States of Illinois and Washington on terms that provide a complete release on

behalf of Illinois and Washington persons in exchange for settlement payments that have been or will be distributed to those purchasers.[12] As purchasers in the non-repealer states have no remaining claims, there is no legitimate role for separate counsel.

Moreover, even if the rule of mandate permitted this Court to revisit its earlier decision that the claims of non-repealer state purchasers have no value and can therefore be released without compensation, the law-of-the-case doctrine bars reconsideration of these already resolved issues. Under that doctrine, "a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case." *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000). The doctrine applies with particular force when—as here—the challenged ruling results in a final judgment. *See Askins v. United States Dep't of Homeland Sec.*, 899 F.3d 1035, 1042-43 (9th Cir. 2018) (citing *Lummi Indian Tribe*, 235 F.3d at 452-53).

This Court has already rejected C&K's argument that non-repealer-state purchasers have valuable claims. ECF No. 4712, at 17-22. The Court rejected C&K's reliance on the general rule that applies *outside* the antitrust context—that a court may award disgorgement or restitution ancillary to an injunction. ECF No. 4712, at 19-20. C&K cannot show that ruling to be clearly erroneous by citing the same case law that this Court has already found to be inapposite,[13] especially as binding

---

[12]   The State of Illinois' complaint and the settlement agreements are available at http://www.illinoiscrtsettlement.com/case-documents.aspx. The Illinois court is yet to enter a final judgment of dismissal. Copies of the settlement agreements and consent decrees entered by the Washington court are available at http://www.crtsettlement.atg.wa.gov. As noted above, *supra* at 5-6 n.8, C&K has acknowledged that the claims and interests of Illinois and Washington purchasers were adequately protected through the lawsuits prosecuted by those States' attorneys general.

[13]   A "limited exception[]" to the law-of-the-case doctrine applies when "the earlier ruling was clearly erroneous and would work a manifest injustice." *Stafford v. Dollar Tree Stores, Inc.*, No. 2:13-cv-01187-KJM, 2014 WL 1330675, at *2 (E.D. Cal. Mar. 28, 2014) (citations and internal quotations omitted).

C&K also cannot invoke the change-of-controlling-law exception to the law-of-the-case doctrine, *see id.*, by speculating about a "remote" "possibility" that *Illinois Brick* might be overruled in a way that could affect the claims of non-repealer-state purchasers "depending on how the ruling would be applied to pending actions," ECF No. 5449, at 9-10. *See Duguid v. Facebook, Inc.*, No. 15-cv-00985-JST, 2017 WL 3128912, at *3 (N.D. Cal. July 24, 2017) (Tigar, J.) (describing the "finality" interests that are promoted by a narrow application of the change-in-controlling-law exception). As Special Master Quinn noted in his report and recommendation, "assessing value to a

Ninth Circuit authority supports this Court's prior ruling. *See In re Multidistrict Vehicle Air Pollution*, 538 F.2d 231, 234 (9th Cir. 1976).

As this Court held in July 2016, non-repealer-state purchasers are not entitled to monetary equitable relief. ECF No. 4712, at 17. Allowing private plaintiffs in an antitrust case to recover disgorgement or restitution "would work an end-run around *Illinois Brick*'s prohibition on the recovery of damages by indirect purchasers." *Id.* at 19. The Court's rationale was correct then, and applies with equal force today. Indeed, C&K concedes, as it must, that no federal court has **ever** afforded disgorgement or restitution to a private antitrust indirect purchaser plaintiff. ECF No. 5449, at 6. Federal courts have uniformly denied indirect-purchaser claims for equitable monetary relief, depicting such claims as "impermissible attempt[s] to circumvent Supreme Court precedent." *In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1059 (8th Cir. 2018).[14] Thus, C&K's contention that the equitable claims of the non-repealer-state purchasers are legally viable is a non-starter.

