1  ALLEN & OVERY LLP
   Michael S. Feldberg (*pro hac vice*)
2  John Roberti (*pro hac vice*)
   Andrew Rhys Davies (*pro hac vice*)
3  1221 Avenue of the Americas
   New York, NY 10020
4  Telephone: (212) 610-6300
   Facsimile: (212) 610-6399
5  Email: michael.feldberg@allenovery.com
6          john.roberti@allenovery.com
           andrewrhys.davies@allenovery.com
7

8  *Attorneys for Defendants Samsung SDI Co., Ltd.;*
   *Samsung SDI America, Inc.; Samsung SDI Mexico S.A.*
9  *De C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung*
   *SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and*
10 *Samsung SDI (Malaysia) Sdn. Bhd.*

11                  UNITED STATES DISTRICT COURT
12                NORTHERN DISTRICT OF CALIFORNIA
                    SAN FRANCISCO DIVISION
13

14 IN RE: CATHODE RAY TUBE (CRT)        Case No.: 07-cv-05944 JST
   ANTITRUST LITIGATION
15                                       MDL No. 1917

16
   This document relates to:            **DECLARATION OF ANDREW RHYS**
17                                       **DAVIES IN SUPPORT OF DEFENDANTS'**
   ALL INDIRECT PURCHASER ACTIONS       **RESPONSE TO: (1) MOTION RE:**
18                                       **APPOINTMENT OF INTERIM CO-LEAD**
                                         **CLASS COUNSEL FOR INDIRECT-**
19                                       **PURCHASER OMITTED REPEALER**
                                         **STATE CLASSES; AND (2) MOTION OF**
20                                       **COOPER & KIRKHAM, P.C. FOR**
                                         **APPOINTMENT AS LEAD COUNSEL FOR**
21                                       **INDIRECT-PURCHASER PLAINTIFFS**
                                         **WITH CLAIMS IN NON-REPEALER**
22                                       **STATES**
23
                                         Date:      June 6, 2019
24                                       Time:      2:00pm
25                                       Judge:     Hon. Jon S. Tigar
                                         Courtroom: 9, 19th Floor
26

27

28

Rhys Davies Declaration re Defendants'
Response to Motion to Appoint Lead Class
Counsel; Motion of Cooper & Kirkham for
Lead Counsel

Case No.: 3:07-cv-05944-JST

I, Andrew Rhys Davies, hereby declare as follows:

1.     I am a partner with the law firm Allen & Overy LLP, counsel for Defendants Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd (collectively, the "Samsung SDI Defendants").  I am admitted pro hac vice for purposes of this lawsuit.  ECF No. 5251.

2.     I submit this declaration in support of the Defendants' Response to (1) Motion re: Appointment of Interim Co-Lead Class Counsel for Indirect-Purchaser Omitted Repealer Classes (ECF No. 5451); and (2) Motion of Cooper & Kirkham, P.C. for Appointment as Lead Counsel for Indirect-Purchaser Plaintiffs with Claims in Non-Repealer States (ECF No. 5449). I have personal knowledge of the facts stated herein, and I could and would competently testify thereto if called as a witness.

3.     Attached hereto as Exhibit A is a true and correct copy of the General Judgment Approving Settlement Distribution and Ordering Dismissal, entered in *State of Oregon, ex rel. Rosenblum v. Samsung Display Device Co., Ltd., et al.*, No. 1208 10246 (Or. Cir. Ct. Multnomah Cty. Mar. 24, 2017).

4.     Attached hereto as Exhibit B is a true and correct copy of the Samsung SDI Defendants' Settlement Agreement with the State of Oregon, *State of Oregon, ex rel. Rosenblum v. Samsung Display Device Co., Ltd., et al.*, No. 1208 10246 (Or. Cir. Ct. Multnomah Cty).  The Settlement Agreement is referenced in the Oregon court's General Judgment Approving Settlement Distribution and Ordering Dismissal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

RHYS DAVIES DECLARATION RE DEFENDANTS' RESPONSE TO MOTION TO APPOINT LEAD CLASS COUNSEL; MOTION OF COOPER & KIRKHAM FOR LEAD COUNSEL

2

CASE NO.: 3:07-CV-05944-JST

Dated: May 3, 2019
       New York, NY

Respectfully submitted,

/s/ Andrew Rhys Davies
Andrew Rhys Davies
ALLEN & OVERY LLP
1221 Ave of the Americas
New York, NY 10020
212-610-6300
AndrewRhys.Davies@allenovery.com

*Attorney for Defendants Samsung SDI Co., Ltd.;*
*Samsung SDI America, Inc.; Samsung SDI Mexico S.A.*
*De C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung*
*SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and*
*Samsung SDI (Malaysia) Sdn. Bhd*

Rhys Davies Declaration re Defendants'
Response to Motion to Appoint Lead Class
Counsel; Motion of Cooper & Kirkham for
Lead Counsel                                3                    Case No.: 3:07-cv-05944-JST

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

RHYS DAVIES DECLARATION RE DEFENDANTS' RESPONSE TO MOTION TO APPOINT LEAD CLASS COUNSEL; MOTION OF COOPER & KIRKHAM FOR LEAD COUNSEL

CASE NO.: 3:07-CV-05944-JST

1

2

3

IN THE CIRCUIT COURT OF THE STATE OF OREGON

4

FOR THE COUNTY OF MULTNOMAH

5

| | |
|---|---|
| STATE OF OREGON, ex rel. Ellen Rosenblum, Attorney General, | Case No.: 1208 10246 |
| Plaintiff, | **GENERAL JUDGMENT** |
| v. | |
| SAMSUNG DISPLAY DEVICE CO., LTD., a foreign corporation; SAMSUNG SDI AMERICA INC., a California corporation; SAMSUNG SDI MEXICO S.A. DE C.V., a foreign corporation; SAMSUNG SDI BRASIL LTDA., a foreign corporation; SHENZHEN SAMSUNG SDI CO., LTD., a foreign corporation; TIANJIN SAMSUNG SDI CO., LTD., a foreign corporation; SAMSUNG SDI (MALAYSIA) SDN. BHD., a foreign corporation; | |
| Defendants. | |

In previous orders, this Court has approved the Oregon Attorney General's settlements ("Agreements") with the following defendants ("Defendants"), dismissing each of the defendants with prejudice: Hitachi, Ltd.; Hitachi Displays, Ltd.; Hitachi Electronic Devices (USA), Inc.; Hitachi Asia, Ltd; LG Electronics, Inc; Panasonic Corporation; Panasonic Corporation of North America; MT Picture Display Co., Ltd; Koninklijke Philips Electronics N.V.; Philips North America Corporation; Toshiba Corporation; Toshiba America Electronic Components, Inc.; Samsung SDI Co., Ltd.;

PAGE 1 – **GENERAL JUDGMENT**

Samsung SDI America, Inc.; Samsung SDI Mexico S.A. de C.V.; Samsung SDI Brasil LTDA.; Shenzhen Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd; Samsung SDI (Malaysia) Sdn. Bhd.

