| | |
|---|---|
| Francis O. Scarpulla (41059)<br>Patrick B. Clayton (240191)<br>Law Offices of Francis O. Scarpulla<br>456 Montgomery Street, 17th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 788-7210<br>Facsimile: (415) 788-0706<br>Email: fos@scarpullalaw.com<br>       pbc@scarpullalaw.com<br><br>*Co-Counsel for Objector Dan L. Williams & Co.* | Theresa D. Moore (99978)<br>Law Offices of Theresa D. Moore<br>One Sansome Street, 35th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 613-1414<br>tmoore@aliotolaw.com<br><br>*Counsel for Objectors Rockhurst University, Harry Garavanian, and Gary Talewsky* |
| Robert Bonsignore appearing *pro hac vice\*<br>*Lisa Sleboda pro hac vice*<br>Bonsignore Trial Lawyers, PLLC<br>23 Forest Street<br>Medford, MA 02155<br>Office Phone: (781) 350-0000<br>Cell Phone: (781) 856-7650<br>Facsimile: (702) 852-5726<br>Email: rbonsignore@classactions.us<br><br>*Counsel for Appellants Gianasca, Comeaux, Ashkannejhad, Speaect, Ciccone, and Craig* | [ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE] |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>All Indirect-Purchaser Actions | Master File No. 3:07-cv-5944-JST<br><br>MDL No. 1917<br><br>**NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO VACATE OR CLARIFY 2010 STIPULATION AND ORDER (DKT. 799)**<br><br>Hearing Date: June 6, 2019<br>Time: 2:00 p.m.<br>Courtroom: 9, 19th Floor<br>Judge: Hon. Jon S. Tigar |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS:

PLEASE TAKE NOTICE that on June 6, 2019, at 2:00 p.m., before the Honorable Judge Jon S. Tigar, United States District Court for the Northern District of California, 450 Golden Gate Ave., Courtroom 9, 19th Floor, San Francisco, California, counsel for Class Plaintiffs Rockhurst University, Gary Talewsky, and Harry Garavanian, Class Plaintiff Dan L. Williams & Co., and Class Plaintiffs Gianasca, Comeaux, Ashkannejhad, Ciccone, and Craig (collectively, the "ORS Plaintiffs"), by and through undersigned counsel (collectively, "Proposed ORS Class Counsel"), will and hereby do move, pursuant to Federal Rule of Civil Procedure 54(b) and this Court's inherent authority, for an Order vacating or clarifying the Stipulation and Order Modifying and Adopting Special Master's Report, Recommendations and Tentative Rulings Regarding Defendants' Joint Motion to Dismiss the Second Amended Complaint of the Indirect Purchaser Plaintiffs (Dkt. 799) (the "Stipulation" or "2010 Stipulation").

The motion is based on this notice, the accompanying memorandum of points and authorities in support of the motion, all other pleadings and papers filed in this action, and such additional evidence or argument that may be presented at the hearing.

## TABLE OF CONTENTS

**Page**

**INTRODUCTION** .................................................................................................................. 1

**PROCEDURAL HISTORY** ................................................................................................... 3

I. Procedural History Leading to the 2010 Stipulation. ................................................... 3

II. The 2010 Stipulation Entered Before Class Certification. ........................................... 3

III. Proceedings after the 2010 Stipulation. ....................................................................... 4

**ARGUMENT** ........................................................................................................................ 5

I. The 2010 Stipulation—Entered Before Any Class Certification Ruling—Should Be Vacated. . 5

    A. The Stipulation is voidable or, at a minimum, unenforceable and therefore should be vacated. ..................................................................................................................... 6

    B. The Stipulation should be vacated to eliminate prejudice to the ORS class members arising from inadequate representation. ...................................................... 10

II. This Court Should Clarify that the 2010 Stipulation Does Not Bar Assertion of ORS State Claims or the Addition of Named Plaintiffs in the MDL. .............................................. 11

**CONCLUSION** ................................................................................................................... 12

i

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO VACATE OR CLARIFY 2010 STIPULATION AND ORDER (DKT. 799)
Case No. 3:07-cv-5944, MDL No. 1917

# TABLE OF AUTHORITIES

*American Pipe & Construction Co. v. Utah*,
414 U.S. 538 (1974) ................................................................................................................. 9

