Tracy R. Kirkham (69912)
John D. Bogdanov (215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
Email: trk@coopkirk.com
       jdb@coopkirk.com

*Counsel for Class Representative Steven Ganz and Class Member Eleanor Lewis*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944-JST <br><br> MDL No. 1917 <br><br> **REPLY IN SUPPORT OF MOTION OF COOPER & KIRKHAM, P.C., FOR APPOINTMENT AS LEAD COUNSEL FOR INDIRECT-PURCHASER PLAINTIFFS WITH CLAIMS IN NON-REPEALER STATES** <br><br> Hearing Date: June 6, 2019 <br> Time: 2:00 p.m. <br> Judge: Honorable Jon S. Tigar <br> Courtroom: 9, 19th Floor |
| This Document Relates to: <br><br> All Indirect Purchaser Actions | |

The Defendants' opposition to the appointment of Cooper & Kirkham, P.C. ("C&K") as interim lead counsel for class members with claims in Non-Repealer States is predicted on the assertion that it would be futile since these class members have already released their claims against the Defendants. According to Defendants, only the settlements with class members in Massachusetts, Missouri and New Hampshire were denied final approval by the Ninth Circuit and remanded to this Court. Therefore, Defendants argue, this Court currently lacks jurisdiction over the "settlements" with any other class members because their claims "have already been released and finally dismissed."[1] This argument requires accepting the concept that the single Settlement Agreement entered into by each Defendant in 2015, created not one class-wide settlement, but as many millions of individual settlements as there are class members, each capable of achieving finality independently. Wow. And to think that Defendants called the idea that restitution and disgorgement are price-fixing remedies a novel legal theory. Defendants' argument, creative as it may be, conflicts with reality in several dispositive areas.

First, there is the language of the Settlement Agreements themselves.[2] Each provides that "[t]his Agreement shall become final when . . . a final judgment [has been entered] dismissing the Action with prejudice as to [Defendant Name] Releasees against *all* Class Members . . . [and] if appealed, approval of this Agreement and the final judgment as to [Defendant Name] Releasees have been affirmed *in their entirety* by the Court of last resort[.]" Settlement Agreements ¶11 (emphasis added); *see also* Thomson Agreement ¶12 (same). Since Defendants concede that there has been no final approval or entry of judgment dismissing the claims of class members in the Omitted Repealer States, by the terms of Paragraph 11, none of the Settlement Agreements have become final. Paragraph 13 of each of the Agreements explicitly provides that the releases

---

[1] "Defendants' Response to: (1) Motion Re: Appointment of Interim Co-Lead Counsel for Indirect-Purchaser Omitted Repealer State Classes; and (2) Motion of Cooper & Kirkham, P.C. For Appointment As Lead-Counsel for Indirect-Purchaser Plaintiffs with Claims in Non-Repealer States," filed May 3, 2019, ECF No. 5468 ("Defendants' Response") at 9.

[2] The Settlement Agreements are ECF Nos. 3862-1 ("Philips"), 3862-2 ("Panasonic"), 3862-3 ("Hitachi"), 3862-4 ("Toshiba"), 3862-5 ("Samsung"), and 3876-1 ("Thomson"). In all matters relevant to this motion, the agreement terms and conditions are identical.

provided for in the agreement are not effective until the "Agreement becom[es] final as set out in Paragraph 11[.]"[3]  Thus, no class member has released a claim.

Second, Defendants also ignore the language of the Ninth Circuit's remand.  Defendants assert that based on statements made by this Court denying Lead Counsel's motion for an indicative ruling, "[t]he Ninth Circuit remanded this action for reconsideration of the settlement-approval order only as to the claims of Massachusetts, Missouri and New Hampshire purchasers." Defendants' Response at 2.  That is simply not correct.  While the Ninth Circuit did quote the statement that this Court regretted approving a settlement that did not compensate class members in those states for the release of their claims, that was not all that was said about the settlements in this Court's order.  In rejecting Lead Counsel's proposal for fixing the issues relating to the Omitted Repealer States, this Court stated explicitly that it was not convinced that all of the problems with the proposed settlements were encompassed by the Omitted Repealer State issues, or indeed had even been identified.[4]

Further, Defendants contend that the Ninth Circuit's remand order had the effect of affirming entry of judgment on that portion of the settlement regarding the other non-compensated Repealer State and Non-Repealer State class members (and presumably all of the compensated Repealer State class members as well), all of whom have therefore released their claims.  As a matter of law, however, no appellate court has the power to divide up a single settlement agreement into multiple agreements, letting some class members' portion of the agreement become final while remanding the terms as to other class members for reconsideration. *Jeff D. v. Andrus*, 899 F.2d 753, 758 (9th Cir. 1989) ("courts are not permitted to modify settlement terms or in any manner to rewrite agreements").  As stated above, the terms of Defendants' Settlement Agreements provide that the Ninth Circuit's remand, even if were confined to the issue of the

---

[3] The references to the Settlements here correspond to Paragraphs 14 and 12 of the Thomson Agreement, respectively.

[4] "Order Denying Indirect Purchaser Plaintiffs' Motion Pursuant to Federal Rule of Civil Procedure 62.1 for an Indicative Ruling on Their Motion to Amend the IPP Fee Order and Amend the Plan of Distribution," entered November 8, 2018, ECF No. 5362, at 2.

Omitted Repealer State class members' claims, means that no release has been given by any class member. No court can make this into a different provision.

In reality, however, no limitations were contained in the portion of the Ninth Circuit's order that defined the scope of the remand. In fact, the Ninth Circuit's words confirming that the remand left this Court unfettered in its discretion appear not once, but twice: "We therefore remand this case so the district court may reconsider its approval of the settlement," and again, more formally, "We therefore REMAND to the District Court to reconsider its order on class certification and settlement approval." "Order," entered in *In re Cathode Ray Tube (CRT) Antitrust Litig.,* No. 16378, on February 13, 2019, ECF Dkt. 246, at 11 and 12.

It is not surprising that the Defendants want to hang on to their freebie releases of the claims of nearly half the CRT purchasers in this country. However, this Court should decline their transparent invitation to commit clear error, and instead rule that no claims have been released pursuant to the 2015 proposed global settlement, and that all aspects of settlement are subject to negotiation in the upcoming mediation. That includes the settlement of the equitable relief claims for no compensation. Since no other objection was filed to C&K's motion, and for all of the reasons stated therein, C&K should be appointed interim Lead Counsel for class members in Non-Repealer States.

Dated: May 8, 2019                                  Respectfully Submitted,

                                                    /s/ *Tracy R. Kirkham*
                                          Tracy R. Kirkham

Tracy R. Kirkham (69912)
John D. Bogdanov (215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
Email: trk@coopkirk.com
        jdb@coopkirk.com

*Counsel for Class Representative Steven Ganz and Class Member Eleanor Lewis*