Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 788-7210
Facsimile:   (415) 788-0706
Email: fos@scarpullalaw.com
          pbc@scarpullalaw.com

*Co-Counsel for Objector*
*Dan L. Williams & Co.*

Robert Bonsignore (appearing *pro hac vice*)
Lisa Sleboda (*pro hac vice* pending)
Bonsignore Trial Lawyers, PLLC
23 Forest Street
Medford, MA  02155
Office Phone: (781) 350-0000
Cell Phone: (781) 856-7650
Facsimile: (702) 852-5726
Email: rbonsignore@classactions.us

*Counsel for Appellants Gianasca, Comeaux,*
*Ashkannejhad, Speaect, Ciccone, and Craig*

Theresa D. Moore (99978)
Law Offices Of Theresa D. Moore
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 613-1414
tmoore@aliotolaw.com

*Counsel for Objectors Rockhurst University,*
*Harry Garavanian, and Gary Talewsky*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **REPLY IN SUPPORT OF MOTION RE: APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL FOR INDIRECT-PURCHASER OMITTED REPEALER STATE CLASSES** |
| All Indirect-Purchaser Actions | |
| | Hearing Date:   June 6, 2019<br>Time:              2:00 p.m.<br>Judge:            The Honorable Jon S. Tigar<br>Courtroom:     9, 19th Floor |

# I
## INTRODUCTION

Neither the Indirect-Purchaser Plaintiffs ("IPPs")[1] nor the Defendants[2] oppose the appointment of Co-Lead Class Counsel for the Omitted Repealer States ("ORS").  The only issue is the scope of that representation, *i.e.*, whether Co-Lead Class Counsel should be appointed for three ORS (Massachusetts, Missouri, and New Hampshire) or should be appointed for those states and the six other ORS (Arkansas, Montana, Oregon, Rhode Island, South Carolina, and Utah).

The Defendants assert that the Ninth Circuit's remand order limits the Court's reconsideration of its prior settlement approval order to only "the claims of Massachusetts, Missouri, and New Hampshire," and, thus, Co-Lead Class Counsel need only be appointed for those states.  (Dkt. 5468 at 2).  That position is incorrect.  The Ninth Circuit remanded the settlement for reconsideration *in toto*.  Moreover, the determination of a settlement is binary.  Piecemeal approval is not allowed.  A class action "settlement must stand or fall in its entirety." *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003).

Thus, contrary to the Defendants' argument, the Ninth Circuit did not *sub silentio* approve—nor could it approve—any *aspect* of the prior settlement by remanding the settlement order for reconsideration.  If one aspect is infirm, then no aspect can be approved.

The Defendants' position otherwise invites legal error.  It is not in dispute that each putative class member from the nine ORS was omitted from an economic recovery that they are

---

[1] IPPs agree to the nine-state ORS appointment.  Dkt. 5467, p. 2:24-25.

[2] Defendants' positions (Dkt. 5468) regarding the selection of plaintiffs' counsel should be afforded little weight given the judicial preference for so-called "private ordering" in selecting interim class counsel.  *See* Manual for Complex Litigation (Fourth) § 21.272 (describing private ordering as "[b]y far the most common" approach to selecting class counsel).  In any event, defendants agree to a three-state ORS co-lead appointment, but they oppose a nine-state ORS co-lead appointment. The Mitsubishi Defendants state that they take no position regarding appointment of ORS co-lead counsel, but oppose inclusion of the *Lusher v. Mitsubishi* action in the ADR process.  *See* Statement of Mitsubishi Electric (Dkt. 5466) at p. 2.

1

entitled to by law and is entitled to zealous representation and constitutional due process.  Each stands on equal footing once the settlement is vacated.  It thus does not matter that only persons from the three ORS appealed and showed that the settlement was legally unfair.

To be saved, the settlement must be renegotiated.  IPP Class Counsel cannot represent persons from any of the nine ORS in such renegotiations because they have (repeatedly) taken positions contrary to the interests of those class members.  In addition to the reasons set forth in the moving papers, Proposed ORS Co-Lead Class Counsel should be tasked with representing the putative class members from all nine ORS because they are all similarly situated and are all entitled to zealous representation.

**II**
**ARGUMENT**

**A.**    **The Ninth Circuit's Remand Requires the Court to Reconsider its Order Approving the Settlement _in its Entirety_**

Federal Rule of Civil Procedure 23(e) requires the district court to determine whether a proposed settlement is fundamentally fair, adequate, and reasonable.  "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).  "The settlement must stand or fall in its entirety." *Id.* at 1026.

Stated plainly, the approval of a settlement is a binary determination: the entire settlement is either approved or the entire settlement is disapproved.  There is no middle ground.  A court is not empowered to approve certain aspects of a settlement and disapprove others for reconsideration by the parties.  Not even the Ninth Circuit has the power to undertake such piecemeal approval.  *See id.* at 1026 ("Neither the district court nor this court have the ability to 'delete, modify or substitute certain provisions.'") (quoting *Officers for Justice v. Civil Serv. Comm'n of San Francisco,* 688 F.2d 615, 630 (9th Cir.1982)).

