
John Taladay (*pro hac vice*)
john.taladay@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

Stuart C. Plunkett (State Bar No. 187971)
stuart.plunkett@bakerbotts.com
Peter Huston (State Bar No. 150058)
peter.huston@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Attorneys for*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Case No. 3:07-cv-05944-JST<br><br>MDL No.: 1917<br><br>**IRICO'S OPPOSITION TO MOTION OF THE UNITED STATES FOR LEAVE TO PARTICIPATE AT THE MAY 30 HEARING (Dkt. No. 5473)** |
| THIS DOCUMENT RELATES TO:<br><br>*ALL DIRECT PURCHASER ACTIONS* | |

**INTRODUCTION**

Defendants Irico Group and Irico Display (together "Irico") ask the Court to deny the Motion of the United States for Leave to Participate at the May 30 Hearing (Dkt. No. 5473) for one simple, yet undeniable reason: the DOJ has no unasserted interest in this case and its participation thus would be cumulative, would not assist the Court, and would prejudice Irico. The DOJ discharged any interest it had in this case when it closed its long-running investigation of price fixing and other alleged anticompetitive conduct in the CRT industry without any action against or even investigation of Irico as an entity whose conduct had an "effect" on the United States.

Moreover, the Statement of Interest filed by the DOJ merely restates the same legal arguments already presented by both DPPs and IPPs, both of which will appear at the hearing to present those arguments and answer the Court's questions.

**ARGUMENT**

**I.  DOJ FULLY PURSUED ITS INTERESTS IN THE CRT MARKET IN A YEARS-LONG INVESTIGATION**

The DOJ's grand jury investigation, which began in November of 2007, was already ongoing when the first civil complaints were filed in this case. *See* Declaration of Jeane Hamilton, Dkt. No. 81, at ¶ 8. Its investigation of the CRT industry lasted many years and included multiple appearances in this civil case during the pendency of its investigation. *See* Motion to Intervene, Dkt. No. 80; Case Management Statement, Dkt. No. 178; Motion to Stay, Dkt. No. 321; Motion to Relate Case in a Criminal Action, Dkt. No. 431. The DOJ thoroughly investigated CRT conduct and successfully obtained a plea agreement from Samsung SDI. *See* Amended Plea Agreement, *United States v. Samsung SDI Company, Ltd.*, Dkt. No. 29, Case No. CR 11-0162 (WHA) (N.D. Cal. May 17, 2011). The proven depth and breadth of the investigation, including securing a cooperating defendant and the guilty plea from Samsung SDI, afforded the DOJ every avenue to fully execute and vindicate any jurisdictional or substantive concerns regarding Irico and its FSIA status.

## II. DOJ HAD NO INTEREST IN IRICO

Despite ample cooperation from numerous CRT market participants, the DOJ never sought to assert jurisdiction over, or even contact, Irico with respect to alleged wrongdoing or in relation to any alleged "effect" in the United States. If the DOJ had an interest in asserting its views with respect to the Foreign Sovereign status of Irico Group or Irico Display, or in contending that either party's conduct had an "effect" in the United States, it had every opportunity to do so.

Prior to the filing of its Statement of Interest the DOJ did not raise any issue of Irico's FSIA or jurisdictional status. Moreover, with access to at least the same evidence now in plaintiffs' possession, at no point during this years-long investigation did the DOJ ever:

1. Serve a subpoena on Irico;
2. Execute a search warrant against Irico; or,
3. Even attempt to contact Irico.

The DOJ's claim of a "significant interest," based on which they now attempt to insert their views into this litigation, is belied by the years of inactivity and irrelevance that the DOJ ascribed to Irico in its own investigation.

## III. PLAINTIFFS' PARTICIPATION IN THE HEARING ALREADY INSURES THE LAW IS ADEQUATELY REPRESENTED

The DOJ attempts to portray its Statement of Interest as assisting the court in the correct interpretation of FSIA law. The reality is the Statement is largely a rehash of legal theory and case law already before the Court in briefing from both DPPs and IPPs. The interests of the law are already well-represented by plaintiffs' participation at the hearing—there is no value added from the DOJ's presence. Thus, allowing the DOJ to argue at the May 30 hearing would be inefficient and prejudicial to Irico.

Comparing the briefs in opposition to Irico's motions demonstrates that the DOJ's participation is unnecessary. The Tables of Authorities for the DPP Opposition, the IPP Opposition, and the Statement are largely the same. *Compare* Direct Purchaser Plaintiffs' Opposition to the Irico Defendants' Amended Motions to Dismiss ("DPP Opp."), Dkt. No. 5419,

at iii-v; Indirect Purchaser Plaintiffs' Opposition to the Irico Defendants' Amended Motions to Dismiss ("IPP Opp."), Dkt. No. 5440, at iii-v; Statement of Interest of the United States ("Stmt. of Interest"), Dkt. No. 5457, at ii-iii.  The substantive arguments are nearly identical and rely on the same (incorrect) interpretation of cases such as *Powerex*, *Weltover*, and *Dole*.  *Compare* DPP Opp. 14-40; IPP Opp. 11-26; Stmt. of Interest 4-16.  Nowhere in its Statement does DOJ contend that either DPPs or IPPs have inadequately represented the interests of the law, nor could it since the Statement merely repeats the same legal interpretations DPPs and IPPs presented to the Court weeks prior.  The Court should not allow the DOJ to further burden the Court and these proceedings by granting the DOJ's motion to appear.

## CONCLUSION

Based on the foregoing, Irico respectfully requests that the Court deny the DOJ's Motion to Appear at the May 30 hearing.[1]

Dated: May 10, 2019

*/s/ Stuart C. Plunkett*

John Taladay (*pro hac vice*)
john.taladay@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

Stuart C. Plunkett (State Bar No. 187971)
stuart.plunkett@bakerbotts.com
Peter Huston (State Bar No. 150058)
peter.huston@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Attorneys for*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

---

[1] If the Court concludes that the DOJ should be allowed to appear, Irico respectfully request that, in addition to their allotted time to respond to arguments from DPPs and IPPs, they be allowed equal time to respond to the DOJ's arguments.

**CERTIFICATE OF SERVICE**

I, Stuart C. Plunkett, declare as follows:

 I am counsel of record for Irico Group Corp. and Irico Display Devices Co., Ltd. I am over the age of eighteen years and not a party to this action.

 On May 10, 2019, I caused the foregoing IRICO'S OPPOSITION TO MOTION OF THE UNITED STATES FOR LEAVE TO PARTICIPATE AT THE MAY 30 HEARING to be served via the Court's CM/ECF system.

 I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

 Executed at San Francisco, California on May 10, 2019.

            */s/ Stuart C. Plunkett*
            Stuart C. Plunkett