NICKOLAI G. LEVIN (DCBN 490881)
Attorney, Antitrust Division
950 Pennsylvania Ave. NW
Office 3224
Washington, DC 20530
Telephone: (202) 514-2886
Facsimile: (202) 514-0536
E-mail: nickolai.levin@usdoj.gov

Attorney for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | No. 3:07-CV-05944-JST<br>MDL No.: 1917<br><br>**REPLY OF THE UNITED STATES IN SUPPORT OF ITS MOTION FOR LEAVE TO PARTICIPATE AT THE MAY 30 HEARING** |

On May 9, 2019, the United States moved for leave to participate in the hearing scheduled on May 30, 2019, to address the proper legal interpretation of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq.* (FSIA), with respect to two issues raised by the Irico Defendants' amended motions to dismiss. *See* Doc. 5473.  On May 10, 2019, the Irico Defendants filed an opposition, arguing that the United States should not be allowed to participate in the May 30 hearing because the United States "discharged any interest it had in this case" when it declined to prosecute the Irico Defendants, Doc. 5477, at 1-2, and because the plaintiffs can adequately represent the United States at the hearing, *id.* at 2-3.  Both arguments are meritless.

First, the United States does not seek to participate in the May 30 hearing to argue that this antitrust case must proceed against the Irico Defendants.  In its Statement of Interest filed on April 23, 2019, the United States expressly took no position on the application of the FSIA to the particular facts of this case, and the United States does not plan to take a position on that factual question at the hearing.  Rather, the United States seeks to participate at the hearing because the Irico Defendants' amended motions to dismiss are premised on an incorrect understanding of the proper legal framework under the FSIA that, if adopted by this Court, could have adverse implications beyond the instant case.  The United States has a significant interest in participating in the hearing to avoid that outcome.

Second, the plaintiffs do not adequately represent the United States at the hearing.  Like the United States, the plaintiffs have identified legal errors in the Irico Defendants' arguments, and rely on many of the same cases.  As private parties, however, the plaintiffs do not and cannot adequately represent the government on legal questions concerning foreign sovereign immunity—an issue on which the United States has significant and unique interests.

Thus, the United States respectfully requests leave to appear at the May 30 hearing.  The Irico Defendants request that, "in addition to their allotted time to respond to arguments from [plaintiffs], they be allowed equal time to respond to the DOJ's arguments." Doc. 5477, at 3 n.1. The United States has no objection to this request, and leaves it to the discretion of the Court to decide the form and extent of its participation at the hearing.

REPLY OF THE UNITED STATES IN SUPPORT OF ITS MOTION FOR LEAVE TO PARTICIPATE AT THE MAY 30 HEARING
Case No. 3:07-cv-05944-JST                              1

| | |
|---|---|
| | Respectfully submitted, |
| Dated: May 14, 2019 | /s/ Nickolai G. Levin<br>NICKOLAI G. LEVIN<br>Attorney, Appellate Section |
| | Attorney for the United States of America |