UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-05944-JST<br><br>**ORDER GRANTING MOTION FOR LEAVE TO PARTICIPATE IN MAY 30 HEARING**<br><br>Re: ECF No. 5473 |

Before the Court is the United States' Administrative Motion for Leave to Participate at the May 30 Hearing on Defendants Irico Group and Irico Display (together, "Irico")'s motions to dismiss pursuant to 28 U.S.C. § 517. ECF No. 5473. The Court will grant the motion.

Irico opposes the motion, arguing that the Government's participation in the case would be cumulative, would not assist the Court, and would prejudice Irico. ECF No. 5477. Irico asserts first, that the Government declined to prosecute them and thus, should not now be allowed to assert any interest in this case. *Id.* Second, Irico argues that the Government's participation will merely rehash legal positions already presented by the DPPs and IPPs. *Id.*

In response, the Government first clarifies that it takes no position on the particular facts of this case, but rather, seeks to participate at the hearing to assert its position that the motions to dismiss "are premised on an incorrect understanding of the proper legal framework under the FSIA that, if adopted by this Court, could have adverse implications beyond the instant case." ECF No. 5481. The Government also emphasizes that as private parties, Plaintiffs cannot adequately represent the Government's position "on legal questions concerning foreign sovereign immunity—an issue on which the United States has significant and unique interests." *Id.*

The essence of this dispute is whether the United States is an appropriate amicus. "There

are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable to the court." *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991) (citation omitted).  The Court concludes that the Government's participation in the May 30 hearing will be useful to the Court.  Accordingly, the motion for leave to participate is granted.

Finally, the Court acknowledges Irico's alternative request for equal time to respond to the Government's arguments, ECF No. 5477, and the Government's non-opposition to that request, ECF No. 5481.  The Court will instruct the parties as to time limits and structure for the hearing at a later date.

**IT IS SO ORDERED.**

Dated:  May 15, 2019



JON S. TIGAR
United States District Judge