GIBSON, DUNN & CRUTCHER LLP
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN V. SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. and
CHUNGHWA PICTURE TUBES (MALAYSIA)
SDN. BHD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*All Indirect Purchaser Actions*; | Master File No. 3:07-CV-05944-JST<br>MDL No. 1917<br><br>**CHUNGHWA PICTURE TUBES, LTD.'S AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S OPPOSITION TO MOTION TO VACATE OR CLARIFY 2010 STIPULATION AND ORDER**<br><br>Hearing Date: June 6, 2019<br>Time: 2:00 p.m.<br>Courtroom: 9, 19th Floor<br>Judge: Hon. Jon S. Tigar |

CHUNGHWA PICTURE TUBES, LTD.'S AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S OPPOSITION TO MOTION TO VACATE OR CLARIFY 2010 STIPULATION AND ORDER
CASE NO. 3:07-CV-05944-JST, MDL No. 1917

Gibson, Dunn & Crutcher LLP

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................. 1

II. RELEVANT PROCEDURAL HISTORY ........................................................................ 1

III. ARGUMENT .................................................................................................................... 3

IV. CONCLUSION ................................................................................................................. 5

i

CHUNGHWA PICTURE TUBES, LTD.'S AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S
OPPOSITION TO MOTION TO VACATE OR CLARIFY 2010 STIPULATION AND ORDER
CASE NO. 3:07-CV-05944-JST, MDL No. 1917

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*American Pipe & Construction Co. v. Utah*,
 414 U.S. 538 (1974) ...........................................................................................................4, 5

*Bowles v. Russell*,
 551 U.S. 205 (2007) .................................................................................................................4

*Burnett v. N.Y. Cent. R.R. Co.*,
 380 U.S. 424 (1965) (Goldberg, J.) ..........................................................................................5

*California Pub. Employees' Ret. Sys. v. ANZ Sec., Inc.*,
 137 S. Ct. 2042 (2017) .............................................................................................................5

*China Agritech, Inc. v. Resh*,
 138 S. Ct. 1800 (2018) .............................................................................................................4

*Gabelli v. SEC*,
 568 U.S. 442 (2013) .................................................................................................................5

*Inland Concrete Enterprises, Inc. v. Kraft*,
 318 F.R.D. 383 (C.D. Cal. 2016) .............................................................................................4

*Lindblom v. Santander Consumer USA, Inc*,
 2018 WL 3219381 (E.D. Cal. June 29, 2018) .........................................................................4

*Nevitt v. U.S.*,
 886 F.2d 1187 (9th Cir. 1989) .................................................................................................4

*Norwood v. Vance*,
 517 F. App'x. 557 (9th Cir. 2013), *cert. denied*, ––– U.S. –––, 134 S. Ct. 1344
 (2014) .......................................................................................................................................4

*Scannell v. Washington State Bar Ass'n*,
 671 F. App'x. 529 (9th Cir. 2016) ...........................................................................................5

**Rules**

Fed. R. App. P. 4 ............................................................................................................................4

Fed. R. Civ. P. 15(c)(1) ..................................................................................................................5

Fed. R. Civ. P. 60(c)(1) ..................................................................................................................4

Gibson, Dunn & Crutcher LLP

CHUNGHWA PICTURE TUBES, LTD.'S AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S
OPPOSITION TO MOTION TO VACATE OR CLARIFY 2010 STIPULATION AND ORDER
CASE NO. 3:07-CV-05944-JST, MDL No. 1917

## I.  INTRODUCTION

Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhds.[1] (collectively, "CPT" or the "CPT defendants") oppose the motion by Rockhurst University, Gary Talewsky, Harry Garavanian, Dan L. Williams & Co., and Anthony Gianasca, Gloria Comeaux, Mina Ashkannejhad, Rosemary Ciccone, and Jeff Craig, (collectively, the "Movants") for an Order Vacating or Clarifying the Stipulation and Order Modifying and Adopting Special Master's Report, Recommendations and Tentative Rulings Regarding Defendants' Joint Motion to Dismiss the Second Amended Complaint of the Indirect Purchaser Plaintiffs (Dkt. No. 799) (the "2010 Stipulation").  *See* Dkt. No. 5469.

