ALLEN & OVERY LLP
Michael S. Feldberg (*pro hac vice*)
John Roberti (*pro hac vice*)
Andrew Rhys Davies (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399
Email: michael.feldberg@allenovery.com
        john.roberti@allenovery.com
        andrewrhys.davies@allenovery.com

*Attorneys for Defendants Samsung SDI Co., Ltd.;*
*Samsung SDI America, Inc.; Samsung SDI Mexico S.A.*
*De C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung*
*SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and*
*Samsung SDI (Malaysia) Sdn. Bhd.*

[Additional Responding Parties and Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.: 07-cv-05944 JST |
| | MDL No. 1917 |
| This document relates to: | **DEFENDANTS' RESPONSE TO MOTION TO VACATE OR CLARIFY 2010 STIPULATION AND ORDER** |
| ALL INDIRECT PURCHASER ACTIONS | Date:       June 6, 2019 |
| | Time:       2:00 p.m. |
| | Judge:      Hon. Jon S. Tigar |
| | Courtroom:  9, 19th Floor |

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND .........................................................................................................................3

    A.    For Most of the Decade this Lawsuit Has Been Pending, No Representative Has Asserted State-Law Damages Claims on Behalf of Purchasers in the Nine States that Movants and Their Counsel Now Seek to Represent ............................3

        1.    Since the Beginning of this Consolidated Proceeding, No Representative Has Asserted State-Law Damages Claims on Behalf of Missouri, New Hampshire, Oregon, South Carolina, or Utah Purchasers ...............................................................................................3

        2.    Since May 2010, No Representative Has Asserted State-Law Damages Claims on Behalf of Rhode Island Purchasers ..............................................4

        3.    Since October 2010, No Representative Has Asserted State-Law Damages Claims on Behalf of Arkansas, Massachusetts, or Montana Purchasers ...............................................................................................4

    B.    The 2010 Stipulation Did Not Dismiss, Extinguish, or Waive Class Members' State-Law Damages Claims ...............................................................................6

ARGUMENT ...............................................................................................................................7

    THE MOTION TO VACATE THE 2010 STIPULATION SHOULD BE DENIED BECAUSE VACATUR IS UNWARRANTED AND UNNECESSARY .........................7

    A.    Movants' Arguments in Support of Vacatur Are Baseless Because the 2010 Stipulation Did Not Dismiss, Extinguish, or Waive Class Members' State-Law Damages Claims ...............................................................................7

    B.    Vacatur Should Also Be Denied Because It Is Barred by the Rule of Mandate, and Because Vacatur Will Not In Any Event Facilitate the Filing of Viable Claims ............................................................................................................10

        1.    The Ninth Circuit's narrow remand order does not permit this Court to vacate the 2010 Stipulation ......................................................................10

        2.    Vacatur of the 2010 Stipulation will not permit movants to file viable claims ..................................................................................................13

CONCLUSION ..........................................................................................................................18

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Allen v. Bedolla*,
   787 F.3d 1218 (9th Cir. 2015) ...................................................................14

*American Pipe & Construction Co. v. Uta*
   414 U.S. 538 (1974).............................................................................16, 17

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
   465 F.3d 946 (9th Cir. 2006) ............................................................14, 15

*Avila v. I.N.S.*,
   731 F.2d 616 (9th Cir. 1984) ...................................................................15

*Belew v. Brink's, Inc.*,
   721 F. App'x 734 (9th Cir. 2018) ............................................................12

*Besig v. Dolphin Boating & Swimming Club*,
   683 F.2d 1271 (9th Cir. 1982) .................................................................15

*Broomfield v. Craft Brew All., Inc.*,
   No. 17-cv-01027-BLF, 2017 WL 3838453 (N.D. Cal. Sept. 1, 2017) ....................3

*Brown v. Ticor Title Ins. Co.*,
   982 F.2d 386 (9th Cir. 1992) .....................................................................9

*California Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*,
   309 F.3d 113 (9th Cir. 2002) ...................................................................14

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
   27 F. Supp. 3d 1015 (N.D. Cal. 2014) ...................................................16

*China Agritech, Inc. v. Resh*,
   138 S. Ct. 1800 (2018)..............................................................................17

*Crown, Cork & Seal Co. v. Parker*,
   462 U.S. 345 (1983)..................................................................................17

*Dahl v. Bain Capital Partners, LLC*,
   760 F. Supp. 2d 196 (D. Mass. 2011) .....................................................15

*Evans v. Jeff D.*,
   475 U.S. 717 (1986)..................................................................................12

*Gelboim v. Bank of Am. Corp.*,
   135 S. Ct. 897 (2015)..................................................................................3

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) .................................................................12

ii

*Howard v. Hui,*
    No. C 92-3742-CRB, 2001 WL 1159780 (N.D. Cal. Sept. 24, 2001) ....................................15

*Immigrant Assistance Project of Los Angeles Cty. Fed'n of Labor (AFL-CIO) v. I.N.S.,*
    306 F.3d 842 (9th Cir. 2002) ....................................................................................................15

*Jeff D. v. Andrus,*
    899 F.2d 753 (9th Cir. 1989) ....................................................................................................12

*Johnson v. Mammoth Recreations, Inc.,*
    975 F.2d 604 (9th Cir. 1992) ......................................................................................................8

*Kennerly v. United States,*
    721 F.2d 1252 (9th Cir. 1983) ..................................................................................................14

*Lacey v. Maricopa Cty.,*
    693 F.3d 896 (9th Cir. 2012) ......................................................................................................3

*Le v. Astrue,*
    558 F.3d 1019 (9th Cir. 2009) ..................................................................................................11

*Leachman v. Beech Aircraft Corp.,*
    694 F.2d 1301 (D.C. Cir. 1982) ................................................................................................15

*Lidie v. State of California,*
    478 F.2d 552 (9th Cir. 1973) ....................................................................................................13

*Officers for Justice v. Civil Service Com'n of City and Cty. of San Francisco,*
    688 F.2d 615 (9th Cir. 1982) ....................................................................................................12

*Osterman v. Sears, Roebuck & Co.,*
    80 P.3d 435 (Mont. 2003) .........................................................................................................16

*Palmer v. Stassinos,*
    236 F.R.D. 460 (N.D. Cal. 2006) ..............................................................................................16

*Paul v. City of Woonsocket,*
    745 A.2d 169 (R.I. 2000) ..........................................................................................................16

*Pettway v. American Cast Iron Pipe Co.,*
    576 F.2d 1157 (5th Cir. 1978) ..................................................................................................12

*Phillips v. Ford Motor Co.,*
    435 F.3d 785 (7th Cir. 2006) ..............................................................................................13, 14

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.,*
    522 F.3d 1049 (9th Cir. 2008) ..................................................................................................15

*Randall v. Rolls-Royce Corp.,*
    637 F.3d 818 (7th Cir. 2011) ....................................................................................................13

*In re S. African Apartheid Litig.*,
   617 F. Supp. 2d 228 (S.D.N.Y. 2009)......................................................................15

*Texaco, Inc. v. Ponsoldt*,
   939 F.2d 794 (9th Cir. 1991) ..................................................................................15

