Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the
Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 JST |
| | MDL NO. 1917 |
| This Document Relates to: ALL INDIRECT PURCHASER ACTIONS | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO MOTION TO VACATE OR CLARIFY 2010 STIPULATION AND ORDER (DKT. 799)** |
| | Hearing Date:  June 6, 2019<br>Time: 2:00 p.m.<br>Courtroom: 9, 19th Floor<br>Judge:  Honorable Jon S. Tigar |

**TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF RELEVANT FACTS ...................................................................... 2

    A.  Procedural History Leading To The 2010 Stipulated Order .................................. 2

    B.  The 2010 Stipulated Order ..................................................................................... 3

    C.  Lead Counsel's Efforts To Bring Claims For Class Members In Massachusetts And Other States After The 2010 Stipulated Order .................................................. 6

    D.  Proceedings On Appeal Regarding The 2010 Stipulated Order ............................. 8

III. ARGUMENT .................................................................................................................. 8

    A.  It Is Undisputed That The 2010 Stipulated Order Does Not And Could Not Bind Absent Class Members ............................................................................................ 8

    B.  The 2010 Stipulated Order Is Not Evidence Of Inadequate Representation ........... 9

IV. CONCLUSION ............................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Am. Pipe & Constr. Co. v. Utah*,
  414 U.S. 539 (1974) ................................................................................................4, 5

*In re Graphics Processing Units (GPU) Antitrust Litig.*,
  527 F. Supp. 2d 1011 (N.D. Cal. 2008) ..............................................................................3

*In re Mego Fin. Corp. Secs. Litig.*,
  213 F.3d 454 (9th Cir. 2000) ..............................................................................12

*Nguyen v. Radient Pharm. Corp.*,
  No. SACV 11-00406, 2014 WL 1802293 (C.D. Cal. May 6, 2014) ...................................12

*Parker v. Time Warner Entm't Co.*,
  631 F. Supp. 2d 242 (E.D.N.Y. 2009) ..............................................................................12

*Schwarzschild v. Tse*,
  69 F.3d 293 (9th Cir. 1995) ..............................................................................9

*Smith v. Bayer Corp.*,
  564 U.S. 299 (2011) ..............................................................................9

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
  586 F. Supp. 2d 1109 (N.D. Cal. 2008) ..............................................................................3

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
  599 F. Supp. 2d 1179 (N.D. Cal. 2009) ..............................................................................3

**Rules and Statutes**

Fed. R. Civ. P. 54(b) ..............................................................................3

Mass. Gen. Laws Ch. 260, § 5A (2012) ..............................................................................4

**Other Authorities**

1 McLaughlin on Class Actions § 3:15 (12th ed.) ..............................................................................4

1 McLaughlin on Class Actions § 3:3 (15th ed.) ..............................................................................9

The Indirect Purchaser Plaintiffs ("IPPs") hereby respond to the Motion To Vacate Or Clarify 2010 Stipulation And Order (Dkt. No. 799) filed by Objectors/Appellants Dan L. Williams & Co., Rockhurst University, Harry Garavanian, Gary Talewsky, Gianasca, Comeaux, Ashkannejhad, Speaect, Ciccone and Craig (collectively "Objectors"), ECF No. 5469 (the "Motion").

## I. INTRODUCTION

Objectors' Motion is confusing, contradictory and baseless. On the one hand, Objectors contend that the "2010 Stipulated Order"[1] must be vacated because it "purports to extinguish state law claims of the ORS class members,"[2] and is therefore evidence of Lead Counsel's "deficient representation" of class members in nine so-called "repealer" states. Motion at 1. But on the other hand, Objectors assert that the 2010 Stipulation "[b]y its explicit terms . . . does not address amendment beyond the Third CAC" and therefore "cannot operate as a blanket prohibition upon the addition of new state law claims" (*id*. at 11), and indeed *could not* release or settle the state law damages claims of absent class members because no class had been certified at the time of the Stipulation. *Id*. at 6. Objectors' latter statements contradict the former and thus demonstrate that the Motion is baseless.

