Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the
Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-cv-05944-JST<br><br>MDL No. 1917<br><br>**DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO MOTION TO VACATE OR CLARIFY 2010 STIPULATION AND ORDER (DKT. 799)**<br><br>Hearing Date:  June 6, 2019<br>Time: 2:00 p.m.<br>Courtroom: 9, 19th Floor<br>Judge:  Honorable Jon S. Tigar |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | |

I, Mario N. Alioto, declare:

1. I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am a partner with the law firm Trump, Alioto, Trump & Prescott, LLP and my firm serves as the Court-appointed Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs") in the above-captioned action. I submit this Declaration in support of the IPPs' Response to Motion to Vacate or Clarify 2010 Stipulation and Order, filed herewith. The matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2. Following Special Master Legge's September 30, 2010 Report & Recommendation, ECF No. 768 ("R&R"), I made the determination not to challenge most of the recommendations and tentative rulings, or to file an interlocutory appeal pursuant to Fed. R. Civ. P. 54(b).

3. The Special Master's recommended dismissal of the Arkansas claim followed similar conclusions in two then-recent district court decisions from the Northern District of California. *See* R&R at 3-4, citing *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1125 (N.D. Cal. 2008), and *In re Graphics Processing Units (GPU) Antitrust Litig.*, 527 F. Supp. 2d 1011, 1029-30 (N.D. Cal. 2008). And, the dismissal of the Montana claim followed a similar ruling in *LCD,* 599 F. Supp. 2d 1179, 1186-87 (N.D. Cal. 2009). *See* R&R at 4-5. Likewise, the Special Master's ruling that each state must be represented by a named plaintiff residing in that state was supported by the weight of authority in this district. *Id.* at 5-6. Thus, I determined it was unlikely those rulings would be reversed.

4. As for the Massachusetts claim, although I disagreed with Special Master Legge's recommendation that it should be dismissed with prejudice, I determined it too should not be challenged or appealed.

5. The Special Master's "procedural dismissal" expressly left open the prospect of a "truly new suit" by another Massachusetts plaintiff, and no class had been certified at that stage. R&R at 13. Therefore, only the claim of the individual named plaintiff, Barbara Caldwell, was dismissed with prejudice.

2

DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS'
RESPONSE TO MOTION TO VACATE OR CLARIFY 2010 STIPULATION AND ORDER,
Master File No. 07-cv-05944-JST; MDL No. 1917

1  6. I understood that Ms. Caldwell was represented by Henry Cirillo, who worked for The Furth Firm at the inception of the litigation before joining Zelle, Hofmann Voelbel & Mason LLP, n/k/a Zelle LLP ("Zelle").  I was also aware that Mr. Cirillo had left Zelle in or around March 2010 to join a new firm, and had filed a Notice of Appearance in this case on behalf of the "direct purchaser plaintiffs." ECF No. 653.  Mr. Cirillo never withdrew from representing Barbara Caldwell, but he also never filed a Notice of Appearance by his new firm for Ms. Caldwell.  It was therefore unclear who represented Ms. Caldwell.

7. Qianwei Fu, who was at the time an associate at Zelle, informed my office that she made repeated attempts to contact Ms. Caldwell over the course of several months in 2010 but that Ms. Caldwell had not responded.  Ms. Fu informed us that she had therefore concluded that Ms. Caldwell did not wish to proceed with her claim in any event.

8. In deciding not to challenge the Special Master's dismissal of the Massachusetts claim, I also considered the fact that almost the entire four-year statutory period remained for another Massachusetts plaintiff to file suit.  *See* Mass. Gen. Laws Ch. 260, § 5A (2012).

9. I also considered the fact that Zelle represented another viable Massachusetts plaintiff, and that Zelle planned to file suit on his behalf.

10. I did seek clarification, however, regarding the Special Master's recommended dismissal of the Illinois and Maine claims *with prejudice*, since the basis for their dismissal was solely that no named plaintiff resided in those states (R&R at 6), and other IPP firms represented viable named plaintiffs for those states.  Attached hereto as Exhibit 1 is a true and correct copy of a letter dated October 8, 2010 that I sent to Special Master Charles A. Legge requesting clarification regarding the dismissal of the Illinois and Maine claims.

11. Given that the case had been pending for almost three years by that point and had not progressed beyond the pleadings, I sought to avoid a further motion to amend the complaint to add additional parties and claims.  I therefore entered into negotiations with Defendants under the guidance of the Special Master, the result of which was the 2010 Stipulation and Proposed Order, ECF No. 796.  The Court signed the Stipulated Order on October 27, 2010.  *See* ECF No. 799.

12. Under the terms of the 2010 Stipulated Order, the parties agreed that the Court would adopt the recommended rulings in the R&R, except that IPPs could file Illinois and Maine claims on behalf of new plaintiffs in their Third CAC, and could substitute new plaintiffs for existing state law claims without moving for leave to amend.

