Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 788-7210
Facsimile: (415) 788-0706
Email: fos@scarpullalaw.com
       pbc@scarpullalaw.com

*Counsel for Class Plaintiff
Dan L. Williams & Co.*

Robert Bonsignore
Bonsignore Trial Lawyers, PLLC
23 Forest Street
Medford, MA  02155
Office Phone: (781) 350-0000
Cell Phone: (781) 856-7650
Facsimile: (702) 852-5726
Email: rbonsignore@classactions.us

*Counsel for Class Plaintiffs Gianasca, Comeaux, Ashkannejhad, Speaect, Ciccone, and Craig*

Theresa D. Moore (99978)
Law Offices of Theresa D. Moore
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 613-1414
tmoore@aliotolaw.com

*Counsel for Class Plaintiffs Rockhurst University, Harry Garavanian, and Gary Talewsky*

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>All Indirect-Purchaser Actions | Master File No. 3:07-cv-5944-JST<br><br>MDL No. 1917<br><br>**REPLY IN SUPPORT OF MOTION TO VACATE OR CLARIFY 2010 STIPULATION AND ORDER (DKT. 799)**<br><br>Hearing Date: June 6, 2019<br>Time:        2:00 p.m.<br>Courtroom:  9, 19th Floor<br>Judge:      Hon. Jon S. Tigar |

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................................................. 1

II.  ARGUMENT ........................................................................................................................ 2

A.  The 2010 Stipulation Should Be Vacated. ..................................................................... 2

　　1.  The Stipulation should be vacated to eliminate prejudice to the ORS class members. . 3

　　2.  Defendants will rely on the Stipulation to support their argument that ORS class members' claims are time-barred. ............................................................................... 4

B.  Vacating the Stipulation is consistent with the Ninth Circuit mandate. ........................ 6

C.  Vacating the Stipulation will have no effect on the Chunghwa and LG settlements. ................. 8

III. CONCLUSION .................................................................................................................... 8

i

REPLY IN SUPPORT OF MOTION TO VACATE OR CLARIFY 2010 STIPULATION AND ORDER (DKT. 799)
Case No. 3:07-cv-5944, MDL No. 1917

# TABLE OF AUTHORITIES

*Belew v. Brink's, Inc.*,
721 Fed. App'x 734 (9th Cir. 2018) ..............................................................................................8

*City of Los Angeles v. Santa Monica Baykeeper*,
254 F.3d 882 (9th Cir. 2001) ........................................................................................................2

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
No. 16-16368 (9th Cir.) ............................................................................................................6, 7

*Gonzalez v. Chungwa, et al.*,
Case No. 3:08-cv-01108-JST (N.D. Cal.) .....................................................................................5

*Hall v. City of Los Angeles*,
697 F.3d 1059 (9th Cir. 2012) ......................................................................................................1

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ......................................................................................................3

*Hess v. Spring Corp.*,
598 F.3d 581 (9th Cir. 2010) ........................................................................................................3

*In re Mercury Interactive Corp. Sec. Litig.*,
618 F.3d 988 (9th Cir. 2010) ........................................................................................................4

*United States v. Luong*,
627 F.3d 1306 (9th Cir. 2010) ......................................................................................................7

*United States v. Thrasher*,
483 F.3d 977 (9th Cir. 2007) ....................................................................................................6, 7

## I. INTRODUCTION

The Omitted Repealer States ("ORS") Plaintiffs have moved the Court to vacate the Stipulation[1] for a simple reason: to preempt any argument by Defendants that the Stipulation precluded the omitted claims, thus placing these class members as much as possible in the position they were in before Interim Lead Counsel agreed to the Stipulation, and thus to mitigate potential prejudice to the ORS class members the Stipulation caused.

None of the reasons the IPPs and Defendants argue against vacatur undercuts the good cause for granting ORS Plaintiffs' motion.

*First*, no one disputes that this Court possesses the authority to grant the ORS motion to vacate the Stipulation or Interim Lead Counsel lacked the authority in 2010 to enter into a stipulation that would bind absent putative ORS class members who were not given notice. *See* Def. Br. 9; IPP Br. 8-9. While Defendants argue the rule of mandate prevents vacatur, they noticeably fail to quote any text from the Ninth Circuit's remand order supporting their argument, and they ignore the doctrine's limited application to issues actually foreclosed by a court of appeals' decision. *See Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012).

