IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. 07-cv-5944 JST |
| This Order Relates To: | **ORDER INVITING SUPPLEMENTAL BRIEFING** |
| ALL ACTIONS | |

In their most recent motions to dismiss pursuant to the Foreign Sovereign Immunities Act ("FSIA"), Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico Defendants") argue that in addition to satisfying the requirements of that Act, due process requires that Plaintiffs also demonstrate the Irico Defendants had minimum contacts with the United States. ECF No. 5409 at 20-22; ECF No. 5410 at 20-22; ECF No. 5411 at 27-29; ECF No. 5412 at 27-29.

This is the Irico Defendants' second attempt to argue that the Court lacks jurisdiction over them. The first was their motion to set aside the defaults previously entered against them. ECF No. 5215. In that motion, the Irico Defendants asserted that they were instrumentalities of a foreign state and thus not subject to jurisdiction under the FSIA. They did not, however, assert that they had insufficient contacts with the United States.

The Court now invites supplemental briefing on the question of whether the latter argument has been waived. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106-07 (9th Cir. 2000), *as amended on denial of reh'g* (Nov. 1, 2000) (personal jurisdiction defense waived by failure to include it in motion to set aside default); *United States v. Pomerantz*, No. C16-689 MJP, 2017 WL 4418572, at *2 (W.D. Wash. Oct. 5, 2017) (failure to raise personal jurisdiction

defense in first motion to dismiss waived the defense), *appeal dismissed*, No. 17-35812, 2017 WL 6879994 (9th Cir. Nov. 16, 2017); *see also Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 n.1 (9th Cir. 2003) (declining to consider general jurisdiction arguments made for the first time on reply and not raised in a party's opening brief).

The IPPs and DPPs may file one combined brief addressing this question by June 11, 2019. The Irico Defendants may file a responsive brief by June 18, 2019. The IPPs and DPPs may file a reply brief by June 25, 2019. At that point, the Irico Defendants' motions to dismiss, ECF Nos. 5409, 5410, 5411, 5412, will be under submission unless the Court sets them for further hearing.

**IT IS SO ORDERED.**

Dated: June 3, 2019



JON S. TIGAR
United States District Judge

2