Guido Saveri (22349)
   guido@saveri.com
R. Alexander Saveri (173102)
   rick@saveri.com
Geoffrey C. Rushing (126910)
   grushing@saveri.com
Cadio Zirpoli (179108)
   cadio@saveri.com
Matthew D. Heaphy (227224)
   mheaphy@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **SUPPLEMENTAL BRIEF ON PERSONAL JURISDICTION WAIVER** |
| *ALL DIRECT PURCHASER ACTIONS*<br>*ALL INDIRECT PURCHASER ACTIONS* | Judge:   Honorable Jon S. Tigar |

The Direct Purchaser Plaintiffs ("DPPs") and Indirect Purchaser Plaintiffs ("IPPs"; collectively with the DPPs, "Plaintiffs") respectfully submit this joint brief in response to the Court's order inviting supplemental briefing on whether Irico Group Corporation ("Group") and Irico Display Devices Co., Ltd. ("Display"), have waived the argument that they "had insufficient contacts with the United States." ECF No. 5494 at 1.

## ARGUMENT

Group and Display have repeatedly waived any argument that "in addition to satisfying the requirements of [the Foreign Sovereign Immunities Act ('FSIA')], due process requires that Plaintiffs also demonstrate the Irico Defendants had minimum contacts with the United States." ECF No. 5494 at 1. Even their opening briefs on the present motion do not argue that the Fifth Amendment's Due Process Clause protects them. That argument has crept in only on reply and at the May 30 hearing. Therefore, the Court need not consider it. Any such argument is also fatally inconsistent with Defendants' other arguments: if, as they claim, Group and Display are instrumentalities of a foreign state, they are not "persons" protected by the Due Process Clause.

### Group and Display Waived Any Personal Jurisdiction Defense

Group and Display have each waived any personal jurisdiction defense based on the Due Process Clause three separate times. *First*, a defendant who files a motion to dismiss under Federal Rule of Civil Procedure 12(b), and "who omits a defense under Rules 12(b)(2)-(5) – lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process – entirely waives that defense." *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 317 (9th Cir. 2017) (citing Fed. R. Civ. P. 12(h)(1)(A)), *aff'd sub nom. Apple Inc. v. Pepper*, 139 S. Ct. 1514 (2019); *see also Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106–07 (9th Cir. 2000) (applying earlier version of rules). Here, both Group and Display joined in multi-defendant Rule 12(b) motions to dismiss filed in May 2009. Neither raised any personal jurisdiction defense. *See* ECF No. 479 (motion to dismiss against DPPs) at i (statement of issues), 37-38 (signature block); ECF No. 485 (motion to dismiss against IPPs) at i-ii (statement of issues), 54-55 (signature block). By that omission, both Group and Display gave up any personal

1    jurisdiction defense based on the Due Process Clause over a decade ago.[1]

2    *Second*, a defendant that does not file a 12(b) motion must raise any personal jurisdiction defense in a "a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course" to avoid waiver. Fed. R. Civ. P. 12(h)(ii). As this Court observed in its order inviting supplemental briefing, *Naturopathic Physicians* applied that principle (under an earlier version of the Rules) and held that "if [the defendant] raised *any* Rule 12 defenses in his first filing to the court" – including a motion to vacate and to set aside the default judgment under Rule 55(c) – "he was obliged to raise *all* of those specified in Rule 12(h)" to avoid waiver. 227 F.3d at 1107; *see id.* ("The fact that Hayhurst's first filing was not dubbed a 'Rule 12' motion is of no significance. The rule applies with equal effect no matter what is the title of the pleading."). Here, Group and Display filed a motion under Rule 55(c) on October 25, 2017, invoking Rule 12(b)(1) and the FSIA but not mentioning Rule 12(b)(2), personal jurisdiction, due process, or minimum contacts. ECF No. 5215 at i. Group and Display therefore waived those arguments a second time.[2]

