John Taladay (*pro hac vice*)
john.taladay@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

Stuart C. Plunkett (State Bar No. 187971)
stuart.plunkett@bakerbotts.com
Peter Huston (State Bar No. 150058)
peter.huston@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Attorneys for*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Case No. 3:07-cv-05944-JST <br><br> MDL No.: 1917 |
| THIS DOCUMENT RELATES TO: <br><br> *ALL DIRECT PURCHASER ACTIONS* <br> *ALL INDIRECT PURCHASER ACTIONS* | **IRICO DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF ON WAIVER** <br><br> Judge:   Honorable Jon S. Tigar |

**INTRODUCTION**

The Court has asked whether the Irico Defendants have waived arguments by not affirmatively asserting "that they had insufficient contacts with the United States" in their motion to set aside default, and has requested supplemental briefing on whether the argument has "been waived." (Dkt. No. 5494 at 1.) The answer to that question is "no." The law is clear in the Ninth Circuit that there is no affirmative obligation to assert insufficient contacts in connection with an FSIA defense, as the issue of the sufficiency of Irico's contacts with the United States to support jurisdiction arises only under the commercial activity *exception* to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1601 *et seq*. *Sec. Pac. Nat'l Bank v. Derderian*, 872 F.2d 281, 286-87 (9th. Cir. 1989). By asserting the FSIA in the motion to set aside default, Irico necessarily was asserting lack of both subject matter and personal jurisdiction, because the FSIA is the sole source for subject matter and personal jurisdiction over a foreign sovereign. *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989); *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1127 (9th Cir. 2012). A plaintiff who chooses to assert the commercial activity exception has the burden of satisfying all elements of that exception, including that the defendant had sufficient contacts with the United States to satisfy due process. *See Derderian*, 872 F.2d at 287-87. (*See* Dkt. No. 5240 ("Default Order") at 4 (citing *Terenkian*, 694 F.3d at 1131).) Understandably, it is not Irico's burden to prove the negative of a lack of minimum contacts, but Plaintiffs' burden to prove their presence. Indeed, the requirement for minimum contacts is directly subsumed within the "direct effect" requirement of the FSIA's commercial activity exception. *Derderian*, 872 F.2d at 286-87. Thus, in the FSIA context, the only relevant question would be whether there was waiver of the FSIA defense, which did not occur. The FSIA provides specific guidance on the issue of waiver, and this Court has already ruled that Irico did not waive the FSIA defense. (Default Order at 13.)

Plaintiffs' supplemental brief therefore spills most of its ink attacking a straw man, seeking to preclude a standalone Rule 12(b)(2) motion to dismiss that Irico Defendants have not made and were not required separately to make. Plaintiffs are unable to cite any authority supporting a finding that Irico waived a minimum contacts argument in the motion to set aside

default. Plaintiffs instead repeat the same arguments they made regarding waiver of the FSIA, implicitly acknowledging that the question here is whether the FSIA was waived, not whether a minimum contacts analysis subsumed within an exception—on which Plaintiffs bear the burden—was waived. The Court has already considered and ruled against Plaintiffs on those arguments. (Default Order at 13.) Plaintiffs also rely on outright falsehoods regarding the contents of the parties' motion to dismiss briefs to argue that Irico did not raise minimum contacts and thus deprived Plaintiffs of the opportunity to respond on that issue. The briefs speak for themselves: Irico raised the lack of minimum contacts in its opening briefs (Irico Group Am. Mot. to Dismiss IPPs, Dkt. No. 5409 at 14-15; Irico Group Am. Mot. to Dismiss DPPs, Dkt. No. 5410 at 14-15; Irico Display Am. Mot. to Dismiss IPPs, Dkt. No. 5411 at 21-22; Irico Display Am. Mot. to Dismiss DPPs, Dkt. No. 5412 at 21-22.); Plaintiffs responded in their opposition briefs, citing the specific evidence that they contended satisfied their burden of demonstrating sufficient contacts under the "direct effects" test (DPP Opp'n, Dkt. No. 5419 at 37-40; IPP Opp'n, Dkt. No. 5440 at 22-26); Irico responded to that evidence in the reply briefs (Reply to DPPs, Dkt. No. 5463 at 19-24; Reply to IPPs, Dkt. No. 5480 at 17-22); and all of the parties argued the sufficiency of the contacts at the hearing. Plaintiffs' waiver argument is wholly without legal merit or support in the record.

