Guido Saveri (22349)
   guido@saveri.com
R. Alexander Saveri (173102)
   rick@saveri.com
Geoffrey C. Rushing (126910)
   grushing@saveri.com
Cadio Zirpoli (179108)
   cadio@saveri.com
Matthew D. Heaphy (227224)
   mheaphy@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **SUPPLEMENTAL REPLY BRIEF ON PERSONAL JURISDICTION WAIVER** |
| *ALL DIRECT PURCHASER ACTIONS*<br>*ALL INDIRECT PURCHASER ACTIONS* | Judge:     Honorable Jon S. Tigar |

## ARGUMENT

This Court's order inviting supplemental briefing observes correctly that Irico Group Corporation ("Group") and Irico Display Devices Co., Ltd. ("Display"), have argued that "*in addition to* satisfying the requirements of" the Foreign Sovereign Immunities Act ("FSIA"), "due process requires that Plaintiffs *also* demonstrate the Irico Defendants had minimum contacts with the United States," ECF No. 5494 at 1 (emphases added), and asks the parties to address whether that due process argument has been waived. Plaintiffs showed in their supplemental brief that any personal jurisdiction arguments grounded in the Due Process Clause of the Fifth Amendment were, indeed, waived by the Irico Defendants' failure to raise them in their first Rule 12(b) motions in 2009; in their Rule 55(c) motions in 2017; or, indeed, in their opening briefs in support of their motions to dismiss in 2018. Group and Display do not show otherwise.

Instead, Group and Display repeat their (erroneous) contention that the FSIA "subsume[s]," ECF No. 5514 at 1-2, the minimum contacts standard. That is, they contend that minimum contacts meeting the constitutional personal jurisdiction standard are required for statutory subject matter jurisdiction under the direct-effect clause of the FSIA's commercial-activity exception. But that statutory argument is not the point on which this Court invited supplemental briefing. It is an argument not that due process imposes minimum contacts requirements in addition to the requirements of the FSIA, but that the FSIA itself incorporates minimum contacts requirements. If Group and Display had preserved the argument about which the Court asked, they could have pointed to it in a single paragraph rather than filing a nine-page response. If they did not intend to make a free-standing constitutional argument at all, they could have said that instead.[1]

The arguments that Group and Display do make contain several errors. *First*, Group and Display incorrectly rely, *see* ECF No. 5514 at 4, on this Court's earlier ruling that Group and Display did not waive their FSIA defenses by failing to raise them in 2008 or 2009. That order did not answer the question on which this Court invited briefing: whether Group and Display have

---

[1] The Irico Defendants' joint reply briefs (though not their opening briefs) *do* say that exercising personal jurisdiction over them would violate the Constitution. *See* ECF No. 5502 at 2-3 (citing ECF No. 5463 at 21, 24 and ECF No. 5480 at 18-20). That is presumably why the Court asked for briefs on whether any such constitutional argument was properly preserved.

1    waived any possible constitutional defense in addition to their FSIA defenses.  Instead, the Court's
2    ruling was based on the special, more demanding requirements for a statutory showing of waiver
3    under the FSIA.  *See* ECF No. 5240 at 12-13 (citing *Siderman de Blake v. Republic of Argentina*,
4    965 F.2d 699, 720-21 (9th Cir. 1992)).

5    *Second*, Group and Display err in asserting that they argued a "lack of contacts with the
6    United States," ECF No. 5514 at 4-5, in their Rule 55(c) motion.  The passage they cite states
7    merely that they are not "aware of any sales of [their] CRT products . . . by either Irico Group or
8    Irico Display to customers in the United States," claiming (incorrectly) that their supposed lack of
9    awareness undermines evidence that they " 'joined and participated' in the alleged conspiracy."
10   ECF No. 5215 at 12.  Their motion does not state that such an assertion is relevant even to FSIA
11   jurisdiction, much less to constitutional due process.  Further, Group and Display made a deliberate
12   choice to frame their FSIA defense in their Rule 55(c) motion as a challenge to "subject matter
13   jurisdiction," *id.* at i, 2, 5, 6, 8-9, never mentioning personal jurisdiction any more than minimum
14   contacts.  That omission further undermines their assertion that the Rule 55(c) motion preserved
15   any personal jurisdiction defenses.

16   To be clear, statutory personal jurisdiction under the FSIA substantially overlaps with
17   statutory subject matter jurisdiction.  *See* 28 U.S.C. § 1330(b) ("Personal jurisdiction over a foreign
18   state shall exist as to every claim for relief over which the district courts have [subject matter]
19   jurisdiction under subsection (a) where service has been made under section 1608 of this title.").
20   Thus, as the Court has recognized – and Plaintiffs have never disputed – a successful immunity
21   defense under the FSIA defeats not only statutory subject matter jurisdiction but also statutory
22   personal jurisdiction.  *See* ECF No. 5240 at 12 n.4.  But to preserve a constitutional personal
23   jurisdiction defense in addition to a statutory FSIA defense, a defendant must assert both defenses
24   separately.  *See* ECF No. 5502 at 3-4 (citing cases).

