United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>ALL INDIRECT PURCHASER ACTIONS | MDL No. 1917<br><br>Case No. 07-cv-5944 JST<br><br>**ORDER GRANTING MOTION TO VACATE 2010 STIPULATION AND ORDER; GRANTING MOTION FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL FOR INDIRECT PURCHASER OMITTED REPEALER STATE SUBCLASS; AND GRANTING MOTION FOR APPOINTMENT OF CO-LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS WITH CLAIMS IN NON-REPEALER STATES**<br><br>ECF Nos. 5449, 5451, 5469 |

Good cause appearing, and for the reasons stated on the record on June 6, 2019, the Motion to Vacate or Clarify the 2010 Stipulation and Order, ECF No. 5469, is GRANTED. The 2010 Stipulated Order, ECF No. 799, is vacated except with respect to Paragraph 5.a. to the extent that paragraph permits the Indirect Purchaser Plaintiffs to file a Third Consolidated Amended Complaint naming "plaintiffs in . . . Maine claiming injury under . . . Maine law," *id.*

Good cause appearing, and for the reasons – and notwithstanding the concerns – stated on the record on June 6, 2019, the Motion for Appointment of Interim Co-Lead Class Counsel for Indirect Purchaser Omitted Repealer State Classes, ECF No. 5451, is GRANTED as to the states of Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah ("ORS Subclass"). At the June 6 hearing, the Court expressed concerns regarding the ability of the existing class representatives to adequately represent states in which they

suffered no injury.  Those concerns were misplaced.  The question of class representative adequacy must await a motion for class certification.  To the extent the issue is framed as one of standing, the Court exercises its discretion to address that issue at certification as well.  *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1068-74 (N.D. Cal. 2015).  In granting this motion, the Court expresses no opinion about the viability of the claims of the ORS Subclass, any of its constituent parts, or any individual subclass member.

The Motion of Cooper & Kirkham, P.C., for Appointment as Lead Counsel for Indirect Purchaser Plaintiffs with Claims in Non-Repealer States, ECF No. 5449, is GRANTED as to the states of Alabama, Alaska, Colorado, Connecticut, Delaware, Georgia, Idaho, Illinois, Indiana, Kentucky, Louisiana, Maryland, New Jersey, Ohio, Oklahoma, Pennsylvania, Texas, Virginia, Washington, and Wyoming ("NRS Subclass").  The Court's previously-expressed concerns about a potential conflict are no longer present because Ms. Kirkham no longer represents a repealer state plaintiff.  *See* ECF No. 5513.  She represents only Eleanor Lewis, a resident of Ohio.  Also, for the same reasons that counsel for the ORS Subclass need not identify a class representative for each state now, *supra*, Ms. Kirkham need not identify a class representative for each non-repealer state.  The Court's conclusion in this regard is further strengthened by the fact that the NRS Subclass' claims arise only under the Clayton Act, and not under any of the individual states' laws.  In granting this motion, the Court expresses no opinion about the viability of the claims of the NRS Subclass, any of its constituent parts, or any individual subclass member.

Except as otherwise noted, the transcript of the June 6, 2019 hearing serves as the record of the Court's reasons for the foregoing orders.  *See* ECF No. 5499 at 8:15-18.

**IT IS SO ORDERED.**

Dated:  July 3, 2019

_____
JON S. TIGAR
United States District Judge

2