MARIO N. ALIOTO (SBN 56433)
JOSEPH M. PATANE (SBN 72202)
LAUREN C. CAPURRO (SBN 241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
Email: malioto@tatp.com; jpatane@tatp.com;
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*ALL INDIRECT PURCHASER ACTIONS* | **INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SET TRIAL DATE**<br><br>Date:  August 8, 2019<br>Time:  2:00 p.m.<br>Judge:  Honorable Jon S. Tigar<br>Courtroom:  9 |

**NOTICE OF MOTION AND MOTION**

To all parties and their attorneys of record:

PLEASE TAKE NOTICE THAT on August 8, 2019 at 2:00 p.m. or as soon thereafter as this matter may be heard before the Honorable Jon S. Tigar, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom 9, 19th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Indirect Purchaser Plaintiffs representing the 22 certified state classes ("IPPs"), by and through their Class Counsel, will move the Court for an Order setting a trial date in accordance with the pretrial schedule set forth herein.

This Motion is based upon this Notice of Motion, Memorandum in support of the Motion, and other materials in the record, argument of counsel, and such other matters as the Court may consider.

**STATEMENT OF THE ISSUE**

Whether a trial date in the IPPs' action should be set for March 16, 2020, pursuant to the schedule of pretrial proceedings set forth herein, to prevent unfair delay in the IPP action.

**MEMORANDUM IN SUPPORT OF IPPS' MOTION TO SET TRIAL DATE**

**I.     INTRODUCTION**

Indirect Purchaser Plaintiffs representing the 22 certified state classes ("IPPs") respectfully request that the Court set a trial date of March 16, 2020 for the trial of their claims against the Philips, Panasonic, Hitachi, Toshiba, Samsung SDI and Thomson/TDA Defendants (the "Defendants"). The IPP cases against these Defendants have been pending for almost twelve years. The claims go back to 1995—more than 24 years. The time for a final resolution of these claims has come—indeed, it is long past.

While IPPs are committed to the mediation before Magistrate Judge Jacqueline Scott Corley, and believe those efforts should continue, IPPs do not want to lose more time in the event the mediation is unsuccessful. If the mediation is successful and a revised settlement is reached, the Court can vacate the schedule. If the mediation is unsuccessful, however, setting a

pretrial schedule and trial date now will ensure that the IPPs' case is moving expeditiously toward trial and a final determination on the merits.

The existence of potential claims (not yet fashioned or identified) by indirect purchasers in new states represented by separate counsel (the "New States") should not slow-down the resolution of IPPs' claims that have been pending for many years and are well-advanced in their readiness for resolution. The scope of the claims that may be advanced for purchasers in the New States, and which of those claims may survive, is not yet clear. What is clear is that no pleading has yet been filed on behalf of the New States, and once a pleading *is* filed, it will take many months of litigation before the New States' claims are at issue. Assuming the claims survive, it will then take many additional months to conduct discovery and litigate class certification before the New States can even begin preparing for trial. In contrast, the IPPs had substantially completed most of the required pretrial work before they presented the initial settlements to the Court four years ago.[1]

In short, IPPs and class members in the 22 certified classes would be prejudiced if a trial of their claims were substantially delayed waiting for the New States to catch up. For example, witnesses may become unavailable, memories may fade, or Defendants' financial situation may change. Indeed, some of these things have already occurred. Thus, if the mediation is unsuccessful, IPPs should be allowed to proceed to trial as quickly as possible. IPPs also believe that entering their proposed schedule may help focus the mediation and encourage a resolution. IPPs respectfully request that the Court grant their motion and enter their proposed order setting a pretrial schedule and trial date.

## II. RELEVANT FACTUAL BACKGROUND

The IPPs' cases have been pending in this Court since November 2007. After over seven years of intense litigation, IPPs were scheduled to go to trial in early March 2015. The Court

---

[1] The IPPs and Defendants will need to revive and update the pending summary judgment motions and in limine motions, and re-start trial preparations, including finishing jury instructions and verdict forms, finalizing a pre-trial order and commencing trial.

vacated the trial date approximately one month before the scheduled trial date, so much of the trial preparation has been completed.[2] In the pretrial proceedings leading up to the trial date, IPPs fully briefed 11 motions for summary judgment and 67 motions in limine; exchanged trial exhibits, deposition designations, and witness lists; negotiated jury instructions; prepared a pretrial statement; and conducted several mock jury trials. While in the final stages of trial preparation, IPPs completed settlement agreements with the remaining Defendants in April and May of 2015.

In July 2016, the Court granted final approval of IPPs' settlements. Objectors appealed. Following oral argument in the Ninth Circuit in April 2018 and months of negotiations between the parties and Objectors, the Ninth Circuit remanded the settlements to this Court for reconsideration. At the April 9, 2019 Case Management Conference ("CMC"), this Court ordered the parties and Objectors to file a proposed schedule for class certification and trial, which they did.[3] ECF Nos. 5452, 5453, 5454. The Court also referred the parties and Objectors to mediation before Magistrate Judge Corley. ECF No. 5427.

