Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 788-7210
Facsimile: (415) 788-0706
Email: fos@scarpullalaw.com
       pbc@scarpullalaw.com

*Interim Co-Lead Counsel for Omitted Repealer State Indirect-Purchaser Plaintiffs*

Robert Bonsignore appearing *pro hac vice*
Bonsignore Trial Lawyers, PLLC
23 Forest Street
Medford, MA 02155
Office Phone: (781) 350-0000
Cell Phone: (781) 856-7650
Facsimile: (702) 852-5726
Email: rbonsignore@classactions.us

*Interim Co-Lead Counsel for Omitted Repealer State Indirect-Purchaser Plaintiffs*

Theresa D. Moore (99978)
Law Offices Of Theresa D. Moore
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 613-1414
Email: tmoore@aliotolaw.com

*Interim Co-Lead Counsel for Omitted Repealer State Indirect-Purchaser Plaintiffs*

Tracy R. Kirkham (69912)
John D. Bogdanov (215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
Email: trk@coopkirk.com
       jdb@coopkirk.com

*Interim Lead Counsel for Non-Repealer State Indirect-Purchaser Plaintiffs*

[ADDITIONAL COUNSEL ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect-Purchaser Actions | **RESPONSE TO INDIRECT-PURCHASER PLAINTIFFS' MOTION TO SET TRIAL DATE**<br><br>Hearing Date: August 8, 2019<br>Time:         2:00 p.m.<br>Courtroom:  9, 19th Floor<br>Judge:        The Honorable Jon S. Tigar |

I

INTRODUCTION

The Indirect-Purchaser Plaintiffs ("IPPs") filed a motion (Doc. 5519) requesting this Court to try this case twice – once, on March 16, 2020, for the 22 previously-certified, so-called "Repealer States" ("RS", which includes the District of Columbia), followed by a second, and virtually identical, trial for the 9 Omitted Repealer States ("ORS") plus the 20 Non-Repealer States ("NRS"), at some future date after March, 2020.

II

THE TWO-TRIAL PROPOSAL IS INEFFICIENT

While the ORS and NRS agree that scheduling a trial date encourages settlements, they do not support IPPs' two-trial scenario. Should this Court schedule a trial, all indirect-purchaser plaintiffs should be included – not just those in 22 states.

IPPs' suggestion (which is premised on their erroneous assumption that there are two or three separate class cases) would require this Court to: (1) hear two sets of dispositive motions on different days; (2) hear two separate groups of *in limine* motions; (3) conduct two final trial conferences; and (4) sit through two separate, but virtually identical, jury trials in terms of the liability evidence, pass-on, and class-wide damages evidence. Further, regardless of the outcome of the first RS trial, this Court would likely be faced with additional motions raising questions of *res judicata* and/or collateral estoppel.

Common sense dictates against such a result.

Statutory law confirms what common sense dictates. While Rule 42(b), Federal Rules of Civil Procedure, gives the Court discretion to order "separate trials of one or more separate issues, claims, crossclaims, counterclaims or third party claims," such separate proceedings must be "for convenience, to avoid prejudice, or to expedite and economize." IPPs' two-trial proposal for two separate but identical trials does not achieve the economies contemplated by Rule 42(a).

It is difficult to discern the motivation behind this two-trial proposal. It could be as simple as a desire by Lead IPP Counsel not to have to work with ORS or NRS Interim Co-Lead Counsel

in preparing for and trying this case, or part of a strategy to continue Lead IPP Counsel's attempts to preserve flawed settlements – which both the Ninth Circuit (Ninth Cir. Case No. 16-16373, Dkt. 252 at 12) and this Court (Reporter's Tr., June 6, 2019, p. 55:3-5) recognize must be vacated – by pushing the ORS' and NRS' claims off to one side.  Whatever this motion seeks to achieve, the simple fact remains – this is one, unitary, indirect-purchaser class action, which requires a united effort by all plaintiffs to either settle all claims or have a single, plenary jury trial.

At the April 9, 2019 Case Management Conference, this Court informed the parties that if mediation fails, the entire case would go to trial – not just the 22 previously-certified RS, on their own; not just the 9 ORS, on their own; and not just the 20 NRS on their own.  *See* Tr. of Proceedings, April 9, 2019, p. 33:20-21 ("The Court: No.  The whole case is going to go to trial.").  Therefore, IPPs' suggestion that if mediation fails there will be a 22-state trial, then a nine-state ORS trial along with the 20-state NRS trial, makes no sense whatsoever because there will be only one trial for all indirect-purchaser plaintiffs.

