Robert Bonsignore
Bonsignore Trial Lawyers, PLLC
3771 Meadowcrest Drive
Las Vegas, NV 89121
Office Phone: (781) 350-0000
Cell Phone: (781) 856-7650
Facsimile: (702) 852-5726
Email: rbonsignore@classactions.us

Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 788-7210
Facsimile:   (415) 788-0706
Email: fos@scarpullalaw.com
          pbc@scarpullalaw.com

Theresa D. Moore (99978)
Law Offices of Theresa D. Moore
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 613-1414
tmoore@aliotolaw.com

*Interim Co-Lead Counsel for Omitted
Repealer State Indirect-Purchaser Plaintiffs*

[ADDITIONAL COUNSEL LISTED ON
SIGNATURE PAGE]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944-JST |
| | MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect-Purchaser Actions | **NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE ORDERS AND JUDGMENT CERTIFYING SETTLEMENT CLASS, APPROVING SETTLEMENT AND AWARDING ATTORNEYS' FEES (DKT. 4712, 4717, 4740)**<br><br>Hearing Date: August 22, 2019<br>Time:            2:00 p.m.<br>Courtroom:   9, 19th Floor<br>Judge:          Hon. Jon S. Tigar |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS:

PLEASE TAKE NOTICE that on August 22, 2019, at 2:00 p.m., before the Honorable Judge Jon S. Tigar, United States District Court for the Northern District of California, 450 Golden Gate Ave., Courtroom 9, 19th Floor, San Francisco, California, Interim Co-Lead Counsel for Omitted Repealer State Indirect-Purchaser Plaintiffs, by and through undersigned counsel), will and hereby do move, pursuant to Federal Rule of Civil Procedure 60(b) and this Court's inherent authority, for an order vacating the Order and the Judgment Granting Final Approval of Indirect Purchaser Settlements (Dkt. 4712, 4717) and the Order on Attorneys' Fees, Expenses, and Incentive Awards Re: Indirect Purchaser Plaintiff Settlements (Dkt. 4740).

The motion is based on this notice, the accompanying memorandum of points and authorities in support of the motion, all other pleadings and papers filed in this action, and such additional evidence or argument that may be presented at the hearing.

NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE ORDERS AND JUDGMENT CERTIFYING SETTLEMENT CLASS, APPROVING SETTLEMENT, AND AWARDING ATTORNEYS' FEES (DKT. 4712, 4717, 4740)
Case No. 3:07-cv-5944, MDL No. 1917

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................... 1

II.   FACTUAL BACKGROUND ................................................................. 3

III.  ARGUMENT ......................................................................................... 7

    A.   This Court's Finding that Approval of the Settlement
    Was in Error Mandates Vacation. ...................................................... 7

    B.   Reconsideration and Vacation of Settlement Class Certification
    Is Similarly Required. ........................................................................ 8

    C.   Vacation of the Attorneys' Fee Order Is Required. ......................... 10

IV.   CONCLUSION .................................................................................... 11

i

# TABLE OF AUTHORITIES

**Cases**                                                                        **Page(s)**

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) .................................................. 8, 9

*Daniels v. Aeropostale West Inc.*,
   No. 12-05755-WHA, 2014 WL 2215708 (N.D. Cal. May 29, 2014) ......................... 8

*Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170 (3d Cir. 2012) ........................ 9

*General Tel. Co. of S.W. v. Falcon*, 457 U.S. 147 (1982) ........................................ 9

*Her v. Regions Fin. Corp.*, 2007 WL 2806558 (W.D. Ark. Sept. 25, 2007) .................. 10

*In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,
   55 F.3d 768 (3d Cir.), *cert. denied*, 516 U.S. 824 (1995) .............................. 11

*In re Joint Eastern & Southern District Asbestos Litig.*,
   982 F.2d 721 (2d Cir.1992), *opinion modified on other grounds on reh'g*,
   993 F.2d 7 (2d Cir. 1993).............................................................. 9

*In re Motor Fuel Temperature Sales Practices Litig.*, 271 F.R.D. 263 (D. Kan. 2010)......... 10

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
   827 F.3d 223 (2d Cir. 2016), *cert. denied sub nom.*
   *Photos Etc. Corp. v. Home Depot U.S.A., Inc.*, 137 S. Ct. 1374 (2017)............... 8

