UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION <br><br> This Order Relates To: <br><br> ALL INDIRECT PURCHASER ACTIONS | MDL No. 1917 <br><br> Case No. 07-cv-5944 JST <br><br> **ORDER CONVERTING HEARING TO CASE MANAGEMENT CONFERENCE AND REQUESTING SUPPLEMENTAL BRIEFING REGARDING IPPS' MOTION TO SET TRIAL DATE** <br><br> Re: ECF No. 5519 |

Before the Court is the Indirect Purchaser Plaintiffs' ("IPPs") motion to set a separate March 16, 2020 trial date for the 22 previously certified repealer state classes. ECF No. 5519. Defendants oppose the motion, ECF No. 5525, as do newly-appointed counsel for the omitted repealer state ("ORS") subclass and non-repealer state ("NRS") subclass, ECF No. 5524. The Court requires additional briefing from the parties regarding the case management issues presented here. Accordingly, the Court will defer ruling on the motion at this time.

On July 3, 2019, the Court appointed separate counsel for IPPs from nine omitted repealer states and twenty non-repealer states. ECF No. 5518. The same day, IPPs filed the motion now before the Court. ECF No. 5519. IPPs seek a March 16, 2020 trial date for class members in the 22 certified IPP classes, arguing that these plaintiffs "would be prejudiced if a trial of their claims were substantially delayed waiting for the [ORS and NRS Subclasses] to catch up." *Id.* at 3. IPPs estimate that it could take eighteen months or longer to get the ORS and NRS claims past class certification and ready for trial: three months to resolve a motion to intervene, three months for a motion to amend the complaint, another month to actually file the complaint, at least three months for Rule 12(b) motions to dismiss (and longer if the Court grants leave to amend), followed by six

to nine months for class certification and related discovery. *Id.* at 7 n.4.  IPPs argue that, because their claims are already trial-ready, waiting to hold a single trial encompassing the ORS and NRS Subclasses as well would subject IPPs to "significant, prejudicial delay." *Id.* at 7.  IPPs further represent that while they are committed to the mediation currently pending before Magistrate Judge Corley, they "do not want to lose more time in the event the mediation is unsuccessful." *Id.* at 2.  IPPs suggest that "entering their proposed schedule may help focus the mediation and encourage a resolution." *Id.* at 3.

Defendants respond that this motion is premature because mediation should first be given a chance to succeed, and they further observe that motion practice regarding the viability of the ORS and NRS Subclasses' claims can continue to occur as mediation unfolds.  ECF No. 5525 at 2.  Defendants also emphasize that holding multiple trials would be "massively inefficient." *Id.*  The ORS and NRS Subclasses oppose the motion for similar reasons, maintaining that "this is one, unitary, indirect-purchaser class action, which requires a united effort by all plaintiffs to either settle all claims or have a single, plenary jury trial." ECF No. 5524 at 3.

IPPs acknowledge that they, along with Defendants and ORS counsel, agreed upon an August 24, 2020 date for a single, consolidated trial in response to the Court's request for schedule proposals in April 2019 – merely three months ago.[1]  ECF No. 5519 at 4 n.3; *see also* ECF Nos. 5452 at 5; 5453 at 2.  However, as IPPs point out, that schedule assumed that the ORS and NRS Plaintiffs would file a new complaint on July 1, 2019 – a date which has passed, with no indication of when a new pleading might be filed.  ECF No. 5519 at 4; *see also* ECF No. 5452 at 3.  IPPs also emphasize that ORS and NRS Interim Class Counsel have indicated their intent to move to amend the existing operative complaint.  ECF No. 5519 at 4 n.3; *see also* ECF No. 5453 at 2.  IPPs further represent that "Defendants take the position that [the ORS and NRS Subclasses] must first move to intervene." ECF No. 5519 at 4.  Although IPPs point to these motions as key components of the eighteen-month prejudicial delay they anticipate, neither Defendants nor ORS or NRS Interim Class Counsel respond to these assertions in their briefs.  *See* ECF Nos. 5524,

---

[1] NRS counsel did not file a proposed schedule.

5525.

    Accordingly, the Court orders the parties to meet, confer, and file individual or joint statements indicating their positions on the following questions, no later than August 6, 2019:

    1.    What additional pleadings and motions must be filed before the claims of the ORS and NRS Plaintiffs will be ready for trial, and what deadlines should the Court set for their filing? Potential examples include additional complaint(s), a motion to amend the operative IPP complaint, and a motion to intervene.

    2.    What additional discovery, if any, is necessary in advance of trial? How long do the parties expect any anticipated exchange of discovery to take? Any party claiming the need for additional fact or expert discovery must be specific in its description of such discovery.

    3.    After accounting for the remaining pre-trial tasks outlined above, and explaining any other currently foreseen delays, when would the parties be ready to proceed to trial, assuming the Court were to order one consolidated trial?

    The Court also offers the following observations. First, the Court doubts very strongly the correctness of the IPPs' assertion that "separate trials of the 22 states and the New States are not likely to consume substantially more judicial resources than a single trial for all classes." ECF No. 5519 at 8. Second, the Court agrees with the IPPs that the claims of the ORS and NRS Plaintiffs should be resolved "as quickly as possible." For example, in light of the maturity of the pleadings and the similarities between the claims of the IPPs and those of the ORS and NRS Plaintiffs, the Court anticipates that complaints on behalf of those plaintiffs could be filed almost immediately. The Court further assumes that while discovery might be necessary into those plaintiffs' damages, discovery concerning the Defendants' liability is probably complete. Also, the Court anticipates that if anyone contests the right of the ORS and NRS Plaintiffs to file complaints – and the Court does not assume the issue is contested or that a motion to intervene is required – that question could be resolved on shortened time. These examples are meant to be illustrative only.

/ / /

/ / /

1   The hearing set for August 8, 2019 will proceed as a case management conference to
2   address the issues raised by the parties' original and supplemental briefing on these questions.
3   **IT IS SO ORDERED.**
4   Dated: July 30, 2019



JON S. TIGAR
United States District Judge