LAW OFFICES OF
# FRANCIS O. SCARPULLA
ATTORNEY AT LAW
AND
UNITED KINGDOM SOLICITOR

456 MONTGOMERY STREET, 17TH FLOOR
SAN FRANCISCO, CA 94104
(415) 788-7210
TELECOPIER: (415) 788-0706
CELLULAR: (415) 310-0607
EMAIL: fos@scarpullalaw.com

July 31, 2019

*VIA* ECF

The Honorable Jon S. Tigar
United States District Judge
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

  Re: MDL No. 1917
    *In re: Cathode Ray Tube (CRT) Antitrust Litigation*
    Case No. 3:07-cv-5944-JST

Dear Judge Tigar,

  As counsel on behalf of plaintiffs in the nine Omitted Repealer States ("ORS") Indirect-Purchaser Plaintiff ("IPP") subclass, we wish to let Your Honor know that apparently we were intentionally excluded from any settlement negotiations that occurred on July 26th and that we object to any partial settlement reached between the IPPs and Defendants for 22 states only.

  The settlement conference with Defendants and the IPPs for 22 states has prejudiced the ORS subclass, as well as the Non-Repealer States ("NRS") subclass because our evaluation of the issues, the damages, and reasonable settlement demand were not presented at the settlement conference, and therefore not considered during those discussions. Furthermore, any partial settlement that may have been reached violates this Court's statement that the "whole case," and not just certain subclasses, would be set for trial. 4/9/19 Hr'g Tr., p. 33:15-21 ("MR. KOONS: [. . .] Are we right to understand that the trial that we are scoping out for scheduling purposes would relate to just the three states and/or the six or the nine states rather than the whole – you know, all the different states that are part of the class? THE COURT: **No. The whole case is going to go to trial.**" (emphasis added)). Additionally, at the June 6, 2019 hearing, the Court tried to urge the parties not to proceed "piecemeal," which is exactly what the IPPs did here. 6/6/19 Hr'g Tr., p. 45:6.

The Honorable Jon S. Tigar
July 31, 2019
Page 2

To further exacerbate the problem, we are not aware that Lead Counsel was ever relieved of his duties and responsibilities to all indirect-purchaser class members in this MDL proceeding. As the Court knows, when Mr. Alioto's firm, Trump Alioto Trump & Prescott, was appointed Lead Counsel, it was specifically charged with the following fiduciary responsibility, among others:

> "To otherwise advance and protect the interests of the putative class in all respects and to honor all of its responsibilities, including making sure that all representations and commitments made on its behalf are honored…." Doc. No. 282, at p. 6:19-23.

Not only did Lead Counsel violate his fiduciary duties to all indirect-purchaser class members imposed on him by previous orders of this Court, but if the ORS and NRS class members now are considered Lead Counsel's former clients, then he also violated the Duty Of Loyalty, Cal. State Bar Rule 1.9, from acting in any way which will injure a former client, especially in the same case. Furthermore, doing so puts his representation of his current clients at risk. Few precepts are more firmly entrenched than the fiduciary nature of the attorney-client relationship, which must be of the highest character. *Frazier v. Superior Court* 97 Cal.App.4th 23, 35 (2002). So fundamental is this precept that an attorney continues to owe a former client a fiduciary duty even after the termination of the relationship. *Zador Corp. v. Kwan* 31 Cal.App.4th 1285, 1293 (1995). For example, an attorney is forever forbidden from using, against the former client, any information acquired during such relationship, or from acting in a way which will injure the former client in matters involving such former representation. *Frazier,* 97 Cal.App.4th at 35. These duties continue after the termination of the relationship in order to protect the sanctity of the confidential relationship between and attorney and client. *People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.*, 20 Cal.4th 1135, 1147 (1999).

More broadly, the California Supreme Court has explained "… an attorney is forbidden to do either of two things after severing his relationship with a former client. He may not do anything which will injuriously affect his former client in any matter in which he formerly represented him nor may he at any time use against his former client knowledge or information acquired by virtue of the previous relationship." *Wutchumna Water Co. v. Bailey*, 216 Cal. 564, 573–574 (1932). "The prohibition is in the disjunctive. An attorney may not use information *or* do anything which will injuriously affect his [or her] former client." *City Nat'l Bank v. Adams*, 96 Cal.App.4th 315, 323-24 (2002) (brackets and emphasis in original, internal citation and quotation marks omitted).

For Lead Counsel to exclude the ORS and NRS counsel from any settlement negotiations is a breach of his fiduciary duty of loyalty to all classes when he negotiated on behalf of only some indirect-purchaser plaintiffs to the prejudice of the others. Counsel for the ORS subclass and the NRS subclass should have been present at any such settlement conference to protect the interest of all class members.

Therefore, we respectfully request that the Court keep the August 8th Case Management Conference on calendar for a full and complete discussion of these and all other issues set forth

The Honorable Jon S. Tigar
July 31, 2019
Page 3

in this Court's July 30th order setting a Case Management Conference before approving any settlement reached at the July 26th settlement conference.

Respectfully submitted,

/s/ Theresa D. Moore
Theresa D. Moore

/s/ Robert J. Bonsignore
Robert J. Bonsignore

/s/ Francis O. Scarpulla
Francis O. Scarpulla

/cpc
cc: All Counsel of Record (*via* ECF)