UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. 07-cv-5944 JST |
| This Order Relates To: | **ORDER DENYING MOTION TO INTERVENE** |
| ALL INDIRECT PURCHASER ACTIONS | Re: ECF No. 5368 |

Before the Court is a motion to intervene brought by Intervenor Plaintiffs Douglass King and George Feldman. ECF No. 5368. On February 15, 2019, the Court issued an order vacating the hearing on the motion and explaining that the motion would be held in abeyance pending further scheduling and case management. ECF No. 5386. The Court will now deny the motion.

King and Feldman "seek to intervene in this action because important questions have been raised regarding the representation of competing and potentially adverse interests of differently situated plaintiffs or groups of plaintiffs who are members of one or more of the certified and proposed classes." ECF No. 5368 at 7. They refer to the Court's November 8, 2018 order, in which the Court concluded it had erred in approving the Indirect Purchaser Plaintiffs' settlement that required class members in certain Omitted Repealer States to release their claims without compensation. *See* ECF No. 5362. In the order, the Court also expressed "concerns about the adequacy of the counsel who negotiated that settlement or whether they may have faced a conflict of interest." *Id.* at 1.

In response to the Court's November 8 order, the Ninth Circuit remanded the case to this Court for further consideration. On April 9, 2019, the Court held a case management conference to address various issues raised by the Ninth Circuit's remand order including the "adequacy of

Lead Counsel's representation of plaintiffs in the Omitted Repealer States." ECF No. 5386 at 2. At that conference, the Court observed that it perceived the purpose of the intervention motion to be "that the lawyers who filed it want to take over the case" and noted that the motion was "unlikely to be granted as framed." ECF No. 5444 at 4. The Court further explained its intention to appoint separate counsel for the Omitted Repealer States. *Id.*

Thereafter, Francis Scarpulla, Theresa Moore, and Robert Bonsignore moved to be appointed Interim Co-Lead Class Counsel for the Omitted Repealer States ("ORS Subclass"). ECF No. 5451. Cooper & Kirkham, P.C., moved to be appointed Lead Counsel for IPPs with claims in Non-Repealer States ("NRS Subclass"). ECF No. 5449. The Court heard argument on the motions on June 6, 2019, ECF No. 5499, and on July 3, 2019, granted them, ECF No. 5518.

To grant a plaintiff's motion for intervention as of right under Federal Rule of Civil Procedure 24(a): "(1) the motion must be timely; (2) the applicant must claim a significantly protectable interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1493 (9th Cir. 1995). The Court concludes that Intervenor Plaintiffs have failed to make a sufficient showing as to the last factor and thus, will not address the other factors.

To show inadequate representation, Intervenor Plaintiffs argue that "Lead Counsel has failed to represent all class members equally and has placed the interests of class members residing in repealer states that were included in the Certified Class of repealer states above class members in the omitted repealer states and the non-repealer states. These latter groups received nothing in exchange for the release of their claims and were not adequately represented." ECF No. 5368 at 20. This argument fails for several reasons. First, Intervenor Plaintiffs reside in Michigan, which is included in the certified IPP class and is neither an ORS nor an NRS state. *Id.* at 8. The Court's expressed concern was that NRS and ORS states might need separate representation; adding a Michigan plaintiff does not help solve that problem. Second, and more importantly, the Court has now appointed counsel for the ORS and NRS Subclasses. ECF No.

5518.  The conflict problem the Court identified has now been abated.  Finally, the Court observes that Intervenor Plaintiffs represent their intention to move to have their attorneys appointed as lead counsel – not for either of the newly identified subclasses they assert were inadequately represented – but instead for the primary IPP class of included repealer states.  ECF No. 5368 at 8.  Lead Counsel for the IPPs has been representing the class since May 2008.  *See* ECF No. 282.  To replace Lead Counsel at this late stage, over ten years later, would require a stronger showing than Intervenor Plaintiffs have made here.

    Accordingly, the motion to intervene, ECF No. 5368, is denied.

**IT IS SO ORDERED.**

Dated:  August 1, 2019



JON S. TIGAR
United States District Judge