Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the
Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 JST<br><br>MDL NO. 1917 |
| This Document Relates to:<br><br>INDIRECT PURCHASER ACTIONS | **INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO MOTION TO VACATE ORDERS AND JUDGMENT CERTIFYING SETTLEMENT CLASS, APPROVING SETTLEMENT AND AWARDING ATTORNEYS' FEES (DKT. 4712, 4717, 4740)**<br><br>Hearing Date: September 4, 2019<br>Time:  2:00 p.m.<br>Courtroom: 6, 2nd Fl. (Oakland)<br>Judge: Hon. Jon S. Tigar |

**INTRODUCTION**

Interim co-lead counsel for the Omitted Repealer States ("ORS") have moved to vacate this Court's order finally approving settlements between indirect purchaser settlement classes and six defendants[1] in this action ("Defendants").[2] The order finally approving the settlements (ECF No. 4712), as well as the order approving attorneys' fees (ECF No. 4740) and the final judgment (ECF No. 4717) that the ORS seek to vacate, were appealed to the Ninth Circuit and are back before this Court on remand from the Ninth Circuit for "reconsideration" of the previous approval of the six settlements.[3]

Lead Counsel, on behalf of the 22 certified repealer states ("IPPs"), opposes the Motion to Vacate because IPPs and the Defendants have reached an agreement in principle to revise their settlements, and intend to present the revised settlements to this Court for approval as soon as practicable. These revised settlements will amend specific provisions of the settlements which are challenged in the Motion to Vacate, and preserve benefits that have inured to IPPs since the settlements were entered in 2015. The revised settlements will relate only to the claims of class members in the 22 States and will not release the ORS claims. The ORS's Motion to Vacate is therefore moot and should be denied.

Alternatively, this Court should exercise its discretion and deny the Motion to Vacate to allow renewed final approval proceedings relating to the revised settlements to go forward, and decide whether it is necessary to vacate the prior settlement approval order and the fee order at that time. The Court made clear at the April 9, 2019 Case Management Conference that it did

---

[1] The six settlements at issue are with the Philips, Panasonic, Hitachi, Toshiba, Samsung SDI and Thompson defendants. *See* ECF No. 4712 at 3 (listing defendant entities).

[2] *See* ECF No. 5527 (Notice of Motion, Motion and Memorandum of Law in Support of Motion to Vacate Orders and Judgment Certifying Settlement Class, Approving Settlement and Awarding Attorneys' Fees ("Motion to Vacate")).

[3] *See* Order, ECF No. 239, *IPPs et al. v. Toshiba Corp. et al.,* No. 16-16368 (9th Cir., Feb. 13, 2019) ("Remand Order").

want to re-litigate every issue in this case because "it's not to the benefit of class members," or anyone else.[4]  Until the revised settlements and the procedure for implementing the settlement revisions have been finally determined by the parties and presented to the Court, the Court cannot know what issues require re-litigation.  Indeed, many parts of the settlement approval order and the fee order will remain unaffected by the revised settlements.  There is therefore no reason to vacate the existing orders *in toto*.  Moreover, vacating the orders now before revised settlements are in place could significantly prejudice class members because it could require the return of hundreds of millions of dollars in escrowed settlement funds, including the interest accrued on those funds.

In contrast, the ORS motion fails to explain why it is necessary to vacate these orders now.  Counsel for the ORS do not claim that their clients are prejudiced or that their rights to prosecute their claims are in any way circumscribed by the existence of the settlement approval orders.  The settlement approval orders do not hinder the prosecution of the ORS claims, and indeed pleadings asserting claims on behalf of the ORS are long overdue.

Accordingly, IPPs respectfully request that the Court deny the ORS motion and allow IPPs and the Defendants time to execute revised settlements and present those to the Court for approval.  In the meantime, the ORS plaintiffs should proceed with prosecuting their claims.

