Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
WHITE & CASE LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

[Additional Responding Parties and Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(OAKLAND DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:07-cv-05944-JST<br>MDL No. 1917<br><br>**DEFENDANTS' OPPOSITION TO MOTION TO VACATE ORDERS AND JUDGMENT CERTIFYING SETTLEMENT CLASS, APPROVING SETTLEMENT AND AWARDING ATTORNEYS' FEES (DKT. 4712, 4717, 4740)** |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | Date: September 4, 2019<br>Time: 2:00 p.m.<br>Courtroom: 6, 2nd Floor<br>Judge: Hon. Jon S. Tigar |

## I. INTRODUCTION

Acting now to vacate this Court's prior orders certifying the settlement classes, approving the settlements, and awarding attorneys' fees — even before court-ordered mediation is given a chance to succeed — will not accomplish justice for any of the parties; rather, it will wreak havoc on that mediation, a delicate process currently being administered by Magistrate Judge Corley. Because the ORS Plaintiffs cannot satisfy the requirements of Rule 60(b)(6), ORS Plaintiffs' Motion to Vacate Orders Certifying Settlement Class, Approving Settlement, and Awarding Attorneys' Fees (the "Motion to Vacate") should be denied or, in the alternative, held in abeyance until Magistrate Judge Corley completes her work.

As directed by this Court's order referring the matter to mediation (ECF No. 5427), the Defendants and Counsel for the 22 certified settlement-only statewide damages classes (the "22 States"), appeared before Magistrate Judge Corley on July 26, 2019 to seek a negotiated resolution to amend and preserve, in some form, the original IPP settlement agreements. Mindful of the Court's instruction for the parties to be pragmatic, the parties negotiated in good faith and reached a settlement-in-principle. The settlement-in-principle, carefully overseen by Magistrate Judge Corley, constitutes an important step in resolving this long-running case because, once finalized and if approved by the Court, it will release the claims of the 22 States, but will not release the claims of the IPP claimants in the ORS or NRS Subclasses. In light of the settlement-in-principle, which does not impact either the ORS or NRS Subclasses, and the ongoing mediation process involving the ORS Plaintiffs, the Court should not grant the Motion to Vacate at this time. Refraining from grating the motion will ensure that the practical process outlined by this Court proceeds apace, while allowing the IPPs in the 22 States and the Defendants sufficient time to finalize their settlement-in-principle and to submit the amended settlement agreements for the Court's review. Granting the motion would unnecessarily risk further uncertainty, upheaval, and delay, and would be incorrect under the law.

DEFENDANTS' OPPOSITION TO MOTION TO VACATE ORDERS AND JUDGMENT CERTIFYING SETTLEMENT CLASS, APPROVING SETTLEMENT AND AWARDING ATTORNEYS' FEES (DKT. 4712, 4717, 4740)
Case No. 3:07-cv-05944-JST, MDL No. 1917

1       The ORS Plaintiffs move the Court to vacate the orders approving the settlements, class certification, and attorneys' fees under Rule 60(b)(6) of the Federal Rules of Civil Procedure, but their motion is conspicuously barren of authority justifying the application of that rule here. Rule 60(b)(6) is only appropriate to "accomplish justice" in "*extraordinary circumstances.*" *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (emphasis added). In their motion, the ORS Plaintiffs identify the first requirement to invoke the rule, but are conveniently silent as to the second. Mot. at 7. Unsurprisingly, such "extraordinary circumstances" are not present here. Moreover, granting the Motion to Vacate would not "accomplish justice."

      Accordingly, the ORS Plaintiffs do not have grounds to invoke Rule 60(b)(6), the Motion to Vacate should not be granted, and the parties should continue to pursue court-ordered mediation.

