ALLEN & OVERY LLP
Michael S. Feldberg (*pro hac vice*)
John Roberti (*pro hac vice*)
Andrew Rhys Davies (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399
Email: michael.feldberg@allenovery.com
john.roberti@allenovery.com
andrewrhys.davies@allenovery.com

*Attorneys for Defendants Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd.*

[Additional Responding Parties and Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.: 07-cv-05944 JST<br><br>MDL No. 1917 |
| This document relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **JOINT CASE-MANAGEMENT STATEMENT FILED BY DEFENDANTS, THE ORS PLAINTIFFS, AND THE NRS PLAINTIFFS IN RESPONSE TO THE COURT'S ORDER DATED JULY 30, 2019 (ECF No. 5530)** |

Defendants submit this statement in response to the questions set forth in the Court's Order dated July 30, 2019 (ECF No. 5530).

Question 1: What additional pleadings and motions must be filed before the claims of the ORS and NRS Plaintiffs will be ready for trial, and what deadlines should the Court set for their filing? Potential examples include additional complaint(s), a motion to amend the operative IPP complaint, and a motion to intervene.

Defendants' Response:

The ORS and NRS Plaintiffs cannot file an amended complaint unless they first successfully move to intervene,[1] and obtain leave to amend.[2] Defendants propose that the motions to intervene and the motions for leave to amend be briefed simultaneously. Defendants' proposed motion schedule reflects that these motions will raise substantive, case-dispositive issues under the laws of a potentially significant number of jurisdictions. As the ORS and NRS Plaintiffs have not yet identified the claims they plan to seek leave to assert, Defendants cannot now provide a comprehensive statement of their arguments in opposition. Defendants anticipate, however, in addition to opposing intervention and leave to amend on the ground of delay, they will oppose amendment on the ground of futility. Among other arguments, the claims are time barred, and some of the threatened claims, including claims that the ORS Plaintiffs may seek to

[1] *See Lidie v. State of California*, 478 F.2d 552, 555 (9th Cir. 1973) (motion to add class representative is "actually a motion to intervene"); *see also Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 826 (7th Cir. 2011) (addition of a class representative requires "intervention by an unnamed plaintiff, who if intervention is allowed becomes the named plaintiff and thus the class representative"); *Zepeda v. PayPal, Inc.*, No. 10-cv-02500-SBA (JCS), 2014 WL 1653246, at *9 (N.D. Cal. Apr. 23, 2014) (absent intervention, unnamed class members "are not plaintiffs and they may not file an amended complaint"), *objections overruled*, 2014 WL 4354386 (N.D. Cal. Sept. 2, 2014).

[2] *See* Fed. R. Civ. P. 15(a)(2).

assert against certain Defendants on behalf of indirect purchasers in Oregon, have already been released through settlements with state attorneys general.

If the Court permits intervention and amendment, Defendants anticipate that there will be motions for class certification and for summary judgment, and motions *in limine*.

Defendants propose the following schedule:

| **Motions to Intervene and Motions for Leave to Amend** | |
|---|---|
| August 23, 2019[3] | ORS and NRS Plaintiffs to file motions to intervene and motions for leave to amend the complaint |
| October 18, 2019 | Defendants to oppose motions to intervene and motions for leave to amend |
| October 31, 2019 | ORS and NRS Plaintiffs to file replies in further support of motions to intervene and motions for leave to amend |
| November 13, 2019 (or such other date as the Court may order) | Hearing on motion to intervene and motion for leave to amend |
| **Responses to Any Amended Complaint** | |
| Within seven (7) days after any order granting intervention and leave to amend | ORS and NRS Plaintiffs to file an amended complaint |
| Within sixty (60) days after the filing of any amended complaint | Defendants to answer or otherwise respond to the amended complaint |
| Within thirty (30) days after any motion(s) filed by Defendants directed to the amended complaint | ORS and NRS Plaintiffs to respond to any motions directed to the amended complaint |
| Within thirty (30) days after the day on which the ORS and NRS Plaintiffs file any opposition. | Defendants to file a reply in further support of any motions directed to the amended complaint |

