Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the*
*Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 JST<br><br>MDL NO. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **INDIRECT PURCHASER PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Hearing Date: August 8, 2019<br>Time:  2:00 p.m.<br>Courtroom: 9, 19th Floor<br>Judge:  Hon. Jon S. Tigar |

**Relevant Procedural History**

On July 3, 2019, the Indirect Purchaser Plaintiffs ("IPPs") filed a Motion to Set Trial Date (the "Motion") requesting that the Court set a separate trial date in March 2020 for the IPPs on behalf of the 22 certified classes (the "22 States"). ECF No. 5519. On July 30, 2019, this Court converted the previously-scheduled hearing on IPPs Motion to Set Trial Date to a case management conference and requested that the parties submit supplemental briefing addressing several specific questions. ECF No. 5530.

On July 31, 2019, IPPs filed a Notice of Withdrawal of their Motion to Set Trial Date because IPPs have reached settlements in principle with the six defendants[1] that were the subject of the Motion. ECF No. 5532. IPPs therefore requested that the Court take the hearing on the motion off calendar. *Id*. The Court construed IPPs' request to take the motion hearing off calendar as a request to vacate the case management conference, and denied that request noting that, "[m]ost of the issues described in the Court's order will continue to require resolution even if the IPP settlement becomes final, and all of them will require resolution if it does not. The Court needs to set a schedule." ECF No. 5534.[2]

**Responses To The Court's Questions**

In light of the settlements in principle reached by IPPs and Defendants, which the settling parties will propose as amendments to the existing settlements, IPPs believe it is no longer necessary or efficient to set a pre-trial schedule and trial date for the 22 States at this time. IPPs propose that they be permitted to proceed with negotiating the full terms of the amended

---

[1] The Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, and Thomson/TDA Defendants (collectively referred to herein as "Defendants").

[2] IPPs did not intend to request that the Court vacate the case management conference that the Court set for August 8, 2019. IPPs intended only to inform the Court of their settlements in principle with Defendants, and request that the Court vacate the hearing on IPPs' motion to set a trial date. *See* ECF No. 5532 ("IPPs hereby withdraw their Motion . . . and respectfully request that the Court *take the hearing on the Motion* currently set for August 8, 2019 off calendar") (emphasis added). IPPs apologize for the confusion caused by their Notice of Withdrawal.

settlements with Defendants and then seek approval of those amended settlements as soon as practicable. If the Court rejects the IPPs' amended settlements, the Court can address the schedule as it affects IPPs and Defendants at that time.

IPPs further propose that the Court only set a schedule for the ORS/NRS Plaintiffs through the hearing on Defendants' motion(s) to dismiss their pleadings. The claims of the ORS/NRS Plaintiffs may not survive or they may be narrowed by the various pleadings motions contemplated by Defendants, and the Court's rulings will likely be appealed. All of these events would impact and likely require amendments to any pre-trial schedule the Court sets now. For example, the parties cannot know what discovery will be necessary or how long it may take until they know what claims are proceeding to trial. Therefore, in the interests of efficiency, the Court should wait to see which of the ORS/NRS Plaintiffs' claims survive and whether the IPPs' amended settlements will be approved before setting a full pre-trial schedule and trial date.

With the foregoing caveats in mind, IPPs hereby provide the following responses to the Court's questions:

**1. What additional pleadings and motions must be filed before the claims of the ORS and NRS Plaintiffs will be ready for trial, and what deadlines should the Court set for their filing?**

IPPs take no position on what pleadings or motions must be filed by the ORS/NRS Plaintiffs. IPPs do not agree, however, to the deadlines proposed by Defendants regarding the various pleadings and motions they contend the ORS/NRS Plaintiffs must file.

For example, the Defendants' proposed schedule contemplates that Defendants will have eight weeks (56 days) to respond to the ORS/NRS Plaintiffs' motions to intervene and motions for leave to amend the complaint. Defendants also propose that they have sixty (60) days to answer or otherwise respond to any amended complaint, and that Defendants and ORS/NRS Plaintiffs each have thirty (30) days to file briefs relating to any motions directed to the amended complaint. Similarly, Defendants' proposed schedule for class certification and expert discovery contemplates

approximately sixty (60) days for Defendants' opposition to class certification and their opposition expert reports, and another approximately thirty (30) days for ORS/NRS Plaintiffs' replies.

