Brent Caslin (Cal. Bar. No. 198682)
Jenner & Block LLP
633 West Fifth Street
Suite 3600
Los Angeles, California 90071
Telephone:     213 239-5100
Facsimile:      213 239-5199
bcaslin@jenner.com

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Jenner & Block LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone:     312 222-9350
Facsimile:      312 527-0484
ttruax@jenner.com
mbrody@jenner.com

*Attorneys for Mitsubishi Electric Corporation*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-cv-05944-JST<br>Case No. 17-cv-04067-JST<br><br>MDL No. 1917<br><br>**STATEMENT OF MITSUBISHI ELECTRIC CORPORATION IN RESPONSE TO COURT'S ORDER CONVERTING HEARING TO CASE MANAGEMENT CONFERENCE** |
| This Document Relates to:<br><br>Master File No. 07-cv-05944-JST | |

On June 30, 2019, this Court converted a previously-scheduled hearing to a case management conference and requested the parties submit supplemental filings. (ECF No. 5530.) Although the Court may not have intended that its order apply to Mitsubishi Electric Corporation ("Mitsubishi Electric"), Mitsubishi Electric submits this statement in response to the Court's Order.

### The Court Need Not Set A Schedule As To Mitsubishi Electric At This Time

The only case against Mitsubishi Electric has been settled in its entirety and is awaiting approval.

After settling the cases they had previously brought against other defendants, the indirect purchaser plaintiffs, represented principally by Mr. Alioto, threatened suit against Mitsubishi Electric. With the assistance of Magistrate Judge Corley, the parties settled the dispute. As part of that settlement, a purported class of the residents of 31 jurisdictions filed suit against Mitsubishi Electric on July 20, 2017. *Luscher v. Mitsubishi Electric Corporation*, No. 17-cv-04067-JST. The plaintiffs included residents of the 22 repealer states included in the prior IPP litigation and 9 additional states. Mitsubishi Electric had not previously been sued by indirect purchasers.

If that settlement is approved, residents of all 31 jurisdictions may recover and the claims of the residents of those jurisdictions, and no others, will be released. Stated differently, all class members bound by the Mitsubishi Electric settlement are eligible to submit claims for relief and the residents of other states are not bound or required to release anything.

Because the only case against it has been settled, Mitsubishi Electric requests that the Court not set a pre-trial or trial schedule as to Mitsubishi Electric at this time. If the Court rejects the Mitsubishi Electric settlement, the Court can address the schedule concerning Mitsubishi Electric at a later date.

### Mitsubishi Electric's Pretrial Efforts Should Not Commence Unless The Settlement Is Rejected

A party may suggest that the Court set initial pre-trial deadlines while the Court is considering the pending settlement. That approach would undermine Mitsubishi Electric's settlement. Defendants settle a case to avoid the cost of litigation. Being required to incur the cost of litigation after settling the very same case would undermine the value of settling in the first place.

This problem is particularly pernicious in the case of Mitsubishi Electric. To give one example, the legal sufficiency of the claims of the residents of the nine jurisdictions not included in the prior litigation has not been tested. Mitsubishi Electric settled those claims to avoid the uncertainty of litigation from residents of these states. If Mitsubishi Electric is required to go forward, it would first attack the complaint's legal sufficiency, including the timeliness of those claims. While Mitsubishi Electric believes it has defenses to those claims, it acknowledges that its position is not certain, which is why it settled. Forcing Mitsubishi Electric to litigate whether claims should proceed while simultaneously seeking to approve the settlement of those claims would undermine the Mitsubishi Electric settlement.

Dated: August 6, 2019

Respectfully Submitted,

JENNER & BLOCK LLP

By:  */s/ Michael T. Brody*
JENNER & BLOCK LLP
Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
ttruax@jenner.com
mbrody@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

*Attorneys for Defendant Mitsubishi Electric Corporation*