
Jane Becker Whitaker, PR-Bar Num. 9352
Becker Vissepo, PSC
1225 Ponce de Leon, Suite 1102
San Juan, PR 00907
Tel. 787 945.2406
jbw@beckervissepo.com
janebeckerwhitaker@gmail.com

J. Barton Goplerud
Shindler, Anderson, Goplerud & Weese, P.C.
5015 GRAND RIDGE DRIVE, SUITE 100
WEST DES MOINES
IA 50265
Tel: (515) 223-4567
goplerud@sagwlaw.com

John A. Girardi
Girardi/Keese
1126 Wilshire Blvd.
Los Angeles, CA 90017
Tel. (213) 262-6777
Email: jgirardi@girardikeese.com

*Counsel for Intervenor Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. 07-cv-5944 JST |
| This Document Relates To: | **NOTICE OF MOTION AND MOTION TO INTERVENE** |
| ALL INDIRECT PURCHASER ACTIONS | Hearing Date: October 23, 2019<br>Time: 2:00 P.M.<br>Courtroom: 6, 2nd Floor<br>Judge: Honorable Jon S. Tigar |

MDL No. 1917
Case No. 07-cv-5944-JST
NOTICE OF MOTION AND MOTION TO INTERVENE

**TO ALL PARTIES AND THEIR ATTORNEYS:**

PLEASE TAKE NOTICE that on October 23, 2019 at 2:00 P.M., before the Honorable Jon S. Tigar, United States District Court for the Northern District of California, 1301 Clay Street, Courtroom 6, 2nd Floor, Oakland, California 94612, counsel for Plaintiff the Government of Puerto Rico, through its Attorney General of Justice of Puerto Rico, Wanda Vazquez ("Intervenor Plaintiff") will move for an Order permitting it to intervene in the Indirect Purchaser Plaintiff ("IPP") action pursuant to Federal Rules of Civil Procedure 24(a) and (b).

The motion is based on this notice and the accompanying memorandum of points and authorities in support of the motion.

| | |
|---|---|
| Dated: August 23, 2019 | Respectfully Submitted, |
| | GIRARDI/KEESE |
| | By: */s/John A. Girardi* <br> John A. Girardi <br> 1126 Wilshire Blvd. <br> Los Angeles, CA 90017 <br> Tel. (213) 262-6777 <br> Email: jgirardi@girardikeese.com |
| | *Counsel for Intervenor Plaintiff* |

Case No. 07-cv-5944-JST
NOTICE OF MOTION AND MOTION TO INTERVENE

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................1

II. FACTUAL AND PROCEDURAL POSTURE .................................................1

III. ARGUMENT ........................................................................................................4

    A.    THE COURT HAS JURISDICTION TO RULE ON INTERVENOR PLAINTIFF'S MOTION. ............................................4

    B.    INTERVENTION OF RIGHT UNDER RULE 24(A) IS WARRANTED BECAUSE NO ONE IS REPRESENTING INTERVENOR PLAINTIFF'S INTERESTS. ........................................5

    C.    PERMISSIVE INTERVENTION IS APPROPRIATE UNDER RULE 24(B), BECAUSE INTERVENOR PLAINTIFF'S CLAIM SHARES COMMON QUESTIONS OF FACT AND LAW WITH THE MAIN ACTION. ........................................................8

IV. CONCLUSION .....................................................................................................9

# TABLE OF AUTHORITIES

**Page**

## CASES

*Amchem Prods. v. Windsor*,
    521 U.S. 591 (1997) ................................................................................................. 1

*Arakaki v. Cayetano*,
    324 F.3d 1078 (9th Cir. 2003) .................................................................................. 8

*Chamberlain v. Allstate Inc. Co.*,
    931 F.2d 1361 (9th Cir. 1991) .................................................................................. 5

*Donnelly v. Glickman*, 159 F.3d 405 (9th Cir. 1998) ....................................................... 6

*First-Citizens Bank & Trust Co. v. Outsource Services Management*,
    No. 12-1734, 2012 U.S. Dist. LEXIS 196639 (D. Minn. Aug. 29, 2012) .... 5, 8

*Forest Conservation Council v. United States Forest Service*,
    66 F.3d 1489 (9th Cir. 1995) .................................................................................... 6

*Glass v. UBS Financial Services*,
    No. C-06-4068 MMC, 2007 U.S. Dist. LEXIS 8509 (N.D. Cal. Jan. 17, 2007) ........................................................................................................................ 7

