Tracy R. Kirkham (69912)
John D. Bogdanov (215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
Email: trk@coopkirk.com
       jdb@coopkirk.com

*Interim Lead Counsel for the Non-Repealer State Subclass*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **NOTICE OF MOTION AND MOTION OF NON-REPEALER STATE SUBCLASS MEMBER ELEANOR LEWIS FOR LEAVE TO FILE AMENDED COMPLAINT TO ADD AN ADDITIONAL PARTY, OR IN THE ALTERNATIVE, TO INTERVENE AND AMEND**<br><br>Hearing Date: October 23, 2019<br>Time:       2:00 p.m.<br>Courtroom:  6, 2nd Floor<br>Judge:      Honorable Jon S. Tigar |

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ..............................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................2

I.   INTRODUCTION ..............................................................................................................2

II.  BACKGROUND ................................................................................................................2

III. THE PROPOSED AMENDMENT ....................................................................................4

IV.  LEAVE TO AMEND THE COMPLAINT IS WARRANTED HERE ..............................4

        A.   Rule 15 Establishes a Liberal Standard for
            Granting Leave to Amend ..............................................................................4

        B.   The Proposed Amendment Meets the
            Requirements of Rule 15 ................................................................................5

        C.   The Proposed Amendment Relates Back
            to the Original Complaint ................................................................................7

V.   A MOTION TO INTERVENE WHICH ADDS A NAMED PLAINTIFF
     IS GENERALLY PERMMITTED THROUGHOUT THE
     COURSE OF A CLASS ACTION ....................................................................................9

        A.   A Class Member Satisfies the Requirements of Rule 24(a)
            For Intervention as a Matter of Right ............................................................9

        B.   Intervenor Plaintiff's Application is Timely...............................................10

        C.   Intervenor Plaintiff's Interests Would Be Inadequately
            Represented Absent Intervention ................................................................12

        D.   Alternatively, Permissive Intervention is Appropriate Here......................13

        E.   Additional Considerations That a Class Member May Be
            Named to the Complaint ..............................................................................13

VI.  CONCLUSION..................................................................................................................14

# TABLE OF AUTHORITIES

**CASES**                                                                                                                  **PAGE(S)**

*Allen v. Bayshore Mall,*
    No. 12-cv-02368-JST,
    2013 U.S. Dist. LEXIS 172890 (N.D. Cal. Dec. 9, 2013) ..................................................6

*Allen v. Hyland's,*
    No. 12-01150-DMG,
    2012 U.S. Dist. LEXIS 196196 (C.D. Cal. Aug. 28, 2012) ...............................................10

*Allen v. Similasan Corp.,*
    96 F. Supp. 3d 1063 (S.D. Cal. 2015) .............................................................................8, 9

*Arakaki v. Cayetano,*
    324 F.3d 1078 (9th Cir. 2003) .............................................................................................12

*Bowles v. Reade,*
    198 F.3d 752 (9th Cir. 1999) .................................................................................................5

*DCD Programs, Ltd. v. Leighton,*
    833 F.2d 183 (9th Cir. 1987) .................................................................................................4

*Diaz v. Trust Territory of Pacific Islands,*
    876 F.2d 1401 (9th Cir. 1989) .............................................................................................12

*Donnelly v. Glickman,*
    159 F.3d 405 (9th Cir. 1998) ...............................................................................................10

*Eminence Capital, LLC v. Aspeon, Inc.,*
    316 F.3d 1048 (9th Cir. 2003) ..........................................................................................4, 5

*Foman v. Davis,*
    371 U.S. 178 (1962) ..........................................................................................................4, 6

*Forest Conservation Council v. U.S. Forest Serv.,*
    66 F.3d 1489 (9th Cir. 1995) ................................................................................... 9-10, 12

*Howey v. United States,*
    481 F.2d 1187 (9th Cir. 1973) ...............................................................................................5

*Immigrant Assistance Project of the
Los Angeles Cnty. Fed'n of Labor (AFL-CIO) v. I.N.S.,*
    306 F.3d 842 (9th Cir. 2002) .......................................................................................4, 8, 9

*In re Cmty. Bank of N. Va.,*
    418 F.3d 277 (3d Cir. 2005) ................................................................................................10

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.,*
    827 F.3d 223 (2d Cir. 2016) ................................................................................................13

*In re Syntex Corp. Sec. Litig.,*
    95 F.3d 922 (9th Cir. 1996) ...................................................................................................8

*In re Telectronics Pacing Sys., Inc., Accufix Atrial "J" Leads Profs. Liab. Litig.,*
    172 F.R.D. 271 (S.D. Ohio 1997) ....................................................................................... 14

*In re W. States Wholesale Natural Gas Antitrust Litig.,*
    715 F.3d 716 (9th Cir. 2013) ............................................................................................... 5

