Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 788-7210
Facsimile:   (415) 788-0706
fos@scarpullalaw.com
pbc@scarpullalaw.com
*Interim Co-Lead Counsel for the ORS*

Theresa D. Moore (99978)
Law Offices of Theresa D. Moore
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 613-1414
tmoore@aliotolaw.com
*Interim Co-Lead Counsel for the ORS*

Robert Bonsignore appearing *pro hac vice*
*Lisa Sleboda pro hac vice*
Bonsignore Trial Lawyers, PLLC
23 Forest Street
Medford, MA  02155
Office Phone: (781) 350-0000
Cell Phone: (781) 856-7650
Facsimile: (702) 852-5726
rbonsignore@classactions.us
*Interim Co-Lead Counsel for the ORS*

[ADDITIONAL COUNSEL LISTED ON
SIGNATURE PAGE]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AND AMEND COMPLAINT TO ALLEGE STATE LAW CLAIMS FOR THE OTHER REPEALER STATES[1]** |
| All Indirect-Purchaser Actions | |
| | Hearing Date:  October 23, 2019 |
| | Time:             2:00 p.m. |
| | Courtroom:     6, 2nd Floor |
| | Judge:           Hon. Jon S. Tigar |

[1] The initialism "ORS" originally stood for "omitted repealer states" and was used in reference to the fact that the nine states had been omitted from the damages subclasses in the original settlement. In these remand proceedings, that initialism is no longer apt.  However, in the interest of coherence, we will continue to use "ORS" to signify "other repealer states," referring to the former "omitted repealer states."

1

### NOTICE OF MOTION AND MOTION

2

TO ALL PARTIES AND THEIR ATTORNEYS:

3

PLEASE TAKE NOTICE that on October 23, 2019, at 2:00 p.m., before the Honorable

4

Jon S. Tigar, United States District Court for the Northern District of California, 1301 Clay Street,

5

Courtroom 6, 2nd Floor, Oakland, CA 94612, Nikki Crawley, Steven Harrelson, and William

6

Trentham (Arkansas); Harry Garavanian, Hope Hitchcock, Warren Cutlip, Anthony Gianasca, and

7

Gary Talewsky (Massachusetts); Mina Ashkannejhad, Mike Bratcher and Robert Stephenson

8

(Missouri); Jay Erickson, John Heenan, Donald Oelze, and Mark Wissinger (Montana); Jeff

9

Craig, Chris Seufert, George Maglaras, and Jeff Schapira (New Hampshire); D. Bruce Johnson and

10

Walker, Warren & Watkins, LLC. (Oregon); Susan LaPage, Donna Muccino, and Kerry Murphy

11

(Rhode Island); Jeff Johnson and Felecia Blackwood (South Carolina); and Tyler Ayres (Utah)

12

(collectively, the "ORS Plaintiffs"), by and through undersigned counsel, will move, pursuant to

13

Federal Rule of Civil Procedure 24 and Federal Rule of Civil Procedure 15(a)(2) for an order granting

14

them leave (i) to intervene as plaintiffs and putative class representatives of the other repealer states;

15

and (ii) to amend the operative complaint to add state-law claims on behalf of the indirect purchasers

16

in those states.  The ORS Plaintiffs' proposed amended complaint is attached as Exhibit A.  A redline

17

version of the ORS Plaintiffs' proposed amended complaint is attached as Exhibit B, which identifies

18

all substantive changes.

The motion is based on this notice, the accompanying memorandum of points and

19

authorities in support of the motion, all other pleadings and papers filed in this action, and such

20

additional evidence or argument that may be presented at the hearing.

21

22

23

24

25

26

27

ii

# TABLE OF CONTENTS

**Page**

**PROCEDURAL HISTORY** ........................................................................................................... 1

**ARGUMENT** ................................................................................................................................. 3

I.   The ORS Plaintiffs Satisfy the Requirements for Intervention as a Matter of Right ................. 3

    A.   Timeliness ................................................................................................................ 4

    B.   Protectable Interest ................................................................................................. 8

    C.   Practical Impairment ............................................................................................... 8

    D.   Inadequate Representation ...................................................................................... 9

II.   The ORS Plaintiffs Satisfy the Requirements for Permissive Intervention ............................. 11

III.  The ORS Plaintiffs Should Be Granted Leave to File an Amended Complaint ....................... 12

    A.   Proposed Amendment ............................................................................................ 12

    B.   The Amendment is not Made in Bad Faith .............................................................. 13

    C.   There is No Undue Delay ....................................................................................... 14

    D.   There Would be No Prejudice to the Defendants .................................................... 14

    E.   Amendment Would Not be Futile ........................................................................... 16

    As the Court made clear at the August 8, 2019, case management conference: ................ 16

    F.   Previous Amendment ............................................................................................. 19

CONCLUSION ............................................................................................................................... 20

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AND
AMEND COMPLAINT TO ALLEGE STATE LAW CLAIMS FOR THE OTHER REPEALER STATES
Case No. 3:07-cv-5944, MDL No. 1917

## TABLE OF AUTHORITIES

*Allen v. Bayshore Mall,*
No. 12–cv–02368–JST, 2013 WL 6441504 (N.D.Cal. Dec. 9, 2013) ..........................................16

*Allen v. Similasan Corp.,*
96 F. Supp. 3d 1063 (S.D. Cal. 2015) ..........................................................................................17

*AmerisourceBergen Corp. v. Dialysist W., Inc.,*
465 F.3d 946 (9th Cir. 2006) .........................................................................................................14

*Arakaki v. Cayetano,*
324 F.3d 1078 (9th Cir. 2003) .........................................................................................................9

*Avila v. I.N.S.,*
731 F.2d 616 (9th Cir. 1984) .........................................................................................................17

*Barnhart v. FasTax Inc.,*
No. 6:14-CV-00482-MC, 2016 WL 7971240 (D. Or. May 4, 2016) ...............................................4

*Besig v. Dolphin Boating & Swimming Club,*
683 F.2d 1271 (9th Cir. 1982) .......................................................................................................18

*Bowles v. Reade,*
198 F.3d 752 (9th Cir. 1999) .........................................................................................................14

*California ex rel. Lockyer v. United States,*
450 F.3d 436 (9th Cir. 2006) ...........................................................................................................8

*Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.,*
309 F.3d 1113 (9th Cir.2002) ......................................................................................................4, 5

*Castle v. Wells Fargo Fin., Inc.,*
No. C 06-4347 SI, 2008 WL 2079192 (N.D. Cal. May 15, 2008) .................................................18

