Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 788-7210
Facsimile:   (415) 788-0706
Email: fos@scarpullalaw.com
        pbc@scarpullalaw.com

*Interim Co-Lead Counsel for Other Repealer
States*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **DECLARATION OF FRANCIS O. SCARPULLA IN SUPPORT OF MOTION TO INTERVENE AND AMEND COMPLAINT TO ALLEGE STATE LAW CLAIMS FOR THE OTHER REPEALER STATES** |
| All Indirect-Purchaser Actions | |
| | Hearing Date:   October 23, 2019 |
| | Time:               2:00 p.m. |
| | Judge:              The Honorable Jon S. Tigar |
| | Courtroom:      6, 2nd Floor |

1    I, Francis O. Scarpulla, declare as follows:

2        1.      I am an attorney duly licensed by the State of California and am admitted to

3    practice before this Court.  I make this declaration in support of the Motion to Intervene and

4    Amend Complaint To Allege State Law Claims For the Other Repealer States.  I have personal

5    knowledge of the facts stated in this Declaration, and, if called as a witness, I could and would

6    testify completely to them.

7        2.      Pursuant to Mass. Gen. Laws ch. 93A, §§ 2 and 9, on July 15, 2019, I caused to be

8    served by Certified Mail demand letters upon the entities listed below.  Attached to this

9    Declaration are copies of each demand letter served, as well as copies of the return receipts

10   confirming delivery of each.

- Ex. 1:  LG Electronics USA, Inc., delivered on July 22, 2019;
- Ex. 2:  Philips North America LLC, delivered on July 22, 2019;
- Ex. 3:  Hitachi America Ltd., delivered on July 22, 2019;
- Ex. 4:  Mitsubishi Electric US Inc., delivered on July 19, 2019;
- Ex. 5:  Panasonic Corp. of North America, delivered on July 19, 2019;
- Ex. 6:  Samsung Electronics America Inc., delivered on July 19, 2019;
- Ex. 7:  Technicolor USA Inc., delivered on July 19, 2019;
- Ex. 8:  Toshiba America Consumer Products Inc., delivered on July 19, 2019;
- Ex. 9:  Toshiba America Consumer Products LLC, delivered on July 19, 2019;
- Ex. 10:  Toshiba America Electronic Components Inc., delivered on July 19, 2019;
- Ex. 11:  Toshiba America Information System Inc., delivered on July 19, 2019;
- Ex. 12:  Toshiba America Inc., delivered on July 19, 2019

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.  Executed the 22nd day of August, 2019 at San Francisco, California.

/s/ Francis O. Scarpulla
Francis O. Scarpulla

SCARPULLA DEC. iso MOTION TO INTERVENE AND AMEND COMPLAINT

Case No. 3:07-cv-5944, MDL No. 1917

# EXHIBIT 1

LAW OFFICES OF
## FRANCIS O. SCARPULLA
ATTORNEY AT LAW
AND
SOLICITOR, UNITED KINGDOM AND WALES
SOLICITOR, IRELAND
456 MONTGOMERY STREET, 17TH FLOOR
SAN FRANCISCO, CA  94104
(415) 788-7210
TELECOPIER: (415) 788-0706
CELLULAR: (415) 310-0607
EMAIL: fos@scarpullalaw.com

July 15, 2019

*VIA* CERTIFIED MAIL
Registered; Return Receipt Requested

Registered Agent for Service of Process
   for LG Electronics U.S.A., Inc.
Prentice-Hall Corporation System, Inc.
84 State Street
Boston, MA  02109

Dear CRT Manufacturers[1]:

The undersigned counsel represent Hope Hitchcock, Kerry Murphy, Gary Talewsky, and Harry Garavanian (the "Claimants").

The provisions of Massachusetts General Laws of Consumer Protection, Chapter 93A, Section 9, grant Claimants the right to make demand – and we hereby make a written demand on their behalf – for the relief that is described in that act. The Claimants make their demands individually pursuant to M.G.L.A. 93A, § 9(3), but with the intent to pursue relief for all others similarly situated pursuant to M.G.L.A. 93A, § 9(2).

Each of the Claimants has been the victim of a conspiracy to fix the price of cathode-ray tube (CRT) products, including televisions and computer monitors, by the CRT Manufacturers. Each of the Claimants is an indirect purchaser of CRT products for their own use and not for resale. The price-fixing conspiracy has been described in the pleadings of Indirect-Purchaser Plaintiffs in complaints for relief starting in 2007 in litigation pending in the U.S. District Court for the Northern District of California: *In re Cathode Ray Tube (CRT) Litigation*, MDL No. 1917, Case No. 07-cv-5944-JST (N.D. Cal.).

---

[1] The Claimants refer to the addressees above as the "CRT Manufacturers".

CRT Manufacturers
July 15, 2019
Page 2

As variously alleged since the inception of *In re Cathode Ray Tube (CRT) Litigation* in the Indirect-Purchaser Plaintiffs' consolidated amended complaint (March 16, 2009), as well as in its second (May 10, 2010), third (December 11, 2010), and fourth (January 10, 2013) consolidated amended complaints, the CRT Manufacturers conspired to fix, raise, maintain, and stabilize prices for the sale of CRT products at artificially high and anticompetitive levels. That conspiracy extended from March 1, 1995 until November 25, 2007, and resulted in overcharges of billions of dollars to indirect purchasers across the United States, including to the Claimants who purchased CRT products in Massachusetts. Thus, the CRT Manufacturers' illegal conduct: 1) violated Section 1 of the federal Sherman Act; 2) violated state antitrust laws; 3) violated state consumer protection and unfair competition statutes, including M.G.L.A. 93A, §§ 2, 9; and 4) constituted unjust enrichment subjecting the CRT Manufacturers to disgorgement of profits.

Pursuant to federal law, all CRT Manufacturer co-conspirators are jointly and severally liable for all damages arising from the conspiracy.

The Claimants purchased CRT products whose prices were artificially high as a result of the price-fixing conspiracy:

1. Hope Hitchcock: Ms. Hitchcock purchased a Samsung CRT television at Best Buy in Danvers, Massachusetts in October 1998.

2. Kerry Murphy: Kerry Murphy purchased a Samsung CRT television at Circuit City in North Dartmouth, Massachusetts in the summer of 2000.

3. Gary Talewsky: Mr. Talewksy purchased 4 CRT computer monitors and 5 CRT televisions in Massachusetts from March 1, 1995 to November 25, 2007. Mr. Talewsky also purchased 18 CRT computer monitors in Massachusetts for his office during the same period.

4. Harry Garavanian: Mr. Garavanian purchased 5 CRT computer monitors and 1 CRT television in Massachusetts from March 1, 1995 to November 25, 2007.

Due to the unfair and deceptive practices of the CRT Manufacturers to which the Claimants were subjected, the Claimants have suffered monetary damages because they paid more for the CRT products they purchased than they would have done in the absence of the conspiracy. The amount of the damages the Claimants suffered cannot be determined at this time in the absence of additional discovery, however, that information is known and has been concealed by the CRT Manufacturers as part of the price-fixing conspiracy. The Claimants demand a sum of money sufficient not only to pay their own damages, but also for those indirect purchasers who bought CRT products in Massachusetts for their own use and not for resale from March 1, 1995 until November 25, 2007.

Pursuant to M.G.L.A. 93A, § 9(3), please respond within 30 days of receipt of this letter. Should you fail to do so, we will file claims for the Claimants and on behalf of a plaintiff class of

CRT Manufacturers
July 15, 2019
Page 3

indirect purchasers who purchased CRT products in Massachusetts from March 1, 1995 through November 25, 2007, seeking all available remedies under federal and Massachusetts law.

Very truly yours,

/s/ Francis O. Scarpulla

FRANCIS O. SCARPULLA
Law Offices of Francis O. Scarpulla
*Counsel for Hitchcock and Murphy*

/s/ Theresa D. Moore

THERESA D. MOORE
Law Offices of Theresa D. Moore, PC
*Counsel for Talewsky and Garavanian*

BT/FOS/cpc
cc:     Patrick B. Clayton, Esq.
        John G. Crabtree, Esq.
        Brian Tackenberg, Esq.
        Brian M. Torres, Esq.
        Mark Morrison, Esq.
        Christopher Nedeau, Esq.



# EXHIBIT 2

LAW OFFICES OF
## FRANCIS O. SCARPULLA
### ATTORNEY AT LAW
AND
## SOLICITOR, UNITED KINGDOM AND WALES
### SOLICITOR, IRELAND
### 456 MONTGOMERY STREET, 17TH FLOOR
### SAN FRANCISCO, CA  94104
(415) 788-7210
TELECOPIER:  (415) 788-0706
CELLULAR:  (415) 310-0607
EMAIL:  fos.scarpullalaw.com

July 15, 2019

*VIA* CERTIFIED MAIL
Registered; Return Receipt Requested

Registered Agent for Service of Process
   for Philips North America, LLC
   f/k/a Philips Electronics North America Corporation
Corporation Service Company
84 State Street
Boston, MA  02109

Dear CRT Manufacturers[1]:

     The undersigned counsel represent Hope Hitchcock, Kerry Murphy, Gary Talewsky, and Harry Garavanian (the "Claimants").

