1  Mario N. Alioto (56433)
   Lauren C. Capurro (241151)
2  **TRUMP, ALIOTO, TRUMP & PRESCOTT LLP**
   2280 Union Street
3  San Francisco, CA 94123
   Telephone: (415) 563-7200
4  Facsimile: (415) 346-0679
   malioto@tatp.com
5  laurenrussell@tatp.com

6  *Lead Counsel for Indirect Purchaser Plaintiffs*

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                          OAKLAND DIVISION

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No.: 4:07-cv-05944-JST<br>Case No. 4:13-cv-03234-JST<br><br>MDL No. 1917<br><br>**DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |
|---|---|
| This Document Relates to:<br><br>All Indirect Purchaser Actions | |

I, Lauren C. Capurro, declare:

1. I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am a partner at the law firm Trump, Alioto, Trump & Prescott, LLP and my firm serves as Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs") in the above-captioned action.

2. I make this declaration in support of the IPPs' Administrative Motion to File Under Seal Pursuant to Civ. L. R. 7-11 and 79-5(d). The matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

3. I have reviewed and complied with this Court's Standing Order Governing Administrative Motions to File Materials Under Seal Before District Judge Jon S. Tigar, dated March 19, 2019.

4. I have reviewed and complied with Civil Local Rule 79-5.

5. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (ECF No. 306, amended at ECF No. 1142) (the "Protective Order").

6. Section 10 of the Protective Order requires that "a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5."

7. Pursuant to the Protective Order and Local Civil Rules 7-11 and 79-5(d), IPPs seek to file the gray highlighted portions of IPPs' proposed Second Amended Class Action Complaint Against Thomson and TDA Defendants under seal. The proposed redactions in the Second Amended Class Action Complaint are identical to the redactions previously ordered for the First Amended Class Action Complaint. *See* ECF No. 3882 (order granting motion to file portions of First Amended Class Action Complaint under seal). IPPs have maintained those allegations as confidential throughout this litigation.

8. The documents or portions of documents that IPPs seek to file under seal contain either (a) material designated by certain Defendants pursuant to the Stipulated Protective Order as "Confidential" or "Highly Confidential" or (b) analysis of, references

to, or information taken directly from material designated by certain Defendants pursuant to the Stipulated Protective Order as "Confidential" or "Highly Confidential."

9. The entities that have designated the materials referred to in the gray highlighted portions of the proposed Second Amended Class Action Complaint as confidential or highly confidential are: MT Picture Display Co., Ltd., Thomson SA (now known as Technicolor SA), Thomson Consumer Electronics, Inc. (now known as Technicolor USA, Inc.), Technologies Displays Americas, LLC, Chunghwa Picture Tubes, Ltd., Samsung SDI Co., Ltd., Koninklijke Philips Electronics B.V., and Toshiba Corporation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 13th day of September, 2019 at San Francisco, California.

/s/ Lauren C. Capurro
Lauren C. Capurro