Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

***Lead Counsel for the Indirect
Purchaser Plaintiffs for the 22 States***

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 4:07-cv-5944 JST<br>Case No. 13-cv-03234-JST |
| This Document Relates to: | MDL NO. 1917 |
| INDIRECT PURCHASER ACTIONS FOR THE 22 STATES | **INDIRECT PURCHASER PLAINTIFFS' MOTION PURSUANT TO NINTH CIRCUIT MANDATE TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT AND FEE ORDER (ECF Nos. 4712, 4717, 4740)** |
| | Hearing Date:  October 23, 2019<br>Time:              2:00 p.m.<br>Courtroom:    6, 2nd Fl. (Oakland)<br>Judge:           Hon. Jon S. Tigar |

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ................................................................... 1

INTRODUCTION............................................................................................... 2

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND............................... 4

AMENDMENTS TO THE SETTLEMENTS............................................................ 11

ARGUMENT .................................................................................................... 13

    I.      THE COURT SHOULD AMEND THE FINAL APPROVAL ORDER
            AND THE FINAL JUDGMENT ................................................... 14

          A.    The Court Has Already Certified A Settlement Class Consisting Of
               The 22 Indirect Purchaser State Classes ...................................... 14

          B.    The Court Should Appoint Four New Settlement Class
               Representatives...................................................................... 16

          C.    The Court's Findings Relating To Settlement Approval Under Rule
               23(e) Remain Valid ................................................................ 18

               1.    The Court Has Already Found That The Amended
                      Settlement Class Is Adequately Represented ................................. 19

               2.    Class Counsel Negotiated The Original Settlements And The
                      Amendments Thereto At Arm's Length........................................... 20

                3.    The Court Has Already Found That The Relief Provided For
                      The Class Is Adequate, Taking Into Account The Costs,
                      Risks, And Delay of Trial And Appeal ......................................... 22

                4.    The Court Has Already Found That The Plan Of Distribution
                      Is Fair, Reasonable And Adequate ............................................... 23

                5.    The Court Has Thoroughly Examined Class Counsel's
                      Entitlement To Attorneys' Fees .................................................... 24

                6.    This Court Has Already Found That The Settlements And
                      The Plan Of Distribution Treat Class Members Equitably
                      Relative To Each Other .............................................................. 25

           D.    The Best Notice Practicable Has Already Been Provided To The
                 Class ..................................................................................... 25

                1.    Additional Notice Is Not Required When Changes To A
                      Proposed Settlement Do Not Adversely Affect Class
                      Members................................................................................. 26

                2.    The Amendments Do Not Adversely Affect Class Members ......... 27

i

MDL NO. 1917

INDIRECT PURCHASER PLAINTIFFS' MOTION PURSUANT TO NINTH CIRCUIT
MANDATE TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT AND FEE
ORDER (ECF Nos. 4712, 4717, 4740)

a.    No reduction in net settlement fund ................................... 27

b.    Narrowed release ................................................................ 28

3.    While Not Required, Limited Notice Can Be Provided .................. 28

E.    Only Minor Amendments To The Final Judgment Are Required ............. 30

II.    THE COURT SHOULD APPROVE THE REQUESTED FEE AWARD ............ 30

III.    PROPOSED SCHEDULE FOR NOTICE, OBJECTIONS AND HEARING ....... 32

CONCLUSION ........................................................................................................ 32

ii                                                        MDL NO. 1917

INDIRECT PURCHASER PLAINTIFFS' MOTION PURSUANT TO NINTH CIRCUIT
MANDATE TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT
AND FEE ORDER (ECF Nos. 4712, 4717, 4740)

1

**TABLE OF AUTHORITIES**

2

**CASES**

3

*Allen v. Bedolla*,
   787 F.3d 1218 (9th Cir. 2015) ....................................................................... 7, 18

4

5

*In re Anthem, Inc. Data Breach Litig.*,
   327 F.R.D. 299 (N.D. Cal. 2018) ................................................................. passim

6

*Belew v. Brinks, Inc.*,
   721 Fed. Appx. 734 (9th Cir. 2018) ...................................................................... 17

7

8

*In re Bluetooth Headset Prods. Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011) .................................................................................. 21

9

*Churchill Vill., LLC v. Gen. Elec.*,
   361 F.3d 566 (9th Cir. 2004) ............................................................... 7, 18, 22, 25

10

11

*In re Compact Disc Minimum Advertised Price Antitrust Litig.*,
   292 F.Supp.2d 184 (D. Me. 2003) ......................................................................... 29

12

*In re Diet Drugs Prods. Liab. Litig.*,
   No. 99-20593, 2010 WL 2735414 (E.D. Pa. July 2, 2010) ................................... 26

13

14

*In re Elec. Carbon Products Antitrust Litig.*,
   447 F.Supp.2d 389 (D.N.J. 2006) .......................................................................... 28

15

*Giroux v. Essex Property Trust, Inc.*,
   Case No. 16-cv-01722-HSG, 2019 WL 2106587 (N.D. Cal. May 14, 2019) .................. 17

16

17

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ............................................................................... 14

18

*Hendricks v. Starkist Co.*,
   No. 13-cv-00729, 2016 WL 5462423 (N.D. Cal. Sept. 29, 2016), *aff'd sub nom*
   *Hendricks v. Ference*, 754 Fed. Appx. 510 (9th Cir. 2018) ................................. 26

19

20

*In re High-Tech Employee Antitrust Litig.*,
   11-cv-02509-LHK, 2015 WL 5158730 (N.D. Cal. Sept. 2, 2015) ........................ 21

21

*In re Hyundai & Kia Fuel Econ. Litig.*,
   926 F.3d 539 (9th Cir. 2019) ........................................................................... 14, 25

22

23

*Klee v. Nissan N. Am., Inc.*,
   No. 12-cv-08238-AWT, 2015 WL 4538426 (C.D. Cal. July 7, 2015) ................... 28

24

*Knuckles v. Elliott*,
   No. 15-cv-10175, 2016 WL 3912816 (E.D. Mich. July 20, 2016) ........................ 28

25

26

*In re Lithium Ion Batteries Antitrust Litig.*,
   No. 4:13-md-02420-YGR, 2019 WL 3856413 (N.D. Cal. Aug. 16, 2019) ............ 24

27

28

*Nguyen v. Radient Pharmaceuticals Corp.*,
No. SACV 11–00406 DOC (MLGx), 2014 WL 1802293 (C.D. Cal. May 6, 2014) .......... 14

*Shaffer v. Continental Cas. Co.*,
362 Fed. Appx. 627 (9th Cir. 2010) ........................................................................... 26, 28

*Vizcaino v. Microsoft Corp.*,
290 F.3d 1043 (9th Cir. 2002) ............................................................................. 8, 24, 31

**RULES**

Fed. R. Civ. P. 23

      Rule 23(a) ..................................................................................................................... 15

      Rule 23(a)(4) ........................................................................................................... 10, 15

      Rule 23(b)(3) ........................................................................................................... 14, 15

      Rule 23(e) ................................................................................................. 14, 18, 19, 32

      Rule 23(e)(1) ................................................................................................................. 25

      Rule 23(e)(2) ........................................................................................................... 18, 25

      Rule 23(e)(2) Advisory Committee Notes ............................................................ passim

      Rule 23(e)(2)(B) ........................................................................................................... 20

      Rule 23(e)(2)(C) ............................................................................................... 22, 23, 24

      Rule 23(e)(2)(C)(i) ....................................................................................................... 22

      Rule 23(e)(2)(D) ........................................................................................................... 25

      Rule 23(e)(3) ................................................................................................................. 18

Fed. R. Civ. P. 62

      Rule 62.1 ......................................................................................................................... 9

**OTHER AUTHORITIES**

Manual for Complex Litigation (4th ed. 2004)

      § 21.61 .......................................................................................................................... 26

Newberg on Class Actions (5th ed. 2019)

      §§ 13:1, *et seq.* ............................................................................................................. 14

INDIRECT PURCHASER PLAINTIFFS' MOTION PURSUANT TO NINTH CIRCUIT
MANDATE TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT
AND FEE ORDER (ECF Nos. 4712, 4717, 4740)

1

**NOTICE OF MOTION AND MOTION**

2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3       PLEASE TAKE NOTICE that on October 23, 2019 at 2:00 p.m., before the Honorable Jon

4    S. Tigar, United States District Court for the Northern District of California, 1301 Clay Street,

5    Oakland, California, pursuant to the Ninth Circuit's mandate, the Indirect Purchaser Plaintiffs

6    ("IPPs") will move the Court on behalf of the 22 Indirect Purchaser State Classes to reconsider

7    and amend its Order Granting Final Approval of Indirect Purchaser Settlements (ECF No. 4712),

8    the Final Judgment (ECF No. 4717), and the Order On Attorneys' Fees, Expenses, and Incentive

9    Awards Re: Indirect Purchaser Plaintiff Settlements, ECF No. 4740.

10      The grounds for this motion are that the Ninth Circuit remanded this matter to this Court

11   "to reconsider its order on class certification and settlement approval."[1]  IPPs and certain

12   Defendants have executed limited amendments to the remanded settlements that address the

13   concerns expressed by the Ninth Circuit and this Court, while ensuring that the amount available

14   for distribution to claimants remains unchanged, and can be distributed expeditiously.

15      This motion is based on this Notice of Motion and Motion, the supporting Memorandum of

16   Points and Authorities, the accompanying Declarations of Mario N. Alioto and Joseph Fisher in

17   support of the motion, and any further papers filed in support of this motion, the argument of

18   counsel, and all pleadings and records on file in this matter.

