Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

***Lead Counsel for the Indirect Purchaser
Plaintiffs for the 22 States***

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-05944-JST<br>Case No. 4:13-cv-03234-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>INDIRECT PURCHASER ACTIONS FOR THE 22 STATES | **DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION PURSUANT TO NINTH CIRCUIT MANDATE TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT AND FEE ORDER (ECF Nos. 4712, 4717, 4740)**<br><br>Hearing Date:  October 23, 2019<br>Time: 2:00 p.m.<br>Courtroom: 6, 2nd Floor (Oakland)<br>Judge:  Honorable Jon S. Tigar |

1    I, Mario N. Alioto, declare:

2    1.    I am an attorney duly licensed by the State of California and am admitted to

3    practice before this Court.  I am a partner with the law firm Trump, Alioto, Trump & Prescott,

4    LLP and my firm serves as the Court-appointed Lead Counsel for the Indirect Purchaser

5    Plaintiffs ("IPPs") for the 22 States in the above-captioned action.  I submit this Declaration in

6    support of the IPPs' Motion Pursuant to Ninth Circuit Mandate to Reconsider And Amend Final

7    Approval Order, Final Judgment And Fee Order (ECF Nos. 4712, 4717, 4740), filed herewith.

8    The matters set forth herein are within my personal knowledge and if called upon and sworn as a

9    witness I could competently testify regarding them.

10    2.    At the direction of Magistrate Judge Corley,[1] I and several of my co-counsel met

11    with counsel for the seven Defendants for mediation before Magistrate Judge Corley on May 31,

12    2019 and July 26, 2019.[2]  At the second mediation session, a named IPP plaintiff was also

13    present for part of the mediation, and others were available by phone and were being kept

14    apprised of the status of the mediation.

15    3.    The mediation was ultimately successful and the Defendants and IPP Lead

16    Counsel reached agreements in principle to amend the settlements.

17    4.    The new named plaintiffs for Hawaii, Nevada, New Mexico and South Dakota

18    have a genuine interest in this litigation and understand the allegations in this case. They have

19    reviewed the pleadings, the settlement agreements and the Amendments thereto, and, in

20    consultation with their lawyers, have approved them on behalf of their respective states.

21    5.    Each of the 22 Indirect Purchaser State Classes is represented by a plaintiff who is

22    a resident of that state, has standing to assert a claim under that state's law, and has been

23    thoroughly vetted.

24    6.    My firm and certain other IPP firms have continued to devote large amounts of

25    time to this litigation over the last four years to the exclusion of other work, and will continue to

26    

27    [1] ECF No. 5523.

28    [2] ECF No. 5531.

DECL. OF MARIO N. ALIOTO ISO IPP MOTION PURSUANT TO NINTH CIRCUIT
MANDATE TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT AND FEE
ORDER (ECF Nos. 4712, 4717, 4740) - Master File No. 4:07-cv-05944-JST; MDL No. 1917

1   do so in the future.  If this time were included in the lodestar crosscheck, the multiplier would be

2   even lower.

3       7.      The Settlement Administrator has informed me that the estimated cost of the

4   proposed limited notice program is approximately $40,000.

5       8.      Attached hereto as Exhibit A is a true and correct copy of the Amendment to

6   Settlement Agreement Between Indirect Purchaser Plaintiffs and Philips.

7       9.      Attached hereto as Exhibit B is a true and correct copy of the Amendment to

8   Settlement Agreement Between Indirect Purchaser Plaintiffs and Panasonic.

9       10.     Attached hereto as Exhibit C is a true and correct copy of the Amendment to

10  Settlement Agreement Between Indirect Purchaser Plaintiffs and Hitachi.

11      11.     Attached hereto as Exhibit D is a true and correct copy of the Amendment to

12  Settlement Agreement Between Indirect Purchaser Plaintiffs and Toshiba.

13      12.     Attached hereto as Exhibit E is a true and correct copy of the Amendment to

14  Settlement Agreement Between Indirect Purchaser Plaintiffs and Samsung SDI.

15      13.     Attached hereto as Exhibits F is a true and correct copy of the Amendment to

16  Settlement Agreement Between Indirect Purchaser Plaintiffs, Technicolor (f/k/a Thomson), and

17  TDA.

18

19      I declare under penalty of perjury that the foregoing is true and correct.  Executed this

20  16th day of September 2019 at San Francisco, California.

21

22                                          /s/ Mario N. Alioto_____
                                               Mario N. Alioto
23
                                            **Lead Counsel for the Indirect Purchaser Plaintiffs**
24                                          **for the 22 States**

25

26

27

28

# EXHIBIT A

**AMENDMENT TO SETTLEMENT AGREEMENT BETWEEN INDIRECT PURCHASER PLAINTIFFS AND PHILIPS**

This Amendment to the Settlement Agreement dated January 26, 2015 ("Amendment"), entered into by and between Koninklijke Philips N.V. (f/n/a Koninklijke Philips Electronics N.V.), Philips North America LLC (f/n/a Philips Electronics North America Corporation), Philips Taiwan Limited (f/n/a Philips Electronics Industries (Taiwan), Ltd.), and Philips do Brasil, Ltda. (f/n/a Philips da Amazonia Industria Electronica Ltda.) (collectively "Philips") and the named indirect purchaser plaintiffs("Plaintiffs"), both individually and on behalf of a proposed settlement class of indirect purchasers of CRT Products as more particularly described below, is made and entered into this 16th day of September 2019.

