1  ALLEN & OVERY LLP
   Michael S. Feldberg (*pro hac vice*)
2  John Roberti (*pro hac vice*)
   Andrew Rhys Davies (*pro hac vice*)
3  1221 Avenue of the Americas
   New York, NY 10020
4  Telephone: (212) 610-6300
   Facsimile: (212) 610-6399
5  Email: michael.feldberg@allenovery.com
6         john.roberti@allenovery.com
          andrewrhys.davies@allenovery.com
7

8  *Attorneys for Defendants Samsung SDI Co., Ltd.;*
   *Samsung SDI America, Inc.; Samsung SDI Mexico S.A.*
9  *De C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung*
   *SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and*
10 *Samsung SDI (Malaysia) Sdn. Bhd.*

11
12 [Additional Responding Parties and Counsel Listed on Signature Page]

13           UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF CALIFORNIA
14                OAKLAND DIVISION

15
   | IN RE: CATHODE RAY TUBE (CRT) | Case No.: 07-cv-05944 JST |
16 | ANTITRUST LITIGATION | |

17 | | MDL No. 1917 |

18 | This document relates to: | **DEFENDANTS' RESPONSE TO:** |
   | | **(1) MOTION TO INTERVENE AND** |
19 | ALL INDIRECT PURCHASER ACTIONS | **AMEND COMPLAINT TO ALLEGE** |
   | | **STATE LAW CLAIMS FOR THE OTHER** |
20 | | **REPEALER STATES (ECF No. 5567);** |
   | | **AND (2) MOTION OF NON-REPEALER** |
21 | | **SUBCLASS MEMBER ELEANOR LEWIS** |
   | | **FOR LEAVE TO FILE AMENDED** |
22 | | **COMPLAINT TO ADD AN ADDITIONAL** |
   | | **PARTY, OR IN THE ALTERNATIVE, TO** |
23 | | **INTERVENE AND AMEND (ECF No. 5565)** |
24
25 | | Date:        October 23, 2019 |
   | | Time:        2:00 p.m. |
26 | | Judge:       Hon. Jon S. Tigar |
   | | Courtroom:   6, 2nd Floor |
27

1

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................... iii

PRELIMINARY STATEMENT ................................................................................. 1

BACKGROUND ........................................................................................................ 3

    A.    Since December 2010, No Class Representative Has Asserted State-Law Damages Claims on Behalf of Purchasers in the Nine Omitted "Repealer" States ................................................................................................................. 3

    B.    It Was Clear No Later Than October 2012 that Lead Counsel Was Not Prosecuting Federal-Law Claims for Equitable Monetary Relief ........................... 4

ARGUMENT ............................................................................................................. 4

I.    THE OMITTED-REPEALER-STATE MOVANTS SHOULD NOT BE PERMITTED TO INTERVENE OR AMEND ..................................................... 4

    A.    The ORS Movants Cannot Satisfy the Requirements for Intervention ................... 5

        1.    The ORS Movants cannot establish that their motion is timely ................. 5

            a.    Intervention should be denied due to the ORS Movants' lengthy, unexplained, prejudicial delay in seeking intervention ....................................................................... 5

            b.    Neither the Ninth Circuit's February 2019 remand order nor this Court's July 2019 order appointing separate counsel for the ORS restarted the intervention clock ................... 10

        2.    This motion should be denied for the additional reason that intervention is unnecessary to protect the ORS Movants' interests .......... 11

    B.    The ORS Movants Should Not Be Permitted to File an Amended Complaint ................................................................................................................ 15

        1.    Because the ORS Movants cannot intervene, they are nonparties and cannot, therefore, file an amended complaint ..................................... 15

        2.    Leave to amend should also be denied due to the ORS Movants' delay and because amendment would be prejudicial and futile ............... 16

II.    NON-REPEALER-STATE MOVANT ELEANOR LEWIS ALSO SHOULD NOT BE PERMITTED TO INTERVENE OR AMEND ................................ 19

    A.    Lewis Does Not Satisfy the Requirements for Intervention ................................. 19

i

1        1.       Lewis's long and prejudicial delay in seeking intervention prevents her from establishing that her motion is timely .........................................19

2.       Intervention should not be granted to allow Lewis to assert a non-viable federal-law claim for equitable monetary relief.............................20

B.      Lewis's Motion for Leave to Amend Should Also Be Denied.............................22

1.       As Lewis cannot intervene, she cannot file an amended complaint ..........22

2.       Amendment should also be denied because of Lewis's prejudicial delay, and her lack of a good-faith, non-futile basis for amendment ........23

CONCLUSION..........................................................................................................................24

## TABLE OF AUTHORITIES

**Cases**                                                                  **Page(s)**

*Allen v. Bedolla*,
    787 F.3d 1218 (9th Cir. 2015) ...............................................................6, 7, 8, 10

*Allen v. Labor Ready Sw., Inc.*,
    No. 09-cv-04266 DPP, 2015 WL 5156416 (C.D. Cal. Sept. 2, 2015)....................11

*Allen v. Similasan Corp.*,
    96 F. Supp. 3d 1063 (S.D. Cal. 2015)....................................................14

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
    465 F.3d 946 (9th Cir. 2006) ............................................................16, 17

*Avila v. I.N.S.*,
    731 F.2d 616 (9th Cir. 1984) .................................................................14

*Baird v. Samsung Elecs. Am., Inc.*,
    No. 17-cv-06407 JSW, 2018 WL 4191542 (N.D. Cal. July 20, 2018)....................13

*Besig v. Dolphin Boating & Swimming Club*,
    683 F.2d 1271 (9th Cir. 1982) ........................................................12, 13, 14

*Bourgeois v. Vanderbilt*,
    251 F.R.D. 368 (W.D. Ark. 2008) ..............................................................22

*Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*,
    309 F.3d 1113 (9th Cir. 2002) ....................................................................6

*Castle v. Wells Fargo Fin., Inc.*,
    No. C 06-4347 SI, 2008 WL 2079192 (N.D. Cal. May 15, 2008).........................15

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
    27 F. Supp. 3d 1015 (N.D. Cal. 2014) ..........................................................18

*China Agritech, Inc. v. Resh*,
    138 S. Ct. 1800 (2018)...........................................................................19

*Coal. for ICANN Transparency Inc. v. VeriSign, Inc.*,
    771 F. Supp. 2d 1195 (N.D. Cal. 2011) ........................................................21

*Corns v. Laborers Int'l Union of N. Am.*,
    No. 09-cv-4403 YGR, 2014 WL 1319363 (N.D. Cal. Mar. 31, 2014)..............16, 17

*Crown, Cork & Seal Co. v. Parker*,
    462 U.S. 345 (1983)................................................................................19

iii

*In re Digital Music Antitrust Litig.*,
    812 F. Supp. 2d 390 (S.D.N.Y. 2011)....................................................................21

*Francisco v. Emeritus Corp.*,
    No. 17-cv-2871-VAP, 2018 WL 6070942 (C.D. Cal. Jan. 10, 2018)......................13

*FTC v. Mylan Labs.*,
    62 F. Supp. 2d 25 (D.D.C. 1999) ...........................................................................21

*Griggs v. Pace Am. Grp., Inc.*,
    170 F.3d 877 (9th Cir. 1999) ..................................................................................23

*Harris v. Vector Mktg. Corp.*,
    No. C-08-5198 EMC, 2010 WL 3743532 (N.D. Cal. Sept. 17, 2010) ......................8

*Howard v. Hui*,
    No. C 92-3742-CRB, 2001 WL 1159780 (N.D. Cal. Sept. 24, 2001) ......................14

*Immigrant Assistance Project of L.A. Cty. Fed'n of Labor (AFL-CIO) v. I.N.S.*,
    306 F.3d 842 (9th Cir. 2002) .............................................................................14, 22

*James ex rel. James Ambrose Johnson, Jr.1999 Tr. v. UMG Recordings*,
    No. C 11-1613 SI, 2011 WL 5192476 (N.D. Cal. Nov. 1, 2011) ............................20

*L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*,
    No. 15-cv-01257-JST, 2015 WL 5071949 (N.D. Cal. Aug. 27, 2015)................8, 12

*Leachman v. Beech Aircraft Corp.*,
    694 F.2d 1301 (D.C. Cir. 1982) ..............................................................................14

*League of United Latin Am. Citizens v. Wilson*,
    131 F.3d 1297 (9th Cir. 1997) ........................................................................ *passim*

