Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs for the 22 States*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 4:07-cv-5944 JST |
|---|---|
| | MDL NO. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO MOTIONS TO INTERVENE AND AMEND COMPLAINT**<br><br>Hearing Date: October 23, 2019<br>Time: 2:00 p.m.<br>Courtroom: 6, 2nd Floor<br>Judge: Hon. Jon S. Tigar |

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................... 1

RELEVANT FACTUAL BACKGROUND ............................................................................. 2

ARGUMENT ............................................................................................................................ 5

    I.    ORS/NRS PLAINTIFFS SHOULD NOT BE PERMITTED TO AMEND IPPS' OPERATIVE COMPLAINT ......................................................................... 5

        A.    ORS/NRS Plaintiffs Failed To Obtain IPP Lead Counsel's Or The Named IPPs' Consent To The Proposed Amendments To IPPs' Complaint ............................................................................................................ 5

        B.    IPP Lead Counsel Disagrees With Several Proposed Amendments To IPPs' Operative Complaint That Would Prejudice IPPs ......................... 7

        C.    IPPs Should Be Free To Finally Resolve Their Claims Against The Defendants ........................................................................................................ 8

        D.    The ORS/NRS Plaintiffs Need Not Amend IPPs' Operative Complaint ................................................................................................................ 9

    II.    IPP CLASS COUNSEL ADEQUATELY REPRESENTED THE OTHER REPEALER STATES ............................................................................................... 10

    III.    CONCLUSION .......................................................................................................... 11

# TABLE OF AUTHORITIES

**CASES**

*Apple v. Pepper*,
   139 S. Ct. 1514 (2019) .................................................................................................... 7

*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*,
   827 F.3d 223 (2d Cir. 2016) .......................................................................................... 10

*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*,
   330 F.R.D. 11 (2019) ..................................................................................................... 10

*In re Refrigerant Compressors Antitrust Litig.*,
   731 F.3d 586 (6th Cir. 2013) ........................................................................................... 9

**RULES**

Fed. R. Civ. P. 15(a)(2) ............................................................................................................ 1, 5

N.D. Cal. Civ. L.R. 5-1(i)(1) .................................................................................................... 1, 5

N.D. Cal. Civ. L.R. 5-1(i)(3) ........................................................................................................ 5

N.D. Cal. Civ. L.R. 5-1(j) ............................................................................................................. 5

**OTHER AUTHORITIES**

Manual for Complex Litigation (4th ed. 2004) ............................................................................ 9

The Indirect Purchaser Plaintiffs for the certified 22 statewide classes ("IPPs") hereby respond to the Motion to Intervene and Amend Complaint to Allege State Law Claims On Behalf of Other Repealer States (ECF No. 5567), and the Motion Of Non-Repealer State Subclass Member Eleanor Lewis For Leave To File Amended Complaint To Add An Additional Party, Or In The Alternative, To Intervene And Amend (ECF No. 5565) (the "Motions").

## INTRODUCTION

IPPs take no position on whether the Other Repealer State ("ORS") and Non-Repealer State ("NRS") Plaintiffs should be allowed to intervene in this case, or whether they can satisfy the requirements for amending a complaint under Fed. R. Civ. P. 15(a)(2). IPPs do take issue, however, with the ORS/NRS Plaintiffs' attempt to amend *IPPs'* operative complaint, particularly when they failed to provide any notice to IPPs' Lead Counsel before filing a complaint bearing his name, much less obtain his concurrence—a violation of Civil Local Rule 5-1(i).

