

Kassra P. Nassiri
NASSIRI & JUNG LLP
1700 Montgomery Street, Suite 207
San Francisco, CA 94111

(t) 415 762 3100 | (f) 415 534 3200
kass@njfirm.com | www.njfirm.com

September 24, 2019

*Via E-Filing*

Honorable Judge Jon S. Tigar
U.S. District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

**Re:   In re: Cathode Ray Tube (CRT) Antitrust Litigation, Indirect Purchaser Actions
       MDL No. 1917, Case No. C-07-5944-JST (N.D. Cal.)**

Dear Judge Tigar:

      Interested party Spectrum Settlement Recovery, LLC ("Spectrum") respectfully requests leave of this Court to appear at the October 23, 2019 hearing on the Motion to Amend[1] to present briefly its views as to why prompt determination of the treatment of Late Claims is in the best interests of the Class. For all the reasons stated in its letter to the Court dated September 17, 2019 (ECF No. 5588, the "Late Claims Letter," enclosed herewith for the Court's convenience), Spectrum believes it would be useful to the Court to communicate its views now so that the Court may consider when and how best to handle Late Claims and, importantly, move expeditiously toward final distribution of the settlement fund. This Court has previously permitted Spectrum to submit its views in this litigation as *amicus curiae*.

      The Late Claims Letter sets forth the reasons why the time is now ripe to determine how Late Claims will be handled, and we will not repeat all of those here. In a nutshell, given the significant likelihood of appeals to the Ninth Circuit related to this Court's handling of Late Claims, the Class would be best served by joining the Late Claims issue prior to or concurrently with final approval, so that any appeal concerning Late Claims could be handled at the same time as appeals concerning the final approval, rather than after appeals from final approval are decided. Because appeals concerning Late Claims are, unfortunately, virtually certain, deferral of the Late Claims issue will significantly prejudice the Class through the inevitable piecemeal and

---

[1] Indirect Purchaser Plaintiffs' Motion Pursuant to Ninth Circuit Mandate to Reconsider and Amend Final Approval Order, Final Judgment and Fee Order (ECF No. 5587, the "Motion to Amend"). All capitalized terms herein shall have the meanings assigned to them in the Motion to Amend.

*In re: Cathode Ray Tube (CRT) Antitrust Litig., Indirect Purchaser Actions*
September 24, 2019
Page 2 of 2

serial appeals that would delay the distribution of settlement funds by as much as nine months or longer. (Late Claims Letter at 4-6.)[2]

      Spectrum therefore respectfully requests that the Court issue an order granting its request to appear at the October 23 hearing to argue for prompt determination of Late Claims, and to consider whether the Court would benefit from briefing from Spectrum and other interested parties on whether late filers should be required to demonstrate excusable neglect.

Respectfully submitted,

NASSIRI & JUNG LLP

    */s/ Kassra P. Nassiri*

Kassra P. Nassiri
Attorneys for Spectrum Settlement Recovery, LLC

Encl.

---

[2] The Late Claims Letter also addresses the underlying issue—*how* Late Claims will be determined—which is of great importance to Class members who filed Timely Claims, including Spectrum's clients. The Motion to Amend identifies the impact to the Class of accepting Late Claims *en masse*—the per unit recovery for Class members who filed Timely Claims would drop from $6.10 to $5.12. (Late Claims Letter at 2.) Spectrum argues that this Court should not selectively extend the effective claim filing deadline for a subset of the Class by summarily accepting the Late Claims filed principally by two third party claims filers. Instead, this Court should follow long-established law and require late filers to demonstrate excusable neglect. (*Id.* at 11-14.) At the Court's pleasure Spectrum would be pleased to file a motion to intervene along with an accompanying request for leave to file an appropriate formal pleading.