# EXHIBIT 1

FaegreBD.com

# FAEGRE BAKER DANIELS

USA ▼ UK ▼ CHINA

**Kathy L. Osborn**
*Indianapolis Office Leader/Partner*
kathy.osborn@FaegreBD.com
Direct **+1 317 237 8261**

Faegre Baker Daniels LLP
300 North Meridian Street ▼ Suite 2500
Indianapolis ▼ Indiana 46204-1750
Main **+1 317 237 0300**
Fax **+1 317 237 1000**

September 26, 2019

**CERTIFIED MAIL**

TO: ALL ADDRESSES LISTED IN ATTACHMENT A

    Re:    **Notice of Proposed Amended Settlement in *In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917, Case No. 4:07-cv-05944-JST (N.D. Cal.)**

Dear Sir or Madam:

    Thomson SA (n/k/a "Technicolor SA"), Thomson Consumer Electronics, Inc. (n/k/a "Technicolor USA, Inc.") (collectively, the "Thomson Defendants"), and Technologies Displays Americas LLC (formerly known as Thomson Americas LLC ) ("TDA") are defendants in the above-referenced matter, which is pending before the Honorable Jon S. Tigar in the United States District Court for the Northern District of California. In accord with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, the Thomson Defendants and TDA hereby serve you with notice that a proposed amended settlement of the claims between the Thomson Defendants, TDA, and the 22 state classes of Indirect Purchaser Plaintiffs ("IPPs") has been filed with the Court. The Thomson Defendants previously notified your office of their original proposed settlement with the IPPs in this matter in a letter dated June 22, 2015.

    The action relates to alleged overcharges for cathode ray tubes ("CRTs") in the United States from March 1995 through November 2007. The enclosed CD contains the below referenced materials relating to this proposed amended settlement. The Thomson Defendants and TDA deny all these claims but have agreed to settle this lawsuit to avoid the expenses, uncertainties, delays, and other risks inherent in further litigation.

    A motion to reconsider and amend final approval of the settlement with the Thomson Defendants, TDA, and other defendants ("Motion to Amend Final Approval") was filed with the Court on September 16, 2019.

## I. PROPOSED SETTLEMENT CLASS DEFINITION

The proposed settlement class has been amended to be defined as follows:

a. <u>Indirect Purchaser Plaintiff Statewide Damages Classes:</u>

> All persons and or entities in Arizona, California, District of Columbia, Florida, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, and Wisconsin who or which indirectly purchased for their own use and not for resale, CRT Products manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or co-conspirator thereof, at any time during the period from at least March 1, 1995 through at least November 25, 2007.
>
> All persons and entities in Hawaii who or which indirectly purchased for their own use and not for resale CRT Products manufactured and/or sold by one or more of the Defendants or any parents, affiliates, subsidiaries, predecessors or successors in interest or co-conspirators thereof, at any time from June 25, 2002 through at least November 25, 2007.
>
> All persons and entities in Nebraska who or which indirectly purchased for their own use and not for resale CRT Products manufactured and/or sold by one or more of the Defendants or any parents, affiliates, subsidiaries, predecessors or successors in interest or co-conspirators thereof, at any time from July 20, 2002 through at least November 25, 2007.
>
> All persons and entities in Nevada who or which indirectly purchased for their own use and not for resale CRT Products manufactured and/or sold by one or more of the Defendants or any parents, affiliates, subsidiaries, predecessors or successors in interest or co-conspirator thereof at any time from February 4, 1999 through at least November 25, 2007.
>
> Specifically excluded from these Classes are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and, any affiliate, legal representative, heir or assign of any Defendant. Also excluded are named co-conspirators, any federal, state or local government entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

## II.  MATERIALS REQUIRED BY 28 U.S.C. § 1715

Enclosed herewith is a CD containing the materials required by 28 U.S.C. § 1715(b). The materials have been provided in Adobe Acrobat (.pdf) format and include the following:

