CROWELL & MORING LLP
Daniel A. Sasse (CSB No. 236234)
  DSasse@crowell.com
Deborah E. Arbabi (CSB No. 167275)
  DArbabi@crowell.com
3 Park Plaza, 20th Floor
Irvine, CA  92614-8505
Telephone: 949.263.8400
Facsimile:  949.263.8414

Attorneys for 199 Certain Members of the Indirect Settlement Class for the 22 States

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | MDL No. 1917<br><br>Master File No. 4:07-cv-5944-JST<br>Case No. 13-cv-03234-JD |
| THIS DOCUMENT RELATES TO:<br><br>INDIRECT PURCHASER ACTIONS FOR THE 22 STATES | **STATEMENT OF NON-OPPOSITION TO SETTLEMENT AMENDMENTS FOR THE CLASS OF 22 STATES AND SUPPORT FOR APPROVING LATE-BUT-VALID CLAIMS**<br><br>Hon. Jon S. Tigar |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ........................................................................................................................... 1

ARGUMENT ................................................................................................................................... 1

I.  APPROVING LATE-BUT-VALID CLAIMS WILL BOTH ACCELERATE THE CONCLUSION OF THIS CASE AND MAKE THE VICTIM-CLAIMANTS WHOLE. ............................................................................................................................ 1

II. THE COURT'S EQUITABLE POWER AND FIDUCIARY DUTY EXTENDS TO ALL CLAIMANTS—NOT JUST THOSE WHO SUBMITTED TIMELY CLAIMS. ............................................................................................................................ 3

III. APPROVING LATE-BUT-VALID CLAIMS WILL NEITHER DELAY THE PROCEEDINGS NOR PREJUDICE THE CLASS ............................................................. 4

    A.  Approving Late Claims Will Not Delay The Ongoing Claims Process Nor Distribution Of Funds. ................................................................................... 4

    B.  Courts Routinely Approve Late Claims Without Individualized Analysis Of Each Late-But-Valid Claim, Thus Avoiding Unreasonable Delays And Waste Of Settlement Funds. ............................................................................. 5

    C.  Late-But-Valid Claims Will Not Prejudice The Class Because No Class Member Has A Justifiable Expectation Of A Particular Recovery. ........................ 9

CONCLUSION ............................................................................................................................. 10

-i-

STMT OF NON-OPPN TO SETT AMDS FOR CLASS OF 22 STATES &
SUPT FOR APVG LATE-BUT-VALID CLAIMS; MDL NO. 1917;
MASTER FILE NO. 4:07-CV-5944-JTS; CASE NO. 13-CV-03234-JD

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Abrams v. Van Kampen Funds, Inc.*,
  No. 01 C 7538, 2007 WL 1280626 (N.D. Ill. Apr. 26, 2007)......................................................4

*Axiom Inv. Advisors, L.L.C. v. Barclays Bank PLC*,
  No. 15-9323, ECF Nos. 135, 138 (S.D.N.Y. 2018) ...................................................................6

*Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*,
  No. 09-3690, ECF Nos. 786, 802  (N.D. Ill. 2016) ...................................................................7

*In re Aftermarket Filters Antitrust Litig.*,
  No. 08-4883, ECF Nos. 1077, 1082 (N.D. Ill. 2014) ................................................................7

*In re "Agent Orange" Prod. Liab. Litig.*,
  689 F. Supp. 1250 (E.D.N.Y. 1998)......................................................................................3, 9

*In re Air Cargo Shipping Services Antitrust Litig.*,
  MDL No. 1775 (E.D.N.Y) ........................................................................................................6

*In re Authentidate Holding Corp. Sec. Litig.*,
  No. 05-cv-5323-LTS, 2013 WL 324153..............................................................................8, 10

*In re Capacitors Antitrust Litig.*,
  Case No. 14-03264 (N.D. Cal.).................................................................................................6

*In re Credit Default Swaps Antitrust Litig.*,
  2016 WL 2731524 (S.D.N.Y, April 26, 2016) ..................................................................2, 5, 6

*In re Ductile Iron Pipe Fittings (DIPF) Direct Purchaser Antitrust Litig.*,
  Case No. 12-00169 (New Jersey)..............................................................................................7

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*,
  No. 02-1486, ECF Nos. 2273, 2283 (N.D. Cal. 2016)...........................................................6, 9

*In re Fasteners Antitrust Litig.*,
  No. 08-1912, ECF Nos. 140-1, 142 (E.D. Pa. 2014) ................................................................7

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
  No. 02-cv-3400-CM, 2011 WL 5039776 (S.D.N.Y. Oct. 21, 2011) ........................................5

