# EXHIBIT 2

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI |
| _____/ | MDL. No. 1827 |
| This Order Relates to: | **ORDER RE: INDIRECT PURCHASER PLAINTIFFS' AND STATES ATTORNEYS GENERAL'S JOINT MOTION FOR INTERIM REIMBURSEMENT OF EXPENSES** |
|     All Indirect Purchaser Actions | |
| _State of Missouri et al. v. AU Optronics Corporation, et al._, Case No. 10-3619 SI; and | |
| _State of Florida v. AU Optronics Corporation, et al._, Case No. 10-3517 SI; and | |
| _State of New York v. AU Optronics Corporation, et al._, Case No. 11-711 SI | |
| _____/ | |

This matter came before the Court on the joint motion by the Indirect-Purchaser Plaintiffs ("IPPs") and the States of Arkansas, California, Florida, Michigan, Missouri, New York, West Virginia, and Wisconsin ("Settling States") for an order authorizing distribution from the Settlement Fund (the "Motion"). The Court, having reviewed the papers filed and arguments made in connection with the Motion, and good cause appearing, hereby GRANTS the Motion as follows:

**Exhibit 2, Pg. 2**

**Fund Administrator**

1.      Rust Consulting, Inc. ("Rust"), the previously Court-appointed Claims Administrator, is hereby appointed the Fund Administrator pursuant to 26 U.S.C § 468B(g) and the related United States Treasury Regulations of the "Indirect Purchase LCD Antitrust Qualified Settlement Fund, EIN 27-0192479" ("QSF").

2.      In its capacity as Fund Administrator, Rust shall determine and perform the tax obligations of the QSF, including but not limited to income tax return filing, income tax paying and information return reporting.

3.      The Escrow Agent, Wells Fargo Bank, N.A. ("Wells Fargo"), is ORDERED to transfer all funds related to the Escrow Accounts to the accounts established for the QSF at Huntington Bank N.A. ("Huntington") and administered by Rust.

4.      Wells Fargo has represented to Rust that all of the QSF's tax obligations have been fulfilled, the 2013 income tax return for the QSF has been timely filed, and all income taxes have been timely paid. Wells Fargo shall promptly deliver to Rust all of the income tax returns for the QSF and proof of tax payments for the QSF. Wells Fargo shall cooperate with Rust, Class Counsel, and the Settling States' counsel in effecting the transition of its responsibilities to Rust.

5.      Rust shall not disburse, withdraw or transfer any funds from the QSF accounts at Huntington without written authorization ("Distribution Notice") from at least two of the following three counsel: Joseph M. Alioto, The Alioto Law Firm, Francis O. Scarpulla, Zelle Hofmann Voelbel & Mason LLP, and Lizabeth A. Brady, Office of the Attorney General State of Florida.

**Payment to Claimants Who Filed By June 6, 2014**

6.      Rust is ORDERED to pay all approved class claims, with proportional interest, as identified in the Declaration of Robin Niemiec, filed concurrently with the Motion.

7.      Checks issued to class claimants by Rust shall bear the notation "Non-Negotiable After 90-Days." Rust shall void all uncashed checks following the expiration of the 90-day void date. Rust

2

United States District Court
For the Northern District of California

1  may re-issue checks as necessary.

2  8.    Residual funds resulting from any uncashed checks shall become a part of the QSF and Co-Lead

3  Counsel and Settling States' counsel shall report to the Court the total amount and the suggested

4  disposition of such residual funds. No residual funds shall be distributed except by order of the Court.

5

6  **Payment to Claimants Who Filed Between June 7, 2014 and October 6, 2014**

7  9.    Rust is ORDERED to process all claims received between June 7, 2014 and October 6, 2014,

8  in accordance with its normal procedures, including auditing of claims as appropriate.

9  10.    Co-Lead Counsel and Settling States' counsel shall report to the Court the total amount of valid

10  claims processed in accordance with the foregoing paragraph, and shall suggest a pro rata payment

11  amount, if any, for such claimants based upon available residual funds, with a per-panel payment not

12  to exceed that paid to timely claimants. Rust's costs of processing such claims shall be deducted from

13  available residual funds.

14

15  **No Claims Accepted After October 6, 2014**

16  11.    No claims will be accepted for processing or payment after October 6, 2014.

