# EXHIBIT 6

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Joshua P. Davis (State Bar No. 193254)
Nicomedes S. Herrera (State Bar No. 275332)
Demetrius X. Lambrinos (State Bar No. 246027)
James G. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM, INC.
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:   jsaveri@saverilawfirm.com
         swilliams@saverilawfirm.com
         jdavis@saverilawfirm.com
         nherrera@saverilawfirm.com
         dlambrinos@saverilawfirm.com
         jdallal@saverilawfirm.com

*Interim Class Counsel for Direct Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE CAPACITORS ANTITRUST LITIGATION | Master File No. 3:17-md-02801-JD<br>Civil Action No. 3:14-cv-03264-JD |
|---|---|
| THIS DOCUMENT RELATES TO:<br>ALL DIRECT PURCHASER ACTIONS | **DECLARATION OF NICOMEDES SY HERRERA IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION FOR ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUNDS FOR SECOND ROUND SETTLEMENTS WITH HITACHI CHEMICAL AND SOSHIN**<br><br>Date:        December 13, 2018<br>Time:       10:00 am<br>Courtroom: 11, 19th Floor |

I, Nicomedes Sy Herrera, hereby declare, under penalty of perjury, as follows:

1. I am a member in good standing of the California bar and am Senior Counsel at the Joseph Saveri Law Firm, Inc., Interim Lead Class Counsel ("Class Counsel") for Direct Purchaser Plaintiffs ("DPPs"). I make this Declaration based upon my own personal knowledge and, if called as a witness in this action, I would be able to competently testify as to the facts set forth herein.

2. I submit this Declaration in Support of DPPs' Motion for an Order Authorizing Distribution of Settlement Funds (the "Motion"). DPPs request that the Court issue an order authorizing distribution of settlement funds for this second round of DPP settlements based on the same procedures that the Court approved in its June 27, 2018 Order Authorization Distribution of Settlement Funds for the first round of DPP settlements (the "First Round Settlements") (Dkt. 248). In particular, DPPs request that the Court: (1) order the immediate distribution of settlement funds to settlement class members whose claims have met the audit standards described below; and (2) authorize the creation of a "Hold Back Fund" for settlement class members that wish to dispute the audit results.

3. DPPs have secured settlement agreements (the "Settlements") with defendants Hitachi Chemical Co., Ltd., Hitachi AIC, Inc., and Hitachi Chemical Co. America, Ltd. (collectively, "Hitachi Chemical"); and Soshin Electric Co., Ltd. and Soshin Electronics of America Inc. (together, "Soshin") (all Hitachi Chemical and Soshin entities collectively, the "Settling Defendants"). (Dkt. 172) The Settlements total $66,900,000 (the "Settlement Funds") and other valuable non-cash consideration.

4. After conducting a fairness hearing, the Court entered an order on June 28, 2018 granting final approval of the Settlements with respect to the Settling Defendants (the "Final Approval Order"). (Dkt. 249) Pursuant to the Court's Order, the notice plan has been completed. Members of the Settlement Class, as defined in the Final Approval Order (Dkt. 249, at ¶ 4), have submitted claims to share in the Settlement Funds. The claims administrator has reviewed, analyzed, audited, and processed the submitted claim forms ("Claim Forms") pursuant to the Final Approval Order.

5. The Court has approved the allocation plan for distributing the Settlement Funds (the "Allocation Plan"). (Dkt. 249, at ¶ 12) In particular, that Allocation Plan provides that Settlement Funds should be distributed based on each claimant's *pro rata* share of Capacitors directly purchased from Defendants during the relevant time period. (Dkt. 172, at 19-20; Dkt. 1989 of 14-cv-03264, at 23-24) In so doing, the Claims Administrator will "calculate the dollar value of each Settlement Class member's claim in proportion to the total claims submitted." (*Id*, at 24.)

6. The Claims Administrator has complied with the Allocation Plan, and Class Counsel has secured from the Settlement Defendants all Settlement Funds.

Master File No. 3:17-md-02801-JD
Civ. Action No. 14-cv-03264-JD                    2                    **Exhibit 6, Pg. 3**

DECLARATION OF NICOMEDES SY HERRERA IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION FOR ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUNDS FOR SECOND ROUND SETTLEMENTS WITH HITACHI CHEMICAL AND SOSHIN

7. Upon issuing the Final Approval Order, the Court entered final judgments against the Settling Defendants. The time for appeal has expired, and the Settlement Agreements are effective.

8. Class Counsel has secured the payment of all settlement funds and placed the funds in appropriate escrow accounts that require an order of this Court for any distributions therefrom.

