# EXHIBIT 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AXIOM INVESTMENT ADVISORS, LLC, by and through its Trustee, Gildor Management LLC,<br><br>                     Plaintiff,<br><br>v.<br><br>BARCLAYS BANK PLC and BARCLAYS CAPITAL INC.,<br><br>                     Defendants. | Case No. 15-CV-09323 (LGS) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR
AN ORDER APPROVING THE DISTRIBUTION OF THE NET SETTLEMENT FUND**

# TABLE OF CONTENTS

I. BACKGROUND ................................................................................................................. 1
II. CLAIMS ADMINISTRATION ......................................................................................... 3
    A. Approval of the Claims Administrator's Administrative Determinations .................... 3
    B. Late Claims ................................................................................................................... 4
III. DISTRIBUTION PLAN FOR THE NET SETTLEMENT FUND ..................................... 4
IV. PAYMENT OF NOTICE AND ADMINISTRATION EXPENSES AND AMOUNT OF THE NET SETTLEMENT FUND ....................................................................................... 6
V. RELEASE OF CLAIMS ..................................................................................................... 9
VI. CONCLUSION .................................................................................................................... 9

Plaintiff Axiom Investment Advisors, LLC, by and through its Trustee, Gildor Management LLC ("Plaintiff") respectfully submits this memorandum in support of the accompanying motion for entry of an Order Approving the Distribution of the proceeds of the Net Settlement Fund (the "Distribution Order").

## I.    BACKGROUND

The Court has approved the Stipulation and Amended Agreement of Settlement (the "Stipulation") (ECF No. 64-1), entered into by Plaintiff and defendants Barclays Bank PLC and Barclays Capital Inc. (collectively, "Barclays"), resolving the Action in its entirety in consideration for $50 million and specified cooperation from Barclays.[1]  ECF No. 126.

Pursuant to the Court's Order authorizing notice (ECF No. 97), on December 1, 2016, the Court-appointed Claims Administrator (Garden City Group ("GCG")); Barclays' notice agent (Rust Consulting ("Rust")); and Barclays began mailing copies of the Mail Notice and proof of claim and release form ("Proof of Claim") (together, the "Notice Packet") to Class Members. Fraga Decl. (ECF No. 103), ¶3; Rabe Decl. (ECF No. 104), ¶¶10, 15; van der Werff Decl. (ECF No. 105), ¶¶2, 4.  GCG also caused the Publication Notice to be published in *The Wall Street Journal* (global edition) on December 1, 2016, *Investor's Business Daily* on December 5, 2016, *FX Week* on December 5, 2016, and *Financial Times* (worldwide edition) on December 1, 2016. The Publication Notice was also issued as a global press release through *Global Premier*.  Fraga Decl., ¶7.  In addition, the Notice, Proof of Claim, Stipulation, Preliminary Approval Order, and other important case documents were posted on the settlement website (http://www.barxlastlooksettlement.com), which GCG created and maintained in order to enable

---

[1]    All capitalized terms, unless otherwise defined herein, have the same meanings as set forth in the Stipulation.

Class Members to access information about the case and Settlement and to file claims. *Id*., ¶¶8-10.

The Mail Notice and Publication Notice informed Class Members that if they wished to be eligible to participate in the distribution of the Net Settlement Fund, they were required to submit their Proofs of Claim either by mail or electronically on the online claims portal page of the settlement website no later than May 19, 2017. The Court subsequently extended the claims-filing deadline to July 7, 2017. ECF No. 118.

GCG made a "Covered Transaction" database available to Class Members via the online claims portal. Using their claim numbers, Class Members were able to log into the Covered Transaction database and view the eligible trades and trade instructions that were identified for them from analysis of Barclays' records. For each Covered Transaction, a number of data fields were available for review. In addition to the basic economics of the trade or trade instruction (*e.g*., date, time, price, accepted, or rejected), Class Members were given a calculation of claim value for each Covered Transaction. Class Members had the option of proposing supplements or modifications to the Covered Transactions by submitting additional documentation reflecting transactions above and beyond those reflected in Barclays' records for inclusion in their claim ("Challenges"). *See* Declaration of Ellen E. Riley submitted herewith ("Riley Decl."), ¶¶6-8.

