# EXHIBIT 13

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KLEEN PRODUCTS LLC, *et al.*, individually and on behalf of all those similarly situated, Plaintiffs, v. INTERNATIONAL PAPER COMPANY, *et al.*, Defendants. | Case No. 1:10-cv-05711 Hon. Harry D. Leinenweber |

**DECLARATION OF STEVEN J. STRAUB REGARDING DISTRIBUTION**

I, Steven J. Straub, declare as follows:

1. I am a Senior Project Manager of A.B. Data, Ltd.'s Class Action Administration Company ("A.B. Data") whose corporate office is located in Milwaukee, Wisconsin. My business address is 600 A.B. Data Drive, Milwaukee, WI 53217, and my telephone number is 414-961-7551.

2. I submit this declaration at the request of Class Counsel to provide the Court and the parties to the above-captioned action (the "Action") with information regarding the recent partial distribution from the Net Settlement Fund to Qualified Claimants of $166,583,868.75 in the above referenced matter.

3. This Declaration is based upon my personal knowledge and upon information provided by my associates and staff, and, if called as a witness, I could and would testify competently thereto. Unless otherwise defined herein, defined terms used in this Declaration have the same meanings as in the Settlement Agreements, Notice, Plan of Distribution and the Court's orders.

4. A.B. Data was designated as Settlement Administrator in this Action with primary duties including: (1) disseminating Notice of the Settlements to the Class; (2) receiving, reviewing and processing Claim Forms; (3) calculating Qualified Claimants' share of the Net Settlement Funds; and (4) making a distribution based on that calculation.

**Exhibit 13, Pg. 2**

5. In the process, A.B. Data has served as the central contact point for Class Members' inquiries, communications, and claims in this Action.

## CLAIMS PROCESSING ACTIVITIES

6. A.B. Data mailed pre-populated Claim Forms to potential Claimants. The Claim Form provided potential Claimants with the opportunity to either accept or reject the pre-populated amounts. In the event the potential Claimant did not accept the pre-populated amount, they were asked to provide supporting documentation of their proposed revised amount. Potential Claimants could also download generic blank Claim Forms from the case specific website, www.ContainerboardProductsCase.com, calculate their own purchase amounts, and provide supporting documentation for these amounts.

7. A.B. Data has received and processed a total of 13,828 Claim Forms. A.B. Data has processed all Claim Forms in accordance with the requirements set forth in the applicable Settlement Agreements and related documents.

8. During the data processing and documentation review, A.B. Data identified certain claims that were deficient in that they failed to provide information as required by the Claim Form. A.B. Data also identified certain claims as part of our audits that appeared to be ineligible to participate in the Settlement Fund.

9. To date, 3,530 letters have been sent to claimants identified by A.B. Data as having submitted either deficient or ineligible claims. The letters reported the deficiency or ineligibility condition, explained the reason(s) for the deficiency or ineligibility conditions and requested either that the claimants provide additional information necessary to remedy the deficiency or provided an opportunity for the claimant to object to the determination. An example of these deficient and ineligible claim letters is attached hereto as Exhibit A.

10. In certain cases, A.B. Data also communicated with claimants by telephone or email to resolve the deficient or ineligible conditions in the claims. As a result of the responses received

**Exhibit 13, Pg. 3**

from claimants, many deficiencies were cured. However, despite these efforts, some claimants did not correct their deficiencies or demonstrate eligibility.

11. A.B. Data reviewed documentation provided by claimants in order to make determinations as to the Allowed Purchases and in many instances had follow-up calls and emails with these claimants regarding their claims.

12. Many claimants reached out directly to Class Counsel with questions and these inquiries were subsequently forwarded to A.B. Data. As a result of these inquiries to Class Counsel and inquires directly to A.B. Data, A.B. Data worked closely with Class Counsel throughout this process. Such cooperation included, but was not limited to, discussing guidelines for the evaluation of claims, discussing audits on claims, and setting thresholds for timely completion of claims processing.

