# EXHIBIT 18

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MYLAN PHARMACEUTICALS, INC., et al.** <br><br> **Plaintiffs,** <br><br> v. <br><br> **WARNER CHILCOTT PUBLIC LIMITED COMPANY, et al.,** <br><br> **Defendants.** | Civ. No. 12-3824 <br> CONSOLIDATED |

# O R D E R

On January 28, 2015, I entered a Final Order and Judgment, approving both an $8 million settlement between Indirect Purchaser Plaintiffs and Defendants and the terms of the Settlement Agreement and Plan of Allocation. (Doc. No. 679.) As set forth in the Order, this Court has retained jurisdiction over the action, the Parties, and Class Members. (Doc No. 679 at 15.) Indirect Purchaser Plaintiffs have filed an unopposed Motion for approval of distribution of the net settlement fund, which I will grant. (Doc. No. 686.)

In support of the Motion, Plaintiffs submitted the November 5, 2015 Declaration of Claims Administrator Jennifer M. Keough, who verified the actions she has taken: (1) mailed the Notice of Proposed Class Action Settlement and the Proof of Claim and Release form; (2) created and maintained a toll-free hotline and case-specific website, and updated each during the course of the administration; (3) caused the Summary Notice to be published in print media; (4) issued a press release; (5) conducted an Internet advertising campaign; (6) supplemented the media program with direct-mail efforts to dermatologists and third-party payors; (7) received any requests for exclusion; and (8) received and processed Proofs of Claim, resulting in identification of 483

**Exhibit 18, Pg. 2**

claimants who are eligible for participation in the Net Settlement Fund, and determined the *pro rata* share of the Net Settlement Fund allocable to each.

Plaintiffs have also submitted a document—Exhibit C of the Keough Declaration—identifying expenses necessarily incurred in connection with the administration and distribution of the Net Settlement Fund. After those administration expenses are deducted, the Net Settlement Fund will be allocated *pro rata* to each Authorized Consumer Claimant and Authorized TPP Claimant by multiplying the Net Settlement Fund by the amount of the Authorized Consumer Claimant's or Authorized TPP Claimant's claim and then dividing by the aggregate amount of all eligible claims.

**AND NOW,** this 23rd day of November, 2015, upon consideration of Indirect Purchaser Plaintiffs' Unopposed Motion for Approval of Distribution of the Net Settlement Fund (Doc. No. 686), and the corresponding exhibits, it is hereby **ORDERED** as follows:

1. The Unopposed Motion is **GRANTED.**

2. The expenses of Garden City Group, LLC concerning the claims submitted in this case as set forth in Exhibit C of the Keough Decl. are hereby **APPROVED**.

3. No further claims received after November 3, 2015 by GCG shall be allowed.

4. Any further claims against the Net Settlement Fund established for purposes of this Settlement are finally and forever barred.

5. Plaintiffs, Class Counsel, GCG, and all persons who were involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims filed in this action, or who are otherwise involved in the administration or taxation of the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and pursuant to the release terms of the Settlement, all Class members

**Exhibit 18, Pg. 3**

or any other persons, whether or not they are to receive payment from the Net Settlement Fund, are hereby barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them by the Settlement approved by the Court.

6. Class Counsel and GCG are hereby authorized to discard (a) paper or hard copies of Claim Forms and related documents not less than one year after the distribution of the net settlement fund to Class members with accepted claims; and (b) electronic media or data not less than three years after the distribution of the net settlement fund to claimants.

7. The Court retains jurisdiction over any further application or matter which may arise in connection with the administration of this Settlement.

          **AND IT IS SO ORDERED.**

          */s/ Paul S. Diamond*
          _____

November 23, 2015           Paul S. Diamond, J.

**Exhibit 18, Pg. 4**