# EXHIBIT 30

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/8/2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE FOREIGN EXCHANGE BENCHMARK RATES ANTITRUST LITIGATION

No. 1:13-cv-07789-LGS

[PROPOSED] ORDER APPROVING AN INITIAL DISTRIBUTION OF THE SETTLEMENT FUND

WHEREAS Plaintiffs, by and through their counsel, Scott+Scott Attorneys at Law LLP and Hausfeld LLP, have moved this Court for entry of this [Proposed] Distribution Order in the above-captioned class action (the "Action"), and the Court having considered all materials and arguments submitted in support of the Motion, including the Declaration of Shannon Casey (the "Casey Declaration") and Memorandum of Law in Support of Plaintiffs' Motion for Entry of an Order Approving an Initial Distribution of the Settlement Fund ("Memorandum") submitted therewith;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Unless otherwise defined herein, all capitalized terms have the meanings ascribed to them in the Stipulation and Agreement of Settlement with Bank of America Corporation, Bank of America, N.A., and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Bank of America Stipulation"); Stipulation and Agreement of Settlement with Barclays Bank PLC and Barclays Capital Inc. ("Barclays Stipulation"); Stipulation and Agreement of Settlement with BNP Paribas Group, BNP Paribas North America Inc., BNP Paribas Securities Corp., and BNP Prime Brokerage, Inc. ("BNP Paribas Stipulation"); Stipulation and Agreement of Settlement with Citigroup Inc., Citibank, N.A., Citicorp, and Citigroup Global Markets Inc. ("Citigroup

Stipulation"); Stipulation and Agreement of Settlement with The Goldman Sachs Group, Inc. and Goldman, Sachs & Co. ("Goldman Sachs Stipulation"); Stipulation and Agreement of Settlement with HSBC Holdings PLC, HSBC Bank PLC, HSBC North America Holdings Inc., HSBC Bank USA, N.A., and HSBC Securities (USA) Inc. ("HSBC Stipulation"); Stipulation and Amended Agreement of Settlement with JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("JPMorgan Amended Stipulation"); Stipulation and Agreement of Settlement with The Royal Bank of Scotland Group PLC, The Royal Bank of Scotland PLC, and RBS Securities Inc. ("RBS Stipulation"); Stipulation and Amended Agreement of Settlement with UBS AG, UBS Group AG, and UBS Securities LLC ("UBS Amended Stipulation"); Stipulation and Agreement of Settlement with The Bank of Tokyo-Mitsubishi UFJ, Ltd. ("BTMU Stipulation"); Stipulation and Agreement of Settlement with Morgan Stanley, Morgan Stanley & Co., LLC, and Morgan Stanley & Co. International plc ("Morgan Stanley Stipulation"); Stipulation and Agreement of Settlement with RBC Capital Markets, LLC ("RBC Stipulation"); Stipulation and Agreement of Settlement with Société Générale ("Soc Gen Stipulation"); Stipulation and Agreement of Settlement with Standard Chartered Bank ("Standard Chartered Stipulation"); and Stipulation and Agreement of Settlement with Deutsche Bank AG ("Deutsche Bank Stipulation"). ECF Nos. 481 (Ex. 1-9), 822 (Ex. 1-5), 877 (Ex. 1). The foregoing Stipulations are collectively referred to as the "Settlements" or the "Settlement Agreements," and the foregoing defendants are collectively referred to as the "Settling Defendants."

2. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. Plaintiffs' plan for the initial distribution of the Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly,

**Exhibit 30, Pg. 3**

a.   The administrative recommendations of the Court-approved Claims Administrator, Epiq Class Action and Claims Solutions, Inc. ("Epiq"), to accept the Authorized Claims set forth in Exhibits 1, 2, and 3 to the Casey Declaration are adopted;

b.   Epiq shall conduct an "Initial Distribution" of the Net Settlement Fund as follows:

   i.   Authorized Claimants listed in Exhibit 1 to the Casey Declaration shall be paid $15.

   ii.   Authorized Claimants listed in Exhibit 2 to the Casey Declaration shall be paid $150.

   iii.   Authorized Claimants listed in Exhibit 3 to the Casey Declaration shall be paid their respective pro rata shares subject to a 35 percent holdback, which will be held in reserve (the "Reserve"). Funds remaining in the Reserve after final determinations of the participation rate by volume and amount of the Net Settlement Fund will be distributed pro rata to Authorized Claimants in subsequent distributions.

c.   In order to encourage Authorized Claimants to promptly deposit their distribution checks, and to avoid or reduce future expenses relating to unpaid distribution checks, all distribution checks will bear a notation "CASH PROMPTLY; VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED BY [DATE 90 DAYS AFTER ISSUE DATE]." Class Counsel and Epiq are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not deposited his, her, or its check within said time.

**Exhibit 30, Pg. 4**

       d.    Authorized Claimants who do not negotiate their funds within the time allotted will be presumed to forfeit any recovery for their respective Claim Forms from the Settlement Fund, unless otherwise determined by Class Counsel. Any forfeited recoveries will become available for re-distribution as part of subsequent distributions.

4.    This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other further relief as this Court deems appropriate.

IT IS SO ORDERED.

DATED: March 8, 2019
       New York, New York

                                      LORNA G. SCHOFIELD
                                      **UNITED STATES DISTRICT JUDGE**