# EXHIBIT 32

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                :
PRECISION ASSOCIATES, INC., et al.    :
                :
         Plaintiffs,    :
                :  **ORDER**
     - against -    :
                :  08-cv-42 (BMC)
PANALPINA WORLD TRANSPORT    :
(HOLDING) LTD., et al.    :
                :
         Defendants.    :
                :
----------------------------------------------------------- X

**COGAN**, District Judge.

    1.    Plaintiffs filed this action alleging antitrust violations by freight forwarders. The parties have settled this case, and the Court approved the settlement. Before me is a motion for disbursement of the settlement funds. Eight claimants have objected to the distribution of the settlement funds but, for the reasons stated below, I overrule these objections.

    2.    Although I would overrule these objections even if I were to review the decisions of the settlement claims administrator *de novo*, courts apply "great deference" to the decisions of the administrator of a settlement agreement. See United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen, and Helpers of America, 905 F.2d 61, 616 (2d Cir. 1990). "Thus, it is clear that an administrator's decision cannot be rejected merely because a court may be inclined to reach a different result." Patterson v. Newspaper and Mail Deliverers' Union of New York and Vicinity, No. 73-cv-3058, 2005 WL 3750749, at *5 (S.D.N.Y. July 13, 2005).

    3.    First, Forbes Trucking Co. ("Forbes") objected that it should be paid approximately $83,000, but instead the claims administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), denied Forbes's claim entirely. Although Forbes was initially told it

**Exhibit 32, Pg. 2**

would be paid approximately $83,000, Epiq – which conducted an additional review of high value and inconsistent claims – subsequently requested additional information from Forbes in light of multiple indications that the claim was unreliable.[1] Forbes has not provided any documents or other information to support its claim, and confirmed that it no longer has the original documentation that could support the claim. Because Forbes's claim appeared unreliable on its face and Forbes failed to provide evidentiary support, its objection is overruled.

4. Second, CBI Industries, Inc. ("CBI") objected to Epiq's decision to deny its security surcharge claim, although Epiq approved its other claims. When conducting its additional review of high value and inconsistent claims, Epiq identified an inconsistency between the amount CBI claimed to have paid for freight forwarding shipments and the number of pounds it claimed to have shipped. CBI has submitted additional documentation, but these additional documents do not resolve the inconsistency. CBI's objection is overruled.

5. Third, Powertrans Freight Systems, Inc. ("Powertrans") filed an objection because it did not understand Epiq's claims administration methodology. Class counsel explains that Epiq subsequently contacted Powertrans and understands that Powertrans objects to Epiq's decision to deny two claims in full and reduce a third claim by 50 percent because these claims were unsupported by data. Powertrans provided multiple additional submissions to Epiq – including a submission after the deadline to object had passed – that do not cure the deficiencies in the data supporting Powertrans's claims. Powertrans's objection is overruled.

6. Fourth, Maymay International ("Maymay") submitted three written objections to Epiq but did not file any objections with the Court. Maymay seeks to file a claim against Federal

---

[1] Specifically, Epiq notes that Forbes's claim was internally inconsistent; contained very large round numbers, although shipping units of measurement rarely add up neatly; and included many origins and destinations that suggested Forbes was claiming recovery for shipments that were excluded from recovery.

Express ("FedEx") and objects that FedEx is not a defendant. Maymay also submitted an incomplete claim form. Assuming that Maymay is a class member and has properly objected, its objection is overruled because it failed to provide Epiq with the required information and seeks to file a claim against an entity that is not a defendant in this action.

7. Fifth, Arliktex filed an objection by filing its correspondence with Epiq with the Court. In this correspondence, Arliktex asked why its proposed distribution is less than the amount Epiq initially awarded Arliktex, and Epiq explained that it decreased Arliktex's award to reflect Arliktex's revised submission. Specifically, Arliktex initially responded to questions about the number of shipments it made by providing values in in Israeli Shekels, rather than providing the number of shipments it made. After Arliktex provided the appropriate values for these questions, Epiq revised its distribution accordingly. Arliktex's objection is overruled.

8. Sixth, BJ Partners, Inc. ("BJ") filed an objection because a spreadsheet of settlement distributions does not "list a settlement amount [BJ] is entitled to." Class counsel has explained that it did not include a settlement amount for BJ on the spreadsheet because BJ is not entitled to a distribution. BJ submitted a claim to Epiq but failed to identify the defendant(s) it purchased freight forwarding services from or answer other questions on the claim form. After multiple unsuccessful attempts to obtain information from BJ, Epiq denied its claim. In its objection, BJ finally identifies a defendant – DHL Express – but still does not provide the other information that Epiq has requested. BJ's objection is overruled.

9. Seventh, the Chinese Chamber of International Commerce (the "CCOIC") provided an objection to Epiq regarding its denial of the CCOIC's claims. The CCOIC purports to assert a claim on behalf of all Chinese businesses that did not file their own claims. Assuming that the CCOIC may submit a claim on behalf of the claimants it purports to represent, the Court

overrules the objection on the merits because the CCOIC, as shown below, has not complied with requirements of the claims process.

10. The claim that the CCOIC submitted would make the CCOIC the highest value claimant. Class counsel explain that Epiq has required all high value claimants to support their claims with actual transactional data and sworn statements detailing individual shipments, but the CCOIC has not provided such submissions to Epiq. Instead, the CCOIC submitted its claim based on estimates from Chinese customs data and allegations in the third amended complaint, as opposed to data from particular transactions.

11. Because complete data showing all purchases from all defendants is not available, class counsel explains that Epiq has permitted some claimants to submit claims based in part on estimates, provided they supplement these estimates when appropriate so that Epiq can determine which defendant the claimant purchased freight forwarding services from, the time period of the purchases, the routes they shipped on, the dollars spent, the number of shipments, and the weights. Because the CCOIC has not provided this data, Epiq cannot even determine whether the claimants are class members, let alone whether they are eligible for the amounts they claim.

12. The CCOIC has further frustrated Epiq's ability to verify that the CCOIC is representing eligible class members by failing to identify all of the claimants it purportedly represents. Moreover, to the extent those claimants are in fact class members, the CCOIC's submission runs the risk of double recovery because some Chinese businesses have already submitted claims. The CCOIC acknowledges that any claims Chinese businesses have already submitted should be deducted from its claim, but, according to class counsel, the CCOIC has proposed that Epiq search its records to identify any Chinese business that have already

4

**Exhibit 32, Pg. 5**

submitted claims, and then deduct those claims from the CCOIC's claim. Such an arrangement would invert the claimant's responsibility to identify its own claims, as the claims process has required all claimants to do, by shifting this burden upon the claims administrator. The onus is on the CCOIC to prove that it is entitled to the recovery it claims – the magnitude of its claim only increases its need to provide evidentiary support. In other words, its proof must be commensurate to its claim.

13. The Court appreciates the cultural and logistical barriers that Chinese businesses face when submitting claims as part of this process. But the Court cannot provide an exception to the claims review process that it has applied consistently to other claimants without compromising the integrity of this process. The CCOIC's objection is overruled.

14. Eighth, Gloveplus emailed Epiq after the deadline for objections had passed to object that its payment of $100 was too low. Assuming that Gloveplus's objection was properly submitted even though it was untimely, the Court overrules its objection because Gloveplus did not identify any error Epiq made in adjudicating its claim or provide any basis for receiving a larger award.

15. Having overruled the objections, the [1516] motion for disbursement of funds is GRANTED.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

Dated: Brooklyn, New York
April 5, 2019

U.S.D.J.