# EXHIBIT 39

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| IN RE: URETHANE ANTITRUST LITIGATION | ) ) ) ) ) ) ) ) ) | MDL No. 1616<br><br>Civil No. 04-md-1616-JWL-JPO |
| This Document Relates To:<br>The Polyether Polyol Cases | | |

## CLASS PLAINTIFFS' MOTION TO COMPLETE THE DISTRIBUTION OF THE DOW SETTLEMENT FUND

1. On December 19, 2017, the Court authorized the distribution of 85% of the Dow Settlement Fund to Authorized Claimants (Dkt. 3297). The distribution of the initial installment of the Dow Settlement Fund is now complete. On March 22, 2018, 832 checks totaling $473,448,766.60 were distributed to members of the Urethane class. To date, all but approximately $10,000 has been accounted for through the distribution efforts of Class Counsel and the settlement administrator, Garden City Group, LLC ("GCG").

2. Class Plaintiffs and GCG are now prepared to distribute the remaining 15% of the Dow Settlement, thereby completing the distribution of the Dow Settlement Fund.

3. Class Plaintiffs, by their undersigned counsel, hereby respectfully move this Court for an order:

   a. approving the final distribution of the Dow Settlement Fund to Authorized Claimants according to the formula described below and in the Declaration of Stephanie Amin-Giwner in Support of Class Plaintiffs' Motion to Complete the Distribution of the Dow Settlement Fund dated October 19, 2018 ("Amin-Giwner Decl.") being filed simultaneously with this Motion;

**Exhibit 39, Pg. 2**

  b. allowing four late claims and approving one adjusted claim amount as set forth in this Motion;

  c. approving Class Plaintiffs' recommendation that the full distribution relating to one claim be retained in escrow pending resolution of a dispute between the claimant and two Third Party Filers asserting competing interests in the claim, as set forth in this Motion;

  d. reserving $40,000 in the Dow Settlement Fund Escrow Account for payment of the costs and expenses of completing the distribution of the Dow Settlement Fund, and approving as reasonable payments made to GCG of its fees and expenses in the amount of $259,757.88; and

  e. directing that any checks from the initial distribution of the Dow Settlement Fund that have not been negotiated as of the date of this Motion be cancelled and the resulting monies be included in this final distribution.

## I. INITIAL DISTRIBUTION OF DOW SETTLEMENT FUND

  4. By Order dated December 19, 2017 (Dkt. 3297) ("Initial Distribution Order"), the Court approved Class Plaintiffs' motion to make an initial distribution of the Dow Settlement Fund to Class Members who submitted valid claims ("Authorized Claimants") to the Settlement Administrator, GCG.

  5. The Initial Distribution Order approved Class Plaintiffs' request that approximately 15% of the Dow Settlement Fund be retained in the Dow Settlement Fund Escrow Account ("Dow Escrow Account") to pay for preparation of tax returns, pay any taxes due, and address any unforeseen claims issues that might arise.  Initial Distribution Order ¶ 8.

6. The Initial Distribution Order provided that 85% of the Dow Escrow Account balance be transferred into a Dow Distribution Fund checking account ("Dow Distribution Account") to be disbursed to claimants on a *pro rata* basis, based on the Authorized Claimants' Recognized Loss during the Class Period as a proportion of the funds to be distributed. Initial Distribution Order, ¶ 9.

7. The Dow Distribution Account was established and funded as required. GCG made the initial distribution to claimants on March 22, 2018. Amin-Giwner Decl. ¶ 2.

8. GCG and Class Counsel endeavored to ensure that claimants negotiated their settlement checks. Among other things, GCG sought addresses for checks that were returned by the United States Postal Service as undeliverable and re-issued checks to claimants who requested re-issues. In addition, GCG and Class Counsel contacted many of the claimants who did not negotiate settlement checks. Amin-Giwner Decl. ¶ 3.

9. As of October 1, 2018, the Distribution Account balance was $2,799,002.85. The balance in the Distribution Account is composed of three elements. First, there are 14 claimants who did not negotiate their original and/or reissued checks before the checks expired, the total amount of said checks being $10,161.22. Amin-Giwner Decl. ¶ 4. A listing of the claims and uncashed check amounts is attached as Exhibit A to the Amin-Giwner Declaration. Second, there is one check in the amount of $796,869.54 that has not been issued due to a now-resolved issue as to ownership of the claim and an as-yet unresolved dispute between Third Party Filers with respect to the fee owed to them, and those funds also remain in the Distribution Account, as described more fully below. Third, the Distribution Account includes $1,991,972.09 in excess funding, as more money was transferred into the Distribution Account than was needed for the initial distribution.

