# EXHIBIT 40

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| IN RE: URETHANE ANTITRUST LITIGATION | ) ) ) ) ) | MDL 1616<br>Civil No. 04-md-01616-JWL |
| This Document Relates To:<br>The Polyether Polyol Cases | ) ) ) ) | |

**ORDER APPROVING MOTION TO COMPLETE
THE DISTRIBUTION OF THE DOW SETTLEMENT FUND**

AND NOW, this 5th day of November, 2018, upon consideration of Class Plaintiffs' Motion to Complete the Distribution of the Dow Settlement Fund, Dkt. No. 3301 ("Dow Final Distribution Motion"), the Declaration of Stephanie Amin-Giwner in support thereof, and the entire record in this matter, IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. The procedures used, actions taken, and determinations made by Settlement Administrator Garden City Group, LLC ("GCG") and Plaintiffs' Class Counsel to effectuate the administration of the Dow Settlement are hereby adjudged to have been proper and complete, and the administrative determinations of GCG and Class Counsel accepting, modifying, and rejecting claims filed in this matter are approved.

2. The Court has reviewed the Dow Final Distribution Motion and the Declaration of Stephanie Amin-Giwner in support thereof, including the exhibits thereto, and has considered any objections filed by class members. After due consideration, the Court approves the final distribution.

3. The Eligible Claims listed in Exhibit B to the Declaration of Stephanie Amin-Giwner are approved, as are the Remaining Award Amounts for each claim.

4. The four late claims identified in the Dow Final Distribution Motion are hereby allowed, and the adjusted claim amount identified in the Motion for Claim # 1009826 is hereby approved.

5. Class Counsel's recommendation that the full distribution amount relating to Claim # 1004694 be retained in escrow pending resolution of the outstanding dispute is hereby approved.

6. The fees invoiced by GCG were reasonable and necessary in connection with the administration of the Dow Settlement.

7. The Court approves Class Counsel's request to reserve in the Dow Settlement Fund Escrow Account (1) $481,852 for potential tax liability; and (ii) $40,000 for payment of GCG's estimated costs and expenses for completing the distribution of the Dow Settlement Fund.

8. Any checks from the initial distribution of the Dow Settlement Fund that have not been negotiated as of October 19, 2018 are cancelled and the resulting monies are to be included in this final distribution.

9. Class Counsel reports that as of September 30, 2018, the balance of the Dow Settlement Fund, which is held in the Dow Settlement Escrow Account, totals $83,676,834.25.

10. The Court finds that it is appropriate to distribute the remaining monies in the Dow Settlement, less the above-described amounts to be reserved, after the appeal period from this Order has run.

11. To effectuate the final distribution, the balance of the Dow Settlement Escrow Account shall be transferred into the Dow Distribution Fund. GCG is directed to distribute the monies in the Dow Distribution Fund, less reserved amounts, to the Authorized Claimants listed in Exhibit B to the Amin-Giwner Declaration as approved by this Court, which complies with the Plan of Allocation approved by this Court. Each Authorized Claimant shall receive his/her/its remaining share of the Dow Distribution Fund as calculated by GCG, based on the Authorized Claimant's Recognized Loss Amounts as a proportion of the Dow Distribution Fund.

12. All checks shall be made payable to the Authorized Claimant and mailed to the Authorized Claimant's address; provided however, that for all Authorized Claimants that retained third-party claims filers, the contracts for which retention provide that the checks should be sent to those third-party claims filers in a negotiable form (*e.g.*, Payable to Third-Party Filer FBO (for the Benefit of) the Class Member), the checks shall be made payable jointly to both the Authorized Claimant and the corresponding third-party claim filer and mailed to the Authorized Claimant's address.

13. Checks for distribution to the Authorized Claimants shall bear the notation "Non-Negotiable After 90 Days," and no check shall be negotiated in the Dow Distribution Fund more than 120 days after the date of the check.

14. One year after this Action is terminated and any and all related appeals have been decided or the time for filing appeals has lapsed, the Settlement Administrator may destroy all claim forms and related correspondence. The Settlement Administrator shall, however, retain all administrative records, including its copy of the Accepted Claims Report, its claimants listings and its computer database and programs used to

create the claimants listings, for a period of three (3) years after the termination of this

Action and the disposition of any related appeals, at which time the Settlement

Administrator may destroy electronic copies of claims records.

BY THE COURT:

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge