Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 788-7210
Facsimile: (415) 788-0706
Email: fos@scarpullalaw.com
        pbc@scarpullalaw.com

Theresa D. Moore (99978)
Law Offices of Theresa D. Moore
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 613-1414
tmoore@aliotolaw.com

*Interim Co-Lead Counsel for Omitted
Repealer States*

Robert Bonsignore appearing *pro hac vice*
Lisa Sleboda *pro hac vice*
Bonsignore Trial Lawyers, PLLC
23 Forest Street
Medford, MA 02155
Office Phone: (781) 350-0000
Cell Phone: (781) 856-7650
Facsimile: (702) 852-5726
Email: rbonsignore@classactions.us

[ADDITIONAL COUNSEL LISTED ON
SIGNATURE PAGE]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 4:07-cv-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **REPLY IN SUPPORT OF MOTION TO INTERVENE AND AMEND COMPLAINT TO ALLEGE STATE LAW CLAIMS FOR THE OMITTED REPEALER STATES** |
| All Indirect-Purchaser Actions | |
| | Hearing Date: October 23, 2019 |
| | Time:           2 p.m. |
| | Courtroom:   6 – 2nd Floor |
| | Judge:          Hon. Jon S. Tigar |

.

# TABLE OF CONTENTS

I.    Intervention Should be Granted ................................................................................1

    A.  *The ORS Plaintiffs' Motion is Timely and Does Not Prejudice the Defendants* .....4

    B.  *Intervention is Necessary to Protect the ORS Plaintiffs' Interests* ........................8

    C.  *The Thomson Defendants' Relation-Back Argument is Incorrect* ........................14

II.   Amendment is Appropriate .........................................................................................15

CONCLUSION ..............................................................................................................................15

CERTIFICATE OF SERVICE ......................................................................................................18

i

# TABLE OF AUTHORITIES

*Allen v. Labor Ready Sw., Inc.*,
No. CV0904266DDPAGRX, 2015 WL 5156416 (C.D. Cal. Sept. 2, 2015).........................5, 7, 12

*ASARCO, LLC v. Union Pacific. R. Co.*,
765 F.3d 999 (9th Cir. 2014) ...............................................................................................10, 14

*Baranco v. Ford Motor Co.*,
No. 17-CV-03580-EMC, 2018 WL 5474549 (N.D. Cal. Oct. 26, 2018) .....................................11

*Brown v. United States*,
976 F.2d 1104 (7th Cir. 1992) ....................................................................................................15

*Francisco v. Emeritus Corp.*,
No. 17-cv-2871-VAP (SSx), 2018 WL 6070942 (C.D. Cal. Jan. 10, 2018) ................................14

*Forras v. Rauf*, 39 F. Supp.
3d 45 (D.D.C. 2014) .....................................................................................................................9

*Gelboim v. Bank of Am. Corp.*,
135 S. Ct. 897 (2015) ..................................................................................................................15

*Griggs v. Pace Am. Group, Inc.*,
170 F.3d 877 (9th Cir. 1999) .......................................................................................................15

*Harris v. Vector Mktg. 27 Corp.*,
No. C-08-5198 EMC, 2010 WL 3743532 (N.D. Cal. 2010) ........................................................7

*Howard v. Hui*,
No. C 92-3742-CRB, 2001 WL 1159780 (N.D. Cal. Sept. 24, 2001) .........................................10

*In re Syntex Corp. Sec. Litig.*,
95 F.3d 922 (9th Cir.1996) .......................................................................................................9, 14

*King v. Bank of Am., N.A.*,
No. C15-1014-TSZ, 2015 WL 12930129 (W.D. Wash. Dec. 28, 2015) .....................................10

*Kirola v. City & Cty. of San Francisco*,
860 F.3d 1164 (9th Cir. 2017) .....................................................................................................13

*Leachman v. Beech Aircraft Corp.*,
694 F.2d 1301 (D.C. Cir. 1982) ..................................................................................................10

*League of United Latin Am. Citizens v. Wilson*,
131 F.3d 1297 (9th Cir. 1997) ......................................................................................................7

ii

REPLY IN SUPPORT OF MOTION TO INTERVENE AND AMEND COMPLAINT TO ALLEGE STATE LAW
CLAIMS FOR THE OMITTED REPEALER STATES
Case No. 3:07-cv-5944, MDL No. 1917

*Lee v. Pep Boys-Manny Moe & Jack of California*,
No. 12-CV-05064-JSC, 2016 WL 324015 (N.D. Cal. Jan. 27, 2016) ...........................................6

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*,
523 U.S. 26 (1998) ...........................................................................................................................15

*Lindblom v. Santander Consumer USA, Inc*,
2018 WL 3219381 (E.D. Cal. June 29, 2018) ..................................................................................6

*Martell v. Trilogy Ltd.*,
872 F.2d 322 (9th Cir. 1989) ..........................................................................................................10

*Melendres v. Arpaio*,
784 F.3d 1254 (9th Cir. 2015) ...................................................................................................13, 14

*Orange Cty. v. Air California*,
799 F.2d 535 (9th Cir. 1986) ............................................................................................................6

*Palmer v. Stassinos*,
236 F.R.D. 460 (N.D. Cal. May 18, 2006) .....................................................................................14

*Percy v. S.F. Gen. Hosp.*,
841 F.2d 975 (9th Cir.1988) ............................................................................................................10

