UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Order Relates To:<br>ALL INDIRECT PURCHASER ACTIONS | Case No. 07-cv-05944-JST<br><br>**ORDER DENYING ELEANOR LEWIS'S MOTION TO INTERVENE AND FILE AN AMENDED COMPLAINT**<br><br>Re: ECF No. 5565 |

Before the Court is Eleanor Lewis's motion to intervene and file an amended complaint. ECF No. 5565. The Court will deny the motion.[1]

I. **BACKGROUND**

In February 2008, the Judicial Panel on Multidistrict Litigation ordered the centralization of actions alleging that certain Defendants conspired to fix prices of cathode ray tubes. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 536 F. Supp. 2d 1364 (J.P.M.L. 2008). On July 7, 2016, this Court granted final approval of settlement agreements which resolved claims between one set of plaintiffs – the Indirect Purchaser Plaintiffs ("IPP Plaintiffs") – and six sets of corporate defendants. ECF No. 4712 at 1. Two objectors sought appeal of this decision in the Ninth Circuit. ECF No. 4741.

On November 8, 2018, this Court issued an order in which it concluded that it erred in approving the settlement provision which required class members in certain Omitted Repealer States ("ORS") to release their claims without compensation. *See* ECF No. 5362 at 1. The order expressed "concerns about the adequacy of the counsel who negotiated that settlement or whether

---

[1] The Court has considered the parties' pleadings and finds the matter to be suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The hearing currently scheduled for October 23, 2019 is vacated.

they may have faced a conflict of interest." *Id.* at 1.  In response, the Ninth Circuit remanded "this case so that the district court [could] reconsider its approval of the settlement." *See In re Cathode Ray Tube Antitrust Litig.*, No. 16-16368 (9th Cir. Feb. 13, 2009), ECF No. 238 at 11.

On remand, this Court confirmed the existing lead counsel for the IPP Plaintiffs and appointed separate counsel for an Omitted Repealer State Subclass ("ORS Subclass")[2] as well as a Non-Repealer State subclass ("NRS Subclass").[3]  ECF Nos. 5535, 5518.  The Court then referred the matter to Magistrate Judge Corley for settlement.  ECF No. 5427.

On August 23, 2019, NRS Subclass member Eleanor Lewis moved to intervene in this litigation and file an amended complaint.  ECF No. 5565 at 7.  The IPP Plaintiffs and Defendants both oppose the motion.  ECF Nos. 5592, 5593, 5591.  Lewis has filed a reply.  ECF No. 5613.

**II.      JURISDICTION**

The Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

**III.     MOTION TO INTERVENE**

Federal Rule of Civil Procedure 24 requires that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c); *Buffin v. City and County of San Francisco*, No. 15-cv-04959-YGR, 2016 WL 6025486, at *12 (N.D. Cal. Oct. 14, 2016) (citing *Beckman Industries, Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992).

Lewis's motion to intervene is not accompanied by a pleading.  *See* ECF No. 5565. Instead, Lewis seeks to adopt an amended version of IPP Plaintiffs' operative complaint which (1) "incorporates the relevant . . . allegations of the current complaint," (2) adds "supplemental state law claims," and (3) adds Lewis and members of the ORS Subclass as named parties.  *See* ECF No. 5567 at 20; ECF No. 5590-1 at 5; ECF No. 5590-2 at 5; ECF No. 5565 at 7 ("Lewis's

---

[2] The ORS Subclass consists of Indirect Purchaser Plaintiffs in the following states:  Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah.  ECF No. 5518 at 1.

[3] The NRS Subclass consists of Indirect Purchaser Plaintiffs with claims in the following Non-Repealer States: Alabama, Alaska, Colorado, Connecticut, Delaware, Georgia, Idaho, Illinois, Indiana, Kentucky, Louisiana, Maryland, New Jersey, Ohio, Oklahoma, Pennsylvania, Texas, Virginia, Washington, and Wyoming.  ECF No. 5518 at 2.

1  proposed amendment is contained in a . . . Complaint being submitted jointly with the ORS

2  Plaintiffs."). Lewis has not obtained the consent of the IPP Plaintiffs to amend their complaint. In

3  fact, they oppose the request.

4      Lewis's intervention motion may "provide[] enough information to state a claim." *See*

5  *Lennar Mare Island, LLC v. Steadfast Ins. Co.*, Nos. 2:12-cv-02182-KJM-KJN, 2:16-cv-00291-

6  KJM-KJN, 2016 WL 5847010, at *6 (E.D. Cal. Oct. 6, 2016). Nevertheless, the Court requires

7  Lewis "to file a separate pleading to fully apprise defendant[s] and the court of the basis for [her]

8  claims in intervention." *See id.* "In a complex multi-party case such as this one, a separate

9  pleading will assist the court in policing the parameters of the case in intervention." *Id.* Lewis

10 acknowledges the potential "divergence of interests" with other class representatives on certain

11 issues, "bolstering the advisability of a separate complaint." *See id*; ECF No. 5565 at 17

12 (discussing a "conflict of interest" between the NRS Subclass and other class representatives).[4]

13     In addition to these considerations, there is the practical reality that Lewis is attempting to

14 amend someone else's complaint. She cites no authority permitting a proposed intervenor to take

15 such a step, and the Court concludes it is not allowed. Thus, even if her motion to intervene could

16 be granted, her motion to amend the existing IPP complaint would fail.

17     The Court therefore denies the motion to intervene without prejudice to a renewed motion

18 accompanied by a separate pleading. That motion is due by November 8, 2019.

19 / / /

20 / / /

21 / / /

22 / / /

---

[4] The Court also notes that Lewis violated Northern District of California Civil Local Rule 5-1(i)(3) by jointly filing an amended complaint with no attestation that each signatory concurred in the document's filing. *See* ECF Nos. 5590, 5590-1, 5590-2; ECF No. 5565 at 7 ("Lewis's proposed amendment is contained in a . . . Complaint being submitted jointly with the ORS Plaintiffs."). In their opposition, IPP Plaintiffs assert that "ORS/NRS Plaintiffs' counsel never even provided a copy of the proposed amended complaints to IPP Lead Counsel before filing, much less received his concurrence." ECF No. 5593 at 8. The Court interprets Lewis's failure to respond as a concession. *See Angeles v. U.S. Airways, Inc.*, No. C 12-05860 CRB, 2013 WL 622032, at *4.

3

## CONCLUSION

For the foregoing reasons, the Court denies Lewis's motion to intervene and amend the complaint without prejudice.

**IT IS SO ORDERED.**

Dated: October 15, 2019



JON S. TIGAR
United States District Judge