United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Order Relates To:<br>ALL INDIRECT PURCHASER ACTIONS | Case No. 07-cv-05944-JST<br><br>**ORDER DENYING MOTION TO INTERVENE AND AMEND COMPLAINT TO ALLEGE STATE LAW CLAIMS FOR THE OTHER REPEALER STATES**<br><br>Re: ECF No. 5567 |

Before the Court is the Other Repealer States' motion to intervene and file an amended complaint. ECF No. 5567. The Court will deny the motion.

## I. BACKGROUND

In February 2008, the Judicial Panel on Multidistrict Litigation ordered the centralization of actions alleging that certain Defendants conspired to fix prices of cathode ray tubes. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 536 F. Supp. 2d 1364 (J.P.M.L. 2008). On July 7, 2016, this Court granted final approval of settlement agreements which resolved claims between one set of plaintiffs – the Indirect Purchaser Plaintiffs ("IPP Plaintiffs") – and six sets of corporate defendants. ECF No. 4712 at 1. Two objectors sought appeal of this decision in the Ninth Circuit. ECF No. 4741.

On November 8, 2018, this Court issued an order in which it concluded that it erred in approving the settlement provision which required class members in certain Omitted Repealer States to release their claims without compensation. *See* ECF No. 5362 at 1. The order expressed "concerns about the adequacy of the counsel who negotiated that settlement or whether they may have faced a conflict of interest." *Id.* at 1. In response, the Ninth Circuit remanded "this case so that the district court [could] reconsider its approval of the settlement." *See In re Cathode Ray*

*Tube Antitrust Litig.*, No. 16-16368 (9th Cir. Feb. 13, 2009), ECF No. 238 at 11.

On remand, this Court confirmed the existing lead counsel for the IPP Plaintiffs and appointed separate counsel for an Omitted Repealer State subclass ("ORS Subclass")[1] as well as a Non-Repealer State subclass ("NRS Subclass).[2] ECF Nos. 5535, 5518. The Court then referred the matter to Magistrate Judge Corley for settlement. ECF No. 5427.

On August 23, 2019, members of the ORS Subclass moved to intervene in this litigation and file an amended complaint. ECF No. 5567 at 9-10, 20, 28. The IPP Plaintiffs and Defendants both oppose this motion. ECF Nos. 5592, 5593, 5591. The ORS Movants have filed a reply. ECF No. 5611.

## II. JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

## III. MOTION TO INTERVENE

Federal Rule of Civil Procedure 24 requires that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c); *Buffin v. City and County of San Francisco*, No. 15-cv-04959-YGR, 2016 WL 6025486, at *12 (N.D. Cal. Oct. 14, 2016) (citing *Beckman Industries, Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992).

ORS Movants have filed a pleading which seeks to adopt an amended version of IPP Plaintiffs' operative complaint. *See* ECF No. 5567 (The proposed complaint "adds the ORS Plaintiffs as named parties" and "adopts and incorporates the relevant, preceding allegations of the current complaint, adding only the supplemental state law counts."); ECF Nos. 5590-1, 5590-2. ORS Movants' intervention motion may "provide[] enough information to state a claim and for the court to grant intervention." *See Lennar Mare Island, LLC v. Steadfast Ins. Co.*, Nos. 2:12-cv-

---

[1] The ORS Subclass consists of Indirect Purchaser Plaintiffs in the following states: Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah. ECF No. 5518 at 1.

[2] The NRS Subclass consists of Indirect Purchaser Plaintiffs in the following Non-Repealer States: Alabama, Alaska, Colorado, Connecticut, Delaware, Georgia, Idaho, Illinois, Indiana, Kentucky, Louisiana, Maryland, New Jersey, Ohio, Oklahoma, Pennsylvania, Texas, Virginia, Washington, and Wyoming. ECF No. 5518 at 2.

02182-KJM-KJN, 2:16-cv-00291-KJM-KJN, 2016 WL 5847010, at *6 (E.D. Cal. Oct. 6, 2016). Nevertheless, the Court requires the ORS Movants "to file a separate pleading to fully apprise defendant[s] and the court of the basis for its claims in intervention." *See id.* "In a complex multi-party case such as this one, a separate pleading will assist the court in policing the parameters of the case in intervention." *Id.* ORS Movants acknowledge the "divergence of interests with [IPP Plaintiffs] on certain issues . . . bolstering the advisability of a separate complaint." *See id*; ECF No. 5567 at 18 ("IPP Counsel represents a class of individuals with interests diametrically opposed to the ORS Plaintiffs").[3]

In addition to these considerations, there is the practical reality that ORS Movants are attempting to amend someone else's complaint. They cite no authority permitting a proposed intervenor to take such a step, and the Court concludes it is not allowed. Thus, even if their motion to intervene could be granted, their motion to amend the existing IPP complaint would fail.

The Court therefore denies the motion to intervene without prejudice to a renewed motion accompanied by a separate pleading. That motion is due by November 12, 2019.

## CONCLUSION

For the foregoing reasons, the Court denies ORS Movants' motion to intervene and amend the complaint without prejudice.

**IT IS SO ORDERED.**

Dated: October 17, 2019

JON S. TIGAR
United States District Judge

---

[3] The Court also notes that ORS Movants violated Northern District of California Civil Local Rule 5-1(i)(3) by filing a proposed "Indirect Purchaser Plaintiffs' Sixth Consolidated Amended Complaint" with no attestation that each signatory concurred in the document's filing. *See* ECF Nos. 5590, 5590-1, 5590-2. In their opposition, IPP Plaintiffs assert that ORS "Plaintiffs' counsel never even provided a copy of the proposed amended complaints to IPP Lead Counsel before filing, much less received his concurrence." ECF No. 5593 at 8. The Court interprets ORS Movants' failure to respond as a concession. *See Angeles v. U.S. Airways, Inc.*, No. C 12-05860 CRB, 2013 WL 622032, at *4 ("The failure to respond amounts to a concession.").