# *Trump Alioto Trump & Prescott*

ATTORNEYS LLP
2280 Union Street
San Francisco, California 94123
(415) 563-7200
FAX (415) 346-0679

October 18, 2019

Honorable Jon S. Tigar
United States District Court
Northern District of California
Courtroom 6, 2nd Floor
1301 Clay Street
Oakland, CA 94612

**Re:** ***In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, 07-cv-05944-JST/ORS Plaintiffs' Motion to Vacate Settlement Approval Order, Final Judgment and Fee Order**

Dear Judge Tigar:

      We write regarding the ORS Plaintiffs' attempts to "reinstate" their Motion to Vacate Orders and Judgment Certifying Settlement Class, Approving Settlements and Awarding Attorneys' Fees (Dkt. 4712, 4714, 4740), ECF No. 5527 ("Motion to Vacate").[1]

      At the August 8, 2019 Case Management Conference, the ORS Plaintiffs agreed that their Motion to Vacate would be administratively terminated in light of the Indirect Purchaser Plaintiffs' ("IPPs") amended settlements with the Defendants. On August 9, 2019, the Court issued a Case Management Order, ECF No. 5551 ("CMO"), administratively terminating the motion, and providing that "[t]he moving parties may revive that motion, if necessary, by filing a notice of motion incorporating their memorandum of points and authorities." *Id*. at 2.

      On September 30, 2019, the ORS Plaintiffs attempted to "reinstate" their Motion to Vacate by stating in the conclusion of their Opposition to IPPs' Motion to Reconsider and Amend: "*and to the extent necessary*, ORS respectfully request that this Court reinstate their previously-filed Motion to Vacate Orders and Judgment Certifying Settlement Class, Approving Settlement and Awarding Attorneys' Fees (Dkt. 5527), which ORS incorporate herein by reference." ECF No. 5607 at 11 (emphasis added). But, as IPPs' noted in their Reply (ECF No. 5616), the ORS Plaintiffs' filing did not include "a notice of motion incorporating their memorandum of points and authorities," as required by this Court's CMO. *Id*. at 1 n. 3.

---

[1] *See* ECF No. 5607 (ORS and NRS Opposition to IPPs' Motion Pursuant to Ninth Circuit Mandate to Reconsider and Amend) at 10-11 (In the conclusion of their Opposition, the ORS Plaintiffs "request that this Court reinstate their previously-filed Motion to Vacate . . . .").

Hon. Jon S. Tigar
October 18, 2019
Page **2** of **2**

On October 11, 2019, ORS Plaintiffs filed an "Errata to their Motion to Reinstate ORS Motion to Vacate Orders and Judgment Certifying Settlement Class, Approving Settlements and Awarding Attorneys' Fees," ECF No. 5619. The hearing date on the caption of the Errata is October 23, 2019 (which was the hearing date for IPPs' Motion to Reconsider and Amend), and it attaches a copy of the original Motion to Vacate. But the Errata again fails to include a notice of motion, as required by the August 9, 2019 CMO (ECF No. 5551 at 2).

Given the ORS Plaintiffs' failure to properly re-notice their Motion to Vacate in accordance with this Court's CMO, and the fact that the Court recently vacated the October 23, 2019 hearing (ECF No. 5625), it is unclear whether there will be further briefing on the Motion to Vacate and, if so, when it would be due, or when the Motion would be heard.

Moreover, as IPPs have already noted, the entire basis for the Motion to Vacate is mooted by the amendments to the settlements agreed to by IPPs and Defendants, and the fact that the ORS Plaintiffs are no longer bound by the settlements.[2] In addition, the Court will necessarily resolve the question of whether its final orders can be amended or must be vacated when it decides IPPs' Motion to Reconsider and Amend. Thus, the Motion to Vacate is an unnecessary distraction in this already over-litigated case.

Accordingly, in the interests of efficiency and conserving the resources of the parties and the Court, IPPs respectfully submit that the Motion to Vacate should not be considered until IPPs' Motion to Reconsider and Amend has been decided.

Respectfully submitted,

*/s/ Mario N. Alioto*
Mario N. Alioto

cc. All Counsel (*via* ECF)

---

[2] *See also* ECF No. 5537 at 4-5 (arguing that the Motion to Vacate should be denied as moot because the settlement agreements and negotiations on which the Motion is based are superseded by the amendments to the settlements agreed to by IPPs and Defendants, and the fact that the ORS Plaintiffs are no longer bound by the settlements).