Mario N. Alioto (56433)
Lauren C. Capurro (241151)
**TRUMP, ALIOTO, TRUMP & PRESCOTT LLP**
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master No.: 3:07-cv-05944-SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT-PURCHASER ACTIONS | **DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO THE IRICO DEFENDANTS' AMENDED MOTIONS TO DISMISS CLAIMS OF INDIRECT PURCHASER PLAINTIFFS FOR LACK OF SUBJECT MATTER JURISDICTION (FED. R. CIV. P. 12(b)(1)) (ECF Nos. 5409, 5411)**<br><br>Date:      May 30, 2019<br>Time:     2:00 p.m.<br>Place:    Courtroom 9<br><br>The Honorable Jon S. Tigar |

1

    I, Mario N. Alioto, declare as follows:

2

    I am an attorney duly licensed to practice in the State of California and before this

3

Court.  I am Lead Counsel for the Indirect Purchaser Plaintiffs.  I submit this Declaration

4

in support of the IPPs' Opposition to the Irico Defendants' Amended Motions to Dismiss

5

Claims of Indirect Purchaser Plaintiffs for Lack of Subject Matter Jurisdiction (Fed. R.

6

Civ. P. 12(b)(1) (ECF Nos. 5409, 5411).  I have personal knowledge of the facts set forth

7

herein, and could and would be competent to testify thereto if called upon to do so.

8

    1.    Attached as **Exhibit 1** is a true and correct copy of Irico Group Electronics

9

Co. Ltd.'s ("Electronics") 2004 Annual Report dated March 24, 2005, published by Irico

10

Group Electronics (now known as Irico Group New Energy Co. Ltd.) at

11

http://www.irico.com.cn/en/wp-content/uploads/2005/04/LTN20050408421.pdf.  An

12

excerpt of the Report was marked as Deposition Exhibit No. 8419.  The Report describes

13

the corporate relationship between Electronics and Group as follows:

14

        "IRICO Group Electronics Company Limited (the "Company") was

15

        incorporated . . . on 10 September 2004.  It was established with the
        contribution made by IRICO Group Corporation, the controlling

16

        shareholder and sole promoter of the Company, in respect of its assets of
        production and sales of color picture tubes ("CPTs") in its related core

17

        businesses . . . .  The Company and its subsidiaries (the "Group") are the
        largest CPT manufacturer in China and one of the world's major CPTs and

18

        CPT component manufacturers."  (p. 2)

19

The Report further states that:

20

        "CPT is the core component of a cathode ray tube ('CRT') television set,

21

        accounting for about 50% of the aggregate cost of all of the components of
        a CRT television set"; "Major customers of the Group include TCL,

22

        Skyworth, Konka, Changhong and Hisense, which are major television
        producers in China."  (p. 2)

23

        "The Group strives to develop overseas market and step into global

24

        competition with low cost and high quality products, consolidating the
        leading position of the Group in CPT industry in the PRC, and endeavors

25

        to increase its global market shares." (p. 8)

26

    2.    Attached as **Exhibit 2** is a true and correct copy of a document entitled The

27

Global CRT Industry Pattern and the Current Situation of the CRT Television Industry in

28

1    China, produced in this litigation by defendant Beijing Matsushita Color CRT Co. Ltd.

2    bearing the Bates stamp BMCC-CRT-000105538-57 and a translation of an excerpt thereof

3    (At 5542: "The CRT production of the U. S. cannot meet the needs of downstream

4    television manufacturers with regard to quantity, and is mainly focused on high end

5    product structure, so a large number of low end CRT products rely almost entirely on

6    imports . . . . **No matter whether it is for Chinese color TV or color tube companies,**

7    **the U. S. market will surely be the place for which everybody contends. Losing the**

8    **U.S. market will mean losing almost the entire overseas market.**") (emphasis added).

9        3.        Attached as **Exhibit 3** is a true and correct copy of Irico Group Electronics

10   Co. Ltd.'s 2006 Annual Report dated April 12, 2007, published by Irico Group Electronics

11   (now known as Irico Group New Energy Co. Ltd.) at http://www.irico.com.cn/en/wp-

12   content/uploads/2014/04/LTN20060502421.pdf (At 2: "The Group's output volume of

13   CPTs attained record high in 2006 accounted for up to 22.3% of the total output volume of

14   CPT manufacturers in the PRC, securing a leading position in the industry"; and at 17: "the

15   CPT market in the PRC . . . accounts for two-thirds of global market share").

16       4.        Attached as **Exhibit 4** is a true and correct copy of Irico Group Electronics

17   Co. Ltd.'s 2007 Annual Report dated April 24, 2008, published by Irico Group Electronics

18   (now known as Irico Group New Energy Co. Ltd.) at http://www.irico.com.cn/en/wp-

19   content/uploads/2014/04/LTN20080429526.pdf (At 13: "The Group's global market share

20   rose by 1.8 percentage points to 13.8% over last year, being the third largest globally").

