Tracy R. Kirkham (69912)
John D. Bogdanov (215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
Email: trk@coopkirk.com
         jdb@coopkirk.com

*Interim Lead Counsel for the Non-Repealer State Subclass*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 4:07-cv-5944-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **RENEWED NOTICE OF MOTION AND MOTION OF NON-REPEALER STATE SUBCLASS MEMBER ELEANOR LEWIS TO INTERVENE**<br><br>Hearing Date: January 22, 2020<br>Time:             2:00 p.m.<br>Judge:           Honorable Jon S. Tigar<br>Courtroom:  6, 2nd Floor |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on January 22, 2020 at 2:00 p.m., or as soon thereafter as the matter can be heard before the Honorable Jon S. Tigar, United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California, 94612, Non-Repealer State ("NRS") class member Eleanor Lewis will, and hereby does, move the Court, pursuant to Rule 24 of the Federal Rules of Civil Procedure, for an Order permitting Ms. Lewis to intervene as a party plaintiff in the above-captioned action, and pursuant to the Court's direction, to file a separate Complaint.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, any arguments and evidence that may be presented at any hearing before the Court on this motion, all transcripts of prior proceedings before this Court and on all other pleadings and papers on file in this action. A proposed Complaint in intervention is attached hereto as Exhibit 1.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Pursuant to this Court's Order dated October 15, 2019 (ECF No. 5626), NRS Subclass member Eleanor Lewis hereby submits this memorandum in support of her renewed motion to intervene in this action.  In addition to the contents of this memorandum, Ms. Lewis incorporates by this reference all of the points and authorities regarding permissive and as-of-right intervention from her opening and reply memoranda filed in support of her original Motion.  *See* ECF Nos. 5565 and 5613.[1]  Accordingly, those arguments will not be repeated herein.

### II. THE PROPOSED NRS SUBCLASS COMPLAINT CONTAINS NO MATERIAL CHANGES FROM THE OPERATIVE CONSOLIDATED AMENDED COMPLAINT AND IS DESIGNED PRIMARILY TO ADD ELEANOR LEWIS AS A NAMED PLAINTIFF IN THIS LITGATION

As highlighted in her prior Motion, the single material change that Ms. Lewis seeks to make from the claims and allegations relevant to the Nationwide Class contained in the current operative Consolidated Amended Complaint,[2] is to elevate putative class member Eleanor Lewis to become a named plaintiff.  *See* Proposed Lewis Complaint, attached hereto as Exhibit 1, ¶ 18. *Ubaldi v. SLM Corp.,* No. C-11-01320 EDL, 2014 U.S. Dist. LEXIS 192288, at *4 (N.D. Cal. June 13, 2014) ("[A] motion to intervene is a proper procedure to follow for a class member who wishes to join a lawsuit as a representative plaintiff.")  Accordingly, the proposed Complaint in intervention contains no material changes to the allegations of the putative nationwide class, and

---

[1] In her previous Motion, Ms. Lewis sought leave to amend the operative Fourth Consolidated Amended Complaint (ECF No. 1526) in conjunction with the Omitted Repealer States, or in the alternative, to intervene in order to amend the complaint.  The Court determined that "Lewis's intervention motion may 'provide enough information to state a claim'", but has required Lewis 'to file a separate pleading to fully apprise defendant[s] and the court of the basis for [her] claims in intervention.'"  ECF No. 5626 at 2 (quoting *Lennar Mare Island, LLC v. Steadfast Ins. Co.*, Nos. 2:12-cv-02182-KJM-KJN, 2:16-cv-00291-KJM-KJN, 2016 U.S. Dist. LEXIS 139383, at *18 (E.D. Cal. Oct. 6, 2016).  Pursuant to this directive, a proposed Complaint is attached hereto as Exhibit 1.

[2] The operative complaint at the time of Ms. Lewis's original Motion was the IPP Fourth Consolidated Amended Complaint.  ECF No. 1526.  Since then, this Court issued an Order pursuant to Stipulation for the conditional filing of a Fifth Consolidated Amended Complaint and Second Amended Complaint against the Thomson entities which substituted certain named plaintiffs within the IPP state law damage subclasses.  ECF Nos. 5585 (Stipulation) & 5589, 5600 (Complaints).  None of the changes in the Fifth Consolidated Amended Complaint are relevant to Ms. Lewis's renewed Motion.

no changes to that class's previously asserted Sherman Act antitrust claim. Ms. Lewis's claims, and those of the nationwide class members, including the Non-Repealer State ("NRS") subclass recently recognized by this Court, have been prosecuted consistently in this MDL since at least the first consolidated amended complaint. This motion to intervene presents no surprises and no expansion of the claims heretofore raised in this litigation.

