John Taladay (*pro hac vice*)
john.taladay@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone: (202)-639-7700
Facsimile: (202)-639-7890

Stuart C. Plunkett (State Bar No. 187971)
stuart.plunkett@bakerbotts.com
Peter Huston (State Bar No. 150058)
peter.huston@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Attorneys for*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Case No. 4:07-cv-05944-JST |
| | MDL No.: 1917 |
| THIS DOCUMENT RELATES TO: | **IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.'S MOTION TO STAY PROCEEDINGS PENDING APPEAL OF THE COURT'S ORDER DENYING MOTIONS TO DISMISS (DKT. NO. 5637)** |
| *ALL DIRECT PURCHASER ACTIONS* | |
| *ALL INDIRECT PURCHASER ACTIONS* | |
| | Date: January 8, 2020 |
| | Time: 2 p.m. |
| | Judge: Honorable Jon S. Tigar |
| | Courtroom: 6, 2nd Floor |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 8, 2020, at 2 p.m., or as soon thereafter as the matter may be heard, before the Honorable Jon S. Tigar, United States District Judge of the Northern District of California, Oakland Courthouse, located at Courtroom 6, 2nd Floor, 1301 Clay Street, Oakland, California, Irico Group Corporation ("Irico Group" or "Group") and Irico Display Devices Co., Ltd. ("Irico Display" or "Display," together with Irico Group Corporation, "Irico" or "Irico Defendants"), by and through its undersigned counsel, will and hereby do move this Court for an Order to staying these proceedings pending appeal of this Court's Order Regarding Motions to Dismiss for Lack of Jurisdiction (Dkt. No. 5637), until such time as the mandate is returned from the Ninth Circuit.  This Motion is made on the grounds that Irico's appeal based on sovereign immunity entitles Irico to a stay of such proceedings as a matter of right.

This Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities in support thereof, any materials attached thereto or otherwise found in the record, along with the argument of counsel, and such other matters as the Court may consider.

## ISSUES TO BE DECIDED

1.     Whether Irico is entitled as a matter of right to a stay of trial court proceedings pursuant to its appeal of the Court's Order Regarding Motions to Dismiss for Lack of Jurisdiction (Dkt. No. 5637) under the Foreign Sovereign Immunities Act, 28 U.S. §§ 1602 *et seq.*

2.     Whether, in the alternative, a stay of District Court proceedings should be granted pending resolution of Irico's Foreign Sovereign Immunities Act arguments by the Ninth Circuit under *Landis v. North American Co.*, 299 U.S. 248 (1936).

I.   **INTRODUCTION**

Irico Group and Irico Display have appealed this Court's order denying their motions to dismiss the complaints of the Direct Purchaser Plaintiffs ("DPPs") and the Indirect Purchaser Plaintiffs ("IPPs") for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act, 28 U.S. §§ 1602 *et seq* ("FSIA").  (*See* Dkt. 5650.)  Irico respectfully requests that the Court issue a stay of further proceedings against Irico until the Ninth Circuit returns a mandate.  Under governing Ninth Circuit law, Irico's appeal under the FSIA divests this Court of jurisdiction, thus affording a stay as a matter of right.  Even were it not a matter of right, a discretionary stay of proceedings should issue under the Supreme Court's decision in *Landis v. North American Co.*, 299 U.S. 248 (1936).

II.   **BACKGROUND**

This case, filed in 2007, relates to a purported conspiracy to fix the prices of cathode ray tubes ("CRTs").  Irico ceased participation in the case in May 2009.  (Dkt. 732 at 1.)  Many years later, DPPs and IPPs obtained entries of default and DPPs moved for default judgment against Irico.  (Dkt. 4705, 4727, 5183.)  On February 1, 2018, the Court granted Irico's motion to set aside the entry of default and denied DPPs' motion for default judgment as moot (Dkt. 5240), and IPPs stipulated to vacate the entry of default soon thereafter (Dkt. 5271).  The parties then engaged in limited discovery relating to whether the Court has jurisdiction over either Irico Defendant.  (*See* Dkt. 5282, 5310.)

