1

2

3

4

5

6

7

8

### UNITED STATES DISTRICT COURT

9

### NORTHERN DISTRICT OF CALIFORNIA

10

### OAKLAND DIVISION

11

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **[PROPOSED] ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION FOR** *CHUMAN* **CERTIFICATION OF THE IRICO DEFENDANTS' APPEAL** |
| *ALL DIRECT PURCHASER ACTIONS* | |
| | Date:       February 5, 2020 |
| | Time:       2:00 p.m. |
| | Judge:      Honorable Jon S. Tigar |
| | Courtroom:  6 - 2nd Floor |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Court, having reviewed Direct Purchaser Plaintiffs' ("DPPs") Motion for *Chuman* Certification of the Irico Defendants' Appeal ("Motion"), dated November 27, 2019, the Irico Defendants' memorandum of points and authorities in opposition thereto, DPPs' reply brief, the declarations in support of the foregoing, the pleadings and other papers on file in this action, and the statements of counsel and the parties, and good cause appearing, hereby finds that:

1.      The Irico Defendants' delay of over nine years in asserting their Foreign Sovereign Immunities Act ("FSIA") defense is manifestly dilatory and alone supports a finding that they have forfeited an immediate appeal. It almost doubles the five-year delay that the court in *Yates* made clear would support a forfeiture certification. *Yates v. City of Cleveland*, 941 F.2d 444, 448 (6th Cir. 1991). It is many times longer than the 500 day delay condemned by the Court in *Davis v. White*, Nos. 7:17-cv-01533-LSC, 7:17-cv-01534-LSC, 7:17-cv-01535-LSC, 2019 WL 5081074, at *8 (N.D. Ala. Oct. 10, 2019). As in *Davis*, moreover, the Irico Defendants "acted in a manner consistent with the intent to litigate the case in federal court. They participated in discovery. They made every effort to have the district court dismiss Plaintiffs' claims. And all the while, they kept their [FSIA defense] tucked away for a rainy day." *Id.* Not only is the conclusion that the Irico Defendants have failed to exercise "a reasonable modicum of diligence" with regard to the assertion of their FSIA defenses inescapable, it is clear that delay of this action was intended. *See Yates,* 941 F.2d at 449 ("a defendant's right to bring an interlocutory appeal under *Forsyth* brings with it a concomitant responsibility on the part of the defendant to exercise 'a reasonable modicum of diligence in the exercise of that right'").

2.      Second, the additional delay of more than eighteen months caused by the Irico Defendants' improper relitigation of their commercial exception arguments is also a sufficient basis for a forfeiture certification. As the Court has previously stated, the Irico Defendants filed what amounted to an improper and untimely motion for reconsideration, at least as to the commercial exception. *See* Order Regarding Motions to Dismiss for Lack of Jurisdiction at 12, ECF No. 5637 (Oct. 28, 2019). If the commercial exception applies, there is no basis to stay or otherwise delay DPPs' prosecution of their case against the Irico Defendants. This is true regardless of whether Display qualifies as an organ of the state. The Irico Defendants must certainly have known that

1

they did not plan to submit any relevant new evidence through the entire jurisdictional discovery process. It is accordingly reasonable to treat their second motions to dismiss as dilatory and as an additional basis for a forfeiture certification.

3.     In addition, the Irico Defendants delayed the resolution of their second motion through dilatory and incomplete responses to jurisdictional discovery. DPPs, along with Indirect Purchaser Plaintiffs, were required to obtain three Court orders compelling such discovery, including one compelling compliance with a Court order. *See* ECF Nos. 5320, 5331, 5332. The Irico Defendants' conduct also repeatedly delayed the depositions of their witnesses.

4.     The delaying conduct of the Irico Defendants has "injure[d] the legitimate interests of other litigants and the judicial system" in this case. *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989). Again, the Court has already found that DPPs have suffered the very types of harm that motivated the exception for frivolous or dilatory assertions of immunity defenses. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917, Case No. C-07-5944 JST, 2018 WL 659084, at *8 (N.D. Cal. Feb. 1, 2018); *see also Apostol,* 870 F.2d at 1338; *Yates,* 941 F.2d at 448–49. And, as noted above, the Irico Defendants have confirmed that important documentary evidence relating to their participation in the conspiracy has been lost. There can be no question that the Irico Defendants have "gain[ed] from delay at [DPPs'] expense," *Apostol,* 870 F.2d at 1338, including the initial delay in asserting their defense and the additional delay from their second jurisdictional motion. They now seek to augment those gains by staying the case based on an asserted right to an "immediate appeal[ ]," *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)—even though their conduct shows that an immediate resolution of their FSIA defense has been the last thing the Irico Defendants have desired.

Accordingly, the Court hereby ORDERS:

1.     On the basis of the foregoing, the Court hereby certifies in writing, pursuant to *Chuman v. Wright*, 960 F.2d 104 (9th Cir. 1992), that the Irico Defendants' assertion of their FSIA defense was dilatory and therefore their entitlement to an immediate appeal of the Court's Order Regarding Motions to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 5637) is forfeited.

2.     The Court shall retain jurisdiction over this matter pending appeal.

3.      The Irico Defendants' motion for a stay (ECF No. 5651) is denied.

4.      The Irico Defendants shall respond to the written discovery previously served on them within 30 days of this order. A Case Management Conference to discuss pretrial and trial scheduling is set for _____. The parties shall meet and confer and file CMC statements by _____.

5.      To the extent the Irico Defendants intend to seek a stay of this proceeding in the Circuit Court as specified in *Chuman*, they shall do so within fourteen (14) days of this order.

**IT IS SO ORDERED.**


Dated: _____

_____

HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING DPPS' MOTION FOR *CHUMAN* CERTIFICATION OF THE IRICO
DEFENDANTS' APPEAL; Master File No. 07-CV-5944-JST