Guido Saveri (22349)
  guido@saveri.com
R. Alexander Saveri (173102)
  rick@saveri.com
Geoffrey C. Rushing (126910)
  grushing@saveri.com
Cadio Zirpoli (179108)
  cadio@saveri.com
Matthew D. Heaphy (227224)
  mheaphy@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*ALL DIRECT PURCHASER ACTIONS* | **DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.'S MOTION TO STAY PROCEEDINGS PENDING APPEAL OF THE COURT'S ORDER DENYING MOTIONS TO DISMISS**<br><br>Date:           February 5, 2020<br>Time:          2:00 p.m.<br>Judge:         Honorable Jon S. Tigar<br>Courtroom: 6 - 2nd Floor |

**ISSUE TO BE DECIDED**

Whether the Court should stay proceedings pending Irico Group Corporation and Irico Display Devices Co., Ltd.'s appeal of the Court's denial of their motions to dismiss.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Direct Purchaser Plaintiffs ("DPPs") submit this opposition to the Irico Defendants' Motion to Stay Proceedings Pending Appeal of the Court's Order Denying Motions to Dismiss, ECF No. 5651 (Nov. 22, 2019) ("Stay Motion").[1] As explained in DPPs' Motion for *Chuman* Certification of the Irico Defendants' Appeal, ECF No. 5653 ("Certification Motion"), the Irico Defendants have forfeited their entitlement to an immediate interlocutory appeal as a result of their late assertion of their Foreign Sovereign Immunities Act ("FSIA") defense and other dilatory conduct. Additionally, the Irico Defendants fail to satisfy the requirements for a discretionary stay under the relevant authorities.

As set forth in DPPs' Certification Motion, the Irico Defendants have long sought to delay this action. Their recent appeal of the Court's denial of their motions to dismiss and their Stay Motion are—like their failure to raise their FSIA defense for nine years—simply further attempts to unnecessarily prolong these proceedings. DPPs respectfully submit that if the Court grants their Certification Motion, it should also deny the Irico Defendants' instant motion for a stay.

**II.     STATEMENT OF FACTS**

The Court entered its Order Regarding Motions to Dismiss for Lack of Jurisdiction on October 28, 2019. ECF No. 5637. The Irico Defendants filed a notice of appeal from that order on November 22, 2019. ECF No. 5650. They filed their Stay Motion on the same day. ECF No. 5651. DPPs filed their Certification Motion on November 27, 2019. ECF No. 5653. In that submission, DPPs summarized the facts relevant to their Certification Motion as well as the Stay Motion. *Id.* at 4–9. Those facts are not repeated here but are incorporated by reference.

---

[1] Defendants Irico Group Corporation ("Group") and Irico Display Devices Co., Ltd. ("Display") together are referred to herein as "Irico" or the "Irico Defendants."

## III. ARGUMENT

### A. Under *Chuman v. Wright* and *Marks v. Clarke*, the Court May Retain Jurisdiction Pending Appeal by Certifying that the Right to an Immediate Appeal Has Been Forfeited.

As DPPs explained in the Certification Motion, an "order denying the motions to dismiss for lack of subject matter jurisdiction based on sovereign immunity" is among "a small category of collateral orders" that may be appealed before final judgment. *See, e.g., Cassirer v. Kingdom of Spain*, 616 F.3d 1019, 1022 (9th Cir. 2010). Normally, such an appeal "divests the district court of jurisdiction to proceed with trial." *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). The Court may retain jurisdiction, however, when it certifies, "in writing, that defendants have forfeited their right to pretrial appeal." *Id. See also Marks v. Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996), *as amended on denial of reh'g* (Feb. 26, 1997); Certification Motion at 9–13.

DPPs disagree that the Irico Defendants' "appeal easily clears this low bar" of avoiding certification "which is targeted *solely* at preventing abuse of the appellate process." Stay Motion at 3 (emphasis added). DPPs will not repeat the arguments contained in their Certification Motion here but do incorporate them by reference.

### B. The Irico Defendants Fail to Show that a Stay Is Appropriate.

The burden is on the Irico Defendants to show that a stay is appropriate. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997). There are two tests that courts typically use to determine whether to grant a motion to stay proceedings. The Irico Defendants satisfy neither test.

The three-factor *Landis* test, referring to *Landis v. North American Co.*, 299 U.S. 248 (1936), is set forth in *Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005):

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Id.* at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). All three *Landis* factors weigh against a stay of the proceedings here.

*First*, DPPs will likely suffer damage if the case is stayed. As this Court explained in another matter:

> [T]here is a significant potential for harm to the Plaintiffs from a stay. Some evidence, such as the memory of percipient witnesses, will diminish or weaken during the pendency of a stay. Other evidence could be lost or damaged. This harm is exacerbated by the fact that Defendants' requested stay would be of indefinite duration.

