MARIO N. ALIOTO (SBN 56433)
JOSEPH M. PATANE (SBN 72202)
LAUREN C. CAPURRO (SBN 241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
Email: malioto@tatp.com; jpatane@tatp.com;
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST<br><br>MDL No. 1917<br><br>**INDIRECT PURCHASER PLAINTIFFS' JOINDER IN DIRECT PURCHASER PLAINTIFFS' MOTION FOR *CHUMAN* CERTIFICATION OF THE IRICO DEFENDANTS' APPEAL (ECF No. 5653); OPPOSITION TO IRICO GROUP CORPORATION'S AND IRICO DISPLAY DEVICES CO. LTD.'S MOTION TO STAY PROCEEDINGS PENDING APPEAL OF THE COURT'S ORDER DENYING MOTIONS TO DISMISS, DKT NO. 5637 (ECF No. 5651)**<br><br>Date:      February 5, 2020<br>Time:      2:00 p.m.<br>Judge:     Honorable Jon S. Tigar<br>Courtroom: 6, 2nd Floor |
| This Document Relates to:<br><br>*ALL INDIRECT PURCHASER ACTIONS* | |

The Indirect Purchaser Plaintiffs ("IPPs") hereby join in the Direct Purchaser Plaintiffs' ("DPPs") motion for an order certifying in writing, pursuant to *Chuman v. Wright,* 960 F.2d 104 (9th Cir. 1992), that Irico Group Corporation and Irico Display Devices Co., Ltd. (together "Irico" or the "Irico Defendants") have forfeited their right to an immediate appeal of the denial of their motions to dismiss on sovereign immunity grounds under the Foreign Sovereign Immunities Act ("FSIA").[1] IPPs also oppose the Irico Defendants' Motion to Stay Proceedings Pending Appeal of the Court's Order Denying the Motions to Dismiss.[2]

## I. THE COURT SHOULD CERTIFY THE IRICO DEFENDANTS' APPEAL AS FORFEITED UNDER *CHUMAN*

In *Chuman v. Wright*, the Ninth Circuit "recognized an exception to the general rule that a valid notice of appeal divests the district court of jurisdiction over all but tangential matters. This exception applies in cases in which the district court certifies that the defendant's interlocutory appeal is 'frivolous' or 'forfeited.'" *Marks v. Clarke*, 102 F.3d 1012, 1018 (9th Cir. 1996), *as amended on denial of reh'g* (Feb. 26, 1997), quoting *Chuman,* 960 F.2d at 105, and *Apostol v. Gallion,* 870 F.2d 1335, 1339 (7th Cir.1989) ("a frivolous qualified immunity claim is one that is unfounded, 'so baseless that it does not invoke appellate jurisdiction,' and [] *a forfeited qualified immunity claim is one that is untimely or dilatory*") (emphasis added).

As *Apostol* confirms:

> "Frivolousness is not the only reason a notice of appeal may be ineffectual. Defendants may waive or forfeit their right not to be tried. If they wait too long after the denial of summary judgment, or if they use claims of immunity in a manipulative fashion, they surrender any entitlement to obtain an appellate decision before trial. . . . We have no doubt, however, that defendants who play games with the district court's schedule forfeit their entitlement to a pre-trial appeal. A district court may certify that a defendant has surrendered the entitlement to a pre-trial appeal and proceed with trial."

*Apostol*, 870 F.2d at 1339.

---

[1] ECF No. 5653.

[2] ECF No. 5651.

IPPs agree with DPPs that the Irico Defendants' interlocutory sovereign immunity appeal is "untimely and dilatory," and therefore forfeited under *Chuman*, given that they failed to raise their sovereign immunity defense until more than nine years after they were first served in 2008.[3] Moreover, during those nine years, they actively litigated the case by participating in informal discovery without mentioning the defense,[4] and joining in a motion to dismiss that did not raise the defense.[5] Then they disappeared from the action in 2010 when the motion to dismiss was denied. They also ignored the entry of default in both the IPP and DPP cases in July 2016[6] for over a year, and did not reappear in the case until late 2017 when the DPPs moved for a default judgment. It was only then, in late 2017, that the Irico Defendants finally asserted their sovereign immunity defense.[7]

The Irico Defendants' "untimely and dilatory" assertion of their sovereign immunity defense would alone justify the certification by this Court under *Chuman* that they have forfeited their right to an immediate appeal regarding their claim of sovereign immunity. In *Yates v. City of Cleveland*, 941 F.2d 444 (6th Cir. 1991), the Sixth Circuit found "considerable support in the record for the view that" the defendant had "employed the qualified immunity defense and the privilege of instituting a *Forsyth* appeal in a dilatory fashion," where the defendant actively litigated the case for five years before asserting the immunity defense on the eve of trial. *Id.* at 449 ("a defendant's right to bring an interlocutory appeal under *Forsyth* brings with it a concomitant responsibility on the part of the defendant to exercise 'a reasonable modicum of diligence in the

---

[3] In response to IPPs' motion to authorize service on the Irico Defendants (among others) pursuant to Fed. R. Civ. P. 4(f)(3), counsel for the Irico Defendants agreed to accept service of the IPPs' complaint on August 21, 2008. *See* ECF No. 361.

