John Taladay (*pro hac vice*)
john.taladay@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

Stuart C. Plunkett (State Bar No. 187971)
stuart.plunkett@bakerbotts.com
Peter Huston (State Bar No. 150058)
peter.huston@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Attorneys for*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-05944-JST |
| | MDL No.: 1917 |
| THIS DOCUMENT RELATES TO: | **IRICO GROUP CORPORATION AND IRICO DISPLAY DEVICES CO., LTD.'S OPPOSITION TO PLAINTIFFS' MOTION FOR *CHUMAN* CERTIFICATION** |
| *ALL DIRECT PURCHASER ACTIONS* | |
| *ALL INDIRECT PURCHASER ACTIONS* | |
| | Date:        February 5, 2020 |
| | Time:        2:00 p.m. |
| | Judge:       Honorable Jon S. Tigar |
| | Courtroom:   6, 2nd Floor |

1

## TABLE OF CONTENTS

2

ISSUE TO BE DECIDED ...................................................................................................... 1

3

I.      INTRODUCTION ................................................................................................... 1

4

II.     BACKGROUND AND FACTS ............................................................................... 1

5

III.    ARGUMENT .......................................................................................................... 3

6

        A.      Legal Standard ............................................................................................ 3

7

        B.      Plaintiffs' Alleged "Delay Tactics" Cannot Constitute a Forfeiture of Irico's
                Right to an Interlocutory Appeal as a Matter of Law ................................. 5

8

9

        C.      Irico's Absence from the Case and Pre-Default Conduct is Irrelevant for Purposes
                of *Chuman* Certification .......................................................................... 8

10

        D.      Irico's Motions to Dismiss Filed After Court-Ordered Jurisdictional Discovery
                Were Not Dilatory ....................................................................................... 9

11

IV.     CONCLUSION ..................................................................................................... 11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Af-Cap, Inc. v. Chevron Overseas (Congo) Ltd.*,
   475 F.3d 1080 (9th Cir. 2007) ...................................................................................2, 10

*Andrade Rico v. Beard*,
   No. 2:17-cv-1402 KJM DBP, 2019 WL 4127206 (E.D. Cal. Aug. 30, 2019) .......................4

*Apostol v. Gallion*,
   870 F.2d 1335 (7th Cir.1989) ..............................................................................4, 5, 6

*Bolivarian Rep. of Venezuela v. Helmerich & Payne Int'l Drilling Co.*,
   137 S. Ct. 1312 (2017) ......................................................................................8

*Cal. Dep't of Water Res. v. Powerex Corp.*,
   533 F.3d 1087 (9th Cir. 2008) .............................................................................3

*Cassirer v. Kingdom of Spain*,
   616 F.3d 1019 (9th Cir. 2010) .............................................................................3

*Cassirer v. Thyssen-Bornemisza Collection Foundation*,
   862 F.3d 951 (9th Cir. 2017) ..............................................................................4

*Cf. Davis v. Wright*,
   No. 7:17-cv-01533-LSC, 2019 WL 5081074 (N.D. Ala. Oct. 10, 2019) .............................8

*Chuman v. Wright*,
   960 F.2d 104 (9th Cir. 1992) ........................................................................ passim

*Cohen v. Beneficial Life Industrial Loan Corp.*,
   337 U.S. 541 (1949) .......................................................................................3

*Compania Mexicana de Aviacion, S.A. v. U.S. Dist. Ct. for the C.D. Cal.*,
   859 F.2d 1354 (9th Cir. 1988) .............................................................................3

*Griggs v. Provident Consumer Disc. Co.*,
   459 U.S. 56 (1982) ........................................................................................1

*Gupta v. Thai Airways Int'l*,
   487 F.3d 759 (9th Cir. 2007) ............................................................................3, 4

*Kickapoo Tribe of Indians, of the Kickapoo Reservation in Kansas v. State of Kansas*,
   No. 92-4233-SAC, 1993 WL 192795 (D. Kan. May 19, 1993) ....................................6, 7, 8

