ALLEN & OVERY LLP
Michael S. Feldberg (*pro hac vice*)
John Roberti (*pro hac vice*)
Andrew Rhys Davies (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399
Email: michael.feldberg@allenovery.com
       john.roberti@allenovery.com
       andrewrhys.davies@allenovery.com

*Attorneys for Defendants Samsung SDI Co., Ltd.;*
*Samsung SDI America, Inc.; Samsung SDI Mexico S.A.*
*De C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung*
*SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and*
*Samsung SDI (Malaysia) Sdn. Bhd.*

[Additional Responding Parties and Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.: 07-cv-05944 JST |
| | MDL No. 1917 |
| This document relates to: | **DEFENDANTS' RESPONSE TO:** |
| | **(1) MOTION TO INTERVENE AND FILE SEVERED COMPLAINT TO ADD STATE LAW CLAIMS FOR THE OTHER REPEALER STATES (ECF No. 5645); AND (2) MOTION OF NON-REPEALER SUBCLASS MEMBER ELEANOR LEWIS TO INTERVENE (ECF No. 5643)** |
| ALL INDIRECT PURCHASER ACTIONS | |
| | Date:       February 12, 2020 |
| | Time:       2:00 p.m. |
| | Judge:      Hon. Jon S. Tigar |
| | Courtroom:  6, 2nd Floor |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... iii

PRELIMINARY STATEMENT ....................................................................................1

BACKGROUND ..........................................................................................................3

    A.    Since December 2010, No Class Representative Has Asserted State-Law Damages Claims on Behalf of Purchasers in the Nine Omitted "Repealer" States ...............................................................................................................3

    B.    It Was Clear No Later Than October 2012 that Lead Counsel Was Not Prosecuting Federal-Law Claims for Equitable Monetary Relief...........................5

ARGUMENT ...............................................................................................................5

I.    THE OMITTED-REPEALER-STATE MOVANTS SHOULD NOT BE PERMITTED TO INTERVENE OR TO FILE A "SEVERED" COMPLAINT ...............5

    A.    The ORS Movants Cannot Satisfy the Requirements for Intervention...................6

        1.    The ORS Movants cannot establish that their motion is timely .................6

            a.    Intervention should be denied due to the ORS Movants' lengthy, unexplained, prejudicial delay in seeking intervention ...................................................................................6

            b.    There is no basis for the ORS Movants' argument that a recent "change of circumstance" reset the intervention clock ...................................................................................12

        2.    This motion should be denied for the additional reason that intervention is unnecessary to protect the ORS Movants' interests ..........14

    B.    The ORS Movants Should Not Be Permitted to File Their Proposed "Severed" Complaint ...............................................................................................20

        1.    The ORS Movants' proposed pleading is not a "severed" complaint, but rather a new complaint that cannot be filed in this MDL proceeding ...............................................................................................21

        2.    Even if the ORS Movants could file a "severed" complaint asserting their federal claims, they cannot amend such a complaint to assert their state-law damages claims ...................................................23

II.    NON-REPEALER-STATE MOVANT ELEANOR LEWIS ALSO SHOULD
       NOT BE PERMITTED TO INTERVENE OR TO FILE A "SEPARATE"
       COMPLAINT ..................................................................................................27

       A.    Lewis Does Not Satisfy the Requirements for Intervention .................................27

             1.    Lewis's long and prejudicial delay in seeking intervention prevents
                   her from establishing that her motion is timely .........................................27

             2.    Intervention should not be granted to allow Lewis to assert a non-
                   viable federal-law claim for equitable monetary relief.............................29

       B.    Lewis's Motion for Leave to File a "Separate" Complaint in this MDL
             Proceeding Should Also Be Denied.......................................................................31

CONCLUSION..............................................................................................................................33

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allen v. Bedolla*,
   787 F.3d 1218 (9th Cir. 2015) ...................................................................................8, 9, 11

*Allen v. Labor Ready Sw., Inc.*,
   No. 09-cv-04266 DPP (AGRx), 2015 WL 5156416 (C.D. Cal. Sept. 2, 2015).......................13

*Allen v. Similasan Corp.*,
   96 F. Supp. 3d 1063 (S.D. Cal. 2015).......................................................................................19

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
   465 F.3d 946 (9th Cir. 2006) ....................................................................................................24

*ASARCO, LLC v. Union Pac. R.R. Co.*,
   765 F.3d 999 (9th Cir. 2014) ....................................................................................................19

*Avila v. I.N.S.*,
   731 F.2d 616 (9th Cir. 1984) ....................................................................................................18

*Baranco v. Ford Motor Co.*,
   No. 17-cv-03580-EMC, 2018 WL 5474549 (N.D. Cal. Oct. 26, 2018) ...................................19

*Becerra v. Gen. Motors LLC*,
   241 F. Supp. 3d 1094 (S.D. Cal. 2017)....................................................................................26

*Besig v. Dolphin Boating & Swimming Club*,
   683 F.2d 1271 (9th Cir. 1982) .............................................................................................16, 18

*Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*,
   309 F.3d 1113 (9th Cir. 2002) ....................................................................................................7

*California v. American Stores Co.*,
   495 U.S. 271 (1990)..................................................................................................................30

*Castle v. Wells Fargo Fin., Inc.*,
   No. C 06-4347 SI, 2008 WL 2079192 (N.D. Cal. May 15, 2008)............................................20

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
   27 F. Supp. 3d 1015 (N.D. Cal. 2014) ......................................................................................26

*China Agritech, Inc. v. Resh*,
   138 S. Ct. 1800 (2018)..............................................................................................................26

*Coal. for ICANN Transparency Inc. v. VeriSign, Inc.*,
    771 F. Supp. 2d 1195 (N.D. Cal. 2011) ...............................................................31

*Corns v. Laborers Int'l Union of N. Am.*,
    No. 09-cv-4403 YGR, 2014 WL 1319363 (N.D. Cal. Mar. 31, 2014) ....................24

*Coughlin v. Rogers*,
    130 F.3d 1348 (9th Cir. 1997) .............................................................................21

*Crown, Cork & Seal Co. v. Parker*,
    462 U.S. 345 (1983) ..............................................................................................26

*Davis v. Fed. Election Comm'n*,
    554 U.S. 724 (2008) ..............................................................................................17

*In re Digital Music Antitrust Litig.*,
    812 F. Supp. 2d 390 (S.D.N.Y. 2011) ..................................................................31

*Excelsior Ambulance Serv., Inc. v. United States*,
    126 Fed. Cl. 69 (2016) ..........................................................................................28

*In re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litig.*,
    No. MDL 33-1439, 2008 WL 4763029 (D. Or. Oct. 28, 2008).......................22, 23

*In re FCA US LLC Monostable Elec. Gearshift Litig.*,
    No. 16-MD-02744, 2017 WL 6402992 (E.D. Mich. Mar. 21, 2017),
    *reconsideration denied*, No. 16-MD-02744, 2017 WL 6402991 (E.D. Mich.
    Mar. 23, 2017)......................................................................................................23

*Francisco v. Emeritus Corp.*,
    No. 17-cv-2871-VAP (SSx), 2018 WL 6070942 (C.D. Cal. Jan. 10, 2018) ...................16, 17

*FTC v. Mylan Labs.*,
    62 F. Supp. 2d 25 (D.D.C. 1999) ..........................................................................31

*Gelboim v. Bank of Am. Corp.*,
    135 S. Ct. 897 (2015)............................................................................................22

*Grimmett v. Brown*,
    75 F.3d 506 (9th Cir. 1996) ..................................................................................25

*Hall v. Variable Annuity Life Ins. Co.*,
    727 F.3d 372 (5th Cir. 2013) ................................................................................29

*Harris v. Vector Mktg. Corp.*,
    No. C-08-5198 EMC, 2010 WL 3743532 (N.D. Cal. Sept. 17, 2010) ....................10

iv

*Hernandez v. City of San Jose*,
   No. 16-cv-03957-LHK, 2017 WL 2081236 (N.D. Cal. May 15, 2017) ..................................21

*Howard v. Hui*,
   No. C 92-3742-CRB, 2001 WL 1159780 (N.D. Cal. Sept. 24, 2001) ............................ *passim*

*Immigrant Assistance Project of L.A. Cty. Fed'n of Labor (AFL-CIO) v. I.N.S.*,
   306 F.3d 842 (9th Cir. 2002) ...............................................................................................19

*James ex rel. James Ambrose Johnson, Jr.1999 Tr. v. UMG Recordings*,
   No. C 11-1613 SI, 2011 WL 5192476 (N.D. Cal. Nov. 1, 2011) ...........................................30

*Jones v. Micron Tech. Inc.*,
   400 F. Supp. 3d 897 (N.D. Cal. 2019) ....................................................................16, 17, 18

*King v. Bank of Am., N.A.*,
   No. C15-1014-TSZ, 2015 WL 12930129 (W.D. Wash. Dec. 28, 2015) ................................19

*Kirola v. City & Cty. of San Francisco*,
   860 F.3d 1164 (9th Cir. 2017) ..............................................................................................17

*L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*,
   No. 15-cv-01257-JST, 2015 WL 5071949 (N.D. Cal. Aug. 27, 2015)................................9, 15

*Leachman v. Beech Aircraft Corp.*,
   694 F.2d 1301 (D.C. Cir. 1982)........................................................................................18, 19

*League of United Latin Am. Citizens v. Wilson*,
   131 F.3d 1297 (9th Cir. 1997) ................................................................................... *passim*

*Lee v. Pep Boys-Manny Moe & Jack of Cal.*,
   No. 12-cv-05064-JSC, 2016 WL 324015 (N.D. Cal. Jan. 27, 2016)......................8, 10, 15, 16

*Lewis v. City of Chicago*,
   702 F.3d 958 (7th Cir. 2012) ...............................................................................................29

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*,
   523 U.S. 26 (1998)..........................................................................................................22, 23

*Lindblom v. Santander Consumer USA, Inc*,
   771 F. App'x 454 (9th Cir. 2019) ..........................................................................................15

*Lindblom v. Santander Consumer USA, Inc*,
   No. 1:15-cv-00990-BAM, 2018 WL 3219381 (E.D. Cal. June 29, 2018), *aff'd*,
   771 F. App'x 454 (9th Cir. 2019) ...............................................................8, 10, 11, 15

*Lockheed Martin Corp. v. Network Sols., Inc.*,
   194 F.3d 980 (9th Cir. 1999) ...............................................................................................24

v

DEFENDANTS' RESPONSE TO ORS MOTION TO INTERVENE AND              CASE NO.: 4:07-CV-05944-JST
FILE SEVERED COMPLAINT; NRS MOTION TO INTERVENE

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992) ................................................................................18

*Martell v. Trilogy Ltd.*,
   872 F.2d 322 (9th Cir. 1989) ...........................................................18, 19

*Melendres v. Arpaio*,
   784 F.3d 1254 (9th Cir. 2015) ..............................................................17

*Moreyra v. Fresenius Med. Care Holdings, Inc.*,
   No. SACV1000517JVSRZX, 2012 WL 13014985 (C.D. Cal. Mar. 7, 2012) ........................20

*In re Mortg. Elec. Registration Sys. (Mers) Litig.*,
   No. MD-09-02119-PHX-JAT, 2016 WL 3931820 (D. Ariz. July 21, 2016) ...................22, 23

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*,
   72 F.3d 361 (3d Cir. 1995) .......................................................................9

*In re Multidistrict Vehicle Air Pollution*,
   538 F.2d 231 (9th Cir. 1976) ...........................................................30, 31

