Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs for the 22 States*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 4:07-cv-5944 JST<br><br>MDL NO. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **INDIRECT PURCHASER PLAINTIFFS' STATEMENT OF NON-OPPOSITION TO RENEWED MOTIONS TO INTERVENE AND FILE SEVERED COMPLAINT; OPPOSITION TO REQUEST THAT ALL INDIRECT PURCHASERS FILE A CONSOLIDATED AMENDED COMPLAINT**<br><br>Hearing Date: February 12, 2020<br>Time: 2:00 p.m.<br>Courtroom: 6, 2nd Floor<br>Judge: Hon. Jon S. Tigar |

The Indirect Purchaser Plaintiffs representing the certified 22 statewide classes ("IPPs") hereby respond to the Renewed Motion of Non-Repealer State ("NRS") Subclass Member Eleanor Lewis to Intervene (ECF No. 5643), and the Renewed Motion to Intervene and File a Severed Complaint to Add State Law Claims For the Other Repealer States ("ORS") (ECF No. 5645) (collectively, the "Motions").

IPPs do not oppose the NRS and ORS Motions to intervene. IPPs do, however, oppose the request by NRS Plaintiff Eleanor Lewis—separate from her motion to intervene—that all indirect purchaser plaintiffs be ordered to file a single consolidated amended complaint *after* intervention.[1] In addition, IPPs wish to correct the record regarding certain statements in the ORS Plaintiffs' Motion regarding adequacy of representation by IPP Counsel.

## I. THE COURT SHOULD NOT ORDER IPPS TO FILE A CONSOLIDATED AMENDED COMPLAINT WITH THE ORS/NRS PLAINTIFFS

In addition to moving to intervene, NRS Plaintiff Lewis also asks the Court to order "all plaintiffs [to] meet and confer and file a single consolidated amended complaint covering the claims advanced by the Nationwide Class, its NRS subclass and each of the repealer state state-law damages subclasses."[2] The basis for this request is that it is "customary" in multi-district litigation, will simplify the pleadings to which defendants must respond, and has been the practice in this litigation.[3]

It is true that, ordinarily, similarly-situated plaintiffs in multidistrict litigation consolidate their claims in a single complaint at the outset of the case. This is not that situation. As IPPs have previously explained, the ORS/NRS Plaintiffs are not similarly-situated to IPPs. The claims that the IPPs and ORS/NRS Plaintiffs wish to allege differ substantially,[4] are in very different

---

[1] ECF Nos. 5643 at 6, 5643-2.

[2] ECF No. 5643 at 6. *See also* ECF No. 5643-2, ¶ 2.

[3] ECF No. 5643 at 6.

[4] ECF No. 5593 at 6-8 (explaining that IPPs disagree with certain of the ORS/NRS Plaintiffs' allegations and others may prejudice them).

procedural postures,[5] and the ORS Plaintiffs contend that class members' interests are "diametrically opposed" to each other.[6] Indeed, in denying the NRS Plaintiff's first motion to intervene and ordering her to file a separate pleading, this Court relied in part upon the "potential 'divergence of interests' with other class representatives," which "'bolster[ed] the advisability of a separate complaint.'"[7]

Contrary to NRS Plaintiff's claims, moreover, where—as here—plaintiffs in an MDL are differently situated (as with direct versus indirect purchasers; end-user indirect purchasers versus reseller indirect purchasers; class plaintiffs versus individual plaintiffs), they usually file separate complaints.[8] In *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, following the Second Circuit's reversal of settlement approval on adequacy of representation grounds,[9] the district court appointed separate counsel for the Rule 23(b)(3) damages class and the Rule 23(b)(2) injunctive relief class.[10] Thereafter, counsel for the two classes filed two separate

---

[5] ECF No. 5616 at 5-6 (comparing the procedural posture of the ORS/NRS Plaintiffs' claims, which have not yet been tested or certified, and are not prepared for trial, with the IPPs' claims, which were actively litigated for seven years and were close to being fully prepared for trial when they were settled).

[6] ECF No. 5645 at 10 ("IPP Counsel represents a class of individuals with interests diametrically opposed to the ORS Plaintiffs.").

[7] ECF No. 5626 at 3, quoting *Lennar Mare Island, LLC v. Steadfast Ins. Co.*, Nos. 2:12-cv-02182-KJM-KJN, 2:16-cv-00291-KJM-KJN, 2016 WL 5847010, at *6 (E.D. Cal. Oct. 6, 2016).

[8] In this very case, the direct and indirect purchaser class plaintiffs filed separate consolidated complaints (*see e.g*., ECF Nos. 436 and 437), and each of the individual "Direct Action Plaintiffs" filed separate complaints. *See, e.g.,* ECF Nos. 2433 (order on motions to dismiss Sharp and Tech Data complaints), 2434 (order on motion to dismiss Dell complaint). *See also, e.g., In re Packaged Seafood Products Antitrust Litig.,* 242 F.Supp.3d 1033, 1045 (S.D. Cal. 2017) (listing the various complaints subject to motions to dismiss, including separate complaints on behalf of direct class plaintiffs, various direct action plaintiffs, "Indirect Purchaser Commercial Food Preparers ("CFP"), and the "Indirect Purchaser End Payer Plaintiffs" ("EPP")); *In re Generic Pharmaceuticals Pricing Antitrust Litig.,* 368 F.Supp.3d 814, 820 & n. 3 (describing allegations from separate complaints by the "End-Payer Plaintiffs" and the "Indirect-Reseller Plaintiffs" (both indirect purchaser plaintiffs)).

