John Taladay (*pro hac vice*)
john.taladay@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone: (202)-639-7700
Facsimile: (202)-639-7890

Stuart C. Plunkett (State Bar No. 187971)
stuart.plunkett@bakerbotts.com
Peter Huston (State Bar No. 150058)
peter.huston@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Attorneys for*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Case No. 07-cv-05944-JST |
| | MDL No.: 1917 |
| THIS DOCUMENT RELATES TO: | **IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING APPEAL OF THE COURT'S ORDER DENYING MOTIONS TO DISMISS (DKT. NO. 5637)** |
| *ALL DIRECT PURCHASER ACTIONS* | |
| *ALL INDIRECT PURCHASER ACTIONS* | |
| | Date: February 5, 2020 |
| | Time: 2 p.m. |
| | Judge: Honorable Jon S. Tigar |
| | Courtroom: 6, 2nd Floor |

I.      **INTRODUCTION**

Irico Group Corporation and Irico Display Devices Co., Ltd. (collectively, "Irico" or "Irico Defendants") submit this consolidated reply in support of their Motion to Stay Proceedings Pending Appeal of the Court's Order Denying Motions to Dismiss (Dkt. 5651), responding to the oppositions filed by both Direct Purchaser Plaintiffs ("DPPs") and Indirect Purchaser Plaintiffs ("IPPs") (collectively, "Plaintiffs").  (*See* Dkt. 5656 ("DPP Opp'n"), 5657 ("IPP Opp'n").)  Plaintiffs rest their entire argument on fears of potential lost evidence and alleged past conduct, ignoring the overwhelming weight of authority on the need for a stay to preserve the benefits of foreign sovereign immunity until that issue is resolved on appeal.

II.     **ARGUMENT**

A.      **Irico's Stay Should Be Automatic, and Irico Did Not Waive Its Appeal under *Chuman* or *Marks***

Plaintiffs have conceded that, absent a "*Chuman* certification" that Irico's appeal has been "waived," Irico is entitled to an interlocutory appeal that divests the district court of jurisdiction pending appeal.[1]  Indeed, Plaintiffs have failed to grapple with or overcome precedent holding that a stay pending appeal of an immunity defense is virtually automatic in the Ninth Circuit.  *See Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) ("In the absence of such certification, the district court is automatically divested of jurisdiction to proceed with trial pending appeal."); *see also Andrade Rico v. Beard*, No.2:17-cv-1402 KJM DBP, 2019 WL 4127206, at *2 (E.D. Cal. Aug. 30, 2019) (finding that a stay pending interlocutory appeal of a qualified immunity defense may be "essentially, automatic" in the Ninth Circuit); *J.P. ex rel. Villanueva v. Cty. of Alameda*, No. 17-cv-05679-YGR, 2018 WL 3845890, at *1 (N.D. Cal. Aug. 13, 2018) (noting that "filing an interlocutory appeal of a court's denial of qualified immunity automatically divests the court of jurisdiction to proceed with trial on the issues in the appeal," which "presumptively pertains to all claims against" a defendant whose immunity

---

[1] *Chuman v. Wright* addresses certification of qualified immunity appeals as "frivolous or waived," 960 F.2d at 105, but Plaintiffs have conceded that Irico's appeal is not frivolous by failing to raise that argument in their motion.  (*See* Dkt. 5653 ("*Chuman* Mot.").)

is at issue).  Moreover, the unique nature of foreign sovereign immunity particularly weighs in favor of an automatic stay of district court proceedings.  *See Process & Indus., Devs. Ltd. v. Fed. Republic of Nigeria*, No. 18-cv-594 (CRC), 2018 WL 8997442, at *2 (D.D.C.  Nov. 1, 2018) (refusing to certify the appeal as forfeited or lift stay, "recogniz[ing] the sensitive nature of the interests protected by sovereign immunity—denial of such immunity is immediately appealable precisely because of its sensitivity."); *Ministry of Oil of the Republic of Iraq v. 1,032,212 Barrels of Crude Oil Aboard the United Kalavrvta*, No. CIV.A. G-14-249, 2015 WL 851920, at *4 (S.D. Tex. Feb. 26, 2015) (granting stay pending appeal after finding that FSIA commercial activity applies, noting "the fact that such a denial warrants an immediate and automatic appeal shows that **this is not a traditional situation in which a stay pending an appeal is considered**") (emphasis added).

