Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 788-7210
Facsimile: (415) 788-0706
Email: fos@scarpullalaw.com
          pbc@scarpullalaw.com

Robert Bonsignore appearing *pro hac vice*
Lisa Sleboda *pro hac vice*
Bonsignore Trial Lawyers, PLLC
23 Forest Street
Medford, MA 02155
Office Phone: (781) 350-0000
Cell Phone: (781) 856-7650
Facsimile: (702) 852-5726
Email: rbonsignore@classactions.us

Theresa D. Moore (99978)
Law Offices of Theresa D. Moore
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 613-1414
tmoore@aliotolaw.com

*Interim Co-Lead Counsel for Omitted
Repealer States*

[ADDITIONAL COUNSEL LISTED ON
SIGNATURE PAGE]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 4:07-cv-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **REPLY IN SUPPORT OF RENEWED MOTION TO INTERVENE AND FILE SEVERED COMPLAINT TO ADD STATE LAW CLAIMS FOR THE OTHER REPEALER STATES** |
| All Indirect-Purchaser Actions | |
| | Hearing Date: February 12, 2020 |
| | Time:          2 p.m. |
| | Courtroom:   6 – 2nd Floor |
| | Judge:        Hon. Jon S. Tigar |

# TABLE OF CONTENTS

I.      Introduction ........................................................................................1

II.     Intervention.........................................................................................1

        A.  Sorting the Issues from the Non-Issues ....................................1

        B.  Prong 1: Timeliness .................................................................2

                i.   Stage of the Proceedings and Reason for Delay.........................2

                        a.   The Ninth Circuit's Remand Amounts to a Change of Circumstances
                             that Justifies Intervention .................................................2

                        b.   The Event that the Defendants Chose as the Anchor for the Timeliness
                             Analysis Ignores the Realities of this Litigation ............................6

                ii.  Prejudice .........................................................................8

        C.  Prongs 2 and 3: Existence and Impairment of ORS Plaintiffs' Interest .................9

                i.   Overview ........................................................................ 10

                ii.  Intervention is Necessary to Protect the ORS Plaintiffs' Interest ............ 10

                iii. ORS Plaintiffs Have a Cognizable Interest in this Proceeding By Virtue of
                     Various Tolling Principles, Including the Relation-Back Doctrine ......... 11

III.    Amendment is Appropriate ........................................................................ 17

IV.     The Thomson Defendants' Relation-Back Argument is Incorrect.............................. 19

CONCLUSION ..................................................................................................20

CERTIFICATE OF SERVICE...................................................................................23

1

## TABLE OF AUTHORITIES

Case                                                                              Page(s)

*Alexander v. Hall*,
64 F.R.D. 152 (D.S.C. 1974) ....................................................................................... 17

*Allen v. Labor Ready Sw., Inc.*,
No. CV0904266DDPAGRX, 2015 WL 5156416 (C.D. Cal. Sept. 2, 2015) ................................. 5

*Allen v. Bedolla*,
787 F.3d 1218 (9th Cir. 2015) ............................................................................... 6, 8

*Allen v. Similasan Corp.*,
96 F. Supp. 3d 1063 (S.D. Cal. 2015) ..................................................................... 13

*Avila v. I.N.S.*,
731 F.2d 616, 620 (9th Cir. 1984) ......................................................................... 14

*Baranco v. Ford Motor Co.*,
17-CV-03580-EMC, 2018 WL 5474549 (N.D. Cal. Oct. 26, 2018) ............................... 12, 13, 14

*Besig v. Dolphin Boating & Swimming Club*,
683 F.2d 1271 (9th Cir. 1982) ............................................................................... 11

*Brown v. United States*,
976 F.2d 1104 (7th Cir. 1992) ............................................................................... 20

*Devlin v. Scardelletti*,
536 U.S. 1 (2002) ................................................................................................ 16

*Forras v. Rauf*,
39 F. Supp. 3d 45 (D.D.C. 2014) ........................................................................... 10

*Francisco v. Emeritus Corp.*,
No. 17-cv-2871-VAP (SSx), 2018 WL 6070942 (C.D. Cal. Jan. 10, 2018) ......................... 15

*Gelboim v. Bank of Am. Corp.*,
135 S. Ct. 897 (2015) .......................................................................................... 19

*Griggs v. Pace Am. Group, Inc.*,
170 F.3d 877 (9th Cir. 1999) ................................................................................ 17

*Harris v. Vector Mktg. 27 Corp.*,
No. C-08-5198 EMC, 2010 WL 3743532 (N.D. Cal. 2010) ............................................ 8

ii

*Howard v. Hui*,
C 92-3742-CRB, 2001 WL 1159780 (N.D. Cal. Sept. 24, 2001) ...................................... 12, 14, 15

*In re Cmty. Bank of N. Virginia*,
418 F.3d 277 (3rd Cir. 2005) ................................................................................................ 10

*In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*,
Civil Action No. H-10-171, 2011 WL 1232352 (S.D. Tex. Mar. 31, 2011) ................................ 19

*In re Managed Care Litig.*,
150 F.Supp.2d 1330 (S.D. Fla. 2001) .................................................................................... 19

*In re Mortgage Elec. Registration Sys. (Mers) Litig.*,
MD-09-02119-PHX-JAT, 2016 WL 3931820 (D. Ariz. July 21, 2016) ...................................... 18

*In re Syntex Corp. Sec. Litig.*,
95 F.3d 922 (9th Cir.1996) ..................................................................................................... 11, 15

*In re Takata Airbag Products Liab. Litig.*,
379 F. Supp. 3d 1333 (S.D. Fla. 2019) ................................................................................... 19

*King v. Bank of Am., N.A.*,
No. C15-1014-TSZ, 2015 WL 12930129 (W.D. Wash. Dec. 28, 2015) .................................... 13

*Koike v. Starbucks Corp.*,
602 F. Supp. 2d 1158 (N.D. Cal. 2009) ................................................................................. 10

*Leachman v. Beech Aircraft Corp.*,
694 F.2d 1301 (D.C. Cir. 1982) ............................................................................................... 14

*League of United Latin Am. Citizens v. Wilson*,
131 F.3d 1297 (9th Cir. 1997) ................................................................................................. 2

*Lee v. Pep Boys-Manny Moe & Jack of California*,
No. 12-CV-05064-JSC, 2016 WL 324015 (N.D. Cal. Jan. 27, 2016) ....................................... 8

*League of United Latin Am. Citizens v. Wilson*,
131 F.3d 1297, 1301 (9th Cir. 1997) ....................................................................................... 8

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*,
523 U.S. 26 (1998) ................................................................................................................... 19

