UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-05944-JST |
| This Document Relates to: *ALL DIRECT PURCHAER ACTIONS* *ALL INDIRECT PURCHASER ACTIONS* | **ORDER GRANTING MOTION TO STAY AND DENYING MOTION FOR** *CHUMAN* **CERTIFICATION** Re: ECF No. 5651, 5653 |

Before the Court is Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively "the Irico Defendants" or "Irico")'s motion to stay proceedings, ECF No. 5651, and the Direct Purchaser Plaintiffs' ("DPPs")'s motion for *Chuman* certification of the Irico Defendants' appeal, ECF No. 5653. The Court will grant the motion to stay and deny the motion for *Chuman* certification.

## I.  BACKGROUND

The facts regarding this case are well known to the parties, and the Court summarizes them here only insofar as they bear on the present motions.

Plaintiffs allege the Irico Defendants and others conspired to fix prices, allocate market share, and restrict output of products containing cathode ray tubes ("CRT Products") from March 1995 to November 2007. ECF No. 436 ¶¶ 1, 5; ECF No. 1526 ¶¶ 1-2. Plaintiffs specifically assert that Irico participated in dozens of meetings during which the conspirators reached agreements on price, output restrictions, and customer and market allocation. ECF No. 436 ¶ 159; ECF No. 1526 ¶¶ 145-50.

"After appearing in the action, accepting service of process, and joining a motion to dismiss filed by other defendants, Irico made the decision not to answer [the] complaint[s] based

on Irico's belief that it was immune from suit in the United States." ECF No. 5214 at 6. In July 2016, the Direct Purchaser Plaintiffs ("DPPs") and Indirect Purchaser Plaintiffs ("IPPs") filed for entry of default against the Irico Defendants. ECF Nos. 4724, 4725. The clerk entered default against Irico in favor of both groups of plaintiffs. ECF Nos. 4727, 4729. On Irico's motion, on February 1, 2018, the Court set aside the default. ECF No. 5240.

In that order, the Court considered the Irico Defendants' arguments that the Court lacks subject matter jurisdiction over them under the Foreign Sovereign Immunities Act ("FSIA"), which, with some exceptions, provides immunity for foreign states.[1] *Id.* The Court found that Irico had failed to show FSIA immunity but recognized the possibility that "further proceedings might demonstrate that the [FSIA] defense applies and the Court lacks jurisdiction. They might also show the opposite." *Id.* at 19-20. Accordingly, the Court permitted the parties to undertake jurisdictional discovery. *Id.* at 20.

On March 13, 2019, the Irico Defendants moved to dismiss the claims against them for lack of subject matter jurisdiction under the FSIA. ECF Nos. 5409, 5410, 5411, 5412. The Court denied the motions and found that its "exercise of jurisdiction over the Irico Defendants is not barred by the Foreign Sovereign Immunities Act." ECF No. 5637 at 13. On November 22, 2019, the Irico Defendants appealed this ruling to the Ninth Circuit and moved to stay proceedings pending appeal. ECF Nos. 5650, 5651. Shortly thereafter, the DPPs filed a motion for *Chuman* certification "that the Irico Defendants have forfeited any right to an immediate appeal." ECF No. 5653 at 5. Both the DPPs and the IPPs oppose the Irico Defendants' motion to stay. ECF Nos. 5656, 5657. The IPPs join in the DPPs' motion for *Chuman* certification, and the Irico Defendants' oppose the motion. ECF No. 5657 at 2, 3; ECF No. 5659.

## II. LEGAL STANDARD

"In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Academy of Orthopedic Surgeons*, 470 U.S. 373, 379 (1985); *see Mayweathers v. Newland*,

---

[1] In its order setting aside default, the Court found that the Irico Defendants' "failure to raise its subject matter jurisdiction defense earlier . . . does not constitute a waiver." ECF No. 5240 at 13.

