UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 07-cv-05944-JST |
| This Order Relates To: <br> ALL INDIRECT PURCHASER ACTIONS <br> ALL DIRECT PURCHASER ACTIONS | **ORDER DENYING RENEWED MOTIONS TO INTERVENE** <br><br> Re: ECF Nos. 5643, 5645 |

Before the Court are Non-Repealer State Subclass Member Eleanor Lewis's renewed motion to intervene and Other Repealer States' renewed motion to intervene and file severed complaint. ECF Nos. 5643, 5645. The Court will deny the motions.

## I. BACKGROUND

The facts regarding this case are well known to the parties, and the Court summarizes them here only insofar as they bear on the present motions.

In February 2008, the Judicial Panel on Multidistrict Litigation ("JPML") ordered the centralization of actions alleging that certain defendants conspired to fix prices of cathode ray tubes. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 536 F. Supp. 2d 1364 (J.P.M.L. 2008). On July 7, 2016, this Court granted final approval of settlement agreements which resolved claims between one set of plaintiffs – the Indirect Purchaser Plaintiffs ("IPP Plaintiffs") – and six sets of corporate defendants. ECF No. 4712 at 1. Two objectors sought appeal of this decision in the Ninth Circuit. ECF No. 4741.

On November 8, 2018, this Court issued an order in which it concluded that it erred in approving the settlement provision which required class members in certain Omitted Repealer States to release their claims without compensation. *See* ECF No. 5362 at 1. The order expressed

"concerns about the adequacy of the counsel who negotiated that settlement or whether they may have faced a conflict of interest." *Id.* at 1. In response, the Ninth Circuit remanded "this case so that the district court [could] reconsider its approval of the settlement." *See In re Cathode Ray Tube Antitrust Litig.*, No. 16-16368 (9th Cir. Feb. 13, 2009), ECF No. 238 at 11.

On remand, this Court confirmed the existing lead counsel for the IPP Plaintiffs and appointed separate counsel for the unnamed Omitted Repealer State subclass ("ORS Subclass")[1] and Non-Repealer State subclass ("NRS Subclass").[2] ECF Nos. 5535, 5518. The Court then referred the matter to Magistrate Judge Corley for settlement. ECF No. 5427.

On August 23, 2019, NRS Subclass member Eleanor Lewis and several members of the ORS Subclass moved to intervene in this litigation and file an amended complaint. ECF Nos. 5565, 5567. The Court denied these motions without prejudice. ECF No. 5626 at 3; ECF No. 5628 at 3. In November 2019, Lewis and the ORS Subclass filed renewed motions to intervene. ECF Nos. 5643, 5645. IPP Plaintiffs do not oppose the motions to intervene but "do, however, oppose the request by NRS Plaintiff Eleanor Lewis . . . that all indirect purchaser plaintiffs be ordered to file a single consolidated amended complaint *after* intervention." ECF No. 5664 at 2. The Thomson Defendants[3] and Samsung Defendants[4] oppose the motions. ECF Nos. 5662, 5663. Lewis and the ORS Subclass have filed replies. ECF Nos. 5668, 5670.

## II. JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

---

[1] The ORS Subclass consists of Indirect Purchaser Plaintiffs with claims in the following Omitted Repealer States: Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah. ECF No. 5518 at 1.

[2] The NRS Subclass consists of Indirect Purchaser Plaintiffs with claims in the following Non-Repealer States: Alabama, Alaska, Colorado, Connecticut, Delaware, Georgia, Idaho, Illinois, Indiana, Kentucky, Louisiana, Maryland, New Jersey, Ohio, Oklahoma, Pennsylvania, Texas, Virginia, Washington, and Wyoming. ECF No. 5518 at 2.

[3] The Thomson Defendants consist of Thomson SA and Thomson Consumer Electronics, Inc. ECF No. 5662 at 1.

[4] The Samsung Defendants consist of Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malasia) Sdn. Bhd. ECF No. 5663 at 1.

