UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION                        MDL No. 1917

**TRANSFER ORDER**

    **Before the Panel:** Defendant LG Electronics U.S.A., Inc. (LGEUS) moves under Panel Rule 7.1 to vacate our order that conditionally transferred the action listed on Schedule A (*Puerto Rico*) to the Northern District of California for inclusion in MDL No. 1917. Plaintiff (the Government of Puerto Rico) and defendants Panasonic Corporation of North America, Philips North America LLC, Hitachi America, Ltd., and Toshiba America Information Systems, Inc., oppose the motion.

    In support of its motion, LGEUS primarily argues that transfer of *Puerto Rico* is not appropriate because the MDL has reached an advanced stage. This characterization undoubtedly is correct—we centralized this litigation in 2008. Even so, significant efficiency and convenience benefits may yet be achieved through the continued transfer of tag-along actions to MDL No. 1917. Many defendants in the MDL have resolved the claims against them, but others have not. Furthermore, a new group of indirect purchaser plaintiffs (who seek to represent putative subclasses of "non-repealer states" and "omitted repealer states") have moved for leave to file new complaints in the MDL. If granted, *Puerto Rico* would greatly benefit from coordination with those actions. Perhaps most importantly, this has been an exceedingly complex litigation, involving numerous defendants, significant foreign discovery, and extensive motion practice. The Honorable Jon S. Tigar has presided over this litigation since 2015 and is best positioned to streamline discovery and motions practice in *Puerto Rico* in light of the discovery and motions practice that have been completed in the MDL. *See In re Domestic Drywall Antitrust Litig.*, MDL No. 2437, 2018 WL 7153387, at *1 (J.P.M.L. 2018).

    While we are of the opinion that efficiencies will be gained by transferring *Puerto Rico* to the MDL at this time, we recognize that the litigation may soon reach a point at which related actions may be more appropriately resolved in the courts in which they were filed. If the transferee judge determines that Section 1407 remand of any claim or action is appropriate, then he can suggest remand with a minimum of delay. *See* Panel Rules 10.1–10.3.

    Therefore, after considering the parties' arguments, we find that the action listed on Schedule A involves common questions of fact with the actions transferred to MDL No. 1917, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the Northern District of California was an appropriate Section 1407 forum for actions sharing factual questions arising out of allegations that defendants—manufacturers of cathode ray tubes (CRTs) and

-2-

products containing CRTs—conspired to fix prices of CRT products in violation of the Sherman Antitrust Act. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 536 F. Supp. 2d 1364, 1364 (J.P.M.L. 2008). Like the plaintiffs in the MDL, plaintiff in *Puerto Rico* alleges that manufacturers of CRTs and CRT products conspired to fix, raise, maintain, or stabilize the prices of CRT products sold in the United States. Although plaintiff asserts an unjust enrichment claim rather than an antitrust claim, different legal theories present no bar to transfer under Section 1407 where common factual issues exist. *See In re Bank of New York Mellon Corp. Foreign Exch. Transactions Litig.*, 857 F. Supp. 2d 1371, 1372–73 (J.P.M.L. 2012).

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Jon S. Tigar for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |

IN RE: CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION                                                              MDL No. 1917

## SCHEDULE A

<u>District of Puerto Rico</u>

GOVERNMENT OF PUERTO RICO, ET AL. v. PANASONIC CORPORATION OF NORTH AMERICA, ET AL., C.A. No. 3:19−01246