Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 788-7210
Facsimile: (415) 788-0706
fos@scarpullalaw.com
pbc@scarpullalaw.com
*Interim Co-Lead Counsel for the ORS*

Theresa D. Moore (99978)
Law Offices of Theresa D. Moore
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 613-1414
tmoore@aliotolaw.com
*Interim Co-Lead Counsel for the ORS*

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 4:07-cv-5944-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect-Purchaser Actions | **NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF RULE 59(E) MOTION TO ALTER OR AMEND THE COURT'S ORDER DENYING RENEWED MOTIONS TO INTERVENE ENTERED ON FEBRUARY 4, 2020 (DKT. 5684)**<br><br>Hearing Date: April 1, 2020<br>Time: 2:00 p.m.<br>Courtroom: 6, 2nd Floor<br>Judge: Hon. Jon S. Tigar |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS:

PLEASE TAKE NOTICE that on April 1, 2020, at 2:00 p.m., before the Honorable Jon S. Tigar, United States District Court for the Northern District of California, 1301 Clay Street, Courtroom 6, 2nd Floor, Oakland, CA 94612, Nikki Crawley, Steven Harrelson, and William Trentham (Arkansas); Harry Garavanian, Hope Hitchcock, Warren Cutlip, Anthony Gianasca, and Gary Talewsky (Massachusetts); Mina Ashkannejhad, Mike Bratcher and Robert Stephenson (Missouri); Jay Erickson, John Heenan, Donald Oelze, and Mark Wissinger (Montana); Jeff Craig, Chris Seufert, George Maglaras, and Jeff Schapira (New Hampshire); D. Bruce Johnson and Walker, Warren & Watkins, LLC. (Oregon); Susan LaPage, Donna Muccino, and Kerry Murphy (Rhode Island); Jeff Johnson and Felicia Blackwood (South Carolina); and Tyler Ayres (Utah) (collectively, the "ORS Plaintiffs"), by and through undersigned counsel, will move, pursuant to Federal Rule of Civil Procedure 59(e) to amend the Order Denying Renewed Motions to Intervene that was entered on February 4, 2020 (Dkt. 5684).

This motion is based on this notice, the accompanying memorandum of points and authorities in support of the motion, all other pleadings and papers filed in this action, and such additional evidence or argument that may be presented at the hearing.

i

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF RULE 59(E) MOTION TO ALTER OR AMEND THE COURT'S ORDER DENYING RENEWED MOTIONS TO INTERVENE ENTERED ON FEBRUARY 4, 2020 (DKT. 5684)
Case No. 4:07-cv-5944, MDL No. 1917

## TABLE OF CONTENTS

Page(s)

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................................1

Jurisdiction and Necessity of this Motion.........................................................................................1

Why the Order was Clearly Erroneous .............................................................................................1

CONCLUSION..................................................................................................................................5

CERTIFICATE OF SERVICE ..........................................................................................................6

ii

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF RULE 59(E) MOTION TO ALTER OR AMEND THE COURT'S ORDER DENYING RENEWED MOTIONS TO INTERVENE ENTERED ON FEBRUARY 4, 2020 (DKT. 5684)
Case No. 4:07-cv-5944, MDL No. 1917

## TABLE OF AUTHORITIES

**Cases**                   **Page(s)**

*389 Orange St. Partners v. Arnold*,
179 F.3d 656 (9th Cir. 1999) ..............................................................................................1

*Citizens for Balanced Use v. Montana Wilderness Ass'n*,
647 F.3d 893 (9th Cir. 2011) ..............................................................................................1

*In re Farmers*,
MDL 33-1439, 2008 WL 4763029 (D. Or. Oct. 28, 2008) ............................................2, 3

*In re MERS*,
MD-09-02119-PHX-JAT, 2016 WL 3931820 (D. Ariz. July 21, 2016) ........................2, 3

*Pierce v. Beijing-Matsushita Color CRT Company Ltd., et al.*,
Case No. 3:08-cv-00337 (N.D. Cal.) ..................................................................................2

*Standard Fire Ins. Co. v. Knowles*,
133 S. Ct. 1345 (2013) ....................................................................................................1, 4

*Sw. Ctr. for Biological Diversity v. Berg,*
268 F.3d 810 (9th Cir. 2001) ..............................................................................................1

*Terry, et al. v. LG Electronics, et al.*,
Case No. 3:08-cv-01559 (N.D. Cal.) ..................................................................................2

**Other Authorities**

Principles of the Law of Aggregate Litigation § 1.05 (2010) ...........................................1

Manual for Complex Litigation (Fourth) ........................................................................ 2

**Rules**

28 U.S.C. § 1291 ...............................................................................................................1

23 U.S.C. § (a)(4) ..............................................................................................................1

