Tracy R. Kirkham (69912)
John D. Bogdanov (215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
Email: trk@coopkirk.com
       jdb@coopkirk.com

*Counsel for Eleanor Lewis and
Interim Lead Counsel for the Non-Repealer
State Subclass*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OALKAND DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 4:07-cv-5944-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **NOTICE OF MOTION AND MOTION OF NON-REPEALER STATE SUBCLASS MEMBER ELEANOR LEWIS PURSUANT TO RULE 59(E) TO ALTER OR AMEND THE COURT'S FEBRUARY 4, 2020, ORDER DENYING RENEWED MOTIONS TO INTERVENE (DKT. 5684)**<br><br>Hearing Date: April 1, 2020<br>Time:         2:00 p.m.<br>Judge:         Honorable Jon S. Tigar<br>Courtroom:  6, 2nd Floor |

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ........................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ..............................................................2

I.      INTRODUCTION .................................................................................................2

II.     INTERVENTION IS THE APPROPRIATE VEHICLE FOR A CLASS MEMBER TO BECOME A NAMED PLAINTIFF AND CLASS REPRESENTATIVE AND THIS COURT COMMITTED CLEAR ERROR IN HOLDING THAT IT IS UNAVAILABLE IN ACTIONS COORDINATED FOR PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. SECTION 1407 ....................................................................3

III.    CONCLUSION......................................................................................................8

# TABLE OF AUTHORITIES
**CASES** **PAGE(S)**

*389 Orange St. Partners,*
    179 F.3d 656 (9th Cir. 1999) ...................................................................................................2

*American Pipe Co. v. Utah,*
    414 U.S. 538 (1974)........................................................................................................7, 8

*Citizens for Balanced Use v. Montana Wilderness Ass'n*,
    647 F.3d 893 (9th Cir. 2011) ...................................................................................................2

*In re Korean Air Lines Co., Ltd., Antitrust Litig.,*
    642 F.3d. 685 (9th Cir. 2011) ...................................................................................................5

*In re Mortgage Elec. Registration Sys. (MERS) Litig.,*
    No. MD-09-02119-PHX-JAT,
    2016 U.S. Dist. LEXIS 95898 (D. Az. July 21, 2016)........................................................3, 4

*Philips v. E. I. Dupont de Nemours & Co. (In re Hanford Nuclear Reservation Litig.),*
    497 F.3d 1005 (9th Cir. 2007) ...................................................................................................7

*Philips v. E. I. Dupont de Nemours & Co. (In re Hanford Nuclear Reservation Litig.),*
    521 F.3d 1028 (9th Cir. 2008) ...................................................................................................7

*Pilalas v. Cadle Co.,*
    2011 WL 4452364 (D. Mass. 2011) ...................................................................................................7

*Sw. Ctr. for Biological Diversity v. Berg,*
    268 F.3d 810 (9th Cir. 2001) ...................................................................................................2

*Tosti v. City of Los Angeles,*
    754 F.2d 1485 (9th Cir. 1985) ...................................................................................................7

*Ubaldi v. SLM Corp.,*
    No. C-11-01320 EDL,
    2014 U.S. Dist. LEXIS 192288 (N.D. Cal. June 13, 2014) ..................................................8

*Wyser-Pratte Mgmt. Co. v. Telxon Corp.,*
    413 F.3d 553 (6th Cir. 2005) ...................................................................................................7

**STATUTES**

28 U.S.C. § 1407 ..............................................................................................................2, 5, 6, 8

28 U.S.C. § 1407(a) ...................................................................................................3

28 U.S.C. § 1407(f) ...................................................................................................6

**RULES**

Fed. R. Civ. P. 23(a) ...................................................................................................6

Fed. R. Civ. P. 24 ................................................................................................................2, 3, 6, 8, 9

Fed. R. Civ. P. 24(a) ..........................................................................................................................5

Fed. R. Civ. P. 54(b) ..........................................................................................................................2

Fed. R. Civ. P. 59(e) ......................................................................................................................1, 2

N.D. Cal. L.R. 7-9(b) ....................................................................................................................1, 2

**OTHER SOURCES**

Manual for Complex and Multidistrict Litigation (1969) ................................................................6

Manual for Complex Litigation (Fourth) ......................................................................................6, 9

Manual for Complex Litigation (Fourth), Section 21.26 .......................................................... 5-6, 8

Manual for Complex Litigation (Fourth), Section 40.21 .................................................................6

Peterson, Jr., Colvin A.; McDermott, John T. (August 1970),
*"Multidistrict Litigation: New Forms of Judicial Administration",*
*ABA Journal,* Chicago: American Bar Association. 56: 737–746 ...................................................6

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on April 1, 2020, at 2:00 p.m., or as soon thereafter as the matter can be heard, before the Honorable Jon S. Tigar, United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California, 94612, Non-Repealer State ("NRS") class member Eleanor Lewis will, and hereby does, move the Court, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to alter or amend the "Order Denying Renewed Motions to Intervene" that was entered on February 4, 2020 (Dkt. 5684), or alternatively, for leave to seek reconsideration under Local Rule 7-9(b).

