ALLEN & OVERY LLP
John Roberti (*pro hac vice*)
Andrew Rhys Davies (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399
Email: john.roberti@allenovery.com
        andrewrhys.davies@allenovery.com

*Attorneys for Defendants Samsung SDI Co., Ltd.;*
*Samsung SDI America, Inc.; Samsung SDI Mexico S.A.*
*De C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung*
*SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and*
*Samsung SDI (Malaysia) Sdn. Bhd.*

[Additional Responding Parties and Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.: 07-cv-05944 JST |
| | MDL No. 1917 |
| This document relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **DEFENDANTS' RESPONSE TO:**<br>**(1) MOTION TO ALTER OR AMEND THE COURT'S ORDER DENYING RENEWED MOTIONS TO INTERVENE ENTERED ON FEBRUARY 4, 2020 (ECF No. 5688); AND (2) MOTION OF NON-REPEALER SUBCLASS MEMBER ELEANOR LEWIS TO ALTER OR AMEND THE COURT'S FEBRUARY 4, 2020 ORDER DENYING RENEWED MOTIONS TO INTERVENE (ECF No. 5689)**<br><br>Date:        April 1, 2020<br>Time:        2:00 p.m.<br>Judge:      Hon. Jon S. Tigar<br>Courtroom:  6, 2nd Floor |

DEFENDANTS' RESPONSE TO ORS MOTION TO ALTER OR
AMEND THE COURT'S ORDER ENTERED ON FEBRUARY 4, 2020;
NRS MOTION TO ALTER OR AMEND THE COURT'S FEBRUARY 4, 2020
ORDER DENYING RENEWED MOTIONS TO INTERVENE

CASE NO.: 4:07-cv-05944-JST

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .......................................................................................... ii

PRELIMINARY STATEMENT ...................................................................................1

BACKGROUND ..........................................................................................................1

ARGUMENT ...............................................................................................................4

      MOVANTS PROVIDE NO BASIS TO RECONSIDER THE COURT'S ORDER
      DENYING THEIR RENEWED MOTIONS TO INTERVENE ....................................4

          A.    Movants Cannot Establish Clear Error Warranting Reconsideration Under
               Rule 59(e) by Advancing Meritless Arguments that the Court Already
               Considered or that They Failed to Advance Previously .........................................5

          B.    The Court Should Deny Movants' Alternative Request for Leave to Seek
               Reconsideration Under Local Civil Rule 7-9(b) Because Such a Motion
               Would Fail for the Same Reasons as Their Present Motion Under Rule
               59(e) ......................................................................................................................9

CONCLUSION...........................................................................................................11

DEFENDANTS' RESPONSE TO ORS MOTION TO ALTER OR
AMEND THE COURT'S ORDER ENTERED ON FEBRUARY 4, 2020;
NRS MOTION TO ALTER OR AMEND THE COURT'S FEBRUARY 4, 2020
ORDER DENYING RENEWED MOTIONS TO INTERVENE

CASE NO.: 4:07-CV-05944-JST

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allstate Ins. Co. v. Herron*,
   634 F.3d 1101 (9th Cir. 2011) .........................................................................4, 7, 9

*Broomfield v. Craft Brew All., Inc.*,
   No. 17-cv-01027-BLF, 2017 WL 3838453 (N.D. Cal. Sept. 1, 2017) .....................................8

*Costello v. United States*,
   765 F. Supp. 1003 (C.D. Cal. 1991) ...........................................................................4

*In re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litig.*,
   No. MDL 33-1439, 2008 WL 4763029 (D. Or. Oct. 28, 2008)..................................2, 5, 6, 9

*In re FCA US LLC Monostable Elec. Gearshift Litig.*,
   No. 16-MD-02744, 2017 WL 6402992 (E.D. Mich. Mar. 21, 2017),
   *reconsideration denied*, No. 16-MD-02744, 2017 WL 6402991 (E.D. Mich.
   Mar. 23, 2017)..............................................................................................2

*In re Fluidmaster, Inc.*,
   149 F. Supp. 3d 940 (N.D. Ill. 2016) ..........................................................................8

*Gelboim v. Bank of Am. Corp.*,
   135 S. Ct. 897 (2015)........................................................................................8

*Holley v. Gilead Scis., Inc.*,
   379 F. Supp. 3d 809 (N.D. Cal. 2019) .........................................................................7

*J&J Sports Productions, Inc. v. Ho*,
   No. 5:11-cv-011630 LHK, 2012 WL 1910041 (N.D. Cal. May 24, 2012) .........................4, 5

*Joe Hand Promotions, Inc. v. Mujadidi*,
   No. C-11-5570 EMC, 2012 WL 4901429 (N.D. Cal. Oct. 15, 2012)...................................4, 5

