Tracy R. Kirkham (69912)
John D. Bogdanov (215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
Email: trk@coopkirk.com
       jdb@coopkirk.com

*Counsel for Eleanor Lewis and
Interim Lead Counsel for the Non-Repealer
State Subclass*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 4:07-cv-5944-JST <br><br> MDL No. 1917 |
| This Document Relates to: <br><br> All Indirect Purchaser Actions | **REPLY IN SUPPORT OF MOTION OF NON-REPEALER STATE SUBCLASS MEMBER ELEANOR LEWIS PURSUANT TO RULE 59(E) TO ALTER OR AMEND THE COURT'S FEBRUARY 4, 2020, ORDER DENYING RENEWED MOTIONS TO INTERVENE (DKT. 5684)** <br><br> Hearing Date: April 1, 2020 <br> Time:          2:00 p.m. <br> Judge:         Honorable Jon S. Tigar <br> Courtroom:  6, 2nd Floor |

1    Defendants' opposition to this motion fails to address the central questions at issue here: Is
2 Rule 24 of the Federal Rules of Civil Procedure ("Rule 24") applicable to cases that have been
3 coordinated for pretrial purposes in a Multidistrict Litigation ("MDL") proceeding?  And, if, as
4 Defendants' contend, it is not, what is the authority for such a rule of law?  Eleanor Lewis, who
5 has asked to intervene as a named plaintiff in each and every one of the indirect purchaser actions
6 that comprise MDL No. 1917, is a member of a nationwide class alleging an equitable federal
7 antitrust claim that has been pending in each of those cases since at least the first consolidated
8 amended complaint was filed.  She is also a member of a nationwide settlement class of indirect
9 purchasers of CRT products that was certified in each of those indirect purchaser actions.

10    This Court has recognized that unlike any of the current representatives of that nationwide
11 class, she is a member of a distinct subclass therein—the Non-Repealer State ("NRS") subclass.
12 Accordingly, in order to be appointed subclass representative, Ms. Lewis has moved pursuant to
13 Pretrial Order No. 1 (Dkt. 230) and Rule 24, to intervene as a named plaintiff in each action that
14 asserts claims on behalf of the nationwide class.  The Court did not rule on the merits of her
15 intervention.  Rather, the Court held that "the MDL statute does not permit [NRS] movants' direct
16 intervention *into the MDL proceedings*."  Dkt. 5684 at 3 (emphasis added).  Ms. Lewis argues that
17 this apparent holding that Rule 24 intervention is not available in any action once it has been
18 coordinated for pretrial purposes under 28 U.S.C. § 1407 was the result of a mistake of fact as to
19 the nature of Ms. Lewis's intervention motion, and is clear error under Rule 59(e), Federal Rules
20 of Civil Procedure.

21    Following the clarification that Ms. Lewis did not move to intervene "into the MDL
22 proceedings," but rather into each of the indirect purchaser actions before the Court for pretrial
23 purposes, Defendants have continued to press the position that 28 U.S.C. § 1407 eliminates the
24 possibility of Rule 24 intervention.  However, none of the cases cited by Defendants (and relied on
25 by the Court in Dkt. 5684) arose in the context of a motion to intervene pursuant to Rule 24, and
26 thus, none speak to the issue of whether 28 U.S.C. § 1407 has any effect on Rule 24 intervention.
27 Defendants' opposition is similarly devoid of authority or argument addressed to this central issue.
28 Defs. Opp. at 5-6.  This is not surprising because there is no case holding that Rule 24 or any other

1

Federal Rule of Civil Procedure is inapplicable to cases consolidated into MDL proceedings.  In contrast, the Ninth Circuit has stated that "[a] district judge exercising authority over cases transferred for pretrial proceedings 'inherits the entire pretrial jurisdiction that the transferor district judge would have exercised if the transfer had not occurred.'"  *In re Korean Air Lines Co.,* 642 F.3d 685, 699 (9th Cir. 2011) (quoting 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3886 (3d ed. 2010)).

The "pleading" that Rule 24 requires accompany a motion to intervene is neither designed nor intended to begin a whole new action since this would defeat the entire purpose of Rule 24, which is to add parties (or parties and claims) to existing, pending actions.  Therefore, Defendants' assertion that 28 U.S.C. § 1407 limits the jurisdiction of the transferee court to actions that "are pending" before transfer (Defs. Opp. at 3) in no way supports the proposition that Ms. Lewis's Rule 24 intervention into one of more of those "pending" actions is beyond the jurisdiction of the transferee court.  This MDL proceeding in not a single "monolithic" action, but rather, a group of cases that were either filed in or transferred to this forum.  *Gelboim v. Bank of Am. Corp.,* 574 U.S. 405, 414 (2015).  There is absolutely no authority for the proposition that the aggregation of those cases for pretrial purposes suspends the applicability of any aspect of the Federal Rules of Civil Procedure.  Again, the Ninth Circuit instructs the opposite.  In holding that Rule 15(a)(2), Federal Rules of Civil Procedure, must be applied identically to motions to amend filed in MDL proceedings as it is in non-MDL actions, the Court observed:

> [W]hen it comes to motions that can spell the life or death of a case, such as motions for summary judgment, motions to dismiss claims, or … a motion to amend pleadings, it is important for the district court to articulate and apply the traditional standards governing such motions.  A total disregard for the normal standards of assessing these critical motions would improperly subject MDL cases to different and ad hoc substantive rules.

