1   Francis O. Scarpulla (41059)
    Patrick B. Clayton (240191)
2   Law Offices of Francis O. Scarpulla
    456 Montgomery Street, 17th Floor
3   San Francisco, CA 94104
    Telephone: (415) 788-7210
4   Facsimile: (415) 788-0706
    fos@scarpullalaw.com
5   pbc@scarpullalaw.com
    *Interim Co-Lead Counsel for the ORS*
6

    Theresa D. Moore (99978)
    Law Offices of Theresa D. Moore
    One Sansome Street, 35th Floor
    San Francisco, CA 94104
    Telephone: (415) 613-1414
    tmoore@aliotolaw.com
    *Interim Co-Lead Counsel for the ORS*

7   [ADDITIONAL COUNSEL LISTED ON
    SIGNATURE PAGE]

8

9

10                  **UNITED STATES DISTRICT COURT**
                  **NORTHERN DISTRICT OF CALIFORNIA**
11                       **OAKLAND DIVISION**

12  **IN RE: CATHODE RAY TUBE (CRT)**      Master File No. 4:07-cv-5944-JST
    **ANTITRUST LITIGATION**
13                                          MDL No. 1917

14                                          **REPLY IN SUPPORT OF RULE 59(E)**
                                            **MOTION TO ALTER OR AMEND THE**
15                                          **COURT'S ORDER DENYING RENEWED**
                                            **MOTIONS TO INTERVENE ENTERED ON**
16                                          **FEBRUARY 4, 2020 (DKT. 5684)**

17                                          Hearing Date:
                                            Time:
18                                          Courtroom:    6, 2nd Floor
                                            Judge:        Hon. Jon S. Tigar
19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF CONTENTS</u>

I.      Introduction.................................................................................................................1

II.     The Implication of the Defendants' Argument......................................................2

III.    The Defendants are Dead Wrong on MDL Law.....................................................5

        A.  The Defendants Misconstrue the Legal Effect of MDL Proceedings on the
            Status of the Pre-Consolidation Complaints.....................................................6

        B.  The Court is Empowered to Allow the ORS Plaintiffs to Amend the
            Underlying Complaints........................................................................................8

CONCLUSION.........................................................................................................................9

PROOF OF SERVICE............................................................................................................10

1

## <u>TABLE OF AUTHORITIES</u>

2

3

**Cases**                                                                                          **Page(s)**

4

*Allegheny Airlines, Inc. v. LeMay*,
448 F.2d 1341 (7th Cir. 1971) ...................................................................................8

5

*Baranco v. Ford Motor Co.*,
6   No. 17-CV-03580-EMC, 2018 WL 5474549 (N.D. Cal. Oct. 26, 2018) .......................................4

7

*Broomfield v. Craft Brew All., Inc*.,
8   No. 17-cv-01027-BLF, 2017 WL 3838453 (N.D. Cal. Sept. 1, 2017)...........................................7

9

*Exchange Claims Representatives' Overtime Pay Litig.*,
2006 WL 1833239 (D. Or. May 9, 2006) .......................................................................4

10

*Gelboim v. Bank of Am. Corp.*,
11   135 S. Ct. 897 (2015)...............................................................................................6, 8

12

*Hoover v. Cumberland, Maryland Area Teamsters Pension Fund*,
13   756 F.2d 977 (3d Cir.1985) ........................................................................................5

14

*In re Equity Funding Corp. of Am. Sec. Litig.*,
15   416 F. Supp. 161 (C.D. Cal. 1976)................................................................................8

16

*In re Farmers Insurance Exchange Claims Representatives' Overtime Pay Litigation*, No. MDL 33-
1439, 2008 WL 4763029 (D. Or. Oct. 28, 2008) ......................................................3, 4, 5

17

18   *In re Gen. Motors LLC Ignition Switch Litig.*,
14-MC-2543 (JMF), 2017 WL 3382071 (S.D.N.Y. Aug. 3, 2017)...............................................7

19

*In re Korean Air Lines Co., Ltd.*,
20   642 F.3d 685 (9th Cir. 2011) ....................................................................................7, 8

21

*In re Mortgage Electronic Registration Systems* (*Mers*) *Litig.*,
No. MD-09-02119-PHX-JAT, 2016 WL 3931820 (D. Ariz. July 21, 2016)...................................3

