MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
JENNY S. YELIN – 273601
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: mbien@rbgg.com
 jbornstein@rbgg.com
 jyelin@rbgg.com

Attorneys for Non-Party
FINANCIAL RECOVERY SERVICES. INC.,
d/b/a FINANCIAL RECOVERY STRATEGIES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION,<br><br>This Document Relates to:<br><br>INDIRECT PURCHASER ACTIONS FOR THE 22 STATES | Master File No. CV-07-5944-JST<br>MDL No. 1917<br><br>**CLASS ACTION**<br><br>**REQUEST OF FINANCIAL RECOVERY STRATEGIES TO CLARIFY ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**<br><br>Re: ECF No. 5695<br><br>Judge: Hon. Jon S. Tigar<br>Hearing Date: To Be Determined on the Papers |

1   Financial Recovery Services, Inc. d/b/a Financial Recovery Strategies ("FRS")
2   respectfully requests that the Court clarify the Order Granting Motion for Preliminary
3   Approval (the "PAO") issued on March 11, 2020.  *See* ECF No. 5695.  As discussed more
4   fully in the briefs filed by FRS, Spectrum Settlement Recovery, LLC and Crowell &
5   Moring LLP in October 2019 regarding the treatment of claims filed after the December 7,
6   2015 filing deadline ("Late Claims"), *see* ECF Nos. 5588, 5608, 5609 and 5618, if the
7   Court does not address the Late Claims issue now, the eventual distribution of the
8   settlements will be further delayed while litigation continues regarding the treatment of
9   Late Claims.
10  As the Court recognized, Rule 23(e)(2)(C)(i) requires the Court to consider
11  "whether the Settlement 'improperly grant[s] preferential treatment to class representatives
12  or segments of the class.'" PAO at 16-17 (quoting *In re Tableware Antitrust Litig.*, 484 F.
13  Supp.2d 1078, 1079 (N.D. Cal. 2007). Given that more than four years have now passed
14  since the December 2015 claims filing deadline and that the delay in the distribution was
15  not caused by Late Claims, the Court, to ensure the equitable treatment of all claimants in
16  the 22 states who were harmed in the same way by Defendants' practices, should order
17  either (a) that all claims filed as of the date of the PAO shall be considered timely and, if
18  otherwise eligible, included in the distribution; or (b) if the Court is so inclined, all
19  otherwise eligible claims filed by a new deadline set by the Court – for example, July 8,
20  2020, the date scheduled for Final Approval Hearing – shall be considered timely and be
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

Case No.:  CV-07-5944-JST
REQUEST OF FINANCIAL RECOVERY STRATEGIES TO CLARIFY ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL

[3510935.3]

1  included in the distribution. Absent that clarification, the PAO could otherwise arbitrarily
2  deny compensation for thousands of claimants whose claims have been processed over
3  these last four-plus years.

5  DATED: March 13, 2020　　　　　　　Respectfully submitted,

6  　　　　　　　　　　　　　　　　　　ROSEN BIEN GALVAN & GRUNFELD LLP

8  　　　　　　　　　　　　　　　　　　By:  */s/ Jeffrey L. Bornstein*
9  　　　　　　　　　　　　　　　　　　　　　Jeffrey L. Bornstein

10 　　　　　　　　　　　　　　　　　　Attorneys for
11 　　　　　　　　　　　　　　　　　　FINANCIAL RECOVERY SERVICES. INC., d/b/a
　　　　　　　　　　　　　　　　　　　FINANCIAL RECOVERY STRATEGIES

[3510935.3]

2　　　　　　　　　　　　　　　　Case No.: CV-07-5944-JST
REQUEST OF FINANCIAL RECOVERY STRATEGIES TO CLARIFY ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL