

Kassra P. Nassiri
NASSIRI & JUNG LLP
1700 Montgomery Street, Suite 207
San Francisco, CA 94111

(t) 415-762-3100 | (f) 415-534-3200
kass@njfirm.com | www.njfirm.com

March 16, 2020

*Via E-Filing*

Honorable Judge Jon S. Tigar
U.S. District Court for the Northern District of California, Oakland Courthouse
1301 Clay Street
Oakland, California 94612

Re:   *In re: Cathode Ray Tube (CRT) Antitrust Litigation, Indirect Purchaser Actions* MDL No. 1917, Case No. C-07-5944-JST (N.D. Cal.)

Dear Judge Tigar:

Spectrum Settlement Recovery, LLC ("Spectrum"), which has been hired by class members representing approximately 38% of all timely-filed claims by value[1] to assist with their recovery, writes in response to the March 13, 2020 Request of Financial Recovery Strategies to Clarify Order Granting Motion for Preliminary Approval ("FRS Request," ECF No. 5696) filed by Financial Recovery Services, Inc. ("FRS"). The FRS Request seeks an additional order that "(a) all claims filed as of the date of the [Preliminary Approval Order] shall be considered timely and, if otherwise eligible, included in the distribution; or (b) if the Court is so inclined, all otherwise eligible claims filed be a new deadline set by the Court – for example, July 8, 2020, the date scheduled for the Final Approval Hearing – shall be considered timely and included in the distribution." (FRS Request at 2-3.)

Spectrum respectfully opposes the FRS Request. We understand that the Court's March 11, 2020 Order Granting Motion for Preliminary Approval ("Preliminary Approval Order," ECF No. 5695) does not explicitly resolve the issue of late-filed claims. We believe, however, that the issue is not simply a matter of "clarifying" the Preliminary Approval Order, as FRS contends, but rather requires careful consideration of the arguments already presented by interested parties. (ECF Nos. 5588, 5595, 5608, 5609 and 5618.)

Insofar as the Preliminary Approval Order does not allow for the filing of any new claims (and IPP Counsel did not seek a new claims-filing period) and requires only limited additional notice, December 7, 2015 should remain the operative deadline. As the Court is aware, IPP Counsel previously argued against extending the filing deadline, and when presented with the arguments in favor of such an extension, the Court repeatedly rejected them. (ECF Nos. 4235,

---

[1] See June 6, 2018 report submitted by The Notice Company (not posted to ECF).

*In re: Cathode Ray Tube (CRT) Antitrust Litig., Indirect Purchaser Actions*
March 16, 2020
Page 2 of 2

4338 at 4-5, and *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2016 WL 3648478, at *21 (N.D. Cal. July 7, 2016).)

  As argued in Spectrum's prior briefing, blanket acceptance of late-filed claims now, without any showing of excusable neglect, would essentially result in there being two deadlines—one for self-represented class members who relied on the deadline stated on the settlement website, and a separate "hidden deadline" for third party claims filers, like FRS, who continued to submit claims long after the deadline had passed and long after the claim form had been removed from the settlement website. (ECF No. 5588 at 10-11.) [2]

  Spectrum respectfully renews its request to be heard, at the July 8, 2020 Final Approval Hearing or sooner as the Court may require, to present its arguments regarding why the December 7, 2015 claim-filing deadline should be enforced. Spectrum believes that issue is joined and already fully briefed but will, at the Court's request, present renewed argument.

            Respectfully submitted,

            NASSIRI & JUNG LLP

             /s/ Kassra P. Nassiri

            Kassra P. Nassiri
            Attorneys for Spectrum Settlement Recovery, LLC

---

[2] Indeed, a cursory review of FRS's website reveals that FRS routinely submits late claims in class action settlements. For many of the class action settlements FRS is working on, its website states that "The deadline to file a claim has passed. FRS is still filing claims for new clients. Acceptance is subject to Court approval." *See, e.g.*, Lithium Ion Battery Indirect case, https://www.frsco.com/class-actions/ (linking to https://docs.google.com/viewerng/viewer?url=https://www.frsco.com/wp-content/uploads/2016/11/LithiumIonIndirect-1.pdf&time=1584316863597), last visited March 15, 2020).