

3 Park Plaza, 20th Floor, Irvine, CA  92614-8505 ▪ p949 263-8400 ▪ f949 263-8414

**Deborah E. Arbabi**
(949) 798-1318
darbabi@crowell.com

March 23, 2020

<u>VIA ECF</u>

Honorable Jon S. Tigar
United States District Judge
United States District Court for the Northern District of California
Oakland Courthouse
1301 Clay Street
Oakland, CA 94612

    Re:    *In re Cathode Ray Tube (CRT) Antitrust Litigation*; 07-cv-05944-JST; (N.D. Cal);
             Indirect Purchaser Action

Dear Judge Tigar:

    Crowell & Moring, on behalf of 215 members of the Indirect Purchaser Plaintiff Class for the 22 States, respectfully submits this letter in response to Financial Recovery Services, Inc.'s ("FRS") Request to Clarify Order Granting Motion for Preliminary Approval (ECF No. 5696). Our clients believe that FRS' request for a ruling on late claims goes beyond a simple clarification of the existing Order, and therefore, is not appropriate at this time.

    As the Court's March 11, 2020 Order made clear, the Court found no material change to the settlement and the IPP Plaintiffs' amendments do not require a full re-noticing. Therefore, the claims process can continue without the need for additional Court intervention at this time. As is routine, we expect that the claims administrator will continue to move forward with the processing of claims in the ordinary course, and a decision on the funding of late-but-valid claims would wait until IPP Plaintiffs file their motion for distribution of settlement funds. At the motion for distribution phase, the Court will have the discretion to approve late-but-valid claims, as has become routine for settlements in which late-but-valid claims did not cause significant delay in the distribution of funds.

    As submitted previously, we have identified at least 19 recent cases in which courts approved late-but-valid claims *en masse* at the motion for distribution phase without an

Honorable Jon S. Tigar
March 23, 2020
Page 2

individualized analysis of prejudice or excusable neglect. For the Court's convenience, we have provided that list below:[1]

- *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 03-1827, ECF Nos. 9217, 9273 (N.D. Cal. 2014): court approved late claims submitted over 18 months after the claims deadline and ordered the claims administrator to "process all claims[,] . . . including auditing of claims as appropriate" filed as late as approximately one month after the distribution motion was filed.

- *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. 02-1486, ECF Nos. 2273, 2283 (N.D. Cal. 2016): for late claims filed up to roughly one year after the deadline, "the distribution [was] not . . . delayed by the additional claims[,] . . . and considerations of overall fairness to the Settlement Class outweigh any prejudice to those class members who filed in the 'first wave' of claims by [the deadline]"; approved by order dated May 19, 2016, which directed the claims administrator to "process all claims received . . . before the date of [the o]rder."

- *In re Capacitors Antitrust Litig.*, No. 14-3264, ECF Nos. 2228, 2228-1 (N.D. Cal. 2018): class counsel recommends the approval of late claims "[b]ecause the claims represent valid purchases, [and] it is in the interests of justice to pay them" with "no evident prejudice to other Settlement Class members from recognizing these claims as valid"; approval pending.

- *In re Air Cargo Shipping Servs. Antitrust Litig.*, No. 06-1775, ECF Nos. 1526-4, 1673 (E.D.N.Y. 2012): for late claims filed up to two years after the claim deadline, "[n]one of the late claims interfered with or delayed the claim administration process"; approved by order dated May 1, 2012.

- *Axiom Inv. Advisors, L.L.C. v. Barclays Bank PLC*, No. 15-9323, ECF Nos. 135, 138 (S.D.N.Y. 2018): "no delay in the claims distribution process was occasioned by [the] acceptance" of late claims; approved by order dated Sep. 14, 2018.

- *In re Refrigerant Compressors Antitrust Litig.*, No. 09-2042, ECF Nos. 607-1, 610 (E.D. Mich. 2017): "[n]one of [the late] claims were received so late as to interfere with the claims administration process"; approved by order dated Mar. 10, 2017.

---

[1] Copies of the relevant filings for each of these cases were previously submitted to the Court in the September 30, 2019 Statement of Non-Opposition to Settlement Amendments for the Class of 22 States and Support for Approving Late-But-Valid Claims (ECF No. 5608). Additional copies of these filings can be provided promptly at the Court's request.

Honorable Jon S. Tigar
March 23, 2020
Page 3

- *Kleen Prods., L.L.C. v. Int'l Paper Co.*, No. 10-5711, ECF Nos. 1454-3, 1457 (N.D. Ill. 2019): late claims "did not cause any delay in the processing of the administration overall"; approved by order dated Feb. 5, 2019.

