Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the
Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 4:07-cv-5944 JST<br><br>MDL NO. 1917 |
| This Document Relates to:<br><br>INDIRECT PURCHASER ACTIONS FOR THE 22 STATES | **INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO REQUEST OF FINANCIAL RECOVERY STRATEGIES TO CLARIFY ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**<br><br>Hearing Date: None<br>Time: None<br>Courtroom: 6, 2nd Fl. (Oakland)<br>Judge: Hon. Jon S. Tigar |

1         Financial Recovery Strategies ("FRS"), a third party claims filer, requests clarification of this Court's Order Granting Motion For Preliminary Approval, ECF No. 5696 ("FRS Request"). In its Request, FRS asks the Court to order that "(a) all claims filed as of the date of the [Preliminary Approval Order] shall be considered timely and, if otherwise eligible, included in the distribution; or (b) if the Court is so inclined, all otherwise eligible claims filed by a new deadline set by the Court – for example, July 8, 2020, the date scheduled for the Final Approval Hearing – shall be considered timely and included in the distribution." *Id*. at 2. FRS claims that "absent this clarification," the Preliminary Approval Order "could otherwise arbitrarily deny compensation for thousands of claimants whose claims have been processed over these last four-plus years." *Id*. at 3. The Indirect Purchaser Plaintiffs ("IPPs") oppose FRS's request for clarification as improper and premature.

         FRS is not seeking to "clarify" the Preliminary Approval Order. Rather, FRS is improperly seeking affirmative—and wholly unrelated—relief with regard to claims filed after the December 7, 2015 deadline ("late claims") without having ever filed a motion requesting that relief. In response to IPPs' Motion Pursuant to Ninth Circuit Mandate to Reconsider and Amend Final Approval Order, Final Judgment and Fee Order, ECF No. 5587, FRS filed a brief requesting that the Court order late claims be compensated. *See* ECF No. 5609. But FRS never filed its own motion requesting such relief. Thus, there was no need for the Court to address late claims in its Order, and no need for the Court to clarify its decision now. The Court decided all issues properly before it.

         The Court also did not need to address late claims because they are irrelevant to settlement approval. The Preliminary Approval Order properly and correctly decided *only* issues relevant to settlement approval, namely whether the Amendments to IPPs' Settlements with certain defendants warranted preliminary approval under Fed. R. Civ. P. 23(a) and (b)(3), and whether additional notice was required. The question of whether late claims should be paid has no bearing on these issues. It is a distribution issue. FRS's vague claim that the Preliminary Approval Order could "arbitrarily deny compensation for thousands of claimants" finds no support in the Order itself, and FRS cites to none. Again, there was no need for the Court to resolve the question of late claims in its

1  
MDL NO. 1917  
INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO REQUEST OF FINANCIAL RECOVERY STRATEGIES TO CLARIFY ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL

Preliminary Approval Order, and accordingly, no need for the Court to clarify that Order now.

FRS's motion is also premature. IPP Lead Counsel believes it is in the best interests of all class members to allow the settlement approval proceedings to run their course before addressing distribution of the settlement funds and the question of late claims. It is putting the "cart before the horse" to expend substantial resources mediating or litigating the distribution of the settlement funds prior to settlement finality in this Court, and if required, in the Court of Appeals. Lead Counsel therefore proposes that the question of late claims be addressed after any objections to the settlements are resolved, after the settlements become final, including any appeals, and in the context of the appropriate formal motion practice at that time. That is how class action settlements are administered, and there is no reason to deviate from that here.[1]

Dated: March 27, 2020  Respectfully submitted,

By: */s/ Mario N. Alioto*
MARIO N. ALIOTO (56433)
LAUREN C. CAPURRO (241151)
**TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**
2280 Union Street
San Francisco, California 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

*Lead Counsel for the Indirect Purchaser Plaintiffs for the 22 States*

---

[1] *See, e.g., In re TFT-LCD (Flat Panel) Antitrust Litig.,* No. 07-1827-SI, MDL No. 1827, ECF Nos. 9217, 9273 (late claims addressed as part of a motion to distribute settlement funds after appeals dismissed and the settlements became final); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.,* No. 02-01486, ECF Nos. 2273, 2283 (late claims addressed as part of motion for disbursement of funds after appeals dismissed and settlements became final).

INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO REQUEST OF FINANCIAL RECOVERY STRATEGIES TO CLARIFY ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL