MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
JENNY S. YELIN – 273601
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: mbien@rbgg.com
       jbornstein@rbgg.com
       jyelin@rbgg.com

Attorneys for Non-Party
FINANCIAL RECOVERY SERVICES, INC.,
d/b/a FINANCIAL RECOVERY STRATEGIES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Master File No. CV-07-5944-JST<br>MDL No. 1917<br>**CLASS ACTION**<br>**REPLY OF FINANCIAL RECOVERY STRATEGIES IN FURTHER SUPPORT OF ITS REQUEST TO CLARIFY ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**<br>Re: ECF Nos. 5695, 5696, 5697 5702<br>Judge: Hon. Jon S. Tigar |
| This Document Relates to:<br>INDIRECT PURCHASER ACTIONS FOR THE 22 STATES | |

Case No.: CV-07-5944-JST
REPLY OF FINANCIAL RECOVERY STRATEGIES IN FURTHER SUPPORT OF ITS REQUEST TO CLARIFY
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL

[3523705 2]

Financial Recovery Services, Inc. d/b/a Financial Recovery Strategies ("FRS") submits this reply both in further support of its request (ECF 5696) that the Court clarify the Order Granting Motion for Preliminary Approval (ECF 5695; the "PAO"), and to respond to the oppositions (ECF Nos. 5697, 5699 & 5702) submitted by Spectrum Settlement Recovery, LLC ("Spectrum"), by Crowell & Moring LLP ("Crowell") and by Indirect Purchaser Plaintiffs ("IPPs"), respectively.

**PRELIMINARY STATEMENT**

IPP Counsel ask the Court to continue to postpone until distribution any issues concerning proofs of claim filed after the claims filing deadline ("Late Claims"),[1] because, under *normal* circumstances, "[t]hat is how class action settlements are administered, and there is no reason to deviate from that here." ECF No. 5702 at 2:2-10. Solely as a result of IPP Counsel's action, however, the administration of the settlements that are the subject of the Preliminary Approval Order (the "2016 Settlements") is *not* "normal." As the unanimous precedent already presented demonstrates,[2] *normal* requires all Late Claims to be processed when received so that, at distribution, IPP Counsel may, as required, present them – with their recommendation that, because the processing of Late Claims received

[1] "Late Claims" includes proofs of claim filed after December 7, 2015, including after November 15, 2017, and proofs of claim that are not yet filed.

[2] To support their contention that the administration of the 2016 Settlements is "normal" and should be treated as such, IPP Counsel rely on *In re: TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827 (N.D. Cal.) ("*LCDI*"), and *In re: Dynamic Random Memory (DRAM) Antitrust Litig.*, MDL No. 1486 (N.D. Cal.) ("*DRAM*"), *see* ECF No. 5702 at 2:25-28. Those two cases have been cited repeatedly by FRS and Crowell because those courts, as is "normal," accepted late claims upon the recommendation of class counsel. *See, e.g.*, ECF 5609 at 6:1-8:7; ECF No. 5608 at 6:1-9. In the very documents that IPP Counsel cite for the "normal" approach, ***they***, as members of class counsel, successfully argued that it is "normal" to accept late claims. *See, e.g.*, *LCDI*, ECF No. 9217 at 3:17-4: ("The Claims Administrator continued to accept claims for processing after [the initial deadline] … [T]he Court noted that 'IPP counsel recommend that late-filed claims be included in distribution payments, and this Court agrees.'"); *DRAM*, ECF No. 2273 at 10:19-11:7 ("[T]he Claims Administrator continued to receive and process claims … after [the deadline.] … Co-Lead Counsel … recommend that the Court authorize payments to all class members whose [otherwise eligible] claims were filed by July 1, 2015.").

