UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 07-cv-05944-JST<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND THE COURT'S ORDER**<br><br>Re: ECF No. 5688, 5689 |

Before the Court are Other Repealer States' and Non-Repealer States' motions to alter or amend the Court's order denying their renewed motions to intervene. ECF Nos. 5688, 5689. The Court will deny the motions.

## I.      BACKGROUND

The facts regarding this case are well known to the parties, and the Court summarizes them here only insofar as they bear on the present motions.

In February 2008, the Judicial Panel on Multidistrict Litigation ("JPML") ordered the centralization of actions alleging that certain defendants conspired to fix prices of cathode ray tubes. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 536 F. Supp. 2d 1364 (J.P.M.L. 2008). On July 7, 2016, this Court granted final approval of settlement agreements which resolved claims between one set of plaintiffs – the Indirect Purchaser Plaintiffs ("IPP Plaintiffs") – and six sets of corporate defendants. ECF No. 4712 at 1. Two objectors sought appeal of this decision in the Ninth Circuit. ECF No. 4741.

On November 8, 2018, this Court issued an order in which it concluded that it erred in approving the settlement provision which required class members in certain Omitted Repealer States to release their claims without compensation. *See* ECF No. 5362 at 1. The order expressed

"concerns about the adequacy of the counsel who negotiated that settlement or whether they may have faced a conflict of interest." *Id.* at 1. In response, the Ninth Circuit remanded "this case so that the district court [could] reconsider its approval of the settlement." *See In re Cathode Ray Tube Antitrust Litig.*, No. 16-16368 (9th Cir. Feb. 13, 2009), ECF No. 238 at 11.

On remand, this Court confirmed the existing lead counsel for the IPP Plaintiffs and appointed separate counsel for the unnamed Omitted Repealer State subclass ("ORS Subclass")[1] and Non-Repealer State subclass ("NRS Subclass").[2] ECF Nos. 5535, 5518. The Court then referred the matter to Magistrate Judge Corley for settlement. ECF No. 5427.

On August 23, 2019, NRS Subclass member Eleanor Lewis and several members of the ORS Subclass moved to intervene in this litigation and file an amended complaint. ECF Nos. 5565, 5567. The Court denied these motions without prejudice. ECF No. 5626 at 3; ECF No. 5628 at 3. In November 2019, Lewis and the ORS Subclass filed renewed motions to intervene. ECF Nos. 5643, 5645. The Court denied the renewed motions and directed movants to "file their claims in the appropriate forum(s) and seek transfer from the JPML or, if properly filed in the Northern District of California, 'request assignment of [their] actions to the Section 1407 transferee judge in accordance with applicable local rules.'" ECF No. 5684 at 6 (quoting J.P.M.L. R. 7.2(a)).

On February 13, 2020, Lewis and the ORS Subclass filed motions to alter or amend the Court's order denying their renewed motions to intervene.[3] ECF Nos. 5688, 5689. Defendants

---

[1] The ORS Subclass in its current iteration consists of Indirect Purchaser Plaintiffs with claims in the following Omitted Repealer States: Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah. ECF No. 5518 at 1. The parties now use the "ORS" abbreviation to signify "other repealer states" rather than "omitted repealer states." ECF No. 5645 at 1 n.1.

[2] The NRS Subclass consists of Indirect Purchaser Plaintiffs with claims in the following Non-Repealer States: Alabama, Alaska, Colorado, Connecticut, Delaware, Georgia, Idaho, Illinois, Indiana, Kentucky, Louisiana, Maryland, New Jersey, Ohio, Oklahoma, Pennsylvania, Texas, Virginia, Washington, and Wyoming. ECF No. 5518 at 2.

[3] Under Civil Local Rule 7-9, "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Movants failed to seek leave of Court before filing, but the Court considers the motions on the merits nevertheless.

oppose the motions. ECF No. 5690. Lewis and the ORS Subclass have filed replies. ECF Nos. 5691, 5692.

## II. JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a party may move a court to reconsider a previous ruling and alter a previous order. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *Sacchi v. Mortgage Elec. Registration Sys., Inc.*, No. CV11-01658 AHM (CWx), 2012 WL 13006267, at *2 (C.D. Cal. March 6, 2012). Reconsideration is appropriate "when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor v. Ferguson*, 822 F.3d 482, 491-92 (9th Cir. 2016).

Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll*, 342 F.3d at 945 (internal quotation marks and citation omitted). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). It must also do more than rehash arguments or recapitulate cases already considered by the court. *Young v. Peery*, 163 F. Supp. 3d 751, 753 (N.D. Cal. 2015); *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

## IV. DISCUSSION

Lewis and the ORS Subclass (collectively "Movants") contend that reconsideration is warranted because the Court committed clear error in ruling that the multidistrict litigation ("MDL") statute "does not permit [ORS and NRS] movants' direct intervention into the MDL proceedings whether by filing separate complaints or amending IPP Plaintiffs' operative complaint." ECF No. 5688 at 5 (internal quotation mark omitted); ECF No. 5689 at 6. But Movants merely either recapitulate cases already considered by the Court or raise arguments for

3

the first time which could reasonably have been raised earlier in the litigation.  Movants fail to provide any basis for the court to alter or amend its order.

