MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
JENNY S. YELIN – 273601
ROSEN BIEN GALVAN & GRUNFELD LLP
50 Fremont Street, 19th Floor
San Francisco, California 94105-2235
Telephone:  (415) 433-6830
Facsimile:  (415) 433-7104
Email:  mbien@rbgg.com
  jbornstein@rbgg.com
  jyelin@rbgg.com

Attorneys for Non-Party Objectors
FINANCIAL RECOVERY SERVICES, INC.
d/b/a FINANCIAL RECOVERY STRATEGIES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION,<br><br>This Document Relates to:<br>All Indirect Purchaser Actions | Master File No. CV-07-5944-JST<br>MDL No. 1917<br><br>**FRS'S NOTICE OF MOTION AND MOTION TO REQUIRE MODIFICATION OF SETTLEMENT WEBSITE, TO REQUIRE ALL LATE CLAIMS TO BE PROCESSED, AND TO DEEM TIMELY ALL LATE CLAIMS FILED TO DATE**<br><br>Hearing Date: May 20, 2020<br>Time: 2:00 p.m.<br>Courtroom: 9, 19th Floor<br>Judge: Honorable Jon S. Tigar |
|---|---|

[3525744.6]

Case No. CV-07-5944-JST
FRS'S MOT. TO REQUIRE MODIFICATION OF SETTLEMENT WEBSITE, TO REQUIRE ALL LATE CLAIMS
TO BE PROCESSED, AND TO DEEM TIMELY ALL LATE CLAIMS FILED TO DATE

# NOTICE OF MOTION AND MOTION

## TO ALL PARTIERS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 20, 2020 at 2 p.m., before the Honorable Jon S. Tigar, United States District for the Northern District of California, 1301 Clay Street, Oakland, California, Non-Party Objector Financial Recovery Services, Inc. d/b/a Financial Recovery Strategies ("FRS") will move the Court for entry of an Order that provides the following relief:

(a) Requires Class Counsel ("IPP Counsel") for the Indirect Purchaser Plaintiffs ("IPPs") immediately to modify the Court-supervised website for the settlement of the indirect purchaser actions, https://crtclaims.com/ (the "Settlement Website") to correct the advisory that on or about November 15, 2017 IPP Counsel published without this Court's authority (the "Nov. 15 Advisory"), so that it informs claims filers that the Settlement Administrator will continue to process claims;

(b) Requires IPP Counsel immediately to process in the same manner and to the same extent that the Settlement Administrator processed proofs of claim filed on or before December 7, 2015, all proofs of claim submitted after that date ("Late Claims") and, until further order of the Court, to continue to process any Late Claims as they are received;

(c) Deems as timely all Late Claims filed to date; and

(d) Accepts all otherwise eligible proofs of claims submitted until a date to be ordered by the Court.

The grounds for the motion are (a) that the Nov. 15 Advisory violates the due process rights of class members who filed Late Claims after November 15, 2017 and class members who chose not to file Late Claims because the Nov. 15 Advisory led them to believe that they would not be processed, *see* Rep. FRS Further Supp. Req. Clarify PAO (ECF No. 5706); (b) IPP Counsel's recent modification of the Settlement Website is inadequate to remedy those due process violations, *id.*; (c) Late Claims filed to date have

1

Case No. CV-07-5944-JST

FRS'S MOT. TO REQUIRE MODIFICATION OF SETTLEMENT WEBSITE, TO REQUIRE ALL LATE CLAIMS TO BE PROCESSED, AND TO DEEM TIMELY ALL LATE CLAIMS FILED TO DATE

[3525744.6]

not caused any delay in the distribution of the recoveries provided by the settlements (the "2016 Settlements") that are the subject of the Court's March 11, 2020 Order Granting Motion for Preliminary Approval (ECF No. 5695), and, therefore, have not prejudiced the rights of claimants that filed timely claims, *see id.* & Resp. FRS to IPPs' Mot. Amend Final App. Order, Final Judgment & Fee Order (ECF No. 5609); and (d) Late Claims received by the Settlement Administrator before IPPs file their motion to distribute the 2016 Settlements cannot prejudice class members that filed timely claims, *see id.*

This Motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the Declaration of Jeffrey N. Leibell filed herewith, all pleadings and papers on file in this action, including ECF Nos. 5609 & 5706, any matters of which the Court may or must take judicial notice, such additional evidence or argument as may be presented at or prior to the time of the hearing, and the Proposed Order.

