ALLEN & OVERY LLP
John Roberti (*pro hac vice*)
Andrew Rhys Davies (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399
Email: john.roberti@allenovery.com
andrewrhys.davies@allenovery.com

*Attorneys for Defendants Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd.*

[Additional Responding Parties and Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.: 07-cv-05944 JST<br><br>MDL No. 1917 |
| This document relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **DEFENDANTS' RESPONSE TO MOTION TO STAY (ECF No. 5718)**<br><br>Date: June 10, 2020<br>Time: 2:00 p.m.<br>Judge: Hon. Jon S. Tigar<br>Courtroom: 6, 2nd Floor |

# TABLE OF CONTENTS


TABLE OF AUTHORITIES ..... ii

PRELIMINARY STATEMENT ..... 1

ARGUMENT ..... 1

THE COURT SHOULD REJECT MOVANTS' TACTICAL ATTEMPT TO OBSTRUCT FINAL APPROVAL OF THE AMENDED SETTLEMENTS ..... 1

A. Movants' Disagreement with this Court's Ruling Does Not Demonstrate that Their Appeal Raises a "Serious Legal Question" ..... 2

B. Movants Ignore Strong Public and Party Interests that Weigh Against Further Delaying the Settlement of this Matter, and Fail to Demonstrate Irreparable Harm that Tilts the Balance of Hardships "Sharply" in Their Favor ..... 4

1. Strong public and party interests in settlement of this long-running matter outweigh movants' interest in intervention ..... 5

2. Movants identify no irreparable harm that could "sharply" outweigh the public and party interests implicated by their request for a stay ..... 7

CONCLUSION ..... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Bedolla*, 787 F.3d 1218 (9th Cir. 2015) ....................5, 6

*Asghari v. Volkswagen Grp. of Am., Inc.*, No. CV1302529MMMVBKX, 2015 WL 12732462 (C.D. Cal. May 29, 2015)....................6

*Buccellato v. AT & T Operations, Inc.*, No. C10-00463-LHK, 2011 WL 4526673 (N.D. Cal. June 30, 2011)....................7

*Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113 (9th Cir. 2002) ....................6

*Canatella v. California*, 404 F.3d 1106 (9th Cir. 2005) ....................8

*Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992) ....................6, 7

*Estrada v. Hartley*, No. 1:08-cv-830, 2010 WL 3463572 (E.D. Cal. Sept. 1, 2010) ....................8

*In re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litig.*, No. MDL 33-1439, 2008 WL 4763029 (D. Or. Oct. 28, 2008)....................3

*In re FCA US LLC Monostable Elec. Gearshift Litig.*, No. 16-MD-02744, 2017 WL 6402992 (E.D. Mich. Mar. 21, 2017), *reconsideration denied*, No. 16-MD-02744, 2017 WL 6402991 (E.D. Mich. Mar. 23, 2017)....................3

*Gelboim v. Bank of Am. Corp.*, 574 U.S. 405 (2015)....................4

*Goldie's Bookstore v. Superior Ct.*, 739 F.2d 466 (9th Cir. 1984) ....................8

*Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10-cv-01189-LHK, 2011 WL 2293221 (N.D. Cal. June 8, 2011)....................3

*In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539 (9th Cir. 2019) (en banc) ....................5

*Jimenez v. Menzies Aviation Inc.*, No. 15-cv-02392-WHO, 2015 WL 5591722 (N.D. Cal. Sept. 23, 2015)....................2

*In re Katz*,
2:19-BK-10596-RK, 2019 WL 2896196 (Bankr. C.D. Cal. May 8, 2019) ..............................8

*In re Korean Air Lines Co., Ltd.*,
642 F.3d 685 (9th Cir. 2011) ..............................4

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*,
523 U.S. 26 (1998)..............................4

*In re Mortg. Elec. Registration Sys. (Mers) Litig.*,
No. MD-09-02119-PHX-JAT, 2016 WL 3931820 (D. Ariz. July 21, 2016) ..............................3

