Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect
Purchaser Plaintiffs for the 22 States*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>INDIRECT PURCHASER ACTIONS | MASTER FILE NO. 4:07-cv-5944 JST<br>Case No. 13-cv-03234-JST<br><br>MDL NO. 1917<br><br>**INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO MOTION TO STAY**<br><br>Hearing Date: June 10, 2020<br>Time:         2:00 p.m.<br>Courtroom: 6, 2nd Fl. (Oakland)<br>Judge:        Hon. Jon S. Tigar |

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

ARGUMENT…………............................................................................................................... 3

    I.    LEGAL STANDARD ............................................................................................ 3

    II.    THE ORS/NRS PLAINTIFFS FAIL TO SATISFY THE REQUIREMENTS FOR A STAY ........................................................................ 3

        A.    The ORS/NRS Plaintiffs Fail to Demonstrate Irreparable Injury Absent a Stay........................................................................................... 3

        B.    The ORS/NRS Plaintiffs Fail to Make A Strong Showing Of Likely Success On The Merits.................................................................. 8

            1.    The ORS/NRS Plaintiffs Rely on the Wrong Legal Standard .......... 8

            2.    The ORS/NRS Plaintiffs Fail to Make a Strong Showing of Likely Success on Appeal ................................................................ 9

        C.    A Stay Will Harm IPPs And Members Of The 22 Indirect Purchaser State Classes ................................................................................ 12

        D.    The Public Interest Weighs Against A Stay .............................................. 14

CONCLUSION ............................................................................................................................ 16

# TABLE OF AUTHORITIES

**CASES**

*Akin v. PAFEC Ltd.*,
 991 F.2d 1550 (11th Cir. 1993) .......................................................................................... 10

*Al Otro Lado v. Wolf*,
 952 F.3d 999 (9th Cir. 2020) ........................................................................................ *passim*

*Arabian Gas & Oil Dev. Co. v. Wisdom Marines Lines, S.A.*,
 No. 16-CV-03801-DMR, 2017 WL 2378060 (N.D. Cal. June 1, 2017) ............................. 8, 9

*In re Assoc. Press*,
 162 F.3d 503 (7th Cir. 1998) ............................................................................................... 10

*In re Carrier IQ, Inc.*,
 78 F. Supp. 3d 1051 (N.D. Cal. 2015) ................................................................................ 16

*City of Bangor v. Citizens Communication Co.*,
 532 F.3d 70 (1st Cir. 2008) .................................................................................................. 12

*City of Cleveland v. Ohio*,
 508 F.3d 827 (6th Cir. 2007) ............................................................................................... 10

*Class Plaintiffs v. City of Seattle*,
 955 F.2d 1268 (9th Cir. 1992) ....................................................................................... 14, 16

*CVLR Performance Horses, Inc. v. Wynne*,
 792 F.3d 469 (4th Cir. 2015) ................................................................................................. 5

*DBSI/TRI IV Ltd. P'ship v. United States*,
 465 F.3d 1031 (9th Cir. 2006) ............................................................................................... 6

*Doe #1 v. Trump*,
 No. 19-36020, 2020 WL 2110978 (9th Cir. May 4, 2020) .................................................. 3, 8

*E. Bay Sanctuary Covenant v. Trump*,
 932 F.3d 742 (9th Cir. 2018) ............................................................................................... 12

*Harmston v. City & Cty. of San Francisco*,
 627 F.3d 1273 (9th Cir. 2010) ............................................................................................. 10

*In re Katz*,
 2:19-BK-10596-RK, 2019 WL 2896196, (Bankr. C.D. Cal. May 8, 2019) ............................ 7

*League of United Latin Am. Citizens v. Wilson*,
 131 F.3d 1297 (9th Cir. 1997) ............................................................................................... 6

*Leiva-Perez v. Holder*,
 640 F.3d 962 (9th Cir. 2011) ................................................................................... 3, 4, 7, 8, 9

*Melendres v. Arpaio*,
 784 F.3d 1254 (9th Cir. 2015) ............................................................................................. 16

*Mohamed v. Uber Techs.*,
  115 F. Supp. 3d 1024 (N.D. Cal. 2015) ......................................................................................... 8

*Morse v. Servicemaster Glob. Holdings, Inc.*,
  No. C 08-03894, 2013 WL 123610 (N.D. Cal. Jan. 8, 2013) ........................................................ 8

*Nat'l Am. Ins. Co. of Cal. v. Certain Underwriters at Lloyd's London*,
  93 F.3d 529 (9th Cir. 1996) ......................................................................................................... 10

*Nken v. Holder*,
  556 U.S. 418 (2009) ................................................................................................................. 3, 8

*O'Connor v. Uber Techs., Inc.*,
  No. 13-CV-03826-EMC, 2015 WL 9303979 (N.D. Cal. Dec. 22, 2015) ..................................... 8

*Powers v. Eichen*,
  229 F.3d 1249 (9th Cir. 2000) .................................................................................................... 11

*Purcell v. BankAtlantic Fin. Corp.*,
  85 F.3d 1508 (11th Cir. 1996) ..................................................................................................... 6

*Quine v. Beard*,
  No. 14-CV-02726-JST, 2017 WL 4551480, (N.D. Cal. Oct. 12, 2017)…………………………14

*Robert Ito Farm, Inc. v. Cty. of Maui*,
  842 F.3d 681 (9th Cir. 2016) ……………………………………………………………………10

