Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

***Lead Counsel for the Indirect Purchaser
Plaintiffs for the 22 States***

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-05944-JST<br>Case No. 4:13-cv-03234-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>INDIRECT PURCHASER ACTIONS | **DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO MOTION TO STAY**<br><br>Hearing Date:  June 10, 2020<br>Time: 2:00 p.m.<br>Courtroom: 6, 2nd Floor (Oakland)<br>Judge:  Honorable Jon S. Tigar |

1   I, Mario N. Alioto, declare:

2   1.   I am an attorney duly licensed by the State of California and am admitted to

3   practice before this Court.  I am a partner with the law firm Trump, Alioto, Trump & Prescott,

4   LLP and my firm serves as the Court-appointed Lead Counsel for the Indirect Purchaser

5   Plaintiffs ("IPPs") for the 22 States in the above-captioned action.  I submit this Declaration in

6   support of the IPPs' Opposition to the ORS/NRS Plaintiffs' Motion to Stay, filed herewith.  The

7   matters set forth herein are within my personal knowledge and if called upon and sworn as a

8   witness I could competently testify regarding them.

9   2.   Attached hereto as Exhibit A is a true and correct copy of IPPs' motion to dismiss

10  the appeal of the Order Granting Motion for Preliminary Approval, ECF No. 5695, by the ORS

11  Plaintiffs.

12  3.   Attached hereto as Exhibit B is a true and correct copy of IPPs' motion to dismiss

13  the appeal of the Order Granting Motion for Preliminary Approval by NRS Plaintiff, Eleanor

14  Lewis.

15  4.   All 22 of IPPs' state law claims were alleged by individual plaintiffs in the pre-

16  MDL complaints that were properly transferred to this Court by the JPML and consolidated in

17  MDL No. 1917.

18

19  I declare under penalty of perjury that the foregoing is true and correct.  Executed this

20  20th day of May, 2020 at San Francisco, California.

21

22  /s/ Mario N. Alioto

23  Mario N. Alioto

24  **Lead Counsel for the Indirect Purchaser Plaintiffs**
    **for the 22 States**

25

26

27

28

# EXHIBIT A

**Appeal No. 20-15697**

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

IN RE CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION

*Indirect Purchaser Plaintiffs, et al. v. Toshiba Corporation, et al.*

---

On Appeal from The United States District Court
For the Northern District of California
The Honorable Jon S. Tigar
No. 07-CV-5944-JST
MDL No. 1917

---

**MOTION TO DISMISS PURPORTED APPEAL FROM
PRELIMINARY APPROVAL ORDER FOR LACK OF
JURISDICTION; RELIEF REQUESTED BY JUNE 9, 2020**

---

Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

*Lead Counsel for Indirect Purchaser Plaintiffs, Appellees*

# TABLE OF CONTENTS

I.     GROUNDS FOR THIS MOTION AND RELIEF SOUGHT ....................... 1

II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY .................... 3

III.   ARGUMENT ...........................................................................................10

    A. Appellants May Not Appeal From the Preliminary Approval Order ......10

       1. An Order Granting Preliminary Approval of a Class Action
          Settlement Is Not a Final Appealable Order .....................................10

       2. The Order Denying Appellants' Motion To Intervene Is Not A Final
          Judgment Permitting Appeal of the Preliminary Approval Order ......13

    B. Appellants Lack Standing to Appeal the Preliminary Approval Order
       Because They Are Not Class Members ..................................................17

IV.   APPELLANTS' POSITION .......................................................................19

V.    CONCLUSION .........................................................................................19

# TABLE OF AUTHORITIES

## Cases

*Abney v. United States,*
    431 U.S. 651 (1977)............................................................14

*Behrens v. Pelletier,*
    516 U.S. 299 (1996)............................................................11

*Center for Biological Diversity v. United States Fish & Wildlife Service,*
    807 F.3d 1031 (9th Cir. 2015)............................................17

*Chacon v. Wood,*
    36 F.3d 1459 (9th Cir. 1994)..............................................15

*Cohen v. Beneficial Indus. Loan Corp.,*
    337 U.S. 541 (1949)......................................................10, 11

*Cunningham v. Hamilton Cnty.,*
    527 U.S. 198 (1999)............................................................10

*Devlin v. Scardelletti,*
    536 U.S. 1 (2002)..........................................................17, 18

*Douglas v. The W. Union Co.,*
    955 F.3d 662 (7th Cir. 2020)..............................................18

*In re First Capital Holdings Corp. Fin. Products Sec. Litig.,*
    33 F.3d 29 (9th Cir. 1994)..............................................17-18

*Gould v. Alleco, Inc.,*
    883 F.2d 281 (4th Cir. 1989)..............................................19

*Hall v. City of Los Angeles,*
    697 F.3d 1059 (9th Cir. 2012)....................................14, 15, 17

*Hunt v. Imperial Merchant Servs., Inc.,*
    560 F.3d 1137 (9th Cir. 2009)............................................15

*In re Hyundai & Kia Fuel Econ. Litig.,*
    No. MDL 13-2424-GW(FFMX),
    2014 WL 12601476 (C.D. Cal. Nov. 5, 2014)....................13

*Kordich v. Marine Clerks Assoc.*,
715 F.2d 1392 (9th Cir.1983).............................................................15

*Liles v. Del Campo*,
350 F.3d 742 (8th Cir. 2003)...........................................................12

*Mayfield v. Barr*,
985 F.2d 1090 (D.C. Cir. 1993) .....................................................19

*Mohawk Indus., Inc. v. Carpenter*,
130 S. Ct. 599 (U.S. 2009)..............................................................14

*Nat'l Ass'n of Chain Drug Stores v. New England Carpenters' Health Benefits Fund*, 582 F.3d 30 (1st Cir. 2009)........................................... 14-15

*In re National Football League Players Concussion Injury Litig.*,
775 F.3d 570 (3d Cir. 2014)...........................................................12

*Stack v. Boyle*,
342 U.S. 1 (1951).............................................................................14

*United States ex. rel. Irwin Eisenstein v. City of New York*,
556 U.S. 928 (2009).........................................................................14

*Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 US 464, 471 (1982)....................................17

**Statutes, Rules, and Other Authorities**

28 U.S.C. § 1291..............................................................10, 14, 15

28 U.S.C. § 1292(a) .................................................................11

28 U.S.C. § 1292(b) .................................................................11

 Fed. R. Civ. P. 23(e)(1) …………………………………………..1, 8, 11

Fed. R. Civ. P. 23(f)..............................................................1, 11

Fed. R. Civ. P. 23, 2018 Advisory Comm. Notes ........................ 11-12

## I.     GROUNDS FOR THIS MOTION AND RELIEF SOUGHT

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Ninth Circuit Rule 3-6, Appellees, Indirect Purchaser Plaintiffs ("IPPs") in *In re: Cathode Ray Tube (CRT) Antitrust Litigation,* No. 4:07-cv-5944-JST, MDL No. 1917 (N.D. Cal.), move to dismiss the purported appeal of the district court's Order Granting Motion for Preliminary Approval, ECF No. 5695[1] ("Preliminary Approval Order"), by Tyler Ayres, Mike Bratcher, Nikki Crawley, Jay Erickson, Harry Garavanian, John Heenan, Hope Hitchcock, D. Bruce Johnson, Jeff Johnson, Kerry Murphy, Chris Seufert, Robert Stephenson, Gary Talewsky, and William Trentham ("Appellants" or the "ORS Plaintiffs"), on the following grounds:

1.     The Preliminary Approval Order is not an appealable final judgment, and does not fall within any of the limited exceptions allowing interlocutory appeals of non-final orders;

   a.   Fed. R. Civ. P. 23(f) expressly prohibits appeals of preliminary approval orders under Fed. R. Civ. P. 23(e)(1);

   b.   The orders denying Appellants' motion to intervene (ECF Nos. 5628, 5684), and the Order Denying Motion to Alter or Amend

---

[1] Unless otherwise noted, all references herein to "ECF No. __" are to the district court docket, *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, No. 4:07-cv-5944-JST, MDL No. 1917 (N.D. Cal.). The Preliminary Approval Order is attached as Exhibit 1 to the Declaration of Mario N. Alioto In Support of this Motion.

those orders (ECF No. 5708), are not "final judgments" permitting appeal of subordinate, interlocutory orders;

c. The Preliminary Approval Order is not material to the orders denying intervention in that it did not affect the outcome of the intervention motion. Orders that could not have affected the outcome, *i.e.,* orders not material to the judgment, are not appealable.

2.     Appellants lack standing to appeal the district court's Preliminary Approval Order because, as the district court found, they are not members of the amended settlement class and are therefore not bound by the amended settlements.

Accordingly, IPPs respectfully request that the Court dismiss Appellants' appeal of the Preliminary Approval Order.

Pursuant to Ninth Circuit Rule 27-1(3), IPPs also respectfully request that the Court rule on this motion to dismiss before the June 10, 2020 hearing date scheduled for Appellants' motion to stay proceedings in the district court pending resolution of this appeal (ECF No. 5718). Appellants' motion seeks to delay indefinitely the approval proceedings for IPPs' amended settlements. *Id*.

IPPs provided notice to class members of the amended settlements on March 27, 2020, further briefing dates are set, and a final hearing is scheduled for July 8, 2020. *See* Preliminary Approval Order at 20. IPP class members filed claims against

these settlements in 2015. In these very uncertain and financially difficult times, IPP Counsel are anxious to proceed with approval of the amended settlements and distribute the settlement funds to class members as soon as possible. A quick ruling from the Court on this motion to dismiss would inform the district court's decision on the stay motion, and prevent further, unnecessary delay.

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

This appeal arises from a multidistrict litigation in which IPPs alleged that Defendants engaged in an international conspiracy to fix the prices of Cathode Ray Tubes ("CRTs"), which caused indirect purchasers of products containing CRTs (such as televisions and computer monitors) to pay more for those products than they otherwise would have. The complaint alleged violations of the Sherman Act, 15 U.S.C. § 1, and sought injunctive relief on behalf of a Nationwide Class of indirect purchasers of CRT Products, as well as damages on behalf of 22 statewide classes under the antitrust and unfair competition laws of 21 states and the District of Columbia. ECF No. 1526.

IPPs entered into settlements with six sets of defendants in early 2015.[2] The district court granted preliminary approval of the settlements and ordered that notice be provided to the class. ECF No. 3906. On October 8, 2015, Appellants Harry

---

[2] The district court had already finally approved two settlements totaling $35 million earlier in the litigation, for a total settlement fund of $576,750,000. ECF No. 4712 at 2.

Garavanian and Gary Talewsky filed objections to IPPs' proposed settlements and motion for attorneys' fees. ECF No. 4113. The Declarations filed therewith claimed that Garavanian and Talewsky are class members and residents of Massachusetts, and that they purchased CRT products in Massachusetts. ECF Nos. 4113-2 & 4113-3. Counsel for Appellants, Francis O. Scarpulla, also filed objections to the settlements and the fee motion. ECF Nos. 4115, 4116. Scarpulla's objections were not filed on behalf of any specific class member. Rather, Scarpulla filed his objections on behalf of unspecified "Indirect Purchaser Plaintiffs." *Id.*

On July 7, 2016, after eight and a half years of litigation, the district court certified the Nationwide Class and the 22 statewide classes, and granted final approval of IPPs' settlements with the six sets of defendants. ECF No. 4712 at 2-3. The district court also ruled that Scarpulla lacked standing to object to the settlements because he did not advance his objections on behalf of an aggrieved class member, and did not claim to be a class member himself. *Id.* at 35.

On July 14, 2016, a week after the settlements were finally approved, Scarpulla filed a Notice of Appearance on behalf of Eleanor Lewis ("Lewis") in the district court. The Notice of Appearance claimed that Ms. Lewis was a class member and an Ohio resident. ECF No. 4718. In August 2016, several purported class members, including Garavanian, Talewsky, and Lewis, appealed the district court's approval of the settlements. ECF Nos. 4749, 4751.

By Order dated March 2, 2017, this Court dismissed Lewis's appeal because she failed to object to the settlements before the district court, and therefore lacked the power to appeal. *See* Appeal No. 16-16395, Dkt. Entry 66 at 7 ("Because appellant in No. 16-16395 did not object during the fairness hearing, she may not appeal the district court's order approving the class action settlement."). Mr. Scarpulla later reappeared in the appeals as counsel for another appellant.

In April 2018, during oral argument in the consolidated appeals, this Court expressed concern about the propriety of the settlements' release of claims by indirect purchasers in three states that had appealed from the settlement-approval order (Massachusetts, Missouri, and New Hampshire) because there were no named plaintiffs from those states, and indirect purchasers in those states could not claim compensation from the settlement fund.[3]

By Order dated February 13, 2019, this Court noted the district court's statement that it should not have approved a release without compensation of the Massachusetts, Missouri, and New Hampshire claims, and "therefore," remanded the case "so that the district court may reconsider its approval of the settlement."[4] This Court did not vacate the district court's Order Granting Final Approval of the

---

[3] *See* Dkt. Entry 202, April 10, 2018 Hearing Transcript, *IPPs, et al. v. Toshiba Corp., et al.,* No. 16-16368 (9th Cir. Apr. 11, 2018).

[4] *See* Order, Dkt. Entry. 239, *IPPs, et al. v. Toshiba Corp., et al.,* No. 16-16368 (9th Cir. Feb. 13, 2019) ("Remand Order") at 12.

original settlements or the Final Judgment, however, and stated that "[t]he current panel will retain responsibility for future appeals in this case." *Id.*

On remand, the district court confirmed Mario N. Alioto as Lead Counsel for the previously-certified 22 statewide classes (including the District of Columbia) (the "IPPs").[5] It also appointed counsel for Appellants – the Law Offices of Francis O. Scarpulla, Law Offices of Theresa D. Moore, and Bonsignore Trial Lawyers, PLLC – as Interim Co-Lead Counsel for nine so-called "Other Repealer States" or "ORS."[6]

Thereafter, following mediation before Magistrate Judge Jacqueline Scott Corley, IPPs and Defendants agreed to modify the settlements and executed Amendments to each of their Settlement Agreements. The Amendments narrow the definition of the settlement class in each Settlement Agreement to include only the 22 Indirect Purchaser State Classes, which classes had been certified for settlement

---

[5] ECF No. 5535. The 22 Indirect Purchaser State Classes are: Arizona, the District of Columbia, California, Florida, Hawaii, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, and Wisconsin.

[6] ECF No. 5518. The ORS include Massachusetts, Missouri and New Hampshire, as well as Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah. Separate counsel was also appointed for 20 so-called "Non-Repealer States" or "NRS." *Id.*

purposes in the July 7, 2016 Final Approval Order. *See* ECF No. 5695 at 5.[7] Thus, the settlement class for the six settlements, as amended, no longer includes the "Nationwide Class." *Id.* As a result, now only members of the 22 Indirect Purchaser State Classes release their claims against the Defendants, leaving indirect purchasers in all other states—including the ORS Plaintiffs—free to pursue any claims they may have against Defendants. *Id.*

The Amendments also reduce each Defendant's settlement contribution by approximately 5.35%, for a total reduction of $29,000,000, and provide that Class Counsel will request a corresponding reduction in their fee award to fully offset the reduction in the settlement amounts, and ensure that the reductions do not adversely affect class members. *Id.*[8]

On August 23, 2019, Appellants filed a Motion to Intervene and Amend Complaint. The motion attached a proposed Fifth Consolidated Amended Complaint as Exhibit A. ECF Nos. 5567 & 5567-1. This proposed Complaint claims that Appellants are class members and residents of the Other Repealer States and that

---

[7] *See also* 4712 at 7, 36 (adopting Special Master's R&R (ECF No. 4351) at 17-21, and certifying the proposed classes for settlement purposes). Nearly identical classes for the 22 states were certified during the litigation. *See* ECF Nos. 1742, 1950.

[8] In addition, all interest earned on the original settlement amounts from the date of deposit in 2015—approximately $17,000,000—will remain in the fund for the benefit of class members (except that Class Counsel shall still be entitled to seek a share of the accrued interest on the fund proportionate to their fee and expense award). *Id.* at 5-6.

they purchased CRT Products in those states. *Id*. The district court denied the motion on October 17, 2019. ECF No. 5628.

Meanwhile, on September 16, 2019, IPPs filed a "Motion Pursuant to Ninth Circuit Mandate to Reconsider and Amend Final Approval Order, Final Judgment, and Fee Order." ECF No. 5587. The ORS and NRS Plaintiffs opposed the motion. ECF No. 5607.

On March 11, 2020, the district court issued its Preliminary Approval Order. *See* ECF No. 5695. The district court "construed IPPs' motion as one for preliminary approval of the amended settlements between the 22 Indirect Purchaser State Classes and Defendants." *Id*. at 6. The Preliminary Approval Order properly considered the Fed. R. Civ. P. 23(a) and (b)(3) factors, concluding that the Amendments resolve the conflict of interest concerns posed by the original settlements,[9] and that "provisional certification of the proposed class is appropriate for the purposes of settlement." *Id*.

The Preliminary Approval Order also concluded that the amended settlements satisfy the requirements for preliminary approval under Fed. R. Civ. P. 23(e)(1). *See id*. at 11-17. With regard to the reduction in the settlement amounts under the Amendments, the district court noted that "[t]he proposed amended settlements . . .

---

[9] *See id*. at 11 ("[B]y narrowing the settlement Class to include only the 22 Indirect Purchaser State Classes, the amendments remove potential conflicts of interests that could result from differences in claims and relief sought by the 22 Indirect Purchaser State Classes verses [sic] the ORS and NRS Subclasses.").

fully offset these amounts by requesting corresponding reductions in class counsel's attorney fee award." *Id*. at 15. Thus, the district court reaffirmed its prior finding that the settlement amounts constitute a "good recovery" for the Class. *Id*. at 15-16. Finally, the district court concluded that it "will likely find the amended settlements to be fair, reasonable, and adequate at the final approval stage." *Id.* at 17.

With regard to notice, although the district court concluded that supplemental notice of the Amendments was not required because "[t[he amended settlements 'provide the same benefits to the members of the 22 Indirect Purchaser State Classes[,]" it approved IPPs' limited supplemental notice plan and ordered IPPs to provide notice by March 27, 2020. *Id.* at 18-20.[10] The district court further ordered that any objections to the Amendments or IPP Counsel's reduced attorney fee request are due on or before May 29, 2020. *Id*. at 20. It also scheduled a Final Hearing for July 8, 2020. *Id.*

Finally, the Preliminary Approval Order rejected the ORS (and NRS) Plaintiffs' objections to the Amendments because they are not members of the amended settlement class and therefore lack standing to object to the settlements:

> The amended settlements state that the 'Nationwide Class,' . . . and members thereof (except for members of the 22 Indirect Purchaser States Classes), are expressly excluded from 'the Class' and are not bound by the Agreement.' The ORS/NRS Subclasses are members of the 'Nationwide Class' but are not members of the 22 Indirect

---

[10] IPPs have mailed and e-mailed notice of the amended settlements to class members in accordance with the Order. *See* Alioto Decl. ¶ 2.

Purchaser State Classes. Therefore, the persons and entities in these
subclasses are not members of the amended settlement Class and have
no standing to object to IPP Plaintiffs' motion for preliminary approval
of the amended settlements.

*Id*. at 7 (internal citations omitted). The district court ordered that the ORS Plaintiffs'

objection be stricken from the district court record. *Id*.

On April 9, 2020, the ORS Plaintiffs filed a Notice of Appeal in which they

purport to appeal the Preliminary Approval Order, along with several other orders,

including orders denying their motions to intervene. *See* ECF No. 5709.

## III. ARGUMENT

### A. Appellants May Not Appeal From the Preliminary Approval Order

#### 1. An Order Granting Preliminary Approval of a Class Action Settlement Is Not a Final Appealable Order

Under the "final judgment rule," federal appellate courts generally only have

jurisdiction over appeals from a final judgment, subject to certain limited exceptions.

*See* 28 U.S.C. § 1291; *Cunningham v. Hamilton Cnty.,* 527 U.S. 198, 200(1999).

The purpose of this "final judgment rule" is to "combine in one review all stages of

the proceeding that effectively may be reviewed and corrected if and when final

judgment results." *Cohen v. Beneficial Indus. Loan Corp*., 337 U.S. 541, 546 (1949).

Appeal is therefore precluded "from any decision which is tentative, informal or

incomplete," as well as from any "fully consummated decisions where they are but

steps toward final judgment in which they will merge." *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996) (citing *Cohen,* 337 U.S. at 546).

It is indisputable that an order granting a motion for preliminary approval of a class action settlement under Fed. R. Civ. P. 23(e)(1)—such as the Preliminary Approval Order here—is not a final judgment. Nor does it fall within any of the limited exceptions that permit interlocutory appeals.[11] Indeed, Fed. R. Civ. P. 23(f), which permits limited interlocutory appeals of class certification orders under Rule 23(c)(1), *explicitly prohibits appeals of preliminary approval orders under Rule 23(e)(1)*. Rule 23(f) provides that "[a] court of appeals may permit an appeal from an order granting or denying class-action certification under this rule, **but not from an order under Rule 23(e)(1).**" Fed. R. Civ. P. 23(f) (emphasis added).

The Advisory Committee Notes for the 2018 Amendments to Rule 23 explain that review of a preliminary approval order would be premature because the district court has not yet decided whether to certify the class:

> As amended, Rule 23(e)(1) provides that the court must direct notice to the class regarding a proposed class-action settlement only after determining that the prospect of eventual class certification justifies giving notice. **But this decision does not grant or deny class certification, and review under Rule 23(f) would be premature. This amendment makes it clear that an appeal under this rule is**

---

[11] *See, e.g.,* 28 U.S.C. § 1292(a) (granting appellate jurisdiction over certain types of interlocutory orders); 28 U.S.C. § 1292(b) (allowing a district judge to certify an order involving a "controlling question of law as to which there is substantial ground for difference of opinion" and where "immediate appeal from the order may materially advance the ultimate termination of the litigation").

**not permitted until the district court decides whether to certify the class.**

Fed. R. Civ. P. 23, 2018 Advisory Comm. Notes (emphasis added).

In *In re National Football League Players Concussion Injury Litig.*, 775 F.3d 570 (3d Cir. 2014), the Third Circuit dismissed an appeal of an order granting preliminary approval of a class settlement for lack of jurisdiction because a preliminary approval order under Rule 23(e) is not subject to interlocutory review:

> We hold that an interlocutory appeal pursuant to Rule 23(f) permits the court of appeals to review only an 'order granting or denying class-action certification' issued pursuant to Rule 23(c)(1). An order issued under some other subdivision of Rule 23, such as a case management order issued pursuant to Rule 23(e) that 'preliminarily' or 'conditionally' addresses class certification but reserves the class certification determination for a later time, does not qualify as an 'order granting or denying class-action certification' that is subject to interlocutory review under Rule 23(f).

*Id.* at 584.

The court relied on the fact that the district court's order only "preliminarily approved" the settlement, and "conditionally certified" the settlement class. *Id*. It also noted that the district court had set a fairness hearing to "consider whether" to finally approve the settlement and certify the class. *Id.*

Other courts have reached the same conclusion. *See, e.g., Liles v. Del Campo*, 350 F.3d 742, 746 (8th Cir. 2003) (refusing to hear appeal of preliminary approval order because "[s]everal steps remain before the district court finally approves class certification and any settlement" and therefore, "[t]o permit an appeal at this stage

would unnecessarily delay the resolution of the litigation"); *In re Hyundai & Kia Fuel Econ. Litig.*, No. MDL 13-2424-GW(FFMX), 2014 WL 12601476, at *2 (C.D. Cal. Nov. 5, 2014) ("[B]ecause the class certification order is not final, it is likely that no party's challenge to preliminary certification would be accepted for interlocutory appeal.").

Likewise here, the district court specifically stated that it was only "provisionally" certifying the amended settlement class (*see* Preliminary Approval Order, ECF No. 5695 at 11, 19), and granted only "preliminary" approval of the amended settlements. *See id.* at 17 ("Because the Court *will likely find* the amended settlements to be fair, reasonable, and adequate at the final approval stage, preliminary approval of the settlement is warranted.") (emphasis added). In addition, as in *In re National Football Players*, the district court ordered notice be provided to class members, set a date for objections, and scheduled a hearing at which it would consider whether to finally approve the amended settlements and certify the settlement class. *Id.* at 19-20.

A, the ORS Plaintiffs may not appeal the Preliminary Approval Order.

## 2. The Order Denying Appellants' Motion To Intervene Is Not A Final Judgment Permitting Appeal of the Preliminary Approval Order

Appellants argue that they may appeal the Preliminary Approval Order because the order denying their motion to intervene is a "final appealable order under

28 U.S.C. § 1291,"[12] and that somehow that Order constitutes a "final judgment," bringing "all of the district court's subordinate orders within the jurisdiction of [the appellate] court," including the Preliminary Approval Order. ECF No. 5709 at 1 (citing *Hall v. City of Los Angeles*, 697 F.3d 1059, 1070 (9th Cir. 2012)). This argument fails for two reasons.

*First*, this argument incorrectly assumes that all orders appealable as "final decisions" under 28 U.S.C. § 1291 are "final judgments." They are not. *See Abney v. United States*, 431 U.S. 651, 658-59 (1977) (quoting *Stack v. Boyle*, 342 U.S. 1, 12 (1951)) ("While a final judgment always is a final decision, there are instances in which a final decision is not a final judgment.").

While final decisions or orders under 28 U.S.C. § 1291 "typically are ones that trigger the entry of judgment, they also include a small set of prejudgment orders that are 'collateral to' the merits of an action and 'too important' to be denied immediate review." *Mohawk Indus., Inc. v. Carpenter*, 130 S. Ct. 599, 603 (U.S. 2009). This "collateral order doctrine" permits appeals from an order denying a motion to intervene. *See United States ex. rel. Irwin Eisenstein v. City of New York*, 556 U.S. 928, 931 n.2 (2009) ("[T]he denial of a motion to intervene is appealable under the collateral order doctrine."); *see also Nat'l Ass'n of Chain Drug Stores v.*

---

[12] 28 U.S.C. § 1291 states in relevant part: "The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States."

*New England Carpenters' Health Benefits Fund*, 582 F.3d 30, 40 (1st Cir. 2009) (would-be intervenors are "entitled to appeal the denials of intervention at once under the collateral order doctrine").

