BAKER BOTTS LLP
John M. Taladay (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
        erik.koons@bakerbotts.com

*Attorneys for Defendant*
*Philips North America LLC*

[Additional Responding Parties and Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.: 07-cv-05944 JST |
| | MDL No. 1917 |
| This document relates to: | **DEFENDANTS' RESPONSE TO REQUEST FOR AN ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE (ECF No. 5729)** |
| ALL INDIRECT PURCHASER ACTIONS | |
| | Date:       TBD |
| | Time:       2:00 p.m. |
| | Judge:      Hon. Jon S. Tigar |
| | Courtroom:  6, 2nd Floor |

1

2

3

4

Defendants Philips North America LLC (f/k/a Philips Electronics North America Corporation); Panasonic Corporation of North America; and Hitachi America, Ltd. (collectively, "Defendants"), submit this response to Plaintiff, the Government of Puerto Rico's ("Plaintiff"), Request for an Order Setting Initial Case Management Conference ("Request").

5

6

**GIVEN PLAINTIFF'S FAILURE TO SERVE THE VAST MAJORITY OF NAMED DEFENDANTS, A CASE MANAGEMENT CONFERENCE AT THIS TIME WOULD BE PREMATURE AND INEFFICIENT**

7

8

9

10

11

12

13

Defendants respectfully request that the Court deny Plaintiff's Request as premature. Despite filing its Complaint nearly a year and a half ago, Plaintiff has not served the summons and complaint on 28 of the 35 defendants Plaintiff purports to sue.  Holding a case management conference now, including potentially issuing a case schedule, would be an inefficient and unnecessary use of both the Court's and the parties' resources. Such an outcome would clearly frustrate the goals of efficiency embodied in Rule 16.  *See* Fed. R. Civ. P. 16(a) (governing pretrial conferences).

14

15

16

17

18

19

20

21

22

23

24

25

26

Plaintiff filed its Complaint over seventeen months ago on December 18, 2018.  ECF No. 1-3; Request at 2.  Since filing the Complaint, Plaintiff has attempted service[1] on only a small fraction of the defendants it named: Panasonic Corporation of North America; Philips North America Corporation; Hitachi America, Ltd.; Tatung Company of America, Inc.; LG Electronics USA, Inc.; Samsung Electronics Co., Ltd.; and Samsung Electronics America, Inc.  Plaintiff's scattershot approach to service has resulted in its failure to serve entire defendant "families," including any entity from Toshiba, Chunghwa, or Irico.  Moreover, the 90-day period within which Plaintiff needed to serve the defendants under Rule 4(m) of the Federal Rule of Civil Procedure (or face dismissal) has long since expired.  And having failed to serve a host of *domestic entities*, Plaintiff's service shortcomings cannot be attributed to any purported "good cause."  *See* Fed. R. Civ. P. 4(m) (failure to serve within 90 days of filing complaint excusable only where "good cause" shown).  Plaintiff's time to serve defendants residing in foreign

27

28

[1] For the purposes of this motion, Defendants take no position regarding whether Plaintiff's service was proper and reserve all arguments regarding same.

countries is also not unlimited and the court can dismiss a defendant if plaintiff does not pursue service in a "diligent fashion." *Ho v. Pinsukanjana*, No. 17-CV-06520-PJH, 2019 WL 2415456, at *4 (N.D. Cal. June 7, 2019) (dismissing foreign counter-defendant where service not completed within 15 months). Indeed, to the best of Defendants' knowledge, and as the docket reflects, Plaintiff has not even *attempted* service of the vast majority of the named defendants over the past year and a half. Nor has Plaintiff done anything to prosecute its case since the MDL panel conditionally transferred the matter to this Court over six months ago. MDL No. 1917 ECF No. 108 (conditional transfer on October 16, 2019); Request at 2. Plaintiff's sudden, inexplicable request to now move the case along without having served the overwhelming majority of named defendants will, if granted, cause inefficiencies, threaten the orderly management of the case, and waste both the Court's and the parties' resources.

Moreover, certain named defendants anticipate filing motions to dismiss the Complaint on a number of grounds including, of most relevance here, the Court's lack of jurisdiction over certain foreign named defendants. Which defendants move on jurisdictional grounds is dependent on, of course, which entities Plaintiff ultimately attempts to serve. Defendants thus respectfully submit that the most orderly and efficient way for defendants to present these potential jurisdictional arguments is *after* Plaintiff has exhausted efforts to serve all of the remaining 28 defendants and articulates its position on those efforts, rather than through piecemeal motions to dismiss whenever and if ever Plaintiff attempts such service. Indeed, Plaintiff has already stipulated to such a schedule, agreeing to stay the deadline for all responsive pleadings until 60 days from the date on which the last defendant is served. *Govt. of Puerto Rico v. LG Electronics, Inc., et al.*, Case No. 3:19-cv-01246, ECF No. 5 (D.P.R. Mar. 19, 2019). That stipulation was issued as an order by the transferor court (ECF No. 18 (Apr. 1, 2019)), and remains in effect. *See* Manual for Complex Litigation (fourth) § 20.132 (orders issued by transferor court remain in effect unless altered or amended by transferee court). Accordingly, holding a case management conference and/or establishing a case schedule now would be premature and inefficient, and Defendants thus request that the Court defer further proceedings

until after Plaintiff certifies that it has perfected service as to all defendants against which it intends to proceed.

## **CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Request for an Order Setting Initial Case Management Conference.

Dated: May 27, 2020                         Respectfully submitted,


/s/ *John M. Taladay*
BAKER BOTTS LLP
JOHN M. TALADAY
ERIK T. KOONS
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
        erik.koons@bakerbotts.com

*Attorneys for Philips North America LLC*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Jeffrey L. Kessler*
WINSTON & STRAWN LLP
JEFFREY L. KESSLER
jkessler@winston.com
EVA W. COLE
ewcole@winston.com
200 Park Avenue
New York, NY 10166
Telephone:     (212) 294-6700
Facsimile:     (212) 294-4700

KEVIN B. GOLDSTEIN
kbgoldstein@winston.com
35 W. Wacker Drive
Chicago, IL 60622
Telephone:     (312) 558-5600
Facsimile:     (312) 558-5700

WEIL, GOTSHAL & MANGES LLP
DAVID L. YOHAI
david.yohai@weil.com
ADAM C. HEMLOCK
adam.hemlock@weil.com
DAVID YOLKUT
david.yolkut@weil.com
767 Fifth Avenue
New York, NY 10153-0119
Telephone:     (212) 310-8000
Facsimile:     (212) 310-8007

*Attorneys for Defendant Panasonic Corporations
of North America*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ *Eliot A. Adelson*
MORRISON & FOERSTER LLP
ELIOT A. ADELSON
Email: eadelson@mofo.com
45 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7243
Facsimile: (415) 268-7522

KIRKLAND & ELLIS LLP
JAMES H. MUTCHNIK (pro hac vice)
Email: james.mutchnik@kirkland.com
300 North LaSalle Street
Chicago, IL  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Defendant Hitachi America, Ltd.,*