Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 788-7210
Facsimile:   (415) 788-0706
fos@scarpullalaw.com
pbc@scarpullalaw.com
*Interim Co-Lead Counsel for the ORS Subclass*

Theresa D. Moore (99978)
Law Offices of Theresa D. Moore
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 613-1414
tmoore@aliotolaw.com
*Interim Co-Lead Counsel for the ORS*

Tracy R. Kirkham (69912)
John D. Bogdanov (215830)
Cooper & Kirkham, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone:  (415)788-3030
Facsimile: (415) 882-7040
trk@coopkirk.com
jdb@coopkirk.com
*Interim Lead Counsel for the NRS Subclass*

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 4:07-cv-5944-JST<br><br>MDL No. 1917<br><br>**REPLY IN SUPPORT OF MOTION TO STAY**<br><br>Hearing Date:  June 10, 2020<br>Time:              2:00 PM<br>Courtroom:     6, 2nd Floor<br>Judge:             Hon. Jon S. Tigar |

REPLY IN SUPPORT OF MOTION TO STAY
Case No. 3:07-cv-5944, MDL No. 1917

I. Irreparable Harm to the ORS and NRS Plaintiffs Without a Stay

A. *Clarifying the potential harm*

The ORS and NRS Plaintiffs are members of the currently-certified national class that have long-pending indirect-purchaser federal claims based on the Defendants' price-fixing conspiracy. The IPPs' proposed settlement would eliminate the ORS and NRS as class members and drop those federal claims before the ORS and NRS Plaintiffs could intervene and amend the complaint to assert the ORS and NRS subclasses that would continue those claims.

In addition to those federal claims, the ORS Plaintiffs possess state law damages claims against the Defendants, which they have sought to assert since remand. The IPPs' new settlement does not release those claims, but final settlement approval could effectively bar the ORS Plaintiffs from ever asserting those claims.

If the IPPs' claims against the Defendants (the only claims currently pending against them) are dismissed with prejudice, the ORS and NRS Plaintiffs' forthcoming amendment may not invoke the relation back doctrine, and their appeal—even if the Ninth Circuit determined they should have been allowed to intervene—will not provide effective relief.

i. *The IPPs' proposed mootness exception does not fit this case*

The IPPs argue that even if the entire MDL proceeding were terminated before the ORS and NRS Plaintiffs' appeal was resolved, it would still not moot the appeal or undermine any viable claims they may possess. The IPPs' rationale is that an appeal from an order denying intervention does not become moot even when the underlying case is resolved during that appeal, where "(i) the 'resolution of an action between the original parties is not determinative of the defendants' liability with respect to [the intervenors],'

and (ii) the 'disposition of the case does not provide the relief sought by the would-be intervenors.'" (Dkt. 5727 at 5) (quoting *United States v. Sprint Commc'ns, Inc.*, 855 F.3d 985, 990 (9th Cir. 2017)).

According to the IPPs, that mootness exception applies here because their settlement cannot be dispositive of the ORS and NRS Plaintiffs' claims nor provide the relief the ORS and NRS Plaintiffs would seek against the Defendants because "the amended settlements between the IPPs and the settling defendants purport to settle only the claims of the IPPs and class members in the 22 States, leaving the claims of the ORS/NRS Plaintiffs, and the subclasses they seek to represent, undisturbed." (Dkt. 5727 at 6).

Being eliminated from the litigation by an amendment to the operative complaints hardly seems to qualify as "undisturbed." Further, the resolution of the IPPs' claims against the Defendants could block the ORS and NRS Defendants from ever utilizing the relation back doctrine against the Defendants and thus would—contrary to IPPs' contention— effectively be "determinative of the defendants' liability with respect to [the intervenors]." *Id.* The mootness exception the IPPs cite does not fit this case.

    ii.   *The IPPs' contention that the movants can seek to amend a pending complaint misconstrues the true status of the litigation*

The IPPs make an argument that the claims will not be affected by the impending settlement because the ORS and NRS Plaintiffs still have the power to solve any potential relation-back issues by seeking leave to "amend one or more of the pre-MDL complaints that allege claims on behalf of the ORS purchasers." (Dkt. 5727 at 6).  That ignores this Court's order requiring the ORS and NRS Plaintiffs to file a "separate pleading" along with their renewed motion to intervene. (Dkt. 5628 at 2).

*iii. The inevitability of the Defendants' timeliness challenge does not change the danger that final approval poses*

The IPPs argue no harm will result from the final approval of their proposed new settlement because it is inevitable that the Defendants will challenge the ORS and NRS Plaintiffs' claims on statute of limitations grounds. But the stay safeguards the ORS and NRS Plaintiffs' ability to *invoke* the relation back doctrine in response to a timeliness challenge by Defendants.

*iv. The IPPs' and Defendants' argument that a stay should be denied because the movants can appeal the final approval order illustrates that they misunderstand the reason a stay is needed*

The IPPs (and Defendants) argue the ORS and NRS Plaintiffs cannot suffer any harm because they will still be able to object to the settlement at the final approval hearing and appeal that order. There are two problems with this argument. *First*, it ignores the Court's ruling that the ORS and NRS Plaintiffs lack standing in the settlement approval proceedings. (Dkt. 5695).

