Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 788-7210
Facsimile: (415) 788-0706
fos@scarpullalaw.com
pbc@scarpullalaw.com
*Interim Co-Lead Counsel for the ORS Subclass*

Theresa D. Moore (99978)
Law Offices of Theresa D. Moore
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 613-1414
tmoore@aliotolaw.com
*Interim Co-Lead Counsel for the ORS Subclass*

Tracy R. Kirkham (69912)
John D. Bogdanov (215830)
Cooper & Kirkham, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415)788-3030
Facsimile: (415) 882-7040
trk@coopkirk.com
jdb@coopkirk.com
*Interim Lead Counsel for the NRS Subclass*

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

**IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**

This Document Relates To:

ALL INDIRECT PURCHASER ACTIONS

Master File No. 4:07-cv-5944-JST

MDL No. 1917

**OBJECTIONS TO AMENDED SETTLEMENT AGREEMENTS**

Hearing Date: July 8, 2020
Time: TBA
Courtroom: 6, 2nd Floor
Judge: Hon. Jon S. Tigar

**TABLE OF CONTENTS**

SUMMARY OF OBJECTIONS 1

I. OBJECTORS HAVE STANDING TO OBJECT TO FINAL APPROVAL 3

II. CLASS COUNSEL PROVIDED RULE 23-INADEQUATE REPRESENTATION AND CONTINUES TO PREJUDICE THE ORS AND NRS CLASS MEMBERS BY NEGOTIATING A SETTLEMENT THAT TREATS THEM INEQUITABLY 4

A. THE PROPOSED SETTLEMENT CLASS CANNOT BE CERTIFIED BECAUSE OF INEQUITABLE TREATMENT OF CLASS MEMBERS 5

B. THE SETTLEMENTS CANNOT BE APPROVED BECAUSE THEY TREAT CLASS MEMBERS INEQUITABLY 8

III. MULTIPLE CLASS REPRESENTATIVES DO NOT HAVE STANDING BECAUSE THEY WERE IMPROPERLY ADDED TO THE MDL ACCORDING TO THE COURT'S VIEW OF 28 U.S.C. § 1407 10

IV. THE $29 MILLION REMOVED FROM THE SETTLEMENT AS VALUE APPARENTLY ATTRIBUTABLE TO THE ORS AND NRS CLAIMS IS INADEQUATE 11

V. THE NOTICE TO THE CLASS MEMBERS WAS LEGALLY DEFECTIVE 12

VI. THE ATTORNEYS' FEE REQUEST IS EXCESSIVE 13

CONCLUSION 14

**TABLE OF AUTHORITIES**

*Brandt v. Vill. Of Winnetka, Ill.*, 612 F.3d 647, 649 (7th Cir. 2010) 4

*DBSI/TRI IV Ltd. P'ship v. United States*, 465 F.3d 1031, 1037 (9th Cir. 2006) 4

*Duhaime v. John Hancock Mut. Life Ins. Co.*, 183 F.3d 1, 5 (1st Cir. 1999) 8

*Fosmire v. Progressive Max Ins. Co.*, 277 F.R.D.625, 634 (W.D. Wash. 2011) 7

*Hesse v. Sprint Corp.*, 598 F.3d 581, 589 (9th Cir. 2010) 6

*In re Bank of Am. Wage & Hour Employment Litig.*, 740 F. Supp. 2d 1207, 1218 (D. Kan. 2010) 9

*In re Gen. Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1128-29 n.38 (7th Cir. 1979) 9

*In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 808 (3d Cir. 1995) 9

*In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2020) 13

*In re Silicone Gel Breast Implant Prods. Liab. Litig.*, No. 2:92-CV-10000, 2010 WL 11506713, at *40 (N.D. Ala. May 19, 2010) 5, 8

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) 12

*Piambino v. Bailey*, 610 F.2d 1306, 1329 (5th Cir. 1980) 8

*Rodriguez v. Disner*, 688 F.3d 645, 653 (9th Cir. 2012) 14

*Smith v. Arthur Andersen LLP*, 421 F.3d 989, 998 (1st Cir. 2008) 8

*Strigliabotti v. Franklin Resources, Inc.*, 398 F. Supp. 2d 1094, 1098 (N.D. Cal. 2005) 10

