| | | |
|---|---|---|
| | UNITED STATES COURT OF APPEALS | **FILED** |
| | FOR THE NINTH CIRCUIT | JUN 9 2020 |
| | | MOLLY C. DWYER, CLERK<br>U.S. COURT OF APPEALS |

In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION,

———————————————————

INDIRECT PURCHASER PLAINTIFFS,

        Plaintiff-Appellee,

 v.

TOSHIBA CORPORATION; et al.,

        Defendants-Appellees,

 v.

TYLER AYRES; et al.,

        Movants-Appellants.

No. 20-15697

D.C. No. 4:07-cv-05944-JST
Northern District of California, Oakland

ORDER

---

In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION,

———————————————————

INDIRECT PURCHASER PLAINTIFFS,

        Plaintiff-Appellee,

 v.

TOSHIBA CORPORATION; et al.,

        Defendants-Appellees,

No. 20-15704

D.C. No. 4:07-cv-05944-JST

| |
|---|
| v.<br><br>ELEANOR LEWIS, Proposed Intervenor,<br><br>Movant-Appellant. |

Before: WARDLAW and CLIFTON, Circuit Judges, and KATZMANN,[*] Judge.

Appellants appeal the district court's orders (1) denying their motions to intervene and (2) granting preliminary approval of a class settlement between the so-called Indirect Purchaser Plaintiffs (Appellees) and some of the defendants in this case. Appellees do not dispute our jurisdiction to review the orders denying intervention. *See Prete v. Bradbury*, 438 F.3d 949, 959 n.14 (9th Cir. 2006). But they move to dismiss the appeals for lack of jurisdiction to the extent they challenge the order granting preliminary approval of the settlement.

Appellants advance two arguments in favor of appellate jurisdiction over the order granting preliminary approval. First, they contend that the orders denying their motions to intervene were final judgments as to them, and that the preliminary approval order merged into those judgments such that it too is subject to immediate review. However, orders denying motions to intervene are immediately appealable not as final judgments but instead under the collateral order doctrine. *Robert Ito Farm, Inc. v. County of Maui*, 842 F.3d 681, 688 (9th

---

[*] The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

2

Cir. 2016).[1]  Because no judgment has been entered, the merger rule provides no basis for jurisdiction over the preliminary approval order.

Alternatively, Appellants argue that the preliminary approval order is itself appealable under the collateral order doctrine.  To fall within the limited scope of the collateral order doctrine, a district court order must (1) be "conclusive" on the issue at hand, (2) "resolve important questions separate from the merits," and (3) be "effectively unreviewable" after final judgment.  *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009).  These stringent requirements are not satisfied here.

First and foremost, there are no important questions that will be effectively unreviewable after final judgment.  *See id.*  To the extent Appellants will suffer any cognizable harm from the settlement—to which they are not parties—no injury will occur until the district court grants *final* approval.  The district court's

---

[1] Contrary to Appellants' argument, *Robert Ito* is not inconsistent with our prior case law.  Our earlier cases said only that orders denying motions to intervene are final decisions or final orders within the meaning of 28 U.S.C. § 1291.  *See, e.g.*, *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 896 (9th Cir. 2011); *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 527 (9th Cir. 1983).  Orders appealable through the collateral order doctrine are also "final decisions" under § 1291; the doctrine is an interpretation of the term "final decisions" in the statute.  *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 103 (2009).  None of our prior cases stated that orders denying motions to intervene are final *judgments*. *See Abney v. United States*, 431 U.S. 651, 658 (1977) ("While a final judgment is always a final decision, there are instances in which a final decision is not a final judgment.").

conclusion that Appellants lack standing to object to the settlement will be of no moment if final approval is denied for other reasons. And if final approval is granted, Appellants can seek to appeal the denial of their objections then.

We disagree with Appellants' contention that by denying their motions to intervene, the district court has already barred them from appealing the approval of the settlement after final judgment. The district court denied Appellants' motions to intervene for the purpose of filing separate complaints, concluding that the multi-district litigation statute did not permit intervention of this nature. We do not read that order as precluding Appellants from moving to intervene after final approval for the different purpose of appealing the denial of their objections to the settlement. *See Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (per curiam). If the district court were to deny such a motion, the denial could be immediately appealed. *Id.*

In sum, we conclude that we lack jurisdiction to review the district court's order granting preliminary approval of the class settlement. Accordingly, Appellees' motions to partially dismiss the appeals are **GRANTED**.

These appeals shall be consolidated for future proceedings. The Clerk is directed to set a briefing schedule for the merits of the remaining issues. The parties are encouraged to submit combined briefs to the extent practicable.

**IT IS SO ORDERED.**