FILED

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

MAY 29 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944-JST<br><br>MDL No. 1917<br><br>**STATEMENT OF OBJECTION** |
| This Document Relates to:<br><br>All Indirect-Purchaser Actions | |

I am a member of the plaintiff class of indirect purchaser plaintiffs in the case called *In re: Cathode Ray Tube (CRT) Antitrust Litigation*.

    I am a class member because I purchased a CRT-containing product in New Mexico, and am a member in one or more of the 22 Indirect Purchaser State Classes of end-use purchasers of CRT in the states of Arizona, the District of Columbia, California, Florida, Hawaii, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, and Wisconsin beginning at least March 1, 1995 through at least November 25, 2007.

I object to the settlement in this lawsuit. My reasons for objecting are:

1. The proposed settlement class should not be certified for lack of adequate representation.
2. The proposed settlement class should not be certified because both Class Counsel and the Class Representatives are inadequate representatives, and some should be conflicted out.
3. Approval of the prior settlement was reviewed by the appeals court who did not affirm approval of the settlement but remanded the case back to the District Court for reconsideration of class certification and final approval, which should have included review of the adequacy of representation by Class Counsel.
4. The delay arising from Class Counsel's improper conduct cost me and all others similarly situated to lose more time and interest.
5. I believe the lawyers who made multiple errors throughout the case will attempt to bill more for the resultant increased costs and time related to their negotiations and work that arise from their inadequate representation and errors.
6. The proposed settlement class should not be certified because the Court never allowed discovery, briefing or oral argument on the issue for which the Ninth Circuit Court of Appeals remanded this matter, including the facts that present Lead Counsel Mario Alioto and other Class Counsels who worked closely with him possess a

conflict with the proposed settlement class and are otherwise are inadequate Class Counsel and must be removed (*see* Dkt. 5360. Upon information and belief, the lawyers who worked with Lead Counsel Alioto who are inadequate and in conflict and who should be removed include, but are not limited to, Timothy Batten of Straus & Boies, LLP, Christopher Micheletti of Zelle LLP, Robert Gralewski of Kirby McInerney LLP, Lauren Russell and Mario Patane of Trump Alioto Trump & Prescott, LLP.

7. Approval of the prior settlement was overridden and the errors of Lead Counsel and Class Counsel that worked closely with him resulted in a significant delay in each putative Class Members' receipt of the settlement proceeds that continues through this date. The latest move of seeking to again omit certain persons that are entitled by law to recover only invites further appeals. That delay translates into loss of millions of dollars in interest as well as barring us from having had the ability to use the money for many years.

8. Approval of the prior settlement was overridden and addressing the errors that resulted in the reversal and vacation of the prior settlement required legal work and costs to address. The Class Members should not be forced to pay for the fixing of the errors of Lead Counsel Alioto and Class Counsel that worked closely with him.

9. No attorney fees or costs should be allowed until the issue of conflict is resolved.

10. The proposed settlement is not fair, reasonable and adequate and was not negotiated at arm's length.

11. The proposed settlement does not treat Class Members equitably relative to each other.

12. I do not believe the Class Representatives or lawyers who negotiated the settlement represented my best interests.

13. Requiring that Class Members to submit a receipt for the purchase as a condition to object does not treat Class Members equitably relative to each other and is evidence of the inadequacy of the Class Representatives and Class Counsel.

My personal information is:

Name *[first, middle, last]*: __Mary Jo Baucom__

Address: __2001 White Cloud NE, Albuquerque NM 87112__

Phone No.: _____

The contact information for my lawyer is:

Name: _____Robert Bonsignore_____

Address: _____23 Forest Street, Medford MA 02155_____

Phone No.: _____781-350-0000_____

Your Signature: _MaryJBaycon_

Date: _5/29/2020_

Note: The objection must be submitted to the Court either by mailing it to the Class Action Clerk at the address below, or by filing it in person at any location of the United States District Court for the Northern District of California.

The deadline to file objections with the Court is May 29, 2020:

Class Action Clerk
United States District Court for the
Northern District of California
1301 Clay Street, Suite 400 S
Oakland, CA 94612