Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 788-7210
Facsimile: (415) 788-0706
fos@scarpullalaw.com
pbc@scarpullalaw.com

*Interim Co-Lead Counsel for the ORS Subclass*

Tracy R. Kirkham (69912)
John D. Bogdanov (215830)
Cooper & Kirkham, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415)788-3030
Facsimile: (415) 882-7040
trk@coopkirk.com
jdb@coopkirk.com

*Interim Lead Counsel for the NRS Subclass*

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

Theresa D. Moore (99978)
Law Offices of Theresa D. Moore
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 613-1414
tmoore@aliotolaw.com

*Interim Co-Lead Counsel for the ORS Subclass*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>All Indirect Purchaser Actions | Master File No. 4:07-cv-5944-JST<br><br>MDL No. 1917<br><br>**MOTION TO INTERVENE TO PRESENT OBJECTIONS TO IPP SETTLEMENTS AND APPEAL A FINAL JUDGMENT IF JUDGMENT IS ENTERED**<br><br>Hearing Date: Submitted on papers or<br>　　　　　　　  July 22, 2020<br>Time:　　　　 2:00 p.m.<br>Judge:　　　　 Honorable Jon S. Tigar<br>Courtroom:　　6, 2nd Floor |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that either submitted on the papers, or in the alternative, if the Court prefers, on July 22, 2020 at 2:00 p.m., or as soon thereafter as the matter can be heard before the Honorable Jon S. Tigar, United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California, 94612, Tyler Ayres, Mike Bratcher, Nikki Crawley, Jay Erickson, Harry Garavanian, John Heenan, Hope Hitchcock, D. Bruce Johnson, Jeff Johnson, Kerry Murphy, Chris Seufert, Robert Stephenson, Gary Talewsky, and William Trentham, (the "ORS Plaintiffs") and Eleanor Lewis ("NRS Plaintiffs") (collectively, "Objectors"), by and through undersigned counsel, moves the Court, pursuant to Rule 24 of the Federal Rules of Civil Procedure, for an Order permitting Objectors to intervene for the purpose of advancing their timely-filed objections (Dkt. 5732) and in order to appeal a final judgment if judgment is entered.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, any arguments and evidence that may be presented at any hearing before the Court on this motion, all transcripts of prior proceedings before this Court and on all other pleadings and papers on file in this action.

//
//
//
//
//
//
//
//
//
//
//

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Indirect Purchaser Plaintiffs for 22 state-classes ("IPPs") filed a "motion pursuant to Ninth Circuit mandate to reconsider and amend final approval order, final judgment, and fee order" (ECF No. 5587) which this Court construed as a motion for preliminary approval of amended settlements between the IPPs and Defendants.  ORS and NRS Plaintiffs opposed the motion.  Dkt. 5607.  In its Order granting preliminary approval, the Court struck the ORS and NRS Plaintiffs' opposition on the basis that they are "not members of the amended settlement Class and have no standing to object to IPP Plaintiffs' motion for preliminary approval of the amended settlements."  Dkt. 5695 at 6-7.

On May 29, 2020, ORS and NRS Plaintiffs filed timely objections to final approval of the IPPs' amended settlements.  Dkt. 5732.  ORS and NRS Plaintiffs now respectfully move this Court, pursuant to Rule 24 of the Federal Rules of Civil Procedure, for an order permitting them to intervene in this action to present their objections and to appeal a final judgment if one is entered by the Court.[1]  ORS and NRS Plaintiffs request this Court to deem this matter submitted at the conclusion of the briefing.  As noted on this Court's online calendar page, "[p]arties may file a motion without a noticed hearing date, in which case the matter will be deemed submitted upon filing of the reply brief unless otherwise ordered by the Court."

**II.    THE NINTH CIRCUIT SUGGESTED THAT A MOTION TO INTERVENE IS A PROPER MECHANISM FOR THE ORS AND NRS PLAINTIFFS TO SEEK TO PROTECT THEIR INTERESTS**

ORS and NRS Plaintiffs appealed the Court's prior orders denying ORS and NRS Plaintiffs' motions to intervene, and the Court's Order granting preliminary approval, to the Ninth Circuit.  Dkts. 5709, 5711.  In the Ninth Circuit, IPPs filed a motion to dismiss the ORS and NRS appeals pertaining solely to this Court's preliminary approval order.

---

[1] Pursuant to Fed. R. Civ. P. 24(c), attached hereto as Exhibits A and B, respectively, are the Objections to Amended Settlement Agreements (Dkt. 5732), and ORS and NRS Opposition to Indirect Purchaser Plaintiffs' Motion to Reconsider and Amend Final Approval Order, Final Judgment and Fee Order (Dkt. 5607).

On June 9, 2020, the Ninth Circuit ruled that it lacked appellate jurisdiction over the preliminary approval order and dismissed the ORS and NRS Plaintiffs' appeals of that Order, while noting that IPPs did not dispute the Ninth Circuit's jurisdiction over the appeals concerning this Court's denials of intervention.  *See* Dkt. 5738 at 1 (Ninth Circuit Order as entered on this Court's docket).  The Ninth Circuit explained, however, that "if *final* approval is granted, [ORS and NRS Plaintiffs] can seek to appeal the denial of their objections then." *Id.* at 4 (emphasis added).  The Court continued:

> We disagree with Appellants' contention that by denying their motions to intervene, the district court has already barred them from appealing the approval of the settlement after final judgment.  The district court denied Appellants' motions to intervene for the purpose of filing separate complaints, concluding that the multi-district litigation statute did not permit intervention of this nature.  We do not read that order as precluding Appellants from moving to intervene after final approval for the different purpose of appealing the denial of their objections to the settlement.  *See Marino v. Ortiz,* 484 U.S. 301, 304 (1988) (per curiam).  If the district court were to deny such a motion, the denial could be immediately appealed.  *Id.*

*Id.* at 4.

