# EXHIBIT B

Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 788-7210
Facsimile: (415) 788-0706
Email: fos@scarpullalaw.com
       pbc@scarpullalaw.com

*Liaison Counsel and Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs ORS Subclass*

Theresa D. Moore (99978)
Law Offices of Theresa D. Moore
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 613-1414
tmoore@aliotolaw.com

*Interim Co-Lead Counsel for Indirect-Purchaser Plaintiffs ORS Subclass*

Robert Bonsignore (*Pro Hac Vice*)
Bonsignore Trial Lawyers, PLLC
23 Forest Street
Medford, MA 02155
Office Phone: (781) 350-0000
Cell Phone: (781) 856-7650
Facsimile: (702) 852-5726
Email: rbonsignore@classactions.us

*Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs ORS Subclass*

Tracy R. Kirkham (69912)
John D. Bogdanov (215830)
Cooper & Kirkham, P.C.
357 Tehama Street, 2nd Floor
San Francisco, CA 94103
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
Email: trk@coopkirk.com
       jdb@coopkirk.com

*Interim Lead Counsel for Indirect-Purchaser Plaintiffs NRS Subclass*

[Additional Counsel Appear on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 4:07-cv-5944-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect-Purchaser Actions | **ORS AND NRS PLAINTIFFS' OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT AND FEE ORDER (DKT. 4712, 4717); AND MOTION TO REINSTATE ORS MOTION TO VACATE ORDERS AND JUDGMENT CERTIFYING SETTLEMENT CLASS, APPROVING SETTLEMENT AND AWARDING ATTORNEYS' FEES (DKT.5527)**<br><br>Date:      October 23, 2019<br>Time:      2:00 p.m.<br>Courtroom: 6, 2nd Floor (Oakland)<br>Judge:     Hon. Jon S. Tigar |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT ..........................................................................................................................2

    A. The Amended Settlement Agreements should be Rejected ...............................................2

        1. The Ninth Circuit's Remand Order Does Not Allow Piecemeal Settlements by Amendment ..................................................................................................................2

        2. The "Amended" Settlements Must Comply with Rule 23's Approval Process .............4

        3. The New Settlements Violate Rule 23 and Due Process Because They Prejudice the ORS and NRS and Are Unfair ..................................................................5

    B. IPP Counsel Cannot Avoid a Complete Examination of the Impact of Their Inadequate Representation Upon the Previously Awarded Attorneys' Fees .....................9

    C. The Proposed Amended Settlements Require Re-Notice to All Class Members ............10

III. CONCLUSION …………………………………………………………………………...10

i

**ORS AND NRS PLAINTIFFS' OPPOSITION TO IPPs' MOTION TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT AND FEE ORDER (DKT. 4712, 4717); AND MOTION TO REINSTATE MOTION TO VACATE ODERS AND JUDGMENT CERTIFYING SETTLEMENT CLASS, APPROVING SETTLEMENT AND AWARDING ATTORNEYS' FEES (DKT. 5527)**
Case No. 4:07-cv-5944, MDL No. 1917

Case 4:07-cv-05944-JST Document 5754-2 Filed 06/11/20 Page 4 of 18
Case 4:07-cv-05944-JST Document 5607 Filed 09/30/19 Page 3 of 17

## TABLE OF AUTHORITIES

**Cases**                                                                                                               **Page**

*Duhaime v. John Hancock Mut. Life Ins. Co.*
   183 F.3d 1 (1st Cir. 1999) ..................................................................................................5

*Hanlon v. Chrysler Corp.*
   150 F.3d 1011 (9th Cir. 1998) ..........................................................................................10

*In re Baby Prods. Antitrust Litig.*
   708 F.3d 163 (3d Cir. 2013) .............................................................................................10

*In re Bank of Am. Wage & Hour Employment Litig.*
   740 F. Supp. 2d 1207 (D. Kan. 2010) ................................................................................7

*In re Gen. Motors Corp. Engine Interchange Litig.*
   594 F.2d 1106 (7th Cir. 1979) ..............................................................................4, 5, 7, 8

*In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig.*
   55 F.3d 768 (3d Cir. 1995) .................................................................................................5

*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*
   827 F.3d 223 (2nd Cir. 2016) .............................................................................................9

