ALLEN & OVERY LLP
John Roberti (*pro hac vice*)
Andrew Rhys Davies (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399
Email: john.roberti@allenovery.com
         andrewrhys.davies@allenovery.com

*Attorneys for Defendants Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd.*

[Additional Responding Parties and Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.: 07-cv-05944 JST<br><br>MDL No. 1917 |
| This document relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **DEFENDANTS' RESPONSE TO OBJECTIONS TO AMENDED SETTLEMENT AGREEMENTS (ECF Nos. 5732, 5739-52, 5755)**<br><br>Date:       July 8, 2020<br>Time:      2:00 p.m.<br>Judge:     Hon. Jon S. Tigar<br>Courtroom: 6, 2nd Floor |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ........................................................................................................................... 2

    THE COURT SHOULD APPROVE THE AMENDED SETTLEMENTS ....................... 2

        A.    Objectors Lack Standing to Object to the Amended Settlements Because They Are Not Members of the Settlement Classes and the Amended Settlements Do Not Release Their Claims ............................................................ 2

            1.    This Court has already determined that Objectors lack standing to object to the amended settlements because they are not members of the settlement classes ............................................................................. 2

            2.    Objectors misplace their reliance on the narrow rule that a non-settling defendant has standing to object to a class settlement that would cause it formal legal prejudice ................................................. 5

                a.    Objectors cannot invoke the formal-legal-prejudice rule because they are not non-settling defendants .......................... 5

                b.    Objectors also cannot demonstrate formal legal prejudice because the amended settlements preserve their right to assert their threatened claims ............................................ 6

        B.    This Court Has Authority to Approve the Amended Settlements as to All Twenty-Two State Law Classes ...................................................................... 9

CONCLUSION ...................................................................................................................... 12


# TABLE OF AUTHORITIES

**Cases**     **Page(s)**

*Agretti v. ANR Freight Sys., Inc.*,
    982 F.2d 242 (7th Cir. 1992) ............................................................................ 6, 7

*In re Anthem, Inc. Data Breach Litig.*,
    327 F.R.D. 299 (N.D. Cal. 2018) ............................................................................ 4

*In re Bank of America Wage & Hour Employment Litigation*,
    740 F. Supp. 2d 1207 (D. Kan. 2010) ..................................................................... 9

*Bhatia v. Piedrahita*,
    756 F.3d 211 (2d Cir. 2014) .............................................................................. 6, 7

*Buccellato v. AT & T Operations, Inc.*,
    No. C10-00463-LHK, 2011 WL 4526673 (N.D. Cal. June 30, 2011) ................... 10

*Canatella v. California*,
    404 F.3d 1106 (9th Cir. 2005) ................................................................................. 8

*City of Bangor v. Citizens Commc'ns Co.*,
    532 F.3d 70 (1st Cir. 2008) .................................................................................... 5

*Class Plaintiffs v. City of Seattle*,
    955 F.2d 1268 (9th Cir. 1992) .............................................................................. 10

*Duhaime v. John Hancock Mut. Life Ins. Co.*,
    183 F.3d 1 (1st Cir. 1999) ....................................................................................... 9

*In re Equity Funding Corp. of Am. Sec. Litig.*,
    603 F.2d 1353 (9th Cir. 1979) ................................................................................ 3

*In re First Capital Holdings Corp. Fin. Prod. Sec. Litig.*,
    33 F.3d 29 (9th Cir. 1994) ....................................................................................... 3

*Fosmire v. Progressive Max Ins. Co.*,
    277 F.R.D. 625 (W.D. Wash. 2011) ......................................................................... 9

*In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*,
    55 F.3d 768 (3d Cir. 1995) ..................................................................................... 9

*In re General Motors Corp. Engine Interchange Litigation*,
    594 F.2d 1106 (7th Cir. 1979) ................................................................................ 4

*Mata v. Manpower Inc./California Peninsula*,
  No. 14-cv-03787-LHK, 2017 WL 7035754 (N.D. Cal. July 24, 2017)...................4

*Mayfield v. Barr*,
  985 F.2d 1090 (D.C. Cir. 1993).............................................................................7, 8

*Melito v. Experian Mktg. Sols., Inc.*,
  923 F.3d 85 (2d Cir.), *cert. denied sub nom. Bowes v. Melito*, 140 S. Ct. 677
  (2019)..........................................................................................................................6, 7

*Moore v. Verizon Commc'ns Inc.*,
  No. C 09-1823 SBA, 2013 WL 4610764 (N.D. Cal. Aug. 28, 2013)........................4

