Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

***Lead Counsel for the Indirect***
***Purchaser Plaintiffs for the 22 States***

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 4:07-cv-5944 JST<br>Case No. 13-cv-03234-JST |
| | MDL NO. 1917 |
| This Document Relates to: | |
| INDIRECT PURCHASER ACTIONS | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTIONS TO AMENDED SETTLEMENTS** |
| | Hearing Date: July 8, 2020<br>Time:         2:00 p.m.<br>Courtroom:   6, 2nd Fl. (Oakland)<br>Judge:        Hon. Jon S. Tigar |

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTIONS TO AMENDED SETTLEMENTS**

## TABLE OF CONTENTS

INTRODUCTION.................................................................................................. 1

BACKGROUND................................................................................................... 3

ARGUMENT …………………………………………………………………………..4

I.    OBJECTORS' COUNSEL'S MOTIVES IN CONTINUING TO OBJECT
      TO THE AMENDED SETTLEMENTS ARE QUESTIONABLE AT BEST ........ 4

II.   THE BONSIGNORE OBJECTORS' OBJECTIONS LACK MERIT .................... 7

      A.    The Bonsignore Objectors Fail To Comply With Objection
            Requirements........................................................................................ 7

      B.    The Court Has Already Rejected The Bonsignore Objectors'
            Objections............................................................................................. 9

III.  THE ORS/NRS OBJECTORS' OBJECTIONS LACK MERIT .......................... 11

      A.    ORS/NRS Objectors Lack Standing To Object ......................................... 11

            1.    ORS/NRS Objectors Fail To Establish That They Are Class
                  Members...................................................................................... 11

            2.    ORS/NRS Objectors Fail To Satisfy The Requirements For
                  Non-Party Standing ..................................................................... 11

                  a.    ORS/NRS Objectors Rely Upon The Wrong Legal
                        Standard............................................................................ 12

                  b.    ORS/NRS Objectors Do Not And Cannot Show That
                        The Amended Settlements Cause Them Formal Legal
                        Prejudice ........................................................................... 13

                  c.    The "Prejudice" Alleged Is Premised Upon
                        Numerous Factual Mischaracterizations And
                        Inaccuracies ....................................................................... 15

            3.    ORS/NRS Objectors Also Lack Standing To Object To The
                  Requested Attorney Fee Award ....................................................... 17

      B.    The Settlement Amendments And The Appointment Of Separate
            Counsel Resolve ORS/NRS Objectors' Adequacy Of Representation
            Concerns.............................................................................................. 19

      C.    This Court Has Subject Matter Jurisdiction Over The Amended
            Settlements .......................................................................................... 22

      D.    IPP Counsel Did Not Negotiate The Value Of The ORS/NRS
            Claims................................................................................................. 23

      E.    The Objections To The Notice Program Lack Merit ................................... 23

      F.    The ORS/NRS Objectors Benefit From The Amendments To The

IPPs' Settlements ........................................................................................ 25

CONCLUSION ........................................................................................................ 25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

## Cases

*Agretti v. ANR Freight Sys., Inc.*,
  982 F.2d 242 (7th Cir. 1992)................................................................................. 13

*Bhatia v. Piedrahita*,
  756 F.3d 211 (2d Cir. 2014)................................................................................. 13

*Bostick v. Herbalife Int'l of Am., Inc.*,
  No. CV 13-2488 BRO (SHX), 2015 WL 12731932 (C.D. Cal. May 14, 2015)..................... 20

*Brandt v. Vill. of Winnetka, Ill.*,
  612 F.3d 647 (7th Cir. 2010)................................................................................. 12

*Carrillo v. Schneider Logistics Trans-Loading & Distrib., Inc.*,
  No. 2:11-CV-8557-CAS DTB, 2014 WL 688178 (C.D. Cal. Feb. 21, 2014)................... 12, 13

*Chavez v. PVH Corp.*,
  No. 13 Civ. 01797 (LMK), 2015 WL 9258144 (N.D. Cal. Dec. 18, 2015) ............................. 7

*Class Plaintiffs v. City of Seattle*,
  955 F.2d 1268 (9th Cir. 1992)............................................................................. 2, 23

*Ellis v. Costco Wholesale Corp.*,
  657 F.3d 970 (9th Cir. 2011)................................................................................. 20

*Fosmire v. Progressive Max. Ins. Co.*,
  277 F.R.D. 625 (W.D. Wash. 2011)......................................................................... 20

*Hawaii-Pac. Venture Capital Corp. v. Rothbard*,
  564 F.2d 1343 (9th Cir. 1977)................................................................................. 14

*In re Bank Am. Wage & Hour Emp't Litig.*,
  740 F. Supp. 2d 1207 (D. Kan. 2010) ..................................................................... 21

*In re Carrier IQ, Inc.*,
  78 F. Supp. 3d 1051 (N.D. Cal. 2015) .................................................................... 22

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
  No. 16-16368, 2017 WL 3468376 (9th Cir. Mar. 2, 2017) ........................................... 6

*In re General Motors Corp. Engine Interchange Litig.*,
  594 F.2d 1106 (7th Cir. 1979)................................................................................. 21

*In re Hydroxycut Mktg. & Sales Practices Litig.*,
  No. 09 MD 2087 BTM (KSC), 2013 WL 5275618 (S.D. Cal. Sept. 17, 2013)..................... 8

*In re Integra Realty Res., Inc.*,
  262 F.3d 1089 (10th Cir. 2001)............................................................................... 14

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
  No. 11 CV 5450 (NRB), 2017 WL 4174925 (S.D.N.Y. Sept. 8, 2017).............................. 22

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTIONS TO AMENDED SETTLEMENTS**

*In re Lidoderm Antitrus Litig.*,
No. 14 MD 02521 (WHO), 2017 WL 679367 (N.D. Cal. Feb. 21, 2017) ............................... 22

*In re Oil Spill by Oil Rig Deepwater Horizon*,
295 F.R.D. 112 (E.D. La. 2013) ...................................................................................... 14

*In re Prudential Ins. Co. of Am. Sales Practice Litig.*,
261 F.3d 355 (3d Cir. 2001) ........................................................................................... 23

*In re Vitamins Antitrust Class Actions*,
215 F.3d 26 (D.C. Cir. 2000) .......................................................................................... 14

*Keepseagle v. Vilsack*,
102 F. Supp. 3d 306 (D.D.C. 2015) ................................................................................. 24

*Kim v. Tinder, Inc.*,
No. 18 Civ. 3093(JFW) (ASX), 2019 WL 2576367 (C.D. Cal., June 19, 2019) ...................... 9

*Knisley v. Network Assocs., Inc.*,
312 F.3d 1123 (9th Cir.2002) ..................................................................................... 10, 18

*Mayfield v. Barr*,
985 F.2d 1090 (D.C. Cir. 1993) ...................................................................................... 14

*Melendres v. Arpaio*,
784 F.3d 1254 (9th Cir. 2015) ........................................................................................ 22

*Miller v. Ghirardelli Chocolate Co.*,
No. 12 Civ. 04936 (LB), 2015 WL 758094  (N.D. Cal. Feb. 20, 2015) .................................. 8

*Moore v. Verizon Commc'ns Inc.*,
No. C 09–1823 SBA, 2013 WL 4610764 (N.D. Cal. Aug. 28, 2013) ................................... 11

*Nwabueze v. AT&T Inc.*,
No. 09 Civ. 01529 (SI), 2013 WL 6199596 (N.D. Cal. Nov. 27, 2013) ........................... 8, 11

*Ortiz v. Fibreboard Corp.*,
527 U.S. 815 (1999) ......................................................................................................... 9

*Pearson v. P.F. Chang's China Bistro, Inc.*,
No. 13-CV-2009 JLS (MDD), 2018 WL 2316885 (S.D. Cal. May 21, 2018) ........................ 23

*Quad/Graphics, Inc. v. Fass*,
724 F.2d 1230 (7th Cir. 1983) ........................................................................................ 13

*Rodriguez v. Disner*,
688 F.3d 645 (9th Cir. 2012) ................................................................................ 10, 18, 19

*Smith v. Arthur Andersen LLP*,
421 F.3d 989 (9th Cir. 2005) .............................................................................. 12, 13, 14

*United States v. City of New York*,
198 F.3d 360 (2d Cir.1999) ............................................................................................ 14

*United States v. Ford*,

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTIONS TO AMENDED SETTLEMENTS**

650 F.2d 1141 (9th Cir. 1981) ............................................................................... 16

*United States v. Sprint Commc'ns, Inc.,*
855 F.3d 985 (9th Cir. 2017) ................................................................................. 16

*Vizcaino v. Microsoft Corp.,*
290 F.3d 1043 (9th Cir. 2002) ............................................................................... 17

*W. Coast Seafood Processors Ass'n v. Nat'l Res. Def. Council, Inc.,*
643 F.3d 701 (9th Cir. 2011) ................................................................................. 16

*Waller v. Fin. Corp. of Am.,*
828 F.2d 579 (9th Cir. 1987) ................................................................. 12, 13, 17

**<u>Rules</u>**

Fed. R. Civ. P. 23(e)(5) ............................................................................................ 9

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTIONS TO AMENDED SETTLEMENTS**

The Indirect Purchaser Plaintiffs ("IPPs") on behalf of the 22 Indirect Purchaser State Classes[1] hereby respond to the objections to the amended settlements filed by: (1) the "ORS Objectors"[2] and the "NRS Objector" (Eleanor Lewis) (collectively, the "ORS/NRS Objectors"), ECF No. 5732 ("Obj."); and (2) the "Bonsignore Objectors"[3] (collectively, the "Objectors").

