Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Class Counsel for the*
*Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 4:07-cv-5944-JST<br>Case No.: 4:13-cv-03234-JST |
| This Document Relates to:<br><br>INDIRECT PURCHASER ACTIONS FOR THE 22 STATES | MDL NO. 1917<br><br>**DECLARATION OF JOSEPH M. FISHER RE:  IMPLEMENTATION OF NOTICE PLAN**<br><br>Hearing Date:  July 8, 2020<br>Time:            2:00 p.m.<br>Courtroom:   6, 2nd Fl. (Oakland)<br>Judge:          Hon. Jon S. Tigar |

I, Joseph M. Fisher, declare:

**INTRODUCTION**

1.     <u>Identification</u>.   I am the president of The Notice Company, Inc., a Massachusetts corporation with offices at 94 Station Street, Hingham, MA 02043 ("The Notice Company" or "Settlement Administrator"). The Notice Company is principally engaged in the administration of class action settlements and lawsuits pending in courts around the United States, including the dissemination of notice to class members, administering the claims process, and distributing the proceeds of the litigation to the class.  I have over 15 years of experience assisting attorneys with class action notices and claims administration.  I am also a member in good standing of the bars of the Commonwealth of Massachusetts, the District of Columbia, and the Commonwealth of Virginia.  I am over 21 years of age and not a party to this action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify thereto under oath.

2.     <u>Settlements</u>.   The Notice Company has served as the Settlement Administrator for the cathode ray tube ("CRT") indirect-purchaser plaintiffs ("IPP") settlements with Chunghwa Picture Tubes, Ltd; the LG Electronics defendants (LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics Taiwan Taipei Co., Ltd); the Philips defendants (Koninklijke Philips N. V. (f/k/a Koninklijke Philips Electronics N. V.); Philips Electronics North America Corporation; Philips Taiwan Limited (f/k/a Philips Electronics Industries (Taiwan), Ltd.); and Philips do Brasil, Ltda. (f/k/a Philips da Amazonia Industria Electronica Ltda.)); the Panasonic defendants (Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.); Panasonic Corporation of North America; MT Picture Display Co., Ltd.; and an affiliate of Panasonic Corporation, Beijing Matsushita Color CRT Co., Ltd.); the Hitachi defendants (Hitachi, Ltd.; Hitachi Displays, Ltd. (n/k/a Japan Display Inc.); Hitachi Electronic Devices (USA), Inc.; Hitachi Asia, Ltd.; and Hitachi America, Ltd.); the Toshiba defendants (Toshiba Corporation; Toshiba America Information Systems, Inc.; Toshiba America Consumer Products, L.L.C.; and Toshiba America Electronic Components, Inc.); the Samsung SDI defendants (Samsung SDI Co. Ltd; Samsung SDI America, Inc.; Samsung SDI Brasil, Ltda.; Tianjin Samsung SDI Co., Ltd.; Shenzhen Samsung SDI Co., Ltd; Samsung SDI Malaysia Sdn. Bhd; and Samsung SDI Mexico S.A. de C. V.); the Thomson defendants (Technicolor SA (f/k/a Thomson SA)

and Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.); and Technologies Displays Americas LLC (f/k/a Thomson Americas LLC). These settlements are collectively referred to as the "Settlements."

3.     Notice Plan for Amendments to Settlements. In my prior Declaration dated September 16, 2019, I reviewed the limited notice plan that was proposed for the Amendments to the Settlements as described in the Indirect Purchaser Plaintiffs' Motion pursuant to Ninth Circuit mandate to Reconsider and Amend Final Approval Order, Final Judgment and Fee Order, filed September 16, 2019 (ECF No. 5587). The Court granted IPP Plaintiffs' request "to provide limited notice to certain class members" as set forth in the Order Granting Motion for Preliminary Approval filed March 11, 2020 (ECF No. 5695) (the "Preliminary Approval Order").

4.     Purpose of Declaration.  This Declaration describes and confirms implementation of the notice plan as approved in the Preliminary Approval Order. The notice plan required (a) direct notice by email or mail to certain class members and (b) notice via the Settlement Website.

5.     Direct Notice to Class Members.  The Settlement Administrator implemented a plan to provide direct notice by email and/or mail to those class members who previously filed claims, objected to or excluded themselves from the Settlements, or who otherwise requested that they be notified of developments in this case (the "Notice List"). The Notice List consisted of 94,321 entries. For those claimants represented by a claims aggregator or third-party claim-submission company ("Claims Aggregator"), only the Claims Aggregator was included on the Notice List as the authorized representative of its clients.  After a review and analysis of the contact information provided by persons or entities on the Notice List, the Settlement Administrator determined that 92,170 entries on the Notice List had provided an email address that appeared to be valid and deliverable. For those entries, the Settlement Administrator sent an Email Notice in the form attached hereto as **Exhibit A**. Emails were sent during the period March 27 - 29, 2020. Entries on the Notice List without a valid and deliverable email address were sent a Postcard Notice in the form attached hereto as **Exhibit B**. Postcards were mailed on March 27, 2020, to 2,151 recipients. Prior to mailing the Postcard Notices, the mailing addresses on the Notice List were updated utilizing the NCOA[Link] service as licensed by the U.S. Postal Service. The NCOA[Link] process improves mail deliverability by providing mailers with

current, standardized, delivery point coded addresses for individual, family, and business moves. The NCOA[Link] process attempts to match each name and address on the mailing list against the NCOA[Link] database consisting of approximately 160 million records of 48 months of permanent address changes as filed by relocating postal customers.  For those claimants represented by a Claims Aggregator, each Claims Aggregator was sent a notice in the form attached hereto as **Exhibit C** whereby each Claims Aggregator was instructed to directly notify its clients of the notice. Subsequent to the initial dissemination of notices by email, the Settlement Administrator was notified that 8,562 emails had "bounced" and were not deliverable; consequently, a Postcard Notice was sent to the mailing address of those recipients.[1]  Subsequent to the initial dissemination of notices by mail, the Settlement Administrator was notified that 711 Postcard Notices had been returned as undeliverable. The Settlement Administrator conducted skip traces in an effort to obtain additional address information for recipients with undeliverable addresses, which resulted in remailing of the Postcard Notice to 378 recipients. Overall, direct notice was sent to 100% of the persons or entities on the Notice List but was not received by 0.7%, for an overall success rate of 99.3%.

6.     Content of the Notices.  The Postcard Notice and Email Notice each (a) provided a summary of  the Amendments to the Settlements and the reduced fee award, (b) stated that May 29, 2020, was the deadline for submitting objections or comments, (c) stated that the Fairness Hearing was scheduled for July 8, 2020, and (d) directed recipients to obtain the Detailed Notice and additional information at **www.CRTclaims.com** (the "Settlement Website").

7.     Notice on the Settlement Website. On March 27, 2020, the Settlement Website was updated to include a Detailed Notice concerning the Amendments to the Settlements in the form attached hereto as **Exhibit D**. A Spanish-language version of the Detailed Notice was also posted at the Settlement Website in the form attached hereto as **Exhibit E**. Copies of the Motion to Reconsider and Amend Final Approval Order, Final Judgment and Fee Order, including copies of the Amendments to Settlements, were also posted on the Settlement Website.  The Settlement Website

---

[1] Among the 8,562 emails that were undeliverable, there were 298 intended recipients who had no associated mailing address and could not be reached by mail. None of those 298 intended recipients represents a valid claim.  Consequently, a Postcard Notice was mailed to the remaining 8,264 recipients.

highlights the dates for the Fairness Hearing and the deadline for submissions in connection with that hearing. Attached hereto as **Exhibit F** are copies of the "Home" page, "Settlement Documents" page and "Objections" page of the Settlement Website. Commencing as of March 27, 2020, and through the date hereof, there have been 20,406 visits to the Settlement Website by 15,326 unique visitors who have viewed or downloaded a total of 81,913 pages. The Settlement Website continues to be available online.

        8.    <u>No Objections Received by the Settlement Administrator</u>. The Email Notice, Postcard Notice, Detailed Notice and Settlement Website all informed class members that objections should be filed with the Court by May 29, 2020. The Settlement Administrator has received no objections to the Settlements as amended by the Amendments or to the reduced attorneys' fees request, although I am aware that objections were filed with the Court.

        9.    <u>Claims Declaration</u>. In order to file an acceptable claim in this case, all class members have been required to at least submit a declaration under penalty of perjury regarding their CRT purchases.[2]

    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

    Executed at Hingham, Massachusetts, this 12th day of June, 2020.

                                  _____

                                  JOSEPH M. FISHER

---

[2] The Claim Form includes, above the signature line, the following declaration: "I declare under penalty of perjury under the laws of the United States of America, that the information provided in this Claim Form is true and correct to the best of my knowledge and belief." The same declaration language was included in the online claim form.

