Jane Becker Whitaker, PR-Bar Num. 9352
Becker Vissepo, PSC
1225 Ponce de Leon, Suite 1102
San Juan, PR 00907
Tel. 787 945.2406
jbw@beckervissepo.com
janebeckerwhitaker@gmail.com

J. Barton Goplerud
Shindler, Anderson, Goplerud & Weese, P.C.
5015 GRAND RIDGE DRIVE, SUITE 100
WEST DES MOINES
IA 50265
Tel: (515) 223-4567
goplerud@sagwlaw.com

John A. Girardi
Girardi/Keese
1126 Wilshire Blvd.
Los Angeles, CA 90017
Tel. (213) 262-6777
Email: jgirardi@girardikeese.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. 07-cv-5944 JST |
| This Document Relates To: | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| *Government of Puerto Rico v. Panasonic Corporation of North America*, et al., Orig. C.A. No. 3:19-01246 | Hearing Date: June 24, 2020<br>Time: 9:30 a.m.<br>Courtroom: 9, 19th Floor<br>Judge: Honorable Jon S. Tigar |

///

**TO THE HONORABLE COURT ALL PARTIES AND THEIR ATTORNEYS:**

1. <u>Jurisdiction and Service</u>.

*Plaintiff's Statement*: Jurisdiction exists by virtue of the transfer order of February 5, 2020 from the Judicial Panel on Multidistrict Litigation MDL No 1917, PR/3:19-cv-01246. There are 43 defendants. Service has been completed for seven (LG Electronics USA, Inc.; Phillips Electronics North America Corporation; Samsung Electronics America, Inc.; Toshiba America Electronics Components, Inc.; Panasonic Corporation of North America; Hitachi America, LTD; Tatung Company of America, Inc.). Service on the remaining defendants, some of whom are located within the United States and some outside the United States, is a work in progress. Given the state of this civil action, plaintiff intends to request of this court an order that counsel for the remaining defendants, all of whom have appeared in the ongoing litigation, accept service by mail for the remaining 35 defendants.

*Defendants' Statement:* In addition to the jurisdictional bases stated by the Plaintiff, the Court has jurisdiction based on complete diversity of the parties pursuant to 28 U.S.C. § 1332(a).

Plaintiff has not attempted or has failed to properly serve a substantial majority of defendants named in the Complaint, including all of the foreign-based defendants. Defendants oppose Plaintiff's suggestion that defendants, many of whom are foreign entities, can be properly served by mail. Plaintiff should be

MDL No. 1917
Case No. 07-cv-5944-JST
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

required to serve each defendant through proper service, as defined by the rules and laws applicable in the respective jurisdictions and countries where certain defendants reside and do business. Defendants submit that Plaintiff's years-long failure to attempt proper service on a majority of defendants cannot justify shortcutting proper service requirements. Moreover, some of the defendants named in Plaintiff's complaint are not currently parties to any other action in the MDL, and the Court does not have jurisdiction over those defendants. In any event, should Plaintiff seek to shortcut its service obligations, defendants submit that Plaintiff should seek leave of Court through a motion.

The parties that filed appearances entered into a stipulation staying the deadline to answer or otherwise respond to the Complaint until 60 days from the date on which the last defendant is served. *Gov't. of Puerto Rico v. LG Electronics, Inc.*, Case No. 3:19-cv-01246, ECF No. 5 (D.P.R. Mar. 19, 2019). That stipulation was issued as an order by the transferor court (ECF No. 18 (Apr. 1, 2019)), and remains in effect. See Manual for Complex Litigation (fourth) § 20.132 (orders issued by transferor court remain in effect unless altered or amended by transferee court).

2. <u>Facts</u>.

*Plaintiff's Statement*: The factual setting is well known to this court. Defendants engaged in a price fixing scheme and related antitrust activity with respect to production and distribution of cathode ray tubes. The principal factual

MDL No. 1917
Case No. 07-cv-5944-JST
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

issue in dispute in the instant action is the extent of commerce and the financial impact on the citizens of the Government of Puerto Rico.

