1  R. Christopher Gilreath (BPR#18667)
   GILREATH & ASSOCIATES, PLLC
2  200 Jefferson Avenue, Suite 711
   Memphis, TN 38103
3  (901) 527-0511 *telephone*
   (901) 527-0514 *facsimile*
4  cgilreath@sidgilreath.com

5  *Attorney for Indirect Purchaser Objectors*
   *Alicia Schnieder and Kirby Thornton*

6

7

8                    **UNITED STATES DISTRICT COURT**

9              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10
                                              Case No. 07-cv-05944-JST
11  IN RE: CATHODE RAY TUBE (CRT)
    ANTITRUST LITIGATION                      **DECLARATION OF R.**
12  _____            **CHRISTOPHER GILREATH**

13  This Document Relates to:

14
    INDIRECT PURCHASER ACTIONS FOR
15  THE 22 STATES

16  _____

17          I, R. Christopher Gilreath, being duly sworn, hereby declare as follows:

18          1.      I am an attorney, duly licensed in Tennessee, Arkansas, and the District of Columbia,

19  and admitted to practice in multiple federal courts.  I am the managing attorney of Gilreath &

20  Associates, PLLC in Memphis, Tennessee, with a principal practice address of 200 Jefferson

21  Avenue, Suite 711, Memphis, Tennessee 38103.

22
            2.      I was retained by two individuals seeking to submit objections to settlements known
23
    as the "2016 settlements" involving indirect purchasers of CRT products.  One individual, Alicia
24
    Schnieder, was a resident of Arizona during the relevant purchase period.  The other individual,
25
    Kirby Thornton, was a resident of Tennessee during the relevant purchase period. Both individuals
26
    purchased CRT Products and were indirect purchasers.
27

28

3.      According to the approved Notice of Settlement, the procedure for objections was set forth, requiring submission of objections in writing, to then be sent to the following address:

> Class Action Clerk
> United States District Court for the
> Northern District of California
> 1301 Clay Street, Suite 400 S
> Oakland, CA 94612

4.      Neither Alicia Schnieder nor Kirby Thornton received prior written notice announcing the settlement, nor the requirements for submitting an objection. All information obtained by them concerning direction to submit objections was obtained from the website established to notify class members of the settlement and claims process: https://crtclaims.com.

5.      Kirby Thornton and Alicia Schnieder submitted written objections satisfying all stated requirements according to https://crtclaims.com/objections/. *See Exhibit A.*

6.      I received the original signed objections from Kirby Thornton and Alicia Schnieder on May 28, 2020. That same day, I caused a U.P.S. Overnight letter envelope to be created, to send the notices to the designated Clerk of Court by the deadline of May 29, 2020. *See Exhibit B.* Article No. 1Z 51E 5R5 30 9952 5497 was submitted to U.P.S. on May 28, 2020 for delivery to the Court by May 29, 2020. *See Exhibit C.*

7.      According to published information by the Northern District of California, the Clerk's office in Oakland is open to public access from 7:00 a.m. to 5:00 p.m. *See* https://www.cand.uscourts.gov/about/locations/?et_open_tab=et_pb_tab_1#location_tabs|1.

8.      On May 29, 2020, U.P.S. attempted to deliver *Exhibit B* to the Clerk of Court as indicated in the Notice of Settlement.   May 29, 2020 was a Friday, and a regularly scheduled business day. During business hours, at approximately 2:45p.m. on May 29, 2020, U.P.S. attempted to deliver *Exhibit B* consistent with directions given by public notice. Delivery was unsuccessful due to the Court's office being closed, despite declared public information to the contrary.

9.      Consistent with regular business standards and security protocols, U.P.S. retained *Exhibit B* to make additional delivery attempts.  During this delivery process, it was not physically possible for myself nor my clients to retrieve *Exhibit B*, since the envelope was kept in Oakland, California, and neither I nor my clients were physically present within the Northern District of California at the time.  Any effort to retrieve the parcel would have resulted in delivery attempts being ceased, and U.P.S. returning the parcel to my office days after the published deadline.

