UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-05944-JST<br><br>**ORDER DENYING MOTION TO STAY**<br>Re: ECF No. 5718 |

Before the Court is Other Repealer States' and Non-Repealer States' motion for a stay of the Court's March 11, 2020 order granting motion for preliminary approval. ECF No. 5718. The Court will deny the motion.

## I.    BACKGROUND

The facts regarding this case are well known to the parties, and the Court summarizes them here only insofar as they bear on the present motions. In February 2008, the Judicial Panel on Multidistrict Litigation ("JPML") ordered the centralization of actions alleging that certain defendants conspired to fix prices of cathode ray tubes ("CRTs"). *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 536 F. Supp. 2d 1364 (J.P.M.L. 2008). In 2015, one group of plaintiffs – the Indirect Purchaser Plaintiffs ("IPP Plaintiffs") – reached class action settlements with six groups of corporate defendants: Philips, Panasonic, Hitachi, Toshiba, Samsung, and Thomson/TDA. ECF No. 4712 at 1; ECF No. 5695 at 2.

The settlements included a "Nationwide Class" of "[a]ll persons and or entities who or which indirectly purchased in the United States for their own use and not for resale, CRT Products manufactured and/or sold by the Defendants." *See* ECF No. 1526 at 59-60; ECF Nos. 3862-1, 3862-2, 3862-3, 3862-4, 3862-5; ECF No. 3876-1 (adopting the class definitions set forth in the

operative complaint).  The agreements also included Statewide Damages Classes of indirect purchasers of CRT products seeking money damages under the laws of 21 states and the District of Columbia ("22 Indirect Purchaser State Classes").  *See id.*  The settlements resolved all federal and state-law claims brought by the IPP Plaintiffs against the settling Defendants and provided monetary compensation for class members in the 22 Indirect Purchaser State Classes.  *See* ECF No. 3862-1 at 8; ECF No. 3862-2 at 8; ECF No. 3862-3 at 8; ECF No. 3862-4 at 8; ECF No. 3862-5 at 8; ECF No. 3876-1 at 9-10.  However, the agreements did not provide compensation for persons or entities in certain other states, which collectively are now denominated the Omitted Repealer[1] State subclass ("ORS Subclass").[2]  The settlement also provided no compensation to persons or entities in states whose laws do not provide for recovery to indirect purchasers ("non-repealer states"), now denominated the Non-Repealer State subclass ("NRS Subclass").[3]  *See* ECF Nos. 3862-1, 3862-2, 3862-3, 3862-4, 3862-5, 3876-1.  Even though they received no compensation, the settlements required members of the ORS and NRS Subclasses to release their claims for injunctive relief, equitable monetary relief, and damages.

On July 7, 2016, this Court granted final approval of the six settlement agreements.  ECF No. 4712 at 1.  Two objectors sought appeal of this decision in the Ninth Circuit.  ECF No. 4741.

---

[1] In *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), the Supreme Court held that only direct purchasers could recover damages for price-fixing under Section 4 of the Clayton Act.  *Id.* at 735.  As the Ninth Circuit has summarized, the Supreme Court "barred indirect purchasers' suits, and left the field of private antitrust enforcement to the direct purchasers." *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323, 325 (9th Cir. 1980).  In response to the Illinois Brick decision, many states passed so-called "Illinois Brick repealer statutes," which give indirect purchasers the right to sue when firms violate analogous state antitrust laws.  *See, e.g.,* Robert H. Lande, New Options for State Indirect Purchaser Legislation: Protecting the Real Victims of Antitrust Violations, 61 Ala. L. Rev. 447, 448 (2010).  Such states are referred to a "repealer states."  A state which has not enacted such a statute is referred to as a "non-repealer state."

[2] The ORS Subclass in its current iteration consists of Indirect Purchaser Plaintiffs in the following states: Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah.  ECF No. 5518 at 1; ECF No. 5645 at 2.  The parties now use the "ORS" abbreviation to signify "other repealer states" rather than "omitted repealer states." ECF No. 5645 at 1 n.1.

