ALLEN & OVERY LLP
John Roberti (*pro hac vice*)
Andrew Rhys Davies (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399
Email: john.roberti@allenovery.com
       andrewrhys.davies@allenovery.com

*Attorneys for Defendants Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd.*

[Additional Responding Parties and Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.: 07-cv-05944 JST<br><br>MDL No. 1917 |
| This document relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **DEFENDANTS' RESPONSE TO MOTION TO INTERVENE TO PRESENT OBJECTIONS TO IPP SETTLEMENTS AND APPEAL A FINAL JUDGMENT IF JUDGMENT IS ENTERED (ECF No. 5754)**<br><br>Date:      July 22, 2020<br>Time:      2:00 p.m.<br>Judge:     Hon. Jon S. Tigar<br>Courtroom: 6, 2nd Floor |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT ....................................................................................................................................... 2

    THE COURT SHOULD DENY THE MOTION TO INTERVENE .................................. 2

        A.    The Court Should Deny Movants' Unsupported, Untimely Request to Intervene for the Purpose of Presenting Objections that They Lack Standing to Assert ................................................................................................ 2

            1.    The motion to intervene to object to the amended settlements should be denied because Movants do not explain why they should be permitted to intervene for that purpose .................................. 2

            2.    Intervention to object to the amended settlements should also be denied because Movants' nine-month delay in seeking intervention renders their motion untimely .................................................................. 3

            3.    Movants should not be permitted to intervene to present objections that they lack standing to assert ........................................................ 5

        B.    Because the Amended Settlements Preserve Movants' Claims, They Lack Both Article III Standing and the Interest Required for Intervention for Purposes of Appeal ......................................................................................... 6

CONCLUSION .................................................................................................................................. 11

## TABLE OF AUTHORITIES

**Page(s)**                                                                                                                **Cases**

*Alameda Newspapers, Inc. v. City of Oakland*,
　95 F.3d 1406 (9th Cir. 1996) ......................................................................................7

*Arizonans for Official English v. Arizona*,
　520 U.S. 43 (1997) ....................................................................................................7

*Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*,
　309 F.3d 1113 (9th Cir. 2002) ....................................................................................4

*Canatella v. California*,
　404 F.3d 1106 (9th Cir. 2005) ....................................................................................9

*Churchill Village, L.L.C. v. General Electric*,
　361 F.3d 566 (9th Cir. 2004) ....................................................................................10

*Ctr. for Biological Diversity v. Exp.-Imp. Bank of the United States*,
　894 F.3d 1005 (9th Cir. 2018) ....................................................................................9

*Devlin v. Scardelletti*,
　536 U.S. 1 (2002) ......................................................................................................10

*Food Mktg. Inst. v. Argus Leader Media*,
　139 S. Ct. 2356 (2019) ................................................................................................7

*Hilao v. Estate of Marcos*,
　393 F.3d 987 (9th Cir. 2004) ....................................................................................10

*In re Equity Funding Corp. of Am. Sec. Litig.*,
　603 F.2d 1353 (9th Cir. 1979) ....................................................................................4

*In re First Capital Holdings Corp. Fin. Prod. Sec. Litig.*,
　33 F.3d 29 (9th Cir. 1994) ..........................................................................................4

*In re Vitamins Antitrust Class Actions*,
　215 F.3d 26 (D.C. Cir. 2000) ......................................................................................6

*League of United Latin Am. Citizens v. Wilson*,
　131 F.3d 1297 (9th Cir. 1997) ...............................................................................3, 4

*Legal Aid Soc. of Alameda Cty. v. Brennan*,
　608 F.2d 1319 (9th Cir. 1979) ........................................................................6, 7, 8, 9

*Lujan v. Defs. of Wildlife*,
　504 U.S. 555 (1992) ...................................................................................................8

*Mass. Sch. of Law at Andover, Inc. v. United States*,
    118 F.3d 776 (D.C. Cir. 1997) .................................................................................................. 8

*Monsanto Co. v. Geertson Seed Farms*,
    561 U.S. 139 (2010) ................................................................................................................. 7

