Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect
Purchaser Plaintiffs for the 22 States*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>INDIRECT PURCHASER ACTIONS | MASTER FILE NO. 4:07-cv-5944 JST<br>Case No. 13-cv-03234-JST<br><br>MDL NO. 1917<br><br>**INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE TO PRESENT OBJECTIONS TO IPP SETTLEMENTS AND APPEAL A FINAL JUDGMENT IF JUDGMENT IS ENTERED**<br><br>Hearing Date: July 22, 2020<br>Time:         2:00 p.m.<br>Courtroom:    6, 2nd Fl. (Oakland)<br>Judge:        Hon. Jon S. Tigar |

**TABLE OF CONTENTS**

**PAGE(S)**

INTRODUCTION……………………………………………………………………………… 1

ARGUMENT ……………………………………………………………………………………3

    I.    Objectors Do Not Meet The Requirements For Mandatory Intervention……... 3

        A.    Objectors Do Not Demonstrate That Intervention Is Required To Prevent Impairment Of A Direct, Non-Contingent, Substantial And Legally Protectable Interest……………………………………………………….. 3

        B.    Objectors' Claimed "Prejudice" Rests On Factual Misstatements…….. 7

        C.    Objectors' Motion is Premature………………………………………... 8

    II.    Objectors Do Not Satisfy The Requirements For Permissive Intervention……. 8

CONCLUSION……………………………………………………………………………….10

i

MDL NO. 1917

INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE
TO PRESENT OBJECTIONS TO IPP SETTLEMENTS AND APPEAL A FINAL JUDGMENT
IF FINAL JUDGMENT IS ENTERED

# TABLE OF AUTHORITIES

**PAGE(S)**

### Cases

*Action Performance Companies, Inc. v. Bohbot*,
　Case No. 05-cv-4458, 2008 WL 11418995 (C.D. Cal. Mar. 13, 2008) .............................. 4

*California ex rel. Lockyer v. United States*,
　450 F.3d 436 (9th Cir. 2006) ............................................................................................. 4

*Center for Biological Diversity v. Brennan*
　(N.D. Cal. 2007) 571 F.Supp.2d 1105 (N.D. Cal. 2007) ................................................... 4

*Cody v. SoulCycle, Inc.*,
　No. CV-1506457, 2017 WL 8811114 (C.D. Cal., Sept. 20, 2017) ..................................... 6

*Dilks v. Aloha Airlines*,
　642 F.2d 1155 (9th Cir.1981) ............................................................................................ 4

*Donnelly v. Glickman*,
　159 F.3d 405 (9th Cir. 1998) ............................................................................................. 9

*Ex parte Anderson*,
　807 So.2d 505 (Ala. 2000) ................................................................................................ 7

*Forsyth v. HP Inc.*,
　Case No. 5:16-cv-04775, 2020 WL 71379 (N.D. Cal. Jan. 7, 2020) ................................. 3

*Freedom from Religion Foundation, Inc. v. Geithner*,
　644 F.3d 836 (9th Cir. 2011) ............................................................................................. 3

*Hilsley v. Ocean Spray Cranberries, Inc.*,
　No. 17-cv-2335, 2020 WL 475164(S.D. Cal., Jan. 29, 2020), ......................................... 10

*Hofstetter v. Chase Home Finance, LLC*,
　No. C 10-01313, 2011 WL 5415073 (N.D. Cal., Nov. 8, 2011) ........................................ 5

*In Hawaii-Pac. Venture Capital Corp. v. Rothbard*,
　564 F.2d 1343 (9th Cir. 1977) ........................................................................................... 6

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
    2020 WL 1873554 (N.D. Cal. Mar. 11, 2020) ............................................................... *passim*

*In re Vitamins Antitrust Class Actions*,
    215 F.3d 26 (D.C. Cir. 2000) ................................................................................................... 6

*In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litiga*, MDL
    No. 2672, 2016 WL 4376623 (N.D. Cal., Aug. 17, 2016) ..................................................... 5

*League of United Latin Am. Citizens v. Wilson*,
    131 F.3d 1297 (9th Cir. 1997) ................................................................................................. 8

