Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 788-7210
Facsimile: (415) 788-0706
fos@scarpullalaw.com
pbc@scarpullalaw.com

*Interim Co-Lead Counsel for the ORS Subclass*

Tracy R. Kirkham (69912)
John D. Bogdanov (215830)
Cooper & Kirkham, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415)788-3030
Facsimile: (415) 882-7040
trk@coopkirk.com
jdb@coopkirk.com

*Interim Lead Counsel for the NRS Subclass*

Theresa D. Moore (99978)
Law Offices of Theresa D. Moore
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 613-1414
tmoore@aliotolaw.com

*Interim Co-Lead Counsel for the ORS Subclass*

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 4:07-cv-5944-JST<br><br>MDL No. 1917<br><br>**REPLY RE MOTION TO INTERVENE TO PRESENT OBJECTIONS TO IPP SETTLEMENTS AND APPEAL A FINAL JUDGMENT IF JUDGMENT IS ENTERED**<br><br>Hearing Date: Submitted on papers or July 22, 2020<br>Time: 2:00 p.m.<br>Judge: Honorable Jon S. Tigar<br>Courtroom: 6, 2nd Floor |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | |

The law is well settled that even a non-party whose interests may be adversely affected by a settlement has the right to intervene, oppose the settlement and be heard by the court. The Ninth Circuit recently recognized this right when it suggested that the ORS and NRS Plaintiffs have a means of securing review of the proposed settlements here by "moving to intervene after final approval for the different purpose of appealing the denial of their objections to the settlement." ECF No. 5738 at 4. Rather than waiting and intervening only for appeal, the ORS and NRS Plaintiffs have filed the instant Motion to intervene and be heard to object at the Fairness Hearing on July 8, 2020. The Defendants and those Indirect Purchaser Plaintiffs in the 22 state-classes ("IPP") have all opposed the Motion. Each opposition makes essentially the same assertions which ignore the practical realities of the harmful effects of the proposed settlements on the ORS and NRS Subclasses' interests. Both rely on the fact that the proposed "amended" settlements no longer provide for releases of the ORS and NRS Subclass members' claims as evidence that the settlements have no effect on ORS and NRS claims. However, just because the ORS and NRS claims are not being explicitly released does not mean that these settlements do not have the potential to prejudice ORS and NRS Subclass members' interests.

One of the terms of the proposed settlements would amend the operative complaints in each of the indirect purchaser actions before this Court to jettison the claims of all members of the currently certified Nationwide Class other than those class members in 22 states. It is apparent that were this to happen, it could seriously damage the interests of the ORS and NRS Subclass members. This is true regardless of the outcome of the appeal of the denial of their right to intervene as named plaintiffs and proposed class representatives in the pending actions.

At a minimum, even if the Court were to rule in the ORS and NRS Plaintiffs' favor, it would cost them the time and money required to establish that amending them out of the pending cases had no effect on the application of class action tolling and the relation-back doctrine to their claims. If the proposed settlement amendment to write their claims out of the operative complaints after more than a decade were later found to impair the ORS or NRS Subclass members' ability to prosecute their claims, whether as plaintiffs in intervention or in tag-along actions, this would constitute a clear and palpable harm to their interests. Because this term of the IPPs' currently

proposed settlements has the potential to deliver to the Defendants complete or partial freedom from claims currently held by ORS and NRS Subclass members, persons and entities to whom the Defendants are paying no consideration, its existence alone confers on the ORS and NRS Plaintiffs the right to raise and litigate an objection to the IPPs' proposed settlements.  Since this Court has ruled that members of the ORS and NRS Subclasses are not now parties for the purpose of raising objections, the proper procedure, as the Ninth Circuit has noted (ECF No. 5738 at 4), is for them to intervene to become parties for that purpose.

Defendants assert that "Movants are not settlement-class members, they are 'not bound' by the amended settlements, and the amended settlements do not release their claims; therefore, Movants lack standing to object." ECF No. 5775 at 5.  IPPs' opposition comes down to the assertion that ORS and NRS Plaintiffs "have no direct, non-contingent, substantial and legally protectable interest in the amended settlements." ECF No. 5776 at 4.  However, as discussed above, this is simply not true.  ORS and NRS Plaintiffs are no strangers to this litigation, and the interests they seek to advance and protect are intertwined in the current IPP settlements even beyond the provision, discussed above, that they be dropped from the operative complaints.  ORS and NRS Plaintiffs' claims have been inextricably intertwined in this action since at least the first consolidated class action complaint.  *See* ECF No. 437.  During the appeal of the order approving the IPPs' original settlements, this Court entered an order "conclud[ing] that it erred in approving the parties' original settlement" and ruled that the IPPs' settlement was unfair because it forced certain class members "to release their claims without compensation." ECF No. 5362 at 1.  "[W]ith the benefit of hindsight," this Court conceded it should not have approved the IPPs' proposed settlement.  *Id.*  Recognizing the District Court's concession, the Ninth Circuit concluded that the settlement's unfairness "*necessarily affect[ed] the remaining issues on appeal*" and, therefore, "remand[ed] th[e] case so that the district court [could] reconsider its approval of the settlement." Ninth Circuit Case No. 16-16378, Dkt. 246 at 10-11 (emphasis added).  There are issues noted in the ORS and NRS Plaintiffs' Objections to the IPPs' currently proposed settlements that address many of these "remaining issues," including IPP counsel's adequacy of representation to all parties, the adequacy of the notice given to Nationwide Class members in connection with

the original settlement (upon which IPPs are relying to provide the constitutional underpinning for their amended settlements) and the appropriate aggregate fee award.  As the authorities cited in support of the instant motion make clear, any person whose interests are potentially affected by the settlement of the claims of another person has the right to be heard before that settlement is given judicial approval and effect.

