Robert J. Bonsignore, Esq.
BONSIGNORE TRIAL LAWYERS, PLLC
3771 Meadowcrest Drive
Las Vegas, NV 89121
Phone: 781-856-7650
Email: rbonsignore@classactions.us

*Counsel for Indirect Purchaser Plaintiff Class Member Objectors*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>All Indirect Purchaser Actions | Master File No. 4:07-cv-5944-JST<br>MDL No. 1917<br><br>**RESPONSE IN FURTHER SUPPORT OF OBJECTIONS TO SETTLEMENTS AND AWARD OF ATTORNEYS' FEES**<br><br>Date:        July 8, 2020<br>Time:       2:00 p.m.<br>Courtroom: 6, 2nd Floor<br>Judge:      Hon. Jon S. Tigar |

This Response is submitted by objector state subclass class members and indirect purchasers of cathode ray tube (CRT)-containing products (the "IPP Objectors"), by and through the undersigned counsel, in further support of their objections to the proposed amended settlement agreements (the "Amended Settlements," *see* Dkt. 5587) and an award of attorneys' fees proposed by Class Counsel for the indirect purchaser plaintiffs (the "IPPs"), and in reply to the response of the IPP Class Counsel filed on behalf of a subset of IPPs from twenty-two (22) states (the "Included Repealer States" or the "IRS") (Dkt. 5758) and to the response filed by the settling defendants (the "Settling Defendants") (Dkt. 5757).[1] The IPP Objectors are all members of the proposed settlement class whose claims are included and released in the Amended Settlements; more particularly, they are members from twelve of the twenty-two IPP IRS subclasses who object to those settlements and the proposed award of attorneys' fees to IPP Class Counsel.

Neither IPP Class Counsel nor the Settling Defendants have refuted any of the thirteen specific, legally grounded objections to the Amended Settlements presented by the IPP Objectors. *See* Dkt. 5739-52, 5755. As detailed in the Objections, IPP Class Counsel's improper conduct throughout these MDL proceedings and dereliction of his duties as lead counsel to all IPPs has doomed the Amended Settlements as fatally defective and incapable of approval under the constitutionally required adequate representation guarantees embodied in Federal Rule of Civil Procedure 23.[2] The instant "Amended" Settlements only perpetuate and exacerbate the inadequate representation provided to the class during the lengthy history of this MDL. That inadequacy is inextricably linked to IPP Class Counsel, and no amendment can remedy that fatal defect

Those agreements were pursued by IPP Class Counsel who was irremediably conflicted

---

[1] The IPP Objectors are as follows: Craig A. Schuler (Dkt. 5739); Valerie G. Deick (Dkt. 5740); Gloria A. Comeaux (Dkt. 5741); Lisa L. Butterbrodt (Dkt. 5742); Dale B. McKenzie (Dkt. 5743); Eric R. Coggins (Dkt. 5744); Heather J. Gordon (Dkt. 5745); Dennis S. Cornett (Dkt. 5746); David N. Watson (Dkt. 5747); Brendan C. McCann (Dkt. 5748); Jessica M. McIntyre (Dkt. 5749); Miguel A. Albarran (Dkt. 5751); Mary J. Baucom (Dkt. 5752); Jeff Speaect (Dkt. 5755) (collectively, the "Objections").

[2] The adequacy of all Class Counsel is implicated because they are inextricably tied to the actions of Lead Counsel and all IPP submissions.

from representing the IPP class – or any subclass thereof – based upon his prior conflicted, indisputably inequitable treatment of certain class members and that continued conflicted representation enabled the present settlements and the preservation of a massive, albeit minimally reduced, attorneys' fee award.

