UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br>ALL INDIRECT PURCHASER ACTIONS | Case No. 07-cv-05944-JST<br><br>**ORDER DENYING MOTION TO INTERVENE TO PRESENT OBJECTIONS TO SETTLEMENTS AND APPEAL FINAL JUDGMENT**<br><br>Re: ECF No. 5754 |

Before the Court is Other Repealer States' and Non-Repealer States' Motion to Intervene to Present Objections to IPP Settlements and Appeal a Final Judgment if Judgment is Entered. ECF No. 5754. The Court will deny the motion.

I.   **BACKGROUND**

The facts regarding this case are well known to the parties, and the Court summarizes them here only insofar as they bear on the present motion. In February 2008, the Judicial Panel on Multidistrict Litigation ("JPML") ordered the centralization of actions alleging that certain defendants conspired to fix prices of cathode ray tubes ("CRTs"). *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 536 F. Supp. 2d 1364 (J.P.M.L. 2008). On March 11, 2020, the Court granted preliminary approval of amended settlement agreements between six groups of corporate defendants and several Statewide Damages Classes of indirect purchasers of CRT products ("22 Indirect Purchaser State Classes"). ECF No. 5695. These amended agreements narrowed the settlement class and removed two subclasses of CRT purchasers – the Omitted Repealer[1] State

---

[1] In *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), the Supreme Court held that only direct purchasers could recover damages for price-fixing under Section 4 of the Clayton Act. *Id.* at 735. As the Ninth Circuit has summarized, the Supreme Court "barred indirect purchasers' suits, and left the field of private antitrust enforcement to the direct purchasers." *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323, 325 (9th Cir. 1980). In response to the *Illinois Brick*

Subclass ("ORS Subclass")[2] and the Non-Repealer State Subclass ("NRS Subclass")[3] – in order to "remove potential conflicts of interests that could result from differences in claims and relief sought by the 22 Indirect Purchaser State Classes verses the ORS and NRS Subclasses." ECF No. 5695 at 11; *see* ECF No. 5587 at 16; ECF No. 5587-1.

In April 2020, the ORS and NRS Subclasses appealed the Court's preliminary approval order to the Ninth Circuit. ECF No. 5695. The ORS and NRS Subclasses also appealed this Court's orders denying several motions to intervene directly into the MDL. *Id.*; *see* ECF No. 5626 at 3 (denying motion to intervene which "attempt[ed] to amend someone else's complaint"); ECF No. 5628 at 3 (same); ECF No. 5684 at 6 (denying renewed motions to intervene and directing movants to "file their claims in the appropriate forum(s) and seek transfer from the JPML or, if properly filed in the Northern District of California, 'request assignment of [their] actions to the Section 1407 transferee judge in accordance with applicable local rules.'" (quoting J.P.M.L. R. 7.2(a))).

On May 29, 2020, NRS Subclass member Eleanor Lewis and some of the ORS purchasers ("ORS/NRS Objectors") filed objections to final approval of the amended settlements. ECF Nos. 5732, 5756. On June 9, 2020, the Ninth Circuit concluded that it lacked jurisdiction over this Court's preliminary approval order and dismissed that portion of the appeal. ECF No. 5738 at 4. In doing so, the Ninth Circuit noted that it does not read this Court's orders "as precluding [ORS/NRS Objectors] from moving to intervene *after final approval* for the different purpose of

---

decision, many states passed so-called "*Illinois Brick* repealer statutes," which give indirect purchasers the right to sue when firms violate analogous state antitrust laws. *See, e.g.,* Robert H. Lande, New Options for State Indirect Purchaser Legislation: Protecting the Real Victims of Antitrust Violations, 61 Ala. L. Rev. 447, 448 (2010). Such states are referred to a "repealer states." A state which has not enacted such a statute is referred to as a "non-repealer state."

