1  Mario N. Alioto (56433)
   Joseph M. Patane (72202)
2  Lauren C. Capurro (241151)
   TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
3  2280 Union Street
   San Francisco, CA 94123
4  Telephone: 415-563-7200
   Facsimile: 415- 346-0679
5  Email: malioto@tatp.com
   jpatane@tatp.com
6  laurenrussell@tatp.com

7  *Lead Counsel for the*
   *Indirect Purchaser Plaintiffs for the 22 States*

8

                    **UNITED STATES DISTRICT COURT**

9

                   **NORTHERN DISTRICT OF CALIFORNIA**

10

                          **OAKLAND DIVISION**

11

12  | IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-5944-JST; No. CV-13-03234-JST |
    | --- | --- |
    | | **MDL No. 1917** |
13
    | | **CLASS ACTION** |
14

15  This Document Relates to:

16  INDIRECT PURCHASER ACTIONS FOR          **INDIRECT PURCHASER PLAINTIFFS'**
    THE 22 STATES                           **NOTICE OF MOTION AND MOTION TO**
17                                          **STRIKE AND FOR SANCTIONS**

18                                          Hearing Date: August 12, 2020
                                            Time: 2:00 p.m.
19                                          Judge: Honorable Jon S. Tigar
                                            Court: Courtroom 6, 2nd Fl. (Oakland)
20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 12, 2020 at 2:00 p.m., before the Honorable Jon S. Tigar, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California, or on the papers at the Court's discretion, the Indirect Purchaser Plaintiffs ("IPPs") will and hereby do move the Court to strike (1) the Response in Further Support of Objections to Settlements and Award of Attorneys' Fees, ECF No. 5579, filed by Robert Bonsignore on July 3, 2020; (2) the Statements of Objection filed by Gloria Comeaux (ECF No. 5741), Jeff Speaect (ECF No. 5755), and Alicia Jeanne Schnieder (ECF No. 5766-1); and (3) the Declaration of Theresa D. Moore In Support of Objections to Amended Settlement Agreements, ECF No. 5756. IPPs also move for sanctions against Mr. Bonsignore.

The grounds for this Motion are that the "Response in Further Support" is an unauthorized and untimely sur-reply that violates this Court's scheduling Order and Civil L.R. 7-3(d). IPPs have uncovered certain additional procedural deficiencies in the objections by Objectors Comeaux, Schnieder and Speaect, which should likewise be stricken. Similarly, the Moore Declaration was unauthorized and untimely. IPPs request not only that the Court strike Mr. Bonsignore's improper filings, but also that it impose monetary sanctions on Mr. Bonsignore pursuant to 28 U.S.C. § 1927 and its inherent powers for "unreasonably and vexatiously" multiplying the proceedings.

This motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the accompanying Declarations of Lauren C. Capurro in support of the motion, and any further papers filed in support of this motion, the argument of counsel, and all pleadings and records on file in this matter.

## INTRODUCTION

Robert Bonsignore, Court-appointed Interim Co-Lead Counsel for the Other Repealer States ("ORS") (ECF No. 5518), who is now simultaneously representing 14 individual objectors to IPPs' amended settlements who claim to be members of the 22 State amended settlement class, has filed an unauthorized sur-reply in "further support" of these purported class members' objections. Mr. Bonsignore did not request permission to file the sur-reply, in violation of Local Rule 7-3(d)[1] and this Court's Order Granting Preliminary Approval, ECF No. 5695, which set the schedule for objections to the amended settlements and responses thereto, and closed briefing on June 12, 2020. *Id.* at 19-20.

Mr. Bonsignore filed his unauthorized sur-reply after 5:00 p.m. PST on Friday, July 3, 2020, during the July 4th holiday weekend, less than three business days before the July 8, 2020 fairness hearing. Mr. Bonsignore had *three weeks* to request permission to file any sur-reply. Yet he waited until after business hours on the Friday evening of a major holiday weekend, within days of the hearing. There is no doubt that Mr. Bonsignore deliberately timed his sur-reply to leave IPPs little time to respond, and to maximize the disruption to IPP Counsel's preparation for the hearing. Mr. Bonsignore also deliberately chose to file his clients' objections (ECF Nos. 5739-5752, & 5755) by mail despite the fact that he was aware of a delay in mail service resulting in the Clerk's delay in filing the objections. He also chose not to serve them on IPP Counsel.[2] As a result, IPP Counsel only received the objections on June 10, 2020, two days before IPPs' response was due. Mr. Bonsignore's gamesmanship—which violates Local Rule 11-4 and the Northern District of California's Guidelines for Professional Conduct—should not be permitted.

