Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

***Lead Counsel for the Indirect Purchaser
Plaintiffs for the 22 States***

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-05944-JST<br>Case No. 4:13-cv-03234-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>INDIRECT PURCHASER ACTIONS FOR THE 22 STATES | **DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION TO STRIKE AND MOTION FOR SANCTIONS**<br><br>Hearing Date: August 12, 2020<br>Time: 2:00 p.m.<br>Courtroom: 6, 2nd Floor (Oakland)<br>Judge:  Honorable Jon S. Tigar |

I, Lauren C. Capurro, declare:

1.      I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am a partner with the law firm Trump, Alioto, Trump & Prescott, LLP and my firm serves as the Court-appointed Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs") for the 22 States in the above-captioned action. I submit this Declaration in support of the IPPs' Motion to Strike and Motion for Sanctions, filed herewith. The matters set forth herein are within my personal knowledge except as to those statements that are expressly made on information and belief. If called upon and sworn as a witness I could competently testify regarding the matters set forth in this declaration.

2.      The postmarks on the objections filed at ECF Nos. 5739-5752, 5755 and 5766, which identify Robert Bonsignore, Marsha Mason, and Christopher Gilreath as counsel, show that they were mailed to the Clerk's office on May 28, 2020 or May 29, 2020. Neither I nor any of my co-counsel for the IPPs was served with these objections until the Clerk filed them in the record on June 10, 2020, June 12, 2020 and June 18, 2020, respectively.

3.      Attached hereto as Exhibit 1 is a true and correct copy of a Declaration of Due Diligence by a process server who attempted to serve objector Gloria Comeaux on June 27, 2020 with a subpoena noticing her deposition for July 6, 2020 via Zoom at the address listed on her objection, ECF No. 5741. The process server was unable to serve Ms. Comeaux because the "[l]ocation is vacant; blinds were open but the unit was empty." Exhibit 1.

4.      Attached hereto as Exhibit 2 is a true and correct copy of a Declaration of Due Diligence by a process server who attempted to serve objector Alicia Jeanne Schneider with a subpoena noticing her deposition for July 6, 2020 via Zoom at the address listed on her objection, ECF No. 5766-1. The process server was unable to serve Ms. Schneider because, according to a woman who answered the door and identified herself as Ms. Schneider's mother, Ms. Schneider lives in California. *See* Exhibit 2.

5.      On June 29, 2020, my co-counsel Robert Gralewski emailed Mr. Bonsignore with a copy to me requesting that Mr. Bonsignore provide a correct address for his client, Ms.

Comeaux. To date, Mr. Bonsignore has not responded to the request and has not provided an alternative address.

6.      I emailed Mr. Gilreath (counsel for Schnieder) on June 29, 2020 and asked that he provide a correct address for Ms. Schnieder. On June 30, 2020, during a meet and confer call, Mr. Gilreath told me that he was attempting to contact Ms. Schnieder to get her address. To date, Mr. Gilreath has not provided an alternative address for Ms. Schnieder.

7.      Objector Jeff Speaect (ECF No. 5755) was the class representative for South Dakota during the litigation. IPP Counsel therefore has a copy of Mr. Speaect's signature on his verification of his interrogatory responses.  Attached hereto as Exhibit 3 is a true and correct copy of Mr. Speaect's signature on his verification of his interrogatory responses.

8.      Attached hereto as Exhibit 4 is a true and correct copy of the signature on Mr. Speaect's objection, ECF No. 5755 at 3.

9.      On June 29, 2020, IPPs served Mr. Speaect with a subpoena noticing his deposition for July 6, 2020 via Zoom. Attached hereto as Exhibit 5 is a true and correct copy of the Proof of Service on Mr. Speaect.

