Jane Becker Whitaker, PR-Bar Num. 9352
Becker Vissepo, PSC
1225 Ponce de Leon, Suite 1102
San Juan, PR 00907
Tel. 787 945.2406
jbw@beckervissepo.com
janebeckerwhitaker@gmail.com

J. Barton Goplerud
Shindler, Anderson, Goplerud & Weese, P.C.
5015 GRAND RIDGE DRIVE, SUITE 100
WEST DES MOINES
IA 50265
Tel: (515) 223-4567
goplerud@sagwlaw.com

John A. Girardi
Girardi/Keese
1126 Wilshire Blvd.
Los Angeles, CA 90017
Tel. (213) 262-6777
Email: jgirardi@girardikeese.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. 07-cv-5944 JST |
| This Document Relates To: | **GOVERNMENT OF PUERTO RICO'S MOTION TO SERVE FOREIGN DEFENDANTS THROUGH THEIR UNITED STATES-BASED COUNSEL UNDER FEDERAL RULE CIVIL PROCEDURE 4(F)(3)** |
| *Government of Puerto Rico v. Panasonic Corporation of North America, et al, Orig  C.A No. 3:19-01246* | |
| | Courtroom:    9, 19th Floor |
| | Judge:         Honorable Jon S. Tigar |

**TO THE HONORABLE COURT ALL PARTIES AND THEIR ATTORNEYS:**

Per Federal Rule of Civil Procedure 4(f)(3), the Government of Puerto Rico, through undersigned counsel, moves the Court for permission to serve certain foreign Defendants through their respective U.S. counsel.

This request would comport with due process as it is reasonably calculated to apprise the foreign defendants of this case and afford them an opportunity to appear and defend it. They have already received notice of this Complaint and the underlying allegations, but despite Plaintiff's best efforts, the foreign Defendants remain unserved. During the 13 years of this MDL, the unserved foreign Defendants are either represented by counsel or are affiliated with other defendants who are—or both. Since service through their U.S. counsel would provide them with notice of this lawsuit, which they already have anyway, and no international agreements prohibit this type of service, the Plaintiff requests the Court's permission to serve them through their U.S. counsel.

Further, several rulings in this case have permitted this very request. The Court has already permitted plaintiffs in this case to do so. *In re Cathode Ray Tube CRT Antitrust Litig.*, 27 F. Supp. 3d 1002, 1009 (N.D. Cal. 2014) ("Court issued an Order permitting some of the [direct-action plaintiffs] to serve Defendant [Beijing-Matsushita Color CRT] by mail at its D.C. counsel's offices under Rule 4(f)(3)"); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL-No. 1917, 07-5944-SC, 2008 U.S. Dist. LEXIS 111384, *32–33 (N.D. Cal. Sept. 03, 2008) (granting Rule 4(f)(3) service upon Koninklijke Philips Electronics N.V. and Toshiba Corporation, while all other defendants affected by motion agreed to service); *see also In re Cathode Ray Tube Antitrust Litig.*, No. , 2014 U.S. Dist. LEXIS 78902, *80, 2014 WL 2581525, (N.D. Cal. June 09, 2014) (Philips Electronics and Royal Philips, when faced with possible Rule 4(f)(3) order, agreed to accept service "under protest").

# TABLE OF CONTENTS

**Page**

I.   Introduction ................................................................................................ 1

II.  Statement of Relevant Facts and Procedural History ................................. 2

III. Legal Argument ........................................................................................... 4

    A. Civil Rule 4(f)(3) permits service of foreign companies through U.S.-based counsel ........ 6

    B. Service through U.S.-based counsel would apprise the Foreign Defendants here as they already know about this case because of this long-pending MDL, they have already secured U.S. counsel (or are affiliated with a Defendant that has), and are affiliated with a Defendant that has already been served. ...................................... 8

    C. Neither the Hague Convention nor any international agreement precludes this Court from permitting service through U.S. counsel. ................................................ 11

        1. The Hague Convention does not apply because service of U.S. counsel does not require transmitting anything abroad. ............... 11

        2. Even if a country is a signatory to the Hague Convention, the Convention does not bar service through counsel. ....................... 13

IV.  Conclusion ................................................................................................ 15

**No table of contents entries found.**

i

1

# **TABLE OF AUTHORITIES**

2
**Page**

3
## **CASES**

4
*Assef v. Doe*, No. 15-cv-01960-MEJ, 2016 U.S. Dist. LEXIS 41597, 2016 WL 1191683
(N.D. Cal. Mar. 28, 2016) ............................................................................................ 15

5

6
*ATS Claim, LLC v. Epson (In re TFT-LCD Antitrust Litig.)*, No. M-07-1827-SI, 2009 U.S.
Dist. LEXIS 93448 (N.D. Cal. Oct. 06, 2009) ............................................................ 15

