Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 788-7210
Facsimile:   (415) 788-0706
fos@scarpullalaw.com
pbc@scarpullalaw.com

*Interim Co-Lead Counsel for the ORS Subclass*

Theresa D. Moore (99978)
Law Offices of Theresa D. Moore
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 613-1414
tmoore@aliotolaw.com

*Interim Co-Lead Counsel for the ORS Subclass*

Tracy R. Kirkham (69912)
John D. Bogdanov (215830)
Cooper & Kirkham, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415)788-3030
Facsimile: (415) 882-7040
trk@coopkirk.com
jdb@coopkirk.com

*Interim Lead Counsel for the NRS Subclass*

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>All Indirect-Purchaser Actions. | Master File No. 4:07-cv-5944-JST<br><br>MDL No. 1917<br><br>**MOTION TO INTERVENE FOR PURPOSE OF APPEALING DENIAL OF OBJECTIONS TO SETTLEMENTS**<br><br>Hearing Date: *Submitted on papers*<br><br>Judge:         Honorable Jon S. Tigar<br>Courtroom:  6, 2nd Floor |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that upon submission of the papers, before the Honorable Jon S. Tigar, United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California, 94612, Tyler Ayres, Mike Bratcher, Nikki Crawley, Jay Erickson, Harry Garavanian, John Heenan, Hope Hitchcock, D. Bruce Johnson, Jeff Johnson, Kerry Murphy, Chris Seufert, Robert Stephenson, Gary Talewsky, and William Trentham, (the "ORS Plaintiffs") and Eleanor Lewis ("NRS Plaintiffs") (collectively, "Objectors"), by and through undersigned counsel, moves the Court, pursuant to Rule 24 of the Federal Rules of Civil Procedure, for an Order permitting Objectors to intervene for the purpose of appealing the denial of their objections to the settlements which have now been granted final approval by the Court.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, any arguments and evidence that may be presented at any hearing before the Court on this motion, all transcripts of prior proceedings before this Court and on all other pleadings and papers on file in this action.

//
//
//
//
//
//
//
//
//
//
//
//
//

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

In the July 13, 2020 Order Granting Final Approval (Dkt. 5786) to amended settlements between Indirect Purchaser-Plaintiffs for 22 state classes ("IPPs") and Defendants, the Court overruled, for lack of standing, the objections of the ORS and NRS Plaintiffs (Dkt. 5732, 5736). The following day, the Ninth Circuit entered a stay of the Order Granting Final Approval. Dkt. 5791. ORS and NRS Plaintiffs now respectfully move this Court, pursuant to Rule 24 of the Federal Rules of Civil Procedure, for an order permitting them to intervene in this action to appeal the denial of their objections to the settlements.[1] The Ninth Circuit's stay order does not extend to the determination of this motion to intervene.

ORS and NRS Plaintiffs request this Court to deem this matter submitted at the conclusion of the briefing. As noted on this Court's online calendar page, "[p]arties may file a motion without a noticed hearing date, in which case the matter will be deemed submitted upon filing of the reply brief unless otherwise ordered by the Court."

**II.    THIS MOTION CONFORMS TO THE NINTH CIRCUIT'S ORDER**

ORS and NRS Plaintiffs appealed the Court's prior orders denying ORS and NRS Plaintiffs' motions to intervene, and the Court's Order granting preliminary approval, to the Ninth Circuit. Dkts. 5709, 5711. In the Ninth Circuit, IPP Lead Counsel filed a motion to dismiss the ORS and NRS appeals pertaining solely to this Court's preliminary approval order.

On June 9, 2020, the Ninth Circuit ruled that it lacked appellate jurisdiction over the preliminary approval order and dismissed the ORS and NRS Plaintiffs' appeals of that Order, while noting that IPPs did not dispute the Ninth Circuit's jurisdiction over the appeals concerning this Court's denials of intervention. *See* Dkt. 5738 at 1 (Ninth Circuit Order as entered on this Court's docket). The Ninth Circuit explained, however, that "if *final* approval is granted, [ORS and NRS Plaintiffs] can seek to appeal the denial of their objections then." *Id.* at 4 (emphasis added). The Court continued:

---

[1] Pursuant to Fed. R. Civ. P. 24(c), attached hereto as Exhibit A is the Order Granting Final Approval (Dkt. 5786).

