Pages 1 - 9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Jon S. Tigar, Judge

|   |   |
|---|---|
| In Re:   Cathode Ray Tube (CRT) Antitrust Litigation | )<br>)<br>) NO. CV 07-05944-JST<br>) MDL No. 1917<br>)<br>) |

Oakland, California
Wednesday, June 24, 2020

**TRANSCRIPT OF PROCEEDINGS HELD VIA ZOOM**

**APPEARANCES**:

For the Government of Puerto Rico:
    BECKER VISSEPO PSC
    PO Box 9023914
    San Juan, PR 00902
  **BY:   JANE BECKER WHITAKER, ESQUIRE**

    GIRARDI AND KEESE
    1126 Wilshire Blvd
    Los Angeles, CA 90017
  **BY:   JOHN A. GIRARDI, ESQUIRE**

    SHINDLER, ANDERSON, GOPLERUD & WEESE
    5015 Grand Ridge Drive - Suite 100
    West Des Moines, IA 50265
  **BY:   BART GOPLERUD, ESQUIRE**

For Philips Electronics North America, LLC:
    BAKER BOTTS
    700 K Street, N.W.
    Washington, D.C. 20001
  **BY:   ERIK KOONS, ESQUIRE**

Reported By:   Pamela Batalo-Hebel, CSR No. 3593, RMR, FCRR
               Official Reporter

**APPEARANCES CONTINUED:**

For Panasonic Corporation of North America:
   WINSTON & STRAWN LLP
   35 W. Wacker Drive
   Chicago, IL 60601
 **BY: KEVIN B. GOLDSTEIN, ESQUIRE**

   WINSTON & STRAWN LLP
   200 Park Avenue
   New York, NY 10166
 **BY: JEFFREY KESSLER, ESQUIRE**

   WEIL, GOTSHAL, & MANGES, LLP
   767 Fifth Avenue
   New York, NY 10153
 **BY: DAVID L. YOHAI, ESQUIRE**
   **DAVID E. YOLKUT, ESQUIRE**

For LG Electronics, Inc.:
   EIMER STAHL LLP
   224 S. Michigan Avenue  - Suite 1100
   Chicago, IL 60604
 **BY: NATHAN P. EIMER, ESQUIRE**

For Toshiba America Electronic Components:
   WHITE AND CASE LLP
   701 Thirteenth Street, N.W.
   Washington, D.C., DC 20005
 **BY: DANA E. FOSTER, ESQUIRE**
   **MATTHEW N. FRUTIG, ESQUIRE**

For Hitachi America:
   MORRISON & FOERSTER LLP
   425 Market Street
   San Francisco, CA  94105
 **BY: ELIOT ADELSON, ESQUIRE**

For Intervenor FRS:
   ROSEN, BIVEN, GALVAN & GRUNFELD LLP
   101 Mission Street - Sixth Floor
   San Francisco, CA 94105
 **BY: JEFFREY L. BORNSTEIN, ESQUIRE**

```
 1   Wednesday - June 24, 2020                                    9:30 a.m.
 2                            P R O C E E D I N G S
 3                                  ---o0o---
 4         THE CLERK:  Your Honor, now calling Civil Matter
 5   07-5944, MDL No. 1917, In Re: Cathode Ray Tube Antitrust
 6   Litigation.
 7      If counsel could please state their appearances for the
 8   record, starting with plaintiffs.
 9         MR. GIRARDI:  Good morning, Your Honor.  John Girardi
10   appearing for the Government of Puerto Rico.
11         MR. GOPLERUD:  Good morning, Your Honor.  Bart
12   Goplerud, also representing the Government of Puerto Rico.
13         MS. BECKER WHITAKER:  Good morning, Your Honor.  Jane
14   Becker, also representing the Government of Puerto Rico.
15         THE COURT:  All right.
16      Would defendants enter their appearances, please.
17         MR. KOONS:  My name is Erik Koons from Baker Botts,
18   and I represent Philips North America, LLC.
19         MR. GOLDSTEIN:   Kevin Goldstein from Winston & Strawn
20   on behalf of Panasonic Corporation of North America,
21   Your Honor.
22         MR. KESSLER:  Good morning, Your Honor.  Jeffrey
23   Kessler from Winston & Strawn, also on behalf of Panasonic
24   Corporation.
25         MR. EIMER:  Good morning, Your Honor.  Nate Eimer of
```

