1   Robert J. Bonsignore, Esq., *pro hac vice forthcoming*
    BONSIGNORE TRIAL LAWYERS, PLLC
2   3771 Meadowcrest Drive
    Las Vegas, NV 89121
3   Phone: 781-856-7650
    Email: rbonsignore@classactions.us
4
5   *Counsel for Indirect Purchaser Plaintiff*
    *Class Member Objectors*
6
7
8                  **UNITED STATES DISTRICT COURT**
9                **NORTHERN DISTRICT OF CALIFORNIA**
10                   **SAN FRANCISCO DIVISION**
11  **IN RE: CATHODE RAY TUBE (CRT)**          Case No. 4:07-cv-5944-JST
    **ANTITRUST LITIGATION**                   MDL No. 1917
12
13                                             **OPPOSITION TO INDIRECT PURCHASER
                                               PLAINTIFFS' "MOTION TO STRIKE AND
14  This Document Relates to:                  FOR SANCTIONS" [Dkt. 5781]**
15  All Indirect Purchaser Actions
                                               Hearing Date:  August 12, 2020
16                                             Time:  2:00 p.m.
                                               Judge:  Honorable Jon S. Tigar
17                                             Courtroom 6, 2nd Floor
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...............................................................................................................................4

    I.     THE MOTION'S REQUEST TO STRIKE CERTAIN FILINGS IS NOW MOOT.................................................................................................................4

    II.    THE SANCTIONS PRONG OF THE MOTION SHOULD BE DENIED............5

        A.    The Bundled Sanctions Request Is Procedurally Defective. .......................5

        B.    The Sanctions Request Is Baseless and Intended to Harass and Stifle Good Faith Representation of Objectors and Their Interests.............7

CONCLUSION............................................................................................................................16

1

# TABLE OF AUTHORITIES

2

3

**Cases**                                                                                                      **Page(s)**

*Allen v. Bedolla*, 787 F.3d 1218 (9th Cir. 2015) ................................................................. 8

*Delacruz v. State Bar of Cal.*, 2020 WL 227237 (N.D. Cal. Jan. 15, 2020) .................................. 10

*EON Corp. IP Holdings LLC v. Cisco Sys.*, No. 12–cv–01011–JST,
   2014 WL 3726170 (N.D. Cal. Jul. 25, 2014) .................................................................. 15

*Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014) ................................................... 3, 11

*Franklin v. Midland Funding, LLC*, No. 3:10-cv-91,
   2011 WL 3557033 (N.D. Ohio Aug. 12, 2011) ............................................................... 5

*Hoyt v. City & County of San Francisco*, No. C10-1778 RS BZ,
   2011 WL 2294202 (N.D. Cal. June 9, 2011) ................................................................ 5

*In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI,
   2013 WL 257125 (N.D. Cal. Jan. 23, 2013) ................................................................. 8

*Johnson v. Hewlett-Packard Co.*, No. C09-3596 CRB BZ,
   2010 WL 4510345 (N.D. Cal. Nov. 1, 2010) ................................................................ 6

*Linney v. Cellular Alaska P'ship*, 151 F.3d 1234 (9th Cir. 1998) ........................................ 9

*Maywalt v. Parker & Parsley Petrol. Co.*, 67 F.3d 1072 (2d Cir. 1995) ................................ 8

*New Alaska Development Corp. v. Guetschow*, 869 F.2d 1298 (9th Cir. 1989) ........................... 9

*Nunez v. BAE Sys. San Diego Ship Repair Inc.*, No. 16-CV-2162 JLS (NLS),
   2017 WL 3276843 (S.D. Cal. Aug. 2, 2017) ................................................................ 8

*Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644 (9th Cir. 1997) ............................... 9

*Quality Inv. Properties Santa Clara, LLC v. Serrano Elec., Inc.*,
   No. C 09-5376 LHK PSG, 2011 WL 2846555 (N.D. Cal. July 18, 2011) ................................ 5

*Redman v. RadioShack Corp.*, 768 F.3d 622 (7th Cir. 2014) ......................................... 3, 11

*Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277 (7th Cir. 2002) ........................................ 8

*Strom v. City of Crescent City*, No. C 08-04708 SI,
   2010 WL 2231799 (N.D. Cal. June 1, 2010) ................................................................ 5

*Sullivan v. DB Invs., Inc.*, 667 F.3d 273 (3d Cir. 2011) ................................................... 8

*True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052 (C.D. Cal. 2010) ................................. 7

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*United States v. Austin*, 749 F.2d 1407 (9th Cir. 1984) ........................................................... 9

*Walton v. K-Mart, Inc.*, No. C07-0707 PJH (BZ),
   2007 WL 4219395 (N.D. Cal. Nov. 28, 2007) ................................................................... 5

