# ATTACHMENT A

Robert J. Bonsignore, Esq., *pro hac vice forthcoming*
BONSIGNORE TRIAL LAWYERS, PLLC
3771 Meadowcrest Drive
Las Vegas, NV 89121
Phone: 781-856-7650
Email: rbonsignore@classactions.us

*Counsel for Indirect Purchaser Plaintiff Class Member Objectors*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 4:07-cv-5944-JST<br>MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **DECLARATION OF JEFFREY SPEAECT IN SUPPORT OF OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION TO STRIKE AND FOR SANCTIONS**<br><br>Hearing Date: August 12, 2020<br>Judge: Honorable Jon S. Tigar<br>Courtroom 6, 2nd Floor |

I, Jeffrey Speaect, declare as follows:

1. I am and have been a resident of South Dakota for approximately forty-two years. I indirectly purchased Cathode Ray Tube ("CRT") for my own use.

2. I am and at all times have been considered a member of Mr. Alioto's Indirect End Use CRT Purchaser Class ("IPP Settlement Class"). In fact, I served as Mr. Alioto's Class Representative for South Dakota in the Fourth Consolidated Amended Complaint filed on January 10, 2013 (Dkt. 1526, ¶ 44).

3. I was deposed by the Defendants and Mr. Bonsignore and Mr. Alioto's designee represented me and appeared at that deposition on my behalf. I testified and otherwise evidenced during the deposition that I indirectly purchased a CRT-containing product for my own use. In fact, the lawyers seemed really happy with me and my testimony that day.

4. Following that deposition, Mr. Alioto advocated that I was a qualified class representative and did not object to my continued participation as a member of the IPP Settlement Class.

5. In addition to having my deposition taken, I had submitted pictures of the CRT tube to Mr. Alioto. There was never any question by Mr. Alioto that I was in fact an end-use purchaser of a CRT-containing product. As far as I could tell I fit within the definition of a class member in each of Mr. Alioto's docketed complaints that I reviewed over the last years.

6. During the preparation for my deposition, I received a multitude of voluminous packages of mail from Mr. Bonsignore, who would always follow-up with a phone call. Some of the papers were documents referred to as "Complaints."

7. At all times, Mr. Bonsignore has acted in my best interest and was professional and forthcoming. He kept me fully apprised of the case, answered all questions I had and did not pressure or make suggestions intended to influence me.

8. Since that time Mr. Bonsignore and I have occasionally exchanged communications. On occasion I have reached out to him to inquire as to the status of the case, and other times the exchanges were simple respectful communications such as holiday well wishes.


9. I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to them. I make this declaration in opposition to the Motion for Sanctions lodged against Mr. Bonsignore.

10. I have read the Motion for Sanctions filed by Mario Alioto, Lauren Capurro, and Sylvie Kern.

11. I will not refute point by point the inaccurate assumptions set forth that involve me because they are too numerous. Rather I will set out the truth about what happened in connection with my objection to the amended settlements and let that speak for itself.

12. During or about May 2020, I received a case update from Mr. Bonsignore. I responded and requested if he would provide me with help in objecting to the settlement.

13. I also asked if he would represent other indirect purchasers of CRTs in other states that I knew. At that time, he reminded me of his appointment as co-lead counsel for the omitted repealer state class members and I consented to that concurrent representation as I felt our interests in objecting to the settlements were aligned.

14. I next reached out and contacted purchasers of CRTs in several other states in which I had personal friends who were end use CRT purchasers to file objections.

15. I suggested to those CRT purchasers to complete the form objection, indicate Mr. Bonsignore as their counsel, mail it to the Court and send a copy to Mr. Bonsignore.

16. I have been told by each objector, and have no reason to doubt, that subsequent to the filing and receipt of the objections, Mr. Bonsignore did reach out and communicate for the first time with each objector. I am not privy to the content of those conversations.

17. The authenticity of my signature on my objection and has been called into question. The questioned signature is mine.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of July, 2020, in South Dakota.



2

DECLARATION OF JEFFREY SPEAECT IN SUPPORT OF OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION TO STRIKE AND FOR SANCTIONS
Case No. 4:07-cv-5944-JST, MDL No. 1917

Jeffrey Speaect

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3

DECLARATION OF JEFFREY SPEAECT IN SUPPORT OF OPPOSITION TO INDIRECT PURCHASER
PLAINTIFFS' MOTION TO STRIKE AND FOR SANCTIONS
Case No. 4:07-cv-5944-JST, MDL No. 1917