# ATTACHMENT B

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 4:07-cv-5944-JST<br>MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **DECLARATION OF ROBERT J. BONSIGNORE IN SUPPORT OF OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION TO STRIKE AND FOR SANCTIONS**<br><br>Hearing Date:  August 12, 2020<br>Time:  2:00 p.m.<br>Judge:  Honorable Jon S. Tigar<br>Courtroom 6, 2nd Floor |

I, Robert J. Bonsignore, declare as follows:

1. I submit this declaration in support of the Opposition to the combined "Motion to Strike and for Sanctions" filed by Class Counsel for the Indirect Purchaser Plaintiffs ("IPPs") in response to good faith objections (the "Objections") to final approval of amended settlements submitted to the Court by multiple settlement class members (the "IPP Objectors")[1] as well as a supplemental brief filed thereafter by the undersigned (the "Supplemental Brief") (Dkt. 5579) addressing certain responses to those Objections made by IPP Class Counsel (Dkt. 5758).

2. I am an attorney licensed to practice before and a member in good standing of the courts of New Hampshire and Massachusetts, as well as federal courts throughout the country. I am also admitted to practice before United States Courts of Appeal for the Ninth and First Circuits. I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to them.

3. IPP Class Counsel's bundled motion to strike and for sanctions, contains multiple inaccuracies and baseless charges of improper conduct on my behalf to which I feel constrained to respond. I submit this Declaration to remove any doubt as to my good faith legal advocacy in connection with my representation of the Objectors in this instance, and in the case generally, as well as to the lack of any basis in fact for IPP Class Counsel's reckless aspersions that I "orchestrated the Objections" and/or intentionally timed the Supplemental Brief's filing for improper purposes. Nothing could be farther from the truth.

4. At the outset, I note that prior to the submission of the Opposition, I attempted in

---

[1] The IPP Objectors are as follows: Craig A. Schuler (Dkt. 5739); Valerie G. Deick (Dkt. 5740); Gloria A. Comeaux (Dkt. 5741); Lisa L. Butterbrodt (Dkt. 5742); Dale B. McKenzie (Dkt. 5743); Eric R. Coggins (Dkt. 5744); Heather J. Gordon (Dkt. 5745); Dennis S. Cornett (Dkt. 5746); David N. Watson (Dkt. 5747); Brendan C. McCann (Dkt. 5748); Jessica M. McIntyre (Dkt. 5749); Miguel A. Albarran (Dkt. 5751); Mary J. Baucom (Dkt. 5752); Jeff Speaect (Dkt. 5755).

good faith to convince IPP Class Counsel to withdraw their fatally defective motion in an emailed letter on July 16, 2020, outlining the many ways in which that Motion was deficient as well as pointing out that such Motion itself has had the effect of vexatiously multiplying these proceedings and appeared to have been filed in bad faith.  In response, on July 20, 2020, IPP Class Counsel conceded that the "strike" part of its improperly conjoined motion was moot and expressed an intention to withdraw that part of its motion, but refused to abandon the remainder of its invalid Motion, thereby necessitating additional motion practice and the expenditure of additional judicial resources on that wasteful exercise.

5.     The parties to this case have communicated formally and informally ever since the Ninth Circuit remanded the matter to this Honorable Court and the Objections contained nothing that should have come as a surprise to IPP Class Counsel. In fact, many of the issues are carried over from the first appeal of the final approval of the original 2016 settlements, to which certain Objectors filed prior objections (*see* Dkt. 4440). Those carry-over issues and additional issues arising from the latest settlements were often discussed and used to attempt to convince IPP Class Counsel of the weakness of its position and to act as a hoped deterrent to the bull-like tactics employed here.

6.     During May of 2020, I was fully engaged in other demanding, time-consuming litigation. Nevertheless, I was asked by Objector Jeff Speaect if I would assist him in submitting an objection to the amended settlements. I was also asked if I would agree to represent others who wished to object. I assisted Mr. Speaect as expeditiously as my schedule permitted. My schedule did not permit, nor did the class notice (which was directed at lay people), require full analysis and legal briefing for the submission of an objection.

