UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA **ORIGINAL**


Before The Honorable JON S. TIGAR, Judge

In re: CATHODE RAY TUBE (CRT))          NO. C 07-05944 JST
ANTITRUST LITIGATION        )
                            )           MDL No. 1917
_____)           Pages 1 - 14

                                        Motion for Final
                                        Approval of Class
                                        **Settlement**

                                        Oakland, California
                                        Wednesday, July 8, 2020

<u>**REPORTER'S TRANSCRIPT OF ZOOM WEBINAR PROCEEDINGS**</u>

APPEARANCES (VIA ZOOM WEBINAR):

For Plaintiffs:             Trump Alioto Trump & Prescott, LLP
                            2280 Union Street
                            San Francisco, California  94123
                      BY:   MARIO ALIOTO,
                            LAUREN C. CAPURRO, ATTORNEYS AT LAW

                            Freedman Boyd Hollander Goldberg
                            Urias & Ward PA
                            20 First Plaza N.W., Suite 700
                            Albuquerque, New Mexico  87102
                      BY:   JOSEPH GOLDBERG, ATTORNEY AT LAW

For the Samsung             Allen & Overy LLP
Defendants:                 1221 Avenue of the Americas
                            New York, New York  10020
                      BY:   ANDREW RHYS DAVIES,
                            JOHN ROBERTI, ATTORNEY-s AT LAW

             (APPEARANCES CONTINUED NEXT PAGE)

Reported By:        Raynee H. Mercado, CSR No. 8258


    Proceedings reported by electronic/mechanical stenography;
transcript produced by computer-aided transcription.

```
1                    A P P E A R A N C E S (CONT'D.)

2


3    For ORS Objector        Law Offices of Theresa D. Moore
     Subclass:               One Sansome Street, 35th Floor
4                            San Francisco, California  94104
                        BY:  THERESA D. MOORE, ATTORNEY AT LAW
5

6    For NRS Objector        Cooper & Kirkham
     Subclass:               575 Tehama Street, Second Floor
7                            San Francisco, California  94103
                        BY:  TRACY R. KIRKHAM, ATTORNEY AT LAW
8


9    For IPP Class Member Objectors: Bonsignore Trial Lawyers
                             3771 Meadowcrest Drive
10                           Las Vegas, Nevada  89121
                        BY:  ROBERT J. BONSIGNORE, ATTORNEY AT LAW
11

12   Also present as attendees:

13   For IPP for 22 states:

14   Sylvie K. Kern, Esq. - Kern Antitrust Global

15   Christopher C. Micheletti, Esq. - Zelle

16   Robert J. Gralewski, Esq. - Kirby McInerney

17


18   For Other Repealer States:

19   Francis O. Scarpulla, Esq. - Scarpulla Law

20


21   For the Hitachi Defendants:

22   Eliot A. Adelson, Esq. - Morrison & Foerster

23

24

25
```

1                    **A P P E A R A N C E S (CONT'D.)**

2

3    Also present as Attendees:

4

5    For the Panasonic Defendants:

6    Eva W. Cole, Esq. - Winston & Strawn

7    Kevin B. Goldstein, Esq. - Winston & Strawn

8

9

10   For TDA:

11   Donald A. Wall, Esq. - Squire Patton Boggs

12

13   For Thompson:

14   Jeffrey S. Roberts, Esq. - Faegre Baker Daniels

15

16   For the Toshiba Defendants:

17   Dana E. Foster, Esq. - White & Case

18   Matthew N. Frutig, Esq. - White & Case

19

20   For Financial Recovery Services, Inc.:

21   Jeffrey L. Bornstein, Esq. - Rosen Bien Galvan & Grunfeld

22

23   Others:

24   Micheal Noonan

25                          --o0o--

```
 1    Wednesday, July 8, 2020                              1:45 p.m.

 2                         P R O C E E D I N G S

 3                           (Zoom webinar)

 4         THE CLERK:  Your Honor, now calling civil matter

 5    07-5944, MDL number 1917.  In re: CRT antitrust litigation.

 6       If parties could please state their appearances for the

 7    record starting with counsel for IPP plaintiffs.

 8            MR. ALIOTO:  Good afternoon, Your Honor.  Mario

 9    Alioto, lead counsel for the Indirect Purchaser Plaintiffs.

10            MS. CAPURRO:  Good afternoon, Your Honor.  Lauren

11    Capurro of Trump, Alioto, Trump & Prescott, lead counsel for

12    the indirect purchaser plaintiffs.

13       Good afternoon, Your Honor.  Joe-

14                    (Off-the-record discussion.)

15            THE COURT:  Ms. Capurro, would you try again, please.

16            MS. CAPURRO:  Lauren Capurro of Trump, Alioto, Trump

17    & Prescott, for the indirect purchaser plaintiffs.

18       Was that better?

19            THE REPORTER:  Yes, thank you.

20            THE COURT:  Thank you.

21            MR. RHYS DAVIES:  Good afternoon, Your Honor.  Joseph

22    Goldberg also for the IPP class plaintiffs.

23            THE COURT:  Mr. Bonsignore, will you be making an

24    appearance today?

25       You're on mute.
```

