Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the*
*Indirect Purchaser Plaintiffs for the 22 States*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-5944-JST; No. CV-13-03234-JST |
| | MDL No. 1917 |
| | **CLASS ACTION** |
| This Document Relates to: | |
| INDIRECT PURCHASER ACTIONS FOR THE 22 STATES | **INDIRECT PURCHASER PLAINTIFFS' REPLY RE: MOTION TO STRIKE AND FOR SANCTIONS** |
| | Hearing Date: August 12, 2020<br>Time: 2:00 p.m.<br>Judge: Honorable Jon S. Tigar<br>Court: Courtroom 6, 2nd Fl. (Oakland) |

**INTRODUCTION**

Since the filing of IPPs' Motion to Strike And For Sanctions (ECF No. 5781) (the "Motion"), this Court held the final approval hearing on IPPs' amended settlements and issued its Order Granting Final Approval of Settlements, ECF No. 5786. In that Order, the Court struck the objections represented by Mr. Bonsignore because his objectors "failed to establish their standing to challenge the settlement[s]." *Id*. at 12. In addition, their objections failed to comply with the requirements of Rule 23(e)(5). *Id*. at 13. The Court likewise struck the objections of the ORS Objectors. *Id*. at 10. IPPs' request to strike various filings by these objectors[1] is therefore moot. Accordingly, IPPs withdraw their request to strike these filings. However, IPPs' request that the Court impose monetary sanctions upon Mr. Bonsignore for his improper filings is not moot.

Mr. Bonsignore has a long history of recklessness and willful misconduct in this case. He is pursuing the objections to the settlements for personal reasons—namely to delay the settlements in the hope that he can obtain attorneys' fees for doing so. Mr. Bonsignore is also motivated by ill will because his requested attorney's fees and expenses were audited and challenged by IPPs and could not, in good faith, be presented in the joint fee petition submitted to the Court in September 2015.[2] Mr. Bonsignore recognized this and withdrew his claim for fees and expenses (ECF No. 4270).

Guided by these improper motives, Mr. Bonsignore has vexatiously multiplied the proceedings in this case. At every stage of the approval proceedings—both on the original settlements and the amended settlements—Mr. Bonsignore has made multiple unauthorized, untimely, and improper filings. *See, e.g.*, ECF Nos. 4263, 4267, 4329, 4473. These improper filings have caused unnecessary expense and fees in the tens of thousands dollars, and have delayed the distribution of settlement funds to class members. Mr. Bonsignore's "Further Response" in support of his clients' frivolous objections was merely the latest example in this pattern of misconduct.

Indeed, since the filing of IPPs' Motion, Mr. Bonsignore has filed an improper "joinder" on behalf of certain "ORS" plaintiffs, purporting to join the ORS/NRS Objectors' motion to intervene

---

[1] *See* Motion at 1 (moving to strike ECF Nos. 5579, 5741, 5755, 5766-1 and 5756).

[2] *See* Motion at 9 n. 11 (incorporating IPPs' Response to Objections, ECF No. 5758 at 4-7, which details Mr. Bonsignore's prior improper conduct).

1

INDIRECT PURCHASER PLAINTIFFS' REPLY RE: MOTION TO STRIKE AND MOTION FOR SANCTIONS
Master File No. 07-cv-5944-JST; MDL No. 1917

for the purpose of appealing approval of IPPs' amended settlements. *See* ECF No. 5802. But Mr. Bonsignore's ORS plaintiffs did not object to final approval of IPPs' amended settlements. Therefore, they may not appeal approval of the settlements; the joinder is frivolous. Moreover, Mr. Bonsignore filed the joinder eight days after the motion to intervene, and only two business days before the opposition is due. Given that Mr. Bonsignore must realize the Court will deny the improper joinder, the only logical conclusion is that he filed it for an improper purpose—namely, to (once again) vexatiously and unreasonably multiply the proceedings, and attempt to create a right to appeal the denial of intervention, causing further unnecessary expenditure of time and resources.

IPPs have been reluctant to pursue sanctions against Mr. Bonsignore in the past, despite numerous opportunities to do so. IPPs' goal has been to achieve the best possible settlements for the class, and obtain the Court's approval of those settlements; not to engage in collateral disputes with Mr. Bonsignore. Even when Special Master Quinn assessed monetary sanctions against Mr. Bonsignore (ECF No. 4329), IPPs did not pursue collection of those sanctions. IPPs chose instead to focus on the approval of the settlements.

