ALLEN & OVERY LLP
John Roberti (*pro hac vice*)
Andrew Rhys Davies (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399
Email: john.roberti@allenovery.com
andrewrhys.davies@allenovery.com

*Attorneys for Defendants Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd.*

[Additional Responding Parties and Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

This document relates to:

ALL INDIRECT PURCHASER ACTIONS

Case No.: 07-cv-05944 JST

MDL No. 1917

**DEFENDANTS' RESPONSE TO MOTION TO INTERVENE FOR PURPOSE OF APPEALING DENIAL OF OBJECTIONS TO SETTLEMENTS (ECF Nos. 5792, 5802)**

Date: Submitted on the papers
Judge: Hon. Jon S. Tigar
Courtroom: 6, 2nd Floor

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ iii

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT ........................................................................................................2

MOVANTS SHOULD NOT BE PERMITTED TO INTERVENE FOR THE PURPOSE OF APPEALING THE APPROVAL OF SETTLEMENTS IN WHICH THEY HAVE NO INTEREST ........................................................................2

A. Mandatory and Permissive Intervention Should Be Denied Because Movants Have No Interest in Appealing the Approval of Settlements that Preserve Their Right to Litigate Their Claims ........................................2

B. Permissive Intervention Should Be Denied for the Additional Reason that It Would Circumvent Public-Policy-Based Limitations on Standing to Appeal Settlement-Approval Orders ........................................................5

CONCLUSION ......................................................................................................8

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Alameda Newspapers, Inc. v. City of Oakland*, 95 F.3d 1406 (9th Cir. 1996) .......... 5

*Arizonans for Official English v. Arizona,* 520 U.S. 43 (1997).......... 2

*Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566 (9th Cir. 2004) .......... 6

*Devlin v. Scardelletti*, 536 U.S. 1 (2002).......... 6

*Didrickson v. United States Dept. of Int.*, 982 F.2d 1332 (9th Cir. 1992) .......... 2

*Dilks v. Aloha Airlines*, 642 F.2d 1155 (9th Cir. 1981) .......... 2

*Freedom from Religion Foundation, Inc. v. Geithner,* 644 F.3d 836 (9th Cir. 2011) .......... 3

*Hilao v. Estate of Marcos*, 393 F.3d 987 (9th Cir. 2004) .......... 6

*In re Hyundai & Kia Fuel Econ. Litig.,* 926 F.3d 539 (9th Cir. 2019) (en banc) .......... 6

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 894 F.3d 1030 (9th Cir. 2018) .......... 4

*L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*, No. 15-cv-01257-JST, 2015 WL 5071949 (N.D. Cal. Aug. 27, 2015).......... 4

*Lee v. Pep Boys-Manny Moe & Jack of Cal.*, No. 12-cv-05064-JSC, 2016 WL 324015 (N.D. Cal. Jan. 27, 2016).......... 4

*Legal Aid Soc. of Alameda Cty. v. Brennan*, 608 F.2d 1319 (9th Cir. 1979) .......... 2, 3

*Lindblom v. Santander Consumer USA, Inc*, No. 1:15-cv-00990-BAM, 2018 WL 3219381 (E.D. Cal. June 29, 2018), *aff'd*, 771 F. App'x 454 (9th Cir. 2019).......... 4

*Marino v. Ortiz*,
484 U.S. 301 (1988) ..... 5

*Mass. Sch. of Law at Andover, Inc. v. United States*,
118 F.3d 776 (D.C. Cir. 1997) ..... 2

*Miller v. Ghirardelli Chocolate Co.*,
C 12-04936 LB, 2013 WL 6776191 (N.D. Cal. Dec. 20, 2013) ..... 5

*Pellegrino v. Nesbit*,
203 F.2d 463 (9th Cir. 1953) ..... 5

*S. California Edison Co. v. Lynch*,
307 F.3d 794 (9th Cir. 2002) ..... 2, 6

*Smith v. L.A. Unified Sch. Dist.*,
830 F.3d 843 (9th Cir. 2016) ..... 2

*Spangler v. Pasadena City Bd. of Ed.*,
552 F.2d 1326 (9th Cir. 1977) ..... 2, 5

*SurvJustice Inc. v. DeVos*,
No. 18-cv-00535-JSC, 2019 WL 1427447 (N.D. Cal. Mar. 29, 2019) ..... 3

