1 Mario N. Alioto (56433)
2 Joseph M. Patane (72202)
  Lauren C. Capurro (241151)
3 TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
  2280 Union Street
4 San Francisco, CA 94123
  Telephone: 415-563-7200
5 Facsimile: 415- 346-0679
  Email: malioto@tatp.com
6 jpatane@tatp.com
7 laurenrussell@tatp.com

8 *Lead Counsel for the Indirect*
  *Purchaser Plaintiffs for the 22 States*
9

10                UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                      OAKLAND DIVISION

13

14 IN RE: CATHODE RAY TUBE (CRT)          MASTER FILE NO. 4:07-cv-5944 JST
   ANTITRUST LITIGATION                   Case No. 13-cv-03234-JST
15
                                          MDL NO. 1917
16 This Document Relates to:
                                          **INDIRECT PURCHASER PLAINTIFFS'**
17 INDIRECT PURCHASER ACTIONS             **OPPOSITION TO MOTION TO**
                                          **INTERVENE FOR PURPOSE**
18                                        **OF APPEALING DENIAL OF**
                                          **OBJECTIONS TO SETTLEMENTS**
19
                                          Hearing Date:  Hearing Requested at the
20                                        Discretion of the Court
                                          Courtroom:     6, 2nd Fl. (Oakland)
21                                        Judge:         Hon. Jon S. Tigar

22

23

24

25

26

27

28

## Table of Contents

INTRODUCTION.................................................................................................................1

BACKGROUND.................................................................................................................3

ARGUMENT…………..…..................................................................................................5

    **I.**     **THE ORS/NRS OBJECTORS DO NOT MEET THE REQUIREMENTS FOR MANDATORY INTERVENTION** ..........................5

        A.     Legal Standard............................................................................ 5

        B.     The ORS/NRS Objectors Do Not Demonstrate That Intervention Is Required to Prevent Impairment of a Direct, Non-Contingent, Substantial and Legally Protectable Interest ................................. 6

    **II.**     **THE ORS/NRS OBJECTORS DO NOT SATISFY THE REQUIREMENTS FOR PERMISSIVE INTERVENTION** ..........................11

        A.     Legal Standard............................................................................ 11

        B.     No "Independent Jurisdiction" Exists Permitting The ORS/NRS Objectors To Intervene And Appeal The Final Approval Order................ 12

        C.     Permitting The ORS/NRS Objectors To Intervene And Appeal Approval Of The Amended Settlements Would Greatly Prejudice The Settling Parties ..................................................................... 13

CONCLUSION ...............................................................................................................14

INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE FOR PURPOSE OF APPEALING DENIAL OF OBJECTIONS TO SETTLEMENTS

1

## Table of Authorities

2
**Cases**

3
*Burlington Northern Ins. Co. v. Affordable Housing Alternatives*,
    No. CV 14–733 AB (PLAx), 2014 WL 12607673 (C.D. Cal. Sept. 3, 2014)...................... 7

4
*California ex rel. Lockyer v. United States*,
    450 F.3d 436 (9th Cir. 2006)................................................................................................ 8

5
*Center for Auto Safety v. Chrysler Group, LLC*,
    747 F. App'x 463 (9th Cir. 2018).................................................................................... 11
6

7
*Cosgrove v. National Fire & Marine Ins. Co.*,
    770 F. App'x 793 (9th Cir. 2019)................................................................................... 13

8
*Devlin v. Scardelletti*,
    536 U.S. 1 (2002) ...................................................................................................... 1, 10

9
*Dilks v. Aloha Airlines*,
    642 F.2d 1155 (9th Cir. 1981)........................................................................................ 6

10
*Empire Blue Cross and Blue Shield v. Janet Greeson's A Place For Us, Inc.*,
    62 F.3d 1217 (9th Cir. 1995)........................................................................................ 12
11

12
*G&G Productions. LLC v. Rusic*.
    No. 2:15-cv-02796-RGK-E, 2019 WL 1976451 (C.D. Cal. Mar. 27, 2019) ...................... 7

13
*Greenlining Inst. v. FCC*,
    802 F. App'x 232 (9th Cir. 2020)................................................................................. 12

14
*Hawaii-Pac. Venture Capital Corp. v. Rothbard*,
    564 F.2d 1343 (9th Cir. 1977)........................................................................................ 9

15
*Hilsley v. Ocean Spray Cranberries, Inc.*,
    No. 17-cv-2335-GPC (MDD), 2020 WL 475164 (S.D. Cal. Jan. 29, 2020)...................... 13
16

17
*Kakani v. Oracle Corp.*,
    No. C 06-06493 WHA, 2007 WL 1793774 (N.D. Cal. June 19, 2007)............................. 13

18
*L.A. SMSA Ltd. P'ship v. City of Los Angeles, Cal.*,
    No. 19-56011, 2020 WL 3001025 (9th Cir. June 4, 2020) ............................................. 13

19
*Legal Aid Soc. of Alameda Cty. v. Brennan*,
    608 F.2d 1319 (9th Cir. 1979)……………………………………………………………………12
20

