Jane Becker Whitaker, PR-Bar Num. 9352
Becker Vissepo, PSC
1225 Ponce de Leon, Suite 1102
San Juan, PR 00907
Tel. 787 945.2406
jbw@beckervissepo.com
janebeckerwhitaker@gmail.com

J. Barton Goplerud
Shindler, Anderson, Goplerud & Weese, P.C.
5015 GRAND RIDGE DRIVE, SUITE 100
WEST DES MOINES
IA 50265
Tel: (515) 223-4567
goplerud@sagwlaw.com

John A. Girardi
Girardi/Keese
1126 Wilshire Blvd.
Los Angeles, CA 90017
Tel. (213) 262-6777
Email: jgirardi@girardikeese.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. 07-cv-5944 JST |
| This Document Relates To: | **GOVERNMENT OF PUERTO RICO'S REPLY TO DEFENDANTS' OPPOSITION TO SERVE FOREIGN DEFENDANTS THROUGH THEIR UNITED STATES-BASED COUNSEL UNDER FEDERAL RULE CIVIL PROCEDURE 4(F)(3)** |
| *Government of Puerto Rico v. Panasonic Corporation of North America, et al, Orig C.A No. 3:19-01246* | |
| | Date:  Sept. 2, 2020
Time: 2:00 p.m.
Courtroom:  6, 2nd floor
Judge:  Honorable Jon S. Tigar |

## I. INTRODUCTION

The Government of Puerto Rico, through undersigned counsel, replies to Defendants' Opposition to its Motion to serve certain foreign Defendants through their respective U.S. counsel because the law of the case so provides.

We are not writing on a clean slate. This Court has already ruled that foreign defendants shall be served through domestic subsidiaries. This Court has noted "that under Federal Rule of Civil Procedure 4(f)(3)[1] and the relevant case law, service on foreign defendants, even those who are signatories to the Hague Convention, is proper under Rule 4(f)(3) where the foreign defendants have domestic subsidiaries and/or counsel and where service does not require transmittal abroad.[2] *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) (holding that the "only transmittal [of service] to which the [Hague] Convention applies is a transmittal abroad that is required as a necessary part of service"). *Id.* at 2.[1]

When the indirect purchasers asked to serve foreign defendants through their domestic subsidiaries, Docket 344, only two defendants, Konicklijke Electronics, NV and Toshiba Corporation, opposed the motion. Docket 354, 357. Hitachi, Ltd, Hitachi Asia, Ltd., Matsushita Electric Industrial, Ltd., MT Picture Display, Co., Ltd.,  Samsung Electronics, Co., Ltd., IRICO Display Devices, Co., Ltd., IRICO Group Corporation, and Beijing Matsushita Color CRT Company, Ltd. sensibly stipulated to acceptance of service. Dockets 353, 356, 360, 361, 372. *See Declaration of John A. Girardi Exhibit 1*  Table with defendants who refused to accept service highlighted. [This Court then ordered those defendants to accept service.]

Moreover, the indirect purchasers sought service via counsel for the domestic subsidiaries before spending a dime on translations and service. Docket 344 at 5.

---

[1] Docket 374 has neither been published nor designated not for citation. But even if it had, Local Rule 3-4(e) allows its citation if necessary for law-of-the-case purposes.

Here, the Government of Puerto Rico started its efforts to serve the foreign defendants years ago. Then, Defendants removed this case from the Superior Court of San Juan to the Federal District Court of Puerto Rico, which led to its transfer here.

Nonetheless, Defendants insist on asking this Court to reverse itself. Defendants maintain that Puerto Rico can point to no case where (in the absence of defendant-specific analysis) service on foreign defendants through their domestic subsidiaries has been permitted. Docket 5801 at 2. But on pages ii, 2, and 12 of indirect purchasers' opening brief, they directed this Court to its own decisions in this very case. Docket 5783.

This Court has already rejected Defendants' argument about footnote four in *Rio Properties,* finding it inapposite because the Hague Convention does not apply to service via counsel for the domestic subsidiaries. Defendants now ask this Court to revisit a decision made twelve years ago.

## II. THE LAW OF THE CASE PROVIDES FOR SERVICE ON FOREIGN DEFENDANTS THROUGH THEIR DOMESTIC SUBSIDIARIES.

"[A] court should be 'loathe to revisit its own decisions' in the absence of extraordinary circumstances such as where the initial decision was `clearly erroneous and would work a manifest injustice." *Stevens v. United Services Auto. Assn,* 2020 WL 34511533 at *3 (E.D. Wash., June 24, 2020) *quoting Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988) (internal citation omitted)." Here, as the Government of Puerto Rico argued in its motion for leave to serve foreign defendants through their domestic subsidiaries, Docket 5783, this Court's 2008 decision was eminently just. It provided all the notice that due process requires for the foreign defendants, and it provided the indirect purchasers with a swift means of serving all defendants." Although Federal Rule of Civil Procedure] 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and

conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted)." This is because the law of the case doctrine instructs that "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander,* 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible,* 983 F.2d 152, 154 (9th Cir. 1993)). Defendants provide this Court with no rationale for holding that its order of 2008 should be revisited or adjusted. Defendants have litigated pursuant to that order for twelve years. They have reached a settlement that this Court has approved. We would hope they would do the same for the claims of the Government of Puerto Rico, which is in bankruptcy, instead of insisting that the government spend money on translations and service that was not required of the indirect purchasers.

### III.  CONCLUSION

The Government respectfully requests that the Court permit it to serve the Foreign Defendants through their United States based counsel as the indirect purchaser plaintiffs were permitted to do in 2008 because Defendants have not demonstrated an extraordinary reason for this Court to overturn its decision that such service will provide them with due process and is not prohibited by international agreement.

DATED:  July 31, 2020                             Respectfully submitted,

By:        /s/ John A. Girardi
           JOHN A. GIRARDI
           Attorneys for Plaintiff,
           the Government of Puerto Rico

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1126 Wilshire Boulevard, Los Angeles, CA 90017-1904.

On July 31, 2020, I served true copies of the following document(s) described as **GOVERNMENT OF PUERTO RICO'S REPLY TO DEFENDANTS' OPPOSITION TO SERVE FOREIGN DEFENDANTS THROUGH THEIR UNITED STATES-BASED COUNSEL UNDER FRCP 4(F)(3)** on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 31, 2020, at Los Angeles, California.

/s/ Kali V. Fournier
Kali V. Fournier