Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 788-7210
Facsimile: (415) 788-0706
fos@scarpullalaw.com
pbc@scarpullalaw.com

*Interim Co-Lead Counsel for the ORS Subclass*

Tracy R. Kirkham (69912)
John D. Bogdanov (215830)
Cooper & Kirkham, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415)788-3030
Facsimile: (415) 882-7040
trk@coopkirk.com
jdb@coopkirk.com

*Interim Lead Counsel for the NRS Subclass*

Theresa D. Moore (99978)
Law Offices of Theresa D. Moore
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 613-1414
tmoore@aliotolaw.com

*Interim Co-Lead Counsel for the ORS Subclass*

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates To:<br><br>All Indirect Purchaser Actions | Master File No. 4:07-cv-5944-JST<br><br>MDL No. 1917<br><br>**REPLY IN SUPPORT OF MOTION TO INTERVENE FOR PURPOSE OF APPEALING DENIAL OF OBJECTIONS TO SETTLEMENTS**<br><br>Hearing Date: *Submitted on papers*<br><br>Judge:      Honorable Jon S. Tigar<br>Courtroom:  6, 2nd Floor |

ORS and NRS Plaintiffs respectfully submit this reply in support of their motion to intervene for purposes of appeal (the "Motion").

This motion is about the fairness and justice of allowing those members of the nationwide class in this litigation who are not in the 22-state settlement subclass full access to the judicial process designed to ensure that their interests are neither sacrificed nor impaired by the settlements. Since this Court has ruled that the ORS and NRS plaintiffs are not parties for the purpose of raising objections, the proper procedure, as the Ninth Circuit has noted (ECF No. 5738 at 4), is for them to intervene to become parties for that limited purpose. The Settling Defendants and Indirect Purchaser Plaintiffs in the 22-state settlement classes ("IPPs") oppose the Motion. Each opposition makes essentially the same assertions which ignore the practical realities of the potential harmful effects of the settlements on the ORS and NRS Plaintiffs' interests. Both rely on the fact that the "amended" settlements no longer provide for releases of the ORS and NRS putative classes' claims as evidence that the settlements have no effect on them, and assert that this is all that matters when considering whether intervention is appropriate. However, just because the ORS and NRS claims are not being explicitly released does not mean that these settlements do not have the potential to prejudice the interests of the ORS and NRS Plaintiffs. The Ninth Circuit recognized the ORS and NRS Plaintiffs' arguments that the amended settlements had the potential to adversely affect their claims and suggested that the ORS and NRS Plaintiffs "mov[e] to intervene after final approval for the different purpose of appealing the denial of their objections to the settlement." ECF No. 5738 at 3-4.

Defendants assert that, "[b]ecause the amended settlements do not injure them, Movants cannot carry their burden to demonstrate that intervention is necessary to protect their interests." ECF No. 5805 at 6. IPPs' opposition comes down to the assertion that ORS and NRS Plaintiffs "have the right to pursue their claims, unfettered by any preclusive effects of the amended settlements…." ECF No. 5806 at 15. However, they never demonstrate that this is true.

The IPPs' settlements contain a provision agreeing to secure a judgment of dismissal with prejudice against the defendants for all claims of members of the certified 22 state settlement class, which includes all of the named plaintiffs in the MDL. IPP Lead Counsel asserts that this has no

compromising effect on the claims pleaded by these plaintiffs on behalf of the non-settling members of the nationwide class—the ORS and NRS Plaintiffs and their class members. While it may be accurate that there are still allegations of claims by a nationwide class in the Fifth Amended Consolidated Complaint, that fact does not address the effect of the releases given by all of the named plaintiffs as part of the settlements. The effect of those releases may be to remove the largest and most culpable defendants from any further proceedings in this MDL, to the direct prejudice of the ORS and NRS Plaintiffs. Clearly, IPP Lead Counsel is walking an ethical tightrope by advancing the 22 state subclass settlements while purporting to represent the nationwide class in the still-active Fifth Consolidated Amended Complaint (of which the ORS and NRS Plaintiffs are members), as well as the ORS class members in the more recently filed case against Mitsubishi.[1] While the defendants assert that the ORS and NRS Plaintiffs have no standing to oppose the settlements, they are not as forthcoming as IPP Counsel is in asserting that the claims of the ORS and NRS Plaintiffs remain in exactly the same posture pre- and post-settlement. Simply put, the question of whether the releases that are part of the settlements will impair the ability of ORS and NRS Plaintiffs and class members to prosecute their claims, either by intervention in the existing cases or by the filing of tag along actions, is not so clear cut that it can be decided on this intervention motion, or provide the basis for ruling that the ORS and NRS Plaintiffs have failed to demonstrate that their interests are also at issue in the 22-state subclass settlements.

