Robert J. Bonsignore, *pro hac vice forthcoming*
Lisa A. Sleboda, *appearing pro hac vice*
BONSIGNORE TRIAL LAWYERS, PLLC
3771 Meadowcrest Drive
Las Vegas, NV 89121
Phone: 781-856-7650
Email: rbonsignore@classactions.us
Facsimile: (702) 852-5726
Email: rbonsignore@classactions.us

*Interim Co-Lead Counsel for the ORS Subclass*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 4:07-cv-5944-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect-Purchaser Actions | **REPLY IN FURTHER SUPPORT OF JOINDER AND MOTION TO INTERVENE FOR PURPOSE OF APPEALING DENIAL OF OBJECTIONS TO SETTLEMENTS (DKT. 5792)**<br><br>Hearing Date: *Submitted on papers*<br>Courtroom:  6, 2nd Floor<br>Judge:  Hon. Jon S. Tigar |

ORS Class Plaintiffs Warren Cutlip, the Estate of Barbara Caldwell, Anthony Gianasca, Mina Ashkannejhad (individually and/or as Administrator of the Estate of the Late R. Deryl Edwards, Jr.), Jeff Craig and George Maglaras (collectively, the "ORS Objector Plaintiffs") respectfully submit this reply memorandum in further support of their joinder in the Notice of Motion and Motion to Intervene for Purpose of Appealing Denial of Objections to Settlements (the "Motion to Intervene for Appeal" or "Motion") (Dkt. 5792), filed by Tyler Ayres, Mike Bratcher, Nikki Crawley, Jay Erickson, Harry Garavanian, John Heenan, Hope Hitchcock, D. Bruce Johnson, Jeff Johnson, Kerry Murphy, Chris Seufert, Robert Stephenson, Gary Talewsky, William Trentham and Eleanor Lewis (collectively, the "ORS/NRS Movants") pending before this Court. The ORS Objector Plaintiffs join in the reply memorandum filed by the ORS/NRS Movants in response to the oppositions to the Motion filed by IPP Class Counsel (Dkt. 5806) and the settling Defendants (Dkt. 5805) (collectively, the "Oppositions"), which is incorporated herein by reference, and respectfully request that any relief ordered by the Court relative to the Motion to Intervene for Appeal be ordered in favor of the ORS Objector Plaintiffs.

The ORS Objector Plaintiffs further file this reply to address a baseless additional argument directed solely at them in the Oppositions. IPP Class Counsel and the Settling Defendants argue that the ORS Objector Plaintiffs lack standing to appeal approval of the amended settlements because they did not go through the exercise in the final approval process of re-filing the objections already presented during the preliminary approval process which the Court had conclusively rejected, finding they had no standing to assert them. There is no support for imposing such an exercise in futility upon the ORS Objector Plaintiffs to create appellate standing.

1

In the timely filed opposition to IPPs' motion for preliminary approval of the amended settlements, the ORS Objector Plaintiffs' objections to the amended settlements were presented. Dkt. 5607. Those detailed objections included, *inter alia*, the modification of the original settlements without re-notice to the now-excluded class members; the amended settlements' disparate treatment of class members in violation of the due process requirement of Federal Rule of Civil Procedure 23(e)(2)(D) that any proposed settlement must treat class members equitably relative to each other; the lack of adequate representation by IPP Class Counsel (who had not been relieved of his duties to the ORS or the nationwide putative class as lead MDL counsel when negotiating them) throughout the entirety of the litigation and negotiation process in violation of Rule 23; and the impact of that dereliction of duty upon the awarded attorneys' fees.[1] *See* Dkt. 5607 at 9-14.

In its March 11, 2020 preliminary approval order, the Court held that "the persons and entities in these [ORS and NRS] subclasses are not members of the amended settlement Class and have no standing to object to IPP Plaintiffs' motion for preliminary approval of the amended settlements," and it struck their objections. Dkt. 5695 at 7. That ruling as to the ORS Plaintiff Objectors' standing to object to the amended settlements became law of the case and merged into the final approval order for purposes of appeal. *See Oliver v. SD-3C LLC*, 11-CV-01260-JSW, 2016 WL 5950345, at *9 (N.D. Cal. Sept. 30, 2016) (district court prior ruling and analysis on

---

[1] As the ORS Plaintiff Objectors have consistently argued, the failure to review the adequacy of class counsel and to allow related discovery was reversible error, including, but not limited to, the legal malpractice that lead to the abandonment of the Massachusetts class members being jettisoned from the class, and the refusal of class counsel to include class members from New Hampshire and Missouri despite being presented with interested and qualified IPP victims with documentation of purchase. Also, the narrow criteria for allowing an objection to the amended settlements was unlawful, as was the peeling off of the harmed and abandoned members of the class. Moreover, payments made to objectors to the amended settlements were not disclosed during the final approval proceedings by IPP Class Counsel as required.

lack of standing was law of the case in subsequent challenge); *American Ironworks & Erectors, Inc. v. North Am. Const. Corp.*, 248 F.3d 892, 897 (9th Cir. 2001) ("a party may appeal interlocutory orders after entry of final judgment because those orders merge into that final judgment").

