Robert J. Bonsignore, *appearing pro hac vice*
Lisa A. Sleboda, *appearing pro hac vice*
BONSIGNORE TRIAL LAWYERS, PLLC
3771 Meadowcrest Drive
Las Vegas, NV 89121
Phone: 781-856-7650
Email: rbonsignore@classactions.us

*Counsel for Indirect Purchaser Plaintiff*
*Class Member Objectors*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 4:07-cv-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **REQUEST FOR EXPEDITED RELIEF AND MOTIONS TO EXTEND TIME TO APPEAL JUDGMENT AND TO INTERVENE FOR PURPOSE OF APPEAL** |
| All Indirect-Purchaser Actions | |
| | Hearing Date: *Submitted on papers* |
| | Judge:       Honorable Jon S. Tigar |
| | Courtroom:   6, 2nd Floor |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

### NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS:

PLEASE TAKE NOTICE that before the Honorable Jon S. Tigar, United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California 94612, counsel for Class Plaintiffs Jeff Speaect (SD); Gloria A. Comeaux (NV); Craig A. Schuler (NE) ; Valerie G. Deick (NV); Lisa L. Butterbrodt (WI); Dale B. McKenzie (CA); Eric R. Coggins (AZ); Heather J. Gordon (FL); Dennis S. Cornett (TN); David N. Watson (MI); Brendan C. McCann (NY); Jessica M. McIntyre (VT); Miguel A. Albarran (FL); and Mary J. Baucom (NM) (collectively, the "Objectors"), hereby, through their undersigned counsel,[1] move the Court for the following expedited relief:  (1) an order extending the time to file a notice of appeal for the final judgment entered on July 29, 2020 (the "Judgment") (Dkt. 5804) and the underlying merged orders pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A) (the "Extension Motion") until September 27, 2020, to permit the Court's resolution of the concurrently presented Intervention Motion (as defined herein) and (2) an order pursuant to Federal Rule of Civil Procedure 24 permitting the Objectors to intervene for the purpose of appealing the Judgment and the denial of their objections to the settlements that have been granted final approval (the "Intervention Motion").[2]

The Objectors request that the Extension Motion be expedited for determination prior to the due date for the notice of appeal of the Judgment (August 28, 2020) pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), and that the Intervention Motion be expedited for determination prior to September 27, 2020, to allow for compliance with Federal Rule of Appellate Procedure 4(a)(5)(C).

---

[1] Due to prior misrepresentations made by IPP Class Counsel as to the undersigned's status as pro hac vice counsel in this action, counsel respectfully directs attention to paragraph 6 of Pretrial Order No. 1, entered on April 4, 2008, which specifically states that "Attorneys admitted to practice and in good standing in any United States District Court are admitted pro hac vice in this litigation." *See* Dkt. 230 at 7.

[2] Pursuant to Fed. R. Civ. P. 24(c), attached hereto as Exhibit A is the Order Granting Final Approval (Dkt. 5786).

---

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

The motions are based on this notice, the accompanying Memorandum of Points and Authorities, all other pleadings and papers filed in this action, and such additional evidence or argument that may be presented at any hearing before the Court.

The Objectors request the Court to deem this matter submitted at the conclusion of the briefing. As noted on the Court's online calendar page, "[p]arties may file a motion without a noticed hearing date, in which case the matter will be deemed submitted upon filing of the reply brief unless otherwise ordered by the Court."[3]

---

[3] *See* https://apps.cand.uscourts.gov/CEO/cfd.aspx?7146#Notes.

1

2

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### INTRODUCTION

Through the instant motion, the IPP Objectors seek to exercise their due process-guaranteed rights as unnamed settlement class members to test the settlements that bind them and forever release their claims. The record established that each Objector purchased at least one CRT-containing product during the class period, resides in one of the twenty-two qualifying Included Repealer States, submitted a timely objection, and appeared through counsel at the final approval hearing opposing the approved amended settlements.[4] Allowance of intervention for the purpose of enabling them to appeal such approval should be granted to permit them to exercise their due process-guaranteed rights to challenge the release of their claims under circumstances that they believe presented plain evidence of a conflict of interest and a lack of arms'-length negotiation as well as violations of Rule 23's requirements. Denial will disparately treat similarly situated class members and may cut off warranted appellate review of the issues referenced throughout this litigation.

