Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 788-7210
Facsimile: (415) 788-0706
fos@scarpullalaw.com
pbc@scarpullalaw.com

*Interim Co-Lead Counsel for the ORS Subclass*

Theresa D. Moore (99978)
Law Offices of Theresa D. Moore
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 613-1414
tmoore@aliotolaw.com

*Interim Co-Lead Counsel for the ORS Subclass*

Tracy R. Kirkham (69912)
John D. Bogdanov (215830)
Cooper & Kirkham, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415)788-3030
Facsimile: (415) 882-7040
trk@coopkirk.com
jdb@coopkirk.com

*Interim Lead Counsel for the NRS Subclass*

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>All Indirect Purchaser Actions | Master File No. 4:07-cv-5944-JST<br><br>MDL No. 1917<br><br>***EX PARTE* REQUEST FOR EXPEDITED RELIEF AND MOTION TO EXTEND TIME TO APPEAL JUDGMENT**<br><br>Hearing Date: Submitted on papers<br><br>Judge:      Honorable Jon S. Tigar<br>Courtroom:  6, 2nd Floor |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that submitted on the papers before the Honorable Jon S. Tigar, United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California, 94612, Tyler Ayres, Mike Bratcher, Nikki Crawley, Jay Erickson, Harry Garavanian, John Heenan, Hope Hitchcock, D. Bruce Johnson, Jeff Johnson, Kerry Murphy, Chris Seufert, Robert Stephenson, Gary Talewsky, and William Trentham, (the "ORS Plaintiffs") and Eleanor Lewis ("NRS Plaintiffs") (collectively, "Objectors"), by and through undersigned counsel, moves the Court *ex parte* for the following expedited relief: an order extending the time to file a notice of appeal concerning the final judgment entered on July 29, 2020 (the "Judgment") (Dkt. 5804) and the underlying merged orders pursuant to Federal Rule of Appellate Procedure 4(a)(5) until September 27, 2020, to permit the Court's resolution of the "Motion to Intervene for Purpose of Appealing Denial of Objections to Settlements" ("Intervention Motion") (Dkt. 5792), filed by Objectors on July 16, 2020. Objectors request that this Motion be expedited for determination prior to the due date for the notice of appeal of the Judgment (August 28, 2020) pursuant to Federal Rules of Appellate Procedure 4(a)(1)(A) and 4(a)(5)(B) and L.R. 7-10, and that the Intervention Motion be expedited for determination prior to September 27, 2020, to allow for compliance with Federal Rule of Appellate Procedure 4(a)(5)(C).

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, all transcripts of prior proceedings before this Court and on all other pleadings and papers on file in this action.

//
//
//
//
//
//
//

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Indirect Purchaser Plaintiffs for 22 state-classes ("IPPs") filed a "motion pursuant to Ninth Circuit mandate to reconsider and amend final approval order, final judgment, and fee order" (ECF No. 5587) which this Court construed as a motion for preliminary approval of amended settlements between the IPPs and Defendants. ORS and NRS Plaintiffs opposed the motion. Dkt. 5607. In its Order granting preliminary approval, the Court struck the ORS and NRS Plaintiffs' opposition on the basis that they are "not members of the amended settlement Class and have no standing to object to IPP Plaintiffs' motion for preliminary approval of the amended settlements." Dkt. 5695 at 6-7.

On May 29, 2020, ORS and NRS Plaintiffs filed timely objections to final approval of the amended settlements between IPPs and Defendants. Dkts. 5732, 5736. On July 13, 2020, this Court entered an Order Granting Final Approval (Dkt. 5786) to the amended settlements and overruled, for lack of standing, the objections of the ORS and NRS Plaintiffs. On July 16, 2020, ORS and NRS filed a joint motion to intervene in order to appeal ("Intervention Motion"), to be submitted on the papers. Dkt. 5792. Briefing for the Intervention Motion was completed on August 6, 2020. Judgment dismissing the Defendants with prejudice was entered on July 29, 2020. Dkt. 5804.

## II. THE NINTH CIRCUIT SUGGESTED THAT A MOTION TO INTERVENE IS A PROPER MECHANISM FOR THE ORS AND NRS PLAINTIFFS TO SEEK TO PROTECT THEIR INTERESTS

ORS and NRS Plaintiffs appealed the Court's prior orders denying ORS and NRS Plaintiffs' motions to intervene, and the Court's Order granting preliminary approval, to the Ninth Circuit. Dkts. 5709, 5711. In the Ninth Circuit, IPPs filed a motion to dismiss the ORS and NRS appeals pertaining solely to this Court's preliminary approval order.

On June 9, 2020, the Ninth Circuit ruled that it lacked appellate jurisdiction over the preliminary approval order and dismissed the ORS and NRS Plaintiffs' appeals of that Order, while noting that IPPs did not dispute the Ninth Circuit's jurisdiction over the appeals concerning this Court's denials of intervention. *See* Dkt. 5738 at 1 (Ninth Circuit Order as entered on this

Court's docket). The Ninth Circuit explained, however, that "if *final* approval is granted, [ORS and NRS Plaintiffs] can seek to appeal the denial of their objections then." *Id.* at 4 (emphasis added). The Court continued:

> We disagree with Appellants' contention that by denying their motions to intervene, the district court has already barred them from appealing the approval of the settlement after final judgment. The district court denied Appellants' motions to intervene for the purpose of filing separate complaints, concluding that the multi-district litigation statute did not permit intervention of this nature. We do not read that order as precluding Appellants from moving to intervene after final approval for the different purpose of appealing the denial of their objections to the settlement. *See Marino v. Ortiz,* 484 U.S. 301, 304 (1988) (per curiam). If the district court were to deny such a motion, the denial could be immediately appealed. *Id.*

*Id.* at 4.

