# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | Case No. 07-cv-05944-JST<br><br>**ORDER DENYING MOTION TO INTERVENE FOR PURPOSES OF APPEALING DENIAL OF FINAL SETTLEMENT OBJECTIONS AND DENYING AS MOOT MOTION TO EXTEND TIME TO APPEAL JUDGMENT ENTERED JULY 29, 2020**<br><br>Re: ECF No. 5792, 5817 |

Before the Court is the Other Repealer States' and Non-Repealer States' Motion to Intervene for Purpose of Appealing Denial of Objections to Settlements. ECF No. 5792. The Court will deny the motion. The Court will also deny as moot the ORS and NRS Subclasses' motion to extend the deadline to appeal the judgment entered on July 29, 2020. ECF No. 5817.

**I.    BACKGROUND**

Because the parties are already familiar with the facts, the Court summarizes only those bearing on the present motion.

In February 2008, the Judicial Panel on Multidistrict Litigation ordered the centralization of actions alleging that certain Defendants conspired to fix prices of cathode ray tubes. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 536 F. Supp. 2d 1364 (J.P.M.L. 2008). On March 11, 2020, the Court granted preliminary approval of amended settlement agreements between six groups of corporate defendants[1] and several Statewide Damages Classes of indirect purchasers of

---

[1] Settling Defendants include several groups of entities: Phillips, Panasonic, Hitachi, Toshiba, Samsung, and Thomson/TDA. Each entity includes subsidiary entities also covered by these settlement agreements. *See* ECF No. 5786 at 2 n.1-6.

CRT products ("22 Indirect Purchaser State Classes"). ECF No. 5695. These amended agreements narrowed the settlement class and removed two subclasses of CRT purchasers[2] – now denominated the Omitted Repealer State Subclass ("ORS Subclass")[3] and the Non-Repealer State Subclass ("NRS Subclass")[4] – in order to "remove potential conflicts of interests that could result from differences in claims and relief sought by the 22 Indirect Purchaser State Classes verses the ORS and NRS Subclasses." ECF No. 5695 at 11; *see* ECF No. 5587 at 16; ECF No. 5587-1. Prior to preliminary approval, the ORS and NRS Subclasses presented motions to intervene in order to amend the complaint, *see* ECF Nos. 5565, 5567; to intervene directly into the MDL, *see* ECF Nos. 5643, 5645; and to seek the Court's reconsideration of the above, *see* ECF Nos. 5688, 5689. The Court denied each of these motions. ECF Nos. 5626, 5628, 5684, 5708.

In April 2020, the ORS and NRS Subclasses appealed the Court's preliminary approval order and the Court's orders denying the motions to intervene to the Ninth Circuit. ECF No. 5709. On June 9, 2020, upon motion by the 22 Indirect Purchaser State Classes, the Ninth Circuit concluded that it lacked jurisdiction over this Court's preliminary approval order and dismissed that portion of the appeal. ECF No. 5738 at 4. In so doing, the Ninth Circuit noted that it did not read this Court's orders "as precluding [the ORS and NRS Subclasses] from moving to intervene

---

[2] In *Illinois Brick Co. v. Illinois*, the Supreme Court held that only direct purchasers could recover damages for price-fixing under Section 4 of the Clayton Act. 431 U.S. 720, 735 (1977). As the Ninth Circuit has summarized, the Supreme Court "barred indirect purchasers' suits, and left the field of private antitrust enforcement to the direct purchasers." *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323, 325 (9th Cir. 1980). In response to the *Illinois Brick* decision, many states passed so-called "*Illinois Brick* repealer statutes," which give indirect purchasers the right to sue when firms violate analogous state antitrust laws. *See, e.g.,* Robert H. Lande, New Options for State Indirect Purchaser Legislation: Protecting the Real Victims of Antitrust Violations, 61 Ala. L. Rev. 447, 448 (2010). Such states are referred to as "repealer states." A state which has not enacted such a statute is referred to as a "non-repealer state."

[3] The ORS Subclass in its current iteration consists of Indirect Purchaser Plaintiffs in the following states: Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah. ECF No. 5518 at 1; ECF No. 5645 at 2. The parties now use the "ORS" abbreviation to signify "other repealer states" rather than "omitted repealer states." ECF No. 5645 at 1 n.1.

