# EXHIBIT F

Tenant's Initials: _____

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | [PROPOSED] FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO THE PHILIPS, PANASONIC, HITACHI, TOSHIBA, SAMSUNG SDI, THOMSON, AND TDA DEFENDANTS<br><br>Judge: Honorable Jon S. Tigar |

[PROPOSED] FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO THE PHILIPS, PANASONIC, HITACHI, TOSHIBA, SAMSUNG SDI, THOMSON, AND TDA DEFENDANTS – Master File No. CV-07-5944-JST

00030

This matter has come before the Court to determine whether there is any cause why this Court should not approve the settlements with the Philips,[1] Panasonic,[2] Hitachi,[3] Toshiba,[4] Samsung SDI,[5] Thomson,[6] and TDA[7] Defendants (collectively "Settling Defendants") set forth in the respective settlement agreements ("Settlements") relating to the above-captioned litigation, *In re Cathode Ray Tube (CRT) Antitrust Litigation,* Case No.3:07-cv-05944 JST, MDL No. 1917 (N.D. Cal.) ("Action"). The Court after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, has determined that: (1) the Settlements should be approved; and (2) there is no just reason for delay of the entry of this final Judgment approving the Settlements. Accordingly, the Court directs entry of Judgment which shall constitute a final adjudication of this case on the merits as to the parties to the Settlements. Good cause appearing therefor, it is:

**ORDERED, ADJUDGED AND DECREED THAT:**

---

[1] "Philips" includes Koninklijke Philips N.V. (f/k/a Koninklijke Philips Electronics N.V.), Philips Electronics North America Corporation, Philips Taiwan Limited (f/k/a Philips Electronics Industries (Taiwan), Ltd.), and Philips do Brasil Ltda. (f/k/a Philips da Amazonia Industria Electronica Ltda.). The agreement was reached on January 26, 2015. *See* ECF No. 3862-1.

[2] "Panasonic" includes Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd. The agreement was reached on January 28, 2015. *See* ECF No. 3862-2.

[3] "Hitachi" includes Hitachi, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., Hitachi Electronic Devices (USA), Inc., and Hitachi Displays, Ltd. (n/k/a Japan Display Inc.). The agreement was reached on February 19, 2015. *See* ECF No. 3862-3.

[4] "Toshiba" includes Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc. The agreement was reached on March 6, 2015. *See* ECF No. 3862-4.

[5] "Samsung SDI" includes Samsung SDI Co. Ltd., Samsung SDI America, Inc., Samsung SDI Brasil, Ltd., Tianjin Samsung SDI Co. Ltd., Shenzhen Samsung SDI Co., Ltd., SDI Malaysia Sdn. Bhd., and SDI Mexico S.A. de C.V. The agreement was reached on April 1, 2015. *See* ECF No. 3862-5.

[6] "Thomson" includes Technicolor SA (f/k/a Thomson SA) and Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc). The agreement was reached on June 10, 2015. *See* ECF No. 3876-1.

[7] "TDA" refers to Technologies Displays Americas LLC (f/k/a Thomson Americas LLC). The agreement was reached on June 10, 2015. *See* ECF No. 3876-1.

---

1

[PROPOSED] FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO THE PHILIPS, PANASONIC, HITACHI, TOSHIBA, SAMSUNG SDI, THOMSON, AND TDA DEFENDANTS – Master File No. CV-07-5944-JST

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation and over the parties to the Settlements, including all members of the Class and the Settling Defendants.

2. The definitions of terms set forth in the Settlements are incorporated hereby as though fully set forth in this Judgment.

3. The Court hereby finally approves and confirms the settlements set forth in the Settlements and finds that said settlements are, in all respects, fair, reasonable and adequate to the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure and all applicable state laws.

4. The persons/entities set out in Exhibit 1, attached hereto, have timely and validly requested exclusion from the Class and, therefore, are excluded. Such persons/entities are not included in or bound by this Final Judgment. Such persons/entities are not entitled to any recovery from the settlement proceeds obtained through the Settlements.

5. The Court hereby dismisses on the merits and with prejudice the claims asserted by the Plaintiffs against the Settling Defendants, which were certified as a settlement class in the Court's Order Granting Final Approval of the Settlements (ECF No. 4712), with Plaintiffs and Settling Defendants to bear their own costs and attorneys' fees except as provided for in the Settlements.

6. All persons and entities who are defined in the Settlements as Releasors are hereby barred and enjoined from commencing, prosecuting, or continuing any claims, demands, actions, suits, or causes of action, or otherwise seeking to establish liability, against Settling Defendants ("Releasees") based, in whole or in part, upon any of the Released Claims or conduct at issue in the Released Claims.

7. Releasees are hereby and forever released and discharged with respect to any and all claims, demands, actions, suits, or causes of action which the Releasors had or have arising out of or related to any of the Released Claims.

8. The notice given to the Class of the settlements set forth in the Settlements and other matters set forth therein was the best notice practicable under the circumstances. Said notice provided due and adequate notice of the proceedings and of the matters set forth therein, including

the proposed settlements set forth in the Settlements, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and all applicable state laws.

9. Eleven objections to the Settlements were filed by 22 objectors. The objections are hereby overruled for the reasons set forth in the Court's Order Granting Final Approval of Indirect Purchaser Settlements, ECF No. 4712.

10. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing and exclusive jurisdiction over: (a) implementation of these settlements and any distribution to Class Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) hearing and determining applications by Plaintiffs' Class Counsel for attorneys' fees, costs, expenses, including expert fees and costs, and other such items; (d) the Class Action until the final judgments contemplated hereby have become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlements; and (e) all parties to the Class Action and Releasees for the purpose of enforcing and administering the Settlements and the mutual releases and other documents contemplated by, or executed in connection with, the Settlements.

11. In the event that any of the settlements do not become effective in accordance with the terms of that Settlement, then the judgment as to that Settling Defendant shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void and, except as otherwise provided in the Settlement, the parties shall be returned to their respective positions *ex ante*.

12. The Court determines, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that this Final Judgment should be entered and further finds that there is no just reason for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the Settlements. Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

//

//

1  IT IS SO ORDERED.

Dated: July 14, 2016



4

[PROPOSED] FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO THE PHILIPS, PANASONIC, HITACHI, TOSHIBA, SAMSUNG SDI, THOMSON, AND TDA DEFENDANTS – Master File No. CV-07-5944-JST

00034

# EXHIBIT 1

**CRT INDIRECT PURCHASER**
**EXCLUSION REQUESTS**

| Exclusion Request Number | Person or Entity | City, State | Postmark Date |
|---|---|---|---|
| 1 | Robert W. Robinson | Buena Vista, CO | 8/17/15 |
| 2 | Kmart Corporation | Hoffman Estates, IL | 9/24/15 |
|  | Kmart Management Corporation | Hoffman Estates, IL | 9/24/15 |
|  | Kmart Holdings Corporation | Hoffman Estates, IL | 9/24/15 |
| 3 | Sears Holding Corporation | Hoffman Estates, IL | 9/24/15 |
|  | Sears Holdings Management Corporation | Hoffman Estates, IL | 9/24/15 |
|  | Sears, Roebuck and Co. | Hoffman Estates, IL | 9/24/15 |
| 4 | Bonnie Bryant | Mesa, AZ | 10/3/15 |
| 5 | Michael Katz | New York, NY | 10/7/15 |

00036