1  ALLEN & OVERY LLP
2  John Roberti (*pro hac vice*)
   Andrew Rhys Davies (*pro hac vice*)
3  1221 Avenue of the Americas
   New York, NY 10020
4  Telephone: (212) 610-6300
   Facsimile: (212) 610-6399
5  Email: john.roberti@allenovery.com
           andrewrhys.davies@allenovery.com
6
7  *Attorneys for Defendants Samsung SDI Co., Ltd.;*
   *Samsung SDI America, Inc.; Samsung SDI Mexico S.A.*
8  *De C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung*
   *SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and*
9  *Samsung SDI (Malaysia) Sdn. Bhd.*

10 [Additional Responding Parties and Counsel Listed on Signature Page]

11              UNITED STATES DISTRICT COURT
12            NORTHERN DISTRICT OF CALIFORNIA
                    OAKLAND DIVISION
13

14 IN RE: CATHODE RAY TUBE (CRT)        Case No.: 07-cv-05944 JST
15 ANTITRUST LITIGATION
                                        MDL No. 1917
16

17 This document relates to:
                                        **DEFENDANTS' RESPONSE TO**
18 ALL INDIRECT PURCHASER ACTIONS       **MOTIONS TO EXTEND TIME TO**
                                        **APPEAL JUDGMENT AND TO**
19                                      **INTERVENE FOR PURPOSE OF APPEAL**
                                        **(ECF No. 5815)**
20

21                                      Date:      Submitted on the papers
                                        Judge:     Hon. Jon S. Tigar
22                                      Courtroom: 6, 2nd Floor
23
24
25
26
27
28

DEFENDANTS' RESPONSE TO MOTIONS TO EXTEND TIME TO      CASE NO.: 4:07-cv-05944-JST
APPEAL JUDGMENT AND TO INTERVENE FOR PURPOSE OF APPEAL

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES....................................................................................................iii

PRELIMINARY STATEMENT ............................................................................................1

ARGUMENT ...........................................................................................................................1

I.      MOVANTS' FILING OF A NOTICE OF APPEAL DIVESTED THIS COURT
        OF JURISDICTION TO GRANT INTERVENTION FOR PURPOSES OF
        APPEAL...................................................................................................................1

II.     MOVANTS HAVE WAIVED THEIR OBJECTIONS TO THE AMENDED
        SETTLEMENTS AND THEREFORE LACK ANY INTEREST WARRANTING
        INTERVENTION TO APPEAL.............................................................................2

CONCLUSION........................................................................................................................7

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Amarin Pharm. Ireland Ltd. v. Food & Drug Admin.*,
    139 F. Supp. 3d 437 (D.D.C. 2015) ...................................................................2

*Avoyelles Sportsmen's League, Inc. v. Marsh*,
    715 F.2d 897 (5th Cir. 1983) .........................................................................2

*In re Deepwater Horizon*,
    739 F.3d 790 (5th Cir. 2014) .........................................................................4

*Devlin v. Scardelletti*,
    536 U.S. 1 (2002) ...........................................................................3, 4, 5, 6

*Dilks v. Aloha Airlines*,
    642 F.2d 1155 (9th Cir. 1981) .......................................................................3

*Doe v. Public Citizen*,
    749 F.3d 246 (4th Cir. 2014) .........................................................................2

*Drywall Tapers & Pointers of Greater N.Y., Local Union 1974 v. Nastasi & Assocs., Inc.*,
    488 F.3d 88 (2d Cir. 2007) ...........................................................................2

*Farber v. Crestwood Midstream Partners L.P.*,
    863 F.3d 410 (5th Cir. 2017) .........................................................................3

*Halderman v. Pennhurst State Sch. & Hosp.*,
    612 F.2d 131 (3d Cir. 1979) (en banc) .........................................................2

*In re Hyundai & Kia Fuel Econ. Litig.*,
    926 F.3d 539 (9th Cir. 2019) (en banc) .........................................................5

