GIBSON, DUNN & CRUTCHER LLP
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN V. SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD.,
CHUNGHWA PICTURE TUBES (MALAYSIA)
SDN. BHD., and TATUNG COMPANY OF
AMERICA, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*All Actions*; | Master File No. 4:07-CV-05944-JST<br>MDL No. 1917<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS CHUNGHWA PICTURE TUBES, LTD., CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD., and TATUNG COMPANY OF AMERICA, INC.** |

## I. NOTICE OF MOTION

To the Clerk of this Court:

Please take notice that on October 14, 2020, or as soon thereafter as it may be heard, in Oakland Courthouse, Courtroom 6 – 2nd Floor 1301 Clay Street, Oakland, California, Gibson Dunn & Crutcher LLP ("Gibson Dunn"), counsel of record in the above-captioned litigation for Defendants Chunghwa Picture Tubes, Ltd., Chunghwa Picture Tubes (Malaysia) Snd. Bhd. (collectively the "CPT Defendants"), and Tatung Company of America, Inc. ("TUS") , will and hereby does move this Court for an order permitting its withdrawal from representing the CPT Defendants in this matter in accordance with Local Civil Rules 5-1(c)(2)(D) and 11-5(a).

## II. RELEVANT PROCEDURAL HISTORY

Gibson Dunn served as counsel of record for the CPT Defendants and TUS for the majority of cases in this MDL. Declaration of Rachel S. Brass In Support of Motion to Withdraw ("Brass Decl.") at ¶ 1. Before the filing of the Puerto Rico litigation, all of those matters were fully and finally resolved. *See* Dkt. Nos. 993 (Order adopting Special Master's Report and Recommendation and Orders preliminary approval of class settlement with IPP); 1105, 1106 (Order granting final approval of IPP settlement and judgment); 1412, 1414 (Order granting final settlement and final judgment).

On September 30, 2019, Tatung Company of America, Inc. filed a voluntary petition under Chapter 11 of Title 11, United States Code, 11 U.S.C. § 101. Brass Decl., Ex. A. Also in September of 2019, Chunghwa Picture Tubes Ltd. filed for insolvency with the Taoyuan District Court in Taipei. *Id*., Exs. B, C.

## III. MOTION FOR ORDER PERMITTING WITHDRAWAL BY COUNSEL

Under this Court's Civil Local Rules, counsel may withdraw from an action if "relieved by order of the Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L.R. 11–5(a); *Dist. Council No. 16 No. Cal. Health & Welfare Trust Fund v. Lambard Enters., Inc.,* No. C 09–05189 SBA, 2010 WL 3339446, at *1 (N.D. Cal. Aug. 24, 2010). Whether to permit withdrawal of counsel is left to the discretion of the trial court. *See United States v. Carter,* 560 F.3d 1107, 1113 (9th Cir. 2009). "Factors which courts consider in

1   ruling on a motion to withdraw include: 1) the reasons why withdrawal is sought; 2) the prejudice
2   withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of
3   justice; and 4) the degree to which withdrawal will delay the resolution of the case." *Booth v. Strategic*
4   *Realty Tr., Inc.*, No. 13-CV-04921-JST, 2015 WL 12791526, at *2 (N.D. Cal. Jan. 8, 2015) (citation
5   and quotation marks omitted); *Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal.
6   Sept. 15, 2010); *Ortiz v. Freitas*, No. 14-CV-00322-JSC, 2015 WL 3826151, at *1 (N.D. Cal. June 18,
7   2015) (listing same factors).

8         Under California Rule of Professional Conduct 1.16(b)(4), an attorney may request permission
9   to withdraw on the basis of "conduct [that] renders it unreasonably difficult for the [attorney] to carry
10  out the employment effectively."  Courts in this district consider the standards of professional conduct
11  required of members of the State Bar of California when determining whether counsel may withdraw
12  representation.  *See Ortiz*, 2015 WL 3826151, at *1 (applying prior version of Rule 1.16, CA ST RPC
13  Rule 3-700, to determine that client's "failure to maintain regular contact with his counsel and
14  cooperate in moving the litigation forward constitute[d] good cause for withdrawal"); *McClintic v. U.S.*
15  *Postal Serv.*, 2014 WL 51151, at *3 (E.D.Cal. Jan. 7, 2014) (collecting cases in which a client's failure
16  to cooperate or communicate effectively with counsel justified the attorney's motion to withdraw).

