Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect
Purchaser Plaintiffs for the 22 States*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>INDIRECT PURCHASER ACTIONS | MASTER FILE NO. 4:07-cv-5944 JST<br>Case No. 13-cv-03234-JST<br><br>MDL NO. 1917<br><br>**INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO: (1) REQUEST FOR EXPEDITED RELIEF; (2) MOTIONS TO EXTEND TIME TO APPEAL JUDGMENT; AND (3) MOTIONTO INTERVENE FOR PURPOSE OF APPEAL; MOTION TO STRIKE**<br><br>Hearing Date:  Hearing Requested at the Discretion of the Court<br>Courtroom:     6, 2nd Fl. (Oakland)<br>Judge:          Hon. Jon S. Tigar |

MDL NO. 1917

INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO: (1) REQUEST FOR EXPEDITED RELIEF; (2) MOTION TO EXTEND TIME TO APPEAL JUDGMENT; AND (3) MOTION TO INTERVENE FOR PURPOSE OF APPEAL

The Indirect Purchaser Plaintiffs ("IPPs") oppose the request for expedited relief and the motions to extend time to appeal and to intervene, ECF No. 5815 (the "Motion") filed by certain objectors (for ease of reference, hereinafter "Objectors").

## INTRODUCTION

Mr. Bonsignore's latest attempt to delay and derail IPPs' amended settlements must be rejected. Objectors concede that their appeal of the Court's Final Judgment and its Order Granting Final Approval to the IPPs' settlements (the "Final Approval Order") (ECF No. 5832) divests this Court of jurisdiction to consider this Motion. *See* Motion at 4-5. Therefore, IPPs requested that Mr. Bonsignore withdraw the Motion. Mr. Bonsignore never responded. Instead, he has chosen to continue his practice of vexatiously and unreasonably multiplying these proceedings, and wasting the time and resources of the parties and this Court.

The Motion must be denied, first and foremost, on jurisdictional grounds. Relatedly, the requests to expedite this Motion and extend the time to appeal can be denied as moot. The Motion should also be denied as an improper attempt to circumvent this Court's ruling that Objectors lack standing to object to IPPs' settlements because they failed to show class membership, and otherwise failed to satisfy the notice requirements and Rule 23(e)(5). *See* Order Granting Final Approval, ECF No. 5786 ("Final Approval Order"), at 12. Objectors are effectively asking the Court to permit them to supplement the record regarding their class membership, and to reconsider its prior ruling on standing. But their Motion does not come close to satisfying the standards for supplementing the record or reconsideration.

Finally, to the extent the Court considers the merits of Objectors' Motion to intervene for the purposes of appeal, the Motion should be denied because Objectors once again fail to provide *evidence* of class membership or that they filed claims against the settlements. Moreover, Objectors have waived any right to appeal they may have had by failing to properly object before this Court. They therefore cannot demonstrate that they have a significant protectable interest in the settlements, or that their interests will be impaired absent intervention. In addition, they fail to make a compelling

showing of inadequate representation by the existing class representatives, and they make no effort to address the prejudice to IPPs and Defendants that their intervention would cause.

## BACKGROUND

This Court is well-aware of the underlying facts. IPPs address only relevant, recent events.

Objections to IPPs' amended settlements were due on May 29, 2020. Despite the fact that he was interim co-lead counsel for the Other Repealer State ("ORS") subclass, Mr. Bonsignore did not join his co-counsel's objections to final approval of the amended settlements on behalf of the ORS. ECF No. 5732. Instead, Mr. Bonsignore solicited 14 purported members of the 22 Indirect Purchaser Classes to file identical, generalized objections to final approval of the settlements. ECF Nos. 5739-5752, & 5755. These are the Objectors who filed the instant Motion.

On July 13, 2020, following a fairness hearing, this Court issued an Order striking Objectors' objections to final approval and finally approving the amended IPP settlements, ECF No. 5786 at 8-13. The Court concluded that the Objectors:

> [N]either state that they 'submitted a claim in or objected to the 2016 Settlements' nor provide '[p]roof of membership in one or more of the 22 Indirect Purchaser State Classes.' *See* ECF Nos. 5739-5752, 5755. They have not complied with the required 'procedures and so have not established that they are actual class members.' As such 'all [16] objectors have failed to establish their standing to challenge the settlement.'

