Robert J. Bonsignore, *appearing pro hac vice*
Lisa A. Sleboda, *appearing pro hac vice*
BONSIGNORE TRIAL LAWYERS, PLLC
3771 Meadowcrest Drive
Las Vegas, NV 89121
Phone: 781-856-7650
Email: rbonsignore@classactions.us

*Counsel for Indirect Purchaser Plaintiff
Class Member Objectors*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 4:07-cv-5944-JST<br><br>MDL No. 1917<br><br>**REPLY IN FURTHER SUPPORT OF REQUEST FOR EXPEDITED RELIEF AND MOTIONS TO EXTEND TIME TO APPEAL JUDGMENT AND TO INTERVENE FOR PURPOSE OF APPEAL**<br><br>Hearing Date: *Submitted on papers*<br><br>Judge:    Honorable Jon S. Tigar<br>Courtroom:  6, 2nd Floor |
| This Document Relates to:<br><br>All Indirect-Purchaser Actions | |

Class Plaintiffs Jeff Speaect (SD); Gloria A. Comeaux (NV); Craig A. Schuler (NE) ; Valerie G. Deick (NV); Lisa L. Butterbrodt (WI); Dale B. McKenzie (CA); Eric R. Coggins (AZ); Heather J. Gordon (FL); Dennis S. Cornett (TN); David N. Watson (MI); Brendan C. McCann (NY); Jessica M. McIntyre (VT); Miguel A. Albarran (FL); and Mary J. Baucom (NM) (collectively, the "Objectors"), respectfully submit this reply memorandum and in further support of their Motion to Extend the Time to Appeal (the "Extension Motion") and their Motion to Intervene for the purpose of appealing the final judgment entered on July 29, 2020 (the "Judgment") (Dkt. 5804) (the "Intervention Motion") (collectively, the "Motions"), and in response to the oppositions to those Motions filed by IPP Lead Class Counsel (Dkt. 5840) and the Settling Defendants (Dkt. 5838) (collectively, the "Oppositions").

When originally filing their Motions on August 20, 2020, the Objectors requested expedited consideration and relief due to the August 28, 2020 deadline for appealing pursuant to Federal Rule of Appellate Procedure 4.[1]  The briefing schedule set for the Motions did not allow for expedited resolution.  Therefore, on August 28, 2020, the Objectors timely filed their notice of appeal of the Judgment, and that appeal has been docketed by the Ninth Circuit.  Dkt. 5835. Accordingly, their Extension Motion is now moot and jurisdiction divested from this Court over the Intervention Motion.  Nevertheless, the Objectors provide this targeted response for consideration should the Court of Appeals deem a limited remand appropriate to allow for its resolution.  *See Roe v. Town of Highland*, 909 F.2d 1097, 1100 (7th Cir. 1990) ("Although the filing of the notice [of appeal] would deprive the district court of power to act on the motion to intervene, the cause may be remanded for that purpose.") (quotation marks omitted); *Drywall Tapers & Pointers of Greater N.Y., Local U. 1974 of I.U.P.A.T., AFL-CIO v. Nastasi & Assocs. Inc.*, 488 F.3d 88, 95 (2d Cir. 2007) (concluding that "non-party status does not prevent [circuit

---

[1] As noted in their moving brief, the Objectors pursued that course as a court-endorsed method to avoid rendering any ultimate relief impossible through expiration of the time to appeal the Judgment during the pendency of their Intervention Motion.  *See CE Design, Ltd. v. Cy's Crab House N., Inc.*, 731 F.3d 725, 729 (7th Cir. 2013).

1

REPLY IN FUTHER SUPPORT OF REQUEST FOR EXPEDITED RELIEF AND MOTIONS TO EXTEND
TIME TO APPEAL JUDGMENT AND TO INTERVENE FOR PURPOSE OF APPEAL
Case No. 4:07-cv-5944-JST, MDL No. 1917

court] from acting to cut through this appellate Catch–22" and remanding appeal "to enable [District] Court, with its jurisdiction restored, to adjudicate the merits of [the] intervention motion").

