Robert J. Bonsignore, Esq., *pro hac vice*
BONSIGNORE TRIAL LAWYERS, PLLC
3771 Meadowcrest Drive
Las Vegas, NV 89121
Phone: 781-856-7650
Email: rbonsignore@classactions.us

*Counsel for Indirect Purchaser Plaintiff Class Member Objectors*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>All Indirect Purchaser Actions | Case No. 4:07-cv-5944-JST<br>MDL No. 1917<br><br>**OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' REQUEST FOR PERMISSION TO FILE SECOND SUPPLEMENTAL DECLARATION [Dkt. 5845]**<br><br>Hearing Date:  None<br>Judge:  Honorable Jon S. Tigar<br>Courtroom 6, 2nd Floor |

1  The undersigned, on behalf of himself and the IPP Objectors,[1] submits this opposition to IPP Class Counsel's *second* supplemental filing in its pursuit of its legally defective "Motion" for sanctions against the undersigned. That filing should be rejected as vexatious, in bad faith, abusive and without legal authorization.

The briefing on IPP Class Counsel's original, defective combined Motion to strike and for sanctions has been completed for two months.  IPP Class Counsel now attempts to slip in a request for additional sanctions through the submission of an abbreviated "supplementation" of that already defective Motion. That new filing is stunningly devoid of legal and factual validity. Through it, IPP Class Counsel apparently seeks to punish the Objectors for having the audacity to attempt to appeal approval of the Amended Settlements (and its attorneys' fee) through carefully researched mechanisms explicitly endorsed by courts for use by unnamed class members who find themselves in their situation.  IPP Counsel once again twists that good faith legal advocacy and engages in unfounded personal attacks upon the integrity of their counsel. There is no basis in law or fact to possibly endorse this filing or the imposition of sanctions on the undersigned here. Indeed, this "supplement" only furthers the appropriateness of a sanctions award against IPP Class Counsel to put a final end to such Counsel's wasteful and taxing expenditure of judicial and legal resources.

First, to be clear, IPP Class Counsel did not make a separate motion for sanctions.  It made an improper combined "Motion to Strike and for Sanctions," which was in patent violation of plain, uncomplicated rules of this Court.  Civ. L.R. 7-8(a); *Strom v. City of Crescent City*, C 08-04708 SI, 2010 WL 2231799, at *4 (N.D. Cal. June 1, 2010) ("Civil Local Rule 7–8(a) states that any request for sanctions must be filed as a separately noticed motion."). This Second Supplement, which requests the imposition of even more sanctions for additional (and entirely proper) legal

---

[1] The IPP Objectors are as follows:  Craig A. Schuler (Dkt. 5739); Valerie G. Deick (Dkt. 5740); Gloria A. Comeaux (Dkt. 5741); Lisa L. Butterbrodt (Dkt. 5742); Dale B. McKenzie (Dkt. 5743); Eric R. Coggins (Dkt. 5744); Heather J. Gordon (Dkt. 5745); Dennis S. Cornett (Dkt. 5746); David N. Watson (Dkt. 5747); Brendan C. McCann (Dkt. 5748); Jessica M. McIntyre (Dkt. 5749);

filings, is similarly in violation of those basic rules and should be stricken. *Quality Inv. Properties Santa Clara, LLC v. Serrano Elec., Inc.*, C 09-5376 LHK PSG, 2011 WL 2846555, at *2 (N.D. Cal. July 18, 2011) (in "this district, any motion for sanctions that is not separately filed in conformance with Civ. L.R. 7-2 [pursuant to Civ. L.R. 7–8(a)] is procedurally defective").

Second, IPP Class Counsel's preference that it should not "be forced" to expend time and resources defending the massive settlements at issue is not valid grounds to attempt to turn every filing by objectors to those settlements into legally sanctionable conduct. It further cannot be ignored that Counsel has been lavishly compensated in this case for work it was doing on behalf of the very uncompensated Objectors it seeks to silence.

Third, and perhaps most decisively, there was not a single improper aspect of the Objectors' filing of their Request for Expedited Relief and Motions to Extend Deadline to Appeal and to Intervene for Purposes of Appeal (the "Intervention for Appeal Motion") (Dkt. 5815, 5840), which were offered to streamline, simplify and institute efficiencies. As made plain in the briefing on the Intervention for Appeal Motion and supported by ample legal citation, a limited remand by the Court of Appeals to enable this Court to resolve that Motion is an entirely appropriate request. *See e.g.*, *Roe v. Town of Highland*, 909 F.2d 1097, 1100 (7th Cir. 1990) ("Although the filing of the notice [of appeal] would deprive the district court of power to act on the motion to intervene, the cause may be remanded for that purpose.") (quotation marks omitted). In that event, the full briefing of the Motion would be necessary, and it would have been prejudicial for the Objectors to withdraw that placeholder Motion. IPP Class Counsel ignores that the Objectors filed their reply brief to ensure completion of that process. IPP Class Counsel appears to be operating under the mistaken beliefs that opposing counsel is required to withdraw good faith, extensively researched legal filings just because Counsel demands it and that disagreement with such Counsel's legal

---

Miguel A. Albarran (Dkt. 5751); Mary J. Baucom (Dkt. 5752); Jeff Speaect (Dkt. 5755) (the Objectors' objections are collectively referred to as "Objections").

