Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs for the 22 States*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-05944-JST<br>Case No. 4:13-cv-03234-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>INDIRECT PURCHASER ACTIONS FOR THE 22 STATES | **SECOND SUPPLEMENTAL DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION TO STRIKE AND FOR SANCTIONS**<br><br>Hearing Date: None<br>Courtroom: 6, 2nd Floor (Oakland)<br>Judge: Honorable Jon S. Tigar |

I, Lauren C. Capurro, declare:

1. I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am a partner with the law firm Trump, Alioto, Trump & Prescott, LLP and my firm serves as the Court-appointed Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs") for the 22 States in the above-captioned action. I submit this Second Supplemental Declaration in support of IPPs' Motion to Strike and For Sanctions, ECF No. 5781 (the "Motion"). The matters set forth herein are within my personal knowledge except as to those statements that are expressly made on information and belief, and as to those matters I believe them to be true. If called upon and sworn as a witness I could competently testify regarding the matters set forth in this declaration.

2. On August 5, 2020, I received an email from Michael Haag, counsel for IPPs' class representative for Wisconsin, Brigid Terry. Mr. Haag informed me that Robert Bonsignore had contacted Ms. Terry by letter and had spoken to her by telephone on August 4, 2020 regarding the *CRT* litigation, without Mr. Haag's knowledge or consent.

3. Attached hereto as Exhibit A is a true and correct copy of Mr. Bonsignore's July 29, 2020 letter to Ms. Terry. The letter states that it is "urgent" that Ms. Terry contact Mr. Bonsignore "as soon as possible" because: "This case has been resurrected and you stand to receive monetary compensation."

4. Attached hereto as Exhibit B is a true and correct copy of my August 6, 2020 email to Robert Bonsignore in which I requested that he cease all contact with Ms. Terry immediately, inform me whether he had contacted any other IPP class representatives, and desist from further contacts with these representatives.

5. Attached hereto as Exhibit C is a true and correct copy of Mr. Bonsignore's August 7, 2020 response.

6. I spent 2.5 hours on August 5, 2020 speaking with Mr. Haag and Ms. Terry regarding Mr. Bonsignore's contacts with her. I also spoke with my co-counsel Mario Alioto and other counsel for certain IPP class representatives, and sent several emails to counsel for the other 24 IPP class representatives regarding Mr. Bonsignore's unauthorized contact with Ms. Terry.

7. I spent 1.4 hours on August 6, 2020, speaking to my co-counsel and counsel for the IPP class representatives by telephone regarding Mr. Bonsignore's unauthorized contact with Ms. Terry; responding to emails from counsel regarding any contacts with other IPP class representatives; researching the professional ethics rules; and drafting an email to Mr. Bonsignore regarding his contact with Ms. Terry.

8. I spent 0.5 hours on August 7, 2020 responding to further emails from counsel regarding contacts with other IPP class representatives, reviewing Mr. Bonsignore's response to my August 6, 2020 email, and discussing further action with my co-counsel.

9. I spent a total of 4.4 hours addressing Mr. Bonsignore's unauthorized conduct with Ms. Terry. At my current rate of $600 per hour, this amounts to a lodestar of $2,640.

10. Attached hereto as Exhibit D is a true and correct copy of my August 29, 2020 email to Robert Bonsignore in which I requested that he withdraw his objectors' Request for Expedited Relief and Motions to Extend Deadline to Appeal and to Intervene for Purposes of Appeal, ECF No. 5815 (the "Intervention Motion"), because this Court had been divested of jurisdiction by objectors' notice of appeal. Mr. Bonsignore never responded to this email.

11. On August 20, 2020, I spent 0.3 hours reviewing the Intervention Motion.

12. On August 21, 2020, I spent 3.1 hours further reviewing the Intervention Motion, researching the cases and rules cited therein, and discussing IPPs' opposition by email and telephone with my co-counsel.

