UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. 07-cv-5944-JST |
| This Order Relates To: | **ORDER DENYING MOTION FOR ALTERNATE SERVICE; ORDER TO SHOW CAUSE** |
| GOVERNMENT OF PUERTO RICO v. PANASONIC CORPORATION OF NORTH AMERICA, et al., Case No. 4:20-cv-05606-JST | Re: ECF No. 5783 |

Before the Court is plaintiff Government of Puerto Rico's ("Puerto Rico") motion to serve foreign Defendants through their United States-based counsel. ECF No. 5783. The Court will deny the motion.

**I.    BACKGROUND**

In February 2008, the Judicial Panel on Multidistrict Litigation ordered the centralization of actions alleging that certain Defendants conspired to fix prices of cathode ray tubes. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 536 F. Supp. 2d 1364 (J.P.M.L. 2008). On December 18, 2018, Puerto Rico filed its own suit in the Commonwealth of Puerto Rico's Court of First Instance, Superior Court of San Juan, on behalf of Puerto Rico consumers and government entities who allegedly paid inflated prices for CRT products. *See Gov't of Puerto Rico v. Panasonic Corp. of North America*, Case No. 4:20-cv-05606-JST, ECF No. 1-6 at 1-2.[1] On March 18, 2019, Defendants Panasonic Corporation of North America, Philips North America Corporation, and Hitachi America, Ltd. removed the case to the United States District Court for Puerto Rico. Case

---

[1] All ECF citations are to docket number 07-cv-05944-JST, unless otherwise noted.

1   No. 4:20-cv-05606-JST, ECF No. 1 at 2.  Defendants then moved to extend the time to plead or

2   otherwise defend until 60 days after the last Defendant is served.  Case No. 4:20-cv-05606-JST,

3   ECF No. 5.  The court granted the motion on April 1, 2019.  Case No. 4:20-cv-05606-JST, ECF

4   No. 18.

5         On February 5, 2020, the Judicial Panel on Multidistrict Litigation ordered transfer of the

6   case to this Court for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C.

7   § 1407.  ECF No 5686.  On July 10, 2020, Puerto Rico filed the present motion for leave to serve

8   foreign Defendants through their United States-based counsel.  ECF No 5783.  Defendants

9   opposed the motion, ECF No. 5801, and Puerto Rico replied, ECF No. 5807.

10        To date, Puerto Rico claims to have served ten of twelve United States Defendants, and

11  two of thirty-one foreign Defendants.  *See* ECF No. 5783-1 at 13-14; ECF No. 5856 at 2.

## II.   JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## III.  LEGAL STANDARD

Federal Rule of Civil Procedure 4(h)(2) allows for service of a foreign corporation "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."  Rule 4(f)(1) provides for service of an individual in a foreign country "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."  As an alternative to service through Rule 4(f)(1), service may also be made upon an individual outside the United States "by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. Pro. 4(f)(3).

Applying a "proper construction of Rule 4(f)(3) and its predecessor, trial courts have authorized a wide variety of alternative methods of service including . . . delivery to the defendant's attorney."  *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1016 (9th Cir. 2002).  The Ninth Circuit "commit[s] to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)."  *Id.*  Although a plaintiff is not required to attempt "every permissible means of

2

1  service of process before petitioning the court for alternative relief," a plaintiff must "demonstrate

2  that the facts and circumstances of the . . . case necessitate[] the district court's intervention." *Id.*

3  Finally, "a method of service of process must also comport with constitutional notions of due

4  process," meaning that it "must be 'reasonably calculated, under all the circumstances, to apprise

5  interested parties of the pendency of the action and afford them an opportunity to present their

6  objections.'" *Id.* (citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)).

## IV. DISCUSSION

Puerto Rico argues that "service of foreign defendants through U.S. counsel . . . is a well-established practice" that is permitted by Rule 4(f)(3) and is not barred by the Hague Convention. ECF No. 5783 at 9, 16. Puerto Rico also insists that the use of such alternate service is appropriate because it "will not only provide Defendants' due process but also will expedite resolution of this case on its merits." *Id.* at 15-16.

As a preliminary matter, Puerto Rico is correct that "the Hague Convention does not prohibit service on a foreign defendant through counsel based in the United States." *Prod. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, No. 16-cv-00669-YGR, 2017 WL 1378532, at *2 (N.D. Cal. Apr. 11, 2017). "It is true that compliance with the Convention is mandatory in all cases to which it applies, and that a federal court would thus be prohibited from issuing a Rule 4(f)(3) order in contravention of the Hague Convention." *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 564 (C.D. Cal. 2012) (quotations, alterations, and citations omitted). As *Brown* goes on to explain, however:

> The mere fact that the foreign individual defendants reside in a country that is a signatory to the Convention . . . does not compel the conclusion that the Convention applies to service on those defendants. Article I of the Convention states that it "shall apply in all cases, in civil or commercial matters, *where there is occasion to transmit a judicial or extrajudicial document for service abroad.*" Hague Convention, Art. 1 (emphasis added). If valid service occurs in the United States, therefore, the Convention is not implicated regardless of the location of the party.

*Id.* And under the right circumstances, service upon a defendant's counsel can comport with due process. *See Celgard, LLC v. Shenzhen Senior Techs. Material Co.*, Case No. 19-cv-05784-VKD, 2019 WL 5550039, at *3 (N.D. Cal. Oct. 28, 2019) (holding that, because "both defendants ha[d]

3

been actively communicating with [the plaintiff] and acting in th[e] litigation through their counsel" service by email and Federal Express to defendants' counsel would satisfy due process); *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, Case No. 11-cv-02460-LHK, 2011 WL 2607158, at *13 (N.D. Cal. July 1, 2011) (holding that service upon defendants' counsel – who was identified by name – would be "reasonably calculated to apprise the [defendants] of the pendency of the action and afford them an opportunity to present their objections," since the attorney was "already representing them for the purpose of contesting personal jurisdiction and opposing substituted service").

