UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-05944-JST |
| This Document Relates to: All Indirect Purchaser Actions | ORDER RE: MOTION TO STRIKE AND FOR SANCTIONS<br>Re: ECF No. 5781 |

Before the Court is Indirect Purchaser Plaintiffs' motion to strike and for sanctions. ECF No. 5781. The Court will terminate the request to strike as moot and deny the request for sanctions.

I.   **BACKGROUND**

The facts regarding this case are well known to the parties, and the Court summarizes them here only insofar as they bear on the present motions. In February 2008, the Judicial Panel on Multidistrict Litigation ("JPML") ordered the centralization of actions alleging that certain defendants conspired to fix prices of cathode ray tubes ("CRTs"). *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 536 F. Supp. 2d 1364 (J.P.M.L. 2008). In 2015, one group of plaintiffs – the Indirect Purchaser Plaintiffs ("IPP Plaintiffs") – reached class action settlements with six groups of corporate defendants: Philips, Panasonic, Hitachi, Toshiba, Samsung, and Thomson/TDA. ECF No. 4712 at 1; ECF No. 5695 at 2.

The settlements included a "Nationwide Class" of "[a]ll persons and or entities who or which indirectly purchased in the United States for their own use and not for resale, CRT Products manufactured and/or sold by the Defendants." *See* ECF No. 1526 at 59-60; ECF Nos. 3862-1, 3862-2, 3862-3, 3862-4, 3862-5; ECF No. 3876-1 (adopting the class definitions set forth in the

operative complaint). The agreements also included Statewide Damages Classes of indirect purchasers of CRT products seeking money damages under the laws of 21 states and the District of Columbia ("22 Indirect Purchaser State Classes"). *See id.* The settlements resolved all federal and state-law claims brought by the IPP Plaintiffs against the settling Defendants and provided monetary compensation for class members in the 22 Indirect Purchaser State Classes. *See* ECF No. 3862-1 at 8; ECF No. 3862-2 at 8; ECF No. 3862-3 at 8; ECF No. 3862-4 at 8; ECF No. 3862-5 at 8; ECF No. 3876-1 at 9-10. However, the agreements did not provide compensation for persons or entities in certain other states, which collectively are now denominated the Omitted Repealer[1] State subclass ("ORS Subclass").[2] The settlement also provided no compensation to persons or entities in states whose laws do not provide for recovery to indirect purchasers ("non-repealer states"), now denominated the Non-Repealer State subclass ("NRS Subclass").[3] *See* ECF Nos. 3862-1, 3862-2, 3862-3, 3862-4, 3862-5, 3876-1. Even though they received no compensation, the settlements required members of the ORS and NRS Subclasses to release their claims for injunctive relief, equitable monetary relief, and damages.

On July 7, 2016, this Court granted final approval of the six settlement agreements. ECF No. 4712 at 1. Two objectors sought appeal of this decision in the Ninth Circuit. ECF No. 4741.

---

[1] In *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), the Supreme Court held that only direct purchasers could recover damages for price-fixing under Section 4 of the Clayton Act. *Id.* at 735. As the Ninth Circuit has summarized, the Supreme Court "barred indirect purchasers' suits, and left the field of private antitrust enforcement to the direct purchasers." *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323, 325 (9th Cir. 1980). In response to the Illinois Brick decision, many states passed so-called "Illinois Brick repealer statutes," which give indirect purchasers the right to sue when firms violate analogous state antitrust laws. *See, e.g.,* Robert H. Lande, New Options for State Indirect Purchaser Legislation: Protecting the Real Victims of Antitrust Violations, 61 Ala. L. Rev. 447, 448 (2010). Such states are referred to a "repealer states." A state which has not enacted such a statute is referred to as a "non-repealer state."

[2] The ORS Subclass in its current iteration consists of Indirect Purchaser Plaintiffs in the following states: Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah. ECF No. 5518 at 1; ECF No. 5645 at 2. The parties now use the "ORS" abbreviation to signify "other repealer states" rather than "omitted repealer states." ECF No. 5645 at 1 n.1.

[3] The NRS Subclass consists of Indirect Purchaser Plaintiffs in the following Non-Repealer States: Alabama, Alaska, Colorado, Connecticut, Delaware, Georgia, Idaho, Illinois, Indiana, Kentucky, Louisiana, Maryland, New Jersey, Ohio, Oklahoma, Pennsylvania, Texas, Virginia, Washington, and Wyoming. ECF No. 5518 at 2.

