BAKER BOTTS LLP
John M. Taladay (*pro hoc vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hoc vice*)
Andrew L. Lucarelli (*pro hoc vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
        evan.werbel@bakerbotts.com
        tom.carter@bakerbotts.com
        drew.lucarelli@bakerbotts.com

Jonathan Shapiro (State Bar No. 257199)
101 California Street, Suite 3600
San Francisco, California 94111
(415) 291-6200
(415) 291-6300 (fax)
Email: jonathan.shapiro@bakerbotts.com

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-05944-JST (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to: | **IRICO DEFENDANTS' SCHEDULING PROPOSAL IN RESPONSE TO JANUARY 12, 2021 COURT ORDER (ECF NO. 5883)** |
| ALL DIRECT PURCHASER ACTIONS | |
| ALL INDIRECT PURCHASER ACTIONS | |

1    Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. ("Irico") respectfully

2    submit a proposed case schedule (attached) in response to the Court's January 12, 2021 Order

3    requiring submission of Joint or Competing Proposals re time limit and case schedule (ECF No.

4    5883) ("Order").  The Irico Defendants met and conferred with counsel for the Direct Purchaser

5    Plaintiffs ("DPPs") and Indirect Purchaser Plaintiffs ("IPPs") on January 20, 2021 but were

6    unable to come to an agreement on a joint schedule.

7    First, Irico's proposed schedule hews to the Court's guidance on scheduling, provided at

8    the January 21, 2021 Case Management Conference, and offers an efficient and expeditious path

9    to trial.  It provides a reasonable, efficient, and properly sequenced schedule that can be adopted

10    by the Court, summarized as follows.

| PHASE | TIMING | LENGTH[1] |
|-------|--------|-----------|
| Fact Discovery | January 2021 - January 2022 | 12 months |
| Class Certification | October 2021 – February 2022 | 4 months (hearing date within 1 month of end of fact discovery) |
| Merits Experts | March 2022 - August 2022 | 4.25 months |
| Pretrial | August 2022 - May 2023 | 9 months (including dispositive and *Daubert* motions) |

16    Second, by contrast, DPPs and IPPs present conflicting and unreasoned schedules,

17    renewing efforts denied at the CMC to strip Irico of its right to defend and ignoring the Court's

18    guidance.  The DPP and IPP schedules, if adopted, would force the Irico Defendants, in less than

19    the 12 month period the Court had expressly set aside for fact discovery, to simultaneously

20    complete *all* fact discovery (documents, depositions and interrogatories), *all* DPP class

21    certification briefing, depositions and argumentation, and *all* IPP merits expert briefing,

22    depositions and expert reports.  In short, plaintiffs ask the Court to order Irico to complete in less

23    than a year what required all other defendants more than 4 years to complete (Irico proposes an

24    aggressive 17 months).  The cumulative effect of plaintiffs' proposals is to force the Irico

25    Defendants, through procedural brinksmanship, to simultaneously defend three separate, crucial

26    phases of the case—each burdensome enough in its own right—and thereby deprive Irico of the

27

28    [1] For illustrative purposes the schedule in this proposal uses operative dates to estimate the timing of certain rulings by the Court.  In the proposed order filed herewith, Irico bases certain events on a set number of days following these rulings as issued at the Court's discretion.

IRICO DEFENDANTS' SCHEDULING          1          Master File No. 4:07-cv-05944-JST
PROPOSAL                                                          MDL No. 1917

1  ability to challenge the DPP and IPP cases on the merits. More importantly, this would neither

2  facilitate the Court's efficient administration of justice nor its interest in seeing this case resolved

3  on the merits.

4         Third, as discussed below, Plaintiffs' separate schedules follow the illogical approach of

5  attempting to fully resolve both class certification and merits expert procedures before the

6  relevant discovery for each is complete.  The DPPs class certification schedule relies on Irico

7  producing all documents relevant to class certification in less than 90 days from today, a literal

8  impossibility.  IPPs, inaccurately claiming that the Court ordered fact *and* expert discovery to be

9  completed within one year, would require all merits expert reports to be submitted a month prior

10  to the close of fact discovery, virtually ensuring challenges and requiring supplementation.

