BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
       evan.werbel@bakerbotts.com
       tom.carter@bakerbotts.com
       drew.lucarelli@bakerbotts.com

BAKER BOTTS L.L.P.
Jonathan Shapiro (State Bar No. 257199)
101 California Street, Suite 3600
San Francisco, California 94111
(415) 291-6200
(415) 291-6300 (fax)
Email: jonathan.shapiro@bakerbotts.com

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-05944-JST (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to: ALL DIRECT PURCHASER ACTIONS ALL INDIRECT PURCHASER ACTIONS | **IRICO DEFENDANTS' BRIEF IN SUPPORT OF PROPOSED CASE MANAGEMENT ORDER** |

Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. ("Irico") respectfully submit the attached proposed case management order ("Proposed Order") in response to the Court's January 12, 2021 Order (ECF No. 5883). Irico met and conferred with counsel for the Direct Purchaser Plaintiffs ("DPPs") and Indirect Purchaser Plaintiffs ("IPPs") (together, "Plaintiffs") on January 29, 2021, but the parties were unable to come to an agreement on a joint case management order. Irico's Proposed Order reflects the Court's pronouncements in all respects.

There are only two differences between the parties' proposed orders, but they are important. For the Court's convenience, Irico has included a comparison of its Proposed Order against Plaintiffs' proposal as Exhibit A to the Declaration of Thomas E. Carter, filed herewith.

### 1. **Non-Duplicative Discovery**

Irico has agreed to a provision, consistent with its statements to the Court and accepted by Plaintiffs, that Irico "shall use good faith efforts to ensure that the above discovery is not duplicative of evidence already provided" by Plaintiffs or others in this case. This provision places the burden of due diligence to ascertain the scope of information and documents already produced in this litigation on Irico. But Plaintiffs seek much more. They would insert the words "non-duplicative" as an absolute court-ordered limitation on all discovery that Irico can take in the four agreed-upon categories. The only impact of this addition is to create a "strict liability" mechanism *whereby even inadvertent duplication* would violate the order and be potentially enforceable by contempt and/or sanctions proceedings. This would only encourage additional disputes and briefing, even where such alleged duplication could not reasonably have been known by Irico.

Plaintiffs' proposed standard essentially requires perfect knowledge of the entire 14-year discovery record of all parties in order for Irico to comply. That is an unattainable goal, and unnecessary for the efficient completion of remaining discovery in this case. As one important example, numerous discovery disputes between Plaintiffs and other defendants would have been raised through direct communications, with some resolved informally and others argued through motions to compel or for protective orders filed directly with the Special Master and never placed

on the public docket (aside from final recommendations issued by the Special Master).  As a result, Irico has no way of knowing, *inter alia*, whether Plaintiffs or other defendants actually provided all requested discovery before those claims were settled.

Further, it makes little sense to apply this limitation categorically to the four areas of authorized discovery, nor do we believe the Court intended to do so, since two of them cover "new" issues: discovery of IPPs' four new class representatives; and expert discovery related to DPPs' not-yet-filed motion for class certification.

Of course, Plaintiffs may still appropriately object to inadvertently duplicative discovery and refuse to respond, and Irico can be disciplined if it fails to act in good faith to avoid duplication.  Thus, a good faith standard is appropriate, without the addition of "non-duplicative" as an absolute limitation via court order.

**2.  IPP Expert Deposition**

Irico understood the Court to permit a deposition of IPPs' expert on her merits report, including any addendum to be filed.  To ensure this discovery would be focused on issues specific to Irico without inviting disputes over proper scope of deposition questioning, Irico understands the Court to have instructed that the allotted time for this deposition be limited.  Plaintiffs' proposed order undermines that balance by disallowing any deposition unless IPPs' expert files an addendum.  Further, Plaintiffs propose to limit Irico's time to depose IPPs' expert on a not-yet-filed rebuttal that necessarily would be limited to issues addressed in Irico's not-yet-filed opposition report.  In contrast, IPPs grant themselves a full allotment of time to depose Irico's opposition expert.  Irico's proposal logically limits Irico's time to examine IPPs' expert on work already done while treating depositions on both Irico's opposition and IPPs' expert rebuttal identically under the Federal Rules of Civil Procedure.

Dated:  February 2, 2021                              Respectfully submitted,

*/s/ John M. Taladay*

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)

| | |
|---|---|
| 1 | |
| 2 | Thomas E. Carter (*pro hac vice*) |
|   | Andrew L. Lucarelli (*pro hac vice*) |
|   | 700 K Street, N.W. |
|   | Washington, D.C. 20001 |
| 3 | (202)-639-7700 |
|   | (202)-639-7890 (fax) |
| 4 | Email: john.taladay@bakerbotts.com |
|   |         evan.werbel@bakerbotts.com |
| 5 |         tom.carter@bakerbotts.com |
|   |         drew.lucarelli@bakerbotts.com |

Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
       evan.werbel@bakerbotts.com
       tom.carter@bakerbotts.com
       drew.lucarelli@bakerbotts.com

BAKER BOTTS L.L.P.
Jonathan Shapiro (State Bar No. 257199)
101 California Street, Suite 3600
San Francisco, California 94111
(415) 291-6200
(415) 291-6300 (fax)
Email: jonathan.shapiro@bakerbotts.com

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*