BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
       evan.werbel@bakerbotts.com
       tom.carter@bakerbotts.com
       drew.lucarelli@bakerbotts.com

BAKER BOTTS L.L.P.
Jonathan Shapiro (State Bar No. 257199)
101 California Street, Suite 3600
San Francisco, California 94111
(415) 291-6200
(415) 291-6300 (fax)
Email: jonathan.shapiro@bakerbotts.com

*Attorneys for Defendants*
IRICO GROUP CORP. and
IRICO DISPLAY DEVICES CO., LTD.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*ALL DIRECT AND INDIRECT PURCHASER ACTIONS* | Case No. 3:07-cv-05944-JST<br><br>MDL No. 1917<br><br>**DECLARATION OF THOMAS E. CARTER IN SUPPORT OF IRICO DEFENDANTS' PROPOSED CASE MANAGEMENT ORDER** |

I, Thomas E. Carter, declare as follows:

1. I am a member of the bar of the District of Columbia and admitted to practice before this Court *pro hac vice*. I am an attorney with Baker Botts L.L.P., which represents Defendants Irico Group Corporation ("Irico Group") and Irico Display Devices Co., Ltd. ("Irico Display") (collectively, "Irico Defendants") in this action. I make this Declaration in support of Irico Defendants' Proposed Case Management Order. If called as a witness, I could and would testify to the matters set forth in this declaration of my own personal knowledge.

2. Attached hereto as Exhibit A is a true and correct copy of a Microsoft Word comparison of Direct and Indirect Purchaser Plaintiffs' and Irico Defendants' Proposed Case Management Orders, showing all differences between the two proposals in redline.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of February 2021, in Washington, D.C.

/s/ Thomas E. Carter

Thomas E. Carter (*pro hac vice*)
BAKER BOTTS L.L.P.
700 K Street, N.W.
Washington, D.C. 20001
Phone: (202)-639-7700
Fax: (202)-639-7890
tom.carter@bakerbotts.com

*Attorney for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

# **EXHIBIT A**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
|---|---|
| | MDL No. 1917 |
| This Document Relates to: | **[PROPOSED] CASE MANAGEMENT ORDER** |
| *ALL DIRECT PURCHASER ACTIONS*<br>*ALL INDIRECT PURCHASER ACTIONS* | Judge:      Honorable Jon S. Tigar<br>Courtroom: Courtroom 6 – 2nd Floor |

WHEREAS, counsel for the Direct Purchaser Plaintiffs ("DPPs"), the Indirect Purchaser Plaintiffs ("IPPs"), and Defendants Irico Group Corporation and Irico Display Devices Co., Ltd. (together "Irico" or the "Irico Defendants") appeared before the Court for a Case Management Conference on January 12, 2021 at 2 p.m. to set a pretrial schedule;

WHEREAS, the parties presented a number of disputes to the Court regarding the scope of merits discovery, class certification, merits experts and dispositive motions, as well as competing case schedules;

WHEREAS, the Court, having considered the parties' positions as set forth in the Joint Case Management Statement, ECF No. 5877, and the argument of counsel at the Case Management Conference ("CMC"), hereby orders as follows:

**1. Written Discovery, Document Discovery and Depositions**

Plaintiffs are entitled to take full discovery of the Irico Defendants. The Irico Defendants are entitled to take ~~non-duplicative~~ discovery within the following categories identified to the Court at the CMC:

- Interrogatories, Requests for Production of Documents, and depositions of IPPs' four new class representatives;
- Fact discovery relating to DPPs' motion for class certification;
- Expert discovery relating to DPPs' motion for class certification; and
- Contention interrogatories and Requests for Admission.

The Irico Defendants shall use good faith efforts to ensure that the above discovery is not duplicative of evidence already provided by DPPs and IPPs (or others) in this case. Discovery shall be completed by January 12, 2022. If the Irico Defendants wish to propound any other types of discovery, they must seek leave of the Court. The parties' entitlement to take expert discovery is addressed separately below.

**2. Dispositive Motions**

The Irico Defendants shall identify the dispositive motions they plan to file in accordance with the schedule set by the Court. The parties shall then meet and confer regarding the proposed motions and, if they cannot agree, the parties shall seek a conference with the Court to resolve any

1  issues, which shall include consideration of whether the motion is duplicative of dispositive
2  motions already decided by the Court.

3     **3.**     **Class Certification**

4  The DPPs shall file a motion for class certification against the Irico Defendants and the
5  Irico Defendants may contest that motion.

6     **4.**     **Expert Discovery**

7  **IPPs:** Expert discovery in IPPs' case against the Irico Defendants shall be limited, as
8  follows:

9  IPPs will notify the Irico Defendants by February 11, 2021 whether they intend to serve an
10 addendum to their existing expert's already-filed reports on liability and damages. The parties will
11 meet and confer regarding an appropriate hourly limit for the deposition of IPPs' expert regarding
12 such reports and any addenda thereto. If the parties are unable to agree, they shall seek a
13 conference with the Court to resolve any dispute. ~~If IPPs do serve an addendum, the Irico~~
14 ~~Defendants will be entitled to depose IPPs' expert regarding that addendum. If IPPs do not serve an~~
15 ~~addendum, the Irico Defendants may not depose IPPs' expert regarding her already-filed reports.~~

16 Irico may file expert report(s) in opposition to the reports of IPPs' expert and IPPs shall be
17 entitled to depose Irico's expert regarding the opposition report(s). IPPs may file expert rebuttal
18 report(s) to Irico's opposition expert report(s) and the Irico Defendants shall be entitled to depose
19 IPPs' expert regarding her rebuttal report(s). ~~The parties will meet and confer regarding an~~
20 ~~appropriate hourly limit for the depositions of IPPs' expert(s) regarding any addendum to her~~
21 ~~opening report and her rebuttal report(s) and, if they are unable to agree, shall seek a conference~~
22 ~~with the Court to resolve any dispute.~~ Irico may file affirmative expert reports and IPPs may
23 oppose such reports. Irico may file expert rebuttal reports relating to its affirmative expert reports.
24 The schedule for such reports will be set as part of the scheduling process described below. The
25 parties may depose the opposing parties' expert(s) regarding their report(s) as to Irico's affirmative
26 defenses. The duration of the~~se~~ depositions described in this paragraph shall be governed by Fed.
27 R. Civ. P. 30(d)(1) unless otherwise stipulated by the parties.
28

**DPPs:** The parties will exchange expert reports on liability and damages in accordance with a schedule to be proposed by the parties and set by the Court.

5. **Schedule**

The parties shall meet and confer about the remaining aspects of the case schedule and make a joint or competing scheduling proposal(s) by January 22, 2021. If the parties submit competing proposals, they may also submit a two-page brief explaining their proposal. If the IPPs and DPPs submit separate proposals, then the Irico Defendants may submit a four-page brief. The Court will endeavor to choose, in all respects, the single proposal it concludes is most reasonable.

**IT IS SO ORDERED.**

Date: _____   _____
                                                    Honorable Jon S. Tigar