Guido Saveri (22349)
  guido@saveri.com
R. Alexander Saveri (173102)
  rick@saveri.com
Geoffrey C. Rushing (126910)
  grushing@saveri.com
Cadio Zirpoli (179108)
  cadio@saveri.com
Matthew D. Heaphy (227224)
  mheaphy@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*ALL DIRECT PURCHASER ACTIONS*<br>*ALL INDIRECT PURCHASER ACTIONS* | Master File No. 07-CV-5944-JST<br><br>MDL No. 1917<br><br>**DIRECT PURCHASER PLAINTIFFS' AND INDIRECT PURCHASER PLAINTIFFS' JOINT BRIEF IN SUPPORT OF PROPOSED CASE MANAGEMENT ORDER**<br><br>Judge:   Honorable Jon S. Tigar |

Direct Purchaser Plaintiffs ("DPPs") and Indirect Purchaser Plaintiffs ("IPPs") (together, "Plaintiffs") submit this joint brief regarding the differences between their Proposed Case Management Order ("Proposed CMO") regarding the January 12, 2021 Case Management Conference (Exhibit A hereto), and the Proposed Order submitted by Defendants Irico Group Corporation and Irico Display Devices Co., Ltd. ("Irico" or the "Irico Defendants"). The parties have met and conferred; their remaining differences are reflected in redline in Exhibit B hereto. Plaintiffs respectfully request that the Court enter their Proposed Order for the reasons set forth below.

**Duplicative discovery (p. 1, line 13)**. Plaintiffs' understanding of the Court's order was that Irico would be limited to the specific categories of discovery identified at the CMC, which discovery would not duplicate previous discovery. This was a focus of both sides in the CMC Statement (ECF No. 5877): Plaintiffs emphasized that Irico should not be allowed duplicative discovery (*see, e.g.,* CMC Statement at 7 ("discovery should be limited to information that has not previously been discovered")), and Irico emphasized that it did not intend to take duplicative discovery. *See, e.g., id.* at 14 ("Due process considerations mandate that Irico should be afforded the opportunity to propound nonduplicative discovery on Plaintiffs"); *id.* at 17 ("Irico . . . intends to seek only nonduplicative discovery relevant to the claims against Irico Defendants"). At the CMC, in response to the Court's inquiry, Irico's counsel identified discrete categories of discovery it intends to seek, and explained, consistent with its CMC statement, that they would not duplicate previous discovery. Based on this description, DPPs and IPPs said they had no objection. The Court stated that Irico's discovery would be so limited, but that it could seek permission to propound other discovery.

Irico's proposed order eliminates this limitation. Plaintiffs respectfully submit that their order more accurately reflects what occurred at the CMC. The Court's provision that Irico could seek leave for additional discovery presupposes the existence of the limitation. Finally, Irico's concern that it should not be subject to sanction for propounding discovery it in good faith believes is not duplicative (with which Plaintiffs agree) is resolved by the first sentence of the second paragraph (first drafted by Irico) providing a "good faith" standard.

**IPP Expert Discovery**. IPPs understood from the Court's statements at the CMC that Irico's depositions of IPPs' expert (Dr. Netz) regarding her already-filed merits reports should likewise be

1

limited and not duplicative. Specifically, IPPs understood that Irico would only be permitted to depose Dr. Netz regarding her opening merits report *if* IPPs served an addendum to that report. That is why the Court ordered IPPs to inform Irico whether they would be filing an addendum to Dr. Netz's opening report within 30 days of the CMC (February 11, 2020). *See* ECF No. 5891 at 5 (IPPs' Proposed Schedule). In addition, since IPPs acknowledged that Dr. Netz would likely supplement her rebuttal report in response to Irico's opposition report, the Court ordered that Irico should be permitted to depose Dr. Netz regarding her supplemental rebuttal report. Finally, the Court ordered that Irico's depositions of Dr. Netz regarding her already-filed reports and any addenda thereto would be subject to an hourly limit, about which the parties are to meet and confer.

