1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER BOTTS LLP
John M. Taladay (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
          erik.koons@bakerbotts.com

*Attorneys for Defendant*
*Philips North America LLC*

[Additional Responding Parties and Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.: 4:07-cv-05944 JST |
| | MDL No. 1917 |
| This document relates to: | **DEFENDANTS' OPPOSITION TO GOVERNMENT OF PUERTO RICO'S RESPONSE TO SHOW CAUSE ORDER (ECF No. 5888)** |
| Government of Puerto Rico, et al., | |
| Plaintiff, | |
| v. | Date:        March 3, 2021 |
| Panasonic Corp. of North America, et al., | Time:        2:00 p.m. |
| Defendants. | Judge:       Hon. Jon S. Tigar |
| | Courtroom:   6, 2nd Floor |

Pursuant to the Court's Order to Show Cause (ECF No. 5860), Defendants Philips North America LLC (f/k/a Philips Electronics North America Corporation), Panasonic Corporation of North America, Hitachi America, Ltd., and LG Electronics USA, Inc. (the "Defendants") respectfully request that the Court: (1) find that the Government of Puerto Rico ("Plaintiff") has not shown good cause for its failure to timely effect service; and (2) exercise its discretion to dismiss the remaining unserved defendants without prejudice.

## INTRODUCTION

On October 26, 2020, the Court set a generous deadline of February 3, 2021, for Plaintiff to complete service on any unserved defendants.  ECF No. 5860 at 5-6.  This extension was more than forty (40) days *longer* than the amount of time Plaintiff represented to the Court that it needed to complete service on the unserved defendants.  With that extension, from the date Plaintiff filed its complaint, Plaintiff has had seven-hundred and seventy-nine (779) days to complete service.  Nevertheless, when the February 3, 2021 deadline arrived, Plaintiff admitted in a one-page submission that it has still yet to complete service on two domestic defendants, Toshiba America, Inc. and Toshiba America Information Systems, Inc.  ECF No. 5888. (Plaintiff also seems to overlook that it has yet to complete service on a third domestic Toshiba entity, Toshiba America Consumer Products, LLC.  ECF No. 5783-1 at 14.)  Although Plaintiff attributes its failure to complete service to the COVID-19 pandemic, it has not shown good cause justifying its failure, as required by the Court's order and Rule 4(m) of the Federal Rules of Civil Procedure.  ECF No. 5860 at 6.  Plaintiff does not even mention "good cause" in its response, or cite any authority justifying a further extension.

Because Plaintiff has failed to establish good cause, the Court has no obligation to further enlarge the time for service.  Nor should the Court exercise its own discretion to grant an extension.  Instead, now, over two years after the complaint was filed, the Court should dismiss the remaining unserved defendants and allow this case to proceed.

1

## STATEMENT OF FACTS

2       The Court is aware of the posture of this case and Plaintiff's approach to service (ECF

3   No. 5801 at 3-4), but Defendants re-state relevant facts for ease of reference.

4       Plaintiff filed its Complaint in the Commonwealth of Puerto Rico's Court of First

5   Instance, Superior Court of San Juan, on December 17, 2018, naming forty-three (43) Defendant

6   entities. *See Gov't. of Puerto Rico v. LG Electronics, Inc.*, No. 3:19-cv-01246-ADC (D.P.R.

7   Mar. 19, 2019), ECF Nos. 1-3.  On March 18, 2019, the Defendants removed the case to the

8   United States District Court for Puerto Rico.  *See* Notice of Removal, No. 4:20-cv-05606-JST

9   (N.D. Cal. Mar. 18, 2019), ECF No. 1.  After reaching an agreement with Plaintiff, Defendants

10  moved to extend the time to plead or otherwise defend until sixty (60) days after the last

11  Defendant is served.  Mot., No. 4:20-cv-05606-JST (N.D. Cal. Mar. 19, 2019), ECF No. 5.  The

12  district court in Puerto Rico granted the consent motion on April 1, 2019.  Order, No. 4:20-cv-

13  05606-JST (N.D. Cal. Apr. 1, 2019), ECF No. 18.

