Guido Saveri (22349)
   *guido@saveri.com*
R. Alexander Saveri (173102)
   *rick@saveri.com*
Geoffrey C. Rushing (126910)
   *grushing@saveri.com*
Cadio Zirpoli (179108)
   *cadio@saveri.com*
Matthew D. Heaphy (227224)
   *mheaphy@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

[Additional Filing Parties and Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **JOINT CASE MANAGEMENT STATEMENT PURSUANT TO CIVIL L.R. 16-10(d)** |
| *ALL DIRECT PURCHASER ACTIONS* *ALL INDIRECT PURCHASER ACTIONS* | Date:        April 19, 2021 Time:       2:00 p.m. Judge:     Honorable Jon S. Tigar Courtroom:  Courtroom 6 – 2nd Floor |

Pursuant to Civil Local Rule 16-10(d), Direct Purchaser Plaintiffs ("DPPs"), Indirect Purchaser Plaintiffs ("IPPs") (together, "Plaintiffs"), and Defendants Irico Group Corporation and Irico Display Devices Co., Ltd. (the "Irico Defendants" or "Irico")), by and through the undersigned counsel, hereby submit this Joint Case Management Statement:

**Plaintiffs' Statement**

**I.      INTRODUCTION**

Plaintiffs' Statement addresses developments since the Case Management Conference ("CMC") on January 12, 2021.

**II.     PRETRIAL AND TRIAL SCHEDULE**

At the CMC on January 12, 2021, the parties and the Court discussed scheduling at some length. IPPs, DPPs and the Irico Defendants had each submitted a proposed schedule through trial. After argument, the Court proposed a one-year discovery period which all parties agreed was appropriate. The Court directed the parties to continue to meet and confer as to the schedule, and, to the extent they could not agree, submit competing schedules with briefing by January 22, 2021. On that day, the parties submitted competing proposed schedules to the Court, along with briefs in support thereof. *See* ECF Nos. 5889 (DPPs), 5890 (Irico), 5891 (IPPs). Because IPPs already have a certified class against Irico, IPPs and DPPs submitted separate schedules proposing separate trials five months apart. *See* ECF Nos. 5889, 5891. In contrast, Irico proposes a joint schedule that would require IPPs to sit on the sidelines for approximately six months (at least) while Irico and the DPPs litigate class certification. *See* ECF No. 5890-1.

In addition, Irico's proposal that it should have until November 16, 2021 to "substantially complete" its document production (*id.*) is unworkable given the January 12, 2022 discovery cutoff ordered by the Court. *See* ECF No. 5907. Irico's schedule would leave Plaintiffs less than two months to review and translate Irico's potentially voluminous Chinese-language document production, and then to schedule and take depositions of Irico witnesses. Moreover, Plaintiffs would be forced to complete this demanding work during the Holiday period. IPPs' proposal that document discovery be completed by August 31, 2021 is reasonable and allows sufficient time (four and a half months)

for Plaintiffs to complete the work necessary to review Irico's production and take depositions before the discovery cut-off.

While Irico claims that it is working expeditiously to search for and produce responsive documents, it has yet to produce a single page despite six months having passed since it voluntarily dismissed its appeals. Irico's description of their production efforts fails to mention exactly what resources they are devoting to this effort. It also indicates that they may be conducting an inefficient manual review of hard copy documents, rather than scanning the documents and using one of the multitudes of e-discovery tools now available for efficiently searching electronic documents and identifying responsive information, which would also permit closer involvement by U.S.-based attorneys.

Finally, Irico's claim that IPPs' proposed schedule for expert discovery and pretrial disclosures is "illogical" is belied by the prior scheduling orders entered in this case, under which the parties began expert discovery before the close of fact discovery and began pretrial exchanges during briefing on the dispositive motions. *See* ECF No. 5891 at 3 (citing prior scheduling orders in this case).

The Court has not yet issued a schedule. For the foregoing reasons, and those set forth in Plaintiffs' January 22, 2021 briefs, Plaintiffs respectfully request that the Court enter their schedules.

The parties also submitted competing Proposed Case Management Orders on February 2, 2021. *See* ECF Nos. 5898 (Irico), 5900 (IPPs/DPPs). Additionally, on February 15, 2021, in response to an order of the Court and "[t]o assist the Court in choosing between the parties' proposed schedules for the remainder of the Irico portion of this litigation," ECF No. 5905, IPPs submitted a declaration indicating that they would not file an addendum to the opening report of their expert. ECF No. 5906 ¶ 3. The Court entered its Case Management Order ("CMO"), which adopted Plaintiffs' proposed CMO in full, on February 16, 2021. ECF No. 5907. While the CMO did resolve some issues relating to the schedule, it did not include the schedule itself.

