1
2  *(Stipulating Parties Appear on Signature Page)*
3
4
5
6
7
8                           **UNITED STATES DISTRICT COURT**
9                           **NORTHERN DISTRICT OF CALIFORNIA**
10                                    **OAKLAND DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: *ALL INDIRECT PURCHASER ACTIONS* | **STIPULATION AND [PROPOSED] ORDER SUBSTITUTING NAMED PLAINTIFF FOR NEW MEXICO** |
| | Judge:      Honorable Jon S. Tigar<br>Courtroom:  Courtroom 6 – 2nd Floor |

IT IS HEREBY STIPULATED, pursuant to the Federal Rules of Civil Procedure, Rule 15 (a)(2) and Civil L.R. 7-1(a)(5) and 7-12, by and between the undersigned parties hereto, through their respective attorneys of record, that Indirect Purchaser Plaintiffs ("IPPs") may amend the Fifth Consolidated Amended Complaint, ECF No. 5589 (the "Fifth CAC") to substitute Marylou Hillberg, in her capacity as the Personal Representative for the Estate of William Craig Stephenson, for Mary Ann Stephenson as the named plaintiff for the State of New Mexico.

IT IS FURTHER STIPULATED that the name "Mary Ann Stephenson" on page 1 and in Paragraph 270 of the Fifth CAC is hereby removed and substituted with the name: "Marylou Hillberg as the Personal Representative for the Estate of William Craig Stephenson."

IT IS FURTHER STIPULATED that Paragraph 38 of the Fifth CAC is hereby amended to read as follows:

> Plaintiff Marylou Hillberg is the Personal Representative of the Estate of William Craig Stephenson. During the relevant period, William Craig Stephenson was a resident of New Mexico and indirectly purchased CRT Products from one or more of the Defendants or their co-conspirators and was injured by reason of the antitrust violations alleged in this Complaint.

IT IS FURTHER STIPULATED that the undersigned defendants, Irico Group Corporation and Irico Display Devices Co., Ltd. (together "Irico"), shall not be required to amend their answers to the Fifth CAC, and that all denials, responses and affirmative defenses contained in their answers to the Fifth CAC shall still be responsive.

IT IS FURTHER STIPULATED that Irico shall not be deemed to have waived any defenses by entering into this stipulation, and reserves all rights to challenge Ms. Hillberg's status as an adequate representative of the New Mexico class.

The undersigned parties jointly and respectfully request that the Court enter this stipulation as an order.

1    PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: April 26, 2021

_____
Hon. Jon S. Tigar

Dated: April 23, 2021

*/s/ Mario N. Alioto*
Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the
Indirect Purchaser Plaintiffs*

Dated: April 23, 2021

*/s/ John Taladay*
BAKER BOTTS L.L.P.
John M. Taladay
Thomas E. Carter
Andrew L. Lucarelli
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
        tom.carter@bakerbotts.com
        drew.lucarelli@bakerbotts.com

Jonathan Shapiro
101 California Street, Suite 3600
San Francisco, CA 94111
415.291.6200
415.291.6300 (fax)
Email: jonathan.shapiro@bakerbotts.com

*Attorneys for Defendants Irico Group Corp.
and Irico Display Devices Co., Ltd.*