```
                                            Pages 1 - 9

                   UNITED STATES DISTRICT COURT

                 NORTHERN DISTRICT OF CALIFORNIA

            BEFORE THE HONORABLE JON S. TIGAR, JUDGE

IN RE CATHODE RAY TUBE (CRT)      )  NO. 07-cv-05944-JST
ANTITRUST LITIGATION.             )  MDL NO. 1917

                                     Oakland, California
                                     Thursday, October 22, 2020
```

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:   (By Zoom Videoconference)

```
For Plaintiff Government of Puerto Rico:
              GIRARDI AND KEESE
              1126 Wilshire Boulevard
              Los Angeles, California  90017
         BY:  JOHN A. GIRARDI, ESQ.

              BECKER VISSEPO PSC
              Post Office Box 9023914
              San Juan, Puerto Rico  00902
         BY:  JANE BECKER WHITAKER, ESQ.

              SHINDLER ANDERSON
                GOPLERUD & WEESE, P.C.
              5015 Grand Ridge Drive
              Suite 100
              West Des Moines, Iowa  50265
         BY:  J. BARTON GOPLERUD, ESQ.

For Philips North America LLC:
              BAKER BOTTS, LLP
              1001 Page Mill Road
              Suite 200
              Palo Alto, California  94304
         BY:  ERIK T. KOONS, ESQ.
              JOHN M. TALADY, ESQ.

Reported By:  BELLE BALL, CSR 8785, CRR, RDR
              Official Reporter, U.S. District Court

     (Appearances continued, next page)
```

**APPEARANCES, CONTINUED**:

For Defendant LG Electronics USA, Inc.:
                 EIMER STAHL LLP
                 224 South Michigan Avenue
                 Suite 1100
                 Chicago, Illinois  60604
        **BY:**  **NATHAN P. EIMER, ESQ.**

For Panasonic Corporation of North America:
                 WINSTON & STRAWN LLP
                 35 West Wacker Drive
                 Chicago, Illinois  60601-9703
        **BY:**  **KEVIN B. GOLDSTEIN, ESQ.**

                 WEIL, GOTSHAL & MANGES LLP
                 7y67 Fifth Avenue
                 New York, New York  10153-0119
        **BY:**  **DAVID E. YOLKUT, ESQ**.

```
 1  Thursday - October 22, 2020                              1.m.
 2                      P R O C E E D I N G S
 3           THE CLERK:  Now calling Civil Matter 07-5944, MDL
 4   No. 1917, In Re Cathode Ray Tube Antitrust Litigation.
 5      If counsel could please state their appearances for the
 6   record, starting with the counsel for plaintiffs.
 7           MS. BECKER WHITAKER:  Good afternoon.  It's Jane
 8   Becker Whitaker in representation of plaintiff the government
 9   of Puerto Rico.
10           THE COURT:  Hello, Ms. Becker.
11           MR. GOPLERUD:  Good afternoon, Your Honor.  Bart
12   Goplerud, also for plaintiff.
13           THE COURT:  Good afternoon.
14           MR. GIRARDI:  And good afternoon, Your Honor.  John
15   Girardi, also for the plaintiff the government of Puerto Rico.
16           THE COURT:  Other counsel?
17           MR. KOONS:  Moving on to the defendants, Your Honor?
18           THE COURT:  Sure.
19           MR. KOONS:  Okay.  Erik Koons from Baker Botts, along
20   with my partner John Talady, for Philips North America LLC.
21           MR. TALADY:  Good afternoon, Your Honor.
22           MR. EIMER:  Good afternoon, Your Honor.  Nathan Eimer
23   of Eimer Stahl LLP, on behalf of LG Electronics USA.
24           MR. GOLDSTEIN:  Good afternoon, Your Honor.  Kevin
25   Goldstein of Winston & Strawn on behalf of Panasonic
```

1   Corporation of North America.
2          **MR.YOLKUT:** Good afternoon, Your Honor.  David Yolkut
3   of Weil, Gotshal and Manges, also on behalf of defendant
4   Panasonic Corporation of North America.
5          **THE COURT:** All right.  Welcome, ladies and
6   gentlemen.
7       So I'm going to say a word about the motion for
8   alternative service in just a second.  Before I did that, is
9   there anything that anybody is hoping to accomplish at today's
10  case-management conference, or anything that wasn't contained
11  in the case management statement that I should be aware of?
12      (No response)
13         **THE COURT:** Okay.  I'll take that as a no.  So I'm
14  going to deny that motion.  And that order will go out in
15  writing today or tomorrow, I hope.
16      I have it open on my screen now which -- this gives me
17  some optimism.  And I'll set forth the reasons for the denial
18  in the motion.
19      The defendants' opposition to the motion requested that
20  the Court simply dismiss the unserved defendants under Rule
21  4(m).  And that is not going to happen.  And that is for two
22  reasons.
23      Number one, you can't use an opposition to a motion to
24  request affirmative relief.  And for that reason, alone, I
25  would deny the request.

