ALLEN & OVERY LLP
John Roberti (*pro hac vice*)
Andrew Rhys Davies (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399
Email: john.roberti@allenovery.com
       andrewrhys.davies@allenovery.com

*Attorneys for Defendant Samsung SDI America, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.: 4:20-cv-05606-JST <br><br> Master File No.: 4:07-cv-05944-JST <br><br> MDL No. 1917 |
| This document relates to: <br><br> Government of Puerto Rico, et al., <br><br>    Plaintiff, <br><br> v. <br><br> Panasonic Corp. of North America, et al., <br><br>    Defendants. | **SAMSUNG SDI AMERICA, INC.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS** <br><br> Date:    August 19, 2021 <br> Time:    2:00 p.m. <br> Judge:   Hon. Jon S. Tigar <br> Courtroom: 6, 2 Floor |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

NOTICE OF MOTION AND MOTION ................................................................................... 1

PRELIMINARY STATEMENT ................................................................................................ 2

STATEMENT OF FACTS ......................................................................................................... 2

     A.    Plaintiff's History of Dilatory Service and the Court's Order Setting March 3, 2021 as the Deadline to Complete Service ................................................ 2

     B.    Plaintiff's Insufficient Service of Process on Samsung SDI America, Inc. ............. 4

ARGUMENT ............................................................................................................................... 5

    DISMISSAL IS REQUIRED BECAUSE PLAINTIFF HAS NOT VALIDLY SERVED SAMSUNG SDI AMERICA, INC. WITH PROCESS .......................................... 5

     A.    Plaintiff Has Not Validly Served Defendant Samsung SDI America, Inc. Under California Law ................................................................................................ 6

          1.    The alleged service is invalid under California law because Plaintiff failed to exercise reasonable diligence to effect direct service before resorting to substituted service ............................................ 7

          2.    The alleged service is also invalid under California law because Plaintiff did not serve any person "apparently in charge" of Samsung SDI America, Inc.'s headquarters ............................................. 8

     B.    The Alleged Service Also Is Insufficient Under Michigan and Federal Law ......... 9

CONCLUSION .......................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page(s)**

*Aussieker v. M&S Green-Power Energy, Inc.*,
  No. 2:18-cv-03234-JAM-AC, 2019 WL 2183783 (E.D. Cal. May 21, 2019) ...........................7

*Bein v. Brechtel-Jochim Grp., Inc.*,
  8 Cal. Rptr. 2d 351 (Ct. App. 1992) ...............................................................................8, 9

*Bouyer v. 603 San Fernando Rd., LLC*,
  No. CV203853MWFPVCX, 2020 WL 7711840 (C.D. Cal. Nov. 2, 2020) .............................7

*Brockmeyer v. May*,
  383 F.3d 798 (9th Cir. 2004) ..................................................................................................5

*Bryant Fam. Vineyard v. United Parcel Serv., Inc.*,
  No. 16-cv-00125-JST, 2016 WL 1410127 (N.D. Cal. Apr. 11, 2016) ....................................5

*Crowley v. Bannister*,
  734 F.3d 967 (9th Cir. 2013) ..................................................................................................5

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*,
  840 F.2d 685 (9th Cir. 1988) ................................................................................................10

*Dytch v. Bermudez*,
  No. 17-cv-02714-EMC, 2018 WL 2230945 (N.D. Cal. May 16, 2018) .................................8

*Espindola v. Nunez*,
  199 Cal. Rptr. 596 (Ct. App. 1988) ........................................................................................7

*Halo Elecs., Inc. v. Bel Fuse Inc.*,
  No. C-07-cv-06222 RMW, 2010 WL 2605195 (N.D. Cal. June 28, 2010) ............................7

*Hong-Ming Lu v. Primax Wheel Corp.*,
  No. C 04-4170 JSW, 2005 WL 807048 (N.D. Cal. Apr. 7, 2005) ..........................................7

*Jazz Casual Prods. Inc. v. Byron*,
  No. C-11-0352 JCS, 2012 WL 13059823 (N.D. Cal. June 21, 2012), *report
  and recommendation adopted*, No. C 11-0352 SBA, 2012 WL 13059864
  (N.D. Cal. July 25, 2012) ........................................................................................................8

