Guido Saveri (22349)
    guido@saveri.com
R. Alexander Saveri (173102)
    rick@saveri.com
Geoffrey C. Rushing (126910)
    grushing@saveri.com
Cadio Zirpoli (179108)
    cadio@saveri.com
Matthew D. Heaphy (227224)
    mheaphy@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: *ALL DIRECT PURCHASER ACTIONS* | **DIRECT PURCHASER PLAINTIFFS' NOTICE OF ENTRY OF ORDER BY SPECIAL MASTER** |
| | Judge:            Honorable Jon S. Tigar |
| | Special Master:   Honorable Vaughn R. Walker (Ret.) |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that the Honorable Vaughn R. Walker (Ret.), the Special Master appointed to hear discovery matters in this litigation, ECF Nos. 2272, 5301, entered the attached Special Master's Order re DPPs' Motion to Compel Interrogatory Further Answers ("Order"). The Special Master requested that Lead Counsel for Direct Purchaser Plaintiffs submit the Order to the Court.

Dated: August 2, 2021

Respectfully submitted,

/s/ *R. Alexander Saveri*

Guido Saveri (22349)
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Cadio Zirpoli (179108)
Matthew D. Heaphy (227224)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

# ATTACHMENT

Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA  94111
Tel:  (415) 871-2888
Fax:  (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>ALL DIRECT PURCHASER PLAINTIFFS | MDL No 1917<br><br>Case No C-07-5944 JST<br><br>**ORDER RE DPPS' MOTION TO COMPEL INTERROGATORY FURTHER ANSWERS**<br><br>**RE ECF No 5301** |

        In this very long-running litigation (from which most of the participants have retired from the field of battle), the undersigned addresses a dispute that has arisen during pre-trial discovery.  The Direct Purchaser Plaintiffs (DPPs) initially sought at virtual hearings on May 13 and July 28 to compel further responses to interrogatories propounded to defendant Irico.  The issue was whether Irico had adequately complied with the protocol that the undersigned established for discovery against now former defendant Mitsubishi.  See Doc #4802 ("Mitsubishi Order").   On this, the parties differed sharply.

The DPPs attacked the adequacy of Irico's responses and suggested the possibility of discovery sanctions. Not surprisingly, Irico resisted predicating in part that resistance on comments of the undersigned at the May 13 hearing which Irico characterizes as an acknowledgement of Irico's "thorough search for evidence" relating to the interrogatory responses. The characterization evidently stems from the undersigned's expression of sympathy for Irico's able and experienced counsel in dealing with a client that appears, at best, woefully inexperienced in the requirements of United States discovery practice or, perhaps likely as not, willfully ignorant of its discovery obligations. No fair appraisal of Irico's responses to the interrogatories at issue can conclude that these responses are not plainly deficient.

But the question is whether sending Irico back to a redo of these responses is likely to produce adequate responses or, as seems more likely, simply another exercise in futility. Two reasons suggest the latter is more likely. First, the well-recognized caliber of Irico's counsel makes it difficult to reject as plainly false counsel's assurances that it had to the best of its professional obligations "marshaled responsive information relating to the alleged competitor meetings" that are the subject of the interrogatories at issue. Ltr of John Taladay, June 11, 2021 at 3. Second, compelling counsel to make a fulsome and detailed description of what was done to search for and uncover materials to make the interrogatory responses complete (a possibility the undersigned ruminated might be appropriate) could impinge on the legitimate work product protections of counsel and Irico. In conversation with counsel on July 28, a better way forward appears to have emerged.

In the course of seeking further interrogatory responses, the DPPs have produced well indexed copies of 103 documents that the DPPs assert establish incriminating conduct and communications by Irico. If the documents, or even a relatively small number of them, live up to the DPPs' representations, this body of evidence should establish Irico's participation in the conspiracy at issue in this litigation. So, the issue becomes whether these documents are admissible in evidence at trial or on motion for summary judgment.

It happens that Judge Tigar dealt with this question in the action against Mitsubishi in two orders cited by Irico in the present proceeding. Doc ## 4982, 5128. In the latter order, Judge Tigar distinguished between the evidentiary value of interrogatory responses and documentary evidence. The issue arose on Mitsubishi's motion for summary judgment based on an alleged lack of evidence of liability. Doc #5128 at 2-3. In opposition, the plaintiffs pointed to interrogatory responses of Mitsubishi's co-defendant Samsung SDI which arguably created a triable issue of Mitsubishi's participation in the alleged conspiracy to fix prices. But Judge Tigar pointed out these interrogatory responses came laden with hearsay and lack of personal knowledge problems that precluded their use in opposition to summary judgment. Id at 4-7. By contrast, documentary evidence did not suffer from equivalent difficulties at least to the same extent. Doc #5128 at 8-13. In a nutshell, Judge Tigar's insight was that documents are evidence; interrogatory responses are the creatures of lawyers.

In Doc #4982, Judge Tigar dealt with how such documentary evidence of alleged co-conspirator statements was to be treated. Judge Tigar proposed to emulate Judge Hamilton's approach in *Sun Microsystems, Inc v Hynix Semiconductor Inc*, 4:06-CV-1665-PJH (Doc #710). To the extent that a party seeks to rely on co-conspirator statements at trial, Judge Tigar outlined a protocol that presumably he would follow in this case. See Doc 4982 at 3-4. To facilitate what Judge Tigar appears to have in mind, it appears that the approach with respect to the 103 documents the DPPs seek introduce here would be to review those documents against the requirements of the evidence rules, in particular FRE 801(d)(2)(E) and any other applicable rule. DPPs' counsel suggested on July 28 that FRE 803(6) and (7) could also apply.

At the July 28 hearing, counsel appeared to agree that the foregoing path forward made sense. With that agreement in mind, the undersigned ORDERS that for each of the 103 documents in the DPPs' index, the DPPs shall present the grounds upon which they intend to seek admission of these documents in evidence under the foregoing rules of evidence. Irico will be given an opportunity to respond by stating why the documents should not be admitted and the DPPs an opportunity to reply. At the July 28 hearing, no schedule for

ORDER RE DPPS' MOTION TO COMPEL INTERROGATORY FURTHER ANSWERS        PAGE **3** OF **4**

these submissions was discussed, so the schedule herein is subject to any change mutually agreeable to the parties and, if not mutually agreed, with such changes as the parties propose and the undersigned hereafter adopts.  In addition, should Judge Tigar wish to have a recommendation by the undersigned with respect to the admission or denial of documents that the DPPs seek to admit, he is herein afforded the opportunity to make that request.

Unless otherwise mutually agreed, the DPPs shall submit their grounds for admission of the 103 documents in the DPPs' Index of Irico Competitor Contacts not later than August 20; Irico shall be afforded to September 3 within which time to oppose admission and the DPPs shall have until September 10 to reply.  In his review of this order, Judge Tigar may indicate whether he seeks the undersigned's recommendation re admission on the documents at issue.

IT IS SO ORDERED.

Date:    July 30, 2018

_____
Vaughn R Walker
United States District Judge (Ret)

The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified and Recommendation re Admission Requested _____ Yes   _____ No.

Date:  _____

_____
Honorable Jon S Tigar
United States District Judge