Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
Matthew N. Frutig (*pro hac vice*)
mfrutig@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel for Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(OAKLAND DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 4:07-cv-05944-JST<br>MDL No. 1917 |
| This Document Relates to Case No. 4:20-cv-05606-JST (N.D. cal.)<br><br>Government of Puerto Rico,<br><br>*Plaintiff,*<br><br>v.<br><br>Panasonic Corp. of North America, *et al.*,<br><br>*Defendants.* | **TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PUERTO RICO'S COMPLAINT PURSUANT TO RULES 4, 12(b)(2), 12(b)(4), AND 12(b)(5) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>**ORAL ARGUMENT SCHEDULED**<br><br>Date:   August 19, 2021<br>Time:   2:00 p.m.<br>Room:  Courtroom 6, 2nd Floor<br>Judge:  Hon. Jon S. Tigar |

On July 7, 2021, Plaintiff flouted the Court's March 3, 2021 scheduling order (ECF No. 5915) and Rule 7-3(b) of the N.D. Cal. Civil Local Rules by *not* filing an opposition to TAEC's motion to dismiss (ECF No. 5937), *not* filing a statement of non-opposition, and *not* seeking an extension to respond. Despite having sixty-three (63) days to decide whether and how it would respond to TAEC's motion to dismiss (forty-nine (49) more days than the standard fourteen (14) provided under the Civil Local Rules), Plaintiff did nothing. Of note, Plaintiff did file an opposition to the Defendants' joint motion to dismiss (ECF No. 5939), but it did not respond to any of TAEC's arguments therein. To date, twenty-eight (28) days later, Plaintiff still has not responded to TAEC's motion.

Plaintiff's failure to respond is properly construed as a non-opposition to TAEC's motion and a concession to TAEC's requested relief, i.e., dismissal of Plaintiff's complaint with prejudice. *See Janis v. United States*, No. 98-55414, 1999 U.S. App. LEXIS 9260, at *2-3 (9th Cir. May 13, 1999) (affirming district court's determination that plaintiff's failure to respond to defendant's motion to dismiss is a non-opposition and justification for dismissal of the complaint); *Joe Hand Promotions, Inc. v. Cookerly*, No. C 11-03263 SBA, 2012 U.S. Dist. LEXIS 37743, at *2 (N.D. Cal. Mar. 19, 2012) (holding "[a] district court may properly grant a motion for failure to file an opposition").

District courts have the discretion to grant unopposed motions. *See Gwaduri v. INS*, 362 F.3d 1144, 1146-47, n.3 (9th Cir. 2004) (finding that "[c]ourts have consistently exercised their discretion to grant motions . . . on the basis that, in failing to respond, the opposing party has consented to such action by the court"); *see also Rider v. JPMorgan Chase Bank N.A.*, No. 20-CV-06888-LHK, 2021 U.S. Dist. LEXIS 12486, at *3-4, 6-7 (N.D. Cal. Jan. 22, 2021) (granting defendant's unopposed motion to dismiss with prejudice because plaintiff failed to timely oppose the motion or file a statement of non-opposition under Rule 7-3(b)); *Lehnus v. City of Union City*, No. 4:14-cv-00204-KAW, 2014 U.S. Dist. LEXIS 98183, at *3 (N.D. Cal. June 23, 2014) (recommending that the case be dismissed for failure to prosecute following plaintiff's failure to file an opposition or statement of non-opposition to the motion to

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

dismiss), adopted *Lehnus v. Union City Police Dep't*, No. C 14-0204 PJH, 2014 U.S. Dist. LEXIS 98177, at *1 (N.D. Cal. July 18, 2014).

Plaintiff's failure to respond is also the latest example of its indifference to this Court's orders and local rules, and further demonstrates Plaintiff's willingness to waste the Court's and TAEC's time and resources in litigating its claims. *See, e.g.*, ECF No. 5860 at 5 (denying Plaintiff's Rule 4(f)(3) motion and noting that "the preponderance of the delay in Puerto Rico's lawsuit is of its own making"). In and of itself, Plaintiff's continued refusal to prosecute its case merits dismissal. ECF No. 5937 at 11 (citing, *inter alia*, *Billionaire Mafia, LLC v. Dania*, No. 2:11-cv-01280-GMN-PAL, 2012 U.S. Dist. LEXIS 167868, at *9 (D. Nev. Oct. 29, 2012) (dismissing complaint after plaintiff willfully failed to comply with court orders and engaged in litigation practices that interfered with the court's ability to hear the case)).

Further, in light of Plaintiff's habitual failure to advance its claims, any last-minute, post-reply attempt by Plaintiff to submit an opposition to TAEC's motion should be rejected. *See Horton-Hodges v. Charles Schwab & Co.*, No. C-96-4533 WHO, 2000 U.S. Dist. LEXIS 4332, at *9-10 (N.D. Cal. Jan. 18, 2000) (granting defendant's motion to dismiss with prejudice because of plaintiff's failure to prosecute the action diligently and commenting that "[a]lthough [a late-filed opposition] would be a minor infraction if viewed in isolation, it is typical of the inexcusably lax attitude [plaintiff] has taken towards this litigation"); *Cepeda v. Fannie Mae*, No. 13-0388 PSG, 2013 U.S. Dist. LEXIS 112091, at *8-9 (N.D. Cal. Aug. 7, 2013) (deciding not to consider plaintiffs' untimely opposition because plaintiffs provided no acceptable justification, and it was not plaintiffs' first untimely response); *see also* Civil L. R. 7-3(d) ("Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval").

\*   \*   \*

For these reasons and the reasons set forth in TAEC's unopposed motion to dismiss, TAEC respectfully requests that the Court grant TAEC's motion and dismiss Plaintiff's complaint against TAEC with prejudice for failure to complete service and lack of personal jurisdiction.

Respectfully submitted,

Dated: August 4, 2021

**WHITE & CASE LLP**

By: */s/ Christopher M. Curran*
Christopher M. Curran (*pro hac vice*)
Lucius B. Lau (*pro hac vice*)
Dana E. Foster (*pro hac vice*)
Matthew N. Frutig (*pro hac vice*)
WHITE & CASE LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355
ccurran@whitecase.com
alau@whitecase.com
defoster@whitecase.com
mfrutig@whitecase.com

*Counsel for Toshiba America Electronic Components, Inc.*