BAKER BOTTS LLP
John M. Taladay (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
erik.koons@bakerbotts.com

*Attorneys for Defendant*
*Philips North America LLC*

[Additional Moving Parties and Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

This document relates to:

Government of Puerto Rico, et al.,

Plaintiff,

v.

Panasonic Corp. of North America, et al.,

Defendants.

Case No. 4:20-cv-05606-JST

Master File No.: 4:07-cv-05944 JST

MDL No. 1917

**REPLY IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS CLAIMS OF THE GOVERNMENT OF PUERTO RICO FOR FAILURE TO STATE A CLAIM (FED. R. CIV. P. 12(b)(6)) (ECF NO. 5935)**

Date: August 19, 2021
Time: 2:00 p.m.
Judge: Hon. Jon S. Tigar
Courtroom: 6, 2nd Floor

Plaintiff has a history of asserting unjust enrichment claims in antitrust cases as an attempted end-run around the indirect purchaser bar established by the Supreme Court in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977). Courts have consistently dismissed those attempts as impermissible. *See* Mot. 7-10; *In re Auto. Parts Antitrust Litig*, No. 13-cv-2005, 2021 WL 148004 (E.D. Mich. Jan. 15, 2021); *In re Broiler Chicken Antitrust Litig.*, No. 16 C 8637, 2020 WL 4032932 (N.D. Ill. July 15, 2020). This Court should do the same and dismiss Plaintiff's claim with prejudice, as any amendment would be futile.

**ARGUMENT**

**I. PLAINTIFF CANNOT STATE A CLAIM FOR UNJUST ENRICHMENT**

Plaintiff has no basis to assert an unjust enrichment claim under under Puerto Rico law and, contrary to Plaintiff's argument (Opp'n 8), no such authority can be derived from its lack of indirect purchaser standing. *See* Mot. 7-10. *Every* court in this district has precluded virtually identical attempts to circumvent the *Illinois Brick* indirect-purchaser bar, and several other district courts have dismissed these exact types of claims brought by Puerto Rico. Mot. 9-10; *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 99 F. Supp. 2d 1179, 1187-88, 1192 (N.D. Cal. 2009); *United Food & Com. Workers Local 1776 v. Teikoku Pharma USA, Inc.*, 74 F. Supp. 3d 1052, 1086-87, 1089-90 (N.D. Cal. 2014) ("[Plaintiffs] cannot circumvent the *Illinois Brick* prohibition absent authority from the courts [] that would allow unjust enrichment claims to proceed."); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 1155, 1174-75 (N.D. Cal. 2015) (allowing such claims to proceed past the pleading stage would constitute an impermissible "'end run' around *Illinois Brick*"); *Auto Parts*, 2021 WL 148004, at * 4 (holding that "Puerto Rico's position amounts to an attempt to circumvent *Illinois Brick*") (internal quotation marks and citations omitted); *Broiler Chicken*, 2020 WL 4032932, at *4 (holding that, "[b]y failing to repeal *Illinois Brick*, Puerto Rico has effectively decided that there should not be a claim for indirect purchases under its law, statutory or otherwise"); *see also In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014) ("This court joins the majority of courts in concluding that 'allowing . . . unjust enrichment claims in those states that explicitly disallow indirect purchasers from pursuing antitrust [and] consumer-protection claims . . . would result in circumvention of the policies expressed by those state legislatures through limitations

inherent in those laws.'" (citations omitted)); *In re Flonase Antitrust Litig.*, 692 F. Supp. 2d 524, 542 (E.D. Pa. 2010) ("[W]here an antitrust defendant's conduct cannot give rise to liability under state antitrust and consumer protection laws, Plaintiffs should be prohibited from recovery under a claim for unjust enrichment. This is true although unjust enrichment has in some cases provided a remedy where there was no adequate remedy at law."). Plaintiff's Opposition largely ignores this law.

