R. Alexander Saveri (173102)
    rick@saveri.com
Geoffrey C. Rushing (126910)
    grushing@saveri.com
Matthew D. Heaphy (227224)
    mheaphy@saveri.com
Sarah Van Culin (293181)
    sarah@saveri.com
**SAVERI & SAVERI, INC.**
706 Sansome Street
San Francisco, California 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Interim Lead Counsel for the*
*Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates To: | **DIRECT PURCHASER PLAINTIFFS'** |
| *ALL DIRECT PURCHASER ACTIONS* | **ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(f)** |

Pursuant to Civil Local Rules 7-11 and 79-5(f), Direct Purchaser Plaintiffs ("DPPs") hereby move the Court to consider whether another party's material should be sealed.

DPPs have reviewed and complied with this Court's Standing Order Governing Administrative Motions to File Materials Under Seal Before District Judge Jon S. Tigar (Nov. 10, 2021) and Civil Local Rule 79-5.

DPPs propose to seal or redact the following documents or portions thereof:

| Document Proposed to Be Sealed or Redacted | Designating Entity |
| --- | --- |
| Gray highlighted portions of DPPs' Notice of Motion and Motion for Class Certification with Respect to the Irico Defendants; Memorandum of Points and Authorities in Support thereof that contain quotations or information from documents submitted in support of DPPs' Motion for Class Certification with Respect to the Thomson and Mitsubishi Defendants. | Documents sealed by prior Order [ECF No. 3498] |
| Gray highlighted portions of DPPs' Notice of Motion and Motion for Class Certification with Respect to the Irico Defendants; Memorandum of Points and Authorities in Support thereof that contain quotations or information from the Expert Report of Dr. Phillip M. Johnson containing information from documents that Defendants have designated "Confidential" or "Highly Confidential." | All Defendants |
| Gray highlighted portions of DPPs' Notice of Motion and Motion for Class Certification with Respect to the Irico Defendants; Memorandum of Points and Authorities in Support thereof that contain quotations or information from the Deposition of Jing Song Lu. | Chunghwa |
| Exhibit A to the Declaration of R. Alexander Saveri in Support of DPPs' Motion for Class Certification with Respect to the Irico Defendants – Deposition Testimony of Jing Song Lu. | Chunghwa |
| The Expert Report of Dr. Phillip M. Johnson, PhD. | All Defendants |

Civil Local Rule 79-5 governs the filing under seal of documents in civil cases. In compliance with Civil Local Rule 79-5(f), DPPs submit this Administrative Motion because they

1

1    wish to file documents that contain either (a) material designated by a Defendant pursuant to a

2    Protective Order as "Confidential" or "Highly Confidential"; or (b) analysis of, references to, or

3    information taken directly from material designated by a Defendant pursuant to a Protective Order

4    as "Confidential" or "Highly Confidential."

5         DPPs seek to file the above material under seal in good faith in order to comply with the

6    Protective Order in this action and the applicable Local Rules. Because certain defendants and

7    various third parties contend that the material they have designated is confidential in nature, it is

8    their burden to establish that the designated information is sealable. Civil L.R. 79-5(c) & (f); s*ee*

9    *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006). DPPs leave it to this

10   Court's discretion to determine whether the above material should be filed under seal. Courts have

11   repeatedly emphasized that a party must make a "particularized showing of good cause" and show

12   a "compelling reason" to justify the sealing of motions and papers filed with a court. *See Foltz v.*

13   *State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2002) (reversing the lower court's

14   sealing of records because there was no "compelling reason to justify sealing" under the protective

15   order). As the Ninth Circuit has stated, the "hazard of stipulated protective orders" is that they

16   "often contain provisions that purport to put the entire litigation under lock and key without regard

17   to the actual requirements of Rule 26(c)." *Kamakana*, 447 F.3d at 1193. Plaintiffs note that two

18   expert reports containing extensive discussion of the documentary evidence in this case as well as

19   statistical analysis of Defendants' data have been publicly filed in this action. ECF No. 5191-2, Ex.

20   A, D.

21        WHEREFORE, Direct Purchaser Plaintiffs respectfully submit this administrative motion

22   pursuant to the Protective Order and Civil Local Rule 79-5(f) and hereby notify the parties of their

23   burden to establish that the designated material is sealable.

24

25   DATED:  November 19, 2021       Respectfully Submitted,

26          */s/ R. Alexander Saveri*
            R. Alexander Saveri

27          Geoffrey C. Rushing

28          Matthew D. Heaphy

DPPS' ADMIN. MOT. TO CONSIDER WHETHER TO SEAL ANOTHER PARTY'S MATERIAL PURSUANT TO
CIVIL L.R. 79-5(f); Master File No. 07-CV-5944-JST

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Sarah Van Culin
**SAVERI & SAVERI, INC.**
706 Sansome Street
San Francisco, CA 94111
Telephone:     (415) 217-6810
Facsimile:     (415) 217-6813

*Interim Lead Counsel for the
Direct Purchaser Plaintiffs*

3