R. Alexander Saveri (173102)
  *rick@saveri.com*
Geoffrey C. Rushing (126910)
  *grushing@saveri.com*
Matthew D. Heaphy (227224)
  *mheaphy@saveri.com*
Sarah Van Culin (293181)
  *sarah@saveri.com*
**SAVERI & SAVERI, INC.**
706 Sansome Street
San Francisco, California 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Interim Lead Counsel for the*
*Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates To: | **DECLARATION OF R. ALEXANDER SAVERI IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION FOR CLASS CERTIFICATION RE: THE IRICO DEFENDANTS** |
| *ALL DIRECT PURCHASER ACTIONS* | |
| | Date:   March 24, 2022 |
| | Time:   2:00 p.m. |
| | Judge:  Hon. Jon S. Tigar |
| | Ctrm:   6, 2nd Floor |

1    I, R. ALEXANDER SAVERI, declare:

2        1.      I am the managing partner of Saveri & Saveri, Inc., which the Court has appointed

3    to act as interim lead counsel on behalf of the Direct Purchaser Plaintiffs ("Plaintiffs") in this

4    action. I have been involved in almost every aspect of this case since its inception. I submit this

5    declaration in support of Direct Purchaser Plaintiffs' Motion for Class Certification. Except as

6    otherwise noted, I make this declaration of my own personal knowledge, and if called upon to do

7    so, could and would testify competently to the facts contained herein.

8        2.      Irico's co-conspirators are: (a) Chunghwa Picture Tubes, Ltd. and Chunghwa

9    Picture Tubes (Malaysia) Sdn Bhd. (collectively "Chunghwa"); (b) Daewoo International

10   Corporation, Daewoo Electronics Corporation f/k/a Daewoo Electronics Company, Ltd., Orion

11   Electric Company ("Orion"), and Daewoo-Orion Societe Anonyme (collectively

12   "Daewoo/Orion"); (c) Hitachi Ltd.; Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi Asia,

13   Ltd., Hitachi Electronic Devices (USA), and Shenzhen SEG Hitachi Color Display Devices, Ltd.

14   (collectively "Hitachi"); (d) LG Electronics, Inc. ("LGE"), LG Electronics USA, Inc., and LG

15   Electronics Taiwan Taipei Co., Ltd. (collectively "LG"); (e) LP Displays International, Ltd.

16   ("LPD"); (f) Panasonic Corporation, f/k/a Matsushita Electric Industrial Co., Ltd., Matsushita

17   Electronic Corporation (Malaysia) Sdn Bhd., and Panasonic Corporation of North America

18   (collectively "Panasonic"); (g) Koninklijke Philips Electronics N.V., Philips Electronics Industries

19   Ltd., Philips Electronics North America, Philips Consumer Electronics Co., Philips Electronics

20   Industries (Taiwan), Ltd., and Philips dba Amazonia Industria Electronica Ltda. (collectively

21   "Philips"); (h) Samsung Electronics America, Inc., Samsung SDI (Malaysia) Sdn Bhd., Samsung

22   SDI Co., Ltd. f/k/a Samsung Display Device Company ("Samsung SDI" or "SDI"), Samsung SDI

23   Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co. Ltd., and Tianjin

24   Samsung SDI Co., Ltd. (collectively "Samsung"); (i) Thai CRT Company, Ltd.; (j) Toshiba

25   Corporation, Toshiba America, Inc., Toshiba America Consumer Products LLC, Toshiba America

26   Consumer Products, Inc., Toshiba America Electronic Components, Inc., Toshiba America

27   Information Systems, Inc., and Toshiba Display Devices (Thailand) Company, Ltd. (collectively

28   "Toshiba"); (k) MT Picture Display Co., Ltd., f/k/a Matsushita Toshiba Picture Display Co., Ltd.,

1

("MTPD"); (l) Beijing-Matsushita Color CRT Company, Ltd. ("BMCC"); (m) Technicolor SA (f/k/a Thomson SA) ("Thomson SA") and Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.) ("Thomson Consumer"), and Technologies Displays Americas LLC (f/k/a Thomson Displays Americas LLC) ("TDA"), and Videocon Industries, Ltd. ("Videocon") (collectively "Thomson"); and (n) Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc. (f/k/a Mitsubishi Electric & Electronics USA, Inc.), and Mitsubishi Electric Visual Solutions America, Inc. (f/k/a Mitsubishi Digital Electronics America, Inc.) (collectively "Mitsubishi").

