UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY SCHEDULE** |
| *ALL DIRECT PURCHASER ACTIONS* *ALL INDIRECT PURCHASER ACTIONS* | Judge:   Honorable Jon S. Tigar |

Direct Purchaser Plaintiffs ("DPPs"), Indirect Purchaser Plaintiffs ("IPPs") and Defendants Irico Group Corporation and Irico Display Devices Co., Ltd. ("Irico" or the "Irico Defendants," collectively the "Parties"), by and through the undersigned counsel and pursuant to Federal Rule of Civil Procedure 16(b)(4) and Civil Local Rule 7-12, hereby stipulate as follows:

WHEREAS, the Court's Scheduling Order and Referral to Magistrate Judge for Settlement [ECF 5925] established the schedules for the DPP and IPP cases ("Scheduling Order");

WHEREAS, the Parties have been working on supplementing previously served discovery requests and on December 13, 2021, the DPPs served discovery requests on Irico, and on December 15, 2021, Irico served discovery requests on the DPPs and IPPs, and the IPPs served discovery requests on Irico;

WHEREAS, working conditions in China have been impacted by the Covid virus and on December 28, 2021, the Qindu District of Xianyang City, Shaanxi Province, People's Republic of China, where Irico's facilities are located, issued emergency regulations to combat the spread of the omicron variant of the SARS-COV-2 virus, including: 1) implementing a "stay-at-home" order affecting all citizens, 2) ordering the closure of all non-essential industrial and commercial enterprises who do not house their employees on site; 3) requiring all residents to actively cooperate with epidemic prevention and local health authorities; and, 4) authorizing the local police department to punish any residents who violate the regulations;

WHEREAS, the shutdown in the Qindu District of Xianyang City has resulted in the closure of Irico's facilities and severely impacted Irico's ability to respond to outstanding discovery requests and has made it impracticable to produce witnesses for deposition;

WHEREAS, DPPs and IPPs began meeting and conferring with Irico in August 2021, about conducting depositions of Irico witnesses but travel restrictions in the United States and China and concerns regarding the pandemic complicated the scheduling efforts, and the parties continued to meet and confer multiple times over the following three months as COVID-19 conditions and travel restrictions changed;

WHEREAS, on October 12, 2021, Plaintiffs noticed the depositions of nine Irico witnesses (four of whom were former employees) for early December 2021, but while Irico agreed to

1  produce two current employees for remote deposition via videoconference in Hong Kong, Irico did

2  not provide dates for their depositions due to concerns about COVID-19 and travel restrictions in

3  China;

4  WHEREAS, the Parties are continuing to meet and confer regularly regarding the noticed

5  depositions of additional Irico witnesses including Irico's concerns regarding the relevance of the

6  remaining potential witnesses who are current employees, which are also complicated by the

7  ongoing COVID-19 pandemic, including travel restrictions and shutdowns in China;

8  WHEREAS, the Parties agree that an extension to the discovery schedule would permit the

9  Parties to complete fact discovery and ensure the most efficient use of the Court's time and

10  resources;

11  WHEREAS, the IPPs and Irico agree that, in light of the proposed changes in the discovery

12  deadlines, a similar extension of the expert schedule in the IPP action is warranted and can be

13  achieved without altering other dates in the IPP action, including the currently scheduled trial date;

14  and,

15  WHEREAS, the Parties agree that good cause exists to modify existing deadlines and the

16  Scheduling Order as follows, subject to Court approval:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Deadline to respond to existing discovery (DPP and IPP actions) | Various | February 14, 2022 |
| Depositions of Su Xiaohua and Wang Zhaojie (DPP and IPP actions) | n/a | No later than March 18, 2022 |
| Expert Disclosures (IPP action) | February 11, 2022 | March 16, 2022 |
| Expert Rebuttal (IPP action) | March 25, 2022 | April 27, 2022 |
| Close of Fact Discovery for Plaintiffs (DPP and IPP actions) | January 14, 2022 | May 17, 2022 |
| Close of Expert Discovery (IPP action) | April 22, 2022 | May 23, 2022 |

IT IS HEREBY STIPULATED AND AGREED by and between counsel for DPPs, IPPs and the Irico Defendants that good cause exists to modify the DPP and IPP schedules as follows:

1. The deadline to serve responses to existing discovery requests shall be February 14, 2022, unless a further extension is agreed to by the Parties as might be required for specific discovery requests given the ongoing pandemic response and shutdown in Xianyang City (DPP and IPP actions);

2. The depositions of Su Xiaohua and Wang Zhaojie shall take place via videoconference from Hong Kong no later than March 18, 2022 (Hong Kong time) (DPP and IPP actions);

3. The deadline for Expert Disclosures in the IPP action is extended to March 16, 2022;

4. The deadline for Expert Rebuttal in the IPP action is extended to April 27, 2022;

5. The deadline for the Close of Expert Discovery in the IPP action is extended to May 23, 2022;

6. Irico shall not serve new discovery requests without leave of the Court, and Plaintiffs shall propound any additional discovery and take any depositions with sufficient time to close Fact Discovery on May 17, 2022; and,

7. This Stipulation and Order does not modify any other dates in the Scheduling Order except as stated above.

**PURSUANT TO STIPULATION AND GOOD CAUSE APPEARING, IT IS SO ORDERED.**

Dated: ___January 10, 2022___

_____
HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE

Dated: January 7, 2022

/s/  *R. Alexander Saveri*
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Cadio Zirpoli (179108)
Matthew D. Heaphy (227224)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

/s/  *John M. Taladay*
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
BAKER BOTTS LLP
700 K Street, N.W.
Washington, D.C. 20001
(202) 639-7700
(202) 639-7890 (fax)
Email: john.taladay@bakerbotts.com
         evan.werbel@bakerbotts.com
         tom.carter@bakerbotts.com
         drew.lucarelli@bakerbotts.com

Jonathan Shapiro (State Bar No. 257199)
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
(415) 291-6200
(415) 291-6300 (fax)
Email: Jonathan.shapiro@bakerbotts.com

*Attorneys for Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.*

/s/  *Mario N. Alioto*
Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

| | |
|---|---|
| 1 | **ATTESTATION** |
| 2 | I, John M. Taladay, hereby attest, pursuant to United States District Court, Northern District |
| 3 | of California Civil Local Rule 5-1(i)(3), that each of the other Signatories have concurred in the |
| 4 | filing of the document. |

By: /s/ *John M. Taladay*
John M. Taladay