Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA  94111
Tel:  (415) 871-2888
Fax:  (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No 1917 |
| | Case No C-07-5944 JST |
| This Order Relates To: | |
| ALL DIRECT AND INDIRECT PURCHASER PLAINTIFFS | **SPECIAL MASTER'S ORDER RE ADMISSIBILITY OF CONSPIRATOR DOCUMENTS & STATEMENTS** |

The DPPs and IPPs (collectively "PPs") seek admission into evidence of numerous documents that the PPs contend reflect Irico's participation in the conspiracy to fix and manipulate prices and terms for the sale of CRTs alleged herein.  The issue has a long history.  It involved hearings before the undersigned on May 13 and July 28, 2021, and a great many meet-and-confer sessions among the parties.  Through this process, the parties have worked long, hard and ably to define the scope of the problem before the undersigned and, perhaps more importantly, to facilitate the handling of this evidence by Judge Tigar at trial and on any motions or other proceedings to which these documents may be relevant.  The PPs have

asked the undersigned for a report and recommendation to Judge Tigar that these documents are admissible pursuant to FRE 801(d)(2)(E).

The difficulty with the PPs' request in its present posture lies in its breadth. Instead of pinpointing specific portions of the documents that the PPs seek to use, the PPs have requested a recommendation that would, in essence, admit the entirety of the documents involved.  This is understandable as it appears to the undersigned that most of every one of the documents should properly be admitted and, in many instances perhaps, the entirety of certain documents that are the subject of the PPs' request.  But given the far-reaching consequences that admission of these documents may well have in establishing Irico's liability, it remains necessary carefully to establish the portions of the documents to be admitted or, in instances which warrant admission of the entire document, the basis therefor.

An inventory or catalogue of the documents at issue sets the stage.  On May 21, 2021, the PPs submitted to the undersigned five binders containing 103 documents and a chart indexing the documents, each one individually tabbed and numbered.  For convenience, references to the documents by their respective binder tab numbers makes sense.

Following the hearings and conferences before the undersigned and the meet and confer sessions, the universe of the documents for which the PPs sought a report and recommendation to admit in evidence narrowed somewhat.  The parties agreed that all but one document (Tab 51) may be deemed authentic.  The parties further agreed that documents under 62 tabs were business records pursuant to FRE 803(6).  The PPs withdrew a number of documents from further consideration.  See Saveri letter to the undersigned, Dec 16. 2021. Accompanying that letter was a revised chart dated 12/16/2021.

The revised chart appears, in some instances, to list different documents under the same tab number.  For example, Tab 12 lists Chungwha Meeting Note dated August 1, 1999 CHU0003 0819-22 and Samsung SDI Meeting Note dated August 5, 1999 SDCRT-0086672-74. Similarly, Tab 27 lists two separate documents and so on.  Undoubtedly, the PPs can straighten

out these duplications with a revised chart, so each tab number lists one and only one document.  This will facilitate both the undersigned's review and eventually prove a convenience to Judge Tigar.

Before getting to the heart of a process to resolve the admissibility of the documents at issue, the undersigned turns first to the document under Tab 51 of the 12/16/2021 chart as it presents a discrete and limited question.  Irico's objection appears to be that the document is incomplete because some pages are missing and, therefore the document is of dubious authenticity.  See Werbel Ltr to Saveri et al, Sept 28, 2021.  The objection is not well taken.  The test of authenticity of a document does not depend on it being compete in its four corners.  Instead, the test is whether the proponent has submitted "evidence sufficient to support a finding that the item is what the proponent claims it is."  FRE 901.  In this case, the document essentially speaks for itself in the context of the issues in this litigation.  The document reflects a meeting on June 20, 2000, attended by representatives of various producers of CRTs, defendants herein.  In this context, a jury could draw the inference that the document indicates that a representative of CPT was planning to travel to Shanghai to meet ("→") with Irico.  Obviously, this is the purpose for which the PPs seek to admit the document.  Irico reserves a hearsay objection to the admission of this document, but that objection goes to whether the meeting occurred and, if it did, whether Irico attended.  The existence of the meeting and Irico's attendance must be established by other evidence and is not involved in the matter before the undersigned.  Although Irico has challenged the authenticity of this document, Irico has agreed not to contest that the document qualifies as a business record under FRE 803(6) if the authenticity objection is overruled.  Having determined that the document meets the test for authenticity, it may also be deemed to be a business record.

