Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415-346-0679
Email: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the
Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | **MDL No. 1917**<br>**Master File No. 4:07-cv-5944 JST** |
| This Document Relates to:<br><br>INDIRECT PURCHASER ACTIONS FOR THE 22 STATES | **STIPULATION AND [PROPOSED] ORDER APPROVING PAYMENT OF EXPENSES FROM SETTLEMENT FUNDS**<br><br>Judge: Hon. Jon S. Tigar |

WHEREAS, this Court finally approved the Indirect Purchaser Plaintiffs' ("IPPs") settlement with defendant Chunghwa Picture Tubes, Ltd. ("Chunghwa") on March 22, 2012, ECF No. 1105;

WHEREAS, the Chunghwa settlement agreement provides that, after the Chunghwa settlement becomes final, IPP counsel may apply to the Court for distribution to them from the Settlement Fund for "reimbursement of expenses and costs incurred, or to be incurred, in connection with prosecuting the Action;"[1]

WHEREAS, this Court finally approved the IPPs' settlement with the LG Electronics Defendants[2] and entered final judgment with respect to the claims made against them on April 18, 2014, ECF Nos. 2542, 2543;

WHEREAS, the LG settlement agreement provides that "after final approval, Class Counsel may apply to use any amount paid by LG to pay the past or future expenses of this litigation;"[3]

WHEREAS, IPPs and the Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson and Technologies Displays Defendants[4] entered into settlement agreements in 2015 (the "2015 Settlements");

WHEREAS, each of the settlement agreements, except that of the Samsung SDI Defendants, provides that defendants agree "to permit use of a maximum of $525,000 of the[ir respective] Settlement Fund towards notice to the class and the costs of administration of the Settlement Fund. . . ," [and] that "[t]he $525,000 in notice and administration expenses are not

---

[1] ECF No. 884-1 (Chunghwa Settlement Agreement, ¶ 23(a)).

[2] The LG Electronics Defendants are LG Electronics, Inc., LG Electronics USA, Inc. and LG Electronics Taiwan Taipei Co., Ltd.

[3] ECF No. 1931-1 (LG Settlement Agreement, ¶ 22(a)).

[4] The entities comprising each of these defendant groups are listed in their respective settlement agreements. *See* ECF Nos. 3862-1 (Philips); 3862-2 (Panasonic); 3862-3 (Hitachi); 3862-4 (Toshiba); 3862-5 (Samsung SDI); and 3876-1 (Thomson/TDA). These defendants are collectively referred to herein as the "2015 Defendants." All defendants, including the Chunghwa and LG Defendants, are collectively referred to herein as "Defendants."

recoverable if this settlement does not become final to the extent such funds are expended for notice and administration costs;"[5]

WHEREAS, the Samsung SDI Settlement Agreement contains the same provision as the other defendants' settlement agreements, but provides that $625,000 is non-refundable in the event the settlement does not become final;[6]

WHEREAS, the aggregate, non-refundable amount that IPPs may expend from the 2015 Settlements on notice and claims administration expenses prior to those settlements becoming final is $3,250,000;

WHEREAS, all of the 2015 Settlements provide that:

> If notice to the Class is given jointly with a notice of settlement(s) with any other settling defendant, for purposes of Paragraph 18 below, the costs of notice and claims administration shall be prorated with any other such defendant based on their respective settlement amounts.[7]

WHEREAS, pursuant to this Court's Preliminary Approval Order dated July 9, 2015 (ECF No. 3906), IPPs provided notice of the 2015 Settlements to class members and their right to file claims against all settlements beginning in August 2015;

WHEREAS, class members filed claims to share in the proceeds of all settlements, and the claims administrator has been receiving and administrating those claims since August 2015;

WHEREAS, the Court granted final approval to the 2015 Settlements on July 7, 2016, ECF No. 4712, which order was appealed to the Ninth Circuit;

WHEREAS, this Court's approval of the 2015 settlements was appealed to the Ninth Circuit and, following remand to this Court, IPPs and Defendants entered into Amended Settlements;

---

[5] *See, e.g.,* ECF No. 3862-3 (Hitachi Settlement Agreement, ¶ 18(a)).

[6] *See* ECF No. 3862-5 (Samsung SDI Settlement Agreement, ¶ 19(a)).

[7] *See, e.g.* Hitachi Settlement Agreement, ¶9; *see also* Samsung SDI Settlement Agreement, ¶9 ("If notice to the Class is given jointly with a notice of the settlement(s) with any other settling defendant for purposes of Paragraph 19 below, the costs of notice and claims administration shall be prorated with any other such defendant based on their respective settlement amounts, subject to the total limit set out in Paragraph 19 below").

