1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **STIPULATION AND [PROPOSED] ORDER RE: IRICO DATA PRODUCTION** |
| *ALL DIRECT PURCHASER ACTIONS* *ALL INDIRECT PURCHASER ACTIONS* | Judge:   Honorable Jon S. Tigar |

Direct Purchaser Plaintiffs ("DPPs"), Indirect Purchaser Plaintiffs ("IPPs") (together, "Plaintiffs"), and Defendants Irico Group Corporation and Irico Display Devices Co., Ltd. ("Irico" or the "Irico Defendants"), by and through the undersigned counsel and pursuant to Civil Local Rule 7-12, hereby stipulate as follows:

WHEREAS, Plaintiffs' discovery requests seek production of data of the Irico Defendants' (including records of Irico Group Electronics Co. Ltd.) sales of CRTs and CRT Products;

WHEREAS, Irico represents that the most complete source of such information is contained in invoices, receipts, and accounting vouchers stored in paper files ("Invoice Records");

WHEREAS, Plaintiffs requested that Irico scan and produce all of its responsive Invoice Records;

WHEREAS, Irico had compiled some of the sales information into a spreadsheet from the Invoice Records;

WHEREAS, given the burden and expense of scanning all of the potentially responsive Invoice Records, Irico proposed that Plaintiffs accept this spreadsheet in lieu of the production of the Invoice Records;

WHEREAS, Plaintiffs believe the data collected to date is deficient because it lacks certain information, including invoice dates and product numbers, where applicable and available; and

WHEREAS, Irico has agreed going forward to include certain additional information in its future data compilations, including invoice dates and product numbers, to the extent applicable and available on the Invoice Records;

IT IS HEREBY STIPULATED AND AGREED by and between counsel for Plaintiffs and the Irico Defendants that:

1. The parties agree that in lieu of producing the Invoice Records, Irico shall produce the spreadsheet reflecting sales data compiled from its Invoice Records.

2. Irico shall produce the spreadsheet of sales data it has already compiled containing the following fields to the extent applicable and available in the original Invoice Records:

    a. Entity

    b. Receipt #

        c. Voucher Year

        d. Voucher Month

        e. Voucher #

        f. Contract #

        g. Product

        h. Quantity

        i. Total Price (USD)

        j. Net Revenue (RMB)

        k. Tax-included (RMB)

        l. Customer

        m. Domestic vs. Export

        n. Export Destination

    3. Irico shall further review the Invoice Records for 50 percent of the transactions represented in the spreadsheet of sales data it has already compiled to determine whether the invoice or receipt contains a product number or model number. Irico shall then produce a supplemental spreadsheet containing such data for transactions for which it identifies a product or model number.

    4. Irico shall further supplement the sales data spreadsheet to add sales data from other Invoice Records and records of China National Electronics Import & Export Caihong Co., including the above fields and the following additional fields to the extent applicable and available, and shall produce this final spreadsheet containing all sales data to Plaintiffs as soon as available:

        a. Day (voucher)

        b. Invoice Year

        c. Invoice Month

        d. Invoice Day

        e. Product Number or Model Number

    5. Irico shall provide samples from the Invoice Records for up to 100 spreadsheet line items specified by Plaintiffs in order to verify the accuracy of the spreadsheets.

6. Irico may not challenge the reliability or accuracy of the Irico spreadsheets of sales data, nor their sufficiency as a summary of Irico's sales of CRTs and CRT Products, including with regard to Plaintiffs' experts' use of this data.

7. Irico may not rely on or use for any purpose any Invoice Records that it has not produced as of the date of this stipulation except for any Invoice Records that are provided to Plaintiffs pursuant to Paragraph 5 above.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: March 31, 2022

HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE

Dated: March 31, 2022

| | |
|---|---|
| /s/ *R. Alexander Saveri* | /s/ *John M. Taladay* |
| Guido Saveri (22349) | John M. Taladay (*pro hac vice*) |
| R. Alexander Saveri (173102) | Evan J. Werbel (*pro hac vice*) |
| Geoffrey C. Rushing (126910) | Thomas E. Carter (*pro hac vice*) |
| Cadio Zirpoli (179108) | Andrew L. Lucarelli (*pro hac vice*) |
| Matthew D. Heaphy (227224) | BAKER BOTTS LLP |
| SAVERI & SAVERI, INC. | 700 K Street, N.W. |
| 706 Sansome Street | Washington, D.C. 20001 |
| San Francisco, CA 94111 | (202) 639-7700 |
| Telephone: (415) 217-6810 | (202) 639-7890 (fax) |
| Facsimile: (415) 217-6813 | Email: john.taladay@bakerbotts.com |
| | evan.werbel@bakerbotts.com |
| *Lead Counsel for Direct Purchaser Plaintiffs* | tom.carter@bakerbotts.com |
| | drew.lucarelli@bakerbotts.com |

/s/ *Mario N. Alioto*

Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the
Indirect Purchaser Plaintiffs*

*Attorneys for Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.*