Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2001 Union Street, Suite 483
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs for the 22 States*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-05944-JST<br>Case No. 4:13-cv-03234-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>INDIRECT PURCHASER ACTIONS FOR THE 22 STATES | **[PROPOSED] ORDER GRANTING MOTION FOR ORDER APPOINTING FUND ADMINISTRATOR AND AUTHORIZING DISTRIBUTION OF SETTLEMENT FUNDS**<br><br>Hearing Date: July 28, 2022<br>Time:         2:00 p.m.<br>Courtroom:  6, 2nd Fl. (Oakland)<br>Judge:         Hon. Jon S. Tigar |

The Court, having considered Indirect Purchaser Plaintiffs' Motion for Order Appointing Fund Administrator and Authorizing Distribution of Settlement Funds ("Motion"), the Declaration of Joseph M. Fisher Re: Notice, Claims Processing and Distribution of the Net Settlement Funds ("Fisher Declaration"), the pleadings and other papers on file in this action, and the statements of counsel and the parties, and finding good cause appearing, hereby GRANTS the Motion as follows:

1. The Notice Company, the previously Court-appointed Settlement Administrator, is hereby appointed the Fund Administrator pursuant to 26 U.S.C. § 468B(g) and the related United States Regulations of the "Indirect Purchaser CRT Antitrust Qualified Settlement Fund ("QSF").

2. In its capacity as Fund Administrator, The Notice Company shall determine and perform the tax obligations of the QSF, including but not limited to income tax return filing, income tax paying and information return reporting.

3. The Escrow Agents, Citi Bank and Union Bank, are ORDERED to transfer all funds related to the Escrow Accounts to the accounts established for the QSF at Western Alliance Bank ("Western") and administered by The Notice Company.

4. The Notice Company shall not disburse, withdraw, or transfer any funds from the QSF accounts at Western without written authorization from IPP Lead Counsel, Mario N. Alioto.

5. The Notice Company's claims review process and audit procedures, as set forth in the Fisher Declaration, were fair, adequate, and reasonable, and provided a full and fair opportunity for potential class members to submit a valid claim.

6. The Notice Company's conclusion that a $25 (twenty-five dollars) minimum payment to each approved End User and Reseller claimant would conserve administration funds, and therefore provide a greater net benefit to the class overall, is reasonable and is hereby approved.

7. The Notice Company's recommendations regarding the approved CRT Weighted Units for each End User claimant (Exhibit D to the Fisher Declaration) and each Reseller claimant (Exhibit E to the Fisher) are hereby adopted and approved.

8. The Court authorizes distribution of the Chunghwa Net Settlement Fund to End User and Reseller claimants as set forth in Exhibits D and E to the Fisher Declaration, in accordance with the Court-approved Plan of Distribution for the Chunghwa Settlement.

9. The Court authorizes the distribution of the Net Settlement Funds for all other settlements to End User claimants as set forth in Exhibits D to the Fisher Declaration, in accordance with the Court-approved Plan of Distribution for those settlements.

10. The Court approves IPPs' proposal for paying claims filed after the applicable Court-ordered deadlines ("Late Claims") as fair and reasonable. Late Claims shall be paid as follows:

   a. Late Claims "on file" with the Settlement Administrator as of May 5, 2020, and approved by the Settlement Administrator, shall be paid at 50%-unit value, as compared with Timely Claims, which shall be paid at 100%-unit value;

   b. Placeholder Claims which, as of May 5, 2020, did not provide a good-faith number of CRT units purchased are not considered "on file" and shall not be paid;

   c. Claims filed after May 5, 2020 are rejected;

   d. Application of the 50% reduction to Late Claims shall not reduce the value of any such claim to less than the minimum payment of $25 (unless the minimum payment is reduced to less than $25 for all claimants);

   e. If any residual remains in the Net Settlement Funds after distribution checks become stale, such residual will be shared as follows (i) if the residual is less than or equal to $12 million, it shall be share pro rata by the Late Claimants, subject to a minimum threshold set at the Settlement Administrator's discretion, and (ii) if the residual is more than $12 million, it shall be shared pro rata by all claimants, subject to a minimum threshold set at the Settlement Administrator's discretion;

   f. The Settlement Administrator is authorized to conduct this second distribution of the residual funds without further Court approval.

11. Checks issued to claimants by The Notice Company shall bear the notation "Non-Negotiable After 180 Days" or "Void After 180 Days." The Notice Company shall void all uncashed checks following the expiration of the 180-day void date. The Notice Company may re-issue checks as necessary.

12. To the extent there are residual funds resulting from any uncashed checks after the second distribution of funds outlined in Paragraph 11, these funds shall become a part of the QSF

and Lead Counsel shall report to the Court the total amount and the suggested disposition of such residual funds. These residual funds shall not be distributed except by order of the Court.

13.     The Court finds that the fees and expenses incurred by The Notice Company in processing and auditing claims from September 1, 2021 through May 31, 2022 were reasonably incurred in the ordinary course of administering the settlements and necessary given the nature and scope of the case. The Court authorizes the payment of $99,240.13 to The Notice Company on a pro rata basis from the Chunghwa Net Settlement Fund and the Net Settlement Funds for the other settlements.

14.     The Court finds the expenses incurred by IPP Counsel for the continued prosecution and settlement of this case to be fair and reasonable. The Court approves the $2,330,710.87 paid from the Future Expense Fund and grants the motion for the reimbursement to IPP Counsel in the amount of $345,171.76, to be paid on a pro rata basis from the Chunghwa Net Settlement Fund and the Net Settlement Funds for the other settlements.

15.     The Notice Company's estimate that its remaining work from June 1, 2022 to the completion of final distribution will cost approximately $600,000 is reasonable, and the Court orders that $600,000 be withheld on a pro rata basis from the Chunghwa Net Settlement Fund and the Net Settlement Funds for the other settlements.

16.     The Court approves the reserve of $10,000,000 of the Net Settlement Funds, on a pro rata basis, from funds distributed to claimants being awarded $1 million or more, for any contingencies that may arise with respect to claims, to pay for any other future fees or expenses that are authorized by the Court and incurred in connection with administering the Settlements, as well as any further escrow fees, taxes, and the costs of preparing appropriate tax returns. Any unused portion of the reserve funds shall be distributed to the claimants from which it is withheld when authorized by the Court following a subsequent motion for distribution.

17.     Unless otherwise ordered by the Court, one year after distribution of the Net Settlement Funds has commenced, The Notice Company may destroy the paper copies of the Proofs of Claim and all supporting documentation and, one year after all funds in the Net Settlement Funds have been distributed, The Notice Company may destroy electronic copies of the same.

**IT IS SO ORDERED.**

Dated: _____                    _____
                                            Hon. Jon S. Tigar
                                            United States District Judge

4

[PROPOSED] ORDER GRANTING IPPS' MOTION FOR ORDER APPOINTING FUND ADMINISTRATOR AND AUTHORIZING DISTRIBUTION OF SETTLEMENT FUNDS; Master File No. CV-07-5944-JST; MDL No. 1917