BAKER BOTTS LLP
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
       evan.werbel@bakerbotts.com
       tom.carter@bakerbotts.com
       drew.lucarelli@bakerbotts.com

*Attorneys for Defendants
Irico Group Corp. and Irico
Display Devices Co., Ltd.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No.: 07-cv-05944 JST<br><br>MDL No. 1917<br><br>**DEFENDANTS IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.'S NOTICE OF MOTION AND EMERGENCY MOTION FOR RELIEF FROM SCHEDULING ORDER (CIV. L.R. 16-2(d))**<br><br>Date:        August 11, 2022<br>Time:       2:00 p.m.<br>Judge:      Hon. Jon S. Tigar<br>Courtroom: 6, 2nd Floor |
| This document relates to:<br><br>*ALL DIRECT PURCHASER ACTIONS*<br><br>*ALL INDIRECT PURCHASER ACTIONS* | |

# NOTICE OF MOTION AND EMERGENCY MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 11, 2022, at 2:00 p.m.,[1] or at such other date as is convenient for the Court, before the Honorable Jon S. Tigar, United States District Judge of the Northern District of California, Oakland Courthouse, located at Courtroom 6, 2nd Floor, 1301 Clay Street, Oakland, California, Defendants Irico Group Corp. and Irico Display Devices Co., Ltd., by and through their undersigned counsel, will and hereby do move, pursuant to Rule 16 of the Federal Rules of Civil Procedure and Civil Local Rule 16-2(d), for an Order modifying the current Order re Case Schedule, ECF No. 6016, regarding the June 30, 2022 deadline for the depositions of Wang Zhaojie, Su Xiaohua, and Yan Yunlong, and related pre-trial motion dates in the current IPP schedule.

This Motion is based on the Notice of Motion, the following Memorandum of Points and Authorities in support thereof, the accompanying Declaration of Evan Werbel, the accompanying Declaration of Zhang Wenkai, any materials found in the record, along with the argument of counsel and such other matters as the Court may consider.

## ISSUES TO BE DECIDED

1. Whether good cause exists to modify the current deadline for depositions of Irico witnesses Wang Zhaojie and Yan Yunlong and related pre-trial motion dates in the current IPP schedule?

---

[1] Irico acknowledges that this hearing date is after the date currently scheduled for the depositions at issue; however, based on new information from the witnesses and continuing negotiations with the Plaintiffs, Irico is filing this Motion at the first available opportunity.

IRICO DEFENDANT'S MOTION FOR RELIEF FROM SCHEDULING ORDER — 1 — MASTER FILE NO.: 07-CV-05944-JST / MDL NO. 1917

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and Civil Local Rule 16-2(d), Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. ("Irico" or "Irico Defendants") respectfully move the Court for relief from the operative Order re Case Schedule, ECF No. 6016, requiring Irico employees Wang Zhaojie, Su Xiaohua[2], and Yan Yunlong to appear for deposition prior to June 30, 2022.[3] A proposed order modifying the current case management schedule is filed herewith. The Direct Purchaser Plaintiffs ("DPPs") and Indirect Purchaser Plaintiffs ("IPPs," together "Plaintiffs") have indicated to counsel for Irico that they do not concur with this motion.

## PRELIMINARY STATEMENT

Irico seeks relief from the current case management schedule because the witnesses at issue, who had previously agreed to be deposed remotely outside of China, currently will not agree to travel to Macau to sit for remote depositions in midst of global pandemic given the severe quarantine restrictions that they will face upon their return to mainland China. Under current conditions, these depositions would absorb at least twenty-five (25) days of the witnesses' time given travel and quarantine requirements. The witnesses have indicated, however, that they are prepared to travel to Macau for depositions once the quarantine conditions are lifted, and Irico is working with the witnesses to facilitate their participation under more reasonable Covid restrictions. For this reason, Irico now requests a modification to the Court's scheduling order that would allow for the depositions to occur at a later date, but without impacting the new IPP trial date recently set by the Court.

