BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
       evan.werbel@bakerbotts.com
       tom.carter@bakerbotts.com
       drew.lucarelli@bakerbotts.com

*Attorneys for Defendants
Irico Group Corp. and
Irico Display Devices Co., Ltd.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*ALL DIRECT PURCHASER ACTIONS*<br>*ALL INDIRECT PURCHASER ACTIONS* | Master File No. 07-cv-05944-JST<br><br>MDL No. 1917<br><br>**DECLARATION OF EVAN J. WERBEL IN SUPPORT OF DEFENDANTS IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.'S EMERGENCY MOTION FOR RELIEF FROM SCHEDULING ORDER (CIV. L.R. 16-2(d))**<br><br>Date:       August 11, 2022<br>Time:      2:00 pm<br>Judge:     Hon. Jon S. Tigar<br>Courtroom: 6, 2nd Floor |

Werbel Decl. ISO Irico's Motion for Relief From Scheduling Order

Master File No. 07-cv-05944-JST
MDL No. 1917

I, Evan J. Werbel, declare as follows:

1. I am a member of the bar of the District of Columbia and admitted to practice before this Court *pro hac vice*. I am an attorney with Baker Botts L.L.P., which represents Defendants Irico Group Corporation ("Irico Group") and Irico Display Devices Co., Ltd. ("Irico Display") (collectively, "Irico" or the "Irico Defendants") in this action. I make this Declaration in support of Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.'s Emergency Motion for Relief from Scheduling Order pursuant to Civil L.R. 16-2(d). If called as a witness, I could and would testify to the matters set forth in this declaration of my own personal knowledge.

2. Attached hereto as Exhibit 1 is a true and correct copy of an August 26, 2021 letter from Direct Purchaser Plaintiffs ("DPPs") and Indirect Purchaser Plaintiffs ("IPPs", together "Plaintiffs") to Irico regarding a list of potential Irico deponents.

3. On September 3, 2021, I attended a meet and confer with DPPs and IPPs regarding Irico depositions. During that meet and confer, Plaintiffs told Irico that their position was that depositions of Irico witnesses should be conducted in-person in California. Irico, on the other hand, encouraged Plaintiffs to consider Hong Kong. Irico told Plaintiffs that, due to the illegality of conducting depositions in mainland China, it was assessing how to coordinate the witnesses travel to Hong Kong for remote depositions given current Covid conditions and quarantine requirements for entry to Hong Kong and return to mainland China. Plaintiffs told Irico that it was their view that the depositions be conducted either in California or at another location where the witnesses and counsel could mutually travel and urged Irico to look for such a location.

4. Attached hereto as Exhibit 2 is a true and correct copy of Irico's November 2, 2021 letter to the DPPs and IPPs regarding Irico depositions.

5. Attached hereto as Exhibit 3 is a true and correct copy of a November 16, 2021 letter from DPPs and IPPs to Irico regarding Irico depositions.

6. Attached hereto as Exhibit 4 is a true and correct copy of Irico's November 18, 2021 letter to the DPPs and IPPs regarding Irico depositions.

7. Attached hereto as Exhibit 5 is a true and correct copy of Irico's December 3, 2021 letter to the DPPs and IPPs regarding Irico depositions.

8. Attached hereto as Exhibit 6 is a true and correct copy of Irico's February 24, 2022 letter to the DPPs and IPPs regarding Irico depositions.

9. Attached hereto as Exhibit 7 is a true and correct copy of a February 10, 2022 letter from DPPs and IPPs to Irico regarding Irico depositions.

10. Attached hereto as Exhibit 8 is a true and correct copy of a March 15, 2022 letter from DPPs and IPPs to Irico regarding Irico depositions.

11. Attached hereto as Exhibit 9 is a true and correct copy of an email that I sent to the DPPs and IPPs regarding Irico depositions on June 7, 2022.

12. Attached hereto as Exhibit 10 is a true and correct copy of Irico's June 14, 2022 letter to the DPPs and IPPs regarding Irico depositions.

13. Attached hereto as Exhibit 11 is a true and correct copy of a June 17, 2022 letter from DPPs and IPPs to Irico regarding Irico depositions.

14. Attached hereto as Exhibit 12 is a true and correct copy of Irico's June 22, 2022 letter to the DPPs and IPPs regarding Irico depositions.

15. On June 29, 2022, I attended a meet and confer with DPPs and IPPs regarding Irico depositions. During that meet and confer, the parties discussed their positions regarding Irico's request for a six-month extension to the discovery schedule to accommodate the concerns of Irico witnesses Wang Zhaojie and Yan Yunlong about travel to Macao in light of the Covid restrictions and quarantine requirements in China upon their return. The parties were unable to reach an agreement regarding a stipulation on the deadline for depositions and other dates in the scheduling order, and the possibility of Irico filing a Motion for Relief from the operative scheduling order was discussed. Plaintiffs informed Irico that they did not support such a motion. Irico subsequently informed DPPs and IPPs that it intended to file a motion with the Court to seek relief from the current June 30, 2022 deadline and to request a six month extension of this deadline and other deadlines in the scheduling order.

1  I declare under penalty of perjury that the foregoing is true and correct.  Executed this
2  30th day of June, 2022, in Washington, D.C.

*/s/ Evan J. Werbel*

Evan J. Werbel (*pro hac vice*)
BAKER BOTTS L.L.P.
700 K Street, N.W.
Washington, D.C. 20001
Phone: (202)-639-7700
Fax: (202)-639-7890
Email: evan.werbel@bakerbotts.com

*Attorney for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*