BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202) 639-7700
(202) 639-7890 (fax)
Email: john.taladay@bakerbotts.com
   evan.werbel@bakerbotts.com
   tom.carter@bakerbotts.com
   drew.lucarelli@bakerbotts.com

*Attorneys for Defendants*
*Irico Group Corp. and*
*Irico Display Devices Co., Ltd.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Master File No. 07-cv-05944-JST |
| | MDL No.: 1917 |
| THIS DOCUMENT RELATES TO: | |
| *ALL DIRECT PURCHASER ACTIONS* | **DECLARATION OF ZHANG WENKAI IN SUPPORT OF DEFENDANTS IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.'S EMERGENCY MOTION FOR RELIEF FROM SCHEDULING ORDER (CIV. L.R. 16-2(d))** |
| *ALL INDIRECT PURCHASER ACTIONS* | |

I, Zhang Wenkai, declare as follows:

1. I am a citizen of the People's Republic of China and reside in Shaanxi Province, People's Republic of China.

2. I make this declaration in support of the Motion for Relief from Scheduling Order filed by Irico Group Corp. ("Irico Group") and Irico Display Devices Co., Ltd.'s ("Irico Display," collectively, the "Irico Defendants").

3. I am currently the Deputy General Counsel for Irico Group Corp. and have been involved in the day-to-day management of this litigation since I started with the company in September 2017. I have also been involved with the coordination of the depositions for Irico witnesses Wang Zhaojie and Su Xiaohua since August 2021, and the deposition of Yan Yunlong since December 2021.

4. I understand that, until earlier this week, under the pandemic protection requirements of the health department of Shaanxi Province, People's Republic of China, where the Irico Defendants are headquartered, any witnesses returning from Macau would have been subject to quarantine obligations consisting of a minimum of twenty-one days in a government-run facility and an additional seven days of home confinement ("21+7 Day Policy"). I further understand that on June 27, 2022, based on a recent change in the national pandemic prevention policy, the Shaanxi provincial authorities updated their quarantine provisions to require a minimum of fourteen days in a government-run facility and an additional seven days of home confinement ("14+7 Day Policy"). It is also my understanding that these times can be increased at the sole discretion of the Shaanxi Province authorities.

5. I worked with Wang Zhaojie, Su Xiaohua, and Yan Yunlong during the process of applying for the visas necessary to travel to Macau in May 2022. All three witnesses cooperated during this process, including providing all necessary information and documentation required to obtain the visas.

6. Su Xiaohua formally resigned from Irico on May 25, 2022. I contacted Mr. Su and learned that Mr. Su resigned because he refused to travel to Macau for a deposition given the severe quarantine requirements that he would face upon his return to mainland China (21+7

Policy) and his ongoing care of his elderly mother.

7. On June 8, 2022, Irico received visas authorizing Wang Zhaojie, Su Xiaohua, and Yan Yunlong to travel to Macau for the depositions.

8. After Irico obtained the travel visas, Wang Zhaojie informed me that he would not agree to travel to Macau for his deposition. Mr. Wang cited concerns about the 21+7 Day Policy and the resulting impacts to his family and ongoing work obligations as reasons for his refusal. The recent change to the 14+7 Day Policy has not changed Mr. Wang's decision regarding the travel for the deposition at this time. Mr. Wang informed me that he was willing to travel to Macau once the quarantine restrictions had been lifted.

9. Additionally, Yan Yunlong informed me that he would not agree to travel to Macau for his deposition after the visas were obtained. Mr. Yan cited similar concerns about the 21+7 Day Policy and how that would impact Mr. Yan's ability to care for his elderly father who is currently hospitalized. Mr. Yan has been regularly traveling to the hospital to assist in his father's care. Mr. Yan also cited concerns about the impact to the company given his role as General Counsel. The recent change to the 14+7 Day Policy has not changed Mr. Yan's decision regarding the travel for the deposition at this time. Mr. Yan informed me that he was willing to travel to Macau once the quarantine restrictions had been lifted.

10. After Mr. Wang and Mr. Yan initially refused to travel to Macau, Irico made assurances to Mr. Wang and Mr. Yan that their work obligations will be covered by other employees, that Irico will cover all quarantine-related expenses for 21 days, that Irico will compensate the witnesses at double their normal pay rate, and that Irico will give the witnesses a bonus financial incentive as a result of the over one-month continuous period that the witness will be required to be separated from their families. Mr. Wang and Mr. Yan still refuse to travel to Macau at this time.

Executed this 30th day of June, 2022, in Xianyang, Shaanxi Province, People's Republic of China.

_____
Mr. Zhang Wenkai