Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA  94123
Telephone:      (415) 563-7200
Facsimile:       (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST<br>MDL No. 1917 |
| This Document Relates To:<br><br>ALL INDIRECT PURCHASER ACTIONS<br>ALL DIRECT PURCHASER ACTIONS | **DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.'S EMERGENCY MOTION FOR RELIEF FROM SCHEDULING ORDER**<br><br>Date: August 11, 2022<br>Time: 2:00 p.m.<br>Judge: Hon. Jon S. Tigar<br>Courtroom: 6, 2nd Floor |

I, Lauren C. Capurro, declare:

1.      I am a partner at Trump, Alioto, Trump & Prescott, LLP, Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs") in the above-captioned action. I am a member of the Bar of the State of California and admitted to practice before this Court. I make this declaration in support of the IPPs' and the Direct Purchaser Plaintiffs' Opposition to Irico Group Corporation's and Irico Display Devices, Co., Ltd.'s Emergency Motion for Relief from Scheduling Order, ECF No. 6027.  Except where otherwise stated, the matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2.      Attached hereto as Exhibit A is a true and correct copy of the Irico Defendants' Objections and Responses to IPPs' Fourth Set of Interrogatories. In the Response to Interrogatory No. 7, Irico states that Messrs. Wang and Su have knowledge regarding three important affirmative defenses asserted in its Answer:

      a.  Its Third Affirmative Defense, which asserts that Plaintiffs' claims are barred because the alleged conduct occurred outside the jurisdiction of the Court or was neither directed to nor affected persons, entities, trade or commerce in the U.S.;

      b.  Its Eighth Affirmative Defense, which asserts that Irico's pricing of CRTs was compelled by the Chinese government; and

      c.  Its Tenth Affirmative Defense, which asserts that Irico's conduct was "cost justified or otherwise economically justified and resulted from a good faith effort to meet competition or market conditions.

3.      Attached hereto as Exhibit B is a true and correct copy of the Irico Defendants' Supplemental Objections and Responses to IPPs' Third Set of Interrogatories, which sought information regarding Irico's efforts to find and preserve documents relevant to this litigation after it was served with IPPs' Complaint in December 2007.

      a.  In the Supplemental Response to Interrogatory No. 2, Issue No. 4, Irico states that it "cannot find documents detailing the specific information [ordered by the Court] and its answers are based on the recollections of Yan Yunlong," Irico's Legal

DECL. OF LAUREN C. CAPURRO ISO PLAINTIFFS' OPPOSITION TO DEFENDANTS IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.'S EMERGENCY MOTION FOR RELIEF FROM SCHEDULING ORDER

Affairs Director, who was also a member of the 2008 Litigation Committee. *Id*. at 10-11. Mr. Yan is "the only remaining Irico employee with knowledge of the dissemination of the oral instruction in 2008. All of the members of the 2008 Litigation Committee other than Yan Yunlong have retired or otherwise departed the company." *Id.,* at 11.

b.  In the Supplemental Responses to Interrogatory No. 2 (Issue Nos. 3 & 4) and No. 4, Irico states that it was served with IPPs' complaint on December 25, 2007 (*id*. at 23-24), but did not take any steps to search for or preserve relevant documents until August or September 2008. *Id*. at 10-11 (stating that it formed a "2008 Litigation Committee" in June 2008, and that "efforts to search for and preserve documents would have occurred . . . in August or September 2008").

c.  In the Supplemental Response to Interrogatory No. 2, Issue No. 4, Irico states that it orally instructed its employees to search for and preserve only information relating to "Irico sales to the United States." *Id*. at 10-11. Irico's employees apparently found no such information: "Yan Yunlong recalls that the employees identified in the Response to Issue No. 2 contacted relevant employees and searched for documents, but that no documents relevant to the sales of CRTs by Irico to the United States were identified at that time."  *Id*. at 11.

d.  Irico acknowledges that its 2008 oral instruction was inadequate: "Irico acknowledges that at the time it misunderstood the scope of document preservation in connection with the litigation in the United States and cannot be certain that all documents related to Irico's global sales of CRTs were preserved." *Id*. at 11. "Irico does not contend that the oral instruction in 2008 was effective in preserving all documents related to its global sales of CRTs." *Id*. at 12.

4.     Attached hereto as Exhibit C is a true and correct copy of an email dated April 26, 2022 from Irico's counsel to Judge Walker in which he states that, "Irico expects to begin

DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS'
MOTION TO COMPEL JURISDICTIONAL DISCOVERY FROM THE IRICO DEFENDANTS

producing one witness per week by video from Macao in mid to late May, pending the approval of visa applications."

5.     Attached hereto as Exhibit D is true and correct copy of an email chain from April 15, 2022 to May 3, 2022. In an email dated May 2, 2022, I confirmed a conversation with Irico's counsel in which we agreed that the depositions of Messrs. Su, Wang, and Yan would not start any earlier than the week of May 23, 2022.

6.     Attached hereto as Exhibit E is a true and correct copy of an email dated May 13, 2022 from Irico's counsel informing Plaintiffs that the depositions would not be able to begin the week of May 23, 2022: "In terms of the Visas, the process is moving forward, but, at this point, it does not appear that we will be ready to start depositions in Macau on May 23rd. We hope to have some additional movement early next week and have a better idea of timing at that time."

7.     Attached hereto as Exhibit F is a true and correct copy of an email dated May 24, 2022 from Irico's counsel informing Plaintiffs that Irico believed the depositions could begin the week of June 6, 2022 or June 13, 2022: "After some additional hiccups with the need for original documentation and other document problems, Irico believes that all issues with the Visas have been resolved and they hope the process will move forward smoothly at this point. Assuming that the Visas are granted early next week, we hope to be able to start the depositions the week of June 6th. If they are granted later in the week, we might need to push until the week of June 13th."

8.     Attached hereto as Exhibit G is a true and correct copy of an email dated June 22, 2022 from Irico's counsel in which he responded to questions from Plaintiffs' counsel regarding Mr. Su's resignation.

a.     In response to Plaintiffs' counsel's question, "When did Irico learn of Mr. Su's intention to resign?", Irico's counsel responded: "We understand that Mr. Su expressed reservations about quarantine obligations that would accompany traveling to Macau in April and May, but he continued to cooperate in the Visa application process during this time. To our knowledge, Irico headquarters did not learn of Mr. Su's formal resignation until the week following his May 25th

3

1    resignation letter."

2    b.   In response to Plaintiffs' counsel's question asking for the reasons for Mr. Su's

3    resignation, Irico's counsel responded: "While we can't speak for Mr. Su, we

4    understand that he indicated that he did not want to travel to Macau given the

5    severe quarantine requirements that he would face upon his return to the Mainland

6    and his ongoing care of his elderly mother. Mr. Su did not state that he refused to

7    give a deposition, to our knowledge, but rather had agreed to sit for a deposition in

8    China, if possible, or in Hong Kong or Macau if that could be done safely and

9    without the extensive quarantine upon his return."

10   9.   Attached hereto as Exhibit H is a true and correct copy of an email I sent to Irico's

11   counsel on June 30, 2022 regarding our June 29, 2022 meet and confer call, stating: "As we

12   clearly stated during our call, we are prepared to consider *yet another* modest extension of the

13   discovery schedule to accommodate the witnesses' concerns; just not the excessive six-month

14   extension that Irico has proposed. In addition, any further stipulated extension would have to

15   address Plaintiffs' very legitimate concern that the quarantine requirements may still not be to the

16   liking of Messrs. Wang and Yan in six months, and that they may refuse to appear again. Thus,

17   Plaintiffs would require that Irico agrees: (a) to a date-certain in the next couple of months by

18   which the depositions would be taken; (b) that Wang and Yan could not testify at trial if they do

19   not make themselves available by that date certain; and (c) that Irico may not move for summary

20   judgment on issues about which Wang and Yan are knowledgeable unless and until they are

21   deposed."

22   10.   Attached hereto as Exhibit I is a true and correct copy of a document produced by

23   Irico in this litigation Bates-stamped IRI-CRT-00031561-63 with a certified translation, and

24   entitled "Employee Information Registration Form" for Su Xiaohua. At IRI-CRT-00031562, the

25   document states that Mr. Su started working for Irico in 1981.

26   11.   Attached hereto as Exhibit J is a true and correct copy of the Irico Defendants'

27   Sixth Supplemental Objections and Responses to Direct Purchaser Plaintiffs' First Set of

28

4

Interrogatories. Wang Zhaojie is identified in: (1) the Supplemental Response to Interrogatory No. 3, which asks about attendance at trade association meetings; (2) the Supplemental Responses to Interrogatory No. 5, which asks about meetings and communications between Irico and other producers of CRTs and/or CRT Products. Su Xiaohua is also identified in the Supplemental Response to Interrogatory No. 5.

12.     My co-counsel and I have spent almost a year unsuccessfully attempting to negotiate the depositions of these witnesses, requiring innumerable meet and confers and multiple letters back and forth; negotiation and drafting of several stipulated scheduling orders; and, preparation for and appearance at Case Management Conferences to discuss scheduling, only to have the schedule upended a few months later. And now, we are spending time researching and drafting the opposition brief filed herewith, all of which has caused additional time and expense for Plaintiffs.

13.     As the foregoing exhibits show, my IPP and DPP co-counsel and I repeatedly pressed Irico to schedule the depositions, but Irico never provided Plaintiffs with any firm dates. Despite not knowing when exactly the depositions would take place, my co-counsel and I had to prepare to take the depositions CRT of these witnesses on four separate occasions, including identifying potential deposition exhibits; preparing deposition outlines; paying for certified translations of deposition exhibits; preparing a remote deposition protocol; working with court reporters, etc. My co-counsel and I also had to hold our schedules open from mid-May through August to be ready to take the depositions at Irico's convenience, only to be informed at the last minute that the depositions were not going to happen for various reasons. Plaintiffs' preparations for Mr. Su's deposition will be of no use even if Irico produces other witnesses.

14.     I had vacation plans to visit my family in Ireland in June but had to unnecessarily cancel those plans in order to be available to take the depositions in June and early July and respond to Irico's summary judgment motions, which are currently due by July 25, 2022.

DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS'
MOTION TO COMPEL JURISDICTIONAL DISCOVERY FROM THE IRICO DEFENDANTS

1      I declare under the penalty of perjury that the foregoing is true and correct. Executed this

2  14th day of July 2022 in San Francisco, California.

3

4                                          */s/ Lauren Capurro*
                                            Lauren Capurro
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                            6

# EXHIBIT A

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
         evan.werbel@bakerbotts.com
         tom.carter@bakerbotts.com
         drew.lucarelli@bakerbotts.com

Jonathan Shapiro (State Bar No. 257199)
101 California Street, Suite 3600
San Francisco, California 94111
(415) 291-6200
(415) 291-6300 (fax)
Email: jonathan.shapiro@bakerbotts.com

 *Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-cv-05944-JST (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to: | **IRICO DEFENDANTS' OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF INTERROGATORIES TO IRICO GROUP CORPORATION AND IRICO DISPLAY DEVICES CO., LTD.** |
| *ALL INDIRECT PURCHASER ACTIONS* | |

PROPOUNDING PARTY:          Indirect Purchaser Plaintiffs

RESPONDING PARTIES:          Irico Group Corporation
                                             Irico Display Devices Co., Ltd.

SET NUMBER:                          Four

1        Pursuant to Federal Rules of Civil Procedure 26 and 33, Irico Group Corporation and Irico

2 Display Devices Co, Ltd. (collectively, "Irico" or "Irico Defendants") hereby provides these

3 responses to the Indirect Purchaser Plaintiffs' ("Plaintiffs") Fourth Set of Interrogatories to Irico

4 Group Corporation and Irico Display Devices Co., Ltd., dated December 14, 2021

5 ("Interrogatories"). Irico reserves the right to amend or supplement these Objections and

6 Responses (the "Responses") to the extent allowed by the Federal Rules of Civil Procedure and

7 the Local Rules of Practice in Civil Proceedings before the United States District Court for the

8 Northern District of California ("Local Rules"). Subject to and without waiving any of Irico's

9 General and Specific Objections as set forth below, Irico is willing to meet and confer with

10 Plaintiffs regarding such General and Specific Objections.

11        The following Responses are made only for purposes of this case. The Responses are

12 subject to all objections as to relevance, materiality and admissibility, and to any and all

13 objections on any ground that would require exclusion of any response if it were introduced in

14 court. All evidentiary objections and grounds are expressly reserved.

15        These Responses are subject to the provisions of the Stipulated Protective Order issued by

16 the Court on June 18, 2008 ("Protective Order"). Irico's Responses are hereby designated

17 "Confidential" in accordance with the provisions of the Protective Order.

18                                 **GENERAL OBJECTIONS**

19        Irico makes the following General Objections to Plaintiffs' Interrogatories:

20        1.        Irico's Responses are based upon information available to and located by Irico as

21 of the date of service of these Responses. In responding to Plaintiffs' Interrogatories, Irico states

22 that it has conducted a diligent search, reasonable in scope, of those files and records in its

23 possession, custody, or control believed to likely contain information responsive to Plaintiffs'

24 Interrogatories.

25        2.        No express, incidental, or implied admissions are intended by these Responses and

26 should not be read or construed as such.

27        3.        Irico does not intend, and its Responses should not be construed as, an agreement

28 or acquiescence with any characterization of fact, assumption, or conclusion of law contained in

1    or implied by the Requests.

2         4.       Irico has made a good faith and reasonable attempt to ascertain whether

3    information responsive to Plaintiffs' Interrogatories exists and is properly producible, and has

4    produced or made available for examination non-privileged responsive materials located during

5    the course of that reasonable search.

6         5.       To the extent that Irico refers to any pleading, expert report, or other filing in its

7    Specific Responses, Irico incorporates by reference all exhibits and/or evidence cited therein.

8         6.       Irico objects to Plaintiffs' Interrogatories to the extent that they are overly broad,

9    unduly burdensome, oppressive, and duplicative to the extent that they seek information or

10   documents that are already in the possession, custody, or control of Plaintiffs.

11        7.       Irico objects to Plaintiffs' Interrogatories to the extent that they seek to impose

12   obligations on Irico beyond those of the Federal Rules of Civil Procedure, the Local Rules, or any

13   Order of this Court.

14        8.       Irico objects to Plaintiffs' Interrogatories to the extent that they request duplicative

15   discovery in violation of the Order Re Discovery And Case Management Protocol, ECF No.

16   1128. *See* Order Re Plaintiffs' Motions To Compel Supplemental Discovery From Toshiba And

17   Panasonic, ECF No. 4128, at 4 ("The Discovery Protocol (ECF No 1128), requires parties to

18   coordinate discovery and not file duplicative discovery. . . . The benefit redounds to all parties on

19   both sides of the litigation, by conserving the efforts required by Plaintiffs and protecting

20   defendants against unnecessary duplication of effort.") (Report and Recommendation adopted in

21   full at ECF No. 4256).

22        9.       Irico objects to Plaintiffs' Interrogatories to the extent they seek information that is

23   not relevant or disproportionate to the needs of the case.

24        10.      Irico objects to Plaintiffs' Interrogatories to the extent that they are vague,

25   ambiguous, or susceptible to more than one interpretation. Irico has attempted to construe such

26   vague or ambiguous Interrogatories so as to provide for the production of responsive information

27   that is proportionate to the needs of the case. If Plaintiffs subsequently asserts an interpretation of

28   any Interrogatory that differs from Irico's understanding, Irico reserves the right to supplement or

1  amend its Responses.

2      11.    Irico objects to Plaintiffs' Interrogatories to the extent that they contain terms that

3  are insufficiently or imprecisely defined. Irico shall attempt to construe such vague or ambiguous

4  Interrogatories so as to provide for the production of responsive information that is proportionate

5  to the needs of the case.

6      12.    Irico objects to Plaintiffs' Interrogatories to the extent that they seek information

7  that is protected from disclosure by the attorney-client privilege, work product doctrine, joint

8  defense or common interest privilege, self-evaluative privilege, or any other applicable privilege

9  or immunity. Irico provides only information that it believes to be non-privileged and otherwise

10  properly discoverable. Nothing in Irico's responses is intended nor should be construed as a

11  waiver of any such privilege or immunity. The inadvertent or mistaken provision of any

12  information or responsive documents subject to any such doctrine, privilege, protection or

13  immunity from production shall not constitute a general, inadvertent, implicit, subject-matter,

14  separate, independent or other waiver of such doctrine, privilege, protection or immunity from

15  production.

16      13.    Irico objects to Plaintiffs' Interrogatories to the extent that they call for

17  information that is not in the possession, custody, or control of Irico. Irico also objects to the

18  extent that any of Plaintiffs' Interrogatories seek information from non-parties or third parties,

19  including but not limited to any of Irico's subsidiary or affiliated companies.

20      14.    Irico objects to Plaintiffs' Interrogatories to the extent that responding would

21  require Irico to violate the privacy and/or confidentiality of a third party or confidentiality

22  agreement with a third party.

23      15.    Irico objects to Plaintiffs' Interrogatories to the extent that they seek information

24  that is publicly available, already in Plaintiffs' possession, custody, or control, or more readily

25  available from other sources.

26      16.    Irico objects to Plaintiffs' Interrogatories to the extent that they seek information

27  or documents concerning transactions outside the United States. Such Requests are unduly

28  burdensome and disproportionate to the needs of the case as Plaintiffs' class definition is confined

1   to "individuals and entities that indirectly purchased Cathode Ray Tube Products . . . in the United

2   States" (see Indirect Purchaser Plaintiffs' Fifth Consolidated Amended Complaint ("Complaint")

3   dated September 19, 2019).

4       17.     Irico objects to Plaintiffs' Interrogatories to the extent that compliance would

5   require Irico to violate the laws, regulations, procedures, or orders of a judicial or regulatory body

6   of foreign jurisdictions.

7       18.     Irico's responses pursuant to Plaintiffs' Interrogatories should not be construed as

8   either (i) a waiver of any of Irico's general or specific objections or (ii) an admission that such

9   information or documents are either relevant or admissible as evidence.

10      19.     Irico objects to Plaintiffs' Interrogatories to the extent that they are compound

11  and/or contain discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1).

12      20.     Irico objects to Plaintiffs' Interrogatories to the extent that they state and/or call for

13  legal conclusions.

14      21.     Irico objects to the Interrogatories to the extent that they contain express or implied

15  assumptions of fact or law with respect to the matters at issue in this case.

16      22.     Irico objects to the Interrogatories to the extent they seek information or

17  documents that cannot be removed or transmitted outside China without violating the laws and

18  regulations of that country, including but not limited to restrictions on the transmission of state

19  secrets or trade secrets as those terms are defined under Chinese law.

20      23.     Irico objects to the Interrogatories to the extent that they are premature and/or

21  implicate expert analysis and disclosures. *See Young v. Regis Corp.*, No. C 10-02634 SI, 2011 Wl

22  9558055 (N.D. Cal. May 19, 2011). Irico further objects to each Interrogatory to the extent that it:

23  (a) conflicts with obligations that are imposed by the Federal Rules of Civil Procedure, the Civil

24  Local Rules of this Court, and/or any other applicable rule; (b) seeks information that is the

25  subject of expert testimony; and/or (c) seeks information that is dependent on depositions and

26  documents of third-parties that have not been discovered.

27      24.     Irico reserves the right to assert additional General and Specific Objections as

28  appropriate to supplement these Responses.

1     These General Objections apply to each Interrogatory as though restated in full in the

2  responses thereto. The failure to mention any of the foregoing General Objections in the specific

3  responses set forth below shall not be deemed as a waiver of such objections or limitations.

4              **GENERAL OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

5     1.    Irico objects to the definitions of "Including" and "Relating" (Definition No. 1) on

6  the grounds that it calls for a legal conclusion and is otherwise vague, ambiguous, and overly

7  broad. Irico further objects to this definition to the extent that it attempts to impose burdens on

8  Irico beyond those imposed by the Federal Rules of Civil Procedure. Irico further objects to this

9  definition to the extent that it seeks information protected by the attorney client or other

10  applicable privilege, attorney work product doctrine, or otherwise seeks to violate rights of

11  privacy under U.S. or foreign law.

12     2.    Irico objects to the definitions of "You," "Your," and "Irico" (Definition No. 2) to

13  the extent that Plaintiffs defines those terms to include the Irico's "present and former members,

14  officers, agents, employees, and all other persons acting or purporting to act on their behalf,

15  including all present and former members, officers, agents, employees, and all other persons

16  exercising or purporting to exercise discretion, making policy, and make decisions." This

17  definition is overbroad, unduly burdensome, vague, and ambiguous. In particular, Irico objects to

18  this definition to the extent it purports to request information beyond the possession, custody, or

19  control of Irico Group or Irico Display, including but not limited to information in the possession

20  of non-parties and third parties where Irico lacks any duty to obtain or otherwise search for the

21  information and for whom the Court lacks personal jurisdiction. Irico also objects to the inclusion

22  of all "present or former employees, officers, directors, agents . . . or any other person acting on

23  [the] behalf [of]" Irico within this definition to the extent it purports to encompass information

24  that is protected by attorney-client privilege, work product protection or any other applicable

25  doctrine, privilege, protection or immunity or otherwise calls for a legal conclusion.

26     3.    Irico objects to the definition of "Identify" (Definition No. 3) on the grounds that

27  the definition is overly broad, unduly burdensome, and seeks information that is neither relevant

28  nor proportionate to the needs of the case.

---

4.      Irico objects to the definition of "Document" (Definition No. 5) to the extent it seeks to impose requirements that are beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, any Order of this Court, or any other applicable laws.

5.      Irico objects to the definition of "CRT" (Definition No. 6) on the grounds that it is vague, ambiguous and overly broad.

6.      Irico objects to Instruction No. 1 (related to disclosure of additional information) to the extent it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under the Federal Rules of Civil Procedure, including, without limiting the generality of the foregoing, Rule 26(e).

7.      Irico objects to Instruction No. 2 (related to production of business records) to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under the Federal Rules of Civil Procedure, including, without limiting the generality of the foregoing, Rule 33(d), Rule 26(b). Irico further objects to this Instruction to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under, the Local Rules and any Orders of the Court.

8.      Irico objects to Instruction No. 3 (related to privileged information) to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under the Federal Rules of Civil Procedure, including, without limiting the generality of the foregoing, Rule 33(d), Rule 26(b)(5)(A) and Rule 26(e)(1). Irico further objects to this Instruction to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under, the Local Rules and any Orders of the Court, and on the grounds that it is vague, ambiguous, and inconsistent with common usage. Irico further objects to this Instruction to the extent it seeks information that would disclose personal confidential information and/or violate any and all rights of privacy under the United States Constitution or Article I of the Constitution of the State of California, or any other applicable law or state constitution, or that is otherwise prohibited from disclosure because to do so would cause Irico to violate legal and/or contractual obligations to any other persons or entities.

1

## SPECIFIC RESPONSES TO INTERROGATORIES

2

## INTERROGATORY NO. 1

3       Identify all individuals or Departments within Irico that used or maintained each of

4 the following email addresses during the Relevant Period:

5     A.   jingyuan@irico.com.cn

6     B.   Jill-yy@163.com

7     C.   yliang6699@163.com

8     D.   yliang@hotmail.com

9     E.   yliang@irico.com.cn

10     F.   pqwang@irico.com.cn

11     G.  xsgsyxb@ch.com.cn

12     H.  yht@ch.com.cn

13     I.   yj-xs@ch.com.cn

14     J.   ryz@ch.com.cn

15     K.  zhangjing@ch.com.cn

16     L.   fanxj@ch.com.cn

17     M.  rggao@irico.com.cn

18     N.  xjhao@irico.com.cn

19     O.  ly-xs@ch.com.cn

20     P.   lg@chyg.com

21     Q.  shatao@irico.com.cn

22     R.   lumimate@public.xa.sn.cn

23     S.   sxl-xs@ch.com.cn

24     T.   shs-xs@ch.com.cn

25     U.  Is7071@sina.com

26     V.  hywen@irico.com.cn

27     W.  dqxing@ch.com.cn

28     X.  hdyang@irico.com.cn

1    Y.  wjp7858@sina.com

2    Z.  zhsw@ch.com.cn

3    AA.       ZLM-XS@ch.com.cn

4    BB.       chks@chinairico.com

5    CC.       zcf@ch.com.cn

6    **RESPONSE TO INTERROGATORY NO. 1**

7          In addition to Irico's General Objections, which Irico incorporates by reference, Irico

8    specifically objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome,

9    not proportional to the needs of the case, and seeks information that is maintained by and equally

10   available to Plaintiffs or stated in publicly available documents. Irico objects to this Interrogatory

11   on the grounds that it calls for a legal conclusion. Irico objects that the terms "used" or

12   "maintained" is vague and ambiguous, rendering this Interrogatory overbroad, unduly

13   burdensome, and not proportionate to the needs of the case.

14         Subject to and without waiving the foregoing objections, Irico responds as follows:

15         INTERROGATORY NO. 1A

16         This email address was not used by an Irico employee during the course of their

17   employment with Irico, nor was the email domain "@irico.com.cn" maintained by Irico during

18   the Relevant Period. Irico understands that this email domain (@irico.com.cn) was used by

19   another company, China National Electronics Import & Export Caihong Co. ("CNEIECC").

20         INTERROGATORY NO. 1B

21         This email address, which was not issued or managed by Irico, appears to have been used

22   by Liang Yuan.

23         INTERROGATORY NO. 1C

24         This email address, which was not issued or managed by Irico, appears to have been used

25   by Liang Yuan.

26         INTERROGATORY NO. 1D

27         This email address, which was not issued or managed by Irico, appears to have been used

28   by Liang Yuan.

---

IRICO'S OBJECTIONS AND RESPONSES TO          8          Master File No. 07-cv-05944-JST
IPP'S FOURTH SET INTERROGATORIES                              MDL No. 1917

1    INTERROGATORY NO. 1E

2         This email address was not used by an Irico employee during the course of their

3    employment with Irico, nor was the email domain "@irico.com.cn" maintained by Irico during

4    the Relevant Period. Irico understands that this email domain (@irico.com.cn) was used by

5    another company, China National Electronics Import & Export Caihong Co. ("CNEIECC").

6    INTERROGATORY NO. 1F

7         This email address was not used by an Irico employee during the course of their

8    employment with Irico, nor was the email domain "@irico.com.cn" maintained by Irico during

9    the Relevant Period. Irico understands that this email domain (@irico.com.cn) was used by

10   another company, China National Electronics Import & Export Caihong Co. ("CNEIECC").

11   INTERROGATORY NO. 1G

12        After conducting a reasonable search, Irico acknowledges that it issued and maintained

13   email addresses with the "@ch.com.cn" domain, however Irico cannot identify a specific Irico

14   employee who used this email address during the Relevant Period.

15   INTERROGATORY NO. 1H

16        After conducting a reasonable search, Irico acknowledges that it issued and maintained

17   email addresses with the "@ch.com.cn" domain, however Irico cannot identify a specific Irico

18   employee who used this email address during the Relevant Period.

19   INTERROGATORY NO. 1I

20        This email address was used by Yao Jun.

21   INTERROGATORY NO. 1J

22        After conducting a reasonable search, Irico acknowledges that it issued and maintained

23   email addresses with the "@ch.com.cn" domain, however Irico cannot identify a specific Irico

24   employee who used this email address during the Relevant Period.

25   INTERROGATORY NO. 1K

26        After conducting a reasonable search, Irico acknowledges that it issued and maintained

27   email addresses with the "@ch.com.cn" domain, however Irico cannot identify a specific Irico

28   employee who used this email address during the Relevant Period.

1    INTERROGATORY NO. 1L

2         After conducting a reasonable search, Irico acknowledges that it issued and maintained

3    email addresses with the "@ch.com.cn" domain, however Irico cannot identify a specific Irico

4    employee who used this email address during the Relevant Period.

5    INTERROGATORY NO. 1M

6         This email address was not used by an Irico employee during the course of their

7    employment with Irico, nor was the email domain "@irico.com.cn" maintained by Irico during

8    the Relevant Period. Irico understands that this email domain (@irico.com.cn) was used by

9    another company, China National Electronics Import & Export Caihong Co. ("CNEIECC").

10   INTERROGATORY NO. 1N

11        This email address was not used by an Irico employee during the course of their

12   employment with Irico, nor was the email domain "@irico.com.cn" maintained by Irico during

13   the Relevant Period. Irico understands that this email domain (@irico.com.cn) was used by

14   another company, China National Electronics Import & Export Caihong Co. ("CNEIECC").

15   INTERROGATORY NO. 1O

16   This email address was used by Liang Yuan.

17   INTERROGATORY NO. 1P

18        This email address, which was not issued or managed by Irico, appears to be associated

19   Kunshan Caihong Yingguang Electronics Co., Ltd. Irico does not have additional detail regarding

20   that company's use of this email address or who within the company used the email address.

21   INTERROGATORY NO. 1Q

22        This email address was not used by an Irico employee during the course of their

23   employment with Irico, nor was the email domain "@irico.com.cn" maintained by Irico during

24   the Relevant Period. Irico understands that this email domain (@irico.com.cn) was used by

25   another company, China National Electronics Import & Export Caihong Co. ("CNEIECC").

26   INTERROGATORY NO. 1R

27        This email address, which was not issued or managed by Irico, appears to be associated

28   with Shaanxi IRICO Phosphor Material Co. Ltd. Irico does not have additional detail regarding

1  that company's use of this email address or who within the company used the email address.

2       INTERROGATORY NO. 1S

3       This email address was used by Shen Xiaolin.

4       INTERROGATORY NO. 1T

5       After conducting a reasonable search, Irico acknowledges that it issued and maintained

6  email addresses with the "@ch.com.cn" domain, however Irico cannot identify a specific Irico

7  employee who used this email address during the Relevant Period.

8       INTERROGATORY NO. 1U

9       After conducting a reasonable search, Irico cannot determine whether this address was

10  used by an Irico employee during the Relevant Period. This email domain was not maintained by

11  Irico, who issued and maintained email addresses with the "@ch.com.cn" domain.

12       INTERROGATORY NO. 1V

13       This email address was not used by an Irico employee during the course of their

14  employment with Irico, nor was the email domain "@irico.com.cn" maintained by Irico during

15  the Relevant Period. Irico understands that this email domain (@irico.com.cn) was used by

16  another company, China National Electronics Import & Export Caihong Co. ("CNEIECC").

17       INTERROGATORY NO. 1W

18       This email address was used by Xing Daoqin.

19       INTERROGATORY NO. 1X

20       This email address was not used by an Irico employee during the course of their

21  employment with Irico, nor was the email domain "@irico.com.cn" maintained by Irico during

22  the Relevant Period. Irico understands that this email domain (@irico.com.cn) was used by

23  another company, China National Electronics Import & Export Caihong Co. ("CNEIECC").

24       INTERROGATORY NO. 1Y

25       After conducting a reasonable search, Irico cannot determine whether this address was

26  used by an Irico employee during the Relevant Period. This email domain was not maintained by

27  Irico, who issued and maintained email addresses with the "@ch.com.cn" domain.

28       INTERROGATORY NO. 1Z

1    This email address was used by Zhang Shaowen.

2    INTERROGATORY NO. 1AA

3    After conducting a reasonable search, Irico acknowledges that it issued and maintained

4    email addresses with the "@ch.com.cn" domain, however Irico cannot identify a specific Irico

5    employee who used this email address during the Relevant Period.

6    INTERROGATORY NO. 1BB

7    After conducting a reasonable search, Irico cannot determine whether this address was

8    used by an Irico employee during the Relevant Period. This email domain was not maintained by

9    Irico, who issued and maintained email addresses with the "@ch.com.cn" domain.

10    INTERROGATORY NO. 1CC

11    This email address was used by Zou Changfu.

12    **INTERROGATORY NO. 2**

13    Identify all email addresses used or maintained by Irico employees during the Relevant

14    Period that are not set forth in Interrogatory No. 1 above.

15    **RESPONSE TO INTERROGATORY NO. 2**

16    In addition to Irico's General Objections, which Irico incorporates by reference, Irico

17    specifically objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome,

18    not proportional to the needs of the case, and seeks information that is maintained by and equally

19    available to Plaintiffs or stated in publicly available documents. Irico objects to this Interrogatory

20    on the grounds that it calls for a legal conclusion. Irico objects that the terms "used" and

21    "maintained" are vague and ambiguous, rendering this Interrogatory overbroad, unduly

22    burdensome, and not proportionate to the needs of the case.

23    Subject to and without waiving the foregoing objections, Irico responds that it does not

24    maintain a comprehensive list of email addresses used or maintained by Irico employees during

25    the Relevant Period in the normal course of its business. Irico further responds that its

26    departments or employees used email addresses with the domain @ch.com.cn during the Relevant

27    Period. For addresses assigned to individual employees, the email address typically consisted of

28    parts of the first and last name of the employee.

Irico has been able to identify the following email addresses that were used or maintained by Irico employees during the Relevant Period that are not set forth in Interrogatory No. 1 above: antx@ch.com.cn; bjjtbgs@ch.com.cn; blbgs@ch.com.cn; chlj@ch.com.cn; chltb@ch.com.cn; chrdbgs@ch.com.cn; chtw@ch.com.cn; chuntao@ch.com.cn; chuxh@ch.com.cn; chxning@ch.com.cn; chyy@ch.com.cn; cq-bgs@ch.com.cn; crgs@ch.com.cn; cwc@ch.com.cn; cwccpl@ch.com.cn; cwcyh@ch.com.cn; dlcbgs@ch.com.cn; dongj@ch.com.cn; dongzf@ch.com.cn; dwxcb@ch.com.cn; dwzzb@ch.com.cn; Dzqbgs@ch.com.cn; fdcsyb@ch.com.cn; fmq@ch.com.cn; fzghb@ch.com.cn; gcgs@ch.com.cn; gechao@ch.com.cn; gfbgs@ch.com.cn; gfoffice@ch.com.cn; gfzjb@ch.com.cn; ghswb@ch.com.cn; gmq@ch.com.cn; hansheng@ch.com.cn; hrj@ch.com.cn; jcma@ch.com.cn; jtbgs@ch.com.cn; jtfls@ch.com.cn; jtgzb@ch.com.cn; jtjszx@ch.com.cn; ksbgs@ch.com.cn; lgm@ch.com.cn; limiao@ch.com.cn; liuxi@ch.com.cn; liuyw@ch.com.cn; lsbgs@ch.com.cn; lsk@ch.com.cn; luhb@ch.com.cn; lwd@ch.com.cn; nanying@ch.com.cn; office@ch.com.cn; pjc@ch.com.cn; psg@ch.com.cn; pxzx@ch.com.cn; qdf@ch.com.cn; rggao@ch.com.cn; rjc@ch.com.cn; rsnn@ch.com.cn; scbgs@ch.com.cn; sjb@ch.com.cn; stock@ch.com.cn; sungzh@ch.com.cn; sxh@ch.com.cn; sxl-xs@ch.com.cn; szhybgs@ch.com.cn; taokui@ch.com.cn; tlj@ch.com.cn; tohaobo@ch.com.cn; txh@ch.com.cn; wanglm@ch.com.cn; wangxf@ch.com.cn; wbcbgs@ch.com.cn; weixj@ch.com.cn; wjp@ch.com.cn; wxm@ch.com.cn; wyq@ch.com.cn; wzbgs@ch.com.cn; wzj-xs@ch.com.cn; yanyunlong@ch.com.cn; yczgw@ch.com.cn; Ygf_bgs@ch.com.cn; yws@ch.com.cn; yzl@ch.com.cn; zccwc@ch.com.cn; zcgac@ch.com.cn; zcgh@ch.com.cn; zcjcc@ch.com.cn; zcn@ch.com.cn; zhangw@ch.com.cn; zhc@ch.com.cn; zhczbgs@ch.com.cn; zlbbgs@ch.com.cn; and Zx.office@ch.com.cn.

**INTERROGATORY NO. 3**

State the date that You retained Pillsbury Withrop Shaw & Pittman, LLP ("Pillsbury") to represent You in this case.

**RESPONSE TO INTERROGATORY NO. 3**

Irico incorporates its General Objections as set forth above. Irico further objects to the Interrogatory to the extent that it purports to seek information protected under the attorney-client

1    privilege or the attorney work product doctrine.

2         Subject to and without waiving the foregoing objections, Irico responds that it retained

3    Pillsbury to represent Irico in this case on or about January 24, 2008.

4    **INTERROGATORY NO. 4**

5         Identify all Persons who communicated with Pillsbury attorneys on Your behalf regarding

6    this case after You were served with the IPPs' complaint on December 25, 2007.

7    **RESPONSE TO INTERROGATORY NO. 4**

8         Irico incorporates its General Objections as set forth above. Irico further objects to the

9    Interrogatory to the extent that it purports to seek information protected under the attorney-client

10   privilege or the attorney work product doctrine.

11        Subject to and without waiving the foregoing objections, Irico identifies the following

12   individuals who communicated with Pillsbury attorneys on Irico's behalf regarding this case after

13   Irico was served with the IPPs' complaint on December 25, 2007: Yan Yunlong.

14   **INTERROGATORY NO. 5**

15        State whether any of Your communications with Pillsbury attorneys regarding this case

16   were in writing, and if so, whether those Documents have been preserved. If any such

17   communications have not been preserved:

18        a.    Identify each Person or document custodian whose communications with Pillsbury

19              were destroyed, discarded, erased, deleted, purged or lost;

20        b.    State the date on which each responsive document was destroyed, discarded,

21              erased, deleted, purged or lost;

22        c.    Identify each person or document custodian who had any role or responsibility in

23              destroying, discarding, erasing, purging, deleting, or losing of each such document

24              or information; and

25        d.    Describe in detail the circumstances under which each such document was

26              destroyed, discarded, erased, deleted, purged, or lost.

