Mr. Clore is an attorney rated AV Preeminent with Martindale-Hubbell and has been licensed to practice law in Texas since 1999. He has 21 years' experience in civil appeals and litigation. He graduated *magna cum laude* from St. Mary's University School of Law, served as Articles Editor with the St. Mary's Law Journal, and clerked for two years at the Thirteenth Court of Appeals, State of Texas. He then worked as appellate counsel for several respected defense firms in Texas before joining the Bandas Law Firm to represent plaintiffs in 2016.

Although Mr. Clore was not a party to the action and is not named in the injunction, out of an abundance of caution Mr. Clore hereby discloses and attaches an injunction entered against Christopher Bandas,[1] an attorney at the same law firm as Mr. Clore, as well as against the law firm itself. *Edelson P.C. v. The Bandas Law Firm*, 2019 WL 272812 (N.D. Ill. Jan. 17, 2019).

Mr. Clore has never filed an objection in bad faith, and in fact, since joining the Bandas Law Firm in 2016, has assisted in returning more than $20 million dollars to settlement classes and otherwise improving class action settlements. *See e.g., In re Optical Disk Drive Prods. Antitrust Litig.*, No. 21-16291, 2022 U.S. App. LEXIS 15571, at *7 (9th Cir. 2022) (securing vacatur of fee award that resulted in $4.38 million class benefit); *In re Optical Disk Drive Prod. Antitrust Litig.*, 959 F.3d 922 (9th Cir. 2020) and *In re Optical Disk Drive Prod. Antitrust Litig.*, 804 Fed.Appx. 443 (9th Cir. 2020) (prevailing in appeal with vacatur of $52.8 million fee award that resulted in $21.8 million class benefit); *In re Syngenta*, 2:14-MD-02591, Dkt. 4318 at 8-9; 4278 at 3, 6-7 (D. Kan. Jan. 6, 2020) (securing a $3 million monetary benefit for a settlement class of corn farmers and supplying nonmonetary benefits to the claims process); Dorothy Atkins, Settling On Zoom: The Rise of Pro Se MDL Objectors, Law360 (Dec. 22, 2020)[2] (noting that "Robert Clore of Bandas Law Firm PC" is "a seasoned plaintiffs attorney

---

[1] Mr. Bandas is in the process of preparing his motion for *pro hac vice* admission for filing in this proceeding as well.

[2] Accessible at https://www.law360.com/articles/1337218 (last visited Aug. 17, 2022).

1

who has successfully represented clients objecting to a number of big-ticket MDL settlements before trial courts and on appeal").

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDELSON PC,<br><br>                  *Plaintiff*,<br><br>v.<br><br>THE BANDAS LAW FIRM PC, et al<br><br>                  *Defendants*. | Case No. 1:16-cv-11057 |

**FINAL JUDGMENT ORDER**

IT IS HEREBY ADJUDGED and DECREED that final judgment is entered in this matter on Count V of Plaintiff Edelson PC's complaint in favor of Plaintiff and against Christopher Bandas and the Bandas Law Firm PC ("Defendants").

**I.    REASONS FOR ISSUANCE OF INJUNCTION**

Defendants do not dispute that that they engaged in the unauthorized practice of law in *Clark v. Gannett Co., Inc.* Defendants further do not dispute that they engaged in the following conduct without obtaining authorization from the Illinois Supreme Court to practice law in Illinois: agreeing to represent Gary Stewart in the *Gannett* litigation, drafting the objection of Stewart in *Gannett*, providing legal advice to Stewart related to *Gannett*, contacting and arranging for C. Jeffrey Thut to appear in Defendants' stead in *Gannett*, allowing C. Jeffrey Thut to assist Defendants in the unauthorized practice of law, representing Stewart in discussions with class counsel regarding Stewart's objection, entering into negotiations with class counsel in *Gannett* on behalf of Stewart, and agreeing to resolve Stewart's objection in exchange for $225,000 in

1

attorneys' fees with no changes to the settlement agreement. Accordingly, the Court finds that issuance of a permanent injunction against Defendants is appropriate.

## II. ACTS RESTRAINED OR REQUIRED

Defendants The Bandas Law Firm, P.C. and Christopher A. Bandas are hereby restrained and permanently enjoined from engaging in the following actions:

1. Providing any advice or other service requiring the use of any degree of legal skill or knowledge related to any state or federal court proceedings in the State of Illinois, regardless of whether Defendants or their clients are physically located within the State of Illinois, without obtaining admission to the bar of Illinois or leave to appear *pro hac vice* from the court before which the proceeding is pending. The restrained advice and services include but are not limited to providing legal advice, acting as general counsel, drafting documents, negotiating, or accepting payment of attorneys' fees.

2. Soliciting attorneys located in the State of Illinois to sign pleadings or other documents drafted by Defendants in a case where Defendants do not appear;

3. Paying, or offering to pay, or to loan any client any monies in connection with any class action objection unless such payment is awarded or expressly approved by a court;

4. Seeking admission, *pro hac vice* or otherwise, to practice in any state or federal court without fully and truthfully responding to all questions on the application and without attaching a copy of this judgment;

5. Defendants shall not file or cause to be filed any objection to any proposed class action settlement in any state or federal court unless:

2

      a.    Such objection states whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also states with specificity the grounds for the objection; and

      b.    Any payment in connection with the objection is disclosed and approved by the court and, unless approved by the court after a hearing, no payment or other consideration is provided in connection with forgoing or withdrawing the objection or forgoing dismissing, or abandoning an appeal from a judgment approving the proposal;

    6.    Defendants, having consulted with their clients, shall immediately and unconditionally withdraw objections and filings related thereto any and all objections now pending in Illinois state and federal courts, including *Clark v. Gannett Co., Inc.* Defendants shall have no further direct or indirect involvement in those matters, and Defendants shall accept no compensation of any kind related to those matters.

### III.    CONTINUING JURISDICTION

Without affecting the finality of this judgment, the Court retains jurisdiction to enforce the injunction set forth herein.

### IV.    COSTS

Defendants shall pay Plaintiff's costs in the amount of $5,447.65.

### V.    NO JUST REASON FOR DELAY

The Court finds pursuant to Rule 54(b) that is no just reason for delay of entry of this judgment.

**IT IS SO ORDERED.**

*[signature]*
REBECCA R. PALLMEYER
United States District Judge

JUDGMENT ENTERED: January 17, 2019

_____
CLERK, U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

4