For purposes of this motion for *pro hac vice* admission, Mr. Bandas attaches a 2019 order from Judge Pallmeyer of the Northern District of Illinois. The 2019 order sets forth, *inter alia*, prospective requirements for Mr. Bandas' filing of objections consistent with amended Rule 23(e). The order follows Mr. Bandas' decision, on advice of counsel and after nearly exhausting insurance funds available to defend litigation initiated by a plaintiff's class action attorney, to no longer contest unauthorized practice of law allegations in Illinois in connection with failing to involve local counsel in a telephonic mediation.

Mr. Bandas would note that since the issuance of the order, the Bandas Law Firm's representation of class members has resulted in nearly $30 million in benefits conveyed to class members Nationwide. *See e.g., In re Optical Disk Drive Prods. Antitrust Litig.*, No. 21-16291, 2022 U.S. App. LEXIS 15571, at *7 (9th Cir. 2022) (securing vacatur of fee award that resulted in $4.38 million class benefit);[1] *In re Optical Disk Drive Prod. Antitrust Litig.*, 959 F.3d 922 (9th Cir. 2020) and *In re Optical Disk Drive Prod. Antitrust Litig.*, 804 Fed.Appx. 443 (9th Cir. 2020) (prevailing in appeal with vacatur of $52.8 million fee award that resulted in $21.8 million class benefit);[2] *In re Syngenta*, 2:14-MD-02591, Dkt. 4318 at 8-9; 4278 at 3, 6-7 (D. Kan. Jan. 6, 2020) (securing a $3 million monetary benefit for a settlement class of corn farmers and supplying

---

[1] *See also In re Optical Disk Drive Prods. Antitrust Litig.*, No. 10-md-02143-RS, Dkt. 3106 (N.D. Cal. Aug. 22, 2022) (awarding $625,000 in attorneys' fees to the Bandas Law Firm and a $5,500 incentive award to the client for the $4.38 million benefit conveyed by the Firm's advocacy).

[2] *In re Optical Disk Drive Prods. Antitrust Litig.*, No. 10-md-02143-RS, 2021 U.S. Dist. LEXIS 171405, at *23 (N.D. Cal. 2021) (recognizing "the $21,827,042 increase in the fund to be distributed to the class that resulted from arguments [the Bandas Law Firm] successfully advanced on appeal[,]" that there was "no dispute that [the Bandas Law Firm] is entitled to recover fees under the circumstances[,]" and awarding the Bandas Law Firm $1,524,180 in attorneys' fees plus a $1,500 incentive award to the client).

nonmonetary benefits to the claims process). Additionally, the Firm has fought successfully in cases that did not necessarily achieve financial gains, but nevertheless resulted in beneficial precedent for absent class members. *See e.g., In re Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Practices & Prod. Liab. Litig.*, 952 F.3d 471, 489 (4th Cir. 2020) (determining that vouchers were coupons under 28 U.S.C. § 1712, the Class Action Fairness Act ("CAFA"), and vacating settlement approval); *Chambers v. Whirlpool Corp.,* 980 F.3d 645 (9th Cir. 2020) (rejecting district court's failure to apply CAFA's coupon provision and vacating improper attorneys' fee award).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDELSON PC,<br><br>                *Plaintiff*,<br><br>v.<br><br>THE BANDAS LAW FIRM PC, et al<br><br>                *Defendants*. | Case No. 1:16-cv-11057 |

**FINAL JUDGMENT ORDER**

IT IS HEREBY ADJUDGED and DECREED that final judgment is entered in this matter on Count V of Plaintiff Edelson PC's complaint in favor of Plaintiff and against Christopher Bandas and the Bandas Law Firm PC ("Defendants").

**I.     REASONS FOR ISSUANCE OF INJUNCTION**

Defendants do not dispute that that they engaged in the unauthorized practice of law in *Clark v. Gannett Co., Inc.* Defendants further do not dispute that they engaged in the following conduct without obtaining authorization from the Illinois Supreme Court to practice law in Illinois: agreeing to represent Gary Stewart in the *Gannett* litigation, drafting the objection of Stewart in *Gannett*, providing legal advice to Stewart related to *Gannett*, contacting and arranging for C. Jeffrey Thut to appear in Defendants' stead in *Gannett*, allowing C. Jeffrey Thut to assist Defendants in the unauthorized practice of law, representing Stewart in discussions with class counsel regarding Stewart's objection, entering into negotiations with class counsel in *Gannett* on behalf of Stewart, and agreeing to resolve Stewart's objection in exchange for $225,000 in

1

attorneys' fees with no changes to the settlement agreement. Accordingly, the Court finds that issuance of a permanent injunction against Defendants is appropriate.

## II. ACTS RESTRAINED OR REQUIRED

Defendants The Bandas Law Firm, P.C. and Christopher A. Bandas are hereby restrained and permanently enjoined from engaging in the following actions:

1. Providing any advice or other service requiring the use of any degree of legal skill or knowledge related to any state or federal court proceedings in the State of Illinois, regardless of whether Defendants or their clients are physically located within the State of Illinois, without obtaining admission to the bar of Illinois or leave to appear *pro hac vice* from the court before which the proceeding is pending. The restrained advice and services include but are not limited to providing legal advice, acting as general counsel, drafting documents, negotiating, or accepting payment of attorneys' fees.

2. Soliciting attorneys located in the State of Illinois to sign pleadings or other documents drafted by Defendants in a case where Defendants do not appear;

3. Paying, or offering to pay, or to loan any client any monies in connection with any class action objection unless such payment is awarded or expressly approved by a court;

4. Seeking admission, *pro hac vice* or otherwise, to practice in any state or federal court without fully and truthfully responding to all questions on the application and without attaching a copy of this judgment;

5. Defendants shall not file or cause to be filed any objection to any proposed class action settlement in any state or federal court unless:

2

    a. Such objection states whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also states with specificity the grounds for the objection; and

    b. Any payment in connection with the objection is disclosed and approved by the court and, unless approved by the court after a hearing, no payment or other consideration is provided in connection with forgoing or withdrawing the objection or forgoing dismissing, or abandoning an appeal from a judgment approving the proposal;

  6. Defendants, having consulted with their clients, shall immediately and unconditionally withdraw objections and filings related thereto any and all objections now pending in Illinois state and federal courts, including *Clark v. Gannett Co., Inc.* Defendants shall have no further direct or indirect involvement in those matters, and Defendants shall accept no compensation of any kind related to those matters.

## III. CONTINUING JURISDICTION

Without affecting the finality of this judgment, the Court retains jurisdiction to enforce the injunction set forth herein.

## IV. COSTS

Defendants shall pay Plaintiff's costs in the amount of $5,447.65.

## V. NO JUST REASON FOR DELAY

The Court finds pursuant to Rule 54(b) that is no just reason for delay of entry of this judgment.

3

**IT IS SO ORDERED.**

                                                    REBECCA R. PALLMEYER
                                                    United States District Judge

JUDGMENT ENTERED: _January 17, 2019_

_____
CLERK, U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

4