R. Alexander Saveri (173102)
*rick@saveri.com*
Geoffrey C. Rushing (126910)
*grushing@saveri.com*
Matthew D. Heaphy (227224)
*mheaphy@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
Email: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

[Additional Submitting Parties and Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

This Document Relates to:

*ALL DIRECT PURCHASER ACTIONS*
*ALL INDIRECT PURCHASER ACTIONS*

Master File No. 07-CV-5944-JST

MDL No. 1917

**JOINT CASE MANAGEMENT STATEMENT PURSUANT TO CIVIL L.R. 16-10(d)**

Date: August 30, 2022
Time: 2:00 p.m.
Judge: Honorable Jon S. Tigar
Courtroom: Courtroom 6 – 2nd Floor

Pursuant to Civil Local Rule 16-10(d), Direct Purchaser Plaintiffs ("DPPs"), Indirect Purchaser Plaintiffs ("IPPs") (together, "Plaintiffs"), and Defendants Irico Group Corporation ("Group") and Irico Display Devices Co., Ltd. ("Display") (together, the "Irico Defendants" or "Irico")), by and through the undersigned counsel, hereby submit this Joint Case Management Statement:

**Plaintiffs' Statement**

## I. INTRODUCTION

Plaintiffs' Statement addresses developments since the last Case Management Conference on April 19, 2021; the Court's August 1, 2022 Order Granting Motion for Class Certification in the Direct Purchaser Actions (ECF No. 6042) ("Class Certification Order"); and the hearing and order on Irico's Emergency Motion for Relief from Scheduling Order. As directed by the Court in its Class Certification Order, Plaintiffs' Statement "include[s] a proposed schedule for the remainder of the DPP actions, including a deadline for the parties to propose a plan for disseminating notice to the class."

## II. STATUS OF ACTIONS

### A. Status of DPP Actions

On August 1, 2022, the Court entered its Class Certification Order in the DPP actions. The deadline to file a petition for permission to appeal the order has passed. *See* Fed. R. Civ. P. 23(f).

The next steps in the DPP actions are dissemination of class notice; completion of fact and expert discovery; and pretrial and trial proceedings, which, as set forth herein, DPPs believe they can complete promptly in order to try this case expeditiously and in a similar timeframe as the IPPs.

### B. Status of IPP Actions

IPPs' settlements with the Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, and Thomson/TDA Defendants became final on June 13, 2022 when the United States Supreme Court denied the objectors' petition for certiorari. ECF No. 6023. On July 29, 2022, the Court granted IPPs' Motion for Order Authorizing Distribution of Settlement Funds. ECF No. 6040.

IPPs' also have a pending Motion for Distribution of Attorneys' Fees, Expenses, and Incentive Awards. ECF No. 6001. On May 2, 2022, the Court vacated the hearing on the Motion,

finding it suitable for disposition without oral argument. ECF No. 6012. On August 9, 2022, the Court entered IPPs' proposed order authorizing distribution of the Court-awarded incentive awards to the IPP class representatives and reimbursement of expenses to IPP counsel. ECF No. 6046. As recited in the Order, the incentive awards and expense reimbursement were part of IPPs' pending Motion (ECF No. 6001) but were uncontested. ECF No. 6046. However, IPP Lead Counsel's request that the Court approve the proposed allocation of the already-approved aggregate attorney fee award and authorize distribution of those fees remains pending. *See generally* ECF Nos. 6001, 6007, 6010.

In IPPs' case against the Irico Defendants, on June 22, 2022, the Court entered an Amended Scheduling Order providing that *Daubert* and dispositive motions were due in the IPP case by July 25, 2022. ECF No. 6024. On June 30, 2022, Irico filed an Emergency Motion for Relief from Scheduling Order, ECF No. 6027. Thereafter, pursuant to stipulation of the parties, the Court vacated the briefing and hearing dates for *Daubert* and dispositive motions pending resolution of Irico's Emergency Motion. ECF No. 6034. All other dates in the Amended Scheduling Order (ECF No. 6024) remain in effect. *Id*.

On August 11, 2022, this Court denied Irico's Emergency Motion and ordered Irico to produce its witnesses for deposition by September 9, 2022. ECF No. 6047. On August 22, 2022, the Court entered a stipulated Order extending the deadlines for Mr. Wang's deposition until the week of September 19, 2022, and for Mr. Yan's deposition to the week of September 26, 2022, in order to allow time for the witnesses to renew their visas to Macau. ECF No. 6056. The deadline for Su Xiaohua to appear for deposition has not been extended. *Id*.

In the event the witnesses appear for their depositions by the Court's deadlines, IPPs and Irico will meet and confer regarding a schedule for *Daubert* and dispositive motions and submit a proposed schedule to the Court. If the witnesses fail to appear for their depositions, the parties will brief the legal consequences of that failure, in accordance with this Court's August 11, 2022 Order.

### C. Motion Practice Before Judge Walker

Several motions are pending before the Special Master.

#### 1. Motion to Compel Responses to Interrogatories from the Irico Defendants; Admissibility of Defendants' Documents re: Irico Competitor Contacts

On February 22, 2021, DPPs submitted to Judge Walker, the special master for discovery, a motion to compel Irico to supplement its responses to interrogatories cataloging its agreements and attendance at meetings with competitors. Following briefing and a hearing, Irico agreed to supplement its responses. ECF No. 5919 at 5. After Irico served supplemental responses, and Plaintiffs submitted five binders of meeting notes taken by other alleged conspirators showing Irico's attendance at over 100 conspiratorial meetings, Judge Walker concluded that "[n]o fair appraisal of Irico's responses to the interrogatories at issue can conclude that these responses are not plainly deficient." Judge Walker noted that the notes documenting Irico's attendance at conspiratorial meetings might be admissible non-hearsay under the co-conspirator rule (Fed. R. Evid. 801(d)(2)(E)) and ordered DPPs to submit their grounds for admission of the notes under this Rule (and/or other grounds) after which he would provide his recommendations to the Court on admission into evidence of the documents at issue. ECF No. 5944 at 2–5. The parties have submitted extensive briefing and numerous charts to Judge Walker since then, including a proffer by Plaintiffs on the existence of the conspiracy, and Irico's participation in it. Plaintiffs understand that, as of August 12, 2022, the matter is fully briefed, and Judge Walker's recommendations to the Court are forthcoming.

**2. Motion to Compel Depositions of Irico Employees**

On January 26, 2022, Plaintiffs submitted a motion to compel Irico to produce for deposition three current employees whom Plaintiffs believe have substantial knowledge about production cuts implemented pursuant to conspiratorial agreements, and the impact of alleged governmental price floors. Irico opposed the motion based on the so-called "apex" doctrine. The motion is fully briefed.

**3. Motion to Compel the Irico Defendants to Produce Documents Responsive to IPPs' Third Set of RFPs**

On April 15, 2022, Plaintiffs submitted a motion to compel Irico to produce litigation hold documents responsive to certain RFPs propounded by IPPs. Irico had refused to produce its only responsive documents based on the attorney-client privilege. However, where there is preliminary evidence of spoliation and possible sanctions are at issue, courts have compelled production of attorney-client communications regarding evidence preservation. Irico's privilege log identifies communications between Irico's Yan Yunlong (and other Irico employees) and Irico's former

counsel, Pillsbury Winthrop Shaw Pittman LLP, between February 15, 2008 and August 18, 2008, which are apparently the only contemporaneous evidence of Irico's document preservation efforts in 2008. Mr. Yan is one of the two witnesses Irico has agreed to produce for deposition. Irico has admitted that it never instituted a proper litigation hold in this case. The motion is fully briefed.

Plaintiffs intend to bring a spoliation motion and/or a motion for sanctions based on the loss and destruction of documents.

## III.   DISCOVERY

The close of fact discovery for Plaintiffs is September 1, 2022. ECF No. 6016. The deadline for Irico to produce its witnesses is September 9, 2022. *See* ECF No. 6047 (docket entry for Aug. 11, 2022 motion hearing indicating that transcript serves as written order). The parties have responded to all written discovery, some of which has been the subject of motion practice before Judge Walker, as described above.

### A.   Status of Irico's Responses to Plaintiffs' Discovery

Irico has responded to all of Plaintiffs' written discovery requests. Where the responses have been deficient, Plaintiffs have requested supplementation or sought relief from Judge Walker as descried above. Plaintiffs expect Irico to supplement certain discovery responses by the close of discovery on September 1, 2022.

### B.   Status of DPPs' Responses to Irico's Discovery Requests

DPPs have responded to all of Irico's written discovery requests, with the exception of some objectionable requests. DPPs disagree that their discovery responses have been insufficient. DPPs have agreed to supplement their discovery responses by the close of discovery on September 1, 2022.

### C.   Status of IPPs' Responses to Irico's Discovery Requests

IPPs have responded to all of Irico's written discovery requests. IPPs have agreed to supplement their discovery responses by the close of discovery on September 1, 2022.

