1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

10

**NORTHERN DISTRICT OF CALIFORNIA**

11

**OAKLAND DIVISION**

12

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 07-cv-5944-JST<br>Case No. 17-cv-04067-JST<br><br>MDL No. 1917 |
| This document relates to:<br><br>*Luscher v. Mitsubishi Electric Corp.*,<br>No. 17-cv-04067-JST | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT MITSUBISHI ELECTRIC CORPORATION** |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1     This matter comes before the Court on Indirect Purchaser Plaintiffs' ("IPPs") Motion for

2     Preliminary Approval of Class Action Settlement with Defendant Mitsubishi Electric Corporation

3     (the "Motion").

4     WHEREAS IPPs, on behalf of themselves and the proposed settlement class ("Settlement

5     Class"), and defendant Mitsubishi Electric Corporation ("Mitsubishi Electric") have agreed—

6     subject to Court approval following notice to the Settlement Class and a hearing—to settle the

7     above-captioned matter (the "Action") upon the terms set forth in the Settlement Agreement

8     entered into among the parties (the "Settlement Agreement");

9     WHEREAS, this Court has reviewed and considered the Settlement Agreement, the

10    record in this case, the briefs and their supporting exhibits and declarations, and the arguments of

11    counsel;

12    WHEREAS, IPPs have applied for an order to direct notice to the Settlement Class

13    (defined in paragraph 2 below) in connection with the proposed Settlement Agreement pursuant

14    to Rule 23(e)(1) of the Federal Rules of Civil Procedure;

15    WHEREAS, IPPs have presented sufficient information, pursuant to the Federal Rules

16    and this District's Procedural Guidance for Class Action Settlements, to justify directing notice of

17    the proposed Settlement Agreement to the Settlement Class;

18    WHEREAS, this Court finds that it is likely to approve the proposed Settlement

19    Agreement under Rule 23(e)(2), and that it is likely to certify the Settlement Class for purposes

20    of judgment on the proposed Settlement Agreement; and

21    WHEREAS, all defined terms contained herein shall have the same meanings as set forth

22    in the Settlement Agreement;

23    NOW, THEREFORE, IT IS HEREBY ORDERED:

24    1.     The Court does hereby find that it is likely to be able to approve the proposed

25    Settlement Agreement under Rule 23(e)(2). Specifically:

26

27

28

- 1 -

**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT WITH MITSUBISHI ELECTRIC CORPORATION
Master File No. 07-cv-5944-JST, Case No. 17-cv-04067-JST, MDL No. 1917**

1          a.     The class representatives and counsel have vigorously represented the

2    interests of the Settlement Class;

3          b.     The Settlement Agreement was negotiated by arm's-length, informed, and

4    non-collusive negotiations between counsel for IPPs and Mitsubishi Electric under the

5    supervision of a Magistrate Judge;

6          c.     The relief provided for the Settlement Class is adequate, considering: (i)

7    the costs, risks, and delay of trial and appeal, particularly in light of the complex nature of IPPs'

8    case; (ii) the effectiveness and straightforwardness of the proposed claims process, which is

9    similar to the process this Court previously approved; and (iii) the reasonableness of the

10   anticipated request for an award of attorneys' fees and reimbursement of litigation expenses.

11        d.     The Settlement Agreement treats class members equitably relative to each other.

12   IPPs propose to use the same weighted pro-rata plan of distribution that this Court has approved

13   for the prior settlements in this case. This Court is therefore likely to find IPPs' proposed

14   distribution plan fair, reasonable, and adequate.

15        2.     The Court does hereby find that, for purposes of judgment on the proposed

16   Settlement Agreement, it is likely to be able to certify the Settlement Class, which is defined as

17   follows:

18        a.     All persons or entities who or which indirectly purchased in an Indirect Purchaser

19             Jurisdiction,[1] other than Missouri, Montana, and Rhode Island, for their own use

20             and not for resale, CRTs or CRT Products manufactured and/or sold by any

21             Mitsubishi Electric Releasee, or any Alleged Co-Conspirator, where such purchase

22             took place during the following time periods:

---

[1] "Indirect Purchaser Jurisdictions," as defined in Paragraph 5 of the Settlement Agreement, means:  Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

- 2 -

28   **[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH MITSUBISHI ELECTRIC CORPORATION**
**Master File No. 07-cv-5944-JST, Case No. 17-cv-04067-JST, MDL No. 1917**

1         i.    From March 1, 1995 through November 25, 2007 for purchases in Arizona,

2    Arkansas, California, District of Columbia, Florida, Iowa, Kansas, Maine,

3    Massachusetts, Michigan, Minnesota, Mississippi, New Hampshire, New

4    Mexico, New York, North Carolina, North Dakota, Oregon, South

5    Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and

6    Wisconsin;

7         ii.    From June 25, 2002 through November 25, 2007 for purchases in Hawaii;

8         iii.    From July 20, 2002 through November 25, 2007 for purchases in

9    Nebraska;

10        iv.    From February 4, 1999 through November 25, 2007 for purchases in

11   Nevada;

12   b.    All persons who or which indirectly purchased in Missouri from March 1, 1995

13   through November 25, 2007, for their own use and not for resale, and primarily

14   for personal, family or household purposes, CRTs or CRT Products manufactured

15   and/or sold by any Mitsubishi Electric Releasee, or any Alleged Co-Conspirator;

16   c.    All persons who or which indirectly purchased in Montana from March 1, 1995

17   through November 25, 2007, for their own use and not for resale, and primarily

18   for personal, family or household purposes, CRTs or CRT Products manufactured

19   and/or sold by any Mitsubishi Electric Releasee, or any Alleged Co-Conspirator;

20   and

21   d.    All natural persons who indirectly purchased in Rhode Island from March 1, 1995

22   through November 25, 2007, for their own use and not for resale, and primarily

23   for personal, family, or household purposes, CRTs or CRT Products manufactured

24   and/or sold by any Mitsubishi Electric Releasee, or any Alleged Co-Conspirator;

25   e.    Specifically excluded from the Settlement Class are Mitsubishi Electric Releasees,

26   Alleged Co-Conspirators, any federal, state or local government entities, and any

27

- 3 -

28   **[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH MITSUBISHI ELECTRIC CORPORATION**
**Master File No. 07-cv-5944-JST, Case No. 17-cv-04067-JST, MDL No. 1917**

judicial officer presiding over this action and the members of his/her immediate family and judicial staff.

3. The Court concludes that, for the sole purpose of the Proposed Settlement, and without adjudication on the merits, the Settlement Class is sufficiently well-defined and cohesive to merit preliminary approval.

4. Pursuant to Federal Rule of Civil Procedure 23(a)(1), the Court determines that the Settlement Class is so numerous that joinder of all members is impracticable.

5. For purposes of preliminary approval, the commonality requirement of Rule 23(a)(2) is satisfied because IPPs have alleged one or more questions of fact and law common to the Settlement Class, including whether Mitsubishi Electric violated the antitrust and/or various other laws of the following states: Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

6. Pursuant to Rule 23(a)(3), the Court hereby appoints as Representative Plaintiffs of the Settlement Class all of the individuals and entities identified in the First Amended Class Action Complaint, ECF No. 5687, which is incorporated herein by reference, and finds that, for settlement purposes only, these Representative Plaintiffs' claims are typical of the claims of the members of the Settlement Class.  The claims of the Representative Plaintiffs and absent class members rely on the same legal theories and arise from the same alleged conspiratorial conduct by Mitsubishi Electric and its Alleged Co-conspirators, namely, the agreement to fix, raise, maintain and/or stabilize prices of CRTs sold in the United States.

