**Pages 1 - 14**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Jon S. Tigar, Judge

|  |  |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | ) ) ) ) ) ) **NO. CV 07-5944-JST** **MDL No. 1917** |

Oakland, California
Thursday, August 11, 2022

**TRANSCRIPT OF ZOOM PROCEEDINGS**

**APPEARANCES**:

For Direct Purchaser Plaintiffs:
    SAVERI & SAVERI, INC.
    700 Sansome Street
    San Francisco, CA  94111
  **BY:  RICHARD SAVERI, ESQUIRE**
    **GEOFFREY RUSHING, ESQUIRE**
    **MATTHEW HEAPHY, ESQUIRE**
    **DAVID HWU, ESQUIRE**

For Indirect Purchaser Plaintiffs:
    BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER
    2125 Oak Grove Road, Suite 125
    Walnut Creek, CA  94598
  **BY:  DANIEL BIRKHAEUSER, ESQUIRE**

    TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
    2280 Union Street
    San Francisco, CA  94123
  **BY:  LAUREN CAPURRO, ESQUIRE**

Reported By:  Pamela Batalo-Hebel, CSR No. 3593, RMR, FCRR
      Official Reporter

**APPEARANCES CONTINUED:**

For Irio Defendants:
                BAKER BOTTS LLP
                700 K Street, N.W.
                Washington, DC  20001
     **BY:**  **ANDREW LUCARELLI, ESQUIRE**
            **JOHN M. TALADAY, ESQUIRE**
            **KAYLEE YANG, ESQUIRE**
            **THOMAS CARTER, ESQUIRE**

|   |   |
|---|---|
| 1 | **Thursday - August 11, 2022**                                    **2:00 p.m.** |
| 2 | **P R O C E E D I N G S** |
| 3 | ---oOo--- |
| 4 | **THE CLERK:** Your Honor, now calling CV 07-5944-JST MDL |
| 5 | No. 1917 In Re: Cathode Ray Tube (CRT) Antitrust Litigation. |
| 6 | If counsel could please state their appearances for the |
| 7 | record, starting with counsel for plaintiffs. |
| 8 | **MR. SAVERI:** Good afternoon, Your Honor. Rick Saveri |
| 9 | on behalf of the Direct Purchaser Plaintiffs. |
| 10 | **MS. CAPURRO:** Good afternoon, Your Honor. Lauren |
| 11 | Capurro on behalf of the Indirect Purchaser Plaintiffs. |
| 12 | **MR. BIRKHAEUSER:** Good morning, Your Honor. Daniel |
| 13 | Birkhaeuser, also on behalf of the Indirect Purchaser |
| 14 | Plaintiffs. |
| 15 | **THE COURT:** Mr. Rushing, your microphone is muted. |
| 16 | **MR. RUSHING:** Is that better, Your Honor? |
| 17 | **THE COURT:** It is. |
| 18 | **MR. RUSHING:** Thank you. Sorry. Geoffrey Rushing for |
| 19 | the Direct Purchaser Plaintiffs. |
| 20 | **MR. HEAPHY:** Good afternoon, Your Honor. Matthew |
| 21 | Heaphy for the Direct Purchaser Plaintiffs. |
| 22 | **MR. TALADAY:** Good afternoon, Your Honor. John |
| 23 | Taladay for the Irico Defendants. |
| 24 | And could I ask the CDR [sic] to promote our colleague, |
| 25 | Tom Carter, as well. Oh, there he is. |

```
 1              THE COURT:  Wish granted.
 2              MR. TALADAY:  Thank you.
 3              MR. LUCARELLI:  Your Honor, Andrew Lucarelli, Baker
 4   Botts, on behalf of the Irico Defendants.
 5              MR. CARTER:  Your Honor, Tom Carter for the Irico
 6   Defendants.
 7              MS. YANG:  Good afternoon, Your Honor.  Kaylee Yang on
 8   behalf of the Irico Defendants.
 9              MR. HWU:  David Hwu on behalf of the Direct Purchaser
10   Plaintiffs.
11              THE COURT:  Very good.  I think that's everyone.
12   Would you speak up if you've not entered your appearance.  All
13   right.  We are on the record.
14         The matter is on calendar for hearing on Irico's motion
15   for relief from scheduling order that appears at Docket No.
16   6027.  I read the papers.  It's not complicated.  I'm happy to
17   hear argument.  I don't anticipate they need to be that
18   lengthy.
19         Mr. Taladay, it's your motion.  Who from your side would
20   like to argue?
21              MR. TALADAY:  I will speak, Your Honor.  And we were
22   expecting Evan Werbel from our office as well.  I don't know
23   whether he is having challenges, but he may seek to join.
24              THE COURT:  Give me just one second.  He is not in the
25   attendee's column, so I don't know where he is.
```

1       Go ahead.

2       **MR. TALADAY:** Thank you, Your Honor. We will proceed.

