1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. CV-07-5944 SC<br>MDL No. 1917 |
|---|---|
| This Document Relates To:<br><br>ALL INDIRECT PURCHASER ACTIONS<br>ALL DIRECT PURCHASER ACTIONS | **STIPULATION AND [PROPOSED] ORDER RE REMOTE DEPOSITION PROTOCOL** |

STIPULATION AND [PROPOSED] ORDER RE REMOTE DEPOSITION PROTOCOL

Direct Purchaser Plaintiffs ("DPPs"), Indirect Purchaser Plaintiffs ("IPPs") (together, "Plaintiffs"), and Defendants Irico Group Corporation and Irico Display Devices Co., Ltd. ("Irico" or the "Irico Defendants"), by and through the undersigned counsel and pursuant to Civil Local Rule 7-12, hereby stipulate as follows:

WHEREAS, the Court's Order re Discovery and Case Management Protocol (ECF No. 1128) ("Deposition Protocol") governs many aspects of depositions taken in the above-captioned actions but does not contemplate deposition to be taken remotely by videoconference;

WHEREAS, Plaintiffs have noticed the deposition of Irico witnesses for deposition in the Northern District of California in accordance with section VI of the Deposition Protocol;

WHEREAS, Irico has represented that due to the COVID-19 pandemic it is unable to produce its witnesses for deposition in the United States;

WHEREAS, Irico has agreed to produce its witnesses remotely by videoconference from Macau, *see* ECF Nos. 5980, 5999, 6056;

WHEREAS, section II of the Deposition Protocol provides that "[a]ll deposition limitations may be modified for good cause or by agreement";

IT IS HEREBY STIPULATED AND AGREED by and between counsel for Plaintiffs and the Irico Defendants that the following protocol shall apply to all videoconference depositions in the above-captioned actions, unless otherwise agreed to by the parties or ordered by the Court:

1. Any videoconference deposition taken in this action must comply with the requirements of Fed. R. Civ. P. 30(b)(5). This includes the requirements that (1) "[u]nless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28," and (2) the officer must administer the oath or affirmation to the deponent. A videoconference deposition taken pursuant to this Order will be deemed to have been taken before an appropriate officer despite the court reporter not being in the same physical location as the witness, as long as the court reporter attends the deposition by the same remote means as the other participants and is able to hear and communicate with other attendees. The

witness may be sworn in remotely with the same effect as an oath administered in person and the parties waive any challenge of the validity of such oath for any reason.

2. At least 5 days before the deposition, the company that will host and record the videoconference deposition (the "Remote Deposition Vendor") shall provide a description of how those attending may access the remote connection being utilized (e.g., GoToMeeting, Zoom, WebEx) and how to mark and view documents entered as Exhibits during the deposition. The party representing the witness must provide the witness and any interpreter with detailed instructions regarding how to participate in the videoconference deposition at least 3 business days before the deposition.

3. To host a videoconference deposition, a Remote Deposition Vendor must have implemented adequate security measures to ensure the confidentiality of the remote deposition (e.g., video and audio feeds, exhibits). These security measures must include password protection and tools such as a "virtual waiting room" that allows the court reporter to admit only individuals authorized to attend the deposition.

4. Before the videoconference deposition is scheduled to start, the witness, counsel for the witness, and the Remote Deposition Vendor shall conduct a test of the system, equipment, and internet connection that will be used to conduct the remote deposition (the "Remote Deposition Technology"). The witness and counsel understand that the witness must have the necessary computer equipment and remote connection software as well as an internet connection with a minimum speed of 10 Mbs for upload and 20 Mbs for download, and shall use their best efforts to do so.

5. At the time of the deposition, the witness must advise the court reporter of his or her physical location. The witness shall make best efforts to participate in the deposition from a quiet, well-lit, indoor location, while seated in front of a neutral background, and facing the camera being used to record the witness. Other than the applications required to conduct the deposition, the witness shall not have any other applications open or running on the electronic device being used for the deposition.

6. The microphones and video feeds for Participating Attendees (the witness, the court reporter, the attorney taking the deposition, the attorney defending the deposition, and any interpreters) must remain on when the deposition is on the record. Other remote attendees shall mute microphones when not speaking. The Remote Deposition Technology must be able to show in real-time a list of all persons attending the videoconference deposition. The cameras of Participating Attendees shall remain on at all times during the deposition. Only individuals who would be entitled to attend a live deposition in this litigation may participate in or observe the remote deposition, including the Special Master appointed to hear discovery matters in the above-captioned actions in order to address any disputes arising in the course of the deposition.

