R. Alexander Saveri (173102)
  rick@saveri.com
Geoffrey C. Rushing (126910)
  grushing@saveri.com
Matthew D. Heaphy (227224)
  mheaphy@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST<br><br>MDL No. 1917<br><br>**DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION TO DISSEMINATE NOTICE OF DIRECT PURCHASER CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:       December 8, 2022<br>Time:      2:00 p.m.<br>Judge:    Honorable Jon S. Tigar<br>Courtroom: 6 - 2nd Floor |
| This Document Relates to:<br><br>*ALL DIRECT PURCHASER ACTIONS* | |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Thursday, December 8, 2022, at 2:00 p.m., or as soon thereafter as counsel can be heard, before the Honorable Jon S. Tigar, United States District Judge, at the United States Courthouse, 1301 Clay Street, Courtroom 6, Oakland, California, Direct Purchaser Plaintiffs ("Plaintiffs") will move this Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), for entry of an Order: (i) approving the manner and form providing notice to class members of class certification; and (ii) establishing a timetable for disseminating class notice and providing an opportunity for class members to request exclusion from the litigated class. The grounds for this motion are that the form and manner of providing notice regarding the matters set forth above satisfy the requirements of FRCP 23 and due process.

This motion is based upon this Notice of Motion and Motion, the following Memorandum of Point and Authorities, the Declaration of R. Alexander Saveri, the Proposed Order, the complete files and records in this action, and such other written or oral arguments that may be presented to the Court.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether to approve the manner and form providing notice to class members of class certification.

2. Whether to establish a timetable for disseminating class notice and providing an opportunity for class members to request exclusion from the litigated class.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Pursuant to Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure ("FRCP"), Direct Purchaser Plaintiffs ("Plaintiffs") move this Court for an order approving the dissemination of notice to the class of the Court's certification and providing class members with an opportunity to request exclusion from the litigated class. As set forth below, Plaintiffs propose disseminating notice of the litigated class by substantially similar methods and means as those previously proposed and approved for the Mitsubishi certified class, namely long form notice to class members; summary notice published in the *Wall Street Journal* and the *New York Times*; and notice information posted on the settlement website. The proposed forms of notice are also substantially similar to those previously approved and disseminated for notice of all previous settlements.

**II.   STATEMENT OF RELEVANT FACTS**

On August 1, 2022, the Court entered its Order Granting Motion for Class Certification in the Direct Purchaser Actions (ECF No. 6042) ("Class Certification Order"). The deadline to file a petition for permission to appeal the order has passed. *See* Fed. R. Civ. P. 23(f).

The Court certified a class of direct purchaser plaintiffs pursuant to FRCP 23(b)(3) defined as follows (the "Litigated Class"):

> All persons and entities who, between March 1, 1995 and November 25, 2007, directly purchased a CRT Product in the United states from any Defendant or any subsidiary or affiliate thereof, or any co-conspirator or any subsidiary or affiliate thereof. Excluded from the class are defendants, their parent companies, subsidiaries or affiliates, any co-conspirators, all governmental entities, and any judges or justices assigned to hear any aspect of this action.

Class Certification Order at 1.

## III.  LEGAL STANDARD

The Federal Rules of Civil Procedure specify the requirements for notice to class members:

> For any class certified under Rule 23(b)(3) . . . the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means. The notice must clearly and concisely state in plain, easily understood language:
>
>   (i) the nature of the action;
>   (ii) the definition of the class certified;
>   (iii) the class claims, issues, or defenses;
>   (iv) that a class member may enter an appearance through an attorney if the member so desires;
>   (v) that the court will exclude from the class any member who requests exclusion;
>   (vi) the time and manner for requesting exclusion; and
>   (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

FRCP 23(c)(2)(B).

## IV.  ARGUMENT

### A.  Manner of Providing Notice to the Litigated Class

Plaintiffs propose providing notice to the class by: (1) directly mailing written notice to each class member whose name was provided to Plaintiffs by the Defendants; (2) publishing summary notice in two national newspapers; and (3) posting notice on the internet. This manner of providing class notice was previously approved by the Court for the Mitsubishi litigated class notice, *see* ECF No. 4176, as well as for the Thomson settlement. ECF No. 3872.

Plaintiffs propose that the long form notice ("Notice") in the form attached to the Saveri Declaration as Exhibit 1 be sent by mail to each class member who may, by reasonable efforts, be identified. In addition, Plaintiffs propose sending the Notice by email to any class member for which an email address has been obtained. Plaintiffs will use the same class member lists previously provided by the Defendants and used to provide notice to the previously certified settlement classes—including any updates provided by class members or otherwise obtained by the Settlement Administrator during the recent claims process. A redline showing the changes from the Mitsubishi litigated class long form notice is Exhibit 2 to the Saveri Declaration.

In addition, Plaintiffs propose that a summary notice ("Summary Notice") in the form attached to the Saveri Declaration as Exhibit 3 be published in the national editions of the *Wall Street Journal* and the *New York Times*. A redline showing the changes from the Mitsubishi litigated class summary notice is Exhibit 4 to the Saveri Declaration.

