BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
        evan.werbel@bakerbotts.com
        tom.carter@bakerbotts.com
        drew.lucarelli@bakerbotts.com

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-05944-JST (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | **IRICO DEFENDANTS' OBJECTIONS TO DIRECT PURCHASER PLAINTIFFS' MOTION TO DISSEMINATE NOTICE OF DIRECT PURCHASER CLASS CERTIFICATION**<br><br>Date: December 8, 2022<br>Time: 2:00 pm<br>Judge: Hon. Jon S. Tigar<br>Courtroom: 6, 2nd Floor |

IRICO'S OBJECTIONS TO DPPS' MOTION
TO DISSEMINATE NOTICE OF DPP CLASS
CERTIFICATION

Master File No. 4:07-cv-05944-JST
MDL No. 1917

Direct Purchaser Plaintiffs ("DPPs") filed their first consolidated complaint in this direct purchaser action against selected Irico entities and other enumerated Defendants on March 16, 2009 and have not amended their complaint since that time.  The only Irico entities named in the Complaint are Irico Group Corporation ("Irico Group"), Irico Display Devices Co., Ltd. ("Irico Display"), and Irico Group Electronics Co., Ltd ("Irico Electronics").  Four prior Class Notices have been distributed in this matter regarding settlements by other defendants and, in every case, the only Irico entities mentioned in those Notices were these three Irico entities.

This Court entered an Order Granting Motion for Class Certification in the Direct Purchaser Actions (ECF No. 6042) on August 1, 2022 in this matter where Irico Group and Irico Display are the only remaining Defendants. Pursuant to this Court's order, DPPs filed a Motion to Disseminate Notice of Direct Purchaser Class Certification (ECF No. 6067) ("Motion to Disseminate") on August 31, 2022.

Now, for the first time and despite 13 years of precedent, the DPPs in their proposed Notice to the Class seek to add several entities that they claim are related to Irico, as well as one that they know is not, as "affiliates and subsidiaries" of the Irico defendants in the proposed Class Notice.  Again, none of these entities were enumerated in the Complaint or mentioned in prior Class Notices in this matter, and they are not properly included in the Notice.  Irico opposes the inclusion of those entities and the issuance of the Notice on that basis.

## ARGUMENT

### I.     Irico Defendants Object to the Form of Notice to the Class

Irico objects to the DPPs' proposed Notices (both the proposed "Long Form Notice" and "Summary Notice") because they improperly include among listed "affiliates and subsidiaries" entities that DPPs have not identified in their Complaint as relevant to this action.  Plaintiffs have

1    not alleged nor developed any evidence that these entities were involved in the conspiracy or

2    properly subject to the claims of the class.  Allowing the inclusion of these entities in the Notice,

3    one of which is in no way connected to Irico, prejudices Irico's ability to defend against the

4    allegations against the remaining Irico defendants and serves only to confuse potential Class

5    members.

6

7          While DPPs claim that this Court's past decision granting DPPs' Motion to Disseminate

8    Notice of Direct Purchaser Class Certification for the Mitsubishi litigated Class Notice, *see* ECF

9    No. 4176, is dispositive in this matter, the opposite is true.  This Court found that "the point of a

10   notice to class members is, in part, to inform them about the nature of the allegations being

11   asserted on their behalf, including in this case, the identity of ***alleged co-conspirator*** affiliates and

12   subsidiaries." *Id*. at 4 (emphasis added).  Following that logic, this Court found that Mitsubishi's

13   objections to inclusion of selected Mitsubishi's affiliates were without merit because "[i]n their

14   Second Amended Complaint, the DPPs allege that [the objected-to affiliates], among others, are

15   affiliates or subsidiaries of the co-conspirator defendants." *Id*.  In that Notice, the only Irico

16   entities named were Irico Group, Irico Display, and Irico Electronics. Motion to Disseminate

17   Notice of Direct Purchaser Class Certification, ECF No. 3944.  In addition to the Mitsubishi Class

18   Notice, there have been three other Class Notices that have been distributed in this matter and the

19   only Irico entities mentioned in those Notices were these three Irico entities.

