Robert J. Bonsignore (Admitted *pro hac vice* Massachusetts BBO # 547880)
Melanie Porter (CA Bar No. 253500)
BONJSIGNORE TRIAL LAWYERS, PLLC
23 Forest Street
Medford, MA  02155
Cell Phone: (781) 856-7650
Facsimile: (702) 852-5726
rbonsignore@classactions.us
fwhitaker@classactions.us
***Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs ORS Subclass***

Joseph M. Alioto (SBN 42680)
Tatiana V. Wallace
ALIOTO LAW FIRM
One Sansone Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Email: jmalioto@aliotolaw.com
***Counsel for the Massachusetts Only Indirect Purchaser Plaintiffs Gianasca and Caldwell***

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| ANTHONY GIANASCA AND BARBARA CALDWELL *on behalf of themselves and all others similarly situated*,<br><br>        Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS, INC., et al.,<br><br>        Defendants. | Master File No. 4:08-cv-1559<br>Related MDL No. 1917<br><br>**NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND COMPLAINT OR OTHERWISE PURSUE PENDING CLAIMS**<br><br>Hearing Date:  December 15, 2022<br>Time:              2:00 pm<br>Courtroom:    Via videoconference<br>Judge:            Hon. Jon S. Tigar |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS:

PLEASE TAKE NOTICE that on Thursday, December 15, 2022, or the earliest date allowed by this Court, before the Honorable Judge Jon S. Tigar, United States District Court for the Northern District of California, Plaintiffs Anthony Gianasca and Barbara Caldwell[1] on behalf of Massachusetts end use purchasers only, by and through their counsel, will request this Court act on assignment as the Section 1407 transferee forum and its prior orders.  ECF No. 5684 at 6. In the alternative, they will move to amend either or both of their MDL 1917 class action complaints, nunc pro tunc (See Attachment 1, Proposed Amended Complaint), for the purpose of resuming claims against the Defendants that settled with the so called "Included Repealer States" as well as IRICO and request they otherwise be allowed to pursue their pending claims. The following undisputed facts will be argued in support of the motion:

1. On March 21, 2008, eventual MDL 1917 Lead Counsel Mario Alioto directly filed a complaint in the United States District Court for the Northern District of California naming Anthony Gianasca as the Putative Class Representative for the Commonwealth of Massachusetts. 08-cv-1559 ECF No. 1. See Exhibit 1- Terry et al v LG Electronics et al. Docketed Civil Action Complaint

2. The above referenced directly filed Terry/Gianasca complaint was formally ordered coordinated into MDL 1917. See Exhibit 2 at p 2 - List of MDL 1917 Associated Cases as of 11/26/2007.

3. On May 10, 2010, Lead Counsel Mario Alioto's subsequently named Barbara Caldwell as MDL 1917 Putative Class Representative for the Commonwealth of Massachusetts. MDL 1917. DKT 716.

---

[1] For ease of reading Plaintiff will only refer to Gianasca. When referencing the Estate of the Late Barbara Caldwell, it will be referred to as Barbara Caldwell or Caldwell.

4. On December 11, 2010 and January 10, 2013 MDL 1917 Lead Counsel Mario Alioto filed an MDL 1917 consolidated complaint that removed the Commonwealth of Massachusetts and substituted in the State of Maine. ECF Nos. 827 and 1526

5. Notice of their removal from the litigation was not provided to the putative class representatives or the members of the putative class from Massachusetts. *Id*.

6. At all times, from the inception of MDL 1917 through its 2010 amendment excising the claims of the putative class of end use purchasers from Commonwealth of Massachusetts they were part of the MDL 1917 complaint and actively litigated.

7. This Honorable Court set aside the 2010 Amendment reinstating the continued participation of the Massachusetts putative class. ECF No. 5518.

8. At that time this Court appointed three (3) Co Lead Counsels to represent nine "Omitted Repealer" ("ORS") states that did not receive an economic recovery from a proposed settlement, including the Commonwealth of Massachusetts and. ECF No. 5518.

9. The Court appointed Co-Lead Counsel filed a Motion to Intervene. ECF Nos. 5565, 5567. The Court denied that motion without prejudice. ECF Nos. 5626 at 3, 5628 at 3.

10. Co-Lead Counsel filed renewed motions to intervene on behalf of the Omitted Repealer states they were charged to represent (ECF Nos. 5643, 5645).

