R. Alexander Saveri (173102)
  rick@saveri.com
Geoffrey C. Rushing (126910)
  grushing@saveri.com
Matthew D. Heaphy (227224)
  mheaphy@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: *ALL DIRECT PURCHASER ACTIONS* | **DIRECT PURCHASER PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO DISSEMINATE NOTICE OF DIRECT PURCHASER CLASS CERTIFICATION** |
| | Date:        December 8, 2022<br>Time:        2:00 p.m.<br>Judge:       Honorable Jon S. Tigar<br>Courtroom: 6 - 2nd Floor |

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether to approve the manner and form providing notice to class members of class certification.

2. Whether to establish a timetable for disseminating class notice and providing an opportunity for class members to request exclusion from the litigated class.

**REPLY BRIEF**

**I.     INTRODUCTION**

The Irico Defendants' opposition (ECF No. 6071) ("Opp.") does not take issue with the proposed manner or timing of notice, or with the substance of the notice which is similar to notices previously given in this case. Opp. at 4. Their sole complaint is that Direct Purchaser Plaintiffs' ("Plaintiffs") proposed forms of notice list as "affiliates" five Irico-affiliated entities and a Panasonic subsidiary who were not identified in the complaint. This objection lacks merit. The purpose of the notice is to inform potential class members of the pending litigation, help them determine whether they are in fact class members, and provide them an opportunity to request exclusion from the litigated class. Consistent with this purpose, the Court ordered Plaintiffs to list the "affiliates" of the Defendants and co-conspirators identified in the complaint in previous notices so that class members could more easily determine whether or not they were in the class. Including these entities in no way goes to the merits of the case and in no way prejudices Irico. In addition, previous notices have listed "affiliates" not identified in the complaint, and Irico cites no authority in support of its contention that the inclusion of such entities is improper.

Plaintiffs therefore respectfully request that the Court approve Plaintiffs' proposed forms of notice as well as the notice plan, as set forth in Plaintiffs' motion (ECF No. 6067) ("Motion" or "Mot.").

**II.    ARGUMENT**

**A.  Identification of Additional Affiliates Will Assist in Determining Class Membership**

As set forth in the Motion, the identification of defendant affiliates is pertinent to class membership because Plaintiffs contend that class members are entitled to damages based on purchases from such entities under *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323 (9th

Cir. 1980). Mot. at 4–5. For this reason, Plaintiffs propose adding five additional Irico-related affiliates to the lists used in previous notices. There is nothing "cavalier[]," *see* Opp. at 3, about including these entities in the notices. For example, Plaintiffs contend that the Irico Defendants sold CRTs in the United States through one of the additional affiliates, China National Electronics Import & Export Caihong Co., including to another proposed affiliate, Irico (USA), Inc., among others. *See* Direct Purchaser Pls.' Opp. to the Irico Defs.' Am. Mots. to Dismiss Claims of Direct Purchaser Pls. for Lack of Subject Matter Jurisdiction at 12–14 (ECF No. 5640) (Apr. 1, 2019). To the extent someone did purchase from these entities, they would be members of the class. Plaintiffs learned about these entities after Irico reappeared in this litigation in 2017. Plaintiffs submit that informing the class of these additional affiliate entities—without addressing the "merits of the DPPs' allegations" (ECF No. 4176 at 3)—will assist with determining class membership.

### B. Previous Notices Listed "Affiliates" Not Identified in the Complaint

Irico's reading of the Court's previous orders as explicitly limiting the entities listed in the notice to those named in the complaint is incorrect. While it is true that Mitsubishi objected to the inclusion of NEC-Mitsubishi Electric Visual Systems Corporation, NEC-Mitsubishi Electronics Display of America, Inc., and NM Visual Systems de Mexico S.A. de C.V.—all identified in the operative complaint—in the proposed notices, *see* ECF No. 4176 at 3 & n.3, the notices also identified multiple entities not identified in the complaint, without objection. *See, e.g.*, Saveri Decl., Ex. 1 at 4 (identifying in list of "affiliates and subsidiaries": LG Electronics Wales Ltd.; Panasonic Sikoku Electronics Corporation of America; PCB Integrated Manufacturing System, S.A. de C.V.; and Philips Holding USA Inc., among others).

### C. Irico Fails to Cite Authority Limiting Affiliates to Entities in Complaint

Aside from its attempts to distinguish Judge Conti's Mitsubishi class certification order and the Court's order authorizing notice of the Mitsubishi certified class, Irico cites no cases limiting the entities listed in class notices to those identified in the underlying complaint.

### D. Irico Identifies No Harm or Prejudice from Inclusion of Additional Affiliate Entities

Irico represents that it would be prejudiced by the inclusion of the additional affiliates in the notices, but fails to meaningfully explain how. *See* Opp. at 2 ("Allowing the inclusion of these

1  entities in the Notice, one of which is in no way connected to Irico, prejudices Irico's ability to
2  defend against the allegations against the remaining Irico defendants and serves only to confuse
3  potential Class members."). This assertion defies common sense. Providing additional information
4  to potential class members for determining their own purchases, and thus class membership, in no
5  way undercuts the Irico Defendants' ability to defend the allegations against them. Nor would it
6  confuse class members. Irico's contrary assertions are wholly conclusory.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that the Court enter an order: (i) approving the manner and form of providing notice to class members of class certification; and (ii) establishing a timetable for disseminating class notice and providing an opportunity for class members to request exclusion from the Litigated Class.

Dated: September 21, 2022                    Respectfully submitted,

/s/ *R. Alexander Saveri*
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Matthew D. Heaphy (227224)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*