UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This order relates to:<br><br>INDIRECT PURCHASER ACTIONS FOR THE 22 STATES | MDL No. 1917<br><br>Case No. 07-cv-05944-JST<br><br>**ORDER GRANTING IN PART INDIRECT PURCHASER PLAINTIFFS' MOTION FOR DISTRIBUTION OF ATTORNEY'S FEES**<br><br>Re: ECF No. 6001 |

Indirect Purchaser Plaintiffs ("IPPs") seek authorization for IPP Lead Counsel to distribute attorney's fees, expenses, and incentive awards based on the amended settlements resolving claims of 22 Indirect Purchaser State Classes. ECF No. 6001. The Court described the history of these settlements in detail when it granted final approval to the amended settlements on July 13, 2020. ECF No. 5786. In brief, while the original settlements were on appeal, the Court denied IPPs' motion for an indicative ruling and explained that it had erred in approving the settlements. *Id.* at 4. The Ninth Circuit subsequently remanded the case, and the parties reached amended settlement agreements for the 22 Indirect Purchaser State Classes. *Id.* at 5. The total settlement amount was reduced by $29,000,000, and the Court approved the parties' request to deduct that amount from the previously approved $158,606,250 fee award to Class Counsel, resulting in an amended fee award of $129,606,250. *Id.* at 5-6, 23-25. All appeals of the amended settlements have now been exhausted, and the settlements are now final.

Under the original settlements, members of what are now the Omitted Repealer State ("ORS") and Non-Repealer State ("NRS") subclasses were to receive no compensation but were required to release their claims for relief. *Id.* at 3. After the case was remanded, the Court

appointed separate counsel for the ORS and NRS subclasses. *Id.* at 5. The amended settlements do not include either subclass. *Id.* at 9.

No one opposed Lead Counsel's requested distribution of $450,000 in incentive awards or $3,174,647.55 in expenses to Class Counsel, as previously approved by the Court. ECF No. 5786 at 25-27. At Lead Counsel's request, and without objection from any party, the Court has already approved both distributions. ECF No. 6046.

In 2017, the Court approved a distribution plan for attorney's fees based on the original $158,606,250 fee award. ECF No. 5122. Under Lead Counsel's proposed plan for the reduced $129,606,250 amount, counsel would share pro rata in the $29,000,000 reduction in fees, after adjusting the lodestar for additional work on the amended settlements performed from March 1, 2019, through September 30, 2021. Lead Counsel also proposes that the fees for counsel for the ORS and NRS subclasses – Cooper & Kirkham, P.C. ("C&K"), Law Offices of Francis O. Scarpulla, and Law Office of Theresa D. Moore, PC (collectively, "Subclass Counsel") – be reduced by 50 percent based on their work following approval of the original settlements. Subclass Counsel are the only counsel, out of 50 law firms, who object to Lead Counsel's proposed distribution.

As the Court previously observed: "[F]ederal courts . . . have recognized that lead counsel are better suited than a trial court to decide the relative contributions of each firm and attorney." ECF No. 5122 at 1 (quoting *Hartless v. Clorox Co.*, 273 F.R.D. 630, 646 (S.D. Cal. 2011)). However, "the Court still has an obligation to assess the allocation award," *id.*, and "[i]t is well established that an award of attorneys' fees from a common fund depends on whether the attorneys' specific services benefited the fund – whether they tended to create, increase, protect or preserve the fund." *Class Plaintiffs v. Jaffe & Schlesinger, P.A.*, 19 F.3d 1306, 1308 (9th Cir. 1994) (quotation marks and citation omitted). Thus, in evaluating a fee allocation proposal, courts should consider "the relative efforts of, and benefits conferred upon the class by, co-counsel." *In re FPI/Agretech Sec. Litig.*, 105 F.3d 469, 474 (9th Cir. 1997).

The settlements at issue here provide attorney's fees for work benefiting the 22 Indirect Purchaser State Classes. In their opposition to Lead Counsel's proposed distribution plan,

2

1  Subclass Counsel repeatedly emphasize the work that they did for the ORS and NRS Subclasses.
2  But those subclasses are not part of the settlements at issue here, and the fee awards at issue in this
3  motion are not intended to compensate counsel for work performed on behalf of the subclasses.
4  Although Subclass Counsel argue that they did not intend to harm the Indirect Purchaser State
5  Classes, their actions had the effect of putting at potential risk, and ultimately delaying by a period
6  of years, the settlements reached on behalf of those plaintiffs.  Rather than benefitting the 22
7  Indirect Purchaser State Classes, Subclass Counsel worked against those classes' interests.
8  Because of the delay, some class members will not receive any benefits from the settlements
9  because they have died, will not be able to be found, or are companies that have gone "bankrupt or
10 no longer exist."  ECF No. 6001-1 ¶ 13; ECF No. 6010-1 ¶¶ 3-4.  And the class members who do
11 receive benefits will be receiving them years later than they would have without Subclass
12 Counsel's efforts.  Compared to other counsel who supported the amended settlements, Subclass
13 Counsel contributed relatively less to the classes for whom attorney's fees are being awarded, and
14 a reduction in their fee award is therefore appropriate.  The Court approves Lead Counsel's
15 proposed distribution formula, including the proposed 50 percent reduction for Subclass Counsel.
16      The Court declines Subclass Counsel's invitation to revisit issues decided by the Court's
17 2017 fee allocation.  However, Subclass Counsel's objections regarding Lead Counsel's proposed
18 additional lodestar has merit.  In support of the motion, Lead Counsel provided a single paragraph
19 in a declaration listing some of the work that was "performed by certain [unidentified] firms from
20 March 1, 2019 through September 30, [2021] in negotiating the amended settlements, obtaining
21 approval of them, and defending them on appeal."  ECF No. 6001-1 ¶ 7.  Counsel also explained
22 that the proposed figure excludes "extensive work performed . . . from June 1, 2015 to
23 February 28, 2019."  *Id.* ¶ 8.  Responding to Subclass Counsel's criticisms regarding the lack of
24 detail to support the proposed additional lodestar, Lead Counsel submitted two additional
25 paragraphs in a reply declaration, both of which also summarize some of the work done on the
26 amended settlements.  ECF No. 6010-1 ¶¶ 10-11.  While Lead Counsel's declarations establish
27 that counsel performed extensive work, they provide no basis for the Court to evaluate whether the
28 claimed lodestar for that work – $6,103,876 – is reasonable.  They do not, for example, identify or

3

discuss the number of timekeepers, hours, or hourly rates, nor do they attempt to attribute any portion of the claimed amount to specific categories of work. The Court therefore agrees with Subclass Counsel that the proposed additional lodestar should be excluded when calculating the fee distributions to Subclass Counsel.[1] This results in the following distributions: $1,460,959 to C&K; $55,044.41 to Scarpulla; and $20,272.45 to Moore. *See* ECF No. 6010-1 ¶¶ 7-9.

Granting these additional distributions results in a reduction of $56,803.03 available for distribution to other counsel. The Court leaves it to Lead Counsel's discretion to determine how to split this reduction among remaining counsel.

Consistent with the above discussion, IPPs' motion for distribution of attorney's fees is granted in part and denied in part.

**IT IS SO ORDERED.**

Dated:  September 27, 2022



JON S. TIGAR
United States District Judge

---

[1] The Court applies this ruling only to Subclass Counsel, as no other counsel objected to Lead Counsel's proposed distribution plan.