BAKER BOTTS LLP
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
       evan.werbel@bakerbotts.com
       tom.carter@bakerbotts.com
       drew.lucarelli@bakerbotts.com

*Attorneys for Proposed Defendants
Irico Group Corp. and Irico
Display Devices Co., Ltd.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 4:08-cv-1559-JST |
| | Master File No.: 07-cv-05944 JST |
| This document relates to: | MDL No. 1917 |
| Terry, et al., | **IRICO PROPOSED DEFENDANTS' OPPOSITION TO MOTION TO AMEND COMPLAINT OR OTHERWISE PURSUE PENDING CLAIMS (ECF No. 6072)** |
|     Plaintiffs, | |
| v. | Date: December 15, 2022[1] |
| LG Electronics, Inc., et al., | Time: 2:00 p.m. |
|     Defendants. | Judge: Hon. Jon S. Tigar |
| | Courtroom: 6, 2nd Floor |

---

[1] As of the time of filing, counsel for Gianasca and Caldwell have failed to comply with the Clerk's directive to re-notice the closed hearing date. *See* ECF No. 6073.

**PRELIMINARY STATEMENT**

After sitting on their hands for more than twelve years, movants Anthony Gianasca and the Estate of Barbara Caldwell (collectively, "Movants"), though their counsel Robert Bonsignore, ask the Court to allow amendment of a long-superseded complaint in an attempt to revive claims that they surrendered many years ago. The reality is that this motion is time-barred and fails to meet the requirements for permissive amendment under Rule 15(a) of the Federal Rules of Civil Procedure and Ninth Circuit precedent. Proposed Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico Proposed Defendants" or "Irico") respectfully request that the Court deny the motion.

*First*, Irico joins the Intervenor-Proposed Defendants' Response which demonstrates that Movants offer no valid explanation for their failure to file this Motion until recently. That alone should be dispositive. Additionally, however, there is no excuse for Movant's repeated delays in filing this Motion as to Irico, and Movants do not even attempt to explain why they delayed as to Irico. Irico has been a defendant in the IPP case from the start—December 13, 2007—and Movants knew about, and even made a filing related to, the ongoing case against Irico in November 2020. Despite this, they have done absolutely nothing until the filing of the instant motion. These are the exact circumstances reflecting undue delay where the Ninth Circuit has confirmed the denial of permissive amendment under Rule 15. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951–53 (9th Cir. 2006) ("We have held that an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable.") (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991)).

*Second*, if the delay alone were not enough, Movants' attempt to join the litigation against Irico at this late stage, after the close of discovery in the Indirect Purchaser Actions and with trial on the horizon, would be extremely prejudicial to Irico, the plaintiffs, and the Court. Movants' only mention of Irico in their brief is a bare footnote, but their statement in that note that they "are ready to join in the trial schedule presently under review," Mot. at 12, n. 4, demonstrates a remarkable lack of understanding of their situation and complete disregard for the significant time

and effort already invested in the Irico case by the Court, the plaintiffs, and Irico. Fact discovery has closed, expert discovery in the IPP Action has been conducted, and trial is scheduled to start in nine months. This schedule could not be maintained with Movant's addition to the case and Movants attempted late entry is the exact type of conduct that establishes sufficient prejudice to reject permissive amendment in this Circuit. *See Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir.1998) (holding that a need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint).

For the foregoing reasons, in addition to those brought by Intervenor-Proposed Defendants' which Irico joins, Irico respectfully requests that the Court deny the Motion.

## BACKGROUND

The facts of this case are well known to the Court, so Irico sets out only those facts relevant to Irico's argument below.[2]

