ALLEN & OVERY LLP
Andrew Rhys Davies (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399
Email: andrewrhys.davies@allenovery.com

*Attorneys for Intervenors-Proposed Defendants*
*Samsung SDI Co., Ltd.; Samsung SDI America, Inc.;*
*Samsung SDI Mexico S.A. De C.V.; Samsung SDI*
*Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.;*
*Tianjin Samsung SDI Co., Ltd.; and Samsung*
*SDI (Malaysia) Sdn. Bhd.*

[Additional Responding Parties and Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.: 07-cv-05944 JST |
| | MDL No. 1917 |
| This document relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF RESPONDING TO MOTION TO AMEND COMPLAINT OR OTHERWISE PURSUE PENDING CLAIMS (ECF No. 6072)**<br><br>Date:      January 12, 2023<br>Time:      2:00 p.m.<br>Judge:    Hon. Jon S. Tigar<br>Courtroom:  6, 2nd Floor |

NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF
RESPONDING TO MOTION TO AMEND COMPLAINT

CASE NO.: 4:07-CV-05944-JST

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................................... ii

NOTICE OF MOTION AND MOTION TO INTERVENE ........................................................1

MEMORANDUM OF LAW ........................................................................................................2

PRELIMINARY STATEMENT ...................................................................................................2

BACKGROUND ..........................................................................................................................2

      A.     Gianasca Abandons the Massachusetts Law Claims He Asserted in the
             *Terry* Action ...................................................................................................2

      B.     Caldwell Abandons the Massachusetts Law Claims She Asserted in the
             First and Second Post-Consolidation IPP Complaints ...................................3

      C.     This Court Denies Gianasca and Caldwell's Motions to Intervene to Assert
             State-Law Claims on Behalf of IPPs in Massachusetts ................................4

            1.     This Court rules that Gianasca cannot amend the IPP Complaint ..............4

            2.     This Court rules that Gianasca and Caldwell can only assert their
                  claims by filing new actions ........................................................................4

      D.     The Ninth Circuit Dismisses Gianasca and Caldwell's Intervention Appeal
             Because There Is No Remaining Action Into Which They Could Intervene .........6

      E.     Gianasca and Caldwell's Pending Motion Seeks to Re-Litigate Issues this
             Court and the Court of Appeals Have Already Resolved Against Them ...............7

ARGUMENT ................................................................................................................................8

      INTERVENTION SHOULD BE GRANTED FOR THE LIMITED PURPOSE
      OF ALLOWING INTERVENORS-PROPOSED DEFENDANTS TO OPPOSE
      THE ATTEMPT TO RE-LITIGATE ISSUES THAT HAVE ALREADY BEEN
      RESOLVED AGAINST GIANASCA AND CALDWELL...................................8

      A.     Intervenors-Proposed Defendants Are Entitled to Intervene as of Right to
             Oppose the Re-Litigation of Issues that Have Already Been Resolved in
             Their Favor....................................................................................................8

            1.     Intervenors-Proposed Defendants have a significant interest in
                  opposing this attempt to re-litigate issues that have already been
                  resolved in their favor ..................................................................................8

i

2.   The existing parties will not adequately represent the interests of the Intervenors-Proposed Defendants ..........................................................9

3.   This intervention motion is timely because it has been filed within the deadline to oppose the Motion to Amend ...........................................10

B.   The Court Should Also Allow Permissive Intervention to Afford Proposed Defendants-Intervenors an Opportunity to be Heard in Response to a Motion Affecting their Interests.............................................................................11

CONCLUSION................................................................................................................13

ii

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*,
    139 F.3d 664 (9th Cir. 1997) .................................................................10

*Ayres v. Indirect Purchaser Plaintiffs*,
    142 S. Ct. 2813 (2022) ...........................................................................7

*Ashford v. Steuart*,
    657 F.2d 1053 (9th Cir. 1981) .................................................................9

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
    966 F.2d 470 (9th Cir. 1992) .................................................................12

*Ctr. for Biological Diversity v. Brennan*,
    571 F. Supp. 2d 1105 (N.D. Cal. 2007) .................................................11

*Churchill Village, L.L.C. v. General Electric*,
    361 F.3d 566 (9th Cir. 2004) .................................................................3

*Connell v. Heartland Express, Inc.*,
    No. 2:19-CV-09584-RGK-JC, 2021 WL 4295754 (C.D. Cal. Apr. 30, 2021).........................11

*Donnelly v. Glickman*,
    159 F.3d 405 (9th Cir. 1998) .................................................11, 12

*In re Cathode Ray Tube Antitrust Litig.*,
    No. 20-15697, 2021 WL 4306895 (9th Cir. Sept. 22, 2021) .........................2, 7

