ALLEN & OVERY LLP
Andrew Rhys Davies (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399
Email: andrewrhys.davies@allenovery.com

*Attorneys for Intervenors-Proposed Defendants*
*Samsung SDI Co., Ltd.; Samsung SDI America, Inc.;*
*Samsung SDI Mexico S.A. De C.V.; Samsung SDI*
*Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.;*
*Tianjin Samsung SDI Co., Ltd.; and Samsung*
*SDI (Malaysia) Sdn. Bhd.*

[Additional Responding Parties and Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.: 07-cv-05944 JST<br><br>MDL No. 1917 |
| This document relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **INTERVENORS-PROPOSED DEFENDANTS' RESPONSE TO MOTION TO AMEND COMPLAINT OR OTHERWISE PURSUE PENDING CLAIMS (ECF No. 6072)**<br><br>Date:     December 15, 2022[1]<br>Time:     2:00 p.m.<br>Judge:   Hon. Jon S. Tigar<br>Courtroom: 6, 2nd Floor |

---

[1]     Movants' counsel has not complied with the Clerk's direction to re-notice the motion. ECF No. 6073.

1

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND ................................................................................................................... 2

    A.    Gianasca Abandons the Massachusetts Law Claims He Asserted in the *Terry* Action ............................................................................................................... 2

    B.    Caldwell Abandons the Massachusetts Law Claims She Asserted in the First and Second Post-Consolidation IPP Complaints .................................. 3

    C.    This Court Denies Gianasca and Caldwell's Motions to Intervene to Assert State-Law Claims on Behalf of IPPs in Massachusetts ............................ 4

        1.    This Court rules that Gianasca cannot amend the IPP Complaint ............... 4

        2.    This Court rules that Gianasca and Caldwell can only assert their claims by filing new actions ............................................................................ 5

    D.    The Ninth Circuit Dismisses Gianasca and Caldwell's Intervention Appeal Because There Is No Remaining Action Into Which They Could Intervene .......... 6

ARGUMENT .......................................................................................................................... 8

I.    LEAVE TO AMEND SHOULD BE DENIED BECAUSE GIANASCA AND CALDWELL HAVE DEMONSTRATED NO REASON TO REOPEN THIS COURT'S JULY 2020 FINAL JUDGMENT ...................................................................... 8

II.    THE LAW OF THE CASE DOCTRINE AND RULE OF MANDATE ALSO BAR THE RELIEF THAT GIANASCA AND CALDWELL SEEK .............................. 11

    A.    Gianasca and Caldwell Should Not Be Permitted to Amend the *Terry* Complaint ............................................................................................................ 11

        1.    The request to amend the *Terry* Complaint is barred by the law of the case doctrine and by the rule of mandate ................................................ 11

        2.    In any event, the *Terry* Complaint cannot be amended because it is no longer pending .................................................................................... 13

    B.    Gianasca and Caldwell Should Not Be Permitted to Amend the IPP Complaint ............................................................................................................ 14

        1.    The request to amend the IPP Complaint is barred by the law of the case doctrine .......................................................................................... 14

i

2.      In any event, Gianasca and Caldwell cannot satisfy the standard for
        leave to amend the IPP Complaint.............................................................16

CONCLUSION.....................................................................................................................20

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn,*
  139 F.3d 664 (9th Cir. 1997) ................................................................8, 10

*AmerisourceBergen Corp. v. Dialysist W., Inc.,*
  465 F.3d 946 (9th Cir. 2006) ...............................................................16

*Ashford v. Steuart,*
  657 F.2d 1053 (9th Cir. 1981) ..............................................................10

*Bynoe v. Baca,*
  966 F.3d 972 (9th Cir. 2020) ...............................................................10

*Butler v. Nat'l Cmty. Renaissance of California,*
  766 F.3d 1191 (9th Cir. 2014) ..............................................................18

*Colo. Interstate Gas Co. v. Nat. Gas Pipeline Co. of Am.,*
  962 F.2d 1528 (10th Cir. 1992) ..............................................................9

*Entrialgo v. Twin City Dodge, Inc.,*
  333 N.E.2d 202 (1975).........................................................................18

*Gelboim v. Bank of Am. Corp.,*
  574 U.S. 405 (2015) ...........................................................................13

*Gonzalez v. Crosby,*
  545 U.S. 524, (2005).............................................................................8

*Good Luck Nursing Home, Inc. v. Harris,*
  636 F.2d 572 (D.C. Cir. 1980) ................................................................9

*Grand Canyon Tr. v. Provencio,*
  26 F.4th 815 (9th Cir. 2022) .................................................................12

*Gulf Coast Bldg. & Supply Co. v. Int'l Bhd. of Elec. Workers, Loc. No. 480, AFL-CIO,*
  460 F.2d 105 (5th Cir. 1972) ..................................................................8

*Herrington v. Cnty. of Sonoma,*
  12 F.3d 901 (9th Cir. 1993) ..................................................................11

*Indep. Towers of Wash. v. Washington,*
  350 F.3d 925 (9th Cir. 2003) ................................................................19

*In re Molasky*,
    843 F.3d 1179 (9th Cir. 2016) ...................................................................12

*In re Netflix, Inc.*,
    No. 12-00225 SC, 2014 WL 212564 (N.D. Cal. Jan. 17, 2014)........................9

*In re Pac. Far E. Lines, Inc.*,
    889 F.2d 242 (9th Cir. 1989) ......................................................................9

*In re Refrigerant Compressors Antitrust Litig.*,
    731 F.3d 586 (6th Cir. 2013) ...............................................................7, 13

*In re Sanford Fork & Tool Co.*,
    160 U.S. 247 (1895).................................................................................11

*In re W. States Wholesale Nat. Gas Antitrust Litig.*,
    715 F.3d 716 (9th Cir. 2013) ....................................................................17

*Lacey v. Maricopa Cty.*,
    693 F.3d 896 (9th Cir. 2012) (en banc) ..............................................7, 13

*Lindauer v. Rogers*,
    91 F.3d 1355 (9th Cir. 1996) .....................................................................8

*Martinez v. Shinn*,
    33 F.4th 1254 (9th Cir. 2022) ....................................................................8

*Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*,
    970 F.3d 133 (2d Cir. 2020)......................................................................9

*Navajo Nation v. Dept. of the Int.*,
    876 F.3d 1144 (9th Cir. 2017) ................................................................8, 9

*Rocky Mountain Farmers Union v. Corey*,
    913 F.3d 940 (9th Cir. 2019) ...................................................................11

*Rodi v. S. New England Sch. of Law*,
    389 F.3d 5 (1st Cir. 2004)........................................................................18

*Rosebrock v. Perez*,
    No. 17-cv-4354 DSF (ASX), 2019 WL 1768873 (C.D. Cal. Mar. 20, 2019)..........19

*Texaco, Inc. v. Ponsoldt*,
    939 F.2d 794 (9th Cir. 1991) ...............................................................16, 17

*United States v. Alexander*,
    106 F.3d 874 (9th Cir. 1997) ...................................................................11

iv

*United States v. Alpine Land & Reservoir Co.*,
    984 F.2d 1047 (9th Cir. 1993) .................................................................................9

