BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
        evan.werbel@bakerbotts.com
        tom.carter@bakerbotts.com
        drew.lucarelli@bakerbotts.com

*Attorneys for Defendants*
*Irico Group Corp. and*
*Irico Display Devices Co., Ltd.*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Case No. 07-cv-05944-JST |
| | MDL No.: 1917 |
| THIS DOCUMENT RELATES TO: | **IRICO DEFENDANTS' OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATION OF SEPTEMBER 20, 2022** |
| *ALL DIRECT & INDIRECT PURCHASER ACTIONS* | |
| | Honorable Jon S. Tigar |

I.      **INTRODUCTION**

Pursuant to Local Rule 72-2 and the Order Appointing Special Master for Discovery (Dkt. 2272 ¶¶ 6(a) & (b)), Defendants Irico Group Corporation and Irico Display Devices Co, Ltd. (collectively, "Irico") hereby object to portions of the Special Master's September 20, 2022 Report and Recommendation re Admissibility of Coconspirator Documents and Statements (the "Report") (Dkt. 5332). These objections relate to the applicability of the business records and co-conspirator exceptions to the hearsay rule to various documents and statements submitted by DPPs and IPPs ("Plaintiffs") to the Special Master, and Irico also seeks clarification that the Special Master's ruling does not apply beyond the summary judgment stage, particularly with regard to context- and purpose-dependent objections to certain documents or statements based on how they are offered by Plaintiffs at trial.  Irico respectfully requests the opportunity to respond more fully to the lengthy findings and holdings of the Special Master in the Report.

II.     **BACKGROUND**

Pursuant to an August 4, 2021 Order of this Court directing Plaintiffs to "submit their grounds for admission of the 103 documents in the DPPs' Index of Irico Competitor Contacts" and for Irico to respond to those grounds (ECF No. 5944 at 4), the parties embarked on an extended process before Judge Walker resulting in Plaintiffs' submission of a revised set of 81 documents, Irico's submission of evidentiary objections to those documents and statements within them, and related briefing regarding Plaintiffs' proffer of evidence of Irico's alleged participation in a CRT conspiracy.  Following additional requests for information from the parties, the Special Master issued his Report and Recommendation on September 20, 2022, concluding that 51 of the documents "be admitted with no or limited redactions," and that 14 of the documents "may be admitted if the [Plaintiffs] proffer additional evidence to link the contents to Irico's conduct."  (ECF No. 6074 at 48.)  The Special Master also stated that these determinations were made specifically regarding "admissibil[ity] for the purpose of raising a triable issue whether Irico participated in the conspiracy" on a motion for summary judgment. (*Id.* at 6.)

## III.    OBJECTIONS TO SPECIAL MASTER'S ORDER

### A.    Specific Portions of Special Master's Report at Issue

Irico objects to the portions of the Report recommending a holding that Irico participated in a CRT conspiracy, and that the co-conspirator and business records exceptions to the hearsay rule apply as blanket exceptions to allow for complete admissibility of the documents at issue and any statements contained therein. These recommendations include:

- The holding that 16 documents for which Irico did not concede to applicability of the business records exception qualify as business records because "Irico failed to include any argument to explain why these sixteen documents do not on their face indicate the source of information, or the methods of circumstances of their preparation or any other reason to indicate a lack of trustworthiness," despite the fact that Plaintiffs failed to meet their burden evidence in support of the exception (Report at 8);

- The holding that the documents at issue may be admitted for a non-hearsay purpose, such as to show "what was said and done at the conspiracy meetings" (Report at 17);

- The holding that "if [each] meeting note itself is within the confines of FRE 801(d)(2)(E) or is a business record, the entire document is admissible" regardless of additional layers of hearsay statements within the document (Report at 19);

- The holding that Plaintiffs are only "required to offer 'some evidence' of Irico's participation" in a CRT conspiracy, as opposed to a preponderance of the evidence, and the related holding that a preponderance standard would "conflate[] liability and the threshold for admission of evidence" (Report at 21); and

- The holding that "[t]he [Plaintiffs] have satisfied the fundamental elements of FRE 801(d)(2)(E) to admit into evidence the documents at issue here" (Report at 22), and that "[Plaintiffs] have adequately established the prerequisites for admission under FRE 801(d)(2)(E) of the documents in the [Plaintiffs'] inventory." (Report at 24.)

