UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
|---|---|
| | Case No. 07-cv-05944-JST |
| This order relates to:<br><br>ALL DIRECT PURCHASER ACTIONS<br>ALL INDIRECT PURCHASER ACTIONS | **ORDER ADOPTING SPECIAL MASTER'S REPORT AND RECOMMENDATION RE: ADMISSIBILITY OF COCONSPIRATOR DOCUMENTS AND STATEMENTS**<br><br>Re: ECF Nos. 6074, 6086 |

Before the Court are the Special Master's September 19, 2022 order regarding admissibility of coconspirator documents and statements, ECF No. 6074, and the Irico Defendants' objections thereto, ECF No. 6086. Objections to the Special Master's rulings are governed by "the same procedures as review of orders of a Magistrate Judge, except as otherwise provided." ECF No. 2272 at 4 (citing Civil L.R. 72-2). Objecting parties are required to submit "any record necessary for the Court to review the Special Master's order, report, and/or recommendation, including any transcripts of proceedings before the Special Master and any documents submitted by the parties in connection with the Special Master's order, report, and/or recommendation." ECF No. 2272 at 4-5. "Failure to provide the record shall constitute grounds for the Court to overrule the objection or deny the motion." *Id.* at 5.

The standard for reviewing nondispositive rulings of a magistrate judge is as follows: "A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (quoting Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard."

*Ingram v. Pac. Gas & Elec. Co.*, No. 12-cv-02777-JST, 2013 WL 6174487, at *2 (N.D. Cal. Nov. 25, 2013) (citation omitted). "The 'clearly erroneous' standard applies to the magistrate judge's findings of fact; legal conclusions are freely reviewable de novo to determine whether they are contrary to law." *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999). The district court "may not simply substitute its judgment" for that of the magistrate judge. *Grimes*, 951 F.2d at 241. Rather, "the district court may only set aside [a magistrate judge's] factual determinations if it is left with a definite and firm conviction that a mistake has been committed." *EEOC v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (quotation marks and citation omitted). This "deferential standard . . . indicates that decisions by the magistrate judge on nondispositive matters are essentially final decisions of the district court which may be appealed in due course with other issues." *United States v. Abonce-Barrera*, 257 F.3d 959, 968-69 (9th Cir. 2001) (quotation marks and citation omitted).

Irico requests clarification regarding whether the Special Master was ruling on admissibility for summary judgment or admissibility for trial. The Special Master stated that "admissibility for summary judgment would seem to be the appropriate standard for purposes of this report and recommendation." ECF No. 6074 at 5-6. That statement requires no clarification.

The Court has considered Irico's remaining objections and concludes that the Special Master's order is not contrary to law. Nor is the Court convinced by the record before it that any factual findings made by the Special Master were clearly erroneous. To the extent Irico challenges the Special Master's application of the law to specific documents, the Court overrules the objection because Irico failed to provide the necessary record for review.

**IT IS SO ORDERED.**

Dated:  October 14, 2022

_____
JON S. TIGAR
United States District Judge

2