Robert J. Bonsignore (Admitted *pro hac vice* Massachusetts BBO # 547880)
Melanie Porter (CA Bar No. 253500)
BONSIGNORE TRIAL LAWYERS, PLLC
23 Forest Street
Medford, MA 02155
Cell Phone: (781) 856-7650
Facsimile: (702) 852-5726
rbonsignore@classactions.us
melanie@classactions.us

Joseph M. Alioto (SBN 42680)
Tatiana V. Wallace
ALIOTO LAW FIRM
One Sansone Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Email: jmalioto@aliotolaw.com

***Counsel for Massachusetts Only Indirect Purchaser Plaintiffs Gianasca and Caldwell***

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 4:08-cv-1559<br>Related MDL No. 1917 |
| This Document Relates to<br><br>All Indirect Purchaser Actions | **REPLY IN SUPPORT OF MOTION TO AMEND COMPLAINT OR OTHERWISE PURSUE PENDING CLAIMS (IRICO)**<br><br>Hearing Date: January 19, 2023<br>Time: 2:00 pm<br>Courtroom: Via videoconference<br>Judge: Hon. Jon S. Tigar |

**CONTENTS**

INTRODUCTION……………………………………………………………..………1

ARGUMENT…………………………………………………………….…………..4

I. Undue Delay…………………………………………………………………...4

II. Strong Prejudice……………………………………………………………5

III. Inability to Comprehend the Relief Sought……………………………………...6

IV. Supporting Legal Authority…………………………………………………..6

CONCLUSION ……………………………………………………………..........7

**TABLE OF AUTHORITIES**

*Bowles v. Reade,* 198 F.3d 752 (9th Cir. 1999)……………………..…………………………...7

*Brown v. Stored Value Cards, Inc.,* 953 F.3d 567 (9th Cir. 2020)………………………………...6

*Conley v. Gibson,* 355 U.S. 41 (1957)…………………………………………………………7

*Cruz v. Tarantino Wholesale Foods* No. 16-cv-0593-JAH (BLM), 2016 U.S. Dist. LEXIS 197177 (S.D. Cal. Aug. 10 2016)……………………………………………...……………7

*DCD Programs, Ltd. v. Leighton* 833 F.2d 183 (9th Cir. 1987)…..………………………………4

*Emminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048 (9st Cir. 2003)………………………...6

*Foman v. Davis,* 371 U.S. 178 (1962)…………………………………………………………4

*Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877 (9th Cir. 1999)…………………………………4, 6

*Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus. of S. Cal.,* 648 F.2d 1252 (9st Cir. 1981)……………………………………………………………………………6-7

*Molly Brown v. Natures Path Food, Inc.,* No. 21-CV-05132, 2022 WL 3357669 (N.D. Cal. Aug. 15, 2022)………………………………………………………………………6

*Roth v. Garcia Marquez,* 942 F.2nd 617 (9st Cir. 1991)……………………………………...6

*Tracht Gut, LLC v. L.A. County Treasurer & Tax Collector,* 836 F.3d 1146 (9th Cir. 2016)…….7

*William Inglis v. ITT Continental,* 668 F.2d 1014 (9th Cir. 1981)..................................................7

F.R.C.P. R. 15……………………………………………………………………………6

**INTRODUCTION**

The IRICO Defendants ("IRICO") object to Plaintiffs' Motion to Amend Complaint (ECF No. 6072) on three alternative grounds.

First, IRICO joins in the relevant portions of the Intervenors-Proposed Defendants' response to Motions to Amend Complaint or Otherwise Pursue Pending Claims. *See* ECF No. 6083. To ease the burden on this Court, simplify review, and avoid repetition, arguments contained in that filing will be addressed in response to that filing. Additionally, IRICO has joined in seeking intervention. IRICO's joinder is overbroad, non-specific, and otherwise improper.

Second, IRICO argues that former Plaintiffs and Putative Class Representatives Anthony Gianasca and Barbara Caldwell (together "Giansaca" or "Plaintiffs") failed to meet their burden to demonstrate that leave to amend is proper as to IRICO. More specifically, IRICO's two main arguments are that: (1) Plaintiffs made no attempt to explain their undue delay in attempting to amend purported claims against IRICO; and (2) there is strong prejudice to the court, IRICO, and the Direct Purchaser Plaintiffs ("DPPs") and 22-state Indirect Purchaser Plaintiffs ("IPPs") because movants cannot simply "join in the trial schedule" or pretrial proceedings in progress against IRICO—ignoring that neither the DPPs or the IPPs have joined them or so objected and that this Court previously found that the Massachusetts absent class members were inadequately represented.

