Robert J. Bonsignore (Admitted *pro hac vice* Massachusetts BBO # 547880)
Melanie Porter (CA Bar No. 253500)
BONSIGNORE TRIAL LAWYERS, PLLC
23 Forest Street
Medford, MA  02155
Cell Phone: (781) 856-7650
Facsimile: (702) 852-5726
rbonsignore@classactions.us
melanie@classactions.us

Joseph M. Alioto (SBN 42680)
Tatiana V. Wallace
ALIOTO LAW FIRM
One Sansone Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Email: jmalioto@aliotolaw.com

*Counsel for Massachusetts Only Indirect Purchaser Plaintiffs Gianasca and Caldwell*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:08-cv-1559<br>Related MDL No. 1917 |
| This Document Relates to<br><br>All Indirect Purchaser Actions | **RESPONSE TO REQUEST TO INTERVENE (SAMSUNG)**<br><br>Hearing Date: January 19, 2023<br>Time:            2:00 pm<br>Courtroom:  Via videoconference<br>Judge:          Hon. Jon S. Tigar |

**CONTENTS**

PRELIMINARY STATEMENT……………………………………………………...………....1

PROCEDURAL HISTORY………………………………………………………………………1

ARGUMENT……………………………………………………………………….…………….2

    I. The *Terry* Action and Rule 60………………………………………………………………2

    II. Plaintiffs Do Not Abandon Massachusetts Law From the *Terry* Action……………………..3

    III. Caldwell Does Not Abandon Massachusetts Law From the First and Second Post-Consolidation Complaints………………………………………………………………………3

    IV. Plaintiffs' Prior Motions to Intervene to Assert State-Law Claims on Behalf of IPPS in Massachusetts…………………………………………………………………………….…..4

    V. Critically, The *Terry* Complaint Can Be Amended Because It Is Still Pending………………………………………………………………………………….……...6

    VI. Supporting Legal Authority……………………………………………………………….…7

    VII. Conclusion………………………………………………………………………..............9

## **TABLE OF AUTHORITIES**

*Bowles v. Reade,* 198 F.3d 752 (9th Cir. 1999)……………………………………………......8

*Brown v. Stored Value Cards, Inc.,* 953 F.3d 567 (9th Cir. 2020)……………………………......7

*Conley v. Gibson,* 355 U.S. 41 (1957)………………………………………………………………7

*Cruz v. Tarantino Wholesale Foods* No. 16-cv-0593-JAH (BLM), 2016 U.S. Dist. LEXIS 197177 (S.D. Cal. Aug. 10 2016)……………………………………………..…………………….....8

*DCD Programs, Ltd. v. Leighton* 833 F.2d 183 (9th Cir. 1987)…..…………………………………8

*Emminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048 (9st Cir. 2003)……………………......7

*Foman v. Davis,* 371 U.S. 178 (1962)…………………………………………………………7, 8

*Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877 (9th Cir. 1999)……………………………….....7, 8

*Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus. of S. Cal.,* 648 F.2d 1252 (9st Cir. 1981)……………………………………………………………………………………..7

*Molly Brown v. Natures Path Food, Inc.,* No. 21-CV-05132, 2022 WL 3357669 (N.D. Cal. Aug. 15, 2022)…………………………………………………………………………..7

*Noland v. Flohr Metal Fabricators, Inc.,* 104 F.R.D. 83 (D. Alaska 1984)……...…………………7

*Roth v. Garcia Marquez,* 942 F.2nd 617 (9st Cir. 1991)……………………………………….....7

*Tracht Gut, LLC v. L.A. County Treasurer & Tax Collector,* 836 F.3d 1146 (9th Cir. 2016)………8

*William Inglis v. ITT Continental,* 668 F.2d 1014 (9th Cir. 1981).......................................................8


F.R.C.P.  R. 15…………………………………………………………………………………….7

F.R.C.P. R. 60……………………………………………………………………………………….6

## PRELIMINARY STATEMENT

Putative Intervenors ("Samsung") seek to intervene for the limited purpose of opposing former Massachusetts Indirect Purchaser ("IPP") Plaintiffs and Putative Class Representatives Anthony Gianasca and Barbara Caldwell's (together "Giansaca" or "Plaintiffs") Motion to Amend or Otherwise Pursue Pending Claims ("Motion to Amend"). Plaintiffs oppose Samsung's Motion to Intervene on the basis they are gratuitous interveners.

