ALLEN & OVERY LLP
Andrew Rhys Davies (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399
Email: andrewrhys.davies@allenovery.com

*Attorneys for Intervenors-Proposed Defendants*
*Samsung SDI Co., Ltd.; Samsung SDI America, Inc.;*
*Samsung SDI Mexico S.A. De C.V.; Samsung SDI*
*Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.;*
*Tianjin Samsung SDI Co., Ltd.; and Samsung*
*SDI (Malaysia) Sdn. Bhd.*

[Additional Responding Parties and Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.: 07-cv-05944 JST<br><br>MDL No. 1917 |
| This document relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **REPLY IN FURTHER SUPPORT OF MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF RESPONDING TO MOTION TO AMEND COMPLAINT OR OTHERWISE PURSUE PENDING CLAIMS (ECF No. 6072)**<br><br>Date:        January 12, 2023<br>Time:        2:00 p.m.<br>Judge:       Hon. Jon S. Tigar<br>Courtroom:   6, 2nd Floor |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PRELIMINARY STATEMENT

Intervenors-Proposed Defendants seek to intervene for the limited purpose of opposing Gianasca and Caldwell's renewed attempt to assert long-abandoned Massachusetts law claims by amending the *Terry* Complaint. Gianasca and Caldwell's opposition demonstrates that intervention is necessary so that the Court can adjudicate Gianasca and Caldwell's Motion to Amend with the benefit of arguments from those whose interests are at stake.

Gianasca and Caldwell concede that the Court cannot grant the Motion to Amend unless it first reopens the July 2020 final judgment. But their claim that they satisfy the demanding standard for relief from a final judgment does not withstand scrutiny. The Court should grant limited-purpose intervention to allow Intervenors-Proposed Defendants to demonstrate that the Motion to Amend should be denied because (a) there is no basis to reopen the July 2020 final judgment, and (b) the Court of Appeals has already rejected Gianasca and Caldwell's argument that the *Terry* action is still pending such that they may pursue their long-abandoned claims by amending the *Terry* Complaint.

Gianasca and Caldwell offer pleas of unfairness, together with complaints about the strategic litigation decisions their own lawyers made years ago. But this falls far short of satisfying the demanding standard for relief from a final judgment, and does not in any event justify relief that is barred by the law of the case doctrine and the rule of mandate. Limited-purpose intervention should be granted to permit Intervenors-Proposed Defendants to demonstrate to the Court that the Motion to Amend should be denied.

## ARGUMENT

### GIANASCA AND CALDWELL'S OPPOSITION CONFIRMS THAT INTERVENTION SHOULD BE GRANTED TO ALLOW INTERVENORS-PROPOSED DEFENDANTS TO OPPOSE THE RE-LITIGATION OF ISSUES THAT HAVE ALREADY BEEN RESOLVED

Intervenors-Proposed Defendants have shown that they are entitled to limited-purpose intervention under Rule 24(a) of the Federal Rules of Civil Procedure. ECF No. 6084

("Intervention Mem.") at 8–11.[1] Intervenors-Proposed Defendants have a significant interest in opposing the reopening of this Court's July 2020 final judgment—relief that Gianasca and Caldwell seek in an effort to re-litigate their previously unsuccessful attempt to assert long-abandoned Massachusetts law claims by amending the *Terry* Complaint. *Id.* at 8–9; *see also* ECF No. 6084-1 ("Proposed Amendment Opp.") at 8–14.[2] Intervenors-Proposed Defendants' motion to intervene was timely filed within the period for opposing the Motion to Amend. Intervention Mem. at 10–11. And no existing party adequately represents Intervenors-Proposed Defendants' interests, Intervention Mem. at 9–10, as the other responses to the Motion to Amend illustrate. *See* ECF Nos. 6082 (LGE), 6083 (Irico), 6085 (IPPs), 6092 (LGE), 6092-1 (same). For similar reasons, Intervenors-Proposed Defendants should also be granted permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure. Intervention Mem. at 11–12.

