1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

10

**NORTHERN DISTRICT OF CALIFORNIA**

11

**OAKLAND DIVISION**

12

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 07-cv-5944-JST<br>Case No. 17-cv-04067-JST<br><br>MDL No. 1917 |
| This document relates to:<br><br>*Luscher v. Mitsubishi Electric Corp.*,<br>No. 17-cv-04067-JST | ~~[PROPOSED]~~ **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT MITSUBISHI ELECTRIC CORPORATION**<br><br>**\*\*AS MODIFIED\*\***<br><br>Re: ECF No. 6053 |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1        This matter comes before the Court on Indirect Purchaser Plaintiffs' ("IPPs") Motion for

2    Preliminary Approval of Class Action Settlement with Defendant Mitsubishi Electric Corporation

3    (the "Motion").

4        WHEREAS IPPs, on behalf of themselves and the proposed settlement class ("Settlement

5    Class"), and defendant Mitsubishi Electric Corporation ("Mitsubishi Electric") have agreed—

6    subject to Court approval following notice to the Settlement Class and a hearing—to settle the

7    above-captioned matter (the "Action") upon the terms set forth in the Settlement Agreement

8    entered into among the parties (the "Settlement Agreement");

9        WHEREAS, this Court has reviewed and considered the Settlement Agreement, the

10   record in this case, the briefs and their supporting exhibits and declarations, and the arguments of

11   counsel;

12       WHEREAS, IPPs have applied for an order to direct notice to the Settlement Class

13   (defined in paragraph 2 below) in connection with the proposed Settlement Agreement pursuant

14   to Rule 23(e)(1) of the Federal Rules of Civil Procedure;

15       WHEREAS, IPPs have presented sufficient information, pursuant to the Federal Rules

16   and this District's Procedural Guidance for Class Action Settlements, to justify directing notice of

17   the proposed Settlement Agreement to the Settlement Class;

18       WHEREAS, this Court finds that it is likely to approve the proposed Settlement

19   Agreement under Rule 23(e)(2), and that it is likely to certify the Settlement Class for purposes

20   of judgment on the proposed Settlement Agreement; and

21       WHEREAS, all defined terms contained herein shall have the same meanings as set forth

22   in the Settlement Agreement;

23       NOW, THEREFORE, IT IS HEREBY ORDERED:

24       1.    The Court does hereby find that it is likely to be able to approve the proposed

25   Settlement Agreement under Rule 23(e)(2). Specifically:

- 1 -

1          a.      The class representatives and counsel have vigorously represented the

2  interests of the Settlement Class;

3          b.      The Settlement Agreement was negotiated by arm's-length, informed, and

4  non-collusive negotiations between counsel for IPPs and Mitsubishi Electric under the

5  supervision of a Magistrate Judge;

6          c.      The relief provided for the Settlement Class is adequate, considering: (i)

7  the costs, risks, and delay of trial and appeal, particularly in light of the complex nature of IPPs'

8  case; (ii) the effectiveness and straightforwardness of the proposed claims process, which is

9  similar to the process this Court previously approved; and (iii) the reasonableness of the

10  anticipated request for an award of attorneys' fees and reimbursement of litigation expenses.

11      d.      The Settlement Agreement treats class members equitably relative to each other.

12  IPPs propose to use the same weighted pro-rata plan of distribution that this Court has approved

13  for the prior settlements in this case.  This Court is therefore likely to find IPPs' proposed

14  distribution plan fair, reasonable, and adequate.

15      2.      The Court does hereby find that, for purposes of judgment on the proposed

16  Settlement Agreement, it is likely to be able to certify the Settlement Class, which is defined as

17  follows:

18          a.      All persons or entities who or which indirectly purchased in an Indirect Purchaser

19                  Jurisdiction,[1] other than Missouri, Montana, and Rhode Island, for their own use

20                  and not for resale, CRTs or CRT Products manufactured and/or sold by any

21                  Mitsubishi Electric Releasee, or any Alleged Co-Conspirator, where such purchase

22                  took place during the following time periods:

23

24

---

25  [1] "Indirect Purchaser Jurisdictions," as defined in Paragraph 5 of the Settlement Agreement, means:  Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada,

