# EXHIBIT A

<u>U.S. D<small>ISTRICT</small> C<small>OURT FOR THE</small> N<small>ORTHERN</small> D<small>ISTRICT OF</small> C<small>ALIFORNIA</small></u>

# If You Bought a Cathode Ray Tube (CRT) or a TV or Computer Monitor That Contained a CRT
## *You Could Get Money from a $33 Million Settlement.*

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

<u>**PLEASE READ THIS NOTICE CAREFULLY. YOUR LEGAL RIGHTS MAY BE AFFECTED WHETHER OR NOT YOU ACT**</u>.

- This is the fifth legal notice in this litigation involving alleged overcharges on the price of Cathode Ray Tube ("CRT") Products purchased indirectly from the Defendants. **A $33 million settlement has been reached with Mitsubishi Electric Corporation ("New Settlement").** This settlement is in addition to the previous nine settlements reached with Defendants Chunghwa, LG, Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson, and Technologies Displays America (the "Prior Settlements").

- "CRT Products" include CRTs and products containing CRTs, such as televisions and computer monitors. "Indirectly" means that you purchased the CRT Product from someone other than the manufacturer of the CRT Product. For example, you bought a CRT television from a retailer, such as Best Buy, or a CRT monitor from Dell.

- You can make a claim for money if you indirectly purchased CRT Products, for your own use and not for resale, in Arizona, Arkansas, California, the District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia or Wisconsin (the "Settlement Class"). The purchase must have been made in one of these states but you do not have to be a resident of these states. <u>Purchases in Missouri, Montana and Rhode Island must have been made primarily for personal, family or household purposes</u>.

- Purchasers in nine additional states are included in the New Settlement that were not included in the Prior Settlements. Those states are Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina, and Utah.

- Sony Corporation is **not** a defendant and is **not** alleged to have participated in the conspiracy. Purchases of Sony® branded CRT Products are **not** eligible to be included in claims filed under the New Settlement. All other brands of CRT Products are eligible.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE NEW SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM BY _____, 2023** | If you submitted a valid claim in the Prior Settlements and you do not submit a claim in the New Settlement, then your prior claim will automatically be submitted in the New Settlement. *See* Question 9 below. If you want to submit a claim for purchases of CRT Products that were **not** included in your valid claim in the Prior Settlements, you must submit a claim to receive a payment from the New Settlement. Your claim should include ALL eligible purchases of CRT Products including those you previously claimed in the Prior Settlements. |
| **OBJECT BY _____, 2023** | You can file an objection with the Court explaining why you disagree with the New Settlement, the plan of distribution, the requested attorneys' fees and litigation expenses, and/or the Class Representative awards. *See* Question 17. |
| **GO TO THE HEARING ON _____, 2023** | Ask to speak to the Court about the New Settlement. *See* Questions 18 and 20. |
| **EXCLUDE YOURSELF BY _____, 2023** | Excluding yourself from the Settlement Class is the only option that allows you to individually sue Mitsubishi Electric Corporation about the claims in this case. *See* Questions 12 and 13. |

1

V<small>ISIT</small> www.CRTclaims.com <small>OR</small> C<small>ALL</small> T<small>OLL</small> F<small>REE</small> 1-800-xxx-xxxx
P<small>ARA UNA NOTIFICACIÓN EN</small> E<small>SPAÑOL</small>, <small>VISITAR NUESTRO WEBSITE O LLAMAR</small>

| | |
|---|---|
| **DO NOTHING** | If you submitted a valid claim in the Prior Settlements and you have no additional CRT Product purchases to claim, you need not do anything and your previously-submitted valid claim will automatically be submitted in the New Settlement.  If you did **not** submit a valid claim in the Prior Settlements, or if you have additional CRT Products not previously claimed, then you must submit a claim now. If you do nothing, then you will **not** receive payment from the New Settlement for CRT Products not previously claimed and you will give up any rights you currently have to separately sue Mitsubishi Electric for the conduct that is the subject of this litigation. |

These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

## What This Notice Contains

**Basic Information** .................................................................................................................. Page 4
    1.   What is this Notice about?
    2.   What is a Cathode Ray Tube ("CRT")?
    3.   What is a CRT Product?
    4.   What is the lawsuit about?
    5.   What is a class action?

