Nathan P. Eimer (*pro hac vice*)
neimer@eimerstahl.com
Vanessa G. Jacobsen (*pro hac vice*)
vjacobsen@eimerstahl.com
Brian Y. Chang (CA Bar No. 287757)
bchang@eimerstahl.com
EIMER STAHL LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
Phone: (312) 660-7600
Fax: (312) 692-1718

*Attorneys for LG Electronics, Inc.,
LG Electronics USA, Inc., and
LG Electronics Taiwan Taipei Co., Ltd.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.: 4:08-cv-01559 |
| | Master File No. 4:07-cv-05944-JST |
| This document relates to: | MDL No. 1917 |
| ANTHONY GIANASCA AND BARBARA CALDWELL *on behalf of themselves and all others similarly situated,* | **LGE'S OPPOSITION TO MOTION TO AMEND COMPLAINT OR OTHERWISE PURSUE PENDING CLAIMS** |
| Plaintiffs, | Hearing Date:   To Be Re-Noticed |
| v. | Time: |
| LG ELECTRONICS, INC., et al., | Judge:   Hon. Jon S. Tigar |
| Defendants. | Courtroom: |

LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Taiwan Taipei Co., Ltd. (collectively "LGE") oppose the Massachusetts Indirect Purchaser Plaintiffs' ("Massachusetts IPPs") Motion to Amend Complaint or Otherwise Pursue Pending Claims (Dkt. No. 6072) (the "Motion"), to the extent it seeks to revive and/or state claims against LGE.  LGE settled all IPP claims, including those of the Massachusetts IPPs, in 2013.  That settlement was approved in 2014 and was never vacated or challenged on appeal.  LGE's settlement agreement released LGE from all of the claims that Massachusetts IPPs purport to assert in their proposed amended complaint, and those class members covenanted not to sue LGE for such claims.  Yet their proposed amended complaint lists LGE as a defendant.

As explained in LGE's preliminary response to the Motion (Dkt. No. 6082), Massachusetts IPPs' counsel, Mr. Bonsignore, agreed that inclusion of LGE in the Motion and accompanying proposed amended complaint was in error.  Massachusetts IPP counsel told LGE's counsel that he would promptly amend the Motion and proposed amended complaint to remove any reference to LGE as a defendant. LGE, however, reserved the right to file an opposition if Massachusetts IPPs did not file such amendments by October 7, 2022 (the due date for Massachusetts IPPs' reply in support of their Motion).  Because Massachusetts IPPs did not, LGE submits this opposition.  Counsel for LGE repeatedly cautioned counsel for Massachusetts IPPs that if Massachusetts IPPs failed to file a correction to their Motion, LGE would be unnecessarily forced to respond and would seek to be reimbursed for the costs of doing so.  V. Jacobsen Decl. (attached hereto as Exhibit A), Exs. 1 & 3.  Unfortunately, despite numerous attempts over the course of several weeks to correct the error without troubling the Court (V. Jacobsen Decl., Exs. 1, 2, & 3), LGE has been put in that very position.

**LGE's Settlement**

LGE entered into a settlement agreement with all IPPs in May 2013, which was granted final approval on April 18, 2014.  Dkt. No. 1933-1; Dkt. No. 2542.  Alongside approval of the settlement, the Court entered final judgment of dismissal with prejudice in LGE's favor.  Dkt. No. 2543.  Per the Court's order approving the settlement, LGE obtained the release of claims from "[a]ll persons and or entities who or which indirectly purchased in the United States for their own use and not for

resale, CRT Products," with the *express* exception solely of claimants from Illinois, Oregon, and Washington. Dkt. No. 2542 ¶ 3. The attorneys general of those three States sought to amend the originally drafted LGE settlement to secure their residents' exclusion from the settlement class due to the pendency of litigation in their state courts; LGE, the IPPs, and the States of Illinois, Oregon, and Washington ultimately jointly moved for—and obtained—this limited revision to the LGE settlement prior to final approval. Dkt. No. 1988.

The attorney general of Massachusetts made no similar effort, nor did any Massachusetts plaintiff or putative class member object to the LGE settlement (including Mr. Bonsignore's named plaintiff clients). Thus, Massachusetts residents remain squarely within the scope of the LGE settlement's release. Moreover, no party—from any state—appealed the final approval order, and the time for such appeal has long since passed. Fed. R. App. P. 4(a)(1)(A). Finally—and importantly—the LGE settlement was not one of the subsequent settlements that were appealed, vacated, renegotiated, and later re-approved.

