# Exhibit 1

| | |
|---|---|
| **From:** | Eimer, Nate |
| **Sent:** | Wednesday, September 21, 2022 4:47 PM |
| **To:** | Jacobsen, Vanessa G.; rbonsignore@class-actions.us; rbonsignore@classactions.us |
| **Cc:** | fwhitaker@classactions.us |
| **Subject:** | RE: Activity in Case 4:07-cv-05944-JST MDL No. 1917 In Re: Cathode Ray Tube (CRT) Antitrust Litigation Motion to Amend/Correct |

Thanks Bob.

I would think that the simple solution is to file a revised amended complaint that omits the LG defendants in the listing of defendants.

Thanks

Nate

---

**Nathan P. Eimer**

Eimer Stahl LLP
224 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Phone: 312-660-7601 Fax: 312-692-1718
neimer@EimerStahl.com

www.eimerstahl.com

NOTICE: This e-mail message and any attachments transmitted with it may contain legally privileged and confidential information. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and all attachments. Legal advice contained in the preceding message is solely for the benefit of the Eimer Stahl LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

**From:** Jacobsen, Vanessa G. <vjacobsen@EimerStahl.com>
**Sent:** Wednesday, September 21, 2022 4:22 PM
**To:** rbonsignore@class-actions.us; rbonsignore@classactions.us
**Cc:** fwhitaker@classactions.us; Eimer, Nate <neimer@EimerStahl.com>
**Subject:** RE: Activity in Case 4:07-cv-05944-JST MDL No. 1917 In Re: Cathode Ray Tube (CRT) Antitrust Litigation Motion to Amend/Correct

Dear Mr. Bonsignore,

Per your request to Nate Eimer this morning, attached are (1) the May 2013 IPP settlement agreement with the LG companies (LG) and (2) Judge Conti's April 2014 order granting final approval of that settlement. As you will see, in his final approval order, Judge Conti certified a "settlement class ("the 'Class')" that included "[a]ll persons and entities who or which indirectly purchased in the United States for their own use and not for resale , CRT Products . . . ." *See* Final Approval Order at ¶¶ 2-3. Excluded from the "Nationwide Class" were the claims of Illinois, Oregon and Washington CRT purchasers, as the attorneys general of those states moved to exclude those claims from the LG settlement. Claims of Massachusetts purchasers, however, were not excluded. Nor did any Massachusetts purchaser, including named Massachusetts plaintiffs Gianasca and Caldwell, object to the LG settlement or challenge it on appeal. LG's IPP

settlement remains in full force and was not part of the various challenges and vacatur of later IPP settlements with other defendants.

Judge Conti entered Final Judgment of Dismissal with Prejudice as to the LG companies on April 18, 2014. You may recall that, as a result of LG's settlement and dismissal, you informed Judge Tigar that he no longer had jurisdiction over the LG companies in your reply brief supporting your motion to vacate the 2010 stipulation (which resulted in dismissal of the Massachusetts claims). *See* ECF 5489. In particular, your reply brief stated:

> The concerns the Chunghwa and LG Defendants express—that vacating the Stipulation will affect the final judgments entered among them, IPPs, and certain State Attorneys General—are groundless. **Vacating the Stipulation would leave undisturbed those final judgments and approval orders, and the ORS Plaintiffs have not moved for any such relief. Vacatur would impact only the case that IPP class members have against the Defendants who remain subject to this Court's and the Ninth Circuit's jurisdiction**.

*Id*. at 8 (emphasis added, internal citations omitted).

