MARIO N. ALIOTO (56433)
LAUREN C. CAPURRO (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
Email: malioto@tatp.com;
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **NOTICE OF ENTRY OF REPORT & RECOMMENDATION BY SPECIAL MASTER** |
| *ALL DIRECT PURCHASER ACTIONS*<br>*ALL INDIRECT PURCHASER ACTIONS* | Judge: Hon. Jon S. Tigar<br>Special Master: Hon. Vaughn R. Walker (Ret.) |

1     TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

2     PLEASE TAKE NOTICE that the Honorable Vaughn R. Walker (Ret.), the Special Master

3  appointed to hear discovery matters in this litigation (ECF Nos. 2272, 5301), entered the attached

4  Special Master's Report & Recommendation on Irico's Failure to Produce Su Xiaohua For

5  Deposition. The Special Master requested that Counsel submit the Report & Recommendation to

6  the Court.

Dated: November 21, 2022                Respectfully submitted,

/s/ Mario N. Alioto
Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

Vaughn R Walker
ADR/Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA  94111
Tel:  (415) 871-2888
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Relates to:<br><br>*ALL DIRECT PURCHASER ACTIONS*<br><br>*ALL INDIRECT PURCHASER ACTIONS* | Master Case No 07-cv-05944-JST<br><br>MDL No 1917<br><br>**SPECIAL MASTER'S REPORT & RECOMMENDATION ON IRICO'S FAILURE TO PRODUCE SU XIAOHUA FOR DEPOSITION** |

As directed by the court, the DPPs and the IPPs (the "PPs") and Defendants Irico Display Devices Co, Ltd and Irico Group Corporation (collectively "Irico") submitted a joint brief concerning the "legal consequences" of Irico's failure to produce Su Xiaohua, a former Irico employee, for his deposition.  ECF 6101.  On November 1, 2022, the court referred this matter to the undersigned.  ECF No 6107.  This referral requires a somewhat detailed review of proceedings in this litigation.

The undersigned issues this discovery report and recommendation pursuant to this reference and the court's appointments.  *See* ECF 5301, 6107.  It addresses the factual

SPECIAL MASTER'S REPORT & RECOMMENDATION                                                                                     1

background of this matter, the parties' conduct, their respective positions and the undersigned's recommended courses of action.

**FACTUAL BACKGROUND**

After appearing and litigating in these proceedings for almost two years, Irico directed their counsel to cease representing them and failed to answer or otherwise participate in their own defense in 2010. ECF 5191. Meanwhile, this multidistrict litigation proceeded with nine other defendant groups for about seven years. *Id*. The DPPs obtained entry of default and on August 14, 2017, moved for default judgment against Irico. ECF 4727, 5191. On October 25, 2017, Irico reappeared and moved to set aside the entry of default, explaining that it failed to answer because it believed the court lacked subject matter jurisdiction under the FSIA. ECF 5214, 5215, 5215-1 (Wenkai Zhang Dec). On February 1, 2018, the court set aside Irico's default, reopened the case and ordered that the DPPs were "free to undertake jurisdictional discovery." ECF 5240. Following the order setting aside default and reopening the case, DPPs served jurisdictional and merits discovery. Irico responded only to the jurisdictional discovery requests and refused to respond to the merits discovery.

In March 2018, the DPPs submitted a letter to the undersigned, seeking to compel Irico to respond to certain merits discovery requests. The undersigned deferred to the court's guidance on whether any merits discovery would be appropriate at this time. ECF 5264 at 2; ECF 5301. On April 24, 2018, the court denied the DPPs' motion to compel Irico to "respond to five discovery requests filed in 2010 and 2011," reasoning that because there was a substantial question regarding a defendant's immunity from suit under the Foreign Sovereign Immunities Act, the parties should conduct jurisdictional discovery promptly before embarking on merits discovery. ECF 5277. Meanwhile, the parties worked through jurisdictional discovery and the undersigned issued recommended orders on a number of discovery disputes which the court has accepted and ordered.

