UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917<br>Case No. 07-cv-05944-JST |
| This order relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISSEMINATE NOTICE OF DIRECT PURCHASER CLASS CERTIFICATION**<br><br>Re: ECF No. 6067 |

The Court granted Direct Purchaser Plaintiffs' ("DPPs") motion for class certification as to Defendants Irico Group Corporation and Irico Display Devices Co., Ltd. (collectively, "Irico") on August 1, 2022. ECF No. 6042. DPPs now move the Court for an order approving dissemination of class notice. ECF No. 6067. With one substantive exception, the proposed notice and plan mirror a prior notice and plan regarding DPPs' settlement with Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc. (f/k/a Mitsubishi Electric & Electronics USA, Inc.), and Mitsubishi Electric Visual Solutions America, Inc. (f/k/a Mitsubishi Digital Electronics America, Inc.) (collectively "Mitsubishi"). The exception is that DPPs propose identifying six new affiliates in the notice currently before the Court.

Irico does not oppose the motion except for DPPs' proposal to include the six new affiliates. DPPs rely on the Court's earlier conclusion, when approving the notice as to the Mitsubishi settlement, that "[t]he merits of the DPPs' allegations [concerning whether a particular entity is an affiliate or subsidiary] are irrelevant on a motion to disseminate notice. Indeed, the point of a notice to class members is, in part, to inform them about the nature of the allegations being asserted on their behalf, including, in this case, the identity of alleged co-conspirator affiliates and subsidiaries." ECF No. 4176 at 3. The disputed entities for the Mitsubishi

settlement were alleged to be "affiliates or subsidiaries of the co-conspirator defendants" in the second amended complaint. *Id.* That situation differs from the facts here, where DPPs propose to name in the class notice entities that have not been alleged to be affiliates or subsidiaries.

While DPPs argue that other entities not identified in the complaint were included in the Mitsubishi notice "without objection," ECF No. 6075 at 3, Irico now objects to the inclusion of six additional entities in the class notice. DPPs correctly observe that "Irico cites no cases limiting the entities listed in class notices to those identified in the underlying complaint," *id.*, but DPPs also have cited no authority that such entities *should* be included in the class notice. In the absence of any such authority, the Court declines to grant DPPs' request to include in the class notice entities as to which no allegations have been made and about the inclusion of which the parties do not agree.

DPPs' motion is otherwise granted.

The parties shall meet and confer regarding a revised class notice consistent with this order and a revised proposed order regarding dissemination of class notice. DPPs shall file either a stipulation, or a proposed order approved as to form by Irico, within 14 days of the date of this order.

**IT IS SO ORDERED.**

Dated: December 8, 2022



JON S. TIGAR
United States District Judge

2