JEFFREY L. KESSLER  (*pro hac vice*)
JKessler@winston.com
EVA W. COLE  (*pro hac vice*)
EWCole@winston.com
KEVIN B. GOLDSTEIN  (*pro hac vice*)
KBGoldstein@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166

Telephone:     (212) 294-6700
Facsimile:     (212) 294-4700

*Attorneys for Intervenors-Proposed Defendants*
*Panasonic Corporation, Panasonic Corporation of*
*North America, and MT Picture Display Co., Ltd*

*Additional Counsel Listed on Signature Page*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.: 07-cv-05944-JST |
| | MDL No. 1917 |
| This document relates to:<br>All Indirect Purchaser Actions | **MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AND 28 U.S.C. § 1927** |
| | Date:     February 23, 2023<br>Time:     2:00 PM<br>Place:    Courtroom 6, 2nd Floor |

# TABLE OF CONTENTS

Page(s)

TABLE OF CONTENTS............................................................................................................i

TABLE OF AUTHORITIES....................................................................................................ii

NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO FED. R.
CIV. P. 11 AND 28 U.S.C. § 1927.........................................................................................v

MEMORANDUM OF POINTS AND AUTHORITIES ..........................................................1

I.      PRELIMINARY STATEMENT ...................................................................................1
II.     STATEMENT OF FACTS AND BACKGROUND......................................................3
        A.      Massachusetts Counsel Represent Caldwell and Gianasca Beginning in
                2008.................................................................................................................3
        B.      Caldwell and Gianasca Abandon Their Claims by 2010..................................3
        C.      The IPP Litigation Continues Without Massachusetts Claims, and
                Defendants Settle.............................................................................................4
        D.      Massachusetts Counsel Attempt to Reassert Caldwell and Gianasca's
                Claims Beginning in 2019, and the Court Denies Their Motions........................6
                1.      This Court Rules that Gianasca Cannot Amend the IPP Complaint..........6
                2.      This Court Rules that Massachusetts Counsel's Clients Can Only Assert
                        Their Claims by Filing New Actions ...................................................6
                3.      This Court Rejects Massachusetts Counsel's Request for Reconsideration
                        and Argument that *Terry* Could Be Amended .........................................7
        E.      The Ninth Circuit Dismisses Caldwell and Gianasca's Appeal Because
                There Is No Remaining Action into Which They Could Intervene.....................7
        F.      Massachusetts Counsel File the Current Improper Motion to Amend .................8
        G.      Massachusetts Counsel Are Unwilling to Correct Their Errors.........................9
III.    ARGUMENT..............................................................................................................10
        A.      Legal Standard...............................................................................................10
        B.      Massachusetts Counsel Should be Sanctioned for Defiance of Final Orders
                Barring Their Requested Relief ......................................................................12
        C.      Massachusetts Counsel Should be Sanctioned for Pursuing Grossly
                Untimely Claims............................................................................................14
        D.      Massachusetts Counsel Should be Sanctioned for Asserting Claims
                Against Certain LGE, Panasonic, and Philips Entities in the Proposed
                Complaint Without Any Reasonable Basis........................................................17
                1.      The Improperly Named LGE Entities ...................................................17
                2.      The Improperly Named Panasonic Entities ...........................................20
                        i.      There is no reasonable basis for claims against PNA.................21
                        ii.     There is no reasonable basis for claims against MTPD..............22
                        iii.    There is no reasonable basis for claims against Matsushita
                                Malaysia ..............................................................................22
                3.      The Improperly Named Philips Entities .................................................23
IV.     CONCLUSION..........................................................................................................23

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Allen v. Bedolla,*
5     787 F.3d 1218 (9th Cir. 2015) ................................................................. 16

6

*Ayres v. Indirect Purchaser Plaintiffs,*
7     142 S. Ct. 2813 (2022).............................................................................8, 13

8

*Bell v. Publix Super Mkts., Inc.,*
    982 F.3d 468 (7th Cir. 2020) ................................................................. 13

9

*Estate of Blue v. Cnty. of Los Angeles,*
10     120 F.3d 982 (9th Cir. 1997) ................................................................. 18

11

*Brigid Terry, et al. v. LG Elecs., Inc., et al.,*
    No. 08-1559 ..................................................................................*passim*

12

*Burda v. M. Eker Co.,*
13     2 F.3d 769 (7th Cir. 1993) ..................................................................... 11

14

*Christian v. Mattel, Inc.,*
15     286 F.3d 1118 (9th Cir. 2002) ............................................................... 10

16

*Combs v. Rockwell Int'l Corp.,*
    927 F.2d 486 (9th Cir. 1991) ................................................................. 11

17

*Cooter & Gell v. Hartmarx Corp.,*
18     496 U.S. 384 (1990)............................................................................... 10

19

*Debeikes v. Hawaiian Airlines, Inc.,*
20     No. CV 13-00504 ................................................................................... 21

21

*Edgerly v. City & Cnty. of San Francisco,*
    No. 03-cv-02169-WHA, 2005 WL 235710 (N.D. Cal. Feb. 1, 2005)................................. 12

22

*In re Flashcom, Inc.,*
23     647 F. App'x 689 (9th Cir. 2016) .........................................................12, 14

24

*Frye v. Pena,*
25     199 F.3d 1332 (9th Cir. 1999) ............................................................... 20

26

*Giovanni v. Sea-Land Serv., Inc.,*
    No. 95-cv-4259-NMC, 1997 WL 227897 (N.D. Cal. Apr. 28, 1997), *aff'd*, 145
27     F.3d 1337 (9th Cir. 1998)...................................................................... 10

28

*Kaufman v. Int'l Long Shore & Warehouse Union*,
   No. 16-cv-03386-JST, 2017 WL 3335760 (N.D. Cal. Aug. 4, 2017) (Tigar, J.) ................. 10

*Kwok v. Recontrust Co., N.A.*,
   No. 2:09-cv-2298-RLH, 2010 WL 4810704 (D. Nev. Nov. 19, 2010) ............................... 12

*Matsumaru v. Sato*,
   521 F.Supp.2d 1013 (D. Ariz. Nov. 14, 2007) .................................................... 15

*Mellow v. Sacramento Cnty.*,
   365 F. App'x 57 (9th Cir. 2010) .............................................................. 11

*Mir v. Little Co. of Mary Hosp.*,
   844 F.2d 646 (9th Cir. 1988) ................................................................ 15

*In re: Phenylpropanolamine (PPA) Prod. Liab. Litig.*,
   No. C03-1101, 2006 WL 8446679 (W.D. Wash. May 16, 2006) *aff'd*, 318 F.
   App'x 451 (9th Cir. 2008) .................................................................. 16

*Rocky Mtn. Farmers Union v. Corey*,
   913 F.3d 940 (9th Cir. 2019) ................................................................ 12

*Song v. Drenberg*,
   No. 18-cv-06283-LHK, 2021 WL 4846779 (N.D. Cal. Oct. 18, 2021) ............................... 12

*SurvJustice Inc. v. DeVos*,
   No. 18-cv-00535-JSC, 2019 WL 1427447 (N.D. Cal. Mar. 29, 2019) ............................... 19

*Terry v. LG Elecs., Inc.*,
   Case No. 4:08-cv-01559 (March 21, 2008), ECF No. 1 ........................................... 16

*Truesdell v. S. Cal. Permanente Med. Grp.*,
   209 F.R.D. 169 (C.D. Cal. 2002) ............................................................. 10

*Trulis v. Barton*,
   107 F.3d 685 (9th Cir. 1996) ................................................................ 11

*United States v. Thrasher*,
   483 F.3d 977 (9th Cir. 2007) ................................................................ 12

*Zaldivar v. City of Los Angeles*,
   780 F.2d 823 (9th Cir. 1986), *overruled on other grounds by Cooter & Gell v.
   Hartmarx Corp.*, 496 U.S. 384 (1990) ........................................................ 10

**Statutes**

28 U.S.C. § 1407 ...............................................................................6, 7

28 U.S.C. § 1927 .............................................................................*passim*

Mass. Gen. Laws ch. 93A ................................................................................................ 23

Mass. Gen. Laws ch. 260, § 5A ...................................................................................... 23

**Other Authorities**

Fed. R. App. P. 4 ............................................................................................................. 19

Fed. R. Civ. P. 11 ....................................................................................................*passim*

Fed. R. Civ. P. 60 .......................................................................................................8, 14

Case No.: 4:07-cv-05944-JST

## NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AND 28 U.S.C. § 1927

TO ALL PARTIES AND THEIR ATTORNEYS:

PLEASE TAKE NOTICE that on February 23, 2022 at 2:00 PM PST, or the earliest date allowed by this Court, before the Honorable Judge Jon. S. Tigar, United States District Court for the Northern District of California, the undersigned movants ("Proposed Defendants"), by and through their counsel, will request that the Court order sanctions against attorneys Robert J. Bonsignore and Joseph M. Alioto (collectively, "Massachusetts Counsel"), pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927, in connection with their September 16, 2022 submission of a Motion to Amend Complaint or Otherwise Pursue Pending Claims, ECF No. 6072 ("Motion to Amend") and proposed Indirect Purchasers Plaintiffs' Fifth Amended Complaint, ECF No. 6072-5 ("Proposed Complaint").

