# EXHIBIT A

| From: | Goldstein, Kevin B. |
|---|---|
| To: | rbonsignore@classactions.us; jmalioto@aliotolaw.com |
| Cc: | Kessler, Jeffrey; *erik.koons@bakerbotts.com; Cole, Eva; David L. Yohai (david.yohai@weil.com); Olsen, Matthew; fwhitaker@classactions.us |
| Subject: | CRT - Letter re MA ORS Motion to Amend & Proposed Complaint |
| Date: | Monday, October 10, 2022 7:04:14 PM |
| Attachments: | 2022-10-10 - CRT - Ltr to Bonsignore and Alioto re MA ORS Mot to Amend.pdf |
| | Exhibits to 2022-10-10 - CRT - Ltr to Bonsignore and Alioto re MA ORS Mot to Amend.pdf |

Dear Robert and Joseph,

Please see the attached letter.

Best regards,
Kevin

**Kevin B. Goldstein**

Winston & Strawn LLP

35 W. Wacker Drive

Chicago, IL 60601-9703

D: +1 312-558-5869

M: +1 847-571-7766

F: +1 312-558-5700

kbgoldstein@winston.com

winston.com





200 Park Avenue
New York, NY 10166
T +1 (212) 294-6700
F +1 (212) 294-4700

NORTH AMERICA    SOUTH AMERICA    EUROPE    ASIA

**JEFFREY L. KESSLER**
+1 (212) 294-4698
jkessler@winston.com

October 10, 2022

**VIA EMAIL**

Robert J. Bonsignore, Esq.                    Joseph M. Alioto, Esq.
Bonsignore Trial Lawyers, PLLC               Alioto Law Firm
23 Forest Street                              One Sansone Street, 35th Floor
Medford, Massachusetts 02155                 San Francisco, California 94104
rbonsignore@class-actions.us                 jmalioto@aliotolaw.com

Re:    *In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917, Case No. 3:07-cv-05944-
       JST (N.D. Cal.)

Dear Robert and Joseph,

       We write to you on behalf of the proposed Panasonic and Philips defendants named in your
recently filed Motion to Amend Complaint or Otherwise Pursue Pending Claims (the "Motion")
and proposed Indirect Purchasers Plaintiffs' Fifth Amended Complaint (the "Proposed
Complaint") in the above-captioned MDL.  ECF Nos. 6072, 6072-5.[1]

       The Motion and Proposed Complaint are improper under Rule 11 of the Federal Rules of
Civil Procedure ("Rule 11") for multiple reasons, summarized below, each of which demonstrates
a lack of proper purpose or a failure to conduct a reasonable inquiry into the facts and law before
signing the Motion and Proposed Complaint.  *See Bus. Guides, Inc. v. Chromatic Commc'ns
Enterprises, Inc.*, 498 U.S. 533, 554 (1991) (Rule 11 imposes an objective standard of reasonable
inquiry).  First, the Motion knowingly contravenes multiple orders of the MDL court and the Ninth
Circuit on motions and appeals that you have previously filed—and lost—attempting to assert
substantially the same claims on behalf of the same movants, Mr. Gianasca and Ms. Caldwell.
Second, the Proposed Complaint's Massachusetts state-law claims are objectively baseless due to
your clients' conceded failure to comply with Massachusetts's statutory pre-suit demand letter
requirements, as the MDL court has already ruled.  Third, the attempt to reassert Massachusetts
claims that were abandoned in 2010 is objectively in bad faith.  And fourth, the Proposed
Complaint lacks any factual basis to assert claims against various entities that were long ago
dismissed from the MDL due to lack of evidence, were never part of the MDL, or are defunct and
dissolved, including Panasonic Corporation of North America; MT Picture Display Co., Ltd.;
Matsushita Electronic Corporation (Malaysia) Sdn Bhd.; Philips Electronics North America
Corporation (n/k/a Philips North America LLC); Philips Electronics Industries (Taiwan), Ltd.
(n/k/a Philips Taiwan Limited); and Philips da Amazonia Industria Electronica Ltda. (n/k/a Philips

---

[1] Unless otherwise stated, all ECF citations are to the docket of *In re Cathode Ray Tube (CRT) Antitrust
Litig.*, MDL No. 1917, Case No. 3:07-cv-05944-JST (N.D. Cal.).

do Brasil, Ltda.).  Each of these grounds alone is sufficient to sustain a Rule 11 motion.  Taken together, they are a gross violation of the rule that wastes the resources of the Court and our clients.

If necessary, we will prepare a formal Rule 11 motion, which we will serve upon you prior to filing with the Court as required by the rule.  However, before we incur yet more expense litigating against your objectively baseless filing, we are writing to demand that you withdraw the Motion and Proposed Complaint.  Please withdraw these improper filings by October 14, 2022.

**Defiance of Final Court Orders**

The Motion knowingly violates multiple court orders and is an improper attempt to relitigate issues that are no longer subject to further appeal, and which are final and binding under both the law of the case doctrine and the rule of mandate.

As you know, the MDL court has already ruled, inter alia, that you may not amend someone else's complaint and that, if your clients wish to pursue claims, you must file a separate action and have it transferred to the MDL.[2]  The MDL court also has already declined to consider your argument that Gianasca's 2008 *Terry* complaint could be amended.[3]  Moreover, the Ninth Circuit has rejected your appeals from those rulings and from final judgment in the indirect-purchaser action, holding that "[t]here is no longer an action against Defendants into which the ORS and NRS appellants can intervene."[4]

Your recent filing knowingly violates each of these final and binding orders.  Your Proposed Complaint is again styled as Indirect Purchasers Plaintiffs' Fifth Amended Complaint and captioned for filing solely in the master MDL docket, seeking improperly to amend the IPPs' complaint (despite statements in your Motion stating that you seek to amend Gianasca's 2008 *Terry* complaint).  You have again filed a motion seeking to lodge new claims directly in the MDL, rather than file a separate action.  And you have ignored the Ninth Circuit's ruling that, following the entry of final judgment, there is no pending action against the former Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, and Thomson Defendants, which bars the argument that the *Terry* action is still pending and that the *Terry* Complaint can be amended.

