# EXHIBIT B

| | |
|---|---|
| **From:** | Goldstein, Kevin B. |
| **To:** | rbonsignore@classactions.us; Joseph M. Alioto |
| **Cc:** | Kessler, Jeffrey; *erik.koons@bakerbotts.com; Cole, Eva; David L. Yohai (david.yohai@weil.com); Olsen, Matthew; fwhitaker@classactions.us; "neimer@eimerstahl.com"; Jacobsen, Vanessa G.; bchang@eimerstahl.com |
| **Subject:** | RE: CRT - Letter re MA ORS Motion to Amend & Proposed Complaint |
| **Date:** | Wednesday, November 30, 2022 5:46:44 PM |
| **Attachments:** | 2022.11.30 Ltr from J. Kessler.pdf |
| | Proposed Motion for Sanctions.pdf |
| | Ex. A - 2022.10.10 K. Goldstein Email and Attachments.pdf |

Dear Robert and Joseph,

Please see the attached letter and proposed motion.

Best regards,

Kevin

**Kevin B. Goldstein**

Winston & Strawn LLP

35 W. Wacker Drive

Chicago, IL 60601-9703

D: +1 312-558-5869

M: +1 847-571-7766

F: +1 312-558-5700

kbgoldstein@winston.com

winston.com



---

**From:** Goldstein, Kevin B. <KBGoldstein@winston.com>
**Sent:** Tuesday, October 18, 2022 7:08 PM
**To:** Joseph M. Alioto <jmalioto@aliotolaw.com>
**Cc:** Kessler, Jeffrey <JKessler@winston.com>; *erik.koons@bakerbotts.com
<erik.koons@bakerbotts.com>; Cole, Eva <EWCole@winston.com>; David L. Yohai
(david.yohai@weil.com) <david.yohai@weil.com>; Olsen, Matthew <MOlsen@winston.com>;
fwhitaker@classactions.us; rbonsignore@classactions.us
**Subject:** Re: CRT - Letter re MA ORS Motion to Amend & Proposed Complaint

Great, that works.  I will send you an invite with a Teams dial-in.  If anyone else on your side will be
joining, please forward to them.

Best,

Kevin

**From:** Joseph M. Alioto <jmalioto@aliotolaw.com>
**Sent:** Tuesday, October 18, 2022 7:02:17 PM
**To:** Goldstein, Kevin B. <KBGoldstein@winston.com>
**Cc:** Kessler, Jeffrey <JKessler@winston.com>; *erik.koons@bakerbotts.com
<erik.koons@bakerbotts.com>; Cole, Eva <EWCole@winston.com>; David L. Yohai
(david.yohai@weil.com) <david.yohai@weil.com>; Olsen, Matthew <MOlsen@winston.com>;
fwhitaker@classactions.us <fwhitaker@classactions.us>; rbonsignore@classactions.us
<rbonsignore@classactions.us>
**Subject:** Re: CRT - Letter re MA ORS Motion to Amend & Proposed Complaint

Hi Kevin,

Okay, let's try for 2:00 PM, Pacific Time.

Thank you,

Joseph M. Alioto
**ALIOTO LAW FIRM**
**One Sansome Street**
35th Floor
San Francisco, CA 94104
Tel: 415.434.8900
Email: jmalioto@aliotolaw.com * Web: aliotolaw.com

CONFIDENTIALITY NOTICE: The information (including any attachments) contained in this e-mail
message may be confidential and/or privileged and is intended solely for the parties to whom it is being
sent. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or
copying of this communication is strictly prohibited. If you have received this message in error, please
notify us immediately by telephone.

**From:** Goldstein, Kevin B. <KBGoldstein@winston.com>
**Sent:** Tuesday, October 18, 2022 4:24 PM
**To:** Joseph M. Alioto
**Cc:** Kessler, Jeffrey; *erik.koons@bakerbotts.com; Cole, Eva; David L. Yohai (david.yohai@weil.com);
Olsen, Matthew; fwhitaker@classactions.us; rbonsignore@classactions.us
**Subject:** RE: CRT - Letter re MA ORS Motion to Amend & Proposed Complaint

Joe – 2:30 pm PT was the end-time in our proposed windows below.  Is there a time within those windows that works?


Best,

Kevin

---

**From:** Joseph M. Alioto <jmalioto@aliotolaw.com>
**Sent:** Tuesday, October 18, 2022 6:16 PM
**To:** Goldstein, Kevin B. <KBGoldstein@winston.com>
**Cc:** Kessler, Jeffrey <JKessler@winston.com>; *erik.koons@bakerbotts.com <erik.koons@bakerbotts.com>; Cole, Eva <EWCole@winston.com>; David L. Yohai (david.yohai@weil.com) <david.yohai@weil.com>; Olsen, Matthew <MOlsen@winston.com>; fwhitaker@classactions.us; rbonsignore@classactions.us
**Subject:** Re: CRT - Letter re MA ORS Motion to Amend & Proposed Complaint


Hi Kevin,


Thursday at 2:30 PM Pacific time would also work.  Would you please circulate a conference call number?


Best regards,


Joseph M. Alioto
ALIOTO LAW FIRM
One Sansome Street
35th Floor
San Francisco, CA 94104
Tel: 415.434.8900
Email: jmalioto@aliotolaw.com * Web: aliotolaw.com

CONFIDENTIALITY NOTICE: The information (including any attachments) contained in this e-mail message may be confidential and/or privileged and is intended solely for the parties to whom it is being sent. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please notify us immediately by telephone.

**From:** Goldstein, Kevin B. <KBGoldstein@winston.com>
**Sent:** Tuesday, October 18, 2022 3:41:31 PM
**To:** Joseph M. Alioto
**Cc:** Kessler, Jeffrey; *erik.koons@bakerbotts.com; Cole, Eva; David L. Yohai
(david.yohai@weil.com); Olsen, Matthew; fwhitaker@classactions.us;
rbonsignore@classactions.us
**Subject:** RE: CRT - Letter re MA ORS Motion to Amend & Proposed Complaint


Joe,


Thanks for the response.  Assuming you are proposing Pacific time, I unfortunately have a conflict then.  However, Erik and I are available Thursday from 8:00am-12:30 pm or 1:30-2:30 pm PT (11:00am-3:30pm or 4:30-5:30 pm ET).  Is there a time in those windows that works for you?


Best,

Kevin


**From:** Joseph M. Alioto <jmalioto@aliotolaw.com>
**Sent:** Tuesday, October 18, 2022 5:24 PM
**To:** Goldstein, Kevin B. <KBGoldstein@winston.com>
**Cc:** Kessler, Jeffrey <JKessler@winston.com>; *erik.koons@bakerbotts.com
<erik.koons@bakerbotts.com>; Cole, Eva <EWCole@winston.com>; David L. Yohai
(david.yohai@weil.com) <david.yohai@weil.com>; Olsen, Matthew
<MOlsen@winston.com>; fwhitaker@classactions.us; rbonsignore@classactions.us
**Subject:** Re: CRT - Letter re MA ORS Motion to Amend & Proposed Complaint


Hi Kevin,


I am available Thursday October 20, 2022, at 3:00 p.m.


Please let me know if this works with your schedule.

Thank you,


Joseph M. Alioto
**ALIOTO LAW FIRM**
**One Sansome Street**
35th Floor
San Francisco, CA 94104
Tel: 415.434.8900
Email: jmalioto@aliotolaw.com * Web: aliotolaw.com

CONFIDENTIALITY NOTICE: The information (including any attachments) contained in this e-mail message may be confidential and/or privileged and is intended solely for the parties to whom it is being sent. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please notify us immediately by telephone.

---

**From:** Goldstein, Kevin B. <KBGoldstein@winston.com>
**Sent:** Monday, October 17, 2022 11:25:16 AM
**To:** Joseph M. Alioto
**Cc:** Kessler, Jeffrey; *erik.koons@bakerbotts.com; Cole, Eva; David L. Yohai (david.yohai@weil.com); Olsen, Matthew; fwhitaker@classactions.us; rbonsignore@classactions.us
**Subject:** RE: CRT - Letter re MA ORS Motion to Amend & Proposed Complaint


Joe,


Thank you for reaching out to us in response to Panasonic's and Philips's letter of October 10. I write to memorialize the takeaways from last week's phone conversation between you, me, and Erik Koons. You represented that you had not been actively following the CRT matter for several years, but are now seriously investigating the case history and law addressed in our letter, and you requested additional time to do so. You agreed that you would discuss with Mr. Bonsignore and give us a definitive answer by October 20 as to whether you will continue to pursue the Massachusetts ORS motion to amend and your proposed complaint (ECF Nos. 6072, 6072-5) and, if you decide to withdraw, you will take concrete action by October 20 to do so. In exchange for your promises to investigate and take action by October 20, we agreed that we would not serve you with a Rule 11 motion prior to that date.


Please let us know some times on the 20th that you are available for a call. A call may end up

unnecessary, however we would like to set a placeholder in case there is a need to discuss or clarify anything.  We look forward to hearing from you by the 20th and hope you will decide to withdraw the motion, so that there is no need for us to move forward under Rule 11.


Sincerely,

Kevin

---

**From:** Goldstein, Kevin B.
**Sent:** Monday, October 10, 2022 6:03 PM
**To:** rbonsignore@classactions.us; jmalioto@aliotolaw.com
**Cc:** Kessler, Jeffrey <JKessler@winston.com>; *erik.koons@bakerbotts.com
<erik.koons@bakerbotts.com>; Cole, Eva <EWCole@winston.com>; David L. Yohai
(david.yohai@weil.com) <david.yohai@weil.com>; Olsen, Matthew
<MOlsen@winston.com>; fwhitaker@classactions.us
**Subject:** CRT - Letter re MA ORS Motion to Amend & Proposed Complaint


Dear Robert and Joseph,


Please see the attached letter.


Best regards,

Kevin



**Kevin B. Goldstein**

Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

D: +1 312-558-5869

M: +1 847-571-7766

F: +1 312-558-5700

kbgoldstein@winston.com

winston.com



The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

1  JEFFREY L. KESSLER  (*pro hac vice*)
   JKessler@winston.com
2  EVA W. COLE  (*pro hac vice*)
   EWCole@winston.com
3  KEVIN B. GOLDSTEIN  (*pro hac vice*)
   KBGoldstein@winston.com
4  WINSTON & STRAWN LLP
   200 Park Avenue
5  New York, NY 10166

6  Telephone:    (212) 294-6700
   Facsimile:    (212) 294-4700
7

8  *Attorneys for Intervenors-Proposed Defendants*
   *Panasonic Corporation, Panasonic Corporation of*
9  *North America, and MT Picture Display Co., Ltd*

10 *Additional Counsel Listed on Signature Page*

11
                    **UNITED STATES DISTRICT COURT**
12                 **NORTHERN DISTRICT OF CALIFORNIA**
                         **OAKLAND DIVISION**
13

14

15 IN RE: CATHODE RAY TUBE (CRT)          Case No.: 07-cv-05944-JST
   ANTITRUST LITIGATION
16                                         MDL No. 1917

17 This document relates to:              **MOTION FOR SANCTIONS PURSUANT TO**
   All Indirect Purchaser Actions         **FED. R. CIV. P. 11 AND 28 U.S.C. § 1927**
18
                                          Date:    _____
19                                        Time:    _____
                                          Place:   Courtroom 6, 2nd Floor
20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page(s)

TABLE OF CONTENTS ........................................................................................................i

NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO FED. R.
CIV. P. 11 AND 28 U.S.C. § 1927 ................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 1

I.     PRELIMINARY STATEMENT ............................................................................... 1

II.    STATEMENT OF FACTS AND BACKGROUND ................................................. 3

      A.    Massachusetts Counsel Represent Caldwell and Gianasca Beginning in
2008 ............................................................................................................... 3

      B.    Caldwell and Gianasca Abandon Their Claims by 2010 ............................... 3

      C.    The IPP Litigation Continues Without Massachusetts Claims, and
Defendants Settle .......................................................................................... 4

      D.    Massachusetts Counsel Attempt to Reassert Caldwell and Gianasca's
Claims Beginning in 2019, and the Court Denies Their Motions ................. 6

           1.    This Court Rules that Gianasca Cannot Amend the IPP Complaint .......... 6

           2.    This Court Rules that Massachusetts Counsel's Clients Can Only Assert
Their Claims by Filing New Actions ....................................................... 6

           3.    This Court Rejects Massachusetts Counsel's Request for Reconsideration
and Argument that *Terry* Could Be Amended ......................................... 7

      E.    The Ninth Circuit Dismisses Caldwell and Gianasca's Appeal Because
There Is No Remaining Action into Which They Could Intervene ................ 7

      F.    Massachusetts Counsel File the Current Improper Motion to Amend ........... 8

      G.    Massachusetts Counsel Are Unwilling to Correct Their Errors .................... 9

III.   ARGUMENT ......................................................................................................... 10

      A.    Legal Standard ............................................................................................ 10

      B.    Massachusetts Counsel Should be Sanctioned for Defiance of Final Orders
Barring Their Requested Relief .................................................................. 12

      C.    Massachusetts Counsel Should be Sanctioned for Pursuing Grossly
Untimely Claims ......................................................................................... 14

      D.    Massachusetts Counsel Should be Sanctioned for Asserting Claims
Against Certain LGE, Panasonic, and Philips Entities in the Proposed
Complaint Without Any Reasonable Basis .................................................. 16

           1.    The Improperly Named LGE Entities ..................................................... 17

           2.    The Improperly Named Panasonic Entities ............................................ 20

               i.    There is no reasonable basis for claims against PNA ................. 21

               ii.   There is no reasonable basis for claims against MTPD .............. 22

               iii.  There is no reasonable basis for claims against Matsushita
Malaysia ................................................................................... 22

           3.    The Improperly Named Philips Entities .................................................. 22

IV.   CONCLUSION ..................................................................................................... 23

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allen v. Bedolla,*
   787 F.3d 1218 (9th Cir. 2015) ............................................................... 16

*Ayres v. Indirect Purchaser Plaintiffs,*
   142 S. Ct. 2813 (2022) ................................................................8, 13

*Bell v. Publix Super Mkts., Inc.,*
   982 F.3d 468 (7th Cir. 2020) ............................................................... 13

*Estate of Blue v. Cnty. of Los Angeles,*
   120 F.3d 982 (9th Cir. 1997) ............................................................... 18

*Brigid Terry, et al. v. LG Elecs., Inc., et al.,*
   No. 08-1559 ....................................................................*passim*

*Burda v. M. Eker Co.,*
   2 F.3d 769 (7th Cir. 1993) ............................................................... 11

*Christian v. Mattel, Inc.,*
   286 F.3d 1118 (9th Cir. 2002) ............................................................... 10

*Combs v. Rockwell Int'l Corp.,*
   927 F.2d 486 (9th Cir. 1991) ............................................................... 11

*Cooter & Gell v. Hartmarx Corp.,*
   496 U.S. 384 (1990) ............................................................... 10

*Debeikes v. Hawaiian Airlines, Inc.,*
   No. CV 13-00504 ............................................................... 21

*Edgerly v. City & Cnty. of San Francisco,*
   No. 03-cv-02169-WHA, 2005 WL 235710 (N.D. Cal. Feb. 1, 2005) ................................ 12

*In re Flashcom, Inc.,*
   647 F. App'x 689 (9th Cir. 2016) ............................................................12, 14

*Frye v. Pena,*
   199 F.3d 1332 (9th Cir. 1999) ............................................................... 20

*Giovanni v. Sea-Land Serv., Inc.,*
   No. 95-cv-4259-NMC, 1997 WL 227897 (N.D. Cal. Apr. 28, 1997), *aff'd,* 145
   F.3d 1337 (9th Cir. 1998) ............................................................... 10

