R. Alexander Saveri (173102)
    *rick@saveri.com*
Geoffrey C. Rushing (126910)
    *grushing@saveri.com*
Matthew D. Heaphy (227224)
    *mheaphy@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **NOTICE OF ENTRY OF ORDER BY SPECIAL MASTER** |
| *ALL DIRECT PURCHASER ACTIONS* | |
| *ALL INDIRECT PURCHASER ACTIONS* | Judge:          Honorable Jon S. Tigar |
| | Special Master:  Honorable Vaughn R. Walker (Ret.) |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE, pursuant to paragraph 5 of the Court's Order Appointing Special Master for Discovery (Dec. 17, 2013) (ECF No. 2272), that the Honorable Vaughn R. Walker (Ret.) entered the attached Special Master's Report and Recommendation on Plaintiffs' Motion to Compel Depositions of Irico Employees Li, Xue and Si.

Dated: December 28, 2022

Respectfully submitted,

/s/ *R. Alexander Saveri*

R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Matthew D. Heaphy (227224)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

# ATTACHMENT

1 | Vaughn R Walker
2 | ADR/Law Office of Vaughn R Walker
  | Four Embarcadero Center, Suite 2200
3 | San Francisco, CA  94111
  | Tel:  (415) 871-2888
4 | vrw@judgewalker.com

5

6

7

8

9

10                          IN THE UNITED STATES DISTRICT COURT

11                          NORTHERN DISTRICT OF CALIFORNIA

12                                 OAKLAND DIVISION

13 | IN RE CATHODE RAY TUBE (CRT) ANTITRUST        Master Case No 07-cv-05944-JST
14 | LITIGATION

15                                                 MDL No 1917

16 | This Relates to:

17 | *ALL DIRECT PURCHASER ACTIONS*                 **SPECIAL MASTER'S REPORT &**
                                                    **RECOMMENDATION ON PLAINTIFFS'**
18 | *ALL INDIRECT PURCHASER ACTIONS*              **MOTION TO COMPEL DEPOSITIONS**
                                                    **OF IRICO EMPLOYEES LI, XUE AND SI**
19

20

21            On January 26, 2022, the DPPs and the IPPs (together, "Plaintiffs") submitted

22 | their Motion to Compel Depositions of Irico Employees Li Miao, Xue Shaowen and Si Yuncong.

23 | Defendants Irico Display Devices Co, Ltd and Irico Group Corporation (collectively "Irico")

24 | submitted their response dated February 4, 2022.  Plaintiffs replied on February 11, 2022.  On

25 | November 7, 2022, Plaintiffs submitted a letter updating their motion with additional

26 | information, contending that these witnesses possessed unique, relevant knowledge.  On

27 | November 22, 2022, Irico submitted a letter brief in response, disputing the Plaintiffs'

28

1 assertions.  On December 2, 2022, Plaintiffs requested permission to submit their reply and

2 requested a hearing on this motion.

3 Since the parties' briefs cover the issues well, a hearing is unnecessary.  The

4 undersigned issues this discovery report and recommendation pursuant to the court's

5 appointments.  *See* ECF 5301, 6107.

6

7 **PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF IRICO EMPLOYEES**

8 Plaintiffs sought to depose Irico employees Si Yuncong, Xue Shaowen and Li

9 Miao.  On January 26, 2022, Plaintiffs filed their motion to compel these depositions.  Irico's

10 February 4, 2022 response asserted that these three employees were top executives at Irico

11 whose depositions should not be taken due to Federal Rule of Civil Procedure 26(b)(1), the

12 "apex doctrine" and the burden of travel restrictions and mandatory quarantines in China and

13 Hong Kong due to COVID-19.[1]  Irico contends that "[n]one of the executives Plaintiffs seek to

14 depose are likely to have any significant knowledge regarding Plaintiffs' allegations" since two

15 of the three did not work for Irico at any time during the class period.

16 Irico relies on the "apex deposition" rule applied by courts in the Ninth Circuit to

17 protect the highest-level corporate executives from being taken away from their significant

18 duties to be deposed, citing *Opperman v Path, Inc,* 2015 WL 5852962 at *1 (ND Cal Oct 8, 2015)

19 (Tigar, J).  Under this rule, the court may exercise its discretion to limit discovery by precluding

20 or limiting a deposition pursuant to the federal rules of civil procedure.  *Opperman v Path* at *1,

21 Fed R Civ P 26(b)(1)-(2).  Courts have considered:  (1) whether the deponent has unique first-

22 hand, non-repetitive knowledge of facts at issue in the case and (2) whether the party seeking

23 the deposition has exhausted other less intrusive discovery methods.  *Id.*  That said, a party

24 seeking to prevent a deposition carries "a heavy burden to show why discovery should be

25 denied," and if an apex witness has "personal knowledge of facts relevant to the lawsuit – even

26 if that witness is a corporate president or CEO – she is subject to deposition."  *Id*.  The purpose

27

28

_____

[1] Irico has since dropped its argument about travel restrictions due to COVID-19.

