Robert J. Bonsignore (Admitted *pro hac vice* Massachusetts BBO # 547880)
Melanie Porter (CA Bar No. 253500)
BONSIGNORE TRIAL LAWYERS, LLC
23 Forest Street
Medford, MA  02155
Cell Phone: (781) 856-7650
Facsimile: (702) 852-5726
rbonsignore@classactions.us
melanie@classactions.us

Joseph M. Alioto (SBN 42680)
Tatiana V. Wallace
ALIOTO LAW FIRM
One Sansone Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Email: jmalioto@aliotolaw.com

*Counsel for Massachusetts Only Indirect Purchaser Plaintiffs Gianasca and Caldwell*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:08-cv-1559<br>Related MDL No. 1917 |
| This Document Relates to<br><br>All Indirect Purchaser Actions | **RESPONSE TO MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AND U.S.C. § 1927**<br><br>Hearing Date: March 2, 2023<br>Time: 2:00 pm<br>Courtroom: Via videoconference<br>Judge: Hon. Jon S. Tigar |

# **CONTENTS**

I. PRELIMINARY STATEMENT..……………………………………………...………3

II. PROCEDURAL HISTORY ………………………………………………………………5

III. LEGAL STANDARD ………………………………………………………………...5

    A. Rule 11 Sanctions ……………………………………………………………………5

    B. Sanctions Pursuant to 28 U.S.C. § 1927 …………………………………………….6

IV. ARGUMENT……………………………………………………………..……………7

    A. Rule 11 Sanctions Are Unwarranted ………………………………….................7

    B. Massachusetts Counsel Should Not be Sanctioned Because No Final Orders Were Defied ……………………………………………………………………………..9

    C. Massachusetts Counsel Should Not Be Sanctioned Because the IPPs' Claims Are Timely ……………………………………………………………………………...10

    D. Sanctions Pursuant to 28 U.S.C. § 1927 Are Unwarranted …………………………..13

V. CONCLUSION ……………………………………………………………….........15

1

RESPONSE TO MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AND 28 U.S.C. § 1927
Case No. 4:07-cv-5944, MDL No, 1917

# TABLE OF AUTHORITIES

**CASES**

*Barber v. Miller,* 146 F.3d 707 (9th Cir. 1998)………………………………........................5, 7

*B.K.B. v. Maui Police Dept.,* 276 F.3d 431 (9th Cir. 2002 ……………………………………..7

*Bowles v. Reade,* 198 F.3d 752 (9th Cir. 1999)………………………………………………….12

*Delacruz v. State Bar of Cal.*, 2020 WL 227237, at *39-40 (N.D. Cal. Jan. 15, 2020) ………...14

*EON Corp. IP Holdings LLC v. Cisco Sys.*, 2014 U.S. Dist. LEXIS 101923, 2014 WL 3726170 (N.D. Cal. Jul. 25, 2014) ……………………………………………………………….….14

*Eubank v. Pella Corp.*, 753 F.3d 718, 721 (7th Cir. 2014)…..……………………………….16

*F.T.C. v. Alaska Land Leasing, Inc.* 799 F.2d 507 (9th Cir. 1986)…………………….............7

*Holgate v. Baldwin,* 425 F.3d 671 (9th Cir. 2005) ……………………………………………..7

*Hyde v. Midland Credit Mgmt., Inc.,* 567 F.3d 1137 (9th Cir. 2009)…………………………..7

*In Re Keegan Mgmt. Co., Sec Lit.,* 78 F.3d 431 (9st Cir. 1981)……………………………...7

*New Alaska Development Corp. v. Guetschow* 869 F.3d 1298 (9th Cir. 1989) …………………13

*Primus Auto Fin. Servs., Inc. v. Batarse,* 115 F.3d 644 (9st Cir. 1997)…………………………13

*Radcliffe v. Rainbow Constr. Co.* 254 F.3d 772 (9th Cir. 2016) ………………………………..5-6

*Redman v. RadioShack Corp.*, 768 F.3d 622 (7th Cir. 2014) …………………………………...16

*Tracht Gut, LLC v. L.A. County Treasurer & Tax Collector,* 836 F.3d 1146 (9th Cir. 2016)…...12

