Nathan P. Eimer (*pro hac vice*)
neimer@eimerstahl.com
Vanessa G. Jacobsen (*pro hac vice*)
vjacobsen@eimerstahl.com
Brian Y. Chang (CA Bar No. 287757)
bchang@eimerstahl.com
EIMER STAHL LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
Phone: (312) 660-7600
Fax: (312) 692-1718

*Attorneys for LG Electronics, Inc.,
LG Electronics USA, Inc., and
LG Electronics Taiwan Taipei Co., Ltd.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.: 4:08-cv-01559 |
| | Master File No. 4:07-cv-05944-JST |
| This document relates to: | MDL No. 1917 |
| ANTHONY GIANASCA AND BARBARA CALDWELL *on behalf of themselves and all others similarly situated,* | **LGE'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AND 28 U.S.C. § 1927 (ECF No. 6126)** |
| Plaintiffs, | |
| v. | Hearing Date: March 2, 2023 |
| | Time: 2:00 pm |
| LG ELECTRONICS, INC., et al., | Judge: Hon. Jon S. Tigar |
| | Courtroom: Via videoconference |
| Defendants. | |

**Introduction**

LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Taiwan Taipei Co., Ltd. (collectively "LGE")'s motion for sanctions arises because attorneys Robert J. Bonsignore and Joseph M. Alioto (collectively, "Massachusetts Counsel") negligently named LGE as a putative defendant in their proposed amended complaint, *acknowledged* that this was a mistake, yet did nothing to fix their mistake despite assurances that they would.

The mistake would have been easy to fix. Massachusetts Counsel had promised LGE that it would file a new proposed amended complaint omitting LGE as a proposed defendant. But Massachusetts Counsel failed to follow through on that promise. As a result, LGE was needlessly forced to respond to a frivolous motion to file an amended complaint. In their opposition brief to the sanctions motion, Massachusetts Counsel offer no excuse or justification for their conduct, nor do they dispute that naming LGE in their proposed amended complaint was a mistake that they failed to fix. Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927 are appropriate.

**Argument**

On September 16, 2022, Massachusetts Counsel moved to file an amended complaint naming LGE among the putative defendants on behalf of named plaintiffs Anthony Gianasca and Barbara Caldwell and putative classes of purchasers of CRT Products in Massachusetts. But LGE had long ago been released from all claims asserted in the proposed amended complaint because of a May 2013 settlement, to which this Court granted final approval in April 2014. ECF Nos. 1933-1; 2542. In that agreement, Massachusetts IPPs released their claims against LGE and covenanted not to sue LGE for such claims. ECF No. 1933-1, at 14–15. No class member, including the named plaintiffs in the proposed amended complaint, objected to or appealed the settlement. The LGE settlement was not one of the subsequent settlements that were appealed, vacated, renegotiated, and later re-approved. Thus, Massachusetts Counsel had no valid basis to assert claims against LGE. When LGE told Mr. Bonsignore that naming LGE as a defendant was an error, he agreed and promised: "you're out and we will file a corrected amended complaint." ECF No. 6106-3, at 2.

Massachusetts's Counsel had ample opportunities to follow through on their promise to fix

their mistake and save both LGE and this Court from the time needed to address a frivolous motion predicated on a mistake. A corrected proposed complaint could have been filed at any of the following junctures:

- September 19, 2022:  When LGE's counsel first told Mr. Bonsignore that LGE was improperly named. ECF No. 6106-2, at 3–4. LGE's counsel again communicated with Mr. Bonsignore on September 21, 27, and 28, 2022 in an attempt to resolve the error without having to involve the Court. ECF Nos. 6106-2; 6106-3; 6106-4.

- September 27, 2022:  When Mr. Bonsignore wrote to LGE's counsel that "as it stands you're out and we will file a corrected amended complaint." ECF No. 6106-3, at 2.

