JEFFREY L. KESSLER  (*pro hac vice*)
JKessler@winston.com
EVA W. COLE  (*pro hac vice*)
EWCole@winston.com
KEVIN B. GOLDSTEIN  (*pro hac vice*)
KBGoldstein@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166

Telephone:   (212) 294-6700
Facsimile:   (212) 294-4700

*Attorneys for Intervenors-Proposed Defendants Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*

*Additional Counsel Listed on Signature Page*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This document relates to:<br>All Indirect Purchaser Actions | Case No.: 07-cv-05944-JST<br><br>MDL No. 1917<br><br>**REPLY IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AND 28 U.S.C. § 1927**<br><br>Date:   March 2, 2023<br>Time:   2:00 PM<br>Place:   Via videoconference |

# **TABLE OF CONTENTS**

| | Page(s) |
|---|---|
| TABLE OF CONTENTS | i |
| TABLE OF AUTHORITIES | ii |
| I. INTRODUCTION | 1 |
| II. THE EXISTENCE OF RULE 60 DOES NOT CURE THE MOTION TO AMEND'S SANCTIONABLE DEFECTS | 2 |
| III. MASSACHUSETTS COUNSEL'S DISREGARD OF FINAL ORDERS WARRANTS SANCTIONS | 3 |
| IV. MASSACHUSETTS COUNSEL'S CLAIMS OF UNFAIRNESS ARE HOLLOW AND DO NOT RENDER THE MOTION TO AMEND TIMELY OR PROPER | 5 |
| V. MASSACHUSETTS COUNSEL DO NOT REFUTE THAT SANCTIONS ARE WARRANTED FOR IMPROPERLY ASSERTING CLAIMS AGAINST CERTAIN PANASONIC AND PHILIPS ENTITIES | 7 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allen v. Bedolla*,
    787 F.3d 1218 (9th Cir. 2015) ................................................................................................6

*Azpeitia v. Tesoro Ref. & Mktg. Co. LLC*,
    No. 17-cv-00123- 2017 WL 3115168 (N.D. Cal. July 21, 2017) (Tigar, J.) .............................5

*Estate of Blue v. Cnty. of Los Angeles*,
    120 F.3d 982 (9th Cir. 1997) ..............................................................................................3, 7

*In Re: Cathode Ray Tube (CRT) Litig.*,
    No. 20-16081 (9th Cir. Sept. 8, 2020), ECF No. 13 ................................................................6

*Goel v. Coalition Am. Holding Co., Inc.*,
    No. 11-cv-02349, 2013 WL 12122302 (C.D. Cal. 2013) .........................................................3

*Holgate v. Baldwin*,
    425 F.3d 671 (9th Cir. 2005) ...................................................................................................7

*Kwok v. Recontrust Co.*,
    No. 2010 WL 4810704 (D. Nev. Nov. 19, 2010) .....................................................................5

*Latshaw v. Trainer Wortham & Co., Inc.*,
    452 F.3d 1097 (9th Cir. 2006) .................................................................................................6

*MAI Sys. Corp. v. Walbert Enters., Inc.*,
    116 F.3d 485 (9th Cir. 1997) ...................................................................................................2

*Mir v. Little Co. of Mary Hosp.*,
    844 F.2d 646 (9th Cir. 1988) ...................................................................................................7

*Navajo Nation v. Dep't of the Interior*,
    876 F.3d 1144 (9th Cir. 2017) .................................................................................................3

*In re: Phenylpropanolamine (PPA) Prod. Liab. Litig.*,
    No. C03-1101, 2006 WL 8446679 (W.D. Wash. May 16, 2006) *aff'd*, 318 F.
    App'x 451 (9th Cir. 2008) ........................................................................................................5

*Terry v. LG Elecs., Inc.*,
    Case No. 4:08-cv-01559 (Mar. 21, 2008) ........................................................................ passim

*Truesdell v. S. Cal. Permanente Med. Grp.*,
    209 F.R.D. 169 (C.D. Cal. 2002) .............................................................................................2

**Statutes**

28 U.S.C. § 1927 .................................................................................................................. 2

**Other Authorities**

Fed. R. Civ. P. 11 ....................................................................................................... 2, 5, 7

Fed. R. Civ. P. 15 ................................................................................................................ 2

Fed. R. Civ. P. 60 ..................................................................................................... 1, 2, 3, 6

