BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
      evan.werbel@bakerbotts.com
      tom.carter@bakerbotts.com
      drew.lucarelli@bakerbotts.com

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-cv-05944-JST (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **IRICO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CHUNGHWA MATERIAL SHOULD BE SEALED PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(f)**<br><br>Date: April 13, 2023<br>Time: 2:00 pm<br>Judge: Hon. Jon S. Tigar<br>Courtroom: 6, 2nd Floor |

Pursuant to Civil Local Rules 7-11 and 79-5(f), Defendants Irico Group Corporation and Irico Display Devices Co., Ltd. (collectively, "Irico") hereby move the Court to consider whether material designated as confidential by Chunghwa Picture Tubes, Ltd. ("Chunghwa") should be sealed.

Irico has reviewed and complied with this Court's Standing Order Governing Administrative Motions to File Materials Under Seal Before District Judge Jon S. Tigar (Mar. 14, 2022) and Civil Local Rule 79-5, including the requirement to file separate motions if a party seeks to file under seal a document containing "portions that more than one party bears the burden of showing is sealable." Civil L.R. 79-5(f)(5). This motion relates solely to materials designated confidential by Chunghwa.

Irico proposes to seal the following documents or portions thereof:

| Document Proposed to Be Sealed or Redacted | Designating Entity |
|---|---|
| Gray highlighted portions of Exhibit 1 to the Declaration of Thomas Carter in Support of Irico Defendants' Administrative Motion to Consider Whether Chunghwa Material Should Be Sealed – Apr. 15, 2014 Expert Report of Janet Netz | Chunghwa |
| Gray highlighted portions of Exhibit 3 to the Declaration of Thomas Carter in Support of Irico Defendants' Administrative Motion to Consider Whether Chunghwa Material Should Be Sealed – Aug. 5, 2014 Expert Report of Robert D. Willig | Chunghwa |
| Gray highlighted portions of Exhibit 4 to the Declaration of Thomas Carter in Support of Irico Defendants' Administrative Motion to Consider Whether Chunghwa Material Should Be Sealed – Aug. 5, 2014 Expert Report of Margaret E. Guerin-Calvert | Chunghwa (and other entities addressed in concurrently filed sealing motions) |

| | |
|---|---|
| Gray highlighted portions of Exhibit 5 to the Declaration of Thomas Carter in Support of Irico Defendants' Administrative Motion to Consider Whether Chunghwa Material Should Be Sealed – Sept. 26, 2014 Rebuttal Report of Janet Netz | Chunghwa |
| Exhibit 16 to the Declaration of Thomas Carter in Support of Irico Defendants' Administrative Motion to Consider Whether Chunghwa Material Should Be Sealed – A certified translation of a document produced by Chunghwa, Bates labeled CHU00028933E | Chunghwa |
| Exhibit 17 to the Declaration of Thomas Carter in Support of Irico Defendants' Administrative Motion to Consider Whether Chunghwa Material Should Be Sealed – A document produced by Chunghwa, Bates labeled CHU00154658 | Chunghwa |
| Gray highlighted portions of Exhibit 34 to the Declaration of Thomas Carter in Support of Irico Defendants' Administrative Motion to Consider Whether Chunghwa Material Should Be Sealed – Oct. 1, 2012 Declaration of Janet Netz in Support of Indirect Purchaser Plaintiffs' Motion for Class Certification | Chunghwa |
| Gray highlighted portions of Exhibit 35 to the Declaration of Thomas Carter in Support of Irico Defendants' Administrative Motion to Consider Whether Chunghwa Material Should Be Sealed – Dec. 21, 2012 Expert Report of Robert D. Willig | Chunghwa (and other entities addressed in concurrently filed sealing motions) |
| Gray highlighted portions of Exhibit 36 to the Declaration of Thomas Carter in Support of Irico Defendants' Administrative Motion to Consider Whether Chunghwa Material Should be Sealed – Feb. 15, 2013 Rebuttal Declaration of Janet Netz in Support of Indirect Purchase Plaintiff Motion for Class Certification | Chunghwa (and other entities addressed in concurrently filed sealing motions) |

| | |
|---|---|
| Gray highlighted portions of Exhibit 39 to the Declaration of Thomas Carter in Support of Irico Defendants' Administrative Motion to Consider Whether Chunghwa Material Should Be Sealed – Nov. 6, 2014 Sur-Rebuttal Report of Margaret E. Guerin-Calvert | Chunghwa |
| Gray highlighted portions of Exhibit 40 to the Declaration of Thomas Carter in Support of Irico Defendants' Administrative Motion to Consider Whether Chunghwa Material Should Be Sealed – Nov. 6, 2014 Sur-Rebuttal Report of Robert D. Willig | Chunghwa |

Civil Local Rule 79-5 governs the filing under seal of documents in civil cases. In compliance with Civil Local Rule 79-5(f), Irico submits this Motion in order to file (a) material designated by Chunghwa pursuant to the Stipulated Protective Order, ECF No. 0306, as "Confidential" or "Highly Confidential;" or (b) references to or quotations from material or data designated by Chunghwa pursuant to the Stipulated Protective Order as "Confidential" or "Highly Confidential."

Irico seeks to file the above material under seal in good faith in order to comply with the Protective Order in this action and the applicable Local Rules. Under Civil L.R. 79-5(c) and (f), the parties that contend the material they have designated is confidential in nature bear the burden to establish that the designated information meets the requirements for sealing. *See Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006). Irico understands that, given the Court's direction at the hearing on Direct Purchaser Plaintiffs' November 19, 2021 sealing motion (ECF No. 5966), the designated materials subject to this motion may not qualify for filing under seal. Irico has undertaken to reach out to all parties that have designated information or materials attached to the Declaration of Evan Werbel in Support of Irico's Motion to Partially Exclude the Proposed Expert Testimony of Dr. Janet Netz ("Werbel Declaration") as "Confidential" or "Highly Confidential," in order to secure their permission to file the materials

publicly.[1]  However, Chunghwa currently has no active counsel for the instant litigation and previous attempts to reach out to representatives of Chunghwa have been unsuccessful.

WHEREFORE, Irico respectfully submits this administrative motion pursuant to the Stipulated Protective Order and Civil Local Rule 79-5(f).

Dated:  February 15, 2023                              Respectfully submitted,

                                          /s/ Thomas Carter
                                          Thomas Carter (pro hac vice)
                                          tom.carter@bakerbotts.com
                                          BAKER BOTTS L.L.P.
                                          700 K St. NW
                                          Washington, D.C. 20001
                                          Telephone: (202) 693-7702
                                          Mobile: (202) 412-4352

                                          *Attorneys for Defendants
                                          IRICO GROUP CORP. and
                                          IRICO DISPLAY DEVICES CO., LTD.*

---

[1] Irico sought and received consent to file publicly all previously designated information contained, summarized, or compiled in the various expert reports attached to the Werbel Declaration from the following parties: defendant groups Hitachi, Mitsubishi, Panasonic, Philips, Samsung Electronics, Samsung SDI, Technology Displays America, Thomson, and Toshiba; Direct Action Plaintiffs Best Buy and Costco; and third parties Amazon, Ingram Micro, PC Connection Inc. (D/B/A Connection) and Zones, Inc.  Irico sought and received consent to file publicly all previously designated documentary materials attached to Werbel Declaration from Hitachi, Panasonic, Philips, Toshiba, and Samsung SDI.