Robert J. Bonsignore (Admitted *pro hac vice* Massachusetts BBO # 547880)
BONSIGNORE, PLLC
23 Forest Street
Medford, MA 02155
Cell Phone: (781) 856-7650
Facsimile: (702) 852-5726
rbonsignore@classactions.us
melanie@classactions.us

Joseph M. Alioto (SBN 42680)
Tatiana V. Wallace
ALIOTO LAW FIRM
One Sansone Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Email: jmalioto@aliotolaw.com

*Counsel for Massachusetts Only Indirect Purchaser Plaintiffs Gianasca and Caldwell*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No.: 4:08-cv-01599<br>Master File No. 4:07-cv-05944-JST<br>Related MDL No. 1917 |
| This Document Relates to<br>All Indirect Purchaser Actions | **RESPONSE TO LGE'S CORRECTED ADMINISTRATIVE MOTION TO CLARIFY ORDER [6163]**<br><br>Courtroom:  Courtroom 6, 2nd Floor<br>Judge:  Hon. Jon S. Tigar |

## Introduction

Noteable for several reasons, LGE's Corrected Administrative Motion to Clarify Order does not support its request for sanctions or explain why LGE chose this suspect route. In its initial Administrative Motion to Clarify (ECF No. 6165) LGE unequivocally positioned itself as having been unfairly kept out of the loop as to the (already entered) Stipulation of Dismissal with Prejudice against all other Defendants (ECF No. 6162). But LGE's corrected filing (ECF No. 6167) evidences that it was in fact kept in the loop.

There is no dispute that LGE simply chose to ignore Gianasca and Caldwell's written commitment to remove LGE from the litigation for the sole purpose of seeking sanctions for an inadvertent error. By way of review, LGE was inadvertently named in a proposed amended complaint by a former associate of Bonsignore, PLLC. When LGE brought up the fact that it had been named to Mr. Bonsignore's attention he immediately formally committed to ensure that LGE would be removed from the litigation.

Since that formal written commitment, Gianasca and Caldwell have not back tracked. In fact, all that presently remains before the court is LGE's unopposed Opposition to MA IPPs' Motion to Amend (ECF No. 6106) and LGE's Motion for Sanctions (ECF No. 6126). LGE's choice to not join the other Defendants in Massachusetts IPP (MA IPP) counsel's "Stipulation with [Proposed] Order as to Withdrawal of Motion to Amend and All Related Motions and to Dismissal with Prejudice and without Costs" (ECF No. 6162) does not satisfy the evaluative criteria that would support an order of sanctions. LGE's corrected Administrative Motion to Clarify Order leaves that point unaddressed.

## Argument

LGE clarified that its Motion for Sanctions was not withdrawn and remains before the court. ECF No. 6126. Presently, all that remains before the court is LGE's unopposed Opposition to MA

1

RESPONSE TO LGE'S CORRECTED ADMINISTRATIVE MOTION TO CLARIFY ORDER [6163]
Case No. 4:08-cv-01559, Master File No. 4:07-cv-05944-JST, MDL No. 1917

IPPs' Motion to Amend (ECF No. 6106) and LGE's Motion for Sanctions. Massachusetts IPP did not reply to or oppose LGE's Opposition to Massachusetts IPPs' Motion to Amend because LGE was inadvertently included as a Defendant in the Motion to Amend. ECF No. 6072. MA IPP counsel's associate was instructed to use the latest version of the complaint as a template because it would be the cleanest and most recent version to work from. Inadvertently, MA IPP's counsel's associate used an older version which included LGE as named Defendants.

When brought to his attention, Massachusetts IPPs' Counsel, Robert Bonsignore, instantly advised LGE's Counsel via telephone that LGE would formally and finally be removed as a Defendant by court ruling.

MA IPPs' counsel's unequivocal, written, formal confirmation that they would not proceed against LGE controls LGE's request for sanctions and nothing in the Corrected Administrative Motion to Clarify Order changes that. While LGE's Counsel preferred that the MA IPPs immediately file an amended complaint that omitted the LGE companies as named Defendants, that approach would have resulted in duplicative pleadings and no entry with prejudice – the gold standard of dispositive motions. MA IPPs' non-opposition to LGE's Motion to Dismiss effectively ended LGE's involvement in this matter at the earliest possible moment.

The MA IPPs believed in good faith that this was most efficient way to resolve LGE inadvertently being named as a Defendant. Acting in good faith following an inadvertent error does not support LGE's request for sanctions and their Corrected Administrative Motion to Clarify Order does nothing to change that. Any extra work and costs have been solely incurred by LGE's choices to continue unnecessary litigation.

/ / /

/ / /

Dated: March 7, 2023

Respectfully submitted,

/s/ *Robert J. Bonsignore*
Robert J. Bonsignore (Admitted *pro hac vice*
Massachusetts BBO # 547880)
BONSIGNORE TRIAL LAWYERS, PLLC
23 Forest Street
Medford, Massachusetts 02155
Tel: (781) 350-0000
Cell (781) 856-7650
Fax: (702) 983-8673
rbonsignore@classactions.us
Melanie@classactions.us

Joseph M. Alioto
Tatiana Wallace
ALIOTO LAW FIRM
One Sansone Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Email: jmalioto@aliotolaw.com
***Counsel for the Massachusetts Only Indirect Purchaser Plaintiffs Gianasca and Caldwell***

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing RESPONSE TO LGE'S CORRECTED ADMINISTRATIVE MOTION TO CLARIFY ORDER [6163] was filed *via* CM/ECF on March 7th, 2023 and as a result has been served on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Robert J. Bonsignore

4

RESPONSE TO LGE'S CORRECTED ADMINISTRATIVE MOTION TO CLARIFY ORDER [6163]
Case No. 4:08-cv-01559, Master File No. 4:07-cv-05944-JST, MDL No. 1917