There is also no basis for reconsideration of this Court's rejection of the argument that defendants' desire for a release shows that otherwise valueless claims have value. This Court's prior ruling is far from clearly erroneous. Global releases are permitted and routinely granted. *See, e.g., Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1287 (9th Cir. 1992) ("[A] federal court may

---

claim based on the hope that the Supreme Court may reverse 38 years of jurisprudence is to chase an illusion." ECF No. 4351, at 38–39.

[14]     *See also Multidistrict Vehicle Air Pollution*, 538 F.2d at 234 ("[W]hether payments which appellants seek for some of their citizens is "equitable" or not is of no consequence because [Section] 16 does not allow the claimed relief for past loss."); *Coal. for ICANN Transparency Inc. v. VeriSign, Inc.*, 771 F. Supp. 2d 1195, 1202 (N.D. Cal. 2011) ("Disgorgement is a form of retrospective equitable relief. Such relief is unavailable under Section 16.") (citations omitted); *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 350 F. Supp. 2d 160, 211 (D. Me. 2004) ("Certainly no restitutionary remedy can escape the limitations the United States Supreme Court imposed on federal antitrust recovery in Illinois Brick."); *FTC v. Mylan Laboratories*, 62 F. Supp. 2d 25, 42 (D.D.C. 1999) ("[Plaintiffs] should not be allowed to circumvent Illinois Brick through a novel interpretation of [Section] 16."); *cf. In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 412 (S.D.N.Y. 2011) ("[I]t is beyond peradventure that indirect purchasers may not employ unjust enrichment to skirt the limitation on recovery imposed by *Illinois Brick*. Moreover, there is no clearly established federal common law of restitution for a federal antitrust violation.") (internal citation omitted).

release not only those claims alleged in the complaint, but also a claim 'based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented *and might not have been presentable in the class action*'") (citation omitted) (emphasis original). It does not follow that every claim encompassed by such a global release needs to be compensated, regardless of its viability. To the contrary, the law is clear that claims like those posited by C&K—which at most have nuisance value—do *not* need to be compensated in order to be released. *See, e.g.*, *In re Mego Financial Corp. Secs. Litig.*, 213 F.3d 454, 460-61 (9th Cir. 2000) (reasonable to allocate settlement funds to those with recoverable damages); *Nguyen v. Radient Pharms. Corp*., No. SACV 11–00406 DOC, 2014 WL 1802293, at *7-8 (C.D. Cal. May 6, 2014) (allocation plan reasonably excluded class members who were "very unlikely" to establish recoverable damages).

Moreover, requiring separate counsel for a class subgroup on the basis that they might bring a nuisance-value claim—as movants seek—would make class settlements nearly impossible to achieve.[15] The Court has already properly rejected the non-repealer state objections and those objections were not the subject of the Ninth Circuit's remand. Accordingly, there is no basis to appoint new counsel to represent the non-repealer state purchasers.

---

[15] As the Court has already properly found, the fact that it is possible to draw a line between categories of class members does not mean that separate representation is required. *See* ECF No. 4712, at 23 (quoting *Shaffer v. Cont'l Case Co.*, 362 F. App'x 627, 630-31 (9th Cir. 2010)).

## CONCLUSION

For the foregoing reasons, the Court should limit the appointment of representatives and counsel to the three Omitted Repealer States identified in the Ninth Circuit's remand order, and otherwise deny the pending motions.

Dated: May 3, 2019

Respectfully submitted,


/s/ *Andrew Rhys Davies*
ALLEN & OVERY LLP
MICHAEL S. FELDBERG
michael.feldberg@allenovery.com
ANDREW RHYS DAVIES
andrewrhys.davies@allenovery.com
1221 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 610-6300
Facsimile:   (212) 610-6399

JOHN ROBERTI
john.roberti@allenovery.com
ALLEN & OVERY LLP
1101 New York Avenue NW
Washington, DC 20005
Telephone:  (202) 683-3800
Facsimile:   (212) 610-6399