This matter comes before the Court to determine if there is any cause why the Court should not approve Attorney General's proposal for distribution to the State of Oregon and natural persons and entry of judgment. The Court, after considering all papers filed and proceedings held in this action and otherwise being fully informed in the premises, finds the Attorney General's distribution plan allows all claimants and prospective claimants a reasonable opportunity to secure an appropriate portion of available settlement proceeds. Accordingly, the Court directs entry of this judgment, which shall constitute the final adjudication of this action on the merits. Good cause appearing therefore, it is:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The capitalized terms used in this order have the meaning ascribed to them in the Agreements.

2.      The Court has jurisdiction over the subject matter of this litigation, all actions within this litigation and over the Parties to the Agreements, including the State of Oregon and the Defendants, and any person or entity claiming by, for, or through the State of Oregon and the Defendants.

3.      The State of Oregon's Notice of Exclusions, previously approved by the Court, required natural persons desiring to opt-out of this action (also referred to as "exclusion") and the Agreements to register online at www.OregonScreenSettlement.com

PAGE 2 – **GENERAL JUDGMENT**

1    or send a written letter requesting exclusion to a designated address on or before March

2    18, 2017.  Natural persons who did not take action or who registered or provided letters

3    postmarked after March 18, 2017, are bound by this judgment and the Agreements

4    previously approved in this action.  Attachment A to this order provides the names and

5    addresses of natural person opt-outs who registered at

6    www.OregonScreenSettlement.com on or before March 18, 2017, and names and

7    addresses of natural person requesting exclusion who sent letters postmarked on or before

8    March 18, 2017, that had been received as of close of business on April 19, 2017.  Any

9    other letters later received requesting exclusion and which were postmarked on or before

10   March 18, 2017, must be forwarded to the Court with a request for supplemental

11   judgment.

12        4.      The Court hereby dismisses on the merits with prejudice any remaining

13   claims – including natural person *parens patriae* claims and direct claims – asserted by

14   the Attorney General against Defendants in this action, with the Oregon Attorney General

15   and Defendants to bear their own costs and attorneys' fees except as provided for in the

16   Agreements and previously determined by this Court.  The dismissal with prejudice is not

17   res judicata as to the one natural person identified in Attachment A to this order or as to

18   any other natural persons identified in a supplemental judgment meeting the criteria

19   defined in paragraph 3 above.  To the extent natural persons identified in Attachment A

20   or a supplemental judgment possess the right to assert claims against Defendants, those

21   claims are not extinguished by entry of this judgment.

22

23

PAGE 3 – **GENERAL JUDGMENT**

1     5.     The State of Oregon releases all claims that are agreed released by the

2     terms of the six individual Agreements previously approved by the Court.  See Exhibits

3     A-E to Declaration of Michael G. Neff in Support of Oregon's Second Motion for

4     Approval of Settlements, Notice, and Entry of Limited Judgment as to Five Defendant

5     Groups and Exhibit A to Declaration of Michael E. Haglund in Support of Oregon's

6     Motion for Approval of Samsung SDI Settlement. The Court finds that the State of

7     Oregon shall be bound by each of the individual Agreements, including without

8     limitation the release provisions and covenants not to sue therein.  *Id.*  Generally, with the

9     exception of the claims that may be held by the natural persons who opt-out as defined in

10     paragraph 4 above, Oregon releases all claims that were or could have been made against

11     the respective Defendants based on the facts described in the Oregon First Amended

12     Complaint for Damages, Restitution, Disgorgement, and Civil Penalties.  All persons and

13     entities defined as Releasors in the Agreements are hereby barred and enjoined from

14     commencing, prosecuting, or continuing, either directly or indirectly, against the persons

15     or entities who are defined as Releasees, in this or any jurisdiction, any and all claims or

16     causes of action or lawsuits, which they had, have, or in the future may have, arising out,

17     or related in any way to the claims released by the individual Agreements.  This

18     permanent bar and injunction is necessary to protect and effectuate the Agreements, this

19     judgment, and this Court's authority to effectuate the Agreements, and is ordered in aid

20     of this Court's jurisdiction and to protect its jurisdiction.

21

22

23

PAGE 4 – **GENERAL JUDGMENT**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR  97201
Tel:  (503) 225-0777 / Fax:  (503) 225-1257
49486—7:38 am

6.      The Court finds that the notice given to natural persons of the Agreements and releases in the Agreements was adequate, due, and sufficient notice that more than satisfies due process of law and ORS 646.775(2) and (3).

7.      The Court grants final approval to the plan of distribution set forth and described in the State of Oregon's Motion for Approval of Distribution Plan and Final Judgment, and finds the plan of distribution is designed to provide natural persons a reasonable opportunity to secure an appropriate portion of the available settlement proceeds.  The Court approves this plan of distribution as being consistent with due process of law and ORS 646.775-780.

8.      The Attorney General in her discretion is authorized to distribute the Settlement Fund to state agencies and natural persons consistent with the plan of distribution described in the State of Oregon's Motion for Approval of Distribution Plan and Final Judgment. The fiduciary managing the escrow account holding the Settlement Fund is directed to make all distributions directed by the Oregon Attorney General to the Oregon Department of Justice Trust Account or such other account as may be identified by the Attorney General.

9.      Without affecting the finality of this judgment in any way, this Court hereby retains exclusive jurisdiction over the State of Oregon, Defendants, all other parties, and Releasors identified in the Agreements for the purpose of enforcing and administering this judgment and the previous orders and limited judgments of this Court.

10.      The Court finds that judgment should be entered and further finds that there is no just reason for delay in entry of judgment.  Accordingly, the Clerk is hereby

PAGE 5 – **GENERAL JUDGMENT**

1  directed to enter judgment forthwith.  No costs are awarded except as otherwise

2  specifically provided in the Agreements, this judgment, or previous order of the Court.

3

4  **IT IS SO ORDERED AND ADJUDGED**, nunc pro tunc March 24, 2017.

5

6

Signed: 4/27/2017 10:13 AM

7

_Henry Kantor_

8  _____

**Circuit Court Judge Henry Kantor**

9

10  Submitted by:

11

s/ Michael G. Neff
12  _____
Michael E. Haglund, OSB No. 772030
Haglund@hk-law.com
13  Michael K. Kelley, OSB No. 853782
Kelley@hk-law.com
14  Michael G. Neff, OSB No. 925360
OSB No. 925360
15  Neff@hk-law.com
Telephone: (503) 225-0777
16  Facsimile: (503) 225-1257
Oregon Special Assistant Attorneys General for Plaintiff

17

18

19

20

21

22

23

PAGE 6 – **GENERAL JUDGMENT**

1

## CERTIFICATE OF COMPLIANCE WITH UTCR 5.100

2   This submission is ready for judicial signature because:

3       ☐ 1.   Each opposing party affected by this order or judgment has stipulated to the order or judgment, as shown by each opposing party's signature on the document

4   being submitted.