*Brown v. Ticor Title Ins. Co.*,
982 F.2d 386 (9th Cir. 1992) .................................................................................................. 10

*City of Los Angeles v. Santa Monica Baykeeper*,
254 F.3d 882 (9th Cir. 2001) .................................................................................................... 5

*Dahl v. Bain Capital Partners, LLC*,
760 F. Supp. 2d 196 (D. Mass. 2011) ................................................................................... 8, 9

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ................................................................................................ 10

*Her v. Regions Fin. Corp.*,
2:07-CV-2017-RTD, 2007 WL 2806558 (W.D. Ark. Sept. 25, 2007) .................................... 10

*Immigrant Assistance Project of Los Angeles County Fed'n of Labor (AFL-CIO) v. I.N.S.*,
306 F.3d 842 (9th Cir. 2002) ................................................................................................ 7, 9

*In re Community Bank of N. Va.*,
418 F.3d 277 (3d Cir. 2005) ................................................................................................... 10

*In re Mego Fin. Corp. Sec. Litig.*,
213 F.3d 454 (9th Cir. 2000) .................................................................................................. 10

*In re S. African Apartheid Litig.*,
617 F. Supp. 2d 228 (S.D.N.Y. 2009) ...................................................................................... 9

*Oreo Corp. v. Winnerman*,
642 F. App'x 751 (9th Cir. 2016) ............................................................................................. 7

*Palmer v. Stassinos,*
236 F.R.D. 460 (N.D. Cal. 2006) ............................................................................................. 9

*Pearl v. Allied Corp.*,
102 F.R.D. 921 (E.D. Pa. 1984) ............................................................................................. 10

*Phillips v. Ford Motor Co.*,
435 F.3d 785 (7th Cir. 2006) .................................................................................................... 8

*Rosenbaum v. Syntex Corp.,*
95 F.3d 922 (9th Cir. 1996) ...................................................................................................... 7

*Smith v. Levine Leichtman Capital Partners, Inc.*,
C 10-00010 JSW, 2011 WL 13153123 (N.D. Cal. Mar. 9, 2011) ...................................................5

*Standard Fire Ins. Co. v. Knowles*,
568 U.S. 588 (2013)......................................................................................................................2, 6

*Wright v. Am. Bankers Life Assur. Co. of Florida*,
586 F. Supp. 2d 464 (D.S.C. 2008)...................................................................................................8

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

From its inception, this case has continually asserted federal antitrust claims based on a uniform and industry-wide price-fixing conspiracy and sought declaratory and injunctive relief on behalf of persons in all 50 states. The same conduct, transactions, and occurrences relied upon in support of those federal claims support state law damages claims in 31 so-called "Repealer States."[1]

On October 25, 2010—before any ruling on class certification—IPP Interim Lead Counsel and Defendants entered into a stipulation that became a court order (the "2010 Stipulation" or "Stipulation").[2] More specifically, IPP Lead Class Counsel agreed to proposed settlements with the Defendants, seeking to resolve and release all pending and potential state and federal claims. Class members in 22 of the repealer states were to share in a $576 million recovery; class members in the 9 other repealer states were omitted and were to receive nothing for the release of their state law damages claims. The absence of constitutionally guaranteed adequate representation of omitted repealer states' (ORS) class members was central to the Ninth Circuit appeal that resulted in the recent remand to this Court. This motion seeks to address one aspect of that deficient representation—a pre-settlement stipulation that purports to extinguish state law claims of the ORS class members.

The Stipulation is unenforceable as a matter of law. A ruling from this Court is necessary because, despite its fatal defects, the Stipulation continues to serve as a roadblock the efficient and orderly progression of this litigation and to alternative dispute resolution efforts. Putative

---

[1] States that permit indirect purchasers to recover damages for antitrust related violations of state law.

[2] *See* Stipulation and Order Modifying and Adopting Special Master's Report, Recommendations and Tentative Rulings Regarding Defendants' Joint Motion to Dismiss the Second Consolidated Amended Complaint of the Indirect Purchase Plaintiffs, Doc. No. 796.

ORS Counsel seek an order vacating the Stipulation and placing the ORS putative class members into the position they were in before it was entered.