The Defendants' proposition—that the Ninth Circuit somehow approved the settlement as

to six of the ORS and remanded solely for reconsideration as to three other ORS—throws that black-letter law to the wind.  The Ninth Circuit—like any court—lacks the power to approve-in-part a settlement.  Accordingly, if the Court is to reconsider its prior order approving the settlement, as the Ninth Circuit has ordered, the settlement "as a whole" must be taken into consideration—including the terms related to all nine ORS.  *Hanlon*, 150 F.3d at 1026.  If the settlement falls as to any ORS, it falls "in its entirety." *Id.*

Beyond the fact that the Defendants' construction of the Ninth Circuit's remand order would violate the law, the language employed by the Ninth Circuit in its order makes clear that the appellate court intended for this Court to reconsider the proposed settlement *in its entirety*: "We therefore REMAND to the District Court to reconsider its order on class certification and settlement approval."  Remand Order (CA9 No. 16-16368, Dkt. 238) at p. 12.  There was no limitation in the Ninth Circuit's remand order.  The order's plain language illustrates that this Court is to reconsider the order in its entirety.

If the Court were to look beyond the plain language of the Ninth Circuit's remand order, the Ninth Circuit's prior acts buttress the conclusion that this Court is to review the order in its entirety.  Indeed, the Ninth Circuit specifically denied the IPPs' request for a limited remand, thus rejecting the same kind of artificial limitation that the Defendants seek to impose here.  *Id.*

Just as clearly, this Court expressed similar concerns when denying the IPPs' Indicative Ruling Motion.  *See* Order Denying Indirect Purchaser Plaintiffs' Mot. Pursuant to Fed. R. Civ. P. 62.1 (Dkt. 5362).  Likewise, at the April 9, 2019 Case Management Conference, the Court stated that if no settlement is achieved, the entire case will go to trial, not just the ORS claims of Massachusetts, Missouri, and New Hampshire.  Apr. 9, 2019 Hr'g Tr. p. 34 ln. 5-12.  And for that to happen, the entire settlement would have to be vacated.[3]

---

[3] While we will not repeat it here, we also adopt Cooper and Kirkham, P.C.'s analysis set forth on pages 1 to 2 of their reply (Dkt. 5472), as to why the settlement agreements themselves dictate that

Regardless of whether the settlement is salvaged by new negotiations or vacated—and thus the claims tried—the persons in each of the nine ORS need and deserve new counsel because IPP Class Counsel has a clear conflict of interest with regard to those persons, and any settlement can only be approved as a whole.

### III
### CONCLUSION

Because neither the IPPs nor the Defendants oppose the appointment of ORS Co-Lead Class Counsel, we respectfully suggest that the motion should be granted as to all nine ORS so that the parties can proceed, with clarity as to which states are represented by which counsel, to the Court-ordered ADR before Magistrate Judge Corley.[4]

Alternatively, the Court could enter a schedule for the Proposed ORS Co-Lead Class Counsel to brief the question of the scope of the representation, beginning with a motion to vacate the final approval order (Dkt. 4712), which would naturally happen if no settlement is reached and the entire case goes to trial.

Dated: May 10, 2019                           Respectfully submitted,


                                              /s/  Francis O. Scarpulla
                                              Francis O. Scarpulla

                                              Francis O. Scarpulla (41059)
                                              Patrick B. Clayton (240191)
                                              LAW OFFICES OF FRANCIS O. SCARPULLA
                                              456 Montgomery Street, 17th Floor
                                              San Francisco, CA 94104
                                              Telephone: 415-788-7210
                                              Facsimile:  415-788-0706
                                              fos@scarpullalaw.com

---

the releases provided for in those agreements are not effective until the agreements are final for purposes of appeal.

[4] If the Court determines that it should not decide the scope of co-lead counsel's representation, we suggest alternatively that Magistrate Judge Corley should decide the scope of the representation after she has heard the parties' preliminary analyses of what needs to be accomplished in order to make this settlement fair, reasonable, and adequate for all Class Members.  *See* N.D. Cal. A.D.R. Local Rule 7 (Settlement Conferences).

1      pbc@scarpullalaw.com

2

3      Co-Counsel for Objector Dan L. Williams & Co.

4      /s/  Theresa D. Moore
               Theresa D. Moore

5
       Theresa D. Moore (99978)
6      Law Offices Of Theresa D. Moore
       One Sansome Street, 35th Floor
7      San Francisco, CA 94104
       Telephone: (415) 613-1414
8      tmoore@aliotolaw.com

9      Counsel for Objectors Rockhurst University,
10     Harry Garavanian, and Gary Talewsky

11     /s/ Robert J. Bonsignore
               Robert Bonsignore

12
       Robert Bonsignore (appearing *pro hac vice*)
13     Lisa A. Sleboda (*pro hac vice* pending)
       Kelley Fahy
14     Bonsignore Trial Lawyers, PLLC
       23 Forest Street
15     Medford, MA  02155
       Office Phone: (781) 350-0000
16     Cell Phone: (781) 856-7650
       Facsimile: (702) 852-5726
17     Email: rbonsignore@classactions.us
       Email: lsleboda@class-actions.us
18     Email: kfahy@classactions.us

19
       Counsel for Appellants Gianasca, Comeaux,
20     Ashkannejhad, Speaect, Ciccone, and Craig

21

22

23

24

25

26

27

28

MPA iso APPOINTMENT OF ORS CO-LEAD CLASS COUNSEL

                                    Case No. 3:07-cv-5944, MDL No. 1917

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing REPLY IN SUPPORT OF MOTION RE: APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL FOR INDIRECT-PURCHASER OMITTED REPEALER STATE CLASSES was filed *via* CM/ECF on May 10, 2019, and as a result has been served on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Francis O. Scarpulla
Francis O. Scarpulla

MPA iso APPOINTMENT OF ORS CO-LEAD CLASS COUNSEL

Case No. 3:07-cv-5944, MDL No. 1917