Seven years ago, CPT and interim lead counsel for the Indirect Purchaser Plaintiffs agreed to a class-wide settlement, which was finally approved by this Court on March 22, 2012.  *See* Dkt. Nos. 1105, 1106.  An appeal was taken on March 26, 2012, which was then voluntarily dismissed.  Dkt. Nos. 1111, 1303.  On July 30, 2012, a remand issued from the Ninth Circuit, and the judgment was final.  Dkt. No. 1303.  The recent decision by the Ninth Circuit with respect to certain other settlements between the Indirect Purchaser Plaintiffs and certain defendants (Dkt. No. 5404) thus has no bearing whatsoever on the CPT settlement.  Moreover, any potential claim by the Movants against the CPT defendants is long since time-barred.  Accordingly, as there are no live claims against CPT, and this Court has no jurisdiction to alter any order, including the Court's October 27, 2010 Stipulation and Order (Dkt. No. 799) with respect to CPT defendants, insofar as the pending motion purports to relate to the CPT defendants it should be denied.

## II.  RELEVANT PROCEDURAL HISTORY

As it relates to CPT, there is no possible live issue presented by the Movants' motion and it should be denied.  More than six years ago, this Court finally approved the settlement among CPT, the Indirect Purchaser Plaintiffs, and certain States Attorneys General.

---

[1]  The releases, settlement, and judgment at issue here apply "to Chunghwa and all of its respective past and present, direct and indirect, parent companies, subsidiaries, and affiliates." Dkt. No. 884-1.

1

CHUNGHWA PICTURE TUBES, LTD.'S AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S
OPPOSITION TO MOTION TO VACATE OR CLARIFY 2010 STIPULATION AND ORDER
CASE NO. 3:07-CV-05944-JST, MDL No. 1917

Gibson, Dunn & Crutcher LLP

As relevant here, on September 30, 2010, the Special Master filed a Report, Recommendations and Tentative Ruling re Defendants' Joint Motion to Dismiss the Second Consolidated Amended Complaint of the Indirect Purchaser Plaintiffs. *See* Dkt. No. 768. The Recommendation included dismissal of federal and state law claims by the Indirect Purchaser Plaintiffs, including all plaintiffs in all states represented by the Indirect Purchaser Plaintiff Interim Class Counsel. *Id*. In October of 2010, the Parties stipulated to adopt the Special Master's Report, and to allow the Indirect Purchaser Plaintiffs to file a Third Amended Complaint naming plaintiffs in Illinois and Maine. Dkt. No. 796. The Court entered an Order adopting the Special Master's Report as modified by the stipulation. *See* Dkt. No. 799.

Over a year later, on March 28, 2011, the Indirect Purchaser Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement with Defendant Chunghwa Picture Tubes, Ltd. (*see* Dkt. No. 884), with respect to which the States Attorneys General for the states of Illinois, Washington, and Oregon sought to intervene on April 27 and April 28, 2011. Dkt. Nos. 909, 912, 922. The Special Master granted the intervention of Illinois and Washington on April 28, 2011 (*see* Dkt. Nos. 920, 921) and Oregon on May 2, 2011 (*see* Dkt. No. 927). The Indirect Purchaser Plaintiffs filed a new Motion for Settlement and Preliminary Approval of Class Action Settlement (*see* Dkt. No. 931) seeking preliminary approval of a revised class-wide settlement with CPT in which the issues raised by the intervening States Attorneys General had been resolved. Dkt. No. 931-1.

The Court preliminarily approved the settlement on August 10, 2011 (*see* Dkt. No. 993), and the Indirect Purchaser Plaintiff class moved for final approval, noting a single objection lodged by Sean Hull. Dkt. No. 1062. The Special Master issued a proposed Final Judgment approving the settlement; the Court entered an Order granting final approval, and Objector Hull timely appealed. Dkt. Nos. 1102, 1105, 1106. Shortly thereafter, Hull then voluntarily dismissed his appeal. Dkt. No. 1111. On July 30, 2012, the judgment become final upon remand from the Ninth Circuit. Dkt. No. 1303. Thus, for nearly seven years, any indirect purchaser claims against CPT have been fully and completely resolved.