*United States v. Luong*,
   627 F.3d 1306 (9th Cir. 2010) ................................................................................12

*United States v. Thrasher*,
   483 F.3d 977 (9th Cir. 2007) ..................................................................................11

*Williams v. Boeing Co.*,
   517 F.3d 1120 (9th Cir. 2008) ................................................................................17

*Wright v. Am. Bankers Life Assur. Co. of Fla.*,
   586 F. Supp. 2d 464 (D.S.C. 2008).........................................................................15

*Wright v. Schock*,
   742 F.2d 541 (9th Cir. 1984) ....................................................................................9

*Zepeda v. PayPal, Inc.*,
   No. 10-cv-02500-SBA (JCS), 2014 WL 1653246 (N.D. Cal. Apr. 23, 2014).........14

**Statutes**

Ark. Code Ann. § 4-88-115 ...........................................................................................16

Mont. Code Ann. § 27-2-211 .........................................................................................16

9 R.I. Gen. Laws § 6-13.1-1 ..........................................................................................16

**Rules**

Fed. R. Civ. P. 16(b)(4)...................................................................................................8

Defendants hereby respond to the Motion to Vacate or Clarify 2010 Stipulation and Order (ECF No. 5469).

## PRELIMINARY STATEMENT

As movants have correctly acknowledged, this matter is before the Court "on limited remand from the Ninth Circuit." ECF No. 5451-1, at 1. Specifically, the Ninth Circuit has remanded for reconsideration of this Court's 2016 settlement-approval order insofar as the damages claims of purchasers in Massachusetts, Missouri, and New Hampshire (the "Omitted Repealer States") were released without compensation. That limited remand reflects, and, indeed, was based upon, a narrow concern that this Court expressed as to whether lead counsel adequately represented those purchasers in the settlement negotiations.

This motion wholly disregards the limited scope of the remand. It seeks vacatur of a case-management stipulation that the Court "so-ordered" in October 2010 (the "2010 Stipulation"), years before the settlement-approval order was entered. And, in addition to purchasers in the three Omitted Repealer States, this motion seeks relief on behalf of purchasers in six other states (Arkansas, Montana, Oregon, Rhode Island, South Carolina, and Utah). The Ninth Circuit did not grant and could not have granted relief to those purchasers because none of them appealed from the settlement-approval order. Movants are candid about their objective—they seek to revisit decisions that lead counsel made early in the litigation about what claims should be asserted and not asserted. They want to re-litigate this aged case from the beginning to prosecute state-law damages claims that have not been part of this case since 2010 or that, in several instances, have *never* been asserted.

No basis exists for the relief that movants seek. As a threshold matter, their arguments for vacatur are based on fiction—a false assertion that the 2010 Stipulation dismissed, extinguished, waived, or otherwise barred class members' damages claims. The 2010 Stipulation did no such thing. It dismissed the *individual* claims of some putative class representatives, and permitted lead counsel to reassert certain claims. But it did not preclude the assertion of *any* claims. Indeed, nothing

prevented fresh representatives from intervening to assert claims on behalf of purchasers in Arkansas, Montana, Massachusetts, and Rhode Island. And as to the remaining five states (Missouri, New Hampshire, Oregon, South Carolina, and Utah), state-law damages claims were *never* asserted by any class representative, before or after the 2010 Stipulation. Therefore, to the extent that damages claims were not prosecuted on behalf of purchasers in the states that movants now seek to represent, that had nothing to do with the 2010 Stipulation. Movants' misrepresentations about the 2010 Stipulation cannot justify its vacatur.

The rule of mandate also requires the denial of this motion. The remand is limited to reconsideration of how purchasers in the three Omitted Repealer States fared in the settlements. The rule of mandate therefore bars movants' effort to reopen and re-litigate the entire case. And movants cannot circumvent the rule of mandate by arguing incorrectly that the Court has no choice but to vacate the settlement-approval order in its entirety. It is true that a court cannot *unilaterally* modify a settlement. But it does not follow that this Court is therefore powerless to craft a remedy for the discrete issue identified by this Court and remanded by the Ninth Circuit. To the contrary, the Ninth Circuit recently did just that in another case, resolving an objector's appeal by narrowing a release with the consent of the settling parties.

Finally, there is no basis for movants' argument that vacating the 2010 Stipulation would allow them to amend the complaint to add class representatives whose claims will relate back to some earlier pleading. That argument is belied by the very cases that movants cite in their motion. As those cases demonstrate, intervention and relation back are impossible when—as here—some of the claims they wish to assert have never been asserted, and others were dismissed close to a decade ago.

Movants' approach would foster perpetual litigation, as demonstrated by this attempt to reopen and re-litigate a twelve-year-old case that is based on events dating back almost a quarter

2

century. And the resulting inability to be certain which claims are at issue would also make it very difficult to resolve a class action by settlement. Movants' approach is baseless, and their tactics are squarely barred by several doctrines that exist to promote important public and private interests in efficiency, settlement, finality, and repose.

## BACKGROUND

**A.**   **For Most of the Decade this Lawsuit Has Been Pending, No Representative Has Asserted State-Law Damages Claims on Behalf of Purchasers in the Nine States that Movants and Their Counsel Now Seek to Represent** _____

      **1.**   **Since the Beginning of this Consolidated Proceeding, No Representative Has Asserted State-Law Damages Claims on Behalf of Missouri, New Hampshire, Oregon, South Carolina, or Utah Purchasers** _____

      Since March 2009, when lead counsel filed the original Consolidated Amended Complaint, ECF No. 437, no class representative has asserted state-law damages claims against any Defendant on behalf of purchasers in five of the nine states that movants and their counsel now seek to represent: Missouri, New Hampshire, Oregon, South Carolina, and Utah.[1]

---

[1]   No damages claims have *ever* been asserted against the Thomson or TDA Defendants under the laws of *any* of the nine states that movants seek to represent.

      Earlier pre-consolidation putative class-action complaints that were filed in or transferred to this Court and consolidated for pre-trial purposes, ECF Nos. 121, 123, 230, 272, 1141, 1186, asserted damages claims on behalf of purchasers in New Hampshire, South Carolina, and Utah against some Defendants. *See* Compl. at 18 (¶ 94), *Mark Pierce v. Beijing-Matsushita Color CRT Co., Ltd., et al.*, No. 3:08-cv-00337-JST (N.D. Cal. Jan. 17, 2008), ECF No. 1 (asserting state-law damages claims on behalf of New Hampshire purchasers); Compl. at 1-2 (¶¶ 3-4), 15 (¶¶ 87, 90), *Andrew Kindt v. Matsushita Electric Indus. Co., et al.*, No. 1:07-cv-10322-GBD (S.D.N.Y. Nov. 13, 2007), ECF No. 1 (Michigan resident purporting to assert state-law damages claims on behalf of purchasers in New Hampshire and Utah); Compl., *Greg A. Glanz v. Chunghwa Picture Tubes, Ltd., et al.*, No. 4:07-cv-04175-TLW-TER (D.S.C. Dec. 31, 2007), ECF No. 1 (asserting state-law damages claims on behalf of South Carolina purchasers).