Neither IPPs nor Defendants have ever claimed that the 2010 Stipulated Order bars amendments to the complaint to allege new state law damages claims, or otherwise "binds" absent class members. Objectors themselves are the only ones that have ever made this claim.[3] IPPs do

---

[1] Stipulation and Order Modifying and Adopting Special Master's Report, Recommendations and Tentative Rulings Regarding Defendants' Joint Motion to Dismiss the Second Consolidated Amended Complaint of the Indirect Purchaser Plaintiffs, ECF No. 799 (the "2010 Stipulated Order" or the "Stipulated Order"). Objectors incorrectly state that the "2010 Stipulation" is Dkt. No. 796. *See* Motion at 1 n. 2. That is the docket number of the Stipulation and Proposed Order signed by the parties and Special Master Legge, and filed with the Court. The Stipulated Order signed by the Court and entered as an Order is ECF No. 799.

[2] Objectors use the term "ORS" to mean "omitted repealer states," which they claim are the following states: Massachusetts, Missouri, New Hampshire, Arkansas, Montana, Oregon, Rhode Island, South Carolina and Utah.

[3] *See* Appeal No. 16-16379, Dkt. Entry 70 (Opening Brief of Rockhurst University, Harry (footnote continued)

not dispute that the 2010 Stipulated Order cannot "bind" absent class members because no class was certified at the time. Indeed, IPPs have consistently maintained that the 2010 Stipulated Order—by its express terms—only limited IPPs' ability to allege new state law claims in the complaint filed immediately following the Stipulation: the Third Consolidated Amended Complaint. Objectors acknowledge this point (Motion at 7 (citing to Lead Counsel's statements at the Apr. 9, 2019 CMC)),[4] thus raising the question: Why have they filed this Motion?

As Objectors' own Motion demonstrates, and as further demonstrated below, there is no need to vacate or clarify the 2010 Stipulated Order. IPPs submit this response to assist the Court in understanding the circumstances that led to the 2010 Stipulated Order, and to correct various misstatements by Objectors.

## II. STATEMENT OF RELEVANT FACTS

### A. Procedural History Leading To The 2010 Stipulated Order

On March 30, 2010, the Court issued its Order Approving and Adopting Special Master's Report, Recommendations and Tentative Rulings Re: Defendants' Motions to Dismiss, ECF No. 665. The Order adopted Special Master Legge's recommendations and tentative rulings on Defendants' motions to dismiss IPPs' Consolidated Amended Complaint ("CAC"). *See* ECF No. 597. The Order dismissed the Massachusetts claim without prejudice for failing to serve a demand letter on Defendants. *See* ECF Nos. 665 at 24, 597 at 29-30. The Order also dismissed objector Rosemary Ciccone's Rhode Island claim on the grounds that Rhode Island's Unfair Trade Practices and Consumer Protection Act does not prohibit price-fixing, and its antitrust statute does not permit claims by indirect purchasers. *See* ECF Nos. 665 at 24, 597 at 30-31.

IPPs filed their Second CAC on May 10, 2010, ECF No 716. The Second CAC alleged new claims on behalf of Arkansas (*id*. ¶ 275), Montana (*id*. ¶ 261), Illinois (*id*. ¶ 254), Maine (*id*. ¶ 257), and the District of Columbia (*id*. ¶¶ 252, 277). It also re-alleged the Massachusetts claim,

---

Garavanian, Gary Talewsky (together "Rockhurst")) at 18-20.

[4] *See also* Appeal No. 16368, Dkt. Entry 93 (IPPs' Answering Brief) at 59-61.

including compliance with the demand letter requirement. *Id*. ¶ 280.  Defendants moved to dismiss once again.  *See* ECF No. 733.  IPPs opposed the motion.  ECF No. 736.