13. By agreeing to the provision contained in Paragraph 5(b) of the Stipulated Order (that IPPs would add "no new claims or states"), I did not believe I was giving anything up because the provision expressly applied only to the Third CAC. *See id.* ("The only amendments allowed in the Third Consolidated Amended Complaint shall be . . . ."). In other words, I or any other counsel was free to bring new claims in subsequent complaints. In addition, because the R&R barred the filing of claims without a named plaintiff, and I only represented plaintiffs for Illinois and Maine at that time, I could not have filed claims on behalf of class members in any other states in the Third CAC.

14. After the Court entered the 2010 Stipulated Order, I continued to make efforts to bring a case on behalf of class members in Massachusetts and other states. With regard to Massachusetts, my office worked with Paul Sullivan of Zelle's Massachusetts office for several months in 2010/early 2011 to vet a potential Massachusetts plaintiff, gather his documents and discovery responses, draft the demand letters to Defendants, and prepare a complaint on his behalf.

15. I also discussed the filing of the new Massachusetts case with Special Master Legge and defense counsel, and had agreed to file in the U.S. District Court for the District of Massachusetts.

16. Objector's counsel, Mr. Scarpulla, was a partner at Zelle at that time and was well aware of my and his Zelle colleagues' efforts to bring a new case on behalf of Massachusetts class members.

17. Shortly before the complaint was due to be filed in early 2011, Zelle decided not to file.

18. My office then worked with another Massachusetts attorney, Bruce Issadore of Issadore & Arons, LLP, who was not already counsel in this case, but who represented a

4

potentially viable Massachusetts plaintiff.  My office assisted in vetting this Massachusetts plaintiff, drafting a complaint, and drafting the demand letters to each defendant.  Mr. Issadore served the demand letters on each defendant on January 26, 2012, and the defendants responded.  Shortly before the complaint was due to be filed, however, I received word that this Massachusetts plaintiff did not want to proceed.

19. In addition, my office worked with Merrick Rayle of Lovell Stewart Halebian LLP and Robert J. Gralewski of Kirby McInerney LLP to investigate all potential state law claims and contact other IPP firms about potential named plaintiffs for additional states.  These efforts included multiple telephone calls and emails between myself, Mr. Gralewski and Objector's counsel, Robert Bonsignore, in the spring of 2012.  After vetting Mr. Bonsignore's clients, however, only those from Nevada and South Dakota proved to be viable plaintiffs.  There were no viable plaintiffs for Massachusetts, Missouri, or New Hampshire, or any of the other states.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 17th day of May 2019 at San Francisco, California.

/s/ Mario N. Alioto
Mario N. Alioto

*Lead Counsel for the Indirect Purchaser Plaintiffs*

# EXHIBIT 1

San Francisco

October 8, 2010

**VIA ELECTRONIC MAIL**

Honorable Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA  94111

Re:   *In Re: Cathode Ray Tubes (CRT) Antitrust Litigation,* No. 07-5944, MDL 1917

Dear Judge Legge:

The Indirect Purchaser Plaintiffs ("Plaintiffs") write to request some clarification regarding Your Honor's September 30 Report, Recommendations And Tentative Rulings Regarding Defendants' Joint Motion To Dismiss The Second Consolidated Amended Complaint of the Indirect Purchaser Plaintiffs (the "Report").

Specifically, Plaintiffs request clarification of whether Your Honor intended to dismiss the Illinois antitrust claim and the Maine antitrust claim *with prejudice*.

On page 6, lines 27-28, in connection with Defendants' motion to dismiss for lack of standing those states in which no named plaintiff resides, the Report states that: "The Special Master therefore recommends that the claims based upon the laws of Illinois, Maine, and Montana be dismissed."  But on page 15, in the Report's "Summary of Recommendations," Item No. 1 recommends that the District Court: "Dismiss *with prejudice* the allegations of the SCAC under the statutes and common law of the states of Arkansas, Illinois, Maine and Montana." [Emphasis added].

We understand that Your Honor's rulings dismissing the claims under the Arkansas and Montana statutes are with prejudice.  There is no ambiguity with respect to these rulings because they are based upon the substantive law of these states.  In contrast, Your Honor's dismissal of the Illinois and Maine claims was based upon the named plaintiffs' lack of individual standing to bring those claims.  In contrast, the Illinois and Maine antitrust claims are still viable if brought by a resident of each of those states.

If Your Honor did intend to dismiss the Illinois and Maine antitrust claims with prejudice, Plaintiffs request clarification of whether that dismissal relates only to the named plaintiffs' ability to re-allege those claims.  In other words, can

Hon. Charles A. Legge
In Re: CRT Antitrust Litig.
Page 2 of 2

Plaintiffs amend the Complaint to add residents of Illinois and Maine as named plaintiffs who, under Your Honor's analysis, would have standing to bring those claims against defendants?

Plaintiffs have until Thursday, October 13, 2010 to file their objections to Your Honor's Report. Your Honor's response to this letter will impact Plaintiffs' decision whether to object to the Report.

                    Respectfully submitted,

                    /s/ Mario N. Alioto

                    Mario N. Alioto
                    *Interim Lead Counsel for the Indirect Purchaser Plaintiffs*

cc:      Guido Saveri (*via email*)
         R. Alexander Saveri (*via email*)
         Counsel for Defendants (*via email*)