*Second*, Interim Lead Counsel's failure to pursue the ORS class members' state-law claims—a failure embodied by the Stipulation—may be used by Defendants to prejudice the ORS class members, a problem that needs to be remedied to protect their due process rights.

*Third*, Defendants' argument that vacating the Stipulation will not enable ORS class members to pursue their claims depends on the merits of the very arguments ORS Plaintiffs acknowledge the Stipulation potentially implicates and thus seeks resolution on issues of law before they have been properly briefed. Vacating the Stipulation will leave an even playing field

---

[1] Stipulation and Order Modifying and Adopting Special Master's Report, Recommendations and Tentative Rulings Regarding Defendants' Joint Motion to Dismiss the Second Amended Complaint of the Indirect Purchaser Plaintiffs (Dkt. 799).

1
REPLY IN SUPPORT OF MOTION TO VACATE OR CLARIFY 2010 STIPULATION AND ORDER (DKT. 799)
Case No. 3:07-cv-5944, MDL No. 1917

for the parties to address the merits of those arguments if Defendants move to dismiss the claims that ORS Plaintiffs intend to plead in an amended complaint. Vacating the Stipulation removes a potential barrier to ORS class members filing an amended complaint so as to relate their claims back to earlier complaints in which IPPs pleaded damages claims arising out of the same federal price-fixing conspiracy claims. *See* Op. Br. 8-9. It also removes from this protracted litigation another certain issue to appeal and places it before this Court, where it belongs.

*Finally*, the concerns of the Chunghwa and LG Defendants, whose settlements are not subject to ORS class members' appeals and the present remand, lack substance. Vacating the Stipulation will have no impact on the final judgments entered with respect to the claims made against those Defendants.

The ORS class members are asking to have their day in court—something they were denied when then-Interim Lead Counsel agreed in the Stipulation not to challenge the dismissal of some state law claims, and further agreed not to add any more indirect purchaser state-law claims to this MDL proceeding. The Stipulation is a roadblock to ORS class members' efforts to value their claims and negotiate a settlement that fairly compensates them for the release of their claims, and should be vacated.

## II. ARGUMENT

### A. The 2010 Stipulation Should Be Vacated.

No one disputes that this Court has the authority to vacate the Stipulation. That authority does not depend on the Court finding that Interim Lead Counsel provided inadequate representation, that the Stipulation in fact "dismiss[ed], extinguish[ed], or waive[d] class members' state law damages claims," Def. Br. 7, or on any other finding beyond "cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks omitted); Op. Br. 5. Sufficient cause exists here due to the prejudice arising from the abandonment of the ORS class members' constitutionally protected due process and the related waiver of their state-law damages claims, as contrasted with the

settlements achieved for the class members in other repealer states whose damages claims Interim Lead Counsel pursued.

### 1. The Stipulation should be vacated to eliminate prejudice to the ORS class members.

Both the Court's original lead counsel appointment order (Dkt. 282) and Rule 23(a)(4) require class counsel to "prosecute the action vigorously on behalf of the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998); *see Hess v. Spring Corp.*, 598 F.3d 581, 590 (9th Cir. 2010). The revisionist history that IPPs present in their response brief cannot change the fact that Interim Lead Counsel failed to adequately represent the ORS, and then agreed in the Stipulation not to pursue their claims. Dkt. 799 at 2. While it is now argued that counsel could have asserted them in future complaints, the case history plainly shows that is not what Interim Lead Counsel and Defendants agreed to at the time. In fact, it never happened. Interim Lead Counsel also abandoned the claims of the other omitted repealer states. Acquiescing to the recommendation of dismissals by the Special Master, Interim Lead Counsel did not challenge the determinations and litigate the issues with the Court, despite later saying they believed they had valid arguments to do so, nor did they appeal the dismissals. (Dkt. 768).