*Third*, Group and Display's opening memoranda for the present motions do not assert that exercising jurisdiction over them would violate any constitutional due process rights they may have. Instead, they assert that "[j]urisprudence on . . . personal jurisdiction" is "instructive" and, relying on *Sec. Pac. Nat'l Bank v. Derderian*, 872 F.2d 281 (9th Cir. 1989), that the FSIA's "'direct effect' [test] incorporates . . . minimum contacts standards." ECF No. 5409 at 14-15 (quoting *Derderian*, 872 F.2d at 286-87); ECF No. 5410 at 14 (same); ECF No. 5411 at 21-22 (same); ECF No. 5412 at 21-22 (same). That is, they argue that the FSIA (without ever saying so) requires the Court to apply a constitutionally derived test. Nowhere in those opening briefs do they argue that the Constitution itself protects them. Only on reply do they argue that jurisdiction here would go beyond "what . . . the Constitution allows" or that "constitutional due process

---

[1] Group and Display also had opportunities in 2008 and 2009 to raise personal jurisdiction defenses as part of a 2008 stipulation process, *see* ECF No. 5228 at 6 (discussing history), and through a special master's order inviting separate briefing of Defendant-specific 12(b) arguments, *see* ECF No. 448 at ¶ 2. They did not take either opportunity.

[2] Group and Display did not file a Rule 55(c) motion as to the IPPs in October 2017 but later entered into a stipulation with the IPPs to lift the default that in practical effect adopted the Court's ruling as to the DPPs. *See* ECF No. 5270. That stipulation did not assert or reserve any rights concerning Rule 12(b)(2), personal jurisdiction, or due process.

1   requirements . . . prohibit exercising jurisdiction under the[] alleged facts." ECF No. 5463 at 21,
2   24; *see also* ECF No. 5480 at 18-20.  As a result, any constitutional due process challenge they
3   might have raised was waived a third time under the familiar principle that courts "will not address
4   . . . arguments . . . raised for the first time in reply." *Opperman v. Path, Inc.*, 84 F. Supp. 3d 962,
5   984 n.9 (N.D. Cal. 2015) (Tigar, J.).
6         Because Group and Display raised their constitutional arguments only on reply, Plaintiffs
7   did not have a fair opportunity to respond that "[t]he jurisdictional protections of the Due Process
8   Clause do not apply to 'foreign states and their instrumentalities.'" *Corporación Mexicana de*
9   *Mantenimiento Integral, S. de R.L. de C.V. v. Pemex-Exploración y Producción*, 832 F.3d 92, 102
10  (2d Cir. 2016) (quoting *Frontera Res. Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*,
11  582 F.3d 393, 399 (2d Cir. 2009)); *Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d
12  82, 99 (D.C. Cir. 2002) ("[T]he Fifth Amendment poses no obstacle to the decision of the United
13  States government to subject Libya to personal jurisdiction in the federal courts."); *Cassirer v.*
14  *Kingdom of Spain*, 461 F. Supp. 2d 1157, 1168 (C.D. Cal. 2006) ("Nothing in the [FSIA] suggests
15  that a minimum contacts analysis must be conducted or that foreign sovereigns should be viewed
16  as 'persons' for purposes of a due process analysis."); *Cruz v. United States*, 387 F. Supp. 2d 1057,
17  1067 (N.D. Cal. 2005) ("[T]he reasoning of *Price*, which this Court finds sound, counsels against
18  affording the Mexican banks in this case the status of 'persons' within the scope of that term as
19  used in the Due Process Clause.").  Those cases cut not only against any due process defense here
20  that Group (or Display, if an instrumentality) might have raised but also against the related
21  suggestion (likewise raised first on reply) that constitutional avoidance favors reading a minimum-
22  contacts test into the FSIA.  *See, e.g.*, ECF No. 5463 at 25 (contending that DPPs' and U.S.
23  Department of Justice's arguments "raise[] serious constitutional concerns").  The FSIA need not
24  be construed to protect due process rights that do not exist.
25        Recognizing that neither Group nor Display has preserved any constitutional personal
26  jurisdiction defense simplifies the analysis before the Court.  If the Court agrees with Plaintiffs that
27  Display is not an organ of the Chinese state, *see* ECF No. 5419 at 14-30; ECF No. 5439-3 at 11-17
28  (filed under seal), then Display has no statutory immunity under the FSIA.  Accordingly, the Court