## ARGUMENT

### I.  Irico Did Not Waive the Argument that It Had Insufficient Contacts with the United States

Irico Defendants' pending motions to dismiss are based on their immunity as instrumentalities of the People's Republic of China under the FSIA. Irico previously raised this defense in its motion to set aside default, and the Court has already rejected Plaintiffs' argument that Irico waived the FSIA defense. (Irico Mot. to Set Aside Default, Dkt. No. 5215 at 6-9; Default Order at 13.) The Court's Order Inviting Supplemental Briefing raises the question of whether Irico waived a jurisdictional minimum contacts argument because, in the motion to set aside default, Irico did not "assert that they had insufficient contacts with the United States." (Dkt. No. 5494 at 1.) The Court's order cites three cases, which generally stand for the proposition that

a personal jurisdiction defense is waived if not raised in the first motion to dismiss, which can include a motion to set aside default. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106-07 (9th Cir. 2000), *as amended on denial of reh'g* (Nov. 1, 2000); *United States v. Pomerantz*, No. C16-689 MJP, 2017 WL 4418572, at *2 (W.D. Wash. Oct. 5, 2017), *appeal dismissed*, No. 17-35812, 2017 WL 6879994 (9th Cir. Nov. 16, 2017); *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 n.1 (9th Cir. 2003). Respectfully, none of these cases concerned jurisdiction under the FSIA, which inherently tees up jurisdictional questions in a way that precludes a finding of waiver so long as the FSIA itself is not waived.

The FSIA is the only source of jurisdiction, both subject matter and personal, over a foreign sovereign. "The [FSIA] conflates the usually distinct questions of sovereign immunity, subject matter jurisdiction, and personal jurisdiction. . . . Jurisdiction exists only if immunity does not." *Corzo v. Banco Cent. de Reserva del Peru*, 243 F.3d 519, 522 (9th Cir. 2001) (citations omitted). Thus, a defendant asserting an FSIA defense in a motion to dismiss is necessarily disputing jurisdiction, both subject matter and personal, meaning that such a defendant would not need to make a separate Rule 12(b)(2) motion to dismiss. *Id.* (dismissing action in part for lack of "direct effect" and "minimum contacts" under FSIA, with no separate Rule 12(b)(2) motion). By asserting the FSIA, Irico made its jurisdictional objections in the motion to set aside default and preserved them to be fully briefed and argued in the motion to dismiss (which they were).

Under the FSIA, if a defendant establishes its presumptive right to immunity by showing that it is an instrumentality of a foreign government, the question of minimum contacts with the United States would only arise if the plaintiff chooses to assert an exception that requires a minimum contacts analysis. In the Ninth Circuit, the "direct effect" prong on which Plaintiffs here rely "incorporates the minimum contacts standards . . . which determine the due process limits of personal jurisdiction." *Sec. Pac. Nat'l Bank v. Derderian*, 872 F.2d 281, 286-87 (9th. Cir. 1989); *see also Corzo*, 243 F.3d at 525 (9th Cir. 2001) (applying a minimum contacts analysis under the "direct effect" prong of the FSIA); *Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1255 (9th Cir. 1980); *Theo. H. Davies &*