25   *Third*, Group and Display err in asserting that they raised a "constitutional" argument, ECF
26   No. 5514 at 5-6, in their opening briefs in the present motions cycle.  Group and Display *did* raise
27   in their opening brief the statutory argument that the FSIA incorporates a minimum contacts
28   requirement, as Plaintiffs expressly acknowledged in their supplemental brief.  *See* ECF No. 5502

at 2 (citing, *inter alia*, ECF No. 5409 at 14-15).  Group and Display did *not* raise in their opening briefs any argument that the Due Process Clause itself protects them – which is, again, the question the Court asked the parties to answer now – and they cite nothing to the contrary.[2]  Similarly, nowhere in their opening briefs did they rely on the constitutional-avoidance argument that surfaced in their reply and in their arguments at the hearing.[3]

Group and Display do not dispute the consequences of a finding that they have waived any claim to constitutional due process rights beyond their statutory rights (if any) under the FSIA.  One undisputed consequence is that if this Court concludes that Display has no FSIA immunity, it need not inquire into Display's minimum contacts.  *See* ECF No. 5502 at 3-4.  The other consequence is that if this Court concludes that the FSIA does not require a minimum contacts evaluation, it need not ask whether, on this record, either Group or Display had minimum contacts with the United States.  *See id.* at 4.  Both points narrow the issues presented to the Court.

To the extent that Group and Display address merits issues, such as whether the commercial-activity exception requires minimum contacts as a matter of statute or whether minimum contacts (if needed) were present here, their supplemental brief makes no substantial new points.  Plaintiffs respectfully refer the Court to their merits briefing, showing that the text of the FSIA creates no such requirement; discussing controlling and persuasive precedent construing the phrase "direct effect" without reference to minimum contacts; and establishing that the conduct of Group and Display – through conspiratorial meetings abroad that discussed United States demand and U.S. dollar prices and increased prices for products sold in the United States, all while making sales into the United States through controlled subsidiaries and third parties – met any minimum contacts requirement that might apply.  *See* ECF No. 5419 at 32-40; ECF No. 5440 at 4-10, 18-26.

## CONCLUSION

Both Group's and Display's motions to dismiss should be denied.

---

[2] Their overheated accusations that Plaintiffs "rely on outright falsehoods" or that our brief is "demonstrably false and misleading," ECF No. 5514 at 2, 5, are therefore unsupported.

[3] Supplemental briefing was thus Plaintiffs' first fair opportunity to point out authority that foreign states and their instrumentalities lack constitutional due process rights.  *See* ECF No. 5502 at 3.  Group and Display attempt to distinguish some of those cases, *see* ECF No. 5514 at 6-7 n.2, yet cite none in which a foreign state or instrumentality successfully asserted such rights.

| | |
|---|---|
| Dated: June 25, 2019 | Respectfully submitted,<br><br>/s/ *R. Alexander Saveri*<br>Guido Saveri (22349)<br>R. Alexander Saveri (173102)<br>Geoffrey C. Rushing (126910)<br>Cadio Zirpoli (179108)<br>Matthew D. Heaphy (227224)<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA 94111<br>Telephone: (415) 217-6810<br>Facsimile: (415) 217-6813<br><br>*Lead Counsel for Direct Purchaser Plaintiffs*<br><br>Joseph W. Cotchett<br>COTCHETT, PITRE & McCARTHY, LLP<br>840 Malcolm Road<br>Burlingame, CA 94010<br>Telephone: (650) 697-6000<br>Facsimile: (650) 697-0577<br><br>Steven F. Benz<br>Gregory G. Rapawy<br>KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.<br>1615 M Street, N.W., Suite 400<br>Washington, DC 20036<br>Telephone: (202) 326-7900<br>Facsimile: (202) 326-7999<br><br>*Attorneys for Plaintiffs*<br><br>/s/ *Mario N. Alioto*<br>Mario N. Alioto (56433)<br>Lauren C. Capurro (241151)<br>TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP<br>2280 Union Street<br>San Francisco, CA 94123<br>Telephone: (415) 563-7200<br>Facsimile: (415) 346-0679<br>E-mail: malioto@tatp.com<br>laurenrussell@tatp.com<br><br>*Lead Counsel for the Indirect Purchaser Plaintiffs* |

SUPPLEMENTAL BRIEF ON PERSONAL JURISDICTION WAIVER; Master File No. 07-CV-5944-JST

**ATTESTATION**

I, R. Alexander Saveri, hereby attest, pursuant to United States District Court, Northern District of California Civil Local Rule 5-1(i)(3), that concurrence in the filing of this document has been obtained from the other Signatories hereto.

By:     */s/ R. Alexander Saveri*
                R. Alexander Saveri