In a further scheduling order on April 25, 2019, the Court set a schedule for Objectors' lead counsel motions and the motion to vacate the 2010 stipulated order, but declined to set further deadlines at that time. ECF No. 5459. The Court stated that it "must first determine who will represent the New States and a pleading must be filed on behalf of those plaintiffs." *Id.* at 2. Objectors filed a motion to represent nine "repealer" states, and Cooper & Kirkham, P.C. filed a motion to represent 20 "non-repealer" states. On July 3, 2019, the Court granted Objectors'

---

[2] The Court vacated the March 9, 2015 trial date on February 9, 2015 because that date was no longer feasible based on the Court's review of the pending motions. ECF No. 3515.

[3] Pursuant to the Court's order at the CMC, IPPs and Defendants proposed an August 24, 2020 trial date and corresponding pretrial dates that included the New States. *See* ECF No. 5452. That proposed schedule assumed, however, that the New States would file a new complaint on July 1, 2019. That date has now passed and there is no indication of when a pleading may be filed. In addition, Objectors have since indicated they intend to move to amend an existing complaint (*see* ECF No. 5453 at 2), and Defendants take the position that they must first move to intervene. These motions will take many more months than were accounted for in the previously-proposed schedule. Therefore, IPPs now believe (as further explained below) that the New States and the IPP cases should proceed on separate tracks.

1  motion to represent the nine states and C&K's motion to represent the non-repealer states. ECF
2  No. 5518.
3        As indicated, Defendants contend that Objectors must move to intervene before they may
4  file or amend a pleading because they are not currently parties to the litigation.  Defendants also
5  dispute whether Objectors should be permitted to amend IPPs' Fourth Consolidated Class Action
6  Complaint at all.  While IPPs believe that Objectors should be joined and the validity of their
7  claims litigated as expeditiously as possible, it is now apparent that putting any new claims at
8  issue will take many months.  The IPPs' shorter path to trial should proceed on a separate track
9  from the much longer path faced by Objectors and the New States.  The IPP claims should not be
10 put on further "hold" awaiting the development of unknown, potential claims by indirect
11 purchasers in the New States.

**III.  PROPOSED SCHEDULE**

IPPs propose the following pretrial schedule:

| DATE | DESCRIPTION |
|---|---|
| Ongoing | Mediation before Magistrate Judge Jacqueline Scott Corley. |
| September 6, 2019 | Last day to renew dispositive motions. |
| October 18, 2019 | Last day to file oppositions to dispositive motions. |
| November 15, 2019 | Last day to file replies in support of dispositive motions. |
| November 15, 2019 | IPPs serve list of exhibits, deposition designations, and witnesses. |
| December 12, 2019 | Hearing on dispositive motions. |
| December 13, 2019 | Defendants serve list of exhibits, deposition designations, and witnesses; and counter-designations and objections to IPPs' list of exhibits, deposition designations, and witnesses. |
| January 6, 2020 | First simultaneous exchange of jury instructions and special verdict forms. |
| January 10, 2020 | IPPs serve counter-designations and objections to Defendants' list of exhibits, deposition designations, and witnesses. |

| | |
|---|---|
| January 17, 2020 | Last day to renew motions in limine and other non-dispositive pretrial motions. |
| January 24, 2020 | Second simultaneous exchange of jury instructions and special verdict forms. |
| January 31, 2020 | Last day to file oppositions to motions in limine and other non-dispositive pretrial motions. |
| February 7, 2020 | Defendants serve objections to IPPs' counter-designations. |
| February 14, 2020 | Last day for parties to file replies in support of motions in limine and other non-dispositive motions. |
| February 14, 2020 | Last day to meet and confer re pretrial order. |
| February 21, 2020 | Last day for parties to exchange final proposed exhibits and witness lists; file pretrial order, agreed set of jury instructions, and verdict forms. |
| February 27, 2020 | Hearing on motions in limine and other non-dispositive pretrial motions, and final pretrial conference. |
| March 16, 2020 | Trial |

## IV. DISCUSSION

IPPs request that the Court set March 16, 2020 (or as soon thereafter as the Court's schedule allows) as the starting date for the IPPs' trial, and allow the IPPs' claims to proceed separately from any claims on behalf of indirect purchasers in the New States. Setting a firm trial date is the most effective and efficient method to move the cases forward. If the parties reach an amended settlement, the Court can vacate the trial date; if the parties are unable to reach an amended settlement, no additional time will have been lost and the IPP case will be moving towards trial.