### III

### IPPS' AUTHORITIES ARE INAPPOSITE.

*M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073 (9th Cir. 2005), cited by IPPs, involved a bifurcation of issues in a single case, not two identical cases tried separately.  In *In re Ampicillin Antitrust Litig.*, 88 F.R.D. 174 (D.D.C. 1980), there were insufficient common questions for consolidation under 42(a) and therefore there were separate trials.  In *LCD*, the pass-on issues in the indirect-purchaser class action rendered a single trial of both direct-purchasers and indirect-purchasers confusing for the jury and necessitated two trials to avoid such a problem.  *See* Order re Pretrial and Trial Schedule, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, Case No. M-07-1827, Doc. 2165 (N.D. Cal. Nov. 23, 2010).  None of these issues is present here, which would render two trials reasonable.

///

///

///

2

RESPONSE TO IPPs' MOTION TO SET TRIAL DATE

Case No. 3:07-cv-5944, MDL No. 1917

IV

CONCLUSION

For all of these reasons, ORS and NRS respectfully suggest that this case be tried only once and that the IPPs' motion for a separate trial be denied.

Dated: July 17, 2019                    Respectfully submitted,

   /s/  Francis O. Scarpulla
       Francis O. Scarpulla

Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: 415-788-7210
Facsimile:  415-788-0706
fos@scarpullalaw.com
pbc@scarpullalaw.com

*Interim Co-Lead Counsel for Omitted Repealer State Indirect-Purchaser Plaintiffs*

John G. Crabtree, *appearing pro hac vice*
Brian Tackenberg, *appearing pro hac vice*
Crabtree & Auslander
240 Crandon Boulevard, Suite 101
Key Biscayne, FL 33149
Telephone:  (305) 361-3770
Facsimile:  (305) 437-8188
jcrabtree@crabtreelaw.com
btackenberg@crabtreelaw.com

Brian M. Torres, *appearing pro hac vice*
Brian M. Torres, P.A.
One S.E. Third Avenue, Suite 3000
Miami, FL  33131
Telephone:  (305) 901-5858
Facsimile:   (303) 901-5874
Email: btorres@briantorres.legal

*Co-Counsel to Francis O. Scarpulla, Esq.*

-and-

///

///

3

RESPONSE TO IPPs' MOTION TO SET TRIAL DATE

Case No. 3:07-cv-5944, MDL No. 1917

| | |
|---|---|
| 1 | |
| 2 | /s/ Theresa D. Moore<br>Theresa D. Moore |
| 3 | Theresa D. Moore (99978)<br>Law Offices Of Theresa D. Moore |
| 4 | One Sansome Street, 35th Floor<br>San Francisco, CA 94104 |
| 5 | Telephone: (415) 613-1414<br>tmoore@aliotolaw.com |
| 6 | |
| 7 | *Interim Co-Lead Counsel for Omitted Repealer State Indirect-Purchaser Plaintiffs* |
| 8 | Christopher A. Nedeau<br>The Nedeau Law Firm |
| 9 | 154 Baker Street<br>San Francisco, CA  94117-2111 |
| 10 | Telephone:  (415) 516-4010<br>Email:  cnedeau@nedeaulaw.net |
| 11 | |
| 12 | *Co-Counsel to Theresa D. Moore, Esq.* |
| 13 | -and- |
| 14 | /s/ Robert J. Bonsignore<br>Robert Bonsignore |
| 15 | Robert Bonsignore (appearing *pro hac vice*)<br>Lisa A. Sleboda (appearing *pro hac vice*) |
| 16 | Kelley Fahy<br>Bonsignore Trial Lawyers, PLLC |
| 17 | 23 Forest Street<br>Medford, MA  02155 |
| 18 | Office Phone: (781) 350-0000<br>Cell Phone: (781) 856-7650 |
| 19 | Facsimile: (702) 852-5726<br>Email: rbonsignore@classactions.us |
| 20 | Email: lsleboda@class-actions.us<br>Email: kfahy@classactions.us |
| 21 | |
| 22 | *Interim Co-Lead Counsel for Omitted Repealer State Indirect-Purchaser Plaintiffs* |
| 23 | -and- |
| 24 | /// |
| 25 | /// |
| 26 | /// |
| 27 | |
| 28 | |

4

RESPONSE TO IPPs' MOTION TO SET TRIAL DATE

Case No. 3:07-cv-5944, MDL No. 1917

|   |   |
|---|---|
| 1 | /s/ Tracy R. Kirkham |
|   | Tracy R. Kirkham |
| 2 |   |
| 3 | Tracy R. Kirkham (69912) |
|   | John D. Bogdanov (215830) |
|   | COOPER & KIRKHAM, P.C. |
| 4 | 357 Tehama Street, Second Floor |
|   | San Francisco, CA 94103 |
| 5 | Telephone: (415) 788-3030 |
|   | Facsimile: (415) 882-7040 |
| 6 | Email: trk@coopkirk.com |
|   |        jdb@coopkirk.com |

*Interim Lead Counsel for Non-Repealer State Indirect-Purchaser Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing RESPONSE TO INDIRECT-PURCHASER PLAINTIFFS' MOTION TO SET TRIAL DATE was filed *via* CM/ECF on July 17, 2019, and as a result has been served on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

                                              /s/ Francis O. Scarpulla
                                              Francis O. Scarpulla