*Lightbourne v. Printroom Inc.*, 307 F.R.D. 593 (C.D. Cal. 2015),
   *appeal dismissed*, No. 15-56392 (9th Cir. Feb. 10, 2016) ........................... 9

*Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988) ........................ 7

*Mitchell v. City of Pittsburg*,
   No. C 09-00794 SI, 2011 WL 3877081 (N.D. Cal. Sept. 2, 2011)....................... 7

*Molski v. Gleich*, 318 F.3d 937 (9th Cir.2003),
   *overruled on other grounds by Dukes v. Wal-Mart Stores, Inc.*,
   603 F.3d 571 (9th Cir. 2010) ....................................................... 8, 9

*Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999) ......................................... 9, 10

*Radcliffe v. Experian Info. Solutions Inc.*, 715 F.3d 1157 (9th Cir. 2013) ............... 9, 10

*Reynolds v. Beneficial Nat'l. Bank*, 288 F.3d 277 (7th Cir. 2002) ......................... 8

*Yoshioka v. Charles Swab Corp.*,
   No. 11-1625-EMC, 2011 WL 6748984 (N.D. Cal. Dec. 22, 2011)......................... 8

ii

NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE
ORDERS AND JUDGMENT CERTIFYING SETTLEMENT CLASS, APPROVING SETTLEMENTS, AND
AWARDING ATTORNEYS' FEES (DKT. 4712, 4717, 4740)
Case No. 3:07-cv-5944, MDL No. 1917

1

**Rules**

2

Fed. R. Civ. P. 23(a)(4)...................................................................................8

3

Fed. R. Civ. P. 23(e) ...................................................................................7, 8

4

Fed. R. Civ. P. 60(b)(6)...................................................................................7

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE
ORDERS AND JUDGMENT CERTIFYING SETTLEMENT CLASS, APPROVING SETTLEMENTS, AND
AWARDING ATTORNEYS' FEES (DKT. 4712, 4717, 4740)
Case No. 3:07-cv-5944, MDL No. 1917

## I.   INTRODUCTION

At the June 6, 2019 hearing, this Court made it clear that it was inclined to vacate the settlements at issue in this case in accordance with the Ninth Circuit's February 12, 2019 remand order (the "Remand Order"), but felt constrained to do so at that time because:  "… the question of whether to vacate the prior settlement isn't presently before me.  It's not before me today." Reporter's Transcript of Proceedings on June 6, 2019, 55:3-5 ("R. Tr. [page(s)]:[line(s)]"). Therefore, in accordance with the Ninth Circuit's Remand Order, Interim Co-Lead Counsel for the Omitted Repealer States ("ORS") move this Court to vacate the Order and the Judgment Granting Final Approval of Indirect Purchaser Settlements (Dkt. 4712, 4717) as well as the Order on Attorneys' Fees, Expenses, and Incentive Awards Re: Indirect Purchaser Plaintiff Settlements (Dkt. 4740) (collectively, the "Orders").[1]

Prior to the issuance of the Ninth Circuit's Remand Order, this Court – asserting the benefit of hindsight gained during the appellate proceedings – concluded that it had erred in entering the Orders.  Dkt. 5362 ("Indicative Ruling Order").  In its Indicative Ruling Order, the Court cited to IPP counsels' defense (at the appellate oral argument) of its release of the ORS class members' claims for nothing as a necessary trade-off to obtain compensation for the other 22 repealer state class members, including the District of Columbia (the "Included Repealer States).  That paradigmatic example of a conflict of interest during the negotiation process required the appointment of separate counsel for the ORS.  The Court indicated that such facts also suggested an adjustment to the fees awarded to Lead IPP Counsel (defined below) might be appropriate.  In light of this Court's statements, the Ninth Circuit elected to remand the case to

---

[1] Indirect-Purchaser Plaintiffs' Class Counsel recently filed a request for a trial date, underscoring the need to vacate the Orders. *See* Dkt. 5519.  While the ORS class members look forward to participating in the alternative dispute resolution ordered by this Court with an eye toward a resolution of this action, they respectfully suggest that no complete settlement can be achieved unless the prior Orders are vacated.

1

allow the Court "to reconsider its order on class certification and settlement approval," while retaining responsibility for future appeals.  9th Cir. Case 16-16373 ("App. Dkt."), Dkt. 252 at 12.