## BACKGROUND

In the spring of 2015, IPPs reached separate settlements with six defendants for a collective settlement amount of $541,750,000.  After extensive consideration of the settlements by a special master and this Court, the settlements were finally approved in July of 2016. ECF No. 4712.  Objectors, including those represented by the interim co-lead counsel for ORS, appealed to the Ninth Circuit Court of Appeals.  They argued, among other things, that the release of claims

---

[4] *See, e.g.,* April 9, 2019 CMC Tr. at 5:14-17 ("In short, most of the issues are not going to be relitigated in this case. That's not to the benefit of this very old case. It's not to the benefit of class members. It's really not to anyone's benefit.").

by indirect purchasers Massachusetts, New Hampshire and New Jersey—who were not eligible to participate in the distribution of the settlement fund pursuant to the approved plan of distribution—rendered the settlements unfair, warranting reversal of the order finally approving the settlements.

At oral argument, the Ninth Circuit panel expressed concern about the propriety of the releases of claims by indirect purchasers in Massachusetts, New Hampshire and Missouri where there were no named plaintiffs from those states and where the indirect purchasers in those states would not participate in distribution of the settlement fund.  The panel first suggested mediation by the parties, and when appellants refused mediation, the panel ordered mediation.

Extensive mediation among the parties on appeal through the summer and fall of 2018 proved unsuccessful.  After unsuccessful motion practice both in this Court and the Ninth Circuit seeking remand, the Ninth Circuit panel, on February 13, 2019, *sua sponte* remanded the case to this Court "so that the district court may reconsider its approval of the settlement."  Remand Order.  On remand, this Court took the following actions:  (1) it confirmed the undersigned as Lead Counsel for the 22 States (ECF No. 5535); (2) it appointed Messrs. Scarpulla and Bonsignore and Ms. Moore as interim co-lead counsel for the so-called nine omitted "repealer" states (ECF No. 5518); (3) it appointed Ms. Kirkham as interim lead counsel for the 20 so-called "non-repealer" states (*id.*); and (4) it entered an order referring "the matter" to Magistrate Judge Corley "for settlement." ECF No. 5427.

At the direction of Magistrate Judge Corley (ECF No. 5523), counsel for the six defendants and IPP counsel on behalf of the 22 States met for mediation before Magistrate Judge Corley on May 31, 2019 and July 26, 2019.  ECF No. 5531.  At the second mediation session, a named IPP plaintiff was also present for part of the mediation, and others were available by phone and were being kept apprised of the status of the mediation.  The mediation was successful on the second day, and the six defendants and IPP Lead Counsel reached interim revised settlements on behalf of the 22 States.  IPPs and Defendants executed a "term sheet" memorializing salient provisions of the interim revised settlements.  Under the term sheet, the fact of the revised

1  settlements is not confidential, but the terms are confidential until presented to the Court for
2  approval.

## ARGUMENT

### I. The Motion To Vacate The Settlement Approval Orders Should Be Denied As Moot

While this Court and the Ninth Circuit panel have expressed concern about whether the approval of the settlements with the six defendants was appropriate, they have also indicated their preference that the parties pursue a mediated resolution of the perceived problems with the settlements. IPPs understand that this is why the Ninth Circuit panel first suggested and then ordered mediation, and why they did not vacate the settlement approval order, and why this Court referred the parties to Magistrate Judge Corley for mediation. In that regard, IPPs offered to revise the settlement allocation to allow the ORS to participate. *See* ECF No. 5416 (Joint Case Management Conference Statement) at 7-9. Objectors rejected that proposal. *Id*. at 20-22.

Although negotiations with objectors failed, a mediated solution has been reached. The six defendants and IPP Lead Counsel have reached revised settlements on behalf of the 22 States, and IPPs are confident that these revised settlements satisfactorily address the concerns expressed by this Court and the Ninth Circuit Panel about the previous settlements. The revised settlements will resolve the claims of class members in the 22 States only and will not release the claims of class members in the ORS.