## II. RELEVANT BACKGROUND

      From January through April 2015, the Defendants entered into settlement agreements with all the IPPs to resolve this long-running dispute. *See* ECF No. 3862-1, Ex. A (Philips Settlement Agreement) (executed on January 26, 2015); ECF No. 3862-2, Ex. B (Panasonic Settlement Agreement) (executed on January 28, 2015); ECF No. 3862-3, Ex. C (Hitachi Settlement Agreement) (executed on February 19, 2015); ECF No. 3862-4, Ex. D (Toshiba Settlement Agreement) (executed on March 6, 2015); ECF No. 3862-5, Ex. E (Samsung SDI Settlement Agreement) (executed on April 1, 2015); ECF No. 3876-1, Ex. A (Thomson Settlement Agreement) (executed on June 10, 2015). The ORS Plaintiffs wrongly assert that the *settlements* "provided for a recovery to only a subset of repealer state class members" and released the ORS consumers' repealer-state damages claims "for nothing." Mot. at 1, 2, 6. That is wrong. *None* of the settlements released *any* claims "without consideration." The Defendants collectively paid $576.75 million in consideration for the global releases. And each of the settlement agreements expressly provided for the IPPs to separately determine an appropriate plan of allocation, subject to Court approval. *See, e.g.,* Toshiba Settlement Agreement ¶ 20 ("[T]he Settlement Fund shall be distributed in accordance with a plan to be

submitted at the appropriate time by Plaintiffs, subject to approval by the Court. In no event shall any Toshiba Releasee have any responsibility . . . whatsoever with respect to the . . . distribution . . . of the Settlement Fund . . . ."). In any event, contrary to the ORS Plaintiffs' argument (Mot. at 8), worthless claims may be released without consideration. *See* Def. Response to Mot. Appoint. Interim Co-Lead Counsel, ECF No. 5468 at 11-13.

On May 29, 2015, the IPPs submitted the plan of allocation, which provided that indirect purchasers in the 22 States would be able to make claims on the $576.75 million settlement fund, but claimants from all other states would not. *See* IPPs' Mot. for Prelim. Approval of Class Action Settlements at 26-29, ECF No. 3861.

On July 7, 2016, the Court granted final approval of the settlements and allocation plan (ECF No. 4712), and on July 14, 2016, entered a Final Judgment of Dismissal with Prejudice as to the Defendants (ECF No. 4717).

After the ORS Plaintiffs (and objectors from NRS) appealed the grant of final approval and the order granting attorneys' fees to IPP Counsel to the Ninth Circuit, on February 13, 2019, the Ninth Circuit remanded this matter back to this Court. Order at 12, *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, No. 16-16373 (9th Cir. Feb. 13, 2019) ("Remand Order"), ECF No. 252 (issuing a limited remand "to the District Court to reconsider its order on [settlement-only] class certification and settlement approval" insofar as the damages claims of purchasers in Massachusetts, Missouri, and New Hampshire were released without compensation). The ORS Plaintiffs expressly sought the vacatur of this Court's final approval, but the Ninth Circuit decided that it would "not vacate the order at this time." *Id*. (Defendants maintain that the Ninth Circuit's mandate was limited, and that under the rule-of-mandate doctrine, the Court lacks jurisdiction to reconsider the settlements, except as to the IPPs in Massachusetts, Missouri, and New Hampshire. *See, e.g.*, ECF No. 5468 at 8-9.)

On April 9, 2019, the Court held a case management conference where it stated that it would appoint separate counsel for the three Omitted Repealer States ("ORS"), allowed motions for the appointment of subclass representatives and counsel for the Non-Repealer

States ("NRS"), as well as for six additional ORS, and stated an intention to direct the parties to mediation. ECF No. 5444 (Apr. 9, 2019 Hrg. Tr.) at 5:8-10 ("As I'll say in a second, I think we need to get counsel for the omitted repealer state plaintiffs; and we need to get everybody to somebody like Judge Corley . . . ."); *see also id.* at 4:19-22, 16:21-17:5, 18:25-19:5, 19:8-13. During that same case management conference, the Court urged the parties to bring a settlement before the Court so that it could assess anew whether it "passes muster" and expressed an interest in finding a way to "finish" the case. *Id*. at 6:24-7:1 ("I think you bring me a settlement. . . . You bring me one and then I decide whether it passes muster or not."); *id.* at 27:11-12 ("I like the case. I mean, I wish I could figure how to finish it."). Since that time, the IPPs in the 22 States and the Defendants have been working to do just that.

On April 9, 2019, the Court also referred the matter to mediation before Magistrate Judge Corley. ECF No. 5427.

On June 6, 2019, the Court held a hearing on the ORS and NRS Plaintiffs' Motions to Appoint Subclass Counsel (ECF Nos. 5451, 5459) and to Vacate or Clarify the 2010 Stipulation and Order (ECF No. 5469). During that hearing, the Court urged the parties to be pragmatic in finding a resolution to the case, and expressed a hope that the parties understand that resolving the case "sooner rather than later is in everybody's interest." ECF No. 5499 (June 6, 2019 Hrg. Tr.) at 45:10-15.