[3] This date was proposed by counsel for the ORS Plaintiffs on the meet-and-confer call the parties attended following issuance of the Court's July 30, 2019 Order.

| | |
|---|---|
| Within fourteen (14) days after Defendants' reply is filed (or such other date as the Court may order) | Hearing on Defendants' motion(s) directed to the amended complaint |
| **Class Certification** | |
| November 27, 2019 | Last day for the ORS and NRS Plaintiffs to move for class certification |
| January 24, 2020 | Close of class certification discovery, including discovery from the proposed class representatives |
| January 29, 2020 | Last day for opposition to ORS and NRS Plaintiffs' class certification motions |
| February 28, 2020 | Last day for reply in support of ORS and NRS Plaintiffs' class certification motions |
| March 18, 2020 (or such other date as the Court may order) | Hearing on ORS and NRS Plaintiffs' class certification motions |
| **Expert Discovery on the Merits** | |
| March 26, 2020 | Last day for ORS and NRS Plaintiffs to serve opening expert reports on the merits; last day for Defendants to serve opening expert reports on affirmative defenses |
| May 22, 2020 | Last day for Defendants to serve opposition expert reports; last day for the ORS and NRS Plaintiffs to serve opposition reports on affirmative defenses |
| June 19, 2020 | Last day for the ORS and NRS Plaintiffs to serve rebuttal expert reports on the merits; last day for Defendants to serve rebuttal expert reports on affirmative defenses |
| June 26, 2020 | Close of merits expert discovery |

| **Summary Judgment and Pre-Trial Exchanges and Motions** | |
|---|---|
| July 3, 2020 | Last day to renew (as to the 22 Certified Classes) or file (as to the ORS and NRS) dispositive motions[4] |
| July 17, 2020 | Plaintiffs serve list of exhibits, deposition designations, and witnesses |
| July 31, 2020 | Last day to file oppositions to dispositive motions |
| August 3, 2020 | Defendants serve list of exhibits, deposition designations, and witnesses; and counter-designations and objections to Plaintiffs' list of exhibits, deposition designations, and witnesses[5] |
| August 18, 2020 | Last day to file replies in support of dispositive motions |
| August 25, 2020 | Plaintiffs serve counter-designations and objections to Defendants' list of exhibits, deposition designations, and witnesses |
| September 1, 2020 | Last day to renew (as to 22 Certified Classes)/file (as to ORS and NRS) motions *in limine* and other non-dispositive pre-trial motions |
| September 2, 2020 (or such other date as the Court may order) | Hearing on motions for summary judgment |
| September 15, 2020 | Defendants serve objections to Plaintiffs' counter-designations; Last day to file oppositions to motions *in limine* and other non-dispositive pretrial motions |

[4] Defendants do not intend to seek summary judgment against the 22 Certified Classes on grounds that the Court has already rejected, but may, for example, seek summary judgment to the extent there has been any change in law.

[5] As the settlements were executed while the parties were preparing for trial, not all of the Defendants participated in the full prior round of pre-trial exchanges.

| | |
|---|---|
| September 22, 2020 | Last day to meet and confer re: pre-trial order |
| September 25, 2020 | Last day for parties to file replies in support of motions *in limine* and other non-dispositive motions |
| October 2, 2020 | Last day for parties to exchange final proposed exhibits and witness lists; file pre-trial order, agreed set of jury instructions, and verdict forms |
| October 7, 2020 (or such other date as the Court may order) | Hearing on motions *in limine* and other non-dispositive pre-trial motions, and final pre-trial conference |
| November 2, 2020 | Trial |

<u>ORS Response</u>:

The ORS Plaintiffs agree to file either a motion to intervene (if necessary) and/or a motion to amend.[6]