Given the possibility that the IPPs may have to go to trial with the ORS/NRS Plaintiffs, the ORS/NRS Plaintiffs' case against the Defendants should proceed expeditiously. Defendants and the ORS/NRS Plaintiffs should brief the foregoing motions on the regular schedule under the Northern District's Local Rule 7-3 (opposition due 14 days after service of the motions; reply due 7 days after opposition). Doing so would mean the motions to intervene and for leave to amend the complaint would be fully briefed by September 13, 2019,[3] and could be heard on September 25, 2019 or October 2, 2019—six-seven weeks earlier than under Defendants' proposed schedule. Likewise, if Defendants respond to any amended complaint within thirty (30) days, and the parties brief any motions to dismiss on a regular briefing schedule under L.R. 7-3, briefing would be completed in sixty-nine (69) days less than under Defendants' proposed schedule.

Reducing the proposed schedule for class certification and the exchange of expert reports by half (*i.e.* 30 days instead of 60 days for opposition briefs/expert reports; 15 days for replies), will mean these stages of the litigation will be completed approximately 90 days sooner than under Defendants' proposed schedule.

**2. What additional discovery, if any, is necessary in advance of trial? How long do the parties expect any anticipated exchange of discovery to take?**

As already stated, it is difficult to know what additional discovery is necessary in advance of trial or how long it will take until we know which of the ORS/NRS Plaintiffs' claims will survive.

On August 1, 2019, the ORS Plaintiffs demanded in an email that IPPs produce all written discovery, documents, briefing on class certification and summary judgment, expert reports on class certification and damages, and trial preparation materials—including all drafts, underlying

---

[3] The ORS/NRS Plaintiffs file their motions on August 23, 2019; Defendants respond on September 6, 2019 (14 days later); and ORS/NRS Plaintiffs reply on September 13, 2019.

1  data, and attorney work product relating to same.[4]  IPPs and the ORS/NRS Plaintiffs are
2  attempting to schedule a meet and confer to discuss this request tomorrow.

3        IPPs submit, however, that it is premature to address the question of what materials IPPs
4  should turn over to the ORS/NRS plaintiffs until the claims of the ORS/NRS Plaintiffs are "at
5  issue."  The requested materials span eight years of litigation, are voluminous, and are not stored
6  in a centralized manner.  Moreover, many of the requested materials are subject to absolute
7  protection as attorney opinion work product, and/or are more easily accessible to the producing
8  parties (Defendants and third parties) and should be sought from them.  There are also cost-sharing
9  issues which will need to be addressed in conjunction with this request.

10       IPPs should not have to expend this time and effort—which will likely include motion
11 practice—unless and until the ORS/NRS Plaintiffs have filed their pleadings and have survived
12 motions to dismiss.  This is especially true now that IPPs have agreed to amend their settlements
13 with the Defendants, and (as explained above) it is no longer necessary to set a schedule for the
14 ORS/NRS Plaintiffs beyond the motions to dismiss stage.

15     **3.**    **When would the parties be ready to proceed to trial, assuming the Court were**
16         **to order one consolidated trial?**

17       If the Court declines to approve the contemplated amended settlements between IPPs and
18 Defendants, IPPs estimate that—as set forth in the schedule IPPs proposed in their Motion to Set
19 Trial Date (ECF No. 5519 at 4-5)—the IPP case could be ready for trial in approximately six
20 months.  Assuming the Court will decide whether to approve IPPs' amended settlements by
21 November or December, IPPs believe a trial could take place in May or June 2020.  The schedule

---

[4] Counsel for the ORS Plaintiffs raised this issue at the April 9, 2019 Case Management Conference, and the Court instructed them to file a motion.  *See* April 9, 2019 Hearing Tr. at 31:25 – 33:7.  On April 19, 2019, Mr. Bonsignore submitted a proposed schedule that contemplated a motion to compel IPP Counsel to produce various materials.  *See* ECF Nos. 5454 (proposed schedule), 5454-1 (Attachment A listing requested materials).  But the ORS Plaintiffs never filed their motion, and did not raise the issue again with counsel for IPPs until their August 1, 2019 email.

proposed by Defendants can be substantially shortened, as demonstrated above and by the ORS/NRS Plaintiffs' proposed schedule. Thus, assuming that the briefing on the motions to dismiss proceeds as anticipated, that the Court does not grant any motions to dismiss with leave to amend, and that no appeals are taken, all parties could be ready for trial in May or June 2020.

Dated: August 6, 2019   Respectfully submitted,

By:   */s/ Mario N. Alioto*
MARIO N. ALIOTO (56433)
LAUREN C. CAPURRO (241151)
**TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**
2280 Union Street
San Francisco, California 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

*Lead Counsel for the Indirect Purchaser Plaintiffs*