*Griggs v. Provident Consume Discount Co.*,
    459 U.S. 56 (1982) .................................................................................................... 4

*In re Community Bank of Northern Virginia Mortgage Loan Litigation*,
    418 F.3d 277 (3d Cir. 2005) ..................................................................................... 7

*Lawson v. Grubhub, Inc.*,
    No. 15-cv-05128, 2018 U.S. Dist. LEXIS 201718 (N.D. Cal. Nov. 28, 2018) ........................................................................................................................ 5

*Lenk v. Monolithic Power Systems*,
    No. 16-CV-02625, 2017 U.S. Dist. LEXIS 148505 (N.D. Cal. Sep. 13, 2017) ........................................................................................................................ 4

*Resolution Trust Corp. v. Smith*,
    53 F.3d 72 (5th Cir. 1995) ........................................................................................ 4

*Sagebrush Rebellion, Inc. v. Watt*,
    713 F.2d 525 (9th Cir. 1983) .................................................................................... 8

*Smith v. L.A. Unified School District*,
    830 F.3d 843 (9th Cir. 2016) .................................................................................... 6

*Trulis v. Barton*,
    107 F.3d 685 (9th Cir. 1995) .................................................................................... 4

*Ubaldi v. SLM Corp.*,
  No. C-11-01320 EDL, U.S. Dist. LEXIS 192288 (N.D. Cal. Jun. 13, 2014) ..................................................................................................................7

*United Airlines, Inc. v. McDonald*,
  432 U.S. 385 (1977) ........................................................................................6

*United States v. Alisal Water Corp.*,
  370 F.3d 915 (9th Cir. 2004) ...........................................................................6

*Wilderness Society v. United States Forest Service*,
  630 F.3d 1173 (9th Cir. 2011) .........................................................................6

**RULES**

Fed. R. Civ. P. 24(a) ..............................................................................................6

Fed. R. Civ. P. 24(b) ..............................................................................................8

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Before filing this motion, the Government of Puerto Rico reached out to defendants' counsel to ask whether they would consent to Puerto Rico's intervention in this case. Defendants' counsel asked for clarification of the relief requested, to which we responded. Defendants' counsel never responded as to whether they would consent to the intervention.

Intervenor Plaintiff seeks to intervene because this important case is proceeding to the exclusion of the consumers and government agencies of Puerto Rico. Intervenor Plaintiff has an interest in ensuring that its citizens, whose rights this combined class action implicates, are properly represented. Due process and efficiency will be best served if the Intervenor Plaintiff is permitted to intervene.

Intervenor Plaintiff has an interest in ensuring that its citizens claims are part of this case. None of the IPP classes—repealer states, omitted repealer states, or nonrepealer states—include Puerto Rico. Therefore, Puerto Ricans' rights are not adequately represented, which is improper. *See, e.g., Amchem Prods. v. Windsor*, 521 U.S. 591, 627 (1997) ("[T]he settling parties, in sum, achieved a global compromise with no structural assurance of fair and adequate representation for the diverse groups and individuals affected.")

Given the effect a settlement and damages award by any or all of these classes could have on Puerto Rico's unjust enrichment claims, with its 15 year statute of limitations, Intervenor Plaintiff believes the appropriate way to proceed is for the Court to permit it to pursue its citizen's claims here. Indeed, Intervenor Plaintiff sought to represent its citizens before Defendants removed its complaint. And it is Defendants' removal that brings us here.

## II. FACTUAL AND PROCEDURAL POSTURE

IPPs' Fourth Consolidated Amended Complaint ("FCAC") asserts damages claims on behalf of class representative plaintiffs in twenty-two states that have

MDL No. 1917
Case No. 07-cv-5944-JST                          1
NOTICE OF MOTION AND MOTION TO INTERVENE

authorized indirect purchasers to seek damages for antitrust overcharges under the laws of those respective states. ECF No. 1526. The Court certified separate state damages classes consisting of residents of each state that purchased a cathode ray tube as part of a television or monitor (the "Certified Class"). ECF No. 1950.

The Court has approved eight IPP settlements in three separate orders. *See* ECF Nos. 992 (Chungwa for $10,000,000); 2542 (LG Electronics for $25,000,000); and 4712 (Phillips for $175,000,000, Panasonic for $70,000,000, Hitachi for $28,000,000, Toshiba for $30,000,000, Samsung SDI for $225,000,000, and Thompson and TDA for $13,750,000). The present combined total for the IPP settlements is $576,750,000. ECF No. 4712 at 2. The Court also issued an order approving Lead Counsel's requested attorneys' fees in the amount of $158,606,250. ECF No. 4740 at 2.