*Kamahaki v. Am. Soc'y for Reprod. Med.,*
    No. 11-cv-01781-JCS,
    2015 U.S. Dist. LEXIS 54842 (N.D. Cal. Apr. 27, 2015) .................................................. 11

*League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency,*
    558 F.2d 914 (9th Cir. 1977) .............................................................................................. 13

*Matthews Metals Prods., Inc. v. RBM Precision Metal Prods., Inc.,*
    186 F.R.D. 581 (N.D. Cal. 1999) ....................................................................................... 13

*McClurg v. Maricopa Cnty.,*
    No. 09-cv-01684-PHX,
    2010 U.S. Dist. LEXIS 108682 (D. Ariz. Sept. 30, 2010) ................................................... 7

*Moore v. Kayport Package Exp., Inc.,*
    885 F.2d 531 (9th Cir. 1989) ................................................................................................ 6

*Prete v. Bradbury,*
    438 F.3d 949 (9th Cir. 2006) ............................................................................................. 10

*Roth v. Garcia Marquez,*
    942 F.2d 617 (9th Cir. 1991) ................................................................................................ 6

*Slavkov v. Fast Water Heater I, LP,*
    No. 14-cv-04324-JST,
    2015 U.S. Dist. LEXIS 114224 (N.D. Cal. Aug. 27, 2015) .................................................. 7

*Smith v. L.A. Unified School District,*
    830 F.3d 843 (9th Cir. 2016) ............................................................................................. 10

*Todd v. Tempur-Sealy Int'l, Inc.,*
    No. 13-cv-04984-JST,
    2015 U.S. Dist. LEXIS 114116 (N.D. Cal. Aug. 26, 2015) .................................................. 7

*Ubaldi v. SLM Corp.,*
    No. C-11-01320 EDL,
    2014 U.S. Dist. LEXIS 192288 (N.D. Cal. June 13, 2014) ......................................... 9, 13

*United States v. Alisal Water Corp.,*
    370 F.3d 915 (9th Cir. 2004) ....................................................................................... 10-11

*United States v. City of Los Angeles,*
    288 F.3d 391 (9th Cir. 2002) ............................................................................................. 10

*United States v. Webb,*
    655 F.2d 977 (9th Cir. 1981) ................................................................................................ 4

*Walintukan v. SBE Entm't Group, LLC,*
    No. 16-cv-01311-JST,
    2017 U.S. Dist. LEXIS 22559 (N.D. Cal. Feb. 15, 2017) ............................................. 5, 6

*Willner v. Manpower Inc.*,
    No. 11-cv-02846-JST,
    2014 U.S. Dist. LEXIS 89008 (N.D. Cal. June 30, 2014) ..............................................4, 8

**STATUTES**

15 U.S.C. § 1................................................................................................................ 2-3, 6, 13

15 U.S.C. § 16...........................................................................................................................6

**RULES**

Fed. R. Civ. P. 15(a) .............................................................................................................5, 6, 13

Fed. R. Civ. P. 15(a)(2)..............................................................................................................1, 2, 4

Fed. R. Civ. P. 15(c) ..................................................................................................................7, 8

Fed. R. Civ. P. 15(c), Advisory Committee Notes to 1966 Amendments .......................................8

Fed. R. Civ. P. 20........................................................................................................................13

Fed. R. Civ. P. 20(a) ...................................................................................................................13

Fed. R. Civ. P. 20(a)(1)...............................................................................................................13

Fed. R. Civ. P. 21........................................................................................................................13

Fed. R. Civ. P. 23........................................................................................................................10

Fed. R. Civ. P. 24.....................................................................................................................1, 2

Fed. R. Civ. P. 24(a) ............................................................................................................. 4, 9-10

Fed. R. Civ. P. 24(a)(2)...............................................................................................................10

Fed. R. Civ. P. 24(b) ................................................................................................................4, 9

Fed. R. Civ. P. 24(b)(1)(B) ........................................................................................................13

v

MOTION OF NON-REPEALER STATE SUBCLASS MEMBER ELEANOR LEWIS FOR LEAVE TO FILE AMENDED COMPLAINT OR TO INTERVENE - Case No. 3:07-cv-5944, MDL No. 1917

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on October 23, 2019, at 2:00 p.m., or as soon thereafter as the matter can be heard before the Honorable Jon S. Tigar, United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California, 94612, Courtroom 6, 2nd Floor, Non-Repealer State ("NRS") class member Eleanor Lewis will, and hereby does, move the Court, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, for an Order granting her leave to amend the Fourth Consolidated Amended Complaint ("Complaint") to add class member Eleanor Lewis as a named plaintiff; or in the alternative, pursuant to Rule 24 of the Federal Rules of Civil Procedure, for an Order permitting Ms. Lewis to intervene as a party plaintiff in the above-captioned action and then to amend the Complaint.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the proposed amended complaint attached to the Motion to Intervene and Amend Complaint to Allege State Law Claims for the Other Repealer States, any arguments and evidence that may be presented at any hearing before the Court on this motion, all transcripts of prior proceedings before this Court and on all other pleadings and papers on file in this action.