*Citizens for Balanced Use v. Montana Wilderness Ass'n,*
647 F.3d 893 (9th Cir. 2011) ...........................................................................................................9

*City of Emeryville v. Robinson,*
621 F.3d 1251 (9th Cir. 2010) .........................................................................................................8

*DCD Programs Ltd. v. Leighton,*
833 F.2d 183 (9th Cir. 1987) ...................................................................................................13, 14

*Dep't of Fair Emp't & Hous. v. Law Sch. Admission Council, Inc.,*
No. 12–cv–01830–EMC, 2013 WL 485830 (N.D.Cal. Feb. 6, 2013) ...........................................14

ii

*Diaz v. Trust Territory of Pac. Islands,*
876 F.2d 1401 (9th Cir. 1989) .................................................................................................3

*Dilks v. Aloha Airlines,*
642 F.2d 1155 (9th Cir. 1981) .................................................................................................4

*Donnelly v. Glickman,*
159 F.3d 405 (9th Cir.1998) ....................................................................................................8

*Eminence Capital, LLC v. Aspeon, Inc.,*
316 F.3d 1048 (9th Cir. 2003) ........................................................................................12, 14

*Foman v. Davis,*
371 U.S. 178 (1962) .........................................................................................................12, 16

*Freedom from Religion Found., Inc. v. Geithner,*
644 F.3d 836 (9th Cir. 2011) ...........................................................................................3, 11

*Griggs v. Pace Am. Grp., Inc.,*
170 F.3d 877 (9th Cir. 1999) ...........................................................................................12, 13

*Henderson v. Muniz,*
14-CV-01857-JST, 2018 WL 6331008 (N.D. Cal. Dec. 4, 2018) ..................................12, 16

*Immigrant Assistance Project of L.A. Cnty. Fed'n of Labor (AFL-CIO) v. I.N.S.,*
306 F.3d 842 (9th Cir. 2002)...........................................................................................17, 19

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.,*
297 F.R.D. 90 (S.D.N.Y. 2013).................................................................................................9

*In re Cmty. Bank of N. Virginia,*
418 F.3d 277 (3rd Cir. 2005) ..............................................................................................3, 9

*In re W. States Wholesale Natural Gas Antitrust Litig.,*
715 F.3d 716 (9th Cir. 2013).................................................................................................12

*Jackson v. Bank of Haw.,*
902 F.2d 1385 (9th Cir. 1990) .........................................................................................14, 15

*Johnson v. Serenity Transp., Inc.,*
No. 15–cv–02004–JSC, 2015 WL 4913266 (N.D.Cal. Aug. 17, 2015)..................................14

*L.A. Taxi Coop., Inc. v. Uber Techs., Inc.,*
15-CV-01257-JST, 2015 WL 5071949 (N.D. Cal. Aug. 27, 2015) .......................................10

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AND
AMEND COMPLAINT TO ALLEGE STATE LAW CLAIMS FOR THE OTHER REPEALER STATES
Case No. 3:07-cv-5944, MDL No. 1917

*League of United Latin Am. Citizens v. Wilson*,
131 F.3d 1297 (9th Cir. 1997)...................................................................................................4

*Leon v. IDX Sys. Corp.*,
464 F.3d 951 (9th Cir. 2006).....................................................................................................13

*LiveCareer Ltd v. Su Jia Techs. Ltd.*,
14-CV-03336-JST, 2015 WL 4089800 (N.D. Cal. July 2, 2015) ............................................13

*Lockheed Martin Corp. v. Network Solutions, Inc.*,
194 F.3d 980 (9th Cir. 1999).....................................................................................................15

*Martinez v. City of W. Sacramento*,
2:16-CV-02566-TLN-EFB, 2019 WL 469038 (E.D. Cal. Feb. 6, 2019)..................................13

*McClurg v. Maricopa Cnty.*,
No. 09–cv–01684–PHX, 2010 WL 3885142 (D.Ariz. Sept. 30, 2010) ...................................16

*Miller v. Ghirardelli Chocolate Co.*,
C 12-04936 LB, 2013 WL 6776191 (N.D. Cal. Dec. 20, 2013) ................................................3

*Moreyra v. Fresenius Med. Care Holdings, Inc.*,
No. SACV1000517JVSRZX, 2012 WL 13014985 (C.D. Cal. Mar. 7, 2012) ..........................19

*Morongo Band of Mission Indians v. Rose*,
893 F.2d 1074 (9th Cir.1990).....................................................................................................15

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*,
72 F.3d 361 (3d Cir. 1995) ..........................................................................................................5

*Nat. Res. Def. Council v. McCarthy*,
16-CV-02184-JST, 2016 WL 6520170 (N.D. Cal. Nov. 3, 2016).............................................4

*Owens v. Kaiser Found. Health Plan, Inc.*,
244 F.3d 708 (9th Cir. 2001).....................................................................................................12

*Raynor Bros. v. Am. Cyanimid Co.*,
695 F.2d 382 (9th Cir.1982).......................................................................................................19

*Roberts v. Arizona Bd. of Regents*,
661 F.2d 796 (9th Cir. 1981).....................................................................................................14

*Rosenbaum v. Syntex Corp.*,
95 F.3d 922 (9th Cir. 1996).......................................................................................................17

iv

*Serpa v. SBC Telecomms., Inc.*,
318 F.Supp.2d 865 (N.D. Cal. 2004) ................................................15

*Shenzhenshi Haitiecheng Sci. & Tech. Co., Ltd. v. Rearden LLC*,
15-CV-00797-JST, 2016 WL 5930289 (N.D. Cal. Oct. 11, 2016)......................4

*Smith v. Los Angeles Unified Sch. Dist.*,
830 F.3d 843 (9th Cir. 2016) ..............................................3, 5

*Smith v. Marsh*,
194 F.3d 1045 (9th Cir. 1999) ...............................................5,7

*Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*,
708 F.3d 1109 (9th Cir. 2013) ..............................................12

*Spangler v. Pasadena City Bd. of Educ.*,
552 F.2d 1326 (9th Cir. 1977) .............................................11

*Standard Fire Ins. Co. v. Knowles*,
568 U.S. 588 (2013) ......................................................3

*Sw. Ctr. for Biological Diversity v. Berg*,
268 F.3d 810 (9th Cir. 2001) ..............................................4, 9