     The provisions of Massachusetts General Laws of Consumer Protection, Chapter 93A, Section 9, grant Claimants the right to make demand – and we hereby make a written demand on their behalf – for the relief that is described in that act.  The Claimants make their demands individually pursuant to M.G.L.A. 93A, § 9(3), but with the intent to pursue relief for all others similarly situated pursuant to M.G.L.A. 93A, § 9(2).

     Each of the Claimants has been the victim of a conspiracy to fix the price of cathode-ray tube (CRT) products, including televisions and computer monitors, by the CRT Manufacturers. Each of the Claimants is an indirect purchaser of CRT products for their own use and not for resale.  The price-fixing conspiracy has been described in the pleadings of Indirect-Purchaser Plaintiffs in complaints for relief starting in 2007 in litigation pending in the U.S. District Court for the Northern District of California:  *In re Cathode Ray Tube (CRT) Litigation*, MDL No. 1917, Case No. 07-cv-5944-JST (N.D. Cal.).

---

[1] The Claimants refer to the addressees above as the "CRT Manufacturers".

CRT Manufacturers
July 15, 2019
Page 2

As variously alleged since the inception of *In re Cathode Ray Tube (CRT) Litigation* in the Indirect-Purchaser Plaintiffs' consolidated amended complaint (March 16, 2009), as well as in its second (May 10, 2010), third (December 11, 2010), and fourth (January 10, 2013) consolidated amended complaints, the CRT Manufacturers conspired to fix, raise, maintain, and stabilize prices for the sale of CRT products at artificially high and anticompetitive levels. That conspiracy extended from March 1, 1995 until November 25, 2007, and resulted in overcharges of billions of dollars to indirect purchasers across the United States, including to the Claimants who purchased CRT products in Massachusetts. Thus, the CRT Manufacturers' illegal conduct: 1) violated Section 1 of the federal Sherman Act; 2) violated state antitrust laws; 3) violated state consumer protection and unfair competition statutes, including M.G.L.A. 93A, §§ 2, 9; and 4) constituted unjust enrichment subjecting the CRT Manufacturers to disgorgement of profits.

Pursuant to federal law, all CRT Manufacturer co-conspirators are jointly and severally liable for all damages arising from the conspiracy.

The Claimants purchased CRT products whose prices were artificially high as a result of the price-fixing conspiracy:

1. Hope Hitchcock:  Ms. Hitchcock purchased a Samsung CRT television at Best Buy in Danvers, Massachusetts in October 1998.

2. Kerry Murphy:  Kerry Murphy purchased a Samsung CRT television at Circuit City in North Dartmouth, Massachusetts in the summer of 2000.

3. Gary Talewsky:  Mr. Talewksy purchased 4 CRT computer monitors and 5 CRT televisions in Massachusetts from March 1, 1995 to November 25, 2007. Mr. Talewsky also purchased 18 CRT computer monitors in Massachusetts for his office during the same period.

4. Harry Garavanian:  Mr. Garavanian purchased 5 CRT computer monitors and 1 CRT television in Massachusetts from March 1, 1995 to November 25, 2007.

Due to the unfair and deceptive practices of the CRT Manufacturers to which the Claimants were subjected, the Claimants have suffered monetary damages because they paid more for the CRT products they purchased than they would have done in the absence of the conspiracy. The amount of the damages the Claimants suffered cannot be determined at this time in the absence of additional discovery, however, that information is known and has been concealed by the CRT Manufacturers as part of the price-fixing conspiracy. The Claimants demand a sum of money sufficient not only to pay their own damages, but also for those indirect purchasers who bought CRT products in Massachusetts for their own use and not for resale from March 1, 1995 until November 25, 2007.

Pursuant to M.G.L.A. 93A, § 9(3), please respond within 30 days of receipt of this letter. Should you fail to do so, we will file claims for the Claimants and on behalf of a plaintiff class of

CRT Manufacturers
July 15, 2019
Page 3

indirect purchasers who purchased CRT products in Massachusetts from March 1, 1995 through
November 25, 2007, seeking all available remedies under federal and Massachusetts law.

Very truly yours,

/s/ Francis O. Scarpulla

FRANCIS O. SCARPULLA
Law Offices of Francis O. Scarpulla
*Counsel for Hitchcock and Murphy*

/s/ Theresa D. Moore

THERESA D. MOORE
Law Offices of Theresa D. Moore, PC
*Counsel for Talewsky and Garavanian*

BT/FOS/cpc

cc:    Patrick B. Clayton, Esq.
       John G. Crabtree, Esq.
       Brian Tackenberg, Esq.
       Brian M. Torres, Esq.
       Mark Morrison, Esq.
       Christopher Nedeau, Esq.



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

A/S/P Philips NA, LLC
Corporation Service Company
84 State Street
Boston, MA  02109

# EXHIBIT 3

LAW OFFICES OF
FRANCIS O. SCARPULLA
ATTORNEY AT LAW
AND
SOLICITOR, UNITED KINGDOM AND WALES
SOLICITOR, IRELAND
456 MONTGOMERY STREET, 17ᵀᴴ FLOOR
SAN FRANCISCO, CA 94104
(415) 788-7210
TELECOPIER: (415) 788-0706
CELLULAR: (415) 310-0607
EMAIL: fos@scarpullalaw.com

July 15, 2019

*VIA* CERTIFIED MAIL
Registered; Return Receipt Requested

Registered Agent for Service of Process
    for Hitachi America, Ltd.
Prentice-Hall Corporation System, Inc.
84 State Street
Boston, MA 02109

Dear CRT Manufacturers[1]:

The undersigned counsel represent Hope Hitchcock, Kerry Murphy, Gary Talewsky, and Harry Garavanian (the "Claimants").

The provisions of Massachusetts General Laws of Consumer Protection, Chapter 93A, Section 9, grant Claimants the right to make demand – and we hereby make a written demand on their behalf – for the relief that is described in that act. The Claimants make their demands individually pursuant to M.G.L.A. 93A, § 9(3), but with the intent to pursue relief for all others similarly situated pursuant to M.G.L.A. 93A, § 9(2).

Each of the Claimants has been the victim of a conspiracy to fix the price of cathode-ray tube (CRT) products, including televisions and computer monitors, by the CRT Manufacturers. Each of the Claimants is an indirect purchaser of CRT products for their own use and not for resale. The price-fixing conspiracy has been described in the pleadings of Indirect-Purchaser Plaintiffs in complaints for relief starting in 2007 in litigation pending in the U.S. District Court for the Northern District of California: *In re Cathode Ray Tube (CRT) Litigation*, MDL No. 1917, Case No. 07-cv-5944-JST (N.D. Cal.).

---

[1] The Claimants refer to the addressees above as the "CRT Manufacturers".

CRT Manufacturers
July 15, 2019
Page 2

As variously alleged since the inception of *In re Cathode Ray Tube (CRT) Litigation* in the Indirect-Purchaser Plaintiffs' consolidated amended complaint (March 16, 2009), as well as in its second (May 10, 2010), third (December 11, 2010), and fourth (January 10, 2013) consolidated amended complaints, the CRT Manufacturers conspired to fix, raise, maintain, and stabilize prices for the sale of CRT products at artificially high and anticompetitive levels. That conspiracy extended from March 1, 1995 until November 25, 2007, and resulted in overcharges of billions of dollars to indirect purchasers across the United States, including to the Claimants who purchased CRT products in Massachusetts. Thus, the CRT Manufacturers' illegal conduct: 1) violated Section 1 of the federal Sherman Act; 2) violated state antitrust laws; 3) violated state consumer protection and unfair competition statutes, including M.G.L.A. 93A, §§ 2, 9; and 4) constituted unjust enrichment subjecting the CRT Manufacturers to disgorgement of profits.

Pursuant to federal law, all CRT Manufacturer co-conspirators are jointly and severally liable for all damages arising from the conspiracy.

The Claimants purchased CRT products whose prices were artificially high as a result of the price-fixing conspiracy:

1. Hope Hitchcock: Ms. Hitchcock purchased a Samsung CRT television at Best Buy in Danvers, Massachusetts in October 1998.

2. Kerry Murphy: Kerry Murphy purchased a Samsung CRT television at Circuit City in North Dartmouth, Massachusetts in the summer of 2000.