19

20

21

22

23

24

25

_____

26   [1] *See* Order, ECF No. 239, *IPPs, et al. v. Toshiba Corp., et al.,* No. 16-16368 (9th Cir. Feb. 13, 2019) at 12.

27

28

**INTRODUCTION**

On February 13, 2019, the Ninth Circuit remanded "this case" to this Court "to reconsider its order on class certification and settlement approval."[2]  The Remand Order specifically stated that the Ninth Circuit was not vacating the final approval order at this time, and that "the current panel" would "retain responsibility for future appeals in this case."  *Id*.

On remand, this Court made clear at the April 9, 2019 Case Management Conference that it did not want to re-litigate every issue in this case because "it's not to the benefit of class members," or anyone else.[3]  In addition, at the June 6, 2019 hearing, the Court urged the parties to be pragmatic in finding a resolution of this case, and expressed a hope that the parties would "see that bringing this whole thing to a conclusion sooner rather than later is in everybody's interest."[4]

Mindful of this Court's instructions, Lead Counsel, on behalf of indirect purchasers in the 22 certified repealer states ("IPPs"), and each of the seven defendants whose settlement agreements were the subject of the appeals before the Ninth Circuit,[5] have executed limited amendments to those settlement agreements (the "Amendments").  The Amendments address the concerns expressed by the Ninth Circuit and this Court, while preserving the parts of the settlements that the Court already examined and approved, and which provide substantial benefits

---

[2] *See* Order, ECF No. 239, *IPPs, et al. v. Toshiba Corp., et al.,* No. 16-16368 (9th Cir. Feb. 13, 2019) ("Remand Order") at 12.

[3] *See, e.g.,* April 9, 2019 CMC Tr. at 5:14-17 ("In short, most of the issues are not going to be relitigated in this case. That's not to the benefit of this very old case. It's not to the benefit of class members. It's really not to anyone's benefit.").  *See also id.* at 27:5-10 ("The other concern I had was that the lawyers writ large would use the comments in my November order and the uncertainty around the settlement to try to reopen every aspect of the case they could for their personal advantage. And the reason I felt that way is because the case management statement is pretty good evidence that's happening.").

[4] June 6, 2019 Hearing Tr. at 45:10 – 15.

[5] The settling defendants are Panasonic, Philips, Hitachi, Toshiba, Samsung SDI, Thomson and TDA (collectively referred to herein as "Defendants").  *See* ECF No. 4712 at 3 (listing settling defendants and the settlement amounts paid by each).

INDIRECT PURCHASER PLAINTIFFS' MOTION PURSUANT TO NINTH CIRCUIT
MANDATE TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT
AND FEE ORDER (ECF Nos. 4712, 4717, 4740)

1    to class members in the 22 states.  Each Amendment was negotiated at arm's length with the

2    assistance of Magistrate Judge Corley.

3           The Amendments to the settlement agreements are as follows:

4      (1)     The "Class" (herein referred to as the "Settlement Class") is narrowed to include

5              only members of the 22 Indirect Purchaser State Classes alleged in the Fourth

6              Consolidated Amended Complaint, ¶¶ 244-45, which classes were certified for

7              settlement purposes in the July 7, 2016 Order Granting Final Approval of Indirect

8              Purchaser Settlements, ECF No. 4712 ("Final Approval Order");

9      (2)     Each Defendant's "Settlement Amount" is reduced by approximately 5.35% for a

10             total of Twenty Nine Million Dollars ($29,000,000); and

11     (3)     The attorney fee award to be requested by IPP Class Counsel is reduced by

12             $29,000,000 in order to fully offset the reduction in the settlement amounts.

13   All other terms of the original settlement agreements remain the same.

14          The Amendments to the settlement agreements and the fee award address the concerns of

15   this Court and the Ninth Circuit.  Only indirect purchasers in the 22 Indirect Purchaser State

16   Classes will release their claims against the Defendants.  Indirect purchasers from other states are

17   no longer releasing claims.  Any issue concerning the release of claims without compensation thus

18   disappears.  At the same time, the settlement funds available for distribution to class members are

19   unchanged and can be distributed expeditiously.

20          Because class members have already received notice of the six settlements and the

21   requested fee award to class counsel, and because the Amendments and the Order Awarding

22   Attorneys' Fees, Costs and Expenses, ECF No. 4740 (the "Fee Order") do not adversely impact

23   class members, new notice to class members is not required.  *See In re Anthem, Inc. Data Breach*

24   *Litig*., 327 F.R.D. 299, 330 (N.D. Cal. 2018) (to determine if notice of an amended settlement is

25   needed, "[t]he pertinent question [] is whether the changes adversely affect class members.").

26   Nevertheless, IPPs propose to provide direct email and/or mail notice to class members who have

27   filed claims, objected to or excluded themselves from the settlements, or who have otherwise

28                                              3                          MDL NO. 1917

requested that they be notified of developments in this case.  The notices will inform these class members of the amendments to the settlement agreements and the reduction in the requested fee award, and direct them to the website, www.crtclaims.com, where a more detailed notice will be provided together with copies of this motion and the Amendments to the settlement agreements. These class members will be informed of their right to comment upon or object to the amendments, and/or appear at the hearing on the motion.  IPPs request that the Court approve the proposed form and method of notice, and otherwise stay the decision on this motion until the notified class members have had an opportunity to comment, and Class Counsel have had an opportunity to respond.

In sum, in accordance with the Ninth Circuit mandate that the Court "reconsider" its order approving the settlements, IPPs now request that the Court reconsider its approval of the settlements in light of the Amendments thereto and, if it approves the amended settlements as fair, adequate and reasonable, amend the Final Approval Order and the Final Judgment (ECF No. 4717).  IPPs further request that the Court order the return of each Defendant's pro rata share of the $29 million reduction, as further detailed below.  Finally, IPPs request that the Court reconsider the Fee Order and award a new aggregate fee to class counsel of $129,606,250 plus accrued interest, or 23.66% of the new total settlement fund of $547,750,000 plus accrued interest.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

In the spring of 2015, IPPs reached six separate settlements with seven defendants for a collective settlement amount of $541,750,000.  On July 9, 2015, the Court granted preliminary approval to the six settlements, conditionally certified a settlement class comprised of a Nationwide Class and the 22 Indirect Purchaser State Classes,[6] and approved the proposed forms

---

[6] *See* ECF No. 3906 ("Preliminary Approval Order") at 1-3.  By Order dated September 13, 2013, the Court had certified statewide damages classes for the same 21 states and the District of Columbia for litigation purposes.  *See* ECF No. 1950 (adopting Interim Special Master's Report and Recommendation, ECF. No. 1742, which recommended certification of 22 statewide classes).

1  of notice and the proposed methods of providing notice.[7]  The Court directed that notice of the six

2  settlements be provided to the class, together with notice that class members could file claims

3  against the total settlement fund of $576,750,000 (which included the $35 million in funds from

4  earlier settlements with Chunghwa Picture Tubes, Ltd. and LG Electronics, Inc.).[8]

5  In early August 2015, in accordance with the Preliminary Approval Order, The Notice

6  Company, Inc. directly mailed and emailed notice to 10,082,690 unique addressees (including

7  many of the largest institutional end-users of CRTs, and individual consumers who have

8  purchased from retailers of CRT products).[9]  The direct notice campaign was supported by a

9  number of other outreach methods to ensure class members heard about the settlement, and

10  received sufficient information to evaluate their options.  Notice was published online on the

11  settlement website (www.CRTclaims.com) and through paid advertisements on Google,

12  Facebook, and other popular websites, as well as in various print and online publications

13  throughout the United States, in English and Spanish.[10]  These online and print notices directed

14  people to the website, which provides answers to frequently asked questions, the claim form, the

15  complaint, relevant motions and orders, and the notices themselves.[11]  The notices advised Class

16  Members of the material terms of the settlements, the plan of distribution, and Class Counsel's

17  intent to apply for an attorney fee award of up to one-third of the Settlement Fund, plus

18  reimbursement of expenses, and incentive awards.[12]  Notice reached an estimated 83% of class

19  members with an estimated frequency of 3.1, well-within the acceptable range.[13]

20

21  [7] *See* Preliminary Approval Order at 4-5.

22  [8] *Id.*

23  [9] ECF No. 4071-1 (¶ 114); ECF No. 4371 (¶¶ 8-9).

24  [10] *Id.* (¶¶ 5-6, 10-13).

25  [11] *Id.*

26  [12] ECF No. 4071-1 (¶ 115).

27  [13] *See generally* ECF No. 4371 (¶ 18).

28
INDIRECT PURCHASER PLAINTIFFS' MOTION PURSUANT TO NINTH CIRCUIT
MANDATE TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT
AND FEE ORDER (ECF Nos. 4712, 4717, 4740)

1    On September 23, 2015, IPPs moved for an award of attorneys' fees in the amount of one-

2  third of the total $576,750,000 settlement fund plus interest, amounting to a multiplier of 2.3 on

3  Class Counsel's lodestar, as well as reimbursement of litigation expenses, and incentive awards to

4  the class representatives.[14]  The fee motion—which included detailed information regarding the

5  work performed by Class Counsel, the strengths and weaknesses of the claims, the risks of non-

6  recovery, and Class Counsel's lodestar through May 2015—was posted on the settlement website

7  so that any putative class member who wished to do so could review it and object or comment on

8  it.[15]

9    On or before October 8, 2015, eleven objections to the settlements and/or the requested

10  attorney fee award were filed by 22 objectors.  IPPs filed their motion for final approval of the

11  settlements, the plan of distribution and the notice program before Special Master Quinn on

12  November 19, 2015.[16]

13    On January 28, 2016, Special Master Quinn issued a detailed Report and Recommendation

14  recommending that the Court (1) certify the settlement class; (2) approve the settlements and the

15  plan of distribution as fair, adequate and reasonable; (3) approve the notice program as the "best

16  notice practicable"; (4) award attorneys' fees of $173,250,000 (30% of the Settlement Fund, for a

17  multiplier of 2.14 on Class Counsel's adjusted lodestar); and (5) grant the request for

18  reimbursement of litigation expenses and class representative incentive awards in full.[17]

19    After consideration of the R&R and the objections thereto by this Court over the course of

20  many months, the Court issued the Final Approval Order on July 7, 2016, adopting most of

21  Special Master Quinn's findings and certifying a settlement class comprised of a Nationwide Class

22  and the 22 Indirect Purchaser State Classes, approving the settlements and the plan of distribution

23  _____

24  [14] *See generally* ECF No. 4071.