WHEREAS, after arms-length negotiations in which Philips and Plaintiffs were represented by counsel, the parties negotiated and entered into a Settlement Agreement ("Agreement") pursuant to which Plaintiffs, both individually and on behalf of members of the Nationwide Class and the 22 Indirect Purchaser State Classes alleged in the Fourth Consolidated Amended Complaint (ECF No. 1526), agreed to release all of their claims against Philips in exchange for $175,000,000 in cash, which Agreement was executed by all parties on January 26, 2015;

WHEREAS, by order dated July 7, 2016 (ECF No. 4712), the District Court finally approved the Agreement and the Plaintiffs' plan of distribution for the settlement funds, which provided that only members of the 22 Indirect Purchaser State Classes previously certified by the Court were eligible to claim from the Settlement Fund;

WHEREAS, objectors from Massachusetts, Missouri and New Hampshire appealed the Court's approval of the Agreement and the Plaintiffs' plan of distribution, and at oral argument before the Ninth Circuit, the Panel expressed concerns regarding the release of Massachusetts, Missouri and New Hampshire claims without compensation, and the adequacy of representation of class members in those states;

WHEREAS, in an order denying Plaintiffs' motion for an indicative ruling pursuant to Fed. R. Civ. P. 62.1 to amend the Plaintiffs' plan of distribution and the attorney fee award and allow class members from Massachusetts, Missouri and New Hampshire to claim, the District Court stated that "it erred in approving the parties' original settlement. Most fundamentally, the Court erred in approving the provision requiring class members in Massachusetts, Missouri, and New Hampshire (the "Omitted Repealer States") to release their claims without compensation" (ECF No. 5362 at 1);

WHEREAS, on February 13, 2019, the Ninth Circuit remanded "to the District Court to reconsider its order on class certification and settlement approval[,]" but did not vacate the settlement approval order (Dkt. No. 16-16373, ECF No. 252);

WHEREAS, on remand, the District Court referred the parties to mediation before Magistrate Judge Jacqueline Scott Corley, appointed separate counsel for nine so-called "omitted repealer states" and 20 "non-repealer" states, and confirmed that Mario N. Alioto continue as Lead Counsel for the Plaintiffs, now on behalf of themselves and the 22 certified Indirect Purchaser State Classes;

WHEREAS, Magistrate Judge Corley held two in-person mediation sessions attended by counsel for Philips and Lead Counsel for the Plaintiffs;

2

WHEREAS, at the second mediation session on July 26, 2019, Plaintiffs and Philips reached an agreement in principle to amend the Agreement by (1) narrowing the settlement class to include only members of the 22 Indirect Purchaser State Classes certified by the Court in its July 7, 2016 Final Approval Order, (2) reducing the Settlement Amount paid by Philips by $9,367,789.57 (to $165,632,210.43), and (3) reducing the attorneys' fees requested by Class Counsel by $9,367,789.57 to fully offset the reduction in the Settlement Amount paid by Philips; and

WHEREAS, pursuant to paragraph 35 of the Agreement, Philips and Plaintiffs hereby amend the Agreement by Amendment to conform to the foregoing agreement in principle.

NOW, THEREFORE, it is agreed by and among the undersigned on behalf of Philips (as defined in the Agreement) and Plaintiffs, on behalf of themselves and the 22 Indirect Purchaser State Classes, that the Agreement is amended as follows:

1.      Paragraph 1 of the Agreement is amended to define "the Class" as the 22 "Indirect Purchaser State Classes" alleged in the Fourth Consolidated Amended Complaint, ¶¶ 244-245, which classes were certified for settlement purposes only in the July 7, 2016 Final Approval Order, ECF No. 4712. The "Nationwide Class," as it is defined in the Fourth Consolidated Amended Complaint, ¶ 243, and members thereof (except for members of the 22 Indirect Purchaser State Classes), are expressly excluded from "the Class" and are not bound by the Agreement.

2.      Paragraph 6 of the Agreement is amended to read as follows:

The "Settlement Fund" shall be $175,000,000 as specified in Paragraph 16, plus accrued interest on said deposits set forth in Paragraph 17, *less* $9,367,789.57 to be returned to Philips as provided for in the Amendment to this Agreement.

3

3.     In Paragraph 16 of the Agreement, the definition of "Settlement Amount" is amended to read "$175,000,000, *less* $9,367,789.57 to be returned to Philips as provided for in the Amendment to this Agreement."

4.     Plaintiffs acknowledge that Philips has already paid the original Settlement Amount of $175,000,000 into the Escrow Account as required by Paragraph 16. In the motion for approval of this Amendment to the Agreement, Plaintiffs shall request that the Court order the return of $9,367,789.57 to Philips from the Escrow Account.

5.     Philips shall not be obligated to make any additional payment of any kind or for any purpose under the Agreement or as a result of this Amendment. Plaintiffs shall request that the Court reduce the attorney fee awarded by the Court on August 3, 2016, ECF No. 4740, by $9,367,789.57 so as to fully offset the reduction in the Settlement Amount.

6.     Without limiting Paragraph 28 of the Agreement, if the Court refuses to approve this Amendment or the Agreement as amended by this Amendment in whole or in part, or if such approval is modified or set aside on appeal, or if for any other reason whatsoever Philips does not receive the return of $9,367,789.57 from the Escrow Account, Philips and Plaintiffs shall each have the right to terminate this Amendment.

7.     Other than the foregoing modifications to the Agreement, no other modification to the Agreement, or to the rights and obligations of the parties to the Agreement, is made or intended herein in this Amendment. Unless otherwise defined herein, all terms used in this Amendment have the same meaning as defined in the Agreement.

8.     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Amendment, subject to Court approval.

4

Dated: September 16, 2019

Mario N. Alioto
malioto@tatp.com
Joseph M. Patane
jpatane@tatp.com
Lauren C. Capurro
laurenrussell@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200

*Lead Counsel for the Plaintiffs, both individually and on behalf of the Class*

Dated: September 16, 2019

JOHN M. TALADAY
ERIK T. KOONS
BAKER BOTTS LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
john.taladay@bakerbotts.com
erik.koons@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V., Philips North America LLC, Philips Taiwan Limited, and Philips do Brasil, Ltda.*

5

# EXHIBIT B

**AMENDMENT TO SETTLEMENT AGREEMENT BETWEEN INDIRECT PURCHASER PLAINTIFFS AND PANASONIC**

This Amendment to the Settlement Agreement dated January 28, 2015 ("Amendment"), entered into by and between Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd. (collectively "Panasonic") and the named indirect purchaser plaintiffs ("Plaintiffs"), both individually and on behalf of a proposed settlement class of indirect purchasers of CRT Products as more particularly described below, is made and entered into this $16$th day of September 2019.