*Lee v. Pep Boys-Manny Moe & Jack of Cal.*,
    No. 12-cv-05064-JSC, 2016 WL 324015 (N.D. Cal. Jan. 27, 2016).........7, 9, 12, 13

*Lidie v. California*,
    478 F.2d 552 (9th Cir. 1973) ..................................................................................15

*Lindblom v. Santander Consumer USA, Inc*,
    No. 1:15-cv-00990-BAM, 2018 WL 3219381 (E.D. Cal. June 29, 2018), *aff'd*,
    771 F. App'x 454 (9th Cir. 2019) ................................................................... *passim*

*Lockheed Martin Corp. v. Network Sols., Inc.*,
    194 F.3d 980 (9th Cir. 1999) ..................................................................................17

*Moreyra v. Fresenius Med. Care Holdings, Inc.*,
    No. SACV1000517JVSRZX, 2012 WL 13014985 (C.D. Cal. Mar. 7, 2012).........15

iv

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*,
    72 F.3d 361 (3d Cir. 1995)..................................................................8

*In re Multidistrict Vehicle Air Pollution*,
    538 F.2d 231 (9th Cir. 1976) ...........................................................21

*Nat. Res. Def. Council v. McCarthy*,
    No. 16-cv-02184-JST, 2016 WL 6520170 (N.D. Cal. Nov. 3, 2016)........................8

*In re New Motor Vehicles Canadian Exp. Antitrust Litig.*,
    350 F. Supp. 2d 160 (D. Me. 2004) .....................................................21

*Novak v. United States*,
    795 F.3d 1012 (9th Cir. 2015) ...........................................................23

*Orange Cty. v. Air Cal.*,
    799 F.2d 535 (9th Cir. 1986) .........................................................7, 10

*Palmer v. Stassinos*,
    236 F.R.D. 460 (N.D. Cal. May 18, 2006) ...............................................13

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*,
    522 F.3d 1049 (9th Cir. 2008) ...........................................................17

*Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*,
    721 F.3d 95 (2d Cir. 2013)...............................................................13

*In re Pre-Filled Propane Tank Antitrust Litig.*,
    893 F.3d 1047 (8th Cir. 2018) ...........................................................21

*Prete v. Bradbury*,
    438 F.3d 949 (9th Cir. 2006) ........................................................19, 21

*Randall v. Rolls-Royce Corp.*,
    637 F.3d 818 (7th Cir. 2011) ...........................................................15

*Raynor Bros. v. Am. Cyanimid Co.*,
    695 F.2d 382 (9th Cir. 1982) ...........................................................14

*San Diego Comic Convention v. Dan Farr Prods.*,
    No. 14-cv-1865 AJB (JMA), 2017 WL 3269202 (S.D. Cal. Aug. 1, 2017) ...........................23

*Smith v. Bayer Corp.*,
    564 U.S. 299 (2011)....................................................................15

*Smith v. L.A. Unified Sch. Dist.*,
    830 F.3d 843 (9th Cir. 2016) ...........................................................11

*Smith v. Marsh*,
    194 F.3d 1045 (9th Cir. 1999) ...............................................................................7, 8, 9

*Spangler v. Pasadena City Bd. of Ed.*,
    552 F.2d 1326 (9th Cir. 1977) ............................................................................12, 13, 20

*SurvJustice Inc. v. DeVos*,
    No. 18-cv-00535-JSC, 2019 WL 1427447 (N.D. Cal. Mar. 29, 2019).......................... *passim*

*In re Telectronics Pacing Sys., Inc., Accufix "J" Leads Liab. Litig.*,
    172 F.R.D. 271 (S.D. Ohio 1997) ...................................................................................22

*Texaco, Inc. v. Ponsoldt*,
    939 F.2d 794 (9th Cir. 1991) ...........................................................................................16

*True Health Chiropractic Inc. v. McKesson Corp.*,
    No. 13-cv-02219-JST, 2014 WL 2860318 (N.D. Cal. June 23, 2014) ..............................14, 15

*United States v. Alisal Water Corp.*,
    370 F.3d 915 (9th Cir. 2004) ................................................................................ *passim*

*United States v. City of Los Angeles*,
    288 F.3d 391 (9th Cir. 2002) ...........................................................................................12

*United States v. Oregon*,
    745 F.2d 550 (9th Cir. 1984) ...........................................................................................11

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*,
    894 F.3d 1030 (9th Cir. 2018) .........................................................................................12

*In re W. States Wholesale Nat. Gas Antitrust Litig.*,
    715 F.3d 716 (9th Cir. 2013) ...........................................................................................16

*West v. Ulloa*,
    No. 217-cv-04892-VBF-KES, 2018 WL 5974346 (C.D. Cal. Feb. 7, 2018) .........................22

*Williams v. Boeing Co.*,
    517 F.3d 1120 (9th Cir. 2008) .........................................................................................19

*Willner v. Manpower Inc.*,
    No. 11-cv-02846-JST, 2014 WL 2939732 (N.D. Cal. June 30, 2014) ..............................15, 22

*Yakima Valley Mem'l Hosp. v. Wash. State Dep't of Health*,
    No. 09-cv-3032-EFS, 2011 WL 13186149 (E.D. Wash. Dec. 20, 2011) ..............................11

*Zepeda v. PayPal, Inc.*,
    No. 10-cv-02500-SBA (JCS), 2014 WL 1653246 (N.D. Cal. Apr. 23, 2014),
    *objections overruled*, 2014 WL 4354386 (N.D. Cal. Sept. 2, 2014) .................................16

DEFENDANTS' RESPONSE TO ORS MOTION TO INTERVENE AND      CASE NO.: 4:07-CV-05944-JST
AMEND; NRS MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

*Zorrilla v. Carlson Rests. Inc.*,
    255 F. Supp. 3d 465 (S.D.N.Y. 2017)........................................................................15

**Other Authorities**

Fed. R. Civ. P. 15(a)(2)........................................................................................................15

Fed. R. Civ. P. 20.................................................................................................................22

Fed. R. Civ. P. 21.................................................................................................................22

Fed. R. Civ. P. 24...................................................................................................................5

DEFENDANTS' RESPONSE TO ORS MOTION TO INTERVENE AND
AMEND; NRS MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

CASE NO.: 4:07-cv-05944-JST

## PRELIMINARY STATEMENT

Twelve years into this epic litigation, twenty-eight movants seek to intervene as plaintiffs and as class representatives for indirect purchasers in twenty-nine states. Their objective is to file an amended complaint asserting claims that lead counsel did not bring at all, or that he did not prosecute to the satisfaction of the proposed intervenors.

These motions are so untimely that they must be denied. The intervention clock runs from the time that the proposed intervenor was on notice that its interests were not being protected by the existing parties. It has been clear since no later than December 2010—when lead counsel filed the Third Consolidated Amended Complaint—that he was not asserting state-law damages claims on behalf of indirect purchasers in any of the nine so-called omitted "repealer" states ("ORS").[1] And it has been clear since no later than October 2012—when lead counsel moved for class certification—that he was not prosecuting the federal-law, equitable monetary relief claims that movant Eleanor Lewis now seeks to assert on behalf of indirect purchasers in twenty non-repealer states ("NRS"). Movants would have this Court measure the timeliness of their motions from the Ninth Circuit's February 2019 remand and this Court's July 2019 order appointing separate counsel. But their argument is a contrivance. Under the applicable law, the intervention clock began running almost a decade earlier. To grant intervention after such an extended delay would be unprecedented and contrary to law.

---

[1]     Defendants do not agree that movants are correct to characterize the nine ORS as "repealer" states. (The nine ORS are comprised of Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah). Indeed, it has been established in this litigation that the laws of at least three of those states—Arkansas, Rhode Island, and Montana—do not give indirect purchasers a claim based on alleged price fixing. *See infra* at 3-4. The Attorney General of Arkansas even submitted a statement of interest as a "Non-Repealer State" during the prior settlement proceedings. *See* SOI at 1, ECF No. 4462.

Allowing intervention at this very late stage of the litigation would also be highly prejudicial to the Defendants and a drain on judicial resources. The Court and the parties have invested an extraordinary amount of effort in this long-running litigation. Permitting intervention now would require a significant amount of additional work, including the reopening of discovery, and the re-doing of motions to dismiss, class certification, and summary judgment. All of that work would have been folded into the earlier discovery and motion practice, if timely intervention motions had been filed all those years ago.