The ORS/NRS Plaintiffs also failed to obtain the concurrence of the IPP named plaintiffs even though they purport to make and amend allegations on their behalf. Counsel for the ORS/NRS Plaintiffs do not represent the IPP named plaintiffs and have no authority to make or amend allegations on their behalf.[1] Indeed, the ORS Plaintiffs contend that IPPs' interests and those of class members in the 22 States are "diametrically opposed to the ORS Plaintiffs."[2]

Moreover, by lumping all of the claims together in one proposed, amended complaint, it is not clear which counsel are bringing which claims. Several of the ORS/NRS Plaintiffs' proposed amendments raise possible Fed. R. Civ. P. 11 concerns, and/or they potentially prejudice the IPP named plaintiffs and class members in the 22 States. If asked, IPP Lead Counsel would not have agreed to these proposed amendments to IPPs' complaint. In addition, given that the ORS/NRS Plaintiffs have already objected to IPPs' "partial settlement" with Defendants without even

---

[1] *See* ECF No. 5518 (appointing counsel for the nine "other repealer states" and the 20 "non-repealer" states only).

[2] ORS Motion at 10.

1  knowing the terms, IPPs are concerned that permitting the ORS/NRS Plaintiffs to consolidate their
2  claims with IPPs in a single complaint could enable the ORS/NRS Plaintiffs to prevent the Court
3  from entering a final appealable order, on the grounds that all of the claims against the Defendants
4  are not resolved.
5        All of the foregoing issues can be avoided by the ORS/NRS Plaintiffs filing their own,
6  separate complaint.  There is no need for the ORS/NRS Plaintiffs to amend IPPs' operative
7  complaint.  They could, instead (for example) seek leave to amend one of the original, pre-
8  consolidation complaints filed in this litigation.
9        Ultimately, IPPs and their counsel must be permitted to control the allegations in their own
10 complaint and should not be forced to consolidate their claims with parties that have openly stated
11 their adversity to IPPs.  The ORS/NRS Plaintiffs' motion to amend IPPs' complaint should be
12 denied, and they should be ordered to file their claims in a separate complaint.

## RELEVANT FACTUAL BACKGROUND

14       On February 13, 2019, the Ninth Circuit panel remanded this case to this Court "so that the
15 district court may reconsider its approval of the settlement."[3]  On remand, this Court (1) confirmed
16 the undersigned as Lead Counsel for the IPPs;[4] (2) appointed separate counsel for nine "omitted
17 repealer states," and separate counsel for 20 "non-repealer" states;[5] and (3) entered an order
18 referring "the matter" to Magistrate Judge Corley "for settlement."[6]
19       On July 30, 2019, IPPs informed the Court that—with Judge Corley's assistance—they
20 had reached a settlement in principle with Defendants to amend their settlement agreements and
21 address the concerns of the Ninth Circuit and this Court.[7]  On July 31, 2019, counsel for the ORS

---

[3] *See* Order, ECF No. 239, *IPPs, et al. v. Toshiba Corp., et al.,* No. 16-16368 (9th Cir. Feb. 13, 2019) ("Remand Order") at 11, 12.

[4] ECF No. 5535.

[5] ECF No. 5518.

[6] ECF No. 5427.

[7] ECF No. 5532.

Plaintiffs wrote to the Court to complain that they were "intentionally excluded" from the mediation before Judge Corley, and objected to IPPs' "partial settlement" of this case.[8] They also accused IPP Lead Counsel of various breaches of professional ethics rules.[9] At the August 9, 2019 Case Management Conference, the Court dismissed these concerns.[10]

On August 23, 2019, the ORS/NRS Plaintiffs moved to intervene in this litigation and for leave to amend IPP's Fourth Consolidated Amended Complaint, ECF No. 1526—IPPs' then-operative complaint.[11] The ORS/NRS Plaintiffs seek to add, *inter alia*, (1) named plaintiffs for each of the "other repealer states;" (2) subclasses for each of those states; (3) an equitable relief subclass comprised of the 20 "non-repealer states;" (4) allegations regarding violations of the laws of those states; and (5) counsel for the ORS/NRS plaintiffs and putative class members in those states.[12] In addition, the ORS/NRS Plaintiffs purport to voluntarily dismiss certain defendants, add a defendant, and change the designation of other defendants from defendant to co-conspirator, or vice-versa.[13]

Lead Counsel for the IPPs is listed on ORS/NRS Plaintiffs' proposed amended complaints as counsel on both the caption page and on the signature page.[14] And, the IPP named plaintiffs are

---

[8] ECF No. 5533.