### (1)  Complaints and Supporting Documents

**Folder 1** on the enclosed CD contains the following complaints filed by the IPPs: the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint (Dkt. No. 437, filed on March 16, 2009); the Indirect Purchaser Plaintiffs' Second Consolidated Amended Complaint (Dkt. No. 716, filed on May 10, 2010); the Indirect Purchaser Plaintiffs' Third Consolidated Amended Complaint (Dkt. No. 827, filed on December 11, 2010); the Indirect Purchaser Plaintiffs' Fourth Consolidated Amended Complaint (Dkt. No. 1526, filed on January 10, 2013); the First Amended Class Action Complaint (Dkt. No. 3871-4, filed on June 11, 2015); the Second Amended Class Action Complaint (Dkt. 5584-2, filed on September 13, 2019); and the Fifth Consolidated Amended Complaint (Dkt. 5589, filed September 19, 2019).

### (2)  Notice of Any Scheduled Hearing in the Class Action

A hearing on the IPPs' Motion Pursuant to Ninth Circuit Mandate to Reconsider and Amend Final Approval Order, Final Judgment and Fee Order is scheduled for October 23, 2019 at 2:00 p.m. at the United States Courthouse, Courtroom 6, 2nd Floor, 1301 Clay St., Oakland, CA 94612.

### (3)  Proposed or Final Notice to Class Members of Proposed Settlement and of Right to Request Exclusion from Class

**Folder 3** on the enclosed CD contains the following declaration attaching proposed notifications to class members:

Declaration of Joseph M. Fischer Regarding Amendments to the Settlement, filed September 16, 2019 (Dkt. No. 5587-2)

a.  Ex. A: Proposed Postcard Notice (Dkt. No. 5587-2)

b.  Ex. B: Proposed Email Notice (Dkt. No. 5587-2)

c.  Ex. C: Proposed Detailed Notice (Dkt. No. 5587-2)

As explained further in the proposed notifications, class members were previously notified of the settlement and provided an opportunity to request exclusion from the class action, and no further opportunity is contemplated because of the amendment to the settlement.

### (4)  Any Proposed or Final Class Action Settlement

**Folder 4** on the enclosed CD contains a copy of the IPPs' settlement agreement with the Thomson Defendants and TDA, which was executed on June 10, 2015 (Dkt. 3876-1), along with a copy of the amendment to IPPs' settlement agreement with the Thomson Defendants and TDA, which was executed on September 16, 2019 (Dkt. 5587-1).

(5) **Any Settlement or Other Agreement Contemporaneously Made Between Class Counsel and Counsel for the Defendants**

The IPPs, the Thomson Defendants, and TDA have not contemporaneously entered into any other agreements.

(6) **Any Final Judgment or Notice of Dismissal**

**Folder 6** on the enclosed CD contains the following final judgment of dismissal related to the proposed settlement:

Final Judgment of Dismissal with Prejudice as to the Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson, and TDA Defendants, filed July 14, 2016 (Dkt. No. 4717)

(7) **If Feasible, Names of Class Members Who Reside in Each State and Estimated Proportionate Shares of the Entire Settlement**

Because CAFA's requirement that a settling defendant provide "the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate State official" is not feasible, *see* 28 U.S.C. § 1715(b)(7)(A), the Thomson Defendants and TDA have attempted to make "a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of claims of such members to the entire settlement." *Id.* § 1715(b)(7)(B). Based upon review of the population of the United States by state, the following table estimates the proportionate share of the claims of class members residing in each state included in the amended settlement.[1] The class period encompasses 1995 to 2007 and, for comparison purposes, the table below utilizes U.S. Census Bureau population data for both 2000 and 2018.