*In re Folding Carton Antitrust Litig.*,
  557 F. Supp. 1091 (N.D. Ill. 1983), aff'd in part, 744 F.2d 1252 (7th Cir. 1984) .................2, 4

*In re Foreign Exch. Benchmark Rates Antitrust Litig.*,
  No. 13-7789, ECF Nos. 1216, 1230 (S.D.N.Y. 2019) ..............................................................7

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-ii-

STMT OF NON-OPPN TO SETT AMDS FOR CLASS OF 22 STATES &
SUPT FOR APVG LATE BUT VALID CLAIMS; MDL NO. 1917;
MASTER FILE NO. 4:07-CV-5944-JTS; CASE NO. 13-CV-03234-JD

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
   327 F.R.D. 483 (S.D.N.Y. 2018) ........................................................................................2, 5

*In re Occupant Safety Sys. Cases*,
   No. 12-0601, ECF Nos. 144, 145 (E.D. Mich. 2017) ..............................................................7

*In re Orthopedic Bone Screw Prod. Liab. Litig.*,
   246 F.3d 315 (3d Cir. 2001)..........................................................................................2, 3, 4, 9

*In re Polyurethane Foam Antitrust Litig.*,
   No. 10-2196, ECF Nos. 2086, 2095, 2172, 2184 (N.D. Ohio 2016) ...........................................7

*In re Refrigerant Compressors Antitrust Litig.*,
   No. 09-2042, ECF Nos. 607-1, 610 (E.D. Mich. 2017) ...........................................................6

*In re Steel Antitrust Litig.*,
   No. 08-5214, ECF Nos. 682, 686 (N.D. Ill. 2018).....................................................................7

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   No. 03-1827, ECF Nos. 9217, 9273 (N.D. Cal. 2014) ..............................................................6

*In re Urethane Antitrust Litig.*,
   04-MD-1616, 2008 WL 5215980 (D. Kan. Dec. 12, 2008)..................................................8, 9

*In re Wire Harness Cases*,
   No. 12-2311, ECF Nos. 566-1, 570 (E.D. Mich. 2018) ............................................................8

*Kleen Prods. LLC v. Int'l Paper Co.*,
   Case No. 10-5711 (N.D. Ill.)......................................................................................................6

*McPhail v. First Command Fin. Planning, Inc.*,
   No. 05CV179-IEGJMA, 2009 WL 839841 (S.D. Cal. Mar. 30, 2009) .....................................4

*Mylan Pharms., Inc. v. Warner Chilcott Pub. Ltd.*,
   No. 12-3824, ECF Nos. 686-1, 687 (E.D. Pa. 2015) .............................................................6, 7

*Pettis v. Underwood*,
   No. 06-2143, 2007 WL 2948400 (C.D. Ill. Oct. 9, 2007)..........................................................4

*Precision Assocs., Inc. v. Panalpina World Transp. (Holding) Ltd.*,
   No. 08-0042, ECF Nos. 1517, 1535 (E.D.N.Y. 2019) ..............................................................7

*Zients v. LaMorte*,
   459 F.2d 628 (2d Cir. 1972)..............................................................................................2, 3, 5

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-iii-

STMT OF NON-OPPN TO SETT AMDS FOR CLASS OF 22 STATES &
SUPT FOR APVG LATE BUT VALID CLAIMS; MDL NO. 1917;
MASTER FILE NO. 4:07-CV-5944-JTS; CASE NO. 13-CV-03234-JD

**INTRODUCTION**

Crowell & Moring LLP respectfully submits this statement on behalf of 199 members (Claimants) of the Indirect Purchaser Class for the 22 States (Class). Claimants, who include many Fortune 500 companies, other large corporations, and universities, as well as Crowell & Moring itself, support the proposed settlement amendments submitted in Indirect Purchaser Plaintiffs' Sept. 16, 2019 Motion.[1] The proposed settlement amendments, which narrow the class and related releases against Defendants to 22 states, not only address the concern of releasing claims without compensation but do so while maintaining existing settlement funds so that this action can ultimately reach a rapid conclusion.

In furtherance of that same end—a swift resolution to this proceeding—Claimants urge the Court to authorize the full funding of all late-but-valid claims in this proceeding. Such use of the Court's equity powers—as has been used similarly by courts in at least 19 other cases approving late-but-valid claims—will accelerate, rather than delay, the conclusion of this case. Ultimately, expeditious handling of late-but-valid claims benefits all claimants, both timely and late, by ensuring that additional time is not wasted with individualized determinations for each late claim. In doing so, no victim-claimants will be left uncompensated for their release of claims against Defendants.