17

18  **Payment to Class Counsel**

19  12.    Rust is ORDERED to pay Class Counsel, or the assignees of Class Counsel, as directed in the

20  Second Amended Order Granting Final Approval (Dkt. 7697), and the Distribution Notice, with

21  proportional interest, less any hold backs as directed by Co-Lead Counsel to pay all current outstanding

22  costs, expenses and other necessary financial obligations, including any and all hold-backs previously

23  ordered by the Court.

24  13.    With respect to the liens asserted against Joseph M. Alioto, the amount of $409,295.98, which

25  represents a judgment amount of $100,000 plus fees, costs, and interest at 7% annum as of November

26  28, 2012, will be paid out of Alioto's $47 million fee award and will be directed to Alexandra Brudy c/o

27

28

3

United States District Court
For the Northern District of California

Exhibit 2, Pg. 4

Craig P. Bronstein, Esq., LANAK & HANNA, P.C., 625 The City Drive South, Ste. 190, Orange, California 92868. Additionally, $34,178,238.00 million of Alioto's fee award shall be retained in the QSF account pending the entry of a final judgment by the San Francisco Superior Court in the litigation between LFG National Capital, LLC and Alioto. Alioto and LFG shall notify the Court when the state superior court enters the final judgment. The Court ORDERS that prior to any disbursement of funds to LFG, Alioto shall have the opportunity to seek a stay of execution of the judgment pending appeal from the state court within 14 days of the entry of the final judgment. The parties shall promptly notify this Court of the disposition of any such stay request. If the state courts deny a stay of execution, the Court at that time will issue a separate order directing Rust to pay LFG in satisfaction of the judgment, and to pay Alioto any residual fees that may remain owing to him.

14.     Certain Class Counsel did not take a cost quick-pay. Therefore, Rust is ORDERED to pay the Class Counsel firms the amounts listed in Exhibit A out of the funds that have been approved by this Court for reimbursement of litigation costs. Any funds from the Class Counsel litigation costs reimbursements approved by this Court that are remaining after these firms have received the distributions listed in Exhibit A shall be held back as directed by Co-Lead Counsel.

### Payment to Settling States

15.     Rust is ORDERED to pay counsel for the Settling States $34,536,364.95 for their proprietary claims (i.e., $34,483,654.02, plus proportional interest of $52,710.93), as set forth in Exhibit B attached hereto and incorporated herein.

16.     Rust is ORDERED to pay counsel for the Settling States their fees and costs, with proportional interest, as directed in the Second Amended Order Granting Final Approval (Dkt. 7697), and as set forth in Exhibit B attached hereto and incorporated herein.

### Payment to IPP Class Representatives

17.     Rust is ORDERED to prepare checks for the incentive awards to the Plaintiffs/Class

4

Exhibit 2, Pg. 5

Representatives as directed in the Second Amended Order Granting Final Approval (Dkt. 7697), correcting to 39 (instead of 40) the number of class representative plaintiffs appointed by previous Court orders, and correcting to nine (instead of eight) the number of non-appointed plaintiffs who were deposed.

18.     Rust is ORDERED to mail the incentive-award checks to the Class Counsel for each of the Plaintiffs/Class Representatives.

## Continuing Jurisdiction

19.     This Court retains continuing jurisdiction over the administration and distribution of all settlement funds.

This order resolves Dkt. No. 9217.

**IT IS SO ORDERED.**

Dated: October 20, 2014

SUSAN ILLSTON
United States District Judge

5

Exhibit 2, Pg. 6

1

## EXHIBIT A

2

IPP Counsel That Have Not Taken Cost Quick-Pay

3

| Firm | Amount |
| --- | --- |
| Edward J. Westlow | $5,000 |
| Aylstock Witkin Kreis & Overholtz | $25,000 |
| Bonnett, Fairbourn, Friedman & Balint, P.C. | $20,000 |
| Devereux Murphy LLC | $10,000 |
| Futterman Howard | $10,000 |
| Hisaka Stone Goto Yoshida Cosgrove & Ching | $5,000 |
| Johnson & Perkinson | $15,000 |
| Keller Rohrback | $45,000 |
| Sachs Waldman | $5,000 |
| **TOTAL** | **$140,000** |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER APPOINTING FUND ADMINISTRATOR AND
AUTHORIZING DISTRIBUTION FROM SETTLEMENT FUND