9. I supervised and directed the claims administrator, Rust Consulting, Inc. (the "Claims Administrator"), in processing, analyzing, and auditing claim forms submitted by members of the Settlement Class.

10. Based on my supervision of the work the Claims Administrator performed in processing and auditing claim forms submitted by the Settlement Class, I believe that the Claims Administrator has fully complied with the Allocation Plan and conducted a thorough review and audit of all claims submitted by members of the Settlement. The Claims Administrator reviewed all submissions and notified claimants in writing of any denials or adjustment. The Claims Administrator also provided every claimant with an opportunity to dispute any such denials or adjustments.

11. As part of the audit process:

    a. Rust checked whether Claim Forms were timely submitted and ensured that they were signed by an appropriate representative.

    b. If a submitted Claim Form accepted the amount of U.S. purchases that were pre-populated in the claim form based on Defendants' transactional data (or was based on submitted commerce that had already passed audit for the First Round Settlements), the reported amount was used in calculating the submitting Settlement Class member's distribution under the Allocation Plan.

    c. If a submitting Settlement Class member claimed purchases in excess of the amount reported in Defendants' transactional data (or the amount that passed audit in the First Round Settlements), and such increase would have resulted in an increased distribution from the Settlement Fund less than $1,000, the Claims Administrator required before accepting the claim a (i) summary report from the Settlement Class members' business records and (ii) certification that the claimed transactions related to direct purchases of

aluminum, tantalum or film capacitors ("Capacitors") from Defendants that were shipped to or invoiced to an address in the United States from January 1, 2002 through July 22, 2015 (the "Settlement Class Period").

    d. If a submitting Settlement Class member claimed purchases in excess of the amount reported in Defendants' transactional data (or the amount that passed audit in the First Round Settlements), and such increase would have resulted in an increased distribution from the Settlement Fund greater than $1,000, then in addition to the report and certification required under paragraph (c) above, the Claims Administrator and/or Class Counsel requested relevant back-up (such as invoices, purchaser orders, payment receipts, or screenshots from the company's accounting or purchasing software) for a random sampling of the reported transactions. For each of these claims, Class Counsel reviewed the randomly selected back-up to (i) verify the integrity of the submitting Class Member's business report and (ii) confirm that the reported transactions related only to direct purchases of Capacitors from Defendants that were shipped to or invoiced to an address in the United States during the Settlement Class Period. In addition, Class Counsel reviewed certain back-up submitted by Settlement Class Members to double-check the work performed by the Claims Administrator to ensure accuracy and compliance.

    e. If a submitting Settlement Class member provides satisfactory proof or a sworn declaration that: (i) documentary evidence or business records substantiating qualifying purchases of Capacitors have been destroyed for prior years (the "Gap Period"); (ii) there is a reasonable explanation for such destruction; and (iii) the Settlement Class member made qualifying purchases of Capacitors during the Gap Period reasonably consistent with the volume of purchases made during the closes years where documentary evidence of qualifying purchases are available, then a reasonable extrapolation for purchases during the Gap Period will be permitted based on the average qualifying purchases for the closest years with documented qualifying purchases.

12. I have been informed by the Claims Administrator that to date, Rust has received 681 claim forms. Of these, 387 have been deemed valid and have passed audit as required. The Claims Administrator rejected 83 duplicates; 110 that claimed $0 in purchases and failed to respond to any inquiries for further information; and 46 that had no purchase history and were submitted by third-parties that failed to provide authorization for submitting them. A total of 50 entities submitted claims requesting distributions greater than $1,000 above the allocable amount as calculated from the purchases pre-populated on the claim forms that were identified from defendants' transactional data (and which had not already passed audit for the first round DPP settlements). Two of these entities have passed audit. The Claims Administrator has recommended, and Class Counsel agrees, that the remaining 48 of these entities have not satisfied the Audit Standards, and the claims should be reduced. The remaining submissions have been denied for other reasons, such as withdrawn claims.

13. I directed the Claims Administrator to calculate the allocations for each Settlement Class member that submitted valid claim forms as determined by the audit procedures set forth in Paragraph 11, above, in strict accordance with the Court-approved Allocation Plan. In making their allocation calculations, the Claims Administrator multiplied (a) the net amount available in the settlement fund by (b) a quotient calculated by dividing (i) the total amount of Capacitors purchased directly from Defendants during the Settlement Class Period by the specific Settlement Class member submitting a valid claim form, with (ii) the total amount of Capacitors purchased directly from Defendants during the Settlement Class Period by all Settlement Class members submitting valid claim forms. The Claims Administrator has informed me that they have correctly followed my instructions, and that they would adjust the amount based on the Court's approval of their requested administrator fees.