The Court granted final approval to the Settlement (ECF No. 126), approved the Plan of Distribution of the Net Settlement Fund (ECF No. 125), and awarded attorneys' fees, reimbursement of litigation expenses, and a service award to Plaintiff. (ECF No. 129). The Effective Date set forth in the Stipulation has passed, and all Proofs of Claim received have been processed. Accordingly, the Net Settlement Fund may now be distributed to Authorized

**Exhibit 9, Pg. 5**

Claimants. Plaintiff respectfully requests the Court to enter the Distribution Order, which is described in this memorandum.

II. CLAIMS ADMINISTRATION

A. Approval of the Claims Administrator's Administrative Determinations

As detailed further in the accompanying Riley Declaration, the Claims Administrator received 475 Proofs of Claim. Riley Decl., ¶9. GCG determined that 421 are acceptable in whole or in part (Riley Decl., Ex. A-1 and A-2), and that 54 should be wholly rejected (Riley Decl., Ex. A-3). *Id.*, ¶31.

GCG sent a letter, entitled "Notice of Rejection of Claim Submission," to each Claimant whose Proof of Claim was determined to be partially or wholly deficient, advising the Claimant of the defect(s) and stating what was necessary to cure such defect(s). *Id.*, ¶21; *see also* Stipulation, ¶10(c)(iv) ("Prior to rejection of a proof of claim and release form, the Claims Administrator shall communicate with the claimant in order to remedy the curable deficiencies in the proofs of claim submitted.").[2] The letter also specifically advised the Claimant of the right to contest GCG's administrative determinations by requesting judicial review. Riley Decl., ¶22. No claimant requested judicial review of GCG's administrative determinations. *Id*. GCG carefully reviewed the responses to deficiency letters and worked with Claimants to resolve deficiencies where possible. *Id.*, ¶23.

---

[2] In addition, GCG attempted to assist Claimants in resolving certain types of deficiencies even before sending out deficiency letters, including the submission of documentation verifying a representative's authority to act on behalf of a Claimant and, where Challenge Files were submitted, providing data in the format required for processing. Riley Decl., ¶20.

**Exhibit 9, Pg. 6**

3

Plaintiff requests that the Court approve GCG's administrative determinations accepting claims and rejecting claims as set forth in Exhibit A to the Riley Declaration. *See* Distribution Order, ¶3(a)-(b).

### B. Late Claims

Of the 475 Claims received, 32 were received after the July 7, 2017 claims-filing deadline. Riley Decl., ¶24, Ex. A-2. GCG has processed all late Proofs of Claim, and determined that 31 of the 32 late Claims are otherwise eligible (the "Late, but Otherwise Eligible, Claims"). *Id*. The Stipulation expressly contemplates that under certain circumstances, Class Counsel may extend the deadline for Class Members to submit Proofs of Claim to be potentially eligible to participate in the Settlement recovery.[3] Class Counsel pre-authorized late filings for certain of the Late, but Otherwise Eligible, Claims and exercises their authority to accept the remaining such claims because no delay in the claims distribution process was occasioned by their acceptance. *Id*., ¶24.

### III. DISTRIBUTION PLAN FOR THE NET SETTLEMENT FUND

Plaintiff respectfully requests that the Court authorize the distribution of the Net Settlement Fund to the Authorized Claimants listed in Exhibits A-1 (Timely Eligible Claims) and A-2 (Late, but Otherwise Eligible, Claims) to the Riley Declaration.