## CLAIM DETERMINATIONS

13. A.B. Data has received and processed a total of 13,828 Claim Forms. Of the 13,828 claims submitted, A.B. Data has determined 10,795 are Qualified Claims with no deficiencies. These claims have $63,875,059,952.42 in purchases from all eligible defendants. Each Qualified Claim is identified in a document entitled Qualified Claims Summary which is available to the Court upon request

14. A.B. Data has also determined that 303 claims are valid, but deficient in their attempt to augment their claimed purchase amounts. More specifically, these claims sought a claimed purchase amount in excess of what was either evidenced through Defendant purchase records and/or supported by the claimant with actual documentation. These 303 claims alleged $19,471,164,974.24 in total purchases, however the total value of the Allowed Purchases for these claims is $9,376,386,814.28. Each of these claims, with their initial claim amount and their Allowed Claim amount, is identified in a document entitled the Attempted Adjusted Qualified Claims Summary which is also available to the Court upon request.

**Exhibit 13, Pg. 4**

15. A.B. Data has rejected 2,730 claims in their entirety as ineligible. These claims have $15,371,717,803.95 in purchases from all eligible defendants. Each rejected claim, and the reason for rejection, is identified on a document entitled the Rejected Claims Summary, which is also available to the Court upon request.

16. Late claims received by July 15, 2018, as well as perfected claims and items of late corrective correspondence received by September 25, 2018, did not cause any delay in the processing of the administration overall. Accordingly, A.B. Data recommends that the Court approve A.B. Data's administrative determination to accept late claims received by July 15, 2017, perfected claims received between July 15, 2018 and September 25, 2018, and all corrective correspondence received by September 25, 2017[1]. A.B. Data further recommends that all deficient claims received after July 15, 2017 and claims received after September 25, 2017 be rejected as late as they could not be processed without delaying the progress of the administration. A.B. Data also recommends that any late corrective correspondence received after September 25, 2017 not be used to correct any outstanding deficiencies that remained as of September 25, 2017 for the same reason.

## DISTRIBUTION OF THE SETTLEMENT FUNDS

17. The distributable amount for this initial distribution was calculated on November 12, 2018 by taking the Net Settlement amount less the amount held back due to the Georgia Pacific settlement. The Court previously approved a distribution of $165,000,000 as recommend by Co-lead counsel for the Class, and using the above mentioned criteria, the amount recommended by A. B. Data for distribution was $166,583,868.75.

---

[1] These claims were included in the Eligible Claim Summary. In aggregate, there are 388 claimants with claimed purchases of $3,464,213,377.92, whose claims were postmarked or submitted after the February 6, 2018, filing deadline and prior to July 15, 2018, but which would otherwise be eligible to receive a distribution. Also included are 13 claims, which were not deficient or ineligible, with claimed purchases of $31,249,467.39 that were received after July 15, 2018 and prior to September 25, 2018. The inclusion of these claims would not cause any delay to the Administration.

**Exhibit 13, Pg. 5**

18. A.B. Data calculated Payment Amounts for Qualified Claimants who would receive at least $10.00 in this distribution based on the Claimant's *pro rata* share of the fund.[2]

19. Qualified Claimants with distribution amounts equal to or greater than $10.00 were issued checks, or were sent payment via an electronic wire, on November 20, 2018. The checks have a stale date of 90 days to encourage Qualified Claimants to promptly cash their distribution checks and to avoid or reduce future expenses relating to unpaid distributions. In aggregate, 9,331 distributions were made to Qualified Claimants.

20. As of the date of this declaration, over 91% of the distributions made to Qualified Claimants have cashed. Those distributions represent approximately 95% of the Settlement Funds. This result is in line with A. B. Data's experience in administering large settlements. A. B. Data will continue to use its best efforts to reduce the number and amount of uncashed checks.

21. For any checks returned as undeliverable, an attempt will be made to find new addresses through a trace processing service. Ninety days from the issue of checks, the payments to Qualified Claimants that have been returned as undeliverable and no updated address has been obtained through reasonable efforts, will revert back to the Settlement Funds.

22. It is anticipated that an additional distribution of the remainder of the Net Settlement Fund will be made in the future.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25 day of January, 2019.

Steven J. Straub

---

[2] Qualified Claimants who failed to meet the $10.00 minimum threshold will be eligible to receive payment in subsequent distributions if their allocation based on the aggregate amount available in all distributions exceeds $10.00.

**Exhibit 13, Pg. 6**