## II.  MOTION TO COMPLETE DISTRIBUTION OF DOW ESCROW ACCOUNT

10. The Initial Distribution Order required distribution of "the remaining approximately 15% (after payment of any additional taxes, fees and expenses) at a point to be recommended to the Court by GCG and Class Counsel." Initial Distribution Order ¶ 8. Accordingly, Class Counsel now seek leave to distribute the remaining funds from the Dow Settlement.

11. The Estimated Schedule for Supplemental Distribution attached as Exhibit B to the Amin-Giwner Declaration sets forth the recommended amounts to be paid to Approved Claimants as their final distribution from the Dow Settlement Fund, *i.e.*, the 15% holdback approved by the Court in December 2017. The proposed final distribution of the Dow Escrow Account is derived from calculations based on utilizing Class Members' Recognized Loss Amounts and utilizes the same method applied in the initial distribution. To ensure the confidentiality of such information, claimants' names are redacted in the Estimated Schedule for Supplemental Distribution, the Amin-Giwner Declaration, and this Motion.

12. Since the time of the Distribution Hearing on December 19, 2017, Class Counsel and GCG have addressed the following issues regarding Class Member claims and recommend the following:

   a. <u>Late Claims:</u>  After the initial distribution was made, Class Counsel and GCG received inquiries from two entities regarding several unfiled claims. Class Counsel and GCG determined that one of these entities was the appropriate claimant for three unfiled claims[1] and the other entity had purchased qualifying

---

[1] The relevant information relating to the three claims are: (1) Claim # 1000144; Reference # 655; Total Recognized Loss Amount: $14,524.56; Total Recovery: $15,569.34; (2) Claim # 1001059; Reference # 430; Total Recognized Loss Amount: $50,088.70; and Total Recovery: $53,691.68; and (3) Claim # 1007878; Reference # 426; Total Recognized Loss Amount: $51,116.70; Total Recovery: $54,793.63.

products during the relevant period.[2] Both entities requested permission to participate in the settlement recoveries. Class Counsel and GCG have considered those requests. It is our recommendation that the requests be granted and that these class members be permitted to receive their full recovery out of the remaining 15% of the Dow Settlement Fund for the following reasons. First, the claim amounts that would be paid to these two entities are relatively small and, indeed, are less than the amount earned in interest on the Dow Settlement Fund since the time that the Initial Distribution Schedule was filed with the Court in November, 2017. As a result, paying these claims will not reduce the amounts received by any other class members below the amounts reported in the Initial Distribution Schedule. Second, these entities represented to Class Counsel that they did not receive any claim forms. Class Counsel takes them at their word and has no reason to disbelieve them. Third and most important, these entities are class members. The Dow Settlement Fund was created for their benefit. Given that, Class Counsel would rather err on the side of inclusion than exclusion and would recommend that they be allowed to participate in full in distributions from the Dow Settlement Fund. The estimated schedule of distribution attached to the Amin-Giwner Declaration assumes these late claims are allowed. Amin-Giwner Decl. ¶ 6.

b. <u>Resolution of Disputed Claim Amounts:</u> At the time of the Distribution Hearing, one claim remained in dispute, Claim # 1009826/Reference #

---

[2] The relevant information for this claim is as follows: Claim # 1002778; Reference # 3917; Total Recognized Loss Amount: $5,546.00; and Total Recovery: $5,944.93.

396.  This claim initially was approved by Class Counsel and GCG for the amount reflected in defendants' data, but the corrected amounts submitted above the amount of the defendants' data were rejected.  Prior to the December 19, 2017 Distribution Hearing, the claimant inquired as to why its corrected amounts had been rejected.  After communications between Class Counsel, GCG and the claimant's representative, and a review of the submitted documentation and communications relating thereto, the determination was reached that further investigation was warranted with respect to this claim and that it was not feasible to complete this investigation prior to the December 19 hearing.  The claimant received its initial 85% payment based on the undisputed amount of the claim (the amount reflected in defendants' data), with the understanding that if the claimant's Recognized Loss Amount subsequently was increased, the claimant would receive the additional funds out of the second distribution.  The investigation is now complete and GCG and Class Counsel recommend that the claim be approved at a total Recognized Loss Amount of $254,988.21, an amount greater than that reflected in defendants' data but less than the amount claimed by the class member.  The class member has agreed to this resolution.  Class Counsel and GCG recommend that the additional Recognized Loss Amount for this claimant be approved.  In accordance with this resolution, the Estimated Schedule for Supplemental Distribution includes for this class member both the 15% final distribution on the amounts reflected in defendants' data and 100% of the additional amounts approved by Class Counsel and GCG pursuant to their further investigation.