*Senne v. Kansas City Royals Baseball Corp.*,
114 F. Supp. 3d 906 (N.D. Cal. 2015) ............................................................................................13

*Smith v. Marsh*,
194 F.3d 1045 (9th Cir. 1999) ..........................................................................................................7

*SurvJustice Inc. v. DeVos*,
No. 18-cv-00535-JSC, 2019 WL 1427447 (N.D. Cal. 2019) ...........................................................7

*Tosti v. City of Los Angeles*,
754 F.2d 1485 (9th Cir. 1985) ........................................................................................................15

*True Health Chiropractic Inc. v. McKesson Corp.*,
No. 13-CV-02219-JST, 2014 WL 2860318 (N.D. Cal. June 23, 2014) ...........................11, 12, 14

*U.S. v. Alisal Water Corp.*,
370 F.3d 915 (9th Cir. 2004) ............................................................................................................6

*United States v. City & Cty. of Honolulu*,
No. 94-00765 DAEKSC, 2007 WL 1549475 (D. Haw. May 24, 2007)............................................3

REPLY IN SUPPORT OF MOTION TO INTERVENE AND AMEND COMPLAINT TO ALLEGE STATE LAW
CLAIMS FOR THE OMITTED REPEALER STATES
Case No. 3:07-cv-5944, MDL No. 1917

*United States v. State of Oregon*,
745 F.2d 550 (9th Cir. 1984) ...........................................................................................3

*Yakima Valley Mem'l Hosp. v. Washington State Dep't of Health*,
No. CV-09-3032-EFS, 2011 WL 13186149 (E.D. Wash. Dec. 20, 2011) ......................5

*Young v. LG Chem Ltd.*,
13-MD-02420-YGR, 2015 WL 8269448 (N.D. Cal. Dec. 9, 2015)................................15

*Zorrilla v. Carlson Restaurants Inc.*,
255 F. Supp. 3d 465 (S.D.N.Y. 2017) .........................................................................12


**Additional Authorities**

Fed. R. Civ. P. 15....................................................................................................10

William B. Rubenstein, NEWBERG ON CLASS ACTIONS § 2:6 (5th ed.)..............................13

REPLY IN SUPPORT OF MOTION TO INTERVENE AND AMEND COMPLAINT TO ALLEGE STATE LAW
CLAIMS FOR THE OMITTED REPEALER STATES
Case No. 3:07-cv-5944, MDL No. 1917

## I. Intervention Should be Granted

In their effort to recast the ORS Plaintiffs' motion to intervene into something they can oppose, the Defendants minimize the recent history of this case—ignoring both their own positions before this Court and their latest efforts (with IPP Counsel's cooperation) to excise the long-pending ORS federal claims from this case.

The Ninth Circuit remanded the case to this Court: "to reconsider its order on class certification and settlement approval," CA9 Case 16-16373 ("App. Dkt."), Dkt. 252 at 12, because IPP Counsel's settlement pitted their clients from 22 repealer states (the RS claims) against their clients from the ORS and IPP Counsel actively sought during the appeal to minimize the value of their ORS clients' claims in order to serve their RS clients' claims. The remand order explicitly referenced IPP Counsel's inadequacy in the settlement proceedings, explaining that their failure to obtain monetary relief for the ORS shed light on their "adequacy of representation.'" And Judge Clifton's questioning at oral argument left no doubt in regard to the dual nature of that inadequacy:

> JUDGE CLIFTON: My problem now is that we've got a settlement teed up that purports to release – that does release claims on behalf of people from those states … without appearing to have any return to them and without appearing to have anybody at the table speaking for them.

Audio: 33:56–34:15 (Tr. 27:23-25; 28:1-11).

IPP Counsel's outright abandonment of the ORS Plaintiffs is thus recent and goes well beyond simply dropping ORS' Plaintiffs' damages claims from a version of the complaint.  Indeed, in the settlement approval proceedings, IPP Counsel actively worked to prevent the ORS Plaintiffs' from *ever* seeking monetary relief—a graver act than merely dropping such claims from a version of the complaint since, as explained below, those claims would relate back to IPP's initial complaint as long as the ORS Plaintiffs' federal claims remained pending.  Worse, IPP Counsel did so without having anyone 'at the table' to stand in the way of IPP Counsel's abandonment. *Id.*

By abandoning the ORS and attempting to justify that abandonment before the the Ninth Circuit and this Court, IPP Counsel revealed their conflict of interest and, by extension, the conflict of their class representatives.

Following IPP Counsel's conduct in the settlement proceedings, including the appeal, it was apparent—agreed to, actually, by all, *including the Defendants*, and the Court—that IPP Counsel and their class representative clients could no longer adequately represent the ORS Plaintiffs. (Dkt. 5444 at 15). At that point, the ORS had no functioning class representatives because IPP Counsel, and their clients, were no longer acting to represent them.

All parties involved (Defendants included) accordingly agreed that ORS class members needed new, non-conflicted counsel to represent them in the Ninth-Circuit-mandated remand proceedings.  *See* (Dkt. 5444 at 15) ("There seems to be an agreement among the parties that there's an adequacy of counsel issue which is different but also sufficient to require the appointment of separate counsel."). The Court announced a tentative ruling that it could not appoint counsel for each of the nine ORS until proposed ORS Counsel filed notices of appearance for persons from each of those states.  (Dkt. 5505 at 12-13). The Defendants, again, *agreed* with that requirement (Dkt. 5505 at 21), and proposed ORS Counsel filed notices of appearances for the proposed ORS class representatives. (Dkt. 5518)  But for the ORS class members to actually be represented—the Defendants and the proposed ORS Counsel and the Court again, all, agreed— the proposed new ORS class representatives would first need to intervene. (Dkt. 5542 at 1).