21       5.        Attached as **Exhibit 5** is a true and correct copy of excerpts of the transcript

22   of the deposition of Wenkai Zhang on March 4, 2019 ("Zhang Dep. I") at 42:4-17, 43:8-

23   11, 84:11-86:15.   The Irico Defendants have designated this transcript "highly

24   confidential" under the terms of the protective order (ECF No. 306).

25       6.        Attached as **Exhibit 6** is a true and correct copy of excerpts of the transcript

26   of the deposition of Wenkai Zhang on March 5, 2019 ("Zhang Dep. II") at 18:10-17, 26:9-

27   27:7, 62:10-25.  The Irico Defendants have designated this transcript "highly confidential"

28   under the terms of the protective order (ECF No. 306).

7. Attached as **Exhibit 7** is a true and correct copy of excerpts of the transcript of the deposition of Zhaojie Wang on March 6, 2019 ("Wang Dep. I") at 43:6-7, 43:20-44:7. The Irico Defendants have designated this transcript "highly confidential" under the terms of the protective order (ECF No. 306).

8. Attached as **Exhibit 8** is a true and correct copy of excerpts of the transcript of the deposition of Zhaojie Wang on March 7, 2019 ("Wang Dep. II") at 32:15-25, 35:9-24, 40:8-23, 41:12-42:4, 44:19-24, 46:19-47:2, 48:2-25, 49:13-50:6. The Irico Defendants have designated this transcript "highly confidential" under the terms of the protective order (ECF No. 306).

9. Attached as **Exhibit 9** is a true and correct copy of excerpts of the transcript of the deposition of Zhaojie Wang on March 8, 2019 ("Wang Dep. III") at 24:24-25:8, 92:18-24, 99:5-15, 102:13-23. The Irico Defendants have designated this transcript "highly confidential" under the terms of the protective order (ECF No. 306).

10. Attached as **Exhibit 10** is a true and correct copy of Irico Defendants' Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' Second Set of Interrogatories, dated November 2, 2018 (Attachment 1 providing Group's and Display's CRT sales during the class period to fifteen customers in number of units).

11. Attached as **Exhibit 11** is a true and correct copy of Irico Defendants' Corrected Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' Second Set of Interrogatories, dated April 11, 2019 (Corrected Attachment 2 providing Group's and Display's sales during the class period to fifteen customers in revenues and showing that Group's sales of CRTs to Changhong totaled approximately RMB 3.5 billion ($468 million) and Display's totaled approximately RMB 4.6 billion ($624 million), Group's CRTs sales to Konka totaled almost RMB 1.1 billion ($153 million) and Display's sales totaled close to RMB 4.8 billion ($651 million), and Group's CRT sales to TCL totaled approximately RMB 636 million ($86 million) and Display's sales approximately RMB 3 billion ($403 million)).

12.    Attached as **Exhibit 12** is a true and correct copy of a document entitled Certificate of Account Transfer for Exported Goods and accompanying invoice, produced in this litigation by the Irico Defendants bearing the Bates stamp IRI-CRT-00003566-69 and a translation of IRI-CRT-00003566, showing China National Electronics Import & Export Caihong Company ("Import-Export") exported 10080 units of 14" CPT to Irico (USA) Inc. for a total of $302,400.

13.    Attached as **Exhibit 13** is a true and correct copy of a document entitled Certificate of Payment for Material Purchase and accompanying invoice, produced in this litigation by the Irico Defendants bearing the Bates stamp IRI-CRT-00003570-71 and a translation of IRI-CRT-00003570, showing Import-Export exported 2016 units of CPT to Irico (USA) Inc. for a total of $90,720.

14.    Attached as **Exhibit 14** is a true and correct copy of a document entitled Certificate of Account Transfer of Exported Goods and accompanying invoice, produced in this litigation by the Irico Defendants bearing the Bates stamp IRI-CRT-00003584-85 and a translation of IRI-CRT-00003584, showing Import-Export exported 10,080 units of CPT to Irico (USA) Inc. for a total of $272,160.