The differences in language between the Fourth and Fifth Consolidated Amended Complaints and the intervention complaint proposed by Ms. Lewis are described below for the Court's convenience. Most of the differences stem from the fact that Lead Counsel Alioto declined to consent to an amendment adding Ms. Lewis as an additional plaintiff to the Consolidated Amended Complaint, and this Court's Order that she not submit a joint pleading with the ORS subclass members also seeking to intervene. Therefore, Ms. Lewis's complaint in intervention is brought by a single plaintiff who is not asserting any state law damage claims. Other language differences simply reflect certain practical realities brought about by events that have occurred in the years since the beginning of the case, including the addition of some facts developed by the parties in discovery, and the elimination of parties and class members that have settled, been dismissed or ceased to exist.

### III.  SUMMARY OF CHANGES FOR THE COMPLAINT

For the Court's convenience, below is a summary of the proposed changes that distinguish the proposed Lewis Complaint from the Consolidated Amended Complaints:

1) Eleanor Lewis is the sole named plaintiff and brings her federal antitrust claim on behalf of a single nationwide class. This has required edits to nomenclature throughout the pleading, such as now referring to "Plaintiff", a single "Class", and corresponding grammatical changes.

2) Allegations of the state law damage classes, state law claims, and certain factual allegations that are particular to the State Law Damage Classes have been deleted. This has required corresponding revisions to allegations regarding the illegal obtaining of money from Nationwide Class members as a result of the alleged antitrust violations to reflect that the sole claim being advanced is a nationwide federal Sherman Act claim seeking equitable relief. *See,*

3

RENEWED NOTICE OF MOTION AND MOTION OF NON-REPEALER STATE SUBCLASS MEMBER ELEANOR LEWIS TO INTERVENE - Case No. 4:07-cv-5944, MDL No. 1917

1  *e.g.,* Lewis Complaint, Section II., deletion of certain state-law subject matter jurisdiction
2  allegations; ¶ 9.a. (now alleging "damages to the residents of the United States identified herein"
3  rather than limited to certain states); ¶ 200 (now alleging instead of the pass-through allegations
4  that the "overcharge at issue was taken from Class members by Defendants"); *accord* ¶¶ 201, 203,
5  208, 211; Prayer for Relief A (deleting reference to "state antitrust laws, state consumer protection
6  and/or unfair competition laws").

7        3)     Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc.
8  ("SEAI") have been deleted from the list of Defendants, along with corresponding references to
9  these entities elsewhere in the Complaint.  In March 2013, after the Fourth Consolidated Amended
10  Complaint was filed, IPPs, SEC and SEAI entered into a voluntary stipulated dismissal without
11  prejudice.  ECF No. 1593.  IPPs conducted an investigation into the law and facts concerning the
12  claim that neither SEC nor SEAI at any time made or sold CRTs during the class period, but rather
13  SEC purchased CRTs, and concluded that dismissing IPPs' claims against SEC and SEAI was in
14  the best interests of the class.  *Id.*

15        4)     Panasonic Corporation of North America ("PNA") has been deleted from the list of
16  Defendants.  PNA (and Panasonic Corporation) moved for summary judgment on the basis that
17  there was insufficient evidence of their participation in the alleged conspiracy to proceed to trial.
18  ECF No. 3001.  IPPs opposed the motion.  ECF No. 3248.  The Court granted the motion as to
19  PNA and dismissed the claims against PNA.  ECF No. 5119.

20        5)     MT Picture Display Co., Ltd. ("MTPD") has been deleted from the list of
21  Defendants.  As of May 23, 2019, MTPD was dissolved and no longer exists as a going concern.

22        6)     Chunghwa Picture Tubes Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.
23  (collectively "Chunghwa") have been moved from the list of Defendants to the list of Co-
24  conspirators.  *See* Lewis Complaint, ¶¶ 79-81.  Plaintiffs settled nationwide class claims with
25  Chunghwa and the Court entered judgment dismissing Chunghwa in 2012.  That judgment is final.
26  ECF Nos. 1105, 1106.