On July 18, 2018, the Irico Defendants filed motions to dismiss the DPPs complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  (Dkt. 5312, 5313.)  The Irico Defendants filed similar motions against the IPPs' complaint on March 1, 2019.  (Dkt. 5392, 5393.)  In their motions, the Irico Defendants argued that the Court lacked subject matter jurisdiction because Irico Group and Irico Display are immune to suit under the FSIA.  (*See* Dkt. 5312, 5313, 5392, 5393.)  After full briefing, the Court held oral argument on the motions on May 30, 2019 (Dkt. 5492), and later requested supplemental briefing on certain jurisdictional issues (Dkt. 5494).  The Court denied Irico's motions to dismiss in an order entered October 29, 2019.  (Dkt. 5637.)

## III.   **ARGUMENT**

The filing of an appeal of an immediately appealable interlocutory order "divests the district court of the jurisdiction to proceed with trial." *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (citing *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984)). "Notwithstanding the absence of a final judgment, under the 'collateral order' doctrine of *Cohen v. Beneficial Life Industrial Loan Corp.*, 337 U.S. 541 (1949), a small class of interlocutory orders is immediately appealable." *Compania Mexicana de Aviacion, S.A. v. U.S. Dist. Ct. for the C.D. Cal.*, 859 F.2d 1354, 1358 (9th Cir. 1988) (citing *Mitchell v. Forsyth*, 472 U.S. 511 (1985)). The Ninth Circuit "ha[s] long held that an order denying immunity under the FSIA is appealable under the collateral order doctrine." *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1130 (9th Cir. 2012) (quoting *Gupta v. Thai Airways Int'l*, 487 F.3d 759, 763 (9th Cir. 2007)). Because such an appeal causes the district court to "lose[] jurisdiction of not only the immunity defense" but also "the claims subject to the immunity defense," a "stay of pretrial proceedings on those claims would therefore be, essentially, automatic." *Andrade Rico v. Beard*, No. 2:17-cv-1402 KJM DBP, 2019 WL 4127206, at *2 (E.D. Cal. Aug. 30, 2019) (quoting *Padgett v. Wright*, 587 F.3d 983, 985 (9th Cir. 2009)). This required result preserves "the full benefits of immunity, should the Ninth Circuit find [defendants] are entitled to it." *Id*. at *4.

Here, the Irico Defendants appeal the Court's denial of their challenges to jurisdiction based on sovereign immunity. The effect of that appeal is to effectively stop all proceedings against the Irico Defendants during the pendency of the appeal. *See MA Mobile Ltd. v. Indian Institute of Technology Kharagpur*, 3:08-cv-02658-WHO, 2014 WL 2216253 at *1 (N.D. Cal. May 29, 2014) (granting motion to stay pending appeal of denial of defendants' motion to dismiss under foreign sovereign immunity). It is well established that one of the benefits of sovereign immunity is to ensure that parties who are immune from suit avoid the "burdens of litigation" until their immunity status is resolved. *See Rush-Presbyterian-St. Luke's Medical Ctr. v. Hellenic Republic*, 877 F.2d 574, 576 n.2 (7th Cir. 1989); *see also Hansen v. PT Bank Negara Indonesia*, 601 F.3d 1059, 1063 (10th Cir. 2010) ("The immunity provided under the FSIA protects foreign sovereigns from all burdens of litigation, including the general burden of

responding to discovery requests."); *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 849 (5th Cir. 2000) ("FSIA immunity is immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation.").