*True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-cv-02219-JST, 2014 WL 12705057, at *4 (N.D. Cal. Oct. 22, 2014). *See also Bernstein v. Virgin Am., Inc.*, No. 15-cv-02277-JST, 2018 WL 3349183, at *4 (N.D. Cal. July 9, 2018) ("Plaintiffs will suffer damage because 'the passage of time . . . will increase the likelihood that relevant evidence will dissipate.'") (quoting *Cabiness v. Educ. Fin. Sols., LLC*, No. 16-CV-01109-JST, 2017 WL 167678, at *3 (N.D. Cal. Jan. 17, 2017)); *Roule v. Petraeus*, No. C 10-04632 LB, 2012 WL 2367873 at *4–5 (N.D. Cal. June 21, 2012) (denying stay and observing "the glacial pace of the case" due to previous discovery delays, and finding that further delays would further harm "Plaintiffs' ability to depose witnesses before they become unavailable or their memories fade, and before key documents are inadvertently lost or destroyed."). The Court has already made similar findings in this case. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917, Case No. C-07-5944 JST, 2018 WL 659084, at *8 (N.D. Cal. Feb. 1, 2018) ("Default Order") ("After the passage of so much time, it is likely that documents and data have been lost, that witnesses have become unavailable, or that important details have been forgotten."). A stay until the Irico Defendants' appeal is resolved would likely ensure that whatever evidence remains available to DPPs from the Irico Defendants would be lost. *See* Certification Motion at 8–9. Therefore, the first *Landis* factor weighs in favor of denial of a stay.

*Second*, the Irico Defendants' assertion that "proceeding with discovery and other pretrial practice" will constitute a "hardship or inequity" lacks merit. Stay Motion at 4. As *Lockyer* makes clear, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." 398 F.3d at 1112. *See also Lathrop v. Uber Techs., Inc.*, No. 14-CV-05678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) ("Although Uber may

suffer hardship, in the form of additional discovery, the Court concludes that this potential hardship does not merit a stay in this case."). In addition, the Irico Defendants' assertion depends entirely on their speculative assumption that the Court of Appeals will reverse this Court's order and dismiss the case against them. *See Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989) ("The majority of [*Mitchell v.*] *Forsyth*[, 472 U.S. 511 (1985)] appeals—like the bulk of all appeals—end in affirmance."). Finally, while DPPs believe that the Irico Defendants should answer the complaint, respond to the written discovery already propounded in the action, provide what witnesses remain available for deposition, and respond to discovery going to any affirmative defenses particular to them (e.g., government compulsion),[2] whatever pretrial proceedings occur will be controlled by the Court and the Irico Defendants will have opportunities to be heard on particular issues. Therefore, the second *Landis* factor also weighs in favor of DPPs.

***Third***, a stay would divert the orderly course of justice. Again, the Irico Defendants' argument for a stay depends entirely on the possibility that their appeal will end the proceedings against them. *See* Stay Motion at 4. But because further delay will likely result in the loss of important evidence, such delay will also complicate proof of important issues. *See Lockyer*, 398 F.3d at 1110 (court should consider effects on "issues, proof, and questions of law which could be expected to result from a stay") (quoting *CMAX*, 300 F.2d at 268). Therefore, the third *Landis* factor weighs in favor of DPPs.

Because all three *Landis* factors weigh against a stay of proceedings, the Stay Motion should be denied.

Alternatively, under the so-called "traditional" standard for evaluating motions to stay, courts consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

---

[2] See Default Order, 2018 WL 659084, at *9 n.6 (discussing government compulsion defense).

1  *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).
2  This Court has explained that this test applies when "a court decides whether to stay an injunction
3  or other order." *Kuang v. U.S. Dep't of Def.*, No. 18-cv-03698-JST, 2019 WL 1597495, at *3 (N.D.
4  Cal. Apr. 15, 2019). *See also United States v. Real Prop. & Improvements Located at 2366 San
5  Pablo Ave.,* No. 13-CV-02027-JST, 2015 WL 525711, at *1 (N.D. Cal. Feb. 6, 2015) (applying
6  *Nken* test to a motion to stay where a city sought appellate review of an order denying standing in a
7  property forfeiture action).

The *Nken* factors also militate against a stay in this matter. **First**, Irico Defendants have failed to show that they will succeed on the merits, despite having had a second opportunity to present their FSIA defense. *See* ECF No. 5637 at 12 ("Nothing the parties have presented in the current round of briefing changes these underlying facts or, by extension, the Court's conclusion.").³ **Second**, like the second *Landis* factor, the ordinary obligations of parties to a commercial dispute are not considered a hardship, *see Lockyer*, 398 F.3d at 1112, would be subject to supervision by the Court, and thus fall short of satisfying the irreparable injury factor. **Third**, the potential injury to DPPs here, discussed above, is substantial given that document loss and witness unavailability has already occurred and is likely to continue occurring. **Fourth**, while DPPs recognize the public interest in the international comity that the FSIA enables, stronger still are the countervailing public interests in enforcing U.S. antitrust laws and in the expediency and integrity of U.S. court proceedings.

The Court should therefore deny the Irico Defendants' motion for a discretionary stay, whether it applies the *Landis* test or the *Nken* test.

**IV.    CONCLUSION**

For the foregoing reasons, the Court should deny the Irico Defendants' Stay Motion.

/ / /

/ / /

/ / /

---

³ The Stay Motion appears to argue against the *Nken* test to specifically avoid this factor. Stay Motion at 3:28–4:7.

Dated: December 6, 2019

Respectfully submitted,

/s/ *R. Alexander Saveri*
Guido Saveri (22349)
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Cadio Zirpoli (179108)
Matthew D. Heaphy (227224)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

Joseph W. Cotchett
Adam J. Zapala
Michael Montaño
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

Steven F. Benz
Gregory G. Rapawy
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

*Attorneys for Direct Purchaser Plaintiffs*