[4] *See* ECF No. 5220-10 at 1 (January 15, 2009 Response of Irico Group Corporation and Irico Display Devices Co., Ltd. to Plaintiffs' Information Requests). The Irico Defendants' informal discovery responses do not claim that the Irico Defendants are foreign sovereigns or immune from suit. *Id.* Indeed, they make no reference to the Chinese government at all. *Id.*

[5] *See* ECF No. 485 at 54.

[6] *See* ECF Nos. 4727, 4729.

[7] *See* ECF No. 5228-1 ¶ 2.

exercise of that right.'").[8] Here, the Irico Defendants waited *almost double* the amount of time that *Yates* found dilatory—almost *ten* years—before asserting their sovereign immunity defense. During their absence from the case, IPPs litigated the case against the other defendants up to the eve of trial in March 2015 before settling. This Court has already recognized that the DPPs "were inarguably prejudiced by the Irico Defendants' decision to disappear from the case for ten years."[9] The same is true for IPPs.

In addition, as DPPs explain, forfeiture is further compelled here by the Irico Defendants' continued dilatory tactics since their reappearance in this case. These tactics have included misrepresenting to the Court that new evidence would demonstrate their immunity,[10] and wasting approximately eighteen months of the Court's and the plaintiffs' time on jurisdictional discovery, which required multiple motions to compel due to their repeated failures to comply with their discovery obligations.[11] This conduct was particularly egregious given that the Irico Defendants knew they had already destroyed most (if not all) documents bearing on their participation in the CRT conspiracy (and the commercial activity exception) long ago,[12] in violation of this Court's April 4, 2008 Order requiring that such evidence be preserved.[13] Ultimately, the Irico Defendants

---

[8] *See also Davis v. White*, No. 7:17-CV-01533-LSC, 2019 WL 5081074, at *8 (N.D. Ala. Oct. 10, 2019) (defendants forfeited their right to appeal an order denying their motion to compel arbitration where they litigated the case for 500 days before moving to compel arbitration, and in so doing, "used their rights to compel arbitration in a manipulative fashion" and "played games with the district court's schedule").

[9] Order Setting Aside Default, ECF No. 5240 at 15.

[10] ECF No. 5653 at 6.

[11] *See* ECF Nos. 5310, 5324, 5327, 5352, & 5353.

[12] *See* ECF No. 5440-15 (Alioto Decl. Ex. 39) (Irico's Third Supplemental Objections and Responses to IPPs' First Set of RFPs, Supp. Resp. to RFP No. 18 (describing search for responsive information and stating that current and former employees had "discarded" old computers in 2012 and otherwise failed to retain documents from the relevant period, *after* the Court ordered the litigation hold)).

[13] Group and Display's Rule 30(b)(6) witness, Zhang, testified that Irico did not implement a litigation hold in accordance with this Court's April 4, 2008 Order (ECF No. 230) and disclaimed any knowledge of Irico's obligation to do so. *See* ECF No. 5440-6 (Alioto Decl., Ex. 5) (Deposition of Wenkai Zhang, Vol. I, Mar. 4, 2019, 84:11-86:15). This Court's inherent powers include "the ability to levy appropriate sanctions against a party who prejudices its opponent through the spoliation of evidence that the spoliating party had reason to know was relevant to

produced *no* documents reflecting meetings or communications with their competitors or customers, even though their witness testified that they had "many, many" such meetings.[14] Then they filed motions to dismiss that merely renewed their prior, rejected arguments, and amounted to nothing more than "a belated motion for reconsideration."[15]

In sum, by failing to raise their sovereign immunity defense early in the litigation, and instead using it in a "manipulative fashion" to "play games with the district court's schedule,"[16] the Irico Defendants have failed to "exercise a reasonable modicum of diligence" in the exercise of their right to a pretrial appeal.[17] Moreover, their dilatory tactics have severely prejudiced IPPs and a further stay pending appeal will compound that prejudice. IPPs therefore join with the DPPs in requesting that the Court certify the Irico Defendants' appeal as forfeited, deny their motion for a stay pending their appeal, and order them to respond to the IPPs' complaint and outstanding discovery requests.