*M.A. Mobile Ltd. v. Indian Inst. of Tech. Kharagpur*,
    No, C-08-02658-RMW, 2014 WL 2216253 (N.D. Cal. May 29, 2014) ................................4

*Marks v. Clarke*,
    101 F.3d 1012 (9th Cir. 1997) .............................................................................................7

*McMath v. City of Gary, Ind.*,
    976 F.2d 1026 (7th Cir. 1992) ............................................................................................6

*Microsoft Corp. v. Commonwealth Scientific Indus. Research Org.*,
    No. C05-01894MJJ, 2005 WL 8165886 (N.D. Cal. Nov. 11, 2005) .................................4, 5

*Mitchell v. Forsyth*,
    472 U.S. 511 (1985) ............................................................................................................3

*Padgett v. Wright*,
    587 F.3d 983 (9th Cir. 2009) ..............................................................................................4

*Rodriguez v. City of Los Angeles*,
    891 F.3d 776 (9th Cir. 2018) ..............................................................................................5

*Stewart v Donges*,
    915 F.2d 572 (10th Cir. 1990) .........................................................................................6, 7

*Terenkian v. Republic of Iraq*,
    694 F.3d 1122 (9th Cir. 2012) .............................................................................................3

Todd v, LaMarque,
    No, C 03-3995 2008 WL 205591 (N.D. Cal. Jan. 24, 2008).................................................8

*United States v. LaMere*,
    951 F.2d 1106 (9th Cir. 1991) .............................................................................................4

*Yates v. City of Cleveland*,
    941 F.2d 444 (6th Cir. 1991) ......................................................................................5, 6, 7, 8

**STATUTES**

28 U.S.C. 1441(d)...........................................................................................................10

Foreign Sovereign Immunities Act ............................................................................... passim

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12 ...........................................................................................................3, 8

### ISSUE TO BE DECIDED

Whether the Court should certify Irico Defendants' appeal of the Court's Order Denying Motions to Dismiss (Dkt. 5637) as forfeited under *Chuman v. Wright*, 960 F.2d 104 (9th Cir. 1992), despite that appeal being both non-frivolous and timely.

## I.   INTRODUCTION

Following this Court's denial of Irico's Motions to Dismiss, Irico Group Corporation and Irico Display Devices Co., Ltd. (collectively, "Irico" or "Irico Defendants") filed a timely notice of appeal on November 22, 2019, which divested this Court of jurisdiction over all matters covered by Irico Defendants' claim of immunity under the Foreign Sovereign Immunities Act ("FSIA") and transferred jurisdiction over the issue to the Ninth Circuit. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). Plaintiffs now seek the extraordinary step of stripping Irico Defendants of their procedural right to an appeal and proceeding immediately with costly merits discovery and other pretrial practice.[1] Such proceedings in the District Court are wholly inappropriate and would be nullified if the Ninth Circuit determines that Irico Defendants are immune under the FSIA. Plaintiffs' only path to this misguided result is a certification by the Court that Irico's timely and concededly non-frivolous appeal is nevertheless "waived." Their entire argument rests on a legal standard taken from out-of-Circuit dicta that has never been applied in the Ninth Circuit, combined with misrepresentations of this case's procedural history. Plaintiffs' motion should be denied.

## II.   BACKGROUND AND FACTS

This case, filed in 2007, relates to a purported conspiracy to fix the prices of cathode ray tubes ("CRTs"). Irico ceased participation in the case in May 2009. (Dkt. 732 at 1.) After six years of inaction against Irico, the Court ordered Plaintiffs to "show good cause why" they had

---

[1] Irico submits this opposition in response to DPPs' Motion for *Chuman* Certification (Dkt. 5653 ("Mot.")), IPPs' Joinder of that motion, and to the extent it constitutes a distinct motion, IPPs' narrative requesting *Chuman* certification in their Opposition to Irico's Motion to Stay (Dkt. 5657 at 1-4).

failed to take prior action against the Irico Defendants.  (Dkt. 4694 at 2.)  The Court then ordered

Plaintiffs to immediately take action with respect to Irico. (Dkt. 4709.)  DPPs and IPPs

subsequently obtained entries of default and DPPs moved for default judgment against Irico.