*Nat. Res. Def. Council v. McCarthy*,
   No. 16-cv-02184-JST, 2016 WL 6520170 (N.D. Cal. Nov. 3, 2016) ........................9

*In re New Motor Vehicles Can. Exp. Antitrust Litig.*,
   350 F. Supp. 2d 160 (D. Me. 2004) .......................................................31

*Orange Cty. v. Air Cal.*,
   799 F.2d 535 (9th Cir. 1986) ............................................................8, 11

*Oregon Prescription Drug Monitoring Program v. U.S. Drug Enf't Admin.*,
   860 F.3d 1228 (9th Cir. 2017) ..............................................................17

*In re Packaged Ice Antitrust Litig.*,
   No. 08-MDL-1952, 2011 WL 6178891 (E.D. Mich. Dec. 12, 2011) ......................23

*In re Packaged Seafood Prod. Antitrust Litig.*,
   242 F. Supp. 3d 1033 (S.D. Cal. 2017) ...............................................17, 18

*Palmer v. Stassinos*,
   236 F.R.D. 460 (N.D. Cal. May 18, 2006) ...........................................16, 17

*Percy v. San Francisco Gen. Hosp.*,
   841 F.2d 975 (9th Cir. 1988) ................................................................19

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*,
   522 F.3d 1049 (9th Cir. 2008) ..............................................................24

DEFENDANTS' RESPONSE TO ORS MOTION TO INTERVENE AND
FILE SEVERED COMPLAINT; NRS MOTION TO INTERVENE

CASE NO.: 4:07-CV-05944-JST

*Porter v. Warner Holding Co.*,
    328 U.S. 395 (1946) ..........................................................................................30

*In re Pre-Filled Propane Tank Antitrust Litig.*,
    893 F.3d 1047 (8th Cir. 2018) ........................................................................30

*Prete v. Bradbury*,
    438 F.3d 949 (9th Cir. 2006) .....................................................................27, 31

*Raynor Brothers. v. American Cyanimid Co.*,
    695 F.2d 382 (9th Cir. 1982) .........................................................................18

*San Diego Comic Convention v. Dan Farr Prods.*,
    No. 14-cv-1865 AJB (JMA), 2017 WL 3269202 (S.D. Cal. Aug. 1, 2017) ...........32

*Smith v. Bayer Corp.*,
    564 U.S. 299 (2011) ......................................................................................22

*Smith v. Los Angeles Unified School District*,
    830 F.3d 843 (9th Cir. 2016) .........................................................................12

*Smith v. Marsh*,
    194 F.3d 1045 (9th Cir. 1999) ...............................................................8, 10, 12

*Spangler v. Pasadena City Bd. of Ed.*,
    552 F.2d 1326 (9th Cir. 1977) ...............................................................14, 15, 30

*SurvJustice Inc. v. DeVos*,
    No. 18-cv-00535-JSC, 2019 WL 1427447 (N.D. Cal. Mar. 29, 2019) ...........8, 10, 15

*Texaco, Inc. v. Ponsoldt*,
    939 F.2d 794 (9th Cir. 1991) .........................................................................24

*True Health Chiropractic Inc. v. McKesson Corp.*,
    No. 13-cv-02219-JST, 2014 WL 2860318 (N.D. Cal. June 23, 2014) ...................19

*United States v. Alisal Water Corp.*,
    370 F.3d 915 (9th Cir. 2004) ...........................................................8, 15, 16, 29

*United States v. Bank of Am.*,
    No. cv-12-361 (RMC), 2014 WL 12780292 (D.D.C. June 24, 2014) ...................29

*United States v. City & Cty. of Honolulu*,
    No. 94-00765 DAEKSC, 2007 WL 1549475 (D. Haw. May 24, 2007) ...............13

*United States v. City of Los Angeles*,
    288 F.3d 391 (9th Cir. 2002) .....................................................................14, 15

vii

*United States v. Oregon*,
    745 F.2d 550 (9th Cir. 1984) ......................................................................13

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*,
    894 F.3d 1030 (9th Cir. 2018) ....................................................................15

*In re W. States Wholesale Nat. Gas Antitrust Litig.*,
    715 F.3d 716 (9th Cir. 2013) ......................................................................24

*In re Webkinz Antitrust Liti*gation,
    No. M 08-01987 JSW, 2009 WL 3634162 (N.D. Cal. Oct. 30, 2009) ....................23

*Williams v. Boeing Co.*,
    517 F.3d 1120 (9th Cir. 2008) ....................................................................26

*Willner v. Manpower Inc.*,
    No. 11-cv-02846-JST, 2014 WL 2939732 (N.D. Cal. June 30, 2014) ...................20

*Yakima Valley Mem'l Hosp. v. Wash. State Dep't of Health*,
    No. 09-cv-3032-EFS, 2011 WL 13186149 (E.D. Wash. Dec. 20, 2011) ...............13

*Zorrilla v. Carlson Rest. Inc.*,
    255 F. Supp. 3d 465 (S.D.N.Y. 2017)...........................................................20

**Statutes**

28 U.S.C. § 1407.............................................................................2, 22, 32

**Other Authorities**

Fed. R. Civ. P. 20 ......................................................................................21

Fed. R. Civ. P. 21 ......................................................................................21

Fed. R. Civ. P. 23(c)(1)(A) .........................................................................28

Fed. R. Civ. P. 24 ...................................................................................6, 21

J.P.M.L. R. 7.2(a) .....................................................................................22

N.D. Cal. L.R. 3-12(b) ...............................................................................22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## PRELIMINARY STATEMENT

More than a decade after this complex litigation began, twenty-eight movants seek to intervene as plaintiffs and as class representatives for indirect purchasers in twenty-seven states. Their objective is to assert claims that lead counsel did not bring at all, or that lead counsel did not prosecute to the satisfaction of the proposed intervenors.

These motions are so untimely that they must be denied. The intervention clock runs from the time a proposed intervenor was on notice that its interests were not being protected by the existing parties. It has been clear since no later than December 2010—when lead counsel filed the Third Consolidated Amended Complaint—that the existing parties were not asserting state-law damages claims on behalf of indirect purchasers in any of the nine so-called omitted "repealer" states ("ORS").[1] And it has been clear since no later than October 2012—when lead counsel moved for class certification—that the existing parties were not seeking the federal-law, equitable monetary relief that movant Eleanor Lewis now wishes to seek on behalf of indirect purchasers in eighteen non-repealer states ("NRS"). Movants would have this Court measure the timeliness of their motions from the Ninth Circuit's February 2019 remand, from this Court's July 2019 order appointing separate counsel, or from the filing of the amended settlements in September 2019. But their argument is a contrivance. Under the applicable standard, the intervention clock began running almost a decade earlier. To grant intervention after such an extended delay would be unprecedented and contrary to law.

---

[1] Defendants do not agree that movants are correct to characterize the nine ORS as "repealer" states. (The nine ORS are comprised of Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah). Indeed, it has been established in this litigation that the laws of at least three of those states—Arkansas, Rhode Island, and Montana—do not give indirect purchasers a claim based on alleged price fixing. *See infra* at 4. The Attorney General of Arkansas even submitted a statement of interest as a "Non-Repealer State" during the prior settlement proceedings. *See* ECF No. 4462 at 1.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Allowing intervention at this very late stage of the litigation would also be highly prejudicial to the Defendants and a drain on judicial resources. The Court and the parties have invested an extraordinary amount of effort in this long-running litigation. Permitting intervention now would require a significant amount of additional work, including the reopening of discovery, and the re-doing of motions to dismiss, class certification, and summary judgment. All of that work would have been folded into the earlier discovery and motion practice, if timely intervention motions had been filed all those years ago.

Further, intervention is not appropriate because it will do nothing to protect the proposed intervenors' rights. Intervention is unnecessary because the proposed intervenors can file their own, separate lawsuits. And the claim by movants from the ORS ("ORS Movants") that intervention is necessary to protect a relation-back argument is baseless because the ORS Movants have no viable relation-back argument, even if they are permitted to intervene. Similarly, there is no legitimate reason to permit Lewis, an indirect purchaser, to intervene in order to bring federal equitable-monetary relief claims that are barred by controlling authority.

Moreover, the Court should deny the motions for permission to file what the ORS movants mislabel a "severed" complaint, and what Lewis accurately labels as a "separate" complaint. An MDL court can adjudicate only those claims that have been filed in or removed to a federal court and properly transferred to it. An MDL court cannot authorize the filing of new complaints such as those proposed by the ORS Movants and Lewis.

The Court should also deny the motions because they are transparent attempts to circumvent the Court's orders denying the ORS Movants' and Lewis's original motions to intervene and amend. ECF Nos. 5626 and 5628. The ORS Movants, by their own concession, continue to seek to amend someone else's complaint. ECF No. 5645 ("ORS Mem.") at 12-20

2

1
2
3
4
5
6
7

(ORS Movants conceding several times that their "severed" complaint amends the IPPs' complaint). Lewis similarly asks the Court to overlook its previous decision (ECF Nos. 5626 at 3)—as well as lead counsel's stated refusal to accept the ORS Movants' and Lewis's proposed amendments (ECF No. 5593)—by requesting that the Court order all plaintiffs to file a single consolidated amended complaint. ECF No. 5643 at 6. Both approaches contravene the Court's previous orders and should be denied.

8
9
10
11
12
13
14
15

In response to the Court's stated preference to address any merits arguments against the proposed complaints in a Rule 12 motion, Hr'g Tr. dated Aug. 8, 2019 at 7:25-9:9, ECF No. 5559, Defendants proposed to stipulate to a procedure with the ORS Movants and with Lewis that would have permitted all the Rule 12 and intervention and related issues to be briefed and argued together. Unfortunately, this stipulation was rejected by ORS and NRS counsel, making it necessary for Defendants to demonstrate here why the motions to intervene and for permission to file "severed" or "separate" complaints should be rejected.

16
17
18
19

**BACKGROUND**

**A.    Since December 2010, No Class Representative Has Asserted State-Law Damages Claims on Behalf of Purchasers in the Nine Omitted "Repealer" States**

20
21
22
23
24
25

*Missouri, New Hampshire, Oregon, South Carolina, and Utah*: Since March 2009, when lead counsel filed the original Consolidated Amended Complaint, ECF No. 437, no plaintiff has asserted state-law damages claims against any Defendant on behalf of indirect purchasers in five of the nine states that the ORS Movants now seek to represent: Missouri, New Hampshire, Oregon, South Carolina, and Utah.[2]

26
27

---
[2]    No damages claims have *ever* been asserted against the Thomson or TDA Defendants under the laws of *any* of the nine ORS. Thomson was never named as a defendant in an IPP consolidated amended complaint until the proposed Fifth Consolidated Amended Complaint

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

*Rhode Island*: Since the Second Consolidated Amended Complaint was filed in May 2010, no plaintiff has asserted state-law damages claims against any Defendant on behalf of indirect purchasers in Rhode Island. The March 2009 Consolidated Amended Complaint asserted such a claim, but it was dismissed on the ground that Rhode Island law does not give indirect purchasers a claim based on price fixing. ECF No. 597 at 30-31; ECF No. 665 at 24, 26 (¶ 14).