[9] 827 F.3d 223, 227, 229 (2d Cir. 2016).

[10] *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 19 n. 3 (E.D.N.Y. 2019).

complaints.[11] The Rule 23(b)(3) damages class subsequently re-negotiated amended settlements with the defendants, and has moved for approval of those settlements.[12] The Rule 23(b)(2) class's case against the defendants continues.

In addition, there is no need to "simplify the pleadings to which Defendants must respond" for IPPs, since IPPs have settled with the Defendants and Defendants need not respond to their complaint. In fact, consolidating settled with unsettled claims in a single complaint will only serve to confuse matters, and potentially prejudice IPPs. IPPs' amended settlements with the Defendants define the settlement class and the release according to the operative IPP complaint.[13] Forcing IPPs to consolidate their claims with the ORS/NRS Plaintiffs and file a single consolidated amended complaint would require further amendments to IPPs' settlements and cause further, unnecessary delay. Further, the ORS/NRS Plaintiffs may contend that this Court cannot enter a final appealable order approving IPPs' amended settlements since not all of the claims in the complaint against the Defendants would be resolved.[14]

The ORS and NRS Plaintiffs want the IPPs to continue to litigate this case alongside them so that they might have the benefit of the IPPs' efforts in their cases. But the IPPs want their settlements approved now so that the settlement funds may be distributed to the claimants as soon as possible. Accordingly, under the circumstances of this case, IPPs should not be ordered to file a single consolidated amended complaint with the ORS/NRS Plaintiffs.

---

[11] *See id.* at 23 (describing proceedings in district court after remand, including the filing of two separate complaints by the two classes).

[12] *See generally id.* (Order granting preliminary approval of amended settlements between Rule 23(b)(3) class and defendants).

[13] *See, e.g.*, ECF No. 5587-1, Ex. A (Amendment to Settlement Agreement Between Indirect Purchaser Plaintiffs' and Philips), ¶ 1.

[14] *See, e.g., In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) ("But when the plaintiff files an amended complaint that unifies claims initially brought separately, the cases merge into a single action so far as § 1291 is concerned; one claim cannot come up on appeal until the district court disposes of the whole complaint or the district court provides a Rule 54 certification.").

## II. THIS COURT HAS NOT FOUND THAT IPP COUNSEL HAS A CONFLICT OF INTEREST WITH THE ORS, AND NEED NOT DO SO ON THIS MOTION

In their Motion, the ORS Plaintiffs assert not only that IPP Counsel failed to adequately represent class members in the ORS, and have a conflict of interest with class members in those states, but also that this Court made findings to this effect.[15] On the contrary, this Court has expressly declined to find either a conflict between IPP Counsel and the ORS class members, or inadequate representation by IPP Counsel. The Court's Order denying the Rule 62.1 motion specifically noted that the issue "requires further exploration."[16] And, at the April 9, 2019 Case Management Conference, the Court was clear that it did not believe it necessary to make a finding of conflict of interest.[17]

Likewise incorrect is ORS Plaintiffs' assertion that "no party ever disputed post-remand that such a conflict exists . . . ."[18] IPP Counsel have, in fact, repeatedly disputed the ORS Plaintiffs' claim that they have (or had) a conflict of interest with the ORS class members, or that they inadequately represented the ORS.[19]

In any event, the Court need not make findings regarding IPP Counsel's alleged inadequate representation of, or conflicts of interest with, the ORS or NRS class members in order to decide the motions to intervene. Any adequacy of representation concerns were mooted by the appointment of separate counsel for the ORS/NRS, and by IPPs' amended settlements, which no longer release the claims of ORS/NRS class members. In deciding the Motions, the Court may simply rely on the fact that there are currently no named plaintiffs asserting claims on behalf of the

---

[15] ECF No. 5645 at 10-11.

[16] ECF No. 5362 at 2.

[17] *See* ECF No. 5444 at 15:7-14 ("Unless somebody says otherwise this morning, my guess is I don't need to actually make a finding of a conflict. There seems to be an agreement among the parties that there's an adequacy of counsel issue which is different but also sufficient to require the appointment of separate counsel. So for a variety of reasons, *I don't feel the need to issue an order saying that anybody had a conflict of interest*.") (emphasis added).

[18] ECF No. 5645 at 10.

[19] *See, e.g.*, ECF Nos. 5416 at 3-4, 10; 5467 at 2; 5486 at 9-12; and 5593 at 10-11.

ORS/NRS class members as a basis for granting the motions to intervene.

## III.     CONCLUSION

For all the foregoing reasons, the Court should not order all indirect plaintiffs to file a single consolidated amended complaint. In addition, the Court need not make any findings regarding IPP Counsel's representation of the ORS or NRS class members.

Dated: December 12, 2019          Respectfully submitted,

By:     */s/ Mario N. Alioto*
         MARIO N. ALIOTO (56433)
         LAUREN C. CAPURRO (241151)
         **TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**
         2280 Union Street
         San Francisco, California 94123
         Telephone: (415) 563-7200
         Facsimile: (415) 346-0679

         *Lead Counsel for the Indirect Purchaser Plaintiffs*