Instead, Plaintiffs have placed their bets entirely on their motion for *Chuman* certification, arguing that Irico "waived" its appeal under a misreading of primarily out-of-circuit cases that apply to qualified immunity claims.  DPPs then incorporated the arguments in that motion by reference in their opposition to Irico's motion to stay proceedings pending appeal.  Irico has refuted Plaintiffs' misguided approach in its opposition to DPPs' motion for *Chuman* certification. (Dkt. 5659.)  Irico has not waived its appeal, and Irico's timely notice of appeal has "automatically divested" this Court "of jurisdiction to proceed" with discovery and toward trial. *See Chuman*, 960 F.2d at 105.  Irico hereby incorporates the arguments from its opposition to Plaintiffs' *Chuman* motion by reference.  Because Plaintiffs have failed to make out a case for the extraordinary remedy of appeal forfeiture, Irico is entitled to a stay.

**B.  Even Absent an Automatic Stay, Plaintiffs Have Failed to Rebut Irico's Arguments for a Discretionary *Landis* Stay**

Irico's entitlement to an automatic stay under *Chuman* ends the inquiry.  However, even in the absence of an *automatic* stay, the Supreme Court's decision in *Landis v. North American Co.*, 299 U.S. 248 (1936), governs and a *discretionary* stay should be issued.  The *Landis* standard applies to stays of ongoing proceedings, like this one, and weighs "the competing interests which will be affected by the granting or refusal to grant a stay," including "possible

damage" from granting the stay, "hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law." *Lockyer v. Mirant Corp.*, 398 F.3d 109, 1110 (9th Cir. 2005).

Plaintiffs have failed to rebut Irico's showing that the *Landis* factors favor a discretionary stay here.  DPPs lead the Court astray in advocating for the standard under *Nken v. Holder*, 556 U.S. 418 (2009) that applies to discretionary stays of judgments and orders for injunctive relief.  But *Landis* is the appropriate standard for discretionary stays of ongoing proceedings, as this Court has held previously in a separate case, and all three *Landis* factors weigh in favor of granting a stay.

### 1.      As this Court has Consistently Held, *Landis*, not *Nken*, Applies to Discretionary Stays of Ongoing Proceedings

DPPs argue in the alternative that the more stringent factors articulated in *Nken v. Holder*, 556 U.S. 418 (2009) that typically apply to rulings on injunctive relief or final judgments should apply to Irico's motion to stay pending appeal of its FSIA motions to dismiss.  Curiously, DPPs cite this Court's ruling in *Kuang v. U.S. DOD*, No. 18-cv-03698-JST, 2019 WL 157495, at *3 (N.D. Cal. Apr. 15, 2019), as support for that proposition.  But in that case, this Court *declined* to apply the *Nken* factors, instead applying the *Landis* factors after explicitly considering which standard was appropriate.  This Court noted:

> Further, a review of the case law suggests that district courts that have directly confronted the question have overwhelmingly concluded that the *Landis* test or something similar governs. Those courts have reasoned that the *Nken* test "is applicable when there is a request to stay a district court's judgment or order pending an appeal of the same case," while ***Landis* applies to the decision to stay proceedings**, regardless whether the stay is based on a direct appeal or an independent case.  The Court agrees . . . .

*Kuang*, 2019 WL 1597495, at *3 (citations omitted) (emphasis added).[2]

---

[2] Plaintiffs also cite this Court's decision applying *Nken* in *United States v. Real Property & Improvements Located at 2366 San Pablo Ave.*, No. 13-CV-02027-JST, 2015 WL 525711 (N.D. Cal. Feb. 6, 2015), but the Court has recently noted that the *Real Property* decision did not "discuss the *Landis* test or offer[] a reasoned analysis as to why the *Nken* test applied." *Kuang*, 2019 WL 1597495, at *2.

Here, the *Landis* standard governs a request for a discretionary stay.  Just like the defendant in *Kuang*, Irico has requested a "stay [of] proceedings" rather than a stay of a final injunction.  *Kuang*, 2019 WL 1597495, at *1, *3.  As this Court has held, the *Landis* standard controls where a court "considers whether it should proceed forward on discovery . . . and pre-trial litigation in [an] action in light of the potential that the appellate court will determine that a large portion of the action should be dismissed, rendering much of the work to be completed meaningless."  *Id.*  Accordingly, this Court should apply the *Landis* factors in considering a discretionary stay.[3]

### 2.    The *Landis* Factors Overwhelmingly Support a Stay

Under *Landis*, Plaintiffs argue that (1) a stay would lead to spoliation of evidence; (2) Irico would not suffer harm if a stay were not granted; and (3) a stay would "divert the orderly course of justice" because of the same spoliation argument or allegedly "dilatory conduct." (DPP Opp'n at 4; IPP Opp'n at 7.)  All of these fail, and the *Landis* factors overwhelmingly support granting a stay here.