*Lindblom v. Santander Consumer USA, Inc*,
2018 WL 3219381 (E.D. Cal. June 29, 2018) .......................................................................... 8

iii

*Miller v. Ghirardelli Chocolate Co.*,
C 12-04936 LB, 2013 WL 6776191 (N.D. Cal. Dec. 20, 2013) ................................... 10

*Orange Cty. v. Air California*,
799 F.2d 535 (9th Cir. 1986) ........................................................................................ 8

*Palmer v. Stassinos*,
 236 F.R.D. 460 (N.D. Cal. May 18, 2006) ................................................................... 15

*Palmer v. Stassinos*,
C04-03026 RMW, 2005 WL 3868001 (N.D. Cal. Apr. 28, 2005) ................................ 15

*Payne v. Weirton Steel Co.*,
397 F. Supp. 192 (N.D.W. Va. 1975) ........................................................................... 17

*Phillips Petroleum Co. v. Shutts*,
472 U.S. 797 (1985) ...................................................................................................... 16

*Raynor Bros. v. Am. Cyanimid Co.*,
695 F.2d 382 (9th Cir.1982) .......................................................................................... 16

*Shenzhenshi Haitiecheng Sci. & Tech. Co., Ltd. v. Rearden LLC*,
15-CV-00797-JST, 2016 WL 5930289 (N.D. Cal. Oct. 11, 2016) ................................ 2

*Smith v. Bayer Corp.*,
564 U.S. 299 (2011) ...................................................................................................... 16

*Smith v. Los Angeles Unified Sch. Dist.*,
830 F.3d 843 (9th Cir. 2016) ..................................................................................... 1, 5

*Smith v. Marsh*,
194 F.3d 1045 (9th Cir. 1999) ....................................................................................... 8

*SurvJustice Inc. v. DeVos*,
No. 18-cv-00535-JSC, 2019 WL 1427447 (N.D. Cal. 2019) ........................................ 8

*Tosti v. City of Los Angeles*,
754 F.2d 1485 (9th Cir. 1985) ....................................................................................... 17

*True Health Chiropractic Inc. v. McKesson Corp.*,
13-CV-02219-JST, 2014 WL 2860318 (N.D. Cal. June 23, 2014) ......................... 12, 14

*U.S. v. Alisal Water Corp.*,
370 F.3d 915 (9th Cir. 2004) ..................................................................................... 2, 8

iv

*United States v. City & Cty. of Honolulu*,
No. 94-00765 DAEKSC, 2007 WL 1549475 (D. Haw. May 24, 2007) ....................................3, 5

*United States v. State of Oregon*,
745 F.2d 550 (9th Cir. 1984) ......................................................................................2, 3, 4, 5, 7

*Wooten v. Moore*,
42 F.R.D. 236 (E.D.N.C. 1967) .........................................................................................17

*Yakima Valley Mem'l Hosp. v. Washington State Dep't of Health*,
No. CV-09-3032-EFS, 2011 WL 13186149 (E.D. Wash. Dec. 20, 2011) ..............................6

*Young v. LG Chem Ltd.*,
13-MD-02420-YGR, 2015 WL 8269448 (N.D. Cal. Dec. 9, 2015).........................................17

*Zorrilla v. Carlson Restaurants Inc.*,
255 F. Supp. 3d 465 (S.D.N.Y. 2017) ...................................................................................13


**Additional Authorities**

Fed. R. Civ. P. Rule 24.........................................................................................1, 9, 17

Fed. R. Civ. P. Rule 23.................................................................................................9

Fed. R. Civ. P. 15 ...............................................................................................13, 19

Newberg on Class Actions § 9:1 (5th ed.)................................................................16

# I. Introduction

The Defendants' consolidated opposition is, essentially, three-fold.  They raise two issues related to intervention, and they raise a challenge to ORS Plaintffs' proposed complaint that centers almost entirely on the name given to the pleading.   We will address the intervention issues first, then turn to the Defendants' concerns regarding the name given to ORS Plaintiffs' proposed complaint (a moniker that even the Defendants concede is an "inapposite label" in their opposition). (Dkt. 5663 at 20).  After addressing the Defendants' consolidated opposition, we will turn to the Thomson Defendants' arguments.[1]

# II. Intervention

## A. Sorting the Issues from the Non-Issues

An applicant for intervention under Rule 24(a)(2) must satisfy a four-prong test:

(1) that the prospective intervenor's motion is "timely";

(2) that the would-be intervenor has "a 'significantly protectable' interest relating to ... the subject of the action"[;]

(3) that the intervenor is "so situated that the disposition of the action may as a practical matter impair or impede [the intervenor's] ability to protect that interest"; and

(4) that such interest is "inadequately represented by the parties to the action."

*Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016). The Defendants challenge three of these: 1 (timeliness), 2 (existence of a protectable interest), and 3 (impairment of that interest)—although they treat prongs 2 and 3 as if they involve a single inquiry.  They do not challenge prong 4 (inadequacy of representation).  We will only address the contested prongs.

---

[1] IPP Counsel also argues that they were never inadequate counsel for the ORS or NRS Plaintiffs. (Dkt. 5664).  This assertion is inconsistent with IPP counsel's outright abandonment of those plaintiffs as well as the procedural history that has led to this point.  However, given the Court's familiarity with the well-documented history of this case and the Court's admonition to avoid repetition, we will not repeat that history here. (Dkt. 5350; 5362; 5386; 5416; 5469; 5518; 5611).

### B.  Prong 1: Timeliness

Timeliness involves an analysis of three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *U.S. v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004).  Of these, the Ninth Circuit has held that prejudice is the most important factor.  *United States v. State of Oregon*, 745 F.2d 550, 552–53 (9th Cir. 1984).  The Defendants' response blurs the three factors into one— making their analysis more confusing than it need be.  Our reply tries to organize the analysis into a more manageable form.

### i.       Stage of the Proceedings and Reason for Delay

### a.   The Ninth Circuit's Remand Amounts to a Change of Circumstances that Justifies Intervention

The Defendants' state in their opposition that the "ORS Movants' decade-long delay in seeking intervention 'weighs heavily against intervention.'" (Dkt. 5663 at 7) (quoting *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997)).  This statement is emblematic of their opposition: it glosses over the actual proceedings in this case, and it misconstrues the law governing intervention.  It does, however, provide a useful springboard to clarify the law governing "timeliness" in this case.