258 F.3d 930, 935 (9th Cir. 2001) ("When a notice of appeal is filed, jurisdiction over the matters being appealed normally transfers from the district court to the appeals court."). "[T]he denial of a motion to dismiss for foreign sovereign immunity is an immediately appealable collateral order."[2] *Microsoft Corp. v. Commonwealth Sci. & Indus. Research Org.*, No. C 05-01894 MJJ, 2005 WL 8165886, at *2 (N.D. Cal. Nov. 11, 2005) (citing *Blaxland v. Commonwealth Dir. of Pub. Prosecutions*, 323 F.3d 1198, 1203 (9th Cir. 2003)). "As such, upon the filing of a notice of appeal, the district court is divested of jurisdiction over the case, pending the appellate court's resolution of the appeal." *Id.*

A district court may exercise concurrent jurisdiction with the appellate court and allow a case to proceed to trial contemporaneously with the appeal if "the district court finds that the defendants' claim of immunity is frivolous or has been waived, and certifies such in writing." *M.A. Mobile Ltd. v. Indian Inst. of Tech. Kharagpur*, No. C-08-02658-RMW, 2014 WL 2216253, at *1; *see Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) ("Should the district court find that the defendants' claim of qualified immunity is frivolous or has been waived, the district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial"); *Cassirer v. Thyssen-Bornemisza Collection Found.*, 862 F.3d 951, 957-58 (9th Cir. 2017) (applying *Chuman* in the context of an interlocutory sovereign immunity appeal). "In the absence of such certification, the district court is automatically divested of jurisdiction to proceed with trial pending appeal." *Chuman*, 960 F.2d at 105.

**III.   DISCUSSION**

Irico Defendants' appeal of this Court's order denying motion to dismiss for lack of jurisdiction "divests the district court of control over those aspects of the case involved in the appeal." *Marrese*, 470 U.S. at 379; *see M.A. Mobile*, 2014 WL 2216253, at *1-2 (granting motion to stay pending appeal of the court's "denial of a motion to dismiss on the basis of sovereign

---

[2] Under the "collateral order" rule, "an interlocutory order is immediately appealable if it conclusively determines the disputed question, resolve[s] an important issue completely separate from the merits of the action, and is effectively unreviewable on appeal from final judgment." *United States v. Claiborne*, 727 F.2d 842, 844 (9th Cir. 1984) (internal quotation marks and citation omitted); *Microsoft*, 2005 WL 8165886, at *2 n.3 (same).

immunity").

The DPPs do not argue, and the Court does not find, that the Irico Defendants' motions were frivolous. They do argue, however, that "the Irico Defendants have forfeited their entitlement to an interlocutory appeal by virtue of their dilatory assertion of their FSIA defense." ECF No. 5653 at 19. However, as the Court found in its order setting aside default, "the Irico Defendants' failure to raise its subject matter jurisdiction defense earlier . . . does not constitute waiver" of this defense. ECF No. 5240. Moreover, the Irico Defendants "did not waive any appellate right" by engaging in jurisdictional discovery permitted by this Court and, subsequently, filing motions to dismiss for lack of jurisdiction under the FSIA. ECF No. 5240 (setting aside default and noting that "the DPPs are free to undertake jurisdictional discovery"). *Caylor v. City of Seattle*, No. C11-1217RAJ, 2013 WL 2253611, at *2 (W.D. Wash. May 22, 2013). Therefore, even though "trial proceedings may be significantly disrupted and delayed, the district court has no jurisdiction to proceed with trial while the defendants appeal" the sovereign immunity issue to the Ninth Circuit. *Murray v. Williams*, No. 2:10-cv-968-JAD-GWF, 2014 WL 11016403, at *2 (D. Nev. Nov. 25, 2014).

## CONCLUSION

For the foregoing reasons, the Court grants the motion to stay proceedings and denies the motion for *Chuman* certification. All proceedings as to the Irico Defendants are hereby stayed pending disposition of appeal before the Ninth Circuit or further court order.

**IT IS SO ORDERED.**

Dated: February 4, 2020

_____
JON S. TIGAR
United States District Judge