### III. DISCUSSION

The multidistrict litigation ("MDL") "statute, 28 U.S. § 1407, limits the actions that may be transferred for coordinated or consolidated pretrial proceedings to 'civil actions involving one or more common questions of fact [that] *are pending in different districts ....*'" *In re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litig.*, MDL No. 33-1439, 2008 WL 4763029, at *3 (D. Or. Oct. 28, 2008) (emphasis in original) (quoting 28 U.S.C. § 1407(a)). "A plaintiff may not unilaterally add actions in [an] MDL that have not been pending in federal court elsewhere or which were not transferred to the transferee court through the MDL process." *In re Mortgage Elec. Registration Sys. (MERS) Litig.*, No. MD-09-02119-PHX-JAT, 2016 WL 3931820, at *5 (D. Ariz. July 21, 2016) (citing *In re Farmers*, 2008 WL 4763029, at *3).

Lewis moves to intervene by filing a new "NRS Subclass Complaint." ECF No. 5643 at 3. ORS Movants seek to intervene by filing a "severed complaint amending the prior allegations to add state law claims." ECF No. 5645 at 20. The Court finds, however, that the MDL statute does not permit movants' direct intervention into the MDL proceedings, whether by filing separate complaints or amending IPP Plaintiffs' operative complaint.

First, movants are not permitted to file complaints directly into MDL proceedings. *In re MERS*, 2016 WL 3931820, at *7 ("[T]he majority of case law on this topic indicates that a transferee court's jurisdiction is not sufficiently invoked where an added plaintiff never filed a lawsuit in any federal court nor had its case transferred to the transferee MDL court by the Judicial Panel."); *see In re Farmers*, 2008 WL 4763029, at *3, 5 (dismissing four subclasses for lack of subject matter jurisdiction where plaintiffs added "state law class actions in this MDL that had not been pending in federal court elsewhere and were not transferred to this court through the MDL process"). Cases must already be pending in a federal court before they can be added to an existing MDL. *See In re MERS*, 2016 WL 3931820, at *5. If a potential tag-along action is pending in a different district, the Clerk of the JPML "may enter a conditional order transferring that action to the previously designated transferee district court" upon learning of the pendency of

/ / /

/ / /

the action.[5] J.P.M.L. R. 7.1(b). If a potential tag-along action is filed in the transferee district, a party may "request assignment of such action[] to the Section 1407 transferee judge in accordance with applicable local rules." J.P.M.L. R. 7.2(a).

Second, as discussed in its previous orders, movants may not add new plaintiffs to an MDL by amending IPP Plaintiffs' complaint. ECF No. 5628 at 3 ("Movants are attempting to amend someone else's complaint. They cite no authority permitting a proposed intervenor to take such a step, and the Court concludes it is not allowed."); ECF No. 5626 at 3 (same); *see In re MERS*, 2016 WL 3931820, at *7 ("Plaintiffs cannot add [potential class member] DeBaggis as a plaintiff by amendment in the MDL as this directly contradicts the appropriate procedures designated in 28 U.S.C. § 1407 for consolidating cases for pretrial proceedings."). Rather, the proper course for proposed "new plaintiffs in this MDL litigation is to file their claims in the appropriate forums and to permit the MDL consolidation process to operate as intended." *In re MERS*, 2016 WL 3931820, at *10 (quoting *In re Packaged Ice Antitrust Litig.*, No. 08-MDL-1952, 2011 WL 6178891, at *8 (E.D. Mich. Dec. 12, 2011)).