U.S.C. § Rule 59(e) ...........................................................................................................1

ii

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF RULE 59(E) MOTION TO ALTER
OR AMEND THE COURT'S ORDER DENYING RENEWED MOTIONS TO INTERVENE
ENTERED ON FEBRUARY 4, 2020 (DKT. 5684)
Case No. 4:07-cv-5944, MDL No. 1917

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### Jurisdiction and Necessity of this Motion

The Court's Order Denying Renewed Motions to Intervene (Dkt. 5684) is "a final appealable order under 28 U.S.C. § 1291." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 896 (9th Cir. 2011) (citing *Sw. Ctr. for Biological Diversity v. Berg,* 268 F.3d 810, 814 (9th Cir. 2001)). The ORS Plaintiffs thus seek reconsideration of the Court's order under Rule 59(e).  (To the extent, if any, the Court concludes the order is not a final order subject to Rule 59(e), the ORS Plaintiffs alternatively move for leave to seek reconsideration under Local Rule 7-9(b) pursuant to Rule 54(b) and the Court's power to revisit its interlocutory rulings at any time).

A Rule 59(e) motion is appropriate if a district court commits clear error.  *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).  The ORS Plaintiffs respectfully submit that the ruling "that the MDL statute does not permit [ORS and NRS] movants' direct intervention into the MDL proceedings, whether by filing separate complaints or amending IPP Plaintiffs' operative complaint" constitutes such error.

### Why the Order was Clearly Erroneous.

The order denying intervention was clearly erroneous for five reasons.

*First*, Federal Rule of Civil Procedure 23 gives district courts the jurisdictional power to create subclasses and appoint new, adequate class representatives whenever existing class representatives are (or become) conflicted or otherwise inadequate. *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1349 (2013) ("[M]embers of a class have a right to intervene if their interests are not adequately represented by existing parties"); PRINCIPLES OF THE LAW OF AGGREGATE LITIGATION § 1.05 (2010) ("To promote adequate representation, judges may: . . . (8) employ case-management techniques, including severance, subclassing, coordination, and consolidation."). That is because "[a] class action is a form of representative litigation—a class representative litigates the claims of absent class members with the judgment binding all who do not opt out of the class (if exclusion is even permitted). The constitutionality of this procedure turns on the absent class members being adequately represented; that constitutional requirement is inscribed in Rule 23(a)(4), which prohibits a court from certifying a class unless it is adequately represented." *Conflict subclasses and their requirements*, 3 NEWBERG ON CLASS ACTIONS § 7:31 (5th ed. Dec. 2019)

1

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF RULE 59(E) MOTION TO ALTER OR AMEND THE COURT'S ORDER DENYING RENEWED MOTIONS TO INTERVENE
ENTERED ON FEBRUARY 4, 2020 (DKT. 5684)
Case No. 4:07-cv-5944, MDL No. 1917

Unlike the proposed plaintiffs in *In re Farmers*, MDL 33-1439, 2008 WL 4763029 (D. Or. Oct. 28, 2008), and *In re MERS*, MD-09-02119-PHX-JAT, 2016 WL 3931820 (D. Ariz. July 21, 2016) (hereafter, "*Farmers/MERS*"), the ORS Plaintiffs have *always* been at least putative plaintiff class members within the IPP class action litigation they seek to enter by intervention. (Indeed, they are currently actual class members in the still-operative certified settlement class.) Therefore, unlike the *Farmers/MERS* plaintiffs, the ORS Plaintiffs' case has always been pending in a federal court, and it is properly within the MDL proceeding. In other words, the ORS Plaintiffs do not seek to be "added to an existing MDL" because they are *already* in this MDL as class members in the IPP class action litigation.[1] They are, in accordance with Rule 23, seeking to represent ORS subclasses within the IPP national class because, as this Court recognized at the April 9, 2019 case management conference in creating the ORS subclasses, the persons currently representing the ORS class members are conflicted and do not adequately represent the ORS class members. (Dkt. 5444 at 15).

***Second***, the limits on MDL jurisdiction discussed in the district court's orders in both *Farmers* and *MERS* do not repeal Rule 23's subclass-creation protections for class members just because, as here, a national class action gets brought into an MDL proceeding. Nor do MDL jurisdictional limits extinguish intervention rights under Rule 24—especially not, as here, where current class representatives have "engaged in conduct inconsistent with the interests of the class." *See, e.g.*, MANUAL FOR COMPLEX LITIGATION (Fourth), Section 21.26 ("Replacement also may be appropriate if a representative has engaged in conduct inconsistent with the interests of the class . . . . The court may permit intervention by a new representative or may simply designate that person as a representative in the order granting class certification).