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, any arguments and evidence that may be presented at any hearing before the Court on this motion, all transcripts of prior proceedings before this Court and on all other pleadings and papers on file in this action.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court's "Order Denying Renewed Motions to Intervene" (Dkt. 5684) ("Order") denied a motion to intervene of right and is "a final appealable order under 28 U.S.C. § 1291." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 896 (9th Cir. 2011) (citing *Sw. Ctr. for Biological Diversity v. Berg,* 268 F.3d 810, 814 (9th Cir. 2001)).  Since the Order constitutes a final appealable order, NRS Subclass Member Eleanor Lewis seeks reconsideration of the Court's Order under Rule 59(e) of the Federal Rules of Civil Procedure.  To the extent, if any, the Court concludes its Order is not a final order subject to Rule 59(e), Ms. Lewis alternatively moves for leave to seek reconsideration under Local Rule 7-9(b) pursuant to Rule 54(b) and the Court's power to revisit its interlocutory rulings at any time.  In addition to the arguments below, Ms. Lewis hereby incorporates in support of this motion, the arguments presented in the "Memorandum in Support of Rule 59(e) Motion to Alter or Amend the Court's Order Denying Renewed Motions to Intervene Entered on February 4, 2010 (Dkt. 5684)" filed by the ORS Plaintiffs.  *See* Dkt. 5688.

A Rule 59(e) motion is appropriate if a district court commits clear error.  *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).  The Court so erred in ruling that "the MDL statute does not permit [ORS and NRS] movants' direct intervention into the MDL proceedings, whether by filing separate complaints or amending IPP Plaintiffs' operative complaint."  Eleanor Lewis did not move to intervene "into the MDL proceeding," rather, she moved to intervene in each of the indirect purchaser actions that have been coordinated before this Court for pretrial proceedings.  This basic mistake of fact resulted in a clear error of law.  There is no basis in law or fact to support this Court's holding that the MDL statute, 28 U.S.C. Section 1407, makes intervention pursuant to Rule 24, Federal Rules of Civil Procedure, impossible after an action is coordinated for pretrial purposes in an MDL proceeding.

//

//

## II. INTERVENTION IS THE APPROPRIATE VEHICLE FOR A CLASS MEMBER TO BECOME A NAMED PLAINTIFF AND CLASS REPRESENTATIVE AND THIS COURT COMMITTED CLEAR ERROR IN HOLDING THAT IT IS UNAVAILABLE IN ACTIONS COORDINATED FOR PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. SECTION 1407

The Court in *In re Mortgage Elec. Registration Sys. (MERS) Litigation* ("*MERS*"), No. MD-09-02119-PHX-JAT, 2016 WL 3931820, 2016 U.S. Dist. LEXIS 95898 (D. Az. July 21, 2016), had one central concern—that claims were being added to an MDL proceeding that would "have no 'home federal court' to which th[e] Court may eventually remand them, in accordance with 28 U.S.C. § 1407(a)." *Id.* at *81.  Underlying the *MERS* Court's concerns was the assumption that Mr. DeBaggies's claims were somehow being "added" to the MDL proceeding by a vehicle that would affect the MDL proceeding alone, but not alter, amend or expand the claims in any of the actions whose coordination for pretrial proceedings created the MDL. Hence, the *MERS* Court's concern that those claims would be homeless when pretrial proceedings were completed.

The *MERS* decision did not arise in the context of a motion to intervene pursuant to Rule 24, Federal Rules of Civil Procedure.  To apply the *MERS* Court's concerns to Eleanor Lewis's November 7, 2019 renewed motion to intervene (Dkt. 5643) requires that her motion be considered a request to be joined as a party to *the MDL proceeding* rather than a motion for leave to intervene as a party to one or more of *the coordinated actions*.  That is not factually accurate. Eleanor Lewis moved pursuant to Rule 24, Federal Rules of Civil Procedure, to intervene as a named plaintiff in each and every one of the indirect purchaser actions that comprise MDL 1917. She did so because she is a member of a nationwide class that is alleged in each of these suits. The caption of her motion states this by the words, "This Document Relates to: All Indirect Purchaser Actions."