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994) .........................................................................................1

*Kona Enters., Inc. v. Estate of Bishop*,
   229 F.3d 877 (9th Cir. 2000) .................................................................................7

*Lacey v. Maricopa Cty.*,
   693 F.3d 896 (9th Cir. 2012) .................................................................................8

ii

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*,
  523 U.S. 26 (1998) ................................................................................................2

*McDowell v. Calderon*,
  197 F.3d 1253 (9th Cir. 1999) (en banc) ............................................................4

*In re Mortg. Elec. Registration Sys., Inc.*,
  754 F.3d 772 (9th Cir. 2014) ...............................................................................6

*In re Mortg. Elec. Registration Sys. (Mers) Litig.*,
  No. MD-09-02119-PHX-JAT, 2016 WL 3931820 (D. Ariz. July 21, 2016) ................. *passim*

*In re Packaged Ice Antitrust Litig.*,
  No. 08-MDL-1952, 2011 WL 6178891 (E.D. Mich. Dec. 12, 2011) .......................................2

*Estate of Saunders v. Comm'r*,
  745 F.3d 953 (9th Cir. 2014) ...............................................................................7

*Shek v. Cal.Nurses Ass'n/Caregivers & Healthcare Emps. Union*,
  No. C10-1483, 2010 WL 3835728 (N.D. Cal. Sept. 28, 2010) ...............................10

*Stromberg v. Ocwen Loan Servicing, LLC*,
  No. 15-cv-04719-JST, 2017 WL 3727233 (N.D. Cal. Aug. 30, 2017).................9, 10

*Town of Chester, N.Y. v. Laroe Estates, Inc.*,
  137 S. Ct. 1645 (2017).......................................................................................9, 2

*Turner v. City & County of San Francisco*,
  892 F. Supp. 2d 1188 (N.D. Cal. 2012) ............................................................10

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
  No. C 10-3724 CW, 2015 WL 1478636 (N.D. Cal. Mar. 31, 2015) ...................4, 5

*White v. Square, Inc.*,
  No. 15-cv-4539-JST, 2016 WL 6647927 (N.D. Cal. Nov. 9, 2016)....................4, 5

*Young v. Peery*,
  163 F. Supp. 3d 751 (N.D. Cal. 2015) ......................................................4, 5, 7, 9

*Yu-Ling Teng v. Dist. Dir., U.S. Citizenship & Immigration Servs.*,
  820 F.3d 1106 (9th Cir. 2016) .............................................................................1

**Statutes**

28 U.S.C. § 1407................................................................................................1, 2, 3

iii

**Other Authorities**

Federal Rule of Civil Procedure 54(b)...........................................................................................9, 10

Federal Rule of Civil Procedure 59(e) ................................................................................... *passim*

Judicial Panel on Multidistrict Litigation Rule 7.2(a) ..........................................................2, 3, 4

DEFENDANTS' RESPONSE TO ORS MOTION TO ALTER OR
AMEND THE COURT'S ORDER ENTERED ON FEBRUARY 4, 2020;
NRS MOTION TO ALTER OR AMEND THE COURT'S FEBRUARY 4, 2020
ORDER DENYING RENEWED MOTIONS TO INTERVENE

CASE NO.: 4:07-cv-05944-JST

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PRELIMINARY STATEMENT**

Asserting that this Court committed clear error, movants seek reconsideration of the Court's February 4, 2020 Order denying their renewed motions to intervene. Reconsideration should be denied because movants cannot meet their heavy burden to establish clear error. To the contrary, their attacks on the Court's Order are meritless.

"Federal courts are courts of limited jurisdiction and 'possess only that power authorized by Constitution and statute.'" *Yu-Ling Teng v. Dist. Dir., U.S. Citizenship & Immigration Servs.,* 820 F.3d 1106, 1110 (9th Cir. 2016) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)). Consistent with this fundamental principle, this Court correctly held that the MDL statute, 28 U.S.C. § 1407, limits the jurisdiction of an MDL court to actions that "*are pending*" in federal court before they are transferred to the MDL court. ECF No. 5684 at 3. Thus, a plaintiff may not file a complaint directly in an MDL proceeding. Instead, the plaintiff must first file an action in an appropriate "home" federal court and then seek to transfer the action to the MDL. *Id.* Movants set forth nothing that warrants reconsideration of this Court's Order denying their motions to intervene. Moreover, their arguments are precluded by the prohibitions on rehashing arguments that the Court has already rejected and on raising arguments that were not raised previously. The motions for reconsideration should be denied.