*In re Korean Air Lines,* 642 F.3d at 700-701.

Defendants' argument that Ms. Lewis cannot intervene because she does not have Article III standing is similarly flawed.  Defs. Opp. at 9.  The case Defendants cite merely states that "an intervenor must meet the requirements of Article III *if the intervenor wishes to pursue relief not requested by a plaintiff.*"  *Town of Chester, N.Y. v. Laroe Estates, Inc.,* 137 S. Ct. 1645, 1648

2

(2017) (emphasis added). Ms. Lewis, of course, has never sought to pursue relief not requested by each of the indirect purchaser plaintiffs in each of the consolidated amended complaints. More importantly, Defendants ignore the fact that in certifying the nationwide settlement class, of which Ms. Lewis is a member, this Court found that it satisfied the prerequisites and requirements of Rule 23, Federal Rules of Civil Procedure, thus, establishing Ms. Lewis's Article III standing to assert her claims. *Mazza v. Am. Honda Motor Co.,* 666 F.3d 581, 594 (9th Cir. 2012) (quoting *Denney v. Deutsche Bank AG,* 443 F.3d 253, 264 (2d Cir. 2006)) ("[N]o class may be certified that contains members lacking Article III standing.")

Without reference to any authority, Defendants argue that Ms. Lewis can not be permitted to intervene in each of the indirect purchaser actions because there would be no *single* home forum district to which to remand the NRS claims, and it would not be "possible or proper" to remand the NRS subclass's claims to multiple transferor courts. Defs. Opp. at 7. Defendants ignore the fact that those claims are already pending in multiple transferor courts. There is no prohibition in federal law barring a party from simultaneously participating in more than one lawsuit. There is no rule in Multidistrict Litigation that a discreet set of claims must be remanded to a single, and only to a single, home forum for trial. If Ms. Lewis is permitted to intervene in each of the coordinated indirect purchaser actions, at the end of pre-trial proceedings, she, *like all the defendants*, will be a party to each of the underlying cases returned to their home courts for trial.[1]

Defendants also never address the fact that Ms. Lewis's motion to intervene was filed in multiple cases that are pending before this Court as both the transferor and transferee forum. Of the eighteen consolidated indirect purchaser cases noted by the Defendants, at least ten were initiated here in the Northern District of California, which means that this Court has plenary

---

[1] As a practical matter, never in the collective multidistrict litigation experience of Cooper & Kirkham, which began when Chief Justice Earl Warren selected Josef Cooper, then a recent graduate of the University of Chicago Law School, to be the Law Clerk to the newly convened Co-ordinating Committee on Multiple Litigation of the United States Courts (Dkt. 4073-1), has any antitrust MDL ended with the transferee judge simply sending the cases back to their home districts for multiple simultaneous trials of the same claims. The practice that has developed in those instances where claims are unresolved at the conclusion of pre-trial proceedings, is to postpone remand by staying cases, and to designate one or more actions that were originally filed in the transferee forum as a "test case" for trial.

1  jurisdiction for all purposes.  Dkt. 188, 188-1; *see also* Dkts. 176 & 253; 218 & 223; 224 & 239
2  (Motions and Orders Relating three additional indirect purchaser cases originally filed in this
3  Court).  Permitting Ms. Lewis to intervene in those cases does not implicate any issue as to
4  whether this Court's transferee forum jurisdiction over cases initiated in other districts permits it to
5  entertain Rule 24 motions to intervene.
6        The merits of Ms. Lewis's intervention are not complicated.  Ms. Lewis seeks nothing
7  more than to be elevated to the status of a named plaintiff so that she can be appointed the
8  representative the NRS subclass, and press claims for relief that have been pending since before
9  the MDL was created.  As noted above, all of the current named plaintiffs reside in Repealer
10 States, which means that all of the current representatives of the nationwide class are disqualified
11 from serving as the representative of the NRS subclass.  In addition, these plaintiffs announced in
12 2019 that they reached a separate settlement with the Defendants, and if it is approved, they do not
13 intend to further prosecute the claims they alleged on behalf of the NRS subclass.  This is the very
14 definition of a situation in which Rule 24(a) provides that Ms. Lewis must be permitted as a matter
15 of "right" to intervene in each of the actions alleging claims by the NRS subclass within the
16 nationwide class.
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

4

REPLY IN SUPPORT OF MOTION OF NON-REPEALER STATE SUBCLASS MEMBER
ELEANOR LEWIS TO ALTER OR AMEND ORDER - Case No. 4:07-cv-5944, MDL No. 1917

For all of the above reasons, and for the reasons set forth in the "Reply in Support of Rule 59(e) Motion to Alter or Amend the Court's Order Denying Renewed Motions to Intervene Entered on February 4, 2020 (Dkt. 5684)," filed March 5, 2020, by the ORS Plaintiffs and incorporated herein by this reference, this Court should grant Ms. Lewis's motion for the Court to alter or amend its Order to permit Ms. Lewis to intervene in the indirect purchaser cases before this Court.

Dated:  March 5, 2020                                         Respectfully Submitted,

/s/ *Tracy R. Kirkham*
Tracy R. Kirkham

Tracy R. Kirkham (69912)
John D. Bogdanov (215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
Email:  trk@coopkirk.com
            jdb@coopkirk.com

*Counsel for Eleanor Lewis and*
*Interim Lead Counsel for the Non-Repealer*
*State Subclass*