22

23   *In re Takata Airbag Products Liab. Litig.*,
193 F. Supp. 3d 1324 (S.D. Fla. 2016) .........................................................................7

24

*In re Syntex Corp. Sec. Litig.*,
25   95 F.3d 922 (9th Cir. 1996) .......................................................................................4

26

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litig.*,
27   785 F. Supp. 2d 925 (C.D. Cal. 2011) ..........................................................................2

28

iii

*Lacey v. Maricopa Cty.*,
693 F.3d 896 (9th Cir. 2012)...................................................................................................7

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*,
523 U.S. 26, 118 S.Ct. 956 (1998)...........................................................................................6

*Miller v. Ghirardelli*,
2013 WL 6776191 (N.D. Cal. Dec. 20, 2013).........................................................................3

*Standard Fire Ins. Co. v. Knowles*,
133 S. Ct. 1345 (2013)..............................................................................................................2

*True Health Chiropractic Inc. v. McKesson Corp.*,
No. 13-CV-02219-JST, 2014 WL 2860318 (N.D. Cal. June 23, 2014) ...................................4

*Zepeda v. PayPal, Inc.*,
10CV02500SBAJCS, 2014 WL 1653246 (N.D. Cal. Apr. 23, 2014) ......................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 15......................................................................................................................8

Fed. R. Civ. P. 21......................................................................................................................8

Fed. R. Civ. P. 23......................................................................................................................2

Fed. R. Civ. P. 24...................................................................................................................3, 5

29 U.S.C.A. § 216......................................................................................................................5

§ 3866 *Jurisdiction and Power of the Transferee Court*, 15 FED. PRAC. & PROC. JURIS. § 3866 (4th ed.)..........................................................................................................................................8

*Fair Labor Standards Act (FLSA)*, 7 NEWBERG ON CLASS ACTIONS § 23:5 (5th ed.)....................5

*Intervention of right—Inadequate representation*,
3 NEWBERG ON CLASS ACTIONS § 9:35 (5th ed.).........................................................................3

Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *FEDERAL PRACTICE & PROCEDURE* § 3866 (3d ed. 2010)....................................................................................................................8

1

### I.    Introduction

The Defendants do not state it clearly (perhaps by design), but the necessary premise of their argument is this: transferring a class action into an MDL proceeding robs district court judges of the jurisdictional power to replace inadequate class representatives with putative class member intervenors.  That radical notion has no basis in the law.  To the contrary, class actions within MDL proceedings, just like class actions outside of MDL proceedings, require courts to protect absent class members from inadequate representation.  Both caselaw and the Federal Rules of Civil Procedure empower judges to do so by allowing absent class members to intervene as class representatives and then, like any class representatives, file and amend pleadings and otherwise conduct litigation in the best interest of the class.

Still, the Defendants argue on the one hand that because the IPP cases in this MDL proceeding comprise 18 actions from 9 districts, there can be no "home" federal court to receive a remand if the ORS Plaintiffs are permitted to intervene in "all" IPP actions.  (Dkt. 5690 at 7).  On the other hand, the Defendants argue that the filing of consolidated, amended complaints by the IPP Class Plaintiffs directly in this MDL has had the effect of superseding all prior IPP complaints.  (*Id*. at 8).  Which is it?

ORS Plaintiffs are simply asking to intervene in the IPP cases, consistent with the Court's prior orders appointing separate counsel for the ORS following the Ninth Circuit's limited remand.  Doing so would permit the ORS Plaintiffs to be on the same footing as those IPP class members that IPP Class Counsel continue to represent.  The alternative—filing a new action in 2020 and then awaiting transfer into this MDL—potentially sets up a procedural trap that would thwart the interests of the ORS class members.

Notably, the IPP Class Plaintiffs have not filed an opposition to the instant motion.  Nor would it be in their interest to do so, as any suggestion that the ORS Plaintiffs may not intervene in the IPP cases by the same method that the IPP Class Plaintiffs have filed consolidated amended complaints would raise troubling jurisdictional questions.  This is not an abstract issue:  Consider the addition of new class plaintiffs to consolidated amended complaints that IPP Class Plaintiffs filed in this MDL.  Applying the Defendants' reasoning, since such plaintiffs were not previously named in a separately-filed complaint in a federal district court and then transferred into this MDL they cannot be added directly in the MDL.  Yet, to date, there has been no suggestion that adding new class plaintiffs representing new state-law claims to the consolidated amended MDL complaint was ineffective to bring those class plaintiffs into these proceedings.