- *In re Credit Default Swaps Antitrust Litig.*, No. 13-2476, ECF Nos. 568, 570 (S.D.N.Y. 2016): late claims "ha[d] not caused significant delay in the distribution . . . or otherwise prejudiced any class member"; approved by order dated Oct. 31, 2016.

- *Mylan Pharms., Inc. v. Warner Chilcott Pub. Ltd.*, No. 12-3824, ECF Nos. 686-1, 687 (E.D. Pa. 2015): administrator "believe[d] no delay has resulted from the provisional acceptance of these Late, but Otherwise Eligible, Claims"; approved by order dated Nov. 23, 2015.

- *In re Ductile Iron Pipe Fittings (DIPF) Direct Purchaser Antitrust Litig.*, No. 12-0711, ECF Nos. 493-2, 494 (D.N.J. 2019): "[n]one of the claims were received so late as to interfere with the claims administration process"; approved by order dated Feb. 25, 2019.

- *In re Fasteners Antitrust Litig.*, No. 08-1912, ECF Nos. 140-1, 142 (E.D. Pa. 2014): late claims "did not delay the ultimate processing of [timely claims]"; approved by order dated Nov. 17, 2014.

- *In re Aftermarket Filters Antitrust Litig.*, No. 08-4883, ECF Nos. 1077, 1082 (N.D. Ill. 2014): "acceptance of the [late] claim did not delay the validation and distribution process"; approved by order dated Mar. 20, 2014.

- *In re Polyurethane Foam Antitrust Litig.*, No. 10-2196, ECF Nos. 2086, 2095, 2172, 2184 (N.D. Ohio 2016): for multiple distributions, "late claims did not delay the completion of the claims administration process or distribution" and "Plaintiffs believe[d] it would have been unfair to prevent otherwise valid claims from participating in the distribution . . . solely because they were submitted after the cut-off dates"; approved by orders dated May 16, 2016 and Oct. 30, 2017.

- *In re Foreign Exch. Benchmark Rates Antitrust Litig.*, No. 13-7789, ECF Nos. 1216, 1230 (S.D.N.Y. 2019): "no delay resulted from [the] acceptance" of late claims; approved by order dated Mar. 8, 2019.

- *Precision Assocs., Inc. v. Panalpina World Transp. (Holding) Ltd.*, No. 08-0042, ECF Nos. 1517, 1535 (E.D.N.Y. 2019): "little prejudice and no disruption by allowing these late-submitted claims" in three separate settlement rounds; approved by order dated Apr. 5, 2019.

Honorable Jon S. Tigar
March 23, 2020
Page 4

- *Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 09-3690, ECF Nos. 786, 802 (N.D. Ill. 2016): "full forfeiture of the late claims would be an extreme consequence, especially given that the common fund doctrine originates in equity"; approved by order dated Jan. 10, 2017.

- *In re Occupant Safety Sys. Cases*, No. 12-0601, ECF Nos. 144, 145 (E.D. Mich. 2017): late claims "did not materially delay the ultimate processing of the Claim Forms submitted on or before [the deadline]"; approved by order dated Apr. 18, 2017.

- *In re Steel Antitrust Litig.*, No. 08-5214, ECF Nos. 682, 686 (N.D. Ill. 2018); class counsel instructed the administrator "to accept late [c]laims if doing so would not delay the claims administration process" and did not recommend denial of any late claims; approved by order dated Mar. 12, 2018.

- *In re Urethane Antitrust Litig.*, No. 04-1616, ECF Nos. 3275, 3301 (D. Kan. 2016): late claimants "are class members" for whom the "[s]ettlement [f]und was created" and class counsel "would rather err on the side of inclusion than exclusion and would recommend that they be allowed to participate in fulls in distributions"; approved by order dated Jul. 29, 2016.

- *In re Wire Harness Cases*, No. 12-2311, ECF Nos. 566-1, 570 (E.D. Mich. 2018): late claims "did not materially delay the ultimate processing of [timely] [c]laim[s]"; approved by order dated Nov. 7, 2018.

Should this Court desire to revisit the issue of late-but-valid claims now or at a later date, we would be happy to provide additional briefing at the Court's request. In addition, if the Court decides to revisit this issue at the July 8, 2020 Final Fairness Hearing, we respectfully request on behalf of our clients the opportunity to be heard at that time. Ultimately, however, we believe that the issue of late-but-valid claims can be addressed at a later date, when the motion for distribution comes before this Court.

Respectfully Submitted,

/s/ Deborah E. Arbabi

Deborah E. Arbabi
Crowell & Moring LLP

cc: record counsel (via ECF)