1  while timely claims were being processed did not delay the distribution, they should be
2  accepted – for the Court's consideration.  However, on November 15, 2017, without
3  obtaining or even seeking this Court's authorization, and even though the then-pending
4  appeals made distribution impossible, IPP Counsel stopped processing Late Claims that
5  were already submitted, and advised class members that future Late Claims would not be
6  processed, in essence telling class members not to bother filing them.  *See* crtclaims.com
7  ("The deadline to submit claims has passed.  We will no longer be processing late claims
8  in connection with the CRT Indirect Purchaser Antitrust Litigation.").

9       FRS first advised the Court on March 15, 2018 of IPP Counsel's due process
10  violating unauthorized advisory.  *See* ECF No. 5259; *see also* ECF Nos. 5263, 5269,
11  5347 & 5609.  It remained as the first line at the top of the homepage of the Court-
12  supervised website until the current notice was posted.  Since the filing of FRS' Request
13  for Clarification, the homepage no longer includes IPP Counsel's advisory.  Importantly,
14  however, the website does not include any information about the processing of Late
15  Claims or why the advisory was removed.  IPP Counsel, rather than offer the prominence
16  they afforded to their unauthorized advisory, have relegated information about Late Claims
17  to the website's "Frequently Asked Questions" page without indicating on the homepage
18  that they have done so.[3]  IPP Counsel thus clearly recognize that the due process issues
19  that they caused and have been ongoing for over two years must be remedied, but their
20  change to the website does little to accomplish that.[4]  Unlike *normal* administrations,

---

[3] To learn about the removed advisory or Late Claims, therefore, a prescient website visitor must now click on the "FAQ" tab at the top of the homepage, then scroll down the FAQ page almost to the bottom.  In response to question "P. May I submit a claim now? Will late claims be paid?," that visitor will find all three past deadlines disclosed, followed by a second paragraph that states only that "[t]he Court has not yet decided whether claims submitted after the Court-approved deadlines will be paid."  It also is likely that IPP Counsel's message was conveyed to class members with whom IPP Counsel and the Settlement Administrator communicated by telephone or email.

[4] *See, e.g.*, *Wagner v. Prof. Engineers in Cal. Gov't*, 354 F.3d 1036, 1041-42 (9th Cir. 2004) (To effectively "unring the bell" caused by a defective notice, "the proper remedy is

2   Case No.:  CV-07-5944-JST
REPLY OF FINANCIAL RECOVERY STRATEGIES IN FURTHER SUPPORT OF ITS REQUEST TO CLARIFY
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL

[3523705 2]

1  therefore, the Court will not have for its consideration at distribution an as yet untold
2  number of unprocessed and unfiled Late Claims.  FRS is submitting this reply because, if
3  the Court waits until distribution to address Late Claims, the Court's dilemma will be
4  choosing which class members to prejudice, those that filed timely claims, on the one
5  hand, or, on the other, those that filed Late Claims after November 15, 2017 and those that,
6  because of IPP Counsel's unauthorized advisory, did not file at all.  In order to avoid those
7  due process issues and the considerable delays that adjudicating them will cause, the Court
8  should act now to clarify the Preliminary Approval Order.

In a *normal* administration, there are no due process issues that result from a court's acceptance at distribution of otherwise eligible late claims. *See, e.g.*, ECF No. 5609 at 1:12-18; ECF No. 5608 at 5:14-8:9.  Given the impact of IPP Counsel's unauthorized November 15, 2017 actions, however, the best course to avoid unfairness and to treat all class members equally is to provide adequate notice now that any claims submitted until further notice will be processed and, if eligible, either will be accepted, or, at a minimum, will at least be considered, by the Court.  Accordingly, and whether or not the Court is inclined to fully resolve Late Claims now, IPP Counsel must immediately do more effectively to correct the Court-supervised website to enable otherwise eligible class members to submit Late Claims, and IPP Counsel must process all Late Claims until the Court orders otherwise.