First, Movants argue that the Court erred by failing to consider its power under Federal Rule of Civil Procedure 23 to "to create subclasses and appoint new, adequate class representatives whenever exiting class representatives are (or become) conflicted or otherwise inadequate." ECF No. 5688 at 5; *see* ECF No. 5689 at 6.  Movants assert that the multidistrict litigation statute, 28 U.S.C. § 1407, does not repeal Rule 23's "subclass-creation protections for class members just because, as here, a national class action gets brought into an MDL proceeding." ECF No. 5688 at 6; *see* ECF No. 5689 at 10.  Both Lewis and the ORS Subclass had ample opportunity to raise these arguments during the briefing on their renewed motions to intervene.  Instead, Movants asserted that: (1) "Judicial Panel of Multidistrict Litigation Rule 7.2(a) explicitly allows for direct filing" complaints in MDL proceedings and (2) "[t]here is simply no basis in Multidistrict jurisprudence for opposing the addition of Ms. Lewis as a plaintiff so that she can represent the interests of her subclass." ECF No. 5670 at 25 n.8; *see* ECF No. 5668 at 5.  "Rule 59 is not a vehicle for . . . securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Baldonado v. United States*, No. 2:06-cv-07266-JHN-RZ, 2011 WL 13213543, at *2 (C.D. Cal. Oct. 12, 2011).  Movants' motions for reconsideration may not be used to raise these arguments for the first time when they could reasonably have been raised earlier in the litigation.  *Kona*, 229 F.3d at 890.

Second, Movants attempt to distinguish this action from two cases on which the Court relied in its order denying the renewed motions to intervene: *In re Mortgage Elec. Registration Sys. (MERS) Litig.*, No. MD-09-02119-PHX-JAT, 2016 WL 3931820, at *5 (D. Ariz. July 21, 2016) and *In re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litig.*, MDL No. 33-1439, 2008 WL 4763029, at *3 (D. Or. Oct. 28, 2008). ECF No. 5688 at 7-8; ECF No. 5689 at 7.  A party seeking reconsideration under Rule 59, however, "must do more than rehash arguments or recapitulate cases already considered by the court." *White v. Square, Inc.*, No. 15-cv-04539-JST, 2016 WL 6647927, at *2 (Nov. 9, 2016) (citations omitted).

Third, Movants repeat the assertion from their prior briefing that "[t]hey very specifically

4

[are] not seeking to file a new suit." ECF No. 5688 at 8; *see* ECF No. 5670 at 24 (noting that "the ORS Plaintiffs do not seek severance from this case" and "are not seeking to file new claims that are untethered from the already-pending litigation"). As noted above, "a motion to reconsider is not a vehicle permitting the unsuccessful party to 'rehash' arguments previously presented." *Williams v. Felker*, No. CIV S-08-0878 LKK GGH P, 2010 WL 744795, at *1 (E.D. Cal. March 3, 2010).

Fourth, Movants suggest that the Court misunderstood their motions as requests "to be joined as a party to *the MDL proceeding*" rather than motions "to intervene as a named plaintiff in each and everyone one of the indirect purchaser actions that comprise MDL 1917." ECF No. 5689 at 7 (emphasis in original); ECF No. 5688 at 8. Regardless of this attempt at reframing, the rule remains that Movants are not permitted to add plaintiffs to this MDL who "never filed a lawsuit in any federal court nor had [their] case transferred to the transferee MDL court by the Judicial Panel." *In re MERS*, 2016 WL 3931820, at *7 ("[T]he majority of case law on this topic indicates that a transferee court's jurisdiction is not sufficiently invoked where an added plaintiff never filed a lawsuit in any federal court nor had its case transferred to the transferee MDL court by the Judicial Panel."); *see id.* ("Plaintiffs cannot add [potential class member] DeBaggis as a plaintiff by amendment in the MDL as this directly contradicts the appropriate procedures designated in 28 U.S.C. § 1407 for consolidating cases for pretrial proceedings.").

Finally, Movants suggest that the Court's order is inconsistent with prior orders in this MDL, which have allowed the addition of named plaintiffs to indirect purchaser actions through amendments to various Consolidated Amended Complaints. ECF No. 5689 at 12; ECF No. 5688 at 8 ("To the extent this Court seeks to adopt the *MERS* analysis of amendment to bar the addition of new parties within an MDL, then that analysis must apply equally to the IPPs."). In support, Movants cite orders issued between 2010 and 2012[4] which granted two stipulated requests to file amended complaints. ECF No. 5689 at 12 n.4 (citing ECF Nos. 799, 1505); *see also* ECF No. 5688 (citing ECF No. 437). Because no party objected to those stipulations, the judge then

---

[4] This action was assigned to the undersigned on November 3, 2015. ECF No. 4164.

5

presiding over the case had no occasion to consider the appropriate procedures under the MDL statute. In any event, there is nothing improper, let alone "clearly erroneous," about the Court's application of MDL procedural requirements to Lewis's and the ORS Plaintiffs' instant motions to intervene. *See S.E.C. v. Pattison*, No. C-08-4238 EMC, 2011 WL 2293195, at *2 (N.D. Cal. June 9, 2011) ("[C]lear error should conform to a very exacting standard—*e.g.*, a court should have a clear conviction of error." (internal quotation marks and citation omitted)); *Campion v. Old Republic Home Protection Co.,* No. 09-CV-748-JMA(NLS), 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011) ("Mere doubts or disagreement about the wisdom of a prior decision of this or a lower court will not suffice. . . . To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must be dead wrong." (internal quotation marks and citation omitted)); *Teamsters Local 617 Pension and Welfare Funds v. Apollo Group, Inc.*, 282 F.R.D. 216, 231 (D. Ariz. 2012) (same).

## CONCLUSION

For the foregoing reasons, the Court denies the motions to alter or amend its order denying Lewis's and the ORS Subclass's renewed motions to intervene.

**IT IS SO ORDERED.**

Dated: April 9, 2020



JON S. TIGAR
United States District Judge