DATED:  April 10, 2020					Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP


By:  */s/ Jeffrey L. Bornstein*
         Jeffrey L. Bornstein

Attorneys for Non-Party
FINANCIAL RECOVERY SERVICES. INC., d/b/a
FINANCIAL RECOVERY STRATEGIES

2
Case No. CV-07-5944-JST
FRS'S MOT. TO REQUIRE MODIF. OF SETTLEMENT WEBSITE, TO REQUIRE ALL LATE CLAIMS TO BE PROCESSED, AND TO DEEM TIMELY ALL LATE CLAIMS FILED TO DATE

[3525744.6]

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

On April 9, 2020, this Court denied the request of Financial Recovery Services, Inc. d/b/a Financial Recovery Strategies ("FRS") to clarify the Court's March 11, 2020 Order Granting Motion for Preliminary Approval ("PAO") to order that all claims filed after December 7, 2015 ("Late Claims") through the date of the PAO be considered timely and, if otherwise eligible, included in the distribution.[1]  *See* ECF No. 5707.  The Court's April 9 Order noted that the Court could not "grant the requested relief" because the dispute regarding late claims was not part of the Court's decision to grant preliminary approval of the settlements that are the subject of the PAO (the "2016 Settlements").  *Id.* at 1.  The Court stated that it could rule on the issue if "someone will file a motion on this topic." *Id.*

As explained in FRS's prior briefs regarding Late Claims, *see* ECF Nos. 5609 and 5706, it is critical that the Court decide the Late Claims issue as early as possible, so that the distribution for the 2016 Settlements is not further delayed by years of litigation and appeals regarding the treatment of Late Claims.  FRS moves the Court now to rule on the dispute prior to Final Approval of the 2016 Settlements and their eventual distribution. FRS and the other parties with a stated interest in resolution of the Late Claims dispute—Spectrum Settlement Recovery, LLC ("Spectrum") and Crowell & Moring LLP ("Crowell")—each have filed extensive briefing regarding the merits of their positions. *See* ECF Nos. 5588, 5608, 5609, 5618, 5696, 5697, and 5706.

The Court should order IPPs to process and accept all otherwise valid Late Claims filed as of the date of the Court's order on any motion for distribution, and should order IPPs to update the Court-supervised website, https://crtclaims.com/ (the "Settlement Website") to advise class members that all Late Claims will be processed and, if deemed eligible, accepted, and that class members may continue to file otherwise valid claims until

---

[1] "Late Claims" includes proofs of claim filed after December 7, 2015, including after November 15, 2017, and proofs of claim that are not yet filed.

1                                                                                                                        Case No. CV-07-5944-JST
FRS'S MOT. TO REQUIRE MODIFICATION OF SETTLEMENT WEBSITE, TO REQUIRE ALL LATE CLAIMS TO BE PROCESSED, AND TO DEEM TIMELY ALL LATE CLAIMS FILED TO DATE

[3525744.6]

the distribution plan is ordered.

**STATEMENT OF FACTS**

In January of 2017, FRS learned that IPP Counsel had directed the Settlement Administrator not to process Late Claims. *See* Declaration of Jeffrey N. Leibell in Support of FRS's Motion to Require Modification of Settlement Website, to Require All Late Claims to Be Processed, and to Deem Timely All Late Claims Filed to Date ("Leibell Decl."), filed herewith, at ¶2. In a letter dated February 8, 2017, FRS objected because no distribution of the recoveries obtained in the 2016 Settlements was possible while appeals were pending. *Id.* at ¶3 & Ex. 1. As a result, IPP Counsel agreed to process Late Claims. *Id.* at ¶¶7-8 & Exs. 4 & 5.

In late January of 2018, FRS learned that IPP Counsel had changed the Settlement Website. On November 15, 2017, without obtaining or even seeking this Court's authorization, and even though the then-pending appeals made an immediate distribution impossible, IPP Counsel published on the top of the homepage of the Settlement Website an advisory that informed all class members that the Settlement Administrator had stopped processing Late Claims that had already been submitted, and that future Late Claims would not be processed, in essence telling class members not to bother filing them. *See Id.* at ¶12 Ex. 8 ("The deadline to submit claims has passed. We will no longer be processing late claims in connection with the CRT Indirect Purchaser Antitrust Litigation.").