*Newton v. Am. Debt Servs., Inc.*,
No. C-11-3228 EMC, 2012 WL 3155719 (N.D. Cal. Aug. 2, 2012)..............................3

*Nken v. Holder*,
556 U.S. 418 (2009)..............................2

*O'Connor v. Uber Techs., Inc.*,
No. 13-cv-03826-EMC, 2015 WL 9303979 (N.D. Cal. Dec. 22, 2015)..............................2, 4, 5

*Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*,
688 F.2d 615 (9th Cir. 1982) ..............................5

*Orange Cty. v. Air California*,
799 F.2d 535 (9th Cir. 1986) ..............................6

*In re Pac. Fertility Ctr. Litig.*,
No. 18-cv-01586-JSC, 2019 WL 2635539 (N.D. Cal. June 27, 2019)..............................2, 3

*In re Packaged Ice Antitrust Litig.*,
No. 08-MDL-1952, 2011 WL 6178891 (E.D. Mich. Dec. 12, 2011)..............................3

*In re Prudential Ins. Co. of Am. Sales Practice Litig.*,
261 F.3d 355 (3d Cir. 2001)..............................7

*Quine v. Beard*,
No. 14-cv-02726-JST, 2017 WL 4551480 (N.D. Cal. Oct. 12, 2017)..............................2, 3, 4

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
442 F.3d 741 (9th Cir. 2006) ..............................7

*In re Syncor ERISA Litig.*,
516 F.3d 1095 (9th Cir. 2008) ..............................5

*United States v. Armour & Co.*,
402 U.S. 673 (1971)..............................5

*United States v. Sprint Communications, Inc.*, 855 F.3d 985 (9th Cir. 2017) ....................8

*West Coast Seafood Processors Ass'n v. Nat. Res. Def. Council, Inc.*, 643 F.3d 701 (9th Cir. 2011) ....................8

*Zepeda v. PayPal, Inc.*, No. 10CV02500SBAJCS, 2014 WL 1653246 (N.D. Cal. Apr. 23, 2014), *objections overruled*, No. C 10-1668 SBA, 2014 WL 4354386 (N.D. Cal. Sept. 2, 2014) ....................6

**Statutes**

28 U.S.C. § 1407 ....................3, 8

28 U.S.C. § 1407(a) ....................3

**Other Authorities**

J.P.M.L. R. 7.2(a) ....................8

## PRELIMINARY STATEMENT

In an effort to put off the July 8, 2020 hearing and thereby to obstruct final approval of the amended settlements, movants now ask this Court to stay its March 11, 2020 preliminary-approval order. As there is no basis for a stay, the stay motion should be denied.

Movants raise no serious legal question on the merits. This Court's ruling that movants cannot intervene directly in this MDL proceeding is mandated by the plain statutory language, consistent with several well-reasoned district court decisions, and supported by the essential nature of an MDL proceeding—a temporary gathering of separate actions, where each must be remanded to its home court for trial. Movants cannot raise a serious legal question by simply disagreeing with the Court's ruling, let alone by re-raising arguments that the Court has already considered and rejected. Nor can they do so by seeking to advance arguments that they failed to raise in the context of their motions to intervene.

Moreover, staying final settlement approval would impair weighty public and private interests in settlement—interests that are particularly significant in a matter that has been pending for thirteen years. The Ninth Circuit repeatedly has recognized that those interests outrank the interests of tardy intervenors such as movants. There is therefore no basis for movants' position that the resolution of this matter should be further delayed so that they can continue to prosecute their grossly untimely and procedurally defective intervention motions. Movants make no showing that final settlement approval would cause them any irreparable harm, much less harm that would heavily outweigh the powerful countervailing interests in settlement of this long-running matter. A stay should therefore be denied.