*Sammartano v. First Judicial Dist. Court*,
  303 F.3d 959 (9th Cir. 2002) ……………………………………………………………………14

*Smith v. Arthur Anderson LLP*,
  421 F.3d 989 (9th Cir. 2005) ...................................................................................................... 12

*In re Syncor ERISA Litig.*,
  516 F.3d 1095 (9th Cir. 2008) .................................................................................................... 14

*United States v. Ford*,
  659 F.2d 1141 (9th Cir. 1981) ...................................................................................................... 5

*United States v. Sprint Commc'ns, Inc.*,
  855 F.3d 985 (9th Cir. 2017) ..................................................................................................... 5, 6

*Va. Ry. Co. v. United States*,
  272 U.S. 658 (1926) ..................................................................................................................... 3

*W. Coast Seafood Processors Ass'n v. Natural Res. Def. Council, Inc.*,
  643 F.3d 701 (9th Cir. 2011) ........................................................................................................ 5

*Waller v. Fin. Corp. of Am.*,
  828 F.2d 579 (9th Cir. 1987) ...................................................................................................... 11

**RULES**

Fed. R. Civ. P. 23(f) ........................................................................................................................ 9

The Indirect Purchaser Plaintiffs ("IPPs") on behalf of the 22 Indirect Purchaser State Classes[1] hereby oppose the Motion to Stay filed by Tyler Ayres, Mike Bratcher, Nikki Crawley, Jay Erikson, Harry Garavanian, John Heenan, Hope Hitchcock, D. Bruce Johnston, Jeff Johnston, Kerry Murphy, Chris Seufert, Robert Stephenson, Gary Talewsky, and William Trentham (the "ORS Plaintiffs")[2] and Eleanor Lewis ("NRS Plaintiff") (collectively, the "ORS/NRS Plaintiffs"), ECF No. 5718 ("Motion").

**INTRODUCTION**

Consistent with black letter law, this Court recently concluded that the ORS/NRS Plaintiffs lack standing to object to IPPs' amended settlements because they are not members of the amended settlement class, and are not otherwise prejudiced by the settlements. *See* Order Granting Motion for Preliminary Approval, ECF No. 5695 ("Preliminary Approval Order") at 7, 18-19. Yet the ORS/NRS Plaintiffs have now appealed this Court's Preliminary Approval Order, as well as the orders denying their motions to intervene in this action, and have moved to stay all approval proceedings for IPPs' amended settlements pending resolution of their appeals. But the ORS/NRS Plaintiffs cannot satisfy the requirements for a stay. Their motion must be denied.

First and foremost, the ORS/NRS Plaintiffs do not (and cannot) show that they will suffer irreparable injury absent a stay. Contrary to their claims, final approval of the IPPs' settlements will neither (i) settle or eliminate the ORS/NRS Plaintiffs' claims, nor (ii) terminate the MDL and moot their pending appeals. The ORS/NRS Plaintiffs remain free to litigate their claims irrespective of the IPPs' amended settlements. Even in the unlikely event that the MDL does terminate before their appeals resolve, they would still have an opportunity to appeal any final judgment in this action that dismisses their claims should they ultimately be successful on their appeals of the intervention orders. The ORS/NRS Plaintiffs' failure to show irreparable injury is fatal to their motion.

---

[1] Sometimes referred to herein as the "22 States."

[2] IPPs note that interim co-lead counsel for the ORS subclass, Robert Bonsignore, and his clients have not joined in the Motion to Stay.

Second, the ORS/NRS Plaintiffs do not (and cannot) show that they are likely to succeed in appealing this Court's Preliminary Approval Order. Indeed, IPPs have moved to dismiss their appeal for lack of jurisdiction because (1) the Preliminary Approval Order is a not an appealable final order and does not fall within any of the limited exceptions allowing interlocutory appeals of non-final orders; and (2) the ORS/NRS Plaintiffs are not class members and therefore lack standing to appeal the Preliminary Approval Order. The only prejudice the ORS/NRS Plaintiffs articulate from the settlements is—once again—the possibility that the MDL will terminate upon final approval of IPPs' settlements and moot their appeals. Motion at 7. But the MDL will not terminate upon final approval of IPPs' settlements. Moreover, this is not an objection to the settlements themselves. Therefore, it is highly unlikely the Ninth Circuit will find that the ORS/NRS Plaintiffs have standing to appeal the Preliminary Approval Order.

Third, the "balance of equities" weighs heavily against a stay given that the ORS/NRS Plaintiffs will suffer *no* injury absent a stay, whereas the harm caused to class members in the 22 States if the Court grants the stay will be substantial. IPP class members have been waiting for distribution of the settlement funds for almost *five years,* compensating them for claims based on injuries dating back to the mid-1990's. If the ORS/NRS Plaintiffs' stay motion is granted, the July 8, 2020 final approval hearing date will be postponed and IPPs' amended settlements would be on hold for another lengthy period.

Finally, the ORS/NRS Plaintiffs fail to articulate a *public* interest (as opposed to the personal, private interests of the ORS/NRS Plaintiffs and their counsel) favoring a stay. To the contrary, the strong public interest in settling complex class action litigation weighs strongly *against* a stay of this long-running and "over-litigated" case. Moreover, there is no basis for the ORS/NRS Plaintiffs' assertion that IPPs' amended settlements becoming final will "eviscerate" their appeals or prejudice their ability to recover. Allowing IPPs' amended settlements to proceed to final approval will have no impact on the appeals of the orders denying intervention.