Contrary to Appellants' contention, however, the order denying their motion to intervene, while a "final decision" for purposes of 28 U.S.C. § 1291 and the collateral order doctrine, does not constitute a "final judgment" because it does not terminate the underlying action in which Appellants seeks intervention. Appellants recently acknowledged as much in their Form 7 Mediation Questionnaire. *See* Appeal No. 20-15697, ECF No. 10 (noting that a number of proceedings remain pending in the district court, including "a further notice and objection period with a final approval hearing date of July 8, 2020").

This is a crucial point. Interlocutory orders, such as the Preliminary Approval Order here, only merge and become reviewable by an appellate court "after final judgment has been entered" and challenged on appeal. *Kordich v. Marine Clerks Assoc.*, 715 F.2d 1392, 1393 (9th Cir.1983).[13] Since the Order denying Appellants' motion to intervene is not a final judgment, it does not provide this Court with

---

[13] Appellants' own authority is not to the contrary. *See Hall*, 697 F.3d at 1070 ("*By appealing the final judgment*, Hall implicitly brought all of the district court's subordinate orders within the jurisdiction of our court) (citing *Chacon v. Wood,* 36 F.3d 1459, 1468 (9th Cir. 1994) ("*When reviewing final judgments in civil proceedings* we have jurisdiction to review any interlocutory orders or other rulings that may have affected the outcome below.") (emphases added).

15

jurisdiction to review the Preliminary Approval Order. *See Hunt v. Imperial Merchant Servs., Inc*., 560 F.3d 1137, 1140-41 (9th Cir. 2009) (although appellate court had jurisdiction under the collateral order doctrine to review a prejudgment order that shifted notice costs to defendants, it lacked jurisdiction to review a related class certification order, which is an interlocutory order not appealable under the collateral order doctrine).

*Second*, Appellants' appeal from the denial of their motion to intervene does not bring up the Preliminary Approval Order because "[o]rders that could not have affected the outcome, *i.e.,* orders not material to the judgment, are not appealable." *Nat'l Am. Ins. Co. of California v. Certain Underwriters at Lloyd's London*, 93 F.3d 529, 540 (9th Cir. 1996) (citing *Akin v. PAFEC Ltd.,* 991 F.2d 1550, 1563 (11th Cir. 1993). Here, the Preliminary Approval Order is not material to the orders denying the Appellants' motion to intervene. It pertains to separate settlements between a separate group of plaintiffs (the IPPs) and Defendants, and involves different legal standards and different facts.

Moreover, the Preliminary Approval Order was issued over a month *after* the February 4, 2020 order denying Appellants' renewed motion to intervene (ECF No. 5684), and *almost five months after* the October 17, 2019 order denying their original motion to intervene (ECF No. 5628). *See* ECF No. 5709 (Notice of Appeal, listing orders from which they appeal). Thus, the Preliminary Approval Order could not

have affected the district court's decision to deny intervention to Appellants. It is therefore not appealable as a "subordinate order" to the orders denying the motions to intervene. *See Hall,* 697 F.3d at 1070; *Nat'l Am. Ins. Co. of California*, 93 F.3d at 540.

Because Appellants do not (and cannot) proffer any additional bases for this Court's jurisdiction over their appeal of the Preliminary Approval Order, that appeal must be dismissed.

## B. Appellants Lack Standing to Appeal the Preliminary Approval Order Because They Are Not Class Members

In addition to the requirement of an "appealable" judgment or order, an appeal may be taken only by those who have Article III standing to appeal. The standing requirement is jurisdictional and cannot be waived. *See Valley Forge Christian College v. Americans United for Separation of Church & State, Inc*., 454 US 464, 471 (1982). Moreover, it is the appellant's burden to demonstrate appellate court standing. *See Center for Biological Diversity v. United States Fish & Wildlife Service*, 807 F.3d 1031, 1043 (9th Cir. 2015).

As this Court found when it dismissed a prior appeal by NRS Plaintiffs' counsel, Cooper & Kirkham, P.C., only class members may appeal approval of class action settlements. *See* Appeal No. 16-16368, Dkt. Entry 34 ("The motion to dismiss appeal No. 16-16427 . . . is granted. Neither attorney Cooper nor Cooper & Kirkham, P.C. are members of the settlement class . . . .") (citing *Devlin v. Scardelletti*, 536

U.S. 1, 11 (2002) ("[T]he power to appeal is limited to those nonnamed class members who have objected during the fairness hearing."); *see also In re First Capital Holdings Corp. Fin. Products Sec. Litig.*, 33 F.3d 29, 30 (9th Cir. 1994) ("Simply being a member of a class is not enough to establish standing. One must be an aggrieved class member."). As the Supreme Court has explained:

> What is most important . . . is that nonnamed class members are parties to the proceedings in the sense of being bound by the settlement. It is this feature of class action litigation that requires that class members be allowed to appeal the approval of a settlement when they have objected at the fairness hearing.

*Devlin,* 536 U.S. at 10.

Here, Appellants' proposed Fifth Consolidated Amended Complaint states that they are ORS residents and purchased CRT Products in those states. ECF No. 5567-1. The amended settlement class explicitly includes only members of the 22 Indirect Purchaser State Classes, and none of those Classes includes individuals who resided or purchased CRT Products in the Other Repealer States. Thus, Appellants are not members of the amended settlement class and will not be bound by the amended settlements—a fact that the district court correctly recognized when it struck their objections to the IPPs' motion for preliminary approval for lack of standing. *See* Preliminary Approval Order at 6-7; *see also Douglas v. The W. Union Co.*, 955 F.3d 662 (7th Cir. 2020) ("[U]nder Rule 23(e)(5)(A) only a 'class member'

18

may object to a class settlement, so the rule does not create standing for nonclass members. . . .") (citing *Mayfield v. Barr*, 985 F.2d 1090, 1092–93 (D.C. Cir. 1993), and *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989)).

Appellants therefore lack standing to bring this appeal, and their appeal must be dismissed for lack of jurisdiction.

## IV.   APPELLANTS' POSITION

Appellants' Counsel has informed IPP Lead Counsel that they will not dismiss the appeal voluntarily and will oppose this motion.

## V.   CONCLUSION

For all of the foregoing reasons, Appellants' appeal of the Preliminary Approval Order must be dismissed for lack of jurisdiction.

Dated: May 8, 2020                Respectfully submitted,


                      /s/ Mario N. Alioto
                      Mario N. Alioto

                      Mario N. Alioto (56433)
                      Lauren C. Capurro (241151)
                      **TRUMP, ALIOTO, TRUMP &**
                      **PRESCOTT LLP**
                      2280 Union Street
                      San Francisco, CA 94123
                      Telephone:  (415) 563-7200
                      Facsimile:(415) 346-0679

                      *Lead Counsel for Indirect Purchaser*
                      *Plaintiffs, Appellees*

19

**Appeal No. 20-15697**

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

IN RE CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION

*Indirect Purchaser Plaintiffs, et al. v. Toshiba Corporation, et al.*

---

On Appeal from The United States District Court
For the Northern District of California
The Honorable Jon S. Tigar
No. 07-CV-5944-JST, MDL No. 1917

---

**DECLARATION OF MARIO N. ALIOTO
IN SUPPORT OF MOTION TO DISMISS PURPORTED
APPEAL FROM PRELIMINARY APPROVAL ORDER**

---

Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

*Lead Counsel for Indirect Purchaser Plaintiffs, Appellees*

I, Mario N. Alioto, declare:

1.      I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am a partner with the law firm Trump, Alioto, Trump & Prescott, LLP and my firm serves as Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs"), the Plaintiff-Appellees in the above-captioned action. I submit this declaration in support of IPPs' motion to dismiss the appeal of the Order Granting Motion for Preliminary Approval, ECF No. 5695, filed by Tyler Ayres, Mike Bratcher, Nikki Crawley, Jay Erickson, Harry Garavanian, John Heenan, Hope Hitchcock, D. Bruce Johnson, Jeff Johnson, Kerry Murphy, Chris Seufert, Robert Stephenson, Gary Talewsky, and William Trentham, No. 20-15697. The matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2.      IPPs have mailed and e-mailed notice of the amended settlements to class members in accordance with the Order Granting Motion for Preliminary Approval, ECF No. 5695 at 20.

3.      Attached hereto as Exhibit 1 is a true and correct copy of the district court's March 11, 2020 Order Granting Motion for Preliminary Approval.

4.      Attached hereto as Exhibit 2 is a true and correct copy of the district court's October 17, 2019 Order Denying Motion to Intervene and Amend Complaint to Allege State Law Claims for the Other Repealer States, ECF No. 5628.

5.      Attached hereto as Exhibit 3 is a true and correct copy of the district court's February 4, 2020 Order Denying Renewed Motions to Intervene, ECF No. 5684.

6.      Attached hereto as Exhibit 4 is a true and correct copy of the district court's April 9, 2020 Order Denying Motion to Alter or Amend the Court's [February 4, 2020] Order, ECF No. 5708.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 8th day of May 2020 at San Francisco, California.

*/s/ Mario N. Alioto*
Mario N. Alioto

# EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION

Case No. 07-cv-05944-JST

**ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL**

This Document Relates to:

INDIRECT PURCHASER ACTIONS FOR
THE 22 STATES

Re: ECF No. 5587

Before the Court is the Indirect Purchaser Plaintiffs' motion pursuant to Ninth Circuit
mandate to reconsider and amend final approval order, final judgment, and fee order. ECF No.
5587. The Court construes the motion as one for preliminary approval and grants it.

I.      **BACKGROUND**

        A.      **Original Settlement Agreements**

        The factual history of this case is well known to the parties and is contained in the Court's
prior orders. The case is predicated upon an alleged conspiracy to price-fix cathode ray tubes
("CRTs"), a core component of tube-style screens for common devices including televisions and
computer monitors. The conspiracy ran from March 1, 1995 to November 25, 2007, involved
many of the major companies that produced CRTs, and allegedly resulted in overcharges of
billions of U.S. dollars to domestic companies that purchased and sold CRTs or products
containing CRTs. A civil suit was originally filed in 2007, ECF No. 1, consolidated by the Joint
Panel on Multidistrict Litigation shortly thereafter, *see* ECF No. 122, assigned as a Multidistrict
Litigation case ("MDL") to Judge Samuel Conti, *see id.*, and ultimately transferred to the
undersigned in November 2015, *see* ECF No. 4162.

In 2015, one group of plaintiffs – the Indirect Purchaser Plaintiffs ("IPP Plaintiffs") – reached class action settlements with six groups of corporate defendants: Phillips,[1] Panasonic,[2] Hitachi,[3] Toshiba,[4] Samsung,[5] and Thomson/TDA.[6]  The settlements included a "Nationwide Class" of "[a]ll persons and or entities who or which indirectly purchased in the United States for their own use and not for resale, CRT Products manufactured and/or sold by the Defendants."  *See* ECF No. 1526 at 59-60; ECF Nos. 3862-1, 3862-2, 3862-3, 3862-4, 3862-5; ECF No. 3876-1 (adopting the class definitions set forth in the operative complaint).  The agreements also included Statewide Damages Classes of indirect purchasers of CRT products seeking money damages under the laws of 21 states and the District of Columbia ("22 Indirect Purchaser State Classes"). *See id.*  The Court certified these classes for settlement purposes in its 2016 Final Approval Order. *See* ECF No. 4712 at 7, 36 (adopting Special Master's report and recommendation, ECF No. 4351 at 22-29, and conditionally certifying the 22 Indirect Purchaser State Classes).

The proposed settlements resolved all federal and state-law claims brought by the IPP Plaintiffs against the settling Defendants and obligated the Defendants to pay a total of $541,750,000.  *See* ECF No. 3862-1 at 8; ECF No. 3862-2 at 8; ECF No. 3862-3 at 8; ECF No. 3862-4 at 8; ECF No. 3862-5 at 8; ECF No. 3876-1 at 9-10.  The settlements provided monetary compensation for class members in the 22 Indirect Purchaser State Classes but did not provide

---

[1] The Philips entities include Koninklijke Philips N.V., Philips Electronics North America Corporation, Philips Taiwan Limited, and Philips do Brasil, Ltda.  ECF No. 3862-1 at 2.

[2] The Panasonic entities include Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co. Ltd.  ECF No. 3862-2 at 2.

[3] The Hitachi entities include Hitachi, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., Hitachi Electronics Devices (USA), Inc., and Hitachi Displays, Ltd.  ECF No. 3862-3 at 2.

[4] The Toshiba entities include Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.  ECF No. 3862-4 at 2.

[5] The Samsung entities include Samsung SDI Co. Ltd., Samsung SKI America, Inc., Samsung SDI Brazil Ltd., Tianjin Samsung SDI Co. Ltd, Shenzhen Samsung SDI Co., Ltd., SKI Malaysia Sdn. Bhd., and SDI Mexico S.A. de C.V.  ECF No. 3862-5 at 2.

[6] The Thomson and TDA entities include Technicolor SA, Technicolor USA, Inc., and Technologies Displays Americas LLC.  ECF No. 3876-1 at 2.

compensation for persons or entities in certain other states, which collectively are now denominated the Omitted Repealer[7] State subclass ("ORS Subclass").[8]  The settlement also provided no compensation to persons or entities in states whose laws do not provide for recovery to indirect purchasers ("non-repealer states"), now denominated the Non-Repealer State subclass ("NRS Subclass").[9]  *See* ECF Nos. 3862-1, 3862-2, 3862-3, 3862-4, 3862-5, 3876-1.  Even though they received no compensation, the settlements required members of the ORS and NRS Subclasses to release their claims for injunctive relief, equitable monetary relief, and damages.

The agreements proposed a distribution plan which included: (1) a "weighted pro-rata distribution to all members of the 22 Indirect Purchaser State Classes that filed valid claims," (2) a minimum payment of at least $25 per claimant, and (3) a maximum payment of "three times the estimated money damages per claimant."  ECF No. 5587 at 30; *see* ECF No. 3862 ¶¶ 43-50.  The plan "assign[ed] different weights to different CRT products based on the overcharge evidence for each."  ECF No. 5587 at 30; *see* ECF No. 3862 ¶¶ 44-49.

After this Court preliminarily approved the original settlements, the claims administrator carried out a notice plan which involved: (1) mail and email notices sent to 10,082,690 unique addresses, (2) publication of notice on the settlement website, (3) advertisements on Google,

---

[7] In *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), the Supreme Court held that only direct purchasers could recover damages for price-fixing under Section 4 of the Clayton Act.  *Id.* at 735.  As the Ninth Circuit has summarized, the Supreme Court "barred indirect purchasers' suits, and left the field of private antitrust enforcement to the direct purchasers."  *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323, 325 (9th Cir. 1980).  In response to the *Illinois Brick* decision, many states passed so-called "*Illinois Brick* repealer statutes," which give indirect purchasers the right to sue when firms violate analogous state antitrust laws.  *See, e.g.,* Robert H. Lande, New Options for State Indirect Purchaser Legislation: Protecting the Real Victims of Antitrust Violations, 61 Ala. L. Rev. 447, 448 (2010).  Such states are referred to a "repealer states."  A state which has not enacted such a statute is referred to as a "non-repealer state."

[8] The ORS Subclass in its current iteration consists of Indirect Purchaser Plaintiffs in the following states: Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah.  ECF No. 5518 at 1; ECF No. 5645 at 2.  The parties now use the "ORS" abbreviation to signify "other repealer states" rather than "omitted repealer states."  ECF No. 5645 at 1 n.1.

[9] The NRS Subclass consists of Indirect Purchaser Plaintiffs in the following Non-Repealer States: Alabama, Alaska, Colorado, Connecticut, Delaware, Georgia, Idaho, Illinois, Indiana, Kentucky, Louisiana, Maryland, New Jersey, Ohio, Oklahoma, Pennsylvania, Texas, Virginia, Washington, and Wyoming. ECF No. 5518 at 2.

Facebook, and other popular websites, and (4) print and online publications throughout the United States, in both English and Spanish. *See* ECF No. 4071-1 ¶ 114; ECF No. 4371 ¶¶ 4-13. These notices directed class members to the settlement website. *See* ECF No. 4371 ¶¶ 9-13. They also advised class members of material settlement terms, the plan of distribution, and class counsel's intent to apply for an attorney fee award of up to one-third of the settlement fund. ECF No. 4071-1 ¶ 115.

On July 7, 2016, this Court granted final approval of the six settlement agreements. ECF No. 4712 at 1. On August 3, 2016, the Court issued a Fee Order approving an attorney's fees award of $158,606,250 to class counsel, an amount comprising 27.5% of the settlement fund. ECF No. 4740 at 2, 5-9. Two objectors appealed the settlement approval and fee award to the Ninth Circuit. ECF No. 4741.

On October 1, 2018, while the appeals were pending, the IPP Plaintiffs filed a Motion pursuant to Federal Rule of Civil Procedure 62.1 for an Indicative Ruling on Their Motion to Amend The IPP Fee Order and Amend the Plan of Distribution. ECF No. 5335. Counsel for the IPP Plaintiffs proposed to modify the earlier settlement by reducing the attorney's fees award by $6 million and using those funds to compensate plaintiffs in three states – Massachusetts, Missouri, and New Hampshire – that were omitted from the original settlement ("Omitted Repealer States"). *Id.* at 8.

The Court denied the motion on November 8, 2018. ECF No. 5362. The Court concluded that it had erred by approving the settlement in the first place, and that the IPP Plaintiffs' proposed modifications did not cure all the defects in the settlement. *Id.* The Court's primary concern was that the settlement required class members in the Omitted Repealer States to release their claims without compensation. *See* ECF No. 5362 at 1. However, the order also expressed "concerns about the adequacy of the counsel who negotiated that settlement or whether they may have faced a conflict of interest," given that they had released some clients' claims without compensation. *Id.* at 1. In response to the Court's order, the Ninth Circuit remanded "this case so that the district court [could] reconsider its approval of the settlement." *See In re Cathode Ray Tube Antitrust*

United States District Court
Northern District of California

4

*Litig.*, No. 16-16368 (9th Cir. Feb. 13, 2009), ECF No. 238 at 11. The Ninth Circuit did not vacate this Court's Final Approval, Final Judgement, or Fee Order. *Id.*

On remand, this Court confirmed the existing lead counsel for the IPP Plaintiffs and appointed separate counsel for the ORS and NRS Subclasses. ECF Nos. 5535, 5518. The Court then referred the matter to Magistrate Judge Corley for settlement. ECF No. 5427.

**B.    Amended Settlement Agreements**

After the Ninth Circuit remanded this case, counsel for IPP Plaintiffs[10] and seven Defendants engaged in mediation sessions before Magistrate Judge Corley and agreed to amend the settlements. ECF No. 5531; ECF No. 5587-1 ¶¶ 2-3.

The amendments alter the settlements in three ways. First, they appoint new settlement class representatives for the states of Hawaii, Nevada, New Mexico, and South Dakota.[11] Second, they narrow the definition of "the Class" to include only the 22 Indirect Purchaser State Classes certified for settlement in the Court's 2016 Final Approval Order. ECF No. 5587-1 at 7, 13, 19, 25, 31, 38. The amended settlements no longer include a Nationwide Class. *See* ECF No. 5587 at 16; ECF No. 5587-1. Only members of the 22 Indirect Purchaser State Classes release their claims against Defendants. Third, the amendments reduce each Defendant's settlement contribution by approximately 5.35%, for a total reduction of $29,000,000. ECF No. 5587 at 17; *see* ECF No. 5587-1 at 7-8, 13-14, 19-20, 25-26, 31-32, 38-39. The amendments offset these reductions in settlement amount by requesting that the Court reduce the attorney's fees previously awarded by $29,000,000. *See id.* Interest earned on the original settlement funds since their 2015 deposit in an escrow account will remain in the fund, except that class counsel will still be entitled to seek a share of the accrued interest proportionate to their fee and expense award. ECF No. 5587

---

[10] On remand, the Court appointed separate counsel to represent the ORS and NRS Subclasses. ECF Nos. 5518, 5535.

[11] On September 13, 2019, IPP Plaintiffs filed a stipulation amending their operative complaints to substitute Sandra Riebow for Daniel Riebow as the named plaintiff for the state of Hawaii; Gregory Painter for Gloria Comeaux as the named plaintiff for the state of Nevada; MaryAnn Stephenson for Craig Stephenson as the named plaintiff for the state of New Mexico; and Donna Ellingson-Mack for Jeffrey Speaect as the named plaintiff for South Dakota. ECF Nos. 5584-1, 5584-2. On September 16, 2019, the Court entered the Order. ECF No. 5585.

United States District Court
Northern District of California

United States District Court
Northern District of California

at 17; *see* ECF No. 5587-1 at 7-8, 13-14, 19-20, 25-26, 31-32, 38-39. All other terms of the original settlement agreements and plan for distribution remain the same. ECF No. 5587-1 at 8, 14, 20, 26, 33, 39.

### C. Motion for Preliminary Approval

On September 16, 2019, the IPP Plaintiffs filed a "motion pursuant to Ninth Circuit mandate to reconsider and amend final approval order, final judgment, and fee order." ECF No. 5587. In their motion, IPP Plaintiffs request that the Court "reconsider and approve the amended settlements under Rule 23(e); order notice be given; and amend the Final Approval Order, the Final Judgment, and the Fee Order . . . after a final hearing." ECF No. 5587 at 37. The Court construes the motion as one for preliminary approval of the amended settlements between the 22 Indirect Purchaser State Classes and Defendants. The ORS Subclass and NRS Subclass oppose the motion. ECF No. 5607. The IPP Plaintiffs have filed a reply. ECF No. 5616.

## II. JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

## III. STANDING TO OBJECT

### A. Legal Standard

A party seeking to invoke the Court's jurisdiction has the burden of establishing standing. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103-04 (1998); *see In re Hydroxycut Marketing and Sales Practices Litig.*, No. 09md2087 BTM (KSC), 2013 WL 5275618, at *2 (S.D. Cal. Sept. 17, 2013) ("The party seeking to invoke the Court's jurisdiction—in this case, the Objectors—has the burden of establishing standing."). Under Federal Rule of Civil Procedure 23(e), "nonclass members have no standing to object to the settlement of a class action." *San Francisco NAACP v. San Francisco Unified School Dist.*, 59 F. Supp. 2d 1021, 1032 (N.D. Cal. 1999) (citing *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989) ("The plain language of Rule 23(e) clearly contemplates allowing only class members to object to settlement proposals")).

### B. Discussion

The ORS and NRS Subclasses oppose the IPP Plaintiffs' motion for preliminary approval. ECF No. 5607. The IPP Plaintiffs ask the Court to disregard these objections because the

6

United States District Court
Northern District of California

1    "ORS/NRS Plaintiffs lack Article III standing to object to the Amendments . . . because they are

2    not members of the amended settlement class."  ECF No. 5616 at 7.  The IPP Plaintiffs are correct.

3          The amended settlements state that the "'Nationwide Class,' . . . and members thereof

4    (except for members of the 22 Indirect Purchaser States Classes), are expressly excluded from 'the

5    Class' and are not bound by the Agreement."  *See* ECF No. 5587-1 at 7, 13, 19, 25, 31, 38.  The

6    ORS/NRS Subclasses are members of the "Nationwide Class" but are not members of the 22

7    Indirect Purchaser State Classes.  ECF No. 5616 at 8; *see* ECF No. 1526 at 59-60; ECF Nos.

8    3862-1, 3862-2, 3862-3, 3862-4, 3862-5; ECF No. 3876-1.  Therefore, the persons and entities in

9    these subclasses are not members of the amended settlement Class and have no standing to object

10   to IPP Plaintiffs' motion for preliminary approval of the amended settlements.  *See Kent v.*

11   *Hewlett-Packard Co.*, No. 5:09-cv-05341-JF (HRL), 2011 WL 4403717, at *3 (N.D. Cal. Sept. 20,

12   2011) ("The Ziegenfelders are excluded from the settlement. . . .  Because they are not members of

13   the class, the Ziegenfelders lack standing to object."); *Hydroxycut*, 2013 WL 5275618, at *2

14   ("[N]either Mr. Blanchard nor Ms. McBean have satisfied their burden of establishing that they

15   are class members and therefore have standing to object to the proposed settlement.").

16   Accordingly, the Court strikes the objections of the ORS and NRS Subclasses.  *See Miller v.*

17   *Ghirardelli Chocolate Co.*, No. 12-cv-04936-LB, 2015 WL 758094, at *10 (N.D. Cal. Feb. 20,

18   2015) ("The court [] finds that all three objectors lack standing and strikes their objections").

19   **IV.    CLASS CERTIFICATION**

20          **A.    Legal Standard**

21          Class certification under Federal Rule of Civil Procedure 23 is a two-step process.  First, a

22   plaintiff must demonstrate that the four requirements of Rule 23(a) are met: numerosity,

23   commonality, typicality, and adequacy.  *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 542-44

24   (9th Cir. 2013).  "Class certification is proper only if the trial court has concluded, after a 'rigorous

25   analysis,' that Rule 23(a) has been satisfied."  *Id.* (quoting *Wal-Mart Stores, Inc.*, 564 U.S. at 351).

26          Second, a plaintiff must establish that the action meets one of the bases for certification in

27   Rule 23(b).  IPP Plaintiffs rely on Rule 23(b)(3) and must therefore establish that "questions of

28   law or fact common to class members predominate over any questions affecting only individual

1     members, and that a class action is superior to other available methods for fairly and efficiently

2     adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

3        When determining whether to certify a class for settlement purposes, a court must pay

4     "heightened" attention to the requirements of Rule 23. *Amchem Prods., Inc. v. Windsor*, 521 U.S.

5     591, 620 (1997). "Such attention is of vital importance, for a court asked to certify a settlement

6     class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the

7     proceedings as they unfold." *Id.*

8        **B.**       **Discussion**

9            **1.**       **Numerosity, Commonality, Predominance, and Superiority**

10        In its 2016 Final Approval Order, the Court made findings regarding numerosity,

11     commonality, predominance, and superiority. *See* ECF No. 4712 at 7, 36.

12        The Court found that the 22 Indirect Purchaser State Classes satisfied Rule 23(a)'s

13     numerosity and commonality requirements because: (1) "millions of people in the United States

14     purchased CRT products during the class period" and (2) there are "questions of law and fact

15     common to the Class, including whether the Defendants engaged in a price-fixing conspiracy that

16     injured Plaintiffs when they paid more for CRT Products than they would have absent the alleged

17     price-fixing conspiracy." ECF No. 4351 at 26; *see* ECF No. 4712 at 7 (adopting the Special

18     Master's Rule 23 analysis and incorporating it by reference in the Final Approval Order).

19        The Court also concluded that the classes satisfied Rule 23(b)(3)'s predominance and

20     superiority criteria because: (1) "all IPPs are alleged to have paid overcharges that were caused by

21     the defendants' alleged price-fixing activities" and (2) "the damages of most individual class

22     members are relatively small compared to the cost of the litigation, making it difficult for

23     individual class members to adjudicate their claims individually." *See* ECF No. 4712 at 7, 36

24     (adopting Special Master's report and recommendation, ECF No. 4351 at 22-29). Moreover, in

25     price-fixing cases, such as this, "courts repeatedly have held that the existence of the conspiracy is

26     the predominant issue and warrants certification even when significant individual issues are

27     present." *Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives and Composites, Inc.*, 209

28

United States District Court
Northern District of California

F.R.D. 159, 167 (C.D. Cal. 2002) (quoting *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 518 (S.D.N.Y.).