*Second*, IPPs' argument that a stay is unnecessary because the ORS and NRS Plaintiffs will be able to appeal the final approval order illustrates a misunderstanding of the relief being sought. While it is true they are seeking appellate review of both the Court's order denying them intervention *and* its order preliminarily approving IPPs' settlement, the movants' stay request is not dependent upon their appeal of the preliminary approval order. Even if the appeal of the preliminary approval order were dismissed as premature, that dismissal would not change the prejudice that final approval could cause the ORS and NRS Plaintiffs with respect to their appeal from the order denying their request to intervene and, thus, would not change this stay request.

The IPPs' argument that a stay is unnecessary because the ORS and NRS Plaintiffs will

be able to appeal the final approval order is not only an uncertain proposition but would no more delay the determination of the ORS and NRS Plaintiffs' request and does not remedy the potential harm.

## II.   Likelihood of Success on the Merits

### A. Standard

The Defendants and the IPPs contend the ORS and NRS Plaintiffs used the wrong standard regarding the likelihood-of-success inquiry. In their view, in order to obtain a stay, movants must make "a strong showing that [they are] likely to succeed on the merits" (Dkt. 5726 at 2), which the Defendants and the IPPs have construed to mean that movants must show that they are "likely to succeed." (Dkt. 5727 at 8). That rigid test violates Ninth Circuit law.

Although the stay factors involve a sliding scale analysis where the stringency applied to each prong ebbs and flows based on the strength of the other factors, a movant seeking a stay is *never* required to show the movant is more likely than not to succeed on appeal. Indeed, the Ninth Circuit has stated emphatically that a movant "need not demonstrate that it is more likely than not that they will win on the merits," explaining that although there are actually "many ways to articulate the minimum quantum of likely success necessary to justify a stay[,] ... none of them demand a showing that success is more likely than not," and "[r]egardless of how one expresses the requirement, the idea is that in order to justify a stay, a petitioner must show, at a minimum, that she has a substantial case for relief on the merits." *Leiva-Perez v. Holder*, 640 F.3d 962, 966-68 (9th Cir. 2011).

Courts have similarly observed that the success-on-the-merits factor cannot be applied as the Defendants and IPPs contend since, "if it were, an injunction would seldom,

if ever be granted because the district court would have to conclude that it was probably incorrect in its determination on the merits." *Envtl. Prot. & Info. Ctr. v. U.S. Forest Serv.*, 0204CV-1705-GEB-KJM, 2006 WL 2084856, at *2 (E.D. Cal. July 25, 2006). Given that a district court has already ruled against the movant seeking a stay, requiring a movant to effectively change the district court's mind would impose an impossibly difficult standard. "Consequently, district courts have interpreted [the success on the merits factor] as requiring … the movant [to] show that 'the appeal raises serious and difficult questions of law in an area where the law is somewhat unclear." *Id.* (internal citation omitted).

### B. The ORS and NRS Plaintiffs have shown a likelihood of success on the merits

The ORS and NRS Plaintiffs argued that a stay was appropriate because both issues on appeal—the denial of intervention on jurisdictional grounds and the ruling that they lacked standing to object to IPPs' settlement—raise issues that have never been specifically addressed by the Ninth Circuit. The likelihood-of-success prong is met "in appeals that presented 'issues of first impression within the Ninth Circuit' or 'splits of authority on important legal questions.'" (Dkt. 5726 at 2 (quoting *In re Pac. Fertility Ctr. Litig.*, No. 18-cv-01586-JSC, 2019 WL 2635539, at *3 (N.D. Cal. June 27, 2019)); *see also* Dkt. 5718 at 5 (citing cases)).

The appeal of the preliminary approval order raises novel issues. The IPPs argue the Court's ruling on standing is not an "important legal question" because the Ninth Circuit has already held that "other persons [beyond the parties to the settlement] also may have standing [to object to a settlement] if they 'will sustain some formal legal prejudice as a result of the settlement,'" and that the Court's determination amounts to no more than the application of that "well-settled law to the circumstances at hand." (Dkt. 5727 at 11)

(quoting *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987)). Two problems.

*First*, the Court's order does not apply the Ninth Circuit precedent that the IPPs cite. The Court's order concluded simply that "the persons and entities in [the ORS and NRS] subclasses are not members of the amended settlement Class and have no standing to object to IPP Plaintiffs' motion for preliminary approval of the amended settlements." (Dkt. 5695 at 7).

*Second*, the caselaw the IPPs cite involves whether unnamed *defendants* have standing to object to a settlement. While the ORS and NRS Plaintiffs agree with the IPPs that the Ninth Circuit will likely extend the holdings from its prior objector-standing cases to non-settling members of different subclasses whose rights are affected by a settlement, the Ninth Circuit has not done so yet.  It remains an important issue of first impression.