*United States v. Ford*, 650 F.2d 1141, 1143 (9th Cir. 1981) 4

*Waller v. Financial Corp. v. of Am.*, 828 F.2d 579, 582-83 (9th Cir. 1987) 3

*W. Coast Seafood Processors Ass'n v. Nat'l Res. Def. Council, Inc.*, 643 F.3d 701, 704 (9th Cir. 2011) 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to the Order Granting Motion For Preliminary Approval (Dkt. 5695), Tyler Ayres, Mike Bratcher, Nikki Crawley, Jay Erickson, Harry Garavanian, John Heenan, Hope Hitchcock, D. Bruce Johnson, Jeff Johnson, Kerry Murphy, Chris Seufert, Robert Stephenson, Gary Talewsky, and William Trentham, (the "ORS Plaintiffs") and Eleanor Lewis ("NRS Plaintiff") (collectively, "Objectors"), by and through undersigned counsel, hereby object to the amended settlements ("Amended Settlements," *see* Dkt. 5587) proposed by Class Counsel for the Indirect-Purchaser Plaintiffs ("IPPs"). As members of the nationwide IPP class, Objectors have been class members in this case since its inception and represented by IPP Class Counsel since 2008. Dkt. 282.

**SUMMARY OF OBJECTIONS**

*First*, the settlements cannot be approved and class certification cannot be maintained because IPP Class Counsel has not provided adequate representation to the ORS and NRS Plaintiffs as is required under Rule 23. Indeed, IPP Class Counsel continues to treat these plaintiffs inequitably in comparison to the favored 22 included repealer states (who apparently have now been re-designated as the totality of the IPPs). This is true, despite IPP Class Counsel owing a fiduciary duty to all class members. Approving the settlements will give a judicial stamp of approval to class counsel favoring only a portion of the class they were appointed to represent, an appointment that has not been altered or amended despite the appointment of the undersigned to represent the ORS and NRS class members. This history of favoritism is long. IPP Class Counsel failed to pursue damage claims on behalf of the disfavored ORS portion of the class and even dropped ORS class members' damages claims after class counsel's own missteps prejudiced the claims. IPP Class Counsel likewise abandoned the equitable claims of NRS class members, simply ignoring the existence of those claims. IPP Class Counsel now is proceeding with a settlement exclusively for the favored class members while seeking to collect more than $129 million in fees. This result is impermissible under Rule 23. *See* Section II.

*Second*, the settlements cannot be approved because at least half of the 22 states lack a representative who was properly added to the MDL. In its order denying ORS's motion to intervene, this Court held that putative plaintiffs may not intervene directly into the underlying

actions making up the MDL, but must file a separate case of their own in the appropriate forums and then seek transfer or consolidation into the MDL proceeding. Dkt. 5684. While Objectors believe this holding is erroneous and the issue is pending Ninth Circuit review, that holding is the law of the case and must be applied equally to all putative plaintiffs. Without proper class representatives or properly alleged claims, the settlements cannot be approved. *See* Section III.

*Third*, the settlements do not properly account for the value of the ORS and NRS claims. The total settlement fund has been reduced by only $29 million, yet the release now excludes all of the ORS claims, as well as the claims of NRS. The unduly small reduction in the fund emerged from negotiations between only IPP Class Counsel—who were trading their fees, dollar-for-dollar—and defendants, with no input or participation from the ORS and NRS Plaintiffs. *See* Section IV.

*Fourth*, settlement notice has been constitutionally deficient since the original settlements and has not been corrected. As a result, ORS and NRS Plaintiffs have been hindered in the prosecution of their claims. *See* Section V.

*Fifth*, Rule 23(h)'s "reasonable" standard is not met, nor has the requisite fee motion been filed. The $129.6 million fee request deducts an unduly small value for the ORS and NRS claims. The fee award should be reduced substantially or should be delayed until the ORS and NRS can participate in negotiations regarding the value of their claims. Further, IPP Class Counsel's representation caused considerable delay and expense to the class that should be reflected in a reduced fee award. *See* Section VI.

*Finally*, the Court previously held that ORS class members do not have standing to object because they are not class members bound by the proposed settlements. Dkt. 5695 at 7. Objectors respectfully submit that their objection should be considered by the Court because whether or not they are bound by the proposed releases, ORS and NRS class members would be harmed by the proposed settlements. Longstanding authority allows even nonparties who are likely to suffer prejudice from a settlement to object to its approval. Further, Rule 23(h) allows any class member or party from whom payment is sought to object to the fee request. Objectors are both members of

the nationwide IPP Class currently in this litigation, and a source of the requested fees: because IPP Class Counsel did not reduce the fee award which is presumably now requested to sufficiently account for the value of the ORS and NRS claims, the requested fees include funds that properly belong to the ORS and NRS as damages. *See* Section I.