In the *Marino* case cited by the Ninth Circuit, the Supreme Court noted that "the rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled." *Marino,* 484 U.S. at 304.  While acknowledging the suggestion that there may be exceptions to the rule, the Supreme Court counseled that "[w]e think the better practice is for such a nonparty to seek intervention for purposes of appeal." *Id.*  Indeed, Courts have frequently permitted intervention – even after trial – for the purpose of appealing an adverse ruling.  *See, e.g, United Airlines, Inc. v. McDonald*, 432 U.S. 385, 395-96 & n. 16 (1977).  As the Ninth Circuit has previously explained, "[i]ntervention should be allowed even after a final judgment where it is necessary to preserve some right which cannot otherwise be protected [such as] the right to appeal from the judgments entered on the merits by the District Court." *Pellegrino v. Nesbit*, 203 F.2d 463, 465-66 (9th Cir. 1953) (citations omitted); *see also Alameda Newspapers, Inc. v. City of Oakland*, 95 F.3d 1406, 1412 n.8 (9th Cir. 1996) ("the Guild's right to intervene for the purpose of appealing is well established").

The basis for the intervention—that the IPP subclasses' newly proposed settlements will adversely affect the rights and interests of the ORS/NRS Plaintiffs and subclass members—is fully set forth in their May 29, 2020, Objections to final approval of the IPPs' amended settlements (Dkt. 5732) and incorporated by this reference, and attached as Exhibit A.

One conspicuous way that approval of the newly proposed settlements would prejudice the ORS/NRS Plaintiffs is by eliminating the long-pending nationwide class action alleging federal claims on behalf of the ORS and NRS subclass members. Indeed, the ORS/NRS Plaintiffs and subclass members are still nationwide class members until new settlements are approved. Approval of the new settlements ending the nationwide class, by excising all of the ORS and NRS Plaintiffs and subclass members, harms those subclass members because approval potentially extinguishes their ability to intervene if they win on appeal, since the nationwide class and case would no longer exist.

### III.  CONCLUSION

Given the Court's previous view in its Order granting preliminary approval that members of the ORS and NRS subclasses are not parties for the purpose of objecting to or appealing from the IPP subclasses' proposed new settlements, and the suggestion by the Ninth Circuit in its recent Order, ORS and NRS Plaintiffs respectfully move this Court for an Order permitting them to intervene for the purpose of advancing their timely-filed objections and to appeal the denial of their objections if final judgment approving the proposed IPP settlements is entered.

Dated:  June 11, 2020

Respectfully submitted,

 /s/  Tracy R. Kirkham
 Tracy R. Kirkham

Tracy R. Kirkham (69912)
John D. Bogdanov (215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
Email:  trk@coopkirk.com
        jdb@coopkirk.com

*Interim Lead Counsel for Non-Repealer State Subclass*

| | |
|---|---|
| /s/ *Theresa D. Moore* | /s/ *Francis O. Scarpulla* |
| Theresa D. Moore | Francis O. Scarpulla |
| Theresa D. Moore (99978) | |
| Law Offices Of Theresa D. Moore | Francis O. Scarpulla (41059) |
| One Sansome Street, 35th Floor | Patrick B. Clayton (240191) |
| San Francisco, CA 94104 | Law Offices of Francis O. Scarpulla |
| Telephone: (415) 613-1414 | 456 Montgomery Street, 17th Floor |
| tmoore@aliotolaw.com | San Francisco, CA 94104 |
| | Telephone: 415-788-7210 |
| *Interim Co-Lead Counsel* | fos@scarpullalaw.com |
| *for the ORS* | pbc@scarpullalaw.com |
| | |
| | *Interim Co-Lead Counsel* |
| | *for the ORS* |

| | |
|---|---|
| Christopher A. Nedeau (81297) | John G. Crabtree, *appearing pro hac vice* |
| Nedeau Law Firm | Brian Tackenberg, *appearing pro hac vice* |
| 154 Baker Street | Crabtree & Auslander |
| San Francisco, CA 94117 | 240 Crandon Boulevard, Suite 101 |
| Telephone: (415) 516-4010 | Key Biscayne, FL 33149 |
| cnedeau@nedeaulaw.net | Telephone:  (305) 361-3770 |
| | jcrabtree@crabtreelaw.com |
| *Counsel for the ORS* | btackenberg@crabtreelaw.com |
| | |
| | *Counsel for the ORS* |
| | |
| | Brian M. Torres, *appearing pro hac vice* |
| | Brian M. Torres, P.A. |
| | One S.E. Third Avenue, Suite 3000 |
| | Miami, FL  33131 |
| | Telephone:  (305) 901-5858 |
| | btorres@briantorres.legal |
| | |
| | *Counsel for the ORS* |

### **ATTESTATION**

I hereby attest pursuant to Civil Local Rule 5-1(i)(3) that concurrence in the filing of this document has been obtained from all signatories.

/s/ *Tracy R. Kirkham*
Tracy R. Kirkham