*In re Silicone Gel Breast Implant Products Liab. Litig.*
   2:92-CV-10000-RDP, 2010 WL 11506713 (N.D. Ala. May 19, 2010) .........................,5, 8

*Keepseagle v. Vilsack*
   102 F. Supp. 3d 306 (D.D.C. 2015) .................................................................................10

*Luscher v. Mitsubishi Elec. Corp.*
   No. 3:17-cv-04067-JST (N.D. Cal.) ...................................................................................5

*O'Connor v. Uber Techs., Inc.*
   201 F. Supp. 3d 1110 (N.D. Cal. 2016) .............................................................................4

*Ortiz v. Fibreboard Corp.*
   527 U.S. 815 (1999) ...........................................................................................................9

*Pearl v. Allied Corp.*
   102 F.R.D. 921 (E.D. Pa. 1984) .........................................................................................8

*Pearson v. Target Corp.*
   893 F.3d 980 (7th Cir. 2018) ...........................................................................................10

*Piambino v. Bailey*
   610 F.2d 1306 (5th Cir. 1980) ............................................................................................5

*Smith v. Sprint Communications Co, L.P.*
   387 F.3d 612 (7th Cir. 2004) ..............................................................................................8

**ORS AND NRS PLAINTIFFS' OPPOSITION TO IPPs' MOTION TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT AND FEE ORDER (DKT. 4712, 4717); AND MOTION TO REINSTATE MOTION TO VACATE ODERS AND JUDGMENT CERTIFYING SETTLEMENT CLASS, APPROVING SETTLEMENT AND AWARDING ATTORNEYS' FEES (DKT. 5527)**
Case No. 4:07-cv-5944, MDL No. 1917

Statutes and Other Authorities

Federal Rule of Civil Procedure 23 ................................................................................. *passim*

California Rule of Professional Conduct 1.9 (Duties to Former Clients)..........................................7

Manual for Complex Litig. (Fourth) § 13.14 (2004) ..................................................................4

# I

# INTRODUCTION

The Ninth Circuit remanded this case to this Court with the following mandate: "to reconsider its order on class certification and settlement approval." 9th Cir. Case No. 16-16368, Dkt. 238, p. 11 ("Remand Order").[1] This Court was directed to reconsider: (1) the certification of all settlement classes; and (2) approval of the settlements as being fair, reasonable and adequate to all class members. *Id.* at 11-12. The mandate was explicit and not subject to any caveat, exception, or expansion. Nevertheless, Lead Nationwide IPP Class Counsel ("IPP Counsel") once again attempts to sidestep the Ninth Circuit's mandated review of the prior settlements and adequacy of counsel by seeking approval of "amended" settlement agreements covering only the 22 Repealer State classes. This proposed process is outside the scope of the Remand Order and goes even further by requesting that this Court address matters that remain on appeal and over which it presently has no jurisdiction.

Because the Remand Order requires this Court to "reconsider its order on settlement approval," this Court must decide if its prior settlement approval was proper. If the Court decides it was not, then approval must be denied and that order granting it and certifying the settlement classes vacated. Significantly, the express language of the Ninth Circuit's order was that it did not "vacate the [settlement] order at this time" (9th Cir. Case No. 16-16368, Dkt. 238, p. 12), leaving it to this Court to do so. In any event, the prior settlements must be reconsidered under the provisions of Rule 23, and, at the appropriate time, the compensation of IPP Counsel must be given a full re-examination that includes consideration of its representation in this case, including

---

[1] At issue on reconsideration are the Order Granting Final Approval of Indirect Purchaser Settlements (Dkt. 4712), and the Final Judgment of Dismissal With Prejudice As To The Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson, and TDA Defendants (Dkt. 4717) (collectively, the "Orders").