*Ortiz v. Fibreboard Corp.*,
  527 U.S. 815 (1999)........................................................................................................9

*Piambino v. Bailey*,
  610 F.2d 1306 (5th Cir. 1980) ......................................................................................9

*In re Prudential Ins. Co. of Am. Sales Practice Litig.*,
  261 F.3d 355 (3d Cir. 2001).........................................................................................10

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
  442 F.3d 741 (9th Cir. 2006) ......................................................................................10

*In re Silicone Gel Breast Implant Prod. Liab. Litig.*,
  No. 2:92-cv-10000-RDP, 2010 WL 11506713 (N.D. Ala. May 19, 2010) .............9

*Smith v. Arthur Andersen LLP*,
  421 F.3d 989 (9th Cir. 2005) ................................................................................5, 6, 7

*In re TracFone Unlimited Serv. Plan Litig.*,
  112 F. Supp. 3d 993 (N.D. Cal. 2015) .......................................................................4

*United States v. Sprint Communications, Inc.*,
  855 F.3d 985 (9th Cir. 2017) .......................................................................................7

*In re Vitamins Antitrust Class Actions*,
  215 F.3d 26 (D.C. Cir. 2000)....................................................................................7, 8

*In re Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales Practices Litig.*,
  No. 5:09-MD-02015-JF, 2011 WL 1877630 (N.D. Cal. May 17, 2011).................4

*Waller v. Financial Corp. of America.*,
  828 F.2d 579 (9th Cir. 1987) ....................................................................................5, 6

*West Coast Seafood Processors Ass'n v. Nat. Res. Def. Council, Inc.*,
  643 F.3d 701 (9th Cir. 2011) .......................................................................................8

*In re Yahoo Mail Litig.*,
 No. 13-cv-4980-LHK, 2016 WL 4474612 (N.D. Cal. Aug. 25, 2016)......................................4

*Zepeda v. PayPal, Inc.*,
 No. C 10-1668 SBA, 2017 WL 1113293 (N.D. Cal. Mar. 24, 2017).........................................4

**Statutes**

28 U.S.C. § 1407...............................................................................................................................10

42 U.S.C. § 9601.................................................................................................................................5

**Other Authorities**

4 Newberg on Class Actions § 13:24 (5th ed.) ...................................................................................5

Manual Complex Lit. § 21.62 (4th ed.) ...............................................................................................9

# **PRELIMINARY STATEMENT**

Non-repealer-state ("NRS") purchaser Eleanor Lewis and some of the so-called omitted-repealer-state ("ORS") purchasers (together, "Objectors") now object to final approval of the amended settlements that will resolve the claims of indirect purchasers from twenty-two other states (the "Indirect Purchaser State Classes") against the undersigned Defendants. Certain other ORS purchasers represented by co-lead-counsel Mr. Bonsignore did not object to final approval. However, sixteen class members from fifteen of the twenty-two Indirect Purchaser State Classes filed substantively identical form objections. Twelve of those objectors indicated that they are also represented by Mr. Bonsignore.

Defendants will respond here to several of the meritless arguments advanced by Objectors, some of which are also referenced by Mr. Bonsignore's settlement-class clients.[1]

First, Objectors lack standing to object to the amended settlements, as this Court already determined in its March 2020 preliminary-approval order. Only members of a settlement class have standing to object to a class settlement. Objectors are not members of the amended settlement classes, and the amended settlements do not release their claims. Objectors therefore lack standing to object.

Further, Objectors cannot manufacture standing to object by invoking a narrow rule that permits a non-settling *defendant* to object to a class settlement that would cause it to incur formal legal prejudice. Objectors are not non-settling defendants, and, in any event, they cannot demonstrate formal legal prejudice because the amended settlements leave them free to assert their threatened claims.

Moreover, the argument that no settlement can be approved that does not include the NRS and ORS is wholly without merit. There is no basis for the argument that a class settlement

---

[1] Defendants do not concede that any of the objections have merit. Defendants anticipate that IPP counsel will address the arguments not addressed herein, including the challenges to the adequacy of IPP counsel's representation and to the fee award, as well as Objectors' barely-articulated complaints about the adequacy of the class notice.

must encompass the claims of every person who has asserted or threatened or who might assert a claim and Objectors cite no legal authority that actually supports it.