## INTRODUCTION

IPPs have entered into amended settlements totaling $512,750,000 plus interest on behalf of indirect purchasers of CRTs in 22 States. This is an excellent result for the class and warrants final approval. This multidistrict litigation has been pending for almost 13 years and seeks to compensate class members for injuries dating back to the mid-1990's. The settlements should be finally approved and the funds distributed to class members as soon as possible.

No claimant with a stake in the settlements and no independent class member have objected to the amended settlements or the attorneys' fee request. All of the objections have been manufactured by counsel for the "Other Repealer States" ("ORS") and the Non-Repealer States ("NRS")—the very same lawyers that have been objecting to every aspect of IPPs' settlements and requested attorneys' fees for years. Instead of prosecuting the ORS/NRS claims that they were appointed to represent, these lawyers have redoubled their efforts to derail and delay IPPs' amended settlements. By lodging frivolous objections to the amended settlements, these lawyers are acting in their own self-interest and contrary to the interest of the class (their former clients).

---

[1] Sometimes referred to herein as the "22 States."

[2] The ORS Objectors are: Tyler Ayres, Mike Bratcher, Nikki Crawley, Jay Erikson, Harry Garavanian, John Heenan, Hope Hitchcock, D. Bruce Johnston, Jeff Johnston, Kerry Murphy, Chris Seufert, Robert Stephenson, Gary Talewsky, and William Trentham.

[3] Craig A. Schuler (ECF No. 5739), Valerie G. Deick (ECF No. 5740), Gloria A. Comeaux (ECF No. 5741), Lisa L. Butterbrodt (ECF No. 5742), Dale B. McKenzie (ECF No. 5743), Eric R. Coggins (ECF No. 5744), Heather J. Gordon (ECF No. 5745), Dennis S. Cornett (ECF No. 5746), David N. Watson (ECF No. 5747), Brendan C. McCann (ECF No. 5748), Jessica M. McIntyre (ECF No. 5749), Wes M. Woods and Sarah M. Woods (ECF No. 5750), Miguel A. Albarran (ECF No. 5751), Mary J. Baucom (ECF No. 5752), and Jeff Speaect (ECF No. 5755).

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTIONS TO AMENDED SETTLEMENTS**

1    Moreover, their objections are procedurally and substantively defective. They merely

2   rehash objections that have been rejected—often on multiple occasions—by the Court. The

3   Bonsignore Objectors fail to comply with this Court's procedural requirements for objecting to the

4   settlements. Although they claim to be class members, they provide no proof of class membership

5   or that they filed a claim in or previously objected to the settlements. In addition, their boilerplate

6   objections do not satisfy Fed. R. Civ. P. 23(e)(5)'s requirements for objecting. Further, as this

7   Court has already found, their adequacy of representation objections have been mooted by (1)

8   appointing separate counsel for the ORS/NRS; and (2) amending the settlement class to include

9   only class members in the 22 States. They fail to show this Court's findings are incorrect.

10    The ORS/NRS Objectors—who are neither class members nor parties, and must

11   successfully intervene to object—likewise fail to demonstrate standing. They *concede* they are not

12   class members and fall far short of demonstrating the "formal legal prejudice" necessary for non-

13   party standing. As non-class members, they have no interest whatsoever in the amount of the fee

14   award, other than for the improper purposes of vexation and delay. Moreover, the "prejudices"

15   they allege are based upon multiple factual mischaracterizations and inaccuracies. IPP Counsel did

16   not negotiate the value of the ORS/NRS claims. The amended settlements do not prejudice the

17   value of their claims in the slightest. Nor will final approval moot their appeals. Indeed, IPPs'

18   successful litigation of the case enhances the value of the ORS/NRS claims.

19    Finally, this Court has subject matter jurisdiction over the amended settlements. All 22

20   state law claims were alleged in pre-MDL actions and were properly transferred and consolidated

21   with, or related to, this MDL. And, in any event, it is well-settled that a federal court may approve

22   the release of claims over which it has no subject matter jurisdiction where, as here, the state law

23   claims arise from the same nucleus of operative facts as the federal claims properly before

24   it. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1288 (9th Cir. 1992).

25    In light of the foregoing, IPPs respectfully request that the Court (1) certify the amended

26   settlement class, (2) approve the amended settlements as fair, adequate and reasonable, (3) order

27   the return of each Defendant's *pro rata* share of the $29 million reduction, and (4) award a new

28

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTIONS TO AMENDED SETTLEMENTS**

1  aggregate fee to class counsel of $129,606,250 plus accrued interest, or 23.66% of the new total

2  settlement fund of $547,750,000 plus accrued interest.

3  **BACKGROUND**

4  IPPs incorporate the "Relevant Factual and Procedural Background" and the "Amendments

5  to the Settlements" sections of their Motion Pursuant to Ninth Circuit Mandate to Reconsider and

6  Amend Final Approval Order, Final Judgment and Fee Order (ECF Nos. 4712, 4717, 4740) (the

7  "Motion"). *See* ECF No. 5587 at 4-13. The following summarizes the relevant events occurring

8  since the filing of the Motion.

9  On September 19, 2019, IPPs filed their Fifth Consolidated Amended Complaint for

10 settlement purposes. ECF No. 5589. On September 30, 2019, ORS/NRS Objectors opposed IPPs'

11 Motion. ECF No. 5607. On March 11, 2020, the Court issued its "Order Granting Motion for

12 Preliminary Approval," ECF No. 5695 ("Preliminary Approval Order") in which it (1)

13 provisionally certified the amended settlement class comprised of the 22 Indirect Purchaser State

14 Classes, (2) granted preliminary approval, (3) ordered IPPs to provide the specified notice, and (4)

15 set a deadline of May 29, 2020 for certain class members to object. *Id*. at 19-20. The Court also

16 found that the ORS/NRS Objectors lacked standing to object because they are not members of the

17 amended settlement class. *Id*. at 7. On March 27, 2020, the Claims Administrator sent notice to

18 class members and posted the notice on the case website. *See* https://crtclaims.com/DOCS/CRT-

19 Detailed-Notice-IPP-2020-03.pdf (last accessed June 12, 2020).[4]

20 On April 11 & 13, 2020, the ORS/NRS Objectors purported to appeal the Preliminary

21 Approval Order and the orders denying the motions to intervene (ECF Nos. 5709, 5711), and

22 thereafter moved to stay "all proceedings concerning" the Preliminary Approval Order pending

23 resolution of their appeals. ECF Nos. 5718, 5720. IPPs and Defendants opposed the Motion. ECF

24 Nos. 5726, 5727. Mr. Bonsignore appealed on behalf of his ORS clients. ECF No. 5733.

25

26

27 [4] *See* Declaration of Joseph M. Fisher Re: Implementation of Notice Plan ("Fisher Decl.") ¶¶ 5-7.

28

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTIONS TO AMENDED SETTLEMENTS**

On May 29, 2020, the ORS/NRS Objectors objected to the amended settlements. ECF No. 5732. On June 9, 2020, the Ninth Circuit granted IPPs' motions to dismiss the appeals of the Preliminary Approval Order for lack of jurisdiction. ECF No. 5738. On June 10, 2020, the Clerk filed 15 separate but identical objections that were postmarked May 29, 2020 and mailed to the Clerk for filing. ECF Nos. 5739-52. All but three of these objections identify ORS counsel, Robert Bonsignore, as counsel. *Id.*[5] Mr. Bonsignore did not serve the objections on IPP Counsel. IPP Counsel only received them via ECF on June 10, 2020, two days before the deadline to respond. An additional objection by Jeff Speaect was filed today, June 12, 2020. ECF No. 5755.