# DECLARATION OF JOSEPH M. FISHER

# EXHIBIT A

**From:**       CRT Indirect Purchaser Settlement Administrator
**To:**
**Subject:**    Important Legal Notice regarding Amendments to CRT Class Action Settlements
**Date:**       Saturday, March 28, 2020 12:31:53 PM

Court Ordered Notice

## CRT Indirect Purchaser Class Action Settlements

*In re: Cathode Ray Tube (CRT) Antitrust Litigation (MDL No. 1917)*

# Important Legal Notice for Indirect Purchasers of CRT Products regarding Amendments to Class Action Settlements

This Notice is authorized by the U.S. District Court for the Northern District of California in the case entitled ***In re: Cathode Ray Tube (CRT) Antitrust Litigation***, MDL No. 1917. This is not a solicitation from a lawyer.

This notice is for persons and entities that submitted claims, excluded themselves, objected to or requested information in connection with six settlements of lawsuits brought on behalf of indirect purchasers of televisions, computer monitors and other products containing a Cathode Ray Tube ("CRT Products").  The lawsuits are titled *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, in the U.S. District Court for the Northern District of California.  The address of the Court is 1301 Clay Street, Suite 400 S, Oakland, CA 94612.

Amendments to the six settlements have been reached with the defendants.

Copies of the Amendments to the settlements and a more detailed notice regarding the Amendments are available online at www.CRTclaims.com or by calling toll-free at 1-800-649-0963.

Please read the notice carefully. Your legal rights may be affected whether or not you act.

Under the Amendments, the six settlements now: (1) total $512,750,000 plus accrued interest; (2) provide that Class Counsel will reduce their attorneys' fee request by $29,000,000 so that the net settlement fund after deducting attorneys' fees is unchanged; (3) apply only to consumers who purchased CRT Products in AZ, D.C., CA, FL, HI, IA, KS, ME, MI, MN, MS, NE, NV, NM, NY, NC, ND, SD, TN, VT, WV, and WI; and (4) do not apply to claims for consumer purchases made in all other jurisdictions, which claims are no longer being released.

The Court previously approved settlements with two other defendants, Chunghwa and LG, for

$35,000,000. Those settlements are final and are not impacted by the Amendments. The total for all settlements reached in this litigation is now $547,750,000.

Your options at this time are:

- **Do nothing.** Any valid claim you submitted will be paid after the Court grants final approval and after any appeals are resolved.
- **Object by May 29, 2020.** You or your attorney may file with the Court, at the address listed above, objections to the amendments to the settlements or to the request for attorneys' fees. Objections must be written, signed and dated and include the following information:
  - Your name, address, telephone number, and if you are being assisted by a lawyer, the lawyer's name, address and telephone number;
  - The Action name and number (*In Re: Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917*);
  - Proof of membership in one or more of the 22 Indirect Purchaser State Classes; and
  - A brief explanation of your reasons for objecting.
- **Attend the hearing on July 8, 2020.** You and/or your attorney may attend the Court's hearing on approval of the amended settlements and the attorneys' fee request. This hearing date may change. Check the website listed below for updates.
- **Detailed notice and electronic payment.** You may obtain a more detailed notice here, and claimants may sign up for electronic payment here, or may do either at the website listed below or by contacting the Settlement Administrator.

CRT Settlement Administrator

1-800-649-0963

www.CRTclaims.com

CRT Indirect Purchaser Settlement Administrator

The Notice Company, P.O. Box 778, Hingham, MA, 02043

Unsubscribe - Unsubscribe Preferences

# DECLARATION OF JOSEPH M. FISHER

# EXHIBIT B

This notice is for persons and entities that submitted claims, excluded themselves, objected to, or requested information in connection with six settlements of lawsuits brought on behalf of indirect purchasers of televisions, computer monitors and other products containing a Cathode Ray Tube ("CRT Products"). The lawsuits are titled ***In re: Cathode Ray Tube (CRT) Antitrust Litigation,*** MDL No. 1917, U.S. District Court for the Northern District of California.

Under the amendments, the six settlements now (1) total $512,750,000 plus accrued interest; (2) provide that Class Counsel will reduce their attorneys' fee request by $29,000,000 so that the net settlement fund after deducting attorneys' fees is unchanged; (3) apply only to consumers who purchased CRT Products in AZ, D.C., CA, FL, HI, IA, KS, ME, MI, MN, MS, NE, NV, NM, NY, NC, ND, SD, TN, VT, WV, and WI; and (4) no longer release claims for consumer purchases made in all other jurisdictions. Your options at this time are:

- **Do nothing.** Any valid claim you submitted will be paid after the Court grants final approval and after any appeals are resolved.

- **Object by May 29, 2020.** You or your attorney may file with the Court objections to the amendments to the settlements or to the request for attorneys' fees.

- **Attend the hearing on July 8, 2020.** You and/or your attorney may attend the Court's hearing on approval of the amended settlements and attorneys' fee request. This hearing date may change. Check the website listed below for updates.

- **Detailed notice and electronic payment.** You may obtain a more detailed notice, and claimants may sign up for electronic payment of their claims at the website listed below or by contacting the Settlement Administrator.

For complete information or to obtain the Detailed Notice, go to: **www.CRTclaims.com.**
You may contact the Settlement Administrator at 1-800-649-0963 or by writing to:
CRT Claims, c/o The Notice Company, P.O. Box 778, Hingham, MA 02043.
Para una notificación en Español, llamar o visitar nuestro website.

# Important Legal Notice for Indirect Purchasers of CRT Products:

## Amendments to six settlements have been reached with defendants in class action lawsuits.

## Further information is available at
## **www.CRTclaims.com**

---

CRT Claims
c/o The Notice Company
P. O. Box 778
Hingham, MA 02043

**ELECTRONIC SERVICE REQUESTED**

PRESORTED
FIRST CLASS
U.S. POSTAGE
**PAID**
FPI



Postal Service: Do Not Mark or Cover Barcode

LK46

# DECLARATION OF JOSEPH M. FISHER

# EXHIBIT C

**From:**      CRT Indirect Purchaser Class Action - Audit
**To:**
**Bcc:**
**Subject:**   Important Legal Notice regarding Amendments to CRT Class Action Settlements
**Date:**      Friday, March 27, 2020 9:45:54 PM

March 27, 2020

Dear                                    ,

Please see below for a Court-ordered notice in connection with the CRT Indirect Purchaser Class Action Settlements, ***In re: Cathode Ray Tube (CRT) Antitrust Litigation*** (MDL No. 1917).

You previously submitted claims in these Settlements on behalf of numerous clients. **We request that you directly notify your clients of this notice.** If there are claimants that you no longer represent, please reply back to this email and inform us of their name and contact information (email and regular mail) so that we can follow up with them.

Updated information on these settlements is available at www.CRTclaims.com.

Thank you.

Settlement Administrator
CRT Indirect Purchaser Class Action Settlements

---------------------------------------------------------

**Court Ordered Notice**
## CRT Indirect Purchaser Class Action Settlements
*In re: Cathode Ray Tube (CRT) Antitrust Litigation (MDL No. 1917)*

## Important Legal Notice for Indirect Purchasers of CRT Products regarding Amendments to Class Action Settlements

This Notice is authorized by the U.S. District Court for the Northern District of California in the case entitled ***In re: Cathode Ray Tube (CRT) Antitrust Litigation***, MDL No. 1917. This is not a solicitation from a lawyer.

This notice is for persons and entities that submitted claims, excluded themselves, objected to or requested information in connection with six settlements of lawsuits brought on behalf of indirect purchasers of televisions, computer monitors and other products containing a Cathode Ray Tube

("CRT Products").  The lawsuits are titled ***In re: Cathode Ray Tube (CRT) Antitrust Litigation***, MDL No. 1917, in the U.S. District Court for the Northern District of California.  The address of the Court is 1301 Clay Street, Suite 400 S, Oakland, CA 94612.

**Amendments to the six settlements have been reached with the defendants.**

Copies of the Amendments to the settlements and a more detailed notice regarding the Amendments are available online at www.CRTclaims.com or by calling toll-free at 1-800-649-0963.

Please read the notice carefully. Your legal rights may be affected whether or not you act.

Under the Amendments, the six settlements now: (1) total $512,750,000 plus accrued interest; (2) provide that Class Counsel will reduce their attorneys' fee request by $29,000,000 so that the net settlement fund after deducting attorneys' fees is unchanged; (3) apply only to consumers who purchased CRT Products in AZ, D.C., CA, FL, HI, IA, KS, ME, MI, MN, MS, NE, NV, NM, NY, NC, ND, SD, TN, VT, WV, and WI; and (4) do not apply to claims for consumer purchases made in all other jurisdictions, which claims are no longer being released.