*Defendants' Statement*:  Defendants agree that the Court is familiar with the facts, but contest that there has been any determination of liability as alleged by Plaintiff's statement.  Defendants submit that Plaintiff cannot establish any agreement among the named defendants to do something unlawful under the antitrust laws (or to support a claim for common law unjust enrichment) that injured Plaintiff or the citizens it claims to represent.

3. Legal Issues.

*Plaintiff's Statement*:  The claims of the Government of Puerto Rico are based upon unjust enrichment and what is sought is restitution. "Puerto Rico antitrust law has been interpreted in accordance with federal antitrust law, which does not allow claims from indirect purchasers following Illinois Brick, and in the absence of evidence showing that Puerto Rico has repealed Illinois Brick—this Court dismisses the claims arising under the Puerto Rico law."); In re Static Random Access Memory (SRAM) Antitrust Litig., No. 07-mdl-01819 CW, 2010 U.S. Dist. 2010 WL 5094289, at 4 (N.D. Cal. Dec. 8, 2010); In re TFT-LCD (Flat Panel) Antitrust Litig., 599 F. Supp. 2d 1179, 1188 (N.D. Cal. 2009). It is the Puerto Rico Supreme Court that is the source of the conclusion that the act does not recognize a claim for indirect purchasers.

MDL No. 1917
Case No. 07-cv-5944-JST
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

In the case cited by defendants, *Gov't of Puerto Rico v. The Carpenter Co.*, Civil No. 18-1987 (GAG), 2020 WL 962931, there was no examination of the discreet language of the Government of Puerto Rico's anti-trust statute. Taken together, proceeding on an unjust enrichment cause of action is the only claim available and why the Government has standing for consumers on a parens patriae basis.

*Defendants' Statement*: Notwithstanding Plaintiff's attempt to cast its cause of action as a common law unjust enrichment claim subject to a fifteen-year statute of limitation, Plaintiff's case is in fact an antitrust claim barred by the four year statute of limitation applicable to civil antitrust claims. 10 L.P.R. § 268(c); *Gov't of Puerto Rico v. The Carpenter Co.*, Civil No. 18-1987 (GAG), 2020 WL 962931 at *8-10 (D.P.R. 2020). Plaintiff's Complaint is substantively identical to all prior complaints filed in or transferred to the Court asserting federal and/or state antitrust claims. Instead of asserting an antitrust claim under Puerto Rico law, Plaintiff asserts an unjust enrichment claim for only one reason: Puerto Rico's four year statute of limitation has long passed. *See* 10 L.P.R. § 268(c). Plaintiff filed its Complaint in late 2018—11 years after the complaints filed in the CRT MDL and long after the expiration of the applicable four year statute of limitation. Plaintiff's attempt to frame the action as one for "unjust enrichment," designed as an end-run around the statute of limitations, has been rejected as a matter of law. *Carpenter*, 2020 WL 962931 at *8-10.

MDL No. 1917
Case No. 07-cv-5944-JST
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

Moreover, courts in this District and elsewhere hold that indirect purchasers may not bring common law unjust enrichment claims in an effort to circumvent the indirect purchaser bar applicable to state antitrust statutes, including Puerto Rico's antimonopoly statute. *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179, 1192 ("permitting such (unjust enrichment) claims would allow plaintiffs to circumvent limitations of state antitrust laws.")

Plaintiff has pled that it has *parens patriae* standing to sue on behalf of citizens of Puerto Rico. Courts have found that no Puerto Rico statute or Puerto Rico Supreme Court precedent provide for *parens patriae* standing to present unjust enrichment claims in such a representative capacity. *Carpenter,* 2020 WL 962931 at *10-11.

Certain defendants also anticipate asserting that Puerto Rican residents' claims were released as part of a nationwide settlement class as to which Puerto Rico, having received CAFA notice, did not object and can no longer appeal. Plaintiff's claims are barred against such defendants under the doctrine of *res judicata*.

Defendants reserve the right to assert other arguments and defenses.