10.     U.P.S. continued to make attempts to deliver *Exhibit B* to the Clerk of Court.  Attempts were made on the following additional days: May 30, June 1, June 2, June 3, and June 4.  On every occasion, U.P.S. was unable to complete delivery due to "emergency situation or severe weather condition."  I tracked the progress of delivery of *Exhibit B* by receiving updates from U.P.S., all of which are identified in detail, kept in the ordinary course of business.  *See Exhibit D.*

11.     On June 5, 2020, U.P.S. made two attempts to deliver *Exhibit B*, but on each occasion, the attempts were unsuccessful due to the Court being closed.  U.P.S. also made a final attempt to deliver *Exhibit B* on June 12, 2020 at 3:13p.m., a Wednesday, during business hours  *See Exhibit D.*

12.     In addition to the Court modifying it's access and hours due to local stay-at-home orders and Federal Judicial Center procedures for Covid-19, regular public access was interrupted by repeated and extended public riots, protests, and closures of public facilities due to the aftermath of the murder of George Floyd in Minneapolis.  *See e.g.* https://www.nbcbayarea.com/news/local/live-blog-george-floyd-protests-in-bay-area/2300442/.  These circumstances presented unpredictable, unforeseen, and unstable conditions temporarily altering the availability of the Clerk of Court to receive objections consistent with the publicized notice.

13.     The circumstances presented made it impossible for my client's objections to be submitted, despite repeated efforts to comply with the Notice and submit objections.  Once the

1  original objections were provided to U.P.S. for delivery, it also became impossible to recover them

2  during the delivery process to attempt any other method of delivery.

3        14.     U.P.S. retained *Exhibit B* until it was returned and received by my office on

4  Wednesday June 17, 2020.

5        15.     At no time did my office, nor Kirby Thornton, nor Alicia Schnieder interfere with

6  delivery of their objections.  Each time attempt was made to deliver their objections, as directed by

7
8  the Court-approved Notice of Settlement, the designated Clerk of Court was unavailable to receive

9  delivery.  Reasonable effort was made to ensure on-time delivery of their objections was rendered an

10 impossibility due to the Clerk's office being unavailable.

11       16.     No option was provided for my client's objections to be filed electronically via ECF.

12 Before receiving my client's written objections, I researched available options to submit the

13 objections.  Only physical delivery was provided in the notice.

14
15       17.     Submitting this declaration was the first available opportunity I had to submit the

16 objections of my clients for consideration.

17
18       I declare under penalty of perjury that the foregoing is true and correct.  This declaration was

19 executed in Memphis, Tennessee this 18th day of June, 2020.

20

21

22

23                                                 R. Christopher Gilreath

24

25

26

27

28

1

2                              **CERTIFICATE OF SERVICE**

3          I hereby certify that the foregoing Declaration of R. Christopher Gilreath was served upon all

4   counsel of record via the Court's ECF system, this 18th day of June, 2020.

5

6

7                                              /s/ R. Christopher Gilreath
                                               R. Christopher Gilreath
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **STATEMENT OF OBJECTION** |
| All Indirect-Purchaser Actions | |

I am a member of the plaintiff class of indirect purchaser plaintiffs in the case called *In re: Cathode Ray Tube (CRT) Antitrust Litigation.*

      I am a class member because I purchased a CRT-containing product in Arizona, and am a member in one or more of the 22 Indirect Purchaser State Classes of end-use purchasers of CRT in the states of Arizona, the District of Columbia, California, Florida, Hawaii, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, and Wisconsin beginning at least March 1, 1995 through at least November 25, 2007.

I object to the settlement in this lawsuit.  My reasons for objecting are:

1. The proposed settlement class should not be certified for lack of adequate representation.
2. The proposed settlement class should not be certified because both Class Counsel and the Class Representatives are inadequate representatives, and some should be conflicted out.
3. Approval of the prior settlement was reviewed by the appeals court who did not affirm approval of the settlement but remanded the case back to the District Court for reconsideration of class certification and final approval, which should have included review of the adequacy of representation by Class Counsel.
4. The delay arising from Class Counsel's improper conduct cost me and all others similarly situated to lose more time and interest.
5. I believe the lawyers who made multiple errors throughout the case will attempt to bill more for the resultant increased costs and time related to their negotiations and work that arise from their inadequate representation and errors.
6. The proposed settlement class should not be certified because the Court never allowed discovery, briefing or oral argument on the issue for which the Ninth Circuit Court of Appeals remanded this matter, including the facts that present Lead Counsel Mario Alioto and other Class Counsels who worked closely with him possess a



Your Signature: _Alicia Schwebn_

Date: _5. 28-2020_

Note:  The objection must be submitted to the Court either by mailing it to the Class Action Clerk at the address below, or by filing it in person at any location of the United States District Court for the Northern District of California.