[3] The NRS Subclass consists of Indirect Purchaser Plaintiffs in the following Non-Repealer States: Alabama, Alaska, Colorado, Connecticut, Delaware, Georgia, Idaho, Illinois, Indiana, Kentucky, Louisiana, Maryland, New Jersey, Ohio, Oklahoma, Pennsylvania, Texas, Virginia, Washington, and Wyoming.  ECF No. 5518 at 2.

On November 8, 2018, this Court issued an order in which it concluded that it erred in approving the settlement provision which required class members in the ORS Subclass to release their claims without compensation. *See* ECF No. 5362 at 1. The order expressed "concerns about the adequacy of the counsel who negotiated that settlement or whether they may have faced a conflict of interest." *Id.* at 1. In response, the Ninth Circuit remanded "this case so that the district court [could] reconsider its approval of the settlement." *See In re Cathode Ray Tube Antitrust Litig.*, No. 16-16368 (9th Cir. Feb. 13, 2009), ECF No. 238 at 11.

On remand, this Court confirmed the existing lead counsel for the IPP Plaintiffs and appointed separate counsel for the unnamed ORS Subclass and NRS Subclass. ECF Nos. 5535, 5518. The Court then referred the matter to Magistrate Judge Corley for settlement. ECF No. 5427. Thereafter, counsel for IPP Plaintiffs and seven defendants engaged in mediation sessions and agreed to amend the settlements. ECF No. 5531; ECF No. 5587-1 ¶¶ 2-3. In order to "remove potential conflicts of interests that could result from differences in claims and relief sought by the 22 Indirect Purchaser State Classes verses the ORS and NRS Subclasses," the amended settlements "narrow[ed] the settlement Class to include only the 22 Indirect Purchaser State Classes." ECF No. 5695 at 11; *see* ECF No. 5587 at 16; ECF No. 5587-1. Accordingly, the amended settlements only release the claims of members of the 22 Indirect Purchaser State Classes. ECF No. 5695 at 5; ECF No. 5587 at 16; ECF No. 5587-1. On September 16, 2019, the IPP Plaintiffs filed a motion for preliminary approval of the amended settlements. ECF No. 5587. The Court granted preliminary approval, provisionally certified the proposed class, approved the proposed notice procedure, and scheduled a final approval hearing for July 8, 2020. ECF No. 5695 at 19.

On August 23, 2019, NRS Subclass member Eleanor Lewis and several members of the ORS Subclass moved to intervene in this litigation and file an amended complaint. ECF Nos. 5565, 5567. The Court denied these motions without prejudice. ECF No. 5626 at 3; ECF No. 5628 at 3. In November 2019, Lewis and the ORS Subclass filed renewed motions to intervene. ECF Nos. 5643, 5645. The Court denied the renewed motions and directed movants to "file their claims in the appropriate forum(s) and seek transfer from the JPML or, if properly filed in the

3

Northern District of California, 'request assignment of [their] actions to the Section 1407 transferee judge in accordance with applicable local rules.'" ECF No. 5684 at 6 (quoting J.P.M.L. R. 7.2(a)). Thereafter, Lewis and the ORS Subclass filed motions to alter or amend the Court's order denying their renewed motions to intervene. ECF No. 5688, 5689. The Court denied these motions. ECF No. 5708.

In April 2020, Lewis and the ORS Subclass appealed the following of this Court's orders to the United Sates Court of Appeal for the Ninth Circuit: (1) Order Denying Eleanor Lewis's Motion to Intervene and File an Amended Complaint, ECF No. 5626; (2) Order Denying Motion to Intervene and Amend Complaint to Allege State Law Claims for the Other Repealer States, ECF No. 5628; (3) Order Denying Renewed Motions to Intervene, ECF No. 5684; (4) Order Denying Motion to Alter or Amend the Court's Order, ECF No. 5708; and (5) Order Granting Preliminary Approval, ECF No. 5695.[4] ECF Nos. 5709, 5711, 5712, 5713. Then, the ORS and NRS Subclasses filed a motion to stay all approval proceedings for IPP Plaintiffs' amended settlements pending resolution of their appeals. ECF No. 5718. IPP Plaintiffs and the Samsung Defendants[5] oppose this motion. ECF Nos. 5726, 5727. The ORS and NRS Subclasses have filed a reply. ECF No. 5731.