*Pellegrino v. Nesbit*,
    203 F.2d 463 (9th Cir. 1953) ................................................................................................... 7

*Salmon Spawning & Recovery All. v. Gutierrez*,
    545 F.3d 1220 (9th Cir. 2008) ............................................................................................... 10

*Sekiya v. Gates*,
    508 F.3d 1198 (9th Cir. 2007) ................................................................................................. 2

*Spangler v. Pasadena City Bd. of Ed.*,
    552 F.2d 1326 (9th Cir. 1977) ............................................................................................. 5, 7

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016) ............................................................................................................. 8

*Tom Ver LLC v. Organic All., Inc*,
    No. 13-cv-03506-LHK, 2015 WL 6957483 (N.D. Cal. Nov. 11, 2015) .................................. 2

*United Airlines, Inc. v. McDonald*,
    432 U.S. 385 (1977) ............................................................................................................ 7, 8

*United States v. Alisal Water Corp.*,
    370 F.3d 915 (9th Cir. 2004) ................................................................................................ 5, 7

*United States v. Chow*,
    No. 14-cr-00196 CRB, 2016 WL 3098238 (N.D. Cal. June 2, 2016) ..................................... 2

*United States v. Sprint Commc'ns, Inc.*,
    855 F.3d 985 (9th Cir. 2017) ................................................................................................... 8

*W. Coast Seafood Processors Ass'n v. Nat. Res. Def. Council, Inc.*,
    643 F.3d 701 (9th Cir. 2011) ................................................................................................... 9

*Waller v. Fin. Corp. of Am.*,
    828 F.2d 579 (9th Cir. 1987) ................................................................................................... 6

*Yniguez v. State of Ariz.*,
    939 F.2d 727 (9th Cir. 1991) ................................................................................................... 8

**Other Authorities**

Civ. R. 7-2(b)(4) ............................................................................................................................. 2

Civ. R. 7-4(a)(5) ............................................................................................................... 2

Fed. R. Civ. P. 24 ........................................................................................................ 3, 7, 8

## **PRELIMINARY STATEMENT**

Non-repealer-state purchaser Eleanor Lewis and some of the so-called omitted-repealer-state purchasers (together, "Movants") now seek to intervene for two separate purposes: (1) to present their objections to the amended settlements; and (2) to appeal from a future judgment finally approving the amended settlements. Both requests are meritless, so the motion should be denied in its entirety.

Intervention for the purpose of objecting to the amended settlements should be denied for three reasons. *First*, that request is entirely unsupported by argument or authority demonstrating that Movants are entitled to such relief. *Second*, the request is untimely, in light of Movants' nine-month delay in moving to intervene after the amended settlements were filed. *Third*, Movants cannot intervene because the amended settlements do not impair their interests. Granting intervention here would improperly circumvent the rule that non-settlement-class members whose claims are preserved lack standing to object to a settlement.

The request for intervention for purposes of appealing the approval of the amended settlements is equally meritless. Movants are not assisted by the Ninth Circuit's recent order, which noted that Movants could appeal the *denial* of a *post*-judgment motion to intervene for purposes of appeal. As a threshold matter, their present request to intervene for purposes of appeal is premature because the Court has not yet entered a judgment approving the amended settlements. But the request fails on the merits, too. Because the amended settlements preserve their claims, Movants have no appealable interest in a future judgment approving those settlements. The injury that Movants contend such a judgment will cause them—the mooting of their pending appeals from the denial of their prior intervention motions, resulting in the loss of their relation-back argument—is illusory. Approval of the amended settlements need not moot their pending appeals, and, in any event, Movants' claims are time-barred even if their pending intervention appeals are successful.

# ARGUMENT

# THE COURT SHOULD DENY THE MOTION TO INTERVENE

### A. The Court Should Deny Movants' Unsupported, Untimely Request to Intervene for the Purpose of Presenting Objections that They Lack Standing to Assert

The Court should not permit Movants to intervene in order to present their objections to the amended settlements. *First*, Movants offer no support for their request, and thereby fail to satisfy their burden as movants. *Second*, their motion is untimely. Movants have been aware since September 2019 that they lack standing to object to the amended settlements, yet they delayed so long in moving for intervention that the earliest hearing date for this motion is after the final-approval hearing. *Finally*, the Court should not permit Movants to intervene in order to circumvent the rule that *non*-class members whose claims are *preserved* by a settlements lack standing to object.