*Mayfield v. Barr*,
    985 F.2d 1090 (D.C. Cir. 1993) .............................................................................................. 6

*O'Connor v. Uber Technologies, Inc.*,
    13-cv-03826, 2016 WL 4400737 (N.D. Cal. Aug. 18, 2016) ................................................. 5

*Patriot's Insurance Company v. Ingham*,
    No. 18-cv-12557, 2019 WL 5394503 (D. Mass. Oct. 22, 2019) ............................................ 5

*Perry v. Proposition 8 Official Proponents*,
    587 F.3d 947 (9th Cir. 2009) ................................................................................................... 3

*Perry v. Schwarzenegger*,
    630 F.3d 898 (9th Cir. 2011) ................................................................................................... 9

*Price v. Daigre*,
    No. 5:08–cv–16, 2011 WL 6046313 (S.D. Miss. Dec. 5, 2011) ......................................... 5-6

*R & G Mortg. Corp. v. Federal Home Loan Mortg. Corp.*,
    584 F.3d 1 (1st Cir. 2009) ....................................................................................................... 5

*Raquedan v. Centerplate of Delaware Inc.*,
    376 F.Supp.3d 1038 (N.D. Cal. 2019) .................................................................................... 5

*Root v. Ames Department Stores, Inc.*,
    989 F. Supp. 274 (D.Mass.1997) ............................................................................................ 7

*Smith v. Los Angeles Unified Sch. Dist.*,

830 F.3d 843, 853 (9th Cir. 2016) ................................................................................... 3

*Southern California Edison Co. v. Lynch*,

307 F.3d 794 (9th Cir. 2002) ................................................................................. 3-4, 9

*U.S. v. City of Los Angeles, Cal.*,

288 F.3d 391 (9th Cir. 2002) ..................................................................................... 3, 9

*United States v. Alisal Water Corp.*,

370 F.3d 915 (9th Cir. 2004) .................................................................................. 3, 4, 5

*United States v. City of Los Angeles*,

288 F.3d 391 (9th Cir. 2002) ..................................................................................... 3, 4

*United States v. City of New York*,

198 F.3d 360 (2d Cir.1999) .......................................................................................... 7

*XL Specialty Ins. Co. v. Perry*,

No. 11-cv-02078, 2011 WL 9700995 (C.D. Cal. Nov. 30, 2011) .................................. 9

*Zepeda v. PayPal, Inc.*, No. 10-CV-02500,

2014 WL 1653246 (N.D. Cal., Apr. 23, 2014) ............................................................. 5

Statutes

Fed. R. Civ. P. 24 ................................................................................................................ 8

Rule 24(a) ........................................................................................................ 2, 3, 6, 7, 8

Rule 24(b) ........................................................................................................ 2, 3, 8, 9 10

The Indirect Purchaser Plaintiffs ("IPPs") on behalf of the 22 Indirect Purchaser State Classes hereby respond to the motion to intervene (ECF No. 5754, the "Motion") filed by: (1) the "ORS Objectors"[1] and (2) the "NRS Objector" (Eleanor Lewis) (together, the "Objectors").

## INTRODUCTION

On April 9, 2020 and April 13, 2020, Objectors appealed from several orders of this Court including the denial of their motions to intervene and the Order preliminarily approving IPPs' amended settlements. *See* ECF Nos. 5709 (ORS), 5711 (NRS).[2] Following full briefing on IPP's motion to dismiss the purported appeals of the Preliminary Approval Order, the Ninth Circuit issued its order dismissing Objectors' appeals on June 9, 2020. In so doing, the Court held that "there are no important questions that will be effectively unreviewable after final judgment." ECF No. 5738 at 3, Order dated June 9, 2020 ("June 9 Order").

The Ninth Circuit rejected Objectors' argument that they would be forever barred from appealing the approval of the amended settlements after final judgment. June 9 Order at 4. The Court noted that it did "not read [the order denying intervention] as precluding Appellants from moving to intervene *after final approval* for the *different* purpose of appealing the denial of their objections to the settlement." *Id.* (emphasis added). Two days later, Objectors filed the present Motion accompanied by a three-page memorandum of points and authorities.