ORS and NRS Plaintiffs have not delayed whatsoever in seeking to protect their claims from the potential damage that the IPPs' proposed settlements might do.  They timely filed an opposition to IPPs' motion for preliminary approval of the amended settlements.  ECF No. 5607.  This Court did not reach the merits of those objections, but rather found that ORS and NRS Plaintiffs lacked standing to make objections and struck them.  ORS and NRS Plaintiffs then appealed the Court's Order granting preliminary approval, along with the Court's prior orders denying ORS and NRS Plaintiffs' motions to intervene for all purposes.  ECF Nos. 5709, 5711.  On June 9, 2020, the Ninth Circuit ruled that it lacked appellate jurisdiction over the preliminary approval order and dismissed the ORS and NRS Plaintiffs' appeals as to it.  However, the Ninth Circuit recognized the ORS and NRS Plaintiffs' arguments that the proposed settlements had the potential to adversely affect their claims and suggested that the ORS and NRS Plaintiffs "mov[e] to intervene after final approval for the different purpose of appealing the denial of their objections to the settlement."  ECF No. 5738 at 4.  The ORS and NRS Plaintiffs filed timely objections to final approval, and days after the June 9, 2020, Ninth Circuit Order, also filed the instant Motion to intervene in order to present those objections before the Court, or in the alternative, to intervene if there is a final judgment for purposes of taking an appeal.  This Motion is not untimely.

Neither is this Motion premature.  ORS and NRS Plaintiffs seek to intervene to present and preserve their settlement oppositions as they relate to the Final Approval Hearing.  The Final Approval Hearing has not yet taken place.  Only in the alternative do ORS and NRS Plaintiffs seek to intervene in order to take appeals in the event the Court grants final approval and enters judgment.  IPPs concede in their response to the ORS and NRS Plaintiffs' Objections that their objections should be considered by the Court, stating that "IPPs respectfully request that the Court overrule *all* objections on the merits so that there is a complete record before the Ninth Circuit on

1  appeal." ECF No. 5758 at 25 (emphasis added).  Only if the ORS and NRS Plaintiffs are allowed
2  to argue their objections "on the merits" at the Final Approval Hearing, and take an appeal if those
3  objections are overruled will there truly be a "complete record" for the Ninth Circuit.
4        For all of the above reasons, this Court should enter an Order permitting the ORS and NRS
5  Plaintiffs to intervene for the purpose of advancing their timely-filed Objections to the IPPs'
6  proposed settlements and to appeal the denial of their objections if final judgment approving the
7  proposed IPP settlements is entered.  ORS and NRS Plaintiffs further respectfully request that this
8  matter be submitted on the papers.

Dated:  July 2, 2020

Respectfully submitted,

 /s/  *Tracy R. Kirkham*
       Tracy R. Kirkham

Tracy R. Kirkham (69912)
John D. Bogdanov (215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
Email:  trk@coopkirk.com
        jdb@coopkirk.com

*Interim Lead Counsel for Non-Repealer State Subclass*

/s/  *Theresa D. Moore*
      Theresa D. Moore

Theresa D. Moore (99978)
Law Offices Of Theresa D. Moore
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 613-1414
tmoore@aliotolaw.com

*Interim Co-Lead Counsel
for the ORS*

 /s/  *Francis O. Scarpulla*
       Francis O. Scarpulla

Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: 415-788-7210
fos@scarpullalaw.com
pbc@scarpullalaw.com

*Interim Co-Lead Counsel
for the ORS*

| | |
|---|---|
| Christopher A. Nedeau (81297)<br>Nedeau Law Firm<br>154 Baker Street<br>San Francisco, CA 94117<br>Telephone: (415) 516-4010<br>cnedeau@nedeaulaw.net<br><br>*Counsel for the ORS* | John G. Crabtree, *appearing pro hac vice*<br>Brian Tackenberg, *appearing pro hac vice*<br>Crabtree & Auslander<br>240 Crandon Boulevard, Suite 101<br>Key Biscayne, FL 33149<br>Telephone:  (305) 361-3770<br>jcrabtree@crabtreelaw.com<br>btackenberg@crabtreelaw.com<br><br>*Counsel for the ORS*<br><br>Brian M. Torres, *appearing pro hac vice*<br>Brian M. Torres, P.A.<br>One S.E. Third Avenue, Suite 3000<br>Miami, FL  33131<br>Telephone:  (305) 901-5858<br>btorres@briantorres.legal<br><br>*Counsel for the ORS* |

## **ATTESTATION**

I hereby attest pursuant to Civil Local Rule 5-1(i)(3) that concurrence in the filing of this document has been obtained from all signatories.

          /s/  *Tracy R. Kirkham*
          Tracy R. Kirkham