Although the IPP Objectors address IPP Class Counsel's and the Settling Defendants responses to their objections in more depth below, they feel compelled to respond at the outset to the baseless charges of untoward motives advanced by IPP Class Counsel to prevent those aspersions from coloring this Court's analysis.  IPP Class Counsel repeatedly trumpets that the Objectors' counsel has "a long history of lodging objections to every aspect of IPPs' proposed settlements, notice program and fee requests" and that "[a]ll of their objections were rejected" by the Special Master and then by this Court.  Dkt. 5758 at 4-5.  However, Counsel for the objectors has carried out his duty to his clients to zealously represent them and the conduct of IPP Class Counsel, which is very far from what was required of them, has left no alternative.[3]  IPP Class Counsel ignores that the foregoing objections resulted in (1) an adverse indicative ruling from this Court reversing its position on the validity of the settlements IPP Class Counsel negotiated and vehemently defended and (2) an appellate remand for reconsideration of final approval which cited both the adequacy of representation by IPP Class Counsel under Federal Rules of Civil Procedure 23(a)(4) and the attorneys' fees awarded to them as implicated.  *See* Case No. 16-16373, Dkt. 252 (9th Cir.).  Thus, far from the nuisance-based characterizations by IPP Class Counsel, there have been very real, reversal-mandating defects identified by objectors that were caused directly by IPP Counsel's inadequate representation and failed performance of duties to the class, that have resulted in entirely otherwise avoidable delays and costs to class members, and that will continue to infect these proceedings beyond these final approval proceedings.[4]  This Court has the

---

[3] Remarkably, moving beyond that pejorative commentary, this Court and Counsel for the Objectors each stand on the same footing:  to protect the interests of the absent class members. The primary roles performed by each are in service of that simple goal.

[4] As to the allegation that Mr. Bonsignore cannot represent both omitted repealer state class members and the Objectors, he has consulted with an ethics expert, who given time to respond, is

2

RESPONSE IN FURTHER SUPPORT OF OBJECTIONS TO SETTLEMENTS
AND AWARD OF ATTORNEYS' FEES
Case No. 4:07-cv-5944-JST, MDL No. 1917

opportunity to prevent the continuation of the injustices visited upon the class as a result of conflicted counsel's never-say-die approach to salvaging fatally defective settlements whose final approval protects his massive fee award.  *See In re Medtronic, Inc. Implantable Defibrillator Prod. Liab. Litig.*, 434 F. Supp. 2d 729, 730 (D. Minn. 2006) ("[T]his case is a complex matter, having been lodged before the undersigned by the Multi–District Litigation Panel. A transferee judge in such a case bears a particularly heavy burden to protect the transferee plaintiffs."); *In re Wireless Telephone Federal Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir.) ("the district court acts as a fiduciary, serving as a guardian of the rights of the ... class members"), *cert. denied*, 546 U.S. 822 (2005); *Pigford v. Johanns*, 416 F.3d 12, 25 (D.C.Cir.2005) (the court has a duty to protect class members); *Stewart v. General Motors*, 756 F.2d 1285, 1293 (7th Cir.1985) (same); Manual for Complex Litigation, Fourth § 10.224 (2004).

## ARGUMENT

## THE OBJECTIONS TO THE PROPOSED AMENDED SETTLEMENTS ARE VALID

IPP Class Counsel and the Settling Defendants have presented no valid basis to counter the objections to the Proposed Amended Settlements presented by the IPP Objectors, all of which prevent final approval as well as the attorneys' fee award requested.

**I.    IPP Class Counsel's Attempt to Invalidate the Objections on Procedural Grounds Is Baseless.**

As an initial matter, the delay between the prior 2016 notice and the present, regardless of the reason, has resulted in such a significant passage of time, as well as the continued negotiation and litigation of the IPP class members' rights by IPP Class Counsel, that the instant settlements are substantially different and required new class notice.  Nevertheless, the Objections should be upheld even under the notice of the Amended Settlements.

able to provide an opinion that no conflict exists.  Counsel stands ready to provide further briefing and support should this Court desire it.

3

The form notice of the proposed Amended Settlements approved by this Court listed the following, abbreviated information required to be included in an objection to the amendments, the original settlements or attorneys' fees:

- Your name, address, telephone number, and if you are being assisted by a lawyer, the lawyer's name, address and telephone number;
- The Action name and number (*In Re: Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917);
- Proof of membership in one or more of the 22 Indirect Purchaser State Classes;
- A brief explanation of your reasons for objecting; and
- Your signature.