[2] The ORS Subclass in its current iteration consists of Indirect Purchaser Plaintiffs in the following states: Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah. ECF No. 5518 at 1; ECF No. 5645 at 2. The parties now use the "ORS" abbreviation to signify "other repealer states" rather than "omitted repealer states." ECF No. 5645 at 1 n.1.

[3] The NRS Subclass consists of Indirect Purchaser Plaintiffs in the following Non-Repealer States: Alabama, Alaska, Colorado, Connecticut, Delaware, Georgia, Idaho, Illinois, Indiana, Kentucky, Louisiana, Maryland, New Jersey, Ohio, Oklahoma, Pennsylvania, Texas, Virginia, Washington, and Wyoming. ECF No. 5518 at 2.

appealing the denial of their objections to the settlement." ECF No. 5738 at 4 (emphasis added). On June 11, 2020, ORS/NRS Objectors filed a motion to "intervene in this action to present their objections and to appeal a final judgment if one is entered by the Court." ECF No. 5754 at 3. The 22 Indirect Purchaser State Classes and Samsung Defendants[4] oppose this motion. ECF Nos. 5775, 5776. ORS/NRS Objectors have filed a reply. ECF No. 5778.

## II. DISCUSSION

ORS/NRS Objectors move to intervene "for the purpose of advancing their . . . objections and to appeal the denial of their objections if final judgment approving the proposed IPP settlements is entered." ECF No. 5754 at 5. The Court denies both requests for intervention.

First, ORS/NRS Objectors fail to cite a single case or make any argument concerning why they are entitled to intervene for the purpose of presenting their objections to the amended settlements.[5] *See Tom Ver LLC v. Organic Alliance, Inc.*, 13-CV-03506-LHK, 2015 WL 6957483, at *2 (N.D. Cal. Nov. 11, 2015); *see* Civil L. R. 7-4(a)(5) ("[A] brief or memorandum of points and authorities filed in support, opposition or reply to a motion must contain . . . [a]rgument by the party, citing pertinent authorities."); *see generally* ECF Nos. 5754, 5778. As such, ORS/NRS Objectors have failed to meet their "burden of showing that *all* the requirements for intervention have been met." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (emphasis in original).

Second, ORS/NRS Objectors' request to intervene to "appeal a final judgment if one is entered by the Court" is premature. ECF No. 5754 at 3; *see Legal Aid Soc. Of Alameda Cty. v. Brennan*, 608 F.2d 1319, 1328 (9th Cir. 1979) ("Post-judgment intervention for purposes of appeal may be appropriate if the intervenors act promptly *after* judgment." (emphasis added)). As the Ninth Circuit stated in its order, ORS/NRS Objectors are not precluded "from moving to intervene

---

[4] The Samsung Defendants include Samsung SDI Co. Ltd., Samsung SDI America, Inc., Samsung SDI Brazil Ltd., Tianjin Samsung SDI Co. Ltd, Shenzhen Samsung SDI Co., Ltd., Samsung SDI (Malaysia) Sdn. Bhd., and Samsung SDI Mexico S.A. de C.V. ECF No. 5775 at 1.

[5] The Court struck the ORS/NRS Subclasses' objections to the motion for preliminary approval because "the persons and entities in these subclasses are not members of the amended settlement Class and have no standing to object to . . . preliminary approval of the amended settlements." ECF No. 5695 at 7.

3

*after final approval* for the different purpose of appealing the denial of their objections to the settlement." ECF No. 5738 at 4 (emphasis added).  At this point in time, however, the Court has neither conducted a final fairness hearing nor granted final approval of the amended settlements.  If the Court grants final approval of the amended settlements, the ORS/NRS Objectors may move to intervene then, but solely for the "purpose of appealing the denial of their objections to the settlement." ECF No. 5738 at 4.

## CONCLUSION

For the foregoing reasons, the Court denies the ORS/NRS Objectors' motion to intervene.

**IT IS SO ORDERED.**

Dated:  July 5, 2020



JON S. TIGAR
United States District Judge

4