This is not the first time that Mr. Bonsignore has flouted this Court's orders and procedures. In 2016, in connection with his objections to the original settlements, Special Master Quinn struck Mr. Bonsignore's repeated attempts to file certain documents late and without authorization, and

---

[1] Civil L.R. 7-3(d) provides that "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval," except under limited circumstances that do not apply.

[2] *See* Declaration of Lauren C. Capurro In Support of Motion to Strike and Motion for Sanctions ("Capurro Decl."), ¶ 2.

1  sanctioned him. *See* ECF Nos. 4329 (criticizing Mr. Bonsignore's "frivolous request" and
2  concluding that, "Mr. Bonsignore is merely making a blatant end-run around the Court's denial of
3  his request to submit this late 'evidence.'"); 4473 (order adopting same).

4       Despite being precluded three times from filing those documents—and being sanctioned for
5  doing so—Mr. Bonsignore attempted to slip them in a fourth time in connection with his objections
6  to Special Master Quinn's Report & Recommendation (ECF No. 4440-1). *See* ECF No. 4451 (IPPs'
7  motion to strike describing Mr. Bonsignore's attempts to mislead the Court and hide the documents
8  by not identifying or misidentifying them). This Court struck the documents but declined to sanction
9  Mr. Bonsignore. *See* ECF No. 4482.

10      Mr. Bonsignore's blatant and repeated disregard of this Court's orders and rules of
11 professional conduct is sanctionable. IPPs' respectfully request that the Court strike his unauthorized
12 sur-reply and impose monetary sanctions pursuant to its inherent powers, and its statutory authority
13 under 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case
14 unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,
15 expenses, and attorneys' fees reasonably incurred because of such conduct.").

16      IPPs also move to strike the objections of Gloria Comeaux (ECF No. 5741) and Alicia
17 Schnieder (5766-1) because the Court-approved notice requires that objectors provide their
18 addresses, and IPPs have discovered that the addresses provided in their objections appear to be
19 incorrect.[3] Furthermore, their counsel, Mr. Bonsignore and Mr. Gilreath, have ignored several
20 requests to provide correct addresses. Capurro Decl. ¶¶ 5-6. Mr. Speaect's objection should also be
21 stricken because the Court-approved notice requires that objectors sign their objections and it
22 appears that someone other than Mr. Speaect signed his objection. *Id*. ¶¶ 7-8, Exs. 3-4. Unless Mr.
23 Speaect proves that he personally signed his objection, the Court should strike his objection.

24      Finally, IPPs move to strike Ms. Moore's declaration in support of the ORS objections to the
25 amended settlements (ECF No. 5756) as untimely. Ms. Moore filed the declaration on June 12,

---

[3] *See* Capurro Decl., ¶¶ 3-4, Exs. 1 and 2 (proofs of service describing unsuccessful attempts to serve Comeaux and Schnieder).

INDIRECT PURCHASER PLAINTIFFS' MOTION TO STRIKE AND MOTION FOR SANCTIONS
Master File No. 07-cv-5944-JST; MDL No. 1917

2020—*two weeks after* the May 29, 2020 deadline for objections. She failed to request permission to file late and made no attempt to show excusable neglect.

## ARGUMENT

### I.   LEGAL STANDARD

"It is well established that '[d]istrict courts have inherent power to control their docket.'" *In re Twitter Inc. Sec. Litig.*, No. 16-CV-05314-JST, 2020 WL 485547, at *3 (N.D. Cal. Jan. 30, 2020) (quoting *Ready Transp., Inc. v. AAR Mf., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010)). "[B]ased on its inherent powers, a court may strike material from the docket, including portions of a document, reflecting procedural impropriety or lack of compliance with court rules or orders." *Jones v. Metro. Life Ins. Co.*, No. 08 Civ. 03971 (JW) (DMR), 2010 WL 4055928, at *6 (N.D. Cal. October 15, 2010) (collecting cases).