10.     IPPs have also served certain other objectors with subpoenas noticing their depositions for July 6 and 7, 2020.

11.     Mr. Bonsignore has refused to produce Mr. Speaect or any other objector for deposition.

12.     I spent 1.3 hours on July 3, 2020 reviewing Mr. Bonsignore's Response in Further Support of Objections to Settlements and Award of Attorneys' Fees, ECF No. 5779, and outlining a motion to strike. I spent 13.2 hours on July 6, 2020 researching and drafting the motion to strike and motion for sanctions. I spent 8.7 hours on July 7, 2020 further researching drafting, reviewing, editing and finalizing the motion to strike and motion for sanctions and supporting declaration. In total, I spent 23.2 hours on the motion to strike and for sanctions.

13.     I am informed and believe that my co-counsel, Sylvie K. Kern, spent 2.0 hours reviewing and editing the motion to strike and motion for sanctions.

DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF MOTION TO STRIKE AND MOTION FOR SANCTIONS; Master File No. 07-cv-05944-JST; MDL No. 1917

1        14.     My current hourly rate is $600 per hour. Ms. Kern's current hourly rate is $850

2 per hour.

3        15.     IPP Counsel's total lodestar is $15,620 (23.2 x $600 + $850 x 2).

4

5      I declare under penalty of perjury that the foregoing is true and correct.  Executed this 7th

6 day of July, 2020 at San Francisco, California.

7

8                        /s/ Lauren C. Capurro

9                             Lauren C. Capurro

10                     ***Counsel for the Indirect Purchaser Plaintiffs for the 22 States***

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF MOTION TO STRIKE AND MOTION FOR
SANCTIONS; Master File No. 07-cv-05944-JST; MDL No. 1917

# EXHIBIT 1

KIRBY MCINERNEY, LLP (ROBERT GRALEWSKI)
600 B STREET,  SUITE 2110
SAN DIEGO,  CA   92101
516-987-7888
Atty. File No.:  07-CV-05944-SC

UNITED STATES DISTRICT COURT
NORTHERN

| | | |
|---|---|---|
| PLAINTIFF | : IN RE: CATHODE RAY TUBE (CRT) ETC. | Case No. 07-CV-05944-SC; MDL NO. 1917 |
| DEFENDANT | : THIS DOCUMENT RELATES TO: ALL ETC. | **DECLARATION OF DUE DILIGENCE** |

Hearing date:  July 6,2020

I am and was on the dates herein mentioned over the age of eighteen years and not a party to this action.

I received the within process on    06/25/20:
SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

After due and diligent effort I have been unable to effect personal service on the within named

GLORIA COMEAUX

at
Residence          :   4545 PENNWOOD AVE APT. 306,  LAS VEGAS,  NV   89102

,

Dates and time of attempts are as follows:

06/27/20    07:40P     Attempted service. Location is vacant; blinds
were open but the unit was empty.

Person serving
MACHELLE HARRIS
KNOX ATTORNEY SERVICE
2251 SAN DIEGO AVE. #A-120
SAN DIEGO, CA 92110
619-233-9700

Fee For Service :  $ 189.75
not a registered California process server
Employee or independent contractor
Registration No.:  152
County:  San Diego

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date :   July   6,  2020

Signature:  _Michelle Harris_

MACHELLE HARRIS

Jud. Coun. form, rule 2.150 CRC
JC Form POS 010 (Rev. January 1, 2007)

Ref. No. :  1602099-01

# EXHIBIT 2

KIRBY MCINERNEY, LLP (ROBERT GRALEWSKI)
600 B STREET, SUITE 2110
SAN DIEGO, CA  92101
516-987-7888
Atty. File No.: 07-CV-05944-SC

UNITED STATES DISTRICT COURT

PLAINTIFF      : IN RE: CATHODE RAY TUBE (CRT) ETC.        Case No. 07-CV-05944-SC; MDL NO. 1917
DEFENDANT   : THIS DOCUMENT RELATES TO: ALL ETC.      **DECLARATION OF DUE DILIGENCE**

Hearing date: July 6,2020      Time : 01:00 PM

I am and was on the dates herein mentioned over the age of eighteen years and not a party to this action.