7
*Cal. Beach Co., LLC v. Exquline, Inc.*, No. 20-cv-01994-TSH, 2020 U.S. Dist. LEXIS
119027 (N.D. Cal. July 07, 2020) ................................................................................. 5

8

9
*Calista Enter., LTD v. Tenza Trading LTD*, 40 F.Supp.3d 1371 (D. Or. 2014) .................... 11, 12

*Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Research Inst.*, No. 19-cv-
10
05784-VKD, 2019 U.S. Dist. LEXIS 187670, 2019 WL 5550039 (N.D. Cal. Oct.
28, 2019) ...................................................................................................................... 10

11

12
*CJ E&M Am., Inc. v. IQuiyi, Inc.*, No. 18-5771-PA-JEMx, 2018 U.S. Dist. LEXIS 236120
(C.D. Cal. August 13, 2018) ......................................................................................... 7

13
*Craigslist, Inc. v. Meyer*, No. C-09-4739-SI, 2010 U.S. Dist. LEXIS 89955, 2010 WL
2975938 (N.D. Cal. July 26, 2010) .............................................................................. 15

14

15
*Dee-K Enters., Inc. v. Heveafil SDN. Bhd.*, 174 F.R.D. 376 (E.D. Va. 1997) ......................... 14

*EGI-VSR, LLC v. Coderch*, No. 18-12615, 2020 U.S. App. LEXIS 19809 (11th Cir. June
16
25, 2020) ...................................................................................................................... 10

17
*Exp.-Imp. Bank of the U.S. v. Asia Pulp & Paper Co.*, No. 03-civ-8554-LTS-JCF, 2005
U.S. Dist. LEXIS 8902, 2005 WL 1123755 (May 11, 2005).................................... 14

18

19
*Facebook, Inc. v. Banana Ads., LLC*, No. C-11-3619-YGR, 2012 U.S. Dist. LEXIS 42160,
2012 WL 1038752 (N.D. Cal. Mar. 27, 2012) ....................................................... 14, 15

20
*Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.*, No. 18-cv-00297-BAS-BGS, 2019 U.S. Dist.
LEXIS 8723, 2019 WL 246562 (S.D. Cal. Jan. 17, 2019)........................................ 15

21

22
*Hawkins v. Bank of Am., N.A.*, No. 17-cv-01954-BAS-AGS, 2018 U.S. Dist. LEXIS
57758, 2018 WL 161941 (S.D. Cal. Apr. 04, 2018) .................................................. 14

23
*In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL-No. 1917, 07-5944-SC, 2008 U.S.
Dist. LEXIS 111384 (N.D. Cal. Sept. 03, 2008)........................................... ii, 2, 12

24
*In re Cathode Ray Tube Antitrust Litig.*, No. , 2014 U.S. Dist. LEXIS 78902, 2014 WL
25
2581525, (N.D. Cal. June 09, 2014)................................................................... ii, 2

26
*In re Cathode Ray Tube CRT Antitrust Litig.*, 27 F. Supp. 3d 1002 (N.D. Cal. 2014) ............... ii, 1

27
*Juicero, Inc. v. iTaste Co.*, No. 17-cv-01921-BLF, 2017 U.S. Dist. LEXIS 86033 (N.D.
Cal. June 05, 2017)........................................................................................... 9, 13, 14

28

ii

*Likas v. Chinacache Int'l Holdings, Ltd.*, No. cv-19-6942-FMO-SSx, 2020 U.S. Dist. LEXIS 90923 (C.D. Cal. Jan. 29, 2020) ............................................................... 6, 9, 11, 14

*Richmond Techs., Inc. v. Aumtech Bus. Sols.*, 2011 U.S. Dist. LEXIS 71269, 2011 WL 2607158, *3 (N.D. Cal. 2011) ................................................................... 8, 12, 13

*Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) .................................. 5, 6, 7, 8

*Rockwell Automation v. AU Optronics Corp. (in re TFT-LCD (Flat Panel) Antitrust Litig.)*, Nos. M-07-1827-SI, MDL-1827, C-12-2495-SI, 2012 U.S. Dist. LEXIS 96689 (N.D. Cal. July 10, 2012) ............................................................................................... 9

*S.E.C. v. Nagaicevs*, No. 12-cv-00413-JST, 2013 U.S. Dist. LEXIS 985777, 2013 WL 3730578 (N.D. Cal. July 12, 2013) ............................................................................. 5, 6

*Serenium, Inc. v. Zhou*, No. 20-cv-02132-BLF, 2020 U.S. Dist. LEXIS 94572 (N.D. Cal. May 29, 2020) ........................................................................................................ 7

*Taylor Made Golf Co. v. Individuals*, No. 20-60468-civ-SMITH, 2020 U.S. Dist. LEXIS 109840 (S.D. Fla. Apr. 09, 2020) ................................................................................. 15