> We disagree with Appellants' contention that by denying their motions to intervene, the district court has already barred them from appealing the approval of the settlement after final judgment. The district court denied Appellants' motions to intervene for the purpose of filing separate complaints, concluding that the multi-district litigation statute did not permit intervention of this nature. We do not read that order as precluding Appellants from moving to intervene after final approval for the different purpose of appealing the denial of their objections to the settlement. *See Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (per curiam). If the district court were to deny such a motion, the denial could be immediately appealed. *Id.*

*Id.* at 4.

In the *Marino* case cited by the Ninth Circuit, the Supreme Court noted that "the rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled." *Marino,* 484 U.S. at 304. While acknowledging the suggestion that there may be exceptions to the rule, the Supreme Court counseled that "[w]e think the better practice is for such a nonparty to seek intervention for purposes of appeal." *Id.* Indeed, Courts have frequently permitted intervention – even after trial – for the purpose of appealing an adverse ruling. *See, e.g, United Airlines, Inc. v. McDonald*, 432 U.S. 385, 395-96 & n. 16 (1977). As the Ninth Circuit has previously explained, "[i]ntervention should be allowed even after a final judgment where it is necessary to preserve some right which cannot otherwise be protected [such as] the right to appeal from the judgments entered on the merits by the District Court." *Pellegrino v. Nesbit*, 203 F.2d 463, 465-66 (9th Cir. 1953) (citations omitted); *see also Alameda Newspapers, Inc. v. City of Oakland*, 95 F.3d 1406, 1412 n.8 (9th Cir. 1996) ("the Guild's right to intervene for the purpose of appealing is well established").

The basis for this intervention motion, to preserve the right to appeal, is that this is the only manner to protect the rights of these putative members of the nationwide class who were deemed in the Court's order to lack of standing to object to IPP Lead Counsel's amended settlements. The IPPs on behalf of a subclass of 22 states offered and this Court approved settlements that will adversely affect the rights and interests of the ORS and NRS Plaintiffs and subclass members—as set forth in their May 29, 2020, Objections to final approval of the IPPs' amended settlements (Dkt. 5732), and in their May 6, 2020 Motion To Stay (Dkt. 5718), which are incorporated by this reference.

### III. ORS AND NRS PLAINTIFFS MEET THE REQUIREMENTS FOR INTERVENTION AS A MATTER OF RIGHT

Federal Rule of Civil Procedure 24(a)(2) governs intervention as a matter of right. "'Members of a class have a right to intervene if their interests are not adequately represented by existing parties.'" *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 594 (2013). An applicant for intervention under Rule 24(a) must establish four elements:

> (1) that the prospective intervenor's motion is "timely"; (2) that the would-be intervenor has "a 'significantly protectable' interest relating to ... the subject of the action," (3) that the intervenor is "so situated that the disposition of the action may as a practical matter impair or impede [the intervenor's] ability to protect that interest"; and (4) that such interest is "inadequately represented by the parties to the action."

*Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016).

#### A. Timeliness

"Courts weigh three factors in determining whether a motion to intervene is timely: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (internal quotation marks and citation omitted). Courts should also "bear in mind that the timeliness requirement for intervention as of right should be treated more leniently than for permissive intervention because of the likelihood of more serious harm." *U.S. v. State of Oregon*, 745 F.2d 550, 552 (9th Cir. 1984).

As to the stage of proceedings, the ORS and NRS Plaintiffs are seeking intervention for purposes of appeal within days of the Court's entry of the Order Granting Final Approval. The ORS and NRS Plaintiffs explained in their Objections to the amended settlements the harm to their interests that would occur under the settlements. *See* Dkt. 5732. Now that those settlements have been granted final approval, the ORS and NRS Plaintiffs are seeking immediate intervention to appeal that order. "Where a change of circumstances occurs, and that change is the 'major reason' for the motion to intervene, the stage of proceedings factor should be analyzed by reference to the change in circumstances, and not the commencement of the litigation." *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016). Thus, ORS and NRS Plaintiffs have satisfied the timeliness requirements. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("The

crucial date for assessing the timeliness of a motion to intervene is when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties.").

With respect to prejudice, the Ninth Circuit has emphasized "that the only 'prejudice' that is relevant under this factor is that which flows from a prospective intervenor's failure to intervene after he knew, or reasonably should have known, that his interests were not being adequately represented—and not from the fact that including another party in the case might make resolution more 'difficult[ ].'" *Smith*, 830 F.3d at 857 (internal citation omitted). No such prejudice exists here. ORS and NRS Plaintiffs, consistent with the Ninth Circuit's suggestion, are immediately moving to intervene for purposes of appeal from the Order Granting Final Approval.