1   Eimer Stahl on behalf of LG Electronics USA.
2           **MR. FRUTIG:**  Good morning, Your Honor.  Matt Frutig
3   from from White & Case representing Toshiba America Electronic
4   Components, Incorporated.  I'm joined by my colleague, Dana
5   Foster, also of White & Case.
6       Your Honor, just one point I wanted to mention.  TAEC,
7   which is the acronym for Toshiba America Electronic Components,
8   has not been served in this matter, so by participating --
9           **THE COURT:**  Mr. Frutig --
10          **MR. FRUTIG:**  Yes, sir?
11          **THE COURT:**  I'll get to that.
12          **MR. FRUTIG:**  Okay.
13          **THE COURT:**  Have counsel finished making their
14  appearances?
15          **MR. ADELSON:**  No.  Good morning, Your Honor.  Eliot
16  Adelson of Morrison & Foerster for Hitachi America.
17          **MR. YOHAI:**  Good morning, Your Honor.  David Yohai,
18  and I'm here with my colleague, David Yolkut, for Panasonic
19  North America.
20          **THE COURT:**  Okay.
21          **MR. BORNSTEIN:**  Your Honor, Jeff Bornstein from Rosen
22  Bien, Galvan & Grunfeld on behalf of the Intervenor FRS, but
23  I'm not sure that we really need to be here, but we're here.
24          **THE COURT:**  Okay.
25      Anyone else?  Okay.

1        If you can hear a little bit more speed in my voice, it's
2   because I have an obligation at 10:00 a.m. that I absolutely
3   cannot miss, but I think that will be ample time for us to
4   discuss what we have to discuss.
5        What I'm going to do is state what my intended course of
6   action is based on what I think the issues are, and then I will
7   allow anybody who wants to to weigh in.
8        The biggest issue, I think, with regard to this case,
9   which is the Puerto Rico tagalong case, is that there are many
10  defendants that have not been served.  That essentially stops
11  this case in the water.  Why do I say that?  Because once we
12  figure out who the defendants are, there is going to be one
13  motion to dismiss.  That will be filed on a consolidated basis
14  because all of the defenses that were suggested as the subjects
15  of a motion to dismiss in the Case Management Statement are
16  common, so there is no need to have more than one motion to
17  dismiss.
18       However, if I wait -- if I allow a motion to dismiss to be
19  filed now and then more defendants are served, then those
20  defendants will file a motion to dismiss and then more
21  defendants are served.
22       Also Rule 4(m) would suggest that it's good case
23  management just to get everybody served before we do anything.
24  So that's what we're going to do, subject to your telling me
25  otherwise in a moment.

1     The plaintiffs suggest in their Case Management Statement
2 that I should simply order people to allow themselves to be
3 served electronically.  I'm not aware that I have the authority
4 to do that.
5     If the plaintiffs want to tell me if -- if they want to
6 cite to me the authority that I myself would cite in an order
7 requiring that, they should say so; otherwise, don't make
8 suggestions to me about things that I don't have the power to
9 do.  It just doesn't move the ball.
10    I understand that service can be frustrating.  I
11 understand we have international defendants and all that, but
12 unless there's a citation to a rule or a case that gives me
13 that authority, that's sort of a non-starter.
14         **MS. BECKER WHITAKER:**  Your Honor, if I may?
15         **THE COURT:**  I'm not done yet.
16         **MS. BECKER WHITAKER:**  Oh, sorry.
17         **THE COURT:**  So what I intend to do is set a deadline
18 for service.  I'm agnostic as to when the deadline is.
19    I'm not meaning to rush the plaintiffs.  I understand they
20 have whatever difficulties they have.  I am not persuaded that
21 there is any prejudice to anybody from a longer deadline rather
22 than a shorter one, and I'm assuming the plaintiffs are in as
23 much of a hurry to get the case going as anybody, so allowing
24 them to set the deadline for service of all the defendants
25 seems to me to make some sense.