*Willits v. City of Los Angeles*,
   No. CV 10-5782 CBM (RZX), 2017 WL 8217649 (C.D. Cal. Aug. 24, 2017),
   *aff'd*, 765 Fed. Appx. 314 (9th Cir. 2019) ....................................................................... 6

*Wolk v. Green*, C06-5025 BZ, 2007 WL 3203050 (N.D. Cal. Oct. 29, 2007) ................................ 6

**Statutes**

28 U.S.C. § 1927 ....................................................................................................................... 9

**Rules**

Civ. L.R. 7-8(a) ........................................................................................................................ 5

Fed. R. Civ. P. 23(e)(1)(C) ...................................................................................................... 7

This opposition is filed by certain objector state subclass class members and indirect purchasers of cathode ray tube (CRT)-containing products (the "IPP Objectors")[1], by and through the undersigned counsel, in opposition to the Motion to Strike and the Motion for Sanctions that were improperly filed by Class Counsel for the Indirect Purchaser Plaintiffs ("IPPs") in this action ("IPP Class Counsel") as a combined "Motion to Strike and for Sanctions." (Dkt. 5781). The portion of the bundled Motion that relates to IPP Class Counsel's request to strike materials was mooted by the final approval order issued on July 13, 2020 (the "Final Approval Order") (Dkt. 5786), in which the Court struck certain IPP Objectors' Objections and declined to consider the supplemental brief submitted in support thereof. *See* Dkt. 5786 at 7, 10. As to the remainder of that Motion -- which requests that the Court sanction the IPP Objectors' undersigned counsel for his good faith advocacy on their behalf, which did not improperly or vexatiously multiply any proceedings -- it is procedurally defective and legally and factually baseless, all of which independently support its denial.[2]

## PRELIMINARY STATEMENT

On July 13, 2020, this Court granted final approval to a set of amended settlements reached by IPP Class Counsel on behalf of a subset of IPPs from twenty-two (22) states.  Dkt. 5786.[3]  IPP

---

[1] The IPP Objectors are as follows:  Craig A. Schuler (Dkt. 5739); Valerie G. Deick (Dkt. 5740); Gloria A. Comeaux (Dkt. 5741); Lisa L. Butterbrodt (Dkt. 5742); Dale B. McKenzie (Dkt. 5743); Eric R. Coggins (Dkt. 5744); Heather J. Gordon (Dkt. 5745); Dennis S. Cornett (Dkt. 5746); David N. Watson (Dkt. 5747); Brendan C. McCann (Dkt. 5748); Jessica M. McIntyre (Dkt. 5749); Miguel A. Albarran (Dkt. 5751); Mary J. Baucom (Dkt. 5752); Jeff Speaect (Dkt. 5755) (the Objectors' objections are collectively referred to as "Objections").

[2] Prior to filing this opposition the undersigned wrote IPP Class Counsel to explain that its "motion" was not only factually and legally unsupported but procedurally deficient, and to request that it agree to withdraw it. *See* Attachment B ("Bonsignore Declaration") ¶ 4, attached hereto. Counsel responded by pretending that the document it had improperly filed as a "**Motion** to Strike and for Sanctions" was, in fact, two motions; and said that while it would withdraw its "Motion to Strike," it intended to press forward with its "sanction motion."

[3] That order was stayed on July 14, 2020 by the Ninth Circuit pending its resolution of an emergency motion to stay pending appeals related to the denial of intervention by certain class members. Dkt. 5791.

Class Counsel's decision to enter into those agreements and the original 2016 settlements, as well as the adequacy of the performance of Lead Class Counsel Alioto's duties to the nationwide class members he was appointed to represent throughout these MDL proceedings, have been hotly contested. Despite his court-mandated duty to act as a fiduciary for all class members and to represent their best interests, Lead Counsel has repeatedly taken actions so antithetical to the interests of those members that this Court reversed its own final approval of his original settlements and the Ninth Circuit expressed its concerns about Lead Counsel's performance of his duties.

It was only through the efforts of objectors represented by the undersigned and others that the original defective settlements were invalidated. In objecting to the amended settlements, the IPP Objectors once again sought to draw the Court's attention to perceived inadequacies in Lead Counsel's performance of his duties to them. Specifically, they objected to Lead Counsel's unwavering effort to preserve, to the extent possible, settlement agreements which they believe are the invalid fruits of a defective MDL litigation and negotiation process, as well as to his firm's receipt of a massive, albeit somewhat reduced, attorneys' fee. Although the IPP Objectors recognize that, in finally approving the amended settlements the Court found his representation to be adequate, they respectfully once again disagree with that finding and intend to appeal that approval.