7.     At the time Mr. Speaect requested my assistance, I had no assurance that he would follow through and submit his objection.

8.      It is my understanding that the copies of the Objections that were mailed to the Court were effectively dropped in the mailbox and mailed to me at the same time.

9.      Following the receipt of the Objections, IPP Class Counsel sought to complicate the process and harass the Objectors by imposing additional hardships on them, such as seeking their depositions. This process required the involvement of Magistrate Judge Corley who worked out an accommodation that was agreeable to the Objectors, but that IPP Counsel either rejected or had no intention of following through on in the first place and did not pursue. Either way the process required considerable time and attention, including reaching out and satisfying what was required of me as to each Objector who had placed my name as their legal representative on their objection.

10.     In furtherance of my duty to the Objectors and to assist the Court in fulfilling its duty as a fiduciary to the class, I flushed out the same arguments presented to IPP Class Counsel since remand in the Supplemental Brief, including those I or others raised on appeal before the Ninth Circuit and those more recently raised that arise out of IPP Class Counsel's failure to provide a new class notice and to disclose the facts and circumstances relating to the objections to the original settlements that infect the amended settlements.

11.     I also have knowledge certain objectors were paid money to drop their objections. It is the obligation of IPP Class Counsel to be fully forthcoming and disclose the related details to this Court.  That information is now required and not waivable; yet to my knowledge no related filing has been made by IPP Class Counsel.

12.     I respectfully reassure the Court that at the time of my retention by each of the IPP Objectors, I discussed my appointment as co-lead counsel for the omitted repealer state ("ORS") plaintiffs.  I also contacted the individual ORS plaintiffs which I represent and obtained their consent. Given the fast turnaround that took place during the coronavirus pandemic, I was unable to obtain affidavits from each and instead chose to work with Mr. Speaect for the reasons stated

3

DECLARATION OF ROBERT J. BONSIGNORE IN SUPPORT OF OPPOSITION
TO INDIRECT PURCHASER PLAINTIFFS' MOTION TO STRIKE AND FOR SANCTIONS
Case No. 4:07-cv-5944, MDL No. 1917-JST

above.

13. Lastly, I would like to reassure the Court that the absence of a pro hac vice application was an entirely inadvertent oversight and not intended in any manner to obscure anything from the Court as charged by IPP Class Counsel.

14. All parties, including myself, have been operating on the assumption that my application was filed.

15. No one has ever objected to any request for pro hac vice admission that I have filed, including many times in the Ninth Circuit subsequent to 2008. In fact, because many antitrust cases find their way to the Northern District Court, my admission and contributions on behalf of putative and approved classes has, and continues to be, requested by practitioners who regularly appear before this Court. I have been placed on pleadings by Lead Counsel Alioto, including on four consolidated complaints filed in this multi-district litigation and a pre-MDL complaint. *See* Dkt. 437, 716, 827, 1526; *see also* Case 3:08-cv-1559-SC, Dkt. 1 at p.34.

16. In his role as Lead Counsel, Mr. Alioto was tasked with "monitor[ing] the activities of Plaintiffs' counsel." Dkt. 282 at 6. I respectfully note that instead of performing that oversight role, IPP Class Counsel appears to have only raised the issue when it was in their strategic interests to do so.

17. I have never sought to conceal my bar admissions and even explicitly brought to the Court's attention my status as a non-San Francisco attorney in my request to be appointed as co-lead counsel filed on December 28, 2015 (Dkt. 4271, p.3, n.3).

18. As counsel in this action, I made every effort to comply with this Court's rules. With the raising of the issue, I immediately investigated and determined that no application had in fact been filed.

19. I have already taken steps to rectify this situation by requesting the requisite

certificate of good standing and will file my application as soon as possible.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 21st day of July, 2020, in Las Vegas, Nevada.

*/s/ Robert J. Bonsignore*
Robert J. Bonsignore