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR (510) 565-7228*

1    Well, I see only Mr. Bonsignore's name.

2    Madam Reporter, B-o-n-s-i-g-n-o-r-e.

3    -- without a picture, and there's the Zoom symbol that

4    indicates that his microphone is on mute, so I can't say what

5    his plans are.

6    Mr. Rhys Davies, would you like to enter an appearance,

7    please.

8         **MR. RHYS DAVIES:**  Yes.  Good afternoon, Your Honor.

9    Andrew Rhys Davies, representing the Samsung SDI defendants.

10        **THE COURT:**  Very good.

11    Well, it's nice to see everyone again.  We've had many of

12    these opportunities over the years.  This may be the

13    relationship that I'm doing the best at maintaining during the

14    pandemic thanks to Zoom.  I -- notwithstanding the length of

15    this litigation to date and the size of the settlement, I

16    don't anticipate very lengthy proceedings today.

17    My tentative ruling is to approval this settlement, to

18    approve the fee, to strike the objections of the ORS and NRS

19    plaintiffs for lack of standing, and to find that the 16

20    objectors represented by Mr. Bonsignore have not submitted

21    proof that they are members of the class, something about

22    which I'll make two minutes' worth of remarks.

23    And those are my tentative rulings.

24    So what I plan to do in just a moment is to ask

25    Ms. Capurro if she wants to be heard against the tentative

```
1    ruling with regard to NRS and ORS standing, to ask
2    Mr. Bonsignore if he wants to be heard against the tentative
3    with regard to proof of class membership, and then to either
4    take the matter under submission and/or ruling from the bench
5    briefly but in either event to issue a lengthy written order
6    shortly after today's proceedings.
7         That's my game plan.
8         Ms. Capurro, would you like to be heard?
9              MR. ALIOTO:  Your Honor, may I -- I don't want to
10   preempt my colleague, but may I be heard in response Your
11   Honor?
12        Mario Alioto.
13             THE COURT:  Yes.  Aren't you the one who benefits
14   from the fee that I've tentatively agreed to approve?
15             MR. ALIOTO:  Yes, Your Honor.
16             THE COURT:  Okay.  Go ahead.
17             MR. ALIOTO:  But -- but I'm -- I am lead for the
18   indirect purchaser class, Your Honor.
19             THE COURT:  Yes.  I know that.
20             MR. ALIOTO:  Oh, we -- we stand on the tentative,
21   no -- don't have any intention of arguing further.
22             MS. CAPURRO:  And I --
23             THE COURT:  I see.
24             MS. CAPURRO:  -- Mr. Alioto's colleague.  I work with
25   him, so I won't will not be --
```

1    **THE COURT:**  Oh, I beg your pardon.

2    **MR. ALIOTO:**  There are some other Aliotos floating

3    around, Your Honor.  And I understand why there could be some

4    confusion.

5    **THE COURT:**  I see.

6    Ms. Lee, did anybody other than the persons who are on my

7    screen who've made an appearance indicate a desire to speak

8    today?

9    **THE CLERK:**  They said that they might be.  I informed

10   them if they felt the need, they could raise their hand and I

11   would promote them into panelists.

12   So far, Your Honor, I see no hands from the audience.

13   **THE COURT:**  All right.  For the sake of clarity,

14   anyone who is representing the ORS and NRS objectors who

15   wishes to contest the court's tentative ruling that you do not

16   have standing to object because you are not members of the

17   class --

18   Ah, Ms. Moore.  The record will reflect that Ms. Moore has

19   virtually raised her hand by Zoom.

20   And, Ms. Lee, would you promote her to a panelist, please.

21   **THE CLERK:**  Yes, sir.

22   **MS. MOORE:**  All right.  Your Honor, can you hear me?

23   **THE COURT:**  Quite well.  Thank you.