Unfortunately, however, Mr. Bonsignore's misconduct has continued to the point that it can no longer be ignored. IPPs are aware of the gravity and press of other matters currently before the Court. But, the seriousness of Mr. Bonsignore's misconduct and his recent threats to continue this conduct should not be tolerated.

## ARGUMENT

### I. MR. BONSIGNORE CANNOT ESCAPE THE CONSEQUENCES OF HIS CONDUCT BY INVOKING LOCAL RULE 7-8(a)

Mr. Bonsignore argues that IPPs' Motion should be denied because it does not comply with L.R. 7-8(a)'s requirement that "[a]ny motion for sanctions . . . be separately filed[.]" Opp. at 5. On the contrary, IPPs' Motion simply seeks two forms of sanctions (striking the improper filings and monetary sanctions), and therefore complies with L.R. 7-8(a).

IPPs' motion is entitled "Motion to Strike and For Sanctions." The Notice of Motion states: "IPPs request not only that the Court strike Mr. Bonsignore's improper filings, but also that it impose monetary sanctions on Mr. Bonsignore pursuant to 28 U.S.C. § 1927 and its inherent powers

for 'unreasonably and vexatiously' multiplying the proceedings." Motion at 1. In addition, IPPs' authorities demonstrate that striking unauthorized, untimely, or otherwise improper filings (as is the case here) is a form of sanctions. *See id*. at 4 (citing *Timbisha Shoshone Tribe v. Kennedy*, No. 09-cv-1248 (LJO) (SMS), 2010 WL 582054, at *2 (E.D. Cal. Feb. 18, 2010) (a "Court may strike an untimely-[filed] document using its inherent powers to manage and control its docket and *as a sanction for violating [a] Court's order*.") (emphasis added); *id*. at 7 (citing *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (a district court's inherent power "includes the *power to strike items from the docket as a sanction* for litigation conduct.") (emphasis added)).[3]

L.R. 7-8(a) was designed to prevent the filing of a sanctions request in conjunction with a motion seeking another form of relief, or within an opposition to a motion. For example, L.R. 7-8(a) would have precluded a request for sanctions as part of IPPs' response to the objections filed by Mr. Bonsignore. But IPPs did not do that. Rather, in conformance with L.R. 7-2(a) and 7-8(a), IPPs filed a separate motion seeking two types of sanctions, and properly noticed the motion for hearing 35 days after filing. In addition, in accordance with L.R. 7-8(b), the form of the motion complies with L.R. 7-2(b), and IPPs filed the motion "as soon as practicable" (two business days) after Mr. Bonsignore filed his "further response" in support of his clients' objections to the amended settlements. *See* L.R. 7-8(c). In other words, Mr. Bonsignore "was given proper notice of these proceedings and ample opportunity to respond." *Zamani v. Carnes*, No. C03-00852 RMW (HRL), 2008 WL 913324, at *2 (N.D. Cal. Apr. 2, 2008) (granting sanctions motion even though it was combined with a motion to compel because there was no due process issue).

In contrast, in the cases relied upon by Mr. Bonsignore, the movants either combined their motion for sanctions with a wholly separate motion seeking different relief,[4] or they included the

---

[3] Since striking a document is a sanction and bad faith is relevant to both to a request to strike and for monetary sanctions, Mr. Bonsignore's suggestion that IPPs included evidence of his bad faith for an improper purpose (Opp. at 7) is baseless.

[4] *See, e.g., Hoyt v. City & Cty. of San Francisco,* No. C10-1778 RS BZ, 2011 WL 2294202, at *1 (N.D. Cal. June 9, 2011) (denying sanctions request because it was included within a motion to compel in violation of L.R. 7-8(a)); *Walton v. K-Mart, Inc.,* No. C07-0707 PJH (BZ), 2007 WL 4219395, at *2 (N.D. Cal. Nov. 28, 2007) (same); *Wolk v. Green*, No. C06-5025 BZ, 2007 WL 3203050, at *3 (N.D. Cal. Oct. 29, 2007) (same);

sanctions request in an opposition to another motion.[5] None of Mr. Bonsignore's cases involves the situation here: a single motion requesting that the court strike improper filings and award monetary sanctions for making those same filings. Mr. Bonsignore's cases are therefore inapposite.