*Sw. Ctr. for Biological Diversity v. Berg*,
268 F.3d 810 (9th Cir. 2001) ..... 5

*United Airlines, Inc. v. McDonald*,
432 U.S. 385 (1977) ..... 2, 5

*United States v. City of Los Angeles*,
288 F.3d 391 (9th Cir. 2002) ..... 4

*Venegas v. Skaggs*,
867 F.2d 527 (9th Cir. 1989) ..... 5

*Waller v. Fin. Corp. of Am.*,
828 F.2d 579 (9th Cir. 1987) ..... 6

*Yniguez v. State of Ariz.*,
939 F.2d 727 (9th Cir. 1991), *vacated on other grounds sub nom. Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997) ..... 2, 3

**Other Authorities**

U.S. Const. art. III ........ 1, 2, 3, 5

Fed. R. Civ. P. 24 ........ 2, 3, 5

v

DEFENDANTS' RESPONSE TO MOTION TO INTERVENE TO APPEAL DENIAL OF OBJECTIONS TO SETTLEMENTS

CASE NO.: 4:07-CV-05944-JST

**PRELIMINARY STATEMENT**

Movants representing the non-repealer states and the so-called omitted "repealer" states seek to intervene for purposes of appealing this Court's approval of the amended settlements. Movants should not be permitted to intervene because they have no interest in appealing amended settlements that do not release their claims and, in fact, preserve their right to assert those claims. Because the amended settlements do not injure them, Movants cannot carry their burden to demonstrate that intervention is necessary to protect their interests. And for the same reason, they cannot satisfy the appealable-interest requirement that Article III imposes on a person seeking to intervene for purposes of appeal.

This Court and the Ninth Circuit have each already declined to stay the approval of the amended settlements because Movants failed to show that the amended settlements would irreparably injure them. Similarly, this Court determined that Movants lack standing to object to the amended settlements because they are not settlement-class members and the amended settlements do not release their claims. For the same reasons, Movants lack standing to appeal the overruling of their objections. Intervention should not be granted to circumvent Movants' lack of standing to appeal directly. The rule that only aggrieved settlement-class members have standing to object to and appeal from the approval of class settlements promotes important public-policy interests in the settlement of class actions. The Court should not permit Movants to frustrate those policies by granting this baseless motion for intervention to appeal.

## ARGUMENT

### MOVANTS SHOULD NOT BE PERMITTED TO INTERVENE FOR THE PURPOSE OF APPEALING THE APPROVAL OF SETTLEMENTS IN WHICH THEY HAVE NO INTEREST

#### A. Mandatory and Permissive Intervention Should Be Denied Because Movants Have No Interest in Appealing the Approval of Settlements that Preserve Their Right to Litigate Their Claims

A movant for mandatory intervention under Federal Rule of Civil Procedure 24(a) must show that intervention is necessary to prevent the impairment of an interest that is "'direct, non-contingent, substantial and legally protectable.'" *S. California Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (quoting *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1157 (9th Cir. 1981)).[1] Similarly, the "nature and extent of the intervenor's interest" is relevant to the propriety of permissive intervention under Rule 24(b). *Spangler v. Pasadena City Bd. of Ed.,* 552 F.2d 1326, 1329-30 (9th Cir. 1977).

In addition, Article III requires those seeking mandatory or permissive intervention for purposes of appeal to establish an "appealable interest," by showing "a threat of *particularized injury* from the order they seek to reverse that would be avoided or redressed if their appeal succeeds." *Legal Aid Soc. of Alameda Cty. v. Brennan*, 608 F.2d 1319, 1328 & n.9 (9th Cir. 1979) (emphasis added); *see also Didrickson v. United States Dept. of Int.*, 982 F.2d 1332, 1337-38 (9th Cir. 1992) (Article III requires movant for permissive intervention for purposes of appeal to demonstrate that its "interests have been adversely affected by the judgment").[2] In the context