21
*Lindblom v. Santander Consumer USA, Inc.*,
    771 F. App'x 454 (9th Cir. 2019)................................................................................. 11

22
*Miller v. Ghirardelli Chocolate Co.*,
    No. C 12-04936 LB, 2013 WL 6776191 (N.D. Cal. Dec. 20, 2013) .................................. 8

23
*Nw. Forest Res. Council v. Glickman*,
    82 F.3d 825 (9th Cir. 1996).......................................................................................... 11

24
*Perry v. Proposition 8 Official Proponents*,
    587 F.3d 947 (9th Cir. 2009)..................................................................................... 6, 10
25

26
*Quantum Production Services, LLC v. Austin*,
    No. CV 09-5087 PSG (CWx), 2009 WL 3517695 (C.D. Cal. Oct. 26, 2009)................... 11

27
*Raquedan v. Centerplate of Del. Inc.*,
    376 F. Supp. 3d 1038 (N.D. Cal. 2019) ......................................................................... 8

28

INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE FOR PURPOSE OF
APPEALING DENIAL OF OBJECTIONS TO SETTLEMENTS

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*,
    894 F.3d 1030 (9th Cir. 2018)……………………………………………………………8

INDIRECT PURCHASER PLAINTIFFS' OPPOSITION MOTION TO INTERVENE FOR PURPOSE OF
APPEALING DENIAL OF OBJECTIONS TO SETTLEMENTS

*S. Cal. Edison Co. v. Peevey,*
    31 Cal. App. 4th 781 (2003) ................................................................................. 11

*S. Cal. Edison Co. v. Lynch,*
    307 F.3d 794 (9th Cir. 2002) ............................................................................ 6, 11

*S. Cal. Edison Co. v. Lynch,*
    307 F.3d 943 (9th Cir. 2002) ................................................................................ 11

*Smith v. L.A. Unified Sch. Dist.,*
    830 F.3d 843 (9th Cir. 2016) .................................................................................. 5

*Sw. Ctr. for Biological Diversity v. Berg,*
    268 F.3d 810 (9th Cir. 2001) .................................................................................. 8

*United States v. Alisal Water Corp.,*
    370 F.3d 915 (9th Cir. 2004) .............................................................................. 5, 6

*United States v. City of Los Angeles,*
    288 F.3d 391 (9th Cir. 2002) ............................................................................ 6, 11

*Waller v. Fin. Corp. of Am.,*
    828 F.2d 579 (9th Cir. 1987) .................................................................................. 7

**Statutes**

28 U.S.C. § 1407 ........................................................................................................ 3

**Other Authorities**

Fed. R. Civ. P. 24 advisory committee's notes ......................................................... 8

**Rules**

Fed. R. Civ. P. 24(a) ...................................................................................... 2, 5, 6, 10

Fed. R. Civ. P. 24(b) ............................................................................................. 2, 11

J.P.M.L. Rule 1.1(h) .................................................................................................. 9

J.P.M.L. Rule 7.2(a) .................................................................................................. 9

MDL NO. 1917

INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE FOR PURPOSE OF
APPEALING DENIAL OF OBJECTIONS TO SETTLEMENTS

1   The Indirect Purchaser Plaintiffs ("IPPs") on behalf of the 22 Indirect Purchaser State

2   Classes hereby respond to the motion to intervene filed by: (1) Tyler Ayres, Mike Bratcher, Nikki

3   Crawley, Jay Erickson, Harry Garavanian, John Heenan, Hope Hitchcock, D. Bruce Johnson, Jeff

4   Johnson, Kerry Murphy, Chris Seufert, Robert Stephenson, Gary Talewsky, and William

5   Trentham, (the "ORS Objectors"); and (2) Eleanor Lewis (representative for the "NRS Objector")

6   (collectively, "ORS/NRS Objectors"), ECF No. 5792 (hereinafter the "Fourth Intervention

7   Motion" or "Motion"). IPPs also hereby respond to the "Joinder" filed by Robert Bonsignore on

8   July 24, 2020 on behalf of certain other ORS plaintiffs. *See* ECF No. 5802.

9   **INTRODUCTION**

10   Once again, the ORS/NRS Objectors appear before this Court seeking leave to intervene.

11   This is their fourth intervention motion. They have also filed two stay motions related to their

12   intervention motions. This time, they ask the Court to grant them standing to appeal the denial of

13   their objections to the amended settlements between IPPs and several settling defendants

14   ("Defendants"). However, these amended settlements do *not* resolve or release any claims the

15   ORS/NRS Objectors may wish to pursue. Instead, they explicitly *preserve* exactly what the

16   ORS/NRS Objectors claimed they wanted: a chance to fight for their own claims.  Thus, as this

17   Court held, the ORS/NRS Objectors lack standing to object to this Court's approval of the

18   amended settlements. The same reasoning applies to deny the ORS/NRS Objectors standing to

19   appeal this Court's approval of the amended settlements.

20   The ORS/NRS Objectors' objective in renewing their request to intervene is simple: to

21   derail —or at least delay—final approval of IPPs' amended settlements.  They apparently believe

22   that this strategy will give them leverage with the Defendants, enhancing their prospects of a better

23   settlement of their own claims. That strategy, valid or not, does not create a legally protectable

24   interest sufficient to support intervention to appeal settlements to which they are not parties.