      ORS and NRS Plaintiffs are no strangers to this litigation, and the interests they seek to advance and protect were previously advanced, and are still being advanced in the Fifth Consolidated Amended Complaint and the Mitsubishi Complaint, by the IPP plaintiffs and class representatives, and, as such, are intertwined in the current IPP settlements. ORS and NRS Plaintiffs' claims have been in this action since at least the first consolidated class action complaint. *See* ECF No. 437. The ORS and NRS Plaintiffs' current posture before this Court grows out of the original settlements of which the current settlements are amendments. However,

---

[1] Lead Counsel's conflict that troubled the Ninth Circuit is still rampant, even though this Court appointed additional counsel to protect the interests of the ORS and NRS plaintiffs.

1  these amendments do not resolve all of the issues raised in the objections to the original
2  settlements, and these objections survive and are now applicable to the amended settlements.
3        During the appeal of the IPPs' original settlements, this Court entered an order
4  "conclud[ing] that it erred in approving the parties' original settlement." ECF No. 5362 at 1.
5  Recognizing this Court's concession, the Ninth Circuit reasoned that the aspects of the original
6  settlement's unfairness noted by this Court "*necessarily affect[ed] the remaining issues on appeal*"
7  and, therefore, "remand[ed] th[e] case so that the district court [could] reconsider its approval of
8  the settlement." Ninth Circuit Case No. 16-16378, Dkt. 246 at 10-11 (emphasis added). There are
9  objections noted in the ORS and NRS Plaintiffs' Objections to the amended IPPs' settlements that
10 address the fact that the amended settlements perpetuate many of these "remaining issues," which
11 are still pending before the Ninth Circuit. Among the issues awaiting resolution are IPP counsel's
12 adequacy of representation to all parties, the adequacy of the notice given to all class members in
13 connection with the original settlement (upon which IPPs are relying to provide the constitutional
14 underpinning for their amended settlements) and the appropriate aggregate fee award (as well as
15 the proper allocation of fees among counsel). Just as these issues affected the ORS and NRS
16 Plaintiffs' interests as objectors to the original settlements, they continue to affect them now.
17 These issues stand in addition to the newly added provisions of the amended settlements which
18 directly affect the ORS and NRS Plaintiffs by potentially dismissing from the cases in which they
19 seek to intervene, the very defendants they allege are responsible for their injuries. As the
20 authorities cited in support of the Motion make clear, any person whose interests are potentially
21 affected by the settlement of the claims of another person has the right to be heard before that
22 settlement is given judicial approval and effect.
23       IPPs argue the MDL proceeding will survive after final approval of the amended
24 settlements, so there can be no impairment to the ORS and NRS Plaintiffs' ability to intervene or
25 file tag-along cases depending on which procedure the Ninth Circuit adopts. But final approval
26 and entry of judgment of dismissal on all of the currently-named plaintiffs' claims has at least the
27 potential to terminate the indirect purchaser MDL class litigation *as to all of the Settling*
28 *Defendants*. If that occurs, it will not matter if other, peripheral defendants or other types of

procedures remain active in the MDL cases. If all pending indirect purchaser class action claims *against the Settling Defendants* are dismissed with prejudice, then the ORS and NRS Plaintiffs may not be able to assert their claims against them through subsequent amendment in intervention, or by filing tag along actions, which, in turn, could bar them from invoking the relation back doctrine.