IPP Class Counsel and the Settling Defendants' reliance upon cherry-picked language from a Ninth Circuit order dismissing the prior appeal of NRS class member Eleanor Lewis of the final approval of the original settlements to argue that objection at the final approval hearing was a prerequisite to appeal is disingenuous at best. *See* Dkt. 5806 at 15, *citing* ECF No. 5127 (Ninth Circuit Order dated Mar. 2, 2017) ("Because appellant in No. 16-16395 did not object during the fairness hearing, she may not appeal the district court's order approving the class settlement."). As explicitly noted by IPP Class Counsel in their motion to dismiss her appeal, "[t]here [was] no record of Ms. Lewis ever having participated in this litigation prior to July 14, 2016," which was one week *subsequent* to final approval, unlike the timely filed objections at issue here. *See* Case: 16-16395, Dkt. 33-1 at 8. Similarly, despite its selective quotation in the Oppositions, the Supreme Court decision in *Devlin v. Scardelletti*, 536 U.S. 1 (2002) does not stand for the proposition that futile objections must be re-asserted at the fairness hearing to confer appellate standing to object to final approval of a defective class settlement. The Court simply was not presented with that issue. Neither IPP Class Counsel nor the Settling Defendants have identified any legal basis for requiring the ORS Objector Plaintiffs to go through the exercise of re-asserting identical objections which the Court had already determined they have no standing to present.[2]

---

[2] It cannot escape notice that IPP Class Counsel sought at every turn to prevent the ORS/NRS Movants from presenting during the final approval process the very objections that it now argues

Indeed, the Ninth Circuit, when dismissing the ORS/NRS Movants' attempt to appeal the preliminary approval of the amended settlements and the striking of the objections asserted thereto, explicitly stated that "if final approval is granted, [ORS Plaintiffs] can seek to appeal the denial of their objections then." Dkt. 5738 at 4 (Ninth Circuit Order as entered on this Court's docket). Notably, that court did not condition the ORS Plaintiffs' ability to intervene to file an appeal upon the re-filing of redundant, futile objections during the final approval process. Rather, it noted that deferral of an appeal of the denial of the objections -- which had already occurred due to a lack of standing -- was appropriate because "[t]he district court's conclusion that Appellants lack standing to object to the settlement will be of no moment if final approval is denied for other reasons." *Id.* at 3-4.

The amended settlements have now been granted final approval by the Court. Dkt. 5786. The ORS Objector Plaintiffs seek to follow the procedure set forth by the Ninth Circuit to obtain review of the rejection of their objections to those amended settlements. The Court should reject IPP Class Counsel's and the Settling Defendants' attempt to manufacture a non-existent additional hurdle for those class members to exercise their fair and just right to appeal.

## CONCLUSION

For the foregoing reasons, the reasons set forth in prior filings, the unmet requirements of Rule 23 and due process, as well as those raised in the ORS/NRS Movants' motion and briefs incorporated herein, the ORS Objector Plaintiffs respectfully request that the Court grant the

---

that the ORS Objector Plaintiffs were required to file to create appellate standing or that the ORS/NRS Movants final approval objections were in fact stricken once again in the final approval order for the lacking of standing already found to exist by the Court in the preliminary approval order. *See* Dkt. 5786 at 10.

Motion to Intervene for Appeal and that any relief ordered by the Court relative to the Motion to Intervene for Appeal be ordered in favor of the ORS Objector Plaintiffs.

Dated:  August 6, 2020                                Respectfully submitted,


      /s/ Robert J. Bonsignore
        Robert J. Bonsignore

Robert J. Bonsignore, *pro hac vice forthcoming*
Lisa A. Sleboda, *pro hac vice*
Bonsignore Trial Lawyers, PLLC
3771 Meadowcrest Drive
Las Vegas, NV  89121
Telephone:  (781) 845-7650
Facsimile:   (702) 852-5626
Email:  rbonsignore@class-actions.us

*Interim Co-Lead Counsel*
*for the ORS*

Joseph Alioto (42680)
Alioto Law Firm
One Sansome St. 35 Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
jmalioto@aliotolaw.com

D. Michael Noonan, *pro hac vice*
Shaheen and Gordon
353 Central Avenue
P.O. Box 977
Dover, NH 03821
Telephone: (603) 871-4144
mnoonan@shaheengordon.com
wshaheen@shaheengordon.com
ccraig@shaheengordon.com
lkarl@shaheengordon.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed *via* CM/ECF on August 6, 2020, and as a result has been served on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

           */s/ Robert J. Bonsignore*
           Robert J. Bonsignore