### RELEVANT FACTUAL BACKGROUND

On July 13, 2020, the Court entered an order certifying a settlement class of a subset of Indirect Purchaser Plaintiffs that included twenty-two state classes ("IPPs") and granting final approval to amended settlements between the IPPs and certain Defendants (the "Amended Settlements"). Dkt. 5786. Final judgment dismissing the Defendants with prejudice was entered on July 29, 2020.  Dkt. 5804.

---

[4] As detailed below, Objectors Speaect and Comeaux were named class representatives in the Fourth Consolidated Amended Complaint, the operative complaint in the MDL from 2013 to 2019, and objected on the record in multiple court filings to the original 2016 settlements, and therefore possessed indisputable standing to object to settlements disposing of their claims and to appeal their final approval. During the litigation, their proofs of purchase were heavily vetted by Lead and Class Counsel prior to their being offered up as class representatives as well as during their depositions. Nevertheless, they are included in the present motions in an abundance of caution.

Those Amended Settlements originated from prior defective settlements (the "2016 Settlements") that IPP Lead Counsel had negotiated and entered into in 2016 on behalf of all members of the nationwide putative class in disregard of his duty of adequate representation. Dkt. 5362. Although initially granting final approval, the Court thereafter found such approval to have been erroneous, and the Ninth Circuit then remanded the then-pending appeal of final approval for reconsideration of IPP Class Counsel's adequacy of representation under Federal Rule of Civil Procedure 23(a)(4) and of the attorneys' fees awarded to Lead Counsel. *Id.*; 9th Cir. Case No. 16-16373, Dkt. 252.

Reconsideration of the 2016 Settlements was ever carried out. Instead, IPP Class Counsel continued to advocate for and pursue their fees and the existing settlements at all costs. This eventually resulted in the jettisoning of all end-use purchasers who stood in their way. In fact, rather than lift a finger to restore class members from other Repealer States, who were certain to appeal if they were again left out, they simply discarded the subset of Omitted Repealer State class members that presented an obstacle to those settlements. Through this gamesmanship, IPP Class Counsel was able to preserve most of the monetary core of the original settlements, secure a massive attorneys' fee (though slightly lessened for rank and file Class Counsel), and evade judicial scrutiny of the entirety of his representation as Lead Class Counsel, which had included exclusive representation of the Omitted Repealer States and their claims for over ten years.

The IPP Objectors are all members of the settlement class. Dkt. 5739-49, 5751-52, 5755. They are from twelve of the twenty-two IPP IRS subclasses and their claims are therefore included and released in the Amended Settlements. They all timely objected to those settlements and the proposed award of attorneys' fees to IPP Class Counsel, attested to their membership in the class and included the information listed in the notice that was required to be included in an objection to the amendments, the 2016 Settlements or attorneys' fees. *Id.*; Dkt. 5587-2 at 16 (the "Notice of Amendment"); *see* www.crtclaims.com. Each Objector signed and dated the

Objection and submitted it to this Court.  IPP Class Counsel responded to those objections on June 12, 2020. Dkt. 5758. The Objectors responded to that filing through counsel in a Supplemental Brief on July 3, 2020. Dkt. 5779

Objectors Jeff Speaect and Gloria Comeaux were well-known to IPP Class Counsel as qualifying class members from the states of South Dakota and Nevada, respectively. After heavily vetting them, including their evidence of purchase, IPP Lead Counsel named them as class representatives for such states in his Fourth Consolidated Amended Complaint filed on January 10, 2013 (Dkt. 1526), which remained operative until September 19, 2019. Further, they each filed multiple objections to the original 2016 Settlements and notice thereof and even participated in the Ninth Circuit appeal proceedings for the original settlements and, therefore, fell within the Notice of Amendment's parameters. *See* Dkt. 4119, 4144, 4404, 4440; 9th Cir. Case Nos. 16-16373, 16-16399, 16-16400. Mr. Speaect's and Ms. Comeaux's depositions were taken and their proofs of purchase produced, which have been at all times relevant in the possession of IPP Lead Counsel.  Dkt. 5796-1. Nevertheless, IPP Class Counsel attacked their standing to object to the Amended Settlements, disingenuously calling them "purported class members." *See* Dkt. 5758 at 13. Mr. Speaect and Ms. Comeaux attempted to correct that representation in their Supplemental Brief, which ultimately was stricken. *See* Dkt. 5779 at 8.