### III. EXPEDITED TREATMENT AND GRANTING OF THE REQUEST TO EXTEND THE TIME TO APPEAL IS WARRANTED

Although briefing is complete on their Intervention Motion, Objectors' pursuit of an appeal presents the procedural complication that their motion to intervene to pursue those appeals may not be resolved by the Court prior to the expiration of the 30-day time period in which an appeal of the Judgment must be filed, unless the Court were to rule on the Intervention Motion in a matter of days, by August 28, 2020. Accordingly, Objectors request an extension of the deadline to appeal the Judgment pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A) until September 27, 2020. *See, e.g., CE Design, Ltd. v. Cy's Crab House N., Inc.,* 731 F.3d 725, 729 (7th Cir. 2013) ("*CE Design*"). Such an extension may be granted *ex parte*. Fed. R. App. P. 4(a)(5)(B); L.R. 7-10.

Objectors' Motion should be granted here to avoid rendering an ultimate appeal meaningless, as illustrated by the *CE Design* case. There, although the objector had filed a timely motion to intervene to challenge final approval of a class settlement, it did not file a notice of appeal for the underlying judgment at issue within the 30-day time period. Finding the 30-day appeal period jurisdictional, the *CE Design* Court held that even if intervention had been improperly denied, the failure to take protective action with respect to an appeal of the final approval judgment rendered any relief impossible:

> If we cannot grant any relief, our jurisdiction ceases. Because Truck Insurance did not timely appeal the judgment, it is now set in stone,

3

> and the reversal of the district court's intervention decision can secure no meaningful relief. … Put differently, even if we reversed the district court and authorized Truck Insurance to intervene, we can do nothing to help it.

*CE Design,* 731 F.3d at 730.  In doing so, the Court specifically identified the securing of an extension of the appeal deadline as a solution.  *Id.* at 729; *see also Drywall Tapers & Pointers of Greater New York, Local Union 1974 of I.U.P.A.T., AFL–CIO v. Nastasi & Assocs. Inc.,* 488 F.3d 88, 94 (2d Cir. 2007) (affirming denial of motion to intervene for lack of jurisdiction when intervention motion was not ruled upon before the filing of a notice of appeal).

In the alternative, if the requested extension is not granted, Objectors will be forced to appeal the Final Judgment, which will divest this Court of jurisdiction over the Intervention Motion, and then request the Ninth Circuit remand the case for resolution of the Intervention Motion.  Objectors submit that avoidance of such a circuitous route constitutes good cause to grant an extension of the time to appeal and will further serve to ultimately allow for the full and just resolution of Objectors' objections.

## IV. CONCLUSION

For all the above reasons, this Court should grant Objectors' *Ex Parte* Motion to Extend Time to Appeal Judgment until September 27, 2020, and that the Intervention Motion be expedited for determination prior to September 27, 2020.

Dated:  August 25, 2020                              Respectfully submitted,

                                                     /s/  *Tracy R. Kirkham*
                                                     Tracy R. Kirkham

                                                     Tracy R. Kirkham (69912)
                                                     John D. Bogdanov (215830)
                                                     COOPER & KIRKHAM, P.C.
                                                     357 Tehama Street, Second Floor
                                                     San Francisco, CA 94103
                                                     Telephone: (415) 788-3030
                                                     Facsimile: (415) 882-7040
                                                     Email:  trk@coopkirk.com
                                                                 jdb@coopkirk.com

                                                     *Interim Lead Counsel for Non-Repealer State Subclass*

| | |
|---|---|
| /s/ *Theresa D. Moore*<br>     Theresa D. Moore<br>Theresa D. Moore (99978)<br>Law Offices Of Theresa D. Moore<br>One Sansome Street, 35th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 613-1414<br>tmoore@aliotolaw.com<br><br>*Interim Co-Lead Counsel*<br>*for the ORS* | /s/ *Francis O. Scarpulla*<br>     Francis O. Scarpulla<br>Francis O. Scarpulla (41059)<br>Patrick B. Clayton (240191)<br>Law Offices of Francis O. Scarpulla<br>456 Montgomery Street, 17th Floor<br>San Francisco, CA 94104<br>Telephone: 415-788-7210<br>fos@scarpullalaw.com<br>pbc@scarpullalaw.com<br><br>*Interim Co-Lead Counsel*<br>*for the ORS* |
| Christopher A. Nedeau (81297)<br>Nedeau Law Firm<br>154 Baker Street<br>San Francisco, CA 94117<br>Telephone: (415) 516-4010<br>cnedeau@nedeaulaw.net<br><br>*Counsel for the ORS* | John G. Crabtree, *appearing pro hac vice*<br>Brian Tackenberg, *appearing pro hac vice*<br>Crabtree & Auslander<br>240 Crandon Boulevard, Suite 101<br>Key Biscayne, FL 33149<br>Telephone: (305) 361-3770<br>jcrabtree@crabtreelaw.com<br>btackenberg@crabtreelaw.com<br><br>*Counsel for the ORS*<br><br>Brian M. Torres, *appearing pro hac vice*<br>Brian M. Torres, P.A.<br>One S.E. Third Avenue, Suite 3000<br>Miami, FL 33131<br>Telephone: (305) 901-5858<br>btorres@briantorres.legal<br><br>*Counsel for the ORS* |

## **ATTESTATION**

I hereby attest pursuant to Civil Local Rule 5-1(i)(3) that concurrence in the filing of this document has been obtained from all signatories.

/s/ *Tracy R. Kirkham*
     Tracy R. Kirkham