[4] The NRS Subclass consists of Indirect Purchaser Plaintiffs in the following Non-Repealer States: Alabama, Alaska, Colorado, Connecticut, Delaware, Georgia, Idaho, Illinois, Indiana, Kentucky, Louisiana, Maryland, New Jersey, Ohio, Oklahoma, Pennsylvania, Texas, Virginia, Washington, and Wyoming. ECF No. 5518 at 2.

*after final approval* for the different purpose of appealing the denial of their objections to the settlement." *Id.* (emphasis added). On June 11, 2020, the ORS and NRS Subclasses filed a motion to "intervene in this action to present their objections and to appeal a final judgment if one is entered by the Court." ECF No. 5754 at 3. However, because the ORS and NRS Subclasses "fail[ed] to cite a single case or make any argument concerning why they [were] entitled to intervene," and because their request to intervene was "premature," the Court denied the motion. ECF No. 5780 at 3.

The Court held a final fairness hearing on July 8, 2020, ECF No. 5782, and granted final approval to the settlement of Settling Defendants and 22 Indirect Purchaser State Classes on July 13, 2020, ECF No. 5786. On July 16, 2020, the ORS/NRS Potential Intervenors filed the present motion "for an order permitting them to intervene in this action to appeal the denial of their objections to the settlements." ECF No. 5792 at 3. This motion was joined by the ORS Objector Plaintiffs.[5] ECF No. 5802. The Settling Defendants and 22 Indirect Purchaser State Classes oppose the motion. ECF Nos. 5805, 5806. The ORS/NRS Potential Intervenors and the ORS Objector Plaintiffs have filed replies. ECF Nos. 5811, 5812.

## II.  JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

## III.  LEGAL STANDARD

Federal Rule of Civil Procedure 24(a)(2) provides for intervention as a matter of right where the potential intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Ninth Circuit has summarized the requirements for intervention as of right under Rule 24(a)(2) as follows:

/ / /

---

[5] Because it denies intervention as to both the ORS and NRS Subclasses, the Court does not address contentions by Settling Defendants and 22 Indirect Purchaser State Classes that the ORS Objector Plaintiffs are not entitled to join the motion for intervention. *See* ECF No 5806 at 15; ECF No. 5805 at 11.

3

> (1) [T]he [applicant's] motion must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011) (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006)). Proposed intervenors must satisfy all four criteria, and "[f]ailure to satisfy any one of the requirements is fatal to the application." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009). In evaluating motions to intervene, "courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). "Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). Nonetheless, "the applicant bears the burden of showing that each of the four elements is met." *Freedom from Religion Found.*, 644 F.3d at 841; *see also Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016).

The same standard applies when a proposed intervenor seeks intervention in order to appeal an order of the court. *See Koike v. Starbucks Corp.*, 602 F. Supp. 2d. 1158, 1160-61 (N.D. Cal. 2009) (applying the Rule 24(a)(2) four-part test to applicant's motion to intervene for purpose of appealing an order denying class certification); *Mass. Sch. of Law at Andover, Inc. v. United States*, 118 F.3d 776, 779 (D.C. Cir. 1997) (explaining that circuit courts apply the Federal Rules of Civil Procedure "specifically Rule 24 – to interventions solely for purposes of appeal"). Notably, even if intervention for the purposes of appeal is permitted, the intervenor must satisfy Article III standing requirements when "seeking appellate review, just as it must be met by persons appearing in courts of first instance." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997); *see also Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) (holding that intervenors lacked standing, noting that "the District Court had not ordered them to do or refrain from doing

4

anything," and that "[t]o have standing, a litigant must seek relief for an injury that affects him in a personal and individual way" (internal citations omitted)).

"Permissive intervention," by contrast, "is committed to the broad discretion of the district court." *Orange Cnty. v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986). Federal Rule of Civil Procedure 24(b) "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found.*, 644 F.3d at 843 (citations omitted). "Where a putative intervenor has met these requirements, the court may also consider other factors in the exercise of its discretion." *Perry*, 587 F.3d at 955. Additionally, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## IV. DISCUSSION

### A. Intervention as of Right

The ORS/NRS Potential Intervenors are not entitled to intervene as of right because they have not shown they have a "significantly protectable interest" relating to the settlement. *See Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998). A proposed intervenor generally has a "significantly protectable interest" when its interest is "protectable under some law," and "there is a relationship between the legally protected interest and the claims at issue." *Arakaki v. Cayetano*, 324 F.3d 1078, 1084 (9th Cir. 2003). "An applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant." *Donnelly*, 159 F.3d at 410.