*In re Integra Realty Res., Inc.*,
    354 F.3d 1246 (10th Cir. 2004) .....................................................................4

*In re Korean Air Lines Co., Antitrust Litig.*,
    No. 07-cv-05107, 2013 WL 7985367 (C.D. Cal. Dec. 23, 2013) ...........................4

*Marino v. Ortiz*,
    484 U.S. 301 (1988)......................................................................................3

*Marrese v. Am. Acad. of Ortho. Surgeons*,
    470 U.S. 373 (1985)......................................................................................2

*In re Mercury Interactive Corp. Sec. Litig.*,
    618 F.3d 988 (9th Cir. 2010) .........................................................................5

iii

DEFENDANTS' RESPONSE TO MOTIONS TO EXTEND TIME TO                    CASE NO.: 4:07-cv-05944-JST
APPEAL JUDGMENT AND TO INTERVENE FOR PURPOSE OF APPEAL

*Miller v. Ghirardelli Chocolate Co.*,
   No. 12-cv-04936-LB, 2015 WL 758094  (N.D. Cal. Feb. 20, 2015) ......................................4

*In re Mortg. Store, Inc.*,
   773 F.3d 990 (9th Cir. 2014) ...................................................................................4, 5

*In re Motor Fuel*,
   872 F.3d 1094 (10th Cir. 2017) ...........................................................................5

*Roe v. Town of Highland*,
   909 F.2d 1097 (7th Cir. 1990) .............................................................................2

*S. Cal. Edison Co. v. Lynch*,
   307 F.3d 794 (9th Cir. 2002) ............................................................................3, 5

*Spangler v. Pasadena City Bd. of Ed.*,
   552 F.2d 1326 (9th Cir. 1977) ...........................................................................3, 5

*Stein v. Wood*,
   127 F.3d 1187 (9th Cir. 1997) .............................................................................2

*Taylor v. KeyCorp*,
   680 F.3d 609 (6th Cir. 2012) ...............................................................................2

*In re UnitedHealth Grp. Inc. S'holder Derivative Litig.*,
   631 F.3d 913 (8th Cir. 2011) ...............................................................................4

**Other Authorities**

Fed. R. Civ. P. 23(e)(5)...................................................................................1, 4

Fed. R. Civ. P. 24 ...........................................................................................3

Fed. R. Civ. P. 24(a) .......................................................................................3

Fed. R. Civ. P. 24(b) .......................................................................................3

DEFENDANTS' RESPONSE TO MOTIONS TO EXTEND TIME TO
APPEAL JUDGMENT AND TO INTERVENE FOR PURPOSE OF APPEAL

CASE NO.: 4:07-cv-05944-JST

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PRELIMINARY STATEMENT

Fourteen purported members of the amended settlement classes ("Movants") move to intervene for the purpose of appealing this Court's July 29, 2020 judgment approving the amended settlements. In its July 13, 2020 Order, the Court struck Movants' objections to the amended settlements because Movants failed to comply with the requirement set forth in the class notice to provide proof of membership in the settlement classes, and because their generic, boilerplate objections did not satisfy the Federal Rule of Civil Procedure 23(e)(5) requirement that objections be stated with specificity.

Intervention to appeal should be denied, for two independent reasons. *First*, on August 28, 2020, Movants filed a notice of appeal from the approval of the amended settlements. That filing divested this Court of jurisdiction to grant intervention for purposes of appeal.[1]

*Second*, Movants waived their objections to the amended settlements by failing to properly present those objections to this Court in accordance with the requirements of the class notice and of the Federal Rules of Civil Procedure. Accordingly, Movants cannot rely on the rule that objecting class members have a direct right to appeal approval of a class settlement. Furthermore, allowing them to appeal through the indirect route of intervention would impermissibly circumvent the rule that only class members who properly object at the fairness hearing can appeal. And in any event, it would be futile to grant intervention for purposes of appeal because Movants have waived their objections to the amended settlements, and therefore cannot raise them on appeal.