17        Gibson Dunn seeks permission to withdraw as counsel for the CPT Defendants and TUS
18  because their insolvency and a complete failure to communicate with Gibson Dunn for over a year has
19  rendered it unreasonably difficult (if not impossible) to represent them.  Since August of 2019, Gibson
20  Dunn has repeatedly attempted to contact the CPT Defendants and TUS  and received no response.
21  Brass Decl. at ¶¶ 5, 6.  That includes in response to outstanding requests with respect to filings in
22  active legal matters.  *Id.* at ¶ 5.  When Gibson Dunn became aware of the CPT Defendants' insolvency
23  proceedings in September 2019, it sent an additional letter to the President of CPT, Mr. S.C. Lin,
24  cc'ing the CPT legal team, reporting on CPT's legal team's lack of response to any of its prior
25  correspondence.  *Id*.  However, Gibson Dunn has received no substantive response; rather, it received
26  "bounce back" responses to electronic mail correspondence.  *Id*.  Gibson Dunn similarly has received
27  no response or guidance in connection with its communications to TUS.  *Id.* at ¶ 6.
28

Because, at the time of those events, the MDL matters involving the CPT Defendants and TUS were collectively resolved, Gibson Dunn did not seek any relief from this Court. With the MDL reengaged to address the claims brought by Puerto Rico, an action in which the CPT Defendants and TUS are named, Gibson Dunn now seeks relief, given that it cannot carry out its representation of the CPT Defendants. District courts in the Ninth Circuit have repeatedly recognized that "[t]he lack of a cooperative relationship between an attorney and his client may justify the attorney's withdrawal." *Ortiz*, 2015 WL 3826151, at *1; *U.A. Local 342 Joint Labor-Mgmt. Comm. v. S. City Refrigeration, Inc.*, No. C-09-3219 JCS, 2010 WL 1293522, at *3 (N.D. Cal. Mar. 31, 2010) (granting petition to withdraw when client "ha[d] failed to pay fees and costs due under its engagement agreement with counsel and ha[d] failed to cooperate or communicate effectively with counsel"); *McClintic v. U.S. Postal Serv.*, No. 13–cv00439, 2014 WL 51151, at *3 (E.D.Cal. Jan. 7, 2014). Further, Gibson Dunn has "requested leave to withdraw, after giving [the CPT and TUS] Defendant[s] written notice," of its inability to represent them. *U.A. Local 342*, 2010 WL 1293522, at *3; *See* Brass Decl. at ¶¶ 5-6. It has also given notice to the other parties in the Puerto Rico action. Brass Decl. at ¶ 7. Given that, for over a year, Gibson Dunn has received no answer to its correspondence with either the CPT Defendants or TUS, and has no instruction or contact with either firm, request to withdraw as counsel is respectfully sought. Specifically, Gibson Dunn asks that in connection with this withdrawal, the Court not order that Gibson Dunn act to accept service for either the CPT Defendants or TUS, as Gibson Dunn has no person at either company to whom it could even forward that information. *See* Dkt. No. 5783 (Motion to Serve Foreign Defendants Through Their United State-Based Counsel).

For the foregoing reasons, Gibson Dunn requests that it be permitted to withdraw as counsel of record for the CPT Defendants and TUS.

DATED: September 3, 2020

GIBSON, DUNN & CRUTCHER LLP
RACHEL S. BRASS
AUSTIN V. SCHWING


By: __/s/ *Rachel S. Brass*__
Rachel S. Brass (SBN 219301)
Austin Schwing (SBN 211696)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000

1
2
3
4

San Francisco, CA 94105
(415) 393.8200 (Phone)
(415) 393.8306 (Facsimile)

*Attorneys for Defendants*
CHUNGHWA PICTURE TUBES, LTD.,
CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD., and TATUNG COMPANY OF AMERICA, INC.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gibson, Dunn & Crutcher LLP

4
NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL
CASE NO. 4:07-CV-05944-JST, MDL No. 1917