*Id*. at 12. On July 16, 2020, certain ORS/NRS Objectors moved to intervene for the purpose of appealing the amended settlements. ECF No. 5792. On July 24, 2020, Mr. Bonsignore's ORS objectors purported to join in this Motion, even though they had not objected to final approval of the settlements. ECF No. 5802.

On July 29, 2020, the Court entered its Final Judgment. ECF No. 5804. On August 20, 2020, eight days before the August 28, 2020 deadline to appeal the Final Judgment and 43 days after the July 8, 2020 fairness hearing when the Court announced that it would approve the amended settlements and strike Objectors' objections, Mr. Bonsignore filed the instant Motion on behalf of Objectors. ECF No. 5815. The Motion seek to permission intervene; requests an expedited ruling; and requests an extension of the time to appeal to September 27, 2020. *Id*. at 4-5.

2

MDL NO. 1917

INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO: (1) REQUEST FOR EXPEDITED RELIEF; (2) MOTION TO EXTEND TIME TO APPEAL JUDGMENT; AND (3) MOTION TO INTERVENE FOR PURPOSE OF APPEAL

On August 28, 2020, Objectors purported to appeal the Final Judgment, the Final Approval Order, and other Orders. ECF No. 5832. Mr. Bonsignore also filed a separate notice of appeal on behalf of his ORS objectors. ECF No. 5830.

On August 29, 2020, IPP Counsel wrote to Mr. Bonsignore and requested that he withdraw this Motion because Objectors' notice of appeal divested this Court of jurisdiction, and the requests to expedite the Motion and extend the time to appeal are moot. *See* Declaration of Lauren C. Capurro, ¶ 2, Ex. 1, filed herewith. Mr. Bonsignore did not respond. *Id.*

## ARGUMENT

### I. THE COURT LACKS JURISDICTION TO CONSIDER THE MOTION TO INTERVENE, AND THE MOTIONS TO EXPEDITE AND EXTEND THE TIME TO APPEAL SHOULD BE DENIED AS MOOT

Objectors' Motion concedes that filing a notice of appeal would divest this Court of jurisdiction to consider their Motion. *See* Motion at 4-5 ("[I]f the requested extension is not granted, the IPP [Bonsignore] Objectors will be forced to appeal the Judgment, which will divest this Court of jurisdiction over the Intervention Motion . . ."). Objectors filed a notice of appeal of the Final Approval Order and the Final Judgment on August 28, 2020. ECF No. 5832. Therefore, this Court now lacks jurisdiction to consider the Motion because it involves an issue that is now before the Ninth Circuit. *See E. Bay Sanctuary Covenant v. Trump,* 354 F. Supp. 3d 1094, 1105 (N.D. Cal. 2018), *aff'd,* 950 F.3d 1242 (9th Cir. 2020) ("It is well established that "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") (quoting *Rodriguez v. County of Los Angeles,* 891 F.3d 776, 790 (9th Cir. 2018)).[1]

---

[1] *See also, e.g., Bryant v. Crum & Forster Specialty Ins. Co.,* 502 F. App'x 670, 671 (9th Cir. 2012) (affirming denial of motion to intervene because the district court lacked jurisdiction to entertain the motion due to a pending appeal); *Stiller v. Costco Wholesale Corp.*, No. 3:09-CV-2473-GPC-BGS, 2015 WL 1612001, at *1 (S.D. Cal. Apr. 9, 2015) (relying upon other circuit court decisions to hold that it lacked jurisdiction to consider a motion to intervene for purposes of appeal where, as here, it was filed shortly before the notice of appeal).

Objectors' Motion to expedite their intervention motion (which was procedurally improper since it did not satisfy N.D. Cal. Civ. L.R. 6-3) and the Motion to extend the time to appeal (which failed to show good cause for the extension given their delay in filing) should likewise be denied as moot. *See* ECF No. 5823 (denying motion to extend time to appeal as moot).

## II. THE INTERVENTION MOTION IS AN IMPROPER MOTION TO SUPPLEMENT THE RECORD ON OBJECTORS' STANDING TO OBJECT, OR TO RECONSIDER THE FINAL APPROVAL ORDER

Objectors state that "they seek leave of the Court to intervene in an abundance of caution" because the Court found their objections were deficient and struck them, and they wish to "remove the issue of standing on their appeal." Motion at 5. In other words, Objectors are effectively asking the Court to permit them to supplement the record regarding their class membership, and reconsider its prior ruling on standing. But their Motion does not come close to satisfying the standards for supplementing the record or reconsideration.