As an initial matter, the Objectors again highlight, as they did in their opening brief (Dkt. 5815 at 7), that in filing this Motion, they do not intend to concede that a direct appeal is unavailable to them.  As settlement class members who timely objected to the amended settlements and appeared through counsel at the fairness hearing, they indeed have a right to directly appeal the denial of their objections to final approval.  *See Devlin v. Scardelletti*, 536 U.S. 1, 14 (2002) ("nonnamed class members like petitioner who have objected in a timely manner to approval of the settlement at the fairness hearing have the power to bring an appeal without first intervening").  The Settling Defendants themselves concede that *Devlin* permits "unnamed class members to appeal from the approval of a class settlement, on condition that they 'objected at the fairness hearing.'"  Dkt. 5838 at 3, *citing Devlin*, 536 U.S. at 10.  The Supreme Court expressly found that the "most important" factor to its decision was that the objectors there, as "nonnamed class members[,] [were] parties to the proceedings in the sense of being bound by the settlement." *Devlin*, 536 U.S. at 10.  That factor applies equally to the Objectors here.  The "broad reading" accorded by the Ninth Circuit to *Devlin* further supports that it will find the Objectors have the right to a direct appeal.[2] *See Fidel v. Farley*, 534 F.3d 508, 513 (6th Cir. 2008) (characterizing Ninth Circuit reading as "broad"); *see also Churchill Vill., L.L.C. v. General Elec.*, 361 F.3d 566, 572-73 (9th Cir.) (rejecting narrow reading), *cert. denied sub nom., Beckwith Place Ltd. Partnership v. General Elec. Co.*, 543 U.S. 818 (2004).

---

[2] The Settling Defendants' reliance upon the Fifth Circuit's case, *Farber v. Crestwood Midstream Partners, L.P.*, 863 F.3d 410, 416-17 & n.11 (5th Cir. 2017), for the proposition that the Objectors' direct appeal would be barred because of the objections' purported procedural deficiencies is therefore questionable.  Dkt. 5838 at 3.  That case also stands in contrast to the Tenth Circuit's ruling in *Harper v. C.R. England, Inc.*, 746 Fed. Appx. 712, 719 (10th Cir. 2018), which allowed a direct appeal by objectors even though they filed late objections.

2
REPLY IN FUTHER SUPPORT OF REQUEST FOR EXPEDITED RELIEF AND MOTIONS TO EXTEND TIME TO APPEAL JUDGMENT AND TO INTERVENE FOR PURPOSE OF APPEAL
Case No. 4:07-cv-5944-JST, MDL No. 1917

Nevertheless, as also made plain in their opening brief, the Objectors presented their Motion to Intervene in an abundance of caution should their right to directly appeal be challenged before the Ninth Circuit.[3]  As the Oppositions now demonstrate, that cautionary filing was well-founded.  IPP Class Counsel and the Settling Defendants both take the position that the Objectors should be denied their right to not only directly appeal the Judgment but to intervene here for the limited purpose of appeal.   None of their arguments regarding intervention – which is the relevant question before the Court -- are sufficient to deny the Objectors the limited relief they seek.

The opposing parties primarily contend that the Intervention Motion should be denied because the Objections were purportedly procedurally deficient and therefore waived the Objectors' right to appeal approval of the Amended Settlements.  As applied to an intervention motion for the purpose of an appeal, that argument misses the mark.  It is axiomatic that where the right to a direct appeal lies, intervention to pursue that appeal is not needed.  Intervention for the limited purpose of an appeal is the very device that renders an otherwise unavailable appeal by unnamed class members proper. *See, e.g., Douglas v. The W. Union Co.*, 955 F.3d 662-664-65 (7th Cir. 2020).  Indeed, Courts have frequently permitted intervention – even after trial – for the purpose of appealing an adverse ruling.  *See, e.g., United Airlines, Inc. v. McDonald*, 432 U.S. 385, 395-96 & n. 16 (1977); *Alaska v. Suburban Propane Gas Corp.,* 123 F.3d 1317, 1319 (9th Cir.1997) (holding that putative class member could intervene for the purpose of appeal after parties settled claims and district court entered final judgment); *United States ex rel.*

---

[3] Another factor supporting the Objectors' pursuit of intervention in this Court prior to filing their appeal was the overwhelming evidence in the court record of Objectors Speaect's and Comeaux's status as class members (described herein and in the opening brief) that was unacknowledged by IPP Class Counsel when responding to the Objections.  *See* Dkt. 5758.  Many of those facts were highlighted in the stricken -- and thus likely not reviewed -- Supplemental Brief.  Dkt. 5779.  An intervention motion for purposes of appeal -- which despite IPP Class Counsel's incorrect condemnation as seeking reconsideration -- is an accepted mechanism for those Objectors, who are indisputably class members, to obtain appellate review.

*Killingsworth v. Northrop Corp.,* 25 F.3d 715, 719–20 (9th Cir.1994) (holding that nonparty could intervene for appeal after parties filed stipulation of dismissal in district court).