2

Opposition to Indirect Purchaser Plaintiffs' Request
for Permission to File Second Supplemental Declaration
Case No. 4:07-cv-5944-JST, MDL No. 1917

positions merits repeated dashing to this Court with cries of bad faith and for sanctions.[2]

Notably, IPP Class Counsel fails to acknowledge that the undersigned has taken steps *when appropriate* to streamline litigation and alleviate burdens upon such Counsel and the court. For example, in response to Ms. Capurro's request that the undersigned move to voluntarily dismiss the appeal of the preliminary approval order for the Amended Settlements as a result of the Ninth Circuit's dismissal of other objectors' appeal of the same order, the undersigned readily agreed and filed the appropriate papers in light of that ruling. *See* 9th Cir. Case No. 20-16081, Dkt. 7.  With respect to the Intervention for Appeal Motion, there was a valid reason for its continued briefing, and IPP Class Counsels' demand that it be withdrawn properly rejected.

Fourth, IPP Class Counsel's baseless complaints relating to a contact with a class representative from Wisconsin as grounds for the imposition of thousands of dollars in sanctions only highlights the lack of any remotely identifiable justification for its Motion as well as its Second Supplement. The fact that IPP Counsel is requesting to be reimbursed for its choice to go trying to dig up some dirt against the undersigned – which efforts unsurprisingly turned up nothing -- to justify another round of abusive sanctions requests is beyond acceptable.  The fact that the undersigned did not respond to yet another accusatory communication from such Counsel is not only clearly unsanctionable but was entirely deserved.

Exploration and evaluation of IPP Class Counsels' performance of its legal duties to the Objectors, and all unnamed IPP class members during the MDL and the members of the certified

---

[2] As stated in the Objectors' opposition brief (Dkt. 5796 at 9), the Ninth Circuit has cautioned that "[s]anctions should be reserved for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (citations omitted). Also, pursuant to 28 U.S.C. § 1927, only where an attorney "multiplies the proceedings in any case unreasonably and vexatiously" may a court require payment of costs incurred because of such conduct." "It is the law of this circuit that a sanction may not be imposed under [28 U.S.C.] section 1927 without an express finding that counsel acted willfully, intentionally, recklessly, or in bad faith." *United States v. Austin*, 749 F.2d 1407 (9th Cir. 1984); *see also Delacruz v. State Bar of Cal.*, 2020 WL 227237, at *39-40 (N.D. Cal. Jan. 15, 2020) (party seeking sanctions who relied upon misinterpretation of case law in motions to dismiss as basis for award "failed to show how Defendants have 'multiplie[d] the proceedings . . . unreasonably and vexatiously'").

3

Opposition to Indirect Purchaser Plaintiffs' Request
for Permission to File Second Supplemental Declaration
Case No. 4:07-cv-5944-JST, MDL No. 1917

settlement class, is a valid and critical component of the settlement class process. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 849, 119 S. Ct. 2295, 2316, 144 L. Ed. 2d 715 (1999); *Rodriguez v. Disner*, 688 F.3d 645, 655 (9th Cir. 2012). The heightening of concerns that self-interest may have infected the representation process in the settlement class context is well-established as meriting increased scrutiny. *Radcliffe v. Experian Info. Sols. Inc.*, 715 F.3d 1157, 1168 (9th Cir. 2013); *Kaplan v. Rand*, 192 F.3d 60, 67 (2d Cir. 1999). And the valuable and entirely legally appropriate role of objectors in the testing of counsel's representation at the settlement approval stage – where the interests of the defense and class counsel indisputably coalesce – is also beyond cavil. *See In re Subway Footlong Sandwich Mktg. & Sales Prac. Litig.*, 869 F.3d 551, 556 (7th Cir. 2017). IPP Class Counsel's repeated retaliatory attacks upon the good faith filings made by the Objectors here cannot be squared with those constitutionally derived precepts, and its unwillingness to allow any voices that would subject its conduct to that appropriate, indeed required, scrutiny is frankly baffling. The chilling effect upon future objectors and the willingness of counsel to agree to represent them should IPP Class Counsel's iron-fist tactics here succeed should not be discounted.

For the foregoing reasons and the reasons in the IPP Objectors opposition (Dkt. 5796), the IPP Objectors respectfully request that this Court deny IPP Class Counsel's Request for Permission to File Second Supplement as well as its "Motion to Strike and for Sanctions."

Dated: September 24, 2020          Robert J. Bonsignore

*/s/ Robert J. Bonsignore*
Robert J. Bonsignore (MA No. 547880)
BONSIGNORE TRIAL LAWYERS, PLLC
3771 Meadowcrest Drive
Las Vegas, NV 89121
Telephone: (781) 856-7650
rbonsignore@classactions.us

# CERTIFICATE OF SERVICE

I, Robert J. Bonsignore, hereby certify that on this 24th day of September 2020, I caused the foregoing to be electronically filed with the Clerk of the Court by using the Case Management/Electronic Case Filing (CM/ECF) system, which will send a notice of electronic filing to all parties registered with the CM/ECF system in the above-captioned matter. A copy will be forwarded via first class mail, postage prepaid, to those parties not electronically registered.

*/s/ Robert J. Bonsignore*
Robert J. Bonsignore