13. On August 26, 2020, I spent 0.9 hours conducting additional research regarding the Intervention Motion and participating in a conference call with my co-counsel regarding IPPs' response to the request to extend the deadline to appeal.

14. On August 29, 2020, I spent 0.4 hours drafting an email to Mr. Bonsignore requesting that he withdraw the Intervention Motion in light of his objectors' notice of appeal, and speaking with Mr. Alioto by telephone.

15. On September 2, 2020, I spent 7.4 hours researching and drafting IPPs' opposition to the Intervention Motion.

16. On September 3, 2020, I spent 7.2 hours drafting, reviewing, editing, finalizing and filing IPPs' opposition to the Intervention Motion, and my declaration in support thereof.

17. In total, I spent 19.3 hours on IPPs' opposition to the Intervention Motion. At my hourly rate of $600, my lodestar for this time is $11,580.

18. I am informed and believe that my colleague, Sylvie Kern, spent 0.3 hours on the Intervention Motion on August 20, 2020, 0.7 hours on August 26, 2020, and 2.7 hours on September 3, 2020, for a total of 3.7 hours. Ms. Kern's current hourly rate is $850, amounting to a lodestar of $3,145.

19. Ms. Kern and I spent a total of 23.0 hours amounting to $14,725 in lodestar on IPPs' opposition to the Intervention Motion.

20. Together with the 4.4 hours I spent addressing Mr. Bonsignore's unauthorized contact with Ms. Terry, Ms. Kern and I spent 27.4 hours and incurred a total lodestar of $17,365. This time is in addition to the 48.7 hours ($30,970 in lodestar) that Ms. Kern and I spent on the Motion and the Reply in support thereof, for a total of 76.1 hours and $48,335 in lodestar. On information and belief, other IPP Counsel also spent time addressing these matters. All of this time was unnecessary.

21. IPPs seek only the originally requested $15,620 in sanctions against Mr. Bonsignore. Thus, the blended hourly rate for this time is approximately $205 ($15,620/76.1 hours = ~$205).

I declare under penalty of perjury that the foregoing is true and correct. Executed this 23rd day of September, 2020 at San Francisco, California.

/s/ Lauren C. Capurro
Lauren C. Capurro

**Counsel for the Indirect Purchaser Plaintiffs for the 22 States**

# EXHIBIT A

# BONSIGNORE TRIAL LAWYERS, PLLC

TRIAL LAWYERS
www.classactions.us
3771 MEADOWCREST DRIVE
LAS VEGAS, NEVADA 89121

Rbonsignore@classactions.us                    CELL: (781) 856-7650

July 29, 2020

Brigid Terry
510 Oakland Ave
Janesville, WI 53545

RE:   **In re Cathode Ray Tube (CRT) Antitrust Litigation**
      MDL No. 1917 / Case No. C-07-5944-SC

Dear Brigid:

When you receive this letter, it is urgent that you please give Robert a call as soon as possible.

This case has been resurrected and you stand to receive monetary compensation.

The number is (781) 856-7650.

Sincerely,

Grady DiAntonio
For Robert J. Bonsignore, Esq.

RJB/gd
Enclosures

# EXHIBIT B

| | |
|---|---|
| **Subject:** | **CRT/Brigid Terry** |
| **From:** | Lauren Capurro (Russell) |
| **Date:** | 08/06/20 19:46 |
| **To:** | rbonsignore@class-actions.us |
| **Cc:** | malioto@tatp.com |

**Attached Files**
- 2020-07-29 Bonsignore Letter to Brigid Terry.pdf (74 KB)

Robert:

The Court-appointed class representative for Wisconsin, Brigid Terry, has informed us that she received the attached letter from your office telling her it was "urgent" that she contact you "as soon as possible," because "the case has been resurrected" and she "stand[s] to receive monetary compensation."