In this case, however, Puerto Rico has not met its burden to show that such service is appropriate. First, it has not shown that the facts and circumstances require an alternative method of service. Although a plaintiff "need not have attempted every permissible means of service of process before petitioning the court for alternative relief," it must "demonstrate that the facts and circumstances of the present case *necessitate*[] the district court's intervention." *Rio Props.*, 284 F.3d at 1016 (emphasis added). That implies that a plaintiff make some demonstration that other methods of service are impracticable or unavailable. *See Tevra Brands LLC v. Bayer Healthcare LLC*, No. 19-cv-04312-BLF, 2020 WL 3432700, at *5 (N.D. Cal. June 23, 2020) (requiring that plaintiff show that "service through the [Hague] Convention would be unsuccessful or result in unreasonable burden or delay" before granting relief). Beyond insisting that it has spent "over $26,000 to translate the complaints into various languages as well as for a service processor," ECF No. 5783 at 8, Puerto Rico has made no effort to effectuate service through methods that can be achieved without a court order. Nor has it shown that defendants are "elusive" or "striving to evade service of process." *Rio Props.*, 284 F.3d at 1016.

Second, Puerto Rico has not shown that service to Defendants' United States-based counsel is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props*, 284 F.3d at 1016 (citation omitted). Puerto Rico asserts that "Foreign Defendants know about this case from a variety of sources," that "[m]ost have their own counsel in this case," and that "they have either implicit [knowledge] or [actual] knowledge of this case," ECF No. 5783 at 15, but

4

offers no support for these assertions. And Defendants' opposition establishes the opposite – that many of the entities that are the object of Puerto Rico's motion either lack United States counsel, are defunct, no longer exist, and/or have already been dismissed by this Plaintiff. ECF No. 5801 at 15-16. Thus, service through the United States counsel identified by Puerto Rico would not actually effect service for at least nine defendants. *See id.* at 15-17; ECF No. 5807.[2]

Nor has Puerto Rico provided any other reason why alternate service is necessary besides its contention that "there is no reason to delay this case by requiring [Puerto Rico] to use less efficient means of service." ECF No. 5783 at 15. For one thing, the preponderance of the delay in Puerto Rico's lawsuit is of its own making. It filed its complaint on December 17, 2018; did very little to serve the foreign Defendants; and waited 571 days to file this motion. A plaintiff's own delay in prosecuting its case does not support relief under Rule 4(f)(3). *Tevra*, 2020 WL 3432700 at *5. And even putting that consideration to one side, "a plaintiff's request to use Rule 4(f)(3) because it will be much faster . . . by itself is not sufficient justification for the Court to authorize service by alternative method." *Keck v. Alibaba.com, Inc.*, 330 F.R.D. 255, 259 (N.D. Cal. 2018) (quotation marks and citation omitted).

The Court appreciates that Puerto Rico is currently in bankruptcy and wishes to avoid or minimize the costs of service using other methods. More is required, however, than showing that service on counsel might be cost-effective. *U.S. Aviation Underwriters, Inc. v. Nabtesco Corp.*, No. C07-1221RSL, 2007 WL 3012612, at *2 (W.D. Wash. Oct. 11, 2007). Because Puerto Rico has not made that showing, its motion for alternative service is denied.

**V.      ORDER TO SHOW CAUSE**

The Court previously postponed setting a final deadline for the completion of service prior

---

[2] Puerto Rico's reply brief attempts to reframe its request as a "motion for leave to serve foreign defendants through their domestic subsidiaries." ECF No. 5807 at 3. Because Puerto Rico's request to effect service in that fashion appears for the first time in its reply brief, the Court declines to consider it. *See Holley v. Gilead Scis., Inc.*, 379 F. Supp. 3d 809, 822 n.5 (N.D. Cal. 2019) ("It is inappropriate to consider arguments raised for the first time in a reply brief." (quoting *Ass'n of Irritated Residents v. C & R Vanderham Dairy*, 435 F.Supp.2d 1078, 1089 (E.D. Cal. 2006)).

5

to dismissing unserved Defendants, noting that "Rule 4(m) asks the Court to find or not find good cause after a certain amount of time has elapsed and service has not been effected. This motion will be a substitute for that." ECF No. 5795 at 9. Having now resolved the motion, and several Defendants remaining unserved, the Court turns once again to Rule 4(m).

The Court now ORDERS PLAINTIFF PUERTO RICO TO SHOW CAUSE why any remaining unserved Defendants should not be dismissed for failure to timely effect service. Fed. R. Civ. P. 4(m); *Ridgway v. Phillips*, No. 18-cv-07822-HSG, 2020 WL 1288464, at *4 (N.D. Cal. Mar. 18, 2020) (noting that "a court may impose a reasonable time limit for service upon a foreign defendant when complying with the Hague Convention"); *see also Miyaski v. Treacy*, No. 5:12-cv-04427 EJD, 2014 WL 6687321, at *4 (N.D. Cal. Nov. 24, 2014) ("The Ninth Circuit has never specifically imposed any time limit on serving a foreign defendant. However, other circuits have held that 'the amount of time allowed for foreign service is not unlimited.'").

A written response to this order is due February 3, 2021. Any opposition to Puerto Rico's response is due February 10, 2021. A reply, if any, is due February 17, 2021. The Court will hold an order to show cause hearing on March 3, 2021 at 2:00 p.m.

The Court will conduct a case management conference at the same date and time. An updated joint case management statement is due February 24, 2021.

**IT IS SO ORDERED.**

Dated: October 26, 2020



JON S. TIGAR
United States District Judge