On November 8, 2018, this Court issued an order in which it concluded that it erred in approving the settlement provision which required class members in the ORS Subclass to release their claims without compensation. *See* ECF No. 5362 at 1. The order expressed "concerns about the adequacy of the counsel who negotiated that settlement or whether they may have faced a conflict of interest." *Id.* at 1. In response, the Ninth Circuit remanded "this case so that the district court [could] reconsider its approval of the settlement." *See In re Cathode Ray Tube Antitrust Litig.*, No. 16-16368 (9th Cir. Feb. 13, 2009), ECF No. 238 at 11.

On remand, this Court confirmed the existing lead counsel for the IPP Plaintiffs and appointed separate counsel for the unnamed ORS Subclass and NRS Subclass. ECF Nos. 5535, 5518. The Court then referred the matter to Magistrate Judge Corley for settlement. ECF No. 5427. Thereafter, counsel for IPP Plaintiffs and seven defendants engaged in mediation sessions and agreed to amend the settlements. ECF No. 5531; ECF No. 5587-1 ¶¶ 2-3. In order to "remove potential conflicts of interests that could result from differences in claims and relief sought by the 22 Indirect Purchaser State Classes verses the ORS and NRS Subclasses," the amended settlements "narrow[ed] the settlement Class to include only the 22 Indirect Purchaser State Classes." ECF No. 5695 at 11; *see* ECF No. 5587 at 16; ECF No. 5587-1. Accordingly, the amended settlements only release the claims of members of the 22 Indirect Purchaser State Classes. ECF No. 5695 at 5; ECF No. 5587 at 16; ECF No. 5587-1. On September 16, 2019, the IPP Plaintiffs filed a motion for preliminary approval of the amended settlements. ECF No. 5587. The Court granted preliminary approval, provisionally certified the proposed class, approved the proposed notice procedure, and scheduled a final approval hearing. ECF No. 5695 at 19.

On May 29, 2020, NRS Subclass member Eleanor Lewis and some of the ORS purchasers ("ORS/NRS Objectors") filed objections to the amended settlements. ECF Nos. 5732, 5756. On the same day, the Court also received 15 separate but identical objections from purported members of the 22 Indirect Purchaser State Classes. ECF Nos. 5739-5752.[4] On June 12, 2020, the Court

---

[4] While these documents were received by the May 29, 2020 deadline to file objections, the Clerk did not file the objections on the docket until June 10, 2020 due to coronavirus-related delays in mail collection at the Court.

3

received a late-filed objection, identical to those filed by other members of the 22 Indirect Purchaser State Classes. ECF No. 5755. All but three of the 16 objections filed by purported members of the 22 Indirect Purchaser State Classes identified Robert Bonsignore as counsel.[5] ECF Nos. 5739, 5740, 5742-5749, 575, 5752, 5755. On June 12, 2020, the IPP Plaintiffs and Samsung Defendants filed responses to these objections. ECF No. 5757, 5758. On July 3, 2020, five weeks after the deadline to file objections to the amended settlements, Bonsignore filed an unauthorized brief "in further support of the[] objections to the proposed amended settlement agreements" raised by the purported members of the 22 Indirect Purchaser State Classes. ECF No. 5779 at 2.

On July 7, 2020, IPP Plaintiffs filed the instant motion, which requests that the Court strike various filings in support of the ORS/NRS objections and impose monetary sanctions upon Bonsignore for his filing of an unauthorized sur-reply.[6] ECF No. 5781 at 9; ECF No. 5803 at 2. The Court held a final fairness hearing on July 8, 2020 and granted final approval of the amended settlements on July 13, 2020. ECF Nos. 5782, 5786. In its order granting final approval, the Court struck both the ORS/NRS objections as well as the objections filed by purported members of the 22 Indirect Purchaser State Classes. ECF No. 5786 at 10, 13. The Court also "decline[d] to consider [Bonsignore's] supplemental brief," in light of the facts that the brief "was filed well after the deadline to object and these individuals already filed objections to the amended settlements." *Id.* at 7 n.15. Because the final approval order rendered moot IPP Plaintiffs' requests to strike, they have "withdraw[n] their request to strike these filings." ECF No. 5803 at 2. However, IPP Plaintiffs continue to request that "the Court impose a monetary sanction on Mr. Bonsignore . . . to pay IPP Counsel's fees for their time spent reviewing his unauthorized sur-reply and drafting and

---

[5] Robert Bonsignore also serves as the Court-appointed counsel for the ORS Subclass. *See* ECF No. 5518.

[6] Bonsignore argues that IPP Plaintiffs have violated Local Rule 7-8(a) by improperly combining their "Motion for Sanctions" and "Motion to Strike." ECF No. 5796 at 7; *see* Civil L. R. 7-8(a) ("Any motion for sanctions . . . must be separately filed. . ."). Bonsignore is incorrect. IPP Plaintiffs have filed a single motion which seeks two forms of sanctions – striking the improper filings and monetary sanctions. *See, e.g.,* ECF No. 5781 at 8 (discussing "a district court's inherent power . . . to strike items from the docket as a sanction for litigation conduct." (internal quotation marks and citation omitted)).