11         Finally, the DPP and IPP schedules would require two separate trials involving the same

12  facts, witnesses and evidence, a mere five months apart.  But those proposals could not

13  reasonably hold as Irico could not be expected to adhere to the proposed DPP pre-trial schedule

14  while it was in the midst of the IPP trial.  Irico's proposal would avoid that massive inefficiency

15  and hold a single trial on an achievable yet ambitious timeframe just seven months after DPP's

16  proposed (but unachievable) trial date.

17  **I.**      <u>**DPP's Proposed Class Certification Schedule Would Not Assist the Court in**</u>
<u>**Conducting the Rigorous Analysis Required Under Rule 23.**</u>
18

19         DPPs' schedule requires the parties to begin the class certification process almost

20  immediately.  DPPs mandate that Irico complete a full assessment of all possible document

21  discovery and produce "all documents [Irico] intends to rely on in support of opposition to DPPs'

22  class certification motion" by April 19, 2021—less than three months from the entry of a

23  scheduling order.  Even under normal circumstances, this goal would be prejudicial to the Irico

24  Defendants given the scope of the claims in this case.  Given the realities of the COVID-19

25  pandemic, which effectively foreclose Irico counsel from traveling to China to assist with the

26  discovery process, it is impossible for Irico to effectively comply with this date.  DPP's clear

27  objective is to deprive Irico of the ability to rely on evidence necessary to confront the class

28  allegations.

1    DPPs' class certification briefing schedule is equally rushed.  It deprives Irico of sufficient

2    time to retain a class expert, get them up to speed on the enormous record in this case, and

3    identify evidence to be adduced in support of an opposition.  Irico agrees that class certification is

4    a critical dispositive issue that needs to be addressed early in this case but proposes a realistic

5    framework for doing so.  Under Irico's proposal, DPPs would file their certification motion in

6    mid-October, affording the parties a reasonable period to conduct necessary discovery and

7    preparations for class certification prior to starting the briefing process, without unduly delaying

8    subsequent stages of the litigation.

9    **II.    IPP's Schedule Is Fundamentally Flawed and Unworkable**

10   IPPs schedule assumes that the Court ordered *expert* discovery to conclude in the same

11   one-year timeframe as fact discovery, but even DPP's schedule (which places the merits expert

12   period after the close of fact discovery) recognizes that the Court issued no such edict.  Moreover,

13   IPPs' proposal to place the exchanges of merits expert reports in the middle of the fact discovery

14   period is illogical, inefficient, and at odds with the expert requirements of Federal Rule of Civil

15   Procedure 26.  Further, it relies on an artificial document production cutoff date that would

16   require completion in a mere 5 ½ months.  Their proposed pretrial procedure is also backwards,

17   requiring the parties to complete initial pretrial exchanges prior to rulings from the Court on the

18   dispositive motions that would narrow the potential issues for trial and thus focus the selection of

19   exhibits and testimony.

20   **A.    Exchanges of Merits Reports Should Occur After Fact Discovery.**

21   IPPs' schedule is inconsistent with the parties' obligations under Rule 26 to provide full

22   disclosures in their expert reports of "a complete statement of  . . . the basis" for "all opinions" of

23   those experts, as well as "the facts or data considered" in each report.  Fed. R. Civ. P. 26(a)(2)(B).

24   Rule 26 requires a complete statement of the expert's opinion, and "the expert's report 'must not

25   be sketchy, vague, or preliminary in nature.'"  *Valencia v. U.S.*, CV-F-05-0472 AWI GSA, 2008

26   WL 669917 at *7 (E.D. Cal. Mar. 7, 2008) (quoting *Finwall v. City of Chicago*, 239 F.R.D. 494,

27   501 (N.D. Ill. 2006)).  The Ninth Circuit has also made clear that expert testimony has little

28   probative value when "contrary to the undisputed market facts." *In re Online DVD Rental*

1    *Antitrust Litig.*, 779 F.3d 914, 923-24 (9th Cir. 2015).