Plaintiffs' Proposed CMO accurately reflects the foregoing orders while Irico's proposed order attempts to undo them. Irico contends they may depose Dr. Netz regarding her opening report even if she does not serve an addendum to the report, and even though Irico's co-defendants deposed Dr. Netz for seven hours regarding that report. Why would the Court order IPPs to inform Irico whether they intend to file an addendum to Dr. Netz's opening report if Irico can depose Dr. Netz regarding this report regardless? In addition, while Irico concedes that the Court ordered an hourly limitation on any deposition of Dr. Netz regarding her opening report, it contends that the same limitation does not apply to any deposition of Dr. Netz regarding her supplemental rebuttal report. But the Court made no such distinction. Nor would such a distinction make sense given that Dr. Netz will merely be supplementing her already-filed rebuttal report, and she was already deposed for seven hours regarding that report.

Irico's proposed order would mean that the Court's *only* limitation on discovery of IPPs' expert is an hourly limit on Dr. Netz's deposition regarding her opening report. IPPs respectfully submit that Plaintiffs' Proposed CMO more accurately reflects the Court's orders. The Court recognized it would be unnecessary to permit Irico to re-depose Dr. Netz regarding her already-filed opening report unless IPPs file an addendum thereto. And, hourly limits for all such depositions are appropriate because Irico need only ask Irico-specific questions to build on the questioning of their co-defendants. Irico's proposed order would mean not only that there are no consequences for Irico's default, but that Irico would actually benefit from it. This outcome should not be permitted.

| | | |
|---|---|---|
| 1 | Dated: February 2, 2021 | Respectfully submitted, |
| 2 | | /s/ *R. Alexander Saveri* |
| 3 | | Guido Saveri (22349)<br>R. Alexander Saveri (173102) |
| 4 | | Geoffrey C. Rushing (126910)<br>Cadio Zirpoli (179108) |
| 5 | | Matthew D. Heaphy (227224)<br>SAVERI & SAVERI, INC. |
| 6 | | 706 Sansome Street<br>San Francisco, CA 94111 |
| 7 | | Telephone: (415) 217-6810<br>Facsimile: (415) 217-6813 |
| 8 | | *Lead Counsel for Direct Purchaser Plaintiffs* |
| 9 | | |
| 10 | Dated: February 2, 2021 | /s/ *Mario N. Alioto* |
| 11 | | Mario N. Alioto (56433)<br>Joseph M. Patane (72202) |
| 12 | | Lauren C. Capurro (241151)<br>TRUMP, ALIOTO, TRUMP & PRESCOTT LLP |
| 13 | | 2280 Union Street |
| 14 | | San Francisco, CA 94123<br>Telephone: 415-563-7200 |
| 15 | | Facsimile: 415- 346-0679<br>Email: malioto@tatp.com |
| 16 | | jpatane@tatp.com<br>laurenrussell@tatp.com |
| 17 | | *Lead Counsel for the* |
| 18 | | *Indirect Purchaser Plaintiffs* |

**ATTESTATION**

I, Mario N. Alioto, hereby attest, pursuant to United States District Court, Northern District of California Civil Local Rule 5-1(i)(3), that concurrence in the filing of this document has been obtained from the other Signatory hereto.

By:     /s/ *Mario N. Alioto*
           Mario N. Alioto

# EXHIBIT A

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **[PROPOSED] CASE MANAGEMENT ORDER** |
| *ALL DIRECT PURCHASER ACTIONS*<br>*ALL INDIRECT PURCHASER ACTIONS* | Judge:     Honorable Jon S. Tigar<br>Courtroom: Courtroom 6 – 2nd Floor |

WHEREAS, counsel for the Direct Purchaser Plaintiffs ("DPPs"), the Indirect Purchaser Plaintiffs ("IPPs"), and Defendants Irico Group Corporation and Irico Display Devices Co., Ltd. (together "Irico" or the "Irico Defendants") appeared before the Court for a Case Management Conference on January 12, 2021 at 2 p.m. to set a pretrial schedule;

WHEREAS, the parties presented a number of disputes to the Court regarding the scope of merits discovery, class certification, merits experts and dispositive motions, as well as competing case schedules;

WHEREAS, the Court, having considered the parties' positions as set forth in the Joint Case Management Statement, ECF No. 5877, and the argument of counsel at the Case Management Conference ("CMC"), hereby orders as follows:

1. **Written Discovery, Document Discovery and Depositions**

Plaintiffs are entitled to take full discovery of the Irico Defendants. The Irico Defendants are entitled to take non-duplicative discovery within the following categories identified to the Court at the CMC:

- Interrogatories, Requests for Production of Documents, and depositions of IPPs' four new class representatives;
- Fact discovery relating to DPPs' motion for class certification;
- Expert discovery relating to DPPs' motion for class certification; and
- Contention interrogatories and Requests for Admission.