14      On February 5, 2020, the Judicial Panel on Multidistrict Litigation ordered the case

15  transferred to this Court for coordinated or consolidated pretrial proceedings pursuant to 28

16  U.S.C. § 1407.  ECF No. 5686.

17      By March 2019, well before the onset of the COVID-19 pandemic, Puerto Rico purported

18  to have served seven of twelve domestic Defendants.  ECF No. 5783-1 at 13-14.  (For the

19  purposes of this motion, Defendants take no position regarding whether Plaintiff's service on any

20  entity was proper and reserve all arguments regarding same.)  Specifically, Plaintiff purported to

21  have served six entities on February 14, 2019: (1) Hitachi America, Ltd.; (2) LG Electronics

22  USA, Inc.: (3) Panasonic Corp. of North America: (4) Samsung Electronics America, Inc.; (5)

23  Tatung Co. of America, Inc.; and (6) Toshiba America Electronic Components, Inc.  ECF No.

24  5783-1 at 13-14.  Plaintiff allegedly served a seventh entity, Philips Electronics North America

25  Corp., on February 24, 2019.  ECF No. 5783-1 at 13.

26      Then, over a fourteen-month period—from May 16, 2019, to July 10, 2020—Plaintiff

27  made no further attempts to complete service on *any* defendant.  *See* ECF No. 5801 at 3-4.

28

2

1    Following this period of idleness, Plaintiff moved under Rule 4(f)(3) of the Federal Rules of

2    Civil Procedure to serve the remaining unserved defendants through their U.S.-based counsel.

3    ECF No. 5783.

4         While its Rule 4(f)(3) motion was pending, Plaintiff asserted that it completed service on

5    two domestic defendants, Hitachi Electronic Devices (USA) Inc. (on August 25, 2020) and

6    Samsung SDI America, Inc. (on September 2, 2020), bringing the total number of domestic

7    entities purportedly served to nine (9).  ECF No. 5856 at 1.

8         On October 22, 2020, this Court held a case management conference, during which it

9    stated it would deny the Rule 4(f)(3) motion and specifically asked Plaintiff's counsel how much

10   time Plaintiff needed to complete service.  Plaintiff asked for sixty (60) days, or until December

11   22, 2020.

12        On October 26, 2020, the Court issued an order denying Plaintiff's Rule 4(f)(3) motion,

13   finding that "the preponderance of the delay in Puerto Rico's lawsuit is of its own making."  ECF

14   No. 5860 at 5.  In that same order, the Court set February 3, 2021 as the deadline for Plaintiff to

15   complete service or show good cause for its failure to do so, affording Plaintiff one-hundred and

16   three (103) additional days to complete service, over forty (40) days more than Plaintiff asked for

17   during the October 22, 2020 case management conference.  *Id*. at 5-6.

18        On January 20, 2021, Plaintiff voluntarily dismissed thirty-one (31) foreign defendants

19   named in its complaint, *i.e.*, nearly three-quarters of the defendants sued in December 2018.

20   ECF No. 5887.

21        On January 22, 2021, Plaintiff filed a one-page response to this Court's show cause order.

22   ECF No. 5888.  In addition to noting its voluntary dismissal of the foreign defendants, Plaintiff

23   also admitted that two domestic defendants remained unserved—Toshiba America Information

24   Systems, Inc. and Toshiba America, Inc.—and claimed that it had attempted service on those

25   entities on August 21 and October 27, 2020.  *Id*. at 2, Exs. A-D.  (In its response, Plaintiff is

26   silent as to Toshiba America Consumer Products, LLC, which Plaintiff previously identified as

27   being unserved.  ECF No. 5783-1 at 14.)  In light of those failed attempts, Plaintiff asserted that

28

3

DEFENDANTS' OPPOSITION TO GOVERNMENT OF PUERTO RICO'S          CASE NO.: 4:07-CV-05944-JST
RESPONSE TO SHOW CAUSE ORDER

service on those Toshiba entities "has been rendered impossible" due to COVID-19, but that it did not dismiss them because "it intends to continue its efforts to serve" them. *Id*. at 2.