## III.    DISCOVERY

### A.  <u>Status of Irico's Responses to Plaintiffs' Discovery</u>

With one small exception, the Irico Defendants have provided no meaningful responses. As discussed at the previous CMC, the Irico Defendants had not responded to any of the substantive written discovery—e.g., interrogatories, document requests—propounded by Plaintiffs during their absence from the case. After the Irico Defendants dismissed their appeal, and the mandate returned to this Court, in early November 2020, DPPs and IPPs demanded that Irico respond to this discovery. The parties met and conferred and agreed to a deadline of January 19, 2021, later extended to January 26, 2021. On that date, Irico served responses to the outstanding discovery. However, the responses contained no meaningful responsive information. They consisted only of objections and references to previous non-responsive responses to jurisdictional discovery, and indications that they might supplement their responses in the future.

The parties first had a meet and confer regarding Irico's responses relating to its contacts and agreements with its competitors (Interrogatories Nos. 4 and 5 of DPPs' First Set of Interrogatories)—the core liability issues in the case—and identification of employees with pricing authority (Interrogatory No. 2 of the same set). Plaintiffs informed the Irico Defendants that their responses were incomplete given the substantial and uncontradicted evidence in the record of their many contacts with competitors, including, for example, the testimony of their corporate representative that he had attended "many, many meetings" with competitors on behalf of Irico, and the meeting notes of other defendants documenting scores of meetings attended by Irico. Plaintiffs also agreed to narrow the scope of these interrogatories substantially. Despite its previous court-ordered investigations into at least 26 documented competitor meetings,[1] Irico claimed that its investigation into these matters was not complete and that they needed several more months to complete it. They also took the position that they need not include meetings their employees could not remember, even when those meetings are confirmed by other evidence, including the testimony of Irico's Rule 30(b)(6) witness. Plaintiffs informed Irico that they believed this position was contrary to the previous order of the Special Master with regard to a similar discovery dispute with the Mitsubishi

---

[1] Order re DPPs' Mot. for Jurisdictional Disc. (ECF No. 5324) (adopted by the Court on August 20, 2018 (ECF No. 5324 at 9)); Order Granting DPPs' Mot. to Compel Compliance with 8/2/2018 Order re Jurisdictional Disc. (ECF No. 5352) (adopted by the Court on October 16, 2018 (ECF No. 5352 at 12)).

Defendants, and forwarded a copy of Judge Walker's order. Irico notified Plaintiffs that it would not agree to supplement its responses until May 10, 2021.

DPPs brought a motion to compel before Judge Walker, the Special Master appointed to preside over all discovery in this case, ECF No. 2272, requesting an order requiring Irico to provide supplemental responses to these interrogatories setting forth the information within its possession. While the matter was briefed as of March 8, 2021, a hearing could not be held until March 31, 2021. Based on Irico's representations that it would continue to respond to the interrogatories "on a rolling basis" and "commit[ted] to complete supplementation of their responses by May 10, 2021 and to do so in adherence to the procedures established by the undersigned herein in ECF No 4802 ('Mitsubishi Order[']')"[2], Judge Walker set a further hearing for May 13, 2021. Order re DPPs' Mot. to Compel Resps. to Interrog. Nos 4 & 5 at 2 (Mar. 31, 2021) (ECF No. 5919). With the exception of a short supplemental response to Interrogatory No. 2, identifying employees with CRT pricing authority on March 15, 2021, the Irico Defendants have provided no supplemental responses to any discovery as of the date of this statement.

On March 18, 2021, the parties also met and conferred regarding Irico's responses to other previously served discovery requests. Plaintiffs asked for estimates of when good faith substantive responses could be expected. The Irico Defendants were unable to do so.

At a further meet and confer on April 10, 2021, the Irico Defendants indicated that they would not provide any substantive interrogatory responses before May 10, 2021, that they would—as represented to Judge Walker—provide substantive responses to Interrogatories Nos. 4 and 5 on that day, that they might provide additional responses on that day, and that they anticipated providing additional substantive responses within a few weeks thereafter. The Irico Defendants could not provide a date certain by which they would make a first production of documents; they indicated that they might be able to do so in approximately three weeks.