1       But the second is that the case-management conference that
2  everyone's familiar with where I had this discussion with
3  Ms. Becker about Rule 4(m) was just that.  It was a discussion
4  with her about my recognizing that she was going to have a
5  problem, and just seeing what thoughts she had about that
6  problem.
7       Rule 4(m) requires that I issue an order to show cause,
8  and put an entity on notice, put a party, a plaintiff or a
9  cross-claimant, on notice that they have a problem under Rule
10 4(m) and that they're required to show good cause.  I think if
11 a court hasn't done that, it's inappropriate for the Court to
12 take any action under that rule.  So that's what the ruling is
13 going to be.
14      But I am -- but I do want to set a deadline for the
15 showing of good cause.  And Ms. Becker, I just want to ask you
16 what you think a fair deadline is.  And then after that, I'll
17 get input from anybody else who wants to weigh in.
18      I do think I need to set a deadline, because the parties
19 have stipulated that nothing's going to happen in the case
20 until everybody's been served, and I need that to happen.
21      So Ms. Becker, what amount of time do you think is fair
22 for the Court to set as a deadline?
23          **MS. BECKER WHITAKER:**  And I'm trying to be clear,
24 because I can't hear you all that well, Your Honor.
25      The deadline will be for a motion to show cause?

1    **THE COURT:** Well, what I'm going to do is I'm going
2 to issue an order to show cause under Rule 4(m). It will
3 require that you show cause by a certain date, as to why any
4 unserved defendants won't be dismissed.
5    And you might be able to show good cause. The setting of
6 that deadline does not mean that any unserved defendants, by
7 definition, would be dismissed. But I do bear in mind the case
8 has been pending for a long time. And you would have a burden
9 that reflected that.
10    But, that's the idea. There would be a deadline, and you
11 would either succeed in showing good cause, or you would have
12 served the defendant, or the defendant -- that defendant would
13 be dismissed. That's the idea.
14    **MS. BECKER WHITAKER:** Okay. So I'm thinking 60 days,
15 Your Honor.
16    **THE COURT:** All right. I'll give you 90. You
17 succeeded in bidding way lower than I thought you were. And I
18 don't want to penalize you for that.
19    This is a big case. It's been pending a long time. These
20 entities are foreign entities. And I want to be confident that
21 if I do dismiss a defendant, I've given you a fair opportunity
22 to cure the problem.
23    So we'll set that deadline at 90 days. And that order to
24 show cause will be contained in that order that I issue,
25 denying the motion for alternative service. So that'll just

1  all be in one document.
2      October, November, December -- January 22nd is a Friday.
3  That'll be the day I pick.  And as I said, that order should
4  issue very shortly.
5      I'm going to go ahead and set another case-management
6  conference, just to keep the case on calendar.  I don't like to
7  have cases just floating out there in the ether.  I'll go ahead
8  and just -- I guess I need to set a hearing date on the order
9  to show cause, maybe a couple of weeks after that January --
10 well, except Ms. Becker needs an opportunity to brief the
11 issue.
12     So -- gosh.  You add up those motion times or
13 opportunities to brief things, and the calendar really pushes
14 itself back.  So if we make that January 22nd the deadline, and
15 then a written opposition to the order to show cause would be
16 due -- make that February 3rd, about a week and a half later.
17 And maybe we can have an opposition -- or a response, rather,
18 to the response, if any of the defendants wants to file one.
19     Although, I haven't thought through the question of
20 whether your ox is gored by my order to show cause.  But I
21 suppose I can give you an opportunity to file a brief.  And if
22 I don't feel that you're really in an equitable position to
23 make argument about it, I just won't consider it very
24 carefully.
25     So I'll give you that opportunity by February the 10th.

1    And I'll let Ms. Becker reply, if anything is filed on the
2    10th, by the 17th.  And then we can go ahead and have a hearing
3    on March 3rd at 2:00 p.m.
4        Does that schedule make sense to everybody?  And is it
5    consistent with your calendars?
6            **MR. EIMER:**  Yes, Your Honor.
7            **MR. GOLDSTEIN:**  It does.
8            **MR. YOLKUT:**  That's fine.
9            **THE COURT:**  All right.  Very good.  2:07 p.m.
10        We're just about to wrap it up.  Anything else for the
11    good of the order today?
12            **MR. KOONS:**  Your Honor, just -- I think I understand
13    this, but one point of clarification.  So the order to show
14    cause would apply to both domestic and foreign entities, the
15    deadline?
16            **THE COURT:**  I'm aware there's a distinction in Rule
17    4(m).  And I say this a little cavalierly.  I'm not -- I'm not
18    confident of the precise mechanism by which I will set a
19    deadline for service.  That will have to be contained in my
20    order.  And if it turns out, after I've done a little more
21    looking into it, that I can't do it that way, then I won't.
22    But my goal is to advance the schedule of the case by having a
23    deadline for all defendants to be served.
24        I know, with regard to some of them, that the correct
25    mechanism is to set a rule under Rule 4(m).  The foreign

1  defendants, I'm less confident of that.  And you all addressed
2  this issue in your briefs on the alternative service motion.
3  I'm less confident of that, so I have a little -- I have a
4  little reading to do.
5           **MR. KOONS:**  Thank you, Your Honor.
6           **THE COURT:**  Okay.  Thanks, everyone.
7           **MR. GIRARDI:**  Thank Your Honor.
8           **MS. BECKER WHITAKER:**  Thank you.
9       (Proceedings concluded)

**CERTIFICATE OF REPORTER**

    I, BELLE BALL, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/ Belle Ball

Belle Ball, CSR 8785, CRR, RDR

Friday, April 30, 2021