*Marsh-Girardi v. Client Resol. Mgmt.*,
  LLC, No. 2:19-cv-02188-JAM-AC, 2020 WL 968570 (E.D. Cal. Feb. 28,
  2020), *report and recommendation adopted*, No. 2:19-cv-2188 JAM AC,
  2020 WL 2194042 (E.D. Cal. May 6, 2020) ..........................................................................7

*Mech. Mktg., Inc. v. Sixxon Precision Mach. Co.*,
  No. 5:11-cv-01844 EJD, 2011 WL 4635546 (N.D. Cal. Oct. 6, 2011) ....................................7

*Operating Eng'rs Health & Welfare Tr. Fund for N. Cal. v. Ag-Tech Inc.*,
  No. 18-cv-05411-JSC, 2019 WL 5088804 (N.D. Cal. July 19, 2019)
  (Corley, J.), *report and recommendation adopted*, No. 18-cv-05411-PJH,
  2019 WL 5103816 (N.D. Cal. Oct. 11, 2019)..................................................................7

*Rodgers v. Pinole Valley Partners LLC*,
  20-CV-01667-JST, 2020 WL 6381148 (N.D. Cal. Sept. 18, 2020) ....................................5, 8

*Rojek v. Cath. Charities, Inc.*
  No. 08-14492, 2009 WL 3834013 (E.D. Mich. Nov. 16, 2009)................................9

*SAI v. Smith*,
  No. 16-cv-01024-JST, 2017 WL 2438483 (N.D. Cal. June 6, 2017) ....................................10

*SEC v. Internet Sols. for Bus. Inc.*,
  509 F.3d 1161 (9th Cir. 2007) ..................................................................................8

**Statutes**

Cal. Civ. Proc. Code § 415.20 .............................................................................................. 9

Cal. Civ. Proc. Code § 415.20(a) ......................................................................................6, 8

Cal. Civ. Proc. Code § 416.10(a) .........................................................................................6

Cal. Civ. Proc. Code § 416.10(b)..........................................................................................6

Mich. Comp. Laws Ann. § 600.1920(2) ...............................................................................9

**Other Authorities**

Fed. R. Civ. P. 4(e)(1).............................................................................................................5

Fed. R. Civ. P. 4(h)(1)(B) .............................................................................................5, 6, 9

Fed. R. Civ. P. 4(m) ...............................................................................................................3

Fed. R. Civ. P. 12(b)(5)..........................................................................................................5

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to this Court's Order dated March 3, 2021 (ECF No. 5915 in Case No. 4:07-cv-05944-JST), on August 19, 2021, before the Honorable Jon S. Tigar, United States District Judge for the Northern District of California, 1301 Clay Street, Oakland, California, Defendant Samsung SDI America, Inc. will move the Court for an order dismissing this action pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(5) for insufficient service of process.

The grounds for this motion are that Plaintiff has failed to effect service of process on Defendant Samsung SDI America, Inc. pursuant to any of the methods permitted by Federal Rule of Civil Procedure 4(h) within the deadline the Court established to complete service of process.

This motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the accompanying Declarations of Joseph P. Pittel and Andrew Rhys Davies in support of the motion, and any further papers filed in support of this motion, the argument of counsel, and all pleadings and records on file in this matter.

Subject to its defense based on insufficient service of process, Defendant Samsung SDI America, Inc. further joins in the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim that other defendants are filing today. ECF No. 5935 in Case No. 4:07-cv-05944-JST.

**PRELIMINARY STATEMENT**

Plaintiff filed this action almost two-and-a-half years ago. Yet Defendant Samsung SDI America, Inc. ("SDIA")—a domestic corporation that maintains a registered agent for the service of process—remains unserved after the expiration of the deadline the Court established for the completion of service on all defendants. After this Court directed the dismissal of unserved defendants in March 2021, Plaintiff produced a document that purported to show that SDIA had been served six months earlier, by substituted service on a "Devin Jones, Employee," who was "apparently in charge" at SDIA's headquarters in Michigan. But SDIA has no such employee and no record of the alleged service.

As Plaintiff has not effected valid service on SDIA during the generous period it was afforded to effect service, this action should be dismissed as against SDIA for inadequate service.