Plaintiff's citations to *In re G-Fees Antitrust Litig.*, 584 F. Supp. 2d 26, 46 (D.D.C. 2008) and *In re Cardizem CD Antitrust Litig.*, 105 F. Supp. 2d 618, 666-71 (E.D. Mich. 2000), are unavailing. First, they are out-of-district cases and at odds with the uniform consensus in this district that unjust enrichment may not be used to avoid *Illinois Brick*'s bar on indirect-purchaser antitrust suits. Second, the Eastern District of Michigan recently rejected Puerto Rico's identical effort to cite those two "outlier" cases, stating: "[S]ubsequent courts have deemed those older cases to be irrelevant or not persuasive." *Auto Parts*, 2021 WL 148004, at *4 (rejecting *In re G-Fees Antitrust Litig.* and *In re Cardizem* and finding persuasive *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179, 1192 (N.D. Cal. 2009), and *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014)). Plaintiff also cites to an earlier, superseded case in the *Auto Parts Antitrust* MDL. Opp'n 12 (citing *In re Auto. Parts Antitrust Litig. (Body Sealing Products)*, No. 12-md-02311, 2017 WL 11441039 (E.D. Mich. Sept. 28, 2017)). But that decision was flatly rejected by the *Auto Parts* court's most recent decision rejecting *the exact same arguments that Plaintiff raises here* and dismissing Plaintiff's claim. *Id.* at *4 (holding that the earlier *Body Sealing Products* litigation opinion did not consider the the Puerto Rico Antitrust Act's ban on indirect purchaser recovery). Plaintiff's citation to *E.L.A. v. Cole* (Opp'n 10), likewise does not support unjust enrichment standing for antitrust claims. *Cole*, which is not an antitrust case, is hardly new law and was decided in 2005, long before every decision Defendants cite that specifically dismiss Puerto Rico's unjust enrichment claims. *Compare E.L.A. v. Cole*, 164 D.P.R. 608 (2005) (Plaintiff's translation), *with* Mot. 8-10 (citing cases dismissing Puerto Rico unjust enrichment claims decided in 2009 through 2021). Notably, Plaintiff argued in *Auto Parts* that *Cole* somehow authorized it to assert an unjust enrichment claim despite *Illinois Brick*'s indirect-purchaser bar. *See* Pl's Opp. to Defs' Joint Motion

to Dismiss the Gov't of Puerto Rico's Compl. Under Fed. R. Civ. P 12(b)(6), *In re Auto. Parts Antitrust Litig*, No. 20-cv-11208 (E.D. Mich. Sept. 17, 2020), ECF No. 20 at 15-16 ("Auto Parts Opp."). The *Auto Parts* court rejected Plaintiff's argument there and dismissed Puerto Rico's complaint on the exact bases Defendants assert in support of dismissal here. *Auto Parts*, 2021 WL 148004, at *4-5. Tellingly, Plaintiff cites no cases in which a court applied *Cole* to authorize Puerto Rico to assert an unjust enrichment claim in contravention of the *Illinois Brick* bar.

Moreover, Plaintiff has made no showing that the Puerto Rico Supreme Court has endorsed an unjust enrichment claim when the underlying antitrust claim was barred by the Puerto Rico Antitrust Act ("PRAA"). Nor could they, because even *Cole* states that unjust enrichment may *not* be invoked "when it would lead to a result contrary to the clear public policy, *set forth in a statute* or in the Constitution." *Cole*, 164 D.P.R. at 634 (emphasis added). Puerto Rico did not pass an *Illinois Brick*-repealer statute. As discussed in Defendants' Motion, the PRAA therefore controls as to who may sue for antitrust violations under Puerto Rico law. Mot. 8. Allowing Plaintiff to pursue an unjust enrichment claim here would thus "lead to a result contrary to the clear public policy" as set forth in the PRAA. *Cole*, 164 D.P.R. at 634. This is entirely consistent with authority in this district and elsewhere barring unjust enrichment claims "absen[t] an ***explicit*** *Illinois Brick* repealer, either by statute or *case law*." *TFT-LCD*, 599 F. Supp. 2d at 1188 (emphasis added); *see also United Food*, 74 F. Supp. 3d 1089-90; *In re Novartis & Par Antitrust Litig.*, No. 18-cv-4361, 2019 WL 3841711, at *6, *8 (S.D.N.Y. Aug. 15, 2019) (dismissing Puerto Rico's unjust enrichment claims as "an attempt to circumvent *Illinois Brick*" absent a showing such recovery is allowed). As Plaintiff can point to no such repealer statute or other similar authority, its claim should be dismissed.