3.      This Court has certified numerous direct and indirect purchaser settlement classes. *See* Order Granting Prelim. Approval of Class Action Settlement with Def. Chunghwa Picture Tubes, Ltd. (Aug. 9, 2011) (ECF No. 992) (IPPs); Order Granting Settlement Class Certification and Prelim. Approval of Class Action Settlements with CPT and Philips (May 3, 2012) (ECF No. 1179) (DPPs); Order Granting Settlement Class Certification and Prelim. Approval of Class Action Settlement with Panasonic (Aug. 27, 2012) (ECF No. 1333) (DPPs); Order Granting Settlement Class Certification and Prelim. Approval of Class Action Settlement with LG Defs. (Nov. 13, 2012) (ECF No. 1441) (DPPs); Order Granting Settlement Class Certification and Prelim. Approval of Class Action Settlement with Toshiba Defs. (Mar. 18, 2013) (ECF No. 1603) (DPPs); Revised Order Granting Prelim. Approval of Class Action Settlement with LG Electronics, Inc.; LG Electronics USA, Inc.; and LG Electronics Taiwan Taipei Co., Ltd. (Dec. 9, 2013) (ECF No. 2248) (IPPs); Order Granting Settlement Class Certification and Prelim. Approval of Class Action Settlement with the Hitachi Defs. (Jan. 8, 2014) (ECF No. 2311) (DPPs); Order Granting Settlement Class Certification and Prelim. Approval of Class Action Settlement with the Samsung SDI Defs. (Apr. 14, 2014) (ECF No. 2534) (DPPs); Order Granting Class Certification and Prelim. Approval of Class Action Settlement with the Thomson and TDA Defs. (June 12, 2015) (ECF No. 3872) (DPPs); Order Granting Prelim. Approval of Class Action Settlement with Mitsubishi Elec. Defs. (Feb. 13, 2017) (ECF No. 5116) (DPPs); Order Granting Prelim. Approval (Mar. 11, 2020) (ECF No. 5695) (22 Indirect Purchaser State Classes with Phillips, Panasonic, Hitachi, Toshiba, Samsung, and Thomson/TDA).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4.      Attached hereto as <u>Exhibit A</u> is a true and correct copy of excerpts from the transcript of the deposition of J.S. Lu taken in this action designated "Highly Confidential" by Defendant Chunghwa.

5.      Attached hereto as <u>Exhibit B</u> is a true and correct copy of excerpts from the transcript of the deposition of Zhaojie Wang (Day 3) taken in this action. The Irico Defendants withdrew their "Highly Confidential" designation as to these excerpts by letter dated April 19, 2019, a true and correct copy of which is attached hereto as <u>Exhibit C</u>.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on November 19, 2021 at San Francisco, California.

                         */s/ R. Alexander Saveri*
                         R. Alexander Saveri

3

# EXHIBIT A

EXHIBIT FILED UNDER
SEAL

# EXHIBIT B

1          IN THE UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
2                  San Francisco Division

3   - - - - - - - - - - - - - - - - - -
    IN RE:                             )
4                                      )
    CATHODE RAY TUBE (CRT)             )Master File No.
5   ANTITRUST LITIGATION               )07-CV-5944-JST
                                       )
6                                      )MDL No. 1917
                                       )
7                                      )
                                       )
8   - - - - - - - - - - - - - - - - - -

9              DEPOSITION OF WANG ZHAOJIE

10                HIGHLY CONFIDENTIAL

11                    VOLUME III

12            Friday, March 8th, 2019

13               AT:  9.05 am

14               Taken at:

15             Kobre & Kim
               6/F ICBC Tower
16             3 Garden Road
                  Central
17             Hong Kong

18

19

20

21

22

23   Court Reporter:

24   Bron Williams
     Accredited Real-time Reporter

25

```
1     Actually, it is my question, when you say Caihuang do you

2     mean Irico Royal Company?  Because we don't call this

3     company Caihuang, we just call it Caihong HuangQi.  However,

4     based on the deposition I have went through the whole day,

5     my guess is that Caihuang is Caihong HuangQi, which means

6     Caihuang is Irico Royal Company.

7              MS. CAPURRO:  Okay.  Thank you, Mr. Wang, that's

8     all I have for that document.

9              THE COURT REPORTER:  Exhibit 8423 is marked.

10        (Previously marked Exhibit 1108 shown to witness)

11             MS. CAPURRO:  For the record, this document has

12    been previously marked as Exhibit 1108.  For some reason

13    they marked it on the first page of the document, as opposed

14    to the cover page.

15             THE COURT REPORTER:  If it is previously marked

16    you can hand it straight to the witness and then I won't be

17    confused.

18             MS. CAPURRO:  Mr. Wang, we have handed you

19    a document which has been previously marked as Exhibit 1108

20    in this case.

21             This is a document produced by Chunghwa Picture

22    Tubes in this case reflecting notes of a meeting that took

23    place on May 20th 1999.  Please take a minute to review the

24    document and let me know when you are finished.

25             A.  Yes, I'm done.
```

1          Q.   Directing your attention to the first page of

2     the document, Bates stamped CHU00029191.