Turning now to the heart of the matter before the undersigned.  In his October 16, 2016, order Judge Tigar stated that he would follow a six-step process similar to one taken by Judge Hamilton in the final pretrial order in *Sun Microsystems, Inc v Hynix Semiconductor, Inc,*

4:06-CV-01665 PJH.  Judge Hamilton's order dealt with the preliminary facts that must be established for the introduction at trial of extra-judicial statements of co-conspirators.  The process that Judge Hamilton described, and Judge Tigar suggested he would follow, does not appear to fit precisely what may be necessary here to make the admissibility determination that the parties have asked the undersigned to make.  Judge Tigar described the process thusly:

> No later than 12:00 p.m. on the business day prior to calling the witness(es) seeking to introduce such statement(s) at trial, the party seeking to introduce such statement(s) must deliver to chambers and to opposing parties two copies of a chart and any related materials delineating: (1) the identity of the testifying witness; (2) a statement describing the witness; (3) a summary of the evidence showing that the witness knew about and participated in the conspiracy; (4) the emails to be introduced via that witness, identifying within the email the specific co-conspirator statements to be introduced via that witness; (5) the identity of the declarant of each specific co-conspirator statement; and (6) a  summary of the evidence showing that each declarant of the co-conspirator statement(s) knew about and participated in the conspiracy.  The court will hear all arguments regarding the introduction of co-conspirator statements the following day prior to trial.  While the court will issue a ruling as to the evidentiary admissibility of co-conspirator statements prior to trial, however, the court will reserve any ruling as to whether a statement was made "in furtherance" of a conspiracy until after the statement has been introduced at trial.

Obviously, literal adherence to this process can be followed only at the trial itself or before consideration of evidence in connection with motion practice.  Those events are months in the future.  It is somewhat of a puzzle how to go through those steps given what is now before the undersigned.  Consequently, for purposes of a report and recommendation to the court regarding the documents at issue, the undersigned believes that following is both faithful to the applicable law and consistent with the spirit of Judge Tigar's intended process.  What the undersigned can do now is to examine the documents the PPs offer and the statements therein and recommend whether or not they meet or fail to meet the requites of FRE 801(d)(2)(E).

The law concerning admission of co-conspirator statements is well-plowed ground familiar to the parties, as evident from their submissions.  The lay of this land is that admissibility of a co-conspirator's statement made during the course and in furtherance of the conspiracy rests upon proof that a conspiracy existed and that the defendant and the declarant were members of the conspiracy.  These preliminary issues of admissibility are resolved in accordance with FRE  104(a), which provides in pertinent part, that a court, in a preliminary question of admissibility, is not bound by the rules of evidence.  In the main (although there is some contrary authority), this evidence must be independent and apart from the co-conspirator statement itself.  The safer course for the court is not to depend on the statement itself in making the preliminary determination.

In order to comply with these requirements, the PPs are directed as follows:

1. Independent of the documents themselves, the PPs shall make a proffer of evidence to establish:

    a.  The existence of the agreement ("conspiracy") alleged herein;

    b.  The purpose of the agreement;

    c.  The parties to the agreement; and

    d.  The approximate duration of the agreement; and

2. Separately for Irico and independent of the documents at issue, the PPs shall make a proffer of evidence to establish that Irico became a party to the agreement.

If the PPs establish these predicate facts, then the undersigned will recommend that any or all of the contested documents that reflect statements by any of the parties identified in 1.c., above, shall be admitted pursuant to FRE 801(d)(2)(E).  Irico may, of course, contest the adequacy of the PPs' showings.  Given the long history of this litigation and voluminous evidence available to the PPs, it seems likely that the PPs will be able to make these showings for a very large number of the persons or entities associated with statements in the contested documents.  If Irico identifies statements in these documents made by persons or

entities not shown to have participated in the agreement, Irico may object to the admission of those statements and move to strike the relevant portions of the documents containing those statements and those portions of the documents shall be redacted, but the document otherwise admitted.

Given the lengthy time that this matter has been pending and the extensive efforts of counsel, the undersigned is reluctant to require still more process.  But because the steps required herein would likely be required at trial, it seems prudent to require them now.  As to the extent of the proffers, it does not seem likely that they should be lengthy or difficult for the PPs to assemble.  After a decade and half of litigation, the PPs have much with which to work.  Undoubtedly, the parties can agree on a schedule for the submissions herein required.

IT IS SO ORDERED.

Date:    February 21, 2022

_____

Vaughn R Walker
United States District Judge (Ret)

The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified and Recommendation re Admission Requested  _X_  Yes  _____  No.

Date:   _March 3, 2022_____

_____

Honorable Jon S Tigar
United States District Judge