1  WHEREAS, in accordance with this Court's Order Granting Preliminary Approval of the Amended Settlements (ECF No. 5695), IPPs provided notice of the Amended Settlements to class members in April 2020;

WHEREAS, on March 27, 2020, this Court approved the withdrawal of $1,000,000 from the Settlement Funds to pay notice and administration costs that had been incurred or were to be incurred;

WHEREAS, on July 13, 2020, this Court granted final approval of the Amended Settlements (ECF No. 5786) and entered Final Judgment (ECF No. 5804);

WHEREAS, on September 22, 2021, the Ninth Circuit affirmed this Court's approval of the Amended Settlements and remanded to this Court "for further proceedings, including but not limited to, implementation of the settlements";[8]

WHEREAS, on December 23, 2021, the Ninth Circuit rejected objectors' Petition for Rehearing and Rehearing En Banc (ECF No. 5973) and on January 3, 2022, issued its formal mandate returning jurisdiction to this Court (ECF No. 5975);

WHEREAS, in accordance with the Settlement Agreements, IPPs' Lead Counsel seeks to withdraw a total of $685,519.84 from the Settlement Funds to pay for notice and claims administration expenses;

WHEREAS, the notice and claims administration expenses paid or to be paid from the Settlement Funds can be categorized as follows:

| CATEGORY | AMOUNT |
|---|---|
| Notice to Class Members | $1,696,843.42 |
| Claims Administration[9] | $1,553,156 |

---

[8] *Indirect Purchaser Plaintiffs v. Toshiba Corp., et al.*, No. 20-15697, ECF No. 85-1.

[9] Claims Administration expenses include, *inter alia*, the time spent by the Claims Administrator to (1) set up and manage the website, (2) set up and staff the call center, (3) process claims and validate data, (4) audit claims and communicate with claimants, (5) communicate with class counsel, and (6) prepare declarations and supporting information for the Court regarding notice and claims.

WHEREAS, IPP Lead Counsel has audited these notice and claims administration expenses and has determined them to be reasonable and necessary for notice and claims administration relating to the Settlements in this case;

WHEREAS, the total amount expended from the 2015 Settlements on notice and claims administration expenses after payment of these additional expenses will not exceed the aggregate, non-refundable amount of $3,250,000, as provided in the 2015 Settlements;

WHEREAS, undersigned Defendants have no objection to IPPs' Lead Counsel withdrawing a total of $685,519.84 from the Escrow Funds to pay for notice and claims administration expenses;

WHEREAS, the Hitachi Defendants have no objection to IPPs' Lead Counsel withdrawing $166,073.78 from the Hitachi Settlement Fund;

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the undersigned IPPs and Defendants, as follows:

Lead Counsel for the IPPs may withdraw $685,519.84 from the Settlement Funds to pay notice and claims administration expenses incurred in this litigation, in the following amounts from the following Settlement Fund accounts:

| Defendant Escrow Account | Amount |
|---|---|
| Toshiba | $140,347.18 |
| Hitachi | $166,073.78 |
| Thomson/TDA | $335,294.18 |
| Chunghwa | $12,545.00 |
| LG Electronics | $31,259.70 |

//
//

The undersigned parties jointly and respectfully request that the Court enter this stipulation as an order.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:_____

_____
Hon. Jon S. Tigar
United States District Judge

DATED: March 24, 2022                **TRUMP, ALIOTO, TRUMP & PRESCOTT LLP**

By: */s/ Mario N. Alioto*
Mario N. Alioto (56433)
Lauren C. Capurro (241151)
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs for the 22 States*

**WHITE & CASE LLP**

By: */s/ Christopher M. Curran*
WHITE & CASE LLP
CHRISTOPHER M. CURRAN
ccurran@whitecase.com
LUCIUS B. LAU
alau@whitecase.com
DANA E. FOSTER
defoster@whitecase.com
MATTHEW N. FRUTIG
mfrutig@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

| | | |
|---|---|---|
| DATED: March 24, 2022 | By: | /s/   Kathy L. Osborn |

FAEGRE DRINKER BIDDLE & REATH LLP
KATHY L. OSBORN
Email: kathy.osborn@faegredrinker.com
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000

JEFFREY S. ROBERTS
Email: jeff.roberts@faegredrinker.com
1144 15th Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

DATED: March 24, 2022        By: /s/     Donald A. Wall

SQUIRE PATTON BOGGS (US) LLP
DONALD A. WALL
Email: donald.wall@squirepb.com
1 East Washington Street, Suite 2700
Phoenix, AZ 85004
Telephone: (602) 528-4005
Facsimile: (602) 253-8129

*Attorneys for Defendant Technologies Displays Americas, LLC*

### ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Lauren C. Capurro, attest that concurrence in the filing of this document has been obtained from all signatories. I declare under penalty of perjury that the foregoing is true and correct. Executed this 24th day of March, 2022 at San Francisco, California.

/s/ Lauren C. Capurro