Irico has worked diligently over the last ten months with Plaintiffs and the witnesses to allow Plaintiffs to take these depositions. Such scheduling has been repeatedly stymied by the

---

[2] As detailed below, Mr. Su recently resigned from Irico and has indicated that he is not willing to travel to Macau for a deposition.

[3] Irico is also respectfully requesting that the Court modify certain dates in the IPP schedule related to dispositive motions and motions in limine, given the need to develop the factual record fully before filing such motions and the fact that moving these dates will not impact the new trial date recently set by Court. *See* Amended Scheduling Order, ECF No. 6024. While drafting the proposed schedule, Irico has made best efforts to follow the Court's prior scheduling orders with respect to the intervals between these events.

| IRICO DEFENDANT'S MOTION FOR | 2 | MASTER FILE NO.: 07-CV-05944-JST |
| RELIEF FROM SCHEDULING ORDER | | MDL NO. 1917 |

unique circumstances of the Covid pandemic in China, through no fault of Irico or the Plaintiffs. Due to the illegality of conducting in person or remote depositions in China under Chinese law,[4] Irico's witnesses must travel outside of mainland China in order to give a deposition, but such travel is subject to the severe restrictions put in place by Chinese national and local authorities. At all times, Irico has sought to find a solution and has not refused, at any time, to produce the requested witnesses for deposition. Irico believed that the depositions would be going forward earlier this month until they learned that the witnesses, when push came to shove, refused to accept the current excessive quarantine time requirements.

The history of the scheduling process confirms Irico's good faith effort to produce the requested witnesses for depositions. As explained in greater detail below, Plaintiffs initially insisted on in-person depositions but ultimately agreed to remote depositions given the Covid crisis. Because China does not allow depositions to occur on Chinese soil, Irico first tried to arrange for its witnesses to travel to Hong Kong to conduct the remote depositions, but that effort failed when Hong Kong effectively shut down due to a significant surge in omicron cases. Dan Strumpf, Hong Kong Hospital Wards Overflow as Omicron Defies Zero-Covid Policies, The Wall Street Journal (Feb. 15, 2022), https://www.wsj.com/articles/hong-kong-hospital-wards-overflow-as-omicron-defies-zero-covid-policies-11644937247. Irico diligently pursued other alternatives and targeted Macau as an alternate location. After applying for visas for its witnesses to travel to Macau in the midst of the pandemic, one of its potential witnesses, Su Xiaohua, resigned from the company rather than endure the required quarantine. *See* Declaration of Zhang Wenkai in Support of Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.'s Emergency Motion for Relief from Scheduling Order ("Zhang Decl.") ¶¶ 5-6. After Irico secured the Macau travel visas and shortly before the depositions were to occur, the two remaining witnesses, Wang Zhaojie and Yan Yunlong, informed the company for the first time that they refused to travel to Macau at this time, citing the extreme burden of a minimum four weeks of post-travel quarantine mostly in a state-owned hotel in China that would isolate the witnesses from their families, increase their own

---

[4] *See supra* p. 7.

risk of contracting Covid while traveling and quarantining, and result in extreme personal hardship. Zhang Decl. ¶¶ 8-9. Again, both witnesses have agreed to travel to Macau once the quarantine obligation are lifted, and Irico is working with the witnesses to facilitate their participation under more reasonable quarantine conditions.[5]