27   **RESPONSE TO INTERROGATORY NO. 5**

28        Irico incorporates its General Objections as set forth above. Irico further objects to the

1   Interrogatory to the extent that it purports to seek information protected under the attorney-client

2   privilege or the attorney work product doctrine.

3       Subject to and without waiving the foregoing objections, Irico responds that it did

4   occasionally communicate with Pillsbury Winthrop Shaw & Pittman, LLP in writing and that, to

5   the best of its knowledge, those documents have been preserved either in Irico's files or in the

6   files of counsel.

7   **INTERROGATORY NO. 6**

8       State whether You consulted with Your former counsel, Pillsbury Withrop Shaw &

9   Pittman, LLP ("Pillsbury"), in determining to preserve only "documents related to sales of CRTs

10  to the United States" in mid-2008?

11  **RESPONSE TO INTERROGATORY NO. 6**

12      Irico incorporates its General Objections as set forth above. Irico further objects to the

13  Interrogatory to the extent that it purports to seek information protected under the attorney-client

14  privilege or the attorney work product doctrine.

15      Subject to and without waiving the foregoing objections, Irico responds that it consulted

16  with its former counsel, Pillsbury Winthrop Shaw & Pittman, LLP, regarding document

17  preservation, but not on the specific decision in determining to preserve only documents related to

18  sales of CRTs to the United States in mid-2008.

19  **INTERROGATORY NO. 7**

20      As to each of the Defenses set forth in Your Answers to IPPs' Fifth Consolidated

21  Complaint (ECF Nos. 5873, 5875):

22      a.      State all facts that You rely on to support Your contention;

23      b.      Identify each Person You contend has knowledge of facts that support Your

24              contention; and

25      c.      Identify each Document You contend supports Your contention

26  **RESPONSE TO INTERROGATORY NO. 7**

27      In addition to Irico's General Objections, which Irico incorporates by reference, Irico

28  specifically objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome,

not proportional to the needs of the case, and seeks information that is maintained by and equally

available to Plaintiffs or stated in publicly available documents. Irico objects to this Interrogatory

on the grounds that it calls for a legal conclusion. Irico objects that the term "support" is vague

and ambiguous, rendering this Interrogatory overbroad, unduly burdensome, and not

proportionate to the needs of the case. Irico also objects to this Interrogatory on the grounds that it

contains impermissible subparts as Irico has identified forty-one defenses in its Answer to the

Plaintiffs' Complaint. Irico also objects to this Interrogatory to the extent it improperly tries to

shift the evidentiary burden that Plaintiffs alone carry to Irico. Irico further objects to Plaintiffs'

Interrogatories to the extent that they request duplicative discovery in violation of the Order Re

Discovery And Case Management Protocol, ECF No. 1128. *See* Order Re Plaintiffs' Motions To

Compel Supplemental Discovery From Toshiba And Panasonic, ECF No. 4128, at 4 ("The

Discovery Protocol (ECF No 1128), requires parties to coordinate discovery and not file

duplicative discovery. . . . The benefit redounds to all parties on both sides of the litigation, by

conserving the efforts required by Plaintiffs and protecting defendants against unnecessary

duplication of effort.") (Report and Recommendation adopted in full at ECF No. 4256). Plaintiffs'

request is duplicative, in part or in whole, of the following discovery requests: Interrogatory No. 7

of Indirect Purchaser Plaintiffs' First Set of Interrogatories; Interrogatory Nos. 17-20 of Direct

Purchaser Plaintiffs' First Set of Interrogatories; and, Interrogatory Nos. 16-23 of Direct

Purchaser Plaintiffs Arch Electronics, Inc.'s First Set of Interrogatories to Irico Group

Corporation and Irico Display Devices Co., Ltd.

Subject to and without waiving the foregoing objections, Irico responds as follows:

**INTERROGATORY RESPONSE AS TO IRICO'S FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**RESPONSE**

Subject to and without waiving the objections stated above, and based on its present

knowledge, Irico responds by stating that Irico withdraws its First Defense.

1

## **INTERROGATORY RESPONSE AS TO IRICO'S SECOND DEFENSE**

2      Plaintiffs' claims for any foreign purchases, if any, should be dismissed to the extent that

3  they are barred, in whole or in part, because Plaintiffs have failed to allege facts sufficient to

4  support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

5      **RESPONSE**

6      Irico further objects that this Interrogatory is premature given that no Irico witnesses have

7  been deposed relating to merits issues and expert analysis and disclosures have not yet begun. *See*

8  *Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico

9  also objects to this interrogatory on the ground that it calls for a legal argument or legal

10  conclusion. Irico further objects to this interrogatory to the extent that it improperly tries to shift

11  the pleading and evidentiary burden that Plaintiffs alone carry to Irico.

12      Subject to and without waiving the objections stated above, Irico contends that Plaintiffs

13  have failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust

14  Improvements Act ("FTAIA"), 15 U.S.C. § 6a. At all relevant times, the North American CRT

15  market was unique and separate from other foreign markets, including China. In supporting its

16  claims, Plaintiffs rely on alleged meetings and communications that occurred outside the United

17  States that discuss and relate to CRTs sold outside the United States. Plaintiffs have not

18  established how it is entitled to any relief under FTAIA based on their purchases of either CRT

19  products outside of the United States or their purchase of CRT products containing CRTs

20  manufactured and/or purchased outside the United States. Irico also identifies the following

21  evidence under FRCP 33(d): Irico Group Corporation's Amended Motion to Dismiss Claims of

22  Indirect Purchaser Plaintiffs for Lack of Subject Matter Jurisdiction (Fed. R. Civ. P. 12(b)(1)),

23  March 19, 2019; Irico Display Devices Co., Ltd.'s Amended Motion to Dismiss Claims of

24  Indirect Purchaser Plaintiffs for Lack of Subject Matter Jurisdiction (Fed. R. Civ. P. 12(b)(1)),

25  March 19, 2019; Irico Defendants' Reply in Support of Amended Motions to Dismiss Claims of

26  Indirect Purchaser Plaintiffs for Lack of Subject Matter Jurisdiction (Fed. R. Civ. P. 12(b)(1)),

27  May 13, 2019.

28

1

## INTERROGATORY RESPONSE AS TO IRICO'S THIRD DEFENSE

2        Plaintiffs' claims and the claims of any putative class members are barred, in whole or in

3   part, because the alleged conduct of [Group or Display] that is the subject of the Complaint either

4   occurred outside the jurisdiction of the Court or was neither directed to nor affected persons,

5   entities, trade or commerce in the United States, or both.

6        **RESPONSE**

7        Irico further objects that this Interrogatory is premature given that no Irico witnesses have

8   been deposed relating to merits issues and expert analysis and disclosures have not yet begun.

9   *See Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011).

10  Irico also objects to this interrogatory on the ground that it calls for a legal argument or legal

11  conclusion. Irico further objects to this interrogatory to the extent that it improperly tries to shift

12  the pleading and evidentiary burden that Plaintiffs alone carry to Irico.

13       Subject to and without waiving the objections stated above, and despite the Interrogatory's

14  demand for proof of facts and evidence of events that did not take place, Irico asserts no evidence

15  has been brought in the above captioned matter that indicates that Irico manufactured, sold, or

16  distributed CRTs in the United States during the class period. In particular, Irico will be

17  producing compilations of its sales records that demonstrate that Irico did not sell CRTs to the

18  United States. Irico also identifies the following evidence under FRCP 33(d): Direct Purchaser

19  Plaintiffs' Supplemental Objections and Responses to Defendants Irico Group Corp. and Irico

20  Display Devices Co., Ltd.'s First Set of Interrogatories to Direct Purchaser Plaintiffs, July 14,

21  2021; Irico Defendants' Sixth Supplemental Objections and Responses to Direct Purchaser

22  Plaintiffs' First Set of Interrogatories, January 7, 2022; Irico Defendants' Third Supplemental

23  Objections and Responses to Indirect Purchaser Plaintiffs' First Set of Interrogatories, January 7,

24  2022; Irico Defendants' Supplemental Objections and Responses to Indirect Purchaser Plaintiffs'

25  Third Set of Interrogatories to Irico Group Corporation and Irico Display Devices Co., Ltd.,

26  January 21, 2022; Rule 30(b)(6) Deposition of Irico Group Corp. and Irico Display Devices Co.,

27  Ltd., March 6-8, 2019.

28       Irico identifies the following persons with knowledge regarding this Interrogatory: Wang

---

1   Zhaojie and Su Xiaohua.

2   **INTERROGATORY RESPONSE AS TO IRICO'S FOURTH DEFENSE**

3   Plaintiffs' claims should be dismissed for uncertainty and vagueness and because their

4   claims are ambiguous, and/or unintelligible. [Group or Display] avers that Plaintiffs' claims do

5   not describe the events or legal theories with sufficient particularity to permit [Group or Display]

6   to ascertain what other defenses may exist. [Group or Display] therefore reserves the right to

7   amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer

8   and/or defenses upon the discovery of more definitive facts upon the completion of its

9   investigation and discovery.

10   **RESPONSE**

11   Irico further objects to this interrogatory on the ground that it calls for a legal argument or

12   legal conclusion.

13   Subject to and without waiving the objections stated above, Irico contends that Plaintiffs'

14   Complaint names the following entities under the title "Irico:" Irico Group Corporation, Irico

15   Display Devices Co., Ltd., and Irico Group Electronics Co., Ltd. Despite naming these three

16   corporate entities, Plaintiffs throughout their complaint make allegations against "Irico" that

17   purportedly refer to all three corporate entities collectively. For example, Plaintiffs make

18   allegations in its Complaint that use the term "Irico" in the following paragraphs: 2, 150, and 185.

19   Plaintiffs attempt to use a single term to refer to one, several, or all of the "Irico Entities" makes

20   every such instance ambiguous and unintelligible regarding any specific allegation for Irico

21   Group's or Irico Display's conduct.

22   **INTERROGATORY RESPONSE AS TO IRICO'S FIFTH DEFENSE**

23   Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

24   part, because Plaintiffs have failed to allege fraud or fraudulent concealment with sufficient

25   particularity.

26   **RESPONSE**

27   Irico further objects to this interrogatory on the ground that it calls for a legal argument or

28   legal conclusion. Irico also objects to this interrogatory to the extent that it improperly tries to

1   shift the pleading and evidentiary burden that Plaintiffs alone carry to Irico.

2        Subject to and without waiving the objections stated above, and based on its present

3   knowledge, Irico responds by stating that Irico withdraws its Fifth Defense.

4        **INTERROGATORY RESPONSE AS TO IRICO'S SIXTH DEFENSE**

5        Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

6   part, because Plaintiffs have failed to allege conspiracy with sufficient particularity.

7        **RESPONSE**

8        Irico further objects to this interrogatory on the ground that it calls for a legal argument or

9   legal conclusion. Irico also objects to this interrogatory to the extent that it improperly tries to

10  shift the pleading and evidentiary burden that Plaintiffs alone carry to Irico.

11       Subject to and without waiving the objections stated above, and based on its present

12  knowledge, Irico responds by stating that Irico withdraws its Sixth Defense.

13       **INTERROGATORY RESPONSE AS TO IRICO'S SEVENTH DEFENSE**

14       Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

15  by the applicable statute(s) of limitations.

16       **RESPONSE**

17       Subject to and without waiving the objections stated above, and based on its present

18  knowledge, Irico responds by stating that it affirms its prior response. *See* Irico Defendants'

19  Second Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' First Set of

20  Interrogatories, June 25, 2021.

21       **INTERROGATORY RESPONSE AS TO IRICO'S EIGHTH DEFENSE**

22       Plaintiffs' claims and the claims of any putative class members are barred, in whole or in

23  part, because the actions or practices of [Group or Display] that are the subject of the Complaint

24  were undertaken unilaterally for legitimate business reasons and in pursuit of [Group or

25  Display]'s independent interests and those of its customers, and were not the product of any

26  contract, combination or conspiracy between Group and any other person or entity.

27       **RESPONSE**

28

---

1    Irico further objects that this Interrogatory is premature given that no Irico witnesses have

2    been deposed relating to merits issues and expert analysis and disclosures have not yet begun. *See*

3    *Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico

4    also objects to this interrogatory on the ground that it calls for a legal argument or legal

5    conclusion.

6    Subject to and without waiving the objections stated above, Irico contends that its acts or

7    practices were undertaken unilaterally for legitimate business reasons and in pursuit of Irico's

8    independent interests. In addition, Irico asserts no evidence has been brought in the above

9    captioned matter that indicates that its actions were not undertaken unilaterally for legitimate

10   business reasons and in pursuit of Irico's independent interests. Pursuant to Rule 33(d) of the

11   Federal Rules of Civil Procedure, Irico relies on the following evidence to support its contention

12   that at all times its acts or practices were undertaken unilaterally for legitimate business reasons

13   and in pursuit of Irico's independent interests: Reply Brief of Irico In Support of Motion to Set

14   Aside Default at 10-11, ECF No. 5229; Exs. A – F to the Declaration of Stuart C. Plunkett in

15   Support of Motion to Set Aside Default, ECF Nos. 5229-02 through -07; IRI-CRT-00010133;

16   IRI-CRT-00010449; IRI-CRT-00010468; IRI-CRT-00026812; IRI-CRT-00030226; IRI-CRT-

17   00030865; IRI-CRT-00031457; BMCC-CRT000002761; BMCC-CRT000002762;

18   CHU00029175E; CHU00029179E; CHU00029259E; CHU00030067E; CHU00030777E;

19   CHU00030941E; CHU00030973E; CHU00031018E; CHU00031032; CHU00031044E; and,

20   CHU00031070E.

21   Irico further contends that Irico's pricing-related conduct was compelled by the Chinese

22   government and based on duly enacted laws and/or regulations of the People's Republic of China.

23   Irico relies on the following evidence to support this contention:

24   •   The State Planning Commission and the State Economic and Trade Commission

25       issued the "Regulations on Preventing Unfair Price Behavior of Low-Priced

26       Dumping of Industrial Products" – effective as of Nov. 25, 1998. *See* Ex. A to the

27       Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF

28       No. 5229-02.

- Notice of the State Planning Commission on Issuing the "Measures for the Determination of the Cost of Dumping Industrial Products at Low Prices (for Trial Implementation)" – effective as of March 1, 1999. *See* https://law.lawtime.cn/d448076453170.html.

- Notice of the State Planning Commission and the Ministry of Information Industry on the Trial Measures to Stop Unfair Price Competition of Color Picture Tubes and Color TVs – effective as of April 1, 1999. *See* IRI-CRT-00031457 at 1460-64; Ex. B to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-03.

- Notice on submitting cost information of color TV and color tube industry issued by the Ministry of Information Industry in 1999. *See* Ex. D to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-05.

- Notice on the issuance of the average production cost of some types of color picture tubes and color TV industries issued by the Ministry of Information Industry on April 2, 1999. *See* IRI-CRT-00031457 at 1459-60, 1466-67; Ex. C to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-04.

- Notice on the issuance of the average production cost of certain types of color TV industries issued by the Ministry of Information Industry on August 25, 2000. *See* Ex. E to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-06.

- Notice on the issuance of the average production cost of some industries of color picture tubes issued by the Ministry of Information Industry on September 14, 2000. *See* Ex. F to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-07.

Irico identifies the following employees as having knowledge regarding this Interrogatory: Wang Zhaojie and Su Xiaohua.

1       **INTERROGATORY RESPONSE AS TO IRICO'S NINTH DEFENSE**

2       Plaintiffs' claims and claims of any putative class members are barred, in whole or in part,

3 because Plaintiffs and/or certain members of the putative classes have failed to allege "antitrust

4 injury" – i.e., injury that is of the type the antitrust laws were intended to remedy.

5       **RESPONSE**

6       Irico further objects that this Interrogatory is premature given that no Irico witnesses have

7 been deposed relating to merits issues and expert analysis and disclosures have not yet begun. *See*

8 *Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico

9 also objects to this interrogatory on the ground that it calls for a legal argument or legal

10 conclusion. Irico further objects to this interrogatory to the extent that it improperly tries to shift

11 the pleading and evidentiary burden that Plaintiffs alone carry to Irico.

12       Subject to and without waiving the objections stated above, Irico asserts that Plaintiffs

13 have not established facts that demonstrate that they were actually or proximately injured by

14 reason of any act or omission by Irico. Irico further states that Plaintiffs were not actually or

15 proximately injured by reason of any act or omission by Irico because Irico did not conspire or

16 enter into any agreements regarding the price of CRTs in the United States market, and did not

17 violate any of the laws set forth in the Plaintiffs' Amended Complaint.

18       Irico states that because Plaintiffs seek to recover for purchases of CRT products as

19 indirect purchasers, Plaintiffs have failed to meet their burden of demonstrating they were injured

20 in a way that the antitrust laws were enacted to prevent. The Ninth Circuit has established that in

21 the absence of a direct relationship with the defendants, a Plaintiffs must be a participant in the

22 allegedly restrained market in order to have suffered "antitrust injury." *See Am. Ad. Mgmt., Inc. v.*

23 *General Tel. Co.*, 190 F.3d 1051, 1057 (9th Cir. 1999) ("Antitrust injury requires the Plaintiffs to

24 have suffered its injury in the market where competition is being restrained. Parties whose

25 injuries, though flowing from that which makes the defendant's conduct unlawful, are

26 experienced in another market do not suffer antitrust injury"); see also *Assoc. Gen. Contractors of*

27 *Cal. v. Cal. State Council of Carpenters* ("*AGC*"), 549 U.S. 519, 538 (1983) (antitrust laws are

28 designed to "protect[] the economic freedom of participants in the relevant market").

1       Additionally, Irico states that Plaintiffs have not come forward with a reliable

2   methodology to prove the existence of the amount, if any, of pass-through injury to all members

3   of the class. Although not limited to the following, Irico relies on the information contained in the

4   Expert Report of Janusz A. Ordover, Ph.D., August 5, 2014 (IPP Action) at 14-36, and the Expert

5   Report of Janusz A. Ordover, Ph.D., August 5, 2014 (Various DAP Actions) at 14-30.

6       Irico further states that various retailers have testified that they did not uniformly pass

7   through any price increases in CRT Products to consumers. This evidence further establishes that

8   Plaintiffs have not and cannot show which members, if any, of the indirect purchaser class have

9   suffered any alleged injury. Although not limited to the following, Irico relies on the following

10  information: Deposition Tr. of Brian Stone, Dec. 3, 2012 ("Stone Dep. Tr."), at 117:4-22 ("Cost

11  increases that a manufacturer is intending to push across may not be reflected in the overall

12  pricing for the end consumer based upon Best Buy's company's strategy, intent of that product

13  category, the product availability, and the overall competitive nature of the . . . space."); id. at

14  167:21-169:1 ("There could be instances where due to competitive pricing forces costs could go

15  up, but retail pricing may not be able to go up based upon in-country availability of products,

16  competitive forces, seasonality."); Rule 30(b)(6) Deposition of Office Depot July 24, 2014

17  ("Office Depot 30(b)(6) Dep. Tr."), at 147:16-148:7 ("[W]e will look at the market, we will look

18  at what's in the market, look at the competitive intelligence of what people are carrying, what

19  they are selling production for, what's in our current assortment, what we're charging for that, and

20  in most cases you cannot increase and pass, the customers just won't buy it because it will be

21  overpriced."); Rule 30(b)(6) Deposition Tr. of Interbond Corp. of America, d/b/a Brandsmart

22  USA (through witness Larry Sinewitz), Feb. 6, 2014 ("Interbond 30(b)(6) Dep. Tr."), at 287:13-

23  20; Deposition Tr. of Aimee Fields, June 4, 2014 ("Fields Dep. Tr."), at 125:12-126:3; Rule

24  30(b)(6) Deposition Tr. of Fry's Electronics (through witness Raj Seth) (rough transcript), Aug.

25  27, 2014 ("Fry's 30(b)(6) Dep. Tr."), at 182:6-184:10; Rule 30(b)(6) Deposition Tr. of

26  TigerDirect, Inc. (through witness George Ali) (rough transcript), Aug. 28, 2014 ("TigerDirect

27  30(b)(6) Dep. Tr.").

28

1

### INTERROGATORY RESPONSE AS TO IRICO'S TENTH DEFENSE

2

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part,

3

because any acts or practices of [Group or Display] that are the subject of the Complaint were

4

cost justified or otherwise economically justified and resulted from a good faith effort to meet

5

competition or market conditions.

6

### **RESPONSE**

7

Irico further objects that this Interrogatory is premature given that no Irico witnesses have

8

been deposed relating to merits issues and expert analysis and disclosures have not yet begun. *See*

9

*Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico

10

also objects to this interrogatory on the ground that it calls for a legal argument or legal

11

conclusion.

12

Subject to and without waiving the objections stated above, Irico contends that its acts or

13

practices were cost justified or otherwise economically justified, and resulted from a good faith

14

effort to meet competition or market conditions. In addition, Irico asserts no evidence has been

15

brought in the above captioned matter that indicates any action or practice of Irico was not cost

16

justified, otherwise economically justified, or did not result from a good faith effort to meet

17

competition or market conditions. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure,

18

Irico relies on the following evidence to support its contention that at all times its acts or practices

19

were cost justified or otherwise economically justified, and resulted from a good faith effort to

20

meet competition or market conditions: Reply Brief of Irico In Support of Motion to Set Aside

21

Default at 10-11, ECF No. 5229; Exs. A – F to the Declaration of Stuart C. Plunkett in Support of

22

Motion to Set Aside Default, ECF Nos. 5229-02 through -07; IRI-CRT-00010133; IRI-CRT-

23

00010449; IRI-CRT-00010468; IRI-CRT-00026812; IRI-CRT-00030226; IRI-CRT-00030865;

24

IRI-CRT-00031457; BMCC-CRT000002761; BMCC-CRT000002762; CHU00029175E;

25

CHU00029179E; CHU00029259E; CHU00030067E; CHU00030777E; CHU00030941E;

26

CHU00030973E; CHU00031018E; CHU00031032; CHU00031044E; and, CHU00031070E.

27

Irico identifies the following employees as having knowledge regarding this Interrogatory: Wang

28

Zhaojie and Su Xiaohua.

**INTERROGATORY RESPONSE AS TO IRICO'S ELEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of [Group or Display] that is the subject of the Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

**RESPONSE**

Irico further objects that this Interrogatory is premature given that no Irico witnesses have been deposed relating to merits issues and expert analysis and disclosures have not yet begun. *See Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico also objects to this interrogatory on the ground that it calls for a legal argument or legal conclusion.

Subject to and without waiving the objections stated above, Irico contends that Irico's pricing-related conduct was compelled by the Chinese government and based on duly enacted laws and/or regulations of the People's Republic of China. Irico relies on the following evidence to support this contention:

- The State Planning Commission and the State Economic and Trade Commission issued the "Regulations on Preventing Unfair Price Behavior of Low-Priced Dumping of Industrial Products" – effective as of Nov. 25, 1998. *See* Ex. A to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-02.

- Notice of the State Planning Commission on Issuing the "Measures for the Determination of the Cost of Dumping Industrial Products at Low Prices (for Trial Implementation)" – effective as of March 1, 1999. *See* https://law.lawtime.cn/d448076453170.html..

- Notice of the State Planning Commission and the Ministry of Information Industry on the Trial Measures to Stop Unfair Price Competition of Color Picture Tubes and Color TVs – effective as of April 1, 1999. *See* IRI-CRT-00031457 at 1460-64; Ex.

1  B to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

2  Default, ECF No. 5229-03.

3  • Notice on submitting cost information of color TV and color tube industry issued

4  by the Ministry of Information Industry in 1999. *See* Ex. D to the Declaration of

5  Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-05.

6  • Notice on the issuance of the average production cost of some types of color

7  picture tubes and color TV industries issued by the Ministry of Information

8  Industry on April 2, 1999. *See* IRI-CRT-00031457 at 1459-60, 1466-67; Ex. C to

9  the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default,

10  ECF No. 5229-04.

11  • Notice on the issuance of the average production cost of certain types of color TV

12  industries issued by the Ministry of Information Industry on August 25, 2000. *See*

13  Ex. E to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

14  Default, ECF No. 5229-06.

15  • Notice on the issuance of the average production cost of some industries of color

16  picture tubes issued by the Ministry of Information Industry on September 14,

17  2000. *See* Ex. F to the Declaration of Stuart C. Plunkett in Support of Motion to

18  Set Aside Default, ECF No. 5229-07.

19  Irico identifies the following employees as having knowledge regarding this Interrogatory: Wang

20  Zhaojie and Su Xiaohua.

21  **INTERROGATORY RESPONSE AS TO IRICO'S TWELFTH DEFENSE**

22  Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of [Group or

23  Display] that is the subject of the Complaint was caused by or in response to duly enacted laws

24  and/or regulations of the People's Republic of China and is therefore protected under the foreign

25  sovereign compulsion doctrine, the act of state doctrine, and international comity.

26  **RESPONSE**

27  Irico further objects that this Interrogatory is premature given that no Irico witnesses have

28  been deposed relating to merits issues and expert analysis and disclosures have not yet begun. *See*

1  *Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico

2  also objects to this interrogatory on the ground that it calls for a legal argument or legal

3  conclusion.

4        Subject to and without waiving the objections stated above, Irico contends that Irico's

5  pricing-related conduct was compelled by the Chinese government and based on duly enacted

6  laws and/or regulations of the People's Republic of China. Irico relies on the following evidence

7  to support this contention:

8        • The State Planning Commission and the State Economic and Trade Commission

9           issued the "Regulations on Preventing Unfair Price Behavior of Low-Priced

10          Dumping of Industrial Products" – effective as of Nov. 25, 1998. *See* Ex. A to the

11          Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF

12          No. 5229-02.

13       • Notice of the State Planning Commission on Issuing the "Measures for the

14          Determination of the Cost of Dumping Industrial Products at Low Prices (for Trial

15          Implementation)" – effective as of March 1, 1999. *See*

16          https://law.lawtime.cn/d448076453170.html.

17       • Notice of the State Planning Commission and the Ministry of Information Industry

18          on the Trial Measures to Stop Unfair Price Competition of Color Picture Tubes and

19          Color TVs – effective as of April 1, 1999. *See* IRI-CRT-00031457 at 1460-64; Ex.

20          B to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

21          Default, ECF No. 5229-03.

22       • Notice on submitting cost information of color TV and color tube industry issued

23          by the Ministry of Information Industry in 1999. *See* Ex. D to the Declaration of

24          Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-05.

25       • Notice on the issuance of the average production cost of some types of color

26          picture tubes and color TV industries issued by the Ministry of Information

27          Industry on April 2, 1999. *See* IRI-CRT-00031457 at 1459-60, 1466-67; Ex. C to

28

1    the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default,

2    ECF No. 5229-04.

3    • Notice on the issuance of the average production cost of certain types of color TV

4    industries issued by the Ministry of Information Industry on August 25, 2000. *See*

5    Ex. E to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

6    Default, ECF No. 5229-06.

7    • Notice on the issuance of the average production cost of some industries of color

8    picture tubes issued by the Ministry of Information Industry on September 14,

9    2000. *See* Ex. F to the Declaration of Stuart C. Plunkett in Support of Motion to

10    Set Aside Default, ECF No. 5229-07.

11    Irico identifies the following employees as having knowledge regarding this Interrogatory: Wang

12    Zhaojie and Su Xiaohua.

13    **INTERROGATORY RESPONSE AS TO IRICO'S THIRTEENTH DEFENSE**

14    Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

15    part, because no Plaintiffs has been injured in its business or property by reason of any action of

16    Group.

17    **RESPONSE**

18    Irico further objects that this Interrogatory is premature given that no Irico witnesses have

19    been deposed relating to merits issues and expert analysis and disclosures have not yet begun. *See*

20    *Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico

21    also objects to this interrogatory on the ground that it calls for a legal argument or legal

22    conclusion. Irico further objects to this interrogatory to the extent that it improperly tries to shift

23    the pleading and evidentiary burden that Plaintiffs alone carry to Irico.

24    Subject to and without waiving the objections stated above, Irico asserts that Plaintiffs

25    have not established facts that demonstrate that they were actually or proximately injured by

26    reason of any act or omission by Irico. Irico further states that Plaintiffs were not actually or

27    proximately injured by reason of any act or omission by Irico because Irico did not conspire or

28    enter into any agreements regarding the price of CRTs in the United States market, and did not

1   violate any of the laws set forth in the Plaintiffs' Amended Complaint.

2          Irico states that because Plaintiffs seek to recover for purchases of CRT products as

3   indirect purchasers, Plaintiffs have failed to meet their burden of demonstrating they were injured

4   in a way that the antitrust laws were enacted to prevent. The Ninth Circuit has established that in

5   the absence of a direct relationship with the defendants, a Plaintiffs must be a participant in the

6   allegedly restrained market in order to have suffered "antitrust injury." *See Am. Ad. Mgmt., Inc. v.*

7   *General Tel. Co.*, 190 F.3d 1051, 1057 (9th Cir. 1999) ("Antitrust injury requires the Plaintiffs to

8   have suffered its injury in the market where competition is being restrained. Parties whose

9   injuries, though flowing from that which makes the defendant's conduct unlawful, are

10  experienced in another market do not suffer antitrust injury"); see also *Assoc. Gen. Contractors of*

11  *Cal. v. Cal. State Council of Carpenters* ("*AGC*"), 549 U.S. 519, 538 (1983) (antitrust laws are

12  designed to "protect[] the economic freedom of participants in the relevant market").

13         Additionally, Irico states that Plaintiffs have not come forward with a reliable

14  methodology to prove the existence of the amount, if any, of pass-through injury to all members

15  of the class. Although not limited to the following, Irico relies on the information contained in the

16  Expert Report of Janusz A. Ordover, Ph.D., August 5, 2014 (IPP Action) at 14-36, and the Expert

17  Report of Janusz A. Ordover, Ph.D., August 5, 2014 (Various DAP Actions) at 14-30.

18         Irico further states that various retailers have testified that they did not uniformly pass

19  through any price increases in CRT Products to consumers. This evidence further establishes that

20  Plaintiffs have not and cannot show which members, if any, of the indirect purchaser class have

21  suffered any alleged injury. Although not limited to the following, Irico relies on the following

22  information: Deposition Tr. of Brian Stone, Dec. 3, 2012 ("Stone Dep. Tr."), at 117:4-22 ("Cost

23  increases that a manufacturer is intending to push across may not be reflected in the overall

24  pricing for the end consumer based upon Best Buy's company's strategy, intent of that product

25  category, the product availability, and the overall competitive nature of the . . . space."); id. at

26  167:21-169:1 ("There could be instances where due to competitive pricing forces costs could go

27  up, but retail pricing may not be able to go up based upon in-country availability of products,

28  competitive forces, seasonality."); Rule 30(b)(6) Deposition of Office Depot July 24, 2014

---

1  ("Office Depot 30(b)(6) Dep. Tr."), at 147:16-148:7 ("[W]e will look at the market, we will look

2  at what's in the market, look at the competitive intelligence of what people are carrying, what

3  they are selling production for, what's in our current assortment, what we're charging for that, and

4  in most cases you cannot increase and pass, the customers just won't buy it because it will be

5  overpriced."); Rule 30(b)(6) Deposition Tr. of Interbond Corp. of America, d/b/a Brandsmart

6  USA (through witness Larry Sinewitz), Feb. 6, 2014 ("Interbond 30(b)(6) Dep. Tr."), at 287:13-

7  20; Deposition Tr. of Aimee Fields, June 4, 2014 ("Fields Dep. Tr."), at 125:12-126:3; Rule

8  30(b)(6) Deposition Tr. of Fry's Electronics (through witness Raj Seth) (rough transcript), Aug.

9  27, 2014 ("Fry's 30(b)(6) Dep. Tr."), at 182:6-184:10; Rule 30(b)(6) Deposition Tr. of

10  TigerDirect, Inc. (through witness George Ali) (rough transcript), Aug. 28, 2014 ("TigerDirect

11  30(b)(6) Dep. Tr.").

12  **INTERROGATORY RESPONSE AS TO IRICO'S FOURTEENTH DEFENSE**

13  Plaintiffs' claims and claims of any putative class members are barred, in whole or in part,

14  because any alleged injuries and/or damages were not legally or proximately caused by any acts

15  or omissions of [Group or Display] and/or were caused, if at all, solely and proximately by the

16  conduct of third parties including, without limitations, the prior, intervening or superseding

17  conduct of such third parties.

18  **RESPONSE**

19  Irico further objects that this Interrogatory is premature given that no Irico witnesses have

20  been deposed relating to merits issues and expert analysis and disclosures have not yet begun. *See*

21  *Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico

22  also objects to this interrogatory on the ground that it calls for a legal argument or legal

23  conclusion.

24  Subject to and without waiving the objections stated above, Irico contends that Irico's

25  pricing-related conduct was compelled by the Chinese government and based on duly enacted

26  laws and/or regulations of the People's Republic of China. Irico relies on the following evidence

27  to support this contention:

28

1        • The State Planning Commission and the State Economic and Trade Commission

2           issued the "Regulations on Preventing Unfair Price Behavior of Low-Priced

3           Dumping of Industrial Products" – effective as of Nov. 25, 1998. *See* Ex. A to the

4           Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF

5           No. 5229-02.

6        • Notice of the State Planning Commission on Issuing the "Measures for the

7           Determination of the Cost of Dumping Industrial Products at Low Prices (for Trial

8           Implementation)" – effective as of March 1, 1999. *See*

9           https://law.lawtime.cn/d448076453170.html.

10       • Notice of the State Planning Commission and the Ministry of Information Industry

11          on the Trial Measures to Stop Unfair Price Competition of Color Picture Tubes and

12          Color TVs – effective as of April 1, 1999. *See* IRI-CRT-00031457 at 1460-64; Ex.

13          B to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

14          Default, ECF No. 5229-03.

15       • Notice on submitting cost information of color TV and color tube industry issued

16          by the Ministry of Information Industry in 1999. *See* Ex. D to the Declaration of

17          Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-05.

18       • Notice on the issuance of the average production cost of some types of color

19          picture tubes and color TV industries issued by the Ministry of Information

20          Industry on April 2, 1999. *See* IRI-CRT-00031457 at 1459-60, 1466-67; Ex. C to

21          the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default,

22          ECF No. 5229-04.

23       • Notice on the issuance of the average production cost of certain types of color TV

24          industries issued by the Ministry of Information Industry on August 25, 2000. *See*

25          Ex. E to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

26          Default, ECF No. 5229-06.

27       • Notice on the issuance of the average production cost of some industries of color

28          picture tubes issued by the Ministry of Information Industry on September 14,

1     2000. *See* Ex. F to the Declaration of Stuart C. Plunkett in Support of Motion to

2     Set Aside Default, ECF No. 5229-07.

3     Irico identifies the following employees as having knowledge regarding this Interrogatory: Wang

4     Zhaojie and Su Xiaohua.

### INTERROGATORY RESPONSE AS TO IRICO'S FIFTEENTH DEFENSE

6     To the extent that any actionable conduct occurred, Plaintiffs claims and the claims of any

7     putative class members against [Group or Display] are barred because all such conduct would

8     have been committed by individuals acting *ultra vires.*

9     **RESPONSE**

10     Subject to and without waiving the objections stated above, and based on its present

11     knowledge, Irico responds by stating that it affirms its prior response. *See* Irico Defendants'

12     Second Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' First Set of

13     Interrogatories, June 25, 2021.

### INTERROGATORY RESPONSE AS TO IRICO'S SIXTEENTH DEFENSE

15     Plaintiffs' claims should be dismissed to the extent they are barred, in whole or in part,

16     because any injury or damage alleged in the Complaint, which [Group or Display] specifically

17     denies, was passed on to persons or entities other than the Plaintiffs and/or was passed on by

18     Plaintiffs to other parties.

19     **RESPONSE**

20     Irico further objects that this Interrogatory is premature given that no Irico witnesses have

21     been deposed relating to merits issues and expert analysis and disclosures have not yet begun.

22     *See Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011).

23     Irico also objects to this interrogatory on the ground that it calls for a legal argument or legal

24     conclusion. Irico further objects to this interrogatory to the extent that it improperly tries to shift

25     the pleading and evidentiary burden that Plaintiffs alone carry to Irico.

26     Subject to and without waiving the objections stated above, Irico asserts that Plaintiffs

27     have not established facts that demonstrate that they were actually or proximately injured by

28     reason of any act or omission by Irico. Irico further states that Plaintiffs were not actually or

1   proximately injured by reason of any act or omission by Irico because Irico did not conspire or

2   enter into any agreements regarding the price of CRTs in the United States market, and did not

3   violate any of the laws set forth in the Plaintiffs' Amended Complaint.

4        Irico states that because Plaintiffs seek to recover for purchases of CRT products as

5   indirect purchasers, Plaintiffs have failed to meet their burden of demonstrating they were injured

6   in a way that the antitrust laws were enacted to prevent. The Ninth Circuit has established that in

7   the absence of a direct relationship with the defendants, a Plaintiffs must be a participant in the

8   allegedly restrained market in order to have suffered "antitrust injury." *See Am. Ad. Mgmt., Inc. v.*

9   *General Tel. Co.*, 190 F.3d 1051, 1057 (9th Cir. 1999) ("Antitrust injury requires the Plaintiffs to

10   have suffered its injury in the market where competition is being restrained. Parties whose

11   injuries, though flowing from that which makes the defendant's conduct unlawful, are

12   experienced in another market do not suffer antitrust injury"); see also *Assoc. Gen. Contractors of*

13   *Cal. v. Cal. State Council of Carpenters* ("*AGC*"), 549 U.S. 519, 538 (1983) (antitrust laws are

14   designed to "protect[] the economic freedom of participants in the relevant market").