## IV.   PROPOSED PLAN FOR CLASS NOTICE

As set forth below, DPPs propose disseminating notice of the litigated class by substantially similar methods and means as those previously proposed (ECF No. 3944) and approved (ECF No. 4176) for the Mitsubishi certified class, namely long form notice to class members; summary notice

published in the *Wall Street Journal* and the *New York Times*; and notice information posted on the settlement website. The proposed forms of notice are also substantially similar to those previously approved and disseminated for notice of all previous settlements. *See* ECF No. 6005 at 5–6 (collecting cites to class notices regarding settlements).

**A. <u>Manner of Providing Notice to the Class</u>**

Rule 23(c)(2)(B) of the Federal Rule of Civil Procedure specifies the requirements for notice to class members:

> For any class certified under Rule 23(b)(3) . . . the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means. The notice must clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

DPPs propose providing notice to the Class by: (1) directly mailing written notice to each class member whose name was provided to DPPs by the Defendants; (2) publishing summary notice in two national newspapers; and (3) posting notice on the internet. This manner of providing notice to the Class was previously approved by the Court for the Mitsubishi litigated class notice, *see* ECF No. 4176, as well as for the Thomson settlement. ECF No. 3872.

DPPs propose that the Long Form Notice ("Notice") in the form attached as Attachment 1 hereto be sent by mail to each class member who may, by reasonable efforts, be identified. In addition, DPPs propose to send the Notice by email to any class member for which an email address has been obtained. DPPs will use the same class member lists previously provided by the Defendants and used to provide notice to the previously certified settlement classes—including any updates provided by class members or otherwise obtained by the Settlement Administrator during the recent

claims process. A redline showing the changes from the Mitsubishi litigated class long form notice is Attachment 2 hereto.

In addition, DPPs propose that a Summary Notice in the form attached as Attachment 3 hereto be published in the national editions of the *Wall Street Journal* and the *New York Times*. A redline showing the changes from the Mitsubishi litigated class summary notice is Attachment 4 hereto. Also, both notices, along with the Class Certification Order, will be posted on a website accessible to class members. The proposed notice program is nearly identical to the notice programs approved by the Court for each of the settlements to date.[1]

**B.   Form of Notice to the Class**

The content of the proposed notices complies with the requirements of Rule 23(c)(2)(B) and is similar to prior notices. The Notice clearly and concisely explains the nature of the action. It provides a clear description of who is a member of the Litigated Class and the binding effects of class membership. It explains how to exclude oneself from the Litigated Class, how to obtain copies of papers filed in the case, and how to contact Class counsel. It informs class members that they may hire their own attorney.

The Summary Notice also identifies class members and the consequences of class membership. It also explains how to obtain more information about the case. The Summary Notice will be published after the Notice is sent to class members.

**C.   Timing of Notice to the Class and Requests for Exclusion**

DPPs propose sending Notice to the Class fourteen (14) days after the Court approves DPPs' notice program. Class members would then have forty-five (45) days to request exclusion from the litigated class. This is the same time allotted for exclusion from the settlement classes previously certified herein, and is within the range specified in the *Manual for Complex Litigation*, Fourth, § 21.321. The list of opt-outs will be sent to Irico and filed with the Court within fourteen (14) days of the opt-out deadline.

---

[1] Notice of the Mitsubishi litigated class and the Thomson settlement were published in both the *Wall Street Journal* and the *New York Times*, whereas notice of the earlier in time the settlements with Chunghwa, Philips, Panasonic, LG, Toshiba, Hitachi, and Samsung SDI was published only in the *Wall Street Journal*.

Notice to the class is required following class certification both as a matter of due process and so that class members may exercise their right to exclude themselves prior to trial. *See, e.g., Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811–12 (1985). "Ordinarily, notice to class members should be given ***promptly*** after the certification order is issued." *Manual for Complex Litigation*, Fourth, § 21.311 (emphasis added). In this case, notice to the Class is also necessary for DPPs' damages expert to complete his damage study. Only after the deadline for class members to exclude themselves from the Class has passed can Class membership be finally determined, and DPPs' expert can determine total Class purchases and the overcharge thereon.

Irico's complaint that DPPs' proposed notices improperly include entities that are affiliates and subsidiaries of Irico is without merit. As the Court has previously observed, "the point of a notice to class members is, in part, to inform them about the nature of the allegations being asserted on their behalf, including, in this case, the identity of alleged co-conspirator affiliates and subsidiaries." ECF No. 4176 at 3. The class notice is a notice of litigation, not an opportunity to litigate factual disputes or present summary judgment arguments.

DPPs respectfully request that the Court approve the notice program as proposed above. If directed by the Court, DPPs will file a noticed motion requesting approval thereof.

## V. PRETRIAL AND TRIAL SCHEDULE

### A. DPP Actions

DPPs' proposed schedule seeks to complete adjudication of the DPP actions promptly and efficiently. In light of Irico's claim of sovereign immunity, the Court's finding that Group was an instrumentality of China in 2007, ECF No. 5637 at 7, and Irico's position that Group is entitled to a bench trial, *see* ECF No. 5659 at 10 n.6, the Court is faced with the potential for two separate DPP trials for the two Irico Defendants. For the sake of judicial efficiency, DPPs have proposed to Irico that both parties waive their right to a jury trial for Display so that the Court can hold a single bench trial for both entities. In the alternative, DPPs have suggested that Irico waive its right to a bench trial for Group so that there can be a single jury proceeding for the DPP actions. DPPs submit that Irico should be prepared to inform the Court and Plaintiffs at the Case Management Conference which form(s) of trial it will seek, rather than working on an "assumption" of a single jury trial.

Alternatively, the Court should set a deadline in the near future for Irico to do so.

DPPs propose the following schedule for the remainder of the DPP actions based on holding a single bench trial:

| **Category** | **Event** | **Set By** | **Date** |
|---|---|---|---|
| Discovery | Close of fact discovery for Plaintiffs | ECF No. 6016 | Thursday, September 1, 2022 |
| Discovery | Deadline for Irico to produce witnesses | Court order from the bench | Friday, September 9, 2022 |
| Discovery | Deadline to submit joint statement re parties' positions on legal consequences of Irico witnesses not appearing for deposition | Court order from the bench | Friday, September 23, 2022 |
| Class Certification | Disseminate notice of litigated class via long form notice to class members, short form notice published in the *Wall Street Journal* and *New York Times*, and information on settlement website | Proposed by DPPs (minimum 14 days after Court approves litigated class notice) | Monday, October 3, 2022 |
| Pretrial | Deadline to meet and confer on dispositive motions | Proposed by DPPs | Friday, November 4, 2022 |
| Class Certification | Deadline for class members to request exclusion from the litigated class | Proposed by DPPs: 45 days after notice is sent/published | Thursday, November 17, 2022 |
| Expert Discovery | Plaintiffs' expert reports due (followed by depositions) | Proposed by DPPs: 32 days after deadline for class members to request exclusion from the litigated class | Monday, December 19, 2022 |
| Expert Discovery | Defendants' expert reports due (followed by depositions) | Proposed by DPPs: 43 days after Plaintiffs' expert reports due | Tuesday, January 31, 2023 |
| Expert Discovery | Rebuttal reports due (followed by depositions) | Proposed by DPPs: 29 days after Defendants' expert reports due | Wednesday, March 1, 2023 |
| Expert Discovery | Expert discovery cut-off | Proposed by DPPs: 14 days after rebuttal reports due | Wednesday, March 15, 2023 |

| **Category** | **Event** | **Set By** | **Date** |
|---|---|---|---|
| Pretrial | Simultaneous exchange of exhibit lists, deposition designations and witness lists | JST SO for CBTs[2] § D: at least 21 days prior to PTC | Wednesday, March 15, 2023 |
| Pretrial | Plaintiffs and Defendants serve counter-designations and objections to opposing parties' exhibits, depositions and witnesses | Proposed by DPPs: 30 days after simultaneous exchange of exhibit lists, deposition designations and witness lists | Friday, April 14, 2023 |
| Pretrial | Plaintiffs and Defendants serve objections to opposing parties' counter-designations | Proposed by DPPs: 14 days after serving counter-designations and objections to opposing parties' exhibits, depositions and witnesses | Friday, April 28, 2023 |
| Pretrial | Simultaneous trial briefs due (includes motions in limine, *Daubert* and dispositive motions) | Proposed by DPPs: 56 days before trial<br><br>(JST SO for CBTs § G: at least 7 days prior to trial; optional) | Monday, May 15, 2023 |
| Pretrial | Rebuttal trial briefs due (includes oppositions to motions in limine as well as *Daubert* and dispositive motions) | Proposed by DPPs: 25 days before trial | Thursday, June 15, 2023 |
| Pretrial | Last day for parties to exchange final exhibits, deposition designations and witness lists | JST SO for CBTs § D: at least 21 days prior to PTC | Friday, June 9, 2023 |
| Pretrial | M&C re settlement, joint pretrial statement, exchange of pretrial material, contested issues | JST SO for CBTs § A: at least 21 days before final PTC | Friday, June 9, 2023 |
| Pretrial | Pretrial conference statement due | JST SO for CBTs § B: at least 7 days prior to PTC | Friday, June 23, 2023 |
| Pretrial | Pretrial conference | Proposed by DPPs: 10 days before trial | Friday, June 30, 2023 |
| Pretrial | Delivery of trial exhibits to Clerk's office | JST SO for CBTs § D.4: at least 7 days prior to trial | Monday, July 3, 2023 |
| Trial | Trial begins | Proposed by DPPs | Monday, July 10, 2023 |

[2] "JST SO for CBTs" refers to Standing Order for Civil Bench Trials Before District Judge Jon S. Tigar (Mar. 14, 2022), available at: https://www.cand.uscourts.gov/wp-content/uploads/judges/tigar-jst/Bench-Trial-Standing-Order-JST-03.14.22.pdf

DPPs are prepared to submit alternative schedules, including for a single jury trial and/or for proceedings requiring separate bench and jury trial.