7. The Court preliminarily finds, for the purposes of the Proposed Settlement only, that the Representative Plaintiffs will fairly and adequately protect the interests of the Settlement Class in satisfaction of the requirements of Rule 23(a)(4) because: (a) the interests of the

- 4 -

1    Representative Plaintiffs are consistent with those of the Settlement Class members; (b) there

2    appear to be no conflicts between or among the Representative Plaintiffs and the other Settlement

3    Class members; (c) the Representative Plaintiffs have been and appear to be capable of

4    continuing to be active participants in both the prosecution and the settlement of this litigation;

5    and (d) the Representative Plaintiffs and the Settlement Class members are represented by

6    qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated

7    class action cases, including those concerning violations of antitrust law.

8            8.      The Court preliminarily finds that, for purposes of the Proposed Settlement only,

9    questions of law or fact common to members of the Settlement Class predominate over questions

10   affecting only individual members of the Settlement Class under Rule 23(b)(3). Further, a class

11   action resolution in the manner proposed in the Proposed Settlement would be superior to other

12   available methods for a fair and efficient adjudication of the litigation with respect to Mitsubishi

13   Electric. In making these preliminary findings, the Court has considered, *inter alia*, (a) the

14   interest of the Settlement Class members in individually controlling the prosecution or defense of

15   separate actions; (b) the impracticality or inefficiency of prosecuting or defending separate

16   actions; (c) the extent and nature of any litigation concerning these claims already commenced;

17   and (d) the desirability of concentrating the litigation of the claims in a particular forum.

18           9.      The Court hereby appoints Mario N. Alioto and Trump, Alioto, Trump & Prescott,

19   LLP as Settlement Class Counsel pursuant to Rule 23(g), and finds that these Settlement Class

20   Counsel have protected and will continue to fairly and adequately protect the interests of the

21   Settlement Class.

22           10.     Having found that the Court will likely be able to approve the Settlement

23   Agreement and certify the Settlement Class, the Court finds that there is a sufficient basis for

24   notifying class members of the Proposed Settlement, and enjoining class members from

25   continuing this litigation against Mitsubishi Electric pending the conclusion of the Fairness

26   Hearing.

27

28

- 5 -

1         11.     The Notice Company, Inc. is approved to serve as Settlement and Claims

2    Administrator for the Settlement Class.

3         12.     The Court approves the form and content of the Detailed Notice, attached hereto

4    as Exhibit A, the Summary Notice, attached hereto as Exhibit B, and the Email Notice, attached

5    hereto as Exhibit C.

6         13.     The Court finds that the proposed Notice Plan as described in the Declaration of

7    Joseph M. Fisher filed concurrently with the motion for preliminary approval, and the proposed

8    contents of these notices, meet the requirements of Rule 23 and due process, and are the best

9    notice practicable under the circumstances and shall constitute due and sufficient notice to all

10   persons entitled thereto.

11        14.     The Court finds that it will likely be able to approve the plan of distribution

12   proposed by the IPPs in their motion for preliminary approval, and approves the proposed claim

13   form substantially in the form attached hereto as Exhibit D.

14        15.     Within sixty (60) days from the date of this Order, Settlement Class Counsel are

15   hereby directed to cause the Summary Notice to indirect purchasers, substantially in the form

16   attached hereto as Exhibit B, to be published according to the Notice Plan described in the

17   Declaration of Joseph M. Fisher, filed concurrently with the motion for preliminary approval.

18   The Summary Notice shall direct interested parties to a website, www.CRTclaims.com,

19   maintained by the Settlement Administrator, where the Detailed Notice, substantially in the form

20   of Exhibit A attached hereto, will be provided.

21        16.     All requests for exclusion from the Settlement Class must be postmarked no later

22   than sixty (60) days from the date of publication of notice, and must otherwise comply with the

23   requirements set forth in the Detailed Notice.

24        17.     Any class member who does not properly and timely request exclusion from the

25   Proposed Settlement shall, upon final approval of the Proposed Settlement, be bound by the terms

26   and provisions of the Proposed Settlement so approved, including but not limited to the releases,

27

28

- 6 -

1  waiver and covenants described in the Proposed Settlement, whether or not such person or entity

2  objected to the Proposed Settlement and whether or not such person or entity makes a claim

3  against the Settlement Fund.

4      18.    Any member of the Settlement Class who objects to the Proposed Settlement must

5  do so in writing. The objection must include the caption of this case, be signed, and be submitted

6  to the Court (either by mail or by filing it with the Court) no later than sixty (60) days from the

7  date of publication of notice, and shall otherwise comply with the requirements set forth in the

8  Detailed Notice, including submission of proof of membership in the class. Failure to timely

9  submit a written objection in accordance with the requirements in the Detailed Notice will

10  preclude a class member from objecting to the Proposed Settlement.

11      19.    The Notices shall inform putative members of the Settlement Class that the

12  deadline for the submission of Claim Forms is 120 days from the Notice Publication Date.

13      20.    Any member of the Settlement Class who wishes to speak at the Fairness Hearing

14  must submit a "Notice of Intent to Appear in *In re Cathode Ray Tube (CRT) Antitrust Litigation*,

15  MDL No. 1917" to the Court no later than sixty (60) days from the date of publication of notice,

16  and shall otherwise comply with the requirements set forth in the Detailed Notice.

17      21.    The Court will hold a Fairness Hearing on _____ ___, 2023 at 2:00 p.m.,

18  to determine the fairness, reasonableness, and adequacy of the Proposed Settlement. Any member

19  of the Settlement Class who follows the procedure set forth in the notices may appear and be

20  heard at this hearing. The Fairness Hearing may be continued without further notice to the

21  Settlement Class.

22      22.    All briefs, memoranda and papers in support of final approval of the Proposed

23  Settlement, including an affidavit or declaration of the person under whose general direction the

24  publication of the Summary Notice and the Detailed Notice were made, showing that publication

25  was made in accordance with this Order, shall be filed no later than twenty-one (21) days before

26  the Fairness Hearing and shall be posted on the internet at www.CRTclaims.com. Any briefs,

27

28

1   memoranda and papers in support of a request for attorneys' fees or reimbursement of litigation

2   expenses shall be filed not later than fourteen (14) days before objections to the Proposed

3   Settlement are due and shall be posted on the internet at www.CRTclaims.com.

4        23.    The Court approves the establishment of an escrow account, as set forth in the

5   Proposed Settlement, as "Qualified Settlement Funds" pursuant to Treas. Reg. § 1.468B 2(1).

6   The Court retains continuing jurisdiction over any issues regarding the formation or

7   administration of the escrow account. Settlement Class Counsel and their designees are

8   authorized to expend funds from the escrow accounts to pay Taxes, Tax Expenses and notice and

9   administration costs, as set forth in the Proposed Settlement.

10        24.    The Court grants Settlement Class Counsel the right to use the Settlement Fund

11   for payment of the cost of notice(s) to potential members of the Settlement Class regarding the

12   Proposed Settlement and related matters, without the approval of the Court in each instance, so

13   long as: (a) the expenses incurred or contracted for are reasonable and necessary to carry out the

14   transactions contemplated by the Proposed Settlement, and (b) counsel for Mitsubishi Electric

15   receives from Settlement Class Counsel a full accounting of all expenditures made in the event

16   funds are returned to Mitsubishi Electric under the terms of the Proposed Settlement.

17        25.    All proceedings in this case between IPPs and Mitsubishi Electric are hereby

18   stayed except for any actions required to effectuate the Proposed Settlement or that are otherwise

19   permitted by the Proposed Settlement or agreed to by the IPPs and Mitsubishi Electric.