3       Your Honor, I agree it's not a complicated issue. I think it's an issue that is fairly unique. We hadn't seen it in the case law that we'd searched. I think there is some guidance there.

7       Your Honor, what we are seeking is the opportunity to have these witnesses provide their testimony. Given the, you know, circumstances that they were under at the time they chose to not attend the previously scheduled depositions, there are changes that have happened since then and the quarantine requirements, and we're hopeful, Your Honor, that with additional time, we will be able to convince the witnesses to appear for the depositions. We think it's justified, Your Honor, because they are, you know, material witnesses to the case.

17      Also, Your Honor, this can be accommodated without changing the trial schedule, and the schedule that we proposed, Your Honor, is essentially the same pacing that was in the schedule that had existed prior to this motion. So we simply pushed it back. And maybe it's fortuitous because we did have to push back the scheduling of the IPP trial because of the unavailability of their counsel once that had to be bumped, but the schedule can essentially be replicated from where it was before, so we don't think there is prejudice to the plaintiffs

1   in that regard.  And we think that the case would be best
2   served by allowing this additional time.
3           **THE COURT:**  What is it that makes you think it's any
4   more likely these witnesses will appear for their depositions
5   than it has been to this point because I don't see any
6   change -- because presumably there's some set of circumstances
7   that would cause them to appear, and those circumstances have
8   not occurred to date.  And I do not include persuasion in those
9   circumstances because I assume your client has already tried to
10  persuade them, and months have gone by.  So what is it that's
11  going to change?
12          **MR. TALADAY:**  Your Honor, two things.  First of all,
13  some things have changed since our motion; namely, that the
14  quarantine periods have been reduced.  When we heard from the
15  plaintiffs that they wouldn't attend, the required quarantine
16  period was 21 days minimum in quarantine plus 3 at home.  Those
17  have now been changed to 7 days of quarantine plus 3.
18          In addition, Your Honor --
19          **THE COURT:**  Have they agreed to appear?  That's great.
20  Did they agree?
21          **MR. TALADAY:**  Not yet, Your Honor.  Frankly, I'm
22  hoping that with a re-set date and with backs against the wall
23  and with any additional persuasion we can possibly come up
24  with, that they will appear, Your Honor.  That is our sincere
25  hope, and that is Irico's hope as well.

1     One other change of circumstances, Your Honor, is that one
2  of our witnesses was particularly concerned because his father,
3  who he was attending to, was ill and in the hospital.
4  Unfortunately his father has passed away.  He has been out on
5  bereavement leave, and we have not yet had a chance to talk to
6  him because of that.  So I don't know how that will affect his
7  willingness, but that is a change in circumstance.
8     **THE COURT:**  Thank you.
9     That was admirably brief.
10    Who would like to speak on behalf of the plaintiffs?
11    **MS. CAPURRO:**  Good afternoon, Your Honor.  Lauren
12 Capurro on behalf of the Indirect Purchaser Plaintiffs.
13    I will keep this very brief because I think Your Honor has
14 a handle on the situation, and that is even though Mr. Taladay
15 is now informing us that the quarantine requirements are
16 two-thirds less than what they were at the time these witnesses
17 refused to travel, that they are still refusing to travel, so
18 it is not clear that -- these witnesses and Irico are hoping
19 that China is going to lift their COVID restrictions entirely,
20 and there is just no basis in Irico's papers, and we have been
21 unable to find any basis for that on the news.  There's no
22 basis to believe that China is going to lift their quarantine
23 restrictions entirely.
24    Indeed, if the quarantine restrictions are as low as they
25 are right now, this could be our window right now to take these