7. All individuals participating in or observing any deposition must announce themselves for the record.

8. Only the witness's counsel is permitted to be in the same physical location as the witness during a videoconference deposition. No other individuals are permitted to be in the same room as the witness during the deposition. If the witness's counsel intends to be in the same physical location as the witness during the deposition, they must provide notice to counsel for the noticing party prior to the start of the deposition. If the witness's counsel or in-house counsel is present in the same physical location as the witness during a videoconference deposition, such counsel shall separately log in to the remote deposition platform so that all deposition participants can both see and hear such counsel but may mute his or her audio if leaving audio on causes feedback or other issues due to proximity to the witness's microphone. If any person enters the room where the witness is located during the deposition, other than the witness's counsel, the witness shall immediately notify the examining attorney of the presence of additional persons in the room.

9. A videographer employed by the Remote Deposition Vendor will record the witness's deposition testimony by reasonable technological means, including remote video capture/recording. The video recording of the deposition may only be suspended during the deposition upon stipulation by counsel conducting and defending the deposition. With the

exception of the videographer, the deposition may not otherwise be recorded electronically without the consent of the parties. The videographer must only record (1) the audio and video of the witness's testimony; (2) the video of any documents being displayed or annotated for the witness during the deposition; and (3) the audio of the questioning and defending attorneys. The fact that a deposition was noticed to take place remotely, and was recorded remotely, will not, by itself, be a basis for preventing the videoconference deposition from being admitted at trial with the same effect as a deposition video that was recorded in-person.

10. Exhibits introduced at any videoconference deposition shall include a certified English translation in addition to the original document if the original language of the exhibit is anything other than English. The examining party may utilize electronic exhibits in connection with a deposition so long as the examining party arranges for the technology to permit the presentment of the electronic exhibits at the deposition to the witness and counsel. The Remote Deposition Vendor shall make available to all counsel a platform that allows downloading the exhibits after the exhibits have been marked and entered into the record during the deposition.

11. The Remote Deposition Vendor shall make available a platform such that the witnesses and counsel shall have the ability to review all electronic exhibits in their entirety after they have been marked and entered into the record and refer back to previously-introduced exhibits at any time during the deposition. The complete exhibit entered into the record shall be available to the witness and all participating counsel to review regardless of whether the examining party displays only certain pages of the document on any platform display. The witnesses shall have the independent ability and be afforded reasonable time to manipulate the exhibit (scrolling, etc.) to facilitate their review. In other words, neither a witness nor any counsel participating in the videoconference deposition shall be limited during the course of the examination to only those portions of an electronic exhibit that examining counsel focuses on and/or displays via an electronic platform display.

12. During the deposition examination, no person is permitted to communicate with the witness by any means not recorded in the same manner as the deposition itself (e.g., no text or email exchanges with the witness). All private chat features on the remote connection being

utilized shall be disabled. All applications on the witnesses' device other than the applications being utilized to conduct the deposition shall be closed and shall remain closed during the entirety of the deposition. No witness shall communicate with any person (verbally, in writing, or by conduct) while on the record at the deposition in a manner that the examining attorney cannot personally observe through the videoconference technology, and the witness may be asked to certify, on the record, that no such conversations have taken place. However, the witness's counsel may communicate with the witness telephonically or by other electronic means (including, but not limited to, the use of the remote connection software, if available) during breaks in the deposition, consistent with the Federal Rule of Civil Procedure and the Local Rules of the Northern District of California.

13. All witnesses shall testify on the record that they do not have any notes or documents available to them while testimony is being recorded, other than any that are disclosed and provided to all parties.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____     _____
                                  HONORABLE JON S. TIGAR
                                  UNITED STATES DISTRICT JUDGE

Dated: August 29, 2022

| | |
|---|---|
| */s/ Mario N. Alioto* <br> Mario N. Alioto (56433) <br> Joseph M. Patane (72202) <br> Lauren C. Capurro (241151) <br> TRUMP, ALIOTO, TRUMP & PRESCOTT LLP <br> 2280 Union Street <br> San Francisco, CA 94123 <br> Telephone: 415-563-7200 <br> Facsimile: 415- 346-0679 <br> Email: malioto@tatp.com <br> jpatane@tatp.com <br> laurenrussell@tatp.com <br><br> *Lead Counsel for the* <br> *Indirect Purchaser Plaintiffs* | */s/ John M. Taladay* <br> John M. Taladay (*pro hac vice*) <br> Evan J. Werbel (*pro hac vice*) <br> Thomas E. Carter (*pro hac vice*) <br> Andrew L. Lucarelli (*pro hac vice*) <br> BAKER BOTTS LLP <br> 700 K Street, N.W. <br> Washington, D.C. 20001 <br> (202) 639-7700 <br> (202) 639-7890 (fax) <br> Email: john.taladay@bakerbotts.com <br> evan.werbel@bakerbotts.com <br> tom.carter@bakerbotts.com <br> drew.lucarelli@bakerbotts.com <br><br> *Attorneys for Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.* |

*/s/ R. Alexander Saveri*
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Matthew D. Heaphy (227224)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*