The Notice, along with the Class Certification Order, will be posted on a website accessible to class members. The proposed notice program is nearly identical to the notice programs approved by the Court for each of the settlements to date.[1]

### B. Form of Notice to the Class

The content of the proposed notices complies with the requirements of FRCP 23(c)(2)(B) and is similar to prior notices. The Notice clearly and concisely explains the nature of the action. It provides a clear description of who is a member of the Litigated Class and the binding effects of class membership. It explains how to exclude oneself from the Litigated Class, how to obtain copies of papers filed in the case, and how to contact class counsel. It informs class members that they may hire their own attorney.

The Summary Notice also identifies class members and the consequences of class membership. It also explains how to obtain more information about the case. The Summary Notice will be published after the Notice is sent to class members.

Although not expressly required by FRCP 23(c)(2)(B), Judge Conti ordered Plaintiffs "to specifically identify the 'affiliate[s]' in the class definition (and class notice) to enable the parties and class members to better determine who is in the class." ECF No. 3902 at 15–16. This information is pertinent to class members because Plaintiffs contend that class members are entitled to damages based on purchases from such entities under *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323 (9th Cir. 1980). Consistent with Judge Conti's order, both proposed notices identify entities that are affiliates and subsidiaries of Defendants and alleged co-conspirators in this action. As reflected

---

[1] Notice of the Mitsubishi litigated class and the Thomson settlement were published in both the *Wall Street Journal* and the *New York Times*, whereas notice of the earlier in time the settlements with Chunghwa, Philips, Panasonic, LG, Toshiba, Hitachi, and Samsung SDI was published only in the *Wall Street Journal*. *See* Saveri Decl. ¶ 6.

in the redlined versions of the proposed notices (Saveri Decl. Exs. 2, 4), Plaintiffs propose adding several entities which Plaintiffs contend are affiliates and subsidiaries of the Irico Defendants:

- China National Electronics Import & Export Caihong Co.;
- Irico Display Technology Co., Ltd.;
- Irico (USA), Inc.;
- Rui Bo Electronics (Hong Kong) Ltd.; and
- Xian Caihui Display Technology Co., Ltd.

Plaintiffs also propose updating the name of an Irico entity that was named in their complaint but not served: Irico Group New Energy Co., Ltd. (f/k/a Irico Group Electronics Co., Ltd.). Accordingly, it would be moved from the "Defendant and Co-Conspirator" section of the notices to the "affiliates and subsidiaries" section of the notices. Plaintiffs do not propose adding any new defendants or co-conspirator entities to the notices.[2]

Irico's apparent objection to including the additional entities identified as affiliates and subsidiaries of Irico, *see* ECF No. 6058 at 12, is without merit. The Court has already rejected a similar argument in connection with the Mitsubishi notice:

> The merits of the DPPs' allegations are irrelevant on a motion to disseminate notice. Indeed, the point of a notice to class members is, in part, to inform them about the nature of the allegations being asserted on their behalf, including, in this case, the identity of alleged co-conspirator affiliates and subsidiaries.

ECF No. 4176 at 3. The class notice is a notice of litigation, not an opportunity to litigate factual disputes or present summary judgment arguments. *See id.*

### C. Timing of Notice to the Class and Requests for Exclusion

Plaintiffs propose sending Notice to the class fourteen (14) days after the Court approves Plaintiffs' notice program. Class members would then have forty-five (45) days to request exclusion from the Litigated Class. This is the same time allotted for exclusion from the settlement classes previously certified herein, and is within the range specified in the *Manual for Complex Litigation*,

---

[2] Plaintiffs also propose adding Victor Company of Japan, Ltd. (a/k/a JVC) to the notices. It was a subsidiary of Defendant Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) during the Class Period.

Fourth, § 21.321. The list of opt-outs will be sent to Irico and filed with the Court within fourteen (14) days of the opt-out deadline.

Notice to the class is required following class certification both as a matter of due process and so that class members may exercise their right to exclude themselves prior to trial. *See, e.g., Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811–12 (1985). "Ordinarily, notice to class members should be given *promptly* after the certification order is issued." *Manual for Complex Litigation*, Fourth, § 21.311 (emphasis added). In this case, notice to the class is also necessary for Plaintiffs' damages expert to complete his damage study. Only after the deadline for class members to exclude themselves from the Litigated Class has passed can class membership be finally determined, and Plaintiffs' expert can determine total class purchases and the overcharge thereon.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that the Court enter an order: (i) approving the manner and form of providing notice to class members of class certification; and (ii) establishing a timetable for disseminating class notice and providing an opportunity for class members to request exclusion from the Litigated Class.

Dated: August 31, 2022

Respectfully submitted,

/s/ R. Alexander Saveri
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Matthew D. Heaphy (227224)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

6
DIRECT PURCHASER PLAINTIFFS' MOTION TO DISSEMINATE NOTICE OF CLASS CERTIFICATION;
Master File No. 07-CV-5944-JST