20

21         Here, DPPs' proposed Notice seeks to include China National Electronics Import &

22   Export Caihong Co.; Irico Display Technology Co., Ltd.; Irico (USA), Inc.; Rui Bo Electronics

23   (Hong Kong) Ltd.; Xian Caihui Display Technology Co., Ltd.; and a purposed affiliate of

24   Panasonic, Victor Company of Japan, Ltd. (a/k/a JVC), in the Class Notice, yet they make no

25   allegations against these entities, nor even identify them in passing, in their Complaint.  *See*

26   Direct Purchaser Plaintiffs Consolidated Amended Complaint, ECF No. 436 ("Compl.").  DPPs'

27

28

---

IRICO'S OBJECTIONS TO DPPS' MOTION           2          Master File No. 4:07-cv-05944-JST
TO DISSEMINATE NOTICE OF DPP CLASS                              MDL No. 1917
CERTIFICATION

1  Complaint is void of any mention, let alone any allegation of wrongdoing, by these alleged

2  affiliates and subsidiaries now identified by DPPs.  Including those parties in the Class Notice

3  would not accomplish "the point of a notice to class members" to inform the Class members of

4  the "nature of the allegations being asserted on their behalf," *id*., because there are no such

5  allegations against these entities.   Including these entities now in the Class Notice might suggest

6  to a potential Class member that such allegations had been made and imply that the Court has

7  found that these non-existent allegations were sufficient to warrant inclusion in the Notice.

9       DPPs appear to rely primarily on the statement by this Court that the merits on which an

10  entity qualifies as an affiliate are "irrelevant on a motion to disseminate notice." ECF No. 4176 at

11  3.  However, DPPs take this statement out of context.  Irico in fact agrees that now is not the time

12  to determine, on the merits, if the parties named in DPPs' complaint (or in their proposed Class

13  Notice for that matter) are affiliates or subsidiaries of Irico or Panasonic, but that does not mean

14  DPPs should have free rein to cavalierly include any entity they choose in their proposed Class

15  Notice without regard to the allegations that form the foundation of the Complaint.

17       DPPs reliance on Judge Conti's initial order in this matter is similarly unavailing.   *In re*

18  *CRT Antitrust Litig.*, 308 F.R.D. 606 (N.D. Cal. 2015).   In that order, the Court required DPPs to

19  list Mitsubishi's relevant affiliates in their Class Notice after recognizing Mitsubishi's valid

20  concerns that the term "affiliate" was overinclusive and could "sweep within the proposed class

21  parties that lack standing."  *Id.* at 615.   But here, DPPs disregard that logic.  DPPs seek to

22  include an even broader and disconnected array of alleged "affiliates" then they proposed to

23  include in the Mitsubishi matter – none of whom were identified in the Complaint.   By not

24  limiting the term "affiliate" to even the basic allegations in their complaint, DPPs disregard Judge

25  Conti's concerns and name purported affiliates or subsidiaries that have never been alleged to

26  cause any injury and thereby "sweep within the proposed class parties that lack standing." *Id*.

27

28

IRICO'S OBJECTIONS TO DPPS' MOTION        3        Master File No. 4:07-cv-05944-JST
TO DISSEMINATE NOTICE OF DPP CLASS                       MDL No. 1917
CERTIFICATION

1    DPPs efforts to expand the scope of their Complaint through the Notice process must be denied.

2        DPPs' attempt to include JVC in the Class Notice is particularly troubling.  DPPs

3    acknowledge that JVC is no way connected to Irico.  JVC is neither a party to the instant

4    litigation nor have DPPs raised specific allegations against JVC, and Panasonic has already

5    settled with DPPs.  *See* Order Granting Final Approval of Class Action Settlement with

6    Panasonic, ECF No. 1508.  In fact, DPPs' only reference to JVC and its only attempt at justifying

7    the inclusion of JVC in the Class Notice is a scant footnote in their present motion in which they

8    claim that JVC is a subsidiary of Panasonic but again make no allegation of wrongdoing by JVC.

9    *See* Motion to Disseminate at 5 n.2.  DPPs have failed to provide any support for their post hoc

10   inclusion of an additional affiliate of a defendant group that has already settled.  Such an addition

11   would only serve to confuse the recipients of the Class Notice.

**II.   Irico Defendants Do Not Object to the Proposed Manner of Providing Notice to the Litigated Class or the Timing of Notice to the Class and Requests for Exclusion**

        As for DPPs' proposed manner of providing Notice to the Class, the Irico Defendants

have no substantive objection.  Similarly, as for timing of Notice to the Class and requests for

exclusion by which the DPPS have proposed, the Irico Defendants have no substantive objection.

**CONCLUSION**

        For the foregoing reasons, Irico objects to the inclusion of the DPPs' additional listed

alleged affiliates and subsidiaries in DPPs' Class Notice.

Dated:  September 14, 2022              Respectfully submitted,

                                        ___*/s/ John Taladay*_____

                                        BAKER BOTTS L.L.P.
                                        John M. Taladay (*pro hac vice*)
                                        Evan J. Werbel (*pro hac vice*)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
        evan.werbel@bakerbotts.com
        tom.carter@bakerbotts.com
        drew.lucarelli@bakerbotts.com


*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*