11. This Court denied those motions on the basis that it lacked jurisdiction to entertain the intervention motions and that the ORS class members would have to file new complaints and seek transfer from the Judicial Panel on Multidistrict Litigation or, if properly filed in this District, request assignment to this Court as the Section 1407 transferee forum. ECF No. 5684 at 6.

12. The ORS Co-Lead Counsel's motion for reconsideration was denied (ECF No. 5708) and ORS Co-Lead Counsels appealed. ECF. No. 5733.

13. Soon thereafter, Class Counsel representing Plaintiffs in repealer states who were not dismissed by the 2010 order (Included Repealer States or "IRS") renegotiated the terms of the rejected settlements to eliminate the release of the claims of the Massachusetts

absent class members as well as the other repealer states (ECF Nos. 5626) and this Court granted final approval to the amended settlements.  ECF No. 5876.

14. On September 22, 2021, the Ninth Circuit affirmed the approval of the amended settlements and dismissed the ORS intervention appeals as moot. ECF No. 5975.

15.  A Motion for Reconsideration was denied on December 23, 2021, ECF No. 5973, and a Petition for Writ of Certiorari was filed on March 4, 2022.  The Writ of Certiorari was denied on June 13, 2022.

16. Caldwell and Gianasca move pursuant to this Courts order at ECF No. 5684, to amend their class action complaints *nunc pro tunc* because the Massachusetts putative class is materially distinguished from other Omitted Repealer States.

17. Specifically, the Massachusetts putative class including putative class representatives Gianasca and Caldwell were directly filed in this jurisdiction, were transferred to the MDL 1917 Court and were named in the MDL 1917 Consolidated Complaint.

Anthony Gianasca and Barbara Caldwell request this Court recognize their distinct status and allow them to place on file their original MDL 1917 complaint - as conformed to the evidence that has developed in the interim - and reinstate their claims nunc pro tunc. In the alternative, they request to otherwise be permitted to advance claims that are currently pending as to "Massachusetts only" claims because they fall outside the parameters of the denial of the initial Motion to Intervene.

All appeals have now concluded, the Massachusetts Putative Class was excluded from the new settlement, their request is just and fair, and comports with both this Court's duty to absent class members, *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015), and as the designated MDL court.  Because the Massachusetts putative class was excluded from the settlement, they have not had a chance to ever have their claims adjudicated and this motion presents the only remaining avenue for these class members to seek and receive redress and compensation for their injuries reasonably commensurate to that of other putative class members who were included in the settlement. In short, this motion presents the last hope for the Massachusetts putative class members to have some opportunity to have their claims fairly adjudicated, to receive some

recompense and to be treated with some fairness vis a vis the other putative class members who will receive compensation under the approved settlement.

The request of Massachusetts putative class representatives Gianasca and Caldwell is based on this notice, the accompanying memorandum of points and authorities in support of the motion, this Court's prior orders, all other pleadings and papers filed in this action, and such other materials as the Court may consider such as the date and circumstances of their removal from the litigation by Lead Counsel.

In accordance with Local Rule 7-11, a proposed order is attached as Exhibit 3.

In accordance with Local Rule 7-11, a declaration from counsel is attached as Exhibit 4.

NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO AMEND COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Prior named Putative Class Representatives Anthony Gianasca ("Gianasca") and Barbara Caldwell[2] this Court honor their prior and pending assignment to this MDL 1917 Court as the Section 1407 transferee forum.  ECF No. 5684 at 6. In the alternative, they respectfully move pursuant to this Court's plenary jurisdiction as the "home" court for the action where their original complaint was filed, and/or as the MDL transferee court to be transferred and reinstated as the putative class representatives and to amend the MDL 1917 complaint and allow them to reinstate their claims and advance essentially identical claims as the other Repealer States who litigated their claims to resolution. (ECF No. 5876.  Alternatively, Gianasca and Caldwell request the putative Massachusetts Class be designated by this court as an appropriate subclass and permitted to sever their claims and place a subclass complaint on file. They otherwise request they be allowed to restore the claims of the absent Massachusetts class members in the MDL 1917 docket.

A federal district court before which an action is commenced has jurisdiction to apply Rule 15 to allow amendment of a pleading in that action. There is no inquiry necessary into whether a court exercising jurisdiction for pretrial purposes solely pursuant to Title 28, U.S.C. Section 1407 would also have jurisdiction to grant Gianasca leave to amend his complaint.