### A. Movants Did Not Take Action As Ordered By The Court Or Participate In The Default Proceedings Against Irico.

On June 28, 2016, the Court entered an order directing "any plaintiff with pending affirmative claims against the Irico Entities to advise the Court in writing by July 5, 2016 of the following: (1) the date on which it filed its operative claims against the Irico Entities; (2) whether the Irico Entities have been served with those claims; and (3) whether the Irico Entities have answered those claims . . . . If the answer to question three is negative, the filing party should show good cause why it has not previously requested entry of default as to the Irico Entities." ECF No. 4694 at 2. On July 5, 2016, other plaintiffs filed responses to the Court's June 28, 2016 Order, including the Direct Purchaser Plaintiffs ("DPPs") and the Indirect Purchaser Plaintiffs who have certified classes for damages under the laws of 22 states ("22-State IPPs"). *See* ECF Nos. 4702, 4703, 4704, 4705 (DPPs), and 4706 (22-State IPPs). On July 18, 2016, DPPs moved for an entry of default against Irico. ECF No. 4724. On July 20, 2016, the 22-State IPPs also moved for an entry of

---

[2] Other proposed defendants have filed a proposed response that lays out the background facts in greater detail. As discussed in § I, *infra*, Irico joins and incorporates those factual recitations by reference.

default. ECF No. 4725. On July 20 and July 22, 2016, the Court entered default against Irico. ECF Nos. 4727 (DPPs), 4729 (22-State IPPs).

On August 3, 2017, the DPPs moved for entry of default judgment, ECF No. 5813, but IPPs had previously announced their intention not to seek a default judgment and did not likewise move. *See* ECF No. 4734. On October 25, 2017, Irico filed an opposition to DPPs' motion for default judgment, ECF No. 5214, and also filed its own Motion to Set Aside Default Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. ECF No. 5215. After further briefing and a hearing, the Court set aside Irico's default on February 1, 2018, and ordered that DPPs and Irico proceed to jurisdictional discovery. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944 JST, 2018 WL 659084 (N.D. Cal. Feb. 1, 2018). At no point during the default process did Movants respond to the Court's June 28, 2016, Order, or otherwise attempt to participate.

### B. Movants Did Not Participate In The Jurisdictional Phase Of The Irico Case

On March 5, 2018, DPPs served jurisdictional discovery on Irico. ECF No. 5272-2 at 12. On March 27, 2018, IPPs likewise served jurisdictional discovery on Irico. ECF No. 5271 at 2. On July 18. 2018, Irico's filed motions to dismiss the DPP and IPP complaints based on immunity under the Foreign Sovereign Immunities Act. ECF Nos. 5312, 5313. On August 13, 2018, the Court set briefing schedules for and scheduled a hearing on the motions for January 2019. ECF No. 5323. Over the next nine months, the parties continued discovery and submitted amended briefing related to Irico's motions to dismiss. ECF Nos. 5409. 5410, 5411, 5412, 5419, 5440, 5463, and 5480. On May 30, 2019, the Court held a hearing on the motions to dismiss. ECF No. 5492. On October 28, 2019, the Court denied Irico's motions to dismiss. ECF No. 5637. On November 22, 2019, Irico appealed the denial of the motions to dismiss to the Ninth Circuit. ECF No. 5650. On October 27, 2020, the Ninth Circuit entered an order granting Irico's motion to dismiss the appeal of the denial of the motions to dismiss. ECF No. 5861. Movants did not attempt to participate at any point during the jurisdictional discovery process.

**C. Movants Make One Filing In The Merits Phase Of The Irico Case, Then Disappear Until The Filing Of The Instant Motion.**

On November 20, 2020, DPPs, the 22-State IPPs, and Irico filed an Administrative Motion for a Subsequent Case Management Conference to discuss scheduling issues related to the Irico case. ECF No. 5865. On November 25, 2020, Counsel for Movants, Robert Bonsignore, filed a Notice of Joinder and Joinder in the Administrative Motion, which Mr. Bonsignore stated, "is being respectfully requested as appropriate to address scheduling issues and discovery." ECF No. 5866 at 1. Mr. Bonsignore continued, "[t]he ORS Subclass (including Movants) joins in the CMC Motion, which is hereby incorporated by reference." *Id.* On November 30, 2020, the Court set a Case Management Conference for January 12, 2021, and ordered the submission of a Joint Case Management Conference Statement by January 5, 2021. ECF No. 5867.