*In re Est. of Ferdinand E. Marcos Hum. Rts. Litig.*,
    536 F.3d 980 (9th Cir. 2008) .................................................................8

*In re Refrigerant Compressors Antitrust Litig.*,
    731 F.3d 586 (6th Cir. 2013) .................................................................6

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    2011 WL 3957251 (N.D. Cal. Sept. 7, 2011) .........................................8

*Lacey v. Maricopa Cnty.*,
    693 F.3d 896 (9th Cir. 2012) .................................................6, 7

NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF
RESPONDING TO MOTION TO AMEND COMPLAINT

CASE NO.: 4:07-CV-05944-JST

*LG Elecs. Inc. v. Q-Lity Comp. Inc.*,
    211 F.R.D. 360 (N.D. Cal. 2002) ............................................................8, 9, 11, 12

*Lindauer v. Rogers*,
    91 F.3d 1355 (9th Cir. 1996) ....................................................................................10

*Navajo Nation v. Dept. of the Int.*,
    876 F.3d 1144 (9th Cir. 2017) ....................................................................................9

*Nw. Forest Res.Council v. Glickman*,
    82 F.3d 825 (9th Cir. 1996) ........................................................................................9

*Officers for Justice v. Civil Serv. Comm'n of S.F.*,
    688 F.2d 615 (9th Cir. 1982) ....................................................................................12

*Portland Audubon Soc'y v. Hodel*,
    866 F.2d 302 (9th Cir. 1989) ....................................................................................11

*San Jose Mercury News, Inc. v. U.S. Dist. Court—Northern Dist.*,
    187 F.3d 1096 (9th Cir. 1999) ..................................................................................11

*S. Cal. Edison Co. v. Lynch*,
    307 F.3d 794 (9th Cir.2002) ........................................................................................8

*Sw. Ctr. for Biological Diversity v. Berg*,
    268 F.3d 810 (9th Cir. 2001) ..................................................................................8, 9

*Trbovich v. United Mine Workers*,
    404 U.S. 528 (1972) ....................................................................................................9

*United States v. Alisal Water Corp.*,
    370 F.3d 915 (9th Cir. 2004) ................................................................................8, 11

*United States v. Armour & Co.*,
    402 U.S. 673 (1971) ..................................................................................................12

*United States v. City of Los Angeles*,
    288 F.3d 391 (9th Cir. 2002) ......................................................................................9

*VFD Consulting, Inc. v. 21st Servs., 21st Holdings, LLC*,
    No. C 04-2161 SBA, 2005 WL 1115870 (N.D. Cal. May 11, 2005) ........................8

iv

**Statutes**

28 U.S.C. § 1407................................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 15(c)(1)....................................................................................................10

J.P.M.L. R. 7.2(a)..............................................................................................................5

NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW IN          CASE NO.: 4:07-cv-05944-JST
SUPPORT OF MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF
RESPONDING TO MOTION TO AMEND COMPLAINT

## NOTICE OF MOTION AND MOTION TO INTERVENE

TO ALL PARTIES AND THEIR ATTORNEYS:

PLEASE TAKE NOTICE that on Thursday, January 12, 2023, or the earliest date allowed by this Court, before the Honorable Judge Jon. S. Tigar, United States District Court for the Northern District of California, the undersigned movants ("Intervenors-Proposed Defendants"), by and through their counsel, will request that the Intervenors-Proposed Defendants be permitted to intervene for the limited purpose of responding to the September 16, 2022 Motion to Amend Complaints or Otherwise Pursue Pending Claims, ECF No. 6072 ("Motion to Amend"). Intervenors-Proposed Defendants hereby incorporate their Memorandum of Law filed in support of this motion, their Proposed Response to Motion to Amend Complaint or Otherwise Pursue Pending Claims ("Proposed Response") attached as Exhibit A and the concurrently-filed Proposed Order granting Intervenors-Proposed Defendants' motion to intervene for the limited purpose of responding to the Motion to Amend and authorizing the filing of the Proposed Response.

A proposed order is attached as Exhibit B.

Prior to filing this motion, moving counsel contacted counsel for the other parties to ask their clients' positions. Mr. Bonsignore, counsel for Gianasca and Caldwell, responded: "Please do as the law allows." Lead IPP counsel responded: "IPPs take no position on your motion."