*United States v. Bad Marriage*,
    439 F.3d 534 (9th Cir. 2006) ...............................................................................12

*United States v. Cote*,
    51 F.3d 178 (9th Cir. 1995) ..................................................................................11

*United States v. Thrasher*,
    483 F.3d 977 (9th Cir. 2007) .........................................................................11, 12

**Statutes**

Mass. Gen. Laws Ann. ch. 93A, § 9(3).......................................................................18

**Other Authorities**

Fed. R. Civ. P. 15(a)(2)..................................................................................1, 7, 14, 16

Fed. R. Civ. P. 15(c)(1)...............................................................................................17

Fed. R. Civ. P. 60 ..........................................................................................................1

Fed. R. Civ. P. 60(b) .................................................................................................8, 9

Fed. R. Civ. P. 60(c)(1)..............................................................................................8, 9

J.P.M.L. R. 7.2(a)........................................................................................................5, 14

v

INTERVENORS-PROPOSED DEFENDANTS' RESPONSE TO MOTION          CASE NO.: 4:07-CV-05944-JST
TO AMEND COMPLAINT OR OTHERWISE PURSUE PENDING CLAIMS

1

## **PRELIMINARY STATEMENT**

2

3      Movants Gianasca and Caldwell move for leave to amend, in search of a "last chance" to

4   assert state-law damages claims on behalf of IPPs in Massachusetts. ECF No. 6072 ("Mot.") at

5   6:10–11. In fact, they are seeking to reargue issues that this Court and the Court of Appeals have

6   already decided against them. Their motion should be denied.

7      This motion fails at the threshold because it invokes the wrong rule and wrong legal

8   standard. In July 2020, after approving amended settlements, this Court entered a Final Judgment

9   of Dismissal with Prejudice as to the Philips, Panasonic, Hitachi, Toshiba, Samsung SDI,

10  Thomson,[2] and certain other Defendants. ECF No. 5804. All appeals were exhausted and that

11  judgment is fully final. Under these circumstances, Gianasca and Caldwell misplace their

12  reliance on the amendment standard of Rule 15(a)(2) of the Federal Rules of Civil Procedure. In

13  the post-judgment context of this matter, the Court cannot entertain a motion for leave to amend

14  unless it first reopens the judgment under Rule 60. Gianasca and Caldwell do not reference Rule

15  60, much less demonstrate that they satisfy its exacting standard for relief from a final judgment.

16     Gianasca and Caldwell's motion should also be denied because they are impermissibly

17  seeking to re-litigate issues that have already been decided against them. The law of the case

18  doctrine and rule of mandate bar these tactics. Their request for leave to amend the complaint in

19  one of the actions that was transferred into this MDL proceeding (the "*Terry* Complaint") fails

20  because the Court of Appeals has ruled that, following the entry of final judgment, there is no

21  pending action against the former Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, and

22  Thomson Defendants. That ruling necessarily bars the argument that the *Terry* action is still

23  pending and that the *Terry* Complaint can be amended.

24     Similarly, there is no basis for Gianasca and Caldwell's alternative request for leave to

25  amend the consolidated IPP Complaint. The Court has already ruled that they cannot amend the

---

[2]      Movants' proposed amended complaint does not name the Thomson entities as Defendants. *See* ECF No. 6072-5, ¶¶ 76–78. As such, the Thomson entities have not joined this Response, though the summaries of prior rulings do include decisions as to Thomson, in addition to Respondents.

1  consolidated IPP Complaint, which other plaintiffs are using to prosecute claims against the Irico

2  Defendants. The Court has also directed that if Gianasca and Caldwell wish to pursue their

3  claims, they must file new actions. Gianasca and Caldwell provide no basis to reconsider the

4  Court's prior rulings, which they have already appealed unsuccessfully.

5  For these reasons and the further reasons set forth below, the motion should be denied.

6  **<u>BACKGROUND</u>**

7  **A.  Gianasca Abandons the Massachusetts Law Claims He Asserted in the**
8      **<u>*Terry* Action</u>**

9  In March 2008, counsel Mario Alioto filed a putative class action in this district,

10  captioned *Brigid Terry, et al. v. LG Electronics, Inc., et al.*, No. 08-1559. ECF No. 6072-2. The

11  named plaintiffs included Gianasca and the complaint asserted, *inter alia*, Massachusetts state-

12  law damages claims on behalf of IPPs in Massachusetts. *Id.* ¶¶ 55, 141. The complaint also

13  identified Robert Bonsignore as counsel for Gianasca. *Id.* at 34. In April 2008, the Court

14  transferred the *Terry* action into this MDL proceeding. ECF No. 253.

15  In May 2008, the Court appointed Mario Alioto interim lead IPP counsel. ECF No. 282.

16  In March 2009, lead counsel filed a Consolidated Amended Complaint that did not name

17  Gianasca. ECF No. 437. Lead counsel understood that Gianasca did not wish to serve as a named

18  plaintiff as he had not responded to counsel's requests for information, failing even to provide

19  "basic information regarding [his] claimed purchase of a CRT product." ECF No. 4370 ¶ 37.

20  Mr. Bonsignore signed the March 2009 Consolidated Amended Complaint and each of

21  the subsequent consolidated amended complaints, none of which named Gianasca as a plaintiff.

22  ECF No. 437 at 96; ECF No. 716 at 102; ECF No. 827 at 99; ECF No. 1526 at 101.[3] As Mr.

23

24

25

26

27  [3]      Gianasca is mistaken that he was named in any of the post-consolidation IPP Complaints.
28  Mot. at 3:10–12.

2
INTERVENORS-PROPOSED DEFENDANTS' RESPONSE TO MOTION        CASE NO.: 4:07-cv-05944-JST
TO AMEND COMPLAINT OR OTHERWISE PURSUE PENDING CLAIMS

Bonsignore previously told this Court: "I have an appearance in this case. I've been in it from the beginning." ECF No. 5444 at 32:5–6.[4]

### B. Caldwell Abandons the Massachusetts Law Claims She Asserted in the First and Second Post-Consolidation IPP Complaints

Lead counsel added Caldwell as a named plaintiff in the March 2009 Consolidated Amended Complaint, asserting Massachusetts state-law damages claims on behalf of IPPs in Massachusetts. ECF No. 437, at 78–79 (¶ 277), 88–89 (¶ 286).[5] In February 2010, the Court dismissed Caldwell's Massachusetts statutory claim with leave to amend, due to her failure to plead compliance with a statutory thirty-day pre-filing notice requirement. ECF No. 665, at 24, 25 (¶ 12); ECF No. 597, at 29–30.

The May 2010 Second Consolidated Amended Complaint re-asserted Caldwell's Massachusetts-law claims, but admitted that she did not provide the required thirty-day notice. ECF No. 716, at 6–7 (¶ 31), 86–88 (¶ 280), 95 (¶ 288). In October 2010, pursuant to a stipulation, ECF No. 799 (the "2010 Stipulation"), the Court accepted the Special Master's recommendation to dismiss Caldwell's Massachusetts statutory claim due to her admitted failure to provide the required notice and because Massachusetts common law does not afford IPPs a claim for alleged price fixing. ECF No. 799; ECF No. 768, at 8, 21–23.