### B.    Basis for Objections

#### 1.    Plaintiffs Bear the Burden of Proving the Requirements of the Business Records Exception and Failed to Provide Any Such Proof

Irico objects to the Special Master's finding that Irico's failure to explain why the sixteen binder documents were *not* admissible under the business records exception justifies the finding that those documents "be deemed business records," despite the fact that Plaintiffs raised no arguments in support of the business records exception for those documents.  Report at 5.

The proponent of hearsay testimony "ha[s] the burden of proving admissibility." *Wolff v. Blodgett*, 942 F.2d 795 (9th Cir. 1991). Yet here, Plaintiffs did not even attempt to make any

1   argument for the documents' admissibility under FRE 803(6). It is not Irico's burden to put forth

2   arguments against a hypothetical hearsay exception that Plaintiffs do not even assert. Because

3   Plaintiffs put forth no argument as to the sixteen document's admissibility under FRE 803(6), the

4   Plaintiffs have not met their burden of providing admissibility of those documents as business

5   records.

6          **2.      Any Finding of Irico's Participation in a Conspiracy Should Be Made**
           **by a Preponderance of the Evidence, and Plaintiffs did not Offer**
7          **Sufficient Evidence to Meet that Standard**

8          Plaintiffs must establish by a preponderance of the evidence that Irico participated in the

9   overarching conspiracy alleged in Plaintiffs' complaint. To fit within the co-conspirator

10  exception to FRE 801(d)(2)(E), the party seeking admission has the burden to prove the

11  conspiracy existed, that the defendant knew of and participated in the conspiracy, and that the

12  co-conspirator statement was made in furtherance of the conspiracy. *United States v. Bowman*,

13  215 F.3d 951, 960-61 (9th Cir. 2000). When the preliminary facts relevant to Rule 801(d)(2)(E)

14  are disputed, "there must be evidence, beyond the statements, to demonstrate by a preponderance

15  of the evidence the conspiracy and the defendant's connection to it." *United States v. Tamez*, 941

16  F.2d 770, 775 (9th Cir. 1991) (citing *United States v. Gordon*, 844 F.2d 1397, 1402 (9th

17  Cir.1988)). This standard ensures that "before admitting evidence, the court will have found it

18  more likely than not that the technical issues and policy concerns addressed by the Federal Rules

19  of Evidence have been afforded due consideration." *Bourjaily v. United States*, 483 U.S. 171,

20  175 (1987). Here, Irico objects to the Special Master's holding that Plaintiffs need only provide

21  "some evidence of Irico's participation" in the alleged CRT as conspiracy as opposed to a

22  preponderance of the evidence standard.

23         **3.      The Documents at Issue are Not Admissible for Non-Hearsay**
           **Purposes**
24

25         Courts routinely reject admission of statements for non-hearsay uses if the statement

26  could not reasonably be considered for anything other than the truth of the matter asserted.

27  *United States v. Dougan*, 839 F. App'x 81, 84 (9th Cir. 2020) ("Yet that principal statement in the

28  email hinges on its truthfulness. In other words, its relevance as exculpatory evidence of his

    mental state would depend on whether the jury accepted the statement made in the email… as

true… Dougan thus offered the key statement in the email for a hearsay purpose."); *United States v. Bao*, 189 F.3d 860, 866 (9th Cir. 1999) ("[O]nly if Bao's statement to the reporter is asserted as being true, thereby implying that the officer's and the interpreter's testimony is false, is Bao's statement relevant to impeach these witnesses' credibility. Thus, the statement would have been offered for the truth of the matter asserted…"); *United States v. Reyes*, 239 F.R.D. 591, 600 (N.D. Cal. 2006) (holding that summaries, notes, memoranda, second-hand recounting of interviews, and secondhand reflections, findings, and conclusions of investigating attorneys could not be used at trial to prove the truth of the matters they assert.). This is particularly true when the relevance of the statement hinges on its truthfulness. See *Dougan*, 839 F. App'x at 84 (holding that the relevance of an email exchange hinged on truthfulness and was thus offered as hearsay). Here, allowing the alleged meetings to be admitted to "show what was said and done" at the alleged meetings goes to the heart of this case and is inextricably interwound to the truth of the matter asserted in these documents.