Finally, IRICO claims that Movants' request to amend the complaints in which they were previously named as putative class representatives for Massachusetts IPP's *nunc pro tunc* to resume their abandoned claims is unintelligible.

Not only do all of these arguments fail on the merits, but Plaintiffs also underscore to this Court the reality that this Motion to Amend represents Plaintiffs' last chance to have their claims actually adjudicated and to receive compensation after being unfairly purged from the class settlement.

**ARGUMENT**

The Supreme Court has held that Courts are to consider the following factors when deciding motions for leave to amend: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In analyzing the *Foman* factors, the Court should generally make "all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc*., 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

**I. Undue Delay**

IRICO's primary argument that Plaintiffs unduly delayed seeking relief is supported by the conclusion that Plaintiffs failed to act to reinstate their claims in any meaningful way over the last ten (10) years. As this Court is fully aware, this argument runs counter to reality and is patently untrue. In addition to the previously mentioned finding of inadequate representation and the related appointment of new counsel, Plaintiffs submitted extensive briefings to this Court, the Ninth Circuit Appeals Court, and most recently the Supreme Court of the United States. The docket is replete with indicia of Plaintiffs' extensive efforts to reinstate their claims.

Thus, facts that are objectively measured establish that Plaintiffs did in fact continuously litigate their claims and could not possibly have asserted them any earlier. The relevant timeline is: On November 8, 2018, the Court issued its Order that recognized the value of the Massachusetts Plaintiffs' claims and recognized that Lead Counsel (Attorney Mario Alioto) had a conflict of interest after unceremoniously dropping the Massachusetts Plaintiffs and settling the claims without them. *See* ECF No. 5362. Subsequently, on July 3, 2019, the Court recognized the ORS Plaintiffs (which include the Plaintiffs) and appointed three co-lead counsel for the ORS plaintiffs. *See* ECF No. 5518. The ORS Plaintiffs then promptly moved to intervene and amend the complaint (ECF No. 5567), and the Court denied their motion on October 17, 2019. *See* ECF No. 5628. After the ORS Plaintiffs motion for reconsideration was denied, they filed a Notice of Appeal with the

Ninth Circuit Court of Appeals. *See* ECF No. 5573. Ultimately, the Ninth Circuit affirmed the District Court Order, and a Writ of Certiorari was filed in the Supreme Court of the United States. The Supreme Court denied the Writ of Certiorari on June 13, 2021. Plaintiffs next filed their Motion to Amend Complaint. *See* ECF No. 6072. IRICO cannot, and has not, raised a statute of limitations defense. Likewise, IRICO does not, because it cannot, argue bad faith and futility of amendment.

## II.     Strong Prejudice

IRICO's "strong prejudice" argument likewise falls flat. In the first place, neither the Direct Purchaser Plaintiffs ("DPPs") or Indirect Purchaser Plaintiffs ("IPPs") have joined with IRICO and claimed prejudice. Rather, their silence and conscious decision not to join is their final word on the subject. Second, IRICO fails to put forth reasonable detail supporting this specious and conclusory argument. No discovery issues unique to the Plaintiffs was raised by IRICO to support this point, because in the context of this litigation, IRICO could not come up with any.

More to the point, to the extent that IRICO chooses to reject Plaintiffs' invitation to join in and use the discovery already taken to support their claims, they stand ready to immediately initiate discovery and litigate their claims. There is no bar to allowing them to amend their complaint and carry out (identical) discovery that has already taken place because there is no statute of limitations barring their claims. No Defendant, including IRICO, has disputed they were already properly joined and a part of MDL 1917 by the JPMDL—because they cannot put forth a good-faith argument in that regard.

Finally, the undue prejudice would entirely fall on the Plaintiffs if their motion is denied because this motion presents Plaintiffs' last hope of even having their claims actually adjudicated and having a chance to receive any compensation for their injuries, compensation which their fellow (former) class members received in the settlement, but from which Plaintiffs were deprived of when they were unfairly and peremptorily excluded from the settlement class.