In addition, Samsung goes far beyond the content required to support their request to intervene. Because this is not the appropriate setting to address the broad range of issues raised, Plaintiffs will provide only a cursory response to that extraneous content.

Samsung, like other defendants, has mischaracterized the language in Plaintiffs' Motion to Amend to fit their argument. Plaintiffs seek to amend the complaint filed in *Terry et al. v. LG Electronics, Inc., et al.*, Case No. 4:08-cv-1559-JST. *See* ECF No. 6072-2 (Class Action Complaint filed in *Terry*). The *Terry* action was formally coordinated into MDL No. 1917 ("MDL") along with dozens of other actions that were either filed in this District or transferred here for pretrial proceedings pursuant to 28 U.S.C. Section 1407. *See* ECF No. 6072-2. There has been no final judgment in this matter *that cannot be set aside by this court pursuant to Rule 60 (b)*.

Plaintiffs seek amendment to conform a properly filed complaint filed in this District and formally ordered and joined into MDL 1917 by the Judicial Panel on Multidistrict Litigation to its present procedural status and of the case, and the state of the evidence. This is certainly the last opportunity for absent Massachusetts consumers who stand alone in having the Repealer state claims that they have had been pending and in this Court since MDL 1917 Lead Counsel Alioto filed his first complaint back in 2008.

## PROCEDURAL HISTORY

It is not in dispute that Gianasca and Caldwell both served as Putative Class Representatives for Massachusetts prior to being dropped from the litigation. Their claims are

distinguished from the Repealer states that were the subject of this Court's prior orders on Co-Lead Counsel's motion to intervene.

On November 8, 2018, the Court issued an Order that recognized that Lead Counsel Mario Alioto had a conflict of interest after excluding the Massachusetts Plaintiffs and settling the claims without them. *See* ECF No. 5362 at 1-2. On July 3, 2019, the Court recognized the ORS Plaintiffs (which include the Massachusetts Plaintiffs) and appointed three co-lead counsel for the ORS Plaintiffs. *See* ECF No. 5518. The ORS Plaintiffs promptly moved to intervene and amend the complaint (ECF No. 5567), and the Court denied their motion on October 17, 2019. After the ORS Plaintiffs' motion for reconsideration was denied, they filed a Notice of Appeal with the Ninth Circuit Court of Appeals. *See* ECF No. 5573. Ultimately, the Ninth Circuit affirmed the District Court Order, and a Writ of Certiorari was filed in the Supreme Court of the United States. The Supreme Court denied the Writ of Certiorari on June 13, 2021. Plaintiffs then filed their Motion to Amend Complaint. *See* ECF No. 6072.

## ARGUMENT

### I.      The *Terry* Action and Rule 60

This court has the power, and has done so in the past, to construe motions in the form it believes appropriate, including construing Plaintiff's motion to amend as a Rule 60(b) request. Since the Defendants raised the issue, they can raise no claim of surprise. Samsung seeks to intervene by positioning itself as former defendants in the above-captioned proceeding from which they were dismissed with prejudice in a July 2020 Final Judgment, further claiming that Plaintiffs are attempting to re-open litigation against defendants that have been out of the case since July 2020. Both procedurally and factually, this is not true. The final judgement against the Settling Defendants[1] was not entered until July 2022. *See* ECF 5804. Plaintiffs' Motion to Amend makes

---

[1] Settling Defendants include Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson, and Technologies Displays Americas LLC.

it clear that Plaintiffs seek to amend their class action complaint *nunc pro tunc* ("from the beginning").

## II. Plaintiffs Do Not Abandon Massachusetts Law From the *Terry* Action

Samsung next wrongly claims that the Massachusetts law claim has been abandoned regarding Gianasca because the Court transferred the *Terry* action into this MDL proceeding. *See* Mot. at 7; ECF No. 253. The Court then appointed Mario Alioto as Interim lead counsel for Indirect Purchaser Plaintiffs ("IPPs"). *See* ECF No. 282. In March 2009, lead counsel Alioto filed a Consolidated Amended Complaint that did not name Gianasca. *See* ECF No. 437. However, this was not Gianasca's decision and the fact is that he *did* wish to serve as a named plaintiff, and disputed Lead Counsel Alito's statement with evidence of purchase and an executed declaration is a part of the MDL 1917 docket that was left out of Samsung's conclusory summary (emphasis added).