As Intervenors-Proposed Defendants have demonstrated, Gianasca and Caldwell's Motion to Amend the *Terry* Complaint should be denied because they have shown no reason to reopen this Court's July 2020 final judgment—Rule 60(b) relief being a prerequisite to leave to amend in the post-judgment context of this proceeding. Intervention Mem. at 10; Proposed Amendment Opp. at 8–10. The Motion to Amend is also barred by the law of the case doctrine and rule of mandate. Proposed Amendment Opp. at 11–13. In February 2020, during the prior intervention-and-amendment-related motion practice, Gianasca and Caldwell told this Court that they "could" amend the *Terry* Complaint. Intervention Mem. at 5. Further, on appeal, they argued that this Court should have let them intervene and amend because the *Terry* action was still pending. Intervention Mem. at 6. Intervenors-Proposed Defendants rebutted this claim and demonstrated that the IPP consolidated amended complaints, which were litigated throughout the MDL as the operative pleadings, fully superseded the *Terry* Complaint and the various other pre-

---

[1] Unless otherwise stated, capitalized terms have the meanings assigned to them in ECF No. 6084.

[2] Gianasca and Caldwell represent that they are no longer seeking to amend the pending IPP Fifth Consolidated Amended Complaint, ECF No. 5589. *See* Response to Request to Intervene (Samsung), ECF No. 6095 ("Intervention Opp." or "Intervention Opposition") at 4.

MDL IPP complaints. *Id.* at 6; *see also Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 489–90 (7th Cir. 2020) (holding that plaintiffs "give up the separate identities of [their] original suits transferred to the MDL litigation" where they treat a consolidated amended complaint as operative, which "prevent[s plaintiffs] from springing traps by treating a consolidated complaint as the real complaint in the district court and then denying its importance and effect once a party tries to appeal").

The Court of Appeals rejected Gianasca and Caldwell's argument to the contrary, ruling: "***There is no longer an action against Defendants into which the ORS and NRS appellants can intervene***." *In re Cathode Ray Tube Antitrust Litig.*, No. 20-15697, 2021 WL 4306895, at *2 (9th Cir. Sept. 22, 2021) (emphasis added), *cert. denied sub nom. Ayres v. Indirect Purchaser Plaintiffs*, 142 S. Ct. 2813 (2022)*; see also* Intervention Mem. at 6–7. Gianasca and Caldwell cannot now seek to re-litigate these adverse, final decisions.

Gianasca and Caldwell seek to prevent Intervenors-Proposed Defendants from being heard in opposition to the Motion to Amend, labeling Intervenors-Proposed Defendants "gratuitous interveners [*sic*]." Intervention Opp. at 1. But Gianasca and Caldwell's Intervention Opposition serves only to confirm that intervention is necessary so that this Court has the benefit of briefing from those whose interests are at stake—briefing that demonstrates, by reference to the applicable law and relevant facts, that Gianasca and Caldwell's Motion to Amend should be denied.[3]

Gianasca and Caldwell now seemingly concede—as they must—that they need to secure relief from the July 2020 final judgment before the Court can even consider their Motion to Amend. Intervention Opp. at 1–2, 6–8.[4] But they are wrong that they have demonstrated that

---

[3] Intervenors-Proposed Defendants note that Gianasca and Caldwell did not file a reply in support of their motion to amend by the October 7, 2022 deadline, ECF No. 6072; instead, they chose to file their reply a week later, on October 14, 2022, ECF No. 6095, seemingly conflating the briefing schedules of the Intervenors-Proposed Defendants' motion to intervene and Gianasca and Caldwell's Motion to Amend.

[4] *See Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 665 (9th Cir. 1997) ("It is well-settled that once final judgment has been entered, the district court lacks jurisdiction to decide a motion to amend unless and until the judgment is reopened by the

they are entitled to relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure. *See id.* at 7–9. Without making such a showing, their cases addressing leave to amend under Rule 15, *id.* at 7–8, are inapposite. *See Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017) ("After judgment, then, 'our policy of promoting the finality of judgments' somewhat displaces Rule 15's openhandedness.") (quoting *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996)); *see also* Proposed Amendment Opp. at 8.