26  New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

27

28  **[PROPOSED]** ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT WITH MITSUBISHI ELECTRIC CORPORATION
Master File No. 07-cv-5944-JST, Case No. 17-cv-04067-JST, MDL No. 1917

i.      From March 1, 1995 through November 25, 2007 for purchases in Arizona, Arkansas, California, District of Columbia, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin;

ii.     From June 25, 2002 through November 25, 2007 for purchases in Hawaii;

iii.    From July 20, 2002 through November 25, 2007 for purchases in Nebraska;

iv.     From February 4, 1999 through November 25, 2007 for purchases in Nevada;

b.      All persons who or which indirectly purchased in Missouri from March 1, 1995 through November 25, 2007, for their own use and not for resale, and primarily for personal, family or household purposes, CRTs or CRT Products manufactured and/or sold by any Mitsubishi Electric Releasee, or any Alleged Co-Conspirator;

c.      All persons who or which indirectly purchased in Montana from March 1, 1995 through November 25, 2007, for their own use and not for resale, and primarily for personal, family or household purposes, CRTs or CRT Products manufactured and/or sold by any Mitsubishi Electric Releasee, or any Alleged Co-Conspirator; and

d.      All natural persons who indirectly purchased in Rhode Island from March 1, 1995 through November 25, 2007, for their own use and not for resale, and primarily for personal, family, or household purposes, CRTs or CRT Products manufactured and/or sold by any Mitsubishi Electric Releasee, or any Alleged Co-Conspirator;

e.      Specifically excluded from the Settlement Class are Mitsubishi Electric Releasees, Alleged Co-Conspirators, any federal, state or local government entities, and any

- 3 -

1       judicial officer presiding over this action and the members of his/her immediate

2       family and judicial staff.

3       3.      The Court concludes that, for the sole purpose of the Proposed Settlement, and

4  without adjudication on the merits, the Settlement Class is sufficiently well-defined and cohesive

5  to merit preliminary approval.

6       4.      Pursuant to Federal Rule of Civil Procedure 23(a)(1), the Court determines that

7  the Settlement Class is so numerous that joinder of all members is impracticable.

8       5.      For purposes of preliminary approval, the commonality requirement of Rule

9  23(a)(2) is satisfied because IPPs have alleged one or more questions of fact and law common to

10  the Settlement Class, including whether Mitsubishi Electric violated the antitrust and/or various

11  other laws of the following states: Arizona, Arkansas, California, District of Columbia, Florida,

12  Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri,

13  Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North

14  Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West

15  Virginia, and Wisconsin.

16      6.      Pursuant to Rule 23(a)(3), the Court hereby appoints as Representative Plaintiffs

17  of the Settlement Class all of the individuals and entities identified in the First Amended Class

18  Action Complaint, ECF No. 5687, which is incorporated herein by reference, and finds that, for

19  settlement purposes only, these Representative Plaintiffs' claims are typical of the claims of the

20  members of the Settlement Class.  The claims of the Representative Plaintiffs and absent class

21  members rely on the same legal theories and arise from the same alleged conspiratorial conduct

22  by Mitsubishi Electric and its Alleged Co-conspirators, namely, the agreement to fix, raise,

23  maintain and/or stabilize prices of CRTs sold in the United States.

24      7.      The Court preliminarily finds, for the purposes of the Proposed Settlement only,

25  that the Representative Plaintiffs will fairly and adequately protect the interests of the Settlement

26  Class in satisfaction of the requirements of Rule 23(a)(4) because: (a) the interests of the

27

- 4 -

28  **[PROPOSED]** ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT WITH MITSUBISHI ELECTRIC CORPORATION
Master File No. 07-cv-5944-JST, Case No. 17-cv-04067-JST, MDL No. 1917

1    Representative Plaintiffs are consistent with those of the Settlement Class members; (b) there

2    appear to be no conflicts between or among the Representative Plaintiffs and the other Settlement

3    Class members; (c) the Representative Plaintiffs have been and appear to be capable of

4    continuing to be active participants in both the prosecution and the settlement of this litigation;

5    and (d) the Representative Plaintiffs and the Settlement Class members are represented by

6    qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated

7    class action cases, including those concerning violations of antitrust law.