**Who Is Included in the Lawsuit** ........................................................................................ Page 6
    6.   Who are the Defendant and its alleged co-conspirators?
    7.   How do I know if I am in the Settlement Class?

**The New Settlement's Benefits** ........................................................................................ Page 7
    8.   What does the New Settlement provide?
    9.   How much money can I get?
    10.  When will I get a payment?

**How to Get a Payment** ....................................................................................................... Page 9
    11.  How can I get a payment?

**Right to Exclude Yourself** .................................................................................................. Page 9
    12.  Do I have a right to exclude myself from the Settlement Class?
    13.  How do I exclude myself from the Settlement Class?

**Remaining in the Settlement Class** ................................................................................. Page 10
    14.  What am I giving up if I stay in the Settlement Class?

**The Lawyers Representing You** ....................................................................................... Page 10
    15.  Do I have a lawyer representing me?
    16.  How will the lawyers be paid?

**Objecting or Commenting on the New Settlement, Plan of Distribution, Attorneys' Fees and Litigation Expenses, and Awards to Class Representatives** ....................... Page 11
    17.  How do I object or comment on the New Settlement?

**The Fairness Hearing** ........................................................................................................ Page 11
    18.  When and where will the Court consider the New Settlement, the plan of distribution, request for attorneys' fees and litigation expenses, and awards to Class Representatives?
    19.  Do I have to come to the hearing?
    20.  May I speak at the hearing?

**Get More Information** ........................................................................................................ Page 12
    21.  Where can I get more information?

## BASIC INFORMATION

| 1. What is this Notice about? |
|---|

This Notice is to inform you about a New Settlement that has been reached which may affect your rights, including your right to file a claim, object to, or exclude yourself from the New Settlement. You have the right to know about the New Settlement and about your legal rights and options before the Court decides whether to approve the New Settlement.

**Settlement Class members are now eligible to file a claim to get a payment from the New Settlement (*see* Question 11).**

The Court in charge is the United States District Court for the Northern District of California. The case is called *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917. The New Settlement relates to claims against Mitsubishi Electric Corporation in *Luscher, et al. v. Mitsubishi Electric Corp.,* Case No. 17-cv-04067-JST ("the Action"). The people and businesses that sued are called the Plaintiffs, and the companies they sued are called the Defendants (*see* Question 6).

| 2. What is a Cathode Ray Tube ("CRT")? |
|---|

Cathode Ray Tubes ("CRTs") are a display technology that was widely used in televisions and computer monitors. Before LCD, Plasma and LED display technologies became popular, CRTs were the main technology used in displays. There are two main types of CRTs: Color Display Tubes ("CDTs" or "Monitor Tubes"), which were used to manufacture computer monitors, and Color Picture Tubes ("CPTs" or "TV Tubes"), which were used to manufacture televisions. This is what a CRT looks like:



| 3. What is a CRT Product? |
|---|

For the purposes of the lawsuit and the New Settlement, "CRT Products" means products containing Cathode Ray Tubes, such as televisions and computer monitors. This is what a CRT Product looks like:

**CRT Monitor:**



**CRT Television:**



### 4. What is the lawsuit about?

The lawsuit claims that Mitsubishi Electric Corporation conspired with other CRT manufacturers to fix the prices of CRTs from March 1, 1995 to November 25, 2007, resulting in overcharges to people and businesses that bought CRT Products, such as televisions and computer monitors. Mitsubishi Electric and its alleged co-conspirators deny these claims. The Court has not decided who is right.