**Other IPP Settlements and Relevant Procedural History**

As the Court is well aware, on July 9, 2015, it granted preliminary approval to IPP settlements with six other defendant families. Dkt. No. 3906. Unlike LGE's settlement, however, the 2015 settlement agreements prompted various objections and related appeals—including from Massachusetts IPPs and their counsel. In the midst of those settlement challenges, Massachusetts IPP counsel (with others) moved to be appointed interim lead counsel for certain IPPs, the so-called ORS plaintiffs, Dkt. No. 5451, and to vacate a 2010 stipulated order (Dkt. No. 799) that had the effect of dismissing Massachusetts claims, Dkt. No. 5469. LGE opposed the motion to vacate the 2010 stipulated order in light of the finality of its settlement, explaining that the objections and appeals related to the 2015 settlements had "no bearing on the LGE settlement." Dkt. No. 5487. In reply, Massachusetts IPP counsel (and his co-counsel) unequivocally agreed:

> The concerns . . . LG Defendants express—that vacating the [2010] Stipulation will affect the final judgments entered among them, IPPs, and certain State Attorneys General—are groundless. **Vacating the Stipulation would leave undisturbed those final judgments and approval orders. . . . Vacatur would impact only the case that IPP class members have against the Defendants who remain subject to this**

**Court's and the Ninth Circuit's jurisdiction**.

Dkt. No. 5489 at 8 (emphasis added).

### Massachusetts IPPs' Pending Motion

On September 16, 2022, Massachusetts IPPs filed the instant Motion to Amend Complaint or Otherwise Pursue Pending Claims.  Dkt. No. 6072.  LGE opposes any effort to revive or re-assert claims against it that have been firmly and finally settled for nearly a decade.  The Massachusetts IPPs released their claims against LGE and additionally covenanted not to sue LGE for these claims.  Accordingly, any attempt to include LGE in further IPP litigation breaches the settlement agreement and violates this Court's order granting final approval of that settlement.  Yet LGE is listed in the caption of Massachusetts IPPs' motion and is included among the defendants listed in the proposed amended complaint.  *E.g.*, Dkt. No. 6072-5 ¶¶ 20–22.

Accordingly, LGE asks the Court to deny Massachusetts IPPs' motion and/or strike LGE as a defendant in any permitted amended pleading.  If Massachusetts IPPs raise any grounds for re-asserting the released claims against LGE in any subsequent filings, LGE requests the opportunity to fully address those arguments through additional briefing.

### Conclusion

Massachusetts IPPs' counsel—namely, Mr. Bonsignore—has been part of this long-running case and representing these very same Massachusetts IPPs since its inception, meaning he unquestionably should have known that including LGE in the Motion and proposed amended complaint was improper.  Massachusetts IPPs' counsel subsequently agreed that it was an error to name LGE as a defendant, but failed to timely amend the Motion and proposed amended complaint, forcing LGE and this Court to spend unnecessary time addressing a facially improper motion.  LGE respectfully asks the Court to deny Massachusetts IPPs' motion and/or strike LGE as a defendant in any permitted amended pleading and for any other relief that this Court deems appropriate.  *See* Dkt. No 5878, at 6. ("Under its inherent authority, a district court may 'sanction a litigant for bad-faith conduct by ordering it to pay the other side's legal fees.'") (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1183–84 (2017)).

| | |
|---|---|
| Dated: October 31, 2022 | By: /s/ Nathan P. Eimer<br>Nathan P. Eimer (*pro hac vice*)<br>neimer@eimerstahl.com<br>Vanessa G. Jacobsen (*pro hac vice*)<br>vjacobsen@eimerstahl.com<br>EIMER STAHL LLP<br>224 South Michigan Avenue, Suite 1100<br>Chicago, IL 60604<br>Telephone: (312) 660-7600<br>Facsimile: (312) 692-1718<br><br>Brian Y. Chang (CA Bar No. 287757)<br>bchang@eimerstahl.com<br>99 South Almaden Boulevard, Suite 662<br>San Jose, CA 95113<br>Telephone: (669) 231-8755<br><br>*Attorneys for LG Electronics, Inc.,*<br>*LG Electronics USA, Inc., and*<br>*LG Electronics Taiwan Taipei Co., Ltd.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: October 31, 2022

                                            */s/ Nathan P. Eimer*
                                              Nathan P. Eimer