We also note that the terms of the settlement agreement provide LG with a broad release, and the releasor class members also covenanted not to sue LG for any of the released claims. Settlement at ¶ 13. The agreement further states that the "Releasors shall look solely to the Settlement Fund for settlement and satisfaction against the LG Releasees of all Released Claims, and shall have no other recovery against LG or any other LG Releasee." Settlement at ¶ 19. It further states: "After this Agreement becomes final within the meaning of Paragraph 11, the Settlement Fund shall be distributed in accordance with a plan to be submitted at the appropriate time by Plaintiffs, subject to approval by the Court. In no event shall any LG Releasee have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such distribution and administration, with the sole exception of the provisions set forth in Paragraph 18(a) of this Agreement. LG shall be dismissed from this Action prior to any distribution of this Settlement Fund and shall have no involvement in the distribution of this Settlement Fund." *Id.* at ¶ 20. It is our understanding that Judge Tigar recently approved the distribution of the IPP net settlement fund, which included LG's settlement payment.

We trust that this refreshes your memory of the history and scope of LG's settlement with IPP purchasers. In light of this information, please confirm that the Massachusetts plaintiffs are not attempting to re-assert claims against LG that they already released and as to which they covenanted not to sue LG. We would appreciate receiving your confirmation as soon as possible so that we may avoid the expense of responding to your recent motion and the need to move for costs and sanctions.

Best regards,

Vanessa Jacobsen

---

**From:** Jacobsen, Vanessa G.
**Sent:** Monday, September 19, 2022 5:12 PM
**To:** 'rbonsignore@class-actions.us' <rbonsignore@class-actions.us>; 'rbonsignore@classactions.us' <rbonsignore@classactions.us>
**Cc:** 'fwhitaker@classactions.us' <fwhitaker@classactions.us>; Eimer, Nate <neimer@EimerStahl.com>
**Subject:** FW: Activity in Case 4:07-cv-05944-JST MDL No. 1917 In Re: Cathode Ray Tube (CRT) Antitrust Litigation Motion to Amend/Correct

Dear Mr. Bonsignore,

I'm writing regarding your recent motion in the CRT case and to follow up on Nate Eimer's related discussion with Frances Whitaker. As Nate discussed with Ms. Whitaker, we assume that your motion is not directed at the LG

2

companies (LG) and that you did not intend to assert any claims against LG by virtue of your proposed amended pleading. LG was not part of the 2015 settlements to which you objected and appealed, nor was LG's separate and earlier settlement with the IPPs ever vacated or challenged on appeal. Ms. Whitaker mentioned that she is new to the matter and could not confirm that the reference to LG as a defendant in the proposed amended pleading was simply a holdover from earlier versions of the complaint, as opposed to attempting to re-assert claims against LG, so she directed us to confirm with you. Can you please confirm by response email that the Massachusetts plaintiffs are not, in fact, attempting to re-assert claims against LG?

Thank you.

Best regards,

Vanessa Jacobsen

**From:** ECF-CAND@cand.uscourts.gov <ECF-CAND@cand.uscourts.gov>
**Sent:** Friday, September 16, 2022 3:58 PM
**To:** efiling@cand.uscourts.gov
**Subject:** Activity in Case 4:07-cv-05944-JST MDL No. 1917 In Re: Cathode Ray Tube (CRT) Antitrust Litigation Motion to Amend/Correct

WARNING: External Email.

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

California Northern District

## Notice of Electronic Filing

The following transaction was entered by Bonsignore, Robert on 9/16/2022 at 1:57 PM and filed on 9/16/2022
**Case Name:**       MDL No. 1917 In Re: Cathode Ray Tube (CRT) Antitrust Litigation
**Case Number:**     4:07-cv-05944-JST
**Filer:**           Anthony Gianasca
**Document Number:** 6072

**Docket Text:**
**MOTION to Amend/Correct [1526] Amended Complaint filed by Anthony Gianasca. Motion Hearing set for 12/15/2022 02:00 PM in Do Not Use Videoconference Only before Judge Jon S. Tigar. Responses due by 9/30/2022. Replies due by 10/7/2022. (Attachments: # (1) Exhibit 1, # (2) Exhibit 2, # (3) Exhibit 3, # (4) Exhibit 4, # (5) Exhibit 5)(Bonsignore, Robert) (Filed on 9/16/2022)**

**4:07-cv-05944-JST Notice has been electronically mailed to:**