On August 2, 2018, the undersigned granted DPPs' motion for jurisdictional discovery. ECF 5320. Irico had asserted that it had no United States sales of CRT products and

SPECIAL MASTER'S REPORT & RECOMMENDATION 2

submitted the sworn declaration of its employee Wenkai Zhang, stating: "Irico is not aware of any sales by Irico of CRT products, including DPT or CDT products, to customers in the United States, either directly or indirectly through a distributor." ECF 5320 at 4. Recently produced documents regarding Caihong's sales of Irico's CRT products in the United States disclosed that Wenkai Zhang's sworn statement was incorrect. Irico has not disputed the DPPs' contention that Irico's declaration was untrustworthy. Irico attempted a claw back of its production and then withdrew its claw back request. Accordingly, the undersigned ordered Irico, *inter alia*, to supplement its responses and conduct further searches for responsive documents. ECF 5320.

On September 26, 2018, the undersigned granted the DPPs' Motion to Compel Compliance with August 2, 2018 Order re Jurisdictional Discovery. ECF 5331. The order noted Irico's contentions that: (1) because "Irico made no direct sales to the U.S.," it "cannot provide discovery responses related to nonexistent sales," and (2) Caihong, a company that exported Irico's CRT products into the United States, was "independent from the Irico defendants at all relevant times." ECF 5331 at 4-5. But the August 2, 2018 Order required Irico to produce documents regarding "any and all sales of Irico CRT Products into the United States during the class period *by any party whether related or not, including . . . Caihong Co*, and any other entity that exported Irico's CRT products into the United States." ECF 5331 at 5 (emphasis added). Based on an exhibit that Irico submitted in support of its opposition to the discovery motion, it appeared that Irico Group owned 100% of Caihong Co as of May 8, 2014. ECF 5331 at 5-6. Accordingly, Irico was ordered to produce documents and information in electronic form relating to any entity's sales and marketing of Irico's CRT products for the United States market, including sales and marketing by Caihong Co and to produce documents relating to the relationships between each of the Irico defendants and such entities [that sold or marketed Irico's CRT products for the United States market], including Caihong Co, from 1995 to the present. ECF 5331 at 8.

On September 27, 2018, the undersigned issued a recommended order granting the IPPs' Motion to Compel Jurisdictional Discovery, and requiring Irico to "conduct a renewed search for documents responsive to the full scope of IPPs' RFP No 18," "provide a detailed

SPECIAL MASTER'S REPORT & RECOMMENDATION 3

description of its search methodology for documents responsive to RFP No 18," "produce all responsive documents in electronic form and provide a sworn statement to the effect that Irico has completed its renewed search and that either it did not locate responsive documents or has produced all documents responsive to RFP No 18." ECF 5332 at 9 (Oct 16, 2018 Order Accepting Special Master's Recommended Order).

After full briefing and hearing, the court issued its October 28, 2019 order denying Irico's motions to dismiss the DPPs and IPPs' claims for lack of jurisdiction, concluding that the "Court's exercise of jurisdiction over the Irico Defendants is not barred by the Foreign Sovereign Immunities Act." ECF 5637 at 13. On November 22, 2019, Irico appealed this ruling to the Ninth Circuit and sought a stay of proceedings pending appeal. ECF 5650, 5651. On February 4, 2020, the court granted Irico's motion to stay proceedings pending disposition of the appeal before the Ninth Circuit. ECF 5682.

Then, after the appeals were fully briefed, Irico withdrew its appeal seven weeks before scheduled oral argument, abandoning its FSIA defense. *See* ECF 5650, 5861. The Ninth Circuit dismissed the appeal with prejudice. ECF No 5861.