Proposed Defendants request that the sanctions include denial of the Motion to Amend, an award of fees and costs incurred as a result of the Motion to Amend, an award of fees and costs incurred for the instant motion for sanctions, and such other relief as the Court deems proper to deter repetition of the conduct or comparable conduct by others similarly situated. The full amount of fees and costs incurred by Proposed Defendants as a result of attorneys Massachusetts Counsel's ongoing sanctionable conduct is not yet known; should the Court determine that a fee award is appropriate, Proposed Defendants request 14 days following entry of the Court's order to submit a fee accounting with supporting declarations and materials. A proposed order is attached as Exhibit 2.

Prior to filing this motion, moving counsel contacted Messrs. Bonsignore and Alioto in an effort to resolve these issues and, pursuant to Rule 11(c)(2), served them with a copy of this motion and memorandum of law more than 21 days prior to filing this motion with the Court. Messrs. Bonsignore and Alioto have not withdrawn their Motion to Amend or Proposed Complaint.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     PRELIMINARY STATEMENT

The undersigned Proposed Defendants seek sanctions against attorneys Robert J. Bonsignore and Joseph M. Alioto (collectively, "Massachusetts Counsel") for filing their baseless Motion to Amend Complaint or Otherwise Pursue Pending Claims attaching a proposed Indirect Purchasers Plaintiffs' Fifth Amended Complaint. ECF Nos. 6072 (the "Motion to Amend"), 6072-5 (the "Proposed Complaint").

Since 2008, Massachusetts Counsel have represented Anthony Gianasca and Barbara Caldwell, two individuals who attempted to assert class-action claims in this matter on behalf of Massachusetts IPPs.  All of those claims were dismissed or abandoned by 2010.  Over the next several years, the IPP litigation continued on with no Massachusetts plaintiffs and no Massachusetts law claims, although Massachusetts Counsel continued to represent other IPP clients pursuing other claims, and the Proposed Defendants eventually reached settlements with all those IPPs with pending claims.

Beginning in 2019, Mr. Bonsignore, who was soon joined by Mr. Alioto, filed a series of motions to intervene and amend prior complaints in an attempt to reassert the long-abandoned Massachusetts IPP class claims on behalf of Gianasca and Caldwell, along with multiple other motions and settlement objections under varied legal theories.  This Court denied all of those motions and ultimately entered a final judgment of dismissal with prejudice as to Panasonic, Philips, Hitachi, Samsung, Thomson, and Toshiba defendant groups in July 2020.  As to the LGE defendants, the Court had already approved their settlement with IPPs that included a release of all Massachusetts IPP claims and dismissed LGE defendants with prejudice in 2014, long before Massachusetts Counsel began their efforts to reassert Massachusetts IPP claims.

In response to this Court's denial of their many motions, Massachusetts Counsel unsuccessfully pursued all available appeals, including multiple appeals to the Ninth Circuit and an unsuccessful certiorari petition to the Supreme Court.  All of this Court's rulings rejecting their attempts to reassert long-abandoned Massachusetts IPP claims have been sustained and the final judgments in this matter are fully final.  As the Ninth Circuit unequivocally ruled, "[t]here is no

1   longer an action against Defendants into which the ORS and NRS appellants can intervene." No.

2   20-15697, 2021 WL 4306895, at *2 (9th Cir. Sept. 22, 2021). And indeed, there are no claims by

3   IPPs or any other plaintiffs still pending in this MDL against the moving Proposed Defendants.

4       Now, post-final judgment, Massachusetts Counsel have filed yet another attempt to

5   resurrect Gianasca and Caldwell's long-abandoned Massachusetts claims via their Motion to

6   Amend and Proposed Complaint, re-raising arguments that they have already asserted

7   unsuccessfully. With this Motion to Amend, Massachusetts Counsel have crossed the line into

8   sanctionable conduct violative of Rule 11 and 28 U.S.C. § 1927.

9       *First*, Massachusetts Counsel have knowingly contravened multiple orders of this Court

10  and the Ninth Circuit on motions and appeals that they previously filed—and lost—attempting to

11  assert the same claims on behalf of the same movants. Massachusetts Counsel cannot claim any

12  objectively reasonable basis to believe that their post-judgment Motion to Amend will now

13  succeed where their many prior motions failed, and the Ninth Circuit has already ruled that there

14  is no pending action against the Proposed Defendants. The Motion to Amend further violates the

15  Court's directive that Massachusetts Counsel must file a new action if their clients wish to pursue

16  claims. And the proposed "Indirect Purchasers Plaintiffs' Fifth Amended Complaint," on its face,

17  violates the Court's order that Massachusetts Counsel may not "amend someone else's complaint."

18      *Second*, Massachusetts Counsel's attempt to now reassert their clients' claims post-

19  judgment in the IPP action against Proposed Defendants and twelve years after those claims were

20  abandoned is objectively unjustifiable. These claims are time barred. At this point, there is no

21  longer any good-faith basis to argue that the relation-back doctrine can resurrect these claims and

22  the Motion to Amend does not seriously argue otherwise, devoting just a single sentence to the

23  point.

24      *Third*, without any valid legal or factual basis, the Proposed Complaint seeks to reassert

25  claims against LGE entities that were released in settlement, certain Panasonic and Philips

26  subsidiaries that were granted summary judgment in their favor, and certain Panasonic entities that

27  were long-ago dissolved. Most of these entities were *omitted* as defendants in the most recent

28  ORS proposed complaint (ECF No. 5645-1) in apparent recognition of the legal and factual record,

2

but now—without any explanation or argument—Massachusetts Counsel seek to lodge new claims against these former defendant entities.

The Proposed Defendants have already spent many years and millions in legal fees defending successfully against Massachusetts Counsel's many attempts to reassert new Massachusetts IPP claims. Massachusetts Counsel and their clients have been heard, and they have lost. The new post-judgment Motion to Amend raises no new issues, has no objective justification, and needlessly and vexatiously multiplies proceedings that have formally concluded. Massachusetts Counsel should be sanctioned both to compensate Proposed Defendants for the needless expenses inflicted by the Motion to Amend and to deter Massachusetts Counsel (and others who may be waiting in the wings) from pursuing further baseless efforts to amend complaints post-judgment.

## II.     STATEMENT OF FACTS AND BACKGROUND

### A.     Massachusetts Counsel Represent Caldwell and Gianasca Beginning in 2008

Massachusetts Counsel have represented their current clients, Caldwell and Gianasca, since the incipiency of this MDL. Mr. Alioto has served as Caldwell's counsel since, at the latest, March 2008. *See* ECF No. 144 (filing by Joseph Alioto listing Alioto Law Firm as counsel for Caldwell). Likewise, Mr. Bonsignore has served as Gianasca's counsel since March 2008 when his claims were first brought in the action captioned *Brigid Terry, et al. v. LG Elecs., Inc., et al.*, No. 08-1559, which was later transferred to this MDL. *See* ECF No. 6072-2, at 35.

### B.     Caldwell and Gianasca Abandon Their Claims by 2010

In March 2009, the IPPs filed a Consolidated Amended Complaint ("CAC"), signed by Mr. Bonsignore. ECF No. 437. Caldwell served as a named plaintiff and asserted Massachusetts state-law claims on behalf of IPPs in Massachusetts; Gianasca was not named as a plaintiff. CAC ¶¶ 277, 286. In February 2010, the Court dismissed Caldwell's Massachusetts statutory claim in light of the CAC's failure to plead compliance with a statutory thirty-day pre-filing notice requirement with leave to amend. ECF No. 665, at 24, 25; ECF No. 597, at 29–30.