The time to argue these issues has come and gone:  Gianasca and Caldwell had the opportunity to challenge these rulings upon appeal, did so, and were unsuccessful.  There is no objectively lawful basis to reassert these claims now.

---

[2] Order Denying Renewed Motions to Intervene ("Renewed Intervention Order"), ECF No. 5684; Order Denying Motion to Intervene and Amend Complaint to Allege State Law Claims for Other Repealer States, ECF No. 5628.

[3] Order Denying Motion to Alter or Amend the Court's Order, ECF No. 5708; *see also* Mot. to Alter or Amend Order Denying Renewed Motions to Intervene, ECF No. 5688 at 2 n.1 (arguing that the *Terry* complaint could be amended by ORS plaintiffs); Defs.' Resp., ECF No. 5690 at 7–8.

[4] *In re Cathode Ray Tube Antitrust Litig.*, No. 20-15697, 2021 WL 4306895 *2 (9th Cir. Sept. 22, 2021).



## Knowing Failure to Provide a Pre-Suit Demand for the Massachusetts State-Law Claims

The Proposed Complaint seeks improperly to bring two claims under Massachusetts state law on behalf of Caldwell and Gianasca despite your knowing failure to provide the pre-suit demand required by Massachusetts General Laws 93 A, as already found in this MDL.

As you know, Caldwell's Massachusetts claims were ruled legally nonviable over a decade ago, when Special Master Legge recommended that they be dismissed with prejudice. ECF No. 768 at 8, 12–14. The later vacatur of the 2010 stipulated order adopting those recommendations did not revitalize those nonviable claims. *See* Proposed Defs.' Resp., ECF No. 6084-1 at 21–22.

This same fatal legal defect applies equally to the Massachusetts claims of Gianasca. As you know, Gianasca did not serve a pre-suit demand prior to filing the 2008 *Terry* complaint that you assert as the basis for amendment. And your disingenuous service in June 2019—eleven years later—of a demand letter on Gianasca's behalf cannot retroactively remedy the failure to serve a *pre*-suit demand. As found by Judge Legge, a plaintiff cannot "fail to comply [with MGL 93A], but then cure that failure by sending a late notice and then re-filing the same complaint." ECF 768 at 13. There is, thus, no reasonable basis for the pursuit of these claims.

## Knowingly Filing Untimely Claims

It is wholly improper for you to seek to file Massachusetts state law claims, which were voluntarily dismissed nearly ***twelve years ago and thus grossly out of time***. As you know, it has been clear since the Third Amended Complaint was filed, in December 2010, that the state law damages claims of purported Massachusetts plaintiffs were not being pursued by lead class counsel. If your clients disagreed with that decision, they were required to move promptly to intervene. *See Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015); *SurvJustice Inc. v. DeVos*, No. 18-cv-00535, 2019 WL 1427447, at *4 (N.D. Cal. Mar. 29, 2019) (Corley, M.J.). Instead, they sat on their rights for twelve years.

Your firms have respectively represented Gianasca and Caldwell since prior to the filing of the Third Amended Complaint. *See* ECF No. 144 (March 3, 2008 filing by Joseph Alioto listing Alioto Law Firm as counsel for Barbara Caldwell); Compl., *Terry v. LG Elecs., Inc.*, Case No. 4:08-cv-01559 (March 21, 2008), ECF No. 1 (listing Robert Bonsignore as counsel for Anthony Gianasca). As represented parties with counsel of record receiving ECF notices, both Gianasca and Caldwell were required to take action to preserve their claims when they were not pursued in the Third Amended Complaint twelve years ago. *See In re: Phenylpropanolamine (PPA) Prod. Liab. Litig.*, No. C03-1101, 2006 WL 8446679, at *2 (W.D. Wash. May 16, 2006) (holding that it "is the responsibility of counsel to monitor the case [electronic docket] for activity" and that counsel's failure to do so rendered delayed motion filing "categorically unreasonable"), *aff'd*, 318 F. App'x 451 (9th Cir. 2008). You have no objectively reasonable basis to pursue those long-abandoned and untimely claims now.



### Claims Against Certain of the Proposed Panasonic Defendants that Have No Objectively Reasonable Basis

Your Proposed Complaint names Panasonic Corporation of North America ("PNA"), MT Picture Display Co., Ltd. ("MTPD"), and Matsushita Electronic Corporation (Malaysia) Sdn Bhd. ("Matsushita Malaysia") as proposed defendants.[5]  However, you have no objectively reasonable basis for including these entities as defendants.

As you are well aware, the Proposed Complaint is not the first proposed amended complaint you have filed on behalf of purported Massachusetts plaintiffs: a similar proposed complaint was filed on August 23, 2019.  ECF No. 5567-1.  Prior to that filing, we wrote to you concerning the status of PNA, MTPD, and Matsushita Malaysia and set forth the reasons why there was no objectively reasonable basis to name these entities as defendants in a manner consistent with counsel's obligations under Rule 11.  *See* Ex. 1, Aug. 19, 2019 Email from Kevin Goldstein to Robert Bonsignore, Fran Scarpulla, Theresa Moore; Ex. 2, Aug. 19, 2019 Ltr. from J. Kessler to Fran Scarpulla (copying Robert Bonsignore).

With respect to PNA, the letter pointed out that in February 2017, Judge Tigar held that there was no evidence that PNA ever participated in the claimed conspiracy and granted summary judgment in favor of PNA.  Ex. 2 at 1–2; *see* ECF No. 5119.  The letter also reminded you that Judge Tigar had since made clear that he would not revisit issues already decided on summary judgment, absent unique issues arising for new plaintiffs or changes in controlling authority.  Ex. 2 at 2; *see* Aug. 8, 2019 Case Mgmt. Conf. Tr. 6:17-25.  With respect to MTPD, the letter noted that it had been dissolved and final liquidation proceedings were completed in Japan on May 23, 2019.  Ex. 2 at 2.  The letter also reminded you that Matsushita Malaysia was an entity that had never been joined as a party to the case, and had been dissolved over a decade before.  *Id.*

In apparent response to our communications to you about these Panasonic entities, you filed a revised proposed complaint on August 28, 2019, dropping PNA, MTPD, and Matsushita Malaysia as proposed defendants.  ECF No. 5570-1, ¶ 104.