Motion for Sanctions                     Case No.: 4:07-cv-05944-JST

*Kaufman v. Int'l Long Shore & Warehouse Union*,
   No. 16-cv-03386-JST, 2017 WL 3335760 (N.D. Cal. Aug. 4, 2017) (Tigar, J.) .................. 10

*Kwok v. Recontrust Co., N.A.*,
   No. 2:09-cv-2298-RLH, 2010 WL 4810704 (D. Nev. Nov. 19, 2010)............................... 12

*Matsumaru v. Sato*,
   521 F.Supp.2d 1013 (D. Ariz. Nov. 14, 2007).................................................................. 15

*Mellow v. Sacramento Cnty.*,
   365 F. App'x 57 (9th Cir. 2010) ...................................................................................... 11

*Mir v. Little Co. of Mary Hosp.*,
   844 F.2d 646 (9th Cir. 1988)............................................................................................ 15

*In re: Phenylpropanolamine (PPA) Prod. Liab. Litig.*,
   No. C03-1101, 2006 WL 8446679 (W.D. Wash. May 16, 2006) *aff'd*, 318 F.
   App'x 451 (9th Cir. 2008)................................................................................................. 16

*Rocky Mtn. Farmers Union v. Corey*,
   913 F.3d 940 (9th Cir. 2019)............................................................................................ 12

*Song v. Drenberg*,
   No. 18-cv-06283-LHK, 2021 WL 4846779 (N.D. Cal. Oct. 18, 2021) ............................ 12

*SurvJustice Inc. v. DeVos*,
   No. 18-cv-00535-JSC, 2019 WL 1427447 (N.D. Cal. Mar. 29, 2019) ............................ 19

*Terry v. LG Elecs., Inc.*,
   Case No. 4:08-cv-01559 (March 21, 2008), ECF No. 1 .................................................. 16

*Truesdell v. S. Cal. Permanente Med. Grp.*,
   209 F.R.D. 169 (C.D. Cal. 2002)...................................................................................... 10

*Trulis v. Barton*,
   107 F.3d 685 (9th Cir. 1996) ........................................................................................... 11

*United States v. Thrasher*,
   483 F.3d 977 (9th Cir. 2007)............................................................................................ 12

*Zaldivar v. City of Los Angeles*,
   780 F.2d 823 (9th Cir. 1986), *overruled on other grounds by Cooter & Gell v.
   Hartmarx Corp.*, 496 U.S. 384 (1990) ............................................................................. 10

**Statutes**

28 U.S.C. § 1407 ..................................................................................................................6, 7

28 U.S.C. § 1927 .................................................................................................................*passim*

Mass. Gen. Laws ch. 93A ............................................................................................ 23

Mass. Gen. Laws ch. 260, § 5A ................................................................................... 23

**Other Authorities**

Fed. R. App. P. 4 ......................................................................................................... 18

Fed. R. Civ. P. 11 .................................................................................................*passim*

Fed. R. Civ. P. 60 ...................................................................................................8, 14

## NOTICE OF MOTION AND MOTION FOR SANCTIONS
## PURSUANT TO FED. R. CIV. P. 11 AND 28 U.S.C. § 1927

TO ALL PARTIES AND THEIR ATTORNEYS:

PLEASE TAKE NOTICE that on _____ at _____, or the earliest date allowed by this Court, before the Honorable Judge Jon. S. Tigar, United States District Court for the Northern District of California, the undersigned movants ("Proposed Defendants"), by and through their counsel, will request that the Court order sanctions against attorneys Robert J. Bonsignore and Joseph M. Alioto (collectively, "Massachusetts Counsel"), pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927, in connection with their September 16, 2022 submission of a Motion to Amend Complaint or Otherwise Pursue Pending Claims, ECF No. 6072 ("Motion to Amend") and proposed Indirect Purchasers Plaintiffs' Fifth Amended Complaint, ECF No. 6072-5 ("Proposed Complaint").

Proposed Defendants request that the sanctions include denial of the Motion to Amend, an award of fees and costs incurred as a result of the Motion to Amend, an award of fees and costs incurred for the instant motion for sanctions, and such other relief as the Court deems proper to deter repetition of the conduct or comparable conduct by others similarly situated. The full amount of fees and costs incurred by Proposed Defendants as a result of attorneys Massachusetts Counsel's ongoing sanctionable conduct is not yet known; should the Court determine that a fee award is appropriate, Proposed Defendants request 14 days following entry of the Court's order to submit a fee accounting with supporting declarations and materials.  A proposed order is attached as Exhibit 2.

Prior to filing this motion, moving counsel contacted Messrs. Bonsignore and Alioto in an effort to resolve these issues and, pursuant to Rule 11(c)(2), served them with a copy of this motion and memorandum of law more than 21 days prior to filing this motion with the Court.  Messrs. Bonsignore and Alioto have not withdrawn their Motion to Amend or Proposed Complaint.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   PRELIMINARY STATEMENT**

The undersigned Proposed Defendants seek sanctions against attorneys Robert J. Bonsignore and Joseph M. Alioto (collectively, "Massachusetts Counsel") for filing their baseless Motion to Amend Complaint or Otherwise Pursue Pending Claims attaching a proposed Indirect Purchasers Plaintiffs' Fifth Amended Complaint. ECF Nos. 6072 (the "Motion to Amend"), 6072-5 (the "Proposed Complaint").

Since 2008, Massachusetts Counsel have represented Anthony Gianasca and Barbara Caldwell, two individuals who attempted to assert class-action claims in this matter on behalf of Massachusetts IPPs. All of those claims were dismissed or abandoned by 2010. Over the next several years, the IPP litigation continued on with no Massachusetts plaintiffs and no Massachusetts law claims, although Massachusetts Counsel continued to represent other IPP clients pursuing other claims, and the Proposed Defendants eventually reached settlements with all those IPPs with pending claims.

Beginning in 2019, Mr. Bonsignore, who was soon joined by Mr. Alioto, filed a series of motions to intervene and amend prior complaints in an attempt to reassert the long-abandoned Massachusetts IPP class claims on behalf of Gianasca and Caldwell, along with multiple other motions and settlement objections under varied legal theories. This Court denied all of those motions and ultimately entered a final judgment of dismissal with prejudice as to Panasonic, Philips, Hitachi, Samsung, Thomson, and Toshiba defendant groups in July 2020. As to the LGE defendants, the Court had already approved their settlement with IPPs that included a release of all Massachusetts IPP claims and dismissed LGE defendants with prejudice in 2014, long before Massachusetts Counsel began their efforts to reassert Massachusetts IPP claims.

In response to this Court's denial of their many motions, Massachusetts Counsel unsuccessfully pursued all available appeals, including multiple appeals to the Ninth Circuit and an unsuccessful certiorari petition to the Supreme Court. All of this Court's rulings rejecting their attempts to reassert long-abandoned Massachusetts IPP claims have been sustained and the final judgments in this matter are fully final. As the Ninth Circuit unequivocally ruled, "[t]here is no

longer an action against Defendants into which the ORS and NRS appellants can intervene." No. 20-15697, 2021 WL 4306895, at *2 (9th Cir. Sept. 22, 2021). And indeed, there are no claims by IPPs or any other plaintiffs still pending in this MDL against the moving Proposed Defendants.

Now, post-final judgment, Massachusetts Counsel have filed yet another attempt to resurrect Gianasca and Caldwell's long-abandoned Massachusetts claims via their Motion to Amend and Proposed Complaint, re-raising arguments that they have already asserted unsuccessfully. With this Motion to Amend, Massachusetts Counsel have crossed the line into sanctionable conduct violative of Rule 11 and 28 U.S.C. § 1927.

*First*, Massachusetts Counsel have knowingly contravened multiple orders of this Court and the Ninth Circuit on motions and appeals that they previously filed—and lost—attempting to assert the same claims on behalf of the same movants. Massachusetts Counsel cannot claim any objectively reasonable basis to believe that their post-judgment Motion to Amend will now succeed where their many prior motions failed, and the Ninth Circuit has already ruled that there is no pending action against the Proposed Defendants. The Motion to Amend further violates the Court's directive that Massachusetts Counsel must file a new action if their clients wish to pursue claims. And the proposed "Indirect Purchasers Plaintiffs' Fifth Amended Complaint," on its face, violates the Court's order that Massachusetts Counsel may not "amend someone else's complaint."

*Second*, Massachusetts Counsel's attempt to now reassert their clients' claims post-judgment in the IPP action against Proposed Defendants and twelve years after those claims were abandoned is objectively unjustifiable. These claims are time barred. At this point, there is no longer any good-faith basis to argue that the relation-back doctrine can resurrect these claims and the Motion to Amend does not seriously argue otherwise, devoting just a single sentence to the point.

*Third*, without any valid legal or factual basis, the Proposed Complaint seeks to reassert claims against LGE entities that were released in settlement, certain Panasonic and Philips subsidiaries that were granted summary judgment in their favor, and certain Panasonic entities that were long-ago dissolved. Most of these entities were *omitted* as defendants in the most recent ORS proposed complaint (ECF No. 5645-1) in apparent recognition of the legal and factual record,

1    but now—without any explanation or argument—Massachusetts Counsel seek to lodge new claims

2    against these former defendant entities.

3         The Proposed Defendants have already spent many years and millions in legal fees

4    defending successfully against Massachusetts Counsel's many attempts to reassert new

5    Massachusetts IPP claims. Massachusetts Counsel and their clients have been heard, and they

6    have lost. The new post-judgment Motion to Amend raises no new issues, has no objective

7    justification, and needlessly and vexatiously multiplies proceedings that have formally concluded.

8    Massachusetts Counsel should be sanctioned both to compensate Proposed Defendants for the

9    needless expenses inflicted by the Motion to Amend and to deter Massachusetts Counsel (and

10   others who may be waiting in the wings) from pursuing further baseless efforts to amend

11   complaints post-judgment.

12   **II.     STATEMENT OF FACTS AND BACKGROUND**

13       **A.     Massachusetts Counsel Represent Caldwell and Gianasca Beginning in 2008**

14       Massachusetts Counsel have represented their current clients, Caldwell and Gianasca, since

15   the incipiency of this MDL. Mr. Alioto has served as Caldwell's counsel since, at the latest, March

16   2008. *See* ECF No. 144 (filing by Joseph Alioto listing Alioto Law Firm as counsel for Caldwell).

17   Likewise, Mr. Bonsignore has served as Gianasca's counsel since March 2008 when his claims

18   were first brought in the action captioned *Brigid Terry, et al. v. LG Elecs., Inc., et al.*, No. 08-1559,

19   which was later transferred to this MDL. *See* ECF No. 6072-2, at 35.

20       **B.     Caldwell and Gianasca Abandon Their Claims by 2010**

21       In March 2009, the IPPs filed a Consolidated Amended Complaint ("CAC"), signed by

22   Mr. Bonsignore. ECF No. 437. Caldwell served as a named plaintiff and asserted Massachusetts

23   state-law claims on behalf of IPPs in Massachusetts; Gianasca was not named as a plaintiff. CAC

24   ¶¶ 277, 286. In February 2010, the Court dismissed Caldwell's Massachusetts statutory claim in

25   light of the CAC's failure to plead compliance with a statutory thirty-day pre-filing notice

26   requirement with leave to amend. ECF No. 665, at 24, 25; ECF No. 597, at 29–30.

27       In May 2010, the IPPs filed a Second Consolidated Amended Complaint ("2AC"), again

28   signed by Mr. Bonsignore, that re-asserted Caldwell's Massachusetts claims. ECF No. 716. Yet

3

again, Gianasca was not a named plaintiff.   In September 2010, Special Master Legge recommended the dismissal of the Massachusetts claims with prejudice.  ECF No. 768, at 8, 12–14.  As to the Massachusetts consumer protection claim, Special Master Legge found that plaintiffs had "not complied with the 30 day pre-filing notice requirement," given that notice was mailed "only three days before the SCAC was filed."  *Id.* at 13 (emphasis in original).  The Special Master concluded that dismissal with prejudice was required because "[t]he objectives of the Massachusetts' statute would not be accomplished if a plaintiff could fail to comply, but could cure that failure by sending a late notice and then re-filing the same complaint."  *Id.*  The Special Master further determined that Caldwell's other Massachusetts claims must be dismissed with prejudice because Massachusetts bars indirect purchasers from seeking damages for alleged price fixing.  *Id.* at 8.

In October 2010, pursuant to a stipulation, ECF No. 799 (the "2010 Stipulation"), the Court accepted the Special Master's recommendation to dismiss Caldwell's Massachusetts consumer protection and unjust enrichment claims with prejudice.  The IPPs subsequently filed a Third and Fourth Consolidated Amended Complaint, respectively filed in December 2010 and January 2013, both of which Mr. Bonsignore signed.  ECF Nos. 827, 1526.  Neither complaint asserted damages claims on behalf of IPPs in Massachusetts or named either Caldwell or Gianasca as plaintiffs.  *Id.*

In May 2019, Mr. Bonsignore filed a motion to vacate the 2010 Stipulation on behalf of Gianasca arguing that, although IPP Lead Counsel could stipulate on behalf of the individual plaintiffs whom he represented, he lacked authority prior to class certification to stipulate on behalf of absent class members like Gianasca.  ECF No. 5469, at 5–6, 10–11.  Caldwell, however, was an individual plaintiff at the time of the 2010 Stipulation and did not join in the motion to vacate.  The Court vacated the 2010 Stipulation, agreeing that it could not bind absent class members.  ECF No. 5499, at 17; ECF No. 5518.

### C.   The IPP Litigation Continues Without Massachusetts Claims, and Defendants Settle

In 2013, the LGE defendant group entered into a settlement with all IPPs, including Massachusetts; final approval of the settlement was granted in April 2014.  ECF Nos. 1933-1;

Motion for Sanctions                                                    Case No.: 4:07-cv-05944-JST

2542. The Court's order granting final settlement approval released LGE from the claims of "[a]ll persons and or entities who or which indirectly purchased in the United States for their own use and not for resale, CRT Products," with the exception solely of claimants from Illinois, Oregon, and Washington (whose state attorneys general requested exclusion). ECF No. 2542 ¶ 3. The Court concurrently entered final judgment of dismissal with prejudice in LGE's favor. ECF No. 2543. There were no objectors to the settlement, and neither the order granting final settlement approval nor the order granting final judgment were appealed. Those orders have been fully final for over eight years.

In 2015, the Panasonic, Philips, Hitachi, Samsung, Toshiba, and Thomson defendant groups each entered into settlements with the IPPs. *See* ECF No. 3862. Mr. Bonsignore raised objections to these settlements on behalf of Gianasca on the grounds that Massachusetts claims were covered within the scope of the releases, but the allocation plan proposed by IPP Lead Counsel did not provide a recovery to Massachusetts purchasers. ECF No. 4119. The Court ultimately agreed that Massachusetts claims should not be released without compensation. ECF No. 5362. In response to that order, the settling defendants and IPPs renegotiated their settlements to narrow the releases to claims under twenty-two states' laws that did not include Massachusetts. *See* ECF No. 5587. Those amended settlements were ultimately approved and are fully final. ECF No. 5804.

While the MDL was still ongoing as to the Proposed Defendants, the Court also resolved multiple summary judgment motions in favor of defendants. Among them, the Court granted summary judgment to Panasonic Corporation of North America ("PNA") and dismissed all claims against it on the basis that—after full discovery—there was no evidence that PNA ever participated in the alleged CRT conspiracy. ECF No. 5119, at 10-11. The Court also found that the Philips Subsidiaries[1] withdrew from the alleged conspiracy in June 2001 and granted partial judgment in their favor. ECF No. 4786.