1  of the "apex deposition" rule is "to prevent harassment of a high-level corporate official where

2  he or she has little or no knowledge." *Id* at *2.

3          Irico relies on Judge Illston's decision prohibiting the deposition of the then

4  current CEO and Chairman of Sharp in the *TFT-LCD Litigation*, as supporting its position that

5  plaintiffs have provided no evidence that these witnesses participated in or were otherwise

6  aware of the conspiracy.  2/4/22 Irico Response at 7 (citing *TFT-LCD*, 2011 WL 10967617, at *2).

7          Plaintiffs respond that Irico's reliance on Judge Illston's order is misplaced

8  because it "actually supports Plaintiffs' position" that Messrs Li, Xue and Si are likely to have

9  unique personal knowledge relevant to the case, and that Judge Illston's order affirmed the

10  special master's findings and contained little discussion of the evidence before the court.

11  12/2/22 Plaintiffs' Letter at 1.  Plaintiffs cite to the Special Master's Order re Motion of Indirect

12  Purchaser Plaintiffs to Compel Sharp Apex Depositions, in *In re TFT-LCD (Flat Panel) Antitrust*

13  *Litig*, Case No M 07-1827 SI (ND Cal June 20, 2011), ECF No 2932, at 4-7, noting that the special

14  master relied on the Sharp president's declaration disavowing any knowledge of the conspiracy,

15  the fact that ten depositions of individuals involved in the conspiracy had already been taken

16  and the fact that plaintiffs waited until almost the close of discovery to seek the deposition.

17  12/2/22 Plaintiffs' Letter at 2.  Plaintiffs argue that their showing of likely knowledge is stronger

18  because:  Irico has provided no evidence supporting their assertions that these witnesses lack

19  knowledge, only two lower-level Irico employees have been deposed and plaintiffs sought

20  these depositions over a year ago, well in advance of the close of discovery.  *Id.*  Plaintiffs point

21  to their evidence that these Irico employees likely have knowledge of the conspiracy, including

22  "the implementation of conspiratorial production cuts to decrease supply, the purported price

23  floors ordered by the Chinese government (a principal part of Irico's defense), as well as general

24  knowledge of the CRT industry in China and Irico's CRT business during the class period."

25  2/11/22 Plaintiffs' Reply at 5.

26          An analysis of the facts pertinent to each of the three Irico employees follows.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1. **Li Miao**

Li Miao currently serves as Chairman and General Manager of Irico Display and worked at Irico during the class period in "production and engineering-related roles."  2/4/2022 Irico Response at 8.  Irico argued that "Plaintiffs have provided no evidence to suggest that his prior employment . . . resulted in personal knowledge of any alleged agreements on pricing or production stoppages, let alone knowledge that is unique and non-repetitive as required to justify a deposition under the apex doctrine," especially "where Irico is making available two other employees who are much more likely to have knowledge relevant to Plaintiffs' allegations." *Id.*

Plaintiffs assert that Mr Li was "a senior executive at [Irico] Group during the class period, worked with other senior executives (now unavailable) who attended conspiratorial meetings, and was in charge of Irico's principal manufacturing plant for several years during the class period."  12/2/22 Plaintiffs' Letter at 2.  More specifically, Plaintiffs provide supporting evidence in the form of annual reports, including excerpts from Irico Group Electronic's 2006 annual report in English stating that Mr Li was "Vice President of the Company with effect from 5 August 2005" and "factory director of No. 1 CPT factory . . . as well as general manager of IRICO Display Technology Co., Ltd," having "joined the Company in July 1985." 1/26/22 Saveri Declaration ISO Motion to Compel Irico Depositions, ¶18 and Exhibit 15 at 28. Plaintiffs also provide an excerpt of Irico Display's 2007 annual report in Chinese, translated by their attorney who reads and understands Chinese, indicating that:  (1) "during the class period Mr. Li held managerial positions at multiple Irico subsidiaries that supplied key CRT components and was general manager at two different Irico CRT factories, one of which was specifically export-oriented," and (2) Mr Li was "Factory Director for Irico's CPT Plant No. 1 from May 2001 to July 2005; and he also served as VP at IGE [Irico Group Electronics] from August 2005 to December 2007."  1/26/22 Saveri Declaration, ¶19 and Exhibit 16.  Plaintiffs allege that Irico and other defendants agreed to and did limit production of CRTs as part of the conspiracy. 12/2/22 Plaintiffs' Letter at 2.  Plaintiffs further state that "Irico contends that pricing restraints