*United States v. Austin*, 749 F.2d 1407, 1408 (9th Cir. 1984) ……………………………..13

**STATUTES**

28 U.S.C. § 1927 …………………………………………………………………………….7

**FEDERAL RULES OF CIVIL PROCEDURE**

F.R.C.P.  R. 11…………………………………………………………………………….5, 7

2

RESPONSE TO MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AND 28 U.S.C. § 1927
Case No. 4:07-cv-5944, MDL No. 1917

I.    **PRELIMINARY STATEMENT**

In its Motion for Sanctions, Putative Intervenors-Proposed Defendants Panasonic Corporation (f/k/a/ Matsushita Electrical Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd. ("Panasonic"), LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Taiwan Taipei Co., Ltd. ("LGE"), Koninklijke Philips, N.V., Philips North America LLC, Philips Taiwan Limited and Philips do Brasil, Ltda (Philips) (collectively referred to as "Proposed Defendants") seek to have the Court order sanctions against attorneys Robert J. Bonsignore and Joseph M. Alioto (collectively referred to as "Massachusetts Counsel") in connection with Massachusetts Indirect Purchaser (IPP) Plaintiffs and Putative Class Representatives Anthony Gianasca and Barbara Caldwell's (together "Giansaca" or "Plaintiffs") Motion to Amend or Otherwise Pursue Pending Claims ("Motion to Amend") filed on September 16, 2022, ECF No. 6072, and the proposed IPP Plaintiffs' Fifth Amended Complaint, ECF No. 6072-5 ("Proposed Complaint").

The basis upon which Defendants' request should be denied is found in the undeniable fact that should this Court wish to exercise its discretion and allow the Massachusetts end use purchasers of CRT to proceed with their claims it could do so. The Massachusetts Plaintiffs advance the position that this Court should so exercise its discretion and that making such a choice is beyond question.

The parties have lived through the litigation and are familiar with the relevant history of this case—procedural and otherwise. Massachusetts putative class members seek to be treated the same as other similarly situated victims of the Defendants' decades long price fixing scheme. In doing so they twist this effort and engage in unfounded personal attacks while moving for sanctions pursuant to Federal Rule of Procedure Rule 11 and 28 U.S.C. § 1927 on the ground that Plaintiffs allegedly filed their Motion to Amend and Proposed Complaint in bad faith without any reasonable basis and in defiance of orders barring their requested relief.

Nothing could be farther from reality and the truth. The Massachusetts IPP Plaintiffs have been deprived of the same recovery as other early filed Repealer State victims of the Defendants price fix and oppose Proposed Defendants' Motion for Sanctions on the basis that Massachusetts Counsel's actions were reasonable in that there are sufficient grounds to support the Motion to Amend and Proposed Complaint. The circumstances and procedural route resulting in that denial of benefits was unique and unprecedented. The Plaintiffs and many observers believe what happened to the MDL 1917 Massachusetts absent class members to be unfair and unjust. More to the point, Plaintiffs' Counsel and his consultants performed sufficient legal and factual research of the claims, and counsels' interpretation of the facts, rulings of this Court and the law. This last attempt to have the MDL Court exercise its discretion to allow them the opportunity to litigate their claims is not frivolous. They certainly were not interposed for purposes of delay, in fact, delay is against their interests. Massachusetts Counsel never acted recklessly or in bad faith in zealously representing putative class members from his home state of Massachusetts[1].

Despite the well-established value of objectors and the value to the court in its role as a fiduciary to a settlement, the vehemence with which IPP Class Counsel has consistently attempted to stifle dissent and attacked good faith legal advocacy threatens to chill those due-process ensuring voices. This Motion is a prime example of those tactics and should be soundly rejected. Defendant's filing of the Motion—unlike the good faith submission of objections and briefing aimed at assisting the Court in its performance of its heavy duty to the class—smacks of bad faith and has vexatiously multiplied these

---

[1] Some have taken pleasure in pointing out that waiving entitlement to a significant fee upon the award of MDL 1917 Counsel Fees to obliterate an argument that the objection was pursued only because Plaintiffs' counsel was dissatisfied with his fee allocation was reckless. Plaintiffs' counsel does not agree that the act of waiving his fee was reckless.

proceedings by requiring the present Response and the Court's consideration of an indisputably procedurally defective and disproportionate motion.