- September 30, 2022:  When LGE's counsel was forced to file its Preliminary Response to Motion to Amend Complaint, ECF No. 6082, noting that LGE would request leave to file an opposition to the motion to amend unless Massachusetts Counsel fixed their error by October 7. *See id.* at 2 ("LGE has been in contact with Massachusetts IPPs' counsel, who has agreed that inclusion of LGE in its motion and proposed amended complaint was in error [and] has indicated to LGE that they will amend their motion and proposed amended complaint to remove any reference to LGE as a defendant.").

- October 6, 2022:  When LGE's counsel again contacted Mr. Bonsignore and cautioned that LGE would seek fees if forced to file an opposition to the motion to amend. ECF No. 6106-4, at 2.

- October 7, 2022:  When LGE was forced to file its motion for leave to file an opposition to the Massachusetts IPPs' motion to amend, ECF No. 6092, because Massachusetts Counsel had not filed their "corrected amended complaint" deleting any reference to LGE as a defendant, as promised.

- October 28, 2022:  When the Court granted LGE's motion to file an opposition and warned Massachusetts Counsel: "If a timely reply is not filed, the Court will deny Massachusetts IPPs' motion as to claims against LGE." ECF No. 6103.

- October 31, 2022:  When LGE was forced to file its opposition to the Massachusetts IPPs' motion to amend. ECF No. 6106.

- November 6, 2022:  When Massachusetts IPPs' deadline to file a reply passed with no reply filed.

- November 30, 2022:  When counsel for proposed defendants served a pre-filing copy of their motion for sanctions on Massachusetts Counsel pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure. ECF No. 6126-3.

- December 22, 2022:  When the motion for sanctions was filed. ECF No. 6126.

- January 12, 2023:  When Massachusetts Counsel filed an opposition brief to the

motion for sanctions that failed to explain why they had improperly named LGE as a defendant, why they had failed to file a "corrected amended complaint" deleting LGE as a defendant and further failed to address LGE's arguments in support of its motion for sanctions. *See* ECF No. 6139.

Because of Massachusetts Counsel's failure to fix their own admitted mistake in naming LGE as a defendant, for which they offer no justification, LGE was forced to oppose the motion to file the amended complaint, which needlessly increased the cost of litigation and multiplied the proceedings in this case unreasonably and vexatiously. *See* Fed. R. Civ. P. 11(b)(1); 28 U.S.C. § 1927.

The failure to address LGE's arguments for sanctions amounts to waiver, and granting the motion with respect to LGE is wholly appropriate. *See, e.g.*, *Azpeitia v. Tesoro Refin. & Mktg. Co. LLC*, No. 17-cv-00123-JST, 2017 WL 3115168, at *10 (N.D. Cal. July 21, 2017) ("Plaintiffs do not respond to this part of Defendants' motion . . . . The Court will accordingly take Plaintiffs' silence as a concession, and grant Defendants' motion on this ground."); *id.* ("[I]n most circumstances, failure to respond in an opposition brief to an argument . . . constitutes waiver or abandonment in regard to the uncontested issue.") (internal quotation marks omitted).

LGE therefore respectfully requests that this Court sanction Massachusetts Counsel pursuant to Rule 11 and 28 U.S.C. § 1927 by denying the motion to amend as to LGE and awarding LGE their reasonable attorneys' fees and costs associated with briefing the motion for sanctions and defending against the motion to amend.

Dated: January 26, 2023

By: */s/ Nathan P. Eimer*
Nathan P. Eimer (*pro hac vice*)
neimer@eimerstahl.com
Vanessa G. Jacobsen (*pro hac vice*)
vjacobsen@eimerstahl.com
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Telephone: (312) 660-7600
Facsimile: (312) 692-1718

Brian Y. Chang (CA Bar No. 287757)
bchang@eimerstahl.com
99 South Almaden Boulevard, Suite 642
San Jose, CA 95113
Telephone: (669) 231-8755

*Attorneys for LG Electronics, Inc.,*
*LG Electronics USA, Inc., and*
*LG Electronics Taiwan Taipei Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: January 26, 2023

                                                  */s/ Nathan P. Eimer*
                                                    Nathan P. Eimer