## I. INTRODUCTION

The lone substantive defense lodged by Massachusetts Counsel hinges on the notion that Rule 60 of the Federal Rules of Civil Procedure permits the reopening of judgments, renders their decision to file the Motion to Amend (which does not cite Rule 60) appropriate, and allows them to evade sanctions. But the existence of Rule 60 does not mean that any invocation of it is made in good faith and with reasonable basis. Massachusetts Counsel never moved for reopening under Rule 60 and, after citing the rule for the first time in reply, never even tried to demonstrate that Caldwell and Gianasca meet its strict requirements (which they do not). Moreover, Massachusetts Counsel fail to rebut the showing in the Motion for Sanctions that there were no pending claims that their clients could seek to reassert if final judgment were reopened. Rather than aiding their protestations that their decision to file the Motion to Amend was objectively reasonable, this retroactive appeal to Rule 60 demonstrates the appropriateness of sanctions.

The argument that the Motion to Amend is not in defiance of any final orders fares no better. Remarkably, Massachusetts Counsel ignore the two orders that squarely address the notion that the *Terry* complaint can be amended—this Court's order on reconsideration, which declined to consider the argument, and the Ninth Circuit's order finding that there are "no pending actions" remaining against Panasonic and Philips ("Proposed Defendants"). This ahistorical rendition of the record, including the plainly misleading claim that this is the "first time" Massachusetts Counsel has sought amendment of the *Terry* complaint, further reinforces the merit of sanctions.

Massachusetts Counsel's continued gripes of unfairness are equally problematic. It is uncontested that Massachusetts Counsel have represented their clients since the inception of this litigation. If Massachusetts Counsel believed that their clients had viable claims, it was their responsibility to advocate for their clients' best interests over a decade ago when their claims were dropped. Moreover, these arguments are nothing novel: Massachusetts Counsel repeatedly raised these same assertions in numerous briefs before this Court and on appeal. At each juncture their claims were rejected. Having had their days in Court, Massachusetts Counsel lack a reasonable basis to argue these issues yet again.

Massachusetts Counsel also fail to acknowledge, let alone offer any justification for, their

decision to name as defendants in their proposed Fifth Amended Complaint certain Panasonic and Philips entities that either won summary judgment or have long ceased to exist. This infirmity is particularly galling given that Massachusetts Counsel have been on notice of these facts for years. Proposed Defendants demonstrated that this decision of Massachusetts Counsel independently warrants sanctions, and Massachusetts Counsel have waived any claim to the contrary by failing to address the issue.

Accordingly, the Court should deny the Motion to Amend as a Rule 11 sanction and award Proposed Defendants attorneys' fees and costs associated with their defense of the Motion to Amend and with bringing the Motion for Sanctions.

## II. THE EXISTENCE OF RULE 60 DOES NOT CURE THE MOTION TO AMEND'S SANCTIONABLE DEFECTS

Massachusetts Counsel do not contest the fact that the Motion to Amend improperly sought relief under Rule 15. *See* Mot. to Amend at 8. Rather, they claim that because "Defendants raised" Rule 60 as the appropriate vehicle to obtain relief from a final order in responding to the Motion to Amend there is no unfair surprise, and that sanctions should consequently not be issued. *Id.* at 8-10. This argument has no merit.

First, the Motion to Amend does not invoke Rule 60, or even reference reopening the final judgment. For an attorney to satisfy his or her Rule 11 obligations, they are required to undertake a reasonable investigation to ensure that their legal contentions are supported *prior* to the filing of any papers. *See Truesdell v. S. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 174-75 (C.D. Cal. 2002) (Under Rule 11, "the question is whether, at the time the paper was presented to the Court . . . it lacked evidentiary support or contained 'frivolous' legal arguments."). That Proposed Defendants first identified that the final judgment would first need to be reopened under Rule 60 before the Court could even reach the issues raised in the Motion to Amend does not negate Massachusetts Counsel's failure to satisfy their pre-filing Rule 11 obligations or their post-filing obligations under 28 U.S.C. § 1927 to withdraw said motion when it became clear—as they acknowledge—that their requested relief was unavailable. *MAI Sys. Corp. v. Walbert Enters., Inc.*, 116 F.3d 485 (9th Cir. 1997) (affirming sanctions under Section 1927 where counsel

2

Reply ISO Motion for Sanctions                                              Case No.: 4:07-cv-05944-JST

acknowledged that a claim lacked merit but refused to withdraw it).