*Attorneys for Defendants Samsung SDI Co., Ltd.;*
*Samsung SDI America, Inc.; Samsung SDI Mexico*
*S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzhen*
*Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co.,*
*Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd.*

1

2
*/s/ Jeffrey L. Kessler*
WINSTON & STRAWN LLP

3
JEFFREY L. KESSLER
jkessler@winston.com

4
EVA W. COLE
ewcole@winston.com

5
200 Park Avenue
New York, NY 10166

6
Telephone:    (212) 294-6700
Facsimile:    (212) 294-4700

7
KEVIN B. GOLDSTEIN

8
kbgoldstein@winston.com
35 W. Wacker Drive

9
Chicago, IL 60622
Telephone:    (312) 558-5600

10
Facsimile:    (312) 558-5700

11
WEIL, GOTSHAL & MANGES LLP
DAVID L. YOHAI

12
david.yohai@weil.com
ADAM C. HEMLOCK

13
adam.hemlock@weil.com
DAVID YOLKUT

14
david.yolkut@weil.com
767 Fifth Avenue

15
New York, NY 10153-0119
Telephone:    (212) 310-8000

16
Facsimile:    (212) 310-8007

17
*Attorneys for Defendants Panasonic Corporation
(f/k/a Matsushita Electric Industrial Co., Ltd.), and
MT Picture Display Co., Ltd.*

18

19
*/s/ John M. Taladay*
BAKER BOTTS LLP

20
JOHN M. TALADAY
ERIK T. KOONS

21
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400

22
202.639.7700
202.639.7890 (fax)

23
Email: john.taladay@bakerbotts.com
Email: erik.koons@bakerbotts.com

24
*Attorneys for Defendants Koninklijke Philips, N.V.,
Philips North America Corporation, Philips
Taiwan Limited, and Philips do Brasil, Ltda*

25

26

27

28

1

   /s/ Kathy L. Osborn
   FAEGRE BAKER DANIELS LLP
2  KATHY L. OSBORN
   Email: kathy.osborn@FaegreBD.com
3  300 N. Meridian Street, Suite 2700
   Indianapolis, IN 46204
4  Telephone: (317) 237-0300
   Facsimile: (317) 237-1000

5

6  JEFFREY S. ROBERTS
   Email: jeff.roberts@FaegreBD.com
7  3200 Wells Fargo Center
   1700 Lincoln Street
   Denver, CO 80203
8  Telephone: (303) 607-3500
   Facsimile: (303) 607-3600

9

10 *Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

11   /s/ Donald A. Wall
     SQUIRE PATTON BOGGS (US) LLC
12   DONALD A. WALL
     Email: donald.wall@squirepb.com
13   1 East Washington Street, Suite 2700
     Phoenix, AZ 85004
14   Telephone: (602) 528-4005
     Facsimile: (602) 253-8129

15

16 *Attorneys for Defendants Technologies Display Americas LLC*

17   /s/ Eliot A. Adelson
     KIRKLAND & ELLIS LLP
18   ELIOT A. ADELSON
     Email: eadelson@kirkland.com
19   555 California Street, 27th Floor
     San Francisco, CA 94104
20   Telephone: (415) 439-1400
     Facsimile: (415) 439-1500

21

22 *Attorneys for Defendants Hitachi Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.*

23

24

25

26

27

28

1

/s/ Christopher M. Curran
WHITE & CASE LLP

2

CHRISTOPHER M. CURRAN
ccurran@whitecase.com

3

LUCIUS B. LAU
alau@whitecase.com

4

DANA E. FOSTER
defoster@whitecase.com

5

701 Thirteenth Street, N.W.
Washington, DC  20005

6

tel.: (202) 626-3600
fax: (202) 639-9355

7

8

*Attorneys for Defendants Toshiba Corporation,*
*Toshiba America, Inc., Toshiba America*
*Information Systems, Inc., Toshiba America*

9

*Consumer Products, L.L.C., and Toshiba America*
*Electronic Components, Inc.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28