5       ☐ 2.   Each opposing party affected by this order or judgment has approved the order or judgment, as shown by signature on the document being submitted or by written

6   confirmation of approval sent to me.

7       ☒ 3.   I have served a copy of this order or judgment on all parties entitled to service and:

8

9           ☒ a.   No objection has been served on me.
           ☐ b.   I received objections that I could not resolve with the opposing

10   party despite reasonable efforts to do so. I have filed a copy of the objections I received and indicated which objections remain unresolved.

11           ☐ c.   After conferring about objections (opposing party) agreed to independently file any remaining objection.

12

13       ☐ 4.   The relief sought is against an opposing party who has been found in default.

14       ☐ 5.   An order of default is being requested with this proposed judgment.

15       ☐ 6.   Service is not required pursuant to subsection (3) of this rule, or by statute, rule or otherwise.

16

17       ☐ 7.   This is a proposed judgment that includes an award of punitive damages and notice has been served on the Director of the Crime Victims Assistance Section as required by subsection (4) of this rule.

18

19

20                       s/ Michael G. Neff
                       Michael G. Neff, OSB No. 925360

21

22

23

PAGE 7 – **GENERAL JUDGMENT**

1

<u>CERTIFICATE OF SERVICE</u>

2    I hereby certify that on the 26th day of April, 2017, I served the foregoing
**GENERAL JUDGMENT**, on the following:

3

| | |
|---|---|
| **STOEL RIVES LLP**<br>TIMOTHY W. SNIDER<br>900 SW Fifth Avenue, Suite 2600<br>Portland, Oregon 97204<br>Email: twsnider@stoel.com<br>Telephone: (503) 224-3380<br>Facsimile:  (503) 220-2480 | ___By hand delivery<br>___By first-class mail*<br>X  By email<br>___By overnight mail<br>___By facsimile<br>   Fax #_____ |
| **WEIL, GOTSHAL & MANGES LLP**<br>DAVID L. YOHAI<br>ADAM C. HEMLOCK<br>DAVID YOLKUT<br>KEVIN GOLDSTEIN<br>767 Fifth Avenue<br>New York, New York 10153-0119<br>Email: david.yohai@weil.com<br>Email: adam.hemlock@weil.com<br>Email: david.yolkut@weil.com<br>Email: kevin.goldstein@weil.com | ___By hand delivery<br>___By first-class mail*<br>X  By email<br>___By overnight mail<br>___By facsimile<br>   Fax #_____ |
| **WINSTON & STRAWN LLP**<br>JEFFREY L. KESSLER<br>EVA W. COLE<br>MOLLY M. DONOVAN<br>200 Park Avenue<br>New York, New York 10166<br>Email: jkessler@winston.com<br>Email: ewcole@winston.com<br>Email: mmdonovan@winston.com<br><br>*Attorneys for Defendants Panasonic Corporation;<br>Panasonic Corporation of North America; and MT<br>Picture Display Co., Ltd.* | ___By hand delivery<br>___By first-class mail*<br>X  By email<br>___By overnight mail<br>___By facsimile<br>   Fax #_____ |
| **ANGELI UNGAR LAW GROUP, LLC**<br>DAVID H. ANGELI<br>KRISTEN L. TRANETZKI<br>121 SW Morrison Street, Ste. 400<br>Portland OR 97204<br>Email:  david@angelilaw.com<br>Email:  Kristen@angelilaw.com | ___By hand delivery<br>___By first-class mail*<br>X  By email<br>___By overnight mail<br>___By facsimile<br>   Fax #_____ |

PAGE 1 – CERTIFICATE OF SERVICE

<u>ATTACHMENT A</u>

Natural Persons Who Timely Provided Notice of Exclusion
From the Approved CRT Settlements

1.      Mary Steiger
        3208 NE 29th
        Gresham, OR  97030

| | | |
|---|---|---|
| 1 | **KIRKLAND & ELLIS PC**<br>JAMES MUTCHNIK<br>KATE WHEATON<br>300 North LaSalle<br>Chicago, IL 60654<br>james.mutchnik@kirkland.com;<br>kate.wheaton@kirkland.com; | ___By hand delivery<br>___By first-class mail*<br> X  By email<br>___By overnight mail<br>___By facsimile<br>   Fax #_____ | |
| 2 | | | |
| 3 | | | |
| 4 | **KIRKLAND & ELLIS LLP**<br>Eliot Adelson<br>555 California Street<br>San Francisco, CA 94104<br>Email:  eliot.adelson@kirkland.com<br><br>***Attorneys for Defendants Hitachi, Ltd., Hitachi Asia, Ltd., Hitachi Displays, Ltd., Hitachi Electronic Devices (USA), Inc.*** | ___By hand delivery<br>___By first-class mail*<br> X  By email<br>___By overnight mail<br>___By facsimile<br>   Fax #_____ | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | **BAKER BOTTS, LLP**<br>JOHN M. TALADAY<br>ERIK KOONS<br>TIFFANY GELOTT<br>The Warner<br>1299 Pennsylvania Ave., NW<br>Washington DC 20004-2400<br>E-mail: john.taladay@bakerbotts.com<br>E-mail: erik.koons@bakerbotts.com<br>Email: tiffany.gelott@bakerbotts.com | ___By hand delivery<br>___By first-class mail*<br> X  By email<br>___By overnight mail<br>___By facsimile<br>   Fax #_____ | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | **CASE & DUSTERHOFF, LLP**<br>JAMES D. CASE<br>The 9800 Professional Building<br>9800 SW Beaverton-Hillsdale Hwy., Suite 200<br>Beaverton, OR 97007<br>E-mail: jcase@case-dusterhoff.com<br>Telephone: (503) 641-7222<br>Facsimile: (503) 643-6522<br><br>***Attorneys for Philips Electronics North America Corp. (PENAC)*** | ___By hand delivery<br>___By first-class mail*<br> X  By email<br>___By overnight mail<br>___By facsimile<br>   Fax #_____ | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | **TONKON TORP, LLP**<br>SCOTT G. SEIDMAN<br>ANNA SORTUN<br>1600 Pioneer Tower<br>888 SW Fifth Avenue<br>Portland OR 97204<br>Email:  scott.seidman@tonkon.com<br>Email:  anna.sortun@tonkon.com | ___By hand delivery<br>___By first-class mail*<br> X  By email<br>___By overnight mail<br>___By facsimile<br>   Fax #_____ | |
| 21 | | | |
| 22 | | | |
| 23 | | | |