Until a class is certified, absent class members cannot be legally bound by decisions of putative class counsel or named plaintiffs. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013). There was no certified class when the Stipulation was entered. IPP Interim Lead Counsel only had the authority to bind the *named* class representatives. Thus, he had no power to waive any rights of the ORS putative class members. Beyond being voidable to the extent it purports to bind the ORS class members, the Stipulation also did not address the addition of new claims or named plaintiffs in any pleading other than the Third Consolidated Amended Complaint. At the April 8, 2019 case management conference, IPP Lead Counsel Mario Alioto recently stated that the 2010 Stipulation has no effect at all on the viability of the ORS claims. Transcript of Proceedings at 21-24 (Apr. 9, 2019).

Should this Court construe the Stipulation's terms to bar the ORS class members from amending the complaint to allege state law claims arising out of the same conduct, transaction, and occurrences set out (or attempted to be set out) in support of the still-pending federal claims, the Court should vacate the Stipulation because it was entered without legal authority and is, thus, voidable. The Stipulation independently merits vacation as an impermissible violation of the due process rights of persons in the ORS to adequate representation.

After Proposed ORS Class Counsel filed settlement objections in 2015, IPP Interim Lead Counsel argued the statute of limitations had run for the state law damages claims of ORS class members and that the claims were, therefore, valueless.[3] But the state law damages claims of ORS class members—who have always been members of the nationwide class in this case and represented by Mr. Alioto—are not barred by the statute of limitations for several reasons, including this one: The state law damages claims Proposed ORS Class Counsel intend to allege

---

[3] *See* Appellee Brief, 9th Cir. Case No. 16-16368, Dkt. 93 at 74-86.

arise out of the same conduct, transaction, and occurrences set out in support of the originally-filed-and-still-pending federal claims alleged on behalf of class members in all 50 states; the state law claims for the ORS would therefore relate back to the earlier-pleaded federal claims.

Proposed ORS Counsel accordingly request an order vacating the Stipulation and placing the ORS class members into the position they were in before IPP Interim Lead Counsel agreed to the 2010 Stipulation.[4] Alternatively, if the Court declines to vacate the Stipulation, it should clarify that the Stipulation's reach is limited to the Third Consolidated Amended Complaint.

## PROCEDURAL HISTORY

This litigation arises from an alleged international conspiracy to fix the price of cathode ray tube products ("CRTs"), from March 1, 1995 through November 25, 2007. ER1331. On May 9, 2008, the Court appointed Mario Alioto and Trump, Alioto, Trump & Prescott as Interim Lead Counsel for a *putative* nationwide class of indirect purchasers of CRTs. Dkt. 282.

### I. Procedural History Leading to the 2010 Stipulation

On March 16, 2009, Interim Lead Counsel filed the first Consolidated Amended Complaint (the "CAC"). Dkt. 437. That complaint—and the operative complaint today—alleged federal antitrust claims for injunctive relief arising out of the defendants' price-fixing conspiracy for persons in all 50 states. In repealer states, any potential state law damages arise out of the same conduct, transaction, or occurrences that provide the underlying factual basis for the causes of action that are set out (or attempted to be set out) in the federal claims.

### II. The 2010 Stipulation Entered Before Class Certification.

Rather than object to the special master's Report's recommending dismissal of the Massachusetts, Arkansas and Montana state law claims with prejudice, IPP Interim Lead Counsel entered into the 2010 Stipulation (before class certification) agreeing to this Court's

---

[4] Three of the ORS were the subject of the Ninth Circuit appeal (Massachusetts, New Hampshire and Missouri). The six additional ORS that were omitted from an economic recovery are Arkansas, Montana, Oregon, Rhode Island, South Carolina, and Utah.

3
NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO VACATE OR
CLARIFY 2010 STIPULATION AND ORDER (DKT. 799)
Case No. 3:07-cv-5944, MDL No. 1917

adoption of that Report. Dkt. 799. Interim Lead Counsel also agreed in the Stipulation not to add any new state claims or new plaintiffs in his anticipated third consolidated amended complaint (the "Third CAC"). He did this without notice to any members of the putative class whose rights he was charged with zealously representing. On October 25, 2010, the Court approved and entered the Stipulation order. *Id.*[5]

On December 11, 2010, Interim Lead Counsel filed the Third CAC. Dkt. 827. State law damages claims for the ORS did not appear in subsequent complaints.