Gibson, Dunn & Crutcher LLP

2

CHUNGHWA PICTURE TUBES, LTD.'S AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S
OPPOSITION TO MOTION TO VACATE OR CLARIFY 2010 STIPULATION AND ORDER
CASE NO. 3:07-CV-05944-JST, MDL No. 1917

The case continued as to other parties, and, as noted in the Movants' motion, "Interim Lead Counsel eventually reached settlement agreements disposing of all pending and potential state and federal claims for all [Individual Purchaser Plaintiff]s nationwide." Dkt. No. 5469 at 4 (citing Dkt. Nos. 3876-1; 3862-1 through 3862-5). On July 7, 2016, the Court issued an Order addressing how settlement monies including the CPT settlement proceeds would be distributed, but it did not disturb the settlement amount and explicitly refused to permit claims by persons who were not class members of the Individual Purchaser Plaintiff class. See Dkt. No. 4712 at 35. A group of counsel seeking to represent plaintiffs in a set of nine repealer states that claimed to be "omitted" from the damages calculations appealed to the Ninth Circuit, which eventually remanded the case to this Court without a written opinion. See Order, 9th Cir. Case No. 16-16368, Dkt. Nos. 238, 239.

On May 3, 2019, Movants filed the present motion seeking authorization to amend the Third Amended Complaint in the case to assert state law claims under the laws of the nine "omitted" repealer states. Dkt. No. 5469. These Movants ask the Court to issue an order "vacating the [2010] Stipulation and placing the [omitted repealer state] class members into the position they were in before [Indirect Purchaser Plaintiff] Interim Lead Counsel agreed to the 2010 Stipulation." *Id*. at 3. Their proposed support for vacating the nine-year-old Stipulation is that "[s]ince the court of appeals has remanded the case for reevaluation of the settlement without an opinion or order, the appellate issues regarding the Stipulation remain viable." *Id*. at 4.

### III.   ARGUMENT

Quite simply, CPT's long-final settlement with the indirect purchaser class was not and could not have been addressed by the Ninth Circuit's order with respect to certain other settlements with the Indirect Purchaser Plaintiff class, and nothing can or should be vacated as to CPT.

The final judgment entered on July 30, 2012 was never appealed, and no motion was timely made for relief from the judgement under Rule 60. The Court accordingly lacks jurisdiction to vacate or modify that judgment seven years after the fact. The Movants concede that their proposed class consists of people "who have always been members of the nationwide class in this case and represented by" the Indirect Purchaser Plaintiff counsel. Dkt. No. 5469 at 2. As a party, they are

3
CHUNGHWA PICTURE TUBES, LTD.'S AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S
OPPOSITION TO MOTION TO VACATE OR CLARIFY 2010 STIPULATION AND ORDER
CASE NO. 3:07-CV-05944-JST, MDL No. 1917

Gibson, Dunn & Crutcher LLP

bound by the Court's order granting final approval of the CPT settlement in March of 2012, which became final on July 30, 2012. Dkt. No. 1303. The time to challenge that final approval order has long since passed. No appeal was timely filed—that order is final, and the Court accordingly lacks jurisdiction to change it. *See* Fed. R. App. P. 4 (notice of appeal must be filed within 30 days of entry of the judgment or order appealed from); *see also Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("mak[ing] clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement" and holding that courts have "no authority to create equitable exceptions to jurisdictional requirements"). The time to file a Rule 60 motion has also long since passed. "A motion under Rule 60(b) must be made within a reasonable time—and . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "A court is required to dismiss an untimely Rule 60(b) motion for relief from judgment for lack of subject-matter jurisdiction." *Inland Concrete Enterprises, Inc. v. Kraft*, 318 F.R.D. 383, 415 (C.D. Cal. 2016); *see also Norwood v. Vance*, 517 F. App'x. 557 (9th Cir. 2013) ("To the extent that Norwood's motion seeks relief under Rule 60(b)(1) or Rule 60(b)(3), the district court lacked jurisdiction to consider it because Norwood filed the motion more than one year after judgment was entered.") (citing *Nevitt v. U.S.*, 886 F.2d 1187, 1188 (9th Cir. 1989) (district court lacks jurisdiction to consider an untimely motion for relief from judgment)), *cert. denied*, —— U.S. ——, 134 S. Ct. 1344 (2014). Here, the final judgment entered on July 30, 2012, the only appeal filed was then voluntarily abandoned, and no other motion was timely made for relief. The Court accordingly lacks jurisdiction to vacate or modify any order as it relates to CPT.