      The March 2009 Consolidated Amended Complaint, ECF No. 437, superseded the pre-consolidation *Pierce*, *Kindt*, and *Glanz* complaints, *see Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 905 n.3 (2015), and thereby voluntarily dismissed the New Hampshire, South Carolina, and Utah claims that the Consolidated Amended Complaint did not reassert, *see Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012); *Broomfield v. Craft Brew All., Inc.,* No. 17-cv-01027-BLF, 2017 WL 3838453, at *4 (N.D. Cal. Sept. 1, 2017).

2.     **Since May 2010, No Representative Has Asserted State-Law Damages Claims on Behalf of Rhode Island Purchasers**

In the March 2009 Consolidated Amended Complaint, Rhode Island resident Rosemary Ciccone asserted statutory consumer-protection and common-law damages claims under Rhode Island law on behalf of Rhode Island purchasers against some Defendants. ECF No. 437, at 8 (¶ 43), 85-87 (¶ 282), 88-89 (¶ 286).[2] In February 2010, the Court dismissed Ms. Ciccone's statutory claims because Rhode Island's consumer-protection statute does not give indirect purchasers a claim based on price fixing. ECF No. 665 (order approving and adopting Special Master's report), at 24, 26 (¶ 14); ECF No. 597 (Special Master's report), at 30-31. The May 2010 Second Consolidated Amended Complaint, ECF No. 716, and subsequent consolidated amended complaints, ECF Nos. 827, 1526, did not assert any state-law damages claims on behalf of Rhode Island purchasers.

Ms. Ciccone filed a notice of appeal from this Court's July 2016 final judgment. ECF No. 4752-1. The notice of appeal did not state that Ms. Ciccone was appealing the February 2010 order dismissing her state-law statutory claims, *id.,* and the brief filed in her appeal did not advocate reversal of the February 2010 order, nor even seek reversal of the settlement-approval order as to Rhode Island purchasers, *see* Appellants' Opening Br., *In re Cathode Ray* (*CRT*) *Antitrust Litig.,* No. 16-16373 (9th Cir. Nov. 14, 2016), ECF No. 32. Ms. Ciccone nonetheless joins in this motion. ECF No. 5469, at ii.

3.     **Since October 2010, No Representative Has Asserted State-Law Damages Claims on Behalf of Arkansas, Massachusetts, or Montana Purchasers**

*Arkansas*: In the May 2010 Second Amended Complaint, Arkansas resident Jerry Cook asserted statutory deceptive-trade-practices and common-law damages claims under Arkansas law on behalf of Arkansas purchasers against some Defendants. ECF No. 716, at 5 (¶ 19), 80-81 (¶ 275),

---

The State of Oregon separately asserted state-law damages claims on behalf of natural-person indirect purchasers in that State against the Samsung SDI, Toshiba, Panasonic, Hitachi, and Philips Defendants. Those claims have been settled. *See* ECF No. 5468, at 4.

[2]     The Thomson and TDA Defendants were not named as defendants in the March 2009 Consolidated Amended Complaint. The Samsung SDI, Toshiba, Panasonic, Hitachi, and Philips Defendants were named as defendants in that pleading.

DEFENDANTS' RESPONSE TO MOTION TO                                    CASE NO. 3:07-CV-05944-JST
VACATE OR CLARIFY 2010 STIPULATION & ORDER

95 (¶ 288).[3] In October 2010, pursuant to the 2010 Stipulation, the Court dismissed Mr. Cook's claims, adopting the Special Master's conclusion that neither the Arkansas statute nor Arkansas common law affords indirect purchasers a claim based on price fixing. ECF No. 799; ECF No. 768, at 3-4. Mr. Cook did not file a notice of appeal. The Third and Fourth Consolidated Amended Complaints, ECF Nos. 827, 1526, did not assert damages claims on behalf of Arkansas purchasers.

*Massachusetts*: In the March 2009 Consolidated Amended Complaint, Massachusetts resident Barbara Caldwell asserted statutory consumer-protection and common-law damages claims under Massachusetts law on behalf of Massachusetts purchasers against the Defendants that were named in that pleading. ECF No. 437, at 78-79 (¶ 277), 88-89 (¶ 286). In February 2010, the Court dismissed Ms. Caldwell's statutory claim with leave to amend, due to her failure to plead compliance with a statutory thirty-day pre-filing notice requirement. ECF No. 665, at 24, 25 (¶ 12); ECF No. 597, at 29-30.

The May 2010 Second Consolidated Amended Complaint re-asserted Ms. Caldwell's Massachusetts-law claims against those Defendants that were named in that pleading, but admitted that she did not mail the statutory notice until three days before the Second Consolidated Amended Complaint was filed. ECF No. 716, at 6-7 (¶ 31), 86-88 (¶ 280), 95 (¶ 288). In October 2010, pursuant to the 2010 Stipulation, the Court accepted the Special Master's recommendation to dismiss Ms. Caldwell's state-law claims due to her admitted failure to provide timely notice of her statutory claim, and because Massachusetts common law does not afford indirect purchasers a claim for price fixing. ECF No. 799; ECF No. 768, at 8, 12-14. The Court accepted the Special Master's recommendation to deny Ms. Caldwell leave to amend her statutory claim a second time because no amendment could remedy her admitted failure to serve the required notice *before* asserting her claim. ECF No. 799; ECF No. 768, at 13. Ms. Caldwell did not file a notice of appeal from the dismissal of her claims.

The Special Master made clear, however that this "procedural dismissal" of Ms. Caldwell's individual claims did not "bar the filing of a truly <u>new</u> suit." ECF No. 768, at 13 (emphasis in

[3] The Thomson and TDA Defendants were not named as defendants in the May 2010 Second Consolidated Amended Complaint. The Samsung SDI, Toshiba, Panasonic, Hitachi, and Philips defendants were named as defendants in that pleading.

original). Consistent with that recommendation, the Court permitted the Third Amended Complaint to add "named plaintiffs with respect to claims and states already at issue." ECF No. 799, at 2 (¶ 5(b)). The Third and Fourth Consolidated Amended Complaints did not, however, assert damages claims on behalf of Massachusetts purchasers. ECF Nos. 827, 1526. This Court has accepted lead counsel's sworn explanation that no viable Massachusetts class representative was available. ECF No. 4712, at 23; *see* ECF No. 4370-1, at 7 (¶ 28), 8-9 (¶¶ 36-38).

  *Montana*: Although no Montana purchaser was named as a plaintiff, the May 2010 Second Amended Complaint purported to assert statutory consumer-protection and common-law damages claims under Montana law on behalf of purchasers in Montana against those Defendants that were named in that pleading. ECF No. 716, at 69-70 (¶ 261). In October 2010, pursuant to the 2010 Stipulation, the Court accepted the Special Master's recommendation to dismiss those claims on the ground that neither the Montana statute nor Montana common law affords indirect purchasers a claim based on price fixing. ECF No. 799; ECF No. 768, at 4-5. No notice of appeal was filed on behalf of Montana purchasers. Since October 2010, no class representative has asserted damages claims on behalf of Montana purchasers.