On September 30, 2010, Special Master Legge recommended that the Court dismiss with prejudice the Arkansas and Montana claims.  He concluded that those states' statutes did not permit indirect purchasers to sue for alleged antitrust violations.  *See* ECF No. 768 ("R&R") at 3-5, 15.  He also recommended dismissal with prejudice of the Illinois and Maine claims because there were no named plaintiffs for those states.  *Id*. at 5-6, 15.  The Special Master rejected IPPs' argument that the question of whether each state must be separately represented by a plaintiff residing in that state could be deferred until class certification.  *Id*.  Finally, Special Master Legge recommended dismissal of the Massachusetts claim with prejudice because IPPs did not wait 30 days after serving the demand letter before filing the Second CAC.  *Id*. at 12-13.  The Special Master emphasized, however, that although the dismissal of the Massachusetts claim was with prejudice, "certainly no procedural dismissal of this nature should bar the filing of a truly new suit." *Id*. at 13 (emphasis in original).

### B.     The 2010 Stipulated Order

Defendants moved the Court to adopt the Special Master's R&R in full.  ECF No. 780.  Lead Counsel made the determination not to challenge most of the recommendations and tentative rulings, or to file an interlocutory appeal pursuant to Fed. R. Civ. P. 54(b).[5]  The Special Master's recommended dismissal of the Arkansas claim followed similar conclusions in two then-recent district court decisions from the Northern District of California.  *See* R&R at 3-4, citing *In re TFT-LCD (Flat Panel) Antitrust Litig*., 586 F. Supp. 2d 1109, 1125 (N.D. Cal. 2008), and *In re Graphics Processing Units (GPU) Antitrust Litig*., 527 F. Supp. 2d 1011, 1029-30 (N.D. Cal. 2008). And, the dismissal of the Montana claim followed a similar ruling in *LCD,* 599 F. Supp. 2d 1179, 1186-87 (N.D. Cal. 2009).  *See* R&R at 4-5.  Likewise, the Special Master's ruling that each

---

[5] *See* Declaration of Mario N. Alioto In Support of IPPs' Response To Motion To Vacate Or Clarify 2010 Stipulation And Order (Dkt. 799) ("Alioto Decl."), ¶ 2.

1  state must be represented by a named plaintiff residing in that state was supported by the weight of
2  authority in this district. *Id*. at 5-6. Thus, Lead Counsel determined it was unlikely those rulings
3  would be reversed.[6]
4      As for the Massachusetts claim, although Lead Counsel disagreed with Special Master
5  Legge's recommendation that it should be dismissed with prejudice, Lead Counsel determined it
6  too should not be challenged or appealed.[7] The Special Master's "procedural dismissal" expressly
7  left open the prospect of a "truly new suit" by another Massachusetts plaintiff, and no class had
8  been certified at that stage. R&R at 13. Therefore, only the claim of the individual named
9  plaintiff, Barbara Caldwell, was dismissed with prejudice, and Ms. Caldwell did not wish to
10 proceed with her claim in any event.[8] And, although the statute of limitations on the
11 Massachusetts claim began to run again upon dismissal, almost the entire four-year statutory
12 period remained for another Massachusetts plaintiff to file suit.[9] Lead Counsel was also informed

---

[6] Alioto Decl. ¶ 3.

[7] *Id*. ¶ 4.