IPPs argue that Interim Lead Counsel was diligent in searching for a Massachusetts plaintiff (if no others). But the results speak for themselves: Counsel twice failed to follow the Massachusetts pre-suit procedures for pleading claims on behalf of one willing representative plaintiff before entering the Stipulation, and during the next five years, Counsel failed to find a replacement plaintiff among the millions of consumers in the state. In fact, the record shows there was a ready, willing, and able plaintiff who presented himself as a representative, with sufficient evidence of CRT purchases, including photographs. Thus, IPPs argument vis-à-vis the Stipulation can be summed up as the contention that they had no good reason to enter into it with respect to ORS class members, yet it should not be vacated, even though they were guided by it not to pursue claims for ORS plaintiffs.

Further, IPPs assert that Proposed ORS Class Counsel first raised the argument that Interim Lead Counsel abandoned the ORS class members via the Stipulation on appeal. *See* IPP Br. 8. But that is not true: ORS class members argued in an objection to the settlements more than three years ago that the claims of class members in Massachusetts, Missouri, and New Hampshire "were not pursued and were abandoned" by Interim Lead Counsel, "rais[ing] issues pertaining to the adequacy of class counsel and the class representatives." Dkt. 4436 at 4-5.

No class members objected before the formal opportunity to object because they were not given notice of the waiver of their rights. The Stipulation never mentioned the nine ORS by name. Moreover, the Stipulation was mislabeled and mis-numbered on the docket, so that, even if an unusually diligent class member were watching the docket, that person would not have been alerted that her damages claims had been abandoned and that it was necessary to intervene or pursue a direct action. *Id.* at 6; *see* Dkt. 799.

A class action settlement stands or falls as a whole. That the ORS class members who challenged the settlement and adequacy of representation are from three of the nine ORS states does not limit relief from the inadequate settlement to those states. All class members from ORS stand in the same place once the settlement is vacated.

Independent from IPP Class Counsel's duty to *all* class members, this Court has a fiduciary duty to the entire class. That duty includes the obligation to ensure that all class members receive the full due process to which the U.S. Constitution and Federal Rules of Civil Procedure entitle them. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010) (court has duty to "act as a fiduciary for the class" (internal quotation marks omitted)).

### 2. Defendants will rely on the Stipulation to support their argument that ORS class members' claims are time-barred.

Defendants seek to have this Court rule on the merits based on their "preview argument" that ORS class members do not have viable claims because "intervention and relation back are impossible" where, *inter alia*, the state law claims were dismissed by the Stipulation or were not

raised in an original complaint.[2] Def. Br. 2, 4-6. But both ORS Plaintiffs and Defendants (Def. Br. 13) agree that the merits of the relation back doctrine are not before this Court. The relevant issue at this point is that the Stipulation could impact application of the relation-back doctrine, particularly if Defendants seek to leverage it to foreclose amendments to the complaint. That should not happen for at least three reasons:

*First*, to the extent the timeliness of ORS Plaintiffs' efforts is at issue, they have been seeking to unwind the Stipulation since the first true opportunity they had—by objecting to the proposed Settlement. Dkt. 4436 at 6-9. *See* Def. Br. 14. Since filing their objections, ORS Plaintiffs have continued to advocate against the Stipulation and the inadequate representation of IPP Counsel that led to the Stipulation—not only in this Court, but also on appeal, and now again on remand.

The abandoned ORS claims bottlenecked at Interim Lead Counsel, who was the only one who had authority to act on behalf of these putative classes. While IPPs now might like to argue that members of the ORS could have moved to intervene earlier, for intervention to be effective (if granted), it presumably would have required modification of the existing order of appointment of Interim Lead Counsel. Dkt. 282. Moreover, the notice of the proposed settlement was the first indication absent ORS class members received suggesting their claims were not being pursued. The lack of notice was magnified because the proceedings were not transparent, and the Stipulation itself was opaque.

Nothing on the docket clearly informed a consumer that she needed to intervene or file a separate complaint. The Stipulation never even mentioned the ORS states by name, and it was misfiled and mis-numbered on the docket. Dkt. 4436 at 6. All the while, the ORS class members

---

[2] The *Gonzalez v. Chungwa, et al.*, Case No. 3:08-cv-01108-JST (N.D. Cal.), class action complaint that the Court consolidated into this case (Dkt. 149), originally and expressly alleged damages claims on behalf of all indirect purchasers in the United States. But, of course, the more fundamental point is that any state-law damages claim arises out of the same essential facts that are alleged in support of the always-and-still-pending federal claims asserted on behalf of the ORS and all other class members.

were represented by Interim Lead Counsel, who failed to protect their interests or notify the class members of the ORS that he had waived their rights. *See* Dkt. 282.