can deny Display's motion to dismiss without considering Display's contacts (or asserted lack of contacts) with the United States.  *See Gilmore v. Palestinian Interim Self-Government Authority*, 843 F.3d 958, 964 (D.C. Cir. 2016) ("Appellees' 'only defense resting on personal jurisdiction involved' the FSIA and, therefore, they have waived 'the separate constitutional ground for a claim of lack of *in personam* jurisdiction.") (quoting *Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438 (D.C. Cir. 1990)).

Further, as discussed at the hearing, *Weltover v. Republic of Argentina*, 504 U.S. 607 (1992), supports treating any constitutional minimum-contacts requirement that might apply as separate from the statutory "direct effect" test because the Supreme Court first construed the statutory "direct effect" language, *see id.* at 617-19, and only then found that Argentina "possessed 'minimum contacts' that would satisfy the constitutional test," *id.* at 619.  Similarly, in *Theo. H. Davies & Co. v. Republic of Marshall Islands*, 174 F.3d 969 (9th Cir. 1998), on which Group and Display rely, the Ninth Circuit first concluded that the sovereign defendants had "carried on a commercial activity in the United States . . . and [were] not entitled to sovereign immunity" and then separately considered "whether the exercise of personal jurisdiction in this case complies with the due process clause of the Constitution."  *Id.* at 974.  As the Ninth Circuit's analysis suggests, that is how courts usually apply a "long-arm statute," *id.* – first asking whether statutory terms are met and then asking whether there is any constitutional obstacle to jurisdiction.[3]  *See also Gilmore*, 843 F.3d at 964 ("[S]tatutory and constitutional grounds for personal jurisdiction are different – a court must have both to hear a case.")  There is thus ample authority that any minimum-contacts challenge that either Group or Display might have raised is not incorporated in the FSIA (as they would have it) but instead had to be preserved separately in their 2009 Rule 12(b) motions, their 2017 Rule 55(c) motion to lift the default, and, at a minimum, in their 2018 opening papers.  Because Group and Display failed to do so, their minimum-contacts argument fails.[4]

---

[3] Both *Weltover* and *Theo H. Davies* assumed but did not decide whether the foreign sovereign defendants before them were "persons" within the meaning of the Due Process Clause.  *See Weltover*, 504 U.S. at 619; *Theo H. Davies*, 174 F.3d at 975 n.3.

[4] Plaintiffs also maintain, for the reasons given in their previous memoranda and at the hearing, that Group and Display did indeed have minimum contacts with the United States, but Plaintiffs do not interpret the Court's order to invite further briefing of that question.

# CONCLUSION

Both Group's and Display's motions to dismiss should be denied.

Dated: June 11, 2019                              Respectfully submitted,

/s/ *R. Alexander Saveri*
Guido Saveri (22349)
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Cadio Zirpoli (179108)
Matthew D. Heaphy (227224)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

Joseph W. Cotchett
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

Steven F. Benz
Gregory G. Rapawy
KELLOGG, HANSEN, TODD, FIGEL &
    FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

*Attorneys for Plaintiffs*

/s/ *Mario N. Alioto*
Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT,
    LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

**ATTESTATION**

I, R. Alexander Saveri, hereby attest, pursuant to United States District Court, Northern District of California Civil Local Rule 5-1(i)(3), that concurrence in the filing of this document has been obtained from the other Signatories hereto.

By: */s/ R. Alexander Saveri*
R. Alexander Saveri