*Co. v. Republic of Marshall Islands*, 174 F.3d 969, 974 (9th Cir. 1998). (*See* Dkt. Nos. 5409 at 14-15, 5410 at 14-15, 5411 at 21-22, 5412 at 21-22.) Under the FSIA's burden-shifting framework, demonstrating minimum contacts as part of the "direct effect" analysis is Plaintiffs' burden. As the Court has recognized, that framework grants presumptive immunity once the Irico Defendants demonstrate their status as instrumentalities of China; the burden then shifts to Plaintiffs to produce evidence satisfying one of FSIA's statutory exceptions—in this case the commercial activity exception. (*See* Dkt. No. 5240 ("Default Order") at 4 (citing *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012).) Thus, in interpreting what constitutes a "direct effect in the United States" to satisfy Plaintiffs' burden, 28 U.S.C. § 1605(a)(2), the Court must draw the line within the bounds of the constitutional "minimum contacts" standard. *See, e.g.*, *Thomas P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1255 (9th Cir. 1980) (FSIA "direct effect" language "does not extend beyond the limits set by the *International Shoe* line of cases").

Because the FSIA "conflates the usually distinct questions of sovereign immunity, subject matter jurisdiction, and personal jurisdiction," *Corzo*, 243 F.3d at 522, the only relevant waiver question is whether Irico waived its FSIA defense—a question on which the FSIA itself speaks directly. *See* 28 U.S.C. § 1605(a)(1) (FSIA waiver standards). As recognized by the Court in its Order Setting Aside the Default (*see* Default Order at 12), that "waiver exception is narrowly construed," and will "ordinarily be found only" in a limited set of circumstances that are not met here. *Siderman de Blake v. Republic of Argentina*, 965 F.2d 699, 720-21 (9th Cir. 1992). In that order, the Court found that Irico had not waived its FSIA defense. (Default Order at 13.)

Furthermore, Irico has consistently maintained its lack of contacts with the United States, and Irico specifically makes that argument in its motion to set aside default. Irico has consistently argued that its lack of sales to the United States or any other contacts with the United States preclude a finding of jurisdiction under the FSIA. (*See* Irico Mot. to Set Aside Default, Dkt. No. 5215 at 12; Reply in Support of Mot. to Set Aside Default, Dkt. No. 5229 at 7; Irico Group Am. Mot. to Dismiss IPPs, Dkt. No. 5409 at 12-13; Irico Group Am. Mot. to Dismiss DPPs, Dkt. No.

5410 at 12-13; Irico Display Am. Mot. to Dismiss IPPs, Dkt. No. 5411 at 20; Irico Display Am. Mot. to Dismiss DPPs, Dkt. No. 5412 at 20.)

## II. Plaintiffs' Arguments Regarding Waiver and the FSIA Minimum Contacts Requirement Lack Merit

### A. Plaintiffs Cite Nothing Supporting Waiver and Instead Attempt to Relitigate Issues the Court Has Already Resolved

Plaintiffs' arguments that Irico "waived any personal jurisdiction defense based on the Due Process Clause" simply repeat their already-rejected claims that Irico's participation in a 2009 joint motion to dismiss and "a 2008 stipulation process" waived Irico's assertion of FSIA immunity. (Plaintiffs' Supp. Br. at 1-2 & n.1; *see* Default Order at 13.) As this Court has already ruled, neither of these facts constitutes implicit waiver of Irico's FSIA arguments because Irico has not filed a "responsive pleading" as required for waiver in the Ninth Circuit. *Siderman de Blake*, 965 F.2d at 720-21.

Furthermore, Plaintiffs' arguments under Rule 12(h) (Supp. Br. at 2) are without merit, because as noted above, Irico did raise its jurisdictional arguments by asserting the FSIA defense. The example of *Weltover* is instructive. In that case, based on Argentina's argument that constitutional "minimum contacts" requirements must be incorporated into the FSIA "direct effect" test, the Supreme Court analyzed minimum contacts even though "whether there [was] a constitutional basis for personal jurisdiction over Argentina [was] not before the Court as an independent question." *See Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 619-20 & n.2 (1992). This further demonstrates that an FSIA defense raises issues of minimum contacts where a plaintiff asserts the applicability of an FSIA exception, even where the defendant does not file a separate Rule 12 motion challenging personal jurisdiction.