Despite IPPs' commitment to resolving this matter and bringing the settlement negotiations to a conclusion, the mediation is moving slowly, due in part to the procedural posture of the New States' claims and the absence of case deadlines. Regardless of whether the New State claims proceed through intervention and amendment to an existing complaint or a

new complaint, the initial stages of the "new" litigation will take many months: the New States will need to defend against Rule 12(b) motions (with further time needed if any dismissal permits leave to amend). The New States also will need to perform discovery and significant expert work and briefing to get their classes certified. IPPs estimate that getting the claims on behalf of the New States past class certification could take 18 months or more.[4]

Requiring class members in the 22 certified states to wait indefinitely for the New States to file pleadings, litigate pleading motions, complete class discovery, litigate class certification motions (and potential appeals), and get up to speed for a trial will mean that the IPP claims will likely face a delay of years.

Under Rule 42(b), the Court has authority to hold separate trials of claims or issues "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Prejudice to the parties, confusion to the jury, and relative convenience and economy may be grounds for ordering separate trials. *M2 Software, Inc., a Delaware corporation v. Madacy Entm't, a corporation*, 421 F.3d 1073, 1088 (9th Cir. 2005). Only one of the Rule 42(b) criteria need be met. *Id.*

Here, the IPPs' cases were trial-ready when the scheduled trial was vacated in 2015 and are close to trial-ready now. IPPs and Defendants have already completed discovery, filed dispositive motions, exchanged expert reports, trial exhibits, deposition and witness lists, negotiated jury instructions, and filed motions in limine. The parties can readily renew, revive and update these motions as necessary. By contrast, the New State cases are at a nascent stage of the litigation and will need an entirely different schedule. An all-encompassing, consolidated trial cannot be reasonably held without subjecting IPPs' cases to significant, prejudicial delay. *See In re Ampicillin Antitrust Litig.*, 88 F.R.D. 174, 178 (D.D.C. 1980) (ordering separate trials

---

[4] It may take as much as three months for the New States to resolve a motion to intervene, another three months for a motion to amend the complaint, and (assuming that motion is granted) another 30 days after that for Objectors to file an amended complaint. Defendants may then file Rule 12(b) motions to dismiss, requiring at least another three months of litigation, with additional time if the Court grants any part of the motions with leave to amend. After that, class certification and related discovery will take at least another six to nine months.

where the civil and government antitrust cases had different levels of trial readiness and where considerably more time would be required to complete discovery in the government's case); *see generally In re Plastics Additives Antitrust Litig.*, No. 03-CV-2038, 2006 WL 6172033, at *2–3 (E.D. Pa. Dec. 20, 2006) (suggesting that district courts have broad authority to certify subclasses, treat each as a separate class, and try the classes separately or jointly).

In addition, separate trials of the 22 states and the New States are not likely to consume substantially more judicial resources than a single trial for all classes.  If IPPs prevail in their cases, a verdict on the existence of a conspiracy, overcharges on CRTs, pass-through of overcharges to IPPs and any defensive issues submitted to the jury could reduce the scope of any subsequent trials for the New States.  *See Sec. & Exch. Comm'n v. Alexander,* 115 F. Supp. 3d 1071, 1081 (N.D. Cal. 2015) (applying offensive nonmutual collateral estoppel and holding that Defendants' prior criminal convictions by jury verdict for securities fraud preclude defendants from relitigating their liability in the civil action); *GAF Corp. v. Eastman Kodak Co.,* 519 F. Supp. 1203, 1211 (S.D.N.Y. 1981) (holding that offensive collateral estoppel effect may be given to a prior private antitrust action in a subsequent private antitrust suit).

Indeed, the Court previously ordered separate trials for the direct purchaser class, Sharp, and Sears/Kmart cases, notwithstanding that those cases involved proving the same conspiracy. *See* ECF No. 4628 (May 4, 2016 Order Setting Trial Schedule).  Similarly, in the *LCD* antitrust litigation, Judge Illston ordered separate trials for the direct purchaser class cases and the opt-out cases.  *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, Order re Pretrial and Trial Schedule (ECF No. 2165, Nov. 23, 2010).

Moreover, a certain trial date will not impair the mediation process—to the contrary, it may focus settlement discussions.  Similar to 2015 when the parties reached settlements, settlement negotiations can take place while the parties prepare for trial.  In the meantime, the parties' pretrial submissions and dispositive motions will provide the parties and the Court with information on the strengths and weaknesses of the class claims and defenses and the settlement value of the cases, thereby potentially enhancing the prospects of a settlement.

7

INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SET TRIAL DATE
Master File No. 07-cv-5944-JST; MDL No. 1917

Finally, to facilitate a potential global settlement and in the interest of judicial efficiency, IPPs suggest that the Court set an expedited schedule in the New State cases whereby intervention and pleading motions are addressed as quickly as possible.

**V.   CONCLUSION**

On the basis of the foregoing arguments, IPPs request that the Court set a trial date in the IPP action for March 16, 2020 and adopt IPPs' proposed schedule.

Dated:  July 3, 2019                                  Respectfully submitted,

 /s/ Mario N. Alioto
Mario N. Alioto (56433)
malioto@tatp.com
Joseph M. Patane (72202)
jpatane@tatp.com
Lauren C. Capurro (241151)
laurenrussell@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415-346-0679

*Lead Counsel for Indirect Purchaser Plaintiffs*