This Court recently undertook a further exploration of the previously approved settlements and concluded that appointment of separate counsel to represent the ORS class members and the non-repealer state class members was necessary.  Further, the Court vacated a stipulation entered into by Lead IPP Counsel in 2010 during his representation of the ORS class members—a stipulation that Defendants, and even Lead IPP Counsel himself, had argued on appeal may limit the ability to include the ORS' damages claims in this case.  As a result of these findings, the ORS class members respectfully suggest that the Orders cannot stand and should be vacated.

This Motion is necessary to comply with the Ninth Circuit's direction that the Orders on settlement class certification and approval of those settlements be reconsidered by this Court.  At oral argument, the Ninth Circuit expressed its serious concerns regarding the representation of the ORS class members' interests in the litigation and negotiations that led to the settlements releasing their repealer state economic damages claims for nothing, while securing $577 million for other subclasses of repealer state class members.  Those concerns were well-founded, as reflected in this Court's subsequent actions.

The settlements at issue presents a textbook example of the deleterious effects of the absence of the due-process safeguards that Federal Rule of Civil Procedure 23(a)(4) mandates for certification of a settlement class.  Those due process failings in this case were twofold: (1) unaligned named representatives and (2) conflicted lead class counsel.  Lead IPP Counsel and the named plaintiffs were charged with zealously representing the ORS class members in the litigation and negotiation process, but such failings rendered their representation inadequate. The inclusion of the ORS class members in the certified nationwide settlement class and release – while omitting them from the state-law economic-damage subclasses receiving payment – violated Rule 23(a)(4).  The settlements themselves, which provided for a recovery to only a

subset of repealer state class members, also violated the requirement that a settlement be fair, reasonable and adequate.  Therefore, the unequal treatment of the ORS claims cannot properly stand.

Vacation of the Orders should be granted to allow for the resolution of this case – whether through pragmatic negotiation of completely new settlements or trial – in a manner that does not work an injustice to any subgroup of class members or disregard the rights of certain members solely to benefit others.  Due process requires no less.

## II.     FACTUAL BACKGROUND

This multidistrict litigation (the "MDL") arises from an alleged international conspiracy to fix the price of cathode ray tubes ("CRTs") worldwide from March 1, 1995 through November 25, 2007.  Various actions filed in federal courts throughout the country were consolidated in this Court as an MDL in February 2008, and Mario Alioto was appointed as Interim Lead Counsel ("Lead IPP Counsel") to represent all indirect-purchaser plaintiffs ("IPPs") of CRT-containing products in the United States.  In the course of that representation, Lead IPP Counsel negotiated eight settlement agreements releasing the claims of every IPP nationwide, including the nine ORS, in exchange for a settlement fund of approximately $577 million to be shared by a subgroup of those releasing consumers.

The claims released by the settlements fell into two broad categories:  repealer states, whose state laws allow for the recovery of monetary damages for antitrust violations ("Repealer States"), and non-repealer states ("Non-Repealer States"), whose state laws do not permit antitrust damages actions.  The settlements at issue deemed 21 states and the District of Columbia to be Repealer States and 29 states to be Non-Repealer States.

On July 7 and July 14, 2016, respectively, this Court entered a final order and a judgment certifying the nationwide settlement class requested by Lead IPP Counsel, granting final approval to settlements against six sets of Defendants (the "Settlements") and approving the allocation of an aggregate $577 million fund from the eight total settlements.[2]  Dkt. 4712 (Order), 4717 (Judgment) (collectively, the "Certification Order" or the "Final Approval Order"). Thereafter, on August 3, 2016, the Court issued its attorneys' fee order, awarding approximately $159 million in class counsel attorneys' fees.  Dkt. 4740 (the "Attorneys' Fee Order").  Thus, class members in nine states that allow for the recovery of economic damages for indirect-purchaser, end-user/consumer damages were represented by IPP Class Counsel, yet had their rights released in exchange for nothing.

In August 2016, various groups of objectors, including consumers from the ORS who whose rights were to be waived without compensation (the "ORS Objectors/Appellants"), appealed the Orders.  That appeal was fully briefed and argued before the Ninth Circuit on April 10, 2018.[3]  In support of their appeal, the ORS Objectors/Appellants presented the following facts:

1.    the ORS consumers held state law damage claims similar to the class members in the 22 other Included Repealer States (including the District of Columbia), which entitled them to an economic recovery;

2.    the named representatives for the certified nationwide settlement class were all consumers from Included Repealer States (the "Named Representatives");

3.    the Named Representatives for the nationwide settlement class secured an economic recovery for the release of their claims in the Settlements;

---

[2] Two settlement agreements with other Defendants whose funds were included in the allocation plan had previously received final approval from this Court on March 22, 2102 and April 18, 2014.  Dkt. 1105, 2542.