Accordingly, events subsequent to the filing of ORS interim co-lead counsel's Motion to Vacate render the motion moot. The parties to the settlement agreements that are the subject of the Motion to Vacate have reached an agreement to revise the settlements, subject of course to approval by this Court. Further, the entire basis of the Motion—namely the ORS's concerns about negotiations of the previous settlement agreements and potential conflicts of interest that led to the release of their claims without compensation—are no longer relevant. The revised agreements were negotiated in entirely different circumstances, in accordance with this Court's orders revising leadership of the classes in these proceedings, and the ORS claims are not released.

Where subsequent events change the relevant circumstances so that the relief sought by the motion is unnecessary or meaningless, the motion should be dismissed as moot. *See Pub. Util. Comm'n of California v. Southern Calif. Util. Power Pool et al.*, 100 F.3d 1451 (9th Cir. 1996) (dismissing as moot an appeal challenging orders that were superseded); *Roessert v. Health Net*, 929 F. Supp. 343, 347 (N.D. Cal. 1996) (holding that motions to dismiss complaint are "rendered moot" by filing of amended complaint); *Sample v. Johnson*, 771 F.2d 1335, 1338 (9th Cir. 1985) ("A moot action is one where the issues are no longer live or the parties lack a legally cognizable interest in the outcome."). That is the case here. There is no need to vacate the settlement agreements challenged in ORS interim co-lead counsel's motion, as the parties to those settlements no longer intend to be bound by them but instead intend to be bound by the revised settlements. The negotiation of the challenged previous settlements is no longer relevant. The Motion to Vacate should be denied as moot.

## II.   The Motion To Vacate Should Be Denied As Premature

Alternatively, the Court should exercise its discretion to deny the Motion to Vacate as premature given that IPPs and Defendants have reached agreement to revise the settlements, and given the prejudice to class members in the 22 States that could result from vacating the orders now. The Court should instead consider whether it is necessary to vacate the settlement approval order and the fee order in the context of considering approval of the revised settlements.

As this Court noted repeatedly at the April 9, 2019 CMC, it is not in anyone's interests—least of all those of class members—to relitigate every issue in this case.[5] The Court's settlement approval order (ECF No. 4712) makes findings regarding a whole host of issues that will be unaffected by the revisions to the settlement agreements, and need not be relitigated. For example,

---

[5] April 9, 2019 Hearing Tr. at 5:14-17; *see also id.* at 27:5-10 ("The other concern I had was that the lawyers writ large would use the comments in my November order and the uncertainty around the settlement to try to reopen every aspect of the case they could for their personal advantage. And the reason I felt that way is because the case management statement is pretty good evidence that's happening.").

5   MDL NO. 1917
INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO MOTION TO
VACATE ORDERS AND JUDGMENT CERTIFYING SETTLEMENT CLASS,
APPROVING SETTLEMENT AND AWARDING ATTORNEYS' FEES (DKT. 4712, 4717, 4740)

the Court made findings regarding the strength of IPPs' case, the risks of continued litigation, the extent of discovery, counsel's experience, government participation, and the plan of allocation that will be unaffected by the revised settlements. These findings need not, and should not, be vacated.

With regard to the fee order, the Court specifically rejected the Objectors' prior proposal that the entire fee award be relitigated, stating that it would "solicit briefing regarding the appropriate percentage of any settlement . . . to be awarded to class counsel as fees. But I don't intend to solicit briefing regarding other aspects of the fee award as objectors suggest." April 9, 2019 Hearing Tr. at 7:22 – 8:2. Yet that is what vacating the fee order *in toto,* as the ORS motion requests, would mean.