On July 3, 2019, the Court appointed counsel for the ORS and NRS Subclasses and vacated the 2010 Stipulation and Order. ECF No. 5518. Since that time, ORS Subclass Counsel and the Defendants have been negotiating a proposed schedule for the ORS Plaintiffs to pursue their claims. Concurrently, the parties contacted Magistrate Judge Corley to apprise her of relevant issues and to set a schedule for the court-ordered mediation.

In less than two months, the IPPs in the 22 States and the Defendants have participated in two full-day, in-person mediation sessions before Magistrate Judge Corley, on May 31, 2019, and on July 26, 2019. ECF Nos. 5523, 5531. During the latter session, the IPPs in the 22 States and the Defendants reached a settlement-in-principle to preserve the

settlements between the Defendants and the 22 States, without prejudicing either the ORS or NRS Subclasses. *See* ECF No. 5532. The IPPs in the 22 States and the Defendants are working to finalize the settlement-in-principle, including preparing papers to submit the settlement for this Court's approval.

### III.   ARGUMENT

Rule 60(b)(6) of the Federal Rules of Civil Procedure "should only be applied in 'extraordinary circumstances'" and when vacating a judgment "is appropriate to accomplish justice." *Liljeberg*, 486 U.S. at 864 (quoting *Ackermann* v. *United States*, 340 U.S. 193 (1950) and *Klapprott* v. *United States*, 335 U.S. 601, 614-15 (1949)). "The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Haw. Cty. Green Party v. Clinton*, 124 F. Supp. 2d 1173, 1184 (D. Haw. 2000) (quoting *United States v. Alpine Land & Reservoir, Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)). Neither of those justifications is present here. *See Alpine Land*, 984 F.2d at 1049 ("Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice.").

### A.   There is No Justification for Granting the Motion to Vacate, Under Rule 60(b)(6) of the Federal Rules of Civil Procedure or Otherwise

"[E]xtraordinary circumstances" are those where "circumstances beyond [the movant's] control prevented timely action to protect its interests." *Haw. Cty. Green Party*, 124. F. Supp. 2d at 1184 (quoting *Alpine Land*, 984 F.2d at 1049). Such "extraordinary circumstances" have been found where there has been an intervening change in law (*see Phelps v. Alameida*, 569 F. 3d 1120, 1133 (9th Cir. 2009)), or where an attorney "virtually abandoned his client by failing to proceed with his client's defense despite court orders to do so." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170-71 (9th Cir. 2002). Such extraordinary circumstances are not present here. Indeed, the ORS Plaintiffs were able to protect their interests by filing objections to the settlement and fee approval orders, prosecuting appeals, and moving (and succeeding) to have subclass counsel appointed, which will allow them to have a seat at the court-ordered mediation before Magistrate Judge Corley.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Nevertheless, just as the parties are beginning to make progress in that court-ordered mediation, the ORS Plaintiffs needlessly move to undermine that process by seeking relief under Rule 60(b)(6), doing so by relying heavily on this Court's November 8, 2018 order denying the IPPs' Motion for an Indicative Ruling. Mot. at 7. Tellingly, the ORS Plaintiffs misstate the Rule 60(b)(6) standard and cite no authority that justifies such relief. The ORS Plaintiffs "do[] not satisfy the stringent standards for relief under Rule 60(b)(6)." *Haw. Cty. Green Party*, 124 F. Supp. 2d at 1185.

Moreover, granting the ORS Plaintiffs' motion would not "accomplish justice." *Liljeberg*, 486 U.S. at 864 (quoting *Klapprott*, 335 U.S. at 614-15). Granting the Motion to Vacate now, while the Defendants and the IPPs in the 22 States are working to amend and preserve the settlements, would accomplish just the opposite. *See Buck v. Davis*, 137 S. Ct. 759, 778 (2017) ("In determining whether extraordinary circumstances are present, a court may consider a wide range of factors," including "'the risk of injustice to the parties'" (quoting *Liljeberg*, 486 U.S. at 863-64)). The IPPs in the 22 States would be thrown back into litigation, further delaying, and possibly eliminating, their ability to recover from the settlement fund that has long been sitting in escrow. Even further, granting the ORS Plaintiffs' motion will automatically trigger the disbursal of the $576.75 million escrow fund (plus approximately $14 million in accrued interest) back to the Defendants. *See, e.g.*, Philips Settlement at ¶17(h) ("If this Agreement does not receive final Court approval . . . then all amounts paid by Philips into the Settlement Fund . . . shall be returned to Philips from the Escrow Account by the Escrow Agent along with any interest accrued thereon within thirty (30) calendar days."). Once those funds are disbursed there is no assurance that those funds will ever be available to plaintiffs through settlement or otherwise. The Defendants would also be returned to active litigation, completely stripped of the benefit of their over half-a-billion-dollar bargain and re-exposed to billions of dollars in potential liability, despite having litigated, negotiated, and mediated in good faith to resolve these claims. None of these eventualities would "accomplish justice."