The ORS propose the following schedule:

| | |
|---|---|
| August 23, 2019<br><br>September 13, 2019<br>September 20, 2019<br>Hearing | Motion to Intervene (if necessary) and/or Motion to Amend.<br>Defendants Respond to Motion.<br>Reply to Motion.<br>Date to be set by the Court. |
| If Motion to Amend is granted:<br><br>Within three (3) days thereafter<br>Twenty (20) days after Amended Pleading filed | <br><br>ORS file Amended Pleading.<br><br>Defendants answer or otherwise plead. |

[6] The ORS have not filed any proposed amended complaint or related motions at this time because the ORS did not deem it appropriate to take action with respect to the ORS claims until after the Court entered its order appointing Co-Lead Counsel for the ORS [Dkt. 5528]. Subsequently, on July15, 2019, Mr. Scarpulla and Ms. Moore issued a pre-suit notice to each of the Defendants pursuant to Massachusetts law, which requires 30 days to run before a claimant may file suit. M.G.L.A. 93A sec. 9. That period will run by August 23, 2019, which is when the ORS propose to file their proposed amended pleadings in the interest of judicial economy so that claims under all nine ORS states may be presented at the same time.

| | |
|---|---|
| Ten (10) days after any Defendants' filing other than an answer<br>Five days after ORS response<br>Hearing | ORS respond.<br>Defendants Reply.<br>Date to be set by Court. |
| Class Certification<br>October 31, 2019<br>November 21, 2019<br>December 9, 2019<br>Hearing | ORS file Class Certification Motion.<br>Defendants Respond.<br>ORS Reply<br>Date to be set by Court |
| Expert Discovery on the Merits | ORS agree with the Defendants' proposed schedule. |
| Dispositive Motions<br>July 1, 2010<br>July 16, 2020<br>July 23, 2020<br>Hearing | Dispositive Motions.<br>Responses.<br>Replies.<br>Date to be set by the Court. |
| August 26, 2020 | Trial (provided ORS obtain all prior discovery from IPPs and/or Defendants so that full discovery does not have to proceed anew).<br>.All pretrial pleadings to be filed in accordance with the schedule in the Court rules. |

NRS Subclass Response:

The NRS subclass does not need to add any additional factual allegations or claims for relief to the current operative IPP complaint. That complaint is brought on behalf of a nationwide class of all CRT product purchasers, of which purchasers in Non-Repealer States are a subclass, and alleges that the Defendants violated the Sherman Act by fixing the price of CRT products. That complaint alleges that this nationwide class has a claim for equitable relief under the Clayton Act and requests injunctive and all such further relief as the Court may grant. Accordingly, it contains a sufficient invocation of this Court's equitable powers on behalf of all members of the NRS subclass to raise the issue of the full scope of the equitable relief available

to them in the event the defendants are adjudicated to have indeed committed the alleged antitrust violations.

Heretofore, the named plaintiffs in this litigation, Steven Ganz among them, were prosecuting those equitable claims on behalf of the nationwide class. However, like Mr. Ganz, all of the other named plaintiffs reside in Repealer States, which meant that when the need arose to create a subclass for Non-Repealer State purchasers within the nationwide class, all of the current class representatives suffered from an infirmity that disqualified them from serving as the representative of the NRS subclass. Thus, there is now the need to elevate a member of the NRS subclass to the status of named plaintiff. That is the only amendment that the NRS subclass needs to make in the pleadings in order to proceed to trial.

The NRS Subclass disagrees with Defendants that an intervention is required for an absent class member to become a named plaintiff. Although a motion to intervene is one vehicle for accomplishing the task, we submit that a motion to amend the Fourth Consolidated Amended Complaint (ECF No. 1526) is the more expeditious and totally appropriate procedural vehicle to add Eleanor Lewis as a named plaintiff and putative subclass representatives here. *See, e.g., Immigrant Assistance Project of the Los Angeles Cnty. Fed'n of Labor (AFL-CIO) v. I.N.S.*, 306 F.3d 842, 857-59 (9th Cir. 2002), and *Willner v. Manpower Inc.*, No. 11-cv-02846, 2014 U.S. Dist. LEXIS 89008 (N.D. Cal. June 30, 2014) (Tigar, J.).