The third final approval order certified a nationwide injunctive relief class and statewide damages settlement classes of indirect purchasers (the "Settlement Class") defined as follows:

> NATIONWIDE CLASS:
>
> All persons and or entities who or which indirectly purchased in the United States for their own use and not for resale, CRT Products[1] manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or alleged co-conspirator thereof, at any time during the period from March 1, 1995 through November 25, 2007. Specifically excluded from this Class are claims on behalf of Illinois persons (as defined by 740 ILCS 10/4) for purposes of claims under 740 Ill. Comp. Stat. § 10/7(2), Oregon natural persons (as defined by ORS 646.705 (2)) for purposes of claims under ORS § 646.775(1), and Washington persons (as defined by RCW 19.86.080) for purposes of claims under RCW 19.86.080 (1). Also specifically excluded from this Class are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and, any affiliate, legal

---

[1] CRT Products are defined in the Settlement Agreements to mean cathode ray tubes of any type, including. color display tubes, color picture tubes, monochrome display tubes and products containing cathode ray tubes.

representative, heir or assign of any Defendant. Also excluded are named co-conspirators, any federal, state or local government entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

STATE DAMAGE CLASSES:

All persons and or entities in Arizona, California, District of Columbia, Florida, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, and Wisconsin who or which indirectly purchased for their own use and not for resale, CRT Products manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or alleged co-conspirator thereof, at any time during the period from at least March 1, 1995 through November 25, 2007.

All persons and entities in Hawaii who or which indirectly purchased for their own use and not for resale CRT Products manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or alleged co-conspirator thereof, at any time from June 25, 2002 through November 25, 2007.

All persons and entities in Nebraska who or which indirectly purchased for their own use and not for resale CRT Products manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or alleged co-conspirator thereof, at any time from July 20, 2002 through November 25, 2007.

All persons and entities in Nevada who or which indirectly purchased for their own use and not for resale CRT Products manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or alleged co-conspirator thereof, at any time from February 4, 1999 through November 25, 2007.

Specifically excluded from these Classes are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and, any affiliate, legal representative, heir or assign of any Defendant. Also excluded are named co-conspirators, any federal, state or local government entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

MDL No. 1917
Case No. 07-cv-5944-JST

3

NOTICE OF MOTION AND MOTION TO INTERVENE

ECF No. 3906 (Preliminary Approval Order) at 1-2. Importantly, Illinois', Oregon's, and Washington's attorneys general are involved as *parens patriae* (as Puerto Rico attempts here) in the Nationwide claim.

On December 18, 2018, the Commonwealth of Puerto Rico filed its *parens patriae* lawsuit on behalf of its citizens. Puerto Ricans were not included in any of the previously filed private complaints because Puerto Rico antitrust law does not recognize a legal claim for indirect purchasers, whether brought directly by its citizens or by the Commonwealth on their behalf. It was because of this lack of a legal remedy that Intervenor Plaintiff filed its case in Commonwealth court, which Defendants removed on March 18, 2019.

Because the Intervenor Plaintiff's complaint is now in federal court, because the scope and direction of the various IPP class actions are likely to influence the outcome of Intervenor Plaintiff's claim, and because Intervenor Plaintiff's claim derives from the identical evidence already before this Court, Intervenor Plaintiff sensibly seeks to intervene.

### III. ARGUMENT

#### A. The Court has jurisdiction to rule on Intervenor Plaintiff's motion.

To the extent several objectors' appeal is still pending, this appeal does not divest this Court of power to rule on the instant motion. First, an appeal only divests the Court of jurisdiction over "those aspects of the case involved in the appeal." *Lenk v. Monolithic Power Systems*, No. 16-CV-02625, 2017 U.S. Dist. LEXIS 148505, at *7 (N.D. Cal. Sep. 13, 2017) (*citing Griggs v. Provident Consume Discount Co.*, 459 U.S. 56, 58 (1982)). Second, the district court retains jurisdiction over all other matters not raised on appeal. *See Trulis v. Barton*, 107 F.3d 685, 695 (9th Cir. 1995) (holding that the district court had jurisdiction to decide issues that were "not part of the appeal"); *Resolution Trust Corp. v. Smith*, 53 F.3d 72, 76 (5th Cir. 1995) (same). Here, there are two remaining Defendants: Mitsubishi and