//
//
//
//
//
//
//
//
//
//
//
//

1

MOTION OF NON-REPEALER STATE SUBCLASS MEMBER ELEANOR LEWIS FOR LEAVE TO FILE
AMENDED COMPLAINT OR TO INTERVENE - Case No. 3:07-cv-5944, MDL No. 1917

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

NRS Subclass member Eleanor Lewis hereby respectfully submits this Memorandum in Support of her Motion to Amend the IPP Fourth Consolidated Amended Complaint (ECF No. 1526) pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure ("Rule"). Ms. Lewis's proposed amendment is contained in a proposed Fifth Consolidated Amended Complaint being submitted jointly with the ORS Plaintiffs. Ms. Lewis is seeking to make only a single change from the language and allegations relevant to the NRS subclass already contained in the current operative Complaint. That is to add class member Eleanor Lewis as a named plaintiff. In the alternative, if the Court determines that such a prerequisite is necessary, Ms. Lewis moves for an Order pursuant to Rule 24 of the Federal Rules of Civil Procedure, that she be permitted to intervene as a party plaintiff in this action, and simultaneously be given leave to file the Fifth Consolidated Amended Complaint.

## II. BACKGROUND

On July 3, 2019, this Court appointed Cooper & Kirkham as interim lead counsel for the NRS Subclass. *See* ECF No. 5518 at 2. However, NRS Subclass members, including Ms. Lewis, as members of the nationwide class pleaded herein, have consistently alleged since the inception of this litigation, that they were injured by a price-fixing conspiracy among the major manufacturers of Cathode Ray Tubes ("CRTs") used in televisions, computer monitors, and other electronics products when they indirectly purchased CRT products for their own use and not for resale during the period January 1, 1995 through November 25, 2007 (the "Class Period"), and that these injuries entitle them to an award of equitable injunctive relief.

The operative IPP Fourth Consolidated Amended Complaint alleges that Defendant manufacturers of CRTs engaged in an international price-fixing cartel to drive up CRT prices throughout the United States to supracompetitive levels. Specifically, the Complaint alleges that throughout the Class Period, Defendants participated in regular group and bilateral meetings during which they exchanged pricing, production, and other confidential business information and entered into anticompetitive agreements. The Complaint alleges that Defendants violated Section

1 of the Sherman Act, 15 U.S.C. § 1, as well as a variety of state laws, and that all members of a nationwide class were the target of this illegal inflation in the prices of CRT products. *See, e.g.,* ECF No. 1526, ¶¶ 243, 246-256.

Claims for equitable relief were filed on behalf of the nationwide class, and thus, the NRS Subclass in the original complaints herein and in each successive consolidated complaint, requested injunctive and all such further equitable relief as the Court may grant. *See id.* at Prayers for Relief §§ E and H; ECF No. 437, ¶240 and Prayers for Relief §§ E and H.  It is for this reason that NRS Subclass members could be included in the Nationwide Settlement Class that remains conditionally certified by this Court, and their releases offered in the prior settlements.  Thus, the NRS Subclass does not need to add any additional factual allegations or claims for relief to the current operative Fourth Consolidated Amended Complaint since the allegations therein contain a sufficient invocation of this Court's equitable powers to provide for an award of the full scope of the equitable relief this Court can grant in the event the Defendants are adjudicated to have committed the alleged antitrust violations.

Heretofore, the currently named plaintiffs in this litigation were prosecuting those equitable claims on behalf of the entire nationwide class.  However, all of the current named plaintiffs reside in Repealer States, which meant that when the need arose to create a subclass for Non-Repealer State purchasers within the nationwide class, all of the current class representatives suffered from an infirmity that disqualified them from serving as the representative of the NRS subclass.  In addition, the named plaintiffs have now announced that they have reached a separate settlement with the Defendants, and therefore, if it is approved, they do not intend to further prosecute the claims they alleged on behalf of their NRS brethren.  Thus, there is now the need to elevate a member of the NRS subclass to the status of named plaintiff.  That is the only amendment that the NRS subclass needs to make in the pleadings in order to proceed to trial.