*Tech. Training Associates, Inc. v. Buccaneers Ltd. P'ship*,
874 F.3d 692 (11th Cir. 2017) ..............................................8

*True Health Chiropractic Inc. v. McKesson Corp.*,
No. 13-CV-02219-JST, 2014 WL 2860318 (N.D. Cal. June 23, 2014) ..................18

*United States v. Alisal Water Corp.*,
370 F.3d 915 (9th Cir. 2004)................................................4, 5

*U.S. v. State of Oregon*,
745 F.2d 550 (9th Cir. 1984)................................................4, 6

*W. Shoshone Nat'l Council v. Molini*,
951 F.2d 200 (9th Cir. 1991)...............................................15

*Wilner v. Manpower*,
No. 11-cv-2846-JST, 2014 WL 2939732 (N.D. Cal. June 30, 2014)..........................17

*Wizards of the Coast LLC v. Cryptozoic Entm't LLC*,
309 F.R.D. 645 (W.D. Wash. 2015) ............................................13

v

*Zorrilla v. Carlson Restaurants Inc.*,
255 F. Supp. 3d 465 (S.D.N.Y. 2017) ........................................................................17


**Additional Authorities**

7C Fed. Prac. & Proc. Civ. § 1916 (1972) ...............................................................6

Fed. R. Civ. P. 24(a)(2) ...............................................................................................3

Fed. R. Civ. P. 24(b)(1) ............................................................................................11

Fed. R. Civ. P. 15(a)(2) ............................................................................................12

Fed. R. Civ. P. 15(a)(2) ............................................................................................12

Mass. Gen. Laws Ann. ch. 93A, § 9 .........................................................................2

Newberg on Class Actions § 16:7, p. 154 (4th ed. 2002) .........................................3

Newberg on Class Actions § 9:36 (5th ed. 2018) ...................................................11

Wright & Miller, 7B Fed. Prac. & Proc. § 1799 (3d ed. 2019) ..........................3, 8

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AND
AMEND COMPLAINT TO ALLEGE STATE LAW CLAIMS FOR THE OTHER REPEALER STATES
Case No. 3:07-cv-5944, MDL No. 1917

## MEMORANDUM OF POINTS AND AUTHORITIES

### PROCEDURAL HISTORY

**I.      Recent Proceedings**

Through their efforts during the appeal to justify releasing the Other Repealer State (ORS) claims for no consideration, IPP Counsel fully revealed their conflict of interest between those states and the repealer states for which counsel sought damages.  (Dkt. 5362 at 2).  Once the case was remanded, it was imperative to remedy that conflict before further litigation occurred. Accordingly, the Court entered an order setting a case management conference, making clear that the "adequacy of Lead Counsel's representation of plaintiffs in the Omitted Repealer States" would be at issue.  (Dkt. 5386 at 2).

In their case management statement, IPP Counsel said that "appointment of separate counsel for [Massachusetts, Missouri, and New Hampshire] would be an appropriate first step" in the remand proceedings.  (Dkt. 5416 at 7).  The Defendants similarly stated that appointment of separate counsel could be necessary (*id.* at 13), as did counsel for the ORS plaintiffs.  (*Id.* at 21).[2] The Court agreed, stating at the case management conference that it "intend[ed] to appoint separate counsel for the omitted repealer states," noting that "[e]veryone seems to agree that's a good thing to do."  (Dkt. 5444 at 4).

At the next hearing, on June 6, 2019, the Court announced a tentative ruling that it could not yet appoint then-proposed ORS Counsel for each of the nine ORS unless and until proposed ORS Counsel identified class representatives from each of those states.  (Dkt. 5505 at 12-13) ("There is, however, an additional impediment to the appointment of counsel in the six new states; that is, proposed interim class counsel has not identified class representatives.").  The Defendants

---

[2] The Defendants argued that only the three ORS that had objectors in the earlier appeal should be allowed to pursue claims on remand. (Dkt. 5468 at 8).  The Court rejected that argument because, as it explained, class settlement approval is binary—a settlement agreement must either be approved or disapproved in its entirety—and courts cannot rewrite settlement terms by fiat. (Dkt. 5499 at 11). Thus, the Court is not at liberty to salvage only the part of the settlement that the settling parties wished to retain, while leaving the three ORS to fend for themselves.

agreed with that statement of the law.  (Dkt. 5505 at 21).  Accordingly, on June 14, 2019, notices of appearance were filed for class-member plaintiffs from each of the nine ORS.  (Dkt. 5507).

On July 3, 2019, the Court entered an order appointing interim lead counsel for both the nine ORS and the non-repealer states (NRS), as replacement counsel for IPP Counsel.  (Dkt. 5518). At that point the ORS had no functioning class representatives because IPP Counsel (and thus their clients) were no longer acting to represent the ORS.  For the ORS to have adequate representation, the proposed ORS class representatives would need to formally intervene and move to amend the complaint.  But before doing so, there was an administrative hurdle to be cleared.

One of the ORS, Massachusetts, has a pre-claim notice requirement that plaintiffs must serve prospective defendants of a Massachusetts repealer claim at least 30 days before filing that claim.  (Mass. Gen. Laws Ann. ch. 93A, § 9).  Once the Court appointed interim lead counsel for the ORS, such notice was expeditiously served on each of the Defendants for the Scarpulla and Moore Massachusetts plaintiffs.[3]  (Ex. C).  The 30-day period from last-perfected service ran on or about August 21, 2019.  (Ex. C).

For the current case management order, the ORS Plaintiffs accordingly proposed—and the Defendants agreed—that the deadline for moving to intervene and amend the current complaint to add ORS claims would be today, August 23, 2019.  (Dkt. 5559 at 13-14).

---

[3] Mr. Bonsigniore served his clients' notices earlier, between June 15 and June 20, 2019.  (Ex. D).

2

**ARGUMENT**

**I.      The ORS Plaintiffs Satisfy the Requirements for Intervention as a Matter of Right**

Federal Rule of Civil Procedure 24(a)(2) governs intervention as a matter of right. "'Members of a class have a right to intervene if their interests are not adequately represented by existing parties.'" *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 594 (2013) (quoting NEWBERG ON CLASS ACTIONS § 16:7, p. 154 (4th ed. 2002)); *see also* WRIGHT & MILLER, 7B FED. PRAC. & PROC. § 1799 (3d ed. 2019) ("Intervention in a Rule 23 action thus is directly related to the importance of assuring that the class is adequately represented and of enabling class members on the outside of the litigation to function as effective watchdogs to make certain that the action is fully and fairly conducted." (footnote omitted)); *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1405 n.1 (9th Cir. 1989) ("[A] member of a class should have the right to intervene in a class action if he can show the inadequacy of the representation of his interest by the representative parties before the court.").