3. Gary Talewsky: Mr. Talewksy purchased 4 CRT computer monitors and 5 CRT televisions in Massachusetts from March 1, 1995 to November 25, 2007. Mr. Talewsky also purchased 18 CRT computer monitors in Massachusetts for his office during the same period.

4. Harry Garavanian: Mr. Garavanian purchased 5 CRT computer monitors and 1 CRT television in Massachusetts from March 1, 1995 to November 25, 2007.

Due to the unfair and deceptive practices of the CRT Manufacturers to which the Claimants were subjected, the Claimants have suffered monetary damages because they paid more for the CRT products they purchased than they would have done in the absence of the conspiracy. The amount of the damages the Claimants suffered cannot be determined at this time in the absence of additional discovery, however, that information is known and has been concealed by the CRT Manufacturers as part of the price-fixing conspiracy. The Claimants demand a sum of money sufficient not only to pay their own damages, but also for those indirect purchasers who bought CRT products in Massachusetts for their own use and not for resale from March 1, 1995 until November 25, 2007.

Pursuant to M.G.L.A. 93A, § 9(3), please respond within 30 days of receipt of this letter. Should you fail to do so, we will file claims for the Claimants and on behalf of a plaintiff class of

CRT Manufacturers
July 15, 2019
Page 3

indirect purchasers who purchased CRT products in Massachusetts from March 1, 1995 through
November 25, 2007, seeking all available remedies under federal and Massachusetts law.

Very truly yours,

/s/ Francis O. Scarpulla

FRANCIS O. SCARPULLA
Law Offices of Francis O. Scarpulla
*Counsel for Hitchcock and Murphy*

/s/ Theresa D. Moore

THERESA D. MOORE
Law Offices of Theresa D. Moore, PC
*Counsel for Talewsky and Garavanian*

BT/FOS/cpc
cc:     Patrick B. Clayton, Esq.
        John G. Crabtree, Esq.
        Brian Tackenberg, Esq.
        Brian M. Torres, Esq.
        Mark Morrison, Esq.
        Christopher Nedeau, Esq.

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

A/S/P Hitachi America, Ltd.
Prentice-Hall Corp. System, Inc.
84 State Street
Boston, MA  02109

9590 9402 3612 7305 8385 96

2. Article Number (Transfer from service label)

7019 0700 0001 1662 3254

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                          ☐ Agent
                           ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee   3.50

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $          2.80       7-15-19
☐ Certified Mail Restricted Delivery  $                  cpc
☐ Adult Signature Required         $                  Postmark
☐ Adult Signature Restricted Delivery  $               Here

Postage   .50

Total Postage and Fees   6.80

Sent To   A/S/P Hitachi America, Ltd.
Street and Apt. No   Prentice-Hall Corp. System, Inc.
                     84 State Street
City, State, ZIP+4   Boston, MA  02109

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

7019 0700 0001 1662 3254

# EXHIBIT 4

LAW OFFICES OF
FRANCIS O. SCARPULLA
ATTORNEY AT LAW
AND
SOLICITOR, UNITED KINGDOM AND WALES
SOLICITOR, IRELAND
456 MONTGOMERY STREET, 17TH FLOOR
SAN FRANCISCO, CA  94104
(415) 788-7210
TELECOPIER: (415) 788-0706
CELLULAR: (415) 310-0607
EMAIL: fos_scarpullalaw.com

July 15, 2019

*VIA* CERTIFIED MAIL
Registered; Return Receipt Requested

Registered Agent for Service of Process
    for Mitsubishi Electric US, Inc.
CT Corporation System
155 Federal Street, Suite 700
Boston, MA  02110

Dear CRT Manufacturers[1]:

The undersigned counsel represent Hope Hitchcock, Kerry Murphy, Gary Talewsky, and Harry Garavanian (the "Claimants").

The provisions of Massachusetts General Laws of Consumer Protection, Chapter 93A, Section 9, grant Claimants the right to make demand – and we hereby make a written demand on their behalf – for the relief that is described in that act.  The Claimants make their demands individually pursuant to M.G.L.A. 93A, § 9(3), but with the intent to pursue relief for all others similarly situated pursuant to M.G.L.A. 93A, § 9(2).

Each of the Claimants has been the victim of a conspiracy to fix the price of cathode-ray tube (CRT) products, including televisions and computer monitors, by the CRT Manufacturers. Each of the Claimants is an indirect purchaser of CRT products for their own use and not for resale.  The price-fixing conspiracy has been described in the pleadings of Indirect-Purchaser Plaintiffs in complaints for relief starting in 2007 in litigation pending in the U.S. District Court for the Northern District of California:  *In re Cathode Ray Tube (CRT) Litigation*, MDL No. 1917, Case No. 07-cv-5944-JST (N.D. Cal.).

---

[1] The Claimants refer to the addressees above as the "CRT Manufacturers".

CRT Manufacturers
July 15, 2019
Page 2

As variously alleged since the inception of *In re Cathode Ray Tube (CRT) Litigation* in the Indirect-Purchaser Plaintiffs' consolidated amended complaint (March 16, 2009), as well as in its second (May 10, 2010), third (December 11, 2010), and fourth (January 10, 2013) consolidated amended complaints, the CRT Manufacturers conspired to fix, raise, maintain, and stabilize prices for the sale of CRT products at artificially high and anticompetitive levels. That conspiracy extended from March 1, 1995 until November 25, 2007, and resulted in overcharges of billions of dollars to indirect purchasers across the United States, including to the Claimants who purchased CRT products in Massachusetts. Thus, the CRT Manufacturers' illegal conduct: 1) violated Section 1 of the federal Sherman Act; 2) violated state antitrust laws; 3) violated state consumer protection and unfair competition statutes, including M.G.L.A. 93A, §§ 2, 9; and 4) constituted unjust enrichment subjecting the CRT Manufacturers to disgorgement of profits.

Pursuant to federal law, all CRT Manufacturer co-conspirators are jointly and severally liable for all damages arising from the conspiracy.

The Claimants purchased CRT products whose prices were artificially high as a result of the price-fixing conspiracy:

1. Hope Hitchcock: Ms. Hitchcock purchased a Samsung CRT television at Best Buy in Danvers, Massachusetts in October 1998.

2. Kerry Murphy: Kerry Murphy purchased a Samsung CRT television at Circuit City in North Dartmouth, Massachusetts in the summer of 2000.

3. Gary Talewsky: Mr. Talewksy purchased 4 CRT computer monitors and 5 CRT televisions in Massachusetts from March 1, 1995 to November 25, 2007. Mr. Talewsky also purchased 18 CRT computer monitors in Massachusetts for his office during the same period.

4. Harry Garavanian: Mr. Garavanian purchased 5 CRT computer monitors and 1 CRT television in Massachusetts from March 1, 1995 to November 25, 2007.

Due to the unfair and deceptive practices of the CRT Manufacturers to which the Claimants were subjected, the Claimants have suffered monetary damages because they paid more for the CRT products they purchased than they would have done in the absence of the conspiracy. The amount of the damages the Claimants suffered cannot be determined at this time in the absence of additional discovery, however, that information is known and has been concealed by the CRT Manufacturers as part of the price-fixing conspiracy. The Claimants demand a sum of money sufficient not only to pay their own damages, but also for those indirect purchasers who bought CRT products in Massachusetts for their own use and not for resale from March 1, 1995 until November 25, 2007.

Pursuant to M.G.L.A. 93A, § 9(3), please respond within 30 days of receipt of this letter. Should you fail to do so, we will file claims for the Claimants and on behalf of a plaintiff class of

CRT Manufacturers
July 15, 2019
Page 3

indirect purchasers who purchased CRT products in Massachusetts from March 1, 1995 through November 25, 2007, seeking all available remedies under federal and Massachusetts law.

Very truly yours,

/s/ Francis O. Scarpulla

FRANCIS O. SCARPULLA
Law Offices of Francis O. Scarpulla
*Counsel for Hitchcock and Murphy*

/s/ Theresa D. Moore

THERESA D. MOORE
Law Offices of Theresa D. Moore, PC
*Counsel for Talewsky and Garavanian*

BT/FOS/cpc
cc:    Patrick B. Clayton, Esq.
       John G. Crabtree, Esq.
       Brian Tackenberg, Esq.
       Brian M. Torres, Esq.
       Mark Morrison, Esq.
       Christopher Nedeau, Esq.

# EXHIBIT 5

LAW OFFICES OF
# FRANCIS O. SCARPULLA
## ATTORNEY AT LAW
AND
SOLICITOR, UNITED KINGDOM AND WALES
SOLICITOR, IRELAND
456 MONTGOMERY STREET, 17TH FLOOR
SAN FRANCISCO, CA  94104
(415) 788-7210
TELECOPIER:  (415) 788-0706
CELLULAR:  (415) 310-0607
EMAIL:  fos@scarpullalaw.com

July 15, 2019

*VIA* CERTIFIED MAIL
Registered; Return Receipt Requested

Registered Agent for Service
    for Panasonic Corporation of North America
CT Corporation System
155 Federal Street, Suite 700
Boston, MA  02110

Dear CRT Manufacturers[1]:

The undersigned counsel represent Hope Hitchcock, Kerry Murphy, Gary Talewsky, and Harry Garavanian (the "Claimants").