25  [15] ECF No. 4373-1 (¶ 2).

26  [16] ECF No. 4370.

27  [17] *See generally* ECF No. 4351 ("R&R").

28

1    as fair, adequate and reasonable, and approving the notice program.[18]   The Court incorporated by

2    reference the Special Master's entire Rule 23 analysis, to which no one had objected except as to

3    adequacy of representation.[19]   As to that issue, the Court concluded that class members need not

4    be compensated for claims that lack value, and that the plan of distribution was not unfair to

5    uncompensated class members with no valid claims.[20]   The Court also adopted the Special

6    Master's analysis of IPPs' comprehensive notice program and his resolution of objections thereto,

7    concluding that the notice reached approximately 83% of class members and that they received

8    "the best practicable notice."[21]

9          The Court conducted a *de novo* review of the Special Master's findings of fact and legal

10   conclusions on settlement approval.[22]   The Court balanced the *Churchill*[23] and *Allen*[24] factors and

11   concluded that only one favored rejection, and "the remainder support or strongly support

12   approval."[25] It disposed of objections regarding the settlement amount; the reaction of the class;

13   and the existence of a "clear sailing" provision.[26]   The aggregate settlement "is without question a

14   good recovery and firmly in line with the recoveries in other cases."[27]   The class reaction "can

15   fairly be described as enthusiastic approval" given the handful of objections received out of a class

16   comprised of millions of members.[28]   And, the clear sailing provision was "no cause for concern"

17   _____

18   [18] *See generally* Final Approval Order.

19   [19] *Id*. at 7.

20   [20] *Id*. at 22-23.

21   [21] *Id*. at 7-9.

22   [22] *Id*. at 6.

23   [23] *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

24   [24] *Allen v. Bedolla*, 787 F.3d 1218 (9th Cir. 2015).

25   [25] Final Approval Order at 16.

26   [26] *Id*. at 9-11, 14-16.

27   [27] *Id*. at 10.

28   [28] *Id*. at 14.

INDIRECT PURCHASER PLAINTIFFS' MOTION PURSUANT TO NINTH CIRCUIT
MANDATE TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT
AND FEE ORDER (ECF Nos. 4712, 4717, 4740)

1    because Class Counsel's fee would be awarded from the same common fund as the recovery to the

2    class, and there was no agreement on the amount of the fee.[29]

3          The sole factor favoring rejection of the settlements was "the mere fact" that certain

4    Attorneys General had filed Statements of Interest.[30]  But the Court overruled their comments and

5    found the settlements and the plan of allocation to be "fair, adequate and reasonable."[31]  No

6    Attorney General appealed.  The Court entered the Final Judgment of Dismissal With Prejudice as

7    to the seven Defendants on July 14, 2016.[32]

8          On August 3, 2016, this Court issued a separate Fee Order, ECF No. 4740.  The Court

9    applied the factors set forth in *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–49 (9th Cir.

10   2002), and held that the circumstances warranted an upward adjustment from the Ninth Circuit's

11   25% benchmark to 27.5% of the settlement fund.[33]  The Court examined whether the 27.5% fee

12   award yielded an excessive multiplier of Class Counsel's lodestar and held that it did not.[34]  The

13   resulting 1.96 multiplier was "well within the range of acceptable multipliers."[35]  The resulting fee

14   award to Class Counsel was $158,606,250.[36]

15         Objectors appealed the Final Approval Order, the Final Judgment and the Fee Order to the

16   Ninth Circuit Court of Appeals.  Their appeals focused primarily upon the release of claims by

17   indirect purchasers in those states who were not eligible to participate in the distribution of the

18   settlement fund pursuant to the approved plan of distribution.  They argued that the release of

19   claims for no compensation rendered the settlements unfair and the representation of class

20

21   [29] *Id*. at 15-16.

     [30] *Id*. at 14.

22   [31] *Id*. at 13, 21, 23-25, 36-37.

23   [32] ECF No. 4717.

24   [33] Fee Order at 5-9.

25   [34] *Id*. at 10-16.

     [35] *Id*. at 16.

26   [36] *Id.* at 19.

27

28

INDIRECT PURCHASER PLAINTIFFS' MOTION PURSUANT TO NINTH CIRCUIT
MANDATE TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT
AND FEE ORDER (ECF Nos. 4712, 4717, 4740)

1    members in those states inadequate, warranting reversal of the Final Approval Order.  Some

2    objectors also argued that Class Counsel's fee award should be reduced.  IPPs successfully moved

3    to dismiss two of the appeals for lack of standing,[37] and four out of the seven remaining appellant

4    groups voluntarily dismissed their appeals pursuant to settlements with IPPs.

5         At oral argument on April 10, 2018, the Ninth Circuit panel expressed concern about the

6    propriety of the release of claims by indirect purchasers in Massachusetts, Missouri and New

7    Hampshire because there were no named plaintiffs from those states and indirect purchasers in

8    those states could not claim compensation from the settlement fund.  The panel first suggested

9    mediation between the parties.  But when objectors refused, the panel ordered mediation.[38]

10        Extensive mediation through the summer and fall of 2018 proved unsuccessful.  On

11   October 1, 2018, in an effort to resolve the matter, IPPs moved pursuant to Fed. R. Civ. P. 62.1 for

12   a ruling indicating whether, if the Ninth Circuit granted a limited remand, the Court would issue

13   an order amending the Fee Order to reduce the fee award to class counsel by $6 million, and

14   amending the plan of distribution to allow indirect purchasers in Massachusetts, Missouri and

15   New Hampshire to file claims.[39]  Objectors opposed the motion.

16        In its Order denying IPPs' motion on November 8, 2018, the Court stated that "it erred in

17   approving the parties' original settlement.  Most fundamentally, the Court erred in approving the

18   provision that required class members in Massachusetts, Missouri, and New Hampshire (the

19   'Omitted Repealer States') to release their claims without compensation."[40]

20        On February 13, 2019, the Ninth Circuit panel remanded the case to this Court "so that the

21   district court may *reconsider* its approval of the settlement."[41]  Citing this Court's November 13,

22

23   [37] *See* ECF No. 5127.

24   [38] *See* Order, ECF No. 210, *IPPs, et al. v. Toshiba Corp., et al.,* No. 16-16368 (9th Cir. April 30, 2018).

25   [39] ECF No. 5335.

26   [40] ECF No. 5362.

27   [41] Remand Order at 11, 12 (emphasis added).

28

INDIRECT PURCHASER PLAINTIFFS' MOTION PURSUANT TO NINTH CIRCUIT
MANDATE TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT
AND FEE ORDER (ECF Nos. 4712, 4717, 4740)

1   2018 Order, the panel noted that "[t]he district court recognized that it should have provided

2   recovery to class members in the Omitted Repealer States, Massachusetts, Missouri, and New

3   Hampshire, which necessarily affects the remaining issues on appeal: 1) the adequacy of

4   representation under Federal Rules of Civil Procedure 23(a)(4); and 2) the attorneys' fees awarded

5   to Lead Counsel."[42] The Ninth Circuit did not vacate the Final Approval Order, the Final

6   Judgment, or the Fee Order, and stated that "[t]he current panel will retain responsibility for future

7   appeals in this case."[43]

8        On remand, this Court took the following actions:  (1) it confirmed the undersigned as

9   Lead Counsel for the certified 22 statewide classes;[44] (2) it appointed separate counsel for nine so-

10  called "omitted repealer states," and additional separate counsel for 20 so-called "non-repealer"

11  states;[45] and (3) it entered an order referring "the matter" to Magistrate Judge Corley "for

12  settlement."[46]

13       At the direction of Magistrate Judge Corley,[47] counsel for the seven Defendants and IPPs

14  met for mediation before Magistrate Judge Corley on May 31, 2019 and July 26, 2019.[48]  At the

15  second mediation session, a named IPP plaintiff was also present for part of the mediation, and

16  others were available by phone and were being kept apprised of the status of the mediation.[49]  The

17

18

19

20  [42] *Id*. at 10-11.

    [43] *Id*. at 12.

21  [44] ECF No. 5535.

22  [45] ECF No. 5518.

23  [46] ECF No. 5427.

24  [47] ECF No. 5523.

25  [48] ECF No. 5531.

    [49] Declaration of Mario N. Alioto In Support of Motion Pursuant to Ninth Circuit Mandate to
26  Reconsider and Amend Final Approval Order, Final Judgment, and Fee Order (ECF No. 4712,
    4717, 4740) ("Alioto Decl."), ¶ 2.