WHEREAS, after arms-length negotiations in which Panasonic and Plaintiffs were represented by counsel, the parties negotiated and entered into a Settlement Agreement ("Agreement") pursuant to which Plaintiffs, both individually and on behalf of members of the Nationwide Class and the 22 Indirect Purchaser State Classes alleged in the Fourth Consolidated Amended Complaint (ECF No. 1526), agreed to release all of their claims against Panasonic in exchange for $70,000,000 in cash, which Agreement was executed by all parties on January 28, 2015;

WHEREAS, by order dated July 7, 2016 (ECF No. 4712), the District Court finally approved the Agreement and the Plaintiffs' plan of distribution for the settlement funds, which provided that only members of the 22 Indirect Purchaser State Classes previously certified by the Court were eligible to claim from the Settlement Fund;

WHEREAS, objectors from Massachusetts, Missouri and New Hampshire appealed the Court's approval of the Agreement and the Plaintiffs' plan of distribution, and at oral argument before the Ninth Circuit, the Panel expressed concerns regarding the release of

Massachusetts, Missouri and New Hampshire claims without compensation, and the adequacy of representation of class members in those states;

WHEREAS, in an order denying Plaintiffs' motion for an indicative ruling pursuant to Fed. R. Civ. P. 62.1 to amend the Plaintiffs' plan of distribution and the attorney fee award and allow class members from Massachusetts, Missouri and New Hampshire to claim, the District Court stated that "it erred in approving the parties' original settlement. Most fundamentally, the Court erred in approving the provision requiring class members in Massachusetts, Missouri, and New Hampshire (the 'Omitted Repealer States') to release their claims without compensation" (ECF No. 5362 at 1);

WHEREAS, on February 13, 2019, the Ninth Circuit remanded "to the District Court to reconsider its order on class certification and settlement approval[,]" but did not vacate the settlement approval order (Dkt. No. 16-16373, ECF No. 252);

WHEREAS, on remand, the District Court referred the parties to mediation before Magistrate Judge Jacqueline Scott Corley, appointed separate counsel for nine so-called "omitted repealer states" and 20 "non-repealer" states, and confirmed that Mario N. Alioto continue as Lead Counsel for the Plaintiffs, now on behalf of themselves and the 22 certified Indirect Purchaser State Classes;

WHEREAS, Magistrate Judge Corley held two in-person mediation sessions attended by counsel for Panasonic and Lead Counsel for the Plaintiffs;

WHEREAS, at the second mediation session on July 26, 2019, Plaintiffs and Panasonic reached an agreement in principle to amend the Agreement by (1) narrowing the settlement class to include only members of the 22 Indirect Purchaser State Classes certified by the Court in its July 7, 2016 Final Approval Order, (2) reducing the Settlement Amount

paid by Panasonic by $3,747,115.83 (to $66,252,884.17), and (3) reducing the attorneys' fees requested by Class Counsel by $3,747,115.83 to fully offset the reduction in the Settlement Amount; and

WHEREAS, pursuant to Paragraph 33 of the Agreement, Panasonic and Plaintiffs hereby amend the Agreement by Amendment to conform to the foregoing agreement in principle.

NOW, THEREFORE, it is agreed by and among the undersigned on behalf of Panasonic (as defined in the Agreement) and Plaintiffs, on behalf of themselves and the 22 Indirect Purchaser State Classes, that the Agreement is amended as follows:

1.      Paragraph 1 of the Agreement is amended to define "the Class" as the 22 "Indirect Purchaser State Classes" alleged in the Fourth Consolidated Amended Complaint, ¶¶ 244-245, which classes were certified for settlement purposes only in the July 7, 2016 Final Approval Order, ECF No. 4712. The "Nationwide Class," as it is defined in the Fourth Consolidated Amended Complaint, ¶ 243, and members thereof (except for members of the 22 Indirect Purchaser State Classes), are expressly excluded from "the Class" and are not bound by the Agreement.

2.      Paragraph 6 of the Agreement is amended to read as follows:

"The Settlement Fund" shall be $70,000,000 USD as specified in Paragraph 16, plus accrued interest on said deposits as set forth in Paragraph 17, *less* $3,747,115.83 to be returned to Panasonic as provided for in the Amendment to this Agreement.

3.      In Paragraph 16 of the Agreement, the definition of "Settlement Amount" is amended to read "$70,000,000, *less* $3,747,115.83 to be returned to Panasonic as provided for in the Amendment to this Agreement."

3

4.      Plaintiffs acknowledge that Panasonic has already paid the original Settlement Amount of $70,000,000 into the Escrow Account as required by Paragraph 16. In the motion for approval of this Amendment to the Agreement, Plaintiffs shall request that the Court order the return of $3,747,115.83 to Panasonic from the Escrow Account.

5.      Panasonic shall not be obligated to make any additional payment of any kind or for any purpose under the Agreement or as a result of this Amendment. Plaintiffs shall request that the Court reduce the attorney fee awarded by the Court on August 3, 2016, ECF No. 4740, by $3,747,115.83 so as to fully offset the reduction in the Settlement Amount.

6.      Without limiting Paragraph 26 of the Agreement, if the Court refuses to approve this Amendment or the Agreement as amended by this Amendment in whole or in part, or if such approval is modified or set aside on appeal, or if for any other reason whatsoever Panasonic does not receive the return of $3,747,115.83 from the Escrow Account, Panasonic and Plaintiffs shall each have the right to terminate this Amendment.

7.      Other than the foregoing modifications to the Agreement, no other modification to the Agreement, or to the rights and obligations of the parties to the Agreement, is made or intended herein in this Amendment. Unless otherwise defined herein, all terms used in this Amendment have the same meaning as defined in the Agreement.

8.      Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Amendment, subject to Court approval.