Moreover, intervention is not appropriate because it will do nothing to protect the rights of the nine ORS (the "ORS Movants"). Because the ORS Movants can and have been able to file separate lawsuits, they have no interest to protect here. And the ORS Movants' claim that intervention is necessary to protect a relation-back argument is baseless because the ORS Movants have no viable relation-back argument, regardless of whether they are permitted to intervene. Similarly, there is no reason to permit Lewis to intervene in order to assert a claim for equitable monetary relief under federal law as this claim is barred by controlling authority.

Because the ORS Movants and Lewis cannot intervene, they are nonparties who are not permitted to file an amended complaint. Moreover, the extraordinary delay and prejudice that requires denial of their motions for intervention independently mandates denial of leave to amend, especially as none of the movants has a viable claim to assert.

In response to the Court's stated preference to address any merits arguments against the proposed amended complaints in a Rule 12 motion, as opposed to in an opposition to amend, Hr'g Tr. dated Aug. 8, 2019 at 7:25-9:9, ECF No. 5559, Defendants proposed to stipulate to a procedure with the ORS Movants and Lewis that would permit the intervention, amendment, and Rule 12 issues to all be briefed and argued together. Unfortunately, this stipulation was rejected

by ORS and NRS counsel, making it necessary for Defendants to present the arguments to the Court in this opposition that demonstrate why the motions to intervene and amend should be rejected, including on futility grounds.

## **BACKGROUND**

A.    **Since December 2010, No Class Representative Has Asserted State-Law Damages Claims on Behalf of Purchasers in the Nine Omitted "Repealer" States**

*Missouri, New Hampshire, Oregon, South Carolina, and Utah*: Since March 2009, when lead counsel filed the original Consolidated Amended Complaint, ECF No. 437, no plaintiff has asserted state-law damages claims against any Defendant on behalf of indirect purchasers in five of the nine states that the ORS Movants now seek to represent: Missouri, New Hampshire, Oregon, South Carolina, and Utah.[2]

*Rhode Island*: Since the Second Consolidated Amended Complaint was filed in May 2010, no plaintiff has asserted state-law damages claims against any Defendant on behalf of indirect purchasers in Rhode Island. The March 2009 Consolidated Amended Complaint asserted such a claim, but it was dismissed on the ground that Rhode Island law does not give indirect purchasers a claim based on price fixing. ECF Nos. 597, at 30-31, 665, at 24, 26 (¶ 14).

---

[2]    No damages claims have *ever* been asserted against the Thomson or TDA Defendants under the laws of *any* of the nine ORS. Thomson was never named as a defendant in an IPP consolidated amended complaint until the proposed Fifth Consolidated Amended Complaint submitted on August 28, 2019. The procedural history and law relevant to Thomson is detailed in a separate brief filed contemporaneously herewith. In addition, TDA was never named as a defendant in an IPP consolidated complaint until the proposed Sixth Consolidated Amended Complaint submitted on September 19, 2019. TDA was first sued by the IPPs in a separate action, *Luscher v. Videocon Indus., Ltd., et al.*, on July 12, 2013, by which time statutes of limitation had already run. *Luscher* was dismissed on December 4, 2013 after a tolling agreement, and a new action was filed on June 11, 2015 for purposes of settlement.

3

*Arkansas, Massachusetts, and Montana*: Since the Third Consolidated Amended Complaint was filed in December 2010, no plaintiff has asserted state-law damages claims against any Defendant on behalf of indirect purchasers in Arkansas, Massachusetts, and Montana. In a report and recommended ruling on Defendants' motion to dismiss the May 2010 Second Consolidated Amended Complaint, the Special Master concluded that the laws of Arkansas and Montana do not give indirect purchasers a claim based on price fixing. ECF No. 768, at 3-5. In addition, no plaintiff with Article III standing had appeared to assert a claim on behalf of Montana purchasers. ECF No. 768, at 5-6. Finally, the individual Massachusetts plaintiff had not complied with a statutory pre-suit notice requirement. ECF No. 768, at 12-14.

### B.  It Was Clear No Later Than October 2012 that Lead Counsel Was Not Prosecuting Federal-Law Claims for Equitable Monetary Relief

Pursuant to a court-ordered deadline for the filing of class-certification motions, ECF No. 1267, lead counsel moved in October 2012 for certification of twenty-two classes seeking money damages under state laws, ECF No. 1388. Lead counsel did *not* seek certification of any class that included purchasers in the ORS or NRS. And lead counsel did *not* seek certification of any class seeking equitable relief.

### ARGUMENT

### I.  THE OMITTED-REPEALER-STATE MOVANTS SHOULD NOT BE PERMITTED TO INTERVENE OR AMEND

The ORS Movants move to intervene and to amend the complaint in order to assert state-law damages claims that, in their view, "IPP Counsel should have included in prior iterations of the complaint, but did not."[3] ECF No. 5567 ("ORS Mem.") at 19. Intervention and leave to

---

[3]  Even if it were true that "IPP counsel should have included" the state-law damages claims in prior complaints, it would be unfair and prejudicial to effectively require that Defendants assume the substantial burdens associated with any purported failure to assert those claims.

4

amend should be denied because this motion is untimely and prejudicial, and because intervention and amendment are unnecessary to protect any legitimate interest of the ORS Movants. Contrary to their assertion, the ORS Movants have no viable relation-back argument, regardless of whether they are permitted to intervene, and their claims are, therefore, time-barred.

Defendants recognize that the Court has rejected their rule-of-mandate argument. For purposes of preserving that argument, which is set forth fully in an earlier submission, *see* ECF No. 5468, and therefore not repeated in detail here, Defendants respectfully submit that both sets of motions should also be denied pursuant to the mandate rule, save as to the movants from Massachusetts, Missouri, and New Hampshire.

### A.      The ORS Movants Cannot Satisfy the Requirements for Intervention

#### 1.      The ORS Movants cannot establish that their motion is timely

##### a.      Intervention should be denied due to the ORS Movants' lengthy, unexplained, prejudicial delay in seeking intervention

A timely motion is a threshold requirement for mandatory and permissive intervention. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302, 1308 (9th Cir. 1997); Fed. R. Civ. P. 24 (requiring intervention of right and permissive intervention to be made "on timely motion."). Therefore, an untimely motion must be denied, even if the other requirements for intervention are satisfied. *See League of United Latin Am. Citizens*, 131 F.3d at 1302, 1308. The ORS Movants' motion is unquestionably untimely. They request intervention to assert state-law damages claims that IPP counsel omitted from prior consolidated amended complaints. *See* ORS Mem. at 19. But the last such complaint was filed in December 2010, almost nine years ago. Therefore, it has been clear to the ORS Movants and their counsel for almost a decade that, although they were members of a putative federal injunctive class, IPP counsel was not

prosecuting state-law damages claims on their behalf. *See supra* at 3-4; Hr'g Tr. dated Apr. 9, 2019 at 32:5-6, ECF No. 5444 (ORS co-lead counsel stating that "I have an appearance in this case. I've been in it from the beginning.").[4]

Timeliness is evaluated by reference to three factors: (1) the length of and reason for the delay, (2) the stage of the proceeding, and (3) the prejudice to other parties. *See League of United Latin Am. Citizens*, 131 F.3d at 1302, 1308. The timeliness requirement is applied "more strictly" against movants like these who seek permissive intervention. *See id.* at 1308. Here, these factors require denial of intervention.

*First*, the ORS Movants' decade-long delay in seeking intervention "weighs heavily against intervention." *Id.* at 1302 (citation and quotation marks omitted). "[T]he timeliness clock begins ticking from the time a proposed intervenor should have been aware its interests would no longer be protected adequately by the parties." *League of United Latin Am. Citizens*, 131 F.3d at 1307 (citations, quotation marks, and brackets omitted). Therefore, an intervenor "must act as soon as he knows ***or has reason to know*** that his interests might be adversely affected by the outcome of the litigation." *Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1120 (9th Cir. 2002) (emphasis and brackets in original; citation and quotation marks omitted). A class member who disagrees with lead counsel's choice of claims or its selection of class representatives must move to intervene right away. *See Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015); *SurvJustice Inc. v. DeVos*, No. 18-cv-00535-JSC,

---

[4]    State-law damages claims have not been asserted on behalf of indirect purchasers in New Hampshire, Missouri, Oregon, South Carolina, and Utah at any time since the First Consolidated Amended Complaint was filed in March 2009. *See supra* at 3. State-law damages claims have not been asserted on behalf of indirect purchasers in Rhode Island since the Second Consolidated Amended Complaint was filed in May 2010. *See supra* at 3. And state-law damages claims have not been asserted on behalf of indirect purchasers in Arkansas, Massachusetts, and Montana since the Third Consolidated Amended Complaint was filed in December 2010. *See supra* at 3-4.