[9] *Id.*

[10] *See* August 9, 2019 CMC Tr., 7:4 – 16.

[11] ECF No. 5567.

[12] The ORS/NRS Plaintiffs filed several versions of their proposed Fifth Consolidated Amended Complaint, all of them containing slightly different allegations. *See, e.g.*, ECF Nos. 5568, 5569, 5570. Most recently, in response to IPPs' filing of their Fifth Consolidated Amended Complaint (ECF No. 5589), the ORS/NRS Plaintiffs filed a proposed Sixth Consolidated Amended Complaint. *See* ECF Nos. 5590-1 & 5590-2.

[13] *See* ECF No. 5590-2, former ¶¶ 50-53, new ¶¶ 131-137 (changing LG entities' designation from defendants to co-conspirators); former ¶ 79 (purporting to voluntarily dismiss Panasonic North America); former ¶ 82 (purporting to voluntarily dismiss MT Picture Display Co., Ltd.); former ¶¶ 92-94 (changing Chunghwa entities' designation from defendants to co-conspirators); new ¶¶ 120-124 (changing designations of Thomson and Videocon entities from co-conspirators to defendants, and adding Technologies Displays as a defendant).

[14] *See* ECF No. 5590 at cover page & p. 127.

listed and included in the definition of "Plaintiffs."[15]  Counsel for the ORS/NRS Plaintiffs never contacted IPP Lead Counsel prior to filing any of their proposed amended complaints to discuss their proposed amendments.[16]  Nor did they ever send him a copy of the proposed amended complaints prior to filing, or otherwise consult with him or get his consent—or the consent of the named IPPs—to propose these amendments to IPPs' operative complaint.[17]

On September 13, 2019, in connection with their efforts to amend their settlements with the Defendants, IPPs and Defendants filed a Joint Stipulation And Proposed Order To Conditionally Amend Complaints For Settlement Purposes (the "Joint Stipulation").[18]  The Joint Stipulation provided that IPPs could amend their operative complaints to substitute the named plaintiffs for Hawaii, Nevada, New Mexico and South Dakota for new named plaintiffs.[19]  On September 16, 2019, the Court entered the Joint Stipulation as an Order.[20]

Also on September 16, 2019, IPPs executed Amendments to their settlement agreements with Defendants and moved the Court to reconsider and amend its Final Approval Order, Final Judgment and Fee Order (ECF Nos. 4712, 4717, 4740) in light of the Amendments.[21]  On September 19, 2019, IPPs filed their Fifth Consolidated Amended Complaint.[22]  Also on September 19, 2019, the ORS/NRS Plaintiffs filed a proposed Sixth Consolidated Amended Complaint, purporting to amend and add their allegations to IPPs' Fifth Consolidated Amended Complaint.[23]

---

[15] *Id*. at 4 & ¶¶ 19-49.

[16] Declaration of Mario N. Alioto Re: IPP Response to ORS/NRS Plaintiffs' Motions to Intervene and Amend Complaint ("Alioto Decl."), ¶ 2.

[17] *Id.* ¶ 3.

[18] ECF No. 5584.

[19] *Id.*

[20] ECF No. 5585.

[21] ECF No. 5587.

[22] ECF No. 5589.

[23] ECF No. 5590-1 & 5590-2.

# ARGUMENT

## I. ORS/NRS PLAINTIFFS SHOULD NOT BE PERMITTED TO AMEND IPPS' OPERATIVE COMPLAINT

While IPPs take no position on whether the ORS/NRS Plaintiffs satisfy Rule 15(a)(2)'s requirements for amending one of the complaints on file in this litigation, the ORS/NRS Plaintiffs should not be permitted to amend IPPs' operative complaint.