|  | 2000 | | 2018 | |
| --- | --- | --- | --- | --- |
| State | State Population[2] | Estimated Share of Settlement | Estimated State Population[3] | Estimated Share of Settlement |
| Arizona | 5,130,632 | 3.98% | 7,171,646 | 4.79% |
| California | 33,871,648 | 26.30% | 39,557,045 | 26.41% |
| District of Columbia | 572,059 | 0.44% | 702,455 | 0.47% |
| Florida | 15,982,378 | 12.41% | 21,299,325 | 14.22% |
| Hawaii | 1,211,537 | 0.94% | 1,420,491 | 0.95% |
| Iowa | 2,926,324 | 2.27% | 3,156,145 | 2.11% |

---

[1] The Thomson Defendants and TDA reserve the right to revise these estimates.

[2] 2000 state population metrics based on U.S. government census data, available at https://www.census.gov/population/www/cen2000/maps/respop.html.

[3] 2018 estimated state population metrics based on U.S. government population estimates, available at https://www.census.gov/newsroom/press-kits/2018/pop-estimates-national-state.html.

US.124832528.01

| State | 2000 | | 2018 | |
|---|---|---|---|---|
| | State Population[2] | Estimated Share of Settlement | Estimated State Population[3] | Estimated Share of Settlement |
| Kansas | 2,688,418 | 2.09% | 2,911,505 | 1.94% |
| Maine | 1,274,923 | 0.99% | 1,338,404 | 0.89% |
| Michigan | 9,938,444 | 7.72% | 9,995,915 | 6.67% |
| Minnesota | 4,919,479 | 3.82% | 5,611,179 | 3.75% |
| Mississippi | 2,844,658 | 2.21% | 2,986,530 | 1.99% |
| Nebraska | 1,711,263 | 1.33% | 1,929,268 | 1.29% |
| Nevada | 1,998,257 | 1.55% | 3,034,392 | 2.03% |
| New Mexico | 1,819,046 | 1.41% | 2,095,428 | 1.40% |
| New York | 18,976,457 | 14.74% | 19,542,209 | 13.05% |
| North Carolina | 8,049,313 | 6.25% | 10,383,620 | 6.93% |
| North Dakota | 642,200 | 0.50% | 760,077 | 0.51% |
| South Dakota | 754,844 | 0.59% | 882,235 | 0.59% |
| Tennessee | 5,689,283 | 4.42% | 6,770,010 | 4.52% |
| Vermont | 608,827 | 0.47% | 626,299 | 0.42% |
| West Virginia | 1,808,344 | 1.40% | 1,805,832 | 1.21% |
| Wisconsin | 5,363,675 | 4.16% | 5,813,568 | 3.88% |
| **Total** | **128,782,009** | **100.00%** | **149,793,578** | **100.00%** |

(8) **Any Written Judicial Opinion Relating to the Materials Described Under Subparagraphs (3) through (6)**

**Folder 8** on the enclosed CD contains the following judicial opinions relating to the materials described in 28 U.S.C. §§ 1715(b)(3) through (b)(6):

a. Order Granting Final Approval of Indirect Purchaser Settlements, filed July 7, 2017 (Dkt. No. 4712)

b. Order on Attorneys' Fees, Expenses, and Incentive Awards Regarding Indirect Purchaser Plaintiff Settlements, filed August 3, 2016 (Dkt. No. 4740)

c. Order of the Ninth Circuit in *In re: Indirect Purchaser Plaintiffs v. Toshiba Corporation*, No. 16-16373 (9th Cir.), filed February 13, 2019 (Dkt. No. 252)

Please be advised that the parties will ask that the Court find that this notice complies with CAFA and there will be no supplement to this notice. Please do not hesitate to contact me with any questions you may have regarding these materials.

Sincerely,

*Kathy L. Osborn*                                             *Donald Wall*

Kathy L. Osborn                                                Donald Wall

Enclosures

cc:   Mario Alioto, Esq., Lead Counsel for IPPs (w/o enclosures)
      Ryan M. Hurley (w/o enclosures)
      Jeffrey S. Roberts (w/o enclosures)