**ARGUMENT**

**I.  APPROVING LATE-BUT-VALID CLAIMS WILL BOTH ACCELERATE THE CONCLUSION OF THIS CASE AND MAKE THE VICTIM-CLAIMANTS WHOLE.**

Based on the current status of claims, Claimants purchased from 1995 to 2007 approximately 21 million weighted CRT products—approximately 25.9% of the total weighted CRT units claimed by the Class.[2] A portion of these Claimants, representing approximately 3.5%

---

[1] Indirect Purchaser Pls.' Mot. Pursuant to 9th Cir. Mandate to Reconsider and Amend Final Approval Order, Final J. and Fee Order, ECF No. 5587 (Motion).

[2] *See* Decl. of Joseph Fisher ¶¶ 5–6, ECF 5587-2 (noting 80,814,586 total weighted CRT units from 154,175 timely and 4,607 late claims) (Fisher Decl.).

Crowell & Moring LLP
Attorneys At Law

-1-

STMT OF NON-OPPN TO SETT AMDS FOR CLASS OF 22 STATES & SUPT FOR APVG LATE BUT VALID CLAIMS; MDL NO. 1917; MASTER FILE NO. 4:07-CV-5944-JTS; CASE NO. 13-CV-03234-JD

of total units claimed by the class, filed their claims after the Dec. 8, 2015 deadline—once they became aware of their opportunity to participate in the settlement.  All Claimants, regardless of claim timing, suffered significant damages from overcharges on their purchases due to the price fixing conspiracy among defendant manufacturers.

As courts have held, "every opportunity should be afforded to class members . . . to come forward and collect their rightful share of the settlement." *In re Folding Carton Antitrust Litig.*, 557 F. Supp. 1091, 1104 (N.D. Ill. 1983), *aff'd in part*, 744 F.2d 1252 (7th Cir. 1984).  That certain claimants submitted their valid claims after the deadline does not somehow negate the injury they suffered at the hands of Defendants as victims of the conspiracy.  Rather, it is in precisely these circumstances that the court's "inherent power and duty to protect" becomes most important—namely, equitably compensating victims for their harm.  *See Zients v. LaMorte*, 459 F.2d 628, 630 (2d Cir. 1972).  Where late claimants' participation neither harms or delays the proceedings nor "*significantly* prejudice[s]" the interests of the class, a court should reject arguments for "rigid and unquestioned adherence" to deadlines and instead rely on its "principles of equity and . . . role as a fiduciary" to make the victim-claimants whole.  *See In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 316–17 (3d Cir. 2001) (emphasis added).

The ultimate goal of any distribution method "'is to get as much of the available damages remedy to class members as possible and in as simple and expedient a manner as possible.'" *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 327 F.R.D. 483, 496 (S.D.N.Y. 2018) (*quoting* 4 William B. Rubenstein, *Newberg on Class Actions* § 12:15 (5th ed.) (Westlaw 2018)).  Clearly, the need to "bring[] this whole [case] to a conclusion sooner rather than later is in everybody's interest." (June 6, 2019 Hr'g Tr. 45:10-15, ECF No. 5499 (Tigar, J.).)  In that context, it necessarily follows that late-but-valid claims submitted to date should be approved, without the need for an individualized showing of each late claimant's unique factual circumstances—a process that would likely substantially delay distribution of funds.  *See In re Credit Default Swaps Antitrust Litig.*, 13-md-2476 (DLC), 2016 WL 2731524, at *9 (S.D.N.Y. Apr. 26, 2016) ("A principal goal of a plan of distribution must be the equitable and timely distribution of a settlement fund without burdening the process in a way that will unduly waste the fund.")  To that

CROWELL & MORING LLP
ATTORNEYS AT LAW

-2-

STMT OF NON-OPPN TO SETT AMDS FOR CLASS OF 22 STATES & SUPT FOR APVG LATE BUT VALID CLAIMS; MDL NO. 1917; MASTER FILE NO. 4:07-CV-5944-JTS; CASE NO. 13-CV-03234-JD

end, courts routinely allow the funding of late-but-valid claims without an individualized showing of prejudice, or excusable neglect.  In at least 19 proceedings, discussed in Section III.B *infra.*, courts approved late claims *en masse*, ensuring swift distribution of funds to victims.

Late claims are not the reason this proceeding continues today and their existence and approval will not unreasonably delay the claims process and ultimate distribution of funds.  The audit process was still ongoing when these claims were submitted, and actually continues to date, meaning that these claims will not delay any distribution of funds.  Further, even with the potential reduction in per-unit payment referenced in IPPs' Motion, these late-but-valid claims pose no prejudice to class members as even timely claimants have no justifiable expectation of a particular pay-out. It is simply immaterial whether the estimated per CRT unit payment would decrease somewhat. *See In re "Agent Orange" Prod. Liab. Litig.*, 689 F. Supp. 1250, 1263 (E.D.N.Y. 1988) ("Moreover, since no payments have yet been made to any claimants, earlier estimates of possible payment amounts did not confer on the early claimants any right to those particular amounts."); *see also Orthopedic Bone Screw*, 246 F.3d at 324 ("[T]he loss of a windfall is not prejudicial.").