**Exhibit 2, Pg. 7**

# EXHIBIT B

Payment Instructions for State Attorneys General Recoveries

| | AWARDED FEES & COSTS | SHARE OF GOVERNMENTAL DAMAGES/REDRESS |
|---|---|---|
| Arkansas | Consumer Education & Enforcement Fund<br>Arkansas Attorney General's Office<br>c/o Kevin Wells<br>Assistant Attorney General<br>323 Center Street<br>Suite 500<br>Little Rock, AR  72201 | Consumer Education & Enforcement Fund<br>Arkansas Attorney General's Office<br>c/o Kevin Wells<br>Assistant Attorney General<br>323 Center Street<br>Suite 500<br>Little Rock, AR  72201 |
| California | Litigation Deposit Fund<br>State of California, Department of Justice<br>Re:  LCD Antitrust Litigation<br>c/o Bank of America<br>Sacramento Government Services Unit 1436<br>555 Capital Mall, Suite 165<br>Sacramento, CA  95814 | Litigation Deposit Fund<br>State of California, Department of Justice<br>Re:  LCD Antitrust Litigation<br>c/o Bank of America<br>Sacramento Government Services Unit 1436<br>555 Capital Mall, Suite 165<br>Sacramento, CA  95814 |
| Florida | Legal Affairs Revolving Trust Fund<br>Department of Legal Affairs<br>Antitrust Division<br>Attention Laura Daugherty<br>107 West Gaines Street<br>Tallahassee, FL 32399 | Florida Department of Legal Affairs<br>Department of Legal Affairs<br>Antitrust Division<br>Attention Laura Daugherty<br>107 West Gaines Street<br>Tallahassee, FL 32399 |
| Michigan | Michigan Department of Attorney General<br>c/o Elizabeth Lippitt<br>Corporate Oversight Division<br>P.O. Box 30755<br>Lansing MI 48909 | Michigan Department of Attorney General<br>c/o Elizabeth Lippitt<br>Corporate Oversight Division<br>P.O. Box 30755<br>Lansing MI 48909 |
| Missouri | Antitrust Revolving Fund<br>Office of the Missouri Attorney General<br>c/o Anne Schneider, Assistant Attorney General/Antitrust Counsel<br>221 West High Street<br>Jefferson City, MO  65109 | Merchandising Practices Restitution Fund<br>Office of the Missouri Attorney General<br>c/o Anne Schneider, Assistant Attorney General/Antitrust Counsel<br>221 West High Street<br>Jefferson City, MO  65109 |
| New York | New York State Office of the Attorney General<br>Attn: LCD Settlement Fees & Costs<br>c/o Jeremy R. Kasha<br>Assistant Attorney General<br>Antitrust Bureau<br>120 Broadway, 26th Floor<br>New York, New York 10271-0332 | New York State Office of the Attorney General<br>Attn: LCD Settlement Governmental Redress<br>c/o Jeremy R. Kasha<br>Assistant Attorney General<br>Antitrust Bureau<br>120 Broadway, 26th Floor |

6

Exhibit 2, Pg. 8

| | | New York, New York 10271-0332 |
|---|---|---|
| West Virginia | State of West Virginia<br>c/o Douglas L. Davis<br>Assistant Attorney General<br>Office of the Attorney General<br>812 Quarrier Street, 1st Floor<br>Charleston, WV 25301 | State of West Virginia<br>c/o Douglas L. Davis<br>Assistant Attorney General<br>Office of the Attorney General<br>812 Quarrier Street, 1st Floor<br>Charleston, WV 25301 |
| Wisconsin | Wisconsin Department of Justice<br>c/o Gwendolyn J. Cooley<br>Assistant Attorney General<br>Wisconsin Department of Justice<br>P.O. Box 7857<br>17 W. Main St.<br>Madison, WI 53707-7857 | Wisconsin Department of Justice<br>c/o Gwendolyn J. Cooley<br>Assistant Attorney General<br>Wisconsin Department of Justice<br>P.O. Box 7857<br>17 W. Main St.<br>Madison, WI 53707-7857 |

3258595v2

[PROPOSED] ORDER APPOINTING FUND ADMINISTRATOR AND
AUTHORIZING DISTRIBUTION FROM SETTLEMENT FUND

Exhibit 2, Pg. 9



Exhibit 2, Pg. 10