14. Based on my review of the relevant banking statements and other business records from our accounting department the Settling Defendants have deposited a combined total of $ 66,900,000 into escrow accounts with Citibank, N.A., in payment of the Settlements.

15. On September 21, 2018, the Court entered an Order granting DPPs' Motion for attorneys' fees in the amounts of $16,725,000 for fees accrued as of December 31, 2017, and $6,690,000

Master File No. 3:17-md-02801-JD
Civ. Action No. 14-cv-03264-JD

5

**Exhibit 6, Pg. 6**

DECLARATION OF NICOMEDES SY HERRERA IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION FOR ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUNDS FOR SECOND ROUND SETTLEMENTS WITH HITACHI CHEMICAL AND SOSHIN

for partial reimbursement of costs and expenses advanced on behalf of the Settlement Class during the same period. (Dkt. 332)

16. After deducting attorneys' fees and costs awarded by the Court (Dkt. 332), there will be $43,485,000 (plus accrued interest totaling $164,280.19 as of October 31, 2018 and less bank charges) available for distribution to the Settlement Class in the escrow accounts (the "Available Funds").

17. The Claims Administrator recommends, and Class Counsel agree, that the Court should approve payment of late-submitted claims that are otherwise valid and eligible for payment.

18. A total of 39 claimants submitted claims that were otherwise eligible for payment after the April 23, 2018 filing deadline set by the Court in its March 2, 2018 Preliminary Approval Order (and allowing for one week for mail delivery). (Dkt. 98, at ¶ 16). The amount of valid commerce represented by the late claims is less than 3% of the commerce represented by timely claims. Because there is no evident prejudice to other Settlement Class members from recognizing these claims as valid, we perceive no reason to deny them.

19. The Claims Administrator reports that it has received one claim from a company that indirectly purchased capacitors (the "Indirect Purchaser Claimant") from other Settlement Class members. Those other Settlement Class members either submitted valid Claim Forms or requested exclusion from the Settlements. The Indirect Purchaser Claimant states that it obtained direct purchaser rights by assignment, but it did not identify the specific transactions for which direct purchaser rights were purportedly assigned. Because those other Settlement Class members have *already* submitted valid claims for those *same* transactions (or are now litigating the opt-out claims directly), the Claims Administrator recommends denying the Indirect Purchaser Claimant's submission. It would be difficult and impractical to ensure that the same transaction is not compensated twice (or is otherwise subject to an opt-out direct action).

20. The Claims Administrator has provided Class Counsel with an invoice in the amount of $158,415.23 in administration fees and $71,472.00 in expenses for publication notice ordered by the Court. The administration fees include fees the Claims Administrator has incurred to date in effectuating the Court-approved notice plan; processing, analyzing, and auditing submitted claim forms;

Master File No. 3:17-md-02801-JD
Civ. Action No. 14-cv-03264-JD

6

**Exhibit 6, Pg. 7**

DECLARATION OF NICOMEDES SY HERRERA IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION FOR ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUNDS FOR SECOND ROUND SETTLEMENTS WITH HITACHI CHEMICAL AND SOSHIN

calculating distributions to Settlement Class members in accordance with the Allocation Plan; and taking the necessary steps to disburse settlement proceeds to each member of the Settlement Class that has submitted a valid claim form. It also includes a negotiated set fee for future work in administering the settlement fund to completion, including sending payment to class members. I attach a true and correct copy of the Claims Administrator's statement of account and publication expense invoice as **Exhibit A**. The amount requested by the Claims Administrator is less than the $250,000 that the claims administrator estimated, and which Class Counsel disclosed in DPPs' motion for preliminary approval of the settlements. (Dkt. 1989 of 3:14-cv-03264, at 24) Class Counsel has reviewed the invoices and recommend they be paid.

21. On behalf of Class Counsel, we recommend that the Court authorize the distribution of the Available Funds to Settlement Class members that have submitted valid claim forms pursuant to the Allocation Plan.

\* \* \*

I declare under the penalty of perjury that the foregoing is true and correct, and that this Declaration is executed on November 8, 2018, in San Francisco, California.

> _/s/ Nicomedes Sy Herrera_
> Nicomedes Sy Herrera

# ECF ATTESTATION

I, Joseph R. Saveri, am the ECF User whose ID and Password are being used to file **DECLARATION OF NICOMEDES SY HERRERA IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION FOR ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUNDS FOR THE SECOND ROUND SETTLEMENTS WITH HITCAHI CHEMICAL AND SOSHIN.**

In compliance with Civil Local Rule 5-1, I hereby attest that Nicomedes Sy Herrera has concurred in this filing.

DATED: November 8, 2018

By: */s/ Joseph R. Saveri*
Joseph R. Saveri