In the Initial Distribution, Plaintiff proposes that GCG will determine a distribution amount for each Authorized Claimant based on the Authorized Claimant's *pro rata* share of the

---

[3] *See* Stipulation, ¶10(c)(ii) ("Plaintiff's Counsel shall have the discretion, but not the obligation, to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the proceeds of the Settlement Fund is not materially delayed."); *see also* Notice Order, ¶15 ("Class Counsel shall have the discretion, but not the obligation to accept late-submitted Claim Forms for processing by the Claims Administrator so long as the distribution of the proceeds of the Settlement Fund is not materially delayed.).

**Exhibit 9, Pg. 7**

4

Net Settlement Fund in accordance with the Court-approved Plan of Distribution (an Authorized Claimant's "Distribution Amount"). Riley Decl., ¶37(a); Distribution Order, ¶3(c). Authorized Claimants whose Distribution Amounts are less than $100 will be paid their full Distribution Amounts ("Claims Paid in Full"). These Authorized Claimants will receive no additional funds in any subsequent distributions. Riley Decl., ¶37(b); Distribution Order, ¶3(d)(i). After deducting the payments to the Claims Paid in Full, 90% of the remaining balance of the Net Settlement Fund will be distributed to Authorized Claimants whose Distribution Amounts are $100 or more. Riley Decl., ¶37(c); Distribution Order, ¶3(d)(ii).

The remaining 10% of payments will be held in reserve (the "Reserve") to address any contingencies that may arise and/or to pay for any future fees or expenses incurred in connection with administering the Net Settlement Fund that are authorized by the Court, as well as any further escrow fees, taxes, and the costs of preparing appropriate tax returns. To the extent the Reserve is not depleted, the remainder will be distributed in subsequent distributions. Riley Decl., ¶37(d); Distribution Order, ¶3(d)(iii).

In order to encourage Authorized Claimants to promptly deposit their distribution checks, and to avoid or reduce future expenses relating to unpaid distribution checks, all distribution checks will bear a notation "DEPOSIT PROMPTLY; VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED BY [DATE 90 DAYS AFTER ISSUE DATE]." Riley Decl., ¶37(e); Distribution Order, ¶3(e).

After GCG has made reasonable and diligent efforts to have Authorized Claimants deposit their distribution checks (*see* Riley Decl. ¶37(e), n.2; Distribution Order, ¶3(e)), GCG shall, if Class Counsel, in consultation with GCG, determines that it is cost-effective to do so, conduct a second distribution (the "Second Distribution"). Riley Decl., ¶37(g); Distribution

**Exhibit 9, Pg. 8**

5

Order, ¶3(g). The Second Distribution would distribute any amount remaining in the Net Settlement Fund after the Initial Distribution (including the Reserve and any funds from void stale-dated, or returned checks) and after deducting further fees and expenses,[4] to all Authorized Claimants from the Initial Distribution who cashed their first distribution payments and who are entitled to at least $10.00 from such redistribution based on their *pro rata* share of the remaining funds. Riley Decl., ¶37(g); Distribution Order, ¶3(g).

If cost-effective, then subsequent distributions of funds remaining in the Net Settlement Fund will take place. Riley Decl., ¶37(h); Distribution Order, ¶3(h). At such time as GCG and Class Counsel determine that further re-distribution is not cost-effective, Class Counsel will move to distribute the remainder of the Net Settlement Fund to a not-for-profit 501(c)(3) organization recommended by Class Counsel and approved by the Court. Riley Decl., ¶37(i); Distribution Order, ¶3(i).

## IV. PAYMENT OF NOTICE AND ADMINISTRATION EXPENSES AND AMOUNT OF THE NET SETTLEMENT FUND

Pursuant to the Preliminary Approval Order, the Court authorized Class Counsel to pay up to $350,000 in Notice and Administration Expenses from the Settlement Fund.[5] To date,

---

[4] Further fees and expenses may include GCG's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including estimated costs of such Second Distribution, subject to Court approval), as well as any further escrow fees, taxes, and the costs of preparing appropriate tax returns. *See* Riley Decl., ¶37(g); Distribution Order, ¶3(g).