  c. <u>Dispute Relating to Ownership of Claim # 1004694; Reference # 100</u>: After the Distribution Order was entered but before the initial distribution was sent to Approved Claimants, Class Counsel and GCG identified certain issues relating to the appropriate ownership of this claim. Class Counsel and GCG conducted additional investigation relating to these issues and identified an individual who might have a superior ownership claim to the Approved Claimant. Class Counsel and GCG successfully resolved this dispute between the two competing claimants; the initial claimant conceded that the later identified individual was the appropriate claimant and withdrew its own claim. However, a dispute remains with respect to whether the Third Party Filer for the initial claimant or the Third Party Filer for the subsequently identified individual is entitled to a fee on the claim. We understand that additional discussions currently are taking place between attorneys for the competing parties. Rather than delay the final distribution to the entire Class until this matter is resolved, Class Counsel propose that the full distribution amount owed with respect to this claim (100%) be retained in the Distribution Account until the parties resolve this dispute or, if need be, until a legal resolution of the dispute is reached. It should be noted that this issue will not impact the amount of any other claims, as it relates solely to whether or not an approved claim should be distributed at this time.

  13. GCG has been paid a total of $259,757.88 out of the Dow Settlement Fund for the work it performed from August 1, 2017 through August 31, 2018. Amin-Giwner Decl. ¶ 16. For a summary of that work, see Amin-Giwner Decl., *passim*. Plaintiffs request that the Court find that those expenses were reasonable.

14.     In addition, GCG anticipates that its fees and expenses from September 1, 2018 through completion of the second distribution will be $40,000.  Amin-Giwner Decl. ¶ 16.  This estimate includes stopping payment on all stale checks from both distributions, reconciling account balances, calculating the amounts to be paid to each claimant in the second distribution, preparing the declaration in support of this motion, making the second distribution, coordinating check reissues and check forwarding, updating and maintaining the settlement hotline and website, preparing tax or informational returns, and finalizing and closing accounts after the second distribution is complete.  *Id.*  Class Counsel believe the anticipated additional amounts are reasonable and necessary to the administration of the Dow Settlement.  Therefore, Class Counsel request leave to reserve $40,000 to pay GCG to complete the second distribution and conclude administration of the Dow Settlement.

15.     As set forth in Exhibit A to the Amin-Giwner Declaration, the balance of the Dow Distribution Account that is attributable to checks that have not been negotiated is $10,161.22.  Amin-Giwner Decl. ¶ 4.  All such uncashed checks are stale, as of the date of this Motion.  *Id.*  GCG recommends, and Class Counsel concur, that all such checks be voided and the funds represented by such voided checks be added to the Dow Settlement Fund and redistributed to Authorized Claimants on a *pro rata* basis.  Class Counsel request leave to take necessary steps to effectuate this result.

### III.   DISTRIBUTION PROCESS

16.     The Estimated Schedule for Supplemental Distribution attached as Exhibit B to the Amin-Giwner Declaration sets forth a list of 837 Claims, including the four late claims that GCG and Class Counsel recommend be approved, as set forth in paragraph 12.a. above.  Exhibit B lists, for each claim, the Claim Number, the Reference Number, the Total Recognized Loss

Amounts, and the Estimated Final Payment Amount. All told, the 837 Claims approved and/or recommended for approval represent a Total Recognized Loss Amount of $519,940,263.29. For privacy reasons, this list identifies Claimants only by Claim Number and Reference Number. No names, addresses or Taxpayer I.D. numbers are disclosed.

17. The Claims listed in Exhibit A include the 14 claims for which checks have not been cashed. Class Counsel and GCG recommend that final distribution checks be sent to all class members, including any class members who did not cash their initial checks. The number of such claimants and the amounts owed to them are relatively small, and re-directing these funds to the other class members will have a negligible impact on their recovery. Given that, Class Counsel and GCG believe that it is worthwhile to give these class members an additional opportunity to receive a share of the Dow Settlement. Given the relatively small amounts owed to these class members, the downside of such an approach is extremely limited.

18. According to the Plan of Allocation, each Approved Claimant shall be allocated a pro rata share of the Settlement Fund based on its percentage of the Total Recognized Loss Amount, after deduction of reasonable, anticipated further expenses.