Making the need for intervention more acute, the Defendants have now entered an agreement with IPP Counsel to *amend* the prior settlement that certified the national settlement class that included the ORS—an amendment that would remove the ORS class members and their federal claims from this case with no consideration.  All this, without the ORS class members

having any representation.  All this, despite the Defendants' earlier agreement in this Court that (i) the then-current representation of the ORS class members needed to be replaced, (ii) new ORS representation is thus necessary, and (iii) the new ORS class representatives must intervene before they can legally represent the ORS. Yet, the Defendants now oppose intervention.

The Defendants are thus asking the Court to reach the very result the Ninth Circuit determined was legally erroneous: allowing a settlement for the 22 RS subclasses while dismissing the ORS class members without adequate representation or any relief. This result is not only inequitable to the ORS, it is in direct conflict with the Ninth Circuit's mandate that the Court reconsider the parties' prior settlement to ensure all class members are treated fairly.

The Court's reconsideration of the prior settlement is precisely the type of "change of circumstances" the Ninth Circuit has held resets the timeliness clock.   In *United States v. State of Oregon*, 745 F.2d 550, 551-52 (9th Cir. 1984), the State of Idaho moved to intervene in litigation between the States of Washington and Oregon and various Indian Tribes—15 years after the commencement of that action and 5 years after a settlement had been reached. *Id.* at 551–52. Although Idaho moved to intervene more than a decade after the litigation was initiated, the Ninth Circuit concluded that the "stage of proceedings" factor supported a finding of timeliness because a "change of circumstance" had occurred five years after settlement—two Indian tribes had given "notice of their intent to withdraw from the [settlement] or to renegotiate it" which created "the possibility of new and expanded negotiations." *Id.* at 552.

The Ninth Circuit explained that these new and expanded settlement negotiations indicated that the litigation was "entering a new stage" and, therefore, the stage-of-the-proceedings factor weighed in favor of intervention. *Id.*; *see also United States v. City & Cty. of Honolulu*, No. 94-00765 DAEKSC, 2007 WL 1549475, at *4 (D. Haw. May 24, 2007) (allowing intervention even

3

1   though case had been "ongoing for over 12 years" because parties stated they were going to

2   supplement a pending consent decree and, thus, case had entered a "new phase of litigation.").

3       Just as in *State of Oregon,* this litigation is entering a new phase. As mandated by the Ninth

4   Circuit, the Court will reconsider its prior approval of the parties' previous settlement agreement

5   in light of "new and expanded negotiations" between the parties—this time all represented by

6   adequate counsel.  *Id.* at 552.  As in *State of Oregon*, the timeliness clock should be reset by that

7   new phase.  The ORS Plaintiffs' motion to intervene is timely under that paradigm.

8       The Defendants nonetheless contend intervention is inappropriate, challenging two prongs

9   of the Ninth Circuit's four-prong intervention test: timeliness of the motion and the intervenors'

10  "significantly protectable" interest in the litigation. We will address only those prongs.

11

12          ### A. The ORS Plaintiffs' Motion is Timely and Does Not Prejudice the Defendants

13      The resolution of the Defendants' timeliness objection hinges on when the clock began to

14  run.  Seeking to recast the ORS Plaintiffs' basis for intervention, the Defendants contend it began

15  running "no later than December 2010," when IPP Counsel filed the Third Consolidated Amended

16  Complaint.  Specifically, they argue that "although [the ORS Plaintiffs] were members of a

17  putative federal injunctive class, IPP Counsel was not prosecuting state-law damages claims on

18  their behalf" since 2010, which purportedly should have led the ORS Plaintiffs to realize that their

19  legal interests were already abandoned (despite the continued presensce of their federal claim).

20  (Resp. at 5-6, 10).  But ORS Plaintiffs' intervention is necessary because of the loss of any non-

21  conflicted representation—a loss brought acutely into relief by the Defendants' pending effort with

22  IPP Counsel to drop the ORS class members' federal claims in order to salvage a compensatory

23  damages settlement for the RS class members.

24

25

26

27

REPLY IN SUPPORT OF MOTION TO INTERVENE AND AMEND COMPLAINT TO ALLEGE STATE LAW
CLAIMS FOR THE OMITTED REPEALER STATES
Case No. 3:07-cv-5944, MDL No. 1917

The Defendants cite two orders for the proposition that the Ninth Circuit's remand, the loss of representation for the ORS class members, and the Court's appointment of new counsel for the ORS do not amount to a "change of circumstances" that starts the timeliness clock. (Resp. at 10-11).  Neither order carries the weight the Defendants place upon it.  In *Allen v. Labor Ready Sw., Inc.*, No. CV0904266DDPAGRX, 2015 WL 5156416, at *2 (C.D. Cal. Sept. 2, 2015), the district court exercised its discretion to find that a post-remand motion to intervene was untimely. Unlike here, the Ninth Circuit had "explicitly declined to rule on the substance of the settlement agreement" that had been appealed, reversing on procedural grounds; instead, the court reversed because "the district court did not satisfy this procedural standard" for reviewing a proposed class action settlement. *Allen v. Bedolla*, 787 F.3d 1218, 1224 (9th Cir. 2015) (internal citation omitted). The Ninth Circuit—unlike here—did not conclude that the settlement was unfair: "We take no position on the substantive fairness of the agreement, because the record before us does not allow us to undertake even our deferential substantive review." *Id.* (internal citation omitted).