15.    Attached as **Exhibit 15** is a true and correct copy of a document entitled Certificate of Payment for Material Purchase and accompanying invoice, produced in this litigation by the Irico Defendants bearing the Bates stamp IRI-CRT-00003586-87 and a translation of IRI-CRT-00003586, showing Import-Export exported 5040 units of CPT to Irico (USA) Inc. for a total of $178,920.

16.    Attached as **Exhibit 16** is a true and correct copy of a document entitled Certificate of Payment for Material Purchase and accompanying invoice, produced in this litigation by the Irico Defendants bearing the Bates stamp IRI-CRT-00003588-89 and a translation of IRI-CRT-00003588, showing Import-Export exported 2016 units of CPT to Irico (USA) Inc. for a total of $80,640.  This document was marked as Deposition Exhibit No. 8411.

17.    Attached as **Exhibit 17** is a true and correct copy of a document entitled Certificate of Payment for Material Purchase and accompanying invoice, produced in this litigation by the Irico Defendants bearing the Bates stamp IRI-CRT-00003594-95 and a translation of IRI-CRT-00003594, showing Import-Export exported 2016 units of CPT to Irico (USA) Inc. for a total of $80,640.  This document was marked as Deposition Exhibit No. 8412.

18.    Attached as **Exhibit 18** is a true and correct copy of excerpts of the Irico Group Electronics Co. Ltd. Global Offering Prospectus, dated December 8, 2004, published by Irico Group Electronics (now known as Irico Group New Energy Co. Ltd.) at http://www.irico.com.cn/en/wp-content/uploads/2014/04/LTN20041208000.pdf.

At 26: "Our major customers include TCL King Electrical Appliances (Huizhou) Co., Ltd. (''TCL''), Shenzhen Skyworth-RGB Electronics Co. Ltd. (''Skyworth''), Konka Group Co., Ltd. (''Konka''), Sichuan Changhong Electric Co., Ltd. (''Changhong'') and Qingdao Hisense Electric Appliance Co., Ltd. (''Hisense''), which are major television set manufacturers in the PRC.  For the three years ended 31 December 2001, 2002 and 2003 and the six months ended 30 June 2004, the total sales to the above major customers accounted for approximately 59.27%, 59.35%, 63.53% and 67.09%, respectively, of our total sales."

At 33: "The Directors do not believe that the United States anti-dumping order will have a significant impact on our business, because we generate approximately 60% of our sales from CPTs that are 21" or smaller, which will not be affected by the dumping margin. Our CPTs that are over 21" in size, which constitute about 40% of our sales, are sold both in the domestic Chinese market and other foreign countries besides the United States. We estimate that only a small portion of our CPTs over 21" are used for television sets that are exported to the United States."

19.    Attached as **Exhibit 19** is a true and correct copy of a document entitled China CRT Color TV Export Monthly Research Report (December 2005), produced in this litigation by defendant Chunghwa Picture Tubes, Ltd. bearing the Bates stamp CHU00690421, and a translation thereof (At "Tab: Fiscal Year.012," it shows TCL exported 2,994,607 units of CTVs, Haier exported 1,230,329 units of CTVs, Skyworth exported 6,303 units of CTVs, XOCECO exported 533,524 units of CTVs, Konka

1    exported 480,014 units of CTVs, Changhong exported 114,615 units of CTVs, and Hisense

2    exported 26,267 units of CTVs to the United States).

3          20.    Attached as **Exhibit 20** is a true and correct copy of a PowerPoint

4    presentation, produced in this litigation by defendant Samsung SDI bearing the Bates

5    stamp SDCRT-0202827 and a translation thereof (showing large quantities of exports of

6    CTVs to the United States by Irico's customers from January through May 2005 at slides

7    11-16).

8          21.    Attached as **Exhibit 21** is a true and correct copy of a PowerPoint

9    presentation entitled Asia Sales Meeting (Aug. 21-22, 2003), produced in this litigation by

10   defendant MT Picture Display Co., Ltd. bearing the Bates stamp MTPD-0573273 and a

11   translation thereof (showing that Irico was supplying 21" and 25" Pure Flat CPTs to

12   Chinese customers, which were selling CTVs containing those CPTs to the United States

13   (at 0573273.06E and 0573273.21E), and showing that Irico and Samsung SDI were the

14   sole suppliers of 25" PF CPTs to the major Chinese television makers (at 0573273.20E)).