27        7)     LG Electronics Inc.; LG Electronics U.S.A., Inc.; and LG Electronics Taiwan
28  Taipei Co., Ltd. (collectively, "LG") have been moved from the list of Defendants to the list of

Co-conspirators. *See* Lewis Complaint, ¶¶ 75-78. Plaintiffs settled nationwide class claims with LG and the Court entered judgment dismissing LG in 2014. That judgment is final. ECF Nos. 2542, 2543.

   8)  Thomson SA and Thomson Consumer Electronics, Inc. (collectively, "Thomson"), Technologies Displays Americas LLC ("TDA") and Videocon Industries, Ltd. ("Videocon") have been named as Defendants. *See* Lewis Complaint ¶¶ 61-68. These allegations are the same, or substantially the same, as those appearing in the IPP Fourth Amended Complaint (ECF No. 1526) (naming Thomson as a co-conspirator), IPP First Amended Thomson Complaint (ECF No. 3871-4) (redacted version) and IPP Second Amended Thomson Complaint (ECF No. 5600). Each of the separate Complaints against Thomson alleged a Nationwide Class. ECF No. 1526, ¶ 243; ECF No. 3871-4, ¶ 255; ECF No. 5600, ¶ 255.

   9)  Washington and Illinois residents have been removed from the putative NRS Subclass (*see* Lewis Complaint ¶ 223) for the reasons stated in the Stipulation pending before this Court, between the Attorneys General of Washington and Illinois and Liaison Counsel for the NRS Subclass. *See* ECF No. 5639.

   10)  The Jury Demand has been deleted, since the Complaint asserts claims solely for equitable relief.

   11)  Other minor language changes:

    a. Adding the phrase "some of whom are unknown to Plaintiff at this time and therefore are", in ¶ 70;

    b. Adding the phrase "and co-conspirators, including Samsung and Thomson" at the end of the sentence, in ¶ 122;

    c. Adding additional facts concerning the Thomson Defendants' role in the alleged conspiracy in ¶¶ 153, 158-161, 180, which are substantially the same allegations that appear in the IPP First Amended Thomson Complaint at ECF No. 3871-4 (redacted version) and/or the Second Amended Thomson Complaint filed as ECF No. 5600;

  d. Adding facts concerning the Samsung SDI Amended Plea Agreement with the DOJ, in ¶ 182;

  e. Adding facts concerning the December 5, 2012 European Commission decision and imposition of fines on certain Defendants, in ¶190;

  f. Relocating what is now ¶¶ 218-222 from where the fraudulent concealment allegations appear in the Consolidated Complaint to a more logical position earlier in the pleading, and adding facts in ¶ 221 concerning documents further supporting Defendants' efforts to conceal their price-fixing activities; and

  g. Providing further details regarding the composition of the Nationwide Class, in ¶ 223.

## IV. CONCLUSION

For all of the above reasons and for the reasons set forth in ECF Nos. 5565 and 5613, this Court should grant this renewed motion, permit NRS Subclass member Eleanor Lewis to intervene as a named plaintiff, and give her leave to file the proposed Lewis Complaint to accomplish this purpose. Ms. Lewis respectfully suggests that this Court also order that following the filing of the Complaint in intervention, all plaintiffs should meet and confer and file a single consolidated amended complaint covering the claims advanced by the Nationwide Class, its NRS subclass and each of the repealer state state-law damages subclasses. A single Consolidated Complaint is customary is multidistrict litigation, will simplify the number of pleadings to which the defendants must respond, and has been the practice in this litigation. A proposed form of order is filed herewith.

Dated:  November 7, 2019      Respectfully Submitted,

               /s/ *Tracy R. Kirkham*
              Tracy R. Kirkham

              Tracy R. Kirkham (69912)
              John D. Bogdanov (215830)
              COOPER & KIRKHAM, P.C.
              357 Tehama Street, Second Floor
              San Francisco, CA 94103
              Telephone: (415) 788-3030
              Facsimile: (415) 882-7040
              Email:  trk@coopkirk.com

jdb@coopkirk.com

*Interim Lead Counsel for the Non-Repealer State Subclass*

7

RENEWED NOTICE OF MOTION AND MOTION OF NON-REPEALER STATE SUBCLASS MEMBER ELEANOR LEWIS TO INTERVENE - Case No. 4:07-cv-5944, MDL No. 1917