The sole exception to the rule mandating a stay pending appeal of the sovereign immunity issue is if the Court certifies the appeal to be "frivolous" or "waived." *Chuman*, 960 F.2d at 105. Irico's appeal easily clears this low bar, which is targeted solely at preventing abuse of the appellate process. *See id*. Courts in this district have routinely refused to label appeals on FSIA grounds frivolous, even while expressing concern over the effects of a stay on the litigation. *See MA Mobile*, 2014 WL 2216253 at *2 (granting defendants motion to stay despite the court's concerns regarding "the timing of IIT and Chakrabarti's appeal and the further delay that will result in the case"); *Intel Corp. v. Commonwealth Sci. & Indus. Research Org.*, No. 05-01886, slip op., at 5 (N.D. Cal. Nov. 11, 2005) ("while the Court disagrees with CSIRO on this [FSIA argument], the Court cannot say that CSIRO's argument is baseless").  Irico's appeal raises substantial questions of law regarding the FSIA, including whether alleged participation in a conspiracy affecting U.S. markets can supply the requisite jurisdictional contacts to satisfy the FSIA's commercial activity exception in the absence of direct U.S. sales, and the scope of what constitutes an "organ of a foreign state." *See* 28 U.S.C. §§ 1603(b)(2); 1605(a)(2).  Finding these substantial questions to be "frivolous" or "waived" would also be in direct conflict with the Court's prior ruling that Irico has "raised potentially meritorious defenses as to both Group and Display" on sovereign immunity grounds, and that Irico Defendants had not waived their FSIA defenses.  (Dkt. 5420 at 13, 18.)

Even if a stay were not available as a matter of right, a discretionary stay should be granted under the Supreme Court's decision in *Landis v. North American Co.*, 299 U.S. 248 (1936).  The *Landis* standard examines the "damage which may result from the granting of a stay," "the hardship or inequity" if the case goes forward, and "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  This more liberal

standard applies when a stay is sought for "pending proceedings" as opposed to final judgments, *id.*, and unlike stays of final judgments, "do[es] not require" a showing of "strong likelihood of success on the merits of the appeal [or] irreparable injury if a stay is not issued." *Andrade Rico*, 2019 WL 4127206, at *6; *see also Kuang v. U.S. DOD*, No. 18-cv-03698-JST, 2019 WL 1597495, at *6 (N.D. Cal. Apr. 15, 2019) (Tigar, J.) (granting stay of proceedings under the *Landis* test and noting that "likelihood of success on the merits is not an independent factor" under that test).

The *Landis* factors uniformly weigh in favor of a stay.  To begin, DPPs and IPPs seek only monetary damages, not "injunctive or declaratory relief," minimizing any "damage" from a stay.  *Lockyer*, 398 F.3d at 1110 ("Applying the [*Landis*] framework, we noted that [plaintiff] sought only damages.  . . . Delay of [the] suit would result, at worst, in a delay in its monetary recovery.")  On the other hand, proceeding with discovery and other pretrial practice would eviscerate the benefit that foreign sovereign immunity should provide.  *See Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 137 S. Ct. 1312, 1317 (2017) ("foreign sovereign immunity's basic objective" is to "free a foreign sovereign from *suit*").  Finally, the "orderly course of justice" clearly favors a stay, because "of the potential that the appellate court will determine that a large portion of the action should be dismissed, rendering much of the work to be completed meaningless."  *Kuang*, 2019 WL 1597495, at *3 (quoting *Finder v. Leprino Foods Co.*, No. 1:13-cv-02059-AWIBAM, at *2 (E.D. Cal. Jan. 20, 2017)).

## IV.   **CONCLUSION**

Based on the foregoing, Irico requests that the Court enter an order staying all trial proceedings pending return of the mandate from the Ninth Circuit on Irico's appeal of the Court's Order Regarding Motions to Dismiss for Lack of Jurisdiction (Dkt. No. 5637).

Dated:  November 22, 2019

*/s/ Stuart C. Plunkett*

John Taladay (*pro hac vice*)
john.taladay@bakerbotts.com
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone:  (202) 639-7700
Facsimile:   (202) 639-7890

Stuart C. Plunkett (State Bar No. 187971)
stuart.plunkett@bakerbotts.com
Peter Huston (State Bar No. 150058)
peter.huston@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone:  (415) 291-6200
Facsimile:   (415) 291-6300

*Attorneys for*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*