## II. THE COURT SHOULD DENY THE IRICO DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING APPEAL

The Irico Defendants claim entitlement to an automatic stay on the grounds that their appeal divests this Court of jurisdiction to proceed to trial on all claims subject to their sovereign immunity defense. They further argue that "even if a stay were not available as a matter of right, a discretionary stay should be granted under the Supreme Court's decision in *Landis v. North American Co.,* 299 U.S. 248 (1936)."[18] It is the Irico Defendants' burden to show that a stay is

---

litigation." *Apple Inc. v. Samsung Elecs. Co.*, 881 F. Supp. 2d 1132, 1135 (N.D. Cal. 2012), citing *Glover v. BIC Corp.,* 6 F.3d 1318, 1329 (9th Cir.1993).

[14] *See* ECF No. 5653-1 (Saveri Decl.) Ex. 2 (Irico declaration stating that it had completed its search for documents relating to twenty-six competitor meetings and had not located any responsive documents); (ECF No. 5440-6 (Alioto Dec. Ex. 9) (Deposition of Zhaojie Wang, Vol. III, March 8, 2019 ("Wang Dep. III")) at 92:18-24 (testifying that he "attended many, many such meetings" with Irico's competitors); *id*. at 99:5-15 (same).

[15] ECF No. 5637 at 12.

[16] *Apostol*, 870 F.2d at 1339; *Davis v. White,* 2019 WL 5081074, at *8.

[17] *Yates,* 941 F.2d at 449.

[18] ECF No. 5651 at 3-4.

4
IPPS' JOINDER IN DPPS' MOTION FOR *CHUMAN* CERTIFICATION OF THE IRICO DEFENDANTS' APPEAL; OPPOSITION TO IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO. LTD.'S MOTION TO STAY PROCEEDINGS PENDING APPEAL OF COURT'S ORDER DENYING MOTIONS TO DISMISS
Master File No. 07-cv-5944-JST; MDL No. 1917

appropriate. *See Lathrop v. Uber Techs., Inc.*, No. 14-CV-05678-JST, 2016 WL 97511, at *3 (N.D. Cal. Jan. 8, 2016) ("The burden is on the movant to show that a stay is appropriate." (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)). They have failed to meet this burden.

For the reasons set forth above and in the DPPs' *Chuman* motion, the Irico Defendants have forfeited their right to an interlocutory appeal and the concomitant automatic stay of proceedings in this Court, due to their untimely and dilatory assertion of their sovereign immunity defense and other dilatory conduct. If the Court grants the *Chuman* motion and certifies the Irico Defendants' interlocutory appeal as forfeited, the Court will retain jurisdiction over the IPPs' claims against the Irico Defendants and there will be no automatic stay of proceedings in this Court. *See Chuman,* 960 F.2d at 105 ("Should the district court find that the defendants' claim of qualified immunity is frivolous or has been waived, the district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial."). The Irico Defendants will still have the option to move for a discretionary stay of this Court's proceedings in the Ninth Circuit. *Id*. at 105 n.1, citing *Apostol,* 870 F.2d at 1339 ("The defendants in such a case may then apply to this court for a discretionary stay.").

As for the Irico Defendants' request for a discretionary stay under *Landis*, that request only becomes relevant if the Court *grants* the motion to certify the Irico Defendants' appeal under *Chuman*, and thereby denies their claim to an automatic stay of proceedings in this Court. But, a discretionary stay would be entirely inconsistent with certifying the appeal and automatic stay as forfeited under *Chuman*. The very purpose of the *Chuman* certification is to avoid the injury to "the legitimate interests of other litigants and the judicial system" that occurs when an interlocutory appeal is filed, because "[d]uring the appeal memories fade, attorneys' meters tick, judges' schedules become chaotic (to the detriment of litigants in other cases). Plaintiffs' entitlements may be lost or undermined." *Apostol*, 870 F.2d at 1338.

And where, as here, the *Chuman* certification would be based on "untimely and dilatory" tactics, its purpose is to prevent defendants who have engaged in such tactics from benefiting from them by further delaying the litigation and further prejudicing the plaintiff. *See id*. at 1339

("[D]efendants who play games with the district court's schedule forfeit their entitlement to a pretrial appeal. A district court may certify that a defendant has surrendered the entitlement to a pretrial appeal and proceed with trial.").[19] Granting a discretionary stay in this case would render the *Chuman* certification a nullity.

In addition, *Landis* requires a balancing of hardships that the Irico Defendants have failed to fully address. *See Kuang v. United States Dep't of Def.,* No. 18-CV-03698-JST, 2019 WL 1597495, at *4 (N.D. Cal. Apr. 15, 2019) ("the Court must balance the hardships of the parties if the action is stayed or if the litigation proceeds."). "*Landis* cautions that 'if there is even a fair possibility that the stay . . . will work damage to someone else,' the party seeking the stay 'must make out a clear case of hardship or inequity.'" *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1112 (9th Cir. 2005), citing *Landis*, 299 U.S. at 255.