(Dkt. 4705, 4727, 5183.)  On February 1, 2018, the Court granted Irico's motion to set aside the

entry of default and denied DPPs' motion for default judgment as moot, finding that "Irico

Defendants have raised potential meritorious defenses as to both Group and Display," including

"that the Court lacks jurisdiction over them."  (Dkt. 5240 ("Default Order") at 17-18.)  IPPs

stipulated to vacate their entry of default soon thereafter (Dkt. 5271).  In the same February 1,

2018 Order, the Court authorized DPPs to seek "limited jurisdictional discovery."  (Default

Order at 20 ("The case against the Irico Defendants having now reopened, the DPPs are free to

undertake jurisdictional discovery.").)  DPPs nonetheless sought full merits discovery against

Irico, and the Court clarified in its April 25, 2018 order denying DPPs' motion to compel that

because "there is a substantial question regarding a defendant's immunity from suit under the

[FSIA], the parties should conduct jurisdictional discovery promptly before addressing the

merits."  (Dkt. 5277 at 2.)

Pursuant to that Order, Irico and the DPPs then stipulated to an agreed schedule for

briefing of Irico's FSIA motions to dismiss and engaged in limited jurisdictional discovery.  (*See*

Dkt. 5282, 5310.)  IPPs were granted permission to join in jurisdictional discovery (Dkt. 5317),

but waited four months to petition the Court to join the briefing schedule despite "the Court . . .

requesting the parties' input on scheduling" since its April 25, 2018 Order.  (Dkt. 5323 at 1.)

IPPs were rebuffed and placed instead on a delayed schedule "given the lack of urgency"

identified by the Court.  (*Id.* at 1-2.)  Through the discovery process, the parties had several

disagreements over the proper scope of jurisdictional discovery and Irico's compliance efforts

under the Ninth Circuit standard set out in *Af-Cap, Inc. v. Chevron Overseas (Congo) Ltd.*, 475

F.3d 1080, 1096 (9th Cir. 2007) ("discovery against a foreign sovereign should be ordered

circumspectly and only to verify allegations of specific facts crucial to the immunity

determination"), and engaged in motion practice before Special Master Walker to resolve those

disputes.  (*See* Dkts. 5320, 5331, 5332.)

On July 18, 2018, the date stipulated by the parties and approved by the Court (Dkt. 5282), the Irico Defendants filed timely motions to dismiss the DPPs' complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  (Dkt. 5312, 5313.)  The Irico Defendants timely filed similar motions against the IPPs' complaint on March 1, 2019.  (Dkt. 5392, 5393.)  In their motions, the Irico Defendants argued that the Court lacked subject matter jurisdiction because Irico Group and Irico Display are immune to suit under the FSIA.  (*See* Dkt. 5312, 5313, 5392, 5393.)  After full briefing, the Court held oral argument on the motions on May 30, 2019 (Dkt. 5492), and later requested supplemental briefing on certain jurisdictional issues (Dkt. 5494).  The Court denied Irico's motions to dismiss in an order entered October 29, 2019.  (Dkt. 5637.)  Irico filed a timely notice of appeal of the Court's October 29, 2019 order on November 22, 2019 (Dkt. 5650) and filed a motion to stay proceedings pending appeal on the same day (Dkt. 5651).  DPPs filed the instant motion for *Chuman* certification on November 27, 2019 (Dkt. 5653), and IPPs filed a joinder to DPPs' motion on December 6, 2019 (Dkt. 5657).