*Arkansas, Massachusetts, and Montana*: Since the Third Consolidated Amended Complaint was filed in December 2010, no plaintiff has asserted state-law damages claims against any Defendant on behalf of indirect purchasers in Arkansas, Massachusetts, and Montana. In a report and recommended ruling on Defendants' motion to dismiss the May 2010 Second Consolidated Amended Complaint, the Special Master concluded that the laws of Arkansas and Montana do not give indirect purchasers a claim based on price fixing. ECF No. 768 at 3-5. In addition, no plaintiff with Article III standing had appeared to assert a claim on behalf of Montana purchasers. ECF No. 768 at 5-6. Finally, the individual Massachusetts plaintiff had not complied with a statutory pre-suit notice requirement, even though this Court gave the prospective Massachusetts plaintiff two chances to do so. ECF No. 768 at 12-14.

---

submitted on August 28, 2019. The procedural history and law relevant to Thomson is detailed in a separate brief filed contemporaneously herewith. In addition, TDA was never named as a defendant in an IPP consolidated complaint until the proposed Sixth Consolidated Amended Complaint submitted on September 19, 2019. TDA was first sued by IPPs (by only the 22 repealer jurisdiction IPPs) in a separate action, *Luscher v. Videocon Indus., Ltd., et al.*, on July 12, 2013, alleging only certain state-law claims. That lawsuit did not include any plaintiffs from the nine ORS, did not allege any claims under the laws of any of the nine ORS, and also did not allege any federal claims or a nationwide class. That lawsuit, Case No. 3-13-cv-03234 in this Court, was dismissed on December 4, 2013. *Luscher*, ECF 18. A tolling agreement between TDA and the 22 repealer jurisdiction IPPs is irrelevant to ORS and NRS plaintiffs, who were not parties to or covered by the tolling agreement. The June 11, 2015 First Amended Class Action Complaint in that case was filed for settlement purposes only. *Luscher* ECF 25. TDA thus has not substantively litigated against any IPPs.

4

1

2

### B.    It Was Clear No Later Than October 2012 that Lead Counsel Was Not Prosecuting Federal-Law Claims for Equitable Monetary Relief

Pursuant to a court-ordered deadline for the filing of class-certification motions, ECF No. 1267, lead counsel moved in October 2012 for certification of twenty-two state classes seeking money damages under state laws, ECF No. 1388. Lead counsel did *not* seek certification of any class that included purchasers in the ORS or NRS. And lead counsel did *not* move for certification of any class seeking equitable relief under federal law.

### ARGUMENT

### I.    THE OMITTED-REPEALER-STATE MOVANTS SHOULD NOT BE PERMITTED TO INTERVENE OR TO FILE A "SEVERED" COMPLAINT

The ORS Movants seek to assert state-law damages claims that, in their view, "IPP Counsel should have included in prior iterations of the complaint, but did not."[3] ECF No. 5567 at 19. The Court has ruled that, even if they are permitted to intervene, the ORS Movants cannot amend the existing consolidated amended complaint. ECF No. 5628 at 3. The ORS Movants now try a different tack—seeking permission to intervene and to file what they label a "severed" complaint that will "add" state-law damages claims on behalf of indirect purchasers in the ORS. ECF No. 5645 (Notice of Mot.) at ii.[4]

Intervention should be denied because this motion is untimely and prejudicial, and unnecessary to protect any legitimate interest of the ORS Movants. Even if they were permitted to intervene, the ORS Movants have no viable relation-back argument, and their claims are, therefore, time-barred. And the Court should also deny the ORS Movants' request for permission

---

[3]     Even if it were true that "IPP counsel should have included" the state-law damages claims in prior complaints, it would be unfair and prejudicial to require that Defendants assume the substantial burdens associated with any purported failure to assert those claims.

[4]     Though labelled a "severed" complaint, the ORS Movants concede throughout their brief that their new complaint still seeks to amend the IPPs' consolidated amended complaint. ORS Mem. at 12-20.

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

to file the pleading that they mislabel as a "severed" complaint. The ORS Movants' request contravenes the Court's October 17, 2019 Order because they are still seeking to amend the IPPs' complaint. Moreover, their proposed pleading does not sever out existing parties and claims, but rather asserts new claims on behalf of new plaintiffs. It is therefore a new complaint that cannot be filed in this MDL proceeding.

Defendants recognize that the Court has rejected their rule-of-mandate argument. For purposes of preserving that argument, which is set forth fully in an earlier submission, *see* ECF No. 5468, and therefore not repeated in detail here, Defendants respectfully submit that both sets of motions should also be denied pursuant to the mandate rule, save as to the movants from Massachusetts, Missouri, and New Hampshire.

**A.      The ORS Movants Cannot Satisfy the Requirements for Intervention**

        **1.      The ORS Movants cannot establish that their motion is timely**

                **a.      Intervention should be denied due to the ORS Movants' lengthy, unexplained, prejudicial delay in seeking intervention**

A timely motion is a threshold requirement for mandatory and permissive intervention. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302, 1308 (9th Cir. 1997); *see also* Fed. R. Civ. P. 24 (requiring intervention to be sought "on timely motion"). Therefore, an untimely motion must be denied, even if the other requirements for intervention are satisfied. *See League of United Latin Am. Citizens*, 131 F.3d at 1302, 1308.

The ORS Movants' motion is unquestionably untimely. They request intervention to assert state-law damages claims that IPP counsel omitted from prior consolidated amended complaints.[5] But the last such complaint was filed ***nine years ago***, in December 2010. Strikingly,

---

[5]      State-law damages claims have not been asserted on behalf of indirect purchasers in New Hampshire, Missouri, Oregon, South Carolina, and Utah at any time since the First Consolidated Amended Complaint was filed in March 2009. *See supra* at 3-4. State-law damages claims have

co-lead counsel for both the ORS and NRS signed each of those four consolidated amended complaints.[6] For almost the entirety of a decade, it has therefore been clear to the ORS Movants and their counsel that lead counsel was not prosecuting state-law damages claims on their behalf. *See supra* at 3-5; Hr'g Tr. dated Apr. 9, 2019 at 32:5-6, ECF No. 5444 (ORS co-lead counsel stating that "I have an appearance in this case. I've been in it from the beginning.").

Timeliness is evaluated by reference to three factors: (1) the length of and reason for the delay, (2) the stage of the proceeding, and (3) the prejudice to other parties. *See League of United Latin Am. Citizens*, 131 F.3d at 1302, 1308. The timeliness requirement is applied "more strictly" against those who—like the ORS Movants—seek permissive intervention. *See id.* at 1308. Here, these factors require denial of intervention.

*First*, the ORS Movants' decade-long delay in seeking intervention "weighs heavily against intervention." *Id.* at 1302 (citation and quotation marks omitted). "[T]he timeliness clock begins ticking from the time a proposed intervenor *should have been aware* its interests would no longer be protected adequately by the parties." *Id.* at 1307 (citations, quotation marks, and brackets omitted; emphasis added). Therefore, an intervenor "must act as soon as he knows *or has reason to know* that his interests might be adversely affected by the outcome of the litigation." *Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1120 (9th Cir. 2002) (emphasis and brackets in original; citation and quotation marks omitted). Class members who disagree with lead counsel's choice of claims or its selection of

---

not been asserted on behalf of indirect purchasers in Rhode Island since the Second Consolidated Amended Complaint was filed in May 2010. *See supra* at 4. And state-law damages claims have not been asserted on behalf of indirect purchasers in Arkansas, Massachusetts, and Montana since the Third Consolidated Amended Complaint was filed in December 2010. *See supra* at 4-5.

[6]     *See* ECF Nos. 437 (First Amended Consolidated Complaint) at 93, 96-97; 716 (Second Amended Consolidated Complaint) at 99, 102-103; 827 (Third Amended Consolidated Complaint) at 95, 99-100; 1526 (Fourth Amended Consolidated Complaint) at 96, 101.

7

class representatives must therefore move to intervene right away. *See Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015); *SurvJustice Inc. v. DeVos*, No. 18-cv-00535-JSC, 2019 WL 1427447, at *4 (N.D. Cal. Mar. 29, 2019) (Corley, M.J.).[7] Class members cannot delay intervening "in the hopes" that lead counsel will later decide to assert additional claims. *SurvJustice Inc.*, 2019 WL 1427447, at *4. Nor can they do exactly what the ORS Movants have done here—sit on the sidelines for years, and move to intervene following a settlement that is not to their liking. *Allen*, 787 F.3d at 1222.[8]

*Second*, the stage-of-proceedings factor "weighs heavily" against intervention when—as here—"the district court and the original parties ha[ve] covered a lot of legal ground together," and "the district court has substantively—and substantially—engaged the issues" in the case. *League of United Latin Am. Citizens*, 131 F.3d at 1303; *see also Smith v. Marsh,* 194 F.3d 1045, 1051 (9th Cir. 1999) ("substantial engagement by the district court with the issues in a case weighs heavily against intervention as of right") (citation and quotation marks omitted). Almost four years ago, this Court aptly noted that this proceeding was already at an "extremely late stage." ECF No. 4377 at 2. Indeed, this MDL proceeding has been pending for more than twelve years, and has generated more than 5,500 docket entries. Discovery yielded more than 1.8 million documents. ECF No. 4071-1 at ¶ 37. The parties took more than one hundred depositions

---

[7]    Class members must move to intervene as soon as they are on notice that the existing representatives may not be adequate. *See Lindblom v. Santander Consumer USA, Inc*, No. 1:15-cv-00990-BAM, 2018 WL 3219381, at *7 (E.D. Cal. June 29, 2018), *aff'd*, 771 F. App'x 454 (9th Cir. 2019); *Lee v. Pep Boys-Manny Moe & Jack of Cal.*, No. 12-cv-05064-JSC, 2016 WL 324015, at *7 (N.D. Cal. Jan. 27, 2016) (Corley, M.J.).

[8]    *See also United States v. Alisal Water Corp.*, 370 F.3d 915, 923-24 (9th Cir. 2004) ("An applicant's desire to save costs by waiting to intervene until a late stage in litigation is not a valid justification for delay. To hold otherwise would encourage interested parties to impede litigation by waiting to intervene until the final stages of a case."); *Orange Cty. v. Air Cal.*, 799 F.2d 535, 538 (9th Cir. 1986) (intervenor cannot wait to intervene until there is a settlement that is "not entirely to its liking").

8

of fact witnesses and thirty-five depositions of seventeen expert witnesses, and filed more than twenty motions to compel and sixty motions *in limine*. ECF Nos. 4071-1 at ¶¶ 44, 51, 60, 91-92, 4071-3, 4071-10. Two federal district judges and four special masters have entered more than six hundred IPP-specific orders, including rulings on twenty motions to dismiss, over twenty motions for summary judgment, and a complex motion for class certification.[9]

Under these circumstances, the ORS Movants' position that the merits of this matter have not been "heavily litigated," ECF No. 5611 at 8:1-11, should not be taken seriously. Given the sheer scale and breadth of this particular litigation, the ORS Movants' reliance on the rule that the passage of time *by itself* does not make an intervention motion untimely, *see* ORS Mem. at 5, is misplaced. Nor are they assisted by cases where intervention was allowed after little substantive litigation had occurred.[10] Courts in this circuit have often denied intervention on timeliness grounds after much less extensive litigation than has taken place here.[11] These intervention denials apply all the more so here.

---

[9]     *See* ECF Nos. 597, 665, 768, 799, 1451, 1483, 2434, 2435, 2436, 2438, 2611 (reports and recommendations and orders on motions to dismiss); ECF Nos. 1221, 1470, 4582, 4596, 4742, 4786, 4910, 4937, 5105, 5111 (reports and recommendations and orders on motions for summary judgment); ECF Nos. 1742, 1950; (report and recommendations and order on motion for class certification); ECF No. 4071-1 ¶¶ 66-72 (describing the complexity of the motion for class certification).