*First*, a time-limited stay would not lead to spoliation of evidence or otherwise harm DPPs or IPPs due to indefinite delays.  (*See* DPP Opp'n at 3; IPP Opp'n at 6-7.)  Like in *Kuang*, the Ninth Circuit has already issued a briefing schedule (*see* Dkt. 5654) and any "inherent" delay on appeal cannot justify denial of a stay absent "identified prejudice to Plaintiffs."  *Kuang*, 2019 WL 1597495, at *4; *see also Estate of Heiser v. Deutsche Bank Tr. Co. Americas*, No. 11 CIV. 1608 AJN MHD, 2012 WL 2865485, at *4 (S.D.N.Y. July 10,

---

[3] Even under the stricter *Nken* factors, a stay would be warranted.  Irico will raise "serious legal questions on appeal," *Real Property*, 2015 WL 525711, at *1, including the proper interpretation of a "direct effect in the United States" given Ninth Circuit caselaw incorporating minimum contacts standards (*see, e.g.*, Dkt. 5410 at 14-15).  Irico will be irreparably injured because it will be impossible to turn back the clock to regain the benefits of immunity if the case proceeds immediately towards trial.  DPPs' claim of prejudice, as discussed below, rests solely on the speculation that evidence will disappear in the interim.  And finally, the profound international comity interests inherent in the FSIA override generalized concerns of "expediency" cited by DPPs; the "U.S. antitrust laws" will still be available to enforce following resolution of Irico's appeal.  (*See* DPP Opp'n at 5.)

2012) (granting a stay where appellate briefing schedule was already set, finding that a stay would not be "indefinite" or "immoderate").

The only prejudice Plaintiffs allege is potential spoliation of evidence, citing the already lengthy duration of the case (DPP Opp'n at 3; IPP Opp'n at 6). Plaintiffs' backward-looking argument misses the point: the first *Landis* factor concerns forward-looking prejudice pending appeal, not any prejudice that has already happened. Any alleged prejudice stemming from prior delays—such as the delays identified in the Court's Default Order, including Plaintiffs' own lengthy inaction—have no bearing on this factor. Plaintiffs have failed to identify how any evidence will spoliate *pending appeal* when the briefing schedule has already been set to begin in a matter of weeks.

***Second***, Plaintiffs fail to address the dominant factor weighing in favor of a stay: the fact that proceeding with discovery would vitiate the protections of foreign sovereign immunity before the Ninth Circuit can weigh in on the matter. This is not simply a matter of the ordinary litigation costs of "being required to defend a suit." (DPP Opp'n at 3.) Congress drafted the FSIA to protect important international comity interests by shielding foreign sovereigns from the burdens of suit, including the costs attendant to invasive discovery. *Phaneuf v. Republic of Indonesia*, 106 F.3d 302, 305 (9th Cir. 1997) ("Immunity under the FSIA is not only immunity from liability, but immunity from suit."); *Hansen v. PT Bank Negara Indonesia*, 601 F.3d 1059, 1063 (10th Cir. 2010) ("The immunity provided under the FSIA protects foreign sovereigns from all burdens of litigation, including the general burden of responding to discovery requests."); *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 849 (5th Cir. 2000) ("FSIA immunity is immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation."). "Giving full effect" to these protections is essential to "promot[ing] the comity interests" of foreign sovereign immunity, including "standards of public morality, fair dealing, reciprocal self-interest, and respect for the power and dignity of the foreign sovereign." *Republic of Philippines v. Pimentel*, 553 U.S. 851, 866 (2008). The "case of hardship or inequity" is clear and simple: the benefit of immunity will be permanently lost should the case not be stayed pending appeal. *Landis*, 299 U.S. at 255. Once again,

1  Plaintiffs fail to acknowledge the unique circumstances arising under the FSIA that warrant a

2  stay.

3      **Third**, DPPs merely re-assert their spoliation argument under the third *Landis* factor,

4  arguing that a stay would "divert the orderly course of justice" (DPP Opp'n at 4), while IPPs

5  complain retrospectively of "dilatory tactics" (IPP Opp'n at 7).  Both DPPs and IPPs fail to

6  address the overriding fact that the Ninth Circuit could render all further proceedings

7  "meaningless" if it decides in favor of Irico on the dispositive issue of immunity.  *Kuang*, 2019

8  WL 1597495, at *3.    Accordingly, this factor weighs overwhelmingly in favor of a stay to

9  prevent the waste of judicial resources.

**III.    CONCLUSION**

11      Based on the foregoing, the Court should grant Irico's Motion to Stay.

Dated:  December 13, 2019                    */s/ Stuart C. Plunkett*

John Taladay (*pro hac vice*)
john.taladay@bakerbotts.com
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone:  (202) 639-7700
Facsimile:  (202) 639-7890

Stuart C. Plunkett (State Bar No. 187971)
stuart.plunkett@bakerbotts.com
Peter Huston (State Bar No. 150058)
peter.huston@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone:  (415) 291-6200
Facsimile:   (415) 291-6300

*Attorneys for*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*