Timeliness is "a flexible concept," *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004), one which should be based on a pragmatic analysis of "all relevant circumstances, not just the length of time that the case has been pending." *Miller v. Ghirardelli Chocolate Co.*, C 12-04936 LB, 2013 WL 6776191, at *6 (N.D. Cal. Dec. 20, 2013). The timeliness calculus is thus left "to the district court's discretion" and is not to be decided based on any strict formula, but on a review of the realities of the litigation. *See Shenzhenshi Haitiecheng Sci. & Tech. Co., Ltd. v. Rearden LLC*, 15-CV-00797-JST, 2016 WL 5930289, at *6 (N.D. Cal. Oct. 11, 2016) (timeliness

is based on pragmatism). The Ninth Circuit has made clear that one such reality—a change of circumstances during the litigation—is an appropriate catalyst for intervention and resets the timeliness clock.  So while it is generally true—as the Defendants state—that the "timeliness clock begins ticking from the time a proposed intervenor should have been aware its interests would no longer be protected adequately by the parties" (Dkt. 5663 at 7), the analysis is not as cut-and-dried as they suggest.

The Court's reconsideration of the prior settlement is precisely the type of "change of circumstances" the Ninth Circuit has held resets the timeliness clock.   The Ninth Circuit addressed this basis for intervention in *United States v. State of Oregon*, 745 F.2d 550, 551-52 (9th Cir. 1984), a case in which the State of Idaho moved to intervene in a case involving various Indian tribes 15 years after the commencement of the case and 5 years after a settlement had been reached.  *Id.* at 551–52.  Despite the decade-long delay, the Ninth Circuit concluded that the stage-of-proceedings factor supported a finding of timeliness because a "change of circumstance" had occurred five years after settlement—two Indian tribes had given "notice of their intent to withdraw from the [settlement] or to renegotiate it," which created "the possibility of new and expanded negotiations." *Id.* at 552.

The Ninth Circuit explained that these new and expanded settlement negotiations indicated the litigation was "entering a new stage" and, therefore, the stage-of-the-proceedings factor weighed in favor of intervention.  *Id.*; *see also United States v. City & Cty. of Honolulu*, No. 94-00765 DAEKSC, 2007 WL 1549475, at *4 (D. Haw. May 24, 2007) (allowing intervention even though case had been "ongoing for over 12 years" because parties stated they were going to supplement a pending consent decree and, thus, case had entered a "new phase of litigation.").

As in *State of Oregon,* this litigation is entering a new phase. The Ninth Circuit remanded the case to this Court "to reconsider its order on class certification and settlement approval," CA9 Case 16-16373 ("App. Dkt."), Dkt. 252 at 12, because IPP Counsel's settlement pitted their clients from 22 repealer states (the RS claims) against their equally-long-standing clients from the ORS, and because IPP Counsel actively sought during the appeal to minimize the value of their ORS clients' claims in order to serve their RS clients' claims.

The court of appeals' remand order referenced IPP Counsel's inadequacy in the settlement proceedings, explaining that their failure to obtain monetary relief for the ORS shed light on their "adequacy of representation.'" And Judge Clifton's questioning at oral argument left no doubt regarding the dual nature of that inadequacy:

> JUDGE CLIFTON: My problem now is that we've got a settlement teed up that purports to release – that does release claims on behalf of people from those states … without appearing to have any return to them and without appearing to have anybody at the table speaking for them.

Audio: 33:56–34:15 (Tr. 27:23-25; 28:1-11).

IPP Counsel's outright abandonment of the ORS Plaintiffs is thus recent and goes well beyond simply dropping ORS' Plaintiffs' state-law damages cause of actions from one version of the complaint.  Indeed, in the settlement-approval proceedings, IPP Counsel actively worked to prevent the ORS Plaintiffs from *ever* seeking monetary relief (releasing their claims for no consideration)—a graver act than merely dropping such causes of action from a version of the complaint since, as explained below, those claims would relate back to IPP's initial complaint as long as the ORS Plaintiffs' federal claims remained pending.  Worse, IPP Counsel did so without having anyone 'at the table' to stand in the way of IPP Counsel's abandonment. *Id.*  By abandoning the ORS in the settlement and then attempting to justify that abandonment before the Ninth Circuit

REPLY IN SUPPORT OF RENEWED MOTION TO INTERVENE AND AMEND COMPLAINT TO ALLEGE STATE LAW CLAIMS FOR THE OMITTED REPEALER STATES
Case No. 3:07-cv-5944, MDL No. 1917

and this Court, IPP Counsel betrayed their conflict of interest and, by extension, the conflict of the class representatives who had been representing the ORS.

In light of the above, as mandated by the Ninth Circuit, the Court will reconsider its prior approval of the parties' previous settlement agreement based on "new and expanded negotiations" between the parties and, if necessary, litigation—this time all represented by adequate counsel. *State of Oregon*, 745 F.2d at 552.  As in *State of Oregon*, the timeliness clock should be reset by the new phase of the case. *See also Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016) ("Where a change of circumstances occurs, and that change is the 'major reason' for the motion to intervene, the stage of proceedings factor should be analyzed by reference to the change in circumstances, and not the commencement of the litigation.").

Although the Defendants address many of the other cases and issues ORS Plaintiffs set forth in the prior iteration of their reply (Dkt. 5663, citing dkt. 5611 over 15 times), the Defendants' entire analysis of *State of Oregon* and *City of Honolulu*—discussed at length in the prior reply (Dkt. 5611 at 3-4)—is limited to one conclusory footnote.  (Dkt. 5663 n.12). Instead of addressing *State of Oregon* or *City of Honolulu*, the Defendants cite two orders for the proposition that the Ninth Circuit's remand, the loss of representation for the ORS class members, and the Court's appointment of new counsel for the ORS, do not amount to a "change of circumstances" justifying intervention. (Resp. at 13).  Neither cited order carries the weight the Defendants place upon it.

In *Allen v. Labor Ready Sw., Inc.*, No. CV0904266DDPAGRX, 2015 WL 5156416, at *2 (C.D. Cal. Sept. 2, 2015), the district court exercised its discretion following a class action settlement appeal to find that a post-remand motion to intervene was untimely.  In the appeal, the Ninth Circuit had "explicitly declined to rule on the substance of the settlement agreement," reversing instead on procedural grounds because "the district court did not satisfy [the] procedural

standard" for reviewing a proposed settlement. *Allen v. Bedolla*, 787 F.3d 1218, 1224 (9th Cir. 2015) (internal citation omitted).  The Ninth Circuit was careful not to suggest that the proposed settlement was unfair: "We take no position on the substantive fairness of the agreement, because the record before us does not allow us to undertake even our deferential substantive review." *Id.* (internal citation omitted).  The district court thus found the "Ninth Circuit's decision [did] not require the parties to 'scrap' the agreement and re-negotiate." *Allen*, 2015 WL 5156416, at *2. The  change-of-circumstances factor that justifies intervention here was simply not present in *Allen*.