ORS Movants argue that JPML Rule 7.2(a) "explicitly allows for direct filing" in MDL proceedings. ECF No. 5670 at 25 n.8. However, Rule 7.2(a) does not waive the requirement to file an action in federal court prior to seeking transfer to the MDL. Instead, it provides that potential tag-along actions which are already "*filed* in the transferee district" may "request assignment of such action to the transferee judge in accordance with applicable local rules." J.P.M.L. R. 7.2(a).[6] Moreover, the filing of an initial complaint prior to seeking transfer to an

---

[5] Under Rule 7.1(a) of the JPML Rules of Procedure, "[a]ny party or counsel in actions previously transferred under Section 1407 shall promptly notify the Clerk of the Panel of any potential tag-along actions in which that party is also named or in which that counsel appears."

[6] Some district courts have held that a transferee court may invoke the Rule 7.2(a) transfer procedure only if the district has a local rule that specifically "address[es] . . . potential tag-along actions" in the context of multi-district litigation. *In re MERS*, 2016 WL 3931820, at *6. The Court finds no support for this holding in the text of the rule. To the contrary, the JMPL Rule requires only that the transferee court have local rules regarding the assignment of related cases generally. This reading follows naturally from the rule's admonition that "[p]otential tag-along actions filed in the transferee district do not require Panel action." J.P.M.L. R. 7.2(a); *see also* 23A Karl Oakes, Fed. Proc., L. Ed. § 55:41 (2019) ("Potential tag-along actions filed in the transferee district require no action on the part of the Judicial Panel on Multidistrict Litigation; requests for assignment of such actions to the transferee judge should be made in accordance with

4

MDL is integral to the "unique procedural world of an MDL," where "the authority of the transferee court to handle the case ordinarily ends on conclusion of pretrial proceedings." *In re Farmers*, 2008 WL 4763029, at *3 (citing *Lexecon Inc. v. Milberg Weiss*, 523 U.S. 26, 36-37 (1998)). "Within the context of MDL proceedings, individual cases that are consolidated or coordinated for pretrial purposes remain fundamentally separate actions, intended to resume their independent status once the pretrial stage of litigation is over." *In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 700 (9th Cir. 2011). Each action transferred under Section 1407 "shall be remanded by the panel at or before the conclusion of . . . pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." 28 U.S.C. § 1407(a); *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 903 (2015). Without the filing of an initial complaint independent of the MDL, a plaintiff's "claims have no 'home federal court' to which this Court may eventually remand them in accordance with 28 U.S.C. § 1407(a)." *In re MERS*, 2016 WL 3931820, at *7 (quoting *In re Farmers*, 2008 WL 4763029, at *3).

Lewis argues that there is "no basis in Multidistrict jurisprudence for opposing [her] addition . . . as a plaintiff so that she can represent the interests of her subclass." ECF No. 5668 at 5. In support, Lewis cites *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, 330 F.R.D. 11 (E.D.N.Y. 2019).[7] After the Second Circuit vacated the district court's settlement approval and remanded the action, the court in *Payment Card* appointed "new interim co-lead counsel to represent the interests of different putative classes" and "required each newly defined group of putative class plaintiffs to file a new pleading." ECF No. 5669-1 at 9-10. However, neither the parties nor the court appear to have considered whether the filing of new pleadings in the MDL comported with 28 U.S.C. § 1407. Therefore, Lewis's reference to

---

local rules for the assignment of related actions.") (citing J.P.M.L. R. 7.2(a)).

[7] Lewis has filed a request for judicial notice of a court memorandum and order in *Payment Card*, No. 1:05-md-01720-MKB-JO (E.D.N.Y.). ECF No. 5669. Under Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Accordingly, Lewis's request is granted.

5

*Payment Card* is unpersuasive.

## CONCLUSION

For the foregoing reasons, the Court denies Lewis's and ORS Movants' renewed motions to intervene. Movants may file their claims in the appropriate forum(s) and seek transfer from the JPML or, if properly filed in the Northern District of California, "request assignment of [their] actions to the Section 1407 transferee judge in accordance with applicable local rules." J.P.M.L. R. 7.2(a).

**IT IS SO ORDERED.**

Dated: February 4, 2020



JON S. TIGAR
United States District Judge

United States District Court
Northern District of California