---

[1] As a point of fact, there are multiple pre-MDL complaints on file that, in addition to seeking relief on behalf of a nationwide class, also seek relief on behalf ORS classes, including *Terry, et al. v. LG Electronics, et al.*, Case No. 3:08-cv-01559 (N.D. Cal.), which lists Anthony Gianasca (current ORS Plaintiff) as a named plaintiff, and seeks state-law relief on behalf of individuals in Arkansas, Massachusetts, New Hampshire, and Rhode Island, as well as *Pierce v. Beijing-Matsushita Color CRT Company Ltd., et al.*, Case No. 3:08-cv-00337 (N.D. Cal.), which seeks state-law relief on behalf of individuals from Montana and New Hampshire. These cases were properly filed in this Court and could be amended by the ORS Plaintiffs, if the Court deems such case-specific intervention necessary.

The basis for the orders in *Farmers* and *MERS* does not exist in this case. The order in *Farmers* only makes jurisdictional sense because—unlike here—it appears from the court's analysis that there was no national class action containing the proposed plaintiffs that had ever been transferred into the MDL. Instead, there had been a group of independent, state-based cases asserting state and federal claims that got properly consolidated into the MDL. Then, MDL Plaintiffs' counsel simply added new-state-based class actions (with new federal and state law claims) into the MDL as purported subclasses. The persons living in those newly-added subclass states had never been putative class members in any of the cases transferred into the MDL. That is why there was no jurisdictionally-legitimate way to create subclasses for those unilaterally-added states.

The order in *MERS* similarly turns on the fact that the proposed plaintiff was seeking to assert claims that were *unrelated* to his possible class-member status. In fact, the order in *MERS*—which relies on the *Farmers* ruling—explains that the district court had previously required the proposed plaintiff, DeBaggis, "to 'show cause why his "case" should not be dismissed (*unrelated to any claim he might have as a potential class member in the motions for class certification*), because he is not properly before this Court as a named Plaintiff.'" *MERS*, 2016 WL 3931820 at *1 (emphasis added). Thus, although DeBaggis may have been a class member, he was—quite unlike the ORS Plaintiffs here—trying to raise new claims that were *unrelated* to his class-member status. That non-class nature of DeBaggis's proposed case is partly how the *MERS* court distinguished a case he cited. *MERS*, 2016 WL 3931820 at *6 (distinguishing *Miller v. Ghirardelli*, 2013 WL 6776191, at *1 (N.D. Cal. Dec. 20, 2013), as a case that "does not involve multidistrict litigation, and is a case regarding a class action.").[2]

Unlike the proposed plaintiffs in both *Farmers* and *MERS*, the ORS Plaintiffs are not strangers to this litigation. They are not seeking to intervene in order to inject new factual claims into these proceedings. To the contrary, those claims have always been pending in this court, having been properly asserted in multiple pre-consolidation complaints that sought relief on behalf

---

[2] If *MERS* was actually suggesting that a class member cannot intervene into a class action to protect the interests of class members inadequately represented because that class action has been transferred into an MDL, then *MERS* was at direct odds with Rule 23 and Rule 24, and quite wrong.

3
NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF RULE 59(E) MOTION TO ALTER
OR AMEND THE COURT'S ORDER DENYING RENEWED MOTIONS TO INTERVENE
ENTERED ON FEBRUARY 4, 2020 (DKT. 5684)
Case No. 4:07-cv-5944, MDL No. 1917

of a nationwide class of individuals. The ORS Plaintiffs have always been part of this litigation, and they are seeking to replace the inadequate class representatives that had failed to satisfactorily represent their interests—an act that the Supreme Court has noted they have the right to do. *Standard Fire Ins.*, *supra*, 133 S. Ct. at 1349.  The fact that they are adding state-law causes of action based on the same factual claims always alleged on their behalf does not reduce this Court's jurisdiction to hear their claims, because—unlike in *Farmers* and *MERS*—-the ORS Plaintiffs' state-law claims are inextricably related to their class-member claims.

*Third*, the ORS Plaintiffs were not seeking to file a new case within the MDL.  They were not even moving to intervene into the MDL writ large—which would include not only the IPP class claims but also the DPP claims and everything else non-IPP within the MDL. Instead, the ORS Plaintiffs were seeking to intervene only into the IPP cases in order to represent subclasses that all the parties and the Court agreed had become necessary under Rule 23.  That is why their proposed complaint states "This Document Relates to: All Indirect-Purchaser Actions."