Moreover, even if she had wanted to do so, Ms. Lewis could not have filed a motion to intervene in MDL 1917 but *not* move in any of the federal actions comprising it, and thus, as the *MERS* Court feared, have claims in the MDL without a trial forum.  Pretrial Order No. 1, dated April 4, 2008 (Dkt. 230), contains provisions that prohibit the filing of any papers in MDL 1917

that are not specifically addressed to and filed in at least one of the coordinated actions. In all substantive aspects, PTO No. 1 is a copy of the recommended "Initial Case Management Order" found in Section 40.21 of the *Manual for Complex Litigation* (Fourth) ("*Manual*").

In the section of PTO No. 1 that establishes a "Master Docket and File," the Order provides, *inter alia*, that "[a]ll pleadings and submissions in these actions shall be e-filed in both the master docket and in the individual dockets" (emphasis added):

> 3.  The files of all direct purchaser actions and indirect purchaser actions shall be maintained in the master file, Case No. C-07-5944 SC MDL No. 1917. Every pleading filed in direct purchaser actions and indirect purchaser actions shall bear the above caption. *When a pleading or paper is intended to be applicable to all actions, the words "All Actions" shall appear immediately after the words "This Document Relates to:" in the caption above.* When a pleading or paper is intended to be applicable only to all direct purchaser actions, the words "All Direct Purchaser Actions" shall appear in the caption. *When a pleading or paper is intended to be applicable only to all indirect purchaser actions, the words "All Indirect Purchaser Actions" shall appear in the caption.*
>
> 4.  *All pleadings and submissions in these actions shall be e-filed both in the master docket and in the individual case docket(s) of any individual case(s) to which the submission pertains.* All submissions filed in these actions shall bear the identification "Case No. C-07-5944 SC MDL No. 1917," and when such a submission relates to all of these actions, following "Case No. C-07-5944 SC MDL No. 1917," shall be the notation "ALL CASES." *If a submission does not relate to all of these actions, the docket number of the individual action or actions assigned by the Clerk of the Court shall follow "Case No. C-07-5944 SC MDL No. 1917."*

Dkt. 230 at 2-3. Thus, it is simply not possible as a matter of law to file a pleading or paper solely in "MDL No. 1917." The e-filing system, on behalf of the Clerk's office, would reject any such attempt.

There are two reasons, one jurisdictional and one practical, why the *Manual* recommends the language that appears in Pretrial Order No. 1. The first is that, as this Court recognized, the MDL proceeding is not itself a federal action separate and apart from the cases that are coordinated within it. The second is that at the conclusion of the MDL, as the *MERS* Court noted, the Clerk of the Court needs to know how to assemble the various docket files for the individual actions that are being returned to their home courts. If this was not done at the time of filing by docketing the papers in each of the relevant coordinated actions, it is done prior to

1  returning the cases to their districts for trial by looking at the required designations that appear
2  on all pleadings and papers in the Master Docket.  If a filing is designated as relating to "All
3  Indirect Purchaser Actions," each of the indirect purchaser cases gets a copy, and if designated as
4  relating to one or more specific cases, then the filing is put only in those dockets.

5  Accordingly, if Eleanor Lewis's renewed motion were granted, she would intervene as a
6  named plaintiff in each of the indirect purchaser actions currently alleging the Nationwide Class
7  of which she is a member.  A significant number of these actions originated in this District, and
8  thus, this Court has plenary jurisdiction over them for all matters, both pretrial and trial.  *In re
9  Korean Air Lines Co., Ltd., Antitrust Litig.*, 642 F.3d 685, 700 n.13 (9th Cir. 2011).  In those
10 cases, her motion was actually filed in the "transferor forum," so to speak, and in no way
11 implicates Section 1407 transferee law.  There are other actions that are before this Court solely
12 as the transferee forum, and while this Court's jurisdiction does not extend to the conduct of a
13 trial, for pretrial matters, such as a motion to intervene, its jurisdiction is as broad as that of the
14 transferor court.  *Id.* at 700.  Since each of these actions alleges claims on behalf of a Nationwide
15 Class of indirect purchasers, which includes Ms. Lewis, she satisfies the criteria of Rule 24(a),
16 Federal Rules of Civil Procedure, for intervention of right.  As stated many times, Ms. Lewis is
17 seeking to intervene in these actions for the sole purpose of positioning herself to become a
18 representative of the Non-Repealer State ("NRS") Subclass.  She is not seeking to insert any
19 claims that have not been in these actions since before the MDL proceeding was initiated.