**BACKGROUND**

In August 2019, movants from nine so-called omitted "repealer" states (the "ORS Movants") and a movant from a non-repealer state, Eleanor Lewis ("Lewis"), moved to intervene and sought permission to amend the existing IPP consolidated amended complaint, in order to assert claims and seek relief that lead IPP counsel did not pursue, or were previously dismissed from the MDL. ECF Nos. 5565, 5567. In October 2019, the Court denied those motions, ruling that "even if their motion[s] to intervene could be granted," the "motion[s] to amend the existing

DEFENDANTS' RESPONSE TO ORS MOTION TO ALTER OR
AMEND THE COURT'S ORDER ENTERED ON FEBRUARY 4, 2020;
NRS MOTION TO ALTER OR AMEND THE COURT'S FEBRUARY 4, 2020
ORDER DENYING RENEWED MOTIONS TO INTERVENE

CASE NO.: 4:07-CV-05944-JST

1   IPP complaint would fail" because the ORS Movants and Lewis cannot "amend someone else's

2   complaint." ECF Nos. 5518, 5535.

3        In November 2019, the ORS Movants and Lewis renewed their motions to intervene and

4   sought permission to file their own complaints directly in this MDL proceeding. ECF Nos. 5643,

5   5645. In opposition, Defendants demonstrated that, if the ORS Movants and Lewis wish to

6   pursue claims in this MDL proceeding, they must file their lawsuits in a proper federal district

7   court and then seek to transfer those actions into this MDL proceeding. ECF No. 5663 at 21-22,

8   31-32. As several other courts have recognized,[1] the MDL statute, 28 U.S.C. § 1407, limits the

9   jurisdiction of an MDL court to actions that "*are pending*" in federal court *before* they are

10  transferred into the MDL proceeding. 28 U.S.C. § 1407(a) (emphasis added); *see* ECF No. 5663

11  at 22-23 & nn.26-27. Moreover, if the ORS Movants and Lewis were permitted to file

12  complaints directly in this MDL proceeding, the resulting actions would have no "home federal

13  court" to which they could be remanded for trial, as required by *Lexecon Inc. v. Milberg Weiss*

14  *Bershad Hynes & Lerach*, 523 U.S. 26 (1998). *See* ECF No. 5663 at 23 & n.28.

15       In reply, the ORS Movants and Lewis advanced only partial and inadequate responses to

16  Defendants' arguments concerning the limited authority of an MDL court. The ORS Movants

17  argued that Judicial Panel on Multidistrict Litigation Rule 7.2(a) ("JPML Rule 7.2(a)") permits

18  the filing of actions directly in a pending MDL proceeding. ECF No. 5670 at 19 n.8. Further,

19  they sought to distinguish one of the several cases that Defendants cited in support of their

20  argument, *In re Mortg. Elec. Registration Sys.* (*Mers*) *Litig.*, No. MD-09-02119-PHX-JAT, 2016

21  WL 3931820 (D. Ariz. July 21, 2016) ("*In re MERS*"), on the ground that their state-law claims

22

23  ---
   [1]     *See In re FCA US LLC Monostable Elec. Gearshift Litig.*, No. 16-MD-02744, 2017 WL
24  6402992, at *1 (E.D. Mich. Mar. 21, 2017), *reconsideration denied*, No. 16-MD-02744, 2017
    WL 6402991 (E.D. Mich. Mar. 23, 2017); *In re Mortg. Elec. Registration Sys.* (*Mers*) *Litig.*, No.
25  MD-09-02119-PHX-JAT, 2016 WL 3931820, at *5-7 (D. Ariz. July 21, 2016); *In re Packaged
    Ice Antitrust Litig.*, No. 08-MDL-1952, 2011 WL 6178891, at *8 (E.D. Mich. Dec. 12, 2011); *In
26  re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litig.*, No. MDL 33-1439, 2008
    WL 4763029, at *5 (D. Or. Oct. 28, 2008).

27                                                          2

arise from the same factual predicate as the federal claims in this MDL proceeding. Thus, according to the ORS Movants, this MDL court may exercise supplemental jurisdiction over their previously unasserted state-law claims. ECF No. 5670 at 18-19.

Lewis addressed none of the cases that Defendants had drawn to the Court's attention. Lewis referenced an unreported order issued in an out-of-circuit case in which a federal magistrate judge permitted new class representatives to file complaints in an MDL proceeding. ECF No. 5668 at 4. Lewis also argued that JPML Rule 7.2(a) would allow her to file an action in this district and then to seek transfer of that action into this MDL proceeding. ECF No. 5668 at 4.

The ORS Movants and Lewis did not otherwise respond to Defendants' argument concerning the limited authority of an MDL court, or address the case law cited in support of that argument.