Instead of adopting the Defendants' flawed reasoning (and calling into doubt the IPP proceedings in this MDL since the filing of the first consolidated complaint in 2009), the Court should permit intervention in the IPP actions by the ORS Plaintiffs.  Simply put: if the IPP Class Plaintiffs are permitted to file a consolidated complaint across all IPP cases, the ORS Plaintiffs are equally permitted to do so.

## II.     The Implication of the Defendants' Argument

The Defendants' argument, if correct, would mean that Rule 23 class actions lose their most critical due process protections for absent class members once such actions are transferred into a consolidated MDL proceeding.  But MDL consolidation is no more than a procedural mechanism, and "an MDL proceeding … is merely a collection of individual cases, combined to achieve efficiencies in pretrial proceedings." *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litig.*, 785 F. Supp. 2d 925, 930 (C.D. Cal. 2011).  The fact that a class action is being litigated through such a procedural vehicle does not (and cannot) override the unnamed class members' due process right to adequate representation.  In order to protect that right,  district courts indisputably have the power to appoint new, adequate class representatives whenever the previously-appointed class representatives are (or become) inadequate.  (Dkt. 5688 at 1); *see also Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1349 (2013) ("[M]embers of a class have a right to intervene if their interests are not adequately represented by existing parties").

Despite the clarity of the due process rights at stake, the Defendants seek to sow confusion regarding the procedural intersection between class action litigation and MDL litigation. Specifically, they have asserted that the Court is powerless in MDL litigation to allow intervention and amendment in order replace an inadequate class representative.  That is not true.  Although the presence of the MDL overlay makes the procedure a bit more complicated, the constitutionally-necessary rule still applies in MDL proceedings: the Court has the power to replace inadequate class representatives through putative class member intervention.  Once the intervenors have become class representatives (for either the whole class or, as here, subclasses made necessary by conflicts of interests), the new class representatives assume the mantle of leadership and may amend the underlying pleadings and take whatever other actions in litigation that best serve the interests of the class members they represent.

A putative class member's right to intervene is undeniable where members of the proposed class are not being adequately represented. "Federal Rule of Civil Procedure 24(a) requires a court to grant a timely motion for intervention if either a federal statute allows for intervention *or* someone who is not adequately represented by existing parties has an interest in litigation affecting her rights." *Intervention of right—Inadequate representation*, 3 NEWBERG ON CLASS ACTIONS § 9:35 (5th ed.) (emphasis in original). This rule applies with particular force in the class action context and "[r]ule 23 also indicates that a court, in order 'to protect class members and fairly conduct the action," may allow class members [to] intervene.'" *Zepeda v. PayPal, Inc.*, 10CV02500SBAJCS, 2014 WL 1653246, at *4 (N.D. Cal. Apr. 23, 2014) (quoting Fed. R. Civ. P. 23(d)(1)(B)).

Notwithstanding the Supreme Court's recognition of a putative class member's right to intervene, the Defendants have argued that Rule 24's intervention procedure (explicitly recognized by Rule 23) is somehow extinguished in MDL proceedings, relying on two district court orders in which the purported plaintiffs were not even members of Rule 23 classes that would allow them to add their proposed claims.[1] While the Defendants contend that the prospective plaintiffs in *MERS* and *Farmers* were "also members of putative classes asserted in those MDL proceedings," that contention does not make *MERS* or *Farmers* any more relevant to this case. (Dkt. 5690 at 6). The purported plaintiffs in both cases were members of classes asserting causes of action that were *utterly unrelated* to the state-law claims they were seeking to inject into the proceedings. Accordingly, their class member status in those cases did not give them the right to add new claims that arose from entirely different factual predicates than their class claims. For purposes of their independent state-law claims, the plaintiffs in *Farmers* and *MERS* were functionally strangers to the litigation. Not like here. The ORS Plaintiffs seek to assert the same *factual* claims that have always been alleged on their behalf in this case.