## I. The Late Claims Issue is Ripe for Adjudication

Contrary to IPP Counsel's, Spectrum's and Crowell's most recent arguments, *see, e.g.,* ECF No. 5702 at 2:2-10; ECF No. 5697 at 1; ECF No. 5699 at 1, resolving the Late Claims issue now will expedite an orderly and fair resolution of the 2016 Settlements and

---

… to issue proper notice and give another opportunity" for the recipients to act accordingly.); *Cummings v. Connell*, 316 F.3d 886, 894 (9th Cir. 2003) (In the case of a defective notice, the issuer "must send a corrected notice."); *United Food & Comm. Workers Union, Local 1036 v. NLRB*, 249 F.3d 1115, 1120 (9th Cir. 2001), *reinstated in pertinent part*, 307 F.3d 760, 774 n.21 (9th Cir. 2002) (en banc) (remedy for improper "welcoming letter" was to send corrected letter to those who received the defective one).

3                                                    Case No.:  CV-07-5944-JST
REPLY OF FINANCIAL RECOVERY STRATEGIES IN FURTHER SUPPORT OF ITS REQUEST TO CLARIFY
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL

[3523705 2]

best comport with the Court's desire to "bring this whole thing to a conclusion sooner rather than later," June 6, 2019 Hr'g Tr.at 45:14.  The Court already has received, both in connection with the current Preliminary Approval Order, *see* ECF No. 5696 at 1; ECF Nos. 5588 & 5618; ECF No. 5608; ECF No. 5609), and in several prior submissions over the past two-plus years, *see, e.g.*, ECF Nos. 5252 (FRS Obj. to Mitsubishi Plan of Dist.), 5255 (IPP Reply re FRS Obj.), 5256 (Spectrum Opp. FRS Obj.), 5259 (FRS Resp. to IPPs & Spectrum), an abundance of facts and legal precedent regarding the treatment of Late Claims.  The matter is thus fully submitted.  *See* ECF No. 5697 at 2 ("Spectrum believes that issue is joined and already fully briefed … .").  Unless the Court requires additional information or argument, therefore, Late Claims should be addressed now to ensure that all class members, including class members who have filed or will file Late Claims, are treated equitably.

## II. Continuing to Postpone Resolving Late Claims Will Deprive Late Claimants of Due Process and Result in Considerable Additional Delays

The delay thus far in concluding the 2016 Settlements is wholly unrelated to Late Claims.  Indeed, when it denied IPP Counsel's request for an indicative ruling, the Court explained why the 2016 Settlements are not yet final:

> [T]he Court now concludes that it erred in approving the [Prior Settlement.] … [T]he Court has concerns about the adequacy of the counsel who negotiated that settlement or whether they may have faced a conflict of interest.  Lead Counsel had an obligation to vigorously represent class members in the [ORS]. … [Lead Counsel's] argument does not explain, however, how negotiating a release of those class members' claims can be squared with the duty of zealous advocacy to all members of the class. … [P]itting one set of clients' claims against those of another is a classic indication of a potential conflict of interest.  Even now, Lead Counsel appears to be bargaining with the Court to reduce the perceived value of the claims of class members in the [ORS].

ECF No. 5362 at 1:19-27.  When otherwise eligible late claims did not delay distributions, and, therefore, could not have prejudiced class members that filed timely claims, courts, to comply with their fiduciary duties to absent class members, *see* ECF No. 5609 at 7:23-28 (citing *In re Volkswagen "Clean Diesel" Mktg., Sales Prac. & Prods. Liab. Litig.*, 895 F.3d 597, 610 (9th Cir. 2018) ("[W]e impose upon district courts 'a fiduciary duty to

look after the interests of ... absent class members.") (quoting *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015) (citing cases)), accept them. *See, e.g.*, ECF No. 5609 at 10:12-15:18; ECF No. 5699 at 1-4 (citing 19 cases).