FRS first informed the Court on March 15, 2018 of IPPs' Counsel's unauthorized Advisory. *See* ECF No. 5259; *see also* ECF Nos. 5263, 5269, 5347 & 5609. It remained as the first line at the top of the homepage of the Court-supervised website until the current notice was posted, only a few weeks ago. Leibell Decl. at ¶21. The homepage no longer includes IPP Counsel's Advisory. *Id.* at ¶21 &, Ex. 9. Importantly, however, the website does not include any information about the processing of Late Claims or why the advisory was removed. IPP Counsel, rather than offer the prominence they afforded to their unauthorized advisory, have relegated information about Late Claims to the website's "Frequently Asked Questions" page without indicating on the homepage that they have

2   Case No. CV-07-5944-JST
FRS'S MOT. TO REQUIRE MODIF. OF SETTLEMENT WEBSITE, TO REQUIRE ALL LATE CLAIMS TO BE PROCESSED, AND TO DEEM TIMELY ALL LATE CLAIMS FILED TO DATE

[3525744.6]

done so.[2]  The due process issues that IPP caused continue, however, because of the lack of clear notice and a clear statement that all legitimate claims will continue to be processed and accepted.[3]

At the Court's suggestion, FRS now files this formal Motion to obtain the relief needed to ensure that all legitimate claims are processed and accepted.

## ARGUMENT

### I.  IPPS HAVE CREATED A DUE PROCESS PROBLEM THAT MUST BE CORRECTED

In its Response to FRS's Request for Clarification of the PAO, ECF 5702, IPP Counsel asked the Court to continue to postpone resolution of the Late Claims dispute until distribution, because, under *normal* circumstances, "[t]hat is how class action settlements are administered, and there is no reason to deviate from that here." ECF No. 5702 at 2:2-10.  Solely as a result of IPP Counsel's action, however, the administration of the settlements that are the subject of the Preliminary Approval Order (the "2016 Settlements") is *not* "normal."

To support their contention that the administration of the 2016 Settlements is "normal" and should be treated as such, IPP Counsel rely on *In re: TFT-LCD (Flat Panel)*

---

[2] To learn about Late Claims, therefore, a prescient website visitor must now click on the "FAQ" tab at the top of the homepage, then scroll down the FAQ page almost to the bottom.  Leibell Decl. ¶22 & Ex. 10.  In response to question "P. May I submit a claim now? Will late claims be paid?," that visitor will find all three past deadlines disclosed, followed by a second paragraph that states only that "[t]he Court has not yet decided whether claims submitted after the Court-approved deadlines will be paid."  It also is likely that IPP Counsel's message was conveyed to class members with whom IPP Counsel and the Settlement Administrator communicated by telephone or email.

[3] *See, e.g.*, *Wagner v. Prof. Engineers in Cal. Gov't*, 354 F.3d 1036, 1041-42 (9th Cir. 2004) (To effectively "unring the bell" caused by a defective notice, "the proper remedy is … to issue proper notice and give another opportunity" for the recipients to act accordingly.); *Cummings v. Connell*, 316 F.3d 886, 894 (9th Cir. 2003) (In the case of a defective notice, the issuer "must send a corrected notice."); *United Food & Comm. Workers Union, Local 1036 v. NLRB*, 249 F.3d 1115, 1120 (9th Cir. 2001), *reinstated in pertinent part*, 307 F.3d 760, 774 n.21 (9th Cir. 2002) (en banc) (remedy for improper "welcoming letter" was to send corrected letter to those who received the defective one).

[3525744.6]

1  *Antitrust Litigation*, MDL No. 1827 (N.D. Cal.) ("*LCDI*"), and *In re: Dynamic Random*
2  *Memory (DRAM) Antitrust Litig.*, MDL No. 1486 (N.D. Cal.) ("*DRAM*"), *see*
3  ECF No. 5702 at 2:25-28.  Those two cases have been cited repeatedly by FRS and
4  Crowell because those courts, as is "normal," accepted late claims upon the
5  recommendation of class counsel.  *See, e.g.*, ECF 5609 at 6:1-8:7; ECF No. 5608 at 6:1-9.
6  In the very documents that IPP Counsel cite for the "normal" approach, ***they***, as members
7  of class counsel, successfully argued that it is "normal" to accept late claims.  *See, e.g.*,
8  *LCDI*, ECF No. 9217 at 3:17-4: ("The Claims Administrator continued to accept claims for
9  processing after [the initial deadline] … [T]he Court noted that 'IPP counsel recommend
10 that late-filed claims be included in distribution payments, and this Court agrees.'");
11 *DRAM*, ECF No. 2273 at 10:19-11:7 ("[T]he Claims Administrator continued to receive
12 and process claims … after [the deadline.] … Co-Lead Counsel … recommend that the
13 Court authorize payments to all class members whose [otherwise eligible] claims were
14 filed by July 1, 2015.").