## ARGUMENT

### THE COURT SHOULD REJECT MOVANTS' TACTICAL ATTEMPT TO OBSTRUCT FINAL APPROVAL OF THE AMENDED SETTLEMENTS

When adjudicating a request for a stay pending appeal, courts consider four factors: (1) whether the movant has made a strong showing that it is likely to succeed on the merits; (2) whether the movant would be irreparably injured, absent a stay; (3) whether a stay would

substantially injure the other parties; and (4) where the public interest lies. *See Quine v. Beard*, No. 14-cv-02726-JST, 2017 WL 4551480, at *1 (N.D. Cal. Oct. 12, 2017) (Tigar, J.). Importantly, a stay pending appeal "is not a matter of right," but instead is "an exercise of judicial discretion" that is "dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal quotations omitted). Here, movants fall far short of meeting their burden, and the Court should deny the requested stay.

### A. Movants' Disagreement with this Court's Ruling Does Not Demonstrate that Their Appeal Raises a "Serious Legal Question"

Ordinarily, a movant for a stay must make a strong showing that it is likely to succeed on the merits. *In re Pac. Fertility Ctr. Litig*., No. 18-cv-01586-JSC, 2019 WL 2635539, at *2 (N.D. Cal. June 27, 2019) (Corley, M.J.). Movants tacitly concede that they cannot make that showing, by attempting instead to invoke the lower "serious legal question" standard. *See* ECF No. 5718 ("Stay Mem.") at 4-5.[1] But movants cannot satisfy even this "lesser threshold" by "rehash[ing] of arguments the Court previously considered and rejected at length; otherwise every time a party disagreed with a court's ruling, a serious question would exist." *In re Pac. Fertility Ctr. Litig*., 2019 WL 2635539, at *2-*3 (citing *Jimenez v. Menzies Aviation Inc.*, No. 15-cv-02392-WHO, 2015 WL 5591722, at *3 (N.D. Cal. Sept. 23, 2015)). As this Court already has recognized, movants' challenges to this Court's February 2020 order denying their renewed motions to intervene "either recapitulate cases already considered by the Court or raise arguments for the first time which could reasonably have been raised earlier in the litigation." ECF No. 5708 at 3-4.

"In the Ninth Circuit, serious legal questions often concern constitutionality." *Guifu Li v. A Perfect Franchise, Inc*., No. 5:10-cv-01189-LHK, 2011 WL 2293221, at *3 (N.D. Cal. June 8, 2011) (citations omitted). To be sure, courts also have identified serious legal questions in appeals that presented "issues of first impression within the Ninth Circuit," or "splits in authority on important legal questions." *In re Pac. Fertility Ctr. Litig*., 2019 WL 2635539, at *3 (citations

[1] The serious-legal-question standard may support a stay pending appeal, but "if only this lesser showing is made, the appellant must further demonstrate that the balance of the hardships absent a stay tips 'sharply' in its favor." *O'Connor v. Uber Techs., Inc*., No. 13-cv-03826-EMC, 2015 WL 9303979, at *1 (N.D. Cal. Dec. 22, 2015).

omitted). But movants' substantial failure during the briefing of the intervention motions to address defendants' arguments concerning the limited jurisdiction of an MDL court, *see* ECF Nos. 5670 at 18-19, 5668 at 4, belies their present contention that their appeals present serious legal questions. *See Newton v. Am. Debt Servs., Inc*., No. C-11-3228 EMC, 2012 WL 3155719, at *8 (N.D. Cal. Aug. 2, 2012) ("The third issue does not appear to be a serious legal question because Defendants never even brought up the § 5 argument in the briefing on the motion to compel arbitration.").