For all of these reasons, the stay motion must be denied.

# ARGUMENT

## I. LEGAL STANDARD

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Al Otro Lado v. Wolf*, 952 F.3d 999, 1006 (9th Cir. 2020) (quoting *Va. Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). Rather, a stay is a matter of "judicial discretion" and "[t]he party requesting [the] stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Al Otro Lado*, 952 F.3d at 1006 (citations omitted).

In deciding whether to issue a stay pending appeal, district courts must consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 1006-07 (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). As both the Supreme Court and the Ninth Circuit have recognized, "'[t]he first two factors . . . are the most critical'; the last two are reached *only '[o]nce an applicant satisfies the first two factors.'" Id.* at 1007 (quoting *Nken*, 556 U.S. at 434-35) (emphasis added).

The ORS/NRS Plaintiffs fail to demonstrate that any of the above-mentioned factors warrants a stay of this action pending their appeals. Accordingly, the motion to stay must be denied.

## II. THE ORS/NRS PLAINTIFFS FAIL TO SATISFY THE REQUIREMENTS FOR A STAY

### A. The ORS/NRS Plaintiffs Fail to Demonstrate Irreparable Injury Absent a Stay

We address the irreparable injury prong first because, where a stay applicant fails to make a sufficient showing regarding irreparable harm, "a stay may not issue, *regardless of the [applicant's] proof regarding the other stay factors*." *Doe #1 v. Trump*, No. 19-36020, 2020 WL 2110978, at *5 (9th Cir. May 4, 2020) (quoting *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011)) (emphasis added). Moreover, "[s]imply showing some possibility of irreparable injury" absent a stay is insufficient. *Al Otro Lado*, 952 F.3d at 1007 (quoting *Nken*, 556 U.S. at 434). Instead, a stay applicant must show that irreparable injury "*is the more probable or likely outcome.*" *Al Otro Lado*, 952 F.3d at 1007 (quoting *Leiva-Perez*, 640 F.3d at 968) (emphasis added). Here, the ORS/NRS

Plaintiffs have wholly failed to meet this high burden.

The ORS/NRS Plaintiffs speculate that they will suffer irreparable injury absent a stay because *if* the IPPs' amended settlements become final while the ORS/NRS Plaintiffs' appeals are pending, "*it is possible* that there will be no 'action' in which they can intervene[.]" Motion at 8 (emphasis added); *see also id*. at 3-4. And *if* there is no action in which they can intervene, the ORS/NRS Plaintiffs claim that their appeals *may* be dismissed as moot. *See id.* at 8-9 & n.7 (acknowledging a "lack of certainty" with respect to mootness). Alternatively, *if* the Ninth Circuit reverses this Court's intervention orders, the ORS/NRS Plaintiffs claim that they will have no option but to file new actions, which Defendants will challenge as untimely due to the unavailability of the relation-back doctrine. *See id* at 3. These assertions, premised entirely on speculation and hypothetical "what if's," fall far short of demonstrating that irreparable injury, absent a stay, is "the more probable or likely outcome." *Al Otro Lado*, 952 F.3d at 1007 (quoting *Leiva-Perez*, 640 F.3d at 968).  They are also incorrect for multiple reasons.

*First*, the ORS/NRS Plaintiffs' arguments are based on the mistaken assumption that allowing the IPPs' amended settlements to become final will result in the termination of the MDL. Not so. IPPs are continuing to litigate their claims against defendants Irico Group Corporation and Irico Display Devices Co., Ltd (the "Irico Defendants").[3] The Irico Defendants recently appealed this Court's order denying their motions to dismiss based on the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq*. *See* ECF No. 5650 (Irico Defendants' Notice of Appeal). Thus, the IPPs' operative complaint—which still alleges a nationwide class—will not be discharged by the entry of final judgments against the settling defendants. In addition, IPPs' claims against the Irico Defendants are not likely to be resolved any time soon.

IPPs also still have pending claims in the MDL against defendant Mitsubishi Electric Corporation. While IPPs have entered into a settlement with Mitsubishi Electric, they have not yet renewed their motion for approval of that settlement. IPPs intend to do so soon, but that is, of course,

---

[3] *See* ECF No. 5589 ¶¶ 95-98 (IPPs' Fifth Consolidated Amended Complaint alleging claims against the Irico Defendants).

just the first step in the approval process. IPPs will then have to provide notice to class members, respond to any objections and move for final approval—all of which will take time and may also lead to further appeals.

In short, the MDL will continue regardless of whether the amended settlements become final and a final judgment is entered as to the IPPs' claims against the settling defendants. Accordingly, the ORS/NRS Plaintiffs' concern that there will be no "action" in which they can intervene is unfounded. Their claim of irreparable injury should be rejected on this ground alone.

*Second*, even assuming *arguendo* that (i) final approval of the IPPs' amended settlements somehow resulted in a final judgment terminating the MDL *in its entirety*, and (ii) such termination were to occur before a decision on the ORS/NRS Plaintiffs' appeals, this would neither moot the appeals nor leave the ORS/NRS Plaintiffs with no choice but to file new actions. As the Ninth Circuit recently recognized, "the parties' settlement and dismissal of a case after the denial of a motion to intervene does not as a rule moot a putative-intervenor's appeal." *United States v. Sprint Commc'ns, Inc.*, 855 F.3d 985, 990 (9th Cir. 2017).[4] Rather, the question is whether "the settlement and dismissal of the underlying action *make it impossible for the court to grant any effectual relief whatsoever* to the putative intervenor even if [it] were to determine that the district court erred in denying his intervention." *Id.* (emphasis added) (citation omitted).