No parties objected to the Court's findings regarding the numerosity, commonality, predominance, and superiority of the 22 Indirect Purchaser State Classes in the original settlement. *See* ECF No. 4712 at 7. Because the amended settlements do not alter the composition of these classes, the Court adopts the reasoning from its previous Final Approval Order. *See Giroux v. Essex Property Trust, Inc.*, No. 16-cv-01722-HSG, 2019 WL 2106587, at *2 (N.D. Cal. May 14, 2019) (approving stipulated amendments to class settlement after final approval and "incorporat[ing] by reference prior analysis under Rules 23(a) and (b)" because "no facts that would affect these requirements have changed since the Court preliminarily approved the class").

### 2. Typicality – Rule 23(a)(3)

Under Rule 23(a)(3), "representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017) (citations omitted). "Measures of typicality include whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Id.* (internal quotation marks and citations omitted).

The Court finds that the claims of the representative parties are typical of the claims of the class. *See* Fed. R. Civ. P. 23(a)(3). In its previous Final Approval Order the Court found that "the claims of the representative Plaintiffs are typical of the claims of the class members because they all indirectly purchased CRT products at supra-competitive levels as a result of the alleged price-fixing conspiracy during the relevant time period." ECF No. 4351 at 26; *see* ECF No. 4712 at 7 (adopting the Special Master's Rule 23 analysis). The Court adopts this reasoning with respect to the representative plaintiffs common to the original and amended settlements.

The amended settlements appoint new class representatives for the states of Hawaii, Nevada, New Mexico, and South Dakota. These newly appointed class representatives also satisfy the Rule 23(a)(3) typicality requirement. Each representative "purchased CRT Products from one or more of the Defendants or their co-conspirators" during the Class Period. ECF No. 5589 ¶¶ 26,

United States District Court
Northern District of California

9

37, 38, 44. Moreover, each representative alleges that he/she suffered the same injury as other class members – being overcharged for CRT products as a result of the alleged CRT conspiracy. *See id*; ECF No. 5589 ¶¶ 225-242.

### 3. Adequacy of Representation – Rule 23(a)(4)

Rule 23(a)(4) permits certification of a class action only if "the representative parties will fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4); *Nielson v. The Sports Authority*, No. C 11-4724 SBA, 2013 WL 3957764, at *6 (N.D. Cal. July 29, 2013). "To determine whether named plaintiffs will adequately represent a class, courts must resolve two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Ellis v. Costco Wholsale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998)).

At this stage, the Court is satisfied with IPP Plaintiffs' demonstration that the representative parties will fairly and adequately protect the interests of the class. "Given the identity of issues shared by the class and proposed class representatives, the named plaintiffs' interests are sufficiently aligned with those of the class." *See Bostick v. Herbalife Int'l of Am., Inc.*, No. CV 13-2488 BRO (SHx), 2015 WL 12731932, at *8 (C.D. Cal. May 14, 2015). Moreover, IPP Plaintiffs' and class counsel have vigorously prosecuted this action on behalf of the 22 Indirect Purchaser State Classes. *See id.* First, named plaintiffs and class counsel "conducted extensive discovery and engaged in multiple mediation and negotiation sessions before reaching" the original and amended settlements. *See id.* at *14; ECF No. 3862 ¶¶ 12, 15; ECF No. 5587-1 ¶¶ 2-3. Discovery leading up to the settlements has required production and review of millions of documents and the taking of hundreds of depositions, all conducted over eight-plus years. *See* ECF No. 3862 ¶¶ 12, 15. Second, IPP Lead Counsel has "invested considerable time in this case and ha[s] substantial experience with class action litigation." *See Bostick*, 2015 WL 12731932, at *14; ECF No. 4073-1 at 6-15. Third, the new named plaintiffs have affirmed their understandings of the allegations in the case and their genuine interest in this litigation. ECF No. 5587-1 ¶ 4. Each new named plaintiff has "reviewed the pleadings, the settlement agreements and the

United States District Court
Northern District of California

United States District Court
Northern District of California

1  Amendments thereto, and, in consultation with their lawyers, have approved them on behalf of

2  their respective states." *Id.* "This is sufficient to demonstrate adequacy under Rule 23(a)." *See*

3  *Bostick*, 2015 WL 12731932, at *14.

4       During the 2016 final approval process, several objectors argued that the absence of

5  recovery by the ORS and NRS Subclasses suggested a conflict of interest between the 22 Indirect

6  Purchaser State Classes and certain members of the Nationwide Class. *See, e.g.,* ECF No. 4113 at

7  8; ECF No. 4125 at 4-5; *see Ellis*, 657 F.3d at 985 ("To determine whether named plaintiffs will

8  adequately represent a class, courts must resolve" whether "the named plaintiffs and their counsel

9  have any conflict of interest with other class members."). The amended settlements eliminate

10 these concerns. On remand, the Court appointed separate counsel to represent the ORS Subclass

11 and NRS Subclass. ECF Nos. 5535, 5518; *see Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 819, 856

12 (1999) (discussing division of a class "into homogeneous subclasses . . . with separate

13 representation to eliminate conflicting interests of counsel" when class members have divergent

14 interests). Additionally, by narrowing the settlement Class to include only the 22 Indirect

15 Purchaser State Classes, the amendments remove potential conflicts of interests that could result

16 from differences in claims and relief sought by the 22 Indirect Purchaser State Classes verses the

17 ORS and NRS Subclasses. *See Campbell v. Best Buy Stores, L.P.*, No. LA CV 12-07794 JAK

18 (SHx), 2015 WL 12744268, at *5 (noting conflicts of interest that arise from "differences in the

19 type of relief sought, the amount or seriousness of damages sought," and "the theories of law or

20 fact that may benefit some class members"). Therefore, the amendments moot the adequacy-of-

21 representation concerns expressed by objectors to the original settlement.

22       For the foregoing reasons, the Court concludes that provisional certification of the

23 proposed class is appropriate for the purposes of settlement.

24 **V.      PRELIMINARY APPROVAL**

25       The IPP Plaintiffs seek approval of their amended settlement agreements and an order

26 directing limited notice to the putative class and setting a fairness hearing. ECF No. 5587 at 37.

27 The Court finds that preliminary approval of the settlement is warranted and grants IPP Plaintiffs'

28 request for limited notice.

United States District Court
Northern District of California

### A.     Legal Standard

The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class actions.  *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).  The proposed settlement need not be ideal, but it must be fair, free of collusion, and consistent with counsel's fiduciary obligations to the class.  *Hanlon*, 150 F.3d at 1027, *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ("Settlement is the offspring of compromise; the question we address is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion.").  "The initial decision to approve or reject a settlement proposal is committed to the sound discretion of the trial judge."  *City of Seattle*, 955 F.2d at 1276 (citation omitted).

Rule 23 requires courts to employ a two-step process in evaluating class action settlements.  First, courts preliminarily approve the settlement and authorize notice to the class.  *See Wilson v. Tesla*, No. 17-cv-03763-JSC, 2019 WL 2929988, at *4 (N.D. Cal. July 8, 2019).  Second, courts conduct a hearing to make a final determination of whether a settlement is "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2).

The court's task at the preliminary approval stage is to determine whether the settlement falls "within the range of possible approval."  *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (citation omitted).  To guide this analysis, courts look to the four overarching factors contained in recently-amended Rule 23(e)(2) and consider whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate; and

(D) the proposal treats class members equitably relative to each other.

*Shin v. Plantronics*, No. 18-cv-05626-NC, 2019 WL 2515827, at *4 (N.D. Cal. July 17, 2019); *see* Manual for Complex Litigation, Fourth ("MCL, 4th") § 21.632 (FJC 2004) (explaining that courts "must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms").  The amendments to Rule 23 do "not 'displace any factor' previously

announced by the Ninth Circuit,[12] but instead 'focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal.'" *Shin*, 2019 WL 2515827, at *4; *see* Advisory Committee Notes, Fed. R. Civ. P. 23, subdiv. (e)(2) (2018). Thus, courts may apply the framework set forth in Rule 23, "while continuing to draw guidance from the Ninth Circuit's factors and relevant precedent." *Hefler v. Wells Fargo & Co.*, No. 16-cv-05479-JST, 2018 WL 6619983, at *4 (N.D. Cal. Dec. 18, 2018).

Settlements that occur before formal class certification require a higher standard of fairness. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2011). "In reviewing such settlements, in addition to considering the above factors, the court also must ensure that 'the settlement is not the product of collusion among the negotiating parties.'" *Hefler*, 2018 WL 6619983, at *4 (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011). Courts "must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." *In re Bluetooth*, 654 F.3d 935, 947 (9th Cir. 2011).

A proposed settlement must be "taken as a whole, rather than the individual component parts," in the examination for overall fairness. *Id.* at 948 (emphasis omitted). Courts do not have the ability to "delete, modify, or substitute certain provisions." *Id.* A settlement "must stand or fall in its entirety." *Id.* (citation and emphasis omitted).

**B.    Discussion**

**1.    Adequacy of Representation – Rule 23(e)(2)(A)**

Adequacy of representation requires that two questions be addressed: (1) "do the named plaintiffs and their counsel have any conflicts of interest with other class members" and (2) "will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"

---

[12] Ninth Circuit precedent instructs district courts to balance the following factors: "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement." *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004) (citing *Hanlon*, 150 F.3d at 1026).

*Hefler*, 2018 WL 6619983, at *6. As discussed above, IPP Plaintiffs have demonstrated that the representative parties and their counsel will fairly and adequately protect the interests of the 22 Indirect Purchaser State Classes. Moreover, the amended settlement eliminates the conflicts-of-interest concerns raised by objectors to the original settlement. Therefore, this factor weighs in favor of preliminary approval.

## 2. Arm's Length Negotiations – Rule 23(e)(2)(B)

Both the original and amended settlements were the product of arm's length negotiations. Two former jurists "provided their experienced input into the parties' [original] settlement negotiations." ECF No. 4351 at 34; *see* Advisory Committee Notes, Fed. R. Civ. P. 23, subdiv. (e)(2) (2018) ("[T]he involvement of a neutral or court-affiliated mediator or facilitator in [] negotiations may bear on whether they were conducted in a manner that would protect and further the class interests."). The amended settlements were a product of negotiations conducted during two mediation sessions supervised by Magistrate Judge Corley. ECF No. 5587-1 ¶¶ 2-3; *see Hefler*, 2018 WL 6619983, at *6 (noting mediation sessions supervised by former judge as an indication of arm's length negotiations).

Pursuant to Ninth Circuit precedent, the Court must also examine the settlements for additional indicia of collusion that would undermine seemingly arm's length negotiations. *See In re Bluetooth*, 654 F.3d at 946 ("Prior to formal class certification, . . . agreements must withstand an even higher level of scrutiny for evidence of collusion or other conflicts of interest."). Signs of collusion include: (1) a disproportionate distribution of the settlement fund to counsel; (2) negotiation of a "clear sailing provision"; and (3) an arrangement for funds not awarded to revert to defendant rather than to be added to the settlement fund. *Id.* at 947. If "multiple indicia of possible implicit collusion" are present, a district court has a "special 'obligat[ion] to assure itself that the fees awarded in the agreement were not unreasonably high.'" *Id.* (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003)).

The Court finds no indicia of collusion that would undermine the amended settlements. First, the amended settlements request an attorney fee award of 23.66% of the settlement fund. ECF No. 5587 at 29; *see* ECF No. 5587-1 at 7-8, 13-14, 19-20, 25-26, 31-32, 38-39; *In re*

United States District Court
Northern District of California

1   *Bluetooth*, 654 F.3d at 941-42 ("[C]ourts typically calculate 25% of the fund as the 'benchmark'

2   for a reasonable fee award.").  Second, the amended settlements – like the original agreements –

3   do not contain a reversion clause.  ECF No. 4712 at 15.  Although the agreements contain a "clear

4   sailing" provision, the Court finds no cause for concern because Class Counsel's fee will be

5   awarded from the same common fund as the recovery to the class.  *Rodriguez v. West Publ'g*

6   *Corp.*, 563 F.3d 948, 961 n.5 (9th Cir. 2009); *see also Bayat v. Bank of the West*, No. C-13-2376

7   EMC, 2015 WL 1744342, at *7 (N.D. Cal. Apr. 15, 2015) ("[B]ecause any attorneys' fees award

8   will come out of the common fund, there is no 'clear sailing' agreement here that would warrant

9   against settlement approval.").

### 3.   Adequate Relief for the Class – Rule 23(e)(2)(C)

11      To determine whether the relief provided for the class is adequate, courts must consider:

12  (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of

13  distributing relief to the class, (iii) the terms of any proposed award of attorney's fees, and (iv) any

14  agreement required to be identified under Rule 23(e)(3).  Fed. R. Civ. P. 23(e)(2)(C).

### a.   Costs, Risks, and Delay

16      In the previous Final Approval Order, this Court found that the IPP Plaintiffs would have

17  faced several hurdles in the absence of a settlement – hurdles that "weigh[ed] strongly in favor of

18  approving the Proposed Settlements."  ECF No. 4712 at 9.  The Court noted that there was a

19  "great risk to IPPs in continuing to pursue litigation, including both uncertainty over the results of

20  pending motions and challenges (and delay) in collecting any winnings."  *Id.* (internal quotation

21  marks omitted); *see also* ECF No. 4351 at 30-32.  In light of these costs, risks, and potential

22  delays, the Court determined that the settlements were "a good recovery and firmly in line with the

23  recoveries in other cases."  ECF No. 4712 at 10.

24      The Court need not revisit these findings.  The proposed amended settlements reduce the

25  amounts paid by each Defendant but fully offset these amounts by requested corresponding

26  reductions in class counsel's attorney fee award.  ECF No. 5587 at 17; *see* ECF No. 5587-1 at 7-8,

27  13-14, 19-20, 25-26, 31-32, 38-39.  Because the net settlement fund available for distribution to

28  class members remains the same, these settlements remain a "good recovery" in light of the costs,

United States District Court
Northern District of California

risks, and delay of trial and appeal.

### b.  Distribution Method

In the prior Final Approval Order, the Court examined and approved the settlements' proposed plan of distribution.  ECF No. 26-29.  This plan provides for (1) a "weighted pro-rata distribution to all members of the 22 Indirect Purchaser State Classes that filed valid claims," (2) a minimum payment of at least $25 per claimant, and (3) a maximum payment of "three times the estimated money damages per claimant."  ECF No. 5587 at 30; *see* ECF No. 3862 ¶¶ 43-50.  The amended settlements do not alter this proposed allocation plan, and the Court again approves it.

### c.  Attorney's Fees

Class Counsel have stated that they intend to apply for an award of attorneys' fees totaling 23.66% of the settlement fund along with expenses incurred during the litigation.  The Court previously awarded $158,606,250 in attorney's fees in connection with the prior IPP Settlement after considering counsels' motion for attorney's fees and any objections thereto.  ECF No. 4740 at 2.  The proposed Amendments provide that Class Counsel will request the Court to reduce that fee award by $29,000,000 to fully offset the reduction in the settlement amounts, and ensure that the reductions do not adversely affect the funds available for distribution to claimants.  ECF No. 5587 at 17.  In addition, all interest earned on the original settlement amounts from the date of deposit in 2015—approximately $13,000,000—will remain in the fund for the benefit of class members (except that Class Counsel shall still be entitled to seek a share of the accrued interest on the fund proportionate to their fee and expense award).[13]  *Id.*

### 4.  Equitable Treatment of Class Members – Rule 23(e)(2)(D)

Consistent with Rule 23's instruction to consider whether "the proposal treats class members equitably relative to each other," Fed. R. Civ. P. 23(e)(2)(C)(i), the Court now considers

---

[13] Any member of the 22 Indirect Purchaser State Classes who submitted a claim in or objected to the 2016 Settlements may now ask the Court to object to the attorney's fees award.  ECF No. 5587-2 at 18.  By definition, that award will be lower both in absolute numbers and on an hourly basis than the award the Court approved in 2016 – particularly given that counsels' work in reaching the current agreement will not be separately compensated.  Under these circumstances, there is no need for class counsel to file a further motion for attorney's fees, and the deadlines the Court has set do not provide for one.

whether the Settlement "improperly grant[s] preferential treatment to class representatives or segments of the class." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1079.

In the previous Final Approval Order, the Court examined and approved the allocation of settlement funds among the 22 Indirect Purchaser State Classes. As noted above, the original settlement provided for (1) a "weighted pro-rata distribution to all members of the 22 Indirect Purchaser State Classes that filed valid claims," (2) a minimum payment of at least $25 per claimant, and (3) a maximum payment of "three times the estimated money damages per claimant." ECF No. 5587 at 30; *see* ECF No. 3862 ¶¶ 43-50. The plan "assign[ed] different weights to different CRT products based on the overcharge evidence for each." ECF No. 5587 at 30; *see* ECF No. 3862 ¶¶ 44-49. The amended settlements do not alter this proposed allocation.

As discussed in the prior Final Approval Order, "[i]t is reasonable to allocate the settlement funds to class members based on . . . the strength of their claims on the merits." *In re Omnivision Techs., Inc.*, No. C-04-2297 SC, 2007 WL 4293467, at *7 (N.D. Cal. Dec. 6, 2007) (internal quotation marks and citations omitted). Because "reimburs[ing] class members based on the extent of their injuries is generally reasonable," the Court finds that this factor weighs in favor of preliminary approval. *See In re Oracle Sec. Litig.*, No. 90-cv-00931-VRW, 1994 WL 502054, at * 1 (N.D. Cal. June 18, 1994).

In sum, the Court finds that the Rule 23(e) factors will likely weigh in favor of granting final approval. Because the Court will likely find the amended settlements to be fair, reasonable, and adequate at the final approval stage, preliminary approval of the settlement is warranted.

**5.    Proposed Notice Plan**

Before the district court approves a class settlement, "it is 'critical' that class members receive adequate notice." *In re Hyundai and Kia Fuel Economy Litig.*, 926 F.3d 539, 567 (9th Cir. 2019) (citing *Hanlon*, 150 F.3d at 1025). "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Id.* (quoting *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). If a fairness hearing leads to "substantial changes" in the settlement which "adversely affect[] some members of the class, additional notice, followed by an opportunity to be

heard, might be necessary." *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 330 (N.D. Cal. 2018). "The pertinent question here is whether the changes *adversely* affect the class members." *Id.* (emphasis in original).

### a. Original Notice Plan

Class members of the 22 Indirect Purchaser States have already received "the best notice that is practicable under the circumstances." *See* Fed. R. Civ. P. 23(c)(2)(B). After this Court preliminarily approved the original settlements, the claims administrator carried out a notice plan which included: (1) mail and email notices sent to 10,082,690 unique addresses, (2) publication of notice on the settlement website, (3) advertisements on Google, Facebook, and other popular websites, and (4) print and online publications throughout the United States, in both English and Spanish. *See* ECF No. 4071-1 ¶ 114; ECF No. 4371 ¶¶ 4-13. These notices directed recipients to the settlement website. *See* ECF No. 4371 ¶¶ 9-13. They also advised class members of material settlement terms, the plan of distribution, and class counsel's intent to apply for an attorney fee award of up to one-third of the settlement fund. ECF No. 4071-1 ¶ 115. As the Court found in its prior Final Approval Order, this plan "provided the best practicable notice to class members." ECF No. 4712 at 9.

### b. Additional Notice

The IPP Plaintiffs' amendments to the settlement agreements do not require additional notice. The amended settlements "provide the same benefits to the members of the 22 Indirect Purchaser State Classes." ECF No. 5587 at 32; *see* ECF No. 5587-1 at 7-8, 13-14, 19-20, 26-26, 31-33, 38-39. While the amendments reduce the gross settlement fund by $29,000,000, "that reduction is fully offset by a $29,000,000 reduction in Class Counsel's fee request." *Id.* Therefore, the settlement does not have a "material adverse effect on the rights of class members" and there is no reason to conclude that those class members who failed to object or opt out would now choose to do so. *See Anthem*, 327 F.R.D. at 330 (finding that, where amendment did not adversely affect class members, "there is no overriding reason to conclude that those Settlement Class Members who failed to opt out would now choose to do so.").

The amendments also do not adversely affect the rights of the ORS and NRS Subclasses

United States District Court
Northern District of California

United States District Court
Northern District of California

1    which were included in the original settlement.  Because the amendments narrow the settlement

2    Class, the release no longer applies to the ORS and NRS Subclasses.  *See* ECF No. 5587-1 at 7,

3    13, 19, 25, 31, 38.  These groups retain any claims that they previously possessed, if any, and they

4    are free to pursue those claims against the Defendants.  Therefore, the parties need not provide any

5    additional notice to members of the current or former settlement classes.

6        Although not required, the IPP Plaintiffs request that the court authorize that limited

7    notification be sent to certain class members.  In particular, they propose to send notification of

8    settlement amendments to class members who filed claims, objected to the settlements, requested

9    updates regarding the settlements, or requested exclusion from the settlement class.  ECF No.

10   5587 at 34.  These notices would advise recipients of their opportunities to object to the

11   amendments, object to the requested fee award, and appear at the fairness hearing.  *Id.* at 34-35;

12   ECF No. 5587-3 at 5-18.  They would not, however, enable recipients to exclude themselves or

13   rejoin the settlement.  ECF No. 5587-3 at 5-18.  Some courts have given opt-outs an opportunity

14   to rejoin a settlement when amended.  *See Anthem*, 327 F.R.D. at 331 ("[T]he change to the

15   Settlement could materially affect their decision to opt out.  Thus, they deserved an opportunity to

16   reconsider their decisions based on the terms of the amended Settlement.").  Where, as here, the

17   amended settlements provide the same benefits to class members as were available in the original

18   settlement, the Court finds it unnecessary to provide opt-outs an opportunity to rejoin the

19   settlement.  Therefore, the Court grants IPP Plaintiffs' request to provide limited notice to certain

20   class members.

21                                    **CONCLUSION**

22       For the foregoing reasons, the Court GRANTS IPP Plaintiffs' motion pursuant to Ninth

23   Circuit mandate to reconsider.  The proposed class is hereby provisionally certified for the

24   purposes of settlement.  The Court grants preliminary approval of the amended settlements and

25   approves the proposed limited notice procedure and forms.  The Court will hold a final approval

26   hearing on July 8, 2020.

27   / / /

28   / / /

| DATE | EVENT |
|---|---|
| March 27, 2020 | Notice Publication Date and Mailed/Emailed Notice to Commence |
| May 29, 2020 | Deadline for Class Members to Submit Objections |
| June 12, 2020 | Deadline for IPP Plaintiffs to File Responses to Objections |
| July 8, 2020 | Final Hearing |

Upon final approval, if any, of the pending settlement, the Court's approval of the prior

settlement will be vacated. *See* ECF No. 5632.

**IT IS SO ORDERED.**

Dated: March 11, 2020



JON S. TIGAR
United States District Judge

# EXHIBIT 2

(49 of 65)

Case: 4:07-cv-05944-JST Document 5628 Filed 05/20/22 Page 52 of 136
Case 4:07-cv-05944-JST Document 5628 Filed 02/17/21 Page 1 of 5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 07-cv-05944-JST |
| This Order Relates To: <br><br> ALL INDIRECT PURCHASER ACTIONS | **ORDER DENYING MOTION TO INTERVENE AND AMEND COMPLAINT TO ALLEGE STATE LAW CLAIMS FOR THE OTHER REPEALER STATES** <br><br> Re: ECF No. 5567 |

Before the Court is the Other Repealer States' motion to intervene and file an amended complaint. ECF No. 5567. The Court will deny the motion.

## I.      BACKGROUND

In February 2008, the Judicial Panel on Multidistrict Litigation ordered the centralization of actions alleging that certain Defendants conspired to fix prices of cathode ray tubes. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 536 F. Supp. 2d 1364 (J.P.M.L. 2008). On July 7, 2016, this Court granted final approval of settlement agreements which resolved claims between one set of plaintiffs – the Indirect Purchaser Plaintiffs ("IPP Plaintiffs") – and six sets of corporate defendants. ECF No. 4712 at 1. Two objectors sought appeal of this decision in the Ninth Circuit. ECF No. 4741.

On November 8, 2018, this Court issued an order in which it concluded that it erred in approving the settlement provision which required class members in certain Omitted Repealer States to release their claims without compensation. *See* ECF No. 5362 at 1. The order expressed "concerns about the adequacy of the counsel who negotiated that settlement or whether they may have faced a conflict of interest." *Id.* at 1. In response, the Ninth Circuit remanded "this case so that the district court [could] reconsider its approval of the settlement." *See In re Cathode Ray*

United States District Court
Northern District of California

(50 of 65)

Case 4:07-cv-05944-JST Document 5628 Filed 05/20/20 Page 53 of 136
Case 4:07-cv-05944-JST Document 5628 Filed 02/17/25 Page 52 of 5

1      *Tube Antitrust Litig.*, No. 16-16368 (9th Cir. Feb. 13, 2009), ECF No. 238 at 11.

2         On remand, this Court confirmed the existing lead counsel for the IPP Plaintiffs and

3 appointed separate counsel for an Omitted Repealer State subclass ("ORS Subclass")[1] as well as a

4 Non-Repealer State subclass ("NRS Subclass).[2] ECF Nos. 5535, 5518. The Court then referred

5 the matter to Magistrate Judge Corley for settlement. ECF No. 5427.

6         On August 23, 2019, members of the ORS Subclass moved to intervene in this litigation

7 and file an amended complaint. ECF No. 5567 at 9-10, 20, 28. The IPP Plaintiffs and Defendants

8 both oppose this motion. ECF Nos. 5592, 5593, 5591. The ORS Movants have filed a reply.

9 ECF No. 5611.

10 **II.**      **JURISDICTION**

11         The Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

12 **III.**      **MOTION TO INTERVENE**

13         Federal Rule of Civil Procedure 24 requires that a motion to intervene "be accompanied by

14 a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P.