### III. The Members of the 22 State Subclasses Will Not be Harmed by a Stay, and Public Interest Factors Do Not Weigh Against a Stay

A stay, even if followed by an affirmance, will not harm the IPPs. If the Court is correct that it lacks subject matter jurisdiction over parties added by intervention and amendment directly into actions in an MDL, then the Court is, logically, without jurisdiction to approve the IPPs' settlement. A stay would prevent any unnecessary judicial labor over claims not properly before the Court.

This Court held it could not exercise jurisdiction over the ORS and NRS Plaintiffs claims because it could not exercise jurisdiction over the would-be intervenors themselves. *In re Mortgage Elec. Registration Sys. (MERS) Litig.*, No. MD-09-02119-PHX-JAT, 2016 WL 3931820, at *10 (D. Ariz. July 21, 2016), was cited for the proposition that where counsel seeks to add a new plaintiff to MDL litigation, the proper course is "to file their claims in the appropriate forums and to permit the MDL consolidation process to operate as

intended." According to the Court's order, unless a would-be plaintiff first filed a case and then that case is added into the MDL, the Court lacks jurisdiction over that plaintiff.

Yet many of the state-law class claims filed by the IPPs—now the subject of the preliminarily approved settlements—rest on pleadings that include class members added directly by amendment into actions already in the MDL without first filing in their own cases. (Ex. C; Dkt. 5585, 5589).

The Court never ruled that the ORS and NRS Plaintiffs' motion to intervene was untimely. In fact, given the unique procedural posture of this case, the ORS and NRS Plaintiffs provided abundant caselaw showing that their motions were timely. (Dkt. 5645 at 4-8). The ORS and NRS Plaintiffs, whose claims have been in this litigation from its inception (and allegedly protected by IPP counsel), are not "tardy intervenors" as Defendants contend, and the cases the Defendants cite do not lessen the importance of protecting the claims held by the ORS and NRS members of the still-certified national class.

Every harmed citizen of every repealer and non-repealer state is equally entitled to due process in pursuit of redress from the Defendants' price-fixing conspiracy. Allowing the IPPs' new proposed settlement to proceed when it could potentially erase any potential recovery for the ORS and NRS members of the current national class would, again, prioritize the claims of class members in certain states to the prejudice of those in the ORS and NRS. Such unfair treatment is certainly not in the public's interest.

## CONCLUSION

The Court should grant this motion for stay pending the resolution of the ORS and NRS Plaintiffs' pending appeal.

REPLY IN SUPPORT OF MOTION TO STAY
Case No. 3:07-cv-5944, MDL No. 1917

7

Dated:  May 27, 2020                                           Respectfully submitted,

/s/  Theresa D. Moore                                           /s/  Francis. O. Scarpulla
     Theresa D. Moore                                                Francis O. Scarpulla

Theresa D. Moore (99978)                         Francis O. Scarpulla (41059)
Law Offices Of Theresa D. Moore            Patrick B. Clayton (240191)
One Sansome Street, 35th Floor               Law Offices of Francis O. Scarpulla
San Francisco, CA 94104                            456 Montgomery Street, 17th Floor
Telephone: (415) 613-1414                        San Francisco, CA 94104
tmoore@aliotolaw.com                              Telephone: 415-788-7210
*Interim Co-Lead Counsel*                         fos@scarpullalaw.com
*for the ORS*                                               pbc@scarpullalaw.com

/s/  Tracy R. Kirkham                                *Interim Co-Lead Counsel*
     Tracy R. Kirkham                                    *for the ORS*

Tracy R. Kirkham (69912)                         John G. Crabtree, *appearing pro hac vice*
John D. Bogdanov (215830)                     Brian Tackenberg, *appearing pro hac vice*
COOPER & KIRKHAM, P.C.                     Crabtree & Auslander
357 Tehama Street, Second Floor           240 Crandon Boulevard, Suite 101
San Francisco, CA 94103                          Key Biscayne, FL 33149
Telephone: (415) 788-3030                      Telephone:  (305) 361-3770
Facsimile: (415) 882-7040                        jcrabtree@crabtreelaw.com
Email:  trk@coopkirk.com                        btackenberg@crabtreelaw.com
             jdb@coopkirk.com

*Interim Lead Counsel for Non-Repealer State*    *Counsel for the ORS*
*Subclass*

Christopher A. Nedeau (81297)              Brian M. Torres, *appearing pro hac vice*
Nedeau Law Firm                                       Brian M. Torres, P.A.
154 Baker Street                                           One S.E. Third Avenue, Suite 3000
San Francisco, CA 94117                          Miami, FL  33131
Telephone: (415) 516-4010                      Telephone:  (305) 901-5858
cnedeau@nedeaulaw.net                         btorres@briantorres.legal

*Counsel for the ORS*                                 *Counsel for the ORS*

# CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed *via* CM/ECF on May 27, 2020 and as a result has been served on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Theresa D. Moore
Theresa D. Moore