## I.      OBJECTORS HAVE STANDING TO OBJECT TO FINAL APPROVAL

While the right of objection for class members is found in Rule 23(e)(5), nothing in that rule or any other rule or statute precludes others injured by a settlement from objecting. It is well understood that even non-parties have standing to object to a proposed settlement when their "rights *are* impacted by [that] proposed settlement." *See* Newberg on Class Actions § 13:24, *Standing to object—Nonsettling defendants and nonparties* (5th ed); *Waller v. Financial Corp. v. of Am.*, 828 F.2d 579, 582-83 (9th Cir. 1987) (non-settling defendants have standing to object to a partial settlement where they can show they will be prejudiced as a result of that settlement). Objectors therefore have standing to object—even if considered true non-parties—as long as approval of the settlement would prejudice them (and it will). *See, e.g.*, *Smith v. Arthur Andersen LLP*, 421 F.3d 989, 998 (1st Cir. 2008) (objector-appellants had standing to object because they were "potentially affected by the settlement").

Objectors, of course, are much more than non-parties; they are class members in the still-certified national class and were class members in the first iteration of the now "amended" settlements before they were written out of the settlement class, and presumably by the amendments to the operative complaints, out of the litigation entirely. ORS and NRS class members and their then-newly appointed counsel were intentionally excluded from settlement discussions between the IPP subclass and defendants. *See* Dkt. 5533. They have now been dropped from the partial settlement reached between the 22-member "included" repealer subclass and defendants.

The proposed settlements will adversely affect Objectors and other ORS and NRS class members. ORS and NRS class representatives unsuccessfully moved to intervene in this case in order to assert their state law damages and equitable claims. *See* Dkt. 5708. They appealed that

decision, Dkt. 5709, but if the settlements are approved and the proposed amendments eliminate them from the complaints, ORS and NRS class members may lose the ability to intervene into this case as class members to assert their claims. Once the underlying litigation is dismissed following settlement approval, there may "no longer [be] any action in which [to] intervene." *See United States v. Ford*, 650 F.2d 1141, 1143 (9th Cir. 1981); *see also W. Coast Seafood Processors Ass'n v. Nat'l Res. Def. Council, Inc.*, 643 F.3d 701, 704 (9th Cir. 2011) (dismissing appeal of an order denying intervention as moot where the underlying case ended during the appeal because "[a]n appeal is moot if there exists no present controversy as to which effective relief can be granted.").

That injury is sufficient for standing purposes. The threat of injury from the settlement, "no matter how small," suffices to create such standing; "[i]njury need not be certain." *Brandt v. Vill. Of Winnetka, Ill.*, 612 F.3d 647, 649 (7th Cir. 2010). So, while the Ninth Circuit might still allow the ORS and NRS Plaintiffs to intervene following an appeal by following a different line of authorities, such lack of certainty does not undermine Objector's standing to object.[1]

Further, even if Objectors are permitted to intervene as members of the ORS and NRS subclasses, their claims will have been prejudiced by IPP Class Counsel's representation, including active disparagement of the value of Objectors' claims *while they served as their counsel*, with limited remedies available once IPP Class Counsel has settled the 22-state subclass out of the case and collected their attorneys' fees.

## II. CLASS COUNSEL PROVIDED FED. R. CIV. P. 23-INADEQUATE REPRESENTATION AND CONTINUES TO PREJUDICE THE ORS AND NRS CLASS MEMBERS BY NEGOTIATING A SETTLEMENT THAT TREATS THEM INEQUITABLY

Rule 23(a)(4) provides that class counsel and representatives must "fairly and adequately represent the members of the class. Rule 23(g)(4) likewise requires class counsel to fairly and adequately represent the class. As further protection for class members, Rule 23(e)(2)(D)

[1] For example, the Ninth Circuit has held that a district court's entry of final judgment in an underlying case while an appeal was pending did not make a would-be intervenor's appeal moot because, if the appellant were successful, the applicant could challenge the district court's judgment. *See DBSI/TRI IV Ltd. P'ship v. United States*, 465 F.3d 1031, 1037 (9th Cir. 2006).

requires a proposed settlement agreement to "treat[] class members equitably relative to each other." Because these requirements are not met, settlement approval and certification of the settlement class must be rejected.