1
**ORS AND NRS PLAINTIFFS' OPPOSITION TO IPPs' MOTION TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT AND FEE ORDER (DKT. 4712, 4717); AND MOTION TO REINSTATE MOTION TO VACATE ODERS AND JUDGMENT CERTIFYING SETTLEMENT CLASS, APPROVING SETTLEMENT AND AWARDING ATTORNEYS' FEES (DKT. 5527)**
Case No. 4:07-cv-5944, MDL No. 1917

its representation of the ORS and NRS class members.[2] That is not to say that the claims in this litigation cannot or should not be settled. However, that process cannot be made part of some sort of revision or renovation of the prior settlements. Even if this Court's consideration of new settlements were to come directly on the heels of its reconsidering the grant of final approval of the prior settlements, these are two distinct procedural occurrences, and the dictates of the Federal Rules of Civil Procedure cannot be truncated by tacking them together, as IPP Counsel propose.

Accordingly, the contention that notice of the proposed "amendments" may be accomplished through a limited re-notice process to a subset of the nationwide class is fatally flawed and Constitutionally defective. The proposed new settlements have far-reaching implications for the excluded, former class members that requires that they be given notice and an opportunity to object before final approval of any new settlement terms could be given.

Additionally, the new settlements suffer from many of the same constitutional defects as the prior settlements, and their approval would only raise additional issues for appeal. Most significantly, the new settlements violate the due process requirement embodied in Federal Rule of Civil Procedure 23(e)(2)(D) that any proposed settlement treats class members equitably relative to each other. Approval of the proposed "amended" settlements would result in constitutionally violative inequitable treatment of the federal claims among class members and of the ORS class members' repealer state-law damages claims relative to those of the 22 Repealer States class members, particularly in light of the fact that Defendants' counsel has stated that there is no guarantee that there would be any money to pay class members should the currently held settlement fund be released from escrow. Dkt. 5538, at 6. That statement puts in danger any recovery for the ORS and NRS claims if the 22 Repealer State claims are permitted to be fast-tracked.

---

[2] The original fee order and allocation thereof are currently on appeal and are not part of the Remand Order.

2
**ORS AND NRS PLAINTIFFS' OPPOSITION TO IPPs' MOTION TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT AND FEE ORDER (DKT. 4712, 4717); AND MOTION TO REINSTATE MOTION TO VACATE ODERS AND JUDGMENT CERTIFYING SETTLEMENT CLASS, APPROVING SETTLEMENT AND AWARDING ATTORNEYS' FEES (DKT. 5527)**
Case No. 4:07-cv-5944, MDL No. 1917

This Court's laudable desire to resolve this case will not be well-served by adoption of the defective new settlements and reworked attorneys' fee award as "amendments" to the previous round of nationwide settlements. Rather, the course mandated by the Ninth Circuit to reconsider and vacate the settlements should be followed. Any settlement agreements by IPP Counsel acting only for the 22 Repealer States should be presented for preliminary approval, where they can be evaluated, and a proper aggregate attorneys' fee can be redetermined and reallocated.[3]

## II

## ARGUMENT

**A.    The Amended Settlement Agreements Should be Rejected.**

    **1.    The Ninth Circuit's Remand Order Does Not Allow Piecemeal Settlements by Amendment.**

The Ninth Circuit's order was succinct and clear – it remanded the appellate proceeding to this Court "to reconsider its order on class certification and settlement approval." 9th Cir. Case No. 16-16368, Dkt. 238, p. 11. The Orders to be reconsidered resolved the entire case as between all class-member plaintiffs and the settling all defendants. A reconsideration of those Orders would require the Court either to approve them, thereby placing them back into the record as originally entered, or vacate them in their entirety, allowing the case to proceed forward either to trial or to new settlements.

The proposed allowance of "amendments" to the prior settlements that carves out a slice of the case for settlement and jettisons the remaining class members to fend for themselves is in fact a request for this Court to commit errors of law. Moreover, the requested piecemeal approach is inconsistent with this Court's prior orders, which were entered to settle the entire proceeding. If the parties no longer wish to pursue the purpose for which the Court's Orders were entered, then

---

[3] Such a procedure, if adopted by this Court, would resolve all of the still-pending appellate issues before the Ninth Circuit.

3

**ORS AND NRS PLAINTIFFS' OPPOSITION TO IPPs' MOTION TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT AND FEE ORDER (DKT. 4712, 4717); AND MOTION TO REINSTATE MOTION TO VACATE ODERS AND JUDGMENT CERTIFYING SETTLEMENT CLASS, APPROVING SETTLEMENT AND AWARDING ATTORNEYS' FEES (DKT. 5527)**
Case No. 4:07-cv-5944, MDL No. 1917

the proper course is to vacate the Orders, and allow the parties to offer these "new" settlements for full review under Rule 23(e).