Finally, Objectors are incorrect that this Court's February 2020 order denying their renewed motions to intervene precludes this Court from approving the amended settlements as to any state-law claims that IPP counsel asserted for the first time by amending his own consolidated complaint during the pendency of this MDL proceeding. The Judicial Panel on Multidistrict Litigation transferred into this MDL proceeding actions asserting federal-law claims on behalf of indirect purchasers nationwide. Because those federal claims are properly part of MDL proceeding, this Court may approve the settlement of state-law claims arising from the same nucleus of operative fact, regardless of whether the Court has an independent basis to exercise jurisdiction over the state-law claims.

## ARGUMENT

## THE COURT SHOULD APPROVE THE AMENDED SETTLEMENTS

### A. Objectors Lack Standing to Object to the Amended Settlements Because They Are Not Members of the Settlement Classes and the Amended Settlements Do Not Release Their Claims

As the Court already has held, Objectors lack standing to object to the amended settlements because they are not members of the settlement classes in the amended settlements that are presently before the Court. Objectors cannot manufacture standing to object by invoking a narrow rule that permits non-settling *defendants* to object to a class settlement that would cause them formal legal prejudice. Objectors are not non-settling defendants, and, in any event, they cannot demonstrate formal legal prejudice because the amended settlements do not release Objectors' claims.

#### 1. This Court already has determined that Objectors lack standing to object to the amended settlements because they are not members of the settlement classes

In its order preliminarily approving the amended settlements, the Court held that Objectors lack standing to object because they are not settlement-class members. ECF No. 5695 at 6-7. As the Court recognized, the amended settlements settle and release only the claims of the

twenty-two "Indirect Purchaser State Classes." *See* ECF No. 5695 at 5, 7.[2] Purchasers from other states, including the Objectors,[3] are not members of the amended settlement classes, they expressly are "not bound" by the amended settlements, and their claims are not released thereby. ECF No. 5695 at 5, 7; ECF No. 5587-1, Ex. A ¶ ; Ex. B. ¶ 1; Ex. C ¶ 1; Ex. D ¶ 1; Ex. E ¶ 1; Ex. F ¶ 1.[4] Therefore, the Court concluded, Objectors lack standing to object to the amended settlements. ECF No. 5695 at 6-7.

There is no basis for this Court to revisit its ruling that Objectors lack standing to object to the amended settlements. Only aggrieved settlement-class members have standing to object to a class settlement. *In re First Capital Holdings Corp. Fin. Prod. Sec. Litig.*, 33 F.3d 29, 30 (9th Cir. 1994) (dismissing non-class member's appeal from attorneys-fee award to class counsel). A person who—like Objectors— "is not a member of the plaintiff classes" "lacks standing to object to, or to appeal from" the approval of a settlement. *In re Equity Funding Corp. of Am. Sec. Litig.*,

---

[2] The 22 Indirect Purchaser State Classes were alleged in the Fourth Consolidated Amended Complaint, ECF No. 1526 ¶¶ 244-45, and certified for settlement purposes in the Court's July 2016 Final Approval Order, ECF No. 4712. ECF No. 5587-1, Ex. A ¶ 1; Ex. B ¶ 1; Ex. C ¶ 1; Ex. D ¶ 1; Ex. E ¶ 1; Ex. F ¶ 1. The 22 Indirect Purchaser State Classes comprise indirect purchasers from Arizona, California, the District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, Tennessee, Vermont, West Virginia, and Wisconsin. ECF No. 1526 ¶¶ 244-45; EFC No. 3906 at 1-2 ¶ 2; ECF No. 4712 at 36 ¶ 1.

[3] The "NRS" Objector, Lewis, is from Ohio, and seeks to represent indirect purchasers in Ohio and seventeen other non-repealer states, comprising Alabama, Alaska, Colorado, Connecticut, Delaware, Georgia, Idaho, Indiana, Kentucky, Louisiana, Maryland, New Jersey, Ohio, Oklahoma, Pennsylvania, Texas, Virginia, and Wyoming. ECF No. 5643-1 ¶¶ 18, 223.

The "ORS" Objectors are from Arkansas (Crawley & Trentham), Massachusetts (Garavanian, Hitchcock, & Talewsky), Missouri (Bratcher & Stephenson), Montana (Erikson & Heenan), New Hampshire (Seufert), Oregon (D.B. Johnson), Rhode Island (Murphy), South Carolina (J. Johnson), and Utah (Ayres). ECF No. 5645-2 at 12-15. Defendants do not concede that Objectors are correct to characterize the nine "ORS" as "repealer" states. To the contrary, it has been established in this litigation that at least three of those states—Arkansas, Rhode Island, and Montana—do not afford indirect purchasers a claim based on alleged price fixing, ECF No. 597 at 30-31; ECF No. 665 at 24, 26 ¶ 14; ECF No. 768 at 3-5. Indeed, the Attorney General of Arkansas submitted a statement of interest in this litigation as a "Non-Repealer State." ECF No. 4462 at 1.