## ARGUMENT

## I.   OBJECTORS' COUNSEL'S MOTIVES IN CONTINUING TO OBJECT TO THE AMENDED SETTLEMENTS ARE QUESTIONABLE AT BEST

The ORS Objectors are represented by Theresa Moore and Francis Scarpulla, among others. NRS Objector, Eleanor Lewis, who was previously represented by Mr. Scarpulla, is now represented by Tracy Kirkham of Cooper & Kirkham, P.C. ("C&K"). The Bonsignore Objectors, who purport to be members of the 22 Indirect Purchaser State Classes, are represented by Robert Bonsignore, who is also Court-appointed counsel for the ORS. *See* ECF No. 5518. These lawyers have a long history of lodging objections to every aspect of IPPs' proposed settlements, notice program and fee requests. As further described below, both this Court and Special Master Quinn have repeatedly acknowledged the unhelpful nature of many of their objections. Significantly, these lawyers have filed or orchestrated all of the objections to the amended settlements. No claimant with an actual stake in the settlements has objected.

Mr. Scarpulla, Ms. Moore, C&K and Mr. Bonsignore were counsel of record in this litigation from its inception. None of them played leading roles in the prosecution of this case.[6]

---

[5] Two Objectors identify Marsha Mason as their attorney (ECF No. 5750), but their objections are identical to those filed by the other Bonsignore Objectors. Thus, Bonsignore clearly orchestrated the objections. Gloria Comeaux's objection does not identify counsel, but is likewise identical to the other objections. ECF No. 5741.

[6] *See, e.g.*, ECF No. 5122 at 10 (Moore "'did extraordinarily little work on the case' and what (footnote continued)

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTIONS TO AMENDED SETTLEMENTS**

Despite this, Scarpulla, Moore and Bonsignore filed substantial fee requests that were rejected by the IPP audit committee[7] and this Court.[8] Bonsignore withdrew his fee request (ECF No. 4270), thereby avoiding scrutiny by the Court.

In response to Lead Counsel's cuts to their lodestar and expenses, Scarpulla, Moore and Bonsignore filed objections to the settlements in October 2015. *See* ECF Nos. 4113, 4115, 4116, 4119. Notably, none of them expressed any reservations about the settlements prior to being informed of the cuts to their lodestar and expenses.[9] In addition, Moore's objections to the settlements were not filed on behalf of her then-existing clients.[10] Scarpulla's and C&K's objections were not filed on behalf of any client and made no reference to their existing clients—Michael Juetten and Steven Ganz—both members of the 22 Indirect Purchaser State Classes.

Scarpulla, C&K, Bonsignore and Moore raised a litany of objections to the settlements, the notice program, and the attorneys' fees and expenses. All of their objections were rejected, first by Special Master Quinn and then by this Court, and often in no uncertain terms.[11]

---

work she did complete was 'ministerial' and 'did not benefit the class.'"); ECF No. 4976 at 12, 14 (Scarpulla did not perform important case leadership functions and had a "lack of meaningful involvement in the case").

[7] The audit committee uncovered serious irregularities in Bonsignore's time records. ECF No. 4370-2, ¶ 2. Lead Counsel also declined to submit Bonsignore's claimed $25,000 litigation fund contribution (ECF No. 4072, ¶ 20) because Lead Counsel had no record of it and Bonsignore was unable to prove it had been paid. ECF No. 4370-1, ¶ 24.

[8] This Court awarded Scarpulla $130,118.88 (ECF No. 5122 at 7)—approximately one tenth of the $1,265,240.95 he requested. Similarly, the Court awarded Moore $48,018.96 (ECF No. 5122 at 10), less than 2% of her requested $3,604,687.50 fee. ECF No. 5025 at 7.

[9] *See* ECF Nos. 4370-1, ¶¶ 16-21 (Scarpulla), ¶¶ 30-32 (Moore); 4370-2, ¶ 2 (Bonsignore).

[10] *Compare* ECF No. 4076 (Moore Declaration from September 2015 in which she claimed to represent certain named plaintiffs) *with* ECF No. 4113 (October 2015 objection on behalf of objectors Rockhurst University, Gary Talewsky and Harry Garavanian).

[11] *See, e.g.*, ECF No. 4351 at 46-47 (rejecting argument that IPPs should have alleged a claim for equitable monetary relief under federal law, stating: "Lead Counsel had no duty to assert frivolous, hypothetical claims foreclosed by existing law," and "while Objectors' arguments provide fascinating speculation for a law review article, they do not realistically inform the very practical decision in a class action which claims have merit.").

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTIONS TO AMENDED SETTLEMENTS**

1    In fact, at the fee allocation stage, this Court and Special Master Quinn found that

2    Scarpulla, Moore and C&K: (i) raised objections which were "gratuitous," "unmeritorious," "very

3    weak," "unhelpful," and "potentially damaging to the Class" (ECF No. 5122 at 8-9; ECF No. 4976

4    at 13-14, 18); (ii) publicly asserted "procedural and speculative objections" which were

5    "inexplicable" (*id*. at 14); (iii) could have expressed concerns about the case early on at the time of

6    preliminary settlement approval—"not at the last moment when they merely stoked the fires of

7    professional objectors" (*id*. at 14, 18); (iv) had a "running antagonism" with Lead Counsel (*id*. at

8    14); (v) failed repeatedly to provide legal support for their arguments (*id*. at 14-15, 18; ECF No.

9    5122, at 9); and (vi) filed objections that "showed a lack of collaboration and disregard for the

10   interests of the Class" (*id*. at 8; ECF No. 4976 at 18), and "bordered on being frivolous." *Id*.

11   Even after this Court concluded—consistent with black letter law—that Scarpulla and

12   C&K lacked standing to object to the settlements (ECF No. 4712 at 35-36), they filed appeals. Not

13   surprisingly, the Ninth Circuit summarily dismissed their appeals for lack of standing.[12]

14   At the first Case Management Conference following remand, the Court noted its concern

15   that ORS/NRS Objectors' counsel were attempting to "use the comments in my November order

16   and the uncertainty around the settlement to try to reopen every aspect of the case they could for

17   their personal advantage. And the reason I felt that way is because the case management statement

18   is pretty good evidence that's happening." Apr. 9, 2019 Hearing Tr., at 27:5-10.

19   Finally, Objectors' counsel have made a series of frivolous objections to IPPs' amended

20   settlements, even though the settlements no longer release their current clients' claims. This

21   violates their duty of loyalty to their former clients from the 22 States. Objectors' counsel are at

22   best intentionally delaying their former clients' ability to receive the benefits of the settlements for

23   their own personal gain; at worst, they are putting the recovery of their former clients at risk. Mr.

24   Bonsignore is also attempting to simultaneously represent the ORS Plaintiffs *and* purported class

25   members from the 22 States, which he cannot do. *See* June 6, 2019 Hearing Tr., at 15:23-16:14

26

27   [12] *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 16-16368, 2017 WL 3468376, at *1 (9th Cir. Mar. 2, 2017).

28

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTIONS TO AMENDED SETTLEMENTS**

1   (denying Ms. Kirkham's motion for appointment as NRS counsel because she represented a
2   California plaintiff and therefore "she has a conflict").

3   Given Objectors' counsel's demonstrated penchant for filing frivolous objections and
4   appeals, and the questions this raises about their true motivations, this Court should view their
5   current objections with skepticism. This is particularly true given that there are *no* independent
6   objections to the amended settlements.

7   **II.   THE BONSIGNORE OBJECTORS' OBJECTIONS LACK MERIT**

8   The Bonsignore Objectors are purported class members whose boilerplate objections are
9   procedurally defective and have already been addressed at length—and rejected—by the Court.

10   **A.   The Bonsignore Objectors Fail To Comply With Objection Requirements**

11   In the Preliminary Approval Order (at 19), the Court approved a form of Notice that set
12   forth certain requirements for objecting to the amended settlements:

13   If you are a member of the 22 Indirect Purchaser State Classes and submitted a
14   claim in or objected to the 2016 Settlements, you may ask the Court to deny
       approval of the Settlements as amended by the Amendments or to the attorneys'
15   fees request by filing objections with the Court.

16   *See* ECF No. 5587-2, Ex. C, at 5 (Detailed Notice); *see also* Preliminary Approval Order at 16 n.
17   13 ("Any member of the 22 Indirect Purchaser State Classes *who submitted a claim in or objected*
18   *to the 2016 Settlements* may now ask the Court to object to the attorney's fees award.") (emphasis
19   added). The Notice further provided that any objections "must include[,]" *inter alia*: "[p]roof of
20   membership" in one of the 22 States' classes. ECF No. 5587-2, Ex. C, at 5.

21   The Bonsignore Objectors fail to comply with these requirements since none provide proof
22   of class membership, and none assert that s/he filed claims in or objected to the 2016 Settlements.
23   The Court may overrule their objections on this ground alone. *See, e.g., Chavez v. PVH Corp.,* No.
24   13 Civ. 01797 (LMK), 2015 WL 9258144, at *3 (N.D. Cal. Dec. 18, 2015) (overruling objections
25   by "individuals who do not appear to be Class Members"); *Nwabueze v. AT&T Inc.*, No. 09 Civ.
26   01529 (SI), 2013 WL 6199596, at *6-7 (N.D. Cal. Nov. 27, 2013) (overruling objections for
27   failing "to comply with the Court's procedural requirements for objecting to the Settlement").