The Court previously approved settlements with two other defendants, Chunghwa and LG, for $35,000,000.  Those settlements are final and are not impacted by the Amendments.  The total for all settlements reached in this litigation is now $547,750,000.

Your options at this time are:

- **Do nothing.**  Any valid claim you submitted will be paid after the Court grants final approval and after any appeals are resolved.
- **Object by May 29, 2020.** You or your attorney may file with the Court, at the address listed above, objections to the amendments to the settlements or to the request for attorneys' fees. Objections must be written, signed and dated and include the following information:
  - Your name, address, telephone number, and if you are being assisted by a lawyer, the lawyer's name, address and telephone number;
  - The Action name and number (*In Re: Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917)*;
  - Proof of membership in one or more of the 22 Indirect Purchaser State Classes; and
  - A brief explanation of your reasons for objecting.
- **Attend the hearing on July 8, 2020.** You and/or your attorney may attend the Court's hearing on approval of the amended settlements and the attorneys' fee request.  This hearing date may change. Check the website listed below for updates.
- **Detailed notice and electronic payment.** You may obtain a more detailed notice here,

and claimants may sign up for electronic payment here, or may do either at the website listed below or by contacting the Settlement Administrator.

CRT Settlement Administrator

1-800-649-0963

www.CRTclaims.com

**DECLARATION OF JOSEPH M. FISHER**

**EXHIBIT D**

U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# Amendments to Settlements Have Been Reached With Seven Defendants in the Cathode Ray Tubes (CRT) Indirect Purchaser Class Actions

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

- Please read this notice carefully. Your legal rights may be affected whether or not you act.

- This is the fourth legal notice in the indirect purchaser litigation known as *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, in the U.S. District Court for the Northern District of California. There are nine settlements in this litigation involving alleged overcharges on the price of Cathode Ray Tube ("CRT") Products purchased indirectly from the Defendants. "CRT Products" include CRTs and products containing CRTs, such as televisions and computer monitors. "Indirectly" means that you purchased the CRT Product from someone other than a Defendant or alleged co-conspirator. For example, you bought a television containing a CRT from a retailer, such as Best Buy or Costco, or a computer monitor containing a CRT from Dell.

- The Court previously approved settlements with two Defendants, Chunghwa and LG, for $35,000,000. Six settlements with seven additional Defendants—Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson and TDA—totaling $541,750,000, were approved by Court in 2016 (the "2016 Settlements"). Thus, settlements with all nine defendants previously totaled $576,750,000.

- Plaintiffs have agreed to amend the 2016 Settlements to address objections by certain class members, and have entered into "Amendments" with each of the seven Defendants.

- The Amendments (1) reduce the total Settlement Amount for the six settlements by $29,000,000 to $512,750,000 plus accrued interest; (2) provide that Class Counsel will reduce their attorneys' fee request by $29,000,000 so that the net settlement fund for the 2016 Settlements after deducting attorneys' fees is unchanged; and (3) apply only to consumers who purchased CRT Products in Arizona, the District of Columbia, California, Florida, Hawaii, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, and/or Wisconsin (the "22 Indirect Purchaser State Classes). The Amendments provide that the 2016 Settlements do not release the claims of consumers who purchased CRT Products in all other states. All other terms of the 2016 Settlements remain the same. The total settlements among the nine defendants now total $547,750,000.

- This notice is directed to members of the 22 Indirect Purchaser State Classes who submitted a claim, objected to, requested exclusion from, or requested updates related to the 2016 Settlements.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE AMENDMENTS TO THE SETTLEMENTS | |
|---|---|
| **OBJECT BY MAY 29, 2020** | You or your attorney may file an objection with the Court explaining why you disagree with the Amendments to the 2016 Settlements and/or the request for attorneys' fees. *See* Question 10 for specifics. |
| **GO TO THE HEARING ON JULY 8, 2020** | You or your attorney may attend the hearing and ask to speak to the Court about the Amendments to the 2016 Settlements or attorneys' fees. *See* Questions 12 to14. |
| **DO NOTHING** | If you submitted a claim in the settlements, it will be processed and all valid claims will be paid after the Court grants final approval and after any appeals are resolved. |
| **NO RIGHT TO EXCLUDE YOURSELF** | You may no longer exclude yourself from 2016 Settlements. An opportunity to exclude yourself from the 2016 Settlements was already provided. The Amendments to the Settlements do not reduce the net settlement fund. |

These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

**VISIT www.CRTclaims.com OR CALL TOLL FREE 1-800-649-0963**
**PARA UNA NOTIFICACIÓN EN ESPAÑOL, VISITAR NUESTRO WEBSITE O LLAMAR**

| | |
|---|---|
| **WHAT THIS NOTICE CONTAINS** | |

**BASIC INFORMATION** ........................................................................................... Page 3
   1.  What is this Notice about?

**RECENT CASE HISTORY** ....................................................................................... Page 3
   2.  What happened to the Settlements after they were approved in 2016?
   3.  What happened after the Ninth Circuit remanded to the District Court in February 2019?

**THE AMENDMENTS TO THE SETTLEMENTS, INTEREST AND THE NEW TOTAL SETTLEMENT FUND** ................................................................................................. Page 4
   4.  What are the new terms of the Amendments to the 2016 Settlements?
   5.  Are other terms of the 2016 Settlements changed?  What about interest?
   6.  What is the new total settlement amount?

**IPP COUNSEL'S REDUCED REQUEST FOR ATTORNEYS' FEES** .................................. Page 4
   7.  What was IPP Counsel's prior attorneys' fees award in the case?
   8.  What is IPP Counsel's reduced fee request under the Amendments to the Settlements?

**THE LAWYERS REPRESENTING YOU** ..................................................................... Page 5
   9.  Do I have a lawyer representing me?

**OBJECTING TO OR COMMENTING ON THE AMENDMENTS TO THE SETTLEMENTS OR ATTORNEYS' FEES** ........................................................................ Page 5
  10.  How do I object or comment on the Amendments to the Settlements or attorney's fees?
  11.  May I exclude myself from the 2016 Settlements?

**THE FAIRNESS HEARING** ...................................................................................... Page 6
  12.  When and where will the Court consider the Amendments to the Settlements and request for attorneys' fees?
  13.  Do I have to come to the hearing?
  14.  May I speak at the hearing?

**GET MORE INFORMATION** .................................................................................... Page 7
  15.  Where can I get more information?

**SIGN UP FOR ELECTRONIC PAYMENT** .................................................................. Page 7
  16.  Can I sign up for electronic payment of my claim?

## BASIC INFORMATION

| 1. What is this Notice about? |
| --- |

This Notice is to inform you about Amendments to the 2016 Settlements that have been reached with the seven Defendants who are parties to the 2016 Settlements.

## RECENT CASE HISTORY

| 2. What happened to the Settlements after they were approved in 2016? |
| --- |

The District Court approved settlements in 2016 totaling $541,750,000. The 2016 Settlements, in conjunction with settlements previously entered with Chunghwa and LG for $35,000,000, provided for a total settlement fund of $576,750,000.

Certain individuals and entities objected to the 2016 Settlements (the "Objectors") on a number of grounds. The District Court overruled those objections and the Objectors appealed to the Ninth Circuit Court of Appeals.

In the Ninth Circuit, the Objectors objected to the release of claims by indirect purchasers who purchased CRT Products in states that did not qualify to participate in the distribution of the settlement fund pursuant to the approved plan of distribution. At oral argument, the Ninth Circuit panel expressed concern about whether it was proper to release claims for indirect purchases made in certain states when there were no named plaintiffs from those states and class members who made purchases in those states would not participate in distribution of the settlement fund. After court-ordered mediation in the Ninth Circuit was unsuccessful, and after unsuccessful motion practice in the District Court and in the Ninth Circuit, the Ninth Circuit panel, on February 13, 2019, remanded the case to the District Court to reconsider its approval of the settlements.

| 3. What happened after the Ninth Circuit remanded to the District Court in February 2019? |
| --- |

After remand in February 2019, the District Court (1) confirmed Trump, Alioto, Trump & Prescott LLP as Lead Counsel for the 22 Indirect Purchaser State Classes; (2) appointed separate counsel as interim co-lead counsel for Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah (the "Other Repealer States"); (3) appointed separate counsel as interim lead counsel for Alabama, Alaska, Colorado, Connecticut, Delaware, Georgia, Idaho, Illinois, Indiana, Kentucky, Louisiana, Maryland, New Jersey, Ohio, Oklahoma, Pennsylvania, Texas, Virginia, Washington, and Wyoming (the " Non-Repealer States); and (4) entered an order referring the matter to Magistrate Judge Jacqueline Scott Corley for settlement.