4. Motions.

*Plaintiff's Statement:* The history of the litigation is well known to this court. The plaintiff Government of Puerto Rico does not anticipate filing any motion.

MDL No. 1917
Case No. 07-cv-5944-JST
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

*Defendants' Statement*: Defendants anticipate filing a motion to dismiss Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure on the basis that: (i) Plaintiff's claim is barred by the applicable statute of limitations; (ii) Plaintiff's claims are barred under the *Illinois Brick* indirect purchaser bar; and/or (iii) Plaintiff lacks *parens patriae* standing to bring a claim for unjust enrichment. Moreover certain defendants may seek dismissal for lack of proper service and/or lack of personal jurisdiction and other defendants may seek dismissal on the ground that claims on behalf of Puerto Rican residents have been released and are barred by *res judicata*. Defendants reserve the right to assert other arguments in connection with any motion to dismiss. If Rule 12 motions do not dispose of the claims, defendants anticipate filing Rule 56 motions at the close of discovery.

5. <u>Amendments of Pleadings</u>. The Government of Puerto Rico does not anticipate the amendment of any pleadings. Defendants do not contest Plaintiff's statement.

6. <u>Evidence Preservation</u>.

*Plaintiff's Statement*: The Government of Puerto Rico has reviewed the guidelines relating to the discovery or was electronically stored information.

*Defendants' Statement*: Defendants certify that they have reviewed the Court's ESI Guidelines. Defendants submit that all potentially relevant discovery material in the possession, custody, and control of defendants has already been produced. *See* Order (ECF No. 5530) at 3 ("The Court further assumes that while

MDL No. 1917
Case No. 07-cv-5944-JST
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

discovery might be necessary into [ORS/NRS] plaintiffs damages, discovery concerning the defendants' liability is probably complete.").

7. <u>Disclosures</u>.  Defendants served Rule 26 initial disclosures many years ago.  The parties are in discussions regarding a stipulated schedule for Plaintiff's service of initial disclosures and will be prepared to give the Court an update at the June 24, 2020 Conference.

8. <u>Discovery</u>.

*Plaintiff's Statement*:  The Government of Puerto Rico does not anticipate initiating any discovery.

*Defendants' Statement*:  Defendants agree that Plaintiff does not need further discovery of defendants.  Should the case move to the discovery phase after anticipated motions to dismiss, defendants will seek discovery regarding Plaintiff's alleged claims and damages, which have not been developed in the discovery record to date.  *See* Order (ECF No. 5530) at 3 ("The Court further assumes that while discovery might be necessary into [ORS/NRS] plaintiffs damages, discovery concerning the Defendants' liability is probably complete.").  Defendants anticipate that Plaintiff will rely on expert evidence in an effort to establish alleged liability and damages, and defendants anticipate needing expert discovery as to those issues.

9. <u>Class Actions</u>.  Plaintiff does not purport to bring its case as a class action under Federal Rule of Civil Procedure 23.

MDL No. 1917
Case No. 07-cv-5944-JST
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

10. <u>Related Cases</u>.  There are no related cases pending before another judge of this Court, or before another U.S. court or administrative body.

11. <u>Relief</u>.

*Plaintiff's Statement*:  The Government of Puerto Rico seeks restitution by return of the proceeds of the unjust enrichment as the consequence of the price fixing activity. The damages would be calculated by the degree of consumer and economic activity in the Government of Puerto Rico over the years 2003 through 2010 when the unjust enrichment brought on by the price fixing activity occurred.

*Defendants' Statement*:  Defendants submit that Plaintiff cannot establish liability or that it is entitled to any damages or other relief claimed on behalf of the Government of Puerto Rico or any party or person Plaintiff seeks to represent.

12. <u>Settlement and ADR</u>.

*Plaintiff's Statement:* Given the long history of the instant litigation it is felt that there is a reasonable chance for resolution by way settlement.

*Defendants' Statement:*  Defendants are open to settlement discussions, but any such discussions are likely premature until defendants file anticipated motions to dismiss under Rule 12.