The deadline to file objections with the Court is May 29, 2020:

Class Action Clerk
United States District Court for the
Northern District of California
1301 Clay Street, Suite 400 S
Oakland, CA 94612

**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944-JST |
| | MDL No. 1917 |
| | **STATEMENT OF OBJECTION** |
| This Document Relates to: | |
| All Indirect-Purchaser Actions | |

I am a member of the plaintiff class of indirect purchaser plaintiffs in the case called *In re: Cathode Ray Tube (CRT) Antitrust Litigation.*

I am a class member because I purchased a CRT-containing product in Tennessee, and am a member in one or more of the 22 Indirect Purchaser State Classes of end-use purchasers of CRT in the states of Arizona, the District of Columbia, California, Florida, Hawaii, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, and Wisconsin beginning at least March 1, 1995 through at least November 25, 2007.

I object to the settlement in this lawsuit. My reasons for objecting are:

1. The proposed settlement class should not be certified for lack of adequate representation.
2. The proposed settlement class should not be certified because both Class Counsel and the Class Representatives are inadequate representatives, and some should be conflicted out.
3. Approval of the prior settlement was reviewed by the appeals court who did not affirm approval of the settlement but remanded the case back to the District Court for reconsideration of class certification and final approval, which should have included review of the adequacy of representation by Class Counsel.
4. The delay arising from Class Counsel's improper conduct cost me and all others similarly situated to lose more time and interest.
5. I believe the lawyers who made multiple errors throughout the case will attempt to bill more for the resultant increased costs and time related to their negotiations and work that arise from their inadequate representation and errors.
6. The proposed settlement class should not be certified because the Court never allowed discovery, briefing or oral argument on the issue for which the Ninth Circuit Court of Appeals remanded this matter, including the facts that present Lead Counsel Mario Alioto and other Class Counsels who worked closely with him possess a

Your Signature: _(signature)_

Date: 5/28/2020

Note:  The objection must be submitted to the Court either by mailing it to the Class Action Clerk at the address below, or by filing it in person at any location of the United States District Court for the Northern District of California.

The deadline to file objections with the Court is May 29, 2020:

Class Action Clerk
United States District Court for the
Northern District of California
1301 Clay Street, Suite 400 S
Oakland, CA 94612

**UPS**    Shipment Receipt       May 28, 2020       1Z51E5R53099525497

## Where

**Ship From**
GILREATH & ASSOCIATES, CHRIS GILREATH
200 JEFFERSON AVE, ST 711, MEMPHIS, TN 38103
CGILREATH@SIDGILREATH.COM, 9015270511

**Ship To**
USDC No Dist CA, Class Action Clerk
1301 Clay Street, Suite 400 S, OAKLAND, CA 94612

## What

**Package 1 - 1Z51E5R53099525497**

| Weight | Dimensions | Reference Numbers | Delivery Confirmation |
|---|---|---|---|
| 0 lbs | UPS Letter | 51E5R5 | |

## Service Details - UPS Next Day Air Saver

Estimated Delivery Friday May 29, 2020 , End of Day

## Payment

Bill Shipping Charges To: Shipper - 51E5R5 - ALICIA SCHNIEDER

## Shipping Total

**Shipping Fees**

| Package 1 | |
|---|---|
| UPS Next Day Air Saver | $44.71 |
| Fuel Surcharge | $0.67 |

**Additional Option Fees**

| Package 1 | |
|---|---|
| Delivery Confirmation | $2.00 |

**Subtotals**

| | |
|---|---|
| **Shipping Fees** | $45.38 |
| **Additional Option Fees** | $2.00 |
| **Combined Charges** | $47.38 |

Transportation Charges: for services listed as guaranteed, refunds apply to transportation charges only. See Terms and Conditions in the Service Guide for details. Certain commodities and high value shipments may require additional transit time for customs clearance.