## II.     JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III.    LEGAL STANDARD

A court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal

---

[4] On June 9, 2020, the Ninth Circuit issued an order concluding that it lacks jurisdiction to review this Court's order granting preliminary approval of the class settlement. ECF No. 5738 at 4.

[5] The Samsung Defendants consist of Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.; Tianjin Samsung SKI Co., Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd. ECF No. 5726 at 1.

alterations, citations, and quotations omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Al Otro Lado v. Wolf*, 952 F.3d 999, 1006 (9th Cir. 2020) (quoting *Nken*, 556 U.S. at 433-34).

When deciding a motion to stay an order pending appeal, courts consider four factors: (1) "whether the stay applicant has made a strong showing that he is likely to succeed on the merits," (2) "whether the applicant will be irreparably injured absent a stay," (3) "whether issuance of the stay will substantially injure the other parties interested in the proceeding," and (4) "where the public interest lies." *Nken*, 556 U.S. at 426 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "'The first two factors . . . are the most critical'; the last two are reached only '[o]nce an applicant satisfies the first two factors.'" *Al Otro Lado*, 952 F.3d at 1007 (quoting *Nken*, 556 U.S. at 434-35). "[I]f a stay applicant cannot show irreparable harm, 'a stay may not issue, regardless of the petitioner's proof regarding the other stay factors.'" *Doe #1 v. Trump*, 957 F.3d 1050, 1062 (9th Cir. 2020) (quoting *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011)).

## IV. DISCUSSION

Because the court may not issue a stay if the applicant fails to show irreparable harm, the Court begins its analysis with consideration of this factor. *See Doe #1*, 957 F.3d at 1058. "An applicant for a stay pending appeal must show that a stay is necessary to avoid likely irreparable injury to the applicant while the appeal is pending." *Al Otro Lado*, 952 F.3d at 1007 (citing *Nken*, 556 U.S. at 434). "'[S]imply showing some possibility of irreparable injury' is insufficient." *Id.* (quoting *Leiva-Perez*, 640 F.3d at 968). Rather, an applicant must show "that irreparable injury is likely to occur during the period before the appeal is likely to be decided." *Id.* (citing *Leiva-Perez*, 640 F.3d at 968).

The ORS and NRS Subclasses argue that a stay is warranted because, if IPP Plaintiffs' amended settlements become final during the appeals, "*it is possible* that there will be no 'action' in which they can intervene, even if the Ninth Circuit rules that they satisfy the criteria for intervention as of right in the cases now pending." ECF No. 5718 at 13 (emphasis added); *see* ECF No. 5731 at 2 (arguing that final approval of the amended settlements would "drop [their]

5

1  federal claims before the ORS and NRS Plaintiffs could intervene and amend the complaint").
2  The ORS and NRS Subclasses also note that there exits "*uncertainty* surrounding whether [their]
3  pending appeal will be rendered moot" in the event that "this Court grant[s] final approval of the
4  proposed settlement[s]." *Id.* at 13-14 (emphasis added).  These statements of "some possibility of
5  irreparable harm" are insufficient to meet the "minimum threshold showing" that "irreparable
6  harm is likely to occur."  *Al Otro Lado*, 952 F.3d at 1007.

Moreover, contrary to the ORS and NRS Subclasses' assertions, the Court's final approval of IPP Plaintiffs' amended settlements will not terminate the MDL.  The amended settlements resolve the actions between the 22 Indirect Purchaser State Classes and seven groups of corporate defendants.  ECF No. 5531; ECF No. 5587-1 ¶¶ 2-3.  The settlements do not release any of the ORS or NRS Subclasses' claims[6] and do not resolve IPP Plaintiffs' claims against several remaining defendants within the MDL.[7]  As such, the underlying MDL will not be eliminated upon final approval of the proposed settlement between a particular subset of the classes and defendants contained therein.