#### 1. The motion to intervene to object to the amended settlements should be denied because Movants do not explain why they should be permitted to intervene for that purpose

The Court should deny Movants' request for intervention for the purpose of objecting to the amended settlements, ECF No. 5754 ("Mot.") at 2:14, because they do not explain why they are entitled to that relief. A motion "must contain" "[a]rgument by the party, citing pertinent authorities" that support the relief sought. L. Civ. R. 7-2(b)(4), 7-4(a)(5). Relief is therefore properly denied when, as here, the movant "fail[s] to cite a single case or make any argument concerning why" relief should be granted under the applicable legal standard. *See Tom Ver LLC v. Organic All., Inc*, No. 13-cv-03506-LHK, 2015 WL 6957483, at *2 (N.D. Cal. Nov. 11, 2015); *see also Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007) (striking brief that made "virtually no legal arguments," and contained "[b]are assertions and lists of facts unaccompanied by analysis and completely devoid of caselaw").[1]

---

[1] *See also United States v. Chow*, No. 14-cr-00196 CRB, 2016 WL 3098238, at *18 (N.D. Cal. June 2, 2016) (denying relief under Federal Rule of Criminal Procedure 33 to the extent the motion was "devoid of any argument, citations to the record, or legal authority").

2

As to the branch of their motion seeking intervention to object to the amended settlements, Movants neither reference the standard of law they must satisfy, nor explain why they satisfy that standard. Movants do not reveal whether they are seeking mandatory intervention under Federal Rule of Civil Procedure 24(a) or permissive intervention under Rule 24(b). And Movants cite no case law that discusses the standard for either form of intervention, generally or in the specific context of a non-settlement-class member seeking intervention to object to a settlement. Their only case law and argument concerns the other, distinct branch of the motion, seeking intervention for purposes of appeal. Mot. at 3-4. Under these circumstances, the motion to intervene to present objections to the amended settlements should be denied for lack of support.

### 2. Intervention to object to the amended settlements should also be denied because Movants' nine-month delay in seeking intervention renders their motion untimely

A timely motion is an essential, threshold requirement for mandatory and permissive intervention. *League of United Latin Am. Citizens v. Wilson,* 131 F.3d 1297, 1302, 1308 (9th Cir. 1997) *see also* Fed. R. Civ. P. 24 (requiring intervention to be sought "on timely motion"). Movants cannot satisfy the timeliness requirement because it has been clear to them since September 2019 that they lack standing to object to the amended settlements. Vividly demonstrating their untimeliness, Movants' *nine-month delay* in seeking intervention made it impossible for the Court to hear the motion until two weeks *after* the July 8, 2020 final-approval hearing.

*First*,[2] Movants' extended, unexplained delay in moving to intervene renders their motion untimely. They have been aware of the terms of the amended settlements—including the terms that give rise to their objections, ECF No. 5732—since the amended settlements were filed in September 2019, ECF Nos. 5587, 5587-1. That same September 2019 filing made clear that

---

[2] The timeliness of an intervention motion is evaluated by reference to three factors: (1) the length of and reason for the delay, (2) the stage of the proceedings, and (3) prejudice to the existing parties. *League of United Latin Am. Citizens v. Wilson,* 131 F.3d 1297, 1302, 1308 (9th Cir. 1997).