This Court should deny Objectors' latest attempt to intervene. This time, their stated purpose is (1) to advance their objections to the pending settlements and (2) to appeal any final judgment. Motion at 1. However, the Motion does not inform the Court whether the parties are moving for

---

[1] The ORS Objectors are: Tyler Ayres, Mike Bratcher, Nikki Crawley, Jay Erikson, Harry Garavanian, John Heenan, Hope Hitchcock, D. Bruce Johnston, Jeff Johnston, Kerry Murphy, Chris Seufert, Robert Stephenson, Gary Talewsky, and William Trentham.

[2] The facts of this matter have been exhaustively and repeatedly put before this Court. For more fulsome recitations of how proceedings arrived at this juncture, IPPs refer the Court to the "Relevant Factual and Procedural Background" and the "Amendments to the Settlements" sections of their motion for reconsideration of the Court's 2016 Final Approval Order, ECF No. 5587, at 4-13, and the "Background" section of the "Indirect Purchaser Plaintiffs' Response to Objections to Amended Settlements,", ECF No. 5758 ("IPP Response"), pp. 3-4.

mandatory intervention, permissive intervention, or both. Instead, Objectors disclose only that they are moving "pursuant to Rule 24." *Id*. They do not set forth the required elements for intervention under either Rule 24(a) or 24(b), much less demonstrate how this current Motion meets the requirements of intervention under either subsection of Rule 24. For example, instead of describing how the amended settlements affect any legally protectable interest absent intervention, Objectors simply refer the Court to their Objections to final approval of the IPPs' amended settlements—objections that this Court already rejected at preliminary approval. *Id*.

Moreover, even if Objectors had attempted to properly analyze the required elements, those attempts would have been futile. As the Ninth Circuit noted, Objectors are not parties to the amended settlements. June 9 Order, p. 3. And, as this Court has already found, the amended settlements' terms do not "adversely affect [their] rights[,]" *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-cv-05944, 2020 WL 1873554, at *11 (N.D. Cal. Mar. 11, 2020). Moreover, "the Court's final approval of IPP Plaintiffs' amended settlements will not terminate the MDL[,]" and "IPP Plaintiffs' operative Fifth Consolidated Amended Complaint ("CAC") [will not] disappear." ECF No. 5774 ("Order Denying Motion to Stay") at 6. Thus, Objectors' concern that final approval of the amended settlements will eliminate the action in which they seek to intervene is "unfounded." *Id*. at 7. Objectors therefore cannot (and do not) show that they have a legally protectable interest, much less that any such interest would be impaired by the amended settlements.

Finally, this motion is premature: this Court has not yet granted final approval nor has it denied Objectors the ability to voice any concerns they have with the amended settlements. That is precisely why the Ninth Circuit suggested that Objectors might seek to intervene *after final approval.*

Objectors' motion to intervene should be denied.

# ARGUMENT

## I. Objectors Do Not Meet The Requirements For Mandatory Intervention

Objectors fail to inform the Court whether they are moving for mandatory intervention under Rule 24 (a) or permissive intervention under Rule 24 (b). Nonetheless, as IPPs demonstrate below, Objectors' motion should be denied whether viewed under either prong of Rule 24.

To warrant mandatory intervention under Rule 24(a), proposed intervenors must establish four elements: (1) that the prospective intervenor's motion is "timely"; (2) that the would-be intervenor has "a 'significantly protectable' interest relating to … the subject of the action," (3) that the intervenor is "so situated that the disposition of the action may as a practical matter impair or impede [the intervenor's] ability to protect that interest"; and (4) that such interest is "inadequately represented by the parties to the action." *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016) (citations omitted).

The moving party bears the burden to show that all the requirements of intervention are met. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (*citing United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002)). Failure to meet any one of these requirements mandates denial of the motion. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009) ("Failure to satisfy any one of the requirements [for intervention] is fatal to the application, and we need not reach the remaining elements if one of the elements is not satisfied."); *Freedom from Religion Foundation, Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011) (same); *Forsyth v. HP Inc.*, Case No. 5:16-cv-04775, 2020 WL 71379, at *2 (N.D. Cal. Jan. 7, 2020) (same). Objectors fail to meet this burden.

### A. Objectors Do Not Demonstrate That Intervention Is Required To Prevent Impairment Of A Direct, Non-Contingent, Substantial And Legally Protectable Interest.