Dkt. 5587-2 at 16 (the "Notice of Amendment").  It further required that the objection be made in writing and submitted to the Court either by mail or filing it with the Court. *Id.*  Objections were to be submitted on May 29, 2020. *See* www.crtclaims.com.  The IPP Objectors complied with those requirements in their timely made Objections.

Nevertheless, IPP Class Counsel argues that the Objections are insufficiently detailed.  In doing so, Counsel fails to acknowledge that the notice, directed at lay persons with little to no understanding of the legal complexities involved, explicitly required only "[a] brief explanation of your reasons for objecting." Dkt. 5587-2 at 16.  The Objections more than satisfy that standard. They identify not only broadly reference the full spectrum of defects, but also set out specific grounds for objection that overwhelmingly related to inadequacy of representation and the conflicts possessed by IPP Class Counsel.5  They include, *inter alia*, the following:

---

5 As noted in Objectors Speaect and Ms. Commeaux's objection to the 2016 settlements and attorneys' fee award, the Special Master in reviewing IPP Class Counsel's fee request did not address the specific concerns raised by objectors to the settlements, limited the production of time and billing records for review by objectors' counsel to the point of defeating its purpose, and limited that production to only two of the many objectors' counsels. Dkt. 4440 at 2. All of foregoing was an abuse of discretion.  Further, the Objectors respectfully note their objection to the fee award requested by IPP Class Counsel is supported by the "megafund" status of the proposed settlement, which renders its requested fee excessive. *See Alexander v. FedEx Ground Package Sys., Inc.*, 05-CV-00038-EMC, 2016 WL 3351017, at *3 (N.D. Cal. June 15, 2016)

- The delay arising from Class Counsel's improper pursuit of settlement agreements that were invalidated;
- IPP Class Counsel possess a conflict of interest with the proposed settlement class, and specific counsel are identified;
- Each of the errors which caused the approval of the prior settlement agreements to be invalidated required additional legal work and costs to the class;
- The settlement was not negotiated at arm's length; and
- The lawyers and named class representatives did not represent the Objectors' best interests.

*See*, *e.g.*, Dkt. 5747 at 18.  IPP Counsel's assertion that the Objectors "make no specific objection to the requested fee award." Dkt. 5758 at 8 is objectively disingenuous. The Objections explicitly state that IPP Class Counsel "will attempt to bill more for the resultant increased costs and time related to their negotiations and work that arise from their inadequate representation and errors" and that "Class Members should not be forced to pay for the fixing of [their] errors." Objections at No. 5 and No. 8.  The defects alleged in each of those specific Objections constituted reversible error with respect to approval of the original settlements, the Amended Settlements and any attorneys' fee award.

IPP Counsel's related assertion that the Objections are merely boilerplate forms misses the mark.  Those Objections were filed by lay persons.  The fact that the Objections contain the same reasons for objecting does not render them defective. Rather it establishes that multiple IPP class members possess shared bases for objection and that IPP Counsel's deficient conduct impacted them similarly.  The filing of separate objections complied with the requirement that objections be signed by the party objecting, who attested to their membership in the class and one of the twenty-two IPP state subclasses.  *Id.*

Finally, IPP Class Counsel's reliance on Fed. R. Civ. P. 23(e)(5) is similarly ineffective to invalidate the Objections.  Rule 23(e)(5) provides only that an objection must state "whether it

(noting award of "16.4% of the common fund [was] consistent with the higher end of awards in

applies only to the objector, to a specific subset of the class, or to the entire class." Fed. R. Civ. P. 23(e)(5). IPP Class Counsel advocates for an overly formalistic application of that Rule that is not supported by the case law and does not further public policy. *See Feller v. Transamerica Life Ins. Co.*, 16CV01378CASGJSX, 2019 WL 6605886, at *9 n.4 (C.D. Cal. Feb. 6, 2019) (noting that although objection did not "explicitly" state to whom it applied, Rule 23 was satisfied because it was "apparent" the objection did not apply to the class as a whole). Here, it is entirely apparent that the Objections apply to the proposed settlement class, including the Objectors. *See, e.g.*, Objections, No. 6 (IPP Class Counsel "possess a conflict with the proposed settlement class"); No. 7 (error of IPP Class Counsel "resulted in a significant delay in each putative Class Members' receipt of the settlement proceeds"); No. 8 ("The Class Members should not be forced to pay for the fixing of the errors of" IPP Class Counsel"). Tellingly, IPP Class Counsel does not even attempt to argue that it cannot determine the reach of the objections made by the Objectors.