In addition, "'[v]iolations of a scheduling order [under Fed. R. Civ. P. 16(b)] may result in sanctions, including dismissal under Rule 37(b)(2)(C).'" *In re: Cathode Ray Tube (CRT) Antitrust Litig.,* No. C-07-5944 JST, 2016 WL 945981, at *1 (N.D. Cal. Mar. 14, 2016) (quoting *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787 (9th Cir. 2011). *See also Timbisha Shoshone Tribe v. Kennedy*, No. 09-cv-1248 (LJO) (SMS), 2010 WL 582054, at *2 (E.D. Cal. Feb. 18, 2010) (a "Court may strike an untimely-[filed] document using its inherent powers to manage and control its docket and as a sanction for violating [a] Court's order.").

### II.   MR. BONSIGNORE'S UNAUTHORIZED AND UNTIMELY SUR-REPLY SHOULD BE STRICKEN

IPPs respectfully request that this Court exercise its inherent power and strike Mr. Bonsignore's unauthorized and untimely sur-reply. The May 29, 2020 deadline for objections to the amended settlements and IPPs' reduced fee request was clearly set forth in this Court's Preliminary Approval Order, ECF No. 5695 at 20, and in the Court-approved notice to class members. *See* ECF No. 5587-1, Ex. C. In addition, the Preliminary Approval Order did not provide objectors with the right to file a sur-reply to IPPs' response to their objections. *See* ECF No. 5695 at 20.

Mr. Bonsignore is counsel of record and has been actively litigating this case on behalf of the ORS plaintiffs. He was well aware of the May 29, 2020 deadline set forth in the Preliminary

Approval Order, and that the Order did not provide for a sur-reply for objectors. Yet he did not seek permission to file his sur-reply in further support of his purported clients' objections, blatantly disregarding this Court's Order and the Local Rules. The sur-reply should be stricken for this reason alone. *See, e.g., CRT*, 2016 WL 945981, at *1 (striking Mr. Bonsignore's filing of documents that the Special Master and the Court had previously struck, where Bonsignore failed to request permission to file them as part of a subsequent objection).

Moreover, Mr. Bonsignore's sur-reply improperly attempts to expand the scope of the identical, vague, and conclusory form objections filed by Mr. Bonsignore's objectors (ECF Nos. 5739-5752 & 5755), and raises entirely new objections. For example, none of Mr. Bonsignore's objectors objected to either the notice of the amended settlements or the notice of the original settlements. *See id*. Yet Mr. Bonsignore's sur-reply raises multiple new objections to both notices. *See* ECF No. 5779 at 6-8, 10. Likewise, with regard to attorneys' fees, the sur-reply raises objections to "woefully inappropriate billing and time keeping records," and accuses IPPs of "impermissibly seeking an extremely large percentage of a so-called mega fund." *Id*. at 11. None of the Bonsignore objectors previously made these objections. *See, e.g.,* ECF No. 5739.[4] These new objections are therefore untimely and should be stricken. *See In re Lithium Ion Batteries Antitrust Litig.*, No. 4:13-MD-02420-YGR (DMR), 2017 WL 1086331, at *1, n.1 (N.D. Cal. Mar. 20, 2017), *aff'd sub nom. Young v. LG Chem Ltd.*, 783 F. App'x 727 (9th Cir. 2019) (striking "supplemental objections" as untimely); *Timbisha Shoshone Tribe v. Kennedy*, 2010 WL 582054, at *2 (a "Court may strike an untimely-[filed] document using its inherent powers to manage and control its docket and as a sanction for violating [a] Court's order."); *Chavez v. PVH Corp.*, No. 13-CV-01797-LHK, 2015 WL 9258144, at *3 (N.D. Cal. Dec. 18, 2015) (district court may "refuse to consider" objections solely because they are untimely) (citing cases).

## III. THE COMEAUX, SPEAECT AND SCHNIEDER OBJECTIONS SHOULD BE STRICKEN BECAUSE THEY ARE PROCEDURALLY DEFECTIVE

---

[4] All of the Bonsignore objections are identical.

1    IPPs also respectfully request that the Court strike the objections of Gloria Comeaux (ECF

2 No. 5741), Jeff Speaect (ECF No. 5755), and Alicia Jeanne Schnieder (ECF No. 5766-1).[5] In

3 addition to their failure to provide (1) proof of class membership[6] and (2) proof that they filed a

4 claim in the 2016 Settlements (*see* ECF No. 5758 at 7-8 & n.13), IPPs have recently uncovered

5 additional deficiencies.

6    First, the addresses provided by Ms. Comeaux and Ms. Schnieder on their objections appear

7 to be incorrect. A process server who attempted to serve a subpoena on Ms. Comeaux at the address

8 listed on her objection attests that the unit is vacant. *See* Capurro Decl. ¶ 3, Ex. 1. As for Ms.