I received the within process on   06/25/20:
    SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

After due and diligent effort I have been unable to effect personal service on the within named

        ALICIA SCHNIEDER

at
    Residence       : 5544 MONTPELIER DRIVE, BARLETT, TN  38134

Dates and time of attempts are as follows:

                    -SEE ATTACHED STATUS REPORT-

Person serving
    KARA DAFFERN                          Fee For Service : $ 192.95
    KNOX ATTORNEY SERVICE                 not a registered California process server
    2251 SAN DIEGO AVE. #A-120                Employee or independent contractor
    SAN DIEGO, CA 92110                       Registration No.: 152
    619-233-9700                              County: San Diego

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date :  July  6,  2020              Signature:  _____
                                                        KARA DAFFERN

Jud. Coun. form, rule 2.150 CRC                                    Ref. No. :  1602092-01
JC Form POS 010 (Rev. January 1, 2007)

**Knox**
S E R V I C E S
2250 Fourth Avenue, San Diego, CA 92101
Phone: (619) 233-9700    Fax: (619) 685-4294

## STATUS REPORT

July 6, 2020

KIRBY MCINERNEY, LLP (ROBERT GRALEWSKI)
600 B STREET, SUITE 2110
SAN DIEGO, CA  92101
Attention :   SAMANTHA GREENBERG
Phone   :   516-987-7888
Email    :   sgreenberg@kmllp.com

**RE KNOX FILE #:   1602092-01**          **YOUR FILE# :  07-CV-05944-SC**

CASE NUMBER :   07-CV-05944-SC; MDL NO. 1917
CASE NAME    :   IN RE: CATHODE RAY TUBE (CRT) ETC.  vs.
                         THIS DOCUMENT RELATES TO: ALL ETC.

SERVICE OF PROCESS  -  We received the documents below on  06/25/20:

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

for service upon  :   **ALICIA SCHNIEDER**
at the following
address(es)            :   5544 MONTPELIER DRIVE, BARLETT, TN  38134  (Res.)

The following is a list of attempts to effectuate service:

| | | |
|---|---|---|
| 06/26/20 | 05:14P | Attempted service. No answer and no lights were on. A vehicle was parked in the backyard in front of a possible granny flat. |
| 06/27/20 | 06:05P | Attempted service. Per Peggy Autry- Mother, the subject lives in CA at an Air B&B with boyfriend, but she didn't have the address. She also informed me that they were planning to move to AZ soon, however, it would only be for between 18-24 months. |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 6, 2020                                         Signature:

Jud. Coun. form, rule 2.150 CRC
JC Form POS 010 (Rev. January 1, 2007)                                    KARA DAFFERN

# EXHIBIT 3

*In re Cathode Ray Tube (CRT) Antitrust Litigation, No. 07-CV-5944 SC*

## PLAINTIFF VERIFICATION

I, **Jeffrey Speaect,** declare as follows:

I seek to be a plaintiff in the above-entitled action and verify that I have read the **NEW INDIRECT PURCHASER PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT SAMSUNG SDI CO., LTD.'S FIRST SET OF INTERROGATORIES** dated August 31, 2011 and have also read the exhibits associated with those objections and responses applicable to me. Both the objections and responses as well as those exhibits applicable to me are true and correct to the best of my knowledge, information, and belief.

I further declare under penalty of perjury that the foregoing is true and correct.

Executed this 26th day of September, 2012 at Pierre, SD.

Signature _____

*In re Cathode Ray Tube (CRT) Antitrust Litigation, No. 07-CV-5944 SC*

## PLAINTIFF VERIFICATION

I, **Jeffrey Speaect,** declare as follows:

I seek to be a plaintiff in the above-entitled action and verify that I have read the **NEW INDIRECT PURCHASER PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S FIRST SET OF INTERROGATORIES** dated October 13, 2011 and have also read the exhibits associated with those objections and responses applicable to me. Both the objections and responses as well as those exhibits applicable to me are true and correct to the best of my knowledge, information, and belief.

I further declare under penalty of perjury that the foregoing is true and correct.

Executed this $\underline{26}^{th}$ day of $\underline{September}$, 2012 at $\underline{Pierre, SD}$ .