*Vanderhoef v. China Auto Logistics, Inc.*, 2019 U.S. Dist. LEXIS 205798 (D.N.J. Nov. 26, 2019) ................................................................................................................. 11, 14

*Victaulic Co. v. Allied Rubber & Gasket Co.*, No. 3:17-cv-01006-BEN-JLB, 2020 U.S. Dist. LEXIS 82150 (S.D. Cal. May 08, 2020) ................................................ 10

*Xilinx, Inc. v. Good Kaisha IP Bridge 1*, 246 F. Supp. 3d 1260 (N.D. Cal. 2017) ...................... 14

## OUT OF STATE CASES

Fed. R. Civ. P. 4(f)(3) ........................................................................................................... 6

Fed. R. Civ. P. 4(h)(2) .......................................................................................................... 6

1

2   **I.**      **INTRODUCTION**

3        In 2019, the Government of Puerto Rico through its Attorney General filed this

4
    case on behalf of the Government's consumers and government entities that paid
5

6   inflated prices for the CRT products of the 43 Defendants named in its Complaint.

7   The Government has served seven of the 12 United States defendants. The other

8
    defendants, mostly international companies related to those domestic companies
9

10  already served with the Complaint, have not been served.[1]

11       The Attorney General now seeks the Court's permission to serve the remaining

12
    Defendants through the alternatives available under Civil Rule 4(f)(3), namely
13

14  service through Defendants' counsel. The Attorney General requests service on

15  already appearing U.S. counsel because service on them does not implicate the

16
    Hague Convention rules with its complicated procedures and long delays, much less
17

18  have to take into consideration countries, such as Taiwan, that are not signatories to

19
    the Hague Convention.
20

21       The Court has already permitted plaintiffs in this case to do so. *In re Cathode*

22  *Ray Tube CRT Antitrust Litig.*, 27 F. Supp. 3d 1002, 1009 (N.D. Cal. 2014) ("Court

23  issued an Order permitting some of the [direct-action plaintiffs] to serve Defendant

24  [Beijing-Matsushita Color CRT] by mail at its D.C. counsel's offices under Rule

25  4(f)(3)"); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL-No. 1917, 07-5944-

26  _____

27  [1] The Government has served two foreign Defendants, Samsung SDI Mexico S.A. de C.V. located in Mexico as well
    as Koninklijke Philips Electronics, N.V.
28

SC, 2008 U.S. Dist. LEXIS 111384, *32–33 (N.D. Cal. Sept. 03, 2008) (granting Rule 4(f)(3) service upon Koninklijke Philips Electronics N.V. and Toshiba Corporation, while all other defendants affected by motion agreed to service); *see also In re Cathode Ray Tube Antitrust Litig.*, No. , 2014 U.S. Dist. LEXIS 78902, *80, 2014 WL 2581525, (N.D. Cal. June 09, 2014) (Philips Electronics and Royal Philips, when faced with possible Rule 4(f)(3) order, agreed to accept service "under protest").

## II.   STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY.

After the Judicial Panel on Multidistrict Litigation transferred this case on February 05, 2020, this Court conducted a case-management conference on June 24, 2020.[2] The Court ordered the Government to submit this motion by July 10; the Defendants to respond by July 24; and the Government to reply by July 31.

As of July 10, the Government has successfully served seven Defendants located in the United States as well as two international entities, one located in Mexico and one in Netherlands.[3] But it has been less successful with the remaining Defendants, particularly those located outside of the United States. The Government asks this Court to exercise its discretion to allow alternative methods in the interest of moving this case with all deliberate speed.

The Government's 43 Defendants fall into 11 groups of Defendants: 1) Chunghwa; 2) Hitachi; 3) IRICO; 4) LG; 5) Panasonic; 6) Philips; 7) Samsung; 8)

---

[2] ECF #5763, Joint Case-Management Conference Statement.

[3] One is Samsung SDI Mexico S.A. de C.V. in Mexico, and the other is Koninklijke Philips Electronics, N.V. in Netherlands

2

Samtel; 9) Tatung; 10) Thai CRT; and 11) Toshiba.[4] Of the 43 Defendants, 34 are

foreign business entities from 11 countries[5] that are not yet served ("Foreign

Defendants").[6] The Government attaches a table that shows each of the 43

Defendants, when it served each Defendant, each Defendant's principal location, its

counsel of record, and the date of counsel's appearance.[7] Before the case's transfer,

the Government had prepared Letters Rogatory as well as established a process

server to begin service on the foreign defendants.[8] But with the transfer, the case's

circumstances have changed. The Government spent over $26,000 to translate the

complaints into various languages as well as for a service processor.[9]

These Foreign Defendants have known about the allegations related to this case

since the initial class cases began in 2007—nearly all of them were defendants to the

original cases transferred from the MDL in 2007.[10] Further, United States law firms

already represents all but one of the 11 Defendant groups.[11] Moreover, U.S. counsel

represent 25 of the 34 unserved Foreign Defendants. And the remaining 11 have

representatives through related entities: 10 are affiliated with a group of Defendants

---

[4] *See* the Government's Complaint.