Moreover, the enquiry into the "reason for the length of delay" weighs in favor of the ORS and NRS Plaintiffs, who have moved expeditiously to intervene immediately upon entry of the Order Granting Final Approval. Under these circumstances, ORS and NRS Plaintiffs have established that this motion to intervene for purpose of appeal is timely.

### B. Protectable Interest and Practical Impairment

With respect to the next two aspects of the analysis for intervention as of right – the existence of a protectable interest and practical impairment of such interest – the Courts in this district have explained that "[i]n the class action context, the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation." *Miller v. Ghirardelli Chocolate Co.*, C 12-04936 LB, 2013 WL 6776191, at *8 (N.D. Cal. Dec. 20, 2013). Indeed, the ORS and NRS Plaintiffs, as members of the alleged nationwide litigation class, are entitled to adequate representation and should be permitted to intervene, as explained by the Ninth Circuit: "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001).

### C. Inadequate Representation

"The burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Citizens for*

*Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (internal citation omitted). "In evaluating adequacy of representation, we examine three factors: '(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.'" *Id*. The most important factor is "how the interest compares with the interests of existing parties." *L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*, 15-CV-01257-JST, 2015 WL 5071949, at *3 (N.D. Cal. Aug. 27, 2015).

The existence of inadequate representation is almost irrefutable. As the Court stated at the April 9, 2019 case management conference the parties were in agreement on this point:

> Unless somebody says otherwise this morning, my guess is I don't need to actually make a finding of a conflict.
>
> There seems to be an agreement among the parties that there's an adequacy of counsel issue which is different but also sufficient to require the appointment of separate counsel. So for a variety of reasons, I don't feel the need to issue an order saying that anybody had a conflict of interest.

Dkt. 5444 at 15.

IPP Lead Counsel has abandoned any representation of the nationwide class and now represents a subclass of individuals in 22 states whose settlement interests in jettisoning the nationwide class from these proceedings are diametrically opposed to those of the ORS and NRS Plaintiffs and subclasses. Although the Court did not conclude that it was necessary to issue an order finding such a conflict, no party ever disputed post-remand that such a conflict exists or that separate counsel needed to be appointed for the ORS and NRS. Indeed, no one objected, as memorialized by the Court, that appointing separate counsel for the subclasses was not necessary. *See* Dkt. 5444 at 19 ("The motion [for appointment of counsel] regarding the omitted repealer states does not need to make [the case for separating that subclass and appointing separate counsel] because everybody agrees.").

IPP Class Counsel's actions on remand raised further concerns with the adequacy of his representation and fulfillment of his duties to the ORS and NRS members of the Nationwide Class. *See* Dkt. 5732 (describing inadequate representation and incorporated by this reference). IPP Class

Counsel intentionally excluded the newly appointed ORS and NRS counsel from settlement negotiations on remand. In those negotiations, IPP Class Counsel low-balled the value of the ORS and NRS claims that were excluded from the release of the amended settlements, resulting in a smaller reduction to the attorneys' fee that he traded dollar-for-dollar. Then, rather than negotiate for those funds to compensate the ORS and NRS, IPP Lead Counsel agreed to release the funds to the defendants. Finally, as part of these settlements, IPP Lead Counsel agreed to remove the allegations of antitrust injury to a nationwide class of purchasers, thus abandoning even a pretense of a fiduciary responsibility to the members of the ORS and NRS subclasses to whom Lead Counsel had previously sent class action notice informing them that their rights were being protected in this litigation. These actions, individually and collectively, prejudiced the ORS and NRS Plaintiffs and subclass members.

Accordingly, ORS and NRS Plaintiffs meet the requirements for intervention as of right, and such intervention for the purpose of appealing the denial of objections to final approval should be granted.

### IV.  ORS AND NRS PLAINTIFFS MEET THE REQUIREMENTS FOR PERMISSIVE INTERVENTION

Federal Rule of Civil Procedure 24(b)(1) provides for permissive intervention at the court's discretion where the potential intervenor "has a claim or defense that shares with the main action a common question of law or fact." Permissive intervention "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found.*, 644 F.3d at 843 (internal quotation marks and citation omitted).

"In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "[T]he court may also consider other factors in the exercise of its discretion, including 'the nature and extent of the intervenors' interest' and 'whether the intervenors' interests are adequately represented by other parties." *Perry*, 587 F.3d at 955. Courts are more amenable to permissive intervention when no additional issues are added to the case, when the intervenor's claims are

"virtually identical" to class claims, and when intervention would strengthen the adequacy of the representation. NEWBERG ON CLASS ACTIONS § 9:36 (5th ed. 2018).