1        At that time, when that deadline comes, any defendants
2   that are not served would be dismissed without prejudice.  If
3   you want to sue them later, that's fine, but our case at that
4   point will get going.
5        Once service has been accomplished, if it comes -- if that
6   happens well before that deadline or at that deadline, we will
7   set -- we'll have a Case Management Conference, and we'll set
8   all the other deadlines:  Motions to dismiss -- all the
9   pretrial deadlines, motions to dismiss, Rule 56, that sort of
10  thing.
11       The parties seem to agree, more or less, on the pretrial
12  tasks that will need to be done for this plaintiff in this
13  case -- expert discovery, that sort of thing -- so they'll meet
14  and confer, and they'll put together a schedule for the rest of
15  the case.
16       There's a little back-and-forth between the parties about
17  whether these claims are viable under Puerto Rico law.  I don't
18  have an opinion about that.  I'll wait until there is a motion
19  to dismiss.  I don't intend to say anything about that today.
20       Next time, please use page numbers at the bottom of your
21  Case Management Statement.
22       Okay.  That's what I had to say.
23       Ms. Whitaker, your microphone.
24            **MS. BECKER WHITAKER:**  Yes, sir.
25       I just wanted to say there is authority for having you

1    permit service in other fashions, and, in fact, there is
2    authority written by you in the case of *Carrico vs. Samsung*
3    *Electronics*, but I think it's probably best if we submit that
4    to you via a motion, but it was under the -- under Rule --
5    Rule 4(f)(3) that in that case, plaintiffs were permitted to
6    serve defendant by email, even in that case.
7             **THE COURT:**  I can't believe I can't remember one of my
8    own cases, but, by all means, file a motion.
9             **MS. BECKER WHITAKER:**  Okay.
10            **THE COURT:**  When will that motion be filed?
11            **MS. BECKER WHITAKER:**  Ten days.
12            **THE COURT:**  Fine with me.
13        All right.  And do you want me to decide that motion
14   before I set a deadline for the service of all the defendants?
15            **MS. BECKER WHITAKER:**  I believe that would make sense.
16            **THE COURT:**  Aren't you operating under Rule 4(m)
17   anyway, regardless of what I do?
18            **MS. BECKER WHITAKER:**  Right.  Exactly.  In terms of
19   the time?
20            **THE COURT:**  Right.
21            **MS. BECKER WHITAKER:**  Right.
22            **THE COURT:**  Could you remind me, please, when this
23   Complaint was filed?
24            **MR. KOONS:**  December of 2018, Your Honor.
25            **THE COURT:**  Well, we are way past Rule 4(m).

1       Okay.  Well -- but I think this motion will -- you know,
2   Rule 4(m) asks the Court to find or not find good cause after a
3   certain amount of time has elapsed and service has not been
4   effected.  This motion will be a substitute for that really,
5   potentially, so let's decide that motion.
6       So perhaps I could -- let's see.  That would be -- ten
7   days would be -- and then moving it to the next business day
8   would be July 6th, which strikes me as sort of a gruesome
9   deadline, even though none of us is able to celebrate his or
10  her July 4th the way he or she might want.
11      So why don't we make it the 10th of July.  That would make
12  an opposition due on the 24th and a reply due on the 31st.
13      And then why don't we have another Case Management
14  Conference on September 1st.  That's a little faster than we've
15  been deciding things in chambers here, but that's all right.
16  It will be nice to get this case moving.
17      I think that's all I have.  Anything further from anybody?
18          **MR. GIRARDI:**  Nothing, Your Honor.
19          **THE COURT:**  Okay.  Going once, going twice.
20  Thank you, all.  Stay safe.  We will see you in September.
21          (Proceedings adjourned at 9:40 a.m.)

CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Tuesday, July 14, 2020

*Pamela Batalo Hebel*
_____
Pamela Batalo Hebel, CSR No. 3593, RMR, FCRR
U.S. Court Reporter