IPP Class Counsel, apparently preferring the IPP Objectors to remain relegated to being absent and silent, has responded to their pursuit of their good faith legal challenge to the amended settlements by engaging in an iron-fisted approach to their dissent. IPP Class Counsel has taken the position that the IPP Objectors' Objections and a Supplemental Brief in support of them not only deserved to be stricken by the Court, but merited the drastic relief of the imposition of sanctions on their counsel.

2

Opposition to Indirect Purchaser Plaintiffs' Motion to Strike and for Sanctions
Case No. 4:07-cv-05944-JST, MDL No. 1917

As will be discussed, IPP Class Counsel knew or should have known that its "Motion for Sanctions" had been improperly combined with its "Motion to Strike" into a single motion in blatant violation of Rule 7-8(a) of the Civil Local Rules for the Northern District of California and was, therefore, incapable of being granted. This fact strongly suggests that the true motive for its filing was not to obtain still more attorney fees for IPP Class Counsel, but to "poison the well" with the Court against IPP Objectors and their undersigned counsel prior to the Final Approval hearing. The inability of IPP Class Counsel to adduce legal or factual support for such an unwarranted fee shift further underscores that suspicion.

The valuable role played by objectors within the approval process in ensuring the dictates of due process have been met is well-established, and that role is particularly heightened in a settlement class setting, such as the present, where a megafund settlement pot and a tremendous number of attorneys' fees are at stake. *See Eubank v. Pella Corp.*, 753 F.3d 718, 721 (7th Cir. 2014) (when reversing final approval of settlement, court noted "the importance both of objectors (for they are the appellants in this case—without them there would have been no appellate challenge to the settlement) and of intense judicial scrutiny of proposed class action settlements"); *Redman v. RadioShack Corp.*, 768 F.3d 622, 629 (7th Cir. 2014) ("When there are objecting class members, the judge's task is eased because he or she has the benefit of an adversary process: objectors versus settlors."). Here, that value has already been objectively demonstrated.  Only through the dedicated and zealous pursuit of the rights and interests of objecting members of the class to the adequacy of their representation by IPP Class Counsel in litigating, negotiating and agreeing to the original settlements were those due-process violative agreements ultimately

vacated.[4]  The vehemence with which IPP Class Counsel has consistently attempted to stifle

dissent and attacked good faith legal advocacy threatens to chill those due-process ensuring voices.

This Motion is a prime example of those tactics, which should be soundly rejected. The IPP

Objectors have engaged in the good faith submission of objections and briefing aimed at assisting

the Court in its performance of its fiduciary duty to the class, including its ongoing duty to monitor

the case to assure that no conflicts have impaired counsels' ability to discharge the duties it owes

to that class. IPP Class Counsel by contrast has filed its Motion in bad faith, which has had the

effect of vexatiously multiplying these proceedings by requiring the IPP Objectors to submit this

Opposition and the Court to consider an indisputably procedurally defective motion.

## ARGUMENT

## I.      THE MOTION'S REQUEST TO STRIKE CERTAIN FILINGS IS NOW MOOT.

As a threshold matter, much of the relief sought in the Motion has already been afforded by

the Court.  IPP Class Counsel asked the Court to strike three categories of filings: (1) the

Objections filed by two objectors represented by Mr. Bonsignore, Jeff Speaect and Gloria

Comeaux, as well as that filed by additional objector who was separately represented; (2) the

Response in further Support of the IPP Objectors' Objections to Settlements and Award of

Attorneys' Fees (the "Supplemental Brief") (Dkt. 5579); and (3) a Declaration filed by Attorney

Theresa D. Moore in support of objections by the ORS class members to the amended settlements

(Dkt. 5756).  This Court's July 13, 2020 Final Approval Order struck the foregoing three

Objections and declined to consider the Supplemental Brief.  Dkt. 5786 at 7 n.15, 13.  As such,

that portion of the Motion which asked the Court to strike these materials is moot and need not be

---

[4] As noted in the Final Approval Order, part of the basis for the Court's indicative ruling holding
that the original settlement agreements had been approved in error was its expressed "concerns
about the adequacy of the counsel who negotiated that settlement or whether they may have faced
a conflict of interest." *See* Dkt. 5786 at 4-5.

4

Opposition to Indirect Purchaser Plaintiffs' Motion to Strike and for Sanctions
Case No. 4:07-cv-05944-JST, MDL No. 1917

further considered.  *See Franklin v. Midland Funding, LLC*, 3:10 CV 91, 2011 WL 3557033, at

*20 (N.D. Ohio Aug. 12, 2011) (denying motion to strike as moot when granting final approval).