24   **MS. MOORE:**  Okay.  The -- we object to your tentative

25   ruling, Your Honor.  As you know, we have had two recent

1    orders which affect us, and so I won't argue them again at
2    length.
3        But I would ask you to simply -- these issues are
4    addressed in the objection that we filed for the -- on behalf
5    of the ORS.  And I'd ask simply that you read and consider
6    these objections.
7        While an amendment and a jettison of ORS is a clever way
8    to fix the problem, I fear it opens a can of words -- worms
9    and could potentially jettison the entire settlement, which is
10   not our goal.
11       So I will submit it on the papers and nothing further
12   unless you have questions, Your Honor.
13       **THE COURT:**  Thank you, Ms. Moore.
14       Tracy Kirkham has also raised her hand.
15       Would you please recognize Ms. Kirkham.
16       **THE CLERK:**  Yes, sir.
17       Ms. Kirkham, you're muted.
18       **MS. KIRKHAM:**  I seem to have been muted, Your Honor.
19       I would just like to basically, I suppose, join with
20   Ms. Moore and reiterate the fact that as you -- as you know,
21   there are issues on appeal with regard to our intervention
22   motion for my client, Eleanor Lewis and the NRS subclass.
23       Ms. -- Ms. Lewis is trying to simply achieve a very simple
24   thing, which is become a named plaintiff so that she can put
25   herself forward as the class representative of a subclass that

1    has been in this case for more than a decade.

2         And, again, the -- the jettising [phonetic] of that

3    subclass -- the jettising of half of the national class that's

4    been in the case for more than a decade, which does not seem

5    to be a necessary component of anything that the 22-state

6    damage IPP's are trying to achieve by this settlement, is what

7    brings in the interests of Ms. Lewis and the NRS subclass.

8         Right now, we are on appeal to the Ninth Circuit.  Should

9    the Ninth Circuit rule for us and hold that Your Honor does

10   have jurisdiction either as the transferee court or plenary

11   jurisdiction over the cases that have been filed in the

12   Northern District of California which we are seeking to

13   intervene in, to allow intervention as of right, which I

14   suggest is [sic] been established by virtue of the fact that

15   Your Honor certified the nationwide class.

16        **THE COURT:**  Ms. Kirkham?

17        **MS. KIRKHAM:**  Yes.

18        **THE COURT:**  I have three of the largest motions on my

19   docket all happening today.  I will listen very attentively to

20   your remarks, but please confine yourself to the question of

21   whether your clients have standing to object to this

22   settlement and don't reargue your motion to intervene, please.

23        **MS. KIRKHAM:**  I wasn't really trying to.  I was

24   trying to actually put in context the reason why my clients

25   have standing, that the -- that while they are not giving

1   releases in -- within the four corners of the 22-state IPP

2   settlement, there is a aspect of that settlement that affects

3   their interests.

4       And the law is clear that even a nonparty to a case has

5   standing where a settlement of that case will affect their

6   interests.  And it seems to me that it holds -- it just stands

7   to reason --

8       (Interruption in the proceedings by an unidentified

9   speaker.)

10          MS. KIRKHAM:  -- that the jettising of the non- --

11          THE COURT:  Excuse me.  I'm sorry, Ms. Kirkham.  I'm

12   sorry.

13       Mr. Bonsignore?

14          MR. BONSIGNORE:  Yes.

15          THE COURT:  You will cease making noise right now,

16   please.  Whatever you're doing -- and I can't see you.

17   Whatever you're doing is making a great deal of noise during

18   your colleague Ms. Kirkham's argument to the court.

19       Can you hear me?

20          MS. KIRKHAM:  So, Your Honor --

21          THE COURT:  Mr. Bonsignore has muted his microphone.

22       Ms. Kirkham, I apologize for the interruption.

23          MS. KIRKHAM:  No problem.

24       So I simply ask Your Honor to look at that aspect of the

25   settlement and not confine yourself to looking at the question

1    of the scope of the releases or whose's claims are being

2    settled.

3       It's that aspect of the settlement that affects my client

4    and the subclass that you appointed me to represent.

5       Thank you.

6          **THE COURT:**  Ms. Kirkham, thank you.  And it appears

7    my remark interrupting you earlier with misguided, so I

8    apologize for that.

9       Mr. Bonsignore, it appears that you've now -- you know

10   have the ability to connect by audio at least.  Would you -- I

11   don't know if you heard my earlier tentative ruling with

12   regard to the 16 objectors, the 16 objections that you filed.

13   And if you did, I will again give you an opportunity to argue

14   against that tentative ruling.

15              (No response by Mr. Bonsignore.)