In sum, IPPs' Motion is a "separately filed" motion for sanctions, seeking two forms of sanctions: (1) striking the unauthorized, untimely, and improper filings; and (2) monetary sanctions for the excess time spent by IPP counsel responding to those same unauthorized, untimely, and improper filings. Moreover, since IPPs have withdrawn the request to strike certain filings as moot in accordance with the Court's ruling (which came after we filed our Motion), the only relief requested is monetary sanctions. As such, IPPs' Motion complies with L.R. 7-8(a).

## II.   THE FOLLOWING FACTS ARE UNCONTROVERTED

The following facts supporting IPPs' Motion are uncontroverted by Mr. Bonsignore and the Declaration of Richard E. Flamm, ECF No. 5796-3:

1. The Court-approved notice of the amended settlements required objectors to provide "[p]roof of membership in one or more of the 22 Indirect Purchaser State Classes." ECF No. 5587-2 at 18. Mr. Bonsignore's objectors provided no proof of class membership (ECF No. 5786 at 12), yet Mr. Bonsignore pursued their objections to the amended settlements anyway.

2. The Court-approved notice of the amended settlements required objectors to state that they submitted a claim in, or objected to, the 2016 Settlements. None of Mr. Bonsignore's objectors stated that they filed claims in or objected to the 2016 Settlements (ECF No. 5786 at 12). Yet, Mr. Bonsignore pursued their objections anyway.

3. Fed. R. Civ. P. 23(e)(5) requires that a settlement "objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with

---

[5] *See, e.g., Cecena v. Allstate Ins. Co.*, No. C 05-3178 JF, 2007 WL 4259460, at *3 (N.D. Cal. Dec. 3, 2007) ("The Cecenas included their request for sanctions in their opposition papers. Accordingly, the request will be denied."); *Strom v. City of Crescent City*, No. C 08-04708 SI, 2010 WL 2231799, at *4 (N.D. Cal. June 1, 2010) (denying sanctions request contained in opposition to summary judgment motion); *Quality Inv. Properties Santa Clara, LLC v. Serrano Elec., Inc.*, No. C 09-5376 LHK PSG, 2011 WL 2846555, at *2 (N.D. Cal. July 18, 2011) (denying sanctions request contained in opposition to Rule 36(b) motion).

specificity the grounds for the objection." Mr. Bonsignore's clients' objections do not satisfy any of these requirements. ECF No. 5786 at 12-13. Yet, Mr. Bonsignore pursued their objections anyway.

4. Mr. Bonsignore was aware of the May 29, 2020 Court-ordered deadline to object for more than three months. Yet, Mr. Bonsignore's clients waited until May 28, 2020 to mail their objections to the Court rather than their counsel—Mr. Bonsignore, who is counsel of record in this case—simply filing them via ECF. In so doing, Mr. Bonsignore ensured that the objections would not be filed on the docket, and IPP Counsel would not be served with the objections, until at least several days after the deadline for objecting.

5. As it turned out, the Clerk was delayed in filing the objections for even longer due to Court closures. Mr. Bonsignore knew there was a delay because the objections did not appear on the docket, and his co-counsel filed a declaration to that effect (ECF No. 5766-3). Yet he still did not serve IPP Counsel with the objections. IPP Counsel did not receive notice of the Bonsignore objections until the Clerk filed them on June 10/12, 2020—12/14 days after the deadline and only two days before IPPs' response was due. *See* ECF No. 5781-1 ¶ 2.

6. Mr. Bonsignore's 14 late-filed objections required IPP Counsel to devote considerable time to reworking IPPs' response to the objections on an expedited basis so that they could timely respond on June 12, 2020, and preserve the July 8, 2020 hearing date.

7. Mr. Bonsignore's client, Gloria Comeaux, provided an incorrect address on her objection. The process server who attempted to serve Ms. Comeaux with a deposition subpoena at the address attested that the unit is vacant. ECF No. 5781-1, Ex. 1. IPPs requested that Mr. Bonsignore provide a correct address for Ms. Comeaux. Mr. Bonsignore failed to respond and refused to produce Ms. Comeaux for deposition. He has not provided a correct address to this day.

8. Three weeks after IPPs' response to the objections and five weeks after the Court-ordered May 29, 2020 deadline, Mr. Bonsignore filed a "Further Response" in support of his clients' objections. He filed the Further Response on the Friday evening of the July 4, 2020 holiday weekend, and only two business days before the July 8, 2020 hearing. Mr. Bonsignore did not request permission to file the untimely Further Response, which improperly attempted to expand his clients' objections to IPPs' amended settlements and raise entirely new objections.