---

[1] A movant for intervention to appeal must satisfy Federal Rule of Civil Procedure 24. *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 387 (1977) (addressing whether a motion to intervene for purposes of appeal "was 'timely' under Rule 24"); *see also Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 864 (9th Cir. 2016) (establishing that movant must establish each element to intervene under Fed. R. Civ. P. 24); *Mass. Sch. of Law at Andover, Inc. v. United States*, 118 F.3d 776, 779 (D.C. Cir. 1997) (motions to intervene for purposes of appeal are governed by Fed. R. Civ. P. 24); *Yniguez v. State of Ariz*., 939 F.2d 727, 734-39 (9th Cir. 1991) (addressing whether movant for intervention for purpose of appeal satisfied Fed. R. Civ. P. 24), *vacated on other grounds sub nom*. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 66-80 (1997) (directing dismissal on mootness grounds, and expressing "grave doubts" as to whether sponsor of ballot initiative had Article III standing to intervene for purposes of appeal).

[2] *See also Arizonans for Official English v. Arizona,* 520 U.S. 43, 64 (1997) ("The standing Article III requires must be met by persons seeking appellate review[.]"). Movants are not

of intervention for purposes of appeal, the Rule 24 interest requirement converges with the Article III appealable-interest requirement. *Legal Aid Soc. of Alameda Cty.*, 608 F.2d at 1328 n.9; *see also Yniguez v. State of Ariz.*, 939 F.2d 727, 733 (9th Cir. 1991) ("While the interest required to intervene under the Rule is not identical to the interest required for standing under Article III, there are substantial similarities between the two.").

Movants should not be permitted to intervene for purposes of appeal because they cannot show that this Court's approval of the amended settlements threatens them with any "particularized injury." *Legal Aid Soc. of Alameda Cty.*, 608 F.2d at 1328. Movants' inability to identify any likely injury flowing from approval of the amended settlements resulted in this Court and the Ninth Circuit denying their motions for a stay pending appeal. ECF Nos. 5774, 5797 at 2 ("Appellants have not shown that they are likely to suffer irreparable injury in the absence of a stay."). Similarly, in preliminarily and finally approving the amended settlements, this Court held that Movants lack standing to object because they are not aggrieved class members. ECF No. 5695 at 7:3-10; ECF No. 5786 at 9:10-20. As this Court recognized, Movants are not members of the amended settlement classes, and they expressly are "not bound" by the amended settlements; therefore, the amended settlements do not release—and instead preserve Movants' right to litigate—their claims. ECF No. 5695 at 5:11-16, 7:3-10, 18:28-19:5; ECF No. 5774 at 3; ECF No. 5786 at 5:14-19, 9:10-20.[3] As this Court stated, Movants "retain any claims that they previously possessed, if any, and they are free to pursue those claims against the Defendants." ECF No. 5695 at 19:3-4. Indeed, courts have repeatedly denied mandatory and permissive intervention when—as here—the proposed intervenors are free to assert their

---

assisted by *Freedom from Religion Foundation, Inc. v. Geithner*, 644 F.3d 836 (9th Cir. 2011), cited in ECF No. 5792 ("Mot.") at 7, which did not involve intervention for purposes of appeal, and which did not, therefore, address the need to show an appealable interest in the judgment to be appealed.

[3]   *See also* ECF No. 5587-1, Ex. A ¶ 1; Ex. B. ¶ 1; Ex. C ¶ 1; Ex. D ¶ 1; Ex. E ¶ 1; Ex. F ¶ 1. The original settlement agreements appear at ECF No. 3862-1, 3862-2, 3862-3, 3862-4, 3862-5, and ECF No. 3876-1.

threatened claims in a separate lawsuit.[4] Under these circumstances, intervention should be denied because Movants lack any interest in appealing this Court's judgment approving the amended settlements.[5]