25   Nor does it excuse the ORS/NRS Objectors' failure to file separate pleadings which would

26   obviate the supposed need for intervention in IPPs' lawsuit. As this Court has instructed, and the

27   ORS/NRS Objectors have conceded, they can file tag-along actions in this District, or elsewhere,

28

1   and have the cases transferred or related to this MDL as appropriate. Alternatively, as the

2   ORS/NRS Objectors themselves have suggested, they can move to amend one of the individual,

3   pre-MDL complaints. In either case, the ORS/NRS Objectors have argued that they have strong

4   arguments to defeat any statute of limitations defense and pursue their claims. Any supposed

5   tactical disadvantages they might encounter as a result of one strategy or the other are conjectural.

6        ORS/NRS Objectors once again fail to establish a sufficient interest in IPPs' amended

7   settlements to justify either mandatory intervention under Fed. R. Civ. P. 24(a) or permissive

8   intervention under Fed. R. Civ. P. 24(b). Knowing full-well the difficulties of intervening as non-

9   class members, the ORS/NRS Objectors rely on the fact that they are putative "Nationwide Class

10  members." But while the Nationwide Class remains part of the MDL, the amended settlements

11  that they seek to appeal expressly *exclude* the Nationwide Class. The ORS/NRS Objectors fail to

12  address this distinction.

13       This Motion is an attempt to end-run this Court's finding that they lack standing to object

14  to the settlements because they are not class members, and cannot show the formal legal prejudice

15  necessary for non-party standing. The ORS/NRS Objectors want to stymie the amended

16  settlements and make their litigation path easier (they want the IPPs to litigate alongside them).

17  This is not a legally protectable interest. Conversely, further delaying the amended settlements,

18  which is the goal of the ORS/NRS Objectors in filing their objections and appealing their denial,

19  would inflict substantial harm on IPP class members, many of whom have been waiting over a

20  decade for redress.

21       Finally, the belated "Joinder" in this Motion filed by Mr. Bonsignore on behalf of certain

22  additional "ORS plaintiffs" (ECF No. 5802) should be rejected. Mr. Bonsignore's ORS plaintiffs

23  did not object to final approval of IPPs' amended settlements. Accordingly, they may not appeal.

24  *See Devlin v. Scardelletti*, 536 U.S. 1, 11 (2002) ("[T]he power to appeal is limited to those

25  nonnamed class members who have objected during the fairness hearing.").

26       IPPs respectfully request that the Court deny the Motion and the purported Joinder therein.

27

28

INDIRECT PURCHASER PLAINTIFFS' OPPOSITION MOTION TO INTERVENE FOR PURPOSE OF
APPEALING DENIAL OF OBJECTIONS TO SETTLEMENTS

1

## BACKGROUND

2       This Court is by now well-aware of the underlying facts.  IPPs will therefore address only

3   relevant, recent events.

4       On July 3, 2019, at the ORS/NRS Objectors' Request, the Court appointed ORS/NRS

5   Objectors' counsel as Interim Co-Lead Counsel for the ORS and NRS subclasses.  ECF No. 5518

6   at 1-2. Thereafter, the ORS/NRS Objectors and Defendants engaged in separate mediation under

7   the supervision of Magistrate Judge Corley but were not able to reach a settlement.

8       On August 23, 2019, the ORS/NRS Objectors moved to intervene in the MDL and amend

9   IPPs' complaint.  *See* ECF Nos. 5565 and 5567 (the "First Intervention Motions"). On October 15

10  and 17, 2019, the Court denied the First Intervention Motions on the grounds that the ORS/NRS

11  Objectors could not amend someone else's complaint, but granted them leave to refile their

12  motions. *See* ECF Nos. 5626, at 2-3 & n. 4, & 5628, at 2-3 & n. 3.

13      On November 7 and 12, 2019, the ORS/NRS Objectors filed renewed motions to

14  intervene, seeking to file their own complaints directly in the MDL. *See* ECF Nos. 5643 & 5645

15  (the "Second Intervention Motions"). The Court denied the Second Intervention Motions on

16  February 4, 2020, holding that the MDL statute, 28 U.S.C. § 1407, does not permit ORS/NRS

17  Objectors to intervene and file new complaints directly in the MDL proceeding. *See* ECF No.

18  5684. The Court invited the ORS/NRS Objectors to file their complaints in the appropriate forum

19  and then seek assignment or transfer to the MDL as appropriate.  *See id*. at 3-6. On February 13,

20  2020, the ORS Objectors moved for reconsideration of the Court's Order denying the Second

21  Intervention Motions.  ECF Nos. 5688, 5689.

22      On March 11, 2020, over the objections of the ORS/NRS Objectors, this Court entered an

23  order preliminarily approving IPPs' proposed amended settlements, which had been reached in

24  September 2019. *See* ECF No. 5695 (the "Preliminary Approval Order").  The Court found that

25  since the ORS/NRS Objectors were not members of the amended settlement class and their claims

26  were not released by the amended settlements, they did not have standing to object. *See id*. at 7.