As discussed above, the IPP's proposed operative complaint includes no named plaintiffs from any state in the ORS or NRS Subclasses. *See* ECF No. 5589, ¶¶19-49. Once the IPPs' indirect purchaser class claims against the Settling Defendants are resolved through the resolution of appeals, if any, from the final approval of the amended settlements and the entry of judgments of dismissal, there will be no remaining *parties* alleging claims against the Settling Defendants on behalf of the nationwide class. If finality of the amended settlements is achieved before the Ninth Circuit resolves the question of whether intervention is a permissible vehicle for the ORS and NRS Plaintiffs to take up the prosecution of their subclasses' claims, it is possible that there will be no extant cases against the Settling Defendants into which intervention can occur. *See* ECF No. 5804 at 1 and ¶5. Even if the cases continue to exist for purposes of administering the settlements, any amendment in intervention adding new parties to the claims against the Settling Defendants potentially could be deemed to be *new* litigation and arguably negate the applicability of the relation back doctrine. Even if the weight of the law favors a finding that the relation back doctrine would still apply, simply having to litigate those issues in the context of the IPPs' settlements constitutes a harm that is cognizable and supports the ORS and NRS Plaintiffs' right to intervene. Pursuant to the controlling authorities, none of which is disputed in the opposition papers, neither the IPPs nor the defendants have shown that the ORS and NRS Plaintiffs' interests are so completely and conclusively unaffected by the settlements that the right to intervene for the purpose of protecting those interests on appeal can properly be denied.

Accordingly, ORS and NRS Plaintiffs respectfully request that the Court permit them to intervene for purposes of appeal of the order granting final approval of the amended settlements.

Dated: August 6, 2020                                    Respectfully submitted,

                                                         /s/ *Francis O. Scarpulla*
                                                         Francis O. Scarpulla

|   |   |
|---|---|
| | Francis O. Scarpulla (41059)<br>Patrick B. Clayton (240191)<br>Law Offices of Francis O. Scarpulla<br>456 Montgomery Street, 17th Floor<br>San Francisco, CA 94104<br>Telephone: 415-788-7210<br>fos@scarpullalaw.com<br>pbc@scarpullalaw.com<br><br>*Interim Co-Lead Counsel<br>for the ORS* |
| /s/  *Theresa D. Moore*<br>       Theresa D. Moore<br>Theresa D. Moore (99978)<br>Law Offices Of Theresa D. Moore<br>One Sansome Street, 35th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 613-1414<br>tmoore@aliotolaw.com<br><br>*Interim Co-Lead Counsel<br>for the ORS* | /s/  *Tracy R. Kirkham*<br>       Tracy R. Kirkham<br><br>Tracy R. Kirkham (69912)<br>John D. Bogdanov (215830)<br>COOPER & KIRKHAM, P.C.<br>357 Tehama Street, Second Floor<br>San Francisco, CA 94103<br>Telephone: (415) 788-3030<br>Facsimile: (415) 882-7040<br>Email:  trk@coopkirk.com<br>              jdb@coopkirk.com<br><br>*Interim Lead Counsel for Non-Repealer State Subclass* |
| Christopher A. Nedeau (81297)<br>Nedeau Law Firm<br>154 Baker Street<br>San Francisco, CA 94117<br>Telephone: (415) 516-4010<br>cnedeau@nedeaulaw.net<br><br>*Counsel for the ORS* | John G. Crabtree, *appearing pro hac vice*<br>Brian Tackenberg, *appearing pro hac vice*<br>Crabtree & Auslander<br>240 Crandon Boulevard, Suite 101<br>Key Biscayne, FL 33149<br>Telephone:  (305) 361-3770<br>jcrabtree@crabtreelaw.com<br>btackenberg@crabtreelaw.com<br><br>*Counsel for the ORS*<br><br>Brian M. Torres, *appearing pro hac vice*<br>Brian M. Torres, P.A.<br>One S.E. Third Avenue, Suite 3000<br>Miami, FL  33131<br>Telephone:  (305) 901-5858<br>btorres@briantorres.legal<br><br>*Counsel for the ORS* |

## ATTESTATION

I hereby attest pursuant to Civil Local Rule 5-1(i)(3) that concurrence in the filing of this document has been obtained from all signatories.

/s/ *Francis O. Scarpulla*
Francis O. Scarpulla

<u>PROOF OF SERVICE</u>

On August 6, 2020, I caused the following:

**REPLY IN SUPPORT OF MOTION TO INTERVENE FOR PURPOSE OF APPEALING DENIAL OF OBJECTIONS TO SETTLEMENTS**

to be electronically filed through ECF. All counsel of record associated with this matter will be notified of this filing through the Court's ECF System.

*/s/ Francis O. Scarpulla*
Francis O. Scarpulla