All Objectors appeared through the undersigned as their counsel at the fairness hearing on July 8, 2020 for the Amended Settlements. In the final approval order, their objections were stricken. Dkt. 5786 at 13.

The Objectors have brought the instant motion to enable them to appeal approval of the Amended Settlements, which indisputably bind them and prevent any independent action by them to assert their rights and claims against the Settling Defendants.

**ARGUMENT**

**I.     EXPEDITED TREATMENT AND GRANTING OF THE REQUEST
        TO EXTEND THE TIME TO APPEAL IS WARRANTED**

The Objectors' pursuit of an appeal presents the procedural complication that their motion to intervene to pursue that appeal will not be resolved prior to the expiration of the 30-day time period in which an appeal of the Judgment must be filed.  *See* L.R. 7-3 (schedule for briefing of motions). As a method endorsed in such circumstances, the Objectors request an extension of the deadline to appeal the Judgment pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A). *See, e.g.*, *CE Design, Ltd. v. Cy's Crab House N., Inc.*, 731 F.3d 725, 729 (7th Cir. 2013). Such an extension may be granted *ex parte*. Fed. R. App. P. 4(a)(5)(B).

The Extension Motion should be granted here to avoid rendering an ultimate appeal meaningless. The conundrum presented by the expiration of the limitations period for an appeal of a final approval order prior to the resolution of a motion to intervene for the purposes of presenting such an appeal was the subject of *CE Design, Ltd. v. Cy's Crab House N., Inc.*  There, although the objector had filed a timely motion to intervene to challenge final approval of a class settlement, it did not file a notice of appeal for the underlying judgment at issue within the 30-day time period. Finding the 30-day appeal period jurisdictional, the Seventh Circuit held that even if intervention had been improperly denied, the failure to take protective action with respect to an appeal of the final approval judgment rendered any relief impossible:

> If we cannot grant any relief, our jurisdiction ceases. Because Truck Insurance did not timely appeal the judgment, it is now set in stone, and the reversal of the district court's intervention decision can secure no meaningful relief. . . . Put differently, even if we reversed the district court and authorized Truck Insurance to intervene, we can do nothing to help it.

*Cy's Crab House*, 731 F.3d at 730. In doing so, it specifically identified the securing of an extension of the appeal deadline as a solution. *Id.* at 729.

In the alternative, if the requested extension is not granted, the IPP Objectors will be forced to appeal the Judgment, which will divest this Court of jurisdiction over the Intervention

Motion, and then request that the Ninth Circuit remand the case for resolution of that Motion.[5] The IPP Objectors submit that avoidance of such a circuitous route constitutes good cause to grant an extension and will further serve to ultimately allow for the full and just resolution of the Objectors' disagreements as to the propriety of the final approval of megafund Amended Settlements disposing of scores of unnamed class members' claims.

## II.   INTERVENTION FOR THE PURPOSE OF APPEAL SHOULD BE GRANTED

The Supreme Court has held that class members who objected to settlement approval have standing to appeal final approval of a class action settlement without the need to intervene formally in the case. *See Devlin v. Scardelletti*, 536 U.S. 1 (2002). "It is this feature of class action litigation that requires that class members be allowed to appeal the approval of a settlement when they have objected at the fairness hearing. To hold otherwise would deprive nonnamed class members of the power to preserve their own interests in a settlement that will ultimately bind them, despite their expressed objections before the trial court." *Id.* at 10. Each of the IPP Objectors in fact are members of the settlement class whose claims are forever released by the Amended Settlements.

Nevertheless, the order approving those settlement found that their objections were deficient and struck them. Although the Objectors respectfully maintain that their indisputably timely objections were proper, they seek leave of the Court to intervene in an abundance of caution to remove the issue of standing on their appeal.

### A.  The IPP Objectors Should Be Permitted to Intervene under Rule 24 as a Matter of Right.

---

[5] As an alternative method endorsed by courts, the Objectors could file a notice of appeal of the Judgment concurrently with their motion to intervene. However, that procedural route would divest this Court of jurisdiction over the motion and require them to go through the exercise of requesting the Ninth Circuit to remand the case for the purpose of allowing resolution of their motion to intervene. *See Roe v. Town of Highland*, 909 F.2d 1097, 1100 (7th Cir. 1990). The Objectors have pursued the Extension Motion on an expedited basis to attempt to avoid that circuitous route.