Here, the subject of the action is the Court's order granting final approval of a settlement between the 22 Indirect Purchaser State Classes and Settling Defendants. ECF No. 5786. That settlement will not materially affect the ORS and NRS Potential Intervenors because, as the Court has now pointed out more than once, while the ORS and NRS Potential Intervenors are members of the Nationwide Class[6] pled in the complaint, they are not members of the settlement class. *See*

---

[6] The operative complaint defines "Nationwide Class" to include "All persons and or entities who or which indirectly purchased in the United States for their own use and not for resale, CRT Products

*id.* at 9 ("The ORS/NRS Subclasses are members of the 'Nationwide Class' but are not members of the 22 Indirect Purchaser State Classes. . . . Therefore, the persons and entities in these subclasses are not members of the amended settlement Class."). Whatever claims they have will remain intact. Since they are not members of the settling class, their claims will not be released by the settlement, and they cannot show a protectable interest in the settlement. *See Padilla v. Willner*, 15-cv-04866-JST, 2016 WL 860948, at *7 (N.D. Cal. Mar. 7, 2016) ("Class action settlements do not bind parties who were excluded from the class.").

The ORS/NRS Potential Intervenors make several attempts to paper over this deficiency. First, they assert, citing *Standard Fire Ins. v. Knowles*, 568 U.S. 588, 594 (2013), that "[m]embers of a class have a right to intervene if their interests are not adequately represented by existing parties." ECF No. 5792 at 5. No one contests this point. Since the ORS/NRS Potential Intervenors are *not* "members of [the] class," however, the argument does not assist them.

The ORS/NRS Potential Intervenors also misstate the issue before the Court, arguing that "neither the IPPs nor the defendants have shown that the ORS and NRS Plaintiffs' interests are so completely and conclusively unaffected by the settlements" that intervention should be denied. ECF No. 5811 at 5. The question before the Court is not whether anyone's interests are "completely and conclusively unaffected," and the burden is on the ORS/NRS Potential Intervenors, not the settling parties, to "show[] that each of the four elements is met." *See Freedom from Religion Found.*, 644 F.3d at 841.

The ORS/NRS Potential Intervenors further argue that the effect of the settlements "*may* be to remove the largest and most culpable defendants from any further proceedings in this MDL," and that "entry of judgment of dismissal on all of the currently-named plaintiffs' claims has *at least the potential* to terminate the indirect purchaser MDL class litigation" as to Settling Defendants. ECF No. 5811 at 3-4 (emphasis added). But the interest prong of the intervention standard is not satisfied by reciting hypothetical suggestions about what "may" happen. *See*

---

manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or co-conspirator thereof, at any time during the period from at least March 1, 1995 through at least November 25, 2007." ECF No. 1526 at 59.

6

*Donnelly*, 159 F.3d at 411 ("When an applicant's purported interest is so tenuous, intervention is inappropriate."). Moreover, even if the settlement would in fact terminate the MDL litigation as to certain defendants, it is only because the ORS/NRS Potential Intervenors currently have no live claims against those defendants in this Court. That is not the fault of the settling parties, and preventing the settlement from going forward would not assist or revive claims that currently do not exist.[7] At best, the removal of other plaintiffs might give the ORS/NRS Potential Intervenors less leverage in their own settlement discussions, but that interest is too weak to qualify for intervention. As the Court has already observed, the ORS/NRS Potential Intervenors' arguments show, "[a]t most, [that] the settlement puts [them] at something of a tactical disadvantage in the continuing litigation. Such an injury does not constitute plain legal prejudice." ECF No. 5786 at 10 (quoting *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 584 (9th Cir. 1987)).

At one point, the ORS/NRS Potential Intervenors even seem to acknowledge they have not met the burden of demonstrating an interest in the settlement, stating that "the question of whether the releases that are part of the settlements will impair the ability of ORS and NRS Plaintiffs and class members to prosecute their claims . . . is not so clear cut that it can be decided on this motion." ECF No. 5811 at 3. But this motion is precisely the place that question *must* be decided.