## ARGUMENT

## I.   MOVANTS' FILING OF A NOTICE OF APPEAL DIVESTED THIS COURT OF JURISDICTION TO GRANT INTERVENTION FOR PURPOSES OF APPEAL

On August 28, 2020, Movants filed a notice of appeal from this Court's July 29, 2020 judgment finally approving the amended settlements. ECF No. 5832. As Movants concede, that

---

[1]   Movants' August 28, 2020 notice of appeal from the Court's July 29, 2020 judgment also mooted the portion of their motion seeking an extension of time to file such notice of appeal. ECF No. 5815 at 4-5.

filing divested this Court of authority to grant them intervention to appeal from the July 29, 2020 judgment. ECF No. 5815 at 4-5 n.5.

"As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997) (*citing Marrese v. Am. Acad. of Ortho. Surgeons*, 470 U.S. 373, 379 (1985)). Although the Ninth Circuit appears not to have addressed the issue, the "majority of courts that have addressed the question" hold that the filing of a notice of appeal divests a district court of authority to grant intervention for purposes of appeal. *Amarin Pharm. Ireland Ltd. v. Food & Drug Admin.*, 139 F. Supp. 3d 437, 439-41 (D.D.C. 2015). Three federal courts of appeals have so held. *Doe v. Public Citizen*, 749 F.3d 246, 257-59 (4th Cir. 2014); *Roe v. Town of Highland*, 909 F.2d 1097, 1099-1100 (7th Cir. 1990); *Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 928 (5th Cir. 1983). Two others have held that the filing of a notice of appeal divests a district court of authority to grant *any* form of intervention. *See Taylor v. KeyCorp*, 680 F.3d 609, 617 (6th Cir. 2012); *Drywall Tapers & Pointers of Greater N.Y., Local Union 1974 v. Nastasi & Assocs., Inc.*, 488 F.3d 88, 94-95 (2d Cir. 2007).

The Third Circuit is alone in holding that a district court retains jurisdiction to grant intervention for purposes of appeal, following the filing of a notice of appeal. *Halderman v. Pennhurst State Sch. & Hosp.*, 612 F.2d 131, 134 (3d Cir. 1979) (en banc). However, *Halderman* is based on the Third Circuit's "erroneous interpretation" of a Supreme Court decision. *Taylor*, 680 F.3d at 617 n. 11. *Halderman* is therefore "unpersuasive." *Avoyelles*, 715 F.2d at 929; *see also Roe*, 909 F.2d at 1100 n.2 (declining to follow *Halderman*); *Amarin Pharm. Ireland Ltd.*, 139 F. Supp. 3d at 441 (same).

## II.  MOVANTS HAVE WAIVED THEIR OBJECTIONS TO THE AMENDED SETTLEMENTS AND THEREFORE LACK ANY INTEREST WARRANTING INTERVENTION TO APPEAL

A movant for mandatory intervention under Federal Rule of Civil Procedure 24(a) must show that intervention is necessary to prevent the impairment of an interest that is "'direct, non-

contingent, substantial and legally protectable.'" *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (quoting *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1157 (9th Cir. 1981)).[2] Similarly, the "nature and extent of the intervenor's interest" is relevant to the propriety of permissive intervention under Rule 24(b). *Spangler v. Pasadena City Bd. of Ed.,* 552 F.2d 1326, 1329 (9th Cir. 1977). Movants have no interest in appealing this Court's judgment approving the amended settlements because they failed to validly present their objections, and thereby failed to preserve their objections for appeal. Therefore, even if this Court retained jurisdiction to grant intervention for purposes of appeal, that relief should be denied here.