This Court's Civil Local Rules contain strict requirements for supplementing the record—requirements which Objectors do not and cannot satisfy. *See* Civ. L.R. 7-3(d)(1), (2) ("Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval, except" (1) to object to reply evidence, or (2) to alert the court to a new decision on the issue from another court.); *see also W. Expl., LLC v. U.S. Dep't of the Interior*, 250 F. Supp. 3d 718, 729 (D. Nev. 2017) ("Plaintiff cannot make a general statement to support standing and then provide more specific information in the sur-reply after Defendants had challenged the lack of injury to support Plaintiffs' standing. This is particularly true where the information was available to Plaintiffs during the briefing period on the pending motions.").

Objectors do not request leave to supplement the record and do not explain their failure to provide proof of class membership with their objections—information which would certainly have been available to them when they filed their objections. Indeed, even now, their Motion relies solely on vague and conclusory assertions regarding class membership, and fails to submit *evidence* of class membership. *See, e.g.,* Motion at 2-3 (asserting that Objectors are class members but citing

4

MDL NO. 1917

INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO: (1) REQUEST FOR EXPEDITED RELIEF; (2) MOTION TO EXTEND TIME TO APPEAL JUDGMENT; AND (3) MOTION TO INTERVENE FOR PURPOSE OF APPEAL

solely to their deficient objections (ECF Nos. 5739-49, 5751-52, 5755) and their stricken supplemental brief in support of their objections, ECF No. 5779). Accordingly, the Motion should be stricken as an improper attempt to supplement the record on their objections.

The Motion also fails to meet the standards for reconsideration. Civil L.R. 7-9 requires that a motion for reconsideration be filed "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case," and that the party seeking reconsideration first request and obtain leave of court to file the motion. N.D. Cal. Civ. L.R. 7-9(a)). Objectors have failed to do so. In addition, Objectors have failed to comply with N.D. Cal. L.R. 7-9 (b).[2]

In short, the Court should not permit Objectors to circumvent its well-reasoned, well-founded ruling that Objectors lack standing to object to the settlements because their objections failed to prove class membership, failed to satisfy the other requirements of the Court-approved notice, and failed to state their objections with specificity, as required by Fed. R. Civ. P. 23(e)(5). *See* Final Approval Order at 12. The Motion should be denied.

### III. OBJECTORS DO NOT SATISFY THE REQUIREMENTS FOR MANDATORY INTERVENTION

**A. Legal Standard**

To warrant mandatory intervention under Rule 24(a), Objectors must establish that: (1) their motion is "timely"; (2) they have "a 'significantly protectable' interest relating to . . . the subject of the action"; (3) they are "so situated that the disposition of the action may as a practical matter impair or impede [their] ability to protect that interest"; and (4) that such interest is "inadequately represented by the parties to the action." *Smith v. L.A. Unified Sch. Dist.,* 830 F.3d 843, 853 (9th

---

[2] Under N.D. Cal. L.R. 7-9 (b), the movant "must specifically show reasonable diligence in bringing the motion," and one of the following:
(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
(2) The emergence of new material facts or a change of law occurring after the time of such order; or
(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Cir. 2016). "Failure to satisfy any one of the requirements [for intervention] is fatal to the application, and [the court] need not reach the remaining elements if one of the elements is not satisfied." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009). Objectors fail to satisfy the requirements for mandatory intervention.

### B. Objectors Cannot Show They Have A Significant Protectable Interest Relating To This Action Or That Their Interests Will Be Impaired

Objectors seek intervention to provide them with standing to appeal this Court's Final Approval Order. *See* Motion at 5. Under Rule 24(a), they must demonstrate that intervention is required to prevent the impairment of some "'direct, non-contingent, substantial and legally protectable interest.'" *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (quoting *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1157 (9th Cir. 1981)). Objectors fail to make this showing.

First, despite being given clear instructions on what would suffice to prove class membership,[3] Objectors once again fail to prove that they are members of the settlement class. As discussed above, they rely solely on unsupported assertions of class membership, citing to their defective objections rather than any actual evidence. *See* Motion at 2, citing ECF Nos. 5739-49, 5751-52 and 5755. Since they have failed to show class membership, they cannot show an interest in the settlements.