The opposing parties' related argument that intervention should be denied as futile because the Objectors purportedly waived objection to the Amended Settlements because their objections were deficient is also incorrect. Futility is not a proper consideration when analyzing a motion to intervene for appeal.[4] *See Banneck v. Fed. Nat'l Mortgage Ass'n*, 3:17-CV-04657-WHO, 2018 WL 3417477, at *2 (N.D. Cal. July 13, 2018) (rejecting a similar argument by a lead class plaintiff against allowing intervention for the purpose of appealing); *Lane v. Bethlehem Steel Corp.*, 93 F.R.D. 611, 615 (D. Md. 1982), *aff'd sub nom. Adams v. Bethlehem Steel Corp.*, 736 F.2d 992 (4th Cir. 1984) ("That issue, however, is the very point as to which the movants seek appellate review. The interest of a putative class member in the class aspect of a case, as well as the right to appellate review thereof, cannot be eliminated by the very decision from which appellate review is sought."). The opposing parties' attempt to litigate the merits of the Objectors' pending appeal -- rather than address the correct standards for evaluation of a limited motion to intervene to appeal -- should be rejected.

When evaluated under the correct legal criteria identified in the Objectors' opening brief, the Motion to Intervene meets each of the four requirements under Rule 24(a) to allow their limited intervention for the purpose of appeal.[5]

---

[4] Indeed, the Settling Defendants conceded that the Ninth Circuit may consider a waived argument, which renders their waiver-preclusion argument further misplaced. Dkt. 5838 at 4, *citing In re Mortgage Store, Inc.*, 773 F.3d 990, 998 (9th Cir. 2014). Review here would be appropriate under the circumstances identified in that case as meriting review, namely to prevent a miscarriage of justice and to preserve the integrity of the judicial process.

[5] The four elements of intervention under Rule 24(a)(2) are:

(1) the prospective intervenor's motion is "timely"; (2) the would-be intervenor has "a 'significantly protectable' interest relating to ... the subject of the action," (3) the intervenor is "so situated that the disposition of the action may as a practical matter impair or impede [the intervenor's] ability to protect that interest"; and (4) such interest is "inadequately represented by the parties to the action." *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016).

First, neither IPP Class Counsel nor the Settling Defendants contest the timeliness of the Objectors' Motion.

Second, unlike the merits-based inquiry urged in the Oppositions, the operative inquiry on a motion to intervene by unnamed class members for the "protectable interest" and impairment elements of Rule 24(a)(2) is grounded in the nature of Rule 23 litigation.  By definition, a class action encompasses, and disposes of, unnamed class members' interests and claims.[6]  *See Miller v. Ghirardelli Chocolate Co.*, C 12-04936 LB, 2013 WL 6776191, at *8 (N.D. Cal. Dec. 20, 2013); *see also* Fed. R. Civ. P. 24 advisory committee's notes ("[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene."); *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001).  With respect to the Intervention Motion, the fact that the Objectors are bound as unnamed class members by the Judgment and foreclosed from further pursuit of the released claims is beyond dispute.  Challenging that disposition is crucial to protecting their related rights and interests.  *See Edwards v. City of Houston, 37* F.3d 1097, 1107 (5th Cir. 1994), *on reh'g en banc*, 78 F.3d 983 (5th Cir. 1996) ("part of the ability to protect their interests is the ability to subjugate the district court's disposition of their case to appellate scrutiny").

Nevertheless, even if deemed relevant, the attacks made against the validity of the Objectors' "purported" status as class members only support the appropriateness of intervention as the method to allow for an appeal and review of the determination imposing the Amended Settlements upon them.  It does bear highlighting, however, that IPP Class Counsel continues to be less than candid in its arguments relating to class membership.  As the Objectors have repeatedly attempted to bring to the Court's attention, the indisputable fact that Objectors Speaect and Comeaux are class members has been part of the court's record in this case since

---

[6] The Settling Defendants did not dispute satisfaction of the impairment element here.

5

January 2013.  At that time, IPP Class Counsel named them as his class representatives for the states of South Dakota and Nevada in his Fourth Consolidated Amended Complaint.  Dkt. 1526.  Indeed, this Court awarded each of those class representative a $15,000 incentive award after approving the original settlements in 2016.  Dkt. 4740 at 20.  Also, the fact that an Objector may have not filed a claim – IPP Class Counsel's second default attack on their interests -- also does not remove the Objectors' protectable interests here, but further supports the importance of intervention to allow them to pursue their objection to inadequacy of the notice process, which they seek to challenge on appeal.