Ms. Terry further informs us that she responded to the letter and spoke to you on Monday, August 4, 2020, by telephone. During that call, you did not reveal that you represent litigants with interests adverse to Ms. Terry who have objected to the IPPs' settlements. Rather, you sought attorney-client privileged information from Ms. Terry regarding her history in the case and how she came to be involved.

Ms. Terry is an adverse party who you know to be represented by other lawyers in the CRT matter. Yet you communicated with her without the consent of Ms. Terry's lawyers, and without them being present. Your letter and conduct during the phone call also misled Ms. Terry into believing that you were acting in her interests, which you were not. Your conduct is a clear violation of California Rules of Professional Conduct 2-100(a) ("While representing a client, a member shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer."), and Massachusetts Rule of Professional Conduct 4.2 ("In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.").

Please inform us immediately if you have contacted any other IPP class representatives. We demand that you immediately cease and desist from any further efforts to communicate with any of the IPP class representatives, and confirm immediately that you have done so.

We intend to notify the Court of your conduct tomorrow afternoon.

Lauren

Lauren C. Capurro (Russell)

Attorney at Law

Trump, Alioto, Trump & Prescott, LLP

2280 Union Street

San Francisco, CA 94123

Tel: (415) 563-7200

Direct line: (415) 447-1496

Cell: (415) 860-5051

Fax: (415) 346-0679

E-mail: laurenrussell@tatp.com

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by email and delete the message and any attachments.

# EXHIBIT C

| | |
|---|---|
| **Subject:** | **Re: CRT/Brigid Terry** |
| **From:** | Robert Bonsignore |
| **Date:** | 08/07/20 06:36 |
| **To:** | Lauren Capurro (Russell), Theresa Moore, Francis Scarpulla, Tracy Kirkham |
| **Cc:** | MAlioto@tatp.com |

As usual you are wrong and have no hesitation launching wild unsupported accusations.

Brighid Terry's name was provided to me by Teresa Moore as one of my early clients along with two other clients including a Brighid I do represent. I assumed she had looked into this before communicating with me. Additionally, this case is very old and many clients were referred to me long ago and her name was familiar. Between DRAM and CRT I have over 100 putative class representatives referred to me, many times by counsel who drop out after referral.

A letter was sent first. This is the first proactive preventative measure taken to guard against just what your latest accusation attempts to impute to me.

By now you should simply accept I do my best to do things right.

The very brief call was solely focused on confirming who Ms. Terry was and how she was referred to me. The call was cut short by me when nothing about her refreshed my memory and it became clear she had paperwork that would cut through everything.

I initially told Ms.Terry - who called me and advised she recognized my name- that her name had come up in the CRT case.

I directly asked her who she was, who her lawyer was, and if I had previously represented her.

Her initial response was yes. I then pressed and asked her who she was referred to me through and she mentioned a retired lawyer and also that she had her deposition taken and had related paperwork.

At that point I stopped the call short and asked her to pull all related papers, double check, and confirm who represented her.

I have not had contact with her since.

I am requesting you do not notify the Court of wild unsupported accusations. Your last submission was objective fiction.

Sent from my IPhone

Robert J. Bonsignore
Bonsignore Trial Lawyers, PLLC
(781) 856 7650 cell

visit our new website at
www.classactions.us

RECEIPT OF THIS EMAIL INCLUDING ATTACHMENTS DOES NOT CREATE OR INFER LEGAL REPRESENTATION. WE ONLY REPRESENT CLIENTS WHO HAVE EXECUTED A WRITTEN RETENTION AGREEMENT.

GENERAL NOTICE: This e-mail, including any attachment(s) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged.  If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited.
Please reply to the sender that you have received the message in error, then delete it. Thank you.

NOTICE TO CLIENTS: This e-mail has been sent as a confidential communication by the law office

of Bonsignore Trial Lawyers, PLLC in furtherance of and for the purpose of facilitating the rendition of professional legal services. If you are a client, this e-mail may be protected by the attorney-client privilege and the work product doctrine. Do not share this e-mail with opposing parties, opposing counsel or any other third-person or entity. Copies of this e-mail should not be kept in your regular files. If you print a copy of this e-mail, place it in a separate file labeled "Attorney-Client Privilege."
DO NOT PRODUCE A COPY OF THIS E-MAIL IN DISCOVERY.