4

filing" their motion to strike and for sanctions. ECF No. 5781 at 9; ECF No. 5803 at 2. Bonsignore opposes this request, ECF No. 5796, and IPP Plaintiffs have filed a reply, ECF No. 5803.

## II. JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

## III. LEGAL STANDARD

"Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). "Each of these sanctions alternatives has its own particular requirements, and it is important that the grounds be separately articulated to assure that the conduct at issue falls within the scope of the sanctions remedy." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002); *Sumotext Corp. v. Zoove, Inc.*, No. 16-cv-01370-BLF, 2020 WL 4284823, at *1 (N.D. Cal. July 27, 2020) (quoting *Christian*, 286 F.3d at 1131). IPP Plaintiffs request sanctions "pursuant to 28 U.S.C. § 1927 and [the Court's] inherent powers." ECF No. 5781 at 9.

Under Section 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "The imposition of any sanction under 28 U.S.C. § 1927 must be accompanied by a finding that the sanctioned attorney acted recklessly or in bad faith or committed intentional misconduct." *Sumotext*, 2020 WL 4284823, at *2 (quoting *Edwards v. Alameda-Contra Costa Transit Dist.*, 796 F. App'x 461, 462 (9th Cir. 2020)); *Edgerly v. City and Cty. of San Francisco*, No. C 03-02169 WHA, 2005 WL 235710, at *3 (N.D. Cal. Feb. 1, 2005) ("Sanctions may be imposed under 28 U.S.C. § 1927 'only on a showing of the attorney's recklessness or bad faith[.]'" (quoting *Estate of Blas Through Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986))).

Under its inherent authority, a district court may "sanction a litigant for bad-faith conduct by ordering it to pay the other side's legal fees." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1183-84 (2017). Whereas a finding of "[r]ecklessness suffices for § 1927 sanctions, [] sanctions imposed under the district court's inherent authority require a bad faith finding." *Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010); *see Sumotext*, 2020 WL 4284823, at *4 ("The district court must make a specific finding of 'bad faith or conduct tantamount to bad faith.'" (quoting *Fink*, 239 F.3d at 994)). Additionally, "[t]he court's authority is limited to 'the fees the innocent party incurred solely because of the misconduct – or put another way, to the fees that party would not have incurred but for the bad faith.'" *Sumotext*, 2020 WL 4284823, at *4 (quoting *Goodyear*, 137 S. Ct. at 1184).

## IV.  DISCUSSION

IPP Plaintiffs "request that, pursuant to 28 U.S.C. § 1927 and its inherent powers, the Court impose monetary sanctions on Mr. Bonsignore" and "order [him] to pay IPP Counsel's fees for their time spent reviewing his unauthorized sur-reply and filing" their motion to strike and for sanctions. ECF No. 5781 at 9. In support of their request for sanctions, IPP Plaintiffs argue that Bonsignore "filed the unauthorized sur-reply with full knowledge that the schedule set forth in the Preliminary Approval Order did not provide for 'further responses' by objectors." *Id.* at 10. However, a single unauthorized filing does not support a finding of recklessness or bad faith, "even when the unpermitted filing requires the opposing [counsel] to expend additional resources to respond." *See Salley v. Truckee Meadows Water Auth.*, No. 3:12-cv-00306-RCJ-WGC, 2015 WL 1414038, at *6 (D. Nev. Mar. 27, 2015) (acknowledging "that a single missed deadline and an unauthorized filing alone may not support a finding of bad faith," but awarding sanctions due to the attorney's repeated missed deadlines, "delay tactics," and violations of court orders). Nor does it support the finding of *vexatious* multiplication of proceedings that must accompany the imposition of any sanction under 28 U.S.C. § 1927. *See In re Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010) ("The key term in the statute is 'vexatiously'; carelessly, negligently, or unreasonably multiplying the proceedings is not enough."). After all, the only additional filing occasioned by Bonsignore's unauthorized sur-reply was IPP Plaintiffs' instant motion to strike and for sanctions.