2        The need to complete fact discovery prior to moving to the expert phase is frequently cited

3 as a reason for modifying litigation schedules, *see, e.g., Lorenz v. Safeway, Inc.*, Case No. 3:16-

4 cv-04903-JST, Dkt. 84, slip op. at 2, 4 (N.D. Cal. Feb. 21, 2018) (Tigar, J.), and courts have

5 likewise found good cause for such extensions, even when contested, as a party's fundamental

6 need to prepare for trial outweighs the prejudice from mere delay to the opposing party. *See*

7 *Woodard v. City of Menlo Park*, C 09-3331-SBA, 2012 WL 2119278 at *1-2 (N.D. Cal. June 11,

8 2012) (finding good cause to modify existing scheduling order extending discovery and expert

9 deadlines as "any prejudice suffered by Defendant in this regard is substantially outweighed by

10 Plaintiffs need to engage in discovery to adequately prepare for trial.").  Merits expert reports

11 cannot be complete without the full factual record from Irico.  Both parties should have the

12 opportunity to analyze those documents and testimony for consideration by their respective

13 experts and inclusion in their expert reports.  Requiring the parties to supplement their reports

14 with subsequent witness testimony would be highly inefficient.

15        **B.**     **IPPs Pretrial Schedule Creates Needless Inefficiencies**

16        IPPs' schedule also proposes that broad initial pretrial exchanges, including exhibit lists,

17 deposition designations, witness lists, jury instructions, and verdict forms, take place in the

18 middle of briefing on dispositive and *Daubert* motions.  This is illogical given the the purpose of

19 these motions is to focus the issues and will impact the parties' exchanges referenced above.  The

20 Irico Defendants' plan logically sequences these events while allowing time for a ruling on those

21 motions.  This will avoid unnecessary back-tracking or additional rounds of exchanges.

22        The Irico Defendants respectfully request that the Court enter their proposed schedule.

23

24 (Signatures follow scheduling proposal below.)

25

26

27

28

---

**Irico Scheduling Proposal**

| Phase | Event | Proposed Schedule | Date[2] |
|---|---|---|---|
| **FACT DISCOVERY** | Irico's initial written responses to discovery due | January 26, 2021 | 1/26/2021 |
| | Deadline for DPPs to request Court to consider determination regarding lack of class certification as to Irico | Ordered by the Court on Jan. 12, 2021 | 1/26/2021 |
| | Proposed order regarding Jan. 12, 2021 Case Management Conference due | Ordered by the Court on Jan. 12, 2021 | 2/2/2021 |
| | Irico to serve written fact discovery on Plaintiffs | March 19, 2021 | 3/19/2021 |
| | Case Management Statement due | Ordered by the Court on Jan. 12, 2021 | 4/12/2021 |
| | Plaintiffs to provide initial written responses to fact discovery | 30 days after written discovery served on Plaintiffs | 4/18/2021 |
| | Further Case Management Conference | Ordered by the Court on Jan. 12, 2021 | 4/19/2021 |
| | DPP motion for class certification and any accompanying expert reports, and Irico motion to decertify or reconsider IPP class (if any) | No earlier than October 15, 2021 | 10/15/2021 |
| | Substantial completion of document productions for fact discovery (all parties) | November 16, 2021 | 11/16/2021 |
| | Final responses to interrogatories (all parties) | November 16, 2021 | 11/16/2021 |
| | Opposition(s) to class certification motion(s) and opposing expert report(s) | 60 days after class certification motion(s) filed | 12/14/2021 |
| | Fact depositions conclude | January 12, 2022 | 1/12/2022 |
| | Close of fact discovery | January 12, 2022 | 1/12/2022 |
| **CLASS CERTIFICATION** | Replies on class certification motion(s) and rebuttal expert report(s) | 45 days after class certification opposition(s) filed | 1/28/2022 |
| | Hearing on class certification motion(s) | 14 days after class certification replies filed, or later date set by the Court | 2/11/2022 |

---

[2] See FN 1.