The Irico Defendants shall use good faith efforts to ensure that the above discovery is not duplicative of evidence already provided by DPPs and IPPs (or others) in this case. Discovery shall be completed by January 12, 2022. If the Irico Defendants wish to propound any other types of discovery, they must seek leave of the Court. The parties' entitlement to take expert discovery is addressed separately below.

2. **Dispositive Motions**

The Irico Defendants shall identify the dispositive motions they plan to file in accordance with the schedule set by the Court. The parties shall then meet and confer regarding the proposed motions and, if they cannot agree, the parties shall seek a conference with the Court to resolve any

Case 4:07-cv-05944-JST   Document 5900   Filed 02/02/21   Page 9 of 15

issues, which shall include consideration of whether the motion is duplicative of dispositive motions already decided by the Court.

### 3. Class Certification

The DPPs shall file a motion for class certification against the Irico Defendants and the Irico Defendants may contest that motion.

### 4. Expert Discovery

**IPPs:** Expert discovery in IPPs' case against the Irico Defendants shall be limited, as follows:

IPPs will notify the Irico Defendants by February 11, 2021 whether they intend to serve an addendum to their existing expert's already-filed reports on liability and damages. If IPPs do serve an addendum, the Irico Defendants will be entitled to depose IPPs' expert regarding that addendum. If IPPs do not serve an addendum, the Irico Defendants may not depose IPPs' expert regarding her already-filed reports.

Irico may file expert report(s) in opposition to the reports of IPPs' expert and IPPs shall be entitled to depose Irico's expert regarding the opposition report(s). IPPs may file expert rebuttal report(s) to Irico's opposition expert report(s) and the Irico Defendants shall be entitled to depose IPPs' expert regarding her rebuttal report(s). The schedule for such reports will be set as part of the scheduling process described below. The parties will meet and confer regarding an appropriate hourly limit for the depositions of IPPs' expert(s) regarding any addendum to her opening report and her rebuttal report(s) and, if they are unable to agree, shall seek a conference with the Court to resolve any dispute.

Irico may file affirmative expert reports and IPPs may oppose such reports. Irico may file expert rebuttal reports relating to its affirmative expert reports. The schedule for such reports will be set as part of the scheduling process described below. The parties may depose the opposing parties' expert(s) regarding their report(s) as to Irico's affirmative defenses. The duration of the depositions described in this paragraph shall be governed by Fed. R. Civ. P. 30(d)(1) unless otherwise stipulated by the parties.

[PROPOSED] CASE MANAGEMENT ORDER; Master File No. 07-CV-5944-JST

**DPPs:** The parties will exchange expert reports on liability and damages in accordance with a schedule to be proposed by the parties and set by the Court.

5. **Schedule**

The parties shall meet and confer about the remaining aspects of the case schedule and make a joint or competing scheduling proposal(s) by January 22, 2021. If the parties submit competing proposals, they may also submit a two-page brief explaining their proposal. If the IPPs and DPPs submit separate proposals, then the Irico Defendants may submit a four-page brief. The Court will endeavor to choose, in all respects, the single proposal it concludes is most reasonable.

**IT IS SO ORDERED.**

Date: _____      _____
                                                                                   Honorable Jon S. Tigar

# EXHIBIT B

1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **[PROPOSED] CASE MANAGEMENT ORDER** |
| *ALL DIRECT PURCHASER ACTIONS*<br>*ALL INDIRECT PURCHASER ACTIONS* | Judge: Honorable Jon S. Tigar<br>Courtroom: Courtroom 6 – 2nd Floor |

WHEREAS, counsel for the Direct Purchaser Plaintiffs ("DPPs"), the Indirect Purchaser Plaintiffs ("IPPs"), and Defendants Irico Group Corporation and Irico Display Devices Co., Ltd. (together "Irico" or the "Irico Defendants") appeared before the Court for a Case Management Conference on January 12, 2021 at 2 p.m. to set a pretrial schedule;