## ARGUMENT

This Court should deny Plaintiff additional time for service.  Rule 4(m) requires a two-step analysis in deciding whether to extend the prescribed time for service of a complaint.  *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).  First, the plaintiff must make a showing of good cause for the defective or delayed service.  If it makes such a showing, the court must extend the service deadline.  *Id*.  If Plaintiff fails to show good cause for not completing service within the prescribed period, the court then assesses whether to exercise its discretion to dismiss the unserved defendants without prejudice or to extend the time to complete service.  *Id*.; *see also Bronstein v. U.S. Customs & Border Prot*., No. 15-CV-02399-JST, 2016 U.S. Dist. LEXIS 28998, at *19 (N.D. Cal. Mar. 7, 2016) (Tigar, J.) (stating that "[i]f a plaintiff fails to show good cause for why service was not made, a court should dismiss the defendant without prejudice"); *accord Townsel v. Contra Costa Cty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987) (dismissal without prejudice is not an abuse of discretion where plaintiff did not show good cause).

Here, Plaintiff does not even make an effort to show that good cause exists for additional time for service of its complaint.  Plaintiff provides no explanation for its inability to complete service over the previous two years, and fails to show the requisite diligence in attempting to complete service necessary to justify a further extension of time.  Accordingly, this Court should exercise its discretion to dismiss the remaining unserved defendants without prejudice.

I.   **Puerto Rico Has Failed to Establish Good Cause For Its Failure To Complete Service On All Unserved Defendants**

Courts must determine on a fact-specific, case-by-case basis whether the serving party has shown good cause.  *In re Sheehan*, 253 F.3d at 512.  Generally, good cause is equated with diligence.  *Dutchover v. Moapa Band of Paiute Indians*, No. 2:19-cv-01905-KJD-BNW, 2020 U.S. Dist. LEXIS 94690, at *3 (D. Nev. May 28, 2020) (citing *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 318, 320 (9th Cir. 1987)); *see also* 4B Wright & Miller, Fed. Prac. & Proc. Civ. § 1137 (4th ed.) (enumerating factors in the "good cause" inquiry, including whether "the plaintiff

1   has acted diligently in trying to effect service or there are understandable mitigating

2   circumstances").  "[A]t a minimum, good cause means excusable neglect."  *In re Sheehan*, 253

3   F.3d at 512 (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

4        Throughout this matter, Plaintiff has not shown that "reasonable and diligent efforts have

5   been expended to effect service" on the unserved defendants.  *White v. Cinemark USA, Inc.*, No.

6   CIV.S-04-397 GEB KJM, 2004 WL 3743135, at *1 (E.D. Cal. July 2, 2004) (extension was not

7   warranted where plaintiff's counsel failed to provide "a sufficient explanation for Plaintiff's

8   failure to effect service").  This Court has recognized as much in denying Plaintiff's Rule 4(f)(3)

9   motion, finding that the "preponderance of the delay" in this matter is of Plaintiff's own making

10  (ECF No. 5860 at 5), and should do so again here.

11       In its response, Plaintiff merely blames the pandemic.  ECF No. 5888 at 2.  To be sure,

12  the pandemic has disrupted daily life, but it has not precluded service.  Further, that rationale is

13  insufficient because Plaintiff did not explain why it failed to complete service on these domestic

14  entities in the fifteen months before the pandemic or show sufficient diligence in attempting to

15  complete service in the extra time it has been afforded.  *See Nagy v. United Schutzhund Clubs of*

16  *Am.*, No. 19-cv-08459-MMC, 2020 U.S. Dist. LEXIS 153574, at *5 (N.D. Cal. Aug. 24, 2020)

17  (refusing to find good cause because service could have been completed before COVID shut

18  down the unserved defendant's office); *Dutchover v. Moapa Band of Paiute Indians*, No. 2:19-

19  cv-01905-KJD-BNW, 2020 U.S. Dist. LEXIS 94690, at *3 (D. Nev. May 28, 2020) (finding that

20  complications arising from COVID-19 do not establish "good cause to extend the time for

21  service" where the plaintiff "has not been diligent").