**B.  Status of DPPs' Responses to Irico's Discovery Requests**

---

[2] Order re Direct Purchaser Pls.' Mot. to Compel Mitsubishi Disc. re Meetings with Competitors, Sales, Destruction of Evid. & for Evidentiary Sanctions (Aug. 29, 2016) (ECF No. 4802).

1    The Irico Defendants have asked for, and DPPs have provided, substantial assistance in

2   identifying and locating DPPs' responses to other Defendants' discovery requests. Among other

3   things, DPPs have provided over one hundred of their previous discovery responses and related

4   documents, identified all documents produced, and identified the dates and court reporters of all of

5   the depositions of the DPP class representatives.

6    In addition, on April 10, 2021, DPPs agreed to produce again all of the documents previously

7   produced by the current DPP class representatives.

8    Irico also propounded a set of document requests and interrogatories on DPPs. DPPs are

9   working to timely respond to this discovery.

10   **C.  Status of IPPs' Responses to Irico's Discovery Requests**

11    Pursuant to the Court's CMO, which limited discovery of IPPs to the four new class

12   representatives and non-duplicative contention interrogatories and RFA's, Irico propounded a set of

13   document requests and interrogatories on IPPs' four new class representatives on March 19, 2021.

14   IPPs are working with the four class representatives to timely respond to these discovery requests.

15   **IV.   STATEMENT REGARDING ALTERNATIVE DISPUTE RESOLUTION**

16    Pursuant to Local Rule 16-10(d), requiring that subsequent case management statements

17   "must report the parties' views about whether using some form of ADR would be appropriate[,]"

18   Plaintiffs state that they are always willing to consider ADR or mediation.

19   **V.   CONCLUSION**

20    Plaintiffs respectfully request that the Court enter a pretrial schedule for the case against Irico.

21   <u>**Irico Defendants' Statement**</u>

22    Irico has been working diligently to meet its discovery obligations since the last CMC on

23   January 12, 2021.  At that time, the Court ordered a one-year period for fact discovery, to which all

24   parties agreed.  ECF No. 5907.  The parties then submitted competing schedules in which the DPPs

25   and IPPs effectively ignore the Court's guidance that discovery in this matter should reasonably

26   take one year.  *Compare* Irico Scheduling Proposal, ECF No. 5890, at 5-8, *with* [DPPs] Brief in

27   Support of Proposed Schedule, ECF No. 5889, at 6-8, *and* [IPPs] Brief in Support of Proposed

28   Pretrial Schedule, ECF No. 5891, at 5-8.  The Court has not yet ruled on the case schedule.

Specifically, despite the Court-ordered one-year discovery period, DPPs continue to push for unrealistic discovery deadlines, including an unrealistic cutoff *on this hearing date* for Irico to produce any documents that it intends to rely on for a class certification opposition that would not be due for at least another four months even under DPPs' accelerated schedule.  ECF No. 5889 at 6.  Likewise, IPPs propose that both fact *and expert* discovery be completed within one year, which clearly is not feasible, and request that the Court enter an unrealistic August deadline for the close of document discovery.  ECF No. 5891 at 5.

Irico respectfully requests that the Court enter Irico's proposed schedule and will be prepared at the upcoming CMC to address any issues related to scheduling concerns raised by the Court.

**A.     Discovery**

1.     Irico's Efforts to Respond to Plaintiffs' Discovery

Irico has been diligently carrying out its discovery obligations.  As noted above, Irico served initial responses on January 26, 2021 to the 99 discovery requests propounded by Plaintiffs. Irico also met and conferred with Plaintiffs in February and agreed to focus on selected specifications that Plaintiffs prioritized.  Irico is continuing its investigation, including conducting searches for potentially responsive documents and interviewing employees to gather relevant information related to discovery requests.  As Irico has previously advised both Plaintiffs and the Court, the circumstances are particularly challenging given the large volume of hard-copy Chinese-language documents stored in Irico's archives in China that all need to be reviewed for responsiveness, amidst the ongoing global pandemic that, among other things, prevents Irico's counsel from traveling to China to assist with the discovery process.

Despite these challenges, Irico continues to make progress.  It has provided initial responses to 99 discovery requests from DPPs and IPPs, begun substantive supplementation of interrogatory responses, and plans to make the first of a series of rolling productions of documents in the coming weeks.  Irico responded substantively and quickly to one of DPPs' three priority interrogatories regarding individuals with pricing authority and, contrary to Plaintiffs' assertions above,

1  committed to Plaintiffs to provide rolling supplementation of its responses to DPPs' other two

2  priority Interrogatories over the coming weeks (prior to May 10).