**STATEMENT OF FACTS**

**A.   Plaintiff's History of Dilatory Service and the Court's Order Setting March 3, 2021 as the Deadline to Complete Service**

In December 2018, the Government of Puerto Rico filed this action in the Commonwealth of Puerto Rico Court of First Instance. ECF No. 1-3 in Case No. 4:20-cv-5606-JST. On March 18, 2019, several of the defendants removed the case to the United States District Court for the District of Puerto Rico. ECF No. 1 in Case No. 4:20-cv-05606-JST. In February 2020, the Judicial Panel on Multidistrict Litigation transferred the case to this Court for coordinated pretrial proceedings in conjunction with the other cases arising from the same alleged antitrust conspiracy. ECF No. 5686.[1]

Ahead of a June 2020 case management conference, Plaintiff informed the Court that—a year-and-a-half after it filed this action—it had served only seven of the forty-three defendants. ECF No. 5763 ¶ 1. At that June 2020 case management conference, the Court admonished

---

[1] Unless otherwise stated, "ECF" refers to docket entries in Case No. 4:07-cv-05944-JST.

Plaintiff that Plaintiff was "way past" the ninety-day deadline for service under Federal Rule of Civil Procedure 4(m). ECF No. 5795 at 8:25.

In July 2020, Plaintiff filed a motion for permission to serve the *foreign* defendants through alternate service on their United States-based counsel. ECF No. 5783. In that motion, Plaintiff identified SDIA as a still-unserved *domestic* defendant. ECF No. 5783-1, Ex. 5.

In October 2020, the Court denied the motion for alternate service. ECF No. 5860 at 5:19-20. Referencing Rule 4(m), which permits a court to "extend the time for service for an appropriate period," Fed. R. Civ. P. 4(m), the Court set March 3, 2021 as the date for a show cause hearing, at which Plaintiff would need to show cause why any remaining unserved defendants should not be dismissed. ECF No. 5860 at 6. The March 2021 date allowed even more time than Plaintiff's counsel requested to complete service. Hr'g Tr. dated October 22, 2010, ECF No. 5933 at 6:1-16. In effect, the Court thereby extended the long-expired ninety-day period service deadline in Rule 4(m), giving Plaintiff 716 days to effect service after the case was removed to federal court, representing a 626-day extension of the usual ninety-day period under Rule 4(m). ECF No. 5860 at 6:5-15.

Ahead of the March 2021 show cause hearing, Plaintiff voluntarily dismissed those defendants—including domestic defendants—that it had not served. ECF No. 5887 at 2:2-20; ECF No. 5909 at 2:2-4; ECF Nos. 5915–16. At the show cause hearing, Plaintiff acknowledged that it had not served four additional defendants, Hr'g Tr. dated March 3, 2021, ECF No. 5931 at 7:2-5, and consented to their dismissal. ECF No. 5915. The Court also ordered Plaintiff to confer with defense counsel and file a notice of dismissal as to any other remaining unserved defendants. Hr'g Tr. dated March 3, 2021, ECF No. 5931 at 8:7–10:9. In response, Plaintiff filed two proofs of service concerning Tatung and Toshiba entities, ECF Nos. 5917–18, and a notice of voluntary dismissal for an Irico entity. ECF No. 5916.

### B. Plaintiff's Insufficient Service of Process on Samsung SDI America, Inc.

Although Plaintiff has filed proof of service on other Defendants, it has not filed proof of service on SDIA. Decl. of Andrew Rhys Davies dated May 5, 2021 ¶¶ 3–4 ("Davies Decl."). Following the March 3, 2021 show cause hearing, and in light of the Court's order to which Plaintiff had consented, defense counsel requested that Plaintiff voluntarily dismiss SDIA because SDIA had not been served. Davies Decl. ¶ 3. It was only at that point that Plaintiff produced a proof of service purporting to show that it had served SDIA six months earlier, in September 2020. Davies Decl. ¶ 4. Plaintiff has not filed that proof of service.

Plaintiff purports to have served SDIA pursuant to California's substituted service regime by serving a person "apparently in charge" and mailing a copy by "First Class Mail" to the same address. Davies Decl., Ex. A ("proof of service"). According to the proof of service, Plaintiff served process on SDIA on September 2, 2020 by serving it on "Devin Jones" who is identified as an SDIA "employee" at SDIA's headquarters located in Auburn Hills, Michigan. Davies Decl., Ex. A. The server, Tristan Seave, declares that Devin Jones was "apparently in charge of the office," and that Seave "informed *him or her* of the general nature of the papers." Davies Decl., Ex. A (emphasis added). The proof of service also states that on September 4, 2020, the server sent the summons and complaint via first-class mail to SDIA's headquarters. Davies Decl., Ex. A.