## II. PLAINTIFF FAILS TO PLEAD *PARENS PATRIAE* STANDING

Not only is Plaintiff precluded from asserting an unjust enrichment cause of action, but it also lacks authority to bring these claims on a *parens patriae* basis. *See* Mot. at 11-13. Plaintiff presents two arguments purportedly establishing *parens patriae* standing—both of which have been rejected by other courts, including in Puerto Rico. *See Gov't of Puerto Rico v. The Carpenter Co.*, 442 F. Supp. 3d 464, 479 (D.P.R. 2020) ( "[N]o Commonwealth statute . . . provides for *parens patriae* standing to present unjust enrichment claims"); *Missouri ex rel Koster v. Harris*, 847 F.3d

646, 651, 655 (9th Cir. 2017) (rejecting quasi-sovereign standing where the basis for standing was an "injury to an identifiable group of individual residents"). First, Plaintiff argues that it has statutory standing under P.R. LAWS ANN. tit. 32, § 3441 ("Section 3441"). Opp'n 11-12. Second, Plaintiff claims that is has a protectable quasi-sovereign interest. Opp'n 12-14. Plaintiff fails to rebut Defendants' argument that Plaintiff cannot satisfy the *Snapp* test (Mot. 11-13), and the Court should thus dismiss Plaintiff's claim.

Section 3441 Does Not Confer Statutory Standing on Puerto Rico. Puerto Rico law does not authorize Plaintiff's *parens patriae* claim for unjust enrichment. *See Carpenter,* 442 F. Supp. 3d at 479. Plaintiff's reliance on Section 3441 is unavailing. Section 3441 authorizes *parens patriae* actions only for "damages" and "injunction[s]," *not* for equitable relief claims for "impoverishment" or unjust enrichment as asserted here. Compl. ¶¶ 621-629; *see Ramos v. Hyundai Motor Co.*, 431 F. Supp. 2d 209, 212 (D.P.R. 2006) (noting Section 3341 authorizes suits for "damages or against monopolies"), *aff'd,* 501 F.3d 12 (1st Cir. 2007). Plaintiff does not—and cannot—cite any case holding that Puerto Rico may bring *equitable* unjust enrichment claims as *parens patriae* under Section 3341.

*In re Cardizem CD Antitrust Litigation* does not hold otherwise. Opp'n 12; 218 F.R.D. 508, 521 (E.D. Mich. 2003). There, Puerto Rico asserted claims for *antitrust damages under the PRAA*—a claim Plaintiff expressly and repeatedly disavows here—not disgorgement for unjust enrichment. *See* Third Am. Compl. ¶ 183, *In re Cardizem CD Antitrust Litig.*, No. 99-md-01278 (E.D. Mich. Jan. 29, 2003), ECF No. 758. *Cardizem* thus provides no support for Plaintiff's argument that Section 3341 confers *parens patriae* standing here.

Plaintiff Does Not Possess a "Quasi-Sovereign" Interest in its Unjust Enrichment Claim. Without an express statutory grant of authority, Plaintiff cannot bring a *parens patriae* claim absent a quasi-sovereign interest in its claim. *See* Mot. 12 (citing *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*, 458 U.S. 592, 607-08 (1982)). But Plaintiff is no more than a nominal party to this lawsuit with respect to its *parens patriae* claims (Mot. 12-13), with no "interest apart from the interests of particular private parties," *i.e.*, indirect purchasers in Puerto Rico. *Snapp,* 458 U.S. at 607; *see also Missouri ex rel Koster v. Harris*, 847 F.3d 646, 651 (9th Cir. 2017) (to demonstrate

standing, "more must be alleged than injury to an identifiable group of individual residents") (internal quotation marks and citations omitted). Plaintiff cites no authority holding that a state has a quasi-sovereign interest in these types of claims.[1]

Plaintiff's citation to *Georgia v. Pennsylvania R.R.*, 324 U.S. 439, 450 (1945), underscores its lack of any quasi-sovereign interest. Indeed, the Ninth Circuit explicitly rejected Plaintiff's argument that *Georgia v. Pennsylvania R.R.* confers *parens patriae* standing on Puerto Rico here, holding:

> *Georgia v. Pennsylvania R. Co.* is no more helpful to Plaintiffs than is *Snapp*. There, Georgia sued a collection of southern railroads, alleging discriminatory price-fixing to the ***detriment of the entire economy of Georgia***. The Court held that the State was not a mere nominal plaintiff, with "individual shippers being the real complainants." Instead, the implications of price discrimination against Georgia-based commerce were "matters of grave public concern in which Georgia ha[d] an interest apart from that of particular individuals who may be affected," ***because rail rates "may arrest the development of a State or put it at a decided disadvantage in competitive markets***." By contrast, Plaintiffs allege no trade barriers erected against their broader economies . . . .

*Harris*, 847 at 655 (internal citations omitted) (emphasis added); *see also Sec. of Labor v. Turnage*, 657 F. Supp. 1033, 1035 (D.P.R. 1987) (denying *parens patriae* standing when the Government is "merely litigating the personal claims of its citizens"). For all these reasons and those stated in Defendants' opening brief (Mot. 12-13), Plaintiff here is a mere nominal plaintiff and thus lacks a quasi-sovereign interest that would convey *parens patriae* standing under *Snapp*.