3          A.   Okay.

4          Q.   It lists the attendees of this meeting as SDD.

5     Do you see that?

6          A.   Yes.

7          Q.   Does that stand for Samsung SDI?

8          MR. PLUNKETT:   Object to the form.

9          A.   I'm not clear with regard to CPT's statement.

10         Normally we will call it SDI.

11    BY MS. CAPURRO:

12         Q.   Okay, directing your attention to the page

13    Bates stamped CHU00029194.

14         Directing your attention to the paragraph at the

15    top of the page.  It says:

16         "Therefore, all makers agreed that as long as

17    everyone synchronizes the price-up implementation, even at

18    the risk of suffering slow business for one month because

19    customers hesitated or were taking a wait and see attitude,

20    eventually we would pull through and definitely accomplish

21    the price-hike targets according to schedule."

22         Do you see that?

23         A.   Yes, I saw it.

24         Q.   Okay.  Further down the page at bullet 3 it

25    says:

1              "IRICO ... and BMCC."

2              Do you see that?

3              A.  Yes.

4              Q.  It says:

5              "CPT was elected as representative to convey the

6    [quarter] 3 price-up news to IRICO, and ask it to

7    follow ..."

8              Do you see that?

9              A.  Yes.

10             Q.  As Irico's 30(b)(6) designee, were you ever

11   aware of representatives of Chunghwa contacting Irico Group

12   or Irico Display to ask them to follow price agreements

13   reached at meetings of CRT competitors?

14             MR. PLUNKETT:  Object to the form, lacks

15   foundation.

16             A.  I don't understand the situation.  This is

17   a report from CPT.

18             MS. CAPURRO:  Aside from this document, are you

19   aware -- strike that.

20             Aside from this document, did Chunghwa ever

21   contact Irico and ask them to follow price agreements

22   reached at meetings with other CRT competitors?

23             A.  I have no knowledge about that.  What right

24   does CPT have to ask us to follow that price agreement?

25   I don't understand.

```
 1              Q.  You can set that document aside.

 2              (Exhibit 8423  marked for identification)

 3              Q.  Mr. Wang, the court reporter has handed you

 4    the next document that has been marked as an exhibit as

 5    Exhibit number 8423.  Please take a minute to review the

 6    document and let me know when you are ready.

 7              A.  Yes, I have read it.

 8              Q.  See at the top of the page the date says

 9    May 24th, 1999?

10              A.  Yes.

11              Q.  I will refer you back to the previous exhibit.

12    CHU000029191, and the date there was May 20th, 1999.

13    Correct?

14              A.  Yes.

15              Q.  These are notes of Chunghwa's Lu Jing-Song.

16    Do you know Lu Jing-Song?

17              MR. PLUNKETT:  Object to the form.

18              A.  I wouldn't say I know this person, but

19    I thought I met him before.

20     BY MS. CAPURRO:

21              Q.  Directing your attention to the first

22    paragraph, it's:

23              "Just contacted Irico's Vice-President Wei by

24    phone. (Manager Lee is unable to be contacted because he is

25    on a flight from Beijing back to Xian now.)  I explained
```

1    that we hoped that IRICO could cooperate with us to increase

2    the 14-inch CPT sales price starting July 1.  IRICO

3    basically agreed."

4            Do you see that?

5            A.  Yes.

6            Q.  Did Vice President Wei or Manager Lee ever

7    inform you regarding this call from Jing-Song Lu to them?

8            MR. PLUNKETT:  Object to the form, lacks

9    foundation.

10           A.  I can tell right now, no I don't have any

11   impression.

12    BY MS. CAPURRO:

13           Q.  Do you recall where you met Mr. Lu?

14           A.  I don't have a very good strong impression

15   about this person.  When I saw this name and also I realized

16   he is from CPT, so I suppose I have met this person before.

17   With regard to when I met this person, I cannot remember.

18           Q.  Do you recall whether Mr. Lu attended meetings

19   -- strike that.  Do you recall whether you attended meetings

20   of your competitors at which Mr. Lu was also there?