It cannot be denied that authorities in China and the United States have responded quite differently to Covid. Even a cursory scan of news articles discussing the response to even a minima increase in case rates in major cities in China such as Hong Kong and Shanghai over the past six months highlights the seriousness with which Chinese authorities act in response to Covid cases. Jessie Yeung and Akanksha Sharma, Hong Kong and Shanghai lose their international luster as Covid restrictions bite, CNN.com (April 22, 2022), https://www.cnn.com/2022/04/22/china/china-hubs-shanghai-hong-kong-covid-intl-hnk-mic/index.html. Irico itself has been impacted by shutdowns in the greater Xi'an region, including at its headquarters in Xianyang City. *See* Order re Discovery Schedule at 1, ECF No. 5980 (citing the implementation of a "'stay-at-home' order affecting all citizens" in the Qindu District of Xianyang City). China continues to promote a "Zero Covid" policy, which can seem a world away from attitudes in the United States, where there appears to be a growing consensus to adopt a strategy of living with Covid. From a myopic American perspective, it would be easy to dismiss Irico's request for an extension of the deposition deadline as pretext for continued delay or frustration of the discovery process, as Plaintiffs have expressed and are likely to repeat in opposition. However, Irico respectfully asks the Court to consider that these witnesses do not live in the United States, where Covid-related mandates have largely gone by the wayside, and instead understand the reality that Covid, including the quarantine requirement, remains an extremely serious concern in China and the impact to these witnesses would be severe even under the best of circumstances. A modification of the current schedule is reasonable to accommodate the

---

[5] The decision earlier this week by the Shaanxi authorities to reduce the quarantine to a minimum of three weeks, while an encouraging sign for the future prospects of conducting the depositions, did not alter the witnesses' decision to refuse to travel. *See* Zhang Decl. ¶ 4.

witnesses' concerns and to allow for the lifting of travel restrictions and quarantine policies in China.

More importantly, given the current schedules in the DPP case, where no further deadlines are set other than the close of fact discovery, and the July 2023 trial date in the IPP case, it is possible to extend the deadline for these depositions by a period of six months while maintaining an orderly pre-trial schedule and avoiding prejudice to Plaintiffs. The trial and pre-trial proceedings could still progress on a schedule that largely follows the timing intervals between key events that existed just prior to the Court's rescheduling of the IPP trial date.

For the forgoing reasons, Irico believes that good cause exists to grant Irico's motion and respectfully requests that the Court do so.

## STATEMENT OF FACTS

On August 26, 2021, Plaintiffs sent a letter to Irico regarding their intention to depose a number of purported Irico witnesses, including Wang Zhaojie and Su Xiaohua. Declaration of Evan J. Werbel in Support of Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.'s Emergency Motion for Relief from Scheduling Order ("Werbel Decl."), Ex. 1 at 1. Over the next several months, the parties met and conferred on numerous occasions regarding the scheduling of the depositions given changing conditions related to the COVID-19 pandemic and associated travel restrictions. *See* Order re Discovery Schedule at 1, ECF No. 5980. During this time, Plaintiffs insisted on in-person depositions in the California (even though travelers from China were not allowed to directly enter the United States) or another location for in-person depositions somewhere in the world where the Parties could travel with minimal restrictions. *See* Werbel Decl. ¶ 3. On October 12, 2021, Plaintiffs noticed the depositions of nine purported Irico witnesses, a number of which were former employees. *Id.* At this stage of discussions, Plaintiffs requested that the depositions take place in-person in San Francisco as the limitations on travel from China might soon ease. *See* Werbel Decl., Ex. 2 at 1. Irico noted the impracticality of the witnesses traveling to the United States given the dramatic disparity in Covid case rates in the United States versus China, and instead offered for Mr. Wang and Mr. Su to appear via remote deposition in Hong

Kong. *Id*. at 1-2. Plaintiffs threatened to raise the issue of in-person depositions with Special Master Walker at that time but also agreed to consider remote depositions in Hong Kong. *See* Werbel Decl., Ex. 3 at 1. Shortly thereafter, Irico reaffirmed its commitment to remote depositions in Hong Kong, but also agreed to presenting the issue of in-person depositions to Special Master Walker. *See* Werbel Decl., Ex. 4 at 1. Plaintiffs did not raise any issue with Special Master Walker, and the Parties worked towards remote depositions in Hong Kong. In December 2021, as the parties continued to discuss scheduling of remote depositions in Hong Kong, the omicron variant of SARS-COVID-2 was identified in Hong Kong. *See* Werbel Decl., Ex. 5 at 1.