15        Irico further states that various retailers have testified that they did not uniformly pass

16   through any price increases in CRT Products to consumers. This evidence further establishes that

17   Plaintiffs have not and cannot show which members, if any, of the indirect purchaser class have

18   suffered any alleged injury. Although not limited to the following, Irico relies on the following

19   information: Deposition Tr. of Brian Stone, Dec. 3, 2012 ("Stone Dep. Tr."), at 117:4-22 ("Cost

20   increases that a manufacturer is intending to push across may not be reflected in the overall

21   pricing for the end consumer based upon Best Buy's company's strategy, intent of that product

22   category, the product availability, and the overall competitive nature of the . . . space."); id. at

23   167:21-169:1 ("There could be instances where due to competitive pricing forces costs could go

24   up, but retail pricing may not be able to go up based upon in-country availability of products,

25   competitive forces, seasonality."); Rule 30(b)(6) Deposition of Office Depot July 24, 2014

26   ("Office Depot 30(b)(6) Dep. Tr."), at 147:16-148:7 ("[W]e will look at the market, we will look

27   at what's in the market, look at the competitive intelligence of what people are carrying, what

28   they are selling production for, what's in our current assortment, what we're charging for that, and

1   in most cases you cannot increase and pass, the customers just won't buy it because it will be

2   overpriced."); Rule 30(b)(6) Deposition Tr. of Interbond Corp. of America, d/b/a Brandsmart

3   USA (through witness Larry Sinewitz), Feb. 6, 2014 ("Interbond 30(b)(6) Dep. Tr."), at 287:13-

4   20; Deposition Tr. of Aimee Fields, June 4, 2014 ("Fields Dep. Tr."), at 125:12-126:3; Rule

5   30(b)(6) Deposition Tr. of Fry's Electronics (through witness Raj Seth) (rough transcript), Aug.

6   27, 2014 ("Fry's 30(b)(6) Dep. Tr."), at 182:6-184:10; Rule 30(b)(6) Deposition Tr. of

7   TigerDirect, Inc. (through witness George Ali) (rough transcript), Aug. 28, 2014 ("TigerDirect

8   30(b)(6) Dep. Tr.").

9   **INTERROGATORY RESPONSE AS TO IRICO'S SEVENTEENTH DEFENSE**

10      Plaintiffs' claims are barred, in whole or in part, to the extent they are based on alleged

11   acts, conduct or statements that are specifically permitted by law.

12   **RESPONSE**

13      Irico further objects that this Interrogatory is premature given that no Irico witnesses have

14   been deposed relating to merits issues and expert analysis and disclosures have not yet begun. *See*

15   *Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico

16   also objects to this interrogatory on the ground that it calls for a legal argument or legal

17   conclusion.

18      Subject to and without waiving the objections stated above, Irico contends that Irico's

19   pricing-related conduct was compelled by the Chinese government and based on duly enacted

20   laws and/or regulations of the People's Republic of China. Irico relies on the following evidence

21   to support this contention:

22      •   The State Planning Commission and the State Economic and Trade Commission

23          issued the "Regulations on Preventing Unfair Price Behavior of Low-Priced

24          Dumping of Industrial Products" – effective as of Nov. 25, 1998. *See* Ex. A to the

25          Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF

26          No. 5229-02.

27      •   Notice of the State Planning Commission on Issuing the "Measures for the

28          Determination of the Cost of Dumping Industrial Products at Low Prices (for Trial

1   Implementation)" – effective as of March 1, 1999. *See*

2   https://law.lawtime.cn/d448076453170.html.

3   - Notice of the State Planning Commission and the Ministry of Information Industry

4   on the Trial Measures to Stop Unfair Price Competition of Color Picture Tubes and

5   Color TVs – effective as of April 1, 1999. *See* IRI-CRT-00031457 at 1460-64; Ex.

6   B to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

7   Default, ECF No. 5229-03.

8   - Notice on submitting cost information of color TV and color tube industry issued

9   by the Ministry of Information Industry in 1999. *See* Ex. D to the Declaration of

10   Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-05.

11   - Notice on the issuance of the average production cost of some types of color

12   picture tubes and color TV industries issued by the Ministry of Information

13   Industry on April 2, 1999. *See* IRI-CRT-00031457 at 1459-60, 1466-67; Ex. C to

14   the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default,

15   ECF No. 5229-04.

16   - Notice on the issuance of the average production cost of certain types of color TV

17   industries issued by the Ministry of Information Industry on August 25, 2000. *See*

18   Ex. E to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

19   Default, ECF No. 5229-06.

20   - Notice on the issuance of the average production cost of some industries of color

21   picture tubes issued by the Ministry of Information Industry on September 14,

22   2000. *See* Ex. F to the Declaration of Stuart C. Plunkett in Support of Motion to

23   Set Aside Default, ECF No. 5229-07.

24   Irico identifies the following employees as having knowledge regarding this Interrogatory: Wang

25   Zhaojie and Su Xiaohua.

26

27

28

1

## INTERROGATORY RESPONSE AS TO IRICO'S EIGHTEENTH DEFENSE

2

Plaintiffs' claims should be dismissed, in whole or in part, because Plaintiffs and/or

3

certain members of the putative class failed to take all necessary, reasonable, and appropriate

4

actions to mitigate their alleged damages, if any.

5

## RESPONSE

6

Subject to and without waiving the objections stated above, and based on its present

7

knowledge, Irico responds by stating that it affirms its prior response. *See* Irico Defendants'

8

Second Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' First Set of

9

Interrogatories, June 25, 2021.

10

## INTERROGATORY RESPONSE AS TO IRICO'S NINETEENTH DEFENSE

11

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

12

part, because Plaintiffs and/or certain members of the putative class would be unjustly enriched if

13

they were allowed to recover any part of the damages alleged in the Amended Complaint.

14

## RESPONSE

15

Subject to and without waiving the objections stated above, and based on its present

16

knowledge, Irico responds by stating that it affirms its prior response. *See* Irico Defendants'

17

Second Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' First Set of

18

Interrogatories, June 25, 2021.

19

## INTERROGATORY RESPONSE AS TO IRICO'S TWENTIETH DEFENSE

20

Without admitting that Plaintiffs are entitled to recover damages in this matter, Group is

21

entitled to set off from any recovery Plaintiffs may obtain against Group any amount paid to

22

Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

23

## RESPONSE

24

Irico further objects to this interrogatory on the ground that it calls for a legal argument or

25

legal conclusion.

26

Subject to and without waiving the objections stated above, Irico states that a Plaintiffs

27

who recovers damages from one co-conspirator, whether by verdict or settlement, may not

28

recover those same damages again from another co-conspirator. *See* Order Granting Final

1    Approval, ECF No. 5786 (approving IPP settlements with Philips, Panasonic, Hitachi, Toshiba,

2    Samsung, and Thomson/TDA); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S.

3    321, 348 (1971); *Seymour v. Summa Vista Cinema, Inc.,* 809 F.2d 1385, 1389 (9th Cir. 1987);

4    *Husky Refining Co. v. Barnes,* 119 F.2d 715, 716 (9th Cir. 1941); *In re Piper Aircraft,* 792 F.

5    Supp. 1189, 1190-91 (N.D. Cal. 1992). While Irico maintains that the evidence does not prove

6    that it conspired or entered into any agreements regarding the price of CRTs in the United States

7    market, or violated any of the laws set forth in IPPs' Complaint, if it were proven that Irico

8    conspired or agreed to fix prices, as alleged, any recovery would need to be reduced by

9    settlements with other defendants in this or related matters.

10        Additionally, Irico states that applicable state law prohibits duplicative recovery by

11   multiple direct or indirect purchasers. *See, e.g.,* N.Y. Gen. Bus. Law § 340(6) ("In actions where

12   both direct and indirect purchasers are involved, a defendant shall be entitled to prove as a partial

13   or complete defense to a claim for damages that the illegal overcharge has been passed on to

14   others who are themselves entitled to recover so as to avoid duplication of recovery of

15   damages."); *Clayworth v. Pfizer, Inc.,* 49 Cal. 4th 758, 787 (2010) (holding that under California

16   law, "[i]n instances where multiple levels of purchasers have sued, or where a risk remains they

17   may sue . . . if damages must be allocated among the various levels of injured purchasers, the bar

18   on consideration of the pass-on evidence must necessarily be lifted . . . ."); Haw. Rev. Stat. § 480-

19   13 (2011) ("In class actions or de facto class actions where both direct and indirect purchasers are

20   involved, or where more than one class of indirect purchasers are involved, a defendant shall be

21   entitled to prove as a partial or complete defense to a claim for compensatory damages that the

22   illegal overcharge has been passed on or passed back to others who are themselves entitled to

23   recover so as to avoid the duplication of recovery of compensatory damages."); Neb. Rev. Stat. §

24   59-821.01 (2012) ("A defendant may prove, as a partial or complete defense to a claim for

25   damages under sections 59-801 to 59-831 and this section, that the illegal overcharge or

26   undercharge has been passed on to others who are themselves entitled to recover so as to avoid

27   duplication of recovery of such damages . . . ."); N.D. Cent. Code § 51-08.1-08 ("In any action for

28   damages under this section, any defendant, as a partial or complete defense against a claim for

1   damages, is entitled to prove that the Plaintiffs purchaser, or seller in the chain of manufacture,

2   production, or distribution, who paid any overcharge or received any underpayment passed on all

3   or any part of the overcharge or underpayment to another purchaser or seller in that action.").

4   **INTERROGATORY RESPONSE AS TO IRICO'S TWENTY-FIRST DEFENSE**

5          To the extent that any actionable conduct occurred for which [Group or Display] is liable,

6   some or all of Plaintiffs' claims against [Group or Display] are barred because [Group or Display]

7   withdrew from and/or abandoned any alleged conspiracy and thus Plaintiffs cannot establish

8   liability or compensable damages as a matter of law on the basis that, among other things, [Group

9   or Display] withdrew and/or abandoned any alleged conspiracy prior to the commencement of the

10   limitations period set forth in applicable statutes of limitations.

11          **RESPONSE**

12          Irico further objects that this Interrogatory is premature given that no Irico witnesses have

13   been deposed relating to merits issues and expert analysis and disclosures have not been

14   completed. *See Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19,

15   2011). Irico also objects to this interrogatory on the ground that it calls for a legal argument or

16   legal conclusion.

17          Subject to and without waiving the objections stated above, and based on its present

18   knowledge, Irico responds as follows: Based on further investigation, Irico renews its Twenty-

19   First Defense.  Irico understands that Plaintiff has alleged a single global conspiracy

20   encompassing all CRTs, including both color picture tubes ("CPTs") and color display tubes

21   ("CDTs") sold during the Relevant Period.  Irico denies participating in any such conspiracy, and

22   also contends that the conspiracy as alleged by plaintiffs is inappropriately broad as it includes

23   multiple categories of CRTs, including different sizes and types, that are not functional substitutes

24   in use.  *See* Heiser (Hitachi) Dep. 46:24-47:23; Michael Son (SDI) Dep. 318:20-319:9; Jae In Lee

25   (SDI) Dep. 212:1-213:2; Chih Chun Liu (Chunghwa) Dep. 502:2-19; Phillip Johnson Dep. 27:6-

26   28:6.  Irico contends that, if any CRT-related conspiracy existed, as a matter of economic

27   feasibility it could not encompass both CPTs and CDTs.

28          Irico contends that it ceased production and sale of CDTs no later than 2004 and thus

1   could not have participated in any conspiracy to fix prices or restrain production of CDTs, if any

2   such conspiracy existed, after that time. Irico identifies the following evidence in support of its

3   Twenty-First Defense: IRI-CRT-00031179 through -31215; witnesses Wang Zhaojie and Su

4   Xiaohua.  Irico further refers Plaintiff to the forthcoming spreadsheet(s) summarizing its original

5   CRT sales records.

6   **INTERROGATORY RESPONSE AS TO IRICO'S TWENTY-SECOND DEFENSE**

7   Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

8   by the doctrines of waiver and/or estoppel.

9   **RESPONSE**

10   Subject to and without waiving the objections stated above, and based on its present

11   knowledge, Irico responds by stating that it affirms its prior response. *See* Irico Defendants' Second

12   Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' First Set of

13   Interrogatories, June 25, 2021.

14   **INTERROGATORY RESPONSE AS TO IRICO'S TWENTY-THIRD DEFENSE**

15   Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

16   by the equitable doctrine of laches.

17   **RESPONSE**

18   Subject to and without waiving the objections stated above, and based on its present

19   knowledge, Irico responds by stating that it affirms its prior response. *See* Irico Defendants' Second

20   Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' First Set of

21   Interrogatories, June 25, 2021.

22   **INTERROGATORY RESPONSE AS TO IRICO'S TWENTY-FOURTH DEFENSE**

23   Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

24   by the equitable doctrine of unclean hands.

25   **RESPONSE**

26   Subject to and without waiving the objections stated above, and based on its present

27   knowledge, Irico responds by stating that it affirms its prior response. *See* Irico Defendants' Second

28

1   Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' First Set of

2   Interrogatories, June 25, 2021.

3   **INTERROGATORY RESPONSE AS TO IRICO'S TWENTY-FIFTH DEFENSE**

4        Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

5   by Plaintiffs' and/or certain members of the putative class acquiescence and/or confirmation of any

6   and all conduct and/or omissions alleged as to [Group or Display].

7        **RESPONSE**

8        Subject to and without waiving the objections stated above, and based on its present

9   knowledge, Irico responds by stating that it affirms its prior response. *See* Irico Defendants' Second

10  Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' First Set of

11  Interrogatories, June 25, 2021.

12  **INTERROGATORY RESPONSE AS TO IRICO'S TWENTY-SIXTH DEFENSE**

13       Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

14       **RESPONSE**

15       Subject to and without waiving the objections stated above, and based on its present

16  knowledge, Irico responds by stating that it affirms its prior response. *See* Irico Defendants'

17  Second Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' First Set of

18  Interrogatories, June 25, 2021.

19  **INTERROGATORY RESPONSE AS TO IRICO'S TWENTY-SEVENTH DEFENSE**

20       The Amended Complaint should be dismissed on the grounds of forum non conveniens.

21       **RESPONSE**

22       Subject to and without waiving the objections stated above, and based on its present

23  knowledge, Irico responds by stating that Irico withdraws its Twenty-Seventh Defense.

24  **INTERROGATORY RESPONSE AS TO IRICO'S TWENTY-EIGHTH DEFENSE**

25       Plaintiffs' claims and claims of any putative class members against Group are barred to the

26  extent that they have agreed to arbitration or chosen a different forum for the resolution of their

27  claims.

28       **RESPONSE**

1    Subject to and without waiving the objections stated above, and based on its present

2    knowledge, Irico responds by stating that Irico withdraws its Twenty-Eighth Defense.

3    **INTERROGATORY RESPONSE AS TO IRICO'S TWENTY-NINTH DEFENSE**

4    Plaintiffs' claims for injunctive relief should be dismissed because Plaintiffs and/or certain

5    members of the putative class have available an adequate remedy at law.

6    **RESPONSE**

7    Irico further objects to this interrogatory on the ground that it calls for a legal argument or

8    legal conclusion. Irico also objects to this interrogatory to the extent that it improperly tries to

9    shift the pleading and evidentiary burden that Plaintiffs alone carry to Irico.

10   Subject to and without waiving the objections stated above, Irico contends that Plaintiffs'

11   claims for injunctive relief should be dismissed because Plaintiffs have an available adequate

12   remedy at law. *See Walters v. Reno*, 145 F.3d 1032, 1048 (9th Cir. 1998) ("Injunctive relief is

13   proper only if monetary damages or other legal remedies will not compensate the Plaintiffs for

14   their injuries."). To be entitled to an injunction, Plaintiffs must establish that there is a threat of

15   injury. However, there is no continuing harm or continuing injury that could be enjoined.

16   Plaintiffs also do not allege that there was a continuing conspiracy after 2007. Therefore, there are

17   no grounds for an injunction. Although not limited to the following, Irico relies on the following

18   evidence to support the contention that Plaintiffs' claims for injunctive relief should be dismissed:

19   Defendants' Motion to Dismiss the State of Florida's Complaint, July 3, 2012 (ECF No. 1248)

20   and Stipulation and Order Dismissing the Claims of Plaintiffs State of Florida, December 10,

21   2012 (ECF No. 1480).

22   **INTERROGATORY RESPONSE AS TO IRICO'S THIRTIETH DEFENSE**

23   Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

24   for failure to join indispensable parties.

25   **RESPONSE**

26   Subject to and without waiving the objections stated above, and based on its present

27   knowledge, Irico responds by stating that it affirms its prior response. *See Irico Defendants'*

28   Second Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' First Set of

1  Interrogatories, June 25, 2021.

2  **INTERROGATORY RESPONSE AS TO IRICO'S THIRTY-FIRST DEFENSE**

3  Plaintiffs' claims and claims of any putative class members are barred, in whole or in part,

4  to the extent they seek an improper multiple punitive award for a single wrong because such an

5  award would violate [Group or Display]'s rights guaranteed by the Due Process clause of the

6  Fifth Amendment of the United States Constitution.

7  **RESPONSE**

8  Irico further objects to this interrogatory on the ground that it calls for a legal argument or

9  legal conclusion. Irico also objects to this interrogatory on the grounds that it is premature at this

10  stage in the proceedings as damages have not been awarded.

11  Subject to and without waiving the objections stated above, Irico states that a Plaintiffs

12  who recovers damages from one co-conspirator, whether by verdict or settlement, may not

13  recover those same damages again from another co-conspirator. *Zenith Radio Corp. v. Hazeltine*

14  *Research, Inc.*, 401 U.S. 321, 348 (1971); *Seymour v. Summa Vista Cinema, Inc.*, 809 F.2d 1385,

15  1389 (9th Cir. 1987); *Husky Refining Co. v. Barnes*, 119 F.2d 715, 716 (9th Cir. 1941); *In re*

16  *Piper Aircraft*, 792 F. Supp. 1189, 1190-91 (N.D. Cal. 1992). While Irico maintains that the

17  evidence does not prove that it conspired or entered into any agreements regarding the price of

18  CRTs in the United States market, or violated any of the laws set forth in Plaintiffs' Complaint, if

19  it were proven that Irico conspired or agreed to fix prices, as alleged, any recovery would need to

20  be reduced by settlements with other defendants in this or related matters.

21  Additionally, Irico states that applicable state law prohibits duplicative recovery by

22  multiple direct or indirect purchasers. *See, e.g.*, N.Y. Gen. Bus. Law § 340(6) ("In actions where

23  both direct and indirect purchasers are involved, a defendant shall be entitled to prove as a partial

24  or complete defense to a claim for damages that the illegal overcharge has been passed on to

25  others who are themselves entitled to recover so as to avoid duplication of recovery of

26  damages."); *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 787 (2010) (holding that under California

27  law, "[i]n instances where multiple levels of purchasers have sued, or where a risk remains they

28  may sue . . . if damages must be allocated among the various levels of injured purchasers, the bar

1   on consideration of the pass-on evidence must necessarily be lifted . . . ."); Haw. Rev. Stat. § 480-

2   13 (2011) ("In class actions or de facto class actions where both direct and indirect purchasers are

3   involved, or where more than one class of indirect purchasers are involved, a defendant shall be

4   entitled to prove as a partial or complete defense to a claim for compensatory damages that the

5   illegal overcharge has been passed on or passed back to others who are themselves entitled to

6   recover so as to avoid the duplication of recovery of compensatory damages."); Neb. Rev. Stat. §

7   59-821.01 (2012) ("A defendant may prove, as a partial or complete defense to a claim for

8   damages under sections 59-801 to 59-831 and this section, that the illegal overcharge or

9   undercharge has been passed on to others who are themselves entitled to recover so as to avoid

10  duplication of recovery of such damages . . . ."); N.D. Cent. Code § 51-08.1-08 ("In any action for

11  damages under this section, any defendant, as a partial or complete defense against a claim for

12  damages, is entitled to prove that the Plaintiffs purchaser, or seller in the chain of manufacture,

13  production, or distribution, who paid any overcharge or received any underpayment passed on all

14  or any part of the overcharge or underpayment to another purchaser or seller in that action.").

15  ### INTERROGATORY RESPONSE AS TO IRICO'S THIRTY-SECOND DEFENSE

16  Plaintiffs' claims and claims of any putative class members are barred, in whole or in part,

17  to the extent they seek an improper multiple punitive award for a single wrong because such an

18  award would violate [Group or Display]'s rights guaranteed by the Due Process provision of the

19  Fourteenth Amendment of the United States Constitution.

20  ### RESPONSE

21  Irico further objects to this interrogatory on the ground that it calls for a legal argument or

22  legal conclusion. Irico also objects to this interrogatory on the grounds that it is premature at this

23  stage in the proceedings as damages have not been awarded.

24  Subject to and without waiving the objections stated above, Irico states that a Plaintiffs

25  who recovers damages from one co-conspirator, whether by verdict or settlement, may not

26  recover those same damages again from another co-conspirator. *Zenith Radio Corp. v. Hazeltine*

27  *Research, Inc.*, 401 U.S. 321, 348 (1971); *Seymour v. Summa Vista Cinema, Inc.*, 809 F.2d 1385,

28  1389 (9th Cir. 1987); *Husky Refining Co. v. Barnes*, 119 F.2d 715, 716 (9th Cir. 1941); *In re*

1   *Piper Aircraft*, 792 F. Supp. 1189, 1190-91 (N.D. Cal. 1992). While Irico maintains that the

2   evidence does not prove that it conspired or entered into any agreements regarding the price of

3   CRTs in the United States market, or violated any of the laws set forth in Plaintiffs' Complaint, if

4   it were proven that Irico conspired or agreed to fix prices, as alleged, any recovery would need to

5   be reduced by settlements with other defendants in this or related matters.

6          Additionally, Irico states that applicable state law prohibits duplicative recovery by

7   multiple direct or indirect purchasers. See, e.g., N.Y. Gen. Bus. Law § 340(6) ("In actions where

8   both direct and indirect purchasers are involved, a defendant shall be entitled to prove as a partial

9   or complete defense to a claim for damages that the illegal overcharge has been passed on to

10  others who are themselves entitled to recover so as to avoid duplication of recovery of

11  damages."); *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 787 (2010) (holding that under California

12  law, "[i]n instances where multiple levels of purchasers have sued, or where a risk remains they

13  may sue . . . if damages must be allocated among the various levels of injured purchasers, the bar

14  on consideration of the pass-on evidence must necessarily be lifted . . . ."); Haw. Rev. Stat. § 480-

15  13 (2011) ("In class actions or de facto class actions where both direct and indirect purchasers are

16  involved, or where more than one class of indirect purchasers are involved, a defendant shall be

17  entitled to prove as a partial or complete defense to a claim for compensatory damages that the

18  illegal overcharge has been passed on or passed back to others who are themselves entitled to

19  recover so as to avoid the duplication of recovery of compensatory damages."); Neb. Rev. Stat. §

20  59-821.01 (2012) ("A defendant may prove, as a partial or complete defense to a claim for

21  damages under sections 59-801 to 59-831 and this section, that the illegal overcharge or

22  undercharge has been passed on to others who are themselves entitled to recover so as to avoid

23  duplication of recovery of such damages . . . ."); N.D. Cent. Code § 51-08.1-08 ("In any action for

24  damages under this section, any defendant, as a partial or complete defense against a claim for

25  damages, is entitled to prove that the Plaintiffs purchaser, or seller in the chain of manufacture,

26  production, or distribution, who paid any overcharge or received any underpayment passed on all

27  or any part of the overcharge or underpayment to another purchaser or seller in that action.").

28

1    **INTERROGATORY RESPONSE AS TO IRICO'S THIRTY-THIRD DEFENSE**

2        Plaintiffs' claims and claims of any putative class members are barred, in whole or in part,

3    to the extent they seek an improper multiple punitive award for a single wrong because such an

4    award would violate [Group or Display]'s rights guaranteed by the Equal Protection provision of

5    the Fourteenth Amendment of the United States Constitution.

6        **RESPONSE**

7        Irico further objects to this interrogatory on the ground that it calls for a legal argument or

8    legal conclusion. Irico also objects to this interrogatory on the grounds that it is premature at this

9    stage in the proceedings as damages have not been awarded.

10       Subject to and without waiving the objections stated above, Irico states that a Plaintiffs

11   who recovers damages from one co-conspirator, whether by verdict or settlement, may not

12   recover those same damages again from another co-conspirator. *Zenith Radio Corp. v. Hazeltine*

13   *Research, Inc.*, 401 U.S. 321, 348 (1971); *Seymour v. Summa Vista Cinema, Inc.*, 809 F.2d 1385,

14   1389 (9th Cir. 1987); *Husky Refining Co. v. Barnes*, 119 F.2d 715, 716 (9th Cir. 1941); *In re*

15   *Piper Aircraft*, 792 F. Supp. 1189, 1190-91 (N.D. Cal. 1992). While Irico maintains that the

16   evidence does not prove that it conspired or entered into any agreements regarding the price of

17   CRTs in the United States market, or violated any of the laws set forth in Plaintiffs' Complaint, if

18   it were proven that Irico conspired or agreed to fix prices, as alleged, any recovery would need to

19   be reduced by settlements with other defendants in this or related matters.

20       Additionally, Irico states that applicable state law prohibits duplicative recovery by

21   multiple direct or indirect purchasers. See, e.g., N.Y. Gen. Bus. Law § 340(6) ("In actions where

22   both direct and indirect purchasers are involved, a defendant shall be entitled to prove as a partial

23   or complete defense to a claim for damages that the illegal overcharge has been passed on to

24   others who are themselves entitled to recover so as to avoid duplication of recovery of

25   damages."); *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 787 (2010) (holding that under California

26   law, "[i]n instances where multiple levels of purchasers have sued, or where a risk remains they

27   may sue . . . if damages must be allocated among the various levels of injured purchasers, the bar

28   on consideration of the pass-on evidence must necessarily be lifted . . . ."); Haw. Rev. Stat. § 480-

1    13 (2011) ("In class actions or de facto class actions where both direct and indirect purchasers are

2    involved, or where more than one class of indirect purchasers are involved, a defendant shall be

3    entitled to prove as a partial or complete defense to a claim for compensatory damages that the

4    illegal overcharge has been passed on or passed back to others who are themselves entitled to

5    recover so as to avoid the duplication of recovery of compensatory damages."); Neb. Rev. Stat. §

6    59-821.01 (2012) ("A defendant may prove, as a partial or complete defense to a claim for

7    damages under sections 59-801 to 59-831 and this section, that the illegal overcharge or

8    undercharge has been passed on to others who are themselves entitled to recover so as to avoid

9    duplication of recovery of such damages . . . ."); N.D. Cent. Code § 51-08.1-08 ("In any action for

10   damages under this section, any defendant, as a partial or complete defense against a claim for

11   damages, is entitled to prove that the Plaintiffs purchaser, or seller in the chain of manufacture,

12   production, or distribution, who paid any overcharge or received any underpayment passed on all

13   or any part of the overcharge or underpayment to another purchaser or seller in that action.").

14                  **INTERROGATORY RESPONSE AS TO IRICO'S THIRTY-FOURTH DEFENSE**

15          Plaintiffs' claims and claims of any putative class members are barred, in whole or in part,

16   to the extent they seek an improper multiple punitive award for a single wrong because such an

17   award would violate [Group or Display]'s rights guaranteed by the Double Jeopardy Clause of the

18   Fifth Amendment of the United States Constitution.

19          **RESPONSE**

20          Irico further objects to this interrogatory on the ground that it calls for a legal argument or

21   legal conclusion. Irico also objects to this interrogatory on the grounds that it is premature at this

22   stage in the proceedings as damages have not been awarded.

23          Subject to and without waiving the objections stated above, Irico states that a Plaintiffs

24   who recovers damages from one co-conspirator, whether by verdict or settlement, may not

25   recover those same damages again from another co-conspirator. *Zenith Radio Corp. v. Hazeltine*

26   *Research, Inc.*, 401 U.S. 321, 348 (1971); *Seymour v. Summa Vista Cinema, Inc.*, 809 F.2d 1385,

27   1389 (9th Cir. 1987); *Husky Refining Co. v. Barnes*, 119 F.2d 715, 716 (9th Cir. 1941); *In re*

28   *Piper Aircraft*, 792 F. Supp. 1189, 1190-91 (N.D. Cal. 1992). While Irico maintains that the

1   evidence does not prove that it conspired or entered into any agreements regarding the price of

2   CRTs in the United States market, or violated any of the laws set forth in Plaintiffs' Complaint, if

3   it were proven that Irico conspired or agreed to fix prices, as alleged, any recovery would need to

4   be reduced by settlements with other defendants in this or related matters.

5           Additionally, Irico states that applicable state law prohibits duplicative recovery by

6   multiple direct or indirect purchasers. See, e.g., N.Y. Gen. Bus. Law § 340(6) ("In actions where

7   both direct and indirect purchasers are involved, a defendant shall be entitled to prove as a partial

8   or complete defense to a claim for damages that the illegal overcharge has been passed on to

9   others who are themselves entitled to recover so as to avoid duplication of recovery of

10  damages."); *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 787 (2010) (holding that under California

11  law, "[i]n instances where multiple levels of purchasers have sued, or where a risk remains they

12  may sue . . . if damages must be allocated among the various levels of injured purchasers, the bar

13  on consideration of the pass-on evidence must necessarily be lifted . . . ."); Haw. Rev. Stat. § 480-

14  13 (2011) ("In class actions or de facto class actions where both direct and indirect purchasers are

15  involved, or where more than one class of indirect purchasers are involved, a defendant shall be

16  entitled to prove as a partial or complete defense to a claim for compensatory damages that the

17  illegal overcharge has been passed on or passed back to others who are themselves entitled to

18  recover so as to avoid the duplication of recovery of compensatory damages."); Neb. Rev. Stat. §

19  59-821.01 (2012) ("A defendant may prove, as a partial or complete defense to a claim for

20  damages under sections 59-801 to 59-831 and this section, that the illegal overcharge or

21  undercharge has been passed on to others who are themselves entitled to recover so as to avoid

22  duplication of recovery of such damages . . . ."); N.D. Cent. Code § 51-08.1-08 ("In any action for

23  damages under this section, any defendant, as a partial or complete defense against a claim for

24  damages, is entitled to prove that the Plaintiffs purchaser, or seller in the chain of manufacture,

25  production, or distribution, who paid any overcharge or received any underpayment passed on all

26  or any part of the overcharge or underpayment to another purchaser or seller in that action.").

27

28

1         **INTERROGATORY RESPONSE AS TO IRICO'S THIRTY-FIFTH DEFENSE**

2         Plaintiffs' claims and claims of any putative class members are barred, in whole or in part,

3 to the extent they seek an improper multiple punitive award for a single wrong because such an

4 award would violate [Group or Display]'s rights guaranteed by the Excessive Fines provision of

5 the Eighth Amendment of the United States Constitution.

6         **RESPONSE**

7         Irico further objects to this interrogatory on the ground that it calls for a legal argument or

8 legal conclusion. Irico also objects to this interrogatory on the grounds that it is premature at this

9 stage in the proceedings as damages have not been awarded.

10         Subject to and without waiving the objections stated above, Irico states that a Plaintiffs

11 who recovers damages from one co-conspirator, whether by verdict or settlement, may not

12 recover those same damages again from another co-conspirator. *Zenith Radio Corp. v. Hazeltine*

13 *Research, Inc.*, 401 U.S. 321, 348 (1971); *Seymour v. Summa Vista Cinema, Inc.*, 809 F.2d 1385,

14 1389 (9th Cir. 1987); *Husky Refining Co. v. Barnes*, 119 F.2d 715, 716 (9th Cir. 1941); *In re*

15 *Piper Aircraft*, 792 F. Supp. 1189, 1190-91 (N.D. Cal. 1992). While Irico maintains that the

16 evidence does not prove that it conspired or entered into any agreements regarding the price of

17 CRTs in the United States market, or violated any of the laws set forth in Plaintiffs' Complaint, if

18 it were proven that Irico conspired or agreed to fix prices, as alleged, any recovery would need to

19 be reduced by settlements with other defendants in this or related matters.

20         Additionally, Irico states that applicable state law prohibits duplicative recovery by

21 multiple direct or indirect purchasers. See, e.g., N.Y. Gen. Bus. Law § 340(6) ("In actions where

22 both direct and indirect purchasers are involved, a defendant shall be entitled to prove as a partial

23 or complete defense to a claim for damages that the illegal overcharge has been passed on to

24 others who are themselves entitled to recover so as to avoid duplication of recovery of

25 damages."); *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 787 (2010) (holding that under California

26 law, "[i]n instances where multiple levels of purchasers have sued, or where a risk remains they

27 may sue . . . if damages must be allocated among the various levels of injured purchasers, the bar

28 on consideration of the pass-on evidence must necessarily be lifted . . . ."); Haw. Rev. Stat. § 480-

1    13 (2011) ("In class actions or de facto class actions where both direct and indirect purchasers are

2    involved, or where more than one class of indirect purchasers are involved, a defendant shall be

3    entitled to prove as a partial or complete defense to a claim for compensatory damages that the

4    illegal overcharge has been passed on or passed back to others who are themselves entitled to

5    recover so as to avoid the duplication of recovery of compensatory damages."); Neb. Rev. Stat. §

6    59-821.01 (2012) ("A defendant may prove, as a partial or complete defense to a claim for

7    damages under sections 59-801 to 59-831 and this section, that the illegal overcharge or

8    undercharge has been passed on to others who are themselves entitled to recover so as to avoid

9    duplication of recovery of such damages . . . ."); N.D. Cent. Code § 51-08.1-08 ("In any action for

10   damages under this section, any defendant, as a partial or complete defense against a claim for

11   damages, is entitled to prove that the Plaintiffs purchaser, or seller in the chain of manufacture,

12   production, or distribution, who paid any overcharge or received any underpayment passed on all

13   or any part of the overcharge or underpayment to another purchaser or seller in that action.").

14   **INTERROGATORY RESPONSE AS TO IRICO'S THIRTY-SIXTH DEFENSE**

15        To the extent any recovery by Plaintiffs or members of the putative class would be

16   duplicative of recovery by other Plaintiffs and other lawsuits, subjecting [Group or Display]  to

17   the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth

18   Amendments to the United States Constitution.

19   **RESPONSE**

20        Irico further objects to this interrogatory on the ground that it calls for a legal argument or

21   legal conclusion. Irico also objects to this interrogatory on the grounds that it is premature at this

22   stage in the proceedings as damages have not been awarded.

23        Subject to and without waiving the objections stated above, Irico states that a Plaintiffs

24   who recovers damages from one co-conspirator, whether by verdict or settlement, may not

25   recover those same damages again from another co-conspirator. *Zenith Radio Corp. v. Hazeltine

26   Research, Inc.*, 401 U.S. 321, 348 (1971); *Seymour v. Summa Vista Cinema, Inc.*, 809 F.2d 1385,

27   1389 (9th Cir. 1987); *Husky Refining Co. v. Barnes*, 119 F.2d 715, 716 (9th Cir. 1941); *In re

28   Piper Aircraft*, 792 F. Supp. 1189, 1190-91 (N.D. Cal. 1992). While Irico maintains that the

1  evidence does not prove that it conspired or entered into any agreements regarding the price of

2  CRTs in the United States market, or violated any of the laws set forth in Plaintiffs' Complaint, if

3  it were proven that Irico conspired or agreed to fix prices, as alleged, any recovery would need to

4  be reduced by settlements with other defendants in this or related matters.

5          Additionally, Irico states that applicable state law prohibits duplicative recovery by

6  multiple direct or indirect purchasers. See, e.g., N.Y. Gen. Bus. Law § 340(6) ("In actions where

7  both direct and indirect purchasers are involved, a defendant shall be entitled to prove as a partial

8  or complete defense to a claim for damages that the illegal overcharge has been passed on to

9  others who are themselves entitled to recover so as to avoid duplication of recovery of

10  damages."); *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 787 (2010) (holding that under California

11  law, "[i]n instances where multiple levels of purchasers have sued, or where a risk remains they

12  may sue . . . if damages must be allocated among the various levels of injured purchasers, the bar

13  on consideration of the pass-on evidence must necessarily be lifted . . . ."); Haw. Rev. Stat. § 480-

14  13 (2011) ("In class actions or de facto class actions where both direct and indirect purchasers are

15  involved, or where more than one class of indirect purchasers are involved, a defendant shall be

16  entitled to prove as a partial or complete defense to a claim for compensatory damages that the

17  illegal overcharge has been passed on or passed back to others who are themselves entitled to

18  recover so as to avoid the duplication of recovery of compensatory damages."); Neb. Rev. Stat. §

19  59-821.01 (2012) ("A defendant may prove, as a partial or complete defense to a claim for

20  damages under sections 59-801 to 59-831 and this section, that the illegal overcharge or

21  undercharge has been passed on to others who are themselves entitled to recover so as to avoid

22  duplication of recovery of such damages . . . ."); N.D. Cent. Code § 51-08.1-08 ("In any action for

23  damages under this section, any defendant, as a partial or complete defense against a claim for

24  damages, is entitled to prove that the Plaintiffs purchaser, or seller in the chain of manufacture,

25  production, or distribution, who paid any overcharge or received any underpayment passed on all

26  or any part of the overcharge or underpayment to another purchaser or seller in that action.").

27

28

1    **INTERROGATORY RESPONSE AS TO IRICO'S THIRTY-SEVENTH DEFENSE**

2           Plaintiffs' claims are barred, in whole or in part, because Plaintiffs may not recover

3    damages, if any, based on sales outside of the United States.