**B. IPP Actions**

The pretrial and trial schedule for the IPP actions has been set, ECF No. 6024, although the briefing and hearing on *Daubert* and dispositive motions are vacated. ECF No. 6034.

## VI. STATEMENT REGARDING ALTERNATIVE DISPUTE RESOLUTION

Pursuant to Local Rule 16-10(d), requiring that subsequent case management statements "must report the parties' views about whether using some form of ADR would be appropriate[,]" Plaintiffs state that they are always willing to consider ADR or mediation.

## Irico Defendants' Statement

## I. INTRODUCTION

While defendants Irico Group Corp. and Irico Display Devices Co., Ltd. ("Irico Defendants) concur with a number of sections of Plaintiffs' Statement regarding the current status of the litigation, Irico Defendants submit this separate statement to address several aspects of Plaintiffs' Statement in which we differ, and to set forth Irico's proposed schedule leading up to trial. We also note that Plaintiffs appear to misuse the Court's request to address a "deadline for the parties to propose a plan for disseminating notice" as a license to seek approval for a notice plan that should properly be raised in a separate motion under a deadline set by the court rather than informally in this Joint Case Management Statement.

## II. STATUS OF ACTIONS

**A. Status of DPP Actions**

Irico Defendants concur in Plaintiffs' statement regarding the status of the DPP Actions.

**B. Status of IPP Actions**

Irico Defendants concur in Plaintiffs' statement regarding the status of the IPP Actions. Per the Court's Aug. 22, 2022 Order Regarding Irico Depositions (ECF No. 6056), Irico is currently arranging for its witnesses Wang Zhaojie and Yan Yunlong to sit for deposition during the week of September 19, 2022 and September 26, 2022, respectively. Su Xiaohua, one of the Irico employees whose deposition was originally noticed by Plaintiffs, has resigned from all Irico-affiliated

companies. Mr. Su had previously indicated that he will not agree to travel for a deposition while quarantine requirements are in effect, and he has not responded to Irico's recent inquiries regarding the depositions.

### C. Motion Practice Before Judge Walker

#### 1. Motion to Compel Responses to Interrogatories from the Irico Defendants; Admissibility of Defendants' Documents re: Irico Competitor Contacts

While Irico does not concur with Plaintiffs' selective and misleading quotations from Judge Walker's prior orders, Irico agrees that the parties' submissions regarding the preliminary determination of admissibility of various documents allegedly detailing meetings of purported conspirators are fully submitted and that Judge Walker's recommendations regarding the admissibility of those documents, and the statements within each document, are forthcoming.

#### 2. Motion to Compel Depositions of Irico Employees

Irico concurs that Plaintiffs' motion to compel depositions of three additional executives is fully briefed and pending resolution by Judge Walker. Irico believes that this motion should be denied because the executives lack unique, relevant knowledge and are subject to the "apex doctrine" governing depositions of top executives.

#### 3. Motion to Compel the Irico Defendants to Produce Documents Responsive to IPPs' Third Set of RFPs

Irico does not concur with Plaintiffs' characterization of Plaintiffs' motion to compel production of Irico's attorney-client privileged communications given that Plaintiffs have not met their burden to support the violation of the attorney-client privilege in this instance. Regardless, Irico agrees that the motion is fully briefed and pending resolution by Judge Walker.

## III. DISCOVERY

Irico concurs that the close of discovery is currently set for September 1, 2022. Per the Court's Aug. 22, 2022 Order Regarding Irico Depositions (ECF No. 6056), Irico is currently arranging for its witnesses Wang Zhaojie and Yan Yunlong to sit for deposition during the week of September 19, 2022 and September 26, 2022, respectively.

### A. Status of Irico's Responses to Plaintiffs' Discovery

Irico disagrees that its discovery responses are in any way deficient. Irico concurs that it plans to supplement certain of its responses by the close of discovery on September 1, 2022.

**B. <u>Status of DPPs' Responses to Irico's Discovery Requests</u>**

Irico disagrees that DPPs' responses to discovery are sufficient or that Irico's discovery requests were "objectionable," and notes that in many instances DPPs failed to provide any substantive responses to discovery responses. DPPs have agreed to supplement various responses that it previously refused to answer by the close of discovery on September 1, 2022.

**C. <u>Status of IPPs' Responses to Irico's Discovery Requests</u>**

Irico disagrees that IPPs' responses to discovery are sufficient or that Irico's discovery requests were "objectionable," and notes that IPPs have agreed to supplement various responses that it previously refused to answer by the close of discovery on September 1, 2022.

## IV. PLAINTIFFS' PROPOSED PLAN FOR CLASS NOTICE

Irico Defendants do not believe DPPs' proposal for notice to the class is properly raised and submitted in this Joint Case Management Statement. The Court has ordered the parties to include in the CMC statement "a deadline for the proposed plan for disseminating notice to the class" (*see* ECF No. 6042), not to submit such a plan for approval within a Case Management Statement. Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure and DPPs' prior practice in this case confirm that the proper procedure would be for DPPs to file a separately noticed and properly titled motion – the deadline for which should be established at this Case Management Conference – for approval of the notice and plan for dissemination. By attempting to shoehorn their full notice plan into a Joint Case Management Statement, Plaintiffs have provided Irico only 24 hours to review and consider whether any portions of the notice and plan are objectionable and have provided no notice to third parties. For example, DPPs have included several entities in its draft notice – not included in prior notices to class members – that it apparently alleges to be "subsidiaries or affiliates" of Irico Defendants, but that may be improperly included within the class definition because they are not included in DPPs' current complaint nor were they raised during class certification briefing. Irico's proposed schedule below includes proposed dates to resolve these issues, and any others that may be raised, expeditiously but through proper motions procedures.

## V. PRETRIAL AND TRIAL SCHEDULE

### A. DPP Actions

Irico agrees that, as an instrumentality of the Chinese government, Irico Group is entitled to demand a bench trial under 28 U.S.C. § 1330. However, given the different posture of Irico Display under the Court's ruling denying Irico's motions to dismiss under the Foreign Sovereign Immunities Act, ECF No. 5637, and the fact that DPPs first suggested the prospect of waiving their right to a jury trial just a few days ago on August 19, 2022, Irico is still considering its various options in this regard. At this time, Irico believes that at least one jury trial will be required so Irico suggests proceeding on the assumption of a jury trial for both Irico Defendants at this time, similar to the approach taken for the IPP schedule set in April 2021.

Irico's proposal for a pretrial schedule leading to a single DPP jury trial is as follows. In an effort to best reflect the Court's preferred approach to the orderly administration of a trial, Irico's proposed schedule is modeled on the schedule set by the Court in relation to the IPP action, adapted to accommodate DPPs' required class notice procedures:

| Category | Event | Set by | Date |
|---|---|---|---|
| Discovery | Close of fact discovery for Plaintiffs | ECF No. 6016 | Thursday, September 1, 2022 |
| Class Certification | Deadline to file motion for dissemination of class notice | Proposed by Irico: 14 days after Case Management Conference | Tuesday, September 13, 2022 |
| Discovery | Deadline to conduct deposition of Wang Zhaojie | ECF No. 6056 | Week of September 19, 2022 |
| Discovery | Deadline to conduct deposition of Yan Yunlong | ECF No. 6056 | Week of September 26, 2022 |
| Class Certification | Deadline to file oppositions to motion for dissemination of class notice | Proposed by Irico: 14 days after deadline to file motion (Civ. L.R. 7-3(a)) | Tuesday, September 27, 2022 |
| Class Certification | Deadline to file replies in support of motion for dissemination of class notice | Proposed by Irico: 7 days after deadline to file oppositions to motion (Civ. L.R. 7-3(c)) | Tuesday, October 4, 2022 |