20

21        SO ORDERED this _____ day of _____, 2022.

22

23

24                         _____

                      Hon. Jon S. Tigar

25                         United States District Judge

26

27                        - 8 -

28   **[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH MITSUBISHI ELECTRIC CORPORATION**
**Master File No. 07-cv-5944-JST, Case No. 17-cv-04067-JST, MDL No. 1917**

# EXHIBIT A

U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If You Bought a Cathode Ray Tube (CRT) or a TV or Computer Monitor That Contained a CRT
## *You Could Get Money from a $33 Million Settlement.*

*A Federal Court authorized this notice.  This is not a solicitation from a lawyer.*

**PLEASE READ THIS NOTICE CAREFULLY.  YOUR LEGAL RIGHTS MAY BE AFFECTED WHETHER OR NOT YOU ACT.**

- This is the fifth legal notice in this litigation involving alleged overcharges on the price of   Cathode Ray Tube ("CRT") Products purchased indirectly from the Defendants. **A $33 million settlement has been reached with Mitsubishi Electric Corporation ("New Settlement").** This settlement is in addition to the previous nine settlements reached with Defendants Chunghwa, LG, Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson, and Technologies Displays America (the "Prior Settlements").

- "CRT Products" include CRTs and products containing CRTs, such as televisions and computer monitors. "Indirectly" means that you purchased the CRT Product from someone other than the manufacturer  of the CRT Product. For example, you bought a CRT television from a retailer, such as Best Buy, or a CRT monitor from Dell.

- You can make a claim for money if you indirectly purchased CRT Products, for your own use and not for resale, in Arizona, Arkansas, California, the District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia or Wisconsin (the "Settlement Class"). The purchase must have been made in one of these states but you do not have to be a resident of these states. Purchases in Missouri, Montana and Rhode Island must have been made primarily for personal, family or household purposes.

- Purchasers in nine additional states are included in the New Settlement that were not included in the Prior Settlements. Those states are Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah.

- Sony Corporation is **not** a defendant and is **not** alleged to have participated in the conspiracy.  Purchases of Sony® branded CRT Products are **not** eligible to be included in claims filed under the New Settlement. All other brands of CRT Products are eligible.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE NEW SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM BY _____, 2023** | If you submitted a valid claim in the Prior Settlements and you do not submit a claim in the New Settlement, then your prior claim will automatically be submitted in the New Settlement. *See* Question 9 below. If you want to submit a claim for purchases of CRT Products that were **not** included in your valid claim in the Prior Settlements, you must submit a claim to receive a payment from the New Settlement. Your claim should include ALL eligible purchases of CRT Products including those you previously claimed in the Prior Settlements. |
| **OBJECT BY _____, 2023** | You can file an objection with the Court explaining why you disagree with the New Settlement, the plan  of distribution, the requested attorneys' fees and litigation expenses, and/or the Class Representative awards. *See* Question 17. |
| **GO TO THE HEARING ON _____, 2023** | Ask to speak to the Court about the New Settlement. *See* Questions 18 and 20. |
| **EXCLUDE YOURSELF BY _____, 2023** | Excluding yourself from the Settlement Class is the only option that allows you to individually sue Mitsubishi Electric Corporation about the claims in this case. *See* Questions 12 and 13. |

**VISIT www.CRTclaims.com OR CALL TOLL FREE 1-800-xxx-xxxx**
**PARA UNA NOTIFICACIÓN EN ESPAÑOL, VISITAR NUESTRO WEBSITE O LLAMAR**

| **DO NOTHING** | If you submitted a valid claim in the Prior Settlements and you have no additional CRT Product purchases to claim, you need not do anything and your previously-submitted valid claim will automatically be submitted in the New Settlement.  If you did **not** submit a valid claim in the Prior Settlements, or if you have additional CRT Products not previously claimed, then you must submit a claim now. If you do nothing, then you will **not** receive payment from the New Settlement for CRT Products not previously claimed and you will give up any rights you currently have to separately sue Mitsubishi Electric for the conduct that is the subject of this litigation. |
|---|---|

These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ................................................................ Page 4
    1.  What is this Notice about?
    2.  What is a Cathode Ray Tube ("CRT")?
    3.  What is a CRT Product?
    4.  What is the lawsuit about?
    5.  What is a class action?

**WHO IS INCLUDED IN THE LAWSUIT** ............................................ Page 6
    6.  Who are the Defendant and its alleged co-conspirators?
    7.  How do I know if I am in the Settlement Class?

**THE NEW SETTLEMENT'S BENEFITS** ............................................ Page 7
    8.  What does the New Settlement provide?
    9.  How much money can I get?
    10.  When will I get a payment?

**HOW TO GET A PAYMENT** ......................................................... Page 9
    11.  How can I get a payment?

**RIGHT TO EXCLUDE YOURSELF** ................................................. Page 9
    12.  Do I have a right to exclude myself from the Settlement Class?
    13.  How do I exclude myself from the Settlement Class?

**REMAINING IN THE SETTLEMENT CLASS** .................................... Page 10
    14.  What am I giving up if I stay in the Settlement Class?

**THE LAWYERS REPRESENTING YOU** ........................................... Page 10
    15.  Do I have a lawyer representing me?
    16.  How will the lawyers be paid?

**OBJECTING OR COMMENTING ON THE NEW SETTLEMENT, PLAN OF DISTRIBUTION, ATTORNEYS' FEES AND LITIGATION EXPENSES, AND AWARDS TO CLASS REPRESENTATIVES** ...................................... Page 11
    17.  How do I object or comment on the New Settlement?

**THE FAIRNESS HEARING** ......................................................... Page 11
    18.  When and where will the Court consider the New Settlement, the plan of distribution, request for attorneys' fees and litigation expenses, and awards to Class Representatives?
    19.  Do I have to come to the hearing?
    20.  May I speak at the hearing?

**GET MORE INFORMATION** ...................................................... Page 12
    21.  Where can I get more information?

**VISIT www.CRTclaims.com OR CALL TOLL FREE 1-800-xxx-xxxx**
**PARA UNA NOTIFICACIÓN EN ESPAÑOL, VISITAR NUESTRO WEBSITE O LLAMAR**

## BASIC INFORMATION

| 1.  What is this Notice about? |
| --- |

This Notice is to inform you about a New Settlement that has been reached which may affect your rights, including your right to file a claim, object to, or exclude yourself from the New Settlement. You have the right to know about the New Settlement and about your legal rights and options before the Court decides whether to approve the New Settlement.

**Settlement Class members are now eligible to file a claim to get a payment from the New Settlement (*see* Question 11).**

The Court in charge is the United States District Court for the Northern District of California. The case is called *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917. The New Settlement relates to claims against Mitsubishi Electric Corporation in *Luscher, et al. v. Mitsubishi Electric Corp.,* Case No. 17-cv-04067-JST ("the Action"). The people and businesses that sued are called the Plaintiffs, and the companies they sued are called the Defendants (*see* Question 6).

| 2.  What is a Cathode Ray Tube ("CRT")? |
| --- |

Cathode Ray Tubes ("CRTs") are a display technology that was widely used in televisions and computer monitors. Before LCD, Plasma and LED display technologies became popular, CRTs were the main technology used in displays. There are two main types of CRTs: Color Display Tubes ("CDTs" or "Monitor Tubes"), which were used to manufacture computer monitors, and Color Picture Tubes ("CPTs" or "TV Tubes"), which were used to manufacture televisions. This is what a CRT looks like:



| 3. What is a CRT Product? |
| --- |

For the purposes of the lawsuit and the New Settlement, "CRT Products" means products containing Cathode Ray Tubes, such as televisions and computer monitors. This is what a CRT Product looks like:

4

VISIT www.CRTclaims.com OR CALL TOLL FREE 1-800-xxx-xxxx
PARA UNA NOTIFICACIÓN EN ESPAÑOL, VISITAR NUESTRO WEBSITE O LLAMAR

**CRT Monitor:**



**CRT Television:**



## 4. What is the lawsuit about?

The lawsuit claims that Mitsubishi Electric Corporation conspired with other CRT manufacturers to fix the prices of CRTs from March 1, 1995 to November 25, 2007, resulting in overcharges to people and businesses that bought CRT Products, such as televisions and computer monitors. Mitsubishi Electric and its alleged co-conspirators deny these claims. The Court has not decided who is right.