1  depositions, and yet Irico is -- and the witnesses are still
2  refusing to do so.
3      A six-month extension takes us into the fall and winter
4  when, in the last three years of the pandemic, COVID cases have
5  increased, and as Irico notes in their motion, China is
6  continuing to pursue their zero COVID policy; therefore, the
7  likelihood that they are going to lift their COVID restrictions
8  entirely is almost nil.
9      And so we are facing -- the plaintiffs are facing the
10 possibility of losing six months in the schedule for nothing,
11 for us to all end up in the same position we're in six months
12 from now and Irico to inform us, "I'm sorry, these witnesses
13 are not prepared to appear," and there will be no consequences
14 for Irico, and they will, I suppose, move for another extension
15 of time.
16     I mean, their motion doesn't say what the situation will
17 be if that happens, but that's essentially -- since they
18 refused to agree to there being any consequences, that's
19 essentially what they're asking for.
20     So, I mean, changing your mind -- these quarantine
21 restrictions have been in place the entire time, and for the
22 witnesses to simply change their mind at the last minute after
23 plaintiffs have granted them every extension of time that they
24 previously requested is just untenable.  It does not qualify as
25 good cause to modify the schedule, particularly in this case

1    where there is absolutely no guarantee that they will ever
2    agree to appear.
3        I think that's all I have to say.
4        As far as the schedule is concerned, although Mr. Taladay
5    is correct that the schedule he is proposing is of similar
6    timing to what the schedule was at the beginning of the case,
7    it is not the case now.  In the most recent schedule that
8    Your Honor ordered, which I think was 6024, we have a year to
9    do summary judgment motions and *Daubert* motions and for
10   Your Honor to hear those, decide those, and then motions in
11   limine, taking us all the way to trial next July.  Mr. Taladay
12   is now proposing to compress all of those things into a
13   five-month schedule from January until July, and all -- and to
14   do all of that without the promise that we're ever going to get
15   these witnesses.  So it could all be for naught.
16       Irico's motion ultimately seeks to put all of the burden
17   of these witnesses refusing to appear onto plaintiffs rather
18   than taking any responsibility for their failure to appear
19   themselves.  While it might not be Irico's fault that they
20   refused to appear, it is certainly their responsibility.  It is
21   not plaintiffs', and we should not have to suffer all of the
22   prejudice associated with it.
23       Thank you, Your Honor.
24          **THE COURT:**  Thank you, Ms. Capurro.
25          **MR. SAVERI:**  Your Honor, may I speak just very briefly

1   on this point?
2          **THE COURT:**  Do you also represent the same client as
3   Ms. Capurro?
4          **MR. SAVERI:**  No, I do not.  I'm the Direct Purchaser.
5          **THE COURT:**  I see.  Then, yes, you may.
6          **MR. SAVERI:**  Thank you.
7       Very briefly, I just want to -- after reviewing -- it's
8   been one year.  Since August of last year we have been trying
9   to get witnesses.  To date they have never produced one
10  witness.
11      During that time, it's never been impossible for them to
12  produce a witness.  It's not impossible.  It's inconvenient.
13  That's all it is, Your Honor.  It's time and inconvenience on
14  behalf, but that doesn't raise to the level of good cause,
15  Your Honor.
16      And it's been one year.  The time period is over.  We feel
17  it should end, and we should get on to the next phase.
18      The last time we spoke about this, we didn't have a -- the
19  class cert.  We've gotten your order.  We are working on a
20  notice.  We are going to appear before Your Honor shortly to
21  get a schedule.  We feel discovery should be over, and let's
22  get this case moving and toward a trial date and resolution.
23      Thank you, Your Honor.
24         **THE COURT:**  Thank you, Mr. Saveri.
25      Mr. Taladay, it's your burden.  Last word?