Gianasca and Caldwell both served as Putative Class Representatives for Massachusetts prior to being dropped from the litigation without notice. Their claims are distinguished from the Repealer states that were the subject of this Court's prior orders on Co-Lead Counsel's motion to intervene. As such, they presently remain properly before this Court have agreed to continue to serve.

Gianasca/Caldwell's request does not add any new or different claims. The conduct, transactions, and occurrences alleged, and the damage and equitable claims asserted, now limited only to Massachusetts, are identical to the allegations prosecuted and settled by the other Repealer plaintiffs in the 22-state settlement. ECF No. 5876. Allowance of the request is just because it will allow Gianasca/Caldwell to seek an economic recovery for the Massachusetts absent class members who were unjustly deprived of a recovery as a result of decisions that they were not given

---

[2] For ease of reading Plaintiff will only refer to Gianasca. When the Estate of the Late Barbara Caldwell is individually referenced, it will be referred to as "Barbara Caldwell".

NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO AMEND COMPLAINT

notice of and were excluded from with the result being they were unfairly excluded from any participation in, and recovery from, the settlements. Allowing the claims of the absent Massachusetts class members to proceed will not prejudice Defendants because they have always been aware of, and defended, identical claims advanced by the Repealer states who MDL 1917 Lead Counsel selected to benefit from the economic recovery and who had no reason to appeal. In fact, the Defendants have the advantage of having garnered the facts they wish to rely on and refined and battle-tested their best legal arguments. They are well prepared to litigate the claims.

The proposed amendment is just and conforms to the unique and unprecedented circumstances of this litigation. By any measure, it is neither just nor fair that Massachusetts was summarily dropped from the settlement and rendered ineligible for any economic recovery after Lead Counsel used them to secure his position and advance the litigation that eventually led to an economic recovery for class counsel and for other similarly situated Repealer states. Allowance of the requested amendment will grant these putative class members their last chance at parity with the recovering putative class members and, at least place the Massachusetts putative class members back into their original position – eligible to prosecute their statutory economic relief claims. The fact their claims have worth and are meritorious is well evidenced both by the $580,750,000 settlement ECF No. 6059, the prior $576 million dollar settlement ECF No. 4712, and the fact that funds were carved out of the original settlement once Massachusetts (and other Repealer states) were excised from the settlement agreement. ECF No. 5786 This motion presents their final opportunity to have their claims fairly adjudicated and to realize this proven worth of their claims.

## II.   BACKGROUND

On March 21, 2008, MDL 1917 Lead Counsel Mario Alioto and movant Massachusetts indirect purchaser Gianasca filed a class action complaint[3] in this District alleging that from March 1, 1995, through November 25, 2007, certain CRT manufacturers had conspired to fix and stabilize the prices of CRT products in violation of Section 1 of the Sherman Act and certain state laws including Massachusetts. *08 CV 1559* ECF No. 1 (the "Gianasca Case"). Gianasca and his fellow plaintiffs alleged that state-wide classes of Repealer state residents were entitled to damages, and that a nationwide class of all United States residents was entitled to equitable relief.

---

[3] along with plaintiffs from other Repealer states.

NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO AMEND COMPLAINT

The Terry (Gianasca) case was formally coordinated into MDL No. 1917 ("MDL") along with dozens of other actions that were either filed in this District or transferred here for pretrial proceedings pursuant to 28 U.S.C. Section 1407. Attachment 2. Pretrial litigation proceeded, achieved some early settlements, and ultimately culminated in a 2015 proposed settlement with all remaining defendants, which would have disposed of all pending and potential state and federal claims for all Nationwide Class Members.  ECF Nos. 3876-1; 3862-1-5.  These settlements, however, unjustly excluded from participation in the $576 million settlement funds, the residents of nine Repealer states, including Massachusetts, while purporting to release the claims of these class members.  Following appeals to the Ninth Circuit from this Court's grant of final approval (EFC No. 4712), and remand by the Ninth Circuit for this Court to reconsider its approval of the settlements, on November 8, 2018, this Court issued an order in which it concluded that it had erred in approving the 2015 settlements. ECF No. 5518.  Thereafter, this Court appointed separate counsel, including the undersigned counsel, for the ORS class members, including those from Massachusetts, whom this Court specifically recognized constituted distinct and unrepresented subclasses.  ECF No. 5518.