As ordered, the DPPs, 22-State IPPs, and Irico filed the Joint Case Management Conference Statement on January 5, 2021 ("Joint Statement"). ECF No. 5877. The Joint Statement noted Mr. Bonsignore's November 25, 2020 Joinder, but stated that "Mr. Bonsignore had not contacted the parties to meet and confer regarding the Joint Case Management Conference [as] required by Local Rule 16-10(d)." *Id.* at 11. The Joint Statement also noted that "[t]he parties have not contacted Mr. Bonsignore since his clients are not parties to this litigation." *Id.* Mr. Bonsignore did not file his own Case Management Statement. On January 12, 2021, the DPPs, 22-State IPPs, and Irico participated in the Case Management Conference. ECF No. 5883. Mr. Bonsignore did not attend the Case Management Conference. *See id.*

Following the January 12, 2021 Case Management Conference, DPPs, IPPs, and Irico made a number of filings on the public docket related to the pretrial schedules as to Irico. *See* ECF Nos. 5889, 5890, 5891, 5900. On February 16, 2021, the Court entered a Case Management Order that broadly addressed issues related to the Direct Purchaser and Indirect Purchaser Actions against Irico. ECF No. 5907. Pursuant to that Order, on April 12, 2021, DPPs, the 22-State IPPs, and Irico filed a further Joint Case Management Statement submission setting out the parties' positions on pretrial schedules in the respective actions. ECF No. 5922. On April 19, 2021, the Court held a Further Case Management Conference to discuss the proposals. ECF No. 5924. Again, Mr.

IRICO PROPOSED DEFENDANTS' OPPOSITION
TO MOTION TO AMEND COMPLAINT

4

MASTER FILE NO.: 07-CV-05944-JST
MDL NO. 1917

Bonsignore did not participate in the further briefing or appear at the Case Management Conference. On April 20, 2021, the Court issued a Scheduling Order and Referral to Magistrate Judge for Settlement, setting a pretrial schedule for a January 30, 2023 trial date in the Indirect Purchaser Actions and a class certification briefing schedule in the Direct Purchaser Actions. ECF No. 5925.

DPPs, the 22-State IPPs, and Irico were actively engaged in discovery between the parties since the initiation of the jurisdictional phase of Irico case commenced in early 2018. *See generally*, ECF No. 6058; *see also supra* at 3; ECF No. 5324 (Order adopting Report and Recommendation from Special Master allowing discovery regarding alleged competitor meetings). Fact discovery closed on September 1, 2022.[3] ECF No. 6016. Expert discovery in the IPP Actions closed on May 23, 2022, ECF No. 5980, and the expert economist for the 22-State IPPs was deposed on June 9, 2022. *See* ECF No. 6016. Movants had no participation in the discovery phase of the case at any time. Finally, on September 16, 2022, Movants filed the instant Motion.

## ARGUMENT

### I. JOINDER IN RELEVANT PORTIONS OF INTERVENORS-PROPOSED DEFENDANTS' RESPONSE TO MOTION TO AMEND COMPLAINT OR OTHERWISE PURSUE PENDING CLAIMS

Intervenors-Proposed Defendants' Response to Motion to Amend Complaint or Otherwise Pursue Pending Claims, filed on September 30, 2022 ("Intervenors' Response"), lays out facts and argument that is common to all proposed defendants affected by the instant Motion, including Irico. For the sake of judicial economy and the avoidance of burdening the Court with duplicative briefing, Irico hereby joins and incorporates by reference the portions of Intervenors' Response that apply to all proposed defendants potentially at issue in the Motion. In particular, Irico joins and incorporates by reference the factual recitations in the "Background" section of the Intervenors' Response. Irico further joins and incorporates by reference the arguments in Section II of the "Arguments" section of the Intervenors' Response.

---

[3] Two Irico witnesses, Wang Zhaojie and Yan Yunlong were deposed the weeks of September 19 and September 26, 2022. *See* ECF No. 6071 at 1.

The grounds discussed in the Intervenors' Response apply equally to Irico and fully justify the denial of the Motion as to the Irico Proposed Defendants. Below, Irico identifies additional grounds, unique to Irico, on which the Motion should be denied.