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF LAW

## PRELIMINARY STATEMENT

Intervenors-Proposed Defendants seek to intervene for the limited purpose of opposing Anthony Gianasca and Barbara Caldwell's Motion to Amend Complaint or Otherwise Pursue Pending Claims ("Motion to Amend," or "Mot."), ECF No. 6072. Intervenors-Proposed Defendants are former defendants in the above-captioned proceeding, from which they were dismissed with prejudice in a July 2020 final judgment. As the Court of Appeals explained: "The approved amended settlements release Defendants from the suit at issue. ***There is no longer an action against Defendants into which the ORS and NRS appellants can intervene***." *In re Cathode Ray Tube Antitrust Litig.*, No. 20-15697, 2021 WL 4306895 *2 (9th Cir. Sept. 22, 2021) (emphasis added). Gianasca and Caldwell seek to re-open the litigation against the Intervenors-Proposed Defendants in order to re-litigate prior rulings of this Court and of the Court of Appeals. Because the existing parties do not adequately represent the Intervenors-Proposed Defendants' interests and this Court would benefit from the adversarial process of robust briefing on the Motion to Amend, this Court should allow the Intervenors-Proposed Defendants to intervene for the limited purpose of responding to the Motion to Amend and authorize filing of the Proposed Response, attached hereto as Exhibit A.

## BACKGROUND

### A.    Gianasca Abandons the Massachusetts Law Claims He Asserted in the *Terry* Action

In March 2008, counsel Mario Alioto filed a putative class action in this district, captioned *Brigid Terry, et al. v. LG Electronics, Inc., et al.*, No. 08-1559. Mot. at 6; ECF No. 6072-2. The named plaintiffs included Gianasca, and the complaint asserted, *inter alia*, Massachusetts state-law damages claims on behalf of IPPs in Massachusetts. *Id.* The complaint also identified Robert Bonsignore as counsel for Gianasca. ECF No. 6072-2 at 34. In April 2008, the Court transferred the *Terry* action into this MDL proceeding. Mot. at 7; ECF No. 253.

In May 2008, the Court appointed Mario Alioto interim lead IPP counsel. ECF No. 282. In March 2009, lead counsel filed a Consolidated Amended Complaint that did not name

NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF
RESPONDING TO MOTION TO AMEND COMPLAINT

CASE NO.: 4:07-cv-05944-JST

Gianasca. ECF No. 437. Lead counsel understood that Gianasca did not wish to serve as a named plaintiff as he had not responded to counsel's requests for information, failing even to provide "basic information regarding [his] claimed purchase of a CRT product." ECF No. 4370 ¶ 37.

Mr. Bonsignore signed the March 2009 Consolidated Amended Complaint and each of the subsequent consolidated amended complaints, none of which named Gianasca as a plaintiff. ECF No. 437 at 96; ECF No. 716 at 102; ECF No. 827 at 99; ECF No. 1526 at 101. As Mr. Bonsignore previously told this Court: "I have an appearance in this case. I've been in it from the beginning." ECF No. 5444 at 32:5–6.

**B.     Caldwell Abandons the Massachusetts Law Claims She Asserted in the First and Second Post-Consolidation IPP Complaints**

Lead counsel added Caldwell as a named plaintiff in the March 2009 Consolidated Amended Complaint, asserting Massachusetts state-law damages claims on behalf of IPPs in Massachusetts. ECF No. 437, at 78–79 (¶ 277), 88–89 (¶ 286). In February 2010, the Court dismissed Caldwell's Massachusetts statutory claim with leave to amend, due to her failure to plead compliance with a statutory thirty-day pre-filing notice requirement. ECF No. 665, at 24, 25 (¶ 12); ECF No. 597, at 29–30.

The May 2010 Second Consolidated Amended Complaint re-asserted Caldwell's Massachusetts-law claims, but admitted that she did not provide the required thirty-day notice. ECF No. 716, at 6–7 (¶ 31), 86–88 (¶ 280), 95 (¶ 288). In October 2010, the Court accepted the Special Master's recommendation to dismiss Caldwell's Massachusetts statutory claim due to her admitted failure to provide the required notice, and because Massachusetts common law does not afford IPPs a claim for price fixing. ECF No. 799; ECF No. 768, at 8, 12–23.

By the time that lead counsel filed the Third Consolidated Amended Complaint in December 2010, he had concluded, based on Caldwell's failure to respond to communications, that she no longer wished to pursue her claim. ECF No. 5486-1 ¶¶ 7–8, ECF No. 5486-2 ¶¶ 2–8. The Third, Fourth, and Fifth Consolidated Amended Complaints did not name Caldwell as a

plaintiff and did not assert damages claims on behalf of IPPs in Massachusetts.[1] ECF Nos. 827, 1526, 5589.