By the time that lead counsel filed the Third Consolidated Amended Complaint in December 2010, he had concluded, based on Caldwell's failure to respond to communications, that she no longer wished to pursue her claim. ECF No. 5486-1 ¶¶ 7–8, ECF No. 5486-2 ¶¶ 2–8.

---

[4]     The Attorneys section of the MDL master docket in Case No. 4:07-cv-0599-JST reflects that Mr. Bonsignore was assigned on April 10, 2008, so he will have received all of the filing notices since that date.

[5]     In December 2007, counsel from the Furth Firm LLP and Miller Law LLC filed a putative class action in this district, captioned *Barbara Caldwell v. Matsushita Electrical Industrial Co.,* No. 07-cv-6303. In January 2008, the Court transferred the *Caldwell* action into this MDL proceeding. *See* Order Relating & Consolidating Cases, *Caldwell v. Matsushita Electrical Industrial Co.,* No. 07-cv-6303 (N.D. Cal. Jan. 22, 2008), ECF No. 6. The *Caldwell* complaint asserted state-law damages claims on behalf of IPPs in several states, *excluding* Massachusetts.

The Third and Fourth Consolidated Amended Complaints did not name Caldwell as a plaintiff and did not assert damages claims on behalf of IPPs in Massachusetts. ECF Nos. 827, 1526. As noted, Mr. Bonsignore signed those complaints, and thus had notice of and indeed participated in filing the amended complaints that omitted Massachusetts state law claims.[6] ECF No. 827 at 99; ECF No. 1526 at 101.

In May 2019, certain movants, including movants represented by Mr. Bonsignore, sought vacatur of the 2010 Stipulation. ECF No. 5469. They argued that, although IPP lead counsel could stipulate on behalf of the individual plaintiffs whom he represented, he lacked authority prior to class certification to stipulate on behalf of absent class members. ECF No. 5469 at 5–6. Therefore, movants asserted, the 2010 Stipulation needed to be vacated to permit those absent IPP class members to assert their claims. ECF No. 5469 at 5–6, 10–11. In July 2019, the Court vacated the 2010 Stipulation, agreeing that it "could not bind any absent class member." ECF No. 5499 at 17; *see* ECF No. 5518. Presumably because Caldwell was represented by lead counsel, who concededly had authority to stipulate to the dismissal of her individual claim, Caldwell did not join in the motion to vacate the 2010 Stipulation.

### C. This Court Denies Gianasca and Caldwell's Motions to Intervene to Assert State-Law Claims on Behalf of IPPs in Massachusetts

#### 1. This Court rules that Gianasca cannot amend the IPP Complaint

In June 2019, over eleven years *after* he filed his initial (and now superseded) complaint, Gianasca served a "statutory pre-suit demand" on certain of the Samsung SDI, Philips, Panasonic, Toshiba, and Hitachi Intervenor-Proposed Defendants, stating that he intended to initiate claims against them under Massachusetts law. ECF No. 5567-4.

In August 2019, Gianasca joined in a motion to intervene for the purpose of amending the IPPs' Fifth Consolidated Amended Complaint, in order to assert, *inter alia*, Massachusetts state-

---

[6] A Fifth Consolidated Amended Complaint has already been filed by lead IPP counsel. ECF No. 5589. Thus, not only is Mr. Bonsignore's attempt to file another Fifth Amended Complaint illogical and redundant, but it also marks another attempt to amend another party's complaint.

law damages claims on behalf of IPPs in Massachusetts. ECF No. 5567; ECF No. 5590-2 ¶¶ 68, 270–271, 319. Gianasca did not contend that intervention was unnecessary on the basis that he was already a plaintiff in a purportedly still-pending *Terry* action, and he did not seek to amend the *Terry* Complaint. Nor could he, as Gianasca, represented by Mr. Bonsignore, elected to drop his claims a decade earlier.

In October 2019, the Court denied intervention, without prejudice to filing a renewed motion accompanied by a separate complaint-in-intervention. ECF No. 5628. First, the Court reasoned that a separate complaint-in-intervention would help delineate the parameters of the proposed new claims in the context of this complex matter. *Id.* at 3. "In addition to these considerations," Gianasca was "not allowed" to amend the IPPs' Fifth Consolidated Amended Complaint because that was "someone else's complaint." *Id.*

### 2. This Court rules that Gianasca and Caldwell can only assert their claims by filing new actions

In November 2019, Gianasca and Caldwell joined in a renewed motion to intervene for the purpose of filing a separate complaint in the master file of this MDL proceeding that would assert, *inter alia*, Massachusetts state-law damages claims on behalf of IPPs in Massachusetts. ECF No. 5645; ECF No. 5642-2 ¶¶ 22, 25, 245–46, 265. Gianasca and Caldwell did not contend that it was unnecessary to file a new complaint on the basis that the *Terry* action was still pending and they did not seek permission to amend the *Terry* Complaint.

In February 2020, the Court denied the renewed motions to intervene, holding that 28 U.S.C. § 1407 does not permit the filing of new complaints directly into the master file of an MDL proceeding. ECF No. 5684. The Court ordered that "[m]ovants may file their claims in the appropriate forum(s) and seek transfer from the JPML or, if properly filed in the Northern District of California, 'request assignment of [their] actions to the Section 1407 transferee judge in accordance with applicable local rules.'" *Id.* at 6 (quoting J.P.M.L. R. 7.2(a)).

In February 2020, Gianasca and Caldwell joined in a motion to reconsider the February 2020 order. ECF No. 5688. Movants referenced the *Terry* Complaint for the first time in a

INTERVENORS-PROPOSED DEFENDANTS' RESPONSE TO MOTION          CASE NO.: 4:07-CV-05944-JST
TO AMEND COMPLAINT OR OTHERWISE PURSUE PENDING CLAIMS

footnote to their reconsideration motion. *Id.* n.1. They still did not seek to amend the *Terry* Complaint. Instead, they stated that the *Terry* Complaint "could be amended." *Id.*

In opposition to the motion to reconsider, Defendants showed that—having failed to raise it in either of their motions to intervene—Movants could not raise the possibility of amending the *Terry* Complaint for the first time on reconsideration. ECF No. 5690 at 7–8. In April 2020, the Court denied reconsideration, ruling, *inter alia*, that reconsideration was not available to "raise arguments for the first time which could reasonably have been raised earlier in the litigation." ECF No. 5708 at 3–4.

In July 2020, after approving amended settlements, this Court entered a Final Judgment of Dismissal with Prejudice as to the Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson, and certain other Defendants. ECF No. 5804.