### 4. The Co-Conspirator and Business Record Exceptions to the Hearsay Rule Cannot Justify Blanket Admission of all Hearsay-within-Hearsay Statements Within a Document

FRE 801(d)(2)(E) and 803(6) do not allow for the blanket admissibility of all hearsay within hearsay statements within a document.  Instead, each level of hearsay contained within a document must satisfy an exception the hearsay rule.  *See Sana v. Hawaiian Cruises, Ltd*., 181 F.3d 1041, 1045-47 (9th Circ. 1999) (holding that documents with multiple levels of out-of-court statements must satisfy an exception to the hearsay rule for "each layer of hearsay") (citing Fed. R. Evid. 805); *see also ADT Sec. Svcs. v. Sec. One Int'l, Inc*., Case No. 11-CV-5149 YGR, 2013 WL 4766401, at *2-3 (N.D. Cal. Sep. 5, 2013) (citing *Sana* and excluding report containing "four distinct layers of out-of-court statements" because no exception applied to final layer). The documents Plaintiffs seek to admit contain hearsay-within-hearsay, yet Plaintiffs have failed to meet their burden of admissibility for each level of hearsay contained within the document.

### 5. The Court Should Clarify that the Report Applies for Purposes of Summary Judgment and Does Not Preemptively Defeat Context- and Purpose-Dependent Objections at the Time of Trial

Finally, Irico respectfully requests that the Court clarify that the Special Master's recommendations regarding Irico's reservation of objections (Report at 3), apply for purposes of

1   summary judgment only and do not abridge Irico's right to raise objections more properly

2   considered at the time of trial.

3        For example, Irico has repeatedly raised that any determination made by the Special

4   Master as to the admissibility of certain documents during the summary judgment phase should

5   not serve to substitute for any more rigorous admissibility requirements that the Court might

6   impose at trial. See *In re Cathode Ray Tube (CRT) Antitrust Litig.*, Case No. 4:07-cv-5944-JST,

7   2016 WL 6246736, at *2 (N.D. Cal. Oct. 26, 2016) (Tigar, J.) (requiring proffer of six specific

8   categories of information prior to the introduction of co-conspirator statements at trial).

9        Further, certain evidentiary objections, such as objections under Rule 403 of the Federal

10  Rules of Evidence, are properly reserved for trial. *See Sprint/United Mgmt. Co. v. Mendelsohn*,

11  552 U.S. 379, 388 (2008) ("Applying Rule 403 to determine if evidence is prejudicial [] requires

12  a fact-intensive, context-specific inquiry."). "[W]hile it is not unheard of to exclude evidence

13  under Rule 403 at the summary judgment stage, . . . normally the balancing process contemplated

14  by that rule is best undertaken at the trial itself." *Adams v. Ameritech Svcs., Inc.*, 231 F.3d 414,

15  428 (7th Cir. 2000); *see also Crye Precision LLC v. Bennettsville Printing*, No. 15-cv-00221 (FB)

16  (RER), 2017 WL 10978562, at *1 (E.D.N.Y. Feb. 7, 2017) (declining to consider Rule 403 at

17  summary judgment stage and reserving further consideration for trial) (citing *Adams*, 231 F.3d at

18  428).

19                          *     *     *

20       For the foregoing reasons, the Court should allow for further briefing by the parties on the

21  issues raised above, and should amend the Report to clarify that the admissibility rulings therein

22  apply only for purposes of summary judgment and do not represent final determinations of

23  admissibility at trial.

24

25  Dated:  October 4, 2022                    Respectfully submitted,

26                                              /s/ *John M. Taladay*

27                                             BAKER BOTTS L.L.P.
                                               JOHN M. TALADAY
28                                             EVAN J. WERBEL
                                               THOMAS E. CARTER
                                               ANDREW L. LUCARELLI

700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
        evan.werbel@bakerbotts.com
        tom.carter@bakerbotts.com
        drew.lucarelli@bakerbotts.com

*Attorneys for Defendants Irico Group Corp. and*
*Irico Display Devices Co., Ltd.*