## III. Inability to Comprehend the Relief Sought

Perhaps the most curious portion of the opposition to Plaintiffs' Motion to Amend is their feigned inability to comprehend the relief that Plaintiffs seek. In sum, Plaintiffs seek to have their claims revived and to litigate their causes of action against IRICO in an identical manner as the 22-state Indirect Purchaser Plaintiffs (and in many aspects an identical manner as the Direct Purchaser Plaintiffs) with the same end goal—an economic recovery. Plaintiffs are allowed to, and did, make the alternative request to achieve this overarching result. Indeed, Plaintiffs went so far as to include a prayer requesting this Court to exercise its discretion in fashioning its own order if it did not find Plaintiffs' alternatives fit within its preferred approach.

## IV. Supporting Legal Authority

The law is clear. A Court shall grant leave to amend "when justice so requires." F.R.C.P. R. 15. The Court must be guided by Rule 15's underlying purpose: to facilitate decision on the merits, rather than on the pleadings or technicalities. See *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991). Thus, requests for leave to amend should be granted with "extreme liberality." *Brown v. Stored Value Cards, Inc*., 953 F.3d 567, 574 (9th Cir. 2020). *Molly Brown v. Natures Path Foods, Inc*., No. 21-CV-05132-HSG, 2022 WL 3357669 (N.D. Cal. Aug. 15, 2022).

Absent prejudice, or a strong showing of any of the remaining *Foman* factors (of undue delay, bad faith, and futility of amendment), there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Determining the propriety of a motion to amend "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc*., 170 F.3d at 880. Where "the operative facts remain the same" with the addition of a new claim, "[b]ald assertions of prejudice cannot overcome the strong policy reflected in Rule 15(a) to 'facilitate a proper disposition on the merits.'" *Hurn v. Ret.*

*Fund Trust of Plumbing, Heating & Piping Indus. of S. Cal*., 648 F.2d 1252, 1254 (9th Cir. 1981) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

Moreover, under Rule 15, "[t]hese factors are not equally weighted." *Cruz v. Tarantino Wholesale Foods*, No. 16-cv-0593-JAH (BLM), 2016 U.S. Dist. LEXIS 197177, at *3 (S.D. Cal. Aug. 10, 2016). "The single most important factor is whether the non-moving party would be unduly prejudiced if amendment is permitted." *Id*., at *4 (citing *William Inglis v. ITT Continental*, 668 F.2d 1014, 1053 n. 68 (9th Cir. 1981).

Finally, it is well established in the Ninth Circuit that undue delay alone cannot justify denial of leave to amend. *Tracht Gut, LLC v. L.A. County. Treasurer & Tax Collector*, 836 F.3d 1146, 1155 n.4 (9th Cir. 2016) ("undue delay alone cannot serve as the basis for the denial of leave to amend"); *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend").

**Conclusion**

The Plaintiffs have not unduly delayed. As noted, they have methodically and persistently sought the same relief they were entitled to at the time they were excluded from the litigation. *See* ECF No. 5362; 5518. The IRICO defendants have not been prejudiced. Rather, the fair administration of justice and all related legal authority requires that the Court grant the Plaintiffs' Motion. and the Plaintiffs respectfully request that the Court do so.

Dated: October 14, 2022

Respectfully submitted,

/s/ *Robert J. Bonsignore*
Robert J. Bonsignore (Admitted *pro hac vice*
Massachusetts BBO # 547880)
Melanie Porter (CA Bar No. 253500)
BONSIGNORE TRIAL LAWYERS, PLLC
23 Forest Street
Medford, Massachusetts 02155
Tel: (781) 350-0000
Cell (781)856-7650
Fax: (702) 983-8673
rbonsignore@classactions.us
Melanie@classactions.us

Joseph M. Alioto
Tatiana Wallace
ALIOTO LAW FIRM
One Sansone Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Email: jmalioto@aliotolaw.com
***Counsel for the Massachusetts Only Indirect Purchaser Plaintiffs Gianasca and Caldwell***

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing REPLY IN SUPPORT OF MOTION TO AMEND COMPLAINT was filed *via* CM/ECF on October 14, 2022 and as a result has been served on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Robert J. Bonsignore