It is also on the record that Attorney Bonsignore did not sign the Consolidated Amended Complaint in March 2009, only that his name appeared. More importantly, even Mr. Bonsignore's signature would not be evidence of Attorney Bonsignore or Gianasca acquiescing because only Lead counsel Alioto had the power to name or to drop Gianasca from the complaint. Attorney Bonsignore had no say in the matter.

## III. Caldwell Does Not Abandon Massachusetts Law From the First and Second Post-Consolidation Complaints

There is no dispute that Lead Counsel Alioto added Plaintiff Caldwell to the Consolidated Amended Complaint in March 2009. Samsung's continuing theory that Gianasca and Caldwell somehow abandoned Massachusetts law is vigorously disputed. Samsung's position that Caldwell should be unable to amend her prior complaint because her statutory claim was previously dismissed with leave to amend is likewise unsupportable in fact. *See* ECF Nos. 597; 665. In the first place, the 2010 order dismissing the Massachusetts claims was reversed by this Court. *See*

ECF No. 5362. Secondly, the same argument about Lead Counsel Alioto singularly possessing the power to add or drop class representatives and claims equally applies here.

Decisively, decisions by the Massachusetts Supreme Judicial Court ("SJC") after Caldwell was dismissed establish there is no thirty-day pre-filing notice required for out of state defendants, including every defendant in MDL 1917. Specifically, in December 2016, the SJC concluded that a consumer is not required to send a thirty-day pre-suit letter in order to maintain a claim if a defendant is based out of state. See *Moronta v. Nationstar Mortgage, LLC*, 476 Mass. 1013 (2016).

### IV.    Plaintiffs' Prior Motions to Intervene to Assert State-Law Claims on Behalf of IPPs in Massachusetts

Samsung next argues Plaintiffs were not able to amend the IPP Fifth Consolidated Amended Complaint because it was "someone else's complaint." *See* ECF No. 5628 at 3. This is not at issue in Plaintiffs' present Motion to Amend, as Plaintiffs seek to amend the *Terry* complaint.

By way of background, this Court ordered that "[m]ovants may file their claims in the appropriate forum(s) and seek transfer from the JPML or, if properly filed in the Northern District of California, 'request assignment of [their] actions to the Section 1407 transferee judge in accordance with applicable local rules.'" ECF No. 5684 at 6 (quoting J.P.M.L. R. 7.2(a)).

That Gianasca did not argue that intervention was unnecessary because he was already a plaintiff in the still-pending *Terry* action is irrelevant to the instant request to amend. He sought an alternative remedy as a result of a majority vote of the three lead counsels appointed by this court to represent the interests of the so called omitted Repealer states. *See* ECF No. 5518. Gianasca joined in the motion to intervene for purposes of amending IPP's complaint which, as noted above, was not granted by the Court. The bottom line is that:

1. Plaintiffs did not seek to amend the *Terry* complaint at that time;
2. This is the first time Plaintiffs are seeking to amend the Terry complaint and thus there is no law of the case bar; and

3. If there was a final judgment, that did not occur until the Supreme Court denied Cert on June 13, 2022, and it was entered on the MDL 1917 docket. Therefore, since the final judgement is less than one year old, Rule 60(b) may be pursued as the final judgement is less than one year old.
4. Beyond this, there is no unfair surprise because it was the Defendants who raised the issue of the availability of Rule 60(b) relief.

It was not Gianasca's decision to choose the strategy of seeking to amend the IPP's complaint. That was the decision of co-lead counsel appointed to represent all the omitted repealer states. At present, Gianasca again stands alone and should be able to pursue all avenues available to him under the law and the law of this case that which is found in ECF No. 5684, not in his earlier failing amendment of the *Terry* complaint. Amending Gianasca and Caldwell's *Terry* complaint *nunc pro tunc* is certainly within the discretion of the Court as it falls within its equitable powers and the language provided within its prior order.