Gianasca and Caldwell do not demonstrate the extraordinary circumstances required for Rule 60(b)(6) relief from a final judgment by asserting—without citation to any supporting law—that it is "neither just nor fair" that they received no settlement payment in respect of Massachusetts law claims that were abandoned well over a decade ago with the full knowledge of their counsel. "Rule 60(b) relief should be granted 'sparingly' to avoid 'manifest injustice' and '*only* where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Navajo Nation*, 876 F.3d at 1173 (emphasis in original) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)).[5] No such extraordinary circumstances exist where Plaintiffs admitted years ago that they could have amended the *Terry* Complaint and have since inexcusably delayed to do so.

Gianasca's complaints about "strategic decisions made by his lawyers," Intervention Opp. at 5, are unavailing because Rule 60(b) does not permit a final judgment to be reopened so that a losing party can try a different litigation strategy. *In re Pac. Far E. Lines, Inc.*, 889 F.2d 242, 250 (9th Cir. 1989) ("[W]here parties have made deliberate litigation choices, Rule 60(b)(6) should not provide a second chance.").[6] Moreover, alleged attorney errors are not intended to be

---

granting of a Rule 60 motion.") (citing *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996)); *see also* Proposed Amendment Opp. at 8.

[5]     Gianasca and Caldwell are not assisted by the sole Rule 60(b) case they cite. In *Noland v. Flohr Metal Fabricators, Inc.*, 104 F.R.D. 83 (D. Alaska 1984) (cited in Intervention Opp. at 7), the court granted relief under Rule 60(b) to correct an error in a notice of voluntary dismissal that inadvertently dismissed two defendants instead of one. *See id.* at 88.

[6]     *See also Ackermann v. United States*, 340 U.S. 193, 211–12 (1950) ("There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from.").

remedied through Rule 60(b), as "[s]uch mistakes are more appropriately addressed through malpractice claims." *Latshaw v. Trainer Wortham & Co., Inc*., 452 F.3d 1097, 1101 (9th Cir. 2006).[7] For the same reason, Gianasca and Caldwell are not assisted by the contention that their counsel's preferred litigation strategy was voted down by other lawyers. Intervention Opp. at 4.[8]

Gianasca and Caldwell also do not show that they were unable to take "timely action to prevent or correct an erroneous judgment." *Navajo Nation*, 876 F.3d at 1173. Their putative Rule 60(b)(6) motion challenges lead counsel's decision to voluntarily dismiss Gianasca's claims by omitting him from the March 2009 Consolidated Amended IPP Complaint, and to voluntarily dismiss Caldwell's claims by omitting her from the December 2010 Third Consolidated Amended Complaint. Intervention Mem. at 2–4; Proposed Amendment Opp. at 13–14.[9] Counsel splits hairs with his insistence that he "did not sign" those pleadings. Intervention Opp. at 3. Counsel cannot deny that his signature block appeared on—and that he received service of—four consolidated amended IPP complaints, in March 2009, May 2010, December 2010, and January 2013. ECF No. 437 at 96; ECF No. 716 at 103; ECF No. 827 at 99; ECF No. 1526 at 101.[10] Gianasca was not named in any of them. And neither Caldwell nor any other Massachusetts plaintiff was named since December 2010.

---

[7]   *See also Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) ("As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1).").

[8]   The contention that other lawyers outvoted Gianasca and Caldwell's counsel on strategic issues is also barely credible, given counsel's readiness not to coordinate with those other lawyers, including filing separate appellate briefs and arguing separately after telling the Court of Appeals that relations with those lawyers had broken down. Appellants' Opening Br., *In Re: Cathode Ray Tube* (*CRT*) *Litig*., No. 20-16081 (9th Cir. Sept. 8, 2020), ECF No. 13, at 3 n.1.

[9]   Caldwell insists this Court's July 2019 order "reversed" the dismissal of her individual claim, Intervention Opp. at 3–4, but offers no response to Intervenors-Proposed Defendants' showings that her argument is: (a) barred by the rule of mandate, and (b) inconsistent with the Court's ruling, which was limited to the claims of *absent* putative class members. Proposed Amendment Opp. at 15–16 & n.12.

[10]   *See also* Proposed Amendment Opp. at 3 n.4 (noting that Mr. Bonsignore has appeared as counsel on the master MDL docket since March 2008).