8              8.       The Court preliminarily finds that, for purposes of the Proposed Settlement only,

9    questions of law or fact common to members of the Settlement Class predominate over questions

10   affecting only individual members of the Settlement Class under Rule 23(b)(3).  Further, a class

11   action resolution in the manner proposed in the Proposed Settlement would be superior to other

12   available methods for a fair and efficient adjudication of the litigation with respect to Mitsubishi

13   Electric.  In making these preliminary findings, the Court has considered, *inter alia*, (a) the

14   interest of the Settlement Class members in individually controlling the prosecution or defense of

15   separate actions; (b) the impracticality or inefficiency of prosecuting or defending separate

16   actions; (c) the extent and nature of any litigation concerning these claims already commenced;

17   and (d) the desirability of concentrating the litigation of the claims in a particular forum.

18             9.       The Court hereby appoints Mario N. Alioto and Trump, Alioto, Trump & Prescott,

19   LLP as Settlement Class Counsel pursuant to Rule 23(g), and finds that these Settlement Class

20   Counsel have protected and will continue to fairly and adequately protect the interests of the

21   Settlement Class.

22             10.      Having found that the Court will likely be able to approve the Settlement

23   Agreement and certify the Settlement Class, the Court finds that there is a sufficient basis for

24   notifying class members of the Proposed Settlement, and enjoining class members from

25   continuing this litigation against Mitsubishi Electric pending the conclusion of the Fairness

26   Hearing.

27

28

- 5 -

**[PROPOSED]** ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT WITH MITSUBISHI ELECTRIC CORPORATION
Master File No. 07-cv-5944-JST, Case No. 17-cv-04067-JST, MDL No. 1917

11.     The Notice Company, Inc. is approved to serve as Settlement and Claims Administrator for the Settlement Class.

12.     The Court approves the form and content of the Detailed Notice, attached hereto as Exhibit A, the Summary Notice, attached hereto as Exhibit B, and the Email Notice, attached hereto as Exhibit C, with the following modifications:

      a.   The notices should indicate that the Fairness Hearing will be conducted via Zoom, with the link available at https://cand.uscourts.gov/judges/tigar-jon-s-jst/.

      b.   In Question 17 of the Detailed Notice, objections should be mailed to the "Clerk of Court" rather than the "Class Action Clerk."

      c.   In Question 19 of the Detailed Notice, the Court's hours should be modified to 9:00 a.m. to 1:00 p.m., rather than 4:00 p.m.

13.     The Court finds that the proposed Notice Plan as described in the Declaration of Joseph M. Fisher filed concurrently with the motion for preliminary approval, and the proposed contents of these notices, meet the requirements of Rule 23 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

14.     The Court finds that it will likely be able to approve the plan of distribution proposed by the IPPs in their motion for preliminary approval, and approves the proposed claim form substantially in the form attached hereto as Exhibit D.

15.     Within sixty (60) days from the date of this Order, Settlement Class Counsel are hereby directed to cause the Summary Notice to indirect purchasers, substantially in the form attached hereto as Exhibit B, to be published according to the Notice Plan described in the Declaration of Joseph M. Fisher, filed concurrently with the motion for preliminary approval. The Summary Notice shall direct interested parties to a website, www.CRTclaims.com,

1   maintained by the Settlement Administrator, where the Detailed Notice, substantially in the form

2   of Exhibit A attached hereto, will be provided.

3        16.    All requests for exclusion from the Settlement Class must be postmarked no later

4   than sixty (60) days from the date of publication of notice, and must otherwise comply with the

5   requirements set forth in the Detailed Notice.

6        17.    Any class member who does not properly and timely request exclusion from the

7   Proposed Settlement shall, upon final approval of the Proposed Settlement, be bound by the terms

8   and provisions of the Proposed Settlement so approved, including but not limited to the releases,

9   waiver and covenants described in the Proposed Settlement, whether or not such person or entity

10   objected to the Proposed Settlement and whether or not such person or entity makes a claim

11   against the Settlement Fund.