The Court previously approved settlements with Chunghwa Picture Tubes Ltd. on March 22, 2012, LG Electronics on April 18, 2014, and Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson, and TDA on July 13, 2020. The total amount of these Prior Settlements is $547,750,000. The New Settlement with Mitsubishi Electric Corporation provides an additional $33,000,000. The Court still has to decide whether to approve the New Settlement. Based on IPP Counsel's experience and their knowledge of the law and the facts in this case, they believe the proposed New Settlement is fair and reasonable, and is in the best interests of class members.

### 5. What is a class action?

In a class action, one or more persons or businesses called class representatives sues on behalf of a group or

a "class" of others with similar claims. If the Court determines that a case should proceed as a class action, everyone's claims can be combined into a single proceeding, creating efficiencies for the parties and the courts. In a class action, the court resolves the issues for all class members except those who exclude themselves from the Class.

## WHO IS INCLUDED IN THE LAWSUIT?

### 6. Who are the Defendant and its alleged co-conspirators?

The "Defendant" is **Mitsubishi Electric Corporation**, a manufacturer and/or seller of CRTs.

The Defendant's alleged co-conspirators (the "Defendants" or "Alleged Co-Conspirators") are other CRT manufacturers that are alleged to have conspired with Defendant to fix CRT prices, and which Plaintiffs also sued:

- Chunghwa Picture Tubes Ltd.; Chunghwa Picture Tubes (Malaysia) SDN. BHD ("Chunghwa");
- LG Electronics Inc.; LG Electronics USA, Inc.; LG Electronics Taiwan Taipei Co., Ltd. ("LG");
- Koninklijke Philips N.V. (f/k/a Koninklijke Philips Electronics N.V.); Philips Electronics North America Corporation; Philips Taiwan Limited (f/k/a Philips Electronics Industries (Taiwan), Ltd.); Philips do Brasil, Ltda. (f/k/a Philips da Amazonia Industria Electronica Ltda.) (collectively "Philips");
- Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.); Panasonic Corporation of North America; MT Picture Display Co., Ltd.; and an affiliate of Panasonic Corporation, Beijing Matsushita Color CRT Co., Ltd. (collectively "Panasonic");
- Hitachi, Ltd.; Hitachi Displays, Ltd. (n/k/a Japan Display Inc.); Hitachi Electronic Devices (USA), Inc.; Hitachi Asia, Ltd.; Hitachi America, Ltd. ("Hitachi");
- Toshiba Corporation; Toshiba America Information Systems, Inc.; Toshiba America Consumer Products, L.L.C.; Toshiba America Electronic Components, Inc. ("Toshiba");
- Samsung SDI Co. Ltd; Samsung SDI America, Inc.; Samsung SDI Brasil, Ltda.; Tianjin Samsung SDI Co., Ltd.; Shenzhen Samsung SDI Co., Ltd; Samsung SDI Malaysia Sdn. Bhd; Samsung SDI Mexico S.A. de C.V. ("Samsung SDI");
- Technicolor SA (f/k/a Thomson SA); Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.) ("Thomson");
- Technologies Displays Americas LLC (f/k/a Thomson Americas LLC) ("TDA");
- LG.Philips Displays, a/k/a LP Displays International, Ltd.;
- IRICO Group Corporation; IRICO Display Devices Co., Ltd.; and IRICO Group Electronics Co., Ltd.;
- Thai CRT Company, Ltd.;
- Samtel Color, Ltd.;
- Orion Electric Company, Ltd.; and
- Videocon Industries, Ltd.

### 7. How do I know if I am in the Settlement Class?

The New Settlement has recovered money ("damages") for consumers who indirectly purchased CRT Products in 30 states and the District of Columbia (the "Settlement Class"). These states and the District of Columbia (together the "States") have antitrust and/or consumer protection laws permitting consumers to sue for damages for antitrust violations.