On December 22, 2021, the undersigned granted the PPs' motion to compel Irico to provide further responses to interrogatories, finding certain responses inadequate and incomplete. ECF 5978. Notably, the DPPs' Interrogatory No 2 was directed to whether Irico implemented a litigation hold to preserve potentially discoverable evidence. Irico's response stated that "in summer 2008, the company orally instructed key employees to preserve documents related to sales of CRT to the United States. It was determined that Irico possessed no such documents." ECF 5978 at 5. Irico's response further stated that in September 2017, Irico "managers conveyed this message [to preserve existing documents relevant to the litigation from 1995 to 2007] orally to relevant employees under their supervision." ECF 5978 at 5. The December 22 order set forth multiple deficiencies in Irico's interrogatory response and directed Irico to furnish a supplemental response with specific additional information. ECF 5978 at 6-8.

SPECIAL MASTER'S REPORT & RECOMMENDATION

4

On January 10, 2022, the court ordered, pursuant to the parties' stipulation, modified discovery deadlines, including that: (1) "[t]he depositions of Su Xiaohua and Wang Zhaojie shall take place via videoconference from Hong Kong no later than March 18, 2022 (Hong Kong time) (DPP and IPP actions)," (2) Plaintiffs shall propound any additional discovery and take any depositions with sufficient time to close Fact Discovery on May 17, 2022.  ECF 5980.

On March 18, 2022, the court ordered, pursuant to the parties stipulation, modified discovery deadlines:  (1) the March 18, 2022 deadline for the depositions of Su Xiaohua and Wang Zhaojie was vacated; (2) "[t]he depositions of Su Xiaohua, Wang Zhaojie, and Yan Yunlong shall be completed by no later than May 31, 2022;" and (3) Plaintiffs shall propound any additional discovery and take any additional depositions with sufficient time to close Fact Discovery on August 1, 2022."  ECF 5999.

On May 25, 2022, the court, pursuant to the parties' stipulation, yet further modified discovery deadlines, including:  (1) "[t]he depositions of Su Xiaohua, Wang Zhaojie, and Yan Yunlong shall be completed by no later than June 30, 2022;" (2) Plaintiffs shall propound any additional discovery and take any additional depositions with sufficient time to close Fact Discovery on September 1, 2022;" (3) trial for the IPP action "shall commence on March 13, 2023, at 8:00 am."  ECF 6016.

On June 22, 2022, the court issued its Amended Scheduling Order for the IPP action, scheduling the trial to commence on July 24, 2023.  ECF 6024.

On June 30, 2022, Irico filed an Emergency Motion for Relief from the May 25 Scheduling Order (ECF 6016) due to its witness' refusal to travel to Macao for their depositions by the June 30, 2022 deadline due to China's quarantine restrictions.  ECF 6027 at 2.  Irico explained that "Mr. Su recently resigned from Irico and has indicated that he is not willing to travel to Macau for a deposition."  ECF 6027 at 2, n 2.  Irico also stated that "[a]fter applying for visas for its witnesses to travel to Macau in the midst of the pandemic, one of its potential witnesses, Su Xiaohua, resigned from the company rather than endure the required quarantine."  *Id* at 3.  Irico requested an extension of the deadline for the depositions of Wang

SPECIAL MASTER'S REPORT & RECOMMENDATION                                              5

Zhaojie and Yan Yunlong for six months. *Id* at 5.  6027-3.  The PPs opposed on July 14, 2022. ECF 6030.

On August 11, 2022, the court ordered that Irico witnesses appear for deposition by September 9, 2022 and if they do not, the parties shall immediately begin meeting and conferring and thereafter file a joint document regarding the legal consequence of the witnesses' non-appearance.  ECF 6047 at 13-14.