In May 2010, the IPPs filed a Second Consolidated Amended Complaint ("2AC"), again signed by Mr. Bonsignore, that re-asserted Caldwell's Massachusetts claims. ECF No. 716. Yet

again, Gianasca was not a named plaintiff. In September 2010, Special Master Legge recommended the dismissal of the Massachusetts claims with prejudice. ECF No. 768, at 8, 12– 14. As to the Massachusetts consumer protection claim, Special Master Legge found that plaintiffs had "not complied with the 30 day pre-filing notice requirement," given that notice was mailed "only three days before the SCAC was filed." *Id.* at 13 (emphasis in original). The Special Master concluded that dismissal with prejudice was required because "[t]he objectives of the Massachusetts' statute would not be accomplished if a plaintiff could fail to comply, but could cure that failure by sending a late notice and then re-filing the same complaint." *Id.* The Special Master further determined that Caldwell's other Massachusetts claims must be dismissed with prejudice because Massachusetts bars indirect purchasers from seeking damages for alleged price fixing. *Id.* at 8.

In October 2010, pursuant to a stipulation, ECF No. 799 (the "2010 Stipulation"), the Court accepted the Special Master's recommendation to dismiss Caldwell's Massachusetts consumer protection and unjust enrichment claims with prejudice. The IPPs subsequently filed a Third and Fourth Consolidated Amended Complaint, respectively filed in December 2010 and January 2013, both of which Mr. Bonsignore signed. ECF Nos. 827, 1526. Neither complaint asserted damages claims on behalf of IPPs in Massachusetts or named either Caldwell or Gianasca as plaintiffs. *Id.*

In May 2019, Mr. Bonsignore filed a motion to vacate the 2010 Stipulation on behalf of Gianasca arguing that, although IPP Lead Counsel could stipulate on behalf of the individual plaintiffs whom he represented, he lacked authority prior to class certification to stipulate on behalf of absent class members like Gianasca. ECF No. 5469, at 5–6, 10–11. Caldwell, however, was an individual plaintiff at the time of the 2010 Stipulation and did not join in the motion to vacate. The Court vacated the 2010 Stipulation, agreeing that it could not bind absent class members. ECF No. 5499, at 17; ECF No. 5518.

## C.     The IPP Litigation Continues Without Massachusetts Claims, and Defendants Settle

In 2013, the LGE defendant group entered into a settlement with all IPPs, including Massachusetts; final approval of the settlement was granted in April 2014. ECF Nos. 1933-1;

2542.  The Court's order granting final settlement approval released LGE from the claims of "[a]ll persons and or entities who or which indirectly purchased in the United States for their own use and not for resale, CRT Products," with the exception solely of claimants from Illinois, Oregon, and Washington (whose state attorneys general requested exclusion).  ECF No. 2542 ¶ 3.  The Court concurrently entered final judgment of dismissal with prejudice in LGE's favor.  ECF No. 2543.  There were no objectors to the settlement, and neither the order granting final settlement approval nor the order granting final judgment were appealed.  Those orders have been fully final for over eight years.

In 2015, the Panasonic, Philips, Hitachi, Samsung, Toshiba, and Thomson defendant groups each entered into settlements with the IPPs.  *See* ECF No. 3862.  Mr. Bonsignore raised objections to these settlements on behalf of Gianasca on the grounds that Massachusetts claims were covered within the scope of the releases, but the allocation plan proposed by IPP Lead Counsel did not provide a recovery to Massachusetts purchasers.  ECF No. 4119.  The Court ultimately agreed that Massachusetts claims should not be released without compensation.  ECF No. 5362.  In response to that order, the settling defendants and IPPs renegotiated their settlements to narrow the releases to claims under twenty-two states' laws that did not include Massachusetts.  *See* ECF No. 5587.  Those amended settlements were ultimately approved and are fully final.  ECF No. 5804.

While the MDL was still ongoing as to the Proposed Defendants, the Court also resolved multiple summary judgment motions in favor of defendants.  Among them, the Court granted summary judgment to Panasonic Corporation of North America ("PNA") and dismissed all claims against it on the basis that—after full discovery—there was no evidence that PNA ever participated in the alleged CRT conspiracy. ECF No. 5119, at 10-11.  The Court also found that the Philips Subsidiaries[1] withdrew from the alleged conspiracy in June 2001 and granted partial judgment in their favor.  ECF No. 4786.

---

[1] The "Philips Subsidiaries" are Philips Electronics North America Corporation (n/k/a Philips North America LLC), Philips Electronics Industries (Taiwan), Ltd. (n/k/a Philips Taiwan Limited), and Philips da Amazonia Industria Electronica Ltda. (n/k/a Philips do Brasil, Ltda.).

Motion for Sanctions                                    Case No.: 4:07-cv-05944-JST

### D. Massachusetts Counsel Attempt to Reassert Caldwell and Gianasca's Claims Beginning in 2019, and the Court Denies Their Motions

#### 1. This Court Rules that Gianasca Cannot Amend the IPP Complaint

In June 2019, over eleven years after he filed the initial (and now superseded) *Terry* complaint, Mr. Bonsignore served a "statutory pre-suit demand" on behalf of Gianasca on certain Panasonic, Philips, Hitachi, Samsung SDI, and Toshiba entities, stating that he intended to initiate claims against them under Massachusetts law. ECF No. 5567-4.

In August 2019, Mr. Bonsignore filed a motion to intervene and amend on behalf of Gianasca, seeking to amend the IPPs' Fifth Consolidated Amended Complaint. The proposed amended complaint asserted, *inter alia*, Massachusetts state-law claims on behalf of IPPs in Massachusetts. ECF No. 5567; ECF No. 5590-2 ¶¶ 55, 270–71, 319. Five days later, Mr. Bonsignore filed a superseding proposed amended complaint that removed two Panasonic entities (PNA and MT Picture Display Co. Ltd. ("MTPD")) and two Samsung entities from the list of defendants, in apparent response to communications from defense counsel concerning the impropriety of asserting claims against those entities. *See* ECF No. 5570-2, at 18, 24-25.

In October 2019, the Court denied the motion to intervene and amend without prejudice to filing a renewed motion accompanied by a separate complaint-in-intervention. ECF No. 5628. In so doing, the Court held that it was improper to amend "someone else's complaint" and Gianasca was "not allowed" to amend the IPPs' Fifth Consolidated Amended Complaint. *Id.* at 3.

#### 2. This Court Rules that Massachusetts Counsel's Clients Can Only Assert Their Claims by Filing New Actions

In November 2019, Mr. Bonsignore filed a renewed motion to intervene, now on behalf of Gianasca and Caldwell, for the purpose of filing a severed complaint in the master file of this MDL proceeding that would assert, *inter alia*, Massachusetts state-law claims on behalf of IPPs in Massachusetts. ECF No. 5645; ECF No. 5642-2 ¶¶ 22, 25, 245–46, 265.

In February 2020, the Court denied the renewed motion to intervene, holding that 28 U.S.C. § 1407 does not permit the filing of new complaints directly into the master file of an MDL proceeding. ECF No. 5684. The Court ordered that "[m]ovants may file their claims in the appropriate forum(s) and seek transfer from the JPML or, if properly filed in the Northern District

6

1    of California, 'request assignment of [their] actions to the Section 1407 transferee judge in

2    accordance with applicable local rules.'" *Id.* at 6 (quoting J.P.M.L. R. 7.2(a)).

3            **3.      This Court Rejects Massachusetts Counsel's Request for
                        Reconsideration and Argument that *Terry* Could Be Amended**

4

5            Later in February 2020, Mr. Bonsignore, now joined by Mr. Alioto, filed a motion on

6    behalf of Gianasca (but not Caldwell) seeking reconsideration of the Court's order denying the

7    renewed motion to intervene. ECF No. 5688. In their motion, Massachusetts Counsel argued that

8    there were multiple pre-MDL complaints on file that "could be amended" by Gianasca and other

9    ORS, specifically identifying *Terry* as such a complaint. *Id.* at 2 n.1.

10           In opposition, Defendants showed that the pre-MDL complaints were superseded by the

11   consolidated IPP complaints and, regardless, Massachusetts Counsel and their clients failed to

12   raise the prospect of amending the *Terry* complaint in either of their motions to amend and could

13   not raise the argument for the first time on reconsideration. ECF No. 5690, at 7–9. The Court

14   denied the motion for reconsideration in April 2020 and held that reconsideration was not available

15   to "raise arguments for the first time which could reasonably have been raised earlier in the

16   litigation" or to "rehash arguments previously presented." ECF No. 5708, at 3–5.

17           **E.      The Ninth Circuit Dismisses Caldwell and Gianasca's Appeal Because There
                       Is No Remaining Action into Which They Could Intervene**

18           In June 2020, Massachusetts Counsel filed on behalf of Caldwell and Gianasca a notice of

19   appeal from the October 2019 order denying intervention and amendment, the February 2020 order

20   denying the renewed request for intervention, and the April 2020 order denying reconsideration.