Despite the above history, you have now filed a new Proposed Complaint that inexplicably includes PNA, MTPD, and Matsushita Malaysia as proposed defendants.  This proposed inclusion cannot be objectively justified, and we urge you to immediately remove these entities as proposed defendants.

---

[5] Panasonic Corporation also denies any allegation that it engaged in unlawful conduct with respect to the CRT business and further believes that Caldwell and Gianasca's anticipated claims are unfounded, untimely, and not actionable, and reserves all arguments concerning the same.



## Claims Against Certain of the Proposed Philips Defendants that Have No Objectively Reasonable Basis

Your Proposed Complaint also names Philips Electronics North America Corporation (n/k/a Philips North America LLC), Philips Electronics Industries (Taiwan), Ltd. (n/k/a Philips Taiwan Limited), and Philips da Amazonia Industria Electronica Ltda. (n/k/a Philips do Brasil, Ltda.; collectively, the "Philips Subsidiaries").

Similar to the arguments above, there is no objectively reasonable basis for you to name the Philips Subsidiaries as defendants consistent with Rule 11. As you know, your Proposed Complaint is based on an alleged conspiracy to fix the prices of CRT Products between 1995 and 2007. The allegations in the Proposed Complaint are nearly identical to the more-than-thirty complaints filed by other plaintiffs and consolidated in this MDL No. 1917. On August 22, 2016, the Court granted the Philips Subsidiaries' Motion for Partial Summary Judgment, ECF No. 3027, based on the Philips Subsidiaries' withdrawal from the alleged conspiracy in June 2001. ECF No. 4786. As noted above, Judge Tigar has since made clear that he would not revisit issues already decided on summary judgment, absent unique issues arising for new plaintiffs or changes in controlling authority. Ex. 2 at 2; *see* Aug. 8, 2019 Case Mgmt. Conf. Tr. 6:17-25. Accordingly, you lack any legal basis to contest Judge Tigar's prior ruling that the Philips Subsidiaries withdrew in June 2001. With this fact established, and even giving you the full benefit of the original *Terry* Complaint for purposes of this argument only,[6] the Massachusetts claims filed in 2008 came more than two years *after* the expiration of the four-year statute of limitations applicable to Mass. Gen. Laws ch. 93A. *See* Mass. Gen. Laws ch. 260, § 5A.

Given the above history, your inclusion of the Philips Subsidiaries as defendants in your Proposed Complaint cannot be justified, and we urge you to immediately remove these entities as proposed defendants.

## Conclusion

For each of the above reasons, we demand that you promptly withdraw the Motion and Proposed Complaint. Should you fail to withdraw these filings by October 14, 2022, we will proceed to prepare and serve a formal Rule 11 demand and motion. If we have to pursue such a Rule 11 motion, we will ask the Court to award Panasonic and Philips all fees and costs they have incurred defending against your Motion and Proposed Complaint under Rule 11 or, alternatively, under 28 U.S.C. § 1927, as well as all fees and costs incurred for the sanctions motion.

We hope that filing a Rule 11 motion will be unnecessary, and that this matter can be resolved on a voluntary basis.

---

[6] Philips continues to strongly disagree that you have a valid claim against any Philips entity and reserves all arguments regarding same.



October 10, 2022
Page 6

Sincerely,

/s/ *Jeffrey L. Kessler*
WINSTON & STRAWN LLP
JEFFREY L. KESSLER
200 Park Avenue
New York, NY 10166
jkessler@winston.com

*Attorneys for Proposed Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd.[7]*

/s/ *Erik T. Koons*
BAKER BOTTS LLP
ERIK T. KOONS
700 K Street, N.W.
Washington, D.C. 20001
erik.koons@bakerbotts.com

*Attorneys for Proposed Defendants Koninklijke Philips, N.V., Philips North America LLC, Philips Taiwan Limited, and Philips do Brasil, Ltda.*

Attachments

cc:   Eva W. Cole
      Kevin B. Goldstein
      David L. Yohai

---

[7] MT Picture Display Co., Ltd. has been dissolved and completed final liquidation proceedings in Japan on May 23, 2019.

# EXHIBIT 1

**From:** Goldstein, Kevin B.
**To:** fos@scarpullalaw.com; tmoore@aliotolaw.com; rbonsignore@classactions.us
**Cc:** Kessler, Jeffrey L.; Yohai, David; Cole, Eva W.
**Subject:** In re CRT Antitrust Litig., MDL No. 1917 - Panasonic Letter to ORS Counsel
**Date:** Monday, August 19, 2019 8:07:58 PM
**Attachments:** 2019-08-19 - CRT - Ltr to ORS.pdf
2019-08-19 - CRT - EXHIBITS to Ltr to ORS.pdf
image001.jpg
3bclean-control.bin

Dear Fran and all,

Please see the attached letter.

Best regards,

Kevin

## Kevin B. Goldstein

Winston & Strawn LLP

35 W. Wacker Drive

Chicago, IL 60601-9703

D: +1 312-558-5869

M: +1 847-571-7766

F: +1 312-558-5700

kbgoldstein@winston.com

winston.com



# __EXHIBIT 2__



200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

North America   Europe   Asia

**JEFFREY L. KESSLER**
+1 212 294 4698
jkessler@winston.com

August 19, 2019

<u>**VIA E-MAIL**</u>

Francis O. Scarpulla, Esq.
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
fos@scarpullalaw.com

Re:    *In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917, Case No. 3:07-cv-05944-
         JST (N.D. Cal.)

Dear Fran,

        We write to you on behalf of the Panasonic Defendants in the above-referenced matter, and
in your capacity as liaison and co-lead counsel for indirect purchaser plaintiffs in the so-called
omitted repealer states ("ORS Plaintiffs").