---

[1] The "Philips Subsidiaries" are Philips Electronics North America Corporation (n/k/a Philips North America LLC), Philips Electronics Industries (Taiwan), Ltd. (n/k/a Philips Taiwan Limited), and Philips da Amazonia Industria Electronica Ltnda. (n/k/a Philips do Brasil, Ltda).

Motion for Sanctions                                     Case No.: 4:07-cv-05944-JST

### D.   Massachusetts Counsel Attempt to Reassert Caldwell and Gianasca's Claims Beginning in 2019, and the Court Denies Their Motions

#### 1.   This Court Rules that Gianasca Cannot Amend the IPP Complaint

In June 2019, over eleven years after he filed the initial (and now superseded) *Terry* complaint, Mr. Bonsignore served a "statutory pre-suit demand" on behalf of Gianasca on certain Panasonic, Philips, Hitachi, Samsung SDI, and Toshiba entities, stating that he intended to initiate claims against them under Massachusetts law.  ECF No. 5567-4.

In August 2019, Mr. Bonsignore filed a motion to intervene and amend on behalf of Gianasca, seeking to amend the IPPs' Fifth Consolidated Amended Complaint.  The proposed amended complaint asserted, *inter alia*, Massachusetts state-law claims on behalf of IPPs in Massachusetts. ECF No. 5567; ECF No. 5590-2 ¶¶ 55, 270–71, 319.  Five days later, Mr. Bonsignore filed a superseding proposed amended complaint that removed two Panasonic entities (PNA and MT Picture Display Co. Ltd. ("MTPD")) and two Samsung entities from the list of defendants, in apparent response to communications from defense counsel concerning the impropriety of asserting claims against those entities.  *See* ECF No. 5570-2, at 18, 24-25.

In October 2019, the Court denied the motion to intervene and amend without prejudice to filing a renewed motion accompanied by a separate complaint-in-intervention. ECF No. 5628.  In so doing, the Court held that it was improper to amend "someone else's complaint" and Gianasca was "not allowed" to amend the IPPs' Fifth Consolidated Amended Complaint.  *Id.* at 3.

#### 2.   This Court Rules that Massachusetts Counsel's Clients Can Only Assert Their Claims by Filing New Actions

In November 2019, Mr. Bonsignore filed a renewed motion to intervene, now on behalf of Gianasca and Caldwell, for the purpose of filing a severed complaint in the master file of this MDL proceeding that would assert, *inter alia*, Massachusetts state-law claims on behalf of IPPs in Massachusetts.  ECF No. 5645; ECF No. 5642-2 ¶¶ 22, 25, 245–46, 265.

In February 2020, the Court denied the renewed motion to intervene, holding that 28 U.S.C. § 1407 does not permit the filing of new complaints directly into the master file of an MDL proceeding. ECF No. 5684.  The Court ordered that "[m]ovants may file their claims in the appropriate forum(s) and seek transfer from the JPML or, if properly filed in the Northern District

of California, 'request assignment of [their] actions to the Section 1407 transferee judge in accordance with applicable local rules.'" *Id.* at 6 (quoting J.P.M.L. R. 7.2(a)).

### 3. This Court Rejects Massachusetts Counsel's Request for Reconsideration and Argument that *Terry* Could Be Amended

Later in February 2020, Mr. Bonsignore, now joined by Mr. Alioto, filed a motion on behalf of Gianasca (but not Caldwell) seeking reconsideration of the Court's order denying the renewed motion to intervene. ECF No. 5688. In their motion, Massachusetts Counsel argued that there were multiple pre-MDL complaints on file that "could be amended" by Gianasca and other ORS, specifically identifying *Terry* as such a complaint. *Id.* at 2 n.1.

In opposition, Defendants showed that the pre-MDL complaints were superseded by the consolidated IPP complaints and, regardless, Massachusetts Counsel and their clients failed to raise the prospect of amending the *Terry* complaint in either of their motions to amend and could not raise the argument for the first time on reconsideration. ECF No. 5690, at 7–9. The Court denied the motion for reconsideration in April 2020 and held that reconsideration was not available to "raise arguments for the first time which could reasonably have been raised earlier in the litigation" or to "rehash arguments previously presented." ECF No. 5708, at 3–5.

### E. The Ninth Circuit Dismisses Caldwell and Gianasca's Appeal Because There Is No Remaining Action into Which They Could Intervene

In June 2020, Massachusetts Counsel filed on behalf of Caldwell and Gianasca a notice of appeal from the October 2019 order denying intervention and amendment, the February 2020 order denying the renewed request for intervention, and the April 2020 order denying reconsideration. ECF No. 5733. On appeal, Massachusetts Counsel again argued that the pre-MDL actions, including the *Terry* action, remained "pending" and were appropriate vehicles for their clients to intervene and amend. *See* No. 20-16081 (9th Cir. Sept. 8, 2020), ECF No. 13, at 16, 29–30.

Defendants demonstrated in response that Caldwell and Gianasca had not preserved any argument concerning their prior roles as named plaintiffs and, by litigating motions to dismiss and to amend directed at the consolidated IPP complaints, the parties and this Court correctly treated the consolidated IPP complaints as operative and superseding pre-MDL complaints. *See* Br. for Defs.-Appellees, No. 20-15697 (9th Cir. Nov. 9, 2020), ECF No. 50, at 47-49 & n.24 (citing *In re*

Motion for Sanctions                                    Case No.: 4:07-cv-05944-JST

1    *Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 590 (6th Cir. 2013)). As such, claims and

2    previously-named plaintiffs that were omitted from the consolidated amended complaints had been

3    voluntarily dismissed. *Id.* at 49 (citing *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012)

4    (en banc)). Defendants likewise showed that Gianasca had tacitly acknowledged that the *Terry*

5    action was no longer pending when, in June 2019, he purported to provide the statutorily required

6    notice of his intention to *initiate* Massachusetts state-law claims. *Id.* at 49.

7        The Ninth Circuit dismissed the intervention-related appeals as moot in September 2021,

8    because it affirmed the July 2020 final judgment that effectuated the amended settlements between

9    IPPs and the Panasonic, Philips, Hitachi, Samsung SDI, Toshiba, and Thomson defendant groups.

10    No. 20-15697, 2021 WL 4306895 (9th Cir. Sept. 22, 2021). As the Ninth Circuit explained: "The

11    approved amended settlements release Defendants from the suit at issue. ***There is no longer an***

12    ***action into which the ORS and NRS can intervene***." *Id.* at *2 (emphasis added).

13        Next, Mr. Bonsignore petitioned the U.S. Supreme Court to review the Ninth Circuit's

14    decision on behalf of other ORS clients (but not Caldwell or Gianasca). In June 2022, the Supreme

15    Court denied certiorari. *Ayres v. Indirect Purchaser Plaintiffs*, 142 S. Ct. 2813 (2022).

16        **F.**      **Massachusetts Counsel File the Current Improper Motion to Amend**

17        On September 16, 2022, Massachusetts Counsel filed the Motion to Amend on behalf of

18    Caldwell and Gianasca, accompanied by their Proposed Complaint. ECF Nos. 6072; 6072-5.

19    Notwithstanding this Court and the Ninth Circuit's orders, the Motion to Amend yet again claimed

20    that the *Terry* action, and the Massachusetts state-law claims asserted therein, remained pending,

21    and warranted leave to amend either the *Terry* complaint or the IPPs' operative complaint. *Id.*

22        The Motion to Amend suffered from myriad procedural and substantive deficiencies,

23    described in detail in the Proposed Defendants' opposition briefs (ECF Nos. 6084-1; 6092-1), that

24    a reasonable pre-filing investigation into the relevant law and facts would have uncovered. First,

25    despite this Court's entry of a final judgment with dismissal, the Motion to Amend improperly

26    sought relief pursuant to Rule 15, without movants first seeking to clear the substantial hurdle of

27    reopening the Court's final judgment under Rule 60. ECF No. 5804; Fed. R. Civ. P. 15, 60.

28    Second, the relief requested by the Motion to Amend is barred by the law of the case doctrine and

Motion for Sanctions                              Case No.: 4:07-cv-05944-JST

rule of mandate: Massachusetts Counsel had previously raised the same arguments on behalf of the same clients, and had been denied the same relief in both this Court and the Ninth Circuit. Third, the Proposed Complaint named as proposed defendants: LGE entities that already settled all Massachusetts IPP claims; Panasonic Subsidiaries[2] that won summary judgment or no longer exist; and Philips Subsidiaries that won summary judgment on the basis of withdrawal.

### G.     Massachusetts Counsel Are Unwilling to Correct Their Errors

Proposed Defendants have made multiple attempts to resolve these issues with Massachusetts Counsel prior to bringing this motion for sanctions, but Massachusetts Counsel have neither withdrawn nor revised the Motion to Amend and Proposed Complaint. On September 19, 2022, LGE counsel contacted Massachusetts Counsel to remind them that LGE settled the Massachusetts claims finally in 2013 and that Caldwell and Gianasca had released their claims in said settlement. ECF No. 6092-3. Massachusetts Counsel responded that they would "file a revised amended complaint" removing the named LGE entities, but have yet to do so. *Id*. On October 10, 2022, Panasonic and Philips counsel wrote to Massachusetts Counsel to notify them of infirmities in the Motion to Amend and Proposed Complaint, request that they withdraw the filing, and advise them that defense counsel would prepare and serve a motion for sanctions if the Motion to Amend was not withdrawn. *See* Ex. 1, Declaration of Kevin B. Goldstein ("Goldstein Decl."), Ex. A. On October 20, 2022, Mr. Alioto spoke with Panasonic and Philips counsel and informed them that Massachusetts Counsel were not withdrawing their filings. On November 29, 2022, movants served a pre-filing copy of this motion on Massachusetts Counsel pursuant to Rule 11(c)(2). *See* Goldstein Decl. Ex. B.

---

[2] The improperly named Panasonic entities alleged are at least PNA and MTPD. It is unclear if the Proposed Complaint also intended to name Matsushita Electronic Corporation (Malaysia) Sdn Bhd. ("Matsushita Malaysia") as a proposed defendant. *Compare* ECF No. 6072-5 ¶ 51 (not labeling Matsushita Malaysia as a "defendant" and acknowledging its closure in 2006) *with* ¶ 52 (including Matsushita Malaysia in the list of defendants). However, Massachusetts Counsel have not offered any clarification in response to Panasonic counsel's communications. Collectively, PNA, MTPD, and Matsushita Malaysia are referred to herein as the "Panasonic Subsidiaries."

1   **III.   ARGUMENT**

2       **A.      Legal Standard**

3          "[T]o deter baseless filings in District Court[,]" Rule 11 "imposes a duty on attorneys to

4   certify that they have conducted a reasonable inquiry and have determined that any papers filed

5   with the court are well-grounded in fact, legally tenable, and not … [presented] for any improper

6   purpose." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (internal quotation marks

7   and citation omitted); Fed. R. Civ. P. 11(b).  The central purpose of this mandate is to "reduce

8   frivolous claims, defenses or motions and to deter costly meritless maneuvers, thereby avoiding

9   delay and unnecessary expense in litigation."  *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th

10  Cir. 2002) (internal marks and citation omitted).  Rule 11 consequently imposes on attorneys the

11  obligation to conduct an objectively reasonable inquiry into the facts and law to make sure that a

12  motion or pleading is well-founded.  *See Christian*, 286 F.3d at 1127.

13          In assessing whether an attorney has satisfied his or her Rule 11 obligations, a court must

14  determine whether the attorney conducted a reasonable and competent inquiry before filing the

15  complaint.  *See Id.*  "The test for whether Rule 11 is violated does not require a finding of subjective

16  bad faith by the attorney…." *Kaufman v. Int'l Long Shore & Warehouse Union*, No. 16-cv-03386-

17  JST, 2017 WL 3335760, at *5 (N.D. Cal. Aug. 4, 2017) (Tigar, J.) (awarding sanctions against pro

18  se plaintiff who filed a second complaint nearly identical to a previous complaint against the same

19  defendants that had been dismissed with prejudice) (quotation omitted)); *accord Zaldivar v. City

20  of Los Angeles*, 780 F.2d 823, 830-31 (9th Cir. 1986) ("A good faith belief in the merit of a legal

21  argument is an objective condition which a competent attorney attains only after 'reasonable

22  inquiry.'"), *overruled on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990);

23  *Giovanni v. Sea-Land Serv., Inc.*, No. 95-cv-4259-NMC, 1997 WL 227897, at *9 (N.D. Cal. Apr.

24  28, 1997), *aff'd*, 145 F.3d 1337 (9th Cir. 1998) ("A finding of bad faith is not required to impose

25  Rule 11 sanctions.").  Rule 11 likewise requires that "factual contentions have evidentiary support"

26  *prior* to the filing of any papers.  Fed. R. Civ. P. 11; *see also Truesdell v. S. Cal. Permanente Med.

27  Grp.*, 209 F.R.D. 169, 174-75 (C.D. Cal. 2002) (Under Rule 11, "the question is whether, at the

28

time the paper was presented to the Court . . . it lacked evidentiary support or contained 'frivolous' legal arguments.").

Courts may impose sanctions under Rule 11 against the offending party or its counsel.[3] *See* Fed. R. Civ. P. 11(c)(1). Rule 11 sanctions should be granted to the extent "necessary to deter repetition of such conduct": such sanctions can include monetary awards for attorneys' fees and expenses incurred by the moving party as a result of the violation; penalties paid to the court; or non-monetary remedies, including striking the offending allegations or dismissing the complaint in its entirety. *See* Fed. R. Civ. P. 11(c)(2); *Combs v. Rockwell Int'l Corp.*, 927 F.2d 486, 488 (9th Cir. 1991) (affirming dismissal of the complaint with prejudice as a sanction under Rule 11 and the District Court's inherent powers); *Mellow v. Sacramento Cnty.*, 365 F. App'x 57, 58 (9th Cir. 2010) (affirming dismissal of complaint as a Rule 11 sanction and noting district court's wide discretion to sanction); *see also* Fed. R. Civ. P. 11, Advisory Committee Notes to the 1993 Amendment (noting that the limitations on sanctions under Rule 11(c)(3) do not limit the court's power to impose non-monetary sanctions "such as dismissal of a claim, preclusion of a defense, or preparation of amended pleadings").

Section 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Section 1927 imposes a continuing duty on counsel to dismiss claims that are no longer viable." *Burda v. M. Eker Co.*, 2 F.3d 769, 778 (7th Cir. 1993); *accord Trulis v. Barton*, 107 F.3d 685, 692 (9th Cir. 1996) (holding that a district court abused its discretion by refusing to impose sanctions under Section 1927 where the plaintiff "vexatiously multiplied the proceedings" by continuing its suit after it was clearly precluded by prior court orders). Unreasonable and vexatious conduct may be premised on "a showing of recklessness or bad faith." *Song v. Drenberg*, No. 18-cv-06283-LHK, 2021 WL 4846779, at *2 (N.D. Cal. Oct. 18, 2021). Such a showing is made where the moving party demonstrates that "an attorney knowingly or recklessly raises a frivolous argument"

---

[3] The Proposed Defendants believe it is appropriate to sanction Massachusetts Counsel here, as all indications show that they steer litigation decisions rather than their individual clients.

Motion for Sanctions                                                    Case No.: 4:07-cv-05944-JST

*Edgerly v. City & Cnty. of San Francisco*, No. 03-cv-02169-WHA, 2005 WL 235710, at *3 (N.D. Cal. Feb. 1, 2005) (quoting *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986)).