based on manufacturing costs imposed by the Chinese government would have prevented the prices of CRTs from falling absent the alleged conspiracy." *Id.* As head of Irico's principal manufacturing plant during the class period, Plaintiffs contend that Mr Li would likely have first-hand knowledge whether and how production restraints were implemented as well as CRT manufacturing costs and any pricing restraints based on those costs. *Id* at 2.

Plaintiffs also point out that Irico "does not deny that it has made no attempt to determine what relevant knowledge Mr. Li possesses," and thus conceding its claim that he has no relevant knowledge "lacks a good faith basis in fact." *Id.* Apparently Irico has not denied "that Mr. Li is the only senior executive from the conspiracy period who remains at Irico, and would be the only witness from Display to sit for deposition." *Id* at 3. Plaintiffs provide deposition testimony from Yan Yunlong, general counsel of Irico Group, on September 28, 2022, that in his phone calls with Mr Li, Yan did not ask what Mr Li knew about Irico employees' meetings with competitors or production shutdowns amongst Irico and its competitors. 11/7/22 Plaintiffs' Update Letter at 4-5.

In light of Mr Li's roles described above, including as general manager and factory director of Irico's principal manufacturing plant for CRTs, including products for export, for several years during the class period, it would be reasonable to expect that he has first-hand, non-repetitive knowledge of how and when Irico's CRT production levels were set and changed as well CRT manufacturing costs and pricing restraints during the class period. This information is relevant to Plaintiffs' allegations of a conspiracy to control prices via production levels and pricing of CRTs during the class period. It appears undisputed that Mr Li is the only senior executive from the class period who remains at Irico and would be the only witness from Irico Display with relevant knowledge of its manufacturing during the class period to be deposed. *See* 12/2/22 Plaintiffs' Letter at 3. Hence, Mr Li appears to have unique, first-hand, non-repetitive knowledge of facts relevant to the claims and defenses in this action, which information cannot be obtained from another source that is more convenient or less burdensome. It appears undisputed that the two Irico witnesses who have been deposed,

Messrs Wang Zhaojie[2] and Yan Yunlong,[3] provided very little information on the topics noted of which Mr Li would possess personal knowledge.  *See* Plaintiffs' 11/7/22 Letter at 3 and Plaintiffs' 12/2/22 Letter at 3.  Plaintiffs have also sought other, less intrusive forms of discovery but those avenues have not been productive.  *Id.*  Under these circumstances, the record does not support blocking the deposition of Mr Li under the "apex deposition" rule.  This does not appear to be a situation in which the deposition would constitute harassment of a high-level corporate official with little or no knowledge of relevant facts.  Accordingly, Plaintiffs' motion to compel the deposition of Li Miao is GRANTED.  The undersigned orders Irico to make Li Miao available for deposition no later than January 31, 2023 or at a later date acceptable to Plaintiffs.

## 2. Xue Shaowen

Xue Shaowen currently serves as Chairman, Executive Director and legal representative of a subsidiary of Irico Display (Xianyang Irico Optoelectronics Technology Co, Ltd) and Deputy General Manager of Irico Display.  2/4/22 Irico Response at 2.  Mr Xue held "production-related roles at Huafei during the class period."  2/4/22 Irico Response at 8.  Huafei was another CRT manufacturer during the class period that held meetings with Irico.  12/2/22 Plaintiffs' Letter at 3.  Irico contends that "Plaintiffs have failed to show that Mr. Xue has unique knowledge of topics that could not be covered by Messrs Wang[4] or Su[5] in their upcoming depositions."  2/4/22 Irico Response at 8.  Irico further argues that "Plaintiffs' sudden interest in Huafei, after taking over one hundred depositions in this matter, is indicative only of a desire to harass Irico's current executives."  *Id.*

---

[2] Mr Wang Zhaojie attended, as an Irico employee, at least five meetings of the China CPT Industry Association from 1998-2000.  1/26/22 Saveri Decl, Ex 3 at 8 (Irico's Supplemental Response to Interrogatory No 3).