## II. PROCEDURAL HISTORY

It is not in dispute that Gianasca and Caldwell both served as Putative Class Representatives for Massachusetts prior to being dropped from the litigation. Their claims are distinguished from the Repealer states that were the subject of this Court's prior orders on Co-Lead Counsel's motion to intervene.

On November 8, 2018, the Court issued an Order that recognized that Lead Counsel Mario Alioto had a conflict of interest after excluding the Massachusetts Plaintiffs and settling the claims without them. *See* ECF No. 5362 at 1-2. On July 3, 2019, the Court recognized the ORS Plaintiffs (which include the Massachusetts Plaintiffs) and appointed three co-lead counsel for the ORS Plaintiffs. *See* ECF No. 5518. The ORS Plaintiffs promptly moved to intervene and amend the complaint (ECF No. 5567), and the Court denied their motion on October 17, 2019. After the ORS Plaintiffs' motion for reconsideration was denied, they filed a Notice of Appeal with the Ninth Circuit Court of Appeals. *See* ECF No. 5573. Ultimately, the Ninth Circuit affirmed the District Court Order, and a Writ of Certiorari was filed in the Supreme Court of the United States. The Supreme Court denied the Writ of Certiorari on June 13, 2021. Plaintiffs then filed their Motion to Amend Complaint. *See* ECF No. 6072.

On December 22, 2022, the Proposed Defendants filed their instant Motion for Sanctions Pursuant to Federal Rule of Procedure Rule 11 and 28 U.S.C. Section 1927. *See* ECF No. 6126.

## III. LEGAL STANDARD

A. **Rule 11 Sanctions**

An attorney is subject to Rule 11 sanctions when, *inter alia*, he presents to the court "claims, defenses, and other legal contentions … [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b)(2). When sanctions are sought by opposing counsel, opposing counsel must comply with Rule 11's "safe-harbor" provision. *See Barber v. Miller*, 146 F.3d 707, 710-11 (9th Cir. 1998); *Radcliffe*

*v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) ("[T]he procedural requirements of Rule 11[(c)(2)]'s 'safe harbor' are mandatory.") Rule 11's safe harbor provision provides that a party may not file a motion for sanctions under Rule 11 unless the party against whom sanctions are sought is served with the motion and given 21 days to either withdraw or correct the paper that is the subject of the motion. Fed. R. Civ. Pro. 11 (c) (2). The safe harbor provision is strictly enforced within the Ninth Circuit. *Holgate v. Baldwin*, 425 F.3d 671, 678 (2005).

### B. Sanctions Pursuant to 28 U.S.C. §1927

Section 1927 allows the court to award fees against "any attorney … who so multiples the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. This section is not specific to any statute but applies to any civil suit in federal court. *Hyde v. Midland Credit Mgmt.., Inc.*, 567 F.3d 1137, 1141 (9th Cir. 2009). Further, the stature "explicitly provides for remedies against offending attorneys." *Id.; F.T.C. v. Alaska Land Leasing, Inc.*, 799 F.2d 507, 510 (9th Cir. 1986) (noting that § 1927 does not authorize recovery from a party, but "only from an attorney or otherwise admitted representative of a party") (emphasis in original) (internal quotations and citations omitted). "The filing of a complaint may be sanctioned pursuant to Rule 11 or a court's inherent power, but it may not be sanctioned pursuant to § 1927." *In re Keegan Mgmt. Co., Sec. Lit.*, 78 F.3d 431, 436 (9th Cir. 1996).

Attorneys' fees under § 1927 are appropriate if an attorney's conduct is in bad faith; recklessness satisfies this standard. *B.K.B. v. Maui Police Dep.*, 276 F.3d 1091, 1107 (9th Cir. 2002); *Barber*, *supra*, 146 F.3d at 711 ("An award of sanctions under 28 U.S.C. § 1927 or the district court's inherent authority requires a finding of reckless or bad faith.") The Ninth Circuit has also required a finding of subjective bad faith, "which is present when an attorney knowingly or recklessly raises a *frivolous* argument, or argues a meritorious claim for the purpose of harassing an opponent." *B.K.B.*, *supra*, 276 F.3d at 1107 (emphasis in original) (quoting *In Re Keegan*, 78 F.3d at 436).