Second, even after Massachusetts Counsel requested that the Court construe the Motion to Amend as a motion to reopen final judgment, Massachusetts Counsel made no substantive effort to show that the "extraordinary circumstances" necessary to warrant reopening under Rule 60 are present here. *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017) (*quoting United States v. Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir. 1993)). As detailed in Proposed Defendants' Reply in Support of Intervention, Massachusetts Counsel cited a *single*, inapposite case addressing Rule 60. ECF No. 6097 at 7-8. Their opposition brief here is likewise devoid of any discussion as to how Gianasca and Caldwell satisfy Rule 60's stringent requirements and demonstrates the baselessness of Massachusetts Counsel's claim that Rule 60 relief is appropriate here. *See Estate of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997) (affirming sanctions award where a reasonable investigation would have revealed the plaintiff's claim was meritless); *Goel v. Coalition Am. Holding Co., Inc.*, No. 11-cv-02349, 2013 WL 12122302 at *6-7 (C.D. Cal. 2013) (finding that Rule 11 and Section 1927 were warranted where counsel "refuse[d] to dismiss a claim they knew to be insupportable").

Moreover, no extraordinary circumstances exist that could provide a reasonable basis for Massachusetts Counsel to seek reopening of this Court's final judgment. Massachusetts Counsel already appealed that final judgment and incorporated rulings through the Ninth Circuit and U.S. Supreme Court. Those appeals were conclusively decided against Massachusetts Counsel. They have since offered no explanation of how "extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment" (*Navajo Nation*, 876 F.3d at 1173), and Proposed Defendants have demonstrated that none exist. *See* ECF No. 6097 at 4-7. Massachusetts Counsel's invocation of Rule 60 lacks merit, and does not allow them to escape sanctions for filing the Motion to Amend.

### III. MASSACHUSETTS COUNSEL'S DISREGARD OF FINAL ORDERS WARRANTS SANCTIONS

Beyond the impropriety of moving to amend prior to seeking to reopen this Court's Final Judgment, Massachusetts Counsel again claim that the *Terry* complaint remains pending and can

3

be amended, asserting that the Motion to Amend does not violate any final order stating otherwise. Massachusetts Counsel posit that sanctions are unwarranted because the Motion to Amend represents "the first time Plaintiffs are seeking to amend the *Terry* complaint" and that they did not "seek to amend the *Terry* complaint" (Opp'n at 10) prior to this Court's order that any renewed claims must be first "[filed] in the appropriate forums" and then transferred or assigned (ECF No. 5684 at 6).

The former of these assertions is demonstrably false. Massachusetts Counsel have twice argued that the *Terry* complaint could be amended: once before this Court on a motion for reconsideration, and once before the Ninth Circuit upon appeal from this Court's denial of intervention. Mot. for Sanctions ("Mot.") at 7-8, 11-12. Both courts rejected the viability of this proposed relief in orders that are now final (ECF No. 5708; No. 20-15697, 2021 WL 4306895 (9th Cir. Sept. 22, 2021)), rendering Massachusetts Counsel's latter point—that they chose not to raise this argument during initial briefing on the issue of intervention—irrelevant to the question of whether their requested relief is barred by ensuing final orders under the law of the case and rule of mandate doctrine.

Yet remarkably, in opposition to a Motion for Sanctions based, in part, on their failure to acknowledge adverse rulings, Massachusetts Counsel once again do just that. This Court's order denying reconsideration—which declined to consider Massachusetts Counsel's argument concerning the *Terry* complaint—goes unaddressed in their opposition brief. Likewise, Massachusetts Counsel entirely ignore the Ninth Circuit's ruling that "[t]here is no longer an action against Defendants into which the ORS and NRS appellants can intervene." No. 20-15697, 2021 WL 4306895, at *2 (9th Cir. Sept. 22, 2021) (emphasis added), *cert. denied sub nom. Ayres v. Indirect Purchaser Plaintiffs*, 142 S. Ct. 2813 (2022). And save for the conclusory statement that "there is no law of the case bar" (Opp'n at 10), the opposition brief contains no discussion of the rule of mandate and law of the case doctrine that Proposed Defendants demonstrate Massachusetts Counsel have defied.