PAGE 2 – CERTIFICATE OF SERVICE

Haglund Kelley LLP<br>200 SW Market St. Ste. 1777<br>Portland, OR  97201<br>Tel:  (503) 225-0777 / Fax:  (503) 225-1257

| | |
|---|---|
| **WHITE & CASE LLP**<br>DANA E. FOSTER<br>LUCIUS B. LAU<br>701 Thirteenth Street, NW<br>Washington DC 20005<br>Email:  defoster@whitecase.com<br>Email:  alau@whitecase.com<br><br>*Attorneys for Defendants Toshiba Corporation and Toshiba America Electronic Components, Inc.* | ___By hand delivery<br>___By first-class mail*<br>_X_ By email<br>___By overnight mail<br>___By facsimile<br>     Fax #_____ |
| **LARKINS VACURA LLP**<br>CHRISTOPHER J. KAYSER<br>CODY HOESLY<br>621 SW Morrison Street, Ste. 1450<br>Portland OR 97205<br>Email:  cjkayser@larkinsvacura.com<br>Email:  choesly@larkinsvacura.com | ___By hand delivery<br>___By first-class mail*<br>_X_ By email<br>___By overnight mail<br>___By facsimile<br>     Fax #_____ |
| **MUNGER TOLLES & OLSON, LLP**<br>MIRIAM KIM<br>LAURA SULLIVAN<br>CATHLEEN HARTGE<br>KYLE W. MACH<br>560 Mission Street<br>San Francisco, CA 94105<br>Email: Miriam.Kim@mto.com<br>Email: Laura.Sullivan@mto.com<br>Email:  kyle.mach@mto.com<br>Email: Cathleen.Hartge@mto.com | ___By hand delivery<br>___By first-class mail*<br>_X_ By email<br>___By overnight mail<br>___By facsimile<br>     Fax #_____ |
| **MUNGER TOLLES & OLSON, LLP**<br>JONATHAN E. ALTMAN<br>BILL TEMKO<br>355 S. Grand Ave., 35th Floor<br>Los Angeles, CA 90071<br>E-mail: jonathan.altman@mto.com<br>E-mail: William.Temko@mto.com<br>Telephone: 213)-683-9100<br><br>*Attorneys for Defendants LG Electronics, Inc. and LG Electronics, U.S.A.* | ___By hand delivery<br>___By first-class mail*<br>_X_ By email<br>___By overnight mail<br>___By facsimile<br>     Fax #_____ |
| **LANE POWELL PC**<br>MILO PETRANOVICH<br>PETER D. HAWKES<br>601 SW Second Ave., Suite 2100<br>Portland, OR 97204-3158<br>E-mail: petranovichm@lanepowell.com<br>E-mail: hawkesp@lanepowell.com<br>E-mail: Pettingerk@lanepowell.com; docketing-pdx@lanepowell.com<br>Telephone: (503) 778-2100<br>Facsimile: (503) 778-2200 | ___By hand delivery<br>___By first-class mail*<br>_X_ By email<br>___By overnight mail<br>___By facsimile<br>     Fax #_____ |

PAGE 3 – CERTIFICATE OF SERVICE

Haglund Kelley LLP
200 SW Market St. Ste. 1777
Portland, OR  97201
Tel:  (503) 225-0777 / Fax:  (503) 225-1257

| | |
|---|---|
| **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**<br>MICHAEL W. SCARBOROUGH<br>DYLAN BALLARD<br>JAMES McGINNIS<br>LEO CASERIA<br>Four Embarcadero Center, 17th Floor<br>San Francisco, California 94111-4109<br>Email: mscarborough@sheppardmullin.com<br>Email: dballard@sheppardmullin.com<br>Email: jmcGinnis@sheppardmullin.com<br>Email: Lcaseria@sheppardmullin.com<br>Telephone: 415-434-9100<br>Facsimile: 415-434-3947<br><br>***Attorneys for Defendants Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI Mexico S.A. de C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd.*** | \_\_\_By hand delivery<br>\_\_\_By first-class mail*<br>\_X\_By email<br>\_\_\_By overnight mail<br>\_\_\_By facsimile<br>   Fax #_____ |

*With first-class postage prepaid and deposited in Portland, Oregon.

s/Michael G. Neff
_____

Michael E. Haglund, OSB No. 772030
Michael K. Kelley, OSB 853782
Michael G. Neff, OSB 925360
Attorneys for Plaintiff

PAGE 4 – CERTIFICATE OF SERVICE

1
2
3
4
5
6
7
8
9
10

# EXHIBIT B

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RHYS DAVIES DECLARATION RE DEFENDANTS'
RESPONSE TO MOTION TO APPOINT LEAD CLASS
COUNSEL; MOTION OF COOPER & KIRKHAM FOR
LEAD COUNSEL

CASE NO.: 3:07-CV-05944-JST

## SETTLEMENT AGREEMENT AMONG
## THE STATE OF OREGON AND SAMSUNG SDI

This Settlement Agreement ("Agreement") is made and entered into the last date on which any of the signatories to this Agreement executes the Agreement (the "Effective Date") among:

(1)     Defendants Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI Mexico S.A. de C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co. Ltd.; Tianjin Samsung SDI Co., Ltd; and Samsung SDI (Malaysia) Sdn. Bhd. (hereinafter collectively, "Samsung SDI");

(2)     The State of Oregon, by its Attorney General, on behalf of the State of Oregon, its agencies, and as *parens patriae* on behalf of natural persons who were indirect purchasers of CRT Products (as defined below) in Oregon (all collectively the "State of Oregon").

WHEREAS, the State of Oregon has been pursuing litigation against Samsung SDI and numerous other defendants in *State of Oregon, ex. rel. Ellen Rosenblum v. LG Electronics, Inc. et al.*, Multnomah County Civil No. 1208-10246 (the "Action"), which was renamed *State of Oregon, ex. rel. Ellen Rosenblum v. Samsung SDI Co., Ltd. et al.*, when Oregon filed its First Amended Complaint ("Complaint") in December 2016;

WHEREAS, the State of Oregon alleges in its Complaint that since about 1995 Samsung SDI participated in an unlawful conspiracy to raise, fix, maintain or stabilize the price of certain Cathode Ray Tubes ("CRTs") at artificially high levels, to restrict output of CRTs, and/or to allocate the market for CRTs, in violation of the Oregon Antitrust Act (ORS § ¶ 646.725 et seq.);

WHEREAS, the State of Oregon has conducted a pre-litigation investigation, has been participating in discovery following the filing of its Action in August 2012, and has concluded

1

that resolving its claims against Samsung SDI according to the terms set forth below is fair, reasonable and in the best interests of the State of Oregon;

WHEREAS, Samsung SDI, despite its belief that Samsung SDI is not liable for the claims asserted in the Action and has good defenses to the Action, has nevertheless agreed to enter into this Agreement to (i) avoid further expense, inconvenience, and distraction of burdensome and protracted litigation; (ii) obtain the releases, orders, and final judgment contemplated by this Agreement; and (iii) put to rest and terminate with finality all claims that have been or could have been asserted against Samsung SDI (and the Samsung SDI Releasees, as defined below), by the State of Oregon arising out of the facts alleged in the Action, as more particularly set forth below;

NOW, THEREFORE, in consideration of the covenants, agreements and releases set forth herein and for other good and valuable consideration, it is agreed by and among the State of Oregon and Samsung SDI that, subject to the approval of the Court, all Released Claims (as defined below) shall be finally, fully and forever settled, compromised, and released and the Action dismissed on the merits with prejudice as to Samsung SDI (and the Samsung SDI Releasees, as defined below), and, except as hereinafter provided, without costs or attorney's fees to the State of Oregon or Samsung SDI, on the following terms and conditions:

A.     Definitions.

1.     "CRT" and "CRTs" mean Cathode Ray Tube(s) of any type (e.g., color display tubes, color picture tubes and monochrome display tubes).