### III. Proceedings after the 2010 Stipulation.

Interim Lead Counsel eventually reached settlement agreements disposing of all pending and potential state and federal claims for all IPPs nationwide. Dkt. 3876-1; 3862-1 through 3862-5. The Settlements provided that IPPs in the 22 included repealer states, which had been certified after the Stipulation (Dkt. 1950), would share in a $576,750,000 damages recovery. During the preliminary approval proceedings, Lead Class Counsel did not inform the Court that he had excluded nine repealer states from the damages recovery. *See, e.g.*, Dkt. 3875. Throughout the final approval proceedings and the subsequent appeal, Lead Class Counsel argued against the inclusion of the ORS claims in the recovery, advocating the release of their damages claims through the Nationwide Class. Dkt. 4370 at 36.

On July 7, 2016, the district court issued an order certifying a settlement class, granting Final Approval and approving the allocation of all the MDL Settlements. Dkt. 4712. The ORS Plaintiffs appealed to the Ninth Circuit, which eventually remanded the case to this Court for reconsideration of its approval of the settlement. One of the many issues on appeal was the Stipulation. Since the court of appeals has remanded the case for reevaluation of the settlement without an opinion or order, the appellate issues regarding the Stipulation remain viable.

---

[5] Interestingly, Interim Lead Counsel did protect the state law damages claims of class members in Maine and Illinois (apparently trading those states for all nine ORS) by negotiating a provision that allowed the addition of new representatives for their claims, once he identified those representatives.

4

# ARGUMENT

## I. The 2010 Stipulation—Entered Before Any Class Certification Ruling—Should Be Vacated.

"The general rule regarding the power of a district court to rescind an interlocutory order is as follows: As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation omitted). This power "may be exercised by the court either of its own motion or on motion or suggestion by a party or interested person." *Id.* at 887 (internal quotation omitted). Similarly, Federal Rule of Civil Procedure 54(b) provides that "any order . . . may be revised at any time before entry of a judgment adjudicating all of the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

Due to Lead Counsel's court-acknowledged conflict with the ORS class members he represented in the national class action, the Court not only has the authority to vacate the Stipulation, but the duty to do so. *See Smith v. Levine Leichtman Capital Partners, Inc.*, C 10-00010 JSW, 2011 WL 13153123, at *3 (N.D. Cal. Mar. 9, 2011) ("Plaintiffs' counsel based on alleged conflict of interest triggers the Court's inherent duty to maintain the standards of professional conduct, to ensure the fair administration of justice, and to assure that the interests of the unnamed class members are adequately protected pursuant to Rule 23(a).").

To the extent the Stipulation purports to bind the absent class members of the ORS, including any additional or replacement class representatives, the Stipulation is voidable as it was beyond then-Interim Lead Counsel's power to enter such an agreement. No class had been certified when Interim Lead Counsel entered the stipulation; thus, under Supreme Court precedent discussed below, he could bind only those individual plaintiffs he directly represented at the time.

The Stipulation should, accordingly, be vacated to the extent it can be read to bind anyone aside from those individual plaintiffs. Vacatur is also necessary to avoid any prejudice to

5

ORS class members whose interests were not adequately represented before and after Interim Lead Counsel's decision to enter into the Stipulation. Alternatively, if the Court were not to vacate the Stipulation, it should clarify the Stipulation is binding only as to the Third Amended Complaint. We will address each ground in turn.

### A. The Stipulation is voidable or, at a minimum, unenforceable and therefore should be vacated.

#### i. *The Stipulation Does Not (and Cannot) Bind the ORS Class Members Since No Class Had Been Certified When Lead Counsel Acted*

To the extent it purports to bind anyone other than the named plaintiffs that Interim Lead Counsel directly represented when he entered the Stipulation, the Stipulation is voidable.

Directly on point Supreme Court precedent provides that putative class counsel does not have the power to bind any member of a putative class by stipulation except for those individuals that the counsel directly represents at that time. Prior to class certification, absent class members simply cannot be legally bound by decisions of putative class counsel or named plaintiffs. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013) ("[A] plaintiff who files a class action cannot legally bind members of the proposed class before the class is certified."). So, to the extent the pre-certification Stipulation and Order purports to bind any of the putative ORS class members as to their right to assert state law damages claims, the Stipulation is voidable except as to those individual persons named in the complaint that Interim Lead Counsel directly represented at the time he entered the Stipulation.