Likewise, any new claims the Movants could seek to bring against CPT now would not be timely. As the Court stated succinctly in its July 7, 2016 Order, if Movants seek to assert new claims on behalf of themselves or others, "no form of tolling saves the claims of [these] omitted repealer states." Dkt. No. 4712, *see also China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1802 (2018) (holding that the Supreme Court's rule developed from *American Pipe & Construction Co. v. Utah,* 414 U.S. 538 (1974) does not allow a putative class member to file a new class action after the statute of limitations has expired); *Lindblom v. Santander Consumer USA, Inc,* 2018 WL 3219381, at *6 (E.D.

4

CHUNGHWA PICTURE TUBES, LTD.'S AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S
OPPOSITION TO MOTION TO VACATE OR CLARIFY 2010 STIPULATION AND ORDER
CASE NO. 3:07-CV-05944-JST, MDL No. 1917

Gibson, Dunn & Crutcher LLP

Cal. June 29, 2018) ("to the extent that Movants would rely on *American Pipe* tolling to file a successive class action, Movants would not be entitled to proceed on behalf of a putative class").

Finally, Movants' alternate argument that Federal Rule of Civil Procedure 15's relation-back doctrine should rescue their claims is a nonstarter. See Dkt. No. 5469 at 6-9. The relation-back doctrine permits amendment to add related claims only when Defendants would not be prejudiced if forced to defend newly asserted claims on the merits. Fed. R. Civ. P. 15(c)(1). Here, permitting Movants to assert claims in 2019 that were fully and finally resolved in 2012 is the definition of prejudice. *See Scannell v. Washington State Bar Ass'n*, 671 F. App'x. 529, 531 (9th Cir. 2016) (upholding denial of motion to amend where the opposing party had filed a motion for judgment on the pleadings, discovery was about to close, and there had been multiple prior amendments). It also runs contra to the very purpose of statutes of limitations: to assure fairness to defendants, *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 428 (1965) (Goldberg, J.), advance the policies of "repose, elimination of stale claims, and certainty about a plaintiff's opportunity for recovery and a defendant's potential liabilities," *Gabelli v. SEC*, 568 U.S. 442, 448 (2013), and "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974); *see also California Pub. Employees' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2049 (2017). And, of course, there is no suggestion that the Movants could not have timely objected or appealed the CPT settlement. Having sat on their rights then, there is no reason to grant any relief whatsoever with respect to the CPT defendants.

## IV.   CONCLUSION

The CPT settlement is not touched by the Ninth Circuit's order with respect to certain other settlements with the indirect purchaser class, and nothing can or should be vacated as to the CPT defendants. To the extent the Movants seek to alter any prior orders of this Court with respect to the CPT defendants, they should be denied.

Gibson, Dunn & Crutcher LLP

CHUNGHWA PICTURE TUBES, LTD.'S AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S
OPPOSITION TO MOTION TO VACATE OR CLARIFY 2010 STIPULATION AND ORDER
CASE NO. 3:07-CV-05944-JST, MDL No. 1917

DATE: May 17, 2019                    GIBSON, DUNN & CRUTCHER LLP

                                      By:  /s/ Rachel S. Brass
                                           Rachel S. Brass
                                           Austin V. Schwing

                                      Attorneys for Defendants Chunghwa Picture Tubes, Ltd.
                                      and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.

6

CHUNGHWA PICTURE TUBES, LTD.'S AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S
OPPOSITION TO MOTION TO VACATE OR CLARIFY 2010 STIPULATION AND ORDER
CASE NO. 3:07-CV-05944-JST, MDL No. 1917

Gibson, Dunn & Crutcher LLP