**B. The 2010 Stipulation Did Not Dismiss, Extinguish, or Waive Class Members' State-Law Damages Claims**

  As referenced directly above, in October 2010, the Court "so ordered" the 2010 Stipulation, in which the parties agreed to accept as modified the Special Master's recommended rulings on Defendants' partial motion to dismiss the Second Consolidated Amended Complaint. ECF No. 799. The 2010 Stipulation expressly preserved the parties' rights to appeal those rulings. *Id.* at 2 (¶ 4).

  The 2010 Stipulation also described the amendments that would be "allowed in the Third Amended Complaint." *Id.* at 2 (¶ 5). Although the Special Master recommended that the claims of Illinois and Maine purchasers be dismissed with prejudice due to the absence of a representative plaintiff, ECF No. 768, at 5-6, pursuant to the parties' stipulation, the Court permitted lead counsel to add representatives to reassert claims on behalf of those two putative classes, ECF No. 799, at 2 (¶ 5(a)). The Third Amended Complaint duly added class representatives for the Illinois and Maine purchasers. ECF 827, at 6-7 (¶¶ 28, 31).

Lead counsel was also permitted, in the Third Amended Complaint, to add or drop named plaintiffs "with respect to claims and states already at issue," and to make amendments "to conform to the Special Master's Report." ECF No. 799, at 2 (¶ 5(b), (c)). Those permissions reflected, *inter alia*, the ruling that the dismissal of Ms. Caldwell's individual statutory claim on procedural grounds did not bar a different Massachusetts plaintiff from bringing such a claim. ECF No. 768, at 13.

The 2010 Stipulation did not purport to preclude the filing of further consolidated amended complaints, or to limit the claims that could be asserted in such amended pleadings. Accordingly, in June 2012, lead counsel moved pursuant to Federal Rule of Civil Procedure 15(a) to amend the complaint to assert damages claims under Puerto Rico law on behalf of purchasers in Puerto Rico. ECF No. 1226. Defendants opposed the proposed amendment on the grounds of delay and futility, ECF No. 1246, but neither side referenced the 2010 Stipulation nor suggested that it barred the assertion of these new damages claims.[4]

## ARGUMENT

### THE MOTION TO VACATE THE 2010 STIPULATION SHOULD BE DENIED BECAUSE VACATUR IS UNWARRANTED AND UNNECESSARY

#### A.  Movants' Arguments in Support of Vacatur Are Baseless Because the 2010 Stipulation Did Not Dismiss, Extinguish, or Waive Class Members' State Law Damages Claims

This motion suffers from several dispositive defects. Not least among them, the entire premise is false. Contrary to movants' assertions, *see* Mem. in Support of Mot. to Vacate or Clarify 2010 Stipulation & Order, ECF No. 5469 ("Mem."), at 1, 2, 11, the 2010 Stipulation did not "waive," "extinguish," or "operate[] as a dismissal" of class members' state-law damages claims. Stripped of that false premise, the motion is baseless and should therefore be denied.

The 2010 Stipulation did not dismiss the damages claims of *any* Missouri, New Hampshire, Oregon, South Carolina, or Utah purchasers. No such claims have been asserted in this action since the original Consolidated Amended Complaint was filed in March 2009. *Supra* at 3. Nor did it dismiss the damages claims of *any* Rhode Island purchasers. The Court dismissed the individual

---

[4]      Lead counsel ultimately withdrew the motion to add claims on behalf of Puerto Rico purchasers. ECF No. 1259, at 2; ECF No. 1259-1, at 2 (¶ 2).

DEFENDANTS' RESPONSE TO MOTION TO
VACATE OR CLARIFY 2010 STIPULATION & ORDER

CASE NO. 3:07-cv-05944-JST

damages claims of purported Rhode Island purchaser Rosemary Ciccone in an earlier ruling that Ms. Ciccone did not appeal. *Supra* at 4.

To be sure, as recommended in the Special Master's September 2010 report, ECF No. 768, the 2010 Stipulation dismissed the *individual* damages claims that certain putative class representatives asserted in the Second Amended Complaint, including those from Arkansas, Massachusetts, and Montana. But it did not "extinguish" or "waive" even those individuals' claims; to the contrary, their appellate rights were expressly preserved. ECF No. 799, at 2 (¶ 4). None of those plaintiffs filed appeals.

Moreover, the 2010 Stipulation did not prevent the future assertion of *any* claims. It authorized lead counsel to file a Third Amended Complaint that would reassert claims that had been dismissed due to representative-specific defects. That included the Illinois and Maine state-law claims for which there were previously no representatives, and the Massachusetts state-law claim that had been dismissed due to the former putative representative's irremediable failure to satisfy the pre-suit demand requirement. *Supra* at 6-7.

The parties agreed to these amendments being made in the Third Amended Complaint, thereby obviating the need for lead counsel to seek leave, but, as movants concede, the 2010 Stipulation "did not address the addition of new claims or named plaintiffs in any pleading other than the Third Consolidated Amended Complaint." Mem. at 2.[5] Thus, no one believed that the 2010 Stipulation barred lead counsel's subsequent motion to add Puerto Rico representatives and claims. *Supra* at 7.[6] In the same way, the 2010 Stipulation did not prevent lead counsel from seeking permission to add representatives and claims for any of the states that movants now seek to

---

[5]     *See also* Mem. at 11 ("By its explicit terms, the Stipulation does not address amendment beyond the Third CAC."). As the 2010 Stipulation is clear on its face, there is no basis for movants' alternative request to "clarify" it. *See* Mem. at 11-12.

[6]     That the 2010 Stipulation did not even set a deadline for amendments is confirmed by the absence from the Puerto Rico-related motion practice of any reference to the good-cause standard that applies when a plaintiff seeks to amend after the expiration of a court-ordered deadline. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-10 (9th Cir. 1992) (good cause must be shown to amend complaint after expiration of deadline in scheduling order); Fed. R. Civ. P. 16(b)(4).

1    represent.[7] Nor did it prevent movants or any other new putative representatives from moving to

2    intervene in the MDL or seeking to file a new complaint.

3          Because the 2010 Stipulation did not bar the class damages claims that movants and their

4    counsel now seek to assert, the two arguments that movants advance in support of vacatur are

5    inapposite. *First*, the argument that lead counsel lacked the authority to stipulate away the claims of

6    absent class members, Mem. at 2, 5-6, is irrelevant, because the 2010 Stipulation did no such thing.

7          *Second*, movants misplace their reliance on the rule that an absent class member may

8    collaterally attack a class-action judgment that resolves class claims by showing that the class

9    representative provided inadequate representation. *See* Mem. at 5-6, 10-11.[8] That rule is inapplicable

10   here because, contrary to movants' assertions, *see* Mem. at 1-2, 11, the 2010 Stipulation did not

11   "dismiss," "extinguish," or "waive" the claims of absent class members.