[8] Ms. Caldwell was initially represented by Henry Cirillo of The Furth Firm, LLP. *See* ECF No. 179. *See also* Declaration of Qianwei Fu In Support of IPPs' Response to Motion to Vacate or Clarify 2010 Stipulation and Order ("Fu Decl."), ¶ 2. In May 2008, Mr. Cirillo left The Furth Firm and joined Zelle, Hofmann, Voelbel & Mason, LLP, n/k/a Zelle LLP ("Zelle"), another of the indirect plaintiffs' firms in this case. *See* ECF No. 437 at 96 (listing Zelle as plaintiffs' counsel); ECF No. 4073-35, ¶ 2, and Ex. 1 (stating that The Furth Firm "combined certain of its personnel and resources with those of Zelle Hofmann Voelbel & Mason LLP"); Alioto Decl. ¶ 6; Fu Decl. ¶¶ 3-4. After the transition of The Furth Firm to Zelle, Zelle requested that Ms. Caldwell sign a retention agreement, which she never signed. Fu Decl. ¶ 5. In March 2010, Mr. Cirillo filed a Notice of Appearance on behalf of the "direct purchaser plaintiffs," having apparently changed firms again. ECF No. 653; Fu Decl. ¶ 6. But he never filed a Notice of Appearance by his new firm for Ms. Caldwell. Alioto Decl. ¶ 6. Qianwei Fu of Zelle informed Lead Counsel that Ms. Caldwell did not respond to repeated attempts to contact her, and that Ms. Fu therefore believed that she did not wish to pursue her claim. Fu Decl. ¶¶ 7-8; Alioto Decl. ¶ 7. Ms. Caldwell passed away in November 2012. *See* http://www.currentobituary.com/obit/117445.

[9] *See* Alioto Decl. ¶ 8. The Massachusetts Consumer Protection Statute, Mass. Gen. Laws Ch. 93A, has a four-year statute of limitations. *See* Mass. Gen. Laws Ch. 260, § 5A (2012). Barbara Caldwell filed her complaint on December 13, 2007 (just over a month after the DOJ announced its CRT investigation), and that complaint tolled the statute of limitations on the Massachusetts claim. *See Caldwell v. Matsushita Electric Corp. et al.,* No. 3:07-cv-06303-JST, ECF No. 1; *see also Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 539, 552 (1974). The statute remained tolled until (footnote continued)

and believed that Zelle represented another viable Massachusetts plaintiff who had been fully vetted, and that Zelle planned to file suit on his behalf.[10]

Lead Counsel did seek clarification, however, regarding the Special Master's recommended dismissal of the Illinois and Maine claims *with prejudice*, since the basis for their dismissal was solely that no named plaintiff resided in those states (R&R at 6), and Lead Counsel had viable named plaintiffs for those states.[11]  Given that the case had been pending for almost three years by that point and had not progressed beyond the pleadings, Lead Counsel sought to avoid a further motion to amend the complaint to add additional parties and claims.  Lead Counsel therefore entered into negotiations with Defendants under the guidance of the Special Master, the result of which was the 2010 Stipulation and Proposed Order, ECF No. 796.  The Court signed the Stipulated Order on October 27, 2010.  *See* ECF No. 799.[12]

Under the terms of the Stipulated Order, the parties agreed that the Court would adopt the recommended rulings in the R&R, except that IPPs could file Illinois and Maine claims on behalf of new plaintiffs in their Third CAC, and could substitute new plaintiffs for existing state law claims without moving for leave to amend.  *See* 2010 Stipulated Order, ¶ 5(a) & (b), respectively.[13]  As Objectors now concede (*see* Motion at 11), the provision contained in Paragraph 5(b) that Lead Counsel would add "no new claims or states," expressly applied only to

---

dismissal of the Massachusetts claim on October 27, 2010, pursuant to the 2010 Stipulated Order. *See* 1 McLaughlin on Class Actions § 3:15 (12th ed.) ("Under *American Pipe*, the moment . . . the case is dismissed without a class being certified, the statute resumes running as to the previously asserted members of the class and they have whatever time remained to them in the limitations period when the purported class suit was filed within which to seek to intervene, or to file a separate individual action.") (citations omitted).  Based on the foregoing, this Court determined that the statute of limitations on the Massachusetts claim has run. *See* ECF No. 4712 ("Final Approval Order") at 24-25 ("no form of tolling saves the claims of the omitted repealer states").

[10] *See* Alioto Decl. ¶ 9.

[11] *See id*. ¶ 10, Ex. 1 (Letter dated October 8, 2010 from Mario N. Alioto to Special Master Charles A. Legge).