*Second*, Defendants make a fact-intensive argument that the relation back doctrine is not available to ORS Plaintiffs because Defendants did not have "fair notice" of the ORS Plaintiffs' claims. Def. Br. 15. Assessing whether Defendants had fair notice of the claims will have to be fully briefed if Defendants move to dismiss a future amended complaint and raise lack of fair notice as an avoidance to the relation back doctrine. Such a future issue should not keep the Stipulation from being vacated now. To the contrary, the Stipulation should be vacated now so that, if the issue of fair notice is raised, it may be fairly litigated.

*Third*, Defendants expressly state that the tolling of the state law damages claims under Massachusetts, Arkansas, Rhode Island, and Montana ended when those claims were dismissed in 2010 and, as a result, are time-barred. Def. Br. 16. For now, the relevant point is that Defendants acknowledge they intend to use the Stipulation to seek dismissal or, at a minimum, to limit the recovery of class members in the ORS.

**B. Vacating the Stipulation is consistent with the Ninth Circuit mandate.**

As plainly stated in the text of its order, the Ninth Circuit "remand[ed] this case so that the district court may reconsider its approval of the settlement." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 16-16368, Dkt. 238 at 11 (9th Cir.). Contrary to Defendants' argument, the Ninth Circuit did not limit its remand to "reconsideration of how purchasers in the three Omitted Repealer States fared in the settlements." Def. Br. 2. Nothing in the order remotely suggested that the Court of Appeals endorsed the propriety of the Stipulation—one of numerous issues raised regarding the settlement. The Court of Appeals placed no limitation on what this Court could consider to ensure that the requirements of Rule 23 were met in the settlement of IPPs' claims. *Cf. United States v. Thrasher*, 483 F.3d 977, 980 (9th Cir. 2007) (limiting remand "for a hearing to resolve a critical disputed fact") (cited at Def. Br. 11); *United States v. Luong*, 627

F.3d 1306, 1311 (9th Cir. 2010) (remand for resentencing does not allow defendants to challenge their convictions).

Unlike in *Thrasher*, on which Defendants place principal reliance, there is no clear limitation in the mandate to preclude reconsideration of the Stipulation. Indeed, the Ninth Circuit's express directive is to reconsider "approval of the settlement," which inherently includes all matters that impact the settlement in issue. The relief this motion requests is relevant to reconsideration of the settlement approval. The claims of the ORS have value and must be valued—whether through settlement, negotiation, or jury trial—in order to determine the fair amount of recovery due to those class members. The Ninth Circuit order does not prevent this Court from vacating the Stipulation.

The Ninth Circuit expressly observed that one of the reasons the District Court recognized the settlements should have provided recovery to class members in the ORS was "the adequacy of representation under Federal Rules of Civil Procedure 23(a)(4)," thus indicating that the Court of Appeals expected the District Court would consider such adequacy and its effects after the case was remanded. *CRT*, No. 1-16368, Dkt. 238 at 11. Nothing in the Ninth Circuit's remand order limits the analysis of adequacy of counsel to the settlement negotiations. Indeed, such a limitation would run contrary to the express wording of the Court of Appeals' remand order, as well as the nature of settlement, which reflects the state of a case as it has proceeded through the years.

Similarly, nothing in the remand order requires the Court to limit its consideration of the settlement's fairness with respect to only three of the nine omitted repealer states, particularly when the Court's duty, and Rule 23 generally, applies to all absent class members. The ORS have emphasized that the instant settlement must stand or fall as a whole. If it falls, then a new settlement or a determination on the merits must follow. *See* Dkt. 5476 at 2-3.