### B. Plaintiffs Blatantly Misrepresent Irico's Prior Briefing to Make Another Incorrect Waiver Argument

Plaintiffs' argument that they lacked "a fair opportunity to respond" to Irico's "constitutional arguments" (Plaintiffs' Supp. Br. at 3) is demonstrably false and misleading given that they in fact *did respond* in their opposition papers. (*See* DPP Opp'n, Dkt. No. 5418-3 at 37-38 (responding to Irico's argument in the opening briefs that "the 'minimum contacts'

requirement of due process creates a separate obstacle to jurisdiction" and alleging facts in attempt to meet "express aiming" standard from *Calder v. Jones*); IPP Opp'n, Dkt. No. 5440 at 25-26 (same).) Plaintiffs even admit as much in their supplemental brief. (Plaintiffs' Supp. Br. at 4 n.4 (referring the Court to plaintiffs' "previous memoranda" for their argument that "Group and Display did indeed have minimum contacts with the United States").) Irico's arguments in the reply briefs, far from being "new," are a direct rebuttal to Plaintiffs' counterarguments and demonstrate that Plaintiffs failed to carry their burden of production under the commercial activity exception. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012) (plaintiffs have "the burden of going forward with the evidence by offering proof that one of the FSIA exemptions applies") (citations omitted).[1] The briefing is a matter of record: Irico made the due process minimum contacts argument in the opening briefs, Plaintiffs responded and cited their evidence, Irico replied, and the parties argued the matter at the hearing—where not once did Plaintiffs claim anything had been waived.

Indeed, Plaintiffs themselves have recognized from the outset that "an FSIA defense is an attack on personal jurisdiction." (DPP Opp'n to Mot. to Set Aside Default, Dkt. No. 5228 at 6 (citing *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 495 n.5 (1983) ("Under the Act, both statutory subject matter jurisdiction . . . and personal jurisdiction turn on application of the substantive provisions of the Act.")); *see also* Default Order at 12 n.4 ("A subject matter jurisdiction defense under the FSIA can also be construed as a personal jurisdiction defense.").) Thus, far from establishing any waiver of jurisdiction arguments by Irico, Plaintiffs already have acknowledged that Irico has asserted the personal jurisdiction defense within the context of the FSIA. They can hardly claim surprise that Irico has argued (since its opening motions) that Ninth Circuit precedent requires satisfaction of the constitutional standard as a predicate to a finding of "direct effect."[2]

---

[1] Given the FSIA's burden-shifting framework laid out in *Terenkian*, it would also be unfair to bar a defendant from responding to arguments regarding an FSIA immunity exception simply because the defendant did not perfectly anticipate the scope of those arguments at the time of its initial motion to dismiss.

[2] Plaintiffs go beyond the Court's request for additional briefing on waiver by arguing that Irico Group and Display have no rights under the Fifth Amendment. (Plaintiffs' Supp. Br. at 3.) In addition to being

### C. Plaintiffs Repeat the Fully-Briefed and Incorrect Argument that the Supreme Court Implicitly Overruled Ninth Circuit Precedent