[3] Argument access at
https://www.ca9.uscourts.gov/media/view_video.php?pk_vid=0000013465.

4.     Lead IPP Counsel assigned zero value to the ORS consumers' state law damages claims in the litigation proceedings and the negotiation of the settlements;

5.     the ORS consumers did not receive representation of their state law damages claims in the negotiation of the settlement fund; and

6.     the ORS consumers ultimately were forced to release their claims for nothing, along with class members in the Non-Repealer States.

In addition to failing to pursue the ORS consumers' claims in the district court litigation and negotiation process, Lead IPP Counsel and the other IPP Class Counsel aggressively attacked the claims held by the ORS class members, all of whom they represented as part of the certified nationwide settlement class, during the course of the appeal proceedings.  *See* 9th Cir. Case No. 16-16368, Dkt. 93 (Answering Brief ("AB")) at 48 ("none of the absent class members in those three states had viable damages claims"); AB74 ("Massachusetts, Missouri and New Hampshire Claims Are Valueless") (emphasis in original); AB44 (they are "meritless").  Lead IPP Counsel has even taken the *Defendants'* position over that of his ORS, asserting that amendment to include them would be "highly prejudicial to [the Defendants]."  *See* AB80.

At oral argument, the Ninth Circuit explicitly stated its concern over the lack of representation given to the ORS consumers.

> JUDGE CLIFTON:  My problem now is that we've got a settlement teed up that purports to release – that does release claims on behalf of people from those states … without appearing to have any return to them and without appearing to have anybody at the table speaking for them.

Audio: 33:56–34:15 (Tr. 27:23-25; 28:1-11).

On October 1, 2018, after court-ordered alternative-dispute-resolution efforts failed, the IPP/Appellees filed a Motion for an Indicative Ruling with this Court, seeking an endorsement of a proposed adjustment to the allocation plan that would include the ORS class members but would treat them differently.  On November 8, 2018, the Court rejected that motion.  Dkt. 5362. In that Indicative Ruling Order, the Court stated that, with the benefit of hindsight, it had erred in

approving the Settlements and cited issues relating to both the fairness of the Settlements and the adequacy of counsel in the process leading up to Lead IPP Counsel's agreement to them.   The Court focused upon the Settlements' release of the ORS consumers' repealer-state damages claims for nothing and Lead IPP Counsel's concession at the Ninth Circuit oral argument that the release of those claims was a necessary component of obtaining compensation for the Included Repealer State class members.   The Court stated that "whether the issue is framed as one of conflict of interest or adequacy of counsel, it requires further exploration and potentially the appointment of separate counsel" as well as a possible "adjustment to the fees awarded to Lead Counsel." *Id*. at 2.

On February 13, 2019, the Ninth Circuit issued an order remanding the case to this Court "to reconsider its order on class certification and settlement approval." App. Dkt. 252 at 12.   In doing so, the Court of Appeals cited specifically to the Indicative Ruling Order and this Court's statement that it had erred in approving the Settlements. *Id.* at 10.   The Ninth Circuit further stated that the Court's finding that the Settlements should have provided a recovery to the ORS class members "necessarily affects … the adequacy of representation under Federal Rules of Civil Procedure 23(a)(4)" and "the attorneys' fees awarded to Lead Counsel." *Id.* at 10-11.

Subsequent to remand, in response to a motion by counsel for the ORS plaintiffs, on July 3, 2019, the Court appointed the undersigned as Interim Co-Lead ORS Counsel to represent a subclass comprised of the omitted repealer state class members.[4]  Dkt. 5518.  The Court also appointed counsel to represent a subclass of IPPs with claims in Non-Repealer States.  In addition, the Court vacated the 2010 stipulation entered into by Lead IPP Counsel, except to the extent that it permitted inclusion of named plaintiffs from Maine in the Third Consolidated Amended Complaint.

---

[4] The ORS subclass includes the states of Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah (the "ORS Subclass").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

At a hearing on June 6, 2019, the Court on four occasions indicated that it intended to vacate the prior settlements, but that the issue was not before the Court at the time.  R. Tr. 10:16-11:4; 11:17-24; 14:17-21; 55:3-6.