In addition, IPPs and Defendants have not yet determined what form the revised settlements will take or the procedure for seeking approval of those revised settlements. The particular form of the revised settlements may be important for a number of reasons. First, each of the settlement agreements at issue provide that interest earned on each "Settlement Fund" shall remain in each such fund (*see, e.g.,* ECF No. 3862-3 (Hitachi Settlement Agreement, ¶6)), but that if the agreement does not receive final approval, the Settlement Fund and interest "shall be returned" to the defendant (*see, e.g., id.*, ¶17(h)). As such, vacation of the settlement approval order will risk loss of the interest on each Settlement Fund. IPPs estimate that this interest currently exceeds $10 million after taxes. Thus, the ORS's motion should be denied to avoid prejudicing IPPs.

Second, the extent to which further notice to the class should be given may be affected by the extent to which the terms of the settlement agreements are narrowed. *See, e.g., Hendricks v. Starkist Co.*, No.13-cv-00729-HSG, 2016 WL 5462423, *4 (N.D. Cal. 2016), aff'd sub nom *Hendricks v. Ference*, 754 Fed. App'x 510 (9th Cir. 2018) (holding that no new notice required where scope of claims released is narrowed); *Snyder v. Ocwen Loan Servicing, LLC.*, No. 14-cv-8461-MFK, 2019 WL 2103379, *9 (N.D. Ill. May 14, 2019) ("[C]ourts routinely hold that no new notice is required where changes to a proposed settlement are objectively favorable for class members and do not prejudice any benefit previously offered."); *In re NFL Players' Concussion*

1  *Injury Litig.*, 307 F.R.D. 351, 386 (E.D. Pa. 2015), aff'd 821 F.3d 410 (3d Cir. 2016) (similar).
2  Granting the ORS's Motion to Vacate may prevent IPPs and Defendants from simply revising the
3  existing settlement agreements, unnecessarily limiting the parties and the Court's discretion as to
4  the best form for documenting the revised settlements and presenting them for approval.
5     In contrast to the prejudice to IPPs and class members in the 22 States caused by vacating
6  the settlement approval orders, there is no suggestion that the ORS plaintiffs are prejudiced or
7  their rights to prosecute their own claims are in any way impeded by the existing orders.[6]  As this
8  Court has made clear, and neither Defendants nor IPPs claim otherwise, counsel for ORS are in no
9  way barred or proscribed by the prior approval orders from vigorously prosecuting their claims.
10    In any event, the settlement approval order and the fee order will soon be revisited in light
11 of the revised settlements and any claims beyond the 22 states will no longer be released.  But in
12 the meantime, IPPs are concerned that vacating those orders *in toto* prior to the revised settlements
13 being submitted for the Court's consideration may jeopardize settlement proceeds already in
14 escrow and have other adverse consequences.  IPPs and Defendants should therefore be allowed
15 time to finalize their revised settlements and present them to the Court before any action is taken
16 relating to the orders.

**CONCLUSION**

18    The revised settlements between IPPs and the Defendants render the Motion to Vacate the
19 previous settlements moot.  The Motion is also premature and unwarranted because vacating the
20 settlement approval order would provide no benefit to the ORS, but may adversely impact class
21 members in the 22 States.  This Court should deny the motion.
22 //

---

[6] ORS assert that "Vacation of the Orders should be granted to allow for the resolution of this case…", but they do not explain how the existence of the order in any way prevents them from prosecuting or settling their claims.  To the extent they are concerned that their claims were improperly released, they are no longer released by the revised settlements leaving ORS free to prosecute their claims.

|   |   |   |
|---|---|---|
| Dated: August 2, 2019 | | Respectfully submitted, |
| | By: | */s/ Mario N. Alioto* |
| | | MARIO N. ALIOTO (56433) |
| | | LAUREN C. CAPURRO (241151) |
| | | **TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP** |
| | | 2280 Union Street |
| | | San Francisco, California 94123 |
| | | Telephone: (415) 563-7200 |
| | | Facsimile: (415) 346-0679 |
| | | *Lead Counsel for the Indirect Purchaser Plaintiffs* |