The Court was correct to encourage a pragmatic solution to the issues before it and thus should deny the ORS Plaintiffs' motion, which is anything but pragmatic. ECF No. 5499 (June 6, 2019 Hrg. Tr.) 45:17-19 ("But if there ever was a case in which pragmatism was called for, it's this case. And if ever a time had arisen for pragmatism to be on the table, it's now."). To ensure a practical outcome that does nothing to prejudice the ORS and NRS Subclasses, the Defendants and the IPPs in the 22 States need a reasonable amount of time to finalize their settlement-in-principle and prepare the approval papers that the Court requested. ECF No. 5444 (Apr. 9, 2019 Hrg. Tr.) at 6:24-7:1 ("I think you bring me a settlement. . . . You bring me one and then I decide whether it passes muster or not."). Once submitted, as this Court is aware, it has the discretion to approve such a settlement. ECF No. 5499 (June 6, 2019 Hrg. Tr.) at 27:14-19 ("I'm familiar with the law that says that when certain parties to a class action settlement agreement want to modify the agreement in a way that affects their own rights and obligations but leaves the rights and obligations of remaining class members or other parties intact, that that is permissible. I am aware of that law."); *see also Belew v. Brink's Inc.*, 721 F. App'x 734, 735 (9th Cir. 2018) (affirming an order approving a settlement agreement where the scope of that settlement's release was narrowed to exclude unrelated claims, holding that "[s]horn of the release of the unrelated claims, the district court's approval of the Joint Stipulation seems entirely appropriate").

Importantly, providing the Defendants and the IPPs in the 22 States with a reasonable amount of time to finalize and submit their settlement will potentially allow a significant portion of the IPP case to be resolved, which would constitute a prominent step towards bringing this matter to its conclusion, goals that the Court itself has prized. ECF No. 5444 (Apr. 9, 2019 Hrg. Tr.) at 27:11-12 ("I like the case. I mean, I wish I could figure how to finish it."); ECF No. 5499 (June 6, 2019 Hrg. Tr.) at 45:12-15 ("I would hope that . . . your clients would see that bringing this whole thing to a conclusion sooner rather than later is in everybody's interest."). Allowing the settlement process to continue without disruption will also give the Court maximum flexibility when determining what notice, if any, will be required in connection with the revised settlement, thereby avoiding unnecessary costs and

inefficiencies. With a negotiated settlement between the Defendants and the IPPs in the 22 States so near at hand, the Court should avoid complicating the review and possible approval of that settlement. Indeed, granting the Motion to Vacate would stand at odds with established Ninth Circuit law for courts to encourage compromise settlements. *See Camacho v. City of San Luis*, 359 F. App'x 794, 796 (9th Cir. 2009) (providing that "the law favors and encourages compromise settlements" due to the "overriding public interest in settling and quieting litigation"); *see also In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) ("[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.").

### B. ORS Plaintiffs' Authorities are Inapposite

Beyond misidentifying the standard to seek relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure (Mot. at 7), the ORS Plaintiffs do not cite any authority justifying relief under that rule, let alone authority supporting overturning a settlement approval order when the very same settlements are currently the subject of court-ordered mediation.