The NRS subclass agrees to the August 23, 2019 date for filing a motion to amend.

Question 2: What additional discovery, if any, is necessary in advance of trial? How long do the parties expect any anticipated exchange of discovery to take? Any party claiming the need for additional fact or expert discovery must be specific in its description of such discovery.

Defendants' Response:

Defendants agree with the assumption set forth in the Court's July 30, 2019 Order that discovery concerning the Defendants' liability is complete.

Defendants will take documentary and deposition discovery into the claims asserted by the putative class representatives for the putative ORS and NRS classes. As it is unknown how many class representatives will be proffered, Defendants cannot know exactly how long that discovery will take, but, as set forth above, Defendants anticipate that such discovery can be completed by January 24, 2020.

Defendants anticipate that the ORS and NRS Plaintiffs plan to rely on expert evidence to establish liability and (in the case of the ORS Plaintiffs only) damages. The ORS and NRS Plaintiffs have not yet identified the proposed experts or the subject matters of any proposed expert testimony. Moreover, the ORS and NRS Plaintiffs have not yet even identified the legal claims they intend to assert. At present, but subject to those limitations, Defendants anticipate that expert discovery can be completed within the timeframes set forth above for class-certification and merits expert discovery.

ORS Response:

ORS have requested all relevant discovery and trial preparation materials from IPPs. Until that is produced and analyzed, ORS cannot say absolutely they do not need any further limited discovery, although they do not anticipate that they will.

NRS Subclass Response:

We agree that liability discovery had been completed at the time that the last of the provisionally approved global settlement was reached. It would not be in anyone's interests for the NRS subclass to duplicate any of the previously taken discovery, and therefore, the NRS

subclass assumes that it will be given access to all of the evidence and work product, currently in the possession of IPP Class Counsel, that was assembled and created on behalf of the Nationwide Injunctive Relief Class and its 22 certified damages subclasses before trial preparations were halted by the global settlement. Accordingly, we do not anticipate the need to take additional liability discovery.

We assume that the defendants may rely on expert testimony to support their defenses to the equitable relief claims, and if so, the NRS subclass will take documentary and deposition discovery of those experts. We agree that January 24, 2020 is a reasonable target to set for the completion of expert discovery.

Question 3: After accounting for the remaining pre-trial tasks outlined above, and explaining any other currently foreseen delays, when would the parties be ready to proceed to trial, assuming the Court were to order one consolidated trial?

Defendants' Response:

Based on the proposed schedule set forth above: November 2, 2020.

ORS Response:

August 23, 2020, provided that all previously-taken discovery is made available to ORS on a timely basis so that it does not have to be taken anew.

NRS Subclass Response:

We agree with the ORS Plaintiffs that a trial date in August 2020 is feasible.

* * *

In addition to the foregoing, Defendants respectfully request that the Court designate one attorney to serve as liaison counsel for the ORS Plaintiffs, and who has authority to communicate with the Defendants' counsel. This request is necessitated by several examples of disagreements

within the groups of lawyers who represent the ORS Plaintiffs. In the context of a scheduling discussion that defense counsel was having with Mr. Scarpulla, ostensibly on behalf of the ORS counsel group, Mr. Bonsignore stated: "Scarpulla does not speak for me. Directly communicate requests." Earlier, those attorneys were unable to agree on a pretrial schedule. *See* ECF Nos. 5453, 5454. This is a recipe for inefficiency and unnecessary expense, and should be obviated by appointment of a liaison counsel.