IRICO. Mitsubishi is a named co-conspirator and IRICO is a named Defendant. *See* FCAC ¶¶26, 95. Mitsubishi and IRICO are not part of the settlements involved in the appeals. (Indeed, with the Ninth Circuit's requirement to mediate, arguably *all* of the Defendants are unsettled.) Thus, this Court retains jurisdiction over the IPPs' claims against them.  Third, the Court also maintains continuing jurisdiction over the settlements it has approved, and which are not currently on appeal and are arguably subject to reapproval. *See* ECF Nos. 884-1 (Ex. 1, Chungwa Settlement, at ¶34); and 1933-1 (Ex. 1, LG Settlement, at ¶33).

Therefore, the Court has jurisdiction to rule on Intervenor Plaintiff's motion. *See First-Citizens Bank & Trust Co. v. Outsource Services Management*, No. 12-1734, 2012 U.S. Dist. LEXIS 196639, at *3 (D. Minn. Aug. 29, 2012) (granting intervention motion while appeal was pending, because it involved issues "not involved in the appeal") and *Chamberlain v. Allstate Inc. Co.*, 931 F.2d 1361, 1366 (9th Cir. 1991) (holding that "district courts generally have the virtually unflagging obligation to exercise the jurisdiction given them")(internal quotes omitted).[2]

### B. Intervention of right under Rule 24(a) is warranted because no one is representing Intervenor Plaintiff's interests.

Intervenor Plaintiff has a direct financial interest in the litigation because its citizens purchased products containing cathode ray tubes and paid overcharges during the class period. Intervenor Plaintiff is thus capable of showing that it incurred damages and paid overcharges as a result of Defendants' cartel and related price-fixing activity.

---

[2] If it determines that it lacks jurisdiction, the Court may also construe the instant motion as a Rule 62.1 Motion for Indicative Ruling and may state now "whether [it] would grant the motion if the court of appeals remand for that purpose or that the motion raises a substantial issue." *Lawson v. Grubhub, Inc.*, No. 15-cv-05128, 2018 U.S. Dist. LEXIS 201718, at *5-6 (N.D. Cal. Nov. 28, 2018).

Rule 24(a) provides for intervention as a matter of right for anyone who "claims an interest relating to the property or transaction that is subject to the action." Fed. R. Civ. P. 24(a). As a representative of injured indirect purchasers, Intervenor Plaintiff has an interest in the "property or transaction that is subject to the action." Fed. R. Civ. P. 24(a).

Courts apply a four-part test when considering whether to grant a plaintiff's motion for intervention of right:

> (1) the motion must be timely; (2) the applicant must claim a significantly protectable interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Forest Conservation Council v. United States Forest Service,* 66 F.3d 1489, 1493 (9th Cir. 1995) (internal quotes omitted) (overruled on other grounds by *Wilderness Society v. United States Forest Service*, 630 F.3d 1173, 1178 (9th Cir. 2011)). The Court must "interpret the requirements broadly in favor of intervention." *See Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

First, Intervenor Plaintiff's application is timely. The Ninth Circuit has held that when evaluating the issue of timeliness, courts evaluate the "totality of the circumstances facing would be intervenors," and not merely the lapse of time between the motion for intervention and the initiation of the action. *Smith v. L.A. Unified School District*, 830 F.3d 843, 854 (9th Cir. 2016). Moreover, "[t]imeliness is a flexible concept; its determination is left to the district court's discretion." *United States v. Alisal Water Corp.,* 370 F.3d 915, 921 (9th Cir. 2004) (citation omitted). Intervenor Plaintiff's decision to intervene occurs following Defendants' removal of its complaint. *See, e.g., United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977) (holding that plaintiffs' intervention motion was timely where it was filed "as soon as it became clear to the respondent that the interests of the unnamed

class members would no longer be protected by the named class representatives"). In this manner, there is no prejudice to any party. Rather, Puerto Rico's involvement will only enhance the likelihood of the complete resolution of this case.

Second, Intervenor Plaintiff has a significant protectable interest in the "property or transaction" at issue in this case, because its citizens purchased products containing a cathode ray tubes during the class period. *See, e.g., Ubaldi v. SLM Corp.,* No. C-11-01320 EDL, 2014 U.S. Dist. LEXIS 192288 at *13 (N.D. Cal. Jun. 13, 2014) (citing *In re Community Bank of Northern Virginia Mortgage Loan Litigation*, 418 F.3d 277, 314 (3d Cir. 2005) (finding that the protectable interest factor is satisfied when claimant seeks to intervene "by the very nature of class action litigation")).