Ms. Lewis disagrees with Defendants' assertion in the recent Joint Case Management Statement that an intervention is required for an absent class member to become a named plaintiff. *See* ECF No. 5542 at 1.  Although a motion to intervene is one method of accomplishing the task, a motion to amend the Fourth Amended Consolidated Complaint is the more expeditious and

1  totally appropriate procedural vehicle to add Ms. Lewis as a named plaintiff and putative subclass

2  representative here.  *See, e.g., Immigrant Assistance Project of the Los Angeles Cnty. Fed'n of*

3  *Labor (AFL-CIO) v. I.N.S.,* 306 F.3d 842, 857-59 (9th Cir. 2002), and *Willner v. Manpower Inc.,*

4  No. 11-cv-02846-JST, 2014 U.S. Dist. LEXIS 89008 (N.D. Cal. June 30, 2014).  In the alternative,

5  Ms. Lewis also satisfies the requirements for her to intervene in this action to become a named

6  plaintiff pursuant to Rules 24(a) and (b).

7  **III.    THE PROPOSED AMENDMENT**

8  The NRS Plaintiffs seek leave to amend the Fourth Consolidated Amended Complaint to

9  name class member Eleanor Lewis, a resident of Ohio (a non-repealer state), as a named plaintiff.

10  *See* Proposed Fifth Consolidated Amended Complaint attached to the "Motion to Intervene and

11  Amend Complaint to Allege State Law Claims for the Other Repealer States," at Exhibits A & B, ¶

12  69.  Ms. Lewis indirectly purchased a CRT Product in Ohio during the Class Period, and entered

13  an appearance in this litigation on July 14, 2016.  ECF No. 4718.

14  **IV.    LEAVE TO AMEND THE COMPLAINT IS WARRANTED HERE**

15  **A.    Rule 15 Establishes a Liberal Standard for Granting Leave to Amend**

16  Pursuant to Rule 15(a)(2), leave to amend a pleading should be freely given "when justice

17  so requires."  The liberal policy in favor of granting leave to amend is intended to "facilitate

18  decision[s] on the merits, rather than on the pleadings or technicalities."  *United States v. Webb,*

19  655 F.2d 977, 979 (9th Cir. 1981).  In the Ninth Circuit, the policy favoring leave to amend "is 'to

20  be applied with extreme liberality.'"  *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051

21  (9th Cir. 2003) (citation omitted).

22  The Supreme Court has instructed that "the leave sought should, as the rule requires, be

23  'freely given'" unless the nonmovant establishes undue delay, bad faith or dilatory motive on part

24  of the movant, prejudice to the nonmovant, or futility of amendment.  *Foman v. Davis*, 371 U.S.

25  178, 182 (1962); *see also DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987)

26  (assessing factors and reversing denial of leave to amend to add a new party in fourth amended

27  complaint notwithstanding defendants' arguments of undue delay and futility).  "These factors,

28  however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to

1  amend." *DCD Programs*, 833 F.2d at 186.  Instead, "it is the consideration of prejudice to the
2  opposing party that carries the greatest weight."  *Eminence Capital*, 316 F.3d at 1048.  "Where
3  there is lack of prejudice to the opposing party and the amended complaint is obviously not
4  frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a
5  motion."  *Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973).  Without prejudice, or
6  at least "a strong showing of any of the remaining . . . factors, there exists a *presumption* under
7  Rule 15(a) in favor of granting leave to amend."  *Eminence Capital*, 316 F.3d at 1052 (emphasis in
8  original).

### B.  The Proposed Amendment Meets the Requirements of Rule 15

"The Court considers five factors in deciding a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended his complaint."  *Walintukan v. SBE Entm't Group, LLC,* No. 16-cv-01311-JST, 2017 U.S. Dist. LEXIS 22559, at *3 (N.D. Cal. Feb. 15, 2017) (citing *In re W. States Wholesale Natural Gas Antitrust Litig.,* 715 F.3d 716, 738 (9th Cir. 2013)).

Here, Ms. Lewis has not unduly delayed in seeking to amend the operative complaint, there is no evidence of bad faith, there will be no undue prejudice to Defendants as a result of the proposed amendment, and the proposed amendment will not be futile.  As described above, Ms. Lewis is a member of the nationwide class alleged in the Fourth Consolidated Amended Complaint as well as the recently recognized NRS Subclass, and her claim arises from the same course of conduct and is based on the same legal theories already alleged in the operative complaint.  Indeed, Defendants' prior settlement agreements contained a release of Ms. Lewis's claims as part of the Nationwide Settlement Class's release of all equitable claims.  Defendants are therefore fully apprised of the basis of Ms. Lewis's and the NRS Subclass's claims, and will not have to expend additional resources to defend against them.