An applicant for intervention under Rule 24(a) must establish four elements:

(1) that the prospective intervenor's motion is "timely"; (2) that the would-be intervenor has "a 'significantly protectable' interest relating to ... the subject of the action," (3) that the intervenor is "so situated that the disposition of the action may as a practical matter impair or impede [the intervenor's] ability to protect that interest"; and (4) that such interest is "inadequately represented by the parties to the action."

*Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016) (quoting *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011)). Courts in this district and around the country have stated, however, that "[i]n the class action context, the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation." *Miller v. Ghirardelli Chocolate Co.*, C 12-04936 LB, 2013 WL 6776191, at *8 (N.D. Cal. Dec. 20, 2013) (quoting *In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 314 (3rd Cir. 2005)).

3

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AND AMEND COMPLAINT TO ALLEGE STATE LAW CLAIMS FOR THE OTHER REPEALER STATES
Case No. 3:07-cv-5944, MDL No. 1917

"In evaluating motions to intervene, 'courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention.'" *Nat. Res. Def. Council v. McCarthy*, 16-CV-02184-JST, 2016 WL 6520170, at *3 (N.D. Cal. Nov. 3, 2016) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)). Thus, when evaluating a motion to intervene, courts should draw "all inferences in favor of granting the motion," *Barnhart v. FasTax Inc.*, No. 6:14-CV-00482-MC, 2016 WL 7971240, at *3 (D. Or. May 4, 2016), and "[c]ourts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Nat. Res. Def. Council*, 2016 WL 6520170 at *3 (quoting *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001)).

## A.    Timeliness

"Timeliness is a flexible concept; its determination is left to the district court's discretion." *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (citing *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1156 (9th Cir. 1981)). As with the overall intervention inquiry, a court's analysis of the timeliness element should be founded in pragmatism. *See Shenzhenshi Haitiecheng Sci. & Tech. Co., Ltd. v. Rearden LLC*, 15-CV-00797-JST, 2016 WL 5930289, at *6 (N.D. Cal. Oct. 11, 2016) (courts have adopted a "nuanced, pragmatic approach" to timeliness) (quoting *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1303 (9th Cir. 1997)).

"Courts weigh three factors in determining whether a motion to intervene is timely: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'" *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (quoting *Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir.2002)). Courts should also "bear in mind that the timeliness requirement for intervention as of right should be treated more leniently than for permissive intervention because of the likelihood of more serious harm." *U.S. v. State of Oregon*, 745 F.2d 550, 552 (9th Cir. 1984).

### i.    Stage of the Proceedings

"Where a change of circumstances occurs, and that change is the 'major reason' for the motion to intervene, the stage of proceedings factor should be analyzed by reference to the change in circumstances, and not the commencement of the litigation." *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016); *see also California Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1120 (9th Cir. 2002) ("[T]he length of time that has passed since a suit was filed is not, in and of itself, determinative of timeliness."); *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (same).

In this case, the catalyst for ORS Plaintiffs' motion to intervene was a recent change in circumstances: the post-remand agreement by all parties and the Court that IPP Counsel should be replaced for the ORS. As the Court explained in its tentative ruling at the June 6, 2019 hearing, new putative class counsel for the ORS could not be appointed unless and until they had their own clients for each of the nine ORS (a position the Defendants echoed). (Dkt. 5499 at 12, 21).

IPP Counsel's post-remand termination as counsel for the ORS is a material, recent change in circumstances. Nothing of substance has occurred with regard to the ORS since that change, except for the 30-day Massachusetts notice. Thus, the stage-of-proceedings prong weighs in favor of intervention. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("The crucial date for assessing the timeliness of a motion to intervene is when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties."); *see also Smith*, 830 F.3d at 854 (holding that intervention was timely where movant sought to intervene "approximately twenty years after [the case's] commencement" where a late-stage "systematic change in circumstances" altered the proceedings and intervenors moved diligently after such change); *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995) ("While four years had elapsed before the Seipels filed their motion to intervene, the critical inquiry is: what proceedings of substance on the merits have occurred?").

### ii.    Prejudice to Other Parties

Prejudice to the existing parties is "the most important consideration in deciding whether a motion for intervention is untimely." *United States v. State of Oregon*, 745 F.2d 550, 552–53 (9th Cir. 1984) (quoting 7C FED. PRAC. & PROC. CIV. § 1916 (1972)).  The Ninth Circuit has repeatedly emphasized, however, "that the only 'prejudice' that is relevant under this factor is that which flows from a prospective intervenor's failure to intervene after he knew, or reasonably should have known, that his interests were not being adequately represented—and not from the fact that including another party in the case might make resolution more 'difficult[ ].'" *Smith*, 830 F.3d at 857 (quoting *State of Oregon*, 745 F.2d at 552–53).  No such prejudice exists.

The ORS Plaintiffs (and their counsel) have moved expeditiously and consistently with the Court's case management orders to do everything necessary to formally assert the ORS Plaintiffs' claims.  No substantive action directed toward resolving the merits of the substantive issues has occurred in this case since the remand.  Rather, the Court and the parties have been addressing procedural issues that stood in the way of remedying IPP Counsel's prior conflict of interest and allowing this case to proceed to resolution.  No prejudicial delay has befallen the Defendants as a result of the timing of the filing of this motion to intervene.

Moreover, from its inception, this case has continually asserted federal antitrust claims based on a uniform and industry-wide price-fixing conspiracy, seeking declaratory and injunctive relief on behalf of indirect purchasers in all 50 states. The same conduct, transactions, and occurrences relied on in support of those federal claims support the supplemental state law damages claims in all repealer states, including the ORS.  The same factual basis for those claims was thus *already being litigated* by virtue of the ORS' inclusion in the nationwide federal claim class (as well as the state-law claims for the 22 repealer states included in the settlement).  Indeed, assuming the case was properly prepared for trial—which we will not know with certainty until IPP Counsel provide their discovery and work product—there will be minimal (if any) need for further liability discovery in this case: the facts and evidence are the same for the ORS as they are

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AND
AMEND COMPLAINT TO ALLEGE STATE LAW CLAIMS FOR THE OTHER REPEALER STATES
Case No. 3:07-cv-5944, MDL No. 1917

for the 22 included repealer states.  As the Defendants acknowledged in their opposition to the motion to set trial in this case:

> IPPs in the 22 States, the ORS Subclass, and the NRS Subclass make the same basic antitrust allegations: that Defendants and various co-conspirators participated in a global conspiracy to fix the prices of CRTs, resulting in U.S. consumers paying higher prices for TVs and computer monitors containing CRTs. . . . Accordingly, in both trials the evidence would be overwhelmingly devoted to (1) demonstrating that all of the alleged conspirator manufacturers participated in the conspiracy, and (2) showing, through expert testimony, that the conspiracy resulted in overcharges on CRTs that were passed on to end-user consumers.