The provisions of Massachusetts General Laws of Consumer Protection, Chapter 93A, Section 9, grant Claimants the right to make demand – and we hereby make a written demand on their behalf – for the relief that is described in that act. The Claimants make their demands individually pursuant to M.G.L.A. 93A, § 9(3), but with the intent to pursue relief for all others similarly situated pursuant to M.G.L.A. 93A, § 9(2).

Each of the Claimants has been the victim of a conspiracy to fix the price of cathode-ray tube (CRT) products, including televisions and computer monitors, by the CRT Manufacturers. Each of the Claimants is an indirect purchaser of CRT products for their own use and not for resale. The price-fixing conspiracy has been described in the pleadings of Indirect-Purchaser Plaintiffs in complaints for relief starting in 2007 in litigation pending in the U.S. District Court for the Northern District of California: *In re Cathode Ray Tube (CRT) Litigation*, MDL No. 1917, Case No. 07-cv-5944-JST (N.D. Cal.).

---

[1] The Claimants refer to the addressees above as the "CRT Manufacturers".

CRT Manufacturers
July 15, 2019
Page 2

As variously alleged since the inception of *In re Cathode Ray Tube (CRT) Litigation* in the Indirect-Purchaser Plaintiffs' consolidated amended complaint (March 16, 2009), as well as in its second (May 10, 2010), third (December 11, 2010), and fourth (January 10, 2013) consolidated amended complaints, the CRT Manufacturers conspired to fix, raise, maintain, and stabilize prices for the sale of CRT products at artificially high and anticompetitive levels. That conspiracy extended from March 1, 1995 until November 25, 2007, and resulted in overcharges of billions of dollars to indirect purchasers across the United States, including to the Claimants who purchased CRT products in Massachusetts. Thus, the CRT Manufacturers' illegal conduct: 1) violated Section 1 of the federal Sherman Act; 2) violated state antitrust laws; 3) violated state consumer protection and unfair competition statutes, including M.G.L.A. 93A, §§ 2, 9; and 4) constituted unjust enrichment subjecting the CRT Manufacturers to disgorgement of profits.

Pursuant to federal law, all CRT Manufacturer co-conspirators are jointly and severally liable for all damages arising from the conspiracy.

The Claimants purchased CRT products whose prices were artificially high as a result of the price-fixing conspiracy:

1. Hope Hitchcock: Ms. Hitchcock purchased a Samsung CRT television at Best Buy in Danvers, Massachusetts in October 1998.

2. Kerry Murphy: Kerry Murphy purchased a Samsung CRT television at Circuit City in North Dartmouth, Massachusetts in the summer of 2000.

3. Gary Talewsky: Mr. Talewksy purchased 4 CRT computer monitors and 5 CRT televisions in Massachusetts from March 1, 1995 to November 25, 2007. Mr. Talewsky also purchased 18 CRT computer monitors in Massachusetts for his office during the same period.

4. Harry Garavanian: Mr. Garavanian purchased 5 CRT computer monitors and 1 CRT television in Massachusetts from March 1, 1995 to November 25, 2007.

Due to the unfair and deceptive practices of the CRT Manufacturers to which the Claimants were subjected, the Claimants have suffered monetary damages because they paid more for the CRT products they purchased than they would have done in the absence of the conspiracy. The amount of the damages the Claimants suffered cannot be determined at this time in the absence of additional discovery, however, that information is known and has been concealed by the CRT Manufacturers as part of the price-fixing conspiracy. The Claimants demand a sum of money sufficient not only to pay their own damages, but also for those indirect purchasers who bought CRT products in Massachusetts for their own use and not for resale from March 1, 1995 until November 25, 2007.

Pursuant to M.G.L.A. 93A, § 9(3), please respond within 30 days of receipt of this letter. Should you fail to do so, we will file claims for the Claimants and on behalf of a plaintiff class of

CRT Manufacturers
July 15, 2019
Page 3

indirect purchasers who purchased CRT products in Massachusetts from March 1, 1995 through November 25, 2007, seeking all available remedies under federal and Massachusetts law.

Very truly yours,

/s/ Francis O. Scarpulla

FRANCIS O. SCARPULLA
Law Offices of Francis O. Scarpulla
*Counsel for Hitchcock and Murphy*

/s/ Theresa D. Moore

THERESA D. MOORE
Law Offices of Theresa D. Moore, PC
*Counsel for Talewsky and Garavanian*

BT/FOS/cpc
cc:    Patrick B. Clayton, Esq.
       John G. Crabtree, Esq.
       Brian Tackenberg, Esq.
       Brian M. Torres, Esq.
       Mark Morrison, Esq.
       Christopher Nedeau, Esq.



# EXHIBIT 6

LAW OFFICES OF
## FRANCIS O. SCARPULLA
ATTORNEY AT LAW
AND
SOLICITOR, UNITED KINGDOM AND WALES
SOLICITOR, IRELAND
456 MONTGOMERY STREET, 17TH FLOOR
SAN FRANCISCO, CA  94104
(415) 788-7210
TELECOPIER:  (415) 788-0706
CELLULAR:  (415) 310-0607
EMAIL:  fos@scarpullalaw.com

July 15, 2019

*VIA* CERTIFIED MAIL
Registered; Return Receipt Requested

Registered Agent for Service of Process
    for Samsung Electronics America, Inc.
CT Corporation System
155 Federal Street, Suite 700
Boston, MA  02110

Dear CRT Manufacturers[1]:

The undersigned counsel represent Hope Hitchcock, Kerry Murphy, Gary Talewsky, and Harry Garavanian (the "Claimants").

The provisions of Massachusetts General Laws of Consumer Protection, Chapter 93A, Section 9, grant Claimants the right to make demand – and we hereby make a written demand on their behalf – for the relief that is described in that act. The Claimants make their demands individually pursuant to M.G.L.A. 93A, § 9(3), but with the intent to pursue relief for all others similarly situated pursuant to M.G.L.A. 93A, § 9(2).

Each of the Claimants has been the victim of a conspiracy to fix the price of cathode-ray tube (CRT) products, including televisions and computer monitors, by the CRT Manufacturers. Each of the Claimants is an indirect purchaser of CRT products for their own use and not for resale. The price-fixing conspiracy has been described in the pleadings of Indirect-Purchaser Plaintiffs in complaints for relief starting in 2007 in litigation pending in the U.S. District Court for the Northern District of California: *In re Cathode Ray Tube (CRT) Litigation*, MDL No. 1917, Case No. 07-cv-5944-JST (N.D. Cal.).

---

[1] The Claimants refer to the addressees above as the "CRT Manufacturers".

CRT Manufacturers
July 15, 2019
Page 2

As variously alleged since the inception of *In re Cathode Ray Tube (CRT) Litigation* in the Indirect-Purchaser Plaintiffs' consolidated amended complaint (March 16, 2009), as well as in its second (May 10, 2010), third (December 11, 2010), and fourth (January 10, 2013) consolidated amended complaints, the CRT Manufacturers conspired to fix, raise, maintain, and stabilize prices for the sale of CRT products at artificially high and anticompetitive levels. That conspiracy extended from March 1, 1995 until November 25, 2007, and resulted in overcharges of billions of dollars to indirect purchasers across the United States, including to the Claimants who purchased CRT products in Massachusetts. Thus, the CRT Manufacturers' illegal conduct: 1) violated Section 1 of the federal Sherman Act; 2) violated state antitrust laws; 3) violated state consumer protection and unfair competition statutes, including M.G.L.A. 93A, §§ 2, 9; and 4) constituted unjust enrichment subjecting the CRT Manufacturers to disgorgement of profits.

Pursuant to federal law, all CRT Manufacturer co-conspirators are jointly and severally liable for all damages arising from the conspiracy.

The Claimants purchased CRT products whose prices were artificially high as a result of the price-fixing conspiracy:

1. Hope Hitchcock:  Ms. Hitchcock purchased a Samsung CRT television at Best Buy in Danvers, Massachusetts in October 1998.

2. Kerry Murphy:  Kerry Murphy purchased a Samsung CRT television at Circuit City in North Dartmouth, Massachusetts in the summer of 2000.

3. Gary Talewsky:  Mr. Talewksy purchased 4 CRT computer monitors and 5 CRT televisions in Massachusetts from March 1, 1995 to November 25, 2007. Mr. Talewsky also purchased 18 CRT computer monitors in Massachusetts for his office during the same period.