27

28

1    mediation was ultimately successful and the Defendants and IPP Lead Counsel reached

2    agreements in principle to amend the settlements.[50]

3            On September 13, 2019, IPPs filed a Stipulation and Order amending IPPs' operative

4    complaints to substitute Sandra Riebow for Daniel Riebow as the named plaintiff for the state of

5    Hawaii; Gregory Painter for Gloria Comeaux as the named plaintiff for the state of Nevada; Mary

6    Ann Stephenson for Craig Stephenson as the named plaintiff for the state of New Mexico; and

7    Donna Ellingson-Mack for Jeffrey Speaect as the named plaintiff for South Dakota.[51] On

8    September 16, 2019, the Court entered the Order, ECF No. 5585.

9                               **AMENDMENTS TO THE SETTLEMENTS**

10           IPPs and each Defendant have executed Amendments to their respective settlement

11    agreements.[52]  As outlined above, these Amendments narrow the definition of "the Class" in each

12    settlement agreement to include only the 22 Indirect Purchaser State Classes alleged in the Fourth

13    Consolidated Amended Complaint, ¶¶ 244-45, which classes were certified for settlement

14    purposes in the July 7, 2016 Final Approval Order.[53]

15           Thus, the settlement class for the six settlements, as amended, no longer includes a

16    "Nationwide Class," which the Court also had previously certified for settlement purposes in the

17    Final Approval Order and the Preliminary Approval Order.[54]  As a result, under the Amendments,

18    only members of the 22 Indirect Purchaser State Classes release their claims against the

19    Defendants, leaving indirect purchasers in all other states (including the nine "repealer" states and

20    _____

21    [50] *Id.* ¶ 3.

22    [51] ECF No. 5584, Ex. A (Fifth Consolidated Amended Complaint) and Ex. B (Second Amended
       Class Action Complaint Against Thomson and TDA Defendants).

23    [52] Copies of the executed Amendments are filed herewith as Exhibits A through F to the Alioto
24    Declaration.

25    [53] *See* ECF No. 4712 at 7, 36 (adopting Special Master's R&R (ECF No. 4351) at 17-21, and
       certifying the proposed classes for settlement purposes only); *see also* Preliminary Approval Order
26    at 2 (conditionally certifying the 22 Indirect Purchaser State Classes).

27    [54] ECF No. 3906 at 1.

28
      INDIRECT PURCHASER PLAINTIFFS' MOTION PURSUANT TO NINTH CIRCUIT
      MANDATE TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT
      AND FEE ORDER (ECF Nos. 4712, 4717, 4740)

1  the 20 "non-repealer" states for which separate counsel have been appointed) free to pursue any

2  claims they may have.

3      In addition to narrowing the Settlement Class—and therefore the releases—the

4  Amendments reduce each Defendant's settlement contribution by approximately 5.35%, for a total

5  reduction of $29,000,000.  The Amendments further provide that Class Counsel will request that

6  the Court reduce the attorneys' fees previously awarded to them by $29,000,000 to fully offset the

7  reduction in the settlement amounts, and ensure that the reductions do not adversely affect the

8  funds available for distribution to claimants.  In addition, all interest earned on the original

9  settlement amounts from the date of deposit in 2015—approximately $13,000,000—will remain in

10 the fund for the benefit of class members (except that Class Counsel shall still be entitled to seek a

11 share of the accrued interest on the fund proportionate to their fee and expense award).[55]  The new

12 settlement amounts for each Defendant, therefore, are as follows:

| DEFENDANT | PRIOR SETTLEMENT AMOUNT | NEW SETTLEMENT AMOUNT |
|---|---|---|
| Philips | $175,000,000 | $175,000,000 plus accrued interest, less $9,367,789.57 |
| Panasonic | $ 70,000,000 | $70,000,000 plus accrued interest, less $3,747,115.83 |
| Hitachi | $ 28,000,000 | $28,000,000 plus accrued interest, less $1,498,846.33 |
| Toshiba | $ 30,000,000 | $30,000,000 plus accrued interest, less $1,605,906.78 |
| Samsung SDI | $225,000,000 | $225,000,000 plus accrued interest less $12,044,300.88 |

---

[55] Each original settlement agreement provides that Class Counsel may seek interest on their "attorneys' fees, costs and expenses at the same rate and for the same period as earned by the Settlement Fund (until paid) as may be awarded by the Court."  *See e.g.*, ECF No. 3862-1 (Philips Settlement Agreement), ¶ 23a.

INDIRECT PURCHASER PLAINTIFFS' MOTION PURSUANT TO NINTH CIRCUIT
MANDATE TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT
AND FEE ORDER (ECF Nos. 4712, 4717, 4740)

| DEFENDANT | PRIOR SETTLEMENT AMOUNT | NEW SETTLEMENT AMOUNT |
|---|---|---|
| Thomson and TDA | $  13,750,000 | $13,750,000 plus accrued interest, less $736,040.61 |
| **Total Fund For Six Settlements** | **$ 541,750,000 plus interest** | **$512,750,000, plus accrued interest of approximately $13,000,000**[56] |

All other terms of the original settlement agreements and the plan of distribution remain the same.[57]

## ARGUMENT

Pursuant to the Ninth Circuit's mandate that this Court "reconsider its order on class certification and settlement approval[,]"[58] IPPs respectfully move the Court to reconsider its Final Approval Order and Fee Order in light of the Amendments to the settlements; affirm the certification of the 22 Indirect Purchaser State Classes for the purposes of these settlements; approve the settlements, as amended; and consistent therewith, amend the Final Judgment and the Final Approval Order and the Fee Order (together referred to as the "Final Orders"). IPPs also request that the Court approve their proposed limited notice to class members.[59]

---

[56] As of the date of filing, the approximate interest earned on the $541,750,000 is $13,000,000. Interest continues to accrue daily. As already indicated, a portion of this interest should be allocated to Class Counsel's fee award.

[57] The original settlement agreements were filed in this Court in connection with the preliminary approval motion. *See* ECF Nos. 3862-1-3862-5 & 3876-1.

[58] Remand Order at 12.

[59] In presenting the Amended IPP Settlement Agreements for approval, Lead Counsel has reviewed and complied with this District's Procedural Guidance for Class Action Settlements. *See* https://www.cand.uscourts.gov/ClassActionSettlementGuidance (last visited September 13, 2019).

**I.     THE COURT SHOULD AMEND THE FINAL APPROVAL ORDER AND THE FINAL JUDGMENT**

A class action may not be dismissed, compromised or settled without the express approval of the Court.[60]  "Rule 23(e) 'requires the district court to determine whether a proposed settlement is fundamentally fair, adequate, and reasonable.'"[61]

Approval under Rule 23 is a three-step process: (1) certification of a settlement class and preliminary approval of the proposed settlement; (2) notice to the class; and (3) final approval at a Fairness Hearing, following notice.[62]  Here, all three of these steps have been completed as to the settlements, and the Amendments require only minor modifications of the Orders and the Final Judgment—none of which adversely affects the class.  The only new action requested by IPPs is the appointment of the four newly-named plaintiffs[63] as settlement class representatives to represent class members from the states of Hawaii, Nevada, New Mexico, and South Dakota.

**A.  The Court Has Already Certified A Settlement Class Consisting Of The 22 Indirect Purchaser State Classes**

"Before certifying a class, the district court must assure itself that the proposed class action satisfies [the] four prerequisites … [in] Fed. R. Civ. P. 23(a)[,]" and the predominance and superiority requirements of Rule 23(b)(3).  *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019).  Here, the Court has already made these determinations with regard to the 22 Indirect Purchaser State Classes, and the composition of these classes is not altered by the Amendments to the settlement agreements.[64]

---

[60] *See* Fed. R. Civ. P. 23(e).

[61] *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

[62] *See Nguyen v. Radient Pharmaceuticals Corp.,* No. SACV 11–00406 DOC (MLGx), 2014 WL 1802293, at *1 (C.D. Cal. May 6, 2014); 4 Newberg on Class Actions §§ 13:1, *et seq.* (5th ed. 2019) (describing class action settlement procedure).

[63] *See* ECF No. 5585 (Stipulated Order adding four named plaintiffs to IPPs' operative complaints).

[64] *Compare* R&R at 15 & n.22 (defining 22 Indirect Purchaser State Classes) & 21 (certifying settlement class including the 22 Indirect Purchaser State Classes) and Final Approval Order at 7 (adopting R&R and certifying settlement class), *with* Amendments to settlements, Alioto Decl. (footnote continued)

14

INDIRECT PURCHASER PLAINTIFFS' MOTION PURSUANT TO NINTH CIRCUIT MANDATE TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT AND FEE ORDER (ECF Nos. 4712, 4717, 4740)

The only difference between the original settlement class and the amended Settlement Class is that the latter no longer includes a nationwide class.  Both the Special Master and the Court have already analyzed in detail the Rule 23(a) factors and Rule 23(b)(3)'s predominance and superiority requirements, and certified the 22 Indirect Purchaser State Classes for settlement purposes.[65]  Moreover, these findings relied upon the contested certification of almost identical statewide damages classes for the same 21 states and the District of Columbia during the litigation (the "Certified Class").[66]

The only objection to certification of the original settlement class before this Court and on appeal related to the adequacy of representation under Rule 23(a)(4) of members of the Nationwide Class (primarily those from Massachusetts, Missouri and New Hampshire) who were not permitted to file claims.[67]  These adequacy of representation concerns have now been resolved because the amended Settlement Class no longer includes the "Nationwide Class," and separate

---

Exs. A-F (defining "the Class" as the "22 'Indirect Purchaser State Classes' alleged in the Fourth Consolidated Amended Complaint, ¶¶ 244-245, which classes were certified for settlement purposes only in the July 7, 2016 Final Approval Order, ECF No. 4712.").