4

Dated: September 16, 2019

Mario N. Alioto
malioto@tatp.com
Joseph M. Patane
jpatane@tatp.com
Lauren C. Capurro
laurenrussell@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200

**Lead Counsel for the Plaintiffs, both individually and on behalf of the Class**

Dated: September 16, 2019

Jeffrey L. Kessler
jkessler@winston.com
Eva W. Cole
ewcole@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700

David L. Yohai
david.yohai@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000

**Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd.[1]**

---

[1] MT Picture Display Co., Ltd. has been dissolved and completed final liquidation proceedings in Japan on May 23, 2019.

# EXHIBIT C

## AMENDMENT TO SETTLEMENT AGREEMENT BETWEEN INDIRECT PURCHASER PLAINTIFFS AND HITACHI

This Amendment to the Settlement Agreement dated February 19, 2015 ("Amendment"), entered into by and between Hitachi, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., Hitachi Electronic Devices (USA), Inc., and Hitachi Displays, Ltd. (n/k/a Japan Display Inc.) (collectively "Hitachi") and the named indirect purchaser plaintiffs ("Plaintiffs"), both individually and on behalf of a proposed settlement class of indirect purchasers of CRT Products as more particularly described below, is made and entered into this 16th day of September 2019.

WHEREAS, after arms-length negotiations in which Hitachi and Plaintiffs were represented by counsel, the parties negotiated and entered into a Settlement Agreement ("Agreement") pursuant to which Plaintiffs, both individually and on behalf of members of the Nationwide Class and the 22 Indirect Purchaser State Classes alleged in the Fourth Consolidated Amended Complaint (ECF No. 1526), agreed to release all of their claims against Hitachi in exchange for $28,000,000 in cash, which Agreement was executed by all parties on February 19, 2015;

WHEREAS, by order dated July 7, 2016 (ECF No. 4712), the District Court finally approved the Agreement and the Plaintiffs' plan of distribution for the settlement funds, which provided that only members of the 22 Indirect Purchaser State Classes previously certified by the Court were eligible to claim from the Settlement Fund;

WHEREAS, objectors from Massachusetts, Missouri and New Hampshire appealed the Court's approval of the Agreement and the Plaintiffs' plan of distribution, and at oral argument before the Ninth Circuit, the Panel expressed concerns regarding the release of

Massachusetts, Missouri and New Hampshire claims without compensation, and the adequacy of representation of class members in those states;

WHEREAS, in an order denying Plaintiffs' motion for an indicative ruling pursuant to Fed. R. Civ. P. 62.1 to amend the Plaintiffs' plan of distribution and the attorney fee award and allow class members from Massachusetts, Missouri and New Hampshire to claim, the District Court stated that "it erred in approving the parties' original settlement. Most fundamentally, the Court erred in approving the provision requiring class members in Massachusetts, Missouri, and New Hampshire (the 'Omitted Repealer States') to release their claims without compensation" (ECF No. 5362 at 1);

WHEREAS, on February 13, 2019, the Ninth Circuit remanded "to the District Court to reconsider its order on class certification and settlement approval[,]" but did not vacate the settlement approval order (Dkt. No. 16-16373, ECF No. 252);

WHEREAS, on remand, the District Court referred the parties to mediation before Magistrate Judge Jacqueline Scott Corley, appointed separate counsel for nine so-called "omitted repealer states" and 20 "non-repealer" states, and confirmed that Mario N. Alioto continue as Lead Counsel for the Plaintiffs, now on behalf of themselves and the 22 certified Indirect Purchaser State Classes;

WHEREAS, Magistrate Judge Corley held two in-person mediation sessions attended by counsel for Hitachi and Lead Counsel for the Plaintiffs;

WHEREAS, at the second mediation session on July 26, 2019, Plaintiffs and Hitachi reached an agreement in principle to amend the Agreement by (1) narrowing the settlement class to include only members of the 22 Indirect Purchaser State Classes certified by the Court in its July 7, 2016 Final Approval Order, (2) reducing the Settlement Amount paid by

2

Hitachi by $1,498,846.33 (to $26,501,153.67), and (3) reducing the attorneys' fees requested by Class Counsel by $1,498,846.33 to fully offset the reduction in the Settlement Amount; and

WHEREAS, pursuant to Paragraph 33 of the Agreement, Hitachi and Plaintiffs hereby amend the Agreement by Amendment to conform to the foregoing agreement in principle.

NOW, THEREFORE, it is agreed by and among the undersigned on behalf of Hitachi (as defined in the Agreement) and Plaintiffs, on behalf of themselves and the 22 Indirect Purchaser State Classes, that the Agreement is amended as follows:

1.      Paragraph 1 of the Agreement is amended to define "the Class" as the 22 "Indirect Purchaser State Classes" alleged in the Fourth Consolidated Amended Complaint, ¶¶ 244-245, which classes were certified for settlement purposes only in the July 7, 2016 Final Approval Order, ECF No. 4712. The "Nationwide Class," as it is defined in the Fourth Consolidated Amended Complaint, ¶ 243, and members thereof (except for members of the 22 Indirect Purchaser State Classes), are expressly excluded from "the Class" and are not bound by the Agreement.

2.      Paragraph 6 of the Agreement is amended to read as follows:

"The Settlement Fund" shall be $28,000,000 USD as specified in Paragraph 16, plus accrued interest on said deposits as set forth in Paragraph 17, _less_ $1,498,846.33 to be returned to Hitachi as provided for in the Amendment to this Agreement.

3.      In Paragraph 16 of the Agreement, the definition of "Settlement Amount" is amended to read "$28,000,000, _less_ $1,498,846.33 to be returned to Hitachi as provided for in the Amendment to this Agreement."

3

4.      Plaintiffs acknowledge that Hitachi has already paid the original Settlement Amount of $28,000,000 into the Escrow Account as required by Paragraph 16.   In the motion for approval of this Amendment to the Agreement, Plaintiffs shall request that the Court order the return of $1,498,846.33 to Hitachi from the Escrow Account.

5.      Hitachi shall not be obligated to make any additional payment of any kind or for any purpose under the Agreement or as a result of this Amendment.   Plaintiffs shall request that the Court reduce the attorney fee awarded by the Court on August 3, 2016, ECF No. 4740, by $1,498,846.33 so as to fully offset the reduction in the Settlement Amount.