2019 WL 1427447, at *4 (N.D. Cal. Mar. 29, 2019) (Corley, M.J.).[5] Class members cannot delay intervening "in the hopes" that lead counsel will decide to assert additional claims. *SurvJustice Inc.*, 2019 WL 1427447, at *4. And they cannot do what the ORS Movants have done here—sit on the sidelines for years, and move to intervene following a settlement that is not to their liking. *Allen*, 787 F.3d at 1222.[6]

*Second*, the stage-of-proceedings factor "weighs heavily" against intervention when—as here—"the district court and the original parties ha[ve] covered a lot of legal ground together," and "the district court has substantively—and substantially—engaged the issues" in the case. *League of United Latin Am. Citizens*, 131 F.3d at 1303; *see also Smith v. Marsh,* 194 F.3d 1045, 1051 (9th Cir. 1999) ("substantial engagement by the district court with the issues in a case weighs heavily against intervention as of right") (citation and quotation marks omitted). More than three years ago, this Court aptly noted that this litigation was already at an "extremely late stage." ECF No. 4377, at 2. This MDL proceeding has been pending almost twelve years, and has generated more than 5,500 docket entries. Discovery yielded more than 1.8 million documents. ECF No. 4071-1 at ¶ 37. The parties took more than one hundred depositions of fact witnesses and thirty-five depositions of seventeen expert witnesses, and filed more than twenty motions to compel and sixty motions *in limine*. ECF Nos. 4071-1 at ¶¶ 44, 51, 60, 91-92, 4071-3,

---

[5]    Class members must move to intervene as soon as they are on notice that the existing representatives may not be adequate. *See Lindblom v. Santander Consumer USA, Inc*, No. 1:15-cv-00990-BAM, 2018 WL 3219381, at *7 (E.D. Cal. June 29, 2018), *aff'd*, 771 F. App'x 454 (9th Cir. 2019); *Lee v. Pep Boys-Manny Moe & Jack of California*, No. 12-cv-05064-JSC, 2016 WL 324015, at *7 (N.D. Cal. Jan. 27, 2016) (Corley, M.J.).

[6]    *See also United States v. Alisal Water Corp*., 370 F.3d 915, 923-24 (9th Cir. 2004) ("An applicant's desire to save costs by waiting to intervene until a late stage in litigation is not a valid justification for delay. To hold otherwise would encourage interested parties to impede litigation by waiting to intervene until the final stages of a case."); *Orange Cty. v. Air Cal.*, 799 F.2d 535, 538 (9th Cir. 1986) (intervenor cannot wait to intervene until there is a settlement that is "not entirely to its liking").

DEFENDANTS' RESPONSE TO ORS MOTION TO INTERVENE AND                CASE NO.: 4:07-CV-05944-JST
AMEND; NRS MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

4071-10. Two federal district judges and four special masters have entered more than six hundred IPP-specific orders, including rulings on twenty motions to dismiss, over twenty motions for summary judgment, and a complex motion for class certification.[7] Given the epic scale of this litigation, the ORS Movants misplace their reliance on the rule that the passage of time *by itself* does not make an intervention motion untimely, *see* ORS Mem. at 5, and they are not assisted by cases where intervention was allowed after little substantive litigation had occurred.[8] Courts have often denied intervention on timeliness grounds after much less extensive litigation than has taken place here.[9]

---

[7]     *See* ECF Nos. 597, 665, 768, 799, 1451, 1483, 2434, 2435, 2436, 2438, 2611 (reports and recommendations and orders on motions to dismiss); ECF Nos. 1221, 1470, 4582, 4596, 4742, 4786, 4910, 4937, 5105, 5111 (reports and recommendations and orders on motions for summary judgment); ECF Nos. 1742, 1950; (report and recommendations and order on motion for class certification); ECF No. 4071-1 ¶¶ 66-72 (describing the complexity of the motion for class certification).

[8]     *See, e.g., Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 325 (3d Cir. 1995) (cited in ORS Mem. at 5) (intervention not untimely as "there were no depositions taken, dispositive motions filed, or decrees entered during the four year period in question"); *Nat. Res. Def. Council v. McCarthy*, No. 16-cv-02184-JST, 2016 WL 6520170, at *3 (N.D. Cal. Nov. 3, 2016) (cited in ORS Mem. at 4) (unopposed intervention motion filed "only a few months after the Complaint, before Defendants have filed their answer, and before any substantive orders have been issued"); *L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*, No. 15-cv-01257-JST, 2015 WL 5071949, at *2 (N.D. Cal. Aug. 27, 2015) (intervention motion timely "filed three months after the complaint and before discovery had commenced").

[9]     *See, e.g., Allen v. Bedolla*, 787 F.3d 1218, 1220, 1222 (9th Cir. 2015) (intervention untimely when sought four years after the litigation began, after the court had ruled on class-certification and summary-judgment motions and the parties had negotiated a settlement); *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1303-04 (9th Cir. 1997) (delay was "extreme" where litigation had been pending for twenty-seven months, and the court had ruled on motions to dismiss, and motions for class certification and summary judgment, and nine months of discovery had taken place); *Smith v. Marsh*, 194 F.3d 1045, 1050-51 (9th Cir. 1999) (intervention denied where litigation had been pending for fifteen months, and the court had ruled on motions for class certification and summary judgment); *SurvJustice Inc. v. DeVos*, No. 18-cv-00535-JSC, 2019 WL 1427447, at *3 (N.D. Cal. Mar. 29, 2019) (intervention denied after fourteen months of litigation; court had ruled on two motions to dismiss); *Lindblom*, 2018 WL 3219381, at *1 (class members' motion for intervention denied after three years of litigation; court had ruled on class-certification and summary-judgment motions); *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2010 WL 3743532, at *5 (N.D. Cal. Sept. 17, 2010) (class

8

*Finally*, Defendants would be prejudiced by allowing twenty-eight new class representatives to intervene at this stage. The addition of claims under the laws of nine additional states will inject new legal issues that have not previously been litigated. *See Lee v. Pep Boys-Manny Moe & Jack of Cal.*, No. 12-cv-05064-JSC, 2016 WL 324015, at *6-7 (N.D. Cal. Jan. 27, 2016) (Corley, M.J.) (class member denied intervention where her "pleading raises new issues beyond the scope of the claims and defenses raised by Plaintiff, which constitutes prejudice"); *see also SurvJustice Inc.*, 2019 WL 1427447, at *3 (prejudicial to permit intervenor to add legal theories that had not previously been addressed) (citing *Smith*, 194 F.3d at 1051).

Moreover, the delay inherent in admitting so many new parties constitutes significant prejudice, and requires the denial of intervention especially when, as here, the motion is made very late in the case, when "many substantive and procedural issues ha[ve] already been settled." *Smith*, 194 F.3d at 1051 (citing *League of United Latin Am. Citizens*, 131 F.3d at 1304). An intervenor cannot eliminate prejudice by promising not to re-open issues, because "its admission as a party will have the inevitable effect of prolonging the litigation to some degree." *League of United Latin Am. Citizens*, 131 F.3d at 1304. And, in any event, the ORS Movants have said that they will seek to reopen discovery if they are dissatisfied with lead counsel's work, *see, e.g.,* ORS Mem. at 6; ECF No. 5542, at 8:19-22, and they apparently will seek also to re-litigate the rulings that indirect purchases do not have claims under the laws of Arkansas, Montana, and Rhode Island, ECF Nos. 597, at 30-31, 768, at 3-5. Further, Defendants would be prejudiced by the need to reopen class-certification discovery, and to repeat the class-certification and summary-judgment stages of this MDL for these late arriving litigants. *See Lindblom v. Santander Consumer USA, Inc*, No. 1:15-cv-00990-BAM, 2018 WL 3219381 *4 (E.D. Cal. June

members' motion for intervention denied after two years of litigation, where class-certification briefing was about to begin).

29, 2018), *aff'd*, 771 F. App'x 454 (9th Cir. 2019) (intervention denied because a "do-over" of discovery and class-certification and summary-judgment motions would be prejudicial).

If the ORS Movants had timely intervened a decade ago, all of this work would have been folded into the earlier discovery and motion practice. Similarly, Defendants would have had the opportunity to include the ORS Movants in global settlement negotiations, instead of the piecemeal settlement process that they are now forced to undertake. Significant policy interests militate against allowing unnamed class members to lie in wait for years, and then to spring forward with an intervention motion to disrupt a class settlement. *See, e.g., Allen*, 787 F.3d at 1222; *Orange Cty. v. Air Cal.*, 799 F.2d 535, 538 (9th Cir. 1986). All of this significant prejudice, delay and additional expense is directly attributable to the ORS Movants' decade-long delay, and warrants the denial of intervention, particularly when, as here, the litigation has been very protracted and is otherwise "beginning to wind itself down." *League of United Latin Am. Citizens*, 131 F.3d at 1304.