### A. ORS/NRS Plaintiffs Failed To Obtain IPP Lead Counsel's Or The Named IPPs' Consent To The Proposed Amendments To IPPs' Complaint

As stated, despite the fact that IPP Lead Counsel's name appears on the cover page and the signature page of the ORS/NRS Plaintiffs' proposed Sixth CAC, he was not consulted or otherwise notified regarding their proposed amendments to IPPs' operative complaint prior to filing, and he certainly never gave his consent to those proposed amendments. Nor did ORS/NRS Plaintiffs get the consent of the named IPPs, even though they purport to make and amend allegations on the IPP named plaintiffs' behalf throughout the proposed Sixth CAC. Counsel for the ORS/NRS Plaintiffs have no authority to make or amend allegations on the IPP named plaintiffs' behalf.  Indeed, ORS/NRS Plaintiffs' counsel never even provided a copy of the proposed amended complaints to IPP Lead Counsel before filing, much less received his concurrence, in violation of the Northern District of California's Civil Local Rule 5-1(i)(3).[24]

The ORS/NRS Plaintiffs' failure to comply with Local Rule 5-1(i)(3) is problematic (and sanctionable[25]) in and of itself. The reason Rule 5-1(i)(3) requires an affirmative attestation that each signatory has concurred in a document's filing is because Rule 5-1(i)(1) provides that "when

---

[24] Subsection (3) of Local Rule 5-1(i) provides that where, as here, the "document[] requir[es] multiple signatures, the filer of the document shall attest that concurrence in the filing of the document has been obtained from each of the other Signatories, which shall serve in lieu of their signatures on the document." The ORS/NRS Plaintiffs' filing does not include an attestation that IPP Lead Counsel concurred in the filing of the proposed amended complaints.

[25] *See* Civ. L.R. 5-1(j) ("Failure of counsel to timely register or otherwise comply with ECF filing requirements shall subject counsel to sanctions as may be imposed by the Court."). IPPs mention this only to emphasize the seriousness of the matter. IPPs are not seeking sanctions under this Rule, or on any other basis.

the document identifies the person as a Signatory . . . [it] shall bind the Signatory as if the document was physically signed and filed, and shall function as the Signatory's signature . . . for purposes of Rule 11 of the Federal Rules of Civil Procedure . . . ." Here, the ORS/NRS Plaintiffs purport to add a number of allegations with which IPP Lead Counsel disagrees because they would prejudice IPPs, and could raise Rule 11 concerns.

For example, the ORS/NRS Plaintiffs' new paragraph 269 of their proposed Sixth CAC alleges an "equitable relief subclass consisting of" the 20 "non-repealer" states.[26] As IPP Lead Counsel has repeatedly maintained, and as this Court found, there is no viable claim for equitable injunctive relief because "the price-fixing sought to be enjoined ended at least eight [now eleven] years ago[,]" and "the CRT business has largely died and the people who effectuated the CRT conspiracy moved on when the CRT technology became obsolete."[27] This Court likewise found that indirect purchasers cannot bring an equitable disgorgement claim under the Clayton Act because it would work an end-run around *Illinois Brick's* bar on indirect purchaser claims under federal law.[28] These findings were not appealed and nothing the Ninth Circuit panel said at oral argument casts any doubt on these findings.[29] Indeed, Judge Clifton indicated at oral argument that releasing the non-repealer state claims was not problematic because they have no claim for monetary relief.[30] This Court made similar statements on remand.[31] Moreover, in just the last few months, the Supreme Court declined to overrule *Illinois Brick* and grant indirect purchasers

---

[26] ECF No. 5590-2, ¶ 269.

[27] ECF No. 4712 ("Final Approval Order") at 19.

[28] *Id*. at 19-20.

[29] Cooper & Kirkham P.C.'s appeal was dismissed before its opening brief was filed because "[n]either attorney Cooper nor Cooper & Kirkham, P.C. are members of the settlement class . . . and neither may bring an appeal on behalf of a group of unidentified class members." *See* ECF No. 5127.