Therefore, as the claims administrator continues the audit process in earnest, all late-but-valid claims should be approved.  Further, late-but-valid claims should be fully funded and paid based on the same pro-rata share applied to timely claims.

## II. THE COURT'S EQUITABLE POWER AND FIDUCIARY DUTY EXTENDS TO ALL CLAIMANTS—NOT JUST THOSE WHO SUBMITTED TIMELY CLAIMS.

It is unquestioned that courts may use their equitable powers in the administration of a class action settlement and that "[t]hese equitable powers are retained by the court until the settlement fund is actually distributed." *Orthopedic Bone Screw*, 246 F.3d at 321; *see also Zients*, 459 F.2d at 630 (reversing denial of late claimants' participation in settlement fund using "traditional equity powers").

Through courts' "inherent power and duty to protect unnamed, but interested persons," these equity powers necessarily extend to late claimants, with courts routinely allowing late claimants to fully participate in settlement funds.  *Zients*, 459 F.2d at 630; *see Orthopedic Bone*

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-

STMT OF NON-OPPN TO SETT AMDS FOR CLASS OF 22 STATES &
SUPT FOR APVG LATE BUT VALID CLAIMS; MDL NO. 1917;
MASTER FILE NO. 4:07-CV-5944-JTS; CASE NO. 13-CV-03234-JD

*Screw*, 246 F.3d at 321 ("A primary use of these equitable powers is balancing the goals of expedient settlement distribution and the consideration due to late-arriving class members."); *see also McPhail v. First Command Fin. Planning, Inc.*, No. 05CV179-IEGJMA, 2009 WL 839841, at *9 (S.D. Cal. Mar. 30, 2009) (allowing 197 untimely claims).

Although deadlines are an important part of case management, courts recognize that "rigid and unquestioned adherence" to those same deadlines runs contrary to the "court's role as fiduciary in class actions when allowing a claimant participation in a settlement works no harm on the conduct of the proceedings and does not significantly prejudice the interests of the parties." *Orthopedic Bone Screw*, 246 F.3d at 316-17. Moreover, "every opportunity should be afforded class members . . . to come forward and collect their rightful share of the settlement." *Folding Carton*, 557 F. Supp. at 1104; *see also Pettis v. Underwood*, No. 06-2143, 2007 WL 2948400, at *1 (C.D. Ill. Oct. 9, 2007) (accepting late claims); *Abrams v. Van Kampen Funds, Inc.*, No. 01-C-7538, 2007 WL 1280626, at *2 (N.D. Ill. Apr. 26, 2007) (accepting claims filed up to 18 months after deadline).

Ultimately, the Court's fiduciary duty extends not just to timely claimant-victims but to *all* claimant-victims in the proceeding. Regardless of when Claimants submitted their claims, all claimants were harmed by Defendants' actions and therefore, under the Court's equitable powers, deserve to be compensated for their injuries. Even if these late-but-valid claims were to be rejected, Claimants must still release their claims against Defendants under the terms of the settlement. But it is well within the Court's powers to prevent such an inequitable forfeiture. In particular, where, as here, those claim submissions neither delay the proceedings nor prejudice the class, the court has no reason to reject them. *See Orthopedic Bone Screw*, 246 F.3d at 316-17; *Folding Carton*, 557 F.Supp. at 1104.

### III. APPROVING LATE-BUT-VALID CLAIMS WILL NEITHER DELAY THE PROCEEDINGS NOR PREJUDICE THE CLASS

#### A. Approving Late Claims Will Not Delay The Ongoing Claims Process Nor Distribution Of Funds.

Approval of Claimants' late-but-valid claims will not delay this proceeding or the ultimate

CROWELL & MORING LLP
ATTORNEYS AT LAW

-4-

STMT OF NON-OPPN TO SETT AMDS FOR CLASS OF 22 STATES & SUPT FOR APVG LATE BUT VALID CLAIMS; MDL NO. 1917; MASTER FILE NO. 4:07-CV-5944-JTS; CASE NO. 13-CV-03234-JD

1  distribution of settlement funds because the claims administrator is still engaged in the claims
2  audit process.  To that end, courts typically find no delay for claims filed during the claims review
3  process.  *See, e.g., Zients*, 459 F.2d at 630–31; *see also In re Flag Telecom Holdings, Ltd. Sec.
4  Litig.*, No. 02-cv-3400-CM, 2011 WL 5039776, at *2 (S.D.N.Y. Oct. 21, 2011) (finding no delay
5  for late claims submitted while "claims processing work continued").