[5] ECF No. 65, ¶14; *see also* Stipulation, ¶9(b) ("Plaintiff's Counsel may pay from the Settlement Fund, without further approval from Barclays or the Court, the costs and expenses reasonably and actually incurred up to the sum of $350,000 in connection with providing Class Notice and the administration of the settlement . . . . All costs and expenses incurred in connection with providing Class Notice and the administration of the settlement in excess of $350,000 shall be paid from the Settlement Fund, subject to approval from the Court.").

**Exhibit 9, Pg. 9**

6

Class Counsel has paid GCG and Rust $347,540.86 in Notice and Administration Expenses from the Settlement Fund.

Plaintiff requests the Court's authorization to make addition disbursements from the Settlement Fund of up to $320,180.72 to pay for invoices from GCG and Class Counsel's consulting firm, Velador Associates, for services performed in connection with claims processing and administration. Distribution Order, ¶5.

The GCG invoices cover claims processing and administration services, including: (i) handling incoming and returned mail; (ii) responding to Class Member inquiries regarding the claims process (including maintaining a call center and responding to email questions); (iii) updating and maintaining the online claims portal and settlement website; (iv) processing claims and distributing deficiency letters; and (v) processing responses to deficiency letters. In addition, GCG estimates $60,423.06 in fees and expenses will be incurred through the Initial Distribution. Riley Decl., ¶36. This work will cover processing and making payments, as well as answering questions about payments.

The Velador Associates invoices cover claims processing only (*i.e.*, not any litigation consulting work) and were not previously reimbursed by the Court's order authorizing reimbursement of litigation expenses (*see* ECF No. 129). Velador's work covering these invoices consisted of analyzing Challenge files to determine claim values pursuant to the Court-approved Plan of Distribution and creating reports detailing any trades or trade instructions that were deficient. These reports were sent to Claimants, who were given the opportunity to re-submit their Challenge files. Velador then analyzed the re-submitted Challenge files to determine claim values pursuant to the Plan of Distribution and generated further deficiency reports, where necessary.

**Exhibit 9, Pg. 10**

The Notice and Administration Expenses paid from the Settlement Fund and proposed for payment from the Settlement Fund are summarized below:

| Vendor | Invoice Date | Period Covered | Invoice Amount | Amount Paid | Amount Outstanding |
|---|---|---|---|---|---|
| GCG | 10/10/2016 | 2/4/16-8/31/16 | $23,097.59 | $23,097.59 | - |
| GCG | 10/25/2016 | 9/1/16-9/30/16 | $11,345.50 | $11,345.50 | - |
| GCG | 1/12/2017 | 10/1/16-11/30/16 | $48,305.65 | $48,305.65 | - |
| GCG | 4/10/2017 | 12/1/16-2/28/17 | $145,180.64 | $145,180.64 | - |
| GCG | 5/26/2017 | 3/1/17-4/30/17 | $44,191.17 | $44,191.17 | - |
| GCG | 6/28/2017 | 5/1/17-5/31/17 | $28,364.60 | $28,364.60 | - |
| GCG | 12/11/2017 | 6/1/17-10/31/17 | $144,963.30 | $40,000.00 | $104,963.30 |
| GCG | 1/26/2018 | 11/1/17-12/31/17 | $35,968.65 | - | $35,968.65 |
| GCG | 2/21/2018 | 1/1/18-1/31/18 | $12,987.22 | - | $12,987.22 |
| GCG | 3/29/2018 | 2/1/18-2/28/18 | $2,982.50 | - | $2,982.50 |
| GCG | 5/31/2018 | 3/1/18-4/30/18 | $23,919.42 | - | $23,919.42 |
| GCG | 8/16/2018 | 5/1/18-7/31/18 | $22,698.00 | - | $22,698.00 |
| *GCG* | *TBD* | *Estimate through Initial Distribution* | *$60,423.06* | - | *$60,423.06* |
| Rust | 6/27/2017 | Reminder postcard mailing | $7,055.71 | $7,055.71 | - |
| Velador | 2/12/2018 | 1/1/18-1/31/18 | $25,203.75 | - | $25,203.75 |
| Velador | 4/18/2018 | 3/1/18-3/31/18 | $15,556.13 | - | $15,556.13 |
| Velador | 5/17/2018 | 4/1/18-4/31/18 | $3,511.68 | - | $3,511.68 |
| Velador | 7/11/2018 | 6/1/18-6/30/18 | $6,321.83 | - | $6,321.83 |
| Velador | 8/7/2018 | 7/1/18-7/31/18 | $5,645.18 | - | $5,645.18 |
| | | **TOTALS** | **$667,721.58** | **$347,540.86** | **$320,180.72** |