19. GCG calculated the Estimated Final Payment Amount for each Approved Claimant listed on Exhibit B in accordance with the Court-approved Plan of Allocation. The Final Distribution Amount used in these calculations is $85,137,596.49 which was determined as follows. The balance in the Dow Settlement Fund as of September 30, 2018 was $83,676,834.25. This amount was increased by $10,161.22, the amount of uncashed checks for which claimants have not been located as set forth in paragraph 15 above, and $1,991,972.09, the amount of the excess funding of the Distribution Account. The amount was decreased by $19,519.07, an amount paid after September 30, 2018 to GCG for fees and expenses, and

$40,000, the additional amount estimated by GCG to complete the distribution, as well as a reserve of $481,852 for potential tax liability.[3]

20.     GCG and Class Counsel recommend that the Court approve GCG's determinations as set forth above and in Exhibit B. After approval by the Court and expiration of the appeal period,[4] GCG will prepare and mail checks to all Approved Claimants for their pro rata shares of the Settlement Fund as set forth in Exhibit B to the Amin-Giwner Declaration.

### IV.    DISPOSITION OF ANY UNCASHED CHECKS FROM SECOND DISTRIBUTION

21.     As with the first distribution, the checks to be issued for this second distribution will bear the legend "VOID AFTER 90 DAYS." To the extent that any checks are not negotiated, GCG and Class Counsel will make further efforts to accomplish negotiation of the uncashed checks. Amin-Giwner Decl. ¶ 13.

22.     GCG and Class Counsel recommend that GCG be authorized to void and stop payment on any checks that are not negotiated within 180 days of issuance, or, in the case of reissued checks, within 45 days of reissuance. Amin-Giwner Decl. ¶ 14.

23.     Based on the results of the initial distribution, GCG and Class Counsel do not anticipate that there will be a substantial amount of funds remaining in the Dow Distribution Account due to uncashed checks after this second distribution. It is highly unlikely that the amount remaining in the Dow Distribution Account from uncashed checks will be large enough to allow for an efficient third distribution to the Dow Settlement Class. Amin-Giwner Decl. ¶ 15.

---

[3] The Final Distribution Amount will change slightly as of the time of the Final Distribution, primarily due to additional interest earned on the Fund.
[4] If any claimants appeal the treatment of their specific claims, Class Counsel anticipate withholding sufficient funds from the distribution to pay such claims in full and proceeding with the distribution as to all other claimants.

24.     Given that Dow is the last remaining defendant, Class Counsel believe that a *cy pres* distribution to third parties is the most appropriate course.  Class Counsel recommend that within a reasonable time after the distribution is complete and the amount of remaining funds is known, Class Counsel will report back to the Court with a recommendation as to an appropriate *cy pres* treatment for these funds.

## VI.     CONCLUSION

25.     For the foregoing reasons, Class Counsel respectfully request that the Court enter the proposed Order authorizing completion of the distribution of the Dow Settlement Fund.

DATED:  October 19, 2018                                Respectfully submitted,

                                                                               /s/  *Robert W. Coykendall*
                                           Robert W. Coykendall, #10137
                                           Robert N. Walter, #08620
                                           Morris, Laing, Evans, Brock &
                                                Kennedy, Chartered
                                           Old Town Square
                                           300 North Mead – Suite 200
                                           Wichita, KS  67202
                                           Tel:  (316) 262-2671
                                           Fax:  (316) 262-5991
                                           rcoykendall@morrislaing.com

                                           **Plaintiffs' Liaison Counsel**

| | |
|---|---|
| Donald L. Perelman | Richard A. Koffman |
| Roberta D. Liebenberg | Kit Pierson |
| Gerard A. Dever | Sharon K. Robertson |
| Paul Costa | Laura Alexander |
| Mary L. Russell | **COHEN MILSTEIN SELLERS** |
| **FINE, KAPLAN AND BLACK, R.P.C.** | **&  TOLL PLLC** |
| One South Broad Street, 23rd Floor | 1100 New York Avenue, N.W., Suite 500 |
| Philadelphia, PA  19107 | Washington, DC  20005 |
| Tel:  (215) 567-6565 | Tel:  (202) 408-4600 |

**Plaintiffs' Co-Lead Counsel**

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of October, 2018, I caused the foregoing Class Plaintiffs' Motion to Complete the Distribution of the Dow Settlement to be electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel who have registered for receipt of documents filed in this matter.

/s/ Robert W. Coykendall
Robert W. Coykendall

**Exhibit 39, Pg. 13**