The order in *Allen* is similar.  Unlike here, the district court was not directed to reconsider the settlement.  Instead, the Ninth Circuit was clear "a settlement could still be 'fair, reasonable, [and] adequate,'" if the district court undertook the proper inquiry.  *Allen*, 2015 WL 5156416, at *2 (quoting *Allen*, 787 F.3d at 1224). Given that the "Ninth Circuit's decision [did] not require the parties to 'scrap' the agreement and re-negotiate," the change-of-circumstances factor that justifies intervention here was simply not present in *Allen*.  *Allen*, 2015 WL 5156416, at *2.

The Defendants' reliance on *Yakima Valley Mem'l Hosp. v. Washington State Dep't of Health*, No. CV-09-3032-EFS, 2011 WL 13186149, at *2 (E.D. Wash. Dec. 20, 2011), is even more attenuated.  There was no settlement, and the defendant had prevailed on a judgment on the pleadings on both of the plaintiff's two causes of action.  *Id.*  The Ninth Circuit affirmed the

5

defendants' win on one, but reversed with respect to the other, a dormant commerce clause claim. *Id.* The case was remanded so the parties could litigate that claim. *Id.* That remand did not, as here, amount to the beginning of a "new stage" of the proceedings. *State of Oregon*, 745 F.2d at 552. Instead, after remand, the *Yakima* parties were in the identical position they had inhabited before the appellate proceedings, with the parties still litigating the same dormant commerce clause claim as before. The remand thus did not, as here, amount to a "change of circumstances."

Like in *State of Oregon*, 745 F.2d at 552, the Ninth Circuit's remand in this case, the loss of any representation for the ORS class members, IPP Counsel's replacement as counsel for the ORS class members, and, now, the attempted excision of federal claims for the ORS class members, constitute a material change in circumstances. But given that the Defendants contend the timeliness clock began running a decade ago, it is hardly surprising that the case law they rely on is inapposite; indeed, not a single case they cite arises in a situation akin to this one.

Some involve non-class-action litigation in which the movant was aware of the litigation and chose not to intervene without good cause for waiting;[1] some involve situations in which class counsel sought belatedly to add additional class representatives with no explanation for the belated addition;[2] and others involve situations where the movant's decision to intervene was not catalyzed

---

[1] *U.S. v. Alisal Water Corp.*, 370 F.3d 915, 922 (9th Cir. 2004) (non-class action where intervention was inappropriate because the movant was aware of litigation yet waited four years to move to intervene "merely to attack or thwart a remedy rather than participate in the future administration of the remedy"); *Orange Cty. v. Air California*, 799 F.2d 535, 538 (9th Cir. 1986) (non-class action in which the city of Irvine chose not to intervene until settlement even though the "consent decree had been preceded by extensive and well-publicized negotiations").

[2] *Lindblom v. Santander Consumer USA, Inc*, 2018 WL 3219381, at *2 (E.D. Cal. June 29, 2018) (class counsel—who was aware that his class representative may not be a class member—waited years to file motion to add alternative class representatives); *Lee v. Pep Boys-Manny Moe & Jack*

by any change in circumstance.[3]

The Defendants' secondary argument, that they will be prejudiced by intervention, is similarly misplaced. As an initial point, the argument irreconcilably conflicts with the Defendants' previous position in this very litigation: that all of the plaintiffs' claims (IRS, NRS, and ORS) "make the same basic antitrust allegations" and will rise or fall based upon "the same evidence . . . ." (Dkt. 5525 at 5, 7). Undeterred by their own position before the Court, the Defendants nonetheless now tell the Court that intervention will "will inject new legal issues that have not previously been litigated" (Resp. at 9). That is not so.

Moreover, Defendants' contention that ORS Plaintiffs "will seek to reopen discovery if they are dissatisfied with lead counsel's work" (Resp. at 9), distorts what the ORS Plaintiffs said. The ORS Plaintiffs have been clear that they anticipate little, if any, liability discovery. (Dkt. 5567 at 15). But given that the ORS Plaintiffs are currently litigating to obtain IPP Counsel's discovery, we cannot yet responsibly say that discovery was undertaken sufficiently, as we have not yet seen it. If additional liability discovery is needed, it will likely be quite limited and would not, in any event, amount to sufficient prejudice to deny intervention.

---

*of California*, No. 12-CV-05064-JSC, 2016 WL 324015, at *7 (N.D. Cal. Jan. 27, 2016) (intervenor/plaintiff's counsel expressed awareness that defendants would challenge his current class representative's adequacy, yet waited months to seek leave to add additional plaintiff).