15         22.    Attached as **Exhibit 22** is a true and correct of a PowerPoint presentation

16   entitled NAFTA TV Production Shift to Asia! Asian TV Shipment to USA Increases,

17   dated October 7, 2002, produced in this litigation by defendant Koninklijke Philips

18   Electronics N.V. ("Philips") bearing the Bates stamp PHLP-CRT-010948 (showing LPD's

19   in depth knowledge of every step in the distribution chain from Asian CRT maker to

20   Chinese television manufacturer to U.S. retailers Best Buy, Wal-Mart, Costco, Sears and

21   Kmart at slides 4-7).  Slide 4 lists "Chaihong" as the CPT supplier for TCL/PCE(USA)

22   [Philips Consumer Electronics USA] (correct spelling is "Caihong"—the literal translation

23   of the Chinese character for Irico).  This document was marked as Deposition Exhibit

24   2262.

25         23.    Attached as **Exhibit 23** is a true and correct of ███████████████████

26   ████████████████████████████████  produced in this litigation by defendant

27   Chunghwa Picture Tubes, Ltd. bearing the Bates stamp CHU00029191-94, and a

28   translation thereof (stating at 194 that ███████████████████████████████████

1 ███████████████████████████████████████████████

2 ████████████████████████████████████

3        24.     Attached as **Exhibit 24** is a true and correct of the July 2005 email

4 exchange between Philips Electronics and TCL, produced in this litigation by defendant

5 Philips bearing the Bates stamp PHLP-CRT-154896-898 (showing that TCL manufactured

6 CRT televisions as an OEM for Philips, and that Philips approved 21" CPTs from Irico for

7 televisions to be sold in the "NAFTA" region).

8        25.     Attached as **Exhibit 25** is a true and correct copy of an internal September

9 13, 2005 email with the subject "CRT Review for discussion with TTE this week,"

10 produced in this litigation by defendant Philips bearing the Bates stamp PHLP-CRT-

11 155234-36 (showing that Philips approved Irico as the tube supplier for its TV model,

12 "14MS2331/17 RF" for sale in the U.S. under the Magnavox brand).

13        26.     Attached as **Exhibit 26** is a true and correct copy of a document entitled

14 Philips Consumer Electronics Commercial invoice, produced in this litigation by Circuit

15 City Stores, Inc. bearing the Bates stamp CC0118601-19 (showing the importation of

16 Magnavox 13" (model 13MT143S), 14" (model 14MS2331/17), and 20" (model

17 20MT133S) CRT televisions, which were manufactured at the site of TCL King Elec. App.

18 Co., Ltd. in Huizhou, China, sold by Philips Consumer Electronics Co. in Atlanta, GA, and

19 shipped to Circuit City Stores, Inc. in Walnut, CA).

20        27.     Attached as **Exhibit 27** is a true and correct copy of a BestBuy flyer for

21 Magnavox 14MS2331/17 model CRT television, produced in this litigation by BestBuy

22 bearing the Bates stamp BBYCRT053101 (showing "Country of Origin: China").

23        28.     Attached as **Exhibit 28** is a true and correct copy of July and August 2005

24 Information Weekly, produced in this litigation by defendant Chunghwa Picture Tubes,

25 Ltd., bearing the Bates stamp CHU00124396-99 and CHU00124400-02 and a translation

26 thereof (At 397-98: "Sample tubes of Irico 21" (new AK) have a low luminance and

27 American engineers have arrived at Qingdao Haier by air on 15th day for consultation"; at

28 399: "Supplier of color picture tube of most OEM color TV is determined by the customer

in advance"; and at 401: "Irico 21"PF has been recognized by American customers and can be supplied."). The translation of the two documents was provided by the Irico Defendants as a single exhibit to Declaration of Stuart C. Plunkett in Support of Irico Defendants' Opposition to Indirect Purchaser Plaintiffs' Motion to Compel Jurisdictional Discovery, submitted to Special Master Walker on September 14, 2018.

29.     Attached as **Exhibit 29** is a true and correct copy of an internal May 2005 email with the subject "Hisense for USA, etc. 15, 21, 29PF, 32WPF," produced in this litigation by defendant MT Picture Display Co., Ltd. bearing the Bates stamp MTPD-0523073-79 and a translation thereof (showing at 076 that Irico was decided as a CRT vendor for Hisense's USA Best Buy Project).