Attempting to minimize the prejudice to IPPs, the Irico Defendants focus solely on the fact that IPPs claim only monetary damages, and fail to acknowledge the damage that IPPs have already suffered because of Irico's disappearance from this litigation for ten years.[20] Nor do they address the further damage IPPs are likely to suffer if this case is stayed pending appeal. Discovery has confirmed that during their absence from the case, the Irico Defendants destroyed the vast majority of documents and data relevant to IPPs' claims against them. Only a few Irico witnesses remain, and given the passage of time since the alleged conspiracy period, the likelihood that they and other defendants' witnesses will become unavailable and/or their memories will further diminish during the pendency of this appeal only increases.[21]

---

[19] *See also Yates,* 941 F.2d at 449 (quoting *Kennedy v. City of Cleveland,* 797 F.2d 297, 301 (6th Cir. 1986)) (emphasizing that where the defendant had employed a qualified immunity defense in a "dilatory fashion[,]" the "district court has discretion 'to cut off motions for summary judgment, even those which may challenge the plaintiff's right to go to trial on the basis of an absolute or qualified immunity.'"); *Davis v. White,* 2019 WL 5081074, *8 ("Forfeiture of a right to a stay pending appeal is thus an appropriate response to parties 'who play games with the district court's schedule.'") (citations omitted).

[20] ECF No. 5240 at 15 (describing prejudice to DPPs, which applies equally to IPPs).

[21] Indeed, Irico was forced to withdraw one of its witnesses due to ill health within a week of his scheduled deposition. *See* ECF No. 5408.

In *True Health Chiropractic Inc. v. McKesson Corp.,* No. 13-CV-02219-JST, 2014 WL 12705057, at *4 (N.D. Cal. Oct. 22, 2014), this Court found "a significant potential for harm to the Plaintiffs from a stay," where, as here, "the memory of percipient witnesses, will diminish or weaker during the pendency of a stay[,]" and "[o]ther evidence could be lost or damaged."[22] Thus, contrary to Irico's claim, a further delay would work a much greater prejudice to IPPs than merely a delay in monetary recovery.

In the face of this inarguable prejudice to IPPs, the Irico Defendants fail to make out a "clear case of hardship or inequity" that would result from proceeding to trial, relying solely on the fact that sovereign immunity is intended to free a foreign sovereign from suit. But, "as a general matter, 'being required to defend a suit, without more,' does not suffice." *Kuang*, 2019 WL 1597495, at *5 (quoting *Lockyer*, 398 F.3d at 1112). This is especially true where, as here, the Irico Defendants were dilatory in the extreme in asserting their sovereign immunity defense and have forfeited their right to a pretrial appeal.

Finally, the "orderly course of justice" does not favor a stay because it is unlikely that the Irico Defendants' appeal will be successful, given that this Court has twice rejected their sovereign immunity defense. Moreover, if this Court certifies the appeal as forfeited under *Chuman,* a successful appeal is even less likely. The "orderly course of justice" favors the "just, speedy and inexpensive determination of every action and proceeding"[23]—something which has already been denied here due to the Irico Defendants' dilatory tactics. The "orderly course of justice" does not favor rewarding the Irico Defendants for those tactics.

In sum, all of the *Landis* factors weigh against granting a stay here. The motion should be denied.

//

---

[22] *See also Bernstein v. Virgin Am., Inc.*, No. 15-cv-02277-JST, 2018 WL 3349183, at *4 (N.D. Cal. July 9, 2018) ("Plaintiffs will suffer damage because 'the passage of time . . . will increase the likelihood that relevant evidence will dissipate.'") (quoting *Cabiness v. Educ. Fin. Sols., LLC*, No. 16-CV-01109-JST, 2017 WL 167678, at *3 (N.D. Cal. Jan. 17, 2017)).

[23] Fed. R. Civ. P. 1.

**III.    CONCLUSION**

For all the foregoing reasons, IPPs request that the Court certify the Irico Defendants' appeal as forfeited, deny their motion for a stay pending their appeal, and order them to respond to the IPPs' complaint and outstanding discovery requests.

Dated: December 6, 2019              By:     */s/ Mario N. Alioto*
                                                     Mario N. Alioto (56433)
                                                     Lauren C. Capurro (241151)
                                                     **TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**
                                                     2280 Union Street
                                                     San Francisco, CA  94123
                                                     Telephone:  (415) 563-7200
                                                     Facsimile: (415) 346-0679
                                                     malioto@tatp.com
                                                     laurenrussell@tatp.com

                                                     ***Lead Counsel for the Indirect Purchaser Plaintiffs***