## III.   ARGUMENT

### A.   Legal Standard

In the Ninth Circuit, certain collateral orders—including orders denying motions to dismiss for lack of subject matter jurisdiction based on sovereign immunity—are immediately appealable and divest the district court of jurisdiction to proceed with trial.  *Cassirer v. Kingdom of Spain*, 616 F.3d 1019, 1022 (9th Cir. 2010).  "Notwithstanding the absence of a final judgment, under the 'collateral order' doctrine of *Cohen v. Beneficial Life Industrial Loan Corp.*, 337 U.S. 541 (1949), a small class of interlocutory orders is immediately appealable."  *Compania Mexicana de Aviacion, S.A. v. U.S. Dist. Ct. for the C.D. Cal.*, 859 F.2d 1354, 1358 (9th Cir. 1988) (citing *Mitchell v. Forsyth*, 472 U.S. 511 (1985)).  The Ninth Circuit "ha[s] long held that an order denying immunity under the FSIA is appealable under the collateral order doctrine."  *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1130 (9th Cir. 2012) (quoting *Gupta v. Thai Airways Int'l*, 487 F.3d 759, 763 (9th Cir. 2007)).  "The public interest in promoting foreign relations" is a "weighty public objective" that justifies immediate appellate jurisdiction "over a district court's decision denying a party's claim for FSIA's procedural protections."  *Cal. Dep't*

*of Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1096-97 (9th Cir. 2008); *see also Gupta*, 587 F.3d at 764 ("An interlocutory appeal insures that a foreign state shall be immune from the jurisdiction of the courts of the United States . . . except as provided in the Act.") (quotations omitted). Because such an appeal causes the district court to "lose[] jurisdiction of not only the immunity defense" but also "the claims subject to the immunity defense," a "stay of pretrial proceedings on those claims would therefore be, essentially, automatic." *Andrade Rico v. Beard*, No. 2:17-cv-1402 KJM DBP, 2019 WL 4127206, at *2 (E.D. Cal. Aug. 30, 2019) (quoting *Padgett v. Wright*, 587 F.3d 983, 985 (9th Cir. 2009)). This required result preserves "the full benefits of immunity, should the Ninth Circuit find [defendants] are entitled to it." *Id.* at *4.

For a narrow sub-category of such appeals, those that are wholly without merit, the Ninth Circuit has created an exception whereby district courts may retain jurisdiction if they certify that the issues on appeal are "frivolous or waived." *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). The Ninth Circuit first applied this doctrine in the context of double jeopardy, *see United States v. LaMere*, 951 F.2d 1106 (9th Cir. 1991), and *Chuman* extended this exception to orders involving qualified immunity. 960 F.2d at 105. Courts in this Circuit considering the application of this exception to issues of sovereign immunity under the FSIA typically refuse to certify appeals as forfeited. *See M.A. Mobile Ltd. v. Indian Inst. of Tech. Kharagpur*, No. C-08-02658-RMW, 2014 WL 2216253, at *1 (N.D. Cal. May 29, 2014) (denying *Chuman* certification of FSIA claim); *Microsoft Corp. v. Commonwealth Scientific Indus. Research Org.*, No. C05-01894MJJ, 2005 WL 8165886, at *2 (N.D. Cal. Nov. 11, 2005) (same). Plaintiffs have identified only a single exception to that rule, which occurred when the Ninth Circuit had **already conclusively decided** the issue of sovereign immunity in a prior decision. *See Cassirer v. Thyssen-Bornemisza Collection Foundation*, 862 F.3d 951, 958 (9th Cir. 2017) (noting district court finding that "TBC's attempted interlocutory appeal was frivolous and/or waived because of this Court's decision in 2010, which determined that the district court could properly exercise jurisdiction under the FSIA"). *Chuman* certification "must be used with restraint." *Microsoft*, 2005 WL 8165886, at *2 (quoting *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir.1989)).

Plaintiffs' brief improperly omits any reference to these controlling Ninth Circuit standards.