[10]     *See, e.g., Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 325 (3d Cir. 1995) (cited in ORS Mem. at 6) (intervention not untimely as "there were no depositions taken, dispositive motions filed, or decrees entered during the four year period in question"); *Nat. Res. Def. Council v. McCarthy*, No. 16-cv-02184-JST, 2016 WL 6520170, at *3 (N.D. Cal. Nov. 3, 2016) (cited in ORS Mem. at 4) (unopposed intervention motion filed "only a few months after the Complaint, before Defendants have filed their answer, and before any substantive orders have been issued"); *L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*, No. 15-cv-01257-JST, 2015 WL 5071949, at *2 (N.D. Cal. Aug. 27, 2015) (cited in ORS Mem. at 10) (intervention motion timely "filed three months after the complaint and before discovery had commenced").

[11]     *See, e.g., Allen v. Bedolla*, 787 F.3d 1218, 1220, 1222 (9th Cir. 2015) (intervention untimely when sought four years after the litigation began, after the court had ruled on class-certification and summary-judgment motions and the parties had negotiated a settlement);

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

*Finally*, Defendants would be prejudiced by allowing *twenty-eight* new class representatives to intervene at this stage. The addition of claims under the laws of nine additional states will inject new legal issues that have not previously been litigated, including the viability of state-law claims that have not been previously asserted in this proceeding. *See Lee v. Pep Boys-Manny Moe & Jack of Cal.*, No. 12-cv-05064-JSC, 2016 WL 324015, at *6-7 (N.D. Cal. Jan. 27, 2016) (Corley, M.J.) (class member denied intervention where her "pleading raises new issues beyond the scope of the claims and defenses raised by Plaintiff, which constitutes prejudice"); *see also SurvJustice Inc.*, 2019 WL 1427447, at *3 (prejudicial to permit intervenor to add legal theories that had not previously been addressed) (citing *Smith*, 194 F.3d at 1051).

Moreover, the delay inherent in admitting so many new parties constitutes significant prejudice, and requires the denial of intervention especially when, as here, the motion is made very late in the case, when "many substantive and procedural issues ha[ve] already been settled." *Smith*, 194 F.3d at 1051 (citing *League of United Latin Am. Citizens*, 131 F.3d at 1304). An intervenor cannot eliminate prejudice by promising not to re-open issues, because "its admission as a party will have the inevitable effect of prolonging the litigation to some degree." *League of United Latin Am. Citizens*, 131 F.3d at 1304. In any event, the ORS Movants are making no such

---

*League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1303-04 (9th Cir. 1997) (delay was "extreme" where litigation had been pending for twenty-seven months, and the court had ruled on motions to dismiss, and motions for class certification and summary judgment, and nine months of discovery had taken place); *Smith v. Marsh*, 194 F.3d 1045, 1050-51 (9th Cir. 1999) (intervention denied where litigation had been pending for fifteen months, and the court had ruled on motions for class certification and summary judgment); *SurvJustice Inc. v. DeVos*, No. 18-cv-00535-JSC, 2019 WL 1427447, at *3 (N.D. Cal. Mar. 29, 2019) (intervention denied after fourteen months of litigation; court had ruled on two motions to dismiss); *Lindblom*, 2018 WL 3219381, at *1 (class members' motion for intervention denied after three years of litigation; court had ruled on class-certification and summary-judgment motions); *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2010 WL 3743532, at *5 (N.D. Cal. Sept. 17, 2010) (class members' motion for intervention denied after two years of litigation, where class-certification briefing was about to begin).

10

promises. Quite the contrary, they expressly seek to re-litigate the rulings that indirect purchasers do not have claims under the laws of Arkansas, Montana, and Rhode Island, ECF No. 597 at 30-31; ECF No. 768 at 3-5, and they have also reserved the right to seek to reopen discovery if they are dissatisfied with lead counsel's work, *see, e.g.,* ORS Mem. at 7; ECF No. 5542 at 8:19-22; ECF No. 5611 at 7:9-16. Further, Defendants would be prejudiced by the need to reopen class-certification discovery, and to repeat the class-certification and summary-judgment stages of this MDL for these late arriving litigants. *See Lindblom v. Santander Consumer USA, Inc*, No. 1:15-cv-00990-BAM, 2018 WL 3219381 at *4 (E.D. Cal. June 29, 2018) (intervention denied because a "do-over" of discovery and class-certification and summary-judgment motions would be prejudicial), *aff'd*, 771 F. App'x 454 (9th Cir. 2019). Under these circumstances, and contrary to the ORS Movants' position, *see* ECF No. 5611 at 7:2-8, the fact that their claims arise from the same conduct that is alleged in the existing consolidated amended complaint in no way lessens the prejudice to Defendants.

If the ORS Movants had timely intervened a decade ago, all of this work would have been folded into the earlier discovery and motion practice. Similarly, Defendants would have had the opportunity to include the ORS Movants in global settlement negotiations, instead of piecemeal discussions. Significant policy interests militate against allowing unnamed class members to lie in wait for years, and then to spring forward with an intervention motion to disrupt a class settlement. *See, e.g., Allen*, 787 F.3d at 1222; *Orange Cty. v. Air Cal.*, 799 F.2d 535, 538 (9th Cir. 1986). All of this significant prejudice, delay and additional expense is directly attributable to the ORS Movants' decade-long delay, and warrants the denial of intervention, particularly when, as here, the litigation has been very protracted and is otherwise "beginning to wind itself down." *League of United Latin Am. Citizens*, 131 F.3d at 1304.

1

2

      **b.**    **There is no basis for the ORS Movants' argument that a recent "change of circumstance" reset the intervention clock**

3

4

     The ORS Movants contend that their intervention is not untimely because they moved

5

promptly to intervene after a "change of circumstances"—the Ninth Circuit's February 2019

6

remand order, followed by this Court's July 2019 order appointing separate counsel for the ORS.

7

*See* ORS Mem. at 5-8. But those dates are irrelevant, and the Court should not countenance the

8

ORS Movants' attempt to circumvent the timeliness requirement by falsely claiming that it was

9

these recent events that first alerted them to the need to intervene. Under the controlling standard

10

of law, the "timeliness clock" began running ***no later than December 2010***, when—under the

11

ORS Movants' own theory—they were aware that their interests "would no longer be protected

12

adequately by the parties." *League of United Latin Am. Citizens*, 131 F.3d at 1307 (citations,

13

quotation marks, and brackets omitted). *Supra* at 6-8.

14

     The baselessness of the ORS Movant's "change in circumstances" argument is betrayed

15

by the very case on which they base it. *See* ORS Mem. at 5. In *Smith v. Los Angeles Unified*

16

*School District*, 830 F.3d 843 (9th Cir. 2016), in a ruling that was expressly "confined to the

17

specific facts of [that] case," *id.* at 856, the Ninth Circuit held that disabled students timely

18

intervened by moving promptly after a "systematic change of circumstances," *id.*— namely, the

19

lead plaintiff's agreement to modify a consent decree in a way that impaired the intervenors'

20

court-ordered access to a free appropriate public education, *see id.* at 846-48, 854-57, 859-60. In

21

other words, *Smith* merely applied the usual rule that an intervention motion must be filed

22

promptly after a nonparty learns that the parties are not protecting its interests.[12] Here, that was

23

no later than December 2010. *Supra* at 7.

24

25

26

[12]    The ORS Movants similarly misplace their reliance, *see* ECF No. 5611 at 3-4, on cases

27

that—like *Smith*—have permitted intervention for the limited purpose of allowing a nonparty to assert its interests under a consent decree, after the intervening party learns that the parties are

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Similarly, and contrary to the ORS Movant's argument, ORS Mem. at 5, the February 2019 remand order was not a "material, recent change in circumstances" either, because it did not "alert[] Intervenors to a previously unknown need to intervene," *Allen v. Labor Ready Sw., Inc.*, No. 09-cv-04266 DPP (AGRx), 2015 WL 5156416, at *3 (C.D. Cal. Sept. 2, 2015). A remand does not reset the intervention clock when, as here, the need to intervene was apparent before the appellate proceedings began. *See Yakima Valley Mem'l Hosp. v. Wash. State Dep't of Health,* No. 09-cv-3032-EFS, 2011 WL 13186149, at *2 (E.D. Wash. Dec. 20, 2011). And a remand issued in a settlement-approval appeal, in particular, cannot reset the intervention clock, given that a class member is not permitted to evaluate a proposed settlement before intervening to assert claims that lead counsel has not prosecuted. *Supra* at 8.

Nor is there any basis to measure the timeliness of this motion from the July 2019 counsel-appointment order, *see* ORS Mem. at 5, because that order did not alert the ORS Movants that IPP counsel were not asserting their state-law damages claims. Moreover, contrary to the assertions of the ORS Movants, *see* ECF No. 5611 at 2-3, 8, Defendants have consistently made clear their opposition to intervention, *see, e.g.*, ECF No. 5542 at 1; ECF No. 5484 at 13:17-14:7, and have never conceded that intervention would be appropriate following the appointment of separate counsel and the identification of proposed representatives for the ORS.[13]

---

about to take some action that will affect those interests. *See United States v. Oregon,* 745 F.2d 550, 551-52 (9th Cir. 1984); *United States v. City & Cty. of Honolulu*, No. 94-00765 DAEKSC, 2007 WL 1549475, at *1 (D. Haw. May 24, 2007).

[13]     There is also no basis for ORS Movants' assertion that Defendants agreed to the appointment of separate counsel for the ORS. *See* ORS Mem. at 1; ECF No. 5611 at 2-3. Ahead of an April 2019 case management conference, Defendants stated only that, "[i]f necessary," the Court could appoint separate counsel for indirect purchasers in Massachusetts, Missouri, and New Hampshire *for settlement purposes*, specifically, in the context of IPP counsel's proposal to modify the plan of allocation to permit claims from those states. *See* ECF No. 5416 at 12-13. After the Court announced at the April 2019 conference that it would appoint separate counsel

13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Finally, the ORS Movants are incorrect that the intervention clock was reset in September 2019 by the amended settlements presented to the Court. *See* ECF No. 5611 at 1-2. The ORS Movants do not contend that those amended settlements first alerted them that IPP counsel was not pursuing their state-law damages claims. And there is no basis for the ORS Movants' convoluted argument that the September 2019 amended settlements alerted them that IPP counsel was not asserting the federal claims that permit their state-law damages claims to relate back for statute-of-limitations purposes. *See* ECF No. 5611 at 1-2. That IPP counsel and the existing plaintiffs were not pursuing the federal claims was clear by, at the latest, October 2012, when lead counsel—in a motion signed by co-lead counsel for the ORS[14]—elected not to seek certification of a nationwide federal-law litigation class. *See infra* at 27-28. And in any event, the pendency of the federal-law, injunctive-relief claims does not permit the ORS Movants' state-law damages claims to relate back for statute-of-limitations purposes. *Infra* at 18-20.

### 2. This motion should be denied for the additional reason that intervention is unnecessary to protect the ORS Movants' interests

Even if the ORS Movants' motion were timely, intervention should still be denied for the additional reason that it does nothing to further protect their interests, because they have no cognizable interest in the IPP claims or amended settlements. A movant for mandatory intervention must show that intervention is required to prevent an impairment of some significant, protectable interest. *See, e.g., United States v. Alisal Water Corp.,* 370 F.3d 915, 919 (9th Cir. 2004) (citing *United States v. City of Los Angeles,* 288 F.3d 391, 398 (9th Cir. 2002)). Similarly, the "nature and extent of the intervenors' interest" is relevant to the propriety of permissive intervention. *Spangler v. Pasadena City Bd. of Ed.,* 552 F.2d 1326, 1329-30 (9th Cir.