The Defendants' reliance on *Yakima Valley Mem'l Hosp. v. Washington State Dep't of Health*, No. CV-09-3032-EFS, 2011 WL 13186149, at *2 (E.D. Wash. Dec. 20, 2011), is also misplaced.  There was no settlement, and the defendant had prevailed on a judgment on the pleadings on both of the plaintiff's two causes of action.  *Id.*  The Ninth Circuit affirmed the defendants' win on one, but reversed with respect to the other—a dormant commerce clause claim. *Id.* The case was remanded so the parties could litigate that claim.  *Id.*  After remand, the *Yakima* parties were in the identical position they had inhabited before the appellate proceedings, with the parties still litigating the same dormant commerce clause claim as before. The remand thus did not, as here, amount to a "change of circumstances" justifying intervention.

### b.  *The Event that the Defendants Chose as the Anchor for the Timeliness Analysis Ignores the Realities of this Litigation*

Disregarding the Ninth Circuit's remand (and the ramifications flowing from it), the Defendants seek to avoid the "change of circumstances" that constitutes the ORS Plaintiffs' basis for intervention.  Instead, the Defendants contend that the only "change of circumstances" relevant to intervention occurred in December 2010, when IPP Counsel filed the Third Consolidated Amended Complaint.  Specifically, the Defendants argue that although the ORS Plaintiffs were

represented by IPP Counsel as members of the putative federal class, IPP Counsel was "not prosecuting state-law damages claims on their behalf" since 2010; so, the Defendants reason, the absent ORS class members should have realized their legal interests were already abandoned (despite the continued presence of their federal cause of action alleging the same claims).  (Resp. at 6-7, 12).

But there are several problems with Defendants' effort to recast the 2010 amendments as the only potential "change of circumstances" to justify intervention.  *First*, ORS Plaintiffs' intervention is necessary because of the loss of any non-conflicted representation—a loss that necessitated the Ninth Circuit's remand and dictated that the Court revisit its prior approval of the settlement. Thus, as in *State of Oregon*, 745 F.2d at 552, the Ninth Circuit's remand in this case, the loss of *any* representation for the ORS class members, and IPP Counsel's replacement as counsel for the ORS class members, constitute a material change in circumstances—one that postdates the 2010 amendment.  *Second*, the claims raised in the 2010 amendment were based on the 2010 stipulation that IPP Class Counsel entered with the Defendants (in which counsel sought to horse-trade damages claims of some states for others), but that deal was vacated in 2019, illustrating the inequity of using that amended complaint as the starting point for a timeliness determination. (Dkt. 5518). *Third*, as discussed below, between the 2010 amendment and today there has been a little over two years of discovery and merits litigation—not ten years, as the Defendants' argument suggests.

Given that the Defendants contend the timeliness clock began running a decade ago, it is not surprising the case law they rely on is inapposite. Indeed, not a single case they cite arises in a situation akin to this one. Some involve non-class-action litigation in which the movant was aware

1

2 of the litigation and chose not to intervene without good cause for waiting;[2] some involve situations

3 in which class counsel sought belatedly to add additional class representatives with no reason for

4 the belated addition;[3] and others involve situations where the movant's decision to intervene was

5 not catalyzed by any change of circumstance.[4]

### ii.   Prejudice

6 The Defendants' secondary argument, that they will be prejudiced by intervention, is

7 similarly misplaced. *First*, they argue that intervention "will inject new legal issues that have not

8 previously been litigated" (Dkt. 5663 at 10).  But that argument conflicts with the Defendants'

9 previous position in this litigation: all of the plaintiffs' claims (IRS, NRS, and ORS) "make the

10 same basic antitrust allegations" and will rise or fall based upon "the same evidence . . . ."  (Dkt.

11 5525 at 5, 7).  Their change of heart—occurring when it serves their purposes—should be ignored.

12

13

14 [2] *U.S. v. Alisal Water Corp.*, 370 F.3d 915, 922 (9th Cir. 2004) (non-class action where intervention was inappropriate because the movant was aware of litigation yet waited four years to move to intervene "merely to attack or thwart a remedy rather than participate in the future administration of the remedy"); *Orange Cty. v. Air California*, 799 F.2d 535, 538 (9th Cir. 1986) (non-class action in which the city of Irvine chose not to intervene until settlement even though the "consent decree had been preceded by extensive and well-publicized negotiations").

15
16
17

18 [3] *Lindblom v. Santander Consumer USA, Inc*, 2018 WL 3219381, at *2 (E.D. Cal. June 29, 2018) (class counsel—who was aware that his class representative may not be a class member—waited years to file motion to add alternative class representatives); *Lee v. Pep Boys-Manny Moe & Jack of California*, No. 12-CV-05064-JSC, 2016 WL 324015, at *7 (N.D. Cal. Jan. 27, 2016) (intervenor/plaintiff's counsel expressed awareness that defendants would challenge his current class representative's adequacy, yet waited months to seek leave to add additional plaintiff).

19
20

21 [4] *Allen*, 787 F.3d at 1222 (the movants cited no change of circumstances justifying intervention, "knew of the Allen litigation, which had been ongoing for four years, for at least a year before they moved to intervene and had regularly asked Labor Ready about the status of settlement talks in Allen's case."); *Smith v. Marsh*, 194 F.3d 1045, 1052-53 (9th Cir. 1999) (movants presented no reason for late intervention); *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1301, 1304 (9th Cir. 1997) (applicant moved for intervention because of the stagnate nature of the case); *SurvJustice Inc. v. DeVos*, No. 18-cv-00535-JSC, 2019 WL 1427447, at *4 (N.D. Cal. 2019) (movant provided no explanation for delay aside from a "hope[] that Plaintiffs would amend their complaint to advance the legal theories set forth by [the movants] in their June 2018 amicus brief."); *Harris v. Vector Mktg. 27 Corp.*, No. C-08-5198 EMC, 2010 WL 3743532, at *5 (N.D. Cal. 2010) (nothing occurred that could be deemed a change in circumstances).

22
23
24
25
26

27

8

REPLY IN SUPPORT OF RENEWED MOTION TO INTERVENE AND AMEND COMPLAINT TO ALLEGE
STATE LAW CLAIMS FOR THE OMITTED REPEALER STATES
Case No. 3:07-cv-5944, MDL No. 1917

*Second*,  Defendants contend that ORS Plaintiffs will seek to "reopen discovery if they are dissatisfied with lead counsel's work" (Dkt. 5663 at 11), which distorts what the ORS Plaintiffs said. The ORS Plaintiffs have always been clear that they anticipate little, if any, liability discovery. (Dkt. 5645 at 15-16).