*Fourth*, there may be a number of ways a district court could choose to deal with the pleadings of subclass members when creation of subclasses becomes necessary due to the conflicted or inadequate representation of the current class representatives. *See, e.g.*, Dkt. 5670 at 17-18 (noting that a court is given similar latitude in determining the form in which an intervening plaintiff may initiate the case).  This Court instructed the ORS Plaintiffs (in its prior order, Dkt. 5628) that their intervention to protect the subclasses must include their own pleading.  They were simply seeking to comply and represent the subclasses that the Court ordered should be created. They very specifically were not seeking to file a new suit; indeed, their primary argument on the statute of limitations issue—the relation back doctrine—relied heavily on the fact that they are already class members in the IPP case.

*Fifth*, the Court's Order Denying Renewed Motions to Intervene, if undisturbed, would mean there were jurisdictional defects in the IPP actions starting with the 2009 Consolidated Amended Complaint (Dkt. 437), as the Court would be without federal jurisdiction going forward. To the extent this Court seeks to adopt the *MERS* analysis of amendment to bar the addition of new parties within an MDL, then that analysis must apply equally to the IPPs.

## CONCLUSION

The Court should grant this motion and amend its order denying intervention so that the ORS Plaintiffs are allowed to intervene into the IPP cases as stated in their renewed motion to intervene. Alternatively, the Court should amend its order denying intervention so that the ORS Plaintiffs may amend a pre-MDL complaint as their complaint in intervention.

Dated: February 13, 2020                                            Respectfully submitted,

/s/  Theresa D. Moore                                               /s/  Francis. O. Scarpulla
    Theresa D. Moore                                                  Francis O. Scarpulla

Theresa D. Moore (99978)                                            Francis O. Scarpulla (41059)
Law Offices Of Theresa D. Moore                                     Patrick B. Clayton (240191)
One Sansome Street, 35th Floor                                      Law Offices of Francis O. Scarpulla
San Francisco, CA 94104                                             456 Montgomery Street, 17th Floor
Telephone: (415) 613-1414                                           San Francisco, CA 94104
tmoore@aliotolaw.com                                                Telephone: 415-788-7210
                                                                    fos@scarpullalaw.com
*Interim Co-Lead Counsel*                                           pbc@scarpullalaw.com
*for the ORS*

                                                                    *Interim Co-Lead and Liaison Counsel*
                                                                    *for the ORS*

/s/   Robert J. Bonsignore
    Robert J. Bonsignore                                           John G. Crabtree, *appearing pro hac vice*
                                                                    Brian Tackenberg, *appearing pro hac vice*
Robert J. Bonsignore, *appearing pro hac vice*                      Crabtree & Auslander
Lisa Sleboda*, appearing pro hac vice*                              240 Crandon Boulevard, Suite 101
Bonsignore Trial Lawyers, PLLC                                      Key Biscayne, FL 33149
3771 Meadowcrest Drive                                              Telephone:  (305) 361-3770
Las Vegas, NV  89121                                                jcrabtree@crabtreelaw.com
Tel:  (781) 845-7650                                                btackenberg@crabtreelaw.com
rbonsignore@class-actions.us

*Interim Co-Lead Counsel*                                           *Counsel for the ORS*
*for the ORS*

| | |
|---|---|
| William Shaheen, *pending pro hac vice*<br>Christine Craig, *pending pro hac vice*<br>Lucy Karl, *appearing pro hac vice*<br>Shaheen and Gordon<br>353 Central Avenue<br>P.O. Box 977<br>Dover, NH  03821<br>Telephone:  (603) 871-4144<br>Email:  mnoonan@shaheengordon.com<br>              wshaheen@shaheengordon.com<br>              ccraig@shaheengordon.com<br>              lkarl@shaheengordon.com<br><br>Joseph Alioto (42680)<br>Alioto Law Firm<br>One Sansome St., 35 Floor<br>San Francisco, CA  94104<br>Telephone:  (415) 434-8900<br>Email:  jmalioto@aliotolaw.com<br><br>*Counsel for Indirect Purchaser Plaintiffs ORS Subclass* | Brian M. Torres, *appearing pro hac vice*<br>Brian M. Torres, P.A.<br>One S.E. Third Avenue, Suite 3000<br>Miami, FL  33131<br>Telephone:  (305) 901-5858<br>btorres@briantorres.legal<br><br>*Counsel for the ORS*<br><br>Christopher A. Nedeau (81297)<br>Nedeau Law Firm<br>154 Baker Street<br>San Francisco, CA 94117<br>Telephone: (415) 516-4010<br>cnedeau@nedeaulaw.net<br><br>*Counsel for the ORS* |

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed *via* CM/ECF on February 13, 2020 and as a result has been served on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Francis O. Scarpulla

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF RULE 59(E) MOTION TO ALTER
OR AMEND THE COURT'S ORDER DENYING RENEWED MOTIONS TO INTERVENE
ENTERED ON FEBRUARY 4, 2020 (DKT. 5684)
Case No. 4:07-cv-5944, MDL No. 1917