20 A significant portion of the Nationwide Class resides in Non-Repealer States, which has
21 been recognized by this Court as a distinct subclass in which none of the existing Nationwide
22 Class representatives are members.  It goes without saying that the Nationwide Class needs a
23 new representative who is a member of the NRS subclass.  Not only is Ms. Lewis a member of
24 the NRS Subclass, her counsel has been appointed subclass Interim Lead Counsel.  Therefore,
25 Eleanor Lewis is the most likely candidate for the role of NRS Subclass representative.

26 This situation—where the need for a new class representative arises after an action has
27 been coordinated into an MDL proceeding—is hardly unprecedented. The *Manual*, Section 21.26

28

5
MOTION OF NON-REPEALER STATE SUBCLASS MEMBER
ELEANOR LEWIS TO ALTER OR AMEND ORDER
Case No. 4:07-cv-5944, MDL No. 1917

(emphasis added and footnotes omitted) sets out the remedy that has always been employed—allowing a class member to come forward and intervene:

> Later replacement of a class representative may become necessary if, for example, the representative's individual claim has been mooted or otherwise significantly altered.  Replacement also may be appropriate if a representative has engaged in conduct inconsistent with the interests of the class or is no longer pursuing the litigation.  In such circumstances, courts generally allow class counsel time to make reasonable efforts to recruit and identify a new representative who meets the Rule 23(a) requirements. *The court may permit intervention by a new representative* or may simply designate that person as a representative in the order granting class certification.

There is nothing in the language of 28 U.S.C. Section 1407 that abrogates the applicability of Rule 24 or any other Rule of Civil Procedure to actions that are coordinated or transferred for pretrial proceedings.  Indeed, to the degree that statute references the Rules of Civil Procedure at all, Section 1407(f) states that "[t]he Panel may prescribe rules for the conduct of its business *not inconsistent with* . . . the Federal Rules of Civil Procedure."  (Emphasis added.)  There can be no doubt that the *Manual*'s recommendation that a District Court "permit intervention," was intended to be applicable to MDL proceedings since there are numerous references to multidistrict litigation throughout the *Manual*, including the suggested organizational order found in Section 40.21 that became PTO No. 1 in these proceedings.  Indeed, the first edition of the *Manual* was actually called the *Manual for Complex and Multidistrict Litigation*,[1] and was drafted by the same committee of federal judges who drafted the legislation that was enacted as 28 U.S.C. Section 1407.[2]

This Court's Order Denying Renewed Motions to Intervene (Dkt. 5684) stated that since intervention is foreclosed, Ms. Lewis may become a plaintiff in these proceedings by filing a

---

[1] www.fjc.gov/sites/default/files/2017/Manual-Complex-Multidistrict-Litigation-1969.pdf

[2] When the indictment of electrical equipment manufacturers for price-fixing in the early-1960's resulted in the filing of 1,912 private civil actions in 36 federal District Courts throughout the nation, it gave rise to the specter of differing practices resulting in inconsistent adjudication of the exact same facts.  Peterson, Jr., Colvin A.; McDermott, John T. (August 1970). *"Multidistrict Litigation: New Forms of Judicial Administration", ABA Journal.* Chicago: American Bar Association. 56: 737–746.  The possibility that if this happened, it would erode public confidence in the federal courts as finders of truth, so concerned then Chief Justice Earl Warren that he appointed a committee of federal circuit and district court judges to address the problem.  *Ibid.*

separate action, either in this District and requesting assignment to this Court, or in another district and petitioning the Panel on Multidistrict Litigation for transfer. However, moving forward in this manner would interject several unnecessary and complicated issues into these proceedings.

Generally, the initiation of an action by a putative class member is construed as a *de facto* election to be excluded from the class. *Phillips v. E. I. Dupont de Nemours & Co. (In re Hanford Nuclear Reservation Litig.)* (*"Phillips"*), 497 F.3d 1005, 1026 (9th Cir. 2007). Accordingly, Ms. Lewis's filing a separate action, even in this District, would undoubtedly subject her to the argument by defendants that she cannot be the representative of the NRS Subclass because she is no longer a class member.

It would also open the door for the defendants to argue that when Ms. Lewis, as a putative class member in the indirect purchaser actions here, files a separate action before a decision on class certification is reached, she has forfeited of the benefit of the doctrine of class action tolling enunciated in *American Pipe Co. v. Utah*, 414 U.S. 538 (1974).[3] *Weyser-Pratt Management Co., v. Telxon Corp.*, 413 F.3d 553 (6th Cir. 2005); and *Pilalas v. Cadle Co.*, 2011 WL 4452364 (D. Mass. 2011). Indeed, the Ninth Circuit in *Phillips, supra* at 1026, was initially persuaded that this was the correct interpretation of class action tolling. However, the following year, upon a petition for reconsideration or rehearing *en banc*, the Ninth Circuit amended the *Phillips* decision to follow the Second Circuit, and hold that class action tolling applies to actions initiated by class members before a determination on class certification is made. *Phillips v. E. I. Dupont de Nemours & Co. (In re Hanford Nuclear Reservation Litig.)*, 521 F.3d 1028, 1038-39 (9th Cir. 2008).