In its Order dated February 4, 2020, ECF No. 5684, this Court addressed all of the arguments raised in the briefing concerning the authority of an MDL court, and rejected each of the arguments presented by the ORS Movants and Lewis. The Court held that, under the MDL statute, 28 U.S.C. § 1407, as interpreted in the case law cited by Defendants, "movants are not permitted to file complaints directly into MDL proceedings." ECF No. 5684 at 3. Rather, "[c]ases must already be pending in a federal court before they can be added to an existing MDL." *Id.*  The Court rejected Lewis's reliance on the unreported order referenced in her reply, ECF No. 5668 at 4, noting that, in that out-of-circuit case, "neither the parties nor the court appear to have considered whether the filing of new pleadings in the MDL comported with 28 U.S.C. § 1407." *Id.* at 5.  The Court also rejected the ORS Movants' and Lewis's reliance on JPML Rule 7.2(a), holding that JPML Rule 7.2(a) "does not waive the requirement to file an action in federal court prior to seeking transfer to the MDL." *Id.* at 4.

Based on these rulings, the Court denied the renewed motions, concluding: "Movants may file their claims in the appropriate forum(s) and seek transfer from the JPML or, if properly filed in the Northern District of California, 'request assignment of [their] actions to the Section

3

1407 transferee judge in accordance with applicable local rules.'" *Id.* at 6 (quoting JPML Rule 7.2(a)) (brackets in original).

## ARGUMENT

### MOVANTS PROVIDE NO BASIS TO RECONSIDER THE COURT'S ORDER DENYING THEIR RENEWED MOTIONS TO INTERVENE

Reconsideration under Federal Rule of Civil Procedure 59(e) is "'an extraordinary remedy which should be used sparingly.'" *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc)). In particular, it "is not a vehicle permitting the unsuccessful party to 'rehash' arguments previously presented, or to present 'contentions which might have been raised prior to the challenged judgment.'" *Young v. Peery*, 163 F. Supp. 3d 751, 753 (N.D. Cal. 2015) (Tigar, J.) (citing *Costello v. United States*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991)); *see also White v. Square, Inc.*, No. 15-cv-4539-JST, 2016 WL 6647927 at *2 (N.D. Cal. Nov. 9, 2016) (Tigar, J.) ("A party seeking reconsideration under Rule 59 or Rule 60 must do more than rehash arguments or recapitulate cases already considered by the court.").

Moreover, and further reflecting the extraordinary nature of Rule 59(e) relief, reconsideration is not available under Rule 59(e) unless the court is convinced that it has "committed '*clear error*.'" *Young*, 163 F. Supp. 3d at 753 (quoting *McDowell*, 197 F.3d at 1255) (emphasis in original)). Clear error is a "'very exacting standard.'" *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. C 10-3724 CW, 2015 WL 1478636, at *2 (N.D. Cal. Mar. 31, 2015) (quoting *Joe Hand Promotions, Inc. v. Mujadidi*, No. C-11-5570 EMC, 2012 WL 4901429, at *1 (N.D. Cal. Oct. 15, 2012)). It is not enough to show "a disagreement with the Court's decision." *J&J Sports Productions, Inc. v. Ho.*, No. 5:11-cv-011630 LHK, 2012 WL 1910041, at *4 (N.D. Cal. May 24, 2012) (citation and quotation marks omitted). Nor is it sufficient that the decision may be "debatable." *Young*, 163 F. Supp. 3d at 753 (citing *McDowell*, 197 F.3d at 1256). To warrant reconsideration under Rule 59(e), the decision must be "'dead wrong.'" *U.S. Ethernet*

1   *Innovations, LLC*, 2015 WL 1478636, at *2 (quoting *Joe Hand Promotions, Inc.,* 2012 WL

2   4901429, at *1).

3       A.   **Movants Cannot Establish Clear Error Warranting Reconsideration Under**
         **Rule 59(e) by Advancing Meritless Arguments that the Court Already**
4         **Considered or that They Failed to Advance Previously**

5       None of the arguments advanced by the ORS Movants or by Lewis discharges their

6   heavy burden to show that the Court's February 4, 2020 Order is "dead wrong." *U.S. Ethernet*

7   *Innovations, LLC*, 2015 WL 1478636, at *2. Their arguments are both meritless and precluded

8   by the rule that a reconsideration motion cannot be based on arguments that the Court already

9   considered and rejected, or on arguments that were not raised during the prior briefing. *See*

10  *Young*, 163 F. Supp. 3d at 753. Reconsideration should therefore be denied.

11      *First*,[2] the ORS Movants cannot demonstrate clear error by attempting to distinguish two

12  of the several cases on which the Court relied in its February 4, 2020 Order: *In re Mortgage*

13  *Electronic Registration Systems* (*Mers*) *Litig.*, No. MD-09-02119-PHX-JAT, 2016 WL 3931820

14  (D. Ariz. July 21, 2016) ("*In re MERS*"), and in *In re Farmers Insurance Exchange Claims*

15  *Representatives' Overtime Pay Litigation*, No. MDL 33-1439, 2008 WL 4763029 (D. Or. Oct.