In *MERS* the order is clear that DeBaggis was trying to inject into the proceeding new claims unrelated to his class-member status. *MERS*, 2016 WL 3931820 at *6. The *MERS* court actually distinguished a case cited by DeBaggis on the basis that the cited case was a "class action." *See id.* (distinguishing *Miller v. Ghirardelli*, 2013 WL 6776191, at *1 (N.D. Cal. Dec. 20, 2013), as a case

---

[1] *In re Mortgage Electronic Registration Systems* (*Mers*) *Litig.*, No. MD-09-02119-PHX-JAT, 2016 WL 3931820 (D. Ariz. July 21, 2016) ("*MERS*"), and *In re Farmers Insurance Exchange Claims Representatives' Overtime Pay Litigation*, No. MDL 33-1439, 2008 WL 4763029 (D. Or. Oct. 28, 2008) ("*Farmers*").

that "does not involve multidistrict litigation, and is a case regarding a class action."). The fact that the *MERS* court distinguished a case cited by DeBaggis in support of amendment *on the basis that it was a class* action illustrates that DeBaggis was seeking to add claims *unrelated* to his class-member status.

The Defendants respond by arguing that DeBaggis "was a member of a class of Arizona home owners." (Dkt. 5690 at 6 n.3). No one disputes that he was a member of a class. But that is not the end of the inquiry. What mattered for purposes of determining whether he could, as a class member, raise new state-law claims within the MDL was whether his proposed state-law claims *arose out of* the same set of factual allegations that his class claim was predicated upon. After all, a putative class member has a right to intervene to protect interests that are not being adequately represented, not to intervene in a case in order to file an entirely unrelated cause of action. DeBaggis would only be allowed to intervene and add state-law claims if those claims arose from the same underlying facts. *See True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-CV-02219-JST, 2014 WL 2860318, at *2 (N.D. Cal. June 23, 2014) (noting that amendment is appropriate if the new class representative's claims are based upon the same or substantially similar underlying conduct as the underlying class claims); *Baranco v. Ford Motor Co.*, No. 17-CV-03580-EMC, 2018 WL 5474549, at *3 (N.D. Cal. Oct. 26, 2018) ("For amendments that seek to expand the scope of a putative class, the notice requirement is satisfied when 'the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff[.]'" (quoting *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 935 (9th Cir. 1996)). DeBaggis' proposed state-law claims were unrelated to his class-member status.

In *Farmers*, the Defendants cite to a consolidated MDL complaint to support their proposition that the potential plaintiffs were, like the plaintiffs here, "members of a nationwide federal-law class …." (Dkt. 5690 at 6). *Farmers* is inapposite because there was no nationwide Rule 23 class claim at issue in that case that could have provided the requisite factual underpinning for the proposed plaintiffs to intervene and inject related state law claims. The only nationwide Rule 23 class claim in *Farmers* was an ERISA claim. (Dkt. 5690 at 6) (citing ¶ 24 of *Exchange Claims Representatives' Overtime Pay Litig.,* 2006 WL 1833239 (D. Or. May 9, 2006) (an ERISA claim seeking nationwide certification). And an ERISA claim arises out of a very different factual underpinning than the "state overtime law" claims that the proposed plaintiffs were seeking to assert. *In re Farmers*, 2008 WL 4763029, at *2.

Indeed, "Congress's chief purpose in enacting [ERISA] was to ensure that workers receive *promised* pension benefits upon retirement," *Hoover v. Cumberland, Maryland Area Teamsters Pension Fund,* 756 F.2d 977, 985 (3d Cir.1985) (emphasis added). Thus, Congress sought "to protect *contractually defined benefits.*" *Firestone Tire & Rubber Co.,* 489 U.S. at 113, 109 S.Ct. at 955 (emphasis added). Such a cause of action (which deals solely with enforcement of contractually-defined pension benefits) is factually unrelated to the "overtime law" claim that the proposed plaintiffs were seeking to add. *In re Farmers*, 2008 WL 4763029, at *2.[2]

In denying intervention the Court may have overlooked the very distinction made by its Order: "Cases must already be pending in a federal court before they can be added to an existing MDL." (Dkt. 5684 at 3). In *Farmers*, the transferee district court went through an exhaustive analysis to confirm that there was no existing Rule 23 class action on behalf of the plaintiffs in four particular states to which their newly-filed overtime claims before the transferee court could attach. *Farmers*, 2008 WL 4763029 at * 4-5. Here, by contrast, the same facts giving rise to the always-existing federal antitrust class claims filed on behalf of persons in all states underlie the ORS state law claims.