Crowell describes a "normal" situation in which late claims continue to be processed: The Court's "decision on the funding of late-but-valid claims would wait until IPP Plaintiffs file their motion for distribution of settlement funds," ECF NO. 5699 at 1, ***because*** "the claims administrator will continue to move forward with the processing of claims in the ordinary course," *id.* However, unless the Court requires IPP Counsel to undertake now an effective correction of their unauthorized advisory and to process all Late Claims, the Court, when it is presented with IPP Counsel's distribution motion, will have before it class members who did not file Late Claims at all because of the November 15, 2017 website advisory, or some who did file but whose claims will not have been processed.[5] The Court is required to consider the Late Claims of both groups of class members. *See Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (en banc) ("*Pioneer* cautioned against 'erecting a rigid barrier ***against late filings*** attributable in any degree to the movant's negligence. There should similarly be no rigid legal rule ***against late filings*** attributable to any particular type of negligence.") (emphasis added) (citing *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 n.14 (1993)). Solely as a result of IPP Counsel's decision to stop processing Late Claims and to tell class members that their Late Claims would no longer be processed, neither group will be allowed to participate in the distribution of the 2016 Settlements without causing the distribution to be delayed while their Late Claims are filed and processed. IPP Counsel has thus pitted the

---

[5] *See* crtclaims.com ("This website is supervised by counsel and the Court … . This is the only authorized website for this litigation."). IPP Counsel, apparently realizing the significance of its error, has now altered the website to remove the reference to the Court's supervision. *See id.* ("This website is established pursuant to an order of the Court and is controlled by The Notice Company, Inc., which was retained to administer the notice and claims process."). This modification does not undue the harm from the prior notice.

interests of one group of class members against those of another equally entitled group of class members, and has created the risk that Late Claims will be rejected solely because they are late.[6]  Without changing the status quo, therefore, the "wait and see" approach will inexorably lead to a quintessential example of "justice delayed is justice denied."  *See, e.g., Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1038 (9th Cir. 2012) ("Courts have routinely considered claims that excessive delay has resulted in a denial of due process.") (Schroeder, J., dissenting) (citing cases).  To avoid that undesired result, the Court should act now.

## CONCLUSION

Over four years have passed since the December 7, 2015 claims filing deadline, and it has been over two years since IPP Counsel's unauthorized advisory was published on the Court-supervised website.  Yet, the Late Claims issue that FRS first raised with the Court in February 2018 still persists and will continue to persist and to prejudice class members, and it will delay the eventual distribution of the 2016 Settlements.  FRS thus urges the Court to consider now the briefs, letters and authorities that have been submitted by all

/ / /

/ / /

/ / /

/ / /

---

[6] This potential eventuality may explain why Spectrum now argues in favor of postponing consideration when, just six months ago, it took the opposite position:

> This Court has recognized that time is of the essence in this case.  Class members are seeking compensation for harms that occurred as long as 25 years ago and the time for them to receive their due is long past.  Now that the way is paved to bring this case to a conclusion, Spectrum respectfully submits that in order to maximize the likelihood of an expeditious distribution of settlement proceeds to the Class, the Court should resolve the Late Claims problem as soon as possible.

ECF No. 5588 at 1; *see id.* at 4-5 ("The Court Should Decide How It Will Handle Late Claims Now, as to do Otherwise Would Entail Substantial Additional Delay").

6                                                Case No.:  CV-07-5944-JST
REPLY OF FINANCIAL RECOVERY STRATEGIES IN FURTHER SUPPORT OF ITS REQUEST TO CLARIFY
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL

[3523705 2]

interested parties so that its Preliminary Approval Order may be clarified to address the Late Claims issue, or, at a minimum, order IPP Counsel to process all Late Claims and effectively to correct the website.

DATED:  April 7, 2020                    Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP


By:   /s/ Jeffrey L. Bornstein
        Jeffrey L. Bornstein

Attorneys for
FINANCIAL RECOVERY SERVICES. INC., d/b/a
FINANCIAL RECOVERY STRATEGIES

7                                    Case No.: CV-07-5944-JST
REPLY OF FINANCIAL RECOVERY STRATEGIES IN FURTHER SUPPORT OF ITS REQUEST TO CLARIFY ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL

[3523705 2]