15         In a *normal* administration, there are no due process issues that result from a court's
16 acceptance at distribution of otherwise eligible late claims. *See, e.g.*, ECF No. 5609
17 at 1:12-18; ECF No. 5608 at 5:14-8:9.  In this case, unlike *normal* administrations, there is
18 a serious due process issue that has not been resolved.   This Court will not have for its
19 consideration at distribution an as yet untold number of unprocessed and unfiled Late
20 Claims.  Given the impact of IPP Counsel's unauthorized November 15, 2017 actions, the
21 only way to avoid unfairness and to treat all class members equally is to provide now
22 adequate notice that any claims submitted until further notice will be processed and, if
23 eligible, either will be accepted, or, at a minimum, will at least be considered, by the Court.
24 Accordingly, IPP Counsel must immediately effectively correct the Court-supervised
25 website to enable otherwise eligible class members to submit Late Claims, and IPP
26 Counsel must process all Late Claims until the Court orders otherwise.

27         Resolving the Late Claims issue now will expedite an orderly and fair resolution of
28 the 2016 Settlements and best comport with the Court's desire to "bring this whole thing to

a conclusion sooner rather than later," June 6, 2019 Hr'g Tr.at 45:14.  The Court already has received, both in connection with the current Preliminary Approval Order, *see* ECF No. 5696 at 1; ECF Nos. 5588 & 5618; ECF No. 5608; ECF No. 5609), and in several prior submissions over the past two-plus years, *see, e.g.*, ECF Nos. 5252 (FRS Obj. to Mitsubishi Plan of Dist.), 5255 (IPP Reply re FRS Obj.), 5256 (Spectrum Opp. FRS Obj.), 5259 (FRS Resp. to IPPs & Spectrum), an abundance of facts and legal precedent regarding the treatment of Late Claims.  The Points and Authorities from those prior filings are part of the record and are incorporated by reference should the Court seek further explanation for the points made below.[4]

## II. CONTINUING TO POSTPONE RESOLVING LATE CLAIMS WILL DEPRIVE LATE CLAIMANTS OF DUE PROCESS AND RESULT IN CONSIDERABLE ADDITIONAL DELAYS

The delay thus far in concluding the 2016 Settlements is wholly unrelated to Late Claims.  Indeed, when it denied IPP Counsel's request for an indicative ruling, the Court explained why the 2016 Settlements are not yet final:

> [T]he Court now concludes that it erred in approving the [Prior Settlement.] … [T]he Court has concerns about the adequacy of the counsel who negotiated that settlement or whether they may have faced a conflict of interest.  Lead Counsel had an obligation to vigorously represent class members in the [ORS].  … [Lead Counsel's] argument does not explain, however, how negotiating a release of those class members' claims can be squared with the duty of zealous advocacy to all members of the class.  … [P]itting one set of clients' claims against those of another is a classic indication of a potential conflict of interest.  Even now, Lead Counsel appears to be bargaining with the Court to reduce the perceived value of the claims of class members in the [ORS].

ECF No. 5362 at 1:19-27.  When otherwise eligible late claims do not delay distributions, and, therefore, could not have prejudiced class members that filed timely claims, courts, to comply with their fiduciary duties to absent class members, *see* ECF No. 5609 at 7:23-28 (citing *In re Volkswagen "Clean Diesel" Mktg., Sales Prac. & Prods. Liab. Litig.*, 895 F.3d 597, 610 (9th Cir. 2018) ("[W]e we impose upon district courts 'a fiduciary duty to look after the interests of ... absent class members.") (quoting *Allen v. Bedolla*, 787 F.3d

---

[4] *See* ECF No. 5697 at 2 ("Spectrum believes that issue is joined and already fully briefed … .").

1218, 1223 (9th Cir. 2015) (citing cases)), routinely accept them, and class counsel routinely advocate for their acceptance at the time of distribution, *see, e.g.*, ECF No. 5609 at 10:12-15:18; ECF No. 5699 at 1-4 (citing 19 cases).

By requiring IPP Counsel to make a simple statement that clearly advises claimants that Late Claims can be filed and processed, the Court may then proceed with the distribution of funds forthrightly following the hearing scheduled for July 8, 2020.

### III. ACCEPTING AND PAYING LATE CLAIMS IS AN INTEGRAL PART OF THE CLASS ACTION PROCESS.

The Court is required to consider Late Claims and should ensure that all claimants have a full and fair opportunity to file claims. *See Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (en banc) ("*Pioneer* cautioned against 'erecting a rigid barrier **against late filings** attributable in any degree to the movant's negligence.  There should similarly be no rigid legal rule **against late filings** attributable to any particular type of negligence.") (emphasis added) (citing *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 n.14 (1993)).  By not further correcting the Settlement Website and not processing and accepting all eligible claims, IPP Counsel has pitted the interests of one group of class members against those of another equally entitled group of class members, and has created the risk that Late Claims will be rejected solely because they are late.