Movants miss the mark with the argument that their appeals raises serious legal questions because this Court's February 2020 order cites unpublished district-court decisions. *See* Stay Mem. at 5-6. This Court's ruling that movants cannot intervene directly in this MDL proceeding is mandated by the plain language of 28 U.S.C. § 1407, which limits an MDL court to adjudicating actions that "*are pending*" in federal court *before* they are transferred into the MDL proceeding. 28 U.S.C. § 1407(a) (emphasis added). It also is consistent with four well-reasoned district-court decisions, two of them from this Circuit.[2] This Court recently denied a stay in similar circumstances, noting that its decision "cited more than one district court case," and that the movant "cite[d] no case in their motion that has come to the contrary conclusion." *Quine*, 2017 WL 4551480, at *2. Finally, this Court's decision is further supported by several Ninth Circuit and United States Supreme Court decisions that make clear that that an MDL proceeding represents a temporary grouping of "'‘fundamentally separate actions'" that must each have a home court to which it can be remanded for trial. *See* ECF No. 5684 at 5 (quoting *In re Korean Air Lines Co., Ltd*., 642 F.3d 685, 700 (9th Cir. 2011), and citing, *inter alia*, *Gelboim v. Bank of Am. Corp*., 574 U.S. 405, 411 (2015); *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 36-37 (1998)).

---

[2] *See In re FCA US LLC Monostable Elec. Gearshift Litig*., No. 16-MD-02744, 2017 WL 6402992, at *1 (E.D. Mich. Mar. 21, 2017), *reconsideration denied*, No. 16-MD-02744, 2017 WL 6402991 (E.D. Mich. Mar. 23, 2017); *In re Mortg. Elec. Registration Sys.* (*Mers*) *Litig*., No. MD-09-02119-PHX-JAT, 2016 WL 3931820, at *5-7 (D. Ariz. July 21, 2016); *In re Packaged Ice Antitrust Litig*., No. 08-MDL-1952, 2011 WL 6178891, at *8 (E.D. Mich. Dec. 12, 2011); *In re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litig*., No. MDL 33-1439, 2008 WL 4763029, at *5 (D. Or. Oct. 28, 2008).

Under all of these circumstances, movants have "not given the Court any basis to conclude that there is even a 'minimal chance' that the Ninth Circuit will disagree with this Court's" denial of their renewed intervention motions. *Quine*, 2017 WL 4551480, at *2 (quoting *O'Connor v. Uber Techs., Inc*., No. 13-cv-03826-EMC, 2015 WL 9303979, at *1 (N.D. Cal. Dec. 22, 2015)). There is therefore no basis for a stay.

Finally, movants' appeal from this Court's March 2020 order preliminarily approving the amended settlements also raises no serious legal question. *See* Stay Mem. at 6-8. Movants objected to the release of their claims, and demanded that the Court appoint separate counsel to represent them. Their requests have been granted. The amended settlements do not release movants' claims, and they have separate counsel who can prosecute those claims on their behalf. There is no basis for movants to object to amended settlements that release only the claims of other people—class members in the 22 states represented by IPP counsel. As the Ninth Circuit ruled in the prior appeal, persons who—like movants—are not members of a settlement class cannot appeal from a settlement-approval order. *See In re: Cathode Ray Tube* (*CRT*) *Antitrust Litig.,* No. 16369 (9th Cir. Mar. 2, 2017), ECF No. 57 at 7. Indeed, IPP counsel have already moved to dismiss those appeals on the grounds that the non-final order is not appealable, and that in any event movants lack standing to object and appeal because they are not members of the settlement classes.[3]

### B. Movants Ignore Strong Public and Party Interests that Weigh Against Further Delaying the Settlement of this Matter, and Fail to Demonstrate Irreparable Harm that Tilts the Balance of Hardships "Sharply" in Their Favor

As they have attempted to satisfy only the lower "serious legal question" standard, to warrant a stay, movants must show not only that they face irreparable harm, but that the balance of hardships "tips *sharply* in [their] favor." *O'Connor*, 2015 WL 9303979, at *2 (emphasis added). Movants cannot carry that burden. They fail to acknowledge the strong public and party

[3] *See Indirect Purchaser Plaintiffs v. Toshiba Corp., Case* No. 20-15697 (9th Cir. May 8, 2020), ECF No. 15; *Indirect Purchaser Plaintiffs v. Toshiba Corp.,* Case No. 20-15704 (9th Cir. May 8, 2020), ECF No. 14.

interests in approval of the amended settlements, and therefore do not even attempt to show that those interests are heavily outweighed by any non-speculative threat of irreparable harm to them.