That would not be the case here. As numerous courts have recognized, where (i) the "resolution of an action between the original parties is not determinative of the defendant's liability with respect to [the intervenors]," and (ii) the "disposition of the case does not provide the relief sought by the would-be intervenors," an appellate court "can provide an effective remedy on appeal" and the appeal is not moot. *Id.* (quoting *CVLR Performance Horses, Inc. v. Wynne*, 792 F.3d 469, 475 (4th Cir. 2015)). The circumstances here easily satisfy this test.

---

[4] Importantly, the two cases upon which the ORS/NRS Plaintiffs rely for their arguments regarding mootness, *see* Motion at 8 (citing *W. Coast Seafood Processors Ass'n v. Natural Res. Def. Council, Inc.*, 643 F.3d 701 (9th Cir. 2011) and *United States v. Ford*, 650 F.2d 1141 (9th Cir. 1981)), predate the Ninth Circuit's 2017 decision in *Sprint* and do not accurately represent the current state of the law.

For one, the amended settlements between the IPPs and the settling defendants purport to settle only the claims of the IPPs and class members in the 22 States, leaving the claims of the ORS/NRS Plaintiffs, and the subclasses they seek to represent, undisturbed. Consequently, final approval of the amended settlements and any final judgment resulting therefrom would "not [be] determinative of defendants' liability with respect to [the ORS/NRS Plaintiffs]." *Id*. Nor would final approval of the amended settlements (or any final judgments resulting therefrom) "provide the relief sought by the [ORS/NRS Plaintiffs]"—namely, permission to intervene in order to represent the ORS/NRS subclasses. *Id.* Thus, the Ninth Circuit could "provide an effective remedy on appeal" (*id.*)—it could determine that the intervention motions were wrongly denied, thus providing the ORS/NRS Plaintiffs with standing to appeal any final judgment by this Court that purported to terminate the ORS/NRS Plaintiffs' claims.[5] Because allowing IPPs' amended settlements to proceed to final approval and final judgment will not moot the ORS/NRS Plaintiffs' appeals, the entire premise for their stay motion fails and the motion must be denied.

*Third*, the ORS/NRS Plaintiffs' irreparable injury argument fails because, according to ORS Plaintiffs' counsel, another procedural avenue exists for asserting claims on behalf of the ORS subclasses—one that does not require appeal of IPPs' Preliminary Approval Order and a stay of all approval proceedings. During the briefing on their motion to intervene, ORS Plaintiffs told the Court that they could move to amend one or more of the pre-MDL complaints that allege claims on behalf of the ORS purchasers. *See* ECF Nos. 5688 at 2, n. 1; 5692 at 8. Instead, they have chosen to move to intervene in the MDL; sought reconsideration of the denial of their motion; appealed denial of

---

[5] *See, e.g., DBSI/TRI IV Ltd. P'ship v. United States*, 465 F.3d 1031, 1037 (9th Cir. 2006) ("Although the district court entered final judgment in the underlying case during the pendency of the appeal, 'the intervention controversy is still alive because, if it were concluded on appeal that the district court had erred in denying the intervention motion, and that the applicant was indeed entitled to intervene in the litigation, then the applicant would have standing to appeal the district court's judgment.'") (internal citation omitted); *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1301 n.1 (9th Cir. 1997) (same); *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1511 n.3 (11th Cir. 1996) ("If we conclude that ABC is entitled to intervene as of right, then ABC has standing as a party to appeal the district court's judgment" and "[i]f we determined that the district court abused its discretion . . . then we would reverse the judgment . . . and ABC would be granted the relief it seeks. Because we can potentially grant ABC effective relief, this appeal is not moot.").

reconsideration; and now seek a stay of IPPs' settlement approval proceedings, rather than availing themselves of an alternate procedure that they themselves assured the Court exists.

*Fourth*, the ORS/NRS Plaintiffs' assertion that a stay would prevent them from facing timeliness challenges is false. Defendants have expressed their intention to challenge the timeliness of the ORS/NRS Plaintiffs' claims regardless of whether those claims are asserted in the present litigation or in a separate action. *See, e.g.,* ECF No. 5663 at 2 (the ORS Plaintiffs' assertion "that intervention is necessary to protect a relation-back argument is baseless because the ORS [Plaintiffs] have no viable relation-back argument, even if they are permitted to intervene"). Indeed, even if (i) a stay were granted, (ii) the Court's intervention orders were ultimately reversed, and (iii) the ORS/NRS Plaintiffs were permitted to amend the IPPs' complaint, Defendants would *still* argue that relation-back is unavailable. *See, e.g.,* ECF No. 5663 at 16-20. Accordingly, because the ORS/NRS Plaintiffs will have to face Defendants' timeliness challenges regardless, they cannot possibly justify a stay of this action.