15 24(c); *Buffin v. City and County of San Francisco*, No. 15-cv-04959-YGR, 2016 WL 6025486, at

16 *12 (N.D. Cal. Oct. 14, 2016) (citing *Beckman Industries, Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474

17 (9th Cir. 1992).

18         ORS Movants have filed a pleading which seeks to adopt an amended version of IPP

19 Plaintiffs' operative complaint. *See* ECF No. 5567 (The proposed complaint "adds the ORS

20 Plaintiffs as named parties" and "adopts and incorporates the relevant, preceding allegations of the

21 current complaint, adding only the supplemental state law counts."); ECF Nos. 5590-1, 5590-2.

22 ORS Movants' intervention motion may "provide[] enough information to state a claim and for

23 the court to grant intervention." *See Lennar Mare Island, LLC v. Steadfast Ins. Co.*, Nos. 2:12-cv-

24

25 ───────────────

[1] The ORS Subclass consists of Indirect Purchaser Plaintiffs in the following states: Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and

26 Utah. ECF No. 5518 at 1.

27 [2] The NRS Subclass consists of Indirect Purchaser Plaintiffs in the following Non-Repealer States: Alabama, Alaska, Colorado, Connecticut, Delaware, Georgia, Idaho, Illinois, Indiana, Kentucky,

28 Louisiana, Maryland, New Jersey, Ohio, Oklahoma, Pennsylvania, Texas, Virginia, Washington, and Wyoming. ECF No. 5518 at 2.

02182-KJM-KJN, 2:16-cv-00291-KJM-KJN, 2016 WL 5847010, at *6 (E.D. Cal. Oct. 6, 2016). Nevertheless, the Court requires the ORS Movants "to file a separate pleading to fully apprise defendant[s] and the court of the basis for its claims in intervention." *See id.* "In a complex multi-party case such as this one, a separate pleading will assist the court in policing the parameters of the case in intervention." *Id.* ORS Movants acknowledge the "divergence of interests with [IPP Plaintiffs] on certain issues . . . bolstering the advisability of a separate complaint." *See id*; ECF No. 5567 at 18 ("IPP Counsel represents a class of individuals with interests diametrically opposed to the ORS Plaintiffs").[3]

In addition to these considerations, there is the practical reality that ORS Movants are attempting to amend someone else's complaint. They cite no authority permitting a proposed intervenor to take such a step, and the Court concludes it is not allowed. Thus, even if their motion to intervene could be granted, their motion to amend the existing IPP complaint would fail.

The Court therefore denies the motion to intervene without prejudice to a renewed motion accompanied by a separate pleading. That motion is due by November 12, 2019.

## CONCLUSION

For the foregoing reasons, the Court denies ORS Movants' motion to intervene and amend the complaint without prejudice.

**IT IS SO ORDERED.**

Dated: October 17, 2019

_____
JON S. TIGAR
United States District Judge

---

[3] The Court also notes that ORS Movants violated Northern District of California Civil Local Rule 5-1(i)(3) by filing a proposed "Indirect Purchaser Plaintiffs' Sixth Consolidated Amended Complaint" with no attestation that each signatory concurred in the document's filing. *See* ECF Nos. 5590, 5590-1, 5590-2. In their opposition, IPP Plaintiffs assert that ORS "Plaintiffs' counsel never even provided a copy of the proposed amended complaints to IPP Lead Counsel before filing, much less received his concurrence." ECF No. 5593 at 8. The Court interprets ORS Movants' failure to respond as a concession. *See Angeles v. U.S. Airways, Inc.*, No. C 12-05860 CRB, 2013 WL 622032, at *4 ("The failure to respond amounts to a concession.").

United States District Court
Northern District of California

# EXHIBIT 3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 07-cv-05944-JST |
| This Order Relates To: | **ORDER DENYING RENEWED MOTIONS TO INTERVENE** |
| ALL INDIRECT PURCHASER ACTIONS | Re: ECF Nos. 5643, 5645 |
| ALL DIRECT PURCHASER ACTIONS | |

Before the Court are Non-Repealer State Subclass Member Eleanor Lewis's renewed motion to intervene and Other Repealer States' renewed motion to intervene and file severed complaint. ECF Nos. 5643, 5645. The Court will deny the motions.

## I. BACKGROUND

The facts regarding this case are well known to the parties, and the Court summarizes them here only insofar as they bear on the present motions.

In February 2008, the Judicial Panel on Multidistrict Litigation ("JPML") ordered the centralization of actions alleging that certain defendants conspired to fix prices of cathode ray tubes. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 536 F. Supp. 2d 1364 (J.P.M.L. 2008). On July 7, 2016, this Court granted final approval of settlement agreements which resolved claims between one set of plaintiffs – the Indirect Purchaser Plaintiffs ("IPP Plaintiffs") – and six sets of corporate defendants. ECF No. 4712 at 1. Two objectors sought appeal of this decision in the Ninth Circuit. ECF No. 4741.

On November 8, 2018, this Court issued an order in which it concluded that it erred in approving the settlement provision which required class members in certain Omitted Repealer States to release their claims without compensation. *See* ECF No. 5362 at 1. The order expressed

"concerns about the adequacy of the counsel who negotiated that settlement or whether they may have faced a conflict of interest." *Id.* at 1. In response, the Ninth Circuit remanded "this case so that the district court [could] reconsider its approval of the settlement." *See In re Cathode Ray Tube Antitrust Litig.*, No. 16-16368 (9th Cir. Feb. 13, 2009), ECF No. 238 at 11.

On remand, this Court confirmed the existing lead counsel for the IPP Plaintiffs and appointed separate counsel for the unnamed Omitted Repealer State subclass ("ORS Subclass") [1] and Non-Repealer State subclass ("NRS Subclass").[2] ECF Nos. 5535, 5518. The Court then referred the matter to Magistrate Judge Corley for settlement. ECF No. 5427.

On August 23, 2019, NRS Subclass member Eleanor Lewis and several members of the ORS Subclass moved to intervene in this litigation and file an amended complaint. ECF Nos. 5565, 5567. The Court denied these motions without prejudice. ECF No. 5626 at 3; ECF No. 5628 at 3. In November 2019, Lewis and the ORS Subclass filed renewed motions to intervene. ECF Nos. 5643, 5645. IPP Plaintiffs do not oppose the motions to intervene but "do, however, oppose the request by NRS Plaintiff Eleanor Lewis . . . that all indirect purchaser plaintiffs be ordered to file a single consolidated amended complaint *after* intervention." ECF No. 5664 at 2. The Thomson Defendants[3] and Samsung Defendants[4] oppose the motions. ECF Nos. 5662, 5663. Lewis and the ORS Subclass have filed replies. ECF Nos. 5668, 5670.

## II. JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

---

[1] The ORS Subclass consists of Indirect Purchaser Plaintiffs with claims in the following Omitted Repealer States: Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah. ECF No. 5518 at 1.

[2] The NRS Subclass consists of Indirect Purchaser Plaintiffs with claims in the following Non-Repealer States: Alabama, Alaska, Colorado, Connecticut, Delaware, Georgia, Idaho, Illinois, Indiana, Kentucky, Louisiana, Maryland, New Jersey, Ohio, Oklahoma, Pennsylvania, Texas, Virginia, Washington, and Wyoming. ECF No. 5518 at 2.

[3] The Thomson Defendants consist of Thomson SA and Thomson Consumer Electronics, Inc. ECF No. 5662 at 1.

[4] The Samsung Defendants consist of Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malasia) Sdn. Bhd. ECF No. 5663 at 1.

United States District Court
Northern District of California

### III.    DISCUSSION

The multidistrict litigation ("MDL") "statute, 28 U.S. § 1407, limits the actions that may be transferred for coordinated or consolidated pretrial proceedings to 'civil actions involving one or more common questions of fact [that] *are pending in different districts ....*'" *In re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litig.*, MDL No. 33-1439, 2008 WL 4763029, at *3 (D. Or. Oct. 28, 2008) (emphasis in original) (quoting 28 U.S.C. § 1407(a)). "A plaintiff may not unilaterally add actions in [an] MDL that have not been pending in federal court elsewhere or which were not transferred to the transferee court through the MDL process." *In re Mortgage Elec. Registration Sys. (MERS) Litig.*, No. MD-09-02119-PHX-JAT, 2016 WL 3931820, at *5 (D. Ariz. July 21, 2016) (citing *In re Farmers*, 2008 WL 4763029, at *3).

Lewis moves to intervene by filing a new "NRS Subclass Complaint." ECF No. 5643 at 3. ORS Movants seek to intervene by filing a "severed complaint amending the prior allegations to add state law claims." ECF No. 5645 at 20. The Court finds, however, that the MDL statute does not permit movants' direct intervention into the MDL proceedings, whether by filing separate complaints or amending IPP Plaintiffs' operative complaint.

First, movants are not permitted to file complaints directly into MDL proceedings. *In re MERS*, 2016 WL 3931820, at *7 ("[T]he majority of case law on this topic indicates that a transferee court's jurisdiction is not sufficiently invoked where an added plaintiff never filed a lawsuit in any federal court nor had its case transferred to the transferee MDL court by the Judicial Panel."); *see In re Farmers*, 2008 WL 4763029, at *3, 5 (dismissing four subclasses for lack of subject matter jurisdiction where plaintiffs added "state law class actions in this MDL that had not been pending in federal court elsewhere and were not transferred to this court through the MDL process"). Cases must already be pending in a federal court before they can be added to an existing MDL. *See In re MERS*, 2016 WL 3931820, at *5. If a potential tag-along action is pending in a different district, the Clerk of the JPML "may enter a conditional order transferring that action to the previously designated transferee district court" upon learning of the pendency of

/ / /

/ / /

United States District Court
Northern District of California

the action.[5] J.P.M.L. R. 7.1(b). If a potential tag-along action is filed in the transferee district, a party may "request assignment of such action[] to the Section 1407 transferee judge in accordance with applicable local rules." J.P.M.L. R. 7.2(a).

Second, as discussed in its previous orders, movants may not add new plaintiffs to an MDL by amending IPP Plaintiffs' complaint. ECF No. 5628 at 3 ("Movants are attempting to amend someone else's complaint. They cite no authority permitting a proposed intervenor to take such a step, and the Court concludes it is not allowed."); ECF No. 5626 at 3 (same); *see In re MERS*, 2016 WL 3931820, at *7 ("Plaintiffs cannot add [potential class member] DeBaggis as a plaintiff by amendment in the MDL as this directly contradicts the appropriate procedures designated in 28 U.S.C. § 1407 for consolidating cases for pretrial proceedings."). Rather, the proper course for proposed "new plaintiffs in this MDL litigation is to file their claims in the appropriate forums and to permit the MDL consolidation process to operate as intended." *In re MERS*, 2016 WL 3931820, at *10 (quoting *In re Packaged Ice Antitrust Litig.*, No. 08-MDL-1952, 2011 WL 6178891, at *8 (E.D. Mich. Dec. 12, 2011)).

ORS Movants argue that JPML Rule 7.2(a) "explicitly allows for direct filing" in MDL proceedings. ECF No. 5670 at 25 n.8. However, Rule 7.2(a) does not waive the requirement to file an action in federal court prior to seeking transfer to the MDL. Instead, it provides that potential tag-along actions which are already "*filed* in the transferee district" may "request assignment of such action to the transferee judge in accordance with applicable local rules." J.P.M.L. R. 7.2(a).[6] Moreover, the filing of an initial complaint prior to seeking transfer to an

---

[5] Under Rule 7.1(a) of the JPML Rules of Procedure, "[a]ny party or counsel in actions previously transferred under Section 1407 shall promptly notify the Clerk of the Panel of any potential tag-along actions in which that party is also named or in which that counsel appears."

[6] Some district courts have held that a transferee court may invoke the Rule 7.2(a) transfer procedure only if the district has a local rule that specifically "address[es] . . . potential tag-along actions" in the context of multi-district litigation. *In re MERS*, 2016 WL 3931820, at *6. The Court finds no support for this holding in the text of the rule. To the contrary, the JMPL Rule requires only that the transferee court have local rules regarding the assignment of related cases generally. This reading follows naturally from the rule's admonition that "[p]otential tag-along actions filed in the transferee district do not require Panel action." J.P.M.L. R. 7.2(a); *see also* 23A Karl Oakes, Fed. Proc., L. Ed. § 55:41 (2019) ("Potential tag-along actions filed in the transferee district require no action on the part of the Judicial Panel on Multidistrict Litigation; requests for assignment of such actions to the transferee judge should be made in accordance with

MDL is integral to the "unique procedural world of an MDL," where "the authority of the transferee court to handle the case ordinarily ends on conclusion of pretrial proceedings." *In re Farmers*, 2008 WL 4763029, at *3 (citing *Lexecon Inc. v. Milberg Weiss*, 523 U.S. 26, 36-37 (1998)). "Within the context of MDL proceedings, individual cases that are consolidated or coordinated for pretrial purposes remain fundamentally separate actions, intended to resume their independent status once the pretrial stage of litigation is over." *In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 700 (9th Cir. 2011). Each action transferred under Section 1407 "shall be remanded by the panel at or before the conclusion of . . . pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." 28 U.S.C. § 1407(a); *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 903 (2015). Without the filing of an initial complaint independent of the MDL, a plaintiff's "claims have no 'home federal court' to which this Court may eventually remand them in accordance with 28 U.S.C. § 1407(a)." *In re MERS*, 2016 WL 3931820, at *7 (quoting *In re Farmers*, 2008 WL 4763029, at *3).

Lewis argues that there is "no basis in Multidistrict jurisprudence for opposing [her] addition . . . as a plaintiff so that she can represent the interests of her subclass." ECF No. 5668 at 5. In support, Lewis cites *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, 330 F.R.D. 11 (E.D.N.Y. 2019).[7] After the Second Circuit vacated the district court's settlement approval and remanded the action, the court in *Payment Card* appointed "new interim co-lead counsel to represent the interests of different putative classes" and "required each newly defined group of putative class plaintiffs to file a new pleading." ECF No. 5669-1 at 9-10. However, neither the parties nor the court appear to have considered whether the filing of new pleadings in the MDL comported with 28 U.S.C. § 1407. Therefore, Lewis's reference to

local rules for the assignment of related actions.") (citing J.P.M.L. R. 7.2(a)).

[7] Lewis has filed a request for judicial notice of a court memorandum and order in *Payment Card*, No. 1:05-md-01720-MKB-JO (E.D.N.Y.). ECF No. 5669. Under Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Accordingly, Lewis's request is granted.

United States District Court
Northern District of California

*Payment Card* is unpersuasive.

### CONCLUSION

For the foregoing reasons, the Court denies Lewis's and ORS Movants' renewed motions to intervene. Movants may file their claims in the appropriate forum(s) and seek transfer from the JPML or, if properly filed in the Northern District of California, "request assignment of [their] actions to the Section 1407 transferee judge in accordance with applicable local rules." J.P.M.L. R. 7.2(a).

**IT IS SO ORDERED.**

Dated: February 4, 2020



_____
JON S. TIGAR
United States District Judge

# EXHIBIT 4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 07-cv-05944-JST |
| | **ORDER DENYING MOTION TO ALTER OR AMEND THE COURT'S ORDER** |
| | Re: ECF No. 5688, 5689 |

Before the Court are Other Repealer States' and Non-Repealer States' motions to alter or amend the Court's order denying their renewed motions to intervene. ECF Nos. 5688, 5689. The Court will deny the motions.

## I.    BACKGROUND

The facts regarding this case are well known to the parties, and the Court summarizes them here only insofar as they bear on the present motions.

In February 2008, the Judicial Panel on Multidistrict Litigation ("JPML") ordered the centralization of actions alleging that certain defendants conspired to fix prices of cathode ray tubes. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 536 F. Supp. 2d 1364 (J.P.M.L. 2008). On July 7, 2016, this Court granted final approval of settlement agreements which resolved claims between one set of plaintiffs – the Indirect Purchaser Plaintiffs ("IPP Plaintiffs") – and six sets of corporate defendants. ECF No. 4712 at 1. Two objectors sought appeal of this decision in the Ninth Circuit. ECF No. 4741.

On November 8, 2018, this Court issued an order in which it concluded that it erred in approving the settlement provision which required class members in certain Omitted Repealer States to release their claims without compensation. *See* ECF No. 5362 at 1. The order expressed

United States District Court
Northern District of California

"concerns about the adequacy of the counsel who negotiated that settlement or whether they may have faced a conflict of interest." *Id.* at 1. In response, the Ninth Circuit remanded "this case so that the district court [could] reconsider its approval of the settlement." *See In re Cathode Ray Tube Antitrust Litig.*, No. 16-16368 (9th Cir. Feb. 13, 2009), ECF No. 238 at 11.

On remand, this Court confirmed the existing lead counsel for the IPP Plaintiffs and appointed separate counsel for the unnamed Omitted Repealer State subclass ("ORS Subclass")[1] and Non-Repealer State subclass ("NRS Subclass").[2] ECF Nos. 5535, 5518. The Court then referred the matter to Magistrate Judge Corley for settlement. ECF No. 5427.

On August 23, 2019, NRS Subclass member Eleanor Lewis and several members of the ORS Subclass moved to intervene in this litigation and file an amended complaint. ECF Nos. 5565, 5567. The Court denied these motions without prejudice. ECF No. 5626 at 3; ECF No. 5628 at 3. In November 2019, Lewis and the ORS Subclass filed renewed motions to intervene. ECF Nos. 5643, 5645. The Court denied the renewed motions and directed movants to "file their claims in the appropriate forum(s) and seek transfer from the JPML or, if properly filed in the Northern District of California, 'request assignment of [their] actions to the Section 1407 transferee judge in accordance with applicable local rules.'" ECF No. 5684 at 6 (quoting J.P.M.L. R. 7.2(a)).

On February 13, 2020, Lewis and the ORS Subclass filed motions to alter or amend the Court's order denying their renewed motions to intervene.[3] ECF Nos. 5688, 5689. Defendants

---

[1] The ORS Subclass in its current iteration consists of Indirect Purchaser Plaintiffs with claims in the following Omitted Repealer States: Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah. ECF No. 5518 at 1. The parties now use the "ORS" abbreviation to signify "other repealer states" rather than "omitted repealer states." ECF No. 5645 at 1 n.1.

[2] The NRS Subclass consists of Indirect Purchaser Plaintiffs with claims in the following Non-Repealer States: Alabama, Alaska, Colorado, Connecticut, Delaware, Georgia, Idaho, Illinois, Indiana, Kentucky, Louisiana, Maryland, New Jersey, Ohio, Oklahoma, Pennsylvania, Texas, Virginia, Washington, and Wyoming. ECF No. 5518 at 2.

[3] Under Civil Local Rule 7-9, "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Movants failed to seek leave of Court before filing, but the Court considers the motions on the merits nevertheless.

United States District Court
Northern District of California

1    oppose the motions.  ECF No. 5690.  Lewis and the ORS Subclass have filed replies.  ECF Nos.

2    5691, 5692.

3    **II.      JURISDICTION**

4          The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

5    **III.     LEGAL STANDARD**

6          Under Federal Rule of Civil Procedure 59(e), a party may move a court to reconsider a

7    previous ruling and alter a previous order.  *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir.

8    2003); *Sacchi v. Mortgage Elec. Registration Sys., Inc.*, No. CV11-01658 AHM (CWx), 2012 WL

9    13006267, at *2 (C.D. Cal. March 6, 2012).  Reconsideration is appropriate "when (1) the court

10   committed manifest errors of law or fact, (2) the court is presented with newly discovered or

11   previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an

12   intervening change in the controlling law."  *Rishor v. Ferguson*, 822 F.3d 482, 491-92 (9th Cir.

13   2016).

14         Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality

15   and conservation of judicial resources."  *Carroll*, 342 F.3d at 945 (internal quotation marks and

16   citation omitted).  A motion for reconsideration "may not be used to raise arguments or present

17   evidence for the first time when they could reasonably have been raised earlier in the litigation."

18   *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  It must also do more

19   than rehash arguments or recapitulate cases already considered by the court.  *Young v. Peery*, 163

20   F. Supp. 3d 751, 753 (N.D. Cal. 2015); *United States v. Westlands Water Dist.*, 134 F. Supp. 2d

21   1111, 1131 (E.D. Cal. 2001).

22   **IV.     DISCUSSION**

23         Lewis and the ORS Subclass (collectively "Movants") contend that reconsideration is

24   warranted because the Court committed clear error in ruling that the multidistrict litigation

25   ("MDL") statute "does not permit [ORS and NRS] movants' direct intervention into the MDL

26   proceedings whether by filing separate complaints or amending IPP Plaintiffs' operative

27   complaint."  ECF No. 5688 at 5 (internal quotation mark omitted); ECF No. 5689 at 6.  But

28   Movants merely either recapitulate cases already considered by the Court or raise arguments for

United States District Court
Northern District of California

3

the first time which could reasonably have been raised earlier in the litigation.  Movants fail to provide any basis for the court to alter or amend its order.

First, Movants argue that the Court erred by failing to consider its power under Federal Rule of Civil Procedure 23 to "to create subclasses and appoint new, adequate class representatives whenever exiting class representatives are (or become) conflicted or otherwise inadequate."  ECF No. 5688 at 5; *see* ECF No. 5689 at 6.  Movants assert that the multidistrict litigation statute, 28 U.S.C. § 1407, does not repeal Rule 23's "subclass-creation protections for class members just because, as here, a national class action gets brought into an MDL proceeding."  ECF No. 5688 at 6; *see* ECF No. 5689 at 10.  Both Lewis and the ORS Subclass had ample opportunity to raise these arguments during the briefing on their renewed motions to intervene.  Instead, Movants asserted that: (1) "Judicial Panel of Multidistrict Litigation Rule 7.2(a) explicitly allows for direct filing" complaints in MDL proceedings and (2) "[t]here is simply no basis in Multidistrict jurisprudence for opposing the addition of Ms. Lewis as a plaintiff so that she can represent the interests of her subclass."  ECF No. 5670 at 25 n.8; *see* ECF No. 5668 at 5.  "Rule 59 is not a vehicle for . . . securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *Baldonado v. United States*, No. 2:06-cv-07266-JHN-RZ, 2011 WL 13213543, at *2 (C.D. Cal. Oct. 12, 2011).  Movants' motions for reconsideration may not be used to raise these arguments for the first time when they could reasonably have been raised earlier in the litigation.  *Kona*, 229 F.3d at 890.

Second, Movants attempt to distinguish this action from two cases on which the Court relied in its order denying the renewed motions to intervene: *In re Mortgage Elec. Registration Sys. (MERS) Litig.*, No. MD-09-02119-PHX-JAT, 2016 WL 3931820, at *5 (D. Ariz. July 21, 2016) and *In re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litig.*, MDL No. 33-1439, 2008 WL 4763029, at *3 (D. Or. Oct. 28, 2008).  ECF No. 5688 at 7-8; ECF No. 5689 at 7.  A party seeking reconsideration under Rule 59, however, "must do more than rehash arguments or recapitulate cases already considered by the court."  *White v. Square, Inc.*, No. 15-cv-04539-JST, 2016 WL 6647927, at *2 (Nov. 9, 2016) (citations omitted).

Third, Movants repeat the assertion from their prior briefing that "[t]hey very specifically

United States District Court
Northern District of California

United States District Court
Northern District of California

[are] not seeking to file a new suit." ECF No. 5688 at 8; *see* ECF No. 5670 at 24 (noting that "the ORS Plaintiffs do not seek severance from this case" and "are not seeking to file new claims that are untethered from the already-pending litigation"). As noted above, "a motion to reconsider is not a vehicle permitting the unsuccessful party to 'rehash' arguments previously presented." *Williams v. Felker*, No. CIV S-08-0878 LKK GGH P, 2010 WL 744795, at *1 (E.D. Cal. March 3, 2010).

Fourth, Movants suggest that the Court misunderstood their motions as requests "to be joined as a party to *the MDL proceeding"* rather than motions "to intervene as a named plaintiff in each and everyone one of the indirect purchaser actions that comprise MDL 1917." ECF No. 5689 at 7 (emphasis in original); ECF No. 5688 at 8. Regardless of this attempt at reframing, the rule remains that Movants are not permitted to add plaintiffs to this MDL who "never filed a lawsuit in any federal court nor had [their] case transferred to the transferee MDL court by the Judicial Panel." *In re MERS*, 2016 WL 3931820, at *7 ("[T]he majority of case law on this topic indicates that a transferee court's jurisdiction is not sufficiently invoked where an added plaintiff never filed a lawsuit in any federal court nor had its case transferred to the transferee MDL court by the Judicial Panel."); *see id.* ("Plaintiffs cannot add [potential class member] DeBaggis as a plaintiff by amendment in the MDL as this directly contradicts the appropriate procedures designated in 28 U.S.C. § 1407 for consolidating cases for pretrial proceedings.").

Finally, Movants suggest that the Court's order is inconsistent with prior orders in this MDL, which have allowed the addition of named plaintiffs to indirect purchaser actions through amendments to various Consolidated Amended Complaints. ECF No. 5689 at 12; ECF No. 5688 at 8 ("To the extent this Court seeks to adopt the *MERS* analysis of amendment to bar the addition of new parties within an MDL, then that analysis must apply equally to the IPPs."). In support, Movants cite orders issued between 2010 and 2012[4] which granted two stipulated requests to file amended complaints. ECF No. 5689 at 12 n.4 (citing ECF Nos. 799, 1505); *see also* ECF No. 5688 (citing ECF No. 437). Because no party objected to those stipulations, the judge then

---

[4] This action was assigned to the undersigned on November 3, 2015. ECF No. 4164.

presiding over the case had no occasion to consider the appropriate procedures under the MDL statute. In any event, there is nothing improper, let alone "clearly erroneous," about the Court's application of MDL procedural requirements to Lewis's and the ORS Plaintiffs' instant motions to intervene. *See S.E.C. v. Pattison*, No. C-08-4238 EMC, 2011 WL 2293195, at *2 (N.D. Cal. June 9, 2011) ("[C]lear error should conform to a very exacting standard—*e.g.*, a court should have a clear conviction of error." (internal quotation marks and citation omitted)); *Campion v. Old Republic Home Protection Co.,* No. 09-CV-748-JMA(NLS), 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011) ("Mere doubts or disagreement about the wisdom of a prior decision of this or a lower court will not suffice. . . . To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must be dead wrong." (internal quotation marks and citation omitted)); *Teamsters Local 617 Pension and Welfare Funds v. Apollo Group, Inc.*, 282 F.R.D. 216, 231 (D. Ariz. 2012) (same).