As a member of the nationwide class, Objectors have been represented by IPP Class Counsel since counsel was appointed twelve years ago. Dkt. 282. Like all class members from the ORS and NRS, however, Objectors are excluded from the proposed settlements—even though it is undisputed that the 22 repealer states and the ORS and NRS all make claims under a common theory of liability for equitable relief, and the ORS make similar claims for damages, with joint and several liability. IPP Class Counsel even alleged damages claims on behalf of the ORS in their subsequent complaint filed against Mitsubishi. *See Luscher v. Mitsubishi Elec. Corp.*, No. 3:17-cv-04067-JST, Dkt. 1 (N.D. Cal.). Despite this commonality, ORS and NRS class members are now excluded from the proposed settlements entirely. This treatment is part of a long history of inequitable treatment in this case that precludes settlement approval.

### A. THE PROPOSED SETTLEMENT CLASS CANNOT BE CERTIFIED BECAUSE OF INEQUITABLE TREATMENT OF CLASS MEMBERS

In addition to IPP Class Counsel's traditional fiduciary duties, the Court assigned to him the duties to (i) "consult, as necessary in the best interests of the putative class, with all other Plaintiffs' counsel to obtain their input concerning strategy…" and (ii) "advance and protect the interests of the putative class in all respects and to honor all of its responsibilities, including making sure that all representations and commitments made on its behalf are honored." Dkt. 282 at 6. IPP Class Counsel failed in those duties to the detriment of the ORS and NRS class members and their proposed settlements risk making the resulting prejudice permanent.

Rule 23(a)(4) requires a court to examine adequacy "during the class action's lifetime" prior to approving a settlement. *See In re Silicone Gel Breast Implant Prods. Liab. Litig.*, No. 2:92-CV-10000, 2010 WL 11506713, at *40 (N.D. Ala. May 19, 2010). "A court must view the representative's conduct of the entire litigation with this criterion as its guidepost." *Id.*

The ORS and NRS class members have never received the due-process safeguards that Rule 23(a)(4) mandates. They were without named representatives for their states and represented only by conflicted lead counsel who failed to zealously represent the ORS and NRS class members in the litigation or settlement negotiation process. The named plaintiffs and IPP Class Counsel "fail[ed] to prosecute the action vigorously on behalf of the entire class [and] ha[d] an insurmountable conflict of interest." *See Hesse v. Sprint Corp.*, 598 F.3d 581, 589 (9th Cir. 2010). IPP Class Counsel did not vigorously pursue state law damages claims on behalf of the ORS and repeatedly undermined the value of the claims—despite having a duty to "advance and protect the interests" of the ORS class members. IPP Class Counsel failed to follow the simple state-law notice requirement for the Massachusetts claims—twice, even after the Court allowed an opportunity to correct the deficiency, with IPP Class Counsel ultimately stipulating to the dismissal of the Massachusetts claims with prejudice before ORS's present counsel successfully moved to vacate the order. *See* Dkt. 768 at 13-14; Dkt. 799. Despite their central role in prejudicing the ORS claims, IPP Class Counsel subsequently denigrated the value of those claims before this Court and the Ninth Circuit. *See, e.g.*, Dkt. 4449 at 19 ("damages claims from each of these states are not viable (and thus reasonably viewed as valueless)"); Case No. 16-16368, Dkt. 93 at 48 ("none of the absent class members in those three [ORS] states had viable damages claims"); *id.* at 74 ("Massachusetts, Missouri and New Hampshire Claims Are Valueless"). Similarly, IPP Class Counsel simply ignored the fact that they repeatedly alleged federal equitable claims on behalf of NRS class members, before declaring them valueless, when called upon to explain why they were giving them away in the previous settlements.

Although separate counsel were appointed last year to represent the class members in the ORS and NRS, this Court has not relieved IPP Class Counsel of their duties to those class members, nor analyzed the issue. Further, even if IPP Class Counsel had been relieved of such current duties, they still maintained ethical obligations to the ORS and NRS class members as former clients under California State Bar Rule 1.9, the duty of loyalty.