Notably, the piecemeal settlements would not allow the 22 Repealer States' claims to be finalized, as IPP Counsel desires, while the ORS and NRS Plaintiffs continue to litigate their claims. The "amended" settlements severely prejudice the ORS and NRS. As a matter of law, Federal Rule of Civil Procedure 54(b), dealing with the entry of a final judgment as to one or more but fewer than all claims or parties involved in an action, was not intended to apply to a situation where certain members of the IPP class recover a settlement while the merits of the claims of other members of the same IPP class remain pending – even if they had been divided into two or more distinct subclasses, which has not formally been done here. *In re Gen. Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1117 n.11 (7th Cir. 1979).

### 2. The "Amended" Settlements Must Comply with Rule 23's Approval Process

Federal Rule of Civil Procedure 23 delineates the approval process that must be followed in a class action. *See* Fed. R. Civ. P. 23. It prescribes two-steps: "the Court first determines whether a class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted. *O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1121–22 (N.D. Cal. 2016); Manual for Complex Litig. (Fourth) § 13.14 (2004). That process must be adhered to if changes are to be made to the certified settlement class (including decertification) or to the settlements themselves. By attempting to amend the previously-entered Orders, IPP Counsel requests this Court ignore black letter law and again sidestep Rule 23's mandatory review. Objectively viewed, the "amended" settlements bear little to no resemblance to the previously-approved settlements. Accordingly, the new settlements must be subject to a full Rule 23 review. For this reason alone, IPP Counsel's motion to amend must be denied.

### 3. The New Settlements Violate Rule 23 and Due Process Because They Prejudice the ORS and NRS and Are Unfair

Rule 23(e) requires any proposed settlement agreement to "trea[t] class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). IPP Counsel's view that the required equity is limited to fairness only among and between the 22 Repealer State subclasses is contrary to the law and again grossly violates counsel's fiduciary duties.[4] Under Rule 23(e)'s fairness standard, all class members with claims based upon common legal theories must be treated equitably. *See In re Silicone Gel Breast Implant Products Liab. Litig.*, 2:92-CV-10000-RDP, 2010 WL 11506713, at *25–26 (N.D. Ala. May 19, 2010) ("the claimants identified by a common theory of recovery were treated equitably among themselves"). There is no dispute that the 22 Repealer State, the ORS and NRS class members all make claims under a common theory of liability for equitable relief and where applicable, damages. In fact, the inclusion of the ORS in the subsequent complaint that the IPP's filed against Mitsubishi underscores the commonality of their claims. *See Luscher v. Mitsubishi Elec. Corp.*, No. 3:17-cv-04067-JST (N.D. Cal.).[5]

IPP Counsel claims to seek minor amendments: (1) reducing the settlement fund and the aggregate attorneys' fees awarded to IPP Counsel by $29 million; and (2) altering the original settlement agreements to exclude all class members except the 22 Repealer State consumers. IPP Counsel further argues that these minor amendments address all of the concerns raised by the Ninth Circuit. To the contrary, nothing could be farther from objective accuracy because the proposed amendments do not address the Ninth Circuit's concerns at all. They seek to sweep them under the rug.

---

[4] *See,* Dkt. 5360 (Declaration of Richard E. Flamm).

[5] "One sign that a settlement may not be fair is that some segments of the class are treated differently from others." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig.*, 55 F.3d 768, 808 (3d Cir. 1995); *see also Piambino v. Bailey*, 610 F.2d 1306, at 1329 (5th Cir. 1980); *In re GM Corp. Engine Interchange Litig.*, 594 F.2d at 1128. As such, "courts are concerned with adequate and similar results for all similarly situated class members in a class action settlement." *Duhaime v. John Hancock Mut. Life Ins. Co.*, 183 F.3d 1, 5 (1st Cir. 1999).