[4] The original settlement agreements appear at ECF No. 3862-1, 3862-2, 3862-3, 3862-4, 3862-5, and ECF No. 3876-1.

3

603 F.2d 1353, 1361 (9th Cir. 1979) (non-class member lacked standing to appeal from approval of plan of allocation); *see also Moore v. Verizon Commc'ns Inc.*, No. C 09-1823 SBA, 2013 WL 4610764, at *9 (N.D. Cal. Aug. 28, 2013) ("[A] court need not consider the objections of non-class members because they lack standing.").[5]

Objectors are mistaken that they have standing to object to the amended settlements because "they are class members in the still-certified national class." Objection at 3. The Court's July 2016 order approving the *prior* settlements certified a nationwide class "for settlement purposes only." ECF No. 4712 at 36 ¶ 1; *see also* ECF No. 3906 at 1 ¶ 2 (defining the nationwide settlement class). Objectors repeatedly have sought vacatur of that order, ECF Nos. 5527, 5619, arguing that "[t]he certification of the nationwide settlement class in the Final Approval Order cannot be validly maintained," ECF No. 5527 at 8:12-13. The Court has made clear that, if it finally approves the amended settlements, the July 2016 order that certified the nationwide settlement class "will be vacated." ECF No. 5695 at 20:10-11.[6] As this Court has recognized, the amended settlements before this Court "no longer include a Nationwide Class." ECF No. 5695 at 5:14. As Objectors are not members of the settlement classes in the amended settlements now before the Court, they lack standing to object.

---

[5]     *See also In re Anthem, Inc. Data Breach Litig.,* 327 F.R.D. 299, 321 n.5 (N.D. Cal. 2018) (non-settlement-class member lacks standing to object to class settlement); *Mata v. Manpower Inc. / California Peninsula,* No. 14-cv-03787-LHK, 2017 WL 7035754, at *2 (N.D. Cal. July 24, 2017) (same); *Zepeda v. PayPal, Inc.,* No. C 10-1668 SBA, 2017 WL 1113293, at *18 (N.D. Cal. Mar. 24, 2017) (same); *In re Yahoo Mail Litig.,* No. 13-cv-4980-LHK, 2016 WL 4474612, at *8 (N.D. Cal. Aug. 25, 2016) (same); *In re TracFone Unlimited Serv. Plan Litig.*, 112 F. Supp. 3d 993, 1008 (N.D. Cal. 2015) (same); *In re Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales Practices Litig.*, No. 5:09-MD-02015-JF, 2011 WL 1877630, at *6 (N.D. Cal. May 17, 2011) (same).

[6]     As Objectors will not be members of any certified class once the nationwide settlement class is vacated, they are not assisted by *In re General Motors Corp. Engine Interchange Litigation*, 594 F.2d 1106 (7th Cir. 1979) (cited in Objection at 9), in which the district court improperly certified a settlement sub-class that excluded members of a certified litigation class. *See In re Gen. Motors Corp. Engine Interchange Litig.*, 594 F.2d at 1113, 1128-29 n.38.

**2.     Objectors misplace their reliance on the narrow rule that a non-settling defendant has standing to object to a class settlement that would cause it formal legal prejudice**

Objectors are incorrect that they have standing to object under the rule set forth in *Smith v. Arthur Andersen LLP*, 421 F.3d 989 (9th Cir. 2005), and *Waller v. Financial Corp. of America.*, 828 F.2d 579 (9th Cir. 1987), because the amended settlements will "adversely affect" them. Objection at 3-4. *First*, that rule permits a non-settling defendant to object to a class settlement under very limited circumstances, but it does not apply to claimants like Objectors. *Second*, Objectors cannot demonstrate "formal legal prejudice" because the amended settlements preserve their right to assert their threatened claims.

**a.     Objectors cannot invoke the formal-legal-prejudice rule because they are not non-settling defendants**

As articulated by the Ninth Circuit, the rule that Objectors invoke, Objection at 3, is an "'exception to the general principle barring objections by *non-settling defendants* to permit a *non-settling defendant* to object where it can demonstrate that it will sustain some formal legal prejudice as a result of the settlement.'" *Smith*, 421 F.3d at 998 (quoting *Waller*, 828 F.2d at 583) (emphases added). As the Ninth Circuit has explained, this exception performs a similar role to, and maintains consistency with, Federal Rule of Civil Procedure 41(a)(2), which permits a *defendant* to oppose a voluntary dismissal that would cause it plain legal prejudice. *Waller*, 828 F.2d at 583. As Objectors are not defendants, they cannot invoke the exception set forth in *Smith* and *Waller*.