28

1    The Bonsignore Objectors complain that requiring them to submit a receipt is unfair

2  because it "does not treat Class Members equitably relative to each other." ECF No. 5739, at 2.

3  But the Notice does not require a receipt; it requires "proof of membership" in the class. If they do

4  not have a receipt, they could have submitted a declaration under penalty of perjury describing

5  what CRT Product they purchased, where and when they purchased it, and from whom. They did

6  not do so.[13] All class members have been required to at least submit a declaration under penalty of

7  perjury to file a claim. Fisher Decl. ¶ 9. The Bonsignore Objectors must abide by the same rules.

8    Further, the Bonsignore Objectors' boilerplate objections fail to comply with Fed. R. Civ.

9  P. 23(e)(5), which requires that an objection "*must* state whether it applies only to the objector, to

10  a specific subset of the class or to the entire class, and also state with specificity the grounds for

11  the objection." Fed. R. Civ. P. 23(e)(5) (emphasis added). The Bonsignore Objectors do not state

12  whether their objections apply only to them, to the 22 States, or to the ORS/NRS subclasses.

13  While they claim to be members of the 22 Indirect Purchaser State Classes, most of their

14  objections allege inadequate representation of the ORS/NRS subclasses.

15    In addition, they fail to state the grounds for their objections "with specificity," relying on

16  vague claims of error and inadequate representation, devoid of supporting facts, citations to the

17  record or legal authority. Their form objections generally assert that "[t]he proposed settlement is

18  not fair, reasonable and adequate and was not negotiated at arm's length[,]" and "does not treat

19  Class Members equitably relative to each other." ECF No. 5739, at 2. But they fail to explain *how*

20  class members are treated inequitably relative to each other, or provide any facts in support of

21  their conclusory allegations. Similarly, they make no specific objection to the requested fee award,

22  asserting solely that "no attorneys' fees should be allowed until the issue of conflict is resolved."

23  *Id*. These boilerplate objections do not satisfy Rule 23(e)(5). *See Kim v. Tinder, Inc.,* No. 18 Civ.

24

---

25  [13] *See Miller v. Ghirardelli Chocolate Co.,* No. 12 Civ. 04936 (LB), 2015 WL 758094, at

26  *10 (N.D. Cal. Feb. 20, 2015) (striking objections where objectors did not state under oath what
     products they purchased); *In re Hydroxycut Mktg.* & Sales *Practices* Litig., No. 09 MD 2087 BTM

27  (KSC), 2013 WL 5275618, at *2, *5 (S.D. Cal. Sept. 17, 2013) (striking objections where
     objectors did not provide evidence of their purchases, and therefore of class membership).

28

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTIONS TO AMENDED SETTLEMENTS**

1  3093(JFW) (ASX), 2019 WL 2576367, at *10 (C.D. Cal., June 19, 2019) (overruling "boilerplate

2  objections" for failure to comply with Rule 23(e)(5)).

3      Mr. Bonsignore has represented plaintiffs in this action since its inception. He recently

4  persuaded the Court to appoint him interim co-lead counsel for the ORS subclass. ECF No. 5518.

5  He should be sufficiently familiar with the issues to articulate specific objections with legal and

6  factual support. Instead, he has submitted "placeholders," in order to sandbag IPPs on appeal. But

7  his objections do not comply with this Court's orders or Rule 23 and should be overruled.

8  **B.  The Court Has Already Rejected The Bonsignore Objectors' Objections**

9      The Bonsignore Objectors' objections fall generally into three categories: (1) inadequate

10  representation; (2) prejudice to class members from the delay in distributing the settlement

11  proceeds; and (3) attorneys' fees. *See, e.g.*, ECF No. 5739, at 1-2.

12      First, and contrary to the Bonsignore Objectors' vague assertions, the Court *has* analyzed

13  adequacy of representation as to the 22 States and the ORS/NRS subclasses, and has concluded

14  that any such concerns are mooted by (1) appointing separate counsel to represent the ORS/NRS

15  subclasses (ECF No. 5518); and (2) narrowing the settlement class to include only the 22 Indirect

16  Purchaser State Classes. *See* Preliminary Approval Order at 10-11 ("division of a class 'into

17  homogeneous subclasses . . . with separate representation [] eliminate[s] conflicting interests of

18  counsel' when class members have divergent interests") (quoting *Ortiz v. Fibreboard Corp.*, 527

19  U.S. 815, 856 (1999)); *see also id*. at 11 ("[T]he amendments moot the adequacy-of-representation

20  concerns expressed by objectors to the original settlement.").

21      With regard to the 22 States, the Court found that there is "identity of issues shared by the

22  class and the proposed class representatives," and that "IPP Plaintiffs and class counsel have

23  vigorously prosecuted this action on behalf of the 22 Indirect Purchaser State Classes." *Id*. at 10-

24  11 (citing evidence of vigorous prosecution). While fully aware of this ruling, the Bonsignore

25  Objectors fail to explain why its findings are incorrect.

26      Second, the Bonsignore Objectors' complaints regarding the "significant delay" in the

27  receipt of settlement funds are undermined by the fact that none of them filed claims against the

28

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTIONS TO AMENDED SETTLEMENTS**

settlements. Because the Bonsignore Objectors do not stand to receive anything from the settlements through their own inaction, they cannot complain about the delay in other class members' receipt of the settlement proceeds. *None* of the class members who did file claims have objected. In addition, the Bonsignore Objectors' feigned concern regarding delay can hardly be credited given that the only obstacle to distribution of the settlement proceeds is their objections.

Their objections also ignore that IPP Counsel have successfully defended the settlements against myriad objections (aside from the release of claims for no compensation)—all of which were deemed meritless. *See* Section I, *supra*. IPP Counsel cannot be faulted for the delay occasioned by these meritless objections. Further, by agreeing to forfeit a significant portion of their fee award, IPP Counsel protected the settlement funds from being returned to the Defendants, and safeguarded millions of dollars in interest for the benefit of class members. *See* ECF No. 5537 at 6. Due to IPP Counsel's actions, class members in the 22 States will receive the full amount provided under the original settlements, plus substantial interest.

Finally, with regard to attorneys' fees, the Bonsignore Objectors speculate that IPP counsel will seek additional fees. ECF No. 5739 at 1. But IPP Counsel have not requested additional fees for work performed after they filed their original fee motion. *See* Preliminary Approval Order at 16 n.13 (noting "counsels' work in reaching the current agreement will not be separately compensated."). Moreover, "objectors who do not participate in a settlement lack standing to challenge class counsel's . . . fee award because, without a stake in the common fund pot, a favorable outcome would not redress their injury." *Rodriguez v. Disner*, 688 F.3d 645, 660 n.11 (9th Cir. 2012) (citing *Knisley v. Network Assocs., Inc.,* 312 F.3d 1123, 1128 (9th Cir.2002)).

In sum, *no claimant* has objected to the settlements or the attorneys' fee request. All of the objections have been manufactured by Mr. Bonsignore and ORS/NRS Counsel, who—as this Court correctly noted—are acting for their own personal advantage. Their objections are frivolous and should be overruled.

III.     **THE ORS/NRS OBJECTORS' OBJECTIONS LACK MERIT**

    **A.  ORS/NRS Objectors Lack Standing To Object**

        **1.  ORS/NRS Objectors Fail To Establish That They Are Class Members**

This Court has already found that the ORS/NRS Objectors lack standing because they are not members of the amended settlement class, and they are not bound by the settlements:

> The persons and entities in the [] [ORS/NRS] subclasses are not members of the amended settlement Class and have no standing to object to IPP Plaintiffs' motion for preliminary approval of the amended settlements.

Preliminary Approval Order. at 7 (internal citations omitted) (citing numerous cases). The ORS/NRS Objectors fail to establish that anything has changed. Indeed, the ORS/NRS Objectors *concede* that they are *not* class members. *See* Obj. at 3 (referring to themselves as "non-parties"). Yet they cite no case holding that a non-class member has standing to object to a class settlement. This should be the end of the matter. *See* Preliminary Approval Order at 7 (citing numerous cases holding that non-class members lack standing to object to class settlements).

In addition, ORS/NRS Objectors do not even attempt to comply with the requirements for objecting set forth in the Detailed Notice. They fail to provide proof of class membership, and their name, address and telephone number, and to state whether they filed a claim in or objected to the 2016 settlements. *See* ECF No. 5587-2 at 18 (Detailed Notice). As with the Bonsignore objections, these objections should be overruled for failure "to comply with the Court's procedural requirements for objecting to the settlement[s]." *Nwabueze v. AT & T Inc.*, 2013 WL 6199596, at *6; *Moore v. Verizon Commc'ns Inc.*, No. C 09–1823 SBA, 2013 WL 4610764, at *12 (N.D. Cal. Aug. 28, 2013) (overruling objections forfailing to provide address and phone number).