At the direction of Magistrate Judge Corley, counsel for the seven Defendants and Class Counsel for the 22 Indirect Purchaser State Classes ("IPP Counsel"), participated in two mediation sessions in May and July 2019. As a result of the mediation sessions, Amendments to the Settlements were entered into with the seven Defendants.

3

**VISIT www.CRTclaims.com OR CALL TOLL FREE 1-800-649-0963**
**PARA UNA NOTIFICACIÓN EN ESPAÑOL, VISITAR NUESTRO WEBSITE O LLAMAR**

## THE AMENDMENTS TO THE SETTLEMENTS, INTEREST,
## AND THE NEW TOTAL SETTLEMENT FUND

### 4.  What are the terms of the Amendments to the Settlements?

The amendments to the settlement agreements are as follows:

(a)    The settlement class definition is narrowed to include only members of the 22 Indirect Purchaser State Classes.  The Nationwide Class, which was previously included in the 2016 Settlements, is no longer included in the settlement class. As a result, only members of the 22 Indirect Purchaser State Classes are releasing their claims against the seven Defendants.  Thus, claims based on indirect purchases of CRT Products made in all other states, including the Other Repealer States and the Non-Repealer States, are no longer being released.

(b)    Each defendant's settlement amount is reduced by approximately 5.35% for a total of $29,000,000.  This reduces the settlement fund for the six settlements to $512,750,000.

(c)    The attorneys' fee award to be requested by IPP Counsel is reduced by $29,000,000 in order to offset the reduction in the settlement amounts, and ensure there is no adverse impact on class members.

### 5.  Are other terms of the 2016 Settlements changed?  What about interest?

No. All other terms of the original settlement agreements remain the same, including provisions related to interest earned on the settlement funds. The original settlement amounts, which were deposited in 2015, have been earning interest since that time.  All interest earned on the original settlement amounts from the date of deposit will remain in the fund for the benefit of class members, except that as provided in the original settlement agreements, IPP Counsel will be entitled to seek the interest accrued on their final fee award. As of February 2020, the approximate interest earned on the $541,750,000 is $17,000,000. Interest continues to accrue daily.

### 6.  What is the new total settlement amount?

The new total settlement amount is $547,750,000 plus accrued interest.  This amount includes the new total amount resulting from the Amendments to the Settlements ($512,750,000) plus the total amount of the earlier settlements with Chunghwa Picture Tubes, Ltd. and LG Electronics, Inc. ($35,000,000).

## IPP COUNSEL'S REDUCED REQUEST FOR ATTORNEYS' FEES

### 7.  What was IPP Counsel's prior attorneys' fees award in the case?

In 2016, the Court approved an award of attorneys' fees to IPP Counsel in the amount of $158,606,250. This award amounted to 27.5 percent of the then-total settlement fund of $576,750,000.  The 2016 Settlements also provided that IPP Counsel were entitled to seek accrued interest on their fee award.

### 8. What is IPP Counsel's reduced fee request under the Amendments to the Settlements?

The new total settlement amount is $547,750,000 plus accrued interest.  This amount includes the total amount resulting from the Amendments to the Settlements ($512,750,000) plus the total amount of the earlier settlements with Chunghwa Picture Tubes, Ltd. and LG Electronics, Inc. ($35,000,000).

The Amendments require IPP Counsel to reduce their request for attorneys' fees by $29,000,000. This sum is designed to offset the reduction in the total settlement fund from $576,750,000 to $547,750,000, so as to ensure that the net settlement funds (*i.e.*, the settlement funds remaining after deducting fees and court-approved expenses) available for distribution to class members in the 22 Indirect Purchaser State Classes remain unchanged as a result of the Amendments to the Settlements.

If approved by the Court, IPP Counsel's new fee award will be reduced to $129,606,250, or 23.66% of the new total settlement fund of $547,750,000.

## THE LAWYERS REPRESENTING YOU

### 9. Do I have a lawyer representing me?

Members of the 22 Indirect Purchaser State Classes have been, and continue to be, represented by a number of law firms led by the Court-appointed "Lead Class Counsel": Trump, Alioto, Trump & Prescott LLP, 2280 Union Street, San Francisco, CA 94123. If you are a member of the 22 Indirect Purchaser State Classes, you do not have to pay IPP Counsel separately. IPP Counsel will seek compensation by asking the Court for a share of the settlement proceeds. If you want to be represented by your own lawyer, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

## OBJECTING TO OR COMMENTING ON
## THE AMENDMENTS TO THE SETTLEMENTS OR ATTORNEYS' FEES

### 10. How do I object or comment on the Amendments to the 2016 Settlements or attorneys' fees?

If you are a member of the 22 Indirect Purchaser State Classes and submitted a claim in or objected to the 2016 Settlements, you may ask the Court to deny approval of the Settlements as amended by the Amendments or to the reduced attorneys' fees request by filing objections with the Court. Please note that you cannot ask the Court to order a larger settlement or change the terms of the settlements; the Court can only approve or deny the Settlements as amended by the Amendments. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

If you decide to object, you must do so in writing. Written objections must include the following information:

- Your name, address, telephone number, and if you are being assisted by a lawyer, the lawyer's name, address and telephone number;
- The Action name and number (*In Re: Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917);
- Proof of membership in one or more of the 22 Indirect Purchaser State Classes;
- A brief explanation of your reasons for objecting; and
- Your signature.

The objection must be submitted to the Court either by mailing it to the Class Action Clerk at the address below, or by filing it in person at any location of the United States District Court for the Northern District of California.

**The deadline to file objections with the Court is May 29, 2020:**

| COURT |
|---|
| Class Action Clerk<br>United States District Court for the<br>Northern District of California<br>1301 Clay Street, Suite 400 S<br>Oakland, CA 94612 |

**11. May I exclude myself from the Amended 2016 Settlements?**

No. An opportunity to exclude yourself from the 2016 Settlements was already provided. You may not exclude yourself from the Amended Settlements.

## THE FAIRNESS HEARING

**12. When and where will the Court consider the Amendments to the 2016 Settlements and request for attorneys' fees?**

The Court is scheduled to hold a Fairness Hearing to reconsider its approval of the 2016 Settlements as amended by the Amendments thereto at **2:00 p.m.** on **July 8, 2020**, at the United States Courthouse, Courtroom 6, 2nd Floor, 1301 Clay Street, Oakland, CA 94612. The hearing may be moved to a different date or time without additional notice, so you should check the website www.CRTclaims.com for current information.

At this hearing, the Court will consider whether the 2016 Settlements as amended are fair, reasonable, and adequate. The Court will also consider the reduced request for attorneys' fees. If there are objections or comments, the Court will consider them at this time. After the hearing, the Court will decide whether to approve the 2016 Settlements as amended by the Amendments thereto, and the request for attorneys' fees. We do not know how long these decisions will take.

**13. Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you file an objection or comment, you don't have to come to Court to talk about it. As long as you filed your written objection on time, your objection will be presented to the Court for its consideration. You may also request another lawyer to attend the hearing on your behalf and at your own expense, but it's not required.

**14. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must file a "Notice of Intent to Appear in *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917." Be sure to include your name, address, telephone number and your signature. Your Notice of Intent to Appear must be submitted to the Court either by mailing it to the Class Action Clerk at the address in Question 10 above, or by filing it in person at any location of the United States District Court for the Northern District of California no later than **May 29, 2020**.

## GET MORE INFORMATION

| **15. Where can I get more information?** |
| --- |

This notice summarizes the Amendments to the 2016 Settlements.  For the precise terms and conditions of the Amendments, please see the Amendments to the Settlement Agreements available at www.CRTclaims.com. We encourage you to check this website regularly for developments in this case. You can also get more information about the settlements in the litigation by:

- Calling 1-800-649-0963;
- Writing to CRT Questions, c/o The Notice Company, P.O. Box 778, Hingham, MA 02043;
- Accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov; or
- Visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Courtroom 6, 2nd Floor, 1301 Clay Street, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

## SIGN UP FOR ELECTRONIC PAYMENT

| **16. Can I sign up for electronic payment of my claim?** |
| --- |

If the Court approves the 2016 Settlements as amended by the Amendments, and any appeals are resolved in favor of approval, payments will be made to claimants that have valid claims.  If you would like to arrange to receive your payment electronically, for example to your PayPal or Zelle account or ACH/Direct Deposit, please see Electronic Payment Option available at www.CRTclaims.com.