13. <u>Consent to Magistrate Judge For All Purposes</u>. The parties decline to consent to a Magistrate Judge to conduct all further proceedings.

14. <u>Other References</u>. The parties agree this matter is not suitable for arbitration.

MDL No. 1917
Case No. 07-cv-5944-JST
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

15. <u>Narrowing of Issues</u>.  The parties will engage in a good faith discussion on those issues which can be narrowed.

16. <u>Expedited Trial Procedure</u>.  This action does not lend itself to the participation in the expedited trial procedure.

17. <u>Scheduling</u>.

*Plaintiff's Statement*:  The plaintiffs anticipate any expert designation can be done within the next 120 days.

*Defendants' Statement*:  Defendants submit that setting a trial schedule is premature at this stage.  First, there are serious, dispositive defects in Plaintiff's Complaint that will not survive Rule 12 motion practice.  Second, under the Court's Order regarding Extension of Time to File Answers (ECF No. 22), defendants' answers are not due until sixty (60) days following perfection of service.  That date is currently unknown and Plaintiff has provided no firm commitment as to when service efforts will be exhausted.

18. <u>Trial</u>.  Plaintiff has demanded trial by jury.  The parties anticipate that it will take approximately 20 trial days for the parties to present their claims and defenses.

MDL No. 1917
Case No. 07-cv-5944-JST
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>.  The Government of Puerto Rico will complete the disclosure by the time of the status conference.  The defendants have filed their Certifications pursuant to LR 3-15.

20. <u>Professional Conduct</u>.  Counsel for Plaintiff and defendants confirm that each has reviewed the Guidelines for Professional Conduct of the Northern District of California.

21. <u>Other Matters</u>.  The parties do not have other matters to discuss at this time.

///

///

DATED:  June 17 , 2020                     GIRARDI | KEESE

                                                         By:       /S/ John A. Girardi
                                                         JOHN A. GIRARDI
                                                         Attorneys for Plaintiff, THE
                                                         GOVERNMENT OF PUERTO RICO

DATED: June 17, 2020

By: */s/ John M. Taladay*
BAKER BOTTS LLP
JOHN M. TALADAY
ERIK T. KOONS
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
erik.koons@bakerbotts.com

*Attorneys for Philips North America LLC*


By: */s/ Jeffrey L. Kessler*
WINSTON & STRAWN LLP
JEFFREY L. KESSLER
jkessler@winston.com
EVA W. COLE
ewcole@winston.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

KEVIN B. GOLDSTEIN
kbgoldstein@winston.com
35 W. Wacker Drive
Chicago, IL 60622
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

WEIL, GOTSHAL & MANGES LLP
DAVID L. YOHAI
david.yohai@weil.com
ADAM C. HEMLOCK
adam.hemlock@weil.com
DAVID YOLKUT
david.yolkut@weil.com
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendant Panasonic Corporation of North America*

MDL No. 1917
Case No. 07-cv-5944-JST
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

By: */s/ Eliot A. Adelson*
MORRISON & FOERSTER LLP
ELIOT A. ADELSON
Email: eadelson@mofo.com
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7243
Facsimile: (415) 268-7522

KIRKLAND & ELLIS LLP
JAMES H. MUTCHNIK (pro hac vice)
Email: james.mutchnik@kirkland.com
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Defendant Hitachi America, Ltd.*

By: */s/ Brian Y. Chang*
EIMER STAHL LLP
Brian Y. Chang (SBN 287757)
99 South Almaden Boulevard, Suite 662
San Jose, CA 95113
Telephone:      669 231 8755
bchang@eimerstahl.com

Nathan P. Eimer (*pro hac vice* pending)
Vanessa G. Jacobsen (*pro hac vice* pending)
224 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Telephone:      312 660 7600
Facsimile:      312 692 1718
neimer@eimerstahl.com
vjacobsen@eimerstahl.com

*Attorneys for Defendant LG Electronics USA, Inc.*

MDL No. 1917
Case No. 07-cv-5944-JST
JOINT CASE MANAGEMENT CONFERENCE STATEMENT