Rate includes a fuel Surcharge, but excludes taxes, duties and other charges that may apply to the shipment.
Your invoice may vary from the displayed reference rates

Note: This document is not an invoice.

All shipments are subject to the UPS Tariff/Terms and Conditions of Service ("UPS terms") in effect on the date of shipment, which are available at www.ups.com/terms. Pursuant to the UPS Terms, UPS's maximum liability for loss or damage to each domestic package or international shipment is limited to $100, unless the shipper declares a greater value in the declared value field of the UPS shipping system used and pays the applicable charge (in which case UPS's maximum liability is the declared value). Special terms apply to some services and articles. Please review the UPS Terms for liability limits, exclusions from liability, maximum declared values, prohibited items, and other important terms of service. The shipper agrees that in the absence of a greater declared value, $100 value is a reasonable limitation under the circumstances of the transportation. Claims not timely made (generally noticed within sixty days and filed within nine months, but filed within sixty days for international shipments) are deemed waived and will not be paid. See the UPS Terms for details. Under no circumstances will UPS be liable for any special, incidental, or consequential damages.



PLAINTIFF'S
EXHIBIT
B



GILREATH
&ASSOCIATES
PLLC

| One Memphis Place | R. CHRISTOPHER GILREATH | SIDNEY GILREATH |
| 200 Jefferson Avenue | p: 901.527.0511 | R. CHRISTOPHER GILREATH |
| Suite 711 | f: 901.527.0514 | CARY L. BAUER |
| Memphis, Tennessee 38103 | e: chrisgil@sidgilreath.com | TIMOTHY HOUSHOLDER |
| | w: www.sidgilreath.com | GINGER PICKARD |
| | | MATTHEW LONG |

May 28, 2020

*Via UPS Overnight Mail, No. 1Z 51E 5R5 30 9952 5497*

Class Action Clerk
United States District Court for the
Northern District of California
1301 Clay Street, Suite 400 S
Oakland, CA 94612

      RE:    IN RE: Cathode Ray Tube (CRT) Antitrust Litigation
               No. 3:07-cv-5944-JST       MDL No. 1917

Dear Clerk:

Please find enclosed two objections submitted in the above-referenced action. Thank you in
advance for filing the same in this action. Should you need further information concerning these
filings, please do not hesitate to contact me.

Sincerely,

R. Christopher Gilreath


PLAINTIFF'S
EXHIBIT

C

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944-JST |
| | MDL No. 1917 |
| | **STATEMENT OF OBJECTION** |
| This Document Relates to: | |
| All Indirect-Purchaser Actions | |

I am a member of the plaintiff class of indirect purchaser plaintiffs in the case called *In re: Cathode Ray Tube (CRT) Antitrust Litigation*.

I am a class member because I purchased a CRT-containing product in Tennessee, and am a member in one or more of the 22 Indirect Purchaser State Classes of end-use purchasers of CRT in the states of Arizona, the District of Columbia, California, Florida, Hawaii, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, and Wisconsin beginning at least March 1, 1995 through at least November 25, 2007.

I object to the settlement in this lawsuit. My reasons for objecting are:

1. The proposed settlement class should not be certified for lack of adequate representation.
2. The proposed settlement class should not be certified because both Class Counsel and the Class Representatives are inadequate representatives, and some should be conflicted out.
3. Approval of the prior settlement was reviewed by the appeals court who did not affirm approval of the settlement but remanded the case back to the District Court for reconsideration of class certification and final approval, which should have included review of the adequacy of representation by Class Counsel.
4. The delay arising from Class Counsel's improper conduct cost me and all others similarly situated to lose more time and interest.
5. I believe the lawyers who made multiple errors throughout the case will attempt to bill more for the resultant increased costs and time related to their negotiations and work that arise from their inadequate representation and errors.
6. The proposed settlement class should not be certified because the Court never allowed discovery, briefing or oral argument on the issue for which the Ninth Circuit Court of Appeals remanded this matter, including the facts that present Lead Counsel Mario Alioto and other Class Counsels who worked closely with him possess a