Neither will IPP Plaintiffs' operative Fifth Consolidated Amended Complaint ("CAC") disappear.  ECF No. 5589.  In addition to the settling 22 Indirect Purchaser State Classes, the CAC alleges a Nationwide Class, which includes the ORS and NRS Subclasses.  ECF No. 5589 ¶ 243.  It also includes several non-settling defendants.  *See* ECF No. 5589 ¶¶ 95-98, 109-115.  Thus, if the Ninth Circuit concludes that the ORS and NRS Subclasses are entitled to intervene in this action, both the MDL and the CAC which the Subclasses seek to amend[8] would likely still exist at

---

[6] The amended settlements "narrow[] the settlement Class to include only the 22 Indirect Purchaser State Classes."  ECF No. 5695 at 11; *see* ECF No. 5587 at 16; ECF No. 5587-1.  Accordingly, the settlements only release the claims of members of the 22 Indirect Purchaser State Classes.  ECF No. 5695 at 5; ECF No. 5587 at 16; ECF No. 5587-1.

[7] IPP Plaintiffs continue to litigate their claims against Irico Group Corporation, Irico Display Devices Co., Ltd., and Mitsubishi Electric Corporation.  *See* ECF No. 5589 ¶¶ 95-98, 109-115 (IPP Plaintiff's Fifth Consolidated Amended Complaint).

[8] In its order denying their initial motions to intervene, the Court found that the unnamed ORS and NRS Subclasses could not intervene in the MDL by attempting to amend the CAC.  ECF No. 5626, 5628 ("[T]here is the practical reality that [NRS and ORS Movants] are attempting to amend someone else's complaint.  They cite no authority permitting a proposed intervenor to take such a step, and the Court concludes it is not allowed.").

6

that time.  While "it is possible that there will be no 'action' in which they can intervene," ECF No. 5718 at 13, the ORS and NRS Subclasses make no showing that this outcome is "likely to occur."  *Al Otro Lado*, 952 F.3d at 1007 ("[S]imply showing some possibility of irreparable injury is insufficient.  The minimum threshold showing for a stay pending appeal requires that irreparable injury is likely to occur during the period before the appeal is likely to be decided." (internal quotation marks and citations omitted)).

Each remaining allegation of irreparable harm stems from the mistaken assertion that final approval of the amended settlements will eliminate the action in which the ORS and NRS Subclasses seek to intervene.  *See, e.g.,* ECF No. 5718 at 13 (arguing that the ORS and NRS Subclasses' appeals may be dismissed as moot if there is no action in which they can intervene); ECF No. 5718 at 8 (arguing that the ORS and NRS Subclasses' ability to invoke the relation back doctrine in response to a timeliness challenge may be hindered if there is "no proceeding in which to intervene" and no "complaint within an already-pending action").  Therefore, these alleged injuries are unfounded.

Finally, the Court notes that the ORS and NRS Plaintiffs recently appealed to the Ninth Circuit this Court's orders (1) denying their motions to intervene and (2) granting preliminary approval of the IPP class settlement.  *See Indirect Purchaser Plaintiffs v. Toshiba Corp.*, Case No. 20-15697 (9th Cir.).   The Ninth Circuit concluded that it lacked jurisdiction over the order preliminarily approving the settlement and dismissed that portion of the appeal.  *Id.*, ECF No. 20 (9th Cir. June 9, 2020).  In so doing, that court observed that the ORS and NRS Subclasses could move to intervene after final approval for the purpose of appealing the denial of their objections to the settlement.  *Id.* at 4.  If this Court were to deny that motion, the denial could be immediately appealed.  *Id.*

The ORS and NRS Subclasses have failed to "show that a stay is necessary to avoid likely irreparable injury . . . while the appeal is pending."  *Al Otro Lado*, 952 F.3d at 1007 (citation omitted) ("The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.").  Accordingly, "a stay may not issue."  *Doe #1*, 957 F.3d at 1062 (internal quotation marks and citation omitted).

7

**CONCLUSION**

For the foregoing reasons, the Court denies the ORS and NRS Subclasses' motion to stay.

**IT IS SO ORDERED.**

Dated:  June 25, 2020



_____
JON S. TIGAR
United States District Judge