3
DEFENDANTS' RESPONSE TO MOTION TO INTERVENE
TO OBJECT TO IPP SETTLEMENTS AND TO APPEAL

CASE NO.: 4:07-cv-05944-JST

Movants are not members of the amended settlement classes. *See, e.g.,* ECF No. 5587 at 11:17-12:2 (noting that, the amended settlements "no longer include[] a 'Nationwide Class,'" and that "only members of the 22 Indirect Purchaser State Classes release their claims against the Defendants").³ Thus, Movants knew—or, at a minimum, should have known—more than nine months ago that under longstanding, controlling authority they lack standing to object to the amended settlements. *See, e.g., In re First Capital Holdings Corp. Fin. Prod. Sec. Litig.*, 33 F.3d 29, 30 (9th Cir. 1994); *In re Equity Funding Corp. of Am. Sec. Litig.*, 603 F.2d 1353, 1361 (9th Cir. 1979); *see also* ECF No. 5757 at 4 & n.5 (citing additional cases). Moreover, IPP counsel's October 2019 filing expressly alerted Movants to their lack of standing. ECF No. 5616 at 2-3.

An intervenor "must act as soon as he knows ***or has reason to know*** that his interests might be adversely affected by the outcome of the litigation." *Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1120 (9th Cir. 2002) (emphasis in original).⁴ Because the amended settlements preserve Movants' claims, their objections are meritless. ECF No. 5757; *see also* ECF No. 5758. But the September 2019 filings provided Movants all of the information on which their objections are based *and* alerted them that they are not settlement-class members who have standing to object. Yet Movants did not seek to intervene. Instead, they opposed approval regardless of their lack of standing. ECF No. 5607. Even after this Court confirmed in March 2020 that Movants lack standing to object, ECF No. 5695 at 6-7, Movants still did not move to intervene. Instead, they filed objections, again regardless of their lack of standing. ECF No. 5732.

*Second*, this settlement-approval process—like this MDL proceeding—is now at a very late stage. Following the Court's March 2020 order, ECF No. 5695 at 17-20, IPP counsel

---

³   *See also* ECF No. 5587-1, Ex. A ¶ ; Ex. B. ¶ 1; Ex. C ¶ 1; Ex. D ¶ 1; Ex. E ¶ 1; Ex. F ¶ 1. The original settlement agreements appear at ECF No. 3862-1, 3862-2, 3862-3, 3862-4, 3862-5, and ECF No. 3876-1.

⁴   *See also League of United Latin Am. Citizens*, 131 F.3d at 1307 ("[T]he timeliness clock begins ticking from the time a proposed intervenor should have been aware its interests would no longer be protected adequately by the parties.") (citations, quotation markets, and brackets omitted).

implemented a supplemental notice plan, including sending direct notice to more than 94,000 class members, ECF No. 5758-1 ¶ 5. A final approval hearing is scheduled for July 8, 2020. ECF No. 5695 at 20. Now, nine months after the amended settlements were presented to the Court, one day before briefing on the motion for final approval was completed, and less than a month before the final-approval hearing, Movants seek intervention to present objections. This motion comes so late in the process that it could not even be noticed for hearing until July 22, 2020, two weeks *after* the date set for the final-approval hearing.

*Third*, the parties would be prejudiced if Movants' untimely intervention motion were to delay the final-approval hearing. As set forth fully in Defendants' response to Movants' motion for a stay, the Ninth Circuit has recognized that settlements promote strong party and public interests, particularly in the context of complex class actions. ECF No. 5726 at 5:5-21. IPP counsel have noted that settlement-class members, too, would be prejudiced by further delay in finalizing the settlement of this long-running matter. ECF No. 5727 at 13:4-14:8. And the Ninth Circuit has repeatedly held that these public and private interests in settlement outweigh the interests of dilatory intervenors like Movants. ECF No. 5726 at 5:22-6:8.

### 3.     **Movants should not be permitted to intervene to present objections that they lack standing to assert**

Finally, Movants should not be permitted to intervene to object to amended settlements that do not impair their interests. A movant for mandatory intervention must demonstrate that intervention is required to prevent the impairment of some significant, protectable interest. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). Similarly, the "nature and extent of the intervenor's interest" is relevant to the propriety of permissive intervention. *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329-30 (9th Cir. 1977).