Under Rule 24(a), a would-be intervenor must demonstrate that intervention is required to prevent the impairment of some "direct, non-contingent, substantial and legally protectable

3

MDL NO. 1917

INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE
TO PRESENT OBJECTIONS TO IPP SETTLEMENTS AND APPEAL A FINAL JUDGMENT
IF FINAL JUDGMENT IS ENTERED

interest." *Southern California Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (quoting *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1157 (9th Cir. 1981); *see also United States v. Alisal Water Corp.*, 370 F.3d at 919 (citing *United States v. City of Los Angeles*, 288 F.3d at 398).

Objectors seek intervention to object to the amended settlements and appeal any rulings at final approval that displease them. Motion, at 1. However, they are not parties to the Agreements and they have no direct, non-contingent, substantial and legally protectable interest in the amended settlements. The amended settlements specifically exclude the states that Objectors seek to represent. *In re CRT*, 2020 WL 1873554, at *11. Moreover, the amended settlements leave them free to pursue litigation on behalf of the subclasses as they see fit. Therefore, they have no *direct* interest in the settlements.

Objectors also fail to demonstrate that their interests are impaired by the amended settlements. In the context of class action settlements, courts frequently deny intervention to would-be objectors where, as here, the settlement leaves them free to pursue their own claims.

"Even if an action affects the proposed intervenors' interests, their interests may not be impaired if they have 'other means' to protect themselves." *Center for Biological Diversity v. Brennan* (N.D. Cal. 2007) 571 F.Supp.2d 1105, 1129 (N.D. Cal. 2007); *see also California ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006) ("Even if this lawsuit would affect the proposed intervenors' interests, their interests might not be impaired if they have 'other means' to protect them."); *Alisal, supra* 370 F.3d at 921 (proposed intervenor's interests "are not impaired because the court has established other means by which [it] may protect its interests."). Thus, if other avenues exist for proposed intervenors to protect their rights, their motion to intervene should be denied. *See Action Performance Companies, Inc. v. Bohbot*, Case No. 05-cv-4458, 2008 WL 11418995, at *4 (C.D. Cal. Mar. 13, 2008) (denying motion to intervene).[3] Because Objectors have

---

[3] Here, ORS Objectors' counsel themselves have asserted that other procedural avenues exist for asserting claims on behalf of the ORS subclasses. During the briefing on their motion to intervene, ORS Objectors told the Court that they could move to amend one or more of the pre-MDL

4

MDL NO. 1917

INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE
TO PRESENT OBJECTIONS TO IPP SETTLEMENTS AND APPEAL A FINAL JUDGMENT
IF FINAL JUDGMENT IS ENTERED

the right to pursue their claims, unfettered by any preclusive effects of the amended settlements, the settlements do not impair their legal rights.

For this reason, courts routinely deny intervention to parties who may opt out of classes—thus preserving their rights to pursue their own litigation. *See, e.g.*, *Raquedan v. Centerplate of Delaware Inc.*, 376 F.Supp.3d 1038, 1041-42 (N.D. Cal. 2019) (noting multiple courts holding that an opportunity to opt out and pursue independent litigation adequately protects the individual's interests and justifies denial of a motion to intervene); *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litig.*, MDL No. 2672, 2016 WL 4376623, at *4 (N.D. Cal., Aug. 17, 2016) (opting out of a class and litigating claims independently will "adequately protect" the relevant interests); *O'Connor v. Uber Technologies, Inc.*, 13-cv-03826, 2016 WL 4400737, at *1 (N.D. Cal. Aug. 18, 2016) (proposed intervenors can opt out and pursue their own litigation, as one way of protecting their interests); *Zepeda v. PayPal, Inc.*, No. 10-CV-02500, 2014 WL 1653246, at *6 (N.D. Cal., Apr. 23, 2014) (opting out of the class and pursuing independent litigation can adequately protect proposed intervenors interests), *objections overruled*, No. C 10-1668, 2014 WL 4354386 (N.D. Cal., Sept. 2, 2014); *Hofstetter v. Chase Home Finance, LLC*, No. C 10-01313, 2011 WL 5415073, at *2 (N.D. Cal., Nov. 8, 2011) (opportunity to opt out and pursue his own litigation justified denial of motion to intervene).[4]

---

complaints that allege claims on behalf of the ORS "if the Court deems such case-specific intervention necessary." *See* ECF No. 5688 at 2, n. 1; 5692 at 8. However, they have never done so. Instead, they have chosen to move to intervene; sought reconsideration of denial of their motion; appealed denial of reconsideration; and sought a stay of IPPs' settlement approval proceedings, instead of availing themselves of alternate procedures that they have suggested to the Court.