**II.     IPP Class Counsel's Attack on the Objectors' Class Membership and Claim Status Is Baseless and Only Further Establishes the Defectiveness of the Notice Process.**

IPP Class Counsel asks this Court to reject the Objections filed by the IPP Objectors on the ground that none of them are appropriate class members entitled to object to the proposed Amended Settlements. To make that argument, IPP Class Counsel asserts none of the Objectors filed claims or objected previously in connection with the 2016 settlements and that none of them provided acceptable "proof" of class membership. To the extent that it is of import here, the Objectors also raise the issue of inadequate notice and have formally requested copies of the claim form, which was unable to be found after a diligent search, for the purpose of filing late claims.

With respect to the "proof" of class membership issue, each Objector explicitly averred in his or her Objection that he or she is "a class member because I purchased a CRT-containing

megafund cases as discussed above and well within the range of reasonableness").

6
RESPONSE IN FURTHER SUPPORT OF OBJECTIONS TO SETTLEMENTS
AND AWARD OF ATTORNEYS' FEES
Case No. 4:07-cv-5944-JST, MDL No. 1917

product" in a specifically identified state, each of which in turn was one of the twenty-two states encompassed in the state settlement subclasses, and that such purchase was made during the relevant time period.  Each Objector signed and dated the Objection and submitted it to this Court. Notably, the Notice of Amendment itself did not specify any particular form that such "proof" must take.  The Objections therefore were entirely proper under the Notice of Amendment.

Even more, both Objectors Speaect and Comeaux objected to the original settlements and, therefore, fall within the Notice of Amendment's parameters.  *See* Dkt. 4404.  Jeffrey Speaect is a resident of South Dakota.  Mr. Speaect indirectly purchased CRT products in Pierre, South Dakota, from one or more of the Defendants or their co-conspirators and was injured by reason of the antitrust violations alleged in the Complaint.  He has not opted out of this action. Mr. Speaect's deposition was taken and his proof of purchase produced and is and has been at all times relevant in the possession of IPP Counsel.  Gloria Comeaux is a resident of Nevada. Ms. Comeaux indirectly purchased CRT products in Las Vegas, Nevada, from one or more of the Defendants or their co-conspirators and was injured by reason of the antitrust violations alleged in the Complaint. She has not opted out of this action. Mrs. Comeaux's deposition was taken and proof of her purchases was produced and is and has been at all times relevant in the possession of IPP Counsel.

Moreover, the argument that the IPP Objectors should be barred from objecting to the proposed Amended Settlements on the ground that they did not comply with the Notice of Amendment because they did not file claims in 2016 or object to the prior settlements should be rejected.  Limiting valid objectors to those who either objected to the original 2016 Settlements or filed claims pursuant to the notice given as to the original settlements in 2016 (the "2016 Notice") would be patently unfair and at odds with developments in this case since 2016 for several reasons.

First, the 2016 Notice of the original settlements – the purported ticket to lodging an objection to the Amended Settlements - was defective on multiple fronts, most significant of which

was its unreasonably low reach rate. This is a matter of record. The evidence presented by IPP Class Counsel's notice provider claimed that the print publication of the 2016 Notice reached 58% of class members over the age of 30 who own televisions or computers and have with household incomes of at least $60,000 and that its use of paid Internet advertising would increase the 2016 Notice's reach to 80% of the target audience. *See* Dkt. 1063 at 4; Dkt. 4413 at 8. That claim was not supported by adequate evidence.[6] It further targeted the incorrect demographics for the likely class member, which are persons who are now of age 60 or older. The 2016 Notice program did not take into account the passage of up to 25 years since the purchase of the CRT product. In sum, the notice program was not designed to notify the actual members of the class, and, as such, it was insufficient. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," must be given. Fed. R. Civ. P. 23(c)(2)(B). "Where notice to a class has been inadequate, it may be appropriate to reject the settlement in its entirety." *Kaufman v. American Express Travel Related Servs., Inc.*, 283 F.R.D. 404, 408 (N.D. Ill. 2012). Such was the precise case here, and the original settlements should have been rejected.