9 Schnieder, a process server who attempted service on Ms. Schnieder at the Tennessee address listed

10 on her objection attests that Ms. Schnieder's mother answered the door and stated that Ms. Schnieder

11 does not live there; she lives in California. *Id*. ¶ 4, Ex. 2. But the mother claimed not to know her

12 daughter's address. *Id*. IPP Counsel has requested that counsel for Comeaux and Schnieder, Messrs.

13 Bonsignore and Gilreath, provide correct addresses for their clients. *Id*. ¶¶ 5-6. To date, they have

14 failed to do so. *Id.*

15    The Court-approved notice requires that "objections must include[,]" *inter alia*, the

16 objectors' address. ECF No. 5587-2, Ex. C, at 5. Failure to comply with the procedural requirements

17 of the notice, such as failing to provide an address on an objection, is grounds to overrule the

18 objection. *See, e.g.*, *Moore v. Verizon Commc'ns Inc.*, No. C 09-1823 SBA, 2013 WL 4610764, at

19 *12 (N.D. Cal. Aug. 28, 2013) (overruling objections for myriad procedural deficiencies including

20 failure to provide an address in accordance with the notice); *Nwabueze v. AT & T Inc.*, No. C 09-

21 01529 SI, 2013 WL 6199596, at *7 (N.D. Cal. Nov. 27, 2013) (same).

22

23

---

24 [5] Ms. Schnieder's objection (ECF No. 5766-1) was not filed until June 18, 2020, six days *after* IPPs filed their response. Her counsel attests that he attempted to file the objection on May 29, 2020. *See*

25 ECF No. 5766-3. IPPs have therefore not had an opportunity to respond to Schnieder's objection. Her objection is, however, identical to the other Bonsignore Objectors' objections and is likewise

26 deficient. *See* ECF No. 5758 at 7-10.

27 [6] Tellingly, despite being on notice of IPPs' contention that they have failed to prove class membership, and despite filing a 12-page sur-reply, Mr. Bonsignore fails to provide any documents

28 or testimony proving class membership for his objectors.

Here, objectors Comeaux and Schnieder appear to have gone beyond failing to provide their address. They have provided an incorrect address. Moreover, their counsel has refused to provide correct addresses. Therefore, IPPs respectfully request that the Court exercise its inherent power to strike the Comeaux and Schnieder objections for failing to comply with the Court's orders. *See Jones v. Metro. Life Ins. Co.*, 2010 WL 4055928, at *6 ("[B]ased on its inherent powers, a court may strike material from the docket . . . reflecting procedural impropriety or lack of compliance with court rules or orders."); *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d at 404 (a district court's inherent power "includes the power to strike items from the docket as a sanction for litigation conduct.").

Second, the notice also requires that "objections must include . . . Your [i.e. the objector's] signature." ECF No. 5587-2, Ex. C, at 5. It appears that someone other than Mr. Speaect signed his objection (ECF No. 5755). Mr. Speaect was the class representative for South Dakota during the litigation. IPP Counsel therefore has a copy of Mr. Speaect's signature on his verification of his interrogatory responses.[7] The signature on that verification is quite different from the signature on his objection.[8] Unless Mr. Speaect proves that he signed his objection, his objection should be stricken for failing to comply with the Court-ordered notice.[9]

## IV.  THE UNAUTHORIZED AND UNTIMELY MOORE DECLARATION SHOULD BE STRICKEN

Ms. Moore's declaration in support of the ORS objections to the amended settlements (ECF No. 5756) is unauthorized and untimely. Like Mr. Bonsignore, Ms. Moore has been actively litigating this case on behalf of the ORS, and was therefore well aware of the May 29, 2020 deadline for objections. *See* ECF No. 5695 at 20. She was also well aware that the Preliminary Approval

---

[7] Capurro Decl. ¶ 7.

[8] *See id.* ¶¶ 7-8, Exs. 3 and 4 (*compare* the signature on Exhibit 3, which is a copy of Mr. Speaect's verification of his interrogatory responses in 2012, *with* the signature on Exhibit 4, which is a copy of the signature on Mr. Speaect's objection).