Signature: $\underline{Jeff Speaect}$

# EXHIBIT 4

Your Signature: *Jeff Spiaect*

Date: 5 - 28 - 2020

Note: The objection must be submitted to the Court either by mailing it to the Class Action Clerk at the address below, or by filing it in person at any location of the United States District Court for the Northern District of California.

The deadline to file objections with the Court is May 29, 2020:

Class Action Clerk
United States District Court for the
Northern District of California
1301 Clay Street, Suite 400 S
Oakland, CA 94612

# EXHIBIT 5

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  07-CV-05944-SC; MDL No. 1917

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  Jeffrey Speaect

on *(date)*      06/26/2020      .

☑ I served the subpoena by delivering a copy to the named individual as follows:   This subpoena was served

on Jeffrey Speaect at 12:30 pm on Friday, June 26, 2020 at his residence at 808 W Pleasant Dr, Pierre, SD

on *(date)*      06/26/2020      ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $                        for travel and $                        for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date:      06/26/2020

*Server's signature*

Katie Big Eagle, Process Server
*Printed name and title*

203 Rockford Rd, Pierre, SD 57501
*Server's address*

Additional information regarding attempted service, etc.:

# EXHIBIT 6

ENDORSED
F I L E D
*San Francisco County Superior Court*

SEP 2 0 2007

GORDON PARK-LI, Clerk
BY: _____ JOSE RIOS MERIDA
                        Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

BRYAN BROCK, on behalf of himself
and all others similarly situated,

               Plaintiff,

    v.

HONEYWELL INTERNATIONAL
INC. and DOES 1-100, inclusive,

               Defendant.

Case No. CGC 04-436205

**ORDER FOR SANCTIONS UNDER
C.C.P. 2023.030**

       On August 28, 2007, the Court held a hearing on the Order to Show Cause issued on July 16, 2007 to Robert Bonsignore ("OSC"). Mr. Bonsignore was present and was represented by Carolyn Beasley Burton, Esq. of Glynn & Finley LLP.  Defendant Honeywell International Inc. ("Honeywell") appeared through its counsel Richard Parker, Esq. and Michael Tubach, Esq. of O'Melveny & Myers LLP and Eric Liebeler, Esq. Brian Barnhorst, Esq. of The Mogin Law Firm appeared on behalf of plaintiffs.  Having considered the evidence and briefs submitted by the parties and the arguments of counsel, and good cause appearing, the Court hereby finds:

1    1. It has jurisdiction over Mr. Bonsignore for the purposes of the OSC and the

2    sanctions imposed herein by virtue of the activities found to have been conducted by Mr.

3    Bonsignore effecting this lawsuit as set forth below.

4    2. Mr. Bonsignore has had notice and an opportunity for a hearing on whether he

5    should be sanctioned pursuant to the OSC and as required by California Code of Civil

6    Procedure section 2023.030.

7    3. Mr. Bonsignore is an attorney admitted to practice in Massachusetts but not in

8    California and was never admitted *pro hac vice* in this case.

9    4. The original named plaintiff in this case is Bryan Brock. In a declaration filed

10   herein on June 14, 2007, Mr. Brock stated that he was "brought into this case" by Mr.

11   Bonsignore's law firm, Bonsignore and Brewer, and that he considered Mr. Bonsignore to

12   be his lawyer. (Declaration of Bryan Brock in Support of Opposition to the Motion of

13   Defendant Honeywell, Inc. for Sanctions, filed June 14, 2007, "Brock Decl.," par. 2 and

14   4.) California counsel of record for Mr. Brock, however, has been The Mogin Law Firm,

15   P.C.

16   5. Defendant Honeywell served a notice of Mr. Brock's deposition for October 18,

17   2006. Shortly thereafter,  Daniel Mogin, Esq. of The Mogin Law Firm ("Mr. Mogin")

18   called Mr. Brock to get available dates for his deposition. (Brock. Decl., par. 4.) Mr.