[5] Those countries are Brazil, China, Hong Kong, India, Indonesia, Japan, Malaysia, Mexico, Netherlands, Singapore, South Korea, Taiwan, and Thailand.

[6] The Government has served the Philips entity in Netherlands as well as the Samsung entity in Mexico.

[7] *See* Exhibit 6 attached to Exhibit A, Declaration of Plaintiff's Counsel.

[8] See Paragraph 8.

[9] *See* Exhibits 1–5, attached to Exhibit A, Declaration of Plaintiff's Counsel.

[10] *See* ECF #1, pg. 10, Case MDL No. 1917; See ECF #66, pgs. 1–2, Case MDL No. 1917 (naming all the same Defendants as the Government except for three defendants, the Chunghwa Defendants and P.T. Tosummit).

[11] The only Defendant group not currently represented is Thai CRT.

3

that is already represented by counsel: one of the currently unrepresented

Defendants is a Chunghwa company, and Farmer Brownstein Jaeger LLP already

represents the other Chunghwa entity; a is a Hitachi entity, and Morrison & Foerster

LLP already represents the five other Hitachi entities; another is a Panasonic

company, and Winston and Strawn LLP is defending four of the other Panasonic

defendants; and although two Toshiba entities are unrepresented, White & Case LLP

represents the other five Toshiba entities.[12] Thus, in some cases, counsel even

represents multiple entities within that Defendant's group.

   With the Government's case pending since 2019 but only recently approved for

entry into this MDL in February 2020, there is no reason to delay this case. The

Foreign Defendants already have actual notice of these cases, having defended them

for nearly two decades in through this MDL. Serving the complaints on their U.S.

counsel is reasonably calculated to inform them of this action as well as afford them

an opportunity to defend itself in this case. As is required by Rule 4(f)(3), such a

request also does not offend any international agreement.

## III.   <u>LEGAL ARGUMENT</u>

   Under Civil Rule 4(f)(3), service of foreign defendants through U.S. counsel

(and even e-mail) is a well-established practice that is reasonably calculated to

acquaint Defendants of an action they already know exists. *Rio Props., Inc. v. Rio*

---

[12] Attorneys from White & Case even called Plaintiff's counsel to indicate that we had the wrong address for one of the Toshiba entities, but declined to provide the correct address. *See Raynor v. District of Columbia*, No. 14-0750 (RC), (D.D.C. Nov. 03, 2017) (approving but not ordering defendants' counsel's providing address and Social Security number).

4

*Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (citations omitted); Those methods include "delivery to the defendant's attorney … and most recently, email." *Id.* (citations omitted); *see S.E.C. v. Nagaicevs*, No. 12-cv-00413-JST, 2013 U.S. Dist. LEXIS 985777, *4, 2013 WL 3730578 (N.D. Cal. July 12, 2013), citing *Rio Props.* at 1016. In *Nagaicevs*, this Court granted default judgment after plaintiff served the defendant pursuant to Rule 4(f)(3) via email and regular mail to defendant's addresses in Seychelles and Ukraine. *Id.* at *4. In fact, "[c]ourts in the Ninth Circuit have ordered service through United States-based counsel even when counsel has refused to accept service on the ground that they do not represent the international defendants." *Cal. Beach Co., LLC v. Exquline, Inc.*, No. 20-cv-01994-TSH, 2020 U.S. Dist. LEXIS 119027, *8 (N.D. Cal. July 07, 2020) (citations omitted).

Here, no different than the prior orders in this case, serving the Foreign Defendants through their U.S. counsel satisfies the constitutional due-process fairness requirement of providing notice of this pending action and does not violate international law. The Foreign Defendants already have notice of this very long pending case, already have counsel, and will receive the complaint once presented to their attorneys based in the United States. Therefore, the Court should permit the Government to serve the Foreign Defendants through U.S.-based counsel.