      Given that jurisdiction is not contested (the ORS and NRS Plaintiffs are putative class members despite being excluded from the amended settlement class) and timeliness is dealt with above, the only remaining issue is establishing that a common question of law and fact exists between the ORS and NRS Plaintiffs' claims and the claims made in the ongoing case. Since the federal price-fixing and conspiracy claims asserted in the original pleadings remain pending as to all 50 states, and since the damages and equitable claims by the ORS and NRS subclasses arise out of the same conduct, transaction, or occurrences set out in the original consolidated amended complaint (and every complaint since then), the ORS and NRS Plaintiffs' claims are sufficiently related to the IPP named plaintiffs' claims so as to justify permissive intervention. Not only are their claims virtually identical to the class claims, they have always been either putative or actual class members, and the Court has never denied class certification as to the ORS or NRS. Given that no party will be prejudiced by intervention, the Court should grant the ORS and NRS Plaintiffs permissive intervention for the purpose of appealing final approval of the amended settlements.

///

///

///

**V.     CONCLUSION**

For all of the foregoing reasons, ORS and NRS Plaintiffs respectfully request this Court to permit them to intervene for the purpose of appealing the denial of their objections to the amended settlements.

Dated:  July 16, 2020                                          Respectfully submitted,

/s/  Theresa D. Moore                                        /s/  Francis O. Scarpulla
     Theresa D. Moore                                              Francis O. Scarpulla
Theresa D. Moore (99978)
Law Offices Of Theresa D. Moore                 Francis O. Scarpulla (41059)
One Sansome Street, 35th Floor                    Patrick B. Clayton (240191)
San Francisco, CA 94104                               Law Offices of Francis O. Scarpulla
Telephone: (415) 613-1414                           456 Montgomery Street, 17th Floor
tmoore@aliotolaw.com                                  San Francisco, CA 94104
                                                                            Telephone: 415-788-7210
*Interim Co-Lead Counsel*                           fos@scarpullalaw.com
*for the ORS*                                                    pbc@scarpullalaw.com

Christopher A. Nedeau (81297)                   *Interim Co-Lead Counsel*
Nedeau Law Firm                                             *for the ORS*
154 Baker Street
San Francisco, CA 94117                              /s/  Tracy R. Kirkham
Telephone: (415) 516-4010                               Tracy R. Kirkham
cnedeau@nedeaulaw.net
                                                                           Tracy R. Kirkham (69912)
*Counsel for the ORS*                                  John D. Bogdanov (215830)
                                                                           COOPER & KIRKHAM, P.C.
Brian M. Torres, *appearing pro hac vice*      357 Tehama Street, Second Floor
Brian M. Torres, P.A.                                       San Francisco, CA 94103
One S.E. Third Avenue, Suite 3000              Telephone: (415) 788-3030
Miami, FL  33131                                              Facsimile: (415) 882-7040
Telephone:  (305) 901-5858                           Email:  trk@coopkirk.com
btorres@briantorres.legal                                          jdb@coopkirk.com

*Counsel for the ORS*                                 *Interim Lead Counsel for Non-Repealer State Subclass*

                                                                          John G. Crabtree, *appearing pro hac vice*
                                                                          Brian Tackenberg, *appearing pro hac vice*
                                                                          Crabtree & Auslander
                                                                          240 Crandon Boulevard, Suite 101
                                                                          Key Biscayne, FL 33149
                                                                          Telephone:  (305) 361-3770
                                                                          jcrabtree@crabtreelaw.com
                                                                          btackenberg@crabtreelaw.com

                                                                          *Counsel for the ORS*

9

MOTION TO INTERVENE - Case No. 4:07-cv-5944, MDL No. 1917

## **ATTESTATION**

I hereby attest pursuant to Civil Local Rule 5-1(i)(3) that concurrence in the filing of this document has been obtained from all signatories.

                                         /s/ *Francis O. Scarpulla*
                                         Francis O. Scarpulla

## PROOF OF SERVICE

On July 16, 2020, I caused the following:

**MOTION TO INTERVENE FOR PURPOSE OF APPEALING DENIAL OF OBJECTIONS TO SETTLEMENTS**

to be electronically filed through ECF. All counsel of record associated with this matter will be notified of this filing through the Court's ECF System.

/s/ Francis O. Scarpulla
Francis O. Scarpulla

MOTION TO INTERVENE - Case No. 4:07-cv-5944, MDL No. 1917