Yesterday afternoon – fully four days after the undersigned counsel wrote to IPP Class

Counsel to explain why their motion was procedurally defective, and why much of the relief they

claimed to be seeking in their pending motion was moot– IPP Class Counsel  conceded that the

"strike" part of its improperly conjoined motion was moot, and expressed the intention to

withdraw that part of its Motion. *See* Bonsignore Declaration ¶ 4. However, despite the multiple,

fatal defects in its combined motion as a whole, IPP Class Counsel declined to abandon the

"sanctions" part of its motion, thereby requiring the additional motion practice, as well as the

unnecessary expenditure of additional judicial resources. *See id.*

## II.     THE SANCTIONS PRONG OF THE MOTION SHOULD BE DENIED.

### A.     The Bundled Sanctions Request Is Procedurally Defective.

Local Rule 7-8(a) explicitly requires that "[a]ny motion for sanctions . . . "must be

separately filed." Civ. L.R. 7-8(a); *Strom v. City of Crescent City*, C 08-04708 SI, 2010 WL

2231799, at *4 (N.D. Cal. June 1, 2010) ("Civil Local Rule 7–8(a) states that any request for

sanctions must be filed as a separately noticed motion."). It follows that, in "this district, any

motion for sanctions that is not separately filed in conformance with Civ. L.R. 7-2 [pursuant to

Civ. L.R. 7–8(a)] is procedurally defective." *Quality Inv. Properties Santa Clara, LLC v. Serrano

Elec., Inc.*, C 09-5376 LHK PSG, 2011 WL 2846555, at *2 (N.D. Cal. July 18, 2011).

Courts in the Northern District have routinely rejected motions for sanctions that have been

coupled with motions seeking other relief on the basis of the moving party's non-compliance with

Rule 7-8(a).  *See Hoyt v. City & County of San Francisco*, C10-1778 RS BZ, 2011 WL 2294202,

at *1 (N.D. Cal. June 9, 2011); *Walton v. K-Mart, Inc.*, C07-0707 PJH (BZ), 2007 WL 4219395, at

*2 (N.D. Cal. Nov. 28, 2007); *Wolk v. Green*, C06-5025 BZ, 2007 WL 3203050, at *3 (N.D. Cal.

Oct. 29, 2007); *Johnson v. Hewlett-Packard Co.*, C09-3596 CRB BZ, 2010 WL 4510345, at *2

(N.D. Cal. Nov. 1, 2010); *cf Willits v. City of Los Angeles*, CV 10-5782 CBM (RZX), 2017 WL

8217649, at *2 (C.D. Cal. Aug. 24, 2017) (denying motion for sanctions under Fed. R. Civ. P. 11

for failing to adhere to requirement that motion be made separately), *aff'd*, 765 Fed. Appx. 314

(9th Cir. 2019).

IPP Class Counsel claims to have spent – and asks the Court to award it fees for having

spent -- 23.2 hours performing legal research for and drafting its "Motion to Strike and for

Sanctions." *See* Dkt. 5781-1 ¶ 12. However, despite the fact that most of that time was expended

by one of lead counsel's partners, at a billing rate of $600.00 per hour (and even though another

attorney, in Montana, purportedly performed two additional hours "reviewing and editing" that

"motion" at an even higher rate, $850.00 per hour) (*Id.* at ¶¶ 13-14), IPP Class Counsel

inexplicably failed to comply with that simple rule, thereby necessitating this futile motion practice

and waste of the court's time. This is not a situation, moreover, where counsel drew the wrong

conclusion about a "close question" or an "arguable point." Here the caption of the Motion makes

it clear beyond peradventure that IPP Class Counsel impermissibly bundled a motion for sanctions

with a motion to strike. [5]

IPP Class Counsel's decision to seek to belatedly withdraw only that portion of its Motion

that was directed at the striking of materials in no way cures its original defect in having

improperly coupled two motions into one and noticed it as a single "Motion." This is so because

IPP Class Counsel has adduced no authority for the proposition that a party, having improperly

combined two motions into one – and having obliged its adversary to go through the trouble and

---

[5] The Motion is further procedurally defective because it appears to seek to sanction the undersigned for "misconduct" supposedly committed by others, such as Ms. Moore's "unauthorized and untimely" objection. Despite its assertion that its sanctions request is based

expense of opposing the improperly conjoined motion – can cure the defect in its original filing

and notice by rebranding its single "motion" as two and agreeing to voluntarily withdraw one of

them.

The fact is, moreover, that IPP Class Counsel's belated attempt to carve out and preserve a

"sanctions motion," while withdrawing a "Motion to Strike," demonstrates what is clear from

reading the Capurro Declaration that was filed in support of the "motion:" Lead Counsel knew all

along that it had drafted not one, but two motions, which she referred to in her declaration as a

"motion to strike" and a "motion for sanctions." *Id.* at ¶¶ 12. The decision to combine the two

motions, in violation of Local Rule 7-8(a), was not inadvertent. This was, rather, a strategic

decision on Lead Counsel's part.  Counsel hoped to "poison the well" with the Court, just prior to

the Final Approval Hearing, with arguments about the undersigned counsel's alleged "bad faith;"

such arguments would have had no place in a routine Motion to Strike, so IPP Class Counsel used

its filing of a routine Motion to Strike as justification for piggybacking charges of "vexatious

conduct" on the part of the undersigned counsel. On this basis, alone, the "motion" should be

denied.