16          **THE COURT:**  Well, I don't know what's happened there.

17   But the record will reflect that a great deal of time has

18   elapsed since I invited Mr. Bonsignore again to argue in favor

19   of that tentative and have not heard from him.

20      The court will adopt the tentative rulings that it placed

21   on the record at the beginning of --

22          **MR. BONSIGNORE:**  Your Honor, I keep getting muted by

23   the host.  That's what -- the host keeps muting me, so I don't

24   know what is going on there.  From the beginning, I've been

25   on.  I've been waving my hand.  And the reason that I was

1    yelling -- I apologize to you and to Ms. Kirkham -- the reason

2    that I was yelling was that I couldn't be heard, and I asked

3    someone in my location to come and videotape me to establish

4    evidence for the record that, in fact, I was trying to be

5    heard.

6        That having been said, I'll get to the point.  I also

7    heard that I saw that you're very busy.

8        So we'll rely on the papers that we filed.  There is one

9    other point that I would like to raise.  The other point is

10   that the new CAF- -- the new rules require that objectors who

11   are paid off be disclosed, and I haven't seen a filing to that

12   purpose.

13       And other than that, I'll rely on the papers.

14           **THE COURT:**  Thank you, Mr. Bonsignore.

15       And the record will reflect that I was able to hear you

16   loud and clear this time.  There's not been a video

17   connection, but that -- I didn't need that in order to be able

18   to hear you, and your remarks will be reflected in the record.

19       I indicated earlier I wanted to say something very briefly

20   about the question of Mr. Bonsignore's putative objectors.

21   And the thing I wanted to say is that I am going to go find

22   that they did not submit proof that they are members of the

23   class.  And as it will say in my order, I don't want that to

24   be misconstrued as a holding that a receipt is necessary to

25   class membership in all instances.

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR (510) 565-7228*

1          That isn't the law.  I held to the contrary in 2014, and

2      the Ninth Circuit held to the contrary in 2017.  It's not an

3      ascertainability issue.  Ascertainability isn't even a thing

4      in the Ninth Circuit anymore.

5          But the objectors themselves acknowledge in their own

6      putative objections that to make a valid claim on this

7      settlement, which is a very different question from class

8      membership, a receipt or similar proof was required.  And they

9      actually objected to that requirement in their objection.

10         So I know that that was a requirement, and it's on that

11     basis that the court will enter its ruling.

12         Anyone --

13         **MR. BONSIGNORE:**  Your Honor, in that regard --

14     Could I be heard?  'Cause Jeff Speaect has filed his

15     papers a long time ago, and so the proof of purchase and all

16     that, and so has Gloria Comeaux.  It's in the record so I

17     don't want --

18         **THE COURT:**  Mr. Bonsignore?

19         **MR. BONSIGNORE:**  Yes.

20         **THE COURT:**  If you interrupt me again, I will have

21     the host mute you.

22         **MR. BONSIGNORE:**  Okay.

23         **THE COURT:**  I don't think she did that before, but

24     she has that capability.  And it's just very hard to do this

25     by Zoom.  And I can't see you.  And I was in the middle of

```
1    talking and you started talking.

2        I allowed you to finish your argument and now it's done.

3    Thank you.

4        Anyway, ladies and gentlemen, I apologize for all that,

5    I'll get a written order out shortly.

6        Thank you.

7        MR. RHYS DAVIES:  Your Honor, can I -- just one issue

8    on behalf of the settling defendants?

9        THE COURT:  Yes.

10       MR. RHYS DAVIES:  And it's a request that is in the

11   papers, and it's just that could you order, please -- specify

12   that the $29 million be returned to the settling defendants?

13   And the chart that has the amounts for each defendant is on

14   pages 12 to 13 of the IPP motion, which is ECF number 5587.

15       THE COURT:  Mr. Alioto, do you want to be heard?

16       MR. ALIOTO:  We have no objection to that, Your

17   Honor.

18       THE COURT:  Thank you.

19       Anything further?

20       MR. RHYS DAVIES:  Thank you, Judge.

21       THE COURT:  Thank you all.

22       MR. ALIOTO:  Thank you, Your Honor.

23       MS. CAPURRO:  Thank you, Your Honor.

24           (Proceedings were concluded at 2:15 P.M.)

25                          --o0o--
```

**CERTIFICATE OF REPORTER**

      I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter. I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further that I am not financially nor otherwise interested in the outcome of the action.

_____

Raynee H. Mercado, CSR, RMR, CRR, FCRR, CCRR

Monday, July 13, 2020