9. IPPs were again forced to respond to Mr. Bonsignore's improper filing on an expedited basis prior to the July 8th hearing, filing this Motion to Strike and For Sanctions in the early hours of July 8th.

10. The Court struck Mr. Bonsignore's objections on the grounds that the objectors failed to establish standing to object to the settlements (ECF No. 5786 at 12-13), and declined to consider the unauthorized and untimely Further Response. *Id*. at 7 n. 15.

11. All of the time IPPs devoted to responding to Mr. Bonsignore's 14 objections and attempting to depose certain objectors was unnecessary since the objections were improper (and stricken) should never have been filed.

12. All of the time IPPs devoted to moving to strike Mr. Bonsignore's Further Response was unnecessary since the Further Response should never have been filed.

Mr. Bonsignore's behavior is part of a pattern and practice in this case of making late, unauthorized and improper filings in violation of Court orders. Mr. Bonsignore's filings on behalf of objectors have been stricken and he has been sanctioned for these repeated improper filings:

13. In connection with the 2016 Settlements, Mr. Bonsignore filed unauthorized and untimely "Supplemental Objections" on October 26, 2015. ECF No. 4144. Just like the "Further Response," this unauthorized filing came almost three weeks after the October 8, 2015 deadline for objections, and improperly raised new objections and submitted new evidence. *Id.,* Attachments 1-5.

14. The schedule for briefing the objections to the 2016 Settlements required objectors to file their Reply briefs by December 9, 2015 (ECF No. 4185). Mr. Bonsignore filed his objectors' reply brief on December 15, 2015, and improperly included new evidence in the form of a 150-page declaration, forcing IPPs to move to strike.[6] The Special Master denied leave to file the untimely reply brief. ECF No. 4263. This Court overruled the objection to this order for failure to show excusable neglect. *See* ECF No. 4274.

15. Mr. Bonsignore then attempted to re-file the late evidence that the Special Master had previously excluded. The Special Master denied the request and sanctioned Mr. Bonsignore,

---

[6] Suppl. Decl. of Lauren C. Capurro In Support of Motion to Strike and for Sanctions ("Suppl. Capurro Decl."), ¶¶ 2-3, Exs. 1 & 2 (filed on the JAMS Case Anywhere e-filing system).

criticizing his request as "frivolous" and concluding that, "Mr. Bonsignore is merely making a blatant end-run around the Court's denial of his request to submit this late 'evidence.'" ECF No. 4329. *See also* ECF No. 4473 at 5 (order adopting R&R in full).

16. Mr. Bonsignore again attempted to file the excluded evidence with his objections to the Special Master's R&R (ECF No. 4440), necessitating another motion to strike by IPPs. ECF No. 4451 (describing Mr. Bonsignore's attempts to hide the documents by not identifying or misidentifying them). The Court granted the motion to strike, noting that "[t]he evidence has been disallowed on multiple separate occasions." ECF No. 4482.

IPPs have detailed additional improper conduct by Mr. Bonsignore in their Response to Objections (ECF No. 5758 at 4-7) (IPPs incorporated mention of this conduct in their Motion, *see* ECF No. 5781 at 9 n.11). For example:

17. Mr. Bonsignore attested that he paid $25,000 into IPPs' litigation fund, and requested that the Court reimburse him for that payment.[7] IPP Lead Counsel declined to include the claimed $25,000 payment in IPPs' joint request for expense reimbursement because he has no record of the payment and Mr. Bonsignore failed to provide a bank record proving that he paid it. ECF No. 4370-1, ¶ 24. Instead, he provided only a self-generated document referencing the $25,000 amount. *Id*. Notably, Mr. Bonsignore did not provide proof of the claimed $25,000 expense contribution to the Court either. *See* ECF No. 4072. Mr. Bonsignore withdrew this fee and expense request thus avoiding Court scrutiny (ECF No. 4270), but that does not erase the fact that he submitted a false request for reimbursement from class funds.

18. The IPP Audit Committee found serious irregularities in Mr. Bonsignore's time records. *See* ECF No. 4370-2 ¶ 2; *see also* ECF No. 4072 ¶ 9 (Bonsignore Declaration conceding there were irregularities in his time records). When Mr. Bonsignore was informed that IPP Lead Counsel could not accept his "compromise . . . Mr. Bonsignore became irate and made a number of threats of retaliation against Mario Alioto." *Id.*

---

[7] *See* ECF No. 4072 ¶ 7 (Bonsignore Decl. in support of his attorney's fees and expenses attests: "[O]ur records clearly establish we submitted a $25,000 check for case costs early in the litigation (2007) and that the check was cashed and cleared. We request reimbursement for that expenditure.").