Movants identify no particularized injury that could support intervention for purposes of appeal. ECF No. 5792 ("Mot.") at 5:15-25, 7-8. They purport to incorporate by reference, Mot. at 3:21-28, the arguments in their May 2020 objections to the amended settlements, ECF No. 5732, and in their May 2020 motion to stay, ECF No. 5718, but this Court and the Ninth Circuit have already rejected those arguments in the course of overruling the objections and denying the stay motions, ECF Nos. 5774, 5786, 5797.[6] And because Movants are *non*-settlement-class members

---

[4] *SurvJustice Inc. v. DeVos*, No. 18-cv-00535-JSC, 2019 WL 1427447, at *6-8 (N.D. Cal. Mar. 29, 2019) (denying mandatory and permissive intervention because the proposed intervenors could assert their claims in another lawsuit); *Lindblom v. Santander Consumer USA, Inc*, No. 1:15-cv-00990-BAM, 2018 WL 3219381, at *6-8 (E.D. Cal. June 29, 2018) (same), *aff'd*, 771 F. App'x 454 (9th Cir. 2019); *Lee v. Pep Boys-Manny Moe & Jack of Cal.*, No. 12-cv-05064-JSC, 2016 WL 324015, at *3 (N.D. Cal. Jan. 27, 2016) (Corley, M.J.) (same); *L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*, No. 15-cv-01257-JST, 2015 WL 5071949, at *5 (N.D. Cal. Aug. 27, 2015) (denying permissive intervention for the same reason). *See also In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 894 F.3d 1030, 1043 n.23 (9th Cir. 2018) (noting in dicta that intervenor's ability to maintain a separate lawsuit "would seem to defeat any argument that adjudication of the government's enforcement action without his participation will impair his interests"); *United States v. City of Los Angeles*, 288 F.3d 391, 402 (9th Cir. 2002) (noting in dicta that it was "doubtful" that the intervenors' interests would be impaired where "[t]he litigation does not prevent any individual from initiating suit" to enjoin defendants' conduct).

[5] The purported ORS plaintiffs represented by Mr. Bonsignore have sought to join in this motion, ECF No. 5802, but they are not entitled to intervene for purposes of appeal for the same reason as the purported ORS plaintiffs represented by Mr. Scarpulla and Ms. Moore. ECF No. ECF No. 5695 at 5:11-16, 7:3-10, 18:28-19:1 (holding that Mr. Bonsignore's ORS clients lack standing to object to the amended settlements because they are non-settlement-class members who retain their right to prosecute their claims). Indeed, Mr. Bonsignore's clients lack standing to appeal for the additional reason that they did not object at the final settlement-approval hearing. *Infra* at 6.

[6] For ease of reference, Defendants' responses to the arguments that Movants purport to incorporate by reference appear at ECF Nos. 5726 and 5757, and at *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, No. 20-15697 (9th Cir. July 17, 2020), ECF No. 26-1. Defendants have shown that there is no causal connection between this Court's judgment approving the amended settlements and the injury that Movants posit, *i.e.*, the supposed mooting of their appeals from the denial of their prior intervention motions, the loss of their relation-back argument, and the resulting dismissal of their claims as time-barred. ECF No. 5775 at 9:8-20. As this Court has

who *retain* their right to pursue their claims, they misplace their reliance on cases involving intervention by unnamed class *members* or by other nonparties whose legal rights *would* have been impaired by the outcome of litigation.[7] Finally, Movants are not assisted by the Ninth Circuit's June 2020 Order dismissing their appeals from preliminary approval of the amended settlements. Mot. at 2-3. Far from suggesting that this Court should grant Movants' motion for intervention for purposes of appeal, the Ninth Circuit contemplated that Movants could appeal the *denial* thereof. *In re: Cathode Ray Tube (CRT) Antitrust Litig.,* No. 20-15697 (9th Cir. June 8, 2020), ECF No. 20 at 4.[8]

### B. Permissive Intervention Should Be Denied for the Additional Reason that It Would Circumvent Public-Policy-Based Limitations on Standing to Appeal Settlement-Approval Orders

Even if the requirements of Article III and Rule 24(b) were satisfied, the Court should exercise its discretion to deny Movants permissive intervention for the purpose of appealing approval of the amended settlements. *See Spangler,* 552 F.2d at 1329 (discussing district court's broad discretion to deny permissive intervention); *Venegas v. Skaggs*, 867 F.2d 527, 530-31 (9th

ruled, Movants have not established that approval of the amended settlements would moot their intervention-related appeals. ECF No. 5774 at 5-7. And in any event, Defendants have demonstrated that Movants' relation-back argument would fail *even if they were permitted to intervene*. ECF No. 5775 at 9:8-20.