27

28

INDIRECT PURCHASER PLAINTIFFS' OPPOSITION MOTION TO INTERVENE FOR PURPOSE OF
APPEALING DENIAL OF OBJECTIONS TO SETTLEMENTS

1    On April 9, 2020, the Court denied the motion to reconsider the Order denying the Second

2    Intervention Motions. ECF No. 5708. Also on April 9, and April 13, 2020, certain ORS objectors

3    and the NRS Objector filed notices of appeal from several orders of this Court, including the

4    denial of their motions to intervene and the Preliminary Approval Order.  *See* ECF Nos. 5709,

5    5711. On May 6, 2020, these ORS/NRS Objectors also moved to stay proceedings on IPPs'

6    amended settlements pending resolution of their appeals. ECF No. 5718. On May 29, 2020, while

7    the appeals concerning preliminary approval were pending, the ORS/NRS Objectors filed

8    objections to final approval of the amended settlements. ECF Nos. 5732 & 5756.

9    On June 9, 2020, the Ninth Circuit dismissed the ORS/NRS Objectors' appeal from the

10   Preliminary Approval Order on the grounds that it was not an appealable final order, and noted:

11   "To the extent Appellants will suffer any cognizable harm from the settlement—to which they are

12   not parties—no injury will occur until the district court grants final approval." ECF No. 5738 at 3.

13   Two days later, on June 11, 2020, the ORS/NRS Objectors moved to intervene for the purposes of

14   objecting to the IPPs' settlements and appealing a final judgment if one were entered. ECF No.

15   5754 (the "Third Intervention Motion").

16   On June 25, 2020, the Court denied the ORS/NRS Objectors' motion to stay IPPs'

17   amended settlements pending resolution of their appeals, finding that they had failed to show

18   irreparable harm. ECF No. 5774 at 6-7. This Court rejected as "unfounded" the ORS/NRS

19   Objectors' contentions that their claims will be dropped from IPPs' complaint, that there may be

20   no action in which to intervene, and that their appeals may be mooted, if IPPs' amended

21   settlements become final. *Id.* at 6-7.

22   On July 6, 2020, the Court also denied the ORS/NRS Objectors' Third Intervention

23   Motion, noting among other things that the "ORS/NRS Objectors *fail to cite a single case or make*

24   *any argument* concerning why they are entitled to intervene for the purpose of presenting their

25   objections to the amended settlements." ECF No. 5780 at 3 (emphasis added; internal quotations

26   and citations omitted). This Court also held that the motion to intervene was premature, noting that

27   any injury that might be sustained would occur only after a final approval order. *Id*. at 3-4.

28

On July 8, 2020, the Court held a final fairness hearing regarding IPPs' amended settlements, at which the Court announced that it would grant final approval. Immediately thereafter, on July 9, 2020, the ORS/NRS Objectors sought "an emergency stay" of the forthcoming final approval order from the Ninth Circuit. *See* Ninth Circuit Court of Appeals, Case No. 20-15697, Dkt. Entry No. 22 (filed July 9, 2020) (the "Emergency Stay Motion").

On July 13, 2020, this Court issued an order striking the ORS/NRS Objectors' objections to final approval and finally approving the amended IPP settlements, ECF No. 5786 (the "Final Approval Order"). Because the amended settlements do not release the ORS/NRS Objectors' claims, the Court found that their claimed harm did not constitute the "formal legal prejudice" required for non-party standing to object to the settlements. *Id*. at 8-10.

On July 16, 2020, while the Emergency Stay Motion was pending, the ORS/NRS Objectors filed this, their fourth intervention motion, seeking leave to intervene for purposes of appealing their objections to the settlements. ECF No. 5792 ("Fourth Intervention Motion" or "Motion"). On July 22, 2020, the Ninth Circuit denied the Emergency Stay Motion, finding that the ORS/NRS Objectors had "not shown that they are likely to suffer irreparable injury in the absence of a stay." ECF No. 5797 at 2.

## ARGUMENT

### I. THE ORS/NRS OBJECTORS DO NOT MEET THE REQUIREMENTS FOR MANDATORY INTERVENTION

#### A. Legal Standard

To warrant mandatory intervention under Rule 24(a), the ORS/NRS Objectors must establish that: (1) their motion is "timely"; (2) they have a "'significantly protectable' interest relating to . . . the subject of the action"; (3) they are "so situated that the disposition of the action may as a practical matter impair or impede [their] ability to protect that interest"; and (4) that such interest is "inadequately represented by the parties to the action." *Smith v. L.A. Unified Sch. Dist.,* 830 F.3d 843, 853 (9th Cir. 2016).