Federal Rule of Civil Procedure 24(a)(2) provides for intervention as of right by anyone who "claims an interest relating to the property or transaction that it the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless the existing parties adequately represent that interest." Fed. R. Civ. P. 24; *Devlin v. Scardelletti*, 536 U.S. 1, 12 (2002). Intervention under Rule 24(a)(2) is proper when the following four elements are met:

> (1) the prospective intervenor's motion is "timely"; (2) the would-be intervenor has "a 'significantly protectable' interest relating to ... the subject of the action," (3) the intervenor is "so situated that the disposition of the action may as a practical matter impair or impede [the intervenor's] ability to protect that interest"; and (4) such interest is "inadequately represented by the parties to the action."

*Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016). "In evaluating motions to intervene, 'courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention.'" *Droplets, Inc. v. Yahoo! Inc.*, 12-CV-03733-JST, 2019 WL 9443778, at *2 (N.D. Cal. Nov. 19, 2019) (Tigar, J.) (citation omitted). The Objectors meet all the requirements of Rule 24(a).

First, this motion is timely. Post-judgment motions to intervene for the purpose of appeal are deemed timely when made within the time limitations for filing an appeal. *State of Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1320 (9th Cir. 1997); *U.S. ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 719 (9th Cir. 1994). In this case, final judgment was entered on July 29, 2020, making the deadline for the filing of an appeal on August 28, 2020, which is thirty days after entry. *See* Fed. R. App. P. 4. As such, this request is timely.

Second, the Objectors have a sufficient interest in the litigation, and that those interests will be affected or impaired by the disposition of this matter cannot be seriously disputed. They are bound by the ruling; they object to the striking of the papers, especially in light of the fact that their counsel incorporated them by reference during the final approval hearing and the Court did not indicate it would subsequently strike them; and they have objected to the notice and fee approval and award process.

The Supreme Court has long recognized the interest of objectors in a class action settlement to which they will be bound. *See Devlin*, 536 U.S. at 10. Moreover, "[i]n the class action context, the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation." *Miller v. Ghirardelli Chocolate Co.*, C 12-04936 LB, 2013 WL 6776191, at *8 (N.D. Cal. Dec. 20, 2013); *see also* Fed. R. Civ. P. 24 advisory committee's notes ("[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene."); *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001). The Objectors' claims against the Settling Defendants based upon their purchases of CRT-containing products during the class period are indisputably encompassed within the Amended Settlements. Entry of the final approval order and the Judgment dismissing the IPP class members' claims against the Settling Defendants operates to deprive the IPP Objectors from asserting their CRT-based claims forever. Of particular note, the standing of both Mr. Speaect and Ms. Comeaux as IPP class members is further unequivocally established in the record of this case, a fact unacknowledged by IPP Class Counsel to the Court.

Finally, the interests of the Objectors are not adequately represented by an existing party in the litigation. "The burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Citizens for Balanced Use v. Montana Wilderness Ass'n,* 647 F.3d 893, 898 (9th Cir. 2011) (internal citation omitted). "In evaluating adequacy of representation, we examine three factors: '(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.'" *Id.* No other member of the IPP class was permitted to advocate for their objections to the Amended Settlements and no other such members are appealing their approval. Indeed, the lack of adequate representation and

inadequate class notice[6] throughout these proceedings is one of the primary bases for the objections sought to be pursued on appeal.  Applying the liberal standard for intervention and considering the due process rights which the Objectors seek to assert and protect, intervention for the purpose of allowing them to pursue an appeal should be granted.

**B.  Intervention by Leave of the Court under Rule 24(b) Is also Proper.**

In the alternative, leave pursuant to Rule 24(b)(1) to intervene for the purpose of pursuing an appeal should be granted.  Under the standards set forth by the Ninth Circuit, the Court may grant permissive leave to intervene if there is an independent ground for jurisdiction and the intervenor (1) acts timely and (2) shares a common question of law or fact with the claims of the case.  Fed. R. Civ. P. 24(b); *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011).  The Objectors meet these requirements.[7]

With regard to the timeliness element, permissive intervention is timely for the reasons set forth above. *See Ghirardelli Chocolate*, 2013 WL 6776191, at *9 ("In determining whether a motion for permissive intervention is timely, the court looks to the same factors considered in determining intervention as or [sic] right.").