Because the ORS/NRS Potential Intervenors do not have a "significantly protectable" interest in the settlement they wish to challenge, their motion to intervene as of right is denied. *See Alisal Water Corp.*, 370 F.3d at 919 ("The party seeking to intervene bears the burden of showing that *all* the requirements for intervention have been met." (emphasis in original)).

### B. Permissive Intervention

In the alternative, the ORS/NRS Potential Intervenors seek permissive intervention. ECF No. 5792 at 8-9. Neither opposing party contests the timeliness of the motion or the shared common questions of law and fact between the claims being settled by the settling parties and those still asserted by the ORS/NRS Potential Intervenors. ECF No. 5806 at 16; ECF No. 5805 at

---

[7] As in their prior briefs, the ORS/NRS Potential Intervenors cite no authority for the argument that they are entitled to intervene to prevent dismissal of defendants against whom they have no live claims, a further sign that the interest they assert is not protectible. *See* ECF No. 5786 at 10.

7

10-11. Rather, the 22 Indirect Purchaser State Classes argue that the ORS/NRS Potential Intervenors failed to demonstrate independent grounds for jurisdiction, and that intervention would prejudice settling parties. ECF No. 5806 at 17-18. Settling Defendants, meanwhile, argue that the Court should exercise its discretion and deny intervention in order to advance the policy encouraging voluntary settlements, and avoid circumvention of "well-established limitations on non-party appeals."[8] ECF No. 5805 at 11.

The independent jurisdictional grounds requirement stems from the "concern that intervention might be used to enlarge inappropriately the jurisdiction of the district courts," a concern that typically takes the form of "proposed intervenors seek[ing] to use permissive intervention to gain a federal forum for state-law claims over which the district court would not, otherwise, have jurisdiction." *See Freedom from Religion Found.*, 644 F.3d at 843. In other words, this requirement is not at issue when potential intervenors "ask the court only to exercise that power which it already has." *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). This Court has jurisdiction based on the minimum diversity and amount in controversy requirements of the Class Action Fairness Act. *See* 28 U.S.C. § 1332(d)(2). The ORS/NRS Potential Intervenors' motion to intervene asks the Court only to exercise its existing jurisdiction and admit their intervention so that they may appeal the denial of their settlement objections. ECF No 5792 at 3. Because the request would not enlarge the Court's jurisdiction, "no independent jurisdictional basis is needed." *See Beckman Indus.*, 966 F.2d at 473.

The issue, instead, is that "the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. Pro. 24(b)(3). The Court has held, on prior occasions, that the ORS and NRS Subclasses have not shown that the pending settlement between the 22 Indirect Purchaser State Classes and Settling Defendants will result in formal legal prejudice. *See* ECF No. 5786 at 10. Any interests that the ORS/NRS Potential Intervenors do have are merely theoretical, and intervention by these subclasses in order to appeal their objections to a

---

[8] Settling Defendants further argue that the ORS Objector Plaintiffs who sought to join the intervention motion "lack standing to appeal." ECF No. 5805 at 11. That issue is not before the Court.

8

1  settlement for which they are not a part would create undue delay and prejudice to the settling

2  parties. *See Med. Advocates for Healthy Air v. EPA*, No. CV 11-3515 SI, 2011 WL 4834464, at

3  *4-5 (N.D. Cal. Oct. 12, 2011) (after finding that intervenor had not demonstrated a significantly

4  protectable interest, denying permissive intervention because the intervenor's interests were "too

5  attenuated").

6  In light of this prejudice, the Court will not exercise its discretion to allow permissive

7  intervention. The ORS/NRS Potential Intervenors motion on this score is therefore denied.

### C. Motion to Extend Time to Appeal

Because the Court has denied the motion to intervene, the ORS and NRS Subclasses' motion to extend the deadline to appeal the judgment entered on July 29, 2020, ECF No. 5817, is denied as moot.

## CONCLUSION

For the foregoing reasons, the ORS/NRS Potential Intervenors' motion to intervene for the purposes of appealing the denial of final settlement objections is DENIED. The ORS and NRS Subclasses' motion to extend the deadline to appeal the judgment entered on July 29, 2020 is DENIED as moot.

**IT IS SO ORDERED.**

Dated: August 27, 2020

_____
JON S. TIGAR
United States District Judge