The Supreme Court has carved out a narrow, conditional exception to the general rule that only parties to a lawsuit may appeal from an adverse judgment. *See Devlin v. Scardelletti*, 536 U.S. 1, 7 (2002) (citing *Marino v. Ortiz*, 484 U.S. 301, 304 (1988)). That exception permits unnamed class members to appeal from the approval of a class settlement, on condition that they "objected at the fairness hearing." *Devlin*, 536 U.S. at 10; *see also id.* at 14 ("We hold that nonnamed class members like petitioner who have objected in a timely manner to approval of the settlement at the fairness hearing have the power to bring an appeal without first intervening.").

However, purported objectors who—like Movants—fail to comply with the procedural requirements specified in the class notice cannot rely on the exception set forth in *Devlin*, and their appeals must therefore be dismissed. *Farber v. Crestwood Midstream Partners L.P.,* 863 F.3d 410, 416-17 & n.11 (5th Cir. 2017) (dismissing appeal by class member who, despite filing a timely objection, "did not take the procedural steps necessary to have 'objected during the fairness hearing' as required by *Devlin*"); *In re Integra Realty Res., Inc.*, 354 F.3d 1246, 1257-58 (10th Cir. 2004) (dismissing appeal by class member whose timely objection failed to give notice of intention to appear at the fairness hearing as required by the class notice); *see also In re UnitedHealth Grp. Inc. S'holder Derivative Litig.*, 631 F.3d 913, 916-17 (8th Cir. 2011) (dismissing appeal by class member who filed an untimely objection and holding that an

---

[2]     As this Court has recognized, a movant for intervention to appeal must satisfy Federal Rule of Civil Procedure 24. ECF No. 5823 at 4-5.

3

unnamed class member must follow district court procedure in asserting his objection, "or else he loses any right he would have otherwise had to appeal a settlement agreement").

Like the appellants in the above-referenced cases, Movants failed to validly object to the amended settlements. The Court struck their objections because Movants failed to comply with the requirement set forth in the class notice to provide proof of membership in the settlement classes, *and* because their generic, boilerplate objections did not satisfy the Federal Rule of Civil Procedure 23(e)(5) requirement that objections be stated with specificity. ECF No. 5786 at 11-13; *see Miller v. Ghirardelli Chocolate Co.*, No. 12-cv-04936-LB, 2015 WL 758094, at *10 (N.D. Cal. Feb. 20, 2015) (finding that objectors who failed to prove class membership as required by the court's preliminary approval order lacked standing to object); *In re Korean Air Lines Co., Antitrust Litig.*, No. 07-cv-05107, 2013 WL 7985367, at *2 (C.D. Cal. Dec. 23, 2013) ("[E]ach objector to a class action settlement must establish his or her class membership or standing to object."). Therefore, Movants cannot appeal because they "did not take the procedural steps necessary to have 'objected during the fairness hearing' as required by *Devlin*." *In re Integra Realty Res., Inc.,* 354 F.3d at 1258 (quoting *Devlin*, 536 U.S. at 11).

As Movants are barred from appealing directly under *Devlin*, they should not be permitted to intervene for purposes of appeal. Movants waived their objections to the amended settlements by failing to properly present them to this Court, and therefore they cannot raise those objections on appeal. *In re Mortg. Store, Inc.*, 773 F.3d 990, 998 (9th Cir. 2014) (Ninth Circuit does not address arguments that the appellant waived by failing to raise them below);[3] *see also In re Deepwater Horizon*, 739 F.3d 790, 809 (5th Cir. 2014) (affirming that objectors

---

[3]   The Ninth Circuit *may* consider a waived argument, but only in three "exceptional circumstances" that are not present here, *i.e.*, (1) "when review is required to 'prevent a miscarriage of justice or to preserve the integrity of the judicial process,'" (2) "'when a new issue arises while appeal is pending because of a change in the law,'" and (3) "'when the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed.'" *In re Mortg. Store, Inc.*, 773 F.3d 990, 998 (9th Cir. 2014) (quoting *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010).