Second, even assuming *arguendo* that they are class members, Objectors cannot show they have any interest in the settlements because none of them filed claims to share in the settlement fund,[4] and the claims period has run. *See* ECF No. 4339. To trigger a right to intervene, "'an economic interest must be concrete and related to the underlying subject matter of the action.'" *Green Fitness Equip. Co., LLC v. Precor Inc.,* No. 18-CV-00820-JST, 2018 WL 3036699, at *1 (N.D. Cal. June 19, 2018) (citation omitted). Because Objectors opted not to file claims and do not stand to recover anything from the settlements, they cannot show a protectable, concrete, economic

---

[3] *See* Final Approval Order at 12 n. 19 (noting that objectors could have provided "a declaration under oath describing which CRT product(s) the objector purchased.").

[4] *See* Declaration of Joseph M. Fisher Re: Claims By Objectors, ¶ 4.

1   interest in the settlements. Thus, the litigation has "no immediate or any foreseeable, demonstrable effect upon the proposed intervenors." *Montana v. United States Environmental Protection Agency*, 137 F.3d 1135, 1141 (9th Cir. 1998).

Finally, as Objectors acknowledge, if they had properly objected to the settlements and demonstrated class membership and satisfied the requirements of the notice and Rule 23(e)(5), they would be able to appeal approval of the settlements as unnamed class members. *See* Motion at 5 (citing *Devlin v. Scardeletti*, 536 U.S. 1 (2002)). Because they failed to do so, they have waived any right they had to appeal as unnamed class members under *Devlin*.[5]

Objectors thus cannot show that they "would be substantially affected in a practical sense by the determination made in an action," entitling them to intervene. *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001).

### C. Objectors Fail To Show Inadequate Representation By The Existing Class Representatives And Lead Counsel

Objectors also fail to show inadequate representation by the existing class representatives and Lead Counsel. While it is true that in general, the proposed intervenor's burden in showing inadequate representation is "minimal[,] . . . [c]lass actions . . . are the exception." *Allen v. Hyland's Inc.*, No. CV1201150DMGMANX, 2012 WL 12887827, at *3 (C.D. Cal. Aug. 28, 2012). "In fact, Rule 23 is specifically designed to avoid this kind of intervention by a class member." *Id*. (citing *Am. Pipe and Constr. Co. v. Utah*, 414 U.S. 538, 551 (1974)).

---

[5] *See, e.g., In re Mortg. Store, Inc.*, 773 F.3d 990, 998 (9th Cir. 2014) (Ninth Circuit does not address arguments that the appellant waived by failing to raise them below); *In re Deepwater Horizon*, 739 F.3d 790, 809 (5th Cir. 2014) (affirming that objectors "forfeited and waived" their objections to settlement agreement by not substantiating their membership in the class); *In re Motor Fuel*, 872 F.3d 1094, 1112 (10th Cir. 2017) (dismissing appeal because objector failed to comply with notice requirements); *In re Integra Realty Res., Inc.*, 354 F.3d 1246, 1257-58 (10th Cir. 2004) (dismissing appeal by class member whose objection failed to comply with the class notice); *In re UnitedHealth Grp. Inc. S'holder Derivative Litig.*, 631 F.3d 913, 916-17 (8th Cir. 2011) (holding that an unnamed class member must follow district court procedure in asserting objection, "or else he loses any right he would have otherwise had to appeal a settlement agreement").

"Three factors are examined to evaluate adequacy of representation: (1) whether the interest of a present party is such that it will 'undoubtedly' make all of a proposed intervenor's arguments; (2) whether the present party is 'capable and willing' to make such arguments; and (3) whether a proposed intervenor would offer any 'necessary elements' to the proceeding that other parties would neglect." *Nat. Res. Def. Council*, 2016 WL 6520170, at *5 (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)).

"The most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties." *Arakaki*, 324 F.3d at 1086 (citing 7C Wright, Miller & Kane, § 1909, at 318 (1986)). "When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." *Id*. (citing *League of United Latin Am. Citizens,* 131 F.3d 1297, 1305 (9th Cir. 1997)). "If the applicant's interest is identical to that of one of the present parties, a *compelling showing* should be required to demonstrate inadequate representation." *Id*. (citing 7C Wright, Miller & Kane, § 1909, at 318–19) (emphasis added). "Where parties share the same ultimate objective, differences in litigation strategy do not normally justify intervention." *Id.* at 1086 (citing *U.S. v. City of Los Angeles,* 288 F.3d 391, 402 (9th Cir. 2002)).