Third, the Oppositions' argument regarding the adequacy of representation element is similarly misplaced.  Because the Objectors are seeking to appeal the denial of objections to settlements proposed by IPP Class Counsel and his named representatives, they can hardly be said to be representing the Objectors' interests.  *See, e.g.*, *Buchet v. ITT Consumer Fin. Corp.*, 845 F. Supp. 684, 690 (D. Minn. 1994) (objecting to settlement "clearly puts [objectors] at odds with class counsel, and, therefore, [objectors] have made the minimal showing necessary to support their motions to intervene.").  The inadequate protection of their interests in an appeal is plain.  Equally plain is the inadequate legal representation that has plagued this case for over a decade. In agreeing to the recent amended settlements, IPP Class Counsel has put his own interests in preserving as much of his fee as possible in front of the IPP settlement class members' interests in ensuring the due process requirements prerequisite to approval of those settlements were met.  As a result, those settlements are on appeal, and the Objectors' interests in litigating and resolving their claims postponed indefinitely.

Similarly, IPP Class Counsel's argument that the named representatives who advocated for the challenged settlements can act as adequate representatives of the Objectors is insupportable.  And once again, there is a lack of candor in that argument.  It does not acknowledge that IPP Class Counsel removed both Objectors Speaect and Comeaux as named class representatives in his recently filed amended MDL Complaint because they did not share

6

REPLY IN FUTHER SUPPORT OF REQUEST FOR EXPEDITED RELIEF AND MOTIONS TO EXTEND TIME TO APPEAL JUDGMENT AND TO INTERVENE FOR PURPOSE OF APPEAL
Case No. 4:07-cv-5944-JST, MDL No. 1917

his voice or that of the other representatives. Dkt. 5889. To say they will represent the Objectors is to eviscerate any meaning for this element.

Fourth, IPP Class Counsel's stab at a prejudice argument to deny permissive intervention fails. Dkt. 5840 at 9. When evaluating a motion to intervene for the purpose of appeal, the only relevant prejudice is that arising because of a delay in seeking intervention. *Kamahaki v. Am. Soc'y for Reprod. Med.,* No. 11-CV-01781-JCS, 2015 U.S. Dist. LEXIS 54842, at *4 (N.D. Cal. Apr. 27, 2015) (relevant prejudice consideration is prejudice resulting from "timing of intervention" rather than "from the mere fact of intervention"). IPP Class Counsel does not even attempt such an argument. Indeed, as pointed out above, it fails to challenge the timeliness of the Intervention Motion at all. Instead, it resorts to maligning the motives of the Objectors who would dare to dissent and stating falsehoods as to their intentions for appealing as fact. In reality, the goal of the Objectors in seeking to appeal is far from nefarious. It is to prevent the abuse of the class action device and the affront to the constitutional rights afforded to absent class members that enable its existence.

IPP Class Counsel's last-ditch argument that the Objectors are improperly seeking to supplement the record on their standing to object and secure reconsideration warrants only brief comment. Dkt. 5840 at 4. As described above, it is the opposing parties who present merits-based arguments relating to the objections, not the Objectors. Even more, while criticizing the Objectors for seeking to supplement the record (which they have not), IPP Counsel in the next breath faults the Objectors for not presenting further evidence of their class membership on this Motion. *See id.* (the Objectors' "Motion. . . fails to submit *evidence* of class membership"). In addition to the fact that there is no question whatsoever that Objectors Speaect and Comeaux are class members, there is no authority identified requiring the offer of specific proof in this context. The great lengths to which IPP Class Counsel has gone to limit the record and to prevent consideration by this Court of good faith submissions by the absent class members that IPP Class Counsel was appointed to represent is incompatible with his duties to them. What is

7

REPLY IN FUTHER SUPPORT OF REQUEST FOR EXPEDITED RELIEF AND MOTIONS TO EXTEND TIME TO APPEAL JUDGMENT AND TO INTERVENE FOR PURPOSE OF APPEAL
Case No. 4:07-cv-5944-JST, MDL No. 1917

also particularly concerning is the fact that while IPP Class Counsel had a fiduciary duty to all absent class members, he arbitrarily vetoed including those from the Omitted Repealer States in the settlements when that option was presented by defense counsel. Dkt. 4441-2 at 70. Notably, IPP Class Counsel's vetoed that option and he provided no rational reason, thus ensuring appeals – from Omitted and Included Repealer State class members – would follow.