Please consider the environment before you print this email.


On Aug 6, 2020, at 7:46 PM, Lauren Capurro (Russell) <LaurenRussell@tatp.com> wrote:


Robert:


The Court-appointed class representative for Wisconsin, Brigid Terry, has informed us that she received the attached letter from your office telling her it was "urgent" that she contact you "as soon as possible," because "the case has been resurrected" and she "stand[s] to receive monetary compensation."


Ms. Terry further informs us that she responded to the letter and spoke to you on Monday, August 4, 2020, by telephone. During that call, you did not reveal that you represent litigants with interests adverse to Ms. Terry who have objected to the IPPs' settlements. Rather, you sought attorney-client privileged information from Ms. Terry regarding her history in the case and how she came to be involved.


Ms. Terry is an adverse party who you know to be represented by other lawyers in the CRT matter. Yet you communicated with her without the consent of Ms. Terry's lawyers, and without them being present. Your letter and conduct during the phone call also misled Ms. Terry into believing that you were acting in her interests, which you were not. Your conduct is a clear violation of California Rules of Professional Conduct 2-100(a) ("While representing a client, a member shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer."), and Massachusetts Rule of Professional Conduct 4.2 ("In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.").


Please inform us immediately if you have contacted any other IPP class representatives. We demand that you immediately cease and desist from any further efforts to communicate with any of the IPP class representatives, and confirm immediately that you have done so.


We intend to notify the Court of your conduct tomorrow afternoon.


Lauren

Lauren C. Capurro (Russell)

Attorney at Law

Trump, Alioto, Trump & Prescott, LLP

2280 Union Street

San Francisco, CA 94123

Tel: (415) 563-7200

Direct line: (415) 447-1496

Cell: (415) 860-5051

Fax: (415) 346-0679

E-mail: laurenrussell@tatp.com

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by email and delete the message and any attachments.

<2020-07-29 Bonsignore Letter to Brigid Terry.pdf>

# EXHIBIT D

| | |
|---|---|
| **From:** | Lauren Capurro (Russell) |
| **To:** | rbonsignore@class-actions.us |
| **Cc:** | malioto@tatp.com |
| **Subject:** | CRT/Request to withdraw pending motion, ECF No. 5815 |
| **Date:** | Saturday, August 29, 2020 9:21:46 PM |
| **Importance:** | High |

We request that you immediately withdraw your pending Motion to Expedite, Motion to Extend Time to Appeal and to Intervene for Purposes of Appeal, ECF No. 5815.

Your pending motion as been mooted by the Notice of Appeal of the Final Judgment that you filed yesterday. By your own admission, this has divested the Court of jurisdiction over your motion.

Moreover, there have now been a total of ten motions relating to objectors' attempts to intervene, all of which have been denied in no uncertain terms.

You have already unnecessarily multiplied the proceedings by not bringing your present motion at the same time as your Joinder in the earlier motion to intervene by the ORS/NRS. We urge you not to compound this problem by forcing us to respond to your pending (now moot) motion.

We have already devoted time to your pending motion and are continuing to do so. Please advise us immediately whether you will withdraw your pending motion so that we don't continue to devote time to it.

Thank you.

Lauren C. Capurro (Russell)

Attorney at Law

Trump, Alioto, Trump & Prescott, LLP

2280 Union Street

San Francisco, CA 94123

Tel: (415) 563-7200

Direct line: (415) 447-1496

Cell: (415) 860-5051

Fax: (415) 346-0679

E-mail: laurenrussell@tatp.com

This message is sent by a law firm and may contain information that is privileged or confidential.  If you received this transmission in error, please notify the sender by email and delete the message and any attachments.