6

1    IPP Plaintiffs assert that this is not an isolated incident and that "Bonsignore has made
2 multiple unauthorized, untimely, and improper filings." ECF No. 5803 at 2 (citing ECF Nos.
3 4263, 4267, 4329, 4473); ECF No. 5781 at 10. However, the Court already reviewed these filings
4 in connection with IPP Plaintiffs' 2016 motion to "strike certain documents filed by attorney
5 Robert J. Bonsignore and to issue sanctions against him." *See In re: Cathode Ray Tube (Crt)*
6 *Antitrust Litig.*, No. C-075944-JST, 2016 WL 945981, at *1, 2 (N.D. Cal. Mar. 14, 2016). While
7 the Court struck these documents, it denied IPP Plaintiffs' request to issues sanctions and found
8 that "it was permissible for Mr. Bonsignore to ask the Court to exercise [its] discretion . . . to
9 consider new evidence." *Id.* at *2 ("That the Court effectively has now denied his request [to
10 consider new evidence] does not mean his conduct was sanctionable."). As such, the Court will
11 not revisit this previously-asserted and reject basis for sanctions.[7]

12    IPP Plaintiffs also point to several instances of alleged "unprofessional conduct" and argue
13 that Bonsignore's filing of an unauthorized sur-reply is sanctionable when considered together
14 with his prior and continuing misconduct. ECF No. 5781 at 10. For example, IPP Plaintiffs assert
15 that, "rather than filing his clients' objections via ECF, Mr. Bonsignore inexplicably chose to have
16 his clients mail their objections to the Court amid the confusion and Court closures caused by the
17 Covid-19 pandemic and the protests related to the death of George Floyd." ECF No. 5781 at 10.
18 Submitting these objections by mail, however, was neither inexplicable nor improper. The Notice
19 form which advised recipients of their opportunities to object to the amended settlements required
20 objectors to submit their objections "to the Court either by *mailing* [them] to the Class Action
21 Clerk . . . , or by filing [them] in person at any location of the United States District Court for the
22 Northern District of California." ECF No. 5587-2 at 18 (emphasis added). IPP Plaintiffs also note
23 that "the Clerk was delayed in filing the objections" from purported members of the 22 Indirect
24 Purchaser State Classes. ECF No. 5803 at 6; ECF No. 5781 at 10; *see* ECF Nos. 5739, 5740,

---

[7] The Court also declines to consider IPP Plaintiffs' arguments, raised for the first time in their reply brief, that Bonsignore filed a frivolous "Joinder in the ORS Plaintiffs' Motion to Intervene For Purpose of Appealing Denial of Objections." ECF No. 5803 at 9; *see Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam) ("Issues raised for the first time in the reply brief are waived.").

7

5742-5749, 575, 5752, 5755.  IPP Plaintiffs then argue that, "[a]t the very least, Mr. Bonsignore and his co-counsel . . . should have served IPP Counsel with the objections as soon as they realized that the Clerk had been delayed in filing the objections" and that "[t]heir failure to do so demonstrates that they are not acting in good faith."  ECF No. 5781 at 10.  While it would have been courteous to serve IPP Counsel with the objections upon realizing that the Clerk had been delayed, Bonsignore's failure to do so does not warrant the imposition of sanctions.

Neither the aforementioned behavior nor the various other alleged instances of unprofessional conduct during the past several years demonstrate that Bonsignore "acted recklessly or in bad faith."  *Barnd v. City of Tacoma*, 664 F.2d 1339, 1343 (9th Cir. 1982); *see Edgerly*, 2005 WL 235710, at *3 ("Sanctions may be imposed under 28 U.S.C. § 1927 'only on a showing of the attorney's recklessness or bad faith;' in other words, sanctions are appropriate 'when an attorney knowingly or recklessly raises a frivolous argument . . . or argues a meritorious claim for the purpose of harassing an opponent.'" (quoting *Estate of Blas,* 792 F.2d at 860)); *Lahiri*, 606 F.3d at 1219 ("[S]anctions imposed under the district court's inherent authority require a bad faith finding.").  Additionally, while IPP Plaintiffs make general assertions that Mr. Bonsignore has "multiplied proceedings in this case for at least five years," they largely omit any discussion of particular multiplications of proceedings or additional fees incurred *because of* these alleged prior instances of misconduct.[8]  28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred *because of* such conduct.") (emphasis added); *Sumotext*, 2020 WL 4284823, at *4 ("The court's [inherent] authority is limited to 'the fees the innocent party incurred solely because of the misconduct – or put another way, to the fees that party would not have incurred but for the bad faith.'" (quoting *Goodyear*, 137 S. Ct. at 1184)).  Therefore, IPP Plaintiffs have failed to make the requisite showing to merit the imposition of sanctions under either 28 U.S.C. § 1927 or the Court's inherent

---

[8] IPP Plaintiffs point only to their devotion of "considerable time to rework[] [their] response to the objections on an expedited basis" due to the Clerk's delay in filing the objections.  ECF No. 5803 at 6.

authority.

## CONCLUSION

For the foregoing reasons, the Court terminates IPP Plaintiffs' requests to strike as moot and denies their request for monetary sanctions.

**IT IS SO ORDERED.**

Dated:  January 6, 2021



_____
JON S. TIGAR
United States District Judge