| Phase | Event | Proposed Schedule | Date[2] |
|---|---|---|---|
| | Decision on class certification motion(s) | As determined by the Court | 3/28/2022[3] |
| **MERITS EXPERTS** | Parties' merits expert reports to be served | 45 days after decision on class certification | 5/12/2022 |
| | Parties' opposition reports to be served | 45 days after service of Parties' expert reports | 6/27/2022 |
| | Parties' rebuttal expert reports to be served | 30 days after service of Parties' opposition expert reports | 7/27/2022 |
| | Close of expert discovery | 12 days after service of Parties' rebuttal expert reports | 8/8/2022 |
| **PRE-TRIAL** | Last date for Irico to serve list of proposed dispositive motion(s) | 12 days after service of Parties' rebuttal expert reports | 8/8/2022 |
| | Parties to meet and confer on dispositive motions | Within 5 days after service of Irico's list of proposed dispositive motion(s) | 8/13/2022 |
| | Joint Case Management Statement due, informing Court of results of meet and confer on dispositive motions | First Tuesday at least 7 days after service of Irico's list of proposed dispositive motion(s) | 8/16/2022 |
| | Further Case Management Conference to discuss dispositive motions and any other outstanding pretrial scheduling issues | 7 days after filing of joint Case Management Statement on dispositive motions | 8/23/2022 |
| | *Daubert* motions and dispositive motions due | 60 days after Court's decision regarding list of dispositive motions | 10/24/2022 |
| | Oppositions to *Daubert* motions and dispositive motions due | 21 days after *Daubert* and dispositive motions filed | 11/14/2022 |
| | Replies on *Daubert* and dispositive motions due | 14 days after *Daubert* and dispositive motion oppositions filed | 11/28/2022 |
| | Hearings on *Daubert* and dispositive motions | 14 days after *Daubert* and dispositive motion replies filed | 12/12/2022 |
| | Decisions on *Daubert* and dispositive motions | As determined by the Court | |

---

[3] Operative date if the Court issues a decision on class certification motion(s) 45 days after the hearing.

| Phase | Event | Proposed Schedule | Date[2] |
|---|---|---|---|
| | Parties to meet and confer on pretrial planning, settlement, joint pretrial statement, pretrial materials, and potential for clarifying or narrowing issues | 21 days after hearings on *Daubert* and dispositive motions [Exceeds 21 days pre-PTC required under Court's Standing Order] | 1/2/2023 |
| | Exchange exhibit and witness lists and deposition designations | 30 days after hearings on *Daubert* and dispositive motions [Exceeds 21 days pre-PTC required under Court's Standing Order] | 1/11/2023 |
| | Motions in limine due | 30 days after hearings on *Daubert* and dispositive motions [Exceeds 10 days pre-PTC required under Court's Standing Order] | 1/11/2023 |
| | Parties to meet and confer regarding admissibility of trial exhibits and deposition designations | Within 14 days of exchange of exhibit lists | 1/25/2023 |
| | Oppositions to motions in limine due | 21 days after filing of motions in limine [Exceeds 3 days pre-PTC required under Court's Standing Order] | 2/1/2023 |
| | Hearings on motions in limine | 14 days after filing of oppositions to motions in limine, or later date set by the Court | 2/15/2023 |
| | Joint Pretrial Statement, jury voir dire questions, proposed jury instructions and forms due | 7 days before final pretrial conference [As required under Court's Standing Order] | 3/10/2023 |
| | Final pretrial conference | First Friday at least 90 days after hearings on *Daubert* and dispositive motions | 3/17/2023 |

| Phase | Event | Proposed Schedule | Date[2] |
|---|---|---|---|
| | Delivery of three sets of pre-marked trial exhibits to the Court | 21 days following final pretrial conference [Exceeds 7 days pre-trial required under Court's Standing Order] | 4/7/2023 |
| | Trial briefs due (optional) | 30 days following final pretrial conference [Exceeds 7 days pre-trial required under Court's Standing Order] | 4/17/2023 |
| **TRIAL** | Joint trial | 45 days after final pretrial conference or as determined by the Court | 5/2/2023 |

Dated:  January 22, 2021                     Respectfully submitted,


                                             /s/ John M. Taladay

BAKER BOTTS LLP
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
        evan.werbel@bakerbotts.com
        tom.carter@bakerbotts.com
        drew.lucarelli@bakerbotts.com

Jonathan Shapiro (State Bar No. 257199)
101 California Street, Suite 3600
San Francisco, California 94111
(415) 291-6200
(415) 291-6300 (fax)
Email: jonathan.shapiro@bakerbotts.com


*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*