WHEREAS, the parties presented a number of disputes to the Court regarding the scope of merits discovery, class certification, merits experts and dispositive motions, as well as competing case schedules;

WHEREAS, the Court, having considered the parties' positions as set forth in the Joint Case Management Statement, ECF No. 5877, and the argument of counsel at the Case Management Conference ("CMC"), hereby orders as follows:

1. **Written Discovery, Document Discovery and Depositions**

Plaintiffs are entitled to take full discovery of the Irico Defendants. The Irico Defendants are entitled to take non-duplicative discovery within the following categories identified to the Court at the CMC:

- Interrogatories, Requests for Production of Documents, and depositions of IPPs' four new class representatives;
- Fact discovery relating to DPPs' motion for class certification;
- Expert discovery relating to DPPs' motion for class certification; and
- Contention interrogatories and Requests for Admission.

The Irico Defendants shall use good faith efforts to ensure that the above discovery is not duplicative of evidence already provided by DPPs and IPPs (or others) in this case. Discovery shall be completed by January 12, 2022. If the Irico Defendants wish to propound any other types of discovery, they must seek leave of the Court. The parties' entitlement to take expert discovery is addressed separately below.

2. **Dispositive Motions**

The Irico Defendants shall identify the dispositive motions they plan to file in accordance with the schedule set by the Court. The parties shall then meet and confer regarding the proposed motions and, if they cannot agree, the parties shall seek a conference with the Court to resolve any

1  issues, which shall include consideration of whether the motion is duplicative of dispositive
2  motions already decided by the Court.

3      **3.**    **Class Certification**

4  The DPPs shall file a motion for class certification against the Irico Defendants and the
5  Irico Defendants may contest that motion.

6      **4.**    **Expert Discovery**

7  **IPPs:** Expert discovery in IPPs' case against the Irico Defendants shall be limited, as
8  follows:

9  IPPs will notify the Irico Defendants by February 11, 2021 whether they intend to serve an
10 addendum to their existing expert's already-filed reports on liability and damages. If IPPs do serve
11 an addendum, the Irico Defendants will be entitled to depose IPPs' expert regarding that
12 addendum. If IPPs do not serve an addendum, the Irico Defendants may not depose IPPs' expert
13 ~~for a limited amount of time~~ regarding her already-filed reports. ~~The parties shall meet and confer~~
14 ~~regarding the time limit and, if they cannot agree, the parties shall seek a conference with the Court~~
15 ~~to resolve the issue. Irico is entitled to depose IPPs expert(s) on liability and damages.~~

16 Irico may file expert report(s) in opposition to the reports of IPPs' expert and IPPs shall be
17 entitled to depose Irico's expert regarding the opposition report(s). IPPs may file expert rebuttal
18 report(s) to Irico's opposition expert report(s) and the Irico Defendants shall be entitled to depose
19 IPPs' expert regarding her rebuttal report(s). The schedule for such reports will be set as part of the
20 scheduling process described below. The parties will meet and confer regarding an appropriate
21 hourly limit for the depositions of IPPs' expert(s) regarding any addendum to her opening report
22 and her rebuttal report(s) and, if they are unable to agree, shall seek a conference with the Court to
23 resolve any dispute.

24 Irico may file affirmative expert reports and IPPs may oppose such reports. Irico may file
25 expert rebuttal reports relating to its affirmative expert reports. The schedule for such reports will
26 be set as part of the scheduling process described below. The parties may depose the opposing
27 parties' expert(s) regarding their report(s) as to Irico's affirmative defenses. The duration of the
28

depositions described in this paragraph shall be governed by Fed. R. Civ. P. 30(d)(1) unless otherwise stipulated by the parties.

**DPPs:** The parties will exchange expert reports on liability and damages in accordance with a schedule to be proposed by the parties and set by the Court.

5.  **Schedule**

The parties shall meet and confer about the remaining aspects of the case schedule and make a joint or competing scheduling proposal(s) by January 22, 2021. If the parties submit competing proposals, they may also submit a two-page brief explaining their proposal. If the IPPs and DPPs submit separate proposals, then the Irico Defendants may submit a four-page brief. The Court will endeavor to choose, in all respects, the single proposal it concludes is most reasonable.

**IT IS SO ORDERED.**

Date: _____            _____
                                                      Honorable Jon S. Tigar