22       In its January 22, 2021 response, Plaintiff identified only two attempts to serve Toshiba

23  America, Inc. and Toshiba America Information Systems, Inc., on August 21 and October 27,

24  2020.  ECF No. 5888, Exs. A-D.  (Plaintiff makes no showing that it ever attempted to serve

25  Toshiba America Consumer Products, LLC.)  Only one of those attempts actually occurred

26  during the extended service period afforded by the Court's October 26, 2020 show cause order.

27  ECF No. 5860 at 5-6 (setting February 3, 2021 as the deadline to complete service).  Plaintiff

28

DEFENDANTS' OPPOSITION TO GOVERNMENT OF PUERTO RICO'S          CASE NO.: 4:07-CV-05944-JST
RESPONSE TO SHOW CAUSE ORDER

also makes no showing that it took any other steps to complete service beyond blindly relying on its process server. *Brandon H. by & Through Richard H. v. Kennewick Sch. Dist. No. 17*, No. 96-35789, 1998 U.S. App. LEXIS 573, at *4-5 (9th Cir. Jan. 12, 1998) (noting that "blind-faith reliance upon the representations of private process servers is inappropriate and does not constitute good cause" and "'it is trial counsel's responsibility to monitor the activity of the process server and to take reasonable steps to assure that a defendant is timely served'") (quoting *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987)).  Plaintiff then declares service on the unserved Toshiba entities "impossible," while still seeking an open-ended extension of time to continue its attempts.  ECF No. 5888 at 2 ("Plaintiff intends to continue its efforts to serve those domestic defendants. . . .").  Plaintiff's meager efforts to complete service do not rise to the level of good cause, and its vague, open-ended request for additional time do not merit an extension. *Dutchover*, 2020 U.S. Dist. LEXIS 94690, at *3-4.

## II.     The Court Should Not Exercise Its Discretion To Further Enlarge Service Time

Although a court may exercise its discretion to extend the deadline for service in certain circumstances even in the absence of good cause, its discretion is not "limitless." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (reversing district court's discretionary extension of time for service). Such discretionary extensions may be justified if the party seeking an extension shows excusable neglect, or if the balance of prejudices weighs in favor of extension. *See Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (finding discretionary extension appropriate where plaintiffs' counsel had been hospitalized and so was not aware service had not been completed).

Plaintiff has not shown any basis for yet another extension.  Its failure to complete service is not attributable to any evasion or misleading conduct by defendants.  Rather, Plaintiff's failure to complete timely service is entirely attributable to its own years-long lack of diligence.

Further, Defendants would be prejudiced by a further extension of the service deadline. Plaintiff asserted its unjust enrichment claim at the tail end of a long-running MDL, alleging claims that go back nearly thirty-years. *See Puerto Rico*, No. 3:19-cv-01246-ADC (D.P.R. Mar.

DEFENDANTS' OPPOSITION TO GOVERNMENT OF PUERTO RICO'S
RESPONSE TO SHOW CAUSE ORDER

CASE NO.: 4:07-CV-05944-JST

1     19, 2019), ECF Nos. 1-3.  Plaintiff's vague, open-ended request for additional time to complete

2     service would force Defendants to bear the cost and uncertainty of litigation even longer.

3     Indeed, "to grant Plaintiff[] an extension of time for service would defeat Rule 4(m)'s purpose of

4     'forc[ing] parties and their attorneys to be diligent in prosecuting their causes of action,' and

5     would reward dilatory conduct."  *Crowley v. Factor 5, Inc.*, No. C 11-05528 SBA, 2014 U.S.

6     Dist. LEXIS 63332, at *14-16 (N.D. Cal. May 5, 2014) (citing *Wei v. Hawaii*, 763 F.2d 370, 372

7     (9th Cir. 1985)); *see also Patrick Collins, Inc. v. Does 1-3757*, No. C 10-05886 LB, 2011 U.S.

8     Dist. LEXIS 128029, at *7 (N.D. Cal. Nov. 4, 2011) (denying application to extend time and

9     dismissing complaint without prejudice because "the plaintiffs in these cases appear content to

10    force settlements without incurring any of the burdens involved in proving their cases").