3  Irico has been required to spend considerable time (that could better have been devoted to

4  ongoing discovery efforts) responding to a premature motion to compel brought by DPPs, in

5  response to which Judge Walker noted Irico's efforts to date and allowed Irico to continue its

6  investigation and serve supplemental responses on its proposed schedule. *See* Notice of Entry of

7  Order by Special Master at 5, ECF No. 5919. In that context, contrary to Plaintiffs' assertion, Irico

8  never "took the position that [it] need not" include its own witness testimony in these discovery

9  responses, but rather explained that it needed time to conduct the necessary investigation of these

10 complex issues. At the March 31 hearing, Judge Walker indicated that Irico's proposed May 10

11 date for supplementing its response to these interrogatories was reasonable given the scope of

12 investigation required, and "directed the parties to continue this process." *Id.* Irico and Plaintiffs

13 held a constructive meet and confer on April 9, 2021, during which Irico committed to produce

14 responses to additional priority discovery requests that DPPs recently identified by specific dates in

15 May.

16              2.      Irico's Discovery Requests to DPPs and IPPs

17 On March 19, 2021, Irico served requests on 1) DPPs seeking discovery on responses to

18 claims submitted in the DPP action, and 2) IPPs for discovery related to their four newly named

19 class representatives. Responses to those requests are due on April 19, 2021.

20 In order to meet its good faith obligation to avoid duplicative discovery, Irico has met and

21 conferred with DPPs regarding prior discovery requests and responses in this action, following

22 which DPPs provided some previous discovery responses that Irico had never been served. DPPs

23 also provided Irico with over 100 discovery responses from the Mitsubishi action that had not been

24 previously served on Irico. Irico continues to evaluate those responses and work with DPPs to

25 understand the full record of prior responses, document productions and unresolved discovery

26 disputes. Irico anticipates that it may file some additional discovery requests as needed to update

27 prior discovery but continues to work collaboratively with DPPs to avoid unnecessary discovery.

28

1  Irico continues to evaluate other necessary discovery and also intends to serve contention

2  interrogatories and requests for admission at a later date.

3  **B.     Scheduling**

4  Irico continues to believe that its proposed schedule, ECF No. 5890, offers an ambitious

5  and expeditious path to trial, with interim deadlines for discovery, class certification, and merits

6  expert disclosures. This proposal endeavors to accomplish in a highly compressed time frame what

7  took several years for other defendants in this litigation to complete. DPPs' and IPPs' separate

8  proposed schedules remain unrealistic as to both the timing and overall process for how this case

9  should proceed.  The separate paths for the DPP and IPP cases that they outline remain highly

10  inefficient.

11  DPPs' schedule for completing relevant discovery and starting class certification is

12  unrealistic.  For example, DPPs' proposed date for Irico to "pre-disclose" any evidence it intends to

13  rely on in opposition to DPPs' not-yet-filed class certification motion is April 19, 2021 – i.e., the

14  very day of this CMC.  As discussed above, Irico has been and continues to diligently search for

15  and collect potentially responsive documents and information through a time- and labor-intensive

16  investigation involving searches of voluminous hard-copy archives and to reach out to a large

17  number of former employees who once had roles in Irico's now-defunct CRT business.  Several

18  months into merits discovery, it is now even more obvious that Plaintiffs' proposals are unrealistic.

19  While Irico is expeditiously searching for and collecting potentially responsive documents

20  covering the alleged thirteen-year class period from its extensive hard copy archives, this is an

21  unavoidably slow process because Irico's archive documents are generally sorted chronologically

22  rather than by topic or subject matter, requiring a document-by-document process to identify,

23  collect, scan, and review documents for responsiveness.  Requiring this type of premature

24  disclosure when Irico has not yet had a reasonable opportunity to substantially complete its

25  document search and production is clearly prejudicial.  Similarly, DPPs' suggestion that the parties

26  will be in position to begin class certification briefing in June – just two months from now – is

27  impractical.  Irico's proposed schedule offers a reasonable, yet still aggressive, alternative with

28  class certification briefing beginning in October 2021.