However, Mr. Pittel, General Counsel of SDIA, has verified that SDIA has no record of being served with process in this matter, either by service on an employee or by mail. Decl. of Joseph P. Pittel dated April 15, 2021 ("Pittel Decl.") ¶ 3. Moreover, SDIA has never employed anyone by the name of Devin Jones. Pittel Decl. ¶ 4. Describing the procedures SDIA maintained in September 2020 with the security firm controlling access to SDIA's Auburn Hills office, Securitas, for the receipt of visitors, including process servers, Pittel Decl. ¶ 6, Mr. Pittel explains that visitors, including process servers, were required to undergo a sign-in procedure to receive a key card to pass through the electronic gates restricting access to SDIA headquarters, Pittel Decl. ¶ 7. If a courier, including a process server, arrived, Securitas would alert Mr. Pittel,

who would receive the courier. Pittel Decl. ¶ 5. Neither Mr. Pittel nor any other SDIA staff member was contacted to receive any process server or alerted of any visitors on September 2, 2020. Pittel Decl. ¶ 8. Further, there is no record of the process server signing into the SDIA building as a visitor on September 2, 2020. Pittel Decl. ¶ 9.

## ARGUMENT

### DISMISSAL IS REQUIRED BECAUSE PLAINTIFF HAS NOT VALIDLY SERVED SAMSUNG SDI AMERICA, INC. WITH PROCESS

"A federal court cannot exercise jurisdiction over a defendant unless the defendant has been properly served under Rule 4." *Rodgers v. Pinole Valley Partners LLC*, 20-CV-01667-JST, 2020 WL 6381148, at *1 (N.D. Cal. Sept. 18, 2020) (Tigar, J.) (citation and quotation marks omitted). Therefore, Federal Rule of Civil Procedure 12(b)(5) authorizes motions to dismiss for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). "'Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4.'" *Rodgers*, 2020 WL 6381148, at *1 (quoting *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004)).

Federal Rule of Civil Procedure 4(h) permits a corporation to be served under any of three regimes: (1) under federal law, by "delivering a copy of the summons and complaint to an officer, a managing agent or general agent, or any other agent authorized by appointment of by law to receive service of process," Fed. R. Civ. P. 4(h)(1)(B); (2) as permitted by the law of "the state where the district court is located" (here, California), Fed. R. Civ. P. 4(e)(1); or (3) as permitted by the law of the state where service is "made" (here, purportedly, Michigan), *id.*

Although Rule 4's requirements pertaining to the form and contents of the summons are liberally construed, "requirements for the manner of service are strictly interpreted." *Bryant Fam. Vineyard v. United Parcel Serv., Inc.*, No. 16-cv-00125-JST, 2016 WL 1410127, at *1 (N.D. Cal. Apr. 11, 2016) (Tigar, J.) (citation and quotation marks omitted). Unless the defendant is served "in substantial compliance with Rule 4," not even actual notice of an action subjects the defendant to the jurisdiction of the court. *Rodgers*, 2020 WL 6381148, at *1 (quoting *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013)).

Here, Plaintiff purports to have complied with the "substituted service" provision of California law, by serving process on Devin Jones, an SDIA "employee" who was "apparently in charge" of SDIA's office and then mailing a copy by first-class U.S. mail to SDIA. Davies Decl., Ex. A. SDIA demonstrates herein that service has not been validly effected under California law, and that the purported service also does not satisfy either Rule 4(h)(1)(B) or Michigan law.

### A. Plaintiff Has Not Validly Served Defendant Samsung SDI America, Inc. Under California Law

Under California law, direct service on a corporation is effected by serving (a) "the person designated as agent for service of process" under the Corporations Code, (b) specified senior corporate officers,[2] or (c) a "person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10(a), (b).

Plaintiff does not claim to have attempted direct service under § 416.10. Instead, it invokes the "substituted service" provision of § 415.20, which, subject to certain conditions, permits service by (a) leaving a copy of the summons and complaint at the defendant's address with "the person who is apparently in charge thereof," and (b) thereafter mailing a copy of the papers by first-class mail to the same address. *Id.* § 415.20(a).