## III. PLAINTIFF'S COPY-AND-PASTED OPPOSITION BRIEF LACKS COHERENCE AND IS FACTUALLY INCORRECT

Finally, in its opposition, Plaintiff mischaracterizes Defendants' arguments and makes assertions that have no basis in fact. Regarding the former, Plaintiff asserts that Defendants do not contest that Plaintiff has sufficiently pled an unjust enrichment claim. Opp'n 5. That is false. In their motion, Defendants lay out in detail why Plaintiff's claim fails. *See* Mot. 6-10. Moreover, contrary to Plaintiff's representation (Opp'n 6), Defendants do not argue that the PRAA bars IPP

[1] Although states often bring *parens patriae* antitrust claims, they do so through an express grant of statutory authority, not under *Snapp*. *See*, e.g., 15 U.S.C. § 15c (authorizing *parens patriae* suits for money damages); *In re Cardizem*, 218 F.R.D. at 521 (analyzing "state law establishing the State Attorneys' General authority to represent consumers").

standing (Mot. 10); indeed, Plaintiff's position that "the Government of Puerto Rico has no cause of action under the PRAA or any other statutory right to relief" supports Defendants' arguments. Opp'n 8. Plaintiff's misrepresentations of Defendants' arguments are likely explained by the fact that Plaintiff's opposition is nearly a wholesale copy-and-paste from Plaintiff's opposition brief in the *Auto Parts* litigation.[2] *Compare* ECF No. 5939, *with* Auto Parts Opp., No. 20-cv-11208 (E.D. Mich. Sept. 17, 2020), ECF No. 20.

Plaintiff's factual assertions are similarly deficient. Again, copying its opposition filed in the *Auto Parts* matter, Plaintiff alleges that Defendants "have already pled guilty to criminal charges." Opp'n 6. As Plaintiff should be aware, *no* moving defendant has pled guilty to any conspiracy to fix prices for color display tubes, *no* moving defendant has pled guilty to the alleged conspiracy to fix prices for color picture tubes, and *no* moving defendant is mentioned in non-party Samsung SDI Company, Ltd.'s narrow plea agreement. ECF No. 3589-1 (true and correct copy of Samsung SDI Company, Ltd.'s Amended Plea Agreement, Case No. 3:11-cr-00162-WHA, ECF No. 26-2).

Plaintiff's recycled, unedited opposition mirrors its slapdash efforts throughout this action. Moreover, Plaintiff's reliance on arguments rejected by the *Auto Parts* court should lead to a similar result here: dismissal of its claims with prejudice for failure to state a claim.

**CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion and dismiss Plaintiff's Complaint in its entirety with prejudice.

Dated: August 4, 2021

Respectfully submitted,

/s/ *Erik T. Koons*
BAKER BOTTS LLP
JOHN M. TALADAY

[2] Further proof is that, in its opposition here, Plaintiff claimed that "Puerto Rico expressly has authorized the Attorney General to bring a claim for unjust enrichment on behalf of consumers of *new and used automobiles*." *Compare* ECF No. 5939 at 11, *with* Auto Parts Opp. at 18-19.

ERIK T. KOONS
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
erik.koons@bakerbotts.com

*Attorneys for Defendant Philips North America LLC*

/s/ *Nathan P. Eimer*
EIMER STAHL LLP
NATHAN P. EIMER (pro hac vice)
neimer@eimerstahl.com
VANESSA G. JACOBSEN (pro hac vice)
vjacobsen@eimerstahl.com
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Telephone: (312) 660-7600
Facsimile: (312) 692-1718

BRIAN Y. CHANG (SBN 287757)
bchang@eimerstahl.com
99 South Almaden Boulevard, Suite 662
San Jose, CA 95113
Telephone: (669) 231-8755

*Attorneys for Defendant LG Electronics USA, Inc.*

/s/ *Christopher M. Curran*
WHITE & CASE LLP
Christopher M. Curran (*pro hac vice*)
Lucius B. Lau (*pro hac vice*)
Dana E. Foster (*pro hac vice*)
Matthew N. Frutig (*pro hac vice*)
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
ccurran@whitecase.com
alau@whitecase.com
defoster@whitecase.com
mfrutig@whitecase.com

*Attorneys for Toshiba America Electronic Components, Inc.*