21           A.  With regard to this type of meeting, I have

22   attended many, many such meetings, plus it was very long

23   ago, so if he was there, then I have met him.  If he was not

24   then I have not.  I really don't remember.

25           Q.  Okay.  You can set that document aside.

```
 1              CERTIFICATE OF COURT REPORTER

 2

 3   I, Bron Williams, an Accredited Real-time Reporter, hereby

 4   certify that the testimony of the witness Wang Zhaojie in

 5   the foregoing transcript, numbered pages 1 through 115,

 6   taken on this 8th day of March, 2018 was recorded by me in

 7   machine shorthand and was thereafter transcribed by me; and

 8   that the foregoing transcript is a true and accurate

 9   verbatim record of the said testimony.

10

11

12   I further certify that I am not a relative, employee,

13   counsel or financially involved with any of the parties to

14   the within cause, nor am I an employee or relative of any

15   counsel for the parties, nor am I in any way interested in

16   the outcome of the within cause.

17

18

19   Signed:    Bron Williams

20   Name:    Bron Williams

21   Date:    .......................

22

23

24

25
```

## CERTIFICATE OF DEPONENT

I, WANG ZHAOJIE, hereby certify that I have read the foregoing pages, numbered 1 through 113, of my deposition of testimony taken in these proceedings on Friday, March 8, 2019 and, with the exception of the changes listed on the next page and/or corrections, if any, find them to be a true and accurate transcription thereof.

Signed:· _____

Name:· · Wang Zhaojie

Date:· · 2019. 4. 19

## ERRATA SHEET

Case Name:          In Re Cathode Ray Tube Antitrust Litigation

Witness Name:       Wang Zhaojie

Date:               03/08/2019

| PAGE | LINE | NOW READS | SHOULD READ | REASON |
|------|------|-----------|-------------|--------|
|      |      |           |             |        |
|      |      |           |             |        |
|      |      |           |             |        |
|      |      |           |             |        |
|      |      |           |             |        |
|      |      |           |             |        |
|      |      |           |             |        |
|      |      |           |             |        |
|      |      |           |             |        |
|      |      |           |             |        |
|      |      |           |             |        |
|      |      |           |             |        |

Subscribed and sworn to before me this _19_th day of April, 2019.

WANG ZHAOJIE

Active 40061311.1

# EXHIBIT C

**BAKER BOTTS** LLP

| | | |
|---|---|---|
| 101 CALIFORNIA ST. | AUSTIN | LONDON |
| SUITE 3600 | BEIJING | MOSCOW |
| SAN FRANCISCO, CALIFORNIA | BRUSSELS | NEW YORK |
| 94111 | DALLAS | PALO ALTO |
| | DUBAI | RIYADH |
| TEL +1.415.291.6200 | HONG KONG | **SAN FRANCISCO** |
| FAX +1.415.291.6300 | HOUSTON | WASHINGTON |
| BakerBotts.com | | |

April 19, 2019

Stuart C. Plunkett
TEL: 415.291.6203
FAX: 415.291.6303
stuart.plunkett@bakerbotts.com

VIA ELECTRONIC MAIL

Matthew D. Heaphy
Saveri & Saveri Inc.
706 Sansome Street
San Francisco, CA 94111

Lauren C. Capurro
Trump Alioto Trump & Prescott, LLP
2280 Union Street
San Francisco, CA 94123

> Re:     *In re: Cathode Ray Tubes (CRT) Antitrust Litigation*, Case No. 07-cv-5944-JST,
>           MDL No. 1917

Dear Matthew & Lauren:

The Irico Defendants withdraw the "Highly Confidential" designation from the Wang Zhaojie deposition transcripts and designate the following portions of the transcripts as "Confidential" pursuant to the Stipulated Protective Order:

- March 6, 2019:  13:25-14:5; 33:10-16.

Please feel free to contact me with any questions regarding the above information.

Sincerely,

Stuart C. Plunkett

cc:     Guido Saveri (guido@saveri.com)
         R. Alexander Saveri (rick@saveri.com)
         Geoffrey C. Rushing (grushing@saveri.com)

**BAKER BOTTS** LLP

- 2 -                                                        April 19, 2019

Cadio Zirpoli (cadio@saveri.com)
Mario N. Alioto (malioto@tatp.com)
Joseph M. Patane (jpatane@tatp.com)
Christopher Micheletti (cmicheletti@zelle.com)
Qianwei Fu (qfu@zelle.com)