The parties continued to confer in good faith regarding the depositions, and on January 10, 2022, the Court approved a Stipulation and Order that included a proposed deadline of March 18, 2022 to complete the depositions of Mr. Wang and Mr. Su. *See* Order re Discovery Schedule at 3, ECF No. 5980. In February 2022, the number of Covid cases in Hong Kong skyrocketed and Irico was unable to obtain the necessary visas for Mr. Wang or Mr. Su to travel to Hong Kong as a result. *See* Werbel Decl., Ex. 6 at 1. Also in February, Plaintiffs informed Irico of their intention to depose Yan Yunlong. *See* Werbel Decl., Ex. 7 at 1. By mid-March, it was clear that the Covid situation in Hong Kong would not permit the depositions to proceed in a timely manner, and Irico informed Plaintiffs of its intention to pursue Macau as an alternative location. *See* Werbel Decl., Ex. 8 at 1. On March 18, 2022, in light of the evolving Covid situation in Hong Kong, the Court granted the parties' Stipulation and Order extending the deposition deadline to May 31, 2022, which also added Yan Yunlong to the list of deponents. *See* Order re Discovery Schedule at 2, ECF No. 5999. Irico applied for the necessary visas to travel to Macau, but the visas could not be obtained in time for the depositions to proceed in May. *See* Order re Discovery Schedule at 1, ECF No. 6016. On May 25, 2022, the Court agreed to extend the deposition deadline to June 30, 2022. *Id*. at 2.

On May 25, 2022, Su Xiaohua submitted his formal resignation to Irico. Zhang Decl. ¶ 6. Irico's in-house counsel contacted Mr. Su and learned that Mr. Su resigned because he refused to travel to Macau for a deposition. *Id.* Mr. Su informed Irico that he refused to travel because of the

quarantine requirements in Shaanxi Province for travelers returning from Macau, which then mandated a minimum of twenty-one days in a government-run facility and an additional seven days of home confinement ("21+7 Day Policy"). *Id.*; *see also id.* ¶ 4. Irico informed Plaintiffs of Mr. Su's resignation on June 7, 2022. *See* Werbel Decl., Ex. 9 at 1. Irico then received confirmation of the approval of visa applications for the three witnesses to travel to Macau. Zhang Decl. ¶ 7. After Irico obtained the visas, Wang Zhaojie and Yan Yunlong separately informed Irico that they refused to travel to Macau at this time, citing the 21+7 Day Policy and the resulting impact on their families and work obligations. *Id.* ¶¶ 8-9. Both Mr. Wang and Mr. Yan stated that they were willing to travel to Macau at a later date, once the quarantine obligations had been lifted. *Id.*

Irico attempted to persuade Mr. Wang and Mr. Yan to cooperate with the depositions and agree to travel to Macau immediately, assuring them that others would cover their work obligations during the quarantine period, offering to compensate them at double their normal pay rate, and offering a financial bonus incentive because of the over one-month continuous period that the witness will be required to be separated from their families. *Id.* ¶ 10. Mr. Wang and Mr. Yan still refused to travel for the depositions at this time. *Id.*

On June 14, 2022, Irico informed Plaintiffs that Mr. Wang and Mr. Yan had declined to travel to Macau at the present time. *See* Werbel Decl., Ex. 10 at 1. Irico affirmed its commitment to producing Mr. Wang and Mr. Yan, and at no time did Irico refuse to produce the witnesses. Irico proposed that the parties agree to a six-month extension of the deposition deadline to allow for anticipated changes to the quarantine policies.[6] *Id.* On June 17, 2022, Plaintiffs responded and demanded that Mr. Wang and Mr. Yan appear by mid-July. *See* Werbel Decl., Ex. 11 at 1. On June 22, 2022, Irico replied to Plaintiffs' June 17 letter and reiterated the need for a six-month