4           **RESPONSE**

5           Irico further objects that this Interrogatory is premature given that no Irico witnesses have

6    been deposed relating to merits issues and expert analysis and disclosures have not yet begun. *See*

7    *Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico

8    also objects to this interrogatory on the ground that it calls for a legal argument or legal

9    conclusion.

10          Subject to and without waiving the objections stated above, Irico contends that Plaintiffs'

11   claims are barred in whole or in part to the extent that they are based on sales outside of the

12   United States. Irico contends that a certain unknown percentage of the CRTs contained within the

13   CRT products that Plaintiffs purchased were purchased from other countries. This contention is

14   based on the fact that Plaintiffs cannot identify which company manufactured the CRT within the

15   relevant CRT products. In the absence of knowing who manufactured the CRTs within its

16   products, Plaintiffs likewise cannot identify whether those CRTs were purchased from outside the

17   United States. Whether the CRTs themselves were purchased outside of the United States is

18   relevant in determining if Plaintiffs' claims are barred because Plaintiffs alleged that it was

19   injured on account of a price fixing conspiracy regarding CRTs as opposed to CRT products.

20          Although not limited to the following, Irico relies on the following evidence to support

21   that Plaintiffs' claims are barred to the extent that they are based on sales outside of the United

22   States: Expert Report of Janusz A. Ordover, Ph.D., (IPP Report), August 5, 2014; Expert Report

23   of Robert D. Willig, August 5, 2014; Expert Report of Margaret E. Guerin-Calvert, August 5,

24   2014; and Expert Report of Prof. Dennis W. Carlton, August 5, 2014.

25          **INTERROGATORY RESPONSE AS TO IRICO'S THIRTY-EIGHTH DEFENSE**

26          Plaintiffs' claims should be dismissed because the alleged damages sought are too

27   speculative and uncertain, and cannot be practicably ascertained or allocated.

28          **RESPONSE**

1   Irico further objects to this interrogatory on the ground that it calls for a legal argument or

2   legal conclusion. Irico also objects to this interrogatory to the extent that it improperly tries to

3   shift the pleading and evidentiary burden that Plaintiffs' alone carry to Irico.

4   Subject to and without waiving the objections stated above, Irico responds by stating that

5   Plaintiffs' alleged damages are speculative and uncertain because Irico did not conspire or enter

6   into any agreements regarding the price of CRTs in the United States market, and did not violate

7   any of the laws set forth in Plaintiffs' Complaint.

8   Irico further states that because Plaintiffs seek to recover for purchases of CRT Products

9   as indirect purchasers, Plaintiffs' alleged damages are inherently speculative and/or uncertain due

10   to a number of factors – such as the cost of other components that collectively make up CRT

11   Products – that would have influenced the price that Plaintiffs paid for a CRT Product. Any

12   apportionment of damages in this case will be exceedingly complex given the multi-layered and

13   complex distribution, manufacturing and retail channels that existed in the market. Indeed, the

14   different layers between Plaintiffs' allegations of injury and any alleged constraints in the CRT

15   market inject levels of uncertainty in the price ultimately paid by the consumer for the

16   downstream product, even if Plaintiffs could prove up an alleged overcharge for one component

17   therein. See, e.g., Expert Report of Janusz A. Ordover, Ph.D., August 5, 2014 at 7–9; see also

18   Defs.' Mem. in Opp'n to Mot. of Plaintiffs for Class Certification 12–13, ECF No. 1538; Decl. of

19   Dr. Janet S. Netz 29–33, ECF No. 1527; Decl. of Robert D. Willig ¶¶ 120–21, ECF No. 1615.

20   Irico further states that the testimony of numerous retailers – that they did not uniformly pass

21   through any price increases in CRT Products to consumers – makes the proof of such injury to

22   specific class members inherently speculative. See, e.g., Stone Dep. Tr. at 117:4-22, 167:21-

23   169:1; Office Depot Dep. Tr. at 147:16-148:7; Interbond 30(b)(6) Dep. Tr. at 287:13-20; Fields

24   Dep. Tr. at 125:12-126:3; Fry's 30(b)(6) Dep. Tr. at 182:6-184:10; TigerDirect 30(b)(6) Dep. Tr.

25   at 114:5-115:13.

26   **INTERROGATORY RESPONSE AS TO IRICO'S THIRTY-NINTH DEFENSE**

27   Any award of restitution or monetary recovery pursuant to California Business and

28   Professions §§ 17200, et seq. would constitute a taking of property without just compensation in

1  violation of the Takings Clause of the U.S. Constitution and of Article 1, Section 19 of the

2  California Constitution.

3      **RESPONSE**

4      Irico further objects to this interrogatory on the ground that it calls for a legal argument or

5  legal conclusion. Irico also objects to this interrogatory on the grounds that it is premature at this

6  stage in the proceedings as damages have not been awarded.

7      **INTERROGATORY RESPONSE AS TO IRICO'S FORTIETH DEFENSE**

8      Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to plead

9  special damages with specificity as required by the laws of the various States cited.

10      **RESPONSE**

11      Irico further objects to this interrogatory on the ground that it calls for a legal argument or

12  legal conclusion. Irico also objects to this interrogatory to the extent that it improperly tries to

13  shift the pleading and evidentiary burden that Plaintiffs alone carry to Irico.

14      **INTERROGATORY RESPONSE AS TO IRICO'S FORTY-FIRST DEFENSE**

15      Plaintiffs' claims should be dismissed to the extent they are barred, in whole or in part,

16  because any injury or damage alleged in the Complaint was not incurred by or passed on to

17  Plaintiffs, or was incurred by or passed on to persons or entities other than Plaintiffs.

18      **RESPONSE**

19      Irico further objects that this Interrogatory is premature given that no Irico witnesses have

20  been deposed relating to merits issues and expert analysis and disclosures have not yet begun. *See*

21  *Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico

22  also objects to this interrogatory on the ground that it calls for a legal argument or legal

23  conclusion. Irico further objects to this interrogatory to the extent that it improperly tries to shift

24  the pleading and evidentiary burden that Plaintiffs alone carry to Irico.

25      Subject to and without waiving the objections stated above, Irico states that Plaintiffs have

26  not come forward with a reliable methodology to prove the existence of the amount, if any, of

27  pass-through injury to all members of the class, and expressly incorporates by reference the

28  information contained in the Expert Report of Janusz A. Ordover, Ph.D., August 5, 2014 (IPP

1    Action) at 14-36, and the Expert Report of Janusz A. Ordover, Ph.D., August 5, 2014 (Various

2    DAP Actions) at 14-30.

3            Irico further states that numerous retailers have testified that they did not uniformly pass

4    through any price increases in CRT Products to consumers, and this evidence further

5    demonstrates that Plaintiffs have not and cannot show which members, if any, of the indirect

6    purchaser class have suffered any alleged injury. See, e.g., Deposition Tr. of Brian Stone, Dec. 3,

7    2012 ("Stone Dep. Tr."), at 117:4-22 ("Cost increases that a manufacturer is intending to push

8    across may not be reflected in the overall pricing for the end consumer based upon Best Buy's

9    company's strategy, intent of that product category, the product availability, and the overall

10   competitive nature of the . . . space."); id. at 167:21-169:1 ("There could be instances where due

11   to competitive pricing forces costs could go up, but retail pricing may not be able to go up based

12   upon in-country availability of products, competitive forces, seasonality."); Deposition Tr. of

13   Randall Wick, July 24, 2014 ("Wick Dep. Tr."), at 147:16-148:7 ("[W]e will look at the market,

14   we will look at what's in the market, look at the competitive intelligence of what people are

15   carrying, what they are selling production for, what's in our current assortment, what we're

16   charging for that, and in most cases you cannot increase and pass, the customers just won't buy it

17   because it will be overpriced."); Rule 30(b)(6) Deposition Tr. of Interbond Corp. of America,

18   d/b/a Brandsmart USA (through witness Larry Sinewitz), Feb. 6, 2014 ("Interbond 30(b)(6) Dep.

19   Tr."), at 287:13-20; Deposition Tr. of Aimee Fields, June 4, 2014 ("Fields Dep. Tr."), at 125:12-

20   126:3; Rule 30(b)(6) Deposition Tr. of Fry's Electronics (through witness Raj Seth) (rough

21   transcript), Aug. 27, 2014 ("Fry's 30(b)(6) Dep. Tr."), at 182:6-184:10; Rule 30(b)(6) Deposition

22   Tr. of TigerDirect, Inc. (through witness George Ali) (rough transcript), Aug. 28, 2014

23   ("TigerDirect 30(b)(6) Dep. Tr."), at 114:5-115:13.

24   **<u>INTERROGATORY NO. 8</u>**

25           If Your response to any of the IPPs' Requests for Admissions served concurrently

26   herewith is anything other than an unqualified admission:

27           a.      State all facts supporting Your denial;

28           b.      Identify each Person who provided facts relating to Your response;

1          c.          Identify each Document You consulted to formulate Your response

2    **RESPONSE TO INTERROGATORY NO. 8**

3          Irico reasserts and incorporates each of the General Objections and Objections to the

4    Definitions and Instructions set forth above. Irico also reasserts and incorporates each of the

5    General Objections, Objections to the Definitions and Instructions, and objections in each of its

6    Specific Responses to Requests for Admission as set forth in Irico Defendants' Objections and

7    Responses to Indirect Purchaser Plaintiffs' First Set of Requests for Admission, served herewith.

8    Irico further objects to this interrogatory as overbroad and unduly burdensome, as Plaintiffs has

9    not demonstrated how the benefit of such information outweighs the significant burden to Irico of

10   responding to each denial of the 119 RFAs (including subparts) propounded by Plaintiffs.

11         Subject to and without waiving the foregoing objections, Irico responds as follows:

12   **RESPONSE RE: REQUEST FOR ADMISSION NO. 1A**

13         Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

14   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

15   information that is maintained by and equally available to Plaintiffs or stated in publicly available

16   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

17   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

18   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

19   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

20   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

21   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

22   provide facts and evidence of events that did not take place.

23         Subject to and without waiving its foregoing objections, Irico responds that this email

24   address was not used by an Irico employee during the course of their employment with Irico, nor

25   was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

26   issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

27   Irico understands that this email domain (@irico.com.cn) was used by another company, China

28   National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

---

1   company that was not owned or controlled by Irico during the Relevant Period.

2   **RESPONSE RE: REQUEST FOR ADMISSION NO. 1B**

3        Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

4   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

5   information that is maintained by and equally available to Plaintiffs or stated in publicly available

6   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

7   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

8   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

9   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

10  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

11  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

12  provide facts and evidence of events that did not take place.

13       Subject to and without waiving its foregoing objections, Irico responds that this email

14  address was not maintained by Irico during the Relevant Period. Irico issued and maintained

15  email addresses with the domain @ch.com.cn during the Relevant Period. Irico did not authorize

16  its employees to use non-Irico email addresses to conduct business, and Irico did not control this

17  email address in any way. Based on the foregoing, Irico cannot confirm that this email address

18  was used by an Irico "officer or employee."

19  **RESPONSE RE: REQUEST FOR ADMISSION NO. 1C**

20       Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

21  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

22  information that is maintained by and equally available to Plaintiffs or stated in publicly available

23  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

24  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

25  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

26  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

27  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

28  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

1  provide facts and evidence of events that did not take place.

2       Subject to and without waiving its foregoing objections, Irico responds that this email

3  address was not maintained by Irico during the Relevant Period. Irico issued and maintained

4  email addresses with the domain @ch.com.cn during the Relevant Period. Irico did not authorize

5  its employees to use non-Irico email addresses to conduct business, and Irico did not control this

6  email address in any way. Based on the foregoing, Irico cannot confirm that this email address

7  was used by an Irico "officer or employee."

8       **RESPONSE RE: REQUEST FOR ADMISSION NO. 1D**

9       Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

10  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

11  information that is maintained by and equally available to Plaintiffs or stated in publicly available

12  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

13  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

14  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

15  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

16  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

17  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

18  provide facts and evidence of events that did not take place.

19       Subject to and without waiving its foregoing objections, Irico responds that this email

20  address was not maintained by Irico during the Relevant Period. Irico issued and maintained

21  email addresses with the domain @ch.com.cn during the Relevant Period. Irico did not authorize

22  its employees to use non-Irico email addresses to conduct business, and Irico did not control this

23  email address in any way. Based on the foregoing, Irico cannot confirm that this email address

24  was used by an Irico "officer or employee."

25       **RESPONSE RE: REQUEST FOR ADMISSION NO. 1E**

26       Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

27  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

28  information that is maintained by and equally available to Plaintiffs or stated in publicly available

1  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

2  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

3  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

4  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

5  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

6  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

7  provide facts and evidence of events that did not take place.

8     Subject to and without waiving its foregoing objections, Irico responds that this email

9  address was not used by an Irico employee during the course of their employment with Irico, nor

10  was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

11  issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

12  Irico understands that this email domain (@irico.com.cn) was used by another company, China

13  National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

14  company that was not owned or controlled by Irico during the Relevant Period.

15  **RESPONSE RE: REQUEST FOR ADMISSION NO. 1F**

16     Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

17  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

18  information that is maintained by and equally available to Plaintiffs or stated in publicly available

19  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

20  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

21  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

22  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

23  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

24  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

25  provide facts and evidence of events that did not take place.

26     Subject to and without waiving its foregoing objections, Irico responds that this email

27  address was not used by an Irico employee during the course of their employment with Irico, nor

28  was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

1    issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

2    Irico understands that this email domain (@irico.com.cn) was used by another company, China

3    National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

4    company that was not owned or controlled by Irico during the Relevant Period.

5                    **RESPONSE RE: REQUEST FOR ADMISSION NO. 1G**

6           Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

7    burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

8    information that is maintained by and equally available to Plaintiffs or stated in publicly available

9    documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

10   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

11   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

12   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

13   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

14   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

15   provide facts and evidence of events that did not take place.

16          Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

17   response to Request for Admission No. 1G, which contains a complete basis for its response to

18   this Interrogatory.

19                    **RESPONSE RE: REQUEST FOR ADMISSION NO. 1H**

20          Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

21   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

22   information that is maintained by and equally available to Plaintiffs or stated in publicly available

23   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

24   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

25   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

26   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

27   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

28   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

1    provide facts and evidence of events that did not take place.

2          Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

3    response to Request for Admission No. 1H, which contains a complete basis for its response to

4    this Interrogatory.

5          **RESPONSE RE: REQUEST FOR ADMISSION NO. 1J**

6          Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

7    burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

8    information that is maintained by and equally available to Plaintiffs or stated in publicly available

9    documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

10   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

11   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

12   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

13   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

14   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

15   provide facts and evidence of events that did not take place.

16         Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

17   response to Request for Admission No. 1J, which contains a complete basis for its response to this

18   Interrogatory.

19         **RESPONSE RE: REQUEST FOR ADMISSION NO. 1K**

20         Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

21   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

22   information that is maintained by and equally available to Plaintiffs or stated in publicly available

23   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

24   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

25   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

26   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

27   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

28   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

1    provide facts and evidence of events that did not take place.

2          Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

3    response to Request for Admission No. 1K, which contains a complete basis for its response to

4    this Interrogatory.

5          **RESPONSE RE: REQUEST FOR ADMISSION NO. 1L**

6          Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

7    burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

8    information that is maintained by and equally available to Plaintiffs or stated in publicly available

9    documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

10    or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

11    because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

12    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

13    also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

14    that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

15    provide facts and evidence of events that did not take place.

16          Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

17    response to Request for Admission No. 1L, which contains a complete basis for its response to

18    this Interrogatory.

19          **RESPONSE RE: REQUEST FOR ADMISSION NO. 1M**

20          Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

21    burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

22    information that is maintained by and equally available to Plaintiffs or stated in publicly available

23    documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

24    or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

25    because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

26    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

27    also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

28    that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

1  provide facts and evidence of events that did not take place.

2      Subject to and without waiving its foregoing objections, Irico responds that this email

3  address was not used by an Irico employee during the course of their employment with Irico, nor

4  was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

5  issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

6  Irico understands that this email domain (@irico.com.cn) was used by another company, China

7  National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

8  company that was not owned or controlled by Irico during the Relevant Period.

9      **RESPONSE RE: REQUEST FOR ADMISSION NO. 1N**

10     Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

11  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

12  information that is maintained by and equally available to Plaintiffs or stated in publicly available

13  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

14  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

15  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

16  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

17  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

18  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

19  provide facts and evidence of events that did not take place.

20     Subject to and without waiving its foregoing objections, Irico responds that this email

21  address was not used by an Irico employee during the course of their employment with Irico, nor

22  was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

23  issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

24  Irico understands that this email domain (@irico.com.cn) was used by another company, China

25  National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

26  company that was not owned or controlled by Irico during the Relevant Period.

27     **RESPONSE RE: REQUEST FOR ADMISSION NO. 1P**

28     Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

1   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

2   information that is maintained by and equally available to Plaintiffs or stated in publicly available

3   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

4   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

5   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

6   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

7   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

8   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

9   provide facts and evidence of events that did not take place.

10        Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

11   response to Request for Admission No. 1P, which contains a complete basis for its response to

12   this Interrogatory.

13        **RESPONSE RE: REQUEST FOR ADMISSION NO. 1Q**

14        Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

15   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

16   information that is maintained by and equally available to Plaintiffs or stated in publicly available

17   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

18   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

19   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

20   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

21   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

22   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

23   provide facts and evidence of events that did not take place.

24        Subject to and without waiving its foregoing objections, Irico responds that this email

25   address was not used by an Irico employee during the course of their employment with Irico, nor

26   was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

27   issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

28   Irico understands that this email domain (@irico.com.cn) was used by another company, China

1    National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

2    company that was not owned or controlled by Irico during the Relevant Period.

3             **RESPONSE RE: REQUEST FOR ADMISSION NO. 1T**

4             Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

5    burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

6    information that is maintained by and equally available to Plaintiffs or stated in publicly available

7    documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

8    or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

9    because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

10   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

11   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

12   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

13   provide facts and evidence of events that did not take place.

14            Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

15   response to Request for Admission No. 1T, which contains a complete basis for its response to

16   this Interrogatory.

17            **RESPONSE RE: REQUEST FOR ADMISSION NO. 1U**

18            Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

19   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

20   information that is maintained by and equally available to Plaintiffs or stated in publicly available

21   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

22   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

23   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

24   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

25   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

26   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

27   provide facts and evidence of events that did not take place.

28            Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

1   response to Request for Admission No. 1U, which contains a complete basis for its response to

2   this Interrogatory.

3   **RESPONSE RE: REQUEST FOR ADMISSION NO. 1V**

4   Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

5   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

6   information that is maintained by and equally available to Plaintiffs or stated in publicly available

7   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

8   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

9   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

10  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

11  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

12  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

13  provide facts and evidence of events that did not take place.

14  Subject to and without waiving its foregoing objections, Irico responds that this email

15  address was not used by an Irico employee during the course of their employment with Irico, nor

16  was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

17  issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

18  Irico understands that this email domain (@irico.com.cn) was used by another company, China

19  National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

20  company that was not owned or controlled by Irico during the Relevant Period.

21  **RESPONSE RE: REQUEST FOR ADMISSION NO. 1X**

22  Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

23  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

24  information that is maintained by and equally available to Plaintiffs or stated in publicly available

25  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

26  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

27  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

28  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

1  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

2  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

3  provide facts and evidence of events that did not take place.

4        Subject to and without waiving its foregoing objections, Irico responds that this email

5  address was not used by an Irico employee during the course of their employment with Irico, nor

6  was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

7  issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

8  Irico understands that this email domain (@irico.com.cn) was used by another company, China

9  National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

10  company that was not owned or controlled by Irico during the Relevant Period.

11  **RESPONSE RE: REQUEST FOR ADMISSION NO. 1Y**

12        Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

13  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

14  information that is maintained by and equally available to Plaintiffs or stated in publicly available

15  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

16  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

17  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

18  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

19  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

20  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

21  provide facts and evidence of events that did not take place.

22        Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

23  response to Request for Admission No. 1Y, which contains a complete basis for its response to

24  this Interrogatory.

25  **RESPONSE RE: REQUEST FOR ADMISSION NO. 1AA**

26        Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

27  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

28  information that is maintained by and equally available to Plaintiffs or stated in publicly available

1   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

2   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

3   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

4   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

5   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

6   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico

7   provide facts and evidence of events that did not take place.

8           Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

9   response to Request for Admission No. 1AA, which contains a complete basis for its response to

10  this Interrogatory.

11          **RESPONSE RE: REQUEST FOR ADMISSION NO. 1BB**

12          Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

13  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

14  information that is maintained by and equally available to Plaintiffs or stated in publicly available

15  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

16  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

17  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

18  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

19  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

20  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico

21  provide facts and evidence of events that did not take place.

22          Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

23  response to Request for Admission No. 1BB, which contains a complete basis for its response to

24  this Interrogatory.

25          **RESPONSE RE: REQUEST FOR ADMISSION NO. 2A**

26          Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

27  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

28  information that is maintained by and equally available to Plaintiffs or stated in publicly available

1   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

2   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

3   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

4   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

5   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

6   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

7   provide facts and evidence of events that did not take place.

8          Subject to and without waiving its foregoing objections, Irico responds that this email

9   address was not used by an Irico employee during the course of their employment with Irico, nor

10  was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

11  issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

12  Irico understands that this email domain (@irico.com.cn) was used by another company, China

13  National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

14  company that was not owned or controlled by Irico during the Relevant Period.

15          **RESPONSE RE: REQUEST FOR ADMISSION NO. 2B**

16          Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

17  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

18  information that is maintained by and equally available to Plaintiffs or stated in publicly available

19  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

20  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

21  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

22  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

23  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

24  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

25  provide facts and evidence of events that did not take place.

26          Subject to and without waiving its foregoing objections, Irico responds that this email

27  address was not maintained by Irico during the Relevant Period. Irico issued and maintained

28  email addresses with the domain @ch.com.cn during the Relevant Period. Irico did not authorize

---

1    its employees to use non-Irico email addresses to conduct business, and Irico did not control this

2    email address in any way. Based on the foregoing, Irico cannot confirm that this email address

3    was used by an Irico "officer or employee."

4    **RESPONSE RE: REQUEST FOR ADMISSION NO. 2C**

5    Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

6    burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

7    information that is maintained by and equally available to Plaintiffs or stated in publicly available

8    documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

9    or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

10   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

11   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

12   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

13   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

14   provide facts and evidence of events that did not take place.

15   Subject to and without waiving its foregoing objections, Irico responds that this email

16   address was not maintained by Irico during the Relevant Period. Irico issued and maintained

17   email addresses with the domain @ch.com.cn during the Relevant Period. Irico did not authorize

18   its employees to use non-Irico email addresses to conduct business, and Irico did not control this

19   email address in any way. Based on the foregoing, Irico cannot confirm that this email address

20   was used by an Irico "officer or employee."

21   **RESPONSE RE: REQUEST FOR ADMISSION NO. 2D**

22   Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

23   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

24   information that is maintained by and equally available to Plaintiffs or stated in publicly available

25   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

26   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

27   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

28   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

1   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

2   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

3   provide facts and evidence of events that did not take place.

4          Subject to and without waiving its foregoing objections, Irico responds that this email

5   address was not maintained by Irico during the Relevant Period. Irico issued and maintained

6   email addresses with the domain @ch.com.cn during the Relevant Period. Irico did not authorize

7   its employees to use non-Irico email addresses to conduct business, and Irico did not control this

8   email address in any way. Based on the foregoing, Irico cannot confirm that this email address

9   was used by an Irico "officer or employee."

10         **RESPONSE RE: REQUEST FOR ADMISSION NO. 2E**

11         Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

12  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

13  information that is maintained by and equally available to Plaintiffs or stated in publicly available

14  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

15  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

16  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

17  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

18  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

19  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

20  provide facts and evidence of events that did not take place.

21         Subject to and without waiving its foregoing objections, Irico responds that this email

22  address was not used by an Irico employee during the course of their employment with Irico, nor

23  was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

24  issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

25  Irico understands that this email domain (@irico.com.cn) was used by another company, China

26  National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

27  company that was not owned or controlled by Irico during the Relevant Period.

28         **RESPONSE RE: REQUEST FOR ADMISSION NO. 2F**

1   Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

2   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

3   information that is maintained by and equally available to Plaintiffs or stated in publicly available

4   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

5   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

6   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

7   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

8   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

9   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

10   provide facts and evidence of events that did not take place.

11   Subject to and without waiving its foregoing objections, Irico responds that this email

12   address was not used by an Irico employee during the course of their employment with Irico, nor

13   was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

14   issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

15   Irico understands that this email domain (@irico.com.cn) was used by another company, China

16   National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

17   company that was not owned or controlled by Irico during the Relevant Period.

18   **RESPONSE RE: REQUEST FOR ADMISSION NO. 2G**

19   Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

20   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

21   information that is maintained by and equally available to Plaintiffs or stated in publicly available

22   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

23   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

24   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

25   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

26   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

27   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

28   provide facts and evidence of events that did not take place.

1       Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

2   response to Request for Admission No. 2G, which contains a complete basis for its response to

3   this Interrogatory.

4       **RESPONSE RE: REQUEST FOR ADMISSION NO. 2H**

5       Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

6   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

7   information that is maintained by and equally available to Plaintiffs or stated in publicly available

8   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

9   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

10  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

11  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

12  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

13  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

14  provide facts and evidence of events that did not take place.

15      Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

16  response to Request for Admission No. 2H, which contains a complete basis for its response to

17  this Interrogatory.

18      **RESPONSE RE: REQUEST FOR ADMISSION NO. 2J**

19      Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

20  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

21  information that is maintained by and equally available to Plaintiffs or stated in publicly available

22  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

23  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

24  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

25  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

26  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

27  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

28  provide facts and evidence of events that did not take place.

1      Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

2  response to Request for Admission No. 2J, which contains a complete basis for its response to this

3  Interrogatory.

4      **RESPONSE RE: REQUEST FOR ADMISSION NO. 2K**

5      Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

6  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

7  information that is maintained by and equally available to Plaintiffs or stated in publicly available

8  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

9  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

10  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

11  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

12  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

13  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

14  provide facts and evidence of events that did not take place.

15      Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

16  response to Request for Admission No. 2K, which contains a complete basis for its response to

17  this Interrogatory.

18      **RESPONSE RE: REQUEST FOR ADMISSION NO. 2L**

19      Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

20  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

21  information that is maintained by and equally available to Plaintiffs or stated in publicly available

22  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

23  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

24  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

25  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

26  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

27  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

28  provide facts and evidence of events that did not take place.

1          Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

2    response to Request for Admission No. 2L, which contains a complete basis for its response to

3    this Interrogatory.

4          **RESPONSE RE: REQUEST FOR ADMISSION NO. 2M**

5          Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

6    burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

7    information that is maintained by and equally available to Plaintiffs or stated in publicly available

8    documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

9    or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

10   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

11   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

12   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

13   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

14   provide facts and evidence of events that did not take place.

15         Subject to and without waiving its foregoing objections, Irico responds that this email

16   address was not used by an Irico employee during the course of their employment with Irico, nor

17   was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

18   issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

19   Irico understands that this email domain (@irico.com.cn) was used by another company, China

20   National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

21   company that was not owned or controlled by Irico during the Relevant Period.

22         **RESPONSE RE: REQUEST FOR ADMISSION NO. 2N**

23         Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

24   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

25   information that is maintained by and equally available to Plaintiffs or stated in publicly available

26   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

27   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

28   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

1  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

2  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

3  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

4  provide facts and evidence of events that did not take place.

5       Subject to and without waiving its foregoing objections, Irico responds that this email

6  address was not used by an Irico employee during the course of their employment with Irico, nor

7  was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

8  issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

9  Irico understands that this email domain (@irico.com.cn) was used by another company, China

10  National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

11  company that was not owned or controlled by Irico during the Relevant Period.

12  **RESPONSE RE: REQUEST FOR ADMISSION NO. 2P**

13       Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

14  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

15  information that is maintained by and equally available to Plaintiffs or stated in publicly available

16  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

17  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

18  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

19  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

20  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

21  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

22  provide facts and evidence of events that did not take place.

23       Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

24  response to Request for Admission No. 2P, which contains a complete basis for its response to

25  this Interrogatory.

26  **RESPONSE RE: REQUEST FOR ADMISSION NO. 2Q**

27       Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

28  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

1  information that is maintained by and equally available to Plaintiffs or stated in publicly available

2  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

3  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

4  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

5  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

6  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

7  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

8  provide facts and evidence of events that did not take place.

9        Subject to and without waiving its foregoing objections, Irico responds that this email

10  address was not used by an Irico employee during the course of their employment with Irico, nor

11  was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

12  issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

13  Irico understands that this email domain (@irico.com.cn) was used by another company, China

14  National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

15  company that was not owned or controlled by Irico during the Relevant Period.

16        **RESPONSE RE: REQUEST FOR ADMISSION NO. 2R**

17        Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

18  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

19  information that is maintained by and equally available to Plaintiffs or stated in publicly available

20  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

21  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

22  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

23  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

24  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

25  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

26  provide facts and evidence of events that did not take place.

27        Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

28  response to Request for Admission No. 2R, which contains a complete basis for its response to

1    this Interrogatory.

2    **RESPONSE RE: REQUEST FOR ADMISSION NO. 2T**

3        Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

4    burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

5    information that is maintained by and equally available to Plaintiffs or stated in publicly available

6    documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

7    or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

8    because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

9    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

10   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

11   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

12   provide facts and evidence of events that did not take place.

13       Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

14   response to Request for Admission No. 2T, which contains a complete basis for its response to

15   this Interrogatory.

16   **RESPONSE RE: REQUEST FOR ADMISSION NO. 2U**

17       Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

18   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

19   information that is maintained by and equally available to Plaintiffs or stated in publicly available

20   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

21   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

22   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

23   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

24   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

25   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

26   provide facts and evidence of events that did not take place.

27       Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

28   response to Request for Admission No. 2U, which contains a complete basis for its response to

1  this Interrogatory.

2            **RESPONSE RE: REQUEST FOR ADMISSION NO. 2V**

3            Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

4  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

5  information that is maintained by and equally available to Plaintiffs or stated in publicly available

6  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

7  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

8  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

9  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

10  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

11  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

12  provide facts and evidence of events that did not take place.

13            Subject to and without waiving its foregoing objections, Irico responds that this email

14  address was not used by an Irico employee during the course of their employment with Irico, nor

15  was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

16  issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

17  Irico understands that this email domain (@irico.com.cn) was used by another company, China

18  National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

19  company that was not owned or controlled by Irico during the Relevant Period.

20            **RESPONSE RE: REQUEST FOR ADMISSION NO. 2X**

21            Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

22  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

23  information that is maintained by and equally available to Plaintiffs or stated in publicly available

24  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

25  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

26  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

27  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

28  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

1   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

2   provide facts and evidence of events that did not take place.

3         Subject to and without waiving its foregoing objections, Irico responds that this email

4   address was not used by an Irico employee during the course of their employment with Irico, nor

5   was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

6   issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

7   Irico understands that this email domain (@irico.com.cn) was used by another company, China

8   National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

9   company that was not owned or controlled by Irico during the Relevant Period.

10        **RESPONSE RE: REQUEST FOR ADMISSION NO. 2Y**

11        Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

12  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

13  information that is maintained by and equally available to Plaintiffs or stated in publicly available

14  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

15  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

16  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

17  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

18  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

19  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

20  provide facts and evidence of events that did not take place.

21        Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

22  response to Request for Admission No. 2Y, which contains a complete basis for its response to

23  this Interrogatory.

24        **RESPONSE RE: REQUEST FOR ADMISSION NO. 2AA**

25        Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

26  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

27  information that is maintained by and equally available to Plaintiffs or stated in publicly available

28  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

1   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

2   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

3   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

4   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

5   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

6   provide facts and evidence of events that did not take place.

7        Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

8   response to Request for Admission No. 2AA, which contains a complete basis for its response to

9   this Interrogatory.

10        **RESPONSE RE: REQUEST FOR ADMISSION NO. 2B**

11        Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

12   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

13   information that is maintained by and equally available to Plaintiffs or stated in publicly available

14   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

15   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

16   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

17   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

18   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

19   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

20   provide facts and evidence of events that did not take place.

21        Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

22   response to Request for Admission No. 2B, which contains a complete basis for its response to

23   this Interrogatory.

24        **RESPONSE RE: REQUEST FOR ADMISSION NO. 5A**

25        Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

26   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

27   information that is maintained by and equally available to Plaintiffs or stated in publicly available

28   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

1   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

2   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

3   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

4   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

5   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

6   provide facts and evidence of events that did not take place.

7         Subject to and without waiving its foregoing objections, Irico responds that this business

8   card was not used by an Irico employee during the course of their employment with Irico during

9   the Relevant Period. These business cards appear to have been issued by another company, China

10  National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

11  company that was not owned or controlled by Irico during the Relevant Period.

12        **RESPONSE RE: REQUEST FOR ADMISSION NO. 5B**

13        Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

14  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

15  information that is maintained by and equally available to Plaintiffs or stated in publicly available

16  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

17  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

18  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

19  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

20  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

21  that Plaintiffs alone carry to Irico.

22        Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

23  response to Request for Admission No. 5B, which contains a complete basis for its response to

24  this Interrogatory.

25        **RESPONSE RE: REQUEST FOR ADMISSION NO. 5C**

26        Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

27  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

28  information that is maintained by and equally available to Plaintiffs or stated in publicly available

1   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

2   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

3   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

4   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

5   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

6   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

7   provide facts and evidence of events that did not take place.

8        Subject to and without waiving its foregoing objections, Irico responds that this business

9   card was not used by an Irico employee during the course of their employment with Irico during

10   the Relevant Period. These business cards appear to have been issued by another company, China

11   National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

12   company that was not owned or controlled by Irico during the Relevant Period.

13   **RESPONSE RE: REQUEST FOR ADMISSION NO. 5D**

14        Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

15   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

16   information that is maintained by and equally available to Plaintiffs or stated in publicly available

17   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

18   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

19   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

20   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

21   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

22   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

23   provide facts and evidence of events that did not take place.

24        Subject to and without waiving its foregoing objections, Irico responds that this business

25   card was not used by an Irico employee during the course of their employment with Irico during

26   the Relevant Period. These business cards appear to have been issued by another company, China

27   National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

28   company that was not owned or controlled by Irico during the Relevant Period.

1       **RESPONSE RE: REQUEST FOR ADMISSION NO. 6A**

2       Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

3    burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

4    information that is maintained by and equally available to Plaintiffs or stated in publicly available

5    documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

6    or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

7    because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

8    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

9    also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

10   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

11   provide facts and evidence of events that did not take place.

12       Subject to and without waiving its foregoing objections, Irico responds that this business

13   card was not used by an Irico employee during the course of their employment with Irico during

14   the Relevant Period. These business cards appear to have been issued by another company, China

15   National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

16   company that was not owned or controlled by Irico during the Relevant Period.

17       **RESPONSE RE: REQUEST FOR ADMISSION NO. 6C**

18       Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

19   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

20   information that is maintained by and equally available to Plaintiffs or stated in publicly available

21   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

22   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

23   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

24   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

25   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

26   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

27   provide facts and evidence of events that did not take place.

28       Subject to and without waiving its foregoing objections, Irico responds that this business

1  card was not used by an Irico employee during the course of their employment with Irico during

2  the Relevant Period. These business cards appear to have been issued by another company, China

3  National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

4  company that was not owned or controlled by Irico during the Relevant Period.

5  **RESPONSE RE: REQUEST FOR ADMISSION NO. 6D**

6  Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

7  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

8  information that is maintained by and equally available to Plaintiffs or stated in publicly available

9  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

10  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

11  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

12  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

13  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

14  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

15  provide facts and evidence of events that did not take place.

16  Subject to and without waiving its foregoing objections, Irico responds that this business

17  card was not used by an Irico employee during the course of their employment with Irico during

18  the Relevant Period. These business cards appear to have been issued by another company, China

19  National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

20  company that was not owned or controlled by Irico during the Relevant Period.

21  **RESPONSE RE: REQUEST FOR ADMISSION NO. 7**

22  Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

23  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

24  information that is maintained by and equally available to Plaintiffs or stated in publicly available

25  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

26  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

27  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

28  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

1      Subject to and without waiving its foregoing objections, Irico responds that it has already

2  detailed its efforts to discover the status of documents around the time that Irico received

3  Plaintiffs' Complaint on December 25, 2007 and refers Plaintiffs to the Irico Defendants'

4  Supplemental Responses to Indirect Purchaser Plaintiffs Third Set of Interrogatories, January 21,

5  2022.

6      **RESPONSE RE: REQUEST FOR ADMISSION NO. 8**

7      Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

8  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

9  information that is maintained by and equally available to Plaintiffs or stated in publicly available

10  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

11  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

12  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

13  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

14      Subject to and without waiving its foregoing objections, Irico responds that it has already

15  detailed its efforts to discover the status of documents in mid-2008 and refers Plaintiffs to the

16  Irico Defendants' Supplemental Responses to Indirect Purchaser Plaintiffs Third Set of

17  Interrogatories, January 21, 2022.

18      **RESPONSE RE: REQUEST FOR ADMISSION NOS. 10-15**

19      Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

20  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

21  information that is maintained by and equally available to Plaintiffs or stated in publicly available

22  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

23  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

24  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

25  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

26  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

27  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

28  provide facts and evidence of events that did not take place.

1    Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

2    responses to Request for Admission Nos. 10 through 15, which contain a complete basis for its

3    response to this Interrogatory.

4    **RESPONSE RE: REQUEST FOR ADMISSION NO. 16**

5    Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

6    burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

7    information that is maintained by and equally available to Plaintiffs or stated in publicly available

8    documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

9    or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

10    because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

11    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

12    also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

13    that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

14    provide facts and evidence of events that did not take place.