| Category | Event | Set by | Date |
|---|---|---|---|
| Class Certification | Hearing on motion for dissemination of class notice | Proposed by Irico: First civil motion hearing date 35 days after deadline to file motion (Civ. L.R. 7-2(a)) | Thursday, October 13, 2022 at 2 p.m. |
| Class Certification | Disseminate notice of litigated class via long form notice to class members, short form notice published in the *Wall Street Journal* and *New York Times*, and information on settlement website | Proposed by Irico per DPP Proposed Schedule: (minimum 14 days after Court approves litigated class notice) | Thursday, October 27, 2022 |
| Class Certification | Deadline for class members to request exclusion from the litigated class | Proposed by Irico per DPP Proposed Schedule: 45 days after notice is sent/published | Monday, December 12, 2022 |
| Expert Discovery | Deadline to serve expert disclosures | Proposed by Irico: 35 days after deadline for class members to request exclusion from the litigated class | Monday, January 16, 2023 |
| Expert Discovery | Deadline to serve expert oppositions | Proposed by Irico: 56 days after deadline for expert disclosures | Monday, March 13, 2023 |
| Expert Discovery | Deadline to serve expert rebuttals | Proposed by Irico: 42 days after deadline for expert oppositions | Monday, April 24, 2023 |
| Expert Discovery | Expert discovery cut-off | Proposed by Irico: 28 days after deadline for expert rebuttals | Monday, May 22, 2023 |
| Pretrial | Deadline for Irico to serve list of dispositive motions | Proposed by Irico: 14 days after deadline for expert rebuttals | Monday, June 5, 2023 |
| Pretrial | Joint CMC statement informing Court of results of parties' meet and confer re dispositive motions | Proposed by Irico: 12 days after deadline for Irico to serve list of dispositive motions | Monday, June 17, 2023 |
| Pretrial | Further CMC to discuss dispositive motions and other pretrial scheduling issues | Proposed by Irico: 5 days after submission of Joint CMC statement | Thursday, June 22, 2023 at 2:00 p.m. |
| Pretrial | *Daubert* and dispositive motions due | Proposed by Irico: 36 days after Further CMC | Friday, July 28, 2023 |
| Pretrial | *Daubert* and dispositive motion oppositions due | Proposed by Irico: 28 days after deadline for dispositive motions | Friday, August 25, 2023 |

| Category | Event | Set by | Date |
|---|---|---|---|
| Pretrial | *Daubert* and dispositive motion replies due | Proposed by Irico: 28 days after deadline for oppositions to dispositive motions | Friday, September 9, 2023 |
| Pretrial | Hearings on *Daubert* and dispositive motions | Proposed by Irico: 34 days after deadline for replies in support of dispositive motions | Thursday, October 13, 2023 at 2:00 p.m. |
| Pretrial | Motions in limine due | Proposed by Irico: (Per ECF 5925) 59 days after hearings on dispositive motions | Monday, December 11, 2023 |
| Pretrial | Oppositions to motions in limine due | Proposed by Irico: 20 days after deadline for motions in limine | Monday, December 31, 2023 |
| Pretrial | Hearings on motions in limine | Proposed by Irico: first civil hearing date 14 days after deadline for oppositions to motions in limine | Thursday, January 18, 2024 at 2:00 p.m. |
| Pretrial | Pretrial conference statement due | Proposed by Irico: 18 days after hearing on motions in limine | Friday, February 9, 2024 |
| Pretrial | Pretrial conference | Proposed by Irico: 7 days after deadline for Pretrial conference statement | Friday, February 16, 2024 at 2:00 p.m. |
| Trial | Trial | Proposed by Irico: 17 days after Pretrial conference | Monday, March 4, 2024 at 8:00 a.m. |

**B. <u>IPP Actions</u>**

Irico concurs with Plaintiffs' Statement regarding the schedule for the IPP Action.

## VI. STATEMENT REGARDING ALTERNATIVE DISPUTE RESOLUTION

Irico Defendants remain willing to consider alternative dispute resolution in this matter.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Respectfully submitted,

Dated: August 23, 2022

*/s/ R. Alexander Saveri*

R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Matthew D. Heaphy (227224)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

Dated: August 23, 2022

*/s/ Mario N. Alioto*

Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the*
*Indirect Purchaser Plaintiffs*

Dated: August 23, 2022

*/s/ John M. Taladay*

BAKER BOTTS L.L.P.
John M. Taladay
Evan J. Werbel
Thomas E. Carter
Andrew L. Lucarelli
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
evan.werbel@bakerbotts.com
tom.carter@bakerbotts.com
drew.lucarelli@bakerbotts.com

*Attorneys for Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.*

**ATTESTATION**

I, R. Alexander Saveri, hereby attest, pursuant to United States District Court, Northern District of California Civil Local Rule 5-1(i)(3), that concurrence in the filing of this document has been obtained from the other Signatory hereto.

By: *_/s/ R. Alexander Saveri_*
R. Alexander Saveri

# ATTACHMENT 1

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If You Bought A Cathode Ray Tube Product,

## A Class Action Ruling May Affect You.

Cathode Ray Tube (CRT) Products include Cathode Ray Tubes and finished products that contain a Cathode Ray Tube such as Televisions and Computer Monitors.

| **Important Date** | |
|---|---|
| Deadline to Request Exclusion from Litigated Class | **XXXXX, XX, 2022** |

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- A class action lawsuit that includes direct purchasers of CRT Products is currently pending.
- Plaintiffs claim that Defendants (listed below) and co-conspirators engaged in an unlawful conspiracy to fix, raise, maintain or stabilize the prices of Cathode Ray Tubes. Plaintiffs further claim that direct purchasers of televisions and monitors that contain a cathode ray tube from the Defendants may recover for the effect that the cathode ray tube conspiracy had on the prices of televisions and monitors. Plaintiffs allege that, as a result of the unlawful conspiracy involving cathode ray tubes, they and other direct purchasers paid more for CRT Products than they would have paid absent the conspiracy. Defendants deny Plaintiffs' claims.
- On August 1, 2022, the District Court certified a direct purchaser plaintiff class. A copy of the Order granting class certification is available on the class website at www.CRTDirectPurchaserAntitrustSettlement.com. The class consists of "All persons and entities who, between March 1, 1995 and November 25, 2007, directly purchased a CRT Product in the United States from any Defendant or any subsidiary or affiliate thereof, or any co-conspirator or any subsidiary or affiliate thereof. Excluded from the class are defendants, their parent companies, subsidiaries or affiliates, any co-conspirators, all governmental entities, and any judges or justices assigned to hear any aspect of this action."
- Your legal rights will be affected whether you act or don't act. This Notice includes information on the certified class and the continuing lawsuit. Please read the entire Notice carefully.
- You may exclude yourself from the class by submitting a request for exclusion by **XXXXX, XX, 2022**

**Your rights are explained in this notice.**

## WHAT THIS NOTICE CONTAINS

**Basic Information**........................................................................................................ Page XX

1. Why did I get this notice?
2. Who are the Defendant and Co-Conspirator companies?
3. Who are the affiliates and subsidiaries mentioned in the class definition?
4. What is this lawsuit about?
5. What is a Cathode Ray Tube Product?
6. What is a class action?

**The Litigated Class** ..................................................................................... Page XX

7. How do I know if I'm part of the Litigated Class?
8. What are my rights in the Litigated Class and how do I exclude myself?
9. What am I giving up to stay in the Litigated Class?

**The Lawyers Representing You** ........................................................................ Page XX

10. Do I have a lawyer in the case?

**Getting More Information** ............................................................................... Page XX

11. How do I get more information?

## BASIC INFORMATION

### 1. Why did I get this notice?

You or your company may have directly purchased Cathode Ray Tubes (CRTs) or certain products containing those tubes between March 1, 1995 and November 25, 2007. A direct purchaser is a person or business who bought a CRT, or a television or computer monitor containing a CRT directly from one or more of the Defendants, co-conspirators, affiliates, or subsidiaries themselves, as opposed to an intermediary (such as a retail store).

You have the right to know about the litigation and about your legal rights and options before you decide whether to request exclusion from the litigated class.

The notice explains the litigation and your legal rights.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is called *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917. The people who sued are called Plaintiffs and the companies they sued are called Defendants.

### 2. Who are the Defendant and Co-Conspirator companies?

The Defendants and alleged Co-Conspirators are: Beijing-Matsushita Color CRT Company, Ltd.; Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.; Chunghwa Picture Tubes, Ltd.; Daewoo Electronics Corporation (f/k/a Daewoo Electronics Company, Ltd.); Daewoo International Corporation; Daewoo-Orion Societe Anonyme; Hitachi America, Ltd.; Hitachi Asia, Ltd.; Hitachi Displays, Ltd.; Hitachi Electronic Devices (USA), Inc.; Hitachi Ltd.; Irico Display Devices Co., Ltd.; Irico Group Corporation; Koninklijke Philips Electronics N.V. (n/k/a Koninklijke Philips N.V.); LG Electronics Taiwan Taipei Co., Ltd.; LG Electronics USA, Inc.; LG Electronics, Inc.; LP Displays International, Ltd.; Matsushita Electronic Corporation (Malaysia) Sdn Bhd.; Mitsubishi Electric Corporation; Mitsubishi Electric US, Inc. (f/k/a Mitsubishi Electric & Electronics USA, Inc.); Mitsubishi Electric Visual Solutions America, Inc. (f/k/a Mitsubishi Digital Electronics America Inc. (f/k/a Mitsubishi Consumer Electronics America, Inc.)); MT Picture Display Co., Ltd. (f/k/a Matsushita Toshiba Picture Display Co., Ltd.); Orion Electric Co.; Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.); Panasonic Corporation of North America; Philips Consumer Electronics Co.; Philips da Amazonia Industria Electronica Ltda. (n/k/a Philips do Brasil, Ltda.); Philips Electronics Industries (Taiwan), Ltd. (n/k/a Philips Taiwan Limited); Philips Electronics Industries Ltd.; Philips Electronics North America Corporation; Samsung Electronics America, Inc.; Samsung SDI (Malaysia) Sdn. Bhd.; Samsung SDI Brasil Ltda.; Samsung SDI Co., Ltd. (f/k/a Samsung Display Device Company); Samsung SDI Mexico S.A. de C.V.; Shenzhen Samsung SDI Co. Ltd.; Shenzhen SEG Hitachi Color Display Devices, Ltd.; Technicolor SA (f/k/a Thomson SA); Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.); Technologies Displays

Americas LLC (f/k/a Thomson Displays Americas LLC); Thai CRT Company, Ltd.; Tianjin Samsung SDI Co., Ltd.; Toshiba America Consumer Products LLC; Toshiba America Consumer Products, Inc.; Toshiba America Electronic Components, Inc.; Toshiba America Information Systems, Inc.; Toshiba America, Inc.; Toshiba Corporation; Toshiba Display Devices (Thailand) Company, Ltd.; and Videocon Industries, Ltd.