The Court previously approved settlements with Chunghwa Picture Tubes Ltd. on March 22, 2012, LG Electronics on April 18, 2014, and Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson, and TDA on July 13, 2020. The total amount of these Prior Settlements is $547,750,000. The New Settlement with Mitsubishi Electric Corporation provides an additional $33,000,000. The Court still has to decide whether to approve the New Settlement. Based on IPP Counsel's experience and their knowledge of the law and the facts in this case, they believe the proposed New Settlement is fair and reasonable, and is in the best interests of class members.

## 5. What is a class action?

In a class action, one or more persons or businesses called class representatives sues on behalf of a group or

5

**VISIT www.CRTclaims.com OR CALL TOLL FREE 1-800-xxx-xxxx**
**PARA UNA NOTIFICACIÓN EN ESPAÑOL, VISITAR NUESTRO WEBSITE O LLAMAR**

a "class" of others with similar claims. If the Court determines that a case should proceed as a class action, everyone's claims can be combined into a single proceeding, creating efficiencies for the parties and the courts. In a class action, the court resolves the issues for all class members except those who exclude themselves from the Class.

## WHO IS INCLUDED IN THE LAWSUIT?

### 6. Who are the Defendant and its alleged co-conspirators?

The "Defendant" is **Mitsubishi Electric Corporation**, a manufacturer and/or seller of CRTs.

The Defendant's alleged co-conspirators (the "Defendants" or "Alleged Co-Conspirators") are other CRT manufacturers that are alleged to have conspired with Defendant to fix CRT prices, and which Plaintiffs also sued:

- Chunghwa Picture Tubes Ltd.; Chunghwa Picture Tubes (Malaysia) SDN. BHD ("Chunghwa");

- LG Electronics Inc.; LG Electronics USA, Inc.; LG Electronics Taiwan Taipei Co., Ltd. ("LG");

- Koninklijke Philips N.V. (f/k/a Koninklijke Philips Electronics N.V.); Philips Electronics North America Corporation; Philips Taiwan Limited (f/k/a Philips Electronics Industries (Taiwan), Ltd.); Philips do Brasil, Ltda. (f/k/a Philips da Amazonia Industria Electronica Ltda.) (collectively "Philips");

- Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.); Panasonic Corporation of North America; MT Picture Display Co., Ltd.; and an affiliate of Panasonic Corporation, Beijing Matsushita Color CRT Co., Ltd. (collectively "Panasonic");

- Hitachi, Ltd.; Hitachi Displays, Ltd. (n/k/a Japan Display Inc.); Hitachi Electronic Devices (USA), Inc.; Hitachi Asia, Ltd.; Hitachi America, Ltd. ("Hitachi");

- Toshiba Corporation; Toshiba America Information Systems, Inc.; Toshiba America Consumer Products, L.L.C.; Toshiba America Electronic Components, Inc. ("Toshiba");

- Samsung SDI Co. Ltd; Samsung SDI America, Inc.; Samsung SDI Brasil, Ltda.; Tianjin Samsung SDI Co., Ltd.; Shenzhen Samsung SDI Co., Ltd; Samsung SDI Malaysia Sdn. Bhd; Samsung SDI Mexico S.A. de C.V. ("Samsung SDI");

- Technicolor SA (f/k/a Thomson SA); Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.) ("Thomson");

- Technologies Displays Americas LLC (f/k/a Thomson Americas LLC) ("TDA");

- LG.Philips Displays, a/k/a LP Displays International, Ltd.;

- IRICO Group Corporation; IRICO Display Devices Co., Ltd.; and IRICO Group Electronics Co., Ltd.;

- Thai CRT Company, Ltd.;

- Samtel Color, Ltd.;

- Orion Electric Company, Ltd.; and

- Videocon Industries, Ltd.

### 7. How do I know if I am in the Settlement Class?

The New Settlement has recovered money ("damages") for consumers who indirectly purchased CRT Products in 30 states and the District of Columbia (the "Settlement Class"). These states and the District of Columbia (together the "States") have antitrust and/or consumer protection laws permitting consumers to sue for damages for antitrust violations.

6

VISIT www.CRTclaims.com OR CALL TOLL FREE 1-800-xxx-xxxx
PARA UNA NOTIFICACIÓN EN ESPAÑOL, VISITAR NUESTRO WEBSITE O LLAMAR

The "Settlement Class" includes:

- All persons or business entities who or which indirectly purchased in Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin, for their own use and not for resale, CRTs or CRT Products manufactured or sold by the Defendant or any Alleged Co-Conspirator (listed in Question 6);
- All persons or business entities who or which indirectly purchased in Missouri or Montana, for their own use and not for resale, and primarily for personal, family, or household purposes, CRTs or CRT Products manufactured or sold by the Defendant or any Alleged Co-Conspirator (listed in Question 6);
- All natural persons who indirectly purchased in Rhode Island, for their own use and not for resale, and primarily for personal, family, or household purposes, CRTs or CRT Products manufactured or sold by the Defendant or any Alleged Co-Conspirator (listed in Question 6).

The purchase must have been made in one of the States.  You do not have to be a resident of one of the States to qualify as a member of the Settlement Class. Those who purchased CRTs or CRT Products for resale ("resellers") are **not** included in the Settlement Class.

IMPORTANT: The Settlement Class includes nine states that were not included in the settlement class for the Prior Settlements. The nine new states are: Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina and Utah.

**The Class Period:** In order to bring a claim, you must have purchased the CRT Product(s) between March 1, 1995 and November 25, 2007.  However, Hawaii, Nebraska and Nevada have slightly shorter class periods.

- Purchases of CRT Products in Hawaii must have been made between June 25, 2002 and November 25, 2007.
- Purchases of CRT Products in Nebraska must have been made between July 20, 2002 and November 25, 2007.
- Purchases of CRT Products in Nevada must have been made between February 4, 1999 and November 25, 2007.

**Exclusions:**

- Specifically excluded from the Settlement Class are the Defendant; its officers, directors or employees; any entity in which the Defendant has a controlling interest; and, any of the Defendant's affiliates, legal representatives, heirs or assigns.
- Also excluded are the Alleged Co-Conspirators, any federal, state or local government entities, any judicial officer presiding over this action and members of his/her immediate family and judicial staff, and any juror assigned to this action.
- Sony Corporation is not a defendant and purchases of Sony® branded CRTs and CRT Products are excluded from the New Settlement.

The specific class definitions are available at www.CRTclaims.com.

## THE NEW SETTLEMENT'S BENEFITS

### 8. What does the New Settlement provide?

The  New Settlement provides that Mitsubishi Electric Corporation will pay Thirty Three Million Dollars ($33,000,000) to Plaintiffs in exchange for a release of the class claims against it. The New Settlement is being presented to the Court for approval. The Court has previously approved nine settlements totaling $547,750,000.

The Settlement Fund of $33,000,000 will be used to pay eligible claimants who purchased CRT Products in

the jurisdictions listed in Question 7 based on an allocation plan described in Question 9.  Any interest earned on the Settlement Fund will be added to the Settlement Fund.  The cost to administer the New Settlement as well as attorneys' fees, litigation expenses and payments to the Class Representatives will be paid from the Settlement Fund (*see* Question 16).

The Settlement Agreement and the papers filed in support of the New Settlement are available for review and download at www.CRTclaims.com, or you can request copies by calling 1-800-xxx-xxxx.

## 9. How much money can I get?

A plan has been submitted to the Court proposing a method for distributing the Settlement Fund to the Settlement Class Members.

- Settlement Class Members who submitted a valid claim in the Prior Settlements <u>and</u> do not submit a claim for additional CRT purchases in the New Settlement ("Prior Claimants") will be deemed to have filed a claim in the New Settlement without any further action taken by that claimant.