1          **MR. TALADAY:**  Yes, Your Honor.
2          To respond to a couple of points, first of all,
3  Your Honor, we know this is our last hoorah in terms of trying
4  to get these depositions scheduled, and if they are not
5  conducted within whatever time frame Your Honor permits, we
6  know we don't have another opportunity to extend.
7          Secondly, Your Honor, I'm not going to pretend to know how
8  COVID will progress in China or Macao or to know how China will
9  alter its quarantine requirements.  Ms. Capurro seems to think
10 she does know.  Your Honor, the only thing we can do is do our
11 very best within the time frame we have and within the
12 circumstances as they evolve, which is what we've done the
13 entire time.
14         The highly ironic and completely facetious side of me
15 thinks that if plaintiffs' counsel were required to endure the
16 same quarantine requirements as the witnesses, they may have a
17 different view on the burden of the quarantine period.
18         But, Your Honor, as Ms. Capurro acknowledges, we could
19 stay on the same schedule that Your Honor had suggested in its
20 previous order, still get to trial.  I would just note that
21 there are seven months between January and July, not five.
22         And in terms of what happens if these witnesses don't
23 appear, Your Honor, I would think if they don't appear -- if
24 the witnesses don't appear, I would think that plaintiffs could
25 move for sanctions if they feel it appropriate.  We could be

```
1    heard on that, and Your Honor could decide at that time what
2    sanctions are appropriate.
3              THE COURT:  Thank you, Mr. Taladay.
4         Is the matter submitted?  I'm hearing overwhelming
5    silence.
6              MR. SAVERI:  Submitted, Your Honor.
7              THE COURT:  I take that as submitted.
8              MR. SAVERI:  Nothing further from the Direct Purchaser
9    Plaintiffs.
10             THE COURT:  The Court is going to rule from the bench.
11   There won't be a written order.  Anybody who wants a written
12   order should get a copy of the transcript.
13        The matter is on calendar for a motion for relief from
14   scheduling order under Rule 16.  Relief from the scheduling
15   order under Rule 16 requires a showing of good cause.  I find
16   that that showing has not been made in this case.
17        The plaintiffs are entitled either to discovery from these
18   witnesses or to the knowledge that these witnesses are not
19   available, and they're entitled to it by a date certain.  Irico
20   does not provide a date certain.  It doesn't even provide a
21   likely date.  It offers the hope that someday perhaps
22   circumstances will change such that these witnesses will
23   voluntarily appear.
24        The delay in the production of these witnesses
25   unquestionably causes injury to the plaintiffs and also injury
```

1     and inconvenience to the Court.  The compression -- the
2     potential compression of the Court's schedule as identified by
3     Ms. Capurro is right, whether or not she was off by a month or
4     two.
5          All that having been said, the Court is unable to find
6     good cause under Rule 16.
7          Irico does suggest that what's needed here, to quote
8     Mr. Taladay, are a re-set date and backs against the wall.
9     That wish I can grant.
10         These witnesses will appear within four weeks of today for
11    their deposition, that is, by September 8th -- well, we'll make
12    it the 9th, which is a Friday.  We will make it by
13    September 9th, 2022.  They will appear or they won't.  That's
14    all.
15         If they do not appear for deposition by that date, the
16    parties shall immediately begin meeting and conferring, and on
17    September 23rd, 2022, file a document of not longer than 15
18    double-spaced pages, a joint document, in which they debate
19    what the legal consequence of the witnesses' non-appearance is.
20    I don't say "sanction."  I say "legal consequence."  If the
21    witnesses didn't testify, that's got to have some legal
22    consequence.
23         If the parties think that further briefing is necessary
24    because they think there's been some bad faith or discovery
25    failure on Irico's part, they can ask the Court for leave to

```
 1    file those briefs, but for now, that's not what I'm asking for.
 2         If fewer than all of the witnesses identified in these
 3    papers testify, then by September 23rd, 2022, the parties shall
 4    either file a document indicating that they are nonetheless
 5    dropping their dispute or setting forth their competing
 6    positions on what the legal consequence is of that witness' or
 7    those witnesses' failure to appear.
 8         Questions from the floor?
 9             MR. SAVERI:  No, Your Honor.
10             MR. TALADAY:  No questions, Your Honor.
11             MS. CAPURRO:  No.  Thank you, Your Honor.
12             THE COURT:  Very good.  Thank you, all.
13                 (Proceedings adjourned at 2:17 p.m.)
```

```
 1

 2

 3                    CERTIFICATE OF REPORTER

 4          I certify that the foregoing is a correct transcript

 5   from the record of proceedings in the above-entitled matter.

 6

 7   DATE:    Tuesday, August 16, 2022

 8

 9   _____

10   Pamela Batalo Hebel, CSR No. 3593, RMR, FCRR
     U.S. Court Reporter
11
```