On August 23, 2019, ORS moved to intervene in each of the actions coordinated in the MDL proceeding or in the alternative, to be permitted to be added as plaintiffs in an amendment to the Consolidated Amended Complaint.  ECF Nos. 5565, 5567.  The Court denied these motions without prejudice.  ECF Nos. 5626 at 3, 5628 at 3.  In November 2019, the ORS class members filed renewed motions to intervene.  ECF Nos. 5643, 5645.  The Court ruled that it lacked jurisdiction to entertain the intervention motions and held that the ORS class members would have to file new complaints and seek transfer from the Judicial Panel on Multidistrict Litigation or, if properly filed in this District, request assignment to this Court as the Section 1407 transferee forum.  ECF No. 5684 at 6. The Court denied the subsequent motion for reconsideration.  ECF No. 5708. Gianasca moves, in part, based on this Courts order found at ECF No. 5684.  The ORS class members filed timely appeals from the denial of their motions to intervene, sweeping Gianasca into the fray.  ECF No. 5733.

While the ORS class members were attempting to position themselves to prosecute their respective subclass claims, the plaintiffs in the states that would have received money from the 2015 settlements renegotiated those settlements to eliminate the release of the ORS class members' claims.  On July 13, 2020, the Court granted final approval to amended settlements.  ECF

5786. On September 22, 2021, the Ninth Circuit affirmed the approval of the amended settlements and dismissed the ORS and NRS's intervention appeals as moot. ECF No. 5954. A Motion for Reconsideration was denied on December 23, 2021 ECF No. 5974, and a Petition for Writ of Certiorari was filed on March 4, 2022. That petition was denied and entered on the MDL 1917 docket on June 15, 2022.

Prior MDL 1917 Putative Class Representatives for the Commonwealth of Massachusetts Gianasca and Caldwell now request assignment to this Court as the Section 1407 transferee forum. ECF No. 5684 at 6, and alternatively seek leave to amend their initial pleading previously filed in an appropriate forum - the Northern District of California.

## III.   ARGUMENT

### A.   Plaintiff's Request Follows the Instruction of this Court

In November 2019, the ORS class members docketed motions to intervene. ECF Nos. 5643, 5645. At that time, this Court ruled that it lacked jurisdiction to entertain the intervention motions holding that the ORS class members would have to file new complaints and seek transfer from the Judicial Panel on Multidistrict Litigation or, if properly filed in this District, request assignment to this Court as the Section 1407 transferee forum. ECF No. 5684 at 6. There after the ORS filed appeals. The issues raised were finally resolved by the Supreme Court of the United States and returned to this Court ECF No. 6023.

On March 21, 2008, MDL 1917 Lead Counsel Mario Alioto directly filed a complaint naming Anthony Gianasca as the Putative Class Representative for the Commonwealth of Massachusetts. 08-cv-1559 ECF No. 1. On May 10, 2010, Lead Counsel Mario Alioto's subsequently named Barbara Caldwell as MDL 1917 Putative Class Representative for the Commonwealth of Massachusetts. MDL 1917. DKT 716. Both were Plaintiffs named in a case properly filed in this District and pursuant to the express language of this Court's prior order request assignment to this Court as the Section 1407 transferee forum. ECF No. 5684 at 6.

### B.   Courts Grant Leave to File an Amended Complaint with Extreme Liberality.

To the extent that this Court considers the instant request as essentially seeking leave to amend the complaint of the Settling Plaintiff's, Federal Rule of Civil Procedure 15(a)(2) provides that a "court should freely give leave [to amend] when justice so requires." A court considers five factors in deciding a motion seeking leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the

plaintiff has previously amended his complaint.  *Henderson v. Muniz*, 14-CV-01857-JST, 2018 WL 6331008, at *2 (N.D. Cal. Dec. 4, 2018).  A court is to apply this rule "with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "A court should determine whether to grant leave indulging 'all inferences in favor of granting the motion.'" *Henderson*, 2018 WL 6331008, at *2 (quoting *Griggs v. Pace Am. Group Ins.*, 170 F.3d 877, 880 (9th Cir. 1999).  "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party . . ., [or] futility of amendment, etc.'" *Id.* (quoting *Sonoma County Ass'n. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013)).  "Not all factors carry the same weight," and prejudice to the opposing party "is the touchstone of the inquiry." *Eminence Capital*, 316 F.3d at 1052. Each consideration supports allowance of Gianasca/Caldwell's' instant request.