## II. MOVANTS HAVE FAILED TO MEET THEIR BURDEN TO DEMONSTRATE THAT LEAVE TO AMEND IS PROPER AS TO IRICO

In addition to the bases to deny the Motion as to all proposed defendants, Movants have failed to establish that amendment under Rule 15(a)(2) of the Federal Rule of Civil Procedure is proper specifically as to Irico given the current pretrial status of plaintiffs' claims against Irico and Movants' failure to timely assert those claims to align with the existing pretrial schedules. The Ninth Circuit "consider[s] four factors when reviewing a decision whether to permit an amendment [under Rule 15(a)]: (1) bad faith on the part of the plaintiffs; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (citation omitted)."Although delay is not a dispositive factor in the amendment analysis, it is relevant, *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990), especially when no reason is given for the delay, *Swanson v. United States Forest Serv.,* 87 F.3d 339, 345 (9th Cir.1996)." *Id.*

### A. Movants Make No Attempt to Explain Their Undue Delay In Attempting To Amend Purported Claims Against Irico.

As the Court is well aware, Irico, DPPs and the 22-State IPPs have been actively litigating this case for several years. However, the same cannot be said of Movants, despite the fact that their counsel, Mr. Bonsignore, has received every ECF filing related to Irico. *See* ECF No. 5444 at 33:5–6. ("I have an appearance in this case. I've been in it from the beginning."). Movants made no attempt to respond to the Court's order that "any plaintiff with pending affirmative claims against the Irico Entities [] advise the Court" on default. *Supra* at 2. The Irico-phase of this litigation recommenced in earnest once the Court issued its Order Setting Aside Default on February 1, 2018. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-cv-5944 JST, 2018 WL 659084 (N.D. Cal. Feb. 1, 2018). DPPs and the 22-State IPPs pursued detailed discovery against Irico beginning with the jurisdictional phase and the parties litigated motions to dismiss.

IRICO PROPOSED DEFENDANTS' OPPOSITION         6         MASTER FILE NO.: 07-CV-05944-JST
TO MOTION TO AMEND COMPLAINT                                MDL NO. 1917

*Supra* at 3. Movants did not file the instant Motion or otherwise participate in this default/jurisdictional phase of the case. *See id.*

After Irico dismissed its appeal of the decision on the motions to dismiss, the Irico case continued with active case discovery in November 2020. *See* ECF No. 5865. At that time, DPPs, the 22-State IPPs, and Irico sought, and the Court granted, a Case Management Conference ("CMC") to discuss the pretrial schedules and other issues related to the case. ECF Nos. 5865, 5867. Movants received notice of this request for a CMC and in fact filed a joinder (specifically including Movants Gianasco and Caldwell) encouraging the Court to schedule the CMC. ECF No. 5866. However, Movants failed to further engage with plaintiffs or Irico regarding the subsequently filed Joint Case Management Statement, ECF No. 5877 at 11, and did not even join the CMC. ECF No. 5883.

Following that CMC and further briefing from DPPs, the 22-State IPPs, and Irico, the Court set a schedule for class certification in the DPP Action and a pretrial schedule for the IPP Action on April 20, 2021. ECF No. 5921. Despite those developments and the intervening seventeen months of pretrial activity in both the DPP and IPP Actions (for which Movants' counsel received ECF notices of each and every Court filing), *supra* at 4-5, Movants made no attempt to involve themselves in any of these proceedings with Irico beyond that initial joinder, a further period of nearly two years of inactivity. As the Court is aware, these years of activity included extensive discovery including requests for production, interrogatories, requests for admission, and depositions of Irico employees. Fact discovery is now closed. Expert discovery, reports and depositions also occurred during Movants' absence and expert discovery is now closed. This inexcusable absence from the entire six-year formative phase of the case, and even the last two-plus final years of intensive discovery alone, easily exceeds the length of delay found unreasonable by the Ninth Circuit. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951–53 (9th Cir. 2006) ("We have held that an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable.") (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991)); *see also Lockheed*, 194 F.3d at 986.