### C.   This Court Denies Gianasca and Caldwell's Motions to Intervene to Assert State-Law Claims on Behalf of IPPs in Massachusetts

#### 1.   This Court rules that Gianasca cannot amend the IPP Complaint

In June 2019, Gianasca served a "statutory pre-suit demand" on certain of the Samsung SDI, Philips, Panasonic, Toshiba, and Hitachi Intervenors-Proposed Defendants, stating that he intended to initiate claims against them under Massachusetts law. ECF No. 5567-4.

In August 2019, Gianasca joined in a motion to intervene for the purposing of amending the IPP Fifth Consolidated Amended Complaint, in order to assert, *inter alia*, Massachusetts state-law damages claims on behalf of IPPs in Massachusetts. *See* Mot. at 7; ECF No. 5567; ECF No. 5590-2 ¶¶ 68, 270–71, 319. Gianasca did not contend that intervention was unnecessary on the basis that he was already a plaintiff in a purportedly still-pending *Terry* action, and he did not seek to amend the *Terry* complaint.

In October 2019, the Court denied intervention, without prejudice to filing a renewed motion accompanied by a separate complaint-in-intervention. *See* Mot. at 7; ECF No. 5628. First, the Court reasoned that a separate complaint-in-intervention would help delineate the parameters of the proposed new claims in the context of this complex matter. ECF No. 5628 at 3. "In addition to these considerations," Gianasca was "not allowed" to amend the IPP Fifth Consolidated Amended Complaint because that was "someone else's complaint." *Id.*

#### 2.   This Court rules that Gianasca and Caldwell can only assert their claims by filing new actions

In November 2019, Gianasca and Caldwell joined in a renewed motion to intervene for the purpose of filing a separate complaint in the master file of this MDL proceeding that would

---

[1]   A Fifth Consolidated Amended Complaint has already been filed by IPP class counsel. ECF No. 5589. Thus, not only is Mr. Bonsignore's attempt to file another Fifth Amended Complaint illogical and redundant, but it also marks another attempt to amend another party's complaint.

NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW IN          CASE NO.: 4:07-CV-05944-JST
SUPPORT OF MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF
RESPONDING TO MOTION TO AMEND COMPLAINT

assert, *inter alia*, Massachusetts state-law damages claims on behalf of IPPs in Massachusetts. Mot. at 7; ECF No. 5645; ECF No. 5645-2 ¶¶ 22, 25, 245–46, 265. Gianasca and Caldwell did not contend that it was unnecessary to file a new complaint on the basis that the *Terry* action was still pending, and they did not seek permission to amend the *Terry* Complaint.

In February 2020, the Court denied the renewed motions to intervene, holding that 28 U.S.C. § 1407 does not permit the filing of new complaints directly into the master file of an MDL proceeding. Mot. at 7; ECF No. 5684. The Court ordered that "[m]ovants may file their claims in the appropriate forum(s) and seek transfer from the JPML or, if properly filed in the Northern District of California, 'request assignment of [their] actions to the Section 1407 transferee judge in accordance with applicable local rules.'" ECF No. 5684 at 6 (quoting J.P.M.L. R. 7.2(a)).

In February 2020, Gianasca and Caldwell joined in a motion to reconsider the February 2020 order. Mot. at 7; ECF No. 5688. Movants referenced the *Terry* Complaint for the first time in a footnote to their reconsideration motion. ECF No. 5688, n.1. They still did not seek to amend the *Terry* Complaint. Instead, they stated that the *Terry* Complaint "could be amended" if this Court wished them to do so. *Id.*

In opposition to the motion to reconsider, Defendants showed that—having failed to raise it in either of their motions to intervene—Movants could not raise the possibility of amending the *Terry* Complaint for the first time on reconsideration. ECF No. 5690 at 7–8. In April 2020, the Court denied reconsideration, ruling, *inter alia*, that reconsideration was not available to "raise arguments for the first time which could reasonably have been raised earlier in the litigation." ECF No. 5708 at 3–4.

In July 2020, after approving amended settlements, this Court entered a Final Judgment of Dismissal with Prejudice as to the Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson, and certain other Defendants. ECF No. 5804.

NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF RESPONDING TO MOTION TO AMEND COMPLAINT

CASE NO.: 4:07-cv-05944-JST

IPPs from twenty-two jurisdictions are using the IPPs' Fifth Consolidated Amended Class Action Complaint to litigate class-wide state-law damages claims against the Irico Defendants. ECF No. 5589, ¶¶ 95–98, 244–45, 258–78, 280–88.