### D.   The Ninth Circuit Dismisses Gianasca and Caldwell's Intervention Appeal Because There Is No Remaining Action Into Which They Could Intervene

Contrary to their suggestion that they were unwillingly "swe[pt]" up in appeals filed by others, Mot. at 7:22–23, in June 2020, Gianasca and Caldwell filed a notice of appeal from the October 2019 and February 2020 orders denying intervention and from the April 2020 order denying reconsideration. ECF No. 5733. In their appellate brief, Gianasca and Caldwell argued that this Court should have permitted them to intervene, instead of directing them to file new actions, because they previously filed actions that were transferred into this MDL proceeding, including the *Terry* action, which they argued was still "pending." Appellants' Opening Br., *In re: Cathode Ray Tube* (*CRT*) *Antitrust Litig.*, No. 20-16081 (9th Cir. Sept. 8, 2020), ECF No. 13, at 16, 29–30; *see also id.* at 2, 4–6, 13, 16, 20–21, 24.

Defendants showed that Gianasca and Caldwell had not preserved any argument concerning their prior roles as named plaintiffs. *See* Br. for Defendants-Appellees, *In re: Cathode Ray Tube* (*CRT*) *Antitrust Litig.*, No. 20-15697 (9th Cir. Nov. 9, 2020), ECF No. 50, at 47–49. Caldwell did not reference her action at all in the intervention-related motion practice before this Court, perhaps because her complaint did not assert Massachusetts-law claims. *Id.* at

INTERVENORS-PROPOSED DEFENDANTS' RESPONSE TO MOTION        CASE NO.: 4:07-CV-05944-JST
TO AMEND COMPLAINT OR OTHERWISE PURSUE PENDING CLAIMS

47; *supra* n.5. And Gianasca did not mention the *Terry* Complaint until he moved for reconsideration, and even then he did not seek permission to amend it. *Id.* at 47–48.

Moreover, even if preserved, any argument that Gianasca and Caldwell still had pending claims was unsupportable. *Id.* at 48. By litigating motions to dismiss and to amend directed at the consolidated IPP complaints, the parties and this Court (rightly) treated those consolidated IPP complaints as operative complaints that superseded the complaints in the underlying MDL actions. *Id.* & n.24 (citing *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 590 (6th Cir. 2013)). As such, all of the claims and all of the previously-named plaintiffs that were omitted from the consolidated amended complaints were voluntarily dismissed. *Id.* at 49 (citing *Lacey v. Maricopa Cty.,* 693 F.3d 896, 928 (9th Cir. 2012) (en banc)). Therefore, Gianasca was correct to acknowledge that lead counsel "dropped Mr. Gianasca's claims" by 2009 by not including them in the consolidated amended complaints. *Id.* at 48. And Gianasca tacitly acknowledged that the *Terry* action was no longer pending when, in June 2019, he provided notice of his intention to initiate Massachusetts-law claims. *Id.* at 49.

In September 2021, the Court of Appeals dismissed the intervention-related appeals as moot, in light of its affirmance of the July 2020 final judgment that effectuated the amended settlements as to the Samsung SDI, Philips, Toshiba, Panasonic, Hitachi, Thomson, and TDA Defendants. *In re Cathode Ray Tube Antitrust Litig.*, No. 20-15697, 2021 WL 4306895 (9th Cir. Sept. 22, 2021). As the Court of Appeals explained: "The approved amended settlements release Defendants from the suit at issue. ***There is no longer an action against Defendants into which the ORS and NRS appellants can intervene.***" *Id.* at *2 (emphasis added). In June 2022, the United States Supreme Court denied certiorari to review the Ninth Circuit's dismissal of the intervention-related appeals. *Ayres v. Indirect Purchaser Plaintiffs*, 142 S. Ct. 2813 (2022).

INTERVENORS-PROPOSED DEFENDANTS' RESPONSE TO MOTION     CASE NO.: 4:07-CV-05944-JST
TO AMEND COMPLAINT OR OTHERWISE PURSUE PENDING CLAIMS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ARGUMENT

**I.    LEAVE TO AMEND SHOULD BE DENIED BECAUSE GIANASCA AND CALDWELL HAVE DEMONSTRATED NO REASON TO REOPEN THIS COURT'S JULY 2020 FINAL JUDGMENT**

Gianasca and Caldwell seek leave to amend under Rule 15(a)(2) of the Federal Rules of Civil Procedure. Mot. at 8–9. But the "liberal[]" Rule 15 standard, *id*. at 9, does not apply here. In July 2020, this Court entered a Final Judgment of Dismissal with Prejudice as to the Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson, and certain other Defendants. ECF No. 5804. As the Court of Appeals recognized, following the entry of that final judgment, there is no ongoing, pending action against those settling defendants. *In re Cathode Ray Tube Antitrust Litig.*, No. 20-15697, 2021 WL 4306895, at *2 (9th Cir. Sept. 22, 2021).

"It is well-settled that once final judgment has been entered, the district court lacks jurisdiction to decide a motion to amend unless and until the judgment is reopened by the granting of a Rule 60 motion." *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 665 (9th Cir. 1997) (citing *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996)). Noting the extraordinary circumstances required for relief under Rule 60, the Court of Appeals has commented that "[a]fter judgment, then, 'our policy of promoting the finality of judgments' somewhat displaces Rule 15's openhandedness." *Navajo Nation v. Dept. of the Int.*, 876 F.3d 1144, 1173 (9th Cir. 2017) (quoting *Lindauer*, 91 F.3d at 1357).

Gianasca and Caldwell do not reference Rule 60, much less attempt to demonstrate that they satisfy its exacting requirements. There can be no argument that any of the grounds in Rule 60(b)(1)–(5) is applicable here.[7] A Rule 60(b) motion would also be untimely, and the grounds in Rule 60(b)(1)–(3) are inapplicable for the additional reason that the judgment was entered more than a year ago. *See* Fed. R. Civ. P. 60(c)(1) (providing that a "motion under Rule 60(b)

---

[7]    Those grounds comprise: (1) "mistake, inadvertence, surprise, or excusable neglect," (2) newly-discovered evidence, (3) fraud, (4) the judgment is void, and (5) satisfaction, release, or discharge. *See* Fed. R. Civ. P. 60(b)(1)–(5).

INTERVENORS-PROPOSED DEFENDANTS' RESPONSE TO MOTION         CASE NO.: 4:07-CV-05944-JST
TO AMEND COMPLAINT OR OTHERWISE PURSUE PENDING CLAIMS

must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding").[8]

Gianasca and Caldwell also demonstrate no "other reason that justifies relief" under Rule 60(b)(6). A motion under Rule 60(b)(6) must "show 'extraordinary circumstances' justifying the reopening of a final judgment," *Martinez v. Shinn*, 33 F.4th 1254, 1262 (9th Cir. 2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). "In contrast to the 'freely give[n]' dispensation to amend in Rule 15, Rule 60(b) relief should be granted 'sparingly' to avoid 'manifest injustice' and '*only* where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Navajo Nation*, 876 F.3d at 1173 (emphasis and brackets in original) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)).