Samsung argues that Plaintiffs joined a Motion for Reconsideration where they noted that the *Terry* complaint "could be amended." *See* ECF No. 5688. Here, Defendants cannot have it both ways. Although this Motion was eventually denied, and Plaintiffs did not specifically request to amend the *Terry* complaint within the Motion, this Court's order made no reference to any motions that the Plaintiffs would be able to amend. *See* ECF No. 5708. Reconsideration is not at issue. Plaintiffs have exhausted other avenues of relief, some of which they had no choice but to join in on after lead counsel Alioto included them. There is no statute of limitations issue. Objective facts establish that Gianasca continuously litigated his claims and could not have asserted them any earlier as the strategic decisions were made by his lawyers in the context of a unique, highly unusual, and complex MDL.

### V.  Critically, The *Terry* Complaint Can Be Amended Because It Is Still Pending

Samsung argues that Plaintiffs are not able to amend any complaint, including *Terry,* because there are no remaining actions into which they could intervene. But, Rule 60(b) provides a remedy for that defense.

Gianasca has made clear why he was unable to pursue the avenue of amending the *Terry* complaint at any time previous to this, and has further shown that now that all of those routes have been exhausted, they are able to amend the *Terry* complaint – and that they should be allowed to.

Plaintiffs dispute Samsung's interpretation that they acknowledged that any action within *Terry* was no longer pending when providing notice that they intended to initiate Massachusetts-law claims. In a nutshell, Plaintiffs maintain that they are, and remain, properly filed in the Northern District of California, the time to pursue relief under Rule 60(b) has clearly not expired, that the law of the case supports allowing the requested relief, and that no law of the case bars the requested relief. Thus, Plaintiffs are able to request assignment of the actions to the transferee judge in accordance with applicable local rules. *See* ECF No. 5684. Plaintiffs seek to reactivate *nunc pro tunc*.

Providing further context, Plaintiffs' request does not add any new or different claims. The damage and equitable claims asserted, as well as the conduct, transactions, and occurrences alleged, now limited only to Massachusetts, are identical to the allegations prosecuted and settled for an economic recovery by the other Repealer plaintiffs in the settlement agreement for 22 states. *See* ECF No. 5876. Allowance of the request is just because the absent Massachusetts class members were unjustly deprived of a recovery as a result of being represented by a lead counsel who this court found had a conflict and being excluded from multiple settlements without being given the chance to litigate their claims.  Indeed, Plaintiffs have never had their claims adjudicated in any way. *See* ECF No. 5362.

On the other hand, the Defendants will not be prejudiced. Rather, they are well prepared to defend the claims of the Massachusetts Plaintiffs because they have litigated essentially identical claims against the 22 states that were included in the settlements.

In light of the fact the Massachusetts absent class members were procedurally, not substantively, prevented from exercising their rights and litigating their claims, Plaintiffs should be allowed to move forward with his amendment of the complaint filed in *Terry*.

### VI.   Supporting Legal Authority

Federal Rule of Civil Procedure (F.R.C.P.) 60 may well apply in this matter because Plaintiffs seek to amend the *Terry* complaint. If Rule 60 were to apply, Plaintiffs' Motion to Amend may be treated as a request for relief under Rule 60. *See Noland v. Flohr Metal Fabricators, Inc.,* 104 F.R.D. 83, 86 (D. Alaska 1984). ("Where the adverse party is not prejudiced, the initiating paper may be treated as a Rule 60(b) motion.) In *Noland*, the court accepted an Amended Notice of Dismissal as a Rule 60 motion where the notice identified the error, clarified the relief requested and the defendant was not prejudiced. *Id.* at 87. Here, should the Court determine that Rule 60 applies, Plaintiffs' Motion to Amend Complaint adequately addresses all the Rule 60 factors and thus the Motion may be treated as a Rule 60 motion.

Federal Rule of Civil Procedure (F.R.C.P.) 15 directly applies to amending a pleading. As noted in Plaintiffs' Motion to Amend, a Court shall grant leave to amend "when justice so requires." F.R.C.P. 15. The Court must be guided by Rule 15's underlying purpose: to facilitate decision on the merits, rather than on the pleadings or technicalities. See *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991). Thus, requests for leave to amend should be granted with "extreme liberality." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020). *Molly Brown v. Natures Path Foods, Inc.*, No. 21-CV-05132-HSG, 2022 WL 3357669 (N.D. Cal. Aug. 15, 2022).