1    Under these circumstances, Gianasca and Caldwell are incorrect that a Rule 60(b) motion

2    would be timely if filed now even if this Court's July 2020 final judgment did not become final

3    until the United States Supreme Court denied certiorari in June 2022, *see* ECF No. 6023.

4    Intervention Opp. at 2, 5. Gianasca and Caldwell identify nothing that has happened since the

5    July 2020 final judgment (or, indeed, in the decade before it) that would justify relief from that

6    judgment. Proposed Amendment Opp. at 9–10. Moreover, pending appeals do not impair the

7    finality of a judgment as a general matter, *see, e.g., Tripati v. Henman*, 857 F.2d 1366, 1367 (9th

8    Cir. 1988) (final judgment has collateral estoppel effect while on appeal), and they do not

9    abrogate the requirement to timely seek relief under Rule 60(b). *Nevitt v. United States*, 886 F.2d

10   1187, 1188 (9th Cir. 1989) ("Although we have not expressly held that pendency of an appeal

11   does not toll the one year period, we do so now.").

12   Although they are wrong on the law, Gianasca and Caldwell's argument concerning their

13   perceived inability to file their Motion to Amend while the intervention-related appeals were

14   pending vividly illustrates why any Rule 60(b)(6) motion and their Motion to Amend should be

15   denied. As a *practical* matter, it is surely true that, while those appeals were pending, Gianasca

16   and Caldwell could hardly have secured Rule 60(b)(6) relief in order to assert their claims by

17   amending the *Terry* Complaint. At the heart of their appeal was an argument that the Court of

18   Appeals should reverse the denial of intervention and leave to amend because this Court had

19   erroneously "ignored" that the *Terry* action was still pending. Appellants' Opening Br., *In Re:*

20   *Cathode Ray Tube* (*CRT*) *Litig*., No. 20-16081 (9th Cir. Sept. 8, 2020), ECF No. 13, at 29; *see*

21   *also id.* at 2, 4–6, 13, 16, 20–21, 24, 30; *see* Intervention Mem. at 6.

22   The Court of Appeals, however, rejected Gianasca and Caldwell's argument—affirming

23   the July 2020 final judgment and dismissing the intervention-related appeals on the ground that

24   "[*t*]***here is no longer an action against Defendants into which the ORS and NRS appellants***

25   ***can intervene***." *In re Cathode Ray Tube Antitrust Litig*., 2021 WL 4306895, at \*2 (emphasis

26   added). Thus, the Court of Appeals' decision specifically severs the thread on which Gianasca

27   and Caldwell's motion now hangs, *i.e.*, that the *Terry* action remains pending and that Gianasca

28

REPLY IN FURTHER SUPPORT OF MOTION TO INTERVENE FOR THE          CASE NO.: 4:07-CV-05944-JST
LIMITED PURPOSE OF RESPONDING TO MOTION TO AMEND COMPLAINT

and Caldwell can pursue their claims through that action. Under these circumstances, the law of the case doctrine and rule of mandate bar the relief that Gianasca and Caldwell seek. Proposed Amendment Opp. at 11–12. Moreover, as Intervenors-Proposed Defendants have shown, Rule 60(b) relief is especially rare when—as here—the final judgment has been affirmed on appeal, and it is not available to re-litigate arguments the Court of Appeals rejected. Proposed Amendment Opp. at 9; *see also Luttrell v. United States*, 644 F.2d 1274, 1277 (9th Cir. 1980) (affirming denial of Rule 60(b) motion that sought to "relitigate the same claims presented" in "prior appeals" where no "extraordinary bases" were present, such as fraud on the court).

Gianasca and Caldwell have also not refuted that their requested relief is futile because they failed to plead that they have served the required pre-suit demand under Massachusetts law. Instead, Gianasca and Caldwell referenced a 2016 decision of the Supreme Judicial Court of Massachusetts that they contend excuses them from serving a pre-suit notice in respect of claims under the Massachusetts Consumer Protection Act. Intervention Opp. at 4. They do not explain how a Rule 60(b) motion could be timely when brought nearly *six years* after an alleged change in controlling authority. Intervention Mem. at 3–4; *see Phelps v. Alameida*, 569 F.3d 1120, 1138 (9th Cir. 2009) (Rule 60 movants must demonstrate a "degree of promptness that respects the strong public interest in timeliness and finality" when applying "a new legal rule to their otherwise final case[.]") (quotations omitted). Nor do they explain how their present argument can be reconciled with Gianasca's service of such purported (yet still deficient) notices in June 2019. ECF No. 5567-4; *see also* Proposed Amendment Opp. at 4.