12        18.    Any member of the Settlement Class who objects to the Proposed Settlement must

13   do so in writing. The objection must include the caption of this case, be signed, and be submitted

14   to the Court (either by mail or by filing it with the Court) no later than sixty (60) days from the

15   date of publication of notice, and shall otherwise comply with the requirements set forth in the

16   Detailed Notice, including submission of proof of membership in the class. Failure to timely

17   submit a written objection in accordance with the requirements in the Detailed Notice will

18   preclude a class member from objecting to the Proposed Settlement.

19        19.    The Notices shall inform putative members of the Settlement Class that the

20   deadline for the submission of Claim Forms is 120 days from the Notice Publication Date.

21        20.    Any member of the Settlement Class who wishes to speak at the Fairness Hearing

22   must submit a "Notice of Intent to Appear in *In re Cathode Ray Tube (CRT) Antitrust Litigation*,

23   MDL No. 1917" to the Court no later than sixty (60) days from the date of publication of notice,

24   and shall otherwise comply with the requirements set forth in the Detailed Notice.

25        21.    The Court will hold a Fairness Hearing on June 1, 2023 at 2:00 p.m., to determine

26   the fairness, reasonableness, and adequacy of the Proposed Settlement.  Any member of the

27

- 7 -

28

1  Settlement Class who follows the procedure set forth in the notices may appear and be heard at

2  this hearing.  The Fairness Hearing may be continued without further notice to the Settlement

3  Class.

4         22.     All briefs, memoranda and papers in support of final approval of the Proposed

5  Settlement, including an affidavit or declaration of the person under whose general direction the

6  publication of the Summary Notice and the Detailed Notice were made, showing that publication

7  was made in accordance with this Order, shall be filed no later than twenty-one (21) days before

8  the Fairness Hearing and shall be posted on the internet at www.CRTclaims.com. Any briefs,

9  memoranda and papers in support of a request for attorneys' fees or reimbursement of litigation

10 expenses shall be filed not later than ~~fourteen (14)~~ 35 days before objections to the Proposed

11 Settlement are due and shall be posted on the internet at www.CRTclaims.com.

12        23.     The Court approves the establishment of an escrow account, as set forth in the

13 Proposed Settlement, as "Qualified Settlement Funds" pursuant to Treas. Reg. § 1.468B 2(1).

14 The Court retains continuing jurisdiction over any issues regarding the formation or

15 administration of the escrow account.  Settlement Class Counsel and their designees are

16 authorized to expend funds from the escrow accounts to pay Taxes, Tax Expenses and notice and

17 administration costs, as set forth in the Proposed Settlement.

18        24.     The Court grants Settlement Class Counsel the right to use the Settlement Fund

19 for payment of the cost of notice(s) to potential members of the Settlement Class regarding the

20 Proposed Settlement and related matters, without the approval of the Court in each instance, so

21 long as: (a) the expenses incurred or contracted for are reasonable and necessary to carry out the

22 transactions contemplated by the Proposed Settlement, and (b) counsel for Mitsubishi Electric

23 receives from Settlement Class Counsel a full accounting of all expenditures made in the event

24 funds are returned to Mitsubishi Electric under the terms of the Proposed Settlement.

25

26

27

- 8 -

28

1  25. All proceedings in this case between IPPs and Mitsubishi Electric are hereby

2 stayed except for any actions required to effectuate the Proposed Settlement or that are otherwise

3 permitted by the Proposed Settlement or agreed to by the IPPs and Mitsubishi Electric.

4  26. The motion for final approval shall address the final approval guidelines in the

5 Northern District of California's Procedural Guidance for Class Action Settlements, available at

6 https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/, in the order

7 the guidelines are presented on the website.

8  27. As reflected in the Guidance, the Court will require a post-distribution accounting

9 within 21 days after the distribution of settlement funds.  The Court will typically withhold

10 between 10% and 25% of the attorney's fees granted at final approval until after the post-

11 distribution accounting has been filed.  The final approval motion should specify what percentage

12 class counsel believes it is appropriate to withhold and why.

13

14  SO ORDERED this 31st day of October, 2022.

15

16

17            HON. JON S. TIGAR

18            UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

- 9 -

**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION**
**SETTLEMENT WITH MITSUBISHI ELECTRIC CORPORATION**
Master File No. 07-cv-5944-JST, Case No. 17-cv-04067-JST, MDL No. 1917