The "Settlement Class" includes:
- All persons or business entities who or which indirectly purchased in Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin, for their own use and not for resale, CRTs or CRT Products manufactured or sold by the Defendant or any Alleged Co-Conspirator (listed in Question 6);
- All persons or business entities who or which indirectly purchased in Missouri or Montana, for their own use and not for resale, and primarily for personal, family, or household purposes, CRTs or CRT Products manufactured or sold by the Defendant or any Alleged Co-Conspirator (listed in Question 6);
- All natural persons who indirectly purchased in Rhode Island, for their own use and not for resale, and primarily for personal, family, or household purposes, CRTs or CRT Products manufactured or sold by the Defendant or any Alleged Co-Conspirator (listed in Question 6).

The purchase must have been made in one of the States. You do not have to be a resident of one of the States to qualify as a member of the Settlement Class. Those who purchased CRTs or CRT Products for resale ("resellers") are **not** included in the Settlement Class.

IMPORTANT: The Settlement Class includes nine states that were not included in the settlement class for the Prior Settlements. The nine new states are: Arkansas, Massachusetts, Missouri, Montana, New Hampshire, Oregon, Rhode Island, South Carolina and Utah.

**The Class Period:** In order to bring a claim, you must have purchased the CRT Product(s) between March 1, 1995 and November 25, 2007. However, Hawaii, Nebraska and Nevada have slightly shorter class periods.

- Purchases of CRT Products in Hawaii must have been made between June 25, 2002 and November 25, 2007.
- Purchases of CRT Products in Nebraska must have been made between July 20, 2002 and November 25, 2007.
- Purchases of CRT Products in Nevada must have been made between February 4, 1999 and November 25, 2007.

**Exclusions:**

- Specifically excluded from the Settlement Class are the Defendant; its officers, directors or employees; any entity in which the Defendant has a controlling interest; and, any of the Defendant's affiliates, legal representatives, heirs or assigns.
- Also excluded are the Alleged Co-Conspirators, any federal, state or local government entities, any judicial officer presiding over this action and members of his/her immediate family and judicial staff, and any juror assigned to this action.
- Sony Corporation is not a defendant and purchases of Sony® branded CRTs and CRT Products are excluded from the New Settlement.

The specific class definitions are available at www.CRTclaims.com.

## THE NEW SETTLEMENT'S BENEFITS

### 8. What does the New Settlement provide?

The New Settlement provides that Mitsubishi Electric Corporation will pay Thirty Three Million Dollars ($33,000,000) to Plaintiffs in exchange for a release of the class claims against it. The New Settlement is being presented to the Court for approval. The Court has previously approved nine settlements totaling $547,750,000.

The Settlement Fund of $33,000,000 will be used to pay eligible claimants who purchased CRT Products in

the jurisdictions listed in Question 7 based on an allocation plan described in Question 9. Any interest earned on the Settlement Fund will be added to the Settlement Fund. The cost to administer the New Settlement as well as attorneys' fees, litigation expenses and payments to the Class Representatives will be paid from the Settlement Fund (*see* Question 16).

The Settlement Agreement and the papers filed in support of the New Settlement are available for review and download at www.CRTclaims.com, or you can request copies by calling 1-800-xxx-xxxx.

### 9. How much money can I get?

A plan has been submitted to the Court proposing a method for distributing the Settlement Fund to the Settlement Class Members.

- Settlement Class Members who submitted a valid claim in the Prior Settlements and do not submit a claim for additional CRT purchases in the New Settlement ("Prior Claimants") will be deemed to have filed a claim in the New Settlement without any further action taken by that claimant.

- If your claim in the Prior Settlements was denied, then it will not be automatically submitted in the New Settlement.

- If your claim in the Prior Settlements was only partially accepted, then your valid claim consists only of the accepted portion of your prior submission. Only valid claims from the Prior Settlements are automatically submitted in the New Settlement. For example, if you previously submitted a claim for six (6) CRT computer monitors and only four (4) monitors were accepted in the Prior Settlements, then only your valid claim for four (4) CRT computer monitors will be automatically submitted in the New Settlement.

- Reseller claims submitted in the Prior Settlements do not qualify; only end-user claims qualify to be submitted in the New Settlement.