On August 22, 2022, the court ordered, pursuant to the parties' stipulation, that due to the expiration of current visas of Irico witnesses Wang Zhaojie and Yan Yunlong, the depositions of those two witnesses could occur after the current deadline.  ECF 6056 at 1.  The Order specified "[t]he September 9, 2022, deadline for Irico witnesses to appear for depositions is hereby VACATED," but no mention was made regarding the deposition of Su Xiaohua.  *Id*. Because the Order stated that "[t]his Stipulation and Order does not modify any other dates or terms of this Court's August 11, 2022 Order except as stated above," the undersigned interprets the order as vacating the September 9, 2022 deadline for Irico witness depositions only with respect to Wang Zhaojie and Yan Yunlong.  Because no mention was made of Su, his deposition deadline of September 9, 2022, was not modified by this stipulated order.

On September 26, 2022, the court ordered, pursuant to stipulation, that the parties' deadline to file their Joint Deposition Statement was extended to October 26, 2022. ECF 6077.  The stipulated order also stated that "the Irico Defendants previously agreed to produce Irico witness Su Xiaohua for deposition, and the court ordered them to do so (see, e.g., January 10, 2022 Order, ECF No 5980); however the Irico Defendants have represented that Mr. Su resigned from all Irico-related companies on May 25, 2022."  ECF 6077.

This lengthy review affords a fresh assessment of the current discovery dispute in light of the history of these proceedings.  A few observations merit mention.  The litigation against Irico dragged out far beyond that against all other defendants that have long ago resolved.  Major contributors to the delays include:  (1) Irico's decision not to answer and defend against the claims against it, resulting in many years of delay, entry of default and motion practice to set aside the default; (2) Irico's appeal to the Ninth Circuit of the court's

SPECIAL MASTER'S REPORT & RECOMMENDATION

6

denial of its motion to dismiss for lack of jurisdiction under the FSIA, which Irico dropped weeks before oral argument was to be heard; and (3) numerous discovery skirmishes throughout the staged jurisdictional and merits discovery and many stipulated extensions to court deadlines. Throughout the entire CRT litigation, there have been many discovery disputes, but on a per defendant basis, the discovery motions involving the Irico defendants appear notably numerous. Most of the discovery disputes briefed by Irico and the PPs have resulted in orders compelling Irico to respond to discovery requests. The present discovery dispute has arisen after fact discovery closed in September 2022. ECF 6016.

**THE PARTIES' CURRENT DISPUTE**

The immediate issue before the undersigned is to determine what are the legal consequences of Irico's failure to produce Su Xiaohua for his deposition by the court-ordered deadline of September 9, 2022.

The PPs contend that they are entitled to sanctions for Irico's failure to produce Su for deposition. Irico accurately notes that the court's order did not invite a motion for sanctions but rather a joint brief on the "legal consequence" of the witness' non-appearance for deposition by September 9, 2022. Irico argues that the only possible legal consequence here is an order precluding it from identifying Su Xiaohua as a witness under FRCP 26(a)(3)(A)(1).

      **A. Whether Irico's Failure to Produce Su Xiaohua Violated a Court Order**

The PPs contend that by failing to produce Su Xiaohua, Irico violated court orders requiring it to make him available to be deposed by a date certain. ECF 6101 at 1. The PPs cite their Opposition to Irico's June 30, 2022 Emergency Motion for Relief from the Scheduling Order, ECF 6032, in which they pointed out that Irico did not move for relief from the scheduling order until the Court-ordered June 30, 2022 deadline for producing witnesses for depositions, inextricably allowed the deadline to pass and was therefore in violation of the court's order (ECF 6016). ECF 6032 at 13. Irico contends that it did not violate the May 25,

SPECIAL MASTER'S REPORT & RECOMMENDATION                                                                                          7

2022 scheduling order directing depositions by June 30, 2022 because "that deadline was later reset by the Court to September 9, 2022." ECF 6101 at 13.