21   ECF No. 5733. On appeal, Massachusetts Counsel again argued that the pre-MDL actions,

22   including the *Terry* action, remained "pending" and were appropriate vehicles for their clients to

23   intervene and amend. *See* No. 20-16081 (9th Cir. Sept. 8, 2020), ECF No. 13, at 16, 29–30.

24           Defendants demonstrated in response that Caldwell and Gianasca had not preserved any

25   argument concerning their prior roles as named plaintiffs and, by litigating motions to dismiss and

26   to amend directed at the consolidated IPP complaints, the parties and this Court correctly treated

27   the consolidated IPP complaints as operative and superseding pre-MDL complaints. *See* Br. for

28   Defs.-Appellees, No. 20-15697 (9th Cir. Nov. 9, 2020), ECF No. 50, at 47-49 & n.24 (citing *In re*

Motion for Sanctions                                              Case No.: 4:07-cv-05944-JST

1   *Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 590 (6th Cir. 2013)). As such, claims and

2   previously-named plaintiffs that were omitted from the consolidated amended complaints had been

3   voluntarily dismissed. *Id.* at 49 (citing *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012)

4   (en banc)). Defendants likewise showed that Gianasca had tacitly acknowledged that the *Terry*

5   action was no longer pending when, in June 2019, he purported to provide the statutorily required

6   notice of his intention to *initiate* Massachusetts state-law claims. *Id.* at 49.

7          The Ninth Circuit dismissed the intervention-related appeals as moot in September 2021,

8   because it affirmed the July 2020 final judgment that effectuated the amended settlements between

9   IPPs and the Panasonic, Philips, Hitachi, Samsung SDI, Toshiba, and Thomson defendant groups.

10   No. 20-15697, 2021 WL 4306895 (9th Cir. Sept. 22, 2021). As the Ninth Circuit explained: "The

11   approved amended settlements release Defendants from the suit at issue. ***There is no longer an***

12   ***action into which the ORS and NRS can intervene.***" *Id.* at *2 (emphasis added).

13          Next, Mr. Bonsignore petitioned the U.S. Supreme Court to review the Ninth Circuit's

14   decision on behalf of other ORS clients (but not Caldwell or Gianasca). In June 2022, the Supreme

15   Court denied certiorari. *Ayres v. Indirect Purchaser Plaintiffs*, 142 S. Ct. 2813 (2022).

16       **F.**    **Massachusetts Counsel File the Current Improper Motion to Amend**

17          On September 16, 2022, Massachusetts Counsel filed the Motion to Amend on behalf of

18   Caldwell and Gianasca, accompanied by their Proposed Complaint. ECF Nos. 6072; 6072-5.

19   Notwithstanding this Court and the Ninth Circuit's orders, the Motion to Amend yet again claimed

20   that the *Terry* action, and the Massachusetts state-law claims asserted therein, remained pending,

21   and warranted leave to amend either the *Terry* complaint or the IPPs' operative complaint. *Id.*

22          The Motion to Amend suffered from myriad procedural and substantive deficiencies,

23   described in detail in the Proposed Defendants' opposition briefs (ECF Nos. 6084-1; 6092-1), that

24   a reasonable pre-filing investigation into the relevant law and facts would have uncovered. First,

25   despite this Court's entry of a final judgment with dismissal, the Motion to Amend improperly

26   sought relief pursuant to Rule 15, without movants first seeking to clear the substantial hurdle of

27   reopening the Court's final judgment under Rule 60. ECF No. 5804; Fed. R. Civ. P. 15, 60.

28   Second, the relief requested by the Motion to Amend is barred by the law of the case doctrine and

rule of mandate: Massachusetts Counsel had previously raised the same arguments on behalf of the same clients, and had been denied the same relief in both this Court and the Ninth Circuit. Third, the Proposed Complaint named as proposed defendants: LGE entities that already settled all Massachusetts IPP claims; Panasonic Subsidiaries[2] that won summary judgment or no longer exist; and Philips Subsidiaries that won summary judgment on the basis of withdrawal.

### G.    Massachusetts Counsel Are Unwilling to Correct Their Errors

Proposed Defendants have made multiple attempts to resolve these issues with Massachusetts Counsel prior to bringing this motion for sanctions, but Massachusetts Counsel have neither withdrawn nor revised the Motion to Amend and Proposed Complaint. On September 19, 2022, LGE counsel contacted Massachusetts Counsel to remind them that LGE settled the Massachusetts claims finally in 2013 and that Caldwell and Gianasca had released their claims in said settlement. ECF No. 6092-3. Massachusetts Counsel responded that they would "file a revised amended complaint" removing the named LGE entities, but have yet to do so. *Id*. On October 10, 2022, Panasonic and Philips counsel wrote to Massachusetts Counsel to notify them of infirmities in the Motion to Amend and Proposed Complaint, request that they withdraw the filing, and advise them that defense counsel would prepare and serve a motion for sanctions if the Motion to Amend was not withdrawn. *See* Ex. 1, Declaration of Kevin B. Goldstein ("Goldstein Decl."), Ex. A. On October 20, 2022, Mr. Alioto spoke with Panasonic and Philips counsel and informed them that Massachusetts Counsel were not withdrawing their filings. On November 30, 2022, movants served a pre-filing copy of this motion on Massachusetts Counsel pursuant to Rule 11(c)(2). *See* Goldstein Decl. Ex. B.

---

[2] The improperly named Panasonic entities alleged are at least PNA and MTPD. It is unclear if the Proposed Complaint also intended to name Matsushita Electronic Corporation (Malaysia) Sdn Bhd. ("Matsushita Malaysia") as a proposed defendant. *Compare* ECF No. 6072-5 ¶ 51 (not labeling Matsushita Malaysia as a "defendant" and acknowledging its closure in 2006) *with* ¶ 52 (including Matsushita Malaysia in the list of defendants). However, Massachusetts Counsel have not offered any clarification in response to Panasonic counsel's communications. Collectively, PNA, MTPD, and Matsushita Malaysia are referred to herein as the "Panasonic Subsidiaries."

Motion for Sanctions                                              Case No.: 4:07-cv-05944-JST

1  **III.    ARGUMENT**

2      **A.    Legal Standard**

3         "[T]o deter baseless filings in District Court[,]" Rule 11 "imposes a duty on attorneys to

4  certify that they have conducted a reasonable inquiry and have determined that any papers filed

5  with the court are well-grounded in fact, legally tenable, and not … [presented] for any improper

6  purpose." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (internal quotation marks

7  and citation omitted); Fed. R. Civ. P. 11(b).  The central purpose of this mandate is to "reduce

8  frivolous claims, defenses or motions and to deter costly meritless maneuvers, thereby avoiding

9  delay and unnecessary expense in litigation." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th

10  Cir. 2002) (internal marks and citation omitted).  Rule 11 consequently imposes on attorneys the

11  obligation to conduct an objectively reasonable inquiry into the facts and law to make sure that a

12  motion or pleading is well-founded.  *See Christian*, 286 F.3d at 1127.

13         In assessing whether an attorney has satisfied his or her Rule 11 obligations, a court must

14  determine whether the attorney conducted a reasonable and competent inquiry before filing the

15  complaint. *See Id.*  "The test for whether Rule 11 is violated does not require a finding of subjective

16  bad faith by the attorney…." *Kaufman v. Int'l Long Shore & Warehouse Union*, No. 16-cv-03386-

17  JST, 2017 WL 3335760, at *5 (N.D. Cal. Aug. 4, 2017) (Tigar, J.) (awarding sanctions against pro

18  se plaintiff who filed a second complaint nearly identical to a previous complaint against the same

19  defendants that had been dismissed with prejudice) (quotation omitted)); *accord Zaldivar v. City

20  of Los Angeles*, 780 F.2d 823, 830-31 (9th Cir. 1986) ("A good faith belief in the merit of a legal

21  argument is an objective condition which a competent attorney attains only after 'reasonable

22  inquiry.'"), *overruled on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990);

23  *Giovanni v. Sea-Land Serv., Inc.*, No. 95-cv-4259-NMC, 1997 WL 227897, at *9 (N.D. Cal. Apr.

24  28, 1997), *aff'd*, 145 F.3d 1337 (9th Cir. 1998) ("A finding of bad faith is not required to impose

25  Rule 11 sanctions.").  Rule 11 likewise requires that "factual contentions have evidentiary support"

26  *prior* to the filing of any papers.  Fed. R. Civ. P. 11; *see also Truesdell v. S. Cal. Permanente Med.

27  Grp.*, 209 F.R.D. 169, 174-75 (C.D. Cal. 2002) (Under Rule 11, "the question is whether, at the

28

time the paper was presented to the Court . . . it lacked evidentiary support or contained 'frivolous' legal arguments.").