        We understand that the ORS Plaintiffs soon intend to seek leave to file an amended
complaint asserting state law claims on behalf of as many as nine states.  As you prepare your
proposed complaint, we wanted to bring several things to your attention, so that you do not
inadvertently waste the Court's and the parties' time with wholly unnecessary litigation.  You may
already be aware of these issues, in which case this letter will serve as a reminder.

**Panasonic Defendants' Status**

        First, we want to bring to your attention the current status of certain of the "Panasonic
Defendants" in the MDL.  As you are doubtless aware, there had previously been three Panasonic
Defendants active in the IPP litigation and MDL generally: Panasonic Corporation, Panasonic
Corporation of North America ("PNA"), and MT Picture Display Co., Ltd. ("MTPD").  Of these
three, PNA was granted summary judgment in its favor due to lack of evidence of its liability, and
MTPD has been liquidated in Japan and no longer exists.  Accordingly, we expect that you will
not seek to name either PNA or MTPD as parties in your proposed amended complaint.[1]

        With respect to PNA, after the close of MDL fact discovery, PNA and Panasonic
Corporation moved for summary judgment on the basis that there was insufficient evidence of

---

[1] Panasonic Corporation also denies any allegation that it engaged in unlawful conduct with respect to the
CRT business and further believes that the ORS Plaintiffs' anticipated claims are unfounded, untimely, and
not actionable.  However, Panasonic Corporation remains a going concern and we acknowledge that the
Court did not grant its prior motion for summary judgment.



their participation in the claimed conspiracy to proceed to trial. ECF No. 3001. IPPs and DAPs jointly opposed the motion. ECF No. 3248. Judge Tigar subsequently granted PNA's motion and dismissed all claims against PNA, finding that there was no evidence of PNA's participation in the alleged conspiracy that could create a dispute of material fact as to PNA's liability. ECF No. 5119.

As Judge Tigar made clear at the August 8, 2019 case management conference, the Court does not plan to revisit issues it already decided on summary judgment, absent unique issues for the new plaintiffs or a change in controlling authority. CMC Tr. 6:17-25. PNA's alleged liability is one such issue that has already been resolved, and there is no basis to revisit it now. Therefore, there is also no basis for the ORS Plaintiffs to assert any claim against PNA in their proposed amended complaint.

With respect to MTPD, in accord with the liquidation plan it publicly announced in March 2017, MTPD has been dissolved and final liquidation proceedings were completed in Japan on May 23, 2019. A copy of the Osaka District Court's certification of final and binding liquidation, along with an unofficial translation, is attached hereto as Exhibit A. In light of this dissolution and liquidation, MTPD no longer exists and its liabilities have been discharged. Accordingly, we expect that the ORS Plaintiffs will not attempt to name MTPD as a defendant in their proposed amended complaint.

Similarly, certain early complaints in the MDL sought to name as defendants additional purported Panasonic entities that either no longer exist or have never existed as distinct legal entities. This included a Malaysian entity referred to as "Matsushita Malaysia" that was dissolved over a decade ago, and an unincorporated business division of PNA known as Panasonic Consumer Electronics Company. These purported entities were never joined as parties to the case, as indeed they could not be. Further, these issues were resolved by the time of the IPPs' Second Consolidated Amended Complaint in May 2010 and neither Matsushita Malaysia nor Panasonic Consumer Electronics Company were named as defendants. ECF No. 716. We assume the ORS Plaintiffs will not repeat the error that some plaintiffs made in naming these non-entities early in the case.

**Oregon AG Action and Release**

We also write to confirm that the ORS Plaintiffs will not assert claims on behalf of Oregon indirect purchaser plaintiffs in their proposed amended complaint.

When the first IPP settlement in the MDL, with Chunghwa, was presented to the Court for preliminary approval, the State of Oregon intervened in the MDL for the purpose of "asserting its exclusive authority to represent indirect purchasers pursuant to Oregon's Antitrust Act …." ECF No. 922. As the State of Oregon explained:

"Oregon's *Illinois Brick* repealer statute designates the Oregon Attorney General as the sole entity authorized to represent indirect purchasers for damages suffered as a result of antitrust violations. Pursuant to Oregon law, the Indirect Purchaser Plaintiffs in this case

(the IPP) are precluded from representing the interests of Oregon indirect purchasers and lack standing or legal authority to bring or settle state law antitrust claims on their behalf."

ECF No. 940 at 1-2 (internal footnote omitted). As a result of Oregon's intervention, claims by Oregon natural persons were specifically excluded from the Nationwide Class definition in all subsequent IPP settlements. *See* Amended Order Granting Preliminary Approval, ECF No. 3906.

Indeed, the Oregon attorney general exercised this exclusive right and brought her own suit in Oregon state court on behalf of Oregon indirect purchasers. *See State of Oregon, ex rel. Rosenblum v. LG Electronics, Inc., et al.*, No. 1208 10246 (Or. Cir. Ct. Multnomah Cty.) (hereinafter "*Oregon Action*"). The Panasonic Defendants, as well as Samsung SDI, Toshiba, Hitachi, and Philips Defendants have all settled those Oregon claims on terms that, *inter alia*, provide a complete release on behalf of Oregon natural-person purchasers, in exchange for settlement payments that have already been distributed to those purchasers. *See* General Judgment, *Oregon Action* (Mar. 27, 2017), a copy of which is attached hereto as Exhibit B. The *Oregon Action* settlements and general judgment remain undisturbed by any subsequent rulings and are outside the jurisdiction of the MDL court or the Ninth Circuit, and they preclude you from bringing suit on behalf of such Oregon claimants.

Based on your prior filings in the MDL, we know that you are aware of the Oregon attorney general's exclusive authority to bring an action for damages on behalf of Oregon resident indirect purchasers, and believe you agree that it would be improper for you now to assert claims on behalf of Oregon residents. Indeed, you expressly cited the Oregon attorney general's exclusive authority in 2016 briefing when you and Mr. Cooper first sought appointment as counsel for IPPs in states other than the 22 States. *See* Reply ISO Mot. re Appointment of Co-Lead Class Counsel, ECF No. 4278 at 9 n.9. In that same filing, you clarified that, as a result of attorneys general bringing suits "concerning the same subject matter in state court pursuant to their respective state laws," you were not seeking to represent "those with claims in the States of Illinois, Oregon and Washington."[2]  *Id.* at 9-10. Nothing has changed since that time that would justify you now seeking to pursue Oregon claims; to the contrary, Oregon residents' claims have since been settled and finally released.