**B.  Massachusetts Counsel Should be Sanctioned for Defiance of Final Orders Barring Their Requested Relief**

By virtue of arguing that their clients are entitled to either amend the *Terry* complaint or the IPPs' operative complaint in the Motion to Amend, Massachusetts Counsel knowingly violated multiple orders by this Court and the Ninth Circuit that conclusively determined that such amendment is improper.  Massachusetts Counsel's efforts to relitigate issues that are final and no longer subject to appeal are clearly barred both by the law of the case doctrine and rule of mandate, and merit sanctions.

The law of the case doctrine "precludes reconsideration of 'an issue that has already been decided by the same court, or a higher court in the identical case.'" *Rocky Mtn. Farmers Union v. Corey*, 913 F.3d 940, 951 (9th Cir. 2019) (quoting *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997)).  The doctrine encompasses issues decided "explicitly or by necessary implication" by a district court or Court of Appeals.  *Id.*  A separate, but related, doctrine designed to promote "finality and efficiency" is the rule of mandate, which bars the relitigation of final determinations upon remand "unless the [circuit court] mandate allowed it."  *United States v. Thrasher*, 483 F.3d 977, 982 (9th Cir. 2007) (internal quotations omitted).

Where a party breaches these doctrines by improperly seeking to relitigate previously-decided issues, sanctions are warranted.  *In re Flashcom, Inc.*, 647 F. App'x 689, 693 (9th Cir. 2016) (noting that the Ninth Circuit has "frequently upheld sanctions for filing motions that duplicate one that was previously denied" and affirming sanctions issued for plaintiffs' violation the law of the case doctrine).  Indeed, Rule 11 sanctions are justified when an attorney "fail[s] to acknowledge prior adverse rulings."  *Kwok v. Recontrust Co., N.A.*, No. 2:09-cv-2298-RLH, 2010 WL 4810704, at *3-4 (D. Nev. Nov. 19, 2010) (awarding Rule 11 sanctions against counsel who filed motion repeating previously rejected argument).  This is plainly the case here.

First, the Motion to Amend disregards multiple court orders and seeks to relitigate arguments that Massachusetts Counsel and their clients have already lost in claiming that the

1    amendment of the 2008 *Terry* complaint is proper.  After their first two attempts to intervene and

2    file an amended complaint were denied, the Court ordered that, if Massachusetts Counsel's clients

3    wish to file renewed claims, they must "file their claims in the appropriate forums" and then seek

4    either transfer or assignment to the MDL.  ECF No. 5684 at 6.  Massachusetts Counsel then sought

5    reconsideration of that order and raised their argument that the *Terry* complaint could have been

6    amended on behalf of Gianasca.  ECF No. 5688 at 2 n.1.  This Court declined to consider the

7    argument as it was improperly raised for the first time in the context of a motion to reconsider and

8    denied the motion.  ECF No. 5708.  In doing so, this Court reiterated its earlier mandate that

9    Massachusetts Counsel's clients must "file their claims in the appropriate forums" and then seek

10   either transfer or assignment to the MDL.  *Id.* at 2.

11        Massachusetts Counsel again lodged this argument unsuccessfully upon appeal, claiming

12   intervention and amendment was appropriate in light of the "critical fact" that the *Terry* and

13   *Caldwell* actions remained "pending."  The Proposed Defendants demonstrated in response, as

14   they had before the District Court, that the IPP consolidated amended complaints—which were

15   litigated throughout the MDL as the operative pleadings—fully superseded *Terry* and the various

16   other pre-MDL IPP complaints.  *See* ECF No. 6084, at 12 (summarizing prior briefing); *see also*

17   *Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 489-90 (7th Cir. 2020) (holding that plaintiffs "give

18   up the separate identities of [their] original suits transferred to the MDL litigation" where they

19   treat a consolidated amended complaint as operative, which "prevent[s plaintiffs] from springing

20   traps by treating a consolidated complaint as the real complaint in the district court but then

21   denying its importance and effect once a party tries to appeal").  The Ninth Circuit agreed and

22   rejected Gianasca and Caldwell's argument to the contrary, ruling: "***There is no longer an action***

23   ***against Defendants into which the ORS and NRS appellants can intervene***."  No. 20-15697,

24   2021 WL 4306895, at *2 (9th Cir. Sept. 22, 2021) (emphasis added), *cert. denied sub nom. Ayres*

25   *v. Indirect Purchaser Plaintiffs*, 142 S. Ct. 2813 (2022).  Massachusetts Counsel cannot now

26

27

28

relitigate these adverse, final decisions, nor claim any nonfrivolous basis for attempting again to file an amended complaint in an action that is no longer pending.[4]

Second, on its face, the Proposed Complaint once again proposes to do exactly what the Court has already ruled is prohibited: to amend the IPPs' complaint. *See* ECF No. 5628, at 3. The Proposed Complaint is titled "Indirect Purchasers Plaintiffs' Fifth Amended Complaint." ECF No. 6072-5.[5] The caption includes only the master file number and MDL number, and states: "This document relates to: **ALL INDIRECT PURCHASER ACTIONS.**" *Id.* (emphasis in original).

Having been unsuccessfully appealed to the Supreme Court, both this Court's and the Ninth Circuit's decisions are final, binding, and dispositive of Massachusetts Counsel's argument that either the *Terry* complaint or the IPPs' complaint can be amended by Gianasca and Caldwell. Their reassertion of arguments barred by the law of the case and rule of mandate lacks any reasonable basis and warrants sanctions. *See In re Flashcom*, 647 F. App'x at 693 (upholding Rule 11 sanctions for filing motion contrary to law of the case and collecting Ninth Circuit cases upholding sanctions "for filing motions that duplicate one that was previously denied.").

## C.    Massachusetts Counsel Should be Sanctioned for Pursuing Grossly Untimely Claims

Massachusetts Counsel are pursuing claims that are plainly untimely. Gianasca's and Caldwell's Massachusetts claims were all dismissed or abandoned by 2010, and the four-year statute of limitations expired long ago.

---

[4] In reply to the Proposed Defendants' opposition to the Motion to Amend, Massachusetts Counsel shift their argument and ask the Court to construe their motion as one to reopen the final judgment under Rule 60 so that it can be amended. ECF No. 6095, at 2. This late invocation of Rule 60 does nothing to change the basis for sanctions. Although Massachusetts Counsel now at least acknowledge that there is a final judgment in this matter dismissing all IPP claims against the Proposed Defendants, the Massachusetts ORS still have no reasonable basis in law to argue for reopening the judgment here. *See* ECF No. 6097 (Proposed Defs.' Reply ISO Intervention). Moreover, the Motion to Amend presents no argument for reopening the judgment and remains improper at the time it was signed and filed with the Court.

[5] Massachusetts Counsel's lack of reasonable diligence is also reflected in their apparent failure to recognize that IPPs already filed a <u>fifth</u> amended complaint in 2019 (ECF No. 5589) such that, even if they could amend the IPPs' complaint (which they cannot), it would now be the <u>sixth</u> amended complaint.

Motion for Sanctions                                            Case No.: 4:07-cv-05944-JST

Massachusetts Counsel have long acknowledged the facial untimeliness of their claims and the sole argument in the Motion to Amend as to why the claims are not now time-barred and futile consists of a single sentence invoking the relation-back doctrine. ECF No. 6072, at 12. However, the fact that the relation-back doctrine exists does not mean that all motions invoking that doctrine are proper and well-ground in law. This Motion to Amend is neither. The issues of amendment and relation-back were litigated extensively before this Court and the Ninth Circuit in the course of Massachusetts Counsel's earlier motions seeking intervention and amendment on behalf of these same clients. *See supra* at 5-8. All such motions filed by Massachusetts Counsel were rejected, all orders rejecting those arguments are fully final, and there is no longer a pending action against the Proposed Defendants that is capable of being amended. *Id*. Moreover, the Motion to Amend, in its half-hearted single sentence of argument, cites no case in which a plaintiff has amended a complaint post-final judgment, let alone done so in the circumstances like those presented here.

That the Court has not had the occasion to reach the substance of the timeliness issue and specifically hold that the Massachusetts claims are time-barred (because Massachusetts Counsel's prior motions and appeals were rejected due to other procedural and substantive failures) does not change the impropriety of asserting such stale claims here. Rule 11 requires that counsel have an objectively reasonable basis for asserting their claims under existing law or articulate a nonfrivolous argument for extending existing law. The Motion to Amend does not article any such argument. Rule 11 sanctions may be imposed where counsel should have known of facts that rendered a claim untimely. *See Estate of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997) (upholding a sanctions award where a reasonable investigation would have revealed the plaintiff's claim was barred by the statute of limitations); *see also Matsumaru v. Sato*, 521 F.Supp.2d 1013, 1015-16 (D. Ariz. Nov. 14, 2007) (imposing sanctions for failure to conduct an objective, reasonable inquiry where the party "should have known that the statute of limitations had expired and that there was no good-faith argument that it should be tolled."); *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 652-653 (9th Cir. 1988) (affirming sanctions against plaintiff who should have realized that its complaint was barred by statute of limitations and *res judicata*). Here,

1    Massachusetts Counsel have offered virtually zero argument in the Motion to Amend as to why or

2    how their claims remain timely.

3         Indeed, Massachusetts Counsel and their clients can offer no reasonable excuse for their

4    twelve-year delay in attempting to reassert the claims they abandoned in 2010. Massachusetts

5    Counsel's preferred excuse—that Gianasca and Caldwell were unceremoniously "dropped from

6    the litigation without notice"—strains credulity. ECF No. 6072 at 5. Mr. Bonsignore and Mr.

7    Alioto have respectively represented Gianasca and Caldwell since 2008. *See* ECF No. 144, at 8

8    (March 14, 2008 filing by Joseph Alioto listing Alioto Law Firm as counsel for Barbara Caldwell);

9    Compl., *Terry v. LG Elecs., Inc.*, Case No. 4:08-cv-01559 (March 21, 2008), ECF No. 1 (listing

10   Robert Bonsignore as counsel for Anthony Gianasca). As representatives for purported class

11   members in this litigation, Massachusetts Counsel were responsible for monitoring the case,

12   apprising their clients of developments that impacted their claims, and advising them accordingly.

13   *See In re: Phenylpropanolamine (PPA) Prod. Liab. Litig.*, No. C03-1101, 2006 WL 8446679, at

14   *2 (W.D. Wash. May 16, 2006) (holding that it "is the responsibility of counsel to monitor the

15   case [electronic docket] for activity") *aff'd*, 318 F. App'x 451 (9th Cir. 2008). Assuming

16   Massachusetts Counsel fulfilled their obligations as counsel to Gianasca and Caldwell and notified

17   them of case developments, the failure to timely intervene or attempt to re-assert their claims

18   earlier is inexcusable[6]; alternatively, if Massachusetts Counsel did not inform their clients of the

19   abandonment of their claims, their "inattention regarding the progress of this case" renders their

20   delay "in filing this motion categorically unreasonable." *Id.* In any event, the Motion to Amend

21   does not articulate any objectively reasonable basis for Massachusetts Counsel to now reassert

22   Gianasca's or Caldwell's long-stale claims.

23        **D.    Massachusetts Counsel Should be Sanctioned for Asserting Claims Against
              Certain LGE, Panasonic, and Philips Entities in the Proposed Complaint**

24

25   [6] If Massachusetts Counsel and their clients disagreed with decisions made by IPP lead counsel in
     2009 and 2010, and wished to try reasserting claims, it was their responsibility to promptly

26   intervene at that time. *See Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015) (recognizing that
     a movant must "act promptly" to intervene after receiving notice that their interests were not being

27   represented and denying untimely motion to intervene); *SurvJustice Inc. v. DeVos*, No. 18-cv-
     00535-JSC, 2019 WL 1427447, at *4 (N.D. Cal. Mar. 29, 2019) (Corley, M.J.) (holding motion to

28   intervene untimely where movants delayed seven months after notice of plaintiffs' arguments).

Motion for Sanctions                                    Case No.: 4:07-cv-05944-JST

1           **Without Any Reasonable Basis**

2         Massachusetts Counsel's decisions to allege claims in the Proposed Complaint against the

3 LGE entities,[7] the Panasonic Subsidiaries, and the Philips Subsidiaries—without a reasonable

4 basis in law and fact—and their continued refusal to drop these defendants despite outreach from

5 the Proposed Defendants' counsel provide additional, independent grounds for sanctions. LGE

6 settled with IPPs earlier than other former defendants and received a nationwide release without

7 objection, which includes the final release of all Massachusetts IPP claims that Massachusetts

8 Counsel now seek to assert. Of the Panasonic Subsidiaries, one (PNA) was granted summary

9 judgment in its favor because there has been no evidence it participated in any conspiracy; the

10 other two have long ceased to exist as entities, and one of them was never joined to this MDL as

11 party. The Philips Subsidiaries were granted partial summary judgment on the basis of their

12 withdrawal from any alleged conspiracy in June 2001, yet the Proposed Complaint now alleges

13 they participated in a conspiracy until 2007.

14         Massachusetts Counsel have been on notice for years of this Court's final rulings

15 dismissing claims against these former defendants, and the Proposed Defendants' counsel have

16 reminded them of those rulings in correspondence before bringing this motion for sanctions.

17 However, Massachusetts Counsel have taken no action to drop their improper claims against these

18 former defendants and have not offered any explanation at all, neither in the Motion to Amend nor

19 in communications between counsel, for why they believe these claims are proper. The Proposed

20 Defendants are now forced again to explain to the Court why these entities are improper

21 defendants. Massachusetts Counsel should be sanctioned for their baseless assertion of claims and

22 waste of both the Proposed Defendants' and the Court's time and resources.

23        **1.**       **The Improperly Named LGE Entities**

24         LGE settled with all IPPs in May 2013. As Mr. Bonsignore has acknowledged to both

25 LGE's counsel and this Court, that settlement was final and never challenged or appealed, and

26 later objections to subsequent settlements left LGE's settlement undisturbed. Nevertheless, on

27
28    [7] The improperly named LGE entities alleged are LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Taiwan Taipei Co., Ltd (collectively, "LGE").

1  September 16, 2022, Massachusetts Counsel filed the Proposed Complaint on behalf of

2  Massachusetts IPPs listing LGE as a defendant.

3  When LGE's counsel informed Massachusetts Counsel that the inclusion of LGE was in

4  error, Mr. Bonsignore agreed and said he would file a new proposed amended complaint removing

5  LGE as a defendant.  Despite acknowledging that including LGE was an error, Massachusetts

6  Counsel have failed to withdraw the complaint as to LGE, even after numerous attempts by LGE's

7  counsel to contact Massachusetts Counsel in the hopes of avoiding having to involve the Court.  As

8  a result, LGE was forced to incur the unnecessary time and expense of filing an opposition to the

9  Motion to Amend that Massachusetts Counsel knew was improper.  Even after that filing,

10  Massachusetts Counsel have done nothing to rectify their improper attempt to reinstate a case that

11  was settled nearly a decade ago, nor have they responded to LGE's filings explaining why their

12  Proposed Complaint is improper.

13  This Court granted final approval to LGE's May 2013 settlement with all IPPs on April 18,

14  2014.  ECF No. 1933-1; ECF No. 2542.  Alongside approval of the settlement, this Court entered

15  final judgment of dismissal with prejudice in LGE's favor.  ECF No. 2543.  Per this Court's order

16  approving the settlement, LGE obtained the release of claims from "[a]ll persons and or entities

17  who or which indirectly purchased in the United States for their own use and not for resale, CRT

18  Products," with the *express* exception solely of claimants from Illinois, Oregon, and

19  Washington.  *Id.* ¶ 3.  The attorneys general of those three states sought to amend the originally

20  drafted LGE settlement to secure their residents' exclusion from the settlement class due to the

21  pendency of litigation in their state courts; LGE, the IPPs, and the States of Illinois, Oregon, and

22  Washington ultimately jointly moved for—and obtained—this limited revision to the LGE

23  settlement prior to final approval.  ECF No. 1988.