[3] Mr Yan Yunlong is Irico's current general counsel who assisted in preparation of Irico's discovery responses and worked at Irico's No 1 CRT general plant during the class period.  ECF 6115 at 9; 1/26/22 Saveri Decl, Ex 3 at 7; 11/7/22 Heaphy Decl at Ex 6.

[4] Mr Wang Zhaojie.

[5] Mr Su Xiaohua, now a former Irico employee, was Irico Group's general manager of purchasing and sales for at least eight years during the class period.  ECF 6115 at 10.

According to Plaintiffs, Messrs Xue and Si were senior executives of another conspirator, Huafei, not named as a defendant in this action, which sent employees to attend meetings with Irico representatives.  12/2/22 Plaintiffs' Letter at 3.

It appears undisputed that Xue Shaowen was a manager of Huafei's CRT manufacturing plant during the class period.  *See* 2/11/22 Plaintiffs' Letter at 5.  As such, Mr Xue is likely to possess unique, first-hand, non-repetitive knowledge of the Chinese CRT industry during the class period, including information regarding implementation of production cuts and government-imposed price floors based on production costs and other factors.  This information is relevant to the claims and defenses in this action and does not appear to have been obtained from the other two Irico witnesses that Irico has provided for deposition. Whether Mr Xue or any other Huafei employee had been deposed in the earlier stages of this MDL litigation is of no consequence to this motion to compel because each motion presents a unique set of facts and law.

Accordingly, the undersigned GRANTS Plaintiffs' motion to compel the deposition of Xue Shaowen and orders Irico to make him available for deposition no later than January 31, 2023 or at a later date acceptable to Plaintiffs.

**3.  Si Yuncong**

Si Yuncong is the current Chairman, Party secretary and legal representative of Irico Group, who joined Irico in May 2013.  He held prior managerial positions at Huadong Electronics, a 20% minority investor in Huafei, which Plaintiffs allege sent representatives to attend competitor meetings with Irico employees.  Irico contends that Plaintiffs never sought to depose Mr Si earlier despite deposing eleven Philips witnesses, which "confirms his lack of relevance to the claimed issues for which Plaintiffs claim to seek his deposition."  2/4/22 Irico Response at 7.   As noted above, this last argument carries no weight.

1   Due to Mr Si's high-level, current role at Irico Group and the presumed

2   availability of other witnesses, namely Messrs Xue and Li, to address the topics of CRT

3   production cuts, governmental price floors, general knowledge of the CRT industry in China and

4   Irico's CRT business during the class period, the undersigned would exercise discretion at this

5   time and DENY Plaintiffs' motion to compel Mr Si's deposition on condition that: (1) Irico

6   commits in writing no later than January 13, 2023 to present Messrs Xue and Li for depositions

7   no later than January 31, 2023 or a later date acceptable to Plaintiffs; (2) Irico submits to the

8   undersigned sworn declarations by Messrs Xue and Li dated no later than January 13, 2023,

9   stating their commitment and ability to appear for their depositions no later than January 31,

10  2023 and providing their dates of availability; and (3) Irico in fact presents Messrs Xue and Li for

11  their depositions to be held no later than January 31, 2023 or later dates acceptable to

12  Plaintiffs.  If any one of these conditions is not met, the undersigned would exercise discretion

13  to GRANT Plaintiffs' motion to compel Mr Si's deposition, effective on the first date that any of

14  the above conditions is not met and would order Irico to make him available for deposition

15  forthwith and no later than 10 business days thereafter or a later date acceptable to Plaintiffs.

16

17  **WHETHER IRICO DISPLAY IS REPRESENTED BY COUNSEL IN THIS CASE**

18

19  Plaintiffs note the deposition testimony of Irico witness Yan Yanlong, who

20  testified that Irico Group no longer controls Irico Display and that since Mr Long Tao, the

21  employee at Irico Display who was responsible for coordinating Display's compliance with

22  discovery in this case, departed the company in June 2021, Mr Yan had had only intermittent

23  contact with Irico Display.  12/02/2022 Plaintiffs' Letter at 3.  Plaintiffs contend that Mr Yan's

24  testimony raises "serious issues regarding the authority of Group, and by extension Baker Botts,

25  to represent Display, as well as Display's fulfillment of its discovery and other obligations in this

26  case." *Id.*  Plaintiffs note that Irico Display's disengagement from this case is another reason to

27  compel Mr Li's deposition.

28

No later than January 13, 2023, Irico's counsel is requested to submit a letter to the undersigned confirming or denying its representation of the Irico defendants.

Date:   December 23, 2022

_____
Vaughn R Walker
United States District Judge (Ret)

The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

Date: _____

_____
Honorable Jon S Tigar
United States District Judge