## IV.     ARGUMENT

Should this Court wish to exercise its discretion and allow the Massachusetts end use purchasers of CRT to proceed with their claims, it could do so. In a vacuum, the conclusion that it should is beyond question. Within the context of the cluttered, disturbing, and odd history of the MDL 1917 litigation, the answer may be less clear but ultimately remains the same once it is viewed in terms of serving the true purpose of the courts—to deliver and facilitate the delivery of justice and to allow claimants with valid claims to pursue their legal rights. That justice can be denied by procedural gamesmanship is something that those who work in the legal profession acknowledge. Fighting against it, however, is not sanctionable.

The parties have lived through the litigation and are familiar with the relevant history of this case—procedurally and otherwise. The Defendants have put forward their version of the efforts of the Massachusetts putative class members to be treated the same as other similarly situated victims of the Defendants decades long price fixing scheme. In doing so they twist this effort and engage in unfounded personal attacks while moving for sanctions pursuant to Federal Rule of Procedure Rule 11 and 28 United States Code Section 1927 on the ground that Plaintiffs allegedly filed its Motion to Amend and Proposed Complaint in bad faith without any reasonable basis and in defiance of orders barring their requested relief.

### A.  Rule 11 Sanctions Are Unwarranted

The Massachusetts Plaintiffs were cut out of the same recovery as the other similarly situated Reapealer State Early Filers because they were represented by a lead counsel who cut them out due to errors he made at the time. Notably, this court found MDL 1917 Lead Counsel had a conflict. The Massachusetts IPP's were excluded from multiple settlements without being given the chance to litigate their claims. *See* ECF No. 5362. Later the same Lead Counsel and the Defendants who were

given back tens of millions of dollars as a result if the removal of Massachusetts claimants (and also, in part, other late filed Repealer States and non repealer states).

Also of note is the fact that no claims have been filed by any if the states previously referred to as MDL 1917 Omitted Repealer states or the MDL 1917 non repealer states, nor should this Court expect such claims advanced by those excluded and dismissed states to work their way back onto this docket because the Defendants' arguments that the statute of limitations has run was taken very seriously and was effective.

The bottom line is that when the Massachusetts IPPs advanced that this was their last opportunity to litigate their rightful claims it was a statement of fact, not an argument.

Massachusetts Counsel's actions in pursuing the Motion to Amend and Proposed Complaint do not merit sanctions pursuant to Rule 11 because Massachusetts Counsel asserted nonfrivolous claims on behalf of Gianasca and Caldwell.

Defendants have warped the language in Gianasca's Motion to Amend and the timing of IPP's filings to fit their argument. Gianasca seeks to reactivate and amend his complaint—which remains the complaint filed in *Terry et al. v. LG Electronics, Inc., et al.*, Case No. 4:08-cv-1559-JST. *See* ECF No. 6072-2 (Class Action Complaint filed in *Terry*) by any means possible. The *Terry* action was formally consolidated into MDL No. 1917 ("MDL") along with dozens of other actions that were either filed in this District or transferred here for pretrial proceedings pursuant to 28 U.S.C. Section 1407. *See* ECF No. 6072-2. There has been no final judgment in this matter *that cannot be set aside by this court pursuant to Rule 60 (b)*. This Court can, and should, enter orders to effect justice and in its sole discretion allow this request.

### B. Massachusetts Counsel Should Not be Sanctioned Because No Final Orders Were Defied

Gianasca seeks amendment to conform a properly filed complaint filed in this District (that has laid dormant as a result of the actions of the MDL 1917 Lead Counsel, who this Court also found had a conflict with them) and formally ordered and joined into MDL 1917 by the Judicial Panel on Multidistrict Litigation to its present procedural status and the present posture of the case and state of the evidence.

This is certainly the last opportunity for absent Massachusetts consumers who stand alone in having the Repealer state claims that they have had pending in this Court since MDL 1917 Lead Counsel Alioto filed his first complaint back in 2008.