Their failure to address Proposed Defendants' discussion of these issues can, and should, be deemed a waiver of any argument that the Motion to Amend does not violate final orders issued

in this matter. *Azpeitia v. Tesoro Ref. & Mktg. Co. LLC*, No. 17-cv-00123, 2017 WL 3115168, at *10 (N.D. Cal. July 21, 2017) (Tigar, J.) ("[I]n most circumstances, failure to respond in an opposition brief to an argument ... constitutes waiver or abandonment in regard to the uncontested issue.") (quoting *Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011)).  In any event, as detailed in the Motion for Sanctions, Massachusetts Counsel's Motion to Amend plainly violated the law of the case doctrine and the rule of mandate.  Mot. at 12-14.  That Massachusetts Counsel ignore the final orders from which these violations sprang only reinforces the appropriateness of sanctions.  *See Kwok v. Recontrust Co.*, No. 2010 WL 4810704, at *4 (D. Nev. Nov. 19, 2010) (issuing Rule 11 sanctions against counsel who "fail[s] to acknowledge prior adverse rulings.").

**IV.   MASSACHUSETTS COUNSEL'S CLAIMS OF UNFAIRNESS ARE HOLLOW AND DO NOT RENDER THE MOTION TO AMEND TIMELY OR PROPER**

Massachusetts Counsel do not substantively rebut Proposed Defendants' demonstration that the claims of Gianasca and Caldwell are grossly untimely, and that the requisite Rule 11 inquiry into the facts and law would have made this clear.  Instead, they resort to claims of unfairness and disagreement with preceding litigation strategies, all of which Massachusetts Counsel have unsuccessfully proffered before.  Opp'n at 10-13.  These complaints neither address the untimeliness of the Motion to Amend nor independently excuse their decision to pursue meritless claims.

The basis of Massachusetts Counsel's argument here—that Gianasca and Caldwell have been treated unfairly in this litigation—disregards their own duties to their clients.  Mr. Bonsignore and Mr. Alioto cannot avoid the fact that they have respectively represented Gianasca and Caldwell since the inception of this litigation, almost fifteen years ago.  *See* ECF No. 144 at 8 (Mar. 14, 2008 filing by Joseph Alioto listing Alioto Law Firm as counsel for Barbara Caldwell); Compl., *Terry v. LG Elecs., Inc.*, Case No. 4:08-cv-01559 (Mar. 21, 2008), ECF No. 1 (listing Robert Bonsignore as counsel for Anthony Gianasca).  As such, it has been their duty to monitor the litigation, advise Caldwell and Gianasca accordingly, and take actions in their best interests.  *See, e.g.*, *In re: Phenylpropanolamine (PPA) Prod. Liab. Litig.*, No. C03-1101, 2006 WL 8446679, at

*2 (W.D. Wash. May 16, 2006) (ruling that it was "categorically unreasonable" of plaintiffs' counsel to not monitor the matter's docket and thereafter seek to reinstate dismissed claims) *aff'd*, 318 F. App'x 451 (9th Cir. 2008).

Massachusetts Counsel's obligations to their clients simply cannot be reconciled with their claim that their clients had "no choice" but to acquiesce to the decisions of other attorneys. Opp'n at 9-10. As a threshold matter, Massachusetts Counsel's repeated claims of dependency on IPP Lead Counsel and other ORS/NRS counsel continue to ring hollow. For example, Mr. Bonsignore unaligned himself from IPP lead counsel over *seven* years ago when he first objected to IPP Lead Counsel's settlement and proposed allocation of attorneys' fees. ECF No. 4119. He has repeatedly demonstrated a propensity to act independently from other ORS/NRS counsel. *See, e.g.*, Appellants' Opening Br., *In Re: Cathode Ray Tube (CRT) Litig.*, No. 20-16081 (9th Cir. Sept. 8, 2020), ECF No. 13, at 3 n.1.