2.     "CRT Products" means CRTs and products containing CRTs such as televisions and computer monitors.

2

3.    "Samsung SDI Releasees" shall refer jointly and severally, individually and collectively, to Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI Mexico S.A. de C.V.; Samsung Brasil Ltda.; Shenzhen Samsung SDI Co. Ltd.; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd. (hereinafter collectively, "Samsung SDI"), and all of their respective past, present, direct and indirect parent companies, subsidiaries, affiliates, and divisions (i.e., any other entity that is now or was previously owned by any of the foregoing entities, where "owned" means holding directly or indirectly 50% or greater equity or beneficial interest); to each and all of those entities' past and present principals, partners, officers, directors, supervisors, employees, representatives, insurers, attorneys, agents, servants, and stockholders; and to each of those individuals' or entities' predecessors, successors, heirs, executors, administrators and assigns. The term "Samsung SDI Releasees" does not include any other defendant or named co-conspirator in the Action when filed in August 2012 or as identified in the First Amended Complaint filed in December 2016. Each "Samsung SDI Releasee" shall have the full benefits of this Agreement, including, without limitation, those benefits set forth below.

4.    The "Settlement Amount" is $11,750,000 in United States Dollars.

B.    Approval of this Agreement and Dismissal of Claims Against Samsung SDI.

5.    To the extent that judicial approval is required, the State of Oregon and Samsung SDI will recommend approval of this Agreement by the Multnomah County Circuit Court ("the Court"). The State of Oregon and Samsung SDI will use their best efforts to effectuate this Agreement, including cooperating in seeking the Court's approval for the establishment of procedures (including the giving of notice under ORS § 646.775) to secure the prompt, complete and final dismissal with prejudice of the Action as to Samsung SDI only.

6.     The State of Oregon will submit to the Court a motion for approval of this Agreement and authorization to disseminate notice of the settlement under ORS § 646.775 (the "Motion").  The Motion shall include a proposed order approving this Agreement and a proposed form and method of dissemination of notice in forms substantially similar to those attached hereto as Exhibit A.  The final text of the foregoing items (Exhibit A) shall be drafted by the State of Oregon, and Samsung SDI will be given a reasonable opportunity to provide comments on the foregoing items before submission to the Court.  The Motion shall recite and ask the Court to find that the proposed form of and method for dissemination of the notice of settlement is valid, due and sufficient notice, constitutes the best notice practicable under the circumstances and complies fully with the requirements of ORS § 646.775 and any other applicable laws.  Subject to Court approval, the State of Oregon may seek to coordinate notice efforts in this Action with notice in a separate action involving TFT-LCD screens.

7.     The State of Oregon and Samsung SDI jointly shall seek entry of an order and final judgment, the terms upon which the State of Oregon and Samsung SDI shall attempt in good faith to agree.  Unless the State of Oregon and Samsung SDI agree otherwise, the terms of such order and final judgment shall include, as appropriate and necessary:

a.     a finding that the notice given constitutes adequate, due and sufficient notice, and meets the requirements of due process, ORS § 646.775 and any other applicable Oregon laws;

b.     approval of this settlement as being fair, reasonable, and adequate under ORS § 646.775 and any other applicable federal and state laws, and directing consummation according to its terms;

4

c.    a direction that the Action be dismissed against Samsung SDI with prejudice and, except as provided for in this Agreement, without costs;

d.    a reservation of exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of this settlement, to the Multnomah County Circuit Court;

e.    a finding that the State of Oregon and the persons and entities it represents shall be bound by this Agreement, including the release provisions and covenants not to sue; and

f.    a determination under Oregon Rule of Civil Procedure 67 B that there is no just reason for delay and directing that a limited judgment of dismissal as to Samsung SDI shall be rendered immediately.

8.    This Agreement shall become final upon the occurrence of all of the following: (a) the Court's entry of (i) a final order approving this Agreement and (ii) a final judgment granting the relief described in this Agreement, and dismissal of the Action with prejudice as to Samsung SDI; and (b) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as to Samsung SDI has expired or, if appealed, approval of this Agreement and any final judgments as to Samsung SDI has been affirmed by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review. Upon the Effective Date, the State of Oregon and Samsung SDI shall be bound by the terms of this Agreement, which shall not be terminated or rescinded except in accordance with the terms of this Agreement.

5

9.      Neither this Agreement (whether or not it becomes final) nor the final judgment, nor any or all negotiations, documents and discussions associated with them, shall be deemed or construed to be an admission by Samsung SDI (or the Samsung SDI Releasees) or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by Samsung SDI (or the Samsung SDI Releasees), or of the truth of any of the claims or allegations contained in any complaint or any other pleading filed by the State of Oregon in the Action. Evidence of the negotiations, documents and discussions associated with them shall be kept confidential to the extent allowed by Oregon Public Records Law, and will not be used directly or indirectly, in any way, in the Action or in any other action or proceeding against Samsung SDI (or the Samsung SDI Releasees), except an action or proceeding to enforce this Agreement. Under Oregon Rule of Evidence 408, neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out this Agreement by the State of Oregon or Samsung SDI shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal or administrative action or proceedings, except in a proceeding to enforce this Agreement, or defend against the assertion of Released Claims, or as otherwise required by law.

C.      Releases, Discharges, and Covenants Not to Sue.

10.     In addition to and not in lieu of the effect of any final judgment entered in accordance with this Agreement, upon this Agreement becoming final as set out in Paragraph 8 above, and in consideration of payment of the Settlement Amount, as specified in Paragraph 4 of this Agreement, and for other good and valuable consideration, the Samsung SDI Releasees shall be fully, finally, and forever released to the fullest extent permitted by law from: (i) the claims, allegations and causes of action that were asserted or could have been asserted in the