#### ii. *Why Vacating the Stipulation Matters: The ORS Class Members Possess Viable Claims that May be Asserted Under the Relation Back Doctrine, and the Stipulation Does Not Bar them from Amending the Complaint to Assert those Claims (as Defendants May Argue)*

If appointed to represent the putative ORS class members, Proposed ORS Class Counsel will move to amend the operative complaint to add plaintiffs and plead state law damages claims on behalf of those class members. Such amendment (including the addition of new class

representatives) would be allowed under the relation back doctrine, even though those individual plaintiffs' claims might otherwise be barred on statute of limitations grounds.

Although IPP Lead Class Counsel at the case management conference in April asserted that "the stipulation did not bar the filing of claims," and that "[t]he defendants don't understand it that way," IPP Lead Class Counsel stated that he nevertheless remained "reluctan[t] about vacating it." The Defendants did not explicitly state their position regarding the Stipulation's application, but they indicated an intent to oppose this motion—leaving open the possibility that they may try to use the Stipulation as a bar to amending the complaint on behalf of the ORS class members. *See* Transcript of Proceedings at 21-24 (Apr. 9, 2019).

Though the relation back issues are not currently before the Court, in order for the Court to fully understand how the ORS class members' claims will proceed (and, thus, the importance of vacating the Stipulation at this juncture), we will provide a brief overview of the relation back doctrine and how it would apply to this case:

Federal Rule of Civil Procedure 15(c)(1) governs when an amendment to a complaint (including the naming of an additional plaintiff) relates back to the date of the original complaint. Rule 15(c)(1)(B) allows relation back of an amendment asserting a claim or defense where "the claim or defense arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." The Ninth Circuit has further refined the analysis, as it applies to the addition of a plaintiff:

> An amendment adding a party plaintiff relates back to the date of the original pleading only when: 1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; 2) the relation back does not unfairly prejudice the defendant; and 3) there is an identity of interests between the original and newly proposed plaintiff.

*Immigrant Assistance Project of Los Angeles County Fed'n of Labor (AFL-CIO) v. I.N.S.*, 306 F.3d 842, 857 (9th Cir. 2002) (quoting *Rosenbaum v. Syntex Corp.,* 95 F.3d 922, 935 (9th Cir. 1996); *see also Oreo Corp. v. Winnerman*, 642 F. App'x 751, 753 n.1 (9th Cir. 2016) ("If the limitations period derives from state law, Rule 15(c)(1)[(A)] requires [the court] to consider both federal and

state law and employ whichever affords the more permissive relation back standard." (brackets in original; internal quotation and citation omitted)).

The application of the relation back doctrine applies in the class-action context and, as explained by the Seventh Circuit, actually plays a particularly important role in ensuring that unnamed class members' rights are protected when an applicable statute of limitations has expired:

> Relation back to add named plaintiffs in a class action suit is of particular importance because of the interests of the unnamed members of the class. Suppose Mr. X files a class action and after the statute of limitations has run the defendant settles with X. If a named plaintiff cannot be substituted for X with relation back to the date of the filing of the original complaint, the class will be barred from relief.

*Phillips v. Ford Motor Co.*, 435 F.3d 785, 788 (7th Cir. 2006).

To that end, whenever a court finds that a putative class representative is unable or is otherwise inadequate to represent a putative class, replacement representatives who intervene enjoy full relation-back rights as to claims that arise out of the same conduct, transaction, or occurrences set out (or attempted to be set out) in the original complaint. *See, e.g.*, *Wright v. Am. Bankers Life Assur. Co. of Florida*, 586 F. Supp. 2d 464, 474–75 (D.S.C. 2008) ("the elevation or addition of a new class representative relates back to the original cause of action so long as the new class representative's claims are based upon the same or substantially similar underlying conduct of the defendant and defendant would not be prejudiced by the addition of the new class representative."); *Dahl v. Bain Capital Partners, LLC*, 760 F. Supp. 2d 196, 199 (D. Mass. 2011) ("The addition of Detroit and the PanAmSat damages sub-class did not constitute the addition of new plaintiffs, but rather acted to add claims of particular class members that were already parties to the suit. The claims of Detroit and the PanAmSat damages sub-class, therefore, need only comply with Rule 15(c)(1)(B).").