12         Movants' inadequate-representation argument fails for the additional reason that they cannot

13   show that Defendants knew that lead counsel was providing allegedly constitutionally inadequate

14   representation by entering into the 2010 Stipulation. *See Brown v. Ticor Title Ins. Co.*, 982 F.2d 386,

15   390-91 (9th Cir. 1992) (cited in Mem. at 10). Movants misleadingly state that lead counsel had a

16   "court-acknowledged conflict with the ORS class members he represented in the national class

17   action." Mem. at 5.[9] In fact, this Court has expressed a much narrower concern, limited to whether

18   the Massachusetts, Missouri, and New Hampshire purchasers were adequately represented *in the*

19

20   ───────────────

     [7]      Even though the claims of the Arkansas, Montana, and Rhode Island representatives had

21   been dismissed on the ground that those states' laws do not afford a price-fixing claim to indirect
     purchasers, *supra* at 4-6, those pre-certification dismissals were not preclusive as to other plaintiffs

22   from those states. *See Wright v. Schock*, 742 F.2d 541, 544 (9th Cir. 1984) (pre-certification award
     of judgment to defendant "will not be res judicata as to other individual plaintiffs or other members

23   of any class that may be certified").

     [8]      As the Ninth Circuit held in the lead case cited by movants, *see* Mem. at 10, to mount a

24   successful collateral attack on a class-action judgment, the absent class member must show that:
     (1) the class representative failed to prosecute the action "with due diligence and reasonable

25   prudence," *and* (2) the "opposing party was on notice of facts making that failure apparent." *Brown
     v. Ticor Title Ins. Co.*, 982 F.2d 386, 390-91 (9th Cir. 1992) (citations and internal quotation marks

26   omitted) (rejecting a challenge to the adequacy of class counsel's representation).

27   [9]      The Court has expressly not determined that lead counsel had a conflict. ECF No. 5444, at

28   15:7-14.

DEFENDANTS' RESPONSE TO MOTION TO                                    CASE NO. 3:07-cv-05944-JST
VACATE OR CLARIFY 2010 STIPULATION & ORDER

*settlement negotiations*. ECF No. 5362, at 1-2. This Court has *not* questioned the judgments that lead counsel made years earlier about which claims to assert or not assert.[10] Nor has the Court challenged the "vigor[]" with which lead counsel litigated those claims. *See* Mem. at 10. To the contrary, as to the three states that are the subject of the present remand, this Court has determined that it was the unavailability of viable representatives—not the 2010 Stipulation or the adequacy of lead counsel's representation—that prevented those claims from being prosecuted. ECF No. 4712, at 23.[11]

**B.    Vacatur Should Also Be Denied Because It Is Barred by the Rule of Mandate, and Because Vacatur Will Not In Any Event Facilitate the Filing of Viable Claims**

**1.    The Ninth Circuit's narrow remand order does not permit this Court to vacate the 2010 Stipulation**

As noted immediately above, this Court has expressed a discrete concern, *i.e.*, whether purchasers in Massachusetts, Missouri, and New Hampshire were adequately represented in the negotiation of the 2015 settlements. ECF No. 5362, at 1-2. The Ninth Circuit's remand order is correspondingly narrow. It limits the remand in two ways: (1) to reconsideration of the settlement-approval order (2) as it affects the claims of purchasers in Massachusetts, Missouri, and New Hampshire.[12] Order, *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, No. 16-16368 (9th Cir. Feb. 13, 2019) ("Remand Order"), ECF No. 238, at 10-12.

The limited scope of the remand requires the denial of this motion, in two respects. *First*, the motion should be denied to the extent it is brought on behalf of purchasers in Arkansas, Montana, Oregon, Rhode Island, South Carolina, and Utah, *see* Mem. at 3 & n.4, or by a purchaser in Nevada,

---

[10]    Notwithstanding movants' misleading presentation, *see* Mem. at 1:8-12, more than four-and-a-half years elapsed between the 2010 Stipulation and the 2015 settlements, during which time an enormous amount of litigation took place.

[11]    *See also* ECF No. 4370-1, at 7 (¶ 28), 8-10 (¶¶ 36-43) (lead counsel's affirmation that no viable representatives were available to assert claims on behalf of purchasers in Massachusetts, Missouri, and New Hampshire); ECF No. 4351, at 39-41 (Special Master finding lead counsel's affirmation to be credible).

[12]    As movants correctly concede, Massachusetts, Missouri, and New Hampshire are the only states that "were the subject of the Ninth Circuit appeal." Mem. at 3 n.4.

DEFENDANTS' RESPONSE TO MOTION TO                              CASE NO. 3:07-cv-05944-JST
VACATE OR CLARIFY 2010 STIPULATION & ORDER

*see* Mem. at ii.[13] When, as here, the "scope of the remand is clear," this Court is "limited by" the Ninth Circuit's remand and is "precluded from" considering other issues. *United States v. Thrasher*, 483 F.3d 977, 981-83 (9th Cir. 2007) (citations and quotation omitted); *see also* ECF No. 5468, at 8-10. The motion should therefore be denied to the extent it is brought by on or behalf of purchasers outside Massachusetts, Missouri, and New Hampshire.

*Second*, the Ninth Circuit's Remand Order limits the remand to reconsideration of the 2016 settlement-approval order, and therefore does not allow vacatur of the 2010 Stipulation. *See Thrasher*, 483 F.3d at 982-83. It is significant that the Ninth Circuit did not remand for reconsideration of the 2010 Stipulation, because movants' arguments about the 2010 Stipulation were prominently addressed in the appellate briefing and at argument before the Ninth Circuit. The three movants represented by Ms. Moore (Rockhurst University, Talewsky, and Garavanian) appealed from the 2010 Stipulation, ECF No. 4749, at 1, and argued at length in their briefs that the Ninth Circuit should reverse the 2010 Stipulation.[14] And at argument before the Ninth Circuit in April 2018, counsel emphasized the request for relief from the 2010 Stipulation. ECF No. 5335-1, at 28:20-29:4, 31:8-23, 32:19-33:6, 62:17-63:19. Yet the Ninth Circuit did not authorize this Court to

---

[13]     Movant Gloria Comeaux claims to have purchased in Nevada. ECF No. 4119, at 2 (¶ 4). Nevada is not one of the omitted "repealer" states that movants' counsel seek to represent.

[14]     *See* Opening Br. for Objectors-Appellants at 7-8, 10, 18-20, 36, 38-39, 42-43, 45, 49, 57, 65-67, 70-72, *In re Cathode Tube (CRT) Antitrust Litig*., No. 16-16379 (9th Cir. Apr. 3, 2017), ECF No. 70; Reply Br. for Objectors-Appellants at 11-13, 16, 28-30, *In re Cathode Tube (CRT) Antitrust Litig*., No. 16-16379 (9th Cir. Nov. 20, 2017), ECF No. 121.