[12] *Id*. ¶ 11.

[13] Alioto Decl. ¶ 12.

the Third CAC. *See id.* ("The only amendments allowed in the Third Consolidated Amended Complaint shall be . . . ."). The Stipulation does not provide that Lead Counsel could *never* file claims for new states other than Illinois and Maine.

Moreover, by agreeing to this provision, Lead Counsel did not give anything up because the R&R barred the filing of claims without a named plaintiff, and Lead Counsel only had plaintiffs for Illinois and Maine at that time.[14] Because Paragraph 5 of the 2010 Stipulated Order only applied to the Third CAC, Lead Counsel (or any other counsel) was free to allege new claims for additional states in subsequent complaints if plaintiffs with such claims stepped forward. Indeed, IPPs moved for leave to add a Puerto Rico claim in June 2012 (ECF No. 1226), but withdrew the motion because IPPs later determined that Puerto Rico is not a repealer jurisdiction. *See* ECF Nos. 1246 at 5-6, 1259 at 2. Notably, Defendants did not oppose the motion to add Puerto Rico on the grounds that the 2010 Stipulated Order barred the addition of new claims (*id.* at 1-2), because the Stipulated Order doesn't purport to do that.

### C. Lead Counsel's Efforts To Bring Claims For Class Members In Massachusetts And Other States After The 2010 Stipulated Order

After the Court entered the 2010 Stipulated Order, Lead Counsel continued to make efforts to bring a case on behalf of class members in Massachusetts and other states. With regard to Massachusetts, Lead Counsel's office worked with Paul Sullivan of Zelle's Massachusetts office for several months in 2010/early 2011 to vet a potential Massachusetts plaintiff, gather his documents and discovery responses, draft the demand letters to Defendants, and prepare a complaint on his behalf.[15] Lead Counsel even discussed the filing of the new case with Special Master Legge and defense counsel, and had agreed to file in the U.S. District Court for the District of Massachusetts.[16] Objector's counsel, Mr. Scarpulla, was a partner at Zelle at that time and was

---

[14] Alioto Decl. ¶ 13.

[15] Alioto Decl. ¶ 14.

[16] *Id.* ¶ 15.

well aware of Lead Counsel's efforts (but is nevertheless arguing that Lead Counsel abandoned class members in Massachusetts).[17] Despite all of these efforts, Zelle ultimately decided not to file the complaint.[18]

Lead Counsel then worked with another Massachusetts attorney, Bruce Issadore of Issadore & Arons, LLP, who was not already counsel in this case, but who represented a potentially viable Massachusetts plaintiff. Lead Counsel's office assisted in vetting this Massachusetts plaintiff, drafting a complaint, and drafting the demand letters to each defendant. Counsel for the new Massachusetts plaintiff served the demand letters on each defendant on January 26, 2012, and the defendants responded. Shortly before the complaint was due to be filed, however, Lead Counsel received word that this Massachusetts plaintiff did not want to proceed.[19]

Finally, Lead Counsel's office also worked with Merrick Rayle of Lovell Stewart Halebian LLP and Robert J. Gralewski of Kirby McInerney LLP to investigate all potential state law claims and contact other IPP firms about potential named plaintiffs for additional states. These efforts included multiple telephone calls and emails between Lead Counsel and Mr. Gralewski and Objector's counsel, Robert Bonsignore, in the spring of 2012. After vetting Mr. Bonsignore's clients, however, only those from Nevada and South Dakota proved to be viable plaintiffs. There were no viable plaintiffs for Massachusetts, Missouri, or New Hampshire.[20] IPPs did, however, represent a viable plaintiff from Puerto Rico and moved to amend the complaint in July 2012 to

---

[17] *Id*. ¶ 16.

[18] *Id.* ¶ 17.

[19] *Id*. ¶ 18.