Contrary to the black-letter rule that class action settlements stand or fall on their own— without court editing—Defendants contend that it would be fine to restrict any remedy regarding

7

the settlement to the three omitted repealer states, and to cut out the right of the remaining six omitted repealer states to seek a recovery by order of this Court. Defendants' support is limited to one recent inapposite and unpublished order of the Ninth Circuit: *Belew v. Brink's, Inc.*, 721 Fed. App'x 734 (9th Cir. 2018). In *Belew*, the Court of Appeals directed that a joint agreement certifying a class for settlement purposes would be saved by excising a release of certain unrelated claims, which had been valued at zero. The order is readily distinguishable: here, the Ninth Circuit at oral argument and this Court have both previously recognized the potential value of the ORS claims. Dkt. 5362 at 1. Defendants in this case have also insisted on a release of those ORS claims—another fundamental difference, and one that reflects the value of those claims.

Unlike in *Belew*, the ORS claims here cannot be defined as valueless and unrelated claims. The current settlement under reconsideration must stand or fall as a whole—unless an agreement to amend the settlement is reached with non-conflicted ORS class representatives and counsel that reasonably resolves the ORS claims.

### C. Vacating the Stipulation will have no effect on the Chunghwa and LG settlements.

The concerns the Chunghwa and LG Defendants express—that vacating the Stipulation will affect the final judgments entered among them, IPPs, and certain State Attorneys General—are groundless. *See* Dkt. 5483; Dkt. 5487. Vacating the Stipulation would leave undisturbed those final judgments and approval orders, and the ORS Plaintiffs have not moved for any such relief. Vacatur would impact only the case that IPP class members have against the Defendants who remain subject to this Court's and the Ninth Circuit's jurisdiction.

### III.   CONCLUSION

The ORS Plaintiffs respectfully ask the Court to exercise its authority to protect absent class members in the Omitted Repealer States by either vacating the order approving the

8
REPLY IN SUPPORT OF MOTION TO VACATE OR CLARIFY 2010 STIPULATION AND ORDER
(DKT. 799)
Case No. 3:07-cv-5944, MDL No. 1917

Stipulation or clarifying that it does not bar the naming of ORS sub-class representatives who may amend the complaint to allege state-law damages claims.

Dated:  May 23, 2019                                        Respectfully submitted,

 /s/  Francis. O. Scarpulla                                  /s/  Theresa D. Moore
       Francis O. Scarpulla                                        Theresa D. Moore

Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: 415-788-7210
Facsimile:  415-788-0706
fos@scarpullalaw.com
pbc@scarpullalaw.com

John G. Crabtree, *appearing pro hac vice*
Brian Tackenberg, *appearing pro hac vice*
Crabtree & Auslander
240 Crandon Boulevard, Suite 101
Key Biscayne, FL 33149
Telephone:  (305) 361-3770
Facsimile:  (305) 437-8188
jcrabtree@crabtreelaw.com
btackenberg@crabtreelaw.com

Brian M. Torres, *appearing pro hac vice*
Brian M. Torres, P.A.
One S.E. Third Avenue, Suite 3000
Miami, FL  33131
Telephone:  (305) 901-5858
Facsimile:   (303) 901-5874
btorres@briantorres.legal

*Counsel for Class Plaintiff
Dan L. Williams & Co*.

Theresa D. Moore (99978)
Law Offices Of Theresa D. Moore
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 613-1414
tmoore@aliotolaw.com

Christopher A. Nedeau (81297)
Nedeau Law Firm
154 Baker Street
San Francisco, CA 94117
Telephone: (415) 516-4010
cnedeau@nedeaulaw.net

*Counsel for Class Plaintiffs Rockhurst University, Harry Garavanian, and Gary Talewsky*


 /s/    Robert J. Bonsignore
         Robert J. Bonsignore

Robert J. Bonsignore
Bonsignore Trial Lawyers, PLLC
3771 Meadowcrest Drive
Las Vegas, NV  89121
Telephone:  (781) 845-7650
Facsimile:   (702) 852-5626
rbonsignore@class-actions.us

*Counsel for Class Plaintiffs Gianasca, Comeaux, Ashkannejhad, Ciccone, and Craig*

9
REPLY IN SUPPORT OF MOTION TO VACATE OR CLARIFY 2010 STIPULATION AND ORDER
(DKT. 799)
Case No. 3:07-cv-5944, MDL No. 1917

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed *via* CM/ECF on May 23, 2019 and as a result has been served on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Theresa D. Moore
Theresa D. Moore