Under Ninth Circuit law, the scant and insufficient evidence Plaintiffs presented to show Irico's "purposeful direction" at the United States is fatal to their case. (*See* Reply to DPPs, Dkt. No. 5463 at 22-24; Reply to IPPs, Dkt. No. 5480 at 21-22.) Recognizing this defect, Plaintiffs once again repeat their bizarre and incorrect assertion that the Supreme Court's *Weltover* decision stands for a principle that it explicitly did *not* decide. *Compare* Plaintiffs' Supp. Br. at 4 (claiming that *Weltover* supports separation of the "direct effect" and "minimum contacts" requirements), *with* 504 U.S. 607, 619 (1992) ("Argentina argues that . . . we must construe ***the 'direct effect' requirement*** as embodying the 'minimum contacts' test of *International Shoe* . . . we find that Argentina possessed 'minimum contacts' that would satisfy the constitutional test.") (emphasis added). The Ninth Circuit's *Theo. H. Davies & Co. v. Republic of Marshall Islands* decision recognized that the FSIA "is constrained by the minimum contacts required by *International Shoe*" while clearly aware of and citing *Weltover*. 174 F.3d 969, 974 & n.2 (9th Cir. 1998). Contrary to Plaintiffs' assertion, the fact that the *Theo. H. Davies* opinion considered the FSIA commercial activity exception and personal jurisdiction in two back-to-back sections (rather than simultaneously) proves the point. The FSIA analysis in that case was under the first prong of the commercial activity exception—which requires "substantial contact with the United States" rather than just "minimum contacts," *see* 28 U.S.C. § 1603(e)—and not the "direct effect" prong at issue here and in *Derderian*. Thus, *Theo. H. Davies* is consistent with the principle, announced in *Derderian*, that a "finding of 'direct effects' . . . also must comport with the

---

inappropriate at this stage, these arguments are also wrong. Many of the cases Plaintiffs cite relate to constitutional rights of foreign states themselves, rather than their instrumentalities. *See Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82 (D.C. Cir. 2002); *Cassirer v. Kingdom of Spain*, 461 F. Supp. 2d 1157 (C.D. Cal. 2006). The remainder, with foreign state instrumentality defendants, universally endorse the test from the Supreme Court's *First Nat'l City Bank v. Banco Para el Comercio Exterior de Cuba*, 462 U.S. 611, 626-27 (1983) ("*Bancec*"), decision that "established a presumption that government instrumentalities established as juridical entities distinct and independent from their sovereign should normally be treated as such." *Corporación Mexicana de Mantenimiento Integral, S. de R.L. de C.V. v. Pemex-Exploración y Producción*, 832 F.3d 92, 103 (2d Cir. 2016); *see also Frontera Res. Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 82 F.3d 393, 400 (2d Cir. 2009); *Cruz v. United States*, 387 F. Supp. 2d 1057, 1067-68 (N.D. Cal. 2005). Plaintiffs have not sued the People's Republic of China, but two of its state-owned instrumentalities. As such, Plaintiffs would be required to meet the high bar to defeat the *Bancec* presumption in order to deprive the Irico Defendants of any Fifth Amendment rights.

'traditional notions of fair play and substantial justice' which determine the due process limits of personal jurisdiction." 872 F.2d at 287. Other Circuits are also in agreement, post-*Weltover*, that under the FSIA, "it was assumed that the exercise of personal jurisdiction over foreign states under the statute *always would satisfy* the demands of the Constitution." *Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82, 90 (D.C. Cir. 2002) (emphasis added); *see also S & Davis Int'l, Inc. v. Republic of Yemen*, 218 F.3d 1292, 1304 (11th Cir. 2000) (observing that "the 'direct effects' language of § 1605(a)(2) closely resembles the 'minimum contacts' language of constitutional due process and these two analyses have overlapped").

In any event, Plaintiffs' contention that *Weltover* somehow overruled Ninth Circuit law is fully briefed in the parties' briefs. *Weltover* not only did not overrule Ninth Circuit law, it essentially applied Ninth Circuit law by evaluating the sufficiency of the defendant's contacts with the United States in considering the applicability of the commercial activity exception. *See Weltover*, 504 U.S. at 619-20.

## CONCLUSION

For the foregoing reasons, Irico did not waive any argument regarding the sufficiency of its contacts with the United States.

Dated: June 18, 2019

*/s/ Stuart C. Plunkett*

John Taladay (*pro hac vice*)
john.taladay@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

Stuart C. Plunkett (State Bar No. 187971)
stuart.plunkett@bakerbotts.com
Peter Huston (State Bar No. 150058)
peter.huston@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Attorneys for*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*