The present motion seeks to put that issue squarely before this Court – *i.e.*, the reconsideration ordered by the Ninth Circuit and the vacation of the Orders based upon the proceedings subsequent to their issuance in this Court, as well as for each of the reasons presented to the Ninth Circuit on appeal relating to class certification, final approval and attorneys' fees.

## III.    ARGUMENT

Pursuant to Federal Rule of Civil Procedure 60(b)(6), a district court may reconsider and vacate a judgment "whenever such action is appropriate to accomplish justice."  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64 (1988); *see also Mitchell v. City of Pittsburg*, No. C 09-00794 SI, 2011 WL 3877081, at *3 (N.D. Cal. Sept. 2, 2011).  There have been multiple rulings in this case subsequent to this Court's Orders that impact the certification of a settlement class and approval of the original settlements as fair, reasonable and adequate.  Under Rule 60, the Court should reconsider and vacate the Orders.

### A.    This Court's Finding that Approval of the Settlement Was in Error Mandates Vacation.

Under Federal Rule of Civil Procedure 23(e), any settlement of a class action lawsuit must be fair, reasonable and adequate.  Fed. R. Civ. P. 23(e).  For absent class members to be validly bound, a court must find that each of those prerequisites is met.  *Id.*

In its Indicative Ruling Order, the Court recognized that it had erred in approving the settlement here.  Specifically, the Court found that the settlement agreed to by Lead IPP Counsel and Defendants should have provided for a monetary recovery to the ORS class members for the release of their claims.  Dkt. 5362 at 1.  That finding was in line with dispositive law.

1

2    A settlement that releases the claims of class members without consideration or for lack

3 of value exchanged is unreasonable, unfair and inadequate.  *See Reynolds v. Beneficial Nat'l.*

4 *Bank*, 288 F.3d 277, 282-284 (7th Cir. 2002); *Yoshioka v. Charles Swab Corp.*, No. 11-1625-

5 EMC, 2011 WL 6748984, at *12 (N.D. Cal. Dec. 22, 2011) ("uncertain value of the settlement

6 ma[de] the release given in exchange therefore problematic" and final settlement approval

7 denied); *Daniels v. Aeropostale West Inc.*, No. 12-05755-WHA, 2014 WL 2215708, at *3 (N.D.

8 Cal. May 29, 2014) ("[n]o one should have to give a release and covenant not to sue in exchange

9 for [nothing]").

10    Because this Court has found that the standards under Rule 23(e) for approval of a

11 settlement are not present here, the Orders should be reconsidered and vacated.

12

13    **B.    Reconsideration and Vacation of Settlement Class Certification Is Similarly Required.**

14    The certification of the nationwide settlement class in the Final Approval Order cannot be

15 validly maintained, so the settlement agreements are incapable of final approval.  *See Molski v.*

16 *Gleich*, 318 F.3d 937, 956 (9th Cir.2003), *overruled on other grounds by Dukes v. Wal-Mart*

17 *Stores, Inc.*, 603 F.3d 571 (9th Cir. 2010); *In re Payment Card Interchange Fee & Merch. Disc.*

18 *Antitrust Litig.*, 827 F.3d 223, 231 (2d Cir. 2016), *cert. denied sub nom. Photos Etc. Corp. v.*

19 *Home Depot U.S.A., Inc.*, 137 S. Ct. 1374 (2017) ("Class actions and settlements that do not

20 comply with Rule 23(a)(4) and the Due Process Clause cannot be sustained.").  Substantive

21 settlement fairness under Fed. R. Civ. P. 23(e) is not a substitute for the adequacy of

22 representation during the litigation and negotiation process that is a prerequisite to certification

23 under Fed. R. Civ. P. 23(a)(4).  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 621-22 (1997).

24    As the Ninth Circuit observed in its Remand Order, this Court's recognition that the

25 negotiation of a settlement that failed to provide for any recovery to the ORS plaintiffs

26 "necessarily affects" the adequacy of representation under Federal Rule of Civil Procedure

27 23(a)(4).  As a prerequisite to certification, Rule 23(a)(4) requires a proposed class to be

adequately represented by both a named plaintiff who possesses aligned interests and incentives

and unconflicted class counsel who vigorously pursued the interests of the class members he or she represents.  *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 858 (1999) (the fact that the settlement may have overall benefits for all class members is not the "focus" in "the determination whether proposed classes are sufficiently cohesive to warrant adjudication") (citation omitted); *Radcliffe v. Experian Info. Solutions Inc.*, 715 F.3d 1157, 1168 (9th Cir. 2013); *see also General Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 161 (1982) ("rigorous analysis" by district court required before certifying proposed settlement class); *Amchem*, 521 U.S. at 622.