In calling for the Court to vacate the order approving the settlement agreements, the ORS Plaintiffs point to *Reynolds v. Beneficial National Bank*, 288 F.3d 277, 282-284 (7th Cir. 2002), *Yoshioka v. Charles Schwab Corp.*, No. 11-1625-EMC, 2011 WL 6748984, at *12 (N.D. Cal. Dec. 22, 2011), and *Daniels v. Aéropostale West, Inc.*, No. C 12-05755 WHA, 2014 U.S. Dist. LEXIS 74081, at *8-10 (N.D. Cal. May 29, 2014). Mot. at 7-8 (Section III.A.). None of those cases discusses the application of Rule 60(b)(6) generally or specifically, let alone in the unique context of the instant case. Instead, each of the cases discusses issues that have been well briefed before the MDL Court and Ninth Circuit. Those cases and arguments do not, however, support the application of Rule 60(b)(6) of the Federal Rules of Civil Procedure.

The cases cited by the ORS Plaintiffs to vacate the order certifying the settlement classes are similarly deficient. *See* Mot. at 8-10.[1] None of them is in the context of Rule

---

[1] The inapposite cases cited in Section III.B of the Motion to Vacate are: *Molski v. Gleich*, 318 F.3d 937, 956 (9th Cir. 2003), *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 827 F.3d 223, 231 (9th

DEFENDANTS' OPPOSITION TO MOTION TO VACATE ORDERS AND JUDGMENT CERTIFYING SETTLEMENT CLASS, APPROVING SETTLEMENT AND AWARDING ATTORNEYS' FEES (DKT. 4712, 4717, 4740)
Case No. 3:07-cv-05944-JST, MDL No. 1917
8

60(b)(6) of the Federal Rules of Civil Procedure, and none of them articulates how the instant case exhibits the "extraordinary circumstances" necessary to invoke the rule, or how justice would be accomplished if it was invoked. Moreover, because the settlement-in-principle carves out the ORS Plaintiffs' claims from the scope of the releases, the ORS Plaintiffs' concerns as to the adequacy of class representatives and counsel as to their interests under Rule 23 of the Federal Rules of Civil Procedure will be rendered moot if the 22 States' settlement is approved. *See* ECF No. 5535 ("The Court's expressed concern was that NRS and ORS states might need separate representation. . . . *[T]he Court has now appointed counsel for the ORS and NRS Subclasses. ECF No. 5518. The conflict problem the Court identified has now been abated*." (emphasis added)).

The cases cited by the ORS Plaintiffs to vacate the fee order are also inapposite. Mot. at 10-11 (Section III.C). As with every other case cited by the ORS Plaintiffs to vacate the orders at issue, none of them discusses Rule 60(b)(6) of the Federal Rules of Civil Procedure, let alone establishes the "stringent standards" to seek relief under the rule. *Haw. Cty. Green Party*, 124. F. Supp. 2d at 1185. Moreover, because the order approving settlement should not be reversed, there is no corresponding basis to disturb the order approving attorneys' fees. *See, e.g.*, *Radcliffe v. Experian Info. Sols.*, 715 F.3d 1157, 1167–68 (9th Cir. 2013) (reversing the awards of attorneys' fees and costs "[b]ecause we reverse the settlement").

\* \* \*

Cir. 2010), *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 621-22 (1997), *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 858 (1999), *Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157, 1168 (9th Cir. 2013), *General Tel Co. of S.W. v. Falcon*, 457 U.S. 147, 161 (1982), *Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170, 183 (3d Cir. 2012), *Lightbourne v. Printroom, Inc.*, 307 F.R.D. 593, 604 (C.D. Cal. 2015), *In re Joint Eastern & Southern District Asbestos Litig.*, 982 F.2d 721, 743 (2d Cir. 1992), *In re Motor Fuel Temperature Sales Practices Litig.*, 271 F.R.D. 263, 283, 296 (D. Kan. 2010), and *Her v. Regions Fin. Corp.*, No. 2:07-CV-2017-RTD, 2007 WL 28006558, at \*2 (W.D. Ark. Sept. 25, 2007).

## IV. CONCLUSION

For the foregoing reasons Defendants respectfully request that the Court deny the ORS Plaintiffs' Motion to Vacate or, in the alternative, hold in abeyance until Magistrate Judge Corley completes her work.