Dated: August 6, 2019

Respectfully submitted,

/s/ *Andrew Rhys Davies*
ALLEN & OVERY LLP
MICHAEL S. FELDBERG
michael.feldberg@allenovery.com
ANDREW RHYS DAVIES
andrewrhys.davies@allenovery.com
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399

JOHN ROBERTI
john.roberti@allenovery.com
ALLEN & OVERY LLP
1101 New York Avenue NW
Washington, DC 20005
Telephone: (202) 683-3800
Facsimile: (212) 610-6399

*Attorneys for Defendants Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd.*

/s/ *John M. Taladay*
BAKER BOTTS LLP
JOHN M. TALADAY
ERIK T. KOONS
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
Email: erik.koons@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips, N.V., Philips North America Corporation, Philips Taiwan Limited, and Philips do Brasil, Ltda*

*/s/ Jeffrey L. Kessler*
WINSTON & STRAWN LLP
JEFFREY L. KESSLER
jkessler@winston.com
EVA W. COLE
ewcole@winston.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

KEVIN B. GOLDSTEIN
kbgoldstein@winston.com
35 W. Wacker Drive
Chicago, IL 60622
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

WEIL, GOTSHAL & MANGES LLP
DAVID L. YOHAI
david.yohai@weil.com
ADAM C. HEMLOCK
adam.hemlock@weil.com
DAVID YOLKUT
david.yolkut@weil.com
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), and MT Picture Display Co., Ltd.*

/s/ *Kathy L. Osborn*
FAEGRE BAKER DANIELS LLP
KATHY L. OSBORN
Email: kathy.osborn@FaegreBD.com
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000

JEFFREY S. ROBERTS
Email: jeff.roberts@FaegreBD.com
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

/s/ *Donald A. Wall*
SQUIRE PATTON BOGGS (US) LLC
DONALD A. WALL
Email: donald.wall@squirepb.com
1 East Washington Street, Suite 2700
Phoenix, AZ 85004
Telephone: (602) 528-4005
Facsimile: (602) 253-8129

*Attorneys for Defendants Technologies Display Americas LLC*

/s/ *Eliot A. Adelson*
KIRKLAND & ELLIS LLP
ELIOT A. ADELSON
Email: eadelson@kirkland.com
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1413
Facsimile: (415) 439-1500

*Attorneys for Defendants Hitachi Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display, Inc.), Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.*

/s/ *Christopher M. Curran*

WHITE & CASE LLP
CHRISTOPHER M. CURRAN
ccurran@whitecase.com
LUCIUS B. LAU
alau@whitecase.com
DANA E. FOSTER
defoster@whitecase.com
MATTHEW N. FRUTIG
mfrutig@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

/s/ Francis O. Scarpulla
Francis O. Scarpulla

Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: 415-788-7210
Facsimile: 415-788-0706
fos@scarpullalaw.com
pbc@scarpullalaw.com

/s/ Theresa D. Moore
Theresa D. Moore

Theresa D. Moore (99978)
Law Offices Of Theresa D. Moore
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 613-1414
tmoore@aliotolaw.com

/s/ Robert J. Bonsignore
Robert Bonsignore

Robert Bonsignore (appearing pro hac vice)
Lisa A. Sleboda (appearing pro hac vice)
Kelley Fahy
Bonsignore Trial Lawyers, PLLC
23 Forest Street
Medford, MA 02155
Office Phone: (781) 350-0000
Cell Phone: (781) 856-7650
Facsimile: (702) 852-5726
Email: rbonsignore@classactions.us
Email: lsleboda@class-actions.us
Email: kfahy@classactions.us

Interim Co-Lead Counsel for Omitted Repealer States

/s/ Tracy R. Kirkham
Tracy R. Kirkham

Tracy R. Kirkham (69912)
John D. Bogdanov (215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
Email: trk@coopkirk.com
jdb@coopkirk.com

Interim Lead Counsel for Non-Repealer States