Third, disposition of this action without Intervenor Plaintiff means the case would proceed without a significant victim with an interest in its subject matter. *See, e.g., Glass v. UBS Financial Services*, No. C-06-4068 MMC, 2007 U.S. Dist. LEXIS 8509, at *8 (N.D. Cal. Jan. 17, 2007) (stating that "because [Plaintiff] has not opted out of the class settlement, and the deadline to do so has passed, the Court finds that [Plaintiff] has demonstrated the disposition of the instant action may impair or impede his ability to protect his interest").[3] To the extent further (or reworked) settlement negotiations occur, Puerto Rico is entitled to a seat at the table. Indeed, Defendants, too, deserve to have all the players available for purposes of global resolution.

Fourth, Intervenor Plaintiff satisfies the inadequate representation requirement. Intervenor Plaintiff's burden in establishing this element is "minimal,"

---

[3] There is no requirement that the party seeking to intervene show "an absolute certainty" that its interests will be impaired in support of its request. *See Alisal,* 370 F.3d at 919. Generally, "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, [s]he should . . . be entitled to intervene." *Southwest Center for Biological Diversity v. Berg,* 268 F.3d 810, 822 (9th Cir. 2001).

1 and "it is sufficient to show that representation *may* be inadequate." *Forest*
2 *Conservation Counsel*, 66 F.3d at 1498-99 (emphasis in original). The test is
3 whether existing counsel will "undoubtedly make all the intervenor's arguments;
4 whether the present party is capable and willing to make such arguments; and
5 whether the intervenor would offer any necessary elements to the proceedings that
6 other parties would neglect." *Id*.; *see also Sagebrush Rebellion, Inc. v. Watt,* 713
7 F.2d 525, 528 (9th Cir. 1983). The most important factor is "how the interest
8 compares with the interest of existing parties." *Arakaki v. Cayetano,* 324 F.3d 1078,
9 1086 (9th Cir. 2003). The "minimal" burden of showing inadequacy of
10 representation is satisfied if the applicant can demonstrate that representation of its
11 interests "may be" inadequate. *Id*. at 1086.

12 Here the minimal burden is easily satisfied. Current counsel—for whichever
13 class—does not represent Puerto Rico or its interests. Indeed, nonrepealer-state
14 counsel left Puerto Rico—a nonrepealer jurisdiction—out altogether. In this manner,
15 current counsel has failed to represent victims (if, indeed, private counsel could even
16 represent Puerto Rico's citizens in a *parens patriae* capacity, which they could not),
17 and Puerto Rico runs the risk of having this matter resolved in this Court without its
18 participation and in a manner that could affect Puerto Rico's eventual recovery.

### C. Permissive intervention is appropriate under Rule 24(b), because Intervenor Plaintiff's claim shares common questions of fact and law with the main action.

Permissive intervention is appropriate in cases where a movant "has a claim . . . that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Here, Intervenor Plaintiff fits within shares common question of fact with the various classes' claimants because it purchased products containing cathode ray tubes during the class period. The principal common question of fact is whether Puerto Rico deserves compensation for the overcharge it paid for these products. Regardless of the answer, the question is the same for the Intervenor Plaintiff and

MDL No. 1917
Case No. 07-cv-5944-JST                    8
NOTICE OF MOTION AND MOTION TO INTERVENE

1  the various class members. All seek compensation for overcharges resulting from
2  Defendants' price-fixing. Intervenor Plaintiff seeks permissive intervention so it
3  may protect its citizens' interests and vigorously pursue their claims against the
4  Defendants.

**IV.  CONCLUSION**

For the foregoing reasons, this Court should grant Intervenor Plaintiff's motion.

Dated: August 23, 2019

Respectfully Submitted,
GIRARDI/KEESE

By: */s/John A. Girardi*
John A. Girardi
Girardi/Keese
1126 Wilshire Blvd.
Los Angeles, CA 90017
Tel. (213) 262-6777
Email: jgirardi@girardikeese.com

*Counsel for Intervenor Plaintiff*

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1126 Wilshire Boulevard, Los Angeles, CA 90017-1904.

On August 23, 2019, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION TO INTERVENE** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 23, 2019, at Los Angeles, California.

*/s/ John A. Girardi*
John A. Girardi

MDL No. 1917
Case No. 07-cv-5944-JST
NOTICE OF MOTION AND MOTION TO INTERVENE