The amendment is timely, coming less than 60 days after the appointment of interim lead counsel for the NRS Subclass on July 3, 2019.[1]  The Court has not yet set dates for class

---

[1] Even if NRS Plaintiffs *had* unduly delayed in seeking to amend the operative complaint, that alone is insufficient to overcome the presumption in favor of granting the motion.  *Bowles v.*

5

MOTION OF NON-REPEALER STATE SUBCLASS MEMBER ELEANOR LEWIS FOR LEAVE TO FILE AMENDED COMPLAINT OR TO INTERVENE - Case No. 3:07-cv-5944, MDL No. 1917

1  certification or trial. If requested, Ms. Lewis will provide discovery as a newly named plaintiff on
2  a schedule that is yet to be set, but one that will provide Defendants with sufficient time to analyze
3  the information prior to the filing of their anticipated opposition to the NRS Subclass's motion for
4  class certification. Therefore, the proposed amendment will have no impact on the current
5  schedule. This is the first time that Ms. Lewis or any member of the NRS Subclass has sought
6  leave to amend the complaint.

7  Neither is the addition of Ms. Lewis as a named plaintiff a futile act. "Under Rule 15(a),
8  '[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of
9  relief, he ought to be afforded an opportunity to test his claim on the merits.'" *Allen v. Bayshore*
10 *Mall,* No. 12-cv-02368-JST, 2013 U.S. Dist. LEXIS 172890, at *14 (N.D. Cal. Dec. 9. 2013)
11 (quoting *Foman,* 371 U.S. at 182). "For this reason, denial of a motion for leave to amend on the
12 ground of futility 'is rare and courts generally defer consideration of challenges to the merits of a
13 proposed amended pleading until after leave to amend is granted and the amended pleading is
14 filed.'" *Walintukan,* 2017 U.S. Dist. LEXIS 22559, at *4-5 (citations omitted). "The Court,
15 however, has discretion to deny leave to amend when a plaintiff's amendment would be futile
16 because he or she has no standing or fails to state facts upon which relief can be granted." *Id.*
17 (citing *Moore v. Kayport Package Exp., Inc.,* 885 F.2d 531, 539 (9th Cir. 1989) and *Roth v. Garcia*
18 *Marquez,* 942 F.2d 617, 628 (9th Cir. 1991)).

19  Here, the only amendment proposed by Ms. Lewis is to add a named plaintiff, who is a
20 member of the NRS Subclass, to the complaint. The NRS Subclass, of which Lewis is a member,
21 has always been a part of the nationwide class and alleges the same claim pursuant to § 1 of the
22 Sherman Act and § 16 of the Clayton Act. The operative complaint requests relief for Ms. Lewis
23 and other NRS Subclass members in the form of restitution and/or disgorgement of profits and
24 "such other and further relief as may be necessary and appropriate." ECF No. 1526, Prayers For
25 Relief at §§ E and H. The availability of equitable monetary relief is not a "cause of action" to

---

*Reade,* 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend.") None of these additional factors is present here.

6

MOTION OF NON-REPEALER STATE SUBCLASS MEMBER ELEANOR LEWIS FOR LEAVE TO FILE AMENDED COMPLAINT OR TO INTERVENE - Case No. 3:07-cv-5944, MDL No. 1917

1  which a motion to dismiss can attach.  Rather, it is a form of relief potentially available in the
2  event that the NRS Subclass's Sherman Act cause of action prevails.
3       Even so, the Defendants may yet argue that granting this Motion might "trigger a
4  meritorious motion to dismiss and is therefore futile."  *Slavkov v. Fast Water Heater I, LP,* No. 14-
5  cv-04324-JST, 2015 U.S. Dist. LEXIS 114224, at *5 (N.D. Cal. Aug. 27, 2015).  However, this
6  Court has held that "'[t]he merits or facts of a controversy are not properly decided in a motion for
7  leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or
8  for summary judgment.'"  *Id.* at *6 (quoting *Allen v. Bayshore Mall,* No. 12-cv-02368-JST, 2013
9  U.S. Dist. LEXIS 172890 at *14 (N.D. Cal. Dec. 9, 2013) (quoting *McClurg v. Maricopa Cnty.,*
10 No. 09-cv-01684-PHX, 2010 U.S. Dist. LEXIS 108682 at *4 (D. Ariz. Sept. 30, 2010) (further
11 noting that "any contention that the proposed amendment fails to state a claim is unpersuasive")).
12 As illustrated in another case before this Court, defendants argued that the Court should deny leave
13 to amend the complaint as futile in part because they were going to move to strike class allegations
14 that choice of law rules precluded the viability of a nationwide unjust enrichment claim under
15 Kentucky law.  *Todd v. Tempur-Sealy Int'l, Inc.,* No. 13-cv-04984-JST, 2015 U.S. Dist. LEXIS
16 114116, at *12 (N.D. Cal. Aug. 26, 2015).  In rejecting the argument, this Court stated: "At this
17 point, without the benefit of formal briefing on the choice of law issue, the Court cannot say as a
18 matter of law that the amendment would be futile.  Accordingly, the Court will not deny leave to
19 amend on this basis." *Id.*

### C.  The Proposed Amendment Relates Back to the Original Complaint

21    Rule 15(c) governs whether Ms. Lewis' proposed amendment relates back to the original
22 consolidated class action complaint:

> An amendment to a pleading relates back to the date of the original
> pleading when:
> (A) the law that provides the applicable statute of limitations
> allows relation back;
> (B) the amendment asserts a claim or defense that arose out
> of the conduct, transaction, or occurrence set out—or
> attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the
> party against whom a claim is asserted, if Rule 15(c)(1)(B) is
> satisfied and if, within the period provided by Rule 4(m) for

7

>>serving the summons and complaint, the party to be brought in by amendment:
>>>(i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>>(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

"The Advisory Committee Note to the 1966 Amendment to Rule 15(c) observes that 'the relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier' and goes on to comment that 'the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs.'" *Immigration Assistance Project,* 306 F.3d at 857 (quoting Rule 15(c) comment). An amendment adding a plaintiff relates back to the date of the original pleading when "(1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; (2) the relation back does not unfairly prejudice the defendant; and (3) there is an identity of interests between the original and newly proposed plaintiff." *In re Syntex Corp. Sec. Litig.,* 95 F.3d 922, 935 (9th Cir. 1996)) (internal quotation marks omitted).

"Notice must be determined based on the contents of the complaint alone." *Willner,* 2014 U.S. Dist. LEXIS 89008, at *4 (citing *In re Syntex,* 95 F.3d at 935). "Specifically, courts examine whether the original complaint clearly stated that the plaintiff sought to represent others." *Allen v. Similasan Corp.,* 96 F. Supp. 3d 1063, 1070 (S.D. Cal. 2015). "Where 'the new plaintiffs had always been a part of the putative class,' notice is satisfied 'because Defendants had always known that all putative class members were "potential plaintiffs."'" *Id.* (quoting *Willner,* 2014 U.S. Dist. LEXIS 89908, at *5, and *Immigration Assistance Project,* 306 F.3d at 857-858). Here, the Fourth Consolidated Amended Complaint was brought on behalf of a nationwide class of all CRT product purchasers, of which purchasers in Non-Repealer States are a subclass, and alleges that the Defendants violated the Sherman Act by fixing the price of CRT products. *See, e.g.,* ECF No. 1526, ¶¶ 243, 246-256. Furthermore, Defendants have been on notice of the claims of members of the nationwide class at least since the first consolidated complaint (*see, e.g.,* ECF No. 437, ¶¶ 240, 244-253), and each successive complaint notified Defendants that the named plaintiffs intended to

8

MOTION OF NON-REPEALER STATE SUBCLASS MEMBER ELEANOR LEWIS FOR LEAVE TO FILE AMENDED COMPLAINT OR TO INTERVENE - Case No. 3:07-cv-5944, MDL No. 1917

represent all members of the nationwide class alleging that Defendants fixed the price of CRT Products.[2]  Further, a nationwide settlement class for the purpose of releasing all equitable claims was conditionally certified by this Court in 2015.  ECF No. 4351 at 14; ECF No. 4712. Accordingly, the original complaint and all successive complaints gave Defendants adequate notice of that class member Eleanor Lewis was asserting claims against them.  Clearly, "[t]he substitution of new plaintiffs forwarding the same theories on the same [p]roducts does not prejudice Defendant[s]." *Allen,* 96 F. Supp. 3d at 1069.  Further, the identity of interests requirement is met if "the circumstances giving rise to the claim remain[] the same under the amended complaint as under the original complaint."  *Id.* (quoting *Immigrant Assistance Project,* 306 F.3d at 858).

Because the claims of Ms. Lewis arise out of the same circumstances as the original class representatives' claims, the notice, lack of undue prejudice and identity of interests requirements are satisfied.  Accordingly, Ms. Lewis's claims relate back at least to the date of the original consolidated complaint in 2009.

### V. A MOTION TO INTERVENE WHICH ADDS A NAMED PLAINTIFF IS GENERALLY PERMITTED THROUGHOUT THE COURSE OF A CLASS ACTION

An alternative method of adding Eleanor Lewis as a named plaintiff is intervention pursuant to Rule 24(a) and (b).  "[A] motion to intervene is a proper procedure to follow for a class member who wishes to join a lawsuit as a representative plaintiff."  *Ubaldi v. SLM Corp.,* No. C-11-01320 EDL, 2014 U.S. Dist. LEXIS 192288, at *4 (N.D. Cal. June 13, 2014).  Under Rule 24(a), Ms. Lewis is entitled to intervene as a matter of right to protect her interests.  Alternatively, the Court can grant permissive intervention under Rule 24(b).