(Dkt. 5525 at 6) (footnote omitted).  "It is very likely that much of the same evidence presented in a potential 22 States trial would have to be presented again in the subsequent trial for the New States." (*Id*. at 8).

No party will be prejudiced by the ORS Plaintiffs' intervention.

### iii.  Reason for the Length of the Delay

The Ninth Circuit has emphasized that "[t]he crucial date for assessing the timeliness of a motion to intervene is when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties." *Smith*, 194 F.3d at 1052.  Although ORS objectors challenged the adequacy of IPP Counsel's representation of the ORS during the initial settlement approval proceedings (Dkt. 4436, 4440), the Court overruled those objections (Dkt. 4712), and entered judgment approving the settlement (Dkt. 4717).  Because the case was then on appeal to the Ninth Circuit, there was no tangible reason to move to intervene until the case was remanded, jurisdiction was returned to this Court, and the Court concluded, based on IPP Counsel's conflict of interest, that  it "intend[ed] to appoint separate counsel for the omitted repealer states," noting that "[e]veryone seems to agree that's a good thing to do."  (Dkt. 5444 at 4). Counsel has since moved expeditiously to prepare the ORS Plaintiffs' case, including moving to be formally appointed as co-lead counsel; filing appearances for each of the ORS Plaintiffs; moving to vacate IPP Counsel's potentially-problematic 2010 stipulation; and moving to satisfy the notice requirements necessary to formally assert Massachusetts-law claims on behalf of a subset of

the ORS.  The Court set an agreed briefing schedule for intervention and amendment, and the ORS Plaintiffs have complied with that timeline with the filing of this motion. In short, ORS Plaintiffs have done everything in their power to move this case forward since the Ninth Circuit's remand and have filed their motion to intervene without undue delay.

## B.  Protectable Interest

 "An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir.1998); *accord California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006).  "Although the intervenor cannot rely on an interest that is wholly remote and speculative, the intervention may be based on an interest that is contingent upon the outcome of the litigation." *City of Emeryville v. Robinson*, 621 F.3d 1251, 1259 (9th Cir. 2010) (quoting *United States v. Union Elec. Co.*, 64 F.3d 1152, 1162 (8th Cir.1995)).

As noted above, this case has always asserted federal antitrust class action claims on behalf of persons in all 50 states, including the ORS.  The ORS Plaintiffs are class members, and they are entitled to adequate representation.  They should be permitted to intervene.  *See Tech. Training Associates, Inc. v. Buccaneers Ltd. P'ship*, 874 F.3d 692, 696 (11th Cir. 2017) (holding that protectable interest prong was satisfied where the movants "have an interest in this case because, as class members, they will be bound by the terms of the settlement if it is approved and judgment is entered"); *see also* WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1908.1 (3d ed.) (explaining with respect to the protectable interest prong that it "surely is sufficient also if the judgment will have a binding effect on the would-be intervenor.").

## C.  Practical Impairment

Rule 24(a) next requires that the party seeking as-of-right intervention "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." The Ninth Circuit has followed the advisory committee's notes in holding that "[i]f

8

an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001); *see also In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 314 (3d Cir. 2005) ("In the class action context, the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation.").

The ORS Plaintiffs are already members of the nationwide class that was certified for settlement and, as of the filing of this motion, remains certified.  Their state-law damages claims were to be released without compensation in the prior settlement.  As it stands, that settlement has not yet been vacated, putting their rights at risk. *See In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, 297 F.R.D. 90, 97 (S.D.N.Y. 2013) ("as a member of the certified Settlement Class, Cancan has an 'interest relating to the property or transaction that is the subject of the action.' If the Court were to decline to [grant its motion to] intervene, Cancan's interest would be extinguished for no compensation, which would eliminate Cancan's ability to protect its interest.").

Assuming the settlement will be vacated or modified to remove the release, the ORS Plaintiffs and the other putative ORS class members are entitled to adequate representation for their long-pending federal claims and the state-law claims that the IPPs tried to release; such representation will not occur without new and adequate class representatives – *i.e.*, the ORS Plaintiffs.  (Ex. A).  Without intervention, their ability to pursue the federal and state-law claims— including asserting the relation-back doctrine—on behalf of themselves and the other ORS class members would, as a practical matter, be impaired or impeded.

### D.  Inadequate Representation

"The burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). "In evaluating adequacy of representation, we examine three factors: '(1) whether the interest of a present party is such that it will undoubtedly

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AND
AMEND COMPLAINT TO ALLEGE STATE LAW CLAIMS FOR THE OTHER REPEALER STATES
Case No. 3:07-cv-5944, MDL No. 1917

make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.' " *Id.* The most important factor is "how the interest compares with the interests of existing parties." *L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*, 15-CV-01257-JST, 2015 WL 5071949, at *3 (N.D. Cal. Aug. 27, 2015).

The existence of inadequate representation is almost irrefutable. As the Court stated at the April 9, 2019 case management conference the parties were in agreement on this point:

> Unless somebody says otherwise this morning, my guess is I don't need to actually make a finding of a conflict.
>
> There seems to be an agreement among the parties that there's an adequacy of counsel issue which is different but also sufficient to require the appointment of separate counsel.  So for a variety of reasons, I don't feel the need to issue an order saying that anybody had a conflict of interest.

(Dkt. 5444 at 15).