4. Harry Garavanian:  Mr. Garavanian purchased 5 CRT computer monitors and 1 CRT television in Massachusetts from March 1, 1995 to November 25, 2007.

Due to the unfair and deceptive practices of the CRT Manufacturers to which the Claimants were subjected, the Claimants have suffered monetary damages because they paid more for the CRT products they purchased than they would have done in the absence of the conspiracy. The amount of the damages the Claimants suffered cannot be determined at this time in the absence of additional discovery, however, that information is known and has been concealed by the CRT Manufacturers as part of the price-fixing conspiracy. The Claimants demand a sum of money sufficient not only to pay their own damages, but also for those indirect purchasers who bought CRT products in Massachusetts for their own use and not for resale from March 1, 1995 until November 25, 2007.

Pursuant to M.G.L.A. 93A, § 9(3), please respond within 30 days of receipt of this letter. Should you fail to do so, we will file claims for the Claimants and on behalf of a plaintiff class of

CRT Manufacturers
July 15, 2019
Page 3

indirect purchasers who purchased CRT products in Massachusetts from March 1, 1995 through
November 25, 2007, seeking all available remedies under federal and Massachusetts law.

Very truly yours,

/s/ Francis O. Scarpulla

FRANCIS O. SCARPULLA
Law Offices of Francis O. Scarpulla
*Counsel for Hitchcock and Murphy*

/s/ Theresa D. Moore

THERESA D. MOORE
Law Offices of Theresa D. Moore, PC
*Counsel for Talewsky and Garavanian*

BT/FOS/cpc

cc:     Patrick B. Clayton, Esq.
        John G. Crabtree, Esq.
        Brian Tackenberg, Esq.
        Brian M. Torres, Esq.
        Mark Morrison, Esq.
        Christopher Nedeau, Esq.





# EXHIBIT 7

LAW OFFICES OF
FRANCIS O. SCARPULLA
ATTORNEY AT LAW
AND
SOLICITOR, UNITED KINGDOM AND WALES
SOLICITOR, IRELAND
456 MONTGOMERY STREET, 17TH FLOOR
SAN FRANCISCO, CA 94104
(415) 788-7210
TELECOPIER: (415) 788-0706
CELLULAR: (415) 310-0607
EMAIL: fos_scarpullalaw.com

July 15, 2019

*VIA* CERTIFIED MAIL
Registered; Return Receipt Requested

Registered Agent for Service of Process
   for Technicolor USA, Inc.
   f/k/a Thomson Consumer Electronics, Inc.
Registered Agent Solutions
44 School Street, Suite 325
Boston, MA  02108

Dear CRT Manufacturers[1]:

       The undersigned counsel represent Hope Hitchcock, Kerry Murphy, Gary Talewsky, and
Harry Garavanian (the "Claimants").

       The provisions of Massachusetts General Laws of Consumer Protection, Chapter 93A,
Section 9, grant Claimants the right to make demand – and we hereby make a written demand on
their behalf – for the relief that is described in that act. The Claimants make their demands indi-
vidually pursuant to M.G.L.A. 93A, § 9(3), but with the intent to pursue relief for all others simi-
larly situated pursuant to M.G.L.A. 93A, § 9(2).

       Each of the Claimants has been the victim of a conspiracy to fix the price of cathode-ray
tube (CRT) products, including televisions and computer monitors, by the CRT Manufacturers.
Each of the Claimants is an indirect purchaser of CRT products for their own use and not for
resale. The price-fixing conspiracy has been described in the pleadings of Indirect-Purchaser
Plaintiffs in complaints for relief starting in 2007 in litigation pending in the U.S. District Court
for the Northern District of California: *In re Cathode Ray Tube (CRT) Litigation*, MDL No.
1917, Case No. 07-cv-5944-JST (N.D. Cal.).

---

[1] The Claimants refer to the addressees above as the "CRT Manufacturers".

CRT Manufacturers
July 15, 2019
Page 2

As variously alleged since the inception of *In re Cathode Ray Tube (CRT) Litigation* in the Indirect-Purchaser Plaintiffs' consolidated amended complaint (March 16, 2009), as well as in its second (May 10, 2010), third (December 11, 2010), and fourth (January 10, 2013) consolidated amended complaints, the CRT Manufacturers conspired to fix, raise, maintain, and stabilize prices for the sale of CRT products at artificially high and anticompetitive levels. That conspiracy extended from March 1, 1995 until November 25, 2007, and resulted in overcharges of billions of dollars to indirect purchasers across the United States, including to the Claimants who purchased CRT products in Massachusetts. Thus, the CRT Manufacturers' illegal conduct: 1) violated Section 1 of the federal Sherman Act; 2) violated state antitrust laws; 3) violated state consumer protection and unfair competition statutes, including M.G.L.A. 93A, §§ 2, 9; and 4) constituted unjust enrichment subjecting the CRT Manufacturers to disgorgement of profits.

Pursuant to federal law, all CRT Manufacturer co-conspirators are jointly and severally liable for all damages arising from the conspiracy.

The Claimants purchased CRT products whose prices were artificially high as a result of the price-fixing conspiracy:

1.  Hope Hitchcock:  Ms. Hitchcock purchased a Samsung CRT television at Best Buy in Danvers, Massachusetts in October 1998.

2.  Kerry Murphy:  Kerry Murphy purchased a Samsung CRT television at Circuit City in North Dartmouth, Massachusetts in the summer of 2000.

3.  Gary Talewsky: Mr. Talewksy purchased 4 CRT computer monitors and 5 CRT televisions in Massachusetts from March 1, 1995 to November 25, 2007. Mr. Talewsky also purchased 18 CRT computer monitors in Massachusetts for his office during the same period.

4.  Harry Garavanian:  Mr. Garavanian purchased 5 CRT computer monitors and 1 CRT television in Massachusetts from March 1, 1995 to November 25, 2007.

Due to the unfair and deceptive practices of the CRT Manufacturers to which the Claimants were subjected, the Claimants have suffered monetary damages because they paid more for the CRT products they purchased than they would have done in the absence of the conspiracy. The amount of the damages the Claimants suffered cannot be determined at this time in the absence of additional discovery, however, that information is known and has been concealed by the CRT Manufacturers as part of the price-fixing conspiracy. The Claimants demand a sum of money sufficient not only to pay their own damages, but also for those indirect purchasers who bought CRT products in Massachusetts for their own use and not for resale from March 1, 1995 until November 25, 2007.

Pursuant to M.G.L.A. 93A, § 9(3), please respond within 30 days of receipt of this letter. Should you fail to do so, we will file claims for the Claimants and on behalf of a plaintiff class of

CRT Manufacturers
July 15, 2019
Page 3

indirect purchasers who purchased CRT products in Massachusetts from March 1, 1995 through November 25, 2007, seeking all available remedies under federal and Massachusetts law.

Very truly yours,

/s/ Francis O. Scarpulla

FRANCIS O. SCARPULLA
Law Offices of Francis O. Scarpulla
*Counsel for Hitchcock and Murphy*

/s/ Theresa D. Moore

THERESA D. MOORE
Law Offices of Theresa D. Moore, PC
*Counsel for Talewsky and Garavanian*

BT/FOS/cpc
cc:     Patrick B. Clayton, Esq.
        John G. Crabtree, Esq.
        Brian Tackenberg, Esq.
        Brian M. Torres, Esq.
        Mark Morrison, Esq.
        Christopher Nedeau, Esq.



# EXHIBIT 8

LAW OFFICES OF
FRANCIS O. SCARPULLA
ATTORNEY AT LAW
AND
SOLICITOR, UNITED KINGDOM AND WALES
SOLICITOR, IRELAND
456 MONTGOMERY STREET, 17TH FLOOR
SAN FRANCISCO, CA 94104
(415) 788-7210
TELECOPIER: (415) 788-0706
CELLULAR: (415) 310-0607
EMAIL: fos_scarpullalaw.com

July 15, 2019

*VIA* CERTIFIED MAIL
Registered; Return Receipt Requested

Registered Agent for Service
  for Toshiba America Consumer Products, Inc.
CT Corporation System
101 Federal Street
Boston, MA 02110

Dear CRT Manufacturers[1]:

    The undersigned counsel represent Hope Hitchcock, Kerry Murphy, Gary Talewsky, and Harry Garavanian (the "Claimants").

    The provisions of Massachusetts General Laws of Consumer Protection, Chapter 93A, Section 9, grant Claimants the right to make demand – and we hereby make a written demand on their behalf – for the relief that is described in that act. The Claimants make their demands individually pursuant to M.G.L.A. 93A, § 9(3), but with the intent to pursue relief for all others similarly situated pursuant to M.G.L.A. 93A, § 9(2).