[65] R&R at 17-21; Final Approval Order at 7 (adopting R&R in full "except as it relates to adequacy of representation").

[66] *See* R&R at 15 n. 22 & 18, citing ECF Nos. 1742 at 15-17, 19 (Report & Recommendation on class certification) and 1950 (Order adopting R&R).  As the Special Master noted, the definition of the 22 Indirect Purchaser State Classes differs from the Certified Class in the following respects: (1) the Certified Class requires that the Indirect Purchaser State Class Members be residents of the respective States, whereas the Settlement Class requires only that the purchase was made in one of the States; (2) the Certified Class is limited to televisions and monitors containing CRTs, whereas the Settlement Class includes CRTs, televisions and monitors containing CRTs, and other products containing CRTs. *See* R&R at 15 n. 22.  The broader class definition allows more indirect purchasers of CRTs to receive compensation.

[67] *See* R&R at 18-19 (describing adequacy of representation objections); Final Approval Order at 7 (noting that "no party objects to" the Special Master's findings that the settlement class satisfies the Rule 23(a) factors and Rule 23(b)(3)'s predominance and superiority requirements, "except those related to adequacy of representation"); ECF No. 5362 at 1-2 (describing adequacy of representation concerns due to the release of claims for no consideration); Remand Order at 11 (listing "adequacy of representation under Federal Rules of Civil Procedure 23(a)(4)" as one of only three "remaining issues on appeal").

1    counsel have been appointed for indirect purchasers of CRTs who were previously members of

2    that class—including those from Massachusetts, Missouri and New Hampshire.[68]  Only members

3    of the amended Settlement Class (*i.e.* members of the 22 Indirect Purchaser State Classes) will

4    release their claims under the amended settlements, and all of them have had an opportunity to file

5    claims.  Thus, there is no longer any release of claims without compensation.

6         **B.        The Court Should Appoint Four New Settlement Class Representatives**

7              The only new issue the Court need address relating to settlement class certification is the

8    appointment of four new settlement class representatives for the states of Hawaii, Nevada, New

9    Mexico, and South Dakota.[69]  These proposed new representatives for the four states are Sandra

10   Riebow (Hawaii), Gregory Painter (Nevada), Mary Ann Stephenson (New Mexico), and Donna

11   Ellingson-Mack (South Dakota).  Each is a resident of his/her respective state with standing to

12   assert a claim under that state's laws; each purchased a CRT product during the Class Period; and

13   each alleges he/she suffered the same injury as other class members, namely, that they were

14   overcharged for the CRT products they purchased as a result of the alleged CRT conspiracy.[70]

15   Therefore, their claims are typical of the other class members and certification is appropriate.[71]

16            Nor are their interests antagonistic in any way to those of the class members they seek to

17   represent because they are all similarly interested in obtaining prompt and valuable relief from the

18   Defendants.  By proving their own claims, these plaintiffs will necessarily be proving the claims

19   of their fellow class members.  In addition, each has a genuine interest in the litigation and

20

21   [68] *See* ECF Nos. 5518 (appointing separate counsel for different groups of plaintiffs within the
     Nationwide Class); 5535 (noting that "[t]he conflict problem the Court identified has now been
22   abated").

23   [69] *See* ECF No. 5585.  All of the named plaintiffs for the other states have previously been
     approved by the Court as representatives for their respective state classes.  R&R at 18-19; Class
24   Certification R&R, ECF No. 1742 at 17-19, 48; ECF No. 1950 (adopting Class Certification
     R&R).

25   [70] *See, e.g.*, ECF No. 5584, Ex. A (Fifth Consolidated Amended Complaint) ¶¶ 261, 269, 270, 274.

26   [71] *See* ECF No. 1950 at 2, 6 (adopting Class Certification R&R and noting that Defendants did not
     challenge the Special Master's finding that the class representatives' claims were typical).

27

28                                              16                                   MDL NO. 1917

1 understands the allegations in this case.[72]  They have reviewed the pleadings, the settlement

2 agreements and the Amendments thereto, and, in consultation with their lawyers, have approved

3 them on behalf of class members in their respective states.[73]  Therefore, IPPs respectfully request

4 that the Court approve these four plaintiffs as the representatives for the Hawaii, Nevada, New

5 Mexico and South Dakota classes.

6        In sum, the Court's prior ruling certifying the amended Settlement Class comprised of the

7 22 Indirect Purchaser State Classes remains valid, subject to approving the four new class

8 representatives, as described above.  The Court may simply adopt its prior findings on class

9 certification,[74] approve the new class representatives, and approve the amended Settlement Class,

10 in accordance with the Amendments to the settlement agreements.[75]

11

12

13

14

_____

15

16 [72] Alioto Decl. ¶¶ 4.

[73] *Id.*

17 [74] *See Giroux v. Essex Property Trust, Inc.*, Case No. 16-cv-01722-HSG, 2019 WL 2106587, at *2

18 (N.D. Cal. May 14, 2019) (approving stipulated amendments to class settlement after final
approval and incorporating "prior analysis under Rules 23(a) and (b)" by reference because "no

19 facts that would affect these requirements have changed since the Court preliminarily approved
the class. . .").

20 [75] In *Belew v. Brinks, Inc.,* 721 Fed. Appx. 734, 735 (9th Cir. 2018), objectors appealed the
approval of a class action settlement on adequacy of representation grounds because the settlement

21 released claims that had not been alleged in the litigation, and that the class representatives did not
hold.  *Id.*  Following the defendant's agreement to relinquish the releases for these "unrelated

22 claims," the Ninth Circuit instructed the district court to sever the claims from the settlement on
remand and otherwise affirmed approval of the settlement.  *Id.*  On remand, the district court

23 issued an Order Spreading Mandate, severed the unrelated claims from the settlement's release,
and finally approved the settlement.  *See* Order Spreading Mandate dated July 6, 2018, ECF No.

24 60, Case No. 3:14-cv-01748-JAH-JLB (S.D. Cal.).  Similarly here, the Defendants have
relinquished the releases for the claims asserted, or that could have been asserted, by indirect

25 purchasers who are not members of the amended Settlement Class.  In addition, the settlement
amount available for distribution and all other terms of the settlements remain the same.  As in

26 *Brinks*, therefore, this Court can issue an order removing the Nationwide Class (and their claims)
from the amended Settlement Class, and otherwise approve the settlements, as amended.

27

28
INDIRECT PURCHASER PLAINTIFFS' MOTION PURSUANT TO NINTH CIRCUIT
MANDATE TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT
AND FEE ORDER (ECF Nos. 4712, 4717, 4740)

1

C.    **The Court's Findings Relating To Settlement Approval Under Rule 23(e) Remain Valid**

2

Since the Court's Final Approval Order in July 2016, Rule 23(e) has been amended to

3

codify the list of factors set forth in the opinions of various courts across the United States.[76]  This

4

Court has already addressed the substance of the factors set forth in the amended Rule 23(e), and

5

its findings relating to approval of the settlements here remain valid.

6

The amendments to Rule 23(e) provide that in determining whether a proposed settlement

7

is fair, reasonable, and adequate, the Court must consider whether:

8

(A) the class representatives and class counsel have adequately represented the class;

9

(B) the proposal was negotiated at arm's length;

10

(C) the relief provided for the class is adequate, taking into account:

11

(i) the costs, risks, and delay of trial and appeal;

12

(ii) the effectiveness of any proposed method of distributing relief to the class,

13

including the method of processing class member claims;

14

(iii) the terms of any proposed award of attorney's fees, including timing of

15

payment; and

16

(iv) any agreement required to be identified under Rule 23(e)(3); and

17

(D) the proposal treats class members equitably relative to each other.[77]

18

The *Churchill*[78] and *Allen* factors examined by the Special Master and this Court in finding

19

the settlements were fair, adequate and reasonable overlap substantially with the considerations set

20

_____

21  [76] Recognizing that "[c]ourts have generated lists of factors," the Advisory Committee emphasizes

22  that the "goal of this amendment is not to displace any factor, but rather to focus" the inquiry on "the primary procedural considerations and substantive qualities that should always matter to the

23  decision whether to approve the proposal." Fed. R. Civ. P. 23(e)(2) 2018 Advisory Committee Notes.

24  [77] Fed. R. Civ. P. 23(e)(2).

25  [78] *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d at 575 (the district court must balance: "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further

26  litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered

27  in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the (footnote continued)

28

18

MDL NO. 1917

1   forth in amended Rule 23(e).[79]  Consistent with this Court's previous admonition that "most of the

2   issues" in this case need not be relitigated,[80] the Court need not revisit its findings as a result of the

3   Rule 23(e) amendments or the Amendments to the settlement agreements.

### 1. The Court Has Already Found That The Amended Settlement Class Is Adequately Represented

5       The Advisory Committee Notes to Rule 23(e)(2)(A) explain that this subsection, in

6   conjunction with subsection (B), requires the court to "identify matters that might be described as

7   'procedural' concerns, looking to the conduct of the litigation and of the negotiations leading up to

8   the proposed settlement."[81]  As an "example, the nature and amount of discovery in this or other

9   cases, or the actual outcomes of other cases, may indicate whether counsel negotiating on behalf

10  of the class had an adequate information base."[82]

12      Here, both the Special Master and the Court have already considered the "extent of

13  discovery and stage of proceedings," and concluded that litigating the case for eight years up to

14  the eve of trial and completing "significant discovery" ensured IPP counsel had sufficient

15  understanding of the strengths and weaknesses of the case to make an informed decision regarding

16  settlement.[83]  In addition, in considering the settlement amount, the Court looked at the "actual

17  outcomes in other cases," in accordance with the Rule 23(e)(2)(A) Advisory Committee Notes.[84]

18  These findings apply with equal force to the Amendments to the settlement agreements and need

19  not be revisited.