6.      Without limiting Paragraph 26 of the Agreement, if the Court refuses to approve this Amendment or the Agreement as amended by this Amendment in whole or in part, or if such approval is modified or set aside on appeal, or if for any other reason whatsoever Hitachi does not receive the return of $1,498,846.33 from the Escrow Account, Hitachi and Plaintiffs shall each have the right to terminate this Amendment.

7.      Other than the foregoing modifications to the Agreement, no other modification to the Agreement, or to the rights and obligations of the parties to the Agreement, is made or intended herein in this Amendment.   Unless otherwise defined herein, all terms used in this Amendment have the same meaning as defined in the Agreement.

8.      Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Amendment, subject to Court approval.

4

Dated: September _16_, 2019

Mario N. Alioto

Mario N. Alioto
malioto@tatp.com
Joseph M. Patane
jpatane@tatp.com
Lauren C. Capurro
laurenrussell@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200

*Lead Counsel for the Plaintiffs, both individually and on behalf of the Class*

Dated: September _16_, 2019

Eliot A. Adelson
eadelson@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1413
Facsimile: (415) 439-1500

*Attorneys for Defendants Hitachi, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., Hitachi Electronic Devices (USA), Inc., and Hitachi Displays, Ltd. (n/k/a Japan Display Inc.)*

# EXHIBIT D

**AMENDMENT TO SETTLEMENT AGREEMENT BETWEEN INDIRECT PURCHASER PLAINTIFFS AND TOSHIBA**

This Amendment to the Settlement Agreement dated March 6, 2015 ("Amendment"), entered into by and between Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc. (collectively "Toshiba") and the named indirect purchaser plaintiffs ("Plaintiffs"), both individually and on behalf of a proposed settlement class of indirect purchasers of CRT Products as more particularly described below, is made and entered into this 16th day of September 2019.

WHEREAS, after arms-length negotiations in which Toshiba and Plaintiffs were represented by counsel, the parties negotiated and entered into a Settlement Agreement ("Agreement") pursuant to which Plaintiffs, both individually and on behalf of members of the Nationwide Class and the 22 Indirect Purchaser State Classes alleged in the Fourth Consolidated Amended Complaint (ECF No. 1526), agreed to release all of their claims against Toshiba in exchange for $30,000,000 in cash, which Agreement was executed by all parties on March 6, 2015;

WHEREAS, by order dated July 7, 2016 (ECF No. 4712), the District Court finally approved the Agreement and the Plaintiffs' plan of distribution for the settlement funds, which provided that only members of the 22 Indirect Purchaser State Classes previously certified by the Court were eligible to claim from the Settlement Fund;

WHEREAS, objectors from Massachusetts, Missouri and New Hampshire appealed the Court's approval of the Agreement and the Plaintiffs' plan of distribution, and at oral argument before the Ninth Circuit, the Panel expressed concerns regarding the release of

Massachusetts, Missouri and New Hampshire claims without compensation, and the adequacy of representation of class members in those states;

WHEREAS, in an order denying Plaintiffs' motion for an indicative ruling pursuant to Fed. R. Civ. P. 62.1 to amend the Plaintiffs' plan of distribution and the attorney fee award and allow class members from Massachusetts, Missouri and New Hampshire to claim, the District Court stated that "it erred in approving the parties' original settlement. Most fundamentally, the Court erred in approving the provision requiring class members in Massachusetts, Missouri, and New Hampshire (the 'Omitted Repealer States') to release their claims without compensation" (ECF No. 5362 at 1);

WHEREAS, on February 13, 2019, the Ninth Circuit remanded "to the District Court to reconsider its order on class certification and settlement approval[,]" but did not vacate the settlement approval order (Dkt. No. 16-16373, ECF No. 252);

WHEREAS, on remand, the District Court referred the parties to mediation before Magistrate Judge Jacqueline Scott Corley, appointed separate counsel for nine so-called "omitted repealer states" and 20 "non-repealer" states, and confirmed that Mario N. Alioto continue as Lead Counsel for the Plaintiffs, now on behalf of themselves and the 22 certified Indirect Purchaser State Classes;

WHEREAS, Magistrate Judge Corley held two in-person mediation sessions attended by counsel for Toshiba and Lead Counsel for the Plaintiffs;

WHEREAS, at the second mediation session on July 26, 2019, Plaintiffs and Toshiba reached an agreement in principle to amend the Agreement by (1) narrowing the settlement class to include only members of the 22 Indirect Purchaser State Classes certified by the Court in its July 7, 2016 Final Approval Order, (2) reducing the Settlement Amount paid by

2

Toshiba by $1,605,906.78 (to $28,394,093.22), and (3) reducing the attorneys' fees requested by Class Counsel by $1,605,906.78 to fully offset the reduction in the Settlement Amount; and

WHEREAS, pursuant to Paragraph 35 of the Agreement, Toshiba and Plaintiffs hereby amend the Agreement by Amendment to conform to the foregoing agreement in principle.

NOW, THEREFORE, it is agreed by and among the undersigned on behalf of Toshiba (as defined in the Agreement) and Plaintiffs, on behalf of themselves and the 22 Indirect Purchaser State Classes, that the Agreement is amended as follows:

1.    Paragraph 1 of the Agreement is amended to define "the Class" as the 22 "Indirect Purchaser State Classes" alleged in the Fourth Consolidated Amended Complaint, ¶¶ 244-245, which classes were certified for settlement purposes only in the July 7, 2016 Final Approval Order, ECF No. 4712. The "Nationwide Class," as it is defined in the Fourth Consolidated Amended Complaint, ¶ 243, and members thereof (except for members of the 22 Indirect Purchaser State Classes), are expressly excluded from "the Class" and are not bound by the Agreement.

2.    Paragraph 6 of the Agreement is amended to read as follows:

"The Settlement Fund" shall be $30,000,000 USD as specified in Paragraph 16, plus accrued interest on said deposits as set forth in Paragraph 17, *less* $1,605,906.78 USD to be returned to Toshiba as provided for in the Amendment to this Agreement.