> **b.** **Neither the Ninth Circuit's February 2019 remand order nor this Court's July 2019 order appointing separate counsel for the ORS restarted the intervention clock**

The ORS Movants contend that they moved promptly to intervene after a "change of circumstances"—the Ninth Circuit's February 2019 remand order, followed by this Court's July 2019 order appointing separate counsel for the ORS. *See* ORS Mem. at 5-8. But those dates are irrelevant. The "timeliness clock" began running no later than December 2010, when—under their own theory—the ORS Movants were aware their interests "would no longer be protected adequately by the parties." *League of United Latin Am. Citizens*, 131 F.3d at 1307 (citations, quotation marks, and brackets omitted). Neither the remand nor the appointment of counsel was a "material, recent change in circumstances" restarting the intervention clock, ORS Mem. at 5, because those events did not "alert[] Intervenors to a previously unknown need to intervene,"

10

*Allen v. Labor Ready Sw., Inc.*, No. 09-cv-04266 DPP (AGRx), 2015 WL 5156416, at *3 (C.D. Cal. Sept. 2, 2015); *see also Yakima Valley Mem'l Hosp. v. Wash. State Dep't of Health,* No. 09-cv-3032-EFS, 2011 WL 13186149 (E.D. Wash. Dec. 20, 2011) ("Though this case has only recently been remanded, it is not in an early stage, and this factor weighs against intervention.").

The ORS Movants are not assisted by the case on which they base their "change in circumstances" argument, *Smith v. Los Angeles Unified School District*, 830 F.3d 843 (9th Cir. 2016). In a ruling that was expressly "confined to the specific facts of [that] case," *id.* at 856, the Ninth Circuit held that disabled students timely intervened by moving promptly after a "systematic change of circumstances," *id.*—the lead plaintiff's agreement to modify a consent decree in a way that impaired the intervenors' court-ordered access to a free appropriate public education, *see id.* at 846-48, 854-57, 859-60.[10] *Smith* applies the usual rule that an intervention motion must be filed promptly after a nonparty learns that the parties are not protecting its interests. *Supra* at 6. Here, the remand and the appointment of counsel were not the events that alerted the ORS Movants that IPP counsel were not asserting their state-law damages claims. That was clear years earlier.

## 2. This motion should be denied for the additional reason that intervention is unnecessary to protect the ORS Movants' interests

Even if the ORS Movants' motion were timely, intervention should be denied for the additional reason that it does nothing to further protect their interests. A movant for mandatory intervention must show that intervention is required to prevent an impairment of some significant, protectable interest. *See, e.g., United States v. Alisal Water Corp.,* 370 F.3d 915, 919

---

[10]     Similarly, in *United States v. Oregon*, cited in ORS Mem. at 6, the State of Idaho's intervention in a long-running lawsuit was timely because the State moved promptly after the parties allowed the expiration of a consent decree that had regulated fishing in Idaho. *See* 745 F.2d 550, 551-52 (9th Cir. 1984).

DEFENDANTS' RESPONSE TO ORS MOTION TO INTERVENE AND           CASE NO.: 4:07-CV-05944-JST
AMEND; NRS MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

(9th Cir. 2004) (citing *United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002)). Similarly, the "nature and extent of the intervenors' interest" is relevant to the propriety of permissive intervention. *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329-30 (9th Cir. 1977). The impairment requirement is not satisfied when the proposed intervenor has "other means" to protect its interests. *Alisal Water Corp.*, 370 F.3d at 921. Therefore, courts have repeatedly denied mandatory and permissive intervention when—as here—the proposed intervenors are free to assert their claims in a separate lawsuit.[11] Contrary to the ORS Movants' argument, *see* ORS Mem. at 8-9, the fact that the *prior* settlements would have released the ORS Movants' claims is of no moment. Amended settlements have recently been presented to the Court that do not release those claims. *See* ECF No. 5587.

The ORS Movants also suggest, without any support, that intervention is necessary to safeguard their relation-back argument. *See* ORS Mem. at 9.[12] But the ORS Movants have no viable relation-back argument, regardless of whether they are permitted to intervene. As no

---

[11]     *See SurvJustice Inc.*, No. 2019 WL 1427447, at *7 (denying mandatory and permissive intervention because the proposed intervenors could assert their claims in another lawsuit); *Lindblom*, 2018 WL 3219381, at *6 (same); *Lee*, 2016 WL 324015, at *3 (same); *L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*, No. 15-cv-01257-JST, 2015 WL 5071949, at *5 (N.D. Cal. Aug. 27, 2015) (denying permissive intervention for the same reason). *See also In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 894 F.3d 1030, 1043 n.23 (9th Cir. 2018) (noting in dicta that intervenor's ability to maintain a separate lawsuit "would seem to defeat any argument that adjudication of the government's enforcement action without his participation will impair his interests"); *United States v. City of Los Angeles*, 288 F.3d 391, 402 (9th Cir. 2002) (noting in dicta that it was "doubtful" that the intervenors' interests would be impaired where "[t]he litigation does not prevent any individual from initiating suit" to enjoin defendants' conduct).

[12]     Under certain strictly limited circumstances, an amended complaint "relates back" to an earlier complaint for statute-of-limitations purposes. *See, e.g., Besig v. Dolphin Boating & Swimming Club*, 683 F.2d 1271, 1278 (9th Cir. 1982). There are three prerequisites for relation back: (1) the earlier complaint gave the defendant fair notice of the claims of the new plaintiff; (2) there is no prejudice to the defendants; and (3) there is an identity of interest between the original and newly proposed plaintiff. *See id.*

12

cognizable interest will be impaired, intervention should be denied. *See Alisal Water Corp.,* 370 F.3d at 920-21; *Spangler,* 552 F.2d at 1330.[13]

*First,* the ORS Movants from Missouri, Montana, New Hampshire, Oregon, South Carolina, and Utah cannot satisfy the identity-of-interests requirement for relation back, because no named plaintiff has ever appeared for those states. *See Besig v. Dolphin Boating & Swimming Club,* 683 F.2d 1271, 1278-79 (9th Cir. 1982). Relation back is unavailable as to claims that no prior class representative had standing to assert. *See Francisco v. Emeritus Corp.,* No. 17-cv-2871-VAP (SSx), 2018 WL 6070942 at *3 (C.D. Cal. Jan. 10, 2018); *Palmer v. Stassinos,* 236 F.R.D. 460, 466 (N.D. Cal. May 18, 2006).[14] The law of this case is consistent with the "consensus among courts in this District"—that named plaintiffs lack Article III standing to assert state-law claims on behalf of purchasers in other states. *See Baird v. Samsung Elec. Am., Inc.,* No. 17-cv-06407 JSW, 2018 WL 4191542, at *2-3 (N.D. Cal. Jul. 20, 2018) (collecting cases); *see also* ECF No. 768, at 6 (dismissing Montana-law claims on standing grounds due to the lack of any Montana class representative). Therefore, the ORS Movants from Missouri, Montana, New Hampshire, Oregon, South Carolina, and Utah have no identity of interests with the existing class representatives, so their claims do not relate back. *See Francisco,* 2018 WL 6070942 at *3; *Palmer,* 236 F.R.D. at 466.

---

[13]    The fact that *American Pipe* tolling does not toll class claims, *see infra* at 19, also does not support permissive or mandatory intervention. *See Lindblom v. Santander Consumer USA, Inc,* 771 F. App'x 454, 455 (9th Cir. 2019) ("*American Pipe* and *China Agritech* are irrelevant to Movants' claims that the district court abused its discretion in denying their motions for permissive intervention"); *Lee,* 2016 WL 324015, at *4 (inapplicability of *American Pipe* tolling to class claims not relevant to mandatory-intervention analysis).