[30] See ECF No. 5335-1, April 10, 2018 Hearing Tr., 49:14-17 ("And I'm willing to accept that -- and there doesn't seem to be a serious challenge that if you're from a non-repealer state you're kind of stuck when it comes to money.").

[31] *See* April 9, 2019 CMC Tr., 12:15 ("Those claims strike me as actually worthless.").

standing to sue under the Sherman Act.[32]

Accordingly, while the ORS/NRS Plaintiffs and their counsel are free to make their own determinations regarding these claims and allege them in their own, separate complaint, IPP Lead Counsel and the IPP named plaintiffs do not concur in the amendment of IPPs' operative complaint to allege these claims.[33]

### B. IPP Lead Counsel Disagrees With Several Proposed Amendments To IPPs' Operative Complaint That Would Prejudice IPPs

The ORS/NRS Plaintiffs also purport to make other amendments to IPPs' operative complaint which they have no authority to make on behalf of IPPs and, if asked, IPP Lead Counsel would not have agreed to. For example, ORS/NRS Plaintiffs propose to voluntarily dismiss defendant Panasonic North America ("Panasonic NA") and MT Picture Display Co., Ltd. ("MTPD") from IPPs' operative complaint.[34] IPPs are not privy to the reasons for the ORS/NRS Plaintiffs' dismissal of these defendants, but surmise it is based upon the Court's grant of summary judgment in favor of Panasonic NA in certain Direct Action Plaintiff cases and MTPD's recent dissolution.[35]

IPPs settled with the Panasonic defendants, including Panasonic NA, shortly after the filing of their summary judgment motion, and the motion was withdrawn pending final approval of their settlement.[36] There is no reason for IPPs to voluntarily dismiss Panasonic NA or MTPD while final approval of their settlement is pending. Moreover, IPPs want to preserve the right to potentially seek further briefing on Panasonic NA's summary judgment motion and appeal an adverse ruling in the event the settlement does not become final and the parties continue to litigate.

---

[32] *See Apple v. Pepper*, 139 S. Ct. 1514, 1521 n. 2 (2019). Certain of ORS Plaintiffs' new state law claims also raise Rule 11 concerns.

[33] Alioto Decl. ¶ 4.

[34] *See* ECF No. 5590-2, former ¶¶ 79, 82.

[35] *See* ECF No. 5119 at 10-11; Alioto Decl. ¶ 5.

[36] Alioto Decl. ¶ 6; ECF No. 3862-2 (Panasonic Settlement Agreement) ¶ 24.

1  The ORS/NRS Plaintiffs' voluntary dismissal of Panasonic NA from IPPs' operative complaint
2  would deny IPPs' these rights and opportunities.
3        Similarly, IPP Lead Counsel would not have agreed to change the designation of Thomson
4  SA (n/k/a Technicolor SA), Thomson Consumer Electronics Inc. (n/k/a Technicolor USA, Inc.)
5  and Videocon Industries, Ltd. from co-conspirators to defendants, or to adding Technologies
6  Displays Americas as a defendant.[37]  IPPs have a separate complaint that contains much more
7  detailed and specific allegations against these defendants than the allegations contained in the
8  proposed Sixth CAC.[38] If IPPs' settlement with these defendants does not become final, IPPs must
9  be allowed to proceed against the Thomson and TDA defendants under this separate, more
10 detailed complaint.
11       Ultimately, it is axiomatic that IPPs and their counsel should have autonomy over the
12 allegations in IPPs' complaint.   The ORS/NRS Plaintiffs cannot be permitted to amend IPPs'
13 complaint without the concurrence of IPP Lead Counsel and the IPP named plaintiffs.  Further,
14 ORS Plaintiffs contend that IPPs' interests are "diametrically opposed" to those of the ORS
15 Plaintiffs.[39]  Given this contention and the fundamental disagreements among counsel regarding
16 what allegations are appropriate, the ORS/NRS Plaintiffs should proceed in their own separate
17 complaint.  As discussed below, there is precedent for doing so.
18    **C.    IPPs Should Be Free To Finally Resolve Their Claims Against The Defendants**
19       IPPs are also concerned that the ORS/NRS Plaintiffs' goal in consolidating their claims of
20 with IPPs' claims in a single complaint is to block final approval of IPPs' amended settlements
21 with the Defendants.  Counsel for the ORS Plaintiffs have already objected to IPPs' "partial

---

[37] *See* ECF No. 5590-2, ¶¶ 120-124.