6       Here, the claims administrator itself acknowledges that the claims process continues for
7  both timely and late claims, stating that "[f]inal numbers may be revised pending resolution of
8  <u>ongoing audits and reviews of claims</u>."  (Fisher Decl. at 2-3, n.3-4 (emphasis added).)  Further,
9  given this continued audit work, IPPs' Motion and accompanying Declaration give no indication
10 that the administrator is prepared to file a distribution motion, which means that claims are still in
11 a certain degree of flux pending the audit process.  With the claims process ongoing, late claims
12 cannot be deemed the cause of any unreasonable delay to the claims process or the proceeding, as
13 audits will first need to be completed before distribution is possible.

14     **B.**    **Courts Routinely Approve Late Claims Without Individualized Analysis Of**
15           **Each Late-But-Valid Claim, Thus Avoiding Unreasonable Delays And Waste**
16           **Of Settlement Funds.**

17      In distributing settlement funds, "[a] principal goal . . . must be the equitable and timely
18 distribution of a settlement fund without burdening the process in a way that will unduly waste
19 the fund." *Credit Default Swaps*, 2016 WL 2731524, at *9.  Overall, the distribution method
20 should be as "'simple and expedient a manner as possible.'" *LIBOR-Based Fin. Instruments*, 327
21 F.R.D. at 496 (quoting *Newberg* § 12:15).  In an effort to avoid delay in settlement fund
22 distribution, courts routinely approve late claims without conducting any individualized analysis
23 into whether a particular claimant's submission prejudiced other members of the class.

24      Here, Claimants have identified at least 19 recent cases in which courts approved late
25 claims without an individualized analysis of prejudice or excusable neglect. In each of these
26 cases, the late-but-valid claims were approved *en masse* where they did not delay the claims
27 distribution process nor did they prejudice the class (and one where recommended approval is
28 pending for the same reasons):

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-5-

STMT OF NON-OPPN TO SETT AMDS FOR CLASS OF 22 STATES &
SUPT FOR APVG LATE BUT VALID CLAIMS; MDL NO. 1917;
MASTER FILE NO. 4:07-CV-5944-JTS; CASE NO. 13-CV-03234-JD

- *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 03-1827, ECF Nos. 9217, 9273 (N.D. Cal. 2014): court approved late claims submitted over 18 months after the claims deadline and ordered the claims administrator to "process all claims[,] . . . including auditing of claims as appropriate" filed as late as approximately one month after the distribution motion was filed. (App. in Supp. of Statement of Non-Opp'n ("App.") Ex. 1 at 10:4–27; Ex. 2 at 3:23–3:10.)

- *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. 02-1486, ECF Nos. 2273, 2283 (N.D. Cal. 2016): for late claims filed up to roughly one year after the deadline, "the distribution [was] not . . . delayed by the additional claims[,] . . . and considerations of overall fairness to the Settlement Class outweigh any prejudice to those class members who filed in the 'first wave' of claims by [the deadline]"; approved by order dated May 19, 2016, which directed the claims administrator to "process all claims received . . . before the date of [the o]rder." (App. Ex. 3 at 16:8–12; Ex. 4 at 6:17–7:13.)

- *In re Capacitors Antitrust Litig.*, No. 14-3264, ECF Nos. 2228, 2228-1 (N.D. Cal. 2018): class counsel recommends the approval of late claims "[b]ecause the claims represent valid purchases, [and] it is in the interests of justice to pay them" with "no evident prejudice to other Settlement Class members from recognizing these claims as valid"; approval pending. (App. Ex. 5 at 11:2–12; Ex. 6 at 7:8–13.)

- *In re Air Cargo Shipping Servs. Antitrust Litig.*, No. 06-1775, ECF Nos. 1526-4, 1673 (E.D.N.Y. 2012): for late claims filed up to two years after the claim deadline, "[n]one of the late claims interfered with or delayed the claim administration process"; approved by order dated May 1, 2012. (App. Ex. 7 at 5:9–12; Ex. 8 at 3.)

- *Axiom Inv. Advisors, L.L.C. v. Barclays Bank PLC*, No. 15-9323, ECF Nos. 135, 138 (S.D.N.Y. 2018): "no delay in the claims distribution process was occasioned by [the] acceptance" of late claims; approved by order dated Sep. 14, 2018. (App. Ex. 9 at 7; Ex. 10 at 3.)