After the deduction of all fees, costs, expenses, and taxes and the addition of all interest and dividends, Class Counsel estimates the Net Settlement Fund for distribution to Authorized Claimants as follows:

| | |
|---|---|
| Settlement Amount | $50,000,000.00 |
| Interest and Dividends | $651,667.07 |
| Tax Payments | $68,500.00 |
| Attorneys' Fees/Expense Award | ($9,089,292.64) |
| Plaintiff's Service Award | ($10,000.00) |
| Notice and Administrative Expenses (disbursed) | ($347,540.86) |
| Notice and Administrative Expenses (requested for disbursement) | ($320,180.72) |
| **Estimated Net Settlement Fund** | **$40,816,165.85** |

Accordingly, approximately 81.6% of the $50 million Settlement Fund will be distributed to Authorized Claimants.

**Exhibit 9, Pg. 11**

8

## V. RELEASE OF CLAIMS

In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund. Accordingly, the Distribution Order would bar all Class Members, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Settlement Fund, Plaintiff, Class Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Plaintiff or Class Counsel in connection with the administration or taxation of the Settlement Fund beyond the amounts allocated to Authorized Claimants. *See* Distribution Order, ¶4.

In addition, Plaintiff respectfully requests that the Court release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, from any and all claims arising out of such involvement. *Id*.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that Plaintiff's Motion for an Order Approving the Distribution of the Net Settlement Fund should be granted and the Distribution Order should be entered.

Dated: September 11, 2018          SCOTT+SCOTT ATTORNEYS AT LAW LLP

                                    s/ Christopher M. Burke
                                   Christopher M. Burke (CB-3648)
                                   Walter W. Noss (WN-0529)
                                   Kate Lv
                                   600 W. Broadway, Suite 3300
                                   San Diego, CA 92101
                                   Telephone: 619-233-4565
                                   Facsimile: 619-233-0508

**Exhibit 9, Pg. 12**

Kristen M. Anderson
SCOTT+SCOTT ATTORNEYS AT LAW LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile:  212-223-6334

George A. Zelcs
Robert E. Litan
Randall P. Ewing, Jr.
KOREIN TILLERY LLC
205 North Michigan Plaza, Suite 1950
Chicago, IL 60601
Telephone: 312-641-9750
Facsimile:  312-641-9751

Stephen M. Tillery
Robert L. King
Aaron M. Zigler
Michael E. Klenov
KOREIN TILLERY LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: 314-241-4844
Facsimile:  314-241-3525

Michael D. Hausfeld
Reena A. Gambhir
HAUSFELD LLP
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile:  202-540-7201

Linda P. Nussbaum
Bart D. Cohen
NUSSBAUM LAW GROUP, P.C.
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
Telephone: 917-438-9102

*Attorneys for Plaintiff*

**Exhibit 9, Pg. 13**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

                s/ Christopher M. Burke
                Christopher M. Burke