[3] *Allen*, 787 F.3d at 1222 (the movants cited no change of circumstances justifying intervention, "knew of the Allen litigation, which had been ongoing for four years, for at least a year before they moved to intervene and had regularly asked Labor Ready about the status of settlement talks in Allen's case."); *Smith v. Marsh*, 194 F.3d 1045, 1052-53 (9th Cir. 1999) (movants failed to present any reason for late intervention); *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1301, 1304 (9th Cir. 1997) (applicant moved for intervention because of the stagnate nature of the case); *SurvJustice Inc. v. DeVos*, No. 18-cv-00535-JSC, 2019 WL 1427447, at *4 (N.D. Cal. 2019) (movant provided no explanation for delay aside from a "hope[] that Plaintiffs would amend their complaint to advance the legal theories set forth by [the movants] in their June 2018 amicus brief."); *Harris v. Vector Mktg. 27 Corp.*, No. C-08-5198 EMC, 2010 WL 3743532, at *5 (N.D. Cal. 2010) (nothing occurred that could be deemed a change in circumstances justifying intervention).

7

The Defendants' suggestion that the merits of this case have been heavily litigated since 2010 is misleading: The United States Department of Justice moved for a stay of all discovery in July 2008, pending its criminal investigation. (Dkt. 4071-01 at ¶ 26). Document iscovery was stayed until March 12, 2010. *Id.* The stay on deposition discovery lasted even a year longer, until March 1, 2011. *Id.* According to Class Counsel, merits depositions did not commence until December 2012. *Id.* ¶ 47. Moreover, by early 2015, the case had entered settlement mode: two defendants settled before 2015, and from January 2015 to June 2015, the IPPs reached settlement agreements with the six additional Defendants. Since then, the parties have been litigating settlement, not merits; so if the settlement is unfair, it is only fair that the merits resume. That is merely justice at work, not unfair prejudice to the Defendants.

### B. Intervention is Necessary to Protect the ORS Plaintiffs' Interests

Despite their earlier positions in this Court (Dkt. 5542 at 1), the Defendants now argue the intervention is not required to prevent the impairment of any significant interest of the ORS. The Defendants' position is a bit convoluted. Initially, they argue that the ORS Plaintiffs' state-law damages claims are not released in IPP Counsel's new settlement so there is no reason that the ORS Plaintiffs could not file their own lawsuit to pursue those claims. (Resp. at 12). But, in the same breath, the Defendants disavow that statement, asserting that the ORS claims are hopelessly time-barred and, in actuality, could not be asserted in any forum. In sum, the ORS claims—by virtue of being abandoned by IPP counsel—have become worthless and unenforceable. The ORS Plaintiffs disagree, citing doctrines that would avoid of the statute of limitations problem.

The death knell to the ORS Plaintiffs' claims, the Defendants respond, is that the claims purportedly do not relate back to IPP Counsel's initial complaint. (Resp. at 12-15). Although principles of intervention and relation-back can, as here, become intertwined, they serve slightly

different masters. In this instance, the Defendants argue intervention is inappropriate because the proposed amendment does not relate back and, therefore, the ORS Plaintiffs and other class members supposedly have no viable claims (i.e., no interests) to protect. For intervention purposes, the fact that the viability of the ORS Plaintiffs' cause of action *could* depend on the applicability of the relation-back proves that intervention is necessary. The relation-back doctrine can apply only in this action. *Forras v. Rauf*, 39 F. Supp. 3d 45, 57 (D.D.C. 2014) ("The relation back doctrine has application only in instances where an original proceeding is amended [and does not apply] to any prior proceedings which are not part of the action ….") Thus, if the ORS Plaintiffs filed their own new suits (as the Defendants contend they should), they would be legally barred from invoking the relation-back doctrine.

On the merits, the Defendants are incorrect that the relation-back doctrine is inapplicable. While we certainly recognize the Court's preference for determining case-dispositive legal issues through a motion to dismiss, given the Defendants' extensive treatment of the issue, we will reply.[4] Of the four relation-back elements, the Defendants first challenge notice,[5] which they construe as requiring the movant to bring the same "claims" as were asserted in the original pleading. In their view, a party seeking to invoke the relation-back doctrine cannot assert any *new* claims that were not asserted in the original complaint, "even if they arise from the same events as an earlier pleading." (Resp. at 12). That construction utterly conflicts with Ninth Circuit law.

---

[4] The relation-back doctrine is one of several avoidances to the statute of limitations, and such issues are generally better addressed in a motion to dismiss or for summary judgment.

[5] *In re Syntex Corp. Sec. Litig.,* 95 F.3d 922, 935 (9th Cir.1996) ("[a]n amendment adding a party plaintiff relates back to the date of the original pleading only when: 1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; 2) the relation-back does not unfairly prejudice the defendant; and 3) there is an identity of interests between the original and newly proposed plaintiff.").

REPLY IN SUPPORT OF MOTION TO INTERVENE AND AMEND COMPLAINT TO ALLEGE STATE LAW
CLAIMS FOR THE OMITTED REPEALER STATES
Case No. 3:07-cv-5944, MDL No. 1917

"Under Rule 15(c)(1)(B), an amendment asserting a ***new or changed claim*** relates back to the date of the original pleading if the amendment 'arose out of the conduct, transaction, or occurrence set out ... in the original pleading.'" *ASARCO, LLC v. Union Pacific. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (quoting Fed. R. Civ. P. 15(c)(1)(B)) (emphasis added). "To relate back, 'the original and amended pleadings [must] share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question.'" *Id.* (quoting *Martell v. Trilogy Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989)).