30.     Attached as **Exhibit 30** is a true and correct copy of ████████████████ ████████████████████████████████████████████████████████████████████ ████████████     produced in this litigation by defendant Chunghwa Picture Tubes, Ltd., bearing the Bates stamps CHU00572096 and 2098 and a translation thereof; and CHU00572996, 2998, 3026 and 3034 and a translation thereof (███████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████).

31.     Attached as **Exhibit 31** is a true and correct copy of an internal August 26, 2006 email, produced in this litigation by defendant Philips bearing the Bates stamp PHLP-CRT-172663-67 (stating at 663 that Philip "had Irico tubes released in all Nafta/Latam sets" and suggested to develop a "new design to be compatible with previous model and type number").

32.     Attached as **Exhibit 32** is a true and correct copy of May 2006 Information Weekly, produced in this litigation by defendant Chunghwa Picture Tubes, Ltd. bearing the Bates stamp CHU00124417-19, and a translation thereof (showing at 417 that Irico's

1    technicians worked with customer Konka to fix "barrel distortion" in 15"PF tube and send

2    a sample tube to Konka's US customer after U.S. customer reported problem).

3        33.    Attached as **Exhibit 33** is a true and correct copy of an internal May 31,

4    2007 email and attachment, produced in this litigation by Chunghwa Picture Tubes, Ltd.

5    bearing the Bates stamp CHU00689067-69, and a translation thereof (stating at 067 that

6    "[Haier's] strategy for the 14" is still to use Irico for the U.S. 2nd generation ATSC and

7    CPT for other customers" and that "[i]n 6/B the quantity for the U.S. ATSC model jumped

8    to 9.2K . . ., causing Irico's share to reach 10.4K.").

9        34.    Attached as **Exhibit 34** is a true and correct copy of excerpts of the

10   Deposition of Chunghwa's Chih Chun (C.C.) Liu, at 300:23-301:25, 420:8-421:10,

11   435:10-24:



*        *        *

█████████████████████████████████████

███████████████████

*       *       *

███████████████████████████████████

35.     Attached as **Exhibit 35** is a true and correct copy of Irico Display's Business License, produced in this litigation by the Irico Defendants bearing Bates stamp IRI-CRT-00000487 and a translation thereof (showing Display's main business as "[c]olor displays, electronic products and parts, raw materials, real estate development and operations, domestic and international trade").

36.     Attached as **Exhibit 36** is a true and correct copy of excerpts of the transcript of the deposition of Donald Clarke on March 26, 2019 at 146:14-21 (conceding that "there was no . . . clear statement of the law provided before 2010" on whether mixed-ownership companies like Display were subject to the bribery laws in question).

37.     Attached as **Exhibit 37** is a true and correct copy of a June 23, 2013 Wall Street Journal article entitled Chinese Industrial Subsidies Grow 23% ("China's central and provincial governments have long fed its major state-owned and private companies a steady diet of subsidies to boost growth, support jobs and create national champions").

ALIOTO DECL. ISO IPPS' OPPOSITION TO THE IRICO DEFENDANTS' MOTIONS TO DISMISS
MASTER FILE NO. CV-07-5944-SC, MDL NO. 1917

1    38.    Attached as **Exhibit 38** is a true and correct copy of the Errata to The

2   Expert Report of Janet S. Netz, Ph.D., signed by Dr. Netz on July 3, 2014 and served on

3   the defendants on July 8, 2014.

4    39.    Attached as **Exhibit 39** is a true and correct copy of Irico Defendants' Third

5   Supplemental Objections and Responses to Indirect Purchasers' First Set of Requests for

6   Production of Documents, dated January 18, 2019 (describing at 8-10 search for

7   responsive information and stating that current and former employees had "discarded" old

8   computers and otherwise failed to retain documents from the relevant period).

9    I declare under penalty of perjury that the foregoing is true and correct.  Executed

10  on this 12th day of April 2009 in San Francisco, California.

11

12                                                     /s/ Mario N. Alioto
                                                        Mario N. Alioto

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALIOTO DECL. ISO IPPS' OPPOSITION TO THE IRICO DEFENDANTS' MOTIONS TO DISMISS
MASTER FILE NO. CV-07-5944-SC, MDL NO. 1917