### B.   Plaintiffs' Alleged "Delay Tactics" Cannot Constitute a Forfeiture of Irico's Right to an Interlocutory Appeal as a Matter of Law

Irico's FSIA defense has not been forfeited and is neither frivolous nor waived under *Chuman*. Plaintiffs concede that Irico's defense is not frivolous by failing to address that issue in their opening brief. Nor could they make such an argument when this Court, despite ultimately denying Irico's motions to dismiss, explicitly found that "Irico Defendants have raised potential meritorious defenses as to both Group and Display," the "strongest" of which "is that the Court lacks jurisdiction over them." (Default Order at 17-18.) Instead, Plaintiffs argue only that Irico has "waived" its right to an FSIA defense under *Chuman*, even though the Court has already rejected that very assertion in the Default Order. (*Id.* at 12-13.) Acknowledging this contradiction, Plaintiffs attempt to reconcile the Default Order with their proposed relief, arguing that there exists a "materially lower"[2] *Chuman* standard, by which "intentional delay of the case **without more** supports a determination of forfeiture" even though the Court already found that Irico had not forfeited its FSIA defense. (Mot. at 16 (emphasis added).)

But Plaintiffs' asserted standard is not the law, and Plaintiffs cannot escape the clear implication of the Court's prior Default Order. As described below, none of the cases Plaintiffs cite actually apply a separate "waiver" prong against mere "intentional delay of the case." Neither the existence nor the purpose of a "waiver" prong (as distinct from certification for frivolousness) has been explored in any detail by the Ninth Circuit, but cases similar to *Chuman* from other circuits state that the general purpose of appeal forfeiture certification is to prevent abusive interlocutory appeals where defendants principally seek to manipulate the court's schedule. The forfeiture standard under *Yates v. City of Cleveland*, 941 F.2d 444 (6th Cir. 1991),

---

[2] Contrary to Plaintiffs' unsupported assertion that *Chuman* certification is somehow a "low" standard, courts must exercise caution when granting such relief and disrupting the usual rule against "having the same issues before two courts at the same time." *Rodriguez v. City of Los Angeles*, 891 F.3d 776, 790 (9th Cir. 2018); *see Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989) ("Such a power must be used with restraint"); *Microsoft*, 2005 WL 8165886, at *2 (N.D. Cal. 2005) (declining to certify an appeal as frivolous and noting that such relief "must be used with restraint").

*Stewart v Donges*, 915 F.2d 572 (10th Cir. 1990), and *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989) has been summarized as follows:

> Identifying delay as one of the defendant's litigation strategies is not enough for certification. None of the cases on this issue hold that a district court may certify a case when the defendant appeals in a timely fashion a genuine argument knowing and intending that the delay will benefit it. The certification exception is to prevent abusive interlocutory appeals and unnecessary delay caused by them. It is not intended to end all delay inherent in these appeals. Consequently, there must be a sufficient basis for the court to infer that the principal reason for the defendant's appeal is to manipulate the court's schedule. This can come from the fact that the appeal is frivolous or because the defendant waited to raise the defense or to appeal the unfavorable ruling until it was most advantageous to the defendant or most disadvantageous to the plaintiff.

*Kickapoo Tribe of Indians, of the Kickapoo Reservation in Kansas v. State of Kansas*, No. 92-4233-SAC, 1993 WL 192795, at *6 (D. Kan. May 19, 1993) (emphasis added) (declining to certify an appeal in a sovereign immunity case as "forfeited" under the reasoning of *Apostol*, *Stewart* and *Yates*).  Indeed, it is doubtful that "these cases actually contemplated a separate exception for dilatory tactics or manipulation of the court's schedule."  *Id.* at *5 n.1.  If "the appeal is not frivolous and the immunity defense" is "timely" and "promptly appealed," it is "not . . . improper for a party to appeal a ruling when it believes in good faith that its arguments on appeal are meritorious" regardless of whether "its litigation strategy contemplates the delay caused by the appeal."  *Id.*  Granting certification on the grounds offered by Plaintiffs "would be contrary to the . . . admonition that the district courts 'act with restraint in using their power to certify.'"  *Id.* (quoting *McMath v. City of Gary, Ind.*, 976 F.2d 1026, 1030 (7th Cir. 1992).