---

for those three ORS, *see* ECF No. 5444 at 4, Defendants opposed the appointment of counsel for the other six ORS, *see* ECF No. 5468.

[14]      *See* ECF No. 1388 at 10, 14.

DEFENDANTS' RESPONSE TO ORS MOTION TO INTERVENE AND          CASE NO.: 4:07-CV-05944-JST
FILE SEVERED COMPLAINT; NRS MOTION TO INTERVENE

1977). The impairment requirement is not satisfied when the proposed intervenor has "other means" to protect its interests. *Alisal Water Corp.,* 370 F.3d at 921. Therefore, courts have repeatedly denied mandatory and permissive intervention where—as here—the proposed intervenors are free to assert their claims (to the extent they have any) in a separate lawsuit.[15] Contrary to the ORS Movants' argument, *see* ORS Mem. at 9, the fact that the *prior* settlements would have released the ORS Movants' claims is of no moment. Amended settlements have recently been presented to the Court that do not release those claims and thus do not impair any of the ORS Movants' purported interests.[16] *See* ECF No. 5587. To the extent ORS Movants have any claims, they are free to attempt to assert them in a separate lawsuit.

The ORS Movants also suggest, without any support, that intervention is necessary to safeguard their relation-back argument. *See* ORS Mem. at 9. But the ORS Movants have no viable relation-back argument, even if they are permitted to intervene. As no cognizable interest will be impaired, intervention should be denied. *See Alisal Water Corp.,* 370 F.3d at 920-21; *Spangler,* 552 F.2d at 1330.[17]

---

[15]    *See SurvJustice Inc.,* No. 2019 WL 1427447, at *6-7 (denying mandatory and permissive intervention because the proposed intervenors could assert their claims in another lawsuit); *Lindblom,* 2018 WL 3219381, at *6 (same); *Lee,* 2016 WL 324015, at *3 (same); *L.A. Taxi Coop., Inc.,* 2015 WL 5071949, at *5 (denying permissive intervention for the same reason). *See also In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.,* 894 F.3d 1030, 1043 n.23 (9th Cir. 2018) (noting in dicta that intervenor's ability to maintain a separate lawsuit "would seem to defeat any argument that adjudication of the government's enforcement action without his participation will impair his interests"); *United States v. City of Los Angeles,* 288 F.3d 391, 402 (9th Cir. 2002) (noting in dicta that it was "doubtful" that the intervenors' interests would be impaired where "[t]he litigation does not prevent any individual from initiating suit" to enjoin defendants' conduct).

[16]    Contrary to the ORS Movants' contention, *see* ECF No. 5611 at 8:18-20, there is no inconsistency in Defendants' argument: the ORS Movants' state-law damages claims are not released by the amended settlements, but those claims are still not viable for several other reasons, including that they are time-barred.

[17]    The fact that *American Pipe* tolling does not toll class claims, *see infra* at 26, also does not support permissive or mandatory intervention. *See Lindblom v. Santander Consumer USA,*

15

1
2
3
4
5
6
7

*First*, the ORS Movants have no viable relation-back argument because they cannot file an amended complaint.[18] The ORS Movants have correctly acknowledged that their relation-back argument fails unless they are allowed to amend the existing consolidated amended complaint. *See* ECF No. 5611 at 9:5-11. For the reasons identified by the Court, *see* ECF No. 5628, and by Defendants, *see* ECF No. 5592 at 16-18; *infra* at 24-25, the ORS Movants cannot amend the consolidated amended complaint.

8
9
10
11
12
13
14
15
16
17
18

*Second*, the ORS Movants from Missouri, Montana, New Hampshire, Oregon, South Carolina, and Utah cannot satisfy the identity-of-interests requirement for relation back, because no named plaintiff has ever appeared for those states. Relation back is unavailable with respect to claims that no prior class representative had standing to assert. *See Francisco v. Emeritus Corp.*, No. 17-cv-2871-VAP (SSx), 2018 WL 6070942 at *3 (C.D. Cal. Jan. 10, 2018); *Palmer v. Stassinos,* 236 F.R.D. 460, 466 (N.D. Cal. May 18, 2006); *Howard v. Hui*, No. C 92-3742-CRB, 2001 WL 1159780, at *7 (N.D. Cal. Sept. 24, 2001). Under the law of this Circuit—including the law of this case—named plaintiffs lack Article III standing to assert state-law claims on behalf of purchasers in other states. *See Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 908-09 (N.D. Cal. 2019); *see also* ECF No. 768 at 6 (dismissing Montana-law claims due to the lack of

19
20
21
22
23

*Inc*, 771 F. App'x 454, 455 (9th Cir. 2019) ("*American Pipe* and *China Agritech* are irrelevant to Movants' claims that the district court abused its discretion in denying their motions for permissive intervention"); *Lee*, 2016 WL 324015, at *4 (inapplicability of *American Pipe* tolling to class claims not relevant to mandatory-intervention analysis).

24
25
26
27

[18]    Under certain strictly limited circumstances, an amended complaint "relates back" to an earlier complaint for statute-of-limitations purposes. *See, e.g., Besig v. Dolphin Boating & Swimming Club*, 683 F.2d 1271, 1278 (9th Cir. 1982). There are three prerequisites for relation back: (1) the earlier complaint gave the defendant fair notice of the claims of the new plaintiff; (2) there is no prejudice to the defendants; and (3) there is an identity of interest between the original and newly proposed plaintiff. *See id.*

16

any Montana class representative).[19] Therefore, the ORS Movants from Missouri, Montana, New Hampshire, Oregon, South Carolina, and Utah have no identity of interests with the existing class representatives, so their claims cannot relate back. *See Francisco,* 2018 WL 6070942 at *3; *Palmer*, 236 F.R.D. at 466; *Howard*, 2001 WL 1159780 at *7.

The ORS Movants are not assisted by their argument, *see* ECF No. 5611 at 12:14-19, that the existing class representative had standing to assert federal-law, equitable-relief claims on behalf of the ORS. "Article III requires 'a plaintiff [to] demonstrate standing for each claim he seeks to press and for each form of relief that is sought.'" *Oregon Prescription Drug Monitoring Program v. U.S. Drug Enf't Admin.*, 860 F.3d 1228, 1233 (9th Cir. 2017) (brackets in original) (quoting *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008)). For the same reason, the ORS Movants misplace their reliance, *see* ECF No. 5611 at 13-14, on cases holding that, when all class members have the same *legal* claim, Article III does not require that the injury suffered by the class arise from identical *factual* circumstances as the class representative's injury. *See Kirola v. City & Cty. of San Francisco*, 860 F.3d 1164 (9th Cir. 2017); *Melendres v. Arpaio*, 784 F.3d 1254 (9th Cir. 2015).[20]

As the courts held in *Jones*, 400 F. Supp. 3d 897, and in *In re Packaged Seafood Prod. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1095 (S.D. Cal. 2017), the holding in *Melendres* (since

---

[19]     *See also In re Packaged Seafood Prod. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1095 (S.D. Cal. 2017) ("The overwhelming majority of courts have held that Article III standing for state law claims is necessarily lacking when no plaintiff is alleged to have purchased a product within the relevant state.").

[20]     In *Kirola v. City & County of San Francisco*, a class representative had standing to seek injunctive relief compelling compliance with the Americans with Disabilities Act at *all* city facilities, not just the facilities the class representative had personally visited. *See* 860 F.3d 1164, 1176 (9th Cir. 2017). Similarly, in *Melendres v. Arpaio*, a class representative's standing to seek injunctive relief enjoining the unconstitutional detention of Latinos was not limited to enjoining the specific form of detention the class representative experienced. *See* 784 F.3d 1254, 1261-63 (9th Cir. 2015).

applied in *Kirola*) does not give class representatives Article III standing to bring "claims under the laws of multiple states where they did not reside and where they were not injured." *Jones*, 400 F. Supp. 3d at 909; *see also In re Packaged Seafood Prod. Antitrust Litig.*, 242 F. Supp. 3d at 1095-96. That is because Article III does not permit a class representative to assert a legal claim that he does not himself possess. *See id.* at 1095 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)); *see also Jones*, 400 F. Supp. 3d at 909-10.

    *Third*, none of the ORS Movants can satisfy the fair-notice requirement for relation back. Where—as here—"a new plaintiff with a new claim is sought to be added," there is no relation back unless the earlier pleading afforded the defendant "'fair notice that a legal claim existed in and was in effect being asserted by, the party belatedly brought in.'" *Howard*, 2001 WL 1159780, at *6 (quoting *Leachman v. Beech Aircraft Corp.*, 694 F.2d 1301, 1308-09 (D.C. Cir. 1982)). As the Ninth Circuit has held, when a new plaintiff brings new claims, "notice to the opposing party of *the existence and involvement of the new plaintiff*" is "the critical element" in determining whether an amendment relates back to an earlier pleading. *Avila v. I.N.S.,* 731 F.2d 616, 620 (9th Cir. 1984) (emphasis added) (citing, *inter alia*, *Leachman,* 694 F.2d at 1308-10).[21]

    This "more stringent" standard applies when—as here—new plaintiffs assert new claims. *Martell v. Trilogy Ltd.*, 872 F.2d 322, 324 (9th Cir. 1989). The Ninth Circuit "unfalteringly has differentiated between pleadings attempting to amend the claims from those seeking to amend the parties." *Id.* The ORS Movants thus wrongly rely upon the *less* stringent standard, *see* ECF No. 5611 at 10-12, which applies when there is no change to the parties, in which case relation

---

[21]    *See also Besig*, 683 F.2d at 1278 ("Notice from a previous complaint seldom is adequate when substituting plaintiffs, unless the change merely brings in the real party in interest or accomplishes some similar technical result."). The ORS Movants misplace their reliance on *Raynor Brothers. v. American Cyanimid Co.*, 695 F.2d 382 (9th Cir. 1982), in which relation back was permitted because the only change was a formal one—to name the correct member of a corporate group as the plaintiff. *See id.* at 383-84.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

back applies as long as the new claims are "transactionally related" to the original claims. *Martell*, 872 F.2d at 324.[22] But under the "more stringent" standard *applicable here*, *id.,* relation back is unavailable when new plaintiffs bring new claims, even if those claims arise from the same events as an earlier pleading, *see Leachman*, 694 F.2d at 1309.[23]

Contrary to their argument, *see* ECF No. 5611 at 11-12, the ORS Movants' membership of the putative nationwide federal-law, injunctive-relief class did not notify defendants that they would seek to assert state-law damages claims ***almost ten years later***. *See Howard*, 2001 WL 1159780 at *7 ("Although Anderson was a member of the class when the original complaint was filed, he asserts an entirely new claim that [the original class representative] did not and could not bring due to lack of standing."). As they are *new* plaintiffs seeking to assert *new* claims, the ORS Movants also are not assisted by cases in which relation back was permitted to allow a new class representative to assert the *same* legal claim as the prior representative.[24] Unlike those

---

[22]      *See also ASARCO, LLC v. Union Pac. R.R. Co*., 765 F.3d 999, 1003, 1006-07 (9th Cir. 2014) (plaintiff's amendment expanded claims against the existing defendant); *Percy v. San Francisco Gen. Hosp*., 841 F.2d 975, 978 (9th Cir. 1988) ("[I]n the case before us, the plaintiff Percy seeks only to add a new claim against the same defendant named in the original pleading."); *King v. Bank of Am., N.A*., No. C15-1014-TSZ, 2015 WL 12930129, at *4 (W.D. Wash. Dec. 28, 2015) ("Plaintiff merely alleges an alternative theory of recovery for the same transaction . . . .").