Moreover, Defendants' suggestion that the merits of this case have been heavily litigated since 2010 is misleading: The United States Department of Justice moved for a stay of all discovery in July 2008 pending its criminal investigation. (Dkt. 4071-01 at ¶ 26). Document discovery was stayed until March 12, 2010. *Id*.  The stay on deposition discovery lasted even a year longer, until March 1, 2011. *Id*.  According to Class Counsel, merits depositions did not commence until December 2012. *Id.* ¶ 47. Two years later, the case had entered settlement mode: two defendants settled before 2015, and from January 2015 to June 2015, the IPPs reached settlement agreements with the six additional Defendants. (Dkt. 3862-1); (Dkt. 3862-2); (Dkt. 3862-3); (Dkt. 3862-4); (Dkt. 3862-5); (Dkt. 1933-1); (Dkt. 3876-1); (Dkt. 884-1). Since then, the parties have been litigating settlement, not merits; so, if the settlement is unfair, it is only fair that the merits resume. That is justice at work, not unfair prejudice to the Defendants.

## C. Prongs 2 and 3: Existence and Impairment of ORS Plaintiffs' Interest

This is a class action proceeding.  Although the Defendants would prefer that it not be the case, the indirect purchasers in the ORS have always been putative or actual class members in this case due to the federal claims asserted on their behalf, and all of the claims (including the state-law damages claims) arise from the same industry-wide price-fixing conspiracy.  The Court has never denied class certification as to the ORS.

These facts alone should end the inquiry.  Indeed, "[i]n the class action context, the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23

9

representative litigation." *Miller v. Ghirardelli Chocolate Co.*, C 12-04936 LB, 2013 WL 6776191, at *8 (N.D. Cal. Dec. 20, 2013) (quoting *In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 314 (3rd Cir. 2005)).  Nevertheless, the Defendants—apparently disregarding the ORS Plaintiffs' class-member status—contend that intervention should be denied under these prongs.

### i.    Overview

The Defendants argue that intervention is unnecessary to prevent the impairment of any interest of the ORS.  Their rationale is convoluted.  Initially, they argue that because the ORS Plaintiffs' state-law damages claims are not released in IPP Counsel's new settlement,  there is no reason that the ORS Plaintiffs could not file their own lawsuit to pursue those claims.  (Dkt. 5663 at 15).  But, in the same breath, they disavow that statement, asserting that the ORS claims are hopelessly time-barred and could not be asserted in *any* forum.  (Dkt. 5663 at 16-20).

The ORS Plaintiffs disagree, citing doctrines that would avoid the alleged statute of limitations problem, including relation back and *American Pipe* tolling.  The Defendants contend, however, that the claims do not relate back to IPP Counsel's initial complaint.  (Dkt. 5663 at 16-20).  Thus, they argue, the ORS Plaintiffs have no interests to protect and intervention should be denied.  The Defendants are wrong.

### ii.    Intervention is Necessary to Protect the ORS Plaintiffs' Interest

Intervention is appropriate where it would safeguard a claim against dismissal on untimeliness grounds. *Koike v. Starbucks Corp.*, 602 F. Supp. 2d 1158, 1161 (N.D. Cal. 2009).  The relation-back doctrine applies to prior proceedings that are part of this action. *Forras v. Rauf*, 39 F. Supp. 3d 45, 57 (D.D.C. 2014), *aff'd on other grounds,* 812 F.3d 1102 (D.C. Cir. 2016).  If the ORS Plaintiffs simply filed new suits in another proceeding (as the Defendants contend they should), they and the other ORS class members could be legally barred from invoking the doctrine,

which, in turn, would mean that the ORS Plaintiffs could be time-barred (as the Defendants also contend).  The "practical effect of denying the motion" for intervention would thus be to expose ORS Plaintiffs' claims to dismissal on statute of limitations grounds.  *Koike*, 602 F. Supp. 2d at 1161.  Intervention is appropriate to protect the ORS Plaintiffs' interests.

### iii.    ORS Plaintiffs Have a Cognizable Interest in this Proceeding By Virtue of Various Tolling Principles, Including the Relation-Back Doctrine

On the merits, the Defendants are incorrect that the relation-back doctrine is inapplicable. While we certainly recognize the Court's preference for determining case-dispositive legal issues through a motion to dismiss, given the Defendants' extensive treatment of the issue, we will reply. Of the three relation-back elements, the Defendants challenge two: notice and identity of interests.[5] We will address notice first.

*Notice.* To satisfy the relation-back doctrine's notice requirement, the party invoking the doctrine must bring the same or substantially similar claims asserted in the original pleading.  In this context, "claims" refers to factual claims—not causes of action.  The Defendants suggest, however, that a party seeking to invoke the relation-back doctrine cannot assert any cause of action unless that cause of action was asserted in the original complaint, even if the new cause of action arises from the same underlying facts alleged in the earlier pleading.  (Resp. at 12).  That construction conflicts with Ninth Circuit law.

The touchstone inquiry in a relation-back analysis is whether "the prior complaint has given adequate notice of the *facts* supporting a claim." *Besig v. Dolphin Boating & Swimming Club*, 683

---

[5] *In re Syntex Corp. Sec. Litig.,* 95 F.3d 922, 935 (9th Cir.1996) ("[a]n amendment adding a party plaintiff relates back to the date of the original pleading only when: 1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; 2) the relation-back does not unfairly prejudice the defendant; and 3) there is an identity of interests between the original and newly proposed plaintiff.").

REPLY IN SUPPORT OF RENEWED MOTION TO INTERVENE AND AMEND COMPLAINT TO ALLEGE STATE LAW CLAIMS FOR THE OMITTED REPEALER STATES
Case No. 3:07-cv-5944, MDL No. 1917

F.2d 1271, 1278 (9th Cir. 1982) (emphasis added).  "In order to relate back, the new claim must arise from the same core of operative facts pled prior to the expiration of the statute of limitations." *Howard v. Hui*, C 92-3742-CRB, 2001 WL 1159780, at *6 (N.D. Cal. Sept. 24, 2001) (emphasis added).  Relation back is accordingly appropriate where the new claims are, as a *factual* matter, "encompassed within the scope of the original complaint."  *True Health Chiropractic Inc. v. McKesson Corp.*, 13-CV-02219-JST, 2014 WL 2860318, at *2 (N.D. Cal. June 23, 2014).  And a "defendant has received adequate notice if the definition of the putative class includes the proposed class representative or the new class representative's claims are based upon the same or substantially similar underlying conduct."  *Id.* (collecting cases).