---

[3] Under *American Pipe*, the filing of a class action complaint stops the running of the statute of limitations as to all asserted members of the proposed class. The tolling period ends and the statute begins to run again for all putative class members if certification is denied, or for an individual putative class member if certification is granted but that person elects to opt out of the class. *Tosti v. City of Los Angeles*, 754 F.2d 1485, 1488 (9th Cir. 1985).

The first cases alleging the price-fixing of CRT products by these defendants were filed more than 12 years ago.  However meritorious the argument that Ninth Circuit law is controlling, or that fraudulent concealment and other actions by defendants create grounds for extending the statute of limitations and its equitable corollary without resort to *American Pipe*, it is completely unnecessary to invite this fight.  That is especially true here where the only objective is to position a Nationwide Class member so that she can be appointed the representative of the NRS Subclass.  Intervention provides a path for doing so that will not trigger these issues.

Although Section 21.26 of the *Manual* mentions the possibility of a court simply appointing an absent class member to the position of class representative at the time of class certification, this practice has not been widely adopted by federal courts.  The general practice has been that putative class members are first joined as named plaintiffs and then appointed as class representatives.  This has been accomplished by amendment—the method used by Class Counsel Mario Alioto, who over the years has added at least 10 named plaintiffs to each of the indirect purchaser actions by amendments to various Consolidated Amended Complaints[4]—or by a formal intervention pursuant to Rule 24, Federal Rules of Civil Procedure.  "[A] motion to intervene is a proper procedure to follow for a class member who wishes to join a lawsuit as a representative plaintiff."  *Ubaldi v. SLM Corp.,* No. C-11-01320 EDL, 2014 U.S. Dist. LEXIS 192288, at *4 (N.D. Cal. June 13, 2014).

### III. CONCLUSION

None of the decisions relied upon in the February 4, 2020 Order concerned the applicability of Rule 24, Federal Rules of Civil Procedure, to an action that has been coordinated for pretrial proceedings under 28 U.S.C. Section 1407.  Nothing in the statute itself discusses

---

[4] See, e.g., Report, Recommendations and Tentative Rulings Regarding Defendants' Joint Motion to Dismiss the Second Consolidated Amended Complaint of the Indirect Purchaser Plaintiffs (Dkt. 768) at 14; Stipulation and Order Modifying and Adopting R&R (Dkt. 799); Modified Report and Recommendation Re: Indirect Purchaser Plaintiffs' Motion for Leave to Amend the Complaint (Dkt. 1391); Dkt. 1505 (Order granting leave to file Fourth Amended Complaint) and Dkt. 1526 (IPP Fourth Consolidated Amended Complaint) naming Plaintiffs.  It would appear that this practice is precisely what was not allowed in the *MERS* case, although it is impossible to tell whether there was an organizational order in that case similar to PTO No. 1.

intervention in concept or Rule 24 in particular.  The *Manual for Complex Litigation* recommends that class member intervention be permitted when the need for an additional class representative arises.  Pursuant to PTO No. 1, Eleanor Lewis moved to intervene in each of the indirect purchaser actions in which she is a member of the alleged Nationwide Class.  The Order's assumption to the contrary—that she was attempting to intervene in the MDL proceeding but not in any action over which this Court has jurisdiction—is a clear error of fact.  Further, there is no precedent for denying her motion on the grounds that intervention cannot be allowed as a matter of law in actions that have been coordinated for pretrial purposes in an MDL proceeding.  This Court should alter or amend its Order to permit Ms. Lewis to press the merits of her motion to intervene in the indirect purchaser cases before this Court.

Dated: February 13, 2020                                Respectfully submitted,

                                                              /s/ *Tracy R. Kirkham*
                                               Tracy R. Kirkham

                                               Tracy R. Kirkham (69912)
                                               John D. Bogdanov (215830)
                                               COOPER & KIRKHAM, P.C.
                                               357 Tehama Street, Second Floor
                                               San Francisco, CA 94103
                                               Telephone: (415) 788-3030
                                               Facsimile: (415) 882-7040
                                               Email:  trk@coopkirk.com
                                                           jdb@coopkirk.com

                                               *Counsel for Eleanor Lewis and Interim Lead Counsel for the Non-Repealer State Subclass*