16  28, 2008) ("*In re Farmers*"). *See* ECF No. 5688 ("ORS Mem.") at 2-3. A movant for

17  reconsideration under Rule 59(e) "must do more than recapitulate cases already considered by

18  the court." *White,* 2016 WL 6647927 at *2; *see also J&J Sports Productions, Inc.* 2012 WL

19  1910041, at *4 ("[R]ecapitulation of the cases and arguments considered by the court before

20  rendering its original decision fails to carry the moving party's burden.").

21      Moreover, the argument fails for the additional reason that it is incorrect. The ORS

22  Movants seek to distinguish this case from *In re MERS* and *In re Farmers*, on the basis that they

23  are members of a putative class (*i.e.*, the nationwide putative class asserting federal-law claims)

24

25  ---
    [2]    The enumerated points in this response do not correspond directly to the "five"
26  arguments set forth in the ORS Movants' motion, as several of their points overlap and repeat
    one another.

27                                                    5

that is part of this MDL. ORS Mem. at 2-3. No such distinction exists. The people who were not permitted to file complaints in *In re MERS* and *In re Farmers* were also members of putative classes asserted in those MDL proceedings.[3] Yet by virtue of the "'unique procedural world'" created by the MDL statute, *In re MERS*, 2016 WL 3931820, at 8 (quoting *In re Farmers*, 2008 WL 4763029, at *3), they could not become named plaintiffs without first filing their lawsuits in federal court and having those actions transferred into the MDL proceedings. *In re MERS*, 2016 WL 3931820, at *5-7; *In re Farmers*, 2008 WL 4763029, at *5. Moreover, the *In re MERS* court rejected the ORS Movants' argument (ORS Mem. at 3-4; ECF No. 5670 at 18-19) that because their claims arise from the same factual predicate as the existing MDL claims, principles of supplemental jurisdiction permit them to become named plaintiffs in this MDL proceeding without first filing an action. *In re MERS*, 2016 WL 3931820, at *7-8.[4]

---

[3]     The individual who was not permitted to file a complaint in the *In re MERS* MDL proceeding ("DeBaggis") was a member of a class of Arizona home owners. *In re Mortg. Elec. Registration Sys., Inc*., 754 F.3d 772, 783 (9th Cir. 2014) (describing DeBaggis's claim under Arizona's false documents statute). The *In re MERS* MDL proceeding included class claims on behalf of Arizona home owners. Class Action Compl., ¶ 161, *Jonathan E. Robinson, et al. v. GE Money Bank,* No. 4:2009-cv-00227 (D. Ariz. Apr. 21, 2009), ECF No. 1 (seeking certification of a class of Arizona home owners); *Id.,* ECF No. 194 (order dated Dec. 12, 2009, transferring the *Robinson* action into the *In re MERS* MDL proceeding, MDL No. 2119).

     Similarly, the employees who were not permitted to file complaints in the *In re Farmers* MDL proceeding were residents of Colorado, Minnesota, Illinois, and New Mexico. *In re Farmers,* 2008 WL 4763029, at *5. They were also members of a nationwide federal-law class in the *In re Farmers* MDL proceeding. *See* First Am. Compl., ¶ 24, *In re Farmers Insurance Exchange Claims Representatives' Overtime Pay Litig.,* 2006 WL 1833239 (D. Or. May 9, 2006) (seeking certification of a nationwide class).

[4]     There is no basis for the ORS Movants' suggestion, ORS Mem. at 3, that DeBaggis's claims were factually unrelated to the class claims in *In re MERS*. *See In re Mortg. Elec. Registration Sys., Inc*., 754 F.3d at 783 (summarizing the factual allegations underlying the Arizona class claims, including the facts alleged as to DeBaggis). When the *In re MERS* court stated that it would dismiss DeBaggis's case "(unrelated to any claim he might have as a potential class member in the motions for class certification)," *In re MERS*, 2016 WL 3931820, at *1, it was simply making clear that DeBaggis's inability to file his own complaint in the MDL proceeding did not preclude him claiming as an unnamed class member.