### III.    The Defendants are Dead Wrong on MDL Law

Beyond their misplaced reliance on the inapposite district court orders in *Farmers* and *MERS*, the Defendants propose a procedural argument that they believe makes intervention and amendment impossible. Specifically, building upon their erroneous interpretation of *Farmers* and *MERS* (under which they assert the ORS Plaintiffs are strangers to this litigation), the Defendants contend that intervention and amendment is impossible because there is no pleading to amend (aside from the consolidated MDL complaint) and that amending that consolidated MDL complaint would violate MDL procedural law because the ORS Plaintiffs would have no home forum. Their procedural argument is quite wrong.

---

[2] There was also a proposed collective claim for FLSA relief, but such relief is not pursued on a class action basis under Rule 23 and, thus, does not provide putative class members with the same due process rights since such action is conducted on an opt-in-only basis. *See Fair Labor Standards Act (FLSA)*, 7 NEWBERG ON CLASS ACTIONS § 23:5 (5th ed.) ("Aggregate litigation under FLSA is distinct from class action litigation because it is not governed by Rule 23. Rather, FLSA authorizes employees to pursue what are called 'collective actions' on behalf of 'similarly situated' employees, but only to the extent that those employees affirmatively opt-in to the action in writing.") (footnote omitted). Indeed, FLSA plaintiffs are unaffiliated with the case until they affirmatively opt-into it. *See* 29 U.S.C.A. § 216 ("No employee shall be a party plaintiff to any [FLSA] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

1
2
3
4

The Defendants' argument is based on two legal assertions: (1) that a consolidated MDL complaint legally nullifies the underlying complaints transferred into the MDL; and (2) that, by virtue of that purported nullification, a district court cannot allow putative class members to intervene and amend the underlying complaints transferred into the proceeding.  Each argument is inconsistent with MDL precedent.  We will address each in turn.

5
6

### A. The Defendants Misconstrue the Legal Effect of MDL Proceedings on the Status of the Pre-Consolidation Complaints

7
8
9
10

The Defendants contend there are "no still-pending, pre-consolidation complaints that the ORS Movants could amend" because the consolidated amended complaint filed by IPP Counsel in 2009 "superseded" them.   (Dkt. 5690 at 8).   The Defendants thus contend that those pre-consolidation complaints became a legal nullity once IPP counsel filed the consolidated amended complaint in this MDL proceeding.

11
12
13
14

In support, they construe the Supreme Court's decision in *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 905 n.3 (2015), as holding that consolidated complaints filed in MDL proceedings supersede (*i.e.,* erase from existence) any underlying complaints that had been transferred into the MDL.  (Dkt. 5690 at 8).  Such a construction of *Gelboim* is remarkable.

15
16
17
18

In *Gelboim*, the Supreme Court was addressing the strictly procedural issue of whether a plaintiff could appeal the dismissal of his individual complaint (which had been transferred into an MDL) while other individual complaints remained pending in that MDL, where no consolidated complaint had been filed.  *Id.* at 901-902.  The Court concluded that he could immediately appeal his dismissal, addressing the nature of MDL proceedings in its analysis.  *Id.*

19
20
21
22
23
24
25

The Court made clear in *Gelboim* that the individual actions in an MDL are consolidated for a "limited purpose" and thus, "ordinarily retain their separate identities."  *Id.* at 904-05 & n.2, 4.  For that reason, "Section 1407 refers to individual 'actions' which may be transferred to a single district court, not to any monolithic multidistrict 'action' created by transfer."  *Id*. at 904 (citing *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 37, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998).  The Court made crystalline that the existence of the MDL does "not meld the [the various actions] in the MDL into a single unit" or "'imbu[e] transferred actions with some new and distinctive ... character.' "  *Id.* 904-05.

26
27
28

The Court does, of course, make the cherry-picked statement that the Defendants rely on: "Parties may elect to file a 'master complaint' and a corresponding 'consolidated answer,' which supersede prior individual pleadings."  *Id.* at 905 n.3.  But the Defendants decline to mention that

the Court's use of the word "supersede" does not carry the meaning they are imputing to it. In fact, the Court stated, in its very next sentence that "[i]n such a case [where the parties employ a consolidated complaint], the transferee court may treat the master pleadings as merging the discrete actions *for the duration of the MDL pretrial proceedings*." *Id.* As the Ninth Circuit recognizes, a transferee court may not consolidate MDL proceedings for all purposes. *In re Korean Air Lines Co., Ltd*., 642 F.3d 685, 700 (9th Cir. 2011).