Without changing the status quo, therefore, the "wait and see" approach will inexorably lead to a quintessential example of "justice delayed is justice denied." *See, e.g.*, *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1038 (9th Cir. 2012) ("Courts have routinely considered claims that excessive delay has resulted in a denial of due process.") (Schroeder, J., dissenting) (citing cases).  To avoid that undesired result, the Court should act now.

There is no equitable or legal basis to reject these claims.  The deadline was set at a time when the Court assumed that a timely resolution of this case would be forthcoming. That such a resolution did not occur was through no fault of Late Claimants.  The deadline became arbitrary solely as a result of the nearly four-year delay thus far caused by IPP

[3525744.6]

6                                            Case No. CV-07-5944-JST
FRS'S MOT. TO REQUIRE MODIF. OF SETTLEMENT WEBSITE, TO REQUIRE ALL LATE CLAIMS TO BE PROCESSED, AND TO DEEM TIMELY ALL LATE CLAIMS FILED TO DATE

Counsel's failure to include in the Settlement Class residents of all *Illinois Brick* repealer states, not due to any action or inaction by Late Claimants.  The Court should accept, without the need for a costly and time-consuming excusable neglect analysis, all Late Claims submitted while timely claims are still being processed.

In *LCDI* and *DRAM*, IPP Counsel argued (among other things) that:

(a) because timely claimants and late claimants have been injured as a result of the same alleged wrongful conduct, the former do not have a better right than the latter to recover;

(b) because no delay in the distribution has been caused by processing late claims, timely claimants have no greater entitlement to recover more per unit than the last claim processed before the distribution motion has been filed;

(c) because the "whole point" of initiating and prosecuting indirect purchaser class actions is to compensate as many injured claimants as possible, late claims should be accepted; and

(d) because considerations of overall fairness to the settlement class outweigh any prejudice to timely claimants, late claims should be accepted.

*See, e.g.*, FRS Resp. to IPPs' Mot. to Amend Final App. Order, Final Judgment & Fee Order, ECF No. 5609 at 6:8-19; *see also id.* at 6:20-8:7.

Here, IPP Counsel recognized that "given the pending appeal of the Prior Settlements, distribution of funds now is not possible," IPP's Reply to FRS' Obj. Prop. Dist. Plan, ECF No. 5255 ("IPP Reply"), at 14:26-27.  Yet they have not yet advocated for the acceptance of Late Claims. They should, and their fiduciary duty to all class members compels them to do so.  By resolving the Late Claims issues now as requested by this motion, the Court will avoid further delay and costs later.

/ / /

/ / /

/ / /

/ / /

[3525744.6]

7

Case No. CV-07-5944-JST

FRS'S MOT. TO REQUIRE MODIF. OF SETTLEMENT WEBSITE, TO REQUIRE ALL LATE CLAIMS TO BE PROCESSED, AND TO DEEM TIMELY ALL LATE CLAIMS FILED TO DATE

**CONCLUSION**

Over four years have passed since the December 7, 2015 claims filing deadline, and it has been over two years since IPP Counsel's unauthorized advisory was published on the Court-supervised website.  Yet, the Late Claims issue that FRS first raised with the Court in February 2018 still persists and will continue to persist and to prejudice class members, and it will delay the eventual distribution of the 2016 Settlements.  FRS thus urges the Court to consider now the briefs, letters and authorities that have been submitted by all interested parties, and to order IPP Counsel to process all Late Claims filed until the Court orders otherwise and effectively to correct the Settlement Website.

DATED:  April 10, 2020                    Respectfully submitted,

                                          ROSEN BIEN GALVAN & GRUNFELD LLP


                                          By:  */s/ Jeffrey L. Bornstein*
                                               Jeffrey L. Bornstein

                                          Attorneys for Non-Party
                                          FINANCIAL RECOVERY SERVICES. INC., d/b/a
                                          FINANCIAL RECOVERY STRATEGIES

[3525744.6]

8                                          Case No. CV-07-5944-JST
FRS'S MOT. TO REQUIRE MODIF. OF SETTLEMENT WEBSITE, TO REQUIRE ALL LATE CLAIMS TO BE PROCESSED, AND TO DEEM TIMELY ALL LATE CLAIMS FILED TO DATE