**1. Strong public and party interests in settlement of this long-running matter outweigh movants' interest in intervention**

Contrary to movants' conclusory assertion that the public interest favors a stay, *see* Stay Mem. at 10, their request to obstruct the settlement of this long-running matter conflicts with the "'strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.'" *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019) (en banc) (quoting *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015)). As the Ninth Circuit has said, "voluntary conciliation and settlement are the preferred means of dispute resolution. This is especially true in complex class action litigation. . . ." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) (ellipsis in original) (quoting *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)).

Similarly, movants' unadorned assertion that a stay would not harm the parties, *see* Stay Mem. at 9, fails to recognize defendants' strong interest in resolution of this long-running matter. As the Ninth Circuit has recognized, litigants settle disputes to promote strong, legitimate interests—to "'save themselves the time, expense and inevitable risk of litigation.'" *Officers for Justice*, 688 F.2d at 624 (quoting *United States v. Armour & Co.*, 402 U.S. 673, 681 (1971)). Thus, the settlement agreements recite that defendants have agreed to settle "to put to rest with finality all claims" against them, and thereby "to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation."[4]

The Ninth Circuit also has repeatedly held that these strong public and private interests in settlement outrank the interests of tardy intervenors like movants. In *Allen*, the Ninth Circuit affirmed the denial of a class member's intervention motion because it was filed "on the eve of settlement, and threatened to prejudice settling parties by potentially derailing settlement talks."

[4] ECF Nos. 3862-1 at 1-2 (Philips agreement); 3862-2 at 1-2 (Panasonic agreement); 3862-3 at 2 (Hitachi agreement); 3862-4 at 2 (Toshiba agreement); 3862-5 at 2 (Samsung SDI agreement); 3876-1 at 2 (Thomson agreement).

*Allen*, 878 F.3d at 1222; *see also Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.,* 309 F.3d 1113, 1119 (9th Cir. 2002) (intervention motion was untimely when filed "after the parties settled, more than six years after litigation commenced"); *Orange Cty. v. Air California*, 799 F.2d 535, 538 (9th Cir. 1986) (intervention motion was untimely when filed after "settlement had been reached by all the parties after five long years of litigation").[5] Movants' request to delay consummation of an already long-delayed settlement so that they can prosecute their grossly untimely intervention motions cannot be reconciled with this consistent line of Ninth Circuit authority.

Finally, movants miss the mark with their contention that, if this Court's February 2020 ruling is correct, then this Court lacks authority to approve the settlement of any of the 22 state-law claims that IPP counsel added by amending his own consolidated amended complaints during the pendency of this MDL proceeding. *See* Stay Mem. at 9 *see also id*. at 2. There is no question, and movants repeatedly have acknowledged,[6] that this MDL proceeding includes federal claims on behalf of indirect purchasers nationwide. This Court may release state-law claims that arise from the same nucleus of operative fact as federal claims that are properly before it, regardless of whether the Court has an independent basis to exercise subject matter jurisdiction over the state-law claims. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1288 (9th

---

[5] *See also Asghari v. Volkswagen Grp. of Am., Inc.*, No. CV1302529MMMVBKX, 2015 WL 12732462, at *36 (C.D. Cal. May 29, 2015) (intervention denied to avoid "compromising—or further delaying—a settlement that has been more than a year in the making"); *Zepeda v. PayPal, Inc.*, No. 10CV02500SBAJCS, 2014 WL 1653246, at *8 (N.D. Cal. Apr. 23, 2014) ("The Court notes that intervention at this stage—after extensive mediated settlement negotiations and when an amended motion for preliminary approval is to be filed soon—would delay the potential resolution of this case."), *objections overruled*, No. C 10-1668 SBA, 2014 WL 4354386 (N.D. Cal. Sept. 2, 2014).