*Finally*, the ORS/NRS Plaintiffs cannot show irreparable injury because even if the Court denies their stay motion, the ORS/NRS Plaintiffs will likely still object to IPPs' amended settlements at the final approval stage and make the same prejudice arguments they now make. They will likely also appeal any order finally approving the settlements and the resulting final judgments, thereby preventing the amended settlements from becoming final pending resolution of their appeals.[6] *See In re Katz*, 2:19-BK-10596-RK, 2019 WL 2896196, at *1-3 (Bankr. C.D. Cal. May 8, 2019) (irreparable harm cannot be established when opportunity for appellate review remains available).

In sum, the ORS/NRS Plaintiffs have failed to demonstrate the possibility of irreparable injury absent a stay, let alone that irreparable injury "is the more probable or likely outcome." *Al Otro Lado*, 952 F.3d at 1007 (quoting *Leiva-Perez*, 640 F.3d at 968). For this reason alone, the

---

[6] The ORS/NRS Plaintiffs lack standing to make such objections and take such appeals because their rights are not affected by the IPPs' amended settlements. *See* Section II.B.2; Declaration of Mario N. Alioto In Support of IPPs' Opp. to Motion to Stay ("Alioto Decl.") Exs. A & B (IPPs' motion to dismiss appeals of Preliminary Approval Order for lack of standing). But this does not mean that they could not (and would not) do so anyway.

ORS/NRS Plaintiffs' motion to stay must be denied. *See Trump*, 2020 WL 2110978, at *5; *Leiva-Perez*, 640 F.3d at 965.

### B. The ORS/NRS Plaintiffs Fail to Make A Strong Showing Of Likely Success On The Merits

The ORS/NRS Plaintiffs' motion must also be denied because they have failed to make a "strong showing that [they are] likely to succeed on the merits" of their appeals. *Al Otro Lado*, 952 F.3d at 1010 (quoting *Nken*, 556 U.S. at 434).

#### 1. The ORS/NRS Plaintiffs Rely on the Wrong Legal Standard

According to the ORS/NRS Plaintiffs, they have made a "strong showing" on the merits—not because their appeals are likely to succeed, but because the appeals supposedly involve serious legal questions and/or matters of first impression in the Ninth Circuit that relax the "strong showing" requirement. *See* Motion at 4-5. But as the ORS/NRS Plaintiffs' own authorities makes clear (*see id*. at 5), this "lesser threshold" only applies where the applicant can also "demonstrate that the balance of hardships under the [irreparable injury and harm to other parties] factors tilts *sharply* in its favor." *Arabian Gas & Oil Dev. Co. v. Wisdom Marines Lines, S.A.*, No. 16-CV-03801-DMR, 2017 WL 2378060, at *3 (N.D. Cal. June 1, 2017) (emphasis added) (citation omitted).[7] As the court explained in *Arabian Gas*:

> In particular, if a plaintiff cannot make a 'strong showing' . . . that he/she is likely to succeed on the merits, the plaintiff may still satisfy that factor by making a lesser showing that its appeal 'raises serious legal questions or has a reasonable probability of success.' '*A party meeting this lesser threshold is not required to show that it is more likely than not to win on the merits . . . , but must then demonstrate that the balance of hardships under the [irreparable injury and harm to other parties] factors tilts sharply in its favor.*

*Id.* (emphasis added).

Here, as discussed in Section II.A & II.C, the ORS/NRS Plaintiffs have wholly failed to

---

[7] *See also O'Connor v. Uber Techs., Inc.*, No. 13-CV-03826-EMC, 2015 WL 9303979, at *1 (N.D. Cal. Dec. 22, 2015) (same); *Morse v. Servicemaster Glob. Holdings, Inc.*, No. C 08-03894, 2013 WL 123610, at *2 (N.D. Cal. Jan. 8, 2013) (same); *Mohamed v. Uber Techs.*, 115 F. Supp. 3d 1024, 1028 (N.D. Cal. 2015) (same).

demonstrate that they will suffer *any* irreparable injury, let alone that their (non-existent) injury somehow tilts the balance of the hardships "sharply" in their favor. Accordingly, the ORS/NRS Plaintiffs cannot rely on this "lesser threshold" to satisfy their burden. They must instead make an "especially strong showing" of success on the merits given that, as discussed above, "the[ir] showing of irreparable harm is weak at best." *Al Otro Lado*, 952 F.3d at 1010, 1011; *see also Leiva-Perez*, 640 F.3d at 968 (the question is "whether the stay petitioner has made *a strong argument on which he could win*") (emphasis added). The ORS/NRS Plaintiffs fail to make such a showing.

### 2. The ORS/NRS Plaintiffs Fail to Make a Strong Showing of Likely Success on Appeal

The ORS/NRS Plaintiffs fail to make *any* showing regarding their likelihood of success on their appeals of this Court's intervention orders, much less "an especially strong showing." Rather, they simply claim that the orders denying intervention raise important issues requiring appellate review. *See* Motion at 5-6. Even assuming this were true, it would not satisfy the ORS/NRS Plaintiffs' burden here, because a stay is unnecessary to prevent any irreparable injury to the ORS/NRS Plaintiffs, and in fact will cause significant harm to the IPPs. *See* Sections II.A.& II.C; *see also Arabian Gas & Oil Dev. Co.*, 2017 WL 2378060, at *4.