## CONCLUSION

For the foregoing reasons, the Court denies the motions to alter or amend its order denying Lewis's and the ORS Subclass's renewed motions to intervene.

**IT IS SO ORDERED.**

Dated: April 9, 2020



JON S. TIGAR
United States District Judge

# EXHIBIT B

Appeal No. 20-15704

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

───────────────────────────────

IN RE CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION

*Indirect Purchaser Plaintiffs, et al. v. Toshiba Corporation, et al.*

───────────────────────────────

On Appeal from The United States District Court
For the Northern District of California
The Honorable Jon S. Tigar
No. 07-CV-5944-JST
MDL No. 1917

───────────────────────────────

## MOTION TO DISMISS PURPORTED APPEAL FROM PRELIMINARY APPROVAL ORDER FOR LACK OF JURISDICTION; RELIEF REQUESTED BY JUNE 9, 2020

───────────────────────────────

Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

*Lead Counsel for Indirect Purchaser Plaintiffs, Appellees*

# TABLE OF CONTENTS

I.     GROUNDS FOR THIS MOTION AND RELIEF SOUGHT ........................1

II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY .....................3

III.   ARGUMENT...............................................................................................10

       A. Lewis May Not Appeal From the Preliminary Approval Order ..............10

          1. An Order Granting Preliminary Approval of a Class Action
             Settlement Is Not a Final Appealable Order ........................................10

          2. The Order Denying Lewis' Motion To Intervene Is Not A Final
             Judgment Permitting Appeal of the Preliminary Approval Order ......13

       B. Appellant Lewis Lacks Standing to Appeal the Preliminary Approval
          Order Because She is Not a Class Member.............................................17

IV.    APPELLANT'S POSITION.........................................................................19

V.     CONCLUSION............................................................................................19

# TABLE OF AUTHORITIES

## Cases

*Abney v. United States*,
    431 U.S. 651 (1977)............................................................................14

*Akin v. PAFEC Ltd.,*
    991 F.2d 1550 (11th Cir. 1993)…………………………………………..16

*Behrens v. Pelletier*,
    516 U.S. 299 (1996)............................................................................10

*Center for Biological Diversity v. United States Fish & Wildlife Service*,
    807 F.3d 1031 (9th Cir. 2015) .............................................................17

*Chacon v. Wood*,
    36 F.3d 1459 (9th Cir. 1994) ..............................................................15

*Cohen v. Beneficial Indus. Loan Corp.*,
    337 U.S. 541 (1949)............................................................................10

*Cunningham v. Hamilton Cnty.,*
    527 U.S. 198 (1999)............................................................................10

*Devlin v. Scardelletti*,
    536 U.S. 1 (2002)......................................................................... 17, 18

*Douglas v. The W. Union Co.*,
    955 F.3d 662 (7th Cir. 2020) ..............................................................18

*In re First Capital Holdings Corp. Fin. Products Sec. Litig.*,
    33 F.3d 29 (9th Cir. 1994) ..................................................................17

*Gould v. Alleco, Inc.*,
    883 F.2d 281 (4th Cir. 1989) ..............................................................18

*Hall v. City of Los Angeles*,
    697 F.3d 1059 (9th Cir. 2012) .............................................. 13, 15, 16

*Hunt v. Imperial Merchant Servs., Inc.*,
    560 F.3d 1137 (9th Cir. 2009) .............................................................15

*In re Hyundai & Kia Fuel Econ. Litig.*,
No. MDL 13-2424-GW(FFMX),
2014 WL 12601476 (C.D. Cal. Nov. 5, 2014) ...................................................12

*Kordich v. Marine Clerks Assoc.*,
715 F.2d 1392 (9th Cir.1983) .........................................................................15

*Liles v. Del Campo*,
350 F.3d 742 (8th Cir. 2003) ..........................................................................12

*Mayfield v. Barr*,
985 F.2d 1090 (D.C. Cir. 1993) .......................................................................18

*Mohawk Indus., Inc. v. Carpenter*,
130 S. Ct. 599 (U.S. 2009) ..............................................................................14

*Nat'l Am. Ins. Co. of California v. Certain Underwriters at Lloyd's London*,
93 F.3d 529 (9th Cir. 1996) ……………………………………………………..16

*Nat'l Ass'n of Chain Drug Stores v. New England Carpenters' Health Benefits Fund*, 582 F.3d 30 (1st Cir. 2009) ..............................................................14

*In re National Football League Players Concussion Injury Litig.*,
775 F.3d 570 (3d Cir. 2014) ..................................................................... 11, 12

*Royal Printing Co. v. Kimberly Clark Corp.*,
621 F.2d 323 (9th Cir. 1980) .............................................................................6

*Stack v. Boyle*,
342 U.S. 1 (1951) ...........................................................................................14

*United States ex. rel. Irwin Eisenstein v. City of New York*,
556 U.S. 928 (2009).........................................................................................14

*Valley Forge Christian College v. Americans United for Separation of Church & State, Inc*., 454 US 464, 471 (1982) ....................................................17

## Statutes, Rules, and Other Authorities

28 U.S.C. § 1291 ................................................................................ 10, 13, 14

28 U.S.C. § 1292(a) ..............................................................................................10

28 U.S.C. § 1292(b) ....................................................................................10

Fed. R. Civ. P. 23(f) .............................................................................. 11-12

Fed. R. Civ. P. 23, 2018 Advisory Comm. Notes....................................11

Robert H. Lande, *New Options for State Indirect Purchaser Legislation:*
    *Protecting the Real Victims of Antitrust Violations*,
    61 Ala. L. Rev. 447 (2010) ....................................................................6

# I.   GROUNDS FOR THIS MOTION AND RELIEF SOUGHT

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Ninth Circuit Rule 3-6, Appellees, Indirect Purchaser Plaintiffs ("IPPs") in *In re: Cathode Ray Tube (CRT) Antitrust Litigation,* No. 4:07-cv-5944-JST, MDL No. 1917 (N.D. Cal.), move to dismiss Appellant Eleanor Lewis ("Lewis")'s purported appeal of the district court's Order Granting Motion for Preliminary Approval, ECF No. 5695[1] ("Preliminary Approval Order"), on the following grounds:

1.   The Preliminary Approval Order is not an appealable final judgment, and does not fall within any of the limited exceptions allowing interlocutory appeals of non-final orders;

   a. Fed. R. Civ. P. 23(f) expressly prohibits appeals of preliminary approval orders under Fed. R. Civ. P. 23(e)(1);

   b. The orders denying Lewis's motion to intervene (ECF Nos. 5626, 5684), and the Order Denying Motion to Alter or Amend those orders (ECF No. 5708), are not "final judgments" permitting appeal of subordinate, interlocutory orders;

---

[1] Unless otherwise noted, all references herein to "ECF No. __" are to the district court docket, *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, No. 4:07-cv-5944-JST, MDL No. 1917 (N.D. Cal.). The Preliminary Approval Order is attached as Exhibit 1 to the Declaration of Mario N. Alioto In Support of this Motion.

c. The Preliminary Approval Order is not material to the orders denying intervention in that it did not affect the outcome of the intervention motion. Orders that could not have affected the outcome, *i.e.,* orders not material to the judgment, are not appealable.

2.  Lewis lacks standing to appeal the district court's Preliminary Approval Order because, as the district court found, she is not a member of the amended settlement class and is therefore not bound by the amended settlements.

Accordingly, IPPs respectfully request that the Court dismiss Lewis' appeal of the Preliminary Approval Order.

Pursuant to Ninth Circuit Rule 27-1(3), IPPs also respectfully request that the Court rule on this motion to dismiss before the June 10, 2020 hearing date scheduled for Lewis's motion to stay proceedings in the district court pending resolution of this appeal (ECF No. 5718). Lewis's motion seeks to delay indefinitely the approval proceedings for IPPs' amended settlements. *Id*.

IPPs provided notice to class members of the amended settlements on March 27, 2020, further briefing dates are set, and a final hearing is scheduled for July 8, 2020. *See* Preliminary Approval Order at 20. IPP class members filed claims against these settlements in 2015. In these very uncertain and financially difficult times, IPP Counsel are anxious to proceed with approval of the amended settlements and

distribute the settlement funds to class members as soon as possible. A quick ruling from the Court on this motion to dismiss would inform the district court's decision on the stay motion, and prevent further, unnecessary delay.

## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

This appeal arises from a multidistrict litigation in which IPPs alleged that Defendants engaged in an international conspiracy to fix the prices of Cathode Ray Tubes ("CRTs"), which caused indirect purchasers of products containing CRTs (such as televisions and computer monitors) to pay more for those products than they otherwise would have. The complaint alleged violations of the Sherman Act, 15 U.S.C. § 1, and sought injunctive relief on behalf of a Nationwide Class of indirect purchasers of CRT Products, as well as damages on behalf of 22 statewide classes under the antitrust and unfair competition laws of 21 states and the District of Columbia. ECF No. 1526.

On July 7, 2016, after eight and a half years of litigation, the district court certified the Nationwide Class and the 22 statewide classes, and granted final approval of IPPs' settlements with six sets of defendants totaling $541.75 million.[2] On July 14, 2016, a week after the settlements were finally approved, Appellant

---

[2] ECF No. No. 4712 at 2-3. The district court had already finally approved two settlements totaling $35 million earlier in the litigation, making the total settlement fund $576,750,000. *Id.* at 2.

Lewis filed a Notice of Appearance in the district court. The Notice of Appearance claimed that Ms. Lewis was a class member and an Ohio resident. ECF No. 4718.

In August 2016, several purported class members, including Lewis, appealed the district court's approval of the settlements. ECF No. 4751. The law firm that currently represents Lewis on this appeal, Cooper & Kirkham, P.C., also filed an appeal in August 2016 on behalf of unidentified class members. ECF No. 4756.

By Order dated March 2, 2017, this Court dismissed Lewis's appeal because she failed to object to the settlements before the district court, and therefore lacked the power to appeal. *See* Appeal No. 16-16395, Dkt. Entry 66 at 7 ("Because appellant in No. 16-16395 did not object during the fairness hearing, she may not appeal the district court's order approving the class action settlement."). This Court likewise dismissed Cooper & Kirkham, P.C.'s appeal on behalf of unidentified class members. *Id*. ("The motion to dismiss appeal No. 16-16427 . . . is granted. Neither attorney Cooper nor Cooper & Kirkham, P.C. are members of the settlement class . . . and neither may bring an appeal on behalf of a group of unidentified class members.") (internal citations omitted).

Several appeals of settlement approval by other class members proceeded, however.[3] In April 2018, during oral argument in these other appeals, this Court expressed concern about the propriety of the settlements' release of claims by

---

[3] *See IPPs, et al. v. Toshiba Corp., et al.,* Lead Appeal No. 16-16368.

4

indirect purchasers in three states that had appealed from the settlement-approval order (Massachusetts, Missouri, and New Hampshire) because there were no named plaintiffs from those states, and indirect purchasers in those states could not claim compensation from the settlement fund.[4]

By Order dated February 13, 2019, this Court noted the district court's statement that it should not have approved a release without compensation of the Massachusetts, Missouri, and New Hampshire claims, and "therefore," remanded the case "so that the district court may reconsider its approval of the settlement."[5] This Court did not vacate the district court's Order Granting Final Approval of the original settlements or the Final Judgment, however, and stated that "[t]he current panel will retain responsibility for future appeals in this case." *Id.*

On remand, the district court reconfirmed Mario N. Alioto as Lead Counsel for the previously-certified 22 statewide classes (including the District of Columbia) (the "IPPs"),[6] and appointed counsel for Lewis, Tracy Kirkham of Cooper &

---

[4] *See* Dkt. Entry 202, April 10, 2018 Hearing Transcript, *IPPs, et al. v. Toshiba Corp., et al.,* No. 16-16368 (9th Cir. Apr. 11, 2018).

[5] *See* Order, Dkt. Entry 239, *IPPs, et al. v. Toshiba Corp., et al.,* No. 16-16368 (9th Cir. Feb. 13, 2019) ("Remand Order") at 11-12.

[6] ECF No. 5535 at 2-3. The 22 Indirect Purchaser State Classes are: Arizona, the District of Columbia, California, Florida, Hawaii, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, and Wisconsin.

Kirkham P.C., as Interim Lead Counsel for indirect purchasers in 20 so-called "Non-Repealer States" or "NRS,"[7] seeking relief despite the *Illinois Brick* bar.[8] The district court also appointed separate counsel for indirect purchasers in nine so-called "Other Repealer States" or "ORS."[9] Thereafter, following mediation before Magistrate Judge Jacqueline Scott Corley, IPPs and Defendants agreed to modify the settlements and executed Amendments to each of their Settlement Agreements.

The Amendments narrow the definition of the settlement class in each Settlement Agreement to include only the 22 Indirect Purchaser State Classes, which classes had been certified for settlement purposes in the July 7, 2016 Final Approval Order. *See* ECF No. 5695 at 5.[10] Thus, the settlement class for the six settlements, as amended, no longer includes the "Nationwide Class." *Id.* As a result, now only members of the 22 Indirect Purchaser State Classes release their claims against the

---

[7] ECF No. 5518 at 2. Illinois and Washington were later dropped from the NRS.

[8] *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977) (barring federal indirect purchaser claims). In response to *Illinois Brick*, many states passed so-called "Illinois Brick repealer statutes," which give indirect purchasers the right to sue when firms violate analogous state antitrust laws. *See, e.g.*, Robert H. Lande, *New Options for State Indirect Purchaser Legislation: Protecting the Real Victims of Antitrust Violations*, 61 Ala. L. Rev. 447, 448 (2010). Such states are referred to as "repealer states." A state which has not enacted such a statute is referred to as a "non-repealer state."

[9] ECF No. 5518. The ORS include Massachusetts, Missouri and New Hampshire.

[10] *See also* 4712 at 7, 36 (adopting Special Master's R&R (ECF No. 4351) at 17-21, and certifying the proposed classes for settlement purposes). Nearly identical classes for the 22 states were certified during the litigation. *See* ECF Nos. 1742, 1950.

Defendants, leaving indirect purchasers in all other states—including Appellant Lewis—free to pursue any claims they may have against Defendants. *Id*.

The Amendments also reduce each Defendant's settlement contribution by approximately 5.35%, for a total reduction of $29,000,000, and provide that Class Counsel will request a corresponding reduction in their fee award to fully offset the reduction in the settlement amounts, and ensure that the reductions do not adversely affect class members. *Id.* at 5.[11]

On September 16, 2019, IPPs filed a "Motion Pursuant to Ninth Circuit Mandate to Reconsider and Amend Final Approval Order, Final Judgment, and Fee Order." ECF No. 5587. The ORS and NRS purchasers opposed the motion. ECF No. 5607.

On March 11, 2020, the district court issued its Preliminary Approval Order. *See* ECF No. 5695. The district court "construed IPPs' motion as one for preliminary approval of the amended settlements between the 22 Indirect Purchaser State Classes and Defendants." *Id.* at 6. The Preliminary Approval Order properly considered the Fed. R. Civ. P. 23(a) and (b)(3) factors, concluding that the Amendments resolve the

---

[11] In addition, all interest earned on the original settlement amounts from the date of deposit in 2015—approximately $17,000,000—will remain in the fund for the benefit of class members (except that Class Counsel shall still be entitled to seek a share of the accrued interest on the fund proportionate to their fee and expense award). *Id.* at 5-6.

conflict of interest concerns posed by the original settlements,[12] and that "provisional certification of the proposed class is appropriate for the purposes of settlement." *Id*.

The Preliminary Approval Order also concluded that the amended settlements satisfy the requirements for preliminary approval under Fed. R. Civ. P. 23(e)(1). *See id*. at 11-17. With regard to the reduction in the settlement amounts under the Amendments, the district court noted that "[t]he proposed amended settlements . . . fully offset these amounts by requesting corresponding reductions in class counsel's attorney fee award." *Id*. at Accordingly, the district court reaffirmed its prior finding that the settlement amounts constitute a "good recovery" for the Class. *Id*. at 15-16. Finally, the district court concluded that it "will likely find the amended settlements to be fair, reasonable, and adequate at the final approval stage." *Id*. at 17.

With regard to notice, although the district court concluded that supplemental notice of the Amendments was not required because "[t[he amended settlements 'provide the same benefits to the members of the 22 Indirect Purchaser State Classes[,]" it approved IPPs' limited supplemental notice plan and ordered IPPs to provide notice by March 27, 2020. *Id.* at 18-20.[13] The district court further ordered

---

[12] *See id*. at 11 ("[B]y narrowing the settlement Class to include only the 22 Indirect Purchaser State Classes, the amendments remove potential conflicts of interests that could result from differences in claims and relief sought by the 22 Indirect Purchaser State Classes verses [sic] the ORS and NRS Subclasses.").

[13] IPPs have mailed and e-mailed notice of the amended settlements to class members in accordance with the Order. *See* Alioto Decl. ¶ 2.

that any objections to the Amendments or IPP Counsel's reduced attorney fee request are due on or before May 29, 2020. *Id.* at 20. It also scheduled a Final Hearing for July 8, 2020. *Id.*

Finally, the Preliminary Approval Order rejected objections to the Amendments by both Lewis (on behalf of the NRS purchasers), and the ORS purchasers, because they are not members of the amended settlement class and therefore lack standing to object to the settlements:

> The amended settlements state that the 'Nationwide Class,' . . . and members thereof (except for members of the 22 Indirect Purchaser States Classes), are expressly excluded from 'the Class' and are not bound by the Agreement.' The ORS/NRS Subclasses are members of the 'Nationwide Class' but are not members of the 22 Indirect Purchaser State Classes. Therefore, the persons and entities in these subclasses are not members of the amended settlement Class and have no standing to object to IPP Plaintiffs' motion for preliminary approval of the amended settlements.

*Id.* at 7 (internal citations omitted). The district court ordered Lewis's objection stricken from the district court record. *Id.*

On April 13, 2020, Lewis filed a Notice of Appeal in which she purports to appeal the Preliminary Approval Order, along with several other orders, including orders denying her motions to intervene. ECF No. 5711.

//

## III.  ARGUMENT

### A.    Lewis May Not Appeal From the Preliminary Approval Order

#### 1.    An Order Granting Preliminary Approval of a Class Action Settlement Is Not a Final Appealable Order

Under the "final judgment rule," federal appellate courts generally only have jurisdiction over appeals from a final judgment, subject to certain limited exceptions. *See* 28 U.S.C. § 1291; *Cunningham v. Hamilton Cnty.,* 527 U.S. 198, 200(1999). The purpose of this "final judgment rule" is to "combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results." *Cohen v. Beneficial Indus. Loan Corp*., 337 U.S. 541, 546 (1949). Appeal is therefore precluded "from any decision which is tentative, informal or incomplete," as well as from any "fully consummated decisions where they are but steps toward final judgment in which they will merge." *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996) (citing *Cohen,* 337 U.S. at 546).

It is indisputable that an order granting a motion for preliminary approval of a class action settlement under Fed. R. Civ. P. 23(e)(1)—such as the Preliminary Approval Order here—is not a final judgment. Nor does it fall within any of the limited exceptions that permit interlocutory appeals.[14] Indeed, Fed. R. Civ. P. 23(f),

---

[14] *See, e.g.,* 28 U.S.C. § 1292(a) (granting appellate jurisdiction over certain types of interlocutory orders); 28 U.S.C. § 1292(b) (allowing a district judge to certify an order involving a "controlling question of law as to which there is substantial ground

which permits limited interlocutory appeals of class certification orders under Rule 23(c)(1), *explicitly prohibits appeals of preliminary approval orders under Rule 23(e)(1)*. Rule 23(f) provides that "[a] court of appeals may permit an appeal from an order granting or denying class-action certification under this rule, **but not from an order under Rule 23(e)(1).**" Fed. R. Civ. P. 23(f) (emphasis added).

The Advisory Committee Notes for the 2018 Amendments to Rule 23 explain that review of a preliminary approval order would be premature because the district court has not yet decided whether to certify the class:

> As amended, Rule 23(e)(1) provides that the court must direct notice to the class regarding a proposed class-action settlement only after determining that the prospect of eventual class certification justifies giving notice. **But this decision does not grant or deny class certification, and review under Rule 23(f) would be premature. This amendment makes it clear that an appeal under this rule is not permitted until the district court decides whether to certify the class.**

Fed. R. Civ. P. 23, 2018 Advisory Comm. Notes (emphasis added).

In *In re National Football League Players Concussion Injury Litig.*, 775 F.3d 570 (3d Cir. 2014), the Third Circuit dismissed for lack of jurisdiction an appeal from an order granting preliminary approval of a class settlement because a preliminary approval order under Rule 23(e) is not subject to interlocutory review:

> We hold that an interlocutory appeal pursuant to Rule 23(f) permits the court of appeals to review only an 'order granting or denying class-

---

for difference of opinion" and where "immediate appeal from the order may materially advance the ultimate termination of the litigation").

action certification' issued pursuant to Rule 23(c)(1). An order issued under some other subdivision of Rule 23, such as a case management order issued pursuant to Rule 23(e) that 'preliminarily' or 'conditionally' addresses class certification but reserves the class certification determination for a later time, does not qualify as an 'order granting or denying class-action certification' that is subject to interlocutory review under Rule 23(f).

*Id.* at 584.

The Third Circuit relied on the fact that the district court's order only "preliminarily approved" the settlement, and "conditionally certified" the settlement class. *Id*. It also noted that the district court had set a fairness hearing to "consider whether" to finally approve the settlement and certify the class. *Id.*

Other courts have reached the same conclusion. *See, e.g., Liles v. Del Campo*, 350 F.3d 742, 746 (8th Cir. 2003) (refusing to hear appeal of preliminary approval order because "[s]everal steps remain before the district court finally approves class certification and any settlement" and therefore, "[t]o permit an appeal at this stage would unnecessarily delay the resolution of the litigation"); *In re Hyundai & Kia Fuel Econ. Litig*., No. MDL 13-2424-GW(FFMX), 2014 WL 12601476, at *2 (C.D. Cal. Nov. 5, 2014) ("[B]ecause the class certification order is not final, it is likely that no party's challenge to preliminary certification would be accepted for interlocutory appeal.").

Likewise here, the district court specifically stated that it was only "provisionally" certifying the amended settlement class (*see* Preliminary Approval

Order, ECF No. 5695 at 11, 19), and granted only "preliminary" approval of the amended settlements. *See id.* at 17 ("Because the Court *will likely find* the amended settlements to be fair, reasonable, and adequate at the final approval stage, preliminary approval of the settlement is warranted.") (emphasis added). In addition, as in *In re National Football Players*, the district court ordered notice be provided to class members, set a date for objections, and scheduled a hearing at which it would consider whether to finally approve the amended settlements and certify the settlement class. *Id.* at 19-20.

Accordingly, Lewis may not appeal the Preliminary Approval Order.

### 2. The Order Denying Lewis's Motion To Intervene Is Not A Final Judgment Permitting Appeal of the Preliminary Approval Order

Lewis argues that she may appeal the Preliminary Approval Order because the order denying her motion to intervene is a "final appealable order under 28 U.S.C. § 1291,"[15] and that somehow that order constitutes a "final judgment" in this action, bringing "all of the district court's subordinate orders within the jurisdiction of [the appellate] court," including the Preliminary Approval Order. ECF No. 5711 at 1 (citing *Hall v. City of Los Angeles*, 697 F.3d 1059, 1070 (9th Cir. 2012)). This argument fails for two reasons.

---

[15] 28 U.S.C. § 1291 states in relevant part: "The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States."

*First*, this argument incorrectly assumes that all orders appealable as "final decisions" under 28 U.S.C. § 1291 are "final judgments." They are not. *See Abney v. United States*, 431 U.S. 651, 658-59 (1977) (quoting *Stack v. Boyle*, 342 U.S. 1, 12 (1951)) ("While a final judgment always is a final decision, there are instances in which a final decision is not a final judgment.").

While final decisions or orders under 28 U.S.C. § 1291 "typically are ones that trigger the entry of judgment, they also include a small set of prejudgment orders that are 'collateral to' the merits of an action and 'too important' to be denied immediate review." *Mohawk Indus., Inc. v. Carpenter*, 130 S. Ct. 599, 603 (U.S. 2009). This "collateral order doctrine" permits appeals from an order denying a motion to intervene. *See United States ex. rel. Irwin Eisenstein v. City of New York,* 556 U.S. 928, 931 n.2 (2009) ("[T]he denial of a motion to intervene is appealable under the collateral order doctrine."); *see also Nat'l Ass'n of Chain Drug Stores v. New England Carpenters' Health Benefits Fund*, 582 F.3d 30, 40 (1st Cir. 2009) (would-be intervenors are "entitled to appeal the denials of intervention at once under the collateral order doctrine").

Contrary to Lewis' contention, however, the order denying her motion to intervene, while a "final decision" for purposes of 28 U.S.C. § 1291 and the collateral order doctrine, does not constitute a "final judgment" because it does not terminate the underlying action in which Lewis seeks intervention. Lewis recently

14

acknowledged as much in her Form 7 Mediation Questionnaire. *See* Appeal No. 20-15704, ECF No. 9 at 2 (noting that a number of proceedings remain pending in the district court, including "a deadline to submit objections to the IPP amended settlements, final approval hearing, final approval and fee order").

This is a crucial point. Interlocutory orders, such as the Preliminary Approval Order here, only merge and become reviewable by an appellate court "after final judgment has been entered" and challenged on appeal. *Kordich v. Marine Clerks Assoc.*, 715 F.2d 1392, 1393 (9th Cir. 1983).[16] Since it is not a final judgment, the district court's order denying Lewis's motion to intervene does not provide this Court with jurisdiction to review the Preliminary Approval Order. *See Hunt v. Imperial Merchant Servs., Inc.*, 560 F.3d 1137, 1140-41 (9th Cir. 2009) (although appellate court had jurisdiction under the collateral order doctrine to review a prejudgment order that shifted notice costs to defendants, it lacked jurisdiction to review a related class certification order, which is an interlocutory order not appealable under the collateral order doctrine).

---

[16] Lewis's own authority is not to the contrary. *See Hall*, 697 F.3d at 1070 ("*By appealing the final judgment*, Hall implicitly brought all of the district court's subordinate orders within the jurisdiction of our court) (citing *Chacon v. Wood,* 36 F.3d 1459, 1468 (9th Cir. 1994) ("*When reviewing final judgments in civil proceedings* we have jurisdiction to review any interlocutory orders or other rulings that may have affected the outcome below.") (emphases added).