IPP Class Counsel's pre- and post-remand conduct therefore raises representation concerns with regard to class members in the 22 states as well as the ORS and NRS. For instance, IPP Class Counsel excluded the ORS's and NRS's newly appointed counsel from the settlement negotiations and did not even inform them that such negotiations were occurring. IPP Class Counsel reached a settlement with defendants that no longer released the ORS and NRS class members' claims and, rather than compensate the ORS and NRS class members, *they returned monies to the defendants* apparently in the amount of attorneys' fees they were willing to give up. This prejudiced the ORS and NRS class members because their counsel's evaluation of the issues, potential recovery, damages, and reasonable settlement demand were not presented or considered by the settling parties. Instead, any presentation of such issues was provided by IPP Class Counsel, who was already on record disparaging the claims, and has an interest in preserving the previous settlements and attorneys' fees at minimal cost.

Rule 23(a)(4) does not permit class counsel or class representatives to split off claims held by fellow class members, particularly when doing so will prejudice their ability to assert such claims. Such an "attempt to split … putative class members' claim by excluding [certain ones] creates a conflict between [a representative's] interests and the interests of the putative class, rendering her an inadequate representative." *Fosmire v. Progressive Max Ins. Co.*, 277 F.R.D.625, 634 (W.D. Wash. 2011).

Because IPP Class Counsel failed to pursue and, in some cases, dropped ORS and NRS class members' claims, ORS and NRS class members now face viability arguments regarding statutes of limitations and relations back that were created solely by IPP Class Counsel's handling of their claims. While these arguments are ultimately baseless, they still may affect negotiation of the ORS and NRS claims and require the ORS and NRS to oppose them in court. Perhaps worse, if the settlements are approved, the operative complaints amended to exclude ORS and NRS class members, and judgment entered while the appeal of the denial of the ORS and NRS Plaintiffs' motions to intervene are still pending, the Ninth Circuit might dismiss the appeals as moot because there would be no remaining case in which to intervene. *See supra*

Section I. And, if the Court directs payment to the "IPP subclass," awards IPP Class Counsel the prior fee award less only the negotiated reduction, and enters judgment for the defendants, even the small amount of the settlement funds currently in escrow that IPP Class Counsel and the defendants allocated to the ORS and NRS class members' claims will no longer be available to settle those claims.

### B. THE SETTLEMENTS CANNOT BE APPROVED BECAUSE THEY TREAT CLASS MEMBERS INEQUITABLY

Rule 23(e)'s requirement that class members be treated equitably in relation to each other applies to more than just the treatment of and among class members in a favored subset of the class. Here, however, IPP Class Counsel's proposed settlements reflect the view that only the members in the 22 repealer states need to be treated equitably in relation to each other. This view is contrary to the law and violates counsel's statutory duties. *See* Section II.A; *see also* Dkt. 5360 (Decl. of Richard E. Flamm).

While Rule 23(e)(2)(D)'s text was introduced in the 2018 amendments to the Federal Rules "to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal,"[2] the principle has been embodied in class-action law for years. Courts have long held that all "claimants identified by a common theory of recovery" must be "treated equitably." *See In re Silicone Gel Breast Implant Prods. Liab. Litig.*, 2010 WL 11506713, at *25-*26; *see also Piambino v. Bailey*, 610 F.2d 1306, 1329 (5th Cir. 1980). Courts, charged with a fiduciary duty to represent class members, must be "concerned with adequate and similar results for all similarly situated class members in a class action settlement." *Duhaime v. John Hancock Mut. Life Ins. Co.*, 183 F.3d 1, 5 (1st Cir. 1999). "Fairness calls for a comparative analysis of the treatment of the class members vis-à-vis each other and vis-à-vis similar individuals with similar claims who are not in the class." Manual for Complex Litigation (Fourth) § 21.632 (2004). Courts thus recognize that "[o]ne sign that a

[2] Advisory Committee Notes to 2018 Amendments to Rule 23.

settlement may not be fair is that some segments of the class are treated differently from others." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 808 (3d Cir. 1995).

IPP Class Counsel's proposed piecemeal settlement of the claims of a portion of a single nationwide class is unprecedented. The reason that plaintiffs cite no other case in which such a settlement has been approved is that the approach is legally impermissible. Rule 23(e) does not allow more than half of the originally defined class to be written out of an "amended" settlement class and excluded from a fund that compensates less than half of the class. Yet, that's exactly what IPP Class Counsel is asking this Court to approve.