In fact, IPP Counsel request this Court to reach a result that is the opposite of the clear mandate of the Ninth Circuit. Just as before, IPP Counsel presents agreements that obtain compensation for consumers in 22 Repealer States and leave other class members who make claims under a common theory of recovery with nothing. Forcing ORS to continue to litigate this action is a distinct improvement from tossing in the release of their claims for free, but still does not rise to the level of the equitable treatment that every counsel of record in a class action owes to each and every class member. The same is true for the NRS claims as well.

Indeed, the proposed amended settlements do more than just exclude the ORS and NRS class members; they actively prejudice them. In the proposed amended settlements, IPP Counsel dropped the federal antitrust claims they had been pursing on behalf of all nationwide IPP class members since the start of this litigation. How is this noticeable omission to be accomplished? In the form of an amended complaint? If so, this could severely prejudice the ORS and NRS class members as they seek to litigate their claims after being jettisoned by IPP Counsel.

The ORS have consistently maintained that their claims are not time-barred based on the relation-back doctrine. *See* Dkt. 5567 at 17-19. One of the reasons that the relation-back doctrine is applicable is that this case has continually, since its inception, asserted federal antitrust claims based on a uniform and industry-wide price-fixing conspiracy, seeking declaratory and injunctive relief on behalf of indirect purchasers in all 50 states. It is very likely that if IPP Counsel were permitted to file an amended complaint that dropped such relief, Defendants would use such a change as ammunition to oppose the ORS Plaintiffs' and possibly the NRS Plaintiffs' claims on the merits.

The original settlements included a release of claims from all repealer and non-repealer state indirect purchasers. By agreeing to exclude those releases from the amended settlements for a small reduction in the Defendants' payment, IPP Counsel was essentially negotiating the value of those releases in a proceeding that excluded and was not disclosed to the ORS and NRS class members. The conflict caused by such negotiation is clear. First, the actual clients – the ORS and

NRS class members – had no say in the settlement amount number and no part in the process.[6] Second, the "value" assigned to the ORS and NRS class members' claims in these negotiations was fixed as a reduction in the aggregate attorneys' fee request. Reducing the attorneys' fees by the amount that IPP Counsel agreed was attributable to the value of the NRS and ORS class members' releases created an obvious incentive to minimize the value of the releases. But these releases represent the claims of people who are still nationwide IPP Counsel's current clients because no order has been entered relieving counsel of the originally-ordered duties as Interim (Dkt. 282), and then Lead Counsel (Dkt. 4712), for the nationwide class. Even if the ORS and NRS class members are considered to be IPP Counsel's former clients, counsel still owes them a continuing duty not to cause harm to their interests.[7].

The proposed piecemeal settlement of the claims of a portion of a single nationwide class would be unprecedented in over 50 years of class action jurisprudence. That is because it is fundamentally unfair by the same intrinsic measure that makes "united we stand, divided we fall" a generally accepted truth. Indeed, courts have held that a partial settlement which resolves the claims of a select subgroup of class members, while leaving other equally-situated class members to negotiate and litigate, precludes a finding of fairness under Rule 23(e). *See In re Bank of Am. Wage & Hour Employment Litig.*, 740 F. Supp. 2d 1207, 1218 (D. Kan. 2010) (enjoining settlement of claims in case outside MDL which would resolve claims of subgroup of claimants in MDL as irreparable harm because such partial settlement would "establish a lower baseline for future settlement negotiations in this case with respect to the section 226(a) claims and, in all likelihood, will decrease the settlement value of the remaining claims by peeling away potentially meritorious claims"); *In re Gen. Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1128–29

---

[6] At one point, IPP Counsel suggested that the Court could reduce its fees in any amount for the benefit of the ORS class members. *See*, Motion Requesting Remand with Instructions Regarding: (1) The Plan of Distribution for the Settlements; and (2) the Fee Order, 9th Cir. Case No. 16-16363, Dkt. 244 (Jan. 9, 2019).

[7] See *e.g*, California Rule of Professional Conduct 1.9 (Duties to Former Clients).