Objectors are mistaken that the exception referenced in *Smith* and *Waller* broadly permits any nonparty to object to a class-action settlement that allegedly affects its interests. Objection at 3; *see also id*. at 2:25-26. The treatise on which Objectors rely notes that the First Circuit has permitted entities that had not been sued but that were "potentially responsible parties" under the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9601, *et seq.*, to object to consent decrees that barred their contribution claims against the settling defendants. *See City of Bangor v. Citizens Commc'ns Co.*, 532 F.3d 70, 76 (1st Cir. 2008) (cited

5

in 4 Newberg on Class Actions § 13:24 n.5 (5th ed.)). But that modest extension of the rule in *Smith* and *Waller*, even if adopted by the Ninth Circuit, would not assist Objectors because they are not being barred from asserting any claim, much less a contribution claim. As claimants, Objectors are subject to the rule that non-settlement-class members lack standing to object. *Supra* at 2-4.

### b. Objectors also cannot demonstrate formal legal prejudice because the amended settlements preserve their right to assert their threatened claims

Objectors also cannot demonstrate the formal-legal-prejudice requirement of the rule in *Smith* and *Waller*. Contrary to their contention that any injury "no matter how small" confers standing to object, Objection at 4:9-11, "[m]ere allegations of injury in fact or tactical disadvantage as a result of a settlement" do not satisfy the formal-legal-prejudice element, *Agretti v. ANR Freight Sys., Inc.*, 982 F.2d 242, 247 (7th Cir. 1992) (cited in *Smith,* 421 F.3d at 998). Rather, formal legal prejudice requires a showing that the settlement "'purports to strip a [non-settling defendant] of a legal claim or cause of action, an action for indemnity or contribution for example.'" *Smith*, 421 F.3d at 998 (brackets in original) (quoting *Waller*, 828 F.2d at 583). Formal legal prejudice "'exists only in those rare circumstances when, for example, the settlement agreement *formally* strips a non-settling party of a legal claim or cause of action, such as a cross-claim for contribution or indemnification, invalidates a non-settling party's contract rights, or the right to present relevant evidence at a trial.'" *Melito v. Experian Mktg. Sols., Inc.*, 923 F.3d 85, 91 (2d Cir.) (emphasis in original), *cert. denied sub nom. Bowes v. Melito*, 140 S. Ct. 677 (2019) (quoting *Bhatia v. Piedrahita*, 756 F.3d 211, 218 (2d Cir. 2014)).

Unlike the settlement agreement in *Smith*, which contained a bar order that "stripped" a non-settling defendant of its contribution and other cross-claims against the settling defendants, *Smith*, 421 F.3d at 1001, the amended settlements here do not "strip" Objectors of their claims. To the contrary, Objectors expressly are "not bound" by the amended settlements. *Supra* at 3. As Objectors correctly acknowledge, "the release now excludes all of the ORS claims, as well as the claims of NRS," Objection at 2:7-8, so that "indirect purchasers in the ORS and NRS are no

longer releasing their claims against the defendants," *id*. at 11:16-17. Moreover, this Court has made clear to Objectors that they are free to pursue their long-threatened claims. ECF No. 5684 at 6.

Non-settling persons such as Objectors cannot demonstrate the "formal legal prejudice" required for standing to object when—as here—the settlement preserves their "'right to litigate their claims independently.'" *In re Vitamins Antitrust Class Actions,* 215 F.3d 26, 29 (D.C. Cir. 2000) (cited in *Smith,* 421 F.3d at 998) (quoting *Mayfield v. Barr*, 985 F.2d 1090, 1093 (D.C. Cir. 1993)).[7] Put another way, "a settlement which does not prevent the later assertion of a non-settling party's claims (although it may spawn additional litigation to vindicate such claims), does not cause the non-settling party 'formal' legal prejudice." *Bhatia v. Piedrahita*, 756 F.3d 211, 219 (2d Cir. 2014).[8] Because Objectors are not being "formally strip[ped] of any claim," *Melito*, 923 F.3d at 91 (brackets in original), but rather may assert their remaining claims, this is not one of those "rare circumstances," *id.*, in which a non-settling person has standing to object to a class settlement.