        **2.  ORS/NRS Objectors Fail To Satisfy The Requirements For Non-Party Standing**

ORS/NRS Objectors argue they nevertheless have standing as "non-parties" because their "rights are impacted" by the amended settlements. Obj. at 3. Objectors argue that the potential for "injury" *if* final approval of the settlements moots their appeal is sufficient for standing, because "[t]he threat of injury from the settlement, 'no matter how small,' suffices to create standing;

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTIONS TO AMENDED SETTLEMENTS**

1   'injury need not be certain.'" *Id*. (citing *Brandt v. Vill. of Winnetka, Ill.*, 612 F.3d 647, 649 (7th
2   Cir. 2010)).

3         This Court has already rejected ORS/NRS Objectors' claims of prejudice:

4         The amendments also do not adversely affect the rights of the ORS and NRS
5         Subclasses which were included in the original settlement. Because the
          amendments narrow the settlement Class, the release no longer applies to the ORS
6         and NRS Subclasses. These groups retain any claims that they previously
          possessed, if any, and they are free to pursue those claims against the Defendants."
7
8   Preliminary Approval Order at 18-19 (internal citations omitted). ORS/NRS Objectors' claims of
    prejudice are also legally and factually baseless, as shown below.
9
              **a.  ORS/NRS Objectors Rely Upon The Wrong Legal Standard**
10
11        The legal standard for demonstrating non-party standing to object to a settlement is not, as
12  ORS/NRS Objectors contend, merely "the threat of injury from the settlement, no matter how
13  small" or uncertain. Obj. at 4. On the contrary, as their own authorities (*id*. at 3) and a long line of
14  authorities make clear, a non-party generally lacks standing to object to a settlement unless it can
    "demonstrate that 'it will suffer some *plain legal prejudice*' as a result of the settlement." *Carrillo*
15  *v. Schneider Logistics Trans-Loading & Distrib., Inc.,* No. 2:11-CV-8557-CAS DTB, 2014 WL
16  688178, at *2 (C.D. Cal. Feb. 21, 2014) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583
17  (9th Cir. 1987) (emphasis added); *Smith v. Arthur Andersen LLP*, 421 F.3d 989, 998–1001 (9th
18  Cir. 2005) (recognizing the "exception to the general principle barring objections by non-settling
19  defendants . . . where it can demonstrate that it will sustain *some formal legal prejudice as a result*
20  *of the settlement*.'") (emphasis added).[14] Courts have explained that "[t]his rule advances the
21  policy of encouraging the voluntary settlement of lawsuits." *Waller*, 828 F.2d at 583.
22        Tellingly, ORS/NRS Objectors make no mention of the "formal legal prejudice" standard,
23  much less demonstrate that they satisfy that standard.
24  _____

25  [14] Objectors provide an incorrect citation for *Smith*, *see* Obj. at 3 (it is a Ninth Circuit case from
26  2005), and they misquote *Smith*. They assert that in *Smith*, "objector-appellants had standing to
    object because they were 'potentially affected by the settlement.'" Obj. at 3 (citing *Smith*, 421
27  F.3d 989, 998). IPPs have been unable to locate this quotation in the opinion.

28

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTIONS TO AMENDED SETTLEMENTS**

**b.  ORS/NRS Objectors Do Not And Cannot Show That The Amended Settlements Cause Them Formal Legal Prejudice**

"'Mere allegations of injury in fact or tactical disadvantage as a result of a settlement simply do not rise to the level of plain legal prejudice.'" *Carrillo*, 2014 WL 688178, at *2 (citing *Agretti v. ANR Freight Sys., Inc.*, 982 F.2d 242, 246 (7th Cir. 1992)). Instead, courts have found "formal legal prejudice" sufficient for non-party standing only where a settlement "purports to strip [the non-party] of a legal claim or cause of action, an action for indemnity or contribution for example[;]" or "where a settlement invalidates the contract rights" of the non-party. *Waller*, 828 F.2d at 583 (discussing cases); *Smith*, 421 F.3d at 998 (same).[15] The ORS/NRS Objectors utterly fail to demonstrate that they satisfy that standard.

Here, as in *Waller*, the amended settlements "do[] not cut off or in anyway [sic] affect any of [ORS/NRS Objectors'] claims; [they] only dispose[] of the claims of the classes against" the settling defendants. 828 F.2d at 584. ORS/NRS Objectors "retain any claims that they previously possessed, if any, and they are free to pursue those claims against the Defendants." Preliminary Approval Order at 19. "Courts have repeatedly held that a settlement which does not prevent the later assertion of a non-settling party's claims, although it may force a second lawsuit against the dismissed parties, does not cause plain legal prejudice to the non-settling party." *Agretti,* 982 F.2d at 247.[16]

In *Smith*, the non-settling defendants had standing to object to the settlement at issue because it required the district court to enter a "Bar Order . . . permanently enjoin[ing] the Non-

---

[15] *See also Bhatia v. Piedrahita*, 756 F.3d 211, 218 (2d Cir. 2014) ("[T]he required level of formal legal prejudice necessary for [non-party] standing . . . exists only in those rare circumstances when, for example, the settlement agreement *formally* strips a non-settling party of a legal claim or cause of action, such as a cross-claim for contribution or indemnification, invalidates a non-settling party's contract rights, or the right to present relevant evidence at a trial.").

[16] *See also Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233 (7th Cir. 1983) ("But just as a court has no justification for interfering in the plaintiff's initial choice of the parties it will sue (absent considerations of necessary parties), the court should not intercede in the plaintiff's decision to settle with certain parties, unless a remaining party can demonstrate plain legal prejudice.").

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTIONS TO AMENDED SETTLEMENTS**

1    Settling Defendants from asserting certain claims the settling defendants." 421 F.3d at 997.

2    Because the settlement and the Bar Order purported to "strip [the non-settling defendants] of a

3    legal claim or cause of action" (*id.* at 1001), they suffered "formal legal prejudice" and had

4    standing to object to the settlement. *Id*. ORS/NRS Objectors make no such showing here.

5            Indeed, multiple courts have rejected former or non-class members' objections for lack of

6    standing where, as here, they complained that they should have been included in a settlement, or

7    that the settlement prejudiced them in some way, because ultimately, they retained their claims

8    against the settling defendants. *See Mayfield v. Barr,* 985 F.2d 1090, 1093 (D.C. Cir. 1993)

9    (former named plaintiffs specifically carved out of the settlement lacked standing to object; they

10   "escaped the binding effect of the class settlement" and "those who fully preserve their legal rights

11   cannot challenge an order approving an agreement resolving the legal rights of others"); *In re*

12   *Vitamins Antitrust Class Actions*, 215 F.3d 26, 31 (D.C. Cir. 2000) (opt out plaintiffs lacked

13   standing to object to a "most favored nation" clause even though it would make it harder for them

14   to settle: "the MFN clause here causes no plain legal prejudice" because "the nonsettling plaintiffs

15   have fully preserved their 'right to litigate their claims independently.'") (citations omitted).[17]

16           Moreover, *Hawaii-Pac. Venture Capital Corp. v. Rothbard*, 564 F.2d 1343 (9th Cir. 1977)

17   held that even if absent class members would be barred from bringing a separate action by the

18   statute of limitations, that bar does not constitute sufficient "impairment of interests" to justify

19   intervention under Rule 24(a)(2), because that "harm [is] not related to and not attributable to the

20   disposition of the class action suit. It is the appellants' own negligence and failure to raise the state

21   subscription claims for over seven years that bars them." *Id.* at 1345; *see also United States v. City*

22   *of New York,* 198 F.3d 360, 366 (2d Cir.1999) ("[A]ny failure on [appellants'] part to act within

23   ───────────────────

24   [17] *See also In re Integra Realty Res., Inc.,* 262 F.3d 1089, 1103 (10th Cir. 2001) (opt out plaintiffs
     lacked standing because "a tactical disadvantage" does not amount to "legal prejudice"); *In re Oil*
25   *Spill by Oil Rig Deepwater Horizon*, 295 F.R.D. 112, 154 (E.D. La. 2013) (denying standing to
     non class member objectors who contended they should have been included in the class because
26   "they retain any claims they might have against [the defendant] and their interests are not affected
27   by the Settlement Agreement").

28

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTIONS TO AMENDED SETTLEMENTS**

1  the applicable statutes of limitations does not sufficiently impair their interests to warrant

2  intervention under Rule 24(a)(2); rather, the harm to their interests must be attributable to the

3  court's disposition of the suit in which intervention is sought.").