**ALL INQUIRIES CONCERNING THIS NOTICE
SHOULD BE MADE TO THE SETTLEMENT ADMINISTRATOR**

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE**

7

**VISIT www.CRTclaims.com OR CALL TOLL FREE 1-800-649-0963**
**PARA UNA NOTIFICACIÓN EN ESPAÑOL, VISITAR NUESTRO WEBSITE O LLAMAR**

# DECLARATION OF JOSEPH M. FISHER

# EXHIBIT E

TRIBUNAL DE DISTRITO ESTADOUNIDENSE CORRESPONDIENTE AL DISTRITO NORTE DE CALIFORNIA

# Modificaciones a los acuerdos celebrados con siete partes demandadas en acciones judiciales grupales de compradores indirectos de tubos de rayos catódicos (CRT)

*Notificación autorizada por un Tribunal Federal.   Esta no es una solicitud de un abogado.*

- <u>Lea con atención esta notificación.  Sus derechos legales pueden resultar afectados con independencia de las acciones que usted lleve a cabo</u>.

- El presente documento constituye la cuarta notificación legal sobre el juicio de comprador indirecto conocido como *Caso: Litigio antimonopólico de tubos de rayos catódicos (CRT)*, MDL Núm. 1917, en el Tribunal de Distrito Estadounidense correspondiente al Distrito Norte de California.  Existen nueve acuerdos en este juicio que incluyen presuntos cargos excesivos con respecto al precio de productos de tubos de rayos catódicos ("CRT") adquiridos indirectamente por los demandados.  Los "productos de CRT" incluyen los CRT y productos que contienen los CRT, como televisiones y monitores de computadoras.  La palabra "indirectamente" significa que el producto de CRT se adquirió de alguien distinto a la parte demandada o presunto cómplice.  Por ejemplo, usted adquiere con un minorista, como Best Buy o Costco, una televisión que contiene un CRT. o un monitor de computadora que contiene un CRT con Dell.

- El Tribunal aprobó previamente acuerdos con dos de las partes demandadas, Chunghwa y LG, por la suma de $35,000,000.  Seis acuerdos con siete de las partes demandadas adicionales, Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson y TDA, por una suma total de $541,750,000, recibieron la aprobación por parte del Tribunal en 2016 (en lo sucesivo, "Acuerdos de 2016").  Por lo tanto, los acuerdos con las nueve partes demandadas totalizaron previamente la suma de $576,750,000.

- Las partes demandantes han convenido en modificar los Acuerdos de 2016 con el propósito de considerar objeciones por parte de ciertos miembros del grupo y han establecido "Modificaciones" con cada una de las siete partes demandadas.

- Las Modificaciones (1) reducen la Suma total convenida en los seis acuerdos por una cantidad de $29,000,000 para alcanzar un total de $512,750,000 más intereses acumulados; (2) siempre y cuando el Abogado del Grupo reduzca sus honorarios en $29,000,000 de tal manera que el fondo neto convenido en los Acuerdos de 2016 después de la deducción de los honorarios del abogado se mantenga sin cambios; y (3) apliquen sólo a consumidores que adquirieron los Productos de CRT en Arizona, Distrito de Columbia, California, Florida, Hawái, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, Nuevo México, Nueva York, Carolina del Norte, Dakota del Norte, Dakota del Sur, Tennessee, Vermont, Virginia Occidental y/o Wisconsin (los "22 estados con grupos de compradores indirectos").  Las Modificaciones disponen que los Acuerdos de 2016 no afecten las demandas de consumidores que adquirieron los Productos de CRT en los otros Estados.  Todas las demás cláusulas de los Acuerdos de 2016 permanecen sin cambios.  La suma total de los acuerdos entre las nueve partes demandadas ahora alcanza la cifra de $547,750,000.

- La presente notificación está dirigida a los miembros de los 22 estados con grupos de compradores indirectos que presentaron una demanda, impugnaron, solicitaron una exclusión o actualizaciones relacionadas con los Acuerdos de 2016.

| SUS DERECHOS LEGALES Y OPCIONES EN LAS MODIFICACIONES A LOS ACUERDOS | |
|---|---|
| **IMPUGNAR ANTES DEL 29 DE MAYO DE 2020** | Usted o su abogado pueden presentar una impugnación ante el Tribunal donde se explique la razón de su desacuerdo con las Modificaciones a los Acuerdos de 2016 y/o la solicitud de reducción de honorarios de abogados. *Véase* la Pregunta 10 para conocer las especificaciones. |
| **COMPARECER EN LA AUDIENCIA DEL 8 DE JULIO DE 2020** | Usted o su abogado pueden comparecer en la audiencia y solicitar hablar ante el Tribunal sobre las Modificaciones a los Acuerdos de 2016 o sobre la reducción de los honorarios de abogados. *Véase* Preguntas 12 a 14. |
| **NO REALIZAR NINGUNA ACCIÓN** | Si usted presentó alguna demanda sobre los acuerdos, se procesará y todas las demandas válidas se pagarán después de que el Tribunal conceda la aprobación definitiva después de que se resuelva cualquier apelación. |
| **SIN DERECHO DE SOLICITUD DE SU EXCLUSIÓN** | Ya no podrá solicitar su exclusión de los Acuerdos de 2016, puesto que ya se le brindó la oportunidad de excluirse de los Acuerdos de 2016.  Las Modificaciones a los Acuerdos no reducen el fondo neto convenido. |

Estos derechos y opciones – **y las fechas límite para ejercerlos** – se explican en la presente Notificación.

## ÍNDICE DE LA NOTIFICACIÓN

**INFORMACIÓN BÁSICA** ............................................................................................ Página 4
1.  ¿De qué trata esta Notificación?

**HISTORIAL DE CASOS RECIENTES** ……………………………………………… Página 4
2.  ¿Qué ocurrió con los Acuerdos después de que fueron aprobados en 2016?
3.  ¿Qué ocurrió después de que el Noveno Circuito remitió el caso al Tribunal de Distrito en febrero de 2019?

**MODIFICACIONES A LOS ACUERDOS, INTERESES Y EL NUEVO FONDO TOTAL CONVENIDO** ……………………………………………………………………… Página 5
4.  ¿Cuáles son las nuevas cláusulas de las Modificaciones a los ACUERDOS de 2016?
5.  ¿Se modificaron otras cláusulas de los ACUERDOS de 2016?  ¿Qué pasará con los intereses?
6.  ¿Cuál es la nueva suma total convenida?

**SOLICITUD DE REDUCCIÓN DE LOS HONORARIOS DEL ABOGADO DE IPP** .......... Página 5
7.  ¿Cuáles eran los honorarios previos del abogado de IPP en este caso?
8.  ¿Cuál es la reducción de honorarios del abogado de IPP de acuerdo con las Modificaciones?

**LOS ABOGADOS QUE LO REPRESENTAN A USTED** ......................................... Página 6

   9.  ¿Cuento con un abogado que me represente?

**IMPUGNACIÓN O COMENTARIOS SOBRE LAS MODIFICACIONES A LOS ACUERDOS O LA REDUCCIÓN DE HONORARIOS DE ABOGADOS** .................... Página 6

   10.  ¿Cómo impugno o presento comentarios sobre las Modificaciones a los Acuerdos o sobre la reducción de los honorarios de abogados?

   11.  ¿Puedo solicitar mi exclusión de los Acuerdos de 2016?

**AUDIENCIA DE EQUIDAD** ................................................................................. Página 7

   12.  ¿Cuándo y dónde el Tribunal considerará las Modificaciones a los Acuerdos y la solicitud de reducción de los honorarios de abogados?

   13.  ¿Tengo que comparecer en la audiencia?

   14.  ¿Puedo expresarme en la audiencia?

**OBTENGA MÁS INFORMACIÓN** ....................................................................... Página 8

   15.  ¿Dónde puedo obtener más información?

**REGÍSTRESE PARA RECIBIR PAGOS ELECTRÓNICOS** ................................. Página 8

   16.  ¿Puedo registrarme para recibir pagos electrónicos correspondientes a mi demanda?

3

**VISITE www.CRTclaims.com O LLAME AL NÚMERO TELEFÓNICO GRATUITO 1-800-649-0963**
**SI DESEA UNA NOTIFICACIÓN EN ESPAÑOL, VISITE NUESTRO WEBSITE O COMUNÍQUESE**

# INFORMACIÓN BÁSICA

## 1. ¿De qué trata esta Notificación?

El propósito de la presente Notificación es informarle sobre las Modificaciones a los Acuerdos de 2016 que se han convenido con las siete Partes Demandadas que forman parte de dichos Acuerdos de 2016.