conflict with the proposed settlement class and are otherwise are inadequate Class Counsel and must be removed (see Dkt. 5360. Upon information and belief, the lawyers who worked with Lead Counsel Alioto who are inadequate and in conflict and who should be removed include, but are not limited to, Timothy Batten of Straus & Boies, LLP, Christopher Micheletti of Zelle LLP, Robert Gralewski of Kirby McInerney LLP, Lauren Russell and Mario Patane of Trump Alioto Trump & Prescott, LLP.

7      Approval of the prior settlement was overridden and the errors of Lead Counsel and Class Counsel that worked closely with him resulted in a significant delay in each putative Class Members' receipt of the settlement proceeds that continues through this date. The latest move of seeking to again omit certain persons that are entitled by law to recover only invites further appeals. That delay translates into loss of millions of dollars in interest as well as barring us from having had the ability to use the money for many years.

8.     Approval of the prior settlement was overridden and addressing the errors that resulted in the reversal and vacation of the prior settlement required legal work and costs to address. The Class Members should not be forced to pay for the fixing of the errors of Lead Counsel Alioto and Class Counsel that worked closely with him.

9.     No attorney fees or costs should be allowed until the issue of conflict is resolved.

10.    The proposed settlement is not fair, reasonable and adequate and was not negotiated at arm's length.

11.    The proposed settlement does not treat Class Members equitably relative to each other.

12.    I do not believe the Class Representatives or lawyers who negotiated the settlement represented my best interests.

13.    Requiring that Class Members to submit a receipt for the purchase as a condition to object does not treat Class Members equitably relative to each other and is evidence of the inadequacy of the Class Representatives and Class Counsel.

My personal information is:

Name [first, middle, last]: Kirby Allen Thornton

Address: 15 S Evergreen St, Memphis, TN 38104

Phone No.: 865-250-7846

The contact information for my lawyer is:

Name: R. Christopher Gilreath

Address: 200 Jefferson Avenue, Suite 711, Memphis, TN 38103

Phone No.: 901-527-0511    cgilreath@sidgilreath.com

Your Signature: _____

Date: _____5/28/2020_____

Note:  The objection must be submitted to the Court either by mailing it to the Class Action Clerk at the address below, or by filing it in person at any location of the United States District Court for the Northern District of California.

The deadline to file objections with the Court is May 29, 2020:

Class Action Clerk
United States District Court for the
Northern District of California
1301 Clay Street, Suite 400 S
Oakland, CA 94612

**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944-JST |
| | MDL No. 1917 |
| | **STATEMENT OF OBJECTION** |
| This Document Relates to: | |
| All Indirect-Purchaser Actions | |

I am a member of the plaintiff class of indirect purchaser plaintiffs in the case called *In re: Cathode Ray Tube (CRT) Antitrust Litigation.*

I am a class member because I purchased a CRT-containing product in Arizona, and am a member in one or more of the 22 Indirect Purchaser State Classes of end-use purchasers of CRT in the states of Arizona, the District of Columbia, California, Florida, Hawaii, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, and Wisconsin beginning at least March 1, 1995 through at least November 25, 2007.

I object to the settlement in this lawsuit. My reasons for objecting are:

1. The proposed settlement class should not be certified for lack of adequate representation.

2. The proposed settlement class should not be certified because both Class Counsel and the Class Representatives are inadequate representatives, and some should be conflicted out.

3. Approval of the prior settlement was reviewed by the appeals court who did not affirm approval of the settlement but remanded the case back to the District Court for reconsideration of class certification and final approval, which should have included review of the adequacy of representation by Class Counsel.

4. The delay arising from Class Counsel's improper conduct cost me and all others similarly situated to lose more time and interest.

5. I believe the lawyers who made multiple errors throughout the case will attempt to bill more for the resultant increased costs and time related to their negotiations and work that arise from their inadequate representation and errors.