Here, the amended settlement do not impair Movants' interests. As this Court has already recognized, Movants are not settlement-class members, they are "not bound" by the amended settlements, and the amended settlements do not release their claims; therefore, Movants lack standing to object. ECF No. 5696 at 5:11-16, 6:27-7:18; *see also* ECF No. 5757 at 2:2-9:11;

5

DEFENDANTS' RESPONSE TO MOTION TO INTERVENE                                            CASE NO.: 4:07-cv-05944-JST
TO OBJECT TO IPP SETTLEMENTS AND TO APPEAL

*supra* at 4 n.3. The fact that the amended settlements do not impair Movants' interests similarly precludes intervention for the purpose of objecting. *See In re Vitamins Antitrust Class Actions*, 215 F.3d 26, 28-31 (D.C. Cir. 2000) (affirming denial of non-settlement-class member's motion to intervene to object to a settlement). Moreover, granting intervention to circumvent the rule that non-settlement-class members lack standing to object would frustrate the purpose of that rule—preventing unaffected non-parties from interfering with the settlement of class actions. *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987) (denying non-class members standing to object promotes the "policy of encouraging the voluntary settlement of lawsuits") (citations omitted).[5]

### B. Because the Amended Settlements Preserve Movants' Claims, They Lack Both Article III Standing and the Interest Required for Intervention for Purposes of Appeal

The Court should deny Movants' request for intervention for the purpose of appealing from a future judgment approving the amended settlements. As a threshold matter, this request is premature because no such judgment has yet been entered. As Movants observe, Mot. at 3, the Ninth Circuit noted that Movants could seek intervention for the purpose of appealing the overruling of their objections to the amended settlements, and then appeal the denial of that motion. *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, No. 20-15697 (9th Cir. June 8, 2020), ECF No. 20 at 4. But consistent with the usual ripeness standard, the Ninth Circuit contemplated that Movants would move "*after* final judgment." *Id.* (emphasis added); *see also Legal Aid Soc. of Alameda Cty. v. Brennan*, 608 F.2d 1319, 1328 (9th Cir. 1979) (movant for intervention to purposes of appeal must "act promptly *after* judgment") (emphasis added) (citing *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 395-96 & n.16 (1977)).

---

[5]   The disposition in *Waller v. Financial Corporation of America*, 828 F.2d 579 (9th Cir. 1987), is not to the contrary. In *Waller*, the Ninth Circuit held that a non-party auditor lacked standing to object to its client's settlement of a securities-fraud class lawsuit (so that the auditor's objections were correctly overruled), *see id.* at 582-84, yet the auditor's interest in that settlement was sufficient to warrant intervention to object because the settlement would result in the disclosure of privileged joint-defense materials belonging to the auditor, s*ee id.* at 581-82. No such idiosyncratic circumstances are present in the case before this Court.

6

The request for intervention for purposes of appeal also fails on the merits. Because the amended settlements preserve their claims, Movants have no appealable interest in a future judgment approving those settlements. For the same reason, intervention for purposes of appeal is not necessary to avoid an impairment of Movants' interests.[6]

To satisfy Article III, a person seeking to intervene for purposes of appeal must have an "appealable interest" in the judgment to be appealed. *Legal Aid Soc. of Alameda Cty. v. Brennan*, 608 F.2d 1319, 1328 & n. 9 (9th Cir. 1979); *see also Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997) ("The standing Article III requires must be met by persons seeking appellate review."). Movants must therefore show "a threat of particularized injury from the order they seek to reverse that would be avoided or redressed if their appeal succeeds." *Legal Aid Soc. of Alameda Cty.*, 608 F.2d at 1328.[7] Similarly, Federal Rule of Civil Procedure 24 requires an intervenor to show that intervention is necessary to prevent an impairment of some significant, protectable interest. *Alisal Water Corp.*, 370 F.3d at 919 (mandatory intervention); *see also Spangler*, 552 F.2d at 1329-30 (extent of movant's interest is relevant to the propriety of permissive intervention).[8] In the context of intervention for appeal, the Rule 24 interest