[4] Courts in other jurisdictions agree. For example, the First Circuit Court of Appeals held that a proposed intervenor would suffer no prejudice from denial of its motion to intervene because it could bring its own action for damages. *See R & G Mortg. Corp. v. Federal Home Loan Mortg. Corp.*, 584 F.3d 1, 10 (1st Cir. 2009) ("In any event, the denial of intervention will not cause Doral significant prejudice. Doral still has an adequate remedy. It may bring a separate action against R & G and/or Freddie Mac for money damages."). *See also Patriot's Insurance Company v. Ingham*, No. 18-cv-12557, 2019 WL 5394503, at *2 (D. Mass. Oct. 22, 2019) (the proposed intervenor's ability to bring its own action meant it had no protectible interest justifying intervention); *Price v. Daigre*, No. 5:08–cv–16, 2011 WL 6046313, at *3 (S.D. Miss. Dec. 5,

5

MDL NO. 1917
INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE
TO PRESENT OBJECTIONS TO IPP SETTLEMENTS AND APPEAL A FINAL JUDGMENT
IF FINAL JUDGMENT IS ENTERED

Thus, whenever a party retains all its legal rights to pursue its own remedies, its interests are not deemed to be "impaired" for purposes of evaluating a claimed right to intervene. *See Cody v. SoulCycle, Inc.*, No. CV-1506457, 2017 WL 8811114, at *4 (C.D. Cal., Sept. 20, 2017) (denying motion to intervene because "if the Proposed Intervenor is not a member of the Settlement Class, as he contends, he remains free to continue to pursue his own claims and to attempt to certify a class in his lawsuit."); *In re Vitamins Antitrust Class Actions*, 215 F.3d 26, 31 (D.C. Cir. 2000) (opt out plaintiffs lacked standing to object to a "most favored nation" clause in the class settlement even though it would make it harder for them to settle: "the MFN clause causes no plain legal prejudice" because "the nonsettling plaintiffs have fully preserved their 'right to litigate their claims independently.'") (citations omitted); *Mayfield v. Barr*, 985 F.2d 1090, 1093 (D.C. Cir. 1993) (former named plaintiffs specifically carved out of the settlement lacked standing to object; they "escaped the binding effect of the class settlement" and "those who fully preserve their legal rights cannot challenge an order approving an agreement resolving the legal rights of others").

Finally, Objectors may not justify intervention by claiming that the amended settlements have somehow made it more *difficult* for them to pursue claims on behalf of the ORS subclass. In *Hawaii-Pac. Venture Capital Corp. v. Rothbard*, 564 F.2d 1343, 1345 (9th Cir. 1977), the Ninth Circuit held that even if absent class members would be barred from bringing a separate action by the statute of limitations, that does not constitute sufficient "impairment of interests" to justify intervention under Rule 24(a)(2), because the harm would result from the disposition of the action:

> [A]ppellants' contention that their state claims . . . are now barred by the statute of limitations alleges harm not related to and not attributable to the disposition of the class action suit. It is the appellants' own negligence and failure to raise the state subscription claims for over seven years that bars them. The conduct of a class action suit that they did not know about could not have lulled them into resting on their rights. If the present class action suit had not been filed, the appellants would have

---

2011) (proposed intervenor could pursue its own action, so minimal prejudice in denying motion to intervene).

been in precisely the same position as they are now with respect to the subscription claims.

*Id.* at 1345; *see also United States v. City of New York*, 198 F.3d 360, 366 (2d Cir.1999) ("[A]ny failure on [appellants'] part to act within the applicable statutes of limitations does not sufficiently impair their interests to warrant intervention under Rule 24(a)(2); rather, the harm to their interests must be attributable to the court's disposition of the suit in which intervention is sought.").