The multiple defects in the 2016 Notice resulted in an unacceptably low claims rate. The Objectors are casualties of that fact. Thus, it was improper here not to require that new notice be given of the Amended Settlements and to allow consumers class members from the IPP IRS state subclasses who did not file claims previously, but whose claims where subject to release, to file claims, or, at a minimum, to object to the Amended Settlements.

---

[6] Objectors respectfully incorporate by reference the objections lodged by Objectors Speaect and Comeaux as to the reasonableness of the 2016 Notice. Dkt. 4404; *see also* Transcript of Oral Argument Hearing before Special Master Quinn on January 5, 2016 (9th Cir. Case No. 16-16373, Bonsignore Excerpts of Record ("ER") at 541-54).

Second, regardless of the requirements of the Notice of Amendment, the Objectors possess standing to object to the Amended Settlements as settlement class members who will be adversely affected by the final approval of a defective settlement that releases their rights and forms the basis of an improper attorneys' fees award to their conflicted counsel.  The Objectors will be prejudiced as a result of the Amended Settlements, and its final approval will be subject to appeal and further delay.  Fed. R. Civ. P. 23(e)(A) plainly states that "*[a]ny* class member may object to the proposal if it requires court approval under this subdivision (e)."  The settlement class and the proposed Amended Settlements indisputably require approval under Rule 23(e).  *See* Fed. R. Civ. P. 23(e); *see Smith v. Arthur Andersen LLP*, 421 F.3d 989, 998 (1st Cir. 2008) (objector-appellants had standing to object because they were "potentially affected by the settlement").

Third, limiting objectors to the 2019 Amended Settlements to those who objected to the 2016 original settlements or attorneys' fees or who filed claims at that time ignores a critical fact: that IPP Class Counsel continued to represent *all* class members in the post-2016 time period while negotiating the Amended Settlements, including any previously non-objectors.  Their rights and claims continued to be bargained with, and ultimately released, by Class Counsel, and due process requires that they received adequate representation during that time.  *Radcliffe v. Experian Info. Solutions Inc.*, 715 F.3d 1157, 1168 (9th Cir. 2013).  To foreclose their ability to challenge the representation they have received from 2016 to the present on the basis of actions taken three-years prior to the present approval proceedings, without renewed notice that affords them the opportunity to object, would nullify bedrock due process guarantees and give class counsel motivated by the lure of a massive, just-within-reach attorneys' fee unfettered discretion.

**IV.   The Settling Defendants' Rule of Mandate Argument Should Be Rejected.**

In the final paragraph of their response, the Settling Defendants attempt to assert an abbreviated rule-of-mandate argument that they made in opposition to the appointment of separate

counsel for the additional omitted repealer states class members and the non-repealer state class members, which was rejected by this Court, as against the Objectors here.  *See* Dkt. 5757 at 16. They make that assertion specifically for the purpose of preserving the argument, but do not explain how such argument relates to the IPP Objectors, all of whom are members of the proposed state settlement subclasses.  The IPP Objectors respectfully submit that such a placeholder argument should be dismissed out of hand.

* * *

IPP Objectors respectfully submit that the allure of approval of settlements of a massive litigation that has been pending for an excessive period of time (and which handsomely reward the lawyers that accomplish that superficially desirable, yet Pyrrhic goal) cannot override the due process guarantees and duties owed to the class.7  Well-established public policy requires mindfulness of a court's obligation to protect absent class members and the body of civil jurisprudence under attack here.

At the same time, the actions of IPP Class Counsel are improper and wholly transparent. Once again, they seek endorsement of that conduct while covering over the tracks of serious constitutional deprivations of due process rights.  IPP Class Counsel was presented with an opportunity to correct the defect by simply including the omitted repealer states in the settlements with the blessing of defense counsel, but inexplicably willfully rejected that easy fix.  No attempt was made to hide those patent abuses of duties to class members, which still underlie the original settlements. In fact, IPP Class Counsel overtly sought out this Court's endorsement.