[9] On June 29, 2020, IPPs served Mr. Speaect with a subpoena noticing his deposition for July 6, 2020 via Zoom for 1.5 hours. *See id.* ¶ 9, Ex. 5 (Speaect proof of service). IPPs have also served certain other objectors. *Id.* ¶ 10. Mr. Bonsignore refused to produce Mr. Speaect (or any other objector) for deposition. *Id.* ¶ 11.

Order did not provide for supplemental objections or filings in support of objections. *Id.* Yet Ms. Moore inexplicably filed her declaration on June 12, 2020—*two weeks after* the Court's May 29, 2020 deadline for objections. She failed to request permission to make a supplemental filing and made no attempt to show excusable neglect. Moore's declaration should be stricken. *See In re Lithium Ion Batteries*, 2017 WL 1086331, at *1, n.1 (striking unauthorized supplemental objection).

## V.   THE COURT SHOULD IMPOSE MONETARY SANCTIONS ON MR. BONSIGNORE

In addition to striking Mr. Bonsignore's unauthorized and untimely sur-reply and the Comeaux, Schnieder and Speaect objections, IPPs respectfully request that, pursuant to 28 U.S.C. § 1927 and its inherent powers, the Court impose a monetary sanction on Mr. Bonsignore. IPPs request that the Court order Mr. Bonsignore to pay IPP Counsel's fees for their time spent reviewing his unauthorized sur-reply and drafting and filing this motion.[10]

"An attorney who unreasonably and vexatiously 'multiplies the proceedings' may be required to pay the excess fees and costs caused by his conduct." *Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1218–19 (9th Cir. 2010) (citing 28 U.S.C. § 1927). "Recklessness suffices for § 1927 sanctions, but sanctions imposed under the district court's inherent authority require a bad faith finding." *Id.* (citing *B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1107–08 (9th Cir. 2002); *Fink v. Gomez,* 239 F.3d 989, 993–94 (9th Cir. 2001) (attorney's reckless misstatements of law and fact, combined with an improper purpose, are sanctionable under the court's inherent power).

Here, Mr. Bonsignore has—once again—flouted this Court's orders by filing an unauthorized and untimely sur-reply in support of his purported clients' objections to the amended settlements. As stated, Mr. Bonsignore had *three weeks* to request permission to respond to IPPs' July 12, 2020 response to objections. Yet he waited until after business hours on the Friday evening of a major holiday weekend, within days of the hearing. There is no doubt that Mr. Bonsignore

---

[10] *See* Capurro Decl. ¶¶ 12-15 (detailing time spent reviewing Mr. Bonsignore's sur-reply, drafting this motion, providing counsels' current hourly rates, and calculating a lodestar of $15,620).

1   deliberately timed his sur-reply to leave IPPs little time to respond, and to maximize the disruption

2   to IPP Counsel's preparation for the hearing.

3        Mr. Bonsignore's disregard for this Court's orders and the professional rules of conduct is

4   not merely reckless. He filed the unauthorized sur-reply with full knowledge that the schedule set

5   forth in the Preliminary Approval Order did not provide for "further responses" by objectors. His

6   actions in violation of that Order were therefore willful. Mr. Bonsignore is also very much aware

7   that this Court has previously stricken his prior unauthorized filings, and is likely to strike this filing.

8   This indicates that Mr. Bonsignore filed the sur-reply for the improper purpose of vexatiously

9   multiplying and delaying the proceedings and wasting the time of IPP Counsel and the Court.

10        The foregoing conduct is sanctionable in and of itself. But when considered together with

11   Mr. Bonsignore's prior[11] and continuing unprofessional conduct and repeated disregard of Court

12   orders, it is apparent that merely striking his unauthorized filings is not a sufficient deterrent.

13        For example, rather than filing his clients' objections via ECF, Mr. Bonsignore inexplicably

14   chose to have his clients mail their objections to the Court amid the confusion and Court closures

15   caused by the Covid-19 pandemic and the protests related to the death of George Floyd. He also

16   failed to serve the objections on IPP Counsel. As a result, the Clerk did not file the objections and

17   IPPs were not served with the objections until June 10, 2020 (ECF Nos. 5739-5752) (12 days after

18   the May 29, 2020 deadline for objections), June 12, 2020 (ECF No. 5755) (14 days after the deadline

19   for objections), and June 18, 2020 (ECF No. 5766) (20 days after the deadline for objections). At the

20   very least, Mr. Bonsignore and his co-counsel, Mr. Gilreath (ECF No. 5766) and Ms. Mason (ECF

21   No. 5750), should have served IPP Counsel with the objections as soon as they realized that the

22   Clerk had been delayed in filing the objections. Their failure to do so demonstrates that they are not

23   acting in good faith, and are in violation of Civil L.R. 11-4.