19   Brock told Mr. Mogin that all "future discussions and deposition scheduling" should be

20   with Mr. Bonsignore. Brock then called Mr. Bonsignore and asked that Brock only deal

21   with him. (*Id.*, par. and 5.) There is no indication in the record as to why Mr. Brock chose

22   to deal solely with Mr. Bonsignore, but as is set forth below, it is apparent that thereafter

23   the exclusive line of communication to Mr. Brock was through Mr. Bonsignore. Around

24   this time, Mr. Brock told Mr. Bonsignore that he no longer wanted to be involved in the

25   case. (*Id.*). .

26   6. On November 2 and 3, 2006, Mr. Mogin advised Honeywell's counsel that Mr.

27   Brock would not appear for a deposition because he wanted to withdraw as class

28   representative from the case. (Declaration of Ro Khanna in Support of Honeywell

2

1    International Inc.'s Notice of Motion and Motion for Sanctions, "Khanna Decl," Ex. 1 and

2    2.) Honeywell advised Mr. Mogin that it nonetheless wanted to take Mr. Brock's

3    deposition and served Mr. Brock with a subpoena to appear for deposition on December 5,

4    2006. On December 4, 2006, The Mogin Law Firm filed a Motion for a Protective Order

5    to preclude the Brock deposition on the grounds that Mr. Brock wished to withdraw from

6    the case. (Khanna Decl., Ex. 3.)  The parties agreed to take the deposition off calendar but

7    continued to discuss potential deposition dates while the Motion for a Protective Order

8    was pending. In the course of those efforts, on February 14, 2007, Honeywell served Mr.

9    Brock with a subpoena to appear at his deposition on April 3, 2007, and a proper notice of

10   the deposition was served. (Khanna Decl., Ex. 7.)

11        7. The Motion for Protective Order was denied by this court on March 23, 2007

12   and Mr. Brock was ordered to appear for his deposition. At that hearing, Mr. Mogan

13   advised the court that he had filed a motion to withdraw as counsel for Mr. Brock, and

14   that he could make no representation that Mr. Brock would appear at his deposition.

15        8. On March 27, 2007, Honeywell's counsel advised Mr. Mogan that he intended

16   to go forward with Mr. Brock's deposition on April 3, 2007. (Khanna Decl., Ex. 12.) In

17   response, on March 27, 2007, Mr. Brian Barnhurst of The Mogan Law Firm sent an email

18   to Honeywell's counsel stating "we can make no representation regarding Mr. Brock's

19   availability for deposition" and that the Mogan Law Firm "has made and would continue

20   to make every effort to inquire as to Mr. Brock's availability, but could make [sic, no]

21   promises about the likelihood of success in determining his availability, let alone assuring

22   his attendance on the day noticed." (Khanna Decl., Ex. 13.) The email made it clear that

23   the problem was that The Mogan Law Firm could not communicate directly with Mr.

24   Brock. Mr. Barnhurst stated "I have communicated to Jill Abrams (who is now on

25   vacation) the result of Friday's hearing on the motion for the protective order. We have

26   asked that she convey the information to Mr. Bonsignore, and that he convey it to Mr.

27   Brock…she advised  that she had been in contact with Mr. Bonsignore before she left for

28   vacation, and he told her  he would obtain available dates from Mr. Brock." (*Id.*) Ms.

Abrams was admitted *pro hac vice* in this case as co-counsel for Mr. Brock on June 11, 2007.

9. No alternative date was agreed upon for the deposition, although Mr. Barnhurst did tell Honeywell's counsel that he could not assure Mr. Brock's attendance on April 3, and that any assumption that Mr. Brock would show up would be "at your peril." Declaration of Brian A. Barnhurst in Opposition to Motion for Sanctions, filed June 14, 2007 (Barnhurst Decl."), par. 14.

10. Richard Parker, Esq., counsel for Honeywell, works at his firm's office in Washington, D.C. On April 2, 2007 while at the Washington Dulles airport and about to board his flight to Sacramento, California for the deposition, his office phoned him and said that Mr. Barnhurst had just called and said that Mr. Brock would not appear at the deposition. Mr. Parker instructed his office to respond that it was too late to change the deposition date. (Khanna Decl., Ex. 16, pg. 5, lines 2-13.)