/ / /

/ / /

5

### A.     Civil Rule 4(f)(3) permits service of foreign companies through U.S.-based counsel.

When defendants are in a foreign country, Civil Rule 4(h)(2) permits service "in any manner prescribed by Rule 4(f) for serving an individual…."[13] Civil Rule 4(f)(3) allows the Government to serve them "by other means not prohibited by international agreement, as the court orders."[14]

While Rule 4(f) has three options for service, there is no hierarchy as each option stands "on equal footing." *Rio Props.*, 284 F.3d at 1015 ("court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) [internationally agreed means, such as the Hague Convention] or Rule 4(f)(2) [manner prescribed by foreign county's law, such a letter of rogatory]"); *see Nagaicevs*, 2013 U.S. Dist. LEXIS 985777, *4 (N.D. Cal. July 12, 2013) (Rule 4(f)(3) is "an alternative to service through Rule 4(f)(1)"). Thus, a party does not need to attempt service first by diplomatic channels or letters rogatory before seeking alternative service under Rule 4(f)(3). *Rio Props.* at 1015; *Likas v. Chinacache Int'l Holdings, Ltd.*, No. cv-19-6942-FMO-SSx, 2020 U.S. Dist. LEXIS 90923, *5 (C.D. Cal. Jan. 29, 2020) (other than limits by international agreement,

---

[13] Civil Rule 4(h)(2) states in pertinent part:

> a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served: … (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

[14] Civil Rule 4(f)(3) states in pertinent part:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States: … (3) by other means not prohibited by international agreement, as the court orders.

6

"Rule 4(f) imposes no limitation on court's authority to authorize alternative means of service….A plaintiff need not pursue other methods of service before requesting … an alternative method of service.")

To invoke Rule 4(f)(3), the method of service must provide the Foreign Defendants due process. *Rio Props.* at 1014, 1016. To do so, "the method of service … must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Rio Props.* at 1016–17 (citation omitted). Delivering copies of the Complaint, translated into the language of each of the unserved Foreign Defendants, which the Government has done, is not required but helps satisfy that test. *CJ E&M Am., Inc. v. IQuiyi, Inc.*, No. 18-5771-PA-JEMx, 2018 U.S. Dist. LEXIS 236120, *11 (C.D. Cal. August 13, 2018) (permitting service of Chinese company upon U.S-based counsel with English and Chinese versions of complaint). Indeed, in the instant case, each of these Defendants knows that this case is pending and seemed ready to state their objections at the June 24th conference. *See Serenium, Inc. v. Zhou*, No. 20-cv-02132-BLF, 2020 U.S. Dist. LEXIS 94572, *11 (N.D. Cal. May 29, 2020) (service of U.S.-based counsel reasonably calculated as defendants have actual notice of lawsuit and specially appeared through U.S. counsel).

Rule 4(f)(3) provides the Court with flexibility to permit service on the Foreign Defendant's counsel or even by email. "[T]rial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the

defendant's last known address, **delivery to the defendant's attorney**, telex, and **most recently, email**." *Rio Props.*, 284 F.3d at 1016 (emphasis added) (citations omitted). Thus, the Rule does not require any particular method of service—only that the Court select a method reasonably calculated to provide the defendant with notice and an opportunity to respond. *Rio Props.* at 1017. This "unshackles" the district court, *id*., leaving the decision to the district court's sound discretion. *Id.* at 1016.

**B.    Service through U.S.-based counsel would apprise the Foreign Defendants here as they already know about this case because of this long-pending MDL, they have already secured U.S. counsel (or are affiliated with a Defendant that has), and are affiliated with a Defendant that has already been served.**

Under the circumstances here, service upon the Foreign Defendant's United States-based counsel is appropriate. The Northern District of California recognizes that service upon counsel "is a common form of service ordered under Rule 4(f)(3)." *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, 2011 U.S. Dist. LEXIS 71269, 2011 WL 2607158, *3 (N.D. Cal. 2011). In *Rio Properties*, the seminal case involving Rule 4(f)(3), the Ninth Circuit affirmed the district court's decision to authorize service via email to a Costa Rican entity. *Rio Props.* at 1017. The court held that the plaintiff needed only to show that the facts and circumstances necessitated the court's intervention—not that plaintiff exhausted every permissible means of service. *Id.* at 1016. In a recent Northern District of California case, the China-based

defendants already had U.S.-based legal counsel, and thus the district court found that service to them was "'reasonably calculated'…." *Juicero, Inc. v. iTaste Co.*, No. 17-cv-01921-BLF, 2017 U.S. Dist. LEXIS 86033, *9 (N.D. Cal. June 05, 2017), citing *Rio Props.*, 284 F.3d at 1017, *Richmond Techs.* at *13.

Here, service through U.S.-based counsel meets that test as the Foreign Defendants or their affiliated Defendants already have counsel, who can easily locate their clients and communicate with them regarding the lawsuit. In a 2012 decision from *In re TFT-LCD (Flat Panel) Antitrust Litigation*, the Northern District of California granted plaintiff's request for service to U.S. counsel of Chunghwa Picture Tubes, a defendant here. *Rockwell Automation v. AU Optronics Corp. (In re TFT-LCD (Flat Panel) Antitrust Litig.)*, Nos. M-07-1827-SI, MDL-1827, C-12-2495-SI, 2012 U.S. Dist. LEXIS 96689, *37–38 (N.D. Cal. July 10, 2012). The court, having already "granted a number of similar motions," granted plaintiff's request (while saving defendant the time and expense of an opposition) since defendant had actively participated in the MDL for years. *Id.* at *38. Because this is the same situation, this Court should grant the Government's request here.