### B.      The Sanctions Request Is Baseless and Intended to Harass and Stifle Good Faith Representation of Objectors and Their Interests.

Setting aside the Motion's procedural deficiency, IPP Class Counsel has identified no legal

or factual basis that would warrant imposing sanctions on the undersigned counsel for its good

faith representation of the IPP Objectors in connection with objections they filed in conjunction

with the final approval process. "Before approving a settlement, the court must hold a hearing and

find that 'the settlement ... is fair, reasonable, and adequate.'" *True v. Am. Honda Motor Co.*, 749

F. Supp. 2d 1052, 1062 (C.D. Cal. 2010), *citing* Fed. R. Civ. P. 23(e)(1)(C). "At the final approval

_____

upon the filing of the Supplemental Brief, IPP Class Counsel seeks reimbursement for all aspects

7

Opposition to Indirect Purchaser Plaintiffs' Motion to Strike and for Sanctions
Case No. 4:07-cv-05944-JST, MDL No. 1917

stage, the Court takes a closer look at the proposed settlement, taking into consideration objections and any other further developments in order to make a final fairness determination." *Id.* at 1063.

In that final approval process, a court has the discretion to consider untimely or otherwise procedurally deficient objections. *See*, *e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, M 07-1827 SI, 2013 WL 257125, at *1 (N.D. Cal. Jan. 23, 2013) (considering an objection that was procedurally untimely and rejecting sanctions request relating to objection). Such consideration has been found to be particularly appropriate and helpful in the settlement class context in fulfillment of the court's role "as the fiduciary of the Class and in order to protect the interests of absent Class Members." *See Nunez v. BAE Sys. San Diego Ship Repair Inc.*, 16-CV-2162 JLS (NLS), 2017 WL 3276843, at *1 (S.D. Cal. Aug. 2, 2017) (noting that "settlement class actions present unique due process concerns for absent class members, and the district court has a fiduciary duty to look after the interests of those absent class members"); *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015); *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 319 (3d Cir. 2011) (stating that "trial judges bear the important responsibility of protecting absent class members, and must be assur[ed] that the settlement represents adequate compensation for the release of the class claims" (internal quotation marks omitted)); *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 280 (7th Cir. 2002) (at the settlement phase, the district judge is "a fiduciary of the class," subject "to the high duty of care that the law requires of fiduciaries"); *Maywalt v. Parker & Parsley Petrol. Co.*, 67 F.3d 1072, 1078 (2d Cir. 1995) (noting that "the district court has a fiduciary responsibility to ensure that the settlement is fair and not a product of collusion, and that the class members' interests were represented adequately" (internal quotation marks omitted)).

"As courts have often observed, following appointment of class counsel the court has an ongoing duty to monitor counsel to assure that the class is adequately represented and that nascent

of the inordinate time spent on the researching and drafting of the Motion.

8

conflicts do not interfere with the exercise of counsel's duties to the class." *See, e.g., Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998) ("[T]he district court must…inquire into whether impermissible conflict continues to taint the settlement"). As such, the Court possessed the discretion to decide whether to consider the undersigned counsel's Supplemental Brief, as well as the substance of any of the Objections lodged by the IPP Objectors, regardless of their perceived shortcomings.

Section 1927 -- the supposed legal authority for IPP Class Counsel's sanctions request -- plainly has no application here. For one thing, the Ninth Circuit has cautioned that "[s]anctions should be reserved for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (citations omitted). Also, pursuant to 28 U.S.C. § 1927, only where an attorney "multiplies the proceedings in any case unreasonably and vexatiously" may a court require payment of costs incurred because of such conduct." "It is the law of this circuit that a sanction may not be imposed under [28 U.S.C.] section 1927 without an express finding that counsel acted willfully, intentionally, recklessly, or in bad faith." *United States v. Austin*, 749 F.2d 1407 (9th Cir. 1984). Sanctions pursuant to § 1927 must be supported by a finding that [the sanctioned attorney acted in] subjective bad faith. *New Alaska Development Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989) (reversing sanctions award). Subjective bad faith requires the court to find that the attorney knowingly or recklessly advanced a frivolous position, or a meritorious position for the purpose of harassing an adversary. *See id.*

As is discussed in the undersigned counsel's declaration in support of this opposition (Attachment B), IPP Class Counsel's brief is replete with conclusory, derogatory and erroneous suppositions as to the undersigned's supposed motives for filing a Supplemental Brief in support of the IPP Objectors' objections. IPP Class Counsel has also made the baseless accusation that Mr.