19. Mr. Bonsignore failed to file a *pro hac vice* application when he first appeared in this litigation in March 2008 (ECF No. 4144-2), and failed to disclose that he was sanctioned by the Honorable Richard A. Kramer of the San Francisco Superior Court in September 2007, in violation of that sanctions order. *See* ECF No. 5781-1, Ex. 6 at 6.

Furthermore, Mr. Bonsignore is persisting in his improper conduct. For example, in response to IPPs' Motion, Mr. Bonsignore threatened IPP Counsel with a Rule 11 motion seeking sanctions against IPP Lead Counsel.[8] He further stated that he would likely appeal any sanctions order against him—before the order has even issued—thus further multiplying the proceedings.

In addition, Mr. Bonsignore recently filed a Joinder in the ORS Plaintiffs' Motion to Intervene For Purpose of Appealing Denial of Objections ("Pro Hac Vice Forthcoming"), ECF No. 5802. This Joinder is frivolous because the ORS Plaintiffs on whose behalf Mr. Bonsignore filed the Joinder did not object to final approval of the amended settlements.[9] Accordingly, they may not appeal. *See Devlin v. Scardelletti*, 536 U.S. 1, 11 (2002) ("[T]he power to appeal is limited to those nonnamed class members who have objected during the fairness hearing."); *Day v. Persels & Assocs., LLC*, 729 F.3d 1309, 1317 (11th Cir. 2013) (collecting cases) ("our sister circuits agree that *Devlin* is limited to treating absent class members as parties for the purpose of appeal only when they objected to a settlement approved by the district court."). Mr. Bonsignore is blatantly attempting to create a right to appeal the denial of intervention, thereby further "vexatiously and unreasonably" multiplying the proceedings, delaying IPPs' settlements, and wasting the time and resources of IPP Counsel and the courts.

---

[8] *See* Suppl. Capurro Decl. ¶ 4, Ex. 3 (letter dated July 16, 2020 from Mr. Bonsignore to IPP Lead Counsel).

[9] Mr. Bonsignore and his clients did not join in the objections to the amended settlements filed by the other ORS Objectors. *See* ECF No. 5732 at 1, 15 (listing individual ORS objectors and counsel). Indeed, Mr. Bonsignore has not appeared on any of the recent filings by the ORS Objectors even though he is Interim Co-Lead Counsel for the ORS. *See, e.g.*, ECF Nos. 5718, 5754. The failure of Mr. Bonsignore to cooperate with his co-counsel for the ORS and speak with one voice further unreasonably multiplies the proceedings by requiring IPPs to respond to pleadings filed by two factions of the ORS subclass.

### III. MR. BONSIGNORE CANNOT ESCAPE THE CONSEQUENCES OF HIS CONDUCT BY ARGUING THAT HE IS VIGOROUSLY REPRESENTING HIS CLIENTS OR THAT HE MADE INNOCENT ERRORS

Mr. Bonsignore's conduct goes far beyond vigorous representation of his clients and innocent errors. Mr. Bonsignore's conduct is part of a pattern and practice of willful and reckless conduct in this case and others. In *In re Merscorp Inc., Real Estate Settlement Procedures Act (RESPA) Litig.,* No. MDL 1810, 2007 WL 4166128 (S.D. Tex. Nov. 20, 2007), the court criticized similarly improper behavior by Mr. Bonsignore:

> The behavior of Mr. Bonsignore has had the regrettable effect of increasing the costs of this litigation for all parties, reducing the likelihood of settlement, and delaying any potential recovery by any Plaintiff. In short, it is inconceivable to the Court that any attorney acting in the best interests of his client(s) would behave in the manner consistently displayed by Mr. Bonsignore.

*Id.* at *1. As in *Merscorp*, Mr. Bonsignore has repeatedly violated Court orders in this case by making unauthorized and untimely filings, and submitting new arguments and evidence on reply or in supplemental briefs. These filings have necessitated several motions to strike by IPPs, and wasted the time and resources of the parties and the Court. The frivolous objections to the amended settlements filed by Mr. Bonsignore's clients (*see* ECF No. 5786 at 12-13) and the Further Response in support of those objections are merely the latest examples of this improper conduct.