[7] *See Miller v. Ghirardelli Chocolate Co*., C 12-04936 LB, 2013 WL 6776191, at *8-9 (N.D. Cal. Dec. 20, 2013) (cited in Mot. at 5:19-20) (unnamed class member had a sufficient interest for intervention to become a named plaintiff, but mandatory intervention was not warranted because movant's interests were adequately represented by the existing parties); *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 815, 818-22 (9th Cir. 2001) (cited in Mot. at 5:3-25) (intervenors were third-party beneficiaries of a contract that was challenged in the litigation).

[8] None of the other cases cited in the motion, Mot. at 3, supports Movants' request for intervention for purposes of appeal either. Those cases concern: (1) the *requirement* for a nonparty to intervene for purposes of appeal, *Marino v. Ortiz*, 484 U.S. 301, 304 (1988); (2) the *timeliness* of a motion for intervention for purposes of appeal, *United Airlines, Inc.,* 432 U.S. at 387; (3) a stockholder's *statutory* right to intervene to recover "short-swing" profits from insiders if the corporation fails diligently to prosecute the claim, *Pellegrino v. Nesbit,* 203 F.2d 463, 467 (9th Cir. 1953), and (4) a union's standing to appeal an order directing a city to patronize a newspaper that the union's members were boycotting, in circumstances where the city declined to appeal, *Alameda Newspapers, Inc. v. City of Oakland*, 95 F.3d 1406, 1412 (9th Cir. 1996).

Cir. 1989) (same). The rule that only aggrieved class members have standing to object to and appeal from approval of a class settlement "advances the policy of encouraging the voluntary settlement of lawsuits." *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987). The Ninth Circuit has recognized the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned[.]" *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019) (en banc). This Court should exercise its discretion to deny permissive intervention, to prevent Movants from frustrating that important policy.

In addition, granting intervention for purposes of appeal here would unjustifiably circumvent well-established limitations on non-party appeals, which are permitted "only in exceptional circumstances." *Hilao v. Estate of Marcos*, 393 F.3d 987, 992 (9th Cir. 2004); *S. California Edison Co*. 307 F.3d at 804. As an example of such exceptional circumstances, *members* of a settlement class can appeal the overruling of their objections because they are "'bound by the settlement.'" *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 572 (9th Cir. 2004) (quoting *Devlin v. Scardelletti*, 536 U.S. 1, 10 (2002)). Yet Movants are *non*-class members who expressly are "not bound" by the amended settlements.[9] Such persons cannot appeal, as the Ninth Circuit held in the appeal from the prior settlements. *See In re: Cathode Ray Tube* (*CRT*) *Antitrust Litig.,* No. 16369 (9th Cir. Mar. 2, 2017), ECF No. 57 at 7; *see also Hilao*, 393 F.3d at 992 ("In view of the Republic's concession that it is not bound by the settlement agreement, its argument for nonparty appellate standing to challenge that same agreement collapses."). Moreover, the purported ORS plaintiffs represented by Mr. Bonsignore, who have sought to join in this motion, ECF No. 5802, lack standing to appeal for the *additional* reason that they did not object to the amended settlements.[10] *In re: Cathode Ray Tube (CRT) Antitrust*

---

[9] ECF No. 5587-1, Ex. A ¶; Ex. B. ¶ 1; Ex. C ¶ 1; Ex. D ¶ 1; Ex. E ¶ 1; Ex. F ¶ 1.