As movants, the ORS/NRS Objectors have the burden to show that all of these requirements are met. *United States v. Alisal Water Corp*., 370 F.3d 915, 919 (9th Cir. 2004)

1  (*citing United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002)). "Failure to satisfy

2  any one of the requirements [for intervention] is fatal to the application, and [the court] need not

3  reach the remaining elements if one of the elements is not satisfied." *Perry v. Proposition 8*

4  *Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009). The ORS/NRS Objectors fail to satisfy the

5  requirements for mandatory intervention.[1]

6      **B.  The ORS/NRS Objectors Do Not Demonstrate That Intervention Is Required to
7          Prevent Impairment of a Direct, Non-Contingent, Substantial and Legally
        Protectable Interest**

8      The ORS/NRS Objectors seek intervention to provide them with standing to appeal this

9  Court's Final Approval Order.  Under Rule 24(a), they must demonstrate that intervention is

10  required to prevent the impairment of some "'direct, non-contingent, substantial and legally

11  protectable interest.'" *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (quoting

12  *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1157 (9th Cir. 1981)). Yet the ORS/NRS Objectors' entire

13  discussion of the supposed impairment of their protectable interest consists of one paragraph. *See*

14  Motion at 5. Moreover, that paragraph fails to identify *any* protectable interest much less explain

15  how such interest would be impaired by the denial of intervention. ORS/NRS Objectors have

16  thus—once again—failed to meet their "burden of showing that *all* the requirements for

17  intervention have been met." *Alisal Water Corp.*, 370 F.3d at 919 (emphasis in original).

18      Instead, the ORS/NRS Objectors rely on generalities, asserting that the "protectable

19  interest and practical impairment of such interest" prongs of the Rule 24(a) test are readily met in

20  the class action context, and that they should be permitted to intervene simply because they are

21  members of the Nationwide Class. *See* Motion at 5. But while the Nationwide Class remains part

22  of the MDL, it is expressly excluded from the amended settlement class. *See* ECF 5786 at 9 (citing

23  to Amendments). Thus, the ORS/NRS Objectors' membership in the Nationwide Class is

24  irrelevant to whether they may intervene and appeal the approval of IPPs' amended settlements

25

26  ───────────────

27  [1] IPPs do not contest the timeliness of the motion.

28

1    absent some showing that they also have a "direct, non-contingent, substantial and legally

2    protectable interest" in appealing the amended settlements.

3           However, this Court has already found that the ORS/NRS Objectors cannot show the

4    required "formal legal prejudice" for non-party standing to object to the settlements:

5           Formal legal prejudice sufficient to create non-party standing exists only where a
            settlement purports to strip a non-settling defendant of a legal claim or cause of
6           action or 'invalidates the contract rights of one not participating in the settlement.'
            ORS/NRS Objectors' arguments show, "[a]t most, [that] the settlement puts [them]
7           at something of a tactical disadvantage in the continuing litigation. Such an injury
            does not constitute plain legal prejudice.
8

9    ECF No. 5786 at 10 (quoting *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987)).

10   Similarly, this Court rejected the ORS/NRS Objectors' claims that they *may* suffer "irreparable

11   injury" if IPPs' amended settlements were not stayed pending their appeals, and found their

12   contentions regarding the possible effect of the settlements on their claims "unfounded." ECF No.

13   5774 at 7; *id.* at 6 ("The settlements do not release any of the ORS or NRS Subclasses' claims and

14   do not resolve IPP Plaintiffs' claims against several remaining defendants within the MDL. As

15   such, the underlying MDL will not be eliminated upon final approval of the proposed settlement

16   between a particular subset of the classes and defendants contained therein.").

17          The ORS/NRS Objectors do not (and cannot) explain why the foregoing findings are not

18   fatal to their Motion given that a very similar standard—the impairment of a "direct, non-

19   contingent, substantial and legally protectable interest"—applies for intervention. The possibility

20   of "at most . . . a tactical disadvantage" (ECF No. 5786 at 10) is not sufficient.[2] If they cannot

21

22   _____

23   [2] *See G&G Productions, LLC v. Rusic*, No. 2:15-cv-02796-RGK-E, 2019 WL 1976451, at *3
     (C.D. Cal. Mar. 27, 2019) (denying motion for intervention where, as here, the movant alleged
24   only a "potential interest" that depended on the outcome of another lawsuit); *Burlington Northern
     Ins. Co. v. Affordable Housing Alternatives*, No. CV 14–733 AB (PLAx), 2014 WL 12607673, at
25   *2 (C.D. Cal. Sept. 3, 2014) (denying intervention where "the Proposed Intervenors have merely
     established that the outcome of the instant action may affect their potential future rights to collect
26   damages in the state court lawsuit. This is not a *legally* protectable interest . . .") (emphasis
27   provided).

28

1  show formal legal prejudice sufficient for non-party standing, and cannot show that they are
2  injured by the amended settlements, they cannot show impairment of a legally protectable interest.

3        The ORS/NRS Objectors' two cited authorities (Motion at 5) do not remotely support their
4  position. Neither case sheds light on the circumstances under which a non-class member may
5  intervene in order to appeal a class settlement. *Miller v. Ghirardelli Chocolate Co*., No. C 12-
6  04936 LB, 2013 WL 6776191 (N.D. Cal. Dec. 20, 2013) is inapposite because the proposed
7  intervenor in that case was an undisputed member of the settlement class. *Id*. at *4, 8-9 ("Leyton,
8  who bought a bag of the white chips *and thus is a class member* . . . .") (emphasis added). *Sw. Ctr.
9  for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001) is likewise inapposite. It merely
10 stands for the general proposition that "'[i]f an absentee would be substantially affected in a
11 practical sense by the determination made in an action, he should, as a general rule, be entitled to
12 intervene.'" *Id*. at 822 (citing Fed. R. Civ. P. 24 advisory committee's notes). But the ORS/NRS
13 Objectors fail to explain how they are "substantially affected in a practical sense" by the IPPs'
14 amended settlements when their claims are not released, the Nationwide Class will not be dropped
15 from the complaint, and the MDL will continue against the non-settling defendants. *See* ECF No.
16 5774 at 6-7 (Order Denying Motion to Stay).