As to the second element, the existence of a common question of law or fact is plainly present.  The claims released by the Amended Settlements, the compliance of those settlements with the myriad of due process protections prerequisite to their approval and the performance of IPP Class Counsel which form the basis of the appeal sought to be pursued by the Objectors' request for intervention present that commonality.  They are not only common, but identical to the issues before the Court when rendering the final approval order and Judgment.

---

[6] For example, the notice's age demographics of CRT purchasers failed to adjust for the passage of time. Rather than sending the notice to class members who purchased the TV's, it was sent to their children who had grown into that age demographic while the case was litigated.

[7] A basis for jurisdiction is not at issue here because the Objectors seek to appeal based upon their status as members of the settlement class and with regard to claims encompassed within this MDL litigation.

As a final factor weighing in favor of opening the gates to appellate review, the Objectors respectfully note the particularly important duty of the Court to absent class members in the settlement class setting and as an MDL transferee forum disposing of their claims. *See In re Medtronic, Inc. Implantable Defibrillator Prod. Liab. Litig.*, 434 F. Supp. 2d 729, 730 (D. Minn. 2006) ("[T]his case is a complex matter, having been lodged before the undersigned by the Multi–District Litigation Panel. A transferee judge in such a case bears a particularly heavy burden to protect the transferee plaintiffs."); *In re Wireless Telephone Federal Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir.2005) ("the district court acts as a fiduciary, serving as a guardian of the rights of the ... class members"); *Pigford v. Johanns*, 416 F.3d 12, 25 (D.C.Cir.2005) (the court has a duty to protect class members); *Stewart v. General Motors*, 756 F.2d 1285, 1293 (7th Cir.1985) (same); Manual for Complex Litigation, Fourth § 10.224 (2004).

### CONCLUSION

For the reasons stated above, the Objectors respectfully request that the Court grant expedited resolution of the Motion to Extend and extend the deadline for the filing of a notice of appeal until after the resolution of their Motion to Intervene, and further request that their Motion to Intervene be expedited and granted as well as any further relief as the Court deem just and appropriate.

Dated:  August 20, 2020                    Respectfully submitted,


                                           */s/ Robert J. Bonsignore*
                                           Robert J. Bonsignore

                                           Robert J. Bonsignore, *appearing pro hac vice*
                                           Lisa A. Sleboda, *appearing pro hac vice*
                                           Bonsignore Trial Lawyers, PLLC
                                           3771 Meadowcrest Drive
                                           Las Vegas, NV  89121
                                           Telephone:  (781) 856-7650
                                           Facsimile:   (702) 852-5626
                                           Email:  rbonsignore@classactions.us

REQUEST FOR EXPEDITED RELIEF AND MOTIONS TO EXTEND TIME TO APPEAL JUDGMENT
AND TO INTERVENE FOR PURPOSE OF APPEAL
Case No. 4:07-cv-5944-JST, MDL No. 1917

*Counsel for the IPP Objectors*

D. Michael Noonan, *appearing pro hac vice*
Christine Craig
Shaheen and Gordon
353 Central Avenue
P.O. Box 977
Dover, NH 03821
Telephone: (603) 871-4144
mnoonan@shaheengordon.com
ccraig@shaheengordon.com

Joseph Alioto (42680)
Alioto Law Firm
One Sansome St. 35 Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
jmalioto@aliotolaw.com

REQUEST FOR EXPEDITED RELIEF AND MOTIONS TO EXTEND TIME TO APPEAL JUDGMENT
AND TO INTERVENE FOR PURPOSE OF APPEAL
Case No. 4:07-cv-5944-JST, MDL No. 1917

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed *via* CM/ECF on August 20, 2020 and as a result has been served on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Robert J. Bonsignore*
Robert J. Bonsignore

REQUEST FOR EXPEDITED RELIEF AND MOTIONS TO EXTEND TIME TO APPEAL JUDGMENT
AND TO INTERVENE FOR PURPOSE OF APPEAL
Case No. 4:07-cv-5944-JST, MDL No. 1917