4

DEFENDANTS' RESPONSE TO MOTIONS TO EXTEND TIME TO          CASE NO.: 4:07-cv-05944-JST
APPEAL JUDGMENT AND TO INTERVENE FOR PURPOSE OF APPEAL

"forfeited and waived" their objections to settlement agreement by not substantiating their membership in the class); *In re Motor Fuel*, 872 F.3d 1094, 1112 (10th Cir. 2017) (affirming district court's ruling that objections were not properly before the court because objector failed to comply with notice requirements). In light of Movants' failure to establish class membership—a deficiency that is wholly unaddressed in Movant's motion—they have consequently neither shown a "significant protectable interest" related to the settlement, nor formal legal prejudice they would suffer, that would warrant Movant's intervention. *S. Cal. Edison*, 307 F.3d at 803; *Spangler,* 552 F.2d at 1329.

Movants therefore are not entitled to intervene because they lack any interest in appealing from the approval of the amended settlements. Moreover, granting intervention to appeal here would improperly circumvent the limitations the Supreme Court imposed in *Devlin* on unnamed class members' right to appeal the approval of a settlement. The Ninth Circuit has recognized the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned[.]" *In re Hyundai & Kia Fuel Econ. Litig*., 926 F.3d 539, 556 (9th Cir. 2019) (en banc). The rule in *Devlin* promotes that policy by ensuring that class settlement appeals are limited to those who properly assert their objections. The Court should not allow Movants to frustrate that policy through the backdoor route of intervention, either by right or by permission of the Court.

Moreover, even if Movants' objections were not forfeited and waived, intervention would still be improper. The Supreme Court ruled that unnamed class members whose timely and properly asserted objections were "disregard[ed]" by the district court should directly appeal that decision to the appellate court. *Devlin*, 536 U.S. at 14 ("Just as class action procedure allows nonnamed class members to object to a settlement at the fairness hearing without first intervening, it should similarly allow them to appeal the District Court's decision to disregard their objections.") (internal citation omitted). The Supreme Court explained that intervention "would only add an additional layer of complexity before the appeal of the settlement approval may finally be heard." *Id*. This is true here. Tellingly, Movants admit that they are only seeking

1  intervention "in an abundance of caution to remove the issue of standing on their appeal." ECF

2  No. 5815 at 5. That justification is meritless. The Supreme Court stated that standing to appeal is

3  an issue "typically addressed only by an appellate court" and that "there is little to be gained by

4  requiring a district court to consider [that] issue[]." *Devlin*, 536 U.S. at 14. For this reason as

5  well, the Court should deny Movants' motion to intervene.

6              \*   \*   \*

7    Finally, Defendants acknowledge that the Court has rejected their rule-of-mandate

8  argument. For purposes of preserving that argument, which is set forth fully in an earlier

9  submission, ECF No. 5468, and therefore not repeated in detail here, Defendants respectfully

10  submit that this motion should be denied in accordance with the mandate rule.

DEFENDANTS' RESPONSE TO MOTIONS TO EXTEND TIME TO
APPEAL JUDGMENT AND TO INTERVENE FOR PURPOSE OF APPEAL
         CASE NO.: 4:07-cv-05944-JST

## **CONCLUSION**

For the foregoing reasons, this Court should deny the motion to intervene for purpose for purpose of appeal (ECF No. 5815).

Dated: September 3, 2020
                                        Respectfully submitted,

                                        /s/ *Andrew Rhys Davies*
                                        ALLEN & OVERY LLP
                                        ANDREW RHYS DAVIES
                                        andrewrhys.davies@allenovery.com
                                        1221 Avenue of the Americas
                                        New York, NY 10020
                                        Telephone: (212) 610-6300
                                        Facsimile:  (212) 610-6399

                                        JOHN ROBERTI
                                        john.roberti@allenovery.com
                                        ALLEN & OVERY LLP
                                        1101 New York Avenue NW
                                        Washington, DC 20005
                                        Telephone: (202) 683-3800
                                        Facsimile:  (212) 610-6399

                                        *Attorneys for Defendants Samsung SDI Co., Ltd.;*
                                        *Samsung SDI America, Inc.; Samsung SDI Mexico*
                                        *S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzhen*
                                        *Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co.,*
                                        *Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd.*[4]

---

[4]     Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co., Ltd., and Samsung SDI (Malaysia) Sdn. Bhd. have been dissolved.