Here, Objectors purport to hold state law claims identical to those of the existing class representatives, and presumably have the same ultimate objective as the existing parties—to recover damages from the defendants for the alleged overcharges on CRT products caused by defendants' alleged antitrust violations. Yet they fail to make any showing—much less a compelling showing—that the existing class representatives have not and will not represent their interests. They merely make the bare assertion that "the interests of the Objectors are not adequately represented by an existing party in the litigation[,]" and falsely claim that "[n]o other member of the IPP class was permitted to advocate for their objections to the Amended Settlements." Motion at 7. On the contrary, IPPs sent direct mail and email notice of the amended settlements and fee award to all claimants, informing them of their right to object. *See* ECF No. 5587-2. The fact that no class

member objected does not mean that Objectors—to the extent they even are class members—are inadequately represented.

In sum, the Objectors' interest in lodging frivolous objections and appealing in order to delay IPPs' settlements for their own personal gain is not a legitimate interest deserving of separate representation. Their Motion should be denied.

## IV. OBJECTORS DO NOT SATISFY THE REQUIREMENTS FOR PERMISSIVE INTERVENTION

### A. Legal Standard

"'[A] court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common.'" *City of Los Angeles, Cal.*, 288 F.3d at 403 (quoting *Nw. Forest Res. Council v. Glickman,* 82 F.3d 825, 839 (9th Cir. 1996). "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id*. (quoting Rule 24(b)).

Objectors bear the burden of establishing that the requirements for permissive intervention, including lack of prejudice to other parties, are satisfied. *See Quantum Production Services, LLC v. Austin*, No. CV 09-5087 PSG (CWx), 2009 WL 3517695, at *3-5 (C.D. Cal. Oct. 26, 2009). "Even if an applicant satisfies [Rule 24(b)'s] threshold requirements, the district court has discretion to deny permissive intervention." *S. Cal. Edison Co. v. Lynch*, 307 F.3d at 803; *see also Lindblom v. Santander Consumer USA, Inc.*, 771 F. App'x 454, 455 (9th Cir. 2019) (affirming denial of permissive intervention and noting the "broad discretion" given to district courts under Rule 24(b)).

### B. Permitting Objectors To Intervene And Appeal Would Greatly Prejudice The Settling Parties

Objectors make no effort to meet their burden of showing lack of prejudice to the IPPs and Defendants. They do not do so because their *purpose* is to prejudice IPPs and Defendants by derailing the amended settlements and undoing the Final Approval Order. The risk of unraveling the settlements alone justifies denial of this Motion. *See Empire Blue Cross and Blue Shield v. Janet Greeson's A Place For Us, Inc*., 62 F.3d 1217, 1220 (9th Cir. 1995) (potential for unraveling or

blocking settlement between existing parties constitutes prejudice to those parties justifying denial of motion for permissive intervention); *Cosgrove v. National Fire & Marine Ins. Co.*, 770 F. App'x 793, 795 (9th Cir. 2019) (denying permissive intervention where, as here, proposed intervenors would prejudice existing parties' ability to end the case through settlement).

Granting the Motion would facilitate Objectors' goal of delaying or derailing the IPPs' settlement. The risk of further delay also justifies denying permissive intervention. *See L.A. SMSA Ltd. P'ship v. City of Los Angeles, Cal.*, No. 19-56011, 2020 WL 3001025, at *2 (9th Cir. June 4, 2020) (The district court did not abuse its discretion in denying permissive intervention where the district court "reasonably determined that Reynier's participation as a party in this suit is likely to delay proceedings."); *Hilsley v. Ocean Spray Cranberries, Inc.*, No. 17-cv-2335-GPC (MDD), 2020 WL 475164, at *4 (S.D. Cal. Jan. 29, 2020) ("The Court finds that the potential prejudicial effect, delay and derailment of the settlement that would be caused by intervention warrant denial of the motion to intervene."). This is particularly true here given that this case has been pending for 13 years, and the settlements have already been delayed for five years. IPP class members should not be required wait any longer for the distribution of the settlement funds.

## CONCLUSION

For all of the foregoing reasons, Objectors' Motion should be denied.

Dated: September 3, 2020        Respectfully submitted,

By:   /s/ Mario N. Alioto
        MARIO N. ALIOTO (56433)
        LAUREN C. CAPURRO (241151)
        **TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**
        2280 Union Street
        San Francisco, California 94123
        Telephone: (415) 563-7200
        Facsimile: (415) 346-0679

        ***Lead Counsel for the Indirect Purchaser Plaintiffs for the 22 States***