As a final note, the repeated disparagement by Lead Class Counsel of class members he purportedly adequately represented and their counsel is neither helpful nor persuasive. They only serve to reinforce the Objectors' arguments that such Counsel is, and has been, acting to further his own interests rather than those of the putative class members he was appointed to represent. The Objectors deserve, indeed are constitutionally guaranteed, a voice as absent litigants whose rights and interests are at the mercy of class counsel. His zealous, non-conflicted performance of those duties to them is not only a constitutional prerequisite to Rule 23 class action treatment but also a critical issue required to be given heightened scrutiny by a court in fulfilling its fiduciary duties to absent class members when considering a Rule 23(e) settlement class.[7] *Radcliffe v. Hernandez*, 818 F.3d 537, 546 (9th Cir. 2016) (courts who preside over class actions must ensure absent class members' interests protected); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (district courts have a "fiduciary duty to look after the interests of those absent class members.").

The fact that IPP Class Counsel's interests converged with those of the Settling Defendants at the final approval stage is beyond cavil. The valuable role played by objectors,

---

[7] The penchant for stating falsehoods as facts only raises the importance of this Court's faithful execution of its fiduciary duty to absent class members in this case. The Objectors respectfully submit that his lack of candor to the Court regarding Ms. Comeaux's and Mr. Speaect's irrefutable status as class members as part of the final approval process for the Amended Settlements, akin to the less than forthrightness indicated in the Indicative Ruling (Dkt. 5362) only places this Court's rulings once again in danger on appeal. *See* Dkt. 5362 (Indicative Ruling indicating counsel's less-than-forthright presentation on final approval for the original settlements regarding negotiation of certain class members' claims). The Supplemental Objections were an attempt to remedy that omission and to prevent further unnecessary litigation on appeal.

8

REPLY IN FUTHER SUPPORT OF REQUEST FOR EXPEDITED RELIEF AND MOTIONS TO EXTEND TIME TO APPEAL JUDGMENT AND TO INTERVENE FOR PURPOSE OF APPEAL
Case No. 4:07-cv-5944-JST, MDL No. 1917

such as the Objectors here, in bringing otherwise unknown evidence to the court's attention and in testing the adequacy of representation of their appointed counsel should not be at the cost of enduring personal attacks on their integrity (like IPP Class Counsel's false charge that Objector Speaect forged his signature on his objection). *See* Dkt. 5796-1 (Speaect Declaration refuting). Similarly, neither should the good faith efforts at advocacy on their behalf be subject to unfounded charges of bad faith and manipulation (again like IPP Class Counsel's false charges that the undersigned solicited the Objectors for some sort of personal gain).[8] *See* Dkt. 5796-2 (Bonsignore Declaration refuting). Without such Objectors' counseled efforts, the due process violative, aspects of Lead Counsel's and his named representatives inadequate representation in agreeing to the original settlements would not have been brought to this Court's attention and corrective action possible. The Objectors have merely sought to perform that same – and equally valid – role in seeking to appeal the Judgment.

## CONCLUSION

For the reasons stated above and in their opening brief, the Objectors respectfully request that the Court grant their Motion to Intervene, as well as any further relief as the Court deem just and appropriate.

Dated: September 10, 2020   Respectfully submitted,

/s/ *Robert J. Bonsignore*
Robert J. Bonsignore

Robert J. Bonsignore, *appearing pro hac vice*
Lisa A. Sleboda, *appearing pro hac vice*
Bonsignore Trial Lawyers, PLLC
3771 Meadowcrest Drive

---

[8] Another example of IPP Class Counsel's deflectionary tactics is the attempt to attribute to the undersigned's decision not to join the other repealer state co-lead attorneys in objecting at final approval a nefarious motive -- rather than an attempt at judicial economy and recognition of the futility of such an objection given this Court's final determination that they lacked standing to object (Dkt. 5695), which was borne out by the Court's denial of those objections (Dkt. 5786).

Las Vegas, NV  89121
Telephone:  (781) 856-7650
Facsimile:   (702) 852-5626
Email:  rbonsignore@classactions.us

*Counsel for the IPP Objectors*

D. Michael Noonan, *appearing pro hac vice*
Christine Craig
Shaheen and Gordon
353 Central Avenue
P.O. Box 977
Dover, NH 03821
Telephone: (603) 871-4144
mnoonan@shaheengordon.com
ccraig@shaheengordon.com

Joseph Alioto (42680)
Alioto Law Firm
One Sansome St. 35 Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
jmalioto@aliotolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed *via* CM/ECF on September 10, 2020, and as a result has been served on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

                                         */s/ Robert J. Bonsignore*
                                         Robert J. Bonsignore