11         For these reasons, the Court should exercise its discretion to dismiss the remaining

12    unserved defendants.  Doing so will allow for the case to move forward and for a schedule to be

13    set whereby the undersigned Defendants then answer or otherwise respond to Plaintiff's

14    complaint within sixty (60) days, consistent with the parties' stipulation and order of the

15    transferor court.  Order, No. 4:20-cv-05606-JST (N.D. Cal. Apr. 1, 2019), ECF No. 18; ECF No.

16    5819.

17                      *        *        *

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OPPOSITION TO GOVERNMENT OF PUERTO RICO'S       CASE NO.: 4:07-cv-05944-JST
RESPONSE TO SHOW CAUSE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>CONCLUSION</u>**

For all the foregoing reasons, Defendants respectfully request that the Court: (1) find that Plaintiff has not shown good cause for failure to timely effect service; and (2) exercise its discretion to dismiss all unserved defendants, including Toshiba America, Inc., Toshiba America Information Systems, Inc., and Toshiba America Consumer Products, LLC.


Dated: February 10, 2021                    Respectfully submitted,


                                            /s/ Erik. T. Koons
                                            BAKER BOTTS LLP
                                            JOHN M. TALADAY
                                            ERIK T. KOONS
                                            700 K Street, N.W.
                                            Washington, D.C. 20001
                                            202.639.7700
                                            202.639.7890 (fax)
                                            Email: john.taladay@bakerbotts.com
                                                   erik.koons@bakerbotts.com

                                            *Attorneys for Philips North America LLC*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/* Jeffrey L. Kessler
WINSTON & STRAWN LLP
JEFFREY L. KESSLER
jkessler@winston.com
EVA W. COLE
ewcole@winston.com
200 Park Avenue
New York, NY 10166
Telephone:     (212) 294-6700
Facsimile:     (212) 294-4700

KEVIN B. GOLDSTEIN
kbgoldstein@winston.com
35 W. Wacker Drive
Chicago, IL 60622
Telephone:     (312) 558-5600
Facsimile:     (312) 558-5700

WEIL, GOTSHAL & MANGES LLP
DAVID L. YOHAI
david.yohai@weil.com
ADAM C. HEMLOCK
adam.hemlock@weil.com
DAVID YOLKUT
david.yolkut@weil.com
767 Fifth Avenue
New York, NY 10153-0119
Telephone:     (212) 310-8000
Facsimile:     (212) 310-8007

*Attorneys for Defendant Panasonic Corporation of North America*

DEFENDANTS' OPPOSITION TO GOVERNMENT OF PUERTO RICO'S RESPONSE TO SHOW CAUSE ORDER

CASE NO.: 4:07-cv-05944-JST

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/* Eliot A. Adelson
MORRISON & FOERSTER LLP
ELIOT A. ADELSON
Email: eadelson@mofo.com
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

KIRKLAND & ELLIS LLP
JAMES H. MUTCHNIK (pro hac vice)
Email: james.mutchnik@kirkland.com
300 North LaSalle Street
Chicago, IL  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Defendant Hitachi America, Ltd.*

DEFENDANTS' OPPOSITION TO GOVERNMENT OF PUERTO RICO'S
RESPONSE TO SHOW CAUSE ORDER

CASE NO.: 4:07-cv-05944-JST

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ Nathan P. Eimer
EIMER STAHL LLP
NATHAN P. EIMER (pro hac vice)
neimer@eimerstahl.com
VANESSA G. JACOBSEN (pro hac vice)
vjacobsen@eimerstahl.com
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Telephone: (312) 660-7600
Facsimile: (312) 692-1718

BRIAN Y. CHANG (SBN 287757)
bchang@eimerstahl.com
99 South Almaden Boulevard, Suite 662
San Jose, CA 95113
Telephone: (669) 231-8755

*Attorneys for Defendant LG Electronics USA, Inc.*

DEFENDANTS' OPPOSITION TO GOVERNMENT OF PUERTO RICO'S
RESPONSE TO SHOW CAUSE ORDER

CASE NO.: 4:07-cv-05944-JST