1    For its part, IPPs' schedule remains fundamentally flawed as a result of its illogical

2    proposals to conduct merits expert disclosures months *before* the close of fact discovery and to

3    identify trial exhibits, witnesses, and designations *before* issue-limiting dispositive motions can be

4    decided.  These disordered deadlines run contrary to the Court's determination that one year is

5    necessary for fact discovery in this matter and efficient litigation precedent as described in Irico's

6    supporting brief, ECF No. 5890 at 3-4, and all but ensure that the schedule will need to be amended

7    repeatedly to allow for additional time to complete document productions, supplement expert

8    reports, and account for the Court's future dispositive motion rulings. IPPs' insistence that

9    document productions be not just substantially but *fully* complete in just over four months (by

10   August 31) ignores the Court's ruling that fact discovery will take a year in this matter.  Moreover,

11   it is simply not feasible given the previously discussed logistical challenges that Irico faces, nor is

12   it reasonable given that other Defendants required years to complete the same process while able to

13   work under normal conditions not impacted by a global pandemic.  IPPs' accelerated discovery and

14   trial schedule would also force Irico to defend itself simultaneously on multiple fronts.  For

15   example, under Plaintiffs' inefficient "split" schedules, Irico would be in trial against the IPPs

16   while at the same time addressing dispositive motions in the DPP case – a clear effort to stretch and

17   distract Irico's defense resources.

18   Irico's scheduling proposal strikes the right balance by utilizing the one year ordered by the

19   Court for fact discovery, with substantially complete document productions by mid-November to

20   allow two months for all parties to review and finalize any remaining fact discovery.  It also

21   follows a logically phased approach by placing merits expert exchanges after the parties have

22   produced documents and information on which those experts will need to rely, and maximizes

23   efficiency with the parties' pretrial disclosures by taking advantage of any narrowing of issues

24   from the Court's dispositive motion rulings.

25   **C.      Settlement and ADR**

26   Irico is willing to consider options for mediation with Plaintiffs.

27   ///

28   ///

| | |
|---|---|
| 1 | Dated: April 12, 2021 | Respectfully submitted, |
| 2 | | */s/ R. Alexander Saveri* |
| 3 | | Guido Saveri (22349)<br>R. Alexander Saveri (173102)<br>Geoffrey C. Rushing (126910) |
| 4 | | Cadio Zirpoli (179108)<br>Matthew D. Heaphy (227224) |
| 5 | | SAVERI & SAVERI, INC.<br>706 Sansome Street |
| 6 | | San Francisco, CA 94111<br>Telephone: (415) 217-6810 |
| 7 | | Facsimile: (415) 217-6813 |
| 8 | | *Lead Counsel for Direct Purchaser Plaintiffs* |
| 9 | | |
| 10 | Dated: April 12, 2021 | */s/ Mario N. Alioto* |
| 11 | | Mario N. Alioto (56433)<br>Joseph M. Patane (72202) |
| 12 | | Lauren C. Capurro (241151)<br>TRUMP, ALIOTO, TRUMP & PRESCOTT<br>LLP |
| 13 | | 2280 Union Street |
| 14 | | San Francisco, CA 94123<br>Telephone: 415-563-7200 |
| 15 | | Facsimile: 415- 346-0679<br>Email: malioto@tatp.com |
| 16 | | jpatane@tatp.com<br>laurenrussell@tatp.com |
| 17 | | *Lead Counsel for the* |
| 18 | | *Indirect Purchaser Plaintiffs* |
| 19 | | |
| 20 | Dated: April 12, 2021 | */s/ John M. Taladay* |
| 21 | | BAKER BOTTS L.L.P.<br>John M. Taladay<br>Thomas E. Carter |
| 22 | | Andrew L. Lucarelli<br>700 K Street, N.W. |
| 23 | | Washington, D.C. 20001<br>202.639.7700 |
| 24 | | 202.639.7890 (fax)<br>Email: john.taladay@bakerbotts.com |
| 25 | | tom.carter@bakerbotts.com<br>drew.lucarelli@bakerbotts.com |
| 26 | | Jonathan Shapiro |
| 27 | | 101 California Street, Suite 3600<br>San Francisco, CA 94111 |
| 28 | | 415.291.6200<br>415.291.6300 (fax) |

Email: jonathan.shapiro@bakerbotts.com

*Attorneys for Defendants Irico Group Corp.*
*and Irico Display Devices Co., Ltd.*

JOINT CASE MANAGEMENT STATEMENT; Master File No. 07-CV-5944-JST

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTESTATION

I, Andrew L. Lucarelli, hereby attest, pursuant to United States District Court, Northern District of California Civil Local Rule 5-1(i)(3), that concurrence in the filing of this document has been obtained from the other Signatory hereto.

By:    */s/ Andrew L. Lucarelli*
          Andrew L. Lucarelli