For two independent reasons, Plaintiff has not validly served SDIA under California law. First, Plaintiff did not exercise reasonable diligence to effect direct service before resorting to substituted service. Second, Plaintiff did not—as it claims—leave a copy of the summons and complaint with "Devin Jones, Employee" at SDIA's Michigan headquarters because SDIA has no such employee. SDIA has no record of being served with process in this action, either as alleged by Plaintiff or otherwise.

---

[2] The senior officers upon whom service can be made are "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager." Cal. Civ. Proc. Code § 416.10(b).

### 1. The alleged service is invalid under California law because Plaintiff failed to exercise reasonable diligence to effect direct service before resorting to substituted service

As a threshold matter, Plaintiff's purported *substituted* service on SDIA is invalid under California law because Plaintiff did not first exercise reasonable diligence to effect *direct* service on SDIA. The overwhelming weight of authority in this Circuit requires a plaintiff to exercise reasonable diligence to effect direct service on a corporation before resorting to substituted service. *See, e.g., Operating Eng'rs Health & Welfare Tr. Fund for N. Cal. v. Ag-Tech Inc.*, No. 18-cv-05411-JSC, 2019 WL 5088804, at *3–4 (N.D. Cal. July 19, 2019) (Corley, J.) (plaintiff exercised due diligence by attempting direct service more than ten times before resorting to substituted service), *report and recommendation adopted*, No. 18-cv-05411-PJH, 2019 WL 5103816 (N.D. Cal. Oct. 11, 2019). "'Under California law, two or three attempts at personal service satisfies the reasonable diligence requirement.'" *Marsh-Girardi v. Client Resol. Mgmt.*, LLC, No. 2:19-cv-02188-JAM-AC, 2020 WL 968570, at *3 (E.D. Cal. Feb. 28, 2020) (quoting *Espindola v. Nunez,* 199 Cal. Rptr. 596 (Ct. App. 1988)), *report and recommendation adopted*, No. 2:19-cv-2188 JAM AC, 2020 WL 2194042 (E.D. Cal. May 6, 2020).[3]

Here, Plaintiff does not contend that it attempted direct service on SDIA before resorting to substituted service. Its failure to do so is inexplicable, given that CT Corporation has been designated as SDIA's registered agent since 2018. Pittel Decl. ¶ 10. For these reasons, Plaintiff's purported substituted service on SDIA is invalid.

---

[3] *See also Bouyer v. 603 San Fernando Rd., LLC*, No. CV203853MWFPVCX, 2020 WL 7711840, at *2 (C.D. Cal. Nov. 2, 2020); *Aussieker v. M&S Green-Power Energy, Inc.*, No. 2:18-cv-03234-JAM-AC, 2019 WL 2183783, at *4 (E.D. Cal. May 21, 2019) (plaintiffs must exercise reasonable diligence to achieve personal service on a corporation before resorting to substituted service); *Mech. Mktg., Inc. v. Sixxon Precision Mach. Co.*, No. 5:11-cv-01844 EJD, 2011 WL 4635546, at *5 (N.D. Cal. Oct. 6, 2011) (same); *Hong-Ming Lu v. Primax Wheel Corp.*, No. C 04-4170 JSW, 2005 WL 807048, at *3 (N.D. Cal. Apr. 7, 2005) (same). *Cf. Halo Elecs., Inc. v. Bel Fuse Inc.*, No. C-07-cv-06222 RMW, 2010 WL 2605195, at *4 (N.D. Cal. June 28, 2010) (stating in dicta that a corporation may be served through substituted service without first attempting direct service).

### 2. The alleged service is also invalid under California law because Plaintiff did not serve any person "apparently in charge" of Samsung SDI America, Inc.'s headquarters

The proof of service that Plaintiff proffered in March 2021 asserts that, on September 2, 2020, a process server served the summons and complaint on "Devin Jones, Employee," who was "apparently in charge" of SDIA's offices in Auburn Hills, Michigan. Davies Decl., Ex. A. California law permits substituted service on a person "apparently in charge," Cal. Civ. Proc. Code § 415.20(a). That means "a person whose relationship with the person to be served makes it more likely than not that they will deliver process to the named party." *Bein v. Brechtel-Jochim Grp., Inc.*, 8 Cal. Rptr. 2d 351, 354 (Ct. App. 1992). "'A signed return of service constitutes prima facie evidence of valid service.'" *Rodgers*, 2020 WL 6381148, at *1 (quoting *SEC v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1163 (9th Cir. 2007)). Still, that prima facie evidence can be overcome by "strong and convincing" evidence that service was not validly effected. *Id.* Here, the evidence demonstrates clearly that Plaintiff has not effected service on SDIA.