---

[6] Just this week, the quarantine recommendations issued by the Chinese government were adjusted which led to a change in the quarantine policy in Shaanxi Providence. *See* Zhang Decl. ¶ 4. The new quarantine policy has been reduced from a 21 + 7 Day Policy to a 14 + 7 Day Policy, now requiring 14 days in a Chinese facility and another 7 days of home quarantine. *Id.* Mr. Wang and Mr. Yan have informed Irico counsel that this reduction does not alter their concerns over the quarantine period or their refusal to travel to Macau at this time. *See id.* ¶¶ 8-9.

extension, noting the legitimate concerns of the witnesses and the lack of prejudice given the recent developments regarding the IPP trial date. *See* Werbel Decl., Ex. 12 at 1.

On June 29, 2022, the parties met and conferred regarding the parties' various proposals, including Irico's proposed six-month extension, but were unable to reach a resolution. *See* Werbel Decl. ¶ 15.

## LEGAL STANDARD

A scheduling order may be modified for "good cause." Fed. R. Civ. P. 16(b)(4). "Pretrial scheduling orders may be modified if the dates scheduled 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *In re Cathode Ray Tube (CRT) Antitrust Litig.*, Case No. C-07-5944-SC, 2014 WL 4954634, at *2 (N.D. Cal. Oct. 1, 2014) (*quoting Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

## ARGUMENT

Courts have repeatedly recognized the legitimate concerns of witnesses regarding the COVID-19 pandemic and allowed for accommodations or necessary extensions. *See Aileron Inv. Mgmt., LLC v. Am. Lending Ctr., LLC*, No. 8:21-CV-146-MSS-AAS, 2022 WL 93573, at *2 (M.D. Fla. Jan. 10, 2022 (granting protective order for remote deposition to accommodate witnesses' concerns about travel due to "[t]he onset of the Omicron COVID-19 variant"); *United States v. Berglund*, No. 20-cr-00200 (SRN/TNL), 2021 WL 1589548, at *2 (D. Minn. Apr. 23, 2021) (continuing start of trial due to numerous witnesses' travel-related COVID-19 risks).

The additional complicating factor presented here is China's prohibition on foreign depositions (in-person or remote) taken in mainland China. *See, e.g.,* China Judicial Assistance Information ("China does **not** permit attorneys to take depositions in China for use in foreign courts" (emphasis in original)), https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html; *see also* Order Regarding Consent Addendums to the Fact Witness Deposition Protocol at 3, *In re: Valstartan N-Nitrosodimethylamine (NDMA), Lostartan, and Irbesartan Products Liability Litigation,* Civil No. 19-2875 (D.N.J. Dec. 30, 2020), ECF No. 701; *Junjiang Ji v. Jling, Inc.,* No. 15-CV-4194(SIL), 2019 WL 1441130, at *2, 4, and 6 (E.D.N.Y.

| | | |
|---|---|---|
| IRICO DEFENDANT'S MOTION FOR RELIEF FROM SCHEDULING ORDER | 8 | MASTER FILE NO.: 07-CV-05944-JST MDL NO. 1917 |

Mar. 31, 2019). Were it not for this prohibition, Irico's witnesses could and would sit for remote depositions in their own homes or offices, which would address the concerns of Mr. Wang and Mr. Yan regarding the travel and quarantine restrictions. However, the fact that any deposition of a witness residing in China requires the deponent to travel outside of mainland China in order to attend the deposition changes the calculation, and the concerns that animated the courts' decisions to allow remote depositions in *Aileron* and to grant a continuance in *Berglund* remain active here. *See Aileron*, 2022 WL 93573 at *2 ("The sudden rise of the Omicron variant, coupled with ALC's corporate representative's unique familial situation, constitutes good cause for a protective order as to the deposition of ALC's corporate representative"); *see also Berglund*, 2021 WL 1589548, at *2 (granting continuance of trial due to "the risk of contracting COVID-19" for trial-related travel).