15    Subject to and without waiving its foregoing objections, Irico refers Plaintiffs to the

16    following evidence under FRCP 33(d): Irico Defendants' Sixth Supplemental Objections and

17    Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, January 7, 2022; Irico

18    Defendants' Third Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' First

19    Set of Interrogatories, January 7, 2022; Irico Defendants' Supplemental Objections and

20    Responses to Indirect Purchaser Plaintiffs' Third Set of Interrogatories to Irico Group Corporation

21    and Irico Display Devices Co., Ltd., January 21, 2022; Rule 30(b)(6) Deposition of Irico Group

22    Corp. and Irico Display Devices Co., Ltd., March 6-8, 2019.

23    Irico identifies the following persons with knowledge regarding this Interrogatory: Wang

24    Zhaojie and Su Xiaohua.

25    **RESPONSE RE: REQUEST FOR ADMISSION NOS. 17-26**

26    Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

27    burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

28    information that is maintained by and equally available to Plaintiffs or stated in publicly available

1  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

2  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

3  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

4  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

5  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

6  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

7  provide facts and evidence of events that did not take place.

8         Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

9  responses to Request for Admission Nos. 17 through 26, which contain a complete basis for its

10  response to this Interrogatory.

11        **<u>RESPONSE RE: REQUEST FOR ADMISSION NOS. 27-32</u>**

12        Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

13  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

14  information that is maintained by and equally available to Plaintiffs or stated in publicly available

15  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

16  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

17  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

18  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

19  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

20  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

21  provide facts and evidence of events that did not take place.

22        Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

23  responses to Request for Admission Nos. 27 through 32, which contain a complete basis for its

24  response to this Interrogatory.

25

26  Dated:  February 23, 2022                    BAKER BOTTS L.L.P.

27

28                                              */s/ John M. Taladay*

---

IRICO'S OBJECTIONS AND RESPONSES TO          88          Master File No. 07-cv-05944-JST
IPP'S FOURTH SET INTERROGATORIES                        MDL No. 1917

John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
        evan.werbel@bakerbotts.com
        tom.carter@bakerbotts.com
        drew.lucarelli@bakerbotts.com

Jonathan Shapiro (State Bar No. 257199)
101 California Street, Suite 3600
San Francisco, California 94111
(415) 291-6200
(415) 291-6300 (fax)
Email: jonathan.shapiro@bakerbotts.com


*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

# EXHIBIT B

1  BAKER BOTTS L.L.P.
   John M. Taladay (*pro hac vice*)
2  Evan J. Werbel (*pro hac vice*)
   Thomas E. Carter (*pro hac vice*)
3  Andrew L. Lucarelli (*pro hac vice*)
   700 K Street, N.W.
4  Washington, D.C. 20001
   (202)-639-7700
5  (202)-639-7890 (fax)
   Email: john.taladay@bakerbotts.com
6         evan.werbel@bakerbotts.com
          tom.carter@bakerbotts.com
7         drew.lucarelli@bakerbotts.com

8  Jonathan Shapiro (State Bar No. 257199)
   101 California Street, Suite 3600
9  San Francisco, California 94111
   (415) 291-6200
10 (415) 291-6300 (fax)
   Email: jonathan.shapiro@bakerbotts.com
11

12  *Attorneys for Defendants*
    *IRICO GROUP CORP. and*
13  *IRICO DISPLAY DEVICES CO., LTD.*

14

15                 **UNITED STATES DISTRICT COURT**

16                **NORTHERN DISTRICT OF CALIFORNIA**

                          **OAKLAND DIVISION**
17

18

19  IN RE: CATHODE RAY TUBE (CRT)          Master File No. 4:07-cv-05944-JST
    ANTITRUST LITIGATION                   (N.D. Cal.)
20
                                           MDL No. 1917
21
    This Document Relates to:             **IRICO DEFENDANTS'**
22                                        **SUPPLEMENTAL OBJECTIONS AND**
    ALL INDIRECT PURCHASER ACTIONS        **RESPONSES TO INDIRECT**
23                                        **PURCHASER PLAINTIFFS' THIRD**
                                          **SET OF INTERROGATORIES TO**
24                                        **IRICO GROUP CORPORATION AND**
                                          **IRICO DISPLAY DEVICES CO., LTD.**
25

26  PROPOUNDING PARTY:         Indirect Purchaser Plaintiffs

27  RESPONDING PARTIES:        Irico Group Corporation
                               Irico Display Devices Co., Ltd.
28
    SET NUMBER:                Third (3)

    IRICO'S SUPP. OBJS. AND RESPS. TO IPP'S              Master File No. 4:07-cv-05944-JST
    THIRD SET INTERROGATORIES                                             MDL No. 1917

1        Pursuant to Federal Rules of Civil Procedure 26 and 33, Irico Group Corporation ("Irico

2  Group") and Irico Display Devices Co, Ltd. ("Irico Display," collectively, "Irico" or "Irico

3  Defendants") hereby provide these supplemental responses to the Indirect Purchaser Plaintiffs'

4  ("Plaintiff") Third Set of Interrogatories to Irico Group Corporation and Irico Display Devices

5  Co., Ltd., dated July 7, 2021 ("Interrogatories"), as modified by the Special Master's December

6  22, 2021 Order Re DPPs' Motion to Compel Interrogatory Further Answers (ECF No. 5978).

7  Irico reserves the right to amend or supplement these Supplemental Objections and Responses

8  (the "Responses") to the extent allowed by the Federal Rules of Civil Procedure and the Local

9  Rules of Practice in Civil Proceedings before the United States District Court for the Northern

10 District of California ("Local Rules"). Subject to and without waiving any of Irico's General and

11 Specific Objections as set forth below, Irico is willing to meet and confer with Plaintiff regarding

12 such General and Specific Objections.

13       The following Responses are made only for purposes of this case. The Responses are

14 subject to all objections as to relevance, materiality and admissibility, and to any and all

15 objections on any ground that would require exclusion of any response if it were introduced in

16 court. All evidentiary objections and grounds are expressly reserved.

17                              **GENERAL OBJECTIONS**

18       Irico makes the following General Objections to Plaintiff's Interrogatories:

19       1.      Irico's Responses are based upon information available to and located by Irico as

20 of the date of service of these Responses. In responding to Plaintiff's Interrogatories, Irico states

21 that it has conducted a diligent search, reasonable in scope, of those files and records in its

22 possession, custody, or control believed to likely contain information responsive to Plaintiff's

23 Interrogatories.

24       2.      No express, incidental, or implied admissions are intended by these Responses and

25 should not be read or construed as such.

26       3.      Irico does not intend, and its Responses should not be construed as, an agreement

27 or acquiescence with any characterization of fact, assumption, or conclusion of law contained in

28 or implied by the Requests.

---

IRICO'S SUPP. OBJS. AND RESPS. TO IPP'S        1        Master File No. 4:07-cv-05944-JST
THIRD SET INTERROGATORIES                               MDL No. 1917

4.      Irico objects to Plaintiff's Interrogatories to the extent that they are overly broad, unduly burdensome, oppressive, and duplicative to the extent that they seek information or documents that are already in the possession, custody, or control of Plaintiff.

5.      Irico objects to Plaintiff's Interrogatories to the extent that they seek to impose obligations on Irico beyond those of the Federal Rules of Civil Procedure, the Local Rules, or any Order of this Court.

6.      Irico objects to Plaintiff's Interrogatories to the extent that they request duplicative discovery in violation of the Order Re Discovery And Case Management Protocol, ECF No. 1128. *See* Order Re Plaintiffs' Motions To Compel Supplemental Discovery From Toshiba And Panasonic, ECF No. 4128, at 4 ("The Discovery Protocol (ECF No 1128), requires parties to coordinate discovery and not file duplicative discovery. . . . The benefit redounds to all parties on both sides of the litigation, by conserving the efforts required by plaintiffs and protecting defendants against unnecessary duplication of effort.") (Report and Recommendation adopted in full at ECF No. 4256).

7.      Irico objects to Plaintiff's Interrogatories to the extent they seek information that is not relevant or disproportionate to the needs of the case.

8.      Irico objects to Plaintiff's Interrogatories to the extent that they are vague, ambiguous, or susceptible to more than one interpretation. Irico shall attempt to construe such vague or ambiguous Interrogatories so as to provide for the production of responsive information that is proportionate to the needs of the case. If Plaintiff subsequently asserts an interpretation of any Interrogatory that differs from Irico's understanding, Irico reserves the right to supplement or amend its Responses.

9.      Irico objects to Plaintiff's Interrogatories to the extent that they contain terms that are insufficiently or imprecisely defined. Irico shall attempt to construe such vague or ambiguous Interrogatories so as to provide for the production of responsive information that is proportionate to the needs of the case.

10.     Irico objects to Plaintiff's Interrogatories to the extent that they seek information that is protected from disclosure by the attorney-client privilege, work product doctrine, joint

1   defense or common interest privilege, self-evaluative privilege, or any other applicable privilege

2   or immunity. Irico will provide only information that it believes to be non-privileged and

3   otherwise properly discoverable. Nothing in Irico's responses is intended nor should be construed

4   as a waiver of any such privilege or immunity. The inadvertent or mistaken provision of any

5   information or responsive documents subject to any such doctrine, privilege, protection or

6   immunity from production shall not constitute a general, inadvertent, implicit, subject-matter,

7   separate, independent or other waiver of such doctrine, privilege, protection or immunity from

8   production.

9         11.    Irico objects to Plaintiff's Interrogatories to the extent that they call for

10   information that is not in the possession, custody, or control of Irico. Irico also objects to the

11   extent that any of Plaintiff's Interrogatories seek information from non-parties or third parties,

12   including but not limited to any of Irico's subsidiary or affiliated companies.

13         12.    Irico objects to Plaintiff's Interrogatories to the extent that responding would

14   require Irico to violate the privacy and/or confidentiality of a third party or confidentiality

15   agreement with a third party.

16         13.    Irico objects to Plaintiff's Interrogatories to the extent that they seek information

17   that is publicly available, already in Plaintiffs' possession, custody, or control, or more readily

18   available from other sources.

19         14.    Irico objects to Plaintiff's Interrogatories to the extent that they seek information

20   or documents concerning transactions outside the United States. Such Requests are unduly

21   burdensome and disproportionate to the needs of the case as Plaintiffs' class definition is confined

22   to "individuals and entities that indirectly purchased Cathode Ray Tube Products . . . in the United

23   States" (see Indirect Purchaser Plaintiffs' Fifth Consolidated Amended Complaint ("Complaint")

24   dated September 19, 2019).

25         15.    Irico objects to Plaintiff's Interrogatories to the extent that compliance would

26   require Irico to violate the laws, regulations, procedures, or orders of a judicial or regulatory body

27   of foreign jurisdictions.

28

16.     Irico's responses, whether now or in the future, pursuant to Plaintiff's Interrogatories should not be construed as either (i) a waiver of any of Irico's general or specific objections or (ii) an admission that such information or documents are either relevant or admissible as evidence.

17.     Irico objects to Plaintiff's Interrogatories to the extent that they are compound and/or contain discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1).

18.     Irico objects to Plaintiff's Interrogatories to the extent that they state and/or call for legal conclusions.

19.     Irico objects to the Interrogatories to the extent that they contain express or implied assumptions of fact or law with respect to the matters at issue in this case.

20.     Irico objects to the Interrogatories to the extent they seek information or documents that cannot be removed or transmitted outside China without violating the laws and regulations of that country, including but not limited to restrictions on the transmission of state secrets or trade secrets as those terms are defined under Chinese law.

21.     Irico reserves the right to assert additional General and Specific Objections as appropriate to supplement these Responses.

These General Objections apply to each Interrogatory as though restated in full in the responses thereto. The failure to mention any of the foregoing General Objections in the specific responses set forth below shall not be deemed as a waiver of such objections or limitations.

## GENERAL OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Irico objects to the definition of "DPPs' Written Discovery" (Definition No. 1) on the grounds that it is vague, ambiguous and overly broad.

2.     Irico objects to the definition of "IPPs' Written Discovery" (Definition No. 2) on the grounds that it is vague, ambiguous and overly broad.

3.     Irico objects to the definition of "Document" (Definition No. 3) to the extent it seeks to impose requirements that are beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, any Order of this Court, or any other applicable laws.

4.     Irico objects to the definitions of "Including" and "Relating" (Definition No. 4) on

1   the grounds that it calls for a legal conclusion and is otherwise vague, ambiguous, and overly

2   broad. Irico further objects to this definition to the extent that it attempts to impose burdens on

3   Irico beyond those imposed by the Federal Rules of Civil Procedure. Irico further objects to this

4   definition to the extent that it seeks information protected by the attorney client or other

5   applicable privilege, attorney work product doctrine, or otherwise seeks to violate rights of

6   privacy under U.S. or foreign law.

7        5.      Irico objects to the definitions of "You" and "Your" (Definition No. 5) to the

8   extent that Plaintiff defines those terms to include the Irico's "present and former members,

9   officers, agents, employees, and all other persons acting or purporting to act on their behalf,

10  including all present and former members, officers, agents, employees, and all other persons

11  exercising or purporting to exercise discretion, making policy, and make decisions." This

12  definition is overbroad, unduly burdensome, vague, and ambiguous. In particular, Irico objects to

13  this definition to the extent it purports to request information beyond the possession, custody, or

14  control of Irico Group or Irico Display, including but not limited to information in the possession

15  of non-parties and third parties where Irico lacks any duty to obtain or otherwise search for the

16  information and for whom the Court lacks personal jurisdiction. Irico also objects to the inclusion

17  of all "present or former employees, officers, directors, agents . . . or any other person acting on

18  [the] behalf [of]" Irico within this definition to the extent it purports to encompass information

19  that is protected by attorney-client privilege, work product protection or any other applicable

20  doctrine, privilege, protection or immunity or otherwise calls for a legal conclusion.

21       6.      Irico objects to Instruction No. 1 (related to disclosure of additional information) to

22  the extent it purports to impose burdens or obligations broader than, inconsistent with, or not

23  authorized under the Federal Rules of Civil Procedure, including, without limiting the generality

24  of the foregoing, Rule 26(e).

25       7.      Irico objects to Instruction No. 2 (related to production of business records) to the

26  extent that it purports to impose burdens or obligations broader than, inconsistent with, or not

27  authorized under the Federal Rules of Civil Procedure, including, without limiting the generality

28  of the foregoing, Rule 33(d), Rule 26(b). Irico further objects to this Instruction to the extent that

1    it purports to impose burdens or obligations broader than, inconsistent with, or not authorized

2    under, the Local Rules and any Orders of the Court.

3        8.    Irico objects to Instruction No. 3 (related to privileged information) to the extent

4    that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized

5    under the Federal Rules of Civil Procedure, including, without limiting the generality of the

6    foregoing, Rule 33(d), Rule 26(b)(5)(A) and Rule 26(e)(1). Irico further objects to this Instruction

7    to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or

8    not authorized under, the Local Rules and any Orders of the Court, and on the grounds that it is

9    vague, ambiguous, and inconsistent with common usage. Irico further objects to this Instruction to

10   the extent it seeks information that would disclose personal confidential information and/or

11   violate any and all rights of privacy under the United States Constitution or Article I of the

12   Constitution of the State of California, or any other applicable law or state constitution, or that is

13   otherwise prohibited from disclosure because to do so would cause Irico to violate legal and/or

14   contractual obligations to any other persons or entities.

15                        **SPECIFIC RESPONSES TO INTERROGATORIES**

16   **INTERROGATORY NO. 2**

17        State whether Irico implemented a litigation hold to preserve potentially discoverable

18   evidence relating to the alleged misconduct in this litigation. If your answer is in the affirmative:

19        (a) state the date (or dates) that the litigation hold notice was issued;

20        (b) state the date when the litigation hold was implemented;

21        (c) describe in detail the scope of the litigation hold, including the categories of

22            documents, electronically stored information (ESI), or other tangible evidence that are

23            subject to the litigation hold;

24        (d) identify the recipients of the litigation hold notice; and

25        (e) describe any steps taken to ensure compliance with the litigation hold.

26   **RESPONSE TO INTERROGATORY NO. 2**

27        Irico reasserts and incorporates each of the General Objections and Objections to the

28   Definitions and Instructions set forth above. Irico further objects that this interrogatory to the

---

1   extent that it requests the disclosure of information protected by the attorney-client privilege or

2   attorney work product doctrine.

3           Subject to and without waiving the objections stated above, Irico responds that, in summer

4   2008, the company orally instructed key employees to preserve documents related to sales of CRT

5   to the United States. It was determined that Irico possessed no such documents. As discussed in

6   more detail below, all documents required to be maintained under Chinese law were preserved at

7   that time. Around September 2017, when Irico reentered the litigation for the purposes of

8   contesting jurisdiction and asserting a foreign sovereign immunity defense, Irico confirmed the

9   need to preserve existing documents relevant to the litigation from the time period 1995 to 2007

10  with managers from each operational department, including finance and accounting, legal, HR,

11  and sales. The managers conveyed this message orally to relevant employees under their

12  supervision.

13          In addition to the preservation efforts described above, and as Irico has explained in other

14  discovery responses, *see* Irico's Supplemental Objections and Responses to Interrogatory No. 16

15  as stated in Irico Defendants' Fourth Supplemental Objections and Responses to Direct Purchaser

16  Plaintiffs' First Set of Interrogatories, pursuant to Chinese law, the Ministry of Finance and State

17  Archives Administration requires companies like Irico to maintain and preserve certain

18  documents and materials, including but not limited to original invoices for sales, accounting

19  books, general ledgers, financial accounting reports, and bank statements. *See* IRI-CRT-

20  00000900. Irico is not aware of such archived records from 1995-2007 being destroyed given the

21  retention periods required by the Chinese government. In addition, Irico's internal practices

22  included the maintenance of additional archives of material related to operational documents,

23  administrative documents, technical records and communications with agencies of the PRC

24  government and Chinese Communist Party.[1] Irico is not aware of any such records from the 1995

25  to 2007 time period that were preserved in the various archives being destroyed.

26  ///

27  ///

28  _____
[1] Additional information regarding the documents maintained in Irico's archives can be found in Irico's December 18, 2020 letter to Plaintiffs regarding discovery issues.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2**

On December 22, 2021, the Special Master issued the Order Re DPPs' Motion to Compel Interrogatory Further Answers, ECF No. 5978, directing Irico to "to furnish supplemental responses to Interrogatory No 2 as set forth below" and listing eleven (11) enumerated paragraphs. In this Supplemental Response, Irico repeats below each issue identified by the Special Master, corresponding to the enumerated paragraphs, and responds as follows:

**ISSUE NO. 1**

With respect to the communications or work product that Irico objected to identifying in its response to Interrogatory No 2, Irico is directed to identify the dates of any such communications or work product, the parties thereto, the subjects thereof and sufficient information to enable the PPs and the undersigned to determine whether a claim of privilege or protection is warranted.

**RESPONSE TO ISSUE NO. 1**

With respect to Irico's objection to discovery of any privileged communications or work product requested by Interrogatory No. 2, Irico responds that it is not objecting to or withholding any information on such a basis and therefore is not identifying any information in response to Issue No. 1.

**ISSUE NO. 2**

Identify by names and positions at Irico at all times from 2007 to the present the "key employees" referred to in Irico's response to Interrogatory No 2.

**RESPONSE TO ISSUE NO. 2**

Irico provides the following information about known "key employees" referenced in response to Interrogatory No. 2.

- Tao Kui
  - 05/2001 – 09/2013
    - Irico Group, Party Secretary and Deputy General Manager
  - 03/2013
    - Member of the Party Leading Group of China Electronics Information Industry Group Co., Ltd.
  - 05/2013 – approx. 2014
    - Irico Group, Party Secretary and Director (*retired*)

- Wang Ximin
  - 2007 – 09/2011
    - Irico Display, General Manager
  - 09/2011 – 09/2013
    - Irico Group, General Economist and General Manager of Shaanxi Branch (*retired*)

- Shen Xiaolin
  - 08/2004 – 11/2007
    - Irico Group, Sales Company, General Manager
  - 11/2007 – 01/2009
    - Irico Display, Assistant to General Manager and General Manager of Sales Department
  - 01/2009 – 09/2013
    - Irico Display, Deputy General Manager, and General Manager of Sales Department
  - 09/2013 – 10/2015
    - Zhuhai Caizhu Limited Company, Managing Director (*retired*)

- Liu Maihai
  - Title as of June 2008
    - Irico Group Electronics Co., Ltd., Sales Director
  - Irico has been unable to confirm employment information for Liu Maihai, other than his title in June 2008 when the 2008 Litigation Committee was formed (see Response to Issue No. 3). Irico believes that Liu Maihai left Irico within several years of the filing of the lawsuit.

- Liang Yuan
  - Title as of June 2008
    - Irico Group Electronics Co., Ltd., Head of Overseas Department and Assistant to the General Manager of the Marketing Department
  - Irico has been unable to confirm employment information for Liang Yuan, other than her title in June 2008 when the 2008 Litigation Committee was formed (see Response to Issue No. 3). Irico believes that Liang Yuan left Irico within several years of the filing of the lawsuit.

Irico has conducted a search for more detailed employment information for Liu Maihai and Liang Yuan, including a review of Irico's HR files, but has not been able to find information beyond that listed above. Likewise, Irico cannot confirm the exact date that Tao Kui retired from Irico but, based on the best recollection of its available employees, believes that it is around 2014.

As discussed below in Irico's Response to Issue No. 4, each of these employees also communicated with employees under their supervisions in an effort to identify and preserve documents related to potential Irico sales of CRTs to the United States, if any such records existed.

| IRICO'S SUPP. OBJS. AND RESPS. TO IPP'S | 9 | Master File No. 4:07-cv-05944-JST |
| THIRD SET INTERROGATORIES | | MDL No. 1917 |

1   **ISSUE NO. 3**

2       State how Irico determined that the persons identified in Irico's response to No 2, above,

3   were determined to be "key employees."

4       **RESPONSE TO ISSUE NO. 3**

5       The Irico employees identified in Irico's Response to Issue No. 2, above, were members

6   of a group of Irico employees appointed to oversee Irico's response to the litigations in the above

7   referenced action (the "2008 Litigation Committee") in June 2008. The other members of the

8   committee were Gao Rongguo, Director, Corporate Management Department, Irico Group, and

9   Yan Yunlong, Legal Affairs Manager, Corporate Management Department, Irico Group. The

10  employees identified in Irico's Response to Issue No. 2 were those with managerial responsibility

11  for the departments at Irico that Irico believed would have documents related to potential Irico

12  sales of CRTs to the United States, if any such records existed.  Each of these individuals then

13  selected the employees under their supervision who might have information regarding Irico sales

14  of CRTs to United States, if any.

15      **ISSUE NO. 4**

16      Explain how the 2008 "oral instruction" referred to in Irico's response to Interrogatory No

17  2 was conveyed; specifically, Irico is required to identify by name and position all persons who

18  conveyed the "oral instruction," the dates each such person conveyed the "oral instruction," the

19  persons by names and positions at the time to whom the "oral instruction" was conveyed, the

20  offices, facilities or other locations at which the "oral instruction" was conveyed, the content of

21  the "oral instruction" and all reasons upon which Irico contends the "oral instruction" was

22  effective if Irico so contends.

23      **RESPONSE TO ISSUE NO. 4**

24      The 2008 Litigation Committee held a meeting in August 2008 at Irico Group's

25  headquarters building in Xianyang City during which the instructions to preserve documents were

26  discussed. The instructions were conveyed to the employees identified in Irico's Response to

27  Interrogatory No. 2 at this and subsequent meetings. At that time Irico understood that, given the

28  instant litigation arose under the antitrust laws of the United States, the focus of the litigation was

1    on sales of CRTs to the United States. The individuals identified in the Response to Issue No. 2

2    were tasked to search for documents and to identify other employees under their supervision and

3    instruct them to search for documents that might relate to the Irico sales in the United States and

4    to preserve such documents, if any existed. Irico believes that these efforts to search for and

5    preserve documents would have occurred immediately after the above-referenced meetings of the

6    2008 Litigation Committee in August or September 2008.

7        Irico has conducted a thorough search for additional information requested by the Court in

8    Issue No. 4 but has been unable to find additional information. Specifically, it cannot find

9    documents detailing the specific information and its answers are based on the recollections of Yan

10   Yunlong, the only remaining Irico employee with knowledge of the dissemination of the oral

11   instruction in 2008. All of the members of the 2008 Litigation Committee other than Yan

12   Yunlong have retired or otherwise departed the company.

13       Yan Yunlong recalls that the employees identified in the Response to Issue No. 2

14   contacted relevant employees and searched for documents, but that no documents relevant to the

15   sales of CRTs by Irico to the United States were identified at that time. Despite best efforts, Irico

16   has been unable to identify the specific individuals contacted by the employees identified in

17   Response to Issue No. 2.

18       Irico believes that the oral instructions provided at the time were sufficient to preserve

19   documents related to potential sales by Irico to the United States. Irico acknowledges that at the

20   time it misunderstood the scope of document preservation in connection with the litigation in the

21   United States and cannot be certain that all documents related to Irico's global sales of CRTs

22   were preserved.

23       **ISSUE NO. 5**

24       Identify the information that confirms, or the basis to believe, that the "oral instruction"

25   referred to in Irico's response to Interrogatory No 2 was adequate to prevent the destruction of

26   evidence that otherwise would have been preserved in compliance with an otherwise adequate

27   litigation hold.

28

---

**RESPONSE TO ISSUE NO. 5**

Irico does not contend that the oral instruction in 2008 was effective in preserving all documents related to its global sales of CRTs, however, because Irico did not sell CRTs to the United States, Irico's search at the time did not identify any documents concerning Irico's sales of CRTs to the United States and thus no documents on this topic were lost or destroyed.

**ISSUE NO. 6**

If the summer 2008 "oral instruction" referred to in Irico's response to Interrogatory No 2 had not been limited to "sales of CRT to the United States," but rather to sales of CRT without regard to location, identify all documents and information that otherwise would been preserved.

**RESPONSE TO ISSUE NO. 6**

Irico has made best efforts to identify specific documents and information that might have been preserved if the "oral instruction" in 2008 had not been limited to the United States. Nearly all of the employees knowledgeable about what types of documents related to Irico's sales of CRTs were created and/or maintained during the relevant time period are no longer employed by, and are not available to, Irico. Identifying such specific documents that existed in 2008 is nearly impossible given the time that has elapsed and the lack of employees with knowledge of these issues. As discussed, Irico regularly preserved documents and information in its archives pursuant to Chinese law and its internal practices so extensive information regarding Irico's global sales of CRTs was preserved regardless of the oral instruction provided in 2008. These categories of preserved documents are detailed in Irico's Response to Issue Nos. 7 and 11 and include several categories of documents related to sales of CRTs, including but not limited to accounting records, invoices, planning documents, some production and sales reports, and travel and entertainment reimbursements. In terms of documents that would not have been preserved in the archives, Irico identifies the following types of documents regarding Irico's global sales of CRTs that are more likely to have existed in the summer of 2008:

- Sales reports containing general CRT market information;
- CRT sales contracts with customers;
- Recent correspondence with customers regarding CRT sales; and,

1       •   Handwritten working notes regarding recent internal and customer meetings

2            attended by members of Irico's sales team.

3      Irico has not been able to verify that specific documents in these categories existed in

4 summer of 2008. As noted above, there may have been other categories of documents that existed

5 at the time of the oral litigation hold in 2008, but Irico cannot identify those documents at this

6 time.

7      **ISSUE NO. 7**

8      Identify by type all documents and information related to sales of CRT without regard to

9 location during the period 1997 to 2007 that were required to be preserved in accordance with

10 applicable Chinese law.

11      **RESPONSE TO ISSUE NO. 7**

12      During the period 1997 to 2007 Chinese law required companies such as Irico to retain

13 hard-copy documents that contained financial information derived from Irico's sales of CRTs

14 such as accounting books, general ledgers, and financial accounting reports, however, the only

15 documents directly related to sales of CRTs that were required to be maintained under Chinese

16 law were original invoices for sales of CRTs.

17      **ISSUE NO. 8**

18      Identify by type all documents related to sales of CRT without regard to location during

19 the period 1997 to 2007 that Irico generated, but was not required by Chinese authorities to

20 preserve, and describe the information that such documents contained.

21      **RESPONSE TO ISSUE NO. 8**

22      Irico has attempted to locate information regarding the types of documents related to the

23 sales of CRTs that Irico would have generated during the period 1997 to 2007 that were not

24 required to be preserved by Chinese authorities. As discussed above, nearly all of the employees

25 knowledgeable about what types of documents related to Irico's sales of CRTs were created

26 and/or maintained during the period 1997 to 2007 are no longer employed by, and are not

27 available to, Irico. Consistent with its retention practices, Irico believes that most of those

28 documents would not have been retained in the ordinary course of business and were unlikely to

1  have existed at the end of 2007. Identifying such specific documents, let alone their contents, is

2  nearly impossible given the time that has elapsed and the lack of employees with knowledge of

3  these issues. The information found by Irico regarding regularly prepared materials is detailed

4  below. Irico believes that it is likely that other categories of documents were generated but not

5  retained due to changes in Irico's business over the course of the relevant time period. For

6  example, Irico exited CDT production around 2002, and believes that it may not have retained

7  materials related to the sales of CDTs through 2007. Additionally, Irico stopped production of

8  various types of CPTs during the relevant time period, and re-deployed that space for other uses.

9  Finally, there may have been periodic or "one off" materials prepared during this time period, but

10  Irico is not aware of such materials today.

11        Sales reports containing general CRT market information

12        The sales department prepared weekly- and monthly-summaries of information collected

13  by its employees. Irico has been unable to determine whether such reports were created during the

14  period 1997 to 2004. The reports focused on Irico's customers, who were primarily Chinese

15  television manufacturers. Both the weekly- and monthly-reports generally included information

16  regarding customers, competitors and general market information. It is not clear how long those

17  materials were kept after their creation, and Irico is unable to determine whether such materials

18  would have existed at the time of the instruction to preserve.

19        CRT sales contracts with customers

20        Irico entered into sales contracts with some customers regarding its sales of CRTs. Some

21  contracts pertained to general terms for sales to that customer, including post-sale issues such as

22  shipping terms and procedures. Others pertained to specific transactions and included information

23  such as product description, product quantity, unit price, and invoice total. Irico believes that it is

24  unlikely that many of these documents existed at the end of 2007 because Irico exited CDT

25  production around 2002, and stopped production of various types of CPTs during the relevant

26  time period.

27  ///

28  ///

1    <u>Correspondence with customers regarding CRT sales</u>

2    Although Irico primarily communicated with customers face-to-face or over the phone, it

3 believes that some communications with customers would have taken place via facsimile.  The

4 contents of these facsimiles varied but generally contained information related to a customer's

5 purchase of CRTs that would be captured in the original sales invoice such as type, quantity, and

6 price. Facsimiles were not required to be maintained under Chinese law and were routinely

7 discarded in the ordinary course of Irico's business. Irico believes that it is unlikely that many of

8 these documents existed at the end of 2007 because Irico exited CDT production around 2002 and

9 stopped production of various types of CPTs during the relevant time period.

10    <u>Handwritten working notes</u>

11    Irico understands that individual employees may have taken handwritten notes while

12 performing their job functions. Irico believes that these were regularly discarded by the

13 employees during the course of their employment.  For example, Wang Zhaojie and Wang Ximin

14 regularly discarded such notes during the course of their employment but cannot recall any

15 specifics regarding those instances. The notes most likely covered the employees' regular

16 activities as members of Irico's sales department including notes of internal meetings, customer

17 contacts, and customer meetings. Wang Zhaojie also recalls taking notes related to individual

18 sales transactions (such as customer, quantity, and price) but discarded those notes shortly after

19 the sales documents were prepared. Irico believes that it is unlikely that many of these notes

20 existed at the end of 2007 because Irico exited CDT production around 2002, and stopped

21 production of various types of CPTs during the relevant time period. Additionally, by 2008 many

22 employees connected to Irico's sales were no longer employed by Irico, some of whom left much

23 earlier in the relevant time period.

24    <u>Emails</u>

25    Although Irico did not begin to use email until toward the end of the relevant time period,

26 many employees did not have their own email account at any time during the relevant time

27 period, and the company did not rely on email as a primary form of communication during any

28 point in the relevant time period. Irico is aware of emails sent or received on the following topics:

1          • Notices from Irico regarding corporate policies.

2          • Notices from the Chinese Communist Party.

3          • CRT manufacturing—Irico understands that its manufacturing plants sent periodic

4              emails related to the production of CRTs that may have discussed the quantity of

5              CRTs produced for a given time period, quality issues, and problems or incidents

6              that affected the production output. Irico understands that these were not sent on a

7              routine basis (i.e., daily, weekly, or monthly), but rather more sporadically because

8              as an organization Irico made no effort to routinize its use of email in the regular

9              course of business.

10         • Planning for Meetings of the China CPT Industry Association—Irico understands

11             that emails were exchanged between Irico and other Chinese CRT manufacturers

12             regarding the scheduling and planning of meetings of the China CPT Industry

13             Association, a trade organization for manufacturers of CPTs.

14     As noted in its prior discovery responses, Irico's email storage capacity was very limited during

15     the relevant time period, and each individual account had limited capacity as well. This meant that

16     the users of the accounts had to constantly delete emails in order to continue receiving new

17     emails. In addition to the account-level limitations, Irico's central email server likewise had

18     limited email storage and Irico was forced to routinely delete emails from the server in order to

19     create sufficient storage capacity for the company to continue to receive emails. During regular

20     working periods emails were deleted from the server three to five days after they were sent or

21     received on average, depending on the volume of email traffic. During periods of lower email

22     activity, such as during Chinese holidays, emails would be deleted less frequently and it is

23     possible that email for up to a fourteen day period would be retained on the company's return

24     from the holiday before Irico needed to resume a more regular schedule as business activities

25     returned to normal. For these reasons, and Irico's exit from many segments of the CRT market

26     prior to 2008, Irico is not able to determine whether email created during the relevant time period

27     existed at the end of 2007, or the volume or type of such email.

28     ///

Sales Data

Irico did not utilize electronic databases to store information related to sales of CRTs in a systematic or routine manner, but between 1999 and 2002 Irico Group's finance department sporadically entered information utilizing a database software called Newgrand. Specifically, during those years Irico entered partial revenue information from its sales of CRTs. During the period April 2006 through end of the 2007, Irico Display's finance department utilized a database program called Kingdee to track revenue and other accounting data related to sales of CRTs. All of these Newgrand and Kingdee data were produced to Plaintiffs during FSIA discovery. Irico does not believe that either database was, or is, a complete dataset for the period of time that those data were entered, as electronic databases are not among the categories of information required to be maintained under Chinese accounting laws and therefore were not considered important sources of information to Irico. But Irico is not aware of any Newgrand or Kingdee data that existed from the time period 1997 to 2007 but has not been provided to Plaintiffs.

Corporate Archives

As described previously and in the below Response to Issue No. 11, Irico also preserved various documents in its archives pursuant to its internal practices, some of which also related to sales of CRTs, including but not limited to planning documents, financial reports and some production and sales reports, which have not been detailed here.

**ISSUE NO. 9**

With respect to the 2017 "oral instruction" referred to in Irico's response to Interrogatory No 2, Irico is required to identify by name and position all persons who conveyed the "oral instruction," the dates each such person conveyed the "oral instruction," the persons by names and positions at the time to whom the "oral instruction" was conveyed, the offices, facilities or other locations at which the "oral instruction" was conveyed, the content of the "oral instruction" and all reasons upon which Irico contends the "oral instruction" was effective if Irico so contends.

**RESPONSE TO ISSUE NO. 9**

The 2017 oral instruction was conveyed by Zhang Wenkai, Deputy Director, Legal Affairs Department for Irico Group. The oral instruction asked the employees to preserve all existing and

identified information related to Irico's CRTs from 1995 to 2007 (without a geographic limitation, i.e., not solely related to sales of CRTs to the United States), and to preserve any newly found materials. The instruction was conveyed in meetings or discussions that occurred in September and October 2017; Irico has reviewed its available files but has been unable to determine the exact dates of the meetings. Mr. Zhang separately communicated the oral instruction to the following employees:

- Zhong Yuming: Business Manager, Human Resources Department, Irico Group.
  - Mr. Zhang met with Mr. Zhong in person in the offices of the Human Resources Department located at Irico Group's headquarters, 1 Caihong Road, Qindu District, Xianyang City, Shaanxi Province, People's Republic of China.

- Yang Hua: Director, Finance Department, Irico Group.
  - Mr. Zhang met with Ms. Yang in person in the offices of the Finance Department located at Irico Group's headquarters, 1 Caihong Road, Qindu District, Xianyang City, Shaanxi Province, People's Republic of China.

- Wang Zhaojie: General Manager, Irico Group New Energy Co., Ltd.  Formerly Mr. Wang was Director of Sales, Irico Sales Company and Irico Sales Department.
  - Mr. Zhang called Mr. Wang, who was not in his office at the time of the call. Mr. Zhang believes that Mr. Wang was traveling in Hefei, Anhui Province, People's Republic of China.

- Su Xiaohua: Vice General Manager of Xianyang Irico Photovoltaic Technology Company; Vice General Manager of Irico Photoelectric Materials Company. Formerly Mr. Su was the Vice General Manager, Planning, Irico Sales Company and Irico Sales Department.
  - Mr. Zhang and Mr. Su both recall that the instruction occurred during a phone call, but neither can recall where Mr. Su was at the time of the call. Mr. Su recalls that he was away from his office because his office was in Irico Group's headquarters building, as was Mr. Zhang's, and he would

1           have met directly with Mr. Zhang if he had been in the office.