**3. Who are the affiliates and subsidiaries mentioned in the class definition?**

The "affiliates and subsidiaries" are: China National Electronics Import & Export Caihong Co.; Chunghwa Picture Tubes Fuzhou; Chunghwa Picture Tubes Taiwan; Daewoo Electronics America, Inc.; Hitachi Electronic Display (USA); Hitachi High-Technologies America, Inc. (f/k/a Nissei Sangyo America, Ltd.); Hitachi High-Technologies Corporation (f/k/a Nissei Sangyo Co., Ltd.); Irico Display Technology Co., Ltd.; Irico Group New Energy Co., Ltd. (f/k/a Irico Group Electronics Co., Ltd.); Irico (USA), Inc.; JVC; LG Electronics Service Europe Netherlands B.V.; LG Electronics Wales Ltd.; LG Philips Displays; LG.Philips Displays Brasil Ltda.; LG.Philips Displays Holding B.V.; LG.Philips Displays International Ltd.; LG.Philips Displays Korea Co. Ltd.; LG.Philips Displays Mexico SA de CV; LG.Philips Displays USA Inc.; MELCO Display Devices Mexico, S.A. de C.V.; Mitsubishi Display Devices America, Inc.; Mitsubishi Electric Sales America, Inc.; Mitsubishi Electric US Holdings, Inc.; Mitsubishi Electronics America, Inc.; Mitsubishi Electronics Industries Canada, Inc.; MT Picture Display Corporation of America (New York); MT Picture Display Corporation of America (Ohio); NEC-Mitsubishi Electric Visual Systems Corporation; NEC-Mitsubishi Electronics Display of America, Inc.; NM Visual Systems de Mexico S. A. de C.V.; Orion Electric Components, Co., Ltd.; Orion Engineering & Service, Inc.; Orion Mexicana, SA de CV; P.T. Tosummit Electronic Devices Indonesia; Panasonic AVC Networks America; Panasonic Sikoku Electronics Corporation of America; PCB Integrated Manufacturing System, S.A. de C.V.; Philips Holding USA Inc.; PT.MT Picture Display Indonesia; Rui Bo Electronics (Hong Kong) Ltd.; Samsung Electronics Co., Ltd.; Samsung SDI (Hong Kong), Ltd.; Samsung SDI America, Inc.; Samsung SDI Co. Ltd. (Korea); Samsung SDI Germany GmbH; Samsung SDI Hungary Ltd.; Samtel Color, Ltd.; Tatung Company of America, Inc.; TCL International Holdings Ltd.; TCL Thomson Electronics Corporation; Technologies Displays Mexicana, S.A. de C.V. (f/k/a Thomson Displays Mexicana, S.A. de C.V.); Tianjin Samsung SDI Co. Ltd.; TTE Technology, Inc.; Xian Caihui Display Technology Co., Ltd.; and Zenith Electronics Corporation (a/k/a Zenith Electronics LLC).

**4. What is this lawsuit about?**

The lawsuit alleges that Defendants and Co-Conspirators conspired to raise and fix the prices of CRTs and the CRTs contained in certain finished products for over ten years, resulting in overcharges to direct purchasers of those CRTs and certain finished products containing CRTs. The complaint describes how the Defendants and Co-Conspirators allegedly violated the U.S. antitrust laws by establishing a global cartel that set artificially high prices for, and restricted the

supply of CRTs and the televisions and monitors that contained them. Defendants deny Plaintiffs' allegations.  The Court has not decided who is right.

**5.      What is a Cathode Ray Tube Product?**

For the purposes of the class definition, Cathode Ray Tube Products (or "CRT Product") means Cathode Ray Tubes of any type (e.g. color display tubes and color picture tubes) and finished products which contain Cathode Ray Tubes, such as Televisions and Computer Monitors.

**6.      What is a class action?**

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims.  All these people are members of the class, except for those who exclude themselves from the class.

If the Plaintiffs obtain money or benefits as a result of a trial or future settlement, you will be notified about those settlements at that time. Important information about the case will be posted on the website, **www.CRTDirectPurchaserAntitrustSettlement.com** as it becomes available. Please check the website to be kept informed about any future developments.

## THE LITIGATED CLASS

**7.      How do I know if I'm part of the Litigated Class?**

As a result of a motion filed by the plaintiffs, on August 1, 2022, the District Court certified a class of Direct Purchaser Plaintiffs (the "Litigated Class"). The Litigated Class includes:

All persons and entities who, between March 1, 1995 and November 25, 2007, directly purchased a CRT Product in the United States from any Defendant or any subsidiary or affiliate thereof, or any co-conspirator or any subsidiary or affiliate thereof. Excluded from the class are defendants, their parent companies, subsidiaries or affiliates, any co-conspirators, all governmental entities, and any judges or justices assigned to hear any aspect of this action.

**8.      What are my rights with regard to the Litigated Class?**

**Remain in the Litigated Class**: If you wish to remain a member of the Litigated Class you do not need to take any action at this time.

If you remain a class member, you will be bound by the District Court's rulings in the lawsuit, including any final judgment.

**Get out of the Litigated Class**: If you wish to keep your rights to individually sue the Defendants about the claims in this case, you must exclude yourself from the Litigated Class.

You will not get any money from any future judgment awarded to the class if you exclude yourself from the Litigated Class.

To exclude yourself from the Litigated Class, you must send a letter that includes the following:

- Your name, address and telephone number,
- A statement saying that you want to be excluded from *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, Litigated Class; and
- Your signature.

You must mail your exclusion request, postmarked no later than _________________, to:

CRT Direct Settlement
P.O. Box 808003
Petaluma, CA 94975

### 9. What am I giving up to stay in the Litigated Class?

Unless you exclude yourself from the Settlement Class, you can't sue the Defendants, or be part of any other lawsuit against these Defendants about the legal issues in this case. It also means that all of the decisions by the Court (including any future class judgment) will bind you.

### 10. Who are the Class Representatives?

The Class Representatives are: Arch Electronics, Inc.; Crago, d/b/a Dash Computers, Inc.; Meijer, Inc. and Meijer Distribution, Inc.; Nathan Muchnick, Inc.; Princeton Display Technologies, Inc.; Radio & TV Equipment, Inc.; Studio Spectrum, Inc.; and Wettstein and Sons, Inc., d/b/a Wettstein's.

## THE LAWYERS REPRESENTING YOU

### 11. Do I have a lawyer in the case?

Yes. The Court has appointed the law firm of Saveri & Saveri, Inc. to represent you as Lead Counsel. You do not have to pay Lead Counsel. If you want to be represented by your own lawyers, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

## GETTING MORE INFORMATION

### 12. How do I get more information?

This Notice summarizes the lawsuit. You can get more information about the lawsuit (including relevant case documents) at **www.CRTDirectPurchaserAntitrustSettlement.com.,** by

calling 1-877-224-3063, or writing to CRT Direct Settlement, P.O. Box 808003, Petaluma, CA 94975. Please do not contact the Court about this case.