- If your claim in the Prior Settlements was denied, then it will not be automatically submitted in the New Settlement.

- If your claim in the Prior Settlements was only partially accepted, then your valid claim consists only of the accepted portion of your prior submission. Only valid claims from the Prior Settlements are automatically submitted in the New Settlement. For example, if you previously submitted a claim for six (6) CRT computer monitors and only four (4) monitors were accepted in the Prior Settlements, then only your valid claim for four (4) CRT computer monitors will be automatically submitted in the New Settlement.

- Reseller claims submitted in the Prior Settlements do not qualify; only end-user claims qualify to be submitted in the New Settlement.

- Settlement Class Members who submitted valid claims after the applicable claims deadlines passed for the Prior Settlements ("Late Claimants") will be treated the same as Prior Claimants for the purposes of the New Settlement.

- All other Class Members, including those who did not previously submit a claim in the Prior Settlements and those who did previously submit a claim and now want to claim for additional CRT purchases, should submit a claim in the New Settlement in order to receive their pro-rata share of the Settlement Fund.

- If you submit a claim for additional CRT purchases in the New Settlement, then your claim in the Prior Settlements will NOT be automatically submitted in the New Settlement. Any claim you submit in the New Settlement must include ALL of your qualifying CRT purchases: those previously claimed plus any additional purchases. Submitting a claim in the New Settlement will not replace or change your claim in the Prior Settlements.

As with the Prior Settlements, payments to claimants will be determined on an adjusted pro-rata basis.  This means that payment amounts will be based on the number of valid claims filed and on the number and type of CRT Products purchased. Based on data obtained during the course of the litigation, claims for different types of CRT Products will be weighted as follows:

- Claims for purchases of Standard CPTs or CRT Televisions (screen size of less than 30 inches) will be weighted as 1 CRT unit;
- Claims for purchases of Large CPTs or CRT Televisions (screen size of 30 inches or larger) will be weighted as 4.3 CRT units; and
- Claims for purchases of CDTs or CRT Computer Monitors will be weighted as 3 CRT units.

Each new claim will be assigned a weighted CRT unit count based on the types of CRT Products purchased, as described above. For example, a Settlement Class Member that purchased two Standard CRT televisions (2 x 1 CRT unit) and one CRT monitor (3 CRT units) would have five CRT units (2 + 3 = 5). A Settlement Class Member that purchased five CRT monitors (5 x 3 = 15 CRT units) and two Large CRT televisions (4.3 x 2 = 8.6 CRT

units) would have 23.6 CRT units (15 + 8.6 = 23.6). This is the same methodology approved by the Court for the Prior Settlements.

At this time, it is unknown exactly how much money each Settlement Class Member will recover because it will depend on how many valid claims are submitted. It is expected that a minimum payment of $10 will be made to all Class Members who submit a valid claim, including claims that are simply carried over from the Prior Settlements.

The maximum payment will be three times the estimated money damages for each claimant, subject to a $10 minimum payment. The plan of distribution is subject to final Court approval and it is possible that the Court may order changes to the plan of distribution. Any changes to the plan of distribution may result in changes to the amount you ultimately receive from the New Settlement. Please continue to check the website for information about changes to the plan of distribution.

More details about the anticipated distribution of the Settlement Fund are available in the papers filed with the Court in support of settlement approval, which are available on the settlement website, www.CRTclaims.com.

The Claim Form provides additional details on how to submit a claim. Further information is available at www.CRTclaims.com or by calling 1-800-xxx-xxxx.

### 10. When will I get a payment?

Payments will be distributed after the Court grants final approval to the New Settlement and after any appeals are resolved. If the Court approves the New Settlement after the hearing on **xxxxxx, 2023**, there may be appeals. We do not know how much time it could take to resolve any appeals that may be filed.

## HOW TO GET A PAYMENT

### 11. How can I get a payment?

If you (i) are a member of the Settlement Class; (ii) did not submit a claim in connection with the Prior Settlements **or** did make a claim in connection with the Prior Settlements but want to make a new claim based on additional purchases of CRT Products not included in your original claim (for example, purchases you made in states not included in the Prior Settlements), you must complete and submit a Claim Form. We strongly encourage you to submit a claim online at www.CRTclaims.com because it reduces administrative costs, leaving more money for distribution to class members. If you do not file online, you can submit a claim by mail.

If you submitted a valid claim in connection with the Prior Settlements and you do not submit a claim in the New Settlement, then your valid claim in the Prior Settlements will be automatically submitted in the New Settlement without further action by you. *See* Question 9 above. Late Claims submitted after the deadline for the Prior Settlements but which are otherwise valid are considered a "valid claim" for the purposes of the New Settlement and need not be resubmitted unless you wish to submit a claim for additional purchases of CRT Products.

The Claim Form can be found and completed or downloaded at www.CRTclaims.com, or you can obtain a copy by calling, toll free, 1-800-xxx-xxxx. If you choose to submit your claim online, you must do so on or before **xxxxx, 2023**. If you choose to submit a Claim Form by mail, it must be postmarked by **xxxxx, 2023**, and mailed to:

CRT Claims
c/o The Notice Company
P.O. Box 778
Hingham, MA 02043

## RIGHT TO EXCLUDE YOURSELF

### 12. Do I have a right to exclude myself from the Settlement Class?

Yes. If you are a Settlement Class Member and you wish to keep your right to sue Mitsubishi Electric Corporation

about the claims alleged and settled in this case (*see* Questions 4 and 7), you must exclude yourself from the Settlement Class. You will not get any money from the New Settlement if you exclude yourself. You may not submit a Claim Form if you exclude yourself from the New Settlement. Requests for exclusion from the Settlement Class in the New Settlement will not result in exclusion from the Prior Settlements.

### 13. How do I exclude myself from the Settlement Class?

If you choose to exclude yourself from the Settlement Class in the New Settlement and keep your right to sue Mitsubishi Electric Corporation on your own, you must send a letter that includes the following:

- Your name, address and telephone number;
- A statement saying that you request exclusion from the Settlement Class and do not wish to participate in the settlement with Mitsubishi Electric Corporation in *Luscher, et al. v. Mitsubishi Electric Corp.*, Case No. 17-cv-04067-JST; and
- Your signature.

You must mail your exclusion request, postmarked no later than **xxxxx, 2031,** to:

CRT Indirect Exclusions
c/o The Notice Company
P.O. Box 778
Hingham, MA 02043

## REMAINING IN THE SETTLEMENT CLASS

### 14. What am I giving up if I stay in the Settlement Class?

If you do not exclude yourself from the Settlement Class, you will have given up your right to sue Mitsubishi Electric Corporation on your own for the claims alleged and settled in this case (*see* Questions 4 and 7) and you will be bound by the New Settlement and all subsequent proceedings, orders and judgments in this lawsuit. In consideration of the Settlement Amount (*see* Question 8), Settlement Class members will release Mitsubishi Electric Corporation (and certain related entities defined in the Settlement Agreement) from all claims arising under any federal law or under the laws of any of the 30 States or the District of Columbia relating to the facts underlying the Action, as more fully described in the Settlement Agreement.

The Settlement Agreement describes the released claims in detail, so read it carefully since the Settlement Agreement is binding on you. If you have any questions, you may call the toll-free number, **1-800-xxx-xxxx**, and speak to the Settlement Administrator for free. You may also consult your own lawyer at your own expense. The Settlement Agreement and the specific release are available at www.CRTclaims.com.

## THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer representing me?

The Court has appointed Trump, Alioto, Trump & Prescott LLP, 2001 Union Street, Suite 482, San Francisco, CA 94123, to represent you as "Class Counsel" for the Settlement Class. You do not have to pay Class Counsel separately. Class Counsel will seek compensation by asking the Court for a share of the settlement proceeds. If you want to be represented by your own lawyer, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

### 16. How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees based on their work on this litigation in the amount of one-third of the $33,000,000 Settlement Fund ($11,000,000), plus reimbursement of their litigation expenses. Class

Counsel will also request awards of $2,000 to each of the Class Representatives who helped the lawyers on behalf of the Classes. Any payment to the attorneys or the Class Representatives will be subject to Court approval, and the Court may award less than the requested amount. Any award of attorneys' fees, litigation expenses and Class Representative awards that the Court orders, plus the costs to administer the Settlements, will come out of the Settlement Fund and are subject to Court approval.

The attorneys' motion for fees, litigation expenses and Class Representative awards will be filed on or before **xxxxx, 2023**. The motion will be posted on the website at www.CRTclaims.com.

### OBJECTING TO OR COMMENTING ON THE NEW SETTLEMENT, PLAN OF DISTRIBUTION, ATTORNEYS' FEES AND LITIGATION EXPENSES, AND AWARDS TO CLASS REPRESENTATIVES

| **17. How do I object or comment on the New Settlement?** |
| --- |

You can ask the Court to deny approval by filing an objection to the New Settlement. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

If you decide to object to the New Settlement, you must do so in writing. The written objection must include the following information:

- Your name, address, telephone number, and if you are being assisted by a lawyer, their name, address and telephone number;
- The Action name and number (*Luscher, et al. v. Mitsubishi Electric Corp.*, Case No. 17-cv-04067-JST, MDL No. 1917);
- Proof of membership in the class;
- A brief but specific explanation of your reasons for objecting; and
- Your signature.

The objection must be submitted to the Court either by mailing it to the Class Action Clerk at the address below, or by filing it in person at any location of the United States District Court for the Northern District of California. **The objection must be filed with the Court or postmarked on or before xxxxx, 2023:**

| **COURT** |
| --- |
| Class Action Clerk<br>United States District Court for the<br>Northern District of California<br>1301 Clay Street, Suite 400 S<br>Oakland, CA 94612 |

## THE FAIRNESS HEARING

| **18. When and where will the Court consider the New Settlement, the plan of distribution, request for attorneys' fees and litigation expenses, and awards to Class Representatives?** |
| --- |

The Court is scheduled to hold a Fairness Hearing to consider the New Settlement at **xx:xx p.m.** on **xxxxx, 2023**, at the United States District Court for the Northern District of California, Courtroom 6, 2nd Floor, 1301 Clay Street, Oakland, CA 94612. The hearing may be conducted in person or it may be conducted

using a video-conferencing technology. The hearing may be moved to a different date or time without additional notice, so you should check the website www.CRTclaims.com for current information.

At this hearing the Court will consider whether the New Settlement is fair, reasonable, and adequate. The Court will also consider the plan of distribution, and the requests for attorneys' fees, litigation expenses and awards to Class Representatives. If there are objections or comments, the Court will consider them at this time. After the hearing, the Court will decide whether to approve the New Settlement, the plan of distribution and the requests for attorneys' fees, litigation expenses and awards to Class Representatives. We do not know how long these decisions will take.

### 19. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. If you file an objection or comment, you do not have to come to Court to talk about it. As long as you filed your written objection on time, your objection will be presented to the Court for its consideration.

### 20. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must file a "Notice of Intent to Appear in *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917." Be sure to include your name, address, telephone number and your signature. Your Notice of Intent to Appear must be submitted to the Court either by mailing it to the Class Action Clerk at the address in Question 17, or by filing it in person at any location of the United States District Court for the Northern District of California no later than **xxxxx, 2023**. You cannot speak at the hearing if you excluded yourself from the Settlement Class.

>> **If the hearing is conducted virtually, instructions for attending the hearing via Zoom will be available on the Court's web page: https://cand.uscourts.gov/judges/tigar-jon-s-jst/.**

## GET MORE INFORMATION

### 21. Where can I get more information?

This notice summarizes the New Settlement. For the precise terms and conditions of the New Settlement, please see the Settlement Agreement available at **www.CRTclaims.com**. We encourage you to check this website regularly for developments in this case. You can also get more information about the settlements in the litigation by:

- Calling 1-800-xxx-xxxx;
- Writing to CRT Questions, c/o The Notice Company, P.O. Box 778, Hingham, MA 02043;
- Accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov; or
- Visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay Street, Suite 400 S, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**ALL INQUIRIES CONCERNING THIS NOTICE
SHOULD BE MADE TO THE SETTLEMENT ADMINISTRATOR**

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE**

# EXHIBIT B

# If You Bought Cathode Ray Tubes or Products containing Cathode Ray Tubes

# Get Money from $33 Million Settlement

# Simple Online Claim Form Takes 3-5 Minutes

A class action Settlement has been reached with Mitsubishi Electric Corporation involving **Cathode Ray Tubes ("CRTs")**, a display device that was the main component in TVs and computer monitors. The lawsuit claims that Mitsubishi Electric conspired with other CRT manufacturers to fix the prices of CRTs, causing consumers to pay more for CRTs and products containing CRTs, such as TVs and computer monitors ("CRT Products").

## Who is included in the Settlement?

Individuals and businesses who or which:

- Indirectly purchased a CRT Product, such as a CRT television or CRT computer monitor, in AZ, AR, CA, FL, HI, IA, KS, MA, ME, MI, MN, MO, MS, MT, NE, NH, NV, NM, NY, NC, ND, OR, RI, SC, SD, TN, UT, VT, WV, WI, or the District of Columbia between March 1, 1995 and November 25, 2007 (HI, NE and NV have shorter claim periods);
- For their own use and not for resale.

Purchases in MO, MT and RI must have been made primarily for personal, family, or household purposes. Indirectly purchased means you purchased any brand of CRT Product (except Sony) from someone other than the manufacturer of the CRT Product, such as a retailer like Best Buy or Costco. Purchases made directly from Mitsubishi Electric or an alleged co-conspirator are not included (alleged co-conspirators are listed at **www.CRTclaims.com** or by calling 1-800-xxx-xxxx).

## What does the Settlement provide?

Mitsubishi Electric has agreed to pay $33 million to settle the claims against it. Qualifying individuals and businesses that purchased CRT Products in the above-listed states are eligible to file a claim. You must have purchased in one of those states, but you do not have to be a resident of one of those states.

The amount of money you will receive depends on the type and quantity of CRT Products you purchased and the total number of claims made. Eligible claimants are expected to receive a minimum payment of $10. More information is available at **www.CRTclaims.com** or by calling 1-800-xxx-xxxx.

## How can I get a payment?

Claim online or by mail by **XXXX xx, 2023.** The simple online Claim Form only takes 3-5 minutes for most individuals. If you previously submitted a valid claim as an end user for indirect purchases of CRT Products in related prior settlements (*In re: Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917 (N.D. CA)), you do not have to resubmit your claim to benefit from this Settlement unless you have additional purchases to claim.

## What are my rights?

If you do nothing, you will be bound by the Court's decisions.  If you want to keep your right to sue Mitsubishi Electric, you must send a written request to the Class Administrator for exclusion from the Settlement Class by **XXXX xx, 2023.** The Court will exclude any class member who timely requests exclusion. If you stay in the Settlement Class, you may object to the Settlement by **XXXX xx, 2022.**

The Court will hold a hearing on **XXXX xx, 2023** at **xx:xx p.m.** to consider whether to approve the Settlement and a request for attorneys' fees up to one-third of the Settlement Fund, plus reimbursement of litigation expenses, and awards to Class Representatives. This date may change so please check the website. You or your own lawyer may appear and speak at the hearing at your own expense.

| For More Information: | For details on how to make a claim, exclude yourself, or object, visit the settlement website: **www.CRTclaims.com**. You may also write to:<br><br>CRT Class Administrator, c/o The Notice Company, P.O. Box 778, Hingham, MA 02043<br>or call 1-800-xxx-xxxx<br><br>Para una notificacion en Espanol, llamar o visitar nuestro website.<br><br>PLEASE DO NOT CONTACT THE COURT |
|---|---|

# EXHIBIT C

## Email Notice

Subject:        Important Legal Notice - You Could Get Money from a Settlement
                Involving TVs and Computer Monitors

This Notice is authorized by the U.S. District Court for the Northern District of
California in the case entitled *In re: Cathode Ray Tube (CRT) Antitrust Litigation*,
MDL No. 1917.  This is not a solicitation from a lawyer.