## C.   Gianasca and Caldwell's Proposed Amendment Alleges Massachusetts State-Law Damages Claims on Behalf of Massachusetts ORS Indirect Purchasers That IPP Counsel Abandoned and Have Since Essentially Been in Limbo

Gianasca/Caldwell alternatively seek amendment to conform a properly filed complaint filed in this District and formally ordered joined into MDL 1917 by the JPMDL to its present procedural status and the present posture of the case and state of the evidence.  The proposed amendment updates factual allegations and state law claims by squaring them with discovery and case developments. In fact, it identically matches and tracks the claims and theories advanced by the Included Repealer states that the Defendants have already defended against. See Attachment A, Proposed Amended Complaint. Gianasca's counsel is prepared to expeditiously litigate the claims of the Massachusetts consumers that have been pending and in effect in this Court since Lead Counsel Alioto file Gianasca's complaint in 2008.

### The Proposed Amendment is Not Made in Bad Faith.

Bad faith exists where "the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories." *LiveCareer Ltd v. Su Jia Techs. Ltd.*, 14-CV-03336-JST, 2015 WL 4089800, at *3 (N.D. Cal. July 2, 2015) (quoting *Griggs* 170 F.3d 877, 881 (9th Cir. 1999)). It is "[d]efendants' burden at this stage of the litigation to defeat the presumption under Rule 15(a) in favor of granting leave to amend by making 'a strong showing of' bad faith .." *Martinez v. City of W. Sacramento*, 2:16-CV-02566-TLN-EFB, 2019 WL 469038, at *5 (E.D. Cal. Feb. 6, 2019). In the context, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt."

*Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 W.D. Wash. 2015 citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006). Gianasca/Caldwell are not acting in bad faith, they are acting in furtherance of their duties as putative class representatives.

Far from bad faith, the opposite is the case. The requests contained in this paper are the very last hope of the Massachusetts putative plaintiffs to have their claims heard, fairly adjudicated in furtherance of obtaining the economic recovery they have been entitled to pursue from 2008. Toward this end, Gianasca/Caldwell allege a supplemental state law damages claim on behalf of Massachusetts CRT end use purchasers based on precisely the same conduct presently supporting the claims asserted on behalf of the 22 repealer states who were actively represented by IPP Counsel and shared in a quite substantial recovery. These claims have been present in every MDL 1917 complaint going back to the original. ECF No. 5518. The need for this is occasioned by the settlements which will shortly dismiss the existing claims. The request certainly is not frivolous.

**D.    There is No Undue Delay.**

In evaluating undue delay, the Court inquires "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quoting *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990)).  The Movants do not seek to raise any new theories of recovery or allege a new factual predicate, this inquiry does not apply to this motion. All appeals and periods of further appeal have been exhausted. The claim returned to this Court's docket, and no statute of limitations problems bar allowance of the Gianasca/Caldwell's instant request.

Further, "[u}ndue delay by itself ... is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (alteration in original).  Indeed, "[o]rdinarily, leave to amend pleadings should be granted regardless of the length of time of delay by the moving party absent a showing of bad faith by the moving party or prejudice to the opposing party." *Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981). The necessity and opportunity to prosecute the state-law damage claims did not present until the appeals from the approval of the 2015 settlements were remanded and this Court ordered new Counsel to adequately represent their interests. Subsequently, the rights of the Massachusetts class have been diligently and zealously pursued through the pursuit of the appeals of novel issues filed by the three Co-Lead

Counsel that this Court appointed to represent their interests. The instant request could not be filed while they were on appeal.

**E.     The Defendants Are Not Prejudiced.**

There is no prejudice to the Defendants in granting Gianasca/Caldwell request and prejudice is the factor that weighs most heavily in the analysis. *Eminence Capital,* 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir. 1987) (citation omitted).

Where "additional claims advance different legal theories and require proof of different facts," courts have found prejudice to the non-moving party. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citations omitted). Prejudice may also be found where "the introduction of a major new evidentiary issue at such a late stage in the litigation w[ould] require extensive additional discovery" *W. Shoshone v. Molini,* 951 F.2d 200, 204 (9th Cir. 1991).