The Ninth Circuit has affirmed denial of leave to amend in cases where all relevant facts are known, and plaintiff has failed to move expeditiously. *See Scannell v. Washington State Bar Ass'n*, 671 F. App'x 529, 531 (9th Cir. 2016) ("Scannell unduly delayed in seeking leave to amend his complaint because: (1) his proposed complaint was based on previously available evidence; (2) he had three previous chances to amend; and (3) he filed his motion five days before the close of discovery."); *see also Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986)) ("We have also noted that late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action."). Instead, Movants fail to even acknowledge the subsequent developments with Irico over the last two years other than a throwaway footnote where they assert that they "are ready to join in the trial schedule presently under review," Mot. at 12, n. 4, without demonstrating how Movants would be in a position to do so given the current posture of their claims and the current schedule in the IPP actions. *See infra* at 9.

Movants unquestionably knew that the litigation involving Irico was moving forward because Movants' counsel receive all ECF notices for this MDL and made its own filing late in 2020. *Supra* at 4. Yet, Movants did nothing and offer no reason for their inaction. Movants "have unduly delayed in seeking leave to amend" their purported complaint as to Irico. *See Scannell*, 671 F. App'x at 531.

### B. There Is Strong Prejudice to the Court, Irico and the DPP and 22-State IPP Plaintiffs Because Movants Cannot Simply "Join In The Trial Schedule" Or Pretrial Proceedings In Progress Against Irico.

Any relief to Movants at this time would significantly prejudice Irico, the plaintiffs, and the Court. This Circuit has affirmed that a need to reopen discovery and delay the proceedings supports a finding of prejudice from a delayed motion to amend the complaint. *See Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir.1998). At present, after the close of discovery and less than nine months from trial, no discovery has been taken as to Movants and Irico has had no opportunity to explore specific defenses as to their claims. In fact, Movants are

not even part of a certified class, *cf. In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-cv-5944-JST, 2013 WL 5391159 (N.D. Cal. Sept. 24, 2013) (certifying twenty-two indirect purchaser state-law classes for damages but no class for Massachusetts), and have not advanced a motion for class certification. Instead, Movants now present an unintelligible request to the Court, again in a footnote to their brief, that the Court "allow[ Movants] to amend by *adding* IRICO." Mot. at 12, n. 4 (emphasis added). This suggestion ignores completely the entirety of the process that would be required for Movants to participate in this case, even if it were not barred by Movants' own inactions.

The alleged subclass, if the Court were to allow it, would face substantial and time-consuming tasks to move itself into the position that the 22-State IPPs occupy today. None of these tasks have been advanced, nor even commenced. These tasks start with participation in fact discovery for the purported class representatives for the first time in this litigation, including written discovery and depositions. Beyond discovery, the alleged subclass would need to move for and obtain certification for their purported class, a process that will require extensive expert discovery as to any purported Massachusetts claims. Finally, should they obtain certification, the Movants would need to produce expert reports and participate in expert discovery. The Ninth Circuit has rejected amendment in similar circumstances where "there would be undue delay and prejudice to the defendants if [plaintiff] were allowed to amend his complaint two years into litigation and after close of discovery." *Bassani v. Sutton*, 430 F. App'x 596, 597 (9th Cir. 2011); *see also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387–88 (9th Cir. 1990) (holding that an amendment prejudices the other party when the amendment would require additional discovery because it "advance[s] different legal theories and require[s] proof of different facts"). Here, we are 14 years into the litigation and after the close of discovery.

### III.   MOVANTS' REQUESTED RELIEF IS UNINTELLIGIBLE

Movants' terse request that "they be allowed to amend by *adding* IRICO," Mot. at 12, n. 4 (emphasis added), the only sentence that mentions Irico in the brief, is incomprehensible without any additional substance or argument. Beyond that, as the Ninth Circuit has opined, "[t]he summary

mention of an issue in a footnote, without reasoning in support of the [] argument, is insufficient to raise the issue . . ..” *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.4 (9th Cir. 1996).

## CONCLUSION

For the foregoing reasons, Irico respectfully requests that the Court deny the Motion.

Dated: September 30, 2022

Respectfully submitted,

/s/ *John M. Taladay*
BAKER BOTTS LLP
JOHN M. TALADAY
EVAN J. WERBEL
THOMAS E. CARTER
ANDREW L. LUCARELLI
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
   evan.werbel@bakerbotts.com
   tom.carter@bakerbotts.com
   drew.lucarelli@bakerbotts.com

*Attorneys for Proposed Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.*