### D. The Ninth Circuit Dismisses Gianasca and Caldwell's Intervention Appeal Because There Is No Remaining Action Into Which They Could Intervene

In June 2020, Gianasca and Caldwell joined in a notice of appeal from the October 2019 and February 2020 orders denying intervention, and from the April 2020 order denying reconsideration. ECF No. 5733. In their appellate brief, Gianasca and Caldwell argued that this Court should have permitted them to intervene because they filed actions that were transferred into this MDL proceeding, including the *Terry* action that they argued was still "pending." Appellants' Opening Br., *In re: Cathode Ray Tube* (*CRT*) *Antitrust Litig.*, No. 20-16081 (9th Cir. Sept. 8, 2020), ECF No. 13, at 16, 29–30; *see also id*. at 2, 4–6, 13, 16, 20–21, 24.

Defendants showed that Gianasca and Caldwell had not preserved any argument concerning their prior roles as named plaintiffs. *See* Br. for Defendants-Appellees, *In re: Cathode Ray Tube* (*CRT*) *Antitrust Litig.*, No. 20-15697 (9th Cir. Nov. 9, 2020), ECF No. 50, at 47–49. Caldwell did not reference her action at all the intervention-related motion practice before this Court, perhaps because her complaint did not assert Massachusetts-law claims. *Id.* at 47. And Gianasca did not mention the *Terry* Complaint until he moved for reconsideration, and even then he did not seek permission to amend it. *Id.* at 47–48.

Moreover, even if preserved, any argument that Gianasca and Caldwell still had pending claims was unsupportable. *Id.* at 48. By litigating motions to dismiss and to amend directed at the consolidated amended complaints, the parties and this Court (rightly) treated the consolidated amended complaints as operative complaints that superseded the complaints in the underlying MDL actions. *Id.* & n.24 (citing *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 590 (6th Cir. 2013)). As such, all of the claims and all of the previously-named plaintiffs that were omitted from the consolidated amended complaints were voluntarily dismissed. *Id.* at 49 (citing *Lacey v. Maricopa Cnty.,* 693 F.3d 896, 928 (9th Cir. 2012) (en banc)). Therefore,

Gianasca was correct to acknowledge that lead counsel "dropped Mr. Gianasca's claims" by not including them in the consolidated amended complaints. *Id.* at 48. And Gianasca tacitly acknowledged that the *Terry* action was no longer pending when, in June 2019, he provided notice of his intention to initiate Massachusetts-law claims. *Id*. at 49.

In September 2021, the Court of Appeals dismissed the intervention-related appeals as moot, in light of its affirmance of the approval of amended settlements as to the Samsung SDI, Philips, Toshiba, Panasonic, Hitachi, Thomson, and certain other Defendants. *In re Cathode Ray Tube Antitrust Litig*., No. 20-15697, 2021 WL 4306895 (9th Cir. Sept. 22, 2021). As the Court of Appeals explained: "The approved amended settlements release Defendants from the suit at issue. ***There is no longer an action against Defendants into which the ORS and NRS appellants can intervene*.**" *Id.* at *2 (emphasis added). In June 2022, the United States Supreme Court denied certiorari to review the Ninth Circuit's dismissal of the intervention-related appeals. *Ayres v. Indirect Purchaser Plaintiffs*, 142 S. Ct. 2813 (2022).

### E. Gianasca and Caldwell's Pending Motion Seeks to Re-Litigate Issues this Court and the Court of Appeals Have Already Resolved Against Them

On September 16, 2022, counsel for Gianasca and Caldwell notified the undersigned counsel of their intention to file the Motion to Amend and filed the motion later that same day.

As more fully explained in the Proposed Response, the Motion to Amend seeks: (a) leave to amend the *Terry* Complaint; and (b) leave to amend the IPP Complaint. Prior rulings by this Court and the Court of Appeals preclude both requests.

Following entry of the July 2020 final judgment, the former Samsung SDI, Philips, Toshiba, Panasonic, and Hitachi Defendants are not parties to any ongoing action. They therefore now seek to intervene for the limited purpose of opposing the Motion to Amend.

NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF
RESPONDING TO MOTION TO AMEND COMPLAINT

CASE NO.: 4:07-CV-05944-JST

1
2
3

## ARGUMENT

**INTERVENTION SHOULD BE GRANTED FOR THE LIMITED PURPOSE OF ALLOWING INTERVENORS-PROPOSED DEFENDANTS TO OPPOSE THE ATTEMPT TO RE-LITIGATE ISSUES THAT HAVE ALREADY BEEN RESOLVED AGAINST GIANASCA AND CALDWELL**

4
5

### A.   Intervenors-Proposed Defendants Are Entitled to Intervene as of Right to Oppose the Re-Litigation of Issues that Have Already Been Resolved in Their Favor

6
7
8
9
10
11
12
13
14

To intervene as of right under Rule 24(a), a movant must show that "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *In re Est. of Ferdinand E. Marcos Hum. Rts. Litig.*, 536 F.3d 980, 984 (9th Cir. 2008) (citing *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 802 (9th Cir. 2002)). Courts within the Ninth Circuit "construe Rule 24(a) liberally in favor of potential intervenors." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (citation omitted).