Gianasca and Caldwell point to nothing that has happened or come to light since final judgment was entered in July 2020 that could warrant reopening that judgment under Rule 60(b)(6). Gianasca and Caldwell's desire for a "last chance" to continue litigating and rearguing issues that have already been resolved against them, Mot. at 6, does not constitute an extraordinary circumstance warranting relief. Rule 60(b)(6) is not a vehicle to perpetuate litigation by "rehash[ing]" arguments that the Court previously "found wanting." *In re Netflix, Inc.*, No. 12-00225 SC, 2014 WL 212564, at *2 (N.D. Cal. Jan. 17, 2014), *aff'd*, 647 F. App'x 813 (9th Cir. 2016); *see also Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 147 (2d Cir. 2020) (Rule 60(b)(6) did not entitle plaintiffs to a fourth opportunity to state a claim). Rule 60(b) relief is especially rare when—as here—the final judgment has been affirmed on appeal. *See, e.g., Colo. Interstate Gas Co. v. Nat. Gas Pipeline Co. of Am.,* 962 F.2d 1528, 1532–34 (10th Cir. 1992) (district court lacked authority to grant Rule 60(b)(6) relief to reopen a judgment that had been affirmed on appeal).

---

[8] The pendency of an appeal does not toll the deadline to file a Rule 60(b) motion. *Gulf Coast Bldg. & Supply Co. v. Int'l Bhd. of Elec. Workers, Loc. No. 480, AFL-CIO*, 460 F.2d 105, 108 (5th Cir. 1972).

Moreover, Rule 60(b) does not afford a losing party the opportunity to try a different litigation strategy. *See In re Pac. Far E. Lines, Inc.*, 889 F.2d 242, 250 (9th Cir. 1989) ("[W]here parties have made deliberate litigation choices, Rule 60(b)(6) should not provide a second chance.").[9] There is no basis, therefore, to reopen the judgment to permit Gianasca and Caldwell to seek amendment of the *Terry* Complaint—relief that they argued was available, yet they chose not to seek in the course of the two prior rounds of intervention-related motion practice before this Court. *Supra* at 5–6.

Further, Gianasca and Caldwell cannot demonstrate compliance with the requirement that a Rule 60(b)(6) motion be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). They identify no recent event as the basis for their motion. *Cf. Bynoe v. Baca,* 966 F.3d 972, 980 (9th Cir. 2020) (Rule 60(b) motion may be timely when based on recently-arising grounds) (citing *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)). Therefore, the timeliness of their motion is assessed by reference to the July 2020 date of the final judgment. *See Bynoe,* 966 F.3d at 980 (citation omitted). Gianasca and Caldwell identify nothing in the circumstances of this case that would render their two-year delay reasonable. Far from it, as their motion seeks to revisit rulings the Court entered long before the final judgment, in October 2019 and February 2020, for the purpose of asserting claims that have not been part of this proceeding for over a decade. *Supra* at 2–4. Under these circumstances, "the interest in finality" compels the denial of Rule 60(b)(6) relief. *Ashford*, 657 F.2d at 1055 ("Because the time for appeal had passed in this case, the interest in finality must be given great weight.").

This Court cannot entertain Gianasca and Caldwell's motion for leave to amend "unless and until" they demonstrate that they are entitled to relief under Rule 60(b). *Allmerica Fin. Life Ins. & Annuity Co.,* 139 F.3d at 665. As they have not made that showing, the motion should be denied.

---

[9]     *See also Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) ("Rule 60(b) is not meant to relieve any litigant of strategic or tactical decisions which later prove to be improvident.").

## II.     THE LAW OF THE CASE DOCTRINE AND RULE OF MANDATE ALSO BAR THE RELIEF THAT GIANASCA AND CALDWELL SEEK

### A.     Gianasca and Caldwell Should Not Be Permitted to Amend the *Terry* Complaint

Gianasca and Caldwell seek "leave to amend their initial pleading," apparently meaning the *Terry* Complaint. *See* Mot. at 8:6–7; *see also id.* at 3:14–15, 6:18–7:12, 9:12–14. That request should be denied. The Court of Appeals dismissed Gianasca and Caldwell's appeal from the intervention-related orders on the ground that, following affirmance of the July 2020 final judgment that effectuated the amended settlements, there was no longer any pending action into which they could intervene. The Court of Appeals thereby necessarily determined that the *Terry* action is no longer pending. Therefore, the *Terry* Complaint cannot be amended.

#### 1.     The request to amend the *Terry* Complaint is barred by the law of the case doctrine and by the rule of mandate

Subject to exceptions that do not apply here, *infra* at 12, the law of the case doctrine "precludes reconsideration of 'an issue that has already been decided by the same court, or a higher court in the identical case.'" *Rocky Mountain Farmers Union v. Corey*, 913 F.3d 940, 951 (9th Cir. 2019) (quoting *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997)); *see also United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007) ("Under the [law of the case] doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case.") (quoting *Herrington v. Cnty. of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993)). When the Court of Appeals decides an issue "'explicitly or by necessary implication,'" *id.* (quoting *Herrington*, 12 F.3d at 904), that decision becomes "law of the case in further proceedings on remand and re-appeal," *Rocky Mountain Farmers Union,* 913 F.3d at 951 (citations and quotation marks omitted).[10]

---

[10]     S*ee also United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007) (Court of Appeals' adjudication "'must be followed in all subsequent proceedings in the same case'") (quoting *Herrington v. Cnty. of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993)).

INTERVENORS-PROPOSED DEFENDANTS' RESPONSE TO MOTION     CASE NO.: 4:07-CV-05944-JST
TO AMEND COMPLAINT OR OTHERWISE PURSUE PENDING CLAIMS

Like the law of the case doctrine, the rule of mandate promotes "consistency, finality and efficiency." *Thrasher*, 483 F.3d at 982. The rule of mandate additionally "serves an interest in preserving the hierarchical structure of the court system," by providing that, on remand, a district court cannot "'revisit its already final determinations unless the mandate allowed it.'" *Id.* (quoting *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995)); *see also id.* at 981 ("'When a case has been once decided by this court on appeal and remanded to the [district court], whatever was before this court, and disposed of by its decree, is considered as finally settled.'") (brackets in original) (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255–56 (1895)).

Before the Court of Appeals, Gianasca and Caldwell argued that this Court should have permitted them to intervene and amend because they had filed actions that were transferred into the MDL proceeding, including the *Terry* action that they argued was still "pending." Appellants' Opening Brief, *In re: Cathode Ray Tube* (*CRT*) *Antitrust Litig.*, No. 20-16081 (9th Cir. Sept. 8, 2020), ECF No. 13, at 16, 29–30; *see also id.* at 2, 4–6, 13, 20–21, 24. *Supra* at 6.

The Court of Appeals rejected Gianasca and Caldwell's argument, dismissing their appeals from the denial of intervention and leave to amend on the ground that no effectual relief was possible in light of its affirmance of the amended settlements. *In re Cathode Ray Tube Antitrust Litig.*, No. 20-15697, 2021 WL 4306895 (9th Cir. Sept. 22, 2021). *Supra* at 7. As the Court of Appeals explained: "The approved amended settlements release Defendants from the suit at issue. ***There is no longer an action against Defendants into which the ORS and NRS appellants can intervene***." *Id.* at *2 (emphasis added). In ruling that there was "no longer an action" into which Gianasca and Caldwell could intervene, the Court of Appeals necessarily rejected their argument that the *Terry* action was still pending and that they could pursue their claims through that action. Therefore, the relief they now request from this Court—leave to amend the *Terry* Complaint—is barred by the law of the case doctrine and by the rule of mandate.