Absent prejudice, or a strong showing of any of the remaining *Foman* factors [of undue delay, bad faith, and futility of amendment], there exists a presumption under Rule 15(a) in favor

of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Determining the propriety of a motion to amend "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Where "the operative facts remain the same" with the addition of a new claim, "[b]ald assertions of prejudice cannot overcome the strong policy reflected in Rule 15(a) to 'facilitate a proper disposition on the merits.'" *Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

The United States Supreme Court has held that Courts are to consider the following factors when deciding motions for leave to amend: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In analyzing the *Foman* factors, the Court should generally make "all inferences in favor of granting the motion." *Griggs,* 170 at 880 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

Moreover, under Rule 15, "[t]hese factors are not equally weighted." *Cruz v. Tarantino Wholesale Foods*, No. 16-cv-0593-JAH (BLM), 2016 U.S. Dist. LEXIS 197177, at *3 (S.D. Cal. Aug. 10, 2016). "The single most important factor is whether the non-moving party would be unduly prejudiced if amendment is permitted." Id., at *4 (citing *William Inglis v. ITT Continental*, 668 F.2d 1014, 1053 n. 68 (9th Cir. 1981). It is well established in the Ninth Circuit that undue delay alone cannot justify denial of leave to amend. *Tracht Gut, LLC v. L.A. County. Treasurer & Tax Collector*, 836 F.3d 1146, 1155 n.4 (9th Cir. 2016) ("undue delay alone cannot serve as the basis for the denial of leave to amend"); *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend").

Finally, looking to Rule 60(b) standards, Rule 60(b)(6) provides that relief from judgment can be granted for "any other reason that justifies relief." Here, there is ample reason that relief is justified in the form of granting Plaintiffs' Motion to Amend the *Terry* complaint. First, Plaintiffs

were excluded from a settlement in which most of the other members of the class will receive very healthy compensation. Next, by virtue of their exclusion from the settlement, Plaintiffs have never had an opportunity to even have their claims adjudicated, much less receive comparable compensation to the fellow class members. Finally, the motion to amend constitutes Plaintiffs' last opportunity to have their claims adjudicated and to have some chance to receive compensation, as did their fellow class members.

## VII.   Conclusion

The proposed Amended Complaint conforms to the unique and unprecedented circumstances of this litigation. It is also just. It is neither just nor fair that Massachusetts class members were summarily dropped from the settlement and rendered ineligible for any economic recovery. Allowance of the requested amendment will give these putative class members a chance at parity with the recovering putative class members and at least place the Massachusetts putative class members back into their original position—meaning they will be eligible to prosecute their statutory economic relief claims. The fact their claims are worthy and meritorious is evidenced both by the $580,750,000 settlement (*see* ECF No. 6059), the prior $576,000,000 settlement (*see* ECF No. 4712), and the fact that funds were carved out of the original settlement once Massachusetts was excused from the settlement agreement. *See* ECF No. 5786. This motion presents their final opportunity to have their claims fairly adjudicated and to realize the proven worth of their claims.

The Massachusetts Plaintiffs have not unduly delayed. Rather, methodically and persistently, they have sought the same relief they were entitled to at the time they were dropped from the litigation. *See* ECF Nos. 5362, 5518. Justice requires that the Court grant the Massachusetts Plaintiffs' Motion to Amend the *Terry* Complaint and the Massachusetts Plaintiffs respectfully request that the Court do so.

Dated:  October 14th, 2022                                  Respectfully submitted,

/s/ *Robert J. Bonsignore*
Robert J. Bonsignore (Admitted *pro hac vice*
Massachusetts BBO # 547880)
Melanie Porter (CA Bar No. 253500)
BONSIGNORE TRIAL LAWYERS, PLLC
23 Forest Street
Medford, Massachusetts 02155
Tel: (781) 350-0000
Cell (781)856-7650
Fax: (702) 983-8673
rbonsignore@classactions.us
Melanie@classactions.us


Joseph M. Alioto
Tatiana Wallace
ALIOTO LAW FIRM
One Sansone Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Email: jmalioto@aliotolaw.com
***Counsel for the Massachusetts Only Indirect Purchaser Plaintiffs Gianasca and Caldwell***

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Response to Request to Intervene was filed *via* CM/ECF on October 14th, 2022 and as a result has been served on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Robert J. Bonsignore