## CONCLUSION

For the foregoing reasons, Intervenors-Proposed Defendants respectfully request that the Court grant this motion to intervene for the limited purpose of opposing Gianasca and Caldwell's Motion to Amend.

Dated: October 21, 2022                    Respectfully submitted,


                                           /s/ Andrew Rhys Davies
                                           ALLEN & OVERY LLP
                                           ANDREW RHYS DAVIES
                                           andrewrhys.davies@allenovery.com
                                           1221 Avenue of the Americas
                                           New York, NY 10020
                                           Telephone:  (212) 610-6300
                                           Facsimile:   (212) 610-6399

                                           COHEN & GRESSER LLP
                                           JOHN ROBERTI
                                           john.roberti@cohengresser.com
                                           2001 Pennsylvania Ave, NW, Suite 300
                                           Washington, DC 20006
                                           Telephone:  (202) 851-2070
                                           Facsimile:   (202) 851-2081

                                           *Attorneys for Intervenors-Proposed Defendants Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd.*[11]

---

[11]     Samsung SDI Mexico S.A. De C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co., Ltd., and Samsung SDI (Malaysia) Sdn. Bhd. have been dissolved.

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Jeffrey L. Kessler*
WINSTON & STRAWN LLP
JEFFREY L. KESSLER
jkessler@winston.com
EVA W. COLE
ewcole@winston.com
200 Park Avenue
New York, NY 10166
Telephone:     (212) 294-6700
Facsimile:     (212) 294-4700

KEVIN B. GOLDSTEIN
kbgoldstein@winston.com
35 W. Wacker Drive
Chicago, IL 60622
Telephone:     (312) 558-5600
Facsimile:     (312) 558-5700

WEIL, GOTSHAL & MANGES LLP
DAVID L. YOHAI
david.yohai@weil.com
ADAM C. HEMLOCK
adam.hemlock@weil.com
DAVID YOLKUT
david.yolkut@weil.com
767 Fifth Avenue
New York, NY 10153-0119
Telephone:     (212) 310-8000
Facsimile:     (212) 310-8007

*Attorneys for Intervenors-Proposed Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*[12]

---

[12]     MT Picture Display Co., Ltd. has been dissolved and completed final liquidation proceedings in Japan on May 23, 2019.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ *Erik T. Koons*
BAKER BOTTS LLP
ERIK T. KOONS
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: erik.koons@bakerbotts.com

*Attorneys for Intervenors-Proposed Defendants*
*Koninklijke Philips, N.V., Philips North America*
*LLC, Philips Taiwan Limited, and Philips do*
*Brasil, Ltda*


/s/ *Eliot A. Adelson*
MORRISON & FOERSTER LLP
ELIOT A. ADELSON
Email: eadelson@mofo.com
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

KIRKLAND & ELLIS LLP
JAMES H. MUTCHNIK (pro hac vice)
Email: james.mutchnik@kirkland.com
300 North LaSalle Street
Chicago, IL  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Intervenors-Proposed Defendants*
*Hitachi Ltd., Hitachi Displays, Ltd. (n/k/a Japan*
*Display Inc.), Hitachi Asia, Ltd., Hitachi America,*
*Ltd., and Hitachi Electronic Devices (USA), Inc.*

/s/ *Christopher M. Curran*
WHITE & CASE LLP
CHRISTOPHER M. CURRAN
ccurran@whitecase.com
LUCIUS B. LAU
alau@whitecase.com
DANA E. FOSTER
defoster@whitecase.com
MATTHEW N. FRUTIG
mfrutig@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Attorneys for Intervenors-Proposed Defendants*
*Toshiba Corporation, Toshiba America, Inc.,*
*Toshiba America Information Systems, Inc.,*
*Toshiba America Consumer Products, L.L.C., and*
*Toshiba America Electronic Components, Inc.*