- Settlement Class Members who submitted valid claims after the applicable claims deadlines passed for the Prior Settlements ("Late Claimants") will be treated the same as Prior Claimants for the purposes of the New Settlement.

- All other Class Members, including those who did not previously submit a claim in the Prior Settlements and those who did previously submit a claim and now want to claim for additional CRT purchases, should submit a claim in the New Settlement in order to receive their pro-rata share of the Settlement Fund.

- If you submit a claim for additional CRT purchases in the New Settlement, then your claim in the Prior Settlements will NOT be automatically submitted in the New Settlement. Any claim you submit in the New Settlement must include ALL of your qualifying CRT purchases: those previously claimed plus any additional purchases. Submitting a claim in the New Settlement will not replace or change your claim in the Prior Settlements.

As with the Prior Settlements, payments to claimants will be determined on an adjusted pro-rata basis. This means that payment amounts will be based on the number of valid claims filed and on the number and type of CRT Products purchased. Based on data obtained during the course of the litigation, claims for different types of CRT Products will be weighted as follows:

- Claims for purchases of Standard CPTs or CRT Televisions (screen size of less than 30 inches) will be weighted as 1 CRT unit;
- Claims for purchases of Large CPTs or CRT Televisions (screen size of 30 inches or larger) will be weighted as 4.3 CRT units; and
- Claims for purchases of CDTs or CRT Computer Monitors will be weighted as 3 CRT units.

Each new claim will be assigned a weighted CRT unit count based on the types of CRT Products purchased, as described above. For example, a Settlement Class Member that purchased two Standard CRT televisions (2 x 1 CRT unit) and one CRT monitor (3 CRT units) would have five CRT units (2 + 3 = 5). A Settlement Class Member that purchased five CRT monitors (5 x 3 = 15 CRT units) and two Large CRT televisions (4.3 x 2 = 8.6 CRT

units) would have 23.6 CRT units (15 + 8.6 = 23.6). This is the same methodology approved by the Court for the Prior Settlements.

At this time, it is unknown exactly how much money each Settlement Class Member will recover because it will depend on how many valid claims are submitted. It is expected that a minimum payment of $10 will be made to all Class Members who submit a valid claim, including claims that are simply carried over from the Prior Settlements.

The maximum payment will be three times the estimated money damages for each claimant, subject to a $10 minimum payment. The plan of distribution is subject to final Court approval and it is possible that the Court may order changes to the plan of distribution. Any changes to the plan of distribution may result in changes to the amount you ultimately receive from the New Settlement. Please continue to check the website for information about changes to the plan of distribution.

More details about the anticipated distribution of the Settlement Fund are available in the papers filed with the Court in support of settlement approval, which are available on the settlement website, www.CRTclaims.com.

The Claim Form provides additional details on how to submit a claim. Further information is available at www.CRTclaims.com or by calling 1-800-xxx-xxxx.

### 10. When will I get a payment?

Payments will be distributed after the Court grants final approval to the New Settlement and after any appeals are resolved. If the Court approves the New Settlement after the hearing on **xxxxxx, 2023**, there may be appeals. We do not know how much time it could take to resolve any appeals that may be filed.

## HOW TO GET A PAYMENT

### 11. How can I get a payment?

If you (i) are a member of the Settlement Class; (ii) did not submit a claim in connection with the Prior Settlements **or** did make a claim in connection with the Prior Settlements but want to make a new claim based on additional purchases of CRT Products not included in your original claim (for example, purchases you made in states not included in the Prior Settlements), you must complete and submit a Claim Form. We strongly encourage you to submit a claim online at www.CRTclaims.com because it reduces administrative costs, leaving more money for distribution to class members. If you do not file online, you can submit a claim by mail.