The court's order reflected in the transcript of the August 11, 2022 hearing on Irico's Emergency Motion (ECF 6047) expressly stated that the court was "unable to find good cause under Rule 16" to set aside the scheduling order. ECF 6047, 12:10-13:6. The court then ordered the Irico witnesses to be deposed by September 9, 2022, and if fewer than all of the witnesses testify, the parties shall file a document indicating that they are either dropping their dispute or setting forth their positions on the legal consequence of the witness' failure to appear. ECF 6047, 13:10-14:7. The court left open the option for the parties to seek leave for further briefing based on bad faith or discovery failure on Irico's part. ECF 6047, 13:23-14:1. On this record, it appears that Irico did violate the court's order (ECF 6016) by not producing witnesses for depositions by June 30, 2022 and by failing to demonstrate good cause to set aside that order. But the court sought to keep the parties focused on getting the Irico witnesses' depositions taken and left open the possibility of further briefing for bad faith or other discovery failure on Irico's part. Hence, the court's resetting of the deposition deadline may not necessarily be interpreted as granting Irico's Emergency Motion or erasing Irico's violation of the May 25, 2022 scheduling order.

Next, Irico claims that it complied with the stipulated order (ECF 6056) that vacated the September 9, 2022 deadline for the depositions of Irico's witnesses Wang and Yang by producing those two witnesses. ECF 6101 at 13:17-21. As discussed above, the stipulated order may be read as pertaining only to Irico witnesses Wang and Yang and leaving in place the deposition deadline of September 9, 2022 for Su Xiaohua.

Whether there has been a violation of a court order is an open issue that should be subject to briefing by the parties.

### B. Irico's Awareness of Su's Intent to Resign and Resignation.

The PPs recount what they characterize as a ten-month, ultimately futile effort to depose Su Xiaohua that culminated in Irico's June 7, 2022 disclosure that two weeks before

SPECIAL MASTER'S REPORT & RECOMMENDATION 8

this, Su Xiaohua had resigned.  The PPs allege that Irico negotiated extensions to the deposition schedule in bad faith, knowing in April 2022 that Su Xiaohua intended to resign and would not submit to a deposition.  The PPs cite to the deposition testimony of Irico's General Counsel, Yan Yunlong from September 27-29, 2022, in which he stated: "At some point in April, he [Su] informed us that he was going to leave Irico, and he told us that he was not able to make time to be deposed in this case as a witness. . .."  ECF 6101 at 5, n 12.  Apparently Yan Yunlong did not change the date of his knowledge of Su Xiaohua's intention to resign during his redirect examination.  *See* ECF 6101 at 4.

Irico asserts that it "did not know Mr. Su intended to resign before it happened" (ECF 6101 at 10) and that "Irico only learned of Mr. Su's decision to depart on May 31, 2022, six days after the May 25th Order" (ECF 6101 at 14).  In support, Irico cites the July 21, 2022 declaration of its Deputy General Counsel, Zhang Wenkai, which states: "Although Su Xiaohua formally resigned from Irico Foshan Flat Panel Display Co., Ltd., the Irico subsidiary who most recently employed him, on May 25, 2022, I did not learn of Mr. Su's resignation until May 31, 2022." ECF 6036-1, ¶4.  The Zhang Wenkai declaration speaks only to his personal knowledge, not Irico's.  If Su Xiaohua "formally resigned" on May 25, 2022, he must have taken some actions and submitted written notice of his "formal resignation" to others at Irico.  Also, Zhang Wenkai's declaration fails to state when others at Irico first learned of Su Xiaohua's informal resignation, his intent to resign and his decision to resign rather than be deposed.  Contrary to Irico's argument (ECF 6101 at 14), this Zhang declaration cannot be considered "reliable evidence" that "Irico only learned of Mr. Su's decision to depart on May 31, 2022."  It should be noted that Irico has submitted an incorrect declaration in this litigation previously.  *See* ECF 5320.

Interestingly, Su Xiaohua's formal resignation occurred on the same date on which the court issued the stipulated order that: "[t]he depositions of Su Xiaohua, Wang Zhaojie, and Yan Yunlong shall be completed by no later than June 30, 2022." ECF 6106 at 2.  The question of when Irico first learned of Su Xiaohua's intention to resign has not been clarified and the individuals who received or were aware of that information, not specified.