Courts may impose sanctions under Rule 11 against the offending party or its counsel.[3] *See* Fed. R. Civ. P. 11(c)(1). Rule 11 sanctions should be granted to the extent "necessary to deter repetition of such conduct": such sanctions can include monetary awards for attorneys' fees and expenses incurred by the moving party as a result of the violation; penalties paid to the court; or non-monetary remedies, including striking the offending allegations or dismissing the complaint in its entirety. *See* Fed. R. Civ. P. 11(c)(2); *Combs v. Rockwell Int'l Corp.*, 927 F.2d 486, 488 (9th Cir. 1991) (affirming dismissal of the complaint with prejudice as a sanction under Rule 11 and the District Court's inherent powers); *Mellow v. Sacramento Cnty.*, 365 F. App'x 57, 58 (9th Cir. 2010) (affirming dismissal of complaint as a Rule 11 sanction and noting district court's wide discretion to sanction); *see also* Fed. R. Civ. P. 11, Advisory Committee Notes to the 1993 Amendment (noting that the limitations on sanctions under Rule 11(c)(3) do not limit the court's power to impose non-monetary sanctions "such as dismissal of a claim, preclusion of a defense, or preparation of amended pleadings").

Section 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Section 1927 imposes a continuing duty on counsel to dismiss claims that are no longer viable." *Burda v. M. Eker Co.*, 2 F.3d 769, 778 (7th Cir. 1993); *accord Trulis v. Barton*, 107 F.3d 685, 692 (9th Cir. 1996) (holding that a district court abused its discretion by refusing to impose sanctions under Section 1927 where the plaintiff "vexatiously multiplied the proceedings" by continuing its suit after it was clearly precluded by prior court orders). Unreasonable and vexatious conduct may be premised on "a showing of recklessness or bad faith." *Song v. Drenberg*, No. 18-cv-06283-LHK, 2021 WL 4846779, at *2 (N.D. Cal. Oct. 18, 2021). Such a showing is made where the moving party demonstrates that "an attorney knowingly or recklessly raises a frivolous argument"

---

[3] The Proposed Defendants believe it is appropriate to sanction Massachusetts Counsel here, as all indications show that they steer litigation decisions rather than their individual clients.

Motion for Sanctions                                    Case No.: 4:07-cv-05944-JST

1   *Edgerly v. City & Cnty. of San Francisco*, No. 03-cv-02169-WHA, 2005 WL 235710, at *3 (N.D.

2   Cal. Feb. 1, 2005) (quoting *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986)).

3   **B.    Massachusetts Counsel Should be Sanctioned for Defiance of Final Orders**
    **Barring Their Requested Relief**

4

5   By virtue of arguing that their clients are entitled to either amend the *Terry* complaint or

6   the IPPs' operative complaint in the Motion to Amend, Massachusetts Counsel knowingly violated

7   multiple orders by this Court and the Ninth Circuit that conclusively determined that such

8   amendment is improper.  Massachusetts Counsel's efforts to relitigate issues that are final and no

9   longer subject to appeal are clearly barred both by the law of the case doctrine and rule of mandate,

10  and merit sanctions.

11  The law of the case doctrine "precludes reconsideration of 'an issue that has already been

12  decided by the same court, or a higher court in the identical case.'" *Rocky Mtn. Farmers Union v.*

13  *Corey*, 913 F.3d 940, 951 (9th Cir. 2019) (quoting *United States v. Alexander*, 106 F.3d 874, 876

14  (9th Cir. 1997)).  The doctrine encompasses issues decided "explicitly or by necessary implication"

15  by a district court or Court of Appeals.  *Id.*  A separate, but related, doctrine designed to promote

16  "finality and efficiency" is the rule of mandate, which bars the relitigation of final determinations

17  upon remand "unless the [circuit court] mandate allowed it." *United States v. Thrasher*, 483 F.3d

18  977, 982 (9th Cir. 2007) (internal quotations omitted).

19  Where a party breaches these doctrines by improperly seeking to relitigate previously-

20  decided issues, sanctions are warranted.  *In re Flashcom, Inc.*, 647 F. App'x 689, 693 (9th Cir.

21  2016) (noting that the Ninth Circuit has "frequently upheld sanctions for filing motions that

22  duplicate one that was previously denied" and affirming sanctions issued for plaintiffs' violation

23  the law of the case doctrine).  Indeed, Rule 11 sanctions are justified when an attorney "fail[s] to

24  acknowledge prior adverse rulings." *Kwok v. Recontrust Co., N.A.*, No. 2:09-cv-2298-RLH, 2010

25  WL 4810704, at *3-4 (D. Nev. Nov. 19, 2010) (awarding Rule 11 sanctions against counsel who

26  filed motion repeating previously rejected argument).  This is plainly the case here.

27  First, the Motion to Amend disregards multiple court orders and seeks to relitigate

28  arguments that Massachusetts Counsel and their clients have already lost in claiming that the

1   amendment of the 2008 *Terry* complaint is proper.  After their first two attempts to intervene and

2   file an amended complaint were denied, the Court ordered that, if Massachusetts Counsel's clients

3   wish to file renewed claims, they must "file their claims in the appropriate forums" and then seek

4   either transfer or assignment to the MDL.  ECF No. 5684 at 6.  Massachusetts Counsel then sought

5   reconsideration of that order and raised their argument that the *Terry* complaint could have been

6   amended on behalf of Gianasca.  ECF No. 5688 at 2 n.1.  This Court declined to consider the

7   argument as it was improperly raised for the first time in the context of a motion to reconsider and

8   denied the motion.  ECF No. 5708.  In doing so, this Court reiterated its earlier mandate that

9   Massachusetts Counsel's clients must "file their claims in the appropriate forums" and then seek

10  either transfer or assignment to the MDL.  *Id.* at 2.

11       Massachusetts Counsel again lodged this argument unsuccessfully upon appeal, claiming

12  intervention and amendment was appropriate in light of the "critical fact" that the *Terry* and

13  *Caldwell* actions remained "pending."  The Proposed Defendants demonstrated in response, as

14  they had before the District Court, that the IPP consolidated amended complaints—which were

15  litigated throughout the MDL as the operative pleadings—fully superseded *Terry* and the various

16  other pre-MDL IPP complaints.  *See* ECF No. 6084, at 12 (summarizing prior briefing); *see also*

17  *Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 489-90 (7th Cir. 2020) (holding that plaintiffs "give

18  up the separate identities of [their] original suits transferred to the MDL litigation" where they

19  treat a consolidated amended complaint as operative, which "prevent[s plaintiffs] from springing

20  traps by treating a consolidated complaint as the real complaint in the district court but then

21  denying its importance and effect once a party tries to appeal").  The Ninth Circuit agreed and

22  rejected Gianasca and Caldwell's argument to the contrary, ruling: "***There is no longer an action***

23  ***against Defendants into which the ORS and NRS appellants can intervene***."  No. 20-15697,

24  2021 WL 4306895, at *2 (9th Cir. Sept. 22, 2021) (emphasis added), *cert. denied sub nom. Ayres*

25  *v. Indirect Purchaser Plaintiffs*, 142 S. Ct. 2813 (2022).  Massachusetts Counsel cannot now

26

27

28

relitigate these adverse, final decisions, nor claim any nonfrivolous basis for attempting again to file an amended complaint in an action that is no longer pending.[4]

Second, on its face, the Proposed Complaint once again proposes to do exactly what the Court has already ruled is prohibited: to amend the IPPs' complaint. *See* ECF No. 5628, at 3. The Proposed Complaint is titled "Indirect Purchasers Plaintiffs' Fifth Amended Complaint." ECF No. 6072-5.[5] The caption includes only the master file number and MDL number, and states: "This document relates to: **ALL INDIRECT PURCHASER ACTIONS**." *Id.* (emphasis in original).

Having been unsuccessfully appealed to the Supreme Court, both this Court's and the Ninth Circuit's decisions are final, binding, and dispositive of Massachusetts Counsel's argument that either the *Terry* complaint or the IPPs' complaint can be amended by Gianasca and Caldwell. Their reassertion of arguments barred by the law of the case and rule of mandate lacks any reasonable basis and warrants sanctions. *See In re Flashcom*, 647 F. App'x at 693 (upholding Rule 11 sanctions for filing motion contrary to law of the case and collecting Ninth Circuit cases upholding sanctions "for filing motions that duplicate one that was previously denied.").

## C.   Massachusetts Counsel Should be Sanctioned for Pursuing Grossly Untimely Claims

Massachusetts Counsel are pursuing claims that are plainly untimely. Gianasca's and Caldwell's Massachusetts claims were all dismissed or abandoned by 2010, and the four-year statute of limitations expired long ago.