We hope that providing this information about the status of the Panasonic Defendants and the *Oregon Action* now—in advance of the ORS Plaintiffs seeking to file any proposed amended complaint—will facilitate the requisite "reasonable inquiry into the facts and the law *before filing*" and prevent any needless litigation of these issues. *Herships v. Maher*, No. 97-cv-3114, 1998 WL 164943, at *2 (N.D. Cal. Mar. 10, 1998) (quoting *Business Guides Inc. v. Chromatic Communications Enter.*, 498 U.S. 533, 551 (1991) (emphasis in original).

---

[2] This letter focuses on Oregon claims because you have asserted that Oregon is one of the "omitted repealer states." However, should the ORS Plaintiffs assert Illinois or Washington claims, those claims would similarly be improper for a variety of reasons including that they have been settled and released by state attorneys general.



August 19, 2019
Page 4

      Should you have any questions, we are happy to discuss and to provide more information to the extent available to us.

                        Sincerely,

                        */s/ Jeffrey L. Kessler*

                        Jeffrey L. Kessler

Attachments
cc:     Theresa Moore, Esq., Co-Lead Counsel for ORS Plaintiffs
        Robert Bonsignore, Esq., Co-Lead Counsel for ORS Plaintiffs
        David L. Yohai, Esq.
        Eva W. Cole, Esq.
        Kevin B. Goldstein, Esq.

# EXHIBIT A

平成３１年（ヒ）第３００４号　特別清算開始申立事件

清算株式会社　ＭＴ映像ディスプレイ株式会社

特別清算終結確定証明申請書

大阪地方裁判所　第６民事部　御中

２０１９（令和元）年５月９日

清算株式会社　ＭＴ映像ディスプレイ株式会社

清算人代理　弁護士　柴　野　高　之　印

同　　　柳　　　勝　久　印

　頭書事件について，上記清算会社の平成３１年４月１８日にされた特別清算終結決定は，令和元年５月２２日の経過により確定したことを証明願います。

上記証明する

令和　元　年　５　月　23日

大阪地方裁判所第６民事部

裁判所書記官　谷　田　久　義



# EXHIBIT A-1
# Unofficial Translation

2019 (H. 31) No. 3004   Case of Petitioning for the Commencement of Special Liquidation

Incorporated company in liquidation    MT Picture Display Corporation


## Application for Certificate of Final and Binding Conclusion of Special Liquidation


To Civil Division No. 6  [unconfirmed], Osaka District Court


May 9th, 2019 (First year of Reiwa)


Incorporated company in liquidation        MT Picture Display Corporation

Agent of liquidator        Attorney Takayuki Shibano 

Same [as above]   Katsuhisa Yanagi 



Please certify that the decision made on April 18th, 2019 regarding the special liquidation of the above incorporated [handwritten text inserted] company in liquidation was final and binding as of May 22nd, 2019 (the first year of Reiwa).


[I] hearby certify the above.

May 23rd, 2019

Civil Division No. 6 [unconfirmed], Osaka District Court

Court clerk    **Hisami Taniya**
               **[unconfirmed]**

# EXHIBIT B

1208 10246

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

STATE OF OREGON, ex rel. Ellen
Rosenblum, Attorney General,

        Plaintiff,

        v.

SAMSUNG DISPLAY DEVICE CO., LTD.,
a foreign corporation; SAMSUNG SDI
AMERICA INC., a California corporation;
SAMSUNG SDI MEXICO S.A. DE C.V., a
foreign corporation; SAMSUNG SDI
BRASIL LTDA., a foreign corporation;
SHENZHEN SAMSUNG SDI CO., LTD., a
foreign corporation; TIANJIN SAMSUNG
SDI CO., LTD., a foreign corporation;
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
a foreign corporation;

        Defendants.

Case No.: 1208 10246

**GENERAL JUDGMENT**

In previous orders, this Court has approved the Oregon Attorney General's settlements ("Agreements") with the following defendants ("Defendants"), dismissing each of the defendants with prejudice: Hitachi, Ltd.; Hitachi Displays, Ltd.; Hitachi Electronic Devices (USA), Inc.; Hitachi Asia, Ltd; LG Electronics, Inc; Panasonic Corporation; Panasonic Corporation of North America; MT Picture Display Co., Ltd; Koninklijke Philips Electronics N.V.; Philips North America Corporation; Toshiba Corporation; Toshiba America Electronic Components, Inc.; Samsung SDI Co., Ltd.;

PAGE 1 – **GENERAL JUDGMENT**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
49486—7:38 am

1    Samsung SDI America, Inc.; Samsung SDI Mexico S.A. de C.V.; Samsung SDI Brasil

2    LTDA.; Shenzhen Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd; Samsung SDI

3    (Malaysia) Sdn. Bhd.

4            This matter comes before the Court to determine if there is any cause why the

5    Court should not approve Attorney General's proposal for distribution to the State of

6    Oregon and natural persons and entry of judgment.  The Court, after considering all

7    papers filed and proceedings held in this action and otherwise being fully informed in the

8    premises, finds the Attorney General's distribution plan allows all claimants and

9    prospective claimants a reasonable opportunity to secure an appropriate portion of

10   available settlement proceeds.  Accordingly, the Court directs entry of this judgment,

11   which shall constitute the final adjudication of this action on the merits.  Good cause

12   appearing therefore, it is:

13          **ORDERED, ADJUDGED, AND DECREED THAT:**

14          1.      The capitalized terms used in this order have the meaning ascribed to them

15   in the Agreements.