24  The attorney general of Massachusetts made no similar effort, nor did Massachusetts

25  Counsel or any Massachusetts plaintiff or putative class member object to the LGE

26  settlement.  Thus, Massachusetts residents remain squarely within the scope of the LGE

27  settlement's release.  Moreover, no party—from any state—appealed the final approval order, and

28  the time for such appeal has long since passed.  *See* Fed. R. App. P. 4(a)(1)(A).  Finally—and

importantly—the LGE settlement was not one of the subsequent settlements that were appealed, vacated, renegotiated, and later re-approved.  Further, when Mr. Bonsignore and others later filed their motion to vacate the 2010 Stipulation (ECF No. 5469), LGE opposed in light of the finality of its settlement, explaining that the objections and appeals related to the 2015 settlements had "no bearing on the LGE settlement."  ECF No. 5487.  In reply, Mr. Bonsignore and his co-counsel unequivocally agreed:

> The concerns . . . LG Defendants express—that vacating the [2010] Stipulation will affect the final judgments entered among them, IPPs, and certain State Attorneys General—are groundless.  **Vacating the Stipulation would leave undisturbed those final judgments and approval orders. . . . Vacatur would impact only the case that IPP class members have against the Defendants who remain subject to this Court's and the Ninth Circuit's jurisdiction.**

ECF No. 5489, at 8 (emphasis added).

Nonetheless, when Massachusetts Counsel filed their Motion to Amend and Proposed Complaint, they included LGE in the caption and among the defendants listed in the Proposed Complaint.  *E.g.*, ECF No. 6072-5 ¶¶ 20–22.  But the Massachusetts IPPs released their claims against LGE and additionally covenanted not to sue LGE for these claims.  Accordingly, any attempt to include LGE in further IPP litigation breaches the settlement agreement and violates this Court's order granting final approval of that settlement.

As explained in LGE's preliminary response (ECF No. 6082) and opposition (ECF No. 6106) to the Motion to Amend, Mr. Bonsignore agreed that inclusion of LGE in the motion and accompanying Proposed Complaint was in error.  Mr. Bonsignore told LGE's counsel that he would promptly amend the motion and Proposed Complaint to remove any reference to LGE as a defendant.  Counsel for LGE repeatedly cautioned him that if Massachusetts Counsel failed to file a correction to their Motion to Amend, LGE would be unnecessarily forced to respond and would seek to be reimbursed for the costs of doing so.  ECF No. 6092-2, Exs. 1 & 3.  Unfortunately, despite numerous attempts over the course of several weeks to correct the error without troubling the Court (*id.*, Exs. 1–3), LGE was put in that very position, necessitating its motion[8] for leave to

---

[8]   The Court granted LGE's motion to file an opposition, ECF No. 6103, and LGE filed its opposition on October 31, 2022, ECF No. 6106.

file an opposition to the Massachusetts IPPs' motion on October 10, 2022. ECF No. 6092.

Incredibly, Massachusetts Counsel have not followed through on their promise to amend their motion and Proposed Complaint. They have not responded in any way to LGE's filings, notwithstanding the Court's warning: "If a timely reply is not filed, the Court will deny Massachusetts IPPs' motion [to amend] as to claims against LGE." ECF No. 6103. Massachusetts Counsel have been part of this long-running case and representing these very same Massachusetts IPPs since its inception, meaning they unquestionably should have known that including LGE in the proposed amended complaint was improper and that the complaint contains "claims" that are not "warranted by existing law." Fed. R. Civ. P. 11(b)(2). Massachusetts Counsel subsequently agreed that it was an error to name LGE as a defendant, but failed to timely amend their filings, forcing LGE and this Court to spend unnecessary time addressing a facially improper motion, thus "needlessly increas[ing] the cost of litigation," Fed. R. Civ. P. 11(b)(1), and "multipl[ying] the proceedings in any case unreasonably and vexatiously," 28 U.S.C. § 1927. Under these extraordinary circumstances, sanctions are appropriate. *See Kaufman,* 2017 WL 3335760, at *5; *Frye v. Pena*, 199 F.3d 1332 (9th Cir. 1999) (affirming monetary sanctions under Section 1927 against attorney who filed a frivolous lawsuit and, among other things, was "given the opportunity to dismiss the case, [and] refused to do so, thereby needlessly multiplying the proceedings").

## 2.    The Improperly Named Panasonic Entities

Massachusetts Counsel's decision to name the three Panasonic Subsidiaries—PNA, MTPD, and Matsushita Malaysia—as defendants and their continued refusal to revise their Proposed Complaint despite knowledge that there is no legal or evidentiary basis for asserting claims against the Panasonic Subsidiaries should result in sanctions under Rule 11 and 28 U.S.C. § 1927.[9]

Notably, Massachusetts Counsel made this same error previously in 2019 when the ORS initially served a proposed complaint attached to one of their motions to intervene (ECF Nos. 5567,

---

[9] Proposed Defendant Panasonic Corporation also continues to deny the factual allegations of its participation in any CRT conspiracy and reserves all arguments in response to the Proposed Complaint.

Motion for Sanctions                                              Case No.: 4:07-cv-05944-JST

5567-1 at ¶¶ 106-10).  But they *corrected the error* in response to communications with Panasonic's counsel, and voluntarily filed a revised proposed complaint dropping PNA and MTPD as proposed defendants.  *See* Goldstein Decl. Ex. A.2; ECF Nos. 5570, 5570-1 at ¶¶ 104-06.  Now, three years after having withdrawn their proposed claims against PNA and MTPD, Massachusetts Counsel have again reintroduced them as proposed defendants without any explanation and have refused to take any action in response to Panasonic's counsel's requests.  Nothing has changed in the intervening years to justify this.

### i.      There is no reasonable basis for claims against PNA

With respect to PNA, after almost a decade of litigation including discovery of millions of documents and over a hundred depositions, this Court found in February 2017 that there was no evidence that PNA ever participated in the alleged CRT conspiracy and granted summary judgment in its favor.  ECF No. 5119, at 10-11.  That order is fully final and no longer subject to appeal.  The Court has also previously informed Massachusetts Counsel that if any ORS claims were brought, the Court did not plan to revisit issues already decided on summary judgment, absent unique issues for the new plaintiffs or a change in controlling authority.  ECF No. 5559, Hr'g Tr. at 6:17-7:3 (attended by Mr. Bonsignore, who noted his coordination with Joseph Alioto at 22:17-20).  Rule 11 sanctions are appropriate where a plaintiff is put on notice of a factual deficiency in its claim through an adverse summary judgment ruling, and thereafter files a new complaint asserting the same claim without having any additional factual support.  *See Debeikes v. Hawaiian Airlines, Inc.*, No. CV 13-00504 ACK-RLP, 2016 WL 409991, at *2, 9-10 (D. Haw. Feb. 1, 2016), aff'd, 725 F. App'x 499 (9th Cir. 2018) (affirming imposition of Rule 11 sanctions where plaintiff's claims were dismissed without prejudice on summary judgment, and plaintiff reasserted the same claims in an amended complaint without any additional factual basis).

Yet the Motion to Amend and Proposed Complaint make no new factual allegations against PNA, cite to no changes in controlling law, and offer no new evidence that would justify a deviation from this Court's prior ruling.  To the contrary, Massachusetts Counsel acknowledge that they have brought "identical" factual allegations to those on which this Court granted summary judgment, purport to base their claims on the same "legal theories" as those that resulted

Motion for Sanctions                                                          Case No.: 4:07-cv-05944-JST

in PNA's dismissal, and do not cite to the existence of new evidence given that this Court's prior ruling was made on a full record. ECF No. 6072, at 5, 11. Thus, by Massachusetts Counsel's own admission, the Proposed Complaint involves no new evidence about PNA, and is instead based on the same insufficient evidence that led to this Court's prior dismissal of PNA.

>            **ii.**            **There is no reasonable basis for claims against MTPD**

There is no reasonable basis for claims against MTPD because it has been dissolved and, pursuant to a liquidation plan publicly announced in March 2017, final liquidation proceedings were completed in Japan on May 23, 2019. *See* Goldstein Decl. Ex. A.2. In light of this dissolution and liquidation, MTPD no longer exists, and its liabilities have been discharged.

Panasonic counsel previously explained MTPD's dissolution to Mr. Bonsignore and provided the Osaka District Court's certification to him in August 2019 (*see* Goldstein Decl. Ex. A.1; A.2), at which time Mr. Bonsignore and the other ORS Counsel dropped claims against MTPD from their 2019 proposed complaint. Panasonic counsel have recently re-sent this certification to Mr. Bonsignore and Mr. Alioto (*see* Goldstein Decl. Ex. A). Massachusetts Counsel have not made any attempt to explain why they believe they can assert discharged claims against a liquidated former entity, and there is no reasonable basis for such zombie claims.

>            **iii.**            **There is no reasonable basis for claims against Matsushita Malaysia**

There is no reasonable basis for claims against Matsushita Malaysia because, by the Proposed Complaint's own admission, it closed in 2006. ECF No. 6072-5 ¶ 51. Indeed, Matsushita Malaysia was dissolved prior to the start of the CRT litigation in 2007, and although some early complaints named Matsushita Malaysia as a defendant, it was never joined as a party to this MDL (as it could not be). By the time of IPPs' Second Consolidated Amended Complaint in 2010, these issues were resolved, and Matsushita Malaysia was not named as a defendant.

>       **3.**       **The Improperly Named Philips Entities**

There is also no objectively reasonable basis for the Proposed Complaint to name the Philips Subsidiaries as defendants consistent with Rule 11, thus constituting yet another independent ground for sanctions against Massachusetts Counsel. The Proposed Complaint seeks

to assert claims that are "essentially identical" to those previously pursued by other plaintiffs in this MDL and alleges a conspiracy running until at least 2007. ECF No. 6072, at 5; *see also* ECF No. 6072-5 ¶ 1. On August 22, 2016, the Court granted the Philips Subsidiaries' Motion for Partial Summary Judgment, ECF No. 3027, based on the Philips Subsidiaries' withdrawal from the alleged conspiracy in June 2001. ECF No. 4786. As noted above, the Court has since made clear that it would not revisit issues already decided on summary judgment, absent unique issues arising for new plaintiffs or changes in controlling authority. ECF No. 5556 (Aug. 8, 2019 Hr'g Tr. 6:17-25). The Proposed Complaint does not allege any such unique or new issues. Massachusetts Counsel consequently lack any legal basis to contest this Court's prior ruling that the Philips Subsidiaries withdrew in June 2001. And even giving the Massachusetts Counsel's clients the full benefit of the original *Terry* Complaint, the Massachusetts claims filed in 2008 came more than two years after the expiration of the four-year statute of limitations applicable to Mass. Gen. Laws ch. 93A. *See* Mass. Gen. Laws ch. 260, § 5A. 4786. There is thus no objectively reasonable basis in fact to assert any claim against the Philips Subsidiaries.

## IV.   CONCLUSION

The Motion to Amend and Proposed Complaint filed by Massachusetts Counsel pursue objectively baseless claims. For each of the independent reasons above, the moving Proposed Defendants respectfully request that Massachusetts Counsel be sanctioned under Rule 11 and 28 U.S.C. § 1927 and that, as sanctions, the Court (1) deny the Motion to Amend; (2) award the Proposed Defendants their reasonable attorneys' fees and costs associated with this Motion for Sanctions; (3) award the Proposed Defendants their reasonable attorneys' fees and costs associated with their defense against the Motion to Amend; and (4) award any other relief deemed appropriate by the Court to deter repetition of Massachusetts Counsel's conduct.

December ___, 2022                    Respectfully Submitted,

                                      /s/ Jeffrey L. Kessler
                                      _____

                                      WINSTON & STRAWN LLP
                                      JEFFREY L. KESSLER
                                      jkessler@winston.com
                                      EVA W. COLE
                                      ewcole@winston.com
                                      200 Park Avenue
                                      New York, NY 10166
                                      Telephone:    (212) 294-6700
                                      Facsimile:    (212) 294-4700

                                      KEVIN B. GOLDSTEIN
                                      kbgoldstein@winston.com
                                      35 W. Wacker Drive
                                      Chicago, IL 60622
                                      Telephone:    (312) 558-5600
                                      Facsimile:    (312) 558-5700

                                      WEIL, GOTSHAL & MANGES LLP
                                      DAVID L. YOHAI
                                      david.yohai@weil.com
                                      ADAM C. HEMLOCK
                                      adam.hemlock@weil.com
                                      DAVID YOLKUT
                                      david.yolkut@weil.com
                                      767 Fifth Avenue
                                      New York, NY 10153-0119
                                      Telephone:    (212) 310-8000
                                      Facsimile:    (212) 310-8007

                                      *Attorneys for Intervenors-Proposed Defendants
                                      Panasonic Corporation (f/k/a Matsushita
                                      Electric Industrial Co., Ltd.), Panasonic
                                      Corporation of North America, and MT Picture
                                      Display Co., Ltd.* [10]

---

[10] MT Picture Display Co., Ltd. has been dissolved and completed final liquidation proceedings in Japan on May 23, 2019.

24

Motion for Sanctions                                      Case No.: 4:07-cv-05944-JST

1

2          /s/ Nathan P. Eimer
           EIMER STAHL LLP
3          NATHAN P. EIMER (*pro hac vice*)
           neimer@eimerstahl.com
4          VANESSA G. JACOBSEN (*pro hac vice*)
           vjacobsen@eimerstahl.com
5          224 South Michigan Avenue, Suite 1100
           Chicago, IL 60604
6          Telephone:    (312) 660-7600
           Facsimile:    (312) 692-1718

7          BRIAN Y. CHANG (CA Bar No. 287757)
           bchang@eimerstahl.com
8          99 South Almaden Boulevard, Suite 662
           San Jose, CA 95113
9          Telephone:    (669) 231-8755

10         *Attorneys for LG Electronics, Inc., LG*
           *Electronics USA, Inc., and LG Electronics*
11         *Taiwan Taipei Co., Ltd.*

12         /s/ Erik T. Koons
           BAKER BOTTS LLP
13         ERIK T. KOONS
           700 K Street, N.W.
14         Washington, D.C. 20001
           202.639.7700
15         202.639.7890 (fax)
           Email: erik.koons@bakerbotts.com

16

17         *Attorneys for Intervenors-Proposed Defendants*
           *Koninklijke Philips, N.V., Philips North America*
           *LLC, Philips Taiwan Limited, and Philips do*
18         *Brasil, Ltda*

19

20

21

22

23

24

25

26

27

28

Motion for Sanctions                                    Case No.: 4:07-cv-05944-JST

# EXHIBIT A

| **From:** | Goldstein, Kevin B. |
| **To:** | rbonsignore@classactions.us; jmalioto@aliotolaw.com |
| **Cc:** | Kessler, Jeffrey; *erik.koons@bakerbotts.com; Cole, Eva; David L. Yohai (david.yohai@weil.com); Olsen, Matthew; fwhitaker@classactions.us |
| **Subject:** | CRT - Letter re MA ORS Motion to Amend & Proposed Complaint |
| **Date:** | Monday, October 10, 2022 7:04:14 PM |
| **Attachments:** | 2022-10-10 - CRT - Ltr to Bonsignore and Alioto re MA ORS Mot to Amend.pdf
Exhibits to 2022-10-10 - CRT - Ltr to Bonsignore and Alioto re MA ORS Mot to Amend.pdf |

Dear Robert and Joseph,

Please see the attached letter.