Defendants argue that Attorney Bonsignore should not able to amend the IPP Fifth Consolidated Amended Complaint because it was "someone else's complaint," and that IPPs should be sanctioned for trying to amend the 5CAC. *See* ECF No. 5628 at 3. Gianasca seeks only to amend the *Terry* complaint. To simplify matters and to bring his allegations current with the development of the litigation, Gianasca adopted nearly word for word the operative Terry complaint. While the Defendants may not accept this attempt to jump start and streamline the litigation at word "Go," this was in fact done on a logical, reasonable, and good faith basis and if Gianasca had instead opted to use the text of the original complaint in which he was named the same Defendants would have vociferously complained about that.

Notably, this Court ordered that "[m]ovants may file their claims in the appropriate forum(s) and seek transfer from the JPML or, if properly filed in the Northern District of California, 'request assignment of [their] actions to the Section 1407 transferee judge in accordance with applicable local rules.'" ECF No. 5684 at 6 (quoting J.P.M.L. R. 7.2(a)).

That Gianasca did not argue that intervention was unnecessary because he was already a plaintiff in the properly filed in this district *Terry* action is irrelevant to the instant subject of Defendant's Motion for Sanctions. *See* ECF No. 5518. He sought an alternative remedy as a result of a majority vote of the three lead counsels appointed by this court to represent the interests of the so called omitted Repealer states. *Id*. Gianasca joined in the motion to intervene for purposes of amending IPP's complaint which, as noted above, was not granted by the Court. The bottom line is that:

1. Plaintiffs did not seek to amend the *Terry* complaint at that time;
2. This is the first time Plaintiffs are seeking to amend the *Terry* complaint and thus there is no law of the case bar; and
3. Rule 60 (b) relief may be pursued as the final judgement is less than one year old and there is no unfair surprise, as the Defendants raised this issue.

To the extent it is relevant, and the Massachusetts Plaintiffs argue that it is not and was not Gianasca's decision to choose the strategy of seeking to amend the IPP's complaint. It was the decision of the majority of co-lead counsel appointed to represent all the omitted repealer states. At present, Gianasca, through his Attorney Robert Bonsignore, again stands alone and should be able to pursue all avenues available to him under the law without being sanctioned. Amending Gianasca's *Terry* complaint *nunc pro tunc* is certainly within the discretion of the court as it falls within its equitable powers and the language provided within its prior order.

### C. Massachusetts Counsel Should Not be Sanctioned Because the IPPs' Claims are Timely

Plaintiffs have exhausted other avenues of relief, some of which they had no choice but to join in on after lead counsel Alioto included them. There is no statute of limitations issue when the

Massachusetts IPPs pursue this avenue. As the Defendants argued elsewhere, should Gianasca or anyone file a new complaint now they will have unquestionably filed long after the statute of limitations expired. Accepting the Defendants arguments as true, such a filing would be subject to the identical requests for sanctions as advanced here.

Objective facts establish that Gianasca continuously litigated his claims and could not have asserted them any earlier as the strategic decisions were made by his lawyers in the context of a unique, highly unusual, and complex MDL. It certainly does not rise to the level of being sanctionable. In fact, the Defendants claim Gianasca has aggressively litigated his claims.

The proposed Amended Complaint that is the subject of Defendants' Motion for Sanctions conforms to the unique and unprecedented circumstances of this litigation. It is also just. It is neither just nor fair that Massachusetts class members were summarily dropped from the settlement and rendered ineligible for any economic recovery. Allowance of the requested amendment will give these putative class members a chance at parity with the recovering putative class members and at least place the Massachusetts putative class members back into their original position—meaning they will be eligible to prosecute their statutory economic relief claims. The fact their claims are worthy and meritorious is evidenced both by the $580,750,000 settlement (*see* ECF No. 6059), the prior $576,750,000 settlement (*see* ECF No. 4712), and the fact that funds were carved out of the original settlement once Massachusetts was excused from the settlement agreement. *See* ECF No. 5786. This motion presents their final opportunity to have their claims fairly adjudicated and to realize the proven value of their claims.