Moreover, this argument places Massachusetts Counsel in a Catch-22 of their own making. If they did indeed fulfill their obligations as counsel by advising Gianasca and Caldwell regarding case developments and strategic choices, then arguments regarding their clients' (or counsels') purported ignorance of these decisions are plainly incorrect. Massachusetts Counsel would have or should have been well aware of the fact that Gianasca and Caldwell's claims were dropped in 2010, and thus their effort to reassert those claims over a decade later would lack any objectively reasonable basis. *Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015) (denying untimely motion to intervene and ruling that a movant must "act promptly" after receiving notice that their interests were not being represented). If, on the other hand, Massachusetts Counsel truly sat on the sidelines and were uninvolved with the decision to drop their clients' claims, there may be serious questions concerning the adequacy of their representation of Gianasca and Caldwell. But the law is equally clear that failures of representation do not justify efforts to reopen final judgment. *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1101 (9th Cir. 2006) (affirming denial of Rule 60(b) relief and holding that an attorney's "mistakes are more appropriately addressed through malpractice claims"). Either way, no reasonable basis for the reassertion of these claims now exists.

Massachusetts Counsel's argument that "undue delay alone" cannot justify sanctions is also incorrect. Sanctions are plainly appropriate where counsel brings claims that lack an objectively reasonable basis. *Holgate v. Baldwin*, 425 F.3d 671, 675-77 (9th Cir. 2005). This Rule 11 requirement is consistently enforced with respect to the timeliness of claims. *Estate of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997) (upholding sanctions where a reasonable investigation would have revealed the plaintiff's claim was barred by the statute of limitations); *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646 (9th Cir. 1988) (same). It should likewise be enforced here.

### V. MASSACHUSETTS COUNSEL DO NOT REFUTE THAT SANCTIONS ARE WARRANTED FOR IMPROPERLY ASSERTING CLAIMS AGAINST CERTAIN PANASONIC AND PHILIPS ENTITIES

Massachusetts Counsel's decision to name certain Panasonic and Philips entities as defendants in their Proposed Complaint is indefensible and, indeed, the opposition makes no effort to defend that decision or even address the seven pages of the Motion for Sanctions devoted to the impropriety of naming these entities. As detailed in the Motion for Sanctions, certain of these entities either won summary judgment or have long ceased to exist. Mot. at 20-23. Proposed Defendants also demonstrated that Massachusetts Counsel have been on notice for years of the non-viability of claims against these entities. Mot. Ex. 1.

Despite having been repeatedly reminded of this prior to the filing of the Motion for Sanctions, Massachusetts Counsel refused to drop their improper claims against these former defendants. Their opposition brief continues this trend and is bereft of any discussion of the improperly named entities. The naming of these entities, and Massachusetts Counsel's continuing refusal to withdraw claims against them, independently warrants sanctions.

| | |
|---|---|
| January 26, 2023 | Respectfully submitted, |//s/ Jeffrey L. Kessler/

/s/ Jeffrey L. Kessler

WINSTON & STRAWN LLP
JEFFREY L. KESSLER
jkessler@winston.com
EVA W. COLE
ewcole@winston.com
200 Park Avenue
New York, NY 10166
Telephone:  (212) 294-6700
Facsimile:   (212) 294-4700

KEVIN B. GOLDSTEIN
kbgoldstein@winston.com
35 W. Wacker Drive
Chicago, IL 60622
Telephone:  (312) 558-5600
Facsimile:   (312) 558-5700

WEIL, GOTSHAL & MANGES LLP
DAVID L. YOHAI
david.yohai@weil.com
ADAM C. HEMLOCK
adam.hemlock@weil.com
DAVID YOLKUT
david.yolkut@weil.com
767 Fifth Avenue
New York, NY 10153-0119
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007

*Attorneys for Intervenors-Proposed Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*[1]

---

[1] MT Picture Display Co., Ltd. has been dissolved and completed final liquidation proceedings in Japan on May 23, 2019.

|   |   |
|---|---|
| 1 |  |
| 2 | */s/ Erik T. Koons*<br>BAKER BOTTS LLP<br>ERIK T. KOONS |
| 3 | 700 K Street, N.W.<br>Washington, DC 20001 |
| 4 | 202.639.7700<br>202.639.7890 (fax) |
| 5 | Email: erik.koons@bakerbotts.com |
| 6 | *Attorneys for Intervenors-Proposed Defendants Koninklijke Philips, N.V., Philips North America LLC, Philips Taiwan Limited, and Philips do Brasil, Ltda* |

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(h)(3), I hereby attest that concurrence in the filing of this document has been obtained from the other signatories above.

*/s/ Jeffrey L. Kessler*
Jeffrey L. Kessler