6

Action; and (ii) any and all claims, demands, actions, judgments, suits, liabilities, expenses (including attorneys' fees and interest), penalties, or causes of action that the State of Oregon could have brought, or hereafter could bring, against the Samsung SDI Releasees (or any of them), whether in law, in equity, or otherwise based on, arising out of, or relating to the facts alleged in Oregon's Complaint or relating to CRT Products, including but not limited to its *parens patriae* claims, with the exception of any Oregon natural persons who request exclusion under ORS § 646.775 or any political subdivision in the State of Oregon (the "Released Claims"). The Attorney General of Oregon shall not, after the Effective Date, seek to establish liability against the Samsung SDI Releasees and covenants not to sue the Samsung SDI Releasees based, in whole or in part, upon any of the Released Claims or conduct at issue in the Released Claims including, without limitation, liability with respect to any governmental or *parens patriae* indirect purchaser claims. The Attorney General further covenants that the Attorney General will not, after the Effective Date, provide to any political subdivision of the State of Oregon confidential documents or information prepared or produced that are subject to the protective order in this Action unless those documents are nonexempt pursuant to Oregon's public record laws. For the avoidance of doubt, the release described in this Agreement is binding on the State of Oregon, and all natural persons residing in Oregon or claiming under Oregon law who do not request exclusion under ORS § 646.775. For the avoidance of doubt, the types of claims released in Paragraph 10 are released regardless of the type of cause of action, common law principle, statute, regulation, ordinance, or other legal basis under which they are asserted; for example, such claims are released whether asserted under any federal, state, international, foreign, or local antitrust, competition, unfair competition, unfair practices, deceptive trade practices, price discrimination, unitary pricing, restitution, consumer business

7

protection, fraud protection, common law unjust enrichment, trade practice, racketeering, or civil conspiracy law, or similar law or regulation of any jurisdiction within the United States or elsewhere.

11.    The State of Oregon may hereafter discover facts other than or different from those which it knows or believes to be true with respect to the claims which are the subject matter of the provisions of Paragraph 10 of this Agreement, but hereby expressly waives and fully, finally, and forever settles and releases, upon this Agreement becoming final, any known or unknown, suspected or unsuspected, accrued or unaccrued, asserted or unasserted, contingent or non-contingent claims with respect to the subject matter of the provisions of Paragraphs 10 of this Agreement, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.  The foregoing release of unknown, unanticipated, unsuspected, and unaccrued losses or claims is contractual and intentional, and not a mere recital.

12.    The releases, discharges and covenants not to sue set forth in Paragraphs 10 and 11 of this Agreement do not include claims other than the Released Claims and do not include other claims, such as those solely arising out of product liability, personal injury, or breach of contract in the ordinary course of business (other than a breach of contract premised on anticompetitive conduct or any of the allegations alleged in the Action), or any other claims not covered by the Released Claims.  For the avoidance of doubt, the foregoing clause does not exclude from the scope of the Released Claims any claim to the extent that it arises out of allegations of an increase in price, stabilization of price, reduction or decrease in price, or a reduction in output, capacity for output, or quality, of CRT Products as a result of alleged anticompetitive conduct.

8

        a.      For the avoidance of doubt, claims relating to non-CRT Products are not Released Claims.

        b.      This Agreement shall not affect whatever rights the State of Oregon may have to seek damages or other relief from any person other than the Samsung SDI Releasees.

13.      Nothing in this Agreement will prevent the State of Oregon or the Samsung SDI Releasees from making any application to the Court as appropriate to enforce or interpret the provisions of this Agreement, or, in the alternative, from maintaining any action in the Court within its legal authority for such other and further relief which is proper and necessary for the enforcement of this Agreement.

D.     <u>Settlement Fund</u>.

14.      Subject to the provisions hereof, and in full, complete and final settlement of the Action as provided herein, Samsung SDI shall pay one full Settlement Amount in United States Dollars, without any type of reduction, by wire transfer within 60 business days following the Effective Date of this Agreement to the account designated by the Attorney General (the "Settlement Fund"). The Attorney General will hold the funds in trust in accordance with the terms of this Agreement.

15.      Counsel for the State of Oregon shall promptly notify counsel for Samsung SDI when the Settlement Amount has been received. The State of Oregon agrees that any reasonable delay that occurs in wiring the Settlement Amount, as a result of matters beyond the control of Samsung SDI, will not be asserted as a basis for claiming a breach of the Agreement.

9

16.     The State of Oregon shall look solely to the Settlement Fund for settlement and satisfaction against the Samsung SDI Releasees of all Released Claims, and shall have no other recovery of costs, fees, attorney's fees, damages, or other relief against Samsung SDI or the Samsung SDI Releasees except as set forth in this Agreement.  The Settlement Fund shall be used for the payment of all monetary relief claims of the State of Oregon, subject first to the payment of court-approved attorney's fees and reimbursement of litigation expenses and costs in the Action, including the costs of settlement administration.  Natural persons who timely opt out of this Settlement pursuant to ORS § 646.775 shall not be paid from the Settlement Fund.  As will be set forth in a motion for approval of this Agreement, following the Court's consideration and action on any applications for costs or fees, a portion of the Settlement Fund shall be allocated for any of the following: distribution to the State of Oregon, to natural persons who indirectly purchased CRT Products, or the Department of Justice Protection and Education Account pursuant to ORS 180.095.  Alteration of the allocation of Settlement Funds by the Court or a reviewing court shall not be grounds for termination of this Agreement so long as no additional material obligations are imposed upon Samsung SDI, and material obligations shall include but not be limited to an increase of the Settlement Fund or of the allocation of funds for notice and claims administration set forth in Paragraph 21(a).

17.     In no event shall Samsung SDI or the Samsung SDI Releasees have any responsibility, financial obligation, or liability whatsoever with respect to the investment, allocation, preservation, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of any distribution or administration, with the sole exception of the provisions set forth in Paragraph 21 of this Agreement.

18.     With the exception of payments Samsung SDI has agreed to make for the costs of the mediations involving the State of Oregon and conducted by the Honorable Vaughn R. Walker, and $5,000 for the costs of jury summons issued by the Multnomah County Circuit Court in this Action, this Agreement shall not be construed to require Samsung SDI to pay more or less than the Settlement Amount.  Payments for these mediation and jury summons costs shall be made by Samsung SDI within 30 days of Effective Date and are not recoverable by Samsung SDI if this Agreement does not become final.

19.     (a)     All Settlement Amounts held by the Attorney General shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to this Agreement and/or further order(s) of the Court.

(b)     Any interest accruing while the Settlement Fund is held by the Attorney General in trust shall remain with the balance of the Settlement Fund.

(c)     In the event any monies remain as residue in the Settlement Fund following all distribution efforts approved by the Court, the State of Oregon may move the Court for an order addressing disposition of such funds.

E.     Exclusions.

20.     (a)     The State of Oregon will cause copies of requests for exclusion from the settlement pursuant to ORS § 646.775 to be provided to counsel for Samsung SDI by email as they are received.

No later than fifteen business days after the final date for mailing requests for exclusion, the State of Oregon shall provide counsel for Samsung SDI

11

with a complete and final list of Oregon natural persons who request

exclusion under ORS § 646.775 ("Opt-Outs").

F.      Payment of Expenses.

21.      (a)      Samsung SDI agrees that a maximum of $85,000 of the Settlement

Fund may, if permitted by the Court, be used to cover the cost for notice and related

administration and claims processing.  Funds reasonably and actually expended pursuant to this

Paragraph 21(a) for notice and claims administration are not recoverable by Samsung SDI if this

Agreement does not become final.