Since the federal price-fixing and conspiracy claims asserted in the original pleading remain pending as to all 50 states, and since the damages claims in the omitted repealer states arise out of the same conduct, transaction, or occurrences set out in the original complaint (and every complaint since then), the ORS plaintiffs who will represent the omitted repealer states should have the right to amend and assert their damages claims. *See Immigrant Assistance Project of Los Angeles County Fed'n of Labor (AFL-CIO)*, 306 F.3d at 857-58; *Palmer v. Stassinos,* 236 F.R.D. 460, 465 (N.D. Cal. 2006) (applying tolling rule to new plaintiffs who sought to intervene "by way of [existing plaintiffs] amending their complaint"); *see also In re S. African Apartheid Litig.,* 617 F. Supp. 2d 228, 292 (S.D.N.Y. 2009); *Dahl v. Bain Capital Partners, L.L.C.*, 878 F. Supp. 2d 298, 299 (D. Mass. 2012) (relating back plaintiffs' fifth amended complaint, containing an amended class definition, even though four of the five transactions "were only briefly mentioned in the earlier-filed" complaint). For similar reasons, the ORS class members' claims have been tolled under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), since the litigation began.

This brings us to why it is important (for purposes of relation back principles) to vacate the voidable Stipulation. Federal Rule of Civil Procedure 15(c) speaks in terms of "amended" pleadings, suggesting that its relation back may not apply to "new" pleadings. Thus, if ORS Class Plaintiffs are forced to file a "new" complaint because the Stipulation is read to prohibit *amendments* adding their claims through amendment, there is a greater risk that the relation back doctrine may not defeat a motion to dismiss the claims as time-barred. It appears that Defendants may use the Stipulation to argue that "amendment" is not allowed, thereby creating a situation where they will attempt to argue that the relation back doctrine does not apply. Given that the

Stipulation is voidable as to the ORS class members, it should be vacated to alleviate that risk and avoid further litigation in this vein in the future.

### B. The Stipulation should be vacated to eliminate prejudice to the ORS class members arising from inadequate representation.

The Stipulation should be vacated as violative of the ORS class members' constitutional due process rights embodied in Rule 23(a)(4). If, as here, class members are not adequately represented, or there was a denial of due process, then the vehicle giving rise to those violations is invalid. *Brown v. Ticor Title Ins. Co.*, 982 F.2d 386, 390 (9th Cir. 1992).

The Court's appointment order specified that Interim Lead Counsel's duties included to "work in identifying and investigating potential claims", so as "to best protect the interest of the putative class members." Dkt. 282 at 2, 7. When the claims of the ORS class members were not prosecuted "vigorously" on their behalf, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998), those class members were not adequately represented. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000); *In re Community Bank of N. Va.*, 418 F.3d 277, 303-08 (3d Cir. 2005) (class representatives provided inadequate representation by failing to assert colorable federal statutory claims of some class members); *Smith v. Sprint Communications Co, L.P.*, 387 F.3d 612 (7th Cir. 2004) (reversing nationwide settlement class due to inadequate representation of plaintiffs pursuing other competing class actions whose claims were compromised by settlement); *Pearl v. Allied Corp.*, 102 F.R.D. 921, 923 (E.D. Pa. 1984) (abandonment of uncertified claims raises adequacy of representation issues).

Further, at a minimum, prior to class certification, lead counsel has a duty to protect the substantive legal rights of the putative class members from prejudice. *See Her v. Regions Fin. Corp.*, 2:07-CV-2017-RTD, 2007 WL 2806558, at *2 (W.D. Ark. Sept. 25, 2007) ("class counsel owes a fiduciary duty to putative class members prior to class certification to protect the substantive legal rights of putative class members that form the basis of the class action suit from

prejudice in an action against the class defendant resulting from the actions of class counsel")
(citation omitted). Mr. Aliota failed to fulfill this duty.