     The movant represented by Mr. Scarpulla (Dan. L. Williams & Co.) waived any appeal from the 2010 Stipulation by failing to reference it either in the notice of appeal, ECF No. 4747, or in its appellate brief, *see* Appellant's Opening Br., *In re Cathode Tube (CRT) Antitrust Litig*., No. 16-16378 (9th Cir. Dec. 14, 2016), ECF No. 35. *See Le v. Astrue*, 558 F.3d 1019, 1022-25 (9th Cir. 2009) (failure specifically to identify an order in the notice of appeal or in the appellate brief waives appeal from that order). The movants represented by Mr. Bonsignore (Gianasca, Comeaux, Askannejhad, Ciccone, and Craig) also failed to appeal from the 2010 Stipulation, ECF No. 4752, although the briefing filed in their appeal referenced the 2010 Stipulation at length in support of reversal of the settlement-approval order, *see* Appellants' Opening Br. at 8, 18-19, 22, 57, *In re Cathode Tube (CRT) Antitrust Litig*., No. 16-16373 (9th Cir. Nov. 14, 2016), ECF No. 32; Appellants' Reply Br. at 40, 46, 48, *In re Cathode Tube (CRT) Antitrust Litig*., No. 16-16373 (9th Cir. Dec. 20, 2017), ECF No. 166.

11

revisit the 2010 Stipulation on remand, and did not give movants "*carte blanche* to relitigate" the entire case from the beginning, *see United States v. Luong,* 627 F.3d 1306, 1309 (9th Cir. 2010).

In the context of the counsel-appointment motions, movants have argued that, notwithstanding the narrow remand, they are free to engage in wholesale re-litigation of this case on behalf of all nine states that they seek to represent, asserting claims and objections that were never previously asserted, or that were dismissed or overruled and not appealed. ECF No. 5476, at 1-4. But once again, the premise of movants' argument is wrong. This Court's limited concern about purchasers in three states—reflected in the Ninth Circuit's limited remand—does not require the settlement-approval order to be vacated in its entirety. There is no basis for movants' claim that this Court cannot order a remedy that is tailored to the limited concern that exists. The Ninth Circuit recently did just that in another case, resolving an objector's appeal by narrowing an overly broad class-settlement release with the consent of the settling parties. *See Belew v. Brink's, Inc.,* 721 F. App'x 734 (9th Cir. 2018).[15]

Movants' contrary argument—that this Court must vacate the settlement-approval order in its entirety—rests on a misunderstanding of the case law they cite. ECF No. 5476, at 1-4. Those cases establish only that a court cannot *unilaterally* modify a settlement agreement—*without the consent of the settling parties. See, e.g., Jeff D. v. Andrus*, 899 F.2d 753, 758-59 (9th Cir. 1989) (Rule 23(e) "'does not authorize the court to require the parties to accept a settlement to which they have not agreed'") (quoting *Evans v. Jeff D.,* 475 U.S. 717, 726-27 (1986)).[16] That sensible rule does not require this Court to reject the settlements in their entirety. And it does not allow movants to reopen

---

[15]    *See also* Appellee Brink's Incorporated's Mot. for Order Modifying Final Approval Order at 1, *Belew v. Brink's Inc*., Nos. 15-56821, 16-56376 (9th Cir. Apr. 30, 2018), ECF No. 75-1 ("All parties now agree that the release should be limited to claims and allegations plead[ed] in the FAC.").

[16]    *See also Officers for Justice v. Civil Service Com'n of City and Cty. of San Francisco*, 688 F.2d 615, 630 (9th Cir. 1982) (court may "suggest modifications" to the parties, but cannot itself "delete, modify, or substitute certain provisions of the consent decree") (cited in *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1026 (9th Cir. 1998)); *Pettway v. American Cast Iron Pipe Co*., 576 F.2d 1157, 1172 (5th Cir. 1978) ("[W]hile the court in reviewing a settlement may make suggestions for modifications of the proposed degree, *it may not unilaterally change the decree*.") (emphasis added) (cited in *Officers for Justice*, 688 F.2d at 630).

DEFENDANTS' RESPONSE TO MOTION TO                                    CASE NO. 3:07-cv-05944-JST
VACATE OR CLARIFY 2010 STIPULATION & ORDER

and re-litigate this case from the beginning, asserting claims and arguments that were not presented to the Ninth Circuit or that the Ninth Circuit excluded from its remand.

### 2.   Vacatur of the 2010 Stipulation will not permit movants to file viable claims

In support of their motion, movants assert that the 2010 Stipulation should be vacated so that they can seek permission to file an amended complaint that will assert claims on behalf of purchasers in the nine omitted "repealer" states that their counsel seek to represent.[17] Movants posit that such amendments would "relate back" to some earlier, unspecified complaint under the practice described in *Phillips v. Ford Motor Co.*, 435 F.3d 785 (7th Cir. 2006). *See* Mem. at 6-10. As movants have not yet proposed any specific amendments (indeed, there is no movant for five of the nine states),[18] they correctly acknowledge that the Court cannot conclude at this stage that any amendments would relate back. *See* Mem. at 7 ("the relation back issues are not currently before the Court"). But to the extent that movants assert that their "brief overview" of the applicable principles supports this motion, *id.*, Defendants identify here some key errors in and omissions from movants' presentation. Defendants reserve all arguments in opposition to any future proposed amendment, including arguments relevant to the relation-back question.

*First*, as movants acknowledge in passing, *see* Mem. at 8:12-13, they are non-parties, and therefore cannot file an amended complaint unless they first successfully move to intervene. *See Lidie v. State of California*, 478 F.2d 552, 555 (9th Cir. 1973) (motion to add class representative is "actually a motion to intervene"); *see also Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 826 (7th Cir. 2011) (addition of a class representative requires "intervention by an unnamed plaintiff, who if

---

[17]    Defendants do not concede that movants are correct to characterize the states they seek to represent as "repealer" states. Indeed, the attorney general of one of those states, Arkansas, has told this Court that Arkansas is a *non*-repealer state. ECF No. 4462.

[18]    There is no movant from Arkansas, Montana, Oregon, South Carolina, or Utah. Movants claim to have purchased in Massachusetts (Talewsky, Garavanian, and Gianasaca), Missouri (Rockhurst University, Dan L. Williams & Co., and Ashkannejhad), New Hampshire (Craig), Rhode Island (Ciccone), and Nevada (Comeaux). Nevada is not one of the states that movants seek to represent.

intervention is allowed becomes the named plaintiff and thus the class representative").[19] A motion to intervene must be denied on timeliness grounds unless it is filed "as soon as" the intervenor "knows *or has reason to know* that his interests might be adversely affected by the outcome of the litigation." *California Dep't of Toxic Substances Control v. Commercial Realty Projects*, Inc., 309 F.3d 1113, 1120 (9th Cir. 2002) (emphasis in original); *see also Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015) (class member's intervention motion was untimely when filed four years after the litigation began).