[20] *Id*. ¶ 19. As Lead Counsel explained to the Special Master at the January 6, 2016 final approval hearing, bringing claims for viable plaintiffs who are capable and willing to face the rigors of being a class representative, particularly in a case going back more than 20 years, is not as straightforward as Objectors' counsel have claimed. *See* ECF No. 4439-5 (Jan. 5, 2016 Hearing Tr., 73:18 – 75:4). Indeed, Objectors' position is belied by the fact that they apparently do not currently represent named plaintiffs for five of the nine states they seek to represent (see ECF No. 5451), and there are significant doubts regarding whether Dan L. Williams & Co. and Rockhurst University and several other objectors have standing. *See* ECF No. 5356 at 3, 20-22.

1  add the Puerto Rico claim, and substitute the named plaintiffs for certain existing states.  ECF No.
2  1226.  IPPs then withdrew the motion to amend to add the Puerto Rico claim because, as noted, it
3  became clear that Puerto Rico was not a repealer jurisdiction.

### D. Proceedings On Appeal Regarding The 2010 Stipulated Order

In their opening brief on appeal, objectors Rockhurst University, Harry Garavanian and Gary Talewsky (together "Rockhurst") purported to appeal the 2010 Stipulated Order and argued for the first time (seven years after the fact) that this Order released, settled and "abandoned" the claims of Massachusetts, Missouri and New Hampshire (the "Three States") class members.[21] Rockhurst accused Lead Counsel of "colluding with the Defendants" and trading the ability to allege Illinois and Maine claims in exchange for agreeing never to allege claims on behalf of any IPP from the Three States.[22]  Rockhurst argued that this was evidence of inadequate representation by Lead Counsel, and that therefore the 2010 Stipulated Order should be vacated.[23]

Objectors repeated this argument in their Case Management Conference Statement (*see* ECF No. 5416 at 21-22), prompting the Court to set a schedule for this Motion.

## III. ARGUMENT

### A. It Is Undisputed That The 2010 Stipulated Order Does Not And Could Not Bind Absent Class Members

Objectors argue that the 2010 Stipulated Order is voidable "to the extent it purports to bind anyone other than the named plaintiffs that Interim Lead Counsel directly represented when he entered into the Stipulation," because "prior to class certification, absent class members simply cannot be legally bound by decisions of putative class counsel or named plaintiffs."  Motion at 6. But no one other than certain Objectors has taken the position that the 2010 Stipulated Order

---

[21] *See, e.g.,* Rockhurst Opening Brief at 17-20.

[22] *Id.* at 18, 42-43.

[23] *Id.* at 49 (accusing Lead Counsel of "colluding with Defendants to formally abandon the Omitted Repealer States by stipulating away all potential claims on their behalf. This level of 'representation' crossed the line from mere impermissible passivity over to the taking of actions directly hostile to Lead Counsel's own clients . . . .").

1  purports to prevent the filing of new claims and "binds" absent class members. IPPs have
2  consistently maintained that the Stipulated Order did not purport to—and indeed could not—bind
3  absent class members.[24] Nor are IPPs aware of any Defendant making such an argument.
4  Moreover, Objectors now apparently agree with IPPs that the Stipulation *does not* purport to bind
5  absent class members. In direct contradiction of their inflammatory and false assertions on appeal,
6  Objectors now concede that the Stipulation "[b]y its explicit terms . . . does not address
7  amendment beyond the Third CAC." Motion at 11. Thus, it is undisputed that the 2010
8  Stipulated Order does not purport to bind absent class members.
9        It is also undisputed (and well-established) that the 2010 Stipulated Order *could not* bind
10 absent class members because no class was certified at the time: "The preclusive effect of class
11 action proceedings on absent class members only arises upon certification." 1 McLaughlin on
12 Class Actions § 3:3 (15th ed.), § 3.3, citing *Smith v. Bayer Corp.*, 564 U.S. 299, 315 (2011)
13 ("Neither a proposed class action nor a rejected class action may bind nonparties. What does have
14 this effect is a class action approved under Rule 23."), and *Schwarzschild v. Tse*, 69 F.3d 293, 297
15 n.5 (9th Cir. 1995) ("a decision rendered by the district court before a class has been properly
16 certified and notified is not binding upon anyone but the named plaintiffs").
17       Because the 2010 Stipulated Order does not "purport to bind anyone other than the named
18 plaintiffs," and indeed *could not* bind anyone other than the named plaintiffs, it is not voidable and
19 need not be vacated or clarified.
20       **B.**      **The 2010 Stipulated Order Is Not Evidence Of Inadequate Representation**
21       Objectors argue that "[d]ue to Lead Counsel's court-acknowledged conflict with the ORS
22 class members he represented in the national class action, the Court not only has the authority to
23 vacate the Stipulation, but the duty to do so." Motion at 5. They further contend that the 2010
24 Stipulated Order was an abandonment or settlement of the ORS class members' claims, and
25 demonstrates a lack of vigorous representation by Lead Counsel. *Id.* at 10-11. Objectors'