With respect to named plaintiffs, the lynchpin of adequacy is "the alignment of interests and incentives between the representative plaintiffs and the rest of the class."  *Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170, 183 (3d Cir. 2012); *see Radcliffe*, 715 F.3d at 1165.  Here, none of the Named Representatives in the settlement class held the state-law damages claims possessed by the ORS consumers.  Similarly, no class representatives included in the settlement class shared common interests with the class members from the ORS, and none protected their state law claims.  *See, e.g., Lightbourne v. Printroom Inc.*, 307 F.R.D. 593, 604 (C.D. Cal. 2015), *appeal dismissed*, No. 15-56392 (9th Cir. Feb. 10, 2016).  Thus, the unaligned and conflicted named representatives of the nationwide settlement class who agreed to release the claims of the ORS class members included in that nationwide class for nothing were inadequate.

In the absence of an adequate named representative, denial of certification of a settlement class that included the ORS consumers was mandated – regardless of the proffered (and now debunked) defense by Lead IPP Counsel that no claims existed.  *See Molski*, 318 F.3d at 956; *In re Joint Eastern & Southern District Asbestos Litig.*, 982 F.2d 721, 743 (2d Cir.1992) ("the adversity among subgroups requires that the members of each subgroup cannot be bound to a settlement except by consents given by those who understand that their role is to represent solely the members of their respective subgroups"), *opinion modified on other grounds on reh'g,* 993

1  F.2d 7 (2d Cir. 1993); *In re Motor Fuel Temperature Sales Practices Litig.*, 271 F.R.D. 263, 283,

2  296 (D. Kan. 2010).

3       In addition, counsel in a nationwide class action has a fiduciary duty to represent the

4  interests of all class members, including the unnamed plaintiffs in each state, whom counsel has

5  undertaken to represent.  *See Radcliffe*, 715 F.3d at 1167 (citation omitted).  Yet Lead IPP

6  Counsel, along with the other Class Counsel, have continually argued against the interests of the

7  ORS consumers, including in the appellate proceedings preceding the Remand Order.[5]

8       Adequate legal representation for class members requires their counsel not to take actions

9  that would prejudice their rights.  *See Her v. Regions Fin. Corp.*, No. 2:07-CV-2017-RTD, 2007

10  WL 2806558, at *2 (W.D. Ark. Sept. 25, 2007) (prior to class certification, lead counsel has duty

11  to protect substantive legal rights of putative class members from prejudice).  The statements

12  Lead IPP Counsel made on appeal foreclose the possibility that he satisfied those standards in

13  representing the nationwide settlement class certified in the Certification Order.  Heightened

14  scrutiny of a lawyer's representation of a proposed settlement class is necessary partly because

15  the lawyer stands to gain fees only through the successful resolution of a case – especially when

16  class action fees are as significant as they are here and the motivation to secure a settlement may

17  be fueled by that self-interest.  *See Ortiz*, 527 U.S. at 852.

18      **C.**    **Vacation of the Attorneys' Fee Order Is Required.**

19       Because certification of the settlement class and final approval of the settlement should

20  be reconsidered and vacated, so should the order awarding fees and costs.  *See, e.g.*, *Radcliffe v.*

21  *Experian Info. Sols. Inc.*, 715 F.3d 1157, 1167–68 (9th Cir. 2013) ("Because we reverse the

22  settlement, we must also reverse the awards of attorneys' fees and costs."); *In re Gen. Motors*

23

_____

24  [5] IPP counsel's recent request for a trial date was filed without their providing advance notice of
the request and without their making an attempt to meet and confer.  That request did not
25  take into account the needs of the ORS consumers to review the evidence and prepare for trial.
IPP Class Counsel refuses to provide counsel for the ORS any of the evidence it gathered during
26  discovery.  Even now, Lead IPP Counsel continues to act against the interests of the ORS.

27

1  *Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 784 (3d Cir.), *cert. denied*, 516

2  U.S. 824 (1995).

3  ### IV.    CONCLUSION

4  The ORS Plaintiffs respectfully ask the Court to vacate the orders and judgment

5  certifying a nationwide settlement class, approving the settlements, and awarding attorneys' fees

6  and for such other and further relief as this Court deems just.