Dated: August 2, 2019

Respectfully submitted,

**WHITE & CASE** LLP

By: /s/ Christopher M. Curran
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
WHITE & CASE LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

DEFENDANTS' OPPOSITION TO MOTION TO VACATE ORDERS AND JUDGMENT CERTIFYING SETTLEMENT CLASS, APPROVING SETTLEMENT AND AWARDING ATTORNEYS' FEES (DKT. 4712, 4717, 4740)
Case No. 3:07-cv-05944-JST, MDL No. 1917
10

| | |
|---|---|
| /s/ *Jeffrey L. Kessler* | /s/ *Andrew Rhys Davies* |
| WINSTON & STRAWN LLP | ALLEN & OVERY LLP |
| JEFFREY L. KESSLER | MICHAEL S. FELDBERG |
| jkessler@winston.com | michael.feldberg@allenovery.com |
| EVA W. COLE | ANDREW RHYS DAVIES |
| ewcole@winston.com | andrewrhys.davies@allenovery.com |
| SOFIA ARGUELLO | 1221 Avenue of the Americas |
| sarguello@winston.com | New York, NY 10020 |
| 200 Park Avenue | Telephone: (212) 610-6300 |
| New York, NY 10166-4193 | Facsimile: (212) 610-6399 |
| Telephone: (212) 294-6700 | |
| Facsimile: (212) 294-4700 | JOHN ROBERTI |
| | john.roberti@allenovery.com |
| KEVIN B. GOLDSTEIN | ALLEN & OVERY LLP |
| kbgoldstein@winston.com | 1101 New York Avenue NW |
| 35 W. Wacker Drive | Washington, DC 20005 |
| Chicago, IL 60601-9703 | Telephone: (202) 683-3800 |
| Telephone: (312) 558-5600 | Facsimile: (212) 610-6399 |
| Facsimile: (312) 558-5700 | |
| | *Attorneys for Defendants Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd.* |
| WEIL, GOTSHAL & MANGES LLP | |
| DAVID L. YOHAI | |
| david.yohai@weil.com | |
| ADAM C. HEMLOCK | |
| adam.hemlock@weil.com | |
| DAVID YOLKUT | |
| david.yolkut@weil.com | |
| 767 Fifth Avenue | |
| New York, NY 10153-0119 | |
| Telephone: (212) 310-8000 | |
| Facsimile: (212) 310-8007 | |

*Attorneys for Defendants Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*[2]

---

[2] MT Picture Display Co., Ltd. has been dissolved and completed final liquidation proceedings in Japan on May 23, 2019.

| | |
|---|---|
| /s/ *John M. Taladay* | /s/ *Donald A. Wall* |
| BAKER BOTTS LLP | SQUIRE PATTON BOGGS (US) LLC |
| JOHN M. TALADAY | DONALD A. WALL |
| john.taladay@bakerbotts.com | Email: donald.wall@squirepb.com |
| ERIK T. KOONS | 1 East Washington Street, Suite 2700 |
| erik.koons@bakerbotts.com | Phoenix, AZ 85004 |
| 1299 Pennsylvania Avenue, NW | Telephone: (602) 528-4005 |
| Washington, DC 20004-2400 | Facsimile: (602) 253-8129 |
| Telephone: (202) 639-7700 | |
| Facsimile: (202) 639-7890 | *Attorneys for Defendant Technologies Display Americas LLC* |

*Attorneys for Defendants Koninklijke Philips, N.V., Philips North America Corporation, Philips Taiwan Limited, and Philips do Brasil, Ltda.*

| | |
|---|---|
| /s/ *Kathy L. Osborn* | /s/ *Eliot A. Adelson* |
| FAEGRE BAKER DANIELS LLP | KIRKLAND & ELLIS LLP |
| KATHY L. OSBORN | ELIOT A. ADELSON |
| Email: kathy.osborn@FaegreBD.com | Email: eadelson@kirkland.com |
| 300 N. Meridian Street, Suite 2700 | 555 California Street, 27th Floor |
| Indianapolis, IN 46204 | San Francisco, CA 94104 |
| Telephone: (317) 237-0300 | Telephone: (415) 439-1413 |
| Facsimile: (317) 237-1000 | Facsimile: (415) 439-1500 |
| | |
| JEFFREY S. ROBERTS | *Attorneys for Defendants Hitachi Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display, Inc.), Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.* |
| Email: jeff.roberts@FaegreBD.com | |
| 3200 Wells Fargo Center | |
| 1700 Lincoln Street | |
| Denver, CO 80203 | |
| Telephone: (303) 607-3500 | |
| Facsimile: (303) 607-3600 | |

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## E-FILING ATTESTATION

I, Christopher M. Curran, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

                                           */s/  Christopher M. Curan*
                                             Christopher M. Curran

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005