#### A. A Class Member Satisfies the Requirements of Rule 24(a) for Intervention as a Matter of Right

Courts apply a four part test to grant a plaintiff's motion for intervention as of right under Rule 24(a): "(1) the motion must be timely; (2) the applicant must claim a significantly protectable

---

[2] *See* ECF No. 716, ¶¶ 235, 239-248 (IPP Second Consolidated Amended Complaint) and ECF No. 827, ¶¶ 232, 236-245 (IPP Third Consolidated Amended Complaint).

interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." *Forest Conservation Council v. U.S. Forest Serv.,* 66 F.3d 1489, 1493 (9th Cir. 1995).  Although the proposed intervenor has the burden of establishing these elements, courts should be "guided primarily by practical and equitable considerations" and should "interpret the requirements broadly in favor of intervention." *Donnelly v. Glickman,* 159 F.3d 405, 509 (9th Cir. 1998); *Prete v. Bradbury,* 438 F.3d 949, 954 (9th Cir. 2006).  As the Ninth Circuit has explained:

> A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts.  By allowing parties with a *practical* interest in the outcome of a particular case to intervene, [courts] often prevent or simplify future litigation involving related issues; at the same time, [they] allow an additional interested party to express its views before the court.

*United States v. City of Los Angeles,* 288 F.3d 391, 397-98 (9th Cir. 2002) (emphasis in original).

When the proposed intervenor is an absent member of a class alleged in the action in which she seeks to intervene, "the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation.  Therefore, when absent class members seek intervention as a matter of right, the gravamen of a court's analysis must be on the timeliness of the motion to intervene and on the adequacy of representation." *Allen v. Hyland's,* No. 12-01150-DMG, 2012 U.S. Dist. LEXIS 196196, at *8 (C.D. Cal. Aug. 28, 2012) (quoting *In re Cmty. Bank of N. Va.,* 418 F.3d 277, 314-315 (3d. Cir. 2005)).

### B.  Intervenor Plaintiff's Application is Timely

Courts evaluate three factors regarding timeliness: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *W. Coast Seafood Processors Ass'n v. Nat'l Resources Def. Counsel,* 643 F.3d 701, 708 (9th Cir. 2011).  When evaluating the issue of timeliness, courts evaluate the "totality of the circumstances facing would be intervenors," and not merely the lapse of time between the motion for intervention and the initiation of the action. *Smith v. L.A. Unified School District,* 830 F.3d

843, 854 (9th Cir. 2016).  "Timeliness is a flexible concept; its determination is left to the district court's discretion."  *United States v. Alisal Water Corp.,* 370 F.3d 915, 921 (9th Cir. 2004) (citation omitted).

This motion is timely.  Throughout this case, the current named plaintiffs, who are members of statewide subclasses asserting damages claims pursuant to the antitrust laws of their repealer states, have also been members of a nationwide class asserting federal equitable claims.  The case settled and the settlement was appealed.  The primary issue on appeal for purposes of this motion concerned the ability of those plaintiffs and their counsel to adequately represent the interests of members of the nationwide class who were not also members of one the certified damage subclasses.  This Court first expressed its concerns about whether this representation was adequate to make a determination of the settlement value of the equitable claims in November 2018.  In February 2019, the Ninth Circuit remanded the case back to this Court to reconsider its class certification and final settlement approval orders.

The first case management conference subsequent to the remand was held on April 9, 2019, at which time the Court provided counsel with the opportunity to seek positions as interim lead counsel for two subclasses made up of the nationwide class members who were not already represented in a subclass.  On July 3, 2019, this Court appointed the undersigned as interim lead counsel for the NRS Subclass.  In a Case Management Order, entered on August 9, 2019 (ECF No. 5551), this Court set a schedule for motions to amend the complaints, as needed by the newly recognized subclasses, including adding named plaintiffs who will then be in a position to be put forward as subclass representatives.  The Court left it up to the parties to decide if formal intervention was also required.  This motion is filed pursuant to the Court's briefing schedule.

There is no prejudice to the parties.  Adding Eleanor Lewis to the list of named plaintiffs will neither unnecessarily delay the proceedings nor will it increase costs or inefficiencies.  *Kamahaki v. Am. Soc'y for Reprod. Med.,* No. 11-cv-01781-JCS, 2015 U.S. Dist. LEXIS 54842, at *4 (N.D. Cal. Apr. 27, 2015) (prejudice consideration results from "timing of intervention" rather than "from the mere fact of intervention").  As noted above, Defendants have been on notice that a nationwide class is pursuing federal equitable Sherman Act claims against them since at least the

1  filing of the First IPP Consolidated Amended Complaint (*see, e.g.,* ECF No. 437, ¶ 240), and a
2  nationwide class was conditionally certified by this Court in 2015.  ECF No. 4351 at 14; ECF
3  4712.  This case has always raised the issue of the full scope of equitable relief available to
4  Eleanor Lewis and to every other member of the NRS Subclass.  Defendants are therefore fully
5  apprised of the basis of NRS Plaintiffs' claims, and will not have to expend additional resources to
6  defend against them.  All of the merits discovery and trial preparation was conducted by IPP Lead
7  Counsel in furtherance of those claims and on behalf of those class members.  None of it should
8  have to be repeated or replicated.  Nothing new is being added except the change in Ms. Lewis'
9  status from absent class member to named plaintiff class member.  Any adequacy discovery
10 relevant to the certification of the NRS Subclass can be conducted efficiently and certainly cannot
11 be considered either an "undue" burden or a result solely of the timing of Ms. Lewis' intervention.

### C. Intervenor Plaintiff's Interests Would Be Inadequately Represented Absent Intervention

"[A] member of a class should have the right to intervene in a class action if he can show the inadequacy of representation of his interest by the representative parties before the court." *Diaz v. Trust Territory of Pacific Islands,* 876 F.2d 1401, 1405 n.1 (9th Cir. 1989) (quoting Fed. R. Civ. P. 24, 1966 advisory committee notes).  Intervenor Plaintiff's burden in establishing this element is "minimal" and "it is sufficient to show that representation *may* be inadequate."  *Forest Conservation Counsel,* 66 F.3d at 1498 (emphasis in original).  Three factors are relevant to determine whether a proposed intervenor's interests are adequately represented: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect."  *Arakaki v. Cayetano,* 324 F.3d 1078, 1086 (9th Cir. 2003).

As a practical matter, this Court answered this question when it opined that there was a sufficient practical (if not technical) conflict of interest between two nationwide class members, Steven Ganz, also a member of the certified California Damages subclass, and Eleanor Lewis, also a member of the NRS Subclass, so that the undersigned could not be appointed to advance the

interests of the NRS Subclass, and continue as counsel of record for Mr. Ganz, even if Mr. Ganz consented. Since all 22 of the current nationwide class representatives are from Repealer States, like Mr. Ganz, none of them can adequately represent the interests of NRS Subclass members who are only seeking equitable relief. *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.,* 827 F.3d 223, 233 (2d Cir. 2016) (reasoning that "[u]nitary representation of separate classes that claim distinct, competing, and conflicting relief create unacceptable incentives for counsel to trade benefits to one [sub]class for benefits to the other in order somehow to reach a settlement"). Eleanor Lewis satisfies all of the requirements to intervene as a matter of right.

### D.  Alternatively, Permissive Intervention is Appropriate Here

This Court can also allow Ms. Lewis to become a named plaintiff through permissive intervention. Under Rule 24(b)(1)(B), the Court may permit "anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." Ms. Lewis clearly qualifies as she shares common questions of law and fact with all other plaintiffs, such as establishing that Defendants violated §1 of the Sherman Act and determining the appropriate equitable response. Permissive intervention is timely for the reasons given above. *Ubaldi,* 2004 U.S. Dist. LEXIS 192288, at *16-17.

### E.  Additional Considerations That a Class Member May Be Named to the Complaint

Rule 20(a)(1) states that persons may join in an action as plaintiffs if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." The addition of a party pursuant to Rule 20(a) calls for an equally liberal analysis as that mandated by Rule 15(a). *Matthews Metals Prods., Inc. v. RBM Precision Metal Prods., Inc.,* 186 F.R.D. 581, 583 (N.D. Cal. 1999) ("[R]equirements of Rule 20(a) are construed liberally in order to promote the broadest scope of action consistent with fairness to the parties.") (citing *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency,* 558 F.2d 914, 917 (9th Cir. 1977)). Here, Ms. Lewis satisfies Rule 20 because

she wishes to assert the same Sherman Act §1 claims regarding the same price-fixing conspiracy alleged in the current operative complaint, and heretofore asserted on her behalf by each of the other named plaintiffs in this action.

Eleanor Lewis' addition as a plaintiff should be *pro forma* and perfunctory.  Indeed, Rule 21 provides: "On motion or on its own the court may at any time, on just terms, add or drop a party."  Pursuant to this rule, courts have simply designated an absent class member as a substitute plaintiff and class representative in the order granting class certification.  *In re Telectronics Pacing Sys., Inc., Accufix Atrial "J" Leads Profs. Liab. Litig.,* 172 F.R.D. 271, 283 (S.D. Ohio 1997) (court named substitute new class representative without formal intervention order).

### VI. CONCLUSION

For all of the above reasons, this Court should grant this motion, add NRS Subclass member Eleanor Lewis as a named plaintiff, and give leave for her to amend the Fourth Consolidated Amended Complaint to accomplish this purpose.

Dated: August 23, 2019                         Respectfully submitted,

                                                                 /s/ *Tracy R. Kirkham*
                                                              Tracy R. Kirkham

Tracy R. Kirkham (69912)
John D. Bogdanov (215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
Email:  trk@coopkirk.com
        jdb@coopkirk.com

*Interim Lead Counsel for the Non-Repealer State Subclass*