IPP Counsel represents a class of individuals with interests diametrically opposed to the ORS Plaintiffs.  Although the Court did not conclude that it was *necessary* to issue an order finding such a conflict, no party ever disputed post-remand that such a conflict exists or that separate counsel needed to be appointed for the ORS.  Indeed, all agreed, as memorialized by the Court, that appointing separate counsel for the subclasses was necessary.  *See* (Dkt. 5444 at 19) ("The motion [for appointment of counsel] regarding the omitted repealer states does not need to make [the case for separating that subclass and appointing separate counsel] because everybody agrees.").[4]

---

[4] Even before the case was remanded, IPP Counsel partially conceded that they could not adequately represent the ORS Plaintiffs once their conflict became all-too apparent, stating in their Ninth Circuit post-oral argument motion for remand that this Court would need to "[a]ppoint separate counsel for class members from the [ORS] to represent them *with respect to notice and the amended plan of distribution*" in order to grant them the relief they sought.  (Appeal No. 16-16373, Dkt. 244-1 at 2 (emphasis added)).

## II.     The ORS Plaintiffs Satisfy the Requirements for Permissive Intervention

Federal Rule of Civil Procedure 24(b)(1) provides for permissive intervention at the court's discretion where the potential intervenor "has a claim or defense that shares with the main action a common question of law or fact." Permissive intervention "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found.*, 644 F.3d at 843 (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.3d 470, 473 (9th Cir. 1992)).

"In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "[T]he court may also consider other factors in the exercise of its discretion, including 'the nature and extent of the intervenors' interest' and 'whether the intervenors' interests are adequately represented by other parties." *Perry*, 587 F.3d at 955 (quoting *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)).  Courts are more amenable to permissive intervention when no additional issues are added to the case, when the intervenor's claims are "virtually identical" to class claims, and when intervention would strengthen the adequacy of the representation. NEWBERG ON CLASS ACTIONS § 9:36 (5th ed. 2018)

Given that jurisdiction is not contested (the ORS Plaintiffs are actual class members and will be putative class members even if the new settlement removes them from the settlement class) and timeliness is dealt with above, we will address only whether a common question of law and fact exists between the ORS Plaintiffs' claims and the claims made in the ongoing case.  That answer is yes.  Since the federal price-fixing and conspiracy claims asserted in the original pleading remain pending as to all 50 states, and since the damages claims in the ORS arise out of the same conduct, transaction, or occurrences set out in the original complaint (and every complaint since then), the ORS Plaintiffs' claims are sufficiently related to the named plaintiffs' claims so as to justify permissive intervention. Not only are their claims virtually identical to the class claims, they have always been either putative or actual class members, and the Court has never denied class

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AND
AMEND COMPLAINT TO ALLEGE STATE LAW CLAIMS FOR THE OTHER REPEALER STATES
Case No. 3:07-cv-5944, MDL No. 1917

certification as to the ORS.  Given that no party will be prejudiced by intervention, (*supra* at 6-7), the Court should allow the ORS Plaintiffs to intervene in this action even if they were not able to as of right.

### III.   The ORS Plaintiffs Should Be Granted Leave to File an Amended Complaint

> Under Federal Rule of Civil Procedure 15(a)(2), a "court should freely give leave [to amend] when justice so requires." The Court considers five factors in deciding a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended his complaint. The rule is "to be applied with extreme liberality."  Generally, a court should determine whether to grant leave indulging "all inferences in favor of granting the motion."  "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., [or] futility of amendment, etc.' "

*Henderson v. Muniz*, 14-CV-01857-JST, 2018 WL 6331008, at *2 (N.D. Cal. Dec. 4, 2018) (quoting Fed. R. Civ. P. 15(a)(2); and *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013); and quoting, in order, *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)); *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999); and *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))). "Not all factors carry the same weight," and prejudice to the opposing party "is the touchstone of the inquiry." *Eminence Capital*, 316 F.3d at 1052.

#### A.   Proposed Amendment

The ORS Plaintiffs seek leave from the Court to amend the complaint to allege state-law damages claims on behalf of the ORS indirect purchasers based on the same conduct that supports the long-pending federal claims.  The proposed amendment adds the ORS Plaintiffs as named parties so that they may represent the putative ORS class members when litigating their state and federal claims.  The proposed amendment otherwise adopts and incorporates the relevant, preceding allegations of the current complaint, adding only the supplemental state law counts.  (If

the IPPs and Defendants were to seek to amend the complaint as part of their settlement, we would, as needed, adjust and provide the ORS allegations to maintain the substance of the ORS claims.)

**B.      The Amendment is not Made in Bad Faith**

Bad faith exists where "the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories." *LiveCareer Ltd v. Su Jia Techs. Ltd.*, 14-CV-03336-JST, 2015 WL 4089800, at *3 (N.D. Cal. July 2, 2015) (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999)). It is "[d]efendants' burden at this stage of the litigation to defeat the presumption under Rule 15(a) in favor of granting leave to amend by making 'a strong showing of' bad faith . . . ." *Martinez v. City of W. Sacramento*, 2:16-CV-02566-TLN-EFB, 2019 WL 469038, at *5 (E.D. Cal. Feb. 6, 2019).

A defendant can satisfy its burden by pointing to "evidence in the record which would indicate a wrongful motive" on the part of the litigant requesting leave to amend. *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015) ("In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt." (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006))).

There is no basis to argue that the ORS Plaintiffs are acting in bad faith by seeking amendment.  The ORS Plaintiffs—who are already members of the certified nationwide federal injunctive relief class—seek to amend the complaint to allege supplemental state law damages claims on behalf of the ORS (in addition to their federal claims).  The claims are based on the same conduct that forms the basis of the federal claims that have been present in every complaint going back to the original complaint, as well as the basis of the damages claims asserted on behalf of the 22 repealer states still actively represented by IPP Counsel.  These are the same ORS claims that the Defendants sought to have released.  The claims are not frivolous, and the ORS Plaintiffs are not acting in bad faith by seeking to assert them.

### C.      There is No Undue Delay

In evaluating undue delay, the Court inquires "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quoting *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990) ). "Undue delay by itself … is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (alteration in original).  Indeed, "[o]rdinarily, leave to amend pleadings should be granted regardless of the length of time of delay by the moving party absent a showing of bad faith by the moving party or prejudice to the opposing party." *Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981).

As discussed above, it did not become apparent that the ORS Plaintiffs would have grounds to intervene in this case and prosecute their supplemental state-law claims until the case was remanded and IPP Class Counsel, the Defendants, and the Court agreed that IPP Counsel could no longer adequately represent the ORS's interests and that new counsel would need to be appointed.  From that juncture, the ORS Plaintiffs have moved quickly to do everything in their power to properly assert their claims.

### D.      There Would be No Prejudice to the Defendants

Prejudice is the factor that weighs most heavily in the analysis. *Eminence Capital,* 316 F.3d at 1052.  "The party opposing amendment bears the burden of showing prejudice." *DCD Programs Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir. 1987) (citation omitted).