    Each of the Claimants has been the victim of a conspiracy to fix the price of cathode-ray tube (CRT) products, including televisions and computer monitors, by the CRT Manufacturers. Each of the Claimants is an indirect purchaser of CRT products for their own use and not for resale. The price-fixing conspiracy has been described in the pleadings of Indirect-Purchaser Plaintiffs in complaints for relief starting in 2007 in litigation pending in the U.S. District Court for the Northern District of California: *In re Cathode Ray Tube (CRT) Litigation*, MDL No. 1917, Case No. 07-cv-5944-JST (N.D. Cal.).

---

[1] The Claimants refer to the addressees above as the "CRT Manufacturers".

CRT Manufacturers
July 15, 2019
Page 2

As variously alleged since the inception of *In re Cathode Ray Tube (CRT) Litigation* in the Indirect-Purchaser Plaintiffs' consolidated amended complaint (March 16, 2009), as well as in its second (May 10, 2010), third (December 11, 2010), and fourth (January 10, 2013) consolidated amended complaints, the CRT Manufacturers conspired to fix, raise, maintain, and stabilize prices for the sale of CRT products at artificially high and anticompetitive levels. That conspiracy extended from March 1, 1995 until November 25, 2007, and resulted in overcharges of billions of dollars to indirect purchasers across the United States, including to the Claimants who purchased CRT products in Massachusetts. Thus, the CRT Manufacturers' illegal conduct: 1) violated Section 1 of the federal Sherman Act; 2) violated state antitrust laws; 3) violated state consumer protection and unfair competition statutes, including M.G.L.A. 93A, §§ 2, 9; and 4) constituted unjust enrichment subjecting the CRT Manufacturers to disgorgement of profits.

Pursuant to federal law, all CRT Manufacturer co-conspirators are jointly and severally liable for all damages arising from the conspiracy.

The Claimants purchased CRT products whose prices were artificially high as a result of the price-fixing conspiracy:

1. Hope Hitchcock: Ms. Hitchcock purchased a Samsung CRT television at Best Buy in Danvers, Massachusetts in October 1998.

2. Kerry Murphy: Kerry Murphy purchased a Samsung CRT television at Circuit City in North Dartmouth, Massachusetts in the summer of 2000.

3. Gary Talewsky: Mr. Talewksy purchased 4 CRT computer monitors and 5 CRT televisions in Massachusetts from March 1, 1995 to November 25, 2007. Mr. Talewsky also purchased 18 CRT computer monitors in Massachusetts for his office during the same period.

4. Harry Garavanian: Mr. Garavanian purchased 5 CRT computer monitors and 1 CRT television in Massachusetts from March 1, 1995 to November 25, 2007.

Due to the unfair and deceptive practices of the CRT Manufacturers to which the Claimants were subjected, the Claimants have suffered monetary damages because they paid more for the CRT products they purchased than they would have done in the absence of the conspiracy. The amount of the damages the Claimants suffered cannot be determined at this time in the absence of additional discovery, however, that information is known and has been concealed by the CRT Manufacturers as part of the price-fixing conspiracy. The Claimants demand a sum of money sufficient not only to pay their own damages, but also for those indirect purchasers who bought CRT products in Massachusetts for their own use and not for resale from March 1, 1995 until November 25, 2007.

Pursuant to M.G.L.A. 93A, § 9(3), please respond within 30 days of receipt of this letter. Should you fail to do so, we will file claims for the Claimants and on behalf of a plaintiff class of

CRT Manufacturers
July 15, 2019
Page 3

indirect purchasers who purchased CRT products in Massachusetts from March 1, 1995 through November 25, 2007, seeking all available remedies under federal and Massachusetts law.

Very truly yours,

/s/ Francis O. Scarpulla

FRANCIS O. SCARPULLA
Law Offices of Francis O. Scarpulla
*Counsel for Hitchcock and Murphy*

/s/ Theresa D. Moore

THERESA D. MOORE
Law Offices of Theresa D. Moore, PC
*Counsel for Talewsky and Garavanian*

BT/FOS/cpc

cc:   Patrick B. Clayton, Esq.
      John G. Crabtree, Esq.
      Brian Tackenberg, Esq.
      Brian M. Torres, Esq.
      Mark Morrison, Esq.
      Christopher Nedeau, Esq.



# EXHIBIT 9

LAW OFFICES OF
### FRANCIS O. SCARPULLA
ATTORNEY AT LAW
AND
SOLICITOR, UNITED KINGDOM AND WALES
SOLICITOR, IRELAND
456 MONTGOMERY STREET, 17TH FLOOR
SAN FRANCISCO, CA 94104
(415) 788-7210
TELECOPIER: (415) 788-0706
CELLULAR: (415) 310-0607
EMAIL: fos@scarpullalaw.com

July 15, 2019

*VIA* CERTIFIED MAIL
Registered; Return Receipt Requested

Registered Agent for Service
   for Toshiba America Consumer Products, LLC
CT Corporation System
155 Federal Street, Suite 700
Boston, MA  02110

Dear CRT Manufacturers[1]:

     The undersigned counsel represent Hope Hitchcock, Kerry Murphy, Gary Talewsky, and Harry Garavanian (the "Claimants").

     The provisions of Massachusetts General Laws of Consumer Protection, Chapter 93A, Section 9, grant Claimants the right to make demand – and we hereby make a written demand on their behalf – for the relief that is described in that act. The Claimants make their demands individually pursuant to M.G.L.A. 93A, § 9(3), but with the intent to pursue relief for all others similarly situated pursuant to M.G.L.A. 93A, § 9(2).

     Each of the Claimants has been the victim of a conspiracy to fix the price of cathode-ray tube (CRT) products, including televisions and computer monitors, by the CRT Manufacturers. Each of the Claimants is an indirect purchaser of CRT products for their own use and not for resale. The price-fixing conspiracy has been described in the pleadings of Indirect-Purchaser Plaintiffs in complaints for relief starting in 2007 in litigation pending in the U.S. District Court for the Northern District of California: *In re Cathode Ray Tube (CRT) Litigation*, MDL No. 1917, Case No. 07-cv-5944-JST (N.D. Cal.).

---

[1] The Claimants refer to the addressees above as the "CRT Manufacturers".

CRT Manufacturers
July 15, 2019
Page 2

As variously alleged since the inception of *In re Cathode Ray Tube (CRT) Litigation* in the Indirect-Purchaser Plaintiffs' consolidated amended complaint (March 16, 2009), as well as in its second (May 10, 2010), third (December 11, 2010), and fourth (January 10, 2013) consolidated amended complaints, the CRT Manufacturers conspired to fix, raise, maintain, and stabilize prices for the sale of CRT products at artificially high and anticompetitive levels. That conspiracy extended from March 1, 1995 until November 25, 2007, and resulted in overcharges of billions of dollars to indirect purchasers across the United States, including to the Claimants who purchased CRT products in Massachusetts. Thus, the CRT Manufacturers' illegal conduct: 1) violated Section 1 of the federal Sherman Act; 2) violated state antitrust laws; 3) violated state consumer protection and unfair competition statutes, including M.G.L.A. 93A, §§ 2, 9; and 4) constituted unjust enrichment subjecting the CRT Manufacturers to disgorgement of profits.

Pursuant to federal law, all CRT Manufacturer co-conspirators are jointly and severally liable for all damages arising from the conspiracy.

The Claimants purchased CRT products whose prices were artificially high as a result of the price-fixing conspiracy:

1. Hope Hitchcock:  Ms. Hitchcock purchased a Samsung CRT television at Best Buy in Danvers, Massachusetts in October 1998.

2. Kerry Murphy:  Kerry Murphy purchased a Samsung CRT television at Circuit City in North Dartmouth, Massachusetts in the summer of 2000.

3. Gary Talewsky:  Mr. Talewksy purchased 4 CRT computer monitors and 5 CRT tele-visions in Massachusetts from March 1, 1995 to November 25, 2007. Mr. Talewsky also purchased 18 CRT computer monitors in Massachusetts for his office during the same period.

4. Harry Garavanian:  Mr. Garavanian purchased 5 CRT computer monitors and 1 CRT television in Massachusetts from March 1, 1995 to November 25, 2007.

Due to the unfair and deceptive practices of the CRT Manufacturers to which the Claim-ants were subjected, the Claimants have suffered monetary damages because they paid more for the CRT products they purchased than they would have done in the absence of the conspiracy. The amount of the damages the Claimants suffered cannot be determined at this time in the ab-sence of additional discovery, however, that information is known and has been concealed by the CRT Manufacturers as part of the price-fixing conspiracy.  The Claimants demand a sum of money sufficient not only to pay their own damages, but also for those indirect purchasers who bought CRT products in Massachusetts for their own use and not for resale from March 1, 1995 until November 25, 2007.