_____

20  experience and views of counsel; (7) the presence of a governmental participant; and (8) the
21  reaction of the class members to the proposed settlement.").

22  [79] *See* R&R at 21-29; Final Approval Order at 9-16.

    [80] April 9, 2019 Hearing Tr. at 5:14-17.

23  [81] *See* Fed. R. Civ. P. 23(e)(2) Advisory Comm. Notes, Paragraphs (A) and (B) (2018).

24  [82] *Id*.

25  [83] Final Approval Order at 12; R&R at 25.

26  [84] *See* Final Approval Order at 10 (comparing the settlements here to those achieved in the *TFT-LCD Antitrust Litig.* and average recoveries in other cartel cases).

INDIRECT PURCHASER PLAINTIFFS' MOTION PURSUANT TO NINTH CIRCUIT
MANDATE TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT
AND FEE ORDER (ECF Nos. 4712, 4717, 4740)

The adequacy of representation concerns expressed by the objectors, the Ninth Circuit and this Court regarding the release of certain claims without compensation have never pertained to members of the 22 Indirect Purchaser State Classes, since they have always been able to file claims for compensation.  In any event, such concerns are mooted by the Amendments, which narrow the Settlement Class to include only members of the 22 Indirect Purchaser State Classes, meaning there is no release of claims without compensation.  In addition, each of the 22 Indirect Purchaser State Classes is represented by a plaintiff who is a resident of that state, has standing to assert a claim under that state's law, and has been thoroughly vetted.[85]  Thus, there is no need for the Court to revisit its finding that the 22 Indirect Purchaser State Classes were adequately and vigorously represented throughout this litigation.[86]

### 2. Class Counsel Negotiated The Original Settlements And The Amendments Thereto At Arm's Length

Rule 23(e)(2)(B) instructs courts to consider whether "the proposal was negotiated at arm's length."  While this consideration is not expressly included in the Ninth Circuit factors previously applied by the Court, the Advisory Committee Notes state that "the involvement of a neutral or court-affiliated mediator or facilitator in those negotiations may bear on whether they were conducted in a manner that would protect and further the class interests."[87]  Here, the Special Master expressly considered that two former jurists had "provided their experienced input into the parties' settlement negotiations[,]" and found that fact weighed in favor of settlement approval.[88]  This Court adopted the Special Master's finding.[89]  In addition, both the Special Master and the

---

[85] Fee Order at 18-19; ECF No. 1742 at 17-19; ECF No. 1950 at 2, 6; Alioto Decl. ¶ 5.

[86] Fee Order at 7-8.

[87] *See* Fed. R. Civ. P. 23(e)(2) Advisory Comm. Notes, Paragraph (B) (2018).

[88] R&R at 26.

[89] Final Approval Order at 12.

INDIRECT PURCHASER PLAINTIFFS' MOTION PURSUANT TO NINTH CIRCUIT
MANDATE TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT
AND FEE ORDER (ECF Nos. 4712, 4717, 4740)

1   Court had before them Lead Counsel's declaration detailing the settlement negotiations with each
2   defendant, and demonstrating they were conducted at arm's length.[90]

3         As a final procedural consideration, the Advisory Committee Notes to subsection (B)
4   suggest that courts consider the "treatment of any award of attorney's fees, with respect to both the
5   manner of negotiating the fee award and its terms."[91]  Again, this Court expressly considered this
6   issue and looked for "subtle signs that class counsel have allowed pursuit of their own self-
7   interests . . . to infect the negotiations."[92]  It concluded there were no such concerns because "the
8   settlement agreements in this case do not attempt to allocate the portion of the settlement fund that
9   counsel will receive, and there is no reversion clause, so the first and third *Bluetooth* signs are not
10  at issue."[93]  And while there is a clear-sailing provision in the original settlements, "'it does not
11  signal the possibility of collusion'" because "'Class Counsel's fee will be awarded by the Court
12  from the same common fund as the recovery to the class."[94]

13        As for the Amendments, they too were negotiated at arm's length among experienced
14  counsel, with the direct supervision and involvement of Magistrate Judge Corley during two all-
15  day mediation sessions.[95]  The Amendments would substantially reduce the fees to Class Counsel
16  from the amount this Court previously found to be fair and reasonable.  Thus, Class Counsel have
17  prioritized class members' interest in receiving the benefits from the original settlements as soon
18  as possible.

19  _____

20
21  [90] *See* Declaration of Mario N. Alioto in Support of Indirect Purchaser Plaintiffs' Motion for
    Attorneys' Fees, Reimbursement of Litigation Expenses and Incentive Awards, ECF No. 4071-1,
22  ¶¶ 107-112.

23  [91] *See* Fed. R. Civ. P. 23(e)(2) Advisory Comm. Notes, Paragraph (B) (2018).

24  [92] Final Approval Order at 15, citing *In re Bluetooth Headset Prods. Liab. Litig.,* 654 F.3d 935,
    947 (9th Cir. 2011).

25  [93] *Id.*

26  [94] *Id.* at 16, citing *In re High-Tech Employee Antitrust Litig.*, 11-cv-02509-LHK, 2015 WL
    5158730, at *14 (N.D. Cal. Sept. 2, 2015).

27  [95] Alioto Decl. ¶¶ 2-3.

### 3.   The Court Has Already Found That The Relief Provided For The Class Is Adequate, Taking Into Account The Costs, Risks, And Delay of Trial And Appeal

Rule 23(e)(2)(C) instructs courts to consider whether "the relief provided for the class is adequate."  The first factor – "the costs, risks, and delay of trial and appeal"[96] – is analogous to the Ninth Circuit's consideration of the risk, expense, complexity, and likely duration of further litigation, while also examining the strength of plaintiffs' case, the risk of maintaining class action status throughout the trial, and the amount offered in settlement.[97]  This Court has already considered all of these factors and concluded that they weigh in favor of settlement approval.[98]

The Court adopted the Special Master's findings that IPPs would have faced several hurdles in the absence of a settlement that "weigh[ed] strongly" in favor of settlement approval (Final Approval Order at 9); that there was a "great risk" to IPPs in continuing to pursue this complex case (*id.*); that litigating the case for eight years up to the eve of trial ensured that Class Counsel had sufficient understanding of the strengths and weaknesses of the case to make an informed decision regarding settlement (*id*. at 12); and that Class Counsel's experience and views weighed in favor of approval.  *Id*.

The Court also thoroughly examined "the relief provided to the class,"[99] concluding it "is without question a good recovery and firmly in line with the recoveries in other cases."[100]  This finding need not be revisited even though the settlement amounts for each Defendant are reduced by the Amendments to the settlement agreements, because those reductions are proposed to be fully offset by the requested corresponding reduction in Class Counsel's attorney fee award.

---

[96] Fed. R. Civ. P. 23(e)(2)(C)(i).

[97] *See Churchill*, 361 F.3d at 575 (listing factors).

[98] *See* Final Approval Order at 9-12.

[99] Fed. R. Civ. P. 23(e)(2)(C).

[100] Final Approval Order at 10.

MDL NO. 1917
INDIRECT PURCHASER PLAINTIFFS' MOTION PURSUANT TO NINTH CIRCUIT
MANDATE TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT
AND FEE ORDER (ECF Nos. 4712, 4717, 4740)

Therefore, the net settlement fund available for distribution to class members remains the same as it would otherwise have been, and remains "a good recovery" for class members.[101]

### 4. The Court Has Already Found That The Plan Of Distribution Is Fair, Reasonable And Adequate

Rule 23(e)(2)(C) also instructs courts to take into account the "effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims." The Court previously approved the weighted pro rata distribution to claimants from the 22 Indirect Purchaser States.[102] IPPs do not propose any change to that previously-approved plan of distribution. The Court also found that the response rate to the notices by class members was "strong," and rejected objections that the claims rate was too low.[103] It agreed with Class Counsel and the Special Master that the reason the claims rate is somewhat lower than other indirect purchaser cases like *LCD* is because "the claims period in this case stretches back 20 years and the product is obsolete."[104]

As indicated, 158,782 claims based on indirect purchases of 80,814,586 weighted CRT units have been filed and processed to date. The current, provisional estimate of the payment per CRT unit to class members is $6.10 if late claims are not allowed, and $5.12 if late claims are allowed.[105]

To maximize the effectiveness of distributing the settlement proceeds, the settlement administrator will provide instructions to all valid claimants prior to distribution on how to receive

---

[101] As further described below, 158,782 claims based on indirect purchases of 80,814,586 weighted CRT units have been filed and processed to date. *See* Declaration of Joseph Fisher Re: Amendments to Settlements ("Fisher Decl."), ¶¶ 5-6. Depending on how the Court decides to deal with late claims, as things currently stand, claimants will receive between $6.10 to $5.12 per CRT unit. *Id*. ¶ 7.

[102] Final Approval Order at 26-27.

[103] *Id*. at 9, 31-32.

[104] *Id*. at 32 ("The staleness of the claims at issue here exacerbates this problem.").

[105] Fisher Decl. ¶ 7.

1   payments electronically via PayPal, Google Wallet, Amazon Balance, and other popular methods.