3.    In Paragraph 16 of the Agreement, the definition of "Settlement Amount" is amended to read "$30,000,000, *less* $1,605,906.78 to be returned to Toshiba as provided for in the Amendment to this Agreement."

4.      Plaintiffs acknowledge that Toshiba has already paid the original Settlement Amount of $30,000,000 into the Escrow Account as required by Paragraph 16. In the motion for approval of this Amendment to the Agreement, Plaintiffs shall request that the Court order the return of $1,605,906.78 to Toshiba from the Escrow Account.

5.      Toshiba shall not be obligated to make any additional payment of any kind or for any purpose under the Agreement or as a result of this Amendment. Plaintiffs shall request that the Court reduce the attorney fee awarded by the Court on August 3, 2016, ECF No. 4740, by $1,605,906.78 so as to fully offset the reduction in the Settlement Amount.

6.      Without limiting Paragraph 27 of the Agreement, if the Court refuses to approve this Amendment or the Agreement as amended by this Amendment in whole or in part, or if such approval is modified or set aside on appeal, or if for any other reason whatsoever Toshiba does not receive the return of $1,605,906.78 from the Escrow Account, Toshiba and Plaintiffs shall each have the right to terminate this Amendment.

7.      Other than the foregoing modifications to the Agreement, no other modification to the Agreement, or to the rights and obligations of the parties to the Agreement, is made or intended herein in this Amendment. Unless otherwise defined herein, all terms used in this Amendment have the same meaning as defined in the Agreement.

4

8.    Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Amendment, subject to Court approval.

Dated: September 16, 2019

_Mario N. Alioto_

Mario N. Alioto
malioto@tatp.com
Joseph M. Patane
jpatane@tatp.com
Lauren C. Capurro
laurenrussell@tatp.com
TRUMP, ALIOTO,TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200

*Lead Counsel for the Plaintiffs, both individually and on behalf of the Class*

Dated: September 16, 2019

Christopher M. Curran   Outside Counsel w/ Express Authority
WHITE & CASE LLP
701 Thirteenth Street, N.W.
Washington, DC 20005-3807
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
ccurran@whitecase.com

*Attorney for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

# EXHIBIT E

## AMENDMENT TO SETTLEMENT AGREEMENT BETWEEN INDIRECT PURCHASER PLAINTIFFS AND SAMSUNG SDI

This Amendment to the Settlement Agreement dated April 1, 2015 ("Amendment"), entered into by and between Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI Brasil Ltda.; Tianjin Samsung SDI Co., Ltd.; Shenzhen Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) Sdn. Bhd.; and Samsung SDI Mexico S.A. de C.V. (collectively "Samsung SDI") and the named indirect purchaser plaintiffs ("Plaintiffs"), both individually and on behalf of a proposed settlement class of indirect purchasers of CRT Products as more particularly described below, is made and entered into this 16th day of September, 2019.

WHEREAS, after arms-length negotiations in which Samsung SDI and Plaintiffs were represented by counsel, the parties negotiated and entered into a Settlement Agreement ("Agreement") pursuant to which Plaintiffs, both individually and on behalf of members of the Nationwide Class and the 22 Indirect Purchaser State Classes alleged in the Fourth Consolidated Amended Complaint (ECF No. 1526), agreed to release all of their claims against Samsung SDI in exchange for USD 225,000,000.00 in cash, which Agreement was executed by all parties on April 1, 2015;

WHEREAS, by order dated July 7, 2016 (ECF No. 4712), the District Court finally approved the Agreement and the Plaintiffs' plan of distribution for the settlement funds, which provided that only members of the 22 Indirect Purchaser State Classes previously certified by the Court were eligible to claim from the Settlement Fund;

WHEREAS, objectors from Massachusetts, Missouri and New Hampshire appealed the Court's approval of the Agreement and the Plaintiffs' plan of distribution, and at oral argument before the Ninth Circuit, the Panel expressed concerns regarding the release of

Massachusetts, Missouri and New Hampshire claims without compensation, and the adequacy of representation of class members in those states;

WHEREAS, in an order denying Plaintiffs' motion for an indicative ruling pursuant to Fed. R. Civ. P. 62.1 to amend the Plaintiffs' plan of distribution and the attorney fee award and allow class members from Massachusetts, Missouri and New Hampshire to claim, the District Court stated that "it erred in approving the parties' original settlement. Most fundamentally, the Court erred in approving the provision requiring class members in Massachusetts, Missouri, and New Hampshire (the "Omitted Repealer States") to release their claims without compensation" (ECF No. 5362 at 1);

WHEREAS, on February 13, 2019, the Ninth Circuit remanded "to the District Court to reconsider its order on class certification and settlement approval[,]" but did not vacate the settlement approval order (Dkt. No. 16-16373, ECF No. 252);

WHEREAS, on remand, the District Court referred the parties to mediation before Magistrate Judge Jacqueline Scott Corley, appointed separate counsel for nine so-called "omitted repealer states" and 20 "non-repealer" states, and confirmed that Mario N. Alioto continue as Lead Counsel for the Plaintiffs, now on behalf of themselves and the 22 certified Indirect Purchaser State Classes;

WHEREAS, Magistrate Judge Corley held two in-person mediation sessions attended by counsel for Samsung SDI and Lead Counsel for the Plaintiffs;

WHEREAS, at the second mediation session on July 26, 2019, Plaintiffs and Samsung SDI reached an agreement in principle to amend the Agreement by (1) narrowing the settlement class to include only members of the 22 Indirect Purchaser State Classes certified by the Court in its July 7, 2016 Final Approval Order, (2) reducing the Settlement

Amount paid by Samsung SDI by USD 12,044,300.88 (to USD 212,955,699.12), and (3) reducing the attorneys' fees requested by Class Counsel by USD 12,044,300.88 to fully offset the reduction in the Settlement Amount paid by Samsung SDI; and

WHEREAS, pursuant to paragraph 35 of the Agreement, Samsung SDI and Plaintiffs hereby amend the Agreement by Amendment to conform to the foregoing agreement in principle.