[14]    *See also Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.,* 721 F.3d 95, 110 (2d Cir. 2013) ("[T]he Rule 15(c) 'relation back' doctrine does not permit members of a putative class, who are not named parties, to intervene in the class action as named parties in order to revive claims that were dismissed from the class complaint for want of jurisdiction.").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Second, *none* of the ORS Movants can satisfy the fair-notice requirement for relation back. That requirement demands that the earlier pleading afforded the defendant "'fair notice that a legal claim existed in and was in effect being asserted by, the party belatedly brought in.'" *Howard v. Hui*, No. C 92-3742-CRB, 2001 WL 1159780, at *6 (N.D. Cal. Sept. 24, 2001) (quoting *Leachman v. Beech Aircraft Corp.*, 694 F.2d 1301, 1308-09 (D.C. Cir. 1982)). As the Ninth Circuit has held, "notice to the opposing party of *the existence and involvement of the new plaintiff*" is "the critical element" in determining whether an amendment relates back to an earlier pleading. *Avila v. I.N.S.*, 731 F.2d 616, 620 (9th Cir. 1984) (emphasis added) (citing, *inter alia, Leachman*, 694 F.2d at 1308-10).[15] The "critical" fair-notice requirement is not satisfied when, as here, new plaintiffs bring new claims, even if they arise from the same events as an earlier pleading. *See Leachman*, 694 F.2d at 1309.[16]

As they wish to assert *new* claims, the ORS Movants misplace their reliance, *see* ORS Mem. at 17-19, on cases in which relation back was permitted to allow a new class representative to assert the *same* legal claim as the prior representative.[17] Unlike those cases, the fair-notice

---

[15]     *See also Besig*, 683 F.2d at 1278 ("Notice from a previous complaint seldom is adequate when substituting plaintiffs, unless the change merely brings in the real party in interest or accomplishes some similar technical result."). The ORS Movants misplace their reliance on *Raynor Bros. v. Am. Cyanimid Co.*, 695 F.2d 382 (9th Cir. 1982), in which relation back was permitted because the only change was a technical one—to name the correct member of a corporate group as the plaintiff. *See id.* at 383-84.

[16]     As the *Leachman* court observed, a more generous relation-back standard would impermissibly allow plaintiffs to "join pending actions long after the statute of limitations had lapsed." *Leachman v. Beech Aircraft Corp.*, 694 F.2d 1301, 1309 (D.C. Cir. 1982). Even though the defendant in *Leachman* suffered no "specific prejudice in the sense of lost or destroyed evidence," relation back was properly denied because otherwise "defendants would still be deprived of their interest in repose. At some point, defendants should have notice of who their adversaries are." *Id.*

[17]     In some of those cases the *only* change was to elevate a class member to be a class representative. *See Immigrant Assistance Project of L.A. Cty. Fed'n of Labor* (*AFL-CIO*) *v. I.N.S.*, 306 F.3d 842, 857-58 (9th Cir. 2002); *Allen v. Similasan Corp.*, 96 F. Supp. 3d 1063, 1069 (S.D. Cal. 2015); *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-cv-02219-JST,

14

requirement is not satisfied here because, for close to a decade, Defendants—like the ORS Movants—have understood that *no* representative was asserting state-law damages claims on behalf of purchasers in the nine ORS. The ORS Movants therefore are not assisted by an out-of-circuit case in which lead counsel provided timely notice that it would seek to add new class representatives to assert new state-law claims, such that the parties were "unofficially" litigating those claims even before the motion to amend was filed. *See Zorrilla v. Carlson Rest. Inc.*, 255 F. Supp. 3d 465, 478 (S.D.N.Y. 2017).

**B.     The ORS Movants Should Not Be Permitted to File an Amended Complaint**

**1.     Because the ORS Movants cannot intervene, they are nonparties and cannot, therefore, file an amended complaint**

The ORS Movants rightly acknowledge that they cannot amend the complaint unless they are first permitted to intervene as plaintiffs. *See* ORS Mem. at 2:6-8; *see also* ECF No. 5469, at 8:12-13. Because only "a party" can file an amended complaint, Fed. R. Civ. P. 15(a)(2), and unnamed class members are not parties, *Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011), a motion to amend to add class representatives is "actually a motion to intervene," *Lidie v. California*, 478 F.2d 552, 555 (9th Cir. 1973).[18] As the ORS Movants cannot intervene for the reasons set forth in Point I.A above, they "are not plaintiffs and they may not file an amended

---

2014 WL 2860318, at *1-2 (N.D. Cal. June 23, 2014). In others, the class was merely being expanded to include additional groups of employees, all asserting the same legal claim as the original representatives. *See Willner v. Manpower Inc.,* No. 11-cv-02846-JST, 2014 WL 2939732, at *5 (N.D. Cal. June 30, 2014); *Castle v. Wells Fargo Fin., Inc.,* No. C 06-4347 SI, 2008 WL 2079192, at *1 (N.D. Cal. May 15, 2008). In the final case, the new class representatives were asserting a claim that the prior representatives had also asserted, but that had been dismissed as to the prior representatives on statute-of-limitations grounds. *See Moreyra v. Fresenius Med. Care Holdings, Inc.,* No. SACV1000517JVSRZX, 2012 WL 13014985, at *8-101 (C.D. Cal. Mar. 7, 2012).

[18]     *See also Randall v. Rolls-Royce Corp.,* 637 F.3d 818, 826 (7th Cir. 2011) (addition of a class representative requires "intervention by an unnamed plaintiff, who if intervention is allowed becomes the named plaintiff and thus the class representative").

complaint." *Zepeda v. PayPal, Inc.*, No. 10-cv-02500-SBA (JCS), 2014 WL 1653246, at *9 (N.D. Cal. Apr. 23, 2014), *objections overruled*, 2014 WL 4354386 (N.D. Cal. Sept. 2, 2014).

### 2. Leave to amend should also be denied due to the ORS Movants' delay and because amendment would be prejudicial and futile

Leave to amend should be denied when it would be prejudicial to the defendant, or where there is undue delay, futility of amendment, or bad faith. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951-53 (9th Cir. 2006). Several of these factors combine to require the denial of leave to amend here. *First*, because the ORS Movants have been aware of the "facts and theories raised by the amendment," *id*. at 953, for over a decade, their motion is untimely. The ORS Movants cite no precedent for permitting amendment after such a long delay. To the contrary, leave has been denied due to much shorter delays. *See id*. at 953 ("We have held that an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable.") (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991)).

*Second*, leave to amend is properly denied on prejudice grounds when—as here— plaintiffs seek belatedly to expand the relief that is sought, by adding a prayer for damages to a claim that previously sought only equitable relief. *See Texaco, Inc.,* 939 F.2d at 798-99; *see also In re W. States Wholesale Nat. Gas Antitrust Litig.,* 715 F.3d 716 (9th Cir. 2013) (denying motion to add treble-damages claims to a lawsuit that previously sought only a refund).[19] In addition, as Defendants have shown, *supra* at 9, allowing the ORS Movants to assert their state-law damages claims now would require the reopening of fact and expert discovery, as well as repetitive motion practice over class certification and summary judgment. Leave to amend is

---

[19]    *See also Corns v. Laborers Int'l Union of N. Am.*, No. 09-cv-4403 YGR, 2014 WL 1319363, at *5 (N.D. Cal. Mar. 31, 2014) (denying leave to amend, holding that permitting plaintiffs to "belatedly seek not only equitable relief but money damages, would be prejudicial to Defendants").

16

properly denied in the face of such "potentially high, additional litigation costs" "that could have easily been avoided" if plaintiffs had timely asserted their new claims. *AmerisourceBergen Corp.*, 465 F.3d at 953-54.[20]

*Finally*, leave to amend should be denied on futility grounds when the proposed claims are time-barred. *See, e.g., Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008); *see also Corns v. Laborers Int'l Union of N. Am.,* No. 09-cv-4403 YGR, 2014 WL 1319363, at *5 (N.D. Cal. Mar. 31, 2014) ("[T]he claims of the proposed class do not relate back to the filing of the original complaint here and are time-barred, making amendment to add class claims and new plaintiff class representatives futile.").

As noted above, Defendants sought to postpone these merits arguments until a Rule 12 motion, in light of the Court's stated preference to address the viability of the proposed claims after an amendment in the context of Rule 12 motions. *See* Hr'g Tr. dated Aug. 8, 2019 at 7:25-9:9, ECF No. 5559. However, ORS and NRS counsel refused to stipulate to a procedure which would have allowed all of the intervention and amendment issues to be addressed in conjunction with Rule 12 motions, after the filing of an amended complaint, without prejudicing the legal positions of the parties. This refusal left Defendants with no choice other than to present their arguments against intervention and amendment in this Opposition, while they also expressly preserve all of their arguments for dismissal of the proposed amended complaint if such an amendment is permitted.