[38] *See* ECF No. 5584-2, Ex. B (Proposed Second Amended Class Action Complaint against the Thomson and TDA Defendants, filed conditionally under seal).  IPPs have not yet filed this Complaint because they are awaiting the Court's ruling on the sealing motion, ECF No. 5583.  *See also* ECF No. 3871-4 (First Amended Class Action Complaint).

[39] *See* ORS Motion at 10.

1  settlement" of the case on behalf of the 22 States without even knowing the terms of the amended
2  settlements.[40]  IPPs anticipate that if the ORS/NRS Plaintiffs are permitted to amend IPPs'
3  complaint and consolidate their claims with IPPs, they will continue to object to IPPs' amended
4  settlements with the Defendants on the grounds that IPPs cannot "partially settle" the case.

5  Relatedly, ORS/NRS Plaintiffs may also contend that this Court cannot enter a final
6  appealable order approving IPPs' amended settlements since not all of the claims in the IPPs'
7  complaint against the Defendants would be resolved.[41]

8  These concerns can easily be resolved if the ORS/NRS Plaintiffs allege their claims (and
9  only their claims) in a separate complaint, as further explained below.

10  **D.     The ORS/NRS Plaintiffs Need Not Amend IPPs' Operative Complaint**

11  It is not necessary for the ORS/NRS Plaintiffs to amend IPPs' operative complaint.  They
12  could, instead (for example) seek leave to amend one of the original, pre-consolidation complaints
13  filed in this litigation, and title it "ORS/NRS Plaintiffs' First Consolidated Amended Complaint."
14  There would be no prejudice to the ORS/NRS Plaintiffs in proceeding this way—all of the legal
15  theories on which they purport to rely to defeat defendants' statute of limitations defenses would
16  still be available to them.[42]

17  There is certainly no requirement that the IPPs and ORS/NRS Plaintiff consolidate their
18  claims in a single complaint.[43]  This is particularly true where, as here, the claims that the IPPs,
19  and ORS/NRS Plaintiffs wish to allege differ substantially, and are in very different procedural

---

[40] ECF No. 5533.

[41] *See, e.g., In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) ("But when the plaintiff files an amended complaint that unifies claims initially brought separately, the cases merge into a single action so far as § 1291 is concerned; one claim cannot come up on appeal until the district court disposes of the whole complaint or the district court provides a Rule 54 certification.").

[42] *See* ORS Motion at 17 (listing various legal theories upon which ORS Plaintiffs intend to rely).

[43] *See* Manual for Complex Litigation (4th ed.), at 224, n. 668 (noting that in multidistrict litigation, a master file may be established and "[t]his file *may* include a single amended consolidated complaint. . . .").

postures, and the ORS Plaintiffs contend that class members' interests are "diametrically opposed" to each other.

In *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 827 F.3d 223, 227, 229 (2d Cir. 2016), the Second Circuit vacated the district court's approval of a settlement where the settlement class was comprised of a damages subclass and an injunctive relief subclass, and the two classes represented by the same counsel. On remand, the district court appointed separate counsel for the Rule 23(b)(3) damages class and the Rule 23(b)(2) injunctive relief class. Thereafter, counsel for the two classes filed two separate complaints.[44] The Rule 23(b)(3) damages class subsequently re-negotiated amended settlements with the defendants, and has moved for approval of those settlements.[45] The Rule 23(b)(2) class's case against the defendants continues. Thus, there is no reason why the ORS/NRS Plaintiffs' claims cannot proceed by way of a separate complaint, as in the *Interchange Fee* case.