- *In re Refrigerant Compressors Antitrust Litig.*, No. 09-2042, ECF Nos. 607-1, 610 (E.D. Mich. 2017): "[n]one of [the late] claims were received so late as to interfere with the claims administration process"; approved by order dated Mar. 10, 2017. (App. Ex. 11 at 4:20–5:2; Ex. 12 at 2.)

- *Kleen Prods., L.L.C. v. Int'l Paper Co.*, No. 10-5711, ECF Nos. 1454-3, 1457 (N.D. Ill. 2019): late claims "did not cause any delay in the processing of the administration overall"; approved by order dated Feb. 5, 2019. (App. Ex. 13 at 5; Ex. 14 at 7.)

- *In re Credit Default Swaps Antitrust Litig.*, No. 13-2476, ECF Nos. 568, 570 (S.D.N.Y. 2016): late claims "ha[d] not caused significant delay in the distribution . . . or otherwise prejudiced any class member"; approved by order dated Oct. 31, 2016. (App. Ex. 15 at 6; Ex. 16.)

- *Mylan Pharms., Inc. v. Warner Chilcott Pub. Ltd.*, No. 12-3824, ECF Nos. 686-1, 687 (E.D. Pa. 2015): administrator "believe[d] no delay has resulted from the provisional

Crowell & Moring LLP
Attorneys At Law

-6-

STMT OF NON-OPPN TO SETT AMDS FOR CLASS OF 22 STATES & SUPT FOR APVG LATE BUT VALID CLAIMS; MDL NO. 1917; MASTER FILE NO. 4:07-CV-5944-JTS; CASE NO. 13-CV-03234-JD

acceptance of these Late, but Otherwise Eligible, Claims"; approved by order dated Nov. 23, 2015.  (App. Ex. 17 at 8; Ex. 18 at 3.)

- *In re Ductile Iron Pipe Fittings (DIPF) Direct Purchaser Antitrust Litig.*, No. 12-0711, ECF Nos. 493-2, 494 (D.N.J. 2019): "[n]one of the claims were received so late as to interfere with the claims administration process"; approved by order dated Feb. 25, 2019.  (App. Ex. 19 at 3; Ex. 20 at 3.)

- *In re Fasteners Antitrust Litig.*, No. 08-1912, ECF Nos. 140-1, 142 (E.D. Pa. 2014): late claims "did not delay the ultimate processing of [timely claims]"; approved by order dated Nov. 17, 2014.  (App. Ex. 21 at 3; Ex. 22 at 2.)

- *In re Aftermarket Filters Antitrust Litig.*, No. 08-4883, ECF Nos. 1077, 1082 (N.D. Ill. 2014): "acceptance of the [late] claim did not delay the validation and distribution process"; approved by order dated Mar. 20, 2014.  (App. Ex. 23 at 5; Ex. 24 at 3.)

- *In re Polyurethane Foam Antitrust Litig.*, No. 10-2196, ECF Nos. 2086, 2095, 2172, 2184 (N.D. Ohio 2016): for multiple distributions, "late claims did not delay the completion of the claims administration process or distribution" and "Plaintiffs believe[d] it would have been unfair to prevent otherwise valid claims from participating in the distribution . . . solely because they were submitted after the cut-off dates"; approved by orders dated May 16, 2016 and Oct. 30, 2017.  (App. Ex. 25 at 10-14; Ex. 26; Ex. 27 at 4, Ex. 28 at 9.)

- *In re Foreign Exch. Benchmark Rates Antitrust Litig.*, No. 13-7789, ECF Nos. 1216, 1230 (S.D.N.Y. 2019): "no delay resulted from [the] acceptance" of late claims; approved by order dated Mar. 8, 2019.  (App. Ex. 29 at 7; Ex. 30 at 4.)

- *Precision Assocs., Inc. v. Panalpina World Transp. (Holding) Ltd.*, No. 08-0042, ECF Nos. 1517, 1535 (E.D.N.Y. 2019): "little prejudice and no disruption by allowing these late-submitted claims" in three separate settlement rounds; approved by order dated Apr. 5, 2019.  (App. Ex. 31 at 21; Ex. 32 at 6.)

- *Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 09-3690, ECF Nos. 786, 802 (N.D. Ill. 2016): "full forfeiture of the late claims would be an extreme consequence, especially given that the common fund doctrine originates in equity"; approved by order dated Jan. 10, 2017.  (App. Ex. 33 at 11; Ex. 34.)