"An amended claim arises out of the same conduct, transaction, or occurrence if it 'will likely be proved by the same kind of evidence offered in support of the original pleading.'" *Id*. (quoting *Percy v. S.F. Gen. Hosp.,* 841 F.2d 975, 978 (9th Cir.1988)).  Notably, the Defendants have conceded that all of the plaintiffs' claims "make the same basic antitrust allegations" and will rise or fall based upon "the same evidence . . . ." (Dkt. 5525 at 5, 7).

As *ASARCO* makes clear, the Ninth Circuit's interpretation of Rule 15 anticipates that a party may assert "new" claims.  765 F.3d at 1004.  Relation back thus does not bar alternative claims seeking alternative theories of recovery. *See King v. Bank of Am., N.A.*, No. C15-1014-TSZ, 2015 WL 12930129, at *4 (W.D. Wash. Dec. 28, 2015) (allowing relation back where "[e]ach of plaintiff's causes of action results from a 'common core of operative facts,'" and "[p]laintiff merely allege[d] an alternative theory of recovery for the same transaction.").

Nevertheless the Defendants rely on *Leachman v. Beech Aircraft Corp.*, 694 F.2d 1301, 1309 (D.C. Cir. 1982), *Howard v. Hui*, No. C 92-3742-CRB, 2001 WL 1159780, at *6 (N.D. Cal. Sept. 24, 2001) (quoting *Leachman*, 694 F.2d at 1308-09), and *Avila v. I.N.S.*, 731 F.2d 616, 620 (9th Cir. 1984) (citing *Leachman*, 694 F.2d at 1308-10), for the proposition that "new" claims cannot relate back.  Their reliance is misplaced.

In *Leachman*, the Court of of Appeals for the District of Columbia held that there must be some limiting principle to ensure that relation back does not allow "total strangers" to bring time-barred claims that a defendant could not have anticipated.  694 F.2d at 1309.  But that decision did not go so far as to hold that a new party may never bring "new" claims, as Defendants contend. Instead, the decision turned on equitable principles of notice, explaining that "[t]he touchstone once again is whether the defendant knew or should have known of the existence and involvement of the new plaintiff." *Id.*  The cited order from *Howard* quotes *Leachman* for that basic principle, just as the Ninth Circuit cited *Leachman* in *Avila*.  As the Ninth Circuit stated in *Avila*, "[i]n deciding whether an amendment relates back to the original claim, notice to the opposing party of the existence and involvement of the new plaintiff is the critical element." 731 F.2d at 620.

Such party notice is easily met in the class action context.  As this Court stated: "A defendant has received adequate notice if the definition of the putative class includes the proposed class representative or the new class representative's claims are based upon the same or substantially similar underlying conduct." *True Health Chiropractic Inc. v. McKesson Corp., No.* 13-CV-02219-JST, 2014 WL 2860318, at *2 (N.D. Cal. June 23, 2014); *see also Baranco v. Ford Motor Co.*, No. 17-CV-03580-EMC, 2018 WL 5474549, at *3 (N.D. Cal. Oct. 26, 2018)  ("For amendments that seek to expand the scope of a putative class, the notice requirement is satisfied when 'the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff[.]'" (quoting *Syntex Corp.*, 95 F.3d at 935)).

The nationwide class definition in this case for price-fixing and conspiracy claims has always included the proposed new ORS class representatives (as well as the other members of the ORS), and the proposed new class representative's claims are based upon the same or substantially similar underlying conduct that form those federal claims. Notice is satisfied. *See Baranco*, 2018

REPLY IN SUPPORT OF MOTION TO INTERVENE AND AMEND COMPLAINT TO ALLEGE STATE LAW CLAIMS FOR THE OMITTED REPEALER STATES
Case No. 3:07-cv-5944, MDL No. 1917

WL 5474549, at *3-4 (allowing relation back for a plaintiff bringing claim under new state law where original plaintiff alleged claims on behalf of a nationwide class and the claims under both state's laws arose from the same "conduct" alleged in the original complaint); *Zorrilla v. Carlson Restaurants Inc.*, 255 F. Supp. 3d 465, 477 (S.D.N.Y. 2017) (new state law claims satisfied the "adequate notice" prong where the original complaint "brought a nationwide collective action premised on the allegation that [d]efendants apply the same employment policies, practices, and procedures" nationwide); *Allen v. Similasan Corp.*, 96 F. Supp. 3d 1063, 1069 (S.D. Cal. 2015) ("Where the new plaintiffs had always been a part of the putative class, notice is satisfied because Defendants had always known that all putative class members were potential plaintiffs.").

As an alternative argument, the Defendants state, "the ORS Movants from Missouri, Montana, New Hampshire, Oregon, South Carolina, and Utah cannot satisfy the identity-of-interests requirement for relation back, *because no named plaintiff has ever appeared for those states*." (Emphasis added). But that is not true. The named class representatives in this case have *always* had standing to assert the the price-fixing and conspiracy claims on behalf of the ORS that form the same factual basis for the proposed state-law claims. And the ORS Plaintiffs, who have always been class members, certainly have standing to assert the price-fixing and conspiracy-based claims they seek to allege arising out of the same conduct always alleged on behalf of the ORS.

Nonetheless, as the Defendants see it, "[r]elation back is unavailable as to claims that no prior class representative had standing to assert." (Resp. at 13). That focus on discrete standing for discrete *claims* (if, by "claims", the Defendants mean legal causes of action)—as opposed to standing to allege claims based upon the same or substantially similar underlying conduct—distorts the relation-back doctrine. *See, e.g., True Health Chiropractic*, 2014 WL 2860318, at *2.