Here, Irico has waived nothing regarding its FSIA defenses (Default Order at 12-13); Irico has timely appealed; and Plaintiffs' sole allegations of "delay tactics" fail as a matter of law to meet the high standard for *Chuman* certification.  Indeed, after reviewing the Plaintiffs' central out-of-circuit cases—*Stewart*, *Yates*, and *Apostol*—the court in *Kickapoo* disregarded the exact arguments that Plaintiffs argue here and refused to certify the appeal as "forfeited."  *Kickapoo*, 1993 WL 192795, at *6.  In that sovereign immunity case, the plaintiff argued that the defendant had engaged in a number of delay tactics in bad faith prior to appeal and as a consequence forfeited its right to an interlocutory appeal.  *Id.*  The court was not convinced, finding that

"**general accusations of bad faith and a dilatory motive** . . . **are not sufficient** for this court to issue a certificate on a reasoned finding that [defendant's] appeal is frivolous, forfeited, or a dilatory tactic." *Id.* (emphasis added). Plaintiffs' same general accusations of bad faith and delay during jurisdictional discovery cannot constitute "forfeiture" under the reasoning of *Chuman* and its sister cases.

Indeed, *none* of the three circuit court cases that Plaintiffs cite for its proposition even found or affirmed a *Chuman*-like certification on *any* grounds, let alone on the sole ground of "delay tactics":

- In *Marks v. Clarke,* the district court originally found that the defendant's appeal was "procedurally frivolous" because the defendant appealed an adverse summary judgment decision yet failed to appeal after an earlier adverse motion to dismiss ruling. 101 F.3d 1012, 1017 n.8 (9th Cir. 1997). But intervening Supreme Court precedent held that defendants asserting qualified immunity indeed get "two bites at the appellate apple." *Id.* "Accordingly, the district court's rationale for its determination of frivolity [was] no longer tenable." Thereafter, the district court withdrew its *Chuman* certification of frivolity, and the Ninth Circuit declined to further address the issue. *Id.*

- In *Yates v. City of Cleveland*, the Sixth Circuit chastised a defendant for failing to raise a qualified immunity defense until "days before trial." 941 F.2d 444, 449 (6th Cir. 1991). Nevertheless, the court "decline[d] to dispose of th[e] appeal on waiver grounds," exercised its appellate jurisdiction, and disposed of the issue on the merits.

- Finally, in *Stewart v. Donges*, the Tenth Circuit found that the district court had not properly certified the appeal as frivolous or forfeited. 915 F.2d 572, 578-79 (10th Cir. 1990). Consequently, the district court lacked jurisdiction over the subsequent trial and the "court's judgment [was] without effect." *Id.* at 579. The Tenth Circuit vacated the district court's judgment and remanded for a second trial. *Id.*

## C.  Irico's Absence from the Case and Pre-Default Conduct is Irrelevant for Purposes of *Chuman* Certification

"Forfeiture or waiver" of the right to an immediate appeal of a decision under the FSIA "results from conduct taken in conjunction with th[e] rights and interests" inherent in sovereign immunity. *Kickapoo*, 1993 WL 192795, at *6 (citing *Yates*, 941 F.2d at 450).  The interests protected by the FSIA are "to free a foreign sovereign from *suit*," including the expense of discovery and other pre-trial practice. *Bolivarian Rep. of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 137 S. Ct. 1312, 1317 (2017).  Irico has not waived its FSIA defenses (*see* Default Order at 13 ("Irico Defendants' failure to raise [their] subject matter jurisdiction defense earlier . . . does not constitute a waiver")), and unlike the defendants in the cases cited by Plaintiffs, took no pre-default actions inconsistent with foreign sovereign immunity.  *Cf. Davis v. Wright*, No. 7:17-cv-01533-LSC, 2019 WL 5081074 at *1-2 (N.D. Ala. Oct. 10, 2019) (right to immediate appeal of motion to compel arbitration forfeited after defendant filed motions to dismiss under Rule 12(b)(6), filed improper appeals of the denial of those motions and motions for reconsideration after those appeals were dismissed, failed to respond to amended complaints, filed a motion to compel arbitration which the court found was waived, and finally filed an appeal of the arbitration motion); *Yates*, 941 F.2d at 449 ("declin[ing] to dispose of th[e] appeal on waiver grounds" but noting that defendant forced the plaintiff to "engage[] in extensive discovery and invest[] . . . a considerable amount in time, money, and energy" over five years before filing a qualified immunity motion "on the eve of trial"); *Todd v. LaMarque*, No. C 03-3995 SBA, 2008 WL 205591, at *1 (N.D. Cal. Jan. 24, 2008) (certifying appeal on the basis of frivolousness, but noting its "timing and the overall circumstances of th[e] action," including five years of active litigation by the defendant and defendant's failure to appeal the denial of its first motion for summary judgment on qualified immunity grounds).