[23]      As the *Leachman* court observed, a more generous relation-back standard would impermissibly allow plaintiffs to "join pending actions long after the statute of limitations had lapsed." *Leachman v. Beech Aircraft Corp*., 694 F.2d 1301, 1309 (D.C. Cir. 1982). Even though the defendant in *Leachman* suffered no "specific prejudice in the sense of lost or destroyed evidence," relation back was properly denied because otherwise "defendants would still be deprived of their interest in repose. At some point, defendants should have notice of who their adversaries are." *Id.*

[24]      In some of those cases the *only* change was to elevate a class member to be a class representative. *See Immigrant Assistance Project of L.A. Cty. Fed'n of Labor* (*AFL-CIO*) *v. I.N.S*., 306 F.3d 842, 857-58 (9th Cir. 2002); *Baranco v. Ford Motor Co*., No. 17-cv-03580-EMC, 2018 WL 5474549, at *3-4 (N.D. Cal. Oct. 26, 2018); *Allen v. Similasan Corp*., 96 F. Supp. 3d 1063, 1069 (S.D. Cal. 2015); *True Health Chiropractic Inc. v. McKesson Corp*., No. 13-cv-02219-JST, 2014 WL 2860318, at *1-2 (N.D. Cal. June 23, 2014). In others, the class was merely being expanded to include additional groups of employees, all asserting the same legal

1

2

3

4

5

6

7

8

9

cases, the fair-notice requirement is not satisfied when a class member seeks to assert a *new* claim, *see Howard*, 2001 WL 1159780, at *7, especially when—as here—Defendants—like the ORS Movants—have understood that *no* representative was asserting state-law damages claims on behalf of purchasers in the nine ORS. It is thus unavailing for the ORS Movants to rely on an out-of-circuit case in which lead counsel provided timely notice that it would seek to add new class representatives to assert new state-law claims, such that the parties were "unofficially" litigating those claims even before the motion to amend was filed. *See Zorrilla v. Carlson Rest. Inc.*, 255 F. Supp. 3d 465, 478 (S.D.N.Y. 2017).

10

11

### B.    The ORS Movants Should Not Be Permitted to File Their Proposed "Severed" Complaint

12

13

14

15

16

17

18

Defendants previously showed that, even if the ORS Movants were permitted to intervene, the Court should deny them leave to file an amended complaint on grounds of undue delay, prejudice, and futility. ECF No. 5592 at 16-19. The Court did not reach those arguments, instead denying leave to amend on the ground that "even if their motion to intervene could be granted," the ORS Movants' "motion to amend the existing IPP complaint would fail" because they cannot "amend someone else's complaint." ECF No, 5628 at 3.

19

20

21

22

23

The ORS Movants respond by seeking permission to file what they label a "severed" complaint. ECF No. 5645 (Notice of Motion); ORS Mem. at 12-20; ECF No. 5645-1 (Proposed "Other Repealer State (ORS) Indirect Purchaser Plaintiffs' Class Action Complaint"). But the ORS Movants cannot circumvent the Court's ruling by applying a different, inapposite label to

24

25

26

27

claim as the original representatives. *See Willner v. Manpower Inc.,* No. 11-cv-02846-JST, 2014 WL 2939732, at *5 (N.D. Cal. June 30, 2014); *Castle v. Wells Fargo Fin., Inc.,* No. C 06-4347 SI, 2008 WL 2079192, at *1 (N.D. Cal. May 15, 2008). In the final case, the new class representatives were asserting a claim that the prior representatives had also asserted, but that had been dismissed as to the prior representatives on statute-of-limitations grounds. *See Moreyra v. Fresenius Med. Care Holdings, Inc.,* No. SACV1000517JVSRZX, 2012 WL 13014985, at *8-101 (C.D. Cal. Mar. 7, 2012).

20

their proposed pleading. Notably, their request to "sever" the complaint is based upon Federal Rule of Civil Procedure 15(a)(2) (which addresses amended complaints), not Federal Rule Civil Procedure 21 (which addresses severed complaints). ORS Mem. at 12. In fact, the argument in the ORS Movants' present motion is identical to their prior, denied motion to amend, including all of their cases, none of which even mentions severance. *Compare* ORS Mem. at 12-20 *with* ECF No. 5567 at 12-19.

Further, simultaneously asking to intervene and sever a matter is nonsensical. Intervention may be appropriate if a party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Severance may be appropriate when the right to relief asserted "does not arise out of or relate to the same transaction or occurrence" or there is no "question of law or fact common to all parties." Fed. R. Civ. P. 20 and 21. *See also, e.g. Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). It is therefore illogical and inconsistent for the ORS Movants to move to intervene under Rule 24, which allows intervention when a party shares a common question of law and fact with an existing action, and simultaneously move for permission to file a severed complaint, which allows a separate lawsuit when distinct claims are improperly joined together.

1.   **The ORS Movants' proposed pleading is not a "severed" complaint, but rather a new complaint that cannot be filed in this MDL proceeding**

The ORS Movants' motion for permission to file a "severed" complaint should be denied, because their proposed pleading, ECF No. 5645-1, is not a severed complaint. An order of severance divides up an *existing* case by directing the *existing* plaintiffs to file new complaints that split out misjoined claims or misjoined parties. *See* Fed. R. Civ. P. 21; *see, e.g., Hernandez v. City of San Jose*, No. 16-cv-03957-LHK, 2017 WL 2081236 at *6-12 (N.D. Cal. May 15, 2017). In contrast, the ORS Movants' proposed "severed" complaint asserts claims that are not

presently asserted in this proceeding on behalf of persons who are not plaintiffs.[25] Severance is therefore inapplicable and unavailable.

As Lewis more candidly concedes, *infra* at 27, what the ORS Movants are seeking to file is—like Lewis—a separate, new complaint. But this Court lacks authority to permit any of the movants to file a complaint asserting new claims in this MDL proceeding. The subject-matter jurisdiction of an MDL court is limited to claims that have been filed in or removed to federal court and transferred to the MDL court pursuant to 28 U.S.C. § 1407 and the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. *See In re Mortg. Elec. Registration Sys.* (*Mers*) *Litig.*, No. MD-09-02119-PHX-JAT, 2016 WL 3931820, at *5-7 (D. Ariz. July 21, 2016);[26] *see also In re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litig.*, No. MDL 33-1439, 2008 WL 4763029, at *5 (D. Or. Oct. 28, 2008) (MDL court has "no authority" "to exercise subject matter jurisdiction over state law claims not transferred by the MDL Panel"). As the Supreme Court recently put it, § 1407 does not create a "monolithic multidistrict 'action.'" *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 904 (2015) (citing *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 37 (1998)). It merely authorizes individual actions to be transferred to a single MDL court for pre-trial proceedings, and requires that they be transferred back to their home courts when the pre-trial proceedings are complete. *See id.*

---

[25]    *See Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011) (unnamed class members are not parties).

[26]    A plaintiff that seeks to join an ongoing MDL proceeding may file a case in any federal district and then request that the Judicial Panel on Multidistrict Litigation transfer it to the MDL court. Alternatively, the plaintiff may file a case in the district where the MDL proceeding is pending and ask the district court to transfer it into the MDL proceeding. *See In re Mortg. Elec. Registration Sys. (MERS) Litig.*, No. MD-09-02119-PHX-JAT, 2016 WL 3931820, at *5-7 (D. Ariz. July 21, 2016); *see also* J.P.M.L. R. 7.2(a); N.D. Cal. L.R. 3-12(b) (party must file an administrative motion to consider whether cases should be related). Either way, the plaintiff must first file a new case, and cannot simply file a complaint in the MDL proceeding.

22

1

2

3

4

5

6

7

8

Therefore, the statutory language does not permit this Court to "assimilate" the ORS Movants into this MDL proceeding. *In re Packaged Ice Antitrust Litig.*, No. 08-MDL-1952, 2011 WL 6178891, at *8 (E.D. Mich. Dec. 12, 2011).[27] And there is a practical impediment to the relief the ORS Movants are seeking: if claims are asserted for the first time in an MDL proceeding, they have no "home federal court" to which they can be remanded at the conclusion of pre-trial proceedings. *In re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litig.*, 2008 WL 4763029, at *3 (citing *Lexecon Inc.,* 523 U.S. at 35).[28]

9

10

    **2.    Even if the ORS Movants could file a "severed" complaint asserting their federal claims, they cannot amend such a complaint to assert their state-law damages claims**

11

12

13

14

15

16

17

Even if it were possible for the ORS Movants to file a severed complaint asserting only the *federal* claims that are already asserted on their behalf in the consolidated amended complaint (which it is not, as there is no existing plaintiff from any of the ORS), the ORS Movants would still need to seek permission to amend that severed complaint to assert their new state-law damages claims, which are not presently asserted on their behalf in the consolidated amended complaint. Leave to amend should be denied.

18

19

20

21

22

[27]    *See also In re FCA US LLC Monostable Elec. Gearshift Litig.*, No. 16-MD-02744, 2017 WL 6402992, at *1 (E.D. Mich. Mar. 21, 2017) (an MDL proceeding is not "an environment that can spawn fresh actions by new plaintiffs"), *reconsideration denied*, No. 16-MD-02744, 2017 WL 6402991 (E.D. Mich. Mar. 23, 2017).

23

24

25

26

27

[28]    *See also In re Mortg. Elec. Registration Sys. (Mers) Litig.*, No. MD-09-02119-PHX-JAT, 2016 WL 3931820, at *10 (D. Ariz. July 21, 2016) ("This Court has no 'home court' to remand Debaggis's action to at the conclusion of pretrial proceedings because Debaggis's claim was never filed in any court nor transferred to this Court by the Judicial Panel or by Local Rule."). In *In re Webkinz Antitrust Litigation*, No. M 08-01987 JSW, 2009 WL 3634162, at *2 (N.D. Cal. Oct. 30, 2009), the court permitted new plaintiffs to assert new claims in an MDL proceeding, but failed to consider either the statutory limitations on the jurisdiction of an MDL court or the practical implications of the ruling in *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26 (1998).

23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

As Defendants have already shown, any motion for leave to amend to assert the ORS Movants' state-law damages claims should be denied on the grounds of undue delay, prejudice, and futility. *See* ECF No. 5592 at 16-19. Any such motion to amend would be grossly untimely, and granting leave to amend would be unprecedented in circumstances where the ORS Movants have sat on their rights for over a decade. *See AmerisourceBergen Corp. v. Dialysist W.*, *Inc.*, 465 F.3d 946, 953 (9th Cir. 2006); *see also* ECF No. 5592 at 16:4-14. That delay is prejudicial here because of the additional costs that would result from reopening motion practice and discovery at this stage to accommodate the tardy assertion of the ORS Movants' state-law damages claims. *See AmerisourceBergen Corp.*, 465 F.3d at 953-54 (leave to amend properly denied in light of "potentially high, additional litigation costs" that would result from tardy amendment).[29] Further, as Defendants have shown, *see* ECF No. 5592 at 16:15-17:3, leave to amend should be denied on prejudice grounds when—as here—a plaintiff seeks belatedly to expand the relief sought by adding a request for damages to a claim that previously sought only equitable relief. *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991); *see also In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716 (9th Cir. 2013) (denying leave to add request for treble damages to a lawsuit that previously sought only a refund).[30]

Finally, leave to amend should be denied on futility grounds because the ORS Movants' state-law damages claims are time-barred. *See* ECF No. 5592, at 17:4-19:8.[31] Defendants have

---

[29]    *See also Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint.").