The existence of adequate notice thus turns on the factual similarity of claims, not, as the Defendants argue, whether a named party had previously asserted the same legal cause of action. Indeed, a defendant made a similar argument in *Baranco v. Ford Motor Co.*, 17-CV-03580-EMC, 2018 WL 5474549, at *4 (N.D. Cal. Oct. 26, 2018), contending that the relation-back notice prong was not satisfied because the plaintiff's implied warranty claim in his original complaint "was expressly asserted only under California law," whereas the intervening plaintiff's implied warranty claim was governed by North Carolina law. *Id.*  The court rejected such a constrained view of relation back for two reasons:

*First*, akin to what IPPs have always alleged in this case, the plaintiff's "original complaint expressly brought its claims on behalf of a nationwide class comprising '[a]ll persons' who purchased 'Subject Vehicles distributed for sale or lease in any of the fifty States,'" which was sufficient to put Ford on notice that a North Carolina purchaser could bring claims based on the same alleged defect as the original named plaintiff seeking relief under California law. *Id.* at 3. *Second*, Ford had received sufficient notice because, "even if the original complaint had asserted

12

only a California implied warranty claim, [the intervening plaintiff's] North Carolina claim arose from the same 'conduct' alleged in the complaint, which means Ford had adequate notice of it." *Id.* at 4 (citing Fed. R. Civ. P. 15(c)(1)(B) and *Zorrilla v. Carlson Restaurants Inc.*, 255 F. Supp. 3d 465, 477 (S.D.N.Y. 2017).

Here, the Defendants have conceded that all of the plaintiffs' claims "make the same basic antitrust allegations" that have always been alleged in this proceeding and that those claims will rise or fall based upon "the same evidence . . . ." (Dkt. 5525 at 5, 7). Given that the factual underpinning for the ORS Plaintiffs' claims remain the same, notice is satisfied. *See King v. Bank of Am., N.A.*, No. C15-1014-TSZ, 2015 WL 12930129, at *4 (W.D. Wash. Dec. 28, 2015) (allowing relation back where "[e]ach of plaintiff's causes of action results from a 'common core of operative facts,'" and "[p]laintiff merely allege[d] an alternative theory of recovery for the same transaction.").

Moreover, the nationwide class definition in this case for price-fixing and conspiracy claims has always included the proposed new ORS class representatives (and the other members of the ORS), and the proposed new class representative's claims are based upon the same or substantially similar underlying conduct that form those federal claims. Notice is satisfied. *See Baranco*, 2018 WL 5474549, at *3-4; *Zorrilla v. Carlson Restaurants Inc.*, 255 F. Supp. 3d 465, 477 (S.D.N.Y. 2017) (new state law claims satisfied the "adequate notice" prong where the original complaint "brought a nationwide collective action premised on the allegation that [d]efendants apply the same employment policies, practices, and procedures" nationwide); *Allen v. Similasan Corp.*, 96 F. Supp. 3d 1063, 1069 (S.D. Cal. 2015) ("Where the new plaintiffs had always been a part of the putative class, notice is satisfied because Defendants had always known that all putative class members were potential plaintiffs.").

13

Nevertheless the Defendants rely on *Leachman v. Beech Aircraft Corp.*, 694 F.2d 1301, 1309 (D.C. Cir. 1982), *Howard v. Hui*, No. C 92-3742-CRB, 2001 WL 1159780, at *6 (N.D. Cal. Sept. 24, 2001) (quoting *Leachman*, 694 F.2d at 1308-09), and *Avila v. I.N.S.*, 731 F.2d 616, 620 (9th Cir. 1984) (citing *Leachman*, 694 F.2d at 1308-10), for the proposition that "new" claims cannot relate back.  Their reliance is misplaced.

In *Leachman*, the Court of Appeals for the District of Columbia held that there must be some limiting principle to ensure that relation back does not allow "total strangers" to bring time-barred claims that a defendant could not have anticipated.  694 F.2d at 1309.  But that decision did not go so far as to hold that a new party may never bring "new" claims, as Defendants contend.  Instead, the decision turned on equitable principles of notice, explaining that "[t]he touchstone once again is whether the defendant knew or should have known of the existence and involvement of the new plaintiff." *Id.*  The cited order from *Howard* quotes *Leachman* for that basic principle, just as the Ninth Circuit cited *Leachman* in *Avila*.  As the Ninth Circuit stated in *Avila*, "[i]n deciding whether an amendment relates back to the original claim, notice to the opposing party of the existence and involvement of the new plaintiff is the critical element." 731 F.2d at 620.

Such party notice is easily met in the class action context.  As this Court stated: "A defendant has received adequate notice if the definition of the putative class includes the proposed class representative or the new class representative's claims are based upon the same or substantially similar underlying conduct." *True Health Chiropractic Inc. v. McKesson Corp., No.* 13-CV-02219-JST, 2014 WL 2860318, at *2 (N.D. Cal. June 23, 2014); *see also Baranco v. Ford Motor Co.*, No. 17-CV-03580-EMC, 2018 WL 5474549, at *3 (N.D. Cal. Oct. 26, 2018)  ("For amendments that seek to expand the scope of a putative class, the notice requirement is satisfied

when 'the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff[.]'" (quoting *Syntex Corp.*, 95 F.3d at 935)).

*Identity-of-Interest.* The Defendants also challenge the identity-of-interest prong of the relation-back doctrine. But that argument similarly fails. Specifically, the Defendants state, "the ORS Movants from Missouri, Montana, New Hampshire, Oregon, South Carolina, and Utah cannot satisfy the identity-of-interests requirement for relation back, because no named plaintiff has ever appeared for those states." (Dkt. 5663 at 16). But the standing cases on which the Defendants rely illustrate the flaw in their logic: none require that a named plaintiff previously asserted the same legal cause of action that the intervening plaintiff subsequently seeks to assert, as the Defendants make it seem. In each case, the original plaintiffs lacked standing to assert certain causes of action because they did not *factually* suffer the harms covered by the claims.[6]

But that is not true here. The named class representatives in this case have *always* had standing to assert the price-fixing and conspiracy claims on behalf of the ORS class members that form the same factual basis for the proposed state-law claims for the ORS class members. And the ORS Plaintiffs have *always* been class members. Thus, they have been in this case with standing to assert the price-fixing and conspiracy-based state-law causes of action that they now

---

[6] *Francisco v. Emeritus Corp.*, No. 17-cv-2871-VAP (SSx), 2018 WL 6070942 at *3 (C.D. Cal. Jan. 10, 2018) (original plaintiff could not assert claims under the CLC because he had not been employed within the three-year period preceding the filing of the complaint as required by that cause of action); *Palmer v. Stassinos,* 236 F.R.D. 460, 466 n.14 (N.D. Cal. May 18, 2006) (original plaintiffs could not assert claims under the UCL because neither plaintiff paid any of the requested fees and, therefore, suffered no injury in fact that would entitle them to restitution or disgorgement under the UCL) (facts taken from *Palmer v. Stassinos*, C04-03026 RMW, 2005 WL 3868001, at *1 (N.D. Cal. Apr. 28, 2005) (order on reconsideration); *Howard v. Hui*, No. C 92-3742-CRB, 2001 WL 1159780, at *7 (N.D. Cal. Sept. 24, 2001) (first plaintiff did not trade contemporaneously and, therefore, did not suffer harm that would support insider trading claim).