*Second*, the suggestion by the ORS Movants and by Lewis that the Court misunderstood their motions to intervene does not demonstrate clear error. ORS Mem. at 4; ECF No. 5689 ("NRS Mem.") at 3-5. To the contrary, Lewis and the ORS Movants confirm the correctness of the Court's ruling by reaffirming that they were seeking to intervene "in each and every one of the indirect purchaser actions that comprise MDL 1917," NRS Mem. at 3:19-23, or "into the IPP cases" within this MDL proceeding, ORS Mem. at 4:9-10. As this Court observed, each action in an MDL proceeding must be remanded to its "home federal court" for trial. ECF No. 5684 at 5. The "IPP cases" in this MDL proceeding comprise at least eighteen actions that were initiated in nine different federal district courts. *See* ECF No. 188-1. If Lewis and the ORS Movants were permitted to intervene in each of the IPP actions in this MDL proceeding, there would be no single home federal court to which their claims could be remanded for trial, nor would it be possible or proper to remand the newly-added ORS and NRS claims to multiple transferor courts.

*Third*, the ORS Movants are not assisted by their footnoted suggestion that they "could" amend "multiple" pre-consolidation complaints, some of which asserted ORS claims that were dropped when the consolidated amended complaints were filed. ORS Mem. at 2 n.1; *see also id.* at 5. Having failed to raise this argument in either of their motions to intervene, the ORS Movants cannot now raise it on reconsideration. *See Allstate Ins. Co.*, 634 F.3d at 1112 (Rule 59(e) cannot be used to present arguments that "'could reasonably have been raised earlier in the litigation.'") (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)); *see also Young*, 163 F. Supp. 3d at 753 (Rule 59(e) "is not a vehicle" for presenting "contentions which might have been raised prior to the challenged judgment.") (citation and quotation marks omitted). Much less can this new argument be validly raised in a *footnote* in a reconsideration motion. *See Holley v. Gilead Scis., Inc.*, 379 F. Supp. 3d 809, 834 (N.D. Cal. 2019) (Tigar, J.) ("Arguments raised only in footnotes, or only on reply, are generally deemed waived" and need

1  not be considered.") (citing *Estate of Saunders v. Comm'r*, 745 F.3d 953, 962 n.8 (9th Cir.

2  2014)).

3      And even if the ORS Movants' argument were preserved and properly presented, it is

4  baseless. The consolidated amended complaints that lead counsel has filed since 2009 are

5  operative, superseding complaints. *See Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 905 n.3

6  (2015).[5] All of the claims and all of the plaintiffs that were dropped from those consolidated

7  amended complaints were thereby voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d

8  896, 928 (9th Cir. 2012); *Broomfield v. Craft Brew All., Inc.*, No. 17-cv-01027-BLF, 2017 WL

9  3838453, at *4 (N.D. Cal. Sept. 1, 2017). Thus, there are no still-pending, pre-consolidation

10  complaints that the ORS Movants could amend. Moreover, the sole ORS Movant who was

11  named in one of those complaints—Anthony Gianasca—conceded that his 2008 pre-

12  consolidation complaint is no longer pending by giving notice in August 2019 that he intended to

13  re-assert the claims that his 2008 complaint previously asserted, *see* ECF No. 5567-4 (demand

14  letters sent by Mr. Gianasca's counsel in June 2019), and by joining in the ORS Movants'

15  subsequent motions for permission to file a new complaint. And even if the pre-consolidation

16  complaints were still pending, they cannot be amended by the remaining ORS Movants because

17  the Court has already ruled that they cannot "amend someone else's complaint." ECF No. 5628

18  at 3. That ruling applies regardless of whether the ORS Movants are trying to amend someone

19  else's first complaint or their fifth amended complaint.

20      *Fourth*, the ORS Movants and Lewis cannot demonstrate clear error by arguing that the

21  Court's decision conflicts with the Court's authority under the Federal Rules of Civil Procedure,

22  as discussed in the Manual for Complex Litigation, to create subclasses or to substitute class

23

24  [5]    The briefing and adjudication of motions to dismiss a consolidated amended complaint—
25  as happened several times in this proceeding—confirms that the parties and the court view those
    complaints as operative, superseding complaints, and not merely as administrative summaries of
26  underlying operative complaints. *See In re Fluidmaster, Inc.,* 149 F. Supp. 3d 940, 947-48 (N.D.
    Ill. 2016).

27                                          8

28  DEFENDANTS' RESPONSE TO ORS MOTION TO ALTER OR                CASE NO.: 4:07-cv-05944-JST
    AMEND THE COURT'S ORDER ENTERED ON FEBRUARY 4, 2020;
    NRS MOTION TO ALTER OR AMEND THE COURT'S FEBRUARY 4, 2020
    ORDER DENYING RENEWED MOTIONS TO INTERVENE

representatives through intervention. ORS Mem. at 1-2, 3 n.2, 4; NRS Mem. at 6. This argument cannot be raised on reconsideration because the ORS Movants and Lewis failed to raise it before the Court issued its February 4, 2020 Order. *See Allstate Ins. Co.,* 634 F.3d at 1112 (movant cannot raise new arguments on reconsideration); *Young,* 163 F. Supp. 3d at 753 (same).