Contrary to the Defendants' contention, the "pre-consolidation" complaints have not been legally eviscerated. They remain pending, and it is these complaints (not a consolidated complaint) that "must be remanded to the originating district[s]" at the conclusion of the pretrial proceedings. *Id.* at 899. In other words, "the master complaint has a built-in shelf life; absent some sort of consensual resolution of Plaintiffs' claims in [the transferee court], the [transferee court] will eventually remand each Plaintiff's claims to the district in which he or she first filed those claims (or, absent this Court's direct filing order, would have filed those claims)." *In re Gen. Motors LLC Ignition Switch Litig.*, 14-MC-2543 (JMF), 2017 WL 3382071, at *8 (S.D.N.Y. Aug. 3, 2017). The Court in *Gelboim* simply stated that the district court may rely on the consolidated complaint for litigating the pre-trial MDL proceedings. *Id.* Nothing more.[3] All the while, "individual cases that are consolidated or coordinated for pretrial purposes remain fundamentally separate actions, intended to resume their independent status once the pretrial stage of litigation is over." *In re Korean Air Lines Co., Ltd.*, 642 F.3d at 700.

After misconstruing *Gelboim*, the Defendants cite *Lacey v. Maricopa Cty*., 693 F.3d 896, 928 (9th Cir. 2012), and *Broomfield v. Craft Brew All., Inc*., No. 17-cv-01027-BLF, 2017 WL 3838453, at *4 (N.D. Cal. Sept. 1, 2017), to argue that the parties named and claims raised in the individual complaints were deemed voluntarily dismissed upon the filing of the consolidated complaint unless those claims and parties were included by IPP Counsel in the consolidated complaint. (Mot. at 8). While it is unclear why the Defendants' argument matters for purposes of intervention (after all, intervention depends on whether the new claims arose from the same facts, not whether the exact cause of action is pending), the cases they cite have nothing to do with MDL proceedings. Neither *Lacey* nor *Broomfield* arose in an MDL proceeding, and neither addressed

---

[3] In any event, courts have construed the footnote relied on by the Defendants as dicta. *See In re Takata Airbag Products Liab. Litig.*, 193 F. Supp. 3d 1324, 1332 (S.D. Fla. 2016) ("The precise parameters of the Court's dicta in footnote 3 are unclear."); *In re Gen. Motors LLC Ignition Switch Litig.*, 14-MC-2543 (JMF), 2017 WL 3382071, at *8 (S.D.N.Y. Aug. 3, 2017)(same).

1
2
3

the import of a consolidated complaint filed in such a "limited purpose" consolidation. *Gelboim*, 135 S. Ct. at 904 n. 4. The cases addressed a substantive amended complaint filed in a non-MDL proceeding. They are inapposite here.

4
5

The underlying complaints are still pending.

### B. The Court is Empowered to Allow the ORS Plaintiffs to Amend the Underlying Complaints

6
7
8
9

As ORS Plaintiffs previously discussed, district courts are given discretion to direct the nature of the amended pleadings filed by intervening class members. (Dkt. 5670 at 17). One such option involves allowing the intervenors to amend underlying complaints that were transferred into the MDL. (Dkt. 5670 at 17; 5688 at 4). IPP Counsel himself suggested this method of intervention. (Dkt. 5593 at 2).

10
11
12
13
14
15

The Court has the power to allow amendment of those underlying complaints in MDL proceedings. The Ninth Circuit has explicitly stated in MDL proceedings that a "district judge exercising authority over cases transferred for pretrial proceedings 'inherits the entire pretrial jurisdiction that the transferor district judge would have exercised if the transfer had not occurred.'" *In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 699 (9th Cir. 2011) (quoting 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *FEDERAL PRACTICE & PROCEDURE* § 3866 (3d ed. 2010)). This power extends to allowing amendment of the underlying MDL pleadings.