[6] *See, e.g.,* ECF No. 5645 at 6:22-24 ("From its inception, this case has continuously asserted federal antitrust claims based on a uniform and industry-wide price-fixing conspiracy, seeking declaratory and injunctive relief on behalf of indirect purchasers in all 50 states."); ECF No. 5565 at 3:4-6 ("Claims for equitable relief were filed on behalf of the nationwide class, and thus, the NRS Subclass in the original complaints herein and in each successive consolidated complaint, requested injunctive relief and all such further equitable relief as the Court may grant.").

Cir. 1992) ("[W]e conclude that it was not necessary for the district court to actually exercise subject matter jurisdiction over the claims to approve their release.").[7]

**2. Movants identify no irreparable harm that could "sharply" outweigh the public and party interests implicated by their request for a stay**

Having failed to acknowledge the public and party interests that militate strongly against a stay, movants inevitably fail to grapple with the need to show that they face a non-speculative risk of irreparable injury that sharply outweighs those countervailing interests. To the contrary, movants make no substantial showing of irreparable harm at all, because there is no basis for movants' claimed harm—that final approval of the amended settlements would moot their appeal from the denial of the intervention motions, and thereby deprive them of the benefit of the relation-back doctrine. *See* Stay Mem. at 3-4, 7-9.

As a threshold matter, movants would suffer no cognizable harm even if their intervention appeals were mooted by the approval of the amended settlements. As defendants have shown, *see* ECF Nos. 5592 at 12:12-15:8, 5663 at 15:11-20:9, even if movants were permitted to intervene, the relation-back doctrine is inapplicable and therefore would not save their claims from dismissal on time-bar grounds. Moreover, movants have correctly acknowledged that their relation-back argument fails unless they are permitted to amend the existing complaint, *see* ECF Nos. 5611 at 9:5-11, 5688 at 4:17-19, 5689 at 7-8, yet the Court has ruled that such permission would be denied even if they could intervene, *see* ECF Nos. 5626, 5628.

[7] *See also In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 261 F.3d 355, 366 (3d Cir. 2001) (noting that although the rule "may seem anomalous at first glance," "[i]t is now settled that a judgment pursuant to a class settlement can bar later claims based on the allegations underlying the claims in the settled class action. This is true even though the precluded claim was not presented, and could not have been presented, in the class action itself") (citing, *inter alia*, *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1288 (9th Cir. 1992)); *Buccellato v. AT & T Operations, Inc.*, No. C10-00463-LHK, 2011 WL 4526673, at *2 (N.D. Cal. June 30, 2011) ("This Court also has jurisdiction to approve the Settlement's release of claims by Class Members over which the Court has jurisdiction, even if the Court would not independently have jurisdiction over those released claims.") (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 748 (9th Cir. 2006)).

To be sure, if movants ever assert their threatened claims, those claims should be dismissed as time-barred. But that disposition will not be the result of the denial of their intervention motions, or approval of the amended settlements, or the outcome of any appeals from such rulings. Rather, it will be the result of movants' failure to assert their rights for over a decade after it became clear that lead counsel was not doing so. That inaction continues to this day, as movants ignore the Court's prompting to "file their claims in the appropriate forum(s) and seek transfer from the JPML or, if properly filed in the Northern District of California, 'request assignment of [their] actions to the Section 1407 transferee judge in accordance with applicable local rules.'" ECF No. 5684 at 6 (quoting J.P.M.L. R. 7.2(a); bracket in original). Under all of these circumstances, movants cannot show that denial of a stay would cause any harm, much less that the balance of hardships tips "sharply" in their favor.