The ORS/NRS Plaintiffs likewise fail to make an "especially strong showing" that their appeals of this Court's Preliminary Approval Order are likely to succeed. In fact, as detailed in the IPPs' recent motions to dismiss the ORS/NRS Plaintiffs' appeals of the Preliminary Approval Order, those appeals are especially *unlikely* to succeed because:

(i) The Preliminary Approval Order is not an appealable final judgment, and does not fall within any of the limited exceptions allowing interlocutory appeals of non-final orders. Indeed, Fed. R. Civ. P. 23(f) specifically *prohibits* appeals of preliminary approval orders;[8]

---

[8] Rule 23(f) provides that "[a] court of appeals may permit an appeal from an order granting or denying class-action certification under this rule, **but not from an order under Rule 23(e)(1).**" Fed. R. Civ. P. 23(f) (emphasis added).

      (ii)      The intervention orders are not "final judgments" terminating the MDL and thus do not, as the ORS/NRS Plaintiffs claim, provide them with the ability to appeal subordinate, interlocutory orders, such as the Preliminary Approval Order;[9]

      (iii)     The Preliminary Approval Order is not material to the orders denying intervention in that it did not affect the outcome of the intervention motion. "Orders that could not have affected the outcome, *i.e.*, orders not material to the judgment, are not appealable." *Nat'l Am. Ins. Co. of Cal. v. Certain Underwriters at Lloyd's London*, 93 F.3d 529, 540 (9th Cir. 1996) (citing *Akin v. PAFEC Ltd.*, 991 F.2d 1550, 1563 (11th Cir. 1993); and

      (iv)     The ORS/NRS Plaintiffs lack standing to appeal the Preliminary Approval Order because they are not members of the amended settlement class and their claims are unaffected by the amended settlements.

See Alioto Decl., Exs. A & B (IPPs' motions to dismiss the ORS/NRS Plaintiffs' appeals).

Notably, the ORS/NRS Plaintiffs fail to address the first three of these four independent reasons warranting dismissal of their appeals. With regard to standing, they rely solely on their assertion that non-class member standing to object to a class action settlement is a matter of first impression in this Circuit. As discussed above, this assertion is insufficient to satisfy their burden on this factor. It is also incorrect.

As the ORS/NRS Plaintiffs themselves admit, this Court's decision on standing was based on "the *unremarkable proposition* that individuals whose rights will not be affected by a proposed settlement cannot object to it." Motion at 6 (citing ECF No. 5695 at 6-7) (emphasis added). This is

---

[9] *See Harmston v. City & Cty. of San Francisco*, 627 F.3d 1273, 1276-79 (9th Cir. 2010) ("Decisions from which a party may appeal under § 1291 come in two varieties": (1) final orders or judgments "by which a district court disassociates itself from a case," and (2) "a small class of collateral rulings" that do not end the underlying case on the merits but are otherwise appealable. However, "earlier rulings . . . can [only] be reviewed on appeal from [a] final judgment." They cannot be reviewed "if the [appealed] order was collateral.") (internal citations omitted); *Robert Ito Farm, Inc. v. Cty. of Maui*, 842 F.3d 681, 688 (9th Cir. 2016) ("The denial of a motion to intervene is appealable under the collateral order doctrine."); *City of Cleveland v. Ohio*, 508 F.3d 827, 837 (6th Cir. 2007) (citing *In re Assoc. Press*, 162 F.3d 503, 506 (7th Cir. 1998)) (recognizing "the general rule prohibiting a party who unsuccessfully filed a motion to intervene from appealing anything but the order denying intervention").

black letter law. Generally, the only individuals whose rights are affected by a class action settlement are the settling class members and the settling defendants. *See, e.g., Powers v. Eichen*, 229 F.3d 1249, 1254 (9th Cir. 2000) ("[a]s members of the class, their legal rights are affected by the settlement and they have standing"); *see also* Fed. R. Civ. P. 23(e)(5).

As the ORS/NRS Plaintiffs also acknowledge (*see* Motion at 7), the Ninth Circuit has recognized that other persons may also have standing if they "will sustain some formal legal prejudice as a result of the settlement." *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987) (citation omitted). Accordingly, whether the ORS/NRS Plaintiffs—who are neither settling class members nor settling defendants—may nevertheless object to the IPPs' amended settlements is not an issue of first impression at all. Rather, it is simply a matter of applying well-settled law to the circumstances at hand.

According to the ORS/NRS Plaintiffs, the IPPs' amended settlements "adversely affect[] them" because "an approved settlement eliminating the cases into which they may intervene could render their pending appeal moot." Motion at 7. But this is simply a rehash of their arguments with respect to irreparable injury, which are baseless. Approval of the IPPs' settlement will neither (i) settle or eliminate the ORS/NRS Plaintiffs' claims, nor (ii) moot their pending appeals. To the contrary, the ORS/NRS Plaintiffs remain free to litigate their claims irrespective of the IPPs' amended settlements. They would also have an opportunity to appeal any final judgment in this action that dismisses their claims should they ultimately be successful on their appeal of the intervention orders.

ORS/NRS Plaintiffs also complain that if the IPPs' amended settlements are allowed to proceed, they will "lose . . . their class member status." Motion at 7. But this is precisely what counsel for the ORS/NRS Plaintiffs have sought all along.[10] Most recently, the ORS Plaintiffs filed a motion to vacate the final approval order, ECF No. 5527. If granted, the settlement class would have been decertified and the nationwide class members would have lost their class member status.

---

[10] *See, e.g.*, ECF Nos. 5416 at 19-31 (March 26, 2019 Joint Case Management Statement advocating that the Court should vacate settlement approval and decertify the settlement class).