*Second*, Lewis's appeal from the denial of her motion to intervene does not bring up the Preliminary Approval Order because "[o]rders that could not have affected the outcome, *i.e.,* orders not material to the judgment, are not appealable." *Nat'l Am. Ins. Co. of California v. Certain Underwriters at Lloyd's London*, 93 F.3d 529, 540 (9th Cir. 1996) (citing *Akin v. PAFEC Ltd.,* 991 F.2d 1550, 1563 (11th Cir. 1993). Here, the Preliminary Approval Order is not material to the orders denying Lewis's motion to intervene. It pertains to separate settlements between a separate group of plaintiffs (the IPPs) and Defendants, and involves different legal standards and different facts.

Moreover, the Preliminary Approval Order was issued over a month *after* the February 4, 2020 order denying Lewis's renewed motion to intervene (ECF No. 5684), and *almost five months after* the October 15, 2019 order denying her original motion to intervene (ECF No. 5626). *See* ECF No. 5711 (Notice of Appeal, listing orders from which she appeals). Thus, the Preliminary Approval Order could not have affected the district court's decision to deny intervention to Lewis. It is therefore not appealable as a "subordinate order" to the orders denying the motions to intervene. *See Hall,* 697 F.3d at 1070; *Nat'l Am. Ins. Co. of California*, 93 F.3d at 540.

16

Because Lewis does not (and cannot) proffer any additional bases for this Court's jurisdiction over her appeal of the Preliminary Approval Order, that appeal must be dismissed.

## B. Appellant Lewis Lacks Standing to Appeal the Preliminary Approval Order Because She is Not a Class Member

In addition to the requirement of an "appealable" judgment or order, an appeal may be taken only by those who have Article III standing to appeal. The standing requirement is jurisdictional and cannot be waived. *See Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 US 464, 471 (1982). Moreover, it is the appellant's burden to demonstrate appellate court standing. *See Center for Biological Diversity v. United States Fish & Wildlife Service*, 807 F.3d 1031, 1043 (9th Cir. 2015).

As this Court found when it dismissed a prior appeal by Cooper & Kirkham (counsel for Lewis), only class members may appeal approval of class action settlements. *See* Appeal No. 16-16368, Dkt. Entry 34 ("The motion to dismiss appeal No. 16-16427 . . . is granted. Neither attorney Cooper nor Cooper & Kirkham, P.C. are members of the settlement class . . . .) (citing *Devlin v. Scardelletti*, 536 U.S. 1, 11 (2002) ("[T]he power to appeal is limited to those nonnamed class members who have objected during the fairness hearing."); *see also In re First Capital Holdings Corp. Fin. Products Sec. Litig.*, 33 F.3d 29, 30 (9th Cir. 1994) ("Simply being a

member of a class is not enough to establish standing. One must be an aggrieved class member.”). As the Supreme Court has explained:

> What is most important . . . is that nonnamed class members are parties to the proceedings in the sense of being bound by the settlement. It is this feature of class action litigation that requires that class members be allowed to appeal the approval of a settlement when they have objected at the fairness hearing.

*Devlin,* 536 U.S. at 10.

Here, Lewis's Notice of Appearance states that she is a resident of Ohio. ECF No. 4718. In addition, Lewis and her counsel have been appointed to represent indirect purchasers in the "non-repealer states," including Ohio. ECF No. 5518 at 2. The amended settlement class explicitly includes only members of the 22 Indirect Purchaser State Classes, and none of those Classes includes indirect purchasers residing in Ohio. Thus, Lewis is not a member of the amended settlement class and will not be bound by the amended settlements—a fact the district court correctly recognized when it struck her objections to IPP's motion for preliminary approval for lacking of standing. *See* Preliminary Approval Order at 7; *see also Douglas v. The W. Union Co.*, 955 F.3d 662, 665 (7th Cir. 2020) ("[U]nder Rule 23(e)(5)(A) only a 'class member' may object to a class settlement, so the rule does not create standing for nonclass members. . . .") (citing *Mayfield v. Barr*, 985 F.2d 1090, 1092– 93 (D.C. Cir. 1993), and *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989)).

Lewis is not a class member, much less an aggrieved class member. Lewis therefore lacks standing to bring this appeal, and her appeal must be dismissed for lack of jurisdiction.

## IV. APPELLANT'S POSITION

Lewis's Counsel has informed IPP Lead Counsel that she will not dismiss the appeal voluntarily and will oppose this motion.

## V. CONCLUSION

For all of the foregoing reasons, Appellant Lewis's appeal of the Preliminary Approval Order must be dismissed.

Dated: May 8, 2020                    Respectfully submitted,

                                      _/s/ Mario N. Alioto_
                                      Mario N. Alioto

                                      Mario N. Alioto (56433)
                                      Lauren C. Capurro (241151)
                                      **TRUMP, ALIOTO, TRUMP &**
                                      **PRESCOTT LLP**
                                      2280 Union Street
                                      San Francisco, CA 94123
                                      Telephone:  (415) 563-7200
                                      Facsimile:(415) 346-0679

                                      _Lead Counsel for Indirect Purchaser_
                                      _Plaintiffs, Appellees_

**Appeal No. 20-15704**

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

IN RE CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION

*Indirect Purchaser Plaintiffs, et al. v. Toshiba Corporation, et al.*

_____

On Appeal from The United States District Court
For the Northern District of California
The Honorable Jon S. Tigar
No. 07-CV-5944-JST, MDL No. 1917

_____

**DECLARATION OF MARIO N. ALIOTO
IN SUPPORT OF MOTION TO DISMISS PURPORTED
APPEAL FROM PRELIMINARY APPROVAL ORDER**

_____

Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

*Lead Counsel for Indirect Purchaser Plaintiffs*

I, Mario N. Alioto, declare:

1.      I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am a partner with the law firm Trump, Alioto, Trump & Prescott, LLP and my firm serves as Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs"), the Plaintiff-Appellees in the above-captioned action. I submit this declaration in support of the IPPs' motion to dismiss the appeal of the Order Granting Motion for Preliminary Approval, ECF No. 5695, filed by Eleanor Lewis, No. 20-15704. The matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2.      IPPs have mailed and e-mailed notice of the amended settlements to class members in accordance with the Order Granting Motion for Preliminary Approval, at 20.

3.      Attached hereto as Exhibit 1 is a true and correct copy of the district court's March 11, 2020 Order Granting Motion for Preliminary Approval, ECF No. 5695.

4.      Attached hereto as Exhibit 2 is a true and correct copy of the district court's October 15, 2019 Order Denying Eleanor Lewis's Motion to Intervene and File an Amended Complaint, ECF No. 5626.

5.      Attached hereto as Exhibit 3 is a true and correct copy of the district court's February 4, 2020 Order Denying Renewed Motions to Intervene, ECF No.

5684.

6.    Attached hereto as Exhibit 4 is a true and correct copy of the district court's April 9, 2020 Order Denying [the Appellants' Rule 59] Motion to Alter or Amend the Court's [February 4, 2020] Order, ECF No. 5708.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 8th day of May 2020 at San Francisco, California.

*/s/ Mario N. Alioto*
Mario N. Alioto

# EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION

Case No. 07-cv-05944-JST

**ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL**

Re: ECF No. 5587

This Document Relates to:

INDIRECT PURCHASER ACTIONS FOR
THE 22 STATES

Before the Court is the Indirect Purchaser Plaintiffs' motion pursuant to Ninth Circuit mandate to reconsider and amend final approval order, final judgment, and fee order. ECF No. 5587. The Court construes the motion as one for preliminary approval and grants it.

**I.     BACKGROUND**

**A.     Original Settlement Agreements**

The factual history of this case is well known to the parties and is contained in the Court's prior orders. The case is predicated upon an alleged conspiracy to price-fix cathode ray tubes ("CRTs"), a core component of tube-style screens for common devices including televisions and computer monitors. The conspiracy ran from March 1, 1995 to November 25, 2007, involved many of the major companies that produced CRTs, and allegedly resulted in overcharges of billions of U.S. dollars to domestic companies that purchased and sold CRTs or products containing CRTs. A civil suit was originally filed in 2007, ECF No. 1, consolidated by the Joint Panel on Multidistrict Litigation shortly thereafter, *see* ECF No. 122, assigned as a Multidistrict Litigation case ("MDL") to Judge Samuel Conti, *see id.*, and ultimately transferred to the undersigned in November 2015, *see* ECF No. 4162.

In 2015, one group of plaintiffs – the Indirect Purchaser Plaintiffs ("IPP Plaintiffs") – reached class action settlements with six groups of corporate defendants: Phillips,[1] Panasonic,[2] Hitachi,[3] Toshiba,[4] Samsung,[5] and Thomson/TDA.[6]  The settlements included a "Nationwide Class" of "[a]ll persons and or entities who or which indirectly purchased in the United States for their own use and not for resale, CRT Products manufactured and/or sold by the Defendants."  *See* ECF No. 1526 at 59-60; ECF Nos. 3862-1, 3862-2, 3862-3, 3862-4, 3862-5; ECF No. 3876-1 (adopting the class definitions set forth in the operative complaint).  The agreements also included Statewide Damages Classes of indirect purchasers of CRT products seeking money damages under the laws of 21 states and the District of Columbia ("22 Indirect Purchaser State Classes"). *See id.*  The Court certified these classes for settlement purposes in its 2016 Final Approval Order. *See* ECF No. 4712 at 7, 36 (adopting Special Master's report and recommendation, ECF No. 4351 at 22-29, and conditionally certifying the 22 Indirect Purchaser State Classes).

The proposed settlements resolved all federal and state-law claims brought by the IPP Plaintiffs against the settling Defendants and obligated the Defendants to pay a total of $541,750,000.  *See* ECF No. 3862-1 at 8; ECF No. 3862-2 at 8; ECF No. 3862-3 at 8; ECF No. 3862-4 at 8; ECF No. 3862-5 at 8; ECF No. 3876-1 at 9-10.  The settlements provided monetary compensation for class members in the 22 Indirect Purchaser State Classes but did not provide

---

[1] The Philips entities include Koninklijke Philips N.V., Philips Electronics North America Corporation, Philips Taiwan Limited, and Philips do Brasil, Ltda.  ECF No. 3862-1 at 2.

[2] The Panasonic entities include Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co. Ltd.  ECF No. 3862-2 at 2.

[3] The Hitachi entities include Hitachi, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., Hitachi Electronics Devices (USA), Inc., and Hitachi Displays, Ltd.  ECF No. 3862-3 at 2.

[4] The Toshiba entities include Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.  ECF No. 3862-4 at 2.

[5] The Samsung entities include Samsung SDI Co. Ltd., Samsung SKI America, Inc., Samsung SDI Brazil Ltd., Tianjin Samsung SDI Co. Ltd, Shenzhen Samsung SDI Co., Ltd., SKI Malaysia Sdn. Bhd., and SDI Mexico S.A. de C.V.  ECF No. 3862-5 at 2.

[6] The Thomson and TDA entities include Technicolor SA, Technicolor USA, Inc., and Technologies Displays Americas LLC.  ECF No. 3876-1 at 2.

United States District Court
Northern District of California

1  compensation for persons or entities in certain other states, which collectively are now

2  denominated the Omitted Repealer[7] State subclass ("ORS Subclass").[8]  The settlement also

3  provided no compensation to persons or entities in states whose laws do not provide for recovery

4  to indirect purchasers ("non-repealer states"), now denominated the Non-Repealer State subclass

5  ("NRS Subclass").[9]  *See* ECF Nos. 3862-1, 3862-2, 3862-3, 3862-4, 3862-5, 3876-1.  Even though

6  they received no compensation, the settlements required members of the ORS and NRS

7  Subclasses to release their claims for injunctive relief, equitable monetary relief, and damages.

8  The agreements proposed a distribution plan which included: (1) a "weighted pro-rata

9  distribution to all members of the 22 Indirect Purchaser State Classes that filed valid claims," (2) a

10  minimum payment of at least $25 per claimant, and (3) a maximum payment of "three times the

11  estimated money damages per claimant."  ECF No. 5587 at 30; *see* ECF No. 3862 ¶¶ 43-50.  The

12  plan "assign[ed] different weights to different CRT products based on the overcharge evidence for

13  each."  ECF No. 5587 at 30; *see* ECF No. 3862 ¶¶ 44-49.

14  After this Court preliminarily approved the original settlements, the claims administrator

15  carried out a notice plan which involved: (1) mail and email notices sent to 10,082,690 unique

16  addresses, (2) publication of notice on the settlement website, (3) advertisements on Google,

17

18  ————————————

19  [7] In *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), the Supreme Court held that only direct purchasers could recover damages for price-fixing under Section 4 of the Clayton Act.  *Id.* at 735.

20  As the Ninth Circuit has summarized, the Supreme Court "barred indirect purchasers' suits, and left the field of private antitrust enforcement to the direct purchasers."  *Royal Printing Co. v.*

21  *Kimberly Clark Corp.*, 621 F.2d 323, 325 (9th Cir. 1980).  In response to the *Illinois Brick* decision, many states passed so-called "*Illinois Brick* repealer statutes," which give indirect

22  purchasers the right to sue when firms violate analogous state antitrust laws.  *See, e.g.,* Robert H. Lande, New Options for State Indirect Purchaser Legislation: Protecting the Real Victims of

23  Antitrust Violations, 61 Ala. L. Rev. 447, 448 (2010).  Such states are referred to a "repealer states."  A state which has not enacted such a statute is referred to as a "non-repealer state."

24  [8] The ORS Subclass in its current iteration consists of Indirect Purchaser Plaintiffs in the following

25  states: Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah.  ECF No. 5518 at 1; ECF No. 5645 at 2.  The parties now use the

26  "ORS" abbreviation to signify "other repealer states" rather than "omitted repealer states."  ECF No. 5645 at 1 n.1.

27  [9] The NRS Subclass consists of Indirect Purchaser Plaintiffs in the following Non-Repealer States: Alabama, Alaska, Colorado, Connecticut, Delaware, Georgia, Idaho, Illinois, Indiana, Kentucky,

28  Louisiana, Maryland, New Jersey, Ohio, Oklahoma, Pennsylvania, Texas, Virginia, Washington, and Wyoming. ECF No. 5518 at 2.

Facebook, and other popular websites, and (4) print and online publications throughout the United States, in both English and Spanish.  *See* ECF No. 4071-1 ¶ 114; ECF No. 4371 ¶¶ 4-13.  These notices directed class members to the settlement website.  *See* ECF No. 4371 ¶¶ 9-13.  They also advised class members of material settlement terms, the plan of distribution, and class counsel's intent to apply for an attorney fee award of up to one-third of the settlement fund.  ECF No. 4071-1 ¶ 115.

On July 7, 2016, this Court granted final approval of the six settlement agreements.  ECF No. 4712 at 1.  On August 3, 2016, the Court issued a Fee Order approving an attorney's fees award of $158,606,250 to class counsel, an amount comprising 27.5% of the settlement fund.  ECF No. 4740 at 2, 5-9.  Two objectors appealed the settlement approval and fee award to the Ninth Circuit.  ECF No. 4741.

On October 1, 2018, while the appeals were pending, the IPP Plaintiffs filed a Motion pursuant to Federal Rule of Civil Procedure 62.1 for an Indicative Ruling on Their Motion to Amend The IPP Fee Order and Amend the Plan of Distribution.  ECF No. 5335.  Counsel for the IPP Plaintiffs proposed to modify the earlier settlement by reducing the attorney's fees award by $6 million and using those funds to compensate plaintiffs in three states – Massachusetts, Missouri, and New Hampshire – that were omitted from the original settlement ("Omitted Repealer States").  *Id.* at 8.

The Court denied the motion on November 8, 2018.  ECF No. 5362.  The Court concluded that it had erred by approving the settlement in the first place, and that the IPP Plaintiffs' proposed modifications did not cure all the defects in the settlement.  *Id.*  The Court's primary concern was that the settlement required class members in the Omitted Repealer States to release their claims without compensation.  *See* ECF No. 5362 at 1.  However, the order also expressed "concerns about the adequacy of the counsel who negotiated that settlement or whether they may have faced a conflict of interest," given that they had released some clients' claims without compensation.  *Id.* at 1.  In response to the Court's order, the Ninth Circuit remanded "this case so that the district court [could] reconsider its approval of the settlement."  *See In re Cathode Ray Tube Antitrust*

1  *Litig.*, No. 16-16368 (9th Cir. Feb. 13, 2009), ECF No. 238 at 11.  The Ninth Circuit did not

2  vacate this Court's Final Approval, Final Judgement, or Fee Order.  *Id.*

3         On remand, this Court confirmed the existing lead counsel for the IPP Plaintiffs and

4  appointed separate counsel for the ORS and NRS Subclasses.  ECF Nos. 5535, 5518.  The Court

5  then referred the matter to Magistrate Judge Corley for settlement.  ECF No. 5427.

6       **B.**      **Amended Settlement Agreements**

7         After the Ninth Circuit remanded this case, counsel for IPP Plaintiffs[10] and seven

8  Defendants engaged in mediation sessions before Magistrate Judge Corley and agreed to amend

9  the settlements.  ECF No. 5531; ECF No. 5587-1 ¶¶ 2-3.

10         The amendments alter the settlements in three ways.  First, they appoint new settlement

11  class representatives for the states of Hawaii, Nevada, New Mexico, and South Dakota.[11]  Second,

12  they narrow the definition of "the Class" to include only the 22 Indirect Purchaser State Classes

13  certified for settlement in the Court's 2016 Final Approval Order.  ECF No. 5587-1 at 7, 13, 19,

14  25, 31, 38.  The amended settlements no longer include a Nationwide Class.  *See* ECF No. 5587 at

15  16; ECF No. 5587-1.  Only members of the 22 Indirect Purchaser State Classes release their

16  claims against Defendants.  Third, the amendments reduce each Defendant's settlement

17  contribution by approximately 5.35%, for a total reduction of $29,000,000.  ECF No. 5587 at 17;

18  *see* ECF No. 5587-1 at 7-8, 13-14, 19-20, 25-26, 31-32, 38-39.  The amendments offset these

19  reductions in settlement amount by requesting that the Court reduce the attorney's fees previously

20  awarded by $29,000,000.  *See id.*  Interest earned on the original settlement funds since their 2015

21  deposit in an escrow account will remain in the fund, except that class counsel will still be entitled

22  to seek a share of the accrued interest proportionate to their fee and expense award.  ECF No. 5587

23

24  [10] On remand, the Court appointed separate counsel to represent the ORS and NRS Subclasses.
ECF Nos. 5518, 5535.

25

26  [11] On September 13, 2019, IPP Plaintiffs filed a stipulation amending their operative complaints to substitute Sandra Riebow for Daniel Riebow as the named plaintiff for the state of
Hawaii; Gregory Painter for Gloria Comeaux as the named plaintiff for the state of Nevada;

27  MaryAnn Stephenson for Craig Stephenson as the named plaintiff for the state of New Mexico;
and Donna Ellingson-Mack for Jeffrey Speaect as the named plaintiff for South Dakota.  ECF

28  Nos. 5584-1, 5584-2.  On September 16, 2019, the Court entered the Order.  ECF No. 5585.

United States District Court
Northern District of California

1  at 17; *see* ECF No. 5587-1 at 7-8, 13-14, 19-20, 25-26, 31-32, 38-39.  All other terms of the

2  original settlement agreements and plan for distribution remain the same.  ECF No. 5587-1 at 8,

3  14, 20, 26, 33, 39.

4  **C.  Motion for Preliminary Approval**

5  On September 16, 2019, the IPP Plaintiffs filed a "motion pursuant to Ninth Circuit

6  mandate to reconsider and amend final approval order, final judgment, and fee order."  ECF No.

7  5587.  In their motion, IPP Plaintiffs request that the Court "reconsider and approve the amended

8  settlements under Rule 23(e); order notice be given; and amend the Final Approval Order, the

9  Final Judgment, and the Fee Order . . . after a final hearing."  ECF No. 5587 at 37.  The Court

10  construes the motion as one for preliminary approval of the amended settlements between the 22

11  Indirect Purchaser State Classes and Defendants.  The ORS Subclass and NRS Subclass oppose

12  the motion.  ECF No. 5607.  The IPP Plaintiffs have filed a reply.  ECF No. 5616.

13  **II.  JURISDICTION**

14  The Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

15  **III.  STANDING TO OBJECT**

16  **A.  Legal Standard**

17  A party seeking to invoke the Court's jurisdiction has the burden of establishing standing.

18  *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103-04 (1998);  *see In re Hydroxycut*

19  *Marketing and Sales Practices Litig.*, No. 09md2087 BTM (KSC), 2013 WL 5275618, at *2 (S.D.

20  Cal. Sept. 17, 2013) ("The party seeking to invoke the Court's jurisdiction—in this case, the

21  Objectors—has the burden of establishing standing.").  Under Federal Rule of Civil Procedure

22  23(e), "nonclass members have no standing to object to the settlement of a class action."  *San*

23  *Francisco NAACP v. San Francisco Unified School Dist.*, 59 F. Supp. 2d 1021, 1032 (N.D. Cal.

24  1999) (citing *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989) ("The plain language of

25  Rule 23(e) clearly contemplates allowing only class members to object to settlement proposals")).

26  **B.  Discussion**

27  The ORS and NRS Subclasses oppose the IPP Plaintiffs' motion for preliminary approval.

28  ECF No. 5607.  The IPP Plaintiffs ask the Court to disregard these objections because the

United States District Court
Northern District of California

"ORS/NRS Plaintiffs lack Article III standing to object to the Amendments . . . because they are not members of the amended settlement class." ECF No. 5616 at 7. The IPP Plaintiffs are correct.

The amended settlements state that the "'Nationwide Class,' . . . and members thereof (except for members of the 22 Indirect Purchaser States Classes), are expressly excluded from 'the Class' and are not bound by the Agreement." *See* ECF No. 5587-1 at 7, 13, 19, 25, 31, 38. The ORS/NRS Subclasses are members of the "Nationwide Class" but are not members of the 22 Indirect Purchaser State Classes. ECF No. 5616 at 8; *see* ECF No. 1526 at 59-60; ECF Nos. 3862-1, 3862-2, 3862-3, 3862-4, 3862-5; ECF No. 3876-1. Therefore, the persons and entities in these subclasses are not members of the amended settlement Class and have no standing to object to IPP Plaintiffs' motion for preliminary approval of the amended settlements. *See Kent v. Hewlett-Packard Co.*, No. 5:09-cv-05341-JF (HRL), 2011 WL 4403717, at *3 (N.D. Cal. Sept. 20, 2011) ("The Ziegenfelders are excluded from the settlement. . . . Because they are not members of the class, the Ziegenfelders lack standing to object."); *Hydroxycut*, 2013 WL 5275618, at *2 ("[N]either Mr. Blanchard nor Ms. McBean have satisfied their burden of establishing that they are class members and therefore have standing to object to the proposed settlement."). Accordingly, the Court strikes the objections of the ORS and NRS Subclasses. *See Miller v. Ghirardelli Chocolate Co.*, No. 12-cv-04936-LB, 2015 WL 758094, at *10 (N.D. Cal. Feb. 20, 2015) ("The court [] finds that all three objectors lack standing and strikes their objections").

## IV. CLASS CERTIFICATION

### A. Legal Standard

Class certification under Federal Rule of Civil Procedure 23 is a two-step process. First, a plaintiff must demonstrate that the four requirements of Rule 23(a) are met: numerosity, commonality, typicality, and adequacy. *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 542-44 (9th Cir. 2013). "Class certification is proper only if the trial court has concluded, after a 'rigorous analysis,' that Rule 23(a) has been satisfied." *Id.* (quoting *Wal-Mart Stores, Inc.*, 564 U.S. at 351).

Second, a plaintiff must establish that the action meets one of the bases for certification in Rule 23(b). IPP Plaintiffs rely on Rule 23(b)(3) and must therefore establish that "questions of law or fact common to class members predominate over any questions affecting only individual

United States District Court
Northern District of California

1  members, and that a class action is superior to other available methods for fairly and efficiently

2  adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).

3       When determining whether to certify a class for settlement purposes, a court must pay

4  "heightened" attention to the requirements of Rule 23.  *Amchem Prods., Inc. v. Windsor*, 521 U.S.

5  591, 620 (1997).  "Such attention is of vital importance, for a court asked to certify a settlement

6  class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the

7  proceedings as they unfold."  *Id.*

8       **B.      Discussion**

9            **1.      Numerosity, Commonality, Predominance, and Superiority**

10      In its 2016 Final Approval Order, the Court made findings regarding numerosity,

11  commonality, predominance, and superiority.  *See* ECF No. 4712 at 7, 36.

12      The Court found that the 22 Indirect Purchaser State Classes satisfied Rule 23(a)'s

13  numerosity and commonality requirements because: (1) "millions of people in the United States

14  purchased CRT products during the class period" and (2) there are "questions of law and fact

15  common to the Class, including whether the Defendants engaged in a price-fixing conspiracy that

16  injured Plaintiffs when they paid more for CRT Products than they would have absent the alleged

17  price-fixing conspiracy."  ECF No. 4351 at 26; *see* ECF No. 4712 at 7 (adopting the Special

18  Master's Rule 23 analysis and incorporating it by reference in the Final Approval Order).

19      The Court also concluded that the classes satisfied Rule 23(b)(3)'s predominance and

20  superiority criteria because: (1) "all IPPs are alleged to have paid overcharges that were caused by

21  the defendants' alleged price-fixing activities" and (2) "the damages of most individual class

22  members are relatively small compared to the cost of the litigation, making it difficult for

23  individual class members to adjudicate their claims individually."  *See* ECF No. 4712 at 7, 36

24  (adopting Special Master's report and recommendation, ECF No. 4351 at 22-29).  Moreover, in

25  price-fixing cases, such as this, "courts repeatedly have held that the existence of the conspiracy is

26  the predominant issue and warrants certification even when significant individual issues are

27  present."  *Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives and Composites, Inc.*, 209

28

United States District Court
Northern District of California

8

F.R.D. 159, 167 (C.D. Cal. 2002) (quoting *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 518 (S.D.N.Y.).

No parties objected to the Court's findings regarding the numerosity, commonality, predominance, and superiority of the 22 Indirect Purchaser State Classes in the original settlement. *See* ECF No. 4712 at 7. Because the amended settlements do not alter the composition of these classes, the Court adopts the reasoning from its previous Final Approval Order. *See Giroux v. Essex Property Trust, Inc.*, No. 16-cv-01722-HSG, 2019 WL 2106587, at *2 (N.D. Cal. May 14, 2019) (approving stipulated amendments to class settlement after final approval and "incorporat[ing] by reference prior analysis under Rules 23(a) and (b)" because "no facts that would affect these requirements have changed since the Court preliminarily approved the class").