The ORS and NRS are not making frivolous claims. Federal equitable claims have been recognized since the passage of the Clayton Act. The validity of the ORS state law damage claims is confirmed by the fact that IPP Class Counsel alleges state-law damages claims on behalf of class members in all 31 states the subsequent complaint filed against Mitsubishi. *See Luscher*, No. 3:17-cv-04067-JST, Dkt. 1 (N.D. Cal.). A partial settlement which resolves the claims of a select group of class members, while leaving equally situated class members to negotiate and litigate, even without, as here, compromising that ability, precludes a finding of fairness under Rule 23(e).

The harm from partial settlements is widely acknowledged. In *In re Bank of Am. Wage & Hour Employment Litig.*, 740 F. Supp. 2d 1207, 1218 (D. Kan. 2010), for example, the court enjoined settlement of claims in a case outside the MDL which would resolve claims of subgroup of claimants in the MDL. The court found that the settlement would have caused irreparable harm because it would "establish a lower baseline for future settlement negotiations in this case with respect to the section 226(a) claims and, in all likelihood, will decrease the settlement value of the remaining claims by peeling away potentially meritorious claims." *See also In re Gen. Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1128-29 n.38 (7th Cir. 1979) (noting "the tactical disadvantage of having [remaining class members'] claims separated from the claims of the other class members" benefiting from the settlement).

Approval of the proposed settlements would achieve the opposite of the clear mandate of the Ninth Circuit. Just as before, IPP Class Counsel is asking the Court to approve settlements that obtain compensation for the favored 22 repealer states while leaving class members in the ORS and NRS emptyhanded. The proposed amendments don't simply exclude the ORS and NRS. Particularly by amending them out of the litigation, the proposed settlements hinder ORS and NRS class members' ability to obtain relief and perpetuate the prejudice resulting from IPP Class Counsel's faulty representation and inequitable treatment. Further, the totality of the circumstances indicates that they were negotiated so as to minimize the perceived value of the ORS and NRS claims in order to maximize the amount of the "retained" attorneys' fees that IPP Class Counsel expects to be awarded. The settlements should be rejected.

## III. MULTIPLE CLASS REPRESENTATIVES DO NOT HAVE STANDING BECAUSE THEY WERE IMPROPERLY ADDED TO THE MDL ACCORDING TO THE COURT'S VIEW OF 28 U.S.C. § 1407

In ruling on the ORS and NRS Plaintiffs' motions to intervene, this Court held that putative plaintiffs may not intervene and be added by amendment into the underlying actions that make up an MDL, but rather must file a case of their own in the appropriate forums and then seek transfer or consolidation into the MDL proceeding. Dkt. 5684. While the ORS and NRS Plaintiffs believe the Court's holding is erroneous and have appealed, the ruling stands as the law of the case and therefore should be applied equally to all parties. *See Strigliabotti v. Franklin Resources, Inc.*, 398 F. Supp. 2d 1094, 1098 (N.D. Cal. 2005) (that a party believes an issue was "erroneously decided … is not a persuasive reason for the Court to exercise its discretion to revisit an issue" decided in a previous disposition).

Of the 22 states damage subclasses covered by the pending settlements, at least half of them are represented solely by plaintiffs and class representatives who were added to the case directly through amendments to the operative MDL complaint without first filing their claims in separate cases that were transferred into the MDL proceeding. At a minimum, eleven of the state subclasses appear to have class representatives who, according to this Court, did not follow "the

proper course" by "fil[ing] their claims in the appropriate forum," *i.e.*, in an original complaint in a district court of original jurisdiction, "to permit the MDL consolidation process to operate as intended." Dkt. 5684 (quoting *In re MERS*, 2016 WL 3931820, at *10). These subclasses and plaintiffs are: the District of Columbia, Florida, Hawaii, Maine, Michigan, Nebraska, Mississippi, Nevada, New York, North Carolina, and Tennessee. Accordingly, the law of the case holds that they are improper plaintiffs over which the Court lacks jurisdiction. Thus, they cannot adequately represent the class unless and until they are properly added to the MDL, and any actions taken on their behalf prior to their proper addition to the MDL are invalid. The proposed settlements therefore cannot be approved.