1  n.38 (7th Cir. 1979) (noting "the tactical disadvantage of having [remaining class members'] claims separated from the claims of the other class members" benefitting from settlement). In addition, the viability arguments – though baseless – regarding statutes of limitations and relation back that may affect the negotiation of the ORS claims and which were created by IPP Counsel also weighs against fairness of a partial settlement for lack of adequate representation. *Id.*

The adequate representation of all class members that is required by Rule 23(e) prior to approving any settlement requires an examination of adequacy "during the class action's lifetime." *In re Silicone Gel Breast Implant Products Liab. Litig.*, 2:92-CV-10000-RDP, 2010 WL 11506713, at *40 (N.D. Ala. May 19, 2010) (internal citation omitted). "A court must view the representative's conduct of the entire litigation with this criterion as its guidepost." *Id.* The fact that the ORS and NRS class members now have separate counsel pursuing their interests does not excuse IPP Counsel from the performance of its fiduciary duty, especially where, as here, those counsel are absent from the room and uninformed about the very existence of the negotiations.

IPP Counsel's post-remand conduct heightens the adequacy of representation concerns cited by the Ninth Circuit and raises new concerns. *Smith v. Sprint Communications Co, L.P.*, 387 F.3d 612 (7th Cir. 2004) (reversing nationwide settlement class due to inadequate representation of plaintiffs pursuing other competing class actions whose claims were compromised by settlement); *Pearl v. Allied Corp.*, 102 F.R.D. 921, 923 (E.D. Pa. 1984) (abandonment of uncertified claims raises adequacy of representation issues).

In *In re Gen. Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1128–29 (7th Cir. 1979), the Seventh Circuit refused to approve a settlement agreement partially settling a case for a subclass of claimants who had purchased their cars with purportedly defective substituted engines prior to a certain date, leaving claimants who had purchased their cars in the subsequent six months to pursue the class action litigation. The court rejected the settlement agreement even though the agreement did not affect the excluded claimants' ability to pursue their own claims. The Seventh Circuit found that the abandonment of those claimants "does indicate that the

representation during the negotiations may have been inadequate as to all Oldsmobile purchasers who constituted the original class." *Id.* at 1129.

IPP Counsel's continued pursuit of settlements that work such a disservice to the ORS and NRS class members' claims' valuation raises the specter that its primary interest is in salvaging as much of the prior attorneys' fees award as possible, as swiftly as possible.

### B. IPP Counsel Cannot Avoid a Complete Examination of the Impact of Their Inadequate Representation Upon the Previously Awarded Attorneys' Fees

The Supreme Court recognized in *Ortiz v. Fibreboard*, 527 U.S. 815 (1999), in the class action setting, the fact that class counsel's negotiation of settlement is unavoidably tied to his or her receipt of attorneys' fees requires heightened attention. *Id*, at 852; *see also In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 827 F.3d 223 (2nd Cir. 2016) ("when 'the potential for gigantic fees' is within counsel's grasp for representation of one group of plaintiffs, but only if counsel resolves another group of plaintiffs' claims, a court cannot assume class counsel adequately represented the latter group's interests." (*citing Ortiz)*). The amount of attorneys' fees awarded by the Court was premised on the fairness and adequacy of settlements that are now being reconsidered after years of litigation and appeals. This situation mandates that certain aspects of the prior fee award be subject to reconsideration as well, and this process cannot be avoided by submitting new settlements in the guise of amending the earlier defective settlements

Further, IPP Counsel fails to discern that the proposed amendment to the aggregate fee award would, if approved, result in an order in direct conflict with the Court's February 28, 2017 Order (Dkt. 5122) awarding a specific monetary fee to each of the IPP law firms. The fee-allocation order is the subject of separate appeals still pending in the Ninth Circuit.[8] Thus, this Court lacks jurisdiction over the subject matter of that order. Therefore, requested adjustment in the gross fee award would conflict with a final order entitling the individual firms to payments

---

[8] 9th Cir. Case Nos. 17-15496; 17-15597; and 17-15598.

9

**ORS AND NRS PLAINTIFFS' OPPOSITION TO IPPs' MOTION TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT AND FEE ORDER (DKT. 4712, 4717); AND MOTION TO REINSTATE MOTION TO VACATE ODERS AND JUDGMENT CERTIFYING SETTLEMENT CLASS, APPROVING SETTLEMENT AND AWARDING ATTORNEYS' FEES (DKT. 5527)**
Case No. 4:07-cv-5944, MDL No. 1917

that, when totaled, exceed the requested new gross award by $29 million. It is not that this situation cannot be resolved by this Court vacating the prior aggregate fee order which would then moot the Ninth Circuit appeals, but it cannot, as IPP Counsel seem to assume, just be ignored.