Objectors offer no support for their argument that they have standing to object because final settlement approval might moot their appeals from the denials of their intervention motions. Objection at 3-4. Although supervening events may moot an appeal from the denial of intervention, "the parties' settlement and dismissal of a case after the denial of a motion to intervene does not as a rule moot a putative-intervenor's appeal." *United States v. Sprint Communications, Inc.*, 855 F.3d 985, 990 (9th Cir. 2017). In particular, an appeal from a denial

---

[7]   In *Mayfield v. Barr*, 985 F.2d 1090 (D.C. Cir. 1993), and in *In re Vitamins Antitrust Class Actions,* 215 F.3d 26 (D.C. Cir. 2000), claimant-objectors retained the right to litigate their claims independently, and therefore lacked standing to object because, in *Mayfield*, their claims were carved out of the class-settlement release, *see* 985 F.2d at 1090-91, and, in *In re Vitamins Antitrust Class Actions*, they had opted out of the settlement class, *see* 215 F.3d at 28.

[8]   *See also Mayfield*, 985 F.2d at 1093 ("Those who fully preserve their legal rights cannot challenge an order approving an agreement resolving the legal rights of others."); *Agretti v. ANR Freight Sys., Inc.*, 982 F.2d 242, 247 (7th Cir. 1992) (cited in *Smith v. Arthur Andersen LLP*, 421 F.3d 989, 998 (9th Cir. 2005)) ("[C]ourts have repeatedly held that a settlement which does not prevent the later assertion of a non-settling party's claims, although it may force a second lawsuit against the dismissed parties, does not cause plain legal prejudice to the non-settling party.").

of intervention is not necessarily mooted if the underlying litigation remains "live" in the Court of Appeals while the intervention-related appeal is pending. *See West Coast Seafood Processors Ass'n v. Nat. Res. Def. Council, Inc.*, 643 F.3d 701 (9th Cir. 2011) (citing *Canatella v. California*, 404 F.3d 1106, 1110 n.1 (9th Cir. 2005)). Objectors will have an opportunity to argue to the Ninth Circuit that they have standing to object and appeal from final approval of the amended settlements, and thereby to seek to ensure that the amended settlements do not become final before their intervention appeals are adjudicated.[9] And in any event, even if Objectors' intervention appeals were mooted, loss of the opportunity to intervene (or to appeal the denial of a motion to intervene) does not constitute formal legal prejudice because the amended settlements preserve Objectors' "'right to litigate their claims independently.'" *In re Vitamins Antitrust Class Actions,* 215 F.3d at 29 (quoting *Mayfield*, 985 F.2d at 1093).[10]

Finally, the rule that non-settling persons cannot object to a settlement that preserves their right to assert their claims exposes the baselessness of Objectors' position that the Court cannot approve a settlement that excludes the NRS and ORS. Objection at 5-10. That meritless argument is repeated in paragraphs 7 and 11 of the form objections recently filed by settlement-class members in 14 of the 22 states, who are represented by ORS co-lead counsel Mr. Bonsignore. ECF Nos. 5739-52.

Objectors' argument rests on misleading quotations from inapposite authorities, none of which supports Objectors' contention that a class settlement cannot be approved unless it

---

[9]   In its recent order dismissing Objectors' appeal from the preliminary approval of the amended settlements, the Ninth Circuit noted that Objectors are free to move to intervene after final approval for the purpose of appealing the denial of their objections to the amended settlements. *See In re: Cathode Ray Tube* (*CRT*) *Antitrust Litig.*, No. 20-15697, ECF No. 20 (9th Cir. June 9, 2020) at 4.

[10]   There is no basis for Objectors' passing suggestion that their claims would be timely if they were permitted to intervene. Objection at 7:19-28. As Defendants have shown, ECF Nos. 5592 at 12:12-15:8, 5663 at 15:11-20:9, even if Objectors were permitted to intervene, the relation-back doctrine is inapplicable and therefore would not save their claims from dismissal on time-bar grounds. Moreover, Objectors have correctly acknowledged that their relation-back argument fails if they are not permitted to amend the existing complaint, ECF Nos. 5611 at 9:5-11, 5688 at 4:17-19, 5689 at 7-8, yet the Court has ruled that such permission would be denied even if they could intervene, ECF Nos. 5626, 5628.

includes every person who has asserted or threatened or who could assert a claim. What those authorities actually demonstrate is that: (a) settlement-class members must be treated fairly *relative to other settlement-class members*;[11] (b) "claimants identified by a common theory of liability must be treated equitably" *in a mandatory class action certified on a limited-fund theory under Rule 23(b)(1)(B)*;[12] (c) a court may consider how settlement-class members are treated "vis-à-vis similar individuals with similar claims who are not in the class," to ensure that opt-outs and objectors are not unfairly receiving "better settlements than the class";[13] and (d) a class representative cannot "split" class claims, declining to press claims that other class members have but that she personally does not possess.[14] In short, there is no support for the argument that a class settlement must encompass the claims of every person who has asserted or threatened or who might assert a claim.