4      Likewise, here, the potential loss of ORS/NRS Objectors' ability to intervene and argue

5  relation back to IPPs' complaints (Obj. at 4) would not be "a result of" the amended settlements.

6  *Waller*, 828 F.2d at 583. Accordingly, even assuming *arguendo* that the prejudices ORS/NRS

7  Objectors allege are true, they do not demonstrate the required formal legal prejudice as a result of

8  the amended settlements.

9
10
   ### c. The "Prejudice" Alleged Is Premised Upon Numerous Factual Mischaracterizations And Inaccuracies

11     Finally, ORS/NRS Objectors' allegations regarding the "prejudices" they will suffer upon

12 final approval of the amended settlements are not only legally insufficient; they are also premised

13 upon numerous factual mischaracterizations and inaccuracies.

14     First, ORS/NRS Objectors falsely claim that they will be "written . . . out of the litigation

15 entirely" by "amendments to the operative complaints." Obj. at 3; *see also id.* at 4, 10. While IPPs

16 did file a new amended consolidated complaint in connection with the amended settlements (ECF

17 No. 5589), that complaint *does not* eliminate the nationwide class's claims for injunctive relief.

18 *See id.* ¶ 243.[18] Only the injunctive relief claims of members of the 22 Indirect Purchaser State

19 Classes will be released by final approval of IPPs' amended settlements.[19] In addition, IPPs will

20 continue to prosecute their claims against the Irico Defendants. Thus, the nationwide class's

21 injunctive relief claim will remain part of the litigation.

22     Second, ORS/NRS Objectors complain that they will be "written out of the settlement

23 class." Obj. at 3. But if the Ninth Circuit had vacated the final approval order (as ORS/NRS

24 Objectors demanded), or if their motion to vacate the final approval order (ECF No. 5527) had

25

26 [18] IPPs and Defendants stipulated to amend the complaint for settlement purposes, solely to substitute new plaintiffs for four existing statewide classes. *See* ECF No. 5585.

27 [19] *See* Preliminary Approval Order (ECF No. 5695) at 5, 18.

28

1   been granted, the nationwide settlement class would have been decertified and ORS/NRS

2   Objectors would have found themselves in precisely the same situation that they now complain of.

3   Thus, the fact that they will no longer be part of a certified settlement class cannot now be

4   considered prejudice; it is what they have long claimed they wanted.

5         Third, ORS/NRS Objectors speculate that if the amended settlements are approved, there

6   may be no action in which to intervene, rendering their appeals of this Court's orders denying

7   intervention moot.  Obj. at 4. This concern is likewise baseless. If the amended settlements are

8   approved, IPPs' operative complaint will still allege an injunctive relief claim on behalf of a

9   nationwide class (ECF No. 5589 ¶ 243), and IPPs will continue to litigate against the Irico

10  Defendants. *Id.* ¶¶ 95-98. IPPs also still have pending claims in the MDL against Defendant

11  Mitsubishi Electric Corporation. Thus, ORS/NRS Objectors' concern that there will be no

12  "action" in which they can intervene is unfounded.

13        In any event, "the parties' settlement and dismissal of a case after the denial of a motion to

14  intervene does not as a rule moot a putative-intervenor's appeal." *United States v. Sprint*

15  *Commc'ns, Inc.*, 855 F.3d 985, 990 (9th Cir. 2017). This is true where, as here, (1) the "resolution

16  of an action between the original parties is not determinative of the defendant's liability with

17  respect to [the intervenors]"; and (2) the "disposition of the case does not provide the relief sought

18  by the would-be intervenors," such that the appellate court "can provide an effective remedy on

19  appeal." *Id.* (citations omitted).[20]

20        Finally, ORS/NRS Objectors' contention that they were "intentionally excluded" from the

21  settlement discussions between IPPs and Defendants (Obj. at 3, 7) is disingenuous. IPPs and

22  Defendants spent over a year attempting to negotiate a resolution with ORS Objectors' counsel

23  that would have included the ORS in the IPP settlements.[21] IPP Counsel repeatedly proposed

24

25  [20] ORS/NRS Objectors' cases regarding mootness, *see* Obj. at 4 (citing *United States v. Ford*, 650
    F.2d 1141 (9th Cir. 1981) and *W. Coast Seafood Processors Ass'n v. Nat'l Res. Def. Council, Inc.*,

26  643 F.3d 701 (9th Cir. 2011)), are distinguishable because in those cases, the underlying litigation
    ended. Here, as explained, the litigation will continue against the non-settling defendants.

27  [21] *See* ECF No. 5416 at 5-6 (IPPs' CMC Statement describing settlement negotiations).

28

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTIONS TO AMENDED SETTLEMENTS**

giving up a portion of their fee award to allow the ORS class members to remain part of the settlements and file claims.[22] But ORS Objectors' counsel rejected this proposal, demanding instead that the settlements be vacated and re-negotiated, or that the entire case re-litigated and tried.[23] The ORS plaintiffs then moved to vacate approval of the settlements. ECF No. 5527. Vacating the settlements would have adversely affected the interests of members of the 22 Indirect Purchaser State Classes.[24] IPP Counsel therefore negotiated amended settlements with Defendants on behalf of the 22 States.

In sum, the problems ORS/NRS Objectors face in prosecuting their claims are not a result of the amended settlements. They would face the same problems regardless of whether the amended settlements are approved. ORS/NRS Objectors have therefore failed to demonstrate "formal legal prejudice as a result of the settlement[s,]" *Waller*, 828 F.2d at 583, compelling the conclusion that they lack non-party standing to object to the amended settlements.

### 3.   ORS/NRS Objectors Also Lack Standing To Object To The Requested Attorney Fee Award

IPP Counsel has requested that the Court reduce the aggregate fee award from $158,606,250 plus interest to $129,606,250 plus interest, or 23.66% of the new total settlement fund of $547,750,000, plus interest.[25] *See* Motion (ECF No. 5587) at 24-25, 30-32. The Motion summarized this Court's prior findings on the *Vizcaino* factors[26] and demonstrated that it is unnecessary for the Court to revisit them, particularly in light of the $29 million reduction in the requested fee and the fact that class members are not adversely affected. Motion at 24-25, 30-32.

---

[22] *See, e.g., id.* at 5, 7-9 (describing IPPs' motion to remand in the Ninth Circuit, and IPPs' alternative solutions to resolve the objections to the settlements).

[23] *See id.* at 19-31 (ORS Objectors' CMC Statement advocating that the Court should vacate settlement approval and decertify the settlement class).

[24] *See* ECF No. 5537 (IPPs' opposition to ORS Plaintiffs' motion to vacate the settlements).

[25] The new total settlement fund is $576,750,000 plus interest, minus $29,000,000, equaling $547,750,000 plus interest.

[26] *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-49 (9th Cir. 2002).

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTIONS TO AMENDED SETTLEMENTS**

1   The Court agreed, noting "that [the] award will be lower both in absolute numbers and on

2   an hourly basis than the award the Court approved in 2016 – particularly given that counsels'

3   work in reaching the current agreement will not be separately compensated." Preliminary

4   Approval Order at 16, n. 13. The Court therefore concluded that, "there is no need for class

5   counsel to file a further motion for attorney's fees." *Id.* The Order further provided that "[a]ny

6   member of the 22 Indirect Purchaser State Classes who submitted a claim in or objected to the

7   2016 Settlements may now ask the Court to object to the attorney's fees award." *Id.*

8   Ignoring this instruction, ORS/NRS Objectors—who are not class members and have not

9   filed claims against the settlements—object to the requested fee award. Obj. at 13-14. But only "a

10   class member, or a party from whom payment is sought" may object to class counsel's proposed

11   attorney fee award. Fed. R. Civ. P. 23(h)(2). *See also Rodriguez v. Disner*, 688 F.3d at 660 n.11

12   (citing *Knisley v. Network Assocs., Inc.,* 312 F.3d at 1128 ("objectors who do not participate in a

13   settlement lack standing to challenge class counsel's . . . fee award because, without a stake in the

14   common fund pot, a favorable outcome would not redress their injury").

15   The ORS/NRS Objectors have no stake in the settlements, and a further reduction in IPP

16   Counsel's fee award will not benefit them in any way. Indeed, as already explained, the $29

17   million reduction is not "tied directly" to the value of the ORS/NRS claims (Obj. at 14);

18   ORS/NRS Objectors remain free to determine the value of the ORS/NRS claims as part of any

19   separate settlement with the Defendants. ORS/NRS Objectors therefore lack standing and their

20   objections to IPP Counsel's fee award should be stricken.