# HISTORIAL DE CASOS RECIENTES

## 2. ¿Qué ocurrió con los Acuerdos después de que fueron aprobados en 2016?

El Tribunal de Distrito aprobó acuerdos en 2016 que totalizaron la suma de $541,750,000.   Los Acuerdos de 2016, junto con los acuerdos previamente celebrados con Chunghwa y LG por la cantidad de $35,000,000, arrojaron un fondo total convenido de $576,750,000.

Algunas personas físicas y morales impugnaron los Acuerdos de 2016 (los "Impugnadores") con base en diversos fundamentos.  El Tribunal de Distrito desestimó tales impugnaciones y los Impugnadores apelaron al Noveno Circuito del Tribunal de Apelaciones.

En el Noveno Circuito, los Impugnadores objetaron el finiquito de demandas por compradores indirectos que adquirieron productos de CRT en Estados que no calificaban para participar en la distribución del fondo de los acuerdos conforme al plan de distribución aprobado.  En una audiencia de alegatos orales, el panel del Noveno Circuito expresó su inquietud con respecto a la idoneidad de finiquitar las demandas por compras indirectas efectuadas en ciertos Estados donde no había demandantes designados de estos estados y miembros del grupo que realizaron compras en estos estados y que no participarían en la distribución del fondo convenido.  Después de que la mediación ordenada por el tribunal en el Noveno Circuito no resultara satisfactoria y luego de la insatisfactoria práctica de promoción en el Tribunal de Distrito y en el Noveno Circuito, el 13 de febrero de 2019, el panel del Noveno Circuito remitió el caso al Tribunal de Distrito para reconsiderar su aprobación de los acuerdos.

## 3. ¿Qué ocurrió después de que el Noveno Circuito remitió el caso al Tribunal de Distrito en febrero de 2019?

Después de la remisión en febrero de 2019, el Tribunal de Distrito (1) confirmó a Trump, Alioto, Trump & Prescott LLP como su principal representante legal de los 22 estados de grupos de compradores indirectos; (2) designó a un abogado separado como abogado co-principal interino para Arkansas, Massachusetts, Missouri, Montana, Nueva Hampshire, Oregón, Rhode Island, Carolina del Sur y Utah (los "Otros Estados Rechazantes"); (3) designó a un abogado separado como abogado principal interino para Alabama, Alaska, Colorado, Connecticut, Delaware, Georgia, Idaho, Illinois, Indiana, Kentucky, Luisiana, Maryland, Nueva Jersey, Ohio, Oklahoma, Pennsylvania, Texas, Virginia, Washington y Wyoming (los "Estados no Rechazantes"); y (4) presentó una orden que se refería el asunto a la Juez Magistrada, Jacqueline Scott Corley, para fines del acuerdo.

Por orden de la Juez Magistrada Corley, el abogado de las siete Partes Demandadas y el Abogado de los 22 estados de grupos de compradores indirectos ("Abogado de IPP"), participaron en dos sesiones de mediación en mayo y julio de 2019.  Como resultado de las sesiones de mediación, se celebraron las Modificaciones a los Acuerdos con las siete Partes Demandadas.

4

**VISITE www.CRTclaims.com O LLAME AL NÚMERO TELEFÓNICO GRATUITO 1-800-649-0963**
**SI DESEA UNA NOTIFICACIÓN EN ESPAÑOL, VISITE NUESTRO WEBSITE O COMUNÍQUESE**

## MODIFICACIONES A LOS ACUERDOS, INTERESES
## Y EL NUEVO FONDO TOTAL CONVENIDO

### 4.  ¿Cuáles son las nuevas cláusulas de las Modificaciones a los Acuerdos de 2016?

Las modificaciones a los acuerdos convenidos son las siguientes:

(a)      La definición del grupo integrante de los acuerdos se restringe para incluir sólo a los miembros de los 22 estados con grupos de compradores indirectos.  El Grupo Nacional, que se incluyó previamente en los Acuerdos de 2016, ya no se incluye más en el grupo integrante de los acuerdos.  Como consecuencia, sólo los miembros de los 22 estados con grupos de compradores indirectos finiquitan sus demandas contra las siete Partes Demandadas.  Por lo tanto, las demandas basadas en compras indirectas de los Productos de CRT realizadas en los otros estados, incluyendo los Otros Estados Anuladores y los Estados no Anuladores, ya no se finiquitarán.

(b)      La cantidad convenida de cada Parte Demandada se reduce en aproximadamente 5.35% para alcanzar un total $29,000,000.  Esto reduce el fondo convenido en los seis acuerdos a $512,750,000.

(c)      La adjudicación de los honorarios de abogados que solicita el Abogado de IPP se reduce en $29,000,000 a fin de compensar la reducción en los importes de los acuerdos y garantizar que no exista ningún efecto adverso para los miembros del grupo.

### 5.  ¿Se modificaron otras cláusulas de los Acuerdos de 2016?  ¿Qué pasará con los intereses?

No.  Todas las demás cláusulas de los acuerdos convenidos originales permanecen sin cambios, incluyendo las disposiciones relacionadas con los intereses devengados en los fondos convenidos.  Las cantidades de los acuerdos originales, que se depositaron en 2015, han estado generando intereses desde esa fecha.  Todos los intereses devengados sobre los importes de los acuerdos originales desde la fecha del depósito permanecerán en el fondo para beneficio de los miembros del grupo, excepto que, conforme a lo previsto en los acuerdos convenidos originales, el Abogado de IPP tendrá el derecho de solicitar los intereses acumulados cuando se le adjudiquen sus honorarios finales.  Al mes de febrero de 2020, los intereses aproximados devengados sobre la suerte de $541,750,000 suman $17,000,000.  Los intereses continúan acumulándose diariamente.

### 6.  ¿Cuál es la nueva suma total del acuerdo?

La nueva suma total de los acuerdos corresponde a la cifra de $547,750,000 más los intereses acumulados.  Esta cantidad incluye el nuevo importe total resultante de las Modificaciones a los Acuerdos ($512,750,000) más la cantidad total de los acuerdos anteriores con Chunghwa Picture Tubes, Ltd. y LG Electronics, Inc. ($35,000,000).

## SOLICITUD DE REDUCCIÓN DE LOS HONORARIOS DEL ABOGADO DE IPP

### 7.  ¿Cuáles eran los honorarios previos del abogado de IPP correspondientes a este caso?

En 2016, el Tribunal aprobó una adjudicación de los honorarios del abogado de IPP por la cantidad de $158,606,250.  Esta adjudicación correspondió al 27.5 por ciento del entonces fondo total convenido de $576,750,000.  Los Acuerdos de 2016 también estipularon que el Abogado de IPP gozaba del derecho de solicitar los intereses acumulados sobre la adjudicación de sus honorarios.

5

VISITE www.CRTclaims.com O LLAME AL NÚMERO TELEFÓNICO GRATUITO 1-800-649-0963
SI DESEA UNA NOTIFICACIÓN EN ESPAÑOL, VISITE NUESTRO WEBSITE O COMUNÍQUESE

**8. ¿Cuál es la reducción de honorarios del abogado de IPP de acuerdo con las Modificaciones?**

El nuevo importe total de los acuerdos suma $547,750,000 más intereses acumulados. Este importe incluye la cantidad total resultante de las Modificaciones a los Acuerdos ($512,750,000) más la cantidad total de los acuerdos anteriores con Chunghwa Picture Tubes, Ltd. y LG Electronics, Inc. ($35,000,000).

Las Modificaciones requieren que el Abogado de IPP reduzca su petición de honorarios profesionales en $29,000,000. Esta suma está designada a compensar la reducción en el fondo total de los acuerdos de $576,750,000 a $547,750,000, con el propósito de asegurar que los fondos netos convenidos (*es decir*, los fondos restantes de los acuerdos después de deducir los honorarios y los gastos aprobados por el tribunal) disponibles para distribución a los miembros de los 22 estados con grupos de compradores indirectos permanezcan sin cambios como resultado de las Modificaciones a los Acuerdos.

Si el Tribunal la aprueba, la nueva adjudicación de honorarios del abogado de IPP se reducirá a $129,606,250 o 23.66% del nuevo fondo total de liquidación de $547,750,000.

## LOS ABOGADOS QUE LO REPRESENTAN A USTED

**9. ¿Cuento con un abogado que me represente?**

Los miembros de los 22 estados con grupos de compradores indirectos han estado, y continúan estando, representados por diversos despachos jurídicos encabezados por el "Representante Legal Principal del Grupo" designado por el Tribunal: Trump, Alioto, Trump & Prescott LLP, 2280 Union Street, San Francisco, CA 94123. Si usted es miembro de los 22 estados con grupos de compradores indirectos, no tendrá que pagar por separado al Abogado de IPP. El Abogado de IPP solicitará la compensación mediante la solicitud al Tribunal de una parte de las ganancias de los acuerdos. Si usted desea ser representado por su propio abogado, y éste pueda comparecer ante el tribunal en este caso en su representación, podrá contratarlo a su propio cargo.