6. The proposed settlement class should not be certified because the Court never allowed discovery, briefing or oral argument on the issue for which the Ninth Circuit Court of Appeals remanded this matter, including the facts that present Lead Counsel Mario Alioto and other Class Counsels who worked closely with him possess a

conflict with the proposed settlement class and are otherwise are inadequate Class Counsel and must be removed (*see* Dkt. 5360. Upon information and belief, the lawyers who worked with Lead Counsel Alioto who are inadequate and in conflict and who should be removed include, but are not limited to, Timothy Batten of Straus & Boies, LLP, Christopher Micheletti of Zelle LLP, Robert Gralewski of Kirby McInerney LLP, Lauren Russell and Mario Patane of Trump Alioto Trump & Prescott, LLP.

7. Approval of the prior settlement was overridden and the errors of Lead Counsel and Class Counsel that worked closely with him resulted in a significant delay in each putative Class Members' receipt of the settlement proceeds that continues through this date. The latest move of seeking to again omit certain persons that are entitled by law to recover only invites further appeals. That delay translates into loss of millions of dollars in interest as well as barring us from having had the ability to use the money for many years.

8. Approval of the prior settlement was overridden and addressing the errors that resulted in the reversal and vacation of the prior settlement required legal work and costs to address. The Class Members should not be forced to pay for the fixing of the errors of Lead Counsel Alioto and Class Counsel that worked closely with him.

9. No attorney fees or costs should be allowed until the issue of conflict is resolved.

10. The proposed settlement is not fair, reasonable and adequate and was not negotiated at arm's length.

11. The proposed settlement does not treat Class Members equitably relative to each other.

12. I do not believe the Class Representatives or lawyers who negotiated the settlement represented my best interests.

13. Requiring that Class Members to submit a receipt for the purchase as a condition to object does not treat Class Members equitably relative to each other and is evidence of the inadequacy of the Class Representatives and Class Counsel.

My personal information is:

Name *[first, middle, last]*: Alicia Jeanne Schnieder

Address: 5544 Montpelier Drive, Bartlet, TN. 38134

Phone No.: 901-524-8428

The contact information for my lawyer is:

Name: R. Christopher Gilreath

Address: 200 Jefferson Avenue, Suite 711, Memphis, TN 38103

Phone No.: 901-527-0511   cgilreath@sidgilreath.com

Your Signature: _Alicia Schrader_

Date: _5.28-2020_

Note:  The objection must be submitted to the Court either by mailing it to the Class Action Clerk at the address below, or by filing it in person at any location of the United States District Court for the Northern District of California.

The deadline to file objections with the Court is May 29, 2020:

Class Action Clerk
United States District Court for the
Northern District of California
1301 Clay Street, Suite 400 S
Oakland, CA 94612



# Tracking Details

## UPS My Choice® for Business Is the Easy Way to Track and Manage All Your Shipments Online.

Sign Up for Free (https://www.ups.com/us/en/services/tracking/my-choice-for-business.page?campaign_id=mvttlpumc4bf&mvttlpumc4bf)

1Z51E5R53099525497

**Updated:** 06/17/2020 5:13 P.M. EST

# Returning to Sender



**Scheduled Delivery**

Please check back later for scheduled delivery.

View delivery time window with UPS My Choice®.
Continue ❯ (https://www.ups.com/doapp/SignUpMyChoice?loc=en_US&returnto=https%3A%2F%2Fwww.ups.com%2Ftrack%3Floc%3Den_US%2Fredirect)

Send Updates

Delivery Options

**Return To**
MEMPHIS, TN, US

**Ask UPS**

PLAINTIFF'S
EXHIBIT

D

We care about the security of your package. Log in () to get more details about your delivery.