---

[6] None of the case law cited in the motion, Mot. at 3, supports Movants' request for intervention for purposes of appeal. Far from suggesting that their motion should be granted, the Ninth Circuit contemplated that Movants could appeal the *denial* thereof. *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, No. 20-15697 (9th Cir. June 8, 2020), ECF No. 20 at 4. The remaining case law they cite is inapposite, concerning, variously: (1) the *timeliness* of a motion for intervention for purposes of appeal, *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 387 (1977); (2) a stockholder's *statutory* right to intervene to recover "short-swing" profits from insiders if the corporation fails diligently to prosecute the claim, *Pellegrino v. Nesbit*, 203 F.2d 463, 467 (9th Cir. 1953), and (3) a union's standing to appeal an order directing a city to patronize a newspaper that the union's members were boycotting, in circumstances where the city declined to appeal, *Alameda Newspapers, Inc. v. City of Oakland*, 95 F.3d 1406, 1412 (9th Cir. 1996).

[7] *See also Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2362 (2019) ("To show standing under Article III, an appealing litigant must demonstrate that it has suffered an actual or imminent injury that is 'fairly traceable' to the judgment below and that could be 'redress[ed] by a favorable ruling.'") (brackets in original) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149–150 (2010)).

[8] A movant for intervention to appeal must satisfy Federal Rule of Civil Procedure 24. *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 387 (1977) (addressing whether a motion to intervene for purposes of appeal "was 'timely' under Rule 24"); *see also Mass. Sch. of Law at

requirement converges with the Article III appealable-interest requirement. *Yniguez v. State of Ariz.*, 939 F.2d 727, 733 (9th Cir. 1991) ("While the interest required to intervene under the Rule is not identical to the interest required for standing under Article III, there are substantial similarities between the two.").[9]

Here, Movants cannot show that a judgment approving the amended settlements would cause them "a particularized injury," *Legal Aid Soc. of Alameda Cty.*, 608 F.2d at 1328, because those settlements do not release—and instead preserve Movants' right to litigate—their claims. *Supra* at 3-4. Movants speculate that approval of the amended settlements could "potentially" moot their appeals from the denial of their prior intervention motions and thereby render their claims untimely by denying them the benefit of the relation-back doctrine. Mot. at 4:10-11; ECF No. 5754-1 at 7:19-28. But such "'conjectural or hypothetical'" injuries cannot support standing. *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). To the contrary, a threatened injury must be "concrete," "real," and "'*de facto*'; that is it must actually exist." *Spokeo, Inc*. 136 S. Ct. at 1547 (citation omitted).

*First*, there is no concrete, real, or *de facto* threat that approval of the amended settlements will moot Movants' appeals from the denial of their earlier intervention motions. "[T]he parties' settlement and dismissal of a case after the denial of a motion to intervene does not as a rule moot a putative-intervenor's appeal." *United States v. Sprint Commc'ns, Inc*., 855 F.3d 985, 990 (9th Cir. 2017) (citation omitted). As relevant here, an appeal from a denial of intervention is not necessarily mooted if the underlying litigation remains "live" in the Court of

---

*Andover, Inc. v. United States*, 118 F.3d 776, 779 (D.C. Cir. 1997) (motions to intervene for purposes of appeal are governed by Fed. R. Civ. P. 24); *Yniguez v. State of Ariz.*, 939 F.2d 727, 734-39 (9th Cir. 1991) (addressing whether movant for intervention for purpose of appeal satisfied Fed. R. Civ. P. 24), *vacated on other grounds sub nom. Arizonans for Official English v. Arizona*, 520 U.S. 43, 66-80 (1997) (directing dismissal on mootness grounds, and expressing "grave doubts" as to whether sponsor of ballot initiative had Article III standing to intervene for purposes of appeal).

[9]   See also *Legal Aid Soc. of Alameda Cty. v. Brennan*, 608 F.2d 1319, 1328 n.9 (9th Cir. 1979) (noting the overlap between the Rule 24 interest and Article III appealable-interest requirements in the context of intervention to appeal).