As the Supreme Court of Alabama held in addressing a situation very much like this one, where parties who were excluded from the class (as Objectors are here) asserted the settlement would make their litigation path more difficult:

> The intervenors have been excluded from the class and are not constrained by the terms of the settlement. Instead they "remain[ ] in the same position with respect to [Monsanto] as before the settlement agreement was entered," and if they have "any claims against [Monsanto], [they] may assert them in [their] own civil action." *Root*, 989 F.Supp. at 275. *Because they are no longer members of the class, they no longer have standing to object to the settlement the class wishes to enter.*

*Ex parte Anderson*, 807 So.2d 505, 508 (Ala. 2000) (emphasis added; quoting *Root v. Ames Department Stores, Inc.*, 989 F. Supp. 274, 275 (D.Mass.1997)).

In short, the case law emphatically holds that Objectors' interests are not impaired because they are free under the amended settlements to pursue their own litigation against Defendants. Objectors therefore do not meet the requirements for mandatory intervention.

### B. Objectors' Claimed "Prejudice" Rests On Factual Misstatements.

Objectors claim that the amended settlements will eliminate "the long-pending nationwide class action alleging federal claims on behalf of the ORS and NRS subclass members[,]" thus extinguishing "their ability to intervene if they win on appeal, since the nationwide class and case would no longer exist." Motion, at 4. But this Court recently rejected these concerns as "mistaken" and "unfounded" in its Order denying Objectors' motion to stay proceedings on IPPs' amended settlements. *See* ECF No. 5774 at 6-7 ("[C]ontrary to the ORS and NRS Subclasses' assertions, the Court's final approval of IPP Plaintiffs' amended settlements will not terminate the MDL . . . . Neither will IPP Plaintiffs' operative Fifth Consolidated Amended Complaint ("CAC") disappear.

7
INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE
TO PRESENT OBJECTIONS TO IPP SETTLEMENTS AND APPEAL A FINAL JUDGMENT
IF FINAL JUDGMENT IS ENTERED

MDL NO. 1917

ECF No. 5589. . . . Thus, if the Ninth Circuit concludes that the ORS and NRS Subclasses are entitled to intervene in this action, both the MDL and the CAC which the Subclasses seek to amend would likely still exist at that time.").

Accordingly, Objectors' "mistaken" and "unfounded" assertions of prejudice cannot support mandatory intervention under Rule 24(a).

### C. Objectors' Motion is Premature

A threshold requirement for intervention is that any such motion must be timely. Fed. R. Civ. P. 24 (requiring intervention to be sought "on timely motion"); *see also League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302, 1308 (9th Cir. 1997). An untimely motion must be denied, even if the other requirements for intervention are satisfied. *Id.*

Objectors' motion to intervene is *premature*. As the Ninth Circuit noted in dismissing the Objectors' attempted appeal from this Court's Preliminary Approval Order, "To the extent Appellants [Objectors] will suffer any cognizable harm from the settlement—to which they are not parties—*no injury will occur until the district court grants final approval*." *See* June 9 Order, p. 3 (emphasis added). The Court further held that it did "not read [this Court's Order denying intervention] as precluding Appellants from moving to intervene *after final approval* for the different purpose of appealing the denial of their objections to the settlement." June 9 Order, p. 4.

Rather than following the Ninth Circuit's guidance, Objectors immediately filed the instant Motion. However, this Court has not yet granted final approval. Nor has the Court overruled their objections—or those of any other objector. Moreover, there is every reason to believe that the Court will carefully consider any and all arguments and objections presented. The motion to intervene is therefore premature.

### II. Objectors Do Not Satisfy The Requirements For Permissive Intervention

As noted, Objectors do not state whether they seek mandatory or permissive intervention. As demonstrated above, they do not meet the requirements for mandatory intervention. They also do not meet the requirements for permissive intervention under Rule 24(b). Indeed, Objectors fail

8

MDL NO. 1917

INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE
TO PRESENT OBJECTIONS TO IPP SETTLEMENTS AND APPEAL A FINAL JUDGMENT
IF FINAL JUDGMENT IS ENTERED

to even cite Rule 24(b), much less explain how they satisfy its requirements. Permissive intervention should be denied on this ground alone.