To be clear, the first notice and claims program was defective and the instant program not only repeats the defective and deficient notice, it exacerbates it by imposing extreme and unconstitutional limitations on members of the class whose rights are permanently defined and cut off. Rather than allow open action on the rights of the class members they are charged with

---

7 IPP Objectors respectfully maintain that it is reversible error not to have fully examined the adequacy of counsel immediately upon remand. The appointment of lead counsel for the omitted repealer states did not address the overarching defect that remains intact through this filing.

protecting, IPP Class Counsel have reverse engineered an objection and claims process that cuts off rights, while lining their pockets with excessive fees.

In sum, there is no question that IPP counsel:

1) made serious mistakes that deprived class members they represented of due process rights.[8] This forever defines the inadequacy of counsel and raises serious, sometimes unanswered, questions as to the class representatives;

2) repeatedly refused the opportunity for a quick fix that would have stopped the objections of the omitted repealer states before the long appeal process started[9] and since then have acted only in ways that inevitably prolonged the delay of the receipt of benefits by the instant included repealer states. (This is noteworthy, at a minimum, for the additional reason that these willful actions resulted in such a significant passage of time that the instant settlement is substantially different and required new class notice[10]);

3) submitted woefully inappropriate billing and time keeping records[11]; and

4) impermissibly seek an extremely large percentage of a so-called mega fund[12];

---

[8] For example, despite being given no less than three (3) opportunities to correct a fatal deficiency that cut off the identical rights of Massachusetts consumers as are being compensated in the instant settlement, they failed to send pre-suit letters and voluntarily dismissed those claims to avoid confronting the error. Exacerbating that misconduct, they engaged in naked horse trading and traded the dismissal of Massachusetts for the addition of the State of Maine, a state in which they did not even have a client at the time. There was no doubt that objections from those cut out would come, and that payment would be delayed during appeal. By adding Maine, they added value and enhanced their fee. Thus, they acted to put their own interests ahead of the class, a hallmark of fatally inadequate counsel.

[9] ER554 at 133:10-14.

[10] Failing to require new class notice or a new claims process is reversible error.

[11] It was reversible error to limit review of the time records of IPP Counsel to one lawyer. Under the circumstances, all class members should be granted access.

[12] Fee awards in megafund cases receive heightened scrutiny and the underlying documentation here should be made part of the public record. Moreover, the fee should be trimmed to 15% in light of IPP Counsel's missteps and the delays the errors and misjudgments imposed on the receipt

5) neither they nor the Settling Defendants have refuted any of the thirteen specific, legally grounded objections to the Amended Settlements presented by the IPP Objectors.  *See* Dkt. 5739-52, 5755.

Dated: July 3, 2020                                        Robert J. Bonsignore

/s/ Robert J. Bonsignore
Robert J. Bonsignore (MA No. 547880)
Bonsignore Trial Lawyers, PLLC
3771 Meadowcrest Drive
Las Vegas, NV 89121
Telephone:  (781) 856-7650
rbonsignore@class-actions.us

`

of the funds by the instant class members. The monies generated by a cut in the fee requests would rightfully create additional funds that would be placed back into the general fund that provides compensation to the class members.

# CERTIFICATE OF SERVICE

I, Robert J. Bonsignore, hereby certify that on this 3rd day of July, I caused the foregoing to be electronically filed with the Clerk of the Court by using the Case Management/Electronic Case Filing (CM/ECF) system, which will send a notice of electronic filing to all parties registered with the CM/ECF system in the above-captioned matter. A copy will be forwarded via first class mail, postage prepaid, to those parties not electronically registered.

                                            */s/ Robert J. Bonsignore*
                                            Robert J. Bonsignore

13

RESPONSE IN FURTHER SUPPORT OF OBJECTIONS TO SETTLEMENTS
AND AWARD OF ATTORNEYS' FEES
Case No. 4:07-cv-5944-JST, MDL No. 1917