24        In addition, Mr. Bonsignore is purporting to represent 14 individual members of the 22 State

25   amended settlement class while simultaneously acting as Court-appointed Interim Co-Lead Counsel

26   for the ORS and pursuing an appeal on their behalf (ECF No. 5733). This is despite the fact that Mr.

27

28   [11] *See* IPPs' Response to Objections, ECF No. 5758 at 4-7 (describing Mr. Bonsignore's prior unprofessional conduct).

INDIRECT PURCHASER PLAINTIFFS' MOTION TO STRIKE AND MOTION FOR SANCTIONS
Master File No. 07-cv-5944-JST; MDL No. 1917

Bonsignore has stated that the interests of the 22 States and the ORS are "diametrically opposed." ECF No. 5567 at 18. Moreover, while the objections purport to be independently filed by the objectors themselves, the circumstances and substance of the objections demonstrate that Mr. Bonsignore has orchestrated them as part of his long-running effort to obstruct and delay approval of IPPs' amended settlements for the ORS and his own personal gain.

First, only three envelopes were included with the objections filed on June 10, 2020 (ECF Nos. 5739-1, 5740-1, 5741-1), and they included objections by 15 individuals from all over the country, indicating that the objections were mailed together as part of a coordinated effort. Second, the objections themselves—including those of the objectors who claim to be represented by separate counsel—are identical, even down to the typos. Third, Mr. Speaect's objection does not appear to have been signed by him. Fourth, the specific objections to the amended settlements focus primarily on the same adequacy of representation and attorney fee concerns raised by the ORS objectors (ECF No. 5732), and are not pertinent to members of the 22 State amended settlement class. *See, e.g.*, ECF No. 5739 (objection nos. 1-3, 6-7, 10-12 relating to adequacy of representation, and objection 9 relating to attorneys' fees). In other words, these objections are merely a front for Mr. Bonsignore's ORS objections, which this Court has barred for lack of standing.

In sum, Mr. Bonsignore's objections are nothing more than a transparent attempt to circumvent this Court's ruling that Mr. Bonsignore's ORS clients lack standing to object to the amended settlements because they are not class members. This is improper and further justifies IPPs' requested sanctions.

Finally, IPPs note that Mr. Bonsignore, who is not a member of the State Bar of California, has never requested permission to appear *Pro Hac Vice* before this Court, in violation of this Civil L.R. 11-3. This is not an inadvertent mistake. Mr. Bonsignore was sanctioned by a California court for engaging in improper conduct in another class action and ordered to pay $10,000 to opposing counsel.[12] The order sanctioning Mr. Bonsignore is dated September 21, 2007 and requires him to disclose in a *Pro Hac Vice* application that he has been subject to disciplinary action by a California

---

[12] *See* Capurro Decl. ¶ 16 Ex. 6.

INDIRECT PURCHASER PLAINTIFFS' MOTION TO STRIKE AND MOTION FOR SANCTIONS
Master File No. 07-cv-5944-JST; MDL No. 1917

court for five years after entry of the order.[13] Thus, filing a *Pro Hac Vice* application in this MDL, which began in late November 2007, would have required him to disclose the sanctions order. He did not do so, intentionally violating the California court's order.

## CONCLUSION

For all of the foregoing reasons, IPPs respectfully request that the Court (1) strike Mr. Bonsignore's unauthorized sur-reply, (2) strike the objections of Comeaux, Schnieder and Speaect, (3) strike Moore's unauthorized declaration, and (4) award monetary sanctions against Mr. Bonsignore for the time spent reviewing his unauthorized sur-reply and drafting this motion in the amount of $15,620.

Dated:  July 7, 2020

Respectfully submitted,

 */s/ Mario N. Alioto*

Mario N. Alioto (56433)
malioto@tatp.com
Joseph M. Patane (72202)
jpatane@tatp.com
Lauren C. Capurro (241151)
laurenrussell@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415-346-0679

*Lead Counsel for Indirect Purchaser Plaintiffs for the 22 States*

---

[13] *Id*. at 6.

INDIRECT PURCHASER PLAINTIFFS' MOTION TO STRIKE AND MOTION FOR SANCTIONS
Master File No. 07-cv-5944-JST; MDL No. 1917