11. Mr. Brock did not appear for his deposition. Mr. Brock stated that "[o]n the evening of April 2, 2007, via e-mail from Mr. Bonsignore, I first became aware that my deposition was supposed to occur on April 3, 2007. Up until that time, I believed that I was no longer a class representative. I was informed by Mr. Bonsignore that this was being handled and it was my understanding that I did not need to appear for the deposition" (Brock Decl., par. 9 and 10.).

12. Mr. Barnhurst was present at the deposition despite the absence of Mr. Brock. He had to interrupt a family vacation in Palm Springs in order to fly to Sacramento for the deposition. He apologized for the failure of Mr. Brock to appear and for any inconvenience. He explained that Mr. Bonsignore had not timely made the necessary arrangements for an agreed upon deposition date, that Mr. Bonsignore had instructed The Mogan Law Firm not to contact Mr. Brock directly, and that communications with Mr. Bonsignore were difficult to accomplish. (Khanna Decl., Ex. 16, pg. 6-7. )

13. On April 5, 2007, Honeywell filed a Motion for Sanctions against Mr. Brock and Mr. Bonsignore. The proof of service of the motion establishes that on April 5, 2007,

4

1  Mr. Bonsignore was served by email with a copy of all of the moving papers.  The motion

2  was not directed against the Mogan Law Firm. Mr. Bonsignore was mailed the papers in

3  support of the motion as a named recipient on the proof of service. The motion was heard

4  on June 27, 2007. Mr.Brock was present. Mr. Bonsignore neither appeared nor were any

5  papers filed on his behalf. In light of Mr. Brock's declaration quoted above and the

6  arguments of counsel, it did not appear that Mr. Brock could be faulted for his failure to

7  appear at his deposition. Accordingly, the motion for sanctions against him was denied.

8  The court announced its intention to issue the OSC directed to Mr. Bonsignore.

9      14. In response to the OSC, on August 24, 2007, Mr. Bonsignore through his

10  counsel filed a document entitled "Robert J. Bonsignore's Declaration in Response to

11  Order to Show Cause Re Contempt and in Opposition to Honeywell's *Ex Parte*

12  Application." The filing purports to be a declaration by Mr. Bonsignore, and Mr.

13  Bonsignore's name appears in script at the end following the statement: "I declare under

14  penalty of perjury under the laws of the State of California that the foregoing is true and

15  correct." There is a handwritten circle above the script name at the bottom of the

16  declaration with what appears to be the letters "SD" in it. None of Mr. Bonsigniore's

17  filings in response to the OSC explain this circle.

18      15. The hearing on the OSC occurred on August 28, 2007. In response to this

19  court's question regarding the circle above the script name, Mr. Bonsignore's counsel

20  explained that the declaration was signed for Mr. Bonsignore by Mr. Bonsignore's "legal

21  assistant" because he was busy with a personal family trip. This declaration is thus not

22  competent evidence.

23      16. Attached as Exhibit 1 to Mr. Bonsignore's  "declaration" is an email

24  establishing that Mr. Bonsignore was aware on March 23, 2007 that Mr. Brock would be

25  required to appear for his deposition and an affirming that Mr. Bonsignore that he would

26  assist in this matter. While this is not competent evidence, the filing of this "declaration"

27  on behalf of Mr. Bonsignore is a certification under C.C.P. § 128.7(b) by his counsel that

28  there is a factual basis for the veracity of Exhibit 1.

5

17. Upon the foregoing, this court finds that Mr. Bonsignore undertook to be the ultimate authority regarding the deposition of the named plaintiff Bryan Brock, counseled Mr. Brock in a manner akin to giving him legal advice regarding the deposition scheduling, prevented plaintiff's counsel of record from being able to interact effectively with plaintiff's counsel regarding the scheduled deposition, and despite knowing on March 23, 2007 that Mr. Brock would have to attend his deposition, did not contact him until the evening before the scheduled deposition and, at that time, wrongfully led Mr. Brock to reasonably believe that he need not attend the deposition. These activities interfered with the taking of Mr. Brock's deposition and caused both Honeywell's counsel and Mr. Brock's co-counsel undue inconvenience and expense.