A 2020 decision only bolsters the Government's position. In *Likas*, the plaintiff had started to pursue service through the Hague Convention, but then moved for alternative service on defendant's U.S. Counsel. 2020 U.S. Dist. LEXIS 90923, *2–3 (C.D. Cal. Jan. 29, 2020). The Court held that it would permit service through U.S. counsel because such service comports with due process, even if the plaintiff

had not finished its process with the Hague Convention. *Id. at* \*7; *See Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Research Inst.*, No. 19-cv-05784-VKD, 2019 U.S. Dist. LEXIS 187670, \*3, 2019 WL 5550039 (N.D. Cal. Oct. 28, 2019) (granting service via email and Federal Express on U.S. counsel of a Chinese corporation because the defendant had actual notice of the lawsuit).

Here, the Foreign Defendants know about this case from a variety of sources. They have been parties to similar cases, starting with the criminal proceedings nearly two decades ago and this MDL. Most have their own counsel in this case, and those that do not are affiliated with other Defendants who do. Thus, they have either implicit or knowledge of this case.

Additionally, there is no reason to delay this case by requiring the Government to use less efficient means of service for the 34 Foreign Defendants located in 11 different countries. *See Victaulic Co. v. Allied Rubber & Gasket Co.*, No. 3:17-cv-01006-BEN-JLB, 2020 U.S. Dist. LEXIS 82150, \*2 n.3 (S.D. Cal. May 08, 2020) (Hague Convention doesn't impose an obligatory time frame, and for example, in China, where five Foreign Defendants are located, "service of process will take up to two years or more, with proofs of service being returned an average of 1 to 5 months after service occurs. This means there is a wait window of two years with no interim information provided."); *EGI-VSR, LLC v. Coderch*, No. 18-12615, 2020 U.S. App. LEXIS 19809, \*8 (11th Cir. June 25, 2020) (letters rogatory "can take at least twelve months to complete"). Thus, service through U.S. counsel will not only

10

1  provide Defendants' due process but also will expedite resolution of this case on its

2  merits.

3

4      Twenty-five of the 34 unserved Foreign Defendants are represented by U.S.

5  counsel already. Of the 11 remaining, all but one is affiliated with Defendants that

6  are already represented by stateside counsel and have been represented by that firm

7  for years[15]—not only that, but seven of the eleven groups of Defendants include an

8  entity here in the United States that has already been served. Thus, service on their

9  U.S. counsel is reasonably calculated to apprise them of this lawsuit the Foreign

10 Defendants have known about for years.

11     **C.**    **Neither the Hague Convention nor any international agreement**
12          **precludes this Court from permitting service through U.S. counsel.**

13          **1.**    **The Hague Convention does not apply because service of U.S.**
14               **counsel does not require transmitting anything abroad.**

15     Because service to counsel here in the United States "does not require the

16 delivery of documents abroad," the Hague Convention does not apply. *Likas*, 2020

17 U.S. Dist. LEXIS 90923, at *6 n.6, *see also Calista Enter., LTD v. Tenza Trading*

18 *LTD,* 40 F.Supp.3d 1371, 1376 (D. Or. 2014) (citations omitted), *Vanderhoef v.*

19 *China Auto Logistics, Inc.*, 2019 U.S. Dist. LEXIS 205798, *7–8 (D.N.J. Nov. 26,

20 2019) (citations omitted). In this, the Court ruled that "service on foreign

21 defendants, even those who are signatories to the Hague Convention, is proper under

22 Rule 4(f)(3) where the foreign defendants have domestic subsidiaries and/or counsel

23 and where service does not require transmittal abroad." *CRT*, 2008 U.S. Dist.

24

25

26

27

28 ────────────────
[15] Thai CRT is the exception.

11

LEXIS 111384, *32, citing *Schlunk*, 486 U.S. at 707. The Court outright rejected Defendants' argument to the contrary: "Defendants' argument that service under Rule 4(f)(3) is somehow prohibited by the Hague Convention in the present circumstances is, accordingly, without support." *Id.* "Because Koninklijke and Toshiba have domestic subsidiaries and domestic counsel, transmittal aboard for service is not required." *Id.*

In *Calista*, while granting service through U.S.-based counsel, the court added that its decision did not implicate the Hague Convention because service would occur in the United States. 40 F. Supp.3d at 1376. In other cases, the Northern District of California has continued to recognize that service upon defendants' U.S. counsel does not implicate the Hague Convention. *See Richmond Techs.*, 2011 U.S. Dist. LEXIS 71269 at *42 (citations omitted). Citing to the U.S. Supreme Court, that court held that "because the Hague Convention only applies if the law of the forum state requires service of documents abroad, the Hague Convention is not a barrier to any alternative service that will be performed domestically." *Id.*, citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700 (1988), *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534–35 (E.D. Va. 2005) (ordering service on domestic counsel under Rule 4(f)(3) and finding that Hague Convention would not apply because service would be occur in the United States).