9

Bonsignore is a professional objector.[6] IPP Class Counsel has not, however, submitted a scintilla of evidence that would warrant the Court in finding that his filing of the Supplemental Brief justifies a fee award to IPP Class Counsel.  Dkt. 5781 at 7.

First, as described above, this Court indisputably possessed the power to consider the Supplemental Brief as well as any Objections, if it chose to do so. The fact that Court could have chosen to consider the Objections and Supplemental Brief, if it decided to do so, precludes a finding that the undersigned counsel, by filing a supplemental brief to bring the concerns of certain objectors to the Court's attention, impermissibly  multiplied the proceedings or acted with "bad faith" or "recklessness." It is respectfully submitted that the undersigned counsel believed the Court's consideration of those Objections was particularly appropriate in light of the magnitude of the settlements at issue, the nature of the Court's role as a fiduciary to the settlement class, the size of the attorneys' fees requested, and the procedural history behind those settlements which raised valid concerns as to their ability to be approved. *See Delacruz v. State Bar of Cal.*, 2020 WL 227237, at *39-40 (N.D. Cal. Jan. 15, 2020) (party seeking sanctions who relied upon misinterpretation of case law in motions to dismiss as basis for award "failed to show how Defendants have 'multiplie[d] the proceedings . . . unreasonably and vexatiously'").

Second, this Court -- in rejecting a previous attempt by IPP Class Counsel to secure sanctions against Mr. Bonsignore for requesting that the Court exercise its discretion to consider materials submitted during the final approval proceedings for the original 2016 settlements -- expressly stated that:

> it is within the Court's discretion to consider new evidence. By extension,
> therefore, it was permissible for Mr. Bonsignore to ask the Court to exercise that

---

[6] There is no cited history of Mr. Bonsignore acting as a professional objector because none exists. Rather, he has served as Class Counsel and Lead Counsel in a multitude of MDL and Non-MDL class and consolidated actions. *See* Dkt. 5451-4, Exhibit 1(Bonsignore CV).

10

Opposition to Indirect Purchaser Plaintiffs' Motion to Strike and for Sanctions
Case No. 4:07-cv-05944-JST, MDL No. 1917

discretion. That the Court effectively has now denied his request does not mean
his conduct was sanctionable.

*See* Dkt. 4482 at 4. That reasoning applies equally here.

Third, while IPP Class Counsel has claimed that the undersigned counsel's filing of a

Supplemental Brief "vexatiously multiplied" these proceedings, it has not demonstrated any

manner in which the challenged Objections or Supplemental brief have done this. The final

approval proceedings explicitly envisioned that objectors might file objections to the amended

settlements and that IPP Class Counsel, as the proponent of those settlements, would be tasked

with responding to the challenges presented by previously absent class members. *See Eubank*, 753

F.3d at 721; *Redman*, 768 F.3d at 629. Further, it should have been expected that lay objectors

may retain counsel and that, following that retention, counsel may have sought to submit a more

detailed analysis for the Court's consideration. The fact is, moreover, that while IPP Class Counsel

vaguely claims that the fact that the documents filed by the IPP Objectors and the undersigned

caused it to have scurried around at the last minute, it does not show that any "pleadings" in the

case were "multiplied."  In fact, the only additional motion that was arguably occasioned by the

late filings was this one, which IPP Class Counsel purposefully misfiled, and now has partially

withdrawn.

Fourth, IPP Class Counsel's kitchen-sink attempt to cobble together non-existent examples

of improper conduct by the undersigned counsel in connection with his representation of the

Objectors, in an effort to show "bad faith" on his part, is not only insupportable but exceeds the

bounds of acceptable legal advocacy. As part of its thinly veiled attempt to poison the well against

the undersigned counsel, IPP Class Counsel weaves a fantastical tale in which, they say, he

"orchestrated" an effort to gin up disingenuous objectors to the amended settlements.  This is an

interesting theory, to be sure.  But despite the duty that counsel have to make a reasonable factual

investigation before making legal arguments based on supposed "facts" – and, in spite of the fact

11

Opposition to Indirect Purchaser Plaintiffs' Motion to Strike and for Sanctions
Case No. 4:07-cv-05944-JST, MDL No. 1917

that IPP Class Counsel unequivocally represent that there is "no doubt" that this is the case – they have made this serious charge without having adduced a shred of evidence in support of it, and without having made even the most cursory effort to "vet" their suspicions by contacting the undersigned and discussing them before filing its motion.