Moreover, Mr. Bonsignore's repeated violations of Court orders and the other improper conduct demonstrates bad faith. As counsel of record in the case, Mr. Bonsignore has at all times been well aware of the relevant scheduling orders and Court rules. Mr. Bonsignore fails to explain why he (1) did not serve IPP Counsel with the objections once he became aware their filing had been delayed; (2) did not request leave to file his Further Response; and (3) waited three weeks until only a few days before the hearing to file the Further Response, and did so on the Friday evening of the July 4th holiday weekend. As IPPs argued in their Motion, Mr. Bonsignore must have anticipated that the Court would strike the Further Response given its prior rulings. That he chose to file it anyway—taken together with the timing of the filing and the frivolous arguments made therein—demonstrates that Mr. Bonsignore's purpose was to harass IP Counsel in the run up to the final approval hearing. *See Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir.

9

INDIRECT PURCHASER PLAINTIFFS' REPLY RE: MOTION TO STRIKE AND MOTION FOR SANCTIONS
Master File No. 07-cv-5944-JST; MDL No. 1917

2015) ("'[B]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent.'") (citation omitted).

Finally, Mr. Bonsignore's protestations of innocent errors, inadvertent oversight and other claims of innocent behavior must be weighed against Mr. Bonsignore's credibility (or lack thereof). *See, e.g.,* ECF No. 4351 at 40-41 (Special Master rejecting Mr. Bonsignore's version of the facts); *id.* at 71 (rejecting Bonsignore's contentions as "unsupported hearsay"); ECF No. 4370-1 ¶ 24 (Bonsignore's attempt to obtain $25,000 from the settlement fund). Indeed, Mr. Bonsignore's opposition to the Motion and the declarations in support only serve to underscore his lack of credibility. For example, Mr. Bonsignore's claims that Mr. Speaect initiated his objection and orchestrated 13 additional objections from all over the country (ECF No. 5796-2 ¶ 6), and that Mr. Bonsignore did not even see the objections until after they were filed (*id.* ¶ 8) are not credible. Why would Mr. Speaect involve objectors from other states unless Mr. Bonsignore suggested it to him? Moreover, Mr. Bonsignore appears to concede that he drafted the improper objections (*id.* ¶ 6), which are strikingly similar to prior filings authored by Mr. Bonsignore.

In sum, Mr. Bonsignore has "unreasonably and vexatiously" multiplied the proceedings in this case for the last five years, justifying the imposition of monetary sanctions against him for some of the excess costs and attorneys' fees his conduct has caused. *See* 28 U.S.C. § 1927.[10]

## CONCLUSION

For all of the foregoing reasons, IPPs respectfully request that the Court find that Mr. Bonsignore has vexatiously and unreasonably multiplied proceedings in this case, and award monetary sanctions against Mr. Bonsignore for IPP Counsel's time spent reviewing his unauthorized Further Response and drafting this Motion in the amount of $15,620. IPPs further request that the Court order Mr. Bonsignore to pay this amount within thirty (30) days, and if he fails to do so, be precluded from making any further filings in this case.

---

[10] *See* Suppl. Capurro Decl. ¶¶ 5-6 (attesting to additional time spent on this Reply); Declaration of Sylvie K. Kern (same). IPPs do not request any additional fees beyond the $15,620 originally requested. Thus, the blended hourly rate is $321 ($15,620/48.7 hours). *See* Suppl. Capurro Decl. ¶ 7.

| | |
|---|---|
| Dated:  July 28, 2020 | Respectfully submitted, |
| | /s/ Mario N. Alioto |
| | Mario N. Alioto (56433) |
| | malioto@tatp.com |
| | Joseph M. Patane (72202) |
| | jpatane@tatp.com |
| | Lauren C. Capurro (241151) |
| | laurenrussell@tatp.com |
| | TRUMP, ALIOTO, TRUMP & PRESCOTT LLP |
| | 2280 Union Street |
| | San Francisco, CA 94123 |
| | Telephone: 415-563-7200 |
| | Facsimile: 415-346-0679 |
| | *Lead Counsel for Indirect Purchaser Plaintiffs for the 22 States* |

INDIRECT PURCHASER PLAINTIFFS' REPLY RE: MOTION TO STRIKE AND MOTION FOR SANCTIONS
Master File No. 07-cv-5944-JST; MDL No. 1917