[10] The purported ORS plaintiffs represented by Mr. Bonsignore who have joined in this motion did not object to final approval of the amended settlements. ECF No. 5732 at 1, 15 (listing individual ORS objectors and counsel). Separately from his "ORS" clients, Mr. Bonsignore represented certain objectors who purported to be members of the 22 Indirect Purchaser State Classes (the "Bonsignore Objectors"), but the Court overruled their objections because they failed to provide evidence of membership in the settlement classes and to comply

*Litig.,* No. 16-16388 (9th Cir. Mar. 2, 2017), ECF No. 59 at 7 ("Because appellant in No. 16-16395 did not object during the fairness hearing, she may not appeal the district court's order approving the class action settlement.") (citing *Devlin*, 536 U.S. at 11).

*        *        *

Finally, Defendants acknowledge that the Court has rejected their rule-of-mandate argument. For purposes of preserving that argument, which is set forth fully in an earlier submission, ECF No. 5468, and therefore not repeated in detail here, Defendants respectfully submit that this motion should be denied in accordance with the mandate rule, save as to the Movants from Massachusetts, Missouri, and New Hampshire.

---

with the requirements of Rule 23. ECF No. 5786 at 11-13. The Bonsignore Objectors have not sought to join in this motion to intervene for purposes of appeal.

**CONCLUSION**

For the foregoing reasons, this Court should deny the motion to intervene for purpose of appealing denial of objections to settlements (ECF Nos. 5972, 5802).

Dated: July 30, 2020

Respectfully submitted,

/s/ *Andrew Rhys Davies*

ALLEN & OVERY LLP
ANDREW RHYS DAVIES
andrewrhys.davies@allenovery.com
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399

JOHN ROBERTI
john.roberti@allenovery.com
ALLEN & OVERY LLP
1101 New York Avenue NW
Washington, DC 20005
Telephone: (202) 683-3800
Facsimile: (212) 610-6399

*Attorneys for Defendants Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd.*[11]

[11] Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co., Ltd., and Samsung SDI (Malaysia) Sdn. Bhd. have been dissolved.

*/s/ Jeffrey L. Kessler*
WINSTON & STRAWN LLP
JEFFREY L. KESSLER
jkessler@winston.com
EVA W. COLE
ewcole@winston.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

KEVIN B. GOLDSTEIN
kbgoldstein@winston.com
35 W. Wacker Drive
Chicago, IL 60622
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

WEIL, GOTSHAL & MANGES LLP
DAVID L. YOHAI
david.yohai@weil.com
ADAM C. HEMLOCK
adam.hemlock@weil.com
DAVID YOLKUT
david.yolkut@weil.com
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*[12]

[12] MT Picture Display Co., Ltd. has been dissolved and completed final liquidation proceedings in Japan on May 23, 2019.

/s/ *John M. Taladay*
BAKER BOTTS LLP
JOHN M. TALADAY
ERIK T. KOONS
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
Email: erik.koons@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips, N.V., Philips North America LLC, Philips Taiwan Limited, and Philips do Brasil, Ltda*

/s/ *Kathy L. Osborn*
FAEGRE DRINKER BIDDLE & REATH LLP
KATHY L. OSBORN
Email: kathy.osborn@faegredrinker.com
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000

JEFFREY S. ROBERTS
Email: jeff.roberts@faegredrinker.com
1144 15th Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

/s/ *Donald A. Wall*
SQUIRE PATTON BOGGS (US) LLC
DONALD A. WALL
Email: donald.wall@squirepb.com
1 East Washington Street, Suite 2700
Phoenix, AZ 85004
Telephone: (602) 528-4005
Facsimile: (602) 253-8129

*Attorneys for Defendant Technologies Displays Americas LLC*

/s/ *Eliot A. Adelson*
MORRISON & FOERSTER LLP
ELIOT A. ADELSON
Email: eadelson@mofo.com
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

KIRKLAND & ELLIS LLP
JAMES H. MUTCHNIK (pro hac vice)
Email: james.mutchnik@kirkland.com
300 North LaSalle Street
Chicago, IL  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Defendants Hitachi Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.*

/s/ *Christopher M. Curran*
WHITE & CASE LLP
CHRISTOPHER M. CURRAN
ccurran@whitecase.com
LUCIUS B. LAU
alau@whitecase.com
DANA E. FOSTER
defoster@whitecase.com
MATTHEW N. FRUTIG
mfrutig@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*