17        Further, the fact that the ORS/NRS Objectors concededly have other avenues to protect
18 and pursue their claims is also fatal to their Motion. *See California ex rel. Lockyer v. United
19 States*, 450 F.3d 436, 442 (9th Cir. 2006) ("Even if this lawsuit would affect the proposed
20 intervenors' interests, their interests might not be impaired if they have 'other means' to protect
21 them."). In the class action settlement context, moreover, courts frequently deny intervention to
22 would-be objectors where, as here, they are free to pursue their own claims. *See*, *e.g.*, *Raquedan v.
23 Centerplate of Del. Inc.*, 376 F. Supp. 3d 1038, 1041-42 (N.D. Cal. 2019) (citing multiple cases
24 holding that an opportunity to opt out and pursue independent litigation adequately protects the
25 individual's interests and justifies denial of a motion to intervene).[3]

26 _____

27 [3] *See also In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 894 F.3d
   1030, 1043 n.23 (9th Cir. 2018) (noting that the proposed intervenor's ability to maintain a
28 (footnote continued)

Here, in their "Emergency Motion to Stay" this Court's Final Approval Order in the Ninth Circuit, the ORS/NRS Objectors acknowledged that they could assert their claims in a "tag-along action."[4] Indeed, this Court expressly invited the ORS/NRS Objectors to file a tag-along action when it denied their Second Intervention Motion.[5] Similarly, in their briefing concerning a prior motion to intervene, ORS Objectors' counsel told the Court that they could move to amend one or more of the pre-MDL complaints that allege ORS claims, "if the Court deems such case-specific intervention necessary." *See* ECF No. 5688 at 2, n. 1; 5692 at 8.

The reason the ORS/NRS Objectors have not yet filed a tag-along action is because their claims may not relate back or class action tolling may not apply.[6] But these possibilities are conjectural and would exist regardless of IPPs' amended settlements. Moreover, the Ninth Circuit has affirmed denial of intervention where, as here, the statute of limitations may bar absent class members from bringing a separate action, because that "harm [is] not . . . attributable to the disposition of the class action suit. It is the appellants' own negligence and failure to raise the . . . claims for over seven years that bars them." *Hawaii-Pac. Venture Capital Corp. v. Rothbard*, 564 F.2d 1343, 1345 (9th Cir. 1977).[7]

---

separate lawsuit "would seem to defeat any argument that adjudication of the government's enforcement action without his participation will impair his interests").

[4] *See* No. 20-15697, Dkt. Entry: 22 at 14 & n.2. "'Tag-along action' refers to a civil action pending in a district court which involves common questions of fact with . . . actions previously transferred to an existing MDL, and which the Panel would consider transferring under Section 1407." J.P.M.L. Rule 1.1(h).

[5] *See* ECF No. 5684 at 6 ("Movants may file their claims in the appropriate forum(s) and seek transfer from the JPML or, if properly filed in the Northern District of California, 'request assignment of [their] actions to the Section 1407 transferee judge in accordance with applicable local rules.'") (citing J.P.M.L. Rule 7.2(a)).

[6] In their objections, ORS/NRS Objectors expressed concern regarding these "viability arguments." ECF No. 5732 at 7. They assert that while any statute of limitations arguments Defendants might make are "ultimately baseless, [] they may still affect negotiation of the ORS and NRS claims and require the ORS and NRS to oppose them in court." Thus, the "harm" the ORS/NRS Objectors may suffer is having to negotiate and litigate complex issues.

[7] *See also United States v. City of New York*, 198 F.3d 360, 366 (2d Cir. 1999) ("[A]ny failure on [appellants'] part to act within the applicable statutes of limitations does not sufficiently impair their interests to warrant intervention under Rule 24(a)(2); rather, the harm to their interests must (footnote continued)

INDIRECT PURCHASER PLAINTIFFS' OPPOSITION MOTION TO INTERVENE FOR PURPOSE OF APPEALING DENIAL OF OBJECTIONS TO SETTLEMENTS

In short, this Court's conclusion that the ORS/NRS Objectors cannot show the requisite formal legal prejudice to object to the amended settlements answers the question of whether the ORS/NRS Objectors possess the necessary legally protectable interest to justify intervention under Rule 24(a). ECF Nos. 5786 at 9-10. Because the ORS/NRS Objectors have the right to pursue their claims, unfettered by any preclusive effects of the amended settlements, the settlements and Final Approval Order do not impair their legal rights.  Accordingly, the Court should deny their Fourth Intervention Motion.