7

*/s/ Jeffrey L. Kessler*
WINSTON & STRAWN LLP
JEFFREY L. KESSLER
jkessler@winston.com
EVA W. COLE
ewcole@winston.com
200 Park Avenue
New York, NY 10166
Telephone:     (212) 294-6700
Facsimile:      (212) 294-4700

KEVIN B. GOLDSTEIN
kbgoldstein@winston.com
35 W. Wacker Drive
Chicago, IL 60622
Telephone:     (312) 558-5600
Facsimile:      (312) 558-5700

WEIL, GOTSHAL & MANGES LLP
DAVID L. YOHAI
david.yohai@weil.com
ADAM C. HEMLOCK
adam.hemlock@weil.com
DAVID YOLKUT
david.yolkut@weil.com
767 Fifth Avenue
New York, NY 10153-0119
Telephone:     (212) 310-8000
Facsimile:      (212) 310-8007

*Attorneys for Defendants Panasonic Corporation*
*(f/k/a Matsushita Electric Industrial Co., Ltd.),*
*Panasonic Corporation of North America, and MT*
*Picture Display Co., Ltd.* [5]

---

[5]     MT Picture Display Co., Ltd. has been dissolved and completed final liquidation proceedings in Japan on May 23, 2019.

8

/s/ *John M. Taladay*
BAKER BOTTS LLP
JOHN M. TALADAY
ERIK T. KOONS
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
Email: erik.koons@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips, N.V.,*
*Philips North America LLC, Philips Taiwan*
*Limited, and Philips do Brasil, Ltda*

/s/ *Kathy L. Osborn*
FAEGRE DRINKER BIDDLE & REATH LLP
KATHY L. OSBORN
Email: kathy.osborn@faegredrinker.com
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000

JEFFREY S. ROBERTS
Email: jeff.roberts@faegredrinker.com
1144 15th Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

*Attorneys for Defendants Thomson SA and*
*Thomson Consumer Electronics, Inc.*

/s/ *Donald A. Wall*
SQUIRE PATTON BOGGS (US) LLC
DONALD A. WALL
Email: donald.wall@squirepb.com
1 East Washington Street, Suite 2700
Phoenix, AZ 85004
Telephone: (602) 528-4005
Facsimile: (602) 253-8129

*Attorneys for Defendant Technologies*
*Displays Americas LLC*

DEFENDANTS' RESPONSE TO MOTIONS TO EXTEND TIME TO
APPEAL JUDGMENT AND TO INTERVENE FOR PURPOSE OF APPEAL

CASE NO.: 4:07-cv-05944-JST

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ *Eliot A. Adelson*
MORRISON & FOERSTER LLP
ELIOT A. ADELSON
Email:  eadelson@mofo.com
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

KIRKLAND & ELLIS LLP
JAMES H. MUTCHNIK (pro hac vice)
Email:  james.mutchnik@kirkland.com
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Defendants Hitachi Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.*

/s/ *Christopher M. Curran*
WHITE & CASE LLP
CHRISTOPHER M. CURRAN
ccurran@whitecase.com
LUCIUS B. LAU
alau@whitecase.com
DANA E. FOSTER
defoster@whitecase.com
MATTHEW N. FRUTIG
mfrutig@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

DEFENDANTS' RESPONSE TO MOTIONS TO EXTEND TIME TO
APPEAL JUDGMENT AND TO INTERVENE FOR PURPOSE OF APPEAL

CASE NO.: 4:07-cv-05944-JST