An affidavit is insufficient to establish compliance with § 415.20 when—like the proof offered by Plaintiff here—it "lacks factual detail" and instead "recites in a formulaic and conclusory fashion" that process was served on someone who was apparently in charge. *Dytch v. Bermudez*, No. 17-cv-02714-EMC, 2018 WL 2230945, at *2 (N.D. Cal. May 16, 2018). A fortiori, proof of service is invalid when—as here—it claims service on a person who does not exist. *See Jazz Casual Prods. Inc. v. Byron*, No. C-11-0352 JCS, 2012 WL 13059823, at *6 (N.D. Cal. June 21, 2012) (service was invalid where it was purportedly effected on a "David Smith," who "was never identified"), *report and recommendation adopted*, No. C 11-0352 SBA, 2012 WL 13059864 (N.D. Cal. July 25, 2012).

SDIA has no record of being served with process in this matter, either through service on an employee or by mail. Pittel Decl. ¶ 3. SDIA has no record of an employee named Devin Jones. Pittel Decl. ¶ 4; Davies Decl., Ex. A. Further, there is no record of the process server being at SDIA's headquarters on September 2, 2020 or seeking to serve process on SDIA. Pittel Decl. ¶¶ 6–9.

Based on these facts, "Devin Jones" cannot meet the requirements for a person "apparently in charge" because he cannot be identified. As Devin Jones cannot be identified, he cannot qualify as an individual with a relationship with the person to be served that created a likelihood the process would be delivered, or as a "responsible person" that would ensure the service made it to the right person as no record of the process server's presence was documented and no service documents were received by SDIA. Therefore, the requirements under Section 415.20 have not been met and service is insufficient. *Bein*, 8 Cal. Rptr. 2d at 354; Cal. Civ. Proc. Code § 415.20.

### B.      The Alleged Service Also Is Insufficient Under Michigan and Federal Law

Plaintiff's purported service on SDIA is also insufficient under the other two service routes provided by Rule 4(h)—Michigan law and federal law. *Supra* at 4.

First, if Plaintiff contends that it validly served SDIA under the law of Michigan, Plaintiff is mistaken for two reasons. Michigan law allows for service on a corporation by personal service on a "person in charge" of the defendant's offices, provided process is *also* served "by *registered mail*, addressed to the principal office of the corporation." Mich. Comp. Laws Ann. § 600.1920(2) (emphasis added). Here, "Devin Jones" was not a "person in charge" of SDIA's offices for the reasons set forth in the foregoing section. Moreover, Plaintiff states that it sent a copy of the summons and complaint to SDIA by *first-class* mail, Davies Decl., Ex. A, not by the *registered* mail required by § 600.1920(2). A failure to send process by registered mail results in invalid service under Michigan law. *Rojek v. Cath. Charities, Inc.* No. 08-14492, 2009 WL 3834013, at *5 (E.D. Mich. Nov. 16, 2009).

Second, as to federal law, Plaintiff cannot demonstrate that it effected service on "an officer, a managing agent or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(B). A plaintiff satisfies Rule 4(h)(1)(B) by serving an individual who is "'so integrated with the organization that he will know what to do with the papers.'" *SAI v. Smith*, No. 16-cv-01024-JST, 2017 WL 2438483, at *1 (N.D. Cal. June 6, 2017) (Tigar, J.) (quoting *Direct Mail Specialists, Inc. v. Eclat Computerized*

9

1    *Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988)). For the reasons set forth in the preceding section, Plaintiff cannot establish that "Devin Jones" satisfies that requirement, as no such person was employed by SDIA at the relevant time.

### CONCLUSION

For all the foregoing reasons, the Court should grant Defendant Samsung SDI America, Inc.'s motion to dismiss for insufficient service of process.

Dated: May 5, 2021                          Respectfully submitted,

/s/ *Andrew Rhys Davies*
ALLEN & OVERY LLP
ANDREW RHYS DAVIES
andrewrhys.davies@allenovery.com
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399

JOHN ROBERTI
john.roberti@allenovery.com
ALLEN & OVERY LLP
1101 New York Avenue NW
Washington, DC 20005
Telephone: (202) 683-3800
Facsimile: (212) 610-6399

*Attorneys for Defendant Samsung SDI America, Inc.*