Irico has acted in good faith during this entire process. Any suggestion by Plaintiffs that Irico has intentionally delayed these depositions is dispelled by the uncontroverted facts detailed above and the unfortunate realities of the Covid pandemic. From the beginning, Irico has focused on creating a workable process for these depositions to occur, even when Plaintiffs were insisting on an unworkable approach of holding the depositions in San Francisco. *See* Werbel Decl., Ex. 2 at 1-2 (explaining why Plaintiffs' proposal for depositions in San Francisco was unworkable and encouraging remote depositions in Hong Kong). When Irico proposed holding remote depositions in Hong Kong, it could hardly have anticipated the dramatic changes with the pandemic in China and Hong Kong that occurred over the next several months and the follow-on effects on the scheduling of the remote depositions.

Plaintiffs also mischaracterize the current situation as Irico's "refus[al] to produce witnesses who have visas and are under Court order to appear." *See* Werbel Decl., Ex. 11 at 2. Irico is more than willing to produce the witnesses – it is the witnesses themselves who are refusing to appear. *See* Zhang Decl. ¶¶ 8-9. Irico had secured the cooperation of the witnesses throughout the deposition process until it came time for the witnesses to agree to a date to travel to Macau, including during the cumbersome process of applying for and receiving the visas necessary to travel to Macau for the depositions. *See id.* ¶ 5. When the witnesses refused to travel due to

concerns about the pandemic and subsequent quarantine requirements, Irico offered the witnesses job support and additional compensation for their time and inconvenience in an effort to secure their participation but was unsuccessful in persuading the witnesses to agree to travel to Macau. *See id.* ¶ 10. To this day, Irico hopes to and intends to produce these witnesses for depositions and seeks an extension to allow for these depositions to occur.[7] These are hardly the actions of a party who is refusing to produce a witness.

Neither DPPs nor IPPs are prejudiced by Irico's proposed extension. As to the DPP matter, there is no set schedule beyond fact discovery so there would be no delay or prejudice to DPPs. As to the IPPs, the schedule proposed by Irico does not extend the recent trial date set by the Court. Irico's proposed changes to the pre-trial motion schedule in the IPP action largely track the timing as set by the Court in its prior scheduling orders. *Compare* Proposed Order *with* Scheduling Order and Referral to Magistrate Judge for Settlement, ECF No. 5925, and Stipulation and Order re: Case Schedule, ECF No. 6016. By moving the deposition deadlines and deadlines for dispositive motions and motions in limine, Irico's proposal allows the parties and the Court to avail themselves of all potentially relevant evidence by allowing depositions to proceed before the motions. If the depositions are continued but motions dates not extended, a scenario could exist in the schedule whereby the parties file dispositive motions, the Court rules on those motions, and only after those rulings are additional facts developed at deposition that bear on those issues. Re-aligning the sequencing of the pre-trial motions brings the IPP schedule back into symmetry and alleviates that potential risk, giving the parties and the Court an orderly path to trial without further delay.

## CONCLUSION

For the foregoing reasons, Irico respectfully requests that the Court grant Irico's Motion.

Dated: June 30, 2022                                          Respectfully submitted,

/s/ *John M. Taladay*

---

[7] Irico sees encouraging signs in the reduction of the minimum quarantine period from four weeks to three weeks that was implemented by authorities in Shaanxi Province just this week. *See* Zhang Decl. ¶¶ 8-9.

1
2
3
4
5
6
7

BAKER BOTTS LLP
JOHN M. TALADAY
EVAN J. WERBEL
THOMAS E. CARTER
ANDREW L. LUCARELLI
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
          evan.werbel@bakerbotts.com
          tom.carter@bakerbotts.com
          drew.lucarelli@bakerbotts.com

*Attorneys for Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.*