2             • Li Mei: Head of Archives, Irico Group.

3                  o Mr. Zhang met with Ms. Li in person in the offices of the Archives

4                     Department, located in the Information Center building on Irico Group's

5                     main campus, 1 Caihong Road, Qindu District, Xianyang City, Shaanxi

6                     Province, People's Republic of China.

7             • Gao Xiangfeng: Director, Information Center, Irico Group.

8                  o Mr. Zhang met with Mr. Gao in person in the offices of the Information

9                     Center, located in the Information Center building on Irico Group's main

10                     campus, 1 Caihong Road, Qindu District, Xianyang City, Shaanxi

11                     Province, People's Republic of China.

12       The 2017 oral instruction was effective because the employees identified above were the

13 remaining employees that Irico determined were likely to have access to, or were designated

14 representatives of departments that maintained, documents from 1995 to 2007 that existed at the

15 time that the instruction was communicated in September or October 2017. Furthermore, Irico is

16 not aware of any potentially responsive documents from the time period 1995 to 2007 that were

17 lost or destroyed after September 2017.

18      **ISSUE NO. 10**

19       Inasmuch as Irico's response to Interrogatory No 2 states that Irico is not aware of the

20 destruction of "original invoices for sales, accounting books, general ledgers, financial accounting

21 reports, and bank statements" from 1995 to 2007, Irico shall state whether it is prepared to

22 produce all such materials to the PPs? If not, why not?

23      **RESPONSE TO ISSUE NO. 10**

24       By agreement between the parties, Irico has produced the identified, responsive materials

25 from accounting books, general ledgers, financial reports, and bank statements, and will be

26 producing Excel files summarizing the information contained in original invoices for sales

27 pursuant to a forthcoming stipulation between the parties.

28       As Irico has previously explained to the Court and to Plaintiffs, Irico's accounting

1    archives as described in its Response to Interrogatory No. 2 are voluminous and contain

2    significant amounts of information unrelated to its production or sales of CRTs, including

3    information related to the public functions entrusted to Irico by the Chinese government,

4    including the provision of primary and secondary public schools, the local police department, a

5    hospital, public transportation, and public recreational facilities (*see* Irico Group Corp.'s Mot. to

6    Dismiss for Lack of Subject Matter Jur. at 5, ECF No. 5312), and other non-CRT business

7    interests. Irico and Plaintiffs have been meeting and conferring throughout the discovery period

8    regarding these documents regarding the burden of production outweighing the benefits of

9    producing all of these materials, including for Plaintiffs as said production would require

10   Plaintiffs to review and analyze a large volume of non-responsive information. As discussed

11   above, the Parties have agreed on the scope of production of these materials.

12   **ISSUE NO. 11**

13   Irico is directed to describe its "internal practices" for the maintenance of "material related

14   to operational documents, administrative documents, technical records and communications with

15   agencies of the PRC government and Chinese Communist Party."

16   **RESPONSE TO ISSUE NO. 11**

17   As discussed in more detail below and previously described in its initial response to

18   Interrogatory No. 2, Irico preserves documents within its corporate archives related to four main

19   categories: operational documents, administrative documents, technical records and

20   communications with agencies of the PRC government and Chinese Communist Party.

21   Documents preserved in these categories apply not only to the portion of Irico's business

22   concerning production and sales of CRTs, but also those related to the public functions entrusted

23   to Irico by the Chinese government, including the provision of primary and secondary public

24   schools, the local police department, a hospital, public transportation, and public recreational

25   facilities (*see* Irico Group Corp.'s Mot. to Dismiss for Lack of Subject Matter Jur. at 5, ECF No.

26   5312), and also other non-CRT business interests. Once a document is passed to the archives

27   department of Irico, a member of the archives team enters the document into the archives. The

28   documents are physically placed into bound-books, or into folders within bound books, and the

1  books are stored in the archives department at Irico's headquarters. Once placed in the archives,

2  the documents may not be damaged or destroyed without specific authorization.

3      Within each of the four categories described above, Irico maintains the following types of

4  documents in its corporate archives:

5      • Operational documents:

6          ○ Documents related to business decisions, including:

7              ▪ Strategic planning and long-term forecasting.

8              ▪ Development plans.

9              ▪ Work plans.

10             ▪ Changes in management.

11             ▪ Communications to or from government agencies regarding the

12                 above topics.

13         ○ Documents related to accounting and finance, including:

14             ▪ Financial reports.

15             ▪ Financial planning.

16             ▪ Audited financial statements.

17             ▪ Loan applications.

18             ▪ Accounting policies.

19             ▪ Transfers of financial interests in other companies.

20             ▪ Communications to or from government agencies regarding any of

21                 the above topics.

22         ○ Annual production and sales reports from 1995 to 2004.

23         ○ Status reports for procurement of raw materials.

24         ○ Communications to or from governmental entities regarding enterprise

25             decisions.

26         ○ Adjustments to corporate form, including subsidiaries.

27     • Administrative documents:

28         ○ Documents related to administrative matters, including:

1                       ▪   Year-end summaries of work completed in the prior year.

2                       ▪   Work plans for the coming year.

3                       ▪   Award notices.

4                       ▪   The minutes of annual administrative meetings and board of

5                           directors' meetings.

6                       ▪   Requests for approval of corporate development initiatives, changes

7                           to corporate form, and capital expenditures.

8                       ▪   Decisions on requests for approval of corporate development

9                           initiatives, changes to corporate form, and capital expenditures by

10                         governmental entities, including the State-owned Assets

11                         Supervision and Administrative Commission of the State Council

12                         (SASAC), and the Shaanxi provincial government.

13              ○   Documents related to HR matters, including:

14                       ▪   Notices of the appointment to, or removal from, positions issued by

15                           various departments within the Chinese government including the

16                         Department of Personnel and Education, the Ministry of

17                           Information and Industry, the Economy and Trade Commission.

18                       ▪   Notices of the appointment to, or removal from, positions issued by

19                         Shaanxi provincial authorities.

20                       ▪   Notices of the appointment to, or removal from, positions issued by

21                         the government of the city of Xianyang.

22                       ▪   Notices of the appointment to, or removal from, positions issued by

23                         Irico.

24                       ▪   Policies issued by Irico and its subdivisions regarding HR matters.

25              ○   Documents related to Irico's provision of educational facilities.

26              ○   Documents related to environmental issues.

27         •   Technical records:

28             ○   Quality management.

1        o   Labor-related matters.

2        o   Energy-related matters.

3        o   Production security.

4        o   Technology.

5        o   Environmental protection.

6        o   Metering work.

7        o   Standardization.

8        o   File information.

9      •   Chinese Communist Party-related matters:

10       o   Meeting minutes and plans of the Party.

11       o   Administrative matters.

12       o   Public relations matters.

13       o   Discipline and inspection matters.

14       o   Labor union matters.

15       o   Communist Youth League matters.

16       o   Association matters.

17 **<u>INTERROGATORY NO. 4</u>**

18     State when and how You first learned of potential anticompetitive conduct concerning the

19 pricing of Cathode Ray Tubes.

20 **<u>RESPONSE TO INTERROGATORY NO. 4</u>**

21     Irico reasserts and incorporates each of the General Objections and Objections to the

22 Definitions and Instructions set forth above. Irico further objects to the undefined terms

23 "potential," "concerning" and "pricing" as they render the interrogatory vague and ambiguous.

24 Irico also objects to the undefined term "anticompetitive conduct" on the grounds that it calls for

25 a legal conclusion and is otherwise vague, ambiguous, and overbroad.

26     Subject to and without waiving the objections stated above, Irico responds that it first

27 learned of the allegations in Plaintiff's Complaint on December 25, 2007, when it received a

28 summons from the United States District Court for the Northern District of California in the matter

1  *Figone v. L.G. Electronics, Inc.*, 07-cv-6381.

2  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4**

3      Pursuant to the Special Master's December 22, 2021 Order Re DPPs' Motion to Compel

4  Interrogatory Further Answers, ECF No. 5978, the Court has ordered Irico to respond to the

5  following request:

6          State when Irico had reason to believe that manufacturers or

7          distributors of CRT had at any time after 1997 communicated with

8          one another about prices or output of CRT and how Irico came to

9          this belief.

10      Subject to and without waiving any of the objections as stated in its original response,

11 Irico is not aware of any evidence or testimony that Irico learned of competitor communmications

12 discussing prices or output of CRTs prior to August 1998. Irico further responds that one of its

13 employees may have learned of competitor communications regarding pricing of CRTs in early-

14 August 1998.  The documents of an alleged co-conspirator, Chunghwa Picture Tubes, indicate

15 that Irico was invited to participate in a meeting with other manufacturers of CDTs on August 5,

16 1998 in Shenzhen, People's Republic of China. Irico has not been able to determine its

17 employees' actual knowledge or understanding of the communications at that meeting, or the

18 extent to which they may have involved communications about prices or output of CRTs, because

19 the Irico employee who was alleged to have attended the August 5 meeting (again, based on a

20 document produced by Chunghwa Picture Tubes), Wang Zhaojie does not remember attending

21 the meeting or any details of the meeting. All other known employees of the Sales Company from

22 that time period are no longer employed by, and no longer available to, Irico.

23

24

25 Dated:  January 21, 2022                    BAKER BOTTS L.L.P.

26

27                                            */s/ John M. Taladay*
   _____

28                                            John M. Taladay (*pro hac vice*)
                                             Evan J. Werbel (*pro hac vice*)

Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
        tom.carter@bakerbotts.com
        drew.lucarelli@bakerbotts.com

Jonathan Shapiro (State Bar No. 257199)
101 California Street, Suite 3600
San Francisco, California 94111
(415) 291-6200
(415) 291-6300 (fax)
Email: jonathan.shapiro@bakerbotts.com

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

1

**CERTIFICATE OF SERVICE**

2

**In re: Cathode Ray Tube (CRT) Antitrust Litigation - MDL No. 1917**

3

  I declare that I am employed in Washington, District of Columbia.  I am over the age of

4

eighteen years and not a party to the within case; my business address is:  Baker Botts L.L.P., 700

5

K Street, N.W., Washington, D.C. 20001.

6

  On January 21, 2022, I served the following document(s) described as:

7

**IRICO DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND**
**RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'**

8

**THIRD SET OF INTERROGATORIES TO IRICO GROUP**
**CORPORATION AND IRICO DISPLAY DEVICES CO., LTD.**

9

on the following interested parties in this action:

10

11

R. Alexander Saveri (rick@saveri.com)   Mario N. Alioto (malioto@tatp.com)
Geoffrey C. Rushing (grushing@saveri.com) Lauren C. Capurro (laurenrussell@tatp.com)

12

Matthew D. Heaphy (mheaphy@saveri.com) TRUMP ALIOTO TRUMP & PRESCOTT LLP
SAVERI & SAVERI, INC.       2280 Union Street

13

706 Sansome St # 200        San Francisco, CA 94123
San Francisco, CA 94111

14

*Lead Counsel for the Direct Purchaser*

15

*Plaintiffs*            *Lead Counsel for the Indirect Purchaser*
              *Plaintiffs*

16

17

              Dan Birkhaeuser
              (dbirkhaeuser@bramsonplutzik.com)

18

              BRAMSON, PLUTZIK, MAHLER &
              BIRKHAEUSER, LLP

19

              2125 Oak Grove Rd, Suite 125
              Walnut Creek, CA 94598

20

              *Counsel for the Indirect Purchaser*

21

              *Plaintiffs*

22

[X]  (BY ELECTRONIC MAIL) I caused such documents to be sent to the persons at the email
    addressed listed above.  I did not receive, within a reasonable time after the transmission,

23

    any electronic message or other indication that the transmission was unsuccessful.

24

  I declare under penalty of perjury that the foregoing is true and correct.  Executed on

25

January 21, 2022, in Rockville, Maryland.

26

27

          */s/  Andrew L. Lucarelli*

28

            Andrew L. Lucarelli

# EXHIBIT C

| From: | Werbel, Evan |
|---|---|
| To: | Jay Weil |
| Cc: | Taladay, John; Carter, Tom; Lucarelli, Drew; Yang, Kaylee; Mario Alioto; Dan Birkhaeuser; Alan Plutzik; rick@saveri.com; geoff@saveri.com; Matthew Heaphy; Lauren Russell |
| Subject: | RE: Judge Walker request litigation schedule - RE: In re Cathode Ray Tube (CRT) Antitrust Litig., MDL No. 1917, 07-cv-5944-JST/Plaintiffs" Motion to Compel Irico to Produce Litigation Hold Communications |
| Date: | Tuesday, April 26, 2022 5:36:24 PM |
| Attachments: | image006.png |
| | 2021.04.20 [5925] Scheduling Order & Referral to MJ for Settlement re DEF Irico.pdf |
| | 2022.01.10 [5980] Order Granting JOINT Stipulation re Discovery Schedule for DPP & DEF Irico.pdf |
| | 2022.03.21 [5999] Order Granting JOINT Stipulation re Discovery Schedule for DPP & DEF Irico.pdf |

Dear Mr. Weil:

Pursuant to Judge Walker's request, the Parties have conferred and below is a copy of the current litigation schedule.  The original schedule has been modified during the course of discovery so we are including copies of the relevant Orders and a summary of the existing schedule below.  Judge Tigar has not yet set a schedule for the DPP matter beyond class certification (which is now fully briefed and awaiting a decision from Judge Tigar) and fact discovery.  Dates relevant to both IPPs and DPPs are highlighted in yellow below, and all other dates apply only to the IPP matter. The original litigation schedule is laid out in Judge Tigar's Apr. 20, 2021 schedule (ECF No. 5925), with modifications by two stipulations signed by Judge Tigar on Jan. 10, 2022 (ECF No. 5980) and Mar. 21, 2022 (ECF No. 5999).  Here is the current schedule:

- April 27, 2022: Expert rebuttal – IPP matter (ECF 5980)
- May 6, 2022: Deadline for Irico to serve list of proposed dispositive motions – IPP matter (ECF 5925)
- May 18, 2022: Joint case management statement informing Judge Tigar of results of parties' meet and confer concerning dispositive motions – IPP matter (ECF 5925)
- May 23, 2022: Further case management conference to discuss dispositive motions and other pretrial scheduling issues, if any – IPP matter (ECF 5925)
- May 23, 2022: Expert discovery cut-off  - IPP matter (ECF 5980)
- May 31, 2022: Completion of depositions of Messrs. Wang, Su, and Yan (ECF 5999)
- June 27, 2022: *Daubert* and dispositive motions due – IPP matter (ECF 5925)
- July 25, 2022: *Daubert* and dispositive motion oppositions due – IPP matter (ECF 5925)
- August 1, 2022: Close of fact discovery for Plaintiffs (ECF 5999)
- August 8, 2022: *Daubert* and dispositive motion replies due – IPP matter (ECF 5925)
- September 12, 2022: Hearings on *Daubert* and dispositive motions – IPP matter (ECF 5925)
- November 10, 2022: Motions in limine due – IPP matter (ECF 5925)
- November 30, 2022: Oppositions to motions in limine due – IPP matter (ECF 5925)
- December 15, 2022: Hearings on motions in limine – IPP matter (ECF 5925)
- January 6, 2023: Pretrial conference statement due – IPP matter (ECF 5925)
- January 13, 2023: Pretrial conference – IPP matter (ECF 5925)
- January 30, 2023: Trial – IPP matter (ECF 5925).

The parties have met and conferred on the scheduling of the depositions discussed in the May 31, 2022 bullet above. Irico expects to begin producing one witness per week by video from Macao in mid to late May, pending the approval of visa applications. Yan Yunlong is expected to be produced last, likely around the second week of June. This timing will hopefully enable the resolution of Plaintiffs' April 15 motion to compel after Judge Walker returns from vacation and prior to Mr. Yan's deposition to which the motion is relevant.

Thank you.

**Evan J. Werbel**
Baker Botts L.L.P.
evan.werbel@bakerbotts.com
T - 202.639.1323
M - 202.744.0819

700 K Street, NW
Washington, DC  20001
USA

---

**From:** Jay Weil <jay.weil@fedarb.com>
**Sent:** Monday, April 25, 2022 4:20 PM
**To:** Werbel, Evan <evan.werbel@bakerbotts.com>; Lauren Russell <LaurenRussell@tatp.com>
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>; Mario Alioto <MAlioto@tatp.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; rick@saveri.com; geoff@saveri.com; Matthew Heaphy <mheaphy@saveri.com>
**Subject:** RE: Judge Walker request litigation schedule - RE: In re Cathode Ray Tube (CRT) Antitrust Litig., MDL No. 1917, 07-cv-5944-JST/Plaintiffs' Motion to Compel Irico to Produce Litigation Hold Communications

[EXTERNAL EMAIL]

Mr. Werbel,

Thank you,

**Jay Weil**
**Federal Arbitration, Inc.**
Jay.weil@fedarb.com
Direct: 650.400.9883



www.FedArb.com

---

**From:** Werbel, Evan <evan.werbel@bakerbotts.com>
**Sent:** Monday, April 25, 2022 1:10 PM
**To:** Jay Weil <jay.weil@fedarb.com>; Lauren Russell <LaurenRussell@tatp.com>
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>; Mario Alioto <MAlioto@tatp.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; rick@saveri.com; geoff@saveri.com; Matthew Heaphy <mheaphy@saveri.com>
**Subject:** RE: Judge Walker request litigation schedule - RE: In re Cathode Ray Tube (CRT) Antitrust

Litig., MDL No. 1917, 07-cv-5944-JST/Plaintiffs' Motion to Compel Irico to Produce Litigation Hold Communications

Thanks Mr. Weil.  We will confer with Plaintiffs and provide the current litigation schedule to Judge Walker.

**Evan J. Werbel**
Baker Botts L.L.P.
evan.werbel@bakerbotts.com
T - 202.639.1323
M - 202.744.0819

700 K Street, NW
Washington, DC  20001
USA

---

**From:** Jay Weil <jay.weil@fedarb.com>
**Sent:** Monday, April 25, 2022 1:21 PM
**To:** Werbel, Evan <evan.werbel@bakerbotts.com>; Lauren Russell <LaurenRussell@tatp.com>
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>; Mario Alioto <MAlioto@tatp.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; rick@saveri.com; geoff@saveri.com; Matthew Heaphy <mheaphy@saveri.com>
**Subject:** Judge Walker request litigation schedule - RE: In re Cathode Ray Tube (CRT) Antitrust Litig., MDL No. 1917, 07-cv-5944-JST/Plaintiffs' Motion to Compel Irico to Produce Litigation Hold Communications

[EXTERNAL EMAIL]

Dear Counsel,

Judge Walker would like the litigation schedule.

Best regards,

**Jay Weil**
**Federal Arbitration, Inc.**
Jay.weil@fedarb.com
Direct: 650.400.9883



www.FedArb.com

**From:** Jay Weil <jay.weil@fedarb.com>
**Sent:** Friday, April 22, 2022 1:55 PM
**To:** Werbel, Evan <evan.werbel@bakerbotts.com>; Lauren Russell <LaurenRussell@tatp.com>;
vrw@judgewalker.com
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@bakerbotts.com>;
Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>;
Mario Alioto <MAlioto@tatp.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan
Plutzik <aplutzik@bramsonplutzik.com>; rick@saveri.com; geoff@saveri.com; Matthew Heaphy
<mheaphy@saveri.com>
**Subject:** Briefing schedule - RE: In re Cathode Ray Tube (CRT) Antitrust Litig., MDL No. 1917, 07-cv-
5944-JST/Plaintiffs' Motion to Compel Irico to Produce Litigation Hold Communications

Dear Counsel,

I discussed your briefing schedule with Judge Walker. He is leaving on vacation on May 10 and he will
be back at the end of May. He said that if you would like to extend the date for the Opposition Brief
and the Reply brief it's fine as long as he receives the briefs by May 31, 2022.

Please let me know.

Best regards,

**Jay Weil**
**Federal Arbitration, Inc.**
Jay.weil@fedarb.com
Direct: 650.400.9883



www.FedArb.com

**From:** Jay Weil <jay.weil@fedarb.com>
**Sent:** Wednesday, April 20, 2022 3:53 PM
**To:** Werbel, Evan <evan.werbel@bakerbotts.com>; Lauren Russell <LaurenRussell@tatp.com>;
vrw@judgewalker.com
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@bakerbotts.com>;
Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>;
Mario Alioto <MAlioto@tatp.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan
Plutzik <aplutzik@bramsonplutzik.com>; rick@saveri.com; geoff@saveri.com; Matthew Heaphy
<mheaphy@saveri.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litig., MDL No. 1917, 07-cv-5944-JST/Plaintiffs'
Motion to Compel Irico to Produce Litigation Hold Communications

Mr. Werbel,

Received, I will confirm with Judge Walker.

Best regards,

**Jay Weil**
**Federal Arbitration, Inc.**
Jay.weil@fedarb.com
Direct: 650.400.9883



www.FedArb.com

---

**From:** Werbel, Evan <evan.werbel@bakerbotts.com>
**Sent:** Wednesday, April 20, 2022 3:30 PM
**To:** Jay Weil <jay.weil@fedarb.com>; Lauren Russell <LaurenRussell@tatp.com>;
vrw@judgewalker.com
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>;
Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>;
Mario Alioto <MAlioto@tatp.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan
Plutzik <aplutzik@bramsonplutzik.com>; rick@saveri.com; geoff@saveri.com; Matthew Heaphy
<mheaphy@saveri.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litig., MDL No. 1917, 07-cv-5944-JST/Plaintiffs'
Motion to Compel Irico to Produce Litigation Hold Communications

Mr. Weil, We have conferred with Plaintiffs regarding the briefing schedule for Plaintiffs' Motion to
Compel Irico to Produce Litigation Hold Communications.  The parties have agreed that Irico will file
its Opposition Brief on May 2nd.  Plaintiffs would then have until May 9th to file a Reply.   Please
confirm for us that this agreement is accepted by Judge Walker.

Thanks,
Evan


**Evan J. Werbel**
Baker Botts L.L.P.
evan.werbel@bakerbotts.com
T - 202.639.1323
M - 202.744.0819

700 K Street, NW
Washington, DC  20001
USA

---

**From:** Jay Weil <jay.weil@fedarb.com>
**Sent:** Saturday, April 16, 2022 10:04 AM

**To:** Lauren Russell <LaurenRussell@tatp.com>; vrw@judgewalker.com
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Werbel, Evan <evan.werbel@bakerbotts.com>;
Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>;
Yang, Kaylee <kaylee.yang@bakerbotts.com>; Mario Alioto <MAlioto@tatp.com>; Dan Birkhaeuser
<dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>;
rick@saveri.com; geoff@saveri.com; Matthew Heaphy <mheaphy@saveri.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litig., MDL No. 1917, 07-cv-5944-JST/Plaintiffs'
Motion to Compel Irico to Produce Litigation Hold Communications

**[EXTERNAL EMAIL]**

Dear Lauren,

Received and logged.

Best regards,

**Jay Weil**
**Federal Arbitration, Inc.**
Jay.weil@fedarb.com
Direct: 650.400.9883



www.FedArb.com

---

**From:** Lauren Russell <LaurenRussell@TATP.com>
**Sent:** Friday, April 15, 2022 9:06 PM
**To:** vrw@judgewalker.com
**Cc:** Jay Weil (jay.weil@fedarb.com) (jay.weil@fedarb.com) <jay.weil@fedarb.com>; John Taladay
(john.taladay@bakerbotts.com) <john.taladay@bakerbotts.com>; 'Werbel, Evan'
<evan.werbel@bakerbotts.com>; 'Carter, Tom' <Tom.Carter@BakerBotts.com>; Lucarelli, Drew
<drew.lucarelli@bakerbotts.com>; 'Yang, Kaylee' <kaylee.yang@bakerbotts.com>; Mario Alioto
<MAlioto@TATP.com>; Dan Birkhaeuser (dbirkhaeuser@bramsonplutzik.com)
<dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>;
rick@saveri.com; geoff@saveri.com; Matthew Heaphy <mheaphy@saveri.com>
<mheaphy@saveri.com>
**Subject:** In re Cathode Ray Tube (CRT) Antitrust Litig., MDL No. 1917, 07-cv-5944-JST/Plaintiffs'
Motion to Compel Irico to Produce Litigation Hold Communications

Dear Judge Walker:

Attached please find for submission to Your Honor Plaintiffs' Motion to Compel the Irico Defendants
to Produce Documents Responsive to IPPs' Third Set of RFPs. The Declaration of Lauren C. Capurro in
support of the motion is accessible here: 2022-04-15 Decl. of Lauren C. Capurro ISO Motion to
Compel w Exs. A-J.pdf.

We would be happy to deliver a courtesy copy of this submission to Your Honor upon request.

Respectfully submitted,

Lauren Capurro

Lauren C. Capurro (Russell)
Attorney at Law
Trump, Alioto, Trump & Prescott, LLP
Telephone: (415) 860-5051
E-mail: laurenrussell@tatp.com

This message is sent by a law firm and may contain information that is privileged or confidential.  If you received this transmission in error, please notify the sender by email and delete the message and any attachments.

**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

# EXHIBIT D

**Matthew Heaphy**

| | |
|---|---|
| **From:** | Werbel, Evan <evan.werbel@bakerbotts.com> |
| **Sent:** | Tuesday, May 3, 2022 9:28 AM |
| **To:** | Lauren Russell; Rick Saveri |
| **Cc:** | Taladay, John; Carter, Tom; Lucarelli, Drew; Yang, Kaylee; Mario Alioto; Dan Birkhaeuser; Alan Plutzik; Geoff Rushing; Matthew Heaphy |
| **Subject:** | RE: Briefing schedule - RE: In re Cathode Ray Tube (CRT) Antitrust Litig., MDL No. 1917, 07-cv-5944-JST/Plaintiffs' Motion to Compel Irico to Produce Litigation Hold Communications |

Thanks Lauren.  Regarding the process for obtaining the visas for Macau, we believe that the Invitation Letters from Macau have now been released from the Covid quarantine that we discussed.   It is a holiday in China now so we hope to have an update tomorrow or Thursday on next steps and potential timing.

Thanks,
Evan

**Evan J. Werbel**
Baker Botts L.L.P.
evan.werbel@bakerbotts.com
T - 202.639.1323
M - 202.744.0819

700 K Street, NW
Washington, DC  20001
USA

---

**From:** Lauren Russell <LaurenRussell@TATP.com>
**Sent:** Monday, May 2, 2022 4:00 PM
**To:** Werbel, Evan <evan.werbel@bakerbotts.com>; rick@saveri.com
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; geoff@saveri.com; Matthew Heaphy <mheaphy@saveri.com>
**Subject:** RE: Briefing schedule - RE: In re Cathode Ray Tube (CRT) Antitrust Litig., MDL No. 1917, 07-cv-5944-JST/Plaintiffs' Motion to Compel Irico to Produce Litigation Hold Communications

[EXTERNAL EMAIL]

Evan,

Plaintiffs agree to the dates you proposed on our call last week – Irico's opposition brief will be due on May 9th and Plaintiffs' reply will be due on May 19th. Depositions will not start any earlier than the week of May 23rd. I will inform Jay Weil.

Do you have anything more to report on the status of the witnesses' visas? Have they been released from quarantine? Thanks.

Lauren

Lauren C. Capurro (Russell)
Attorney at Law
Trump, Alioto, Trump & Prescott, LLP
Telephone: (415) 860-5051
E-mail: laurenrussell@tatp.com

This message is sent by a law firm and may contain information that is privileged or confidential.  If you received this transmission in error, please notify the sender by email and delete the message and any attachments.

---

**From:** Werbel, Evan <evan.werbel@bakerbotts.com>
**Sent:** Wednesday, April 27, 2022 12:57 PM
**To:** Lauren Russell <LaurenRussell@TATP.com>; rick@saveri.com
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; geoff@saveri.com; Matthew Heaphy <mheaphy@saveri.com>
**Subject:** RE: Briefing schedule - RE: In re Cathode Ray Tube (CRT) Antitrust Litig., MDL No. 1917, 07-cv-5944-JST/Plaintiffs' Motion to Compel Irico to Produce Litigation Hold Communications

Lauren and Rick, Given Jay's email below confirming Judge Walker's agreement to extend the briefing on the motion to compel until May 31st and our submission yesterday, we suggest setting revised dates for submission of the remaining briefs.  We propose that Irico submit its opposition brief on May 13th and that Plaintiffs submit their reply on May 31st.  Please let us know as soon as possible if this schedule is acceptable to Plaintiffs.

Thanks,
Evan

**Evan J. Werbel**
Baker Botts L.L.P.
evan.werbel@bakerbotts.com
T - 202.639.1323
M - 202.744.0819

700 K Street, NW
Washington, DC  20001
USA

---

**From:** Jay Weil <jay.weil@fedarb.com>
**Sent:** Friday, April 22, 2022 4:55 PM
**To:** Werbel, Evan <evan.werbel@bakerbotts.com>; Lauren Russell <LaurenRussell@tatp.com>; vrw@judgewalker.com
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>; Mario Alioto <MAlioto@tatp.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; rick@saveri.com; geoff@saveri.com; Matthew Heaphy <mheaphy@saveri.com>
**Subject:** Briefing schedule - RE: In re Cathode Ray Tube (CRT) Antitrust Litig., MDL No. 1917, 07-cv-5944-JST/Plaintiffs' Motion to Compel Irico to Produce Litigation Hold Communications

[EXTERNAL EMAIL]

Dear Counsel,

I discussed your briefing schedule with Judge Walker. He is leaving on vacation on May 10 and he will be back at the end of May. He said that if you would like to extend the date for the Opposition Brief and the Reply brief it's fine as long as he receives the briefs by May 31, 2022.

Please let me know.

Best regards,

**Jay Weil**
**Federal Arbitration, Inc.**
Jay.weil@fedarb.com
Direct: 650.400.9883



www.FedArb.com

---

**From:** Jay Weil <jay.weil@fedarb.com>
**Sent:** Wednesday, April 20, 2022 3:53 PM
**To:** Werbel, Evan <evan.werbel@bakerbotts.com>; Lauren Russell <LaurenRussell@tatp.com>; vrw@judgewalker.com
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@bakerbotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>; Mario Alioto <MAlioto@tatp.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; rick@saveri.com; geoff@saveri.com; Matthew Heaphy <mheaphy@saveri.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litig., MDL No. 1917, 07-cv-5944-JST/Plaintiffs' Motion to Compel Irico to Produce Litigation Hold Communications

Mr. Werbel,

Received, I will confirm with Judge Walker.

Best regards,

**Jay Weil**
**Federal Arbitration, Inc.**
Jay.weil@fedarb.com
Direct: 650.400.9883



www.FedArb.com

---

**From:** Werbel, Evan <evan.werbel@bakerbotts.com>
**Sent:** Wednesday, April 20, 2022 3:30 PM
**To:** Jay Weil <jay.weil@fedarb.com>; Lauren Russell <LaurenRussell@tatp.com>; vrw@judgewalker.com
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>; Mario Alioto <MAlioto@tatp.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; rick@saveri.com; geoff@saveri.com; Matthew Heaphy <mheaphy@saveri.com>

**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litig., MDL No. 1917, 07-cv-5944-JST/Plaintiffs' Motion to Compel Irico to Produce Litigation Hold Communications

Mr. Weil, We have conferred with Plaintiffs regarding the briefing schedule for Plaintiffs' Motion to Compel Irico to Produce Litigation Hold Communications.  The parties have agreed that Irico will file its Opposition Brief on May 2nd.  Plaintiffs would then have until May 9th to file a Reply.   Please confirm for us that this agreement is accepted by Judge Walker.

Thanks,
Evan

**Evan J. Werbel**
Baker Botts L.L.P.
evan.werbel@bakerbotts.com
T - 202.639.1323
M - 202.744.0819

700 K Street, NW
Washington, DC  20001
USA

---

**From:** Jay Weil <jay.weil@fedarb.com>
**Sent:** Saturday, April 16, 2022 10:04 AM
**To:** Lauren Russell <LaurenRussell@tatp.com>; vrw@judgewalker.com
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Werbel, Evan <evan.werbel@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>; Mario Alioto <MAlioto@tatp.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; rick@saveri.com; geoff@saveri.com; Matthew Heaphy <mheaphy@saveri.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litig., MDL No. 1917, 07-cv-5944-JST/Plaintiffs' Motion to Compel Irico to Produce Litigation Hold Communications

[EXTERNAL EMAIL]

Dear Lauren,

Received and logged.

Best regards,

**Jay Weil**
**Federal Arbitration, Inc.**
Jay.weil@fedarb.com
Direct: 650.400.9883



www.FedArb.com

**From:** Lauren Russell <LaurenRussell@TATP.com>
**Sent:** Friday, April 15, 2022 9:06 PM
**To:** vrw@judgewalker.com
**Cc:** Jay Weil (jay.weil@fedarb.com) (jay.weil@fedarb.com) <jay.weil@fedarb.com>; John Taladay (john.taladay@bakerbotts.com) <john.taladay@bakerbotts.com>; 'Werbel, Evan' <evan.werbel@bakerbotts.com>; 'Carter, Tom' <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; 'Yang, Kaylee' <kaylee.yang@bakerbotts.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser (dbirkhaeuser@bramsonplutzik.com) <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; rick@saveri.com; geoff@saveri.com; Matthew Heaphy (mheaphy@saveri.com) <mheaphy@saveri.com>
**Subject:** In re Cathode Ray Tube (CRT) Antitrust Litig., MDL No. 1917, 07-cv-5944-JST/Plaintiffs' Motion to Compel Irico to Produce Litigation Hold Communications

Dear Judge Walker:

Attached please find for submission to Your Honor Plaintiffs' Motion to Compel the Irico Defendants to Produce Documents Responsive to IPPs' Third Set of RFPs. The Declaration of Lauren C. Capurro in support of the motion is accessible here: 📄 2022-04-15 Decl. of Lauren C. Capurro ISO Motion to Compel w Exs. A-J.pdf.

We would be happy to deliver a courtesy copy of this submission to Your Honor upon request.

Respectfully submitted,

Lauren Capurro

Lauren C. Capurro (Russell)
Attorney at Law
Trump, Alioto, Trump & Prescott, LLP
Telephone: (415) 860-5051
E-mail: laurenrussell@tatp.com

This message is sent by a law firm and may contain information that is privileged or confidential.  If you received this transmission in error, please notify the sender by email and delete the message and any attachments.

**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

# EXHIBIT E

| **From:** | Werbel, Evan |
|---|---|
| **To:** | Matthew Heaphy |
| **Cc:** | Taladay, John; Carter, Tom; Lucarelli, Drew; Yang, Kaylee; Rick Saveri; Geoff Rushing; Mario Alioto; Lauren Russell; Dan Birkhaeuser |
| **Subject:** | RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST |
| **Date:** | Friday, May 13, 2022 11:29:13 AM |

Matt,  We are still working on confirming the issues raised in your recent letter.  In terms of the Visas, the process is moving forward, but, at this point, it does not appear that we will be ready to start depositions in Macau on May 23rd.  We hope to have some additional movement early next week and have a better idea of timing at that time.  We will keep you posted and also respond to the other issues in your letter as soon as we can.

Thanks and have a good weekend,
Evan

**Evan J. Werbel**
Baker Botts L.L.P.
evan.werbel@bakerbotts.com
T - 202.639.1323
M - 202.744.0819

700 K Street, NW
Washington, DC  20001
USA

---

**From:** Werbel, Evan
**Sent:** Thursday, May 12, 2022 3:57 PM
**To:** Matthew Heaphy <mheaphy@saveri.com>
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Geoff Rushing <geoff@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Lauren Russell <LaurenRussell@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

Matt, We will get updates from our client on what the current status is in China for the Visa applications and get back to you on the issues in your letter.

Evan

**Evan J. Werbel**
Baker Botts L.L.P.
evan.werbel@bakerbotts.com
T - 202.639.1323
M - 202.744.0819

700 K Street, NW
Washington, DC  20001
USA

---

**From:** Matthew Heaphy <mheaphy@saveri.com>
**Sent:** Wednesday, May 11, 2022 9:49 PM
**To:** Werbel, Evan <evan.werbel@bakerbotts.com>
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Geoff Rushing <geoff@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Lauren Russell <LaurenRussell@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>
**Subject:** In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

**[EXTERNAL EMAIL]**

Evan:

Please see the attached correspondence.

Best,
Matt

Matthew Heaphy
Saveri & Saveri, Inc.
706 Sansome Street
San Francisco, CA 94111
mheaphy@saveri.com
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

# EXHIBIT F

## Matthew Heaphy

| | |
|---|---|
| **From:** | Werbel, Evan <evan.werbel@bakerbotts.com> |
| **Sent:** | Tuesday, May 24, 2022 3:43 PM |
| **To:** | Rick Saveri; Geoff Rushing; Matthew Heaphy; Mario Alioto; Lauren Russell; Dan Birkhaeuser |
| **Cc:** | Taladay, John; Carter, Tom; Lucarelli, Drew; Yang, Kaylee |
| **Subject:** | In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST |

All, I wanted to give you another update on the Visa applications for the Macau depositions.  After some additional hiccups with the need for original documentation and other document problems, Irico believes that all issues with the Visas have been resolved and they hope the process will move forward smoothly at this point.  Assuming that the Visas are granted early next week, we hope to be able to start the depositions the week of June 6th.  If they are granted later in the week, we might need to push until the week of June 13th.  We will keep you informed on the process as we receive additional information.  Also, we believe that most of the technical issues can be handled as proposed in the draft deposition protocol.  We are still waiting for some additional information from our client and to confirm how and when the test of the systems can be conducted.  We should have more information by the end of the week.