Dated: ________________ BY ORDER OF THE COURT

# ATTACHMENT 2

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If You Bought A Cathode Ray Tube Product,

## A Class Action Ruling May Affect You.

Cathode Ray Tube (CRT) Products include Cathode Ray Tubes and finished products that contain a Cathode Ray Tube such as Televisions and Computer Monitors.

| Important Date | |
|---|---|
| Deadline to Request Exclusion from Litigated Class | **XXXXX, XX, 202215** |

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- A class action lawsuit that includes direct purchasers of CRT Products is currently pending.
- Plaintiffs claim that Defendants (listed below) and co-conspirators engaged in an unlawful conspiracy to fix, raise, maintain or stabilize the prices of Cathode Ray Tubes. Plaintiffs further claim that direct purchasers of televisions and monitors that contain a cathode ray tube from the Defendants may recover for the effect that the cathode ray tube conspiracy had on the prices of televisions and monitors. Plaintiffs allege that, as a result of the unlawful conspiracy involving cathode ray tubes, they and other direct purchasers paid more for CRT Products than they would have paid absent the conspiracy. Defendants deny Plaintiffs' claims.
- On August 1, 2022July 8, 2015, the District Court certified a direct purchaser plaintiff class. A copy of the Order granting class certification is available on the class website at www.CRTDirectPurchaserAntitrustSettlement.com. The class consists of "All persons and entities who, between March 1, 1995 and November 25, 2007, directly purchased a CRT Product in the United States from any Defendant or any subsidiary or affiliate thereof, or any co-conspirator or any subsidiary or affiliate thereof. Excluded from the class are defendants, their parent companies, subsidiaries or affiliates, any co-conspirators, all governmental entities, and any judges or justices assigned to hear any aspect of this action."
- Your legal rights will be affected whether you act or don't act. This Notice includes information on the certified class and the continuing lawsuit. Please read the entire Notice carefully.
- You may exclude yourself from the class by submitting a request for exclusion by **XXXXX, XX, 202215**

**Your rights are explained in this notice.**

## WHAT THIS NOTICE CONTAINS

**Basic Information**........................................................................................... Page XX

1. Why did I get this notice?
2. Who are the Defendant and Co-Conspirator companies?
3. Who are the affiliates and subsidiaries mentioned in the class definition?
4. What is this lawsuit about?
5. What is a Cathode Ray Tube Product?
6. What is a class action?

**The Litigated Class** ........................................................................................ Page XX

7. How do I know if I'm part of the Litigated Class?
8. What are my rights in the Litigated Class and how do I exclude myself?
9. What am I giving up to stay in the Litigated Class?

**The Lawyers Representing You** ..................................................................... Page XX

10. Do I have a lawyer in the case?

**Getting More Information** ............................................................................. Page XX

11. How do I get more information?

## BASIC INFORMATION

### 1. Why did I get this notice?

You or your company may have directly purchased Cathode Ray Tubes (CRTs) or certain products containing those tubes between March 1, 1995 and November 25, 2007. A direct purchaser is a person or business who bought a CRT, or a television or computer monitor containing a CRT directly from one or more of the Defendants, co-conspirators, affiliates, or subsidiaries themselves, as opposed to an intermediary (such as a retail store).

You have the right to know about the litigation and about your legal rights and options before you decide whether to request exclusion from the litigated class.

The notice explains the litigation and your legal rights.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is called *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917. The people who sued are called Plaintiffs and the companies they sued are called Defendants.

### 2. Who are the Defendant and Co-Conspirator companies?

The Defendants and alleged Co-Conspirators are: Beijing-Matsushita Color CRT Company, Ltd.; Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.; Chunghwa Picture Tubes, Ltd.; Daewoo Electronics Corporation (f/k/a Daewoo Electronics Company, Ltd.); Daewoo International Corporation; Daewoo-Orion Societe Anonyme; Hitachi America, Ltd.; Hitachi Asia, Ltd.; Hitachi Displays, Ltd.; Hitachi Electronic Devices (USA), Inc.; Hitachi Ltd.; Irico Display Devices Co., Ltd.; Irico Group Corporation; ~~Irico Group Electronics Co., Ltd.;~~ Koninklijke Philips Electronics N.V. (n/k/a Koninklijke Philips N.V.); LG Electronics Taiwan Taipei Co., Ltd.; LG Electronics USA, Inc.; LG Electronics, Inc.; LP Displays International, Ltd.; Matsushita Electronic Corporation (Malaysia) Sdn Bhd.; Mitsubishi Electric Corporation; Mitsubishi Electric US, Inc. (f/k/a Mitsubishi Electric & Electronics USA, Inc.); Mitsubishi Electric Visual Solutions America, Inc. (f/k/a Mitsubishi Digital Electronics America Inc. (f/k/a Mitsubishi Consumer Electronics America, Inc.)); MT Picture Display Co., Ltd. (f/k/a Matsushita Toshiba Picture Display Co., Ltd.); Orion Electric Co.; Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.); Panasonic Corporation of North America; Philips Consumer Electronics Co.; Philips da Amazonia Industria Electronica Ltda. (n/k/a Philips do Brasil, Ltda.); Philips Electronics Industries (Taiwan), Ltd. (n/k/a Philips Taiwan Limited); Philips Electronics Industries Ltd.; Philips Electronics North America Corporation; Samsung Electronics America, Inc.; Samsung SDI (Malaysia) Sdn. Bhd.; Samsung SDI Brasil Ltda.; Samsung SDI Co., Ltd. (f/k/a Samsung Display Device Company); Samsung SDI Mexico S.A. de C.V.; Shenzhen Samsung SDI Co. Ltd.; Shenzhen SEG Hitachi Color Display Devices, Ltd.; Technicolor SA (f/k/a Thomson SA); Technicolor USA, Inc. (f/k/a Thomson Consumer

Electronics, Inc.); Technologies Displays Americas LLC (f/k/a Thomson Displays Americas LLC); Thai CRT Company, Ltd.; Tianjin Samsung SDI Co., Ltd.; Toshiba America Consumer Products LLC; Toshiba America Consumer Products, Inc.; Toshiba America Electronic Components, Inc.; Toshiba America Information Systems, Inc.; Toshiba America, Inc.; Toshiba Corporation; Toshiba Display Devices (Thailand) Company, Ltd.; and Videocon Industries, Ltd.

**3.      Who are the affiliates and subsidiaries mentioned in the class definition?**

The "affiliates and subsidiaries" are: China National Electronics Import & Export Caihong Co.; Chunghwa Picture Tubes Fuzhou; Chunghwa Picture Tubes Taiwan; Daewoo Electronics America, Inc.; Hitachi Electronic Display (USA); Hitachi High-Technologies America, Inc. (f/k/a Nissei Sangyo America, Ltd.); Hitachi High-Technologies Corporation (f/k/a Nissei Sangyo Co., Ltd.); Irico Display Technology Co., Ltd.; Irico Group New Energy Co., Ltd. (f/k/a Irico Group Electronics Co., Ltd.); Irico (USA), Inc.; JVC; LG Electronics Service Europe Netherlands B.V.; LG Electronics Wales Ltd.; LG Philips Displays; LG.Philips Displays Brasil Ltda.; LG.Philips Displays Holding B.V.; LG.Philips Displays International Ltd.; LG.Philips Displays Korea Co. Ltd.; LG.Philips Displays Mexico SA de CV; LG.Philips Displays USA Inc.; MELCO Display Devices Mexico, S.A. de C.V.; Mitsubishi Display Devices America, Inc.; Mitsubishi Electric Sales America, Inc.; Mitsubishi Electric US Holdings, Inc.; Mitsubishi Electronics America, Inc.; Mitsubishi Electronics Industries Canada, Inc.; MT Picture Display Corporation of America (New York); MT Picture Display Corporation of America (Ohio); NEC-Mitsubishi Electric Visual Systems Corporation; NEC-Mitsubishi Electronics Display of America, Inc.; NM Visual Systems de Mexico S. A. de C.V.; Orion Electric Components, Co., Ltd.; Orion Engineering & Service, Inc.; Orion Mexicana, SA de CV; P.T. Tosummit Electronic Devices Indonesia; Panasonic AVC Networks America; Panasonic Sikoku Electronics Corporation of America; PCB Integrated Manufacturing System, S.A. de C.V.; Philips Holding USA Inc.; PT.MT Picture Display Indonesia; Rui Bo Electronics (Hong Kong) Ltd.; Samsung Electronics Co., Ltd.; Samsung SDI (Hong Kong), Ltd.; Samsung SDI America, Inc.; Samsung SDI Co. Ltd. (Korea); Samsung SDI Germany GmbH; Samsung SDI Hungary Ltd.; Samtel Color, Ltd.; Tatung Company of America, Inc.; TCL International Holdings Ltd.; TCL Thomson Electronics Corporation; Technologies Displays Mexicana, S.A. de C.V. (f/k/a Thomson Displays Mexicana, S.A. de C.V.); Tianjin Samsung SDI Co. Ltd.; TTE Technology, Inc.; Xian Caihui Display Technology Co., Ltd.; and Zenith Electronics Corporation (a/k/a Zenith Electronics LLC).

**4.      What is this lawsuit about?**

The lawsuit alleges that Defendants and Co-Conspirators conspired to raise and fix the prices of CRTs and the CRTs contained in certain finished products for over ten years, resulting in overcharges to direct purchasers of those CRTs and certain finished products containing CRTs. The complaint describes how the Defendants and Co-Conspirators allegedly violated the U.S. antitrust laws by establishing a global cartel that set artificially high prices for, and restricted the

supply of CRTs and the televisions and monitors that contained them. Defendants deny Plaintiffs' allegations. The Court has not decided who is right.

**5. What is a Cathode Ray Tube Product?**

For the purposes of the class definition, Cathode Ray Tube Products (or "CRT Product") means Cathode Ray Tubes of any type (e.g. color display tubes and color picture tubes) and finished products which contain Cathode Ray Tubes, such as Televisions and Computer Monitors.