**For complete information visit the settlement website: www.CRTclaims.com**

A class action Settlement has been reached with Mitsubishi Electric Corporation
involving Cathode Ray Tubes ("CRTs"), a display device that was the main
component in TVs and computer monitors. The lawsuit claims that Mitsubishi
Electric conspired with other CRT manufacturers to fix the prices of CRTs, causing
consumers to pay more for CRTs and products containing CRTs, such as TVs and
computer monitors ("CRT Products").

If you indirectly bought televisions, computer monitors, or other products
containing CRTs, you could get money from this Settlement totaling $33 million.

"Indirectly" means that you purchased the CRT Product from someone other than
the manufacturer of the CRT Product. For example, you bought a CRT television
from a retailer, such as Best Buy, or a CRT monitor from Dell.

A Simple Online Claim Form and more detailed notice of the Settlements is available
online at <active link> www.CRTclaims.com </active link> or by calling toll-free at
1-800-xxx-xxxx.

If you previously submitted a valid claim as an end user for indirect purchases of
CRT Products in related prior settlements (In re: Cathode Ray Tube (CRT) Antitrust
Litigation, MDL No. 1917 (N.D. CA)), you do not have to resubmit your claim to
benefit from this Settlement unless you have additional purchases to claim.

The amount of money you will receive depends on the type and quantity of CRT
Products you purchased and the total number of claims made. Eligible claimants are
expected to receive a minimum payment of $10.

Please read the notice carefully. Your legal rights may be affected whether or not
you act.

You can make a claim for money if you indirectly purchased CRT Products, for your
own use and not for resale, in Arizona, Arkansas, California, the District of Columbia,
Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota,
Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico,

New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia or Wisconsin (the "Settlement Class").

The purchase must have been made in one of these states but you do not have to be a resident of these states. Purchases in Missouri, Montana and Rhode Island must have been made primarily for personal, family or household purposes.

Purchasers in nine additional states are included in this Settlement with Mitsubishi Electric Corporation that were not included in prior settlements involving indirect purchases of CRT Products. The nine additional states are: Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah.

**Be sure to check your eligibility by going to <active link> www.CRTclaims.com </active link>.**

If you do nothing, you will be bound by the Court's decisions.  If you want to keep your right to sue Mitsubishi Electric, you must send a written request to the Class Administrator for exclusion from the Settlement Class by XXXX xx, 2023. The Court will exclude any class member who timely requests exclusion. If you stay in the Settlement Class, you may object to the Settlement by XXXX xx, 2022.

The Court will hold a hearing on XXXX xx, 2023 at xx:xx p.m. to consider whether to approve the Settlement and a request for attorneys' fees up to one-third of the Settlement Fund, plus reimbursement of litigation expenses, and awards to Class Representatives. This date may change so please check the website. You or your own lawyer may appear and speak at the hearing at your own expense.

**Questions? Visit the settlement website at www.CRTclaims.com**

You may also contact us as follows:

CRT Claims Administrator
c/o The Notice Company
P.O. Box 778
Hingham, MA 02043
1-800-xxx-xxxx

Para una notificacion en Espanol, llamar o visitar nuestro website.
PLEASE DO NOT CONTACT THE COURT

# EXHIBIT D

**In Re: Cathode Ray Tube (CRT) Antitrust Litigation (MDL No. 1917)**

(*U.S. District Court for the Northern District of California*)

## MITSUBISHI ELECTRIC SETTLEMENT
### CATHODE RAY TUBE (CRT) INDIRECT PURCHASER CLAIM FORM
#### Deadline for Submission is _____, 2023

### GENERAL INSTRUCTIONS & DEFINITIONS

This Claim Form is for the Mitsubishi Electric Settlement ("**New Settlement**") in the Cathode Ray Tube ("CRT") indirect purchaser litigation. Your claim must be submitted online, or mailed and postmarked, on or before _____, 2023. **Additional information is provided in the Detailed Notice of Settlement, available at www.CRTclaims.com.**

The New Settlement **includes** indirect purchases of **CRT Products manufactured by Mitsubishi AND by other companies**. Only Sony® branded CRT Products are NOT eligible to be included in this case.  All other brands of CRT Products are eligible.

**What are CRT Products?**  CRT Products include Cathode Ray Tubes ("CRTs") and products containing CRTs, such as televisions and computer monitors.  **What is an "Indirect" Purchase?**  "Indirect" means that you purchased the CRT Product from someone other than the manufacturer of the CRT Product. For example, you bought a CRT television from a retailer, such as Best Buy, or a CRT monitor from Dell. **See the Detailed Notice for additional information**.

**Who should submit a claim in the New Settlement?**

- **First-time Claimants:**  If you did *not* submit a claim in prior settlements involving indirect purchases of CRT Products ("Prior Settlements") or you submitted a claim that was denied ("Invalid Claim"), then you are considered a "First-time Claimant."  **You *must* complete and submit a Claim Form in order to get a payment from the New Settlement.**

- **Prior Claimants:**  If you (or someone on your behalf) submitted a Claim that was not denied in the Prior Settlements ("Valid Claim")  *and* you do not have any additional purchases on which to base claims in the New Settlement, you are considered a "Prior Claimant." **You do *not* need to submit a claim in the New Settlement.**  Your Valid Claim from the Prior Settlements will be automatically submitted in the New Settlement without any further action taken by you, ***unless*** you make a New Claim Submission. If your claim in the Prior Settlements was only **partially accepted**, then your Valid Claim consists only of the accepted portion of your prior submission. ***For example***, if you previously submitted a claim for 6 CRT computer monitors and only 4 monitors were accepted in the Prior Settlements, then your Valid Claim for 4 (and only 4) CRT computer monitors will be automatically submitted in the New Settlement.

- **Repeat Claimants:**  If you already submitted a Valid Claim in connection with the Prior Settlements but you now want to submit a claim for purchases of **additional CRT Products that were not included in your prior Valid Claim ("Newly Claimed Units")**, you are considered a "Repeat Claimant." Repeat Claimants are expected because you can now claim for purchases in **nine states** that were not included in the Prior Settlements. The new states are Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah.

- **IMPORTANT: If you submit a claim in the New Settlement ("New Claim Submission"), then your previous claim in the Prior Settlements will NOT be submitted in the New Settlement**. Your New Claim Submission must include **ALL** of your qualifying CRT purchases, including those previously claimed *and* your additional purchases not previously claimed. Purchases claimed in the Prior Settlements will **NOT** be automatically included in a New Claim Submission.

### REMINDER

Please make sure that you:
1. Complete the entire Claim Form on page 1;
2. Sign and date the Claim Form;
3. Submit your Claim Form on or before _____, **2023**, online or by mail to:

| | | |
|---|---|---|
| **www.CRTsettlement.com** | **OR** | CRT Claims<br>c/o The Notice Company<br>P.O. Box 778<br>Hingham, MA 02043 |

4. Keep a copy of the completed Claim Form for your records;
5. Retain any proof of purchase documentation you may have for CRT Products until your claim is closed; You will be notified if you are required to provide this documentation during the claim verification process.
6. We urge you to check the website, **www.CRTclaims.com,** above regularly for further developments in this case.