The settled IPP Class Counsel's state law claims as well as Gianasca/Caldwell's instant Massachusetts state law claims are based on the identical conduct. The facts and claims underlying Gianasca/Caldwell's request have already been litigated by virtue of their inclusion in the nationwide class. Moreover, the defenses to these claims were obviously fully vetted and prepared prior the Defendant's entering a combined half billion-dollar settlement. Thus, the need for further discovery in this case will be in context, minimal.

There is no prejudice arising from new facts or different legal theories. Gianasca/Caldwell's original complaints and each subsequent consolidated MDL complaint thereafter alleged federal antitrust claims arising out of the defendants' price-fixing conspiracy for persons in all 50 states (ECF No. 1; MDL No. 437, 716, 827, 1526). The Defendants have been litigating the facts underlying Gianasca's claims—both the ones he initially asserted and those in his proposed amended complaint—from the very beginning, and the Defendants "need not radically change their litigation strategy in order to accommodate the proposed … claims." *Serpa v. SBC Telecomms., Inc.,* 318 F.Supp.2d 865, 872 (N.D. Cal. 2004). *See also James,* 2012 WL 4859069, at *2 (finding no substantial prejudice where the amended complaint added similar claims and facts, and "the nature of the litigation and the course of defense will not be substantially altered"). Indeed, the only parties that would be prejudiced are the Massachusetts putative class members if this relief is not granted.

**Amendment Would Not Be Futile.**

"'The merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment.'" *Allen v. Bayshore Mall,* No. 12–cv–02368–JST, 2013 WL 6441504, at *5 (N.D.Cal. Dec. 9, 2013) (quoting *McClurg v. Maricopa Cnty.,* No. 09–cv–01684–PHX, 2010 WL 3885142, at *1 (D.Ariz. Sept. 30, 2010)). Under Rule 15(a), "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

There are no new claims here to test on the merits. Indeed, the merits of these claims have already been reflected in the earlier settlements and proven to have substantial merit. Beyond this, the proposed amendments narrow the scope of the claims. Giansca/Caldwell will pursue damage claims only on behalf of Massachusetts indirect purchasers, not the 34 Repealer states in the initial complaint or all nine Repealer states omitted from the subsequent settlement and otherwise recognized by this Court. ECF No. 5518

Finally, granting the Giansca/Caldwell request will insure the Ninth Circuit's three-part test relation-back doctrine applies because (1) the original complaint gave the Defendants adequate notice of the newly proposed plaintiffs; (2) the relation back does not unfairly prejudice the Defendants, who have been defending against nearly identical claims, initially including state law claims, arising from the same facts and evidence since 2007; and (3) there is an identity of interests between the original and newly proposed plaintiffs, all of whom have been part of the same nationwide class on whose behalf the MDL Case has been litigated. *See Immigrant Assistant Project of L.A. County Fed'n of Labor v. INS*, 306 F.3d 842, 857 (9th Cir. 2002).

## CONCLUSION

For the foregoing reasons, the Massachusetts absent class member through their putative class representatives Gianasca and Caldwell respectfully asks the Court to grant this motion and allow him to file his amended complaint, attached hereto as Exhibit 5.[4]

---

[4] Gianasca/Caldwell request they be allowed to amend by adding IRICO and are ready to join in the trial schedule presently under review.

Dated:  September 16, 2022                    Respectfully submitted,

                                             /s/ *Robert J. Bonsignore*
                                             Bonsignore Trial Lawyers, PLLC
                                             23 Forest Street
                                             Medford, Massachusetts 02155
                                             Tel: (781) 350-0000
                                             Cell (781)856-7650
                                             Fax: (702) 983-8673
                                             rbonsignore@class-actions.us
                                             *Counsel for Gianasca and Caldwell*

                                             Joseph M. Alioto
                                             Tatiana INSERT
                                             ALIOTO LAW FIRM
                                             One Sansone Street, 35th Floor
                                             San Francisco, CA 94104
                                             Telephone: (415) 434-8900
                                             Email: jmalioto@aliotolaw.com
                                             ***Counsel for the Massachusetts Only***
                                             ***Indirect Purchaser Plaintiffs Gianasca and***
                                             ***Caldwell***


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed *via* CM/ECF on September 16, 2022 and as a result has been served on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

                              /s/ Robert Bonsignore