15
16
17
18
19
20
21
22

In the Ninth Circuit, "it is well-established that a non-party may intervene for the limited purpose of opposing a motion." *VFD Consulting, Inc. v. 21st Servs., 21st Holdings, LLC*, No. C 04-2161 SBA, 2005 WL 1115870, at *4 (N.D. Cal. May 11, 2005); *see, e.g., LG Elecs. Inc. v. Q-Lity Comp. Inc.*, 211 F.R.D. 360, 366 (N.D. Cal. 2002) (granting Apple's motion to intervene for the limited purpose of opposing plaintiffs' motion to amend its infringement contentions to add products made by Apple); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 3957251, *1, n.2 (N.D. Cal. Sept. 7, 2011) (granting motion to intervene to oppose the plaintiff's motion for leave to file a second amended complaint adding the intervenors as additional defendants).

23
24

### 1.   Intervenors-Proposed Defendants have a significant interest in opposing this attempt to re-litigate issues that have already been resolved in their favor

25
26
27

The first two requirements under Rule 24(a) require a showing that intervention is required to prevent an impairment of some significant, protectable interest of the intervenor. *See, e.g., United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (citing *United*

28

8

NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF
RESPONDING TO MOTION TO AMEND COMPLAINT

CASE NO.: 4:07-CV-05944-JST

*States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002)). Intervenors-Proposed Defendants have such an interest in opposing the Motion to Amend. As more fully set forth in the Proposed Response, the Motion to Amend seeks to re-open the litigation in order to re-litigate the intervention-related motions, in violation of the "policy of promoting finality of judgments." *Navajo Nation v. Dept. of the Int.*, 876 F.3d 1144, 1173 (9th Cir. 2017). As the appeals from the July 2020 final judgment and from this Court's denial of intervention have been resolved, "the interest in finality must be given great weight." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981). Thus, Intervenors-Proposed Defendants' interests will "unquestionably be impaired" if Gianasca and Caldwell's Motion to Amend is granted and the Proposed Defendants are drawn back into this proceeding and required to re-litigate issues that have already been resolved, including Gianasca and Caldwell's efforts to assert their long-threatened claims by means of intervention and amendment. *LG Elecs. Inc.*, 211 F.R.D. at 365.

### 2.     The existing parties will not adequately represent the interests of the Intervenors-Proposed Defendants

To determine whether a would-be intervenor's interests are adequately represented by an existing party, courts consider: (1) whether the interest of a present party is such that it will undoubtedly make all the intervenors' arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenors would offer any necessary elements to the proceedings that other parties would neglect. *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996). The burden of showing inadequacy is minimal, and the applicant need only show that representation of its interests by existing parties "may be" inadequate. *Sw.Ctr. for Biological Diversity*, 268 F.3d at 823 (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972)).

The plaintiffs named in the pending Fifth Consolidated Amended Complaint do not represent the Intervenors-Proposed Defendants' interests. For instance, during the prior motion practice, those plaintiffs and their counsel only opposed intervention to the extent movants sought to amend the consolidated IPP Complaint. ECF No. 5593, ECF No. 5628 at 3. Beyond

9

that limited opposition, IPP lead counsel disavowed any position as to whether the proposed intervenors "should be allowed to intervene in the case, or whether they can satisfy the requirements" of Rule 15(a)(2). ECF 5593 at 1. IPP lead counsel also has not indicated any opposition to a request to amend the *Terry* Complaint. *See* Proposed Response at 10–13.

The Irico Defendants also do not share all of the Intervenors-Proposed Defendants' interests. The claims against the Irico Defendants are not resolved by the July 2020 final judgment. Therefore, the Irico Defendants do not share the Intervenors-Proposed Defendants' interest in opposing Gianasca and Caldwell's motion, which seeks to reopen that final judgment. *See Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 665 (9th Cir. 1997) (following the entry of judgment, leave to amend cannot be granted "unless and until the judgment is reopened by the granting of a Rule 60 motion") (citing *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996)). *See* Proposed Response at 8. Moreover, the Irico Defendants were not involved in the prior motion practice and appellate proceedings that Gianasca and Caldwell seek to reopen through the Motion to Amend. Finally, as *current* parties in the pending Fifth Consolidated Amended Complaint, the Irico Defendants may have a different response to Gianasca and Caldwell's cursory argument that their proposed amendment relates back for statute of limitation purposes under Federal Rule of Civil Procedure 15(c)(1). Relation back is not available as to the *former* Defendants because Gianasca and Caldwell cannot satisfy Rule 15(c)(1)(C), which requires that a defendant to be added "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *See* Proposed Response at 17–18.