Gianasca and Caldwell are not assisted by any of the exceptions to the law of the case doctrine "that may arise when (1) the decision is clearly erroneous and its enforcement would

INTERVENORS-PROPOSED DEFENDANTS' RESPONSE TO MOTION        CASE NO.: 4:07-cv-05944-JST
TO AMEND COMPLAINT OR OTHERWISE PURSUE PENDING CLAIMS

work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial." *Grand Canyon Tr. v. Provencio*, 26 F.4th 815, 821 (9th Cir. 2022). The first and third exceptions do not apply to the rule of mandate, *see Thrasher*, 483 F.3d at 983 (Berzon, J., concurring),[11] and Gianasca and Caldwell identify no intervening controlling authority. In any event, no circumstances exist here to justify application of any of the three exceptions.

### 2.    In any event, the *Terry* Complaint cannot be amended because it is no longer pending

Even had the Court of Appeals not already resolved the issue, this Court should deny leave to amend the *Terry* Complaint because it has been superseded and is no longer pending.

By litigating motions to dismiss and to amend directed at the consolidated IPP complaints, the parties and this Court treated those consolidated IPP complaints as operative complaints that superseded the complaints in the underlying MDL actions. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 590 (6th Cir. 2013); *see also Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 & n.3 (2015) ("Parties may elect to file a 'master complaint' and a corresponding 'consolidated answer,' which supersede prior individual pleadings. In such a case, the transferee court may treat the master pleadings as merging the discrete actions for the duration of the MDL pretrial proceedings.").

The *Terry* action was transferred into this MDL proceeding, but IPP lead counsel, with no objection from Gianasca or his counsel, Mr. Bonsignore, omitted Gianasca from each of the consolidated IPP Complaints because he understood that Gianasca did not wish to pursue this claim and because Gianasca—represented by Mr. Bonsignore—did not provide the basic information required to proceed as a class representative. *Supra* at 2. As a result, Gianasca and the claim he asserted in the *Terry* action were voluntarily dismissed. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Therefore, Gianasca was correct to acknowledge that

---

[11]    *See also In re Molasky*, 843 F.3d 1179, 1185 (9th Cir. 2016) ("[T]here are exceptions to the mandate rule and to the law of the case doctrine for an intervening change in controlling authority . . . .") (citing *United States v. Bad Marriage*, 439 F.3d 534, 537–38 (9th Cir. 2006)).

INTERVENORS-PROPOSED DEFENDANTS' RESPONSE TO MOTION
TO AMEND COMPLAINT OR OTHERWISE PURSUE PENDING CLAIMS

CASE NO.: 4:07-CV-05944-JST

lead counsel "dropped Mr. Gianasca's claims" by not including them in the consolidated amended complaints. *Supra* at 7. Gianasca likewise tacitly acknowledged that the *Terry* action was no longer pending when, in June 2019, he provided notice of his intention to initiate Massachusetts-law claims. *Supra* at 4. Under these circumstances, the *Terry* Complaint is no longer pending and cannot be amended.

**B.      Gianasca and Caldwell Should Not Be Permitted to Amend the IPP Complaint**

Gianasca and Caldwell seek permission to amend "the MDL 1917 complaint," Mot. at 5, and proffer an "Indirect Purchasers Plaintiffs' Fifth Amended Complaint," ECF No. 6072-5. Seemingly overlooking the IPPs' Fifth Consolidated Amended Complaint, ECF NO. 5589, filed in September 2019 in connection with the amended settlements, ECF No. 5584, Gianasca and Caldwell's proffered pleading amends the January 2013 IPP Fourth Consolidated Amended Complaint, ECF No. 1526. *Compare id. with* ECF No. 6072-5.

But contrary to their contention that they "fall outside the parameters" of this Court's earlier rulings, Mot. at 3:16–18, the Court has already ruled that Gianasca and Caldwell can only pursue their Massachusetts law claims by filing new actions, and that they cannot amend the IPP Complaint. ECF Nos. 5628, 5684. Gianasca and Caldwell provide no reason for this Court to deviate from its earlier ruling, and none exists.

**1.      The request to amend the IPP Complaint is barred by the law of the case doctrine**

Gianasca and Caldwell contend that their motion to amend the IPP Complaint is made "pursuant to" and "based on" this Court's February 2020 order. Mot. at 3:7, 7:21, 8:20–21. Far from it. Their request is contrary to and precluded by this Court's October 2019 and February 2020 orders.

In its October 2019 order, ECF No. 5628, the Court declined, for two reasons, to permit, *inter alia*, Gianasca to amend the IPPs' Fifth Consolidated Amended Complaint. First, as a matter of sound case management, a separate complaint-in-intervention was necessary to

14

INTERVENORS-PROPOSED DEFENDANTS' RESPONSE TO MOTION        CASE NO.: 4:07-CV-05944-JST
TO AMEND COMPLAINT OR OTHERWISE PURSUE PENDING CLAIMS

delineate the parameters of the proposed new claims in the context of this complex matter. *Id.* at 3. Second, and "[i]n addition to these considerations," Gianasca was "not allowed" to amend the IPPs' Fifth Consolidated Amended Complaint because that was "someone else's complaint." *Id. Supra* at 4–5. The Court's February 2020 order, ECF No. 5684, directed how Gianasca and Caldwell should proceed—they "may file their claims in the appropriate forum(s) and seek transfer from the JPML or, if properly filed in the Northern District of California, 'request assignment of [their] actions to the Section 1407 transferee judge in accordance with applicable local rules.'" *Id.* at 6 (quoting J.P.M.L. R. 7.2(a)). *Supra* at 5.

These rulings are law of the case, *supra* at 11, and none of the law-of-the-case exceptions, *supra* at 12, justifies reconsideration. Now, as in 2019, movants "cite no authority permitting" them to amend "someone else's complaint." ECF No. 5628 at 3. To the contrary, they invoke Federal Rule of Civil Procedure 15(a)(2), Mot. at 8, but that rule only authorizes a court to permit a party to amend "*its* pleading." Fed. R. Civ. P. 15(a)(2) (emphasis added). Further, the Court's ruling that sound case management requires a separate complaint-in-intervention applies as strongly now as it did in October 2019. IPPs from twenty-two jurisdictions are using the IPPs' Fifth Consolidated Amended Class Action Complaint to litigate class-wide state-law damages claims against the Irico Defendants. ECF No. 5589, ¶¶ 95–98, 244–45, 258–78, 280–88. Yet Gianasca and Caldwell's proposed amended complaint would excise the named plaintiffs from those jurisdictions, together with their counsel and the classes they represent, ECF No. 6072-5, ¶¶ 19, 216, and eliminate the claims under the laws of those twenty-two jurisdictions, *id.* ¶¶ 218–35.