If you submitted a valid claim in connection with the Prior Settlements and you do not submit a claim in the New Settlement, then your valid claim in the Prior Settlements will be automatically submitted in the New Settlement without further action by you. *See* Question 9 above. Late Claims submitted after the deadline for the Prior Settlements but which are otherwise valid are considered a "valid claim" for the purposes of the New Settlement and need not be resubmitted unless you wish to submit a claim for additional purchases of CRT Products.

The Claim Form can be found and completed or downloaded at www.CRTclaims.com, or you can obtain a copy by calling, toll free, 1-800-xxx-xxxx. If you choose to submit your claim online, you must do so on or before **xxxxx, 2023**. If you choose to submit a Claim Form by mail, it must be postmarked by **xxxxx, 2023**, and mailed to:

CRT Claims  
c/o The Notice Company  
P.O. Box 778  
Hingham, MA 02043

## RIGHT TO EXCLUDE YOURSELF

### 12. Do I have a right to exclude myself from the Settlement Class?

Yes. If you are a Settlement Class Member and you wish to keep your right to sue Mitsubishi Electric Corporation

about the claims alleged and settled in this case (*see* Questions 4 and 7), you must exclude yourself from the Settlement Class. You will not get any money from the New Settlement if you exclude yourself. You may not submit a Claim Form if you exclude yourself from the New Settlement. Requests for exclusion from the Settlement Class in the New Settlement will not result in exclusion from the Prior Settlements.

### 13. How do I exclude myself from the Settlement Class?

If you choose to exclude yourself from the Settlement Class in the New Settlement and keep your right to sue Mitsubishi Electric Corporation on your own, you must send a letter that includes the following:

- Your name, address and telephone number;
- A statement saying that you request exclusion from the Settlement Class and do not wish to participate in the settlement with Mitsubishi Electric Corporation in *Luscher, et al. v. Mitsubishi Electric Corp.*, Case No. 17-cv-04067-JST; and
- Your signature.

You must mail your exclusion request, postmarked no later than **xxxxx, 2031,** to:

> CRT Indirect Exclusions
> c/o The Notice Company
> P.O. Box 778
> Hingham, MA 02043

## REMAINING IN THE SETTLEMENT CLASS

### 14. What am I giving up if I stay in the Settlement Class?

If you do not exclude yourself from the Settlement Class, you will have given up your right to sue Mitsubishi Electric Corporation on your own for the claims alleged and settled in this case (*see* Questions 4 and 7) and you will be bound by the New Settlement and all subsequent proceedings, orders and judgments in this lawsuit. In consideration of the Settlement Amount (*see* Question 8), Settlement Class members will release Mitsubishi Electric Corporation (and certain related entities defined in the Settlement Agreement) from all claims arising under any federal law or under the laws of any of the 30 States or the District of Columbia relating to the facts underlying the Action, as more fully described in the Settlement Agreement.

The Settlement Agreement describes the released claims in detail, so read it carefully since the Settlement Agreement is binding on you. If you have any questions, you may call the toll-free number, **1-800-xxx-xxxx**, and speak to the Settlement Administrator for free. You may also consult your own lawyer at your own expense. The Settlement Agreement and the specific release are available at www.CRTclaims.com.

## THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer representing me?

The Court has appointed Trump, Alioto, Trump & Prescott LLP, 2001 Union Street, Suite 482, San Francisco, CA 94123, to represent you as "Class Counsel" for the Settlement Class. You do not have to pay Class Counsel separately. Class Counsel will seek compensation by asking the Court for a share of the settlement proceeds. If you want to be represented by your own lawyer, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

### 16. How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees based on their work on this litigation in the amount of one-third of the $33,000,000 Settlement Fund ($11,000,000), plus reimbursement of their litigation expenses. Class

Counsel will also request awards of $2,000 to each of the Class Representatives who helped the lawyers on behalf of the Classes. Any payment to the attorneys or the Class Representatives will be subject to Court approval, and the Court may award less than the requested amount. Any award of attorneys' fees, litigation expenses and Class Representative awards that the Court orders, plus the costs to administer the Settlements, will come out of the Settlement Fund and are subject to Court approval.