SPECIAL MASTER'S REPORT & RECOMMENDATION 9

### C. Whether Su Xiaohua's Failure to Appear Was Outside of Irico's Control

A sanction for failure to appear for deposition may be imposed against a party or its officer, director or managing agent or a person identified under FRCP 30(b)(6) or FRCP 31(a)(4). Su Xiaohua is not a current officer, director or managing agent and Irico appears not to have formally identified Su Xiaohua under FRCP 30(b)(6). Irico cites cases and suggests that Su Xiaohua, a former employee, would be considered a recalcitrant, nonparty witness, whose nonappearance is outside of Irico's control. *See* ECF 6101 at 14. But Irico provides no information supporting its assertions that Su Xiaohua's nonappearance was outside of its control or that Irico made efforts to persuade Su Xiaohua to appear for his deposition as Irico did for the two other Irico witnesses. ECF 6101 at 14. Courts have found that former employees may be considered managing agents or within the former employer's control under certain circumstances. *See e g, Alcan Intern'l Ltd v SA Day Mfg Co, Inc*, 176 FRD 75, (WD New York, 1996) (court granted motion to compel deposition of retired former employee with direct knowledge of relevant information unavailable from any other source over party's claim that he was a nonparty witness).

Su Xiaohua was an Irico Group general manager of purchasing and sales for at least eight years during the class period, has personal knowledge of matters that are highly relevant to this litigation and is likely the only Irico witness with personal knowledge of key facts and events. In an interrogatory response, Irico stated that as Irico Group's Deputy General Manager for Sales, Su Xiaohua attended an event hosted by Skyworth "at which he interacted with other CRT manufacturers." ECF 6032-1 at 180:10-17, Exh J. Su Xiaohua held this position from April 1, 2005 to March 1, 2007. *Id* at 164, Exh I. From March 1, 2007 to August 1, 2013, Su Xiaohua was deputy general manager and general manager of the purchasing department of Irico Group Electronics. *Id.* Su Xiaohua appears subsequently to have held even more responsible positions, including "Vice General Manager, Planning, Irico Sales Company and Irico Sales Department." *Id* at 118-19.

With supporting deposition transcript excerpts, the PPs contend that the two other Irico witnesses suffered from lack of contemporaneous knowledge, lack of memory or failure to understand the questions, and that "there were apparently no other witnesses with any relevant knowledge *other than* Mr. Su." ECF 6101 at 5-6. Irico has failed to support with evidence its argument that Su Xiaohua was outside of Irico's control or has no ongoing relationship with Irico or any of its related entities.

### D. Recommendation of Targeted Document Production

In light of this background, the undersigned makes the following observations:

(1) Irico originally identified Su Xiaohua as one of the two persons knowledgeable regarding a number of discovery requests;

(2) Irico argued to the court that it had made diligent efforts to produce two other witnesses for their depositions despite their unwillingness to travel to Hong Kong or Macau during the Covid19 pandemic and face long quarantine periods upon return (ECF 6027 at 2:21-22; 7:11-16);

(3) Irico did not address its efforts to produce Su Xiaohua for deposition (see 6/30/22 Zhang Wenkai Dec, ECF 6027-3, ¶6 ("Su Xiaohua formally resigned from Irico on May 25, 2022. I contacted Mr. Su and learned that Mr. Su resigned because he refused to travel to Macau for a deposition given the severe quarantine requirements that he would face upon his return to mainland China (21+7 Policy) and his ongoing care of his elderly mother.");

(4) the two Irico witnesses who did testify, repeatedly claimed lack of knowledge, lack of memory and failure to understand the questions (ECF 6101 at 5-6);

(5) Su Xiaohua held high-level positions such as Deputy general manager and general manager of Sales, Purchasing at Irico from 2005 through 2013 that placed him at CRT meetings and it appears that he is the most knowledgeable Irico witness on the matters relevant to this litigation; and

(6) Irico has not disclosed when anyone at Irico first learned of Su Xiaohua's intent to resign, the earliest date on which he provided notice of his intent to resign (informally), the

SPECIAL MASTER'S REPORT & RECOMMENDATION

11

circumstances of and any correspondence regarding his intent to resign, and any agreements or any ongoing relationships between Irico and Su Xiaohua, e g, consulting agreements, pensions, benefits, awareness of future or present employment with an Irico affiliate.

Because fact discovery closed in September 2022, the options available to determine -- as the court has directed – the legal consequences of Irico's failure to produce Su Xiaohua for his deposition appear limited without relief from the order closing discovery.  The unavailability of a key witness who was an Irico general manager of sales and purchasing with personal knowledge of Irico's CRT meetings with competitors during 8-years of the class period is highly detrimental to resolution of this litigation on its merits.  Furthermore, Irico's statement that Su Xiaohua's resignation was motivated by a desire to avoid his deposition due to the onerous covid19 quarantine and travel restrictions in place, the lack of knowledge or recollection of the other two Irico witnesses who were deposed and the chronology recited herein paints an unflattering picture of Irico.  In a case with very similar facts, *Beijing Choice Elec Tech Co v Contec Med Sys USA Inc*, 2021 WL 9184385 at *2 (ND Ill Dec 17, 2021), the magistrate judge recommended sanctioning a party for failure to comply with a court-ordered deposition where the witness informed his employer that he would terminate his employment if he was required to travel abroad [outside mainland China to Macau] for his deposition and the witness' later resignation was the reason for the party's failure to produce him for his deposition.  *See also SEC v Hong*, 2021 WL 4803497 (CD Cal Sept 17, 2021); *Estate of Boyles v Gree USA, Inc*, 2021 WL 3292727 (MD NC Aug 2, 2021).

At a minimum, the undersigned recommends that the court order Irico to produce targeted discovery of all documents (hard copy or electronic) relating or referring to:

(1) Su Xiaohua's deposition, including notice, scheduling, preparation and any discussions therefor;

(2) Su Xiaohua's resignation (formal or informal), including any conversations or questions about his intended resignation;

SPECIAL MASTER'S REPORT & RECOMMENDATION

12

  (3) Su Xiaohua's past, current or future relationship(s) with Irico or any of its related entities, including Caihong Co, such as consulting agreements, stock options, pension or other benefits;

  (4) Su Xiaohua's current or anticipated employment status, with any company or entities, including any requests for recommendation or references from any Irico employee or agent;

  (5) Irico's efforts to comply with the order to produce Su for deposition;

  (6) The timing of when any Irico employee or agent first learned of Su Xiaohua's resignation or retirement (formal or informal), his intention to resign or retire and steps taken in preparation for resignation or retirement; and

  (7) Irico's continuing control or persuasive influence with respect to Su Xiaohua.

As appropriate, Irico's counsel should also produce a privilege log for documents within the scope of this order for which privilege is asserted. Irico should be directed to produce this discovery no later than two weeks from the date of the court's acceptance and ordering of this recommendation, if the court does so accept this recommendation.

To the extent any of the foregoing, in the court's view, requires the close of discovery be lifted, the undersigned so RECOMMENDS.

**E. Motions for Sanctions for Discovery Misconduct**

Whether or not this targeted discovery is ordered and produced, the parties may submit motions for sanctions for any discovery misconduct throughout the history of this case in the form of letter briefs to the undersigned. In particular, the PPs may submit their motion for sanctions for Irico's failure to comply with the court's orders that Su's deposition be taken. *See* ECF 6047.

The usual discovery briefing schedule shall apply.

Date:   November 18, 2022

                    _____
                      Vaughn R Walker
                   United States District Judge (Ret)

SPECIAL MASTER'S REPORT & RECOMMENDATION              13

The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

Date: _____

                                                    _____
                                                          Honorable Jon S Tigar
                                                      United States District Judge