---

[4] In reply to the Proposed Defendants' opposition to the Motion to Amend, Massachusetts Counsel shift their argument and ask the Court to construe their motion as one to reopen the final judgment under Rule 60 so that it can be amended. ECF No. 6095, at 2. This late invocation of Rule 60 does nothing to change the basis for sanctions. Although Massachusetts Counsel now at least acknowledge that there is a final judgment in this matter dismissing all IPP claims against the Proposed Defendants, the Massachusetts ORS still have no reasonable basis in law to argue for reopening the judgment here. *See* ECF No. 6097 (Proposed Defs.' Reply ISO Intervention). Moreover, the Motion to Amend presents no argument for reopening the judgment and remains improper at the time it was signed and filed with the Court.

[5] Massachusetts Counsel's lack of reasonable diligence is also reflected in their apparent failure to recognize that IPPs already filed a fifth amended complaint in 2019 (ECF No. 5589) such that, even if they could amend the IPPs' complaint (which they cannot), it would now be the sixth amended complaint.

1   Massachusetts Counsel have long acknowledged the facial untimeliness of their claims and
2   the sole argument in the Motion to Amend as to why the claims are not now time-barred and futile
3   consists of a single sentence invoking the relation-back doctrine. ECF No. 6072, at 12. However,
4   the fact that the relation-back doctrine exists does not mean that all motions invoking that doctrine
5   are proper and well-ground in law. This Motion to Amend is neither. The issues of amendment
6   and relation-back were litigated extensively before this Court and the Ninth Circuit in the course
7   of Massachusetts Counsel's earlier motions seeking intervention and amendment on behalf of
8   these same clients. *See supra* at 5-8. All such motions filed by Massachusetts Counsel were
9   rejected, all orders rejecting those arguments are fully final, and there is no longer a pending action
10  against the Proposed Defendants that is capable of being amended. *Id*. Moreover, the Motion to
11  Amend, in its half-hearted single sentence of argument, cites no case in which a plaintiff has
12  amended a complaint post-final judgment, let alone done so in the circumstances like those
13  presented here.

14          That the Court has not had the occasion to reach the substance of the timeliness issue and
15  specifically hold that the Massachusetts claims are time-barred (because Massachusetts Counsel's
16  prior motions and appeals were rejected due to other procedural and substantive failures) does not
17  change the impropriety of asserting such stale claims here. Rule 11 requires that counsel have an
18  objectively reasonable basis for asserting their claims under existing law or articulate a
19  nonfrivolous argument for extending existing law. The Motion to Amend does not article any such
20  argument. Rule 11 sanctions may be imposed where counsel should have known of facts that
21  rendered a claim untimely. *See Estate of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir.
22  1997) (upholding a sanctions award where a reasonable investigation would have revealed the
23  plaintiff's claim was barred by the statute of limitations); *see also Matsumaru v. Sato*, 521
24  F.Supp.2d 1013, 1015-16 (D. Ariz. Nov. 14, 2007) (imposing sanctions for failure to conduct an
25  objective, reasonable inquiry where the party "should have known that the statute of limitations
26  had expired and that there was no good-faith argument that it should be tolled."); *Mir v. Little Co.*
27  *of Mary Hosp.*, 844 F.2d 646, 652-653 (9th Cir. 1988) (affirming sanctions against plaintiff who
28  should have realized that its complaint was barred by statute of limitations and *res judicata*). Here,

1   Massachusetts Counsel have offered virtually zero argument in the Motion to Amend as to why or

2   how their claims remain timely.

3        Indeed, Massachusetts Counsel and their clients can offer no reasonable excuse for their

4   twelve-year delay in attempting to reassert the claims they abandoned in 2010.  Massachusetts

5   Counsel's preferred excuse—that Gianasca and Caldwell were unceremoniously "dropped from

6   the litigation without notice"—strains credulity.  ECF No. 6072 at 5.  Mr. Bonsignore and Mr.

7   Alioto have respectively represented Gianasca and Caldwell since 2008.  *See* ECF No. 144, at 8

8   (March 14, 2008 filing by Joseph Alioto listing Alioto Law Firm as counsel for Barbara Caldwell);

9   Compl., *Terry v. LG Elecs., Inc.*, Case No. 4:08-cv-01559 (March 21, 2008), ECF No. 1 (listing

10  Robert Bonsignore as counsel for Anthony Gianasca).  As representatives for purported class

11  members in this litigation, Massachusetts Counsel were responsible for monitoring the case,

12  apprising their clients of developments that impacted their claims, and advising them accordingly.

13  *See In re: Phenylpropanolamine (PPA) Prod. Liab. Litig.*, No. C03-1101, 2006 WL 8446679, at

14  *2 (W.D. Wash. May 16, 2006) (holding that it "is the responsibility of counsel to monitor the

15  case [electronic docket] for activity") *aff'd*, 318 F. App'x 451 (9th Cir. 2008).  Assuming

16  Massachusetts Counsel fulfilled their obligations as counsel to Gianasca and Caldwell and notified

17  them of case developments, the failure to timely intervene or attempt to re-assert their claims

18  earlier is inexcusable[6]; alternatively, if Massachusetts Counsel did not inform their clients of the

19  abandonment of their claims, their "inattention regarding the progress of this case" renders their

20  delay "in filing this motion categorically unreasonable."  *Id.*  In any event, the Motion to Amend

21  does not articulate any objectively reasonable basis for Massachusetts Counsel to now reassert

22  Gianasca's or Caldwell's long-stale claims.

23

24

─────────────

25  [6] If Massachusetts Counsel and their clients disagreed with decisions made by IPP lead counsel in
    2009 and 2010, and wished to try reasserting claims, it was their responsibility to promptly

26  intervene at that time. *See Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015) (recognizing that
    a movant must "act promptly" to intervene after receiving notice that their interests were not being

27  represented and denying untimely motion to intervene); *SurvJustice Inc. v. DeVos*, No. 18-cv-
    00535-JSC, 2019 WL 1427447, at *4 (N.D. Cal. Mar. 29, 2019) (Corley, M.J.) (holding motion to

28  intervene untimely where movants delayed seven months after notice of plaintiffs' arguments).

Motion for Sanctions                                        Case No.: 4:07-cv-05944-JST

1

2

**D.    Massachusetts Counsel Should be Sanctioned for Asserting Claims Against Certain LGE, Panasonic, and Philips Entities in the Proposed Complaint Without Any Reasonable Basis**

3    Massachusetts Counsel's decisions to allege claims in the Proposed Complaint against the

4    LGE entities,[7] the Panasonic Subsidiaries, and the Philips Subsidiaries—without a reasonable

5    basis in law and fact—and their continued refusal to drop these defendants despite outreach from

6    the Proposed Defendants' counsel provide additional, independent grounds for sanctions.  LGE

7    settled with IPPs earlier than other former defendants and received a nationwide release without

8    objection, which includes the final release of all Massachusetts IPP claims that Massachusetts

9    Counsel now seek to assert.  Of the Panasonic Subsidiaries, one (PNA) was granted summary

10   judgment in its favor because there has been no evidence it participated in any conspiracy; the

11   other two have long ceased to exist as entities, and one of them was never joined to this MDL as

12   party.  The Philips Subsidiaries were granted partial summary judgment on the basis of their

13   withdrawal from any alleged conspiracy in June 2001, yet the Proposed Complaint now alleges

14   they participated in a conspiracy until 2007.

15   Massachusetts Counsel have been on notice for years of this Court's final rulings

16   dismissing claims against these former defendants, and the Proposed Defendants' counsel have

17   reminded them of those rulings in correspondence before bringing this motion for sanctions.

18   However, Massachusetts Counsel have taken no action to drop their improper claims against these

19   former defendants and have not offered any explanation at all, neither in the Motion to Amend nor

20   in communications between counsel, for why they believe these claims are proper.  The Proposed

21   Defendants are now forced again to explain to the Court why these entities are improper

22   defendants.  Massachusetts Counsel should be sanctioned for their baseless assertion of claims and

23   waste of both the Proposed Defendants' and the Court's time and resources.

24   **1.    The Improperly Named LGE Entities**

25   LGE settled with all IPPs in May 2013.  As Mr. Bonsignore has acknowledged to both

26   LGE's counsel and this Court, that settlement was final and never challenged or appealed, and

27

28   [7] The improperly named LGE entities alleged are LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Taiwan Taipei Co., Ltd (collectively, "LGE").

1    later objections to subsequent settlements left LGE's settlement undisturbed.  Nevertheless, on

2    September 16, 2022, Massachusetts Counsel filed the Proposed Complaint on behalf of

3    Massachusetts IPPs listing LGE as a defendant.

4         When LGE's counsel informed Massachusetts Counsel that the inclusion of LGE was in

5    error, Mr. Bonsignore agreed and said he would file a new proposed amended complaint removing

6    LGE as a defendant.  Despite acknowledging that including LGE was an error, Massachusetts

7    Counsel have failed to withdraw the complaint as to LGE, even after numerous attempts by LGE's

8    counsel to contact Massachusetts Counsel in the hopes of avoiding having to involve the Court.  As

9    a result, LGE was forced to incur the unnecessary time and expense of filing an opposition to the

10   Motion to Amend that Massachusetts Counsel knew was improper.  Even after that filing,

11   Massachusetts Counsel have done nothing to rectify their improper attempt to reinstate a case that

12   was settled nearly a decade ago, nor have they responded to LGE's filings explaining why their

13   Proposed Complaint is improper.

14        This Court granted final approval to LGE's May 2013 settlement with all IPPs on April 18,

15   2014. ECF No. 1933-1; ECF No. 2542.  Alongside approval of the settlement, this Court entered

16   final judgment of dismissal with prejudice in LGE's favor.  ECF No. 2543.  Per this Court's order

17   approving the settlement, LGE obtained the release of claims from "[a]ll persons and or entities

18   who or which indirectly purchased in the United States for their own use and not for resale, CRT

19   Products," with the *express* exception solely of claimants from Illinois, Oregon, and

20   Washington. *Id.* ¶ 3.  The attorneys general of those three states sought to amend the originally

21   drafted LGE settlement to secure their residents' exclusion from the settlement class due to the

22   pendency of litigation in their state courts; LGE, the IPPs, and the States of Illinois, Oregon, and

23   Washington ultimately jointly moved for—and obtained—this limited revision to the LGE

24   settlement prior to final approval.  ECF No. 1988.

25        The attorney general of Massachusetts made no similar effort, nor did Massachusetts

26   Counsel or any Massachusetts plaintiff or putative class member object to the LGE

27   settlement.  Thus, Massachusetts residents remain squarely within the scope of the LGE

28   settlement's release.  Moreover, no party—from any state—appealed the final approval order, and

the time for such appeal has long since passed.  *See* Fed. R. App. P. 4(a)(1)(A).  Finally—and importantly—the LGE settlement was not one of the subsequent settlements that were appealed, vacated, renegotiated, and later re-approved.  Further, when Mr. Bonsignore and others later filed their motion to vacate the 2010 Stipulation (ECF No. 5469), LGE opposed in light of the finality of its settlement, explaining that the objections and appeals related to the 2015 settlements had "no bearing on the LGE settlement."  ECF No. 5487.  In reply, Mr. Bonsignore and his co-counsel unequivocally agreed:

> The concerns . . . LG Defendants express—that vacating the [2010] Stipulation will affect the final judgments entered among them, IPPs, and certain State Attorneys General—are groundless.  **Vacating the Stipulation would leave undisturbed those final judgments and approval orders. . . . Vacatur would impact only the case that IPP class members have against the Defendants who remain subject to this Court's and the Ninth Circuit's jurisdiction**.

ECF No. 5489, at 8 (emphasis added).

Nonetheless, when Massachusetts Counsel filed their Motion to Amend and Proposed Complaint, they included LGE in the caption and among the defendants listed in the Proposed Complaint.  *E.g.*, ECF No. 6072-5 ¶¶ 20–22.  But the Massachusetts IPPs released their claims against LGE and additionally covenanted not to sue LGE for these claims.  Accordingly, any attempt to include LGE in further IPP litigation breaches the settlement agreement and violates this Court's order granting final approval of that settlement.

As explained in LGE's preliminary response (ECF No. 6082) and opposition (ECF No. 6106) to the Motion to Amend, Mr. Bonsignore agreed that inclusion of LGE in the motion and accompanying Proposed Complaint was in error.  Mr. Bonsignore told LGE's counsel that he would promptly amend the motion and Proposed Complaint to remove any reference to LGE as a defendant.  Counsel for LGE repeatedly cautioned him that if Massachusetts Counsel failed to file a correction to their Motion to Amend, LGE would be unnecessarily forced to respond and would seek to be reimbursed for the costs of doing so.  ECF No. 6092-2, Exs. 1 & 3.  Unfortunately, despite numerous attempts over the course of several weeks to correct the error without troubling

Motion for Sanctions                                                      Case No.: 4:07-cv-05944-JST

the Court (*id.*, Exs. 1–3), LGE was put in that very position, necessitating its motion[8] for leave to file an opposition to the Massachusetts IPPs' motion on October 10, 2022.  ECF No. 6092.

Incredibly, Massachusetts Counsel have not followed through on their promise to amend their motion and Proposed Complaint. They have not responded in any way to LGE's filings, notwithstanding the Court's warning: "If a timely reply is not filed, the Court will deny Massachusetts IPPs' motion [to amend] as to claims against LGE." ECF No. 6103.  Massachusetts Counsel have been part of this long-running case and representing these very same Massachusetts IPPs since its inception, meaning they unquestionably should have known that including LGE in the proposed amended complaint was improper and that the complaint contains "claims" that are not "warranted by existing law." Fed. R. Civ. P. 11(b)(2).  Massachusetts Counsel subsequently agreed that it was an error to name LGE as a defendant, but failed to timely amend their filings, forcing LGE and this Court to spend unnecessary time addressing a facially improper motion, thus "needlessly increas[ing] the cost of litigation," Fed. R. Civ. P. 11(b)(1), and "multipl[ying] the proceedings in any case unreasonably and vexatiously," 28 U.S.C. § 1927.  Under these extraordinary circumstances, sanctions are appropriate. *See Kaufman,* 2017 WL 3335760, at *5; *Frye v. Pena*, 199 F.3d 1332 (9th Cir. 1999) (affirming monetary sanctions under Section 1927 against attorney who filed a frivolous lawsuit and, among other things, was "given the opportunity to dismiss the case, [and] refused to do so, thereby needlessly multiplying the proceedings").

## 2.    The Improperly Named Panasonic Entities

Massachusetts Counsel's decision to name the three Panasonic Subsidiaries—PNA, MTPD, and Matsushita Malaysia—as defendants and their continued refusal to revise their Proposed Complaint despite knowledge that there is no legal or evidentiary basis for asserting claims against the Panasonic Subsidiaries should result in sanctions under Rule 11 and 28 U.S.C. § 1927.[9]

---

[8]    The Court granted LGE's motion to file an opposition, ECF No. 6103, and LGE filed its opposition on October 31, 2022, ECF No. 6106.

[9] Proposed Defendant Panasonic Corporation also continues to deny the factual allegations of its participation in any CRT conspiracy and reserves all arguments in response to the Proposed Complaint.

Motion for Sanctions                                                Case No.: 4:07-cv-05944-JST

1    Notably, Massachusetts Counsel made this same error previously in 2019 when the ORS

2    initially served a proposed complaint attached to one of their motions to intervene (ECF Nos. 5567,

3    5567-1 at ¶¶ 106-10). But they *corrected the error* in response to communications with

4    Panasonic's counsel, and voluntarily filed a revised proposed complaint dropping PNA and MTPD

5    as proposed defendants. *See* Goldstein Decl. Ex. A.2; ECF Nos. 5570, 5570-1 at ¶¶ 104-06. Now,

6    three years after having withdrawn their proposed claims against PNA and MTPD, Massachusetts

7    Counsel have again reintroduced them as proposed defendants without any explanation and have

8    refused to take any action in response to Panasonic's counsel's requests. Nothing has changed in

9    the intervening years to justify this.

10              **i.    There is no reasonable basis for claims against PNA**

11    With respect to PNA, after almost a decade of litigation including discovery of millions of

12    documents and over a hundred depositions, this Court found in February 2017 that there was no

13    evidence that PNA ever participated in the alleged CRT conspiracy and granted summary

14    judgment in its favor. ECF No. 5119, at 10-11. That order is fully final and no longer subject to

15    appeal. The Court has also previously informed Massachusetts Counsel that if any ORS claims

16    were brought, the Court did not plan to revisit issues already decided on summary judgment, absent

17    unique issues for the new plaintiffs or a change in controlling authority. ECF No. 5559, Hr'g Tr.

18    at 6:17-7:3 (attended by Mr. Bonsignore, who noted his coordination with Joseph Alioto at 22:17-

19    20). Rule 11 sanctions are appropriate where a plaintiff is put on notice of a factual deficiency in

20    its claim through an adverse summary judgment ruling, and thereafter files a new complaint

21    asserting the same claim without having any additional factual support. *See Debeikes v. Hawaiian*

22    *Airlines, Inc.*, No. CV 13-00504 ACK-RLP, 2016 WL 409991, at *2, 9-10 (D. Haw. Feb. 1, 2016),

23    aff'd, 725 F. App'x 499 (9th Cir. 2018) (affirming imposition of Rule 11 sanctions where

24    plaintiff's claims were dismissed without prejudice on summary judgment, and plaintiff reasserted

25    the same claims in an amended complaint without any additional factual basis).

26    Yet the Motion to Amend and Proposed Complaint make no new factual allegations against

27    PNA, cite to no changes in controlling law, and offer no new evidence that would justify a

28    deviation from this Court's prior ruling. To the contrary, Massachusetts Counsel acknowledge

that they have brought "identical" factual allegations to those on which this Court granted summary judgment, purport to base their claims on the same "legal theories" as those that resulted in PNA's dismissal, and do not cite to the existence of new evidence given that this Court's prior ruling was made on a full record. ECF No. 6072, at 5, 11. Thus, by Massachusetts Counsel's own admission, the Proposed Complaint involves no new evidence about PNA, and is instead based on the same insufficient evidence that led to this Court's prior dismissal of PNA.

### ii.     There is no reasonable basis for claims against MTPD

There is no reasonable basis for claims against MTPD because it has been dissolved and, pursuant to a liquidation plan publicly announced in March 2017, final liquidation proceedings were completed in Japan on May 23, 2019. *See* Goldstein Decl. Ex. A.2. In light of this dissolution and liquidation, MTPD no longer exists, and its liabilities have been discharged.

Panasonic counsel previously explained MTPD's dissolution to Mr. Bonsignore and provided the Osaka District Court's certification to him in August 2019 (*see* Goldstein Decl. Ex. A.1; A.2), at which time Mr. Bonsignore and the other ORS Counsel dropped claims against MTPD from their 2019 proposed complaint.  Panasonic counsel have recently re-sent this certification to Mr. Bonsignore and Mr. Alioto (*see* Goldstein Decl. Ex. A).  Massachusetts Counsel have not made any attempt to explain why they believe they can assert discharged claims against a liquidated former entity, and there is no reasonable basis for such zombie claims.

### iii.    There is no reasonable basis for claims against Matsushita Malaysia

There is no reasonable basis for claims against Matsushita Malaysia because, by the Proposed Complaint's own admission, it closed in 2006.  ECF No. 6072-5 ¶ 51.  Indeed, Matsushita Malaysia was dissolved prior to the start of the CRT litigation in 2007, and although some early complaints named Matsushita Malaysia as a defendant, it was never joined as a party to this MDL (as it could not be).  By the time of IPPs' Second Consolidated Amended Complaint in 2010, these issues were resolved, and Matsushita Malaysia was not named as a defendant.

### 3. The Improperly Named Philips Entities

There is also no objectively reasonable basis for the Proposed Complaint to name the Philips Subsidiaries as defendants consistent with Rule 11, thus constituting yet another independent ground for sanctions against Massachusetts Counsel. The Proposed Complaint seeks to assert claims that are "essentially identical" to those previously pursued by other plaintiffs in this MDL and alleges a conspiracy running until at least 2007. ECF No. 6072, at 5; *see also* ECF No. 6072-5 ¶ 1. On August 22, 2016, the Court granted the Philips Subsidiaries' Motion for Partial Summary Judgment, ECF No. 3027, based on the Philips Subsidiaries' withdrawal from the alleged conspiracy in June 2001. ECF No. 4786. As noted above, the Court has since made clear that it would not revisit issues already decided on summary judgment, absent unique issues arising for new plaintiffs or changes in controlling authority. ECF No. 5556 (Aug. 8, 2019 Hr'g Tr. 6:17-25). The Proposed Complaint does not allege any such unique or new issues. Massachusetts Counsel consequently lack any legal basis to contest this Court's prior ruling that the Philips Subsidiaries withdrew in June 2001. And even giving the Massachusetts Counsel's clients the full benefit of the original *Terry* Complaint, the Massachusetts claims filed in 2008 came more than two years after the expiration of the four-year statute of limitations applicable to Mass. Gen. Laws ch. 93A. *See* Mass. Gen. Laws ch. 260, § 5A. 4786. There is thus no objectively reasonable basis in fact to assert any claim against the Philips Subsidiaries.

## IV. CONCLUSION

The Motion to Amend and Proposed Complaint filed by Massachusetts Counsel pursue objectively baseless claims. For each of the independent reasons above, the moving Proposed Defendants respectfully request that Massachusetts Counsel be sanctioned under Rule 11 and 28 U.S.C. § 1927 and that, as sanctions, the Court (1) deny the Motion to Amend; (2) award the Proposed Defendants their reasonable attorneys' fees and costs associated with this Motion for Sanctions; (3) award the Proposed Defendants their reasonable attorneys' fees and costs associated with their defense against the Motion to Amend; and (4) award any other relief deemed appropriate by the Court to deter repetition of Massachusetts Counsel's conduct.

1

2          December 22, 2022                    Respectfully Submitted,

3                                               /s/ Jeffrey L. Kessler

4                                               WINSTON & STRAWN LLP
                                                JEFFREY L. KESSLER
5                                               jkessler@winston.com
                                                EVA W. COLE
6                                               ewcole@winston.com
                                                200 Park Avenue
7                                               New York, NY 10166
                                                Telephone:    (212) 294-6700
8                                               Facsimile:    (212) 294-4700

9                                               KEVIN B. GOLDSTEIN
                                                kbgoldstein@winston.com
10                                              35 W. Wacker Drive
                                                Chicago, IL 60622
11                                              Telephone:    (312) 558-5600
                                                Facsimile:    (312) 558-5700
12
                                                WEIL, GOTSHAL & MANGES LLP
13                                              DAVID L. YOHAI
                                                david.yohai@weil.com
14                                              ADAM C. HEMLOCK
                                                adam.hemlock@weil.com
15                                              DAVID YOLKUT
                                                david.yolkut@weil.com
16                                              767 Fifth Avenue
                                                New York, NY 10153-0119
17                                              Telephone:    (212) 310-8000
                                                Facsimile:    (212) 310-8007
18
                                                *Attorneys for Intervenors-Proposed Defendants*
19                                              *Panasonic Corporation (f/k/a Matsushita*
                                                *Electric Industrial Co., Ltd.), Panasonic*
20                                              *Corporation of North America, and MT Picture*
                                                *Display Co., Ltd.* [10]
21

22

23

24

25

26

27     ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
       [10] MT Picture Display Co., Ltd. has been dissolved and completed final liquidation proceedings
28     in Japan on May 23, 2019.

                                                24
       Motion for Sanctions                               Case No.: 4:07-cv-05944-JST

1

2
                                                   /s/ Nathan P. Eimer
                                                   EIMER STAHL LLP
3                                                  NATHAN P. EIMER (*pro hac vice*)
                                                   neimer@eimerstahl.com
4                                                  VANESSA G. JACOBSEN (*pro hac vice*)
                                                   vjacobsen@eimerstahl.com
5                                                  224 South Michigan Avenue, Suite 1100
                                                   Chicago, IL 60604
6                                                  Telephone:    (312) 660-7600
                                                   Facsimile:    (312) 692-1718

7                                                  BRIAN Y. CHANG (CA Bar No. 287757)
                                                   bchang@eimerstahl.com
8                                                  99 South Almaden Boulevard, Suite 662
                                                   San Jose, CA 95113
9                                                  Telephone:    (669) 231-8755

10                                                 *Attorneys for LG Electronics, Inc., LG*
                                                   *Electronics USA, Inc., and LG Electronics*
11                                                 *Taiwan Taipei Co., Ltd.*

12                                                 /s/ Erik T. Koons
                                                   BAKER BOTTS LLP
13                                                 ERIK T. KOONS
                                                   700 K Street, N.W.
14                                                 Washington, D.C. 20001
                                                   202.639.7700
15                                                 202.639.7890 (fax)
                                                   Email: erik.koons@bakerbotts.com
16
                                                   *Attorneys for Intervenors-Proposed Defendants*
17                                                 *Koninklijke Philips, N.V., Philips North America*
                                                   *LLC, Philips Taiwan Limited, and Philips do*
18                                                 *Brasil, Ltda*

19

20

21

22

23

24

25

26

27

28

Motion for Sanctions                                              Case No.: 4:07-cv-05944-JST

## <u>SIGNATURE ATTESTATION</u>

Pursuant to Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from the other signatories above.

*/s/ Jeffrey L. Kessler*
Jeffrey L. Kessler

Motion for Sanctions                                                    Case No.: 4:07-cv-05944-JST