16          2.      The Court has jurisdiction over the subject matter of this litigation, all

17   actions within this litigation and over the Parties to the Agreements, including the State

18   of Oregon and the Defendants, and any person or entity claiming by, for, or through the

19   State of Oregon and the Defendants.

20          3.      The State of Oregon's Notice of Exclusions, previously approved by the

21   Court, required natural persons desiring to opt-out of this action (also referred to as

22   "exclusion") and the Agreements to register online at www.OregonScreenSettlement.com

23

PAGE 2 – **GENERAL JUDGMENT**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR  97201
Tel:  (503) 225-0777 / Fax:  (503) 225-1257
49486—7:38 am

1   or send a written letter requesting exclusion to a designated address on or before March

2   18, 2017.  Natural persons who did not take action or who registered or provided letters

3   postmarked after March 18, 2017, are bound by this judgment and the Agreements

4   previously approved in this action.  Attachment A to this order provides the names and

5   addresses of natural person opt-outs who registered at

6   www.OregonScreenSettlement.com on or before March 18, 2017, and names and

7   addresses of natural person requesting exclusion who sent letters postmarked on or before

8   March 18, 2017, that had been received as of close of business on April 19, 2017.  Any

9   other letters later received requesting exclusion and which were postmarked on or before

10  March 18, 2017, must be forwarded to the Court with a request for supplemental

11  judgment.

12          4.        The Court hereby dismisses on the merits with prejudice any remaining

13  claims – including natural person *parens patriae* claims and direct claims – asserted by

14  the Attorney General against Defendants in this action, with the Oregon Attorney General

15  and Defendants to bear their own costs and attorneys' fees except as provided for in the

16  Agreements and previously determined by this Court.  The dismissal with prejudice is not

17  res judicata as to the one natural person identified in Attachment A to this order or as to

18  any other natural persons identified in a supplemental judgment meeting the criteria

19  defined in paragraph 3 above.  To the extent natural persons identified in Attachment A

20  or a supplemental judgment possess the right to assert claims against Defendants, those

21  claims are not extinguished by entry of this judgment.

22

23

PAGE 3 – **GENERAL JUDGMENT**

1         5.     The State of Oregon releases all claims that are agreed released by the

2    terms of the six individual Agreements previously approved by the Court.  See Exhibits

3    A-E to Declaration of Michael G. Neff in Support of Oregon's Second Motion for

4    Approval of Settlements, Notice, and Entry of Limited Judgment as to Five Defendant

5    Groups and Exhibit A to Declaration of Michael E. Haglund in Support of Oregon's

6    Motion for Approval of Samsung SDI Settlement. The Court finds that the State of

7    Oregon shall be bound by each of the individual Agreements, including without

8    limitation the release provisions and covenants not to sue therein.  *Id.*  Generally, with the

9    exception of the claims that may be held by the natural persons who opt-out as defined in

10   paragraph 4 above, Oregon releases all claims that were or could have been made against

11   the respective Defendants based on the facts described in the Oregon First Amended

12   Complaint for Damages, Restitution, Disgorgement, and Civil Penalties.  All persons and

13   entities defined as Releasors in the Agreements are hereby barred and enjoined from

14   commencing, prosecuting, or continuing, either directly or indirectly, against the persons

15   or entities who are defined as Releasees, in this or any jurisdiction, any and all claims or

16   causes of action or lawsuits, which they had, have, or in the future may have, arising out,

17   or related in any way to the claims released by the individual Agreements.  This

18   permanent bar and injunction is necessary to protect and effectuate the Agreements, this

19   judgment, and this Court's authority to effectuate the Agreements, and is ordered in aid

20   of this Court's jurisdiction and to protect its jurisdiction.

21

22

23

PAGE 4 – **GENERAL JUDGMENT**

1          6.      The Court finds that the notice given to natural persons of the Agreements

2  and releases in the Agreements was adequate, due, and sufficient notice that more than

3  satisfies due process of law and ORS 646.775(2) and (3).

4          7.      The Court grants final approval to the plan of distribution set forth and

5  described in the State of Oregon's Motion for Approval of Distribution Plan and Final

6  Judgment, and finds the plan of distribution is designed to provide natural persons a

7  reasonable opportunity to secure an appropriate portion of the available settlement

8  proceeds.  The Court approves this plan of distribution as being consistent with due

9  process of law and ORS 646.775-780.

10         8.      The Attorney General in her discretion is authorized to distribute the

11  Settlement Fund to state agencies and natural persons consistent with the plan of

12  distribution described in the State of Oregon's Motion for Approval of Distribution Plan

13  and Final Judgment. The fiduciary managing the escrow account holding the Settlement

14  Fund is directed to make all distributions directed by the Oregon Attorney General to the

15  Oregon Department of Justice Trust Account or such other account as may be identified

16  by the Attorney General.

17         9.      Without affecting the finality of this judgment in any way, this Court

18  hereby retains exclusive jurisdiction over the State of Oregon, Defendants, all other

19  parties, and Releasors identified in the Agreements for the purpose of enforcing and

20  administering this judgment and the previous orders and limited judgments of this Court.

21         10.     The Court finds that judgment should be entered and further finds that

22  there is no just reason for delay in entry of judgment.  Accordingly, the Clerk is hereby

23

PAGE 5 – **GENERAL JUDGMENT**

**Haglund Kelley LLP**
**200 SW Market Street, Suite 1777**
**Portland, OR 97201**
**Tel: (503) 225-0777 / Fax: (503) 225-1257**
49486—7:38 am

1  directed to enter judgment forthwith.  No costs are awarded except as otherwise

2  specifically provided in the Agreements, this judgment, or previous order of the Court.

3

4          **IT IS SO ORDERED AND ADJUDGED**, nunc pro tunc March 24, 2017.

5

6

7  Signed: 4/27/2017 10:13 AM

8  _____

         **Circuit Court Judge Henry Kantor**

9

10  Submitted by:

11  s/ Michael G. Neff

12  Michael E. Haglund, OSB No. 772030
    Haglund@hk-law.com

13  Michael K. Kelley, OSB No. 853782
    Kelley@hk-law.com

14  Michael G. Neff, OSB No. 925360
    OSB No. 925360

15  Neff@hk-law.com
    Telephone: (503) 225-0777

16  Facsimile: (503) 225-1257
    Oregon Special Assistant Attorneys General for Plaintiff

17

18

19

20

21

22

23

PAGE 6 – **GENERAL JUDGMENT**

**Haglund Kelley LLP**
**200 SW Market Street, Suite 1777**
**Portland, OR  97201**
**Tel:  (503) 225-0777 / Fax:  (503) 225-1257**
49486—7:38 am

**CERTIFICATE OF COMPLIANCE WITH UTCR 5.100**

This submission is ready for judicial signature because:

    ☐ 1.    Each opposing party affected by this order or judgment has stipulated to the order or judgment, as shown by each opposing party's signature on the document being submitted.

    ☐ 2.    Each opposing party affected by this order or judgment has approved the order or judgment, as shown by signature on the document being submitted or by written confirmation of approval sent to me.

    ☒ 3.    I have served a copy of this order or judgment on all parties entitled to service and:

        ☒ a.   No objection has been served on me.
        ☐ b.   I received objections that I could not resolve with the opposing party despite reasonable efforts to do so. I have filed a copy of the objections I received and indicated which objections remain unresolved.
        ☐ c.   After conferring about objections (opposing party) agreed to independently file any remaining objection.

    ☐ 4.    The relief sought is against an opposing party who has been found in default.

    ☐ 5.    An order of default is being requested with this proposed judgment.

    ☐ 6.    Service is not required pursuant to subsection (3) of this rule, or by statute, rule or otherwise.

    ☐ 7.    This is a proposed judgment that includes an award of punitive damages and notice has been served on the Director of the Crime Victims Assistance Section as required by subsection (4) of this rule.

s/ Michael G. Neff
Michael G. Neff, OSB No. 925360

PAGE 7 – **GENERAL JUDGMENT**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR  97201
Tel:  (503) 225-0777 / Fax:  (503) 225-1257
49486—7:38 am

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on the 26th day of April, 2017, I served the foregoing
**GENERAL JUDGMENT**, on the following:

3

| | |
|---|---|
| 4  **STOEL RIVES LLP**<br>TIMOTHY W. SNIDER<br>900 SW Fifth Avenue, Suite 2600 | ___By hand delivery<br>___By first-class mail* |
| 5  Portland, Oregon 97204<br>Email: twsnider@stoel.com | X  By email<br>___By overnight mail |
| Telephone: (503) 224-3380 | ___By facsimile |
| 6  Facsimile:  (503) 220-2480 | Fax #_____ |

| | |
|---|---|
| 7  **WEIL, GOTSHAL & MANGES LLP**<br>DAVID L. YOHAI<br>ADAM C. HEMLOCK | ___By hand delivery<br>___By first-class mail* |
| 8  DAVID YOLKUT<br>KEVIN GOLDSTEIN | X  By email<br>___By overnight mail |
| 9  767 Fifth Avenue<br>New York, New York 10153-0119 | ___By facsimile<br>Fax #_____ |
| Email: david.yohai@weil.com | |
| 10  Email: adam.hemlock@weil.com<br>Email: david.yolkut@weil.com | |
| 11  Email: kevin.goldstein@weil.com | |

| | |
|---|---|
| 12  **WINSTON & STRAWN LLP**<br>JEFFREY L. KESSLER<br>EVA W. COLE | ___By hand delivery<br>___By first-class mail* |
| 13  MOLLY M. DONOVAN<br>200 Park Avenue | X  By email<br>___By overnight mail |
| 14  New York, New York 10166<br>Email: jkessler@winston.com | ___By facsimile<br>Fax #_____ |
| Email: ewcole@winston.com | |
| 15  Email: mmdonovan@winston.com | |

16  ***Attorneys for Defendants Panasonic Corporation;***
***Panasonic Corporation of North America; and MT***
17  ***Picture Display Co., Ltd.***

| | |
|---|---|
| **ANGELI UNGAR LAW GROUP, LLC**<br>DAVID H. ANGELI | ___By hand delivery<br>___By first-class mail* |
| 18  KRISTEN L. TRANETZKI<br>121 SW Morrison Street, Ste. 400 | X  By email<br>___By overnight mail |
| 19  Portland OR 97204<br>Email:  david@angelilaw.com | ___By facsimile<br>Fax #_____ |
| Email:  Kristen@angelilaw.com | |

20

21

22

23

PAGE 1 – CERTIFICATE OF SERVICE

Haglund Kelley LLP<br>200 SW Market St. Ste. 1777<br>Portland, OR  97201<br>Tel:  (503) 225-0777 / Fax:  (503) 225-1257

<u>ATTACHMENT A</u>

Natural Persons Who Timely Provided Notice of Exclusion
From the Approved CRT Settlements

1.      Mary Steiger
        3208 NE 29th
        Gresham, OR  97030

| | | |
|---|---|---|
| 1 | **KIRKLAND & ELLIS PC**<br>JAMES MUTCHNIK<br>KATE WHEATON<br>300 North LaSalle<br>Chicago, IL 60654<br>james.mutchnik@kirkland.com;<br>kate.wheaton@kirkland.com; | \_\_\_By hand delivery<br>\_\_\_By first-class mail*<br> X  By email<br>\_\_\_By overnight mail<br>\_\_\_By facsimile<br>   Fax #_____ |
| 4<br>5<br>6 | **KIRKLAND & ELLIS LLP**<br>Eliot Adelson<br>555 California Street<br>San Francisco, CA 94104<br>Email:  eliot.adelson@kirkland.com<br><br>*Attorneys for Defendants Hitachi, Ltd., Hitachi<br>Asia, Ltd., Hitachi Displays, Ltd., Hitachi<br>Electronic Devices (USA), Inc.* | \_\_\_By hand delivery<br>\_\_\_By first-class mail*<br> X  By email<br>\_\_\_By overnight mail<br>\_\_\_By facsimile<br>   Fax #_____ |
| 8<br>9<br>10<br>11<br>12 | **BAKER BOTTS, LLP**<br>JOHN M. TALADAY<br>ERIK KOONS<br>TIFFANY GELOTT<br>The Warner<br>1299 Pennsylvania Ave., NW<br>Washington DC 20004-2400<br>E-mail: john.taladay@bakerbotts.com<br>E-mail: erik.koons@bakerbotts.com<br>Email: tiffany.gelott@bakerbotts.com | \_\_\_By hand delivery<br>\_\_\_By first-class mail*<br> X  By email<br>\_\_\_By overnight mail<br>\_\_\_By facsimile<br>   Fax #_____ |
| 13<br>14<br>15<br>16<br>17 | **CASE & DUSTERHOFF, LLP**<br>JAMES D. CASE<br>The 9800 Professional Building<br>9800 SW Beaverton-Hillsdale Hwy., Suite 200<br>Beaverton, OR 97007<br>E-mail: jcase@case-dusterhoff.com<br>Telephone: (503) 641-7222<br>Facsimile: (503) 643-6522<br><br>*Attorneys for Philips Electronics North America<br>Corp. (PENAC)* | \_\_\_By hand delivery<br>\_\_\_By first-class mail*<br> X  By email<br>\_\_\_By overnight mail<br>\_\_\_By facsimile<br>   Fax #_____ |
| 20<br>21<br>22<br>23 | **TONKON TORP, LLP**<br>SCOTT G. SEIDMAN<br>ANNA SORTUN<br>1600 Pioneer Tower<br>888 SW Fifth Avenue<br>Portland OR 97204<br>Email:  scott.seidman@tonkon.com<br>Email:  anna.sortun@tonkon.com | \_\_\_By hand delivery<br>\_\_\_By first-class mail*<br> X  By email<br>\_\_\_By overnight mail<br>\_\_\_By facsimile<br>   Fax #_____ |

PAGE 2 – CERTIFICATE OF SERVICE

| | |
|---|---|
| **WHITE & CASE LLP**<br>DANA E. FOSTER<br>LUCIUS B. LAU<br>701 Thirteenth Street, NW<br>Washington DC 20005<br>Email:  defoster@whitecase.com<br>Email:  alau@whitecase.com<br><br>***Attorneys for Defendants Toshiba Corporation***<br>***and Toshiba America Electronic Components, Inc.*** | \_\_\_By hand delivery<br>\_\_\_By first-class mail*<br> X  By email<br>\_\_\_By overnight mail<br>\_\_\_By facsimile<br>    Fax #_____ |
| **LARKINS VACURA LLP**<br>CHRISTOPHER J. KAYSER<br>CODY HOESLY<br>621 SW Morrison Street, Ste. 1450<br>Portland OR 97205<br>Email:  cjkayser@larkinsvacura.com<br>Email:  choesly@larkinsvacura.com | \_\_\_By hand delivery<br>\_\_\_By first-class mail*<br> X  By email<br>\_\_\_By overnight mail<br>\_\_\_By facsimile<br>    Fax #_____ |
| **MUNGER TOLLES & OLSON, LLP**<br>MIRIAM KIM<br>LAURA SULLIVAN<br>CATHLEEN HARTGE<br>KYLE W. MACH<br>560 Mission Street<br>San Francisco, CA 94105<br>Email: Miriam.Kim@mto.com<br>Email: Laura.Sullivan@mto.com<br>Email:  kyle.mach@mto.com<br>Email: Cathleen.Hartge@mto.com | \_\_\_By hand delivery<br>\_\_\_By first-class mail*<br> X  By email<br>\_\_\_By overnight mail<br>\_\_\_By facsimile<br>    Fax #_____ |
| **MUNGER TOLLES & OLSON, LLP**<br>JONATHAN E. ALTMAN<br>BILL TEMKO<br>355 S. Grand Ave., 35th Floor<br>Los Angeles, CA 90071<br>E-mail: jonathan.altman@mto.com<br>E-mail: William.Temko@mto.com<br>Telephone: 213)-683-9100<br><br>***Attorneys for Defendants LG Electronics, Inc.***<br>***and LG Electronics, U.S.A.*** | \_\_\_By hand delivery<br>\_\_\_By first-class mail*<br> X  By email<br>\_\_\_By overnight mail<br>\_\_\_By facsimile<br>    Fax #_____ |
| **LANE POWELL PC**<br>MILO PETRANOVICH<br>PETER D. HAWKES<br>601 SW Second Ave., Suite 2100<br>Portland, OR 97204-3158<br>E-mail: petranovichm@lanepowell.com<br>E-mail: hawkesp@lanepowell.com<br>E-mail: Pettingerk@lanepowell.com; docketing-pdx@lanepowell.com<br>Telephone: (503) 778-2100<br>Facsimile: (503) 778-2200 | \_\_\_By hand delivery<br>\_\_\_By first-class mail*<br> X  By email<br>\_\_\_By overnight mail<br>\_\_\_By facsimile<br>    Fax #_____ |

PAGE 3 – CERTIFICATE OF SERVICE

| | |
|---|---|
| **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP** | ___By hand delivery |
| MICHAEL W. SCARBOROUGH | ___By first-class mail* |
| DYLAN BALLARD | _X_By email |
| JAMES McGINNIS | ___By overnight mail |
| LEO CASERIA | ___By facsimile |
| Four Embarcadero Center, 17th Floor | Fax #_____ |
| San Francisco, California 94111-4109 | |
| Email: mscarborough@sheppardmullin.com | |
| Email: dballard@sheppardmullin.com | |
| Email: jmcGinnis@sheppardmullin.com | |
| Email: Lcaseria@sheppardmullin.com | |
| Telephone: 415-434-9100 | |
| Facsimile: 415-434-3947 | |
| | |
| *Attorneys for Defendants Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI Mexico S.A. de C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd.* | |

*With first-class postage prepaid and deposited in Portland, Oregon.

s/Michael G. Neff
_____
Michael E. Haglund, OSB No. 772030
Michael K. Kelley, OSB 853782
Michael G. Neff, OSB 925360
Attorneys for Plaintiff

PAGE 4 – CERTIFICATE OF SERVICE

Haglund Kelley LLP
200 SW Market St. Ste. 1777
Portland, OR  97201
Tel:  (503) 225-0777 / Fax:  (503) 225-1257