Best regards,
Kevin

**Kevin B. Goldstein**

Winston & Strawn LLP

35 W. Wacker Drive

Chicago, IL 60601-9703

D: +1 312-558-5869

M: +1 847-571-7766

F: +1 312-558-5700

kbgoldstein@winston.com

winston.com





200 Park Avenue
New York, NY 10166
T +1 (212) 294-6700
F +1 (212) 294-4700

NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

**JEFFREY L. KESSLER**
+1 (212) 294-4698
jkessler@winston.com

October 10, 2022

**<u>VIA EMAIL</u>**

Robert J. Bonsignore, Esq.                    Joseph M. Alioto, Esq.
Bonsignore Trial Lawyers, PLLC         Alioto Law Firm
23 Forest Street                                      One Sansone Street, 35th Floor
Medford, Massachusetts 02155           San Francisco, California 94104
rbonsignore@class-actions.us             jmalioto@aliotolaw.com

Re:   *In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917, Case No. 3:07-cv-05944-
      JST (N.D. Cal.)

Dear Robert and Joseph,

       We write to you on behalf of the proposed Panasonic and Philips defendants named in your
recently filed Motion to Amend Complaint or Otherwise Pursue Pending Claims (the "Motion")
and proposed Indirect Purchasers Plaintiffs' Fifth Amended Complaint (the "Proposed
Complaint") in the above-captioned MDL.  ECF Nos. 6072, 6072-5.[1]

       The Motion and Proposed Complaint are improper under Rule 11 of the Federal Rules of
Civil Procedure ("Rule 11") for multiple reasons, summarized below, each of which demonstrates
a lack of proper purpose or a failure to conduct a reasonable inquiry into the facts and law before
signing the Motion and Proposed Complaint.  *See Bus. Guides, Inc. v. Chromatic Commc'ns
Enterprises, Inc.*, 498 U.S. 533, 554 (1991) (Rule 11 imposes an objective standard of reasonable
inquiry).  First, the Motion knowingly contravenes multiple orders of the MDL court and the Ninth
Circuit on motions and appeals that you have previously filed—and lost—attempting to assert
substantially the same claims on behalf of the same movants, Mr. Gianasca and Ms. Caldwell.
Second, the Proposed Complaint's Massachusetts state-law claims are objectively baseless due to
your clients' conceded failure to comply with Massachusetts's statutory pre-suit demand letter
requirements, as the MDL court has already ruled.  Third, the attempt to reassert Massachusetts
claims that were abandoned in 2010 is objectively in bad faith.  And fourth, the Proposed
Complaint lacks any factual basis to assert claims against various entities that were long ago
dismissed from the MDL due to lack of evidence, were never part of the MDL, or are defunct and
dissolved, including Panasonic Corporation of North America; MT Picture Display Co., Ltd.;
Matsushita Electronic Corporation (Malaysia) Sdn Bhd.; Philips Electronics North America
Corporation (n/k/a Philips North America LLC); Philips Electronics Industries (Taiwan), Ltd.
(n/k/a Philips Taiwan Limited); and Philips da Amazonia Industria Electronica Ltda. (n/k/a Philips

---

[1] Unless otherwise stated, all ECF citations are to the docket of *In re Cathode Ray Tube (CRT) Antitrust
Litig.*, MDL No. 1917, Case No. 3:07-cv-05944-JST (N.D. Cal.).



do Brasil, Ltda.).  Each of these grounds alone is sufficient to sustain a Rule 11 motion.  Taken together, they are a gross violation of the rule that wastes the resources of the Court and our clients.

If necessary, we will prepare a formal Rule 11 motion, which we will serve upon you prior to filing with the Court as required by the rule.  However, before we incur yet more expense litigating against your objectively baseless filing, we are writing to demand that you withdraw the Motion and Proposed Complaint.  Please withdraw these improper filings by October 14, 2022.

**Defiance of Final Court Orders**

The Motion knowingly violates multiple court orders and is an improper attempt to relitigate issues that are no longer subject to further appeal, and which are final and binding under both the law of the case doctrine and the rule of mandate.

As you know, the MDL court has already ruled, inter alia, that you may not amend someone else's complaint and that, if your clients wish to pursue claims, you must file a separate action and have it transferred to the MDL.[2]  The MDL court also has already declined to consider your argument that Gianasca's 2008 *Terry* complaint could be amended.[3]  Moreover, the Ninth Circuit has rejected your appeals from those rulings and from final judgment in the indirect-purchaser action, holding that "[t]here is no longer an action against Defendants into which the ORS and NRS appellants can intervene."[4]

Your recent filing knowingly violates each of these final and binding orders.  Your Proposed Complaint is again styled as Indirect Purchasers Plaintiffs' Fifth Amended Complaint and captioned for filing solely in the master MDL docket, seeking improperly to amend the IPPs' complaint (despite statements in your Motion stating that you seek to amend Gianasca's 2008 *Terry* complaint).  You have again filed a motion seeking to lodge new claims directly in the MDL, rather than file a separate action.  And you have ignored the Ninth Circuit's ruling that, following the entry of final judgment, there is no pending action against the former Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, and Thomson Defendants, which bars the argument that the *Terry* action is still pending and that the *Terry* Complaint can be amended.

The time to argue these issues has come and gone:  Gianasca and Caldwell had the opportunity to challenge these rulings upon appeal, did so, and were unsuccessful.  There is no objectively lawful basis to reassert these claims now.

---

[2] Order Denying Renewed Motions to Intervene ("Renewed Intervention Order"), ECF No. 5684; Order Denying Motion to Intervene and Amend Complaint to Allege State Law Claims for Other Repealer States, ECF No. 5628.

[3] Order Denying Motion to Alter or Amend the Court's Order, ECF No. 5708; *see also* Mot. to Alter or Amend Order Denying Renewed Motions to Intervene, ECF No. 5688 at 2 n.1 (arguing that the *Terry* complaint could be amended by ORS plaintiffs); Defs.' Resp., ECF No. 5690 at 7–8.

[4] *In re Cathode Ray Tube Antitrust Litig.*, No. 20-15697, 2021 WL 4306895 *2 (9th Cir. Sept. 22, 2021).



**Knowing Failure to Provide a Pre-Suit Demand for the Massachusetts State-Law Claims**

The Proposed Complaint seeks improperly to bring two claims under Massachusetts state law on behalf of Caldwell and Gianasca despite your knowing failure to provide the pre-suit demand required by Massachusetts General Laws 93 A, as already found in this MDL.

As you know, Caldwell's Massachusetts claims were ruled legally nonviable over a decade ago, when Special Master Legge recommended that they be dismissed with prejudice. ECF No. 768 at 8, 12–14. The later vacatur of the 2010 stipulated order adopting those recommendations did not revitalize those nonviable claims. *See* Proposed Defs.' Resp., ECF No. 6084-1 at 21–22.

This same fatal legal defect applies equally to the Massachusetts claims of Gianasca. As you know, Gianasca did not serve a pre-suit demand prior to filing the 2008 *Terry* complaint that you assert as the basis for amendment. And your disingenuous service in June 2019—eleven years later—of a demand letter on Gianasca's behalf cannot retroactively remedy the failure to serve a *pre*-suit demand. As found by Judge Legge, a plaintiff cannot "fail to comply [with MGL 93A], but then cure that failure by sending a late notice and then re-filing the same complaint." ECF 768 at 13. There is, thus, no reasonable basis for the pursuit of these claims.

**Knowingly Filing Untimely Claims**

It is wholly improper for you to seek to file Massachusetts state law claims, which were voluntarily dismissed nearly ***twelve years ago and thus grossly out of time***. As you know, it has been clear since the Third Amended Complaint was filed, in December 2010, that the state law damages claims of purported Massachusetts plaintiffs were not being pursued by lead class counsel. If your clients disagreed with that decision, they were required to move promptly to intervene. *See Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015); *SurvJustice Inc. v. DeVos*, No. 18-cv-00535, 2019 WL 1427447, at *4 (N.D. Cal. Mar. 29, 2019) (Corley, M.J.). Instead, they sat on their rights for twelve years.

Your firms have respectively represented Gianasca and Caldwell since prior to the filing of the Third Amended Complaint. *See* ECF No. 144 (March 3, 2008 filing by Joseph Alioto listing Alioto Law Firm as counsel for Barbara Caldwell); Compl., *Terry v. LG Elecs., Inc.*, Case No. 4:08-cv-01559 (March 21, 2008), ECF No. 1 (listing Robert Bonsignore as counsel for Anthony Gianasca). As represented parties with counsel of record receiving ECF notices, both Gianasca and Caldwell were required to take action to preserve their claims when they were not pursued in the Third Amended Complaint twelve years ago. *See In re: Phenylpropanolamine (PPA) Prod. Liab. Litig.*, No. C03-1101, 2006 WL 8446679, at *2 (W.D. Wash. May 16, 2006) (holding that it "is the responsibility of counsel to monitor the case [electronic docket] for activity" and that counsel's failure to do so rendered delayed motion filing "categorically unreasonable"), *aff'd*, 318 F. App'x 451 (9th Cir. 2008). You have no objectively reasonable basis to pursue those long-abandoned and untimely claims now.

**Claims Against Certain of the Proposed Panasonic Defendants that Have No Objectively Reasonable Basis**

Your Proposed Complaint names Panasonic Corporation of North America ("PNA"), MT Picture Display Co., Ltd. ("MTPD"), and Matsushita Electronic Corporation (Malaysia) Sdn Bhd. ("Matsushita Malaysia") as proposed defendants.[5]  However, you have no objectively reasonable basis for including these entities as defendants.

As you are well aware, the Proposed Complaint is not the first proposed amended complaint you have filed on behalf of purported Massachusetts plaintiffs: a similar proposed complaint was filed on August 23, 2019.  ECF No. 5567-1.  Prior to that filing, we wrote to you concerning the status of PNA, MTPD, and Matsushita Malaysia and set forth the reasons why there was no objectively reasonable basis to name these entities as defendants in a manner consistent with counsel's obligations under Rule 11.  *See* Ex. 1, Aug. 19, 2019 Email from Kevin Goldstein to Robert Bonsignore, Fran Scarpulla, Theresa Moore; Ex. 2, Aug. 19, 2019 Ltr. from J. Kessler to Fran Scarpulla (copying Robert Bonsignore).

With respect to PNA, the letter pointed out that in February 2017, Judge Tigar held that there was no evidence that PNA ever participated in the claimed conspiracy and granted summary judgment in favor of PNA.  Ex. 2 at 1–2; *see* ECF No. 5119.  The letter also reminded you that Judge Tigar had since made clear that he would not revisit issues already decided on summary judgment, absent unique issues arising for new plaintiffs or changes in controlling authority.  Ex. 2 at 2; *see* Aug. 8, 2019 Case Mgmt. Conf. Tr. 6:17-25.  With respect to MTPD, the letter noted that it had been dissolved and final liquidation proceedings were completed in Japan on May 23, 2019.  Ex. 2 at 2.  The letter also reminded you that Matsushita Malaysia was an entity that had never been joined as a party to the case, and had been dissolved over a decade before.  *Id.*

In apparent response to our communications to you about these Panasonic entities, you filed a revised proposed complaint on August 28, 2019, dropping PNA, MTPD, and Matsushita Malaysia as proposed defendants.  ECF No. 5570-1, ¶ 104.

Despite the above history, you have now filed a new Proposed Complaint that inexplicably includes PNA, MTPD, and Matsushita Malaysia as proposed defendants.  This proposed inclusion cannot be objectively justified, and we urge you to immediately remove these entities as proposed defendants.

---

[5] Panasonic Corporation also denies any allegation that it engaged in unlawful conduct with respect to the CRT business and further believes that Caldwell and Gianasca's anticipated claims are unfounded, untimely, and not actionable, and reserves all arguments concerning the same.

WINSTON
&STRAWN
LLP

October 10, 2022
Page 5

**Claims Against Certain of the Proposed Philips Defendants that Have No Objectively Reasonable Basis**

Your Proposed Complaint also names Philips Electronics North America Corporation (n/k/a Philips North America LLC), Philips Electronics Industries (Taiwan), Ltd. (n/k/a Philips Taiwan Limited), and Philips da Amazonia Industria Electronica Ltda. (n/k/a Philips do Brasil, Ltda.; collectively, the "Philips Subsidiaries").

Similar to the arguments above, there is no objectively reasonable basis for you to name the Philips Subsidiaries as defendants consistent with Rule 11. As you know, your Proposed Complaint is based on an alleged conspiracy to fix the prices of CRT Products between 1995 and 2007. The allegations in the Proposed Complaint are nearly identical to the more-than-thirty complaints filed by other plaintiffs and consolidated in this MDL No. 1917. On August 22, 2016, the Court granted the Philips Subsidiaries' Motion for Partial Summary Judgment, ECF No. 3027, based on the Philips Subsidiaries' withdrawal from the alleged conspiracy in June 2001. ECF No. 4786. As noted above, Judge Tigar has since made clear that he would not revisit issues already decided on summary judgment, absent unique issues arising for new plaintiffs or changes in controlling authority. Ex. 2 at 2; *see* Aug. 8, 2019 Case Mgmt. Conf. Tr. 6:17-25. Accordingly, you lack any legal basis to contest Judge Tigar's prior ruling that the Philips Subsidiaries withdrew in June 2001. With this fact established, and even giving you the full benefit of the original *Terry* Complaint for purposes of this argument only,[6] the Massachusetts claims filed in 2008 came more than two years *after* the expiration of the four-year statute of limitations applicable to Mass. Gen. Laws ch. 93A. *See* Mass. Gen. Laws ch. 260, § 5A.

Given the above history, your inclusion of the Philips Subsidiaries as defendants in your Proposed Complaint cannot be justified, and we urge you to immediately remove these entities as proposed defendants.

**Conclusion**

For each of the above reasons, we demand that you promptly withdraw the Motion and Proposed Complaint. Should you fail to withdraw these filings by October 14, 2022, we will proceed to prepare and serve a formal Rule 11 demand and motion. If we have to pursue such a Rule 11 motion, we will ask the Court to award Panasonic and Philips all fees and costs they have incurred defending against your Motion and Proposed Complaint under Rule 11 or, alternatively, under 28 U.S.C. § 1927, as well as all fees and costs incurred for the sanctions motion.

We hope that filing a Rule 11 motion will be unnecessary, and that this matter can be resolved on a voluntary basis.

---

[6] Philips continues to strongly disagree that you have a valid claim against any Philips entity and reserves all arguments regarding same.



October 10, 2022
Page 6

Sincerely,

/s/ *Jeffrey L. Kessler*
WINSTON & STRAWN LLP
JEFFREY L. KESSLER
200 Park Avenue
New York, NY 10166
jkessler@winston.com

*Attorneys for Proposed Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd.[7]*

/s/ *Erik T. Koons*
BAKER BOTTS LLP
ERIK T. KOONS
700 K Street, N.W.
Washington, D.C. 20001
erik.koons@bakerbotts.com

*Attorneys for Proposed Defendants Koninklijke Philips, N.V., Philips North America LLC, Philips Taiwan Limited, and Philips do Brasil, Ltda.*

Attachments

cc:    Eva W. Cole
       Kevin B. Goldstein
       David L. Yohai

---

[7] MT Picture Display Co., Ltd. has been dissolved and completed final liquidation proceedings in Japan on May 23, 2019.

# EXHIBIT 1

| | |
|---|---|
| **From:** | Goldstein, Kevin B. |
| **To:** | fos@scarpullalaw.com; tmoore@aliotolaw.com; rbonsignore@classactions.us |
| **Cc:** | Kessler, Jeffrey L.; Yohai, David; Cole, Eva W. |
| **Subject:** | In re CRT Antitrust Litig., MDL No. 1917 - Panasonic Letter to ORS Counsel |
| **Date:** | Monday, August 19, 2019 8:07:58 PM |
| **Attachments:** | 2019-08-19 - CRT - Ltr to ORS.pdf |
| | 2019-08-19 - CRT - EXHIBITS to Ltr to ORS.pdf |
| | image001.jpg |
| | 3bclean-control.bin |

Dear Fran and all,

Please see the attached letter.

Best regards,

Kevin

### Kevin B. Goldstein

Winston & Strawn LLP

35 W. Wacker Drive

Chicago, IL 60601-9703

D: +1 312-558-5869

M: +1 847-571-7766

F: +1 312-558-5700

kbgoldstein@winston.com

winston.com



# **EXHIBIT 2**



200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

**JEFFREY L. KESSLER**
+1 212 294 4698
jkessler@winston.com

North America   Europe   Asia

August 19, 2019

**VIA E-MAIL**

Francis O. Scarpulla, Esq.
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
fos@scarpullalaw.com

Re:     *In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917, Case No. 3:07-cv-05944-
        JST (N.D. Cal.)

Dear Fran,

        We write to you on behalf of the Panasonic Defendants in the above-referenced matter, and
in your capacity as liaison and co-lead counsel for indirect purchaser plaintiffs in the so-called
omitted repealer states ("ORS Plaintiffs").

        We understand that the ORS Plaintiffs soon intend to seek leave to file an amended
complaint asserting state law claims on behalf of as many as nine states.  As you prepare your
proposed complaint, we wanted to bring several things to your attention, so that you do not
inadvertently waste the Court's and the parties' time with wholly unnecessary litigation.  You may
already be aware of these issues, in which case this letter will serve as a reminder.

**Panasonic Defendants' Status**

        First, we want to bring to your attention the current status of certain of the "Panasonic
Defendants" in the MDL.  As you are doubtless aware, there had previously been three Panasonic
Defendants active in the IPP litigation and MDL generally: Panasonic Corporation, Panasonic
Corporation of North America ("PNA"), and MT Picture Display Co., Ltd. ("MTPD").  Of these
three, PNA was granted summary judgment in its favor due to lack of evidence of its liability, and
MTPD has been liquidated in Japan and no longer exists.  Accordingly, we expect that you will
not seek to name either PNA or MTPD as parties in your proposed amended complaint.[1]

        With respect to PNA, after the close of MDL fact discovery, PNA and Panasonic
Corporation moved for summary judgment on the basis that there was insufficient evidence of

---

[1] Panasonic Corporation also denies any allegation that it engaged in unlawful conduct with respect to the
CRT business and further believes that the ORS Plaintiffs' anticipated claims are unfounded, untimely, and
not actionable.  However, Panasonic Corporation remains a going concern and we acknowledge that the
Court did not grant its prior motion for summary judgment.



their participation in the claimed conspiracy to proceed to trial. ECF No. 3001. IPPs and DAPs jointly opposed the motion. ECF No. 3248. Judge Tigar subsequently granted PNA's motion and dismissed all claims against PNA, finding that there was no evidence of PNA's participation in the alleged conspiracy that could create a dispute of material fact as to PNA's liability. ECF No. 5119.

As Judge Tigar made clear at the August 8, 2019 case management conference, the Court does not plan to revisit issues it already decided on summary judgment, absent unique issues for the new plaintiffs or a change in controlling authority. CMC Tr. 6:17-25. PNA's alleged liability is one such issue that has already been resolved, and there is no basis to revisit it now. Therefore, there is also no basis for the ORS Plaintiffs to assert any claim against PNA in their proposed amended complaint.

With respect to MTPD, in accord with the liquidation plan it publicly announced in March 2017, MTPD has been dissolved and final liquidation proceedings were completed in Japan on May 23, 2019. A copy of the Osaka District Court's certification of final and binding liquidation, along with an unofficial translation, is attached hereto as Exhibit A. In light of this dissolution and liquidation, MTPD no longer exists and its liabilities have been discharged. Accordingly, we expect that the ORS Plaintiffs will not attempt to name MTPD as a defendant in their proposed amended complaint.

Similarly, certain early complaints in the MDL sought to name as defendants additional purported Panasonic entities that either no longer exist or have never existed as distinct legal entities. This included a Malaysian entity referred to as "Matsushita Malaysia" that was dissolved over a decade ago, and an unincorporated business division of PNA known as Panasonic Consumer Electronics Company. These purported entities were never joined as parties to the case, as indeed they could not be. Further, these issues were resolved by the time of the IPPs' Second Consolidated Amended Complaint in May 2010 and neither Matsushita Malaysia nor Panasonic Consumer Electronics Company were named as defendants. ECF No. 716. We assume the ORS Plaintiffs will not repeat the error that some plaintiffs made in naming these non-entities early in the case.

**Oregon AG Action and Release**

We also write to confirm that the ORS Plaintiffs will not assert claims on behalf of Oregon indirect purchaser plaintiffs in their proposed amended complaint.

When the first IPP settlement in the MDL, with Chunghwa, was presented to the Court for preliminary approval, the State of Oregon intervened in the MDL for the purpose of "asserting its exclusive authority to represent indirect purchasers pursuant to Oregon's Antitrust Act …." ECF No. 922. As the State of Oregon explained:

"Oregon's *Illinois Brick* repealer statute designates the Oregon Attorney General as the sole entity authorized to represent indirect purchasers for damages suffered as a result of antitrust violations. Pursuant to Oregon law, the Indirect Purchaser Plaintiffs in this case



(the IPP) are precluded from representing the interests of Oregon indirect purchasers and lack standing or legal authority to bring or settle state law antitrust claims on their behalf."

ECF No. 940 at 1-2 (internal footnote omitted).  As a result of Oregon's intervention, claims by Oregon natural persons were specifically excluded from the Nationwide Class definition in all subsequent IPP settlements.  *See* Amended Order Granting Preliminary Approval, ECF No. 3906.

Indeed, the Oregon attorney general exercised this exclusive right and brought her own suit in Oregon state court on behalf of Oregon indirect purchasers.  *See State of Oregon, ex rel. Rosenblum v. LG Electronics, Inc., et al.*, No. 1208 10246 (Or. Cir. Ct. Multnomah Cty.) (hereinafter "*Oregon Action*").  The Panasonic Defendants, as well as Samsung SDI, Toshiba, Hitachi, and Philips Defendants have all settled those Oregon claims on terms that, *inter alia*, provide a complete release on behalf of Oregon natural-person purchasers, in exchange for settlement payments that have already been distributed to those purchasers.  *See* General Judgment, *Oregon Action* (Mar. 27, 2017), a copy of which is attached hereto as Exhibit B.  The *Oregon Action* settlements and general judgment remain undisturbed by any subsequent rulings and are outside the jurisdiction of the MDL court or the Ninth Circuit, and they preclude you from bringing suit on behalf of such Oregon claimants.

Based on your prior filings in the MDL, we know that you are aware of the Oregon attorney general's exclusive authority to bring an action for damages on behalf of Oregon resident indirect purchasers, and believe you agree that it would be improper for you now to assert claims on behalf of Oregon residents.  Indeed, you expressly cited the Oregon attorney general's exclusive authority in 2016 briefing when you and Mr. Cooper first sought appointment as counsel for IPPs in states other than the 22 States.  *See* Reply ISO Mot. re Appointment of Co-Lead Class Counsel, ECF No. 4278 at 9 n.9.  In that same filing, you clarified that, as a result of attorneys general bringing suits "concerning the same subject matter in state court pursuant to their respective state laws," you were not seeking to represent "those with claims in the States of Illinois, Oregon and Washington."[2]  *Id.* at 9-10.  Nothing has changed since that time that would justify you now seeking to pursue Oregon claims; to the contrary, Oregon residents' claims have since been settled and finally released.

We hope that providing this information about the status of the Panasonic Defendants and the *Oregon Action* now—in advance of the ORS Plaintiffs seeking to file any proposed amended complaint—will facilitate the requisite "reasonable inquiry into the facts and the law *before filing*" and prevent any needless litigation of these issues.  *Herships v. Maher*, No. 97-cv-3114, 1998 WL 164943, at *2 (N.D. Cal. Mar. 10, 1998) (quoting *Business Guides Inc. v. Chromatic Communications Enter.*, 498 U.S. 533, 551 (1991) (emphasis in original).

---

[2] This letter focuses on Oregon claims because you have asserted that Oregon is one of the "omitted repealer states."  However, should the ORS Plaintiffs assert Illinois or Washington claims, those claims would similarly be improper for a variety of reasons including that they have been settled and released by state attorneys general.



August 19, 2019<br>Page 4

Should you have any questions, we are happy to discuss and to provide more information to the extent available to us.

Sincerely,

*/s/ Jeffrey L. Kessler*

Jeffrey L. Kessler


Attachments

cc:    Theresa Moore, Esq., Co-Lead Counsel for ORS Plaintiffs
        Robert Bonsignore, Esq., Co-Lead Counsel for ORS Plaintiffs
        David L. Yohai, Esq.
        Eva W. Cole, Esq.
        Kevin B. Goldstein, Esq.

# EXHIBIT A

平成３１年（ヒ）第３００４号　特別清算開始申立事件

清算株式会社　ＭＴ映像ディスプレイ株式会社

## 特別清算終結確定証明申請書

大阪地方裁判所　第６民事部　御中

2019（令和元）年５月９日

清算株式会社　ＭＴ映像ディスプレイ株式会社

清算人代理　弁護士　柴　野　高　之

同　柳　　勝　久

　頭書事件について，上記清算会社の平成３１年４月１８日にされた特別清算終結決定は，令和元年５月２２日の経過により確定したことを証明願います。



上記証明する

令和　元　年　５　月　23日

大阪地方裁判所第６民事部

裁判所書記官　谷　田　久　美

# EXHIBIT A-1
# Unofficial Translation

2019 (H. 31) No. 3004   Case of Petitioning for the Commencement of Special Liquidation

Incorporated company in liquidation     MT Picture Display Corporation

## Application for Certificate of Final and Binding Conclusion of Special Liquidation

To Civil Division No. 6  [unconfirmed], Osaka District Court

May 9th, 2019 (First year of Reiwa)

Incorporated company in liquidation          MT Picture Display Corporation

Agent of liquidator          Attorney Takayuki Shibano 

Same [as above]   Katsuhisa Yanagi 

Please certify that the decision made on April 18th, 2019 regarding the special liquidation of the above incorporated [handwritten text inserted] company in liquidation was final and binding as of May 22nd, 2019 (the first year of Reiwa).

## [I] hearby certify the above.

May 23rd, 2019

Civil Division No. 6 [unconfirmed], Osaka District Court

Court clerk     **Hisami Taniya**
                **[unconfirmed]**



# EXHIBIT B

1208 10246

1

2

3

IN THE CIRCUIT COURT OF THE STATE OF OREGON

4

FOR THE COUNTY OF MULTNOMAH

5

STATE OF OREGON, ex rel. Ellen
Rosenblum, Attorney General,

6

Case No.: 1208 10246

7

Plaintiff,

**GENERAL JUDGMENT**

8

v.

9

SAMSUNG DISPLAY DEVICE CO., LTD.,
a foreign corporation; SAMSUNG SDI

10

AMERICA INC., a California corporation;
SAMSUNG SDI MEXICO S.A. DE C.V., a

11

foreign corporation; SAMSUNG SDI
BRASIL LTDA., a foreign corporation;

12

SHENZHEN SAMSUNG SDI CO., LTD., a
foreign corporation; TIANJIN SAMSUNG

13

SDI CO., LTD., a foreign corporation;
SAMSUNG SDI (MALAYSIA) SDN. BHD.,

14

a foreign corporation;

15

Defendants.

16

In previous orders, this Court has approved the Oregon Attorney General's

17

settlements ("Agreements") with the following defendants ("Defendants"), dismissing

18

each of the defendants with prejudice: Hitachi, Ltd.; Hitachi Displays, Ltd.; Hitachi

19

Electronic Devices (USA), Inc.; Hitachi Asia, Ltd; LG Electronics, Inc; Panasonic

20

Corporation; Panasonic Corporation of North America; MT Picture Display Co., Ltd;

21

Koninklijke Philips Electronics N.V.; Philips North America Corporation; Toshiba

22

Corporation; Toshiba America Electronic Components, Inc.; Samsung SDI Co., Ltd.;

23

PAGE 1 – **GENERAL JUDGMENT**

1   Samsung SDI America, Inc.; Samsung SDI Mexico S.A. de C.V.; Samsung SDI Brasil

2   LTDA.; Shenzhen Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd; Samsung SDI

3   (Malaysia) Sdn. Bhd.

4           This matter comes before the Court to determine if there is any cause why the

5   Court should not approve Attorney General's proposal for distribution to the State of

6   Oregon and natural persons and entry of judgment.  The Court, after considering all

7   papers filed and proceedings held in this action and otherwise being fully informed in the

8   premises, finds the Attorney General's distribution plan allows all claimants and

9   prospective claimants a reasonable opportunity to secure an appropriate portion of

10  available settlement proceeds.  Accordingly, the Court directs entry of this judgment,

11  which shall constitute the final adjudication of this action on the merits.  Good cause

12  appearing therefore, it is:

13          **ORDERED, ADJUDGED, AND DECREED THAT:**

14          1.      The capitalized terms used in this order have the meaning ascribed to them

15  in the Agreements.

16          2.      The Court has jurisdiction over the subject matter of this litigation, all

17  actions within this litigation and over the Parties to the Agreements, including the State

18  of Oregon and the Defendants, and any person or entity claiming by, for, or through the

19  State of Oregon and the Defendants.

20          3.      The State of Oregon's Notice of Exclusions, previously approved by the

21  Court, required natural persons desiring to opt-out of this action (also referred to as

22  "exclusion") and the Agreements to register online at www.OregonScreenSettlement.com

23

PAGE 2 – **GENERAL JUDGMENT**

1    or send a written letter requesting exclusion to a designated address on or before March

2    18, 2017.  Natural persons who did not take action or who registered or provided letters

3    postmarked after March 18, 2017, are bound by this judgment and the Agreements

4    previously approved in this action.  Attachment A to this order provides the names and

5    addresses of natural person opt-outs who registered at

6    www.OregonScreenSettlement.com on or before March 18, 2017, and names and

7    addresses of natural person requesting exclusion who sent letters postmarked on or before

8    March 18, 2017, that had been received as of close of business on April 19, 2017.  Any

9    other letters later received requesting exclusion and which were postmarked on or before

10   March 18, 2017, must be forwarded to the Court with a request for supplemental

11   judgment.

12        4.        The Court hereby dismisses on the merits with prejudice any remaining

13   claims – including natural person *parens patriae* claims and direct claims – asserted by

14   the Attorney General against Defendants in this action, with the Oregon Attorney General

15   and Defendants to bear their own costs and attorneys' fees except as provided for in the

16   Agreements and previously determined by this Court.  The dismissal with prejudice is not

17   res judicata as to the one natural person identified in Attachment A to this order or as to

18   any other natural persons identified in a supplemental judgment meeting the criteria

19   defined in paragraph 3 above.  To the extent natural persons identified in Attachment A

20   or a supplemental judgment possess the right to assert claims against Defendants, those

21   claims are not extinguished by entry of this judgment.

22

23

PAGE 3 – **GENERAL JUDGMENT**

1          5.      The State of Oregon releases all claims that are agreed released by the

2 terms of the six individual Agreements previously approved by the Court.  See Exhibits

3 A-E to Declaration of Michael G. Neff in Support of Oregon's Second Motion for

4 Approval of Settlements, Notice, and Entry of Limited Judgment as to Five Defendant

5 Groups and Exhibit A to Declaration of Michael E. Haglund in Support of Oregon's

6 Motion for Approval of Samsung SDI Settlement. The Court finds that the State of

7 Oregon shall be bound by each of the individual Agreements, including without

8 limitation the release provisions and covenants not to sue therein.  *Id.*  Generally, with the

9 exception of the claims that may be held by the natural persons who opt-out as defined in

10 paragraph 4 above, Oregon releases all claims that were or could have been made against

11 the respective Defendants based on the facts described in the Oregon First Amended

12 Complaint for Damages, Restitution, Disgorgement, and Civil Penalties.  All persons and

13 entities defined as Releasors in the Agreements are hereby barred and enjoined from

14 commencing, prosecuting, or continuing, either directly or indirectly, against the persons

15 or entities who are defined as Releasees, in this or any jurisdiction, any and all claims or

16 causes of action or lawsuits, which they had, have, or in the future may have, arising out,

17 or related in any way to the claims released by the individual Agreements.  This

18 permanent bar and injunction is necessary to protect and effectuate the Agreements, this

19 judgment, and this Court's authority to effectuate the Agreements, and is ordered in aid

20 of this Court's jurisdiction and to protect its jurisdiction.

21

22

23

PAGE 4 – **GENERAL JUDGMENT**

6.      The Court finds that the notice given to natural persons of the Agreements and releases in the Agreements was adequate, due, and sufficient notice that more than satisfies due process of law and ORS 646.775(2) and (3).

7.      The Court grants final approval to the plan of distribution set forth and described in the State of Oregon's Motion for Approval of Distribution Plan and Final Judgment, and finds the plan of distribution is designed to provide natural persons a reasonable opportunity to secure an appropriate portion of the available settlement proceeds.  The Court approves this plan of distribution as being consistent with due process of law and ORS 646.775-780.

8.      The Attorney General in her discretion is authorized to distribute the Settlement Fund to state agencies and natural persons consistent with the plan of distribution described in the State of Oregon's Motion for Approval of Distribution Plan and Final Judgment. The fiduciary managing the escrow account holding the Settlement Fund is directed to make all distributions directed by the Oregon Attorney General to the Oregon Department of Justice Trust Account or such other account as may be identified by the Attorney General.

9.      Without affecting the finality of this judgment in any way, this Court hereby retains exclusive jurisdiction over the State of Oregon, Defendants, all other parties, and Releasors identified in the Agreements for the purpose of enforcing and administering this judgment and the previous orders and limited judgments of this Court.

10.     The Court finds that judgment should be entered and further finds that there is no just reason for delay in entry of judgment.  Accordingly, the Clerk is hereby

PAGE 5 – **GENERAL JUDGMENT**

1  directed to enter judgment forthwith.  No costs are awarded except as otherwise

2  specifically provided in the Agreements, this judgment, or previous order of the Court.

3

4      **IT IS SO ORDERED AND ADJUDGED.** nunc pro tunc March 24, 2017.

5

6

7                                              Signed: 4/27/2017 10:13 AM

8                                      _____
                                         **Circuit Court Judge Henry Kantor**

9

10  Submitted by:

11
    s/ Michael G. Neff
12  Michael E. Haglund, OSB No. 772030
    Haglund@hk-law.com
13  Michael K. Kelley, OSB No. 853782
    Kelley@hk-law.com
14  Michael G. Neff, OSB No. 925360
    OSB No. 925360
15  Neff@hk-law.com
    Telephone: (503) 225-0777
16  Facsimile: (503) 225-1257
    Oregon Special Assistant Attorneys General for Plaintiff
17

18

19

20

21

22

23

PAGE 6 – **GENERAL JUDGMENT**

**Haglund Kelley LLP**
**200 SW Market Street, Suite 1777**
**Portland, OR  97201**
**Tel:  (503) 225-0777 / Fax:  (503) 225-1257**
49486—7:38 am

1

## CERTIFICATE OF COMPLIANCE WITH UTCR 5.100

2   This submission is ready for judicial signature because:

3       ☐ 1.    Each opposing party affected by this order or judgment has stipulated to the order or judgment, as shown by each opposing party's signature on the document

4 being submitted.

5       ☐ 2.    Each opposing party affected by this order or judgment has approved the order or judgment, as shown by signature on the document being submitted or by written

6 confirmation of approval sent to me.

7       ☒ 3.    I have served a copy of this order or judgment on all parties entitled to service and:

8

9           ☒ a.   No objection has been served on me.

          ☐ b.   I received objections that I could not resolve with the opposing

10 party despite reasonable efforts to do so. I have filed a copy of the objections I received and indicated which objections remain unresolved.

11           ☐ c.   After conferring about objections (opposing party) agreed to independently file any remaining objection.

12

13       ☐ 4.    The relief sought is against an opposing party who has been found in default.

14       ☐ 5.    An order of default is being requested with this proposed judgment.

15       ☐ 6.    Service is not required pursuant to subsection (3) of this rule, or by statute, rule or otherwise.

16

17       ☐ 7.    This is a proposed judgment that includes an award of punitive damages and notice has been served on the Director of the Crime Victims Assistance Section as required by subsection (4) of this rule.

18

19

20                             s/ Michael G. Neff
                            Michael G. Neff, OSB No. 925360

21

22

23

PAGE 7 – **GENERAL JUDGMENT**

**Haglund Kelley LLP**
**200 SW Market Street, Suite 1777**
**Portland, OR 97201**
**Tel: (503) 225-0777 / Fax: (503) 225-1257**
49486—7:38 am

1

<u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on the 26th day of April, 2017, I served the foregoing
**GENERAL JUDGMENT**, on the following:

3

4

**STOEL RIVES LLP**
TIMOTHY W. SNIDER
900 SW Fifth Avenue, Suite 2600
Portland, Oregon 97204
Email: twsnider@stoel.com
Telephone: (503) 224-3380
Facsimile:  (503) 220-2480

___By hand delivery
___By first-class mail*
 X  By email
___By overnight mail
___By facsimile
   Fax #_____

5

6

7

**WEIL, GOTSHAL & MANGES LLP**
DAVID L. YOHAI
ADAM C. HEMLOCK
DAVID YOLKUT
KEVIN GOLDSTEIN
767 Fifth Avenue
New York, New York 10153-0119
Email: david.yohai@weil.com
Email: adam.hemlock@weil.com
Email: david.yolkut@weil.com
Email: kevin.goldstein@weil.com

___By hand delivery
___By first-class mail*
 X  By email
___By overnight mail
___By facsimile
   Fax #_____

8

9

10

11

12

**WINSTON & STRAWN LLP**
JEFFREY L. KESSLER
EVA W. COLE
MOLLY M. DONOVAN
200 Park Avenue
New York, New York 10166
Email: jkessler@winston.com
Email: ewcole@winston.com
Email: mmdonovan@winston.com

___By hand delivery
___By first-class mail*
 X  By email
___By overnight mail
___By facsimile
   Fax #_____

13

14

15

16

*Attorneys for Defendants Panasonic Corporation;
Panasonic Corporation of North America; and MT
Picture Display Co., Ltd.*

17

**ANGELI UNGAR LAW GROUP, LLC**
DAVID H. ANGELI
KRISTEN L. TRANETZKI
121 SW Morrison Street, Ste. 400
Portland OR 97204
Email:  david@angelilaw.com
Email:  Kristen@angelilaw.com

___By hand delivery
___By first-class mail*
 X  By email
___By overnight mail
___By facsimile
   Fax #_____

18

19

20

21

22

23

PAGE 1 – CERTIFICATE OF SERVICE

<u>ATTACHMENT A</u>

Natural Persons Who Timely Provided Notice of Exclusion
From the Approved CRT Settlements

1.    Mary Steiger
3208 NE 29th
Gresham, OR  97030

| | | |
|---|---|---|
| 1 | **KIRKLAND & ELLIS PC**<br>JAMES MUTCHNIK<br>KATE WHEATON<br>300 North LaSalle<br>Chicago, IL 60654<br>james.mutchnik@kirkland.com;<br>kate.wheaton@kirkland.com; | ___By hand delivery<br>___By first-class mail*<br>_X_By email<br>___By overnight mail<br>___By facsimile<br>   Fax #_____ | |
| 2 | | | |
| 3 | | | |
| 4 | **KIRKLAND & ELLIS LLP**<br>Eliot Adelson<br>555 California Street<br>San Francisco, CA 94104<br>Email: eliot.adelson@kirkland.com<br><br>***Attorneys for Defendants Hitachi, Ltd., Hitachi Asia, Ltd., Hitachi Displays, Ltd., Hitachi Electronic Devices (USA), Inc.*** | ___By hand delivery<br>___By first-class mail*<br>_X_By email<br>___By overnight mail<br>___By facsimile<br>   Fax #_____ | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | **BAKER BOTTS, LLP**<br>JOHN M. TALADAY<br>ERIK KOONS<br>TIFFANY GELOTT<br>The Warner<br>1299 Pennsylvania Ave., NW<br>Washington DC 20004-2400<br>E-mail: john.taladay@bakerbotts.com<br>E-mail: erik.koons@bakerbotts.com<br>Email: tiffany.gelott@bakerbotts.com | ___By hand delivery<br>___By first-class mail*<br>_X_By email<br>___By overnight mail<br>___By facsimile<br>   Fax #_____ | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | **CASE & DUSTERHOFF, LLP**<br>JAMES D. CASE<br>The 9800 Professional Building<br>9800 SW Beaverton-Hillsdale Hwy., Suite 200<br>Beaverton, OR 97007<br>E-mail: jcase@case-dusterhoff.com<br>Telephone: (503) 641-7222<br>Facsimile: (503) 643-6522<br><br>***Attorneys for Philips Electronics North America Corp. (PENAC)*** | ___By hand delivery<br>___By first-class mail*<br>_X_By email<br>___By overnight mail<br>___By facsimile<br>   Fax #_____ | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | **TONKON TORP, LLP**<br>SCOTT G. SEIDMAN<br>ANNA SORTUN<br>1600 Pioneer Tower<br>888 SW Fifth Avenue<br>Portland OR 97204<br>Email: scott.seidman@tonkon.com<br>Email: anna.sortun@tonkon.com | ___By hand delivery<br>___By first-class mail*<br>_X_By email<br>___By overnight mail<br>___By facsimile<br>   Fax #_____ | |
| 21 | | | |
| 22 | | | |
| 23 | | | |

PAGE 2 – CERTIFICATE OF SERVICE

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5 | **WHITE & CASE LLP**<br>DANA E. FOSTER<br>LUCIUS B. LAU<br>701 Thirteenth Street, NW<br>Washington DC 20005<br>Email:  defoster@whitecase.com<br>Email: alau@whitecase.com<br><br>*Attorneys for Defendants Toshiba Corporation*<br>*and Toshiba America Electronic Components, Inc.* | ___By hand delivery<br>___By first-class mail*<br>_X_ By email<br>___By overnight mail<br>___By facsimile<br>    Fax #_____ | |
| 6<br>7<br>8 | **LARKINS VACURA LLP**<br>CHRISTOPHER J. KAYSER<br>CODY HOESLY<br>621 SW Morrison Street, Ste. 1450<br>Portland OR 97205<br>Email: cjkayser@larkinsvacura.com<br>Email: choesly@larkinsvacura.com | ___By hand delivery<br>___By first-class mail*<br>_X_ By email<br>___By overnight mail<br>___By facsimile<br>    Fax #_____ | |
| 9<br>10<br>11<br>12<br>13 | **MUNGER TOLLES & OLSON, LLP**<br>MIRIAM KIM<br>LAURA SULLIVAN<br>CATHLEEN HARTGE<br>KYLE W. MACH<br>560 Mission Street<br>San Francisco, CA 94105<br>Email: Miriam.Kim@mto.com<br>Email: Laura.Sullivan@mto.com<br>Email:  kyle.mach@mto.com<br>Email: Cathleen.Hartge@mto.com | ___By hand delivery<br>___By first-class mail*<br>_X_ By email<br>___By overnight mail<br>___By facsimile<br>    Fax #_____ | |
| 14<br>15<br>16<br>17<br>18 | **MUNGER TOLLES & OLSON, LLP**<br>JONATHAN E. ALTMAN<br>BILL TEMKO<br>355 S. Grand Ave., 35th Floor<br>Los Angeles, CA 90071<br>E-mail: jonathan.altman@mto.com<br>E-mail: William.Temko@mto.com<br>Telephone: 213)-683-9100<br><br>*Attorneys for Defendants LG Electronics, Inc.*<br>*and LG Electronics, U.S.A.* | ___By hand delivery<br>___By first-class mail*<br>_X_ By email<br>___By overnight mail<br>___By facsimile<br>    Fax #_____ | |
| 19<br>20<br>21<br>22<br>23 | **LANE POWELL PC**<br>MILO PETRANOVICH<br>PETER D. HAWKES<br>601 SW Second Ave., Suite 2100<br>Portland, OR 97204-3158<br>E-mail: petranovichm@lanepowell.com<br>E-mail: hawkesp@lanepowell.com<br>E-mail: Pettingerk@lanepowell.com; docketing-pdx@lanepowell.com<br>Telephone: (503) 778-2100<br>Facsimile: (503) 778-2200 | ___By hand delivery<br>___By first-class mail*<br>_X_ By email<br>___By overnight mail<br>___By facsimile<br>    Fax #_____ | |

PAGE 3 – CERTIFICATE OF SERVICE

| | |
|---|---|
| 1    **SHEPPARD, MULLIN, RICHTER**<br>     **& HAMPTON LLP** | ___By hand delivery<br>___By first-class mail* |
| 2    MICHAEL W. SCARBOROUGH<br>   DYLAN BALLARD | _X_ By email<br>___By overnight mail |
|    JAMES McGINNIS | ___By facsimile |
| 3    LEO CASERIA<br>   Four Embarcadero Center, 17th Floor |     Fax #_____ |
| 4    San Francisco, California 94111-4109<br>   Email: mscarborough@sheppardmullin.com | |

1  **SHEPPARD, MULLIN, RICHTER**
       **& HAMPTON LLP**
2  MICHAEL W. SCARBOROUGH
   DYLAN BALLARD
   JAMES McGINNIS
3  LEO CASERIA
   Four Embarcadero Center, 17th Floor
4  San Francisco, California 94111-4109
   Email: mscarborough@sheppardmullin.com
   Email: dballard@sheppardmullin.com
5  Email: jmcGinnis@sheppardmullin.com
   Email: Lcaseria@sheppardmullin.com
6  Telephone: 415-434-9100
   Facsimile: 415-434-3947

7  *Attorneys for Defendants Samsung SDI Co.,*
   *Ltd.; Samsung SDI America, Inc.; Samsung*
8  *SDI Mexico S.A. de C.V.; Samsung SDI Brasil*
   *Ltda.; Shenzhen Samsung SDI Co., Ltd.;*
9  *Tianjin Samsung SDI Co., Ltd.; and Samsung*
   *SDI (Malaysia) Sdn. Bhd.*

10

11  *With first-class postage prepaid and deposited in Portland, Oregon.

12
                                s/Michael G. Neff_____
13                              Michael E. Haglund, OSB No. 772030
                                Michael K. Kelley, OSB 853782
14                              Michael G. Neff, OSB 925360
                                Attorneys for Plaintiff
15

16

17

18

19

20

21

22

23

PAGE 4 – CERTIFICATE OF SERVICE