In addition, Defendants' argument that Attorney Bonsignore should be sanctioned for attempting to pursue grossly untimely claims is also incorrect. The *Terry* Complaint may be amended because it is still pending. Gianasca has made clear why he was unable to pursue the avenue

of amending the *Terry* complaint at any time previous. Gianasca further argues that now that all those routes have been exhausted, they are able to amend the *Terry* complaint, and should be allowed to.

It is also well established in the Ninth Circuit that undue delay alone cannot justify denial of leave to amend or sanctions. *Tracht Gut, LLC v. L.A. County. Treasurer & Tax Collector*, 836 F.3d 1146, 1155 n.4 (9th Cir. 2016) ("undue delay alone cannot serve as the basis for the denial of leave to amend"); *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend").

Gianasca vigorously opposes Defendants' interpretation that they acknowledged that any action within *Terry* was no longer pending when providing notice that they intended to initiate Massachusetts-law claims. In a nutshell, Plaintiffs maintain that they are properly filed in the Northern District of California, the time to pursue relief under Rule 60(b) has not expired, the law of the case supports allowing the requested relief, and no law of the case bars the requested relief. Thus, Gianasca is able to request assignment of the actions to the transferee judge in accordance with applicable local rules. *See* ECF No. 5684. Plaintiffs seek to reactivate *nunc pro tunc*. Even if this Court finds that the *Terry* Complaint is unable to be amended, the actions and briefs filed by Massachusetts counsel certainly do not rise to the level of being sanctionable.

To provide further context, Gianasca's request does not add any new or different claims. The damage and equitable claims asserted, as well as the conduct, transactions, and occurrences alleged, now limited only to Massachusetts, are identical to the allegations prosecuted and settled for an economic recovery by the other Repealer plaintiffs in the settlement agreement for 22 states. *See* ECF No. 5876. Allowance of the request is just because the absent Massachusetts class members were unjustly deprived of a recovery as a result of being represented by a lead counsel who this court

found had a conflict and being excluded from multiple settlements without being given the chance to litigate their claims. *See* ECF No. 5362. The Defendants will not be prejudiced. Rather, they are well prepared to defend the claims of the Massachusetts Plaintiffs because they have litigated essentially identical claims against the 22 states that were included in the settlements.

In light of the fact the Massachusetts absent class members were procedurally, not substantively, prevented from exercising their rights and litigating their claims, Gianasca should be allowed to move forward with his amendment of the complaint filed in *Terry* without being sanctioned by this Court.

### D.  Sanctions Pursuant to § 1927 are Unwarranted

Massachusetts Counsel's actions in pursuing the Motion to Amend and Proposed Complaint do not merit sanctions pursuant to § 1927 because Massachusetts Counsel did not act in bad faith.  Rather, Massachusetts Counsel were zealously advocating for their clients—clients whose claims had been unceremoniously dropped from the pending action.

Section 1927, the legal basis in part for Defendants' sanctions request, has no application here whatsoever.  The Ninth Circuit has cautioned that "[s]anctions should be reserved for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (citations omitted). Pursuant to 28 U.S.C. § 1927, only where an attorney "multiplies the proceedings in any case unreasonably and vexatiously" may a court require payment of costs incurred because of such conduct." "It is the law of this circuit that a sanction may not be imposed under [28 U.S.C.] section 1927 without an express finding that counsel acted willfully, intentionally, recklessly, or in bad faith." *United States v. Austin*, 749 F.2d 1407, 1408 (9th Cir. 1984).  Sanctions pursuant to § 1927 must be supported by a finding that [the sanctioned attorney acted in] subjective bad faith. *New Alaska Development Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989) (reversing sanctions award).  Subjective bad faith requires the

court to find that the attorney knowingly or recklessly advanced a frivolous position, or a meritorious position for the purpose of harassing an adversary. *Id*.

The imposition of sanctions here would also undermine the policies that encourage good faith objectors as a critical and helpful part of the due process sanctioned procedure for settlement class approvals.  It would further be in derogation of the "American rule" which posits that "attorney's fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor." *EON Corp. IP Holdings LLC v. Cisco Sys.*, 2014 U.S. Dist. LEXIS 101923, at *15-16, 2014 WL 3726170 (N.D. Cal. Jul. 25, 2014) (Tigar, J.).

First, as described above, this Court indisputably possessed the power to consider the Motion to Amend as well as any Objections, which precludes any finding of impermissible multiplication of proceedings, bad faith, or recklessness in presenting them for consideration.  It is respectfully submitted that counsel believed such consideration was particularly appropriate in light of the magnitude of the settlements at issue, the nature of the Court's role as a fiduciary to the settlement class, the size of the attorneys' fees requested, and the procedural history behind those settlements which raised important issues as to their ability to be approved. *Delacruz v. State Bar of Cal.*, 2020 WL 227237, at *39-40 (N.D. Cal. Jan. 15, 2020) (party seeking sanctions who relied upon misinterpretation of case law in motions to dismiss as basis for award "failed to show how Defendants have 'multiplie[d] the proceedings . . . unreasonably and vexatiously'").

Second, this Court rejected IPP Class Counsel's previous attempt in a motion to strike to secure sanctions against Mr. Bonsignore for requesting the exercise of its discretion to consider materials in the first final approval proceedings as to the original settlements, stating

> "…it is within the Court's discretion to consider new evidence. By extension, therefore, it was permissible for Mr. Bonsignore to ask the Court to exercise that discretion. That the Court effectively has now denied his request does not mean his conduct was sanctionable."

*See* Dkt. 4482 at 4.  That reasoning applies equally here.

Finally, Defendants have not demonstrated, in any manner, how the challenged Motion has "vexatiously multiplied" proceedings. The final approval proceedings explicitly envisioned the filing of objections to the amended settlements and that IPP Lead Counsel, as the proponent of those settlements, would be tasked with responding to the challenges presented by previously absent class members. *See Eubank v. Pella Corp.*, 753 F.3d 718, 721 (7th Cir. 2014); *Redman v. RadioShack Corp.*, 768 F.3d 622, 629 (7th Cir. 2014).

It would also appear that Defendants, in pursuing this deficient Motion, have engaged in behavior violative of Section 1927. The overwhelming number of conclusory—and in some instances demonstrably false—claims about supposed matters of fact evidence an impermissible lack of reasonable factual investigation before filing their Motion, and suggest a more nefarious motive for its filing.

## V. CONCLUSION

Massachusetts Counsel's actions in pursuing the Motion to Amend and Proposed Complaint were not reckless nor made in bad faith nor for the purpose of harassing Proposed Defendants or their counsel. Contrary to Proposed Defendants' assertions, Massachusetts Counsel had reasonable basis to pursue the claims set forth in the Proposed Complaint as discussed in detail in its Motion to Amend. For the forgoing reasons, Plaintiffs respectfully request that the Court deny the Proposed Defendants' Motion for Sanctions under Rule 11 and 28 U.S.C. § 1927.[2]

Dated: January 12th, 2023                    Respectfully submitted,

                                             /s/ *Robert J. Bonsignore*
                                             Robert J. Bonsignore (Admitted *pro hac vice*

---

[2] Parties have been discussing a resolution to this matter. It was the belief of the Massachusetts IPPs that this matter would be resolved by now, and as a result, work on this brief stopped. Given more time, this brief would be more precise and comprehensive. The Massachusetts IPPS have chosen not to necessitate further delay and place this brief on file.

Massachusetts BBO # 547880)
Melanie Porter (CA Bar No. 253500)
BONSIGNORE TRIAL LAWYERS, PLLC
23 Forest Street
Medford, Massachusetts 02155
Tel: (781) 350-0000
Cell (781) 856-7650
Fax: (702) 983-8673
rbonsignore@classactions.us
Melanie@classactions.us


Joseph M. Alioto
Tatiana Wallace
ALIOTO LAW FIRM
One Sansone Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Email: jmalioto@aliotolaw.com
***Counsel for the Massachusetts Only Indirect Purchaser Plaintiffs Gianasca and Caldwell***

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing RESPONSE TO MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AND U.S.C. § 1927 was filed *via* CM/ECF on January 12th, 2023 and as a result has been served on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Robert J. Bonsignore