        (b)      Except to the extent that such costs and fees may be paid out of the

Settlement Fund as authorized by the Court, and except as specifically provided in Paragraph 18,

Samsung SDI shall not be liable for any of the costs or expenses of the litigation of the Action,

including, but not limited to, attorneys' fees, fees and expenses of expert witnesses and

consultants, and costs and expenses associated with discovery, motion practice, hearings before

the Court, appeals, trials or negotiation of other settlements, or for administration and costs.

G.      Fees and Reimbursement of Expenses for the Oregon Attorney General.

22.      The Oregon Attorney General shall be awarded such attorneys' fees and

reimbursed such costs and expenses from the Settlement Fund as are approved by the Court.

After this Agreement becomes final within the meaning of Paragraph 8, the Oregon Attorney

General may submit an application or applications to the Court (the "Fee and Expense

Application(s)") for distribution to the Oregon Attorney General from the Settlement Fund, and

Samsung SDI shall not oppose such  distribution, for: (a) an award of attorneys' fees not in

excess of one-third of the Settlement Fund; and (b) reimbursement of expenses and costs

incurred, or to be incurred, in connection with prosecuting the Action.  After the Effective Date

12

but prior to this Agreement becoming final within the meaning of Paragraph 8, the Oregon Attorney General may submit an application or applications to the Court for distributions from the Settlement Fund up to a maximum of $85,000 to pay for notice and claims administration as set forth in Paragraph 21(a).

23.     With the exception of the limitations in Paragraph 22, the procedure for and the allowance or disallowance by the Court of the application(s) by the Oregon Attorney General for attorneys' fees, costs and expenses to be paid out of the Settlement Fund, and any plan for distribution of the Settlement Fund, are not  governed by this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement, and any order or proceeding relating to the Fee and Expense Application or any plan of distribution or any appeal from any such orders, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the judgment approving the Agreement.

H.     Conduct During The Pendency Of This Agreement.

24.     Samsung SDI need not respond to formal discovery from the State of Oregon and need not otherwise participate in the Action during the pendency of this Agreement commencing upon execution of this Agreement, except as required by the cooperation terms set forth in Paragraphs 5 and 7 of this Agreement.  Neither Samsung SDI nor the State of Oregon shall file motions against the other in the Action during the pendency of the Agreement.  In the event that the Agreement is not approved by the Court or otherwise terminates, Samsung SDI and the State of Oregon expressly reserve all of their rights, and agree to propose to the Court a reasonable schedule by which Samsung SDI would rejoin the Action as soon as reasonably practicable.

13

I.    <u>Rescission If This Agreement Is Not Approved.</u>

25.    If the Court refuses to approve this Agreement or if such approval is conditioned upon modification of the Agreement in a material way or set aside on appeal, or if final judgment is entered and appellate review is sought, and on such review such final judgment is reversed and no further appellate review is possible, then Samsung SDI and the State of Oregon shall each, in their sole discretion, exercised in good faith, have the option to rescind this Agreement in its entirety.  Any finding that the releases, discharges, and covenants not to sue given in Paragraphs 10, 11, 12 and/or 28 are invalid constitutes a material modification.  Written notice of the exercise of any such right to rescind shall be made according to the terms of Paragraph 39.  Any order of the Court on a Fee and Expense Application shall not be deemed a refusal by the Court to approve this Agreement or any part thereof.  A modification or reversal on appeal of any amount of attorneys' fees and expenses awarded by the Court from the Settlement Fund, or order approving a plan of distribution, shall not be deemed a modification of all or a part of the terms of this Agreement or such final judgment.

26.    In the event that this Agreement does not become final, then this Agreement shall be of no force or effect and the Settlement Fund, if previously paid to the State of Oregon, shall be returned forthwith to Samsung SDI less only disbursements and payments reasonably and actually made for notice and claims administration as set forth in Paragraph 21(a).  Samsung SDI expressly reserves all of its rights if this Agreement does not become final.  Further, and in any event, the State of Oregon and Samsung SDI agree that this Agreement, whether or not it shall become final, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any

14

violation of any statute or law or of any liability or wrongdoing whatsoever by Samsung SDI (or any of the Samsung SDI Releasees), or of the truth of any of the claims or allegations contained in the Complaint or any other pleading filed by the State of Oregon in the Action.

27.     This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Agreement, for a complete resolution of the relevant claims with respect to each Samsung SDI Releasee as provided in this Agreement.

J.     Covenant Not to Sue Regarding Lithium Battery Price-Fixing.

28.     Upon this Agreement becoming final as set out in Paragraph 8 of this Agreement, and in consideration of payment of the Settlement Fund as specified in Paragraph 14 of this Agreement, and for other valuable consideration, the Oregon Attorney General and the State of Oregon shall not seek to institute, maintain, or prosecute any suit or action against, or collect from or proceed against, or establish liability against, any Samsung SDI Releasee based in whole or in part on alleged price-fixing, bid-rigging, market allocation or production constraints of lithium ion batteries during the period of January 1, 2000 through May 31, 2011, in any forum worldwide under any antitrust, unfair competition, or common law (e.g., unjust enrichment) theory. This covenant not to sue extends to any claim, state or federal, including to any antitrust, unfair competition or common law (e.g., unjust enrichment) claim brought in a government, *parens patriae*, or law enforcement role by the Attorney General, based on conduct revealed to the Attorney General in any proffer given to the Attorney General by SDI or uncovered by the Attorney General based on information supplied by SDI in such proffers or based on her review of information developed from her CRTs action or on conduct alleged in criminal cases filed by the United States Department of Justice in the Northern District of California, captioned *United States v. LG Chem, Inc.*, CR 04:13-0473-

15

YGR, and *United States v. Sanyo*, CR 13-472.   In the event that the Attorney General and/or the State of Oregon files a complaint against one or more non-Samsung SDI Releasees based in any part on the conduct set out in this paragraph, the Attorney General and the State of Oregon shall not, after the date of execution of this Agreement, sue or otherwise seek to establish liability against Samsung SDI or any Samsung SDI Releasee based, in whole or in part, upon that conduct or conduct alleged in the Batteries MDL.

   29.  Samsung SDI agrees to cooperate with the Attorney General with respect to its investigation of alleged price-fixing, market allocation, and bid-rigging activities involving lithium ion batteries, by:

    (a)  No later than ninety (90) days after signing of this Agreement between the parties, Samsung SDI shall provide to the Attorney General a full accounting via a detailed proffer of all facts known to Samsung SDI (including its subsidiaries and employees) of all facts known to Samsung SDI that are relevant to alleged price-fixing, bid-rigging, and market allocation activities involving lithium ion batteries, including, but not limited to, those facts set out in *United States v. LG Chem, Inc.*, CR 04:13-0473-YGR, Plea Agreement (Oct. 10, 2013) and *United States v. Sanyo*, CR 13-472, Information (July 18, 2013). This shall not require Samsung SDI to repeat facts already stated in any previous proffers to the Attorney General. But the Attorney General shall be permitted to ask questions of Samsung SDI's counsel, and Samsung SDI agrees to consider in good faith securing answers to those questions to the extent such answers are known to Samsung SDI (including its subsidiaries and employees) and providing documents (if available and in Samsung SDI's possession) to support such answers;

    (b)  Beginning within thirty (30) days after the Effective Date of the Agreement and continuing thereafter to be substantially completed within ninety (90) days after

16

the Effective Date of the Agreement, unless the Settling Parties mutually agree on a different date, producing to the Attorney General any unofficial English translations that it may have in its possession of any Korean-language documents that it previously supplied to the Attorney General in any prior proffer regarding alleged price-fixing, bid-rigging, or market allocation activities involving lithium ion batteries;

        (c)     In the event that the Attorney General files a case alleging price-fixing, bid-rigging or market allocation of lithium ion batteries against defendants other than Samsung SDI, meeting and conferring in good faith with the Attorney General about making current employees available for deposition and trial, according to a reasonable schedule, including making available at a mutually agreed-upon time and place for deposition such key employees as are reasonably identified by the Attorney General as having knowledge with respect to such claims;

        (d)     In the event that the Attorney General files a case alleging price-fixing, bid-rigging, or market allocation of lithium ion batteries against defendants other than Samsung SDI, making available to the Attorney General appropriate employees in the United States in person as reasonably practical, by video conference, or such other means as may be agreed upon for interviews and declarations as reasonably required by the Attorney General;

        (e)     In the event that the Attorney General files a case alleging price-fixing, bid-rigging, or market allocation of lithium ion batteries against defendants other than Samsung SDI, producing at trial in person, by deposition, or by affidavit, whichever is legally necessary, representatives to establish for admission into evidence the amount of relevant sales and to testify as to the authenticity and genuineness of documents or their status as business records.

17

30.     The Attorney General agrees to treat all unsworn statements made, or material produced, by Samsung SDI, or their counsel, pursuant to Paragraph 29, as confidential investigative materials pursuant to ORS 646.836 , and to take all measures permitted under that law to protect the confidentiality of any such statement or material.  The Attorney General agrees that it will not introduce into evidence, at any hearing, or in support of any motion, opposition or other pleading in any federal or state action the unsworn, oral or written, statements made, or document translations produced, by Samsung SDI, their counsel, or any individual made available by Samsung SDI pursuant to the cooperation provisions of Paragraph 29.  The Attorney General further agrees that the disclosure of such materials does not operate to waive any applicable privileges that Samsung SDI may possess.

K.     <u>Miscellaneous.</u>

31.     This Agreement does not settle or compromise any claim asserted by the State of Oregon in the Action against any defendants or alleged co-conspirators other than Samsung SDI and the other Samsung SDI Releasees.  All rights against such defendants or alleged co-conspirators other than Samsung SDI and the other Samsung SDI Releasees are specifically reserved by the State of Oregon. The State of Oregon shall not be precluded from asserting joint liability or any derivative liability against other defendant parties based upon Samsung SDIs' sales to the State of Oregon.

32.     This Agreement shall not affect whatever rights the State of Oregon may have: (a) to seek damages or other relief from any person other than Samsung SDI and the other Samsung SDI Releasees, with respect to any CRTs or CRT Products purchased indirectly within or outside the United States; or (b) to assert any other claims which they may have against

18

Samsung SDI in the ordinary course of business which are not covered by or related to the Released Claims or covered by the covenant not to sue set forth in Paragraph 28.

33.     The Multnomah County Circuit Court shall retain jurisdiction over the implementation, enforcement and performance of this Agreement, and shall have jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement between the State of Oregon and Samsung SDI or any other Samsung SDI Releasee.

34.     This Agreement shall be governed by and interpreted according to the substantive laws of the State of Oregon without regard to its choice of law or conflict of laws principles.

35.     This Agreement constitutes the entire, complete and integrated agreement between the State of Oregon and Samsung SDI pertaining to the settlement of the Action against Samsung SDI, and supersedes all prior and contemporaneous undertakings of the State of Oregon and Samsung SDI in connection herewith.  This Agreement may not be modified or amended except in writing executed by the State of Oregon and Samsung SDI, and, if required by law, approved by the Court.

36.     This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the State of Oregon and Samsung SDI and the other Samsung SDI Releasees.  Without limiting the generality of the foregoing, each and every covenant and agreement made herein by the State of Oregon shall be binding upon all the persons and entities it represents.

37.     This Agreement may be executed in counterparts by the State of Oregon and Samsung SDI, and a facsimile signature or PDF signature shall be deemed an original

19

signature for purposes of executing this Agreement.  The State of Oregon has not assigned, transferred, or granted, or purported to assign, transfer or grant, any of the Released Claims that otherwise would be released by this Agreement.

      38.     Neither the State of Oregon nor Samsung SDI shall be considered the drafter of this Agreement or any of its provisions for the purpose of any statute, case law or rule of interpretation of construction that would or might cause any provision to be construed against the drafter of this Agreement.

      39.     Where this Agreement requires either party to provide notice or any other communication or document to the other, such notice shall be in writing, and such notice, communication or document shall be provided by email to the counsel identified in this paragraph for the party to whom notice is being provided.

For the State of Oregon:

Tim D. Nord
Special Counsel
Civil Enforcement Division
Oregon Department of Justice
tim.d.nord@state.or.us

Michael K. Kelley
Haglund Kelley LLP
kelley@hk-law.com


For Samsung SDI:

Michael W. Scarborough
Sheppard, Mullin, Richter & Hampton LLP
mscarborough@sheppardmullin.com


      40.     Each of the undersigned signatories represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement.

20

For the State of Oregon:

Dated: _January 20_, 2017          By: _____

Michael K. Kelley
Haglund Kelley LLP
200 SW Market Street, Ste. 1777
Portland OR 97201
kelley@hk-law.com
Special Assistant Attorneys General for Oregon


Dated: _____, 2017          By: _____

Tim D. Nord
Special Counsel
Civil Enforcement Division
Oregon Department of Justice
1162 Court Street, NE
Salem OR 97301
tim.d.nord@state.or.us


For Samsung SDI:

Dated: _January 20_ 2017          By: _____

Michael W. Scarborough
Sheppard, Mullin, Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
(415) 774-2963
mscarborough@sheppardmullin.com

*Attorneys for Samsung SDI Co. Ltd.*
*Samsung SDI America, Inc.*
*Samsung SDI Brasil, Ltda.*
*Tianjin Samsung SDI Co., Ltd.*
*Shenzhen Samsung SDI Co., Ltd.*
*Samsung SDI (Malaysia) Sdn. Bhd.*
*and SDI Mexico S.A. de C.V.*

21