The movant ORS Plaintiffs filed timely objections regarding the absence of adequate representation of their claims, including the abandonment of ORS class members via the Stipulation that had been tucked away in the multi-thousand-entry docket. Dkt. 4113 at 5-7. In response, IPP Lead Class Counsel argued that "the statutes of limitations have now run, rendering the claims valueless." Thus, not only did Mr. Aliota fail to adequately represent the ORS by advancing their claims, IPP Lead Class Counsel did not even protect their claims because he entirely ignored the relation back doctrine at settlement. IPPs' Reply Re: Final Approval of Class Settlements at 12, filed with JAMS, Dec. 23, 2015; *see* Section I.A.ii (describing relevance of doctrine to ORS class members' claims).

The Stipulation—and IPP Class Counsel's representation—is further deficient to the extent the Stipulation operated as a dismissal of the ORS class members' claims without adequate notice. The Stipulation did not identify which states would not have state law damages claims pleaded; nor did it suggest that any repealer state had been omitted at all. Nor was it apparent from the face of the Stipulation that Massachusetts, Arkansas, and Montana claims had been dismissed, or that the Massachusetts claims could have been re-pleaded.

## II. This Court Should Clarify that the 2010 Stipulation Does Not Bar Assertion of ORS State Claims or the Addition of Named Plaintiffs in the MDL.

The 2010 Stipulation provides in relevant part as follows:

> The only amendments allowed in the Third Consolidated Amended Complaint shall be: . . .
>
>   b. Amendments adding or dropping named plaintiffs with respect to claims and states already at issue (i.e. no new claims or states);

Dkt. 799 at 2.

By its explicit terms, the Stipulation does not address amendment beyond the Third CAC. Thus, it cannot operate as a blanket prohibition upon the addition of new state law claims or

named plaintiffs through amendment of a complaint subsequent to the Third CAC. To further the orderly progression of this case on remand, this Court should issue an order clarifying the limited scope of the Stipulation if it declines to vacate the Stipulation.

## CONCLUSION

The Court should to exercise its fiduciary duty to protect the absent class members in the nine Omitted Repealer States and either vacate the order approving the Stipulation or clarify that it does not bar the naming of new ORS class members who may amend the complaint to allege state law damages claims, or grant such other and further relief as the Court may deem appropriate and just.

Dated: May 3, 2019

Respectfully submitted,

/s/   Robert J. Bonsignore
    Robert J. Bonsignore

Robert J. Bonsignore
Bonsignore Trial Lawyers, PLLC
3771 Meadowcrest Drive
Las Vegas, NV 89121
Telephone: (781) 845-7650
Facsimile:  (702) 852-5626
rbonsignore@class-actions.us

*Counsel for Class Plaintiffs Gianasca, Comeaux, Ashkannejhad, Ciccone, and Craig*

/s/  Francis. O. Scarpulla
    Francis O. Scarpulla

Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: 415-788-7210
Facsimile:  415-788-0706
fos@scarpullalaw.com
pbc@scarpullalaw.com

/s/  Theresa D. Moore
    Theresa D. Moore

Theresa D. Moore (99978)
Law Offices Of Theresa D. Moore
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 613-1414
tmoore@aliotolaw.com

Christopher A. Nedeau (81297)
Nedeau Law Firm
154 Baker Street
San Francisco, CA 94117
Telephone: (415) 516-4010
cnedeau@nedeaulaw.net

*Counsel for Class Plaintiffs Rockhurst University, Harry Garavanian, and Gary Talewsky*

John G. Crabtree, *appearing pro hac vice*
Brian Tackenberg, *appearing pro hac vice*
Crabtree & Auslander
240 Crandon Boulevard, Suite 101
Key Biscayne, FL 33149
Telephone: (305) 361-3770
Facsimile: (305) 437-8188
jcrabtree@crabtreelaw.com
btackenberg@crabtreelaw.com

Brian M. Torres, *appearing pro hac vice*
Brian M. Torres, P.A.
One S.E. Third Avenue, Suite 3000
Miami, FL 33131
Telephone: (305) 901-5858
Facsimile: (303) 901-5874
btorres@briantorres.legal

*Counsel for Class Plaintiff*
*Dan L. Williams & Co.*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed *via* CM/ECF on May 3, 2019 and as a result has been served on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Theresa D. Moore
Theresa D. Moore