Thus, as the court said in the *Phillips* case on which movants rely, substitution and relation back may be permitted "when the named plaintiffs' claims are dismissed and, *shortly afterwards*, surrogates step forward to replace the named plaintiffs," but not when—as in this case—"the attempt to substitute comes *long after* the claims of the named plaintiffs were dismissed." *Phillips*, 435 F.3d at 787 (emphasis added). The claims of the representatives from Arkansas, Massachusetts, Montana, and Rhode Island were dismissed in 2010. *Supra* at 4-6. And it was clear even earlier, when the original Consolidated Amended Complaint was filed in 2009, that no class representative was asserting damages claims on behalf of purchasers in New Hampshire, Missouri, Oregon, South Carolina, or Utah. *Supra* at 3. Movants cannot now timely move to intervene in order to revisit decisions that lead counsel made almost a decade ago as to which claims to assert or not assert.[20]

*Second*, even if movants could establish the timeliness of any future motion to amend, *see AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (leave to amend

---

[19]     *See also Kennerly v. United States,* 721 F.2d 1252, 1260 (9th Cir. 1983) (following dismissal of class representative's claims, remanding "for consideration of possible intervention by other members of the putative class"); *Zepeda v. PayPal, Inc.*, No. 10-cv-02500-SBA (JCS), 2014 WL 1653246, at *9 (N.D. Cal. Apr. 23, 2014) (absent intervention, unnamed class members "are not plaintiffs and they may not file an amended complaint"), *objections overruled*, 2014 WL 4354386 (N.D. Cal. Sept. 2, 2014).

[20]     Defendants reserve all other arguments in opposition to a future motion to intervene. For example, movants Ciccone and Comeaux cannot intervene under Federal Rule of Civil Procedure 24(a)(2) because they have no interest in this matter. Ms. Ciccone's Rhode Island state-law claims were dismissed and not appealed. *Supra* at 4; *see also* ECF No. 5468, at 3-4 & n.5, 9 (explaining that Ms. Ciccone waived her appellate arguments). Ms. Comeaux claims to have purchased in Nevada, *see* ECF No. 4119, at 2 (¶ 4), which is not one of the states that movants seek to represent.

DEFENDANTS' RESPONSE TO MOTION TO                                    CASE NO. 3:07-cv-05944-JST
VACATE OR CLARIFY 2010 STIPULATION & ORDER

properly denied due to fifteen-month delay),[21] they would also have to show that the claims they propose to add are not time-barred, *see, e.g., Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

Yet movants' time-bar argument is based on a misstatement of Ninth Circuit law—that new claims by new plaintiffs "relate back" for statute-of-limitation purposes as long as they arise from the same "conduct, transaction, or occurrence" as the earlier pleading. *See* Mem. at 2-3, 7-9. To the contrary, the earlier pleading must *also* have afforded the defendant "'fair notice that a legal claim existed in and was in effect being asserted by, the party belatedly brought in.'" *Howard v. Hui*, No. C 92-3742-CRB, 2001 WL 1159780, at *6 (N.D. Cal. Sept. 24, 2001) (quoting *Leachman v. Beech Aircraft Corp.*, 694 F.2d 1301, 1308-09 (D.C. Cir. 1982)). As the Ninth Circuit has said, "notice to the opposing party of *the existence and involvement of the new plaintiff*" is "the critical element" in determining whether an amendment relates back to an earlier pleading. *Avila v. I.N.S.,* 731 F.2d 616, 620 (9th Cir. 1984) (emphasis added) (citing, *inter alia*, *Leachman,* 694 F.2d at 1308-10).[22] The "critical" fair-notice requirement is not satisfied when new plaintiffs bring new claims, even if they arise from the same events as an earlier pleading. *See Leachman*, 694 F.2d at 1309.[23] That

---

[21]     *See also AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) ("We have held that an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable.") (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991)).

[22]     *See also Besig v. Dolphin Boating & Swimming Club*, 683 F.2d 1271, 1278 (9th Cir. 1982) ("Notice from a previous complaint seldom is adequate when substituting plaintiffs, unless the change merely brings in the real party in interest or accomplishes some similar technical result.").

[23]     As the *Leachman* court observed, a more generous relation-back standard would allow plaintiffs to "join pending actions long after the statute of limitations had lapsed." *Leachman v. Beech Aircraft Corp.*, 694 F.2d 1301, 1309 (D.C. Cir. 1982). Even though the defendant in *Leachman* suffered no "specific prejudice in the sense of destroyed evidence," relation back was properly denied because otherwise "defendants would still be deprived of their interest in repose. At some point, defendants should have notice of who their adversaries are." *Id.*

As movants propose to assert *new* claims, they misplace their reliance, *see* Mem. at 8-9, on cases in which a new class representative asserted the same claim as the prior representatives. *See Immigrant Assistance Project of Los Angeles Cty. Fed'n of Labor (AFL-CIO) v. I.N.S.,* 306 F.3d 842, 857-58 (9th Cir. 2002); *Dahl v. Bain Capital Partners, LLC,* 760 F. Supp. 2d 196, 199 (D. Mass. 2011); *In re S. African Apartheid Litig.*, 617 F. Supp. 2d 228, 292 (S.D.N.Y. 2009); *Wright v. Am. Bankers Life Assur. Co. of Fla.*, 586 F. Supp. 2d 464, 475 (D.S.C. 2008). Finally, movants

15

1   requirement is not satisfied here because, for close to a decade, Defendants—like movants—have

2   understood that *no* representative was asserting damages claims on behalf of purchasers in the nine

3   states that movants now wish to represent.

4       Movants are also incorrect that the damages claims of purchasers in the nine states they wish

5   to represent "have been tolled under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538

6   (1974), since the litigation began." Mem. at 9. This Court has already rejected that argument as to

7   the three states that are the subject of the present remand. ECF No. 4712, at 24-25. *First*, as this

8   Court ruled, even if the damages claims of Massachusetts class members against some Defendants

9   were tolled until the dismissal of the class representative's claims in 2010, the four-year limitation

10  period still expired no later than 2014. ECF No. 4712, at 24-25. The same analysis applies to the

11  damages claims of purchasers in Arkansas, Rhode Island, and Montana, which were also dismissed

12  in 2010.[24] *Supra* at 4-6. *Second*, as this Court has held, *American Pipe* does not save the claims of

13  Missouri and New Hampshire purchasers because those claims were never asserted in this

14  proceeding. ECF No. 4712, at 25.[25] For the same reason, *American Pipe* does not render timely the

15  state-law damages claims of purchasers in Oregon, South Carolina, and Utah that were also not

16  asserted in this action.[26] And these purchasers' membership in the nationwide class asserting federal-

17  misrepresent the actual holding in *Palmer v. Stassinos*, in which the new plaintiff's claim did *not*

18  relate back. *See* 236 F.R.D. 460, 466 (N.D. Cal. 2006).

19  [24]    The Arkansas, Rhode Island, and Montana statutory claims that the Court dismissed in 2010

20  are subject to limitation periods of five years or less. *See* Ark. Code Ann. § 4-88-115 (five-year
    limitation period); 9 R.I. Gen. Laws Ann. § 9-1-36 (four-year limitation period under Rhode Island's
    Antitrust Law); *see also Paul v. City of Woonsocket*, 745 A.2d 169 (R.I. 2000) (claims under R. I.

21  Gen. Laws § 6-13.1-1 subject to limitation period of the most analogous state cause of action);
    *Osterman v. Sears, Roebuck & Co*., 80 P.3d 435, 441 (Mont. 2003) ([C]laims brought under

22  Montana's Unfair Trade Practices Act, § 30–14–101, *et seq*., MCA, are subject to the two-year time
    limitation set forth at [Mont. Code Ann.] § 27–2–211.").

23  [25]    *See also In re Cathode Ray Tube (CRT) Antitrust Litig*., 27 F. Supp. 3d 1015, 1023 (N.D.

24  Cal. 2014) ("*American Pipe* tolling is inapplicable to state law claims not asserted in previous
    actions.").

25  [26]    Neither *American Pipe* tolling nor the relation back doctrine applies to save any claims that

26  might be asserted by potential plaintiffs from the nine states against the Thomson or TDA
    Defendants because no claims under the laws of those nine states have *ever* previously been asserted

27  against the Thomson or TDA Defendants. Accordingly, any such claims against the Thomson or
    TDA Defendants are indisputably time-barred.

28

DEFENDANTS' RESPONSE TO MOTION TO                              CASE NO. 3:07-cv-05944-JST
VACATE OR CLARIFY 2010 STIPULATION & ORDER

law injunctive claims does not toll their unasserted state-law damages claims. *Williams v. Boeing Co.*, 517 F.3d 1120, 1135-36 (9th Cir. 2008) (*American Pipe* tolling does not extend to "'different or peripheral claims'" from those actually asserted in the earlier complaint) (quoting *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983) (Powell, J., concurring, joined by Rehnquist & O'Connor, JJ.)). Finally, *American Pipe* does not allow movants to bring otherwise untimely *class* claims in any event, given the Supreme Court's recent ruling that *American Pipe* tolls only *individual* claims. *See China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804 (2018).

## CONCLUSION

For the foregoing reasons, the Court should deny the motion to vacate or clarify the 2010 Stipulation.

Dated: May 17, 2019                     Respectfully submitted,


                                        /s/ *Andrew Rhys Davies*
                                        ALLEN & OVERY LLP
                                        MICHAEL S. FELDBERG
                                        michael.feldberg@allenovery.com
                                        ANDREW RHYS DAVIES
                                        andrewrhys.davies@allenovery.com
                                        1221 Avenue of the Americas
                                        New York, NY 10020
                                        Telephone:  (212) 610-6300
                                        Facsimile:   (212) 610-6399

                                        JOHN ROBERTI
                                        john.roberti@allenovery.com
                                        ALLEN & OVERY LLP
                                        1101 New York Avenue NW
                                        Washington, DC 20005
                                        Telephone:  (202) 683-3800
                                        Facsimile:   (212) 610-6399

                                        *Attorneys for Defendants Samsung SDI Co., Ltd.;*
                                        *Samsung SDI America, Inc.; Samsung SDI Mexico*
                                        *S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzhen*
                                        *Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co.,*
                                        *Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd.*

18

1

2
　　　　　　　　　　　　　　　*/s/ Jeffrey L. Kessler*
　　　　　　　　　　　　　　　WINSTON & STRAWN LLP

3
　　　　　　　　　　　　　　　JEFFREY L. KESSLER
　　　　　　　　　　　　　　　jkessler@winston.com

4
　　　　　　　　　　　　　　　EVA W. COLE
　　　　　　　　　　　　　　　ewcole@winston.com
　　　　　　　　　　　　　　　200 Park Avenue

5
　　　　　　　　　　　　　　　New York, NY 10166
　　　　　　　　　　　　　　　Telephone:　　(212) 294-6700

6
　　　　　　　　　　　　　　　Facsimile:　　(212) 294-4700

7
　　　　　　　　　　　　　　　KEVIN B. GOLDSTEIN
　　　　　　　　　　　　　　　kbgoldstein@winston.com

8
　　　　　　　　　　　　　　　35 W. Wacker Drive
　　　　　　　　　　　　　　　Chicago, IL 60622

9
　　　　　　　　　　　　　　　Telephone:　　(312) 558-5600
　　　　　　　　　　　　　　　Facsimile:　　(312) 558-5700

10

11
　　　　　　　　　　　　　　　WEIL, GOTSHAL & MANGES LLP
　　　　　　　　　　　　　　　DAVID L. YOHAI

12
　　　　　　　　　　　　　　　david.yohai@weil.com
　　　　　　　　　　　　　　　ADAM C. HEMLOCK

13
　　　　　　　　　　　　　　　adam.hemlock@weil.com
　　　　　　　　　　　　　　　DAVID YOLKUT

14
　　　　　　　　　　　　　　　david.yolkut@weil.com
　　　　　　　　　　　　　　　767 Fifth Avenue

15
　　　　　　　　　　　　　　　New York, NY 10153-0119
　　　　　　　　　　　　　　　Telephone:　　(212) 310-8000

16
　　　　　　　　　　　　　　　Facsimile:　　(212) 310-8007

17
　　　　　　　　　　　　　　　*Attorneys for Defendants Panasonic Corporation*
　　　　　　　　　　　　　　　*(f/k/a Matsushita Electric Industrial Co., Ltd.), and*

18
　　　　　　　　　　　　　　　*MT Picture Display Co., Ltd.*

19
　　　　　　　　　　　　　　　*/s/ John M. Taladay*
　　　　　　　　　　　　　　　BAKER BOTTS LLP

20
　　　　　　　　　　　　　　　JOHN M. TALADAY
　　　　　　　　　　　　　　　ERIK T. KOONS

21
　　　　　　　　　　　　　　　1299 Pennsylvania Avenue, NW
　　　　　　　　　　　　　　　Washington, DC 20004-2400

22
　　　　　　　　　　　　　　　202.639.7700
　　　　　　　　　　　　　　　202.639.7890 (fax)

23
　　　　　　　　　　　　　　　Email: john.taladay@bakerbotts.com
　　　　　　　　　　　　　　　Email: erik.koons@bakerbotts.com

24

25
　　　　　　　　　　　　　　　*Attorneys for Defendants Koninklijke Philips, N.V.,*
　　　　　　　　　　　　　　　*Philips North America Corporation, Philips*

26
　　　　　　　　　　　　　　　*Taiwan Limited, and Philips do Brasil, Ltda*

27

28

19

DEFENDANTS' RESPONSE TO MOTION TO
VACATE OR CLARIFY 2010 STIPULATION & ORDER
　　　　　　　　　　　　　　　　　　　　　　　CASE NO. 3:07-CV-05944-JST

/s/ Kathy L. Osborn
FAEGRE BAKER DANIELS LLP
KATHY L. OSBORN
Email: kathy.osborn@FaegreBD.com
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000

JEFFREY S. ROBERTS
Email: jeff.roberts@FaegreBD.com
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

/s/ Donald A. Wall
SQUIRE PATTON BOGGS (US) LLC
DONALD A. WALL
Email: donald.wall@squirepb.com
1 East Washington Street, Suite 2700
Phoenix, AZ 85004
Telephone: (602) 528-4005
Facsimile: (602) 253-8129

*Attorneys for Defendants Technologies Display Americas LLC*

/s/ Eliot A. Adelson
KIRKLAND & ELLIS LLP
ELIOT A. ADELSON
Email: eadelson@kirkland.com
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

*Attorneys for Defendants Hitachi Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ Christopher M. Curran
WHITE & CASE LLP
CHRISTOPHER M. CURRAN
ccurran@whitecase.com
LUCIUS B. LAU
alau@whitecase.com
DANA E. FOSTER
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

21