---

[24] *See* IPPs' Answering Brief at 57, 59-61; CMC Transcript at 21:2 – 24.

1  arguments are flawed in a several respects.

2      *First*, neither this Court nor any other court has "acknowledged" a conflict between Lead
3  Counsel and the "ORS class members."  The Court's Order denying the Rule 62.1 motion
4  specifically noted that the issue "requires further exploration." ECF No. 5362 at 2.  And, at the
5  April 9, 2019 Case Management Conference, the Court was clear that it did not believe it
6  necessary to make a finding regarding adequacy of representation for the Three States. *See* CMC
7  Transcript at 15:7-14.  Moreover, the Court's statements in the Rule 62.1 Order pertained to Lead
8  Counsel's representation of the Three States during the negotiations of the settlements and the
9  plan of allocation in late 2014/early 2015.  The statements have no bearing on Lead Counsel's
10 representation of class members in the so-called ORS states at the time of the Stipulation in 2010.

11     *Second*, as demonstrated above, the 2010 Stipulated Order does not (and cannot)
12 extinguish, settle, or otherwise bar class members in any state from asserting claims against the
13 Defendants because no class had been certified at that time.  In addition, as noted, Objectors now
14 concede that the Stipulation "[b]y its explicit terms . . . does not address amendment beyond the
15 Third CAC."  Motion at 11.  Since Lead Counsel did not agree to *never* allege new claims or states
16 later in the case, it follows that Lead Counsel did not "trade" Illinois and Maine for the "ORS"
17 states, as Objectors contend.  *See* Motion at 4, n.5.  The Stipulation was simply a procedural
18 vehicle to avoid further, unnecessary motion practice and allow IPPs to add plaintiffs for Illinois
19 and Maine (the only two states for which Lead Counsel had new plaintiffs), without having to
20 move to amend the complaint.

21     *Third*, Lead Counsel did not "abandon" or fail to vigorously represent class members in
22 the nine states.  Objectors ignore that the 2010 Stipulated Order followed a vigorously litigated
23 motion to dismiss involving IPPs' attempts to allege claims for class members in two "ORS"
24 states (Arkansas and Montana), and their attempt to win a ruling allowing claims to proceed
25 without a named plaintiff from each state.  IPPs had also previously alleged a Rhode Island claim,
26 but it too was dismissed with prejudice as part of the first round of motions to dismiss.  *See* ECF
27 Nos. 665 at 24, 597 at 30-31.  And, as recounted above and as Objectors' counsel are well aware,
28

Lead Counsel continued to make efforts to bring claims on behalf of Massachusetts and other states long after the 2010 Stipulated Order.

Objectors also ignore that both this Court and the Special Master have already decided this issue. After reviewing the evidence, the Special Master concluded that Lead Counsel's evidence was "more credible"; that "the explanation of difficulties of locating viable plaintiffs is plausible"; and that viable plaintiffs for the Three States were not available. *See* ECF No. 4351 ("Settlement R&R") at 39-41. *See also* Final Approval Order at 23 ("The Court has reviewed the evidence provided by objectors and finds that they have not met their burden of demonstrating that named plaintiffs from omitted states were available to Lead Counsel"). The Special Master further concluded that Lead Counsel had no duty "to dredge up a plaintiff" for the Three States. *See* Settlement R&R at 41.

Further, although Lead Counsel was unable to bring claims on behalf of class members in the nine states against these Defendants, Lead Counsel preserved their claims against Mitsubishi Electric Corp. ("Mitsubishi Electric") with a tolling agreement and later alleged claims on their behalf against Mitsubishi Electric. *See Luscher v. Mitsubishi Electric Corp.*, Case No. 3:17-cv-04067-JST, ECF No. 1. All nine states are included in the Mitsubishi Electric Settlement Class. *See* ECF No. 5245 at 1. IPPs' previously-proposed plan of allocation for the Mitsubishi Electric Settlement was designed to ensure that class members who purchased CRT products in the nine states (and any other class member who did not participate in the earlier settlements) receive meaningful compensation from that Settlement. *See id.* at 25-30. Thus, far from abandoning the claims of the nine states, Lead Counsel has vigorously represented them and preserved their claims.

*Finally*, as Lead Counsel has previously explained, there is no conflict of interest between Lead Counsel and class members in the Three States or any other state. *See* ECF No. 5375 (IPPs' Opposition to Motion to Intervene) at 15-19. Lead Counsel proposed an allocation of the

1  settlement funds based on his good faith judgment of the facts and the law.[25]  And, after extensive
2  litigation, both this Court and the Special Master agreed that Lead Counsel's proposed allocation
3  was fair, reasonable and adequate.[26]  The fact that the Ninth Circuit may disagree with the
4  adequacy of the allocation plan (as indicated by remarks at oral argument) does not mean that
5  Lead Counsel inadequately represented the Class.
6      Accordingly, Objectors' claims of inadequate representation and conflicts of interest
7  provide no basis to vacate the 2010 Stipulated Order.

## IV. CONCLUSION

For all the foregoing reasons, Objectors' Motion should be denied.

Dated: May 17, 2019                    Respectfully submitted,

By:  */s/ Mario N. Alioto*
    MARIO N. ALIOTO (56433)
    LAUREN C. CAPURRO (241151)
    **TRUMP, ALIOTO, TRUMP &**
    **PRESCOTT, LLP**
    2280 Union Street
    San Francisco, California 94123
    Telephone: (415) 563-7200
    Facsimile: (415) 346-0679

    *Lead Counsel for the Indirect*
    *Purchaser Plaintiffs*

---

[25] *See, e.g., In re Mego Fin. Corp. Secs. Litig.,* 213 F.3d 454 (9th Cir. 2000) (approving plan of distribution that provided no recovery to meritless claims); *Nguyen v. Radient Pharm. Corp.*, No. SACV 11-00406, 2014 WL 1802293, at *8 (C.D. Cal. May 6, 2014) ("The Objector is correct that proving in-and-out claims is not impossible, but there is no evidence that the in-and-out traders in this case could have done so.  On this basis, the plan of allocation reasonably does not include values for in-and-out shares.  The plan of allocation reasonably and fairly represents injuries and claims on the merits."); *Parker v. Time Warner Entm't Co.,* 631 F. Supp. 2d 242, 262 (E.D.N.Y. 2009) ("A claim which cannot be proven is worth essentially nothing.  Consideration of nothing for releasing a worthless claim is therefore fair, reasonable, and adequate.").

[26] *See* Final Approval Order at 20 ("no Ninth Circuit case holds that the release of a class action claim must be compensated in all instances."); *id*. at 23-25 (concluding that the statutes of limitations on the claims of Massachusetts, Missouri and New Hampshire had expired and that they "presently lack value.").