7  Dated:  July 19, 2019                                   Respectfully submitted,

8

9  */s/   Robert J. Bonsignore*                          */s/  Francis. O. Scarpulla*
       Robert J. Bonsignore                              Francis O. Scarpulla

10  Robert J. Bonsignore, *admitted pro hac vice*        Francis O. Scarpulla (41059)
    Bonsignore Trial Lawyers, PLLC                       Patrick B. Clayton (240191)
11  3771 Meadowcrest Drive                               Law Offices of Francis O. Scarpulla
    Las Vegas, NV  89121                                 456 Montgomery Street, 17th Floor
12  Telephone:  (781) 856-7650                           San Francisco, CA 94104
    Facsimile:  (702) 852-5726                           Telephone: 415-788-7210
13  rbonsignore@classactions.us                          Facsimile:  415-788-0706
                                                         fos@scarpullalaw.com
14  *Interim Co-Lead Counsel for Omitted*                pbc@scarpullalaw.com
    *Repealer State Indirect-Purchaser Plaintiffs*
15                                                       *Interim Co-Lead Counsel for Omitted*
    Michael Noonan, *pending pro hac vice*               *Repealer State Indirect-Purchaser Plaintiffs*
16  William Shaheen, *pending pro hac vice*
    Christine Craig, *pending pro hac vice*              John G. Crabtree, *appearing pro hac vice*
17  Lucy Karl, *appearing pro hac vice*                  Brian Tackenberg, *appearing pro hac vice*
    Shaheen and Gordon                                   Crabtree & Auslander
18  353 Central Avenue                                   240 Crandon Boulevard, Suite 101
    P.O. Box 977                                         Key Biscayne, FL 33149
19  Dover, NH  03821                                     Telephone:  (305) 361-3770
    Telephone:  (603) 871-4144                           Facsimile:  (305) 437-8188
20  Email:  mnoonan@shaheengordon.com                    jcrabtree@crabtreelaw.com
              wshaheen@shaheengordon.com                 btackenberg@crabtreelaw.com
21            ccraig@shaheengordon.com
              lkarl@shaheengordon.com
22                                                       Brian M. Torres, *appearing pro hac vice*
    Joseph Alioto (42680)                                Brian M. Torres, P.A.
23  Alioto Law Firm                                      One S.E. Third Avenue, Suite 3000
    One Sansome St., 35 Floor                            Miami, FL  33131
24  San Francisco, CA  94104                             Telephone:  (305) 901-5858
    Telephone:  (415) 434-8900                           Facsimile:  (303) 901-5874
25  Email:  jmalioto@aliotolaw.com                       Email: btorres@briantorres.legal

26  *Co-Counsel to Robert J. Bonsignore, Esq.*           *Co-Counsel to Francis O. Scarpulla, Esq.*

27

1

*/s/  Theresa D. Moore*
          Theresa D. Moore
Theresa D. Moore (99978)
Law Offices Of Theresa D. Moore
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 613-1414
tmoore@aliotolaw.com
*Interim Co-Lead Counsel for Omitted*
*Repealer State Indirect-Purchaser Plaintiffs*

Christopher A. Nedeau
The Nedeau Law Firm
154 Baker Street
San Francisco, CA  94117-2111
Telephone:  (415) 516-4010
Email: cnedeau@nedeaulaw.com

*Co-Counsel to Theresa D. Moore, Esq.*

NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE
ORDERS AND JUDGMENT CERTIFYING SETTLEMENT CLASS, APPROVING SETTLEMENTS, AND
AWARDING ATTORNEYS' FEES (DKT. 4712, 4717, 4740)
Case No. 3:07-cv-5944, MDL No. 1917

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that a true copy of the foregoing was filed *via* CM/ECF on July 19, 2019

3
and as a result has been served on all counsel of record *via* transmission of Notices of Electronic

4
Filing generated by CM/ECF.

5

6
*/s/ Robert J. Bonsignore*
Robert J. Bonsignore

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE
ORDERS AND JUDGMENT CERTIFYING SETTLEMENT CLASS, APPROVING SETTLEMENTS, AND
AWARDING ATTORNEYS' FEES (DKT. 4712, 4717, 4740)
Case No. 3:07-cv-5944, MDL No. 1917