"Mere addition of new claims does not, in and of itself, establish prejudice sufficient to support denial of leave to amend." *Johnson v. Serenity Transp., Inc.,* No. 15–cv–02004–JSC, 2015 WL 4913266, at *5 (N.D.Cal. Aug. 17, 2015); *see also Dep't of Fair Emp't & Hous. v. Law Sch. Admission Council, Inc.,* No. 12–cv–01830–EMC, 2013 WL 485830, at *5 (N.D.Cal. Feb. 6, 2013) ("The burden of having to defend a new claim alone is not undue prejudice under Rule 15."). However, Defendants may demonstrate undue prejudice where new claims would "greatly alter[ ] the nature

14

of the litigation and [ ] require [ ] defendants to [ ] undertake[ ], at a late hour, an entirely new course of defense." *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990).

Where "additional claims advance different legal theories and require proof of different facts," courts have found prejudice to the non-moving party. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citations omitted). Additionally, "[a] need to reopen discovery and therefore delay the proceedings [also] supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (citation omitted); *see also W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991) (finding prejudice where "the introduction of a major new evidentiary issue at such a late stage in the litigation w[ould] require extensive additional discovery").

There is no such prejudice in this case. The original complaint and each ensuing complaint alleged federal antitrust claims arising out of the defendants' price-fixing conspiracy for persons in all 50 states (Dkt. 437, 716, 827, 1526); the added ORS state-law claims, like the IPP Class Counsel's state-law claims, are based on the same conduct. (Dkt. 1526; Ex. A). The facts underlying these claims thus have *already been litigated* by virtue of the ORS' inclusion in the nationwide class. This reality is borne out by the fact that, assuming the case was properly prepared for trial, there will be minimal, if any, need for further liability discovery in this case: the facts and evidence needed to prove liability are the same for the federal claims and the supplemental state-law damages claims.

Thus, given that the parties have been litigating the facts underlying the ORS' claims from the very beginning, the Defendants "need not radically change their litigation strategy in order to accommodate the proposed [ ] claims." *Serpa v. SBC Telecomms., Inc.,* 318 F.Supp.2d 865, 872 (N.D. Cal. 2004). No prejudice exists. *See James,* 2012 WL 4859069, at *2 (no substantial prejudice where the amended complaint added similar claims and facts, and "the nature of the litigation and the course of defense will not be substantially altered"); *Serpa v. SBC Telecomms., Inc.,* 318 F.Supp.2d 865, 872 (N.D. Cal. 2004) (no substantial prejudice where "defendants need not radically change their litigation strategy in order to accommodate the proposed [ ] claims").

### E.      Amendment Would Not be Futile

As the Court made clear at the August 8, 2019, case management conference:

> Denial of a motion for leave to amend on the ground of futility is rare, and Courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend[] is granted and the amended leave – excuse me, and the amended pleading is filed.

(Dkt. 5559 at 8) (quoting *Henderson v. Muniz*, 14-CV-01857-JST, 2018 WL 6331008, at *3 (N.D. Cal. Dec. 4, 2018)).

"'The merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment.'" *Allen v. Bayshore Mall*, No. 12–cv–02368–JST, 2013 WL 6441504, at *5 (N.D.Cal. Dec. 9, 2013) (quoting *McClurg v. Maricopa Cnty.*, No. 09–cv–01684–PHX, 2010 WL 3885142, at *1 (D.Ariz. Sept. 30, 2010)). Under Rule 15(a), "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Nevertheless, the Defendants have made clear that they will raise futility as a ground to deny amendment. See (Dkt. 5542 at 1) ("Defendants anticipate, however, in addition to opposing intervention and leave to amend on the ground of delay, they will oppose amendment on the ground of futility."). While they did not flesh out their futility arguments in any detail, the Defendants stated that "[a]mong other arguments, the [ORS Plaintiffs'] claims are time barred, and some of the threatened claims, including claims that the ORS Plaintiffs may seek to assert against certain Defendants on behalf of indirect purchasers in Oregon have already been released through settlements with state attorneys general." *Id.* at 1-2.

Neither of the substantive issues raised by the Defendants should be resolved through a motion to amend the complaint. Such weighty issues should be decided through formal briefing. Nevertheless, given that we can anticipate the Defendants' limitations argument, we will provide a primer on its inapplicability.

There are several legal theories that could potentially immunize the ORS Plaintiffs' claims from a statute of limitations challenge, including the relation-back doctrine, *American Pipe* tolling, equitable tolling, or even fraudulent concealment.  Without delving into each of these potentially-applicable legal principles, we will—just to illustrate why timeliness should not be decided prior to formal briefing—provide an overview as to how the relation-back doctrine should thwart the Defendants' statute of limitations challenge:

The relation-back doctrine applies to amendments seeking to expand the scope of a class. *Wilner v. Manpower*, No. 11-cv-2846-JST, 2014 WL 2939732, at *4 (N.D. Cal. June 30, 2014).  The Ninth Circuit has set out a three-part test for when the doctrine applies to the addition of a plaintiff:

> An amendment adding a party plaintiff relates back to the date of the original pleading only when: 1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; 2) the relation back does not unfairly prejudice the defendant; and 3) there is an identity of interests between the original and newly proposed plaintiff.

*Immigrant Assistance Project of L.A. Cnty. Fed'n of Labor (AFL-CIO) v. I.N.S.*, 306 F.3d 842, 857 (9th Cir. 2002) (quoting *Rosenbaum v. Syntex Corp.*, 95 F.3d 922, 935 (9th Cir. 1996).

Within this test, "notice to the opposing party of the existence and involvement of the new plaintiff is the critical element." *Avila v. I.N.S.*, 731 F.2d 616, 620 (9th Cir. 1984). For amendments that seek to expand the scope of a putative class, the notice requirement is satisfied when "the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff[.]" *Syntex Corp.*, 95 F.3d at 935.

"Where 'the new plaintiffs had always been a part of the putative class,' notice is satisfied 'because Defendants had always known that all putative class members were potential plaintiffs.'" *Allen v. Similasan Corp.*, 96 F. Supp. 3d 1063, 1069 (S.D. Cal. 2015) (quoting *Willner,* 2014 WL 2939732, at *5).  This is especially true where the putative class members are seeking to intervene merely to expand their claims by adding a state-law claim on top of a nationwide claim that had already been asserted on their behalf.  *See Zorrilla v. Carlson Restaurants Inc.*, 255 F. Supp. 3d 465, 477 (S.D.N.Y. 2017) (applying the same relation-back test as *Syntex Corp.*

17

and concluding that an amendment adding new state law claims satisfied the "adequate notice" prong where the original complaint "brought a nationwide collective action premised on the allegation that [d]efendants apply the same employment policies, practices, and procedures" throughout the country).

In *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-CV-02219-JST, 2014 WL 2860318, at *2 (N.D. Cal. June 23, 2014), the Court explained: "A defendant has received adequate notice if the definition of the putative class includes the proposed class representative or the new class representative's claims are based upon the same or substantially similar underlying conduct." Since the federal price-fixing and conspiracy claims asserted in the original pleading remain pending as to all 50 states, and since the supplemental damages claims in repealer states arise out of the same conduct, transaction, or occurrences set out in the original complaint (and every complaint since then), the Defendants had adequate notice of the ORS Plaintiffs' supplemental damages claims.

Since the factual basis underlying those state-law damages claims is the same as the 50-state federal price-fixing and conspiracy class claims, the relation back would also not prejudice the Defendants.  *See Besig v. Dolphin Boating & Swimming Club*, 683 F.2d 1271, 1278 (9th Cir. 1982) ("Relation back imposes no prejudice when an amendment restates a claim with no new facts."); *Willner*, 2014 WL 2939732, at *5 ("Because the factual nature of and the relief sought in connection with the expanded claim is identical to that sought in all prior complaints, prejudice is not present here."); *Castle v. Wells Fargo Fin., Inc.*, No. C 06-4347 SI, 2008 WL 2079192, at *2 (N.D. Cal. May 15, 2008) (no unfair prejudice where plaintiffs' claim "depend[s] on the same conduct by defendant[ ] set forth in the original complaint, [and] defendant[ ] will not have to radically change litigation strategy to defend against th[is] additional plaintiff[ ].").  As noted *supra* at 7, the Defendants themselves acknowledge that "IPPs in the 22 States, the ORS Subclass, and the NRS Subclass make the same basic antitrust allegations: that Defendants and various co-conspirators

participated in a global conspiracy to fix the prices of CRTs, resulting in U.S. consumers paying higher prices for TVs and computer monitors containing CRTs." (Dkt. 5525 at 6).

Finally, relation back is appropriate because there is an identity of interests between the original plaintiffs and the ORS Plaintiffs. The identity of interests requirement is met if "the circumstances giving rise to the claim remain[ ] the same under the amended complaint as under the original complaint." *Immigrant Assistance Project*, 306 F.3d at 858 (quoting *Raynor Bros. v. Am. Cyanimid Co.*, 695 F.2d 382, 384 (9th Cir.1982)) (alterations and internal quotation marks omitted). As noted above, the indirect purchasers in the ORS have always been putative or actual class members in this case due to the federal claims asserted on their behalf, and all of the claims (including the state-law damages claims) arise from the same industry-wide price-fixing conspiracy. Given that the same set of facts underlie each claim, the identity-of-interest requirement is satisfied. *See Moreyra v. Fresenius Med. Care Holdings, Inc.*, No. SACV1000517JVSRZX, 2012 WL 13014985, at *9 (C.D. Cal. Mar. 7, 2012) (holding that identity of interest existed between original and proposed plaintiffs where defendants' allegedly unlawful "policies and practices ... are the subject of both complaints, and the factual allegations are virtually indistinguishable").

This analysis is not exhaustive. And other legal doctrines—in addition to the relation-back doctrine—may be applicable  Nevertheless, this analysis illustrates that the Defendants' statute of limitations argument is not as simple as they might suggest, and that it should not be decided prior to amendment and formal briefing.

### F.     Previous Amendment

The complaint has been amended several times by IPP Counsel.  However, this is the first time the ORS Plaintiffs are seeking to amend the complaint.  They are doing so to assert supplemental state-law damages claims that IPP Counsel should have included in prior iterations of the complaint, but did not.  In light of the unique nature of the ORS Plaintiffs' amendment, the number of prior amendments should not weigh against amendment in this instance.

19

## CONCLUSION

The Court should enter an order granting the ORS Plaintiffs' motion to intervene and to file an amended complaint.

Dated:  August 23, 2019

/s/  Theresa D. Moore
　　　Theresa D. Moore

Theresa D. Moore (99978)
Law Offices Of Theresa D. Moore
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 613-1414
tmoore@aliotolaw.com

*Interim Co-Lead Counsel*
*for the ORS*

/s/　Robert J. Bonsignore
　　　Robert J. Bonsignore

Robert J. Bonsignore
Bonsignore Trial Lawyers, PLLC
3771 Meadowcrest Drive
Las Vegas, NV  89121
Tel: (781) 845-7650
rbonsignore@class-actions.us

*Interim Co-Lead Counsel*
*for the ORS*

Christopher A. Nedeau (81297)
Nedeau Law Firm
154 Baker Street
San Francisco, CA 94117
Telephone: (415) 516-4010
cnedeau@nedeaulaw.net

*Counsel for the ORS*

Respectfully submitted,

 /s/  Francis. O. Scarpulla
　　　Francis O. Scarpulla

Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: 415-788-7210
fos@scarpullalaw.com
pbc@scarpullalaw.com

*Interim Co-Lead Counsel*
*for the ORS*

John G. Crabtree, *appearing pro hac vice*
Brian Tackenberg, *appearing pro hac vice*
Crabtree & Auslander
240 Crandon Boulevard, Suite 101
Key Biscayne, FL 33149
Telephone:  (305) 361-3770
jcrabtree@crabtreelaw.com
btackenberg@crabtreelaw.com

*Counsel for the ORS*

Brian M. Torres, *appearing pro hac vice*
Brian M. Torres, P.A.
One S.E. Third Avenue, Suite 3000
Miami, FL  33131
Telephone:  (305) 901-5858
btorres@briantorres.legal

*Counsel for the ORS*

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AND
AMEND COMPLAINT TO ALLEGE STATE LAW CLAIMS FOR THE OTHER REPEALER STATES
Case No. 3:07-cv-5944, MDL No. 1917

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was filed *via* CM/ECF on August 23, 2019 and as a result has been served on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ John G. Crabtree

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AND
AMEND COMPLAINT TO ALLEGE STATE LAW CLAIMS FOR THE OTHER REPEALER STATES
Case No. 3:07-cv-5944, MDL No. 1917