Pursuant to M.G.L.A. 93A, § 9(3), please respond within 30 days of receipt of this letter. Should you fail to do so, we will file claims for the Claimants and on behalf of a plaintiff class of

CRT Manufacturers
July 15, 2019
Page 3

indirect purchasers who purchased CRT products in Massachusetts from March 1, 1995 through
November 25, 2007, seeking all available remedies under federal and Massachusetts law.

Very truly yours,

/s/ Francis O. Scarpulla

FRANCIS O. SCARPULLA
Law Offices of Francis O. Scarpulla
*Counsel for Hitchcock and Murphy*

/s/ Theresa D. Moore

THERESA D. MOORE
Law Offices of Theresa D. Moore, PC
*Counsel for Talewsky and Garavanian*

BT/FOS/cpc
cc:     Patrick B. Clayton, Esq.
        John G. Crabtree, Esq.
        Brian Tackenberg, Esq.
        Brian M. Torres, Esq.
        Mark Morrison, Esq.
        Christopher Nedeau, Esq.





# EXHIBIT 10

LAW OFFICES OF
FRANCIS O. SCARPULLA
ATTORNEY AT LAW
AND
SOLICITOR, UNITED KINGDOM AND WALES
SOLICITOR, IRELAND
456 MONTGOMERY STREET, 17TH FLOOR
SAN FRANCISCO, CA  94104
(415) 788-7210
TELECOPIER:  (415) 788-0706
CELLULAR:  (415) 310-0607
EMAIL:  fos_scarpullalaw.com

July 15, 2019

*VIA* CERTIFIED MAIL
Registered; Return Receipt Requested

Registered Agent for Service of Process
   for Toshiba America Electronic Components, Inc.
CT Corporation System
155 Federal Street. Suite 700
Boston, MA  02109

Dear CRT Manufacturers[1]:

The undersigned counsel represent Hope Hitchcock, Kerry Murphy, Gary Talewsky, and Harry Garavanian (the "Claimants").

The provisions of Massachusetts General Laws of Consumer Protection, Chapter 93A, Section 9, grant Claimants the right to make demand – and we hereby make a written demand on their behalf – for the relief that is described in that act.  The Claimants make their demands individually pursuant to M.G.L.A. 93A, § 9(3), but with the intent to pursue relief for all others similarly situated pursuant to M.G.L.A. 93A, § 9(2).

Each of the Claimants has been the victim of a conspiracy to fix the price of cathode-ray tube (CRT) products, including televisions and computer monitors, by the CRT Manufacturers. Each of the Claimants is an indirect purchaser of CRT products for their own use and not for resale.  The price-fixing conspiracy has been described in the pleadings of Indirect-Purchaser Plaintiffs in complaints for relief starting in 2007 in litigation pending in the U.S. District Court for the Northern District of California:  *In re Cathode Ray Tube (CRT) Litigation*, MDL No. 1917, Case No. 07-cv-5944-JST (N.D. Cal.).

---

[1] The Claimants refer to the addressees above as the "CRT Manufacturers".

CRT Manufacturers
July 15, 2019
Page 2

As variously alleged since the inception of *In re Cathode Ray Tube (CRT) Litigation* in the Indirect-Purchaser Plaintiffs' consolidated amended complaint (March 16, 2009), as well as in its second (May 10, 2010), third (December 11, 2010), and fourth (January 10, 2013) consolidated amended complaints, the CRT Manufacturers conspired to fix, raise, maintain, and stabilize prices for the sale of CRT products at artificially high and anticompetitive levels. That conspiracy extended from March 1, 1995 until November 25, 2007, and resulted in overcharges of billions of dollars to indirect purchasers across the United States, including to the Claimants who purchased CRT products in Massachusetts. Thus, the CRT Manufacturers' illegal conduct: 1) violated Section 1 of the federal Sherman Act; 2) violated state antitrust laws; 3) violated state consumer protection and unfair competition statutes, including M.G.L.A. 93A, §§ 2, 9; and 4) constituted unjust enrichment subjecting the CRT Manufacturers to disgorgement of profits.

Pursuant to federal law, all CRT Manufacturer co-conspirators are jointly and severally liable for all damages arising from the conspiracy.

The Claimants purchased CRT products whose prices were artificially high as a result of the price-fixing conspiracy:

1. Hope Hitchcock: Ms. Hitchcock purchased a Samsung CRT television at Best Buy in Danvers, Massachusetts in October 1998.

2. Kerry Murphy: Kerry Murphy purchased a Samsung CRT television at Circuit City in North Dartmouth, Massachusetts in the summer of 2000.

3. Gary Talewsky: Mr. Talewksy purchased 4 CRT computer monitors and 5 CRT televisions in Massachusetts from March 1, 1995 to November 25, 2007. Mr. Talewsky also purchased 18 CRT computer monitors in Massachusetts for his office during the same period.

4. Harry Garavanian: Mr. Garavanian purchased 5 CRT computer monitors and 1 CRT television in Massachusetts from March 1, 1995 to November 25, 2007.

Due to the unfair and deceptive practices of the CRT Manufacturers to which the Claimants were subjected, the Claimants have suffered monetary damages because they paid more for the CRT products they purchased than they would have done in the absence of the conspiracy. The amount of the damages the Claimants suffered cannot be determined at this time in the absence of additional discovery, however, that information is known and has been concealed by the CRT Manufacturers as part of the price-fixing conspiracy. The Claimants demand a sum of money sufficient not only to pay their own damages, but also for those indirect purchasers who bought CRT products in Massachusetts for their own use and not for resale from March 1, 1995 until November 25, 2007.

Pursuant to M.G.L.A. 93A, § 9(3), please respond within 30 days of receipt of this letter. Should you fail to do so, we will file claims for the Claimants and on behalf of a plaintiff class of

CRT Manufacturers
July 15, 2019
Page 3

indirect purchasers who purchased CRT products in Massachusetts from March 1, 1995 through
November 25, 2007, seeking all available remedies under federal and Massachusetts law.

Very truly yours,

/s/ Francis O. Scarpulla

FRANCIS O. SCARPULLA
Law Offices of Francis O. Scarpulla
*Counsel for Hitchcock and Murphy*

/s/ Theresa D. Moore

THERESA D. MOORE
Law Offices of Theresa D. Moore, PC
*Counsel for Talewsky and Garavanian*

BT/FOS/cpc

cc:    Patrick B. Clayton, Esq.
       John G. Crabtree, Esq.
       Brian Tackenberg, Esq.
       Brian M. Torres, Esq.
       Mark Morrison, Esq.
       Christopher Nedeau, Esq.





# EXHIBIT 11

LAW OFFICES OF
## FRANCIS O. SCARPULLA
ATTORNEY AT LAW
AND
SOLICITOR, UNITED KINGDOM AND WALES
SOLICITOR, IRELAND
456 MONTGOMERY STREET, 17TH FLOOR
SAN FRANCISCO, CA  94104
(415) 788-7210
TELECOPIER:  (415) 788-0706
CELLULAR:  (415) 310-0607
EMAIL:  fos_scarpullalaw.com

July 15, 2019

*VIA* CERTIFIED MAIL
Registered; Return Receipt Requested

Registered Agent for Service
    for Toshiba America Information System, Inc.
CT Corporation System
155 Federal Street, Suite 700
Boston, MA  02110

Dear CRT Manufacturers[1]:

The undersigned counsel represent Hope Hitchcock, Kerry Murphy, Gary Talewsky, and Harry Garavanian (the "Claimants").

The provisions of Massachusetts General Laws of Consumer Protection, Chapter 93A, Section 9, grant Claimants the right to make demand – and we hereby make a written demand on their behalf – for the relief that is described in that act. The Claimants make their demands individually pursuant to M.G.L.A. 93A, § 9(3), but with the intent to pursue relief for all others similarly situated pursuant to M.G.L.A. 93A, § 9(2).

Each of the Claimants has been the victim of a conspiracy to fix the price of cathode-ray tube (CRT) products, including televisions and computer monitors, by the CRT Manufacturers. Each of the Claimants is an indirect purchaser of CRT products for their own use and not for resale. The price-fixing conspiracy has been described in the pleadings of Indirect-Purchaser Plaintiffs in complaints for relief starting in 2007 in litigation pending in the U.S. District Court for the Northern District of California: *In re Cathode Ray Tube (CRT) Litigation*, MDL No. 1917, Case No. 07-cv-5944-JST (N.D. Cal.).

---

[1] The Claimants refer to the addressees above as the "CRT Manufacturers".

CRT Manufacturers
July 15, 2019
Page 2

As variously alleged since the inception of *In re Cathode Ray Tube (CRT) Litigation* in the Indirect-Purchaser Plaintiffs' consolidated amended complaint (March 16, 2009), as well as in its second (May 10, 2010), third (December 11, 2010), and fourth (January 10, 2013) consolidated amended complaints, the CRT Manufacturers conspired to fix, raise, maintain, and stabilize prices for the sale of CRT products at artificially high and anticompetitive levels. That conspiracy extended from March 1, 1995 until November 25, 2007, and resulted in overcharges of billions of dollars to indirect purchasers across the United States, including to the Claimants who purchased CRT products in Massachusetts. Thus, the CRT Manufacturers' illegal conduct: 1) violated Section 1 of the federal Sherman Act; 2) violated state antitrust laws; 3) violated state consumer protection and unfair competition statutes, including M.G.L.A. 93A, §§ 2, 9; and 4) constituted unjust enrichment subjecting the CRT Manufacturers to disgorgement of profits.

Pursuant to federal law, all CRT Manufacturer co-conspirators are jointly and severally liable for all damages arising from the conspiracy.

The Claimants purchased CRT products whose prices were artificially high as a result of the price-fixing conspiracy:

1. Hope Hitchcock: Ms. Hitchcock purchased a Samsung CRT television at Best Buy in Danvers, Massachusetts in October 1998.

2. Kerry Murphy: Kerry Murphy purchased a Samsung CRT television at Circuit City in North Dartmouth, Massachusetts in the summer of 2000.

3. Gary Talewsky: Mr. Talewksy purchased 4 CRT computer monitors and 5 CRT televisions in Massachusetts from March 1, 1995 to November 25, 2007. Mr. Talewsky also purchased 18 CRT computer monitors in Massachusetts for his office during the same period.

4. Harry Garavanian: Mr. Garavanian purchased 5 CRT computer monitors and 1 CRT television in Massachusetts from March 1, 1995 to November 25, 2007.

Due to the unfair and deceptive practices of the CRT Manufacturers to which the Claimants were subjected, the Claimants have suffered monetary damages because they paid more for the CRT products they purchased than they would have done in the absence of the conspiracy. The amount of the damages the Claimants suffered cannot be determined at this time in the absence of additional discovery, however, that information is known and has been concealed by the CRT Manufacturers as part of the price-fixing conspiracy. The Claimants demand a sum of money sufficient not only to pay their own damages, but also for those indirect purchasers who bought CRT products in Massachusetts for their own use and not for resale from March 1, 1995 until November 25, 2007.

Pursuant to M.G.L.A. 93A, § 9(3), please respond within 30 days of receipt of this letter. Should you fail to do so, we will file claims for the Claimants and on behalf of a plaintiff class of

CRT Manufacturers
July 15, 2019
Page 3

indirect purchasers who purchased CRT products in Massachusetts from March 1, 1995 through November 25, 2007, seeking all available remedies under federal and Massachusetts law.

Very truly yours,

/s/ Francis O. Scarpulla

FRANCIS O. SCARPULLA
Law Offices of Francis O. Scarpulla
*Counsel for Hitchcock and Murphy*

/s/ Theresa D. Moore

THERESA D. MOORE
Law Offices of Theresa D. Moore, PC
*Counsel for Talewsky and Garavanian*

BT/FOS/cpc
cc:    Patrick B. Clayton, Esq.
       John G. Crabtree, Esq.
       Brian Tackenberg, Esq.
       Brian M. Torres, Esq.
       Mark Morrison, Esq.
       Christopher Nedeau, Esq.





# EXHIBIT 12

LAW OFFICES OF
### FRANCIS O. SCARPULLA
ATTORNEY AT LAW
AND
### SOLICITOR, UNITED KINGDOM AND WALES
### SOLICITOR, IRELAND
### 456 MONTGOMERY STREET, 17ᵀᴴ FLOOR
### SAN FRANCISCO, CA  94104
(415) 788-7210
TELECOPIER:  (415) 788-0706
CELLULAR:  (415) 310-0607
EMAIL:  fos_scarpullalaw.com

July 15, 2019

*VIA* CERTIFIED MAIL
Registered; Return Receipt Requested

Registered Agent for Service of Process
    for Toshiba America, Inc.
CT Corporation System
101 Federal Street, Suite 700
Boston, MA  02110

Dear CRT Manufacturers[1]:

The undersigned counsel represent Hope Hitchcock, Kerry Murphy, Gary Talewsky, and Harry Garavanian (the "Claimants").

The provisions of Massachusetts General Laws of Consumer Protection, Chapter 93A, Section 9, grant Claimants the right to make demand – and we hereby make a written demand on their behalf – for the relief that is described in that act. The Claimants make their demands individually pursuant to M.G.L.A. 93A, § 9(3), but with the intent to pursue relief for all others similarly situated pursuant to M.G.L.A. 93A, § 9(2).

Each of the Claimants has been the victim of a conspiracy to fix the price of cathode-ray tube (CRT) products, including televisions and computer monitors, by the CRT Manufacturers. Each of the Claimants is an indirect purchaser of CRT products for their own use and not for resale. The price-fixing conspiracy has been described in the pleadings of Indirect-Purchaser Plaintiffs in complaints for relief starting in 2007 in litigation pending in the U.S. District Court for the Northern District of California: *In re Cathode Ray Tube (CRT) Litigation*, MDL No. 1917, Case No. 07-cv-5944-JST (N.D. Cal.).

---

[1] The Claimants refer to the addressees above as the "CRT Manufacturers".

CRT Manufacturers
July 15, 2019
Page 2

As variously alleged since the inception of *In re Cathode Ray Tube (CRT) Litigation* in the Indirect-Purchaser Plaintiffs' consolidated amended complaint (March 16, 2009), as well as in its second (May 10, 2010), third (December 11, 2010), and fourth (January 10, 2013) consolidated amended complaints, the CRT Manufacturers conspired to fix, raise, maintain, and stabilize prices for the sale of CRT products at artificially high and anticompetitive levels. That conspiracy extended from March 1, 1995 until November 25, 2007, and resulted in overcharges of billions of dollars to indirect purchasers across the United States, including to the Claimants who purchased CRT products in Massachusetts. Thus, the CRT Manufacturers' illegal conduct: 1) violated Section 1 of the federal Sherman Act; 2) violated state antitrust laws; 3) violated state consumer protection and unfair competition statutes, including M.G.L.A. 93A, §§ 2, 9; and 4) constituted unjust enrichment subjecting the CRT Manufacturers to disgorgement of profits.

Pursuant to federal law, all CRT Manufacturer co-conspirators are jointly and severally liable for all damages arising from the conspiracy.

The Claimants purchased CRT products whose prices were artificially high as a result of the price-fixing conspiracy:

1. Hope Hitchcock:  Ms. Hitchcock purchased a Samsung CRT television at Best Buy in Danvers, Massachusetts in October 1998.

2. Kerry Murphy:  Kerry Murphy purchased a Samsung CRT television at Circuit City in North Dartmouth, Massachusetts in the summer of 2000.

3. Gary Talewsky:  Mr. Talewksy purchased 4 CRT computer monitors and 5 CRT televisions in Massachusetts from March 1, 1995 to November 25, 2007. Mr. Talewsky also purchased 18 CRT computer monitors in Massachusetts for his office during the same period.

4. Harry Garavanian:  Mr. Garavanian purchased 5 CRT computer monitors and 1 CRT television in Massachusetts from March 1, 1995 to November 25, 2007.

Due to the unfair and deceptive practices of the CRT Manufacturers to which the Claimants were subjected, the Claimants have suffered monetary damages because they paid more for the CRT products they purchased than they would have done in the absence of the conspiracy. The amount of the damages the Claimants suffered cannot be determined at this time in the absence of additional discovery, however, that information is known and has been concealed by the CRT Manufacturers as part of the price-fixing conspiracy. The Claimants demand a sum of money sufficient not only to pay their own damages, but also for those indirect purchasers who bought CRT products in Massachusetts for their own use and not for resale from March 1, 1995 until November 25, 2007.

Pursuant to M.G.L.A. 93A, § 9(3), please respond within 30 days of receipt of this letter. Should you fail to do so, we will file claims for the Claimants and on behalf of a plaintiff class of

CRT Manufacturers
July 15, 2019
Page 3

indirect purchasers who purchased CRT products in Massachusetts from March 1, 1995 through
November 25, 2007, seeking all available remedies under federal and Massachusetts law.

Very truly yours,

/s/ Francis O. Scarpulla

FRANCIS O. SCARPULLA
Law Offices of Francis O. Scarpulla
*Counsel for Hitchcock and Murphy*

/s/ Theresa D. Moore

THERESA D. MOORE
Law Offices of Theresa D. Moore, PC
*Counsel for Talewsky and Garavanian*

BT/FOS/cpc
cc: Patrick B. Clayton, Esq.
  John G. Crabtree, Esq.
  Brian Tackenberg, Esq.
  Brian M. Torres, Esq.
  Mark Morrison, Esq.
  Christopher Nedeau, Esq.