2   The settlement administrator will also mail physical checks to Settlement Class Members who

3   have requested to receive compensation in that manner.[106] *See In re Lithium Ion Batteries*

4   *Antitrust Litig.,* No. 4:13-md-02420-YGR, 2019 WL 3856413, at *6 (N.D. Cal. Aug. 16, 2019)

5   (concluding that electronic distribution of payments to class members "will maximize the

6   effectiveness of the distribution of the settlement proceeds.").

### 5.   The Court Has Thoroughly Examined Class Counsel's Entitlement To Attorneys' Fees

A third factor to be considered under Rule 23(e)(2)(C) is "the terms of any proposed award

of attorney's fees, including timing of payment."  Here, again, the Court has already applied the

*Vizcaino* factors and has made a reasonable award of attorneys' fees to Class Counsel from the

settlement fund, having considered and rejected many objections thereto, including an objection to

the clear-sailing provision (discussed above).[107]

The Amendments propose to *reduce* this Court's prior award of attorneys' fees by $29

million in order to secure the relinquishment of releases by Defendants, and ensure that the funds

available for distribution to class members in the 22 Indirect Purchaser State Classes remain the

same.  If the Court approves the amended settlements and the amended fee request, the new fee

award will be $129,606,250 plus accrued interest, or 23.66% of the new total settlement fund of

$547,750,000 plus interest—below the Court's prior award of 27.5% and, indeed, below the Ninth

Circuit's 25% benchmark.[108]  Based upon the adjusted lodestar of $81,067,569 on which the prior

fee award was based, the new multiplier on the fee award will be 1.59—also well within the range

of acceptable multipliers. *See* Fee Order at 16 (finding that 1.96 was "well within the range of

acceptable multipliers").

---

[106] *Id*. ¶ 8.

[107] Final Approval Order at 15-16; Fee Order at 5-16.

[108] *See* Fee Order at 3-4 (discussing 25% benchmark).

INDIRECT PURCHASER PLAINTIFFS' MOTION PURSUANT TO NINTH CIRCUIT
MANDATE TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT
AND FEE ORDER (ECF Nos. 4712, 4717, 4740)

1    There are therefore no "troubling" terms about fees in the settlements agreements or the

2  Amendments thereto, and in any event, they are subject to Court approval.

### 6. This Court Has Already Found That The Settlements And The Plan Of Distribution Treat Class Members Equitably Relative To Each Other

5    Rule 23(e)(2)(D) requires that the Court consider whether the proposed settlement "treats

6  class members equitably relative to each other."  The Advisory Committee Notes indicate that

7  matters of concern for the Court may include "whether the apportionment of relief among class

8  members takes appropriate account of differences among their claims."[109]

9    As discussed above, this Court has already examined and approved the proposed plan of

10 distribution—which provides for a weighted pro-rata distribution to all members of the 22 Indirect

11 Purchaser State Classes that filed valid claims and a $25 minimum payment to encourage small

12 claims, and which assigns different weights to different CRT products based on the overcharge

13 evidence for each—as fair, reasonable and adequate.[110]  The Amendments do not impact this

14 proposed allocation plan.  All class members with valid claims will receive their pro rata share of

15 the net settlement fund.

### D. The Best Notice Practicable Has Already Been Provided To The Class

16   A binding settlement must provide notice to the class in a "reasonable manner" and

17 otherwise be "fair, reasonable, and adequate." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d at

18 567, citing Fed. R. Civ. P. 23(e)(1), (2).  Notice is satisfactory if it "'generally describes the terms

19 of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to

20 come forward and be heard.'" *Id.* (quoting *Churchill Vill.*, 361 F.3d at 575).

21   As previously detailed herein, an extensive and detailed notice program relating to these

22 settlements and Class Counsel's previous request for attorneys' fees totaling one-third of the

23 settlement fund has already been provided to members of the 22 Indirect Purchaser State Classes.

---

[109] Fed. R. Civ. P. 23(e)(2) 2018 Advisory Committee Notes.

[110] Final Approval Order at 26-27.

1   The Court reviewed that program in connection with final approval of the original settlements,

2   overruled all objections to it, and held that the class members received "the best practicable

3   notice," consistent with due process.[111]  These findings were not challenged on appeal.

4
           1.      **Additional Notice Is Not Required When Changes To A Proposed
                   Settlement Do Not Adversely Affect Class Members**

5           It is well settled that no new Rule 23 notice is required where changes to a proposed

6   settlement do not have an adverse effect on the rights of class members.  *See, e.g., In re Anthem,*

7   *Inc. Data Breach Litig.*, 327 F.R.D. at 330 (to determine if additional notice is needed "[t]he

8   pertinent question here is whether the changes adversely affect class members.").[112]

9           In *Anthem,* Judge Koh explained the rationale behind the general rule as follows:

10          When the modification makes the settlement less desirable, notice may be
            required because courts cannot be sure whether more class members would
11          have chosen to object to the settlement or exclude themselves from the
            class. In contrast, when the modification makes the settlement more
12          valuable to the class, courts have routinely concluded that notice is
            unnecessary. […] The rationale is that class members who received
13          adequate notice of the original settlement and decided not to opt out would
            not opt out of a more-favorable settlement.
14
15   327 F.R.D. at 330 (internal citations omitted).

16          The same rationale applies when the settlement release is narrowed.  *See Shaffer v.*

17   *Continental Cas. Co.*, 362 Fed. Appx. 627, 631 (9th Cir. 2010) ("Although changes were made to

18   the release after potential class members received the notice, the changes did not render the notice

19   inadequate because they narrowed the scope of the release."); *Hendricks v. Starkist Co.*, No. 13-

20   cv-00729, 2016 WL 5462423, at *4 (N.D. Cal. Sept. 29, 2016), *aff'd sub nom Hendricks v.*

21   *Ference*, 754 Fed. Appx. 510 (9th Cir. 2018) ("Because the parties have removed the language

22   _____

23   [111] Final Approval Order at 7-9; R&R at 45-56.

24   [112] *See also In re Diet Drugs Prods. Liab. Litig.*, No. 99-20593, 2010 WL 2735414, at *6 (E.D. Pa.
     July 2, 2010) (holding that supplemental notice is required for an amendment only when it "would
25   have a material adverse effect on the rights of class members"); Manual for Complex Litigation §
     21.61 (4th ed. 2004) ("[i]f the fairness hearing leads to substantial changes adversely affecting
26   some members of the class, additional notice, followed by an opportunity to be heard, might be
     necessary").

27

28

1  discharging federal and state antitrust claims from the release and because the latest release

2  narrows the scope of claims discharged, there is no longer a risk that class members have

3  relinquished rights without knowledge of new claims.  Thus, additional notice was not

4  required.").[113]

5  ### 2.   The Amendments Do Not Adversely Affect Class Members

6  Here, the terms of the Amendments do not adversely affect the rights and interests of class

7  members in the 22 Indirect Purchaser State Classes.

8  ### a.   No reduction in net settlement fund

9  First, as already explained, the net settlement fund available for distribution to claimants

10  from the 22 Indirect Purchaser State Classes remains the same.  Specifically, the six settlements at

11  issue previously provided a combined gross settlement fund of $541,750,000.  While the

12  Amendments reduce the gross settlement fund by $29,000,000 to $512,750,000 (plus accrued

13  interest), that reduction is fully offset by a $29,000,000 reduction in Class Counsel's fee request.

14  Additionally, the Amendments preserve the approximately $13,000,000 in net interest earned on

15  the settlement funds that have been in escrow since the six settlements were entered in 2015.

16  Thus, the net settlement fund available to the class remains the same.

17  Given that the settlements as amended provide the same benefits to the members of the 22

18  Indirect Purchaser State Classes, there is no reason to conclude that those class members who

19  failed to object or opt out would now choose to do so.  *See, e.g. In re Anthem, Inc. Data Breach*

20  *Litig.,* 327 F.R.D. at 331 (holding that where amendments did not adversely affect class members

21  "there is no overriding reason to conclude that those Settlement Class Members who failed to opt

22  out would now choose to do so").  Therefore, no new notice is required.

23  _____

24  [113] Cost issues also militate against providing additional notice, because publishing new notice can

25  be "prohibitively expensive and deplete the fund for the Class."  *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. at 331.  It serves no purpose to spend large amounts of the classes' money to

26  advise them that their settlement benefits remain unchanged by the amendments to the settlement

27  agreements.

28

27                                       MDL NO. 1917

INDIRECT PURCHASER PLAINTIFFS' MOTION PURSUANT TO NINTH CIRCUIT
MANDATE TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT
AND FEE ORDER (ECF Nos. 4712, 4717, 4740)

1

              **b.**       **Narrowed release**

2          Second, members of the 22 Indirect Purchaser State Classes will receive compensation in

3 exchange for the same release as before.  The only change in the release is that there is no longer a

4 nationwide class, and therefore no release of claims by anyone other than members of the 22

5 Indirect Purchaser State Classes.

6          Consequently, the Amendments to the settlements do not adversely affect the rights or

7 interests of former members of the nationwide class.  By removing those indirect purchasers from

8 the amended settlement class, the release no longer applies to them and they retain any damages or

9 injunctive relief claims they previously possessed.  In addition, these indirect purchasers are now

10 represented by new named plaintiffs and court-appointed separate counsel, and may pursue their

11 claims against the Defendants.  Because these former class members are not adversely affected by

12 the amendments to the settlements, no notice need be sent to them either.  *See Shaffer v.*

13 *Continental Cas. Co.*, 362 Fed. Appx. at 631.

14              **3.**      **While Not Required, Limited Notice Can Be Provided**

15          Although neither Rule 23 nor due process require new notice where amendments to

16 settlements do not adversely affect class members, courts have authorized limited notifications to

17 certain class members when circumstances warrant.  *See, e.g.*, *In re Anthem, Inc. Data Breach*

18 *Litig.*, 327 F.R.D. at 331 (permitting notifications to opt outs where amendments to settlement

19 benefited class members, and "they deserved an opportunity to reconsider their decisions").[114]

20          *In re Elec. Carbon Products Antitrust Litig.*, 447 F.Supp.2d 389 (D.N.J. 2006) is

21 instructive.  There, notice of four settlements was mailed to 4,887 class member entities.  *Id*. at

22 393 n.5.  While 451 class members submitted claims, 13 entities with large claims gave notice of

23 their wish to opt-out, triggering defendants' termination rights under three of the settlements.  *Id*.

24 _____

25 [114] *See also Knuckles v. Elliott*, No. 15-CV-10175, 2016 WL 3912816, at *5 (E.D. Mich. July 20,
26 2016) (same); *Klee v. Nissan N. Am., Inc.*, No. 12-CV-08238-AWT, 2015 WL 4538426, at *5
(C.D. Cal. July 7, 2015) (same).

27

28

INDIRECT PURCHASER PLAINTIFFS' MOTION PURSUANT TO NINTH CIRCUIT
MANDATE TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT
AND FEE ORDER (ECF Nos. 4712, 4717, 4740)

at 393-94.  The parties then negotiated amendments to three of the settlements that (1) brought all but one opt-out back into the settlements, and (2) "increased the net value [of those settlements] to the class" by plaintiffs' counsel reducing their fee request.  *Id*.  The parties also amended the fourth settlement by reducing the settlement amount, and excluding certain opt-outs from the settlement class.  *Id*. at 394.  The court found that these amendments benefitted class members by preserving a settlement that would otherwise have been terminated.  *Id.* at 394, 397.  The court did not require notice of the four amended settlements to all class members.  Rather, the court "deemed it prudent to direct that a Supplemental Notice be sent to all entities that had responded to the prior notice," *i.e.*, the "451 class member claimants" and the one remaining opt out.  *Id*. at 394.

Similarly, in *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 292 F.Supp.2d 184, 186 (D. Me. 2003), the court approved limited notice of an amended settlement only to objectors and opt outs "because it would be too burdensome and costly to repeat a mailing to the over eight million class members informing them of favorable changes in the proposed amended settlement, *especially to those who never objected to the first proposed settlement*." (Emphasis added.)

Here, consistent with the above authorities, while neither Rule 23 nor due process require it, Class Counsel propose notifying the following class members of the Amendments to the settlements: (1) those who have filed claims; (2) those who objected to the settlements; (3) those who requested updates regarding the settlements; and (4) those requested exclusion from the settlement class.[115]  Those receiving notice would be advised of the Amendments, and given an opportunity to object to the Amendments and the requested fee award, and appear at the final

---

[115] While some courts have given opt outs an opportunity to rejoin a settlement when amended (*see, e.g., Anthem*, 327 F.R.D. at 331), because the settlement here provides the same benefits to class members as were available in the prior settlements, offering the opt outs in this case an opportunity to rejoin the settlements would appear to be unnecessary.

INDIRECT PURCHASER PLAINTIFFS' MOTION PURSUANT TO NINTH CIRCUIT
MANDATE TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT
AND FEE ORDER (ECF Nos. 4712, 4717, 4740)

1 approval hearing.  Class members would not receive another opportunity to exclude themselves

2 from the Settlement Class.

3      Subject to the Court's approval, and as described in more detail in the Declaration of

4 Joseph Fisher filed herewith, the proposed notification process would use a combination of email,

5 direct mail and publication on the settlement website, and would allow 45 days to object to the

6 amendments to the settlements and/or Class Counsel's reduced fee request.  The notification

7 would advise those class members receiving notice that: (1) the gross settlement fund has been

8 reduced by $29,000,000 but Class Counsel propose to reduce their attorneys' fee request by

9 $29,000,000 so that the net settlement fund available for distribution to class members is

10 unchanged; and (2) the settlement class has been narrowed to exclude the nationwide class, that

11 the nationwide class is no longer releasing any claims, and that the Amended Settlements pertain

12 only to the 22 Indirect Purchaser State Classes.  Copies of the Amendments to the settlements,

13 together with this motion and supporting papers, would also be posted on the website.  IPPs have

14 retained the same settlement administrator, The Notice Company, to provide this notification to

15 the claimants, objectors and opt outs.

16      Given the limited amendments to the settlements, and that the amendments do not

17 adversely impact class members, the prior notice program and the proposed supplemental

18 notifications constitute the best notice practicable, and are consistent with Rule 23 and due

19 process.

20      **E.      Only Minor Amendments To The Final Judgment Are Required**

21      If the Court approves the amended settlements and amends the Final Approval Order as

22 proposed above, the Final Judgment (ECF No. 4717) need only be amended to reflect the fact that

23 the settlements have been amended and reference the amended Final Approval Order instead of

24 the prior order.  All other provisions of the Final Judgment may remain the same.

25 **II.      THE COURT SHOULD APPROVE THE REQUESTED FEE AWARD**

26      Class Counsel respectfully request that the Court also reconsider its August 3, 2016 Fee

27 Order and, in accordance with the Amendments to the settlement agreements, reduce the aggregate

28

INDIRECT PURCHASER PLAINTIFFS' MOTION PURSUANT TO NINTH CIRCUIT
MANDATE TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT
AND FEE ORDER (ECF Nos. 4712, 4717, 4740)

1  fee award to Class Counsel from $158,606,250 plus interest to $129,606,250 plus interest, or

2  23.66% of the new total settlement fund of $547,750,000, plus interest.[116]

3       As detailed above, the Court has thoroughly examined Class Counsel's entitlement to

4  attorneys' fees under the *Vizcaino* factors and has made a reasonable award of attorneys' fees from

5  the settlement fund.[117]  In response to the objectors' proposal in the March 26, 2019 Case

6  Management Conference Statement that the entire fee award be relitigated,[118] the Court stated that

7  it would "solicit briefing regarding the appropriate percentage of any settlement . . . to be awarded

8  to class counsel as fees.  But I don't intend to solicit briefing regarding other aspects of the fee

9  award as objectors suggest."[119]

10      The new requested 23.66% fee award is below the Ninth Circuit's 25% benchmark, and

11 over three percentage points below the Court's previous award of 27.5%.[120]  Based upon the

12 adjusted lodestar of $81,067,569 on which the prior fee award was based, the new multiplier on

13 the fee award will be 1.59—well within the range of acceptable multipliers. *See* Fee Order at 16

14 (finding that 1.96 was "well within the range of acceptable multipliers").  In addition, certain firms

15 have continued to devote large amounts of time to this litigation over the last four years to the

16 exclusion of other work, and will continue to do so in the future.  If this time were included in the

17 lodestar crosscheck, the multiplier would be even lower.[121]

18      As this Court previously found: "Class Counsel's multi-year litigation effort . . . produced

19 the settlement in this case," and "the actual litigation risks borne by Class Counsel as chronicled

20 _____

21 [116] The total settlement fund for all settlements reached in this case was $576,750,000.  The new

22 total settlement fund is $576,750,000 plus interest, minus $29,000,000, equals $547,750,000 plus
   interest.

23 [117] Final Approval Order at 15-16; Fee Order at 5-16.

24 [118] ECF No. 5416 at 22-23.

25 [119] April 9, 2019 Hearing Tr. at 7:22 – 8:2.

26 [120] *See* Fee Order at 3-4 (discussing 25% benchmark).

   [121] Alioto Decl. ¶ 6.

27

28                                        31                              MDL NO. 1917

by the R&R were significant."[122]  These findings remain true and justify—under all of the circumstances of this case—the requested 23.66% fee award.[123]

Accordingly, IPPs respectfully request that the Court amend the Fee Order and award the requested 23.66% fee, and otherwise adopt the other findings in the Fee Order.

### III.   PROPOSED SCHEDULE FOR NOTICE, OBJECTIONS AND HEARING

IPPs are submitting herewith a Proposed Order Regarding Amended Settlements, Authorizing Supplemental Notice and Setting Schedule.  The Proposed Order includes the following schedule for issuance of notice, the filing of objections and a hearing:

| Event | Date |
|---|---|
| Notice Publication Date and Mailed/Email Notice to Commence | Within 10 days of Order Authorizing Notice |
| Objection Date | Within 45 days of Notice Publication Date |
| IPPs' Response to Objections | Within 14 days of Objections |
| Hearing | Within 14 days of IPPs' Response to Objections |

IPPs respectfully request that the Court enter this Proposed Order.

### CONCLUSION

For all the foregoing reasons, the Court should reconsider and approve the amended settlements under Rule 23(e); order notice to be given; and amend the Final Approval Order, the Final Judgment, and the Fee Order, as described herein, after a final hearing.

//

---

[122] Fee Order at 8-9.

[123] The Court need not consider the Order Re Allocation of IPP Attorneys' Fee Award, ECF No. 5122, until after the settlements and the aggregate fee award become final.

1

Dated: September 16, 2019          Respectfully submitted,

2

By:    /s/ Mario N. Alioto

3
            MARIO N. ALIOTO (56433)
            LAUREN C. CAPURRO (241151)

4
            **TRUMP, ALIOTO, TRUMP &**
            **PRESCOTT, LLP**

5
            2280 Union Street
            San Francisco, California 94123

6
            Telephone: (415) 563-7200
            Facsimile: (415) 346-0679

7

8
            ***Lead Counsel for the Indirect***
            ***Purchaser Plaintiffs for the 22 States***

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28