NOW, THEREFORE, it is agreed by and among the undersigned on behalf of Samsung SDI (as defined in the Agreement) and Plaintiffs, on behalf of themselves and the 22 Indirect Purchaser State Classes, that the Agreement is amended as follows:

1.     Paragraph 1 of the Agreement is amended to define "the Class" as the 22 "Indirect Purchaser State Classes" alleged in the Fourth Consolidated Amended Complaint, ¶¶ 244-245, which classes were certified for settlement purposes only in the July 7, 2016 Final Approval Order, ECF No. 4712.  The "Nationwide Class," as it is defined in the Fourth Consolidated Amended Complaint, ¶ 243, and members thereof (except for members of the 22 Indirect Purchaser State Classes), are expressly excluded from "the Class" and are not bound by the Agreement.

2.     Paragraph 6 of the Agreement is amended to read as follows:

> The "Settlement Fund" shall be USD 225,000,000.00 (TWO HUNDRED AND TWENTY-FIVE MILLION U.S. DOLLARS) as specified in Paragraph 16, plus accrued interest on said deposits as set forth in Paragraph 17, *less* USD 12,044,300.88 (TWELVE MILLION, FORTY-FOUR THOUSAND, THREE HUNDRED U.S. DOLLARS AND EIGHTY-EIGHT CENTS) to be returned to Samsung SDI as provided for in the Amendment to this Agreement.

3

3.      In Paragraph 16 of the Agreement, the definition of "Settlement Amount" is amended to read "USD 225,000,000.00 (TWO HUNDRED AND TWENTY-FIVE MILLION U.S. DOLLARS), *less* USD 12,044,300.88 (TWELVE MILLION, FORTY-FOUR THOUSAND, THREE HUNDRED U.S. DOLLARS AND EIGHTY-EIGHT CENTS) to be returned to Samsung SDI as provided for in the Amendment to this Agreement."

4.      Plaintiffs acknowledge that Samsung SDI has already paid the original Settlement Amount of USD 225,000,000.00 into the Escrow Account as required by Paragraph 16.  In the motion for approval of this Amendment to the Agreement, Plaintiffs shall request that the Court order the return of USD 12,044,300.88 to Samsung SDI from the Escrow Account.

5.      Without limiting Paragraph 28 of the Agreement, if the Court refuses to approve this Amendment or the Agreement as amended by this Amendment in whole or in part, or if such approval is modified or set aside on appeal, or if for any other reason whatsoever Samsung SDI does not receive the return of USD 12,044,300.88 from the Escrow Account, Samsung SDI and Plaintiffs shall each have the right to terminate this Amendment.

6.      Samsung SDI shall not be obligated to make any additional payment of any kind or for any purpose under the Agreement or as a result of this Amendment.  Plaintiffs shall request that the Court reduce the attorney fee awarded by the Court on August 3, 2016, ECF No. 4740, by USD 12,044,300.88 so as to fully offset the reduction in the Settlement Amount.

7.      Other than the foregoing modifications to the Agreement, no other modification to the Agreement, or to the rights and obligations of the parties to the Agreement, is made or intended herein in this Amendment.  Unless otherwise defined herein, all terms used in this Amendment have the same meaning as defined in the Agreement.

8.      Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Amendment, subject to Court approval.

Dated: September 16, 2019

_Mario N. Alioto_

Mario N. Alioto
malioto@tatp.com
Joseph M. Patane
jpatane@tatp.com
Lauren C. Capurro
laurenrussell@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200

***Lead Counsel for the Plaintiffs, both individually and on behalf of the Class***

Dated: September 16, 2019

ANDREW RHYS DAVIES
Andrewrhys.davies@allenovery.com
MICHAEL S. FELDBERG
michael.feldberg@allenovery.com
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 610-6300
Facsimile:  (212) 610-6399

JOHN ROBERTI
john.roberti@allenovery.com
ALLEN & OVERY LLP
1101 New York Avenue NW

5

Washington, DC 20005
Telephone:  (202) 683-3800
Facsimile:   (212) 610-6399


*Attorneys for Defendants Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI Brasil Ltda.; Tianjin Samsung SDI Co., Ltd.; Shenzhen Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) Sdn. Bhd.; and Samsung SDI Mexico S.A. de C.V.*

# EXHIBIT F

## AMENDMENT TO SETTLEMENT AGREEMENT BETWEEN INDIRECT PURCHASER PLAINTIFFS, TECHNICOLOR, AND TDA

This Amendment to the Settlement Agreement dated June 10, 2015 ("Amendment"), entered into by and between Technicolor SA (f/k/a Thomson SA), Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.) (collectively "Technicolor"), Technologies Displays Americas LLC (formerly known as Thomson Americas LLC ) ("TDA"), and the named indirect purchaser plaintiffs ("Plaintiffs"), both individually and on behalf of a proposed settlement class of indirect purchasers of CRT Products as more particularly described below, is made and entered into this 16th day of September 2019.

WHEREAS, after arms-length negotiations in which Technicolor, TDA, and Plaintiffs were represented by counsel, the parties negotiated and entered into a Settlement Agreement ("Agreement") pursuant to which Plaintiffs, both individually and on behalf of members of the Nationwide Class and the 22 Indirect Purchaser State Classes, as subsequently alleged in the First Amended Class Action Complaint (ECF No. 3871-3), agreed to release all of their claims against Technicolor and TDA in exchange for $13,750,000 in cash, which Agreement was executed by all parties on June 10, 2015;

WHEREAS, by order dated July 7, 2016 (ECF No. 4712), the District Court finally approved the Agreement and the Plaintiffs' plan of distribution for the settlement funds, which provided that only members of the 22 Indirect Purchaser State Classes previously certified by the Court were eligible to claim from the Settlement Fund;

WHEREAS, objectors from Massachusetts, Missouri and New Hampshire appealed the Court's approval of the Agreement and the Plaintiffs' plan of distribution, and at oral argument before the Ninth Circuit, the Panel expressed concerns regarding the release of

US.124677114.01

Massachusetts, Missouri and New Hampshire claims without compensation, and the adequacy of representation of class members in those states;

WHEREAS, in an order denying Plaintiffs' motion for an indicative ruling pursuant to Fed. R. Civ. P. 62.1 to amend the Plaintiffs' plan of distribution and the attorney fee award and allow class members from Massachusetts, Missouri and New Hampshire to claim, the District Court stated that "it erred in approving the parties' original settlement. Most fundamentally, the Court erred in approving the provision requiring class members in Massachusetts, Missouri, and New Hampshire (the "Omitted Repealer States") to release their claims without compensation" (ECF No. 5362 at 1);

WHEREAS, on February 13, 2019, the Ninth Circuit remanded "to the District Court to reconsider its order on class certification and settlement approval[,]" but did not vacate the settlement approval order (Dkt. No. 16-16373, ECF No. 252);

WHEREAS, on remand, the District Court referred the parties to mediation before Magistrate Judge Jacqueline Scott Corley, appointed separate counsel for nine so-called "omitted repealer states" and 20 "non-repealer" states, and confirmed that Mario N. Alioto continue as Lead Counsel for the Plaintiffs, now on behalf of themselves and the 22 certified Indirect Purchaser State Classes;

WHEREAS, Magistrate Judge Corley held two in-person mediation sessions. Counsel for Technicolor and Lead Counsel for the Plaintiffs attended both mediation sessions, and counsel for TDA attended the second mediation session;

WHEREAS, at the second mediation session on July 26, 2019, Plaintiffs, Technicolor, and TDA reached an agreement in principle to amend the Agreement by (1)

2

narrowing the settlement class to include only members of the 22 Indirect Purchaser State Classes certified by the Court in its July 7, 2016 Final Approval Order, (2) reducing the Settlement Amount by $736,040.61 (to $13,013,959.39), and (3) reducing the attorneys' fees requested by Class Counsel by $736,040.61 to fully offset the reduction in the Settlement Amount; and

WHEREAS, pursuant to paragraph 35 of the Agreement, Technicolor, TDA, and Plaintiffs hereby amend the Agreement by Amendment to conform to the foregoing agreement in principle.

NOW, THEREFORE, it is agreed by and among the undersigned on behalf of Technicolor and TDA (as defined in the Agreement) and Plaintiffs, on behalf of themselves and the 22 Indirect Purchaser State Classes, that the Agreement is amended as follows:

1.      Paragraph 1 of the Agreement is amended to define "the Class" as the 22 "Indirect Purchaser State Classes" alleged in the Fourth Consolidated Amended Complaint, ¶¶ 244-245, which classes were certified for settlement purposes only in the July 7, 2016 Final Approval Order, ECF No. 4712. The "Nationwide Class," as it is defined in the First Amended Class Action Complaint ¶ 255, and members thereof (except for members of the 22 Indirect Purchaser State Classes), are expressly excluded from "the Class" and are not bound by the Agreement.

2.      Paragraph 6 of the Agreement is amended to read as follows:

"The Settlement Fund" shall be $13,750,000 USD as specified in Paragraph 17, plus accrued interest as set forth in Paragraph 18, *less* $736,040.61 to be returned to Technicolor as provided for in the Amendment to this Agreement.

3

US.124677114.01

3.       In Paragraph 17 of the Agreement, the definition of "Settlement Amount" is amended to read "$13,750,000, *less* $736,040.61 to be returned to Technicolor as provided for in the Amendment to this Agreement."

4.       Plaintiffs acknowledge that Technicolor already has paid the original Settlement Amount of $13,750,000 into the Escrow Account as required by Paragraph 18.  In the motion for approval of this Amendment to the Agreement, Plaintiffs shall request that the Court order the return of $736,040.61 to Technicolor from the Escrow Account.

5.       Technicolor and TDA shall not be obligated to make any additional payment of any kind or for any purpose under the Agreement or as a result of this Amendment. Plaintiffs shall request that the Court reduce the attorney fee awarded by the Court on August 3, 2016, ECF No. 4740, by $736,040.61 so as to fully offset the reduction in the Settlement Amount.

6.       Without limiting Paragraph 28 of the Agreement, if the Court refuses to approve this Amendment or the Agreement as amended by this Amendment in whole or in part, or if such approval is modified or set aside on appeal, or if for any other reason whatsoever Technicolor does not receive the return of $736,040.61 from the Escrow Account, Technicolor and Plaintiffs shall each have the right to terminate this Amendment.

7.       Other than the foregoing modifications to the Agreement, no other modification to the Agreement, or to the rights and obligations of the parties to the Agreement, is made or intended herein in this Amendment.  Unless otherwise defined herein, all terms used in this Amendment have the same meaning as defined in the Agreement.

4

US.124677114.01

8.      Each of the undersigned attorneys represents that he or she is fully authorized

to enter into the terms and conditions of, and to execute, this Amendment, subject to Court

approval.

Dated: September 16, 2019

*[signature: Mario N. Alioto]*

Mario N. Alioto
malioto@tatp.com
Joseph M. Patane
jpatane@tatp.com
Lauren C. Capurro
laurenrussell@tatp.com
TRUMP, ALIOTO,TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200

***Lead Counsel for the Plaintiffs, both individually and
on behalf of the Class***

Dated: September 16, 2019

*[signature: Kathy L. Osborn]*

Kathy L. Osborn
Ryan M. Hurley
**FAEGRE BAKER DANIELS LLP**
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
Email: kathy.osborn@faegrebd.com
Email: ryan.hurley@faegrebd.com

5

US.124677114.01

Jeffrey S. Roberts
**FAEGRE BAKER DANIELS LLP**
1144 15th Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
Email: jeff.roberts@faegrebd.com

*Attorneys for Defendants Technicolor SA and*
*Technicolor USA, Inc.*

Dated: September 16, 2019          ___Donald Wall___

Donald Wall
**SQUIRE PATTON BOGGS (US) LLP**
1 E. Washington Street, Suite 2700
Phoenix, AZ 85004
Telephone: (602) 528-4000
Facsimile: (602) 253-8129
Email: donald.wall@squirepb.com

*Attorney for Defendant Technologies Displays*
*Americas, LLC*

6

US.124427950.01