There is no dispute that all of the ORS Movants' state-law claims are time-barred unless they can rely on some tolling or other exception to the statute of limitations. Their relation-back

---

[20]     *See also Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint.").

argument is not viable for the reasons set forth above. *Supra* at 12-15. Moreover, in light of the amount of time the allegations underlying this lawsuit have been public knowledge, including through the complaints filed in this lawsuit, there is no plausible basis for the ORS Movants to invoke fraudulent concealment. *See* ORS Mem. at 17.

Finally, the ORS Movants' unsupported invocation of *American Pipe* tolling, *see* ORS Mem. at 17, is baseless. This Court has already rejected the application of *American Pipe* tolling to the claims from Massachusetts, Missouri, and New Hampshire. ECF No. 4712, at 24-25. As the Court held, even if the damages claims of Massachusetts class members against some Defendants were tolled until the dismissal of the class representative's claims in 2010, the four-year limitation period still expired no later than 2014. ECF No. 4712, at 24-25.[21] The same analysis applies to the damages claims of purchasers in Arkansas, Rhode Island, and Montana, which were also dismissed in 2010.[22] *Supra* at 3-4. The Court has also held that *American Pipe* does not save the claims of Missouri and New Hampshire purchasers because those claims were never asserted in this proceeding. ECF No. 4712, at 25.[23] For the same reason, *American Pipe* does not render timely the state-law damages claims of purchasers in Oregon, South Carolina, and Utah that were also not asserted in this action. And these purchasers' membership in the nationwide class asserting federal-law injunctive claims does not toll their unasserted state-law

---

[21] The vacatur of the 2010 Stipulation that adopted the Special Master's recommendation to dismiss the Massachusetts claim has no impact on this conclusion as the deadline to object to the recommendations expired in 2010 and, in any event, the Massachusetts claims have not been asserted in this case since the Third Consolidated Amended Complaint was filed in December 2010.

[22] There is no dispute that the Arkansas, Rhode Island, and Montana claims are subject to limitation periods of five years or less. *See* ECF No. 5484 at 16 n.24.

[23] *See also In re Cathode Ray Tube (CRT) Antitrust Litig.*, 27 F. Supp. 3d 1015, 1023 (N.D. Cal. 2014) ("*American Pipe* tolling is inapplicable to state law claims not asserted in previous actions.").

damages claims. *Williams v. Boeing Co.*, 517 F.3d 1120, 1135-36 (9th Cir. 2008) (*American Pipe* tolling does not extend to "'different or peripheral claims'" from those actually asserted in the earlier complaint) (quoting *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983) (Powell, J., concurring, joined by Rehnquist & O'Connor, JJ.)). In any event, *American Pipe* does not allow movants to bring otherwise untimely *class* claims, given the Supreme Court's recent ruling that *American Pipe* tolls only *individual* claims. *See China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804 (2018).

## II.   NON-REPEALER-STATE MOVANT ELEANOR LEWIS ALSO SHOULD NOT BE PERMITTED TO INTERVENE OR AMEND

Lewis seeks to intervene and to amend in order to represent a class of indirect purchasers in twenty non-repealer states, asserting a claim under the Sherman Act and seeking "equitable monetary relief" in the form of "restitution and/or disgorgement." ECF No. 5565 ("NRS Mem.") at 6-7. Her motion should be denied because it is untimely and prejudicial, and because there is no good reason to permit intervention and amendment so that Lewis can pursue relief that is barred by controlling precedent.

### A.   Lewis Does Not Satisfy the Requirements for Intervention

#### 1.   Lewis's long and prejudicial delay in seeking intervention prevents her from establishing that her motion is timely

Like the ORS Movants, *see supra* at 5-11, Lewis cannot satisfy the threshold timeliness requirement for intervention. The stage-of-the-proceedings and prejudice factors weigh heavily against Lewis just as they do against the ORS Movants. *See supra* at 7-10.[24] And Lewis's lengthy, unexplained delay further weighs heavily against intervention. In October 2012, pursuant to a court-imposed deadline, ECF No. 1267, lead counsel elected *not* to seek

---

[24]    Like the ORS Movants, Lewis misplaces her reliance on cases where intervention was timely sought. *See, e.g., Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (intervention sought "only six days after plaintiffs brought the action").

certification of a federal-law, equitable-relief class, ECF No. 1388. The timeliness clock therefore began running against Lewis no later than October 2012, when it was clear that the existing parties were not pursuing Lewis's equitable monetary claims. *See supra* at 4. Lewis does not even acknowledge her seven-year delay, let alone seek to explain it. Like the ORS Movants, Lewis would have this Court evaluate her timeliness from the Ninth Circuit's remand order and this Court's order appointing separate counsel. *See* NRS Mem. at 11. But, as Defendants have shown, *supra* at 4, that argument is baseless because Lewis knew years earlier that lead counsel was not asserting her equitable monetary claims. The repose prejudice to Defendants from this protracted delay is self-evident.

### 2. Intervention should not be granted to allow Lewis to assert a non-viable federal-law claim for equitable monetary relief

Even if Lewis's motion were timely, it should still be denied because intervention is not necessary to allow her to assert any colorable claim. A movant for mandatory intervention must demonstrate that she has (a) a significant protectable interest, *i.e.*, an interest that is "protectable under any statute," that (b) may be practically impaired without intervention, and that (c) may not be adequately represented by the existing parties. *See United States v. Alisal Water Corp.,* 370 F.3d 915, 919, 921 (9th Cir. 2004). Similarly, the extent of the movant's interest is relevant to the propriety of permissive intervention, *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1330 (9th Cir. 1977), and permissive intervention is properly denied when—as here—intervention is not necessary to allow a viable claim to be asserted by an adequate representative. *See James ex rel. James Ambrose Johnson, Jr.1999 Tr. v. UMG Recordings,* No. C 11-1613 SI, 2011 WL 5192476, at *6 (N.D. Cal. Nov. 1, 2011) (citing *Spangler,* 552 F.2d at 1330).

Denying Lewis's motion for intervention will not impair any interest of NRS claimants because there is no colorable argument that Lewis's request for equitable monetary relief is

protected by any statute. As the Ninth Circuit has held, *see In re Multidistrict Vehicle Air Pollution*, 538 F.2d 231, 234 (9th Cir. 1976), and as this Court has also recognized, ECF No. 4712, at 17, non-repealer-state purchasers cannot be awarded equitable monetary relief under the Sherman Act. As Lewis correctly concedes, no federal court has *ever* afforded disgorgement or restitution to a private antitrust indirect purchaser plaintiff. ECF No. 5449, at 6. To the contrary, federal courts have uniformly denied indirect-purchaser claims for equitable monetary relief, correctly concluding that such claims represent "impermissible attempt[s] to circumvent Supreme Court precedent." *In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1059 (8th Cir. 2018).[25] IPP counsel's decision not to prosecute claims that are barred by controlling law cannot possibly represent a failure of adequate representation justifying intervention.[26] *See Prete v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006) (the inadequate-representation requirement is "not without teeth").

---

[25]    *See also In re Multidistrict Vehicle Air Pollution*, 538 F.2d 231, 234 (9th Cir. 1976) ("[W]hether payments which appellants seek for some of their citizens is "equitable" or not is of no consequence because [Section] 16 does not allow the claimed relief for past loss."); *Coal. for ICANN Transparency Inc. v. VeriSign, Inc.*, 771 F. Supp. 2d 1195, 1202 (N.D. Cal. 2011) ("Disgorgement is a form of retrospective equitable relief. Such relief is unavailable under Section 16.") (citations omitted); *In re New Motor Vehicles Can. Export Antitrust Litig.*, 350 F. Supp. 2d 160, 211 (D. Me. 2004) ("Certainly no restitutionary remedy can escape the limitations the United States Supreme Court imposed on federal antitrust recovery in *Illinois Brick*."); *FTC v. Mylan Labs.*, 62 F. Supp. 2d 25, 42 (D.D.C. 1999) ("[Plaintiffs] should not be allowed to circumvent Illinois Brick through a novel interpretation of [Section] 16."); *cf. In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 412 (S.D.N.Y. 2011) ("[I]t is beyond peradventure that indirect purchasers may not employ unjust enrichment to skirt the limitation on recovery imposed by *Illinois Brick*. Moreover, there is no clearly established federal common law of restitution for a federal antitrust violation.") (internal citation omitted).

[26]    The fact that Lewis's counsel was not permitted to represent two clients with conflicting interests at the *settlement* stage, see NRS Mem. at 12-13, does not establish that lead counsel inadequately represented her equitable monetary claims at the *litigation* stage. Lewis offers no basis to doubt that lead counsel was appropriately motivated to press any viable equitable monetary claims, so as to maximize the class recovery and his own fees. *See Prete v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006) (presumption of adequacy arises when the existing parties and the proposed intervenor "have the same ultimate objective") (citations omitted).

**B.**      **Lewis's Motion for Leave to Amend Should Also Be Denied**

    **1.**      **As Lewis cannot intervene, she cannot file an amended complaint**

As Defendants have shown, a nonparty class member such as Lewis cannot amend the complaint unless she is first permitted to intervene. *Supra* at 15. Lewis's contrary contention is unsupported by the cases on which she relies. *See* NRS Mem. at 4. Neither of Lewis's cases involved a nonparty class member attempting to amend the complaint without first intervening. *Willner v. Manpower Inc*., No. 11-cv-02846-JST, 2014 WL 2939732 (N.D. Cal. June 30, 2014), did not involve an amendment to add class representatives, but rather a motion by the *existing* plaintiff to expand the scope of the class. *See id*. at *5 ("[T]he amendment at issue does not seek to substitute plaintiffs."). Similarly, in *Immigrant Assistance Project of Los Angeles County Federation of Labor v. INS*, 306 F.3d 842 (9th Cir. 2002), it was not a nonparty class member, but rather the existing named plaintiffs, who moved for leave to amend. *See id.* at 856.

Lewis is also mistaken that she can circumvent the requirements for intervention by instead seeking joinder under Federal Rules of Civil Procedure 20 and 21. *See* NRS Mem. at 13-14. Rules 20 and 21 permit an *existing* party to seek joinder of a nonparty, but a nonparty—such as Lewis—can only seek party status through intervention. *See West v. Ulloa*, No. 2:17-cv-04892-VBF-KES, 2018 WL 5974346, at *4 (C.D. Cal. Feb. 7, 2018), *report and recommendation adopted*, 2018 WL 5915647 (Mar. 27, 2018).[27]

---

[27]      Thus, a Rule 20 motion filed by a nonparty should be treated as a motion for intervention. *Bourgeois v. Vanderbilt*, 251 F.R.D. 368, 370 (W.D. Ark. 2008). And Rule 21 does not provide an independent basis for joinder. *West v. Ulloa*, No. 2:17-cv-04892-VBF-KES, 2018 WL 5974346, at *7 (C.D. Cal. Feb. 7, 2018). Contrary to Lewis's representation, *see* NRS Mem. at 14, the court in *In re Telectronics Pacing Sys., Inc., Accufix "J" Leads Liability Litig.*, 172 F.R.D. 271 (S.D. Ohio 1997), did not designate a nonparty class member to serve as a class representative pursuant to Rule 21, and did not even reference Rule 21 in its opinion.

### 2.   Amendment should also be denied because of Lewis's prejudicial delay, and her lack of a good-faith, non-futile basis for amendment

Lewis's motion to amend is untimely and prejudicial for the same reasons as the motion filed by the ORS Movants. *Supra* at 5-11. Moreover, given Lewis's position that her request for equitable monetary relief is not susceptible to a Rule 12 motion, s*ee* NRS Mem., at 6-7, she can hardly object to the Court addressing the viability and propriety of that claim in the context of this motion. Lewis's motion for permission to amend in order to seek equitable monetary relief that is squarely barred by controlling precedent, *supra* at 21, should be denied as futile. *See, e.g., Novak v. United States*, 795 F.3d 1012, 1016 (9th Cir. 2015) (leave to amend properly denied when the claim "would fail on the merits").

Moreover, Lewis's proposed amendment should be denied because it is made in bad faith. Leave to amend is properly denied on bad-faith grounds when "'the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories.'" *San Diego Comic Convention v. Dan Farr Prods.*, No. 14-cv-1865 AJB (JMA), 2017 WL 3269202, at *4 (S.D. Cal. Aug. 1, 2017) (quoting *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999)). Lewis's request to assert non-colorable equitable monetary claims under the Sherman Act that have only nuisance, or hold-up value, combined with Lewis's acknowledgment that what she is really seeking is "a place at the table for the up-coming settlement conferences," ECF No. 5449, at 2, 10, shows that she is engaged in precisely the kind of "tactical play" that warrants denial of leave to amend for lack of good faith, *San Diego Comic Convention*, 2017 WL 3269202, at *4.

23

DEFENDANTS' RESPONSE TO ORS MOTION TO INTERVENE AND               CASE NO.: 4:07-CV-05944-JST
AMEND; NRS MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

1

## CONCLUSION

2

For all the foregoing reasons, the Court should deny the motions to intervene and amend

3

in their entirety.

4

5

Dated: September 20, 2019                       Respectfully submitted,

6

7

/s/ *Andrew Rhys Davies*

8

ALLEN & OVERY LLP
MICHAEL S. FELDBERG

9

michael.feldberg@allenovery.com
ANDREW RHYS DAVIES

10

andrewrhys.davies@allenovery.com
1221 Avenue of the Americas

11

New York, NY 10020
Telephone:  (212) 610-6300

12

Facsimile:   (212) 610-6399

13

JOHN ROBERTI

14

john.roberti@allenovery.com
ALLEN & OVERY LLP

15

1101 New York Avenue NW
Washington, DC 20005

16

Telephone:  (202) 683-3800
Facsimile:   (212) 610-6399

17

18

*Attorneys for Defendants Samsung SDI Co., Ltd.;*

19

*Samsung SDI America, Inc.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzhen*

20

*Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd.*

21

22

23

24

25

26

27

Defendants' Response to ORS Motion to Intervene and          Case No.: 4:07-cv-05944-JST
Amend; NRS Motion for Leave to File Amended Complaint

1

*/s/ Jeffrey L. Kessler*
WINSTON & STRAWN LLP

2

JEFFREY L. KESSLER
jkessler@winston.com

3

EVA W. COLE

4

ewcole@winston.com
200 Park Avenue

5

New York, NY 10166
Telephone:     (212) 294-6700

6

Facsimile:     (212) 294-4700

7

KEVIN B. GOLDSTEIN

8

kbgoldstein@winston.com
35 W. Wacker Drive

9

Chicago, IL 60622
Telephone:     (312) 558-5600

10

Facsimile:     (312) 558-5700

11

WEIL, GOTSHAL & MANGES LLP

12

DAVID L. YOHAI
david.yohai@weil.com

13

ADAM C. HEMLOCK
adam.hemlock@weil.com

14

DAVID YOLKUT
david.yolkut@weil.com

15

767 Fifth Avenue

16

New York, NY 10153-0119
Telephone:     (212) 310-8000

17

Facsimile:     (212) 310-8007

18

*Attorneys for Defendants Panasonic Corporation*

19

*(f/k/a Matsushita Electric Industrial Co., Ltd.),*
*Panasonic Corporations of North America, and*

20

*MT Picture Display Co., Ltd.*[28]

21

22

23

24

25

26

---

[28]     MT Picture Display Co., Ltd. has been dissolved and completed final liquidation

27

proceedings in Japan on May 23, 2019.

1

/s/ John M. Taladay
BAKER BOTTS LLP
JOHN M. TALADAY
ERIK T. KOONS
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
Email: erik.koons@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips, N.V.,
Philips North America LLC, Philips Taiwan
Limited, and Philips do Brasil, Ltda*

 /s/ Kathy L. Osborn
FAEGRE BAKER DANIELS LLP
KATHY L. OSBORN
Email: kathy.osborn@FaegreBD.com
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000

JEFFREY S. ROBERTS
Email: jeff.roberts@FaegreBD.com
1144 15th Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

*Attorneys for Defendants Thomson SA and
Thomson Consumer Electronics, Inc.*

/s/ Donald A. Wall
SQUIRE PATTON BOGGS (US) LLC
DONALD A. WALL
Email: donald.wall@squirepb.com
1 East Washington Street, Suite 2700
Phoenix, AZ 85004
Telephone: (602) 528-4005
Facsimile: (602) 253-8129

*Attorneys for Defendants Technologies
Display Americas LLC*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

/s/ Eliot A. Adelson
KIRKLAND & ELLIS LLP
ELIOT A. ADELSON
Email: eadelson@kirkland.com
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1413
Facsimile: (415) 439-1500

*Attorneys for Defendants Hitachi Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display, Inc.), Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.*

/s/ Christopher M. Curran
WHITE & CASE LLP
CHRISTOPHER M. CURRAN
ccurran@whitecase.com
LUCIUS B. LAU
alau@whitecase.com
DANA E. FOSTER
defoster@whitecase.com
MATTHEW N. FRUTIG
mfrutig@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*