## II.  IPP CLASS COUNSEL ADEQUATELY REPRESENTED THE OTHER REPEALER STATES

In their Motion, the ORS/NRS Plaintiffs assert that IPP Counsel inadequately represented the ORS/NRS class members, necessitating intervention and justifying their request for leave to amend.

*First*, neither this Court nor any other court has found a conflict between IPP Lead Counsel and the ORS/NRS class members, or inadequate representation by IPP Lead Counsel. The Court's Order denying the Rule 62.1 motion specifically noted that the issue "requires further exploration."[46] And, at the April 9, 2019 Case Management Conference, the Court was clear that

---

[44] *See In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 330 F.R.D. 11, 23 (2019) (describing proceedings in district court after remand, including the filing of two separate complaints by the two classes).

[45] *See generally id.* (Order granting preliminary approval of amended settlements between Rule 23(b)(3) class and defendants).

[46] ECF No. 5362 at 2.

1  it did not believe it necessary to make a finding regarding adequacy of representation.[47]

2  *Second,* Lead Counsel did not fail to vigorously represent ORS/NRS class members.  The
3  ORS/NRS Plaintiffs ignore that IPPs alleged claims on behalf of class members in Arkansas,
4  Montana and Rhode Island, and those claims were dismissed on the merits.[48]  IPP Lead Counsel
5  also continued to make efforts to bring claims on behalf of Massachusetts purchasers long after the
6  dismissal of the Massachusetts claim in October 2010, as well as claims on behalf of purchasers in
7  other states.  And, IPPs sought a ruling allowing claims to proceed without a named plaintiff from
8  each state.[49]

9  ORS/NRS Plaintiffs also ignore that both this Court and the Special Master have already
10 decided this issue in IPP Lead Counsel's favor.  They reviewed the evidence presented by IPP
11 Lead Counsel and the then-objectors, and concluded that Lead Counsel's evidence was "more
12 credible," and that viable plaintiffs for Massachusetts, Missouri and New Hampshire were not
13 available.[50]  The Special Master further concluded that IPP Lead Counsel "had no duty to dredge
14 up a plaintiff."[51]

15 Accordingly, the ORS/NRS Plaintiffs' overstated, self-serving assertions of inadequate
16 representation do not provide a basis to grant this Motion.

17 **III.    CONCLUSION**

18 For all the foregoing reasons, the ORS Plaintiffs' Motion for leave to amend IPPs'
19 operative complaint should be denied.  The ORS and NRS Plaintiffs should be required to file a
20 new complaint or seek leave to amend a different complaint, and allege only the claims of the
21 ORS/NRS Plaintiffs, not those of IPPs.

---

[47] *See* April 9, 2019 CMC Transcript at 15:7-14.

[48] ECF Nos. 665 at 24, 597 at 30-31 (Rhode Island); 768 at 3-5, 15 (Arkansas and Montana).

[49] *See* ECF Nos. 768 at 5-6, 15 (rejecting IPPs' argument that question of whether each state must be separately represented by a plaintiff residing in that state could be deferred until class certification).

[50] *See* Final Approval Order at 23; 4351 ("R&R") at 39-40.

[51] R&R at 41, 76.

| | | |
|---|---|---|
| 1 | Dated: September 20, 2019 | Respectfully submitted, |
| 2 | | |
| 3 | | By:   */s/ Mario N. Alioto*   <br>        MARIO N. ALIOTO (56433) |
| 4 | | LAUREN C. CAPURRO (241151) <br> **TRUMP, ALIOTO, TRUMP &** |
| 5 | | **PRESCOTT, LLP** <br> 2280 Union Street |
| 6 | | San Francisco, California 94123 <br> Telephone: (415) 563-7200 |
| 7 | | Facsimile: (415) 346-0679 |
| 8 | | |
| 9 | | ***Lead Counsel for the Indirect Purchaser Plaintiffs*** |

INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO MOTIONS TO
INTERVENE AND AMEND COMPLAINT