- *In re Occupant Safety Sys. Cases*, No. 12-0601, ECF Nos. 144, 145 (E.D. Mich. 2017): late claims "did not materially delay the ultimate processing of the Claim Forms submitted on or before [the deadline]"; approved by order dated Apr. 18, 2017.  (App. Ex. 35 at 3; Ex. 36 at 2.)

- *In re Steel Antitrust Litig.*, No. 08-5214, ECF Nos. 682, 686 (N.D. Ill. 2018); class counsel instructed the administrator "to accept late [c]laims if doing so would not delay the claims administration process" and did not recommend denial of any late claims; approved by order dated Mar. 12, 2018.  (App. Ex. 37 at 6 n.2; Ex. 38 at 3.)

CROWELL & MORING LLP
ATTORNEYS AT LAW

-7-

STMT OF NON-OPPN TO SETT AMDS FOR CLASS OF 22 STATES & SUPT FOR APVG LATE BUT VALID CLAIMS; MDL NO. 1917; MASTER FILE NO. 4:07-CV-5944-JTS; CASE NO. 13-CV-03234-JD

- *In re Urethane Antitrust Litig.*, No. 04-1616, ECF Nos. 3275, 3301 (D. Kan. 2016): late claimants "are class members" for whom the "[s]ettlement [f]und was created" and class counsel "would rather err on the side of inclusion than exclusion and would recommend that they be allowed to participate in fulls in distributions"; approved by order dated Jul. 29, 2016.  (App. Ex. 39 at 6; Ex. 40 at 3.)

- *In re Wire Harness Cases*, No. 12-2311, ECF Nos. 566-1, 570 (E.D. Mich. 2018): late claims "did not materially delay the ultimate processing of [timely] [c]laim[s]"; approved by order dated Nov. 7, 2018.  (App. Ex. 41 at 4; Ex. 42 at 2.)

Here, the Court could adopt a similar procedure for approving late-but-valid claims as set out in these 19 examples, and thereby avoid unnecessary delay with a burdensome and expensive individualized process.  Ironically, although non-party Spectrum Settlement Recovery, LLC (Spectrum) purports to support a "shared goal of expeditious distribution of the settlement fund," its proposal to engage in an adversarial process that permits third parties to present refuting evidence[3] is illogical and would require a substantial amount of additional review and resources that would necessarily be paid from funds that should otherwise be distributed to the class.  (Ltr. from Interested Party Spectrum Settlement Recovery, LLC re Late Claims at 5, ECF No. 5588 (Spectrum Ltr.).)

These individual determinations of prejudice and delay would also undoubtedly lead to an inordinate number of appeals, as each claimant would have unique factual circumstances that would need to be reviewed for adequacy.[4]  The initial review by the claims administrator, and

---

[3] The "sales activities" in which Spectrum alleges to have engaged cannot constitute legitimate notice of a class action settlement.  Cold, unsolicited sales calls to corporate representatives, in particular, are most likely to be ignored and do not constitute any level of legitimate notice.  A log of Spectrum's sales calls also provides no evidence of whether the call connected or a voice message was left, what in particular was discussed during each specific call, whether the amount of information provided notice sufficient to be equivalent to even the short-form notice required by the court, and a plethora of other issues like admissibility and other evidentiary objections, as the veracity of the documentation would be directly at issue. (Spectrum Ltr. at 14.)

[4] Spectrum also wrongly argues that the acceptance of late-but-valid claims would require the reopening and costly renoticing of the claims filing window to avoid denying due process to any victims who did not submit late claims. (Spectrum Ltr. at 3, 11.)  However, in the 19 cases discussed in Section III.B., we are not aware that any of those courts required new notice before approving the late-but-valid claims.  In addition, the due process argument can be quickly dispatched with for the simple reason that any victim could have submitted a late claim, as evidenced by the late claims already submitted by Claimants and by other victims.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-8-

STMT OF NON-OPPN TO SETT AMDS FOR CLASS OF 22 STATES &
SUPT FOR APVG LATE BUT VALID CLAIMS; MDL NO. 1917;
MASTER FILE NO. 4:07-CV-5944-JTS; CASE NO. 13-CV-03234-JD

1  subsequent appeals, would only prolong this proceeding and the claims process, running counter
2  to the Court's previous indication that it wishes to expeditiously resolve settlement issues and
3  complete the claims process. (June 6, 2019 Hr'g Tr. 45:10-15, ECF No. 5499 (Tigar, J.).) Just
4  as in the previous class settlements discussed *supra*, here, the Court can avoid the more
5  burdensome individualized process in favor of a more global determination that the lack of delay
6  combined with "considerations of overall fairness to the Settlement Class outweigh any prejudice
7  to those class members who filed in the 'first wave' of claims by [the deadline]." *In re Dynamic*
8  *Random Access Memory (DRAM) Antitrust Litig.*, No. 02-1486, ECF No. 2273 (N.D. Cal. 2016)
9  (App. Ex. 3 at 16:8–12.).

      **C.**    **Late-But-Valid Claims Will Not Prejudice The Class Because No Class Member Has A Justifiable Expectation Of A Particular Recovery.**

12      Timely claimants also have no justifiable expectation to any particular pay-out and,
13  therefore, are not prejudiced by the approval of late-but-valid claims. *"Agent Orange"*, 689 F.
14  Supp. at 1263. Even in instances in which approval of late-but-valid claims necessitates a
15  reduction of the pro-rata payment, such a reduction does not constitute prejudice. *In re*
16  *Authentidate Holding Corp. Sec. Litig.*, No. 05-cv-5323-LTS, 2013 WL 324153, at *1 (S.D.N.Y.
17  Jan. 25, 2013); *see also In re Urethane Antitrust Litig.*, 04-md-1616, 2008 WL 5215980, *2 (D.
18  Kan. Dec. 12, 2008) (no prejudice where "the remaining members would receive no less in
19  settlement than they would have received" if all claims were timely). Instead, excluding late
20  claimants from the settlement unjustly gives the remaining claims "what is essentially a
21  'windfall,' comprised of some portion of the recovery that would be owed to the otherwise
22  deserving late registrants." *Orthopedic Bone Screw*, 246 F.3d at 324.

23      At this point in the settlement process, no claimant has a justifiable expectation to a
24  particular recovery. Notably, the current weighted CRT value of $5.12 if late claims are
25  approved is roughly the same as previously estimated if only timely claims were approved.
26  (*Compare* Fisher Decl. at 3:9–13 *with* Decl. of Joseph M. Fisher Re: Response to FRS ¶ 9, ECF
27  No. 5255-1 ($5.30).) From roughly March 2018 until present, the number of late claims
28  increased by 158 and the number of weighted CRT units claimed by the Class decreased by

CROWELL & MORING LLP
ATTORNEYS AT LAW

-9-

STMT OF NON-OPPN TO SETT AMDS FOR CLASS OF 22 STATES & SUPT FOR APVG LATE BUT VALID CLAIMS; MDL NO. 1917; MASTER FILE NO. 4:07-CV-5944-JTS; CASE NO. 13-CV-03234-JD

roughly 14.5 million units.  (*Compare* Fisher Decl. ¶¶ 5-6 (4,607 late claims and 80,814,586 weighted CRT units) *with* Decl. of Joseph M. Fisher Re: Response to FRS ¶¶ 5-6, ECF No. 5255-1 (4,449 late claims and 95,380,369 weighted CRT units).)  This further demonstrates that no claimant has a justifiable expectation of a particular recovery, since the claims review and audit process is still underway and the per-unit payment continues to shift.

Overall, the CRT conspiracy injured late claimants as severely as timely claimants.  Late-but-valid claims do not affect the pro-rata share in a manner that constitutes prejudice to timely filers, but failing to fund late-but-valid claims does prejudice late claimants by depriving them of any meaningful recovery in favor of an unwarranted windfall to timely claimants.

## **CONCLUSION**

For the forgoing reasons, the Court should approve all late-but-valid claims submitted up until and during the completion of the claims audit process, and such claims should be paid using the same pro-rata share used to calculate payments for timely claims.

Dated: September 30, 2019
                                                                  Respectfully submitted,
                                                                   CROWELL & MORING LLP

                                                                    */s/ Deborah E. Arbabi*
                                                                      Daniel A. Sasse
                                                                      Deborah E. Arbabi
                                                    Attorneys for 199 Certain Members of the
                                                    Indirect Settlement Class for the 22 States

CROWELL & MORING LLP
ATTORNEYS AT LAW

-10-

STMT OF NON-OPPN TO SETT AMDS FOR CLASS OF 22 STATES & SUPT FOR APVG LATE BUT VALID CLAIMS; MDL NO. 1917; MASTER FILE NO. 4:07-CV-5944-JTS; CASE NO. 13-CV-03234-JD

## **CERTIFICATE OF SERVICE**

I, Deborah E. Arbabi, certify that on September 30, 2019, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California, by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

                                                  */s/ Deborah E. Arbabi*
                                                  Deborah E. Arbabi

CROWELL & MORING LLP
ATTORNEYS AT LAW

-11-

STMT OF NON-OPPN TO SETT AMDS FOR CLASS OF 22 STATES & SUPT FOR APVG LATE BUT VALID CLAIMS; MDL NO. 1917; MASTER FILE NO. 4:07-CV-5944-JTS; CASE NO. 13-CV-03234-JD