REPLY IN SUPPORT OF MOTION TO INTERVENE AND AMEND COMPLAINT TO ALLEGE STATE LAW
CLAIMS FOR THE OMITTED REPEALER STATES
Case No. 3:07-cv-5944, MDL No. 1917

Where a class representative suffers a harm different than the putative class, courts describe the disparity as a "disjuncture," and the courts' treatment of such disjunctures created some confusion regarding "standing" in class action proceedings. *See Senne v. Kansas City Royals Baseball Corp.*, 114 F. Supp. 3d 906, 918 (N.D. Cal. 2015) ("in the class context there is a 'disjuncture' because the class representative may seek to litigate harms not precisely analogous to the ones she suffered but harms that were nonetheless suffered by other class members.").

Courts have taken two approaches to disjunctures: (1) the standing approach or (2) the class certification approach. *See* William B. Rubenstein, NEWBERG ON CLASS ACTIONS § 2:6 (5th ed.)  Under the "standing approach," differences in harm are construed as "depriv[ing] the named plaintiff of standing to obtain relief for the unnamed class members;" under the "class certification approach," "once the named plaintiff demonstrates her individual standing to bring a claim, the standing inquiry is concluded, and the court proceeds to consider whether the Rule 23(a) prerequisites for class certification have been met." *Melendres v. Arpaio*, 784 F.3d 1254, 1261-62 (9th Cir. 2015)

The Ninth Circuit, in 2015, adopted the class certification approach, thereby concluding that a putative class member's "standing" was unrelated to whether she suffered the same injury as the class she sought to represent. *See Melendres*, 784 F.3d at 1262 ("We adopt the class certification approach."). This means that "any issues regarding the relationship between the class representative and the passive class members—such as dissimilarity in injuries suffered—are relevant only to class certification, not to standing." *Melendres*, 784 F.3d at 1262 (quoting NEWBERG ON CLASS ACTIONS § 2:6 (5th ed.) (2018)).  The Ninth Circuit reaffirmed that position in *Kirola v. City & Cty. of San Francisco*, 860 F.3d 1164, 1176 (9th Cir. 2017).

The Defendants' reliance on two district court orders, *Francisco v. Emeritus Corp.*, No. 17-cv-2871-VAP (SSx), 2018 WL 6070942 at *3 (C.D. Cal. Jan. 10, 2018), and *Palmer v. Stassinos,* 236 F.R.D. 460, 466 n.14 (N.D. Cal. May 18, 2006), is misplaced.  The order in *Palmer* was issued nine years before the Ninth Circuit adopted the "class certification approach," and the order's conclusion runs directly contrary to that Ninth Circuit precedent. *Francisco* is no more than an extension of the erroneous *Palmer* order.

The orders in *Palmer* and *Francisco* go beyond the Ninth Circuit precedent—engrafting a supra-Article III standing requirement onto the relation-back doctrine's "identity of interests" requirement: "Here, relation back fails at the third prong of *Syntex.* [The intervenors] can have no 'identity of interests' with [the class representatives] *as to the UCL claim.* [The class representatives's] lack of standing to raise such claims means they have no interest in them." *Palmer,* 236 F.R.D. at 466 n.14 (emphasis added).  But a legal-theory-based standing requirement is not required by *Syntex* or *Melendres*.  Where, as here, the original class representatives had standing to allege claims on behalf of the intervenor class members, which share a common core of operative facts with the legal theories for relief those class members seek to add, both standing, *Melendres*, 784 F.3d at 1262, and the relation-back doctrine, *ASARCO*, 765 F.3d at 1004; *True Health*, 2014 WL 2860318, at *2, are satisfied.  The Court should reject the Defendants' effort to engraft more onto the relation-back doctrine than the Ninth Circuit requires.

### C. The Thomson Defendants' Relation-Back Argument is Incorrect

The Thomson Defendants argue that they have never been named as defendants in this ligitation and, therefore, the ORS Plaintiffs must satisfy the additional Rule 15(c)1(C) requirements for adding a *new defendant*.  Their premise is offbase.  As they concede in their response, Thomson was named as a defendant in two pre-MDL complaints that were consolidated

14

REPLY IN SUPPORT OF MOTION TO INTERVENE AND AMEND COMPLAINT TO ALLEGE STATE LAW
CLAIMS FOR THE OMITTED REPEALER STATES
Case No. 3:07-cv-5944, MDL No. 1917

in this MDL. (Dkt. 5591 at 2-3). "Cases consolidated for MDL pretrial proceedings ordinarily retain their separate identities . . . .  Section 1407 refers to individual 'actions' which may be transferred to a single district court, not to any monolithic multidistrict 'action' created by transfer." *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 904, (2015); *see also Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 37, (1998) (§ 1407 does not "imbu[e] transferred actions with some new and distinctive ... character").  The cases were transferred only for purposes of consolidated pre-trial proceedings.  (Dkt. 122).  Thomson was named as a defendant.  *Brown v. United States*, 976 F.2d 1104, 1107 (7th Cir. 1992) ("Since the consolidation was for pretrial proceedings only, the tax refund case retains its separate identity.").  Even IPP Counsel suggests that ORS proceed by amending a pre-consolidation complaint.  (Dkt. 5593 at 2).

## II. Amendment is Appropriate

The Defendants largely raise the same arguments for denial of amendment as they raise for denial of intervention.  We will not address those arguments again here.[6]

## CONCLUSION

The Court should grant the ORS Plaintiffs' motion to intervene and amend.

---

[6] The Defendants also challenge *American Pipe* tolling.  Their interpretation of the doctrine is overly narrow.  *See Tosti v. City of Los Angeles,* 754 F.2d 1485, 1489 (9th Cir. 1985) ("We find no persuasive authority for a rule which would require that the individual suit must be identical in every respect to the class suit for the statute to be tolled."); *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999) ("Because Griggs had standing, the applicable limitation period was tolled as to all putative class members by the timely filing of Griggs's complaint. Therefore, * * * other class members were not barred, and amendment to substitute them as class representatives should have been permitted."); *Young v. LG Chem Ltd.*, 13-MD-02420-YGR, 2015 WL 8269448, at *4 (N.D. Cal. Dec. 9, 2015) ("Defendants also rely on cases holding that *American Pipe* tolling does not apply to class action claims for which the original named plaintiffs lacked standing. These cases are inapposite because, as discussed above, Defendants have not established that the withdrawing representatives lack standing to bring their own claims.").

REPLY IN SUPPORT OF MOTION TO INTERVENE AND AMEND COMPLAINT TO ALLEGE STATE LAW
CLAIMS FOR THE OMITTED REPEALER STATES
Case No. 3:07-cv-5944, MDL No. 1917

Dated:  October 4, 2019

Respectfully submitted,

/s/ *Theresa D. Moore*
     Theresa D. Moore

/s/ *Francis. O. Scarpulla*
     Francis O. Scarpulla

Theresa D. Moore (99978)
Law Offices Of Theresa D. Moore
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 613-1414
tmoore@aliotolaw.com

Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: 415-788-7210
Facsimile:  415-788-0706
fos@scarpullalaw.com
pbc@scarpullalaw.com

*Interim Co-Lead Counsel for Indirect-Purchaser Plaintiffs ORS Subclass*

*Interim Co-Lead Counsel for Indirect-Purchaser Plaintiffs ORS Subclass*

/s/  *Robert J. Bonsignore*
     Robert J. Bonsignore

Robert J. Bonsignore, *admitted pro hac vice*
*Lisa Sleboda pro hac vice pending*
*Wendy Angulo pro hac vice pending*
*Kimberly Collins pro hac vice pending*
Bonsignore Trial Lawyers, PLLC
3771 Meadowcrest Drive
Las Vegas, NV  89121
Telephone:  (781) 845-7650
Facsimile:   (702) 852-5626
rbonsignore@class-actons.us

John G. Crabtree, *appearing pro hac vice*
Brian Tackenberg, *appearing pro hac vice*
Crabtree & Auslander
240 Crandon Boulevard, Suite 101
Key Biscayne, FL 33149
Telephone:  (305) 361-3770
Facsimile:  (305) 437-8188
jcrabtree@crabtreelaw.com
btackenberg@crabtreelaw.com

*Interim Co-Lead Counsel for Indirect-Purchaser Plaintiffs ORS Subclass*

Joseph Alioto (42680)
Alioto Law Firm
One Sansome St., 35 Floor
San Francisco, CA  94104
Telephone:  (415) 434-8900
Email:  jmalioto@aliotolaw.com

Brian M. Torres, *appearing pro hac vice*
Brian M. Torres, P.A.
One S.E. Third Avenue, Suite 3000
Miami, FL  33131
Telephone:  (305) 901-5858
Facsimile:  (303) 901-5874
Email: btorres@briantorres.legal

*Counsel for Indirect Purchaser Plaintiffs ORS Subclass*

*Counsel for Indirect Purchaser Plaintiffs ORS Subclass*

Christopher A. Nedeau
The Nedeau Law Firm
750 Battery Street, 7th FloorSan Francisco, CA  94111
Telephone:  (415) 516-4010
Email: cnedeau@nedeaulaw.com

*Counsel for Indirect Purchaser Plaintiffs ORS Subclass*

16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Michael Noonan, *pending pro hac vice*
William Shaheen, *pending pro hac vice*
Christine Craig, *pending pro hac vice*
Lucy Karl, *appearing pro hac vice*
Shaheen and Gordon
353 Central Avenue
P.O. Box 977
Dover, NH  03821
Telephone:  (603) 871-4144
Email:  mnoonan@shaheengordon.com
        wshaheen@shaheengordon.com
        ccraig@shaheengordon.com
        lkarl@shaheengordon.com

*Counsel for Indirect Purchaser Plaintiffs ORS
Subclass*

REPLY IN SUPPORT OF MOTION TO INTERVENE AND AMEND COMPLAINT TO ALLEGE STATE LAW
CLAIMS FOR THE OMITTED REPEALER STATES
Case No. 3:07-cv-5944, MDL No. 1917

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed *via* CM/ECF on May 3, 2019 and as a result has been served on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ John G. Crabtree
John G. Crabtree

REPLY IN SUPPORT OF MOTION TO INTERVENE AND AMEND COMPLAINT TO ALLEGE STATE LAW
CLAIMS FOR THE OMITTED REPEALER STATES
Case No. 3:07-cv-5944, MDL No. 1917