Unlike each of these cases, at the time of default there was no discovery produced by Irico (nor any effort by Plaintiffs to compel such discovery) and Plaintiffs engaged in no motion practice specific to Irico Defendants, which merely joined a joint motion to dismiss that raised no individual defenses.  (*See* Dkt. 479, 485.)  Indeed, by all indications Plaintiffs simply forgot that Irico Defendants existed until prompting from the Court led them to file for entry of default.

Despite knowing "that the Irico Defendants were in default by April 29, 2010, when the deadline to file an answer passed," neither Plaintiff class "move[d] for entry of default . . . until over six years later, on July 18, 2016," leaving "some blame at their own feet."  (Default Order at 15-16; *see* Dkt. 4694.)  Plaintiffs' current manufactured umbrage at Irico's delay does not withstand scrutiny in light of their own delays, let alone justify the extraordinary result they seek.[3]

### D.   Irico's Motions to Dismiss Filed After Court-Ordered Jurisdictional Discovery Were Not Dilatory

It is especially audacious for Plaintiffs to argue that Irico's participation in a court-ordered jurisdictional discovery and briefing process is, itself, justification for waiver of an appellate determination of FSIA immunity.  (Mot. at 17.)  In response to DPPs' improper attempt to proceed with merits discovery when the FSIA issue was unresolved, the Court acknowledged that "there is a substantial question regarding [Irico Defendants'] immunity from suit under the [FSIA]" and clarified that the parties should "conduct jurisdictional discovery promptly before addressing the merits."  (Dkt. 5277 at 2.)  Irico and DPPs then met and conferred on a schedule for briefing and discovery.  (Dkt. 5281.)  IPPs failed to participate in this meet and confer process, instead approaching the Court four months later seeking to join the same schedule, which the Court denied, noting the "element of false urgency" in IPPs' request.[4]  (Dkt 5323 at 1.)  All parties then engaged in jurisdictional discovery over several months.

Depositions of Irico witnesses were pushed back to accommodate extensive document demands, searches and review, ordered by Special Master Walker, of voluminous hard copy invoices and other documents contained in Irico Defendants' corporate archives, as well as Plaintiffs' review of Irico's document productions.  (*See* Dkt. 5331, 5332 (Special Master discovery orders); 5333, 5338 (Irico Objections to Special Master orders and accompanying

---

[3] Plaintiffs express concern that "further delay of this case will likely ensure that whatever important evidence may still be in the Irico Defendants' possession will disappear." (Mot. at 3.)  Other than casting aspersions on Irico's motives, Plaintiffs offer no evidence that document preservation will be problematic going forward, nor do they cite any authority for such issues even being relevant to the legal standard for *Chuman* certification.  (*See* Dkt 5653 at 9-18.)

[4] Following this same pattern, IPPs did not submit their own motion for *Chuman* certification, instead filing a joinder to DPPs' motion over a week later as part of their opposition to Irico's Motion to Stay, along with several pages of wholly duplicative argument on the certification issue.  (Dkt. 6567 at 1-4.)

declarations detailing burden of compliance); 5336, 5359 (stipulations between all parties adjusting discovery and briefing schedule to accommodate Plaintiffs' review of Irico document productions and compliance with discovery orders).)  That Irico Defendants challenged the scope of discovery sought by Plaintiffs as overbroad given the Ninth Circuit's instruction that "discovery against a foreign sovereign should be ordered circumspectly and only to verify allegations of specific facts crucial to the immunity determination," *Af-Cap*, 475 F.3d at 1096, and this Court's admonition to "conduct jurisdictional discovery promptly before addressing the merits" (Dkt. 5277 at 2), in no way justifies the extreme remedy of a *Chuman* certification.  The delays occasioned by the discovery process were not dilatory conduct, but simply a result of the extensive time needed to fully comply with Plaintiffs' expansive demands and the Special Master's orders.[5]

Furthermore, Plaintiffs' claim that "Irico Defendants must certainly have known that they did not plan to submit any relevant new evidence through the entire jurisdictional discovery process" (Mot. at 17) is untenable, if not absurd.  In fact, Irico did submit substantial relevant new evidence.  Plaintiffs' argument that Irico's evidence was "irrelevant" depends entirely on their assumption that the Plaintiffs' proffered legal standard on the "commercial activity" FSIA exception is the correct one, which is exactly the issue to be tested on appeal.  (*See* Default Order at 9-11 (noting that "[t]he parties have not pointed the Court to an antitrust case identifying a direct effect under the FSIA").)  Irico's discovery efforts cannot be labeled "dilatory" simply because the Court ultimately adopted an analytical framework other than the one Irico believes to be correct.[6]

---

[5] The Court did not explicitly address Irico's filed objections to the two orders from the Special Master, instead adopting the orders without modification on October 16, 2018.  (Dkt. 5352, 5353.)  Irico Defendants thus moved forward at that time to comply with the Special Master's orders.

[6] Even looking solely at the issue of Irico Display's "organ" status, for which Plaintiffs concede that Irico produced additional relevant evidence (*see* Mot. at 10 n.4), there are important procedural protections afforded to instrumentalities of foreign states regardless of immunity that cannot be ignored based on the commercial activity exception, such as the right to a bench trial.  *See* 28 U.S.C. 1441(d) (specifying that all actions against foreign states and their instrumentalities are to be tried "by the court *without* jury") (emphasis added).

1   **IV.    CONCLUSION**

2          Plaintiffs have failed to meet the high standard for *Chuman* certification.  Plaintiffs' inapt

3   allegations of delay tactics cannot constitute grounds for such a certification.  Irico has not

4   engaged in delay tactics.  It has not waived or forfeited its right to appeal.  It timely appealed the

5   Court's denial of its motions to dismiss and seeks to vindicate its FSIA defense on appeal—a

6   defense it has vigorously defended since the Default Order.  Accordingly, Plaintiffs' motion for

7   *Chuman* certification must be denied.

8

9   Dated:  December 11, 2019                    */s/ Stuart C. Plunkett*

10                                               John Taladay (*pro hac vice*)
                                                 john.taladay@bakerbotts.com
11                                               1299 Pennsylvania Ave., NW
                                                 Washington, D.C. 20004
12                                               Telephone:  (202) 639-7700
                                                 Facsimile:   (202) 639-7890

13                                               Stuart C. Plunkett (State Bar No. 187971)
                                                 stuart.plunkett@bakerbotts.com
14                                               Peter Huston (State Bar No. 150058)
                                                 peter.huston@bakerbotts.com
15                                               BAKER BOTTS LLP
                                                 101 California Street, Suite 3600
16                                               San Francisco, California 94111
                                                 Telephone:  (415) 291-6200
17                                               Facsimile:   (415) 291-6300

18                                               *Attorneys for*
                                                 *IRICO GROUP CORP. and*
19                                               *IRICO DISPLAY DEVICES CO., LTD.*

20

21

22

23

24

25

26

27

28