[30]    *See also Corns v. Laborers Int'l Union of N. Am.*, No. 09-cv-4403 YGR, 2014 WL 1319363, at *5 (N.D. Cal. Mar. 31, 2014) (denying leave to amend, holding that permitting plaintiffs to "belatedly seek not only equitable relief but money damages, would be prejudicial to Defendants").

[31]    *See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008) (amendment properly denied on futility grounds when the proposed claims are time-barred). As

24

1

2

3

4

5

shown that the ORS Movants have no viable relation-back argument. *Supra* at 18-20.[32]

Moreover, given how long the allegations underlying this lawsuit have been public knowledge,

including through the complaints filed in this lawsuit, there is no plausible basis for the ORS

Movants to invoke fraudulent concealment. *See* ORS Mem. at 17.[33]

6

7

8

9

10

11

12

13

14

The ORS Movants' unsupported invocation of *American Pipe* tolling, *see* ORS Mem. at

17, is also baseless. Notwithstanding the ORS Movants' unexplained assertion that Defendants

have advocated an "overly narrow" interpretation of *American Pipe*, ECF No. 5611 at 15 n.6,

this Court has already held that *American Pipe* does not salvage the claims from Massachusetts,

Missouri, and New Hampshire. ECF No. 4712 at 24-25. As this Court held, even if the damages

claims of Massachusetts class members against some Defendants were tolled until the dismissal

of the class representative's claims in 2010, the four-year limitation period still expired no later

than 2014. ECF No. 4712 at 24-25.[34] The same analysis applies to the damages claims of

15

16

17

18

19

---

Defendants' have previously explained, *see* ECF No. 5592 at 17, ORS and NRS counsel declined
to stipulate to a procedure that—consistent with the Court's comments at the August 2019 case
management conference, *see* Hr'g Tr. dated Aug. 8, 2019 at 7:25-9:9—would have allowed
Defendants' objections to intervention and amendment, including their futility arguments, to be
addressed at the same time as their Rule 12(b) arguments for dismissal. Defendants were
therefore forced to raise their futility arguments in response to the motions to amend.

20

21

22

[32]   ORS IPPs' claims first brought against TDA in September 2019 are facially untimely,
and there is no earlier-filed claim by any ORS IPP to which the new ORS IPP claims could relate
back. In addition, the Massachusetts claims cannot be asserted against TDA because plaintiffs
did not send TDA the pre-suit demand required by M.G.L. Chap. 93A, Sec. 9. *See* ECF 5645-3
& 5645-4.

23

24

25

[33]   The ORS Movants cannot invoke fraudulent concealment by adding an allegation that
Defendants have "consistently den[ied] the existence of their conspiracy to fix prices of CRT
Products. ECF No. 5645-1, ¶ 280(k). *See, e.g., Grimmett v. Brown*, 75 F.3d 506, 515 (9th Cir.
1996) ("A failure to 'own up' does not constitute active concealment" sufficient to invoke
fraudulent concealment).

26

27

[34]   The vacatur of the 2010 Stipulation that adopted the Special Master's recommendation to
dismiss the Massachusetts claim has no impact on this conclusion as the deadline to object to the
recommendations expired in 2010 and, in any event, the Massachusetts claims have not been

DEFENDANTS' RESPONSE TO ORS MOTION TO INTERVENE AND     CASE NO.: 4:07-CV-05944-JST
FILE SEVERED COMPLAINT; NRS MOTION TO INTERVENE

1   purchasers in Arkansas, Rhode Island, and Montana, which also have not been part of this case

2   since 2010.[35] *Supra* at 4. The Court has also held that *American Pipe* does not save the claims of

3   Missouri and New Hampshire purchasers because those claims were never asserted in this

4   proceeding. ECF No. 4712 at 25.[36] For the same reason, *American Pipe* does not render timely

5   the state-law damages claims of purchasers in Oregon, South Carolina, and Utah that were also

6   never asserted in this action. And these purchasers' membership in the nationwide class asserting

7   federal-law injunctive claims does not toll their unasserted state-law damages claims. *Williams v.*

8   *Boeing Co.*, 517 F.3d 1120, 1135-36 (9th Cir. 2008) (*American Pipe* tolling does not extend to

9   "'different or peripheral claims'" from those actually asserted in the earlier complaint) (quoting

10  *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983) (Powell, J., concurring, joined by

11  Rehnquist & O'Connor, JJ.)). As the ORS Movants concede, *see* ECF No. 5611 at 15 n.6, "the

12  rule announced in *American Pipe* only tolls claims that the named plaintiff in the original class

13  action has standing to pursue." *Becerra v. Gen. Motors LLC*, 241 F. Supp. 3d 1094, 1116 (S.D.

14  Cal. 2017) (citation omitted). In any event, *American Pipe* does not allow movants to bring

15  otherwise untimely *class* claims, given the Supreme Court's recent ruling that *American Pipe*

16  tolls only *individual* claims. *See China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804 (2018).

---

asserted in this case since the Third Consolidated Amended Complaint was filed in December
2010.

[35]   There is no dispute that the Arkansas, Rhode Island, and Montana claims are subject to
limitation periods of five years or less. *See* ECF No. 5484 at 16 n.24.

[36]   *See also In re Cathode Ray Tube (CRT) Antitrust Litig.*, 27 F. Supp. 3d 1015, 1023 (N.D.
Cal. 2014) ("*American Pipe* tolling is inapplicable to state law claims not asserted in previous
actions.").

## II.   NON-REPEALER-STATE MOVANT ELEANOR LEWIS ALSO SHOULD NOT BE PERMITTED TO INTERVENE OR TO FILE A "SEPARATE" COMPLAINT

Lewis seeks to intervene and to file a "separate" complaint on behalf of a class of indirect purchasers in eighteen non-repealer states,[37] asserting a single claim under the Sherman Act and seeking equitable monetary relief in the form of "restitution, including disgorgement of profits." ECF No. 5643 (Notice of Motion); ECF No. 5643-1 (Proposed Class Action Complaint of Non-Repealer State Indirect Purchaser Plaintiff Eleanor Lewis), ¶¶ 225-34 & Prayer for Relief ¶ D.

Lewis's motion for intervention should likewise be denied because it is untimely and prejudicial, and because there is no legitimate reason to allow Lewis to assert claims for relief that are barred by controlling precedent. Moreover, this Court lacks jurisdiction to permit the filing of a "separate" complaint in this MDL proceeding on behalf of someone who—like Lewis—has never filed a lawsuit asserting those claims.

### A.   Lewis Does Not Satisfy the Requirements for Intervention

#### 1.   Lewis's long and prejudicial delay in seeking intervention prevents her from establishing that her motion is timely

Like the ORS Movants, *see supra* at 6-12, Lewis cannot satisfy the threshold timeliness requirement for intervention. The stage-of-the-proceedings and prejudice factors weigh heavily against Lewis just as they do against the ORS Movants. *See supra* at 8-12.[38] And Lewis's lengthy and unexplained delay further weighs heavily against intervention. In October 2012,

---

[37]   Lewis seeks to assert claims on behalf of indirect purchasers in Alabama, Alaska, Colorado, Connecticut, Delaware, Georgia, Idaho, Indiana, Kentucky, Louisiana, Maryland, New Jersey, Ohio, Oklahoma, Pennsylvania, Texas, Virginia, and Wyoming. ECF No. 5643 at 5 ¶ 9; ECF No. 5643-1, ¶ 223. Her counsel recently acknowledged that—as Defendants demonstrated in their opposition to her appointment motion, *see* ECF No. 5468 at 10-11—she should never have sought to represent indirect purchasers in Illinois and Washington, *see* ECF No. 5646.

[38]   Like the ORS Movants, Lewis misplaces her reliance on cases where intervention was timely sought. *See, e.g., Prete v. Bradbury,* 438 F.3d 949, 954 (9th Cir. 2006) (intervention sought "only six days after plaintiffs brought the action").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

pursuant to a court-imposed deadline, ECF No. 1267, lead counsel filed a class-certification motion that sought only certification of twenty-two classes asserting state-law damages claims, ECF No. 1388. The timeliness clock therefore began running against Lewis no later than October 2012, when it was clear that the existing parties were not pursuing Lewis's equitable monetary claims. *See supra* at 7-8.

Lewis offers no plausible explanation for her extended delay. Like the ORS Movants, Lewis would have this Court evaluate her timeliness from the Ninth Circuit's remand order and this Court's order appointing separate counsel. *See* ECF No. 5565 ("NRS Mem.") at 11. But, as Defendants have shown, *supra* at 12-14, that argument is baseless because Lewis knew, or certainly should have known, years earlier that lead counsel was not asserting her equitable monetary claims. The repose prejudice to Defendants from this protracted delay is self-evident.

Lewis contends that the October 2012 class-certification motion did not put her on notice of the need to intervene because lead counsel might have moved at some later stage to certify a class seeking equitable monetary relief under federal law. *See* ECF No. 5613 at 2:7-12. But the Court did not authorize serial class-certification motions. To the contrary, it ordered the filing of a singular "motion" for class certification, leaving no room for future, seriatim certification motions. ECF No. 1267.[39]

Equally meritless is Lewis's argument, *see* ECF No. 5613 at 1-2, that she was not on notice of the October 2012 class-certification motion. Even if that motion were not signed by Lewis's counsel, *see* ECF No. 1388 at 6:10-13, proposed intervenors cannot claim ignorance of PACER filings. *See, e.g., Excelsior Ambulance Serv., Inc. v. United States*, 126 Fed. Cl. 69

---

[39]     Lewis's contention that a further class-certification motion might have been filed at some indeterminate future point also conflicts with the requirement to issue a class-certification order "at an early practicable time." Fed. R. Civ. P. 23(c)(1)(A).

DEFENDANTS' RESPONSE TO ORS MOTION TO INTERVENE AND       CASE NO.: 4:07-CV-05944-JST
FILE SEVERED COMPLAINT; NRS MOTION TO INTERVENE

(2016); *United States v. Bank of Am.*, No. cv-12-361 (RMC), 2014 WL 12780292, at *2 (D.D.C. June 24, 2014).[40] Lewis, in particular, had cause to be monitoring this lawsuit, because she acknowledges receiving a "class notice" prior to October 2012 that told her that this litigation was pending and that it could affect her interests. *See* ECF No. 5613 at 2. Moreover, that same pre-October 2012 notice also informed Lewis that purchasers in the NRS were not receiving monetary compensation under the Chunghwa settlement. *See* ECF No. 1063-1 at 1. Under these circumstances, Lewis cannot plausibly deny that she knew or should have known no later than October 2012 that the existing parties were not prosecuting her federal-law claims seeking equitable monetary relief. *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1307 (9th Cir. 1997) (intervention clock runs when "proposed intervenor should have been aware its interests would no longer be protected adequately by the parties"). Her request for intervention should be denied accordingly.

### 2. Intervention should not be granted to allow Lewis to assert a non-viable federal-law claim for equitable monetary relief

Even if Lewis's motion were timely, it should still be denied because intervention is not necessary to allow her to assert any colorable interest—because she has no such interest. A movant for mandatory intervention must demonstrate that she has (a) a significant protectable interest, *i.e.*, an interest that is "protectable under any statute," that (b) may be practically impaired without intervention, and that (c) may not be adequately represented by the existing parties. *See United States v. Alisal Water Corp.*, 370 F.3d 915, 919, 921 (9th Cir. 2004).

---

[40]    Similarly, *American Pipe* tolling ends when the court rules on a class-certification motion, regardless of whether a class member is actually aware of the ruling. *See Lewis v. City of Chicago*, 702 F.3d 958, 961 (7th Cir. 2012) ("Resumption [of the statute of limitation] is automatic; neither *American Pipe* nor *Crown, Cork & Seal* suggested that it depends on anyone's knowledge that class certification had been denied or the scope of a class limited."); *see also Hall v. Variable Annuity Life Ins. Co*., 727 F.3d 372, 374 (5th Cir. 2013) (court ruling on class certification "serves as notice" that once-putative class members must file suit or intervene).

29

1
2
3
4
5
6
7

Similarly, the extent of the movant's interest is relevant to the propriety of permissive intervention, *Spangler v. Pasadena City Board of Education*, 552 F.2d 1326, 1330 (9th Cir. 1977), and permissive intervention is properly denied when—as here—intervention is not necessary to allow a viable claim to be asserted by an adequate representative, *see James ex rel. James Ambrose Johnson, Jr. 1999 Tr. v. UMG Recordings,* No. C 11-1613 SI, 2011 WL 5192476, at *6 (N.D. Cal. Nov. 1, 2011) (citing *Spangler,* 552 F.2d at 1330).

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

Denying Lewis's motion for intervention will not impair her interests. Nothing prevents her from filing a new lawsuit, *see supra* at 15, and, in any event, there is no colorable argument that Lewis's request for equitable monetary relief is protected by any statute. As the Ninth Circuit has held, *see In re Multidistrict Vehicle Air Pollution*, 538 F.2d 231, 234 (9th Cir. 1976), and as this Court has also recognized, ECF No. 4712 at 17, non-repealer-state purchasers cannot be awarded equitable monetary relief under the Sherman Act. Indeed, this Court has already rejected Lewis's reliance, on the rule set forth in *Porter v. Warner Holding Co*., 328 U.S. 395 (1946), applicable only **outside** the antitrust context, that a court may award disgorgement or restitution ancillary to an injunction. *See* ECF No. 4712 at 17; *see* ECF No. 5613 at 5:5-22.[41] As Lewis correctly concedes, moreover, no federal court has **ever** afforded disgorgement or restitution to a private antitrust indirect purchaser plaintiff. ECF No. 5449 at 6. To the contrary, federal courts have uniformly denied indirect-purchaser claims for equitable monetary relief, correctly concluding that such claims represent "impermissible attempt[s] to circumvent Supreme Court precedent." *In re Pre-Filled Propane Tank Antitrust Litig*., 893 F.3d 1047, 1059

25
26
27

[41]      Lewis also misplaces her reliance, *see* ECF No. 5613 at 5, on *California v. American Stores Co*., 495 U.S. 271 (1990). That case held only that the Clayton Act authorizes orders of divestiture, *see id.* at 275, and offers no support for Lewis's argument that courts may award equitable monetary relief to non-repealer-state purchasers under the federal antitrust laws.

DEFENDANTS' RESPONSE TO ORS MOTION TO INTERVENE AND          CASE NO.: 4:07-CV-05944-JST
FILE SEVERED COMPLAINT; NRS MOTION TO INTERVENE

(8th Cir. 2018).[42] IPP counsel's decision not to prosecute claims that are barred by controlling law cannot possibly represent a failure of adequate representation justifying intervention.[43] *See Prete v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006) (the inadequate-representation requirement is "not without teeth").

### B.  Lewis's Motion for Leave to File a "Separate" Complaint in this MDL Proceeding Should Also Be Denied

Having been denied permission to amend the existing consolidated amended complaint, *see* ECF No. 5626, Lewis now requests permission to file a "separate" complaint in this MDL proceeding, seeking equitable monetary relief under the Sherman Act on behalf of indirect purchasers in eighteen non-repealer states, *see* ECF No. 5643 at 1:9; ECF No. 5643-1 (Proposed Complaint); ECF No. 5643-2 (Proposed Order) at 1:7.

Lewis's request to file a "separate" complaint should be denied. First, Lewis has never filed an action, and there is thus no pending action that can become part of this MDL proceeding

---

[42]      *See also In re Multidistrict Vehicle Air Pollution*, 538 F.2d 231, 234 (9th Cir. 1976) ("[W]hether payments which appellants seek for some of their citizens is "equitable" or not is of no consequence because [Section] 16 does not allow the claimed relief for past loss."); *Coal. for ICANN Transparency Inc. v. VeriSign, Inc.*, 771 F. Supp. 2d 1195, 1202 (N.D. Cal. 2011) ("Disgorgement is a form of retrospective equitable relief. Such relief is unavailable under Section 16.") (citations omitted); *In re New Motor Vehicles Can. Exp. Antitrust Litig.*, 350 F. Supp. 2d 160, 211 (D. Me. 2004) ("Certainly no restitutionary remedy can escape the limitations the United States Supreme Court imposed on federal antitrust recovery in *Illinois Brick*."); *FTC v. Mylan Labs.*, 62 F. Supp. 2d 25, 42 (D.D.C. 1999) ("[Plaintiffs] should not be allowed to circumvent Illinois Brick through a novel interpretation of [Section] 16."); *cf. In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 412 (S.D.N.Y. 2011) ("[I]t is beyond peradventure that indirect purchasers may not employ unjust enrichment to skirt the limitation on recovery imposed by *Illinois Brick*. Moreover, there is no clearly established federal common law of restitution for a federal antitrust violation.") (internal citation omitted).

[43]      The fact that Lewis's counsel was not permitted to represent two clients with conflicting interests at the *settlement* stage, see NRS Mem. at 12-13, does not establish that lead counsel inadequately represented her equitable monetary claims at the *litigation* stage. Lewis offers no basis to doubt that lead counsel was appropriately motivated to press any viable equitable monetary claims, so as to maximize the class recovery and his own fees. *See Prete v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006) (presumption of adequacy arises when the existing parties and the proposed intervenor "have the same ultimate objective") (citations omitted).

31

1    pursuant to 28 U.S.C. § 1407 and the Rules of Procedure of the Judicial Panel on Multidistrict

2    Litigation. *Supra* at 22-23. If Lewis were permitted to assert her claims for the first time in this

3    MDL proceeding, there would be no home court to which her action could be remanded for trial

4    should her claim survive dispositive pre-trial motion practice. *Supra* at 23.

5         Second, even if the Court were to permit Lewis to file her "separate" complaint, the

6    Court should not grant Lewis's request—inserted in her proposed order without any supporting

7    argument or authority—for an order requiring all plaintiffs to file a single consolidated amended

8    complaint "covering all of the claims advanced by the various plaintiffs herein." ECF No. 5643-2

9    at 1:9-11. This is a transparent attempt to circumvent the Court's order that Lewis cannot amend

10   "someone else's complaint." ECF No. 5626 at 3:13-16. Moreover, Defendants have shown that

11   Lewis is not entitled to assert her claim in an amended pleading. *See* ECF No. 5592 at 23. Her

12   motion to amend is prejudicially untimely, and futile to the point of bad faith inasmuch as she

13   seeks relief that is barred by controlling authority for the purpose of asserting trumped-up and

14   illusory settlement leverage. *See id.*; *see also San Diego Comic Convention v. Dan Farr Prods.*,

15   No. 14-cv-1865 AJB (JMA), 2017 WL 3269202, at *4 (S.D. Cal. Aug. 1, 2017).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## CONCLUSION

For all the foregoing reasons, the Court should deny in their entirety the motions to intervene and for leave to file "severed" and "separate" complaints.


Dated: December 12, 2019                    Respectfully submitted,


                                            /s/ *Andrew Rhys Davies*
                                            ALLEN & OVERY LLP
                                            MICHAEL S. FELDBERG
                                            michael.feldberg@allenovery.com
                                            ANDREW RHYS DAVIES
                                            andrewrhys.davies@allenovery.com
                                            1221 Avenue of the Americas
                                            New York, NY 10020
                                            Telephone:  (212) 610-6300
                                            Facsimile:   (212) 610-6399

                                            JOHN ROBERTI
                                            john.roberti@allenovery.com
                                            ALLEN & OVERY LLP
                                            1101 New York Avenue NW
                                            Washington, DC 20005
                                            Telephone:  (202) 683-3800
                                            Facsimile:   (212) 610-6399

                                            *Attorneys for Defendants Samsung SDI Co., Ltd.;*
                                            *Samsung SDI America, Inc.; Samsung SDI Mexico*
                                            *S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzhen*
                                            *Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co.,*
                                            *Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd.*

33

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

*/s/ Jeffrey L. Kessler*

WINSTON & STRAWN LLP
JEFFREY L. KESSLER
jkessler@winston.com
EVA W. COLE
ewcole@winston.com
200 Park Avenue
New York, NY 10166
Telephone:     (212) 294-6700
Facsimile:     (212) 294-4700

KEVIN B. GOLDSTEIN
kbgoldstein@winston.com
35 W. Wacker Drive
Chicago, IL 60622
Telephone:     (312) 558-5600
Facsimile:     (312) 558-5700

WEIL, GOTSHAL & MANGES LLP
DAVID L. YOHAI
david.yohai@weil.com
ADAM C. HEMLOCK
adam.hemlock@weil.com
DAVID YOLKUT
david.yolkut@weil.com
767 Fifth Avenue
New York, NY 10153-0119
Telephone:     (212) 310-8000
Facsimile:     (212) 310-8007

*Attorneys for Defendants Panasonic Corporation
(f/k/a Matsushita Electric Industrial Co., Ltd.),
Panasonic Corporations of North America, and
MT Picture Display Co., Ltd.*[44]

---

[44] MT Picture Display Co., Ltd. has been dissolved and completed final liquidation proceedings in Japan on May 23, 2019.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

/s/ *John M. Taladay*

BAKER BOTTS LLP
JOHN M. TALADAY
ERIK T. KOONS
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
Email: erik.koons@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips, N.V.,*
*Philips North America LLC, Philips Taiwan*
*Limited, and Philips do Brasil, Ltda*

/s/ *Kathy L. Osborn*

FAEGRE BAKER DANIELS LLP
KATHY L. OSBORN
Email: kathy.osborn@FaegreBD.com
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000

JEFFREY S. ROBERTS
Email: jeff.roberts@FaegreBD.com
1144 15th Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

*Attorneys for Defendants Thomson SA and*
*Thomson Consumer Electronics, Inc.*

/s/ *Donald A. Wall*

SQUIRE PATTON BOGGS (US) LLC
DONALD A. WALL
Email: donald.wall@squirepb.com
1 East Washington Street, Suite 2700
Phoenix, AZ 85004
Telephone: (602) 528-4005
Facsimile: (602) 253-8129

*Attorneys for Defendants Technologies*
*Display Americas LLC*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

/s/ *Eliot A. Adelson*
MORRISON & FOERSTER LLP
ELIOT A. ADELSON
Email: eadelson@mofo.com
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

KIRKLAND & ELLIS, LLP
JAMES H. MUTCHNIK, P.C.
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Defendants Hitachi Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display, Inc.), Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.*

/s/ *Christopher M. Curran*
WHITE & CASE LLP
CHRISTOPHER M. CURRAN
ccurran@whitecase.com
LUCIUS B. LAU
alau@whitecase.com
DANA E. FOSTER
defoster@whitecase.com
MATTHEW N. FRUTIG
mfrutig@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*