15

seek to allege—causes of action arising out of the same conduct always alleged on behalf of them and the other members of the ORS.

To get around this troublesome fact, the Defendants argue in conclusory fashion that unnamed class members are not parties.  (Dkt. 5663 at n.25).  But that is not true either. "[N]onnamed class members … may be parties for some purposes and not for others. The label 'party' does not indicate an absolute characteristic, but rather a conclusion about the applicability of various procedural rules that may differ based on context." *Devlin v. Scardelletti*, 536 U.S. 1, 9–10 (2002); *see also* § 9:1.*Absent class members—Generally*, 3 NEWBERG ON CLASS ACTIONS § 9:1 (5th ed.) ("The law knows few odder parties than the absent class member in a class action lawsuit."); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 (1985) (referring to absent class members as "plaintiff[s]": "Unlike a defendant in a normal civil suit, an absent class-action plaintiff is not required to do anything. He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection.").  *Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011)—cited by the Defendants—holds only that an unnamed class member is not bound by an unsuccessful motion for class certification.  That point is not determinative here.  In fact, *Smith* makes clear that unnamed class members may receive certain benefits from a proceeding, "such as the tolling of a limitations period."  *Id.* n. 10.

And, as illustrated in the renewed motion, the identity-of-interest prong is easily satisfied in the class action context.  The requirement is met if "the circumstances giving rise to the claim remain[] the same under the amended complaint as under the original complaint." *Immigrant Assistance Project*, 306 F.3d at 858 (quoting *Raynor Bros. v. Am. Cyanimid Co.*, 695 F.2d 382,

384 (9th Cir.1982)) (alterations and internal quotation marks omitted). Where an intervening plaintiff has always been part of the litigation, this prong is met. (Dkt. 5645 at 17-20). [7]

## III. Amendment is Appropriate

The Defendants largely raise the same arguments for denial of amendment as they raise for denial of intervention. We will not address those arguments again here. However, the Defendants do raise one additional argument regarding amendment that we must separately address. Specifically, they take issue with the fact that the ORS Plaintiffs have titled their proposed pleading in intervention as a "severed" complaint. (Dkt. 5663 at 20-23).

*First*, Rule 24(c) simply requires a motion for intervention to "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." The name chosen for a pleading and its form are not subject to any strict requirements. *See Payne v. Weirton Steel Co.,* 397 F. Supp. 192, 197 (N.D.W. Va. 1975) (granting intervention where "would-be intervenors move[d] the Court to allow them to adopt the complaint of the Plaintiffs"); *Alexander v. Hall*, 64 F.R.D. 152, 156 (D.S.C. 1974) (allowing intervenor to "adopt the plaintiffs' Complaint as [their] Complaint in intervention" and stating that such a construction is " within the liberal construction of the Federal Rules of Civil Procedure"); *Wooten v. Moore*, 42 F.R.D. 236, 241 (E.D.N.C. 1967)

_____

[7] The Defendants also challenge *American Pipe* tolling. Their interpretation of the doctrine is overly narrow. *See Tosti v. City of Los Angeles,* 754 F.2d 1485, 1489 (9th Cir. 1985) ("We find no persuasive authority for a rule which would require that the individual suit must be identical in every respect to the class suit for the statute to be tolled."); *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999) ("Because Griggs had standing, the applicable limitation period was tolled as to all putative class members by the timely filing of Griggs's complaint. Therefore, * * * other class members were not barred, and amendment to substitute them as class representatives should have been permitted."); *Young v. LG Chem Ltd.*, 13-MD-02420-YGR, 2015 WL 8269448, at *4 (N.D. Cal. Dec. 9, 2015) ("Defendants also rely on cases holding that *American Pipe* tolling does not apply to class action claims for which the original named plaintiffs lacked standing. These cases are inapposite because, as discussed above, Defendants have not established that the withdrawing representatives lack standing to bring their own claims.").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

(using the term "Complaint In Intervention" to describe the pleading filed "as an ancillary accompaniment to a motion stating itself the grounds for intervention"). The Defendants themselves note that the name given to a complaint is "inapposite," yet spend considerable amount of time substantively explaining why severance would make no sense. (Dkt. 5663 at 20-21). But the ORS Plaintiffs do not seek severance from this case; they seek to comply with the Court's order requiring a separate pleading for the ORS class claims while recognizing that their claims are a continuation of the same factual claims that have always been alleged on their behalf in this case.

*Second*, the Defendants contend that the Court does not have jurisdiction to hear the ORS Plaintiffs' claims. (Dkt. 5663 at 21-22). But that argument is built upon the false premise that the ORS Plaintiffs' claims are "new" and have never been asserted in this case. That is not so. The ORS Plaintiffs' claims were litigated in this proceeding from the beginning, and the ORS Plaintiffs have always been putative or actual class members in this case. The fact that the ORS Plaintiffs are now seeking to replace the prior class representatives who can no longer adequately represent them or the other ORS class members in light of an indisputable conflict does not transmute the ORS claims into "new" claims that must be transferred into this MDL.

The Defendants' contention that these claims amount to "new claims" thus misses the mark. This case is nothing like *In re Mortgage Elec. Registration Sys. (Mers) Litig.*, MD-09-02119-PHX-JAT, 2016 WL 3931820 (D. Ariz. July 21, 2016), on which they primarily rely. Here, the ORS Plaintiffs (who have always been properly represented by class representatives with Article III standing to assert antitrust and price-fixing claims on their behalf) are not seeking to file new claims that are untethered from the already-pending litigation. Instead, they are simply seeking to replace their conflicted representation and assert additional causes of action that are

18

factually inseparable from those that have always been pending.   Moreover, unlike in the

Defendants' cited case, there has indisputably been original federal claim jurisdiction from the

outset of this litigation, which would allow for the Court to exercise supplemental jurisdiction over

the ORS Plaintiffs' new legal causes of action (which of course, amount to no more than different

legal theories for recovery based on the same factual predicate.)[8]

**IV. The Thomson Defendants' Relation-Back Argument is Incorrect**

The Thomson Defendants argue that they have never been named as defendants in this

litigation and, therefore, the ORS Plaintiffs must satisfy the additional Rule 15(c)(1)(C)

requirements for adding a *new defendant*.  Their premise is off base.  As they concede in their

response, Thomson was named as a defendant in two pre-MDL complaints that were consolidated

in this MDL. (Dkt. 5662 at 2-3). "Cases consolidated for MDL pretrial proceedings ordinarily

retain their separate identities . . . .  Section 1407 refers to individual 'actions' which may be

transferred to a single district court, not to any monolithic multidistrict 'action' created by

transfer." *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 904, (2015); *see also Lexecon Inc. v.

Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 37, (1998) (§ 1407 does not "imbu[e]

---

[8] Additionally, Defendants' argument attempts to make a mountain out of a procedural molehill, misconstruing the limits of MDL litigation.  As one court has explained, "direct filing complaints in MDL proceedings is not uncommon, nor is it *per se* impermissible under the MDL statute, the JPML Rules of Procedure, or interpretive case law." *In re Takata Airbag Products Liab. Litig.*, 379 F. Supp. 3d 1333, 1338 (S.D. Fla. 2019).  Judicial Panel of Multidistrict Litigation Rule 7.2(a) explicitly allows for direct filing.  *See* J.P.M.L.  R.  7.2(a) ("Potential tag-along actions filed in the transferee district do not require Panel action.  A party should request assignment of such actions to the Section 1407 transferee judge in accordance with applicable local rules."); *see also In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, Civil Action No. H-10-171, 2011 WL 1232352, at *4 (S.D. Tex. Mar. 31, 2011) ("The JPML's rules expressly provide for joining direct filings with the MDL cases under a court's local rules without transferring through the JPML.") (citing J.P.M.L. R. 7.2(a));  *In re Managed Care Litig.*, 150 F.Supp.2d 1330, 1336 n.5 (S.D. Fla. 2001) (declining to dismiss direct-file complaints).

REPLY IN SUPPORT OF RENEWED MOTION TO INTERVENE AND AMEND COMPLAINT TO ALLEGE
STATE LAW CLAIMS FOR THE OMITTED REPEALER STATES
Case No. 3:07-cv-5944, MDL No. 1917

transferred actions with some new and distinctive ... character").  The cases were transferred only for purposes of consolidated pre-trial proceedings.  (Dkt. 122).  Thomson was named as a defendant.  *Brown v. United States*, 976 F.2d 1104, 1107 (7th Cir. 1992) ("Since the consolidation was for pretrial proceedings only, the tax refund case retains its separate identity."). Even IPP Counsel suggested that ORS proceed by amending a pre-consolidation complaint.  (Dkt. 5593 at 2).

## CONCLUSION

The Court should grant the ORS Plaintiffs' motion to intervene and amend.  The ORS Plaintiffs have been class members in this proceeding since the outset.  To deny them intervention at this point (when all they seek to do is to replace their current conflicted representation in this same proceeding) could potentially render their claims legally unenforceable  by no fault of their own.  Intervention and amendment should be granted to avoid that unjust result.

REPLY IN SUPPORT OF RENEWED MOTION TO INTERVENE AND AMEND COMPLAINT TO ALLEGE
STATE LAW CLAIMS FOR THE OMITTED REPEALER STATES
Case No. 3:07-cv-5944, MDL No. 1917

Dated:  January 9, 2020

Respectfully submitted,

1

2

*/s/  Theresa D. Moore*
Theresa D. Moore

*/s/  Francis. O. Scarpulla*
Francis O. Scarpulla

3

4

Theresa D. Moore (99978)
Law Offices Of Theresa D. Moore
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 613-1414
tmoore@aliotolaw.com

Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: 415-788-7210
Facsimile:  415-788-0706
fos@scarpullalaw.com
pbc@scarpullalaw.com

5

6

7

8

*Interim Co-Lead Counsel for Indirect-
Purchaser Plaintiffs ORS Subclass*

*Interim Co-Lead Counsel for Indirect-
Purchaser Plaintiffs ORS Subclass*

9

10

*/s/   Robert J. Bonsignore*
Robert J. Bonsignore

John G. Crabtree, *appearing pro hac vice*
Brian Tackenberg, *appearing pro hac vice*
Crabtree & Auslander
240 Crandon Boulevard, Suite 101
Key Biscayne, FL 33149
Telephone:  (305) 361-3770
Facsimile:  (305) 437-8188
jcrabtree@crabtreelaw.com
btackenberg@crabtreelaw.com

11

Robert J. Bonsignore, *admitted pro hac vice*
*Lisa Sleboda pro hac vice pending*
*Wendy Angulo pro hac vice pending*
*Kimberly Collins pro hac vice pending*
Bonsignore Trial Lawyers, PLLC
3771 Meadowcrest Drive
Las Vegas, NV  89121
Telephone:  (781) 845-7650
Facsimile:   (702) 852-5626
rbonsignore@class-actons.us

12

13

14

15

16

17

*Interim Co-Lead Counsel for Indirect-
Purchaser Plaintiffs ORS Subclass*

Brian M. Torres, *appearing pro hac vice*
Brian M. Torres, P.A.
One S.E. Third Avenue, Suite 3000
Miami, FL  33131
Telephone:  (305) 901-5858
Facsimile:   (303) 901-5874
Email: btorres@briantorres.legal

18

Joseph Alioto (42680)
Alioto Law Firm
One Sansome St., 35 Floor
San Francisco, CA  94104
Telephone:  (415) 434-8900
Email:  jmalioto@aliotolaw.com

19

20

*Counsel for Indirect Purchaser Plaintiffs ORS
Subclass*

21

22

*Counsel for Indirect Purchaser Plaintiffs
ORS Subclass*

Christopher A. Nedeau
The Nedeau Law Firm
750 Battery Street, 7th FloorSan Francisco,
CA  94111
Telephone:  (415) 516-4010
Email: cnedeau@nedeaulaw.com

23

24

25

*Counsel for Indirect Purchaser Plaintiffs
ORS Subclass*

26

27

21

Michael Noonan, *pending pro hac vice*
William Shaheen, *pending pro hac vice*
Christine Craig, *pending pro hac vice*
Lucy Karl, *appearing pro hac vice*
Shaheen and Gordon
353 Central Avenue
P.O. Box 977
Dover, NH  03821
Telephone:  (603) 871-4144
Email:  mnoonan@shaheengordon.com
        wshaheen@shaheengordon.com
        ccraig@shaheengordon.com
        lkarl@shaheengordon.com

*Counsel for Indirect Purchaser Plaintiffs ORS Subclass*

22

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was filed *via* CM/ECF on January 9, 2020 and as a result has been served on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ John G. Crabtree
John G. Crabtree

REPLY IN SUPPORT OF RENEWED MOTION TO INTERVENE AND AMEND COMPLAINT TO ALLEGE
STATE LAW CLAIMS FOR THE OMITTED REPEALER STATES
Case No. 3:07-cv-5944, MDL No. 1917