The argument is also meritless. Procedural mechanisms such as intervention are subject to the overriding requirement that the court have subject-matter jurisdiction. *See, e.g., Town of Chester, N.Y. v. Laroe Estates, Inc.,* 137 S. Ct. 1645, 1648 (2017) (intervenor of right must demonstrate Article III standing to pursue relief different from that which sought by an existing party). As this Court has held, the jurisdiction of an MDL court is limited to actions that have been filed in federal court and transferred into the MDL proceeding. *See* ECF No. 5684 at 3-5; *see also In re MERS,* 2016 WL 3931820, at *5-7; *In re Farmers,* 2008 WL 4763029, at *5. The ORS Movants and Lewis candidly concede that they cannot file actions now because they have sat on their rights for over a decade, during which time all applicable statutes of limitation have run, ORS Mem. at 4:17-19; NRS Mem. at 7-8, but that does not demonstrate that the Court committed clear error in holding them to the requirements of the MDL statute.

*Fifth*, the ORS Movants cannot secure reconsideration by referring without elaboration to "jurisdictional defects in the IPP actions starting with the 2009 Consolidated Amended Complaint." ORS Mem. at 4; *see also* NRS Mem. at 8. This argument cannot be raised for the first time on reconsideration. *See Allstate Ins. Co.,* 634 F.3d at 1112; *Young*, 163 F. Supp. 3d at 753. And in any event, this argument does nothing to demonstrate that the Court's February 4, 2020 decision represents clear error.

**B.     The Court Should Deny Movants' Alternative Request for Leave to Seek Reconsideration Under Local Civil Rule 7-9(b) Because Such a Motion Would Fail for the Same Reasons as Their Present Motion Under Rule 59(e)**

The ORS Movants and Lewis are not assisted by their unadorned alternative request for leave to move for reconsideration pursuant to Local Civil Rule 7-9(b) and Federal Rule of Civil Procedure 54(b). *See* ORS Mem. at 1; NRS Mem. at 2. Motions for reconsideration under those

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

provisions are subject to the same stringent standards that apply under Rule 59(e). *See Stromberg v. Ocwen Loan Servicing, LLC,* No. 15-cv-04719-JST, 2017 WL 3727233, at *1 (N.D. Cal. Aug. 30, 2017) (Tigar, J.); *see also Shek v. Cal. Nurses Ass'n/Caregivers & Healthcare Emps. Union,* No. C10-1483, 2010 WL 3835728, at *1 n.1 (N.D. Cal. Sept. 28, 2010) ("the same basic standards are applicable" to motions under Local Rule 7-9(b) and Federal Rule of Civil Procedure 59(e)). As any motion under Local Civil Rule 7-9(b) and Federal Rule of Civil Procedure 54(b) should be denied for the reasons set forth in Point A, leave to file such a motion should be denied. *See, e.g., Stromberg*, 2017 WL 3727233, at *3; *Turner v. City & County of San Francisco*, 892 F. Supp. 2d 1188, 1219, 1226 (N.D. Cal. 2012) (denying motion for reconsideration under Local Civil Rule 7-9(b) due to movant's failure to first seek leave and because it failed on the merits).

\*      \*      \*

Finally, even if—contrary to Defendants' arguments—the Court were to reconsider its Order dated February 4, 2020, the renewed motions to intervene and for permission to file separate complaints should still be denied for all of the other reasons set forth in Defendants' response to those motions, ECF No. 5663.

DEFENDANTS' RESPONSE TO ORS MOTION TO ALTER OR
AMEND THE COURT'S ORDER ENTERED ON FEBRUARY 4, 2020;
NRS MOTION TO ALTER OR AMEND THE COURT'S FEBRUARY 4, 2020
ORDER DENYING RENEWED MOTIONS TO INTERVENE

CASE NO.: 4:07-cv-05944-JST

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CONCLUSION**

For all the foregoing reasons, the Court should deny in their entirety the motions to alter or amend the Court's Order dated February 4, 2020.

Dated: February 27, 2020                    Respectfully submitted,


                                             /s/ *Andrew Rhys Davies*
                                             ALLEN & OVERY LLP
                                             ANDREW RHYS DAVIES
                                             andrewrhys.davies@allenovery.com
                                             1221 Avenue of the Americas
                                             New York, NY 10020
                                             Telephone:  (212) 610-6300
                                             Facsimile:  (212) 610-6399

                                             JOHN ROBERTI
                                             john.roberti@allenovery.com
                                             ALLEN & OVERY LLP
                                             1101 New York Avenue NW
                                             Washington, DC 20005
                                             Telephone:  (202) 683-3800
                                             Facsimile:  (212) 610-6399

                                             *Attorneys for Defendants Samsung SDI Co., Ltd.;*
                                             *Samsung SDI America, Inc.; Samsung SDI Mexico*
                                             *S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzhen*
                                             *Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co.,*
                                             *Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd.*

DEFENDANTS' RESPONSE TO ORS MOTION TO ALTER OR                    CASE NO.: 4:07-cv-05944-JST
AMEND THE COURT'S ORDER ENTERED ON FEBRUARY 4, 2020;
NRS MOTION TO ALTER OR AMEND THE COURT'S FEBRUARY 4, 2020
ORDER DENYING RENEWED MOTIONS TO INTERVENE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*/s/ Jeffrey L. Kessler*
WINSTON & STRAWN LLP
JEFFREY L. KESSLER
jkessler@winston.com
EVA W. COLE
ewcole@winston.com
200 Park Avenue
New York, NY 10166
Telephone:     (212) 294-6700
Facsimile:      (212) 294-4700

KEVIN B. GOLDSTEIN
kbgoldstein@winston.com
35 W. Wacker Drive
Chicago, IL 60622
Telephone:     (312) 558-5600
Facsimile:      (312) 558-5700

WEIL, GOTSHAL & MANGES LLP
DAVID L. YOHAI
david.yohai@weil.com
ADAM C. HEMLOCK
adam.hemlock@weil.com
DAVID YOLKUT
david.yolkut@weil.com
767 Fifth Avenue
New York, NY 10153-0119
Telephone:     (212) 310-8000
Facsimile:      (212) 310-8007

*Attorneys for Defendants Panasonic Corporation
(f/k/a Matsushita Electric Industrial Co., Ltd.),
Panasonic Corporations of North America, and
MT Picture Display Co., Ltd.*[6]

---

[6]    MT Picture Display Co., Ltd. has been dissolved and completed final liquidation proceedings in Japan on May 23, 2019.

DEFENDANTS' RESPONSE TO ORS MOTION TO ALTER OR                    CASE NO.: 4:07-cv-05944-JST
AMEND THE COURT'S ORDER ENTERED ON FEBRUARY 4, 2020;
NRS MOTION TO ALTER OR AMEND THE COURT'S FEBRUARY 4, 2020
ORDER DENYING RENEWED MOTIONS TO INTERVENE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ *John M. Taladay*

BAKER BOTTS LLP
JOHN M. TALADAY
ERIK T. KOONS
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
Email: erik.koons@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips, N.V.,*
*Philips North America LLC, Philips Taiwan*
*Limited, and Philips do Brasil, Ltda*

 /s/ *Kathy L. Osborn*

FAEGRE DRINKER BIDDLE & REATH LLP
KATHY L. OSBORN
Email: kathy.osborn@faegredrinker.com
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000

JEFFREY S. ROBERTS
Email: jeff.roberts@faegredrinker.com
1144 15th Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

*Attorneys for Defendants Thomson SA and*
*Thomson Consumer Electronics, Inc.*

/s/ *Donald A. Wall*

SQUIRE PATTON BOGGS (US) LLC
DONALD A. WALL
Email: donald.wall@squirepb.com
1 East Washington Street, Suite 2700
Phoenix, AZ 85004
Telephone: (602) 528-4005
Facsimile: (602) 253-8129

*Attorneys for Defendants Technologies*
*Display Americas LLC*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ *Eliot A. Adelson*
MORRISON & FOERSTER LLP
ELIOT A. ADELSON
Email: eadelson@mofo.com
45 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7243
Facsimile: (415) 268-7522

*Attorneys for Defendants Hitachi Ltd., Hitachi*
*Displays, Ltd. (n/k/a Japan Display, Inc.), Hitachi*
*Asia, Ltd., Hitachi America, Ltd., and Hitachi*
*Electronic Devices (USA), Inc.*

/s/ *Christopher M. Curran*
WHITE & CASE LLP
CHRISTOPHER M. CURRAN
ccurran@whitecase.com
LUCIUS B. LAU
alau@whitecase.com
DANA E. FOSTER
defoster@whitecase.com
MATTHEW N. FRUTIG
mfrutig@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation,*
*Toshiba America, Inc., Toshiba America*
*Information Systems, Inc., Toshiba America*
*Consumer Products, L.L.C., and Toshiba America*
*Electronic Components, Inc.*

DEFENDANTS' RESPONSE TO ORS MOTION TO ALTER OR
AMEND THE COURT'S ORDER ENTERED ON FEBRUARY 4, 2020;
NRS MOTION TO ALTER OR AMEND THE COURT'S FEBRUARY 4, 2020
ORDER DENYING RENEWED MOTIONS TO INTERVENE

CASE NO.: 4:07-cv-05944-JST