16
17
18
19
20
21
22
23
24
25

Indeed, "[a]dditional parties may be added to any of the consolidated actions [in an MDL] if they would be subject to personal jurisdiction in the transferor court." § 3866 *Jurisdiction and Power of the Transferee Court*, 15 FED. PRAC. & PROC. JURIS. § 3866 (4th ed.) (citing *Allegheny Airlines, Inc. v. LeMay*, 448 F.2d 1341, 1342 (7th Cir. 1971)); *see also In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 177 (C.D. Cal. 1976) (stating in an MDL proceeding that "[c]ertain defendants argue this Court has no power to allow amendments to the transferred pleadings, because 28 U.S.C. s 1407 allows transfer only of 'pending' actions, and defendants would read this to bar addition of claims or parties to those actions after transfer. Fed. R. Civ. Pro. 15 and 21 apply to pretrial procedure, and thus allow amendment of complaints transferred pursuant to 28 U.S.C. s 1407."). Here, the ORS Plaintiffs are seeking to intervene into the underlying IPP cases, an action fully within the Court's discretion to allow. (Dkt. 5688 at 4).

26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Conclusion**

The Court should grant this motion and amend its order denying intervention so that the ORS Plaintiffs are allowed to intervene into the IPP cases as stated in their renewed motion to intervene. Alternatively, the Court should amend its order denying intervention so that the ORS Plaintiffs may amend a pre-MDL complaint as their complaint in intervention.


Dated:  March 5, 2020

/s/  Theresa D. Moore
    Theresa D. Moore

Theresa D. Moore (99978)
Law Offices Of Theresa D. Moore
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 613-1414
tmoore@aliotolaw.com
*Interim Co-Lead Counsel*
*for the ORS*


/s/   Robert J. Bonsignore
    Robert J. Bonsignore

Robert J. Bonsignore
Bonsignore Trial Lawyers, PLLC
3771 Meadowcrest Drive
Las Vegas, NV  89121
Tel:  (781) 845-7650
rbonsignore@class-actions.us

*Interim Co-Lead Counsel*
*for the ORS*

William Shaheen, *pending pro hac vice*
Christine Craig, *pending pro hac vice*
Lucy Karl, *appearing pro hac vice*
Shaheen and Gordon
353 Central Avenue
P.O. Box 977
Dover, NH 03821
Telephone: (603) 871-4144
mnoonan@shaheengordon.com
wshaheen@shaheengordon.com
ccraig@shaheengordon.com
lkarl@shaheengordon.com

*Counsel for the ORS*

Respectfully submitted,

 /s/  Francis. O. Scarpulla
    Francis O. Scarpulla

Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: 415-788-7210
fos@scarpullalaw.com
pbc@scarpullalaw.com

*Interim Co-Lead Counsel*
*for the ORS*

John G. Crabtree, *appearing pro hac vice*
Brian Tackenberg, *appearing pro hac vice*
Crabtree & Auslander
240 Crandon Boulevard, Suite 101
Key Biscayne, FL 33149
Telephone:  (305) 361-3770
jcrabtree@crabtreelaw.com
btackenberg@crabtreelaw.com

*Counsel for the ORS*

Brian M. Torres, *appearing pro hac vice*
Brian M. Torres, P.A.
One S.E. Third Avenue, Suite 3000
Miami, FL  33131
Telephone:  (305) 901-5858
btorres@briantorres.legal

*Counsel for the ORS*

9

| | |
|---|---|
| 1 | Joseph Alioto (42680)<br>Alioto Law Firm<br>One Sansome St. 35 Floor<br>San Francisco, CA 94104<br>Telephone: (415) 434-8900<br>jmalioto@aliotolaw.com |
| 2 | |
| 3 | |
| 4 | |

Joseph Alioto (42680)
Alioto Law Firm
One Sansome St. 35 Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
jmalioto@aliotolaw.com

*Counsel for the ORS*

Christopher A. Nedeau (81297)
Nedeau Law Firm
154 Baker Street
San Francisco, CA 94117
Telephone: (415) 516-4010
cnedeau@nedeaulaw.net

*Counsel for the ORS*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on March 5, 2020 and served by the same means on all counsel of record.

/s/ John G. Crabtree

John G. Crabtree

REPLY IN SUPPORT OF RULE 59(E) MOTION TO ALTER OR AMEND
THE COURT'S ORDER DENYING RENEWED MOTIONS TO INTERVENE
ENTERED ON FEBRUARY 4, 2020 (DKT. 5684)
Case No. 4:07-cv-5944, MDL No. 1917