Finally, movants cannot demonstrate irreparable harm by speculating that this Court's approval of the amended settlements might moot their appeals from the denial of their motions to intervene. *See* Stay Mem. at 8. "[S]peculative injury does not constitute irreparable injury." *Estrada v. Hartley*, No. 1:08-cv-830, 2010 WL 3463572, at *1 (E.D. Cal. Sept. 1, 2010) (citing *Goldie's Bookstore v. Superior Ct*., 739 F.2d 466, 472 (9th Cir. 1984)). Supervening events may moot an appeal from the denial of intervention, but "the parties' settlement and dismissal of a case after the denial of a motion to intervene does not as a rule moot a putative-intervenor's appeal." *United States v. Sprint Communications, Inc*., 855 F.3d 985, 990 (9th Cir. 2017). In particular, an appeal from a denial of intervention is not necessarily mooted if the underlying litigation remains "live" in the Court of Appeals while the intervention-related appeal is pending. *See West Coast Seafood Processors Ass'n v. Nat. Res. Def. Council, Inc*., 643 F.3d 701 (9th Cir. 2011) (citing *Canatella v. California*, 404 F.3d 1106, 1110 n.1 (9th Cir. 2005)). Movants will have an opportunity to argue to the Ninth Circuit that they have standing to object and appeal from any final approval of the amended settlements, and thereby to seek to ensure that the amended settlements do not become final before their intervention appeals are adjudicated. *See In re Katz*, 2:19-BK-10596-RK, 2019 WL 2896196, at *1-3 (Bankr. C.D. Cal. May 8, 2019)

(ruling irreparable harm cannot be established when opportunity for appellate review remains available).

**CONCLUSION**

For all the foregoing reasons, the Court should deny the motion to stay.

Dated: May 20, 2020

Respectfully submitted,

/s/ *Andrew Rhys Davies*

ALLEN & OVERY LLP
ANDREW RHYS DAVIES
andrewrhys.davies@allenovery.com
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399

JOHN ROBERTI
john.roberti@allenovery.com
ALLEN & OVERY LLP
1101 New York Avenue NW
Washington, DC 20005
Telephone: (202) 683-3800
Facsimile: (212) 610-6399

*Attorneys for Defendants Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd.*

*/s/ Jeffrey L. Kessler*

WINSTON & STRAWN LLP
JEFFREY L. KESSLER
jkessler@winston.com
EVA W. COLE
ewcole@winston.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

KEVIN B. GOLDSTEIN
kbgoldstein@winston.com
35 W. Wacker Drive
Chicago, IL 60622
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

WEIL, GOTSHAL & MANGES LLP
DAVID L. YOHAI
david.yohai@weil.com
ADAM C. HEMLOCK
adam.hemlock@weil.com
DAVID YOLKUT
david.yolkut@weil.com
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporations of North America, and MT Picture Display Co., Ltd.*[8]

[8] MT Picture Display Co., Ltd. has been dissolved and completed final liquidation proceedings in Japan on May 23, 2019.

/s/ *John M. Taladay*
BAKER BOTTS LLP
JOHN M. TALADAY
ERIK T. KOONS
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
Email: erik.koons@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips, N.V., Philips North America LLC, Philips Taiwan Limited, and Philips do Brasil, Ltda*

/s/ *Kathy L. Osborn*
FAEGRE DRINKER BIDDLE & REATH LLP
KATHY L. OSBORN
Email: kathy.osborn@faegredrinker.com
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000

JEFFREY S. ROBERTS
Email: jeff.roberts@faegredrinker.com
1144 15th Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

/s/ *Donald A. Wall*
SQUIRE PATTON BOGGS (US) LLC
DONALD A. WALL
Email: donald.wall@squirepb.com
1 East Washington Street, Suite 2700
Phoenix, AZ 85004
Telephone: (602) 528-4005
Facsimile: (602) 253-8129

*Attorneys for Defendants Technologies Display Americas LLC*

/s/ *Eliot A. Adelson*
MORRISON & FOERSTER LLP
ELIOT A. ADELSON
Email: eadelson@mofo.com
45 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7243
Facsimile: (415) 268-7522

*Attorneys for Defendants Hitachi Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display, Inc.), Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.*

/s/ *Christopher M. Curran*
WHITE & CASE LLP
CHRISTOPHER M. CURRAN
ccurran@whitecase.com
LUCIUS B. LAU
alau@whitecase.com
DANA E. FOSTER
defoster@whitecase.com
MATTHEW N. FRUTIG
mfrutig@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*