Thus, loss of class member status cannot suddenly constitute "formal legal prejudice" to the ORS/NRS Plaintiffs, providing them standing to appeal the Court's order granting preliminary approval to IPPs' amended settlements.

The cases upon which the ORS/NRS Plaintiffs rely (*see* Motion at 7) do not dictate a different result. For example, *Smith v. Arthur Anderson LLP*, 421 F.3d 989, 998 (9th Cir. 2005) simply acknowledged that a non-settling defendant has standing to object to a settlement if it will "sustain some formal legal prejudice as a result of the settlement"— something that will not occur here with respect to the ORS/NRS Plaintiffs. The same is true with respect to *City of Bangor v. Citizens Communication Co.*, 532 F.3d 70, 92 (1st Cir. 2008), which, unlike here, involved third parties that were "potentially affected by the settlement" because the settlement gave the settling defendants the right to seek contribution from those third parties.

Accordingly, the issue of standing is neither one of first impression in this Circuit, nor is it an issue on which the ORS/NRS Plaintiffs will likely prevail on the merits. Consequently, their request for a stay must be denied.

**C.  A Stay Will Harm IPPs And Members Of The 22 Indirect Purchaser State Classes**

Because the ORS/NRS Plaintiffs "ha[ve] not 'satisfie[d] the first two factors,' we need not dwell on the final two factors—'harm to the opposing party' and 'the public interest.'" *Al Otro Lado,* 952 F.3d at 1014 (citing *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 778 (9th Cir. 2018)). Nevertheless, the "balance of equities" weighs strongly against a stay of the approval proceedings for IPPs' amended settlements. *Al Otro Lado*, 952 F.3d at 1015.

As already demonstrated, the ORS/NRS Plaintiffs will not suffer *any* injury, much less an irreparable injury, if IPPs' amended settlements are allowed to proceed to final approval and final judgments are entered as to the IPPs' claims against the settling defendants. This Court has already found that the ORS/NRS Plaintiffs' claims are not released by the amended settlements, and that they are not otherwise adversely impacted by the amended settlements. ECF No. 5695 at 6-7, 18-19. In addition, the MDL will not terminate if final approval is granted and final judgments are entered, and the ORS/NRS Plaintiffs' appeals of the intervention orders will not be mooted. The

1  IPPs' amended settlements simply return the ORS/NRS Plaintiffs to their original position had they
2  never been included in the IPPs' settlements. The obstacles the ORS/NRS Plaintiffs face in
3  prosecuting the ORS/NRS claims would exist regardless of IPPs' amended settlements.

4  In contrast to the ORS/NRS Plaintiffs' weak showing of harm if their stay motion is denied,
5  the harm caused to IPPs and class members in the 22 States by a stay will be substantial.

6  The ORS/NRS Plaintiffs demand a stay of all proceedings on IPPs' amended settlements
7  pending resolution of their appeals. *See* ECF No. 5720. As this Court is well aware, class members
8  who filed claims against the settlements have been waiting for distribution of the settlement funds
9  for almost *five years*, and for many of them, their claims are based on injuries dating back to the
10 mid-1990's. Moreover, in accordance with the Preliminary Approval Order, IPPs sent notice of the
11 amended settlements to class members on March 27, 2020. Objections to the amended settlements
12 are due by May 29, 2020, and a final approval hearing is scheduled for July 8, 2020. If the ORS/NRS
13 Plaintiffs' stay motion is granted, these dates will be postponed and IPPs' amended settlements will
14 be on hold for another lengthy period.

15 IPP class members have already been prejudiced as a result of the five-year delay in
16 distributing the settlement funds. Two IPP class representatives have passed away during this period
17 and never received the benefit of this Court's award for their service to the class. Several IPP
18 attorneys have also passed away during this time. The same is likely true of many other individual
19 claimants. Still other claimants will have moved during this long delay, making it virtually
20 impossible for the claims administrator to locate them. This delay could have been avoided if the
21 ORS/NRS Plaintiffs had brought their claims years ago rather than waiting for final approval of the
22 settlements and objecting to the settlements. Any additional delay will only mean more claimants
23 may die or move, making it impossible to get them their share of the settlement proceeds.

24 The distribution issues caused by the delay are compounded by the extremely difficult and
25 financially uncertain times in which we are living. Many claimants—both corporate and
26 individual—are facing financial ruin, and are in desperate need of money. The ORS/NRS Plaintiffs'
27 counsel's casual suggestion that these claimants will be better off leaving their money in escrow
28

making less than 1% interest demonstrates a complete disregard for their former clients' interests (Interim Co-Lead Counsel for the ORS/NRS previously represented clients and class members from the 22 States in this litigation). In fact, IPP Counsel receives regular calls from class members requesting information about when the settlement proceeds will be distributed.

For all of these reasons, IPP Counsel are anxious to proceed with approval of the amended settlements and distribute the settlement funds to class members as soon as possible. Further delay is unwarranted, particularly given that the ORS/NRS Plaintiffs are not adversely impacted by the amended settlements. This factor also weighs against the requested stay.

### D. The Public Interest Weighs Against A Stay

"'The public interest inquiry primarily addresses impact on non-parties rather than parties.'" *Quine v. Beard*, No. 14-CV-02726-JST, 2017 WL 4551480, at *4 (N.D. Cal. Oct. 12, 2017) (Tigar, J.) (quoting *Sammartano v. First Judicial Dist. Court*, 303 F.3d 959, 974 (9th Cir. 2002)). "'It embodies the Supreme Court's direction that 'in exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.'" *Id.* (citations omitted).

The ORS/NRS Plaintiffs fail to articulate a public interest favoring a stay beyond an interest to themselves. *See* Motion at 10. In fact, there is a strong public interest favoring settlement of complex, class action litigation, and it weighs strongly against a stay of this long-running case. *See In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) (citing *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) ("[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.").

The ORS/NRS Plaintiffs assert that their "pending appeals [] raise public policy questions of what obligations, if any, are owed to the greater good of a nationwide class by individual subclasses seeking to maximize their particular settlement interests." Motion at 10. They suggest that allowing IPPs' amended settlements to proceed "could potentially eviscerate both these [the ORS/NRS Plaintiffs'] appeals and any potential recovery for the ORS and NRS subclasses would

set a precedent that any fiduciary duty owed to the national class must give way to an adversarial free-for-all. . . ." *Id.*

The ORS/NRS Plaintiffs' hyperbolic claims are baseless. As already demonstrated, the IPPs' amended settlements will not "eviscerate" the ORS/NRS Plaintiffs' appeals or their ability to recover on behalf of the ORS/NRS subclasses. Final approval of IPPs' amended settlements—which expressly do not release the ORS/NRS claims—and the entry of final judgment against the settling defendants, will not moot the ORS/NRS Plaintiffs' appeals of the orders denying intervention. *See* Section II.A. While there will no longer be a certified nationwide class, the IPPs' operative complaint will still allege an injunctive relief claim on behalf of the nationwide class (*see* ECF No. 5589 ¶ 256), leaving the ORS/NRS Plaintiffs' relation-back arguments unaffected. Notably, the ORS/NRS Plaintiffs would have been in precisely the same situation had the Court granted their motion to vacate the settlement approval order, ECF No. 5527.

Finally, IPPs note that far from seeking to "destroy" the claims of the ORS/NRS subclasses and exclude them from the settlements, IPP Counsel repeatedly proposed that they would give up a portion of their fee award to allow the ORS/NRS class members to remain part of the settlements and file claims for compensation.[11] But counsel for the ORS/NRS Plaintiffs rejected this proposal, demanding instead that the settlements be vacated and re-negotiated, or the entire case re-litigated and tried. IPPs were therefore left with no option but to negotiate amended settlements with Defendants.

In sum, the problems the ORS/NRS Plaintiffs face in prosecuting their claims are not of the IPPs' making. They would face the same problems regardless of whether IPPs proceed with approval of their amended settlements. The ORS/NRS Plaintiffs have failed to show that the public interest outweighs the strong judicial policy favoring settlement of complex class actions. Their stay motion must be denied.[12]

---

[11] *See* ECF No. 5416 at 7-9 (IPPs' Case Management Conference Statement proposing alternative solutions to resolve the ORS/NRS Plaintiffs' objections to the settlements).

[12] The ORS/NRS Plaintiffs also attempt to bolster their stay motion by asserting that if the Court's

**CONCLUSION**

For all the foregoing reasons, the motion to stay the approval proceedings on IPPs' amended settlements must be denied.

Dated: May 20, 2020                              Respectfully submitted,

By:   */s/ Mario N. Alioto*
MARIO N. ALIOTO (56433)
LAUREN C. CAPURRO (241151)
**TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**
2280 Union Street
San Francisco, California 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

***Lead Counsel for the Indirect Purchaser Plaintiffs for the 22 States***

---

order denying intervention to the ORS/NRS Plaintiffs on jurisdictional grounds is correct, "that reasoning applies perforce to the IPPs' amendments to their complaints, which would void all proceedings in their added states since at least 2009." Motion at 2. The Court's jurisdiction over the IPPs' settlements is not a matter before the Court on this motion. Moreover, it is irrelevant to the dispositive questions of whether the ORS/NRS Plaintiffs will suffer irreparable injury absent a stay, and whether their appeal of the Preliminary Approval Order is likely to succeed. Lastly, in any event, IPPs' acts were not "identical" to those of the ORS/NRS Plaintiffs, as they contend. *Id.* at 1-2. IPPs did not "add[] new class plaintiffs representing new state-law claims" to the MDL. *Id.* at 2. All 22 of IPPs' state law claims were alleged by individual plaintiffs in the pre-MDL complaints that were properly transferred to this Court by the JPML and consolidated in the MDL, providing this Court with subject matter jurisdiction over those claims. *See* Alioto Decl., ¶ 4. IPPs' amendments to the consolidated amended complaints simply substituted new plaintiffs for claims that were already properly part of the MDL. *See* ECF No. 5518 (unnecessary to have named plaintiffs for every state at the pleading stage because the court has discretion to defer questions of standing and adequacy of representation until class certification) (citing *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1068-74 (N.D. Cal. 2015)); *see also Melendres v. Arpaio*, 784 F.3d 1254, 1261-62 (2015). Finally, in all events, it is well settled that a court may approve the release of claims over which it has no subject matter jurisdiction where, as here, the claims arise from the same nucleus of operative facts as the claims properly before it. *See Class Plaintiffs v. City of Seattle*, 955 F.2d at 1288 (a court need not "actually exercise subject matter jurisdiction over the claims to approve their release").