### 2. Typicality – Rule 23(a)(3)

Under Rule 23(a)(3), "representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017) (citations omitted). "Measures of typicality include whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Id.* (internal quotation marks and citations omitted).

The Court finds that the claims of the representative parties are typical of the claims of the class. *See* Fed. R. Civ. P. 23(a)(3). In its previous Final Approval Order the Court found that "the claims of the representative Plaintiffs are typical of the claims of the class members because they all indirectly purchased CRT products at supra-competitive levels as a result of the alleged price-fixing conspiracy during the relevant time period." ECF No. 4351 at 26; *see* ECF No. 4712 at 7 (adopting the Special Master's Rule 23 analysis). The Court adopts this reasoning with respect to the representative plaintiffs common to the original and amended settlements.

The amended settlements appoint new class representatives for the states of Hawaii, Nevada, New Mexico, and South Dakota. These newly appointed class representatives also satisfy the Rule 23(a)(3) typicality requirement. Each representative "purchased CRT Products from one or more of the Defendants or their co-conspirators" during the Class Period. ECF No. 5589 ¶¶ 26,

United States District Court
Northern District of California

37, 38, 44.  Moreover, each representative alleges that he/she suffered the same injury as other class members – being overcharged for CRT products as a result of the alleged CRT conspiracy. *See id*; ECF No. 5589 ¶¶ 225-242.

### 3. Adequacy of Representation – Rule 23(a)(4)

Rule 23(a)(4) permits certification of a class action only if "the representative parties will fairly and adequately protect the interest of the class."  Fed. R. Civ. P. 23(a)(4); *Nielson v. The Sports Authority*, No. C 11-4724 SBA, 2013 WL 3957764, at *6 (N.D. Cal. July 29, 2013).  "To determine whether named plaintiffs will adequately represent a class, courts must resolve two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'"  *Ellis v. Costco Wholsale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998)).

At this stage, the Court is satisfied with IPP Plaintiffs' demonstration that the representative parties will fairly and adequately protect the interests of the class.  "Given the identity of issues shared by the class and proposed class representatives, the named plaintiffs' interests are sufficiently aligned with those of the class."  *See Bostick v. Herbalife Int'l of Am., Inc.*, No. CV 13-2488 BRO (SHx), 2015 WL 12731932, at *8 (C.D. Cal. May 14, 2015). Moreover, IPP Plaintiffs' and class counsel have vigorously prosecuted this action on behalf of the 22 Indirect Purchaser State Classes.  *See id.*  First, named plaintiffs and class counsel "conducted extensive discovery and engaged in multiple mediation and negotiation sessions before reaching" the original and amended settlements.  *See id.* at *14; ECF No. 3862 ¶¶ 12, 15; ECF No. 5587-1 ¶¶ 2-3.  Discovery leading up to the settlements has required production and review of millions of documents and the taking of hundreds of depositions, all conducted over eight-plus years.  *See* ECF No. 3862 ¶¶ 12, 15.  Second, IPP Lead Counsel has "invested considerable time in this case and ha[s] substantial experience with class action litigation."  *See Bostick*, 2015 WL 12731932, at *14; ECF No. 4073-1 at 6-15.  Third, the new named plaintiffs have affirmed their understandings of the allegations in the case and their genuine interest in this litigation.  ECF No. 5587-1 ¶ 4. Each new named plaintiff has "reviewed the pleadings, the settlement agreements and the

United States District Court
Northern District of California

10

Amendments thereto, and, in consultation with their lawyers, have approved them on behalf of their respective states." *Id.* "This is sufficient to demonstrate adequacy under Rule 23(a)." *See Bostick*, 2015 WL 12731932, at *14.

During the 2016 final approval process, several objectors argued that the absence of recovery by the ORS and NRS Subclasses suggested a conflict of interest between the 22 Indirect Purchaser State Classes and certain members of the Nationwide Class. *See, e.g.,* ECF No. 4113 at 8; ECF No. 4125 at 4-5; *see Ellis*, 657 F.3d at 985 ("To determine whether named plaintiffs will adequately represent a class, courts must resolve" whether "the named plaintiffs and their counsel have any conflict of interest with other class members."). The amended settlements eliminate these concerns. On remand, the Court appointed separate counsel to represent the ORS Subclass and NRS Subclass. ECF Nos. 5535, 5518; *see Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 819, 856 (1999) (discussing division of a class "into homogeneous subclasses . . . with separate representation to eliminate conflicting interests of counsel" when class members have divergent interests). Additionally, by narrowing the settlement Class to include only the 22 Indirect Purchaser State Classes, the amendments remove potential conflicts of interests that could result from differences in claims and relief sought by the 22 Indirect Purchaser State Classes verses the ORS and NRS Subclasses. *See Campbell v. Best Buy Stores, L.P.*, No. LA CV 12-07794 JAK (SHx), 2015 WL 12744268, at *5 (noting conflicts of interest that arise from "differences in the type of relief sought, the amount or seriousness of damages sought," and "the theories of law or fact that may benefit some class members"). Therefore, the amendments moot the adequacy-of-representation concerns expressed by objectors to the original settlement.

For the foregoing reasons, the Court concludes that provisional certification of the proposed class is appropriate for the purposes of settlement.

## V.       PRELIMINARY APPROVAL

The IPP Plaintiffs seek approval of their amended settlement agreements and an order directing limited notice to the putative class and setting a fairness hearing. ECF No. 5587 at 37. The Court finds that preliminary approval of the settlement is warranted and grants IPP Plaintiffs' request for limited notice.

11

### A. Legal Standard

The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). The proposed settlement need not be ideal, but it must be fair, free of collusion, and consistent with counsel's fiduciary obligations to the class. *Hanlon*, 150 F.3d at 1027, *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ("Settlement is the offspring of compromise; the question we address is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion."). "The initial decision to approve or reject a settlement proposal is committed to the sound discretion of the trial judge." *City of Seattle*, 955 F.2d at 1276 (citation omitted).

Rule 23 requires courts to employ a two-step process in evaluating class action settlements. First, courts preliminarily approve the settlement and authorize notice to the class. *See Wilson v. Tesla*, No. 17-cv-03763-JSC, 2019 WL 2929988, at *4 (N.D. Cal. July 8, 2019). Second, courts conduct a hearing to make a final determination of whether a settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

The court's task at the preliminary approval stage is to determine whether the settlement falls "within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (citation omitted). To guide this analysis, courts look to the four overarching factors contained in recently-amended Rule 23(e)(2) and consider whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate; and

(D) the proposal treats class members equitably relative to each other.

*Shin v. Plantronics*, No. 18-cv-05626-NC, 2019 WL 2515827, at *4 (N.D. Cal. July 17, 2019); *see* Manual for Complex Litigation, Fourth ("MCL, 4th") § 21.632 (FJC 2004) (explaining that courts "must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms"). The amendments to Rule 23 do "not 'displace any factor' previously

announced by the Ninth Circuit,[12] but instead 'focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal.'" *Shin*, 2019 WL 2515827, at *4; *see* Advisory Committee Notes, Fed. R. Civ. P. 23, subdiv. (e)(2) (2018).  Thus, courts may apply the framework set forth in Rule 23, "while continuing to draw guidance from the Ninth Circuit's factors and relevant precedent." *Hefler v. Wells Fargo & Co.*, No. 16-cv-05479-JST, 2018 WL 6619983, at *4 (N.D. Cal. Dec. 18, 2018).

Settlements that occur before formal class certification require a higher standard of fairness.  *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2011).  "In reviewing such settlements, in addition to considering the above factors, the court also must ensure that 'the settlement is not the product of collusion among the negotiating parties.'" *Hefler*, 2018 WL 6619983, at *4 (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011).  Courts "must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." *In re Bluetooth*, 654 F.3d 935, 947 (9th Cir. 2011).

A proposed settlement must be "taken as a whole, rather than the individual component parts," in the examination for overall fairness.  *Id.* at 948 (emphasis omitted).  Courts do not have the ability to "delete, modify, or substitute certain provisions." *Id.*  A settlement "must stand or fall in its entirety." *Id.* (citation and emphasis omitted).

**B.      Discussion**

**1.      Adequacy of Representation – Rule 23(e)(2)(A)**

Adequacy of representation requires that two questions be addressed: (1) "do the named plaintiffs and their counsel have any conflicts of interest with other class members" and (2) "will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"

---

[12] Ninth Circuit precedent instructs district courts to balance the following factors: "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement." *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004) (citing *Hanlon*, 150 F.3d at 1026).

United States District Court
Northern District of California

*Hefler*, 2018 WL 6619983, at *6. As discussed above, IPP Plaintiffs have demonstrated that the representative parties and their counsel will fairly and adequately protect the interests of the 22 Indirect Purchaser State Classes. Moreover, the amended settlement eliminates the conflicts-of-interest concerns raised by objectors to the original settlement. Therefore, this factor weighs in favor of preliminary approval.

### 2. Arm's Length Negotiations – Rule 23(e)(2)(B)

Both the original and amended settlements were the product of arm's length negotiations. Two former jurists "provided their experienced input into the parties' [original] settlement negotiations." ECF No. 4351 at 34; *see* Advisory Committee Notes, Fed. R. Civ. P. 23, subdiv. (e)(2) (2018) ("[T]he involvement of a neutral or court-affiliated mediator or facilitator in [] negotiations may bear on whether they were conducted in a manner that would protect and further the class interests."). The amended settlements were a product of negotiations conducted during two mediation sessions supervised by Magistrate Judge Corley. ECF No. 5587-1 ¶¶ 2-3; *see Hefler*, 2018 WL 6619983, at *6 (noting mediation sessions supervised by former judge as an indication of arm's length negotiations).

Pursuant to Ninth Circuit precedent, the Court must also examine the settlements for additional indicia of collusion that would undermine seemingly arm's length negotiations. *See In re Bluetooth*, 654 F.3d at 946 ("Prior to formal class certification, . . . agreements must withstand an even higher level of scrutiny for evidence of collusion or other conflicts of interest."). Signs of collusion include: (1) a disproportionate distribution of the settlement fund to counsel; (2) negotiation of a "clear sailing provision"; and (3) an arrangement for funds not awarded to revert to defendant rather than to be added to the settlement fund. *Id.* at 947. If "multiple indicia of possible implicit collusion" are present, a district court has a "special 'obligat[ion] to assure itself that the fees awarded in the agreement were not unreasonably high.'" *Id.* (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003)).

The Court finds no indicia of collusion that would undermine the amended settlements. First, the amended settlements request an attorney fee award of 23.66% of the settlement fund. ECF No. 5587 at 29; *see* ECF No. 5587-1 at 7-8, 13-14, 19-20, 25-26, 31-32, 38-39; *In re*

1    *Bluetooth*, 654 F.3d at 941-42 ("[C]ourts typically calculate 25% of the fund as the 'benchmark'

2    for a reasonable fee award.").  Second, the amended settlements – like the original agreements –

3    do not contain a reversion clause.  ECF No. 4712 at 15.  Although the agreements contain a "clear

4    sailing" provision, the Court finds no cause for concern because Class Counsel's fee will be

5    awarded from the same common fund as the recovery to the class.  *Rodriguez v. West Publ'g*

6    *Corp.*, 563 F.3d 948, 961 n.5 (9th Cir. 2009); *see also Bayat v. Bank of the West*, No. C-13-2376

7    EMC, 2015 WL 1744342, at *7 (N.D. Cal. Apr. 15, 2015) ("[B]ecause any attorneys' fees award

8    will come out of the common fund, there is no 'clear sailing' agreement here that would warrant

9    against settlement approval.").

10                       **3.      Adequate Relief for the Class – Rule 23(e)(2)(C)**

11             To determine whether the relief provided for the class is adequate, courts must consider:

12    (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of

13    distributing relief to the class, (iii) the terms of any proposed award of attorney's fees, and (iv) any

14    agreement required to be identified under Rule 23(e)(3).  Fed. R. Civ. P. 23(e)(2)(C).

15                       **a.      Costs, Risks, and Delay**

16             In the previous Final Approval Order, this Court found that the IPP Plaintiffs would have

17    faced several hurdles in the absence of a settlement – hurdles that "weigh[ed] strongly in favor of

18    approving the Proposed Settlements."  ECF No. 4712 at 9.  The Court noted that there was a

19    "great risk to IPPs in continuing to pursue litigation, including both uncertainty over the results of

20    pending motions and challenges (and delay) in collecting any winnings."  *Id.* (internal quotation

21    marks omitted); *see also* ECF No. 4351 at 30-32.  In light of these costs, risks, and potential

22    delays, the Court determined that the settlements were "a good recovery and firmly in line with the

23    recoveries in other cases."  ECF No. 4712 at 10.

24             The Court need not revisit these findings.  The proposed amended settlements reduce the

25    amounts paid by each Defendant but fully offset these amounts by requested corresponding

26    reductions in class counsel's attorney fee award.  ECF No. 5587 at 17; *see* ECF No. 5587-1 at 7-8,

27    13-14, 19-20, 25-26, 31-32, 38-39.  Because the net settlement fund available for distribution to

28    class members remains the same, these settlements remain a "good recovery" in light of the costs,

                                                    15

risks, and delay of trial and appeal.

### b. Distribution Method

In the prior Final Approval Order, the Court examined and approved the settlements' proposed plan of distribution. ECF No. 26-29. This plan provides for (1) a "weighted pro-rata distribution to all members of the 22 Indirect Purchaser State Classes that filed valid claims," (2) a minimum payment of at least $25 per claimant, and (3) a maximum payment of "three times the estimated money damages per claimant." ECF No. 5587 at 30; *see* ECF No. 3862 ¶¶ 43-50. The amended settlements do not alter this proposed allocation plan, and the Court again approves it.

### c. Attorney's Fees

Class Counsel have stated that they intend to apply for an award of attorneys' fees totaling 23.66% of the settlement fund along with expenses incurred during the litigation. The Court previously awarded $158,606,250 in attorney's fees in connection with the prior IPP Settlement after considering counsels' motion for attorney's fees and any objections thereto. ECF No. 4740 at 2. The proposed Amendments provide that Class Counsel will request the Court to reduce that fee award by $29,000,000 to fully offset the reduction in the settlement amounts, and ensure that the reductions do not adversely affect the funds available for distribution to claimants. ECF No. 5587 at 17. In addition, all interest earned on the original settlement amounts from the date of deposit in 2015—approximately $13,000,000—will remain in the fund for the benefit of class members (except that Class Counsel shall still be entitled to seek a share of the accrued interest on the fund proportionate to their fee and expense award).[13] *Id.*

### 4. Equitable Treatment of Class Members – Rule 23(e)(2)(D)

Consistent with Rule 23's instruction to consider whether "the proposal treats class members equitably relative to each other," Fed. R. Civ. P. 23(e)(2)(C)(i), the Court now considers

---

[13] Any member of the 22 Indirect Purchaser State Classes who submitted a claim in or objected to the 2016 Settlements may now ask the Court to object to the attorney's fees award. ECF No. 5587-2 at 18. By definition, that award will be lower both in absolute numbers and on an hourly basis than the award the Court approved in 2016 – particularly given that counsels' work in reaching the current agreement will not be separately compensated. Under these circumstances, there is no need for class counsel to file a further motion for attorney's fees, and the deadlines the Court has set do not provide for one.

United States District Court
Northern District of California

1    whether the Settlement "improperly grant[s] preferential treatment to class representatives or

2    segments of the class." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1079.

3         In the previous Final Approval Order, the Court examined and approved the allocation of

4    settlement funds among the 22 Indirect Purchaser State Classes. As noted above, the original

5    settlement provided for (1) a "weighted pro-rata distribution to all members of the 22 Indirect

6    Purchaser State Classes that filed valid claims," (2) a minimum payment of at least $25 per

7    claimant, and (3) a maximum payment of "three times the estimated money damages per

8    claimant." ECF No. 5587 at 30; *see* ECF No. 3862 ¶¶ 43-50. The plan "assign[ed] different

9    weights to different CRT products based on the overcharge evidence for each." ECF No. 5587 at

10   30; *see* ECF No. 3862 ¶¶ 44-49. The amended settlements do not alter this proposed allocation.

11        As discussed in the prior Final Approval Order, "[i]t is reasonable to allocate the

12   settlement funds to class members based on . . . the strength of their claims on the merits." *In re*

13   *Omnivision Techs., Inc.*, No. C-04-2297 SC, 2007 WL 4293467, at *7 (N.D. Cal. Dec. 6, 2007)

14   (internal quotation marks and citations omitted). Because "reimburs[ing] class members based on

15   the extent of their injuries is generally reasonable," the Court finds that this factor weighs in favor

16   of preliminary approval. *See In re Oracle Sec. Litig.*, No. 90-cv-00931-VRW, 1994 WL 502054,

17   at * 1 (N.D. Cal. June 18, 1994).

18        In sum, the Court finds that the Rule 23(e) factors will likely weigh in favor of granting

19   final approval. Because the Court will likely find the amended settlements to be fair, reasonable,

20   and adequate at the final approval stage, preliminary approval of the settlement is warranted.

21            **5.    Proposed Notice Plan**

22        Before the district court approves a class settlement, "it is 'critical' that class members

23   receive adequate notice." *In re Hyundai and Kia Fuel Economy Litig.*, 926 F.3d 539, 567 (9th Cir.

24   2019) (citing *Hanlon*, 150 F.3d at 1025). "Notice is satisfactory if it 'generally describes the terms

25   of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to

26   come forward and be heard.'" *Id.* (quoting *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575

27   (9th Cir. 2004)). If a fairness hearing leads to "substantial changes" in the settlement which

28   "adversely affect[] some members of the class, additional notice, followed by an opportunity to be

17

1    heard, might be necessary." *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 330 (N.D.

2    Cal. 2018). "The pertinent question here is whether the changes *adversely* affect the class

3    members." *Id.* (emphasis in original).

### a.    Original Notice Plan

5        Class members of the 22 Indirect Purchaser States have already received "the best notice

6    that is practicable under the circumstances." *See* Fed. R. Civ. P. 23(c)(2)(B). After this Court

7    preliminarily approved the original settlements, the claims administrator carried out a notice plan

8    which included: (1) mail and email notices sent to 10,082,690 unique addresses, (2) publication of

9    notice on the settlement website, (3) advertisements on Google, Facebook, and other popular

10   websites, and (4) print and online publications throughout the United States, in both English and

11   Spanish. *See* ECF No. 4071-1 ¶ 114; ECF No. 4371 ¶¶ 4-13. These notices directed recipients to

12   the settlement website. *See* ECF No. 4371 ¶¶ 9-13. They also advised class members of material

13   settlement terms, the plan of distribution, and class counsel's intent to apply for an attorney fee

14   award of up to one-third of the settlement fund. ECF No. 4071-1 ¶ 115. As the Court found in its

15   prior Final Approval Order, this plan "provided the best practicable notice to class members."

16   ECF No. 4712 at 9.

### b.    Additional Notice

18       The IPP Plaintiffs' amendments to the settlement agreements do not require additional

19   notice. The amended settlements "provide the same benefits to the members of the 22 Indirect

20   Purchaser State Classes." ECF No. 5587 at 32; *see* ECF No. 5587-1 at 7-8, 13-14, 19-20, 26-26,

21   31-33, 38-39. While the amendments reduce the gross settlement fund by $29,000,000, "that

22   reduction is fully offset by a $29,000,000 reduction in Class Counsel's fee request." *Id.*

23   Therefore, the settlement does not have a "material adverse effect on the rights of class members"

24   and there is no reason to conclude that those class members who failed to object or opt out would

25   now choose to do so. *See Anthem*, 327 F.R.D. at 330 (finding that, where amendment did not

26   adversely affect class members, "there is no overriding reason to conclude that those Settlement

27   Class Members who failed to opt out would now choose to do so.").

28       The amendments also do not adversely affect the rights of the ORS and NRS Subclasses

United States District Court
Northern District of California

which were included in the original settlement. Because the amendments narrow the settlement Class, the release no longer applies to the ORS and NRS Subclasses. *See* ECF No. 5587-1 at 7, 13, 19, 25, 31, 38. These groups retain any claims that they previously possessed, if any, and they are free to pursue those claims against the Defendants. Therefore, the parties need not provide any additional notice to members of the current or former settlement classes.

Although not required, the IPP Plaintiffs request that the court authorize that limited notification be sent to certain class members. In particular, they propose to send notification of settlement amendments to class members who filed claims, objected to the settlements, requested updates regarding the settlements, or requested exclusion from the settlement class. ECF No. 5587 at 34. These notices would advise recipients of their opportunities to object to the amendments, object to the requested fee award, and appear at the fairness hearing. *Id.* at 34-35; ECF No. 5587-3 at 5-18. They would not, however, enable recipients to exclude themselves or rejoin the settlement. ECF No. 5587-3 at 5-18. Some courts have given opt-outs an opportunity to rejoin a settlement when amended. *See Anthem*, 327 F.R.D. at 331 ("[T]he change to the Settlement could materially affect their decision to opt out. Thus, they deserved an opportunity to reconsider their decisions based on the terms of the amended Settlement."). Where, as here, the amended settlements provide the same benefits to class members as were available in the original settlement, the Court finds it unnecessary to provide opt-outs an opportunity to rejoin the settlement. Therefore, the Court grants IPP Plaintiffs' request to provide limited notice to certain class members.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IPP Plaintiffs' motion pursuant to Ninth Circuit mandate to reconsider. The proposed class is hereby provisionally certified for the purposes of settlement. The Court grants preliminary approval of the amended settlements and approves the proposed limited notice procedure and forms. The Court will hold a final approval hearing on July 8, 2020.

/ / /

/ / /

| DATE | EVENT |
|------|-------|
| March 27, 2020 | Notice Publication Date and Mailed/Emailed Notice to Commence |
| May 29, 2020 | Deadline for Class Members to Submit Objections |
| June 12, 2020 | Deadline for IPP Plaintiffs to File Responses to Objections |
| July 8, 2020 | Final Hearing |

Upon final approval, if any, of the pending settlement, the Court's approval of the prior

settlement will be vacated.  *See* ECF No. 5632.

**IT IS SO ORDERED.**

Dated: March 11, 2020



JON S. TIGAR
United States District Judge

# EXHIBIT 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 07-cv-05944-JST |
| | **ORDER DENYING ELEANOR LEWIS'S MOTION TO INTERVENE AND FILE AN AMENDED COMPLAINT** |
| This Order Relates To:<br><br>ALL INDIRECT PURCHASER ACTIONS | Re: ECF No. 5565 |

Before the Court is Eleanor Lewis's motion to intervene and file an amended complaint. ECF No. 5565. The Court will deny the motion.[1]

## I.     BACKGROUND

In February 2008, the Judicial Panel on Multidistrict Litigation ordered the centralization of actions alleging that certain Defendants conspired to fix prices of cathode ray tubes. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 536 F. Supp. 2d 1364 (J.P.M.L. 2008). On July 7, 2016, this Court granted final approval of settlement agreements which resolved claims between one set of plaintiffs – the Indirect Purchaser Plaintiffs ("IPP Plaintiffs") – and six sets of corporate defendants. ECF No. 4712 at 1. Two objectors sought appeal of this decision in the Ninth Circuit. ECF No. 4741.

On November 8, 2018, this Court issued an order in which it concluded that it erred in approving the settlement provision which required class members in certain Omitted Repealer States ("ORS") to release their claims without compensation. *See* ECF No. 5362 at 1. The order expressed "concerns about the adequacy of the counsel who negotiated that settlement or whether

---

[1] The Court has considered the parties' pleadings and finds the matter to be suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The hearing currently scheduled for October 23, 2019 is vacated.

United States District Court
Northern District of California

they may have faced a conflict of interest." *Id.* at 1. In response, the Ninth Circuit remanded "this case so that the district court [could] reconsider its approval of the settlement." *See In re Cathode Ray Tube Antitrust Litig.*, No. 16-16368 (9th Cir. Feb. 13, 2009), ECF No. 238 at 11.

On remand, this Court confirmed the existing lead counsel for the IPP Plaintiffs and appointed separate counsel for an Omitted Repealer State Subclass ("ORS Subclass")[2] as well as a Non-Repealer State subclass ("NRS Subclass").[3] ECF Nos. 5535, 5518. The Court then referred the matter to Magistrate Judge Corley for settlement. ECF No. 5427.

On August 23, 2019, NRS Subclass member Eleanor Lewis moved to intervene in this litigation and file an amended complaint. ECF No. 5565 at 7. The IPP Plaintiffs and Defendants both oppose the motion. ECF Nos. 5592, 5593, 5591. Lewis has filed a reply. ECF No. 5613.

## II. JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

## III. MOTION TO INTERVENE

Federal Rule of Civil Procedure 24 requires that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c); *Buffin v. City and County of San Francisco*, No. 15-cv-04959-YGR, 2016 WL 6025486, at *12 (N.D. Cal. Oct. 14, 2016) (citing *Beckman Industries, Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992).

Lewis's motion to intervene is not accompanied by a pleading. *See* ECF No. 5565. Instead, Lewis seeks to adopt an amended version of IPP Plaintiffs' operative complaint which (1) "incorporates the relevant . . . allegations of the current complaint," (2) adds "supplemental state law claims," and (3) adds Lewis and members of the ORS Subclass as named parties. *See* ECF No. 5567 at 20; ECF No. 5590-1 at 5; ECF No. 5590-2 at 5; ECF No. 5565 at 7 ("Lewis's

---

[2] The ORS Subclass consists of Indirect Purchaser Plaintiffs in the following states: Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah. ECF No. 5518 at 1.

[3] The NRS Subclass consists of Indirect Purchaser Plaintiffs with claims in the following Non-Repealer States: Alabama, Alaska, Colorado, Connecticut, Delaware, Georgia, Idaho, Illinois, Indiana, Kentucky, Louisiana, Maryland, New Jersey, Ohio, Oklahoma, Pennsylvania, Texas, Virginia, Washington, and Wyoming. ECF No. 5518 at 2.

United States District Court
Northern District of California

proposed amendment is contained in a . . . Complaint being submitted jointly with the ORS Plaintiffs."). Lewis has not obtained the consent of the IPP Plaintiffs to amend their complaint. In fact, they oppose the request.

Lewis's intervention motion may "provide[] enough information to state a claim." *See Lennar Mare Island, LLC v. Steadfast Ins. Co.*, Nos. 2:12-cv-02182-KJM-KJN, 2:16-cv-00291-KJM-KJN, 2016 WL 5847010, at *6 (E.D. Cal. Oct. 6, 2016). Nevertheless, the Court requires Lewis "to file a separate pleading to fully apprise defendant[s] and the court of the basis for [her] claims in intervention." *See id.* "In a complex multi-party case such as this one, a separate pleading will assist the court in policing the parameters of the case in intervention." *Id.* Lewis acknowledges the potential "divergence of interests" with other class representatives on certain issues, "bolstering the advisability of a separate complaint." *See id*; ECF No. 5565 at 17 (discussing a "conflict of interest" between the NRS Subclass and other class representatives).[4]

In addition to these considerations, there is the practical reality that Lewis is attempting to amend someone else's complaint. She cites no authority permitting a proposed intervenor to take such a step, and the Court concludes it is not allowed. Thus, even if her motion to intervene could be granted, her motion to amend the existing IPP complaint would fail.

The Court therefore denies the motion to intervene without prejudice to a renewed motion accompanied by a separate pleading. That motion is due by November 8, 2019.

/ / /

/ / /

/ / /

/ / /

---

[4] The Court also notes that Lewis violated Northern District of California Civil Local Rule 5-1(i)(3) by jointly filing an amended complaint with no attestation that each signatory concurred in the document's filing. *See* ECF Nos. 5590, 5590-1, 5590-2; ECF No. 5565 at 7 ("Lewis's proposed amendment is contained in a . . . Complaint being submitted jointly with the ORS Plaintiffs."). In their opposition, IPP Plaintiffs assert that "ORS/NRS Plaintiffs' counsel never even provided a copy of the proposed amended complaints to IPP Lead Counsel before filing, much less received his concurrence." ECF No. 5593 at 8. The Court interprets Lewis's failure to respond as a concession. *See Angeles v. U.S. Airways, Inc.*, No. C 12-05860 CRB, 2013 WL 622032, at *4.

United States District Court
Northern District of California

1

**CONCLUSION**

For the foregoing reasons, the Court denies Lewis's motion to intervene and amend the complaint without prejudice.

**IT IS SO ORDERED.**

Dated:  October 15, 2019



JON S. TIGAR
United States District Judge

# EXHIBIT 3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 07-cv-05944-JST |
| This Order Relates To: | **ORDER DENYING RENEWED MOTIONS TO INTERVENE** |
| ALL INDIRECT PURCHASER ACTIONS | Re: ECF Nos. 5643, 5645 |
| ALL DIRECT PURCHASER ACTIONS | |

Before the Court are Non-Repealer State Subclass Member Eleanor Lewis's renewed motion to intervene and Other Repealer States' renewed motion to intervene and file severed complaint. ECF Nos. 5643, 5645. The Court will deny the motions.

## I.    BACKGROUND

The facts regarding this case are well known to the parties, and the Court summarizes them here only insofar as they bear on the present motions.

In February 2008, the Judicial Panel on Multidistrict Litigation ("JPML") ordered the centralization of actions alleging that certain defendants conspired to fix prices of cathode ray tubes. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 536 F. Supp. 2d 1364 (J.P.M.L. 2008). On July 7, 2016, this Court granted final approval of settlement agreements which resolved claims between one set of plaintiffs – the Indirect Purchaser Plaintiffs ("IPP Plaintiffs") – and six sets of corporate defendants. ECF No. 4712 at 1. Two objectors sought appeal of this decision in the Ninth Circuit. ECF No. 4741.

On November 8, 2018, this Court issued an order in which it concluded that it erred in approving the settlement provision which required class members in certain Omitted Repealer States to release their claims without compensation. *See* ECF No. 5362 at 1. The order expressed

"concerns about the adequacy of the counsel who negotiated that settlement or whether they may have faced a conflict of interest." *Id.* at 1. In response, the Ninth Circuit remanded "this case so that the district court [could] reconsider its approval of the settlement." *See In re Cathode Ray Tube Antitrust Litig.*, No. 16-16368 (9th Cir. Feb. 13, 2009), ECF No. 238 at 11.

On remand, this Court confirmed the existing lead counsel for the IPP Plaintiffs and appointed separate counsel for the unnamed Omitted Repealer State subclass ("ORS Subclass") [1] and Non-Repealer State subclass ("NRS Subclass").[2] ECF Nos. 5535, 5518. The Court then referred the matter to Magistrate Judge Corley for settlement. ECF No. 5427.

On August 23, 2019, NRS Subclass member Eleanor Lewis and several members of the ORS Subclass moved to intervene in this litigation and file an amended complaint. ECF Nos. 5565, 5567. The Court denied these motions without prejudice. ECF No. 5626 at 3; ECF No. 5628 at 3. In November 2019, Lewis and the ORS Subclass filed renewed motions to intervene. ECF Nos. 5643, 5645. IPP Plaintiffs do not oppose the motions to intervene but "do, however, oppose the request by NRS Plaintiff Eleanor Lewis . . . that all indirect purchaser plaintiffs be ordered to file a single consolidated amended complaint *after* intervention." ECF No. 5664 at 2. The Thomson Defendants[3] and Samsung Defendants[4] oppose the motions. ECF Nos. 5662, 5663. Lewis and the ORS Subclass have filed replies. ECF Nos. 5668, 5670.

## II.    JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

---

[1] The ORS Subclass consists of Indirect Purchaser Plaintiffs with claims in the following Omitted Repealer States: Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah. ECF No. 5518 at 1.

[2] The NRS Subclass consists of Indirect Purchaser Plaintiffs with claims in the following Non-Repealer States: Alabama, Alaska, Colorado, Connecticut, Delaware, Georgia, Idaho, Illinois, Indiana, Kentucky, Louisiana, Maryland, New Jersey, Ohio, Oklahoma, Pennsylvania, Texas, Virginia, Washington, and Wyoming. ECF No. 5518 at 2.

[3] The Thomson Defendants consist of Thomson SA and Thomson Consumer Electronics, Inc. ECF No. 5662 at 1.

[4] The Samsung Defendants consist of Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malasia) Sdn. Bhd. ECF No. 5663 at 1.

United States District Court
Northern District of California

## III. DISCUSSION

The multidistrict litigation ("MDL") "statute, 28 U.S. § 1407, limits the actions that may be transferred for coordinated or consolidated pretrial proceedings to 'civil actions involving one or more common questions of fact [that] *are pending in different districts ....*'" *In re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litig.*, MDL No. 33-1439, 2008 WL 4763029, at *3 (D. Or. Oct. 28, 2008) (emphasis in original) (quoting 28 U.S.C. § 1407(a)). "A plaintiff may not unilaterally add actions in [an] MDL that have not been pending in federal court elsewhere or which were not transferred to the transferee court through the MDL process." *In re Mortgage Elec. Registration Sys. (MERS) Litig.*, No. MD-09-02119-PHX-JAT, 2016 WL 3931820, at *5 (D. Ariz. July 21, 2016) (citing *In re Farmers*, 2008 WL 4763029, at *3).

Lewis moves to intervene by filing a new "NRS Subclass Complaint." ECF No. 5643 at 3. ORS Movants seek to intervene by filing a "severed complaint amending the prior allegations to add state law claims." ECF No. 5645 at 20. The Court finds, however, that the MDL statute does not permit movants' direct intervention into the MDL proceedings, whether by filing separate complaints or amending IPP Plaintiffs' operative complaint.

First, movants are not permitted to file complaints directly into MDL proceedings. *In re MERS*, 2016 WL 3931820, at *7 ("[T]he majority of case law on this topic indicates that a transferee court's jurisdiction is not sufficiently invoked where an added plaintiff never filed a lawsuit in any federal court nor had its case transferred to the transferee MDL court by the Judicial Panel."); *see In re Farmers*, 2008 WL 4763029, at *3, 5 (dismissing four subclasses for lack of subject matter jurisdiction where plaintiffs added "state law class actions in this MDL that had not been pending in federal court elsewhere and were not transferred to this court through the MDL process"). Cases must already be pending in a federal court before they can be added to an existing MDL. *See In re MERS*, 2016 WL 3931820, at *5. If a potential tag-along action is pending in a different district, the Clerk of the JPML "may enter a conditional order transferring that action to the previously designated transferee district court" upon learning of the pendency of

/ / /

/ / /

United States District Court
Northern District of California

1    the action.[5]  J.P.M.L. R. 7.1(b).  If a potential tag-along action is filed in the transferee district, a

2    party may "request assignment of such action[] to the Section 1407 transferee judge in accordance

3    with applicable local rules."  J.P.M.L. R. 7.2(a).

4         Second, as discussed in its previous orders, movants may not add new plaintiffs to an MDL

5    by amending IPP Plaintiffs' complaint.  ECF No. 5628 at 3 ("Movants are attempting to amend

6    someone else's complaint.  They cite no authority permitting a proposed intervenor to take such a

7    step, and the Court concludes it is not allowed."); ECF No. 5626 at 3 (same); *see In re MERS*,

8    2016 WL 3931820, at *7 ("Plaintiffs cannot add [potential class member] DeBaggis as a plaintiff

9    by amendment in the MDL as this directly contradicts the appropriate procedures designated in 28

10   U.S.C. § 1407 for consolidating cases for pretrial proceedings.").  Rather, the proper course for

11   proposed "new plaintiffs in this MDL litigation is to file their claims in the appropriate forums and

12   to permit the MDL consolidation process to operate as intended."  *In re MERS*, 2016 WL

13   3931820, at *10 (quoting *In re Packaged Ice Antitrust Litig.*, No. 08-MDL-1952, 2011 WL

14   6178891, at *8 (E.D. Mich. Dec. 12, 2011)).

15        ORS Movants argue that JPML Rule 7.2(a) "explicitly allows for direct filing" in MDL

16   proceedings.  ECF No. 5670 at 25 n.8.  However, Rule 7.2(a) does not waive the requirement to

17   file an action in federal court prior to seeking transfer to the MDL.  Instead, it provides that

18   potential tag-along actions which are already "*filed* in the transferee district" may "request

19   assignment of such action to the transferee judge in accordance with applicable local rules."

20   J.P.M.L. R. 7.2(a).[6]  Moreover, the filing of an initial complaint prior to seeking transfer to an

21

22   [5] Under Rule 7.1(a) of the JPML Rules of Procedure, "[a]ny party or counsel in actions previously
     transferred under Section 1407 shall promptly notify the Clerk of the Panel of any potential tag-
23   along actions in which that party is also named or in which that counsel appears."

24   [6] Some district courts have held that a transferee court may invoke the Rule 7.2(a) transfer
     procedure only if the district has a local rule that specifically "address[es] . . . potential tag-along
25   actions" in the context of multi-district litigation.  *In re MERS*, 2016 WL 3931820, at *6.  The
     Court finds no support for this holding in the text of the rule.  To the contrary, the JMPL Rule
26   requires only that the transferee court have local rules regarding the assignment of related cases
     generally.  This reading follows naturally from the rule's admonition that "[p]otential tag-along
27   actions filed in the transferee district do not require Panel action."  J.P.M.L. R. 7.2(a); *see also*
     23A Karl Oakes, Fed. Proc., L. Ed. § 55:41 (2019) ("Potential tag-along actions filed in the
28   transferee district require no action on the part of the Judicial Panel on Multidistrict Litigation;
     requests for assignment of such actions to the transferee judge should be made in accordance with

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1   MDL is integral to the "unique procedural world of an MDL," where "the authority of the

2   transferee court to handle the case ordinarily ends on conclusion of pretrial proceedings." *In re*

3   *Farmers*, 2008 WL 4763029, at *3 (citing *Lexecon Inc. v. Milberg Weiss*, 523 U.S. 26, 36-37

4   (1998)). "Within the context of MDL proceedings, individual cases that are consolidated or

5   coordinated for pretrial purposes remain fundamentally separate actions, intended to resume their

6   independent status once the pretrial stage of litigation is over." *In re Korean Air Lines Co., Ltd.*,

7   642 F.3d 685, 700 (9th Cir. 2011). Each action transferred under Section 1407 "shall be remanded

8   by the panel at or before the conclusion of . . . pretrial proceedings to the district from which it

9   was transferred unless it shall have been previously terminated." 28 U.S.C. § 1407(a); *Gelboim v.*

10  *Bank of Am. Corp.*, 135 S. Ct. 897, 903 (2015). Without the filing of an initial complaint

11  independent of the MDL, a plaintiff's "claims have no 'home federal court' to which this Court

12  may eventually remand them in accordance with 28 U.S.C. § 1407(a)." *In re MERS*, 2016 WL

13  3931820, at *7 (quoting *In re Farmers*, 2008 WL 4763029, at *3).

14        Lewis argues that there is "no basis in Multidistrict jurisprudence for opposing [her]

15  addition . . . as a plaintiff so that she can represent the interests of her subclass." ECF No. 5668 at

16  5. In support, Lewis cites *In re Payment Card Interchange Fee and Merchant Discount Antitrust*

17  *Litigation*, 330 F.R.D. 11 (E.D.N.Y. 2019).[7] After the Second Circuit vacated the district court's

18  settlement approval and remanded the action, the court in *Payment Card* appointed "new interim

19  co-lead counsel to represent the interests of different putative classes" and "required each newly

20  defined group of putative class plaintiffs to file a new pleading." ECF No. 5669-1 at 9-10.

21  However, neither the parties nor the court appear to have considered whether the filing of new

22  pleadings in the MDL comported with 28 U.S.C. § 1407. Therefore, Lewis's reference to

23

24  ───────────────────
    local rules for the assignment of related actions.") (citing J.P.M.L. R. 7.2(a)).

25  [7] Lewis has filed a request for judicial notice of a court memorandum and order in *Payment Card*,
    No. 1:05-md-01720-MKB-JO (E.D.N.Y.). ECF No. 5669. Under Federal Rule of Evidence

26  201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it:
    (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and

27  readily determined from sources whose accuracy cannot reasonably be questioned." A court "may
    take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC*

28  *v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Accordingly, Lewis's request is granted.

1  *Payment Card* is unpersuasive.

2                                           **CONCLUSION**

3         For the foregoing reasons, the Court denies Lewis's and ORS Movants' renewed motions

4  to intervene.  Movants may file their claims in the appropriate forum(s) and seek transfer from the

5  JPML or, if properly filed in the Northern District of California, "request assignment of [their]

6  actions to the Section 1407 transferee judge in accordance with applicable local rules."  J.P.M.L.

7  R. 7.2(a).

8         **IT IS SO ORDERED.**

9  Dated: February 4, 2020



                                        JON S. TIGAR
                                   United States District Judge

# EXHIBIT 4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-05944-JST<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND THE COURT'S ORDER**<br><br>Re: ECF No. 5688, 5689 |

Before the Court are Other Repealer States' and Non-Repealer States' motions to alter or amend the Court's order denying their renewed motions to intervene. ECF Nos. 5688, 5689. The Court will deny the motions.

## I.    BACKGROUND

The facts regarding this case are well known to the parties, and the Court summarizes them here only insofar as they bear on the present motions.

In February 2008, the Judicial Panel on Multidistrict Litigation ("JPML") ordered the centralization of actions alleging that certain defendants conspired to fix prices of cathode ray tubes. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 536 F. Supp. 2d 1364 (J.P.M.L. 2008). On July 7, 2016, this Court granted final approval of settlement agreements which resolved claims between one set of plaintiffs – the Indirect Purchaser Plaintiffs ("IPP Plaintiffs") – and six sets of corporate defendants. ECF No. 4712 at 1. Two objectors sought appeal of this decision in the Ninth Circuit. ECF No. 4741.

On November 8, 2018, this Court issued an order in which it concluded that it erred in approving the settlement provision which required class members in certain Omitted Repealer States to release their claims without compensation. *See* ECF No. 5362 at 1. The order expressed

"concerns about the adequacy of the counsel who negotiated that settlement or whether they may have faced a conflict of interest." *Id.* at 1. In response, the Ninth Circuit remanded "this case so that the district court [could] reconsider its approval of the settlement." *See In re Cathode Ray Tube Antitrust Litig.*, No. 16-16368 (9th Cir. Feb. 13, 2009), ECF No. 238 at 11.

On remand, this Court confirmed the existing lead counsel for the IPP Plaintiffs and appointed separate counsel for the unnamed Omitted Repealer State subclass ("ORS Subclass")[1] and Non-Repealer State subclass ("NRS Subclass").[2] ECF Nos. 5535, 5518. The Court then referred the matter to Magistrate Judge Corley for settlement. ECF No. 5427.

On August 23, 2019, NRS Subclass member Eleanor Lewis and several members of the ORS Subclass moved to intervene in this litigation and file an amended complaint. ECF Nos. 5565, 5567. The Court denied these motions without prejudice. ECF No. 5626 at 3; ECF No. 5628 at 3. In November 2019, Lewis and the ORS Subclass filed renewed motions to intervene. ECF Nos. 5643, 5645. The Court denied the renewed motions and directed movants to "file their claims in the appropriate forum(s) and seek transfer from the JPML or, if properly filed in the Northern District of California, 'request assignment of [their] actions to the Section 1407 transferee judge in accordance with applicable local rules.'" ECF No. 5684 at 6 (quoting J.P.M.L. R. 7.2(a)).

On February 13, 2020, Lewis and the ORS Subclass filed motions to alter or amend the Court's order denying their renewed motions to intervene.[3] ECF Nos. 5688, 5689. Defendants

---

[1] The ORS Subclass in its current iteration consists of Indirect Purchaser Plaintiffs with claims in the following Omitted Repealer States: Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah. ECF No. 5518 at 1. The parties now use the "ORS" abbreviation to signify "other repealer states" rather than "omitted repealer states." ECF No. 5645 at 1 n.1.

[2] The NRS Subclass consists of Indirect Purchaser Plaintiffs with claims in the following Non-Repealer States: Alabama, Alaska, Colorado, Connecticut, Delaware, Georgia, Idaho, Illinois, Indiana, Kentucky, Louisiana, Maryland, New Jersey, Ohio, Oklahoma, Pennsylvania, Texas, Virginia, Washington, and Wyoming. ECF No. 5518 at 2.

[3] Under Civil Local Rule 7-9, "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Movants failed to seek leave of Court before filing, but the Court considers the motions on the merits nevertheless.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   oppose the motions.  ECF No. 5690.  Lewis and the ORS Subclass have filed replies.  ECF Nos.

2   5691, 5692.

3   **II.      JURISDICTION**

4          The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

5   **III.     LEGAL STANDARD**

6          Under Federal Rule of Civil Procedure 59(e), a party may move a court to reconsider a

7   previous ruling and alter a previous order.  *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir.

8   2003); *Sacchi v. Mortgage Elec. Registration Sys., Inc.*, No. CV11-01658 AHM (CWx), 2012 WL

9   13006267, at *2 (C.D. Cal. March 6, 2012).  Reconsideration is appropriate "when (1) the court

10  committed manifest errors of law or fact, (2) the court is presented with newly discovered or

11  previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an

12  intervening change in the controlling law."  *Rishor v. Ferguson*, 822 F.3d 482, 491-92 (9th Cir.

13  2016).

14         Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality

15  and conservation of judicial resources."  *Carroll*, 342 F.3d at 945 (internal quotation marks and

16  citation omitted).  A motion for reconsideration "may not be used to raise arguments or present

17  evidence for the first time when they could reasonably have been raised earlier in the litigation."

18  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  It must also do more

19  than rehash arguments or recapitulate cases already considered by the court.  *Young v. Peery*, 163

20  F. Supp. 3d 751, 753 (N.D. Cal. 2015); *United States v. Westlands Water Dist.*, 134 F. Supp. 2d

21  1111, 1131 (E.D. Cal. 2001).

22  **IV.     DISCUSSION**

23         Lewis and the ORS Subclass (collectively "Movants") contend that reconsideration is

24  warranted because the Court committed clear error in ruling that the multidistrict litigation

25  ("MDL") statute "does not permit [ORS and NRS] movants' direct intervention into the MDL

26  proceedings whether by filing separate complaints or amending IPP Plaintiffs' operative

27  complaint."  ECF No. 5688 at 5 (internal quotation mark omitted); ECF No. 5689 at 6.  But

28  Movants merely either recapitulate cases already considered by the Court or raise arguments for

United States District Court
Northern District of California

1    the first time which could reasonably have been raised earlier in the litigation. Movants fail to

2    provide any basis for the court to alter or amend its order.

3        First, Movants argue that the Court erred by failing to consider its power under Federal

4    Rule of Civil Procedure 23 to "to create subclasses and appoint new, adequate class

5    representatives whenever exiting class representatives are (or become) conflicted or otherwise

6    inadequate." ECF No. 5688 at 5; *see* ECF No. 5689 at 6. Movants assert that the multidistrict

7    litigation statute, 28 U.S.C. § 1407, does not repeal Rule 23's "subclass-creation protections for

8    class members just because, as here, a national class action gets brought into an MDL

9    proceeding." ECF No. 5688 at 6; *see* ECF No. 5689 at 10. Both Lewis and the ORS Subclass had

10   ample opportunity to raise these arguments during the briefing on their renewed motions to

11   intervene. Instead, Movants asserted that: (1) "Judicial Panel of Multidistrict Litigation Rule

12   7.2(a) explicitly allows for direct filing" complaints in MDL proceedings and (2) "[t]here is

13   simply no basis in Multidistrict jurisprudence for opposing the addition of Ms. Lewis as a plaintiff

14   so that she can represent the interests of her subclass." ECF No. 5670 at 25 n.8; *see* ECF No.

15   5668 at 5. "Rule 59 is not a vehicle for . . . securing a rehearing on the merits, or otherwise taking

16   a second bite at the apple." *Baldonado v. United States*, No. 2:06-cv-07266-JHN-RZ, 2011 WL

17   13213543, at *2 (C.D. Cal. Oct. 12, 2011). Movants' motions for reconsideration may not be used

18   to raise these arguments for the first time when they could reasonably have been raised earlier in

19   the litigation. *Kona*, 229 F.3d at 890.

20       Second, Movants attempt to distinguish this action from two cases on which the Court

21   relied in its order denying the renewed motions to intervene: *In re Mortgage Elec. Registration*

22   *Sys. (MERS) Litig.*, No. MD-09-02119-PHX-JAT, 2016 WL 3931820, at *5 (D. Ariz. July 21,

23   2016) and *In re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litig.*, MDL No. 33-

24   1439, 2008 WL 4763029, at *3 (D. Or. Oct. 28, 2008). ECF No. 5688 at 7-8; ECF No. 5689 at 7.

25   A party seeking reconsideration under Rule 59, however, "must do more than rehash arguments or

26   recapitulate cases already considered by the court." *White v. Square, Inc.*, No. 15-cv-04539-JST,

27   2016 WL 6647927, at *2 (Nov. 9, 2016) (citations omitted).

28       Third, Movants repeat the assertion from their prior briefing that "[t]hey very specifically

4

United States District Court
Northern District of California

[are] not seeking to file a new suit." ECF No. 5688 at 8; *see* ECF No. 5670 at 24 (noting that "the ORS Plaintiffs do not seek severance from this case" and "are not seeking to file new claims that are untethered from the already-pending litigation"). As noted above, "a motion to reconsider is not a vehicle permitting the unsuccessful party to 'rehash' arguments previously presented." *Williams v. Felker*, No. CIV S-08-0878 LKK GGH P, 2010 WL 744795, at *1 (E.D. Cal. March 3, 2010).

Fourth, Movants suggest that the Court misunderstood their motions as requests "to be joined as a party to *the MDL proceeding*" rather than motions "to intervene as a named plaintiff in each and everyone one of the indirect purchaser actions that comprise MDL 1917." ECF No. 5689 at 7 (emphasis in original); ECF No. 5688 at 8. Regardless of this attempt at reframing, the rule remains that Movants are not permitted to add plaintiffs to this MDL who "never filed a lawsuit in any federal court nor had [their] case transferred to the transferee MDL court by the Judicial Panel." *In re MERS*, 2016 WL 3931820, at *7 ("[T]he majority of case law on this topic indicates that a transferee court's jurisdiction is not sufficiently invoked where an added plaintiff never filed a lawsuit in any federal court nor had its case transferred to the transferee MDL court by the Judicial Panel."); *see id.* ("Plaintiffs cannot add [potential class member] DeBaggis as a plaintiff by amendment in the MDL as this directly contradicts the appropriate procedures designated in 28 U.S.C. § 1407 for consolidating cases for pretrial proceedings.").

Finally, Movants suggest that the Court's order is inconsistent with prior orders in this MDL, which have allowed the addition of named plaintiffs to indirect purchaser actions through amendments to various Consolidated Amended Complaints. ECF No. 5689 at 12; ECF No. 5688 at 8 ("To the extent this Court seeks to adopt the *MERS* analysis of amendment to bar the addition of new parties within an MDL, then that analysis must apply equally to the IPPs."). In support, Movants cite orders issued between 2010 and 2012[4] which granted two stipulated requests to file amended complaints. ECF No. 5689 at 12 n.4 (citing ECF Nos. 799, 1505); *see also* ECF No. 5688 (citing ECF No. 437). Because no party objected to those stipulations, the judge then

---

[4] This action was assigned to the undersigned on November 3, 2015. ECF No. 4164.

1 presiding over the case had no occasion to consider the appropriate procedures under the MDL

2 statute. In any event, there is nothing improper, let alone "clearly erroneous," about the Court's

3 application of MDL procedural requirements to Lewis's and the ORS Plaintiffs' instant motions to

4 intervene. *See S.E.C. v. Pattison*, No. C-08-4238 EMC, 2011 WL 2293195, at *2 (N.D. Cal. June

5 9, 2011) ("[C]lear error should conform to a very exacting standard—*e.g.*, a court should have a

6 clear conviction of error." (internal quotation marks and citation omitted)); *Campion v. Old*

7 *Republic Home Protection Co.,* No. 09-CV-748-JMA(NLS), 2011 WL 1935967, at *1 (S.D. Cal.

8 May 20, 2011) ("Mere doubts or disagreement about the wisdom of a prior decision of this or a

9 lower court will not suffice. . . . To be clearly erroneous, a decision must strike us as more than

10 just maybe or probably wrong; it must be dead wrong." (internal quotation marks and citation

11 omitted)); *Teamsters Local 617 Pension and Welfare Funds v. Apollo Group, Inc.*, 282 F.R.D.

12 216, 231 (D. Ariz. 2012) (same).

**CONCLUSION**

14     For the foregoing reasons, the Court denies the motions to alter or amend its order denying

15 Lewis's and the ORS Subclass's renewed motions to intervene.

16     **IT IS SO ORDERED.**

17 Dated: April 9, 2020



JON S. TIGAR
United States District Judge