## IV.   THE $29 MILLION REMOVED FROM THE SETTLEMENT AS VALUE APPARENTLY ATTRIBUTABLE TO THE ORS AND NRS CLAIMS IS INADEQUATE

One of the amendments to the proposed settlements is a 5.35% reduction to each defendant's settlement amount, for a total reduction of $29 million. Dkt. 5587 at 12-13; *see also,* Dkt. 5587-1 Exs. A-F. IPP Class Counsel has reduced the attorneys' fee request by an equivalent $29 million. Dkt. 5587 at 12. This reduction is attributable to the narrowing of the settlement class definition to include only members from the 22 included repealer states, such that indirect purchasers in the ORS and NRS are no longer releasing their claims against the defendants. *Id.* at 11-12.

Although courts generally presume the amount and means class counsel recommend for a settlement is adequate when based on arms-length negotiations by competent counsel, Newberg on Class Actions § 13:45 (5th ed.), that presumption is inappropriate here. IPP Class Counsel alone negotiated the size of the settlement reduction, knowing that every dollar would be deducted from their eventual attorneys' fee award. They clearly had no interest in maximizing the recovery of the ORS and NRS class members, whose claims they had previously given away for nothing.

The amount itself is low. IPP Class Counsel wrote to the Court that overall damages are $3.36 billion. Dkt. 5245, p. 14, ln. 11-17. IPPs' expert, Dr. Netz, estimated single damages to

members of the 22 states to be $2.78 billion, leaving $580 million as estimated single damages to the ORS, before trebling.  Using the same data and methodology, it is estimated approximately $2.4 billion was wrongfully taken from NRS class members.

Even without regard to the prejudice to the ORS and NRS class members, the proposed settlement for the 22 repealer state subclasses is also far below what is appropriate when one compares the settlement to those achieved in other MDLs. For example, *In re TFT-LCD (Flat Panel) Antitrust Litigation* involved potential single damages that were approximately $800 million less than in this case, but it settled for $1.1 billion—nearly twice the present settlement, despite involving a shorter and less organized conspiracy than the one at issue here. *See* Dkt. 4712 at 10.

The proposed settlements should be rejected due to the procedural and substantive issues behind the far-too-low $29 million reduction. If the Court approves the settlements, it should reduce fees significantly to account for the value of the ORS and NRS claims that are no longer released by the amended settlements. *See* Section VI.

## V.   THE NOTICE TO THE CLASS MEMBERS WAS LEGALLY DEFECTIVE

Due process requires class members to receive notice that clearly describes a settlement's benefits and limitations. Fed. R. Civ. P. 23(c)(2)(B). Notice must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford an opportunity to present objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). ORS and NRS class member have never received adequate notice of the settlements in the litigation—the first round or the present one—or of IPP Class Counsel's failure to pursue the ORS state law damages claims to enable them to take defensive action. Because they were not notified of the defects in the settlements, ORS and NRS class members were unable to take defensive actions and may now face defendants' attempt to block their recovery on statute of limitations grounds.

The class notice for the original settlements did not appropriately inform ORS and NRS class members of the terms of the settlement because it failed to state that they released all of

their claims and would receive nothing in return. The class notice was also defective because it targeted the wrong demographics. The classes consist of persons or entities who purchased CRT products from as early as March 1, 1995, through November 25, 2007. It therefore is highly probable that an individual claimant is of age 60 or older. The notice campaign targeted print publications that tended to reach only a small percentage of adults aged 55 and older and Internet ads also unlikely to reach these older class members. *See* Dkt. 1063 at 4; Dkt. 4413 at 8. Thus, the previous issues of inflated "reach" statistics, and over-reliance on internet banners remains. Accordingly, for all of the reasons stated herein as well as in the previous objections regarding notice made by counsel for the ORS and NRS (Dkt. 4437 at 9-11), which are hereby re-asserted and incorporated by reference, notice to class members was legally defective.

## VI.    THE ATTORNEYS' FEE REQUEST IS EXCESSIVE

Rule 23(h) provides for an award of "reasonable" attorneys' fees. "A claim for an award *must* be made by motion under Rule 54(d)(2)," and "[a] class member, or a party from whom payment is sought, may object to the motion." Fed. R. Civ. Pro. 23(h)(1)-(2) (emphasis added).

Procedurally, IPP Class Counsel's request facially violates Rule 23(h)(1) because no motion for fees has been filed. The purpose of this rule is to allow interested parties to evaluate the fee motion itself and object if the fee is not warranted on the grounds asserted by the requesting party. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2020). Moreover, the pendency of appeals of the previous award and allocation of attorneys' fees and expenses (*see* 9th Cir. Case Nos. 17-15496; 17-15597; 17-15598; 17-15902), furnishes an additional basis for the Court to, at minimum, decline to award attorneys' fees at this time.  The subject of those appeals includes the use of contract lawyers and paralegals who were billed by IPP Class Counsel at substantially higher rates than were actually paid, and the application of a multiplier to those higher billing rates.  The previous objections to the fee award made by counsel for the ORS and NRS Plaintiffs are hereby reasserted and incorporated by reference. *See* Dkt. 4437.

Substantively, Objectors may object to IPP Class Counsel's request under Rule 23(h)(2) because the amount of attorneys' fees is tied directly to what IPP Class Counsel agreed was the value of ORS and NRS class members' claims. Because the ORS and NRS claims are worth more than $29 million, the difference between their true value and the $29 million reduction belongs to ORS and NRS class members. At a minimum, this Court should delay any award of attorneys' fees until counsel for the ORS, NRS, IPP Class Counsel, and defendants can reach agreement over a fair allocation of the original settlement amount based on arms-length negotiations of claim value.

If the Court nevertheless proceeds with the fee award, it should reduce the fees going to IPP Class Counsel substantially. "In determining what fees are reasonable, a district court may consider a lawyer's misconduct, which affects the value of the lawyer's services." *Rodriguez v. Disner*, 688 F.3d 645, 653 (9th Cir. 2012). The $129.6 million, plus interest, that IPP Class Counsel seeks in fees is excessive because, as discussed in Section IV, it deducts an unreasonably low amount as the purported value of ORS claims that are no longer being released in the settlements. The requested amount is also excessive because it fails to deduct fees for, or analyze, the representation IPP Class Counsel provided and the lengthy delay in compensating class members directly resulting from IPP Class Counsel's deficiencies. The appeal proceedings provided no value to class members; any time attributable to IPP Class Counsel's work on the appeal or amending legally defective settlements for which IPP Class Counsel was responsible should weigh *against* attorneys' fees, not provide grounds for rubber stamping the request. *See* Dkt. 5695 at 16 n.13 (noting that the "award will be lower both in absolute numbers and on an hourly basis" than the award approved in 2016).

**CONCLUSION**

Objector respectfully asks this Court to deny settlement approval. If the Court approves the settlement, it should delay or substantially reduce IPP Class Counsel's award of attorneys' fees to ensure an adequate recovery for ORS and NRS class members who were prejudiced by

IPP Class Counsel's representation and inequitable treatment of them.

Dated: May 29, 2020

Respectfully submitted,

/s/ Theresa D. Moore
Theresa D. Moore

Theresa D. Moore (99978)
Law Offices Of Theresa D. Moore
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 613-1414
tmoore@aliotolaw.com
*Interim Co-Lead Counsel for the ORS*

/s/ Tracy R. Kirkham
Tracy R. Kirkham

Tracy R. Kirkham (69912)
John D. Bogdanov (215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
Email: trk@coopkirk.com
jdb@coopkirk.com
*Interim Lead Counsel for Non-Repealer State Subclass*

Christopher A. Nedeau (81297)
Nedeau Law Firm
154 Baker Street
San Francisco, CA 94117
Telephone: (415) 516-4010
cnedeau@nedeaulaw.net

*Counsel for the ORS*

/s/ Francis O. Scarpulla
Francis O. Scarpulla

Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: 415-788-7210
fos@scarpullalaw.com
pbc@scarpullalaw.com

*Interim Co-Lead Counsel for the ORS*

John G. Crabtree, *appearing pro hac vice*
Brian Tackenberg, *appearing pro hac vice*
Crabtree & Auslander
240 Crandon Boulevard, Suite 101
Key Biscayne, FL 33149
Telephone: (305) 361-3770
jcrabtree@crabtreelaw.com
btackenberg@crabtreelaw.com

*Counsel for the ORS*

Brian M. Torres, *appearing pro hac vice*
Brian M. Torres, P.A.
One S.E. Third Avenue, Suite 3000

Miami, FL 33131
Telephone: (305) 901-5858
btorres@briantorres.legal

*Counsel for the ORS*

**ATTESTATION**

I hereby attest pursuant to Civil Local Rule 5-1(i)(3) that concurrence in the filing of this document has been obtained from all signatories.

/s/ Francis O. Scarpulla