### C. The Proposed Amended Settlements Require Re-Notice to all Class Members

IPP Counsel argues that full notice to the class under Rule 23 is not required if this Court grants the "minor" proposed amendments to the settlements. To begin, courts generally come down on the side of more rather than less notice. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998) ("Adequate notice is critical to court approval of a class settlement under Rule 23(e)."). Further, the alterations to the previously approved settlements embodied in the newly proposed "amendments" are material. "Material alterations to a class settlement generally require a new round of notice to the class and a new Rule 23(e) hearing." *Pearson v. Target Corp.*, 893 F.3d 980, 986 (7th Cir. 2018) (*citing In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 175 & n.10 (3d Cir. 2013)); *Keepseagle v. Vilsack*, 102 F. Supp. 3d 306, 314 (D.D.C. 2015) (new notice required where amendment would adversely affect certain class members). Indeed, the proposed amendments would change the settlement class definition by "expressly exclud[ing] from 'the Class'" the Nationwide Class as defined in the Fourth Consolidated Amended Complaint – a definition that includes all ORS and NRS class members. *See* Dkt. 5587-1, ¶ 1 of Exhibits A, B, C, D, E, and F. And, the change in the definition of the Settlement Class is a material alteration. At present, of course, the original settlements that IPP Counsel and Defendants seek to preserve certifies a settlement class that includes the ORS and the NRS. To take away those class member's long-pending federal claims without notice, as this motion to amend purports to do, would be a denial of the notice that due process requires.

### III

### CONCLUSION

The ORS and NRS Plaintiffs respectfully ask this Court to deny IPP Counsel's motion to reconsider and amend the Final Approval and Aggregate Fee Award Orders. This Court should

vacate all orders and judgment certifying a nationwide settlement class, approving the settlements, and awarding attorneys' fees, and to the extent necessary, ORS respectfully request that this Court reinstate their previously-filed Motion to Vacate Orders and Judgment Certifying Settlement Class, Approving Settlement and Awarding Attorneys' Fees (Dkt. 5527), which ORS incorporate herein by reference, as permitted by this Court's Order of September 8, 2019 regarding reinstatement of this Motion (Dkt. 5551).

Dated: September 30, 2019                                   Respectfully submitted,

| /s/ Francis. O. Scarpulla | /s/ Robert J. Bonsignore |
|---|---|
| Francis O. Scarpulla | Robert J. Bonsignore |

| | |
|---|---|
| Francis O. Scarpulla (41059)<br>Patrick B. Clayton (240191)<br>Law Offices of Francis O. Scarpulla<br>456 Montgomery Street, 17th Floor<br>San Francisco, CA 94104<br>Telephone: 415-788-7210<br>Facsimile: 415-788-0706<br>fos@scarpullalaw.com<br>pbc@scarpullalaw.com<br><br>*Liaison Counsel and Interim Co-Lead Counsel for Indirect-Purchaser Plaintiffs ORS Subclass* | Robert J. Bonsignore, *admitted pro hac vice*<br>Lisa Sleboda *admitted pro hac vice*<br>Wendy Angulo *pro hac vice pending*<br>Kimberly Collins *pro hac vice pending*<br>Bonsignore Trial Lawyers, PLLC<br>3771 Meadowcrest Drive<br>Las Vegas, NV 89121<br>Telephone: (781) 845-7650<br>Facsimile: (702) 852-5626<br>rbonsignore@class-actions.us<br><br>*Interim Co-Lead Counsel for Indirect-Purchaser Plaintiffs ORS Subclass* |

| /s/ Theresa D. Moore | /s/ Tracy R. Kirkham |
|---|---|
| Theresa D. Moore | Tracy R. Kirkham |

| | |
|---|---|
| Theresa D. Moore (99978)<br>Law Offices Of Theresa D. Moore<br>One Sansome Street, 35th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 613-1414<br>tmoore@aliotolaw.com<br><br>*Interim Co-Lead Counsel for Indirect-Purchaser Plaintiffs ORS Subclass*<br><br>Michael Noonan, *pending pro hac vice*<br>William Shaheen, *pending pro hac vice*<br>Christine Craig, *pending pro hac vice*<br>Lucy Karl, *appearing pro hac vice*<br>Shaheen and Gordon<br>353 Central Avenue<br>P.O. Box 977 | Tracy R. Kirkham (69912)<br>John D. Bogdanov (215830)<br>Cooper & Kirkham, P.C.<br>357 Tehama Street, Second Floor<br>San Francisco, CA 94103<br>Telephone: (415) 788-3030<br>Facsimile: (415) 882-7040<br>Email: trk@coopkirk.com<br>          jdb@coopkirk.com<br><br>*Interim Lead Counsel for Indirect Purchaser Plaintiffs NRS Subclass*<br><br>John G. Crabtree, *appearing pro hac vice*<br>Brian Tackenberg, *appearing pro hac vice*<br>Crabtree & Auslander<br>240 Crandon Boulevard, Suite 101 |

11

**ORS AND NRS PLAINTIFFS' OPPOSITION TO IPPs' MOTION TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT AND FEE ORDER (DKT. 4712, 4717); AND MOTION TO REINSTATE MOTION TO VACATE ODERS AND JUDGMENT CERTIFYING SETTLEMENT CLASS, APPROVING SETTLEMENT AND AWARDING ATTORNEYS' FEES (DKT. 5527)**
Case No. 4:07-cv-5944, MDL No. 1917

| | | |
|---|---|---|
| 1 | Dover, NH 03821<br>Telephone: (603) 871-4144 | Key Biscayne, FL 33149<br>Telephone: (305) 361-3770 |
| 2 | Email: mnoonan@shaheengordon.com | Facsimile: (305) 437-8188 |
| | wshaheen@shaheengordon.com | jcrabtree@crabtreelaw.com |
| 3 | ccraig@shaheengordon.com<br>lkarl@shaheengordon.com | btackenberg@crabtreelaw.com |
| 4 | | |
| | Joseph M. Alioto (42680) | Brian M. Torres, *appearing pro hac vice* |
| 5 | Alioto Law Firm | Brian M. Torres, P.A. |
| | One Sansome St., 35th Floor | One S.E. Third Avenue, Suite 3000 |
| 6 | San Francisco, CA 94104 | Miami, FL 33131 |
| | Telephone: (415) 434-8900 | Telephone: (305) 901-5858 |
| 7 | Email: jmalioto@aliotolaw.com | Facsimile: (303) 901-5874<br>Email: btorres@briantorres.legal |
| 8 | *Counsel for Indirect Purchaser Plaintiffs* | |
| | *ORS Subclass* | *Counsel for Indirect Purchaser Plaintiffs ORS* |
| 9 | | *Subclass* |
| | Christopher A. Nedeau | |
| 10 | The Nedeau Law Firm | |
| | 750 Battery Street, 7th Floor | |
| 11 | San Francisco, CA 94111 | |
| | Telephone: (415) 516-4010 | |
| 12 | Email: cnadeau@nadeaulaw.com | |
| 13 | *Counsel for Indirect Purchaser Plaintiffs* | |
| | *ORS Subclass* | |

12
**ORS AND NRS PLAINTIFFS' OPPOSITION TO IPPs' MOTION TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT AND FEE ORDER (DKT. 4712, 4717); AND MOTION TO REINSTATE MOTION TO VACATE ODERS AND JUDGMENT CERTIFYING SETTLEMENT CLASS, APPROVING SETTLEMENT AND AWARDING ATTORNEYS' FEES (DKT. 5527)**
Case No. 4:07-cv-5944, MDL No. 1917

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing **ORS AND NRS PLAINTIFFS' OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION TO RECONSIDER AND AMEND FINAL APPROVAL ORDER, FINAL JUDGMENT AND FEE ORDER; AND MOTION TO REINSTATE ORS MOTION TO VACATE ORDERS AND JUDGMENT CERTIFYING SETTLEMENT CLASS, APPROVING SETTLEMENT AND AWARDING ATTORNEYS' FEES (DKT. 5527)** was filed *via* CM/ECF on September 30, 2019, and as a result has been served on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Francis O. Scarpulla
Francis O. Scarpulla