### B. This Court Has Authority to Approve the Amended Settlements as to All Twenty-Two State Law Classes

Objectors' argument that, if this Court's February 2020 ruling denying their renewed intervention motions is correct, then this Court lacks authority to approve the settlement of any

---

[11] *Duhaime v. John Hancock Mut. Life Ins. Co.*, 183 F.3d 1, 5 (1st Cir. 1999) (quoted in Objection at 8:20-22) ("[C]ourts are concerned with adequate and similar results for all similarly situated class members *in a class action settlement*.") (emphasis in original); *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 808 (3d Cir. 1995) (quoted in Objection at 8:25-9:3) (vacating settlement because district court failed to consider whether settlement coupons were equally usable by all settlement-class members); *Piambino v. Bailey*, 610 F.2d 1306, 1329 (5th Cir. 1980) (cited in Objection at 8:19-20) (vacating settlement because settlement-class members had not been treated fairly relative to one another).

[12] *In re Silicone Gel Breast Implant Prod. Liab. Litig.*, No. 2:92-cv-10000-RDP, 2010 WL 11506713, at *25 (N.D. Ala. May 19, 2010) (quoted in Objection at 8:17-20) (citing *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 839-40 (1999)).

[13] Manual Complex Lit. § 21.62 (4th ed.) (quoted in Objection at 8:23-25).

[14] *Fosmire v. Progressive Max Ins. Co.*, 277 F.R.D. 625, 634 (W.D. Wash. 2011) (quoted in Objection at 7:13-18). *In re Bank of America Wage & Hour Employment Litigation*, 740 F. Supp. 2d 1207 (D. Kan. 2010) (cited in Objection at 9:18-24), also does not support Objectors' position that a class action settlement must include all actual or potential claimants. In that case, an MDL court protected its jurisdiction by enjoining the settlement of a California class action that would have released some of the MDL claims, pending a determination by the Judicial Panel on Multidistrict Litigation as to whether the California lawsuit should be transferred to the MDL court. *See id.* at 1217.

of the 22 state-law claims that IPP counsel added by amending his own consolidated amended complaints during the pendency of this MDL proceeding also fails. Objection at 10-11.

As Defendants showed, ECF No. 5726 at 6-7, in opposition to Objectors' motion to stay, ECF No. 5718, there is no question, and Objectors repeatedly have acknowledged,[15] that the Judicial Panel on Multidistrict Litigation transferred into this MDL proceeding actions asserting federal claims on behalf of indirect purchasers nationwide. Those nationwide federal claims are therefore properly before this Court pursuant to the MDL statute, 28 U.S.C. § 1407.

This Court may release state-law claims that arise from the same nucleus of operative fact as federal claims that are properly before it, regardless of whether the Court has an independent basis to exercise subject matter jurisdiction over the state-law claims. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1288 (9th Cir. 1992) ("[W]e conclude that it was not necessary for the district court to actually exercise subject matter jurisdiction over the claims to approve their release.").[16] Therefore, even if Objectors are correct that IPP counsel asserted some of the 22 state-law claims for the first time by amending his own consolidated complaint during the pendency of this MDL proceeding, this Court may still approve the amended settlements as to all of the 22 State Law Classes.

---

[15] *See, e.g.,* ECF No. 5645 at 6:22-24 ("From its inception, this case has continuously asserted federal antitrust claims based on a uniform and industry-wide price-fixing conspiracy, seeking declaratory and injunctive relief on behalf of indirect purchasers in all 50 states."); ECF No. 5565 at 3:4-6 ("Claims for equitable relief were filed on behalf of the nationwide class, and thus, the NRS Subclass in the original complaints herein and in each successive consolidated complaint, requested injunctive relief and all such further equitable relief as the Court may grant.").

[16] *See also In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 261 F.3d 355, 366 (3d Cir. 2001) (noting that although the rule "may seem anomalous at first glance," "[i]t is now settled that a judgment pursuant to a class settlement can bar later claims based on the allegations underlying the claims in the settled class action. This is true even though the precluded claim was not presented, and could not have been presented, in the class action itself") (citing, *inter alia*, *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1288 (9th Cir. 1992)); *Buccellato v. AT & T Operations, Inc.*, No. C10-00463-LHK, 2011 WL 4526673, at *2 (N.D. Cal. June 30, 2011) ("This Court also has jurisdiction to approve the Settlement's release of claims by Class Members over which the Court has jurisdiction, even if the Court would not independently have jurisdiction over those released claims.") (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 748 (9th Cir. 2006)).

|   |   |
|---|---|
| 1 | \* \* \* |
| 2 | Finally, Defendants acknowledge that the Court has rejected their rule-of-mandate argument. For purposes of preserving that argument, which is set forth fully in an earlier submission, ECF No. 5468, and therefore not repeated in detail here, Defendants respectfully submit that the objections filed by Objectors and by Mr. Bonsignore's settlement-class clients, should be overruled pursuant to the mandate rule, save as to the objectors from Massachusetts, Missouri, and New Hampshire. |

# CONCLUSION

For all the foregoing reasons, the Court should grant final approval to the amended settlements.

Dated: June 12, 2020    Respectfully submitted,

/s/ *Andrew Rhys Davies*
ALLEN & OVERY LLP
ANDREW RHYS DAVIES
andrewrhys.davies@allenovery.com
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399

JOHN ROBERTI
john.roberti@allenovery.com
ALLEN & OVERY LLP
1101 New York Avenue NW
Washington, DC 20005
Telephone: (202) 683-3800
Facsimile: (212) 610-6399

*Attorneys for Defendants Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd.*

/s/ *Jeffrey L. Kessler*
WINSTON & STRAWN LLP
JEFFREY L. KESSLER
jkessler@winston.com
EVA W. COLE
ewcole@winston.com
200 Park Avenue
New York, NY 10166
Telephone:    (212) 294-6700
Facsimile:    (212) 294-4700

KEVIN B. GOLDSTEIN
kbgoldstein@winston.com
35 W. Wacker Drive
Chicago, IL 60622
Telephone:    (312) 558-5600
Facsimile:    (312) 558-5700

WEIL, GOTSHAL & MANGES LLP
DAVID L. YOHAI
david.yohai@weil.com
ADAM C. HEMLOCK
adam.hemlock@weil.com
DAVID YOLKUT
david.yolkut@weil.com
767 Fifth Avenue
New York, NY 10153-0119
Telephone:    (212) 310-8000
Facsimile:    (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*[17]

---

[17] MT Picture Display Co., Ltd. has been dissolved and completed final liquidation proceedings in Japan on May 23, 2019.

/s/ *John M. Taladay*
BAKER BOTTS LLP
JOHN M. TALADAY
ERIK T. KOONS
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
Email: erik.koons@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips, N.V., Philips North America LLC, Philips Taiwan Limited, and Philips do Brasil, Ltda*

/s/ *Kathy L. Osborn*
FAEGRE DRINKER BIDDLE & REATH LLP
KATHY L. OSBORN
Email: kathy.osborn@faegredrinker.com
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000

JEFFREY S. ROBERTS
Email: jeff.roberts@faegredrinker.com
1144 15th Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

/s/ *Donald A. Wall*
SQUIRE PATTON BOGGS (US) LLC
DONALD A. WALL
Email: donald.wall@squirepb.com
1 East Washington Street, Suite 2700
Phoenix, AZ 85004
Telephone: (602) 528-4005
Facsimile: (602) 253-8129

*Attorneys for Defendant Technologies Displays Americas LLC*

DEFENDANTS' RESPONSE TO OBJECTIONS TO AMENDED SETTLEMENT AGREEMENTS    CASE NO.: 4:07-CV-05944-JST

| | |
|---|---|
| 1 | /s/ *Eliot A. Adelson* |
| 2 | MORRISON & FOERSTER LLP<br>ELIOT A. ADELSON |
| 3 | Email: eadelson@mofo.com<br>425 Market Street |
| 4 | San Francisco, CA 94105<br>Telephone: (415) 268-7000 |
| 5 | Facsimile: (415) 268-7522 |

KIRKLAND & ELLIS LLP
JAMES H. MUTCHNIK (pro hac vice)
Email: james.mutchnik@kirkland.com
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Defendants Hitachi Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.*

/s/ *Christopher M. Curran*
WHITE & CASE LLP
CHRISTOPHER M. CURRAN
ccurran@whitecase.com
LUCIUS B. LAU
alau@whitecase.com
DANA E. FOSTER
defoster@whitecase.com
MATTHEW N. FRUTIG
mfrutig@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*