21   Their objections to the fee award also lack merit. ORS/NRS Objectors fail to make any

22   specific objection to the requested percentage fee of 23.66% of the new total settlement fund, or

23   acknowledge that it is almost 20% less than the amount the Court previously awarded to IPP

24   Counsel. They also fail to explain why that percentage award—which is lower than the Ninth

25   Circuit's 25% benchmark—and the new multiplier of 1.59, are too high under the circumstances

26   of this case. *See Vizcaino*, 290 F.3d at 1048 (the court must determine the appropriate percentage

27   by "tak[ing] into account all of the circumstances of the case.").

28

Rather, ORS/NRS Objectors rely upon conclusory assertions of "lawyer[] misconduct" and that the fee award is "excessive," because it does not account for the delays in compensating class members. Obj. at 14 (citing *Rodriguez v. Disner,* 688 F.3d at 653). ORS/NRS Objectors do not explain how *Disner* should apply here. Moreover, they ignore that IPP Counsel have not requested additional fees for work performed after September 2015, and that claimants will receive the same amount they would otherwise have received. As noted, *no claimant* has objected to IPP Counsel's reduced fee request. In addition, the work performed by IPP Counsel over the last four and a half years absolutely provided value to class members in the 22 States. *See* Section II.B., *supra*.

Finally, IPPs note that despite receiving constitutionally adequate notice of IPP Counsel's prior fee request, none of the ORS/NRS Objectors objected to IPP Counsel's original fee request. In fact, Garavanian and Talewsky—the only two objectors who filed objections to the original settlements—stated that they did *not* object to the fee request. ECF No. 4113 at 9 ("No objection is made as to Class Counsel's request of one-third of the total Settlement for attorneys' fees for the result they have achieved."). They provide no explanation for suddenly changing their tune.

### B. The Settlement Amendments And The Appointment Of Separate Counsel Resolve ORS/NRS Objectors' Adequacy Of Representation Concerns

ORS/NRS Objectors argue that adequacy of representation problems persist because they are still members of the nationwide class entitled to equal treatment by IPP Counsel, and excluding them from the amended settlements denies them equal treatment. Obj. at 5-10. But this Court has already rejected their claims that they should have been included in the amended settlements:

> I don't tell people who to settle with.  I was asked vehemently -- well, vehemently. I was asked with great conviction if I would please appoint separate lawyers for these subclasses because I was told: We wish to fight. Good, fight. But please don't tell me to tell some party that wants to settle with fewer than everybody that they have to talk only to everybody. I just don't think that's the way it works.

Aug. 8, 2019 Case Management Conf. Tr. at 7:8-16. *Accord Quad/Graphics, Inc. v. Fass*, 724 F.2d at 1233 ("[T]he court should not intercede in the plaintiff's decision to settle with certain parties, unless a remaining party can demonstrate plain legal prejudice."). Further, the Court has

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTIONS TO AMENDED SETTLEMENTS**

1  already concluded that any adequacy of representation concerns are mooted by the appointment of

2  separate counsel for the ORS/NRS and the amendments to the settlements removing the ORS/NRS

3  from the settlement class. *See* Preliminary Approval Order at 11; *see also Bostick v. Herbalife Int'l

4  *of Am., Inc.,* No. CV 13-2488 BRO (SHX), 2015 WL 12731932, at *29 (C.D. Cal. May 14, 2015)

5  (overruling former class members' objection that they were excluded from amended settlements

6  because the amendments "ensure that such individuals' claims will not be released pursuant to the

7  settlement. Thus, these individuals will not suffer any disparate treatment or prejudice.").

8      Moreover, Rule 23(a)(4)'s adequacy of representation requirements indisputably apply

9  only to class members. "To determine whether named plaintiffs will adequately represent a class,

10  courts must resolve two questions: '(1) do the named plaintiffs and their counsel have any

11  conflicts of interest *with other class members* and (2) will the named plaintiffs and their counsel

12  prosecute the action vigorously *on behalf of the class*?'" *Ellis v. Costco Wholesale Corp.*, 657 F.3d

13  970, 985 (9th Cir. 2011) (citations omitted). ORS/NRS Objectors concede that they are not class

14  members, and that they are represented by separate counsel. The named IPP plaintiffs and IPP

15  Counsel no longer represent them. Thus, their cited cases requiring equal treatment of class

16  members (Obj. at 5, 6, 8)—all of which involve the same class counsel representing a single class

17  or subclasses—are inapposite.

18      Likewise inapposite are ORS/NRS Objectors' cases addressing "claim splitting" (*id*. at 7)

19  and settlements attempting to resolve and release claims alleged in competing class actions. *Id*. at

20  9.  In *Fosmire v. Progressive Max. Ins. Co.*, 277 F.R.D. 625 (W.D. Wash. 2011), the court denied

21  class certification because the named plaintiff had defined the class to exclude "stigma damages,"

22  which were only available to absent class members in other states. *Id*. at 634. This "claim-

23  splitting" rendered the named plaintiff an inadequate representative because those class members

24  "risk[ed] being prevented by the doctrines of claim or issue preclusion from ever pursuing stigma

25  damages in another lawsuit." *Id*. Here, ORS/NRS Objectors are no longer members of the class,

26  and the amended settlements provide that their claims are not released. Thus, there is no risk the

27  amended settlements will preclude ORS/NRS Objectors from pursuing their claims.

28

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTIONS TO AMENDED SETTLEMENTS**

Similarly, in *In re Bank Am. Wage & Hour Emp't Litig.,* 740 F. Supp. 2d 1207 (D. Kan. 2010) (Obj. at 9), the court enjoined the settlement of a competing class action because it purported to settle and release claims on behalf of a subgroup of MDL class members. *Id.* at 1217-1218. The amended settlements here do no such thing; ORS/NRS Objectors remain free to pursue the claims of the ORS/NRS, and may settle these claims (or not) at *whatever* value they determine.

In *In re General Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106 (7th Cir. 1979) (Obj. at 9), the Illinois Attorney General, who had <u>not</u> been appointed as class counsel, engaged in unauthorized settlement negotiations "in violation of the trial court's pretrial order." *Id.* at 1125-28. That situation does not exist here. IPP Counsel engaged in settlement negotiations pursuant to Court Order (ECF No. 5523), *after* the Court's appointment of separate counsel for the ORS/NRS Plaintiffs, and the negotiations were mediated by a Magistrate Judge. In addition, the Attorney General negotiated a settlement for a subgroup of the certified class, yet the settlement obligated the Attorney General to settle the entire class action. *Id.* at 1128-29. By contrast, here, the scope of the amended settlements aligns with the scope of the 22 statewide classes certified during the litigation, and the amendments provide that the ORS/NRS claims are not released.

Lastly, ORS/NRS Objectors' contention that their claims are "equally situated" vis-à-vis the claims of class members in the 22 States (Obj. at 8-9) is incorrect. The ORS claims were either never part of this litigation prior to the settlements, or were alleged and dismissed. ECF No. 5486 at 2-8 (explaining procedural history and efforts to bring claims for additional states). Likewise, although alleged, IPPs did not seek certification of the NRS Plaintiff's injunction claim because Defendants were no longer making CRTs and were unlikely to do so in the future. IPPs also never sought equitable monetary relief as the NRS Plaintiff purports to do. As a result, the ORS/NRS Objectors' claims have not been tested; classes have not been certified; they are not prepared for trial; and the ORS/NRS claims face unique defenses inapplicable to the 22 States' claims.

In contrast, the 22 States' claims have survived two rounds of motions to dismiss; have been certified as statewide damages classes; have survived summary judgment; and were almost

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTIONS TO AMENDED SETTLEMENTS**

1    fully prepared for trial at the time of the original settlements. Thus, while the ORS/NRS claims

2    may be based on a common theory of recovery, they are in a very different procedural posture.

3              **C.   This Court Has Subject Matter Jurisdiction Over The Amended Settlements**

4              Objectors contend that if the Court properly denied them intervention into the MDL on

5    jurisdictional grounds, then "at least half" of the 22 states have the same jurisdictional problem

6    because representatives for those claims were added through amendments to the operative MDL

7    complaints. Obj. at 10-11. Objectors are incorrect.

8              At the outset, ORS/NRS Objectors cite no support for their vague contentions beyond

9    listing the States they claim have a problem. Contrary to their contentions, however, all 22 of

10   IPPs' state law claims were alleged by plaintiffs with standing in separate, pre-MDL actions.

11   These actions were properly transferred to this Court by the JPML and consolidated in the MDL,

12   or related to the MDL pursuant to L.R. 3-12(b). *See, e.g.*, ECF Nos. 24, 122, 149, 157, 253. This

13   Court therefore has subject matter jurisdiction over IPPs' 22 state law claims.[27] IPPs' subsequent

14   amendments to the consolidated complaints simply substituted new plaintiffs for claims that were

15   already properly part of the MDL. This is accepted procedure in numerous MDL proceedings. *See,*

16   *e.g.*, *In re Lidoderm Antitrust Litig.,* No. 14 MD 02521 (WHO), 2017 WL 679367, at *26 (N.D.

17   Cal. Feb. 21, 2017) (granting MDL plaintiffs leave to substitute in a new class representative);

18   *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 CV 5450 (NRB), 2017 WL 4174925,

19   at *1 (S.D.N.Y. Sept. 8, 2017) (same).

20             In any event, it is well-settled that a court may approve the release of claims over which it

21   has no subject matter jurisdiction where, as here, the state law claims arise from the same nucleus

22   of operative facts as the federal claims properly before it. *See Class Plaintiffs v. City of Seattle*,

23   _____

24   [27] *See Melendres v. Arpaio*, 784 F.3d 1254, 1262 (9th Cir. 2015) ("[O]nce the named plaintiff

25   demonstrates her individual standing to bring a claim, the standing inquiry is concluded, and the
     court proceeds to consider whether the Rule 23(a) prerequisites for class certification have been

26   met."); ECF No. 5518 (unnecessary to have named plaintiffs for every state at the pleading stage
     because the court has discretion to defer questions of standing and adequacy of representation until

27   class certification) (citing *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1068-74 (N.D. Cal. 2015)).

28

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTIONS TO AMENDED SETTLEMENTS**

955 F.2d at 1288 (a court need not "actually exercise subject matter jurisdiction over the claims to approve their release").[28] Thus, the Court may properly approve the amended settlements.

### D.  IPP Counsel Did Not Negotiate The Value Of The ORS/NRS Claims

By agreeing to reduce the settlement amounts by $29 million, IPP Counsel did not, as ORS/NRS Objectors contend (Obj. at 11-12), negotiate the value of the ORS/NRS claims. IPP Counsel negotiated reduced settlement amounts for class members in the 22 States to resolve the issues raised with the original settlements and ensure that class members received the same amount as before. There is no basis to suggest that the $29 million reduction somehow limits any future settlement on behalf of the ORS/NRS subclasses.

ORS/NRS Objectors are free to negotiate settlements of more or less than $29 million with Defendants or choose to go to trial, depending on their assessment of the risks of continued prosecution. The amended settlements neither extinguish nor prejudice the value of their claims in the slightest—indeed, as further described below, IPPs have enhanced the value of the ORS/NRS claims. Thus, there was no conflict of interest and no harm done to the interests of the ORS/NRS Objectors by IPP Counsel's negotiation of reduced settlement amounts for the 22 States.

### E.  The Objections To The Notice Program Lack Merit

ORS/NRS Objectors argue that the notice was defective because "ORS and NRS class member[s] [sic] have never received adequate notice of the settlements in the litigation—the first round or the present one—or of IPP Counsel's failure to pursue the ORS state law damages claims

---

[28] *See also, e.g., In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 261 F.3d 355, 366 (3d Cir. 2001) ("[A] judgment pursuant to a class settlement can bar later claims based on the allegations underlying the claims in the settled class action. This is true even though the precluded claim was not presented, and could not have been presented, in the class action itself") (citing, *inter alia, Class Plaintiffs*, 955 F.2d at 1288); *Pearson v. P.F. Chang's China Bistro, Inc.*, No. 13-CV-2009 JLS (MDD), 2018 WL 2316885, at *1 n.2 (S.D. Cal. May 21, 2018) ("The Court does not have subject matter jurisdiction over the parties in the [state court] action. However, the claims asserted against Defendant in the [state court] action arise from the same common nucleus of operative fact as *Pearson* and *Andrade.* Therefore, the Court may release a claim 'based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented and might not have been presentable in the class action.'") (citations omitted).

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTIONS TO AMENDED SETTLEMENTS**

1    . . . ." Obj. at 12-13. ORS/NRS Objectors also attempt to incorporate by reference and "re-assert"

2    their counsel's objections to the original notice program. *Id.* at 13. Their objections lack merit.

3    First, with regard to the recent notice of the amended settlements, ORS/NRS Objectors fail

4    to rebut this Court's holding that IPPs "need not provide any additional notice to members of the .

5    . . former settlement classes" because "[t]he amendments [] do not adversely affect the rights of

6    the ORS and NRS Subclasses." Preliminary Approval Order at 18-19. This holding is consistent

7    with Rule 23(e)(1), which provides that "[t]he court must direct notice in a reasonable manner to

8    *all class members who would be bound by the proposal . . . ."* Rule 23(e)(1) (emphasis added).

9    *See also Keepseagle v. Vilsack*, 102 F. Supp. 3d 306, 312 (D.D.C. 2015) ("[T]he touchstone for

10   Rule 23(e) is whether the proposal would bind class members."). Because the ORS/NRS Objectors

11   are not members of the amended settlement class, and "retain any claims that they previously

12   possessed, if any," (Preliminary Approval Order at 19), they are not bound in any way. There was

13   therefore no need to provide them with notice of the amended settlements.

14   Second, ORS/NRS Objectors' attempt to re-assert their counsel's (Scarpulla and C&K)

15   objections to the prior notice program is likewise flawed. This Court rejected their baseless

16   contentions that the notice targeted the wrong demographics and that the "reach" statistics were

17   inflated, concluding that IPPs' original notice program "provided the best practicable notice to

18   class members." ECF No. 4712 at 9; *see also* Preliminary Approval Order at 18 (reaffirming that

19   class members received the "best notice practicable"). ORS/NRS Objectors fail to demonstrate

20   that these conclusions are incorrect. Moreover, Scarpulla's and C&K's appeals of this Court's

21   final approval order were dismissed for lack of standing, and no other objector appealed the

22   adequacy of the notice. Therefore, there is no basis to revisit the Court's findings now.

23   Finally, Objectors cite no legal authority for their contention that IPPs should have

24   provided notice to ORS purchasers that IPPs were not pursuing their claims. Nonetheless, IPPs *did*

25   provide such notice on multiple occasions throughout the litigation. *See* ECF Nos. 1063-1 & 1063-

26   2 (notice of Chunghwa settlement in 2011); 2511, 2512 (notice of LG settlement and certification

27   of 22 statewide classes in 2013); 4371-1, 4371-2 (notice of original settlements in 2015). In

28

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTIONS TO AMENDED SETTLEMENTS**

addition, the Attorneys General of all 50 states were served with notice of each of the settlements, and the amended settlements, totaling hundreds of separate notices between 2011 and 2019.

### F.   The ORS/NRS Objectors Benefit From The Amendments To The IPPs' Settlements

Far from being prejudiced by the amended settlements, the ORS/NRS Objectors and the subclasses they seek to represent will benefit from them. They are no longer releasing any claims, and are free to make any and all available arguments in prosecuting their claims.

Moreover, in asserting those claims, they will benefit substantially from IPPs' successful litigation of the case, including, *inter alia* (1) IPPs' briefing, exhibits and expert report in support of class certification and the order granting class certification of the 22 statewide classes; (2) transcripts of hundreds of depositions and the exhibits thereto (including certified translations), as well as designations of those transcripts prepared for trial; (3) fully briefed oppositions to motions for summary judgment containing analysis of the best evidence in the case; (4) IPPs' damage study that can be easily adapted to present damages for the ORS/NRS Plaintiffs; and (5) a list of trial exhibits culled from millions of pages of documents, as well as other trial materials. IPP Counsel spent a significant amount of time gathering and organizing these valuable case materials and providing them to counsel for the ORS/NRS Objectors. *See* ECF No. 5636.

Yet, this is not enough. The ORS/NRS Objectors (or their counsel), not only want the benefits of all of the work performed by the IPPs and their counsel, they also want IPPs and their counsel to stay in the case and negotiate a settlement on their behalf.  In sum, having received the separate representation they have been demanding, as well as the ability to direct their own litigation and settlement strategy, they do not want it. However, the ORS/NRS Objectors cannot turn back the clock; they must step up and litigate their claims.

### CONCLUSION

While the Court could reject the objections to the amended settlements solely for failure to demonstrate standing, IPPs respectfully request that the Court overrule all objections on the merits so that there is a complete record before the Ninth Circuit on appeal. In addition, IPPs respectfully request that the Court grant the relief (1) – (4), as prayed for in the Introduction.

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTIONS TO AMENDED SETTLEMENTS**

Dated: June 12, 2020                    Respectfully submitted,

                                        By:   _/s/ Mario N. Alioto_
                                              MARIO N. ALIOTO (56433)
                                              LAUREN C. CAPURRO (241151)
                                              **TRUMP, ALIOTO, TRUMP &**
                                              **PRESCOTT, LLP**
                                              2280 Union Street
                                              San Francisco, California 94123
                                              Telephone: (415) 563-7200
                                              Facsimile: (415) 346-0679

                                              *Lead Counsel for the Indirect*
                                              *Purchaser Plaintiffs for the 22 States*