## IMPUGNACIÓN O COMENTARIOS SOBRE
## LAS MODIFICACIONES A LOS ACUERDOS U HONORARIOS DE ABOGADOS

**10. ¿Cómo impugno o presento comentarios sobre las Modificaciones a los Acuerdos o sobre la reducción de honorarios de abogados?**

Si es miembro de los 22 estados con grupos de compradores indirectos y presentó una demanda o impugnó los Acuerdos de 2016, puede solicitar al Tribunal que no apruebe los Acuerdos conforme a las Modificaciones o la solicitud de reducción de los honorarios de los abogados mediante la presentación de impugnaciones al Tribunal. Debe observar que ya no puede solicitar al Tribunal que ordene un acuerdo mayor o cambie las cláusulas de los acuerdos, el Tribunal sólo puede aprobar o rechazar los Acuerdos conforme a las Modificaciones. Si el Tribunal niega la aprobación, no se enviará ningún pago proveniente de los acuerdos y el juicio continuará. Si esto es lo que usted pretenda que ocurra, entonces debe impugnar.

Si decide impugnar, deberá hacerlo por escrito. Las impugnaciones por escrito tienen que incluir la siguiente información:

- Su nombre, domicilio, número telefónico y, si usted recibe la asesoría de un abogado, nombre, domicilio y número telefónico del abogado;
- Nombre y número del juicio (*Caso: Litigio antimonopólico de tubos de rayos catódicos (CRT)*, MDL Núm. 1917);
- Pruebas de membresía de uno o más de los 22 estados con grupos de compradores indirectos;
- Una breve explicación de sus motivos para impugnar; y
- Su firma.

La impugnación debe presentarse ante el Tribunal, ya sea por correo al Secretario de Acciones Judiciales

Grupales al siguiente domicilio o en persona en cualquier ubicación del Tribunal de Distrito de Estados Unidos de América correspondiente al Distrito Norte de California.

**La fecha límite para presentar las impugnaciones ante el Tribunal es el 29 de mayo de 2020:**

> Class Action Clerk
> United States District Court for the
> Northern District of California
> 1301 Clay Street, Suite 400 S
> Oakland, CA 94612

## 11. ¿Puedo solicitar mi exclusión de los Acuerdos de 2016?

No. Ya se le ofreció la oportunidad de solicitar su exclusión de los Acuerdos de 2016. Ya no podrá solicitar su exclusión de los Acuerdos Modificados.

## AUDIENCIA DE EQUIDAD

## 12. ¿Cuándo y dónde el Tribunal considerará las Modificaciones a los Acuerdos y la solicitud de reducción de los honorarios de abogados?

El Tribunal programó la celebración de una Audiencia de Equidad a fin de reconsiderar su aprobación de los Acuerdos de 2016 conforme a las Modificaciones a los mismos, la cual se llevará a cabo a las **2:00 p.m.** el día **8 de julio de 2020**, en el Tribunal de los Estados Unidos de América, Sala 6, 2º piso, 1301 Clay Street, Oakland, CA 94612. La audiencia podrá programarse a fin de que se celebre en una fecha u horario distinto sin aviso adicional, por lo que debe revisar el sitio de Internet www.CRTclaims.com para obtener información actualizada.

En esta audiencia, el Tribunal considerará si los Acuerdos de 2016 modificados son justos, razonables y adecuados. El Tribunal también considerará la solicitud de reducción de los honorarios de abogados. En caso de que existan impugnaciones o comentarios, el Tribunal los tomará en cuenta en ese momento. Después de la audiencia, el Tribunal decidirá aprobar o no los acuerdos de 2016 conforme a las Modificaciones y la solicitud de reducción de los honorarios de abogados. No se sabe cuánto tiempo durarán estas decisiones.

## 13. ¿Tengo que comparecer en la audiencia?

No. El Abogado del Grupo responderá cualquier pregunta que el Tribunal pueda plantear. Pero usted es bienvenido para comparecer bajo su propio cargo. Si usted presenta una impugnación o comentario, no tiene que comparecer ante el Tribunal para expresarlos. Siempre que presente a tiempo la impugnación por escrito, tal impugnación se presentará al Tribunal para su consideración. También podrá solicitar otro abogado a fin de que comparezca en la audiencia en su representación y bajo su propio cargo, aunque no se requiere.

## 14. ¿Puedo expresarme en la audiencia?

Podrá solicitar al Tribunal permiso para expresarse en la Audiencia de Equidad. Para ello, debe presentar un "Aviso de intención de comparecencia en el *Caso: Litigio antimonopólico de tubos de rayos catódicos (CRT)*, MDL Núm. 1917." Cerciórese de incluir su nombre, domicilio, número telefónico y firma. El Aviso de intención de comparecencia debe presentarse al Tribunal ya sea por correo al Secretario de Acciones Judiciales Grupales al domicilio señalado en la Pregunta 10 anterior, o en persona en cualquier ubicación del Tribunal de Distrito de

los Estados Unidos de América correspondiente al Distrito Norte de California a más tardar el día **29 de mayo de 2020**.

## OBTENGA MÁS INFORMACIÓN

| **15. ¿Dónde puedo obtener más información?** |
| --- |

La presente notificación resume las Modificaciones a los Acuerdos de 2016. Si desea conocer de manera precisa las cláusulas de las Modificaciones, remítase a las Modificaciones a los Acuerdos disponibles en www.CRTclaims.com. Le recomendamos a que revise con regularidad este sitio de Internet para conocer los avances de este caso. También puede obtener más información sobre los acuerdos en el litigio mediante las siguientes vías:

- Comunicarse al número telefónico 1-800-649-0963;
- Escribir a CRT Questions, c/o The Notice Company, P.O. Box 778, Hingham, MA 02043;
- Obtener acceso al expediente del Tribunal correspondiente a este caso por medio del sistema de Acceso Público a los Registros Electrónicos del Tribunal (PACER) en https://ecf.cand.uscourts.gov; o
- Visitar la oficina del secretario del Tribunal de Distrito de los Estados Unidos de América correspondiente al Distrito Norte de California, Sala 6, 2º piso, 1301 Clay Street, Oakland, CA 94612, entre 9:00 a.m. y 4:00 p.m., de lunes a viernes, excepto días festivos del Tribunal.

## REGÍSTRESE PARA RECIBIR PAGOS ELECTRÓNICOS

| **16. ¿Puedo registrarme para recibir pagos electrónicos de mi demanda?** |
| --- |

Si el Tribunal aprueba los Acuerdos de 2016 conforme a las Modificaciones y cualquier apelación se resuelve en favor de la aprobación, los pagos se efectuarán a las Partes Demandantes con demandas válidas. Si usted desea realizar los arreglos para recibir el pago de manera electrónica, por ejemplo, a su cuenta de PayPal o Zelle o a la cámara de compensación (ACH) / depósito directo, remítase a la Opción de pagos electrónicos disponible en www.CRTclaims.com.

**TODAS LAS CONSULTAS CON RESPECTO A ESTE AVISO DEBERÁN PRESENTARSE AL ADMINISTRADOR DE ACUERDOS.**

**POR FAVOR NO LLAME POR TELÉFONO AL TRIBUNAL O A LA SECRETARÍA DEL TRIBUNAL.**

# DECLARATION OF JOSEPH M. FISHER

## EXHIBIT F

# CRT INDIRECT PURCHASER CLASS ACTION SETTLEMENTS

In Re: CRT Antitrust Litigation (MDL 1917), N.D. Cal.

Home        Settlement Documents        Objections        Final Approval Hearing        FAQ

Electronic Payment        Contact ⌄        COVID-19 Notice        En Español

# Legal Notice

**Amendments to Settlements Have Been Reached With Seven Defendants in the Cathode Ray Tubes (CRT) Indirect Purchaser Class Actions**

A Federal Court authorized this notice. This is not a solicitation from a lawyer.

Please read this notice carefully. Your legal rights may be affected whether or not you act.

This is the fourth legal notice in the indirect purchaser litigation known as ***In re: Cathode Ray Tube (CRT) Antitrust Litigation***, MDL No. 1917, in the U. S. District

## Important Dates

**MAY 29, 2020:**
Deadline to Object

**JUNE 12, 2020:**
Deadline for Responses to Objections

CRT INDIRECT PURCHASER CLASS ACTION SETTLEMENTS In re: CRT Antitrust Litigation (MDL 1917) (N.D. Cal.)

Case 4:07-cv-05944-JST   Document 5758-1   Filed 06/12/20   Page 35 of 43

Court for the Northern District of California. There are nine (9) settlements in this litigation involving alleged overcharges on the price of Cathode Ray Tube ("CRT") Products purchased indirectly from the Defendants.

- **"CRT Products"** include CRTs and products containing CRTs, such as televisions and computer monitors.
- **"Indirectly"** means that you purchased the CRT Product from someone other than a Defendant or alleged co-conspirator. For example, you bought a television containing a CRT from a retailer, such as Best Buy or Costco, or a computer monitor containing a CRT from Dell.

The Court previously approved settlements with two Defendants, Chunghwa and LG, for $35,000,000. Six settlements with seven additional Defendants—Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson and TDA—totaling $541,750,000, were approved by Court in 2016 (the "2016 Settlements"). **Thus, settlements with all nine defendants previously totaled $576,750,000.**

Plaintiffs have agreed to amend the 2016 Settlements to address objections by certain class members, and have entered into "Amendments" with each of the seven Defendants.

> *The Amendments provide that the net settlement fund, after deducting attorneys' fees, is unchanged.*

**JULY 8, 2020:** Final Hearing

## Important Documents

Detailed Notice of Amendments to Settlements

Order Granting Motion for Preliminary Approval of Amendments to Settlements

CRT INDIRECT PURCHASER CLASS ACTION SETTLEMENTS In re: CRT Antitrust Litigation (MDL 1917), N.D. Cal.

Case 4:07-cv-05944-JST   Document 5758-1   Filed 06/12/20   Page 36 of 43

**What do the Amendments provide?** The Amendments:

- Reduce the total Settlement Amount for the six settlements by $29,000,000 to $512,750,000 plus accrued interest;
- Provide that Class Counsel will reduce their attorneys' fee request by $29,000,000 so that the net settlement fund for the 2016 Settlements after deducting attorneys' fees is unchanged;
- Apply only to consumers who purchased CRT Products in Arizona, the District of Columbia, California, Florida, Hawaii, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, and/or Wisconsin (the "22 Indirect Purchaser State Classes); and
- Provide that the 2016 Settlements do not release the claims of consumers who purchased CRT Products in all other states.

All other terms of the 2016 Settlements remain the same. The total settlements among the nine defendants now total $547,750,000 plus accrued interest.

**What are Your Legal Rights and Options in the Amendments to the Settlements?**

- **OBJECT BY MAY 29, 2020:** You or your attorney may file an objection with the Court explaining why you disagree with the Amendments to the 2016 Settlements and/or the request for attorneys' fees.
- **GO TO THE HEARING ON JULY 8, 2020:** You or your attorney may attend the hearing and ask to

speak to the Court about the Amendments to the 2016 Settlements or attorneys' fees.

- **DO NOTHING:** If you submitted a claim in the settlements, it will be processed and all valid claims will be paid after the Court grants final approval and after any appeals are resolved.
- **NO RIGHT TO EXCLUDE YOURSELF:** You may no longer exclude yourself from 2016 Settlements. An opportunity to exclude yourself from the 2016 Settlements was already provided.

This website is established pursuant to an order of the Court and is controlled by The Notice Company, Inc., which was retained to administer the notice and claims process.

This notice is given pursuant to an Order of the United States District Court, Northern District of California, MDL 1917, Case No. 07-cv-05944-JST.

Privacy Policy

© 2020 CRT INDIRECT PURCHASER CLASS ACTION SETTLEMENTS • Powered by GeneratePress

# CRT INDIRECT PURCHASER CLASS ACTION SETTLEMENTS

In Re: CRT Antitrust Litigation (MDL 1917), N.D. Cal.

| Home | Settlement Documents | Objections | Final Approval Hearing | FAQ |

| Electronic Payment | Contact ⌄ | COVID-19 Notice | En Español |

## Settlement Documents

You may download and read the following settlement documents by clicking on the links below:

**AMENDMENTS TO SETTLEMENTS**

- Detailed Notice of Amendments to Settlements
- Order Granting Motion for Preliminary Approval of Amendments to Settlements (03/11/20)
- Indirect Purchaser Plaintiffs' Motion Pursuant to Ninth Circuit Mandate to Reconsider and Amend Final Approval Order, Final Judgment and Fee Order (including copies of the Amendments to Settlements) (09/16/19)

### Important Dates

**MAY 29, 2020:** Deadline to Object

**JUNE 12, 2020:** Deadline for Responses to Objections

- Notificación detallada de enmiendas a los acuerdos (en español)

**ADDITIONAL COURT DOCUMENTS**

- Fourth Consolidated Amended Complaint (01/10/13)
- Class Certification Order (09/24/13)
- Settlement Agreement Chunghwa (2009)
- Final Approval – Chunghwa (03/22/12)
- Settlement Agreement LG (2013)
- Final Approval – LG (04/18/14)
- Settlement Agreement Hitachi (2015)
- Settlement Agreement Panasonic (2015)
- Settlement Agreement Philips (2015)
- Settlement Agreement Samsung (2015)
- Settlement Agreement Toshiba (2015)
- Settlement Agreement Technicolor/Thomson and Technologies Displays Americas (2015)
- Motion for Preliminary Approval (05/29/15)
- Order Granting Preliminary Approval (07/09/15)
- Request for Award of Attorneys' Fees, Expenses and Incentive Awards (09/23/15)
- Order Regarding Extension of Claims Deadline for Natural Persons Residing in California (01/26/16)
- Order Granting Final Approval of Indirect Purchaser Settlements (07/07/16)
- Order on Attorney's Fees, Expenses, and Incentive Awards (08/03/16)
- Final Approval of Plan of Distribution of Chunghwa Settlement Fund (Resellers and End Users) (11/16/16)

**JULY 8, 2020:** Final Hearing

Important Documents

Detailed Notice of Amendments to Settlements

Order Granting Motion for Preliminary Approval of Amendments to Settlements

This website is established pursuant to an order of the Court and is controlled by The Notice Company, Inc., which was retained to administer the notice and claims process.

This notice is given pursuant to an Order of the United States District Court, Northern District of California, MDL 1917, Case No. 07-cv-05944-JST.

Privacy Policy

© 2020 CRT INDIRECT PURCHASER CLASS ACTION SETTLEMENTS • Powered by GeneratePress

# CRT INDIRECT PURCHASER CLASS ACTION SETTLEMENTS

In Re: CRT Antitrust Litigation (MDL 1917), N.D. Cal.

| Home | Settlement Documents | Objections | Final Approval Hearing | FAQ |

| Electronic Payment | Contact ⌄ | COVID-19 Notice | En Español |

# Objections

If you are a member of the 22 Indirect Purchaser State Classes and submitted a claim in or objected to the 2016 Settlements, you may ask the Court to deny approval of the Settlements as amended by the Amendments or to the reduced attorneys' fees request by filing objections with the Court. Please note that you cannot ask the Court to order a larger settlement or change the terms of the settlements; the Court can only approve or deny the Settlements as amended by the Amendments. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

## Important Dates

**MAY 29, 2020:** Deadline to Object

**JUNE 12, 2020:** Deadline for Responses to Objections

Case 4:07-cv-05944-JST   Document 5758-1   Filed 06/12/20   Page 42 of 43

If you decide to object, you must do so in writing. Written objections must include the following information:

- Your name, address, telephone number, and if you are being assisted by a lawyer, the lawyer's name, address and telephone number;
- The Action name and number (In Re: Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917);
- Proof of membership in one or more of the 22 Indirect Purchaser State Classes;
- A brief explanation of your reasons for objecting; and
- Your signature.

The objection must be submitted to the Court either by mailing it to the Class Action Clerk at the address below, or by filing it in person at any location of the United States District Court for the Northern District of California.

The deadline to file objections with the Court is May 29, 2020:

Class Action Clerk
United States District Court for the
Northern District of California
1301 Clay Street, Suite 400 S
Oakland, CA 94612

**IMPORTANT NOTICE CONCERNING COVID-19:** Please check the website for the United States District Court for the Northern District of California for updates concerning Courthouse access and other matters relating to the

**JULY 8, 2020:** Final Hearing

## Important Documents

Detailed Notice of Amendments to Settlements

Order Granting Motion for Preliminary Approval of Amendments to Settlements

continuing COVID-19 public health emergency:

**cand.uscourts.gov**

This website is established pursuant to an order of the Court and is controlled by The Notice Company, Inc., which was retained to administer the notice and claims process.

This notice is given pursuant to an Order of the United States District Court, Northern District of California, MDL 1917, Case No. 07-cv-05944-JST.

*Privacy Policy*

© 2020 CRT INDIRECT PURCHASER CLASS ACTION SETTLEMENTS • Powered by GeneratePress