## Shipment Progress                                                    ⌃

| | Overview | Detailed View |
|---|---|---|

| | Date | Location | Activity |
|---|---|---|---|
| ⊙ Delivery | - | - | - |
| ⊼ **Final Delivery Attempted** | **06/12/2020 3:13 P.M.** | **Oakland, CA, United States** | **The receiving business was closed at the time of the final delivery attempt. / The package will be returned to the sender.** |
| | 06/05/2020 6:06 P.M. | Oakland, CA, United States | The receiving business was closed at the time of the final delivery attempt. |
| | 06/05/2020 3:03 P.M. | Oakland, CA, United States | The receiving business was closed at the time of the final delivery attempt. |
| | 06/05/2020 9:20 A.M. | Oakland, CA, United States | Out For Delivery Today |
| | 06/05/2020 5:50 A.M. | Oakland, CA, United States | Destination Scan |

**Ask UPS**

| Date | Location | Activity |
|---|---|---|
| 06/04/2020  7:59 P.M. | Oakland, CA, United States | Destination Scan |
| 06/04/2020  10:51 P.M. | Oakland, CA, United States | An emergency situation or severe weather condition has delayed delivery until the next business day. |
| 06/04/2020  9:13 A.M. | Oakland, CA, United States | Out For Delivery Today |
| 06/04/2020  6:09 A.M. | Oakland, CA, United States | Destination Scan |
| 06/03/2020  10:00 A.M. | Oakland, CA, United States | An emergency situation or severe weather condition has delayed delivery. / Delivery will be delayed by one business day. |
| 06/03/2020  3:00 A.M. | Oakland, CA, United States | Destination Scan |
| 06/02/2020  11:39 P.M. | Oakland, CA, United States | Arrived |
| 06/02/2020  10:59 P.M. | South San Francisco, CA, United States | Departed |
| 06/02/2020  7:42 P.M. | Oakland, CA, United States | An emergency situation or severe weather condition has delayed delivery until the next business day. |
| 06/02/2020  9:13 A.M. | Oakland, CA, United States | Out For Delivery Today |

**Ask UPS**

| Date | Location | Activity |
|------|----------|----------|
| 06/01/2020 7:41 P.M. | Oakland, CA, United States | An emergency situation or severe weather condition has delayed delivery until the next business day. |
| 06/01/2020 8:56 A.M. | Oakland, CA, United States | Out For Delivery Today |
| 05/30/2020 9:55 P.M. | Oakland, CA, United States | An emergency situation or severe weather condition has delayed delivery until the next business day. |
| 05/30/2020 7:39 A.M. | Oakland, CA, United States | Destination Scan |
| 05/29/2020 2:45 P.M. | Oakland, CA, United States | The receiving business was closed at the time of the first delivery attempt. A second attempt will be made. |
| 05/29/2020 9:31 A.M. | Oakland, CA, United States | Out For Delivery Today |
| 05/29/2020 8:29 A.M. | Oakland, CA, United States | Loaded on Delivery Vehicle |
| 05/29/2020 7:48 A.M. | Oakland, CA, United States | Destination Scan |
| 05/29/2020 6:33 A.M. | Oakland, CA, United States | Arrived |
| 05/29/2020 6:23 A.M. | Oakland, CA, United States | Departed |

**Ask UPS**

| | | Date | Location | Activity |
|---|---|---|---|---|
| | | 05/29/2020  5:12 A.M. | Oakland, CA, United States | Arrived |
| | | 05/29/2020  5:20 A.M. | Oakland, CA, United States | An emergency situation or severe weather condition has delayed delivery. / Your shipment is scheduled to arrive today after the delivery commitment time. |
| | | 05/29/2020  3:53 A.M. | Louisville, KY, United States | Departed |
| | | 05/29/2020  12:47 A.M. | Louisville, KY, United States | Arrived |
| | | 05/28/2020  10:09 P.M. | Memphis, TN, United States | Departed |
| | | 05/28/2020  9:26 P.M. | Memphis, TN, United States | Origin Scan |
| | Shipped | 05/28/2020  6:53 P.M. | Memphis, TN, United States | Pickup Scan |
| | Label Created | 05/28/2020  1:51 P.M. | United States | Order Processed: Ready for UPS |

## Shipment Details                                                           ︿

**Service**
UPS 3 Day Select® ⤢  (https://www.ups.com/content/us/en/shipping/time/service/three_day.html)

**Weight**
0.00 LBS

**Alternate Tracking Number(s)**

1Z51E5R51299525495                                                    **Ask UPS**

Show More  +

## Track

Help ↗

[                                                                    ]

( Track )

Copyright ©1994- 2020 United Parcel Service of America, Inc. All rights reserved.

**Ask UPS**