Appeals while the intervention-related appeal is pending. *W. Coast Seafood Processors Ass'n v. Nat. Res. Def. Council, Inc.*, 643 F.3d 701, 704 (9th Cir. 2011) (citing *Canatella v. California*, 404 F.3d 1106, 1110 n.1 (9th Cir. 2005)). As the Ninth Circuit noted in its recent order, Movants could appeal the denial of a post-judgment motion to intervene for purposes of appeal, *see In re: Cathode Ray Tube* (*CRT*) *Antitrust Litig.*, No. 20-15697 (9th Cir. June 8, 2020), ECF No. 20 at 4, and thereby seek to prevent the amended settlements from becoming final before the Ninth Circuit rules on their appeals from the denials of the prior intervention motions.

*Second*, Movants have no appealable interest in a judgment approving the amended settlements because a successful appeal from such a judgment will not render their claims timely. There is no causal connection between the judgment that Movants wish to appeal (final approval of the amended settlements) and the injury they posit (the mooting of their appeal from the denial of their prior intervention motions, resulting in the loss of their relation-back argument, resulting in the dismissal of their claims on time-bar grounds). Defendants have shown that the relation-back doctrine is inapplicable, and therefore would not save Movants' claims from dismissal on time-bar grounds *even if Movants were permitted to intervene*. ECF No. 5592 at 12:12-15:8; ECF No. 5663 at 15:11-20:9. Moreover, Movants have correctly acknowledged that their relation-back argument fails if they are not permitted to amend the existing complaint, ECF No. 5611 at 9:5-11; ECF No. 5688 at 4:17-19; ECF No. 5689 at 7-8, yet the Court has already ruled that permission to amend would be denied even if Movants were permitted to intervene, ECF No. 5626; ECF No. 5628.

Under these circumstances, the outcome of an appeal from approval from the amended settlements can have no effect on the timeliness of Movants' claims. Because Movants' claimed injury would not be "avoided or redressed" by a successful appeal, they lack an appealable interest in the settlement-approval judgment. *Legal Aid Soc. of Alameda Cty.*, 608 F.2d at 1328; *see also Ctr. for Biological Diversity v. Exp.-Imp. Bank of the United States*, 894 F.3d 1005, 1013 (9th Cir. 2018) (the redressability requirement for standing is not satisfied "if the plaintiff

will nonetheless suffer the claimed injury if a court rules in its favor") (citing *Salmon Spawning & Recovery All. v. Gutierrez*, 545 F.3d 1220, 1227 (9th Cir. 2008)).

Finally, granting intervention to appeal here would unjustifiably circumvent well-established limitations on non-party appeals, which are permitted "only in exceptional circumstances." *Hilao v. Estate of Marcos*, 393 F.3d 987, 992 (9th Cir. 2004). As an example of such exceptional circumstances, members of a settlement class can appeal the overruling of their objections because they are "'bound by the settlement.'" *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566 (9th Cir. 2004) (quoting *Devlin v. Scardelletti*, 536 U.S. 1, 10 (2002)). Yet Movants are *non*-class members who expressly are "not bound" by the amended settlements before the Court.[10] Such persons cannot appeal, as the Ninth Circuit held in the appeal from the prior settlements. *See In re: Cathode Ray Tube* (*CRT*) *Antitrust Litig.,* No. 16369 (9th Cir. Mar. 2, 2017), ECF No. 57 at 7; *see also Hilao*, 393 F.3d at 992 ("In view of the Republic's concession that it is not bound by the settlement agreement, its argument for nonparty appellate standing to challenge that same agreement collapses.").

*   *   *

Finally, Defendants acknowledge that the Court has rejected their rule-of-mandate argument. For purposes of preserving that argument, which is set forth fully in an earlier submission, ECF No. 5468, and therefore not repeated in detail here, Defendants respectfully submit that this motion should be denied pursuant to the mandate rule, save as to the Movants from Massachusetts, Missouri, and New Hampshire (whose motion should be denied for the alternative reasons explained above).

---

[10] ECF No. 5587-1, Ex. A ¶ ; Ex. B. ¶ 1; Ex. C ¶ 1; Ex. D ¶ 1; Ex. E ¶ 1; Ex. F ¶ 1.

# CONCLUSION

For all the foregoing reasons, the Court should deny the motion to intervene to present objections to IPP settlements and appeal a final judgment if judgment is entered.

Dated: June 25, 2020                                Respectfully submitted,

/s/ *Andrew Rhys Davies*
ALLEN & OVERY LLP
ANDREW RHYS DAVIES
andrewrhys.davies@allenovery.com
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399

JOHN ROBERTI
john.roberti@allenovery.com
ALLEN & OVERY LLP
1101 New York Avenue NW
Washington, DC 20005
Telephone: (202) 683-3800
Facsimile: (212) 610-6399

*Attorneys for Defendants Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd.*

/s/ Jeffrey L. Kessler
WINSTON & STRAWN LLP
JEFFREY L. KESSLER
jkessler@winston.com
EVA W. COLE
ewcole@winston.com
200 Park Avenue
New York, NY 10166
Telephone:     (212) 294-6700
Facsimile:      (212) 294-4700

KEVIN B. GOLDSTEIN
kbgoldstein@winston.com
35 W. Wacker Drive
Chicago, IL 60622
Telephone:     (312) 558-5600
Facsimile:      (312) 558-5700

WEIL, GOTSHAL & MANGES LLP
DAVID L. YOHAI
david.yohai@weil.com
ADAM C. HEMLOCK
adam.hemlock@weil.com
DAVID YOLKUT
david.yolkut@weil.com
767 Fifth Avenue
New York, NY 10153-0119
Telephone:     (212) 310-8000
Facsimile:      (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*[11]

---

[11] MT Picture Display Co., Ltd. has been dissolved and completed final liquidation proceedings in Japan on May 23, 2019.

|  |  |
|---|---|
| 1 | /s/ *John M. Taladay* |
| 2 | BAKER BOTTS LLP<br>JOHN M. TALADAY |
| 3 | ERIK T. KOONS<br>700 K Street, N.W. |
| 4 | Washington, D.C. 20001<br>202.639.7700 |
| 5 | 202.639.7890 (fax)<br>Email: john.taladay@bakerbotts.com |
| 6 | Email: erik.koons@bakerbotts.com |

*Attorneys for Defendants Koninklijke Philips, N.V., Philips North America LLC, Philips Taiwan Limited, and Philips do Brasil, Ltda*

 /s/ *Kathy L. Osborn*
FAEGRE DRINKER BIDDLE & REATH LLP
KATHY L. OSBORN
Email: kathy.osborn@faegredrinker.com
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000

JEFFREY S. ROBERTS
Email: jeff.roberts@faegredrinker.com
1144 15th Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

/s/ *Donald A. Wall*
SQUIRE PATTON BOGGS (US) LLC
DONALD A. WALL
Email: donald.wall@squirepb.com
1 East Washington Street, Suite 2700
Phoenix, AZ 85004
Telephone: (602) 528-4005
Facsimile: (602) 253-8129

*Attorneys for Defendant Technologies Displays Americas LLC*

---

DEFENDANTS' RESPONSE TO MOTION TO INTERVENE      CASE NO.: 4:07-CV-05944-JST
TO OBJECT TO IPP SETTLEMENT AND TO APPEAL

| | |
|---|---|
| 1 | /s/ *Eliot A. Adelson* |
| 2 | MORRISON & FOERSTER LLP<br>ELIOT A. ADELSON |
| 3 | Email: eadelson@mofo.com<br>425 Market Street |
| 4 | San Francisco, CA 94105<br>Telephone: (415) 268-7000 |
| 5 | Facsimile: (415) 268-7522 |

KIRKLAND & ELLIS LLP
JAMES H. MUTCHNIK (pro hac vice)
Email: james.mutchnik@kirkland.com
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Defendants Hitachi Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.*

/s/ *Christopher M. Curran*
WHITE & CASE LLP
CHRISTOPHER M. CURRAN
ccurran@whitecase.com
LUCIUS B. LAU
alau@whitecase.com
DANA E. FOSTER
defoster@whitecase.com
MATTHEW N. FRUTIG
mfrutig@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*