Rule 24(b) requires that the applicant demonstrate: (1) an independent grounds for jurisdiction; (2) the motion is filed in a timely manner; (3) common questions of law and fact in common with the main action; and (4) whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. *See U.S. v. City of Los Angeles, Cal.*, 288 F.3d 391, 403 (9th Cir. 2002). District courts have "broad discretion" in reviewing requests for permissive intervention. *Perry v. Schwarzenegger*, 630 F.3d 898, 905 (9th Cir. 2011). Thus, even though courts generally treat requests for intervention liberally, "the district court has discretion to deny permissive intervention." *Southern California Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002); *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (same).

This Court has already held that Objectors lack standing to interpose objections to the amended settlements. *In re CRT*, 2020 WL 1873554, at *11. In addition, and as noted above, they have no legally protectable interest that requires their intervention in these proceedings or that would arguably give them an independent jurisdictional basis to intervene. Indeed, as noted, Objectors do not even attempt to provide an independent jurisdictional basis for their motion to intervene.

In addition, Objectors' motion to intervene is not yet ripe for adjudication. As the Ninth Circuit made clear, even assuming they have a protectable interest, "no injury will occur until the district court grants final approval," because their arguments as to the effect of the settlements "will be of no moment if final approval is denied. . . ." June 9 Order, pp. 3-4 (emphasis added). Thus, the motion to intervene is not yet ripe for adjudication, thus depriving them of standing and an independent jurisdictional basis for intervention. *See XL Specialty Ins. Co. v. Perry*, No. 11-cv-02078, 2011 WL 9700995, at *4-5 (C.D. Cal. Nov. 30, 2011) ("[B]ecause the FDIC has not yet obtained a judgment against the Insured Defendants and does not yet have an interest that it needs to protect, it would appear that the FDIC's claims are not yet ripe for adjudication and that it would

not have standing as a permissive intervenor. The FDIC's Motion for Permissive Intervention is therefore denied.").

Finally, permissive intervention should be denied where it would only serve to delay the proceedings before the Court. Here, further objections and appeals by individuals who are not parties to the amended settlements and who have not been (and will not be) harmed by them justifies denying permissive intervention. *See Hilsley v. Ocean Spray Cranberries, Inc.*, No. 17-cv-2335, 2020 WL 475164, at *4 (S.D. Cal., Jan. 29, 2020) ("The Court finds that the potential prejudicial effect, delay and derailment of the settlement that would be caused by intervention warrant denial of the motion to intervene.").

To the extent this Court construes this motion as seeking permissive intervention, it does not meet the requirements of Rule 24 (b) and should therefore be denied.

## CONCLUSION

This Court has already rejected Objectors' claims that the amended settlements prejudice them:

> The amendments also do not adversely affect the rights of the ORS and NRS Subclasses which were included in the original settlement. Because the amendments narrow the settlement Class, the release no longer applies to the ORS and NRS Subclasses. See ECF No. 5587-1 at 7, 13, 19, 25, 31, 38. These groups retain any claims that they previously possessed, if any, and they are free to pursue those claims against the Defendants.

*In re CRT*, 2020 WL 1873554, at *11. Objectors fail to make any showing to the contrary. Moreover, Objectors have ignored the Ninth Circuit's guidance that they can have no standing until entry of a final approval order.  This Court should deny Objectors' motion to intervene.

Dated: June 25, 2020                    Respectfully submitted,


By:   /s/ Mario N. Alioto
      MARIO N. ALIOTO (56433)
      LAUREN C. CAPURRO (241151)
      **TRUMP, ALIOTO, TRUMP &**
      **PRESCOTT, LLP**
      2280 Union Street
      San Francisco, California 94123

Telephone: (415) 563-7200
Facsimile: (415) 346-0679

*Lead Counsel for the Indirect Purchaser Plaintiffs for the 22 States*

11

MDL NO. 1917

INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE TO PRESENT OBJECTIONS TO IPP SETTLEMENTS AND APPEAL A FINAL JUDGMENT IF FINAL JUDGMENT IS ENTERED