18. This court further finds that Mr. Bonsignore also interfered with the discovery management processes in this court in that he failed to provide any input to Honeywell Motion for Sanctions against him despite the fact that he had notice that his activities were the main focus of the motion, which failure necessitated the OSC. Mr. Bonsignore further failed to submit competent evidence in response to the OSC, allowed a declaration to be signed for him by another person, and did not disclose to this court that his "declaration" had not been signed by him.

Accordingly, it is hereby ordered:

A. Pursuant to Code of Civil Procedure Section 2023.030, Mr. Bonsignore shall pay sanctions of $10,000 to defendant Honeywell as reasonable costs for the failure of Mr. Brock to appear at his deposition on April 3, 2007, to be paid within twenty days of the date of this Order.

B. In any *pro hac vice* application that Mr. Bonsignore makes in any state or federal court in California within five years of this Order, Mr. Bonsignore shall disclose that he has been sanctioned and ordered to pay $10,000 to Honeywell by this Court pursuant to California Code of Civil Procedure section 2023.030.

C. The Court finds that it has not been proven beyond a reasonable doubt that Mr. Bonsignore committed a contempt of court under California Code of Civil Procedure

6

1   section 1209. Accordingly, the Order to Show Cause issued on July 16, 2007 is hereby

2   discharged.

3

4   Dated:  September 20, 2007

5                                                              Judge of the Superior Court

6                                                              RICHARD A. KRAMER

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

# Superior Court of California
County of San Francisco

BRYAN BROCK, on behalf of himself and
all others similarly situated,

Plaintiff(s)

vs.

HONEYWELL INTERNAITONAL, INC.,
et al.,

Defendant(s)

Case Number: **CGC-04-436205**

**CERTIFICATE OF MAILING**

(CCP 1013a (4) )

I, Jose Rios Merida, a Deputy Clerk of the Superior Court of the City and County of San Francisco, certify that I am not a party to the within action.

On September 21, 2007, I served the attached ORDER FOR SANCTIONS UNDER C.C.P. 2023.030  by placing a copy thereof in a sealed envelope, addressed as follows:

Daniel J. Mogin
Brian A. Barnhorst
THE MOGIN LAW FIRM, P.C.
110 Juniper Street
San Diego, CA  92101
*Attorneys for plaintiffs Brian Brock & Class*

Julie D. Wood
Rohit Khanna
O'MELVENY & MYERS LLP
Embarcadero Center West
275 Battery Street
San Francisco, CA  94111-3305
*Attorneys for defendants Honeywell International*

Carolyn Beasley Burton
GLYNN & FINLEY, LLP
One Walnut Creek Center, Suite 500
100 Pringle Avenue
Walnut Creek, CA  94596
*Specially appearing for Robert Bonsignore*

D. Michael Noonan
Christine Craig
SHAHEEN & GORDON, P.A.
140 Washington Street
Dover, NH  03821-0977
*Attorneys for plaintiffs McKinnon Wright et al*

Richard G. Parker
O'MELVENY & MYERS, LLP
1625 Eye Street, N.W.
Washington, D.C. 20006-4001
*Attorney for defendants Honeywell International*

Eric C. Liebeler
HONEYWELL
1600 Utica Avenue South, Suite 750
St Louis Park, MN 55416
*House Counsel for Honeywell International*

Jill S. Abrams
ABBEY GARDY, LLP
212 East 39th Street
New York, New York 10016
*Attorney for plaintiffs Brian Brock & Class*

Robert Bonsignore
BONSIGNORE & BREWER
23 Forest Street
Medford, MA  02155
*Attorney for plaintiffs Fagan, Gianasca et al*

I then placed the sealed envelopes in the outgoing mail at 400 McAllister Street, San Francisco, CA. 94102 on the date indicated above for collection, attachment of required prepaid postage, and mailing on that date following standard court practices.

Dated:  September 21, 2007

GORDON PARK-LI, Clerk

By: _____

J. RIOS-MERIDA, Deputy