Because the Government seeks to serve the Foreign Defendants' U.S. counsel, the Hague Convention is not triggered since 25 of the 35 Foreign Defendants are

already represented by U.S. Counsel and 10 of the remaining 11 are affiliated with Defendants who already have counsel here. Thus, there is nothing to transmit overseas.

### 2.   Even if a country is a signatory to the Hague Convention, the Convention does not bar service through counsel.

Additional support for permitting this type of service is that the Hague convention itself does not bar it. The Northern District of California has held that "service on [d]efendants' U.S.-based attorney is permissible because the Hague Convention does not bar this type of service." *Juicero*, 2017 U.S. Dist. LEXIS 86033, *6. A second decision from the Northern District of California determined that "numerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies." *Richmond Techs.*, 2011 U.S. Dist. LEXIS 71269 at *41. This is "true even in cases involving countries that [...] have objected to the alternative forms of service permitted under Article 10 of the Hague Convention." *Id.* Thus, "[n]othing in the Hague Convention prohibits such service." *Id.* at *44, citing *RSM Prod. Corp. v. Friedman*, No. 06-civ-11512-dlc, 2007 U.S. Dist. LEXIS 58194, 2007 WL 2295907, *3 (S.D.N.Y. Aug. 10, 2007) ("The Hague Service Convention does not prohibit an order pursuant to Rule 4(f)(3) permitting service through American counsel.").

In *Richmond Technologies*, the plaintiff moved to serve an Indian company through its U.S. counsel. 2011 U.S. Dist. LEXIS 71269. The defendant objected

13

because India was a signatory to the Hague Convention, but the court rejected that argument. *Id.* at *44–45. The Northern District of California also credited plaintiff's urgency argument because there was no evidence the Hague Convention methods would be more efficient than Rule 4(f)(3)'s alternative service. *Id.* at *44. In that case, like here, the defendants had actual notice of the action and an on-going relationship with its counsel, so the Court permitted service on U.S. counsel. *Id.* at *45–46. Along with India, the same applies to defendants principally located in the same countries as the Foreign Defendants:[16] 1) China,[17] 2) Hong Kong,[18] 3) Japan,[19] and 4) South Korea.[20] (The following countries are not signatories to the Hague Convention and no international agreement bars Rule 4(f)(3) service to the Foreign Defendant entities located there: 1) Indonesia,[21] 2) Malaysia,[22] 3) Singapore,[23] 4)

---

[16] As of 2019, Brazil is a new signatory to the Hague Convention.

[17] *Likas*, 2020 U.S. Dist. LEXIS 90923, *6 (C.D. Cal. Jan. 29, 2020), citing *Juicero*, 2017 U.S. Dist. LEXIS 86033, (N.D. Cal. 2017), *Vanderhoef*, 2019 U.S. Dist. LEXIS 205798.

[18] *Facebook, Inc. v. Banana Ads., LLC*, No. C-11-3619-YGR, 2012 U.S. Dist. LEXIS 42160, *7, 2012 WL 1038752 (N.D. Cal. Mar. 27, 2012) (granting alternative service via email under Civil Rule 4(f)(3) not prohibited by international agreement, although a signatory to the Hague Convention).

[19] *Xilinx, Inc. v. Good Kaisha IP Bridge 1*, 246 F. Supp. 3d 1260, 1264 (N.D. Cal. 2017) (permitting service on U.S.-based counsel for Japanese company as "service under Rule 4(f)(3) would [not] violate an international agreement, and the Hague Convention is no bar."), citing *Richmond Techs.*, at *12; *Hawkins v. Bank of Am., N.A.*, No. 17-cv-01954-BAS-AGS, 2018 U.S. Dist. LEXIS 57758, *9, 2018 WL 161941 (S.D. Cal. Apr. 04, 2018) (same), citing *Xilinx*, 246 F. Supp. 3d 1260, *Liberty Media Holdings, LLC v. March*, No. 10-cv-1809-WQH-BLM, 2011 U.S. Dist. LEXIS 5290, 2011 WL 197838, *2 (S.D. Cal. Jan. 20, 2011) (permitting email service).

[20] *Carrico* at *4 (N.D. Cal. May 10, 2016) (although the Republic of Korea is a party to the Hague Convention and has objected to its service via postal channels, service on defendant through U.S.-based counsel does not implicate that provision.), citing *In re LDK Solar Sec. Litig.*, No. C-07-05182-WHA, 2008 U.S. Dist. LEXIS 90702, 2008 WL 2415186, *3 (N.D. Cal. June 12, 2008).

[21] *Exp.-Imp. Bank of the U.S. v. Asia Pulp & Paper Co.*, No. 03-civ-8554-LTS-JCF, 2005 U.S. Dist. LEXIS 8902, *5, 2005 WL 1123755 (May 11, 2005) ("Indonesia is not party to any applicable treaty or agreement" related to service under Civil Rule 4(f)) (citations omitted); *Dee-K Enters., Inc. v. Heveafil SDN. Bhd.*, 174 F.R.D. 376 (E.D. Va. 1997).

[22] *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 420, 428–29 (1st Cir. 2015) (affirming service on U.S.-based counsel and by email per Rule 4(f)(3) for Malaysian company); *Dee-K Enters., Inc. v. Heveafil SDN. Bhd.*, 174 F.R.D. 376 (E.D. Va. 1997) (Malaysia is not a party to the Hague Convention "or any other applicable treaty or agreement").

1    Taiwan,[24] and 5) Thailand.[25]

2

3            Thus, even if a country is a signatory to the Hague Convention, this Court is

4    not beholden to it. The Hague Convention, even if a country has certain objections

5    to it, does not specifically preclude service on stateside counsel under Rule 4(f)(3)—

6    especially when the Foreign Defendants and their counsel have notice of the case,

7    the service through the Hague Convention will unduly delay this matter, and due

8    process is accomplished with service on U.S. counsel.

9    **IV.    CONCLUSION**

10          The Government respectfully requests that the Court permit it to service the

11   Foreign Defendants through their United States based counsel because such service

12   will provide Defendants with due process and is not prohibited by international

13

14   agreement.

15
     Dated July 10, 2020                        *By: /s/ John A. Girardi*
16                                               John A. Girardi
17                                               Attorney for Plaintiff,
                                                 the Government of Puerto Rico
18

19

20

21   ───────────────────────
     [23] *Assef v. Doe*, No. 15-cv-01960-MEJ, 2016 U.S. Dist. LEXIS 41597, *9, 2016 WL 1191683 (N.D. Cal. Mar. 28,
22   2016) ("Singapore is not a member of the Hague Convention, but the Court is unaware of any international agreement
     prohibiting service by email there."), citing *U.S. v. First Coast Meat & Seafood*, 452 F. Supp. 2d 1348 (2006); *see
23   Taylor Made Golf Co. v. Individuals*, No. 20-60468-civ-SMITH, 2020 U.S. Dist. LEXIS 109840, *3 n.1 (S.D. Fla.
     Apr. 09, 2020).

24   [24] *Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.*, No. 18-cv-00297-BAS-BGS, 2019 U.S. Dist. LEXIS 8723, *6–7,
     2019 WL 246562 (S.D. Cal. Jan. 17, 2019) (granting service on U.S.-based counsel for Taiwanese company since
25   Taiwan is not a party to Hague Convention and no international agreement prohibits it), citing *Tatung Co. Ltd. v. Hsu*,
     No. SA-CV-13-1743-DOC-ANx, 2015 U.S. Dist. LEXIS 179201, 2015 WL 11089492, *2 (C.D. Cal. May 18, 2015)
26   (other citations omitted); *ATS Claim, LLC v. Epson (In re TFT-LCD Antitrust Litig.)*, No. M-07-1827-SI, 2009 U.S.
     Dist. LEXIS 93448, *15 (N.D. Cal. Oct. 06, 2009) (same).

27   [25] *Facebook*, 2012 U.S. Dist. LEXIS 42160, *7 (N.D. Cal. Mar. 27, 2012) (permitting Rule 4(f)(3) service to Thai
     company as Thailand is not a party to Hague Convention and no international agreement prohibits it); *Craigslist, Inc.
28   v. Meyer*, No. C-09-4739-SI, 2010 U.S. Dist. LEXIS 89955, *6–7, 2010 WL 2975938 (N.D. Cal. July 26, 2010)
     (same).

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 1126 Wilshire Boulevard, Los Angeles, CA 90017-1904.

On July 10, 2020, I served true copies of the following document(s) described as  on the interested parties in this action as follows: **GOVERNMENT OF PUERTO RICO'S MOTION TO SERVE FOREIGN DEFENDANTS THROUGH THEIR UNITED STATES-BASED COUNSEL UNDER FEDERAL RULE CIVIL PROCEDURE 4(F)(3)**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 10, 2020, at Los Angeles, California.


/s/ Kali V. Fournier
Kali V. Fournier