There is an even starker example of IPP Class Counsel simply making up "facts" to fit their conspiracy theories. Based on nothing more than their claimed suspicious, IPP Class Counsel has alleged, as fact, that the undersigned counsel suborned the forged signature of one of the Objectors, and plotted out the manner and timing of the submission of the IPP Objectors' Objections and the Supplemental Brief to "leave IPPs little time to respond" and to disrupt their preparation for the final approval hearing. *See* Dkt. 5781 at 6. In the final analysis, each of those contentions is false.

In his attached sworn Declaration, Objector Jeffrey Speaect unequivocally refutes IPP Class Counsel's tall tale about the supposed orchestration of the IPP Objector's objections. *See* Attachment A hereto. He details his dissatisfaction with IPP Class Counsel's representation of his interests and his efforts to inform fellow absent class members of the impact of the amended settlements upon their rights and to assist them in objecting. He further unequivocally refutes IPP Class Counsel's baseless forgery charges.

The undersigned counsel, in the attached sworn Declaration, similarly refutes IPP Class Counsel's conclusory claims regarding his intentions. *See* Attachment B hereto. For example, he addresses their effort to twist the timing of the Supplemental Brief's submission as on a holiday weekend and near to the final approval hearing date into some sort of "smoking gun." The undersigned counsel reassures the Court that he filed his Supplemental Brief in a diligent manner, promptly upon receiving copies of the IPP Objectors' objections, and that, to the extent the filing of that document may have been delayed even briefly, such delay was not attributable to any desire

12

to engage in gamesmanship but as a consequence of being forced to simultaneously respond to IPP Class Counsel's improper attempts to secure eleventh-hour depositions of the Objectors. Thus, IPP Class Counsel's assertion that there is "no doubt" as to the "deliberate" timing of the Supplemental Brief to prejudice the IPPs is a patently incorrect.[7] Dkt. 5781 at 8-9. Mr. Bonsignore is doing what he has done throughout the litigation. He is, in good faith, carrying out the job his clients requested him to do and zealously representing their interests.

Far from lacking any valid basis for its filing, the Supplemental Brief was a good faith attempt to bring to the Court's attention facts which it may otherwise not have been aware of and which IPP Class Counsel failed to acknowledge in responding to the Objections. For example, in its response to the objections to the amended settlements, IPP Class Counsel misleadingly stated that no Objector had provided proof that they "previously objected to the settlements."  *See* Dkt. 5758 at 2. As IPP Class Counsel was or should have been well aware, IPP Objectors Speaect and Comeaux -- having previously served as IPP's Class Representatives after having been vetted and accepted for that important role after producing evidence that satisfied IPP Class Counsel -- both filed objections to the 2016 original settlements and were deposed on that very issue by IPP Class Counsel. *See* Dkt. 4440. The filing of such objections was cited in the class notice as a qualifying basis for objection to the amended settlements. Curiously, IPP Class Counsel focused the bulk of their efforts in the motion to strike on those two Objections, suggesting its unacknowledged awareness of that fact. In the Supplemental Brief, Objectors Speaect and Comeaux addressed IPP Class Counsel's misleading statement with specific citation to the docket entries containing their

---

[7] The many smears against Mr. Bonsignore and his character should be dismissed out-of-hand as an obvious red herring.  Nevertheless, Mr. Bonsignore is prepared to submit additional briefing or other submissions on any of those side issues at the Court's request. Mr. Bonsignore also takes the opportunity in his Declaration to address his pro hac vice status and the false accusations made regarding it by IPP Class Counsel.

13

Opposition to Indirect Purchaser Plaintiffs' Motion to Strike and for Sanctions
Case No. 4:07-cv-05944-JST, MDL No. 1917

1   2016 objection.  *See* Dkt. 5779 at 7. IPP Class Counsel responded by attempting to "shoot the

2   messenger" and sanction their counsel.

3          IPP Class Counsel's aggressive attack upon the *method* by which the Objections were sent

4   only serves to further highlight the unsupported and reckless nature of their sanctions request.

5   While IPP Class Counsel faults the IPP Objectors (and seeks to ascribe a "bad faith" motive to the

6   undersigned counsel) for their decision to mail their objections to the Court, rather than use the

7   ECF or file in some other way that would provide IPP Class Counsel with earlier notice of their

8   Objections, the filing of those Objections was in complete compliance with the Notice procedures

9   which IPP Class Counsel alone set in place.  At no point in its Motion, moreover, does IPP Class

10  Counsel contend otherwise.  The Notice IPP Class Counsel designed specifically states an

11  objection could be made "*by mailing it* to the Class Action Clerk."  *See*

12  https://crtclaims.com/DOCS/CRT-Detailed-Notice-IPP-2020-03.pdf.  This is what the IPP

13  Objectors did.  To now assert, as IPP Class Counsel has, that following the protocol they created is

14  improper, or can somehow serve as a springboard for claims of "bad faith" on the part of counsel,

15  would appear to be the archetypical example of a "red herring" argument.

16         The concoction of a claimed conflict of interest issue based upon Mr. Bonsignore's

17  representation of certain IPP Objectors after having been appointed as co-lead counsel for the

18  omitted repealer state ("ORS") class members is another red herring. This Court has found that

19  ORS class members lack standing to object to the AMENDED SETTLEMENTS, even though they

20  wish to do so. In this regard their interests are not divergent from the interests of those IPP class

21  members who also object to the amended settlement; on the contrary, as to this issue their interests

22  are one and the same.  Both sets of objectors object to approval of the amended settlement because

---

14

Opposition to Indirect Purchaser Plaintiffs' Motion to Strike and for Sanctions
Case No. 4:07-cv-05944-JST, MDL No. 1917

1  they both dispute the validity of those agreements (which they believe have a likelihood of being

2  invalided on appeal) and the award of attorneys' fees to IPP Class Counsel.[8]

3          The fact that the interests of objectors in the 22 states may potentially differ from those of

4  class members in the ORS in the event that this Court's final approval of the amended settlement is

5  reversed by the Ninth Circuit and a new settlement is reached which included both members of the

6  "original" settlement class and class members in the ORS does not mean that the undersigned

7  counsel cannot represent both groups with respect to matters of common interest between them.

8  The fact is, moreover, as described in the Bonsignore Declaration, in an abundance of caution, the

9  undersigned discussed my position as co-lead counsel for the ORS with the Objectors and obtained

10  their consent to allow me to represent them in conjunction with the filing of their objections to the

11  amended settlements. Also, attached hereto as Attachment C is the Declaration of expert Richard

12  Flamm, refuting, *inter alia*, IPP Class Counsel's unfounded conflict accusations.

13          The imposition of sanctions here would disserve the policies that encourage good faith

14  objectors as a critical and helpful part of the due process sanctioned procedure for settlement class

15  approvals described above. It would further be in derogation of the "American rule" which, as this

16  Court well knows, posits that "attorney's fees are not ordinarily recoverable in the absence of a

17  statute or enforceable contract providing therefor." *EON Corp. IP Holdings LLC v. Cisco Sys.*,

18  2014 U.S. Dist. LEXIS 101923, at *15-16, 2014 WL 3726170 (N.D. Cal. Jul. 25, 2014) (Tigar, J.).

19          The fact that IPP Class Counsel is attempting to recover fees in connection with the work

20  required to be performed to respond to good faith legal advocacy by objectors in the final approval

21  process for the amended settlements, for which it has been awarded an attorneys' fee of

---

[8] It unfortunately has been IPP Counsel's practice to pejoratively oppose any objection they cannot buy out, with disparagement of counsel, even where no prejudice existed.  *See, e.g.*, Dkt. 4464 (court granting leave to file late objection over protests of Lead Counsel regarding counsel's

15

approximately $120 million, should not be countenanced. Its new fee claim also appears to undercut its representation to the Court, less than a month ago, in response to the Objectors' claim that IPP Class Counsel will seek additional fees for their work in obtaining approval of the amended settlement, that "IPP Counsel have not requested additional fees for work performed after they filed their original motion." Dkt. 5758 at 10.

### CONCLUSION

IPP Class Counsel's reckless and baseless aspersions IPP Class Counsel has made in its "motion" go beyond what can reasonably be interpreted as being acceptable legal advocacy. The Supplemental Brief was ultimately unsuccessful, but there was nothing improper about its filing, nor that of any of the Objections by the IPP Objectors.

For the foregoing reasons, the IPP Objectors respectfully request that this Court deny IPP Class Counsel's "Motion to Strike and for Sanctions."

Dated:  July 21, 2020                           Robert J. Bonsignore


                                                */s/ Robert J. Bonsignore*
                                                Robert J. Bonsignore (MA No. 547880)
                                                Bonsignore Trial Lawyers, PLLC
                                                3771 Meadowcrest Drive
                                                Las Vegas, NV 89121
                                                Telephone: (781) 856-7650
                                                rbonsignore@class-actions.us

---

performance, finding "there will be no prejudice to Lead Counsel from the late filing, because all of Williams' objections have already been made by other objectors.").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>CERTIFICATE OF SERVICE</u>**

I, Robert J. Bonsignore, hereby certify that on this 21st day of July 2020, I caused the foregoing to be electronically filed with the Clerk of the Court by using the Case Management/Electronic Case Filing (CM/ECF) system, which will send a notice of electronic filing to all parties registered with the CM/ECF system in the above-captioned matter.  A copy will be forwarded via first class mail, postage prepaid, to those parties not electronically registered.

*/s/ Robert J. Bonsignore*
Robert J. Bonsignore