Finally, the Court should also reject the belated "Joinder" in this Motion filed by Mr. Bonsignore on behalf of certain purported ORS objectors. This Joinder is frivolous because not only do Mr. Bonsignore's ORS objectors lack standing to appeal the amended settlements as non-class members, they also did not object to final approval of the amended settlements.[8] Accordingly, they may not appeal. *See* ECF No. 5127 (Ninth Circuit Order dated Mar. 2, 2017) ("Because appellant in No. 16-16395 did not object during the fairness hearing, she may not appeal the district court's order approving the class settlement.") (citing *Devlin*, 536 U.S. at 11) ("[T]he power to appeal is limited to those nonnamed class members who have objected during the fairness hearing.").[9]

_____

be attributable to the court's disposition of the suit in which intervention is sought").

[8] Mr. Bonsignore and his clients did not join in the objections to the amended settlements filed by the other ORS Objectors. *See* ECF No. 5732 at 1, 15 (listing individual ORS objectors and counsel). Indeed, Mr. Bonsignore has not appeared on any of the recent filings by the ORS Objectors even though he is Interim Co-Lead Counsel for the ORS. *See, e.g.*, ECF Nos. 5718, 5754.

[9] Because the ORS/NRS Objectors fail to articulate any interest justifying intervention, much less that any such interest is impaired, this Court need not examine whether their interests are adequately represented. *See Perry*, 587 F.3d at 950 ("Failure to satisfy any one of the requirements [for intervention] is fatal to the application, and we need not reach the remaining elements if one of the elements is not satisfied."). It bears repeating, however, that the ORS/NRS Objectors' adequacy of representation concerns have been addressed by preserving their claims and appointing separate counsel to represent them. ECF No. 5786 at 17-18.

## II.   THE ORS/NRS OBJECTORS DO NOT SATISFY THE REQUIREMENTS FOR PERMISSIVE INTERVENTION

### A.  Legal Standard

"'[A] court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common.'" *City of Los Angeles, Cal.*, 288 F.3d at 403 (quoting *Nw. Forest Res. Council v. Glickman,* 82 F.3d 825, 839 (9th Cir. 1996).[10] "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* (quoting Rule 24(b)).

The ORS/NRS Plaintiffs bear the burden of establishing that the requirements for permissive intervention, including lack of prejudice to other parties, are satisfied. *See Quantum Production Services, LLC v. Austin*, No. CV 09-5087 PSG (CWx), 2009 WL 3517695, at *3-5 (C.D. Cal. Oct. 26, 2009) (permissive intervention requires showing a lack of prejudice to existing parties and noting "[r]egardless of whether an applicant seeks intervention as a matter of right or permissive intervention, the burden is on the prospective intervenor to demonstrate that the conditions for intervention are satisfied.").

"Even if an applicant satisfies [Rule 24(b)'s] threshold requirements, the district court has discretion to deny permissive intervention." *S. Cal. Edison Co. v. Lynch*, 307 F.3d at 803, <u>modified,</u> 307 F.3d 943 (9th Cir. 2002), and *certified question answered sub nom. S. Cal. Edison Co. v. Peevey,* 31 Cal. App. 4th 781 (2003); *see also Lindblom v. Santander Consumer USA, Inc.*, 771 F. App'x 454, 455 (9th Cir. 2019) (affirming denial of permissive intervention and noting the "broad discretion" given to district courts under Rule 24(b)); *Center for Auto Safety v. Chrysler Group, LLC*, 747 F. App'x 463, 466 (9th Cir. 2018) ("In reviewing a denial of a motion to permissively intervene under Fed. R. Civ. P. 24(b), we only have jurisdiction if the district court

---

[10] As previously noted, IPPs do not contend that this Motion is untimely or that their legal claims against Defendants do not share common questions of law or fact with Objectors' claims.

INDIRECT PURCHASER PLAINTIFFS' OPPOSITION MOTION TO INTERVENE FOR PURPOSE OF APPEALING DENIAL OF OBJECTIONS TO SETTLEMENTS

1    abused its discretion in denying the motion . . . . If there was no abuse of discretion, we dismiss for

2    want of jurisdiction.").

3        **B.  No "Independent Jurisdiction" Exists Permitting The ORS/NRS Objectors To Intervene And Appeal The Final Approval Order.**

4        As demonstrated above, the ORS/NRS Objectors have no legally protectable interest

5    providing an independent jurisdictional basis to appeal. Indeed, the ORS/NRS Objectors do not

6    even attempt to argue how, as non-parties, they might have such a protectable interest. Rather,

7    they attempt to sidestep the issue, claiming—without support—that "jurisdiction is not even

8    contested" because they are "putative class members."  ECF No. 5792 at 8. While the ORS/NRS

9    Plaintiffs may be members of the Nationwide Class, they are not members of the amended

10   settlement class and thus lack Article III standing to object to the amended settlements. *See* Final

11   Approval Order at 9-10.

12       The ORS/NRS Objectors must likewise demonstrate Article III standing to appeal the

13   Final Approval Order. *See Legal Aid Soc. of Alameda Cty. v. Brennan,* 608 F.2d 1319, 1328 (9th

14   Cir. 1979) (proposed intervenors for purposes of appeal must demonstrate "a threat of

15   particularized injury from the order they seek to reverse that would be avoided or redressed if their

16   appeal succeeds."); *Greenlining Inst. v. FCC*, 802 F. App'x 232, 233 (9th Cir. 2020) ("At least one

17   petitioner must have Article III standing *for each of the challenges raised on appeal*.") (emphasis

18   added). Simply pointing to their purported membership in the Nationwide Class falls far short of

19   demonstrating "a threat of particularized injury" from the Final Approval Order. Nor do they

20   explain how any harm to the ORS/NRS "would be avoided or redressed if their appeal succeeds."

21   Indeed, Defendants have repeatedly emphasized that the ORS/NRS will face the same "viability

22   arguments" regardless of IPPs' amended settlements. *See, e.g.,* ECF Nos. 5663 at 2, 5757 at 8.

23       Since the ORS/NRS Objectors did not have standing to object to the amended settlements,

24   and have failed to demonstrate an independent jurisdictional basis to support permissive

25   intervention in order to appeal the amended settlements, their Motion must be denied.

26

27

28

INDIRECT PURCHASER PLAINTIFFS' OPPOSITION MOTION TO INTERVENE FOR PURPOSE OF
APPEALING DENIAL OF OBJECTIONS TO SETTLEMENTS

**C.  Permitting The ORS/NRS Objectors To Intervene And Appeal Approval Of The Amended Settlements Would Greatly Prejudice The Settling Parties**

The ORS/NRS Objectors make little effort to meet their burden of showing lack of prejudice to the IPPs and Defendants. They do not do so because their *purpose* is to prejudice IPPs and Defendants by derailing the amended settlements and undoing the Final Approval Order. The risk of unraveling the settlements alone justifies denial of the Fourth Intervention Motion. *See Empire Blue Cross and Blue Shield v. Janet Greeson's A Place For Us, Inc.*, 62 F.3d 1217, 1220 (9th Cir. 1995) (potential for unraveling or blocking settlement between existing parties constitutes prejudice to those parties justifying denial of motion for permissive intervention); *Cosgrove v. National Fire & Marine Ins. Co.*, 770 F. App'x 793, 795 (9th Cir. 2019) (denying permissive intervention where, as here, proposed intervenors would prejudice existing parties' ability to end the case through settlement).

The ORS/NRS Objectors' pursuit of their claims cannot justify their attempts to block IPPs' amended settlements. As this Court told the ORS/NRS Objectors' counsel in August 2019:

> I was asked with great conviction if I would please appoint separate lawyers for these subclasses because I was told: We wish to fight. Good, fight. But please don't tell me to tell some party that wants to settle with fewer than everybody that they have to talk only to everybody.

Transcript of Hearing, August 8, 2019, at 7:10-16; *see also Kakani v. Oracle Corp.*, No. C 06-06493 WHA, 2007 WL 1793774, at *11 (N.D. Cal. June 19, 2007) ("The Court, of course, cannot force an unwanted settlement on anyone.").

Granting the ORS/NRS Objectors' Fourth Intervention Motion would facilitate their goal of delaying or detonating any settlement that does not include them as parties. The risk of further delay also justifies denying permissive intervention. *See L.A. SMSA Ltd. P'ship v. City of Los Angeles, Cal.*, No. 19-56011, 2020 WL 3001025, at *2 (9th Cir. June 4, 2020) (The district court did not abuse its discretion in denying permissive intervention where the district court "reasonably determined that Reynier's participation as a party in this suit is likely to delay proceedings."); *Hilsley v. Ocean Spray Cranberries, Inc.*, No. 17-cv-2335-GPC (MDD), 2020 WL 475164, at *4 (S.D. Cal. Jan. 29, 2020) ("The Court finds that the potential prejudicial effect, delay and derailment of the settlement that would be caused by intervention warrant denial of the motion to

INDIRECT PURCHASER PLAINTIFFS' OPPOSITION MOTION TO INTERVENE FOR PURPOSE OF APPEALING DENIAL OF OBJECTIONS TO SETTLEMENTS

intervene."). This is particularly true here given that this case has been pending for 13 years, and the settlements have already been delayed for five years. IPP class members should not be required wait any longer.

## CONCLUSION

For all of the foregoing reasons, the ORS/NRS Objectors' Fourth Intervention Motion should be denied.

Dated: July 30, 2020                    Respectfully submitted,


                                        By:    */s/ Mario N. Alioto*
                                               MARIO N. ALIOTO (56433)
                                               LAUREN C. CAPURRO (241151)
                                               **TRUMP, ALIOTO, TRUMP &**
                                               **PRESCOTT, LLP**
                                               2280 Union Street
                                               San Francisco, California 94123
                                               Telephone: (415) 563-7200
                                               Facsimile: (415) 346-0679

                                               ***Lead Counsel for the Indirect***
                                               ***Purchaser Plaintiffs for the 22 States***

INDIRECT PURCHASER PLAINTIFFS' OPPOSITION MOTION TO INTERVENE FOR PURPOSE OF
APPEALING DENIAL OF OBJECTIONS TO SETTLEMENTS