Thanks,
Evan

**Evan J. Werbel**
Baker Botts L.L.P.
evan.werbel@bakerbotts.com
T - 202.639.1323
M - 202.744.0819

700 K Street, NW
Washington, DC  20001
USA

**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

# EXHIBIT G

| | |
|---|---|
| **From:** | Werbel, Evan |
| **To:** | Matthew Heaphy |
| **Cc:** | Taladay, John; Carter, Tom; Lucarelli, Drew; Yang, Kaylee; Dan Birkhaeuser; Rick Saveri; Geoff Rushing; Mario Alioto; Lauren Russell; Bob Gralewski |
| **Subject:** | RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST |
| **Date:** | Wednesday, June 22, 2022 10:02:55 AM |

Matt, Please see responses to your questions on Mr. Su's resignation below in Red.

Thanks,
Evan

**Evan J. Werbel**
Baker Botts L.L.P.
evan.werbel@bakerbotts.com
T - 202.639.1323
M - 202.744.0819

700 K Street, NW
Washington, DC  20001
USA

---

**From:** Matthew Heaphy <mheaphy@saveri.com>
**Sent:** Thursday, June 16, 2022 7:57 PM
**To:** Werbel, Evan <evan.werbel@bakerbotts.com>
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Rick Saveri <rick@saveri.com>; Geoff Rushing <geoff@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Lauren Russell <LaurenRussell@TATP.com>; Bob Gralewski <BGralewski@kmllp.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

[EXTERNAL EMAIL]

Evan:

Thank you for the additional information. Following up on your email and the questions Geoff posed during the meet and confer earlier this week, please provide the following additional information:

- When did Irico learn of Mr. Su's intention to resign? We understand that Mr. Su expressed reservations about quarantine obligations that would accompany traveling to Macau in April and May, but he continued to cooperate in the Visa application process during this time.  To our knowledge, Irico headquarters did not learn of Mr. Su's formal resignation until the week following his May 25th resignation letter.
- Please provide the reasons for Mr. Su's resignation. Did his expected travel to Macau for deposition influence into his decision to resign? Did he resign to avoid sitting for deposition? While we can't speak for Mr. Su, we understand that he indicated that he did not want to

<span style="color:red">travel to Macau given the severe quarantine requirements that he would face upon his return to the Mainland and his ongoing care of his elderly mother.  Mr. Su did not state that he refused to give a deposition, to our knowledge, but rather had agreed to sit for a deposition in China, if possible, or in Hong Kong or Macau if that could be done safely and without the extensive quarantine upon his return.</span>

- Has Mr. Su resigned from all Irico-affiliated companies?  <span style="color:red">Yes</span>
- Is Mr. Su currently classified within the Job Transfer and Settlement Group at IGE/Irico New Energy, the Office for Managing Retirees and Former Employees at CNEIECC, or any other Irico-related entity? Please also explain the status of these units within Irico, as requested in Geoff's May 19 letter and during our June 14 meet and confer call.  <span style="color:red">No.  Mr. Su is not classified as connected to either of these groups since he resigned from Irico.  Additional details of these groups is forthcoming as discussed during our recent meet and confer.</span>

Thank you.

Best,
Matt

---

**From:** Werbel, Evan <evan.werbel@bakerbotts.com>
**Sent:** Wednesday, June 15, 2022 2:22 PM
**To:** Matthew Heaphy <mheaphy@saveri.com>
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Rick Saveri <rick@saveri.com>; Geoff Rushing <geoff@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Lauren Russell <LaurenRussell@TATP.com>; Bob Gralewski <BGralewski@kmllp.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

Matt, Please see information in <span style="color:red">Red</span> below regarding Mr. Su.

Thanks,
Evan

**Evan J. Werbel**
<span style="color:red">Baker Botts L.L.P.</span>
evan.werbel@bakerbotts.com
T - 202.639.1323
M - 202.744.0819

700 K Street, NW
Washington, DC  20001
USA

---

**From:** Matthew Heaphy <mheaphy@saveri.com>
**Sent:** Wednesday, June 8, 2022 11:07 PM

**To:** Werbel, Evan <evan.werbel@bakerbotts.com>
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Rick Saveri <rick@saveri.com>; Geoff Rushing <geoff@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Lauren Russell <LaurenRussell@TATP.com>; Bob Gralewski <BGralewski@kmllp.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

**[EXTERNAL EMAIL]**

Evan:

Thank you for your email.

First, we need depositions dates from you immediately. Please provide them by close of business tomorrow, with the mutual understanding that those dates may need to move if the visa applications are not granted this week.

Next, with respect to Mr. Su, kindly let us know by close of business tomorrow:

- The date he resigned; May 25, 2022
- The circumstances surrounding his resignation; Mr. Su decided to end his employment with Irico
- His current employer, business address, and home address; Irico is not aware of Mr. Su's current employer or business address.  Irico believes that Mr. Su's current home address is 10F-8-4 Xianyang Guo Rui Cui Hu, Xianyang City District, Shaanxi Province, China, Postal code 712021
- Whether, to your knowledge, he is represented by counsel.  Irico is not aware of whether Mr. Su has retained counsel.

Thank you.

Best,
Matt

---

**From:** Werbel, Evan <evan.werbel@bakerbotts.com>
**Sent:** Tuesday, June 7, 2022 3:55 PM
**To:** Matthew Heaphy <mheaphy@saveri.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Rick Saveri <rick@saveri.com>; Geoff Rushing <geoff@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Lauren Russell <LaurenRussell@TATP.com>
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

All, As of today, the visa applications have not been approved.  Irico believes that the visas may be granted tomorrow or later this week.  We will keep you posted on the application status as Irico can't finalize any plans for deposition dates until the visa applications have been granted.

We have also learned that Mr. Su has resigned from Irico.  He refused to agree to sit for a deposition in Macau given the severe, month-long COVID quarantine restrictions that he would face upon his return to China.  Given his resignation, Irico has no ability to require Mr. Su to travel to Macau for the deposition so we do not believe we can move forward with scheduling that deposition.

Best,
Evan

**Evan J. Werbel**
Baker Botts L.L.P.
evan.werbel@bakerbotts.com
T - 202.639.1323
M - 202.744.0819

700 K Street, NW
Washington, DC  20001
USA

---

**From:** Matthew Heaphy <mheaphy@saveri.com>
**Sent:** Tuesday, June 7, 2022 2:30 PM
**To:** Werbel, Evan <evan.werbel@bakerbotts.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Rick Saveri <rick@saveri.com>; Geoff Rushing <geoff@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Lauren Russell <LaurenRussell@TATP.com>
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

[EXTERNAL EMAIL]

Evan:

Could you please provide an estimate of the dates you will be able to provide each witness for their depositions? We need reasonable notice to make the necessary arrangements.

Thank you.

Best,
Matt

---

**From:** Werbel, Evan <evan.werbel@bakerbotts.com>

**Sent:** Monday, June 6, 2022 2:47 PM
**To:** Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Matthew Heaphy
<mheaphy@saveri.com>; Rick Saveri <rick@saveri.com>; Geoff Rushing <geoff@saveri.com>; Mario
Alioto <MAlioto@TATP.com>; Lauren Russell <LaurenRussell@TATP.com>
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>;
Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-
CV-5944-JST

Dan, Please see proposed edits to the remote deposition protocol.  Tried to clarify a few points on
who will be on camera and on use of documents.  Please let me know if you would like to discuss any
of these edits.  Also, I have not received an update on the visa applications, but we are trying to
obtain a status update.

Thanks,
Evan

**Evan J. Werbel**
Baker Botts L.L.P.
evan.werbel@bakerbotts.com
T - 202.639.1323
M - 202.744.0819

700 K Street, NW
Washington, DC  20001
USA

---

**From:** Werbel, Evan
**Sent:** Friday, June 3, 2022 6:12 PM
**To:** Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Matthew Heaphy
<mheaphy@saveri.com>; Rick Saveri <rick@saveri.com>; Geoff Rushing <geoff@saveri.com>; Mario
Alioto <MAlioto@TATP.com>; Lauren Russell <LaurenRussell@TATP.com>
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>;
Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-
CV-5944-JST

Dan, We are generally good with the protocol as drafted.  We are finalizing one technical issue with
the client now and will send you any edits on Monday.  We should be able to file the protocol on
Monday.  Also hope to have an update for you on Monday on the visas.

Have a good weekend,
Evan

**Evan J. Werbel**
Baker Botts L.L.P.

evan.werbel@bakerbotts.com
T - 202.639.1323
M - 202.744.0819

700 K Street, NW
Washington, DC  20001
USA

---

**From:** Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>
**Sent:** Thursday, June 2, 2022 6:12 PM
**To:** Werbel, Evan <evan.werbel@bakerbotts.com>; Matthew Heaphy <mheaphy@saveri.com>; Rick Saveri <rick@saveri.com>; Geoff Rushing <geoff@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Lauren Russell <LaurenRussell@TATP.com>
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

[EXTERNAL EMAIL]

Evan:

Does Irico have any comments on our draft deposition protocol, or may we finalize it for filing?

Thanks.


Daniel E. Birkhaeuser
Bramson, Plutzik, Mahler & Birkhaeuser, LLP
2125 Oak Grove Rd. Suite 125
Walnut Creek, CA  94598
(925) 945-0200
dbirkhaeuser@bramsonplutzik.com

---

**From:** Werbel, Evan <evan.werbel@bakerbotts.com>
**Sent:** Thursday, June 2, 2022 1:50 PM
**To:** Matthew Heaphy <mheaphy@saveri.com>; Rick Saveri <rick@saveri.com>; Geoff Rushing <geoff@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Lauren Russell <LaurenRussell@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>

**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

Matt, We are waiting on an update on the depositions and will get back to you when he hear.

Thanks,
Evan

**Evan J. Werbel**
Baker Botts L.L.P.
evan.werbel@bakerbotts.com
T - 202.639.1323
M - 202.744.0819

700 K Street, NW
Washington, DC  20001
USA

---

**From:** Matthew Heaphy <mheaphy@saveri.com>
**Sent:** Wednesday, June 1, 2022 6:10 PM
**To:** Werbel, Evan <evan.werbel@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Geoff Rushing <geoff@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Lauren Russell <LaurenRussell@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

[EXTERNAL EMAIL]
Evan:

Could you please provide an update on the depositions today? Please let us know when you propose providing them.

Thank you.

Best,
Matt

---

**From:** Werbel, Evan <evan.werbel@bakerbotts.com>
**Sent:** Tuesday, May 24, 2022 3:43 PM
**To:** Rick Saveri <rick@saveri.com>; Geoff Rushing <geoff@saveri.com>; Matthew Heaphy <mheaphy@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Lauren Russell <LaurenRussell@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>;

Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>

**Subject:** In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

All, I wanted to give you another update on the Visa applications for the Macau depositions.  After some additional hiccups with the need for original documentation and other document problems, Irico believes that all issues with the Visas have been resolved and they hope the process will move forward smoothly at this point.  Assuming that the Visas are granted early next week, we hope to be able to start the depositions the week of June 6th.   If they are granted later in the week, we might need to push until the week of June 13th.   We will keep you informed on the process as we receive additional information.  Also, we believe that most of the technical issues can be handled as proposed in the draft deposition protocol.  We are still waiting for some additional information from our client and to confirm how and when the test of the systems can be conducted.  We should have more information by the end of the week.


Thanks,
Evan


**Evan J. Werbel**
Baker Botts L.L.P.
evan.werbel@bakerbotts.com
T - 202.639.1323
M - 202.744.0819

700 K Street, NW
Washington, DC  20001
USA



**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

# EXHIBIT H

| | |
|---|---|
| **From:** | Lauren Russell |
| **To:** | Werbel, Evan; Dan Birkhaeuser; Rick Saveri |
| **Cc:** | Taladay, John; Lucarelli, Drew; Yang, Kaylee; Geoff Rushing; David Hwu; Mario Alioto; Carter, Tom; Bob Gralewski; Matthew Heaphy |
| **Subject:** | RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST |
| **Date:** | Thursday, June 30, 2022 8:44:00 AM |

Evan:

Our position is not "extreme." As we clearly stated during our call, we are prepared to consider *yet another* modest extension of the discovery schedule to accommodate the witnesses' concerns; just not the excessive six-month extension that Irico has proposed. In addition, any further stipulated extension would have to address Plaintiffs' very legitimate concern that the quarantine requirements may still not be to the liking of Messrs. Wang and Yan in six months, and that they may refuse to appear again. Thus, Plaintiffs would require that Irico agrees: (a) to a date-certain in the next couple of months by which the depositions would be taken; (b) that Wang and Yan could not testify at trial if they do not make themselves available by that date certain; and (c) that Irico may not move for summary judgment on issues about which Wang and Yan are knowledgeable unless and until they are deposed.

We explained to you how Irico's delays have already prejudiced Plaintiffs. We are confident that the Court will not permit Irico to continue to prejudice Plaintiffs by delaying this case indefinitely and with impunity. We will, of course, respond to your motion and reserve all rights to seek appropriate sanctions for Irico's failure to abide by the Order in place.

Best,

Lauren

Lauren C. Capurro (Russell)
Attorney at Law
Trump, Alioto, Trump & Prescott, LLP
Telephone: (415) 860-5051
E-mail: laurenrussell@tatp.com

This message is sent by a law firm and may contain information that is privileged or confidential.  If you received this transmission in error, please notify the sender by email and delete the message and any attachments.

**From:** Werbel, Evan <evan.werbel@bakerbotts.com>
**Sent:** Wednesday, June 29, 2022 6:11 PM
**To:** Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Rick Saveri <rick@saveri.com>; Lauren Russell <LaurenRussell@TATP.com>
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>; Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Carter,

Tom <Tom.Carter@BakerBotts.com>; Bob Gralewski <BGralewski@kmllp.com>; Matthew Heaphy <mheaphy@saveri.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

Lauren, Dan and Rick, We have considered Plaintiffs' position regarding Irico's proposed extension and, as discussed, Irico cannot agree to Plaintiffs' extreme conditions on any extension of depositions given the current pandemic situation in China.   We will file a motion tomorrow with the Court for relief from the scheduling order.

Best,
Evan

**Evan J. Werbel**
Baker Botts L.L.P.
evan.werbel@bakerbotts.com
T - 202.639.1323
M - 202.744.0819

700 K Street, NW
Washington, DC  20001
USA

---

**From:** Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>
**Sent:** Monday, June 27, 2022 8:13 PM
**To:** Werbel, Evan <evan.werbel@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>; Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Bob Gralewski <BGralewski@kmllp.com>; Matthew Heaphy <mheaphy@saveri.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

**[EXTERNAL EMAIL]**

Evan:

DPPs and IPPs can participate in a call at 9:00 Pacific on Wednesday.

Thanks.

Dan

---

**From:** Werbel, Evan <evan.werbel@bakerbotts.com>

**Sent:** Monday, June 27, 2022 3:02 PM
**To:** Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Lucarelli, Drew
<drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>; Geoff Rushing
<geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Carter,
Tom <Tom.Carter@BakerBotts.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Bob
Gralewski <BGralewski@kmllp.com>; Matthew Heaphy <mheaphy@saveri.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-
CV-5944-JST

Rick and Lauren, I wanted to follow up with you on the depositions and our June 22 letter.  Are
Plaintiffs available on Wednesday morning to meet and confer?  We are free at 9:00 a.m. pacific
(noon eastern) if that works for Plaintiffs.  Please let us know.

Thanks,
Evan

**Evan J. Werbel**
Baker Botts L.L.P.
evan.werbel@bakerbotts.com
T - 202.639.1323
M - 202.744.0819

700 K Street, NW
Washington, DC  20001
USA

---

**From:** Carter, Tom <Tom.Carter@BakerBotts.com>
**Sent:** Wednesday, June 22, 2022 12:18 PM
**To:** Matthew Heaphy <mheaphy@saveri.com>; Werbel, Evan <evan.werbel@bakerbotts.com>
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Lucarelli, Drew
<drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>; Rick Saveri
<rick@saveri.com>; Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario
Alioto <MAlioto@TATP.com>; Lauren Capurro <LaurenRussell@TATP.com>; Dan Birkhaeuser
<dbirkhaeuser@bramsonplutzik.com>; Bob Gralewski <BGralewski@kmllp.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-
CV-5944-JST

Counsel:

Please see the attached correspondence from Evan Werbel.

Best,
Tom Carter

---

**From:** Matthew Heaphy <mheaphy@saveri.com>
**Sent:** Saturday, June 18, 2022 12:44 PM

**To:** Werbel, Evan <evan.werbel@bakerbotts.com>
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; Yang, Kaylee <kaylee.yang@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Lauren Capurro <LaurenRussell@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Bob Gralewski <BGralewski@kmllp.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

[EXTERNAL EMAIL]

Evan:

Please find attached an updated version of the correspondence sent yesterday correcting several dates.

Best,
Matt

---

**From:** Matthew Heaphy
**Sent:** Friday, June 17, 2022 6:09 PM
**To:** Werbel, Evan <evan.werbel@bakerbotts.com>
**Cc:** Taladay, John <john.taladay@bakerbotts.com>; 'Carter, Tom' <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; 'Yang, Kaylee' <kaylee.yang@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Lauren Capurro <LaurenRussell@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Bob Gralewski <BGralewski@kmllp.com>
**Subject:** In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

Evan:

Please see the attached correspondence.

Best,
Matt

Matthew Heaphy
Saveri & Saveri, Inc.
706 Sansome Street
San Francisco, CA 94111
mheaphy@saveri.com
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

# EXHIBIT I



info@certifiedtranslate.com   2425 Olympic Blvd., Suite 4000W   usa  1-888-856-2228
www.certifiedtranslate.com   Santa Monica, CA 90404   int  +1-310-684-3153
fax  +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

|  |
| --- |
| **EMPLOYEE INFORMATION REGISTRATION FORM** |
| **SU XIAOHUA** |
| **IRI-CRT-00031561 through IRI-CRT-00031563** |
|  |

| Source Language: **CHINESE** | Target Language: **ENGLISH** |
| --- | --- |

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director          **Date:**   May 25, 2022

A copy of the translated version(s) is attached to this statement of certification.

Personnel Number: 100751

## Employee Information Registration Form

| Name | Su Xiaohua | | Gender | Male | Ethnicity | [Personal Information Redacted] | |
|---|---|---|---|---|---|---|---|
| Date of birth | [Personal Information Redacted] | | Native of | | [Personal Information Redacted] | | |
| Nationality | Chinese | Registered household location | Qindu District, Xianyang City, Shaanxi Province | | Political affiliation | [Personal Information Redacted] | |
| Joined Party on | [Personal Information Redacted] | | Began working on | | January 1, 1977 | | |
| ID # | [Personal Information Redacted] | | Health | Healthy or good | Marital status | [Personal Information Redacted] | |
| Contact address | 10F-8-4 Xianyang Guo Rui Cui Hu, Xianyang City District, Shaanxi Province, China | | | | Postal code | 712021 | |
| Phone | Landline: 33333488 | | | | Mobile: 13892987788 | | |
| Email | sxh@ch.com.cn | | | | | | |

| Main family members | Name | Date of birth | Relationship | Workplace | Emergency phone |
|---|---|---|---|---|---|
| | Zhao Rong | [Personal Information Redacted] | Spouse | Retired | 13892980608 |

| 1st higher-education degree | | | School and major | Northwest University of Political Science and Law. Major: law | |
|---|---|---|---|---|---|
| Highest degree | Master's degree candidate | | School and major | Central Party School of the Communist Party of China | |
| Current department and position | Irico Foshan Flat Panel Display Co., Ltd. General manager of combined management department | | | | |
| Part-time work | | | | | |
| Professional certificates | Senior Political Worker | | Date obtained | December 30, 2000 | |
| Computer skill level | | | Foreign language skill level | Languages: | |

IRI-CRT-00031561_FTE_TRANSLATION

Personnel Number: 100751

| Technical level obtained | | Type of work (at this technical level) | |
|---|---|---|---|
| Education | September 1, 1993 to July 1, 1995: Shaanxi Province Party Committee School. Undergraduate studies in economic management.<br><br>September 1, 2001 to July 1, 2003: Shaanxi Normal University. Undergraduate studies in political thought education.<br><br>June 2, 2004 to September 2, 2007: Central Party School of the Communist Party of China. Master's degree candidate in economics.<br><br>June 2, 1991: Northwest University of Political Science and Law. Technical college studies in law. | | |
| Work experience | June 26, 1981 to August 1, 1984: Irico Main CRT Plant. Security section. Economic civil police.<br><br>August 1, 1984 to September 2, 1991: Irico Main CRT Plant. Office and labor and capital section. Minutes secretary, administrative secretary, and clerk.<br><br>September 1, 1991 to April 1, 1993: Irico Group. Supervision department. Chief and special cases section chief.<br><br>April 1, 1993 to April 1, 2005: Irico Group. Human resources department. Personnel affairs office chief and assistant to department head.<br><br>April 1, 2005 to March 1, 2007: Irico Group. Sales company. Deputy general manager.<br><br>March 1, 2007 to August 1, 2013. Irico Group Electronics. Purchasing department. Deputy general manager and general manager.<br><br>August 30, 2013: Xianyang Rainbow Photovoltaic Technology Co., Ltd. Combined management department. Member of level-three unit management. Deputy general manager and legal representative.<br><br>June 1, 2017: Shaanxi Caihong Photoelectric Material General Merchandise Company. Member of level-three unit management. Legal representative.<br><br>June 1, 2017 to December 30, 2019: Xianyang Rainbow Photovoltaic Technology Co., Ltd. Combined management department. Member of level-three unit management. Deputy general manager and legal representative.<br><br>January 1, 2018 to December 30, 2019: Xianyang Rainbow Photovoltaic Technology Co., Ltd. Combined management department. Part-time position in level-three unit management. Deputy general manager.<br><br>December 31, 2019: Irico Foshan Flat Panel Display Co., Ltd. Combined management department. Full-time position in level-three unit management. General manager. | | |
| Recognitions and disciplinary actions | December 1, 1983: Main Plant. Security section. Advanced Worker of Section Office.<br><br>January 1, 1985: Irico Main Plant. Outstanding Communist Party Member. | | |

Personnel Number: 100751

| |
|---|
| 1991-01-01 Advanced Worker, Irico Main Plant |
| 1991-02-01 Outstanding Communist Party Member, Irico Main Plant |
| 1992-01-01 Advanced Worker, Irico Main Plant |
| 1993-01-01 Outstanding Communist Party Member, Irico Group |
| 1995-10-19 Outstanding Shaanxi Provincial Party School Student, Shaanxi Provincial Party Committee School |
| 1997-02-01 Advanced Worker, Irico Group |
| 2000-02-01 Advanced Worker, Irico Group |
| 2002-03-01 Advanced Worker, Irico Group |
| 2003-02-01 Advanced Worker, Irico Group |

人员编码： 100751

# 员 工 信 息 登 记 表

| 姓　名 | 苏晓华 | | 性　别 | 男 | 民族 | --- |  |
|---|---|---|---|---|---|---|---|
| 出生年月日 | Personal Information Redacted | | 籍　贯 | Personal Information Redacted | | | |
| 国　籍 | 中国 | 户口所在地 | 陕西省咸阳市秦都区 | 政治面貌 | Personal Information Redacted | | |
| 入党时间 | Personal Information Redacted | | 参加工作日期 | 1977-01-01 | | | |
| 身份证号码 | Personal Information Redacted | | 健康状况 | 健康或良好 | 婚　否 | Personal Information Redacted | |
| 联系地址 | 中国　陕西省　陕西省咸阳市　陕西省咸阳市市辖区　咸阳国润翠湖 10 号楼-8-4 | | | | 邮政编码 | 712021 | |
| 联系电话 | 固定电话：33333488 | | | 移动电话：13892987788 | | | |
| 电子邮箱 | sxh@ch.com.cn | | | | | | |

| 家庭主要成员 | 姓名 | 出生日期 | 与本人关系 | 工作单位 | 紧急联系电话 |
|---|---|---|---|---|---|
| | 赵荣 | Personal Information Redacted | 配偶 | 退休 | 13892980608 |

| 原始学历 | | 毕业院校及专业 | 西北政法学院　法律 |
|---|---|---|---|
| 最高学历 | 硕士研究生 | 毕业院校及专业 | 中央党校 |

| 目前所在单位部门及岗位 | 彩虹(佛山)平板显示有限公司　综合管理部　总经理 |
|---|---|

| 兼职情况 | |
|---|---|

| 专业技术资格 | 高级政工师 | 取得时间 | 2000-12-30 |
|---|---|---|---|
| 计算机水平 | | 外语水平 | 语种： |

CONFIDENTIAL

人员编码： 100751

| 取得的工人技术等级 | | 工种（与技术等级对应） | |
|---|---|---|---|
| 教育经历 | 1993-09-01 1995-07-01 陕西省委党校 经济管理 大学本科<br><br>2001-09-01 2003-07-01 陕西师范大学 思想政治教育 大学本科<br><br>2004-06-02 2007-09-02 中央党校 经济学 硕士研究生<br><br>1991-06-02 西北政法学院 法律 专科 | | |
| 工作经历 | 1981-06-26 1984-08-01 彩虹彩色显像管总厂 保卫科 经济民警<br><br>1984-08-01 1991-09-02 彩虹彩色显像管总厂 办公室、劳资科 纪要秘书、行政秘书、劳资员<br><br>1991-09-01 1993-04-01 彩虹集团 监察处 主任、专案组长<br><br>1993-04-01 2005-04-01 彩虹集团 人力资源部 人事室主任、部长助理<br><br>2005-04-01 2007-03-01 彩虹集团 销售公司 副总经理<br><br>2007-03-01 2013-08-01 彩虹电子采购部 副总经理、总经理<br><br>2013-08-30 咸阳彩虹光伏科技有限公司 综合管理部 三级级单位班子成员 副总经理、法定代表人<br><br>2017-06-01 陕西彩虹光电材料总公司 三级单位班子成员 法定代表人<br><br>2017-06-01 2019-12-30 咸阳彩虹光伏科技有限公司 综合管理部 三级单位班子成员 副总经理、法定代表人<br><br>2018-01-01 2019-12-30 咸阳彩虹光伏科技有限公司 综合管理部 三级级单位班子副职 副总经理<br><br>2019-12-31 彩虹(佛山)平板显示有限公司 综合管理部 三级级单位班子正职 总经理 | | |
| 奖惩情况 | 1983-12-01 总厂保卫科 科室先进生产者<br><br>1985-01-01 彩虹总厂 优秀共产党员 | | |

IRI-CRT-00031562

人员编码： 100751

1991-01-01 彩虹总厂 先进生产者

1991-02-01 彩虹总厂 优秀共产党员

1992-01-01 彩虹总厂 先进生产者

1993-01-01 彩虹集团 优秀共产党员

1995-10-19 陕西省委党校 陕西省党校优秀学员

1997-02-01 彩虹集团 先进工作者

2000-02-01 彩虹集团 先进工作者

2002-03-01 彩虹集团 先进工作者

2003-02-01 彩虹集团 先进工作者

CONFIDENTIAL

# EXHIBIT J

1  BAKER BOTTS L.L.P.
   John M. Taladay (*pro hac vice*)
2  Evan J. Werbel (*pro hac vice*)
   Thomas E. Carter (*pro hac vice*)
3  Andrew L. Lucarelli (*pro hac vice*)
   700 K Street, N.W.
4  Washington, D.C. 20001
   (202)-639-7700
5  (202)-639-7890 (fax)
   Email: john.taladay@bakerbotts.com
6         evan.werbel@bakerbotts.com
          tom.carter@bakerbotts.com
7         drew.lucarelli@bakerbotts.com

8  Jonathan Shapiro (State Bar No. 257199)
   101 California Street, Suite 3600
9  San Francisco, California 94111
   (415) 291-6200
10 (415) 291-6300 (fax)
   Email: jonathan.shapiro@bakerbotts.com
11

12 *Attorneys for Defendants*
   *IRICO GROUP CORP. and*
13 *IRICO DISPLAY DEVICES CO., LTD.*

14

15                  **UNITED STATES DISTRICT COURT**

16                 **NORTHERN DISTRICT OF CALIFORNIA**

17                        **OAKLAND DIVISION**

18

19 IN RE: CATHODE RAY TUBE (CRT)          Master File No. 4:07-cv-05944-JST
   ANTITRUST LITIGATION                   (N.D. Cal.)
20
                                          MDL No. 1917
21 This Document Relates to:
                                          **IRICO DEFENDANTS' SIXTH**
22 ALL DIRECT PURCHASER ACTIONS           **SUPPLEMENTAL OBJECTIONS AND**
                                          **RESPONSES TO DIRECT**
23                                         **PURCHASER PLAINTIFFS' FIRST**
                                          **SET OF INTERROGATORIES**
24

25 PROPOUNDING PARTY:      Direct Purchaser Plaintiffs

26 RESPONDING PARTIES:     Irico Group Corporation
                           Irico Display Devices Co., Ltd.
27
   SET NUMBER:             One
28

---

IRICO'S 6TH SUPPLEMENTAL OBJECTIONS          Master File No. 4:07-cv-05944-JST
AND RESPONSES TO DPP'S FIRST SET                              MDL No. 1917
INTERROGATORIES

1    Pursuant to Federal Rules of Civil Procedure 26 and 33, Irico Group Corporation and Irico

2    Display Devices Co, Ltd. (collectively, "Irico" or "Irico Defendants") hereby provides its sixth

3    supplemental responses to the Direct Purchaser Plaintiffs' ("Plaintiff") First Set of

4    Interrogatories, dated March 12, 2010 ("Interrogatories"). Irico reserves the right to amend or

5    supplement these Objections and Responses (the "Responses") to the extent allowed by the

6    Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the

7    United States District Court for the Northern District of California ("Local Rules"). Subject to

8    and without waiving any of Irico's General and Specific Objections as set forth below, Irico is

9    willing to meet and confer with Plaintiff regarding such General and Specific Objections.

10    The following Responses are made only for purposes of this case. The Responses are

11    subject to all objections as to relevance, materiality and admissibility, and to any and all

12    objections on any ground that would require exclusion of any response if it were introduced in

13    court. All evidentiary objections and grounds are expressly reserved.

14    These Responses are subject to the provisions of the Stipulated Protective Order issued by

15    the Court on June 18, 2008 ("Protective Order"). Irico's Responses are hereby designated

16    "Confidential" in accordance with the provisions of the Protective Order.

17    ## GENERAL OBJECTIONS

18    Irico makes the following General Objections to Plaintiff's Interrogatories:

19    1.    Irico's Responses are based upon information available to and located by Irico as

20    of the date of service of these Responses. In responding to Plaintiff's Interrogatories, Irico states

21    that it has conducted, or will conduct, a diligent search, reasonable in scope, of those files and

22    records in its possession, custody, or control believed to likely contain information responsive to

23    Plaintiff's Interrogatories.

24    2.    No express, incidental, or implied admissions are intended by these Responses and

25    should not be read or construed as such.

26    3.    Irico does not intend, and its Responses should not be construed as, an agreement

27    or acquiescence with any characterization of fact, assumption, or conclusion of law contained in

28    or implied by the Interrogatories.

4.      To the extent that Irico responds to Plaintiff's Interrogatories by stating that Irico will produce or make available for examination responsive information or documents, Irico does not represent that any such information or documents exist. Irico will make a good faith and reasonable attempt to ascertain whether information responsive to Plaintiff's Interrogatories exists and is properly producible, and will produce or make available for examination non-privileged responsive materials to the extent any are located during the course of a reasonable search.

5.      Irico objects to Plaintiff's Interrogatories to the extent that they are overly broad, unduly burdensome, oppressive, and duplicative to the extent that they seek information or documents that are already in the possession, custody, or control of Plaintiff.

6.      Irico objects to Plaintiff's Interrogatories to the extent that they seek to impose obligations on Irico beyond those of the Federal Rules of Civil Procedure, the Local Rules, or any Order of this Court.

7.      Irico objects to Plaintiff's Interrogatories to the extent they seek information that is not relevant or disproportionate to the needs of the case.

8.      Irico objects to Plaintiff's Interrogatories to the extent that they are vague, ambiguous, or susceptible to more than one interpretation. Irico shall attempt to construe such vague or ambiguous Interrogatories so as to provide for the production of responsive information that is proportionate to the needs of the case. If Plaintiff subsequently asserts an interpretation of any Interrogatory that differs from Irico's understanding, Irico reserves the right to supplement or amend its Responses.

9.      Irico objects to Plaintiff's Interrogatories to the extent that they contain terms that are insufficiently or imprecisely defined. Irico shall attempt to construe such vague or ambiguous Interrogatories so as to provide for the production of responsive information that is proportionate to the needs of the case.

10.     Irico objects to Plaintiff's Interrogatories to the extent that they seek information that is protected from disclosure by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, self-evaluative privilege, or any other applicable privilege or immunity. Irico will provide only information that it believes to be non-privileged and

otherwise properly discoverable. Nothing in Irico's responses is intended nor should be construed as a waiver of any such privilege or immunity. The inadvertent or mistaken provision of any information or responsive documents subject to any such doctrine, privilege, protection or immunity from production shall not constitute a general, inadvertent, implicit, subject-matter, separate, independent or other waiver of such doctrine, privilege, protection or immunity from production.

11.     Irico objects to Plaintiff's Interrogatories to the extent that they call for information that is not in the possession, custody, or control of Irico. Irico also objects to the extent that any of Plaintiff's Interrogatories seek information from non-parties or third parties, including but not limited to any of Irico's subsidiary or affiliated companies.

12.     Irico objects to Plaintiff's Interrogatories to the extent that responding would require Irico to violate the privacy and/or confidentiality of a third party or confidentiality agreement with a third party.

13.     Irico objects to Plaintiff's Interrogatories to the extent that they seek information that is publicly available, already in Plaintiffs' possession, custody, or control, or more readily available from other sources.

14.     Irico objects to Plaintiff's Interrogatories to the extent that they seek information or documents concerning transactions outside the United States. Such Interrogatories are unduly burdensome and irrelevant to this pending action as Plaintiffs' purported class definition is confined to "all persons . . . who directly purchased a Cathode Ray Tube Product . . . in the United States" (see Direct Purchaser Plaintiffs' Consolidated Amended Complaint dated March 16, 2009).

15.     Irico objects to Plaintiff's Interrogatories to the extent that compliance would require Irico to violate the laws, regulations, procedures, or orders of a judicial or regulatory body of foreign jurisdictions.

16.     Irico's responses, whether now or in the future, pursuant to Plaintiff's Interrogatories should not be construed as either (i) a waiver of any of Irico's general or specific

objections or (ii) an admission that such information or documents are either relevant or admissible as evidence.

17.     Irico objects to Plaintiff's Interrogatories to the extent that they are compound and/or contain discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1).

18.     Irico objects to Plaintiff's Interrogatories to the extent that they state and/or call for legal conclusions.

19.     Irico objects to the Interrogatories to the extent that they contain express or implied assumptions of fact or law with respect to the matters at issue in this case.

20.     Irico objects to the Interrogatories to the extent they seek information or documents that cannot be removed or transmitted outside China without violating the laws and regulations of that country, including but not limited to restrictions on the transmission of state secrets or trade secrets as those terms are defined under Chinese law.

21.     Irico reserves the right to assert additional General and Specific Objections as appropriate to supplement these Responses.

These General Objections apply to each Interrogatory as though restated in full in the responses thereto. The failure to mention any of the foregoing General Objections in the specific responses set forth below shall not be deemed as a waiver of such objections or limitations.

## GENERAL OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Irico objects to the definitions of "Defendant," "You," "Your," and "Yourself" (Definition Nos. 1 and 3) to the extent that Plaintiff defines those terms to include the Irico's "present or former employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, joint ventures or any other person acting on their behalf." This definition is overbroad, unduly burdensome, vague, and ambiguous. Irico also objects to the inclusion of all "present or former employees, officers, directors, agents . . . or any other person acting on [the] behalf [of]" Irico within this definition to the extent it purports to encompass information that is protected by attorney-client privilege, work product protection or any other applicable doctrine, privilege, protection or immunity or otherwise calls for a legal conclusion.

2.     Irico objects to the definition of "Document" (Definition No. 4) to the extent it

1   seeks to impose requirements that are beyond those imposed by the Federal Rules of Civil

2   Procedure, the Local Rules, or any other applicable laws.

3       3.    Irico objects to the definition of "Employee" (Definition No. 5) on the grounds

4   that it calls for a legal conclusion and is otherwise vague, ambiguous, and overly broad. Irico

5   further objects to this definition to the extent that it attempts to impose burdens on Irico beyond

6   those imposed by the Federal Rules of Civil Procedure. Irico further objects to this definition to

7   the extent that it seeks information protected by the attorney client or other applicable privilege,

8   attorney work product doctrine, or otherwise seeks to violate rights of privacy under U.S. or

9   foreign law.

10       4.    Irico objects to the definitions of "CRT" and "CRT Product" (Definition No. 6) on

11   the grounds that they are vague, ambiguous and overly broad. Irico further objects to the use of

12   the term "CRT Products" to the extent that it is inconsistent with the definition of "CRT

13   Products" as set forth in Plaintiff's pleadings.

14       5.    Irico objects to the definition of the "Relevant Time Period" (Definition No. 7) as

15   overbroad, unduly burdensome, and beyond the applicable statute of limitations.

16       6.    Irico objects to the definition of "Communication" (Definition No. 8) on the

17   grounds that it is vague, ambiguous, and overly broad. Irico further objects to this definition to the

18   extent that it attempts to impose burdens on Irico beyond those imposed by the Federal Rules of

19   Civil Procedure.

20       7.    Irico objects to the definition of "Meeting" (Definition No. 10) on the grounds that

21   the definition is overly broad, unduly burdensome, and seeks information that is neither relevant

22   nor proportionate to the needs of the case.

23       8.    Irico objects to Instruction No. 1 (related to identification of persons) to the extent

24   that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized

25   under the Federal Rules of Civil Procedure, including, without limiting the generality of the

26   foregoing, Rule 26(b)(5)(A) and Rule 26(e)(1). Irico further objects to this Instruction to the

27   extent that it purports to impose burdens or obligations broader than, inconsistent with, or not

28   authorized under, the Local Rules and any orders of the Court, and on the grounds that it is vague,

IRICO'S 6TH SUPPLEMENTAL OBJECTIONS     5     Master File No. 4:07-cv-05944-JST
AND RESPONSES TO DPP'S FIRST SET      MDL No. 1917
INTERROGATORIES

1  ambiguous, and inconsistent with common usage. Irico further objects to this Instruction to the

2  extent it seeks information that would disclose personal confidential information and/or violate

3  any and all rights of privacy under the United States Constitution or Article I of the Constitution

4  of the State of California, or any other applicable law or state constitution, or that is otherwise

5  prohibited from disclosure because to do so would cause Irico to violate legal and/or contractual

6  obligations to any other persons or entities.

7      9.      Irico objects to Instruction No. 2 (related to identification of an entity other than a

8  natural person) to the extent that it purports to impose burdens or obligations broader than,

9  inconsistent with, or not authorized under the Federal Rules of Civil Procedure or other applicable

10 rule or Order of this Court.

11      10.     Irico objects to Instruction No. 3 (related to the production of business records in

12 response to an interrogatory pursuant to Federal Rule of Civil Procedure 33(d)) on the grounds

13 that it is unduly burdensome and purports to impose burdens and obligations upon Irico beyond

14 those required by the Federal Rules of Civil Procedure or other applicable rule or Order of this

15 Court.

16                 **SPECIFIC RESPONSES TO INTERROGATORIES**

17 **INTERROGATORY NO. 1**

18      State the name, address, and relationship to You of each person who prepared or assisted

19 in the preparation of the responses to these interrogatories. (Do not identify anyone who simply

20 typed or reproduced the responses.)

21 **RESPONSE TO INTERROGATORY NO. 1**

22      Irico reasserts and incorporates each of the General Objections and Objections to the

23 Definitions and Instructions set forth above. Irico also objects to the extent that this request calls

24 for information and documents that are privileged under the attorney-client privilege and work

25 product doctrine.

26      Subject to and without waiving the objections stated above, Irico responds that the

27 following employees assisted in the preparation of these responses:

28      • Wenkai Zhang

1  Irico will supplement its response to this interrogatory with any additional individuals who assist

2  with preparation of supplemental responses.

3  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1**

4    Irico reasserts and incorporates each of the General Objections, Objections to the

5  Definitions and Instructions, and specific objections to Interrogatory No. 1 set forth above.

6    Subject to and without waiving the foregoing objections, Irico states as follows: Irico

7  responds that the following additional employees assisted in the preparation of these responses:

8    • Yan Yunlong

9  **INTERROGATORY NO. 3**

10    Identify each employee with pricing authority who attended any trade association during

11  the Relevant Time Period relating to CRT and/or CRT Products and state with respect to each

12  employee:

13    (a)    the trade association attended;

14    (b)    the dates of attendance;

15    (c)    any offices, chairs or committee positions held in each of the trade associations;

16  and

17    (d)    the dates which those offices, chairs or committee positions were held.

18  **RESPONSE TO INTERROGATORY NO. 3**

19    Irico reasserts and incorporates each of the General Objections and Objections to the

20  Definitions and Instructions set forth above.

21    Subject to and without waiving the objections stated above, Irico responds that it will

22  conduct a reasonable search for information responsive to this Interrogatory, if any, and

23  supplement its response as necessary.

24  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3**

25    Irico reasserts and incorporates each of the General Objections, Objections to the

26  Definitions and Instructions, and specific objections to Interrogatory No. 3 set forth above.

27    Subject to and without waiving the foregoing objections, Irico states as follows:  Irico has

28  been able to confirm the attendance of the specific individuals listed below at trade association

1   meetings during the Relevant Period.

2         Wang Zhaojie attended meetings of the China CPT Industry Association on the following

3   dates: November 6, 1998; April 2, 1999; December 9, 1999; April 6, 2000; and September 14,

4   2000.  Mr. Wang recalls attending other meetings of the China CPT Industry Association during

5   the Relevant Period but cannot recall any specific dates.  Wang Zhaojie did not hold any offices,

6   chairs or committee positions in the China CPT Industry Association.

7         Wang Ximin attended meetings of the China CPT Industry Association during the

8   Relevant Period but cannot recall any specific dates.  Wang Ximin did not hold any offices, chairs

9   or committee positions in the China CPT Industry Association.

10  **INTERROGATORY NO. 5**

11        Identify any meeting or communication between You and other producers of CRT and/or

12  CRT Products during the Relevant Time Period, including the named Defendants in this

13  coordinated proceeding, regarding CRT and/or CRT Product pricing, price increase

14  announcements, terms or conditions of sales, profit margins or market share, production levels,

15  inventory, customers, auctions, reverse auctions, dynamic bidding events, or sales, and for each

16  such meeting or communication:

17        (a)    provide the date and location of the meeting or communication;

18        (b)    identify the person(s) who initiated, called, organized, attended or participated in

19  the meeting or communication;

20        (c)    describe the subject matter discussed and any information you provided or

21  received;

22        (d)    describe every action taken by you as a result of the meeting or communication;

23  and

24        (e)    identify all persons with knowledge relating to the meeting or communication.

25  **RESPONSE TO INTERROGATORY NO. 5**

26        Irico reasserts and incorporates each of the General Objections and Objections to the

27  Definitions and Instructions set forth above.  Irico also objects that this interrogatory is

28  duplicative and cumulative of other requests served on Irico, including during jurisdictional

IRICO'S 6TH SUPPLEMENTAL OBJECTIONS     8     Master File No. 4:07-cv-05944-JST
AND RESPONSES TO DPP'S FIRST SET               MDL No. 1917
INTERROGATORIES

1    discovery.

2            Subject to and without waiving the objections stated above, Irico responds that it has

3    already provided information responsive to this interrogatory to Plaintiff in its responses to

4    jurisdictional discovery, including Irico's response to Request No. 10 of Direct Purchaser

5    Plaintiff Studio Spectrum, Inc's First Set of Requests for Production.  Irico will conduct a

6    reasonable search for additional information responsive to this interrogatory, if any, and

7    supplement its response as necessary.

8    **<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5</u>**

9            Irico reasserts and incorporates each of the General Objections, Objections to the

10   Definitions and Instructions, and specific objections to Interrogatory No. 5 set forth above. Irico

11   also objects to this interrogatory to the extent it purports to require Irico to respond beyond the

12   scope of the modification to Interrogatory No. 5 removing CRT Products from the scope of this

13   interrogatory, as stated in the February 5, 2021 letter from R. Alexander Saveri to John Taladay.

14           Subject to and without waiving the foregoing objections, Irico states as follows: Wang

15   Zhaojie identifies the following meetings or communications with other producers of CRTs:

16           •    November 6, 1998 meeting in Xi'an, People's Republic of China to discuss China

17                CDT market information attended by Wang Zhaojie.

18           •    April 2, 1999 meeting in Nanjing, People's Republic of China to discuss China

19                CDT market information attended by Wang Zhaojie.

20           •    April 6, 2000 meeting in Xiamen, People's Republic of China to discuss China

21                CDT market information attended by Wang Zhaojie.

22           •    A meeting taking place on an unknown date at a SEG Hitachi factory in Shenzhen,

23                People's Republic of China, attended by Wang Zhaojie.

24           Wang Zhaojie believes that he may have attended additional meetings with other

25   producers of CRTs between 1998-2000, but he cannot recall the specifics of those meetings.

26   Such meetings may have occurred in Beijing and Changsha, People's Republic of China.  Wang

27   Zhaojie did not attend any meetings outside of China.  Wang Zhaojie believes he met with one or

28   more representatives of the following Chinese CRT producers: Shenzhen or Tianjin Samsung

1  SDI, Shanghai Yongxin, Changsha LG, Fuzhou Chunghwa, Beijing Matsushita, Shenzhen SEG

2  Hitachi, and/or Dongguan Fudi.  He could not recall the specific entities that participated in each

3  individual meeting.  Wang Zhaojie could not recall the names of the individual(s) from the

4  various entities who attended each meeting, but believes the various attendees included Wong

5  Lian (Changsha LG), Yang Guojun (Shenzhen SEG Hitachi), Li Mingzhi (either Shenzhen or

6  Tianjin Samsung SDI), and/or J.S. Lu (Fuzhou Chunghwa).  The subject matter of these

7  communications and meetings involved information on Chinese CRT issues and market

8  conditions.  Irico believes these meetings were largely connected to the China CPT Industry

9  Association.

10        In addition, Su Xiaohua, then the Deputy General Manager for Planning in the Irico Sales

11  Company, recalls attending an event, with an unknown Irico employee, hosted by Skyworth, a

12  Chinese television manufacturer and customer of Irico, at which he interacted with other CRT

13  manufacturers.  This event was organized by Skyworth and involved companies from throughout

14  Skyworth's supply chain, not just CRT manufacturers.  Irico is not aware of any discussions with

15  other CRT manufacturers at this meeting regarding pricing, price increase announcements, terms

16  or conditions of sales, profit margins or market share, production levels, inventory, other

17  customers, auctions, reverse auctions, dynamic bidding events, or sales.

18        Irico continues to conduct a reasonable search for information responsive to Interrogatory

19  No. 5 as reflected in the March 31, 2021 Special Master's Order re DPPs' Motion to Compel

20  Responses to Interrogatory Nos. 4 & 5, ECF No. 5919. Irico will provide an additional

21  supplemental response by May 10, 2021.

22  **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**

23        Irico reasserts and incorporates each of the General Objections, Objections to the

24  Definitions and Instructions, and specific objections to Interrogatory No. 5 set forth above.

25        Subject to and without waiving the foregoing objections, Irico states as follows: Wang

26  Ximin believes that he attended no more than a few meetings with other producers of CRTs

27  during the relevant period but cannot recall the specifics of those meetings.  Such meetings may

28  have occurred in Xianyang or Dongguan, People's Republic of China.  Wang Ximin did not

1   attend any meetings outside of China.  Wang Ximin believes he met with one or more

2   representatives of the following Chinese CRT producers during these few meetings but cannot

3   recall specifically: Shenzhen Samsung SDI, Shanghai Yongxin, Changsha LG, Fuzhou

4   Chunghwa, Beijing Matsushita, Shenzhen SEG Hitachi, Nanjing LG Philips and/or Dongguan

5   Fudi. Wang Ximin could not recall the names of the individual(s) from the various entities who

6   attended each meeting or who attended each of the few meetings, but he believes the various

7   attendees would have included Yang Guojun (SEG Hitachi), Zhu Danlin (Shanghai Yongxin),

8   Fang Wenqiang (Beijing Matsushita), Qian Xiaolan (Dongguan Fudi), and/or Yang Xiangjie

9   (Fuzhou Chunghwa).  Wang Ximin also believes he may have spoken with some of these

10  representatives of other Chinese CRT producers by phone on a few occasions during the relevant

11  period but cannot recall the specifics of any such phone calls.  The subject matter of these

12  communications and meetings involved information on Chinese CRT issues and market

13  conditions.  Irico believes these meetings were largely connected to the China CPT Industry

14  Association.

15  **THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**

16      Irico reasserts and incorporates each of the General Objections, Objections to the

17  Definitions and Instructions, and specific objections to Interrogatory No. 5 set forth above.

18      Subject to and without waiving the foregoing objections, Irico states as follows: Irico

19  identifies the following additional meetings or communications with other producers of CRTs:

20      • December 9, 1999 meeting in Suzhou, People's Republic of China attended by

21          Wang Zhaojie.  Mr. Wang does not recall the content of the meeting but recalls

22          that Song Shizhen accompanied him on this trip.

23      • January 13, 2000 meeting in Xi'an, People's Republic of China.  Irico's records

24          indicate that Yao Jun incurred a fee related to a CDT industry meeting at the Hotel

25          Royal Xi'an on January 13, 2000.  Following a reasonable search for other

26          responsive information, Irico could not ascertain any details of this meeting.

27      • September 14, 2000 meeting in Changsha, People's Republic of China attended by

28          Wang Zhaojie.  Mr. Wang does not recall the content of the meeting but recalls

1    that it was organized by LG and also attended by Yang Zhen, a representative of

2    another CRT producer.

3        Irico also provides the following information based on its review of its travel

4    reimbursement records from the Relevant Period:

5        • Irico understands that Plaintiff alleges that a meeting between CRT producers took

6            place in Fuzhou, People's Republic of China on October 9, 1998.  Irico's records

7            indicate that Wei Jianshe traveled to Fuzhou on or around this date.  Following a

8            reasonable search for other responsive information, Irico could not confirm that

9            Mr. Wei met with competitors during this trip, nor could it confirm the details of

10           the meeting as alleged by plaintiffs.

11       • Irico understands that Plaintiff alleges that meetings between CRT producers took

12           place in Beijing, People's Republic of China on December 8 through 10, 1998.

13           Irico's records indicate that Li Weisheng and Ma Jinquan traveled to Beijing on or

14           around these dates.   Following a reasonable search for other responsive

15           information, Irico could not confirm that Li Weisheng or Ma Jinquan met with

16           competitors during this trip, nor could it confirm the details of the meeting as

17           alleged by plaintiffs.

18       • Irico understands that Plaintiff alleges that a meeting between CRT producers took

19           place on June 22, 1999.  Irico's records indicate that Li Weisheng traveled to

20           Shanghai, People's Republic of China on or around this date.  Following a

21           reasonable search for other responsive information, Irico could not confirm that

22           Mr. Li met with competitors during this trip, nor could it confirm the details of the

23           meeting as alleged by plaintiffs.

24       • Irico understands that Plaintiff alleges that a meeting between CRT producers took

25           place in Nanjing, People's Republic of China on August 5, 1999.  Irico's records

26           indicate that Wang Zhaojie traveled to Nanjing on or around this date.  Mr. Wang

27           did not recall attending this alleged meeting.  Following a reasonable search for

28           other responsive information, Irico could not confirm that Mr. Wang met with

competitors during this trip, nor could it confirm the details of the meeting as alleged by plaintiffs.

- Irico understands that Plaintiff alleges that a meeting between CRT producers took place in Tianjin, People's Republic of China on October 12, 1999.  Irico's records indicate that Wang Zhaojie traveled to Tianjin on or around this date.  Mr. Wang did not recall attending this alleged meeting.  Following a reasonable search for other responsive information, Irico could not confirm that Mr. Wang met with competitors during this trip, nor could it confirm the details of the meeting as alleged by plaintiffs.

- Irico understands that Plaintiff alleges that a meeting between CRT producers took place in Nanjing, People's Republic of China on November 9, 2000.  Irico's records indicate that Zhang Hushan traveled to Nanjing on or around this date.  Following a reasonable search for other responsive information, Irico could not confirm that Zhang Hushan met with competitors during this trip, nor could it confirm the details of the meeting as alleged by plaintiffs.

- Irico understands that Plaintiff alleges that a meeting between CRT producers took place in Shanghai, People's Republic of China on November 21, 2006.  Irico's records indicate that Shen Xiaolin traveled to Shanghai on or around this date.  Following a reasonable search for other responsive information, Irico could not confirm that Shen Xiaolin met with competitors during this trip, nor could it confirm the details of the meeting as alleged by plaintiffs.

**INTERROGATORY NO. 6**

Identify each instance during the Relevant Time Period in which You or any other producer of CRT and/or CRT Products, including the named defendants in this coordinated proceeding, instituted a price increase or decrease for CRT and/or CRT Products, and for each such instance:

(a)     when such price increase or decrease was announced publicly;

(b)     when such price increase or decrease was implemented;

1      (c)      the amount of the price increase or decrease;

2      (d)      whether such price increase or decrease was withdrawn;

3      (e)      each person with responsibility for implementing such price increase or decrease

4  or its withdrawal; and

5      (f)      any explanation given for such price increase or decrease or withdrawal.

6  **RESPONSE TO INTERROGATORY NO. 6**

7      Irico reasserts and incorporates each of the General Objections and Objections to the

8  Definitions and Instructions set forth above. Irico also objects to the extent that this interrogatory

9  calls for information regarding "any other producer" and thus seeks information outside of Irico's

10  possession, custody or control.

11      Subject to and without waiving the objections stated above, Irico responds that it will

12  conduct a reasonable search for information responsive to this Interrogatory, if any, and

13  supplement its response as necessary.

14  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**

15      Irico reasserts and incorporates each of the General Objections, Objections to the

16  Definitions and Instructions, and specific objections to Interrogatory No. 6 set forth above.

17      Subject to and without waiving the foregoing objections, Irico states as follows: Irico has

18  not identified any systematic tracking of its CRT prices or information on the announcement,

19  implementation, withdrawal, or explanations for CRT price changes during the Relevant Period.

20  Irico refers Plaintiff to the forthcoming spreadsheet(s) summarizing its original CRT and CRT

21  Product sales records.  Irico further directs Plaintiff to documents IRI-CRT-00004295-303; IRI-

22  CRT-00005349-400; IRI-CRT-00005401-515; IRI-CRT-00008843-880 IRI-CRT-00010133-204;

23  IRI-CRT-00028958-964; IRI-CRT-00030226-241; and IRI-CRT-00030462-503 for the answer to

24  this Interrogatory under Federal Rule of Civil Procedure 33(d).  Irico has conducted a reasonable

25  search for other information responsive to this Interrogatory and has located no additional

26  information beyond that described above.

27  **INTERROGATORY NO. 7**

28      Identify and describe all joint ventures, partnerships or other cooperative business

1   relationships, during the Relevant Time Period, relating to CRT and/or CRT Products between

2   You and any other CRT or CRT Products producer.

3   **RESPONSE TO INTERROGATORY NO. 7**

4       Irico reasserts and incorporates each of the General Objections and Objections to the

5   Definitions and Instructions set forth above.  Irico also objects that this interrogatory is

6   duplicative and cumulative of other requests served on Irico, including during jurisdictional

7   discovery.

8       Subject to and without waiving the objections stated above, Irico responds that it has

9   already provided information responsive to this interrogatory to Plaintiff in its responses to

10   jurisdictional discovery, including documents produced in response to Request No. 2 of Direct

11   Purchaser Plaintiff Studio Spectrum, Inc.'s First Set of Requests for Production.  Irico will

12   conduct a reasonable search for additional information responsive to this interrogatory, if any, and

13   supplement its response as necessary.

14   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

15       Irico reasserts and incorporates each of the General Objections, Objections to the

16   Definitions and Instructions, and specific objections to Interrogatory No. 7 set forth above.

17       Subject to and without waiving the foregoing objections, Irico states as follows:

18       **Shenzhen Irico-Huangqi Information Electronics Co. Ltd.**

19       Shenzhen Irico-Huangqi Information Electronics Co. Ltd. ("Irico Huangqi") was formed

20   on July 2, 1996 as a joint venture between Irico Group and Hong Kong Riyili Co., Ltd.  From

21   July 2, 1996 to August 15, 2002, Irico Group held 60% of the equity of Irico Huangqi and Hong

22   Kong Riyili Co., Ltd. held 40%.  From August 15, 2002 until Irico Huangqi's dissolution in 2006,

23   Irico Group held 33.13% of the company's equity, Gansu Languang Technology Corp. held

24   41.37%, and Hexin Technology Co., Ltd. held 25%.  Irico Huangqi was formally dissolved in

25   2006 and its remaining assets sold at auction.

26       Irico Huangqi's approved scope of business included the research, development,

27   manufacture, and sale of monitors, peripheral equipment, and other electronic devices.  Irico

28   Huangqi's primary business was the manufacture and sale of computer monitors, at least some of

1  which were manufactured using CDTs sold by Irico to Irico Huangqi.  Irico Huangqi did not sell

2  CRTs (except as integrated into monitors) and to Irico's knowledge did not export any products

3  outside of China.

4                                      **Irico (USA) Inc.**

5        Irico (USA) Inc. ("Irico USA") was incorporated in California on July 5, 1995 as a joint

6  venture between Irico (Hong Kong) Co. ("Irico Hong Kong"), China National Electronics Import

7  & Export Caihong Co. ("CNEIECC"), an independent state-owned entity, and two U.S.

8  individuals named Xueli Huang and Mike Huang.  Irico Hong Kong held a 45.7% stake in Irico

9  USA, while CNEIECC held at 34.3% stake and Xueli and Mike Huang each held 10%.  On

10  February 26, 1998, Xueli and Mike Huang divested from Irico USA, leaving Irico Hong Kong

11  and CNEIECC as the sole owners.  In 1999, CNEIECC sold its ownership stake to Irico Group.

12  On March 9, 2000, Irico Group authorized Liu Feng, General Manager of Irico USA, to sell Irico

13  USA and return the resulting funds to Irico Group.  However, on April 10, 2001, Irico

14  understands that Liu Feng sold the entire company to California-based INB Co. and absconded

15  with the proceeds.  At the time of the transaction, Liu Feng was listed as the operator of INB Co.

16  Then, on May 7, 2001, shortly after the transfer, Sun Xiaolin replaced Liu Feng as the registered

17  operator of INB Co.  Irico USA was dissolved on February 28, 2003.

18        According to the Shaanxi Province People's Government decree establishing Irico USA,

19  the purpose of establishing Irico USA was to expand provincial exports of electromechanical

20  products to North America and to develop trade, investment, and cooperation between China and

21  the United States.  (*See* IRI-CRT-00003498.)  Irico understands from CNEIECC invoice records

22  produced during jurisdictional discovery that CNEIECC sold small volumes of Irico CRTs to

23  Irico USA on several occasions between 1996 and 1999.  However, the invoices indicate that all

24  such sales were shipped to countries other than the United States, including South Africa, Egypt,

25  and China (*see* IRI-CRT-00003561 through -597) with no products delivered to the United States

26  or any United States customer.  Irico is not aware of Irico USA ever manufacturing, marketing,

27  selling, or distributing any CRTs or CRT Products in the United States.

28        Irico further directs Plaintiff to document IRI-CRT-00003490 for the answer to this

1    Interrogatory under Federal Rule of Civil Procedure 33(d).

2    **INTERROGATORY NO. 8**

3         Identify every channel used by You to sell, market, or distribute CRT and/or CRT

4    Products during the Relevant Time Period. If You used different channels at different points

5    within the Relevant Time Period, identify when You used each channel to sell, market, or

6    distribute CRT and/or CRT Products.

7    **RESPONSE TO INTERROGATORY NO. 8**

8         Irico reasserts and incorporates each of the General Objections and Objections to the

9    Definitions and Instructions set forth above.  Irico further objects to the undefined term "channel"

10   as vague, ambiguous, and subject to multiple interpretations.  Irico also objects that this

11   interrogatory is duplicative and cumulative of other requests served on Irico, including during

12   jurisdictional discovery.

13        Subject to and without waiving the objections stated above, Irico responds that it has

14   already provided information responsive to this interrogatory to Plaintiff in its responses to

15   jurisdictional discovery, including Irico's response to Interrogatory No. 18 of Indirect Purchaser

16   Plaintiff's First Set of Interrogatories.  Irico will conduct a reasonable search for additional

17   information responsive to this interrogatory, if any, and supplement its response as necessary.

18   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8**

19        Irico reasserts and incorporates each of the General Objections, Objections to the

20   Definitions and Instructions, and specific objections to Interrogatory No. 8 set forth above.

21        Subject to and without waiving the foregoing objections, Irico states as follows:  From

22   1995 to 2004, Irico Group and Irico Display sold CRTs through the Irico Sales Company, an

23   entity within Irico Group that was responsible at that time for sales of all companies under Irico

24   Group.  Sales during this period were made almost exclusively in China (99.2%) and negotiated

25   by the Irico Sales Company and recorded under the name of the specific company that produced

26   the CRT, *i.e.*, Irico Group or Irico Display.  Neither Irico Group nor Irico Display exported any

27   products to North America.

28        Following a corporate restructuring in 2004 that included the formation of Irico Group

1   Electronics Co. Ltd. ("Irico Electronics"), the Irico Sales Company transitioned to a sales

2   department responsible for the sales of Irico Display and Irico Electronics, and Irico Group

3   ceased the sale of CRTs under its own name.  Starting at that time and continuing through the

4   remainder of the Relevant Period, sales by Irico Display and Irico Electronics were made directly

5   by each company.  During this period, Irico Display and Irico Electronics also sold some CRTs

6   internally to Xi'an Caihui Display Technology Co. Ltd. ("Xi'an Caihui") and Xi'an Cairui

7   Display Technology Co. Ltd. ("Xi'an Cairui"), subsidiaries of Irico Display and Irico Group,

8   respectively, located within the Xi'an Export Processing Zone for the purpose of enjoying

9   preferential tax policies on their exports.  Neither Xi'an Caihui nor Xi'an Cairui exported any

10  products to the United States during the Relevant Period.

11  **INTERROGATORY NO. 9**

12        Identify every channel used by you to purchase CRT and/or CRT Products during the

13  Relevant Time Period. If You used different channels at different points within the Relevant Time

14  Period, identify when You used each channel to purchase CRT or CRT Products.

15  **RESPONSE TO INTERROGATORY NO. 9**

16        Irico reasserts and incorporates each of the General Objections and Objections to the

17  Definitions and Instructions set forth above. Irico further objects to the undefined term "channel"

18  as vague, ambiguous, and subject to multiple interpretations.

19        Subject to and without waiving the objections stated above, Irico responds that it will

20  conduct a reasonable search for information responsive to this Interrogatory, if any, and

21  supplement its response as necessary.

22  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

23        Irico reasserts and incorporates each of the General Objections, Objections to the

24  Definitions and Instructions, and specific objections to Interrogatory No. 9 set forth above.

25        Subject to and without waiving the foregoing objections, Irico states as follows: Irico has

26  conducted a reasonable search for information responsive to this Interrogatory and has located no

27  information regarding purchases by Irico of CRTs or CRT Products.

28

1    **INTERROGATORY NO. 10**

2         Identify the CRT and/or CRT Products that You manufactured or produced for each

3    month within the Relevant Time Period, including the brand name, product number, and intended

4    use.

5    **RESPONSE TO INTERROGATORY NO. 10**

6         Irico reasserts and incorporates each of the General Objections and Objections to the

7    Definitions and Instructions set forth above.  Irico also objects that this interrogatory is

8    duplicative and cumulative of other requests served on Irico, including during jurisdictional

9    discovery.

10        Subject to and without waiving the objections stated above, Irico responds that it has

11   already provided information responsive to this interrogatory to Plaintiff in its responses to

12   jurisdictional discovery, including Irico's response to Interrogatory No. 16 of Indirect Purchaser

13   Plaintiffs' First Set of Interrogatories.  Irico will conduct a reasonable search for additional

14   information responsive to this interrogatory, if any, and supplement its response as necessary.

15   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10**

16        Irico reasserts and incorporates each of the General Objections, Objections to the

17   Definitions and Instructions, and specific objections to Interrogatory No. 10 set forth above.

18        Subject to and without waiving the foregoing objections, Irico states as follows:  Irico

19   refers Plaintiff to the forthcoming spreadsheet(s) summarizing its original CRT sales records,

20   which contain information on specific sizes and types of CRTs sold by Irico at specific times

21   during the Relevant Period.  Irico further directs Plaintiff to documents IRI-CRT-00031179

22   through -31215 for the answer to this Interrogatory under Federal Rule of Civil Procedure 33(d).

23   **INTERROGATORY NO. 11**

24        Identify the CRT and/or CRT Products You sold, marketed, or distributed for each month

25   within the Relevant Time Period, including the brand name, product number, and intended use.

26   **RESPONSE TO INTERROGATORY NO. 11**

27        Irico reasserts and incorporates each of the General Objections and Objections to the

28   Definitions and Instructions set forth above.  Irico also objects that this interrogatory is

duplicative and cumulative of other requests served on Irico, including during jurisdictional discovery.

Subject to and without waiving the objections stated above, Irico responds that it has already provided information responsive to this interrogatory to Plaintiff in its responses to jurisdictional discovery, including Irico's response to Interrogatory No. 17 of Indirect Purchaser Plaintiffs' First Set of Interrogatories.  Irico will conduct a reasonable search for additional information responsive to this interrogatory, if any, and supplement its response as necessary.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11**

Irico reasserts and incorporates each of the General Objections, Objections to the Definitions and Instructions, and specific objections to Interrogatory No. 11 set forth above.

Subject to and without waiving the foregoing objections, Irico states as follows:  Irico refers Plaintiff to the forthcoming spreadsheet(s) summarizing its original CRT sales records, which contain information on specific sizes and types of CRTs sold by Irico at specific times during the Relevant Period.  Irico has conducted a reasonable search for other information responsive to this Interrogatory and has located no additional information beyond that summarized in the spreadsheet.

**INTERROGATORY NO. 12**

Provide Your sales of CRT and/or CRT Products to the United States and globally for each month from January 1, 1991 to the present. For each month during this period, state the volume of sales, the U.S. dollar value of sales, the unit sale price, the per unit cost to produce CRT and/or CRT Products, the per unit cost to distribute CRT and/or CRT Products (including overseas freight, tariff, customs, duties, inland freight, storage, insurance, dealer commissions), and the per unit profit earned.

**RESPONSE TO INTERROGATORY NO. 12**

Irico reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above. Irico further objects to this interrogatory as overbroad and unduly burdensome as it requests information outside of Plaintiff's purported "Relevant Time Period."  Irico also objects that this interrogatory is duplicative and cumulative of

1    other requests served on Irico, including during jurisdictional discovery.

2           Subject to and without waiving the objections stated above, Irico responds that it has

3    already provided information responsive to this interrogatory to Plaintiff in its responses to

4    jurisdictional discovery, including Irico's responses to Request No. 9 of Direct Purchaser Plaintiff

5    Studio Spectrum, Inc.'s Requests for Production and Interrogatories No. 1 and 3 of Indirect

6    Purchaser Plaintiffs' Second Set of Interrogatories.  Irico will conduct a reasonable search for

7    additional information responsive to this interrogatory, if any, and supplement its response as

8    necessary.

9    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12**

10          Irico reasserts and incorporates each of the General Objections, Objections to the

11   Definitions and Instructions, and specific objections to Interrogatory No. 12 set forth above.

12          Subject to and without waiving the foregoing objections, Irico states as follows: Irico

13   refers Plaintiff to the forthcoming spreadsheet(s) summarizing its original CRT and CRT Product

14   sales records.  Irico has conducted a reasonable search for other information responsive to this

15   Interrogatory and has located no additional information beyond that summarized in the

16   spreadsheet(s).

17   **INTERROGATORY NO. 13**

18          If You offered different prices to different markets, or on a spot market versus contract

19   basis, during the Relevant Time Period, so indicate in the statistical data supplied in response to

20   Interrogatory No. 6.

21   **RESPONSE TO INTERROGATORY NO. 13**

22          Irico reasserts and incorporates each of the General Objections and Objections to the

23   Definitions and Instructions set forth above.  Irico further objects to the terms "markets," "spot

24   markets" and "contract basis" as vague, ambiguous, and subject to multiple interpretations.

25          Subject to and without waiving the objections stated above, Irico responds that it will

26   conduct a reasonable search for information responsive to this Interrogatory, if any, and

27   supplement its response as necessary.

28   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13**

1   Irico reasserts and incorporates each of the General Objections, Objections to the

2   Definitions and Instructions, and specific objections to Interrogatory No. 13 set forth above.

3   Subject to and without waiving the foregoing objections, Irico states as follows: Irico

4   refers Plaintiff to the forthcoming spreadsheet(s) summarizing its original CRT and CRT Product

5   sales records.  Irico has conducted a reasonable search for other information responsive to this

6   Interrogatory and has located no additional information beyond that summarized in the

7   spreadsheet(s).

8   **INTERROGATORY NO. 14**

9   Provide Your aggregate purchases (in both number of units and revenue in U.S. dollars) of

10  CRT and/or CRT Products for each month from January 1, 1991 to the present.

11  **RESPONSE TO INTERROGATORY NO. 14**

12  Irico reasserts and incorporates each of the General Objections and Objections to the

13  Definitions and Instructions set forth above. Irico further objects to this interrogatory as

14  overbroad and unduly burdensome as it requests information outside of Plaintiff's purported

15  "Relevant Time Period."

16  Subject to and without waiving the objections stated above, Irico responds that it will

17  conduct a reasonable search for information responsive to this Interrogatory, if any, and

18  supplement its response as necessary.

19  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14**

20  Irico reasserts and incorporates each of the General Objections, Objections to the

21  Definitions and Instructions, and specific objections to Interrogatory No. 14 set forth above.

22  Subject to and without waiving the foregoing objections, Irico states as follows: Irico has

23  conducted a reasonable search for information responsive to this Interrogatory and has located no

24  information regarding purchases by Irico of CRTs or CRT Products.

25  **INTERROGATORY NO. 15**

26  Provide Your aggregate purchases (in units and U.S. dollars) of CRT or CRT Products

27  from each of the other named defendants in this coordinated proceeding, for the purpose of resale,

28  for each month during from January 1, 1991 to the present.

1  **RESPONSE TO INTERROGATORY NO. 15**

2       Irico reasserts and incorporates each of the General Objections and Objections to the

3  Definitions and Instructions set forth above. Irico further objects to this interrogatory as

4  overbroad and unduly burdensome as it requests information outside of Plaintiff's purported

5  "Relevant Time Period."

6       Subject to and without waiving the objections stated above, Irico responds that it will

7  conduct a reasonable search for information responsive to this Interrogatory, if any, and

8  supplement its response as necessary.

9  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15**

10       Irico reasserts and incorporates each of the General Objections, Objections to the

11  Definitions and Instructions, and specific objections to Interrogatory No. 15 set forth above.

12       Subject to and without waiving the foregoing objections, Irico states as follows: Irico has

13  conducted a reasonable search for information responsive to this Interrogatory and has located no

14  information regarding purchases by Irico of CRTs or CRT Products.

15

16

17  Dated:  January 7, 2022         BAKER BOTTS L.L.P.

18

19                      */s/ John M. Taladay*

20                      John M. Taladay (*pro hac vice*)
                    Evan J. Werbel (*pro hac vice*)

21                      Thomas E. Carter (*pro hac vice*)
                    Andrew L. Lucarelli (*pro hac vice*)

22                      700 K Street, N.W.
                    Washington, D.C. 20001

23                      (202)-639-7700
                    (202)-639-7890 (fax)

24                      Email: john.taladay@bakerbotts.com
                          evan.werbel@bakerbotts.com

25                            tom.carter@bakerbotts.com
                          drew.lucarelli@bakerbotts.com

26

27                      Jonathan Shapiro (State Bar No. 257199)
                    101 California Street, Suite 3600

28                      San Francisco, California 94111
                    (415) 291-6200

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(415) 291-6300 (fax)
Email: jonathan.shapiro@bakerbotts.com


*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

1

**CERTIFICATE OF SERVICE**

2

**In re: Cathode Ray Tube (CRT) Antitrust Litigation - MDL No. 1917**

3

     I declare that I am employed in Washington, District of Columbia.  I am over the age of

4

eighteen years and not a party to the within case; my business address is:  Baker Botts L.L.P., 700

5

K Street, N.W., Washington, D.C. 20001.

6

     On January 7, 2022, I served the following document(s) described as:

7

8

**IRICO DEFENDANTS' SIXTH SUPPLEMENTAL OBJECTIONS AND RESPONSES
TO DIRECT PURCHASER PLAINTIFFS'
FIRST SET OF INTERROGATORIES**

9

on the following interested parties in this action:

10

11

12

13

R. Alexander Saveri (rick@saveri.com)
Geoffrey C. Rushing (grushing@saveri.com)
Matthew D. Heaphy (mheaphy@saveri.com)
SAVERI & SAVERI, INC.
706 Sansome St # 200
San Francisco, CA 94111

Mario N. Alioto (malioto@tatp.com)
Lauren C. Capurro (laurenrussell@tatp.com)
TRUMP ALIOTO TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123

14

15

*Lead Counsel for the Direct Purchaser
Plaintiffs*

*Lead Counsel for the Indirect Purchaser
Plaintiffs*

16

17

18

19

Joseph Goldberg (jg@fbdlaw.com)
FREEDMAN BOYD HOLLANDER
GOLDBERG URIAS & WARD P.A.
20 First Plaza, Suite 700
Albuquerque, NM 87102
D (505) 305-1263

Dan Birkhaeuser
(dbirkhaeuser@bramsonplutzik.com)
BRAMSON, PLUTZIK, MAHLER &
BIRKHAEUSER, LLP
2125 Oak Grove Rd, Suite 125
Walnut Creek, CA 94598

20

*Counsel for the Indirect Purchaser
Plaintiffs*

*Counsel for the Indirect Purchaser
Plaintiffs*

21

22

23

[X]    (BY ELECTRONIC MAIL) I caused such documents to be sent to the persons at the
    email addressed listed above.  I did not receive, within a reasonable time after the
    transmission, any electronic message or other indication that the transmission was
    unsuccessful.

24

25

     I declare under penalty of perjury under the laws of the District of Columbia that the
foregoing is true and correct.  Executed on January 7, 2022, in Washington, D.C.

26

27

*/s/ Thomas E. Carter*
        Thomas E. Carter

28

IRICO'S 6TH SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO DPP'S FIRST SET
INTERROGATORIES

25

Master File No. 4:07-cv-05944-JST
MDL No. 1917