**6. What is a class action?**

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims. All these people are members of the class, except for those who exclude themselves from the class.

If the Plaintiffs obtain money or benefits as a result of a trial or future settlement, you will be notified about those settlements at that time. Important information about the case will be posted on the website, **www.CRTDirectPurchaserAntitrustSettlement.com** as it becomes available. Please check the website to be kept informed about any future developments.

**THE LITIGATED CLASS**

**7. How do I know if I'm part of the Litigated Class?**

As a result of a motion filed by the plaintiffs, on August 1, 2022~~July 8, 2015~~, the District Court certified a class of Direct Purchaser Plaintiffs (the "Litigated Class"). The Litigated Class includes:

All persons and entities who, between March 1, 1995 and November 25, 2007, directly purchased a CRT Product in the United States from any Defendant or any subsidiary or affiliate thereof, or any co-conspirator or any subsidiary or affiliate thereof. Excluded from the class are defendants, their parent companies, subsidiaries or affiliates, any co-conspirators, all governmental entities, and any judges or justices assigned to hear any aspect of this action.

**8. What are my rights with regard to the Litigated Class?**

**Remain in the Litigated Class**: If you wish to remain a member of the Litigated Class you do not need to take any action at this time.

If you remain a class member, you will be bound by the District Court's rulings in the lawsuit, including any final judgment.

**Get out of the Litigated Class**: If you wish to keep your rights to individually sue the Defendants about the claims in this case, you must exclude yourself from the Litigated Class.

You will not get any money from any future judgment awarded to the class if you exclude yourself from the Litigated Class.

To exclude yourself from the Litigated Class, you must send a letter that includes the following:

- Your name, address and telephone number,
- A statement saying that you want to be excluded from *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, Litigated Class; and
- Your signature.

You must mail your exclusion request, postmarked no later than _________________, to:

CRT Direct Settlement
P.O. Box 808003
Petaluma, CA 94975

**9. What am I giving up to stay in the Litigated Class?**

Unless you exclude yourself from the Settlement Class, you can't sue the Defendants, or be part of any other lawsuit against these Defendants about the legal issues in this case. It also means that all of the decisions by the Court (including any future class judgment) will bind you.

**10. Who are the Class Representatives?**

The Class Representatives are: Arch Electronics, Inc.; Crago, d/b/a Dash Computers, Inc.; Meijer, Inc. and Meijer Distribution, Inc.; Nathan Muchnick, Inc.; Princeton Display Technologies, Inc.; Radio & TV Equipment, Inc.; Studio Spectrum, Inc.; and Wettstein and Sons, Inc., d/b/a Wettstein's.

## THE LAWYERS REPRESENTING YOU

**11. Do I have a lawyer in the case?**

Yes. The Court has appointed the law firm of Saveri & Saveri, Inc. to represent you as Lead Counsel. You do not have to pay Lead Counsel. If you want to be represented by your own lawyers, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

## GETTING MORE INFORMATION

**12. How do I get more information?**

This Notice summarizes the lawsuit. You can get more information about the lawsuit (including relevant case documents) at **www.CRTDirectPurchaserAntitrustSettlement.com.,** by

calling 1-877-224-3063, or writing to CRT Direct Settlement, P.O. Box 808003, Petaluma, CA 94975. Please do not contact the Court about this case.

Dated: __________________ BY ORDER OF THE COURT

# ATTACHMENT 3

LEGAL NOTICE

**If You Bought A Cathode Ray Tube ("CRT") or CRT Product, A Class Action May Affect You.**

**CRT Products include Televisions or Computer Monitors that contain Cathode Ray Tubes**

On August 1, 2022, the District Court certified a direct purchaser plaintiff class. A copy of the Order granting class certification is available on the class website at www.CRTDirectPurchaserAntitrustSettlement.com. The class consists of "All persons and entities who, between March 1, 1995 and November 25, 2007, directly purchased a CRT Product in the United States from any Defendant or any subsidiary or affiliate thereof, or any co-conspirator or any subsidiary or affiliate thereof. Excluded from the class are defendants, their parent companies, subsidiaries or affiliates, any co-conspirators, all governmental entities, and any judges or justices assigned to hear any aspect of this action."

*What is this lawsuit about?*

The lawsuit alleges that Defendants and Co-Conspirators engaged in an unlawful conspiracy to fix, raise, maintain or stabilize the prices of CRTs. Plaintiffs further claim that direct purchasers of televisions and monitors that contain a cathode ray tube from the Defendants may recover for the effect that the cathode ray tube conspiracy had on the prices of televisions and monitors. Plaintiffs allege that, as result of the unlawful conspiracy, they and other direct purchasers paid more for CRT Products than they would have absent the conspiracy. Defendants deny Plaintiffs' claims.

*Who are the Defendant and Co-Conspirator companies?*

Beijing-Matsushita Color CRT Company, Ltd.; Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.; Chunghwa Picture Tubes, Ltd.; Daewoo Electronics Corporation (f/k/a Daewoo Electronics Company, Ltd.); Daewoo International Corporation; Daewoo-Orion Societe Anonyme; Hitachi America, Ltd.; Hitachi Asia, Ltd.; Hitachi Displays, Ltd.; Hitachi Electronic Devices (USA), Inc.; Hitachi Ltd.; Irico Display Devices Co., Ltd.; Irico Group Corporation; Koninklijke Philips Electronics N.V. (n/k/a Koninklijke Philips N.V.); LG Electronics Taiwan Taipei Co., Ltd.; LG Electronics USA, Inc.; LG Electronics, Inc.; LP Displays International, Ltd.; Matsushita Electronic Corporation (Malaysia) Sdn Bhd.; Mitsubishi Electric Corporation; Mitsubishi Electric US, Inc. (f/k/a Mitsubishi Electric & Electronics USA, Inc.); Mitsubishi Electric Visual Solutions America, Inc. (f/k/a Mitsubishi Digital Electronics America Inc. (f/k/a Mitsubishi Consumer Electronics America, Inc.)); MT Picture Display Co., Ltd. (f/k/a Matsushita Toshiba Picture Display Co., Ltd.); Orion Electric Co.; Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.); Panasonic Corporation of North America; Philips Consumer Electronics Co.; Philips da Amazonia Industria Electronica Ltda. (n/k/a Philips do Brasil, Ltda.); Philips Electronics Industries (Taiwan), Ltd. (n/k/a Philips Taiwan Limited); Philips Electronics Industries Ltd.; Philips Electronics North America Corporation; Samsung Electronics America, Inc.; Samsung SDI (Malaysia) Sdn. Bhd.; Samsung SDI Brasil Ltda.; Samsung SDI Co., Ltd. (f/k/a Samsung Display Device Company); Samsung SDI Mexico S.A. de C.V.; Shenzhen Samsung SDI Co. Ltd.; Shenzhen SEG Hitachi Color Display Devices, Ltd.; Technicolor SA (f/k/a Thomson SA); Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.); Technologies Displays Americas LLC (f/k/a Thomson Displays Americas LLC); Thai CRT Company, Ltd.; Tianjin Samsung SDI Co., Ltd.; Toshiba America Consumer Products LLC; Toshiba America Consumer Products, Inc.; Toshiba America Electronic Components, Inc.; Toshiba America Information Systems, Inc.; Toshiba America, Inc.; Toshiba Corporation; Toshiba Display Devices (Thailand) Company, Ltd.; and Videocon Industries, Ltd.

*Who are the affiliates and subsidiaries mentioned in the class definition?*

China National Electronics Import & Export Caihong Co.; Chunghwa Picture Tubes Fuzhou; Chunghwa Picture Tubes Taiwan; Daewoo Electronics America, Inc.; Hitachi Electronic Display (USA); Hitachi High-Technologies America, Inc. (f/k/a Nissei Sangyo America, Ltd.); Hitachi High-Technologies Corporation (f/k/a Nissei Sangyo Co., Ltd.); Irico Display Technology Co., Ltd.; Irico Group New Energy Co., Ltd. (f/k/a Irico Group Electronics Co., Ltd.); Irico (USA), Inc.; JVC; LG Electronics Service Europe Netherlands B.V.; LG Electronics Wales Ltd.; LG Philips Displays; LG.Philips Displays Brasil Ltda.; LG.Philips Displays Holding B.V.; LG.Philips Displays International Ltd.; LG.Philips Displays Korea Co. Ltd.; LG.Philips Displays Mexico SA de CV; LG.Philips Displays USA Inc.; MELCO Display Devices Mexico, S.A. de C.V.; Mitsubishi Display Devices America, Inc.; Mitsubishi Electric Sales America, Inc.; Mitsubishi Electric US Holdings, Inc.; Mitsubishi Electronics America, Inc.; Mitsubishi Electronics Industries Canada, Inc.; MT Picture Display Corporation of America (New York); MT Picture Display Corporation of America (Ohio); NEC-Mitsubishi Electric Visual Systems Corporation; NEC-Mitsubishi Electronics Display of America, Inc.; NM Visual Systems de Mexico S. A. de C.V.; Orion Electric Components, Co., Ltd.; Orion Engineering & Service, Inc.; Orion Mexicana, SA de CV; P.T. Tosummit Electronic Devices Indonesia; Panasonic AVC Networks America; Panasonic Sikoku Electronics Corporation of America; PCB Integrated Manufacturing System, S.A. de C.V.; Philips Holding USA Inc.; PT.MT Picture Display Indonesia; Rui Bo Electronics (Hong Kong) Ltd.; Samsung Electronics Co., Ltd.; Samsung SDI (Hong Kong), Ltd.; Samsung SDI America, Inc.; Samsung SDI Co. Ltd. (Korea); Samsung SDI Germany GmbH; Samsung SDI Hungary Ltd.; Samtel Color, Ltd.; Tatung Company of America, Inc.; TCL International Holdings Ltd.; TCL Thomson Electronics Corporation; Technologies Displays Mexicana, S.A. de C.V. (f/k/a Thomson Displays Mexicana, S.A. de C.V.); Tianjin Samsung SDI Co. Ltd.; TTE Technology, Inc.; Xian Caihui Display Technology Co., Ltd.; and Zenith Electronics Corporation (a/k/a Zenith Electronics LLC).

*What are my rights?*

If you wish to remain a member of the Litigated Class you do not need to take any action at this time. If you do not want to be legally bound by future judgments with regard to the Litigated Class, you must exclude yourself in writing by _______________, or you will not be able to sue, or continue to sue, the remaining Defendants about the legal claims in this case.

This is a Summary Notice. For more details, call toll free 1-877-224-3063, visit www.CRTDirectPurchaserAntitrustSettlement.com., or write to CRT Direct Settlement, P.O. Box 808003, Petaluma, CA94975.

# ATTACHMENT 4

LEGAL NOTICE

**If You Bought A Cathode Ray Tube ("CRT") or CRT Product, A Class Action May Affect You.**

**CRT Products include Televisions or Computer Monitors that contain Cathode Ray Tubes**

On August 1, 2022~~July 8, 2015~~, the District Court certified a direct purchaser plaintiff class. A copy of the Order granting class certification is available on the class website at www.CRTDirectPurchaserAntitrustSettlement.com. The class consists of "All persons and entities who, between March 1, 1995 and November 25, 2007, directly purchased a CRT Product in the United States from any Defendant or any subsidiary or affiliate thereof, or any co-conspirator or any subsidiary or affiliate thereof. Excluded from the class are defendants, their parent companies, subsidiaries or affiliates, any co-conspirators, all governmental entities, and any judges or justices assigned to hear any aspect of this action."

*What is this lawsuit about?*

The lawsuit alleges that Defendants and Co-Conspirators engaged in an unlawful conspiracy to fix, raise, maintain or stabilize the prices of CRTs. Plaintiffs further claim that direct purchasers of televisions and monitors that contain a cathode ray tube from the Defendants may recover for the effect that the cathode ray tube conspiracy had on the prices of televisions and monitors. Plaintiffs allege that, as result of the unlawful conspiracy, they and other direct purchasers paid more for CRT Products than they would have absent the conspiracy. Defendants deny Plaintiffs' claims.

*Who are the Defendant and Co-Conspirator companies?*

Beijing-Matsushita Color CRT Company, Ltd.; Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.; Chunghwa Picture Tubes, Ltd.; Daewoo Electronics Corporation (f/k/a Daewoo Electronics Company, Ltd.); Daewoo International Corporation; Daewoo-Orion Societe Anonyme; Hitachi America, Ltd.; Hitachi Asia, Ltd.; Hitachi Displays, Ltd.; Hitachi Electronic Devices (USA), Inc.; Hitachi Ltd.; Irico Display Devices Co., Ltd.; Irico Group Corporation; ~~Irico Group Electronics Co., Ltd.;~~ Koninklijke Philips Electronics N.V. (n/k/a Koninklijke Philips N.V.); LG Electronics Taiwan Taipei Co., Ltd.; LG Electronics USA, Inc.; LG Electronics, Inc.; LP Displays International, Ltd.; Matsushita Electronic Corporation (Malaysia) Sdn Bhd.; Mitsubishi Electric Corporation; Mitsubishi Electric US, Inc. (f/k/a Mitsubishi Electric & Electronics USA, Inc.); Mitsubishi Electric Visual Solutions America, Inc. (f/k/a Mitsubishi Digital Electronics America Inc. (f/k/a Mitsubishi Consumer Electronics America, Inc.)); MT Picture Display Co., Ltd. (f/k/a Matsushita Toshiba Picture Display Co., Ltd.); Orion Electric Co.; Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.); Panasonic Corporation of North America; Philips Consumer Electronics Co.; Philips da Amazonia Industria Electronica Ltda. (n/k/a Philips do Brasil, Ltda.); Philips Electronics Industries (Taiwan), Ltd. (n/k/a Philips Taiwan Limited); Philips Electronics Industries Ltd.; Philips Electronics North America Corporation; Samsung Electronics America, Inc.; Samsung SDI (Malaysia) Sdn. Bhd.; Samsung SDI Brasil Ltda.; Samsung SDI Co., Ltd. (f/k/a Samsung Display Device Company); Samsung SDI Mexico S.A. de C.V.; Shenzhen Samsung SDI Co. Ltd.; Shenzhen SEG Hitachi Color Display Devices, Ltd.; Technicolor SA (f/k/a Thomson SA); Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.); Technologies Displays Americas LLC (f/k/a Thomson Displays Americas LLC); Thai CRT Company, Ltd.; Tianjin Samsung SDI Co., Ltd.; Toshiba America Consumer Products LLC; Toshiba America Consumer Products, Inc.; Toshiba America Electronic Components, Inc.; Toshiba America Information Systems, Inc.; Toshiba America, Inc.; Toshiba Corporation; Toshiba Display Devices (Thailand) Company, Ltd.; and Videocon Industries, Ltd.

*Who are the affiliates and subsidiaries mentioned in the class definition?*

China National Electronics Import & Export Caihong Co.; Chunghwa Picture Tubes Fuzhou; Chunghwa Picture Tubes Taiwan; Daewoo Electronics America, Inc.; Hitachi Electronic Display (USA); Hitachi High-Technologies America, Inc. (f/k/a Nissei Sangyo America, Ltd.); Hitachi High-Technologies Corporation (f/k/a Nissei Sangyo Co., Ltd.); Irico Display Technology Co., Ltd.; Irico Group New Energy Co., Ltd. (f/k/a Irico Group Electronics Co., Ltd.); Irico (USA), Inc.; JVC; LG Electronics Service Europe Netherlands B.V.; LG Electronics Wales Ltd.; LG Philips Displays; LG.Philips Displays Brasil Ltda.; LG.Philips Displays Holding B.V.; LG.Philips Displays International Ltd.; LG.Philips Displays Korea Co. Ltd.; LG.Philips Displays Mexico SA de CV; LG.Philips Displays USA Inc.; MELCO Display Devices Mexico, S.A. de C.V.; Mitsubishi Display Devices America, Inc.; Mitsubishi Electric Sales America, Inc.; Mitsubishi Electric US Holdings, Inc.; Mitsubishi Electronics America, Inc.; Mitsubishi Electronics Industries Canada, Inc.; MT Picture Display Corporation of America (New York); MT Picture Display Corporation of America (Ohio); NEC-Mitsubishi Electric Visual Systems Corporation; NEC-Mitsubishi Electronics Display of America, Inc.; NM Visual Systems de Mexico S. A. de C.V.; Orion Electric Components, Co., Ltd.; Orion Engineering & Service, Inc.; Orion Mexicana, SA de CV; P.T. Tosummit Electronic Devices Indonesia; Panasonic AVC Networks America; Panasonic Sikoku Electronics Corporation of America; PCB Integrated Manufacturing System, S.A. de C.V.; Philips Holding USA Inc.; PT.MT Picture Display Indonesia; Rui Bo Electronics (Hong Kong) Ltd.; Samsung Electronics Co., Ltd.; Samsung SDI (Hong Kong), Ltd.; Samsung SDI America, Inc.; Samsung SDI Co. Ltd. (Korea); Samsung SDI Germany GmbH; Samsung SDI Hungary Ltd.; Samtel Color, Ltd.; Tatung Company of America, Inc.; TCL International Holdings Ltd.; TCL Thomson Electronics Corporation; Technologies Displays Mexicana, S.A. de C.V. (f/k/a Thomson Displays Mexicana, S.A. de C.V.); Tianjin Samsung SDI Co. Ltd.; TTE Technology, Inc.; Xian Caihui Display Technology Co., Ltd.; and Zenith Electronics Corporation (a/k/a Zenith Electronics LLC).

*What are my rights?*

If you wish to remain a member of the Litigated Class you do not need to take any action at this time. If you do not want to be legally bound by future judgments with regard to the Litigated Class, you must exclude yourself in writing by _______________, or you will not be able to sue, or continue to sue, the remaining Defendants about the legal claims in this case.

This is a Summary Notice. For more details, call toll free 1-877-224-3063, visit www.CRTDirectPurchaserAntitrustSettlement.com., or write to CRT Direct Settlement, P.O. Box 808003, Petaluma, CA94975.