**In Re: Cathode Ray Tube (CRT) Antitrust Litigation (MDL No. 1917)**
*(U.S. District Court for the Northern District of California)*

## MITSUBISHI ELECTRIC SETTLEMENT
### CATHODE RAY TUBE (CRT) INDIRECT PURCHASER CLAIM FORM
### Deadline for Submission is _____, 2021

**Which States and Consumers does the New Settlement cover?**

In order to make a valid claim, you must have been an "Eligible Consumer" who purchased your CRT Product(s) in an "Eligible State" during the specified timeframes ("Claims Periods") as follows:

| Eligible States | Eligible Consumers | Claims Periods |
|---|---|---|
| Arizona, Arkansas, California, District of Columbia, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin | All persons or entities (individual or business) that indirectly purchased CRT Products for their own use and not for resale | March 1, 1995 through November 25, 2007 |
| Hawaii | All persons or entities (individual or business) that indirectly purchased CRT Products for their own use and not for resale | June 25, 2002 through November 25, 2007 |
| Nebraska | All persons or entities (individual or business) that indirectly purchased CRT Products for their own use and not for resale | July 20, 2002 through November 25, 2007 |
| Nevada | All persons or entities (individual or business) that indirectly purchased CRT Products for their own use and not for resale | February 4, 1999 through November 25, 2007 |
| Missouri and Montana | All persons or entities (individual or business) that indirectly purchased CRT Products for their own use and not for resale, and primarily for personal, family or household purposes | March 1, 1995 through November 25, 2007 |
| Rhode Island | All **natural persons** who indirectly purchased CRT Products for their own use and not for resale, and primarily for personal, family, or household purposes | March 1, 1995 through November 25, 2007 |

The Claim Form must be dated and signed by the Class Member (or, if deceased, by an estate representative). Your signature affirms that your purchases meet the Eligibility Criteria (see below).

**ELIGIBILITY CRITERIA**: To qualify for compensation in this settlement, your claimed CRT purchases must:
1. Have been made in an Eligible State(s) within the relevant Claim Period(s) listed in the above chart;
2. Meet the Eligible Consumers restrictions for the Eligible State(s), paying particular attention to those purchases made in Missouri, Montana and Rhode Island;
3. Have been Indirect Purchases (see definition on page 2);
4. Not include any purchases of Sony® branded CRT Products; and
5. Not include purchases of CRT Products intended for resale to others.

**THIRD-PARTY SUBMISSIONS:**  If you are submitting a Claim Form on behalf of someone else, either an individual (natural person), an estate, or a business, you must register with the Settlement Administrator.  Please email audit@CRTclaims.com for directions.

**In Re: Cathode Ray Tube (CRT) Antitrust Litigation (MDL No. 1917)**

*(U.S. District Court for the Northern District of California)*

## MITSUBISHI ELECTRIC SETTLEMENT
### CATHODE RAY TUBE (CRT) INDIRECT PURCHASER CLAIM FORM
### Deadline for Submission is _____, 2023

**For INDIVIDUAL (NATURAL PERSONS) use only.  Not for business claims.**

*See pages 2-3 for General Instructions and Definitions*

☐ Check here if you are submitting this claim on behalf of someone else. If so, please email audit@CRTclaims.com for directions.

### PART 1: CLAIMANT INFORMATION

First Name of Class Member | M.I.

Last Name of Class Member

Class Member's (or Estate Representative's) Mailing Address: Number and Street or P.O. Box

City | State | Zip Code

Email Address

Provide Last 4 Digits of Social Security Number | Provide Date of Birth (Month and Year)

X X - X X -   ***OR***   / X X /

Did you submit a claim in the Prior Settlements?

*If yes, this claim form must include previously claimed CRT units as well as newly claimed CRT units.*

**Yes** | **No**

### PART 2: PURCHASE INFORMATION

Provide the **total number** (*NOT amount paid*) of CRT Products purchased during the Claims Periods in eligible states (see pg. 3).

For example, if you purchased two 19" TVs & one 32" TV, you would put a 2 under Standard CRT TV & 1 under Large CRT TV.

| PRODUCT TYPE | Standard CRT Television (screen size less than 30 inches) | Large CRT Television (screen size 30 inches or larger) | CRT Computer Monitor | Other CRT Product(s) (Describe the products in the space below) |
|---|---|---|---|---|
| NUMBER OF CRT PRODUCTS PURCHASED | | | | |
| DESCRIPTION OF OTHER CRT PRODUCTS | | | | |

### PART 3: SIGN AND DATE CLAIM FORM

I declare under penalty of perjury under the laws of the United States of America, that the information provided in this Claim Form is true and correct to the best of my knowledge and belief. I declare that my purchases were made in eligible states, within the eligible Claims Periods, and that my purchases were NOT directly from Mitsubishi Electric nor an Alleged Co-Conspirator.

**REVIEW THE STATE AND CLAIMS PERIODS ON PAGE 3 TO CONFIRM YOUR PURCHASES ARE ELIGIBLE FOR COMPENSATION.**

Signature of Class Member (or Estate Representative) | Date (MM/DD/YYYY)

/ /

Print Name

***Claims may be audited and any false or fraudulent claim is subject to prosecution.***

**In Re: Cathode Ray Tube (CRT) Antitrust Litigation (MDL No. 1917)**

*(U.S. District Court for the Northern District of California)*

## MITSUBISHI ELECTRIC SETTLEMENT
### CATHODE RAY TUBE (CRT) INDIRECT PURCHASER CLAIM FORM
### Deadline for Submission is _____, 2023

**For BUSINESS use only.  Not for individual (natural persons) claims.**

*See pages 2-3 for General Instructions and Definitions*

☐ Check here if you are submitting this claim on behalf of someone else. If so, please email audit@CRTclaims.com for directions.

### PART 1:  CLAIMANT INFORMATION

Entity Name / Business Name of Class Member

Person to contact if there are questions regarding this claim

Class Member's Mailing Address: Number and Street or P.O. Box

City                                                                                    State        Zip Code

Email Address

Provide Federal Taxpayer Identification Number          Provide Date of Formation/Incorporation          *May be claimed a claim in the*

| | | | - | | | | | |        **OR**        | | / | | / | |            Prior Settlements?

*If yes, this claim form must include previously claimed CRT units as well as newly claimed CRT units.*

During the Claims Period, provide the average number of *(Include Eligible States only):*

**Employees** | | | | | |    **AND**    **Locations** | | | | | |        **Yes** | |    **No** | |

### PART 2:  PURCHASE INFORMATION

Provide the **total number** (*NOT amount paid*) of CRT Products purchased during the Claims Periods in eligible states (see pg. 3).

For example, if you purchased two 19" TVs & one 32" TV, you would put a 2 under Standard CRT TV & 1 under Large CRT TV.

| PRODUCT TYPE | Standard CRT Television (screen size less than 30 inches) | Large CRT Television (screen size 30 inches or larger) | CRT Computer Monitor | Other  CRT Product(s) (Describe the products in the space below) |
|---|---|---|---|---|
| NUMBER OF CRT PRODUCTS PURCHASED | | | | |
| DESCRIPTION OF OTHER CRT PRODUCTS | | | | |

### PART 3: SIGN AND DATE CLAIM FORM

I declare under penalty of perjury under the laws of the United States of America, that the information provided in this Claim Form is true and correct to the best of my knowledge and belief. I declare that my purchases were made in eligible states, within the eligible Claims Periods, and that my purchases were NOT directly from Mitsubishi Electric nor an Alleged Co-Conspirator.

**REVIEW THE STATE AND CLAIMS PERIODS ON PAGE 3 TO CONFIRM YOUR PURCHASES ARE ELIGIBLE FOR COMPENSATION.**

Signature of Authorized Business Representative                              Date (MM/DD/YYYY)

| | / | | / | |

Print Name of Authorized Business Representative

Title of Authorized Business Representative

*Claims may be audited and any false or fraudulent claim is subject to prosecution.*