### 3. This intervention motion is timely because it has been filed within the deadline to oppose the Motion to Amend

In determining timeliness pursuant to Rule 24, a court should consider: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (citation omitted). Caldwell and Gianasca's filed their Motion to Amend on

NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF RESPONDING TO MOTION TO AMEND COMPLAINT

CASE NO.: 4:07-CV-05944-JST

September 16, 2022. Before this date, Intervenors-Proposed Defendants had no reason to intervene. The Intervenors-Proposed Defendants have acted promptly by filing this intervention motion and proposed response within this Court's response deadline. ECF No. 6072. *LG Elecs. Inc.*, 211 F.R.D. at 364 (finding a limited-purpose intervention motion to be timely when filed after learning of a filed motion affecting the intervenor's interest). As a result of Intervenors-Proposed Defendants' diligence, Gianasca and Caldwell, as well as this Court, will suffer no prejudice in allowing the Intervenors-Proposed Defendants to intervene and file the Proposed Response.

**B.      The Court Should Also Allow Permissive Intervention to Afford Proposed Defendants-Intervenors an Opportunity to be Heard in Response to a Motion Affecting their Interests**

Intervenors-Proposed Defendants should also be allowed to intervene permissively under Rule 24(b) of the Federal Rules of Civil Procedure. A district court's discretion to grant or deny permissive intervention is broad, and includes the discretion to limit intervention to particular issues or for limited purposes. *Ctr. for Biological Diversity v. Brennan*, 571 F. Supp. 2d 1105, 1130 (N.D. Cal. 2007) (citing *San Jose Mercury News, Inc. v. U.S. Dist. Court—Northern Dist.*, 187 F.3d 1096, 1100 (9th Cir. 1999)). Permissive intervention under Federal Rule of Civil Procedure 24(b) has three requirements: (1) that the motion is timely filed; (2) that there is a common question of law or fact with the main action; and (3) that the Court has an independent basis for jurisdiction over the proposed intervenors' claims. *Connell v. Heartland Express, Inc.*, No. 2:19-CV-09584-RGK-JC, 2021 WL 4295754, at *3 (C.D. Cal. Apr. 30, 2021) (citing *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998); *Portland Audubon Soc'y v. Hodel*, 866 F.2d 302, 308 (9th Cir. 1989). "In determining whether intervention is appropriate, [the Ninth Circuit is] guided primarily by practical and equitable considerations." *Donnelly*, 159 F.3d at 409. "In exercising its discretion, the district court must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Id.* at 412.

The requirements for permissive intervention are satisfied here. As set forth above, the instant motion is timely. Second, the Proposed Response "obviously" shares a common question

NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW IN          CASE NO.: 4:07-CV-05944-JST
SUPPORT OF MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF
RESPONDING TO MOTION TO AMEND COMPLAINT

of law and fact with the Motion to Amend. *LG Elecs. Inc.*, 211 F.R.D. at 366 (granting a motion to intervene for the limited purpose of allowing Apple Computer Inc. to oppose a motion to amend a complaint by adding Apple's products to a patent infringement action). Third, although there is no question about the Court's jurisdiction, there is no need to address that element here because the Intervenors-Proposed Defendants are only intervening for the limited purposes of submitting the Proposed Response to the Motion to Amend and do not seek to assert claims in the litigation. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992).

Practical and equitable considerations also demonstrate that intervention is appropriate. Intervenors-Proposed Defendants should be allowed to oppose Gianasca and Caldwell's motion in order to prevent the needless waste of the resources of this Court, the remaining parties, and the Intervenors-Proposed Defendants themselves. The Proposed Response's Rule 60 argument will likely entirely dispose of any need for this Court to further address any claims by Gianasca and Caldwell in this litigation. Proposed Response at 7–10. Next, Intervenors-Proposed Defendants seek only to submit briefing in this motion practice which will cause no prejudice to Gianasca and Caldwell. Yet, a decision denying this opportunity could prejudice Intervenors-Proposed Defendants if the Motion to Amend were granted, requiring Intervenors-Proposed Defendants to continue re-litigating Gianasca and Caldwell's efforts to assert their long-threatened claims by means of intervention and amendment, *See Officers for Just. v. Civil Serv. Comm'n of S.F.*, 688 F.2d 615, 624 (9th Cir. 1982) (quoting *United States v. Armour & Co.*, 402 U.S. 673, 681 (1971) (recognizing that litigants have a strong, legitimate interest to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation.).

NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF
RESPONDING TO MOTION TO AMEND COMPLAINT

CASE NO.: 4:07-CV-05944-JST

## **CONCLUSION**

For the foregoing reasons, Intervenors-Proposed Defendants respectfully request that the Court grant this motion to intervene for the limited purpose of opposing Gianasca and Caldwell's Motion to Amend.

Dated: September 30, 2022                    Respectfully submitted,


                                             /s/ *Andrew Rhys Davies*
                                             ALLEN & OVERY LLP
                                             ANDREW RHYS DAVIES
                                             andrewrhys.davies@allenovery.com
                                             1221 Avenue of the Americas
                                             New York, NY 10020
                                             Telephone:  (212) 610-6300
                                             Facsimile:   (212) 610-6399

                                             COHEN & GRESSER LLP
                                             JOHN ROBERTI
                                             john.roberti@cohengresser.com
                                             2001 Pennsylvania Ave, NW, Suite 300
                                             Washington, DC 20006
                                             Telephone:  (202) 851-2070
                                             Facsimile:   (202) 851-2081

                                             *Attorneys for Intervenors-Proposed Defendants*
                                             *Samsung SDI Co., Ltd.; Samsung SDI America,*
                                             *Inc.; Samsung SDI Mexico S.A. De C.V.; Samsung*
                                             *SDI Brasil Ltda.; Shenzhen Samsung SDI Co.,*
                                             *Ltd.; Tianjin Samsung SDI Co., Ltd.; and*
                                             *Samsung SDI (Malaysia) Sdn. Bhd.*[2]

---

[2]     Samsung SDI Mexico S.A. De C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co., Ltd., and Samsung SDI (Malaysia) Sdn. Bhd. have been dissolved.

NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW IN          CASE NO.: 4:07-cv-05944-JST
SUPPORT OF MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF
RESPONDING TO MOTION TO AMEND COMPLAINT

1

*/s/ Jeffrey L. Kessler*
WINSTON & STRAWN LLP

2

JEFFREY L. KESSLER
jkessler@winston.com

3

EVA W. COLE
ewcole@winston.com

4

200 Park Avenue
New York, NY 10166

5

Telephone:    (212) 294-6700

6

Facsimile:    (212) 294-4700

7

KEVIN B. GOLDSTEIN
kbgoldstein@winston.com

8

35 W. Wacker Drive
Chicago, IL 60622

9

Telephone:    (312) 558-5600

10

Facsimile:    (312) 558-5700

11

WEIL, GOTSHAL & MANGES LLP
DAVID L. YOHAI

12

david.yohai@weil.com

13

ADAM C. HEMLOCK
adam.hemlock@weil.com

14

DAVID YOLKUT
david.yolkut@weil.com

15

767 Fifth Avenue
New York, NY 10153-0119

16

Telephone:    (212) 310-8000

17

Facsimile:    (212) 310-8007

18

*Attorneys for Intervenors-Proposed Defendants*

19

*Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of*

20

*North America, and MT Picture Display Co., Ltd.*[3]

21

22

23

24

25

26

[3]      MT Picture Display Co., Ltd. has been dissolved and completed final liquidation

27

proceedings in Japan on May 23, 2019.

28

NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW IN          CASE NO.: 4:07-CV-05944-JST
SUPPORT OF MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF
RESPONDING TO MOTION TO AMEND COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ *Erik T. Koons*
BAKER BOTTS LLP
ERIK T. KOONS
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: erik.koons@bakerbotts.com

*Attorneys for Intervenors-Proposed Defendants Koninklijke Philips, N.V., Philips North America LLC, Philips Taiwan Limited, and Philips do Brasil, Ltda*

/s/ *Eliot A. Adelson*
MORRISON & FOERSTER LLP
ELIOT A. ADELSON
Email: eadelson@mofo.com
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

KIRKLAND & ELLIS LLP
JAMES H. MUTCHNIK (pro hac vice)
Email: james.mutchnik@kirkland.com
300 North LaSalle Street
Chicago, IL  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Intervenors-Proposed Defendants Hitachi Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ *Christopher M. Curran*
WHITE & CASE LLP
CHRISTOPHER M. CURRAN
ccurran@whitecase.com
LUCIUS B. LAU
alau@whitecase.com
DANA E. FOSTER
defoster@whitecase.com
MATTHEW N. FRUTIG
mfrutig@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Attorneys for Intervenors-Proposed Defendants*
*Toshiba Corporation, Toshiba America, Inc.,*
*Toshiba America Information Systems, Inc.,*
*Toshiba America Consumer Products, L.L.C., and*
*Toshiba America Electronic Components, Inc.*

NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF
RESPONDING TO MOTION TO AMEND COMPLAINT

CASE NO.: 4:07-CV-05944-JST