Finally, there is no basis for any argument that Caldwell should be permitted to amend the IPP Complaint because this Court's vacatur of the 2010 Stipulation, *supra* at 4, "reinstat[ed]" Caldwell as a named plaintiff asserting claims on behalf of IPPs in Massachusetts. *See* Mot. at 2: 8–9. Caldwell argued in the intervention-related appeals that she still had pending Massachusetts-law claims because the vacatur of the 2010 Stipulation "revitalized" her individual claims. Appellants' Opening Brief, *In re: Cathode Ray Tube* (*CRT*) *Antitrust Litig.*,

No. 20-16081 (9th Cir. Sept. 8, 2020), ECF No. 13, at 9; *see also id.* at 20–21. The Court of Appeals necessarily rejected that argument when it ruled that there was "no longer an action into which the ORS and NRS can intervene." *In re Cathode Ray Tube Antitrust Litig.*, No. 20-15697, 2021 WL 4306895, at *2 (9th Cir. Sept. 22, 2021). *Supra* at 7.[12] Therefore, the law of the case doctrine and the rule of mandate preclude any argument that Caldwell still has pending claims. *Supra* at 11.

### 2.     In any event, Gianasca and Caldwell cannot satisfy the standard for leave to amend the IPP Complaint

Even if Gianasca and Caldwell's request to amend the IPP Complaint were not barred on the several other grounds addressed above, it would still have to be denied because they cannot satisfy the requirements of Rule 15(a)(2). In addition to all of the other impediments, leave to amend should be denied because it is untimely, prejudicial, and futile.

The request to amend the IPP Complaint is grossly untimely, and granting leave to amend would be unprecedented in circumstances where Gianasca and Caldwell have sat on their rights for more than a dozen years. The Ninth Circuit has affirmed the denial of leave to amend due to much shorter periods of delay. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951–53 (9th Cir. 2006) ("We have held that an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable.") (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991)).

---

[12]     Even if the Court of Appeals' mandate did not bar the argument that vacatur of the 2010 Stipulation revived Caldwell's claim, the argument is meritless. Certain movants sought vacatur of the 2010 Stipulation because they asserted that it precluded the assertion of class claims on behalf of IPPs in, *inter alia*, Massachusetts. ECF No. 5469 at 5–6, 11–12. The Court granted vacatur because, as a pre-certification stipulation, the 2010 Stipulation "could not bind any *absent* class member." ECF No. 5499 at 17 (emphasis added). As the movants acknowledged, IPP counsel *did* have authority to stipulate to the dismissal of Caldwell's individual claim. *See* ECF No. 5469 at 5 (IPP counsel "could bind only those individual plaintiffs he directly represented at the time"). Caldwell was not an absent class member—she was a named plaintiff and putative class representative represented by IPP counsel—and tellingly she did not join in the motion to vacate the 2010 Stipulation.

INTERVENORS-PROPOSED DEFENDANTS' RESPONSE TO MOTION
TO AMEND COMPLAINT OR OTHERWISE PURSUE PENDING CLAIMS
CASE NO.: 4:07-CV-05944-JST

That delay is prejudicial here because the Intervenors-Proposed Defendants are now fully out of this MDL and, pulling them back in would impose new and significant litigation costs. *See AmerisourceBergen Corp.,* 465 F.3d at 953–54 (leave to amend was properly denied in light of "potentially high, additional litigation costs" resulting from late amendment). Contrary to the vague, self-serving statement that "the need for further discovery in this case will be in context, minimal," Mot. at 11:14–15, counsel has repeatedly reserved the right to seek to reopen discovery, ECF No. 5542, at 8:19–22; ECF No. 5567, at 6:23–26. Counsel's representation is also demonstrably false as the proposed defendants will face material prejudice. If Gianasca's and Caldwell's claims were permitted to proceed, the proposed defendants would be forced to seek dismissal under Rule 12 (on many of the issues the Court has already addressed). If those claims survived Rule 12, Defendants would also need to obtain documents and deposition testimony from the named plaintiffs, oppose class certification, and potentially serve merits and damage expert reports and file motions for summary judgment. In short, Gianasca's and Caldwell's delay would launch the proposed defendants into full-scale litigation of claims that Gianasca and his counsel elected to abandon over a decade ago, thus causing significant prejudice to all defendants.

Additionally, leave to amend should be denied on prejudice grounds when a plaintiff seeks belatedly to expand the prayer for relief by adding a request for damages to a claim that previously sought only equitable relief. *See Texaco, Inc.*, 939 F.2d at 799; *see also In re W. States Wholesale Nat. Gas Antitrust Litig.,* 715 F.3d 716, 736–39 (9th Cir. 2013) (affirming denial of leave to add request for treble damages to a lawsuit that previously sought only a refund). Gianasca and Caldwell therefore are not assisted by the fact that they were, until the entry of final judgment in July 2020, members of an uncertified, putative nationwide class seeking injunctive relief under federal law.

Leave to amend should also be denied on futility grounds because Gianasca and Caldwell's claims are time-barred, and because their proposed pleading does not allege that they have served the pre-suit demand required by Massachusetts Law.

1     As to time bar, Gianasca and Caldwell assert in conclusory fashion that their proposed

2    amended complaint relates back to some earlier complaint (they do not say which complaint),

3    because they previously were absent members of a putative nationwide class seeking injunctive

4    relief under federal law based on the same facts as are alleged in their proposed amended

5    complaint. Mot. at 12:12–18. But they misplace their reliance on that standard, derived from

6    Federal Rule of Civil Procedure 15(c)(1)(B), which applies when additional claims are asserted

7    against *existing* parties.

8     None of the former Samsung SDI, Philips, Toshiba, Panasonic, Hitachi, and Thomson

9    Defendants is presently a party to any relevant action. *Supra* 6–7. Because the proposed

10   amendment "changes the party or the naming of the party against whom a claim is asserted,"

11   Fed. R. Civ. P. 15(c)(1)(C), it relates back only if, *inter alia*, "the party to be brought in by

12   amendment" "knew of should have known that the action would have been brought against it,

13   but for a mistake concerning the proper party's identity," *id.* This is not a case where claims were

14   belatedly asserted due to a mistake concerning the proper defendant's identity. To the contrary,

15   the former Samsung SDI, Philips, Toshiba, Panasonic, Hitachi, and Thomson Defendants were

16   named as defendants until July 2020, although no Massachusetts law claims were asserted

17   against them. Under these circumstances, relation back does not apply. *See, e.g., Butler v. Nat'l

18   Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1202–03 (9th Cir. 2014) (relation back was not

19   applicable where plaintiff "did not establish that any of the [proposed defendants] knew or

20   should have known that her lawsuit would have been brought against them but for her mistake").

21    Finally, the proposed amendment would be futile because the proposed complaint does

22   not plead compliance with the Massachusetts Consumer Protection Statute's pre-suit notice

23   requirement. *See* Mass. Gen. Laws Ann. ch. 93A, § 9(3).[13] "The statutory notice requirement is

24   not merely a procedural nicety, but, rather, a prerequisite to suit" that "must be alleged in the

---

[13]   No fewer than thirty days before bringing suit under the Massachusetts Consumer Protection statute, a plaintiff must mail to the defendant a "'written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon.'" *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 19 (1st Cir. 2004) (quoting Mass. Gen. Laws ch. 93A, § 9(3)).

INTERVENORS-PROPOSED DEFENDANTS' RESPONSE TO MOTION     CASE NO.: 4:07-CV-05944-JST
TO AMEND COMPLAINT OR OTHERWISE PURSUE PENDING CLAIMS

plaintiff's complaint." *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 19 (1st Cir. 2004) (quoting *Entrialgo v. Twin City Dodge, Inc.*, 333 N.E.2d 202, 204 (1975)). Indeed, the same failure to allege compliance with the notice requirement resulted in the dismissal of Caldwell's claim in 2010, *supra* at 3, and likewise bars Gianasca's effort to cure his failure to send pre-suit notice of his 2008 complaint by sending the Proposed Defendants notice eleven years later in 2019, *supra* at 4; *see* ECF No. 768 at 13 ("The objectives of the Massachusetts' statute would not be accomplished if a plaintiff could fail to comply, but could cure that failure by sending late notice and then re-filing the same complaint.").

\*     \*     \*

Intervenors-Proposed Defendants have demonstrated that Gianasca and Caldwell are not entitled to the two specific forms of relief they request in their motion: (a) permission to amend the *Terry* Complaint; and (b) permission to amend the IPP Complaint. The Court should also deny Gianasca and Caldwell's other vague, unsupported requests, such as that they "otherwise be permitted to advance claims," Mot. at 3, that the Court "act on assignment as the Section 1407 forum and its prior orders [*sic*]," Mot. at 1, "reinstate their claims nunc pro tunc," *id*. at 3, "restore the claims of the absent Massachusetts class members," *id*. at 5, and that they be permitted to "place a subclass complaint on file," *id*.

When, as here, litigants adopt the "'spaghetti approach,'" "heav[ing] the entire contents of a pot against the wall in hopes that something would stick," it is not the court's responsibility, "to sort through the noodles" in search of an argument. *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003); *see also Rosebrock v. Perez,* No. 17-cv-4354 DSF (ASX), 2019 WL 1768873, at \*5 n.6 (C.D. Cal. Mar. 20, 2019) ("Defendants provide no legal or factual argument for this claim. It is not the role of the Court to make parties' arguments for them.") (citing *Indep. Towers of Wash.*, 350 F.3d at 929).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **<u>CONCLUSION</u>**

For all the foregoing reasons, the Court should deny the motion to amend complaint or otherwise pursue pending claims.

Dated: September 30, 2022                    Respectfully submitted,


                                             /s/ *Andrew Rhys Davies*
                                             ALLEN & OVERY LLP
                                             ANDREW RHYS DAVIES
                                             andrewrhys.davies@allenovery.com
                                             1221 Avenue of the Americas
                                             New York, NY 10020
                                             Telephone:  (212) 610-6300
                                             Facsimile:   (212) 610-6399

                                             COHEN & GRESSER LLP
                                             JOHN ROBERTI
                                             john.roberti@cohengresser.com
                                             2001 Pennsylvania Ave, NW, Suite 300
                                             Washington, DC 20006
                                             Telephone:  (202) 851-2070
                                             Facsimile:   (202) 851-2081

                                             *Attorneys for Intervenors-Proposed Defendants*
                                             *Samsung SDI Co., Ltd.; Samsung SDI America,*
                                             *Inc.; Samsung SDI Mexico S.A. De C.V.; Samsung*
                                             *SDI Brasil Ltda.; Shenzhen Samsung SDI Co.,*
                                             *Ltd.; Tianjin Samsung SDI Co., Ltd.; and*
                                             *Samsung SDI (Malaysia) Sdn. Bhd.*[14]

---

[14]     Samsung SDI Mexico S.A. De C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co., Ltd., and Samsung SDI (Malaysia) Sdn. Bhd. have been dissolved.

INTERVENORS-PROPOSED DEFENDANTS' RESPONSE TO MOTION          CASE NO.: 4:07-cv-05944-JST
TO AMEND COMPLAINT OR OTHERWISE PURSUE PENDING CLAIMS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Jeffrey L. Kessler*
WINSTON & STRAWN LLP
JEFFREY L. KESSLER
jkessler@winston.com
EVA W. COLE
ewcole@winston.com
200 Park Avenue
New York, NY 10166
Telephone:     (212) 294-6700
Facsimile:      (212) 294-4700

KEVIN B. GOLDSTEIN
kbgoldstein@winston.com
35 W. Wacker Drive
Chicago, IL 60622
Telephone:     (312) 558-5600
Facsimile:      (312) 558-5700

WEIL, GOTSHAL & MANGES LLP
DAVID L. YOHAI
david.yohai@weil.com
ADAM C. HEMLOCK
adam.hemlock@weil.com
DAVID YOLKUT
david.yolkut@weil.com
767 Fifth Avenue
New York, NY 10153-0119
Telephone:     (212) 310-8000
Facsimile:      (212) 310-8007

*Attorneys for Intervenors-Proposed Defendants
Panasonic Corporation (f/k/a Matsushita Electric
Industrial Co., Ltd.), Panasonic Corporation of
North America, and MT Picture Display Co.,
Ltd.*[15]

---

[15]     MT Picture Display Co., Ltd. has been dissolved and completed final liquidation proceedings in Japan on May 23, 2019.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ *Erik T. Koons*
BAKER BOTTS LLP
ERIK T. KOONS
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: erik.koons@bakerbotts.com

*Attorneys for Intervenors-Proposed Defendants*
*Koninklijke Philips, N.V., Philips North America*
*LLC, Philips Taiwan Limited, and Philips do*
*Brasil, Ltda*

/s/ *Eliot A. Adelson*
MORRISON & FOERSTER LLP
ELIOT A. ADELSON
Email: eadelson@mofo.com
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

KIRKLAND & ELLIS LLP
JAMES H. MUTCHNIK (pro hac vice)
Email: james.mutchnik@kirkland.com
300 North LaSalle Street
Chicago, IL  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Intervenors-Proposed Defendants*
*Hitachi Ltd., Hitachi Displays, Ltd. (n/k/a Japan*
*Display Inc.), Hitachi Asia, Ltd., Hitachi America,*
*Ltd., and Hitachi Electronic Devices (USA), Inc.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Christopher M. Curran*
WHITE & CASE LLP
CHRISTOPHER M. CURRAN
ccurran@whitecase.com
LUCIUS B. LAU
alau@whitecase.com
DANA E. FOSTER
defoster@whitecase.com
MATTHEW N. FRUTIG
mfrutig@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Attorneys for Intervenors-Proposed Defendants*
*Toshiba Corporation, Toshiba America, Inc.,*
*Toshiba America Information Systems, Inc.,*
*Toshiba America Consumer Products, L.L.C., and*
*Toshiba America Electronic Components, Inc.*