The attorneys' motion for fees, litigation expenses and Class Representative awards will be filed on or before **xxxxx, 2023**. The motion will be posted on the website at www.CRTclaims.com.

### OBJECTING TO OR COMMENTING ON THE NEW SETTLEMENT, PLAN OF DISTRIBUTION, ATTORNEYS' FEES AND LITIGATION EXPENSES, AND AWARDS TO CLASS REPRESENTATIVES

**17. How do I object or comment on the New Settlement?**

You can ask the Court to deny approval by filing an objection to the New Settlement. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

If you decide to object to the New Settlement, you must do so in writing. The written objection must include the following information:

- Your name, address, telephone number, and if you are being assisted by a lawyer, their name, address and telephone number;
- The Action name and number (*Luscher, et al. v. Mitsubishi Electric Corp.*, Case No. 17-cv-04067-JST, MDL No. 1917);
- Proof of membership in the class;
- A brief but specific explanation of your reasons for objecting; and
- Your signature.

The objection must be submitted to the Court either by mailing it to the Class Action Clerk at the address below, or by filing it in person at any location of the United States District Court for the Northern District of California. **The objection must be filed with the Court or postmarked on or before xxxxx, 2023:**

| COURT |
|---|
| Class Action Clerk<br>United States District Court for the<br>Northern District of California<br>1301 Clay Street, Suite 400 S<br>Oakland, CA 94612 |

### THE FAIRNESS HEARING

**18. When and where will the Court consider the New Settlement, the plan of distribution, request for attorneys' fees and litigation expenses, and awards to Class Representatives?**

The Court is scheduled to hold a Fairness Hearing to consider the New Settlement at **xx:xx p.m**. on **xxxxx, 2023**, at the United States District Court for the Northern District of California, Courtroom 6, 2nd Floor, 1301 Clay Street, Oakland, CA 94612. The hearing may be conducted in person or it may be conducted

using a video-conferencing technology. The hearing may be moved to a different date or time without additional notice, so you should check the website www.CRTclaims.com for current information.

At this hearing the Court will consider whether the New Settlement is fair, reasonable, and adequate. The Court will also consider the plan of distribution, and the requests for attorneys' fees, litigation expenses and awards to Class Representatives. If there are objections or comments, the Court will consider them at this time. After the hearing, the Court will decide whether to approve the New Settlement, the plan of distribution and the requests for attorneys' fees, litigation expenses and awards to Class Representatives. We do not know how long these decisions will take.

### 19. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. If you file an objection or comment, you do not have to come to Court to talk about it. As long as you filed your written objection on time, your objection will be presented to the Court for its consideration.

### 20. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must file a "Notice of Intent to Appear in *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917." Be sure to include your name, address, telephone number and your signature. Your Notice of Intent to Appear must be submitted to the Court either by mailing it to the Class Action Clerk at the address in Question 17, or by filing it in person at any location of the United States District Court for the Northern District of California no later than **xxxxx, 2023**. You cannot speak at the hearing if you excluded yourself from the Settlement Class.

>> **If the hearing is conducted virtually, instructions for attending the hearing via Zoom will be available on the Court's web page: https://cand.uscourts.gov/judges/tigar-jon-s-jst/.**

## GET MORE INFORMATION

### 21. Where can I get more information?

This notice summarizes the New Settlement. For the precise terms and conditions of the New Settlement, please see the Settlement Agreement available at **www.CRTclaims.com**. We encourage you to check this website regularly for developments in this case. You can also get more information about the settlements in the litigation by:

- Calling 1-800-xxx-xxxx;
- Writing to CRT Questions, c/o The Notice Company, P.O. Box 778, Hingham, MA 02043;
- Accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov; or
- Visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay Street, Suite 400 S, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**ALL INQUIRIES CONCERNING THIS NOTICE
SHOULD BE MADE TO THE SETTLEMENT ADMINISTRATOR**

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE**